QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR A PRELIMINARY INJUNCTION, SUPPORTING DECLARATIONS, AND SUPPORTING EXHIBITS THERETO** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal confidential information in portions of its Motion for a Preliminary Injunction, declarations filed in support thereof, and supporting exhibits thereto (collectively "PI Motion").  Specifically, Waymo requests an order granting leave to file under seal the portions of the document as listed below:

| Document | Portions to Be Filed Under Seal |
| --- | --- |
| Waymo's Motion for a Preliminary Injunction | Highlighted Portions |
| Declaration of Jordan Jaffe ("Jaffe Decl.") | Highlighted Portions |
| Waymo's Identification of Trade Secrets, and attachments thereto (Exs. 1-21 to the Jaffe Decl.) | Entire Documents |
| Declaration of Gary Brown | Highlighted Portions |
| Declaration of Michael Janosko | Entire Document |
| Declaration of Tim Willis ("Willis Decl.") | Highlighted Portions |
| Exhibits to Willis Decl. | Entire Document |
| Declaration of Pierre-Yves Droz ("Droz Decl.") | Highlighted Portions |
| Exhibits to Droz Decl. | Entire Document |
| Declaration of Gregory Kintz  ("Kintz Decl.") | Highlighted Portions |
| Kintz Decl. Appendix B | Highlighted Portions |
| Declaration of William Grossman ("Grossman Decl.") | Highlighted Portions |
| Exhibit to Grossman Decl. | Entire Document |

## I.   LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*  In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamkana v. City & Cnty. of Honolulu*, 447

F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).  Both the California Uniform Trade Secrets Act and the Defend Trade Secrets Act provide for maintaining the confidentiality of alleged trade secrets.  Cal. Civ. Code § 3426.5 ("In an action under this title, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action[.]"); 18 U.S.C. § 1835(a) ("[T]he court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets[.]").

## II.   THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the portions of the PI Motion, Waymo's Motion for Expedited Discovery, and the Proposed Order Granting Waymo's Motion for Expedited Discovery identified by Waymo in the table above.  Waymo seeks to file this information under seal because it discloses Waymo's trade secrets and confidential business information.  *See* Declaration of James Judah ("Judah Decl."), ¶¶ 3-5.  Courts have determined that trade secret information merits sealing.  *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14–cv–03078–JSC, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets.").  Confidential business information that, if released, may "harm a litigant's competitive standing" also merits sealing.  *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978).  Waymo seeks to seal confidential business information and trade secret information that fit squarely within these categories.  Judah Decl. ¶¶ 3-5.  Waymo maintains this information as a trade secret (*see* Droz Decl.) and ensures the information remains secret with strict secrecy and security protocols (*see* Janosko Decl.; Willis Decl.).  *See* Judah Decl. ¶ 4.  Waymo has narrowly tailored its requests to only information meriting sealing.  *Id.* ¶ 6.  In fact, both *Music Grp.* and *Brocade* found the confidential information met the heightened "compelling reasons" standard for sealing.  *Music Grp.*, 2015 WL 3993147, at *1; *Brocade*, 2013 WL 211115, at *1, *3.  The information that Waymo seeks to seal, therefore, also meets this heightened standard.  The disclosure of Waymo's trade secret and

1  confidential business information would harm Waymo (*id.* ¶¶ 4-5), and, thus, the Court should grant
2  Waymo's administrative motion to seal.

3  **III.    CONCLUSION**

4       In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the
5  above listed documents accompany this Administrative Motion.  For the foregoing reasons,
6  Waymo respectfully requests that the Court grant Waymo's administrative motion to file under
7  seal.

9  DATED:  March 10, 2017         QUINN EMANUEL URQUHART & SULLIVAN, LLP

11                                    By   */s/ Charles K. Verhoeven*
                                        Charles K. Verhoeven
                                        Attorneys for WAYMO LLC