1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Charles K. Verhoeven (Bar No. 170151)
2     charlesverhoeven@quinnemanuel.com
      David A. Perlson (Bar No. 209502)
3     davidperlson@quinnemanuel.com
      Melissa Baily (Bar No. 237649)
4     melissabaily@quinnemanuel.com
      John Neukom (Bar No. 275887)
5     johnneukom@quinnemanuel.com
      Jordan Jaffe (Bar No. 254886)
6     jordanjaffe@quinnemanuel.com
    50 California Street, 22nd Floor
7   San Francisco, California 94111-4788
    Telephone:     (415) 875-6600
8   Facsimile:     (415) 875-6700

9   Attorneys for WAYMO LLC

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13  WAYMO LLC,                          CASE NO. 3:17-cv-00939-WHA

14            Plaintiff,                **PLAINTIFF WAYMO LLC'S NOTICE OF
                                        MOTION AND MOTION FOR
15       vs.                            EXPEDITED DISCOVERY**

16  UBER TECHNOLOGIES, INC.;            **Hearing:**
    OTTOMOTTO LLC; OTTO TRUCKING        **Date:  April 27, 2017**
17  LLC,                                **Time: 8:00 a.m.**
                                        **Place:  Courtroom 8, 19th Floor**
18            Defendants.               **Judge:  The Honorable William H. Alsup**

19

20

21

22

23

24

25

26

27

28

TO DEFENDANTS UBER TECHNOLOGIES, INC., OTTOMOTTO LLC, AND OTTO TRUCKING LLC, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at 8:00 a.m. on April 27, 2017, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable William H. Alsup at the United States District Court for the Northern District of California, Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, California (94102), Plaintiff Waymo LLC ("Waymo") shall and hereby does move the Court for expedited discovery. In particular, Waymo asks for the expedited discovery from defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC (collectively "Defendants") identified in the proposed order filed herewith. Waymo will also seek – through a separate motion pursuant to Civil Local Rules 6-1(d) and 6-3 – to shorten the time for briefing on this motion for expedited discovery and hold the hearing on March 30, 2017.

This motion is based on this notice of motion and supporting memorandum of points and authorities, the Declaration of Jordan Jaffe and exhibits thereto, reply briefing in further support of this motion, as well as other written or oral argument that Waymo may present to the Court. This motion is also based on and expressly incorporates by reference all materials submitted by Waymo with its motion for a preliminary injunction (filed herewith).

DATED: March 10, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   _/s/ Charles K. Verhoeven_____
     Charles K. Verhoeven
     Attorneys for Plaintiff Waymo LLC

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................................1

BACKGROUND ........................................................................................................................1

LEGAL STANDARDS ..............................................................................................................1

ARGUMENT ............................................................................................................................2

I.      GOOD CAUSE EXISTS TO GRANT WAYMO'S EXPEDITED DISCOVERY
        REQUESTS ...................................................................................................................2

        A.      Waymo's Pending PI Motion Weighs in Favor of Granting Expedited
                Discovery .........................................................................................................3

        B.      The Scope of Waymo's Requests Are Tailored To Its PI Motion ...........................3

        C.      The Purpose of Waymo's Requests Favors Expedited Discovery...........................6

        D.      Waymo's Requests Are Not Unduly Burdensome ................................................6

        E.      The Court Should Grant Expedited Discovery Because Waymo Requests
                A Modest Advancement In Discovery..................................................................7

II.     CAL. CODE CIV. P. § 2019.210 PROVIDES NO BASIS TO DELAY
        DISCOVERY GIVEN WAYMO'S DISCLOSURE OF ASSERTED TRADE
        SECRETS .......................................................................................................................8

CONCLUSION..........................................................................................................................8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### PRELIMINARY STATEMENT

Waymo brings this motion for expedited discovery in conjunction with its motion for a preliminary injunction, filed herewith ("PI Motion").  To support the instant motion for expedited discovery, and to spare the Court certain redundancies in briefing materials, Waymo incorporates by reference its PI Motion.  That PI Motion and its supporting declarations set forth detailed facts and evidence regarding Defendants' conduct, including their deliberate and willful misappropriation of Waymo's trade secrets and infringement of Waymo's patents.

