MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

March 13, 2017

Writer's Direct Contact
+1 (415) 268.7020
AGonzalez@mofo.com

Honorable William Alsup
U.S. District Court
Northern District of California
Courtroom 8 - 19th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Waymo LLC v. Uber Technologies, Inc. et al.*,
      Case No. 3:17-cv-00939

Dear Judge Alsup:

We represent defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC (collectively "Uber") in this matter.  We submit this letter pursuant to the Court's Supplemental Order to Order Setting Initial Case Management Conference, ¶ 25.

We request that the Court order plaintiff Waymo LLC ("Waymo") to provide unredacted versions of its sealed filings, which included a motion for preliminary injunction and for expedited discovery, under the terms of the Northern District's Patent Local Rule 2-2 Interim Model Protective Order, without additional preconditions.

Waymo filed its complaint on February 23, 2017.  Waymo served its complaint on defendants on March 6.  On March 10, 2017, two weeks after filing its complaint, Waymo filed a first amended complaint alleging infringement of an additional patent.  On that date, Waymo also filed motions for preliminary injunction, for expedited discovery and for an order to shorten time.  The motion for shortened time calls for a response to the motion for expedited discovery by this coming Friday, March 17.  Significant portions of this briefing are filed under seal.  For example, Plaintiff claims to have filed a 69 page document with over 120 trade secrets.  We have not seen that document.  In addition, in the memorandum of points and authorities in support of Plaintiff's motion for preliminary injunction, two pages are completely redacted and significant portions of three other pages are redacted.

Morrison & Foerster appeared for Uber on March 10 and contacted Waymo's counsel to obtain unredacted papers.  We agreed to abide by the Interim Model Protective Order.  Counsel for Waymo insisted, however, on excluding Section 7.3(b) of that order, which

pa-1778199

MORRISON | FOERSTER

Honorable William Alsup
March 13, 2017
Page Two

permits Designated House Counsel of the Receiving Party meeting certain criteria to receive highly confidential information. Waymo's counsel will not provide unredacted papers to Morrison & Foerster without our agreement to a form of interim protective order that would preclude access by Uber in-house counsel—even those not involved in "competitive decisionmaking." We cannot agree to Waymo's request because we anticipate such counsel will provide essential assistance in litigating the preliminary injunction.

Waymo's amended complaint and motion for preliminary injunction include claims for patent infringement, so the Patent Local Rules apply. (Patent Local Rule 1-2 ("These rules apply to all civil actions filed in or transferred to this Court which allege infringement of a utility patent in a complaint . . . .".)

Under Patent Local Rule 2-2,

> Discovery cannot be withheld on the basis of confidentiality absent Court order. The Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order.

The clear intent of this provision is to expedite proceedings in patent cases by minimizing haggling over protective order provisions. Here, however, plaintiff is refusing to provide unredacted versions of its filings unless Uber agrees in advance to omit a provision of the Interim Model Protective Order dealing with in-house counsel access. We request that the Court direct counsel for Waymo to comply with the Patent Local Rules and provide unredacted filings under the Interim Model Protective Order.

Aside from violating the intent, if not the letter, of the Patent Local Rules, Waymo's blanket refusal to provide access to any in-house counsel is improper. "Courts may not deny access to confidential information solely on the basis of counsel's in-house or retained status." *Amgen Inc. v. Sandoz Inc.*, No. 16-cv-02581-RS (MEJ), 2017 U.S. Dist. LEXIS 397, at *5 (N.D. Cal. Jan. 3, 2017). "[T]he standard is . . .'advice and participation' in 'competitive decisionmaking,'" "not 'regular contact' with other corporate officials who make 'policy,' or even competitive decisions." *Matsushita Elec. Indus. Co., Ltd. v. U.S.*, 929 F.2d 1577, 1580 (Fed. Cir. 1991). Courts have rejected attempts to exclude in-house counsel from access to confidential information where they "are not involved in competitive decision-making." *Amgen, Inc. v. Elanex Pharms., Inc.*, 160 F.R.D. 134, 139 (W.D. Wash. 1994).
Section 7.3(b) of the Court's Interim Model Protective Order strikes the right balance between access and protection from competitive decisionmakers, and it should apply here.

Uber intends only to disclose the sealed information to in-house litigation counsel who need to see the information to evaluate the case and direct the litigation and who are not involved

MORRISON | FOERSTER

Honorable William Alsup
March 13, 2017
Page Three

in competitive decisionmaking. Plaintiff will, under the Interim Model Protective Order, have an opportunity to object to any specific in-house counsel Uber proposes.

Uber therefore requests that the Court enter the standard Patent Local Rule 2-2 Interim Model Protective Order, which will govern until such time as the parties negotiate or the Court orders an alternative order.

Respectfully submitted,

/s/ Arturo J. González

Arturo J. González
Counsel for Uber Technologies, Inc., Ottomotto LLC and Otto Trucking LLC

cc: Counsel of record (via ECF)

pa-1778199