**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

March 15, 2017

Honorable William H. Alsup
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom 8 - 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. 3:17-cv-00939-WHA

Dear Judge Alsup:

As directed by this Court's order (Dkt. 44), Plaintiff Waymo LLC ("Waymo") hereby responds to the March 13, 2017 "discovery letter brief" filed by defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC (collectively "Defendants"). Defendants' letter omits material facts leading up to its letter and is wrong on the underlying legal dispute regarding the propriety of Defendants' in-house counsel having access to Waymo's highly confidential and valuable trade secrets. Nevertheless, in principle, if Defendants identify in-house counsel not involved in competitive decision making or provides a risk of inadvertent disclosure of Waymo's trade secrets, and to whom disclosure is reasonably necessary, Waymo will agree to disclosure of "attorneys eyes only" to that in-house counsel pursuant to a protective order.

Defendants' letter[1] leaves the impression that Waymo withheld the unredacted preliminary injunction papers to achieve some concession from Defendants as to the eventual protective order to govern this action. This is incorrect. From the beginning, Waymo made clear it was willing to provide "Waymo's unredacted preliminary injunction papers on an outside-counsel-eyes only basis." Ex. A at 2.[2] Waymo further made clear that "[w]e will agree that acceptance of our papers on this basis will be without prejudice to Defendants' position on in-house counsel, which we can continue to negotiate and which Defendants can raise with the Court if we do not reach agreement."

---

[1]   Defendants' letter purports to be a discovery letter submitted pursuant to this Court's Supplemental Order to Order Setting Initial Case Management Conference ("Standing Orders"), ¶ 25. But such letters may be filed only "*after* having met and conferred." *Id.* (emph. added). This District's local rules similarly, require a meet and confer prior to seeking relief on a discovery dispute. Civil L.R. 37-1(a). The local rules define a "meet and confer" as either a face-to-face or telephonic conference. *Id.* 1-5(n). Defendants, however, failed to do so. The parties did exchange email correspondence regarding service of Plaintiff's preliminary injunction papers in unredacted form, but the email exchange concluded on Sunday with Waymo stating it is "available to discuss on Monday." Ex. A at 1. Defendants did not even respond before filing their letter.

[2]   For the Court's reference, Waymo attaches as Exhibit A the full record of correspondence on this topic in advance of Defendants' letter filing.

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

*Id.* After its letter, Defendants eventually accepted Waymo's offer on March 14, and Waymo transmitted the confidential version of its filing later that day. Ex. B.

**Second**, Defendants' argument that in-house counsel are necessarily allowed access to an opposing party's highly confidential trade secret information is without merit. Rather, as shown by the model protective orders promulgated by this District and the relevant case law, access by in-house counsel to trade secret information can only be made on a case-by-case and lawyer-by-lawyer basis. Defendants have yet to make the required showing.

For a given in-house counsel to be allowed access to trade secret information, the Court must first weigh the "risk of inadvertent disclosure of trade secrets" against a risk that a party's case would be "impaired" by protection of the trade secret. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). "The concern for inadvertent disclosure is particularly acute where the party seeking access to the information is a direct competitor[,]" as here. *Adobe Sys. Inc. v. Davachi*, No. C 10–03575 SC (LB), 2011 WL 2610170, at *4 (N.D. Cal. July 1, 2011). In such circumstances, "the Court must determine whether knowledge of the trade secrets at issue would place counsel in the 'untenable position' of either refusing his employer legal advice or revealing the sensitive information." *Pinterest, Inc. v. Pintrips, Inc.*, No. 13–cv–04608–RS (KAW), 2014 WL 5364263, at *2 (N.D. Cal. Oct. 21, 2014) (quoting *Intel Corp. v. VIA Tech, Inc.*, 198 F.R.D. 525, 530-31 (N.D. Cal. 2000)). Defendants have not yet identified the "case-specific circumstances" that allow disclosure to its in-house counsel. Defendants are direct competitors to Waymo, have not established that any such person(s) would be insulated from the "untenable position" that would disqualify their access, nor provided Waymo with relevant information to evaluate whether the counsel's job responsibilities mitigated the risk of disclosure.

