# EXHIBIT A

| | |
|---|---|
| **From:** | David Perlson |
| **Sent:** | Sunday, March 12, 2017 8:31 PM |
| **To:** | 'Gonzalez, Arturo J.'; James Judah |
| **Cc:** | Ray, Wendy J.; Lindsay Cooper; Jacobs, Michael A.; QE-Waymo |
| **Subject:** | RE: Waymo v. Uber |

Arturo,

We have articulated the basis for our position, which we think is reasonable and supported by the Court's model orders. In contrast, as we have shown, your position is not. If you have authority that supports your position, please pass along for our consideration. Your unsupported protestations of inability to respond to the pending motions, however, are not persuasive.

Our proposal remains available for Otto and Uber to accept, as it has been since Friday, the day the motions were filed. We would also be available to discuss on Monday.

David


David Perlson
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Direct: (415) 875-6344
Main Phone: (415) 875-6600
Main Fax:  (415) 875-6700
E-mail: davidperlson@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Saturday, March 11, 2017 6:26 PM
**To:** James Judah <jamesjudah@quinnemanuel.com>
**Cc:** Ray, Wendy J. <WRay@mofo.com>; Lindsay Cooper <lindsaycooper@quinnemanuel.com>; Jacobs, Michael A. <MJacobs@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Waymo v. Uber

James,

You are refusing to allow us to share with our clients the trade secrets that they allegedly misappropriated?  The failure to provide the trade secrets makes it impossible for us to respond to your three motions. We should be allowed to share the 2019 with in-house counsel, and also with Anthony Lvandowski, who (a) presumably is already familiar with the purported secrets, and (b) allegedly took them. We would not share the information with Mr. Levandowski without your consent, but I don't see how he can defend himself without knowing exactly what trade secrets he allegedly misappropriated.

Arturo

Sent from my iPad

On Mar 11, 2017, at 4:47 PM, James Judah <jamesjudah@quinnemanuel.com> wrote:

> Wendy,
>
> The Interim Model Patent PO "shall govern discovery unless the Court enters a different protective order."  A few things of note.  Our PI papers are not discovery.  But perhaps even more importantly, this is not just a patent case.  It is also a trade secret case.  So we cannot and will not voluntarily agree to hand in-house counsel at Otto/Uber our trade secret information, including our list of Waymo trade secrets when Otto/Uber has intentionally stolen our trade secrets and know-how.  We also note that in the N.D. Cal Model PO for "Litigation Involving Patents, Highly Sensitive Confidential Information and/or *Trade Secrets*" that allowing "Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the 'Acknowledgment and Agreement to Be Bound' (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed" to see "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and  "HIGHLY CONFIDENTIAL – SOURCE CODE"  Information or Items is "*Optional as deemed appropriate in case-specific circumstances."*  So we disagree with  your assertion that we are imposing "additional conditions" or causing any "delay."
>
> We again offer to send you Waymo's unredacted preliminary injunction papers on an outside-counsel-eyes only basis. We will agree that acceptance of our papers on this basis will be without prejudice to Defendants' position on in-house counsel, which we can continue to negotiate and which Defendants can raise with the Court if we do not reach agreement.
>
> Best,
> James
>
> ---
>
> **From:** Ray, Wendy J. [mailto:WRay@mofo.com]
> **Sent:** Friday, March 10, 2017 8:26 PM
> **To:** Lindsay Cooper <lindsaycooper@quinnemanuel.com>; Gonzalez, Arturo J. <AGonzalez@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>
> **Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
> **Subject:** RE: [EXT] RE: Waymo v. Uber
>
> Lindsay,
> We will agree to the Northern District's Interim Model Patent Protective Order until a negotiated protective order can be entered.  Under the Patent Local Rules, the Interim Order governs.  Waymo may not impose additional conditions.  We therefore do not agree to exclude in-house counsel who meet the conditions of 7.3(b).  Please let us know if you will agree to the Interim Order as is until we negotiate an order.  We note that failure to

provide the unredacted papers filed today hampers our ability to respond to the three motions filed today.

Wendy

**From:** Lindsay Cooper [mailto:lindsaycooper@quinnemanuel.com]
**Sent:** Friday, March 10, 2017 7:17 PM
**To:** Ray, Wendy J.; Gonzalez, Arturo J.; Jacobs, Michael A.
**Cc:** QE-Waymo
**Subject:** [EXT] RE: Waymo v. Uber

One edit to my email below – I meant to say that we have the unredacted papers from today's filing ready to send to you.

**From:** Lindsay Cooper
**Sent:** Friday, March 10, 2017 7:14 PM
**To:** wray@mofo.com; AGonzalez@mofo.com; MJacobs@mofo.com
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber

Wendy,

We have the redacted papers from today's filing ready to send to you, but before we do so, we need to reach an agreement on how Waymo's highly confidential information will be treated until the parties agree on a protective order. We've prepared the attached stipulation which memorializes the following agreement:

> Until the entry of an appropriate Protective Order in this action, Defendants agree that the confidential portions of the PI motion will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material pursuant to the Interim Model Patent Protective Order, with the exception that individuals in Section 7.3(b) are excluded from those to whom Defendants may disclose the material.

The N.D. Cal. interim model protective order referenced in the stipulation is attached for your reference as well.

Please let us know if we have your approval to file, and if so, who will sign on behalf of Defendants.

Thank you,
Lindsay


-------- Original message --------
From: "Ray, Wendy J." <WRay@mofo.com>
Date: 3/10/17 4:04 PM (GMT-08:00)
To: Charles K Verhoeven <charlesverhoeven@quinnemanuel.com>, David Perlson <davidperlson@quinnemanuel.com>, John Neukom <johnneukom@quinnemanuel.com>, Jordan Jaffe <jordanjaffe@quinnemanuel.com>, James Judah <jamesjudah@quinnemanuel.com>, Melissa Baily <melissabaily@quinnemanuel.com>

3


Cc: "Gonzalez, Arturo J." <AGonzalez@mofo.com>, "Jacobs, Michael A." <MJacobs@mofo.com>
Subject: Waymo v. Uber

All,

Morrison & Foerster has appeared for Uber in this matter.  Please provide us with the unredacted papers from today's filings as soon as possible.  Thank you.

Wendy

**Wendy J. Ray**
**MORRISON & FOERSTER LLP**
707 Wilshire Blvd., Suite 6000
Los Angeles, California 90017-3543
Phone: (213) 892.5446 | Fax: (213) 892.5454
E-mail: wray@mofo.com

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

<9077057_1_Proposed Stipulation Regarding Interim Confidentiality Order.docx>

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.