**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

  v.

UBER TECHNOLOGIES, INC., *et al.*,

    Defendants.

No. C 17-00939 WHA

**TENTATIVE ORDER RE ACCESS TO UNDER-SEAL MATERIAL
(To Be Discussed at the Conference on March 16)**

    Plaintiff Waymo LLC seeks sweeping provisional relief to enjoin defendants from exploiting trade secrets and patent rights allegedly stolen from plaintiff. Many passages in the moving papers have been filed under seal by plaintiff, who allegedly refuses to provide the under-seal material to defense counsel unless defense counsel agrees not to disclose the information to their clients, even in-house counsel.

    This is an unreasonable condition, if true, imposed by plaintiff. *First*, if the allegations in the complaint are true, then defendants already know the sensitive information. *Second*, if a preliminary injunction is granted in this case it will have to specify the sensitive information that can no longer be used and in-house counsel will need to know what is verboten in order to enforce it faithfully. *Union Pac. R.R. v. Mower*, 219 F.3d 1069, 1077 (9th Cir. 2000); *Patriot Homes, Inc. v. Forest River Hous., Inc.*, 512 F.3d 412, 414–15 (7th Cir. 2008); *Schmidt v. Lessard*, 414 U.S. 473, 476–77 (1974). *Third*, at all events defendants need this information shared with in-house counsel to prepare their defense.

Defense counsel shall be allowed to share under-seal information with one in-house counsel, once vetted and approved by the Court, who must subscribe faithfully in advance to this district's standard protective order. We will vet the proposed in-house counsel tomorrow.

**IT IS SO ORDERED.**

Dated:  March 15, 2017.

W<small>ILLIAM</small> A<small>LSUP</small>
U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>