IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC, | No. C 17-00939 WHA |
| Plaintiff, | |
| v. | **ORDER RE EXPEDITED DISCOVERY AND RELATED MATTERS** |
| UBER TECHNOLOGIES, INC., *et al.*, | |
| Defendants. | |

After a conference with both sides to critique a tentative order, this order sets forth a plan for expedited discovery for both sides leading up to a hearing on plaintiff's motion for provisional relief:

1. Defendants may depose the declarants who submitted declarations in support of plaintiff's motion for preliminary injunction. In addition, defendants may depose up to three additional plaintiff officers, directors, or employees. Plaintiff must make said deponents available upon 120 hours notice. Defendants may have a total of 18 hours of deposition time (not counting breaks), to be allocated among deponents as they wish. These depositions may begin as soon as the required notice is given.

2. Upon the same 120 hours notice, plaintiff must produce specific documents 24 hours before that deposition. The document requests, however, must be very narrowly drawn and limited to six requests per deponent.

3. The deadline for defendants to oppose plaintiff's motion for preliminary injunction is continued from March 24 to **APRIL 7**.

4. By March 31, defendants shall produce for inspection all files and documents downloaded by Anthony Levandowski, Sameer Kshirsagar, or Radu Raduta before leaving plaintiff's payroll and thereafter taken by them. Defendants shall also produce for copying the card reader, thumb drive, or other media used for the downloads, as well as all subsequent emails, memoranda, PowerPoints, text messages, or notes that have forwarded, used, or referred to any part of said downloaded material. If any part of said downloaded material has been deleted, destroyed, or modified, then defendants shall state the extent thereof and produce all documents bearing on said deletion, destruction, or modification.

5. Plaintiff may depose the declarants who submit declarations in opposition to the motion for preliminary injunction. In addition, plaintiff may depose three additional officers, directors or employees of defendants. Defendants must make the deponents available upon 120 hours notice. Plaintiff may have a total of 18 hours of deposition time (not counting breaks) to be allocated as it wishes. All depositions to be taken by plaintiff shall occur after defendants' opposition.

6. Upon the same 120 hours notice, defendants must produce specific documents 24 hours before that deposition of defendant personnel. The document requests, however, must be very narrowly drawn and limited to six requests per deponent. This is in addition to the documents ordered to be produced in paragraph 4 above.

7. The deadline for plaintiff to reply is continued from March 31 to **APRIL 21**. Plaintiff may base its reply upon the foregoing discovery, but it may not rely on fresh reply declarations on any point that could and should have been raised up front.

2

8. By April 28, defendants may file a sur-reply up to **TEN PAGES** in length, limited strictly to addressing material in plaintiff's reply. It may not rely on fresh sur-reply declarations on any point that could and should have been raised in the opposition.

9. The hearing is continued from April 27 to **MAY 4**. If an evidentiary hearing is required (which will be determined after all of the foregoing submissions are reviewed), the evidentiary hearing will be on May 17 starting at 7:30 a.m., subject to time limits to be determined with declarations being treated as direct testimony.

10. The foregoing depositions shall be in addition to the normal deposition limits and all deponents questioned via the above shall be liable to sit for another deposition later in the case. If the other side cross-examines at a deposition, the cross-examination time shall count against the cross-examiner's 18 hours.

11. The foregoing schedule presupposes that both sides shall cooperate in discovery and all sealed information shall be supplied to defense counsel and one in-house counsel immediately. Beyond the foregoing, expedited discovery is **DENIED** until after a ruling on the motion for provisional relief. Counsel shall meet and confer and propose a written joint plan for further expedited discovery (for both sides) to follow the ruling on a preliminary injunction, leading up to a trial on October 2, and shall file said written plan before the hearing on defendants' expected motion to compel arbitration. All filings shall be made by noon on the day indicated.

**IT IS SO ORDERED.**

Dated: March 16, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3