MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**UBER TECHNOLOGIES, INC., OTTOMOTTO LLC, AND OTTO TRUCKING LLC'S ADMINISTRATIVE MOTION TO ALLOW SAMEER KSHIRSAGAR ACCESS TO CERTAIN MATERIAL**<br><br>Complaint Filed: February 23, 2017<br>First Am. Compl. Filed: March 10, 2017<br>Trial Date: October 2, 2017 |

Plaintiff Waymo LLC ("Waymo"), in its Motion for Preliminary Injunction, alleges that former Waymo employee Sameer Kshirsagar—now an employee of Uber Technologies, Inc. ("Uber")—downloaded five allegedly confidential files from Waymo's internal Google Drive prior to resigning from Waymo. (Mot. Prelim. Inj. at 9, ECF No. 24.) Waymo has designated these files "Attorneys Eyes Only," limiting their distribution to outside counsel and a single, designated in-house attorney. Waymo has also designated as AEO a transition memorandum written by Mr. Kshirsagar upon his departure from Waymo. Uber is therefore unable to show Mr. Kshirsagar the five files Waymo alleges he downloaded, as well as a memorandum he prepared. Waymo has refused to agree that Uber be allowed to show Mr. Kshirsagar the allegedly downloaded files, and has ignored counsel's request to show Mr. Kshirsagar the memorandum he drafted. (Declaration of Wendy Ray ¶¶ 2-4.)

As this court has recognized, Waymo "seeks sweeping provisional relief." (Tentative Order at 1, ECF No. 53.) Uber is hamstrung in its ability to prepare its response to the preliminary injunction motion by its inability to communicate with Mr. Kshirsagar about the very documents at issue—documents which, according to Waymo's allegations, he has already seen (and in some cases even written). It is crucial that Uber have access to all the information to which it is entitled in order to prepare its defense as fulsomely as possible. This information includes unhindered conversations with Mr. Kshirsagar about the files he allegedly downloaded and the memorandum he wrote regarding his departure from Waymo. The need to have these conversations is particularly critical given the severity of the relief requested and the limited time Uber has to prepare its opposition brief. *See Julius M. Ames Co. v. Bostitch, Inc.*, 235 F. Supp. 856, 857 (S.D.N.Y. 1964) (holding that defendant was entitled to share interrogatory responses containing a competitor's trade secrets with defendant's personnel, over competitor's objections, "insofar as it may be necessary…in order to prepare for and assist in the defense of the action.").

In these circumstances, Waymo bears the burden of showing that the documents at issue should be subject to a protective order provision preventing their disclosure to Mr. Kshirsagar. 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2043 (3d ed. Supp. 2017) ("It is well settled that there is no absolute privilege for trade secrets and similar

confidential information … It is for the party resisting discovery to establish, in the first instance, that the information sought is within this provision of [ Rule 26(c)(1)(G)].") Yet in its communications with Uber to date, Waymo has provided no support for its refusal to agree to the narrow disclosure requested.

In addition to being unsupported by law, Waymo's position is unreasonable for the very same reasons this Court found Waymo's previous refusal to let Uber disclose under-seal information to in-house counsel unreasonable. First, as the Court has recognized, "if the allegations in the complaint are true, then defendants already know the sensitive information." (Tentative Order at 1.) The same logic applies here: if Mr. Kshirsagar downloaded the files as Waymo alleges, then he has already seen the material Waymo refuses to allow Uber to share with him now. Similarly, he has already seen the transition memorandum because he prepared it. Second, just as "defendants need [Waymo's unredacted preliminary injunction papers] shared with in-house counsel to prepare their defense," (*id*.), Uber needs to share these five files and the memorandum with Mr. Kshirsagar in order to prepare its defense. For example, counsel needs to discuss with Mr. Kshirsagar whether the alleged downloading occurred, the context surrounding such downloading (if any), and whether contents of any of the files were taken by him. Counsel also needs to discuss with Mr. Kshirsagar information in the memorandum regarding why he may have downloaded certain documents.

Courts in other circuits apply a balancing test in these circumstances that weighs the interest of the party seeking disclosure in discovering information necessary to prove its claims or defenses against the other party's "interest in preventing a potential competitor from having access to its [trade secrets]." *Dow Corning Corp. v. Xiao*, 283 F.R.D. 353, 357 (E.D. Mich. 2012) (citing *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 269 (6th Cir. 2010)). *See also Bourdages v. Metals Ref., Ltd.*, No. 84 CIV. 743 (CSH), 1984 WL 665, at *7 (S.D.N.Y. July 25, 1984) ("if the needs of the requesting party are sufficiently compelling, disclosure should be ordered, even to a competitor of the disclosing party.") (citing *Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 391 (2d Cir. 1981); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326-7 (10th Cir. 1981)).

1       This balancing test is instructive here.  As explained above, Uber has a compelling interest in sharing these documents with Mr. Kshirsagar in order to effectively prepare its defenses.  Moreover, if Mr. Kshirsagar downloaded the files as Waymo alleges, then no competitive harm could result from allowing him to view the files.  Finally, Mr. Kshirsagar has read, signed, and agrees to abide by the provisions of the Patent Local Rule 2-2 Interim Model Protective Order that applies in this case.  (Ray Decl., ¶ 5, Ex. 3 (Patent L.R. 2-2).)  Uber's strong interest in the limited disclosure it requests outweighs Waymo's unsubstantiated desire to withhold these files from Mr. Kshirsagar.

      In light of the foregoing, Uber respectfully requests that this Court order Waymo to allow Uber to share the five files Waymo alleges Mr. Kshirsagar downloaded (listed at Willis Decl. ISO Mot. Prelim. Inj., ECF No. 24-16 ¶¶ 6-11), as well as his transition memorandum (produced by Waymo on March 22, 2017 at Bates no. WAYMO-UBER-00000414) with Mr. Kshirsagar.  In the alternative, Uber requests that this Court modify the Interim Protective Order to allow those individuals who are alleged to have misappropriated trade secrets to view those documents that Waymo alleges were taken by them, and to allow former Waymo employees to view their own transition memoranda.

Dated:  March 23, 2017                    MORRISON & FOERSTER LLP

                                        By:  */s/ Arturo J. González*
                                               ARTURO J. GONZÁLEZ

                              Attorneys for Defendants
                              UBER TECHNOLOGIES, INC.,
                              OTTOMOTTO LLC, and OTTO TRUCKING LLC