# EXHIBIT A

```
                                            Pages 1 - 21

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

      BEFORE THE HONORABLE WILLIAM H. ALSUP, JUDGE

WAYMO, LLC,                      )
                                 )
          Plaintiff,             )
                                 )
  VS.                            )   No. C 17-00939 WHA
                                 )
UBER TECHNOLOGIES, INC.,         )
et al.,                          )
                                 )
          Defendants.            )
                                 )   San Francisco, California
                                     Thursday, March 16, 2017

                  TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:
                    QUINN, EMANUEL, URQUHART & SULLIVAN LLP
                    50 California Street
                    22nd Floor
                    San Francisco, California  94111
               BY:  CHARLES K. VERHOEVEN, ESQ.
                    JORDAN R. JAFFE, ESQ.
                    DAVID A. PERLSON, ESQ.
                    MELISSA J. BAILY, ESQ.

For Defendants:
                    MORRISON & FOERSTER, LLP
                    425 Market Street
                    San Francisco, California  94105
               BY:  ARTURO J. GONZALEZ, ESQ.
                    MICHAEL A. JACOBS, ESQ.



Reported By:   BELLE BALL, CSR 8785, CRR, RDR
               Official Reporter, U.S. District Court

(Appearances continued, next page)
```

**APPEARANCES, CONTINUED:**

**Also Present:**          **NICOLE T. BARTOW, ESQ.**
                           **Uber Director II, Litigation**

1  Your Honor.
2      **THE COURT:** Including that he won't take away -- you know,
3  he will honor the nondisclosure.
4      **MR. VERHOEVEN:** Yes, Your Honor.
5      **THE COURT:** All right.  Well, then -- because your papers
6  didn't say that.  So, okay.
7      **MR. VERHOEVEN:** Well, we're not basing our claims on the
8  agreement, Your Honor.  We're basing it on the law, and we're
9  basing it -- and our claims are asserted against people who are
10 not in our control.  Uber and Otto are not subject to any
11 agreement, Your Honor.
12     **THE COURT:** Okay.  All right.  What is your next point?
13     **MR. GONZALEZ:** That was the only point I have, Your Honor.
14 If I think of another one, I'll let you know.  But that's it for
15 now.
16     **THE COURT:** Okay.  How about on your side?
17     **MR. VERHOEVEN:** No, Your Honor.
18     **THE COURT:** Okay.  This is great.  Let me see if I have got
19 anything to bring up with you.
20     (The Court examines document)
21     **THE COURT:** What day will you be back here on your motion
22 for arbitration?  Do you know when that will come up?
23     **MR. GONZALEZ:** Your Honor, I'm anticipating that we will
24 file it in about two weeks.  And then in the ordinary course --
25 what is that, 28 days?

1    **THE COURT:** Thirty-five..

2    **MR. GONZALEZ:** Oh, okay. Thirty-five.

3    **THE COURT:** Twenty-eight is the old days. All right. When
4    will that -- do the math for me. When will that -- I want to
5    know, will that come up before the preliminary-injunction
6    hearing?

7    **THE CLERK:** That will put it roughly around May 4th, I
8    believe, Your Honor.

9    **MR. GONZALEZ:** Yeah.

10   **THE COURT:** So --

11   **MS. BARTOW:** We can file it sooner.

12   **THE COURT:** I'm not -- I mean, I don't want to go through
13   the pain and suffering of a preliminary injunction hearing if it
14   has to be arbitrated, is the point. Think that through.

15   But here's the other thing I want to you do. You asked for
16   an early trial in your papers.

17   **MR. VERHOEVEN:** Yes, Your Honor.

18   **THE COURT:** What is your view on the early trial?

19   **MR. GONZALEZ:** Your Honor, our view is that there's going to
20   be a lot of work to be done on this case. So --

21   **THE COURT:** Well, your view would probably change if there
22   was a preliminary injunction.

23   **MR. GONZALEZ:** It probably would.

24   **THE COURT:** Yeah. So before you know the answer, I would
25   like for both of you to meet and confer, and come up with a

1   schedule that would lead up to a trial on October -- first
2   Monday in October, which is October 2.  I could try this case if
3   you could get it prepared and ready for trial on October 2nd.
4       I'm talking about the final trial, not -- but that would
5   mean doing a lot of homework between now and then.  And it could
6   be done, but it also -- I understand that it would be faster
7   than normal.
8       But while you both have an incentive before you know the
9   answer on preliminary injunction, while you both have an
10  incentive to possibly consider an early trial, I want you to
11  work out that date, work out what the -- what the schedule would
12  be for disclosure of experts and everything else, and then give
13  that to me on the day you come back for your motion on the
14  arbitration.  Okay?
15      **MR. GONZALEZ:**  We will do that.  Thank Your Honor.
16      **THE COURT:**  All right.  Here's another problem.  I
17  anticipate that there's a 50/50 chance -- and I could be wrong,
18  but there's a 50/50 chance that whenever your side, meaning --
19      **MR. VERHOEVEN:**  Waymo.
20      **THE COURT:**  -- Waymo, wants to take the deposition of
21  Mr. Lev- --
22      **MR. VERHOEVEN:**  Levandowski.
23      **THE COURT:**  -- Levandowski, that there will be a last-second
24  delay, because you say he needs separate counsel.  That will not
25  be good.  So I want you -- you're on notice you need to be