QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>         Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>         Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO SHORTEN TIME FOR HEARING ON DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

1    Defendants' Administrative Motion To Shorten Time for Hearing on Defendants' Motion To Compel Arbitration (Dkt. 95) should be denied.  Had Defendants filed their Motion To Compel Arbitration in a timely manner, it would have been unnecessary to shorten time for that motion to be briefed and heard to achieve Defendants' purported goal—having their Motion To Compel Arbitration heard before the May 4 preliminary injunction hearing.  Defendants should not be able to benefit from their own delay to Plaintiff Waymo's prejudice by cutting Waymo's response time to Defendants' motion in half.  This is especially true since Defendants' Motion To Compel Arbitration, even if granted, would not moot the May 4 preliminary injunction hearing given that Defendants concede that at least Waymo's patent claims are not arbitrable.

## ARGUMENT

Defendants argue they have brought their Motion To Shorten Time because, at the March 16, 2017 Case Management Conference, the Court stated: "I don't want to go through the pain and suffering of a preliminary injunction hearing if it has to be arbitrated, is the point.  Think that through."  (Dkt. 95, 1.)  The Court's statement, however, was preceded by Defendants' representation that "Plaintiff's claims" were subject to "a very broad arbitration provision," suggesting that *all* of Plaintiff's claims would belong in arbitration.  (Dkt. 63, 12:5-21.)  But Defendants' Motion to Compel Arbitration does not address *any* of Plaintiff's Waymo's patent claims upon which Plaintiff Waymo's preliminary injunction is also based.  Thus, even if the Court were inclined to grant the motion to compel arbitration in its entirety, the preliminary injunction hearing would still go forward.

Moreover, Defendants' Motion To Shorten Time mentions the existence of patent claims as "the basis" for Waymo's Opposition.   (Dkt. 95, 1 ("Plaintiff has advised us that it opposes this request on the basis that even if this motion is granted, there will still be a hearing on its motion for preliminary injunction pertaining to the four patent claims at issue. (González Decl. ¶ 3, Ex. B.)")  As Waymo's email that Defendants attach shows, however, Waymo opposes Defendants' Motion To Shorten Time for the additional reason that it unnecessarily prejudices Waymo's response time to Defendants' Motion To Compel Arbitration.  (Dkt. 95-3.)  Defendants do not mention, much less try to rebut Waymo's position.  They cannot.

1    At the March 16 hearing, counsel for Defendants indicated that Defendants would file the motion "within two weeks" and that the motion would be "set for hearing on regular notice." (Dkt. 63, 12:15-17; 14:23-24.)  Defendants also indicated that the motion could be filed "sooner" in order to obtain a hearing date before the hearing on Plaintiff's motion for a preliminary injunction.  *Id.* at 15:11.  In fact, the Court's "[t]hink that through" statement that Defendants quote in their Motion to Shorten Time was in response to Defendants' suggestion that the motion could be filed sooner than two weeks.  *Id.*, 15:12-14.  This is correct.  Had Defendants filed their motion by March 23, the motion could have been heard on April 27, one week before the May 4 preliminary injunction hearing.  Notably, on March 22, Defendants indicated they planned to file on March 23. (McCauley Decl., Ex. A.)   It seems the only reason Defendants did not file on that day is that their desired hearing date of April 20 was not available, as Waymo pointed out.  *Id.*  Defendants then waited until March 27 to file their Motion To Compel Arbitration.

But rather than accept the consequences of their own delay, Defendants have asked *Waymo* to sacrifice half of its 14 days to respond to Defendants' motion so that their motion could be heard before May 4.  As Waymo pointed out to Defendants, however, it is unreasonable for Defendants to seek to have Waymo's response time cut in half simply because Defendants delayed filing their Motion To Compel Arbitration.  Dkt. 95-3   Defendants provided no response to Waymo on this point before they filed their Motion To Shorten Time and still do not.

For the foregoing reasons, Plaintiff requests that the Court deny Defendants' Motion To Shorten Time for Hearing on Defendants' Motion To Compel Arbitration.

DATED:  March 28, 2017              QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                    By   */s/ Charles K. Verhoeven*
                                         Charles K. Verhoeven
                                         Attorneys for Plaintiff Waymo LLC