1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   David A. Perlson (Bar No. 209502)
3  davidperlson@quinnemanuel.com
   Melissa Baily (Bar No. 237649)
4  melissabaily@quinnemanuel.com
   John Neukom (Bar No. 275887)
5  johnneukom@quinnemanuel.com
   Jordan Jaffe (Bar No. 254886)
6  jordanjaffe@quinnemanuel.com
   John W. McCauley (Bar No. 274197)
7  johnmccauley@quinnemanuel.com
   50 California Street, 22nd Floor
8  San Francisco, California 94111-4788
   Telephone:    (415) 875-6600
9  Facsimile:    (415) 875-6700

10 Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| WAYMO LLC, | CASE NO. 3:17-cv-00939-WHA |
|---|---|
| Plaintiff, | **DECLARATION OF JOHN W. MCCAULEY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SHORTEN TIME** |
| vs. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

Case No.3:17-cv-00939-WHA
DECLARATION OF JOHN W. MCCAULEY

I, John W. McCauley, hereby declares as follows.

1. I a member of the bar of the State of California and an associate with Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Waymo LLC ("Waymo"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently to the matters set forth herein. I make this declaration in support of Waymo's Opposition to Uber's Motion to Shorten Time for Hearing on Uber's Motion to Compel Arbitration pursuant to L.R. 6-3(b).

2. Defendants have failed to show that the substantial harm or prejudice that would occur if the Court did not change the time as required by L.R. 6-3(a)(3).

3. Had Defendants filed their Motion To Compel Arbitration in a timely manner, it would have been unnecessary to shorten time for that motion to be briefed and heard to achieve Defendants' purported goal—having their Motion To Compel Arbitration heard before the May 4 preliminary injunction hearing.

4. This is especially true since Defendants' Motion To Compel Arbitration, even if granted, would not moot the May 4 preliminary injunction hearing given that Defendants concede that at least Waymo's patent claims are not arbitrable.

5. Attached hereto as Exhibit A is an email from Jordan Jaffe, counsel for Waymo, sent on March 23, 2017 in response to a March 22, 2017 email from and Arturo González, counsel for Uber, concerning Uber's intention to file a motion to compel arbitration on March 23, 2017 and to seek a hearing "in 4 weeks instead of 5."

6. Had Defendants filed their motion by March 23, the motion could have been heard on April 27, one week before the May 4 preliminary injunction hearing, without the need for an expedited schedule.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: March 28, 2017         */s John W. McCauley*
                              John W. McCauley