MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:     415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN (*Pro Hac Vice* app. pending)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice* app. pending)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:    202.237.2727
Facsimile:     202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>              Defendants. | Case No.       3:17-cv-00939-WHA<br><br>**DECLARATION OF ARTURO J. GONZÁLEZ IN SUPPORT OF DEFENDANTS' JOINT MOTION TO COMPEL ARBITRATION OF, AND TO STAY, TRADE SECRET AND UCL CLAIMS [9 U.S.C. §§ 3, 4]**<br><br>Date:   May 4, 2017<br>Time:  8:00 a.m.<br>Ctrm:   8, 19th Floor<br>Judge: The Honorable William H. Alsup<br><br>Trial Date: October 2, 2017 |

**UNREDACTED VERSION OF DOCUMENT**
**PREVIOUSLY SUBMITTED UNDER SEAL**

I, Arturo J. González, declare as follows:

1. I am a member of the bar of the State of California and a partner with Morrison & Foerster LLP, counsel of record for Defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC in this action. I am admitted to practice before this Court. I submit this declaration in support of Defendants' Joint Motion to Compel Arbitration of, and to Stay, Trade Secret and UCL Claims. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently as to these facts.

2. Google commenced two separate arbitration proceedings on October 28, 2016.

3. The first arbitration demand is directed against two former Google employees, Anthony Levandowski and another employee, and is based on three at-will employment agreements. Attached to this Declaration as **Exhibit 1** is a true and correct copy of Google's October 28, 2016 Arbitration Demand to Anthony Levandowski and [other employee], which includes copies of Levandowski's 2012 and 2009 "At-Will, Employment, Confidential Information, Invention Assignment and Arbitration Agreement[s]," which Google attached to its Arbitration Demand. The 2012 Employment Agreement begins on page 34 of **Exhibit 1**; the 2009 Employment Agreement begins on page 46.

4. The second arbitration demand is directed to Mr. Levandowski alone. It is based on two non-competition and non-solicitation agreements he entered into in 2011 while he was a Google employee. This separate Arbitration Demand asserts a single cause of action for breach of contract. Attached to this Declaration as **Exhibit 2** is a true and correct copy of Google's October 28, 2016 Arbitration Demand to Anthony Levandowski, and the documents Google attached to that Demand.

5. All of the agreements at issue in the two arbitration proceedings contain arbitration provisions. For example, Mr. Levandowski's 2012 at-will employment agreement requires arbitration of "all employment-related disputes," including "any and all controversies, claims, or disputes with anyone . . . arising out of, or relating to, or resulting from [his] employment with the Company or the termination of [his] employment with the Company." (2012 Empl. Agreement, ¶ 14(a), **Exhibit 1**, p. 38.) Similarly, Mr. Levandowski's 2011 non-competition and non-

1  solicitation agreements state that "any claim or dispute arising out of, or related to or in
2  connection with this Agreement" is subject to "binding arbitration." (2011 Non-Competition and
3  Non-Solicitation Agreement, ¶ 9, **Exhibit 2**, p. 35.)
4        6.      This week, Defendants will initiate arbitration proceedings in the same
5  jurisdiction, at JAMS in San Francisco, seeking a declaratory judgment that Waymo's claims that
6  it misappropriated trade secrets and violated the UCL are meritless. Defendants will initiate this
7  arbitration proceeding based upon the broad arbitration provisions in Levandowski's employment
8  agreements with Waymo.
9        I declare until penalty of perjury under the laws of the United States that the foregoing is
10  true and correct. Executed this 27th day of March, 2017, in San Francisco, California.

                                      */s/ Arturo J. González*
                                      Arturo J. González