# EXHIBIT 1

| | |
|---|---|
| **From:** | Gonzalez, Arturo J. <AGonzalez@mofo.com> |
| **Sent:** | Sunday, April 02, 2017 9:26 PM |
| **To:** | John Neukom; David Perlson |
| **Cc:** | Waymo Internal - Attorneys; UberWaymo; Karen Dunn (KDunn@BSFLLP.com); Hamish Hume (hhume@BSFLLP.com); QE-Waymo |
| **Subject:** | Uber's Production |

John,

I write to respond to some of your requests. First, as you know, Mr. Levandowski has separate counsel and they have advised him with respect to his rights. We reviewed and produced any responsive documents from his Uber computer. Second, with respect to the "electronic media" used by Mr. Kshirsagar, Mr. Brown testified that the five documents at issue were downloaded to his Google work computer, which I assume you have. Have you checked it, and are the downloaded documents on his Google computer? Third, the point of my statement to the court was that we were reviewing all of the Uber electronic records that we could find for the three persons referenced in your motion. We have done that, and more. Fourth, we have confirmed that our vendor did not include the metadata in the production. That was an obvious error and we have instructed the vendor to reproduce the documents with the metadata, which I understand they will do tomorrow. Finally, I have instructed my team to gather information responsive to the rest of your questions and to provide that to you in the morning.

Arturo

**From:** John Neukom [mailto:johnneukom@quinnemanuel.com]
**Sent:** Sunday, April 02, 2017 3:11 PM
**To:** Gonzalez, Arturo J.; David Perlson
**Cc:** Waymo Internal - Attorneys; UberWaymo; Karen Dunn (KDunn@BSFLLP.com); Hamish Hume (hhume@BSFLLP.com); QE-Waymo
**Subject:** RE: Today's Production

- External Email -

Dear Arturo,

Is it the case that there is no attorney who represents Defendants who was available for a meeting and confer at any point yesterday (Saturday), and the same is true for today and tonight (Sunday)? On the Waymo side, we remain prepared to have a meet-and-confer at any time this weekend. And we are concerned about the appearance of intentional delay on Defendants' side.

If it is the case that there are no attorneys for Defendants available for a meet-and-confer at any time this weekend, and if you can confirm or represent that, then we will accept your offer of a meet-and-confer tomorrow immediately following the deposition.

Whenever the meet-and-confer does happen—later today, as we again request, or tomorrow after the deposition if that is truly the only time that works on your side—we would also like for Defendants to address the issues below (in addition to the issues identified by David Perlson in his Saturday morning email). These additional issues also relate to Defendants' document production on March 31. If you intend to delay having any meet-and-confer between counsel until tomorrow, we ask in the interim that you provide whatever responsive information you can as soon as possible— even if over email, before a meet-and-confer, in the event that you continue to decline any meet-and-confer until tomorrow. These additional issues are as follows:

1

First, the vast majority of the production is in a format that requires special software in order to view and analyze the files. The file types include, but are not limited to, .asc, .harness, .pcbdoc, .pcblib, .prjpcbstructure, .schdoc, .schlib, .sldprt, and .svn-base. Many of the files do not have a file extension at all. We are unable to view or analyze many of these files without licensed copies of the necessary software, as well as supporting directories and libraries. We request that defendants immediately provide the files themselves and all necessary software, directories, and libraries on two laptops (each with a complete set of the files themselves and the software, directories, and libraries) so that we are able to view the files as defendants' employees would in the normal course of their work.

Second, the produced files are missing metadata and custodian information, and the file names have been deleted and replaced with production numbers. This obviously impairs our ability to determine the source and history of each file, as well as whether the files are Waymo's confidential information. We request that defendants immediately provide a replacement production with all metadata including (but not limited to) custodian, author, date created, and file name.

Third, we are troubled by your description of how defendants searched their systems for Waymo's confidential information. You state that your "search was based on the file names and MD5 hash values" that we provided for the 14,000 files. However, simply searching for these filenames and hash values is not sufficient. The filenames can easily be changed over time  - just as your firm changed the filenames immediately before production. Similarly, MD5 hash values reflect the contents of files, and any modifications to the contents of the file would change the MD5 hash values. Did you search for documents that may contain the contents of the 14,000 files? If so, how? We note that Waymo made the 14,000 files available for inspection on March 22 (see Waymo's Objections and Responses to Notice of Deposition of Tim Willis and Requests for Production, dated 3/22/2017, at 5), but that defendants never once bothered to inspect the files. Particularly in light of your admission that your production is "relatively light," we are very curious as to how defendants could have conducted a reasonable search for documents containing the contents of the downloaded files without ever once reviewing the contents of those files.

