# EXHIBIT 1

**Gonzalez, Arturo J.**

| | |
|---|---|
| **From:** | Ray, Wendy J. |
| **Sent:** | Monday, April 03, 2017 12:19 PM |
| **To:** | John Neukom |
| **Cc:** | QE-Waymo (qewaymo@quinnemanuel.com); UberWaymo; KDunn@BSFLLP.com; hhume@BSFLLP.com |
| **Subject:** | RE: Today's Production |

Dear Jay,

We respond to your remaining comments as follows:

1) The production includes filetypes of files Google claims were misappropriated in their native format. They are the same filetypes your team would have had to analyze to assess Google's trade secret claims. That said, we will provide a computer with the files and necessary software, etc. for you to review at our offices.

2) We searched using the information you provided us—filenames and hash values—plus additional search terms, which I will forward shortly. As you know, we exchanged correspondence requesting the filenames and hash values, noting that we needed this information to search for Google's alleged trade secret files. We also discussed the difficulties with our search during our Rule 26 conference. At no point during our discussions did you indicate that you were making the files available for inspection or that you believed it would be essential for us to view the contents of the 14,000 files to aid our search. We are working in good faith to search for any alleged trade secrets. If Google wants prompt return of its materials (if any exist), we would appreciate your assistance in our search process since Google knows its files and can offer the best guidance on what specifically to search for. We would be happy to consider specific searches that you believe should be conducted.

3) We searched the entire Git repository (Uber's engineering and source code repository), the computers and emails of the 10 custodians, and anything created or accessible by the 10 custodians on Google Drive. The March 16 order states that "defendants shall produce for inspection all files and documents downloaded by Anthony Levandowski, Sameer Kshirsagar, or Radu Raduta." Defendants went beyond this scope by adding 7 custodians. The data for these 10 custodians totaled 12 TB and was all that could be processed and searched before the March 31 deadline. We also searched Sameer Kshirsagar's personal phone. Mr. Kshirsagar assisted in our searching.

4) The list of 14,000 files is overly broad. It contains routine output files that are generated when engineering software is used with filenames such as "standard," library files, standard software demo files and empty, zero byte files. The overly broad and generic nature of this information makes deletion analysis incredibly burdensome and the results meaningless, as the findings will contain information about files that have no relationship to anything originating from Google/Waymo.

5) Finally, we are willing to confer on a privilege log, but at this point the only references to the 14,000 files are in privileged communications that post-date the filing of this lawsuit. As you know, such communications are not generally logged. We are willing to log any relevant privileged communications pertaining to the acquisition but may have the same Fifth Amendment considerations that were raised in court last week. We have instructed our team to log those communications.

1