MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**DECLARATION OF DAVID MEALL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:　May 3, 2017<br>Time:　7:30 a.m.<br>Ctrm:　8<br>Judge:　Honorable William Alsup<br><br>Trial Date: October 2, 2017 |

I, David Meall, declare as follows:

1. I have been an employee of Uber Technologies, Inc. ("Uber") since November 4, 2013. I make this declaration in support of Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction and have personal knowledge of the facts stated herein.

2. Prior to Uber, I had worked in human resources, engagement, and talent development for over 10 years. From September 2009 to October 2013, I worked as the Principal Technical Recruiter for Talent Pulse. During that time, I also worked as a Recruiting Consultant for Scopely (from September 2012 to June 2013), Hulu (from February 2012 to September 2012), and Microsoft (from February 2011 to February 2012). From February 2007 to September 2009, I worked as a Senior Technical Recruiter for iMatch Technical Services.

3. When I first joined Uber in November 2013, I worked as a Technical Recruiter for Uber. Over the next three years, I was promoted to Senior Technical Recruiting Lead, then Recruiting Manager, then Senior Recruiting Manager.

4. In approximately July 2016, I became the Senior Recruiting Manager supporting Uber's Advanced Technologies Group (ATG) in Pittsburgh, Pennsylvania. Since then, I have been responsible for the aspects of human resources at ATG related to recruitment, hiring, and on-boarding of new employees, and implementing ATG's related company policies. As part of my responsibilities, I also have access to employee personnel files, including the forms that document recruiting and hiring processes at ATG.

5. All employees working in ATG are employees of Uber, and ATG applies the same Uber measures against an employee's retention of confidential information from a former employer starting from the offer process. The offer letter requires an offeree to represent and warrant that he or she will not bring any confidential information from his or her former employer to Uber:

> You represent and warrant to the Company that you are under no obligations or commitments, whether contractual or otherwise, that are inconsistent with your obligations under this Agreement. In connection with your Employment, you shall not use or disclose any trade secrets or other proprietary information or intellectual property in which you or any other person has any right, title or interest and your Employment will not infringe or violate the rights

MEALL DECL. ISO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION PRELIMINARY INJUNCTION
Case No. 3:17-cv-00939-WHA
sf-3756846

1

of any other person. You represent and warrant to the Company that you have returned all property and confidential information belonging to any prior employer.

6. Attached as Exhibit A is a true and correct copy of an exemplar offer letter from ATG.

7. A new ATG employee is also required to complete and execute a Confidential Information and Invention Assignment Agreement ("CIIAA"). Each ATG employee makes the following representations in his or her CIIAA:

> I represent that my performance of all the terms of this Agreement does not and will not breach any agreement I have entered into, or will enter into, with any third party, including without limitation any agreement to keep in confidence proprietary information or materials acquired by me in confidence or in trust prior to or during the Relationship. I will not disclose to the Company or use any inventions, confidential or non-public proprietary information or material belonging to any previous client, employer or any other party. I will not induce the Company to use any inventions, confidential or non-public proprietary information, or material belonging to any previous client, employer or any other party. I acknowledge and agree that I have listed on Exhibit A all agreements (e.g., non-competition agreements, non-solicitation of customers agreements, non-solicitation of employees agreements, confidentiality agreements, inventions agreements, etc.), if any, with a current or former client, employer, or any other person or entity, that may restrict my ability to accept employment with the Company or my ability to recruit or engage customers or service providers on behalf of the Company, or otherwise relate to or restrict my ability to perform my duties for the Company or any obligation I may have to the Company. I agree not to enter into any written or oral agreement that conflicts with the provisions of this Agreement.

8. Attached as Exhibit B is a true and correct copy of an exemplar CIIAA from ATG.

9. I have never worked for Google. I have never used any Google or Waymo information during my employment at Uber and before this lawsuit, I had never heard of the 14,000 files allegedly downloaded by Anthony Levandowski. I have never seen any evidence of any use of Google or Waymo information during my employment at Uber.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of April, 2017, at Pittsburgh, Pennsylvania.

David Meall

MEALL DECL. ISO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION PRELIMINARY INJUNCTION
Case No. 3:17-cv-00939-WHA
sf-3756846

2