# EXHIBIT 4

# FILED UNDER SEAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

_______________________________

WAYMO LLC,

Plaintiff,

vs.

UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,

Defendants.

_______________________________

Case No. 3:17-cv-00939-WHA

OUTSIDE ATTORNEYS' EYES ONLY
VIDEOTAPED DEPOSITION OF TIM WILLIS
San Francisco, California
Thursday, March 23, 2017
Volume I

Reported by: SUZANNE F. GUDELJ
CSR No. 5111
Job No. 2576518
PAGES 1 - 105

but that's if -- assuming that you're networked, right?

MS. BAILEY: Object to form.

THE WITNESS: During that period, I'm not aware of him not having access to the network. 11:24:10

BY MR. MUINO:

Q And what if he's reading documents away from the office?

A He could WiFi at home.

Q Have you exported documents to your devices? 11:24:22

A Yes, I have.

Q How frequently do you export documents to your devices for your work?

A Not frequently. Rarely. 11:24:38

Q But you've done it before?

A Yes.

Q And why did you do it on those occasions?

A If I needed to communicate with a supplier, maybe a contract where I'm revising it; or they're 11:24:47 sending me a presentation, but I don't have to download -- I mean, it's downloaded from email, but only if I -- typically only if I'm exchanging with the supplier information. Red line documents, those type of things that somebody needs to use, Excel or 11:25:06

OUTSIDE ATTORNEYS' EYES ONLY

Q They presumably have their own websites? 12:30:13

Page 87

Veritext Legal Solutions
866 299-5127

A Yes.
Q They're not exclusive to Google Waymo?
A No.
[redacted]
Q Looking at this list, do you know if Uber uses some or all of these vendors?
A I wouldn't know. 12:31:12
Q Have you ever spoken with any vendor about its doing business with Uber?
A Yes.
Q And on what occasion --
A A vendor approached me -- 12:31:24
Q -- was that?
[redacted] to let me know that they were planning on -- or that Uber had reached out to them to do business with them.
Q When did that occur? 12:31:37

BY MR. MUINO:

Q In your experience, do Google employees, former Google employees, after they leave the company, ever get consulted in connection with their work? Is there any follow-up to ask them questions 12:59:55 pertinent to their former work?

MS. BAILEY: Object to form.

THE WITNESS: Not that I'm aware of.

BY MR. MUINO:

Q Do you know if after Mr. Kshirsagar left, 01:00:07 anyone contacted him to ask him questions about his prior work?

A I never reached out to him, no.

Q How about Mr. Raduta?

A I never reached out to him. 01:00:18

Q Now, you don't have any information that Uber is using any of Waymo or Google's trade secrets, do you?

MS. BAILEY: Object to form.

THE WITNESS: No. 01:00:41

BY MR. MUINO:

Q And you may be aware there's an allegation that 14,000, approximately, documents were misappropriated. That's an allegation in this case. You don't have any information that Uber is using 01:00:58

I, the undersigned, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were duly sworn; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is a true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [ ] was [X] was not requested.

I further, certify I am neither financially interested in the action nor a relative or employee of any attorney or party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated:3/24/17

SUZANNE F. GUDELJ

CSR No. 5111