# EXHIBIT A

Case 3:17-cv-00939-WHA   Document 187   Filed 04/07/17   Page 1 of 5

**280 SYSTEMS, INC.**

January 26, 2016

Asheem Linaval
Email Delivery

Dear Asheem:

  280 Systems, Inc. (the "*Company*") is pleased to offer you employment on the following terms:

  **1.**  **Position.** Your initial title will be **Hardware Engineer.** This is a full-time position. You will initially be based on in the Company's San Francisco office. Future office locations and allowances for flexible work arrangements will be considered in the sole discretion of the Company. While you render services to the Company, you will not engage in any other employment, consulting or other business activity (whether full-time or part-time) that would create a conflict of interest with the Company or that is in any way competitive with the business or proposed business of the Company, nor will you assist any other person or organization in competing with the Company or in preparing to engage in competition with the business or proposed business of the Company. **Company does not want you to, and hereby directs that you must not, bring to Company, or otherwise use in connection with performing any services on behalf of the Company, any intellectual property rights or other proprietary or confidential material or information of any former employer or other third party. Accordingly, by signing this Offer Letter you represent and warrant that you will not bring to Company, or otherwise use in connection with performing any services on behalf of the Company, any intellectual property rights or other proprietary or confidential material or information of any former employer or other party.** By signing this letter agreement, you confirm to the Company that you have no contractual commitments or other legal obligations that would prohibit you from performing your duties for the Company.

  **2.**  **Base Salary.** The Company will pay you a starting salary at the rate of ▮▮▮ **per year** payable in accordance with the Company's standard payroll schedule. This salary will be subject to adjustment pursuant to the Company's employee compensation policies in effect from time to time.

  **3.**  **Employee Benefits.** As a regular employee of the Company, you will be eligible to participate in a number of Company-sponsored benefits.

  **4.**  **Restricted Stock.** Subject to the approval of the Board, you will be given the opportunity to purchase fifty thousand (50,000) shares of the Company's Common Stock (the "*Shares*"). The purchase price per share of the Shares will be the fair market value of the Company's Common Stock, as determined by the Board on the date the Board approves such purchase. The Shares will be subject to the terms and conditions applicable to restricted stock granted under the Company's 2016 Equity Incentive Plan (the "*Plan*") and will be subject to a lapsing right of repurchase by the Company on any unvested shares at the original purchase price of such shares as described in the Plan and the applicable Restricted Stock Purchase Agreement

(the "**Stock Purchase Agreement**"). The Stock Purchase Agreement will provide that the repurchase right of the Company will lapse as to (i) 25% of the Shares upon the 12 month anniversary of your continuous service with the Company, and (ii) the balance of the Shares in equal monthly installments over the next 36 months of your continuous service. For all purposes applicable to the right of repurchase, your service will include service as an employee or consultant.

5. **Confidentiality; Proprietary Information and Inventions Agreement.** Like all Company employees, you will be required, as a condition of your employment with the Company, to sign the Company's standard Employee Invention Assignment and Confidentiality Agreement. We wish to impress upon you that we do not want you to, and we hereby direct you not to, bring with you any confidential or proprietary material of any former employer or to violate any other obligations you may have to any former employer. You will disclose to the Company in writing any other gainful employment, business or activity that you are currently associated with or participate in that competes with the Company.

6. **Employment Relationship.** Employment with the Company is for no specific period of time. Your employment with the Company will be "at will," meaning that either you or the Company may terminate your employment at any time and for any reason, with or without cause. Any contrary representations that may have been made to you are superseded by this letter agreement. This is the full and complete agreement between you and the Company on this term. Although your job duties, title, compensation and benefits, as well as the Company's personnel policies and procedures, may change from time to time, the "at will" nature of your employment may only be changed in an express written agreement signed by you and a duly authorized officer of the Company (other than you).

7. **Tax Matters.**

    (a) **Withholding.** All forms of compensation referred to in this letter agreement are subject to reduction to reflect applicable withholding and payroll taxes and other deductions required by law.

    (b) **Tax Advice.** You are encouraged to obtain your own tax advice regarding your compensation from the Company. You agree that the Company does not have a duty to design its compensation policies in a manner that minimizes your tax liabilities, and you will not make any claim against the Company or the Board related to tax liabilities arising from your compensation.

8. **Authorization to Work.** Please note that because of employer regulations adopted in the Immigration Reform and Control Act of 1986, within three (3) business days of starting your new position you will need to present documentation demonstrating that you have authorization to work in the United States. If you have questions about this requirement, which applies to U.S. citizens and non-U.S. citizens alike, please let us know.

9. **Interpretation, Amendment and Enforcement.** This letter agreement supersedes and replace any prior agreements, representations or understandings (whether written, oral, implied or otherwise) between you and the Company and constitutes the complete agreement between you and the Company regarding the subject matter set forth herein. This letter agreement may not be amended or modified, except by an express written agreement signed by both you and a duly authorized officer of the Company. The terms of this letter

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**

agreement and the resolution of any disputes as to the meaning, effect, performance or validity of this letter agreement or arising out of, related to, or in any way connected with, this letter agreement, your employment with the Company or any other relationship between you and the Company (the "*Disputes*") will be governed by California law, excluding laws relating to conflicts or choice of law.  You and the Company submit to the exclusive personal jurisdiction of the federal and state courts located in California in connection with any Dispute or any claim related to any Dispute.

* * * * *

We hope that you will accept our offer to join the Company. You may indicate your agreement with these terms and accept this offer by signing and dating both the enclosed duplicate original of this letter agreement and the enclosed Employee Invention Assignment and Confidentiality Agreement and returning them to me by email at Rhian.Morgan815@gmail.com. This offer, if not accepted, will expire at the close of business on Wednesday January 27, 2016. Your employment is also contingent upon your starting work with the Company on or before January 29, 2016.

If you have any questions, please call me at (510) 502-2238.

Very truly yours,

Rhian Morgan, HR Lead

280 SYSTEMS, INC.

I have read and accept this employment offer.

_____
Asheem Linaval

Dated: 27 JAN 2016