QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa J. Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>          Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S RESPONSE TO THE COURT'S APRIL 4, 2017 ORDER RE ARBITRATION AGREEMENT (DKT. 142)** |

1    Plaintiff Waymo LLC files this Response to the Court's Order to make a statement under oath
2 regarding whether Waymo LLC, Waymo Holding, Inc., Google Inc. and/or Alphabet Inc. have ever
3 demanded an arbitration despite not being a signatory to the relevant contract(s) containing the
4 asserted arbitration clause(s).

5    In response to the Court's Order, please find attached two declarations, one from Thomas Lue
6 and another from William Berry.

7    The declaration of Mr. Berry discloses four matters that arguably are responsive to the Court's
8 Order. That said, Waymo does not believe they are relevant to the captioned case, nor to Defendants'
9 pending motion to compel. That is for a few reasons.

10   First, the only historical scenarios that are potentially responsive to the Court's Order pertain
11 to Google Inc., and/or Alphabet Inc. Neither of those entities is a party to this lawsuit.

12   Second, in Defendants' motion to compel, they argue that this Court should compel arbitration
13 of claims between a collection of parties (the named parties to this case) on the basis of an arbitration
14 clause that is contained in agreement(s) to which **none** of the named parties was a signatory. That kind
15 of scenario—asserting a contractual arbitration clause to cover litigation claims between parties, when
16 none of the parties is a signatory to the relevant contract—is nowhere present in the history of Waymo
17 LLC, Waymo Holding, Google or Alphabet.

18   Third, the specifics of the four scenarios disclosed by Mr. Berry support their non-relevance.
19 In the **DoubleClick** matter, Google Inc. served an arbitration demand pursuant to a contract with an
20 arbitration clause, despite Google Inc. not having signed that contract. And yet Google had acquired
21 (and was expressly labeled the successor-in-interest of) the contract signatory. Thus, while Google
22 was not a signatory to the contract containing the arbitration clause, Google as the successor-in-
23 interest on the contract was entitled to assert its terms. No such circumstances are present in this case.

24   Likewise, in the **Abreu** matter, Google Inc. moved to compel arbitration. And yet Google did
25 so as the acquirer and successor-in-interest of the co-defendant (Slide, Inc.), whose Terms of Use
26 included the relevant arbitration clause. Thus, while Google was not a "signatory" to the contract
27 containing the arbitration clause, it was the owner and successor of the contract signatory. That is not
28 the case here.

In the **RIM/BlackBerry** scenario, Google Inc. again was not a "signatory" to the relevant contract, and yet again Google had acquired an entity ("MMI") that was a party to and/or entitled to express license rights under the contract. That is not the case here.

Finally, in the **Hart** lawsuit, Google Inc. was not a signatory to the contract pursuant to which arbitration was demanded. And yet, in that case, **all parties** to the dispute (including the named plaintiff(s) and the co-defendant, the party that was a signatory to the contract containing an arbitration clause) agreed that arbitration was proper. Indeed, the named plaintiff(s) **and** Google's co-defendant filed motions to compel arbitration. After those motions to compel arbitration were filed, Google for its part filed a motion to dismiss or stay the lawsuit. In doing so, Google submitted certain arguments regarding an alleged joint-employer's rights to enforce an arbitration clause entered into by the other alleged joint-employer. But those facts are far afield from the present case.

DATED: April 10, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for WAYMO LLC