1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
       Charles K. Verhoeven (Bar No. 170151)
2      charlesverhoeven@quinnemanuel.com
       David A. Perlson (Bar No. 209502)
3      davidperlson@quinnemanuel.com
       Melissa Baily (Bar No. 237649)
4      melissabaily@quinnemanuel.com
       John Neukom (Bar No. 275887)
5      johnneukom@quinnemanuel.com
       Jordan Jaffe (Bar No. 254886)
6      jordanjaffe@quinnemanuel.com
    50 California Street, 22nd Floor
7   San Francisco, California 94111-4788
    Telephone:     (415) 875-6600
8   Facsimile:     (415) 875-6700

9   Attorneys for WAYMO LLC

10                      UNITED STATES DISTRICT COURT

11        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12
    WAYMO LLC,                              CASE NO. 3:17-cv-00939-WHA
13
                   Plaintiff,               **DECLARATION OF THOMAS S. LUE IN**
14                                           **RESPONSE TO THE COURT'S APRIL 4,**
            vs.                              **2017 ORDER RE ARBITRATION**
15                                           **AGREEMENT (DKT. 142) ON BEHALF**
    UBER TECHNOLOGIES, INC.;                 **OF WAYMO LLC AND WAYMO**
16  OTTOMOTTO LLC; OTTO TRUCKING            **HOLDING INC.**
    LLC,
17
                   Defendants.
18

19

20

21

22

23

24

25

26

27

28

1    I, Thomas S. Lue, declare the following under the penalty of perjury:

2    1.    I make this declaration based on personal, firsthand knowledge and/or on a

3    reasonable investigation of the legal affairs and activities of Waymo LLC and Waymo Holding

4    Inc.  If called and sworn as a witness, I could and would testify competently as follows.

5    2.    I am admitted to practice law in California and New York, and have been a member

6    of the California Bar in good standing since I was first admitted in 2015.

7    3.    I am currently Deputy General Counsel of Waymo LLC, where I am responsible

8    for overseeing regulatory and litigation matters for the company.  I have been employed by, and

9    providing legal services to Waymo LLC since it began operations in January 2017.

10   4.    I make this declaration pursuant to and in response to the Court's April 4, 2017,

11   Order Re Arbitration Agreement (Docket No. 142, "**Court's April 4 Order**").

12                          **The Court's April 4, 2017, Order**

13   5.    I have read and reviewed the Court's April 4 Order, which I understand ordered,

14   among other things, that:

> [P]laintiff Waymo LLC shall state under oath whether it, Waymo Holding Inc.,
> Google Inc., or Alphabet Inc. has ever demanded arbitration against an adverse party
> on the ground that the adverse party was bound by an arbitration agreement even
> though Waymo, Waymo Holding, Google, or Alphabet was not actually a signatory
> to said agreement. If so, then plaintiff shall also produce copies of the previous
> arbitration agreement(s) and demand(s) involved. Again, this is not limited to filings
> made in a court but also extends to letters and emails.

19   6.    I have also read and reviewed the complaint filed by Waymo LLC in this matter on

20   February 23, 2017 (Docket No. 1) and the first amended complaint it filed on March 10, 2017

21   (Docket No. 23).  Based on that review, I understand that Waymo LLC is asserting claims in this

22   lawsuit against three defendants: (1) Uber Technologies, Inc., (2) Ottomotto LLC and (3) Otto

23   Trucking LLC.   I refer to these three defendants collectively as "Defendants" in this declaration.

24   7.    Waymo Holding Inc., Google Inc., and Alphabet Inc. are not parties to this action

25   (Waymo LLC is the only named plaintiff).  Nonetheless, the Court's April 4 Order requires that

26   Waymo LLC provide information with respect to non-parties Waymo Holding Inc., Google Inc.,

27   and Alphabet Inc.  Accordingly, as part of Waymo LLC's and my efforts to respond to the Court's

28   April 4 Order and make this declaration, I took the investigative steps described in this declaration

1  to receive and compile responsive information with respect to Waymo LLC as well as with respect

2  to non-party Waymo Holding Inc.  In addition, I took steps to ensure that the accompanying

3  Declaration of William G. Berry was filed contemporaneously with this declaration so that

4  information with respect to non-parties Google Inc. and Alphabet Inc. was also provided to the

5  Court.

6          8.      The responsive information with respect to non-party Waymo Holding Inc. is

7  provided voluntarily in order to enable Waymo LLC to provide a full and complete response to the

8  Court's April 4, 2017 Order.  Nonetheless, I respectfully ask the Court to reserve all rights of non-

9  party Waymo Holding Inc. to argue in other contexts that certain other information and documents

10 (not covered by this declaration) may not necessarily be accessible through requests directed at

11 Waymo LLC.

12         9.      In addition, although this declaration and the responsive information set forth

13 herein contain information related to the legal affairs and activities of Waymo LLC and non-party

14 Waymo Holding Inc., the disclosure of such information is not intended to waive any privilege,

15 including the attorney-client privilege, work product immunity doctrine, common interest

16 privilege, or any other applicable privilege, immunity, or restriction on discovery.

