QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF WILLIAM G. BERRY IN RESPONSE TO THE COURT'S APRIL 4, 2017 ORDER RE ARBITRATION AGREEMENT (DKT. 142) ON BEHALF OF GOOGLE INC. AND ALPHABET INC.** |

I, William G. Berry, declare the following under the penalty of perjury.

1. I make this declaration based on personal, firsthand knowledge and/or on a reasonable investigation of the legal affairs and activities of Google Inc. and Alphabet Inc. If called and sworn as a witness, I could and would testify competently as follows.

2. I am admitted to practice law in California, and have been a member of the California Bar in good standing since I was first admitted in March 2000.

3. I am currently Senior Litigation Counsel for Google Inc. and head of the general litigation team in Google Inc.'s in-house legal department, where I have been employed by, and providing legal services to, Google, Inc. since April 2012.

4. I make this declaration pursuant to and in response to the Court's April 4, 2017, Order Re Arbitration Agreement (Docket No. 142, "**Court's April 4 Order**").

## The Court's April 4, 2017, Order

5. I have read and reviewed the Court's April 4 Order, which I understand ordered, among other things, that:

> [P]laintiff Waymo LLC shall state under oath whether it, Waymo Holding Inc., Google Inc., or Alphabet Inc. has ever demanded arbitration against an adverse party on the ground that the adverse party was bound by an arbitration agreement even though Waymo, Waymo Holding, Google, or Alphabet was not actually a signatory to said agreement. If so, then plaintiff shall also produce copies of the previous arbitration agreement(s) and demand(s) involved. Again, this is not limited to filings made in a court but also extends to letters and emails.

6. I have also read and reviewed the complaint filed by Waymo LLC in this matter on February 23, 2017 (Docket No. 1) and the first amended complaint it filed on March 10, 2017 (Docket No. 23). Based on that review, I understand that Waymo LLC is asserting claims in this lawsuit against three defendants: (1) Uber Technologies, Inc., (2) Ottomotto LLC and (3) Otto Trucking LLC. I refer to these three defendants collectively as "Defendants" in this declaration.

7. Waymo Holding Inc., Google Inc., and Alphabet Inc. are not parties to this action. (Waymo LLC is the only named plaintiff.) Nonetheless, the Court's April 4 Order requires that Waymo LLC provide information with respect to non-parties Waymo Holding Inc., Google Inc., and Alphabet Inc. Accordingly, I make this declaration to voluntarily provide information in response to the Court's April 4 Order with respect to non-parties Google Inc. and Alphabet

Inc. The information set forth herein with respect to non-parties Google Inc. and Alphabet Inc. is provided voluntarily in order to enable Waymo LLC to provide a full and complete response to the Court's April 4, 2017 Order. Nonetheless, I respectfully ask the Court to reserve all rights of non-parties Google Inc. and Alphabet Inc. to argue in other contexts that certain other information and documents (not covered by this declaration) may not necessarily be accessible through requests directed at Waymo LLC.

8. In addition, although this declaration and the responsive information set forth herein contain information related to the legal affairs and activities of Google Inc. and Alphabet Inc., the disclosure of such information is not intended to waive any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

### Defendants' Motion To Compel Arbitration

9. I have read and reviewed the publicly-filed redacted versions of the Defendants' motion to compel arbitration and supporting materials (Docket No. 115, "**Defendants' Motion to Compel Arbitration**"). Based on that review, I understand that Defendants seek to compel arbitration of the dispute between the named parties in this case (namely, plaintiff Waymo LLC, and defendants Uber Technologies, Inc., Ottomotto LLC and Otto Trucking LLC), based on an arbitration clause in a certain written agreement or agreements between Google Inc. and certain individuals, *although none of the parties to the arbitration agreements are named as parties in the present lawsuit*.

### Response To Court's April 4 Order With Respect To Google Inc.

10. Google Inc. is not a party to this case. As of the date of this declaration, it is the parent company of Waymo Holding Inc. To respond to the Court's April 4 Order and determine if Google Inc. "has ever demanded arbitration against an adverse party on the ground that the adverse party was bound by an arbitration agreement even though [Google Inc. was] not actually a signatory to said agreement," I undertook an investigation that entailed surveying the following in-house attorneys employed by Google Inc. to consider and respond to the Court's question and provide any responsive or possibly responsive information:

     a.    attorney members of Google Inc.'s in-house litigation teams;

     b.    attorney managers of Google Inc's copyright, trademark, information security, competition, and corporate legal teams;

     c.    attorney managers of Google Inc.'s regional legal teams;

     d.    Google Inc.'s director of litigation; and

     e.    Google Inc.'s vice president and deputy general counsel.

11. Based on the results of that investigation, I found the following evidence that may be responsive to the Court's question whether Google Inc. "has ever demanded arbitration [by court filing, letter, email, or otherwise] against an adverse party on the ground that the adverse party was bound by an arbitration agreement even though [Google Inc. was] not actually a signatory to said agreement":

     a.    In November 2008, Google Inc. submitted a demand for arbitration to the International Chamber of Commerce to resolve a dispute with DoubleClick Japan, Inc. Google Inc. asserted its demand for arbitration as a successor-in-interest to DoubleClick, Inc., which Google Inc. acquired in March 2008 and which was subsequently merged into Google Inc. in May 2008. Google Inc.'s arbitration demand was based on an arbitration provision in a 2002 agreement between DoubleClick Japan, Inc. and DoubleClick, Inc. Attached hereto are true and correct copies of: (1) the underlying 2002 agreement between DoubleClick Japan, Inc. and DoubleClick, Inc. (**Exhibit A**) and (2) Google Inc.'s 2008 demand for arbitration (**Exhibit B**).

