# EXHIBIT F

DocuSign Envelope ID: 6CD63D99-B03C-4596-957D-3840ED3CE45C

## MUTUAL ARBITRATION AGREEMENT

READ THIS MUTUAL ARBITRATION AGREEMENT ("AGREEMENT") CAREFULLY. BY SIGNING THIS AGREEMENT, YOU ARE ACKNOWLEDGING THAT YOU HAVE READ, UNDERSTAND AND AGREE TO ITS TERMS.

The term "Company," as used in this Agreement, refers to ITC Service Group, Inc., its affiliates, subsidiaries and related entities, and the executives, employees, members, shareholders, and/or agents of these entities. As a condition of employment or continued employment by the Company, and in consideration of the mutual promises contained in this Agreement, including waiver of the right to resolve certain disputes by any means other than binding arbitration, the Company and the undersigned employee ("Employee") agree as follows:

### AGREEMENT TO ARBITRATE CERTAIN DISPUTES AND CLAIMS

The Company and Employee agree to arbitrate before a neutral Arbitrator any and all disputes or claims, which would otherwise be subject to resolution in court, arising from or relating to Employee's recruitment to or employment with the Company or the termination of that employment, including claims against any current or former agent or employee of the Company, whether the disputes or claims arise in tort, contract, or pursuant to a statute, regulation, or ordinance now in existence or which may in the future be enacted or recognized, including, but not limited to the following claims:

Claims for fraud, promissory estoppel, fraudulent inducement of contract or breach of contract or contractual obligation, whether such alleged contract or obligation be oral, written, or express or implied by fact or law, including breach of the covenant of good faith and fair dealing;

Claims for wrongful termination of employment, violation of public policy and constructive discharge, infliction of emotional distress, misrepresentation, interference with contract or prospective economic advantage, defamation, unfair business practices, and any other tort or tort-like causes of action relating to or arising from the employment relationship or the formation or termination thereof;

Claims for fair employment, discrimination, harassment, or retaliation under any and all federal, state, or municipal statutes, regulations, or ordinances that prohibit discrimination, harassment, or retaliation in employment, to the fullest extent permitted by law, including but not limited to, claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967 ("ADEA"), 42 U.S.C. Section 1981, the Older Workers Benefit Protection Act ("OWBPA"), the Family and Medical Leave Act ("FMLA"), and similar state or local laws;

DocuSign Envelope ID: 6CD63D99-B03C-4596-957D-3840ED3CE45C

Claims for non-payment or incorrect payment of wages, commissions, bonuses, severance, Employee fringe benefits, leave benefits, stock options and the like, whether such claims be pursuant to alleged express or implied contract or obligation, equity, state wage and hour laws, the Fair Labor Standards Act, the Employee Retirement Income Securities Act, the FMLA, and any other federal, state or municipal laws concerning wages, compensation or Employee benefits; and claims arising out of or relating to the grant, exercise, vesting and/or issuance of equity in the Company or options to purchase equity in the Company.

*We understand and agree that arbitration pursuant to this Agreement shall proceed solely on an individual basis without the right for any claims to be arbitrated on a class action basis, or in any purported representative capacity on behalf of other persons or entities. The Arbitrator's authority is limited to resolving claims between the Company and Employee. Claims covered by this Agreement may not be joined or consolidated with claims by any other person or entity unless expressly agreed to in writing by the Company's Principal and Employee.*

We further understand and agree that the following claims are not covered by this Agreement and shall therefore be resolved in any appropriate forum, including courts of law, as required by the laws then in effect: (1) workers' compensation claims; (2) unemployment insurance benefits claims; (3) other claims that are excluded by state or federal law from resolution by mandatory arbitration; and (4) claims that must be arbitrated in a different forum pursuant to the terms of a valid and binding employee benefits plan.

We understand and agree that this Agreement does not restrict the Employee from filing a charge or complaint with any federal, state or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation, such as the National Labor Relations Board, the U.S. Equal Employment Opportunity Commission or state equivalent agencies, or from participating in any investigation or proceeding conducted by any such agency. However, any dispute or claim that is otherwise covered by this Agreement and is not resolved through federal, state, or local administrative proceedings must be submitted to arbitration in accordance with this Agreement. Either party to this Agreement may, if necessary, seek judicial relief in order to enforce this Agreement and/or seek dismissal for the failure to honor this Agreement. Should either party pursue any dispute covered by this Agreement by any methods other than by arbitration, the other party shall be entitled to recover from the non-complying party all damages, costs, expenses and attorneys' fees incurred as a result of such action, unless recovery of such sums is prohibited by OWBPA, the ADEA, or other federal, state or local laws.

We understand and agree that any demand for arbitration by either the Employee or the Company shall be filed within the statute of limitation that is applicable to the claims(s) upon which arbitration is sought or required. Any failure to demand arbitration within this time frame shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration.

## ARBITRATION PROCEDURES

We understand that a party seeking to initiate arbitration must submit a "Request for Arbitration" in writing to the other party within the applicable limitations period if the matter had been brought in a court of law. If the "Request for Arbitration" is not submitted in accordance with the aforementioned time limitations, the initiating party will not be able to raise the claim in arbitration

{00163813.1}

DocuSign Envelope ID: 6CD63D99-B03C-4596-957D-3840ED3CE45C

or any other forum.  The Request for Arbitration shall, unless otherwise required by law, clearly state "Request for Arbitration" at the beginning of the first page and include the following information:

- A factual description of the dispute in sufficient detail to advise the responding party of the nature of the dispute;

- The date when the dispute first arose;

- The names, work locations, and telephone numbers of any co-workers, witnesses or supervisors with knowledge of the dispute; and

- The relief requested by the requesting party.

A Request for Arbitration from Employee must be submitted to the Company.  A Request for Arbitration from the Company must be mailed to the Employee's last known address or hand-delivered to Employee.  The party to whom the Request For Arbitration is directed will respond within 30 days so that the parties can begin the process of selecting an Arbitrator.  Such response may include any counterclaims.

## SELECTION OF THE ARBITRATOR

We understand and agree that all disputes will be resolved by a single Arbitrator.  The Arbitrator will be mutually selected by the Company and Employee.  If the parties cannot agree on an Arbitrator, then a list of seven arbitrators, experienced in the legal issues presented by the Request For Arbitration and any counterclaims thereof, shall be provided by a qualified referral source such as the Federal Mediation and Conciliation Service, the American Arbitration Association or JAMS.

## HEARING PROCEDURE

Except as provided herein, we understand and agree that the arbitration shall be conducted in accordance with the existing National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA Rules").  A true and correct copy of the AAA Rules is attached hereto as Exhibit A and incorporated into this Agreement by reference.  The AAA Rules are also available online at: http://www.adr.org/sp.asp?id=32904.  In addition to discovery as authorized by the AAA Rules, the parties agree that the Arbitrator shall allow the full range of discovery authorized by California law or any other discovery required by applicable law in arbitration proceedings.  Also, to the extent that any of the AAA Rules or anything in this Agreement conflicts with any arbitration procedures required by applicable state or federal law, the arbitration procedures required by applicable law shall govern.  Upon motion from any party, the Arbitrator is expressly vested with the power to dismiss any claim or counterclaim, so long as such dismissal is consistent with applicable law.  Employee and the Company agree that nothing in this Agreement relieves either of them from any obligation they may have to exhaust certain administrative remedies before arbitrating any claims or disputes under this Agreement, and the Arbitrator may dismiss a claim for failure to exhaust an administrative remedy, so long as such dismissal is consistent with applicable law.

{00163813.1}

DocuSign Envelope ID: 6CD63D99-B03C-4596-957D-3840ED3CE45C

We understand and agree that the Arbitrator shall issue a written award that sets forth the essential findings and conclusions on which the award is based. The Arbitrator shall have the authority only to determine the issue(s) submitted to him/her. The issue(s) must be identifiable in the "Request For Arbitration" or counterclaim(s). Except as required by law, any issue(s) not identifiable in those documents is outside the scope of the Arbitrator's jurisdiction and any award involving such issue(s), upon motion by a party, shall be vacated.

The Arbitrator shall be empowered to award either party any remedy at law or in equity that the prevailing party would otherwise have been entitled to had the matter been litigated in court, including, but not limited to, general, special, and punitive damages, and injunctive relief; provided, however, that the authority to award any remedy is subject to whatever limitations, if any, exist in the applicable law on such remedies.

The Arbitrator shall adhere to the terms of the Agreement. The Arbitrator shall have no power to add to or modify the terms of this Agreement. In reaching a decision, the Arbitrator shall be bound by the law and applicable legal precedent, and shall have no power to vary from the law or legal precedent.

The Arbitrator's award shall be final and binding, except that it shall be subject to correction, confirmation, or vacation, as provided by any applicable law setting forth the standard of judicial review of arbitration awards. Judgment on the award rendered by the Arbitrator may be entered in any Court having jurisdiction.

## PLACE OF ARBITRATION

We understand and agree that the arbitration shall take place in the city where the Employee was primarily employed, or at any other mutually agreeable location.

## GOVERNING LAW

We understand and agree that this Agreement and its validity, construction and performance, as well as disputes and/or claims arising under this Agreement shall be governed by California law, except where the disputes and/or claims are based on federal statutes, in which case those disputes and/or claims shall be governed by the applicable federal law.

## MEDIATION

Nothing in this Agreement shall prevent the parties from agreeing to submit the dispute to mediation. If the dispute is not resolved through mediation, it shall be submitted to binding arbitration pursuant to the terms of this Agreement.

{00163813.1}

DocuSign Envelope ID: 6CD63D99-B03C-4596-957D-3840ED3CE45C

## COSTS OF ARBITRATION

We understand that the Company will bear the Arbitrator's fee and any other type of expense or cost that the Employee would not be required to bear if he/she were free to bring the dispute or claim in court as well as any other expense or cost that is unique to arbitration. The Company and Employee shall each pay their own attorneys' fees incurred in connection with the arbitration, and the Arbitrator will not have the authority to award attorneys' fees unless a statute or contract at issue in the dispute authorizes the award of attorneys' fees, in which case the Arbitrator shall have the authority to make an award of attorneys' fees as required or permitted by applicable law.

