QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>    vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF DAVID A. PERLSON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION OF, AND TO STAY, TRADE SECRET AND UCL CLAIMS [9 U.S.C. §§ 3, 4]** |

I, David A. Perlson, hereby declares as follows.

1. I am a member of the bar of the State of California and partner with Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Waymo LLC ("Waymo"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently to the matters set forth herein. I make this declaration in support of Waymo's Opposition to Defendants' Motion To Compel Arbitration Of, And To Stay, Trade Secret And UCL Claims [9 U.S.C. §§ 3, 4].

2. On March 15, 2017, during a meet and confer with counsel from Defendants, Defendants informed Waymo of their intention to file a motion to compel arbitration for the first time.

3. Attached hereto as Exhibit A is a true and correct copy of an email thread accepting service of Defendants' March 31, 2017 Arbitration Demand to Waymo.

4. Attached hereto as Exhibit B is a true and correct copy of the JAMS Demand For Arbitration Form that was served by Defendants and submitted as part of Defendants' March 31, 2017 Arbitration Demand To Waymo.

5. Attached hereto as Exhibit C is a true and correct copy of Defendants' Arbitration Demand Complaint against Waymo that was served by Defendants and submitted as part of Defendants March 31 Arbitration Demand to Waymo.

6. Attached hereto as Exhibit D is a true and correct copy of Anthony Levandowski's 2012 At-Will Employment, Confidential Information, Invention Assignment And Arbitration Agreement which Defendants attached as Exhibit 1 to Defendants' Arbitration Demand Complaint that was served by Defendants.

7. Attached hereto as Exhibit E is a true and correct copy of Anthony Levandowski's 2009 At-Will Employment, Confidential Information, Invention Assignment And Arbitration Agreement which Defendants attached as Exhibit 2 to Defendants' Arbitration Demand Complaint that was served by Defendants.

8. Attached hereto as Exhibit F is a true and correct copy of an email exchange related to the filing of Defendants' March 31 Arbitration Demand and Defendants' request to schedule an arbitration hearing after the conclusion of these proceedings on the merits.

9. Neither Mr. Levandowski nor Google, Inc., the parties to the 2012 and 2009 At-Will Employment, Confidential Information, Invention Assignment And Arbitration Agreements, are named as parties in Defendants' Arbitration Demand.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  April 10, 2017              */s/ David A. Perlson*
                                                             David A. Perlson

### SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from David A. Perlson.

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven