# EXHIBIT C

1    MICHAEL A. JACOBS (CA SBN 111664)
     MJacobs@mofo.com
2    ARTURO J. GONZÁLEZ (CA SBN 121490)
     AGonzalez@mofo.com
3    MORRISON & FOERSTER LLP
     425 Market Street
4    San Francisco, California  94105-2482
     Tel: 415.268.7000 │ Fax: 415.268.7522
5
     RUDY Y. KIM (CA SBN 199426)
6    RudyKim@mofo.com
     MORRISON & FOERSTER LLP
7    755 Page Mill Road
     Palo Alto, California 94304-1018
8    Tel: 650.813.5600 │ Fax: 650.494.0792
9    WENDY J. RAY (CA SBN 226269)
     WRay@mofo.com
10   MORRISON & FOERSTER LLP
     707 Wilshire Boulevard
11   Los Angeles, California  90017-3543
     Tel: 213.892.5200 │ Fax: 213.892.5454
12
     Attorneys for Claimants
13   UBER TECHNOLOGIES, INC.,
     OTTOMOTTO LLC, and OTTO TRUCKING LLC
14
     KAREN L. DUNN
15   kdunn@bsfllp.com
     HAMISH P.M. HUME
16   hhume@bsfllp.com
     BOIES SCHILLER FLEXNER LLP
17   1401 New York Avenue, N.W.
     Washington DC  20005
18   Tel: 202.237.2727 │ Fax: 202.237.6131
19   Attorneys for Claimants
     UBER TECHNOLOGIES, INC.
20   and OTTOMOTTO LLC

21          BEFORE JAMS (JUDICIAL ARBITRATION AND MEDIATION SERVICES)

22

23   UBER TECHNOLOGIES, INC.;                    Case No.
     OTTOMOTTO LLC; OTTO TRUCKING LLC
24                                               **ARBITRATION DEMAND**
                   Claimants,
25
            v.
26
     WAYMO LLC,
27
                   Respondent.
28

1.      Claimants Uber Technologies, Inc. ("Uber"), Ottomotto LLC, and Otto Trucking LLC hereby submit this arbitration demand against Respondent Waymo LLC, and allege and pray as follows.

**Nature of the Dispute**

2.      Respondent's affiliate Google Inc. ("Google") entered into two employment agreements with Anthony Levandowski, in which it agreed to arbitrate **all** controversies "arising out of, relating to, or resulting from" Levandowski's employment.  Ex. 1 (2012 Employment Agreement); Ex. 2 (2009 Employment Agreement).  Respondent breached those agreements by filing claims in California federal court in a case styled *Waymo, LLC v. Uber Techs.*, Case No. 3:17-cv-00939-WHA (N.D. Cal., filed Feb. 23, 2017) ("California Lawsuit").  *See* Ex. 3 (First Am. Compl. in the California Lawsuit) ("California FAC").  Respondent should have filed three of those claims with JAMS, not the court, because those claims are subject to mandatory arbitration under the 2009 and 2012 Employment Agreements.

3.      Claimants therefore file this arbitration demand here—in the appropriate forum—seeking (i) a declaration that Respondent's first, second, and seventh causes of action in the California Lawsuit are subject to mandatory arbitration; and (ii) a declaration that those claims are without merit.

**Jurisdiction**

4.      JAMS has jurisdiction over this dispute by virtue of the arbitration provisions in the 2009 and 2012 Employment Agreements, both of which have broad arbitration clauses.  For example, the 2012 Employment Agreement provides:

> IN CONSIDERATION OF MY EMPLOYMENT WITH THE COMPANY, **ITS PROMISE TO ARBITRATE ALL EMPLOYMENT-RELATED DISPUTES**, AND MY RECEIPT OF THE COMPENSATION, PAY RAISES AND OTHER BENEFITS PAID TO ME BY THE COMPANY, AT PRESENT AND IN THE FUTURE, **I AGREE THAT ANY AND ALL CONTROVERSIES, CLAIMS, OR DISPUTES WITH ANYONE** (INCLUDING THE COMPANY AND ANY EMPLOYEE, OFFICER, DIRECTOR, SHAREHOLDER OR BENEFIT PLAN OF THE COMPANY IN THEIR CAPACITY AS SUCH OR OTHERWISE), WHETHER BROUGHT ON AN

