QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF RACHAEL MENY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION OF, AND TO STAY, TRADE SECRET AND UCL CLAIMS [9 U.S.C. §§ 3, 4]** |

1    I, Rachael Meny, hereby declares as follows.

2    1.    I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am a partner at the law firm Keker, Van Nest & Peters LLP ("KVP"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2.    I am counsel, along with others at KVP, for Claimant Google Inc. ("Google") in the pending JAMS arbitrations that Google filed against Anthony Levandowski in October 2016.

3.    Google filed one of the pending arbitrations against Levandowski only (the "Levandowski-only Arbitration"), pursuant to two "Non-competition and Non-solicitation Agreement[s]" that Levandowski signed when he sold two companies to Google in 2011. Google's demand in the Levandowski-only Arbitration alleges one claim against Levandowski for breach of his Non-competition and Non-Solicitation Agreements with Google. See First Cause of Action, page 9.

4.    Google filed the other pending arbitration against Levandowski and one of his Otto co-founders, pursuant to their employment agreements with Google (the "Joint Arbitration"). Google's demand in the Joint Arbitration alleges seven claims against Levandowski and his co-founder: (1) breach of the employment agreements with Google; (2) breach of fiduciary duties/duty of loyalty; (3) fraud; (4) tortious interference with contract; (5) tortious interference with prospective economic advantage; (6) violations of Business & Professions Code section 17200; and (7) unjust enrichment. *See* Joint Demand, pages 10-19.

5.    Neither Uber nor Waymo are parties to these two pending arbitration demands. During meet and confer discussions, counsel for Levandowski and his co-founder have stated that Uber (and the related Otto/280 Systems entities) are third parties to these arbitrations who will only produce documents and information pursuant to third party subpoena(s).

6.    Levandowski and his co-founder are personally represented in the pending arbitrations by numerous lawyers from Morrison & Foerster LLP, including Arturo Gonzalez (lead counsel) and Eric Tate. As of April 3, 2017, we understand from Mr. Tate that Morrison & Foerster continues to represent Mr. Levandowski personally in these arbitrations.

7. Google's arbitration demands do not include allegations concerning trade secrets. Google's arbitration demands also do not include allegations against Uber or any Otto entity. Thus the arbitration panel will not decide any issues related to the trade secret misappropriation claims that Waymo is asserting against Uber.

8. These arbitration demands were filed on October 28, 2016.  However, the arbitrations were not formally commenced by JAMS until January 20, 2017.  This delay occurred primarily because the parties disputed whether, and how, the two arbitration demands could be consolidated.  After filing, Google spent almost one month of time negotiating with Levandowski's and his co-founder's counsel at Morrison & Foerster over whether the parties would voluntarily agree to consolidate the two arbitration demands.  After extended negotiations, Levandowski's and his co-founder's counsel refused to voluntarily agree to consolidation.  Google then filed a motion asking JAMS to administratively consolidate the two demands, which Levandowski and his co-founder opposed.  JAMS did not commence the arbitrations until it ruled on Google's motion in January 2017, denying Google's motion in light of Respondents' opposition and leaving that issue to be decided by the panel after appointment.

9. The first case management conference in the arbitration occurred on March 10, 2017.  The parties in arbitration told the arbitration panel that the arbitration pleadings were complete and no new parties would be added to the arbitration. Mr. Gonzalez, Mr. Tate and one other Morrison & Foerster lawyer attended this hearing for Levandowski and his co-founder.  I am informed and believe that this March 10, 2017 conference occurred before Mr. Gonzalez filed a motion to compel arbitration on behalf of Uber and Otto in Federal District court.

10. By the time of the first case management conference on March 10, 2017, the parties had not yet agreed upon consolidation or a case schedule.  Thus, the arbitrators set a second case management conference to occur on April 3, 2017 and required the parties to engage in further meet and confer efforts on these issues.  Google had proposed an October or December 2017 arbitration hearing date, but Morrison & Foerster rejected these dates.  The parties have now agreed upon an April 30, 2018 start date for hearing on the consolidated arbitration.  This April

2018 hearing was agreed upon, in part, after Morrison & Foerster repeatedly contended that it was not possible to do an arbitration hearing in this matter during 2017.

11. On the afternoon of April 3, 2017, Morrison & Foerster first informed KVP that Uber had filed a motion to compel arbitration in this action. At the April 3, 2017 case management conference later that day, Morrison & Foerster first informed the arbitration panel about their pending motion to compel arbitration, but the panel did not take any position regarding their pending motion. At the April 3, 2017 case management conference, the parties and the panel confirmed their agreement to an April 30, 2018 hearing date in this matter, and agreed to submit a signed stipulation to the arbitration panel implementing a schedule for the April 30, 2018 hearing date. No formal discovery can yet begin in the arbitrations.

12. In the arbitration, the parties previously agreed to provide initial disclosures, including documents, on April 10, 2017, and in March 2017 the panel set this as the date for the parties' Rule 17 production. At the April 3, 2017 conference, Mr. Levandowski's counsel told the arbitration panel that it was currently unclear whether Mr. Levandowski would produce relevant information as required on April 10, 2017. Today, Mr. Gonzalez informed Google that Mr. Levandowski will not be producing documents in the arbitration, and the parties will brief and argue the Fifth Amendment issues pursuant to the schedule set by the panel.

13. The arbitrations will be heard by the following three arbitrators: Hon. Steven A. Brick (Ret.), Hon. Edward A. Panelli (Ret.), and Hon. James Ware (Ret.). These three arbitrators noted that Google's initial request at the first case management conference for an October 2017 hearing date was aggressive in the arbitration context.

14. Mr. Lewandowski and his co-founder initially opposed allowing either side to serve any Interrogatories or Requests for Admission, and most recently argued that each side be limited to just ten Requests for Production, two non-party document subpoenas (with a limit of 10 RFPs each), five depositions for non-parties or party affiliates (including employees of Google and Uber), and that the depositions of Mr. Levandowski and his co-founders be limited to a combined ten hours.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in Truckee, California, on April 10, 2017.

DATED:  April 10, 2017              */s/ Rachael Meny*
                                     Rachael Meny

### SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Rachael Meny.

                                     */s/ Charles K. Verhoeven*
                                     Charles K. Verhoeven