**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

April 10, 2017

Honorable William H. Alsup
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom 8 - 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. 3:17-cv-00939-WHA

Dear Judge Alsup:

Plaintiff Waymo respectfully submits this discovery letter brief concerning the inspection of Defendants' ("Uber") accused LiDAR devices.  As set forth below, Waymo's outside counsel and technical expert are set to inspect Uber's LiDAR devices tomorrow, April 11, 2017, yet Uber has refused to explain exactly which devices will be made available for inspection, or confirm that it will provide specific devices that are central to Waymo's Motion for Preliminary Injunction.  These devices include Uber's "custom built" LiDAR device referenced in its disclosure to Nevada regulators, and the device corresponding to the design files that Waymo inadvertently received in an email from Uber's vendor.  It is critical that Uber provide these devices for inspection so that Waymo can properly determine the scope and degree of Uber's misappropriation and infringement, and respond to the arguments raised in Uber's Opposition.

**Factual Background**

In its discovery letter brief submitted April 3, 2017, Waymo requested relief for Defendants' failure to comply with the Court's March 16 Expedited Discovery Order, including "an inspection of Uber's LiDAR system(s)."  (Dkt. No. 135 at 3.)  During the hearing on Waymo's letter brief, the Court observed that, "The plaintiff has, I believe, made a sufficient showing that they ought to be able to inspect your LiDAR system, to see if the way it's actually implemented, they can – they believe it violates any of their proprietary information. So, an inspection ought to be done." (April 5, 2017 Tr. at 32:14-18.)

Following the Court's instruction, the parties conferred about the details of the inspection.  (Ex. A.)  Waymo requested that Uber make available the following devices: (1) the "In-house custom built 64-laser (Class 1) emitting 6.4 million beams a second at 10Hz" described to Nevada regulators; (2) the LiDAR device that makes use of the transmit board depicted in Exhibit 1 to the Declaration of William Grossman in support of Waymo's motion for preliminary injunction; and (3) the LiDAR devices corresponding to the documents produced at UBER00000727_AEO and UBER00005076_AEO.  (*Id*. at 3-4.)  After reviewing Uber's Opposition paper Waymo then requested clarification about the devices Uber would be making available, including an explanation of which devices from the above list (i) Uber contends do not exist; (ii) Uber is refusing to make available; and (iii) devices from the list that Uber contends are the same.  (*Id*. at 2-3.)  Finally, Waymo requested confirmation that Uber would be making available all devices considered by Uber's experts and fact declarants as set forth in the papers Uber submitted in connection with its Opposition filed on April 7, 2017.  (*Id*. at 3.)  These devices include, but are

not necessarily limited to the "dual stack" devices discussed at page 4 of Uber's Opposition, and the Fuji device discussed at page 5 of Uber's Opposition. In response, counsel for Uber indicated that it would make "two devices" available for inspection, without specifying what the devices are or responding to Waymo's request for clarification. (Ex. A at 1-2.) Counsel for Uber also stated that "there is no device that was shown to Nevada regulators," without additional explanation. (*Id*.) Waymo again requested clarification and a meet and confer and indicated its understanding that the parties were at an impasses if it did not hear back from Uber. (*Id*. at 1.) As of the filing of this motion, Uber has not responded.

## **Argument**

Waymo respectfully requests that the Court order to produce for inspection the following categories of LiDAR devices: (1) the "In-house custom built 64-laser (Class 1) emitting 6.4 million beams a second at 10Hz" described to Nevada regulators; (2) the LiDAR device that makes use of the transmit board depicted in Exhibit 1 to the Declaration of William Grossman in support of Waymo's motion for preliminary injunction; (3) the LiDAR devices corresponding to the documents produced at UBER00000727_AEO and UBER00005076_AEO; and (4) all devices considered by Uber's experts and fact declarants as set forth in the papers Uber submitted in connection with its opposition brief.

With respect to category (1), Uber represented to Nevada regulators that it had "developed in house and/or currently deployed" an "[i]n-house custom built 64-laser" LiDAR device. (Dkt. No. 25-6, Ex. 51.) Waymo filed its Motion for Preliminary Injunction, in part, in light of this evidence. (Dkt. No. 25-4 at 15-16.) Now that the Court has ordered an inspection, Uber's response is to deny its own regulatory filing's accuracy and say that "there is no device that was shown to Nevada regulators." (Ex. A at 1-2.) To the extent the device ever existed—as Uber previously represented—Uber must make it available for Waymo's inspection under the Court's order. The device is squarely within Waymo's request for preliminary relief, and Waymo is entitled to analyze to determine the extent of Uber's infringement and misappropriation.

Category (2) raises the same concern. Waymo moved for a preliminary injunction on the grounds that, in part, a design file Waymo inadvertently received from one of Uber's vendors discloses the design of a transmit board that uses the same design and configuration as the transmit boards in Waymo's LiDAR system. (Dkt. No. 25-4 at 14.) Uber's Opposition is noticeably silent regarding these events, failing to mention the vendor or explain how and why it came into possession of the design. Nevertheless, any Uber LiDAR device that makes use of the design is squarely within the scope of Waymo's request for preliminary relief and must be made available for inspection.

With respect to category (3), Waymo has identified specific files from Uber's production that disclose transmit board and circuit designs that closely resemble files included among the 14,000 files that Anthony Levandowski misappropriated when he left Waymo. Waymo should be permitted to inspect any devices that incorporate the designs contained in these files.

Finally, with respect to category (4), Uber must make available for inspection any devices considered by its fact and expert witnesses in preparation of their declarations submitted in

support of Uber's Opposition. Uber should not be permitted to rely on its witnesses' review of these devices for purposes of defending against Waymo's patent and trade secret claims, yet withhold the devices from inspection and thereby stifle Waymo's ability to respond to the defenses.

Respectfully,

*/s/ Jordan R. Jaffe*
Jordan R. Jaffe
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Counsel for Waymo LLC

CC:  Counsel of record (via ECF)