# EXHIBIT A

# FILED UNDER SEAL

**From:** Jordan Jaffe
**Sent:** Monday, April 10, 2017 2:19 PM
**To:** Gonzalez, Arturo J.
**Cc:** QE-Waymo; UberWaymo
**Subject:** RE: Inspection of our Device

Arturo,

Thanks for following up. As far as disassembly goes, we will endeavor to use the protocol you've suggested. If, on site, we find it is not workable, I will contact one of you or Rudy to follow up.

You have still not responded, however, on the roster of devices Defendants are making available. Here's where I understand we're at:

- The "In-house custom built 64-laser (Class 1) emitting 6.4 million beams a second at 1OHz" discussed in Nevada regulatory submission; UBER RESPONSE: THIS DESCRIBES A DEVICE THAT DOES NOT EXIST AND NEVER EXISTED.
- The LiDAR device that makes use of the transmit board depicted in Exhibit 1 to the Declaration of William Grossman in support of Waymo's motion for preliminary injunction; UBER STILL NEEDS TO CONFIRM THAT ONE OF THE TWO DEVICES IT IS MAKING AVAILABLE CORRESPOND TO THIS DEVICE
- The LiDAR devices corresponding to the documents produced at UBER00000727_AEO and UBER00005076_AEO. UBER STILL NEEDS TO CONFIRM THAT IT IS MAKING THESE AVAILABLE

Defendants have yet to further confirm whether the devices made available for inspection include the all devices considered by Uber's experts and/or fact declarants, including the devices discussed in their declarations.

Given the time crunch before the inspection, let us know if you'd like to jump on the phone to discuss this afternoon. We otherwise understand that we are at an impasse.

Best regards,

Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com

---

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Monday, April 10, 2017 1:28 PM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; UberWaymo <UberWaymo@mofo.com>
**Subject:** Inspection of our Device

Jordan,

I deleted the AEO part of your message so that I can forward this chain to our clients. To avoid disputes tomorrow, here is where we ended up:

1. We are bringing 2 devices for an AEO inspection. As you will confirm in deposition, there is no device that was shown to Nevada regulators.

1

2. No cameras or recording devices should be brought to the inspection. We will have a digital camera available for your use. Take whatever photos you want and we will produce them AEO the next day.
3. We will not allow disassembly of the devices. However, I have requested that a separate optical cavity be brought that we can disassemble for you.
4. Probably obvious, but this is not a deposition. Please refrain from questioning our clients. If you have a question during the inspection, please email Rudy Kim and me and one of us will get back to you.

The inspection will begin at 9:00. Please check in with security and come up to the 33rd floor.

**Arturo J. González**
Chair, Commercial Litigation and Trial Practice Group
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
P: 415.268.7020 | F: 415.276.7020 | C: 415.425.9548
AGonzalez@mofo.com | www.mofo.com

---

**From:** Jordan Jaffe [mailto:jordanjaffe@quinnemanuel.com]
**Sent:** Monday, April 10, 2017 9:53 AM
**To:** Gonzalez, Arturo J.
**Cc:** QE-Waymo; UberWaymo
**Subject:** [EXT] RE: Inspection of our Device (AEO)

Further, your reference to "two devices" does not answer the questions I posed. If Defendants still refuse to comply with these requests, we understand Defendants' final position on these issues and will proceed accordingly.

Best regards,

Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com

---

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Monday, April 10, 2017 9:31 AM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; UberWaymo <UberWaymo@mofo.com>
**Subject:** Inspection of our Device (AEO)

Jordan,

To avoid misunderstanding, we will not allow disassembly. However, as I noted previously, if there is something in particular that you would like to see that you think requires disassembly, let me know what it is and we will consider your request. Today, asked whether we had an extra board. I will inquire and get back to you.

I also told you that we were bringing two devices, our current device and an earlier version.

Arturo

Sent from my iPhone

On Apr 10, 2017, at 9:21 AM, Jordan Jaffe <jordanjaffe@quinnemanuel.com> wrote:

> WAYMO HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY
>
> Arturo,

2

Further to our conversation a few minutes ago, please confirm today exactly what devices Uber is making available from the list below which devices: (1) Uber contends do not exist; (2) Uber is refusing to make available; or (3) devices from the list that Uber contends are the same. Please further confirm that the devices made available for inspection include the all devices considered by Uber's experts and/or fact declarants, including the devices discussed in their declarations.

On disassembly, as I noted, Waymo is asserting various trade secrets that pertain, in part, to the layout of certain components. For example, one trade secret relates to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ We need to be able to look at individual components to evaluate these issues. We assume this address your concerns and disassembly to evaluate these trade secrets will be permitted at the inspection tomorrow.

Please let us know if you have any further questions or would like to discuss.

Best regards,

Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com

---

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Saturday, April 08, 2017 7:44 AM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; Waymo Internal - Attorneys <Waymo_Internal_Attorneys@mofo.com>
**Subject:** Inspection of our Device

Jordan,

Tuesday morning at 9 works. We will not agree to video but we will agree to take digital photos of anything you ask us to take a picture of and to formally produce the photos the next morning with AEO designation.

Our client is not comfortable with the idea of disassembly. I'm sure your clients have explained how sensitive these devices are. We are not inclined to allow disassembly but if there is something specific that you have in mind, please let me know so that we can raise it with our clients. There is a big difference between lifting the hood and removing the engine.

Arturo

Sent from my iPad

On Apr 7, 2017, at 11:27 AM, Jordan Jaffe <jordanjaffe@quinnemanuel.com> wrote:

> Arturo,
>
> Thanks for your note. Please have the devices ready to inspect Tuesday morning at 9:00 AM. In this initial inspection, we expect that we will need at least four to eight hours to adequately inspect the devices.
>
> At the inspection, please ensure the following Uber LiDAR devices are available:
>
> - The "In-house custom built 64-laser (Class 1) emitting 6.4 million beams a second at 10Hz" disclosed to Nevada regulators;

3

- The LiDAR device that makes use of the transmit board depicted in Exhibit 1 to the Declaration of William Grossman in support of Waymo's motion for preliminary injunction;
- The LiDAR devices corresponding to the documents produced at UBER00000727_AEO and UBER00005076_AEO.

We expect each LiDAR to be operational, running software and functioning as designed for use in autonomous vehicles.

Finally, to adequately prosecute our claims regarding whether Uber misappropriated Waymo's trade secrets or infringes its patents asserted in the preliminary injunction motion, contrary to your email, will need to take pictures and/or videos of the devices. We will designate and treat as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY all pictures and videos of the devices under the Interim Protective Order. We can agree to use a digital camera for this as opposed to a cell phone camera for these pictures. In, addition, we will need to look at individual components of the devices, which may or may not require some disassembly.

Please confirm before 5 pm that the devices will be available for inspection under these parameters. If not, please provide times today or tomorrow to meet and confer to in order satisfy our requirements before seeking relief from the Court.

Best regards,


Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com

---

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Friday, April 07, 2017 11:10 AM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Inspection of our Device

Quinn Team,

When would you like to come see the device? We will have it delivered to our SF office and set it up in a conference room. For obvious reasons, no cell phones, photos or video will be allowed. If you need to make a call during your inspection, we will make a conference room available for you. (You can also leave your phone with our receptionist.) Let me know how long you think you will need for the inspection so that we can make appropriate arrangements.

**Arturo J. González**
Chair, Commercial Litigation and Trial Practice Group
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
P: 415.268.7020 | F: 415.276.7020 | C: 415.425.9548
AGonzalez@mofo.com | www.mofo.com


================================================================
====================

4

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.