April 11, 2017

Honorable William H. Alsup
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom 8 - 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:     *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. 3:17-cv-00939-WHA

Dear Judge Alsup:

Plaintiff Waymo respectfully submits this discovery letter brief to request the assistance of the Court in enforcing its April 9th subpoena served on Anthony Levandowski.  Specifically, Waymo requests that the Court (i) confirm that the subpoena for documents is authorized under the Court's March 16, 2017 Order to govern expedited discovery and (ii) rule that the requests for documents are not unduly burdensome in light of Mr. Levandowski's representation that he intends to invoke the Fifth Amendment in response to all requests.

## FACTUAL BACKGROUND

On March 16, 2017, this Court entered an order setting forth a plan for expedited discovery. (Dkt. 61 (the "Discovery Order").)  The Discovery Order required Uber to produce several categories of documents regarding files and documents downloaded by former Waymo employee Anthony Levandowski, including the devices used for the downloads as well as "all subsequent emails, memoranda, PowerPoints, text messages, or notes that have forwarded, used, or referred to any part of said downloaded material." (Dkt. 61 ¶ 4.)  The Discovery Order also set forth a procedure for the parties to request depositions and targeted production of additional information relevant to Waymo's pending Motion for Preliminary Injunction.

During the Case Management Conference immediately preceding the Discovery Order, the Court acknowledged that, while the then-tentative Discovery Order did not explicitly allow for third-party subpoenas, "I think, clearly, you should have that right.  So, so, what I want to make it clear is that one of those three additional depositions – well, you ought to be able to use the subpoena power to find him." (3/16/17 Tr. at 11:11-15.)

Later, counsel for Uber made clear that despite the Court's Discovery Order, they did not intend to produce documents located in the personal sources of Mr. Levandowski. (3/29/17 Tr. at 5:2-5 ("We don't have some of these documents that are in the complaint and in the motion for preliminary injunction. We, Uber, do not have those.").)  Even as the Court noted that a failure to produce Mr. Levandowski's documents would likely result in adverse consequences for Uber (*id.* at 7:20-23), Uber's attorneys insisted that they had no obligation to produce such information. (*Id.* at 12:1-3 ("[L]et's just assume hypothetically that he's got something at home -- that is not

something we have access to.  And I just want to be forthright and tell you that.").)[1]

Based on Uber's insistence that they would not produce documents ostensibly within the possession of Mr. Levandowski, Waymo served a Fed. R. Civ. P. 45 subpoena on Mr. Levandowski's personal attorneys on April 9th, seeking an April 14th deposition and a production of documents in response to six targeted requests.  (Ex. 1 (subpoena).)  Mr. Levandowski's attorneys confirmed that they had accepted service on his behalf later that day. (Ex. 2.)

On April 10th, Mr. Levandowski objected to the document requests included with the subpoena[2] on the grounds that (i) a request for production from a third party was "outside the expedited discovery" that the Court had ordered; (ii) Mr. Levandowski planned "to assert his Fifth Amendment rights with respect to any document[] requests served on him"; and (iii) to the extent the subpoena requested documents prior to the April 14th deposition, the requests were unduly burdensome.  (Ex. 3.)  The parties met and conferred by telephone later that evening and are currently at an impasse.

## ARGUMENT

*First*, Mr. Levandowski's objection that third-party discovery is outside the scope of the Discovery Order lacks merit.  Per the Court's explicit clarification during the March 16th case management conference, Waymo has the right to issue third-party subpoenas for purposes of seeking the discovery authorized under the Discovery Order.  (3/16/17 Tr. at 11:11-15.)  Indeed, the only reason a subpoena to Mr. Levandowski is necessary is because Uber is taking the position that it lacks authority to access information within the possession of the head of its self-driving car project.  The Court should clarify that the subpoena is proper.

*Second*, the Court should overrule Mr. Levandowski's objection that production of responsive materials at least 24 hours in advance of the April 14th deposition would be "unduly burdensome."  Mr. Levandowski has represented that he intends to invoke the Fifth Amendment in response to all of the document requests (Ex. 3), which eliminates any potential claim of burden.[3]

---

[1]   Consistent with its position at the March 29th hearing, Uber refused to produce documents within the "possession, custody, or control" of Mr. Levandowski on March 31st.  (*See generally* Dkt. 135.)  Thereafter, Mr. Levandowski moved to intervene in order to assert certain rights under the Fifth Amendment (Dkts. 151 & 147).  On April 10th, the Court denied the relief sought by Mr. Levandowski under the Fifth Amendment.  (Dkt. 202.)

[2]   Mr. Levandowski has not objected to the request that he appear for deposition on April 14.

[3]   Waymo reserves the right to seek an adverse inference against Uber with respect to all matters on which Mr. Levandowski refuses to testify or produce.

Moreover, there is no dispute that the subpoena was served 120 hours prior to the deposition in accordance with the Discovery Order.  Further, under the circumstances, prompt production (or assertion of the Fifth Amendment) is necessary to allow Waymo a full and fair opportunity to depose Mr. Levandowski in advance of filing its April 21st Reply Brief in support of its Motion for Preliminary Injunction.  Finally, it is appropriate to hold Mr. Levandowski to the same timing requirements as apply to Uber under the Discovery Order.  Again, the only reason a subpoena was even required to be served in the first place is because Uber and Mr. Levandowski have attempted to construct an artificial distinction between themselves in an effort to delay their obligations to produce responsive information.

For all of these reasons, Waymo respectfully requests that the Court grant the requested relief to ensure full and prompt compliance with the April 9th subpoena.

Respectfully,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Counsel for Waymo LLC

CC:  Counsel of record (via ECF)