# EXHIBIT A

| | |
|---|---|
| **From:** | Melissa Baily |
| **Sent:** | Tuesday, April 11, 2017 12:24 PM |
| **To:** | UberWaymo |
| **Cc:** | QE-Waymo |
| **Subject:** | Custodians To Be Searched |

MoFo Team,

Please search the files of the following five custodians pursuant to the Court's April 6 Order:  Gaetan Pennecot, Scott Boehmke, James Haslim, Brent Schwarz, and Lior Ron.  We need additional information from Defendants before we can identify five additional custodians.  Specifically, please provide (i) any available organizational chart related to groups/individuals who work on LiDAR systems at Defendants, (ii) a list of individuals most knowledgeable about/involved in Uber's acquisition of Otto, and (iii) a list of individuals most knowledgeable about/involved in Otto's acquisition of Tyto.  Please promptly provide this information and we will work cooperatively with you to finalize Waymo's list of custodians before 5 p.m. today.

Thanks,
Melissa


**Melissa J. Baily**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6336 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
melissabaily@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

| | |
|---|---|
| **From:** | Gonzalez, Arturo J. <AGonzalez@mofo.com> |
| **Sent:** | Thursday, April 06, 2017 4:14 AM |
| **To:** | Jordan Jaffe |
| **Cc:** | Ray, Wendy J.; QE-Waymo; UberWaymo |
| **Subject:** | Waymo v. Uber - search term (AEO) |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Jordan,

We will run the terms and confer if the hits are too high.

Arturo

Sent from my iPad

On Apr 5, 2017, at 11:56 PM, Jordan Jaffe <jordanjaffe@quinnemanuel.com> wrote:

> - External Email -
>
> Wendy,
>
> As you know, we presented the list of 15 terms, including "Fuji," to Uber's counsel at our court-ordered meet and confer this morning.  Uber voiced no objection to any of the terms.  Instead, subsequent to receiving the list of 15 terms (including "Fuji"), Mr. Gonzalez repeatedly represented to the Court today that Uber would run the terms we suggested.  4/5/17 Hr. Tr. at 20:13-15 (Mr. Gonzalez: "Give us the 15 search terms, and we will use them. We didn't hear a response until this morning. Now they've given us the list; we're using those terms.")  The Court ordered Uber to do the same thing with no objection from Uber as to any of our 15 terms.  *Id.* at 22:23-23:5 (The Court: "You ought to do all 15 of those search terms.. . . MR. GONZALEZ: Your Honor, we will search those 15 terms, Your Honor.").
>
> Please explain why is now refusing to use the terms we suggested despite representing to the Court it would do so.  Please further explain the basis for Uber's new contention that the term "Fuji" overbroad in view of Waymo's allegations.  Finally, as I told you earlier when we spoke via phone, the first step in any such discussion is a hit count for the term.  Have you run such a hit count?  If yes, what is the result?
>
> Best regards,
>
> Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com
>
> **From:** Ray, Wendy J.
> **Sent:** Wednesday, April 5, 2017 8:53 PM
> **To:** QE-Waymo
> **Cc:** UberWaymo
> **Subject:** Waymo v. Uber - search term (AEO)
>
> Jordan,

1

As discussed, the Fuji term is overbroad. There is only one version, so version cannot serve as the basis for narrowing. We propose narrowing using the following additional limitations:

"FUJI" and ("orientation" OR "parameters" OR "spacing" OR "pattern" OR "resolution" OR "lens" OR "PCB" OR "TX" OR "RX" OR "fiducial" OR "alignment")

Please let us know if Waymo agrees.

Wendy

**Wendy J. Ray**
**MORRISON & FOERSTER LLP**
707 Wilshire Blvd., Suite 6000
Los Angeles, California 90017-3543
Phone: (213) 892.5446 | Fax: (213) 892.5454
E-mail: wray@mofo.com

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

| | |
|---|---|
| **From:** | Ray, Wendy J. <WRay@mofo.com> |
| **Sent:** | Monday, April 03, 2017 6:37 PM |
| **To:** | David Perlson; John Neukom |
| **Cc:** | QE-Waymo; UberWaymo; KDunn@BSFLLP.com; hhume@BSFLLP.com |
| **Subject:** | RE: Today's Production |

David,

Please let us know when you would like to come to review the documents that you are unable to access.  We have a computer in our San Francisco office that is ready for you.

With respect to Otto, the Otto computers were consolidated with Uber's and have been included in our review.

Your letter to the Court asks for leave to provide us with 15 search terms.  If you provide us with those terms, we would agree to run them now and share with you how many "hits" we receive for each term.  If the number of hits are reasonable, we will agree to review the documents.

Finally, you will be receiving a corrected production with the metadata shortly.

Wendy

**From:** David Perlson [mailto:davidperlson@quinnemanuel.com]
**Sent:** Monday, April 03, 2017 6:16 PM
**To:** Ray, Wendy J.; John Neukom
**Cc:** QE-Waymo; UberWaymo; KDunn@BSFLLP.com; hhume@BSFLLP.com
**Subject:** RE: Today's Production

Wendy, thank you for offering a "computer with the files and necessary software, etc. for you to review at our offices."  We will respond separately on your offer to consider specific searches, although providing them would in no way excuse Uber's violation of the Court's Order to date.

Further, as Jordan already noted, to the extent you are suggesting that Waymo did not offer the 14,000 files for inspection or that Defendants were unaware of their availability, that is plainly incorrect given the offer for inspection in Waymo's written responses and objections to Defendants' RFPs in advance of Tim Willis' deposition.  If that is what your email intended to suggest, it seems Uber did not even read Waymo's responses.  Uber cannot cast blame on Waymo for its own failure to make use of the materials Waymo made available to Uber to comply with the Court's March 16 Order.

 You note that "We also searched Sameer Kshirsagar's personal phone. Mr. Kshirsagar assisted in our searching."  You make no similar representation regarding Mr. Levandowski, which also shows Uber's failure to comply with the Court's Order.  Additionally, it is unclear from your email whether a search was done of repositories on Otto systems, whether or not integrated into Uber's.  Please clarify.

You also state in your email that "[t]he list of 14,000 files is overly broad" as an excuse. But Uber agreed to the language of the Court's Order regarding the 14,000 files, so this again is no excuse. It certainly does not provide a basis for Uber to unilaterally ignore the terms of the Court's Order.

While you state that there are no references to the "14,000 files" in privileged communications that do not post-date the filing of this lawsuit, the Court's Order is not limited to that as you know. You further state that "[w]e are willing to log any relevant privileged communications pertaining to the acquisition but may have the same Fifth Amendment considerations that were raised in court last week. We have instructed our team to log those communications." Initially, what needs to be logged is not what Uber deems "relevant." Documents responsive to the Court's Order must be logged. And while we continue to fail to see how any documents could justifiably be withheld on Fifth Amendment considerations, if Uber is withholding documents on that basis, it needs to log them and should have done so already. We reserve all rights for Uber's failure to provide a privilege log to this point, but please provide a time certain for when you intend to do so.

We continue to reserve all rights for Uber's failures and violations of the Court's March 16 Order to date.

David