# EXHIBIT B

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| WAYMO LLC,<br><br>             Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF PAUL T. FRENCH IN SUPPORT OF WAYMO'S RESPONSE TO DEFENDANTS' LETTER BRIEF** |
|---|---|

I, Paul T. French, hereby declare as follows.

1. I am a Data Forensics Expert at Discovia. I have consulted in private sector electronic forensic matters since 1999 following a thirteen year career in the U. S. Air Force. I have vast experience with e-discovery practice, and have spearheaded large-scale electronic discovery engagements for law firms, Fortune 1000 corporations, and government entities across the globe. I have managed high visibility e-discovery engagements and authored custom software for a wide array of intricate discovery issues. I have experience planning and executing large-scale, complex electronic collections and investigations in the fields of intellectual property, SEC violations, document recovery/validation, and employee/employer misconduct. I have authored over 75 custom software utilities to convert, search, analyze and present data from a variety of platforms.

2. In sum, defendants have provided scant detail into their claimed inability to meet the Court's deadlines. They have described the amount of data, devices, and custodians potentially at issue, and have stated that searching the material has been time-consuming, but have provided little to no insight into the techniques they are using to search and prioritize the data.

3. Defendants claim to be unable to collect, process and review 106.5 terabytes of data by Friday's deadline. Defendants have provided insufficient information to back up this claim. For instance, they do not specify whether they have taken steps to prioritize their review of that data. Large datasets need to be organized into smaller groups using various filtering criteria so that the information most likely to have value is examined first. Date ranges, file types, file locations, the number of relevant custodians tied to a set of files, the subject material of the data – all can be used to facilitate a rolling examination of materials that begins with items most likely to be relevant.

4. Similarly, defendants have provided insufficient information to back up their claim to be unable to search the data of the 45 remaining custodians by Friday's deadline. It seems unlikely that defendants can definitively claim the number of resulting documents to be "in the millions" before the work is actually done. On many occasions I have had a small group of

1 custodians dominate a population of documents, while a broader set of secondary custodians had a much smaller file count when using the same search terms.

5. Additionally, defendants have provided no specifics regarding the processes or applications they are using to collect and search the various datasets they have identified. Neither Mr. Faulkner's PI declaration nor Mr. Faulkner's declaration in support of defendants' letter brief describes the protocols or applications used to accumulate and search the large volume of data. I too have encountered the problems Mr. Faulkner mentions, but many times I found acceptable workarounds to make large productions manageable, regardless of how good or bad I perceived the search terms to be. It is a fact of our industry that sometimes you have to use words or phrases to find relevant documents that can produce a large number of irrelevant (or, "false-positive") returns. One way to deal with that is to provide Plaintiffs with a full metadata listing (i.e. file names, sizes, paths where found, source computer names, file types, hash values, addresses, dates/times, subjects, authors, etc.) of all documents and communications found so that they can attempt to narrow the scope on their end. The better and more detailed the metadata list, the more likely the opposing party will be at pruning out irrelevant documents. There are many ways to improve the efficiency of identifying documents in a large collection. For example, defendants could apply a date range filter to break a large chunk of data into smaller pieces. I have done this before with good success when high document counts cause problems.

6. Defendants have also not provided sufficient information to back up their claim that it will take 6-10 hours on average per computer to search for relevant content. Again, the timing of a search depends on the specific tools and techniques used to identify and extract relevant data in an efficient way.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

DATED: April 11, 2017

_____
Paul T. French