**RAMSEY | EHRLICH** LLP

ATTORNEYS AT LAW

April 11, 2017

The Honorable William H. Alsup
U.S. District Judge
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom 8 – 19th Floor
450 Golden Gate Ave., San Francisco, CA 94102

*Re: Waymo LLC v. Uber Technologies, Inc., et al., No. 3:17-cv-00939-WHA*

Dear Your Honor:

We represent Anthony Levandowski—a *non-party* to this lawsuit—purely in his personal capacity. As ordered by this Court this afternoon, we hereby submit a brief response to Waymo LLC's letter brief (Dkt #212).

As this Court knows, to date, we have appeared in this case and were granted a motion to intervene *only* for the limited purpose of briefing and arguing a motion to modify privilege log requirements based on the Fifth Amendment, which the Court denied yesterday afternoon. (Dkt #202).

We have played no role, however, in any discussions or arguments that led to the Court's expedited discovery order that now governs the parties' obligations in this case. *See* Order re Expedited Discovery (Dkt #61). As such, the only authority we are in a position to consult regarding the Court's intentions for expedited discovery is the express language of the Expedited Discovery Order, which we have now endeavored to read carefully.

This last Sunday, on behalf of Mr. Levandowski, we accepted service of a subpoena calling for his testimony this coming Friday morning. The subpoena also purported to make six broadly-framed document requests on Mr. Levandowski. After reading the express terms of this Court's Expedited Discovery Order, we objected to the document requests as being beyond the scope of expedited discovery authorized by this Court.

To be sure, the Order allows the parties to *depose* declarants and other officers, directors, and employees of the parties. (Dkt #61 ¶¶ 1 & 5). But no provision allows a party to subpoena documents from non-party deponents on an expedited basis. By its express terms, the Order only imposes document-production

obligations (on this emergency 96-hour notice basis or on any other schedule) on the parties, and the parties alone.

Specifically, as to the depositions noticed by defendants, only the "plaintiff must produce specific documents 24 hours before that deposition." (Dkt #61 ¶ 2). And, as relevant here, for any depositions noticed by the plaintiff, paragraph 6 of the Order establishes that "defendants must produce specific documents 24 hours before that deposition of defendant personnel." (Dkt #61 ¶ 6).

Respectfully submitted,

//s//

Miles Ehrlich
Ismail Ramsey