QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>          Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF JAMES JUDAH IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR OPPOSITION TO PLAINTIFF WAYMO LLC'S MOTION FOR PRELIMINARY INJUNCTION, SUPPORTING DECLARATIONS, AND SUPPORTING EXHIBITS THERETO (DKT. 173)** |

I, James Judah, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I submit this declaration in support of Defendants' Administrative Motion to File Under Seal Portions of Their Opposition to Plaintiff Waymo LLC's Motion for Preliminary Injunction, Supporting Declarations, and Supporting Exhibits Thereto (Dkt. 173) (the "Administrative Motion") pursuant to Civil Local Rules 79-5(d)(1)(A) and 79-5(e).

3. I have reviewed the following documents and confirmed that the portions identified merits sealing:

| Document | Portions to Be Filed Under Seal |
| --- | --- |
| Defendants' Opposition to Waymo's Motion for Preliminary Injunction ("Opposition")[1] | Portions Highlighted in Yellow in Attachment Hereto |
| Declaration of Michael Lebby ("Lebby Declaration") | Portions Highlighted in Yellow in Attachment Hereto |
| Declaration of Sameer Kshirsagar ("Kshirsagar Declaration") | Portions Highlighted in Yellow in Attachment Hereto |
| Exhibit 3 of Kshirsagar Declaration | Entire Document |
| Declaration of Paul McManamon ("McManamon Declaration") | Portions Highlighted in Yellow in Attachment Hereto |
| Declaration of Kevin Faulkner ("Faulkner Declaration") | Portions Highlighted in Green |
| Exhibit 4 to the Declaration of Esther Chang in Support of Defendants' Opposition to Plaintiff Waymo LLC's Motion for Preliminary Injunction ("Chang Declaration") | Portions Highlighted Yellow in Attachment Hereto |
| Exhibit 7 to the Chang Declaration | Portions Highlighted in Yellow in Attachment Hereto |

---

[1] Waymo only seek to seal the portions of the Opposition, Lebby Declaration, and McManamon Declaration that are highlighted in yellow. I understand that Defendants have filed an administrative motion to seal the portions highlighted blue (Dkt. 173), and Waymo takes no position on whether that information merits sealing.

4. The above documents – at the identified portions – contain trade secret and confidential business information, which Waymo seeks to seal.

5. The Opposition, Lebby Declaration, Kshirsagar Declaration, Exhibit 3 to the Kshirsagar Declaration, McManamon Declaration, Faulkner Declaration, and Exhibit 7 to the Chang Declaration each contain, reference, and/or describe Waymo's asserted trade secrets. The information for which Waymo supports sealing includes the confidential design and functionality of Waymo's proprietary autonomous vehicle system, which Waymo maintains as secret. I understand that these trade secrets are maintained as secret by Waymo (Dkt. 25-48) and are valuable as trade secrets to Waymo's business (Dkt. 25-32). The public disclosure of this information would give Waymo's competitors access to in-depth descriptions—and analysis—of the functionality of Waymo's autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

6. In addition, Exhibit 4 to the Chang Declaration further contains, references, or describes Waymo's highly confidential and sensitive business information. Such information includes information on Waymo's supply chain (and agreements with its suppliers). I understand that Waymo maintains that this information as confidential. The public disclosure of this information would cause significant competitive harm to Waymo, as its security measures, confidential business information, and trade secrets would become known to competitors who could use such information to Waymo's disadvantage.

7. Waymo's request to seal is narrowly tailored to those portions of the above-referenced documents that merit sealing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on April 11, 2017.

By */s/ James Judah*
James Judah
Attorneys for WAYMO LLC