MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN
kdunn@bsfllp.com
HAMISH P.M. HUME
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**DECLARATION OF ARTURO J. GONZÁLEZ IN SUPPORT OF UBER TECHNOLOGIES, INC., OTTOMOTTO LLC, AND OTTO TRUCKING LLC'S REPLY SUPPORTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF, AND TO STAY, TRADE SECRET AND UCL CLAIMS [9 U.S.C. §§ 3, 4]**<br><br>Date:　April 27, 2017<br>Time:　8:00 a.m.<br>Ctrm:　8, 19th Floor<br>Judge:　Honorable William Alsup<br><br>Trial Date: October 2, 2017 |

I, Arturo J. González, declare as follows:

1. I am a partner with the law firm of Morrison & Foerster LLP and a member in good standing of the Bar of the State of California. I make this declaration based on personal knowledge and if called as a witness, I could and would testify competently to the matters set forth herein.

2. I, along with others at Morrison & Foerster, serve as counsel for respondents in two pending JAMS arbitrations that Google Inc. initiated on October 28, 2016 (the "Google-initiated arbitrations"). One of those arbitrations names Anthony Levandowski as the only respondent; the other names as respondents both Levandowski and one other current Uber employee who also formerly worked for Google.

3. In the Google-initiated arbitration against only Levandowski, Google claims he breached certain non-compete and non-solicitation agreements that he and Google allegedly entered into as part of Google's purchase of two companies Levandowski founded.

4. In the other Google-initiated arbitration, Google alleges seven claims against Levandowski and the other respondent, including (1) breach of Google employment agreements; (2) breach of fiduciary duties and duty of loyalty; (3) fraud; (4) tortious interference with contract; (5) tortious interference with prospective economic advantage; (6) violations of California's Business & Professions Code section 17200; and (7) unjust enrichment.

5. In both Google-initiated arbitrations, Google claims Levandowski misused its confidential information, but it does not bring a claim under state or federal trade-secret misappropriation statutes in that proceeding. This is true even though Google alleges here, in the *Waymo* litigation, that it discovered in October (the same month Google filed the two Google-initiated arbitrations) that Levandowski purportedly downloaded "over 14,000 proprietary files from Waymo's highly confidential design server the month before his resignation." (Pl.'s Opp'n to Mot. to Compl. Arb., ECF No. 204, at 4.) Consequently, as it now stands, neither of the two pending Google-initiated arbitrations will resolve the specific question of whether any of the 14,000 files Levandowski supposedly downloaded qualify as Waymo's trade secrets.

6. JAMS formally commenced the two Google-initiated arbitrations on January 20,

2017, and those proceedings are now well underway.  The JAMS arbitrators assigned to those matters are the Hon. Edward Panelli (Ret.), Hon. James Ware (Ret.), and Hon. Steven Brick (Ret.).  The parties held their first case management conference on March 10, 2017, and a second on April 3, 2017.  The parties have completed an initial document exchange under the applicable JAMS rules and have entered into a stipulated discovery plan.

7. The parties have agreed to a number of deadlines and to an arbitration date in the Google-initiated arbitrations.  For example, motions to dismiss are due in less than two weeks, on April 26, 2017; the hearing on the motions to dismiss is set for June 9; fact-discovery cutoff is January 5, 2018; summary judgment motions due February 14, 2018; and the arbitration hearing is scheduled for April 30–May 11, 2018.

8. Google has confirmed on the record in these arbitrations that it will be seeking documents and depositions by serving "numerous third-party subpoenas" on various individuals and entities, including Otto and Uber.

9. Separately, on March 31, 2017, the Defendants in this litigation instituted a new JAMS arbitration proceeding against Waymo, seeking (i) a declaration that Waymo's first, second, and seventh causes of action in the litigation before Judge Alsup (i.e., the trade-secret misappropriation and unfair completion claims in this case) are subject to mandatory arbitration; and (ii) a declaration that those claims are without merit.  The corresponding arbitration demand was served on Waymo on March 31, 2017.

10. Accordingly, the arbitration Uber initiated against Waymo will resolve the specific question of whether any of the 14,000 files Levandowski allegedly downloaded qualify as Waymo trade secrets.

11. JAMS notified the parties on April 14 that the Uber-initiated arbitration has officially commenced.  The parties are to send their arbitrator "strike lists" to JAMS by no later than April 21, 2017.

12. On March 31—the same day Waymo was served with the new arbitration demand—I sent an e-mail to Waymo's counsel, alerting them that Defendants were "filing a new arbitration demand that seeks to move the trade secrets claims into the proper forum."  Attached

as **Exhibit 1** is a true and correct copy of my March 31 e-mail. In that e-mail, in an effort to expedite resolution of Waymo's trade secret claims, and to avoid any suggestion that Uber was seeking to delay, I proposed that the parties agree to the following:

> (1) the same panel that is considering the two pending arbitrations would hear the new one; and (2) we will agree to start the trade secrets arbitration trial two weeks after the jury returns its verdict in the pending proceeding before Judge Alsup. If the proceeding before Judge Alsup is resolved without a trial, then we would start the trade secrets arbitration on October 9, or as soon thereafter as the arbitrators are available.

Ex. 1.

13. This proposal was designed to ensure that the same three distinguished arbitrators that have been empaneled in the Google-initiated arbitrations could hear and resolve all of the intertwined issues in this dispute. It was also intended to ensure that arbitration of these issues proceed as expeditiously as possible. Waymo's counsel declined my proposal.

14. Uber remains willing to try the trade secrets claims in arbitration on an expedited basis.

15. Attached as **Exhibit 2** is a true and correct copy of the reply brief filed by Google Fiber Inc. in the matter of *Hart, et al.* v. *ITC Service Group, Inc.*, *et al*, No. 4:15-cv-00599-DGK (W.D. Mo. 2015). This brief was filed publicly on May 4, 2016 as docket entry number 62 in that matter, and the copy of the brief attached hereto was downloaded from PACER.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 17th day of April, 2017, in San Francisco, California.

                                             */s/ Arturo J. González*
                                             ARTURO J. GONZÁLEZ