QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>        vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>              Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S<br>ADMINISTRATIVE MOTION TO FILE<br>UNDER SEAL PORTIONS OF ITS<br>REPLY IN SUPPORT OF ITS MOTION<br>FOR A PRELIMINARY INJUNCTION,<br>SUPPORTING DECLARATIONS, AND<br>SUPPORTING EXHIBITS THERETO** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal confidential information in portions of its Reply in Support of Its Motion for a Preliminary Injunction, declarations filed in support thereof, and supporting exhibits thereto (collectively "PI Reply").  Specifically, Waymo requests an order granting leave to file under seal the portions of the document as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Reply in Support of Motion for a Preliminary Injunction | Highlighted Portions | Waymo (green highlighting); Uber[1] (blue highlighting) |
| Exhibits 64-66, 82-84, and 90 to the Declaration of Jordan Jaffe ("Jaffe Decl.") | Green Highlighted Portions | Waymo |
| Exhibits 65-67, 84, and 91 to the Jaffe Decl. | Blue Highlighted Portions | Uber |
| Exhibits 61-64, 68-78, 80-83, 85-88, 92-101, 104-107, 109-110 to the Jaffe Decl. | Entire Documents | Uber |
| Declaration of Gregory Kintz ("Kintz Decl.") | Highlighted Portions | Waymo (green highlighting); Uber (blue highlighting) |

## I.    LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*  In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamkana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).  Both the California Uniform Trade Secrets Act and the Defend Trade Secrets Act provide for maintaining the confidentiality of alleged trade secrets.  Cal. Civ. Code

---

[1]  "Uber" means Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC, collectively.

§ 3426.5 ("In an action under this title, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . .  sealing the records of the action[.]"); 18 U.S.C. § 1835(a) ("[T]he court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets[.]").

## II.   THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the portions of the PI Reply (portions highlighted green), Exhibits 64-66, 82-84, & 90 (portions highlighted green), and the Kintz Decl. (portions highlighted green) identified by Waymo in the table above.  Waymo seeks to file this information under seal because it discloses Waymo's trade secrets and confidential business information.  *See* Declaration of Lindsay Cooper ("Cooper Decl."), ¶¶ 3-4.  Courts have determined that trade secret information merits sealing. *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14–cv–03078–JSC, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets.").  Confidential business information that, if released, may "harm a litigant's competitive standing" also merits sealing.  *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978). Waymo seeks to seal confidential business information and trade secret information that fit squarely within these categories.  Cooper Decl. ¶¶ 3-5.  Waymo maintains this information as a trade secret (*see* Dkt. 25-31) and ensures the information remains secret with strict secrecy and security protocols (*see* Dkt. 25-47; Dkt. 25-49.).  *See* Cooper Decl. ¶ 4.  Waymo has narrowly tailored its requests to only information meriting sealing.  *Id.* ¶ 5.  In fact, both *Music Grp.* and *Brocade* found the confidential information at issue in those cases met the heightened "compelling reasons" standard for sealing.  *Music Grp.*, 2015 WL 3993147, at *1; *Brocade*, 2013 WL 211115, at *1, *3.  The information that Waymo seeks to seal, therefore, also meets this heightened standard.  The disclosure of Waymo's trade secret and confidential business information would harm Waymo (Cooper Decl. ¶ 4), and, thus, the Court should grant Waymo's administrative motion to seal.

III.   **UBER'S CONFIDENTIAL INFORMATION**

Waymo only seeks to seal the portions of the PI Reply (highlighted blue), Exhibits 65-67, 84, & 91 (at portions highlighted in blue), and Exhibits 61-64, 68-78, 80-83, 85-88, 92-101, 104-107, & 109-110 as identified in the table above, because Waymo believes such information is considered confidential or non-public by Uber.  Cooper Decl. ¶ 6.  Waymo has designated its confidential information (highlighted in green) for Exhibits 64-66 and 82-84, but Waymo seeks to seal the entire document, out of an abundance of caution, because the time period for Uber to designate its material has not passed.  Similarly, Uber has stated that it does not consider its privilege logs confidential (Exhibits 61-63), but does not want its clients' email addresses made public.  Accordingly, Waymo has filed the exhibits completely under seal so that Uber could determine which email address, if any, merited sealing.  Waymo takes no position as to the merits of sealing any Uber designated material, and expects Uber to file a declaration in accordance with the Local Rules.

IV.   **CONCLUSION**

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion.  For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's administrative motion to file under seal.


DATED:  April 21, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*

Charles K. Verhoeven
Attorneys for WAYMO LLC