# EXHIBIT 112

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S NOTICE OF DEPOSITION OF ASHEEM LINAVAL AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Honorable William H. Alsup |

Defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC (collectively "Defendants") hereby object and respond to the Notice of Deposition of Asheem Linaval and Requests for Production of Documents and Things, served by Plaintiff Waymo LLC ("Waymo").

## RESPONSES TO SPECIFIC DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show the reasons behind Uber's decision to acquire Otto, beginning with Uber's first interest in Odin Wave, Otto, Tyto LiDAR, and/or 280 Systems, all due diligence on such acquisition, and any consulting work by Anthony Levandowski and/or Odin Wave, Otto, Tyto LiDAR, and/or 280 Systems for Uber before the acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants will produce press releases, blog posts, and internal announcements sufficient to show the reasons behind Uber's decision to acquire Otto.

To the extent Request for Production No. 1 requests anything other than the previously described information, Defendants object to this Request as not "very narrowly drawn" (Dkt. No. 61) and outside the scope of the preliminary injunction briefing. Defendants further object to this Request as it seeks material covering subject matter about which Mr. Linaval does not have personal knowledge, and material outside the scope of his Declaration. Defendants object to this request as improperly compound to the extent it requests three separate categories of documents, which together with the other requests exceed six. Defendants object to the portions of this request seeking "all" due diligence and "any" consulting work as overly broad, not "very narrowly drawn," and not proportional to the needs of the case. Defendants also object to this Request to the extent it calls for information subject to the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show all LiDAR systems Defendants (including but not limited to designs considered by Odin Wave, Tyto LiDAR, Otto and/or 280 Systems) have (a) considered, regardless whether yet implemented on any vehicle, (b) tested, regardless whether yet

implemented or tested on any vehicle, and/or (c) used by Defendants in any vehicles. All of the foregoing should include third-party LiDAR systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants will produce PowerPoint presentations, notes, and calculations from the custodial files of Scott Boehmke, as well as final specifications provided by Uber to a LiDAR vendor, sufficient to show LiDAR systems Defendants have considered, tested, and/or used.

To the extent Request for Production No. 2 requests anything other than the previously described information, Defendants object to the portion of this Request seeking information about systems Defendants have "considered, regardless whether yet implemented on any vehicle" as irrelevant, vague, and not very narrowly drawn. Defendants object to this request as improperly compound to the extent it requests three separate categories of documents, which together with the other requests exceed six. Defendants object to the portion of this request seeking documents concerning "all" LiDAR systems as overly broad and not "very narrowly drawn."

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show the reasons why Defendants chose: (1) the position, orientation, and number of the laser diodes and photodetectors mounted on the printed circuit boards of all of its LIDAR designs; (2) the number of printed circuit boards in all of its LIDAR designs; (3) the methods for aligning the printed circuit boards in all of its LIDAR designs; and (4) the selection, materials, size, position, number, and orientation of optical elements that are used to manipulate and modify laser beams that are transmitted and detected all of its LIDAR designs, including any memoranda or documents that discuss or explain these choices or parameters, requirements, testing scenarios, or third party component specifications relating to these choices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants will produce PowerPoint presentations, notes, and calculations from the custodial files of Scott Boehmke and James Haslim sufficient to show the requested information.

To the extent Request for Production No. 3 requests anything other than the previously described information, Defendants object to this Request as not "very narrowly drawn" (Dkt. No.

61), as it seeks documents concerning "all" LiDAR systems, material covering subject matter about which Mr. Linaval does not have personal knowledge, and material outside the scope of his Declaration.

**REQUEST FOR PRODUCTION NO. 4:**

All communications concerning LiDAR between Uber (or anyone affiliated with Uber) and Otto (or anyone affiliated with Otto) before August 18, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants will produce documents from the custodial files of Scott Boehmke reflecting communications concerning LiDAR between Uber and Otto before August 18, 2016.

