# EXHIBIT 112

1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   ERIC A. TATE (CA SBN 178719)
    ETate@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone:     415.268.7000
6   Facsimile:     415.268.7522

7   Attorneys for Defendants
    UBER TECHNOLOGIES, INC.,
8   OTTOMOTTO LLC, and OTTO TRUCKING LLC

9   KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
10  HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
11  BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
12  Washington DC  20005
    Telephone:     202.237.2727
13  Facsimile:     202.237.6131

14  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
15  and OTTOMOTTO LLC

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                     SAN FRANCISCO DIVISION

19  WAYMO LLC,                              Case No.      3:17-cv-00939-WHA

20                  Plaintiff,              **DEFENDANTS' OBJECTIONS AND
                                            RESPONSES TO PLAINTIFF
21        v.                                WAYMO LLC'S NOTICE OF
                                            DEPOSITION OF ASHEEM
22  UBER TECHNOLOGIES, INC.,                LINAVAL AND REQUESTS FOR
    OTTOMOTTO LLC; OTTO TRUCKING LLC,       PRODUCTION OF DOCUMENTS
23                                          AND THINGS**
24                  Defendants.
                                            Honorable William H. Alsup
25

26

27

28

1    Defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC (collectively

2    "Defendants") hereby object and respond to the Notice of Deposition of Asheem Linaval and

3    Requests for Production of Documents and Things, served by Plaintiff Waymo LLC ("Waymo").

**RESPONSES TO SPECIFIC DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

6    Documents sufficient to show the reasons behind Uber's decision to acquire Otto,

7    beginning with Uber's first interest in Odin Wave, Otto, Tyto LiDAR, and/or 280 Systems, all

8    due diligence on such acquisition, and any consulting work by Anthony Levandowski and/or

9    Odin Wave, Otto, Tyto LiDAR, and/or 280 Systems for Uber before the acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

11    Defendants will produce press releases, blog posts, and internal announcements sufficient

12    to show the reasons behind Uber's decision to acquire Otto.

13    To the extent Request for Production No. 1 requests anything other than the previously

14    described information, Defendants object to this Request as not "very narrowly drawn" (Dkt. No.

15    61) and outside the scope of the preliminary injunction briefing.  Defendants further object to this

16    Request as it seeks material covering subject matter about which Mr. Linaval does not have

17    personal knowledge, and material outside the scope of his Declaration.  Defendants object to this

18    request as improperly compound to the extent it requests three separate categories of documents,

19    which together with the other requests exceed six.  Defendants object to the portions of this

20    request seeking "all" due diligence and "any" consulting work as overly broad, not "very

21    narrowly drawn," and not proportional to the needs of the case.  Defendants also object to this

22    Request to the extent it calls for information subject to the attorney-client privilege and/or work

23    product doctrine.

**REQUEST FOR PRODUCTION NO. 2:**

25    Documents sufficient to show all LiDAR systems Defendants (including but not limited to

26    designs considered by Odin Wave, Tyto LiDAR, Otto and/or 280 Systems) have (a) considered,

27    regardless whether yet implemented on any vehicle, (b) tested, regardless whether yet

28

implemented or tested on any vehicle, and/or (c) used by Defendants in any vehicles. All of the foregoing should include third-party LiDAR systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants will produce PowerPoint presentations, notes, and calculations from the custodial files of Scott Boehmke, as well as final specifications provided by Uber to a LiDAR vendor, sufficient to show LiDAR systems Defendants have considered, tested, and/or used.

To the extent Request for Production No. 2 requests anything other than the previously described information, Defendants object to the portion of this Request seeking information about systems Defendants have "considered, regardless whether yet implemented on any vehicle" as irrelevant, vague, and not very narrowly drawn. Defendants object to this request as improperly compound to the extent it requests three separate categories of documents, which together with the other requests exceed six. Defendants object to the portion of this request seeking documents concerning "all" LiDAR systems as overly broad and not "very narrowly drawn."

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show the reasons why Defendants chose: (1) the position, orientation, and number of the laser diodes and photodetectors mounted on the printed circuit boards of all of its LIDAR designs; (2) the number of printed circuit boards in all of its LIDAR designs; (3) the methods for aligning the printed circuit boards in all of its LIDAR designs; and (4) the selection, materials, size, position, number, and orientation of optical elements that are used to manipulate and modify laser beams that are transmitted and detected all of its LIDAR designs, including any memoranda or documents that discuss or explain these choices or parameters, requirements, testing scenarios, or third party component specifications relating to these choices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants will produce PowerPoint presentations, notes, and calculations from the custodial files of Scott Boehmke and James Haslim sufficient to show the requested information.

To the extent Request for Production No. 3 requests anything other than the previously described information, Defendants object to this Request as not "very narrowly drawn" (Dkt. No.

1   61), as it seeks documents concerning "all" LiDAR systems, material covering subject matter

2   about which Mr. Linaval does not have personal knowledge, and material outside the scope of his

3   Declaration.

4   **REQUEST FOR PRODUCTION NO. 4:**

5   All communications concerning LiDAR between Uber (or anyone affiliated with Uber)

6   and Otto (or anyone affiliated with Otto) before August 18, 2016.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

8   Defendants will produce documents from the custodial files of Scott Boehmke reflecting

9   communications concerning LiDAR between Uber and Otto before August 18, 2016.

