QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S RESPONSE TO INTERVENOR ANTHONY LEVANDOWSKI'S COURT-ORDERED FIFTH AMENDMENT SUBMISSION** |

Plaintiff Waymo LLC ("Waymo") submits this brief in response to the Fifth Amendment Submission of Intervenor Anthony Levandowski (Dkt. 244), filed on April 19, 2017. On April 12, this Court instructed Mr. Levandowski to "submit the privilege log to me in camera without giving it to anyone else, and then I can evaluate whether or not I think which aspects, if any, would be incriminating under the *Hubbell* theory." Dkt. 230 (4/12/2017 Tr.) at 78:21-25. The Court also ordered Mr. Levandowski to "give the other side enough of the argument so that they can respond to it." *Id.* at 79:13-14. Mr. Levandowski has utterly failed to do so. Instead, he puts forward generic

Fifth Amendment principles without any explanation for why the documents sought from him fall within the privilege.

This lack of explanation is especially egregious in light of Mr. Levandowski's conduct in discovery. Prior to his deposition on April 14, Mr. Levandowski produced no documents at all, notwithstanding that this Court ordered that non-privileged documents be produced on the morning of the deposition. Dkt. 230 at 75:25-76:5. At the deposition, Mr. Levandowski asserted the Fifth Amendment privilege in response to every single question posed at his deposition (Dkt. 246-5) other than six foundational questions eliciting, for example, his name and education (*id.* 8:8-13, 9:16-19, 10:11-16). He even asserted attorney-client privilege in response to a question about what common interest with Uber was the basis for the privilege. *Id.* 32-33. Mr. Levandowski did not produce any documents until April 19 (after the deposition and therefore in defiance of this Court's order), when his counsel said she mailed documents that Waymo has yet to receive and which still do not purport to be complete. Dkt. 248-15 (Apr. 19, 2017 Letter from Amy Craig to Jordan Jaffe).

Because Mr. Levandowski has not provided enough of an argument—or really, any argument aside from *ipse dixit*—Waymo cannot adequately respond to Mr. Levandowski's assertion of Fifth Amendment privilege. Waymo does not know what documents might exist, what they might contain, or how Mr. Levandowski's producing them would constitute self-incriminating testimony. Nonetheless, Waymo provides this response to explain the key omissions from Mr. Levandowski's discussion of Fifth Amendment law and to explain why it is very doubtful that many (let alone all) of the withheld documents fall within the Fifth Amendment privilege. At a minimum, Mr. Levandowski's incredibly broad assertion of privilege and his failure to provide any basis for the assertion support adverse inferences against Uber, as discussed in Waymo's reply in support of its motion for a preliminary injunction.

### I. MR. LEVANDOWSKI MAKES NO SHOWING THAT PRODUCTION OF A PRIVILEGE LOG OR DOCUMENTS WOULD VIOLATE HIS FIFTH AMENDMENT RIGHTS

Rather than provide some argument about why he should be allowed not to produce documents or even a privilege log (other than *ex parte* and *in camera*), Mr. Levandowski simply lists some Fifth Amendment principles and asserts baldly that this case falls within those principles. As stated above,

1  there is no real means for Waymo to respond to this kind of unexplained assertion of Fifth
2  Amendment privilege. But there are several basic points that cast doubt on his assertion and that this
3  Court should consider when reviewing the privilege log.

4  *First*, Mr. Levandowski's discussion of Fifth Amendment principles (Dkt. 244 at 2-6) omits
5  several key points. To the extent Mr. Levandowski suggests that any possibility of incrimination
6  suffices for application of the Fifth Amendment, such a suggestion is incorrect. "The central standard
7  for the privilege's application has been whether the claimant is confronted by substantial and real, and
8  not merely trifling or imaginary, hazards of incrimination." *United States v. Apfelbaum*, 445 U.S. 115,
9  128 (1980) (quotation marks omitted). Thus, for each document withheld on Fifth Amendment
10 grounds, Mr. Levandowski would need to identify a substantial—not merely any—risk of
11 incrimination.

12      Furthermore, the only incrimination that matters for Fifth Amendment purposes is from the
13 testimonial aspect of producing a document, not from the document itself. The Fifth Amendment
14 privilege "adheres basically to the person, not to information that may incriminate him." *Couch v.*
15 *United States*, 409 U.S. 322, 328 (1973). The Supreme Court has therefore explained that "the Fifth
16 Amendment does not independently proscribe the compelled production of every sort of incriminating
17 evidence but applies only when the accused is compelled to make a *testimonial* communication that is
18 incriminating." *Fisher v. United States*, 425 U.S. 391, 408 (1976). Simply put, a claim of Fifth
19 Amendment privilege must be based on the "communicative aspects" of producing the evidence
20 "wholly aside from the contents of the papers produced." *Id.* at 410. Thus, for each document
21 withheld on Fifth Amendment grounds, Mr. Levandowski must identify not merely why the document
22 is incriminating, but why mere production of the document constitutes incriminating testimony. Mr.
23 Levandowski pays lip service to this idea in his discussion of the general legal principles (Dkt. 244 at
24 4-5), but makes no effort to apply it to the facts at hand.

