MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:    202.237.2727
Facsimile:    202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>    Defendants. | Case No.    3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., OTTOMOTTO LLC, AND OTTO TRUCKING LLC'S RESPONSES TO COURT-ORDERED INTERROGATORIES TO ASSIST COURT IN SUPERVISING CASE MANAGEMENT AND EXPEDITED DISCOVERY**<br><br>Trial Date: October 2, 2017 |

**REDACTED VERSION OF DOCUMENT FILED UNDER SEAL**

**COURT INTERROGATORY NO. 1:**

Identify by name and position each present and former officer, director, or employee of defendant Uber Technologies, Inc. (including attorneys), who received prior to the acquisition of Ottomotto LLC and Otto Trucking LLC any electronic or paper material or communication regarding LiDAR or any aspect thereof from:

(i) Anthony Levandowski or his representatives, or

(ii) Anyone else advising that the material came from Anthony Levandowski or his representatives.

Any name or communication already disclosed on a privilege log may be omitted.

**DEFENDANTS' RESPONSE TO COURT INTERROGATORY NO. 1:**

Uber Technologies, Inc. ("Uber") and Ottomotto LLC ("Otto") set forth their response in Exhibit A.

Otto Trucking LLC has not been acquired by Uber Technologies, Inc. and remains a distinct legal entity. Otto Trucking has no independent knowledge of the contents of Exhibit A beyond Uber and Otto's disclosure.

**COURT INTERROGATORY NO. 2:**

For each such person, identify and describe the material or communication received with sufficient detail to establish any privilege from production, or simply produce the material or communication received to plaintiff's counsel by **APRIL 25**.

Any name or communication already disclosed on a privilege log may be omitted.

**DEFENDANTS' RESPONSE TO COURT INTERROGATORY NO. 2:**

Uber and Otto respond as follows:

The numbers in this response correspond to the names in Exhibit A.

1. Discussions regarding potentially providing LiDAR hardware for Uber; discussions in connection with acquisition of OttoMotto and Otto Trucking

2. Discussions regarding potentially providing LiDAR hardware for Uber

3. See UBER00011972 - UBER00011981, UBER00011989 - UBER00011998, UBER00012004 - UBER00012006.

4. See UBER00011982 - UBER00011988, UBER00012031.

5. Discussions regarding whether to purchase Velodyne LiDARs.  See also UBER00011972 - UBER00011981.

6. See UBER00011972 - UBER00011981.

7. See UBER00011972 - UBER00011981, UBER00011989.

8. Discussions regarding whether to purchase Velodyne LiDARs.  See also UBER00011972 - UBER00011981.

9. See UBER00011972 - UBER00011988, UBER00011992 - UBER00012003, UBER00012007 - UBER00012039.

10. See UBER00011972 - UBER00011981.

11. See UBER00011972 - UBER00011981.

12. Discussions regarding whether to purchase Velodyne LiDARs.

13. Discussions regarding how LiDAR works.

14. May have had discussions about Uber's requirements for LiDAR.

15. May have discussed reliance on LiDAR versus camera.

16. May have discussed labeling LiDAR data or spurious points.  See also UBER00012030 - UBER00012039.

17. Present when Anthony Levandowski and Drew Bagnell discussed background subtraction and the possibility of changing the laser firing order to eliminate spurious points.

18. Presented to Mr. Levandowski and others about Uber's LiDAR simulation efforts (creating fake LiDAR points for simulation purposes).

19. Presented with Mr. Liemhetchara.

20. Presented to Mr. Levandowski and others about how Uber does mapping.  LiDAR would only have come up in the context of how LiDAR returns are used to localize the vehicle.

21. When discusing radar, Mr. Levandowski used LiDAR as an example to back up his position about where to locate radar sensors on a car

22. Very brief chit-chat regarding general LiDAR technology

23. Discussions regarding how LiDAR works

24. Discussions regarding mapping vehicles and what kinds of LiDAR data was being collected and was available

25. Discussions regarding how LiDAR works and why LiDAR is important; discussions in connection with acquisition of OttoMotto and Otto Trucking

26. Discussions about how the Velodyne was returning spurious points during road testing

27. See UBER00012004 - UBER00012006.

Otto Trucking LLC has not been acquired by Uber Technologies, Inc. and remains a distinct legal entity. Otto Trucking has no independent knowledge of the contents of Exhibit A or their response to this Interrogatory beyond Uber and Otto's disclosure above.

**COURT INTERROGATORY NO. 3:**

Identify and describe in approximate chronological sequence all LiDAR-related work Anthony Levandowski has done since leaving Waymo, including whether or not that work led to or related to any prototype or device, and describe how and where that work is reflected.

**DEFENDANTS' RESPONSE TO COURT INTERROGATORY NO. 3:**

Immediately after leaving Google, Anthony Levandowski began working at the entity that ultimately became Otto. His primary responsibilities involved management of the new startup company. Otto's first concept for an optical scanner that could have potentially been used for LiDAR applications was ███████████████████████████████████████. Mr. Levandowski was not a LiDAR engineer, but contributed some high-level ideas to the concept. He made some rough sketches of potential designs, which contemplated the use of off the shelf parts (i.e., lens, lens mount, optical breadboard) and worked on some of the math relating to potential beams (points per second), but never created any Computer-Aided Design (CAD) files. He also approved purchases of commercially available parts for tools and may have suggested a commercially available motor that could be used to spin the mirrors. This concept never progressed past the early stages of design before it was abandoned. Although a few components for this concept may have been built by other engineers at Otto, this concept could not be used for LiDAR applications because it did not include many of the components necessary

1   for a LiDAR sensor (e.g., a pulsed light source, timing circuitry, a receiver, etc.).  In
2   February 2016, Mr. Levandowski and Mr. Dan Gruver attended Photonics West and met with
3   vendors including Princeton Light Wave, Kyopsys, O-Net, and Nalux to discuss LiDAR.

