MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:    202.237.2727
Facsimile:    202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                    Defendants. | Case No.     3:17-cv-00939-WHA<br><br>**DECLARATION OF ESTHER KIM CHANG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS REPLY IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUCTION, SUPPORTING DECLARATIONS, AND EXHIBITS THERETO**<br><br>Trial Date: October 2, 2017 |

I, Esther Kim Chang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I am a member in good standing of the Bar of the State of California. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Plaintiff's Administrative Motion to File Under Seal Portions of Its Reply in Support of its Motion for Preliminary Injunction, Supporting Declarations, and Exhibits Thereto (Dkt. 245).

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
| --- | --- |
| Waymo's Reply in Support of Motion for a Preliminary Injunction[1] ("Reply") | Page 15, lines 3-5 (portion highlighted in blue) |
| Exhibits 61-63 and 67 to the Declaration of Jordan Jaffe in Support of Waymo's Reply ("Jaffe Declaration") | Portions highlighted in blue in attachments hereto |
| Exhibits 69, 70-78, 86, 92-100, 104-106, and 109-110 to the Jaffe Declaration | Entire Documents |
| Declaration of Gregory Kintz ("Kintz Declaration") | • Photographs on pages 4, 25, and 28;<br>• Diagram on page 26; and<br>• Text on page 26, lines 13-19 (highlighted in blue) |

3. Page 15, lines 3-6 of Waymo's Reply discusses Defendants' product roadmap. Defendants' product roadmap is sensitive and confidential business information. Defendants guard this information closely and if it were to be released to the public, their competitors could use it to Defendants' detriment.

---

[1] Defendants seek only to seal a subset of the portions of Waymo's Reply and the Kintz Declaration identified as Defendants' confidential information in Waymo's Administrative Motion to File Under Seal (Dkt. 245). I understand that Waymo has also sought to seal its confidential information (*id.*), and Defendants' take no position on whether that information merits sealing.

CHANG DECL. ISO PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 3:17-cv-00939-WHA
sf-3762093

1

4.      The portions of the Kintz Declaration specified above describe confidential third-party information that is the subject of a non-disclosure agreement.  Defendants are contractually bound to maintain the confidentiality of this third party's confidential information.

5.      Exhibits 61-63 to the Jaffe Declaration are Defendants' privilege logs.  The information highlighted in blue in the attached versions of Exhibits 61-63 include the email addresses of four high-ranking executives listed within the privilege logs.  Defendants seek to seal this information in order to protect the privacy of these executives, as they are prominent individuals at a company that is currently the subject of extensive media coverage.

6.      The highlighted portions of the attached version of Exhibit 67 to the Jaffe Declaration contain the name of one of Defendants' vendors for LiDAR components.  The identity of Defendants' vendor is sensitive and confidential business information.  Defendants guard this information closely and if it were to be released to the public, Defendants' competitors could use it to Defendants' detriment.

7.      Exhibits 69, 70-78, 86, 92, 97-100, and 104-106 to the Jaffe Declaration contain Defendants' highly confidential trade secret information.  These exhibits are emails and presentations that include designs, schematics, and/or detailed descriptions of Defendants' LiDAR systems.  I understand that these trade secrets are maintained as confidential by Defendants and are valuable as trade secrets to Defendants' business.  The public disclosure of this information would give Defendants' competitors access to in-depth depictions and analysis of Defendants' LiDAR system.  If such information were made public, I understand Defendants' competitive standing could be significantly harmed.  Exhibit 106 also discloses confidential third-party information that is the subject of a non-disclosure agreement.  Defendants are contractually bound to maintain the confidentiality of this third party's confidential information.

8.      Exhibits 93-96 and 110 are photographs of Defendants' device that disclose detailed information about the device's design.  I understand that the design of Defendants' custom LiDAR system is a trade secret maintained as confidential by Defendants, and is valuable as a trade secret to Defendants' business.  The public disclosure of this information would give Defendants' competitors access to in-depth and detailed depictions of Defendants' LiDAR

system. If such information were made public, I understand Defendants' competitive standing could be significantly harmed. These exhibits also disclose confidential third-party information that is the subject of a non-disclosure agreement. Defendants are contractually bound to maintain the confidentiality of this third party's confidential information.

9. Exhibit 109 is a document that describes Defendants' business plans and product roadmap in great detail. Defendants guard this highly competitively sensitive business information closely and if made public, it would cause Defendants irreparable harm in this very competitive space of autonomous driving.

10. Defendants' request to seal is narrowly tailored to those portions of the Reply and its supporting papers that merit sealing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 25th day of April, 2017, in San Francisco, California.

*/s/ Esther Kim Chang*
Esther Kim Chang

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Daniel P. Muino has concurred in this filing.

Dated: April 25, 2017                           */s/ Arturo J. González*
                                                         Arturo J. González