quinn emanuel trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

April 24, 2017

<u>VIA ECF</u>

Magistrate Judge Jacqueline Scott Corley
San Francisco Courthouse, Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   *Waymo LLC v. Uber Technologies, Inc., et al*., N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Please find below Plaintiff Waymo LLC's ("Waymo") one-page statement regarding discovery issues ripe of resolution in connection with tomorrow's 2:00 pm Discovery Hearing.

Sincerely,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

cc:   All counsel of record.

quinn emanuel urquhart & sullivan, llp

01980-00104/9217727.2
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

Waymo files this discovery letter brief regarding Uber's pending discovery violations that are ripe for resolution by the Court.

First, Uber continues to violate this Court's expedited discovery orders. Despite a one week reprieve (4/12/17 Hearing Tr., 104:24-25.), Uber has still not complied with this Court's order to search for and produce all documents that comprise or reflect use of Waymo's proprietary information (Dkt. 163). That order itself was crafted to enforce this Court's original expedited discovery order. (Dkt. 61.) As clarified by the Court, Uber is required to search "defendants' servers and any officers, directors, or employees that have anything to do with defendants' LiDAR technology." (Dkt. 163.) Uber has not done so in the time allotted or provided any indication when it will do so. While Uber claims it cannot find this information without Waymo telling it how to search its own files (turning discovery on its head), only recently has Uber's counsel even begun to substantively review the 14,000 files at the center of Waymo's allegations—files that have been available for inspection since March 22, 2017. These are the same 14,000 files the head of Uber's self-driving car program, Anthony Levandowski, took from Waymo and maintains while currently working on Uber's LIDAR technology (all facts never denied by Uber). In addition, Uber has willfully refused to produce documents as required by the Court's expedited discovery order (Dkt. 61, ¶ 6). For example, Uber has not even searched Anthony Levandowski's Uber emails or documents in response to a single document request served by Waymo in expedited discovery, despite his being called out by name in several of them. (*See e.g.* Group Ex. 1) Waymo was to have the benefit of this discovery before its April 21 Reply, and every day that goes by without the benefit of his discovery up to the May 3 preliminary injunction hearing prejudices Waymo all the more.

Second, there are several ripe issues regarding Uber's privilege logs. (Dkt. Nos. 246, 246-1, 246-2.) In follow up to previous communications, on April 17, Waymo sent a detailed email listing the logs' deficiencies and the parties met and conferred the next day. Waymo most recently raised the concerns with Special Master John Cooper on April 20 and an April 23 email. (Group Ex. 2) The issues raised are relatively straightforward including whether Uber will: (1) identify the purported common interest and corresponding anticipated litigation as required to claim a common interest privilege (2) identify all individuals who authored, sent, or made allegedly privileged communications as Judge Alsup's Standing Order, provides (Paragraph 16(a) and describe (4) identify the actual custodians of allegedly privileged documents (as opposed to identifying custodian as "Uber" generally), (4) confirm that Uber has determined in good faith that almost every (if not every) document on its log is protected by *each of* the basis attorney-client, attorney work product, and common interest privileges, (5) revise its logs to identify documents *individually*, not simply as email "families" as Uber improperly did. Yet, Uber has stonewalled Waymo, pretending these issues are new or feigning ignorance as to them. (Group Ex. 2). Uber's continued delay prejudices Waymo's ability to obtain discoverable evidence and test Uber's claims of privilege.

Finally, Waymo has served a notice for the deposition of Uber CEO Travis Kalanick for April 28. Uber's counsel points to Larry Page's knowledge of private conversations supposedly between Messrs. Page and Levandowski in attempts to justify Mr. Page's deposition. This deposition represents an improper attempt to turn the shield represented Mr. Levandowski's 5th Amendment privilege into a "sword." As a matter of fairness, should Uber be permitted to take Mr. Page's deposition, Waymo should be able to take Mr. Kalanick's deposition on the same subject matter.