# EXHIBIT C

**From:** John Cooper [mailto:JCooper@fbm.com]
**Sent:** Sunday, April 23, 2017 5:49 PM
**To:** Gonzalez, Arturo J.
**Cc:** John Neukom; Matthew Cate; Waymo Internal - Attorneys; Karen Dunn (KDunn@BSFLLP.com); Hamish Hume (hhume@BSFLLP.com)
**Subject:** [EXT] Re: Waymo: Uber's Request For A Deposition Of Larry Page (AEO Attachment)

Counsel

I will contact Judge Corley's chambers first thing in the morning regarding the issues raised in the messages below and to schedule a hearing. The issues I believe are ripe to address to Judge Corley are Uber's desire to take the deposition of Mr. Page and the recently noticed deposition of Mr. Kalanick by Waymo. I will recommend that Judge Corley hear these issues as soon as possible based on letter briefs that do not exceed two pages single spaced. I suggest that the parties be prepared to file their two page briefs early Monday morning. I will email the parties following my contact with Judge Corley's chambers. My recommendation will be 1) that Mr. Page be made available for a deposition not to exceed two hours and 2) that the basis for Mr. Kalanick's deposition has not been adequately developed and thus is not ripe at this time for Judge Corley's consideration.

I do not believe that the issue is ripe regarding the adequacy of Uber's production of documents in response to the Waymo notices of depositions. This was discussed with the parties and special master fully on Thursday and Uber will review and respond regarding the 5 requests that were addressed. Uber has not yet responded regarding its review of to these requests. My recommendation will be that this issue is not ripe at this time for Judge Corley to address.

Regards, John

John L. Cooper
Farella Braun + Martel LLP
Direct: 415 954 4410
jcooper@fbm.com

On Apr 23, 2017, at 4:52 PM, Gonzalez, Arturo J. <AGonzalez@mofo.com> wrote:

> Special Master Cooper:
>
> We agree that we need to escalate this issue. The desire to take Mr. Page's deposition is not gamesmanship. On Friday, when counsel for Waymo requested an offer of proof, I responded that Mr. Page had personal conversations with Anthony Levandowski regarding Mr. Levandowski's desire to leave Waymo to set up his own autonomous vehicle venture. We also believe that Mr. Page knew that Mr. Levandowski was having conversations with Uber before the Uber deal was announced. Significantly, Waymo does not deny that Mr. Page has such knowledge, and cannot do so.
>
> In the first paragraph of the introduction of its reply brief (attached), Waymo states in bold italics that Mr. Levandowski and Uber began discussing a potential acquisition "***just two days after Levandowski left Waymo***." This places directly at issue Mr. Page's knowledge of such discussions. Moreover, Google has a longstanding practice of allowing its executives to spend time working on side ventures, even ventures that may compete with Google. Testimony from Mr. Page on this topic puts into proper context any meeting that may have occurred between Mr. Levandowski and Uber.

With respect to the joint interest privilege, in the second paragraph of Waymo's introduction to its reply brief, it contends that Uber has "blocked and obfuscated" to "hide its unlawful conduct." The "evidence" in support of this argument is Uber's assertion of the joint interest privilege. Indeed, Waymo has included Uber's privilege logs as exhibits in support of its reply brief. This puts directly at issue Google and Waymo's invocation of this privilege, and Mr. Page likely has knowledge of Google's prior position on this issue.

And then there is the critical question of Google's pre-lawsuit investigation. Because of the substantial bonus that Mr. Levandowski was paid by Waymo, and the importance of the autonomous driving project to Google, Waymo correctly points out that by at least March 2016, Google was already investigating Mr. Levandowski. Yet, Waymo did not file its motion for preliminary injunction until a year later, in March 2017. Why was there such a lengthy delay? In its reply brief, Waymo finally admits that it learned of the alleged downloading of 14,000 files by Mr. Levandowski in October. (Reply at 14:4.) But it waited five more months to file this motion. Why? Waymo contends that it did not sue Uber then because although it knew that the supposedly critical files had been stolen, it did not have evidence at that time against Uber. But Waymo *did* sue Mr. Levandowski—twice, in two separate arbitrations filed at the end of October 2016. And it said nothing in those arbitrations about the 14,000 files. Why not? If the files are so critical that now Uber's autonomous business has to be shut down, why were they not even mentioned in the two arbitrations filed against the man who allegedly stole the files? Mr. Page would almost certainly have knowledge of this critical question, as no lawsuit could have been brought against a former top executive without his direct involvement and approval.

