**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

April 27, 2017

Writer's Direct Contact
+1 (415) 268.7020
AGonzalez@mofo.com

The Honorable Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse
Courtroom F - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Waymo LLC v. Uber Technologies, Inc. et al.,* Case No. 3:17-cv-00939

Dear Magistrate Judge Corley:

This letter briefly addresses the issues we would like to raise with the Court today at 1:30.

1. Documents Requested in the Page Notice of Deposition

As this Court will recall, Plaintiff agreed to respond to the document requests served with the Larry Page notice of deposition. Plaintiff has now refused to produce documents in response to Nos. 3, 4, and 6. (Notice of Deposition attached as Ex. A.) After discussing these requests with the Special Master, we agreed to narrow Request No. 3 to only require three joint interest agreements that Google or Waymo have entered into. Plaintiff has advised us that Waymo has no such agreements and that Google will not produce any. These documents are relevant because Plaintiff has argued that in its reply brief in support of preliminary injunction that Uber has used this privilege to "hide its unlawful conduct." Indeed, Waymo has included Uber's privilege logs as exhibits to its reply brief. To the extent that Waymo has asserted this privilege in similar circumstances, it will show that Waymo is being inconsistent on this issue and provide evidence that Uber's assertion of the privilege is valid. (See Dkt. 142 [Judge Alsup ordering the parties to disclose under oath positions they have previously taken with respect to arbitration agreements].)

Requests 4 and 6 are related and seek communications about possibly bringing an action against Defendants or sufficient to show when Waymo began investigating the possibility of files having been misappropriated by Anthony Levandowski. Google refuses to produce any documents in response to these requests. This information is relevant to Plaintiff's knowledge and motive, to the importance of the purported misappropriated files, and of the need for obtaining preliminary relief.

sf-3763607

MORRISON | FOERSTER

Hon. Jacqueline Scott Corley
April 27, 2017
Page Two

2.    The Deposition of John Krafcik, Mr. Levandowski's Former Supervisor

After the Court sustained the objection to Larry Page's deposition, we noticed the deposition of Mr. Levandowski's former supervisor. He was head of the autonomous division when Mr. Levandowski worked at Google. Recently, he was made CEO of Waymo, which Google spun off as a subsidiary in December 2016. Plaintiff refuses to produce him for deposition on the same grounds as Mr. Page. They also claim he is not available on Monday, but that is not the real dispute. We need to be able to question Mr. Levandowski's former supervisor.

We have less than one hour left of our 18 hour allotment so this will be a short deposition. We are willing to take it tomorrow afternoon or on the weekend if he is not available on Monday.

Sincerely,

Arturo J. González

sf-3763607