1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:   415.268.7000
7  Facsimile:   415.268.7522

8  Attorneys for Defendants
   UBER TECHNOLOGIES, INC.,
9  OTTOMOTTO LLC, and OTTO TRUCKING LLC

10 KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
11 HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
12 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
13 Washington DC  20005
   Telephone:   202.237.2727
14 Facsimile:   202.237.6131

15 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
16 and OTTOMOTTO LLC

17                UNITED STATES DISTRICT COURT

18                NORTHERN DISTRICT OF CALIFORNIA

19                    SAN FRANCISCO DIVISION

20 WAYMO LLC,                              | Case No.   3:17-cv-00939-WHA

21              Plaintiff,                 | **DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR SUR-REPLY TO PLAINTIFF WAYMO LLC'S MOTION FOR PRELIMINARY INJUNCTION, SUPPORTING DECLARATIONS, AND EXHIBITS THERETO**

22       v.

23 UBER TECHNOLOGIES, INC.,
   OTTOMOTTO LLC; OTTO TRUCKING LLC,
24
              Defendants.                  | Trial Date: October 2, 2017

In accordance with Civil Local Rules 7-11 and 79-5, and General Order No. 62, Defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC ("Defendants") submit this motion for an order to file under seal the confidential, unredacted versions of the following documents:

1. Portions of Defendants' Sur-Reply to Plaintiff Waymo LLC's Motion for Preliminary Injunction ("Sur-Reply");

2. Portions of the Supplemental Declaration of Michael Lebby in Support of Defendants' Sur-Reply to Plaintiff Waymo LLC's Motion for Preliminary Injunction ("Lebby Declaration")

3. Portions of the Supplemental Declaration of Scott Boehmke in Support of Defendants' Sur-Reply to Plaintiff Waymo LLC's Motion for Preliminary Injunction ("Boehmke Declaration")

4. Portions of the Supplemental Declaration of James Haslim in Support of Defendants' Sur-Reply to Plaintiff Waymo LLC's Motion for Preliminary Injunction ("Haslim Declaration")

5. Portions of the Supplemental Declaration of Esther Chang in Support of Defendants' Sur-Reply to Plaintiff Waymo LLC's Motion for Preliminary Injunction ("Chang Declaration")

6. Entirety of Exhibit 2 to the Lebby Declaration and Exhibit 15 to the Chang Declaration

7. Portions of Exhibit 26 to the Lebby Declaration

8. Entirety of Exhibit 27 to the Lebby Declaration

9. Entirety of Exhibits A, B, C, and D to the Boehmke Declaration

10. Portions of Exhibit E to the Boehmke Declaration

11. Entirety of Exhibit A to the Haslim Declaration

12. Portions of Exhibit B to the Haslim Declaration

13. Entirety of Exhibit 11 to the Chang Declaration

14. Portions of Exhibits 12 and 14 to the Chang Declaration

1        Some of the redacted portions of the Sur-Reply, Lebby Declaration, Boehmke Declaration, Haslim Declaration, Exhibit E to the Boehmke declaration, Exhibit B to the Haslim Declaration, Exhibit 26 to the Lebby Declaration, and Exhibit 14 to the Chang Declaration discuss Uber's proprietary and highly confidential designs for Uber's custom LiDAR system. These portions are highlighted in blue on the unredacted copies of the documents. The design of Uber's custom LiDAR system is an Uber trade secret which, if made public, would cause Uber irreparable harm in this very competitive space of autonomous driving. (Declaration of Michelle Yang In Support of Defendants' Administrative Motion to File Documents Under Seal ("Yang Decl.") ¶ 3.)

         The entireties of Exhibits A, B, C, and D to the Boehmke Declaration contain defendants' technical, proprietary trade secret information, which is highly confidential. Exhibits A and B are emails discussing the development of a proprietary design, and Exhibits C and D are detailed charts of design and performance specifications. If this information was made public, it could irreparably harm Defendants. (Yang Decl. ¶ 4.)

         The entirety of Exhibit A to the Haslim Declaration likewise contains highly confidential trade secret information. Exhibit A is an email that discusses the development of a confidential design. If this information was made public, it could irreparably harm Defendants. (Yang Decl. ¶ 5.)

         The entireties of Exhibits 11 and 15 to the Chang Declaration likewise contain highly confidential trade secret information. Exhibit 11 is a presentation regarding Uber's highly confidential detailed market strategy and Exhibit 15 is an expert witness deposition discussing proprietary trade secrets. If this information was made public, it could irreparably harm Defendants. (Yang Decl. ¶ 6.)

         I understand that these trade secrets are maintained as confidential by Uber and are valuable as trade secrets to Uber's business. The public disclosure of this information would give Uber's competitors access to in-depth descriptions and analysis of Uber's detailed market strategy information. If such information were made public, I understand Uber's competitive standing could be significantly harmed. (Yang Decl. ¶ 7.)

1     Some of the highlighted portions of the Sur-Reply, the Lebby Declaration, the Haslim Declaration, the Chang Declaration, Exhibit 26 to the Lebby Declaration, Exhibits 12 and 14 to the Chang Declaration, and the entirety of Exhibit 27 to the Lebby Declaration have been designated by Waymo as either confidential or highly confidential.  Waymo's designations are highlighted in green in the unredacted copies of the declarations and exhibits.   (Yang Decl. ¶ 8.)

    The entirety of Exhibit 2 of the Lebby Declaration and Exhibit 15 to the Chang Declaration contain highly confidential information.  Exhibit 2 to the Lebby Declaration and Exhibit 15 to Chang Declaration are excerpts the deposition transcript of Waymo's expert witness discussing both Uber confidential trade secret information and Waymo's alleged trade secrets regarding sensor design.  The entirety of the expert witness's deposition transcript has been designated "Highly Confidential – Attorneys' Eyes Only" until the parties can exchange confidentiality designations.  (Yang Decl. ¶ 9.)

    Pursuant to Civil Local Rule 79-5(d)(2), Defendants will lodge with the Clerk the documents at issue, with accompanying chamber copies.

    Defendants served Waymo with this Administrative Motion to File Documents Under Seal on April 28, 2017.

    For the foregoing reasons, Defendants request that the Court enter the accompanying Proposed Order granting Defendants' Administrative Motion to File Documents Under Seal and designate the service copies of these documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Dated: April 28, 2017                      MORRISON & FOERSTER LLP

                                            By: */s/Arturo J. González*
                                                   ARTURO J. GONZÁLEZ

                                            Attorneys for Defendants
                                            UBER TECHNOLOGIES, INC.,
                                            OTTOMOTTO LLC, and OTTO TRUCKING LLC