MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:      415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:     202.237.2727
Facsimile:      202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No.     3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR OPPOSITION TO PLAINTIFF WAYMO LLC'S MOTION FOR PRELIMINARY INJUNCTION, SUPPORTING DECLARATIONS, AND EXHIBITS THERETO**<br><br>Trial Date: October 2, 2017 |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I am a member in good standing of the Bar of the State of California. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Defendants' Administrative Motion to File Under Seal Portions of Their Opposition to Plaintiff Waymo LLC's Motion For Preliminary Injunction, Supporting Declarations, and Exhibits Thereto.

2. Some of the highlighted portions of the Defendants' Sur-Reply to Plaintiff's Motion for Preliminary Injunction ("Sur-Reply"), the Supplemental Declarations of Michael Lebby ("Lebby Declaration"), Scott Boehmke ("Boehmke Declaration"), and James Haslim ("Haslim Declaration") discuss Uber's proprietary and highly confidential designs for Uber's custom LiDAR system. These portions are highlighted in blue. The design of Uber's custom LiDAR system is an Uber trade secret which, if made public, would cause Uber irreparable harm in this very competitive space of autonomous driving.

3. Some of the highlighted portions of Exhibit E to the Boehmke declaration, Exhibit B to the Haslim Declaration, Exhibit 26 to the Lebby Declaration, and Exhibit 14 of the Supplemental Declaration of Esther Chang ("Chang Declaration") likewise discuss Uber's proprietary and highly confidential designs for Uber's custom LiDAR system. These portions are highlighted in blue. The design of Uber's custom LiDAR system is an Uber trade secret which, if made public, would cause Uber irreparable harm.

4. The entireties of Exhibits A, B, C, and D to the Boehmke Declaration contain defendants' technical, proprietary trade secret information, which is highly confidential. Exhibits A and B are emails discussing the development of a proprietary design, and Exhibits C and D are detailed charts of design and performance specifications. If this information was made public, it could irreparably harm Defendants.

5. The entirety of Exhibit A to the Haslim Declaration likewise contains highly confidential trade secret information. Exhibit A is an email that discusses the development of a confidential design. If this information was made public, it could irreparably harm Defendants.

6. The entireties of Exhibits 11 and 15 to the Chang Declaration likewise contain highly confidential trade secret information. Exhibit 11 is a presentation regarding Uber's highly confidential detailed market strategy and Exhibit 15 is an expert witness deposition discussing proprietary trade secrets. If this information was made public, it could irreparably harm Defendants.

7. I understand that these trade secrets are maintained as confidential by Uber and are valuable as trade secrets to Uber's business. The public disclosure of this information would give Uber's competitors access to in-depth descriptions and analysis of Uber's detailed market strategy information. If such information were made public, I understand Uber's competitive standing could be significantly harmed.

8. Some of the highlighted portions of the Sur-Reply, the Lebby Declaration, the Haslim Declaration, the Chang Declaration, Exhibit 26 to the Lebby Declaration, Exhibits 12 and 14 to the Chang Declaration, and the entirety of Exhibit 27 to the Lebby Declaration have been designated by Waymo as either confidential or highly confidential. Waymo's designations are highlighted in green in the unredacted copies of the declarations and exhibits.

9. The entirety of Exhibit 2 of the Lebby Declaration and Exhibit 15 to the Chang Declaration contain highly confidential information. Exhibit 2 to the Lebby Declaration and Exhibit 15 to Chang Declaration are excerpts the deposition transcript of Waymo's expert witness discussing both Uber confidential trade secret information and Waymo's alleged trade secrets regarding sensor design. The entirety of the expert witness's deposition transcript has been designated "Highly Confidential – Attorneys' Eyes Only" until the parties can exchange confidentiality designations.

10. Uber's request to seal is narrowly tailored to those portions of the Sur-Reply and its supporting papers that merit sealing.

1  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of April, 2017, in Palo Alto, California.

*/s/ Michelle Yang*
Michelle Yang

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated: April 28, 2017              */s/  Arturo J. González*
Arturo J. González