Pages 1 - 7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JACQUELINE SCOTT CORLEY, MAGISTRATE JUDGE

```
WAYMO, LLC,                         )
                                    )
            Plaintiff,              )
                                    )
    v.                              )  NO. 3:17-cv-00939-WHA
                                    )
UBER TECHNOLOGIES, INC.; OTTO       )
TRUCKING, LLC; OTTOMOTTO, LLC,      )
et al.,                             )
                                    )
            Defendants.             )  San Francisco, California
_____)  Thursday, April 27, 2017
```

**TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING
OF PROCEEDINGS**

FTR 1:38 p.m. - 1:44 p.m. =  6 minutes

**APPEARANCES**:

| | |
|---|---|
| For Plaintiff: | Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP |
| | 50 California Street, 22nd floor |
| | San Francisco, California  94111 |
| BY: | **CHARLES KRAMER VERHOEVEN, ESQ.** |
| | **DAVID ANDREW PERLSON, ESQ.** |
| | **JEFFREY WILLIAM NARDINELLI, ESQ.** |
| | |
| For Defendants: | Morrison & Foerster |
| | 425 Market Street |
| | San Francisco, California  94105-2482 |
| BY: | **ARTURO J. GONZALEZ, ESQ.** |
| | |
| Transcribed by: | Leo T. Mankiewicz, Transcriber |
| | leomank@gmail.com |
| | (415) 722-7045 |

1  Thursday, April 27, 2017

2                                                          1:38 p.m.

3                    P R O C E E D I N G S

4       **THE CLERK:** Calling civil action C17-939, Waymo versus
5  Uber.
6       **THE COURT:** You guys should practically just get an
7  office in this courthouse, you're here so often.
8       **MR. VERHOEVEN:** Good afternoon, your Honor. Charles
9  Verhoeven on behalf of Waymo.
10      **MR. PERLSON:** Good afternoon, David Perlson and Jeff
11 Nardinelli.
12      **MR. GONZALEZ:** Good afternoon, your Honor. Arturo
13 Gonzalez from Morrison & Foerster, for Uber.
14      **THE COURT:** Good afternoon. All right, so is what
15 I have in front of me Uber's request for documents, right?
16      **MR. GONZALEZ:** Right.
17      **THE COURT:** So with respect to the common interest
18 documents, whatever, I think, as I said, I'm not going to order
19 those. I don't think they're relevant. If Judge Alsup wants
20 to ask them, like he did arbitration, he can, and then of
21 course the parties will comply, but he didn't.
22          But let me ask you about this. The request for
23 documents that has been narrowed to essentially a privilege log
24 issue, showing the earliest that the plaintiff contemplated
25 bringing a legal action. That's relevant to the preliminary

1   injunction motion.
2          **MR. GONZALEZ:** Well, your Honor, we actually -- so as
3   part of the process with the special master, we, you know,
4   negotiated what the scope of, and then they said, okay, give us
5   the first date that plaintiff Waymo --
6          **THE COURT:** Okay, did you tell them, during that
7   meet-and-confer, that Waymo did not become a corporate entity
8   until December 13th?
9          **MR. GONZALEZ:** Absolutely I did, your Honor.  I said
10  it was in December of last year, something that they've known,
11  of course, for quite some time.  And so I said that we'll do
12  that, and we said that it was the first day.
13         So we answered what the plaintiff in this case --
14  I mean, we provided them the information that they asked for.
15         **THE COURT:** All right, all right.
16         **MR. VERHOEVEN:** So obviously, your Honor, I would not
17  agree to that.
18         **THE COURT:** Yeah, that's what I kind of --
19         **MR. VERHOEVEN:** It's ridiculous.  We already knew --
20  we're representing Mr. Levandowski in the arbitrations that
21  were filed in October of 2016.
22         **THE COURT:** No, I know, but so, did you --
23         **MR. VERHOEVEN:** We already knew --
24         **THE COURT:** So was it a misunderstanding?
25         **MR. VERHOEVEN:** Well, clearly, because --

