MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF SYLVIA RIVERA IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., OTTOMOTTO LLC, AND OTTO TRUCKING LLC'S SUR-REPLY TO PLAINTIFF WAYMO LLC'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: May 3, 2017<br>Time: 7:30 a.m.<br>Ctrm: 8, 19th Floor<br>Judge: The Honorable William Alsup<br><br>Trial Date: October 2, 2017 |

I, SYLVIA RIVERA, declare as follows:

1. I am a partner of the law firm of Morrison & Foerster LLP, counsel of record for defendants Uber Technologies, Inc. ("Uber") and Ottomotto LLC, and Otto Trucking LLC ("Defendants").[1]  I am a member in good standing of the Bar of the State of California.  I make this declaration based on personal knowledge in support of Defendants' Sur-Reply to Plaintiff Waymo LLC's Motion for Preliminary Injunction.

2. Defendants have worked diligently to comply with the expedited discovery schedule in this action.  In our extensive search for documents, we have consulted with a number of Uber employees, including Anthony Levandowski, who have assisted us in locating responsive documents.  Our search for documents has included searches of Mr. Levandowski's records at Uber, including applying over 100 search terms (15 of which were provided by Waymo) to Mr. Levandowski's records.  Defendants' efforts are described more fully below.

**Defendants Searched Extensively for the Alleged 14,000 Files**

3. In our search for the alleged 14,000 files and anything derived from them, we interviewed more than 85 Uber employees.

4. We retained Stroz Friedberg LLC to investigate forensically whether any confidential material from Waymo exists on Uber's network.  Working closely with us and employees at Uber, Stroz Friedberg collected data from emails and Google Drive, imaged almost 200 workstations, and collected data from LiDAR related servers.  That massive collection effort included custodial files for over 100 Uber employees and involved hundreds of terabytes of data.

5. The Declaration of Kevin Faulkner (Dkt. 175-1) and concurrently filed Supplemental Declaration of Kevin Faulkner describe the forensic work Stroz Friedberg performed on that data, including filename and MD5 hash value searching.

6. Stroz Friedberg also processed and applied search terms to the data so that attorneys could review the documents that contain a search term hit and determine whether they

---

[1] Goodwin Procter LLP filed a substitution of counsel on April 24 noting that it has assumed the representation of Otto Trucking LLC, an entity that is not owned by Uber, but that document has not yet been signed by the Court.

1   contain confidential Google material.  We used more than 100 search terms, including 15 terms

2   added by Waymo pursuant to the Court's April 6, 2017 order.[2]

3         7.      In order to review the substantial volume of documents that "hit" on one of the

4   search terms, we assembled a team of more than 40 attorney reviewers.  As of April 26, 2017,

5   attorneys have spent over 5,000 hours, including weekends, reviewing more than 300,000

6   documents for responsiveness to the Court's order of March 16, 2017.

7         8.      As a result of Stroz Friedberg's forensic searches and the manual review of

8   documents with search term "hits" performed by attorneys, Defendants have produced

9   approximately 9,000 documents from their files.  With one exception, these documents were

10  produced because of filename and MD5 hash matches, and not because a reviewer concluded they

11  contained alleged trade secret information.  Defendants produced only one email and a 2 page

12  attachment from their files that reviewers concluded potentially referenced Google trade secrets.

13  We asked Waymo to let us know if it believes the document refers to proprietary information and

14  did not get a response to that question.  There is no reference to that document in Waymo's reply

15  papers.  Defendants also obtained permission to have Stroz Friedberg search the personal Gmail

16  account for one Uber employee and produced two responsive documents from that account.

17        9.      Stroz Friedberg is still processing additional documents that hit on the search

18  terms.  We will continue to have a large team of attorneys review the documents with search term

19  "hits," likely through next week, but possibly beyond due to the large volume of data, as

20  described in the Supplemental Declaration of Kevin Faulkner.

**Defendants Diligently Searched for and Produced Documents in Connection with Waymo's Deposition Notices**

23       10.     In its March 16, 2017 order, the Court allowed the parties to take the deposition of

24  each declarant whose declaration was submitted in support of or opposition to the preliminary

---

[2] The Court's April 6, 2017 order refers to Defendants' 120 search terms.  However, our search term list had just under 100 terms.

1  injunction motion.  The Court permitted the parties to serve up to six "very narrowly drawn"
2  document requests with each deposition notice.  (Dkt. 61.)

3        11.    Deposition notices were due 120 hours before the scheduled start of the deposition,
4  with the associated document production being due 24 hours before the deposition.  That meant
5  that in most instances, Defendants had only approximately 96 hours from the time they received
6  the deposition notice to contact the deponent and clients and set-up a time to discuss the
7  document requests, collect potentially responsive documents, review them for responsiveness and
8  privilege, and have them processed for production.  Defendants did this for eleven depositions in
9  a 10-day period from April 9 through April 19.

