# EXHIBIT 13

```
 1                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
 2                  SAN FRANCISCO DIVISION
 3
 4
                                         )
 5    WAYMO LLC,                         )
                                         )
 6                 Plaintiff,            )
                                         )
 7           vs.                         )  Case No.
                                         )  3:17-cv-00939-WHA
 8    UBER TECHNOLOGIES, INC.,           )
      OTTOMOTTO LLC; OTTO                )
 9    TRUCKING LLC,                      )
                                         )
10                 Defendants.           )
                                         )
11
12
13
14
15       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
16         VIDEOTAPED DEPOSITION OF GARY T. BROWN
17                San Francisco, California
18                Friday, March 24, 2017
19                       Volume I
20
21
22
     Reported by:   SUZANNE F. GUDELJ
23   CSR No. 5111
24   Job No. 2577644
25   PAGES 1 - 65
```

Page 1

```
 1              MR. HOLMES:  -- the question he has.
 2              MR. GONZALEZ:  Let's go off the record.
 3              VIDEO OPERATOR:  We are off the record at
 4    12:24 p.m.
 5              (Recess.)                                    12:27:59
 6              VIDEO OPERATOR:  We are back on the record
 7    at 12:27 p.m.
 8    BY MR. GONZALEZ:
 9        Q    Who told you that Mr. Levandowski had
10    access to the server and downloaded 14,000 files?     12:28:07
11        A    A lawyer.
12        Q    Which lawyer?
13        A    Tom Gorman.
14        Q    And did you then seek to confirm that by
15    your analysis?                                         12:28:22
16        A    Yes.
17        Q    And did you confirm that in October of
18    2016?
19        A    I corroborated the download with network
20    traffic.                                               12:28:43
21        Q    So you looked at the network traffic to
22    corroborate that 14,000 files were downloaded onto
23    what device?
24        A    Anthony Levandowski's work laptop.
25        Q    The work laptop that was issued to him by    12:29:00
```

Page 36

```
 1      A    Generation of Google Drive activity logs --
 2      Q    What does that mean?
 3      A    -- as I state in paragraph 21 on my
 4  declaration.
 5      Q    Let me pause right there.  That's a good       12:43:10
 6  way to do it.  So whatever this says in paragraph 21
 7  you did in about July of 2016; is that fair?
 8      A    Yes.
 9      Q    Let me just read this to myself.
10           Okay.  So then paragraph 22 says "based on     12:43:33
11  my review..."  Is that also something that you
12  did -- that's your conclusion in July of 2016?
13      A    I generated the logs.
14      Q    Okay.  When did you do that?
15      A    In July 2016 or August 2016, somewhere in      12:43:59
16  there.
17      Q    All right.  So paragraph 22 and paragraph
18  23 are the same time period as paragraph 21?
19      A    It was over a series of months.
20      Q    All right.  Beginning in July?                 12:44:21
21      A    Yes.
22      Q    So these five documents in paragraph 22,
23  when did you first conclude in your own mind that
24  those five documents had been exported?
25      A    In July I generated a report of copies and     12:44:47
```

Page 48

```
 1   exports, among other things.
 2       Q    And so these five documents were among
 3   those that you're referring to in paragraph 22?
 4       A    Yes.
 5       Q    And you say that they were exported to a        12:45:12
 6   personal device that was not issued by Google.  Do
 7   you see that?
 8       A    Yes.
 9       Q    And how do you know that the device was not
10   issued by Google?                                         12:45:21
11       A    The user agent string did not match any
12   device that had been issued to Anthony Levandowski.
13       Q    It's not unusual for somebody to download a
14   document onto their own device, is it?
15            MR. HOLMES:  Objection to form.                  12:45:46
16            THE WITNESS:  I believe policy discourages,
17   if not forbids, sensitive information to be
18   downloaded onto personal devices.  We even have
19   rules about sensitive information on corporate
20   devices that are mobile and could be lost.                12:46:06
21   BY MR. GONZALEZ:
22       Q    By the way, these five items, in your view,
23   sensitive information?
24       A    I believe anything that, unless marked for
25   public consumption, that comes from any corporate         12:46:17
```

Page 49