MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>    Defendants. | Case No.    3:17-cv-00939-WHA<br><br>**DEFENDANTS' MOTION TO DISMISS WAYMO'S UNFAIR COMPETITION LAW CLAIM**<br><br>Date:    June 1, 2017<br>Time:    8:00 a.m.<br>Ctrm:    8, 19th Floor<br>Judge:   The Honorable William Alsup<br><br>Trial Date: October 2, 2017 |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on June 1, 2017, at 8:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA, in Courtroom 8 before the Honorable William Alsup, Defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC will, and hereby do, jointly move the Court, pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing Plaintiff Waymo LLC's Seventh Cause of Action for violation of Cal. Bus. & Prof. Code § 17200 (commonly known as California's Unfair Competition Law ("UCL")) on the ground that this claim is preempted by Plaintiff's separate claim for violation of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.* ("CUTSA") (Second Cause of Action).

Defendants' motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all documents in the Court's file, any matters of which this Court may take judicial notice, and on such other written and oral argument as may be presented to the Court.

Dated: April 28, 2017                            MORRISON & FOERSTER LLP

By:  */s/ Arturo J. González*
         ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUE TO BE DECIDED .................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I. INTRODUCTION .................................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ............................................. 1

    A. Waymo's Complaint and Amended Complaint ........................................... 1

    B. Waymo's UCL Claim is Based on the Same Nucleus of Operative Facts as its Trade Secrets Claims .............................................................................. 2

III. APPLICABLE LEGAL STANDARDS ................................................................... 2

IV. ARGUMENT ........................................................................................................... 3

V. CONCLUSION ........................................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atl. Inertial Sys., Inc. v. Condor Pac. Indus. of California, Inc.*,
545 F. App'x 600 (9th Cir. 2013) ..................................................................................................3

*Avago Techs. U.S. Inc. v. Nanoprecision Prods., Inc.*,
No. 16-cv-03737-JCS, 2017 WL 412524 (N.D. Cal. Jan. 31, 2017) ............................................3

*Digital Envoy, Inc. v. Google, Inc.*,
370 F. Supp. 2d 1025 (N.D. Cal. 2005) ................................................................................3, 4, 5

*Gems v. Diamond Imports, Inc.*,
No. 15-cv-03531-MMC, 2016 WL 6902804 (N.D. Cal. Nov. 22, 2016) ....................................4

*Leadsinger, Inc. v. BMG Music Publ'g.*,
512 F.3d 522 (9th Cir. 2008) ........................................................................................................5

*Lilith Games (Shanghai) Co. Ltd. v. uCool, Inc.*,
No. 15-CV-01267-SC, 2015 WL 4128484 (N.D. Cal. July 8, 2015) .......................................3, 4

*Qiang Wang v. Palo Alto Networks, Inc.*,
No. C 12-05579 WHA, 2013 WL 415615 (Jan. 31, 2013) (Alsup, J.) ....................................3, 4

*Silvaco Data Sys. v. Intel Corp.*,
184 Cal. App. 4th 210 (2010) ......................................................................................................2

*Top Agent Network, Inc. v. Zillow, Inc.*,
No. 14-cv-04769-RS, 2015 WL 10435931 (Aug. 6, 2015) .........................................................3

*Total Recall Techs. v. Luckey*,
No. C 15-02281 WHA, 2016 WL 199796 (N.D. Cal. Jan. 16, 2016) (Alsup, J.) ....................4, 5

*VasoNova Inc. v. Grunwald*,
No. C-12-02422 WHA, 2012 WL 4119970, (N.D. Cal. Sept. 18, 2012)
(Alsup, J.) .....................................................................................................................................4

**Statutes**

Cal. Bus. & Prof. Code § 17200 .........................................................................................................2

Cal. Civ. Code § 3426 *et seq.*............................................................................................................2

Cal. Civ. Code § 3426.7(b). ...............................................................................................................3

**STATEMENT OF ISSUE TO BE DECIDED**

This motion raises the following issue:  Should Waymo's UCL claim be dismissed with prejudice as preempted by the CUTSA?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff Waymo asserts separate causes of action for alleged trade secret misappropriation under the CUTSA and for alleged violation of California's UCL based on the same core factual allegations.  California law is clear that the CUTSA provides the exclusive remedy for trade secret misappropriation and preempts other state law claims, including UCL claims, based on the same underlying facts.  Accordingly, Waymo's UCL claim is preempted by CUTSA and should be dismissed.

