UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>           Defendants. | Case No. 17-cv-00939-WHA   (JSC)<br><br>**ORDER RE: PAGE DOCUMENT REQUEST** |

At a discovery hearing on April 27, 2017, the Court heard a dispute regarding Plaintiff's production of documents related to communications regarding the possibility of pursuing legal action against Anthony Levandowski or Defendants. According to Plaintiff, Uber agreed that Waymo could provide a privilege log entry sufficient to identify the date of the earliest communication within Waymo regarding potential suit against Uber or Mr. Levandowski. Waymo responded by stating that Waymo became a corporate entity on December 13, 2016 and that "communications concerning the possibility of pursuing a legal action against Anthony Levandowski or Defendants existed as of that date." At the April 27, 2017 hearing, the Court ordered Plaintiff to identify the earliest responsive communication within Waymo, Google, Alphabet or any other related entity as such communication is relevant to the preliminary injunction proceedings. Plaintiff responded that day by identifying the earliest date legal action was contemplated against Mr. Levandowski, but did not provide any information as to legal action against Uber. (Dkt. No. 294.) Uber asks the Court to order Plaintiff to comply.

While at the April 27, 2017 hearing the Court may have only mentioned legal action against Mr. Levandowski, the spirit of the Court's order was that Plaintiff identify what it agreed to identify during the meet and confer, but not limit it to communications within Waymo. Given

that Waymo did not exist until December 2016, such a limitation serves no purpose other than to deprive Uber of relevant information.  Accordingly, Plaintiff shall provide the requested information as to Uber as well as Mr. Levandowski.

Further, it appears that Plaintiff's April 27, 2017 letter brief has not been docketed. Plaintiff shall do so forthwith.  The parties shall docket all communications with the Court unless due to urgency they receive prior permission from the Court's Clerk to proceed otherwise.

This Order disposes of Docket No. 294.

**IT IS SO ORDERED.**

Dated: April 28, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge