quinn emanuel trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

April 27, 2017

<u>VIA ECF</u>

Magistrate Judge Jacqueline Scott Corley
San Francisco Courthouse, Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:     <u>Waymo LLC v. Uber Technologies, Inc., et al</u>., N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Attached is Plaintiff Waymo LLC's ("Waymo") two-page letter brief regarding Uber's improper deposition notice of Waymo CEO John Krafcik.

Sincerely,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

cc:     All counsel of record.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

After this Court rejected Uber's attempt to depose one apex officer, Alphabet CEO Larry Page, Uber noticed the deposition of another apex officer, Waymo CEO John Krafcik. But this new notice is even more baseless than the first. Like when it noticed Mr. Page, Uber (i) has not bothered to try to satisfy the apex doctrine (nor could it) and (ii) cannot establish that the deposition of Mr. Krafcik is relevant to issues raised for the first time in Waymo's reply brief on its preliminary injunction motion. But in this instance, Uber is not even attempting to take the deposition *before* its sur-reply brief is due. It seeks to take the deposition on May 1, less than 48 hours before the May 3 preliminary injunction hearing, and three days *after* its sur-reply. Thus, there will not even be a proper way to use the deposition testimony Uber seeks even if it gets it. All the more, Uber has informed Waymo that while it now seeks to compel Mr. Krafcik's deposition, it also intends to appeal this Court's ruling denying the deposition of Mr. Page. In fact, during the parties' meet and confer, Uber said it sought Mr. Krafcik's deposition to improve its chances on that appeal, by trying to show it took supposedly "less intrusive" measures to get the information it seeks from Mr. Page. Uber's continued cynical attempts to depose multiple apex officers are being made for the purpose of harassment, and should be denied.

*Apex Doctrine*. Mr. Krafcik is the highest-ranking officer of the plaintiff in this action, Waymo LLC ("Waymo"), a company with hundreds of employees. Mr. Krafcik is indisputably protected under the apex doctrine, which protects officers "at the highest level or 'apex' of corporate management" from the "abuse or harassment" created by unjustified depositions. *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374MMC(JL), 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007). Uber provides no credible argument to the contrary. An apex deposition is proper only if the deponent has unique personal knowledge of the facts at issue and if the party seeking the deposition has exhausted other less intrusive discovery methods. *See In re Google Litig.*, No. C 08-03172 RMW PSG, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011). Uber fails this test on both fronts.

*Unique knowledge.* Uber says that it seeks to depose Mr. Krafcik regarding (1) conversations between Mr. Krafcik and Anthony Levandowski (2) conversations Mr. Krafcik had *with others* about Mr. Levandowski, and (3) conversations regarding whether to sue Uber or Mr. Levandowski. None of these topics comes close to justifying an apex deposition.

Initially, just as with Mr. Page, Uber has presented no evidentiary basis for the proposition that Mr. Krafcik conversed with Mr. Levandowski about any issue relevant to this lawsuit. Presumably, Uber is once again relying on assertions from Mr. Levandowski that such conversations occurred. But again, Uber has claimed a common-interest privilege over its communications with Mr. Levandowski in this case, and Mr. Levandowski has asserted the Fifth Amendment privilege in response to all questions related to this case. So just as with Mr. Page, Uber cannot be permitted to shield Mr. Levandowski from discovery, while at the same relying on Mr. Levandowski to justify Uber's deposition of Waymo's CEO. And to the extent that Uber is seeking the deposition to inquire as to the decision making and timing of Waymo's decision to sue Uber, Uber has not, and cannot, show that Mr. Krafcik has unique knowledge on this issue, or even that he has any non-privileged testimony to provide on the subject at all.

*Failure to exhaust.* Uber claims exhaustion in that it has attempted to obtain discovery from Mr. Levandowski, its own high-ranking employee/officer, but that Mr. Levandowski has refused, citing the Fifth Amendment. This is nonsensical. Mr. Levandowski's assertion of the right against self-incrimination does not give Uber the right to subject Waymo's CEO to a deposition. As this Court noted in the April 25 hearing, "when somebody takes the Fifth, it has certain consequences."

Tr. at 20.  And to the extent Uber seeks information regarding conversations that Mr. Krafcik had with others, the apex doctrine squarely requires Uber to attempt to depose these others before deposing Mr. Krafcik.

Moreover, in the parties' meet and confer, Uber complained that it is seeking the deposition of Mr. Krafcik to show that Waymo will not allow Uber to depose "anyone" at Waymo regarding conversations with Mr. Levandowski.  But as the law recognizes, Mr. Page and Mr. Krafcik are not just "anyone" at Alphabet and Waymo, respectively, in terms of taking their depositions.  But even more, Uber's argument is simply not true.  Uber had the opportunity to ask any of the witnesses it properly noticed and deposed questions about conversations with Mr. Levandowski.  In fact, it did just that, questioning Mr. Levandowski's former colleague Pierre Yvez-Droz and others about such conversations, and seeking documents from Mr. Droz about his knowledge of Mr. Levandowski's plans regarding Otto.

***Order Governing Expedited Discovery***.  The Court's order explains clearly that Uber must limit its sur-reply "strictly to addressing material in plaintiff's reply" and that Uber "may not rely on fresh sur-reply declarations on any point that could and should have been raised in the opposition."  *See* Docket No. 61.  Uber continues to ignore this restriction; it noticed the deposition of Alphabet CEO Mr. Page before Waymo filed its reply – before Uber could possibly have known which reply points it could have addressed in its sur-reply.  And now Uber seeks Mr. Krafcik's deposition or May 1, after Uber will have already filed its sur-reply.

More importantly, Uber could have, and in fact *did*, already address the issues for which it seeks Mr. Krafcik's deposition.  Uber purportedly seeks Mr. Krafcik's deposition to show delay; namely, that Waymo knew before it sued Uber that Mr. Levandowski had stolen Waymo files.  Uber does not need Mr. Krafcik to testify regarding timing.  Uber deposed Gary Brown, a Google security engineer responsible for investigating Mr. Levandowski.  Uber elicited testimony about the timeline of the investigation into Mr. Levandowski from Mr. Brown.  Uber cited repeatedly to this testimony in its opposition to Waymo's preliminary injunction motion.  Uber's attempt to depose Waymo's CEO regarding the same subject, after Uber has already filed its reply brief, should be denied.

***Timing.***  As Waymo has informed Uber, Mr. Krafcik is not available on May 1, having a pre-scheduled business trip for Waymo on May 1 and May 2.  Again, there was no reason for Mr. Krafcik to keep his schedule open during this time as any attempt by Uber to depose him as part of expedited discovery should have occurred weeks ago, but certainly before Uber's surreply.

***Kalanick Deposition.***  Finally, here too, if Uber were permitted to take the deposition of Mr. Krafcik—and it should not be—Waymo should be permitted to question Uber's CEO.  Uber cannot argue that supposed Krafcik/Levandowski discussions are relevant to Waymo's PI while denying that Kalanick/Levandowski discussions are relevant.  Indeed, discussions between Messrs. Kalanick and Levandowski are obviously more relevant to Waymo's PI, given that Waymo has alleged that Uber bought Otto and hired Levandowski with the intent of misappropriating Waymo trade secrets.  And yet here too, while Uber seems to have the full ability to ask Mr. Levandowski about any subject related to this case (including Mr. Levandowski's conversations with Mr. Kalanick) and to get substantive answers, Mr. Levandowski pleads the Fifth Amendment as to these same subjects when Waymo asks the questions.