**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

April 27, 2017

**VIA ECF**

Magistrate Judge Jacqueline Scott Corley
San Francisco Courthouse, Courtroom F - 15th Floor
 450 Golden Gate Avenue, San Francisco, CA 94102

Re:    *Waymo LLC v. Uber Technologies, Inc., et al*., N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Please find below Plaintiff Waymo LLC's ("Waymo") letter brief regarding Uber's document requests served in connection with the deposition notice to Larry Page.

Sincerely,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

cc:    All counsel of record.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

On April 20th, Uber served a deposition notice for Larry Page, the CEO of non-party Alphabet Inc.[1] Accompanying the deposition notice were six document requests directed to Plaintiff Waymo. The parties met and conferred concerning the scope of these requests on April 25th. During that meeting, Uber agreed to narrow the requests in certain respects, and in particular to limit them to information known to Waymo, which makes sense because Waymo is the plaintiff in this case. Waymo conducted a good faith investigation under the narrowed requests and provided complete responses based on its investigation.

Uber raises no issue as to four out of the six of these responses. For the remaining two, as detailed below, Waymo provided complete responses to the requests as narrowed by Uber during the meet and confer. Yet, Uber still wants more. Uber now seeks to backtrack on its prior agreement to narrow the requests, and is asking for information known to non-party Google, the parent of Waymo's managing member. These new requests are not "very narrowly drawn" to the relevant issues as required under the Court's expedited discovery order, and the Court has quashed requests that do not meet this standard, without leave to amend. *See* April 12, 2017 Tr. at 70:20-72:11. The Court should reach the same result here and reject Uber's attempt to continually modify its requests simply because it is dissatisfied with the information it has received in response.

*Request No. 3*. Uber's original request was directed to "Documents sufficient to show any joint interest or joint defense agreement that [Waymo, Google, or Alphabet] has entered into during the past three years." Ex. A. During the April 25th meet and confer, Uber attempted to justify this request by arguing that Waymo joint defense agreements generally at issue in its motion. This is a mischaracterization. What Waymo has argued is that Uber is attempting to hide its unlawful conduct by claiming a "common interest" with Levandowski and his start-up, anticipating" litigation over its planned "acquisition" of Levandowski's new company, and using the Fifth Amendment to block production of documents and testimony supposedly covered by this common interest. Dkt. No. 170. And as this Court already noted at the April 25 hearing, discovery into other joint defense agreements in other situations has no relevance here.[2] Tr. at 44:1-6.

Ultimately, Uber agreed to narrow the request in two respects. First, it narrowed the request to *acquisition-related* joint interest or joint defense agreements. Second, it narrowed the request to no more than three such agreements entered into by *Waymo*. The Special Master agreed that the narrowed scope of the request was fair.

Waymo investigated whether any such agreements exist and responded to Uber's narrowed request. As Waymo explained in its response, there are no such documents. Ex. C. Thus, Waymo did just what Uber asked.

---

[1] On April 26, 2017, the Court denied Uber's request to take Mr. Page's deposition under the apex doctrine. Dkt. No. 276.

[2] During the hearing, Uber stated to the Court had already asked for the parties prior positions, but eventually conceded that this had nothing to do with joint defense agreements, but instead related to positions taken in relation to arbitration demands. Tr. at 43-44.

1

Dissatisfied with the result, Uber now asks for something different. Uber wants Waymo to provide three joint interest or joint defense agreements that *Google* has entered into in connection with an acquisition. Ex. C ("If Waymo does not have any, Google definitely does."). This new, broader request goes beyond the parties' *narrowing* agreement because it seeks information from non-party Google.[3] The new request is not "very narrowly drawn" as required under the Court's expedited discovery order, still irrelevant, and therefore should be rejected. Dkt. No. 61.

*Request No. 4.* Uber's original request was directed to "Communications about the possibility of pursuing a legal action against Anthony Levandowski or Defendants." During the April 25th meet and confer, Waymo explained that the request was far too broad because it covered *all* communications, most of which would be subject to privilege claims. Again, with the Special Master's approval, Uber agreed to narrow its request in two respects. First, Uber narrowed the request to communications within *Waymo*. Second, Uber agreed that Waymo could provide a privilege log entry sufficient to identify the date of the earliest communication regarding potential suit against Uber or Mr. Levandowski.

Waymo investigated the narrowed request and responded by explaining that Waymo became a corporate entity on December 13, 2016, and that communications concerning the possibility of pursuing a legal action against Anthony Levandowski or Defendants existed as of that date.[4] Again, Waymo did exactly what Uber asked for under the narrowed request.

Yet again, Uber wants more. Uber has now broadened its request and asked for information concerning the earliest communications at non-party *Google* concerning potential litigation against Uber or Anthony Levandowski. Ex. C ("Google legal knows who first brought this matter to their attention."). This new, broadened request goes beyond the parties' narrowing agreement, and Uber has not provided any legitimate basis for why this information from Google is relevant to the issues to be decided in connection with Waymo's motion for preliminary injunction.

Moreover, the Court has indicated that requests for discovery should be limited at this point to what is absolutely needed for the May 3rd preliminary injunction hearing. Yet, Uber has already sought discovery on both Google and Waymo's investigation of Mr. Levandowski's theft. *See e.g.* Dep. of Gary Brown at 11:2-4 ("Q. When did you begin doing your [investigative] work with respect to Mr. Levandowski? A. Around March 2016.").

Uber should not be permitted to modify its document requests simply because it is dissatisfied with the responses Waymo provided in full compliance with the narrowed scope that Uber agreed to. Uber's latest requests are impermissibly broad and seek irrelevant information. Waymo asks the Court to reject these requests and deem any issues related to the requests resolved.

---

[3] In the parties' meet and confer with the Special Master, Uber's counsel indicated that he "knew" Google had entered into joint defense agreements regarding acquisitions. Waymo counsel ask Uber's counsel to identify those agreements and the basis of knowledge for Uber's assertion. Uber's counsel refused to do so.

[4] Waymo makes this statement without waiver of attorney-client privilege, attorney work product protection, or any other applicable privilege or protection.