QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br>            Plaintiff,<br>     vs.<br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br>            Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S BRIEF IN RESPONSE TO COURT'S QUESTIONS FOLLOWING APRIL 27, 2017 HEARING ON DEFENDANTS' MOTION TO COMPEL ARBITRATION OF, AND TO STAY, TRADE SECRET AND UCL CLAIMS**<br><br>Date:         April 27, 2017<br>Time:         8:00 a.m.<br>Ctrm:         8, 19th Floor<br>Judge:        Honorable William H. Alsup<br>Trial Date:   October 2, 2017 |

**I.   QUESTION 3: HOW WOULD PROVISIONAL RELIEF WORK IN THIS CASE IF SENT TO ARBITRATION?  WOULD PROVISIONAL RELIEF IN ARBITRATION BE BACKED UP BY THE CONTEMPT POWER OF THE COURT?  HAS ANY REPORTED DECISION EVER DEALT WITH THIS ISSUE?**

**A.   There Are No Established JAMS Procedures For Provisional Relief**

There are no JAMS procedures for provisional relief beyond JAMS Rule 24(e): "The Arbitrator may grant whatever interim measures are deemed necessary, including injunctive relief and measures for the protection or conservation of property and disposition of disposable goods.  Such interim measures may take the form of an interim or Partial Final Award, and the Arbitrator may require security for the costs of such measures."[1]  The application of this rule to a specific JAMS arbitration is entirely up to the arbitrator(s) and/or agreement of the parties.  Here, there is no procedure or schedule under which Waymo could seek provisional relief in connection with Uber's arbitration demand.  JAMS has indicated that it is deferring any action, including selection of the arbitrator(s), until the Court rules on Uber's Motion to Compel Arbitration.  (Perlson Decl., Ex. 1.)  Uber has not proposed any expedited procedure or schedule, and the earliest date Uber has proposed for an arbitral merits hearing is **after** the Court's October 2 trial date.  (Dkt. 204-7.)

Uber suggests it is "willing to move as quickly as Waymo wishes" (Reply at 1), but its actions contradict these empty promises.  Uber waited **five weeks** after Waymo filed the Complaint (and four days after filing the Motion to Compel Arbitration) to bring its Arbitration Demand.  The emergency relief Waymo seeks – and is entitled to – can only be provided by this Court, where Waymo's Motion for a Preliminary Injunction is fully briefed and will be heard on May 3.  In contrast, it would likely be **months** before Waymo could obtain any ruling on provisional relief in arbitration (which, in any event, would not be enforceable until confirmed by this Court – *see* I.B *infra*).  First, JAMS would

---

[1] JAMS Rule 24(e), "Interim Measures," available at https://www.jamsadr.com/rules-comprehensive-arbitration/. This rule also expressly provides that a party to JAMS arbitration may pursue provisional relief from a district court.  *Id.* ("Any recourse by a Party to a court for interim or provisional relief shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.").  JAMS also has rules for "Expedited Procedures," which apply to the merits hearing, not to interim measures.  JAMS Rule 16.1, and 16.2.  Discovery under the Expedited Procedures is extremely limited – for example, the default is one deposition per side.  *Id.* 16.2(d)(i).  Uber elected not to "opt into" the Expedited Procedure in its arbitration demand.  (Dkt. 204-3.)

need to be advised of the ruling on Uber's Motion to Compel Arbitration. Second, JAMS would need to solicit "strike lists" from the parties and empanel arbitrator(s).[2] Third, the arbitrator(s) would need to set a briefing schedule and hearing date for Waymo's provisional relief request. Fourth, the parties would need to submit the briefing and conduct the hearing before the arbitrator(s). Fifth, the arbitrator(s) would need to review the record and issue a ruling.

Waymo is suffering irreparable injury from Uber's ongoing use and disclosure of its trade secrets. (Dkt. 24 and 254.) The Court is already familiar with Uber's delay tactics in this litigation.[3] And unlike yet-to-be-empaneled arbitrator(s), the Court is already fully up to speed on the merits. Therefore, the Court should grant Waymo's Motion for Preliminary Injunction regardless of how it rules on Uber's motion to compel arbitration of Waymo's trade secret claims. *Toyo Tire Holdings Of Americas Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 981 (9th Cir. 2010) (finding error in failing to consider a request for injunctive relief prior to compelling arbitration given that the procedural delays associated with the selection of arbitrators "could defeat any ultimate award" granted in arbitration and "any subsequent relief could be useless"); *see also Blue Cross Blue Shield of Mich. v. Medimpact Healthcare Sys., Inc.*, No. 09-14260, 2010 WL 2595340, at *1 (E.D. Mich. June 24, 2010) (district court granted preliminary injunction before staying proceedings pending arbitration).

