# Exhibit 4

| | |
|---|---|
| **From:** | Grant Margeson |
| **Sent:** | Thursday, April 20, 2017 8:30 AM |
| **To:** | Rivera, Sylvia |
| **Cc:** | QE-Waymo; UberWaymo; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com'; David Perlson; JCooper@fbm.com; MCate@fbm.com; BRestivo@fbm.com |
| **Subject:** | RE: Issues with Defendants' Privilege Logs |

Sylvia,

You still do not address the issues we have raised regarding your privilege logs. To the contrary, your response raises even more questions – for example, if not when Mr. Haslim said, when did Uber implement its litigation hold with respect to the anticipated litigation regarding the Otto acquisition? We look forward to prompt answers to our inquiry and we intend to discuss these issues at our meeting at 2:30 today.

Best Regards,

**Grant Margeson**
**Quinn Emanuel Urquhart & Sullivan, LLP**
415-875-6486 // 50 California Street, 22nd Floor, San Francisco, CA 94111

---

**From:** Rivera, Sylvia [mailto:SRivera@mofo.com]
**Sent:** Wednesday, April 19, 2017 10:53 PM
**To:** Grant Margeson <grantmargeson@quinnemanuel.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; UberWaymo <UberWaymo@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; David Perlson <davidperlson@quinnemanuel.com>; JCooper@fbm.com; MCate@fbm.com; BRestivo@fbm.com
**Subject:** RE: Issues with Defendants' Privilege Logs

Grant,

I conferred with you, Jordan, and David for over an hour last night in an effort to better understand your objections, provide you with our positions, and identify those items where I needed to confer with my team. Notwithstanding our belief that the log entries are sufficiently stated, in order to address many of your apparent concerns we are having to re-review documents (e.g., whether we can reframe the subject matter description, re-frame the reference to anticipated litigation, or provide greater specificity where a document's author is listed as multiple law firms because all of the firms contributed to the document). We are undertaking that limited re-review in a good faith effort to address your concerns. It is on-going. As I stated on our call yesterday, given the volume of the privilege logs and the breadth of your issues, I would not have answers today.

I can, however, report that where the custodian on the Second Supplemental Privilege Log is listed as "Uber," we will provide the name of the individual custodian for each document. I should know by tomorrow when we can produce a supplemental log for Morrison & Foerster that includes the time period up to the filing of the complaint. I will send a separate response regarding the privilege log for UBER_008, which involved the redaction of compensation information.

Lastly, your email from 9:28 pm last night misstates our discussion as it pertains to a litigation hold. Your team said "we learned from James Haslim today that he didn't receive a litigation hold notice until after the complaint was filed." You then asked when a litigation hold was issued. I responded that you were seeking additional discovery and declined to answer questions about a litigation hold, adding that, in any event, the standard for triggering the obligation to preserve documents is higher than the standard for when the attorney work product doctrine applies. I did not confirm or deny

the date any litigation hold issued.  I also would like to take this opportunity to clarify that the documents on the log were individually reviewed to determine our privilege assertions.

We will continue our good faith efforts to address your concerns.

Sylvia

---

**From:** Grant Margeson [mailto:grantmargeson@quinnemanuel.com]
**Sent:** Wednesday, April 19, 2017 8:15 PM
**To:** JCooper@fbm.com; MCate@fbm.com; BRestivo@fbm.com
**Cc:** QE-Waymo; UberWaymo; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com'; David Perlson; Rivera, Sylvia
**Subject:** RE: Issues with Defendants' Privilege Logs

- External Email -

---

John,

Uber has repeatedly failed to respond to our requests for basic information regarding its broad assertion of privilege.  During our meet and confer on these issues yesterday, Uber's counsel could not provide answers to any of our questions.  We asked for a response today, but have not heard back.  At this point, Uber has waived privilege.  *See* ¶ 16 of Judge Alsup's Civil Standing Orders (attached) ("Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.").  Please also see attached a portion of the 1,000+ pages of privilege logs that Uber has served in this case.

Best Regards,

**Grant Margeson**
**Quinn Emanuel Urquhart & Sullivan, LLP**
415-875-6486 // 50 California Street, 22nd Floor, San Francisco, CA 94111

---

**From:** Grant Margeson
**Sent:** Tuesday, April 18, 2017 9:28 PM
**To:** David Perlson <davidperlson@quinnemanuel.com>; Rivera, Sylvia <SRivera@mofo.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; UberWaymo <UberWaymo@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>
**Subject:** RE: Issues with Defendants' Privilege Logs

Sylvia,

We appreciate you taking the time to speak through the various concerns that Waymo has raised with respect to Defendants' privilege logs.  However, Uber has fallen far short of addressing the issues in its logs, and on our call, you were unable to provide answers on most of these issues.  Instead, you indicated you would get back to us.  Given that the serious issues with Defendants' privilege logs have been percolating for some time and should have been addressed from the beginning, and the rapidly approaching deadlines in this case, we need Uber's positions as to whether and when it will address our articulated concerns with Uber's logs no later than 4 pm tomorrow.   Absent satisfactory answers, we intend to bring this to the Special Master's and/or Court's attention promptly.

