# Exhibit 8

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>       Plaintiffs,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC,<br><br>       Defendants. | Case No. 17-cv-00939-WHA<br><br>**NOTICE OF DEPOSITION OF KEVIN FAULKNER AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Honorable William H. Alsup |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30, Plaintiff Waymo, LLC ("Waymo"), by and through their attorneys, will take the deposition upon oral examination of Kevin Faulkner. The deposition will commence at 1:00 p.m. on April 14, 2017, at the offices of Quinn Emanuel, 50 California Street, 22nd Floor, San Francisco, California. The deposition will be taken by a notary public or other authorized officer and will continue from day to day until concluded, or may be continued until completed at a future date or dates.

PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(3), the deposition will be videotaped and recorded stenographically.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, the deponent is requested to produce at the time and place set forth above for his deposition the documents and things identified in the attached Exhibit A to Notice, which is incorporated herein by reference.

DATED:  April 9, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for WAYMO LLC

## EXHIBIT A

## DEFINITIONS

"Waymo" means Waymo's self-driving car project, from its inception at Google Inc. in 2009 through the present.

"Defendants" means Uber Technologies, Inc. ("Uber"), Ottomotto LLC and Otto Trucking LLC (together, "Otto"), 280 Systems, Inc. ("280 Systems"), Tyto LiDAR, LLC ("Tyto LiDAR"), and Odin Wave.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents pertaining to any due diligence reports prepared in connection with Uber's acquisition of Otto.

**REQUEST FOR PRODUCTION NO. 2:**

All retention agreements between Stroz Friedberg and Defendants.

**REQUEST FOR PRODUCTION NO. 3:**

The "forensic analysis" referred to in entry nos. 7-10, 17, the redacted privilege log served by Defendants, and all underlying forensic data related to that analysis.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the hit counts for each of the Court-ordered 135 search terms (120 proposed by Defendants, and 15 proposed by Waymo) for each custodial (e.g., Anthony Levandowski) and non-custodial (                    ) source encompassed by the Court's Order After Hearing Re Discovery Letter Dated April 3, 2017, with a per-term, per-source level of specificity.

**REQUEST FOR PRODUCTION NO. 5:**

Documents pertaining to the "forensic examination" of Sameer Kshirsagar's personal phone, work-issued phone, and work-issued laptop referred to in the Declaration of Sameer Kshirsagar.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show the number of times Anthony Levandowski has accessed any of Defendants' servers or networks (including but not limited to         ,         ,         ,                ,                        ,                ,                ,                        ,        , and any Wi-Fi network provided by Defendants at any of their offices)  from a personal device.