MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone:    202.237.2727
Facsimile:    202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>  Plaintiff,<br>   v.<br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>  Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., OTTOMOTTO LLC, AND OTTO TRUCKING LLC'S SUPPLEMENTAL BRIEFING REGARDING MOTION TO COMPEL ARBITRATION HEARING'S QUESTIONS 3 AND 4 (DKT. 263) AND ADDITIONAL QUESTIONS FROM THE COURT**<br><br>Date:   April 27, 2017<br>Time:   8:00 a.m.<br>Ctrm:   8, 19th Floor<br>Judge:   The Honorable William H. Alsup<br><br>Trial Date: October 2, 2017 |

**REDACTED VERSION OF DOCUMENT SUBMITTED UNDER SEAL**

Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC (collectively, "Defendants") hereby submit this response to the Court's questions related to Uber's Motion to Compel Arbitration. (Dkt. 263; 4/27/2017 Hearing Tr. 44:20–46:20.)

**I.  How would provisional relief work in this case if sent to arbitration? Would provisional relief in arbitration be backed up by the contempt power of the court? Has any reported decision ever dealt with this issue? (Dkt. 263, Question 3.)**

Waymo's ability to seek and enforce provisional relief would be unaffected if the Court sends this case to arbitration.

***First***, there is no question that Waymo may seek preliminary injunctive relief in arbitration. (Reply at 14–15 (citing Levandowski Agreements (Dkt. 138 at 52)); JAMS Rule 24(e).) The arbitral panel can issue a preliminary injunction if Waymo meets the standard for such relief, and the panel has the power to impose sanctions for non-compliance with any order. *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 926, 943–44 (N.D. Cal. 2003). ***Second***, interim injunctive relief "calculated to preserve assets or performance needed to make any final award meaningful" is reviewable for confirmation and enforcement by the district courts under the Federal Arbitration Act ("FAA"). In *Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1022–23 (9th Cir. 1991), the arbitration panel entered an "Interim Final Order" that was "in the nature of a preliminary injunction." *Id*. The party subject to the order appealed; their opponents opposed federal court review, contending that the Order was not final and thus not reviewable. *Id.* at 1022 (citing cases). The Ninth Circuit disagreed:

> [I]f temporary equitable relief is to have any meaning, the relief must be enforceable at the time it is granted, not after an arbitrator's final decision on the merits. Arbitrators have no power to enforce their decisions. Only courts have that power. Consequently, courts in other circuits that have been faced with arbitrators' temporary equitable awards have not characterized them as non-final awards on the merits which can only be reviewed in extreme cases. Rather, they have characterized them as confirmable, *final* awards on an issue distinct from the controversy on the merits.

*Id.* at 1022–23 (internal citations and footnotes omitted; emphasis in original).[1] Instead, enforcement of such relief is "essential to preserve the integrity" of the arbitral process. *Id.* at

---

[1] Since arbitrators can impose sanctions, the statement that "only courts" have power to enforce arbitration awards is "narrowly construed." *Certain Underwriters*, 264 F. Supp. 2d at 943.

1023; *see also Certain Underwriters*, 264 F. Supp. 2d at 936 ("temporary equitable relief may be essential to preserving assets or enforcing performance, and that such relief needs to be judicially enforceable at the time it is granted in order to be meaningful.") (citing *Pacific Reinsurance*). Such an order has the "same force and effect, in all respects, as, and [is] subject to all the provisions of law relating to, a judgment in an action" under the FAA. 9 U.S.C. § 13; *see also* 9 U.S.C. § 9.

***Third***, the judicial power to "enforce" interim injunctive relief awarded by an arbitration panel is subject to the Court's discretionary civil contempt powers because it is considered to be a final award enforceable with the Court's full authority. Defendants are aware of no case that holds that the enforcement of an interim award should be treated any differently than final arbitration award, which is enforceable in the same fashion as any other judgment of the Court. *See Seven Arts Pictures PLC v. Jonesfilm*, 311 F. App'x 962, 965 (9th Cir. 2009), *as amended* (Mar. 25, 2009) (the "court did not abuse its discretion by finding Appellants in civil contempt and awarding sanctions against them, given Appellants' failure to comply with the court's order enforcing the arbitration award").[2] The Ninth Circuit in *Pacific Reinsurance* treated the interim equitable order at issue just as it would treat a final award under the FAA. *Pacific Reinsurance*, 935 F.2d at 1022–23. Moreover, civil contempt is the method by which all injunctions are enforced. *Hangarter v. Paul Revere Life Ins. Co.*, 289 F. Supp. 2d 1105, 1107 (N.D. Cal. 2003).

