QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>              Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**SUPPLEMENTAL DECLARATION OF LINDSAY COOPER IN SUPPORT OF PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS REPLY IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION, SUPPORTING DECLARATIONS, AND SUPPORTING EXHIBITS THERETO** |

I, Lindsay Cooper, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this supplemental declaration in support of Waymo's Administrative Motion to File Under Seal Portions of Its Reply in Support of Its Motion for a Preliminary Injunction, Supporting Declarations, and Supporting Exhibits Thereto (Dkt. 245) (the "Administrative Motion"). This declaration is made in addition to – and supplements – my initial declaration in support of the Administrative Motion (Dkt. 245-1). I am filing this supplemental declaration because Waymo expected Uber[1] to support sealing certain information designated by Uber, which reflects or refers to Waymo's confidential and proprietary trade secrets, but Uber did not file any such supporting declaration.

3. The Administrative Motion originally sought an order sealing the following materials filed concurrently herewith:

| Document | Portions to Be Filed Under Seal | Designating Party |
| --- | --- | --- |
| Waymo's Reply in Support of Motion for a Preliminary Injunction | Highlighted Portions | Waymo (green highlighting); Uber (blue highlighting) |
| Exhibits 64-66, 82-84, and 90 to the Declaration of Jordan Jaffe ("Jaffe Decl.") | Green Highlighted Portions | Waymo |
| Exhibits 65-67, 84, and 91 to the Jaffe Decl. | Blue Highlighted Portions | Uber |
| Exhibits 61-64, 68-78, 80-83, 85-88, 92-101, 104-107, 109-110 to the Jaffe Decl. | Entire Documents | Uber |
| Declaration of Gregory Kintz ("Kintz Decl.") | Highlighted Portions | Waymo (green highlighting); Uber (blue highlighting) |

---

[1] "Uber" means Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC, collectively.

1. 4. Although Waymo expected Uber to support sealing portions of Exhibits 65-67, 84, and 91, and Exhibits 61-64, 68-78, 80-83, 85-88, 92-101, 104-107, 109-110 to the Jaffe Decl., Uber's sealing declaration was more limited than Waymo expected. For example, Uber had previously designated the material in portions of Waymo's Reply Support of Motion for Preliminary Injunction, declarations in support thereof, and exhibits thereto (collectively "PI Reply") as containing Uber confidential information. Uber has since withdrawn those designations. But because Waymo maintains that this material is confidential to Waymo, Waymo still seeks to seal it.

5. Specifically, Waymo's Reply in Support of Motion for Preliminary Injunction, declarations in support thereof, and exhibits thereto (collectively "PI Reply") contain or refer to trade secret and confidential business information, which Waymo seeks to seal.

6. Waymo's PI Reply (portions highlighted in green), Exhibits 65-66, 68, 83-84, & 91 (portions highlighted in green), Exhibits 85, 87, 101, & 107, and the Kintz Decl. (portions highlighted in green) each contain, reference, and/or describe Waymo's asserted trade secrets. The information Waymo seeks to seal includes the confidential design and functionality of Waymo's proprietary autonomous vehicle system, which Waymo maintains as secret. This information also contains Uber documents that reflect Waymo's misappropriated trade secrets. I understand that these trade secrets are maintained as secret by Waymo (Dkt. 25-47) and are valuable as trade secrets to Waymo's business (Dkt. 25-31). The public disclosure of this information would give Waymo's competitors access to in-depth descriptions—and analysis—of the functionality of Waymo's autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

7. For the Court's convenience, a revised table including the materials that both Waymo and Uber seek to seal is below, and Waymo is also submitting a revised proposed order herewith.

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Reply in Support of Motion for a Preliminary Injunction | Highlighted Portions | Waymo (green highlighting); Uber (blue highlighting) |
| Exhibits 65-66, 68, 83-84, & 91 (portions highlighted in green) to the Declaration of Jordan Jaffe | Green Highlighted Portions | Waymo |

| | | |
|---|---|---|
| ("Jaffe Decl.") | | |
| Exhibits 61-63 and 67 to the Jaffe Decl. | Blue Highlighted Portions | Uber |
| Exhibits 85, 87, 101 and 107 to the Jaffe Decl. | Entire Documents | Waymo |
| Exhibits 69, 70-78, 86, 92-100, 104-106, and 109-110 to the Jaffe Decl. | Entire Documents | Uber |
| Declaration of Gregory Kintz ("Kintz Decl.") | Highlighted Portions | Waymo (green highlighting); Uber (blue highlighting) |

8. Waymo's request to seal is narrowly tailored to those portions of the PI Motion and supporting exhibits that merit sealing.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on May 3, 2017.

By */s/ Lindsay Cooper*
Lindsay Cooper
Attorneys for WAYMO LLC