QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S REVISED ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS REPLY IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION, SUPPORTING DECLARATIONS, AND SUPPORTING EXHIBITS THERETO, AND CERTAIN ADDITIONAL DOCUMENTS AS REQUESTED BY THE COURT** |

Pursuant to Civil L.R. 7-11 and 79-5, and Dkt. 354, Plaintiff Waymo LLC ("Waymo") respectfully submits this revised administrative motion to file under seal confidential information in portions of its Reply in Support of Its Motion for a Preliminary Injunction, declarations filed in support thereof, and supporting exhibits thereto (collectively "PI Reply"). Waymo includes corrected versions of Exhibits 64, 82, 83, and 90 as part of this revised administrative motion to file under seal in order to correct the inadvertent omission of certain previously cited pages from those exhibits. Waymo additionally seeks to seal certain materials that were: (1) produced by Defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC ("Defendants") after Waymo filed its PI Reply; (2) that Waymo relied on in its Responses to Questions for Hearing on Plaintiff's Motion for Provisional Relief (Dkt. 335); or (3) that Waymo presented to the Court during the hearing on its Motion for a Preliminary Injunction on May 3, 2017 (the "Additional Materials"). Waymo's Additional Materials are being filed in connection with the Supplemental Declaration of Jordan Jaffe, filed concurrently herewith. For materials where Waymo has revised its confidentiality designations, Waymo is re-submitting those materials with revised designations; aside from Exhibits 64, 82, 83 and 90 for which Waymo is submitting corrected cited pages, Waymo is not re-submitting materials that have no change in designation.

Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Original Docket Entry | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Waymo's Reply in Support of Motion for a Preliminary Injunction | Originally filed at Dkt. 245-3; revised at Dkt. 342-1 | Highlighted Portions | Waymo (yellow highlighting); Defendants (blue highlighting) |
| Exhibit 64 to the Declaration of Jordan Jaffe ("Jaffe Decl.")[1] | Dkt. 246-3 | Highlighted Portions | Waymo (green highlighting); Defendants (blue highlighting) |
| Exhibits 65-66, 68, 83-84, 90, & 91 to the Jaffe Decl. | Originally filed at Dkt. 246-247; | Green Highlighted Portions | Waymo |

---

[1] In connection with this revised administrative motion, Waymo is including certain pages that were previously inadvertently omitted from Jaffe Decl. Exs. 64, 83, 89 and 90.

| Document | Original Docket Entry | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| | revised at Dkt. 342 | | |
| Exhibits 85, 87, 101 and 107 to the Jaffe Decl. | Dkt. 246-247; revised at Dkt. 342. | Entire Documents | Waymo |
| Exhibits 61-63, 67, and 82 to the Jaffe Decl. | Originally filed at Dkt. 246-247; revised at Dkt. 272 | Blue Highlighted Portions | Defendants |
| Exhibits 69, 70-78, 85, 86, 87, 92-100, 101, 104-106, 107, 109-110 to the Jaffe Decl. | Dkt. 246-247 | Entire Documents | Defendants |
| Declaration of Gregory Kintz ("Kintz Decl.") | Originally filed at Dkt. 245-5; revised at Dkt. 342-3 | Highlighted Portions | Waymo (green highlighting); Defendants (blue highlighting) |
| Exhibits 114-127 and 131 to the Supplemental Declaration of Jordan Jaffe, filed concurrently herewith. | N/A | Entire Documents | Defendants |

## I. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*  In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamkana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).  Both the California Uniform Trade Secrets Act and the Defend Trade Secrets Act provide for maintaining the confidentiality of alleged trade secrets. Cal. Civ. Code § 3426.5 ("In an action under this title, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action[.]"); 18 U.S.C. § 1835(a) ("[T]he court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets[.]").

**II.       THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION**

The Court should seal the portions of Waymo's PI Reply (portions highlighted in yellow), Exhibits 64-66, 68, 83-84, 90 & 91 (portions highlighted in green), Exhibits 85, 87, 101, & 107, and the Kintz Decl. (portions highlighted in green) identified by Waymo in the table above. Waymo seeks to file this information under seal because it discloses Waymo's trade secrets and confidential business information. *See* Declaration of Lindsay Cooper ("Cooper Decl."), ¶¶ 3-4. Courts have determined that trade secret information merits sealing. *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14–cv–03078–JSC, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets."). Confidential business information that, if released, may "harm a litigant's competitive standing" also merits sealing. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978). Waymo seeks to seal confidential business information and trade secret information that fit squarely within these categories. Cooper Decl. ¶¶ 3-5. Waymo maintains this information as a trade secret (*see* Dkt. 25-31) and ensures the information remains secret with strict secrecy and security protocols (*see* Dkt. 25-47; Dkt. 25-49.). *See* Cooper Decl. ¶ 4. Waymo has narrowly tailored its requests to only information meriting sealing. *Id.* ¶ 5. In fact, both *Music Grp.* and *Brocade* found the confidential information at issue in those cases met the heightened "compelling reasons" standard for sealing. *Music Grp.*, 2015 WL 3993147, at *1; *Brocade*, 2013 WL 211115, at *1, *3. The information that Waymo seeks to seal, therefore, also meets this heightened standard. The disclosure of Waymo's trade secret and confidential business information would harm Waymo (Cooper Decl. ¶ 4), and, thus, the Court should grant Waymo's administrative motion to seal.

**III.      DEFENDANTS' CONFIDENTIAL INFORMATION**

For the purposes of this revised administrative motion to seal, Waymo is not taking a position on any of Defendants' confidential information. Although Defendants may revise certain redactions to previously-filed documents, Waymo expects Defendants to file a declaration in accordance with the

Local Rules to support sealing the relevant portions of the record that Defendants intend to keep under seal.

### IV. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion. For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's administrative motion to file under seal.

DATED: May 8, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Charles K. Verhoeven*
Charles K. Verhoeven
Attorneys for WAYMO LLC