# EXHIBIT C

**From:** Melissa Baily [mailto:melissabaily@quinnemanuel.com]
**Sent:** Friday, May 05, 2017 1:30 PM
**To:** Gonzalez, Arturo J.; John Cooper; QE-Waymo
**Cc:** Waymo Internal - Attorneys; Karen Dunn (KDunn@BSFLLP.com); Hamish Hume (hhume@BSFLLP.com)
**Subject:** [EXT] RE: Waymo Privileged Log

Arturo,

Our position and our reasons for objecting are outlined below.

**Melissa J. Baily**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6336 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
melissabaily@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Friday, May 05, 2017 11:38 AM
**To:** Melissa Baily <melissabaily@quinnemanuel.com>; John Cooper <JCooper@fbm.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** Waymo Internal - Attorneys <Waymo_Internal_Attorneys@mofo.com>; Karen Dunn (KDunn@BSFLLP.com) <KDunn@BSFLLP.com>; Hamish Hume (hhume@BSFLLP.com) <hhume@BSFLLP.com>
**Subject:** Waymo Privileged Log

Melissa,

You are unwilling to even tell us the first communication with Quinn, is that right?

I have noted before and I note here again that Quinn and Google must preserve any and all such communications.  We know the real reason you are objecting.

**Arturo J. González**
Chair, Commercial Litigation and Trial Practice Group
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
P: 415.268.7020 | F: 415.276.7020 | C: 415.425.9548
AGonzalez@mofo.com | www.mofo.com

---

**From:** Melissa Baily [mailto:melissabaily@quinnemanuel.com]
**Sent:** Friday, May 05, 2017 11:29 AM
**To:** Gonzalez, Arturo J.; John Cooper; QE-Waymo

1

**Cc:** Waymo Internal - Attorneys; Karen Dunn (KDunn@BSFLLP.com); Hamish Hume (hhume@BSFLLP.com)
**Subject:** [EXT] RE: Waymo Privileged Log

John and Arturo,

Waymo will not agree to provide information regarding the first 10 communications with Quinn Emanuel regarding the possibility of filing a lawsuit against Mr. Levandowski and/or Uber.

Defendants argue that this information is relevant to their opposition to Waymo's motion to compel due diligence documents, but it is not.  Waymo's motion to compel relates to **Defendants'** failure to provide the information required to establish the privileges that **Defendants** are asserting.  The Court ordered Defendants to produce documents related to the documents stolen by Mr. Levandowski and to produce those documents before engaging in any discovery of Waymo.  Rather than produce the due diligence documents, Defendants chose to log them.  Defendants were required to justify their assertions of privilege at the time they provided the log.   They did not.  The notion that Defendants now need discovery from Waymo to justify their own prior assertions of privilege is ridiculous on its face.  To the extent Defendants want to argue that they had a common-interest defense strategy related to due diligence – a process during which, by definition, their interests would typically be opposed – they can certainly do that without discovery from Waymo.

Relatedly, Defendants have known that they would have to justify their assertion of the common interest and other privileges at least as early as March 29, when they brought the issue of their privilege log describing due diligence documents to the Court's (and Waymo's) attention.  Nothing has changed between then and now except that Defendants were ordered to remove the redactions they had made to the previous version of their log.  The timing of Defendants' eleventh hour request for information supposedly needed to justify Defendants' privilege assertions  – untethered to any discovery request – remains unjustified and is improper.

Moreover, the issue of what information Waymo must provide concerning "communications about the possibility of pursuing a legal action against Anthony Levandowski or Defendants" has already been decided.  In accordance with Magistrate Judge Corley's ruling on that very issue, Waymo stated that "Google Inc.'s first communication in relation to the possibility of legal action against Anthony Levandowski was on or about March 23, 2016" and  "Google Inc.'s first communication in relation to the possibility of legal action against Uber was on or about August 23, 2106, shortly after Uber announced its acquisition of Otto."  The ruling on the relevant document request cannot have no meaning; Defendants cannot simply ask for more after a compromise and/or ruling has already resolved an issue – otherwise compromises will mean nothing and disputes will be forever ongoing.

Especially under these circumstances, Waymo feels it is not proper for Uber to seek to ask more questions related to the possibility of legal actions, like it now attempts to do after the Court's rulings and for no relevant purpose.

Melissa


**Melissa J. Baily**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6336 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
melissabaily@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.