# EXHIBIT F

Pages 1 - 127

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP

```
WAYMO, LLC                            )
                                      )
            Plaintiff,                )
                                      )
   vs.                                ) No. C 17-00939 WHA
                                      )
UBER TECHNOLOGIES, LLC., OTTO         )
TRUCKING, LLC, and OTTOMOTTO, LLC,    )
                                      ) San Francisco, California
            Defendants.               ) Wednesday
                                      ) May 3, 2017
_____ ) 9:00 a.m.
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:              QUINN, EMANUEL, URQUHART, OLIVER
                              & Sullivan, LLP
                            50 California Street
                            22nd Floor
                            San Francisco, California 94111
                       BY:  **CHARLES KRAMER VERHOEVEN, ESQ.**
                            **JORDAN R. JAFFEY, ESQ.**


For Defendants:             MORRISON & FOERSTER, LLP
                            425 Market Street
                            San Francisco, California 94105
                       BY:  **ARTURO J. GONZALEZ, ESQ.**
                            **RUDOLPH KIM, ESQ.**
                            **MICHAEL A. JACOBS, ESQ.**
                            **ESTHER KIM CHANG, ESQ.**

              (APPEARANCES CONTINUED ON FOLLOWING PAGE)


Reported By:   Debra L. Pas, CSR 11916, CRR, RMR, RPR
                 Official Reporter - US District Court
                 Computerized Transcription By Eclipse

```
 1   APPEARANCES:   (CONTINUED)

 2

 3   For Defendants:          BOIES, SCHILLER AND FLEXNER, LLP
                              5301 Wisconsin Avenue, NW
 4                            Washington, DC 20015
                         BY: KAREN LEAH DUNN, ESQ.
 5

 6                            BOIES, SCHILLER AND FLEXNER, LLP
                              1401 New York Avenue, NW
 7                            Washington, DC 20005
                         BY: HAMISH HUME, ESQ.
 8

 9

10   For Intervenor Defendant
     Anthony Levandowski:     GOODWIN PROCTER, LLP
11                            135 Commonwealth Drive
                              Menlo Park, California 94025
12                       BY: INDRA NEEL CHATTERJEE, ESQ.

13

14
     Special Master:          FARELLA BRAUN & MARTEL, LLP
15                            Russ Building, 30th Floor
                              235 Montgomery Street
16                            San Francisco, California 94104
                         BY: JOHN L. COOPER, ESQ.
17

18                 -  -  -

19

20

21

22

23

24

25
```

1  far as I could tell.
2      **MR. VERHOEVEN:**  Your Honor, if there is an
3  intentional scheme to copy somebody else's technology and use
4  their technology and you know it's wrong, you're not going to
5  leave a big trail.  Levandowski will come in.  He'll look at
6  his stuff on his laptop and he'll make suggestions.
7      Combining that, your Honor, with the fact that all of
8  these documents that in any way touch on Levandowski, they're
9  holding it under the common interest privilege improperly.  So
10 we don't get to see those.  That's the whole point of --
11     **THE COURT:**  You might.  You might get to see them if
12 the magistrate judge says you do.  So don't give up hope on
13 that yet.
14     **MR. VERHOEVEN:**  So, you know --
15     **THE COURT:**  Can I -- I'm just going to say, I see two
16 scenarios here, and I'm not saying which one is more likely
17 yet.  I just want you to tell -- tell you how I see this.
18     It's overwhelmingly clear that the downloads occurred on
19 this record.  So you have one of the strongest records I have
20 ever seen in a long time of anybody doing something that bad.
21 All right.  Good for you.  That's a good point in your favor.
22     There are two possibilities here.  One is -- let's take
23 the one that helps you -- is that, indeed, there was a scheme
24 up front to download all that stuff and surreptitiously use it
25 in the design of the Uber product.  That's not been ruled out

1  on this record.
2      You could, by the time all the discovery is done, bust the
3  case wide open and prove that that happened, but that -- the
4  evidence is not there yet to prove that.
5      The other possibility is that Uber, and I'm not commenting
6  on whether or not this was the right thing to do, realized that
7  Mr. Levandowski was radioactive.  Found that out in the due
8  diligence.  And came up with some series of agreements that
9  would somehow insulate Uber from any of that material ever
10 being used at Uber and took affirmative steps, which they are
11 unwilling to let us see for reasons that are a mystery.  But if
12 they did exist, I would think they would want to show those to
13 you, but they are keeping all that secret, if they did do that.
14     But let's say for some reason they did the deal, joint
15 defense, and under that scenario Uber would be saying:  We are
16 innocent.  We don't know -- we don't want any of those trade
17 secrets.  We just want Levandowski.  He's brilliant.  He's the
18 man in the Smithsonian with the motorcycle.  We just want him.
19 We don't want his documents.  So go put those documents in a
20 vault.  Never look at them.  Promise us you're never going to
21 inspect them.
22     Small chance, but some chance that that happened.  So what
23 do we do?  What does the system of justice do in a case like
24 this, where there's an innocent explanation; there's a guilty
25 explanation; neither of them have been proven up yet.

1     All that has been proven is he downloaded 14,000
2  documents.  And you have -- and I've given you lots of
3  discovery, and so far you don't -- you don't have any smoking
4  gun.
5     So I -- what do you do?  What is a judge supposed to do in
6  a case?  They have already agreed to something that I think is
7  pretty important.  Why do you keep wanting more?
8     **MR. VERHOEVEN:**  Just to answer the question about
9  what do you do.  You've given two hypothetical scenarios.  We
10 don't know the answer because of the assertion of the Fifth and
11 the withholding of 3500 documents.
12    In that situation, an inference should be implied, because
13 we -- they have blocked us from proving scenario two.  They
14 have withheld that.
15    And so it's appropriate for the Court to then say:  I'm
16 going to infer it's scenario one until we get this all
17 resolved.
18    It's an asset market.  It's very important technology.
19 Using our technology to develop their own, once that happens,
20 your Honor, you really can't put the toothpaste back in the
21 tube.
22    So the point is, if you've got a situation where you're
23 faced with two possibilities and the defendant has blocked you
24 from knowing which of those possibilities, the appropriate
25 remedy is to assume it's the first possibility.