# EXHIBIT A

| | |
|---|---|
| **From:** | David Perlson <davidperlson@quinnemanuel.com> |
| **Sent:** | Friday, May 05, 2017 5:35 PM |
| **To:** | Chatterjee, Neel |
| **Cc:** | QE-Waymo; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; eamdursky@omm.com; Walsh, Rachel M. |
| **Subject:** | Re: O'Melveny & Myers |

Neel, asking you to clarify your unclear statements is not playing games.  And your email below only further reinforces my first point that you are improperly directing Otto Trucking's concerns regarding OMM's conduct at us.  In any event, I think I have made our position clear and you seem to have decided how to interpret any further communications by me regardless of what I say . So I don't see the need for engaging further on this.

David

On May 5, 2017, at 2:41 PM, Chatterjee, Neel <NChatterjee@goodwinlaw.com> wrote:

> David,
>
> Let's stop playing games.  There is no conflict issue here.  The problem is O'Melveny says they need your client's approval. Will you seek approval from your client for us to work with O'Melveny so that they fulfill their ethical obligations or not.  This is a very simple question you can answer.  I will take further discussion of this as a "no, our client will not approve."
>
> Thanks,
> Neel
>
>
> On May 5, 2017, at 1:37 PM, David Perlson <davidperlson@quinnemanuel.com> wrote:
>
>> Neel, I do not understand your response.  You say "The reason for O'Melveny's response is because of Waymo's assertion in this case and because of their representation." What is the "assertion" and "representation" you are referring to?  Further, Waymo does not think it is appropriate for Otto Trucking to be asking Waymo to orchestrate a conflict waiver here and Waymo will not do so.
>>
>> On May 5, 2017, at 11:03 AM, Chatterjee, Neel <NChatterjee@goodwinlaw.com> wrote:
>>
>>> David,
>>>
>>> The reason for O'Melveny's response is because of Waymo's assertion in this case and because of their representation.  Your firm represents Waymo.  Are you saying that Quinn is refusing to provide an answer for Waymo and/or its parents and that you are not even willing to talk to your client?

1

Neel

---

**From:** David Perlson [mailto:davidperlson@quinnemanuel.com]
**Sent:** Friday, May 05, 2017 11:01 AM
**To:** Chatterjee, Neel
**Cc:** QE-Waymo; UberWaymo; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); eamdursky@omm.com; Walsh, Rachel M.
**Subject:** Re: O'Melveny & Myers

Neel, Otto Trucking's complaints regarding positions taken by O'Melveny and Myers concerning its representation of Otto Trucking are not appropriately directed to us.

David

> On May 4, 2017, at 7:24 PM, Chatterjee, Neel <NChatterjee@goodwinlaw.com> wrote:
>
> Hello Waymo Counsel,
>
> I am unsure who is dealing with the privilege log/due diligence report privilege issues at the Quinn firm.  As you know we are on a compressed schedule to file our papers in response to Waymo's motion.
>
> I am sending this email on behalf of Otto Trucking.  Otto Trucking is currently represented by the law firm of O'Melveny and Myers.  Mr. Amdursky, a partner at O'Melveny, was involved as counsel in the transaction between Ottomotto and Uber.  As you have seen from the privilege log, he was also involved in the joint defense agreement.  Mr. Amdursky has informed us that he cannot provide a declaration in support of his clients, Ottomotto and Otto Trucking, because his firm represents Google in other matters.  Candidly, we do not see any conflict with Mr. Amdursky offering his fact testimony to establish the predicates of attorney client privilege and/or the joint defense privilege.  In fact, we believe Mr. Amdursky has an ethical obligation to take every action necessary to preserve client confidences under both the California Ethics Code and the California Business and Professions Code.  *See,* for example, Cal. Bus. & Professions Code section 6068(e)(1)("It is the duty of an attorney to…:maintain involate the confidence, and at every peril to himself or herself preserve the secrets, of his or her client.). *See also* Cal. Rules of Professional Conduct 3-100.  Notwithstanding

this fact, O'Melveny appears to take the position that Google consent is necessary (even though Waymo has repeatedly stated in this case that it is a separate entity).

O'Melveny will not cooperate unless Google says it is ok for them to do so. Please confirm that Google (and any related entities) has no issue and, to the extent necessary, waives any conflicts with Mr. Amdursky submitting a declaration in support of the defendants' opposition to Google's motion.

Please confirm by noon Friday given the shortness of time.

Thank you for your prompt attention to this matter.
Neel

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*