MILES EHRLICH (Bar No. 237954)
miles@ramsey-ehrlich.com
ISMAIL RAMSEY (Bar No. 189820)
izzy@ramsey-ehrlich.com
AMY CRAIG (Bar No. 269339)
amy@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

Attorneys for Non-Party Anthony Levandowski

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., *et al.*,<br><br>    Defendants. | Case No.: 3:17-cv-00939-WHA<br><br>**NON-PARTY ANTHONY LEVANDOWSKI'S REQUEST FOR LEAVE TO MAKE *IN CAMERA* SUBMISSION IN SUPPORT OF OPPOSITION TO WAYMO'S MOTION TO COMPEL**<br><br>Date:   June 8, 2017<br>Time:   10:00 a.m.<br>Courtroom: F, 15th Floor<br>Judge: The Hon. Jacqueline Scott Corley<br><br>Trial Date: October 2, 2017 |

Mr. Levandowski seeks an order permitting him to file an *in camera* declaration to address the matters before the Court as a result of Waymo's motion to compel. On May 1, Waymo filed a motion to compel the production of a due diligence report prepared by a vendor engaged pursuant to a joint defense agreement. Mr. Levandowski is a party to that agreement. The central issue for the Court's determination is whether the due diligence report is protected by valid attorney-client, attorney work product, and common interest privileges. Mr. Levandowski

has filed an opposition to Waymo's motion and a motion to join in Uber's opposition. Mr. Levandowski further requests that the Court allow him to submit a declaration in support of those opposition briefs for *in camera* review. Courts allow such *in camera* submissions where, as here, an individual is faced with the choice of having to waive the very privileges at stake — here, Mr. Levandowski's Fifth Amendment, attorney-client, attorney work product, and common-interest privileges — in order to substantiate the validity of the asserted claims of privilege. Accordingly, we ask that this Court grant Mr. Levandowski leave to make an *in camera* submission.

### A. Courts Frequently Permit *In Camera* Filings to Demonstrate the Application of a Privilege

The "practice of conducting in camera review" to evaluate privilege claims is "well established." *In re Grand Jury Investigation*, 974 F.2d 1068, 1072 (9th Cir. 1992). The *in camera* submission of information over which a litigant claims a privilege does not destroy the claimed privilege, *United States v. Zolin*, 491 U.S. 554, 569 (1989); *United States v. Bright*, 596 F.3d 683, 691 (9th Cir. 2010); *In re Grand Jury Investigation*, 974 F.2d at 1072, and a litigant may affirmatively seek to make such submissions to support his showing that the privilege applies, *see Kerr v. United States District Court*, 426 U.S. 394, 404-06 (1976); *Bright*, 596 F.3d at 691. Mr. Levandowski requests that the Court accept his *in camera* submission to inform its resolution of Waymo's motion to compel.

### B. The Court Should Not Force Mr. Levandowski To Choose Between "The Rock And The Whirlpool" Of Waiving His Fifth Amendment Rights Or Supporting His Assertion Of His Fifth Amendment, Attorney-Client, Attorney Work Product, and Common Interest Privileges

Courts recognize that litigants should not be forced to make a "Hobson's choice" between two privileges or rights. *See, e.g., Simmons v. United States*, 390 U.S. 377, 391-94 (1968); *Bittaker v. Woodford*, 331 F.3d 715, 723-24 (9th Cir. 2003) (en banc); *United States v. Khan*, 309 F. Supp. 2d 789, 798-800 (E.D. Va. 2004); *see also Garrity v. N.J.*, 385 U.S. 493,

496, (1967) (describing the fear of being discharged for refusal to answer on one hand, and the fear of self-incrimination on the other as "a choice between the rock and the whirlpool.")

The remedy a court must apply to avoid the harsh consequences of such a choice will vary according to the circumstance at issue. *Compare, e.g., Simmons*, 390 U.S. at 394 (holding that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection"); *Bittaker*, 331 F.3d at 728 (affirming the grant of a protective order limiting the scope of the privilege waiver that arises when a habeas petitioner makes a claim of ineffective assistance of counsel). One commonplace — and "relatively costless," *see Kerr*, 426 U.S. at 405 — remedy is to permit a party to make an *in camera* submission that demonstrates the predicates he must establish to protect one privilege without revealing information he is otherwise privileged to keep confidential. *See United States v. Augustiniak*, No. CR-03-1167-PHX-DGC, 2006 U.S. Dist. LEXIS 11257 at *12-13 (D. Ariz. Mar. 8, 2006); *United States v. Tomison*, 969 F. Supp. 587, 593-94 (E.D. Cal. 1997); *United States v. Beckford*, 964 F. Supp. 1010, 1018-20 (E.D. Va. 1997); *United States v. Reyes*, 162 F.R.D. 468, 470-71 (S.D.N.Y. 1995); *United States v. Florack*, 838 F. Supp. 77, 78-80 (W.D.N.Y. 1993).

Here, as Mr. Levandowski has previously emphasized, *see, e.g.*, Docket No. 244 at 3-4, the allegations in Waymo's complaint implicate Mr. Levandowski's Fifth Amendment privilege against self-incrimination. The complaint alleges that Mr. Levandowski was involved in "steal[ing]" and "misappropriat[ing]" intellectual property. *See, e.g.*, Docket No. 23 ¶¶ 10, 11 & p. 11 § IV.D. These claims conjure the threat of criminal sanction under 18 U.S.C. § 1832 or other similar federal or state statutes.

The inquiry now before this Court implicates these same Fifth Amendment concerns, as Waymo seeks records that relate to joint-defense communications that occurred shortly after Mr. Levandowski left Waymo. Mr. Levandowski has consistently asserted his Fifth Amendment

privilege with respect to those communications.  *See, e.g.,* Docket No. 131 (3/29/2017 Tx) at 5-26; Docket No. 147.

Mr. Levandowski faces a potential choice between "the rock and the whirlpool."  On the one hand, Mr. Levandowski has a Fifth Amendment right against self-incrimination, and may refuse to speak about events, communications, and thought processes that occurred in the crucial days and months after Mr. Levandowski left Waymo's employ.  On the other hand, he seeks to protect communications as privileged under the attorney-client, common interest, and work product doctrines — but addressing the factual predicates for those privileges may necessarily entail the disclosure of information about events, communications and thought processes that occurred in the crucial days and months after Mr. Levandowski left Waymo's employ.  In short, Mr. Levandowski cannot fully explain to the Court the basis for the application of the common interest, attorney-client, or work product privileges to the communications at issue without risking a waiver of his Fifth Amendment privilege against self-incrimination.

The Court should permit Mr. Levandowski to submit an *in camera* declaration that will (a) establish the application of the asserted privileges to the materials sought by Waymo, while still (b) maintaining in confidence information that may be protected by Mr. Levandowski's Fifth Amendment privilege against self-incrimination or the common interest, attorney-client or work product privileges.

Date:    May 8, 2017                                 Respectfully submitted,

/s/
Miles Ehrlich
Ismail Ramsey
Amy Craig
Ramsey & Ehrlich
*Counsel for Non-Party Anthony Levandowski*

**[PROPOSED] ORDER**

    Non-party Anthony Levandowski may submit an *in camera* declaration in support of his and the defendants' opposition to Waymo's Motion to Compel Withheld Information.

DATE: _____        _____
                            JACQUELINE SCOTT CORLEY
                            UNITED STATES MAGISTRATE JUDGE