1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Charles K. Verhoeven (Bar No. 170151)
2      charlesverhoeven@quinnemanuel.com
      David A. Perlson (Bar No. 209502)
3      davidperlson@quinnemanuel.com
      Melissa Baily (Bar No. 237649)
4      melissabaily@quinnemanuel.com
      John Neukom (Bar No. 275887)
5      johnneukom@quinnemanuel.com
      Jordan Jaffe (Bar No. 254886)
6      jordanjaffe@quinnemanuel.com
    50 California Street, 22nd Floor
7   San Francisco, California 94111-4788
    Telephone:     (415) 875-6600
8   Facsimile:     (415) 875-6700

9   Attorneys for WAYMO LLC

10                    UNITED STATES DISTRICT COURT

11        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12   WAYMO LLC,                               CASE NO. 3:17-cv-00939-WHA

13              Plaintiff,                    **PLAINTIFF WAYMO LLC'S
                                              ADMINISTRATIVE MOTION TO FILE
14         vs.                                UNDER SEAL PORTIONS OF ITS
                                              SUPPLEMENTAL BRIEF IN SUPPORT
15   UBER TECHNOLOGIES, INC.;                 OF MOTION FOR PRELIMINARY
     OTTOMOTTO LLC; OTTO TRUCKING             INJUNCTION AND SUPPORTING
16   LLC,                                     EXHIBITS THERETO**

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully submits this revised administrative motion to file under seal confidential information in portions of its Supplemental Brief in Support of Motion for Preliminary Injunction and Supporting Exhibits Thereto. Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Supplemental Brief in Support of Motion for Preliminary Injunction | Highlighted Portions | Waymo (green highlighting); Defendants (blue highlighting) |
| Exhibit 132 to the Declaration of Jordan Jaffe ("Jaffe Decl."), filed concurrently herewith. | Highlighted Portions | Waymo (green highlighting); Defendants (blue highlighting) |
| Exhibit 133 to the Jaffe Decl. | Entire Document | Waymo |
| Exhibit 134 to the Jaffe Decl. | Entire Document | Defendants |

## I.   LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). Both the California Uniform Trade Secrets Act and the Defend Trade Secrets Act provide for maintaining the confidentiality of alleged trade secrets. Cal. Civ. Code § 3426.5 ("In an action under this title, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action[.]"); 18 U.S.C. § 1835(a) ("[T]he court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets[.]").

1    **II.      THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION**

2          The Court should seal the portions of Waymo's Supplemental Brief in Support of Motion for

3    Preliminary Injunction (portions highlighted in green), and Jaffe Decl. Exhibits 132-133 identified by

4    Waymo in the table above.  Waymo seeks to file this information under seal because it discloses

5    Waymo's trade secrets and confidential business information.  *See* Declaration of Lindsay Cooper

6    ("Cooper Decl."), ¶¶ 3-4.  Courts have determined that trade secret information merits sealing.  *Music*

7    *Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14–cv–03078–JSC, 2015 WL 3993147, at *1

8    (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys.,*

9    *Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013)

10   (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets.").

11   Confidential business information that, if released, may "harm a litigant's competitive standing" also

12   merits sealing.  *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978).  Waymo seeks to

13   seal confidential business information and trade secret information that fit squarely within these

14   categories.  Cooper Decl. ¶¶ 3-5.  Waymo maintains this information as a trade secret (*see* Dkt. 25-31)

15   and ensures the information remains secret with strict secrecy and security protocols (*see* Dkt. 25-47;

16   Dkt. 25-49.).  *See* Cooper Decl. ¶ 4.  Waymo has narrowly tailored its requests to only information

17   meriting sealing.  *Id.* ¶ 5.  In fact, both *Music Grp.* and *Brocade* found the confidential information at

18   issue in those cases met the heightened "compelling reasons" standard for sealing.  *Music Grp.*, 2015

19   WL 3993147, at *1; *Brocade*, 2013 WL 211115, at *1, *3.  The information that Waymo seeks to

20   seal, therefore, also meets this heightened standard.  The disclosure of Waymo's trade secret and

21   confidential business information would harm Waymo (Cooper Decl. ¶ 4), and, thus, the Court should

22   grant Waymo's administrative motion to seal.

23   **III.     DEFENDANTS' CONFIDENTIAL INFORMATION**

24         For the purposes of this revised administrative motion to seal, Waymo is not taking a position

25   on any of Defendants' confidential information.  Although Defendants may revise certain redactions

26   to previously-filed documents, Waymo expects Defendants to file a declaration in accordance with the

27   Local Rules to support sealing the relevant portions of the record that Defendants intend to keep under

28   seal.

1

**IV.    CONCLUSION**

2        In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above

3  listed documents accompany this Administrative Motion.   For the foregoing reasons, Waymo

4  respectfully requests that the Court grant Waymo's administrative motion to file under seal.

5

6  DATED:  May 8, 2017                          QUINN EMANUEL URQUHART & SULLIVAN, LLP

7

8                                               By  */s/ David Perlson*
                                                    David Perlson
9                                                   Attorneys for WAYMO LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28