# EXHIBIT A

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S NOTICE OF DEPOSITION OF DAVID MEALL AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Honorable William Alsup |

Defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC (collectively "Defendants") hereby object and respond to the Notice of Deposition of David Meall and Requests for Production of Documents and Things, served by Plaintiff Waymo LLC ("Waymo").

## RESPONSES TO SPECIFIC DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All agreements signed between Anthony Levandowski and any of Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants will produce documents sufficient to show agreements signed between Anthony Levandowski and Defendants that could be located through a diligent search of Defendants' Workday database.

To the extent Request for Production No. 1 requests anything other than the previously described information, Defendants object to this Request as not "very narrowly drawn" (Dkt. No. 61), as seeking material covering subject matter about which Mr. Meall does not have personal knowledge, and as seeking material outside the scope of his Declaration. Defendants further objects to the portion of this Request seeking "all agreements" as overly broad and not "very narrowly drawn." On the basis of these objections, Defendants will not produce agreements signed between Anthony Levandowski and Defendants about which David Meall has no knowledge, and that are located in repositories to which Mr. Meall does not have or cannot reasonably access.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show the reasons Defendants required any employee(s) to sign an attestation in April 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants have produced documents sufficient to show the reasons Defendants required any employee(s) to sign an attestation in April 2016 as exhibits to Rhian Morgan's Declaration in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction.

To the extent Request for Production No. 2 requests anything other than the previously described information, Defendants object to this Request as not "very narrowly drawn" (Dkt. No.

61), as seeking material covering subject matter about which Mr. Meall does not have personal knowledge, and as seeking material outside the scope of his Declaration. Defendants also object to this Request to the extent it calls for information subject to the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show the reasons behind Otto's decision to acquire Tyto LiDAR, beginning with Otto's first interest in Tyto LiDAR or Odin Wave, and all due diligence on such acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this Request as not "very narrowly drawn" (Dkt. No. 61), and as outside the scope of the preliminary injunction briefing. Defendants further object to this Request as seeking material covering subject matter about which Mr. Meall does not have personal knowledge, and as seeking material outside the scope of his Declaration. Defendants also object to this Request to the extent it calls for information subject to the attorney-client privilege and/or work product doctrine. On the basis of these objections, Defendants respond that they will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the identity of anyone with an ownership interest in Otto, 280 Systems, Tyto LiDAR, or Odin Wave, at any time, and the amount of that person's ownership interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to this Request as not "very narrowly drawn" (Dkt. No. 61), and as outside the scope of the preliminary injunction briefing. Defendants further object to this Request as seeking material covering subject matter about which Mr. Meall does not have personal knowledge, and as seeking material outside the scope of his Declaration. On the basis of these objections, Defendants respond that they will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All versions of any employment agreements, confidentiality agreements, assignment agreements, or other agreements that Defendants require or have ever required employees to execute as a condition of employment, including the dates during which Defendants required each version to be executed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants have produced documents responsive to this Request as exhibits to Mr. Meall's Declaration in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction. Defendants will also produce documents sufficient to show documentation for the onboarding of employees of Uber's Advanced Technologies Group from August 2016 to present.

To the extent Request for Production No. 5 requests anything other than the previously described information, Defendants object to this Request as not "very narrowly drawn" (Dkt. No. 61), as seeking material covering subject matter about which Mr. Meall does not have personal knowledge, and as seeking material outside the scope of his Declaration. Defendants also object to the portion of this Request seeking "all versions" as overly broad, not "very narrowly drawn," and not proportional to the needs of the case. On the basis of these objections, Defendants will not produce documents responsive to this Request other than the documents described in the preceding paragraph.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show any LiDAR units, sensors, technology, or designs prepared, edited, contributed to, or presented in whole or in part by any of Defendants' employees who were formerly employees of Waymo or its corporate affiliates within six (6) months of such employee joining Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants have produced documents responsive to this Request in connection with the Requests for Production served with Asheem Linaval's Notice of Deposition. Defendants have also made the Fuji and Owl devices available for inspection.

OBJECTIONS AND RESPONSES TO MEALL DEPOSITION NOTICE AND REQUESTS FOR PRODUCTION
Case No. 3:17-cv-00939-WHA                                                                                       3

To the extent Request for Production No. 6 requests anything other than the previously described information, Defendants object to this Request as overly broad, not "very narrowly drawn," and not proportional to the needs of the case insofar as it concerns "any LiDAR units, sensors, technology, or design" and "any" employees.  Defendants also object to this Request as not "very narrowly drawn" (Dkt. No. 61), as seeking material covering subject matter about which Mr. Meall does not have personal knowledge, and as seeking material outside the scope of his Declaration.  On the basis of these objections, Defendants respond that they will not produce additional documents responsive to this Request.

Dated: April 13, 2017                              MORRISON & FOERSTER LLP

                                            By:   */s/ Arturo J. González*
                                                     ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

# APPENDIX

## Information on Document Collection and Production Under Supplemental Order ¶ 13

Defendants further provide information on their collection efforts under Paragraph 13 of the Supplemental Order. As of April 12, 2017, Defendants have searched the following sources of information that may contain material responsive to Waymo's requests for production:

- Defendants' custodial document repositories (e.g. email repositories, Google Docs, locally stored electronic documents)
- Defendants' internal non-custodial document repositories (e.g. Slack channels, personnel files)
- Publicly-available websites on the Internet

As of April 12, 2017, the following individuals employed by Defendants have searched for documents that may contain material responsive to Waymo's requests for production:

- Asheem Linaval – search responsibility for documents relating to LiDAR designs and development and communications concerning LiDAR.
- Rhian Morgan – search responsibility for documents relating to Otto's human resources policies and procedures.
- David Meall – search responsibility for documents relating to Uber ATG's recruiting policies and procedures.
- Kevin Faulkner – search responsibility for documents relating to the forensic analysis performed by Stroz Friedberg pursuant to the March 13, 2017 engagement letter.
- Nina Qi – search responsibility for documents relating to Uber's decision to acquire Otto.
- Scott Boehmke – documents relating to LiDAR designs and development.
- Jim Gasbarro – documents relating to LiDAR designs and development.
- Dan Gruver – documents relating to LiDAR designs and development.

- James Haslim – documents relating to LiDAR designs and development.
- Florin Ignatescu – documents relating to LiDAR designs and development.
- Mike Karasoff – documents relating to LiDAR development.
- Max Levandowski – documents relating to LiDAR designs and development.
- Tri Luong – documents relating to LiDAR designs and development.
- Gaetan Pennecot – documents relating to LiDAR designs and development.
- Will Treichler – documents relating to LiDAR designs and development.
- Filip Trojanek – documents relating to LiDAR designs and development.