1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:     415.268.7000
7  Facsimile:     415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
11 Washington DC  20005
   Telephone:     202.237.2727
12 Facsimile:     202.237.6131

13 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

18 WAYMO LLC,                              Case No.      3:17-cv-00939-WHA

19           Plaintiff,                    **DECLARATION OF MICHELLE
                                           YANG IN SUPPORT OF
20      v.                                 DEFENDANTS' ADMINISTRATIVE
                                           MOTION TO FILE UNDER SEAL
21 UBER TECHNOLOGIES, INC.,                PORTIONS OF THEIR RESPONSE
   OTTOMOTTO LLC; OTTO TRUCKING LLC,       TO WAYMO'S SUPPLEMENTAL
22                                         BRIEF REGARDING HASLIM
           Defendants.                     TESTIMONY, AND SUPPORTING
23                                         EXHIBITS THERETO**

24                                         Trial Date: October 2, 2017

25

26

27

28

I, Michelle Yang, declare as follows:

1.      I am an attorney at the law firm of Morrison & Foerster LLP.  I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.  I make this declaration in support of Defendants' Administrative Motion to File Under Seal Portions of Their Response to Waymo's Supplemental Brief Regarding Haslim Testimony, and Supporting Exhibits Thereto.

2.      Some of the highlighted portions of Defendants' Response to Waymo's Supplemental Brief Regarding Haslim Testimony ("Response"), as well as Exhibits 1, 3, and 5 to the Declaration of Michelle Yang in Support of Defendants' Response ("Yang Declaration"), discuss Uber's proprietary and highly confidential designs for Uber's custom LiDAR system. These portions are highlighted in blue.  If such information were made public, I understand Uber's competitive standing could be significantly harmed.  Some portions Defendants' Response and Exhibit 1 contain Uber's confidential and sensitive business organization information, and if this information were made public, I understand that Uber's competitive standing could be significantly harmed.  These portions are also highlighted in blue.

3.      The entireties of Exhibits 4 and 6 to the Yang Declaration likewise contain Uber's proprietary and highly confidential information for Uber's custom LiDAR design.  Exhibit 4 contains diagrams of Uber's custom LiDAR design with highly confidential, proprietary technical information.   Exhibit 6 is the testimony of an Uber engineer.

4.      I understand that this proprietary technical information is maintained as confidential by Uber and is valuable to Uber's business.  The public disclosure of this information would give Uber's competitors access to in-depth descriptions and analysis of Uber's custom LiDAR design.  The design of Uber's custom LiDAR system is highly confidential, proprietary information which, if made public, would cause Uber irreparable harm in this very competitive space of autonomous driving.

5.      Exhibits 3 and 5 also contain highly confidential information about a third party vendor for Uber's LiDAR, which is also the subject of a non-disclosure agreement.  Defendants are contractually bound to maintain the confidentiality of this third party's confidential

1    information.  If this information were to be released to the public, Defendants' competitors would

2    have access to detailed information about Defendants' LiDAR design work, and Defendants'

3    competitive standing could significantly be harmed.

4           6.      Some of the highlighted portions of the Response, as well as Exhibits 1, 2, and 5

5    have been designated by Waymo as either confidential or highly confidential.  Waymo's

6    designations are highlighted in green in the unredacted copies of the declarations and exhibits.

7           7.      Uber's request to seal is narrowly tailored to those portions of the Response and its

8    supporting papers that merit sealing.

9           I declare under penalty of perjury under the laws of the United States that the foregoing is

10   true and correct.  Executed this 9th day of May, 2017, in San Francisco, California.

11

12                                              _____/s/ Michelle Yang_____
                                                       Michelle Yang

13

14                          **ATTESTATION OF E-FILED SIGNATURE**

15          I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this

16   Declaration.  In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has

17   concurred in this filing.

18   Dated:  May 9, 2017              _____/s/ Michael A. Jacobs_____
                                             Michael A. Jacobs
19

20

21

22

23

24

25

26

27

28