QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WAYMO'S UNFAIR COMPETITION CLAIM** |

## I. INTRODUCTION

Defendants move to dismiss Waymo's Unfair Competition Law ("UCL") claim on the ground that it is preempted by the California Uniform Trade Secrets Act ("CUTSA"). Defendants' motion should be denied because Waymo has alleged the unlawful theft by Defendants of a broad array of internal Waymo information, reflected in 14,000 confidential documents that were stolen from Waymo. Some of the information in these stolen documents may be entitled to protection under CUTSA (which would preempt a theory of UCL liability), while some of the information might not be entitled to protection under the CUTSA (which would not preempt UCL liability). A plaintiff is permitted to allege liability under both the CUTSA and the UCL for the improper theft of internal information, and as the case proceeds may prove its case under the CUTSA or the UCL, or both, so long as each particular piece of mis-used information is covered by only one theory.

To be clear, Waymo agrees that *if all* the confidential Waymo information that Defendants misappropriated is entitled to trade secret status, then the CUTSA would preempt the entirety of Waymo's UCL claim. However, if Defendants misappropriated certain confidential information that does *not* rise to the level of trade secrets, then Waymo would have a viable UCL claim for Defendants' misappropriation of such information. Waymo has alleged that. *See* Dkt. 23 ("Complaint") ¶¶ 4, 12, 144. And California law permits that. *Courtesy Temp. Serv., Inc. v. Camacho*, 272 Cal. Rptr. 352, 360 (Cal. Ct. App. 1990) ("[E]ven if Courtesy's customer list would not qualify as a 'trade secret' under section 3426.1, the unfair and deceptive practices of employees in stealing Courtesy's customers should have been enjoined under Business & Professions Code section 17200 et seq."); *see also City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 842-43 (9th Cir. 2004) (affirming jury verdict of unfair competition based on defendant's misappropriation of confidential bidding strategies, even though the jury also found no trade secret misappropriation); *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, No. C 10-02605, 2011 WL 13153247, at *4 (N.D. Cal. Mar. 17, 2011) ("If the confidential information is not a trade secret, then preemption would not apply because the claim would seek a civil remedy not based on the misappropriation of a trade secret."); *TMX*

*Funding, Inc. v. Impero Techs., Inc.*, No. C 10-00202, 2010 WL 2509979, at *4 (N.D. Cal. June 17, 2010) ("Regardless of whether the information is a trade secret, Defendants may be liable for a breach of the duty of loyalty if they utilized Teledex's proprietary information, for conversion if they wrongfully deprived TMX of possession of that information, ***for unfair competition if they misappropriated TMX's proprietary information***, for interfering with TMX's prospective economic advantage, and for accessing computerized information without authorization." (emphasis added)).

Simply put, the CUTSA does not preempt a UCL claim for misappropriation of information that is not a trade secret. Indeed, CUTSA itself states as much. Cal. Civ. Code § 3426.7(b) (stating that CUTSA "does not affect . . . (2) other civil remedies that are not based upon misappropriation of a trade secret"). Thus, unless and until a determination is made that all of the confidential information misappropriated by Defendants qualifies as trade secrets, the UCL claim remains as an alternative theory of liability that may be pled in the alternative. *SocialApps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910, 2012 WL 381216, at *4 (N.D. Cal. Feb. 6, 2012) ("[T]o the extent that the allegation of 'concepts and/or game features' overlaps with any matters asserted to be trade secret information, plaintiff may plead for relief in the alternative. While CUTSA might preempt any relief with respect to information that is a protectable trade secret, SA may still be entitled to recover on a breach of confidence theory for any non-trade secret information."); *accord Language Line*, 2011 WL 13153247 at *4 & fn. 8 ("Here, the Court finds that Plaintiff has properly pleaded its tort claims in the alternative to its trade secret misappropriation claim. Courts in this district have adopted the 'alternative pleading' standard for CUTSA preemption.").

Accordingly, Defendants' Motion to Dismiss should be denied.

