QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>          Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE COURT'S ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION FOR PROVISIONAL RELIEF (DKT. 426)** |

Pursuant to Civil L.R. 7-11 and 79-5, and the terms of the Court's Re: Sealing of Order on Motion for Provisional Relief (Dkt. 427), Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal additional confidential information in portions of the Court's Order Granting-in-Part and Denying-in-Part Plaintiff's Motion for Provisional Relief (Dkt. 426) ("Court's PI Order").  Specifically, Waymo requests an order granting leave to file under seal the portions of the document as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
| --- | --- | --- |
| Court's PI Order (Dkt. 426) | Redacted and Highlighted Portions | Waymo (yellow highlighting) |

## I.  LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*  Both the California Uniform Trade Secrets Act and the Defend Trade Secrets Act provide for maintaining the confidentiality of alleged trade secrets.  Cal. Civ. Code § 3426.5 ("In an action under this title, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action[.]"); 18 U.S.C. § 1835(a) ("[T]he court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets[.]").

## I.  THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the portions of the Court's PI Order (redacted portions and additional portions highlighted yellow) identified by Waymo in the table above.  Waymo seeks to file this information under seal because it discloses Waymo's trade secrets and confidential business information.  *See* Declaration of Lindsay Cooper ("Cooper Decl."), ¶¶ 3-5.  Courts have determined that trade secret information merits sealing.  *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14–cv–03078–JSC, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013

WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets."). Confidential business information that, if released, may "harm a litigant's competitive standing" also merits sealing. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978). Waymo seeks to seal confidential business information and trade secret information that fit squarely within these categories. Cooper Decl. ¶¶ 3-5. Waymo maintains this information as a trade secret (*see* Dkt. 25-31) and ensures the information remains secret with strict secrecy and security protocols (*see* Dkt. 25-47; Dkt. 25-49.). *See* Cooper Decl. ¶ 4. Waymo has narrowly tailored its requests to only information meriting sealing. *Id.* ¶ 5. In fact, both *Music Grp.* and *Brocade* found the confidential information at issue in those cases met the heightened "compelling reasons" standard for sealing. *Music Grp.*, 2015 WL 3993147, at *1; *Brocade*, 2013 WL 211115, at *1, *3. The information that Waymo seeks to seal, therefore, also meets this heightened standard. The disclosure of Waymo's trade secret and confidential business information would harm Waymo. (Cooper Decl. ¶ 4.) Moreover, the scope of information that Waymo is seeking to seal is consistent with other administrative motions to seal that have already been granted by the Court in this case. (*See* Dkt. 416, 414, 406, 393, 392.) Thus, the Court should grant Waymo's administrative motion to seal.

**II.  CONCLUSION**

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion. For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's administrative motion to file under seal.

DATED: May 12, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Lindsay Cooper*
   Lindsay Cooper
   Attorneys for WAYMO LLC