IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC, | No. C 17-00939 WHA |
| Plaintiff, | |
| v. | **ORDER RE SEALING IN CONNECTION WITH MOTION FOR PROVISIONAL RELIEF** |
| UBER TECHNOLOGIES, INC., *et al.*, | |
| Defendants. | |

Plaintiff Waymo LLC's administrative motion to file under seal portions of the order on its motion for provisional relief (Dkt. No. 432) is **GRANTED**, subject to the following:

For the reasons stated in the aforementioned order, the Court finds that the redactions appended hereto as Exhibit A, and no others, are appropriate at this time. Accordingly, that version of the redacted order will be filed on the public docket at the conclusion of any appeal therefrom or upon further order of the Court. Until then, it will remain under seal. In other words, if either side appeals immediately from the order on Waymo's motion for provisional relief, they will be obligated to present the redaction issue to the court of appeals. On the other hand, if neither side appeals at this stage, then the redaction issue will be dealt with in the future, as explained below.

On a related point, this civil action has produced and will no doubt continue to produce an evolving landscape of sealable material. For example, as this litigation progresses, it will become clearer which of Waymo's 121 asserted trade secrets — which, until now, have all been kept under seal — actually qualify as such. Those that do not should ultimately be unsealed.

As another example, certain material initially allowed to be filed under seal in connection with Waymo's motion for provisional relief — *e.g.*, to prevent disclosure of trade secrets or competitive harm to a party — should no longer remain under seal because one or both sides have since voluntarily disclosed such material to the public, either in written submissions or during oral argument.

Now that the dust has settled on Waymo's motion for provisional relief, both sides are ordered to **MEET AND CONFER** and to file revised public versions of documents previously filed under seal as necessary to eliminate all unnecessary redactions. Redactions pertaining to Waymo's asserted trade secrets may be kept in place for the time being pending final resolution of Waymo's claims, either on appeal or in the normal course of litigation. The revised documents must be filed in an organized manner, such that the public can readily identify and reference each document, by **JUNE 12 AT NOON**, failing which the Court may consider imposing a moratorium on hearing any further motions until all unnecessary redactions in the record have been cured.

**IT IS SO ORDERED.**

Dated: May 15, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2