**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

May 15, 2017

Writer's Direct Contact
+1 (415) 268.7020
AGonzalez@mofo.com

The Honorable Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse
Courtroom F - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Waymo LLC v. Uber Technologies, Inc. et al.,* Case No. 3:17-cv-00939

Dear Magistrate Judge Corley:

At the request of Special Master Cooper, we write to request clarification regarding the timing of expedited and normal discovery. Paragraph 6 of the May 11, 2017 Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief states:

> Waymo is hereby granted further expedited discovery in aid of possible further provisional relief. [Description of expedited discovery] ***After Waymo has exhausted its expedited discovery, it may continue with normal discovery.***

(ECF No. 426 at 25 (emphasis added).)

Defendants believe that the Order stays Waymo's normal discovery until after it has completed its expedited discovery. Waymo disagrees and contends that normal discovery may continue concurrently. Prior to the issuance of the Order, Waymo served 152 requests for production and two third-party subpoenas. Waymo contends that the deadlines for this discovery are unaltered by the Order.

Waymo's further expedited discovery, as well as compliance with the other aspects of the Order, will require an enormous amount of work from defendants. Specifically, the Court has ordered seven depositions on seven days' notice; 28 document requests and 28 interrogatories with 14-day response deadlines; an inspection of all of Uber's LiDAR work; and a detailed accounting and chronological log of all of Anthony Levandowski's oral and written communications mentioning "LiDAR to any officer, director, employee, agent, supplier, or consultant of defendants." It is not reasonable to expect defendants to

sf-3768583

MORRISON | FOERSTER

Hon. Jacqueline Scott Corley
May 15, 2017
Page Two

respond to 152 additional document requests and additional normal discovery at the same time. Defendants believe the Court understood this in stating that normal discovery may continue *after* expedited discovery. If no changes to normal discovery were contemplated, there would have been no need to say anything.

During the conference with the Special Master, Waymo expressed concern about obtaining timely discovery from third parties should normal discovery follow expedited discovery. While defendants disagree, they do not object to Waymo's continued pursuit of the pending subpoena directed to Gorilla Circuits during the expedited discovery period. Waymo's other subpoena is directed to Stroz Friedberg and calls for the information that is the subject of the pending motion to compel, which is set for hearing on May 24. To conserve judicial and party resources, defendants believe that this subpoena should be stayed pending the resolution of the motion.

Sincerely,

Arturo J. González

sf-3768583