**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

May 15, 2017

**VIA ECF**

Magistrate Judge Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse
Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re: *Waymo LLC v. Uber Technologies, Inc., et al.*, N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

In its May 11, 2017 Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief ("Order"), the Court granted Waymo "further expedited discovery in aid of possible further provisional relief" and stated: **"[a]fter Waymo has exhausted its expedited discovery, it may continue with normal discovery."** (Order, at 26) (emphasis added). The Order makes clear that Waymo is entitled to take both expedited and normal discovery on issues relevant to Waymo's trade secret misappropriation claims, and that Waymo may take expedited and normal discovery contemporaneously and then "continue" with normal discovery after expedited discovery is exhausted. Nevertheless, Defendants contend that the Order requires Waymo to choose between taking expedited *or* normal discovery now, and that if Waymo chooses expedited discovery, Waymo's normal discovery—including third party subpoenas and document requests already served—is stayed. The parties met and conferred on this issue with the Special Master on May 13. With the guidance of the Special Master, the parties agreed to submit simultaneous letter briefs on this issue. Waymo respectfully requests that the Court confirm that Waymo's normal discovery on its trade secret misappropriation claims or any other claims is not stayed and may be taken contemporaneously with expedited discovery.

First, Defendants' position that the Order stayed normal discovery on any claims is wrong. Essentially, Defendants are arguing that Waymo must choose between taking the expedited discovery granted in the Court's Order, or proceeding with normal discovery. But, nowhere in the Order does it say that Waymo must make a choice or that Waymo's normal discovery is stayed. Rather, Paragraph 6 of the Order makes clear that the Court granted Waymo expedited discovery on the trade secret misappropriation claims in addition to normal discovery. There is no other reasonable way to interpret the sentence: "[a]fter Waymo has exhausted its expedited discovery, it may continue with normal discovery." (Order, at 26.) Saying that Waymo "may continue with normal discovery" *after* it "has exhausted expedited discovery" can only mean that Waymo may

take **both** expedited and normal discovery.  Further, if the Court intended for normal discovery to be stayed, it would have said so.  Instead, the Court's statement that Waymo "may **continue with** normal discovery" suggests that Waymo may start normal discovery before expedited discovery is exhausted, and then continue with normal discovery after expedited discovery is complete.  Had the Court intended for the expedited and normal discovery to be staged, the Court would have said: "After Waymo has exhausted its expedited discovery, it may take normal discovery."

Second, requiring Waymo to stagger expedited and normal discovery will prejudice Waymo.  With a trial date of October 2, and a proposed July 21 close of fact discovery, Waymo cannot postpone starting normal discovery.  Indeed, with only a little over two months remaining in fact discovery, Waymo already served 152 document requests and two third party subpoenas[1] and expects to serve more.  Defendants seek to avoid this discovery and so contend that it should be withdrawn.  Waymo, however, cannot wait to seek this discovery until after expedited discovery is complete because there will not be sufficient time before the end of fact discovery to do so.  As to discovery served on Defendants, Waymo expects that Defendants will drag their feet and attempt to conceal relevant documents, requiring motion practice.  As the Court recognized, there has been "a proliferation of discovery battles, motion practice, *and relentless concealment of likely probative evidence*, both documentary and testimonial, from Waymo's view." (Order, at 8) (emphasis added).  If Waymo is forced to wait to seek normal discovery, it will not have sufficient time for disputes to be resolved through motion practice.  Similarly, with respect to third party discovery, Waymo should not have to wait to take discovery because it often takes time and motion practice to obtain third party discovery.  Moreover, some of the third parties Waymo intends to subpoena are abroad, and Waymo must comply with the applicable procedures to obtain foreign discovery, which takes time.  Waymo cannot delay in seeking normal discovery from Defendants and third parties to develop its case for trial, and should not be required to do so.

Requiring Waymo to stage its discovery would also be prejudicial because Defendants are themselves seeking normal discovery.  On March 12, Uber and OttoMotto served 146 document requests on Waymo.  It cannot be that, in granting in part Waymo's Motion for a Preliminary Injunction and giving Waymo expedited discovery in furtherance of seeking additional provisional relief, the Court intended to freeze Waymo's pursuit of normal discovery, but permit Uber and OttoMotto to pursue normal discovery at full speed.  Put another way, it cannot be that Waymo is only permitted to serve 28 document requests now, and cannot serve any more relating to any of its causes of action until after expedited discovery is complete (weeks from now), but Defendants can serve 146 document requests (or more) immediately.

The only justification Defendants provided for requiring Waymo's normal discovery to be stayed is purported burden on Defendants – specifically, that they will be "inundated" by too much discovery.  Defendants, however, cannot be heard to complain given their stonewalling discovery conduct thus far, which the Court recognized in its Order. (Order, at 8.)  It is Defendants' own fault that, by withholding so many relevant documents during the original expedited discovery period, they now find themselves having to produce so many documents in the limited time remaining in fact discovery.  Staying Waymo's normal discovery to avoid "inundating"

---

[1] This does not include the subpoena served on Anthony Levandowski during the expedited discovery in connection with Waymo's motion for a preliminary injunction.

Defendants with discovery obligations would turn the Court's Order granting in part Waymo's Motion for a Preliminary Injunction on its head.²

Moreover, although they did not raise this argument when the parties met and conferred, Defendants may argue that only Waymo's normal discovery on its trade secret misappropriation claims needs to be stayed, but that Waymo can proceed with normal discovery on its other causes of action. This, however, would not address Defendants' concerns regarding being "inundated" with discovery because Waymo would be permitted to serve expedited discovery on the trade secret misappropriation claims contemporaneously with normal discovery on the other causes of action. Further, this would likely raise more disputes and motion practice over whether or not normal discovery relates to the trade secret misappropriation claims. If, for example, expedited and normal discovery on Waymo's trade secret misappropriation claims is staged, and Waymo serves normal discovery relevant to its unfair competition claims now, Defendants may argue that discovery is also relevant to the trade secret misappropriation claims and should be stayed pending expedited discovery. The parties would then need to seek Court relief to resolve such disputes. It is more clear and consistent with the Court's Order for this Court to confirm that Waymo's normal discovery on all of its causes of action, including the trade secret misappropriation claims, is not stayed pending expedited discovery.

Waymo respectfully requests that the Court confirm that Waymo is entitled to take both expedited and normal discovery on its trade secret misappropriation claims, and that Waymo's normal discovery on any of its causes of action, including the trade secret misappropriation claims, is not stayed pending expedited discovery.

Respectfully,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

cc:     All counsel of record; Special Master John Cooper

01980-00104/9280434.5

---

² Indeed, that appears to be just what Defendants are trying to do. In a May 15 public statement regarding the Court's Order, Uber stated: "We are pleased with the court's ruling that Uber can continue building and utilizing all of its self-driving technology, including our innovation around lidar." (https://www.theguardian.com/technology/2017/may/15/uber-self-driving-cars-waymo-google.) Although the Court found that "Waymo has shown at least serious questions going to the merits concerning whether *some* information within the 14,000-plus downloaded files has been used by defendants and qualifies for trade secret protection," (Order, at 13-16), Uber's public statement is that it is "business as usual" following the Court's Order.