QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br>     v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>              Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO'S OPPOSITION TO NON-PARTY ANTHONY LEVANDOWSKI'S MOTION FOR INTERVENTION UNDER RULE 24(b)**<br><br>**Hearing**:<br><br>Date: May 24, 2017<br>Time: 2:00 p.m.<br>Place: Courtroom F, 15th Floor<br>Judge: The Honorable Jacqueline Scott Corley |

Plaintiff Waymo LLC ("Waymo") respectfully opposes Mr. Levandowski's motion for intervention. Mr. Levandowski's request is pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), which provides the district court discretion to permit intervention by a party having "a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion, the court should "consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1988) (upholding denial of permissive intervention where "allowing intervention would only serve to undermine the efficiency of the litigation process" (quotation omitted)). The court does not abuse its discretion in denying or limiting permissive intervention where the positions of the purported intervenors are adequately represented by another party. *See Dep't of Fair Employment & Housing v. Lucent Techs. Inc.*, 642 F.3d 728, 742 (9th Cir. 2011). A court may also properly deny intervention where the would-be intervenor has "no new evidence or arguments to introduce into the case." *Perry v. Schwarzenegger*, 630 F.3d 898, 906 (9th Cir. 2011) (per curiam).

Here, Mr. Levandowski seeks permissive intervention for the sole purpose of "oppos[ing] Waymo's motion seeking compelled production of materials subject to a joint defense agreement to which Mr. Levandowski is a party . . . ." (Mot. at 4.) However, the Defendants in this case, co-members of Mr. Levandowski's purported joint defense group, are already vigorously contesting the production of these materials based on the same common interest privilege that Mr. Levandowski seeks to assert. (*See* Defs' Opp. to Mot. to Compel (Dkt. 369).) This renders this case distinguishable from Mr. Levandowski's cited authority *Convertino v. United States DOJ*, 674 F. Supp. 2d 97 (D.D.C. 2009), where the intervenor was seeking to vindicate privileges that were not being asserted by any party in interest to the action. *Id.* at 108.

In fact, in his "Joinder" to Defendants' Opposition, Mr. Levandowski expressly admits that he has no additional or unique facts or arguments to add to this issue, but rather that he is "rel[ying] on the points and authorities set forth in Uber's memorandum . . . ." (Dkt. 384.) Thus, although Judge Alsup's April 25 Order does contemplate that "Defendants and Levandowski" will

file an Opposition to Defendants' motion (Dkt. 382), Mr. Levandowski should not be permitted to intervene just to incorporate by reference and rehash Defendants' arguments.

This is especially true where Mr. Levandowski is not seeking intervention to protect his Fifth Amendment rights against self-incrimination.  Nor could he.  This Court has already rejected the notion that Mr. Levandowski can use his *personal* right against self-incrimination to withhold information or documents within the possession, custody, or control of *Defendants* (Dkt. 202 at 7-8, *examining Fisher v. United States*, 425 U.S. 391, 402 (1976)).  And Mr. Levandowski's request for a writ of mandamus on that issue was denied.  (*See* USCA Fed. Cir. Case No. 2017-1904).

Mr. Levandowski's motion to intervene now is especially inappropriate given that he previously refused to testify regarding both the alleged common interest and the "due diligence" materials sought to be discovered by Waymo.  For example, Mr. Levandowski asserted his Fifth Amendment rights and refused to testify as to when the alleged common interest between him and Defendants was formed.  (Dkt. 366-8, Levandowski Depo. Tr. at 37:7-38:3, 34:3-35:13.)  Mr. Levandowski also asserted the Fifth Amendment and refused to testify about the factual circumstances underlying the "due diligence" report that is at the center of this dispute.  (*Id.* at 43:11-17.)  And in response to questions regarding the nature of his alleged common interest with Defendants, Mr. Levandowski was instructed not to answer on the nonsensical grounds that such information about the contours of the asserted privilege was itself privileged.  (*Id.* at 33:16-23, 35:14-37:6, 38:4-43:7.)  Mr. Levandowski should not be permitted to first thwart discovery into the circumstances of the alleged common interest and to then make arguments in opposition to Waymo's motion.  *See Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) (affirming district court's preclusion of defendant's testimony at trial based on defendant's earlier invocation of Fifth Amendment privilege during deposition).

For these reasons, Waymo respectfully requests that the Court DENY Mr. Levandowski's request for intervention under Fed. R. Civ. P. 24(b).

1  DATED: May 16, 2017        QUINN EMANUEL URQUHART & SULLIVAN, LLP

2

3                   By    /s/Charles K. Verhoeven
                        Charles K. Verhoeven
                        Attorneys for WAYMO LLC