QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa J. Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO'S OPPOSITION TO NON-PARTY ANTHONY LEVANDOWSKI'S REQUEST FOR LEAVE TO MAKE *IN CAMERA* SUBMISSION**<br><br>**Hearing**:<br><br>Date:  May 25, 2017<br>Time:  10:00 a.m.<br>Place: Courtroom F, 15th Floor<br>Judge:  The Honorable Jacqueline Scott Corley |

1    Plaintiff Waymo LLC ("Waymo") respectfully opposes Mr. Levandowski's request for

2  leave to make an *in camera* submission in support of Defendants' opposition to Waymo's motion

3  to compel.  Mr. Levandowski seeks to submit a secret declaration in an attempt to justify the

4  purported common interest privilege asserted by Defendants.  But Mr. Levandowski cites no

5  authority supporting the relief he seeks.  And, having engaged in communications with non-

6  lawyers for the purpose of selling his companies for $680 million, Mr. Levandowski should not

7  now be permitted to shield those communications on some secret basis.  If a declaration that

8  merely sets out the predicates for Defendants' assertion of a purported common interest privilege

9  really would implicate Mr. Levandowski's Fifth Amendment rights, then that Fifth Amendment

10  assertion—along with all the other evidence demonstrating the theft of Waymo's confidential and

11  proprietary materials and the concealment of that crime (*see* Dkt. 433 at 3-4, 7)—requires a

12  finding that the crime-fraud exception to any privilege applies.

13    A.    <u>Background</u>

14    As the Court has elsewhere summarized:  "On March 29, at Uber's cryptic request, the

15  Court convened a non-public conference, at which separate counsel first appeared for Mr.

16  Levandowski.  At that conference, Uber's defense counsel explained that: "'Before the acquisition

17  [of Otto] some due diligence was done.  A third party prepared a report based on that due

18  diligence.  We intend to put that report on a privilege log.'"  (Dkt. 433 at 6 (citations

19  omitted).)  "Levandowski through separate counsel, however, broadly asserted his Fifth

20  Amendment privilege against self-incrimination, seeking to prohibit defendants from revealing

21  certain information about the due diligence report—even on a privilege log."  (*Id.*)

22    This Court ultimately heard and denied Mr. Levandowski's motion to modify the privilege

23  log requirements based on the Fifth Amendment.  (Dkt. 202.)  In doing so, the Court pointed out

24  that Mr. Levandowski had cited no case on point:  no case involving a joint defense agreement, no

25  case involving presenting documents to a non-lawyer, and no case involving the presentation of

26  documents "to a consultant for due diligence by the other side in an acquisition."  (*See generally

27  id.* & *id.* at 11.)  The Court therefore rejected Mr. Levandowski's argument "[t]hat traditional

28

privilege log requirements should be verboten merely because they might connect the dots back to a non-party in a possible criminal investigation," noting that this was "a sweeping proposition under which all manner of mischief could be concealed." (*Id.* at 12.)  Mr. Levandowski took a writ from the Court's decision, but it was rejected by the Federal Circuit. (*See* USCA Fed. Cir. Case No. 2017-1904.)

When Mr. Levandowski was later deposed, he broadly asserted his Fifth Amendment right against self-incrimination.  Among other things, Mr. Levandowski invoked the Fifth in response to questions regarding his purported common interest with Defendants or other members of Defendants' alleged common interest group.  (Dkt. 366-8, at 34:3-35:13, 37:7-38:3.)  Mr. Levandowski also invoked the Fifth in response to questions about the logged "due diligence" materials.  (*Id.* at 43:11-17.)

B.    Mr. Levandowski Is Attempting To Use The Privilege As Both A Sword And Shield

Having refused to testify regarding the basis for the alleged common interest privilege at his deposition, Mr. Levandowski now contends that he should be permitted to testify about these subjects through an *in camera* declaration.  Essentially, Mr. Levandowski is seeking to use his Fifth Amendment privilege offensively as a "sword" in support of Defendants' opposition to the motion to compel, while simultaneously seeking to use the Fifth Amendment to "shield" himself from cross-examination on the very same subject matter.  This is improper.  *See United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 640-41 (9th Cir. 2012) (holding that in a civil case a witness should not be permitted to "use of the Fifth Amendment privilege against self-incrimination as a sword as well as a shield" by offering evidence and then using the Fifth Amendment privilege to "prevent any adversarial testing of the truth of that testimony").  The notion that Mr. Levandowski should be permitted to submit materials that are shrouded in secrecy for a secret reason that cannot be tested by cross-examination is simply another "sweeping proposition under which all manner of mischief could be concealed." (*See* Dkt. 202 at 12.)  Mr. Levandowski's motion should be denied.

