

May 17, 2017

**Via ECF**
The Honorable Jacqueline Scott Corley
United States Magistrate Judge
United States District Court for the Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: Waymo LLC v. Uber Technologies, LLC et al., Case No. 3:17-cv-00939-WHA

Dear Judge Corley:

  Defendants Uber Technologies Inc. ("Uber") and Ottomotto LLC ("Ottomotto") respectfully request an order permitting Uber and Ottomotto to file a limited sur-reply brief in further opposition to Plaintiff Waymo LLC's Motion to Compel Production of the Due Diligence Report (Dkt. No. 369) to respond to two new and discrete arguments that Waymo made for the first time in its reply brief (Dkt. No. 445), and that could and should have been made in its opening Motion. Uber and Ottomotto seek a limited sur-reply brief of no more than four pages, which will be filed by Monday, May 22, at 5:00 p.m.

  Defendants raised with the Court during the May 11, 2017, conference the possibility of filing a sur-reply brief responding to new arguments made by Waymo for the first time in its reply brief. *See* May 11, 2017 Tr. at 11-13. Defendants noted that "this is a matter that is likely going to end up, one way or the other, in the Federal Circuit, and we need to get it right." *Id.* at 11:9-11. The Court agreed about the importance of getting the decision right and that its decision was likely to be appealed to Judge Alsup and then to the Federal Circuit. *Id.* at 12:2-8. While conferring on this request, Waymo noted that it objected to Defendants submitting a sur-reply that addressed arguments regarding documents Defendants produced after submitting its opposition brief. Defendants do not seek a sur-reply to address any arguments made by Waymo related to Defendants' documents produced after Defendants filed their opposition brief.

  First, Waymo's opening brief argued that Defendants and Messrs. Levandowski and Ron did not share a common legal interest because parties to a potential merger do not share common legal interests and, even if they did, the parties' common interest was in furthering the crime of trade secret theft such that the crime-fraud exception applies. This is the sum total and substance of Waymo's argument with regard to the applicability of the common interest doctrine in its opening brief. (Mot. 10-14.) In its reply brief, Waymo now argues that Defendants and Mr. Levandowski lack a common legal interest as evidenced by "the way in which the litigation against Waymo has actually unfolded." (Reply 6-7.) Defendants should be permitted to respond substantively to this new argument.

  Second, Waymo argued in its opening brief that the crime-fraud exception applies because the privileged communications furthered the alleged crime of trade secret theft. (Mot.



13).  In support of this argument, Waymo cited Cal. Penal Code 499c.  (*Id.*)  In its reply brief, however, Waymo argued that two new predicate crimes—obstruction of justice and receipt of stolen property in violation of Cal. Penal Code 496—could be sufficient predicate crimes to invoke the crime-fraud exception.  (Reply Br. 10; n.7.)  These arguments could and should have been raised in Waymo's opening brief but were not.

For the foregoing reasons, Uber and Ottomotto request the opportunity to file a sur-reply brief in further opposition to Waymo's Motion to Compel the Due Diligence Report.

Sincerely,

*/s/ Karen L. Dunn*

Karen L. Dunn
Counsel for Uber Technologies, Inc. and Ottomotto LLC