# EXHIBIT 1

# FILED UNDER SEAL

# Patrick Schmidt

| | |
|---|---|
| **From:** | Martha Goodman <MGoodman@BSFLLP.com> |
| **Sent:** | Wednesday, May 17, 2017 12:06 PM |
| **To:** | Patrick Schmidt; QE-Waymo; BSF_EXTERNAL_UberWaymoLit; Brett Schuman (BSchuman@goodwinlaw.com); Neel Chatterjee (nchatterjee@goodwinlaw.com); Rachel Walsh (RWalsh@goodwinlaw.com); UberWaymoMoFoAttorneys |
| **Cc:** | John Cooper |
| **Subject:** | RE: Waymo v. Uber: Surreply on Motion to Compel Production of Due Diligence Report |
| **Attachments:** | SEALED 2017-05-16 [0445] Waymo's Reply ISO MTC Production of Withheld Docs.pdf; 2017-05-01 [0321] Waymo's MTC Production of Withheld Docs.pdf |

Patrick and Special Master Cooper,

Uber respectfully disagrees that your opening brief addressed the specific and discrete issues on which Uber seeks a sur-reply.

First, Waymo's opening brief argued that defendants and Messrs. Levandowski and Ron didn't share a common legal interest because parties to a potential merger do not share common legal interests.  This is the sum and substance of Waymo's argument on pp. 10-12 of the opening brief.  On pp. 12-14, Waymo argued the parties have a common interest in furthering the crime of trade secret theft.  Neither of these arguments raise the new one brought in reply, that the defendants and Mr. Levandowski lack a common legal interest as evidenced by "the way in which the litigation against Waymo has actually unfolded."  Reply br. at 6.  None of the "evidence" you cite for the way in which the litigation has unfolded has anything to do with the documents produced after Defendants filed their opposition brief and pre-dates the filing of your opening brief.

Second, Waymo argued in its opening brief that the crime fraud exception applies because the alleged crime furthered by the privileged communications was trade secret theft.  Waymo cited Cal. Penal Code 499c for this proposition.  Opening Br. at 13.  On reply, you add two new predicate crimes:  obstruction of justice and a citation to Cal. Penal Code 496.  Reply Br. at 10; n.7.  These arguments could have been raised in your opening brief and were not.

In the interest of efficiently resolving this dispute, I've attached for the Special Master Waymo's opening and reply briefs for his review.

Special Master Cooper: Uber requests the opportunity to confer with you today and if, despite your guidance, the parties are unable to reach agreement, Uber requests the opportunity to submit a two-page letter brief to Judge Corley seeking a sur-reply.


**Martha L. Goodman**
Associate

**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC 20005
(t) +1 202 237 9616
mgoodman@bsfllp.com
www.bsfllp.com

---

**From:** Patrick Schmidt [mailto:patrickschmidt@quinnemanuel.com]
**Sent:** Wednesday, May 17, 2017 1:40 PM
**To:** Martha Goodman; QE-Waymo; BSF_EXTERNAL_UberWaymoLit; Brett Schuman (BSchuman@goodwinlaw.com); Neel

Chatterjee (nchatterjee@goodwinlaw.com); Rachel Walsh (RWalsh@goodwinlaw.com); UberWaymoMoFoAttorneys
**Cc:** John Cooper
**Subject:** RE: Waymo v. Uber: Surreply on Motion to Compel Production of Due Diligence Report

Martha—

We disagree that the portions of our Reply that you note below were improper.  These arguments were either raised in the Opening Brief, or raised on Reply in response to the newly produced evidence.  My specific comments are below.

--Re the parties' common legal interest, as evidenced by the way this litigation has unfolded (pp. 6-7);

In our Opening Brief, we raised Defendant's failure to demonstrate a common legal interest between the recipients of the disputed documents (Opening Br. pp. 10-12).  We also argued that actions in the litigation, including Mr. Levandowski's assertion of the Fifth Amendment, made clear that there was no proper common legal interest because these actions demonstrated that the only conceivable shared interest between the Defendants was to conceal or perpetuate a crime. (Opening Br. pp. 12-14.)  The arguments you note from the Reply are fairly within the scope of these arguments from the Opening Brief.

