1 John L. Cooper (State Bar No. 050324)
jcooper@fbm.com
2 Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
3 San Francisco, California 94104
Telephone: (415) 954-4400
4 Facsimile: (415) 954-4480

5 Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC., *et al.*,<br><br>　　　　Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**[PROPOSED] ORDER RE: SPECIAL MASTER'S MONITORING AND VERIFICATION PROTOCOL** |

Pursuant to the Court's May 11, 2017 Order (ECF No. 426), Special Master John Cooper submits this Proposed Order setting forth the protocol by which the Special Master will monitor and verify the compliance of Defendants Uber Technologies, Inc., Ottomotto, LLC, and Otto Trucking, LLC (collectively "Defendants") with the Court's May 11, 2017 Order.

The Special Master has conferred with the parties, who have tendered proposed protocols and have stated their concerns and suggestions. The Special Master has taken these responses into consideration and tenders the following protocol for the Court's consideration:

//
//
//
//
//

[Proposed] Order re: Special Master's
Monitoring and Verification Protocol
Case No. 3:17-cv-00939-WHA

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

34390\5968302.1

## I. SPECIAL MASTER'S *EX PARTE* COMMUNICATIONS WITH DEFENDANTS

Paragraph 7 of the May 11, 2017 Order (the "May 11 Order" or the "Order") provides in part:

> Defendants shall keep complete and accurate records of their compliance with all of the foregoing requirements, including directives given to Anthony Levandowski and others. The special master shall monitor and verify said compliance.

The Court has previously ordered that the Special Master "shall not engage in substantive ex parte communications with the Court or with the Parties except as ordered by the Court or as agreed by the parties." ECF No. 235 at 2.

The parties have agreed, and the Court likewise finds, that Special Master must engage in limited *ex parte* substantive communications with Defendants, including their officers and employees, in order to monitor and verify their compliance with the May 11 Order. Accordingly, it is hereby ordered that Special Master and his assistants may unilaterally interview Defendants and their employees and may engage with Defendants' counsel to review and analyze Defendants' efforts to comply with the Order.

Special Master and his assistants shall have immediate and constant access to the records of compliance the Court has ordered Defendants to compile. If the Special Master determines that Defendants' efforts to comply with the May 11 Order are inadequate in any way, he will have the authority to confer with all parties about his initial determinations and request immediate correction of any identified deficiencies. Any refusal by Defendants to bring their conduct or records into conformance with the Special Master's comments shall be reported to the Court.

As part of his discussions with the parties about Defendants' compliance with the May 11 Order, the Special Master will have the discretion to share with Waymo any information or documents that Defendants provide the Special Master pursuant to this Proposed Order and/or the May 11 Order. The Special Master shall not share such information or documents with Waymo until he first notifies Defendants of his intent to do so and allows Defendants reasonable time, not to exceed 24 hours, to determine whether to take any action with the Court to prevent the disclosure to Waymo or to make any confidentiality designations to the information under the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[Proposed] Order re: Special Master's Monitoring and Verification Protocol
Case No. 3:17-cv-00939-WHA

2

34390\5968302.1

protective order applicable to this case. For the purposes of this Proposed Order, the foregoing shall be referred to the "Disclosure Protocol."

## II. PROHIBITION ON THE USE OF THE "DOWNLOADED MATERIALS" AND THEIR RETURN TO WAYMO

The Court has ordered Defendants to prevent Anthony Levandowksi and "all other officers, directors, employees, and agents of" Defendants from using the downloaded materials in any way (excepting their use by Defendants' counsel and experts "in defending this civil action." See ECF No. 426 at 23. The Court further ordered Defendants to require Mr. Levandowksi and "all other officers, directors, employees, and agents of" Defendants to return the downloaded materials to Waymo or the Court by noon on **May 31, 2017**. See id.

