MILES EHRLICH (Bar No. 237954)
miles@ramsey-ehrlich.com
ISMAIL RAMSEY (Bar No. 189820)
izzy@ramsey-ehrlich.com
AMY CRAIG (Bar No. 269339)
amy@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

Attorneys for Non-Party Anthony Levandowski

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC., *et al.*,<br><br>        Defendants. | Case No.: 3:17-cv-00939-WHA<br><br>**NON-PARTY ANTHONY LEVANDOWSKI'S NOTICE OF MOTION; MOTION FOR INTERVENTION UNDER RULE 24 AND MODIFICATION OF ORDER GRANTING IN PART AND DENYING IN PART PROVISIONAL RELIEF; MMEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  To be set by the Court<br>Time:  To be set by the Court<br>Place:  Courtroom 8, 19th Floor<br>Judge:  The Honorable William H. Alsup |

<u>**NOTICE OF MOTION AND MOTION FOR INTERVENTION AND MODIFICATION**</u>

<u>**OF COURT'S MAY 11, 2017, ORDER GRANTING PROVISIONAL RELIEF**</u>

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

      PLEASE TAKE NOTICE that, on at a date and time selected by this Court in the

courtroom of the Honorable William H. Alsup, San Francisco Courthouse, Courtroom 8, 19th

Floor, 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, non-party

Anthony Levandowski will move and hereby does bring a motion for intervention for the limited purpose of requesting a modification of the Court's May 11, 2017 Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief (Docket No. 433).  Specifically, Mr. Levandowski requests modifications to paragraphs 2(b), 4, and 5 under "Scope of Relief Granted," to the extent they seek to compel Mr. Levandowski to waive his Fifth Amendment, attorney-client privilege, work product protection, and common interest privilege.  This motion is brought pursuant to Federal Rule of Civil Procedure 24 and the Fifth Amendment to the U.S. Constitution.

This motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities in support thereof; the records, pleadings, and documents on file in this action; and such further and additional evidence and argument as may be presented at or before the time of the hearing on this motion.

Date:    May 18, 2017                          Respectfully submitted,


                                               /s/ Ismail J. Ramsey
                                               Miles Ehrlich
                                               Ismail Ramsey
                                               Amy Craig
                                               Ramsey & Ehrlich
                                               *Counsel for Non-Party*
                                               *Anthony Levandowski*

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................................. 1

II.    FACTUAL BACKGROUND .............................................................................. 3

III.   MOTION TO INTERVENE............................................................................... 6

  A.   Intervention as of Right ............................................................................ 6

  B.   Permissive Intervention ............................................................................ 8

IV.    THE COURT MUST MODIFY ITS ORDER TO AVOID VIOLATING MR.
       LEVANDOWSKI'S FIFTH AMENDMENT RIGHTS...................................... 9

  A.   Supreme Court Precedent Prohibits the Government from Attempting to Overcome an
       Individual's Fifth Amendment Privilege by Threatening to Fire Him ............................. 10

  B.   The Court's Order That Uber Must Threaten Mr. Levandowski with Termination — and
       Its Subsequent Execution by Uber — is Unconstitutional Government Action................ 11

  C.   The Court Should Modify its Order........................................................................ 16

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

1

## <u>TABLE OF AUTHORITIES</u>

2

CASES

3

*American Tel. & Tel.*, 642 F.2d at 1292 ...................................................................... 8

4

*Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) .................................................. 15

5

*Blum v. Yaretsky*, 457 U.S. 991 (1982) ...................................................................... 12

6

*Convertino v. United States DOJ*, 674 F. Supp. 2d 97 (D.D.C. 2009) ........................ 8

7

*Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258 (9th Cir. 2000) ......................... 3

8

*Fisher v. United States*, 425 U.S. 391 (1975) .............................................................. 7

9

*Garrity v. State of New Jersey*, 385 U.S. 493 (1967) ............................... 1, 9, 10, 11, 15

10

*Hoffman v. United States*, 341 U.S. 479 (1951) ......................................................... 10

11

*In re Grand Jury Proceedings*, 735 F.2d 1330 (11th Cir. 1984) ............................... 7, 8

12

*In re Grand Jury Subpoena (Newparent, Inc.)*, 274 F.3d 563 (1st Cir. 2001) .............. 7

13

*In re Katz*, 623 F.2d 122 (2nd Cir. 1980) ................................................................. 7, 8

14

*Johnson v. Knowles*, 113 F.3d 1114 (9th Cir. 1997) ................................................. 12

15

*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094 (9th Cir. 2002) .......................... 8

16

*Lefkowitz v. Cunningham*, 431 U.S. 801 (1977) ........................................................ 11

17

*Luna v. Massachusetts*, 354 F.3d 108 (1st Cir. 2004) ............................................... 11

18

*Malloy v. Hogan*, 378 U.S. 1 (1964) ......................................................................... 10

