May 15, 2017

**Via Federal Express and Email**

Mr. Anthony Levandowski
c/o Ismail Ramsey, Esq.
Miles Erlich, Esq.
Ramsey & Erlich LLP
Berkeley, CA 94710

      Re:    *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. C 17-00939 WHA

Dear Anthony:

      As you know, an order was issued on May 11, 2017 (the "Order"), by the United States District Court Judge overseeing the lawsuit brought by Waymo LLC ("Waymo") against Uber Technologies, Inc. ("Uber"), Ottomotto LLC, and Otto Trucking, LLC (collectively, "Defendants"). A copy of that Order is attached to this letter.

      In general, Defendants have been ordered to take a number of immediate steps with respect to your employment at Uber and with respect to all files, if any, that Waymo claims you downloaded prior to leaving your employment at Google. Uber takes it obligations under the Order very seriously, intends to comply fully, and expects you to do the same.[1]

      *First*, in accordance with paragraph 3 of the Order, this letter confirms what was already decided on April 27, 2017: you are completely removed and recused from any role or responsibility pertaining to LiDAR at Uber. *See* Order at 23 ¶ 3(a). This action now has the force of a Court order, not just a voluntary decision by you and Uber. You should therefore understand that under penalty of contempt of court you are prohibited from any action that involves any role, responsibility, communication, or contact of any kind with Uber's LiDAR efforts. You are likewise prohibited from having any communication about LiDAR or anything related to the subject of LiDAR with any officer, director, employee, agent, supplier, consultant, or customer of Uber. *See id.* ¶ 3(b). This prohibition includes both written and oral communications, and includes even highly generalized statements, if those generalized statements could be construed as related to LiDAR. Uber is required to take all steps in its power to ensure compliance with these prohibitions. Accordingly, you are hereby prohibited from using any laptop, tablet, computer, cell phone, or other electronic device that is not owned by Uber in connection with any and all employment activities at Uber, unless you agree that Uber can search any such device to ensure compliance with the Order. Otherwise, you may only perform Uber-related work on Uber-owned electronic devices. Please note that we will monitor

---

[1] As you know, Ottomotto LLC is now part of Uber, and therefore all references to "Uber" in this letter encompass both Uber and Ottomotto. We expect counsel for Otto Trucking LLC will separately be addressing with you how it intends to comply with the Order.

1

any and all documents and communications you have to ensure your compliance with the Order and the provisions of this letter.

*Second*, Uber has been ordered to "exercise the full extent of [its] corporate, employment, contractual, and other authority to (a) prevent Anthony Levandowski and all other officers, directors, employees, and agents of defendants from consulting, copying, or otherwise using the downloaded materials; and (b) cause them to return the downloaded materials and all copies, excerpts, and summaries thereof to Waymo (or the Court) by **MAY 31 AT NOON**." *See* Order at 23 ¶ 2. The term "downloaded materials" means "any and all materials that Anthony Levandowski downloaded from Waymo and kept upon leaving Waymo's employment, regardless of how long he kept them for and whether or not any such materials qualify as trade secrets or proprietary or confidential information." *Id.* at 1. You should understand "downloaded materials" to include all copies, excerpts, and summaries thereof, whether in your possession or in the possession of (a) Stroz Friedberg LLC, (b) any attorney who has represented you for any reason, and/or (c) any other person to whom you ever sent or gave downloaded materials. *See id.* & 24 ¶ 4.

To comply with these provisions, you must do the following:

- If you deny ever having taken any downloaded materials from Google, you must attest to that fact fully and completely in a written statement and provide that statement to the Uber legal department.

- If you are unable to unequivocally deny ever having taken any downloaded materials from Google, you must immediately:

    o Provide to our outside counsel at Morrison & Foerster, who will provide them to Waymo's lawyers or to the Court, any downloaded materials in your possession (and not keep any copies thereof).

    o Instruct every person that you have reason to believe may be in possession of any downloaded materials to provide those files to our outside counsel at Morrison & Foerster, who will provide them to Waymo's lawyers or the Court (and not to keep any copies thereof).

    o If you or anyone else has destroyed any downloaded materials, you must attest to those facts fully and completely in a written statement and provide that statement to the Uber legal department.

In addition, this letter confirms that you are (and always have been) prohibited from consulting, copying, or otherwise using any downloaded materials for any reason or purpose whatsoever, including, without limitation, any activities undertaken with respect to your employment at Uber. *See id.* at 23 ¶¶ 2(a) & 3(c).

2

We are required to return any downloaded materials to the Court or Waymo by May 31, 2017. To ensure that deadline is met, we need confirmation of your complete compliance with the foregoing requirements by no later than May 24, 2017.

*Third*, the Court has ordered us to conduct a thorough and complete investigation pertaining to the downloaded materials, to be completed by June 23, 2017. *See id*. at 24 ¶ 4. This accounting is an extremely extensive and onerous requirement that requires maximum cooperation and effort by all involved. Accordingly, you must do the following:

(a) Make yourself immediately and continuously available at any point from now until at least June 23, 2017, upon our request or our attorneys' request, to assist in this investigation and to provide full interviews and consultations as needed to identify all of the information required by the Court.

(b) Instruct all your personal attorneys to cooperate with us in this same investigation and to share any relevant information they have with us.

(c) If you have not fully complied with our prior request to return all Uber-owned documents in your possession, custody, or control, you must immediately return all such documents to us.

(d) Provide us with a list of every person to whom you ever sent or gave any downloaded material, or excerpts, summaries, or copies thereof, the date on which you sent or gave such person such downloaded material.

(e) Provide us a list of every person, including employees, officers, directors, agents, suppliers, customers, or consultants -- associated with Uber or Otto with whom you communicated on the subject of LiDAR. If you possess any notes or records referencing the communication, provide us with copies of those notes or records, as well.

Given the June 23 deadline for our accounting, we must have your compliance with the foregoing beginning immediately, and we expect that your provision of the information described above will be substantially complete within one week of your receipt of this letter.

We understand that this letter requires you to turn over information wherever located, including but not limited to, your personal devices, and to waive any Fifth Amendment protection you may have. Also, the requirement that your lawyers cooperate with us and turn over information that may be in their possession may invade your attorney-client privilege. While we have respected your personal liberties, it is our view that the Court's Order requires us to make these demands of you. Footnote 9 of the Order specifically states that "in complying with this order, Uber has no excuse under the Fifth Amendment to pull any punches as to Levandowski." (Order at 23, no. 9.) Thus, we must demand that you set these privileges aside and confirm that you will promptly comply with the Court's Order.

Finally, as you know, your employment at Uber is on an at-will basis.  *See* A. Levandowski Employment Agreement, Aug. 17, 2016 ¶ 5(a) ("August 17, 2016 Employment Agreement").  As a condition of your employment at Uber, you must comply with all of the requirements set forth in this letter.  ***If you do not agree to comply with all of the requirements set forth herein, or if you fail to comply in a material manner, then Uber will take adverse employment action against you, which may include termination of your employment and such termination would be for Cause***.

If you comply with these requirements, your employment at Uber will continue on an at-will basis.  For the avoidance of doubt, Uber retains the sole right to determine whether you are in compliance with the requirements set forth above.

We continue to believe that no Waymo trade secrets have ever been used in the development of our self-driving technology, and we remain confident that we will prove that fact in due course.  Until then, we insist that you do everything in your power to assist us in complying with the Order.

Very truly yours,

Uber Technologies, Inc.

*Salle Yoo*
_____

By:  Salle Yoo
      General Counsel

cc: Travis Kalanick

Enclosures:  May 11, 2017 Order (public version)