MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTION TO SPECIAL MASTER'S MONITORING AND VERICATION PROTOCOL (DKT. 462)** |

Uber and Ottomotto ("Uber") appreciate the Special Master's effort to craft the monitoring and verification protocol. Uber agrees with the protocol, with one exception. Uber objects to the Special Master's proposal in Section III that notification extend to "any people or entities who supply any products or services related in any way to the development, research, or use of LiDAR *or self-driving vehicles*"[1] and "any people or entities who purchase or otherwise obtain from Defendants products or services related in any way to the development, research, or use of LiDAR *or self-driving vehicles*."  (Dkt. 462 at 4:22-26 (emphasis added).)  The Court's Order relates only to LiDAR and paragraph 3 of the Order requires notification only insofar as to prevent "communication on the subject of LiDAR."  (Order at 23.)  A requirement for notification of suppliers of self-driving vehicles and users of self-driving vehicles is overbroad and unnecessary.  Such a requirement would encompass suppliers of unrelated technologies and products such as cameras, sensors, and even cars.  Because Waymo's asserted trade secrets and the Court's Order are limited to LiDAR, Uber respectfully requests that the Special Master's proposal be amended to omit "self-driving vehicles."

After discussing this issue with the Special Master this morning, Waymo confirmed they have no objection to deleting the language referring to "self-driving vehicles."  (See Ex. 1.)

Dated: May 19, 2017                    MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
    ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

---

[1] The Special Master's proposed order uses "self-driving automobiles," but he subsequently clarified that he means vehicles, including trucks.