# EXHIBIT A

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

| | |
|---|---|
| WAYMO LLC, | CASE NO. 3:17-cv-00939-WHA |
| Plaintiff, | **PLAINTIFF WAYMO LLC'S PROPOSED PROTOCOLS PURSUANT TO PARAGRAPH 7, PAGE 26 OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROVISIONAL RELIEF (DKT. 426)** |
| vs. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>PROTOCOLS</u>

**For monitoring and verifying Defendants' compliance with the requirements of the provisional relief granted by the Court's May 11, 2017 Order in *Waymo LLC v. Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA (N.D. Cal.).**

I.    **Implementing the Court's requirement that "Defendants must immediately and in writing exercise the full extent of their corporate, employment, contractual, and other authority to (a) prevent Anthony Levandowski and all other officers, directors, employees, and agents of defendants from consulting, copying, or otherwise using the downloaded materials[1]; and (b) cause them to return the downloaded materials and all copies, excerpts, and summaries thereof to Waymo (or the Court) by MAY 31 AT NOON.  Copies essential for counsel of record and their litigation experts to use in defending this civil action are exempted from the foregoing requirement." (Dkt. 426 at page 23, paragraph 2)**

    A.    Compliance.

        1.    Defendants Uber Technologies, Inc. ("Uber"), Ottomotto LLC ("Ottomotto"), and Otto Trucking LLC ("Otto Trucking") (collectively, "Defendants"), including without limitation all corporate affiliates such as Uber International C.V., and Zing merger sub I, LLC, shall each, by no later than 24 hours after Waymo LLC ("Waymo") posts the required bond, send via email (with a separate copy by hand delivery within seven (7) days) to all officers, directors (including members of the board of directors), employees, contractors, attorneys, and any other agents over whom each Defendant has any corporate, employment, or contractual authority (such as accountants, service providers, and officers, directors, employees, contractors, or attorneys of corporate subsidiaries anywhere in the world), the letter attached hereto as Exhibit 1, its accompanying certification form, and a redacted copy of the Court's Order.

            (a)    Defendants shall discipline any officers, directors (including members of the board of directors), employees, contractors, attorneys, and any other agents over whom each Defendant has any corporate, employment, or contractual authority (such as accountants, service providers, and officers, directors, employees, contractors, or attorneys of corporate subsidiaries anywhere in the world) that resist completing and returning the accompanying certification form.  Any recipient of Exhibit 1 who refuses to complete and return the accompanying certification form by May

---

[1]  The "downloaded materials" is defined by the Court as "any and all materials that Anthony Levandowski downloaded from Waymo and kept upon leaving Waymo's employment, regardless of how long he kept them for and whether or not any such materials qualify as trade secrets or proprietary or confidential information."  (Dkt. 426 at page 22, paragraph 1.)

26, 2017, barring extenuating circumstances to be reviewed on a case by case basis by the Special Master and the Court (such as medical leave or vacation ongoing as of May 11, 2017), shall have his or her employment or contract with Defendants terminated.  Any recipients of Exhibit 1 subject to the extenuating circumstances exception shall be required to complete and return the certification form as soon as possible.  The Special Master shall conduct weekly reviews of all remaining extenuating circumstances exceptions, and anyone determined no longer to qualify for the exception must either complete and return the certification form within two business days or have his or her employment or contract with Defendants terminated.

(b)     Officers and directors of Defendants are not eligible for extenuating circumstances exceptions.

2.     Any new officers or employees working in self-driving vehicle technology who join any Defendant after the date that Waymo posts the required bond shall also receive the letter attached hereto as Exhibit 1, its accompanying certification form, and a redacted copy of the Court's Order and must complete the certification form in advance of, and as a condition of, their employment.

B.     Verification.

1.     Special Master John Cooper (the "Special Master")  shall be cc-ed on all emails transmitting the letter attached hereto as Exhibit 1, and shall have access to communicate with any and all personnel from each Defendant for the Special Master to verify that the letter has been transmitted to all of Defendants' officers, directors (including members of the board of directors), employees, contractors, attorneys, and any other agents over whom Defendants have any corporate, employment, or contractual authority (such as accountants, service providers, and officers, directors, employees, contractors, or attorneys of corporate subsidiaries anywhere in the world) .

(a)     The Special Master shall interview thirty-five (35) of Defendants' employees (twenty-five (25) of his choosing; ten (10) of Waymo's choosing), as well as ten (10) non-employees (such as contractors, attorneys, officers, members of the board of directors, or accountants) (five (5) of his choosing; five (5) of Waymo's choosing), in order to verify compliance of the above requirements.

2.     The Special Master shall also have access to all returned certifications.  The Special Master shall also be provided a complete list of all recipients of Exhibit 1 who fail to return a complete certification by May 19, 2017.

3.     The Special Master shall submit to the Court by no later than 96 hours after Waymo posts the required bond his certification that, in his sole discretion,

Defendants have complied with the above requirements.  To the extent the Special Master is unable to so certify, he shall make any appropriate recommendations for sanctions and further remedial orders from the Court.

