# EXHIBIT G

| | |
|---|---|
| **From:** | James Judah |
| **Sent:** | Wednesday, May 17, 2017 3:09 PM |
| **To:** | jcooper@fbm.com; Gonzalez, Arturo J.; Chatterjee, Neel; David Perlson |
| **Cc:** | CTapernoux@mofo.com |
| **Subject:** | RE: Uber/Waymo - Objections to Waymo's Proposed Protocol |

Special Master Cooper –

Now that Defendants have belatedly provided a proposed protocol (Defendants' Objections, Section III: "Uber's Proposed Protocol"), to extent it is considered at all, Waymo provides the following objections and comments.

Uber's Proposed Protocol.  Uber's Proposed Protocol is woefully inadequate.  The Order provides that the "special master" – not Uber, and certainly not **Anthony Levandowski** – "shall monitor and verify said compliance."  Yet Defendants essentially propose that they self-regulate compliance with the vast majority of the Court's provisional relief.  Instead of taking steps to prevent Mr. Levandowski from continuing to consult the downloaded files (such as by searching his electronic devices, restricting his network access from personal laptops, and preventing him from bringing personal devices into LiDAR facilities), Defendants suggest that explaining the Court's directives and putting Mr. Levandowski on the honor system is sufficient.  And Defendants apparently do not intend to ask Mr. Levandowski to certify compliance with the Court's directives, or permit the Special Master any ability to verify that the undisclosed letter that they say they emailed has even been seen by Mr. Levandowski.  If Defendants have concerns with the exact verbiage in Waymo's Exhibit 2, we are open to edits – but the substance of that letter, and of the attached certification of compliance, is plainly required by the Court's Order (nor have Defendants made any objections to any of the substance of the letter or certification, which largely uses language lifted directly from the Court's Order).  And contrary to Uber's Proposed Protocol, Waymo does not agree to ex parte communications between Defendants and the Special Master sharing an unvetted letter purporting to convey the Court's directives.  Uber should share with Waymo whatever letters or correspondence it has sent or plans to send in seeking to comply with the Court's Order.

Uber's Proposed Protocol repeatedly attempts to narrow the Court's requirements.  The Order requires that Defendants exercise "the full extent of their corporate, employment, contractual, and other authority," and "take all steps in the power" to get the downloaded materials away from Mr. Levandowski and back to Waymo immediately, but by no later than May 31 – such as by firing him if he refuses to give them back in advance of that deadline. (Paragraphs 2 and 3, fn 9.) Instead, Defendants propose that merely **threatening** employment sanctions on an open-ended timetable enough.  The order requires inspections by "Waymo's **counsel** and one expert."  Instead, Defendants offer a single ("the") inspection "by **one** Waymo lawyer and one expert."  The Order requires a protocol "for the special master to visit defendants' facilities and monitor communications as necessary to ensure that Anthony Levandowski remains sealed off from LiDAR activities."  Instead, Defendants would deny the Special Master any ability to monitor communications, or visit Defendants' facilities (other than the invitation that he is "welcome to attend" Waymo's Paragraph 6 inspection).  Indeed, Defendants do not even propose a protocol for Paragraph 7.  Most of Defendants' objections to Waymo's proposals are based on burden.  But that is not a proper objection where the proposed protocol (such as searching Mr. Levandowski for personal devices before he enters LiDAR facilities or sealing off LiDAR servers from his network access) effects the Court's Order that Defendants "take all steps in their power" to prevent Mr. Levandowski from further using the downloaded materials to develop LiDAR technology for Uber.  Nor would Defendants' burden objections be well taken under a less stringent Order.  For example, if Mr. Levandowski needs to call his criminal attorney while working at one of Defendants' LiDAR facilities, he can step outside the building, use an Uber-issued work phone, or call from a landline.

Uber's Requests for Clarification.  Waymo does not oppose a request for clarification that "customers," "suppliers," "consultants," and "agents" (as used in Paragraphs 2 and 3 only) should be limited to Defendants' customers, suppliers,

1

consultants, and agents related to LiDAR.  Moreover, Waymo does not oppose splitting Exhibit 1 (the letter to Defendants' officers, directors, and employees) into two letters – one attaching a certification form, and the other not.  The letter with the certification form would be sent to any of Defendants' officers, directors, employees, or agents who a) were identified in response to Court-Ordered Interrogatory No. 1 (i.e., have communicated with Mr. Levandowski regarding LiDAR), b) were identified in response to the Court's Order re Discovery Hearing Tomorrow (Dkt. 144) as "officers, directors, and employees … who have had LiDAR-related responsibilities or projects," as well as any other current officers, directors, and employees who would be responsive to that Order, or c) were involved in the acquisition of Ottomotto.  The letter without the certification would be sent to all other officers, directors, or employees.

Defendants' vague objection to the requirements of Paragraph 4 states that they intend to violate – as they apparently believe they can do at their own discretion – the requirements thereof.  That is obviously improper, and only further shows why Section III of Waymo's Proposed Protocol is necessary and why Uber's "take my word for it" approach to compliance with the Court's Order is not workable and not credible.

Thank you,
James

**From:** Tapernoux, Camila A. [mailto:CTapernoux@mofo.com]
**Sent:** Tuesday, May 16, 2017 4:02 PM
**To:** John Cooper <JCooper@fbm.com>
**Cc:** Chatterjee, Neel <NChatterjee@goodwinlaw.com>; David Perlson <davidperlson@quinnemanuel.com>; Gonzalez, Arturo J. <AGonzalez@mofo.com>
**Subject:** Uber/Waymo - Objections to Waymo's Proposed Protocol

Special Master Cooper,

Please see attached.

Thank you,
Camila

Camila Tapernoux
415.268.6273 (P)


============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.