# EXHIBIT H



Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com
+1 650 752 3100

May 16, 2017

**VIA E-MAIL**
**jcooper@fbm.com**

John L. Cooper
Farella Braun + Martel LLP

Re:   Waymo LLC v. Uber Technologies, Inc., No. 3:17-cv-00939-WHA (N.D. Cal.)

Dear Mr. Cooper:

I am writing to provide Otto Trucking's objections to Waymo's proposed protocols in response to the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 427.)  Otto Trucking believes that the injunction order is overly broad and improperly entered.  This submission should not be construed as any waiver to its rights to challenge the injunction itself.

In the interest of complying with the Special Master's request, Otto Trucking offers the following observations about Waymo's proposals.  In a nutshell, Otto Trucking believes that an entirely new approach to compliance is necessary.

Waymo's protocols extend far beyond the express relief ordered by the Court, which, as the Court noted, is "narrowly-tailored" and "mainly prohibits Levandowski from working on Uber's LiDAR."  (*Id.* at 2, 22.)  Rather than providing narrowly-tailored procedures, Waymo seeks to impose conditions that (1) do not relate in any way to the "downloaded materials" (*id.* at 21) or to work on Uber's LiDAR and (2) would place an undue burden on Mr. Levandowski's ability to perform any work at Uber, including work wholly unrelated to LiDAR.  Further, the proposed protocols require countless signatures and forms to be filled out, and also require the waiver of Fifth Amendment privileges as well as the attorney-client privilege.  Thus, to the extent any documents are provided by or originate from Mr. Levandowski, they should only be submitted *in camera*.

Otto Trucking objects to Waymo's proposed protocols for at least the following reasons:

Paragraph I and letter attached as Exhibit 1

The injunction order has no requirement that any certification forms be signed.  Paragraph 2 of the Court's order simply indicates that Uber must exercise its corporate powers in writing for the purposes set forth in Paragraph 2.  Such a procedure would be extremely burdensome.  Moreover, Waymo seeks

ACTIVE/91000565.2



May 16, 2017
Page 2

to impose conditions relating to certification, such as termination, that are not specifically called out in the order.  For these reasons, Waymo's request exceeds the Court's order.

The verification protocol set forth in Paragraph I.B. is also unwarranted.  Initially, Otto Trucking has no employees, making compliance an impossibility.  Second, the certifications are unnecessary and beyond the scope of the Court's order.  Third, the provision imposes time deadlines on the Special Master that are nowhere mentioned in the order.

Paragraph II.A.2 and letter attached as Exhibit 2

Paragraph II of Waymo's proposed protocol is directed to paragraph 3 of the Court's injunction order.  In its "compliance" proposal, Waymo seeks to require Mr. Levandowski to "make available for inspection by Morrison & Foerster, the Special Master, and a forensic auditing expert of the Special Master's choosing, **all electronic media** in [Mr. Levandowski's] possession, custody, or control."  (Letter Exhibit 2 at 2 (emphasis added); *see also* Waymo's Proposed Protocols ¶ II.A.2.)

As an initial matter, Otto Trucking has no authority over Mr. Levandowski as he is not an employee.  Nevertheless, the provision is not narrowly-tailored to the scope of the Court's order.  Pragraph 3 of the Court's order says nothing of imaging or providing electronic media.

The Exhibit 2 certification is also not required by the order.  The order does not require any forensic imaging; rather, paragraph 2 of the injunction order is directed to a job restriction, not protection of materials.  Furthermore, the certification would require waiver of at least the Fifth Amendment and attorney-client privileges.

Paragraphs II.A.3 and 4

As above, the Court's order does not require any type of certification—and certainly not as a condition of new or continued employment of Defendants' employees.  For the reasons stated above, these paragraphs and the letter at Exhibit 1 are objectionable as beyond the scope of the order.

Paragraph II.A.7

Otto Trucking does not perform research and development of LiDAR technologies.  Yet, this paragraph requires Defendants to "de-authorize, bar, or otherwise prohibit any of Mr. Levandowski's personal devices (i.e., those not issued and controlled by Defendants) from accessing any of Defendant's networks, servers, infrastructure, or systems."  As above, there is nothing in this provision specifically limiting Mr. Levandowski's personal-device access to material referenced in the Court's order, *i.e.*, "downloaded materials" or work related to Uber's LiDAR.  This provision would therefore place an undue burden on Mr. Levandowski's ability to perform any other work at Uber aside from LiDAR.  Otto Trucking would like confirmation that this provision is unnecessary as to it, as it does not perform this type of work.



May 16, 2017
Page 3

Paragraph II.A.8

Paragraph II.A.8 requires Defendants to "instruct security and/or reception personnel at each of Defendants' offices or facilities that hosts LiDAR-related personnel or work that Mr. Levandowski must be searched before entering any such premises and that personal devices must be confiscated and not allowed into the office or location. Mr. Levandowski's access to the physical premises must be limited to only those areas which do not include LIDAR, including LIDAR devices, LIDAR data or LIDAR development. If Mr. Levandowski gains access to or physically enters an area pertaining to LIDAR, Defendants shall immediately inform the Special Master, in writing, and explain the violation."

As a first matter, the Court's order does not authorize Waymo to impose search-and-seizure obligations on Defendants nor does it require Mr. Levandowski to agree to any such procedures.  Otto Trucking has no employees and thus enforcing such obligations would be impossible.  Moreover, the proposed procedure would be a prohibitive obstacle to Mr. Levandowski's ability to do work at Uber, as Uber's buildings and premises with LiDAR-related information invariably contain information for other projects.  Once again, Otto Trucking does not engage in LiDAR-related development and, as such, this provision should not apply to them.

Paragraph II.A.9

Waymo requests that Defendants "disable Mr. Levandowski's authorization to access any servers, repositories, or systems that host LiDAR-related material, as well as add additional password-protection to any such servers, repositories, or systems with a  password that Mr. Levandowski is prohibited from receiving."  Mr. Levandowski objects to this paragraph because it would place an undue burden on Mr. Levandowski's ability to perform any work at Uber, as servers, repositories, and systems with LiDAR-related materials contain other information relevant to Mr. Levandowski's work.  Mr. Levandowski would not object to password protection for the parts of any servers, repositories, or systems that contain LiDAR-related materials.

Paragraph II.B

The injunction order does not require the verification protocol set forth in Paragraph II.B.  Notably, the protocol would require the waiver of Mr. Levandowski's Fifth Amendment privilege as well as the attorney-client privilege.  Furthermore, the order does not call for numerous interviews of Defendants' employees, customers, and suppliers by the Special Master.  This procedure would be burdensome, particularly to various third-party customers and suppliers that have no involvement in the case.  Finally, as above, the certification procedure Waymo seeks to impose is not set forth in the injunction order.

Paragraph II.C

The requirements that the Special Master be provided with access to the email, phone, electronic chat accounts, or other means of communication of any LiDAR Personnel and be permitted to attend LiDAR-



May 16, 2017
Page 4

related meetings is extremely burdensome on the Special Master and intrusive to Defendants and their employees.  The Court's order does not require such unfettered access to Defendants' communications that are not directly related to the "downloaded materials."

We look forward to discussing this matter with you tomorrow.

Sincerely,

I. Neel Chatterjee

Neel Chatterjee