UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br>            Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.,<br>            Defendants. | CASE NO. 3:17-cv-00939<br><br>**[PROPOSED] ORDER RE: SPECIAL MASTER'S MONITORING AND VERIFICATION PROTOCOL** |

Pursuant to the Court's May 11, 2017 Order (ECF No. 426), the Court hereby orders the following protocol by which the Special Master will monitor and verify the compliance of Defendants Uber Technologies, Inc., Ottomotto, LLC, and Otto Trucking, LLC (collectively "Defendants") with the Court's May 11, 2017 Order:

**I.  SPECIAL MASTER'S *EX PARTE* COMMUNICATIONS WITH DEFENDANTS**

Paragraph 7 of the May 11, 2017 Order (the "May 11 Order" or the "Order") provides in part:

> Defendants shall keep complete and accurate records of their compliance with all of the foregoing requirements, including directives given to Anthony Levandowski and others. The special master shall monitor and verify said compliance.

The Court has previously ordered that the Special Master "shall not engage in substantive ex parte communications with the Court or with the Parties except as ordered by the Court or as agreed by the parties." ECF No. 235 at 2.

The parties have agreed, and the Court likewise finds, that Special Master must engage in limited *ex parte* substantive communications with Defendants, including their officers and employees,

in order to monitor and verify their compliance with the May 11 Order. Accordingly, it is hereby ordered that Special Master and his assistants may, pursuant to the below protocols, unilaterally interview Defendants and their employees and may engage with Defendants' counsel to review and analyze Defendants' efforts to comply with the Order.

Defendants may not initiate ex parte communications with the Special Master except to forward, without any attorney commentary, records of compliance (such as written instructions or directives to employees or suppliers). Defendants shall promptly notify Waymo of all ex parte communications, including the nature of the communication (for example, telephonic conference), the duration (if oral), the participants, and the general subject matter. To the extent the Special Master engages with Defendants' counsel only (as opposed to interviewing Defendants' officers and employees), the Special Master shall attempt to include counsel for Waymo in the communication when possible.

Special Master and his assistants shall have immediate and constant access to the records of compliance the Court has ordered Defendants to compile. If the Special Master determines that Defendants' efforts to comply with the May 11 Order are inadequate in any way, he will have the authority to confer with all parties about his initial determinations and request immediate correction of any identified deficiencies. Any refusal by Defendants to bring their conduct or records into conformance with the Special Master's comments shall be reported to the Court.

As part of his discussions with the parties about Defendants' compliance with the May 11 Order, the Special Master will have the discretion to share with Waymo any information or documents that Defendants provide the Special Master pursuant to this Proposed Order and/or the May 11 Order. In addition to this discretionary authority to share information or documents, the Special Master shall be required to share with Waymo information specific to Defendants' compliance or non-compliance with the Court's Order, as set forth below ("Required Disclosures"). The Special Master shall not share any such information or documents with Waymo until he first notifies Defendants of his intent to do so and allows Defendants reasonable time, not to exceed 24 hours, to determine whether to take any action with the Court to prevent the disclosure to Waymo or to make any confidentiality

designations to the information under the protective order applicable to this case. For the purposes of this Proposed Order, the foregoing shall be referred to the "Disclosure Protocol."

## II. PROHIBITION ON THE USE OF THE "DOWNLOADED MATERIALS" AND THEIR RETURN TO WAYMO

The Court has ordered Defendants to "immediately and in writing exercise the full extent of their corporate, employment, contractual, and other authority to" prevent Anthony Levandowksi and "all other officers, directors, employees, and agents of" Defendants from using the downloaded materials in any way (excepting their use by Defendants' counsel and experts "in defending this civil action." See ECF No. 426 at 23. The Court further ordered Defendants to "exercise the full extent of their corporate, employment, contractual, and other authority" to require Mr. Levandowksi and "all other officers, directors, employees, and agents of" Defendants to return the downloaded materials to Waymo or the Court by noon on **May 31, 2017**. See id.

