MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**UBER'S RESPONSE TO WAYMO'S OBJECTIONS TO SPECIAL MASTER'S PROTOCOL**<br><br>Ctrm:  8, 19th Floor<br>Judge: The Honorable William Alsup<br><br>Trial Date: October 2, 2017 |

UBER'S RESPONSE TO WAYMO'S OBJECTIONS TO SPECIAL MASTER'S PROTOCOL
Case No. 3:17-cv-00939-WHA
sf-3770547

1    As a concession to the shortness of life, Uber will not respond to Waymo's repeated
2    assertions of "serial non-compliance."  We instead briefly make two related points: First, with
3    respect to the transparency concern Waymo raises, it was Uber, not Waymo, that advised the
4    Special Master that Uber would like to tell him what Mr. Levandowski will be working on in
5    order to be transparent.  What he is working on, however, is proprietary, and there is no need for
6    that information to be shared with Waymo, a major competitor who earlier this week announced a
7    partnership with Lyft, Uber's other major competitor.  If the Special Master has any concerns
8    regarding what Mr. Levandowski is doing, Uber will immediately address the concerns.  If Uber
9    does not, the Special Master will raise the issue with the Court and Waymo, as he confirmed he
10   would do during today's conference with the parties.[1]

11   Second, the Special Master has informed us that he will use his discretion regarding what
12   information to communicate to Waymo.  That should suffice.  During the parties extensive meet
13   and confer on this topic, Uber was prepared to share with Waymo the letters that it has sent out in
14   compliance with this Court's Order, on the condition that Waymo treat them as confidential
15   pursuant to the Protective Order.  Waymo would not agree.

16   There is no need to rewrite the Special Master's protocol.  With the one exception that the
17   parties have agreed to, the protocol should remain intact.

18   Dated: May 19, 2017                    MORRISON & FOERSTER LLP

20                                          By:  /s/ Arturo J. González
                                                 ARTURO J. GONZÁLEZ

21                                          Attorneys for Defendants
22                                          UBER TECHNOLOGIES, INC.
                                            and OTTOMOTTO LLC

---

[1] Waymo makes much of a hypothetical question that Mr. Gonzalez posed to the Special Master.  We have confirmed for the Special Master that Mr. Levandowski is not working with Velodyne or anything related to Velodyne.  (*See* Exhibit 1, May 19, 2017 Ray e-mail.)