IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

  v.

UBER TECHNOLOGIES, INC., *et al.*,

    Defendants.

No. C 17-00939 WHA

**ORDER CONTINUING DEADLINE AND SETTING HEARING ON MOTION TO INTERVENE AND MODIFY PROVISIONAL RELIEF**

    Non-party Anthony Levandowski has filed a motion to intervene for the limited purpose of requesting modification of the provisional relief order dated May 11, 2017. Levandowski seeks to modify the relief granted therein to the extent it "seek[s] to compel Mr. Levandowski to waive his Fifth Amendment, attorney-client privilege, work product protection, and common interest privilege" (Dkt. No. 466).

    The second item of provisional relief in that order states (Dkt. No. 433 at 23):

> 2. Defendants must immediately and in writing exercise the full extent of their corporate, employment, contractual, and other authority to (a) prevent Anthony Levandowski and all other officers, directors, employees, and agents of defendants from consulting, copying, or otherwise using the downloaded materials; and (b) cause them to return the downloaded materials and all copies, excerpts, and summaries thereof to Waymo (or the Court) by **MAY 31 AT NOON**.

    To permit full briefing and hearing on Levandowski's motion, this order continues the deadline for defendants to comply with the foregoing item from May 31 to **JUNE 23 AT NOON**.

    The parties shall respond to Levandowski's motion by **MAY 26 AT NOON**. Levandowski may reply by **MAY 30 AT NOON**. A hearing on the motion is set for **JUNE 7 AT 10:00 A.M.**

In addition to anything else they want to argue, counsel for both sides shall please address the following questions on the Fifth Amendment issues raised by Levandowski:

1. When an employee steals and retains a competitor's trade secrets, may the employer, upon learning of the theft, direct the employee to make it right with the competitor and to return all copies of the trade secrets to the competitor on pain of adverse employment action, up to and including termination? Does the Fifth Amendment prevent such private action?

2. In such circumstances, may a court order the employer to exercise the full scope of its private authority over the employee to cause the employee to return all copies of the stolen trade secrets? Does the Fifth Amendment bar such an order?

3. Where an employer learns that its employee has stolen trade secrets from a competitor and fails to, on its own initiative, use the full scope of its private authority over the employee to return all copies of the trade secrets to their rightful owner, may the Court instruct the jury that it may consider such failure as a ratification by the employer of the theft?

**IT IS SO ORDERED.**

Dated: May 19, 2017.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2