MILES EHRLICH (Bar No. 237954)
miles@ramsey-ehrlich.com
ISMAIL RAMSEY (Bar No. 189820)
izzy@ramsey-ehrlich.com
AMY CRAIG (Bar No. 269339)
amy@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

Attorneys for Non-Party Anthony Levandowski

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | Case No.: 3:17-cv-00939-WHA |
| Plaintiff, | **NON-PARTY ANTHONY LEVANDOWSKI'S REPLY IN SUPPORT OF MOTION FOR INTERVENTION** |
| v. | |
| UBER TECHNOLOGIES, INC., *et al.*, | Date:  May 24, 2017<br>Time:  2:00 p.m.<br>Place: Courtroom F, 15th Floor<br>Judge: Hon. Jacqueline Scott Corley |
| Defendants. | |

In his April 25, 2017 order, Judge Alsup expressly authorized non-party Anthony Levandowski to file an opposition to Waymo, LLC's motion to compel production of the Stroz due diligence report. Docket No. 271 (Order re Defendants' Privilege Log and Due Diligence Report) at 1 ("Defendants *and Levandowski* shall have until MAY 8 AT NOON to oppose.") (emphasis added). Mr. Levandowski filed that opposition, and — with the understanding that the outcome had already been decided — filed a *pro forma* motion to intervene for purposes of the motion. Surprisingly, Waymo has now asked Magistrate Judge Corley to overrule Judge Alsup's order and deny Mr. Levandowski's request to intervene. Denying intervention would be error.

NON-PARTY ANTHONY LEVANDOWSKI'S REPLY RE MOTION TO INTERVENE
Case No. 3:17-00939-WHA

1

As an initial matter, a magistrate judge is "not at liberty to overrule a decision by a district judge . . . ." *Nilssen v. GE Co.*, No. 06 C 04155, 2011 U.S. Dist. LEXIS 13615 at *8 (N.D. Ill. Feb. 11, 2011). For that reason alone, Mr. Levandowski's motion should be granted.

Waymo's arguments are also unpersuasive on their merits. Although Mr. Levandowski's original motion addressed permissive intervention under Federal Rule of Civil Procedure 24(b), in fact he is entitled to intervene *as of right* pursuant to Rule 24(a).

Rule 24(a)(2) provides that a court "must" permit intervention when the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit applies

> a four-part test under Rule 24(a): (1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). The four-factor test is plainly satisfied in this case.

<u>Timeliness</u>: Mr. Levandowski's motion was timely, as it accompanied the opposition that Judge Alsup had expressly permitted and preceded any decision on the merits of the privilege questions raised by the parties to the common interest agreement at issue. *See United States v. Oregon*, 745 F.2d 550 (9th Cir. 1984) (stating that "the timeliness requirement for intervention as of right should be treated more leniently than for permissive intervention because of the likelihood of more serious harm" and citing cases for the proposition that the timeliness inquiry should be construed favorably to the intervenor).

<u>Protectable Interest</u>: "[T]he interest test is primarily a practical guide to disposing of lawsuits," and Rule 24(a) should be given a "liberal construction in favor of applications for intervention." *Waller v. Financial Corp. of Am.*, 828 F.2d 579, 582 (9th Cir. 1987) (quotation marks omitted); *see also Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th

As an initial matter, a magistrate judge is "not at liberty to overrule a decision by a district judge . . . ." *Nilssen v. GE Co.*, No. 06 C 04155, 2011 U.S. Dist. LEXIS 13615 at *8 (N.D. Ill. Feb. 11, 2011). For that reason alone, Mr. Levandowski's motion should be granted.

Waymo's arguments are also unpersuasive on their merits. Although Mr. Levandowski's original motion addressed permissive intervention under Federal Rule of Civil Procedure 24(b), in fact he is entitled to intervene *as of right* pursuant to Rule 24(a).

Rule 24(a)(2) provides that a court "must" permit intervention when the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit applies

> a four-part test under Rule 24(a): (1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). The four-factor test is plainly satisfied in this case.

