MILES EHRLICH (Bar No. 237954)
miles@ramsey-ehrlich.com
ISMAIL RAMSEY (Bar No. 189820)
izzy@ramsey-ehrlich.com
AMY CRAIG (Bar No. 269339)
amy@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

Attorneys for Non-Party Anthony Levandowski

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., *et al.*,<br><br>    Defendants. | Case No.: 3:17-cv-00939-WHA<br><br>**NON-PARTY ANTHONY LEVANDOWSKI'S REPLY IN SUPPORT OF REQUEST FOR LEAVE TO MAKE *IN CAMERA* SUBMISSION IN SUPPORT OF OPPOSITION TO WAYMO'S MOTION TO COMPEL**<br><br>Date:    June 8, 2017<br>Time:    10:00 a.m.<br>Courtroom: F, 15th Floor<br>Judge: The Hon. Jacqueline Scott Corley<br>Trial Date: October 2, 2017 |

Waymo has opposed Mr. Levandowski's request for an order permitting him to file an *in camera* declaration to address the matters before the Court as a result of Waymo's motion to compel production of a due diligence report prepared by a vendor engaged pursuant to a joint defense agreement. As set forth below and in Mr. Levandowski's opening brief, Waymo has provided no legal or factual basis to deny Mr. Levandowski's request to submit a declaration for *in camera* review in support of the opposition briefs to Waymo's motion.

1

NON-PARTY ANTHONY LEVANDOWSKI'S REPLY IN SUPPORT OF REQUEST FOR LEAVE TO MAKE *IN CAMERA* SUBMISSION ISO OPPOSITION TO WAYMO'S MOTION; [PROPOSED] ORDER
Case No. 3:17-00939-WHA

**A. *In camera* review of a declaration from Mr. Levandowski is a proper method to determine whether the report is protected**

**1. Authority supports *in camera* determination of the application of the attorney-client and Fifth Amendment privilege**

Waymo is incorrect in claiming that there is no authority for the submission of an *in camera* declaration here. Federal courts have long approved *in camera* proceedings to allow individuals to support a claim of privilege without disclosing the privileged material itself: "Indeed, this Court has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for *in camera* inspection, and the practice is well established in the federal courts." *United States v. Zolin*, 491 U.S. 554, 568-69 (1989) (citations omitted). In fact, the court in *In re Katz*, 623 F.2d 122 (2nd Cir. 1980), confronted a case very similar to the one at bench. The court of appeals considered a district court's denial of intervention in a grand jury proceeding in which the applicant's attorney had received a subpoena. *Id*. at 124. The applicant sought to protect against the revelation of materials he had provided to the attorney, arguing that, under *Fisher v. United States*, 425 U.S. 391 (1975), the subpoena to the attorney implicated the applicant's Fifth Amendment right against self-incrimination. *Id*. at 125-26. The Second Circuit reversed the district court's denial of intervention, ruling that the district court was required to permit the applicant to intervene. *Id.* Further, the Second Circuit directed the district court to conduct an *in camera* inquiry into whether the materials held by the attorney: 1) implicated the intervenor's Fifth Amendment rights, and 2) were protected by the attorney-client privilege. *Id.* at 126. The court ordered that "[t]he hearing and examination of the packet of materials should be in camera and the proceeding itself should be privileged so that whatever testimony is elicited will not constitute a waiver of any right the witness might have." *Id.* at 127.

Further, contrary to Waymo's suggestion that *in camera* proceedings are "secret" and therefore should be shunned by this Court, as the *Katz* decision makes clear, courts often hold

complete *in camera* hearings – including the taking of testimony – to determine the application of an individual's rights under the Fifth Amendment and the attorney-client privilege doctrine. *Id.* Like the Second Circuit, the Ninth Circuit has specifically required the district court to undertake an *in camera* hearing on an individual's assertion of the Fifth Amendment privilege because that "inquiry is best made in an in camera proceeding, where the defendant is given 'the opportunity to substantiate his claims of the privilege and the district court is able to consider the questions asked and the documents requested by the summons.'" *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996) (quoting *United States v. Argomaniz,* 925 F.2d 1349, 1355 (11th Cir. 1991) and remanding for an *in camera* hearing into the assertion of the Fifth Amendment privilege in response to an IRS summons).

Under this authority, this Court should accept for review an *in camera* declaration from Mr. Levandowski to support his claim that disclosure of the due diligence materials implicates his Fifth Amendment and attorney-client privileges.

### 2. Mr. Levandowski has demonstrated that his attorney-client and Fifth Amendment privileges are implicated

Waymo is incorrect when it claims that Mr. Levandowski has not demonstrated that his attorney-client and Fifth Amendment privileges are implicated. As stated in his opening brief, there are two sets of privileges at issue. First, the allegations in Waymo's complaint implicate Mr. Levandowski's Fifth Amendment privilege against self-incrimination, as the complaint alleges that Mr. Levandowski was involved in "steal[ing]" and "misappropriat[ing]" intellectual property. *See, e.g.*, Docket No. 23 ¶¶ 10, 11 & p. 11 § IV.D. Moreover, on May 11, 2017, Judge Alsup formally referred the case to the United States Attorney's Office "for investigation of possible theft of trade secrets." Docket No. 428.

