1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RudyKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:    415.268.7000
7  Facsimile:    415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
11 Washington DC  20005
   Telephone:    202.237.2727
12 Facsimile:    202.237.6131

13 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17              SAN FRANCISCO DIVISION

18 WAYMO LLC,                          Case No.      3:17-cv-00939-WHA

19            Plaintiff,               **DEFENDANTS' REPLY IN SUPPORT**
                                       **OF MOTION TO DISMISS**
20     v.                             **WAYMO'S UNFAIR COMPETITION**
                                       **LAW CLAIM**
21 UBER TECHNOLOGIES, INC.,
   OTTOMOTTO LLC; OTTO TRUCKING LLC,   Date:      June 7, 2017
22                                     Time:      8:00 a.m.
            Defendants.                Ctrm:      8, 19th Floor
23                                     Judge:   The Honorable William Alsup

24                                     Trial Date: October 2, 2017

25

26

27

28

1    **I.      INTRODUCTION**

2            Waymo admits that its claims under the California Uniform Trade Secrets Act

3    ("CUTSA") and California Unfair Competition Law ("UCL") arise from the same nucleus of

4    facts – the alleged theft of confidential documents.[1]  Waymo argues it is entitled to maintain

5    simultaneous CUTSA and UCL claims for the alleged misappropriation of trade secret and non-

6    trade secret information, respectively, within the documents.  Waymo also contends that

7    alternative pleading is appropriate until a determination is made on the trade secret status of the

8    documents.  Both of these theories continue to be flatly rejected by decisions in this District.

9            Waymo's contentions to the contrary, it is well settled that allegations concerning non-

10   trade secret information, even if such information is shown to be distinct from asserted trade

11   secrets (which Waymo has not shown here), are preempted when they arise from the same

12   allegedly wrongful conduct as the CUTSA claim.  *See, e.g., SunPower Corp. v. SolarCity Corp.*,

13   No. 12-CV-00694-LHK, 2012 WL 6160472 at *5 (N.D. Cal. Dec. 11, 2012) ("*SunPower*");

14   *Qiang Wang v. Palo Alto Networks, Inc.*, No. C 12-05579 WHA, 2013 WL 415615 at *4 (Jan. 31,

15   2013) (Alsup, J.) ("*Qiang Wang*") (citing California Court of Appeal's rejection of contention

16   that claim can be based on "the same nucleus of facts as the trade secrets claim, so long as it

17   alleges new facts, different injuries and damages, or a different theory of liability") (*quoting K.C.*

18   *Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 957 n.7 (2009)

19   ("*K.C. Multimedia*")); *Top Agent Network, Inc. v. Zillow, Inc.*, No. 14-cv-04769-RS, 2015 WL

20   10435931, at *4 (Aug. 6, 2015) (Seeborg, J.) ("*Zillow*") ("ostensible distinction between the

21   [trade secret and non-trade secret] claims is belied by the fact that they arise from the same

22   allegedly wrongful conduct . . . and thus a common nucleus of fact").  Waymo's Amended

23   Complaint contains no facts distinguishing alleged trade secrets from non-trade secret

24   information – that is a distinction Waymo concocted for its opposition brief.  But even if such a

25   distinction were contained in the Amended Complaint, it would not change the outcome on

26   CUTSA preemption, because all of the allegedly misappropriated information (trade secret or not)

27

28           [1] (ECF No. 431, Plaintiff Waymo LLC's Opposition to Defendants' Motion to Dismiss
     Waymo's Unfair Competition Claim ("Opp.") at 1.)

1   would have been taken as part of the same alleged wrongful conduct – the downloading of

2   Waymo files.

3        Similarly, Waymo's argument that its UCL claim can be pled in the alternative until a

4   determination is made on the trade secret status of the allegedly stolen documents is undermined

5   by this Court's decision in *Qiang Wang*. *See Qiang Wang* at *4 (rejecting plaintiff's argument

6   "that it should be permitted to allege breach of confidence in the alternative using the same set of

7   facts it uses to support its trade secret claim").

8        For these reasons and as further described below, Waymo's UCL claim is preempted by

9   CUTSA and Defendants respectfully request that the Court dismiss the UCL claim with prejudice

10   and without leave to amend.

