MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Tel.: 415.268.7000; Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Tel.: 202.237.2727; Fax: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S MOTION TO STAY**<br><br>Date:     July 13, 2017<br>Time:    8:00 a.m.<br>Ctrm:    8, 19th Floor<br>Judge:   The Honorable William H. Alsup<br><br>Trial Date: October 2, 2017 |

1

**NOTICE OF MOTION AND MOTION**

2      PLEASE TAKE NOTICE that on July 13, 2017, at 8:00 a.m., or as soon thereafter as the matter

3  may be heard, in the United States District Court for the Northern District of California, San Francisco

4  Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA, in Courtroom 8 before the

5  Honorable William H. Alsup, Defendants Uber Technologies, Inc. and Ottomotto LLC will, and hereby

6  do, jointly move the Court for stay of all proceedings, except those outlined in the Court's Preliminary

7  Injunction Order (Dkt. 433), and clarified by Magistrate Judge Corley's Order re: Paragraph Six of

8  District Court's PI Order (Dkt. 441), pending resolution of Defendants' appeal of the Court's order

9  denying their motion to compel arbitration.  Defendants' motion is based on this Notice of Motion and

10  Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration

11  of Joshua M. Stein and all exhibits thereto, all documents in the Court's file, any matters of which this

12  Court may take judicial notice, and on such other written and oral argument as may be presented to the

13  Court.

14  Dated: May 19, 2017

15                                                    Respectfully Submitted,

15                                                    MORRISON & FOERSTER LLP

16                                                    BOIES SCHILLER FLEXNER LLP

17

18                              By:      */s/ Hamish P.M. Hume*
                                         Hamish P.M. Hume
19                                       Attorneys for Defendants
                                         UBER TECHNOLOGIES, INC.
20                                       and OTTOMOTTO LLC

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ........................................................................................ 1

INTRODUCTION ..................................................................................................................... 1

LEGAL STANDARD ................................................................................................................ 1

I.    DEFENDANTS' APPEAL PRESENTS SERIOUS QUESTIONS THAT THE
      FEDERAL CIRCUIT ARE LIKELY TO RESOLVE IN THEIR FAVOR. .............................. 3

      A.    Several of this Court's holdings are issues of first impression ........................ 3

      B.    This Court's determination on interrelatedness is fact-dependent ................... 6

II.   DEFENDANTS WILL SUFFER IRREPARABLE HARM ABSENT A STAY ..................... 7

III.  PLAINTIFF WILL SUFFER NO HARM SHOULD THE COURT STAY
      PROCEEDINGS ........................................................................................................... 9

IV.   THE PUBLIC INTEREST FAVORS A STAY. ............................................................... 9

CONCLUSION ........................................................................................................................ 10

1

# **TABLE OF AUTHORITIES**

2

## **CASES**

3

*A.G. Edwards & Sons, Inc. v. McCollough*,
4    967 F.2d 1401 (9th Cir. 1992) ........................................................................................... 12

5 *Alascom, Inc. v. ITT N. Elec. Co.*,
   727 F.2d 1419 (9th Cir. 1984) ................................................................................... 8, 9, 11
6

*Antonelli v. Finish Line, Inc.*,
7    No. 5:11-CV-03874 EJD, 2012 WL 2499930 (N.D. Cal. June 27, 2012) ........................ 10

8 *Britton v. Co-op Banking Grp.*,
   916 F.2d 1405 (9th Cir. 1990) ........................................................................................... 3
9

*Cardenas v. AmeriCredit Fin. Servs. Inc.*,
10    No. C 09-04978 SBA, 2011 WL 846070 (N.D. Cal. Mar. 8, 2011) .................................. 10

11 *Cervantes v. Pac. Bell Wireless*,
   2006 U.S. Dist. LEXIS 89198 (S.D. Cal. Mar. 8, 2006) .................................................. 10
12

*Ford v. Verisign, Inc.*,
13    No. 05 CV 0819 JM (RBB), 2006 U.S. Dist. LEXIS 88856 (S.D. Cal. Mar. 8, 2006) ......... 9

14 *Golden Gate Rest. Ass'n v. City and Cty. of San Francisco*,
   512 F.3d 1112 (9th Cir. 2008) ........................................................................................... 2
15

*Goldman v. KPMG LLP*,
16    173 Cal. App. 4th 209 (2009) ............................................................................................ 6

