1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   David A. Perlson (Bar No. 209502)
3  davidperlson@quinnemanuel.com
   Melissa Baily (Bar No. 237649)
4  melissabaily@quinnemanuel.com
   John Neukom (Bar No. 275887)
5  johnneukom@quinnemanuel.com
   Jordan R. Jaffe (Bar No. 254886)
6  jordanjaffe@quinnemanuel.com
   50 California Street, 22nd Floor
7  San Francisco, California 94111-4788
   Telephone:    (415) 875-6600
8  Facsimile:    (415) 875-6700

9  Attorneys for WAYMO LLC

10
11                    UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

13  WAYMO LLC,                          CASE NO. 3:17-cv-00939
              Plaintiff,
14                                      **PLAINTIFF WAYMO LLC'S NOTICE
       vs.                              CLARIFYING VERTICAL RESOLUTION
15                                      FOR THE COURT**
    UBER TECHNOLOGIES, INC.;
16  OTTOMOTTO LLC; OTTO TRUCKING        **REDACTED VERSION OF DOCUMENT
    LLC,                                SOUGHT TO BE SEALED**
17            Defendants.

18
19
20
21
22
23
24
25
26
27
28

1  Plaintiff Waymo LLC ("Waymo"), respectfully submits this notice to withdraw Waymo's
2  redactions of the Court's Question Two[1] issued before the preliminary injunction hearing, and to
3  correct the arguments made in support of the redactions. (*See* Dkt. 348; 5/3/17 AM Sealed Hr'g Tr.
4  at 10:9-11:21.)

5  In response to the Court's Question Two, Waymo pointed to Trade Secret No. 28, noting that
6  the LiDAR system was ████████████████████████████████████████████
7  ██████ and to the Declaration of Pierre-Yves Droz, in which Mr. Droz explained the benefits of
8  ██████████████████. (Dkt. 335-4 at 1 (citing Dkt. 25-7 ¶ 28; Dkt. 25-31 ¶¶ 20-22).) Based on
9  these statements, Waymo argued that the premise of the Court's Question Two was itself a trade
10 secret. (5/3/17 AM Sealed Hr'g Tr. at 10:9-11:21.)

11 However, as explained by Mr. Droz in his May 17 declaration in response to the Court's
12 Question Regarding Waymo's Asserted Trade Secret #1, ████████████████████ refers the
13 ability of LiDAR beams to ████████████████████████████████████████████
14 (Dkt. 453-3, ¶ 3.) This was shown in Mr. Droz's illustration, reproduced below, where ███████
15 ████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████
17 ██████
18 ████████████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████████████
22 (*Id.*)[2] As the vertical resolution enabled by ████████████████ of Trade Secrets 28 allows
23 for ████████████████████████████████████████, as opposed to the "evenly

---

[1] "If you want the LiDAR points of illumination along a roadway to land at evenly spaced intervals along said roadway (*e.g.*, every ten feet from ten feet to 110 feet), wouldn't you, simply as a matter of optics, have to variably space the diodes on the printed circuit board?" (Dkt. 327 at 1.)

[2] As explained by Mr. Droz, however, the GBr3 as implemented did not achieve ████████ ████████████████ (Dkt. 453-3 ¶ 3.)

1 | spaced intervals along said roadway" that were the subject of the Court's Question Two, Question
2 | Two did not need to be redacted.
3 |     This clarification does not affect the ███████████████ recited in Waymo's
4 | Trade Secret List, including Trade Secret Nos. 1, 6, and 94-99.  Waymo respectfully submits this
5 | withdrawal of its redaction of Question Two, recognizing the importance the Court has placed on
6 | making as much of these proceedings public as possible without compromising Waymo's trade
7 | secrets.

11 | DATED:  May 21, 2017      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Attorneys for WAYMO LLC