With this motion, Waymo asks for relief in the form of expedited discovery.  In particular, Waymo asks permission to begin certain discovery promptly and before it would otherwise be permitted under Federal Rule of Civil Procedure 26(d)(1) (providing that absent a court order a party may not seek discovery until after the parties have conferred pursuant to Rule 26(f)).  Waymo has filed herewith a detailed disclosure of its trade secrets pursuant to California Code of Civil Procedure § 2019.210.  There are, thus, no other procedural barriers to Waymo's ability to take discovery on its trade secrets claims.  "Good cause" exists for expedited discovery in this case as explained below in greater detail.

### BACKGROUND

Waymo incorporates by reference the "Statement of Facts" section of its PI Motion, filed concurrently with this motion for expedited discovery.

### LEGAL STANDARDS

Courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit expedited discovery before the Rule 26(f) conference.  *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 274-76 (N.D. Cal. 2002) (adopting the conventional standard of "good cause" in evaluating a request for expedited discovery).  Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276.  In determining whether good cause exists, courts commonly consider the following factors:

(1)     whether a preliminary injunction is pending;

(2)      the breadth of the discovery requests;

(3)      the purpose for requesting the expedited discovery;

(4)      the burden on the defendants to comply with the requests; and

(5)      how far in advance of the typical discovery process the request was made.

*Apple Inc. v. Samsung Elec. Co*, No. 11–CV–01846–LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011) (quoting *American LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)). A court must evaluate the existence of good cause based on "the entirety of the record" and the "reasonableness of the request in light of the surrounding circumstances." *Semitool*, 208 F.R.D. at 275. "[C]ourts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition[,]" as is the case here. *Id.* at 276.

Applying this balancing test—weighing the movant's need for discovery with the burden imposed on the responding party—courts have generally required that the party requesting expedited discovery show why it cannot wait for discovery to proceed in the ordinary course under Rule 26. *Compare, e.g.*, *Magellan Grp. Inv., LLC v. First Indigenous Depository Co., LLC,* No. C 05-01994 JSW, 2005 WL 1629940, at *2 (N.D. Cal. July 8, 2005) (denying motion for expedited discovery where requesting party had "not made any showing as to why it cannot wait to conduct the requested deposition through the normal course of discovery"), *with Interserve, Inc. v. Fusion Garage PTE, Ltd.*, No. C 09-05812 JW (PVT), 2010 WL 143665, at *2 (N.D. Cal. Jan. 7, 2010) (granting a motion for expedited discovery where plaintiff might have been "irreparably harmed if expedited discovery is not permitted").

## ARGUMENT

### I.    GOOD CAUSE EXISTS TO GRANT WAYMO'S EXPEDITED DISCOVERY REQUESTS

Good cause exists for expedited discovery prior to a Rule 26(f) conference between the parties, as evidenced by the factors customarily considered by courts of this Circuit. *Apple*, 2011 WL 1938154, at *1.

1

2

### A.   Waymo's Pending PI Motion Weighs in Favor of Granting Expedited Discovery

Waymo has moved for a preliminary injunction.  So the pendency of that motion supports ordering expedited discovery.  *Washington v. Lumber Liquidators, Inc.*, No. 15-cv-01475-JST, 2015 WL 2089992, at *2 (N.D. Cal. May 5, 2015) ("[T]he Court notes that the pendency of Plaintiffs' motion for a preliminary injunction supports their request for expedited discovery."); *Apple*, 2011 WL 1938154, at *2 (granting expedited discovery in order "to prevent alleged infringement of its intellectual property and to forestall allegedly irreparable harm associated with a loss of market share and consumer good will").