Defendants' cited case law does not support the alternative view. It instead supports Waymo's position that in-house counsel's access to confidential materials is not warranted where there is a risk of inadvertent disclosure. *Amgen Inc. v. Sandoz Inc.*, No. 16-cv-02581-RS(MEJ), 2017 WL 22502, at *2-*3 (N.D. Cal. Jan. 3, 2017) (stating that decisions on specific in-house counsels' access to protected material could be made after those counsel were identified and the risk could be evaluated); *Amagen Inc. v. Elanex Pharms. Inc.*, 160 F.R.D. 134, 139 (W.D. Wash. 1994) (finding in-house counsel to whom disclosure was sought were "not involved in competitive decision-making" in a patent infringement case); *Matsushita Elec. Indus. Co., Ltd. v. U.S.*, 929 F.2d 1577, 1579-80 (Fed. Cir. 1991) (in-house counsel allowed access to "proprietary business information" under a protective order because he was insulated completely from competitive decision-making). Defendants have not provided the information needed to evaluate the "case-specific circumstances" that would favor allowing its in-house counsel access to Waymo's trade secrets under a protective order.

This District provides a "Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets" ("Trade Secret Model Protective Order") as a model protective order for trade secret cases, which comports with the above-cited case law requiring lawyer-specific inquiries.[3] Paragraph 7.3(b) of the Trade Secret Model Protective Order brackets the provision allowing disclosure of highly confidential materials to in-house counsel as

---

[3] *See Model Protective Orders*, U.S. DISTRICT COURT, N.D. CAL., http://www.cand.uscourts.gov/model-protective-orders (last visited Mar. 15, 2017).

"[o]ptional as deemed appropriate in case-specific circumstances[.]" The Patent Local Rule 2-2 Interim Model Protective Order ("Interim Patent Model Protective Order") is not specifically designed for trade secret cases, but supports the same view. The only substantive mention of "trade secrets" in the Interim Patent Model Protective Order is in the context of "trade secret source code." For that material, the Interim Patent Model Protective Order *excludes* in-house counsel entirely from reviewing it. Interim Patent Model Protective Order, ¶ 9(a)-(b). Both the Trade Secret Model Protective Order and the Interim Patent Model Protective Order thus do not permit disclosure of trade secrets to in-house counsel without a case-specific showing.

*Third*, on Monday, March 13, the Court ordered Defendants to bring Defendants' proposed designated in-house counsel to the March 16, 2017 hearing, along with the resumes of those individuals. Dkt. 44. The same day, Waymo requested these resumes so that it may evaluate Defendants' request in advance of this response and Thursday's hearing. But Defendants did not provide a list of its proposed attorneys until 7:59 pm on Tuesday, March 14, and, at the time, provided only their LinkedIn webpages. Defendants, however, did not provide all the information Waymo needs to assess Defendants' request, such as the "current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making" – as would be required by Paragraph 7.4(a)(1) of the Interim Patent Model Protective Order that Defendants contend governs. Nor did Defendants identify why disclosure to these attorneys is "reasonably necessary" in this case. Interim Patent Model Protective Order ¶ 7.3(b).[4]

Waymo remains willing to assess Defendants' proposals for in-house counsel to be provided to "attorneys eyes only" information under a protective order, but requires the information necessary in order to do so. Waymo is not opposed to any disclosure of its trade secret litigation materials to an in-house attorney for Defendants. Instead, Waymo asks that such access is granted sparingly, and only after the attorney's work responsibilities are sufficiently disclosed to ensure that there will be no possibility of (further) improper use of Waymo's trade secrets by Defendants.

Respectfully yours,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Counsel for Waymo LLC

CC:  Counsel of record (via ECF)

---

[4] At 10:43 a.m. today (77 minutes before this response was due), Defendants provided short descriptions of the proposed attorney's job functions. Given the timeframe of this disclosure, Waymo has not had an opportunity to assess the additional information Defendants provided. But Waymo will continue to work to narrow any disputes as much as possible.