Your email also states that your search was based on "additional search terms." What search terms did you use? For each search term, which specific locations did you search? Did you search every shared storage location to which any former Google/Waymo employee has or had access? We note that the Court's March 16 Order required defendants to produce "all subsequent emails, memoranda, PowerPoints, text messages, or notes that have forwarded, used, or referred to any part of said downloaded material. The Court emphasized defendants' obligation at the March 29 hearing. ("If Uber has found – let's just make up a number – 103 emails that reference this stuff, something in the 14,000, they've got to produce it." Tr. 10:10-12.) However, it appears that Uber failed to produce any emails, memoranda, PowerPoints, text messages, or notes. What did you do to search for each of these types of documents? Also, what exactly did your forensics vendor do to examine the Uber computer records of the individuals mentioned in Waymo's motion? Why did you limit your search of employee computer records to these employees and seven others who were "randomly selected"? We also note that the search you say you actually conducted appears to be narrower than the one you represented to the Court that you were conducting, which included a search of "all of our computers for the sorts of information that you referred to." (Tr. 11:16-18.)

Similarly, the Court ordered that "[i]f any part of said downloaded material has been deleted, destroyed, or modified, then defendants shall state the extent thereof and produce all documents bearing on said deletion, destruction, or modification." However, defendants have failed to provide any statement of the extent that Waymo's confidential material has been deleted, destroyed, or modified. Are you representing that none of the downloaded material has been deleted destroyed, or modified? If so, how did you reach that conclusion and what steps did you take to investigate the issue?

We also want to know whether you involved Mr. Levandowski in your search efforts. Obviously he would be knowledgeable about how and where Waymo's confidential information was disseminated among defendants' systems, so we do not believe defendants could have conducted a reasonable search without his involvement. Similarly, please confirm that you involved Mr. Kshirsagar in your search efforts, whom we also understand is still an Uber employee, and that you instructed him to provide the electronic media used to download Waymo's confidential information.

Thank you,
Jay Neukom

---

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Sunday, April 02, 2017 1:09 PM
**To:** David Perlson <davidperlson@quinnemanuel.com>
**Cc:** Waymo Internal - Attorneys <Waymo_Internal_Attorneys@mofo.com>; UberWaymo <UberWaymo@mofo.com>; Karen Dunn (KDunn@BSFLLP.com) <KDunn@BSFLLP.com>; Hamish Hume (hhume@BSFLLP.com) <hhume@BSFLLP.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Today's Production

David,

I will be available to confer in person after the deposition tomorrow morning.

Arturo

Sent from my iPhone

On Apr 2, 2017, at 9:31 AM, David Perlson <davidperlson@quinnemanuel.com> wrote:

> Arturo, we did not hear back on our request for a meet and confer.  We reiterate our request.  Please provide a time (w a little advance notice), between 10 am and 3 pm today when someone on your team is available to discuss.  Given the urgency of the matter, we need to discuss today.
>
> David
>
> **From:** David Perlson
> **Sent:** Saturday, April 01, 2017 12:57 PM
> **To:** 'Gonzalez, Arturo J.' <AGonzalez@mofo.com>
> **Cc:** 'Waymo Internal - Attorneys' <Waymo_Internal_Attorneys@mofo.com>; UberWaymo <UberWaymo@mofo.com>; 'Karen Dunn (KDunn@BSFLLP.com)' <KDunn@BSFLLP.com>; 'Hamish Hume (hhume@BSFLLP.com)' <hhume@BSFLLP.com>; QE-Waymo <qewaymo@quinnemanuel.com>
> **Subject:** RE: Today's Production
>
> Arturo, I got a bounce back as I think you used your internal group email instead of external email as a cc.  Thus, I have included what I think is the correct group email address.  (I believe this has happened a couple times in your emails FYI).
>
> David
>
> **From:** David Perlson
> **Sent:** Saturday, April 01, 2017 12:20 PM
> **To:** 'Gonzalez, Arturo J.' <AGonzalez@mofo.com>
> **Cc:** Waymo Internal - Attorneys <Waymo_Internal_Attorneys@mofo.com>; Karen Dunn (KDunn@BSFLLP.com) <KDunn@BSFLLP.com>; Hamish Hume (hhume@BSFLLP.com) <hhume@BSFLLP.com>; QE-Waymo <qewaymo@quinnemanuel.com>
> **Subject:** RE: Today's Production

3

Arturo,

Your email demonstrates Uber/Otto has willfully violated the Court's March 16 Order Re Expedited Discovery And Related Matters requiring the March 31 production. The order requires that Uber/Otto "produce for inspection all files and documents downloaded by Anthony Levandowski, Sameer Kshirsagar, or Radu Raduta before leaving plaintiff's payroll"; "produce for copying the card reader, thumb drive, or other media used for the downloads, as well as all subsequent emails, memoranda, PowerPoints, text messages, or notes that have forwarded, used, or referred to any part of said downloaded material"; and "[i]f any part of said downloaded material has been deleted, destroyed, or modified, then defendants shall state the extent thereof and produce all documents bearing on said deletion, destruction, or modification." As the Court stated at the hearing, "these documents have got to be produced" pursuant to the March 16 Order. (Tr. 8:18-19.) And the Court repeatedly stated on the record that the order has not changed at all in light of the hearing this past week. (Tr. 8:18-19, 25:24-26:10, 28:6-7, 33:10-12, 36:13-15.)