17                       **Defendants' Motion To Compel Arbitration**

18         10.     I have read and reviewed the publicly-filed redacted versions of the

19 Defendants'  motion to compel arbitration and supporting materials (Docket No. 115,

20 "Defendants' Motion to Compel Arbitration").  Based on that review, I understand that

21 Defendants seek to compel arbitration of the dispute between the named parties in this case

22 (namely, plaintiff Waymo LLC, and defendants Uber Technologies, Inc., Ottomotto LLC and Otto

23 Trucking LLC), based on an arbitration clause in a certain written agreement or agreements

24 between Google Inc. and certain individuals, ***although none of the parties to the arbitration***

25 ***agreements are named as parties in the present lawsuit***.

26                   **Waymo LLC's Response to the Court's April 4 Order**

27         11.     To respond to the Court's April 4 Order, I met and discussed the question with

28 Kevin Vosen, the General Counsel of Waymo LLC, who is responsible for overseeing all legal

matters involving Waymo LLC.  Mr. Vosen has been employed by Waymo LLC since it began operations in January 2017 and has been providing legal services in connection with Waymo LLC since it was formed as a corporate entity in August 2016.  Together as General Counsel and Deputy General Counsel, respectively, Mr. Vosen and I have been involved in and are familiar with every legal matter involving Waymo LLC since it was formed in August 2016 and began operations in January 2017.

12.     Mr. Vosen and I found no evidence that (and otherwise are not aware of any instances in which) Waymo LLC "has ever demanded arbitration [by court filing, letter, email, or otherwise] against an adverse party on the ground that the adverse party was bound by an arbitration agreement even though [Waymo LLC was] not actually a signatory to said agreement."

13.     In addition, Mr. Vosen and I found no evidence (and otherwise are not aware of any instances in which) Waymo LLC has ever demanded arbitration (by court filing, letter, email, or otherwise) of a dispute on the basis of an arbitration provision in an agreement when ***none*** of the parties to the dispute was a signatory to that agreement (which, as I understand it, is the position that Defendants have asserted in their Motion to Compel Arbitration).

**Response to the Court's April 4 Order With Respect To Waymo Holding Inc.**

14.     Waymo Holding Inc. is not a party to this case.  As of the date of this declaration, it is the managing and sole member of Waymo LLC.  To respond to the Court's April 4 Order and determine whether Waymo Holding Inc. "has ever demanded arbitration against an adverse party on the ground that the adverse party was bound by an arbitration agreement even though [Waymo Holding Inc. is] not actually a signatory to said agreement," I met and discussed the question with Mr. Vosen, as General Counsel of Waymo LLC, and an attorney member of Google Inc.'s in-house legal department involved in the corporate formation of Waymo LLC and Waymo Holding Inc.

15.     Mr. Vosen and I found no evidence that (and otherwise are not aware of any instances in which) Waymo Holding Inc. "has ever demanded arbitration [by court filing, letter, email, or otherwise] against an adverse party on the ground that the adverse party was bound by an

1  arbitration agreement even though [Waymo Holding Inc. was] not actually a signatory to said

2  agreement."

3      16.     Furthermore, Mr. Vosen and I found no evidence (and otherwise are not aware of

4  any instances in which) Waymo Holding Inc. has ever demanded arbitration (by court filing, letter,

5  email, or otherwise) of a dispute on the basis of an arbitration provision in an agreement between

6  parties when **none** of the parties to the dispute was a signatory to that agreement (which, as I

7  understand it, is the position that Defendants have asserted in their Motion to Compel Arbitration).

8      I declare under penalty of perjury under the laws of the State of California that the

9  foregoing is true and correct.

10

11  DATED:  April 10, 2017

          Thomas S. Lue

12

13

14

15

16

17                  **SIGNATURE ATTESTATION**

18      Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the

19  filing of this document has been obtained from Thomas S. Lue.

20

21              */s/ Charles K. Verhoeven*
                Charles K. Verhoeven

22

23

24

25

26

27

28