     b.    In April 2012, co-defendants Slide, Inc. and Google Inc. filed a joint motion to compel arbitration in this Court in *Abreu v. Slide, Inc. and Google Inc.*, Case No. CV12-00412-WHA (N.D. Cal.), a class action lawsuit related to "SuperPoke! Pets," an online game provided by Slide, Inc., a company Google acquired in August 2010. The motion to compel arbitration was based on an arbitration provision in the "Terms of Use" agreement between Slide, Inc. and the named plaintiff, an alleged user of the SuperPoke! Pets game. After the plaintiff filed an amended complaint in May 2012, Google Inc. and Slide, Inc. filed another joint motion to compel arbitration in June 2012, which the Court granted in

July 2012.  Because Google Inc. had acquired Slide, Inc. prior to the lawsuit and prior to the arbitration demands, the question of whether Google Inc. could demand arbitration along with its co-defendant Slide, Inc. based on the Terms of Use agreement between Slide, Inc. and the named plaintiff was not raised in the motions to compel arbitration or the Court's order.  Attached hereto as Exhibits C, D, and E are are true and correct copies of: (1) the underlying Terms of Use agreement (**Exhibit C**); (2) the motion to compel arbitration filed by Google Inc. and Slide Inc. in April 2012 (**Exhibit D**); and (3) the motion to compel arbitration filed by Google Inc. and Slide Inc. in June 2012 (**Exhibit E**).

   c. In May 2015, Google Inc. submitted a demand for arbitration to JAMS (New York) to resolve a dispute with Research in Motion Limited ("RIM") (sometimes referred to as "BlackBerry"), based on an arbitration provision in a 2011 patent cross license agreement between RIM and Motorola Mobility, Inc. ("MMI"). Google Inc. had acquired MMI in May 2012 and pursuant to the terms of the 2011 patent cross license agreement, was authorized to elect to assume the obligations of MMI under the agreement, which it formerly did through letter notice to RIM in August 2012.  Google Inc. is prepared to voluntarily file under seal true and correct copies of: (1) the 2011 patent cross license agreement between RIM and MMI; (2) the August 2012 letter notice from Google Inc. to RIM; and (3) Google Inc.'s 2015 arbitration demand. However, each of these documents is confidential and to the best of my knowledge none of them has been disclosed publicly.

   d. In April 2016, Google Inc. filed a motion to dismiss (or, in the alternative, a motion to stay) in *Hart, et al. v. ITC Service Group, Inc. et al*, Case No. 4:15-cv-00599-DGK (W.D. Mo.), an employment class action lawsuit filed against Google Inc. and its vendor, ITC Service Group, Inc. (as well as certain individual managers employed by ITC Service Group, Inc., collectively, the "ITC Defendants"). Google Inc.'s motion followed a December 2015 motion filed by the ITC Defendants to compel arbitration (based on one set of agreements between the ITC Defendants and the three named plaintiffs) and a January 2016 motion filed by the plaintiffs (based on another set of agreements between

1   the ITC Defendants and the three named plaintiffs).  Attached hereto as Exhibits F and G
2   are true and correct copies of: (1) the underlying agreements  between the ITC Defendants
3   and the three named plaintiffs (**Exhibit F**) and (2) Google Inc.'s motion to dismiss
4   (**Exhibit G**).

5   12.   Furthermore, based on the results of my investigation, I found no evidence (and
6   otherwise am not aware of any instances in which) Google Inc. has ever demanded arbitration (by
7   court filing, letter, email, or otherwise) of a dispute on the basis of an arbitration provision in an
8   agreement between parties when *none* of the parties to the dispute was a signatory to that
9   agreement (which, as I understand it, is the position that Defendants have asserted in their Motion
10  to Compel Arbitration).

**Response To Court's April 4 Order With Respect To Alphabet Inc.**

13.   Alphabet Inc. is not a party to this case. It is the parent company of Google Inc. To respond to the Court's April 4 Order and determine if Alphabet Inc. "has ever demanded arbitration against an adverse party on the ground that the adverse party was bound by an arbitration agreement even though [Google Inc. was] not actually a signatory to said agreement", a member of Google Inc.'s in-house legal department contacted the Chief Legal Officer of Alphabet Inc. (who is responsible for overseeing all legal affairs and matters involving Alphabet Inc.) and posed and discussed the Court's question in order to collect any responsive or possibly responsive information.

14.   Based on my understanding of the results of that discussion, Google Inc.'s legal department and the Chief Legal Officer of Alphabet Inc. found no evidence that (and otherwise are not aware of any instances in which) Alphabet Inc. "has ever demanded arbitration [by court filing, letter, email, or otherwise] against an adverse party on the ground that the adverse party was bound by an arbitration agreement even though [Alphabet Inc. was] not actually a signatory to said agreement."

15.   Furthermore, based on my understanding of the results of that discussion, Google Inc.'s legal department and the Chief Legal Officer of Alphabet Inc. found no evidence (and otherwise are not aware of any instances in which) Alphabet Inc. has ever demanded arbitration

bound by an arbitration agreement even though [Alphabet Inc. was] not actually a signatory to said agreement."

15.   Furthermore, based on my understanding of the results of that discussion, Google Inc.'s legal department and the Chief Legal Officer of Alphabet Inc. found no evidence (and otherwise are not aware of any instances in which) Alphabet Inc. has ever demanded arbitration (by court filing, letter, email, or otherwise) of a dispute on the basis of an arbitration provision in an agreement between parties when *none* of the parties to the dispute was a signatory to that agreement (which, as I understand it, is the position that Defendants have asserted in their Motion to Compel Arbitration).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: April 10, 2017

_____
William G. Berry

### SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from William G. Berry.

/s/ Charles K. Verhoeven
Charles K. Verhoeven