If there is a dispute as to whether the Company or Employee is the prevailing party in the arbitration, the Arbitrator will decide this issue.

## SEVERABILITY

We understand and agree that if any term or portion of this Agreement shall, for any reason, be held to be invalid or unenforceable or to be contrary to public policy or any law, then the remainder of this Agreement shall not be affected by such invalidity or unenforceability but shall remain in full force and effect, as if the invalid or unenforceable term or portion thereof had not existed within this Agreement.

## COMPLETE AGREEMENT

This Agreement contains the entire agreement between the Company and Employee regarding the subjects covered in it, and supersedes any and all prior representations and agreements between the parties. This Agreement may be modified only in a writing, expressly referencing this Agreement, and signed by the Company's Principal and Employee. If the Company modifies or revises this Agreement at any time during Employee's term of employment, the modified or revised Agreement will be presented to Employee for review and signature

{00163813.1}

DocuSign Envelope ID: 6CD63D99-B03C-4596-957D-3840ED3CE45C

## KNOWING AND VOLUNTARY AGREEMENT

We understand and agree that we have been advised to consult with an attorney of our own choosing before signing this Agreement, and we have had an opportunity to do so. We agree that we have read this Agreement carefully and understand that by signing it, we are waiving all rights to a trial or hearing before a court or jury of any and all disputes and claims subject to arbitration under this Agreement.

This Agreement is not an employment contract. Nothing in this Agreement creates, or is intended to create, a promise or representation of continued employment for Employee. Unless Employee has a written employment contract signed by Employee and the Company's Principal, Employee's employment with the Company is employment at-will. Employment at-will may be terminated at the will of either the Company or Employee.

Date: _____4/1/2013_____

DocuSigned by:

**JESSE ALLEN**
65BF5A3621774B8...

Employee Signature

JESSE ALLEN

Employee Name (Please Print)

**ITC SERVICE GROUP, INC.**

Date: _____4/1/2013_____

By: _____

Its: _____PRESIDENT_____

{00163813. 1}

-6-

DocuSign Envelope ID: 3DF3A17D-2D05-4FB8-B0B6-4B640A7A9787

# MUTUAL ARBITRATION AGREEMENT

READ THIS MUTUAL ARBITRATION AGREEMENT ("AGREEMENT") CAREFULLY. BY SIGNING THIS AGREEMENT, YOU ARE ACKNOWLEDGING THAT YOU HAVE READ, UNDERSTAND AND AGREE TO ITS TERMS.

The term "Company," as used in this Agreement, refers to ITC Service Group, Inc., its affiliates, subsidiaries and related entities, and the executives, employees, members, shareholders, and/or agents of these entities. As a condition of employment or continued employment by the Company, and in consideration of the mutual promises contained in this Agreement, including waiver of the right to resolve certain disputes by any means other than binding arbitration, the Company and the undersigned employee ("Employee") agree as follows:

## AGREEMENT TO ARBITRATE CERTAIN DISPUTES AND CLAIMS

The Company and Employee agree to arbitrate before a neutral Arbitrator any and all disputes or claims, which would otherwise be subject to resolution in court, arising from or relating to Employee's recruitment to or employment with the Company or the termination of that employment, including claims against any current or former agent or employee of the Company, whether the disputes or claims arise in tort, contract, or pursuant to a statute, regulation, or ordinance now in existence or which may in the future be enacted or recognized, including, but not limited to the following claims:

Claims for fraud, promissory estoppel, fraudulent inducement of contract or breach of contract or contractual obligation, whether such alleged contract or obligation be oral, written, or express or implied by fact or law, including breach of the covenant of good faith and fair dealing;

Claims for wrongful termination of employment, violation of public policy and constructive discharge, infliction of emotional distress, misrepresentation, interference with contract or prospective economic advantage, defamation, unfair business practices, and any other tort or tort-like causes of action relating to or arising from the employment relationship or the formation or termination thereof;

Claims for fair employment, discrimination, harassment, or retaliation under any and all federal, state, or municipal statutes, regulations, or ordinances that prohibit discrimination, harassment, or retaliation in employment, to the fullest extent permitted by law, including but not limited to, claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967 ("ADEA"), 42 U.S.C. Section 1981, the Older Workers Benefit Protection Act ("OWBPA"), the Family and Medical Leave Act ("FMLA"), and similar state or local laws;

{00163813. 1}

DocuSign Envelope ID: 3DF3A17D-2005-4FB8-B0B6-4B640A7A9787

Claims for non-payment or incorrect payment of wages, commissions, bonuses, severance, Employee fringe benefits, leave benefits, stock options and the like, whether such claims be pursuant to alleged express or implied contract or obligation, equity, state wage and hour laws, the Fair Labor Standards Act, the Employee Retirement Income Securities Act, the FMLA, and any other federal, state or municipal laws concerning wages, compensation or Employee benefits; and claims arising out of or relating to the grant, exercise, vesting and/or issuance of equity in the Company or options to purchase equity in the Company.

*We understand and agree that arbitration pursuant to this Agreement shall proceed solely on an individual basis without the right for any claims to be arbitrated on a class action basis, or in any purported representative capacity on behalf of other persons or entities. The Arbitrator's authority is limited to resolving claims between the Company and Employee.  Claims covered by this Agreement may not be joined or consolidated with claims by any other person or entity unless expressly agreed to in writing by the Company's Principal and Employee.*

We further understand and agree that the following claims are not covered by this Agreement and shall therefore be resolved in any appropriate forum, including courts of law, as required by the laws then in effect: (1) workers' compensation claims; (2) unemployment insurance benefits claims; (3) other claims that are excluded by state or federal law from resolution by mandatory arbitration; and (4) claims that must be arbitrated in a different forum pursuant to the terms of a valid and binding employee benefits plan.

We understand and agree that this Agreement does not restrict the Employee from filing a charge or complaint with any federal, state or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation, such as the National Labor Relations Board, the U.S. Equal Employment Opportunity Commission or state equivalent agencies, or from participating in any investigation or proceeding conducted by any such agency.  However, any dispute or claim that is otherwise covered by this Agreement and is not resolved through federal, state, or local administrative proceedings must be submitted to arbitration in accordance with this Agreement.  Either party to this Agreement may, if necessary, seek judicial relief in order to enforce this Agreement and/or seek dismissal for the failure to honor this Agreement.  Should either party pursue any dispute covered by this Agreement by any methods other than by arbitration, the other party shall be entitled to recover from the non-complying party all damages, costs, expenses and attorneys' fees incurred as a result of such action, unless recovery of such sums is prohibited by OWBPA, the ADEA, or other federal, state or local laws.

We understand and agree that any demand for arbitration by either the Employee or the Company shall be filed within the statute of limitation that is applicable to the claims(s) upon which arbitration is sought or required.  Any failure to demand arbitration within this time frame shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration.

## ARBITRATION PROCEDURES

We understand that a party seeking to initiate arbitration must submit a "Request for Arbitration" in writing to the other party within the applicable limitations period if the matter had been brought in a court of law.  If the "Request for Arbitration" is not submitted in accordance with the aforementioned time limitations, the initiating party will not be able to raise the claim in arbitration

{00163813.1}

DocuSign Envelope ID: 3DF3A17D-2005-4FB8-B0B6-4B640A7A9787

or any other forum. The Request for Arbitration shall, unless otherwise required by law, clearly state "Request for Arbitration" at the beginning of the first page and include the following information:

- A factual description of the dispute in sufficient detail to advise the responding party of the nature of the dispute;

- The date when the dispute first arose;

- The names, work locations, and telephone numbers of any co-workers, witnesses or supervisors with knowledge of the dispute; and

- The relief requested by the requesting party.

A Request for Arbitration from Employee must be submitted to the Company. A Request for Arbitration from the Company must be mailed to the Employee's last known address or hand-delivered to Employee. The party to whom the Request For Arbitration is directed will respond within 30 days so that the parties can begin the process of selecting an Arbitrator. Such response may include any counterclaims.

## SELECTION OF THE ARBITRATOR

We understand and agree that all disputes will be resolved by a single Arbitrator. The Arbitrator will be mutually selected by the Company and Employee. If the parties cannot agree on an Arbitrator, then a list of seven arbitrators, experienced in the legal issues presented by the Request For Arbitration and any counterclaims thereof, shall be provided by a qualified referral source such as the Federal Mediation and Conciliation Service, the American Arbitration Association or JAMS.

## HEARING PROCEDURE

Except as provided herein, we understand and agree that the arbitration shall be conducted in accordance with the existing National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA Rules"). A true and correct copy of the AAA Rules is attached hereto as Exhibit A and incorporated into this Agreement by reference. The AAA Rules are also available online at: http://www.adr.org/sp.asp?id=32904. In addition to discovery as authorized by the AAA Rules, the parties agree that the Arbitrator shall allow the full range of discovery authorized by California law or any other discovery required by applicable law in arbitration proceedings. Also, to the extent that any of the AAA Rules or anything in this Agreement conflicts with any arbitration procedures required by applicable state or federal law, the arbitration procedures required by applicable law shall govern. Upon motion from any party, the Arbitrator is expressly vested with the power to dismiss any claim or counterclaim, so long as such dismissal is consistent with applicable law. Employee and the Company agree that nothing in this Agreement relieves either of them from any obligation they may have to exhaust certain administrative remedies before arbitrating any claims or disputes under this Agreement, and the Arbitrator may dismiss a claim for failure to exhaust an administrative remedy, so long as such dismissal is consistent with applicable law.

{00163813.1}

DocuSign Envelope ID: 3DF3A17D-2005-4FB8-B0B6-4B640A7A9787

We understand and agree that the Arbitrator shall issue a written award that sets forth the essential findings and conclusions on which the award is based. The Arbitrator shall have the authority only to determine the issue(s) submitted to him/her. The issue(s) must be identifiable in the "Request For Arbitration" or counterclaim(s). Except as required by law, any issue(s) not identifiable in those documents is outside the scope of the Arbitrator's jurisdiction and any award involving such issue(s), upon motion by a party, shall be vacated.