INDIVIDUAL, GROUP, OR CLASS BASIS, **ARISING OUT OF, RELATING TO, OR RESULTING FROM MY EMPLOYMENT WITH THE COMPANY** OR THE TERMINATION OF MY EMPLOYMENT WITH THE COMPANY, INCLUDING ANY BREACH OF THIS AGREEMENT, **SHALL BE SUBJECT TO BINDING ARBITRATION UNDER THE ARBITRATION RULES SET FORTH IN CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1280 THROUGH 1294.2, INCLUDING SECTION 1283.05 (THE "RULES") AND PURSUANT TO CALIFORNIA LAW.**

Ex. 1 § 14(a) (emphasis added).[1]  The Employment Agreements define "Company" to include Google's affiliates.  *See* Ex. 1, at 1; Ex. 2, at 1.  The arbitration clauses in both agreements provide that arbitrations will be administered by JAMS pursuant to JAMS Employment Arbitration Rules & Procedures.  Ex. 1 § 14(b); Ex. 2 § 15(b).

5.      Respondent, as an affiliate of Google, is bound by these arbitration provisions.

6.      The arbitration clauses in the Employment Agreements and the principles of equitable estoppel establish Respondent's consent to arbitration.

7.      Claimants are not signatories to the Employment Agreements, but are entitled to invoke their arbitration provisions under principles of equitable estoppel.  Respondent's trade secret and unfair competition claims in the California Lawsuit are based on alleged concerted misconduct between Claimants and Levandowski, who *is* a signatory to the employment agreements.  Because that alleged misconduct by Claimants and Levandowski is founded in and intertwined with Levandowski's purported violations of his employment agreements (as described in paragraphs 16.a–f below), equitable estoppel permits Claimants to enforce the arbitration provisions in those agreements.

**Relevant Facts**

8.      In May 2009, Google entered into an employment agreement with Levandowski.  Ex. 2.  In that agreement, Google (and its affiliate Waymo) agreed to arbitrate all controversies "arising out of, relating to, or resulting from" Levandowski's employment.  *Id.*

---

[1] The 2009 Agreement's arbitration provision is substantively similar.  *See* Ex. 2 § 15(a). For purposes of this arbitration demand, the differences between the two clauses are immaterial.

9.     In February 2012, Google entered into an employment agreement with Levandowski.  Ex. 1.  In that agreement, Google (and its affiliate Waymo) similarly agreed to arbitrate all controversies "arising out of, relating to, or resulting from" Levandowski's employment.  *Id*.

10.     Respondent was part of Google until late 2016, when it became a separate company operating alongside Google under Alphabet Inc.'s umbrella.  Ex. 3 ¶ 25; Ex. 4 (Waymo LLC's Certification of Interested Entities or Persons and Corporate Disclosure Statement, ECF No. 5).

11.     Levandowski left Google in January 2016.

12.     In early 2016, Levandowski founded Claimants Ottomotto LLC and Otto Trucking LLC.  Levandowski is currently employed by Claimant Uber.

13.     On February 23, 2017, Respondent sued Claimants in California federal court, asserting causes of action for (1) violation of the Defense of Trade Secrets Act [*sic*]; (2) violation of the California Uniform Trade Secrets Act; (3) patent infringement; and (4) violation of Cal. Business & Professions Code §§ 17200, *et seq*.

14.     On March 10, 2017, Respondent filed the operative First Amended Complaint in the California Lawsuit, asserting causes of action against Claimants for (1) violation of the Defend Trade Secrets Act; (2) violation of the California Uniform Trade Secrets Act; (3) patent infringement; and (4) violation of Cal. Business & Professions Code §§ 17200, *et seq*.  Ex. 3.

15.     Respondent's claim for violation of Cal. Business & Professions Code §§ 17200, *et seq.* in the California Lawsuit is based on the alleged "misappropria[tion] of Waymo's confidential and proprietary information."  *Id.* ¶ 144.