To the extent Request for Production No. 4 requests anything other than the previously described information, Defendants object to this Request as not "very narrowly drawn" (Dkt. No. 61) and outside the scope of the preliminary injunction briefing. Defendants further object to this Request as it seeks material covering subject matter about which Mr. Linaval does not have personal knowledge, and material outside the scope of his Declaration. Defendants also object to this Request to the extent it calls for information subject to the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show Defendants' knowledge of Waymo's autonomous vehicle program, including all documents that discuss or mention the design of Waymo's LiDAR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants will produce non-privileged documents that discuss or mention the design of Waymo's LiDAR that have been collected from Defendants' internal Slack channels, sufficient to show Defendants' knowledge of Waymo's autonomous vehicle program,.

To the extent Request for Production No. 5 requests anything other than the previously described information, Defendants object to the portion of this request seeking "all" documents that discuss or mention the design of Waymo's LiDAR as not "very narrowly drawn."

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning Anthony Levandowski's input into any component of all LiDAR, radar, camera, microphone, audio input or output, manual controller, wireless communication system, display, wheel or pedal sensor or controller systems developed or contemplated by Defendants, or concerning Anthony Levandowski's input into the testing, assembly, tuning, or calibration of any such system, including communications authored by Anthony Levandowski and communications describing Anthony Levandowski's input.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

After a diligent search of custodial documents, Defendants will produce documents found in Mr. Linaval's custodial files concerning Anthony Levandowski's input into components, testing, assembly, tuning, or calibration of LiDAR systems contemplated by Defendants.

To the extent Request for Production No. 6 requests anything other than the previously described information, Defendants object to this Request as not "very narrowly drawn" (Dkt. No. 61), as it seeks material covering subject matter about which Mr. Linaval does not have personal knowledge, and material outside the scope of his Declaration. Defendants object to this request as improperly compound to the extent it requests separate categories of documents, which together with the other requests exceed six. Defendants object to the portion of this request seeking documents concerning "all" "radar, camera, microphone, audio input or output, manual controller, wireless communication system, display, wheel or pedal sensor or controller systems" as irrelevant. Defendants further object to the portion of this request seeking "all" documents concerning Anthony Levandowski's input as overly broad and not "very narrowly drawn." Defendants also object to this Request to the extent it calls for information subject to the attorney-client privilege and/or work product doctrine.

| | | |
|---|---|---|
| 1 | Dated: April 13, 2017 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ Arturo J. González*<br>      ARTURO J. GONZÁLEZ |
| 4 | | Attorneys for Defendants<br>UBER TECHNOLOGIES, INC., |
| 5 | | OTTOMOTTO LLC, and OTTO TRUCKING LLC |

# APPENDIX

## Information on Document Collection and Production Under Supplemental Order ¶ 13

Defendants further provide information on their collection efforts under Paragraph 13 of the Supplemental Order. As of April 12, 2017, Defendants have searched the following sources of information that may contain material responsive to Waymo's requests for production:

- Defendants' custodial document repositories (e.g. email repositories, Google Docs, locally stored electronic documents)
- Defendants' internal non-custodial document repositories (e.g. Slack channels, personnel files)
- Publicly-available websites on the Internet

As of April 12, 2017, the following individuals employed by Defendants have searched for documents that may contain material responsive to Waymo's requests for production:

- Asheem Linaval – search responsibility for documents relating to LiDAR designs and development and communications concerning LiDAR.
- Rhian Morgan – search responsibility for documents relating to Ottomotto's human resources policies and procedures.
- David Meall – search responsibility for documents relating to Uber's recruiting policies and procedures.
- Kevin Faulkner – search responsibility for documents relating to the forensic analysis performed by Stroz Friedberg pursuant to the March 13, 2017 engagement letter.
- Nina Qi – search responsibility for documents relating to Uber's decision to acquire Otto.
- Scott Boehmke – documents relating to LiDAR designs and development.
- Jim Gasbarro – documents relating to LiDAR designs and development.
- Dan Gruver – documents relating to LiDAR designs and development.

1  • James Haslim – documents relating to LiDAR designs and development.
2  • Florin Ignatescu – documents relating to LiDAR designs and development.
3  • Mike Karasoff – documents relating to LiDAR development.
4  • Max Levandowski – documents relating to LiDAR designs and development.
5  • Tri Luong – documents relating to LiDAR designs and development.
6  • Gaetan Pennecot – documents relating to LiDAR designs and development.
7  • Will Treichler – documents relating to LiDAR designs and development.
8  • Filip Trojanek – documents relating to LiDAR designs and development.