10   To the extent Request for Production No. 4 requests anything other than the previously

11   described information, Defendants object to this Request as not "very narrowly drawn" (Dkt. No.

12   61) and outside the scope of the preliminary injunction briefing. Defendants further object to this

13   Request as it seeks material covering subject matter about which Mr. Linaval does not have

14   personal knowledge, and material outside the scope of his Declaration. Defendants also object to

15   this Request to the extent it calls for information subject to the attorney-client privilege and/or work

16   product doctrine.

17   **REQUEST FOR PRODUCTION NO. 5:**

18   Documents sufficient to show Defendants' knowledge of Waymo's autonomous vehicle

19   program, including all documents that discuss or mention the design of Waymo's LiDAR.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

21   Defendants will produce non-privileged documents that discuss or mention the design of

22   Waymo's LiDAR that have been collected from Defendants' internal Slack channels, sufficient to

23   show Defendants' knowledge of Waymo's autonomous vehicle program,.

24   To the extent Request for Production No. 5 requests anything other than the previously

25   described information, Defendants object to the portion of this request seeking "all" documents

26   that discuss or mention the design of Waymo's LiDAR as not "very narrowly drawn."

27

28

1     **REQUEST FOR PRODUCTION NO. 6:**

2         All documents concerning Anthony Levandowski's input into any component of all

3 LiDAR, radar, camera, microphone, audio input or output, manual controller, wireless

4 communication system, display, wheel or pedal sensor or controller systems developed or

5 contemplated by Defendants, or concerning Anthony Levandowski's input into the testing,

6 assembly, tuning, or calibration of any such system, including communications authored by

7 Anthony Levandowski and communications describing Anthony Levandowski's input.

8     **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

9         After a diligent search of custodial documents, Defendants will produce documents found

10 in Mr. Linaval's custodial files concerning Anthony Levandowski's input into components,

11 testing, assembly, tuning, or calibration of LiDAR systems contemplated by Defendants.

12         To the extent Request for Production No. 6 requests anything other than the previously

13 described information, Defendants object to this Request as not "very narrowly drawn" (Dkt. No.

14 61), as it seeks material covering subject matter about which Mr. Linaval does not have personal

15 knowledge, and material outside the scope of his Declaration.  Defendants object to this request

16 as improperly compound to the extent it requests separate categories of documents, which

17 together with the other requests exceed six.  Defendants object to the portion of this request

18 seeking documents concerning "all" "radar, camera, microphone, audio input or output, manual

19 controller, wireless communication system, display, wheel or pedal sensor or controller systems"

20 as irrelevant.  Defendants further object to the portion of this request seeking "all" documents

21 concerning Anthony Levandowski's input as overly broad and not "very narrowly drawn."

22 Defendants also object to this Request to the extent it calls for information subject to the attorney-

23 client privilege and/or work product doctrine.

24

25

26

27

28

1    Dated: April 13, 2017              MORRISON & FOERSTER LLP

2
                                        By:  /s/ Arturo J. González
3                                            ARTURO J. GONZÁLEZ

4                                       Attorneys for Defendants
                                        UBER TECHNOLOGIES, INC.,
5                                       OTTOMOTTO LLC, and OTTO TRUCKING LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# APPENDIX

### Information on Document Collection and
### Production Under Supplemental Order ¶ 13

Defendants further provide information on their collection efforts under Paragraph 13 of the Supplemental Order.  As of April 12, 2017, Defendants have searched the following sources of information that may contain material responsive to Waymo's requests for production:

- Defendants' custodial document repositories (e.g. email repositories, Google Docs, locally stored electronic documents)
- Defendants' internal non-custodial document repositories (e.g. Slack channels, personnel files)
- Publicly-available websites on the Internet

As of April 12, 2017, the following individuals employed by Defendants have searched for documents that may contain material responsive to Waymo's requests for production:

- Asheem Linaval – search responsibility for documents relating to LiDAR designs and development and communications concerning LiDAR.
- Rhian Morgan – search responsibility for documents relating to Ottomotto's human resources policies and procedures.
- David Meall – search responsibility for documents relating to Uber's recruiting policies and procedures.
- Kevin Faulkner – search responsibility for documents relating to the forensic analysis performed by Stroz Friedberg pursuant to the March 13, 2017 engagement letter.
- Nina Qi – search responsibility for documents relating to Uber's decision to acquire Otto.
- Scott Boehmke – documents relating to LiDAR designs and development.
- Jim Gasbarro – documents relating to LiDAR designs and development.
- Dan Gruver – documents relating to LiDAR designs and development.

1    • James Haslim – documents relating to LiDAR designs and development.

2    • Florin Ignatescu – documents relating to LiDAR designs and development.

3    • Mike Karasoff – documents relating to LiDAR development.

4    • Max Levandowski – documents relating to LiDAR designs and development.

5    • Tri Luong – documents relating to LiDAR designs and development.

6    • Gaetan Pennecot – documents relating to LiDAR designs and development.

7    • Will Treichler – documents relating to LiDAR designs and development.

8    • Filip Trojanek – documents relating to LiDAR designs and development.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28