25      *Second*, applying the Fifth Amendment principles here, to the extent Waymo can do so in the
26 absence of any information about the documents withheld, it is highly doubtful that there is a plausible
27 basis for Mr. Levandowski's broad refusal to comply with the subpoena. Even assuming Mr.
28 Levandowski's production of the stolen files would be testimonial because his possession of those

documents could be inculpatory, this concerns only the first part of Waymo's first request for production. *See* Dkt. 212-1 at 7. The other requests for production that this Court has allowed (Dkt. 230 at 70-71) concern: "documents reflecting any meetings or discussions regarding the substance of the Misappropriated Materials outside of Waymo" (RFP No. 1) and "communications between [Mr. Levandowski] and Uber between January 2015 and August 2016" (RFP No. 3). Dkt. 212-1 at 7. It is difficult to see how all or even most of these documents would potentially incriminate Mr. Levandowski.

But even if the content of those documents incriminate Mr. Levandowski, those documents still would not fall within the Fifth Amendment privilege. While the *substance* of some of these communications could be incriminating for Mr. Levandowski, his mere *production* of those communications has no testimonial aspect. Thus, he "cannot avoid compliance with the subpoena merely by asserting that the item of evidence which he is required to produce contains incriminating writing, whether his own or that of someone else." *Fisher*, 425 U.S. at 411; *see also id.* at 410 n.11. For instance, Mr. Levandowski would not be incriminated because he *possessed* an email that discussed his theft, but rather because he discussed his theft in the email. Thus, the production of such emails (or other such communications) would not fall within the Fifth Amendment privilege. As in *Fisher*, where the existence of a communication is itself unexceptional and its content is what really matters, there is no Fifth Amendment privilege to conceal it. *See id.* at 411 ("It is doubtful that implicitly admitting the existence and possession of the papers rises to the level of testimony within the protection of the Fifth Amendment. The papers belong to the accountant, were prepared by him, and are the kind usually prepared by an accountant working on the tax returns of his client. … The question is not of testimony but of surrender." (quotation marks omitted)); *id.* at 412 ("Moreover, assuming that these aspects of producing the accountant's papers have some minimal testimonial significance, surely it is not illegal to seek accounting help in connection with one's tax returns or for the accountant to prepare workpapers and deliver them to the taxpayer. At this juncture, we are quite unprepared to hold that either the fact of existence of the papers or of their possession by the taxpayer poses any realistic threat of incrimination to the taxpayer.").

In addition, to the extent that the documents are corporate records of Otto or Uber, such documents are categorically excluded from the Fifth Amendment privilege. "[C]orporate records are not private and therefore are not protected by the Fifth Amendment." *United States v. Blackman*, 72 F.3d 1418, 1427 (9th Cir. 1995) (quoting *Braswell v. United States*, 487 U.S. 99, 109 (1988)). "A corporate custodian cannot claim a Fifth Amendment privilege with regard to corporate records, even if the records *or the act of producing them* might incriminate him personally." *Id.* (emphasis in original). Thus, if Mr. Levandowski is attempting to shield any records that rightfully belong to a corporation, such an attempt is legally baseless.

*Third*, even assuming Mr. Levandowski could show that producing each withheld document would constitute incriminating testimony and that the "foregone conclusion" doctrine did not apply, he would still have to show that production of the privilege log to Waymo would violate his Fifth Amendment rights. As this Court has recognized, there is the potential for great mischief in allowing individuals to assert that a privilege log is itself privileged. Dkt. 202 at 5. Indeed, this case is a perfect example, as Waymo is left with no idea of what Mr. Levandowski is refusing to produce or the factual basis for the assertion of privilege. Mr. Levandowski fails to address this issue at all.

## II.  MR. LEVANDOWSKI'S ASSERTION OF PRIVILEGE WITHOUT SUFFICIENT BASIS NECESSITATES ADVERSE INFERENCES AGAINST UBER

For the reasons stated in Waymo's reply in support of its motion for a preliminary injunction, adverse inferences should be drawn against Uber based on Mr. Levandowski's assertion of Fifth Amendment privilege. We add here only that the argument for adverse inferences is strengthened by the lack of any real argument or factual basis for the assertion of privilege, thereby denying Waymo a legitimate opportunity to refute the existence of privilege for the production of any particular document. The argument for adverse inferences is further strengthened by the fact that Mr. Levandowski is relying on the Fifth Amendment to shield production of correspondence with Uber itself.[1] As discussed above, there is no legal basis for such an assertion of privilege. And while the

---

[1] The adverse inferences to be drawn from assertion of the Fifth Amendment over such correspondence should include that such correspondence was in furtherance of a crime and that the crime-fraud exception to the privilege should therefore apply.

1  legitimate assertion of the privilege suffices for an adverse inference, the illegitimate assertion of the
2  privilege (as here) provides yet more reason for an adverse inference.
3
4  DATED: April 21, 2017               QUINN EMANUEL URQUHART & SULLIVAN, LLP
5
6                                     By      */s/Charles K. Verhoeven*
                                           Charles K. Verhoeven
7                                          Attorneys for WAYMO LLC