4   Around May 2016, Otto began operating out of its 737 Harrison Street location in
5   San Francisco, California.  During this time frame, Mr. Levandowski continued to be primarily
6   involved in management of the company but also did a lot of cheerleading on the sidelines, asked
7   for progress reports from his engineers, and encouraged the team to focus on developing a
8   LiDAR prototype.

9   In April 2016, while Otto was being considered as a potential LiDAR hardware supplier
10  for Uber, Mr. Levandowski met with Mr. Scott Boehmke (an engineering manager at Uber) to
11  discuss Uber's requirements for a potential custom LiDAR sensor.  Mr. Levandowski also
12  introduced Mr. Boehmke to several engineers at Otto.

13  In May 2016, Mr. Boehmke met with Mr. Levandowski and discussed a potential LiDAR
14  concept that included 8 cavities and 8 fiber lasers, split into 4, 6, or 8 beams to create 32, 48, or
15  64 channels, respectively.  This concept later evolved into a project that was code-named
16  "Spider."  Mr. Levandowski did not provide the beam spacing or angles for Spider, but instead
17  asked Mr. Boehmke, as the customer, to provide Uber's desired beam parameters, which were
18  ultimately used as starting requirements for Spider.

19  The Spider design incorporated concepts from a pre-existing fiber laser design called
20  "Owl" that had previously been developed by a company called Tyto, which Otto acquired in
21  May 2016.  Again, although Mr. Levandowski was not a LiDAR engineer, he brainstormed a few
22  rough sketches of possible optical layouts for Spider with Gaetan Pennecot.  Mr. Pennecot
23  designed around those rough sketches and used them as a starting point for designing the lenses
24  for Spider.  Mr. Levandowski neither created any CAD files, nor conducted any in-depth analysis
25  or calculations for Spider.  He asked for periodic status updates on the Spider project, approved
26  purchases for parts, and provided occasional feedback on the design.  Most of his involvement
27  consisted of encouraging the team to quickly assemble a prototype that could be tested on a truck.
28  Despite that encouragement, Otto never completed a prototype of the Spider design.

On August 23, 2016, Otto was acquired by Uber. After the acquisition, Mr. Levandowski became the head of the Advanced Technology Group at Uber, which consolidated the pre-existing Advanced Technology Center at Uber with the newly acquired Otto team. At this time, Mr. Levandowski assumed responsibility over a substantially larger group and became much more focused on management duties. Mr. Levandowski does not provide input on detailed technical LiDAR design choices at Uber.

By October 2016, it was brought to Mr. Levandowski's attention that some Otto engineers did not believe in the viability of Spider. This was initially brought to his attention by Mr. Eric Meyhofer, who is in charge of the LiDAR hardware team. When Mr. Meyhofer, Mr. Boehmke, Mr. James Haslim (an engineering manager at Uber) and other LiDAR engineers determined that "Spider" was not a technically viable design and that Uber needed to pivot to a new LiDAR design, Mr. Levandowski deferred to their judgment and assented to their recommendation to pursue a very different, diode-based, bistatic LiDAR design, which later become the project that was code-named "Fuji."

Mr. Levandowski has on occasion attended weekly status update meetings for the LiDAR team, which includes updates on Fuji, but generally does not attend such meetings and does not provide any detailed technical design input. Moreover, Mr. Levandowski did not provide any design input for the number of boards in the transmit block, configuration of the boards in the transmit block, number of laser diodes on each transmit PCB, number of optical cavities, number of channels, beam parameters, positioning of the laser diodes with respect to the edge of the PCB or on bond pads, the use of guide holes, the location and orientation of the laser diodes on the transmit PCBs, the manufacturing or alignment of FAC lenses, or methods of spacing.

//

//

//

//

//

//

Otto Trucking LLC has not been acquired by Uber Technologies, Inc. and remains a distinct legal entity.  Otto Trucking has no independent knowledge of the contents of Exhibit A or their response to this Interrogatory beyond Uber and Otto's disclosure above.

Dated: April 25, 2017              MORRISON & FOERSTER LLP

By:   */s/ Arturo J. González*
          ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

## **VERIFICATION**

I, Eric Meyhofer, declare:

1. I am a Director of Engineering for Defendant Uber Technologies, Inc. ("Uber") in the above-captioned action, and I am authorized to execute this verification on behalf of Uber and Ottomotto LLC.

2. I have read Defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC's Responses to Court-Ordered Interrogatories to Assist Court in Supervising Case Management and Expedited Discovery (the "Responses"), and know the contents thereof.

3. I am informed and believe that the matters stated in the Responses are true and correct and, on that ground, allege that the matters stated therein are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of April, 2017, at Pittsburgh, Pennsylvania.

_____
Eric Meyhofer