And there is another reason why Waymo's argument in its reply brief makes no sense. Mr. Page knew that Mr. Levandowski had gone to work for Uber. Thus, if the files were so important, why did Mr. Page not contact Uber to advise them of the alleged theft, especially since he knew Mr. Levandowski had gone to Uber to work on its autonomous vehicle project? These are all legitimate questions.

And then there is global context. Google ████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████ And in its pending motion, Google is seeking an order from Judge Alsup that would bar Uber from this market. Given these huge stakes, there is nothing unfair about having Mr. Page sit for a short deposition. As we told you on Friday, we are willing to limit the deposition to two hours. If Thursday is not a convenient date, we can do it earlier in the week.

Finally, the procedural objection regarding the limitation of what we can say in the sur-reply brief is for Judge Alsup to decide. Having said that, the topics we want to ask Mr. Page about are all relevant to the issues that we correctly anticipated Waymo would raise in their reply brief. (It is odd that Waymo would complain about us serving them with the Notice of Deposition before they filed their reply brief. As we told Waymo, out of respect for Mr. Page, we chose to give them 7 days notice of this deposition, instead of the 5 allowed for in Judge Alsup's order.)

Waymo also suggests that it wants to raise issues with Magistrate Corley regarding Uber's responses to the document productions that accompanied the 12 deposition notices served by Waymo. But we discussed and resolved that issue on Friday. Waymo identified the five responses that it claims were deficient, and Uber agreed to conduct additional review for responsive records. Now, it claims it wants to take that issue to the magistrate. There is no basis for that. The whole point of having a Special Master is to seek to reduce the issues we take to the magistrate. As Judge Alsup has made clear, the parties need to prioritize. The only issue that is ripe for consideration by Magistrate Corley is the deposition of Mr. Page because we need to take it before Uber's sur-reply brief is filed this Friday. We suggest that you make a

recommendation to her on this issue, and that the two sides file a two-page letter brief with her on Monday.  Please let us know how she would like to proceed.

And one last thing—in an obvious tit for tat, Waymo served us today with a notice of deposition (attached) for Uber's CEO.  But Judge Alsup gave each side only three "freebie" depositions and Waymo has already taken all three of those depositions (it admits as much in its letter regarding Mr. Page).  I wrote to Waymo asking why they feel they can take this additional deposition in light of the clear limitations in Judge Alsup's order.  Waymo has not responded.  We do not plan to appear for that improperly noticed deposition and would like guidance from you on how to proceed with that issue.

**Arturo J. González**
Chair, Commercial Litigation and Trial Practice Group
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
P: 415.268.7020 | F: 415.276.7020 | C: 415.425.9548
AGonzalez@mofo.com | www.mofo.com

---

**From:** John Neukom [mailto:johnneukom@quinnemanuel.com]
**Sent:** Saturday, April 22, 2017 11:24 PM
**To:** John Cooper; Gonzalez, Arturo J.
**Cc:** Matthew Cate; Barbara Restivo
**Subject:** [EXT] Waymo: Uber's Improper Request For A Deposition Of Larry Page

**ATTACHMENTS INCLUDE AEO MATERIALS**

Dear John,

Please find attached Waymo's letter regarding Uber's improper attempt to take the deposition of Larry Page, the CEO of Alphabet. Please also find attached Exhibits A, B and C to that letter. Please note that certain of these materials are designated AEO/confidential under the Protective Order and we ask that you treat them accordingly.

From Waymo's perspective, we believe that this issue should be heard by Magistrate Judge Corley at her earliest convenience. We also believe that a handful of other discovery disputes are ripe for Her Honor to hear—including certain document production failures by Uber and other violations of Judge Alsup's discovery orders in this case. We will be following up with specifics on those matters tomorrow. In the meantime, we respectfully ask that you contact Magistrate Judge Corley's chambers to request a hearing (and briefing in whatever sequence she prefers) for outstanding discovery disputes between the parties. For Waymo, we are prepared to appear before Magistrate Judge Corley starting on Monday morning, or soon thereafter as she is available.

Thank you,
Jay

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an

intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

<SEALED Waymo's PI Reply (AEO).pdf>

<2017.04.23 Notice (T. Kalanick).pdf>

___

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

4