1      **THE COURT:**  Okay, all right.  That's all I need to
2  know.  It makes no sense.  It's relevant, so I want you to
3  disclose the earliest date, whether it was Waymo, Google,
4  Alphabet, I don't care, contemplated the legal action, period.
5  It's not game playing or whatever.  It's relevant to that.
6  Just disclose that, and do it by -- can you do it by 9:00 p.m.
7  tonight?  Because their surreply is due tomorrow.
8      **MR. GONZALEZ:**  I'm not sure.  It's not -- you know,
9  Google is not the plaintiff, it's --
10     **THE COURT:**  No, no, I understand, but we're not going
11 to hide -- but factually, who was considering the legal action,
12 since Waymo didn't come into existence before December 13,
13 2016 --
14     **MR. GONZALEZ:**  Right.
15     **THE COURT:**  -- if there are documents that existed,
16 there is somebody.  You don't want to get into that fight.
17 Let's just be on both sides right.  We're just going to be fair
18 and come out there.  It's relevant.  Let's just produce it.
19     **MR. VERHOEVEN:**  Okay, your Honor.
20     **THE COURT:**  All right?  So by 9:00 o'clock tonight.
21     **MR. GONZALEZ:**  I will endeavor -- I mean, it's 2:00
22 o'clock right now, I'll try to --
23     **THE COURT:**  Well, and if you can't do it, you know,
24 but, just like they have a lot of people, you have a lot of
25 people, and in that Legal Department there is a lot of people,

1    and I can't imagine that with that big a universe of people who
2    were possibly contemplating it, I would assume it's very few
3    people who would have been touching on this issue, and that you
4    should be able to figure it out pretty quickly.
5            **MR. GONZALEZ:**  Understood, your Honor.
6            **THE COURT:**  Now, so then the other issue, I guess, is
7    the Waymo CFO's --
8            **MR. GONZALEZ:**  CEO.
9            **THE COURT:**  -- CEO's deposition, but the issue I see
10   here is that your notice is too late.  It's too late.  Because
11   you're not going to get anything before -- your surreply is due
12   tomorrow.
13           **MR. GONZALEZ:**  Right, but the hearing is on Wednesday,
14   your Honor.
15           **THE COURT:**  Yeah, but your surreply is due tomorrow.
16           **MR. GONZALEZ:**  Understood, understood, but if we can
17   get information that's relevant, your Honor, we can always ask
18   Judge Alsup to allow --
19           **THE COURT:**  You can, and I actually, I called Judge
20   Alsup and asked him, did you contemplate that all these
21   depositions would be done before the surreply, yes, it's too
22   late, it's too late, and the parties are going to have to
23   live -- I'll get you this additional information, which you
24   requested timely, on April 20th, but this is just too late.
25           Now, everything's going to be open again once that

1  hearing is done and we're going to have -- and many of these
2  people are probably going to have to be deposed, you know, in
3  that sense.
4          **MR. GONZALEZ:**  Your Honor, I have a very minor issue,
5  that may not be an issue, but since we're here, I may as well
6  raise it.
7          You did issue an order that Mr. Page was to answer the
8  interrogatory, and we did get an interrogatory response, and it
9  was verified by legal counsel at Google, and we just believe it
10 should be verified by Mr. Page.
11         **MR. VERHOEVEN:**  We did not meet and confer on this,
12 your Honor.  We will do that.
13         **MR. GONZALEZ:**  So I emailed about it this morning, and
14 didn't get a response.
15         **THE COURT:**  You will meet and confer or you will get
16 Mr. Page's --
17         **MR. VERHOEVEN:**  I will get the signature.  If that's
18 what they're going to insist on, I will get it, but again, we
19 haven't even met and conferred on that.
20         **MR. GONZALEZ:**  We emailed this morning, didn't get a
21 response.
22         **THE COURT:**  Okay, all right, we're doing everything on
23 an expedited basis, and so you'll get it, but I assume --
24 I would expect that even if you relied on it, that there's no
25 way that Waymo would come back and say something different,

1   because it was verified by legal counsel and not Mr. Page.
2              **MR. GONZALEZ:**  I understand, we just wanted to --
3              **THE COURT:**  You know what the answer is --
4              **MR. GONZALEZ:**  We do.
5              **THE COURT:**  -- in terms of doing your surreply.
6   Right.  Is that all the matters?
7              **MR. GONZALEZ:**  That's all we have, your Honor.
8              **MR. VERHOEVEN:**  I guess so, your Honor.
9              **THE COURT:**  All right, I know you already had a long
10  hearing today.
11             **MR. VERHOEVEN:**  Yeah, we actually did.
12             **THE COURT:**  And I know you've been emailing, emailing,
13  like, at all hours of the day and night.  All right.
14             **MR. GONZALEZ:**  Thank you, your Honor.
15             **THE COURT:**  Until next time.
16             **MR. VERHOEVEN:**  Thank you.
17                                                        <u>1:44 p.m.</u>
18                           ---o0o---

**CERTIFICATE OF TRANSCRIBER**

I, Leo Mankiewicz, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

_[signature]_   04/27/2017

Signature of Transcriber         Date