10       12.    More than 14 Morrison & Foerster and Boies, Schiller, Flexner lawyers
11 participated in the effort to identify, collect, review, and produce documents in response to
12 Waymo's document requests served with their deposition notices within the narrow four day
13 window available for each deposition.

14       13.    On April 20, 2017, the parties met with Special Master John Cooper and
15 discussed, among other things, Waymo's objections to Defendants' document production in
16 connection with the depositions.  The parties reached a compromise on five document requests
17 Waymo served with its deposition notices, as reflected in Mr. Cooper's email of the same date
18 which was attached as Exhibit 113 to the Declaration of Jordan R. Jaffe (Dkt. 248.)  Defendants
19 agreed to search for and produce documents responsive to those requests.

20       14.    In response to document request no. 4 from the deposition notice for Scott
21 Boehmke, Defendants had previously produced responsive documents from Mr. Boehmke's files
22 in advance of his deposition.  On April 20, Defendants agreed to search beyond Mr. Boehmke's
23 files for documents regarding Mr. Levandowski's LiDAR-related consulting work.  Defendants
24 produced additional responsive documents on April 25 and April 27, including documents from
25 Anthony Levandowski's files.

26       15.    In response to document request no. 6 from the deposition notice for Asheem
27 Linaval, Defendants had previously produced responsive documents from Mr. Linaval's files in
28 advance of his deposition including emails from Mr. Levandowski to Mr. Linaval.  At the April

1  20 conference, Defendants agreed that Waymo could provide the names of two additional
2  custodians for whom Defendants would search for responsive documents.  At 8:42 p.m. on
3  Sunday, April 23, Waymo identified Anthony Levandowski and Max Levandowski as the two
4  additional custodians.  Defendants then searched for, reviewed, and produced responsive
5  documents on April 27, including documents from Anthony Levandowski's files.

6        16.     At the April 20 conference, Defendants also agreed to search for additional
7  documents in response to three other document requests.  As of the date of this filing, that search
8  is on-going.  We have agreed to produce any additional responsive documents that we locate by
9  tomorrow morning.

10  **The 22 Priority Document Requests**

11        17.     On April 14, 2017, Waymo sent Defendants a list of 22 document requests that
12  Waymo wanted Defendants to prioritize.  A true and correct copy of Waymo's Amended
13  Document Requests to Help Determine Responsiveness in Conducting Search for
14  Misappropriated Documents is attached as Exhibit 1.  Defendants worked diligently to search for,
15  identify, and produce responsive documents.  By April 20, 2017, just six days later, Defendants
16  completed their production of documents in response to those 22 priority requests.  Defendants
17  produced documents responsive to each of those requests, except for three requests for which no
18  responsive documents were identified after a diligent search.

19        18.     Earlier this week, Waymo's counsel made additional requests for more technical
20  documentation regarding the Spider.  We produced that additional documentation.

21  **Defendants Amended Their Privilege Logs**

22        19.     Counsel for Defendants also spent over 500 hours reviewing and creating privilege
23  logs for communications related to the investigation performed by Stroz Friedberg LLC in
24  connection with Uber's acquisition of Ottomotto.  Waymo raised numerous concerns with the
25  privilege logs and the parties conferred.  In an effort to address Waymo's concerns, Defendants
26  amended their privilege logs and served the amended logs on April 27, 2017, and expect to serve
27  another set on April 28 with amendments to address Waymo's concerns.  Defendants also agreed
28  to undertake the laborious task of re-reviewing emails on the logs to ensure that all senders and

1  recipients are accounted for within an email string.  Attached as Exhibit 2 is a true and correct
2  copy of my email of April 27, 2017, to Waymo's counsel at Quinn on this subject.

3    20.  In total, Defendants have devoted over 6,000 attorney hours to searching for and
4  reviewing documents in connection with Waymo's motion for preliminary injunction, including
5  reviewing for the 14,000 allegedly misappropriated files, documents responsive to requests
6  appended to deposition notices, documents responsive to Waymo's 22 priority requests served on
7  April 14, 2017, and documents to be placed on a privilege log.

8    I declare under the penalty of perjury under the laws of the United States of America that
9  the foregoing is true and correct.  Executed this 28th day of April, 2017, in Los Angeles,
10 California.

                                        */s/ Sylvia Rivera*
                                        Sylvia Rivera

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Esther Kim Chang has concurred in this filing.

Dated:  April 28, 2017                  */s/ Arturo J. González*
                                        Arturo J. González

RIVERA DECL. ISO DEFENDANTS' SUR-REPLY TO PRELIMINARY INJUNCTION MOTION
Case No. 3:17-cv-00939-WHA
la-1347767

5