Waymo's CUTSA and UCL claims are based on a common set of alleged facts – that Waymo's former employee, Anthony Levandowski, "downloaded more than 14,000 highly confidential and proprietary files shortly before his resignation"; that Mr. Levandowski brought that information with him when he joined Uber; and that Uber used the information to develop its LiDAR technology.  (ECF No. 23 Am. Compl. ¶¶ 4-5, 7, 10.)  Much of Waymo's Amended Complaint chronicles the alleged trade secret misappropriation by Mr. Levandowski and defendants.  (*See, e.g.,* Am. Compl. ¶¶41-54.)

Waymo's UCL claim is specifically premised on the alleged trade secret misappropriation:  "Defendants have acquired and used Waymo's confidential and proprietary information through material misrepresentations and omissions."  (Am. Compl. ¶146.)  Waymo's Amended Complaint provides no other factual allegations to support the UCL claim.  Because the UCL claim is based on the same trade secret allegations as the CUTSA claim, the UCL claim is preempted under CUTSA and should be dismissed with prejudice.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

   **A.    Waymo's Complaint and Amended Complaint**

Waymo filed its original Complaint on February 23, 2017, asserting six causes of action, including:  (1) violation of the Defend Trade Secrets Act; (2) violation of CUTSA; (3) three

causes of action for patent infringement; and (4) violation of Cal. Bus. & Prof. Code § 17200, otherwise known as California's Unfair Competition Law ("UCL"). (ECF No. 1.) Waymo filed its Amended Complaint on March 10, 2017, keeping the original six causes of action and adding one additional patent. The Amended Complaint asserted violation of the California UCL as the Seventh Cause of Action. (ECF No. 23.)

### B. Waymo's UCL Claim is Based on the Same Nucleus of Operative Facts as its Trade Secrets Claims

Waymo asserts a claim for violation of the California UCL based on the same facts it alleges for its trade secret misappropriation claims. (*See* Am. Compl. ¶¶143-148.) Most of the Amended Complaint is devoted to describing the alleged trade secret misappropriation by Mr. Levandowski and defendants. As factual support for its UCL claim, Waymo references "business acts and practices . . . as described above" – or, in other words, the trade secret allegations that take up the bulk of the Amended Complaint. (Am. Compl. ¶145.) Without identifying any non-trade secret related conduct, Waymo alleges that "Defendants engaged in unlawful, unfair, and fraudulent business acts and practices. Such acts and practices include, but are not limited to, misappropriating Waymo's confidential and proprietary information." (Am. Compl. ¶144.) Similarly, for the "fraudulent" prong of the UCL, Waymo again references only the alleged trade secret misappropriation: "Defendants have acquired and used Waymo's confidential and proprietary trade secret information through material misrepresentations and omissions." (Am. Compl. ¶146.) Thus, Waymo's UCL claim is based on the same nucleus of operative facts as those supporting its trade secrets claims.

### III. APPLICABLE LEGAL STANDARDS

The CUTSA preempts tort remedies arising from the misappropriation of trade secrets. *See* Cal. Civil Code § 3426 *et seq*. Courts have held that CUTSA "provides the exclusive civil remedy for conduct falling within its terms, so as to supersede other civil remedies based upon misappropriation of a trade secret." *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 236 (2010) (citations omitted), *disapproved on other grounds in Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011). The Act exempts from preemption (1) claims based on a breach of contract;

and (2) "other civil remedies that are *not* based upon misappropriation of a trade secret."  Cal. Civ. Code § 3426.7(b) (emphasis added).  Courts have observed that this provision "would appear to be rendered meaningless if, in fact, claims which are based on trade secret misappropriation are not preempted by the state's statutory scheme."  *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005).

The CUTSA preempts California UCL claims where both the CUTSA and UCL claims are "based on the same nucleus of facts."  *Top Agent Network, Inc. v. Zillow, Inc.*, No. 14-cv-04769-RS, 2015 WL 10435931, at *4 (Aug. 6, 2015) (quoting *K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, 171 Cal.App. 4th 939, 962 (2009)).[1]  CUTSA preemption is properly decided "at the pleadings stage."  *Qiang Wang v. Palo Alto Networks, Inc.*, No. C 12-05579 WHA, 2013 WL 415615, at *4 (Jan. 31, 2013) (Alsup, J.).

On a motion to dismiss based on CUTSA preemption, "[t]he preemption inquiry . . . focuses on whether [the facts supporting the preempted claim] are no more than a restatement of the same operative facts supporting trade secret misappropriation."  *Lilith Games (Shanghai) Co. Ltd. v. uCool, Inc.*, No. 15-CV-01267-SC, 2015 WL 4128484, at *6 (N.D. Cal. July 8, 2015) (citation omitted).  Furthermore, "CUTSA preemption extends to claims based on the misappropriation of confidential and proprietary information, regardless of whether it qualifies as a 'trade secret.'"  *Avago Techs. U.S. Inc. v. Nanoprecision Prods., Inc.*, No. 16-cv-03737-JCS, 2017 WL 412524, at *6 (N.D. Cal. Jan. 31, 2017) (citing *SunPower Corp. v. SolarCity Corp.*, No. 12-CV-00694-LHK, 2012 WL 6160472, at *5-6 (N.D. Cal. Dec. 11, 2012)).