### B. Any Arbitration Award Of Provisional Relief Would Still Require Confirmation From This Court To Be Enforceable With Contempt Power

As the Ninth Circuit has held, "[a]rbitrators have no power to enforce their decisions. Only courts have that power." *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1023 (9th Cir. 1991). While arbitration panels "have the power to **issue** temporary equitable relief in

---

[2] On April 14, JAMS contacted the parties to provide a "list of available arbitrators." (Perlson Decl., Ex. 2.) That list identified eight available JAMS arbitrators, only one of whom (Hon. James Ware) is an arbitrator in the Google-Levandowski arbitrations. JAMS also requested a "strike list" from each party. (*Id.*) On April 21, Waymo informed JAMS of its position that providing a strike list would be premature in light of the recognition by JAMS of the jurisdictional issues at play including in the pending motion to compel. (Perlson Decl., Ex. 1.) Although Waymo offered to provide a strike list at that time, JAMS did not request one, nor did it otherwise respond to Waymo's email. As far as Waymo is aware, Uber did not provide a strike list either on April 21, or at any time thereafter.

[3] The lack of progress in the Google-Levandowski arbitrations (*see* Section II, *infra*) – where Mr. Levandowski had been, until recently, represented by the same attorneys who submitted Uber's arbitration demand – also sheds light on how Uber is likely to approach scheduling in any arbitration.

the nature of a preliminary injunction," only "district courts [] have the power to confirm and **enforce** that equitable relief as 'final' in order for the equitable relief to have **teeth**." *Arrowhead Glob. Sols., Inc. v. Datapath, Inc.*, 166 F. App'x 39, 44 (4th Cir. 2006) (emphases added) (citing *Pac. Reinsurance*, 935 F.2d at 1022-23).  Therefore, any provisional relief (eventually) granted by the arbitrator(s) would be unenforceable unless and until Waymo returns to this Court for confirmation of the award.  In other words, there is no scenario under which an adjudicator other than this Court will be enforcing any preliminary injunction against Uber.  Compelling Waymo to seek provisional relief in JAMS arbitration would simply delay – by at least weeks, and probably months – the date when Waymo could obtain **enforceable** relief enjoining Uber from its continuing use and disclosure of Waymo trade secrets.

### C. The Power to Review An Arbitrator's Award Is Very Limited

The Court's power to independently review any arbitral award of provisional relief is severely constrained.  Courts must uphold an arbitrator's award, even if convinced the arbitrator committed serious error, so long as the arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority." *Pac. Reinsurance*, 935 F.2d at 1024 (quoting *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38 (1987)); *Barnes v. Logan*, 122 F.3d 820, 825 (9th Cir. 1997) (arbitration award "must be upheld unless it is completely irrational or constitutes a manifest disregard of law") (internal quotation marks and citation omitted).  Indeed, a district court's authority to review an arbitration award "is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all[.]" *Three S Del., Inc. v. Dataquick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (internal quotation marks and citation omitted).

## II. QUESTION 4: HOW MUCH DISCOVERY AND MOTION PRACTICE HAVE OCCURRED IN WAYMO'S ARBITRATION PROCEEDINGS AGAINST LEVANDOWSKI TO DATE?

Virtually no discovery or motion practice has occurred to date in Google's arbitration proceedings against Mr. Levandowski, despite the commencement of those arbitrations in October of last year.  No party has served written discovery requests as of this filing – no requests for production,

no interrogatories, no deposition notices, and no subpoenas.[4] Additionally, although Google and Mr. Levandowski had agreed upon an April 10, 2017 date to voluntarily produce relevant documents under JAMS rules, Mr. Levandowski invoked his Fifth Amendment right against self-incrimination on April 10 and refused to produce **any** documents. Mr. Levandowski's co-Respondent from Otto has also delayed producing relevant documents, producing only 14 new documents to Google on April 10.[5] In light of Mr. Levandowski's improper invocation of the Fifth Amendment and violation of Rule 17(a), Google has filed a motion to compel. That motion is set to be heard by the arbitral panel on May 8. Mr. Levandowski is scheduled to file a motion to dismiss later today, May 1.[6] That motion is set to be heard by the panel on June 9.

### III. SUPPLEMENTAL QUESTION: WHAT DOES "MAY BE RENDERED INEFFECTUAL WITHOUT PROVISIONAL RELIEF" MEAN IN CAL. CODE CIV. PROC. § 1281.8(b)?

"Section 1281.8 was enacted primarily to allow a party to an arbitration to obtain provisional judicial remedies without waiving the right to arbitrate[.]" *Woolley v. Embassy Suites, Inc.*, 227 Cal. App. 3d 1520, 1527 (1991). Accordingly, Section 1281.8 mirrors the California statutory language that courts apply in determining whether injunctive relief is necessary or appropriate. *Compare* Cal. Civ. Proc. Code 1281.8(b) ( "A party to an arbitration agreement may file … an application for a provisional remedy in connection with an arbitrable controversy, but only upon the ground that the

---

[4] Although Google has tried to obtain discovery from Mr. Levandowski and his co-Respondent since late Fall, they have actively delayed discovery. Respondents refused to produce Rule 17 discovery until the panel's first conference set a deadline, repeatedly tried to delay discovery until a June motion to dismiss hearing and required extensive meet and confer before setting discovery dates. Respondents also used the April 10 Rule 17 production date as a basis to ask the panel to delay service of more formal written discovery. JAMS Rule 17(a) requires that parties voluntarily produce, at the outset, "all relevant, non-privileged documents, including, without limitation, copies of all documents in their possession or control on which they rely in support of their positions[.]" *Id.*, available at https://www.jamsadr.com/rules-employment-arbitration/.

[5] In contrast, to date Google has produced 521 documents in the arbitration totaling 2622 pages.

[6] Mr. Levandowski's motion to dismiss was initially due by April 26. However, on Friday, April 21, the Goodwin Procter firm informed JAMS and Keker, Van Nest & Peters (counsel for Google) that it was replacing Morrison & Foerster as counsel for Mr. Levandowski, and requested extensions on various briefing deadlines to accommodate the substitution – including the deadline for Mr. Levandowski's motion to dismiss. The other Respondent filed a motion to dismiss some of the asserted claims on April 26.

**award to which the applicant may be entitled may be rendered ineffectual** without provisional relief.") *with* Cal. Civ. Proc. Code § 526(a)(3) ("An injunction may be granted . . . [w]hen it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and **tending to render the judgment ineffectual**.") (emphases added). Under Section 1281.8, the trial court has authority to grant provisional relief "where the party seeking the relief establishes, as a component of a showing that he or she will be irreparably harmed without the injunction, that the injunction is necessary to preserve the status quo and render arbitration meaningful." *Davenport v. Blue Cross of California*, 52 Cal. App. 4th 435, 452 (1997). California courts similarly grant injunctions under Section 526(a)(3) "to preserve the status quo pending a determination on the merits of the claim." *Dodge, Warren & Peters Ins. Servs., Inc. v. Riley*, 105 Cal. App. 4th 1414, 1418 (2003); *see also Jay Bharat Developers, Inc. v. Minidis*, 167 Cal. App. 4th 437, 446, (2008) ("In deciding whether to issue an injunction pursuant to section 1281.8, the trial court must weigh the same factors it considers in proceedings under section 526: (1) likelihood of success on the merits, and (2) whether the moving party will suffer irreparable harm in the interim if the injunction is not issued. . . . Interim injunctive relief under section 1281.8, therefore, is appropriate only if the applicant has no adequate alternative remedy, and will suffer irreparable harm if the injunction is denied.") (internal quotation marks and citations omitted).[7]

Therefore, for the same reasons that Waymo is entitled to a preliminary injunction (Dkt. 24 and 254), Waymo is entitled to provisional relief from this Court under Section 1281.8. An injunction is necessary to prevent any further use or disclosure of Waymo's trade secrets pending the merits hearing on Waymo's claims.

---

[7] Similarly, the Ninth Circuit in considering the arbitrability of claims under the FAA has found that "a district court may issue interim injunctive relief on arbitrable claims if interim relief is necessary to preserve the status quo and the meaningfulness of the arbitration process – provided, of course, that the requirements for granting injunctive relief are otherwise satisfied." *Toyo Tire*, 609 F.3d at 981. "The fact that a dispute is arbitrable and that the court so orders under Section 4 of the Arbitration Act, 9 U.S.C. § 4, does not strip it of authority to grant [provisional relief] pending the outcome of the arbitration so long as the criteria for such [relief] are met." *PMS Distrib. Co. v. Huber & Suhner, A.G.*, 863 F.2d 639, 642 (9th Cir. 1988).

DATED: May 1, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for Plaintiff Waymo LLC