Below is a summary of our call and the issues we need Uber's position on right away.

- In response to our request for information regarding any purported joint defense agreement covering communications between Anthony Levandowski, Otto, and Uber prior to April 2016, you stated that there was an oral joint defense agreement.  You could not identify, however, when that oral joint defense agreement was

2

made, who made the agreement, and who was intended to be covered by the purported agreement – all of which is necessary in order to evaluate your claim of privilege.

- Uber proposed providing a list of individuals for whom compensation information would/would not be produced, which Waymo is open to evaluating. We noted, as an example, that there is no legitimate basis for withholding all of this information (e.g., Anthony Levandowski's stock options at Uber).

- Uber did not institute a litigation hold until after Waymo filed its complaint in this case, which was well over a year after Anthony Levandowski, Otto, and Uber had a purported common interest privilege "in anticipation of litigation." Waymo asked why, given this anticipated litigation, Uber did not implement a hold, to which Uber responded that it believed litigation holds only applied when litigation is "probable," without citing any cases. We pointed out this is incorrect. The duty to preserve evidence attaches when "a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *ILWU-PMA Welfare Plan Board of Trs. & ILWU-PMU Welfare Plan v. Conn. Gen. Life Ins. Co.*, No. C 15-02965 WHA, 2017 WL 345988, at * 4 (N.D. Cal. Jan. 24, 2017) (quoting *Micron Tech., Inc. v. Rambus Inc*., 645 F.3d 1311, 1320 (Fed. Cir. 2011)).

- You promised to go back to your team regarding when Morrison & Foerster might be able to provide a privilege log that uses the (proper) filing date of the complaint as the cutoff date for logging entries, instead of improperly using an earlier point in time. You stated that the OMM and Uber privilege logs used the complaint as the cutoff date.

- Uber provided no basis to justify its use of the disjunctive "and/or" in its subject matter descriptions. Instead, Uber's explanation made it seem that the logs' descriptions were inaccurate as describing something else entirely—like that one of the individuals in the and/or list may have sent a communication to another. As we explained, that is not what these entries say. The entries need to be correct. You stated that you would talk with your team to determine whether these entries could be reframed.

- Waymo similarly raised issues with the lack of specificity in Uber's description of the custodians insofar as custodians are identified by entity, not individuals. We understand that you will talk to your team about providing more detail regarding the specific custodians of the documents for which you assert privilege. We think this is required.

- Uber has never identified a specific common interest that forms the basis for the purported common interest privilege that Uber claims for all or nearly all documents on its logs, as we pointed out before and again on our call. There is no identification of the "anticipated litigation" concerning the potential Uber acquisition, any detail of the "due diligence" in relation thereto, or anything else to clarify the alleged common interest. As we have said before and again on our call, our concern is that the common interest privilege is not legitimate and is being used for an improper purpose. You said you disagreed but provided no details, as Uber has repeatedly failed to do in this case. You said you would take this back to the team to determine if you could provide further information.

- Waymo noted that Uber's assertion of attorney-client privilege, attorney work product privilege, and common interest privilege for nearly every entry indicated that Uber had not made a proper determination as to which privilege applies to each document logged. On the phone, you did not confirm that Uber made an individual determination on which privilege assertions were appropriate for each individual document (instead saying only that a person had – at some unspecified point in time – looked at each document). Uber needs to provide a revised log with tailored privilege assertions, or state (in writing) that it has determined it has a good faith basis for every assertion of each type of privilege on each document.

- Waymo also raised the issue of Mr. Gonzalez's statement regarding the purported "over-inclusiveness" of document families on Uber's log. We noted that Uber must produce documents with only the portions over which it was asserting privilege redacted (where it was not asserting that the entire document was

3

privileged).  You stated that you would confer with Mr. Gonzalez regarding the meaning of his statement, and provide an answer as to what Uber was doing with respect to document families where Uber was claiming privilege over only portions of the document and/or family.

Best,

**Grant Margeson**
**Quinn Emanuel Urquhart & Sullivan, LLP**
415-875-6486 // 50 California Street, 22nd Floor, San Francisco, CA 94111

---

**From:** David Perlson
**Sent:** Tuesday, April 18, 2017 3:29 PM
**To:** Rivera, Sylvia <SRivera@mofo.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; UberWaymo <UberWaymo@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>
**Subject:** RE: Issues with Defendants' Privilege Logs

Sylvia, 5 pm tonight works.  We can use my dial in.

      New
Participant Number      2037181
Toll-free Number        866-499-9580
Toll/International Number      617-939-0024

---

**From:** Rivera, Sylvia [mailto:SRivera@mofo.com]
**Sent:** Tuesday, April 18, 2017 3:23 PM
**To:** David Perlson <davidperlson@quinnemanuel.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; UberWaymo <UberWaymo@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>
**Subject:** RE: Issues with Defendants' Privilege Logs

David,

I can be available at 5:00 pm or tomorrow between 10:00 – 1:00.

Sylvia

---

**From:** David Perlson [mailto:davidperlson@quinnemanuel.com]
**Sent:** Tuesday, April 18, 2017 12:12 PM
**To:** Rivera, Sylvia
**Cc:** QE-Waymo; UberWaymo; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com'
**Subject:** RE: Issues with Defendants' Privilege Logs

**- External Email -**

Sylvia, Arturo's email last night states that we should be discussing these issues with you.  Are you available this afternoon to discuss?  As noted below, we suggested 1 pm Pacific.

We would also like to discuss issues raised previously in the log for which we have not yet had a chance to meet and confer.  Specifically, we would like to meet and confer regarding Uber's refusal to identify names on the log instead of entities as it does for many entries.  Also, in relation to the common interest claim, to the extent that Uber claims the existence of an oral common interest agreement that preceded the written agreement, please identify the date Uber

4

contends such an oral agreement existed.  Further, we would like to discuss when Uber and Otto sent litigation hold notices.

David


**From:** David Perlson
**Sent:** Monday, April 17, 2017 9:23 PM
**To:** UberWaymo <UberWaymo@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Issues with Defendants' Privilege Logs

Resending with more clear subject line.

**From:** David Perlson
**Sent:** Monday, April 17, 2017 9:22 PM
**To:** UberWaymo <UberWaymo@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Waymo privilege log issues

Counsel,

We write to follow up on Defendants' privilege log (documents located at Morrison & Foerster), supplemental privilege log (documents located at O'Melveny & Myers), and second supplemental privilege log (documents located at Uber).  There are a large number of deficiencies in these privilege logs, which must be resolved expeditiously, especially given that Defendants are purporting to assert the "common interest privilege" extremely broadly in this case.

Please let us know when you can meet and confer.   We are available tomorrow, and suggest 1 pm Pacific if that works for Uber.


First, I understand that at least the initial privilege log remains incomplete, as it does not list all privileged communications up to the date of the filing of Waymo's complaint.  My understanding from Arturo is that Defendants used an earlier cut-off date by mistake.  Please let us know when this error will be remedied with respect to the initial privilege log, and please confirm that the same mistake was not made when Defendants prepared their supplemental logs.

Second, with respect to some entries, multiple law firms are listed in the "sent by / author" column and/or the "recipients" column.  (*E.g.*, Priv. Log No. 342.)  Other entries describe logged documents reflecting communications by one person "and/or" another.  This is improper.  Please let us know when these entries will be amended to identify the individual(s) who sent, received, or authored any communication or document over which a privilege is asserted.

Third, the custodians listed in the logs are similarly nonspecific.  At least with respect to documents located at Uber, please identify the individual custodian of each logged communication/document.

Fourth, there is no information in any of the logs sufficient to describe the common interest purportedly furthered by the communication or document described.  Similarly, there is no information regarding the purported anticipated

5

litigation that would support any assertion of the work product privilege. And the description of the "subject matter" of each communication/document appears to be cut-and-pasted boilerplate rather than tailored to each document's content. As just one example, communications purportedly made in February 2017 – months after Uber acquired Otto – are described as emails "regarding due diligence for *potential* acquisition of Ottomoto." As a result of these deficiencies, the logs do not support the assertion of the referenced privileges.

Fifth, it also looks like the privilege assertion itself is cut-and-pasted to include "AC, WP, & CI" where at least the "AC" privilege clearly does not apply. For example, although we have precious little information about the privileges being asserted, it does seem apparent that an "attachment prepared by consultant" (who remains unidentified but who we understand is not a lawyer or law firm) could not be protected by the "AC" privilege.

Sixth, I understand from my colleagues that Arturo indicated that defendants' logs are over-inclusive with respect to email "families" – i.e., that some logged communications are not privileged at all or in part. Please let us know when documents will be produced from the log and when amended logs will be served.

In short, the logs do not provide the information required to evaluate the broad scope with which Defendants are asserting various privileges. As mentioned above, these failings need to be addressed immediately in light of Defendants' assertion that these various privileges preclude their providing meaningful discovery regarding Waymo's claims in this case.

David


David Perlson
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Direct: (415) 875-6344
Main Phone: (415) 875-6600
Main Fax:  (415) 875-6700
E-mail: davidperlson@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.




==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.