**II. May the judge independently review any such provisional relief before deciding to enforce it? (4/27/2017 Hearing Tr. 44:20–45:24.)**

The district court reviews an arbitrator's preliminary injunctive award under the limited standard of review afforded by the FAA. 9 U.S.C. §§ 10, 11. *Pacific Reinsurance* is instructive. After determining that the award was reviewable, the Ninth Circuit considered whether to vacate the award under the standard in FAA § 10, including whether the Interim Final Order "exceeded the arbitrators' authority, was tainted by the panel's misbehavior, [or] was in manifest disregard of law and fact." *Pacific Reinsurance*, 935 F.2d at 1023–26; *see also Certain Underwriters*, 264 F. Supp. 2d at 944 (confirming and vacating interim orders under the § 10 standard). In addition, the

---

[2] The Court asked for "reported" decisions. *Seven Arts* is in the Federal Appendix, and Ninth Circuit rules indicate that it is not precedential. However, the Ninth Circuit permits citation to post-2007 unpublished decisions. FED. R. OF APP. PROC. 32.1; Ninth Circuit Rule 36-3.

district court may "make an order modifying or correcting" an award under the standards in 9 U.S.C. § 11. The modification power is vested in the district court, just like the power to vacate.

**III.   What does the term "ineffectual" in California Code of Civil Procedure 1281.8(b) mean, and how would it work in this case? (4/27/2017 Hearing Tr. 46:9–20.)**

Section 1281.8(b) permits parties to an arbitration agreement to seek preliminary injunctive relief from a court "only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief." Thus, provisional relief is only available "where the arbitrator's award may not be adequate to make the aggrieved party whole." *Woolley v. Embassy Suites, Inc.*, 227 Cal. App. 3d 1520, 1527 ( 1991); *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1054 (2009), *as modified* (May 18, 2009). For example, the legislative history makes clear that a party may secure writ of attachment where "needed to preserve the value or worth of item [*sic*] in dispute under the arbitration agreement." (Dept. Consumer Affairs, Enrolled Bill Rep. on Sen. Bill No. 1394 (1989–1990 Reg. Sess.) Sept. 11, 1989, p. 1); *Cal. Retail Portfolio Fund GmbH & Co. KG v. Hopkins Real Estate Grp.*, 193 Cal. App. 4th 849, 856–57 (2011) (ineffectual-relief requirement satisfied if there is evidence of insolvency or severe financial difficulties). A court's power to enter interim injunctive relief in an arbitral dispute is limited "to ensure that the court does not invade the province of the arbitrator." *Cal. Retail*, 193 Cal. App. 4th at 856 (citations omitted).

It is not clear that § 1281.8(b) is applicable in federal court.[3] Nevertheless, Federal courts apply a very similar threshold in deciding whether to grant preliminary injunctive relief on a claim that must be arbitrated. Where an arbitrator is authorized and able to grant the equivalent of the interim relief sought, a district court should not grant preliminary injunctive relief unless doing so is "necessary to preserve the status quo and the meaningfulness of the arbitration process" and "the requirements for granting injunctive relief are otherwise satisfied." *Toyo Tire Holdings Of*

---

[3] Section 1281.8(b) is a procedural state statute that permits applications for preliminary injunctive relief in California "superior court." *Cal. Retail*, 193 Cal. App. 4th at 856. The reported federal cases applying section 1281.8(b) consider it in the context of a writ of attachment. *See China Nat. Metal Prod. Import/Export v. Apex Dig.*, 141 F. Supp. 2d 1013 (C.D. Cal. 2001). The Federal Rule of Civil Procedure authorizing such writs, Rule 64, expressly imports state-law standards for relief. By contrast, Federal Rule of Civil Procedure 65, which authorizes district courts to order preliminary injunctive relief, does not.

1  *Americas Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 981 (9th Cir. 2010); *Simula, Inc. v.
2  Autoliv, Inc.*, 175 F.3d 716, 725–26 (9th Cir. 1999); *Genias Graphics Gmbh & Co. KG v. Tecplot,
3  Inc.*, No. C13-1064-JCC, 2013 WL 12092542, at *2 (W.D. Wash. Aug. 21, 2013) (construing
4  *Toyo*); *see also Uptown Drug Co., Inc. v. CVS Caremark Corp.*, 962 F. Supp. 2d 1172, 1187 (N.D.
5  Cal. 2013) (declining to intervene in arbitration by considering injunctive relief). The duration of
6  any preliminary injunction a court issues on arbitrable claim is normally limited—it should expire
7  at the time an arbitration panel is in place to decide whether *the panel* believes such interim relief
8  is warranted. *Cf. Auntie Anne's, Inc. v. Wang*, No. CV 14-01049 MMM (EX), 2014 WL
9  11728722, at *16 (C.D. Cal. July 16, 2014) (treating motion for preliminary injunction "as a
10 motion for interim relief pending submission of the parties' dispute to arbitration"); *Nat'l Ass'n of
11 Gov't Employees, Inc. v. Nat'l Emergency Med. Servs. Ass'n, Inc.,* 969 F. Supp. 2d 59, 73–74 (D.
12 Mass. 2013) (granting preliminary injunctive relief "[p]ending the outcome of any requests for
13 preliminary relief submitted in arbitration proceedings").

14       Waymo cannot meet either the state or the federal standard here. As Defendants explained
15 at length in its briefing on Waymo's motion for a preliminary injunction, Waymo has not
16 demonstrated any threat of imminent harm that would be irreparable. (*See* Dkt. 177 at 23–28.)
17 [REDACTED]
18 [REDACTED]
19 [REDACTED]
20 Uber has also removed Mr. Levandowski from his role with LiDAR and as the lead of the
21 Advanced Technology Group. (*See* Dkt. 302 at 6.) Nor can Waymo meet its additional burden to
22 show that court intervention is urgently required to make any arbitration effective. No property is
23 threatened to be dissipated or at risk. Uber has consented to a panel of three highly credentialed
24 arbitrators who are already hearing the closely related Google arbitration claims against Mr.
25 Levandowski.[4] And these arbitrators are empowered to grant interim relief. Thus, Waymo is fully

---

[4] We note that paragraph 23 of Google's Arbitration Demand says "Google is informed and believes that Respondents' plan included taking employees and consultants from Google, including employees and consultants with access to Google confidential information and **trade secrets**." (Dkt. 138 at 13.)  (emphasis added).

protected by its ability to seek interim relief from the arbitrators.

In addition, Waymo's own delay is fatal to any claim for "urgency" in seeking relief from this or any Court. *Genias Graphics*, 2013 WL 12092542, at *2 (finding that a delay of "months" undermined any showing of urgency under *Toyo*: "Genias argues that immediate interim relief is necessary to protect its valuable customer information, but its actions do not reflect the kind of urgency that would justify the Court intervening in ongoing arbitration proceedings."). Indeed, Waymo has recently admitted that it was contemplating a lawsuit against Uber since at least August 2016, but chose to wait for months despite its knowledge that Levandowski allegedly downloaded files before he went to work for Uber's autonomous vehicle project.

### IV. How much discovery and motion practice have occurred in Waymo's arbitration proceedings against Levandowski to date? (Dkt. 263, Question 4)

Discovery is underway. On January 20, Google made an initial production of documents in response to requests made under the California Labor Code, and Google took the position that part of that production was relevant to its claims in the arbitrations. On April 10, in accordance with JAMS Rule 17 and the parties' stipulated schedule, the parties made their initial exchange of relevant documents.[5] (Rule 17 requires an initial exchange of relevant documents before any discovery requests are served.) On April 18, Google supplemented its earlier productions. Under the stipulated schedule, the first date for service of discovery requests (on both parties and non-parties) is May 1. The fact discovery cutoff is January 5, 2018.

As for motion practice, on April 26, one of the Respondents moved to dismiss several of Google's claims. Google's opposition to that motion is due May 23, and the reply brief is due June 2. A hearing on the motion to dismiss is set for June 9 at 1:00 p.m.[6]

---

[5] Mr. Levandowski declined to produce documents on April 10, invoking his Fifth Amendment privilege. On April 17, Google moved for an order compelling Mr. Levandowski to produce all documents relevant to Google's claims, and on April 24, Mr. Levandowski opposed Google's motion. A hearing on the motion is scheduled for May 8 at 10:00 a.m.

[6] Because of a recent substitution of counsel, Mr. Levandowski received an extension of time to file his separate motion to dismiss. Mr. Levandowski's motion is due May 1; Google's opposition is due May 27; Mr. Levandowski's reply remains June 2; and the hearing on all Respondents' motions to dismiss remains set for June 9 at 1:00 p.m.

| | |
|---|---|
| Dated: May 1, 2017 | MORRISON & FOERSTER LLP |
| | By:  /s/ *Arturo J. González* |
| | Arturo J. González |
| | Attorneys for Defendants<br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC, AND OTTO TRUCKING, LLC |

**ATTESTATION OF E-FILED SIGNATURE**

I, Meredith R. Dearborn, am the ECF User whose ID and password are being used to file this Brief.  In compliance with General Order 45, X.B., I hereby attest that Arturo J. González has concurred in this filing.

Dated: May 1, 2017

*/s/ Meredith R. Dearborn*
Meredith R. Dearborn