## II.   FACTUAL BACKGROUND

This case involves a massive and wide-ranging theft of Waymo's confidential information. As alleged by the operative Complaint, Defendants' now-employee Anthony Levandowski raided virtually the entirety of Waymo's confidential design server, stealing 14,000 files and 9.7 gigabytes of "highly confidential data." Complaint ¶ 4. While Waymo pled that at least some of

the misappropriated information comprised trade secrets, Waymo alternatively pled that at least some of the information was just "confidential" and/or "proprietary." *See, e.g.*, *id.* ¶ 12 ("Waymo LLC owns all of the patents, *trade secrets, and confidential information* infringed or misappropriated by Defendants." (emphasis added)); *id.* ¶ 4 ("Waymo has uncovered evidence that Anthony Levandowski . . . downloaded more than 14,000 *highly confidential and proprietary files* shortly before his resignation." (emphasis added)). Indeed, given the breadth and scale of the theft, it is highly plausible to infer that some of the stolen information comprised trade secrets while other pieces of stolen information were "merely" confidential and proprietary.

Waymo's Complaint ends with claims for relief under CUTSA, the UCL, and other statutes. For the UCL claim, Waymo incorporates all of its prior allegations (*id.* ¶ 143) and then states that "Defendants engaged in unlawful, unfair, and fraudulent business acts and practices. Such acts and practices include, but are not limited to, misappropriating Waymo's *confidential and proprietary information*." *Id.* ¶ 144 (emphasis added). Notably, Waymo's Complaint does not purport to impose UCL liability on Defendants based on the theft of any information afforded "trade secret" status under the CUTSA.

The Court has not yet made any formal determination about which of the allegedly-misappropriated pieces of information is entitled to trade secret status.

### III.  ARGUMENT

#### A.  If Defendants Misappropriated Any Confidential Information That Does Not Qualify as a Trade Secret, Such Misappropriation Creates a Viable UCL Claim

If Defendants misappropriated any confidential information that does *not* rise to the level of a trade secret, then the unfair competition laws (including the UCL) would provide a viable theory of relief for that misappropriation. *Courtesy*, 272 Cal. Rptr. at 360; *City Solutions*, 365 F.3d at 842-43; *Language Line*, 2011 WL 13153247, at *4; *TMX Funding,* 2010 WL 2509979, at *4; *SocialApps*, 2012 WL 381216, at *4. As noted above, CUTSA would not preempt such a theory, as CUTSA states that it does not displace "other civil remedies that are not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b)(2).

To be sure, Waymo must prove that it has a property right in any non-trade secret information that was misappropriated in order to make out a UCL claim for such misappropriation. As one influential California case explained, "'information' cannot be 'stolen' unless it constitutes *property*. And information is not property unless some law makes it so. If the plaintiff identifies no property right outside of trade secrets law, then he has no remedy outside that law, and there is nothing unsound or unjust about holding other theories superseded." *Silvaco Data Sys. v. Intel Corp.*, 109 Cal. Rptr. 3d 27, 53 (Cal. Ct. App. 2010) (emphasis in original), *disapproved of on other grounds by Kwikset Corp. v. Superior Court*, 246 P.3d 877 (Cal. 2011). This Court applied *Silvaco*'s logic just last year, noting that "[e]very district court in our circuit to consider this aspect of *Silvaco* has held that CUTSA supersedes claims based on the misappropriation of non-trade secret information, ***except where there is some other provision of positive law granting a property right in that information***." *Total Recall Techs. v. Luckey*, No. 15-02281, 2016 WL 199796, at *6-8 (N.D. Cal. Jan. 16, 2016) (Alsup, J.) (emphasis added).[1]

Thus, the operative question is whether Waymo's Complaint raises a plausible inference that it has a property right in any potential non-trade secret information from the 14,000 stolen files, independent of the trade secret laws. If the answer to that question is "yes," then Waymo has a viable UCL claim for Defendants' misappropriation of that information. *Martone v. Burgess*, No. C 08-2379, 2008 WL 3916022, at *3 (N.D. Cal. Aug. 25, 2008) ("misappropriation of property that is not a trade secret" creates a viable UCL claim).

The answer to that question clearly *is* "yes." Under California law, "property is a broad concept that includes 'every intangible benefit and prerogative susceptible of possession or disposition.' We apply a three-part test to determine whether a property right exists: 'First, there must be an interest capable of precise definition; second, it must be capable of exclusive

---

[1] To the extent the Court's *Total Recall* decision meant for the term "positive law" to be limited to statutory law, Waymo respectfully asks that the Court reconsider that one aspect of its decision. Anything that is "property" can be misappropriated, and property can be defined by either statutory or common law. *See Kremen v. Cohen*, 337 F.3d 1024, 1033 (9th Cir. 2003) (discussed *infra*). Thus, if Waymo has a statutory *or* common-law property right over any non-trade secret information, then misappropriation of that information should give rise to a viable UCL claim.

possession or control; and third, the putative owner must have established a legitimate claim to exclusivity.'" *Kremen v. Cohen*, 337 F.3d 1024, 1030 (9th Cir. 2003) (affirming property right in a domain name) (quoting *G.S. Rasmussen & Assocs., Inc. v. Kalita Flying Serv., Inc.*, 958 F.2d 896, 903 (9th Cir. 1992)); *see also City Solutions*, 365 F.3d at 842-43 (affirming property right over confidential bidding strategy and affirming unfair competition verdict for misappropriation of that bidding strategy). Waymo's confidential information qualifies as "property" under the three-part test enunciated by *Kremen*, whether or not this information rises to the level of a trade secret.

First, the confidential information that Defendants misappropriated is "capable of precise definition." The very fact that this information was set forth in 14,000 discrete files—the files that Mr. Levandowski stole—shows that this information is perfectly amenable to written description and definition.

Second, this confidential information is "capable of exclusive possession or control." As explained in Waymo's Complaint, its confidential information is housed on proprietary Waymo servers that restrict access to Waymo and its duly-authorized personnel. Complaint ¶¶ 43, 52-53, 71.

Third, Waymo has a "legitimate claim to exclusivity" for this confidential information. There is nothing illegitimate about Waymo retaining exclusivity over confidential business information on its secure servers. Indeed, Defendants could hardly argue otherwise.

Because Waymo has a valid property right in its confidential information, Waymo would have a valid UCL claim for Defendants' misappropriation of this information—again, as long as at least one piece of this information does ***not*** qualify as a trade secret. And Waymo's Complaint raises a highly-plausible inference that Defendants misappropriated the 14,000 files that Mr. Levandowski stole—not just the confidential information reflected in those files, but the files themselves that contain that information.

B. **Defendants' Cited Case Law Is Distinguishable**

All of the case law that Defendants cite for dismissal of the UCL claim is either distinguishable or otherwise unhelpful to Defendants' position. For example, Defendants cite the

*Silvaco* and *Total Recall* cases discussed above.  Dkt. 312 ("Mot.") at 2:26-27, 4:17-18.  But, as explained above, both cases contemplate that a UCL claim may arise for misappropriation of non-trade secret information for which the plaintiff could show a property right.  *See Total Recall*, 2016 WL 199796, at *10 ("Total Recall may seek leave to amend to assert a property right in the allegedly misappropriated information that could give rise to a UCL claim."); *Silvaco*, 109 Cal. Rptr. 3d at 53 ("'[I]nformation' cannot be 'stolen' unless it constitutes *property*." (emphasis in original)).  Such is the case here: Waymo has a valid property right in its confidential information, whether or not this information qualifies as a trade secret.[2]

Defendants also cite several cases that dismissed unfair competition claims as preempted by CUTSA because they relied on the "same nucleus of operative facts" as a CUTSA claim.  Mot. at 4 (citing cases).  But, from a review of those cases, it does not appear that any of the plaintiffs in those cases even tried to assert a ***property right*** in any non-trade secret information.  Again, a UCL claim for misappropriated information cannot lie unless the plaintiff plausibly asserts a property right in the misappropriated information.  It does not appear that such an assertion was ever made in the cases that Defendants cite.  But Waymo *has* made that assertion in this case—an assertion that is highly plausible at the 12(b)(6) stage.  *See* Section III(A), *supra*.  And that is a dispositive difference.

## IV.     CONCLUSION

For the foregoing reasons, Waymo respectfully requests that Defendants' Motion to Dismiss be denied.

---

[2]  *Total Recall* stated that, to avoid CUTSA preemption, non-trade secret information must be shown to be property "on grounds that are qualitatively different from the grounds upon which trade secrets are considered property."  *Total Recall*, 2016 WL 199796 at *6 (quoting *SunPower Corp. v. SolarCity Corp.*, No. 12-CV-00694, 2012 WL 6160472, at *9 (N.D. Cal. Dec. 11, 2012)).  Waymo has satisfied this test, because the *Kremens* test by which Waymo asserts property rights over its confidential information is "qualitatively different" from the test for deeming information to be a trade secret under Cal. Civ. Code § 3426.1(d).

| | | |
|---|---|---|
| 1 | DATED: May 12, 2017 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | By  */s/ Charles K. Verhoeven* |
| 3 | | Charles K. Verhoeven<br>Attorneys for WAYMO LLC |