C.      Mr. Levandowski Cites No Authority That Justifies His Request

Mr. Levandowski does not cite a single case in which a non-party in a civil case was permitted to make an *in camera* submission to shield the predicates of a purported common interest privilege from disclosure pursuant to the Fifth Amendment.

Indeed, Mr. Levandowski cites cases that are extremely far afield from this situation. These include, for example, four cases (from outside this District) regarding the application of Federal Rule of Criminal Procedure 17(c), which governs the issuance of subpoenas *duces tecum* in criminal cases.  (Mot. 3.)  As discussed in the very cases cited, "Rule 17 itself affords authority for the *ex parte* issuance of subpoenas *duces tecum* returnable at trial."  *U.S. v. Beckford*, 964 F. Supp. 1010, 1018 (E.D. Va. 1997) (cited by Levandowski); *see also U.S. v. Tomison*, 969 F. Supp. 587, 591 (E.D. Cal. 1997) (noting that "the Rule's structure appears to anticipate the possibility of an *ex parte* request") (cited by Levandowski).  In other words, the *ex parte* relief sought by the parties in these criminal cases was authorized by the Federal Rules of Criminal Procedure; that obviously is not the case here.

Mr. Levandowski appears to rely most heavily on *Simmons v. U.S.*, 390 U.S. 377, 394 (1968), a Supreme Court case in which a criminal defendant was faced with a choice between asserting a Fourth Amendment objection and waiving his Fifth Amendment rights.  There, the Court found that a criminal defendant should not have to surrender one constitutional right in order to assert another.  (*Id.*)  But this is not a criminal case; Mr. Levandowski is not a party; and he is not choosing between two Constitutional rights.  Here, Mr. Levandowski voluntarily engaged in discussions with others, including non-lawyers, "for the purpose of selling his ventures to Uber for $680 million."  (*See* Dkt. 202 at 11.)  Having had these communications to suit his own purposes, Mr. Levandowski now wants to submit a secret declaration to explain why they should be cloaked in a purported common interest privilege.  Neither *Simmons* nor any other authority supports such a result.

D.       Mr. Levandowski Has Made No Showing That His Fifth Amendment Privilege Is Implicated

As the cases cited by Mr. Levandowski show, "[f]ormally claiming a privilege" should involve specifying the information that is privileged and "for what reasons." *E.g.*, *Kerr v. U.S.*, 426 U.S. 394, 400 (1976).  Indeed, on Mr. Levandowski's previous motion regarding the disclosure of information related to the due diligence materials in a privilege log, the Court noted that Mr. Levandowski had not "proven up" the "factual predicates" of any asserted privileges with a sworn record.  (Dkt. 202 at 10.)  Similarly here, Mr. Levandowski offers very little to explain why a declaration regarding the factual predicates to a common interest privilege would implicate his Fifth Amendment rights.

Mr. Levandowski first seems to argue that the Fifth Amendment should protect any declaration regarding the common interest privilege because Mr. Levandowski has consistently been asserting the Fifth Amendment in this case.  (Mot. 3-4.)  But Fifth Amendment assertions cannot justify other Fifth Amendment assertions, and this circular reasoning does not shed any light on the predicates for Mr. Levandowski's reliance on the Fifth Amendment here.  So Mr. Levandowski is left with his repeated insistence that the "days and months after Mr. Levandowski left Waymo's employ" were "crucial."  (Mot. 4.)  More than this blanket, conclusory, open-ended, and unexplained statement should be required of Mr. Levandowski here, where he is requesting relief unsupported by any binding legal authority.  *See, e.g.*, *Kerr*, 426 U.S. at 400.  Indeed, if it is the case that Mr. Levandowski cannot submit a declaration regarding the predicates for a purported common interest privilege without implicating his Fifth Amendment rights, then the crime-fraud exception to the privilege should apply.  (Dkt. 445 at 12.)

E.       Conclusion

Mr. Levandowski has no legal authority to support his requested relief, and he has not established a factual predicate for his assertion of the Fifth Amendment privilege here.  Moreover, the equities in this case—where Defendants and Mr. Levandowski have routinely used the privileges as both a sword and a shield—weigh heavily against granting Mr. Levandowski's motion.  That motion should be denied.

1

2    DATED:  May 16, 2017              QUINN EMANUEL URQUHART & SULLIVAN,
     LLP
3
                                      By_____/s/Charles K. Verhoeven_____
4                                        Charles K. Verhoeven
                                         Attorneys for WAYMO LLC
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28