Your declarations and recent productions of documents have further made clear the extent to which Mr. Levandowski and Uber had conflicting legal interests at the time of the disputed communications.  For example, we now know that Uber was aware all along ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for the purpose of closing a business transaction and *not* for the purpose of formulating legal strategy.  All of this material evidence was improperly withheld from us at the time we filed our Opening Brief.  And all of this material evidence makes clear that the conflicting interests of at least Uber and Mr. Levandowski that have played out here were readily ascertainable as early as February 2016.

--Re predicate crimes to establish applicability of crime-fraud exception (pp. 10-11).

In our Opening Brief we argued that "[t]here is also substantial evidence that the withheld due diligence report is related to and in furtherance of ***at least concealing*** that trade secret theft." (Opening Br. at 14 (emphasis added).)  That is exactly what we argue in our Reply. (Reply at p. 10.)  In your Opposition, you simply ignored the possibility that a "concealment" crime had taken place.  You also accused us of relying on "mere speculation" of ongoing criminal activity, even though you were withholding the evidence that now demonstrates ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Now that we have had an equal opportunity to review the underlying evidence, we have simply articulated our allegations of crime with additional specificity.

For these reasons, we maintain our objection to Defendants submitting any Sur-reply.


**Patrick Schmidt**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3191 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
patrickschmidt@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Martha Goodman [mailto:MGoodman@BSFLLP.com]
**Sent:** Tuesday, May 16, 2017 5:52 PM
**To:** Patrick Schmidt <patrickschmidt@quinnemanuel.com>; QE-Waymo <qewaymo@quinnemanuel.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; Brett Schuman (BSchuman@goodwinlaw.com) <BSchuman@goodwinlaw.com>; Neel Chatterjee (nchatterjee@goodwinlaw.com) <nchatterjee@goodwinlaw.com>; Rachel Walsh (RWalsh@goodwinlaw.com) <RWalsh@goodwinlaw.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>
**Cc:** John Cooper <JCooper@fbm.com>
**Subject:** Re: Waymo v. Uber: Surreply on Motion to Compel Production of Due Diligence Report

Patrick,
Waymo makes the following new arguments that should have been raised in your opening brief:
--Re the parties' common legal interest, as evidenced by the way this litigation has unfolded (pp. 6-7);
--Re predicate crimes to establish applicability of crime-fraud exception (pp. 10-11).

These arguments do not bear on the acquisition documents. Since your stated position is that Waymo will not stipulate to a "surreply that allows Defendants to address the acquisition documents that Defendants could have submitted with the Opposition," I trust that our surreply responding to the arguments set forth above should not be a problem for Waymo, and also shouldn't require a sur-sur-reply from Waymo, as you seem to suggest.

Once you confirm agreement, Uber will draft a stipulation for your sign-off.

Martha L. Goodman
Associate


BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
(t) +1 202 237 9616
(m) +1 315 269 4061
mgoodman@bsfllp.com<mailto:mgoodman@bsfllp.com>
www.bsfllp.com<http://www.bsfllp.com/>

From: Patrick Schmidt <patrickschmidt@quinnemanuel.com<mailto:patrickschmidt@quinnemanuel.com>>
Date: Tuesday, May 16, 2017 at 7:35 PM
To: Martha Goodman <mgoodman@bsfllp.com<mailto:mgoodman@bsfllp.com>>, QE-Waymo <qewaymo@quinnemanuel.com<mailto:qewaymo@quinnemanuel.com>>, BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com<mailto:BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>>, "Brett Schuman (BSchuman@goodwinlaw.com<mailto:BSchuman@goodwinlaw.com>)" <BSchuman@goodwinlaw.com<mailto:BSchuman@goodwinlaw.com>>, "Neel Chatterjee (nchatterjee@goodwinlaw.com<mailto:nchatterjee@goodwinlaw.com>)" <nchatterjee@goodwinlaw.com<mailto:nchatterjee@goodwinlaw.com>>, "Rachel Walsh (RWalsh@goodwinlaw.com<mailto:RWalsh@goodwinlaw.com>)" <RWalsh@goodwinlaw.com<mailto:RWalsh@goodwinlaw.com>>, UberWaymoMoFoAttorneys

<UberWaymoMoFoAttorneys@mofo.com<mailto:UberWaymoMoFoAttorneys@mofo.com>>
Cc: John Cooper <JCooper@fbm.com<mailto:JCooper@fbm.com>>
Subject: RE: Waymo v. Uber: Surreply on Motion to Compel Production of Due Diligence Report

Martha,

Can you please identify specifically (by page and line number) the arguments that you believe are outside the evidentiary record?

To the extent you are referencing our arguments relating to the recently produced acquisition documents, we do not believe that Defendants are entitled to a Sur-reply to respond. Defendants chose not to make those documents part of the evidentiary record, opting instead to rely on vague references to such documents in the supporting Declarations. The referenced documents (which should have been produced long ago in response to our RFPs) were then withheld from us until just days before we filed our Reply and even then contained improper redactions. This has prejudiced Waymo and cannot form a basis for a Sur-reply. Notably, Defendants followed this same pattern before in its PI briefing, seeking to justify additional filings based on supposedly "new" arguments about documents and information that Defendants improperly withheld and/or provided in an untimely manner.

Therefore, we will not stipulate to any Sur-reply that allows Defendants to address the acquisition documents that Defendants could have submitted with the Opposition. If the Magistrate Judge is inclined to grant a Sur-reply, we will request that it be submitted sufficiently in advance of the May 25th hearing to allow us an opportunity to respond.


Patrick Schmidt
Associate
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3191 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
patrickschmidt@quinnemanuel.com<mailto:patrickschmidt@quinnemanuel.com>
www.quinnemanuel.com<http://www.quinnemanuel.com>
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


From: Martha Goodman [mailto:MGoodman@BSFLLP.com]
Sent: Tuesday, May 16, 2017 1:58 PM
To: QE-Waymo <qewaymo@quinnemanuel.com<mailto:qewaymo@quinnemanuel.com>>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com<mailto:BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>>; Brett Schuman (BSchuman@goodwinlaw.com<mailto:BSchuman@goodwinlaw.com>)

<BSchuman@goodwinlaw.com<mailto:BSchuman@goodwinlaw.com>>; Neel Chatterjee (nchatterjee@goodwinlaw.com<mailto:nchatterjee@goodwinlaw.com>) <nchatterjee@goodwinlaw.com<mailto:nchatterjee@goodwinlaw.com>>; Rachel Walsh (RWalsh@goodwinlaw.com<mailto:RWalsh@goodwinlaw.com>) <RWalsh@goodwinlaw.com<mailto:RWalsh@goodwinlaw.com>>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com<mailto:UberWaymoMoFoAttorneys@mofo.com>>
Cc: John Cooper <JCooper@fbm.com<mailto:JCooper@fbm.com>>
Subject: Waymo v. Uber: Surreply on Motion to Compel Production of Due Diligence Report

Melissa,
Waymo's reply brief raises new arguments that are not based on the evidentiary record submitted with Uber's opposition. Per the parties' discussion with Judge Corley (May 11, 2017 Transcript at 11-13), Uber would like to file a surreply of no more than 4 pages by Monday May 22 COB. Will Waymo stipulate to that surreply and deadline? Please let us know by 5 pm pacific today so that we can promptly address our request with Special Master Cooper.

Martha L. Goodman
Associate


BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
(t) +1 202 237 9616
mgoodman@bsfllp.com<mailto:mgoodman@bsfllp.com>
www.bsfllp.com<http://www.bsfllp.com/>


_____
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]


_____
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any

dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]