The Special Master's monitoring and verification of Defendants' compliance with this portion of the May 11 Order requires that:

- Defendants shall immediately and continuously provide the Special Master the writings and communications Defendants are required to make to carry out this provision.
- On Monday, May 22, 2017, at 2 p.m. and every 48 hours thereafter, Defendants shall submit to the Special Master a detailed summary of all of Defendants' efforts to comply with these requirements.
- Upon his request to Defendants, Defendants shall immediately make their facilities available to the Special Master as per the May 11 Order, if deemed necessary to determine whether Defendants have complied with the Order.
- If the Special Master determines that he must interview any of Defendants' employees or agents in order to verify Defendants' compliance with this provision of the May 11 Order, Defendants shall, within 48 hours of the Special Master's request, make the individual(s) available to the Special Master for an interview.
- Subject to the Disclosure Protocol, the Special Master shall have the discretion to share with Plaintiff the records of compliance submitted by Defendants and the Special Master's findings from any visit of Defendants' facilities.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[Proposed] Order re: Special Master's Monitoring and Verification Protocol
Case No. 3:17-cv-00939-WHA

3

34390\5968302.1

- Defendants shall immediately rectify any deficiencies the Special Master identifies in Defendants' compliance with the May 11 Order. The Special Master shall report to the Court any refusal by Defendants to do so.

## III. REMOVAL OF ANTHONY LEVANDOWKSI FROM DEFENDANTS' LIDAR-RELATED ACTIVITIES

The Court has ordered Defendants to remove Mr. Levandowski "from any role or responsibility pertaining to LiDAR" and to "take all steps in their power to prevent him from having any communication on the subject of LiDAR with any officer, director, employee, agent, supplier, consultant, or customer of defendants." See ECF No. 426 at 23. Defendants further must prohibit Mr. Levandowksi "from consulting, copying, or otherwise using the downloaded materials in any way." Id. For simplicity's sake, this protocol and Proposed Order refers to these requirements as the "Levandowski Prohibitions." Finally, Defendants must "instruct all their officers, directors, employees, agents, suppliers, consultants, and customers in writing" of the Levandowski Prohibitions and that the "officers, directors, employees, agents, suppliers, consultants, and customers" must notify the Special Master or the Court immediately of any suspected breach of the Levandowski Prohibitions.

The parties agree that Defendants need not notify all users of Uber's mobile application and/or other individuals who have no relation to the technology at issue in this case. Pursuant to the agreement of the parties, the Special Master envisions that Defendants will satisfy the May 11 Order's requirement to notify certain groups of individuals about the Levandowski Prohibitions if they instruct (1) all of Defendants' officers, directors, and employees; (2) anyone who acts in any way on Defendants' behalves with respect to any LiDAR-related activities; (3) any people or entities who supply any products or services related in any way to the development, research, or use of LiDAR or self-driving automobiles; and (4) any people or entities who purchase or otherwise obtain from Defendants any products or services related in any way to LiDAR or self-driving automobiles.

//

//

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[Proposed] Order re: Special Master's Monitoring and Verification Protocol
Case No. 3:17-cv-00939-WHA

4

34390\5968302.1

The Special Master's monitoring and verification of Defendants' compliance with this portion of the May 11 Order, construed as discussed above, requires that:

- Defendants shall immediately and continuously provide the Special Master the records of compliance required by the May 11 Order.
- Upon his request to Defendants, Defendants shall immediately make their facilities available to the Special Master as per the May 11 Order, if deemed necessary to determine whether Defendants have complied with this Order.
- If the Special Master determines that he must interview any of Defendants' employees or agents in order to verify Defendants' compliance with this provision of the May 11 Order, Defendants shall, within 48 hours of the Special Master's request, make the individual(s) available to the Special Master for an interview.
- Subject to the Disclosure Protocol, the Special Master shall have the discretion to share with Plaintiff the records of compliance submitted by Defendants and the Special Master's findings from any visit of Defendants' facilities.
- Defendants shall immediately rectify any deficiencies the Special Master identifies in Defendants' compliance with the Order. The Special Master shall report to the Court any refusal by Defendants to do so.

## IV. DEFENDANTS' DETAILED ACCOUNTING

The Court has ordered Defendants to undertake a "thorough investigation [into] and provide a detailed accounting under oath" of "every person who has seen or heard any part of any downloaded materials, what they saw or heard, when they saw or heard it, and for what purpose." ECF No. 426 at 24. The accounting, as further described in the May 11 Order, must be filed by noon on **June 23, 2017**. Id.

The Special Master's monitoring and verification of Defendants' compliance with this portion of the Order requires that:

- Defendants shall continuously provide the Special Master a roster of the individuals Defendants have interviewed and will interview Defendants are required to make to carry out this provision.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[Proposed] Order re: Special Master's Monitoring and Verification Protocol
Case No. 3:17-cv-00939-WHA

5

34390\5968302.1

- On Monday, May 22, 2017, at 2 p.m. and every 48 hours thereafter, Defendants shall submit to the Special Master a detailed summary of all Defendants' efforts to comply with these requirements.
- Upon his request to Defendants, Defendants shall immediately make their facilities available to the Special Master, as per the Order, if deemed necessary to determine whether Defendants have complied with this Order.
- If the Special Master determines that he must interview any of Defendants' employees or agents in order to verify Defendants' compliance with this provision of the May 11 Order, Defendants shall, within 48 hours of the Special Master's request, make the individual(s) available to the Special Master for an interview.
- Subject to the Disclosure Protocol, the Special Master shall have the discretion to share with Plaintiff the records of compliance submitted by Defendants and the Special Master's findings from any visit of Defendants' facilities.
- Defendants shall immediately rectify any deficiencies the Special Master identifies in Defendants' compliance with the Order. The Special Master shall report to the Court any refusal by Defendants to do so.

## V. DEFENDANTS' LOG OF MR. LEVANDOWSKI'S COMMUNICATIONS REGARDING LIDAR

Finally, the Court has ordered Defendants to compile and serve on Plaintiff a log "of all oral and written communications . . . wherein Anthony Levandowksi mentioned LiDAR to any officer, director, employee, agent, supplier, or consultant of defendants." ECF No. 426 at 25. The chronological account, here called the "Levandowski Log," must be served on Plaintiff by noon on **June 23, 2017**. Id.

The Special Master's monitoring and verification of Defendants' compliance with this portion of the Order requires that:

- On May 22, 2017, and every Monday thereafter until service of the Levandowski Log, Defendants shall submit to the Special Master a detailed summary of all Defendants'
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[Proposed] Order re: Special Master's Monitoring and Verification Protocol
Case No. 3:17-cv-00939-WHA

6

34390\5968302.1

efforts to comply with these requirements and the chronology as it exists at the time of the update to the Special Master.

- If the Special Master determines that he must interview any of Defendants' employees or agents in order to verify Defendants' compliance with this provision of the May 11 Order, Defendants shall, within 48 hours of the Special Master's request, make the individual(s) available to the Special Master for an interview.
- Subject to the Disclosure Protocol, the Special Master shall have the discretion to share with Plaintiff the records of compliance submitted by Defendants and the Special Master's findings from any visit of Defendants' facilities.
- Defendants shall immediately rectify any deficiencies the Special Master identifies in Defendants' compliance with the Order. The Special Master shall report to the Court any refusal by Defendants to do so.

DATED: May 17, 2017

*/s/ John L. Cooper*
Special Master
John L. Cooper

**IT IS SO ORDERED.**

DATED: May ___, 2017

HON. WILLIAM ALSUP
UNITED STATES DISTRICT COURT JUDGE

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[Proposed] Order re: Special Master's
Monitoring and Verification Protocol
Case No. 3:17-cv-00939-WHA

7

34390\5968302.1