19

*Minnesota v. Murphy*, 465 U.S. 420 (1984) .............................................................. 11

20

*Peterson v. City of Greenville*, 373 U.S. 244 (1963) ................................................. 12

21

*Quinn v. United States*, 349 U.S. 155 (1955) ............................................................ 10

22

*Sackman v. Liggett Group*, 167 F.R.D. 6 (E.D.N.Y. 1996) ...................................... 7, 8

23

*Simmons v. United States*, 390 U.S. 377 (1968) ........................................................ 15

24

*Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ......... 6, 7

25

*Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987) .......................... 9

26

*Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826 (9th Cir. 1999) ................. 12

27

*Uniformed Sanitation Men Ass'n v. Comm'r of Sanitation*, 392 U.S. 280 (1968) ....... 11

28

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

*United States v. Bright*, 596 F.3d 683 (9th Cir. 2010) .................................................... 10

*United States v. Goodpaster*, 65 F. Supp. 3rd 1016 (D. Or. 2014) .............................. 11

*United States v. Oregon*, 745 F.2d 550 (9th Cir. 1984) ................................................ 6

*United States v. Sideman & Bancroft, LLP*, 704 F.3d 1197 (9th Cir. 2013) .............................. 15

*United States v. Stein*, 541 F.3d 130 (2nd Cir. 2008) ........................................... 12, 14

*Waller v. Financial Corp. of Am.*, 828 F.2d 579 (9th Cir. 1987)................................. 7

## STATUTES

18 U.S.C. § 1832.................................................................................................... 3

U.S. CONST. art. III § 1 ........................................................................................ 11

## RULES

Federal Practice and Procedure § 1911, 357 (2d ed. 1986) ........................................ 8

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

**MOTION FOR INTERVENTION AND MODIFICATION OF MAY 11, 2017 ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROVISIONAL RELIEF**

**I.      INTRODUCTION**

The bite of the Court's May 11, 2017 Preliminary Injunction Order, as it relates to non-party Anthony Levandowski, can be summarized quite simply:

*Waive your Fifth Amendment rights . . . or I will have you fired.*

*The choice is yours, Mr. Levandowski.*

But, even when framed as a "choice," this command runs counter to nearly a half century of United States Supreme Court precedent, beginning with *Garrity v. State of New Jersey*, 385 U.S. 493 (1967), in which the Court held that the Fifth Amendment forbids a government entity from threatening an individual with the choice "between self-incrimination and job forfeiture." *Id*. at 497, 500.  As the Supreme Court observed in *Garrity*, the "option to lose [one's] means of livelihood or pay the penalty of self-incrimination is the antithesis of free choice to speak out or to remain silent." *Id*. at 497.  As the Supreme Court made clear, whenever a state actor imposes this choice between "the rock and the whirlpool," it engages in unlawful constitutional *compulsion*, which, among other things, operates to immunize any resulting testimonial statements. *Id.* at 496.

As this litigation has proceeded, Mr. Levandowski has consistently asserted his Fifth Amendment privilege to avoid being forced to answer questions or produce documents relating to any materials he allegedly misappropriated from Waymo.  *See, e.g.,* Docket Nos. 131, 147, 169, 230, 244, and 382.  Yet, on the same day that the Court formally referred this matter to the United States Attorney's Office "for investigation of possible theft of trade secrets" (Docket No. 428), the Court, in its May 11, 2017 Order, expressly mandated that Uber, Mr. Levandowski's employer, "exercise the ***full extent*** of [its] corporate, employment, contractual, and other authority" to cause Mr. Levandowski to "return" allegedly "downloaded materials" to

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

Waymo.  Docket No. 433 at 22-23 (emphasis added). The Court further ordered that Uber employ "the **full extent** of [its] authority and influence to obtain cooperation" from Mr. Levandowski with respect to a procedure to determine "every person who has seen or heard any part of any downloaded materials, what they saw or heard, when they saw or heard it, and for what purpose." *Id*. at 24 (emphasis added).

The Court's order, as written, leaves little room for interpretation. Anything short of firing Mr. Levandowski to get him to waive his Fifth Amendment rights and attorney-client privileges[1] would put Uber at risk of contempt, since it would fail to measure up to the Court's command that Uber exercise ***every*** lawful power it has over Mr. Levandowski.  Indeed, the Court goes so far as to warn that, "[i]n complying with this order, *Uber has no excuse under the Fifth Amendment to pull any punches as to Levandowski." Id*. at 23 n.9 (emphasis added). Unsurprisingly, despite the fact that Uber had previously accorded respect to Mr. Levandowski's legal rights, the company has now heeded this Court's direct and unambiguous command by threatening Mr. Levandowski with termination unless he relinquishes his Fifth Amendment rights and claims of attorney-client privilege.  *See* Yoo Letter to Levandowski, Ramsey Declaration Exh. A (received May 16, 2017).

This Court is, unquestionably, a state actor.  It acts through its power to compel private parties, such as Mr. Levandowski's employer, in cases over which it presides.  When a court orders an employer to do *everything in its power* to force an employee to speak, cooperate, and discard his Fifth Amendment rights, the threat of termination is not the mere discretionary choice of a private employer.  It is an act by the judicial branch of our federal government compelling an individual to choose between preserving his livelihood and preserving his constitutional rights.  Nearly fifty years of Supreme Court precedent forbid the government from putting an individual to such an unconstitutionally coercive choice.

---

[1] Throughout this brief, reference to "attorney-client privileges" is used a shorthand reference to attorney-client privilege, joint defense/common interest privilege, and work product protection.

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

In an effort to remedy this situation, and avoid the consequences of any further constitutional compulsion, Mr. Levandowski respectfully moves this Court to (a) permit him to intervene to protect his constitutional rights and attorney-client privilege, and (b) modify the May 11, 2017 Order Granting in Part and Denying In Part Plaintiff's Motion for Provisional Relief ("Preliminary Injunction Order") to make clear that the Court is not ordering Uber to terminate Mr. Levandowski or otherwise take adverse employment action to coerce him to waive his Fifth Amendment rights and attorney-client privileges.

## II.    FACTUAL BACKGROUND

Waymo's complaint alleges that Mr. Levandowski was involved in "steal[ing]" and "misappropriat[ing]" intellectual property.  *See, e.g.,* Docket No. 23 ¶¶ 10, 11 & p. 11 § IV.D. These claims conjure the threat of criminal sanction under 18 U.S.C. § 1832 or other similar federal or state statutes.  And, indeed on May 11, 2017, the Court formally referred this case to the United States Attorney's Office "for investigation of possible theft of trade secrets."  Docket No. 428.  Mr. Levandowski is faced with a clear "possibility[ ] of prosecution," and his Fifth Amendment privilege against self-incrimination is implicated.  *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000).

As reflected in the transcripts and pleadings listed below, Mr. Levandowski has consistently and repeatedly asserted his Fifth Amendment privilege to refuse to provide potentially incriminating materials or statements in connection with this litigation:

- March 29, 2017: Case Management Conference before Judge Alsup, Transcript (Docket No. 131) at 5:14-6:18, 9:16-10:1, 10:16-19 24:22-25:21, 26:18-27:2, 38:7-39:4.

- April 4, 2017: Non-Party Anthony Levandowski's Motion for Modification of Court's Order Dated March 16, 2017 (Docket No. 147).

- April 6, 2017: Hearing before Judge Alsup on Motion for Modification of Court's Order and Motion to Intervene, Transcript (Docket No. 169) at 4:21-6:21.

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

- April 12, 2017: Hearing before Judge Alsup, Transcript (Docket No. 230) at 78:3-81:9.

- April 13, 2017: Intervenor-Appellant Anthony Levendowski's Emergency Motion to Stay Pending Resolution of Appeal (USCA Case No. 17-1904 Federal Circuit, Docket No. 2).

- April 14, 2017: Intervenor-Appellant Anthony Levendowski's Reply In Support of Emergency Motion to Stay Pending Resolution of Appeal (USCA Case No. 17-1904 Federal Circuit, Docket No. 8).

- April 14, 2017: Deposition of Anthony Levandowski.

- April 19, 2017: Levandowski's Fifth Amendment Submission (publicly filed) (Docket No. 244).

- May 11, 2017: Levandowski's Request for Leave to File *In Camera* Submission in Support of Opposition to Waymo's Motion to Compel (Docket No. 382).

Throughout this litigation, Mr. Levandowski has remained an employee of Uber, and Uber has not previously threatened to terminate him based on his decision to preserve his constitutional rights or attorney-client privileges.  *See* May 15, 2017 Letter from Salle Yoo to Anthony Levandowski, Ramsey Declaration, Exh. A.[2]  To the contrary, Uber has respected Mr. Levandowski's rights and privileges.  *Id.* at 3.

On May 11, 2017, the Court granted in part and denied in part Waymo's motion for provisional relief.  Docket No. 433.  This Court concluded that Mr. Levandowski's invocation of his right against self-incrimination had concealed evidence from Waymo and this Court:

> Levandowski has broadly asserted his Fifth Amendment privilege. And troves of likely probative evidence have been concealed from Waymo under relentless assertions of privilege that shroud dealings between Levandowski and defendants in secrecy.

*Id.* at 18-19.  The Court therefore ordered Uber to "exercise the full extent of [its] corporate, employment, contractual, and other authority" to cause Mr. Levandowski to "return" allegedly "downloaded materials" to Waymo LLC.  *Id.* at 22-23.  The Court further mandated that Uber

---

[2] Ms. Yoo's letter is dated May 15, 2017, but was not delivered to counsel for Mr. Levandowski until May 16, 2017.  Ramsey Decl. ¶ 2.

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

1   employ "the full extent of [its] authority and influence to obtain cooperation" from Mr.

2   Levandowski (among others) in a procedure to determine and "set[ ] forth every person who has

3   seen or heard any part of any downloaded materials, what they saw or heard, when they saw or

4   heard it, and for what purpose." *Id*. at 24.  The Court further ordered a "detailed accounting" of

5   communications with Stroz Freidberg as well as Mr. Levandowski's communications with his

6   personal counsel.  *Id.*

7        Uber has now executed on the Court's order.  Two days ago, on May 16, 2017, Uber sent

8   Mr. Levandowski a letter, demanding, *inter alia*, that he waive his Fifth Amendment and

9   attorney-client privileges and provide Uber with (a) written statements about the allegedly

10  downloaded materials and uses to which they may have been put; (b) oral interviews and

11  consultations about the allegedly downloaded materials and the uses to which they may have

12  been put; and (c) the allegedly downloaded materials themselves, for return to Waymo.  Yoo

13  Letter to Levandowski, Ramsey Decl. Exh. A.

14       Uber's letter expressly threatens Mr. Levandowski with termination if he fails to comply

15  with these demands, and it explains Uber's understanding that the Preliminary Injunction Order

16  expressly requires Uber to take such action:

> We understand that this letter requires you to turn over information wherever located, including but not limited to, your personal devices, and to waive any Fifth Amendment protection you may have.  Also, the requirement that your lawyers cooperate with us and turn over information that may be in their possession may invade your attorney-client privilege.  While we have respected your personal liberties, it is our view that the Court's Order requires us to make these demands of you. Footnote 9 of the Order specifically states that "in complying with this order, Uber has no excuse under the Fifth Amendment to pull any punches as to Levandowski."  (Order at 23, no. 9.)  Thus, we must demand that you set these privileges aside and confirm that you will promptly comply with the Court's Order.

> Finally, as you know, your employment at Uber is on an at-will basis.  *See* A. Levandowski Employment Agreement, Aug. 17, 2016 ¶ 5(a) ("August 17, 2016 Employment Agreement").  As a condition of your employment at Uber, you must comply with all of the requirements set forth in this letter.  ***If you do not agree to comply with all of the requirements set forth herein, or if you fail to comply in a material manner, then Uber will take adverse employment action against you, which may include termination of your employment and such termination would be for Cause***.

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

1   Yoo Letter to Levandowski at 3-4 (emphasis in original), Ramsey Decl. Exh. A.

2   **III.   MOTION TO INTERVENE**

3           Mr. Levandowski is not a party to this action.  He therefore moves to intervene to protect

4   his Fifth Amendment and attorney-client privileges and prevent the Court from

5   unconstitutionally forcing him to choose between his privileges and his continued employment.

6           **A.       Intervention as of Right**

7           Federal Rule of Civil Procedure 24(a)(2) provides that a court "must" permit intervention

8   when the applicant "claims an interest relating to the property or transaction that is the subject of

9   the action, and is so situated that disposing of the action may as a practical matter impair or

10  impede the movant's ability to protect its interest, unless existing parties adequately represent

11  that interest."  The Ninth Circuit applies

12
13          > a four-part test under Rule 24(a): (1) the application for intervention must be
            > timely; (2) the applicant must have a 'significantly protectable' interest relating to
            > the property or transaction that is the subject of the action; (3) the applicant must
14          > be so situated that the disposition of the action may, as a practical matter, impair
            > or impede the applicant's ability to protect that interest; and (4) the applicant's
15          > interest must not be adequately represented by the existing parties in the lawsuit.

16
17  *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).  The four-

18  factor test is satisfied in this case.

19          Timeliness:  Mr. Levandowski's motion to intervene is timely.  *See United States v.*

20  *Oregon*, 745 F.2d 550 (9th Cir. 1984) (stating that "the timeliness requirement for intervention as

21  of right should be treated more leniently than for permissive intervention because of the

22  likelihood of more serious harm" and citing cases for the proposition that the timeliness inquiry

23  should be construed favorably to the intervenor).  The Preliminary Injunction Order was filed

24  publicly on May 15, 2017, *see* Docket No. 433, and Uber delivered its letter executing the

25  Court's order the next day, *see* Ramsey Decl. ¶ 2.  The Court's order requires Uber to comply

26  with various provisions by May 31 and June 23, 2017, respectively, Docket No. 433 at 22-26,

27
28
                                                    6

and Uber's letter seeks Mr. Levandowski's compliance with its various demands by May 22 or 24, 2017, Yoo Letter to Levandowski at 3-4, Ramsey Decl. Exh. A.

Protectable Interest:  "[T]he interest test is primarily a practical guide to disposing of lawsuits," and Rule 24(a) should be given a "liberal construction in favor of applications for intervention."  *Waller v. Financial Corp. of Am.*, 828 F.2d 579, 582 (9th Cir. 1987) (quotation marks omitted); *see also Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

Furthermore, Mr. Levandowski's interest in protecting his Fifth Amendment and attorney-client privileges is precisely the type of interest that gives rise to mandatory intervention under Rule 24(a).  Intervention is mandated under the rule when the applicant seeks to protect a privilege.  *See, e.g., In re Grand Jury Subpoena (Newparent, Inc.)*, 274 F.3d 563, 570 (1st Cir. 2001) ("Colorable claims of attorney-client and work product privilege [are] . . . a textbook example of an entitlement to intervention as of right."); *In re Grand Jury Proceedings*, 735 F.2d 1330, 1331 (11th Cir. 1984) (reversing denial of intervention where an applicant sought to intervene to protect his attorney-client privilege); *American Tel. & Tel.*, 642 F.2d at 1292 (finding that protecting the work product privilege is a sufficient interest to mandate intervention); *Sackman v. Liggett Group*, 167 F.R.D. 6, 20-21 (E.D.N.Y. 1996) (granting intervention by applicants who sought to protect a joint-defense privilege).  That rule applies with equal force in situations in which the applicant, like Mr. Levandowski, seeks to protect his Fifth Amendment privilege against self-incrimination.  *See In re Katz*, 623 F.2d 122, 125-26 (2nd Cir. 1980) (reversing the denial of intervention in a case in which the applicant's attorney had received a grand jury subpoena, and the applicant sought to assert pursuant to *Fisher v. United States*, 425 U.S. 391 (1975) his Fifth Amendment and attorney-client privileges over documents in the attorney's possession).

Impediment to Mr. Levandowski's Ability to Protect His Interest:  Relatedly, the Court's Preliminary Injunction Order may "impair or impede [Mr. Levandowski]'s ability to protect" his privileges.  *See In re Grand Jury Subpoena (Newparent, Inc.)*, 274 F.3d at 570; *In re Grand Jury*

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

*Proceedings*, 735 F.2d at 1331; *American Tel. & Tel.*, 642 F.2d at 1292; *In re Katz*, 623 F.2d at 125-26; *Sackman v. Liggett Group*, 167 F.R.D. at 20-21.  Without intervention, Uber will be required to execute the unconstitutional threat presenting Mr. Levandowski with the untenable Hobson's choice: either waive the Fifth Amendment and attorney-client privileges or lose your job.  And without this opportunity to seek the requested relief, Mr. Levandowski will have no practical way to protect his interests and privileges—either he accepts the "rock" of termination, or the "whirlpool" of possible self-incrimination and waiver of attorney-client privileges.

No Adequate Protection by Existing Parties:  It is obvious that the parties to this action cannot be expected to adequately protect Mr. Levandowski's interests.  Indeed, rather than resist the Court's order, Uber has already sent Mr. Levandowski a letter executing the order and demanding that Mr. Levandowski waive his privileges or face termination.  *See* Yoo Letter to Levandowski, Ramsey Decl. Exh A.

**B.     Permissive Intervention**

In the alternative, the Court should grant intervention under Federal Rule of Civil Procedure 24(b).  The district court has the discretion to grant permissive intervention where the intervenor's "claim . . . and the main action have a question of law or fact in common."  *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002).  The rule is liberal: "If there is a common question of law or fact, the requirement of the rule has been satisfied and it is then discretionary with the court whether to allow intervention."  *Id.* at 1109 (*quoting* 7C Wright, Miller & Kane, Federal Practice and Procedure § 1911, 357-63 (2d ed. 1986)).  Courts will grant permissive intervention where a non-party like Mr. Levandowski seeks to oppose production of materials subject to a claim of privilege.  *See, e.g., Convertino v. United States DOJ*, 674 F. Supp. 2d 97, 109 (D.D.C. 2009) ("Without the right to intervene in discovery proceedings, a third party with a claim of privilege in otherwise discoverable materials could suffer 'the obvious injustice of having his claim erased or impaired by the court's adjudication without ever being heard.'").  Further, the grant of permissive intervention will protect Mr.

Levandowski's right to appeal orders of this Court: "An intervenor may appeal from 'all interlocutory and final orders that affect him . . . whether the right under which he intervened was originally absolute or discretionary.'" *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 376 (1987) (*quoting* Moore & J. Kennedy, Moore's Federal Practice para. 24-15, pp. 24-169-24-170 (2d ed. 1985)).

Because Mr. Levandowski seeks to protect his constitutional rights, and no other party will carry that burden, Mr. Levandowski must be permitted to intervene.

## IV.   THE COURT MUST MODIFY ITS ORDER TO AVOID VIOLATING MR. LEVANDOWSKI'S FIFTH AMENDMENT RIGHTS

By forcing Mr. Levandowski to choose between his Fifth Amendment right against self-incrimination and his employment at Uber, the Court's May 11, 2017 order violates the constitutional principles expressed in *Garrity v. New Jersey* and its progeny.  The Court must modify the order to relieve Mr. Levandowski of this unconstitutional choice "between the rock and the whirlpool."

We respectfully request that the Court remove from the Preliminary Injunction Order language that compels Uber to terminate Mr. Levandowski or otherwise threaten Mr. Levandowski with adverse employment action if he continues to invoke his Fifth Amendment privilege and/or seeks to preserve his attorney-client privilege.  Specifically, we ask the Court to withdraw the following mandates:

- The directive that Uber "must immediately and in writing exercise the full extent of their corporate, employment, contractual, and other authority."  Docket No. 433 at 23: 1-3.

- The directive that Uber "do whatever it can," such as "threaten Levandowski with termination," to induce Mr. Levandowski's compliance.  *Id.* at 23 n. 9.

- The directive that Uber refrain from "pull[ing] any punches as to Levandowski."  *Id.*

- The directive that Defendants' accounting shall include all persons who fit the

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

foregoing description, "including Levandowski and his separate counsel." *Id*. at 24: 12-14.

- The directive that "Defendants must also use the full extent of their authority and influence to obtain cooperation with the foregoing procedure from all involved." *Id.* at 24:22-25.

- The directive that Defendants give a detailed accounting of conversations and disclosures to Stroz Freidberg, communications between Mr. Levandowski and his personal counsel, and/or communications between Mr. Levandowski's personal counsel and Uber that are subject to attorney-client privileges. *Id. at* 24:3-8; 24:12-14.

**A.     Supreme Court Precedent Prohibits the Government from Attempting to Overcome an Individual's Fifth Amendment Privilege by Threatening to Fire Him**

A central tenet of our democracy for more than four hundred years, the Fifth Amendment enshrines the fundamental guarantee that the state may not force an individual to incriminate himself. *Garrity*, 385 U.S. at 500; *see also Quinn v. United States*, 349 U.S. 155, 161 (1955); *United States v. Bright*, 596 F.3d 683, 692 (9th Cir. 2010). "[A]ny compulsory discovery by extorting the party's oath . . . to convict him of crime. . . is contrary to the principles of a free government. . . . It may suit the purposes of despotic power, but it cannot abide the pure atmosphere of political liberty and personal freedom." *Malloy v. Hogan*, 378 U.S. 1, 9 n.7 (1964). Given its central importance to our criminal justice system, "[t]his provision of the [Fifth] Amendment must be accorded liberal construction in favor of the right it was intended to secure." *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

In *Garrity*, the Supreme Court held that the government may not compel an individual to choose "between self-incrimination or job forfeiture." 385 U.S. at 497, 500. The *Garrity* Court recognized that when the government presents an individual with "a choice between the rock and the whirlpool" of either waiving his Fifth Amendment or losing his livelihood, the government has exacted such a high price for the exercise of the Fifth Amendment that the resulting

statements are deemed to be constitutionally compelled.  385 U.S. at 497-98; *see also Lefkowitz v. Cunningham*, 431 U.S. 801, 806 (1977) (stating that, under *Garrity* and its progeny, the "government cannot penalize assertion of the constitutional privilege against compelled self-incrimination by imposing sanctions to compel testimony").  When the government attempts to induce an individual to waive his Fifth Amendment privilege by threatening the loss of employment, any waiver is considered compelled, the government is prohibited from employing such compulsion.  *Id*. at 500; *see also, e.g., Minnesota v. Murphy*, 465 U.S. 420, 434-35 (1984); *Uniformed Sanitation Men Ass'n v. Comm'r of Sanitation*, 392 U.S. 280, 282-83 (1968); *United States v. Goodpaster*, 65 F. Supp. 3rd 1016, 1024 (D. Or. 2014).

### B.   The Court's Order That Uber Must Threaten Mr. Levandowski with Termination — and Its Subsequent Execution by Uber — is Unconstitutional Government Action

Two days ago, in an effort to comply with this Court's Preliminary Injunction Order, Uber, by letter, threatened Mr. Levandowski with termination if he does not waive his Fifth Amendment and attorney-client privileges.  Yoo Letter to Levandowski, Ramsey Decl. Exh. A. The only question is whether that attempted compulsion is a product of government action.  *See, e.g., Luna v. Massachusetts*, 354 F.3d 108, 111-12 (1st Cir. 2004).  Given the plain language of the Court's order, the question answers itself — this is government action, not private action.

This Court is a body of the federal government.  U.S. CONST. art. III § 1.  And, put simply, the Court's Preliminary Injunction Order initiated the threat against Mr. Levandowski's employment, which a private party simply carried out.  A federal court has no contractual power to terminate a private employee.  But it has the power of compulsion, backed by contempt.  In delivering the threat to Mr. Levandowski's employment, Uber merely acted as an instrumentality of the Court's own command.  State action jurisprudence should persuade the Court to recognize that the threat originated from the Court itself, a government entity.

Courts have articulated various tests to determine when facially private action in fact constitutes state action for legal purposes.  *See Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

Cir. 1997) ("The Supreme Court has articulated four distinct tests for determining when the actions of a private individual amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test.").  The most clearly applicable test in this case is the "state compulsion test."  Under that test, state action may be found when the government has "exercised coercive power or has provided such significant encouragement, either overt or covert, that the [private actor's] choice must in law be deemed to be that of the State."  *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *see also Peterson v. City of Greenville*, 373 U.S. 244, 247-48 (1963); *United States v. Stein*, 541 F.3d 130, 147 (2nd Cir. 2008); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 836-37 (9th Cir. 1999); *Johnson*, 113 F.3d at 1118.

Here, the Court has coerced the threat to Mr. Levandowski's employment — or, at the very least, "provided . . . significant encouragement" to that threat.  *Blum*, 457 U.S. at 1004.  As noted above, prior to the Court's order, Mr. Levandowski had remained employed at Uber without experiencing any threat to his employment or other coercion by Uber to relinquish his Fifth Amendment or attorney-client privileges.

The Preliminary Injunction Order expressly requires Uber to force Mr. Levandowski to choose between his Fifth Amendment and attorney-client privileges and his employment. Docket No. 433 at 22-26.  The Court mandated that Uber "exercise the full extent of [its] corporate, employment, contractual, and other authority" to cause Anthony Levandowski to "return" the allegedly "downloaded materials" to Waymo LLC.  *Id.* at 22-23.  The Court also ordered that Uber employ "the full extent of [its] authority and influence to obtain cooperation" from Mr. Levandowski (among others) with a procedure to determine and "set[ ] forth every person who has seen or heard any part of any downloaded materials, what they saw or heard, when they saw or heard it, and for what purpose."  *Id*. at 24.  Removing any doubt about the thrust of these requirements, in footnote 9, the Court explicitly addressed the possibility that Mr. Levandowski's employment would be threatened, and stated that "Uber has no excuse . . . to pull any punches as to Levandowski."  *Id*. at 23 n.9.

12

1  Responding to an earlier argument from Uber referencing the *Glanzer* case, the Court in

2  that same footnote rejected the suggestion that a private employer is prohibited from pressuring

3  its own employee to waive his Fifth Amendment rights:

> Perhaps defendants mean to suggest that Uber cannot use any employer authority to pressure Levandowski to produce the 14,000-plus downloaded files. If so, the suggestion is baseless. *Glanzer* produced the foregoing quote as an example of how "certain sanctions stemming from a party's refusal to answer a question on Fifth Amendment grounds are too costly." This order, however, threatens no sanctions against Levandowski. It simply *directs Uber, a private employer, to do whatever it can* to ensure that its employees return 14,000-plus pilfered files to their rightful owner. If Uber were to threaten Levandowski with termination for noncompliance, that threat would be backed up by only Uber's power as a private employer, and Levandowski would remain free to forfeit his private employment to preserve his Fifth Amendment privilege. No binding case law holds that the Fifth Amendment prohibits such actions by private employers. *In short, in complying with this order, Uber has no excuse under the Fifth Amendment to pull any punches as to Levandowski.*

12  *Id.* (emphasis added).

13  But Mr. Levandowski does not contend that the Fifth Amendment would bar adverse

14  action from a private employer — when that action is the product of *purely private discretion,*

15  *untainted by government coercion.* That is plainly not the case here, however, as Uber

16  threatened no adverse employment action until the Court explicitly ordered Uber to "exercise the

17  full extent" of its corporate, employment, and contractual powers and influence to induce Mr.

18  Levandowski's cooperation (and the attendant waivers of his Fifth Amendment and other

19  privileges). The Court's order, as written, requires Uber to threaten Mr. Levandowski's

20  employment because that unique power is among the things that are within "the full extent" of

21  Uber's authority, and because it is precisely the type of "punch" that the Court warned Uber not

22  to "pull." Docket No. 433 at 23-24 & n.9. Under the current language of the Court's order, Uber

23  could be held in contempt of court for doing anything short of firing Mr. Levandowski if he does

24  not relinquish his rights within a matter of just a few short weeks. Indeed, Uber wrote in its

25  letter that it believed the Court was explicitly ordering it to issue this threat to Mr.

26  Levandowski's employment. Yoo Letter to Levandowski at 3-4, Ramsey Decl. Exh A.

27

28

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

1    In short, the Preliminary Injunction Order is not a mere acknowledgment of a private

2    employer's separate zone of discretion; it is an explicit command to a private employer to fire

3    every "bullet" it has—up to and including termination—to force an employee to forego

4    fundamental individual rights that the law and our Constitution guarantee.  And through its

5    power to hold Uber in contempt, the Court has coerced — or, at minimum, strongly encouraged

6    — Uber to threaten Mr. Levandowski's employment. The Hobson's choice that Mr.

7    Levandowski now faces is a direct product of government action.

8    The case of *United States v. Stein*, 541 F.3d 130, 147 (2nd Cir. 2008), which arose from

9    the criminal investigation of KPMG, is illustrative of the ways in which more subtle government

10   statements can operate to compel the actions of private entities and violate the rights of

11   individual employees. In *Stein*, which involved a Sixth Amendment claim, the Second Circuit

12   affirmed a finding of coercion—and thus state action—where KPMG had refused to pay for

13   indicted former employees' attorneys as a result of a Department of Justice memorandum that

14   directed prosecutors to *consider* a company's advancement of legal fees *as a factor* in

15   determining whether to indict the company, and the prosecutors' references to this memorandum

16   during negotiations with the company.  541 F.3d at 146-51.  The Court's Order to Uber in this

17   case, of course, is far more direct and unambiguous than the government's conduct at issue in

18   *Stein*.

19   It must also be emphasized that Uber's letter seeks statements and materials beyond

20   words out of Mr. Levandowski's own mouth, but also from his personal attorneys.  The letter

21   requires Mr. Levandowski — on pain of termination — to "[i]nstruct all your personal attorneys

22   to cooperate with us in this same investigation and to share any relevant information they have

23   with us."  Yoo Letter to Levandowski at 3, Ramsey Decl. Exh. A.  This provision apparently

24   responds to the Court's order that "Defendants' accounting shall not be limited to Uber but shall

25   include all persons who fit the foregoing description, including Levandowski *and his separate*

26   *counsel*," Docket No. 433 at 24 (emphasis added), although it appears that the Court's order is

27

28

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

only intended to require Uber to *state which people have* "seen or heard any part of any downloaded materials . . . . including . . . separate counsel." *Id.*

The Court's requirement to collect information from Mr. Levandowski's counsel, as well as consultants working for legal counsel, also crosses into constitutionally improper compulsion. Materials and information in the possession of counsel are protected by Mr. Levandowski's Fifth Amendment privilege. *United States v. Sideman & Bancroft, LLP*, 704 F.3d 1197, 1201 (9th Cir. 2013) (stating that the Fifth Amendment protection against the compelled disclosure of records "extends to prevent an individual's attorney from being compelled to produce documents if that production would violate the individual's Fifth Amendment rights"). Moreover, the fundamental principle of *Garrity* and its progeny, although addressed by its terms to coerced waiver of constitutional rights, applies with equal force when the government seeks improperly to compel an individual to waive his attorney-client privilege.

Instructive in this regard is *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc), in which the Ninth Circuit considered the dilemma faced by a habeas petitioner alleging that his state trial counsel was constitutionally ineffective. The court sought to avoid imposing on the petitioner "the painful choice of, on the one hand, asserting his ineffective assistance claim and risking a [re-]trial where the prosecution can use against him every statement he made to his first lawyer and, on the other hand, retaining the privilege but giving up his ineffective assistance claim." *Id.* at 723. Relying in part on *Simmons v. United States*, 390 U.S. 377 (1968), in which the Supreme Court held that a criminal defendant must be relieved of the Hobson's choice between waiving his Fifth Amendment privilege against self-incrimination and his right to pursue the exclusion of evidence under the Fourth Amendment, *id.* at 393-94, the *Bittaker* court ruled that federal courts are *required* to enter protective orders in habeas cases "precluding use of the privileged materials for any purpose other than litigating the federal habeas petition." 331 F.3d at 717, 723, 728. A critical lesson in *Bittaker* is that a district court must take affirmative steps to avoid, to the maximum extent possible, a situation in which an individual is forced to

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA

choose between preserving his attorney-client privilege and vindicating some other important right or privilege.

### C.     The Court Should Modify its Order

Because the Court's order unconstitutionally requires Mr. Levandowski to choose between his Fifth Amendment and attorney-client privileges and his employment, it must be amended.  We ask this Court to modify its order to clarify that Uber is not required to fire Mr. Levandowski, nor take any adverse employment action against him, if he refuses to provide documents, physical materials, or oral or written statements on the grounds that doing so would violate his Fifth Amendment or attorney-client, work product, or common interest privileges.


Date:     May 18, 2017                              Respectfully submitted,


                                                    /s/ Ismail J. Ramsey
                                                        Miles Ehrlich
                                                        Ismail Ramsey
                                                        Amy Craig
                                                        Ramsey & Ehrlich
                                                        *Counsel for Non-Party*
                                                        *Anthony Levandowski*

NON-PARTY ANTHONY LEVANDOWSKI'S MOTION TO INTERVENE AND MODIFY MAY 11, 2017 ORDER
Case No. 3:17-cv-00939-WHA