II. **Implementing the Court's requirement that "With respect to Anthony Levandowski, defendants shall immediately (a) remove him from any role or responsibility pertaining to LiDAR; (b) take all steps in their power to prevent him from having any communication on the subject of LiDAR with any officer, director, employee, agent, supplier, consultant, or customer of defendants; and (c) prohibit him from consulting, copying, or otherwise using the downloaded materials in any way.  Defendants shall instruct all their officers, directors, employees, agents, suppliers, consultants, and customers in writing of this prohibition, and further instruct them in writing to immediately report any suspected breaches thereof to the special master (or to the Court)."  (Dkt. 426 at pages 23-24, paragraph 3)**

   A.   Compliance.

      1.   Each Defendant shall, by no later than 24 hours after Waymo posts the required bond, send via email (with a separate copy by hand delivery within two (2) days) to Anthony Levandowski the letter attached hereto as Exhibit 2, its accompanying certification form, and a redacted copy of the Court's Order.

         (a)   If Mr. Levandowski refuses to complete and return the accompanying certification form by May 19, 2017, he shall be terminated from Defendants' employment.

      2.   Defendants shall require that Mr. Levandowski make available for inspection, by no later than 24 hours after Waymo posts the required bond, all electronic media in his possession, custody, or control for inspection and analysis by Morrison & Foerster, the Special Master, and any forensic auditing expert of the Special Master's choosing.

         (a)   If Mr. Levandowski refuses to make all electronic media in his possession, custody, or control available for inspection pursuant to the above by May 19, 2017, he shall be terminated from Defendants' employment.

      3.   Each Defendant shall, by no later than 24 hours after Waymo posts the required bond, send via email (with a separate copy by hand delivery within seven (7) days) to all officers, directors (including members of the board of directors), employees, contractors, attorneys, any other agents over whom each Defendant has any corporate, employment, or contractual authority (such as accountants, service providers, and officers, directors, employees, contractors, or attorneys of corporate subsidiaries anywhere in the world) the letter attached hereto as Exhibit 1, its accompanying certification form, and a redacted copy of the Court's Order.

(a)   Defendants shall discipline any officers, directors (including members of the board of directors), employees, contractors, attorneys, and any other agents over whom each Defendant has any corporate, employment, or contractual authority (such as accountants, service providers, and officers, directors, employees, contractors, or attorneys of corporate subsidiaries anywhere in the world) that resist completing and returning the accompanying certification form.  Any recipient of Exhibit 1 who refuses to complete and return the accompanying certification form by May 26, 2017, barring extenuating circumstances to be reviewed on a case by case basis by the Special Master and the Court (such as medical leave or vacation ongoing as of May 11, 2017), shall have his or her employment or contract with Defendants terminated.  Any recipients of Exhibit 1 subject to the extenuating circumstances exception shall be required to complete and return the certification form as soon as possible.  The Special Master shall conduct weekly reviews of the any remaining extenuating circumstances exceptions and anyone determined no longer to qualify for the exception must either complete and return the certification form within two business days or have his or her employment or contract with Defendants terminated.

(b)   Officers and directors of Defendants are not eligible for extenuating circumstances exceptions.

4.   Any new officers or employees working in self-driving vehicle technology who join any Defendant after the date that Waymo posts the required bond shall also receive the letter attached hereto as Exhibit 1, its accompanying certification form, and a redacted copy of the Court's Order and must complete the certification form in advance of, and as a condition of, their employment.

5.   Each Defendant shall, by no later than 24 hours after Waymo posts the required bond, send via email (with a separate copy by hand delivery within even (7) days) to all suppliers and consultants the letter attached hereto as Exhibit 3 and a redacted copy of the Court's Order.

6.   Each Defendant shall, by no later than 24 hours after Waymo posts the required bond, send via email to all customers the letter attached hereto as Exhibit 4 and a redacted copy of the Court's Order.

7.   Each Defendants shall, by no later than 24 hours after Waymo posts the required bond, de-authorize, bar, or otherwise prohibit any of Mr. Levandowski's personal devices (i.e., those not issued and controlled by Defendants) from accessing any of Defendant's networks, servers, infrastructure, or systems.

8.      Each Defendant shall, by no later than 24 hours after Waymo posts the required bond, instruct security and/or reception personnel at each of Defendants' offices or facilities that hosts LiDAR-related personnel or work that Mr. Levandowski must be searched before entering any such premises and that personal devices must be confiscated and not allowed into the office or location.  Mr. Levandowski's access to the physical premises must be limited to only those areas which do not include LIDAR, including LIDAR devices, LIDAR data or LIDAR development.  If Mr. Levandowski gains access to or physically enters an area pertaining to LIDAR, Defendants shall immediately inform the Special Master, in writing, and explain the violation.

9.      Each Defendant shall, by no later than 24 hours after Waymo posts the required bond, disable Mr. Levandowski's authorization to access any servers, repositories, or systems that host LiDAR-related material, as well as add additional password-protection to any such servers, repositories, or systems with a password that Mr. Levandowski is prohibited from receiving.

B.      Verification.

1.      The Special Master shall be cc-ed on the emails transmitting the letter attached hereto as Exhibit 2, and shall have access to communicate with any and all personnel from each Defendant for the Special Master to verify that the letter has been transmitted to Mr. Levandowski.

(a)     The Special Master shall interview Mr. Levandowski in order to verify compliance of the above requirements.

2.      The Special Master shall be cc-ed on all emails transmitting the letter attached hereto as Exhibit 1, and shall have access to communicate with any and all personnel from each Defendant for the Special Master to verify that the letter has been transmitted to all of Defendants' officers, directors (including members of the board of directors), employees, contractors, attorneys, any other agents over whom Defendants have any corporate, employment, or contractual authority (such as accountants, service providers, and officers, directors, employees, contractors, or attorneys of corporate subsidiaries anywhere in the world).

(a)     The Special Master shall interview thirty-five (35) of Defendants' employees ((twenty-five (25) of his choosing; ten (10) of Waymo's choosing), as well as ten (10) non-employees (such as contractors, attorneys, officers, members of the board of directors, or accountants) (five (5) of his choosing; five (5) of Waymo's choosing), in order to verify compliance of the above requirements.

3.      The Special Master shall be cc-ed on all emails transmitting the letter attached hereto as Exhibit 3, and shall have access to communicate with any

and all of suppliers or consultants of each Defendant for the Special Master to verify that the letter has been transmitted to all of Defendants' suppliers and consultants.

    (a)    The Special Master shall interview ten (10) of Defendants' suppliers (five (5) of his choosing; five (5) of Waymo's choosing), as well as ten (10) consultants (five (5) of his choosing; five (5) of Waymo's choosing), in order to verify compliance of the above requirements.

4.    The Special Master shall be cc-ed on all emails transmitting the letter attached hereto as Exhibit 4, and shall have access to communicate with any and all of customers of each Defendant for the Special Master to verify that the letter has been transmitted to all of Defendants' customers.

    (a)    The Special Master shall interview fifteen (15) of Defendants' customers (ten (10) of his choosing; five (5) of Waymo's choosing), in order to verify compliance of the above requirements.

5.    The Special Master shall also have access to all returned certifications.  The Special Master shall also be provided a complete list of all recipients of Exhibits 1, 2, and 3 who fail to return a complete certification by May 19, 2017.

6.    The Special Master shall have access to communicate with any and all personnel (including IT technicians, Uber's EngSec Compliance team, or network administrators) at any of Defendants' offices or facilities, and any computer or administrative records at any of Defendants' offices or facilities, for the Special Master to verify that a) Defendants have de-authorized, barred, or otherwise prohibited any of Mr. Levandowski's personal devices from accessing any of Defendant's networks, servers, infrastructure, or systems; b) Defendants have disabled Mr. Levandowski's authorization to access any servers, repositories, or systems that host LiDAR-related material, c) Defendants have added additional password-protection to any servers, repositories, or systems that host LiDAR-related material with a password that Mr. Levandowski is prohibited from receiving.

7.    The Special Master shall have access to documentation sufficient to identify all of Defendants' offices or facilities, and to communicate with any personnel (including security guards and receptionists) at any of Defendants' offices or facilities, for the Special Master to verify that Defendants have instructed security and/or reception personnel at each of Defendants' offices or facilities that host LiDAR-related personnel or work that Mr. Levandowski must be searched before entering any such premises and that personal devices must be confiscated and not allowed into the office or facility.  The Special Master shall also have access to communicate with any personnel (including security guards and receptionists) at any of Defendants' offices or facilities for the Special

Master to verify that Mr. Levandowksi's access the physical premises is limited to only those areas which do not include LIDAR, including LIDAR devices, LIDAR data or LIDAR development.

8.   The Special Master shall submit to the Court by no later than 96 hours after Waymo posts the required bond his certification that, in his sole discretion, Defendants have complied with the above requirements.  To the extent the Special Master is unable to so certify, he shall make any appropriate recommendations for sanctions and further remedial orders from the Court.

C.   Monitoring.

1.   The Special Master shall be provided, by no later than 48 hours after Waymo posts the required bond, with all email addresses, phone numbers, electronic chat accounts, or any other means of communication used by Mr. Levandowski ("Levandowski Accounts").  That list shall be updated within 24 hours as Defendants become aware of any additional Levandowski Accounts, including those not yet in existence or use as of the date when Defendants provide the initial list.  The Special Master shall also be provided with a complete list of Defendants' personnel involved in any way with LiDAR, including the complete list of recipients on any internal email alias relating to LiDAR ("LiDAR Personnel").

(a)   The Special Master shall be provided access, at any time during business hours, Monday to Friday, to the email, phone, electronic chat accounts, or other means of communication of any LiDAR Personnel to determine whether any Levandowski Account has communicated with any LiDAR Personnel.  To the extent any Levandowski Account has communicated with any LiDAR Personnel, the Special Master shall be provided access to the contents of such communications, at his sole discretion.

(b)   The Special Master shall be provided access, at any time during business hours, Monday to Friday, to any LiDAR Personnel outside of the presence of any representative of Defendants for the purpose of determining whether that LiDAR Personnel is aware of any attempts by Mr. Levandowski to communicate with **any** LiDAR Personnel on the subject of LiDAR.

(c)   The Special Master shall receive calendar invitations for any telephonic, video, or in person conference of any of Defendants' teams or sub-teams working on a LiDAR-related project, and shall have access (either by telephone, video, or in person, at his sole discretion) to any such conference.

2.   The Special Master shall submit to the Court every two weeks until October 2, 2017, or sooner as appropriate in the sole discretion of the Special Master, certification of Defendants' ongoing compliance with the above

1    requirements.  To the extent the Special Master is unable to so certify, he

2    shall make any appropriate recommendations for sanctions and further
     remedial orders from the Court.

3  III.    **Implementing the Court's requirements that "With respect to all other persons,**

4    **including those with Stroz Friedberg, defendants shall conduct a thorough**
     **investigation and provide a detailed accounting under oath setting forth every person**

5    **who has seen or heard any part of any downloaded materials, what they saw or**
     **heard, when they saw or heard it, and for what purpose. In their investigation,**

6    **defendants must do more than query servers with term searches. For example, they**
     **must interview personnel with particular focus on anyone who has communicated**

7    **with Anthony Levandowski on the subject of LiDAR. Defendants' accounting shall**
     **not be limited to Uber but shall include all persons who fit the foregoing description,**

8    **including Levandowski and his separate counsel. The accounting may exclude, for**
     **only the time period after the commencement of this civil action, the attorneys of**

9    **record and their staff and experts employed for this litigation. The accounting shall**
     **not be limited to downloaded materials that happened to make their way into some**

10   **due diligence report but shall cover any and all downloaded materials. The**
     **accounting shall also identify the complete chains of custodians for every copy of any**

11   **downloaded materials or due diligence report referencing downloaded materials.**
     **Defendants must also use the full extent of their authority and influence to obtain**

12   **cooperation with the foregoing procedure from all involved.  For example, if a**
     **potential custodian refuses to cooperate, then defendants' accounting shall set forth**

13   **the particulars, including all efforts made to obtain cooperation. The accounting must**

14   **be filed and served by JUNE 23 AT NOON. The accounting may be filed under seal**
     ***only* to the extent that it quotes or appends downloaded materials."**

15

16       A.    Compliance, Verification and Monitoring.

17            1.    By May 22, 2017 at noon, Defendants shall provide to the Special Master

18                  and Waymo their plan for compliance with the above requirements.  The
                    parties and the Special Master shall meet and confer on May 24 to the

19                  extent either the Special Master or Waymo has any proposed modifications
                    to Defendants' compliance plan.  Any disputes over the sufficiency of

20                  Defendants' compliance plan shall be submitted in simultaneously-filed
                    letter briefs for resolution by Magistrate Judge Corley on Friday, May 27, at

21                  noon.

22

23  IV.    **Implementing the Court's requirements that "Also by JUNE 23 AT NOON,**

24    **defendants shall provide Waymo's counsel and the Court with a complete and**
      **chronologically organized log of all oral and written communications — including,**

25    **without limitation, conferences, meetings, phone calls, one-on-one conversations,**
      **texts, emails, letters, memos, and voicemails — wherein Anthony Levandowski**

26    **mentioned LiDAR to any officer, director, employee, agent, supplier, or consultant of**
      **defendants. The log shall identify for each such communication the time, place (if**

27    **applicable), mode, all persons involved, and subjects discussed, as well as any and all**
      **notes or records referencing the communication."**

28

A.    Compliance, Verification and Monitoring.

1.    By May 22, 2017 at noon, Defendants shall provide to the Special Master and Waymo their plan for compliance with the above requirements. The parties and the Special Master shall meet and confer on May 24 to the extent either the Special Master or Waymo has any proposed modifications to Defendants' compliance plan. Any disputes over the sufficiency of Defendants' compliance plan shall be submitted in simultaneously-filed letter briefs for resolution by Magistrate Judge Corley on Friday, May 27, at noon.

V.    **Implementing the Court's requirement that "Subject to the protective order, and upon reasonable notice, Waymo's counsel and one expert may inspect any and all aspects of defendants' ongoing work involving LiDAR — including, without limitation, schematics, work orders, source code, notes, and emails — whether or not said work resulted in any prototype or device." (Dkt. 426 at page 25, paragraph 6)**

A.    Compliance.

1.    Once Waymo posts the required bond, upon 48 hours notice to Defendants and the Special Master of the particular aspect(s) of Defendants' ongoing work involving LiDAR (including, without limitation, schematics, work orders, source code, notes, and emails – whether or not said work resulted in any prototype or device) that Waymo's counsel and one expert intend to inspect, Defendants shall make the aspect(s) of their ongoing work involving LiDAR available for inspection.

B.    Verification and Monitoring.

1.    The Special Master shall have access to any inspection requested by Waymo.

2.    The Special Master shall submit to the Court every two weeks, or sooner as appropriate in the sole discretion of the Special Master, certification of Defendants' ongoing compliance with the above requirements. To the extent the Special Master is unable to so certify, he shall make any appropriate recommendations for sanctions and further remedial orders from the Court.

VI.    **Implementing the Court's requirement that "Defendants shall keep complete and accurate records of their compliance with all of the foregoing requirements, including directives given to Anthony Levandowski and others." (Dkt. 426 at page 26, paragraph 7)**

A.    Compliance.

1.    Each Defendant shall, by no later than 24 hours after Waymo posts the required bond, institute appropriate litigation holds to ensure that all

documentation of their compliance with the Court's requirements (in paragraphs 2-6) is preserved.

B.   Verification.

1.   The Special Master shall be cc-ed on the emails transmitting the litigation holds, and shall have access to communicate with any and all personnel from each Defendant (including attorneys from counsel of record) for the Special Master to verify that the litigation holds ensure that all documentation of Defendants' compliance with the Court's requirements (in paragraphs 2-6) is preserved.

(a)   The Special Master shall interview thirty-five (35) of Defendants' employees (twenty-five (25) of his choosing; ten (10) of Waymo's choosing), as well as ten (10) non-employees (such as contractors, attorneys, officers, members of the board of directors, or accountants) (five (5) of his choosing; five (5) of Waymo's choosing), in order to verify compliance of the above requirements.

2.   The Special Master shall submit to the Court by no later than 96 hours after Waymo posts the required bond his certification that, in his sole discretion, Defendants have complied with the above requirements.  To the extent the Special Master is unable to so certify, he shall make any appropriate recommendations for sanctions and further remedial orders from the Court.

C.   Monitoring.

1.   The Special Master shall be provided access, at any time during business hours, Monday to Friday, to any of Defendants' personnel (whether employees or outside counsel) involved in Defendants' compliance with the Court's requirements (in paragraphs 2-6).  The Special Master shall also be provided access, at any time during business hours, Monday to Friday, to any records of Defendants' compliance with the Court's requirements (in paragraphs 2-6).

2.   The Special Master shall submit to the Court every two weeks, or sooner as appropriate in the sole discretion of the Special Master, certification of Defendants' ongoing compliance with the above requirements.  To the extent the Special Master is unable to so certify, he shall make any appropriate recommendations for sanctions and further remedial orders from the Court.

**EXHIBIT 1**

Dear Sir/Madam:

I write in connection with a recent Order issued by federal District Court Judge William H. Alsup in the case entitled *Waymo LLC v. Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA (N.D. Cal.).  A copy of that Order is enclosed for your reference.  You are hereby instructed that you must, upon penalty of termination, comply with the following directives.

**First**, Anthony Levandowski, Uber Technology, Inc.'s Vice President of Engineering, is hereby removed from any role or responsibility pertaining to LiDAR (Laser Detection and Ranging). This includes, but is not limited to, any role or responsibility pertaining to LiDAR devices, LiDAR development or LiDAR data.  Mr. Levandowski is prohibited from accessing any LiDAR information at Uber Technology, Inc., Ottomotto LLC, or Otto Trucking LLC.  He is prohibited from physically accessing any offices or facilities that host LiDAR information at Uber Technology, Inc., Ottomotto LLC, or Otto Trucking LLC.

**Second**, you must immediately refrain from communicating with Mr. Levandowski on the subject of LiDAR.

**Third**, if you are in possession of any materials that Anthony Levandowski downloaded from Waymo LLC, Google Inc., Alphabet Inc. or any Waymo LLC corporate affiliate ("Waymo"), and kept upon leaving Waymo's employment, regardless of how long he kept them for and whether or not any such materials qualify as trade secrets or proprietary or confidential information (the "Downloaded Materials"), or any copies, excerpts, or summaries of Downloaded Materials, you must immediately refrain from consulting, copying, or otherwise using them.

**Fourth**, if you possess any Downloaded Materials, or any copies, excerpts or summaries of Downloaded Materials, you must immediately notify the law firm of Morrison & Foerster LLP (whose contact information is at the bottom of this letter).  You must then permit Morrison & Foerster to recover from your possession, by no later than May 22, 2017, all Downloaded Materials, or any copies, excerpts or summaries of Downloaded Materials, so that they may be returned to Waymo or the District Court for the Northern District of California and destroyed from your files.

**Fifth**, if you are aware of any Downloaded Materials, or any copies, excerpts, or summaries of Downloaded Materials in the possession, custody, or control of anyone else (including but not limited to Mr. Levandowski himself), you must immediately notify Morrison & Foerster LLP and identify, in writing, a) the Downloaded Materials, and any copies, excerpts, or summaries of the Downloaded Materials, and b) who has them.  You must then cooperate with Morrison & Foerster to the utmost of your ability to assist them in recovering from that person or persons the Downloaded Materials, or any copies, excerpts or summaries of the Downloaded Materials, so

01980-00104/9284661.1

that they may be returned to Waymo or the District Court for the Northern District of California and destroyed from that person's files.

**Sixth**, If you are aware of any Downloaded Materials, or any copies, excerpts, or summaries of Downloaded Materials, that were in the possession, custody, or control of either you or someone else but that no longer exist (e.g., have been deleted or otherwise disposed of), you must immediately notify Morrison & Foerster (with a copy to the Special Master, whose contact information is at the bottom of this letter) and identify, in writing, a) the Downloaded Materials, and any copies, excerpts, or summaries of the Downloaded Materials, and b) what happened to them.

**Seventh**, if you are aware that any Downloaded Materials, or any copies, excerpts, or summaries of Downloaded Materials, have been used or referenced in any way in work at Uber Technologies, Inc., Ottomotto LLC, or Otto Trucking LLC, you must immediately notify Morrison & Foerster (with a copy to the Special Master) and identify, in writing, a) the Downloaded Materials, and any copies, excerpts, or summaries of the Downloaded Materials, and b) the work at Uber Technologies, Inc., Ottomotto LLC, or Otto Trucking LLC  that used or referenced them.

**Eighth**, if you become aware of any breach of the above or suspect such a breach, you must immediately notify Special Master John Cooper or federal District Court Judge William Alsup of the Northern District of California (whose contact information is at the bottom of this letter). Breaches of the above directives would include, for example, Mr. Levandowski continuing to have any role or responsibility pertaining to LiDAR, Mr. Levandowski communicating with anyone on the subject of LiDAR, or Mr. Levandowski continuing to have possession, custody, or control of any Downloaded Materials, or copies, excerpts, or summaries of Downloaded Materials.

In addition to complying with the above directives, you must complete the attached certification form and send it to [DESIGNATED MORRISON & FOERSTER EMAIL ADDRESS] by no later than May 19, 2017.

Thank you.

**Morrison & Foerster LLP**
C/O Arturo Gonzalez
425 Market Street
San Francisco  94105-2482
(415) 268-7020
agonzalez@mofo.com

**Special Master John Cooper**
Russ Building
235 Montgomery Street
17th Floor
San Francisco, California  94104

415.954.4410
jcooper@fbm.com

**District Judge William H. Alsup**
San Francisco Courthouse, Courtroom 8 - 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

**CERTIFICATION FORM**

I, the undersigned _____, hereby certify to the accuracy of the following:

**Question No. 1**
Do you possess any Downloaded Materials, or any copies, excerpts, or summaries of
Downloaded Materials?
Yes _____      No _____

(If you answer "Yes" to Question No. 1, you must immediately refrain from consulting, copying,
or otherwise using them.  You must also immediately notify Morrison & Foerster)

**Question No. 2**
If you answered "Yes" to Question No. 1, do you permit Morrison & Foerster to recover from
your possession, by no later than May 22, 2017, all Downloaded Materials, and any copies,
excerpts of summaries of Downloaded Materials?
Yes _____      No _____

**Question No. 3**
Are you aware of any Downloaded Materials, or any copies, excerpts, or summaries of
Downloaded Materials in the possession, custody, or control of anyone else?
Yes _____      No _____

(If you answer "Yes" to Question No. 3, you must immediately notify Morrison & Foerster, with
a copy to the Special Master, and identify, in writing, a) the Downloaded Materials, and any
copies, excerpts, or summaries of the Downloaded Materials, and b) who has them)

**Question No. 4**
If you answered "Yes" to Question No. 3, will you cooperate with Morrison & Foerster to the
utmost of your ability to assist them in recovering from that person the Downloaded Materials,
and any copies, excerpts of summaries of Downloaded Materials?
Yes _____      No _____

**Question No. 5**
Are you aware of any Downloaded Materials, or any copies, excerpts, or summaries of
Downloaded Materials that were in the possession, custody, or control of either you or someone
else but that no longer exist (e.g., have been deleted or otherwise disposed of)?
Yes _____      No _____

(If you answered "Yes" to Question No. 5, you must immediately notify Morrison & Foerster,
with a copy to the Special Master, and identify, in writing, a) the Downloaded Materials, and any
copies, excerpts, or summaries of the Downloaded Materials, and b) what happened to them)

**Question No. 6**

Are you aware that any Downloaded Materials, or any copies, excerpts, or summaries of Downloaded Materials, have been used or referenced in any way in work at Uber Technologies, Inc., Ottomotto LLC, or Otto Trucking LLC?
Yes _____       No _____

(If you answered "Yes" to question No. 6, you must immediately notify Morrison & Foerster, with a copy to the Special Master, and identify, in writing, a) the Downloaded Materials, and any copies, excerpts, or summaries of the Downloaded Materials, and b) the work at Uber Technologies, Inc., Ottomotto LLC, or Otto Trucking LLC  that used or referenced them)

**Question No. 7**
Do you agree to refrain from communicating with Mr. Levandowski on the subject of LiDAR?
Yes _____       No _____

**Question No. 8**
Do you agree to immediately notify Special Master John Cooper or federal District Court Judge William Alsup of the Northern District of California if you become aware of any instance after the date of this certification of a) Mr. Levandowski having any role or responsibility pertaining to LiDAR, b) Mr. Levandowski communicating with anyone on the subject of LiDAR, or c) Mr. Levandowski having possession, custody, or control of any Downloaded Materials, or copies, excerpts, or summaries of Downloaded Materials?

Yes _____       No _____

_____
Name:
Date:

**EXHIBIT 2**

Dear Mr. Levandowski:

I write in connection with a recent Order issued by federal District Court Judge William H. Alsup in the case entitled *Waymo LLC v. Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA (N.D. Cal.).  A copy of that Order is enclosed for your reference.  You are hereby instructed that you must, upon penalty of termination, comply with the following directives.

**First**, you are hereby removed from any role or responsibility pertaining to LiDAR (Laser Detection and Ranging).  This includes, but is not limited to, any role or responsibility pertaining to LiDAR devices, LiDAR development or LiDAR data.  You are prohibited from accessing any LiDAR information at Uber Technology, Inc., Ottomotto LLC, or Otto Trucking LLC.  You are prohibited from physically accessing any offices or facilities that host LiDAR information at Uber Technology, Inc., Ottomotto LLC, or Otto Trucking LLC.  If you violate these prohibitions, you must immediately notify Morrison & Foerster LLP and the Special Master, whose contact information is at the bottom of this letter.

**Second**, you must immediately refrain from communicating with any officer, director (including members of the board of directors), employee, contractor, attorney (with the sole exception of the law firm of Morrison & Foerster LLP, and only as necessary to assist them in connection with this litigation), supplier, consultant, or customer of Uber Technologies, Inc., Ottomotto LLC, or Otto Trucking on the subject of LiDAR.

**Third**, you must immediately refrain from consulting, copying, or otherwise using any materials that you downloaded from Waymo LLC, Google Inc., Alphabet Inc. or any Waymo LLC corporate affiliate ("Waymo"), and kept upon leaving Waymo's employment, regardless of how long you kept them for and whether or not any such materials qualify as trade secrets or proprietary or confidential information (the "Downloaded Materials"), as well as any copies, excerpts or summaries of Downloaded Materials.

**Fourth**, you must immediately contact Morrison & Foerster LLP, whose information is at the bottom of this letter, and notify them of any Downloaded Materials, or any copies, excerpts or summaries of Downloaded Materials in your possession, custody, or control.  You must then permit Morrison & Foerster to recover from your possession, custody, and control, by no later than May 19, 2017, all Downloaded Materials, or any copies, excerpts of summaries of Downloaded Materials, so that they may be returned to Waymo or the District Court for the Northern District of California and destroyed from your files.

**Fifth**, if you are aware of any Downloaded Materials, or any copies, excerpts, or summaries of Downloaded Materials in the possession, custody, or control of anyone else, you must immediately notify Morrison & Foerster LLP.  You must then cooperate with Morrison & Foerster to the utmost of your ability to assist them in recovering from that person the

Downloaded Materials, or any copies, excerpts or summaries of the Downloaded Materials, so that they may be returned to Waymo or the District Court for the Northern District of California.

**Sixth**, If you are aware of any Downloaded Materials, or any copies, excerpts, or summaries of Downloaded Materials, that were in the possession, custody, or control of either you or someone else but that no longer exist (e.g., have been deleted or otherwise disposed of), you must immediately notify Morrison & Foerster (with a copy to the Special Master) and identify, in writing, a) the Downloaded Materials, and any copies, excerpts, or summaries of the Downloaded Materials, and b) what happened to them.

**Seventh**, if you are aware that any Downloaded Materials, or any copies, excerpts, or summaries of Downloaded Materials, have been used or referenced in any way in work at Uber Technologies, Inc., Ottomotto LLC, or Otto Trucking LLC, you must immediately notify Morrison & Foerster (with a copy to the Special Master) and identify, in writing, a) the Downloaded Materials, and any copies, excerpts, or summaries of the Downloaded Materials, and b) the work at Uber Technologies, Inc., Ottomotto LLC, or Otto Trucking LLC  that used or referenced them.

**Eighth**, you must make available for inspection by Morrison & Foerster, the Special Master, and a forensic auditing expert of the Special Master's choosing, all electronic media in your possession, custody, or control.

In addition to complying with the above directives, you must complete the attached certification form and send it to [DESIGNATED MORRISON & FOERSTER EMAIL ADDRESS] by no later than May 19, 2017.

Thank you.  If you have any questions about compliance with any of these directives, please contact Morrison & Foerster.

**Morrison & Foerster LLP**
C/O Arturo Gonzalez
425 Market Street
San Francisco  94105-2482
(415) 268-7020
agonzalez@mofo.com

**Special Master John Cooper**
Russ Building
235 Montgomery Street
17th Floor
San Francisco, California  94104
415.954.4410
jcooper@fbm.com

**District Judge William H. Alsup**
San Francisco Courthouse, Courtroom 8 - 19th Floor

450 Golden Gate Avenue, San Francisco, CA 94102

**CERTIFICATION FORM**

I, Anthony Levandowski, hereby certify to the accuracy of the following:

**Question No. 1**
Do you possess any Downloaded Materials, or any copies, excerpts, or summaries of
Downloaded Materials?
Yes _____        No _____

(If you answer "Yes" to Question No. 1, you must immediately refrain from consulting, copying,
or otherwise using them.  You must also immediately notify Morrison & Foerster)

**Question No. 2**
If you answered "Yes" to Question No. 1, do you permit Morrison & Foerster to recover from
your possession, by no later than May 22, 2017, all Downloaded Materials, and any copies,
excerpts of summaries of Downloaded Materials?
Yes _____        No _____

**Question No. 3**
Are you aware of any Downloaded Materials, or any copies, excerpts, or summaries of
Downloaded Materials in the possession, custody, or control of anyone else?
Yes _____        No _____

(If you answer "Yes" to Question No. 3, you must immediately notify Morrison & Foerster, with
a copy to the Special Master, and identify, in writing, a) the Downloaded Materials, and any
copies, excerpts, or summaries of the Downloaded Materials, and b) who has them)

**Question No. 4**
If you answered "Yes" to Question No. 3, will you cooperate with Morrison & Foerster to the
utmost of your ability to assist them in recovering from that person the Downloaded Materials,
and any copies, excerpts of summaries of Downloaded Materials?
Yes _____        No _____

**Question No. 5**
Are you aware of any Downloaded Materials, or any copies, excerpts, or summaries of
Downloaded Materials that were in the possession, custody, or control of either you or someone
else but that no longer exist (e.g., have been deleted or otherwise disposed of)?
Yes _____        No _____

(If you answered "Yes" to Question No. 5, you must immediately notify Morrison & Foerster,
with a copy to the Special Master, and identify, in writing, a) the Downloaded Materials, and any
copies, excerpts, or summaries of the Downloaded Materials, and b) what happened to them)

**Question No. 6**

Are you aware that any Downloaded Materials, or any copies, excerpts, or summaries of Downloaded Materials, have been used or referenced in any way in work at Uber Technologies, Inc., Ottomotto LLC, or Otto Trucking LLC?
Yes _____     No _____

(If you answered "Yes" to question No. 6, you must immediately notify Morrison & Foerster, with a copy to the Special Master, and identify, in writing, a) the Downloaded Materials, and any copies, excerpts, or summaries of the Downloaded Materials, and b) the work at Uber Technologies, Inc., Ottomotto LLC, or Otto Trucking LLC  that used or referenced them)

**Question No. 7**
Do you agree to refrain from communicating with any officer, director (including members of the board of directors), employee, contractor, attorney (with the sole exception of the law firm of Morrison & Foerster LLP, and only as necessary to assist them in connection with this litigation), supplier, consultant, or customer of Uber Technologies, Inc., Ottomotto LLC, or Otto Trucking on the subject of LiDAR?
Yes _____     No _____

**Question No. 8**
Do you agree to immediately notify Special Master John Cooper or federal District Court Judge William Alsup of the Northern District of California if you become aware of any instance after the date of this certification of you a) having any role or responsibility pertaining to LiDAR, b) communicating with any officer, director (including members of the board of directors), employee, contractor, attorney (with the sole exception of the law firm of Morrison & Foerster LLP, and only as necessary to assist them in connection with this litigation), supplier, consultant, or customer of Uber Technologies, Inc., Ottomotto LLC, or Otto Trucking on the subject of LiDAR, or c) having possession, custody, or control of any Downloaded Materials, or copies, excerpts, or summaries of Downloaded Materials?
Yes _____     No _____

**Question No. 9**
Do you agree to  make available for inspection by Morrison & Foerster, the Special Master, and a forensic auditing expert of the Special Master's choosing, all electronic media in your possession, custody, or control?
Yes _____     No _____


_____
Name:
Date:

**EXHIBIT 3**

Dear Sir/Madam:

I write in connection with a recent Order issued by federal District Court Judge William H. Alsup in a trade secret misappropriation, unfair competition, and patent infringement case entitled *Waymo LLC v. Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA (N.D. Cal.). In that Order, a copy of which is enclosed for your reference, the District Court has entered a preliminary injunction against Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC. In order to ensure that Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC adhere to the Court's injunction, you are hereby instructed that you must, upon penalty of termination of our contractual relationship(s), comply with the following directives.

**First**, Anthony Levandowski, Uber Technology, Inc.'s Vice President of Engineering, is hereby removed from any role or responsibility pertaining to LiDAR (Laser Detection and Ranging). This includes, but is not limited to, any role or responsibility pertaining to LiDAR devices, LiDAR development or LiDAR data. Mr. Levandowski is prohibited from accessing any LiDAR information at Uber Technology, Inc., Ottomotto LLC, or Otto Trucking LLC. He is prohibited from physically accessing any offices or facilities that host LiDAR information at Uber Technology, Inc., Ottomotto LLC, or Otto Trucking LLC.

**Second**, you must immediately refrain from communicating with Mr. Levandowski on the subject of LiDAR.

**Third**, if you are aware of any materials that Mr. Levandowski downloaded from Waymo LLC, Google Inc., Alphabet Inc. or any Waymo LLC corporate affiliate ("Waymo"), and kept upon leaving Waymo's employment, regardless of how long he kept them for and whether or not any such materials qualify as trade secrets or proprietary or confidential information (the "Downloaded Materials"), or any copies, excerpts or summaries of Downloaded Materials, that are in Mr. Levandowski's possession, custody, or control, you must immediately notify the law firm of Morrison & Foerster LLP, whose information is at the bottom of this letter. You must then cooperate with Morrison & Foerster to the utmost of your ability to assist them in recovering from Mr. Levandowski the Downloaded Materials, or any copies, excerpts or summaries of the Downloaded Materials, so that they may be returned to Waymo or the District Court for the Northern District of California and destroyed from Mr. Levandowski's files.

**Fourth**, if you become aware of any breach of the above or suspect such a breach, you must immediately notify Special Master John Cooper or federal District Court Judge William Alsup of the Northern District of California (both of whose contact information is at the bottom of this letter). Breaches of the above directives would include, for example, Mr. Levandowski continuing to have any role or responsibility pertaining to LiDAR, Mr. Levandowski communicating with anyone on the subject of LiDAR, or Mr. Levandowski continuing to have possession, custody, or control of any Downloaded Materials, or copies, excerpts, or summaries of Downloaded Materials.

In addition to complying with the above directives, please confirm receipt of this letter by no later than May 19, 2017.


Thank you.

**Morrison & Foerster LLP**
C/O Arturo Gonzalez
425 Market Street
San Francisco  94105-2482
(415) 268-7020
agonzalez@mofo.com

**Special Master John Cooper**
Russ Building
235 Montgomery Street
17th Floor
San Francisco, California  94104
415.954.4410
jcooper@fbm.com

**District Judge William H. Alsup**
San Francisco Courthouse, Courtroom 8 - 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

**EXHIBIT 4**

Dear Sir/Madam:

I write in connection with a recent Order issued by federal District Court Judge William H. Alsup in a trade secret misappropriation, unfair competition, and patent infringement case entitled *Waymo LLC v. Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA (N.D. Cal.).  In that Order, a copy of which is enclosed for your reference, the District Court has entered a preliminary injunction against Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC.  In order to ensure that Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC adhere to the Court's injunction, you are hereby notified of the following directives.

**First**, Anthony Levandowski, Uber Technology, Inc.'s Vice President of Engineering, is hereby removed from any role or responsibility pertaining to LiDAR (Laser Detection and Ranging).

**Second**, all of Uber Technologies, Inc.'s, Ottomotto LLC's, and Otto Trucking LLC's officers, directors, employees, agents, suppliers, consultants, and customers must immediately refrain from communicating with Mr. Levandowski on the subject of LiDAR.

**Third**, Mr. Levandowski is hereby prohibited from consulting, copying, or otherwise using any materials that he downloaded from Waymo LLC, Google Inc., Alphabet Inc. or any Waymo LLC corporate affiliate ("Waymo"), and kept upon leaving Waymo's employment ("Downloaded Materials"), or any copies, excerpts or summaries of Downloaded Materials.

If you become aware of any breach of the above or suspect such a breach, you should promptly notify Special Master John Cooper or federal District Court Judge William Alsup of the Northern District of California.  Breaches of the above directives would include, for example, Mr. Levandowski continuing to have any role or responsibility pertaining to LiDAR, Mr. Levandowski communicating with anyone on the subject of LiDAR, or Mr. Levandowski continuing to have possession, custody, or control of any Downloaded Materials, or copies, excerpts, or summaries of Downloaded Materials.  Your cooperation is appreciated.

Thank you.