The Special Master's monitoring and verification of Defendants' compliance with this portion of the May 11 Order requires that:

- Defendants shall immediately and continuously provide the Special Master the writings and communications Defendants are required to make to carry out this provision.

- On Monday, May 22, 2017, at 2 p.m. and every 48 hours thereafter, Defendants shall submit to the Special Master a detailed summary of all of Defendants' efforts to comply with these requirements.

- Upon his request to Defendants, Defendants shall immediately make their facilities available to the Special Master as per the May 11 Order, if deemed necessary to determine whether Defendants have complied with the Order.

- If the Special Master determines that he must interview any of Defendants' employees or agents, including Anthony Levandowski, in order to verify Defendants' compliance with this provision of the May 11 Order, Defendants shall, within 48 hours of the Special Master's request, make the individual(s) available to the Special Master for an interview.

- Subject to the Disclosure Protocol, the Special Master shall have the discretion to share with Plaintiff the records of compliance submitted by Defendants and the Special Master's findings from any visit of Defendants' facilities.
- Subject to the Disclosure Protocol, the following are Required Disclosures (by May 25):
  - Whether Anthony Levandowski has permitted Defendants to inspect all electronic devices in his possession, custody, or control, and certified in writing that the electronic devices provided for inspection are in fact all such devices;
  - Whether Defendants have inspected all of Anthony Levandowski's personal electronic devices in order to locate the downloaded materials;
  - Whether Anthony Levandowski has certified in writing that he does not have the downloaded materials;
  - Whether Anthony Levandowski has certified in writing that he will not consult, copy, or otherwise use the downloaded materials;
  - Whether Defendants have required all officers, directors, and employees to certify in writing that they do not have the downloaded materials;
  - Whether, to the extent Anthony Levandowski or any other of Defendants' officers, directors, and employees refuse to comply with any of the above directives or certifications, Defendants have terminated that officer, director, or employee's corporate, employment, and contractual relationships with Defendants.
  - By way of example only, if Anthony Levandowski refuses to certify in writing that he does not have the downloaded materials, and Defendants have not fired him, that would be a Required Disclosure.
- Defendants shall immediately rectify any deficiencies the Special Master identifies in Defendants' compliance with the May 11 Order. The Special Master shall report to the Court any refusal by Defendants to do so.

## III. REMOVAL OF ANTHONY LEVANDOWKSI FROM DEFENDANTS' LIDAR-RELATED ACTIVITIES

The Court has ordered Defendants to remove Mr. Levandowski "from any role or responsibility pertaining to LiDAR" and to "take all steps in their power to prevent him from having any communication on the subject of LiDAR with any officer, director, employee, agent, supplier, consultant, or customer of defendants." See ECF No. 426 at 23. Defendants further must prohibit Mr. Levandowksi "from consulting, copying, or otherwise using the downloaded materials in any way." Id. For simplicity's sake, this protocol and Proposed Order refers to these requirements as the "Levandowski Prohibitions." Finally, Defendants must "instruct all their officers, directors, employees, agents, suppliers, consultants, and customers in writing" of the Levandowski Prohibitions and that the "officers, directors, employees, agents, suppliers, consultants, and customers" must notify the Special Master or the Court immediately of any suspected breach of the Levandowski Prohibitions.

The parties agree that Defendants need not notify all users of Uber's mobile application and/or other individuals who have no relation to the technology at issue in this case. Pursuant to the agreement of the parties, the Special Master envisions that Defendants will satisfy the May 11 Order's requirement to notify certain groups of individuals about the Levandowski Prohibitions if they instruct (1) all of Defendants' officers, directors, and employees; (2) anyone who acts in any way on Defendants' behalf with respect to any LiDAR-related activities; (3) any people or entities who supply any products or services related in any way to the development, research, or use of LiDAR or self-driving vehicles; and (4) any people or entities who purchase or otherwise obtain from Defendants any products or services related in any way to LiDAR or self-driving vehicles.

The Special Master's monitoring and verification of Defendants' compliance with this portion of the May 11 Order, construed as discussed above, requires that:

- Defendants shall immediately and continuously provide the Special Master the records of compliance required by the May 11 Order.

- Upon his request to Defendants, Defendants shall immediately make their facilities available to the Special Master as per the May 11 Order, if deemed necessary to determine whether Defendants have complied with this Order.
- If the Special Master determines that he must interview any of Defendants' employees or agents in order to verify Defendants' compliance with this provision of the May 11 Order, Defendants shall, within 48 hours of the Special Master's request, make the individual(s) available to the Special Master for an interview.
- Subject to the Disclosure Protocol, the Special Master shall have the discretion to share with Plaintiff the records of compliance submitted by Defendants and the Special Master's findings from any visit of Defendants' facilities.
- Subject to the Disclosure Protocol, the following are Required Disclosures (by May 25):
    - Whether all of the following have received written instructions of the Levandowski Prohibitions: (1) all of Defendants' officers, directors, and employees; (2) anyone who acts in any way on Defendants' behalf with respect to any LiDAR-related activities; (3) any people or entities who supply any products or services related in any way to the development, research, or use of LiDAR or self-driving vehicles; and (4) any people or entities who purchase or otherwise obtain from Defendants any products or services related in any way to LiDAR or self-driving vehicles;
    - Whether Anthony Levandowski has any role or responsibility pertaining to LiDAR, including third party LiDAR or LiDAR data;
    - Whether Anthony Levandowski has any direct reports, or anyone in his chain of command, with any role or responsibility pertaining to LiDAR;
    - Whether Anthony Levandowski has certified in writing that he will comply with the Levandowski Prohibitions;
    - Whether Anthony Levandowsk has authorization or access to any servers, repositories, or systems that host LiDAR-related material,

- Whether all servers, repositories, or systems that host LiDAR-related material are password protected with a password that Mr. Levandowski is prohibited from receiving;

- Whether Defendants have de-authorized, barred, or otherwise prohibited all of Anthony Levandowski's personal devices (i.e., those not issued and controlled by Defendants) from accessing any of Defendants' networks, servers, infrastructure, or systems.

- Whether Defendants have instructed security and/or reception personnel at each of Defendants' offices or facilities that hosts LiDAR-related personnel or work that Anthony Levandowski must be searched before entering any such premises and that personal devices must be confiscated and not allowed into the office or facility;

- Whether Defendants have instructed security and/or reception personnel at each of Defendants' offices or facilities that hosts LiDAR-related personnel or work that Anthony Levandowski's access to the physical premises must be limited to only those areas which do not include LIDAR-related work, including LiDAR devices, LiDAR data or LiDAR development;

- Whether, to the extent Anthony Levandowski refuses to comply with any of the above directives or certifications, Defendants have terminated his contractual, employment, and contractual relationships with Defendants;

- By way of example only, if Anthony Levandowski has authorization or access to any servers, repositories, or systems that host LiDAR-related material that would be a Required Disclosure.

- Defendants shall immediately rectify any deficiencies the Special Master identifies in Defendants' compliance with the Order. The Special Master shall report to the Court any refusal by Defendants to do so.

IV. **DEFENDANTS' DETAILED ACCOUNTING**

The Court has ordered Defendants to undertake a "thorough investigation [into] and provide a detailed accounting under oath" of "every person who has seen or heard any part of any downloaded materials, what they saw or heard, when they saw or heard it, and for what purpose." ECF No. 426 at 24. The accounting, as further described in the May 11 Order, must be filed by noon on **June 23, 2017**. Id.

The Special Master's monitoring and verification of Defendants' compliance with this portion of the Order requires that:

- Defendants shall continuously provide the Special Master a roster of the individuals Defendants have interviewed and will interview Defendants are required to make to carry out this provision.

- On Monday, May 22, 2017, at 2 p.m. and every 48 hours thereafter, Defendants shall submit to the Special Master a detailed summary of all Defendants' efforts to comply with these requirements.

- Upon his request to Defendants, Defendants shall immediately make their facilities available to the Special Master, as per the Order, if deemed necessary to determine whether Defendants have complied with this Order.

- If the Special Master determines that he must interview any of Defendants' employees or agents in order to verify Defendants' compliance with this provision of the May 11 Order, Defendants shall, within 48 hours of the Special Master's request, make the individual(s) available to the Special Master for an interview.

- Subject to the Disclosure Protocol, the Special Master shall have the discretion to share with Plaintiff the records of compliance submitted by Defendants and the Special Master's findings from any visit of Defendants' facilities.

- Subject to the Disclosure Protocol, the following are Required Disclosures (by June 8):

  - Whether Defendants have interviewed in connection with this accounting 1) every person on any of Defendants' privilege logs; 2) every employee of

Defendants who has, at any time, worked for Ottomotto LLC or Otto Trucking LLC; 3) every officer, director, employee, and agent of Defendants who has ever performed any work on behalf of Defendants related in any way to the development, research, or use of LiDAR or self-driving vehicles; and 4) every officer, director, employee, and agent of Stroz Friedberg who performed any work related to the Due Diligence Report.

- Whether, in the interviews in connection with this accounting, Defendants' asked the above individuals 1) what they saw or heard about the downloaded materials 2) when they saw or heard it, and 3) for what purpose.

- By way of example only, if any person on any of Defendants' privilege logs has not been interviewed in connection with this accounting, that would be a Required Disclosure.

- Defendants shall immediately rectify any deficiencies the Special Master identifies in Defendants' compliance with the Order. The Special Master shall report to the Court any refusal by Defendants to do so.

## V. **DEFENDANTS' LOG OF MR. LEVANDOWSKI'S COMMUNICATIONS REGARDING LIDAR**

Finally, the Court has ordered Defendants to compile and serve on Plaintiff a log "of all oral and written communications . . . wherein Anthony Levandowksi mentioned LiDAR to any officer, director, employee, agent, supplier, or consultant of defendants." ECF No. 426 at 25. The chronological account, here called the "Levandowski Log," must be served on Plaintiff by noon on **June 23, 2017**. Id.

The Special Master's monitoring and verification of Defendants' compliance with this portion of the Order requires that:

- On May 22, 2017, and every Monday thereafter until service of the Levandowski Log, Defendants shall submit to the Special Master a detailed summary of all

Defendants' efforts to comply with these requirements and the chronology as it exists at the time of the update to the Special Master.

- If the Special Master determines that he must interview any of Defendants' employees or agents in order to verify Defendants' compliance with this provision of the May 11 Order, Defendants shall, within 48 hours of the Special Master's request, make the individual(s) available to the Special Master for an interview.
- Subject to the Disclosure Protocol, the Special Master shall have the discretion to share with Plaintiff the records of compliance submitted by Defendants and the Special Master's findings from any visit of Defendants' facilities.
- Defendants shall continuously provide the Special Master a roster of the individuals Defendants have interviewed and will interview Defendants are required to make to carry out this provision.
- Subject to the Disclosure Protocol, the following are Required Disclosures (by June 8):
  - Whether Defendants have interviewed in connection with this accounting 1) every person on any of Defendants' privilege logs; 2) every employee of Defendants who has, at any time, worked for Ottomotto LLC or Otto Trucking LLC; 3) every officer, director, employee, agent, supplier, or consultant of Defendants who has ever performed any work on behalf of Defendants related in any way to the development, research, or use of LiDAR or self-driving vehicles; and 4) every officer, director, employee, and agent of Stroz Friedberg who performed any work related to the Due Diligence Report.
  - Whether Defendants have reviewed, in connection with this accounting, every written communication in Defendants' possession, custody, or control between Anthony Levandowski and any person, and every document written by, contributed to, or otherwise authored by Anthony Levandowski.

- By way of example only, if Defendants have not reviewed every email in their possession, custody, or control between Anthony Levandowski and any person in connection with this accounting, that would be a Required Disclosure.
- Defendants shall immediately rectify any deficiencies the Special Master identifies in Defendants' compliance with the Order. The Special Master shall report to the Court any refusal by Defendants to do so.

**IT IS SO ORDERED.**

DATED: May ___, 2017

_____
HON. WILLIAM ALSUP
UNITED STATES DISTRICT COURT JUDGE