<u>Timeliness</u>: Mr. Levandowski's motion was timely, as it accompanied the opposition that Judge Alsup had expressly permitted and preceded any decision on the merits of the privilege questions raised by the parties to the common interest agreement at issue. *See United States v. Oregon*, 745 F.2d 550 (9th Cir. 1984) (stating that "the timeliness requirement for intervention as of right should be treated more leniently than for permissive intervention because of the likelihood of more serious harm" and citing cases for the proposition that the timeliness inquiry should be construed favorably to the intervenor).

<u>Protectable Interest</u>: "[T]he interest test is primarily a practical guide to disposing of lawsuits," and Rule 24(a) should be given a "liberal construction in favor of applications for intervention." *Waller v. Financial Corp. of Am.*, 828 F.2d 579, 582 (9th Cir. 1987) (quotation marks omitted); *see also Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th

Cir. 2001). "Courts have consistently recognized that an applicant has an interest in the 'property or transaction which is the subject of the action' where, as here, the applicant has an interest in a collateral discovery issue." *Dataquill Ltd. v. High Tech Computer Corp.*, No. 08cv543-IEG (BGS), 2011 U.S. Dist. LEXIS 159980 at *6 (S.D. Cal. Sept. 1, 2011); *see also United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1291-92 (D.C. Cir. 1980) (finding that an applicant has a right to intervene in a collateral discovery proceeding to protect his privilege, and stating that "[w]ithout the right to intervene in discovery proceedings, a third party with a claim of privilege in otherwise discoverable materials could suffer the obvious injustice of having his claim erased or impaired by the court's adjudication without ever being heard" (quotation marks omitted)); *Formulabs, Inc. v. Hartley Pen Co.*, 275 F.2d 52, 56-57 (9th Cir. 1960) (finding, under a more restrictive, earlier version of Rule 24, that an applicant may have a right to intervene in discovery proceedings); Rule 24, committee notes to 1966 amendment (citing *Formulabs*, discussing the liberalization of the intervention rules, and stating that, "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene").

Mr. Levandowski's interest in protecting his privileges is precisely the type of interest that gives rise to mandatory intervention under Rule 24(a). *See, e.g., In re Grand Jury Subpoena (Newparent, Inc.)*, 274 F. 3d 563, 570 (1st Cir. 2001) ("Colorable claims of attorney-client and work product privilege [are] . . . a textbook example of an entitlement to intervention as of right."); *In re Grand Jury Proceedings*, 735 F.2d 1330, 1331 (11th Cir. 1984) (reversing denial of intervention where an applicant sought to intervene to protect his attorney-client privilege); *American Tel. & Tel.*, 642 F.2d at 1292 (finding that protecting the work product privilege is a sufficient interest to mandate intervention); *In re Katz*, 623 F.2d 122, 125-26 (2nd Cir. 1980) (reversing the denial of intervention in a case in which the applicant's attorney had received a grand jury subpoena, and the applicant sought to assert pursuant to *Fisher v. United States*, 425 U.S. 391 (1975) his Fifth Amendment and attorney-client privileges over documents in the attorney's possession); *Sackman v. Liggett Group*, 167 F.R.D. 6, 20-21 (E.D.N.Y. 1996) (granting intervention by applicants who sought to protect a joint-defense privilege).

NON-PARTY ANTHONY LEVANDOWSKI'S REPLY RE MOTION TO INTERVENE
Case No. 3:17-00939-WHA

<u>Impediment to Mr. Levandowski's Ability to Protect His Interest</u>:  Relatedly, the Court's consideration of Waymo's motion to compel could "impair or impede [Mr. Levandowski]'s ability to protect" from disclosure materials over which he claims joint-defense, attorney-client, and attorney work product privileges, as an order granting Waymo's motion would disclose materials that Mr. Levandowski asserts are privileged.  *See In re Grand Jury Subpoena (Newparent, Inc.)*, 274 F.3d at 570; *In re Grand Jury Proceedings*, 735 F.2d at 1331; *American Tel. & Tel.*, 642 F.2d at 1292; *In re Katz*, 623 F.2d at 125-26; *Sackman v. Liggett Group*, 167 F.R.D. at 20-21.

<u>No Adequate Protection by Existing Parties</u>:  The parties to this action cannot be expected to adequately protect Mr. Levandowski's interests.

Waymo seems to suggest that Mr. Levandowski need not seek to protect his privileges because other parties have also asserted similar privileges over the disputed materials.  Docket No. 451 at 1.  Yet Waymo's motion to compel asserts that Uber's privilege log is deficient because it "makes no representation concerning what steps non-Defendant authors or recipients of the due diligence report took – or did not take – to prevent further disclosures of the report to third parties." Docket No. 321 at 7:11-19.  Mr. Levandowski is one of those "non-Defendant authors or recipients" from whom Waymo seeks more information to ascertain the validity of the claimed privilege.  Mr. Levandowski has sought to intervene in order to present the Court with evidence establishing the privileges claimed and showing that the privileges were not waived. *See* Docket No. 379, *passim*; Docket No. 381, *passim*.

Waymo's assertion that Mr. Levandowski's interests are "adequately represented" is also contradicted by the Court's preliminary injunction order, issued five days before Waymo filed its opposition here.  The Court's order puts the Defendants' own interests at odds with Mr. Levandowski's, by, among other things, ordering Defendant Uber to "threaten Levandowski with termination" should he refuse to waive his Fifth Amendment rights.  Docket No. 433 (Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief) at 23 n.9.   Judge Alsup's order makes clear that the Defendants' interests, specifically its decision whether to assert or waive privileges, are now in potential conflict with Mr. Levandowski's continued

interest in asserting all applicable privileges.  In light of the tensions created by the Court's order, the assertion that the Defendants can adequately protect Mr. Levandowski's interests is not credible.

Waymo's opposition also mistakenly conflates Mr. Levandowski's request to join in the Defendants' opposition to Waymo's motion with Mr. Levandowski's separately-filed opposition.  Mr. Levandowski has not simply relied "on the points and authorities set forth in Uber's memorandum," (Docket No. 451 at 1:24-2:2), Mr. Levandowski separately filed an 18-page brief raising his own arguments and authorities in opposition to Waymo's motion.  *See* Docket No. 379.  Mr. Levandowski also asked the Court for leave to file an *in camera* declaration for the express purpose of providing the Court with facts that the Defendants themselves cannot provide to support his opposition to Waymo's motion.  *See* Docket No. 382.

Further, even if Mr. Levandowski and the other parties had made the exact same initial arguments, that would not be dispositive.  Mr. Levandowski cannot be assured that the Defendants in this litigation — who may have interests that do not precisely overlap with his own — will hereafter take the same positions he would take.  *Cf., e.g., In re Toyota Motor Corp. Unintended Acceleration Litig.*, No. 8:10ML2151 JVS (FMOx), 2012 U.S. Dist. LEXIS 189351 at *2-4 (C.D. Cal. Jan. 25, 2012) (granting intervention in part because "[a]bsent intervention, [the applicant]'s interests will likely not be protected, as the present parties unquestionably have an interest in protecting their own privileged materials, but are unlikely to have an interest in protecting from disclosure [the applicant]'s privileged materials").  The parties to this action could make concessions, waive privilege protections, or take other positions adverse to Mr. Levandowski's own privilege claims.  This is a particularly likely concern given the terms of the Court's recent order.

Denying Mr. Levandowski's request to intervene to protect his privileges would be unfair on this record, and leave him with no recourse to protect his privileges.  It would also wrongly prevent Mr. Levandowski from appealing any adverse decision regarding the disclosure of his privileged information. *United States v. City of Oakland, Cal*., 958 F.2d 300, 302 (9th Cir. 1992) ("Denial of intervention 'terminates' [an] applicant's participation in the litigation and bars the

NON-PARTY ANTHONY LEVANDOWSKI'S REPLY RE MOTION TO INTERVENE
Case No. 3:17-00939-WHA

5

applicant from appealing the later judgment.") (citing *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377-378 (1987)).  In short, consistent with Judge Alsup's order, we ask the court to grant Mr. Levandowski's motion to be heard on these issues.

Date:   May 19, 2017                                   Respectfully submitted,


                                                       /s/
                                                       Miles Ehrlich
                                                       Ismail Ramsey
                                                       Amy Craig
                                                       Ramsey & Ehrlich LLP

                                                       *Counsel for Non-Party Anthony Levandowski*