Second, as set forth in Mr. Levandowski's Opposition to Motion to Compel, Docket 379 at3:13-10:20, and Uber's Opposition to Waymo's Motion to Compel, Docket 369 at 6:23-17:5, the due diligence materials at issue in the motion to compel are protected by the attorney-client,

common interest, and work product privileges. In asserting his rights as an intervenor, and in support of Uber's position, Mr. Levandowski seeks to submit a declaration that would establish the basis for the application of these privileges to the due diligence materials. Indeed, Waymo strongly criticizes the fact that no declaration from Mr. Levandowski has been submitted in opposition to its motion to compel. Docket 445 at 8:22-2.

Absent the protection provided by *in camera* review — which would preserve all privileges — Mr. Levandowski faces a potential choice between "the rock and the whirlpool." *See Garrity v. N.J.*, 385 U.S. 493, 496 (1967). Establishing the factual predicates for the assertion of the attorney-client, common interest and work product privileges may require Mr. Levandowski to speak about events, communications, and thought processes that could potentially assist in a criminal investigation — and would thereby constitute a waiver of his Fifth Amendment privilege if forced to do so in public filings.

Waymo claims that no such problematic choice exists because the present lawsuit is civil. But the privilege against self-incrimination applies in a civil case; a person can invoke the Fifth Amendment's protections in any proceeding — be it "civil, criminal, administrative, judicial, investigative or adjudicatory*." Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000).

**B. Mr. Levandowski does not assert his Fifth Amendment privilege as a "sword"**

Waymo's accusation that Mr. Levandowski attempts to use his Fifth Amendment privilege both as a "shield" and a "sword" misconstrues the metaphor and the law. Courts sometime express the principle that a litigant may not "us[e] the privilege as both a shield and a sword." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (en banc). "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Id*. The Ninth Circuit applied this principle in the case cited by Waymo, *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 640-41 (9th Cir. 2012). It held that a party who had asserted an

4
NON-PARTY ANTHONY LEVANDOWSKI'S REPLY IN SUPPORT OF REQUEST FOR LEAVE TO MAKE *IN CAMERA* SUBMISSION ISO OPPOSITION TO WAYMO'S MOTION; [PROPOSED] ORDER
Case No. 3:17-00939-WHA

ownership interest in the subject cash but simultaneously refused to answer questions about this same ownership interest on Fifth Amendment grounds could not rely on the asserted ownership interest in resisting a motion for summary judgment.  *Id.*  The Ninth Circuit reasoned that testimony may be struck: "if invocation of the privilege blocks inquiry into matters which are 'direct' and are not merely 'collateral' to the proceeding." *Id.* at 641 (citations omitted).

In this litigation, Mr. Levandowski has sought only to prevent the revelation of privileged information – he has not sought to use privileged information to establish an affirmative claim in the proceeding while simultaneously refusing to testify about that information.  In short, Mr. Levandowski seeks only to use the privilege as a shield.  *See Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (stating that a litigant waives a privilege by affirmative use only if, among other things, "the party asserts the privilege as a result of some affirmative act, such as filing suit" and "through this affirmative act, the asserting party puts the privileged information at issue").  Moreover, the issue about which Mr. Levandowski seeks to provide a declaration – whether the attorney-client privilege protects the due diligence materials – is a collateral matter and therefore not subject to this general principle.

### C.  Waymo has not demonstrated that the crime-fraud exception applies

Waymo references the crime-fraud exception, but does not address its burden of proof to establish its application.  *See In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009).  To meet its burden, Waymo needed to demonstrate that (1) "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme," and (2) there was "reasonable cause to believe that the attorney's services were utilized . . . in furtherance of the ongoing unlawful scheme." *Id.* (internal citations and punctuation omitted).  And Waymo must put forward "evidence that if believed by the jury would establish the elements of an ongoing violation." *United States v. Laurins*, 857 F.2d 529, 541 (9th Cir. 1988).  Waymo's unspecific allegations fail to meet its burden of proof.

For the foregoing reasons, and those set forth in the opening brief, the Court should permit Mr. Levandowski to submit an *in camera* declaration that will (a) establish the application of the asserted privileges to the materials sought by Waymo, while still (b) maintaining in confidence information that may be protected by Mr. Levandowski's Fifth Amendment privilege against self-incrimination or the common interest, attorney-client or work product privileges.

Date:   May 19, 2017

Respectfully submitted,

/s/
Miles Ehrlich
Ismail Ramsey
Amy Craig
Ramsey & Ehrlich
*Counsel for Non-Party Anthony Levandowski*