11   **II.   WAYMO'S UCL CLAIM IS PREEMPTED BY CUTSA**

12       **A.   Waymo Cannot Maintain a UCL Claim Arising from the Same Alleged**
    **Misappropriation of 14,000 Files as its CUTSA Claim**

13

14        Waymo's argument that it can maintain its UCL claim based on the alleged theft of

15   potentially non-trade secret confidential information ignores prevailing authorities to the contrary,

16   including the frequently-cited and on-point decision in *SunPower Corp. v. SolarCity Corp.*,

17   No. 12-CV-00694-LHK, 2012 WL 6160472 (N.D. Cal. Dec. 11, 2012) ("*SunPower*")

18   (interpreting and applying the California Court of Appeal's seminal decision on this issue in

19   *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210 (2010), *disapproved on other grounds in*

20   *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011)).[2]

21        Like Waymo here, the plaintiff in *SunPower* argued that it was entitled to simultaneously

22   maintain CUTSA and UCL claims based on a purported independent property right under

23   California law in non-trade secret proprietary information. *Id*. at *4. The court rejected

24   plaintiff's attempts to distinguish between the alleged theft of trade secret and non-trade secret

25   information, holding that where the basis of the alleged property right "is in essence that the

26       [2] *SunPower* has been cited at least 20 times for its holding that CUTSA preemption

27   applies to non-trade secret confidential information when the alleged misappropriation is based
    on the same nucleus of fact as the alleged trade secret misappropriation. *See, e.g.*, *Avago Techs.*
    *U.S. Inc. v. Nanoprecision Prods., Inc.*, No. 16-cv-03737-JCS, 2017 WL 412524, at *6 (N.D. Cal.

28   Jan. 31, 2017).

1    information is 'not . . . generally known to the public,' then the claim is sufficiently close to a

2    trade secret claim that it should be superseded notwithstanding the fact that the information fails

3    to meet the definition of a trade secret." *Id.* at \*5 (quoting Cal. Civ. Code § 3426.1(d)(1)).  Thus,

4    the court concluded that "any property interest [that plaintiff] may have in its non-trade secret

5    proprietary information is qualitatively no different from the grounds upon which its trade secrets

6    are considered property" and dismissed the plaintiff's UCL and common law unfair competition

7    claims.[3]  *Id.* at \*10, 16.

8         Waymo's attempt to maintain a UCL claim based on a purported separate property right in

9    non-trade secret information is similarly meritless.[4]  Waymo does not contest that the alleged

10   misappropriation of any non-trade secret information arose from the same nucleus of facts as the

11   alleged trade secret misappropriation.  As in *SunPower*, moreover, Waymo's purported property

12   right in the non-trade secret information is based on claims of confidentiality and exclusivity

13   (Opp. at 4-5), characteristics that make the alleged property right "sufficiently close to a trade

14   secret claim that it should be superseded."  *SunPower* at \*5.  Waymo's description of the alleged

15   non-trade secret information makes clear that it is similar enough to trade secret information to

16   subject it to CUTSA preemption:  Waymo's "confidential information is housed on proprietary

17   Waymo servers that restrict access" and "Waymo has a 'legitimate claim to exclusivity.'"  (Opp.

18   at 5.)  Simply put, Waymo generally asserts that the allegedly downloaded files contain trade

19   secret and non-trade secret information, but it does nothing to show that any property interest it

20

21

22         [3] Waymo avers that, "from a review of those cases" applying the "same nucleus of

23   operative facts" test, "it does not appear that any of the plaintiffs in those cases even tried to
     assert a *property right* in any non-trade secret information."  (Opp. at 6.)  This claim is plainly

24   wrong in view of *SunPower*.

25         [4] Waymo's Seventh Cause of Action is devoid of any facts asserting precisely what
     information constitutes non-trade secret information, let alone how the non-trade secret

26   information is factually distinct from the allegedly misappropriated trade secret information.
     Again, this is similar to the facts in *SunPower*, where "[n]o information [was] provided [in

27   plaintiff's causes of actions] regarding what information SunPower contends constitutes non-
     trade secret proprietary information."  *SunPower*, at \*9-10 ("While SunPower makes a facial

28   distinction between these two categories [confidential and non-confidential information],
     SunPower uses both terms to refer to the same computer files.").

may have in the non-trade secret files is qualitatively different from the grounds upon which its trade secrets can be considered its property.

Moreover, Waymo completely ignores this Court's decision in *Qiang Wang*. Just as Waymo has done here, the plaintiff in *Qiang Wang* argued that it was entitled to maintain a non-CUTSA claim (breach of confidence) based on confidential information that might not meet the statutory definition of a trade secret. *See id*. at *3-4. But this Court rejected that argument: "Plaintiff fails, however, to reconcile this contention with the undersigned's prior orders applying *K.C. Multimedia* to prohibit that result." *Id*. at *4. In *K.C. Multimedia*, the court ruled that an unfair competition claim was preempted because, "[a]s a factual basis for its claim, appellant alleges the same conduct that gives rise to trade secret claims." *K.C. Multimedia* at 962. Identifying "something more" than the trade secret claim was insufficient to overcome a preemption defense because "the conduct at the heart of [the] claim" was the "same" as that which "underpins" the trade secret claim, the other claim was preempted. *Id.* at 958, 960. Following *K.C. Multimedia*, this Court in *Qiang Wang* held that the plaintiff's claim based on non-trade secret information that relied on the same facts as its trade secret misappropriation claim was preempted by CUTSA. *See Qiang Wang* at *4-5.

Waymo's reliance on this Court's decision in *Total Recall Techs. v. Luckey*, No. C 15-02281 WHA, 2016 WL 199796 (N.D. Cal. Jan. 16, 2016) (Alsup, J.) is also misplaced as it overlooks the operative legal conclusion in that case regarding CUTSA preemption: "to the extent Total Recall's claims rely on the alleged misappropriation of Confidential Information, any such claims are superseded by CUTSA." *Id.* at *8. Courts in this District consistently reach the same conclusion. In *Zillow*, for instance, Judge Seeborg rejected plaintiff's "attempts to aver within the interstices of trade secrets law additional state-law claims arising from the same alleged fraud." *Zillow* at *4. Judge Seeborg held that, even if the plaintiff's UCL allegations "could be read to concern non-trade secret information that is indeed distinct," the UCL claim was preempted because the alleged misappropriation arose from "the same allegedly wrongful conduct." *Id*. As Waymo admits, its UCL claim "arises(s) from the same allegedly wrongful

1    conduct" – the alleged downloading of Waymo files – and thus is preempted by the CUTSA

2    claim.[5]

3    　　　The 2011 decision in *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*,

4    No. C 10-02605, 2011 WL 13153247 (N.D. Cal. Mar. 17, 2011), on which Waymo also relies,

5    predates *SunPower* and cannot save Waymo's UCL claim.[6]  Following the *SunPower* decision,

6    the court in *Language Line* found that the CUTSA preempted a non-CUTSA claim based on

7    alleged conversion of non-trade secret information, because both claims arose from the same

8    facts.  *Language Line Servs., Inc. v. Language Servs. Assocs., Inc.*, 944 F. Supp. 2d 775, 781

9    (N.D. Cal. 2013) (Seeborg, J.) (citing *SunPower*); *see also NetApp, Inc. v. Nimble Storage, Inc.*,

10   41 F. Supp. 3d 816, 839-40 (N.D. Cal. 2014) ("NetApp's allegations against Reynolds regarding

11   trespass to chattel and unfair competition stem entirely from misappropriation of proprietary

12   information, and are thus preempted");  *Lifeline Food Co., Inc. v. Gilman Cheese Corp.*,

13   No. 5:15-CV-00034-PSG, 2015 WL 2357246, at *4 (N.D. Cal. May 15, 2015) (holding that the

14   CUTSA preempted the plaintiff's UCL claim because it was based solely upon defendant's

15   alleged misuse of Lifeline's trade secrets or confidential information).

16

17

18   _____

19       [5] Waymo cites *Kremen v. Cohen*, 337 F.3d 1024 (9th Cir. 2003) ("*Kremen*") for the
     proposition that claims based on alleged misappropriation of non-trade secret information should
20   not be preempted by CUTSA.  However, *Kremen* did not address CUTSA preemption, and, in
     any event, authorities from this District make clear that claims based on the alleged
21   misappropriation of non-trade secret information are preempted when they arise from the same
     nucleus of facts as the CUTSA claim.

22       [6] Nearly all of the CUTSA preemption cases cited by Waymo predate *Silvaco* and
     *SunPower*, and the many decisions issued since.  For example, Waymo relies on *TMX Funding,*
23   *Inc. v. Impero Techs., Inc.*, C 10–00202 JF (PVT), 2010 WL 2509979 (N.D. Cal. June 17, 2010)
     and *City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835 (9th Cir. 2004), decisions
24   that (1) predate the decision in *Silvaco*, and (2) were expressly disregarded by *SunPower* for that
     reason.  *See SunPower*, at *7-9.  Similarly, Waymo's reliance on *Courtesy Temp. Serv., Inc. v.*
25   *Camacho*, 272 Cal. Rptr. 352 (Ct. App. 1990) is misguided:  that decision predates *Silvaco* (by 20
     years) and has since been expressly rejected.  *See SOS Co. v. E-Collar Techs., Inc.*, No. CV-12-
26   3400- PSG (JEMx), 2012 WL 12897998, at *4 (C.D. Cal. Oct. 17, 2012) (collecting cases that
     "expressly rejected" *Courtesy Temp. Serv.*).  Waymo also relies on *Martone v. Burgess*, No. C 08-
27   2379, 2008 WL 3916022 (N.D. Cal. Aug. 25, 2008).  But that case again predates *Silvaco*, and the
     plaintiff's UCL claim in that case was based on an alleged breach of an employment agreement
28   by a former employee, which has not been alleged by Waymo in its UCL claim.

### B.    Waymo Cannot Plead its UCL Claim in the Alternative

Waymo also claims that it should be entitled to plead its UCL claim in the alternative until there is a determination regarding which of the 14,000 files qualify as trade secrets.  *SunPower* is again on point:  CUTSA preemption is properly decided at the pleading stage because CUTSA will preempt the UCL claim whether or not all of the information qualifies as trade secrets.  *See SunPower*, at *14-15 (rejecting plaintiff's argument that it was premature for the court to make a decision on preemption before a decision is made as to whether the asserted confidential information qualified as trade secret).

*SocialApps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910 YGR, 2012 WL 381216 (N.D. Cal. Feb. 6, 2012) does not help Waymo either.  (*See* Opp. at 2.)  This Court has specifically addressed and rejected this case:  "To the extent that *SocialApps* can be interpreted as holding that the same nucleus of fact can support both a trade-secret and a breach-of-confidence claim, that interpretation is not persuasive because it conflicts with *K.C. Multimedia*."  *Qiang Wang* at *4-5. In finding CUTSA preemption, this Court rejected the plaintiff's contention that it should be permitted to allege breach of confidence in the alternative using the same facts it used to support its trade secrets misappropriation claim.  The same reasoning applies here – Waymo should not be permitted to plead the UCL claim in the alternative based on the same facts as its CUTSA claim.

### C.    Waymo's UCL Claim Fails and Should be Dismissed with Prejudice

California law and subsequent decisions in this District are clear:  the CUTSA preempts UCL claims when based on the same nucleus of facts as a CUTSA claim.  In its Amended Complaint, Waymo explains that its claims are based on a common set of alleged facts – the alleged downloading of confidential Waymo files.  (ECF No. 23 Am. Compl. ¶¶ 4-5, 7, 10.) Waymo's failure in its Opposition to seek leave further amend its Amended Complaint makes clear that Waymo has no facts to add that would save that claim.  Because the alleged misappropriation of any non-trade secret information arose from the same nucleus of facts (the same alleged wrongful conduct as the alleged trade secrets misappropriation), Waymo cannot

legally maintain both a CUTSA and UCL claim, and the latter claim should be dismissed with prejudice.

**III.     CONCLUSION**

For the foregoing reasons, Uber respectfully requests that the Court grant its motion to dismiss Waymo's Seventh Cause of Action with prejudice.


Dated: May 19, 2017                                         MORRISON & FOERSTER LLP


                                                            By:  */s/ Arturo J. González*
                                                                 ARTURO J. GONZÁLEZ

                                                            Attorneys for Defendants
                                                            UBER TECHNOLOGIES, INC.
                                                            and OTTOMOTTO LLC