17 *Gray v. Golden Gate Nat. Recreational Area*,
   No. C 08–00722, 2011 WL 6934433 (N.D. Cal. Dec. 29, 2011) ....................................... 9
18

*Hawai'i v. Trump*,
19    No. CV 17-00050 DKW-KJM, 2017 WL 536826 (D. Haw. Feb. 9, 2017) ....................... 11

20 *In re Wirecomm Wireless, Inc.*,
   No. 2:07-CV-02451-MCE, 2008 WL 3056491 (E.D. Cal. Aug. 1, 2008) ..................... 4, 11
21

*Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Aloha Airlines, Inc.*,
22    776 F.2d 812 (9th Cir. 1985) ............................................................................................. 9

23 *Jones v. Deutsche Bank AG*,
   No. C 04 05357 JW, 2007 WL 1456041 (N.D. Cal. May 17, 2007) ........................ 4, 7, 8, 9
24

*Kramer v. Toyota Motor Corp.*,
25    705 F.3d 1122 (9th Cir. 2013) .................................................................................. 4, 5, 6, 7

26 *Lair v. Bullock*,
   697 F.3d 1200 (9th Cir. 2012) .................................................................................. 1, 2, 3, 8
27

*Leiva-Perez v. Holder*,
28    640 F.3d 962 (9th Cir. 2011) ............................................................................................. 2

DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S MOTION TO STAY
Case No. 3:17-cv-00939-WHA

*Metalclad Corp v. Ventana Environmental Organizational Partnership,*
  109 Cal. App. 4th 1705 (2003) ................................................................................ 4, 6

*Mundi v. Union Sec. Life Ins. Co.,*
  No. CV-F-06-1493OWWTAG, 2007 WL 2385069 (E.D. Cal. Aug. 17, 2007) ................................ 11

*Murphy v. DirecTV, Inc.,*
  No. 2:07-CV-06465-FMC, 2008 WL 8608808 (C.D. Cal. July 1, 2008) ................................ 3, 9

*Nken v. Holder,*
  556 U.S. 418 (2009) ........................................................................................ 1, 3

*NRDC, Inc. v. Winter,*
  502 F.3d 859 (9th Cir. 2007) ................................................................................ 2

*Ontiveros v. Zamora,*
  No. CIV. S-08-567 LKK, 2013 WL 1785891 (E.D. Cal. Apr. 25, 2013) ................................. 3

*Pearce v. E.F. Hutton Group, Inc.,*
  828 F.2d 826 (D.C. Cir. 1987) ............................................................................... 3

*Pokorny v. Quixtar Inc.,*
  No. 07-00201 SC, 2008 WL 1787111 (N.D. Cal. Apr. 17, 2008) ..................................... 3, 12

*Rajagopalan v. Noteworld, LLC,*
  No. C11-5574 BHS, 2012 WL 2115482 (W.D. Wash. June 11, 2012) ..................................... 2

*Richards v. Ernst & Young LLP,*
  No. C-08-04988 RMW, 2012 WL 92738 (N.D. Cal. Jan. 11, 2012) .................................... 3, 12

*Roe v. SFBSC Mgmt., LLC,*
  No. 14-CV-03616-LB, 2015 WL 1798926 (N.D. Cal. Apr. 17, 2015) ................................... 3

*Shearson/Am. Exp., Inc. v. McMahon,*
  482 U.S. 220 (1987) ......................................................................................... 11

*Stern v. Cingular Wireless Corp.,*
  No. CV 05 8842 CAS, 2006 WL 2790243 (C.D. Cal. Sept. 11, 2006) ................................ 9, 12

*Turtle Ridge Media Grp., Inc. v. Pac. Bell Directory,*
  140 Cal. App. 4th 828 (2006) ................................................................................. 6

*Winig v. Cingular Wireless LLC,*
  No. C06-4297 MMC, 2006 WL 3201047 (N.D. Cal. Nov.6, 2006) ....................................... 9

*Zaborowski v. MHN Gov't Servs., Inc.,*
  No. C 12-05109 SI, 2013 WL 1832638 (N.D. Cal. May 1, 2013) .................................... 9, 11

**STATUTES**

United States Code
  Title 9, Section 16 ........................................................................................... 1

United States Code
  Title 9, Section 16(a)(1)(B) ................................................................................ 12

iii

Uber Technologies, Inc. and Ottomotto LLC (collectively, "Defendants") hereby submit this motion to stay pending appeal of the Court's Order denying their motion to compel arbitration. (Dkt. 425).

## INTRODUCTION

While Defendants understand that the Court ultimately disagreed with their position, Defendants' motion to compel arbitration presented serious legal questions that Defendants will shortly appeal to the Federal Circuit. Consistent with their desire to resolve these proceedings quickly, Defendants plan to seek expedited briefing in the Federal Circuit. Defendants respectfully request that the Court stay these proceedings until the Federal Circuit has a chance to rule on the merits of Defendants' motion, lest time, effort, and resources be spent on a dispute that must be resolved through binding arbitration proceedings. Defendants do not request a stay of this Court's Preliminary Injunction Order, including the accounting and expedited discovery outlined in the Court's Preliminary Injunction Order and clarified by Magistrate Judge Corley's Order re: Paragraph Six of District Court's PI Order. (Dkt. 433, 441.) Rather, Defendants seek to stay additional discovery and trial.

## LEGAL STANDARD

The denial of a motion to compel arbitration and the denial of a stay of the district court proceedings are immediately appealable under the Federal Arbitration Act. 9 U.S.C. § 16. The Ninth Circuit has delineated four specific factors that a court must consider in determining whether to enter a stay pending an appeal of a denial of a motion to compel arbitration:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). In applying these factors, courts employ "interrelated legal tests" on a "continuum"—either "a probability of success on the merits and the possibility of irreparable injury," or "serious legal questions are raised and that the balance of hardships tips sharply" in the stay applicants' favor. *Golden Gate Rest. Ass'n v. City and Cty. of San Francisco*, 512 F.3d 1112, 1115–16 (9th Cir. 2008). "These two formulations represent two points on a sliding scale in which the required degree of

1

1   irreparable harm increases as the probability of success decreases." *NRDC, Inc. v. Winter*, 502 F.3d

2   859, 862 (9th Cir. 2007).  In other words, under the sliding scale approach, "a stronger showing of one

3   element may offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir.

4   2011).  Finally, courts also "consider 'where the public interest lies' separately from and in addition to"

5   irreparable injury.  *Winter*, 502 F.3d at 863.  All of these factors favor a stay pending resolution of

6   Defendants' appeal of the Court's Order denying their motion to compel arbitration.

7        While there are various formulations to describe the first factor, the Ninth Circuit has "concluded

8   that many of these formulations, including 'reasonable probability,' 'fair prospect,' 'substantial case on

9   the merits,' and 'serious legal questions . . . raised,' are largely interchangeable." *Lair*, 697 F.3d at 1204

10  (citing *Leiva-Perez*, 650 F.3d at 967-68).  Under these formulations, Defendants must show "that there

11  is a 'substantial case for relief on the merits,'" but "[t]he standard does not require the petitioners to

12  show that 'it is more likely than not that they will win on the merits.'" *Id.*; *see also Leiva-Perez*, 650

13  F.3d at 971 (granting stay because it was "a substantial case" that "raises serious legal questions").

14  Instead, when a motion to compel arbitration "presents legitimate, substantial questions," this prong is

15  satisfied, even where the court "stands by the reasoning and conclusions . . . denying [movant]'s motion

16  to compel arbitration." *Rajagopalan v. Noteworld, LLC*, No. C11-5574 BHS, 2012 WL 2115482, at *2

17  (W.D. Wash. June 11, 2012).[1]

18        In order to satisfy the second *Nken* factor, Defendants must show that "there is a *probability* of

19  irreparable injury if the stay is not granted." *Lair*, 697 F.3d at 1214.  In "the special context of [a]

20  denied motion to compel arbitration, the second [*Nken*] factor will generally be satisfied." *Murphy v.*

21  *DirecTV, Inc.*, No. 2:07-CV-06465-FMC, 2008 WL 8608808, at *3 (C.D. Cal. July 1, 2008) (internal

---

[1] *See also Roe v. SFBSC Mgmt., LLC*, No. 14-CV-03616-LB, 2015 WL 1798926, at *2 (N.D. Cal. Apr. 17, 2015) (Beeler, M.J.) (finding a serious legal question even though "[t]he court does not agree that it got the order wrong" because "it would be hubris to pretend that BSC's well-stated arguments might not convince the Ninth Circuit to reverse this court's decision"); *Pokorny v. Quixtar Inc.*, No. 07-00201 SC, 2008 WL 1787111, at *1 (N.D. Cal. Apr. 17, 2008) (Conti, J.) ("Such conflicting rulings demonstrate that the law is unsettled and guidance from the appellate court would be beneficial."); *Richards v. Ernst & Young LLP*, No. C-08-04988 RMW, 2012 WL 92738, at *2 (N.D. Cal. Jan. 11, 2012) (Whyte, J.) ("Defendant has identified several points on which there is a reasonable probability that the court of appeals might disagree with this court's decision."); *Ontiveros v. Zamora*, No. CIV. S-08-567 LKK, 2013 WL 1785891, at *3 (E.D. Cal. Apr. 25, 2013) ("I stand by my reasoning that defendant has waived its right to compel arbitration.  Nevertheless, it would be disingenuous to pretend that defendant does not have a 'fair prospect' of success on appeal.").

DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S MOTION TO STAY
Case No. 3:17-cv-00939-WHA

quotations omitted).  The last two *Nken* factors require the Court "to weigh the public interest against the harm to the opposing party."  *Lair*, 697 F.3d at 1215.

## ARGUMENT

### I.   DEFENDANTS' APPEAL PRESENTS SERIOUS QUESTIONS THAT THE FEDERAL CIRCUIT ARE LIKELY TO RESOLVE IN THEIR FAVOR.

Defendants' appeal of this Court's Order will raise serious questions.  First, Defendants' motion to compel arbitration presents issues of "first impression," such that "the motion presents a substantial question" and proceedings should be stayed pending appeal.  *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) (citing *Pearce v. E.F. Hutton Group, Inc.,* 828 F.2d 826, 829 (D.C. Cir. 1987)); *see also In re Wirecomm Wireless, Inc.*, No. 2:07-CV-02451-MCE, 2008 WL 3056491, at *3 (E.D. Cal. Aug. 1, 2008) (issue that had not "been definitively resolved in the Ninth Circuit" was one of first impression).  Second, this Court's Order required making a "fact dependent" decision on the "degree of interrelatedness necessary to allow a non-signatory to compel arbitration based on equitable estoppel." *Jones v. Deutsche Bank AG*, No. C 04 05357 JW, 2007 WL 1456041, at *2 (N.D. Cal. May 17, 2007) (Ware, J.) (alterations omitted).

#### A.   Several of this Court's holdings are issues of first impression

First, the first prong of the *Kramer* test allows a nonsignatory to enforce an arbitration clause "when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory *or* the claims are 'intimately founded in and intertwined with' the underlying contract." 705 F.3d at 1128 (emphasis added).  This Court's reasoning with respect to the first *Kramer* prong focused on whether Waymo relied on the 2009 and 2012 employment agreements between Google and Levandowski ("Levandowski Agreements").  (Dkt. 425 at 5 ("In short, while defendants stress that Waymo's allegations *reference* the arbitration agreements in question, they have still not shown that Waymo must *rely* on those agreements such that equitable estoppel applies.").)  But by its very terms, *Kramer* suggests that reliance and "intimately founded in and intertwined" are two distinct situations, either one of which is sufficient to apply equitable estoppel.  *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013); *see also Metalclad Corp v. Ventana Envtl. Organizational P'ship*, 109 Cal. App. 4th 1705, 1717 (2003) (compelling arbitration after noting: "Although Sunkist does not rely

3

exclusively on the license agreement to support its claims, each claim presumes the existence of such an agreement. We find that each counterclaim maintained by Sunkist arises out of and relates directly to the license agreement.").  At a minimum, despite the court's holding, a serious claim can be made that just because a party does not formally rely on the underlying contract, its claims of "concerned misconduct" may still be "intimately founded in and intertwined with" the obligations of signatory's underlying agreement.  It is at least an issue of first impression that would benefit from appellate review.

Second, the second prong of the *Kramer* test applies equitable estoppel to cases alleging concerted misconduct when "the allegations of interdependent misconduct are founded in or intimately connected with the obligations of the underlying agreement."  705 F.3d at 1129 (citations and alterations omitted).[2]  In its analysis of this second prong, this Court's Order states: "At bottom, defendants have not shown that Waymo ***relies*** on the 2009 or 2012 agreements to assert its claims against defendants while simultaneously seeking to avoid the arbitration clauses of those agreements." (Dkt. 425 at 6 (emphasis added).)  But *Kramer* prong two does not require reliance.  Serious minds can disagree whether holding that a party does not rely on the underlying contract is sufficient to establish that *Kramer* prong two is not met.  It is at least an issue of first impression that would benefit from appellate review.

Third, this case raises the issue of first impression of whether Waymo can rely on the Levandowski Agreements in its complaint and then subsequently disclaim reliance to avoid arbitration. After expressly relying on the confidentiality obligation in its employment agreements—including Levandowski's—in its complaint and motion for a preliminary injunction, (Dkt. 23 ¶¶ 72, 82; Dkt. 24 at 5), Plaintiff sought to distance itself from the employment agreement by initially disclaiming any future

---

[2] While this Court's Order did not make a specific finding on this issue, the parties do not seriously disagree that Waymo alleged concerted misconduct between Uber and Levandowski.  (*See* Stein Decl., Ex. 1 at 38:7–8, 38:17–19.)  Indeed, this Court's Preliminary Injunction Order states: "The evidence shows that, . . . before . . . his departure, Levandowski and Uber Technologies, Inc., planned for Uber to acquire Levandowski's new companies" and that "Uber hired Levandowski even though it knew or should have known that he possessed over 14,000 files likely containing Waymo's intellectual property."  (Dkt. 433 at 1, 17; *see also* Stein Decl., Ex. 3 at 4:25-6:14, 18:13-19:20 (showing that concerted misconduct is one of Waymo's core case themes).)   Thus, Uber has satisfied the first part of *Kramer v. Toyota Motor Corp*'s "concerted misconduct" test, under which a nonsignatory can enforce an arbitration clause "when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory." 705 F.3d 1122, 1128–29 (9th Cir. 2013) (citations and alterations omitted).

1    reliance on the Levandowski Agreements to prove its claims at trial.  (Stein Decl., Ex. 1 (4/27/17

2    Hearing Transcript) at 5:18-20.)[3]  As noted in *Goldman v. KPMG LLP*, in order to evaluate whether

3    equitable estoppel applies, courts "examine the facts alleged in the complaint."  173 Cal. App. 4th 209,

4    231 (2009). This Court's holding that, notwithstanding the facts alleged in the Complaint, Plaintiff may

5    avoid arbitration by "expressly foresw[earing] reliance" on contracts that it has already referenced is

6    unprecedented.  (Dkt. 425 at 4.)[4]

7          Fourth, Defendants identified numerous decisions applying California law that compelled a

8    plaintiff to arbitrate its case against a non-signatory to an arbitration agreement because the claims were

9    "intimately founded in and intertwined with the underlying contract."  (Reply Br. at 4.)  This Court's

10   Order distinguished two of these cases because it found that the facts in those cases presented more

11   "intertwinement" or "intimacy" than the facts in this case.  (Dkt. 425 at 7 (re: *Metalclad*, 109 Cal. App.

12   4th at 1713: "Moreover, its claims here are not dependent on or inextricably bound up with those

13   agreements.")); *id.* (re: *Turtle Ridge Media Grp., Inc. v. Pac. Bell Directory*, 140 Cal. App. 4th 828

14   (2006): "And unlike the allegations in *Turtle Ridge*, Waymo's allegations here do not presuppose the

15   existence of any 'tripartite, on-going relationship' benefitting defendants, Levandowski, and Waymo.").)

16   While Defendants disagree that the claims in those two cases, and other cases cited by Defendants in

17   their reply brief, present more "intertwinement" or "intimacy" with the underlying contractual

18   obligations than the present case, the fact remains that no Ninth Circuit or California Court of Appeal

19   decision has clearly articulated a standard for what would be sufficiently intertwined or intimate with a

20   contract or its underlying obligations.  That is true with respect to both prongs of the *Kramer* test,

21   leaving courts with little clarity on the standards.

22          Finally, while there is a difference between the standards articulated in the first and second

23

24   _____

     [3] Waymo quickly qualified that statement by saying it would not rely on the agreement "provided that
     Uber does not open the door by reference to these agreements or lack thereof of those agreements, which
25   is something that we would just have to address down the road."  (*Id.* at 5:18-24.) As Uber explained,
     this exception is so vague and broad that, even if Waymo's disclaimer were a valid way to avoid
     arbitration, the exception swallows Waymo's disclaimer.
26   [4] Similarly, there is a serious legal question—and issue of first impression—as to whether a plaintiff
     may disavow reliance on an agreement in order to avoid arbitration under the second *Kramer* prong,
27   which makes no mention of reliance and which applies when concerted misconduct is alleged and "the
     allegations of interdependent misconduct [are] founded in *or* intimately connected with the *obligations*
28   of the underlying agreement."  *Kramer*, 705 F.3d at 1129 (emphases added).

DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S MOTION TO STAY
Case No. 3:17-cv-00939-WHA

prongs of the *Kramer* test, neither the Ninth Circuit nor the California Court of Appeal have definitively resolved the difference between the "intimately intertwined with the underlying contract" standard of the first prong and the "intimately connected with the obligations of the underlying contract" standard of the second prong.  The appellate court's resolution of this issue of first impression could be critical to resolving the appeal because there is no dispute that there are allegations of interdependent misconduct in this case.

### B.   This Court's determination on interrelatedness is fact-dependent

In *Jones*, the district court denied a motion to allow a non-signatory to arbitrate, but found that the motion to compel arbitration raised substantial issues sufficient to support a stay pending appeal because the "degree of interrelatedness necessary to allow a non-signatory to compel arbitration based on equitable estoppel is extremely fact dependent."  2007 WL 1456041, at *2 (granting motion to stay).[5] To the extent that this Court's holding does not rely solely on determining a lack of reliance, but also relies on holding that Waymo's claims are not "intimately founded in or intertwined with" or "dependent on or inextricably bound up with" its contractual obligations, the Court's holding is a fact-dependent determination that raises substantial issues sufficient to support a stay pending appeal.

In this case, as the Court observed during the April 27 hearing, Waymo and Levandowski entered into "the broadest possible arbitration agreement you can."  (Stein Decl., Ex. 1 at 40:1–2.) While he was employed by Google and Waymo—and thereafter—Levandowski was bound by the confidentiality obligations set forth in the Levandowski Agreements that contain broad arbitration clauses.  (*Id.* at 4:24–6:19, 7:16–8:16, 18:22–25; Dkt. 23 at ¶¶ 52–53 (discussing confidentiality obligations).)  Indeed, it is undisputed that the Levandowski Agreements contain provisions that define what information is "confidential," that provide for how confidential information is to be treated, and that provide for and itemize ownership of inventions—all allegations that Waymo relied on in its complaint to demonstrate that it had taken reasonable measures to protect the confidentiality of its trade secrets.  (Dkt. 138 at 35–37, 47–49; Dkt. 23 at ¶¶ 52–53, 72, 82.)[6]

---

[5] *Jones* was subsequently voluntarily dismissed and there is no appellate decision in this case.  *See Jones v. Deutsche Bank AG*, 07-15792 (9th Cir. dismissed Feb. 27, 2008).
[6] Page cites from Docket138 follow ECF pagination on the top right.

This Court's Preliminary Injunction Order relies on conduct by Levandowski during his employment at Google/Waymo that related to his confidentiality obligations under the Levandowski Agreements.  For example, this Court determined that "Uber hired Levandowski even though it knew or should have known that he possessed over 14,000 confidential Waymo files likely containing Waymo's intellectual property."  (Dkt. 433 at 17; *see also id.* at 7 (Defendants "do not deny that [Levandowski] took over 14,000 files from Waymo, that Uber lured him with the possibility of acquisition as soon as (and before) he left Waymo").)  This reliance on Levandowski's conduct during his employment when he was subject to the Levandowski Agreements is an indication that Waymo's claims are interrelated and intertwined with the Levandowski Agreements.

Thus, to the extent that the "extremely fact dependent" determination of the "degree of interrelatedness necessary to allow a non-signatory to compel arbitration based on equitable estoppel," *Jones*, 2007 WL 1456041, at *2 (alterations omitted), is a basis for this Court's holding on Defendants' motion to compel arbitration, it is fact-dependent and presents a substantial issue for appeal.  (Stein Decl., Ex. 1 at 38:17–19.)

## II.   DEFENDANTS WILL SUFFER IRREPARABLE HARM ABSENT A STAY

Defendants will suffer irreparable harm absent a stay because they will be required to undergo the expense of additional discovery, pretrial preparations, and possibly trial before the appeal is resolved, thus mooting the appeal and negating the advantages of arbitration.

In order to satisfy the second *Nken* factor, Defendants must show that "there is a *probability* of irreparable injury if the stay is not granted."  *Lair*, 697 F.3d at 1214.  Of course, if Defendants "must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration— speed and economy—are lost forever." *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984).  Therefore, motions to compel arbitration are "unique" in that "monetary expenses incurred in litigation" can be "considered irreparable harm." *Zaborowski v. MHN Gov't Servs., Inc.*, No. C 12-05109 SI, 2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013) (Illston, J.).  Numerous district courts "have continued to follow *Alascom* to find that, in the special context of [a] denied motion to compel arbitration, the second [*Nken*] factor will generally be satisfied." *Murphy*, 2008 WL 8608808, at *3

1   (internal quotations omitted).[7]  Moreover, if "defendants are forced to incur the expense of litigation

2   before their appeal is heard, the appeal will be moot, and their right to appeal would be meaningless."

3   *Gray v. Golden Gate Nat. Recreational Area,* No. C 08–00722, 2011 WL 6934433, *3 (N.D. Cal.

4   Dec. 29, 2011) (Laporte, MJ.).  Thus, district courts in this circuit routinely rely on these facts to hold

5   that a party appealing a denial of a motion to compel arbitration will probably suffer irreparable harm

6   absent a stay.  *See, e.g.*, *Winig v. Cingular Wireless LLC*, No. C06-4297 MMC, 2006 WL 3201047, at

7   *2 (N.D. Cal. Nov.6, 2006) (Chesney, J.); *Stern v. Cingular Wireless Corp.*, No. CV 05 8842 CAS, 2006

8   WL 2790243, at *2 (C.D. Cal. Sept. 11, 2006); *Ford v. Verisign, Inc.*, No. 05 CV 0819 JM (RBB), 2006

9   U.S. Dist. LEXIS 88856, at *7 (S.D. Cal. Mar. 8, 2006).

10          The potential harm to Defendants is even greater where, as here, trial is imminent.  The "rather

11   onerous burdens imposed on Defendant in preparing for dispositive motions and a subsequent jury trial

12   would be avoided if the decision on appeal is favorable to Defendant." *Antonelli v. Finish Line, Inc.*, No.

13   5:11-CV-03874 EJD, 2012 WL 2499930, at *2 (N.D. Cal. June 27, 2012) (Davila, J.); *see also*

14   *Ontiveros*, 2013 WL 1785891, at *5 (noting, ninth months before trial was scheduled to begin: "At this

15   stage of the litigation, for defendant to be forced to proceed to trial, only to afterwards be allowed to

16   arbitrate the dispute, would constitute a hollow victory indeed."); *Cardenas v. AmeriCredit Fin. Servs.

17   Inc.*, No. C 09-04978 SBA, 2011 WL 846070, at *4 (N.D. Cal. Mar. 8, 2011) (Armstrong, J.)

18   ("[C]onducting further proceedings, up to and including preparing for and conducting a trial *that may

19   ultimately be unnecessary,* would result in significant litigation costs-as well as the expenditure of

20   judicial resources."); *Cervantes v. Pac. Bell Wireless,* 2006 U.S. Dist. LEXIS 89198, *4 (S.D. Cal.

21   Mar. 8, 2006) (without a stay, defendant "will be forced to incur the expenses of preparing for trial,

22   losing the advantages of arbitration, even if the Ninth Circuit ultimately orders arbitration.").  Trial in

23   this case is scheduled to start on October 2, 2017.  (Stein Decl., Ex. 2 (3/16/17 CMC Transcript) at

24   15:15–16:14.)  Defendants will move for expedited briefing in the Federal Circuit.  (Stein Decl., ¶ 6.)

25

26   ---

[7] *See also Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Aloha Airlines, Inc.*, 776 F.2d
27   812, 815 (9th Cir. 1985) (denial of motion to compel arbitration "has serious consequences that can only
be challenged by immediate appeal"); *Jones*, 2007 WL 1456041, at *2 (if a stay is denied, and the
28   appeal is successful, "the Court's and the parties' resources will have been needlessly expended on
continuing preparations for trial").

DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S MOTION TO STAY
Case No. 3:17-cv-00939-WHA

1  However, it cannot be certain that its motion will be granted, and even if it is granted, it cannot be

2  certain when the Federal Circuit will issue its decision on the appeal.  Thus, without a stay, Defendants

3  will almost certainly be required to undergo the expense of trial preparation, and may very well face

4  trial, before the Federal Circuit issues its opinion—classic irreparable harm.

5  **III.     PLAINTIFF WILL SUFFER NO HARM SHOULD THE COURT STAY PROCEEDINGS**

6          Should the Court stay this case pending appeal, Plaintiff would not suffer any cognizable harm

7  that could outweigh the harm to Defendants if a stay is not issued.  Plaintiff cannot claim harm from

8  Defendants' alleged use of its allegedly stolen trade secrets during the pendency of the arbitration

9  because Defendants do not seek to stay enforcement of the preliminary injunction issued by this Court,

10 including the additional expedited discovery ordered by this Court and clarified by Magistrate Judge

11 Corley's Order re: Paragraph Six of District Court's PI Order. (Dkt. 433, 441); *see Hawai'i v. Trump*,

12 No. CV 17-00050 DKW-KJM, 2017 WL 536826, at *2–3 (D. Haw. Feb. 9, 2017) (stay did not prejudice

13 non-movant when there was an injunction in place against challenged conduct).  And unlike the harm

14 suffered by Defendants in "forever" losing the benefits of arbitration if a stay is denied, *Alascom, Inc.*,

15 727 F.2d at 1422, any delay in collection of monetary damages "may be mitigated by remedies such as

16 prejudgment interest." *Zaborowski*, 2013 WL 1832638, at *3.

17 **IV.     THE PUBLIC INTEREST FAVORS A STAY.**

18         Public policy also supports a stay.  First, public policy "favors an efficient allocation of judicial

19 resources. It does not make sense for this Court to expend its time and energy preparing this case for

20 trial and possibly trying it only to learn at a later date from the court of appeals that it was not the proper

21 forum to hear the case." *Mundi v. Union Sec. Life Ins. Co.*, No. CV-F-06-1493OWWTAG, 2007 WL

22 2385069, at *6 (E.D. Cal. Aug. 17, 2007); *see also In re Wirecomm Wireless, Inc.*, 2008 WL 3056491,

23 at *5 ("Staying a potentially unnecessary adversary action in a bankruptcy court conserves judicial

24 resources.").

25         Second, the public interest in promoting arbitration, protected by Congress in the FAA,

26 *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 225 (1987), favors a stay here. Granting a stay

27 pending appeal would promote the "the strong federal policy encouraging arbitration as a prompt,

28 economical and adequate method of dispute resolution for those who agree to it." *A.G. Edwards &*

DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S MOTION TO STAY
Case No. 3:17-cv-00939-WHA

1    *Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992) (internal quotation marks omitted);

2    *see also Richards*, 2012 WL 92738, at *2 ("[T]he federal policy favoring arbitration embodied in the

3    FAA and the economical use of judicial resources lead the public interest to favor a stay, even when

4    other interests are at play."); *Stern*, 2006 WL 2790243, at *2 ("a stay will serve the public interest in

5    arbitration as articulated by Congress."); *Pokorny*, 2008 WL 1787111, at *2 ("The speed and efficiency

6    of ADR are the foundation for a strong federal policy favoring arbitration over litigation, which would

7    be contravened by requiring the parties to litigate while the appeal is pending.").  Moreover, Congress'

8    enactment of the immediate right of appeal of the denial of arbitration under the FAA, 9 U.S.C. §

9    16(a)(1)(B), speaks volumes as to its view that the public would best be served by having that issue

10   decided before the litigation itself proceeds apace.

11                                              **CONCLUSION**

12          For the foregoing reasons, Defendants respectfully request that the Court grant Defendants'

13   motion and stay all proceedings other than those outlined in the preliminary injunction order issued by

14   this Court and clarified by Magistrate Judge Corley's Order re: Paragraph Six of District Court's PI

15   Order (Dkt. 433, 441) until the conclusion of Defendants' appeal of this Court's denial of Defendants'

16   Motion to Compel Arbitration.

17   Dated: May 19, 2017                          Respectfully Submitted,

18                                                MORRISON & FOERSTER LLP

19                                                BOIES SCHILLER FLEXNER LLP

20

21                                               By:   */s/ Hamish P.M. Hume*
                                                       Hamish P.M. Hume
22                                                     Attorneys for Defendants
                                                       UBER TECHNOLOGIES, INC.
23                                                     and OTTOMOTTO LLC

24

25

26

27

28

DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S MOTION TO STAY
Case No. 3:17-cv-00939-WHA