### B.   The Scope of Waymo's Requests Are Tailored To Its PI Motion

The scope of Waymo's requested expedited discovery is appropriate in light of the facts and is not unduly broad.  That favors granting this motion.  *Id.*  Waymo does not seek irrelevant discovery nor (*e.g.*) discovery into issues that can be addressed at later stages of the case with less pressing urgency, such as monetary damages (if any could provide adequate relief for certain of Waymo's claims).  Instead, this expedited discovery is tailored to relevant evidence that will support Waymo's PI Motion, aide the Court in resolution of that motion, and would otherwise be produced in the ordinary course of this litigation, supporting Waymo's request for expedited discovery.  *Apple*, 2011 WL 1938154, at *2-4 (finding that "the expedited discovery Apple requests is relevant to its claims of infringement" and ordering the defendant to produce product samples—even if pre-release and confidential—in a patent and unfair competition case); *Semitool*, 208 F.R.D. at 276 (granting expedited discovery where the "requested information is relevant and will be produced in the normal course of discovery"); *Hardie v. Nat'l Collegiate Athletic Assoc.*, No. 13cv346–W (DHB), 2013 WL 1399333, at *2 (S.D. Cal. Apr. 5, 2013) (granting expedited discovery because "the information sought is relevant to the pending motion for preliminary injunction and is likely to assist the Court in resolving the motion").

Waymo seeks expedited discovery limited to evidence directly supporting its motion for preliminary injunction.  Each of Waymo's production requests is tailored to Waymo's allegations

1    regarding the misuse of Waymo's confidential information and misappropriation of Waymo's trade

2    secrets in this case:

3          (a)  Waymo requests return of Waymo's trade secrets from Defendants because Waymo

4          contends that Defendants misappropriated Waymo's trade secrets (Dkt. 1 ¶¶ 44, 66-

5          87; *e.g.*, Ex. 1[1] ¶¶ 75-91, 93-109);

6          (b)  Waymo requests documents sufficient to show Defendants' use, testing,

7          implementation, or consideration of LiDAR units, sensors, technology, or designs,

8          because Waymo asserts that Defendants used Waymo's trade secrets in the

9          development of that LiDAR technology (*e.g.*, Dkt. 1 ¶¶ 66-87; Ex. 1);

10         (c)  Waymo requests documents regarding LiDAR units, sensors, technology, or designs

11         associated with the Former Waymo Engineers within a year of joining Defendants

12         because Waymo alleges that Former Waymo Engineers took Waymo's trade secrets

13         to Defendants (*e.g.*, Ex. 1 ¶¶ 1-20, 27-71, 75-91, 94-121); and

14         (d)  Waymo requests that Defendants make available for inspection LiDAR units,

15         prototypes, sensors, and systems because Waymo asserts trade secrets related to the

16         design and development of LiDAR units, sensors, and systems (*e.g.*, Ex. 1 ¶¶ 1-20,

17         27-71, 75-91, 94-121).

18         This requested evidence will help establish that Waymo is likely to succeed on the merits of

19   its trade secret misappropriation claim – that Defendants acquired Waymo's asserted trade secrets

20   with reason to know that the trade secrets were acquired by improper means. Cal. Civ. Code § 3426;

21   18 U.S.C. §§ 1836, 1839(3)-(6).  In addition, these documents – and the requested deposition

22   testimony covering these documents and Waymo's allegations – will demonstrate the extent of

23   Defendants' misuse of Waymo's trade secrets and the extent of Defendants' trade secret

24   misappropriation, both of which support Waymo's motion for preliminary injunction by providing

25

26      [1]  All citations to "Ex." are to exhibits attached to the Declaration of Jordan Jaffe filed
concurrently herewith.

27

28

1    further evidence of the irreparable harm suffered by Waymo as a result of Defendants'

2    misappropriation.  Waymo's expedited discovery requests, therefore, should be granted.

3         Similarly, Waymo's requests seek evidence relevant to its claims for patent infringement.

4    Waymo seeks documents showing Defendants' use of the LiDAR technologies covered by Waymo's

5    patents (including the use of single lens systems relevant to U.S. Patent Nos. 8,836,922 and

6    9,285,464 asserted by Waymo), inspection of LiDAR sensors and systems, and a sample of the

7    infringing LiDAR unit.  In addition, the documents purportedly supporting Defendants' conclusion

8    that Waymo's patent infringement claims are "baseless" will help Waymo and the Court determine

9    what, if anything, suggests Defendants do not infringe the asserted patents.  This evidence will help

10   Waymo confirm the extent of Defendants' infringement of Waymo's patented technology and

11   provide further evidence that Waymo is likely to succeed on the merits of its patent infringement

12   claims.  *See* PI Motion at Argument § I(B).  As such, this evidence supports Waymo's motion for

13   preliminary injunction.  The requested productions, inspections, and deposition testimony will

14   further aide Waymo's preliminary injunction motion by evidencing the extent of the use of Waymo's

15   patented technology, further demonstrating the irreparable harm suffered by Waymo as a result of

16   Defendants' misappropriation of Waymo's intellectual property.  Waymo's production requests

17   (b)-(d) – and the associated deposition testimony that Waymo seeks – are therefore relevant to

18   Waymo's motion for a preliminary injunction premised on its patent infringement claims, and the

19   discovery requests should be granted on that basis.

20        The production of these documents must be made now – before the standard timeline for

21   discovery – because such evidence bolsters Waymo's case for enjoining Defendants' misconduct

22   and aides the Court in resolving Waymo's motion for an preliminary injunction, which requires fast

23   action to avoid further irreparable harm to Waymo from Defendants' misappropriation of Waymo's

24   intellectual property.  Because the scope of Waymo's expedited discovery requests are limited to

25   these "core documents central to the" issues relevant to Waymo's PI Motion, the Court should grant

26   Waymo's motion.  *Semitool*, 208 F.R.D. at 276 (ordering production of "technical specifications,

27   schematics, maintenance manuals, user or operating manuals and documents . . . show[ing] the

28

                                              WAYMO'S MOTION FOR EXPEDITED DISCOVERY

1   physical configuration and operation of the" accused products that were "core documents central to

2   the underlying case"); *Hardie*, 2013 WL 1399333, at *2 ("[T]he information sought is relevant to the

3   pending motion for preliminary injunction and is likely to assist the Court in resolving the motion.").

4       **C.      The Purpose of Waymo's Requests Favors Expedited Discovery**

5           Waymo's purpose for requesting the expedited discovery is compelling.  Waymo's purpose is

6   to avoid irreparable harm as explained in its PI Motion, and the expedited discovery will support

7   Waymo's PI Motion and help the Court resolve the motion.  As noted above, the requested discovery

8   goes to the heart of Waymo's motion for preliminary injunction and, therefore, the Court should

9   grant Waymo's request for expedited discovery.  *Washington*, 2015 WL 2089992, at *2 ("Because

10  Plaintiffs seek development of the factual record in support of their preliminary injunction, which

11  seeks to preserve the status quo, the purpose for which discovery is sought weighs in favor of

12  expedited discovery.").

13      **D.      Waymo's Requests Are Not Unduly Burdensome**

14          Waymo's requested expedited discovery is not unduly burdensome.  On February 23, 2017 –

15  the day that Waymo filed the complaint – Defendants (collectively through Uber's spokeswoman)

16  stated it would "review this matter carefully[.]"  Ex. 57.  The very next day, Defendants stated it

17  conducted a comprehensive investigation of all of Waymo's claims and found them to be "baseless."

18  *See* Ex. 58 ("[Defendants] have reviewed Waymo's claims and determined them to be a baseless

19  attempt to slow down a competitor and we look forward to vigorously defending against them in

20  court.").  If Defendants are capable of undertaking that investigation on such short timing, and if

21  Defendants have in fact conducted that investigation, it should not be burdensome to respond to

22  Waymo's expedited discovery requests on related issues.  Indeed, if such an investigation already

23  occurred, Defendants would already have collected and reviewed information or documents

24  responsive to Waymo's requests.  The scope of discovery sought by Waymo is, furthermore, neither

25  broader nor more burdensome than expedited discovery routinely granted by federal courts.  Courts

26  in this District have previously granted expedited discovery for a preliminary injunction hearing that

27  included productions from searches of five email custodians, discovery based on the contract in

28

dispute, and three to four depositions "including expert and 30(b)(6) witnesses." Ex. 59 (Order on, *inter alia*, Expedited Discovery in *GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-cv-01081-PSG (N.D. Cal.)) at 3.  Nor was expedited discovery in a trade secrets case considered "unduly burdensome" when it sought "every computer hard drive" a defendant had used to access confidential or trade secret information belonging to the plaintiff.  *NobelBiz, Inc. v. Wesson*, No. 14cv0832 W(JLB), 2014 WL 1588715, at *2 (S.D. Cal. Apr. 18, 2014) *and* Ex. 60 (NobelBiz's Production Requests) at 5 (NobelBiz's Request for Production No. 4)).  Waymo's expedited discovery requests are more tailored than the requests granted by other courts and, thus, are not "unduly burdensome" such that the requests weigh against the need for Waymo to conduct the discovery.

Nor can Defendants argue that Waymo's requested expedited discovery is unduly burdensome in other respects.  For example, Waymo proposes that all materials produced during expedited discovery be treated as "outside counsel only" pursuant to this District's template protective order.  The Court should grant Waymo's motion for expedited discovery.

### E.    The Court Should Grant Expedited Discovery Because Waymo Requests A Modest Advancement In Discovery

The final factor considered by courts focuses on how far in advance of the typical discovery process the request for expedited discovery is made.  In this case, the Court has entered an order regarding "Scheduling Initial CMC on Reassignment."  Dkt. 20.  Pursuant to that order, the case management conference for this case is scheduled for May 18, 2017.  With a case management conference date of May 18, 2017, the parties are required to conduct their Rule 26 conference no later than 21 days prior to that, which is April 27, 2017.  *See* Fed. R. Civ. P. 26(f)(1) (requiring parties to meet pursuant to Rule 26(f) no later than 21 days before the first scheduling conference with the court).  That date is only 48 days from the filing of this motion, and the same day as the anticipated hearing of this motion.  That acceleration of timing is modest and supports granting Waymo's requested relief.  *See  Interserve*, 2010 WL 143665, at *2 ("[Defendant's] discovery responses have been advanced approximately eight weeks."); *Bona Fide Conglomerate, Inc. v.*

1   *SourceAmerica*, No. 14-cv-0751-GPC (DHB), 2014 WL 12515242, at *2 (S.D. Cal. Nov. 7, 2014)

2   (granting expedited discovery "approximately two months prior to the commencement of discovery"

3   was "not too remote in time").

4   **II.    CAL. CODE CIV. P. § 2019.210 PROVIDES NO BASIS TO DELAY DISCOVERY
        GIVEN WAYMO'S DISCLOSURE OF ASSERTED TRADE SECRETS**

5

6            In advance of its PI Motion and Motion for Expedited Discovery, Waymo expended

7   significant time, effort, and resources developing an extremely detailed and particularized trade

8   secret disclosure pursuant to California Code of Civil Procedure § 2019.210.  *See* Ex. 1.  Spanning

9   69 pages and identifying over 120 confidential and valuable trade secrets, Waymo's disclosure

10  includes "(1) a summary of the specific trade secret; (2) the background of the trade secret and a

11  description of how each secret has derived independent, actual or potential economic value by virtue

12  of not being generally known to the public; (3) a description of how each secret has been the subject

13  of reasonable efforts to maintain its secrecy; and finally (4) each of the precise claimed trade secrets,

14  numbered, with a list of the specific elements for each[.]"  *Jobscience, Inc. v. CVPartners, Inc.*, No.

15  C 13–04519 WHA, 2014 WL 1724763, at * 2 (N.D. Cal. May 1, 2014).   Waymo filed two

16  declarations in support of its disclosure:  the Declaration of Pierre-Yves Droz on the development

17  and value of Waymo's trade secrets, and the Declaration of Michael Janosko on the security

18  measures undertaken by Waymo in order to protect its trade secrets.   Waymo's extensive and

19  detailed disclosure complies with all prerequisites to discovery on its trade secrets claims.  *Id.*; Cal.

20  Code Civ. P. § 2019.210.

21                                         **CONCLUSION**

22           For the foregoing reasons, Waymo respectfully requests that the Court order expedited

23  discovery as set forth above in the Proposed Order filed herewith.

24

25

26

27

28

1  DATED:  March 10, 2017                    Respectfully submitted,

2                                            */s/ Charles K. Verhoeven*

3                                            Charles K. Verhoeven

4                                            QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
5                                            Attorneys for WAYMO LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28