You state below that that "[a]s I advised Judge Alsup, we have not reviewed any documents or files that belong to Mr. Levandowski personally." But Judge Alsup's response was that Uber has the authority to demand its employees provide discovery in response to the Court's order, and should do so in this case pursuant to the March 16 order, and particularly with respect to Mr. Levandowski's personal computer. (Tr. 12:6-11 ("Uber has the authority to say to its employees, 'If you have anything at home you bring it in here, give it to Mr. González, and he will turn it over to the Court.' You have the authority to do that. And you also have the authority to say, 'And if you don't do that, you're fired.'").) As Uber has represented as recently as yesterday afternoon, Mr. Levandowski is still an Uber employee. (3/31/2017 Arbitration Demand ¶ 12.) Indeed, Uber apparently has no difficulty obtaining documents from Mr. Levandowski when Uber believes they will be helpful in litigation, such Mr. Levandowski's executed copy of his 2012 Employment Agreement that was attached to Uber's Arbitration Demand. (*Id.*, Ex. 1.)

You also seem to be suggesting that Uber/Otto do not intend to provide *any* privilege log before Tuesday, pointing to the Court's March 31 Order regarding the due diligence document. That Order concerning the due diligence document, however, does not excuse Uber/Otto from providing *any* privilege log regarding other documents. Indeed, the Court stated at the hearing "if you've got some privilege log that is due, you've got to comply with the normal rules on privilege logs" and "whenever the privilege log is normally due, you've got to produce that privilege log." (Tr. 26:11-13, 29:2-4.) Paragraph 16 of the Court's Standing Order requires: "Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege." We have been producing logs within 24 hours of production and expect Uber/Otto to do the same.

Please let us know when between 1 and 4 pm today you are available to meet and confer today on this issue as we intend to promptly seek relief for Uber/Otto's violation the Court's Order.

We will follow up separately regarding the documents you did produce and your other comments in relation thereto.

David

4

David Perlson
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Direct: (415) 875-6344
Main Phone: (415) 875-6600
Main Fax:  (415) 875-6700
E-mail: davidperlson@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Friday, March 31, 2017 9:43 PM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** Waymo Internal - Attorneys <Waymo_Internal_Attorneys@mofo.com>; Karen Dunn (KDunn@BSFLLP.com) <KDunn@BSFLLP.com>; Hamish Hume (hhume@BSFLLP.com) <hhume@BSFLLP.com>
**Subject:** Today's Production

Quinn Team,

We will soon be producing documents in compliance with Judge Alsup's order.  As we noted in Court, we do not believe that the Google files at issue were brought to or used by Uber.  Thus, our production will be relatively light.  I want to explain what we did, and what we are producing.  First, we spoke with every Uber employee who works in the autonomous vehicle space and who formerly worked at Waymo or Google.  Second, we retained a forensics vendor to examine the Uber computer records of the three individuals mentioned in your motion.  As you know, one of those individuals no longer works at Uber and left Uber's employment months before this lawsuit was filed.  We also examined (1) Uber's Git system used for autonomous development, and (2) the computer records of seven other randomly selected Uber employees who work in the autonomous vehicle space, and who formerly worked at Google and/or Waymo on Chauffeur or LiDAR.  Our search was based on the file names and MD5 hash values you have provided, and additional search terms.  As a result of these efforts, we were able to locate some documents that may or may not be Google records.  In an abundance of caution, we are producing the documents AEO.  We ask that you tell us (a) whether the documents are Google/Waymo documents, and (b) whether you contend that they are trade secrets.  To the extent that any of the documents are considered by Google/Waymo to be proprietary or trade secret, our preference would be to delete the originals from our client's records.  But we did not want to do that without your knowledge and consent.  Please let us know if you consent to the permanent deletion of any such records.

As I advised Judge Alsup, we have not reviewed any documents or files that belong to Mr. Levandowski personally.

Finally, pursuant to the order issued today by Judge Alsup, Mr. Levandowski has until noon on Tuesday to serve a motion addressing a privilege log. If he does not file such a motion, we will serve our log on Tuesday. If he does, we will await the Court's ruling and produce a log in compliance with whatever ruling the Court might make.

**Arturo J. González**
Chair, Commercial Litigation and Trial Practice Group
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
P: 415.268.7020 | F: 415.276.7020 | C: 415.425.9548
AGonzalez@mofo.com | www.mofo.com

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.