The Arbitrator shall be empowered to award either party any remedy at law or in equity that the prevailing party would otherwise have been entitled to had the matter been litigated in court, including, but not limited to, general, special, and punitive damages, and injunctive relief; provided, however, that the authority to award any remedy is subject to whatever limitations, if any, exist in the applicable law on such remedies.

The Arbitrator shall adhere to the terms of the Agreement. The Arbitrator shall have no power to add to or modify the terms of this Agreement. In reaching a decision, the Arbitrator shall be bound by the law and applicable legal precedent, and shall have no power to vary from the law or legal precedent.

The Arbitrator's award shall be final and binding, except that it shall be subject to correction, confirmation, or vacation, as provided by any applicable law setting forth the standard of judicial review of arbitration awards. Judgment on the award rendered by the Arbitrator may be entered in any Court having jurisdiction.

## PLACE OF ARBITRATION

We understand and agree that the arbitration shall take place in the city where the Employee was primarily employed, or at any other mutually agreeable location.

## GOVERNING LAW

We understand and agree that this Agreement and its validity, construction and performance, as well as disputes and/or claims arising under this Agreement shall be governed by California law, except where the disputes and/or claims are based on federal statutes, in which case those disputes and/or claims shall be governed by the applicable federal law.

## MEDIATION

Nothing in this Agreement shall prevent the parties from agreeing to submit the dispute to mediation. If the dispute is not resolved through mediation, it shall be submitted to binding arbitration pursuant to the terms of this Agreement.

{00163813. 1}

DocuSign Envelope ID: 3DF3A17D-2005-4FB8-B0B6-4B640A7A9787

## COSTS OF ARBITRATION

We understand that the Company will bear the Arbitrator's fee and any other type of expense or cost that the Employee would not be required to bear if he/she were free to bring the dispute or claim in court as well as any other expense or cost that is unique to arbitration. The Company and Employee shall each pay their own attorneys' fees incurred in connection with the arbitration, and the Arbitrator will not have the authority to award attorneys' fees unless a statute or contract at issue in the dispute authorizes the award of attorneys' fees, in which case the Arbitrator shall have the authority to make an award of attorneys' fees as required or permitted by applicable law.

If there is a dispute as to whether the Company or Employee is the prevailing party in the arbitration, the Arbitrator will decide this issue.

## SEVERABILITY

We understand and agree that if any term or portion of this Agreement shall, for any reason, be held to be invalid or unenforceable or to be contrary to public policy or any law, then the remainder of this Agreement shall not be affected by such invalidity or unenforceability but shall remain in full force and effect, as if the invalid or unenforceable term or portion thereof had not existed within this Agreement.

## COMPLETE AGREEMENT

This Agreement contains the entire agreement between the Company and Employee regarding the subjects covered in it, and supersedes any and all prior representations and agreements between the parties. This Agreement may be modified only in a writing, expressly referencing this Agreement, and signed by the Company's Principal and Employee. If the Company modifies or revises this Agreement at any time during Employee's term of employment, the modified or revised Agreement will be presented to Employee for review and signature

DocuSign Envelope ID: 3DF3A17D-2005-4FB8-B0B6-4B640A7A9787

## KNOWING AND VOLUNTARY AGREEMENT

We understand and agree that we have been advised to consult with an attorney of our own choosing before signing this Agreement, and we have had an opportunity to do so.  We agree that we have read this Agreement carefully and understand that by signing it, we are waiving all rights to a trial or hearing before a court or jury of any and all disputes and claims subject to arbitration under this Agreement.

This Agreement is not an employment contract.  Nothing in this Agreement creates, or is intended to create, a promise or representation of continued employment for Employee.  Unless Employee has a written employment contract signed by Employee and the Company's Principal, Employee's employment with the Company is employment at-will.  Employment at-will may be terminated at the will of either the Company or Employee.

Date: _____9/20/2013_____

Employee Signature _____

Cody Hickcox

Employee Name (Please Print)

**ITC SERVICE GROUP, INC.**

Date: _____9/20/2013_____

By: _____

Its: _____PRESIDENT_____

DocuSign Envelope ID: 6733D461-92A7-43D2-9031-1A99EFABB8F4

## MUTUAL ARBITRATION AGREEMENT

READ THIS MUTUAL ARBITRATION AGREEMENT ("AGREEMENT") CAREFULLY. BY SIGNING THIS AGREEMENT, YOU ARE ACKNOWLEDGING THAT YOU HAVE READ, UNDERSTAND AND AGREE TO ITS TERMS.

The term "Company," as used in this Agreement, refers to ITC Service Group, Inc., its affiliates, subsidiaries and related entities, and the executives, employees, members, shareholders, and/or agents of these entities. As a condition of employment or continued employment by the Company, and in consideration of the mutual promises contained in this Agreement, including waiver of the right to resolve certain disputes by any means other than binding arbitration, the Company and the undersigned employee ("Employee") agree as follows:

### AGREEMENT TO ARBITRATE CERTAIN DISPUTES AND CLAIMS

The Company and Employee agree to arbitrate before a neutral Arbitrator any and all disputes or claims, which would otherwise be subject to resolution in court, arising from or relating to Employee's recruitment to or employment with the Company or the termination of that employment, including claims against any current or former agent or employee of the Company, whether the disputes or claims arise in tort, contract, or pursuant to a statute, regulation, or ordinance now in existence or which may in the future be enacted or recognized, including, but not limited to the following claims:

Claims for fraud, promissory estoppel, fraudulent inducement of contract or breach of contract or contractual obligation, whether such alleged contract or obligation be oral, written, or express or implied by fact or law, including breach of the covenant of good faith and fair dealing;

Claims for wrongful termination of employment, violation of public policy and constructive discharge, infliction of emotional distress, misrepresentation, interference with contract or prospective economic advantage, defamation, unfair business practices, and any other tort or tort-like causes of action relating to or arising from the employment relationship or the formation or termination thereof;

Claims for fair employment, discrimination, harassment, or retaliation under any and all federal, state, or municipal statutes, regulations, or ordinances that prohibit discrimination, harassment, or retaliation in employment, to the fullest extent permitted by law, including but not limited to, claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967 ("ADEA"), 42 U.S.C. Section 1981, the Older Workers Benefit Protection Act ("OWBPA"), the Family and Medical Leave Act ("FMLA"), and similar state or local laws;

DocuSign Envelope ID: 6733D461-92A7-43D2-9031-1A99EFABB8F4

Claims for non-payment or incorrect payment of wages, commissions, bonuses, severance, Employee fringe benefits, leave benefits, stock options and the like, whether such claims be pursuant to alleged express or implied contract or obligation, equity, state wage and hour laws, the Fair Labor Standards Act, the Employee Retirement Income Securities Act, the FMLA, and any other federal, state or municipal laws concerning wages, compensation or Employee benefits; and claims arising out of or relating to the grant, exercise, vesting and/or issuance of equity in the Company or options to purchase equity in the Company.

*We understand and agree that arbitration pursuant to this Agreement shall proceed solely on an individual basis without the right for any claims to be arbitrated on a class action basis, or in any purported representative capacity on behalf of other persons or entities. The Arbitrator's authority is limited to resolving claims between the Company and Employee. Claims covered by this Agreement may not be joined or consolidated with claims by any other person or entity unless expressly agreed to in writing by the Company's Principal and Employee.*

We further understand and agree that the following claims are not covered by this Agreement and shall therefore be resolved in any appropriate forum, including courts of law, as required by the laws then in effect: (1) workers' compensation claims; (2) unemployment insurance benefits claims; (3) other claims that are excluded by state or federal law from resolution by mandatory arbitration; and (4) claims that must be arbitrated in a different forum pursuant to the terms of a valid and binding employee benefits plan.

We understand and agree that this Agreement does not restrict the Employee from filing a charge or complaint with any federal, state or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation, such as the National Labor Relations Board, the U.S. Equal Employment Opportunity Commission or state equivalent agencies, or from participating in any investigation or proceeding conducted by any such agency. However, any dispute or claim that is otherwise covered by this Agreement and is not resolved through federal, state, or local administrative proceedings must be submitted to arbitration in accordance with this Agreement. Either party to this Agreement may, if necessary, seek judicial relief in order to enforce this Agreement and/or seek dismissal for the failure to honor this Agreement. Should either party pursue any dispute covered by this Agreement by any methods other than by arbitration, the other party shall be entitled to recover from the non-complying party all damages, costs, expenses and attorneys' fees incurred as a result of such action, unless recovery of such sums is prohibited by OWBPA, the ADEA, or other federal, state or local laws.

We understand and agree that any demand for arbitration by either the Employee or the Company shall be filed within the statute of limitation that is applicable to the claims(s) upon which arbitration is sought or required. Any failure to demand arbitration within this time frame shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration.

## ARBITRATION PROCEDURES

We understand that a party seeking to initiate arbitration must submit a "Request for Arbitration" in writing to the other party within the applicable limitations period if the matter had been brought in a court of law. If the "Request for Arbitration" is not submitted in accordance with the aforementioned time limitations, the initiating party will not be able to raise the claim in arbitration

{00163813.1}

DocuSign Envelope ID: 6733D461-92A7-43D2-9031-1A99EFABB8F4

or any other forum. The Request for Arbitration shall, unless otherwise required by law, clearly state "Request for Arbitration" at the beginning of the first page and include the following information:

- A factual description of the dispute in sufficient detail to advise the responding party of the nature of the dispute;

- The date when the dispute first arose;

- The names, work locations, and telephone numbers of any co-workers, witnesses or supervisors with knowledge of the dispute; and

- The relief requested by the requesting party.

A Request for Arbitration from Employee must be submitted to the Company. A Request for Arbitration from the Company must be mailed to the Employee's last known address or hand-delivered to Employee. The party to whom the Request For Arbitration is directed will respond within 30 days so that the parties can begin the process of selecting an Arbitrator. Such response may include any counterclaims.

## SELECTION OF THE ARBITRATOR

We understand and agree that all disputes will be resolved by a single Arbitrator. The Arbitrator will be mutually selected by the Company and Employee. If the parties cannot agree on an Arbitrator, then a list of seven arbitrators, experienced in the legal issues presented by the Request For Arbitration and any counterclaims thereof, shall be provided by a qualified referral source such as the Federal Mediation and Conciliation Service, the American Arbitration Association or JAMS.

## HEARING PROCEDURE

Except as provided herein, we understand and agree that the arbitration shall be conducted in accordance with the existing National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA Rules"). A true and correct copy of the AAA Rules is attached hereto as Exhibit A and incorporated into this Agreement by reference. The AAA Rules are also available online at: http://www.adr.org/sp.asp?id=32904. In addition to discovery as authorized by the AAA Rules, the parties agree that the Arbitrator shall allow the full range of discovery authorized by California law or any other discovery required by applicable law in arbitration proceedings. Also, to the extent that any of the AAA Rules or anything in this Agreement conflicts with any arbitration procedures required by applicable state or federal law, the arbitration procedures required by applicable law shall govern. Upon motion from any party, the Arbitrator is expressly vested with the power to dismiss any claim or counterclaim, so long as such dismissal is consistent with applicable law. Employee and the Company agree that nothing in this Agreement relieves either of them from any obligation they may have to exhaust certain administrative remedies before arbitrating any claims or disputes under this Agreement, and the Arbitrator may dismiss a claim for failure to exhaust an administrative remedy, so long as such dismissal is consistent with applicable law.

DocuSign Envelope ID: 6733D461-92A7-43D2-9031-1A99EFABB8F4

We understand and agree that the Arbitrator shall issue a written award that sets forth the essential findings and conclusions on which the award is based. The Arbitrator shall have the authority only to determine the issue(s) submitted to him/her. The issue(s) must be identifiable in the "Request For Arbitration" or counterclaim(s). Except as required by law, any issue(s) not identifiable in those documents is outside the scope of the Arbitrator's jurisdiction and any award involving such issue(s), upon motion by a party, shall be vacated.

The Arbitrator shall be empowered to award either party any remedy at law or in equity that the prevailing party would otherwise have been entitled to had the matter been litigated in court, including, but not limited to, general, special, and punitive damages, and injunctive relief; provided, however, that the authority to award any remedy is subject to whatever limitations, if any, exist in the applicable law on such remedies.

The Arbitrator shall adhere to the terms of the Agreement. The Arbitrator shall have no power to add to or modify the terms of this Agreement. In reaching a decision, the Arbitrator shall be bound by the law and applicable legal precedent, and shall have no power to vary from the law or legal precedent.

The Arbitrator's award shall be final and binding, except that it shall be subject to correction, confirmation, or vacation, as provided by any applicable law setting forth the standard of judicial review of arbitration awards. Judgment on the award rendered by the Arbitrator may be entered in any Court having jurisdiction.

## PLACE OF ARBITRATION

We understand and agree that the arbitration shall take place in the city where the Employee was primarily employed, or at any other mutually agreeable location.

## GOVERNING LAW

We understand and agree that this Agreement and its validity, construction and performance, as well as disputes and/or claims arising under this Agreement shall be governed by California law, except where the disputes and/or claims are based on federal statutes, in which case those disputes and/or claims shall be governed by the applicable federal law.

## MEDIATION

Nothing in this Agreement shall prevent the parties from agreeing to submit the dispute to mediation. If the dispute is not resolved through mediation, it shall be submitted to binding arbitration pursuant to the terms of this Agreement.

DocuSign Envelope ID: 6733D461-92A7-43D2-9031-1A99EFABB8F4

## COSTS OF ARBITRATION

We understand that the Company will bear the Arbitrator's fee and any other type of expense or cost that the Employee would not be required to bear if he/she were free to bring the dispute or claim in court as well as any other expense or cost that is unique to arbitration. The Company and Employee shall each pay their own attorneys' fees incurred in connection with the arbitration, and the Arbitrator will not have the authority to award attorneys' fees unless a statute or contract at issue in the dispute authorizes the award of attorneys' fees, in which case the Arbitrator shall have the authority to make an award of attorneys' fees as required or permitted by applicable law.

If there is a dispute as to whether the Company or Employee is the prevailing party in the arbitration, the Arbitrator will decide this issue.

## SEVERABILITY

We understand and agree that if any term or portion of this Agreement shall, for any reason, be held to be invalid or unenforceable or to be contrary to public policy or any law, then the remainder of this Agreement shall not be affected by such invalidity or unenforceability but shall remain in full force and effect, as if the invalid or unenforceable term or portion thereof had not existed within this Agreement.

## COMPLETE AGREEMENT

This Agreement contains the entire agreement between the Company and Employee regarding the subjects covered in it, and supersedes any and all prior representations and agreements between the parties. This Agreement may be modified only in a writing, expressly referencing this Agreement, and signed by the Company's Principal and Employee. If the Company modifies or revises this Agreement at any time during Employee's term of employment, the modified or revised Agreement will be presented to Employee for review and signature

DocuSign Envelope ID: 6733D461-92A7-43D2-9031-1A99EFABB8F4

## KNOWING AND VOLUNTARY AGREEMENT

We understand and agree that we have been advised to consult with an attorney of our own choosing before signing this Agreement, and we have had an opportunity to do so. We agree that we have read this Agreement carefully and understand that by signing it, we are waiving all rights to a trial or hearing before a court or jury of any and all disputes and claims subject to arbitration under this Agreement.

This Agreement is not an employment contract. Nothing in this Agreement creates, or is intended to create, a promise or representation of continued employment for Employee. Unless Employee has a written employment contract signed by Employee and the Company's Principal, Employee's employment with the Company is employment at-will. Employment at-will may be terminated at the will of either the Company or Employee.

Date: 10/21/2013

DocuSigned by:

_Michael Hart_

Employee Signature

Michael Hart

Employee Name (Please Print)

ITC SERVICE GROUP, INC.

Date: 10/21/2013

By: _____

Its: PRESIDENT

DocuSign Envelope ID: CB0E5A8E-B8E6-4EB7-A74    C0F2986



**ITC Service Group, Inc.**
7777 Greenback Lane, Suite 201
Citrus Heights, CA 95610
Toll Free: (877) 370-4482
Fax: (877)360-4482
www.callitc.com

## TEMPORARY CONTRACT EMPLOYMENT AGREEMENT

This EMPLOYMENT AGREEMENT entered into on 10/28/2013 by and between ITC Service Group, Inc. (Company) and MICHAEL HART   (Employee) sets forth the terms and conditions of the Employee's employment with the Company.

NOW, THEREFORE, in consideration of the mutual promises, warranties and covenants set forth below, the parties hereto, intending to be legally bound, hereby agree as follows:

**Assignment Information:**

| | |
|---|---|
| Client: | Google |
| Work Supervisor: | MARK NORTON |
| Work Address: | 3101 TERRACE STREET, KANSAS CITY, MO, 64111 |
| Work Phone Number: | |
| Job Classification: | SUPERVISOR |
| Start Date: | Monday, October 28, 2013 |
| ITC Dept Number: | 312 |
| ITC Project Number: | 12014 |

1. Employment. Effective as of the Start Date described above, the Company employs the Employee and the Employee accepts employment by the Company upon the terms and conditions hereafter set forth.

2. At-Will Employment. The employment relationship between Employee and Company is at-will and can be terminated by either party with or without cause. Notwithstanding any disciplinary procedures of the Company, either the Company or the Employee may terminate the employment relationship at any time, for any reason, with or without cause or prior notice. Further, the Company can demote, transfer, suspend or otherwise discipline Employee in its sole and absolute discretion. Nothing in this Agreement, or any other personnel document, including benefit plan descriptions, creates or is intended to create a promise or representation of continued employment in a specific position or employment at a specific rate of pay or for a specific period of time or that your employment can only be terminated for cause.

3. Scope of Duties. During the Employment Period, the Employee shall be employed as the Job Classification mentioned above and shall perform the duties of this position in good faith and comply with all rules, regulations and policies established or issued by the Company and/or Client. Employee acknowledges that these duties may be changed by the Company with or without notice at any time.

4. Extent of Service. The Employee shall devote his entire time, attention and energies to the business of the Company, and shall not during the Employment period engage in any other business activity which in the judgment of the Company conflicts with the duties of the Employee hereunder.

DocuSign Envelope ID: CB0E5A8E-B8E6-4EB7-A74    3C0F2986

5. Compensation. In consideration of the services rendered by the Employee hereunder, the Company shall pay the Employee, on a weekly basis, according to the pay rates defined below:

| | | |
|---|---|---|
| Regular Rate of Pay: | $54,000.00 | Per hour |
| Overtime Rate of Pay: | $0.00 | When authorized by the client. |
| Per Diem: | $0.00 | n/a |
| Vehicle Allowance: | $0.00 | n/a |
| Mileage: | $0.50 | Per mile |
| TEC Usage Rate *: | $0.00 | n/a |
| ITC Medical Allowance | $500.00 | Per Month |

* TEC (Tools, Equipment and Communications) Usage Rate -This rate includes all personal tools, provided by Employee, used for ITC business including, but not limited to, manhole equipment, hand tools, meters, drills, extension ladders, climbing equipment, cellular phone usage, and laptop computer with internet access.

6. Business Expenses. Employee shall be reimbursed for reasonable travel and other expenses incurred in the performance of his/her duties under this Agreement pursuant to the Company's general policies for reimbursement, as such policies may be amended from time to time. Subject to the Company's right to place reasonable limitations on expenses to be incurred or reimbursed, Employee shall receive reimbursement after he/she provides an itemized accounting on a Company approved expense report, together with supporting receipts for such expenditures, in accordance with applicable requirements of the Internal Revenue Code and Treasury Regulations.

7. Termination for Cause. Employee acknowledges that employment with the Company is at-will and can be terminated without or without cause and with or without. If Employee engages in any of the following conduct he/she will be subject to immediate termination for cause: (i) neglect of his duties hereunder, (ii) breach of or negligence with respect to his obligations under this Agreement, (iii) engaging in misconduct injurious to the company, or (iv) the Employee's commission of an act constituting common law fraud or a felony. If the Employee's employment is terminated by the Company for cause as herein defined, his Base Salary and his eligibility for all other benefits provided by the Company shall cease as of his termination date, after which time the Company shall have no other further liability or obligation of any kind to the Employee under this Agreement, except the Employee shall have the right to receive:

    A. The unpaid portion of wages up to the date of termination;
    B. Reimbursement for any unpaid business expenses;
    C. Any earned but unpaid commission or other sales incentives; and
    D. Unused vacation days to which the Employee is entitled in accordance with Company policy

8. Employee Acknowledgments. Employee recognizes and acknowledges that in the course of Employee's employment it will be necessary for Employee to acquire information which could include, in whole or in part, information concerning the Company's sales, sales volume, sales methods, sales proposals, customers and prospective customers, suppliers and prospective suppliers, identity, practices and procedures of key purchasing and other personnel in the employ of customers and prospective customers and suppliers and prospective suppliers, amount or kind of customer's purchases from the Company, research reports, the Company's computer program, system documentation, special hardware, related software development, the Company's manuals, methods, ideas, improvements or other confidential or proprietary information belonging to the Company or relating to the Company's affairs (collectively referred to herein as "Confidential

ITC000008

DocuSign Envelope ID: CB0E5A8E-B8E6-4E87-A74:   ⊔C0F2886

Information") and that such Information is the property of the Company). Employee further agrees that the use, misappropriation or disclosure of the Confidential Information would constitute a breach of trust and could cause irreparable Injury to the Company, and it is essential to the protection of the Company's good will and to the maintenance of the Company's competitive position that the Confidential Information be kept secret and the Employee agrees not to disclose the Confidential Information to others or use the Confidential Information to Employee's own advantage or the advantage of others. Employee further recognizes and acknowledges that it is essential for the proper protection of the business of the Company that Employee be restrained from soliciting or inducing any employee of the Company to leave the employ of the Company, or hiring or attempting to hire any employee of the Company. This clause applies only in States where it is enforceable.

9. Non-Disclosure of Confidential Information. Employee shall hold and safeguard the Confidential Information in trust for the Company, its successors and assigns and shall not, without the prior written consent of the Company, misappropriate or disclose or make available to anyone for use outside the Company organization at any time, either during his/her employment with the Company or subsequent to the termination of his/her employment with the Company for any reason, including, without limitation, termination by the Company for cause or without cause, any of the Confidential Information, whether or not developed by Employee, except as required in the performance of Employee's duties to the Company.

10. Return of Materials & Equipment. Upon the termination of Employee's employment with the Company for any reason, including without limitation termination by the Company for cause or without cause, Employee shall promptly deliver to the Company all correspondence, manuals, orders, letters, notes, notebooks, reports, programs, proposals and any documents and copies concerning the Company's customers or concerning products or processes used by the Company and, without limiting the foregoing, will promptly deliver to the Company any and all other documents or material containing or constituting Confidential Information as well as any tools, equipment, and/or communications devises used in the performance of Employees duties and supplied by the Company.

11. Non-Solicitation of Customers and Suppliers. Employee shall not during his/her time of employment with the Company, directly or indirectly, solicit the trade of, or do business with, any customer or prospective customer, or supplier or prospective supplier of the Company for any business purpose other than for the benefit of the Company. Employee further acknowledges that, in consideration of the promises contained in the Agreement and to induce the Company to enter into this Agreement, he shall not for One (1) year following the termination of his/her employment with the Company, including, without limitation, termination by the Company for cause or without cause, directly or indirectly, solicit the trade of, or do business with, any person or entity whatsoever who or which is or was a customer or supplier of the Company in any of the territory or territories assigned to the Employee during the Employment Period, with respect to products of the same or similar kind as those presently or in the future distributed by the Company. This clause applies only in States where it is enforceable.

12. Non-Solicitation of Employees. The Employee shall not during his/her employment with the Company and for One (1) year following termination of Employee's employment with the Company, including, without limitation, termination by the Company for cause or without cause, directly or indirectly, solicit or induce, or attempt to solicit or induce, any employee, current or future, of the Company to leave the Company for any reason whatsoever, or hire any current or future employee of the Company.   This clause applies only in States where it is enforceable.

ITC000009

DocuSign Envelope ID: CB0E5A8E-B8E6-4EB7-A74 JC0F2986

13. Assignment of Inventions. Employee hereby assigns all inventions in which he/she may accrue any rights during the course of his/her employment hereunder to the Company and agrees that all such inventions shall be the sole property of the Company and their assigns, and the Company and their assigns shall be the sole owner of all rights relating thereto. Employee shall assist the Company or any person designated by it in every proper way (but at the Company's expense) to obtain and from time to time enforce all rights relating thereto, including registrations and applications for patents, copyrights, mask work rights, or other intellectual property rights, in any and all countries. Employee shall execute all documents for use in applying for, registering, obtaining, and enforcing the rights relating to such inventions as the Company may desire, together with any assignments of the rights to the Company or persons designated by it. Any provision in this Agreement requiring Employee to assign his/her rights in all inventions shall not apply to an invention that qualifies fully under the provisions of California Labor Code section 2870. Employee shall bear the full burden of proving to the Company that an invention qualifies fully under section 2870.

14. Advice of Counsel/Restrictive Covenants. The Employee has had the opportunity to consult with independent counsel and understands the nature of and the burdens imposed by the restrictive covenants contained in this Agreement. The Employee represents and acknowledges that such covenants are reasonable, enforceable, and proper in duration, scope and effect. Moreover, Employee represents and warrants that his/her experience and capabilities are such that the restrictive covenants set forth herein will not prevent him from earning his/her livelihood and that Employee will be fully able to earn an adequate livelihood for himself and his/her dependents if any of such provisions should be specifically enforced against Employee.

15. Authorization to Modify Restrictions. The Employee acknowledges that the remedies at law for any breach by Employee of the provisions of the restrictive covenants will be inadequate and that the Company shall be entitled to injunctive relief against the Employee in the event of any such breach, in addition to any other remedy and damage available. The Employee acknowledges that the restrictions contained herein are reasonable, but agrees that if any court of competent jurisdiction shall hold such restrictions unreasonable as to time, geographic area, activities, or otherwise, such restrictions shall be deemed to be reduced to the extent necessary in the opinion of such court to make them reasonable.

16. No Prior Agreements. Employee represents and warrants that he is not a party to or otherwise subject to or bound by the terms of any contract, agreement or understanding which in any manner would limit or otherwise affect his/her ability to perform his/her obligations hereunder, including, without limitation, any contract, agreement or understanding containing terms and provisions similar in any manner to those contained in Section 12 hereof. Employee further represents and warrants that his/her employment with the Company will not require the disclosure or use of any Confidential Information.

17. Covenants of the Essence. The covenants of the Employee set forth herein are of the essence of this Agreement; they shall be construed as independent of any other provision in this Agreement and the existence of any claim or cause of action of the Employee against the Company, whether predicated on this Agreement or not, shall not constitute a defense to the enforcement by the Company of these covenants.

18. Notices. Any written notice required or permitted to be given under this Agreement may be mailed, personally delivered or sent via overnight courier to the Employee at the Employee's residence as contained in the Company's records. Alternatively notices to Employee may be oral or, if written, hand delivered to the Employee. If written notice is given to the Company, it shall be mailed, personally delivered or sent via

ITC000010

DocuSign Envelope ID: CB0E5A8E-B8E6-4E97-A74      3C0F2986

overnight courier to the Company's principal place of business at 7777 Greenback Lane, Suite 201, Citrus Heights, California 95610, or via facsimile to (877) 360-4482.

19. Assignment. This Agreement is personal in its nature and the Employee shall not without the prior written consent of the Company, assign or transfer this Agreement or any rights, duties or obligations hereunder.

20. Entire Agreement. This Agreement constitutes the full and complete understanding and agreement of the parties hereto with respect to any employment of the Employee by the Company and supersedes all prior agreements and understanding with respect to the subject matter hereof, whether written or oral. This Agreement may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

21. Waiver. No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the Party making the waiver.

22. Severability. If any provision of this Agreement is held to be illegal, invalid, or unenforceable, that provision shall be fully severable, and this Agreement shall be construed and enforced as if the illegal, invalid, or unenforceable provision were never a part of the Agreement; the remaining provisions shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance (except to the extent the remaining provisions constitute obligations of another party to this Agreement corresponding to the unenforceable provision); and in lieu of such illegal, invalid, or unenforceable provision, there shall be added automatically as part of this Agreement, a provision as similar in its terms to the illegal, invalid, or unenforceable provision as may be possible and be legal, valid, and enforceable

23. Agreement to Arbitrate. Employee agrees that any dispute or controversy which would otherwise require or allow resort to any court or other governmental dispute resolution forum, between Employee and the Company (or its owners, directors, and officers, and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with application for employment, employment, or other association with, Company, whether based on tort, contract, statutory, or equitable law, or otherwise, shall be submitted to and determined by binding arbitration. The parties may agree to arbitrate the matter pursuant to the rules of the American Arbitration Association's Employment Arbitration Rules and Mediation. In so agreeing, the parties are not agreeing to have the matter arbitrated by the American Arbitration Association itself. In California, the arbitration shall be in conformity with the procedures of the California Arbitration Act (Cal. Code Civ. Proc. sec. 1280 et seq., including section 1283.05 and all other rights to discovery). In addition to requirements imposed by law, any arbitrator herein shall be a Judge retired from a court of general jurisdiction. All rules of pleading (including the right of demurrer, motions to strike and/or motions to dismiss), and of evidence applicable to civil actions in courts shall apply. Resolution of the dispute shall be based solely upon the law governing the claims pleaded, and the arbitrator may not invoke any basis other than such controlling law. EMPLOYEE UNDERSTANDS THAT BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH EMPLOYEE AND THE COMPANY GIVE UP THEIR RIGHTS TO TRIAL BY JURY. The decision of the arbitrator shall be final and conclusive on the parties and shall be a bar to any suit, action or proceeding instituted in any federal, state or local court or before any administrative tribunal. The award of the arbitrator shall include the essential findings and conclusions on which the award is based. Notwithstanding the foregoing, judgment on any award by the arbitrator may be entered in any court of competent jurisdiction. This arbitration provision shall survive any expiration or termination of the Agreement.

ITC000011

DocuSign Envelope ID: CB0E5A8E-B8E6-4EB7-A74   ...dC0F2986

DO NOT SIGN UNTIL YOU HAVE READ THIS AGREEMENT IN ITS ENTIRETY.  YOU HEREBY ACKNOWLEDGE THAT YOU HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY AT YOUR EXPENSE BEFORE SIGNING THIS AGREEMENT

IN WITNESS WHEREOF, the Employee has hereunto set his/her hand, and the Company has caused these presents to be executed in its name and on its behalf, all as of the day and year first above written.

Company: ITC Service Group, Inc.                     Employee:

By:  _____        By:  _____
     Tim Sauer          President                          MICHAEL HART

ITC000012



**ITC Service Group, Inc.**
7777 Greenback Lane, Suite 201
Citrus Heights, CA 95610
Toll Free: (877) 370-4482
Fax: (877) 360-4482
www.callitc.com

## TEMPORARY CONTRACT EMPLOYMENT AGREEMENT

This EMPLOYMENT AGREEMENT entered into on 06/02/0214 by and between ITC Service Group, Inc. (Company) and JESSE ALLEN  (Employee) sets forth the terms and conditions of the Employee's "At Will" employment with the Company.

NOW, THEREFORE, in consideration of the mutual promises, warranties and covenants set forth below, the parties hereto, intending to be legally bound, hereby agree as follows:

**Assignment Information:**

| | |
|---|---|
| Client: | Google |
| Work Supervisor: | JAMES CRANSTON |
| Work Address: | 3101 TERRACE STREET, KANSAS CITY, MO, 64111 |
| Work Phone Number: | |
| Job Classification: | FIBER TECHNICIAN |
| Start Date: | Monday, June 02, 2014 |
| ITC Dept Number: | 312 |
| ITC Project Number: | 12014 |

1. Employment. Effective as of the Start Date described above, the Company employs the Employee and the Employee accepts employment by the Company upon the terms and conditions hereafter set forth.

2. At-Will Employment. The employment relationship between Employee and Company is at-will and can be terminated by either party with or without cause. Notwithstanding any disciplinary procedures of the Company, either the Company or the Employee may terminate the employment relationship at any time, for any reason, with or without cause or prior notice. Further, the Company can demote, transfer, suspend or otherwise discipline Employee in its sole and absolute discretion. Nothing in this Agreement, or any other personnel document, including benefit plan descriptions, creates or is intended to create a promise or representation of continued employment in a specific position or employment at a specific rate of pay or for a specific period of time or that your employment can only be terminated for cause.

3. Scope of Duties. During the Employment Period, the Employee shall be employed as the Job Classification mentioned above and shall perform the duties of this position in good faith and comply with all rules, regulations and policies established or issued by the Company and/or Client. Employee acknowledges that these duties may be changed by the Company with or without notice at any time.

4. Extent of Service. The Employee shall devote his entire time, attention and energies to the business of the Company, and shall not during the Employment period engage in any other business activity which in the judgment of the Company conflicts with the duties of the Employee hereunder.

ITC000019

5. Compensation. In consideration of the services rendered by the Employee hereunder, the Company shall pay the Employee, on a weekly basis, according to the pay rates defined below:

| | | |
|---|---|---|
| Regular Rate of Pay: | $19.00 | Per hour |
| Overtime Rate of Pay: | $28.50 | When authorized by the client. |
| Per Diem: | $0.00 | n/a |
| Vehicle Allowance: | $0.00 | n/a |
| Mileage: | $0.00 | n/a |
| TEC Usage Rate *: | $0.00 | n/a |

* TEC (Tools, Equipment and Communications) Usage Rate -This rate includes all personal tools, provided by Employee, used for ITC business including, but not limited to, manhole equipment, hand tools, meters, drills, extension ladders, climbing equipment, cellular phone usage, and laptop computer with internet access.

6. Business Expenses. Employee shall be reimbursed for reasonable travel and other expenses incurred in the performance of his/her duties under this Agreement pursuant to the Company's general policies for reimbursement, as such policies may be amended from time to time. Subject to the Company's right to place reasonable limitations on expenses to be incurred or reimbursed, Employee shall receive reimbursement after he/she provides an itemized accounting on a Company approved expense report, together with supporting receipts for such expenditures, in accordance with applicable requirements of the Internal Revenue Code and Treasury Regulations.

7. Termination for Cause. Employee acknowledges that employment with the Company is at-will and can be terminated without or without cause and with or without. If Employee engages in any of the following conduct he/she will be subject to immediate termination for cause: (i) neglect of his duties hereunder, (ii) breach of or negligence with respect to his obligations under this Agreement, (iii) engaging in misconduct injurious to the company, or (iv) the Employee's commission of an act constituting common law fraud or a felony. If the Employee's employment is terminated by the Company for cause as herein defined, his Base Salary and his eligibility for all other benefits provided by the Company shall cease as of his termination date, after which time the Company shall have no other further liability or obligation of any kind to the Employee under this Agreement, except the Employee shall have the right to receive:

A. The unpaid portion of wages up to the date of termination;
B. Reimbursement for any unpaid business expenses;
C. Any earned but unpaid commission or other sales incentives; and
D. Unused vacation days to which the Employee is entitled in accordance with Company policy

8. Employee Acknowledgments. Employee recognizes and acknowledges that in the course of Employee's employment it will be necessary for Employee to acquire information which could include, in whole or in part, information concerning the Company's sales, sales volume, sales methods, sales proposals, customers and prospective customers, suppliers and prospective suppliers, identity, practices and procedures of key purchasing and other personnel in the employ of customers and prospective customers and suppliers and prospective suppliers, amount or kind of customer's purchases from the Company, research reports, the Company's computer program, system documentation, special hardware, related software development, the Company's manuals, methods, ideas, improvements or other confidential or proprietary information belonging to the Company or relating to the Company's affairs (collectively referred to herein as "Confidential Information") and that such information is the property of the Company). Employee further agrees that the use, misappropriation or disclosure of the Confidential Information would constitute a breach of trust and could cause irreparable injury to the Company, and it is essential to the protection of the Company's good will and to the maintenance of the Company's competitive position that the Confidential Information be kept secret and the Employee

ITC000020

agrees not to disclose the Confidential Information to others or use the Confidential Information to Employee's own advantage or the advantage of others. Employee further recognizes and acknowledges that it is essential for the proper protection of the business of the Company that Employee be restrained from soliciting or inducing any employee of the Company to leave the employ of the Company, or hiring or attempting to hire any employee of the Company. This clause applies only in States where it is enforceable.

9. Non-Disclosure of Confidential Information. Employee shall hold and safeguard the Confidential Information in trust for the Company, its successors and assigns and shall not, without the prior written consent of the Company, misappropriate or disclose or make available to anyone for use outside the Company organization at any time, either during his/her employment with the Company or subsequent to the termination of his/her employment with the Company for any reason, including, without limitation, termination by the Company for cause or without cause, any of the Confidential Information, whether or not developed by Employee, except as required in the performance of Employee's duties to the Company.

10. Return of Materials & Equipment. Upon the termination of Employee's employment with the Company for any reason, including without limitation termination by the Company for cause or without cause, Employee shall promptly deliver to the Company all correspondence, manuals, orders, letters, notes, notebooks, reports, programs, proposals and any documents and copies concerning the Company's customers or concerning products or processes used by the Company and, without limiting the foregoing, will promptly deliver to the Company any and all other documents or material containing or constituting Confidential Information as well as any tools, equipment, and/or communications devises used in the performance of Employees duties and supplied by the Company.

11. Non-Solicitation of Customers and Suppliers. Employee shall not during his/her time of employment with the Company, directly or indirectly, solicit the trade of, or do business with, any customer or prospective customer, or supplier or prospective supplier of the Company for any business purpose other than for the benefit of the Company. Employee further acknowledges that, in consideration of the promises contained in the Agreement and to induce the Company to enter into this Agreement, he shall not for One (1) year following the termination of his/her employment with the Company, including, without limitation, termination by the Company for cause or without cause, directly or indirectly, solicit the trade of, or do business with, any person or entity whatsoever who or which is or was a customer or supplier of the Company in any of the territory or territories assigned to the Employee during the Employment Period, with respect to products of the same or similar kind as those presently or in the future distributed by the Company. This clause applies only in States where it is enforceable.

12. Non-Solicitation of Employees. The Employee shall not during his/her employment with the Company and for One (1) year following termination of Employee's employment with the Company, including, without limitation, termination by the Company for cause or without cause, directly or indirectly, solicit or induce, or attempt to solicit or induce, any employee, current or future, of the Company to leave the Company for any reason whatsoever, or hire any current or future employee of the Company. This clause applies only in States where it is enforceable.

13. Assignment of Inventions. Employee hereby assigns all inventions in which he/she may accrue any rights during the course of his/her employment hereunder to the Company and agrees that all such inventions shall be the sole property of the Company and their assigns, and the Company and their assigns shall be the sole owner of all rights relating thereto. Employee shall assist the Company or any person designated by it in every proper way (but at the Company's expense) to obtain and from time to time enforce all rights relating thereto, including registrations and applications for patents, copyrights, mask work rights, or other intellectual property rights, in any and all countries. Employee shall execute all documents for use in applying for, registering, obtaining, and enforcing the rights relating to such inventions as the Company may desire, together with any

ITC000021

assignments of the rights to the Company or persons designated by it. Any provision in this Agreement requiring Employee to assign his/her rights in all inventions shall not apply to an invention that qualifies fully under the provisions of California Labor Code section 2870. Employee shall bear the full burden of proving to the Company that an invention qualifies fully under section 2870.

14. Advice of Counsel/Restrictive Covenants. The Employee has had the opportunity to consult with independent counsel and understands the nature of and the burdens imposed by the restrictive covenants contained in this Agreement. The Employee represents and acknowledges that such covenants are reasonable, enforceable, and proper in duration, scope and effect. Moreover, Employee represents and warrants that his/her experience and capabilities are such that the restrictive covenants set forth herein will not prevent him from earning his/her livelihood and that Employee will be fully able to earn an adequate livelihood for himself and his/her dependents if any of such provisions should be specifically enforced against Employee.

15. Authorization to Modify Restrictions. The Employee acknowledges that the remedies at law for any breach by Employee of the provisions of the restrictive covenants will be inadequate and that the Company shall be entitled to injunctive relief against the Employee in the event of any such breach, in addition to any other remedy and damage available. The Employee acknowledges that the restrictions contained herein are reasonable, but agrees that if any court of competent jurisdiction shall hold such restrictions unreasonable as to time, geographic area, activities, or otherwise, such restrictions shall be deemed to be reduced to the extent necessary in the opinion of such court to make them reasonable.

16. No Prior Agreements. Employee represents and warrants that he is not a party to or otherwise subject to or bound by the terms of any contract, agreement or understanding which in any manner would limit or otherwise affect his/her ability to perform his/her obligations hereunder, including, without limitation, any contract, agreement or understanding containing terms and provisions similar in any manner to those contained in Section 12 hereof. Employee further represents and warrants that his/her employment with the Company will not require the disclosure or use of any Confidential Information.

17. Covenants of the Essence. The covenants of the Employee set forth herein are of the essence of this Agreement; they shall be construed as independent of any other provision in this Agreement and the existence of any claim or cause of action of the Employee against the Company, whether predicated on this Agreement or not, shall not constitute a defense to the enforcement by the Company of these covenants.

18. Notices. Any written notice required or permitted to be given under this Agreement may be mailed, personally delivered or sent via overnight courier to the Employee at the Employee's residence as contained in the Company's records.   Alternatively notices to Employee may be oral or, if written, hand delivered to the Employee. If written notice is given to the Company, it shall be mailed, personally delivered or sent via overnight courier to the Company's principal place of business at 7777 Greenback Lane, Suite 201, Citrus Heights, California 95610, or via facsimile to (877) 360-4482.

19. Assignment. This Agreement is personal in its nature and the Employee shall not without the prior written consent of the Company, assign or transfer this Agreement or any rights, duties or obligations hereunder.

20. Entire Agreement. This Agreement constitutes the full and complete understanding and agreement of the parties hereto with respect to any employment of the Employee by the Company and supersedes all prior agreements and understanding with respect to the subject matter hereof, whether written or oral. This Agreement may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

21. Waiver. No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the Party making the waiver.

22. Severability. If any provision of this Agreement is held to be illegal, invalid, or unenforceable, that provision shall be fully severable, and this Agreement shall be construed and enforced as if the illegal, invalid, or unenforceable provision were never a part of the Agreement; the remaining provisions shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance (except to the extent the remaining provisions constitute obligations of another party to this Agreement corresponding to the unenforceable provision); and in lieu of such illegal, invalid, or unenforceable provision, there shall be added automatically as part of this Agreement, a provision as similar in its terms to the illegal, invalid, or unenforceable provision as may be possible and be legal, valid, and enforceable

23. Agreement to Arbitrate. Employee agrees that any dispute or controversy which would otherwise require or allow resort to any court or other governmental dispute resolution forum, between Employee and the Company (or its owners, directors, and officers, and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with application for employment, employment, or other association with, Company, whether based on tort, contract, statutory, or equitable law, or otherwise, shall be submitted to and determined by binding arbitration. The parties may agree to arbitrate the matter pursuant to the rules of the American Arbitration Association's Employment Arbitration Rules and Mediation. In so agreeing, the parties are not agreeing to have the matter arbitrated by the American Arbitration Association itself. In California, the arbitration shall be in conformity with the procedures of the California Arbitration Act (Cal. Code Civ. Proc. sec. 1280 et seq., including section 1283.05 and all other rights to discovery). In addition to requirements imposed by law, any arbitrator herein shall be a Judge retired from a court of general jurisdiction. All rules of pleading (including the right of demurrer, motions to strike and/or motions to dismiss), and of evidence applicable to civil actions in courts shall apply. Resolution of the dispute shall be based solely upon the law governing the claims pleaded, and the arbitrator may not invoke any basis other than such controlling law. EMPLOYEE UNDERSTANDS THAT BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH EMPLOYEE AND THE COMPANY GIVE UP THEIR RIGHTS TO TRIAL BY JURY. The decision of the arbitrator shall be final and conclusive on the parties and shall be a bar to any suit, action or proceeding instituted in any federal, state or local court or before any administrative tribunal. The award of the arbitrator shall include the essential findings and conclusions on which the award is based. Notwithstanding the foregoing, judgment on any award by the arbitrator may be entered in any court of competent jurisdiction. This arbitration provision shall survive any expiration or termination of the Agreement.

DO NOT SIGN UNTIL YOU HAVE READ THIS AGREEMENT IN ITS ENTIRETY. YOU HEREBY ACKNOWLEDGE THAT YOU HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY AT YOUR EXPENSE BEFORE SIGNING THIS AGREEMENT IN WITNESS WHEREOF, the Employee has hereunto set his/her hand, and the Company has caused these presents to be executed in its name and on its behalf, all as of the day and year first above written.

Company: ITC Service Group, Inc.                    Employee:

By: _____        By: _____        _____
        Tim Sauer              President                        JESSE ALLEN                              Date
                                                                    Jesse Allen (May 30, 2014)                    May 30, 2014

ITC000023

DocuSign Envelope ID: E1FE38AB-5709-48DD-AF00-3ACBE3C4F479



**ITC Service Group, Inc.**
7777 Greenback Lane, Suite 201
Citrus Heights, CA 95610
Toll Free: (877) 370-4482
Fax: (877)360-4482
www.callitc.com

## TEMPORARY CONTRACT EMPLOYMENT AGREEMENT

This EMPLOYMENT AGREEMENT entered into on 10/07/2013 by and between ITC Service Group, Inc. (Company) and CODY HICKCOX (Employee) sets forth the terms and conditions of the Employee's employment with the Company.

NOW, THEREFORE, in consideration of the mutual promises, warranties and covenants set forth below, the parties hereto, intending to be legally bound, hereby agree as follows:

**Assignment Information:**

| | |
|---|---|
| Client: | Google |
| Work Supervisor: | ROBERT GONZALEZ |
| Work Address: | 3101 TERRACE STREET, KANSAS CITY, MO, 64111 |
| Work Phone Number: | |
| Job Classification: | BROADBAND TECHNICIAN |
| Start Date: | Monday, October 07, 2013 |
| ITC Dept Number: | 312 |
| ITC Project Number: | 12014 |

1. Employment. Effective as of the Start Date described above, the Company employs the Employee and the Employee accepts employment by the Company upon the terms and conditions hereafter set forth.

2. At-Will Employment. The employment relationship between Employee and Company is at-will and can be terminated by either party with or without cause. Notwithstanding any disciplinary procedures of the Company, either the Company or the Employee may terminate the employment relationship at any time, for any reason, with or without cause or prior notice. Further, the Company can demote, transfer, suspend or otherwise discipline Employee in its sole and absolute discretion. Nothing in this Agreement, or any other personnel document, including benefit plan descriptions, creates or is intended to create a promise or representation of continued employment in a specific position or employment at a specific rate of pay or for a specific period of time or that your employment can only be terminated for cause.

3. Scope of Duties. During the Employment Period, the Employee shall be employed as the Job Classification mentioned above and shall perform the duties of this position in good faith and comply with all rules, regulations and policies established or issued by the Company and/or Client. Employee acknowledges that these duties may be changed by the Company with or without notice at any time.

4. Extent of Service. The Employee shall devote his entire time, attention and energies to the business of the Company, and shall not during the Employment period engage in any other business activity which in the judgment of the Company conflicts with the duties of the Employee hereunder.

ITC000045

DocuSign Envelope ID: E1FE38AB-5709-48DD-AI^^-3ACBE3C4F479

5. Compensation. In consideration of the services rendered by the Employee hereunder, the Company shall pay the Employee, on a weekly basis, according to the pay rates defined below:

| | | |
|---|---|---|
| Regular Rate of Pay: | $18.00 | Per hour |
| Overtime Rate of Pay: | $27.00 | When authorized by the client. |
| Per Diem: | $0.00 | n/a |
| Vehicle Allowance: | $0.00 | n/a |
| Mileage: | $0.00 | n/a |
| TEC Usage Rate *: | $0.00 | n/a |

* TEC (Tools, Equipment and Communications) Usage Rate -This rate includes all personal tools, provided by Employee, used for ITC business including, but not limited to, manhole equipment, hand tools, meters, drills, extension ladders, climbing equipment, cellular phone usage, and laptop computer with internet access.

6. Business Expenses. Employee shall be reimbursed for reasonable travel and other expenses incurred in the performance of his/her duties under this Agreement pursuant to the Company's general policies for reimbursement, as such policies may be amended from time to time. Subject to the Company's right to place reasonable limitations on expenses to be incurred or reimbursed, Employee shall receive reimbursement after he/she provides an itemized accounting on a Company approved expense report, together with supporting receipts for such expenditures, in accordance with applicable requirements of the Internal Revenue Code and Treasury Regulations.

7. Termination for Cause. Employee acknowledges that employment with the Company is at-will and can be terminated without or without cause and with or without. If Employee engages in any of the following conduct he/she will be subject to immediate termination for cause: (i) neglect of his duties hereunder, (ii) breach of or negligence with respect to his obligations under this Agreement, (iii) engaging in misconduct injurious to the company, or (iv) the Employee's commission of an act constituting common law fraud or a felony. If the Employee's employment is terminated by the Company for cause as herein defined, his Base Salary and his eligibility for all other benefits provided by the Company shall cease as of his termination date, after which time the Company shall have no other further liability or obligation of any kind to the Employee under this Agreement, except the Employee shall have the right to receive:

   A. The unpaid portion of wages up to the date of termination;
   B. Reimbursement for any unpaid business expenses;
   C. Any earned but unpaid commission or other sales incentives; and
   D. Unused vacation days to which the Employee is entitled in accordance with Company policy

8. Employee Acknowledgments. Employee recognizes and acknowledges that in the course of Employee's employment it will be necessary for Employee to acquire information which could include, in whole or in part, information concerning the Company's sales, sales volume, sales methods, sales proposals, customers and prospective customers, suppliers and prospective suppliers, identity, practices and procedures of key purchasing and other personnel in the employ of customers and prospective customers and suppliers and prospective suppliers, amount or kind of customer's purchases from the Company, research reports, the Company's computer program, system documentation, special hardware, related software development, the Company's manuals, methods, ideas, improvements or other confidential or proprietary information belonging to the Company or relating to the Company's affairs (collectively referred to herein as "Confidential Information") and that such information is the property of the Company). Employee further agrees that the

DocuSign Envelope ID: E1FE38AB-5709-48DD-AF00-3ACBE3C4F479

use, misappropriation or disclosure of the Confidential Information would constitute a breach of trust and could cause irreparable injury to the Company, and it is essential to the protection of the Company's good will and to the maintenance of the Company's competitive position that the Confidential Information be kept secret and the Employee agrees not to disclose the Confidential Information to others or use the Confidential Information to Employee's own advantage or the advantage of others. Employee further recognizes and acknowledges that it is essential for the proper protection of the business of the Company that Employee be restrained from soliciting or inducing any employee of the Company to leave the employ of the Company, or hiring or attempting to hire any employee of the Company. This clause applies only in States where it is enforceable.

9. Non-Disclosure of Confidential Information. Employee shall hold and safeguard the Confidential Information in trust for the Company, its successors and assigns and shall not, without the prior written consent of the Company, misappropriate or disclose or make available to anyone for use outside the Company organization at any time, either during his/her employment with the Company or subsequent to the termination of his/her employment with the Company for any reason, including, without limitation, termination by the Company for cause or without cause, any of the Confidential Information, whether or not developed by Employee, except as required in the performance of Employee's duties to the Company.

10. Return of Materials & Equipment. Upon the termination of Employee's employment with the Company for any reason, including without limitation termination by the Company for cause or without cause, Employee shall promptly deliver to the Company all correspondence, manuals, orders, letters, notes, notebooks, reports, programs, proposals and any documents and copies concerning the Company's customers or concerning products or processes used by the Company and, without limiting the foregoing, will promptly deliver to the Company any and all other documents or material containing or constituting Confidential Information as well as any tools, equipment, and/or communications devises used in the performance of Employees duties and supplied by the Company.

11. Non-Solicitation of Customers and Suppliers. Employee shall not during his/her time of employment with the Company, directly or indirectly, solicit the trade of, or do business with, any customer or prospective customer, or supplier or prospective supplier of the Company for any business purpose other than for the benefit of the Company. Employee further acknowledges that, in consideration of the promises contained in the Agreement and to induce the Company to enter into this Agreement, he shall not for One (1) year following the termination of his/her employment with the Company, including, without limitation, termination by the Company for cause or without cause, directly or indirectly, solicit the trade of, or do business with, any person or entity whatsoever who or which is or was a customer or supplier of the Company in any of the territory or territories assigned to the Employee during the Employment Period, with respect to products of the same or similar kind as those presently or in the future distributed by the Company.  This clause applies only in States where it is enforceable.

12. Non-Solicitation of Employees. The Employee shall not during his/her employment with the Company and for One (1) year following termination of Employee's employment with the Company, including, without limitation, termination by the Company for cause or without cause, directly or indirectly, solicit or induce, or attempt to solicit or induce, any employee, current or future, of the Company to leave the Company for any reason whatsoever, or hire any current or future employee of the Company.  This clause applies only in States where it is enforceable.

DocuSign Envelope ID: E1FE38AB-5709-48DD-AF00-3ACBE3C4F479

13. Assignment of Inventions. Employee hereby assigns all inventions in which he/she may accrue any rights during the course of his/her employment hereunder to the Company and agrees that all such inventions shall be the sole property of the Company and their assigns, and the Company and their assigns shall be the sole owner of all rights relating thereto. Employee shall assist the Company or any person designated by it in every proper way (but at the Company's expense) to obtain and from time to time enforce all rights relating thereto, including registrations and applications for patents, copyrights, mask work rights, or other intellectual property rights, in any and all countries. Employee shall execute all documents for use in applying for, registering, obtaining, and enforcing the rights relating to such inventions as the Company may desire, together with any assignments of the rights to the Company or persons designated by it. Any provision in this Agreement requiring Employee to assign his/her rights in all inventions shall not apply to an invention that qualifies fully under the provisions of California Labor Code section 2870. Employee shall bear the full burden of proving to the Company that an invention qualifies fully under section 2870.

14. Advice of Counsel/Restrictive Covenants. The Employee has had the opportunity to consult with independent counsel and understands the nature of and the burdens imposed by the restrictive covenants contained in this Agreement. The Employee represents and acknowledges that such covenants are reasonable, enforceable, and proper in duration, scope and effect. Moreover, Employee represents and warrants that his/her experience and capabilities are such that the restrictive covenants set forth herein will not prevent him from earning his/her livelihood and that Employee will be fully able to earn an adequate livelihood for himself and his/her dependents if any of such provisions should be specifically enforced against Employee.

15. Authorization to Modify Restrictions. The Employee acknowledges that the remedies at law for any breach by Employee of the provisions of the restrictive covenants will be inadequate and that the Company shall be entitled to injunctive relief against the Employee in the event of any such breach, in addition to any other remedy and damage available. The Employee acknowledges that the restrictions contained herein are reasonable, but agrees that if any court of competent jurisdiction shall hold such restrictions unreasonable as to time, geographic area, activities, or otherwise, such restrictions shall be deemed to be reduced to the extent necessary in the opinion of such court to make them reasonable.

16. No Prior Agreements. Employee represents and warrants that he is not a party to or otherwise subject to or bound by the terms of any contract, agreement or understanding which in any manner would limit or otherwise affect his/her ability to perform his/her obligations hereunder, including, without limitation, any contract, agreement or understanding containing terms and provisions similar in any manner to those contained in Section 12 hereof. Employee further represents and warrants that his/her employment with the Company will not require the disclosure or use of any Confidential Information.

17. Covenants of the Essence. The covenants of the Employee set forth herein are of the essence of this Agreement; they shall be construed as independent of any other provision in this Agreement and the existence of any claim or cause of action of the Employee against the Company, whether predicated on this Agreement or not, shall not constitute a defense to the enforcement by the Company of these covenants.

18. Notices. Any written notice required or permitted to be given under this Agreement may be mailed, personally delivered or sent via overnight courier to the Employee at the Employee's residence as contained in the Company's records. Alternatively notices to Employee may be oral or, if written, hand delivered to the Employee. If written notice is given to the Company, it shall be mailed, personally delivered or sent via overnight courier to the Company's principal place of business at 777 Greenback Lane, Suite 201, Citrus Heights, California 95610, or via facsimile to (877) 360-4482.

ITC000048

DocuSign Envelope ID: E1FE38AB-5709-48DD-AF00-3ACBE3C4F479

19. Assignment. This Agreement is personal in its nature and the Employee shall not without the prior written consent of the Company, assign or transfer this Agreement or any rights, duties or obligations hereunder.

20. Entire Agreement. This Agreement constitutes the full and complete understanding and agreement of the parties hereto with respect to any employment of the Employee by the Company and supersedes all prior agreements and understanding with respect to the subject matter hereof, whether written or oral. This Agreement may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

21. Waiver. No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the Party making the waiver.

22. Severability. If any provision of this Agreement is held to be illegal, invalid, or unenforceable, that provision shall be fully severable, and this Agreement shall be construed and enforced as if the illegal, invalid, or unenforceable provision were never a part of the Agreement; the remaining provisions shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance (except to the extent the remaining provisions constitute obligations of another party to this Agreement corresponding to the unenforceable provision); and in lieu of such illegal, invalid, or unenforceable provision, there shall be added automatically as part of this Agreement, a provision as similar in its terms to the illegal, invalid, or unenforceable provision as may be possible and be legal, valid, and enforceable

23. Agreement to Arbitrate. Employee agrees that any dispute or controversy which would otherwise require or allow resort to any court or other governmental dispute resolution forum, between Employee and the Company (or its owners, directors, and officers, and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with application for employment, employment, or other association with, Company, whether based on tort, contract, statutory, or equitable law, or otherwise, shall be submitted to and determined by binding arbitration. The parties may agree to arbitrate the matter pursuant to the rules of the American Arbitration Association's Employment Arbitration Rules and Mediation. In so agreeing, the parties are not agreeing to have the matter arbitrated by the American Arbitration Association itself. In California, the arbitration shall be in conformity with the procedures of the California Arbitration Act (Cal. Code Civ. Proc. sec. 1280 et seq., including section 1283.05 and all other rights to discovery). In addition to requirements imposed by law, any arbitrator herein shall be a Judge retired from a court of general jurisdiction. All rules of pleading (including the right of demurrer, motions to strike and/or motions to dismiss), and of evidence applicable to civil actions in courts shall apply. Resolution of the dispute shall be based solely upon the law governing the claims pleaded, and the arbitrator may not invoke any basis other than such controlling law. EMPLOYEE UNDERSTANDS THAT BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH EMPLOYEE AND THE COMPANY GIVE UP THEIR RIGHTS TO TRIAL BY JURY. The decision of the arbitrator shall be final and conclusive on the parties and shall be a bar to any suit, action or proceeding instituted in any federal, state or local court or before any administrative tribunal. The award of the arbitrator shall include the essential findings and conclusions on which the award is based. Notwithstanding the foregoing, judgment on any award by the arbitrator may be entered in any court of competent jurisdiction. This arbitration provision shall survive any expiration or termination of the Agreement.

ITC000049

DocuSign Envelope ID: E1FE38AB-5709-48DD-AF00-3ACBE3C4F479

DO NOT SIGN UNTIL YOU HAVE READ THIS AGREEMENT IN ITS ENTIRETY. YOU HEREBY ACKNOWLEDGE THAT YOU HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY AT YOUR EXPENSE BEFORE SIGNING THIS AGREEMENT

IN WITNESS WHEREOF, the Employee has hereunto set his/her hand, and the Company has caused these presents to be executed in its name and on its behalf, all as of the day and year first above written.

Company: ITC Service Group, Inc.                    Employee:

By:  _____                  By:  _____
        Tim Sauer        President                             CODY HICKCOX

ITC000050