16.     Respondent's trade secret and unfair competition claims in the California Lawsuit are all based on Levandowski's conduct as an employee of Google and/or Respondent.  In the California Lawsuit, Respondent alleges, among other things, that:

        a.     "Levandowski, a former manager in Waymo's self-driving car project . . . downloaded more than 14,000 highly confidential and proprietary files shortly before his resignation," *id.* ¶ 4;

b.    "Levandowski took extraordinary efforts to raid Waymo's design server and then conceal his activities," *id.*;

c.    "In the months leading to the mass download of files, Mr. Levandowski told colleagues that he had plans to set up a new, self-driving vehicle company. In fact, Mr. Levandowski appears to have taken multiple steps to maximize his profit and set up his own new venture – which eventually became Otto – before leaving Waymo in January 2016," *id.* ¶ 5;

d.    "[U]nbeknownst to Waymo at the time, Waymo manager Anthony Levandowski was also secretly preparing to launch a competing vehicle automation venture – a company named '280 Systems,' which would later become Otto," *id.* ¶ 41;

e.    "[W]hile still a Waymo employee . . . Levandowski attended meetings with high-level executives at Uber's headquarters on January 14, 2016," *id.* ¶ 48; and

f.    "The next day, January 15, 2016, Mr. Levandowski's venture 280 Systems – which became [Claimant] OttoMotto LLC – was officially formed . . . . On January 27, 2016, Mr. Levandowski resigned from Waymo without notice." *Id.* ¶ 49.

17.    Respondent's trade secret and unfair competition claims in the California Lawsuit are without merit. Claimants are not seeking to arbitrate Respondent's patent infringement claims at this time.

18.    Respondent's affiliate Google has filed two other arbitration demands with JAMS against Levandowski based on conduct Levandowski allegedly engaged in during and after the time he was a Google/Waymo employee. The crux of Google's claims in the two arbitrations is that Levandowski took and improperly used Google/Waymo confidential information to benefit Ottomotto LLC and ultimately Uber:

a.    On October 28, 2016, Google filed a JAMS arbitration demand against Levandowski, alleging that he improperly used Google/Waymo

confidential information to induce Google/Waymo employees to join a

competing enterprise, 280 Systems, which became Ottomotto LLC.

    b.    The same day, Google also filed a JAMS arbitration demand against

Levandowski and another former Google employee, alleging that they had

breached the confidentiality provisions of their employment agreements

by, among other things, using confidential salary information to make

offers to Google/Waymo employees to induce them to leave

Google/Waymo, and further alleging that Levandowski breached his

employment agreement by using Google/Waymo's confidential

information about a third-party vendor that manufactured parts related to

laser technology for driverless cars.

### Consent to Arbitration

19.    Claimants consent to have this dispute heard by a panel of JAMS arbitrators, pursuant to the arbitration provisions in the 2009 and 2012 Employment Agreements.

### First Claim – For Declaratory Relief

20.    Claimants repeat and re-allege each and every allegation in paragraphs 1 through 19 above as if fully set forth herein.

21.    Respondent's first, second, and seventh causes of action in the California Lawsuit are subject to mandatory arbitration in accordance with the terms of the 2009 Employment Agreement.

22.    Respondent's first, second, and seventh causes of action in the California Lawsuit are subject to mandatory arbitration in accordance with the terms of the 2012 Employment Agreement.

23.    Claimants seek a final and binding declaration that Respondent's first, second, and seventh causes of action in the California Lawsuit are subject to mandatory arbitration.

### Second Claim – For Declaratory Relief

24.    Claimants repeat and re-allege each and every allegation in paragraphs 1 through 23 above as if fully set forth herein.

1    25.    Claimants seek a final and binding declaration that Respondent's first, second,

2  and seventh causes of action in the California Lawsuit are without merit.

3                                **Prayer for Relief**

4    WHEREFORE, Claimants respectfully pray for the following:

5    A.    A declaration that Respondent's first, second, and seventh causes of action set

6  forth in the California Lawsuit are subject to mandatory arbitration in accordance with the terms

7  of the 2009 and 2012 Employment Agreements;

8    B.    A declaration that Respondent's first, second, and seventh causes of action set

9  forth in the California Lawsuit are without merit; and

10    C.    Any other and further relief that the Arbitrators deem just and proper.

11

12  Dated: March 31, 2017                    MORRISON & FOERSTER LLP

13

14                                           By: _____
                                                  ARTURO J. GONZÁLEZ
15
                                             Attorneys for Claimants
16                                           UBER TECHNOLOGIES, INC.,
                                             OTTOMOTTO LLC, and OTTO TRUCKING LLC

17

18

19

20

21

22

23

24

25

26

27

28