### IV.   ARGUMENT

The Court should dismiss Waymo's UCL claim as preempted by CUTSA.  Waymo's UCL claim is nothing more than a restatement of the same operative facts supporting its claims for trade secret misappropriation under CUTSA.  (*See* Am. Compl. ¶144 ("Defendants engaged in unlawful, unfair, and fraudulent business acts and practices . . . [by] misappropriating Waymo's

---

[1] The Ninth Circuit has confirmed the preemptive effect of the CUTSA on statutory and common law unfair competition claims.  *See Atl. Inertial Sys., Inc. v. Condor Pac. Indus. of California, Inc.*, 545 F. App'x 600, 602 (9th Cir. 2013).

1  confidential and proprietary information."); Am. Compl. ¶146 ("Defendants have acquired and
2  used Waymo's confidential and proprietary trade secret information through material
3  misrepresentations and omissions.").)  Waymo's Seventh Cause of Action is otherwise devoid of
4  non-trade secret factual support.  (*See* Am. Compl. ¶143-148.)  If the trade secret factual
5  allegations were omitted from Waymo's Seventh Cause of Action, there would be nothing
6  remaining to support the claim, let alone meet the requirement of pleading with the particularity.
7  *See Qiang Wang*, 2013 WL 415615 at *4.

8        Courts have repeatedly held that where UCL claims are based on the same nucleus of
9  operative facts as CUTSA claims, the UCL claims are preempted by CUTSA and should be
10 dismissed.  *See, e.g.*, *Lilith Games*, 2015 WL 4128484, at *6  ("Because Lilith alleges the same
11 factual allegations in its UCL and CUTSA claims, the UCL claims are preempted by the
12 CUTSA. . ."); *Gems v. Diamond Imports, Inc.*, No. 15-cv-03531-MMC, 2016 WL 6902804, at *4
13 (N.D. Cal. Nov. 22, 2016) ("[T]he 'gravamen' of Diamond Imports' unfair competition claim
14 being the misappropriation of trade secrets, said claim is displaced under CUTSA"); *VasoNova*
15 *Inc. v. Grunwald*, No. C-12-02422 WHA, 2012 WL 4119970, at *4 (N.D. Cal. Sept. 18, 2012)
16 (Alsup, J.) (dismissing UCL claim because of CUTSA preemption).  As this Court has noted, the
17 "preemptive sweep" of CUTSA preemption "must be respected and applied."  *Total Recall Techs.*
18 *v. Luckey*, No. C 15-02281 WHA, 2016 WL 199796, at *7 (N.D. Cal. Jan. 16, 2016) (Alsup, J.).

19       Google itself has previously argued for CUTSA preemption when an unfair competition
20 claim arose "from the identical nucleus of facts and are based on the claim that Google
21 improperly utilized Digital's proprietary information."  *See Digital Envoy, Inc.*, 370 F. Supp. 2d
22 at 1033.  In the *Digital Envoy* case, Google emphasized that "Digital Envoy expressly
23 incorporates its trade secret allegations into its follow-on claims without adding any independent
24 factual allegations."  (Google Inc.'s Reply Brief in Support of its Motion for Partial Summary
25 Judgment at 2, Case No. 5:04-cv-01497 RS (Mar. 2, 2005) (ECF No. 106).)  Furthermore, Google
26 contended that it would make little sense for California to enact "the UTSA's comprehensive
27 statutory scheme if a party could circumvent it by dressing up the same claim in alternative
28 pleading language."  *Id*. at 2-3.  The court agreed with Google, and held that the plaintiff's unfair

DEFENDANTS' MOTION TO DISMISS WAYMO'S UNFAIR COMPETITION LAW CLAIM
Case No. 3:17-cv-00939-WHA
dc-879931

4

competition claim was preempted because it was "based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." *Digital Envoy, Inc.*, 370 F. Supp. 2d at 1035.

Dismissal with prejudice of Waymo's UCL claim is appropriate, because there are no facts that would support an independent UCL claim. Waymo's case is premised on a core nucleus of operative facts regarding the alleged theft of trade secrets, and any attempt at amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g.*, 512 F.3d 522, 532-533 (9th Cir. 2008).

## V. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court grant its motion to dismiss Waymo's Seventh Cause of Action with prejudice and enter the proposed order submitted herewith.

Dated: April 28, 2017

MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
 ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC