

May 23, 2017

Magistrate Judge Jacqueline Scott Corley
U.S. District Court for the Northern District of California

*Re: Waymo LLC v. Uber Technologies, Inc.*, et al., No. 3:17-cv-00939-WHA

Your Honor:

We represent non-party Anthony Levandowski.  We write to address two issues that Waymo has raised with the Special Master and are now before this Court:

*First*, does the fact that documents with respect to which an individual claims a Fifth Amendment privilege against compelled production are also attorney-client privileged negate the individual's right to make an *in camera* showing to demonstrate his right to invoke the Fifth?  In other words, must the individual present to the requesting parties a separate attorney-client/work-product/joint-defense privilege log of documents, the very existence of which is a fact protected by the Fifth Amendment?  *Second*, whether Mr. Levandowski's public briefing under Judge Alsup's previous order has provided Waymo adequate notice to contest Mr. Levandowski's invocation of the Fifth Amendment privilege.

**Background**

Mr. Levandowski has consistently asserted his Fifth Amendment rights.  *See, e.g.,* Dkt. Nos. 131, 147, 169, 230, 244, and 382.  As the Court has recognized, it is non-controversial that the Fifth Amendment protects an individual from having to produce potentially incriminating materials or statements in any proceeding "in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution."  *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000).  Here, the Court formally referred this matter to the United States Attorney's Office "for investigation of possible theft of trade secrets" by Mr. Levandowski.  Dkt. No. 428.  Nevertheless, Waymo continues to argue that its desire for documents trumps Mr. Levandowski's constitutional privilege not to reveal the existence of potentially incriminating documents under *Hubbell*.  Waymo's position is contrary to the law.

**Documents Can Be Protected By Both Attorney-Client and Fifth Amendment Protections**

Waymo argues that, because Mr. Levandowski has invoked his attorney-client, work product, and common interest privileges with respect to certain documents, he must forfeit his Fifth Amendment rights as to the existence of those documents.  But both the Supreme Court and the Ninth Circuit recognize that, where an individual has provided documents protected by the Fifth Amendment to his or her attorney for the purpose of obtaining legal advice, those documents continue to be protected — by both the attorney-client privilege and the individual's Fifth Amendment rights.  *Fisher v. United States*, 425 U.S. 391, 404-405 (1976); *United States v. Sideman & Bancroft, LLP*, 704 F.3d 1197, 1201-02 (9th Cir. 2013).  In keeping with these principles, rather than ordering Mr. Levandowski to produce to Waymo a privilege log that would reveal information protected by the Fifth Amendment, Judge Alsup ordered Mr. Levandowski to file a privilege log *ex parte* and *in camera* to allow the Court to evaluate the

Letter Brief for Judge Corley
May 23, 2017
Page 2

validity of the claim of privilege. Dkt. No. 230 (4/12/2017 Tx) at 77-84. These rulings make clear that an individual may make a valid assertion of his attorney-client privileges without compromising the protections of the Fifth Amendment.

Other district courts have come to the same conclusion, holding that it is improper to compel a privilege log where, as here, that log would disclose tacit testimony protected by the privilege against self-incrimination—namely, that specific documents in fact exist. *See United States SEC v. Chin, Civil Action* No. 12-cv-01336-PAB-BNB, 2012 U.S. Dist. LEXIS 182252, at *16-17 (D. Colo. Nov. 29, 2012) (finding that the Fifth Amendment and *Hubbell* prohibit requiring production of a privilege log); *In re Syncor ERISA Litig.*, 229 F.R.D. 636, 649 (C.D. Cal. 2005) (rejecting motion to compel a privilege log because "requiring defendant [] to produce a privilege log listing responsive documents may incriminate defendant [] by forcing him to 'admit that the documents exist, are in his possession or control, and are authentic'")

In contrast, the sole case Waymo cites for the proposition that the assertion of an additional privilege trumps the protection of the Fifth does not even address a Fifth Amendment objection to producing a privilege log and does not address *Fisher* or *Hubbell*. *See United States v. Real Property & Improvements Located at 2366 San Pablo Avenue, Berkeley, California*, No. 13-cv-02027-JST (MEJ), 2014 U.S. Dist. LEXIS 148441 at *4-6 (N.D. Cal. Oct. 17, 2014). Further, in that case, the objecting litigant was a business entity, not an individual with its own Fifth Amendment rights — a factor that may have complicated the court's analysis. *Id.*, *passim*. And when the entity objected that the production of documents would implicate an individual's Fifth Amendment protections, the court refused to order the documents produced. *Id.* at *3.

**Waymo's Desire For More Information Does Not Trump the Fifth Amendment Privilege**

Judge Alsup ordered Mr. Levandowski to file a public brief setting out the basis for his invocation of the Fifth Amendment along with his *in camera* submission. Mr. Levandowski complied with that order (Dkt. No. 244), and has agreed to supplement his *in camera* submission with the Court no later than Friday, May 26, 2017. Waymo filed an opposition, challenging Mr. Levandowski's submission. Dkt. No. 250. That opposition is still pending before Judge Alsup.

Yet Waymo argues, again, that Mr. Levandowski's submissions are insufficient. It wants more information regarding any documents for which Mr. Levandowski is invoking the Fifth. But under *Fisher* and its progeny, a court cannot, consistent with the Fifth Amendment, order an individual to disclose the existence, possession, location, or identity of documents that may be used in any possible criminal prosecution. Instead, courts permit litigants to make *in camera* submissions to establish a privilege. *See, e.g.,* Dkt. Nos. 382 & 473 (collecting cases). These cases recognize, that when necessary to protect a privilege, the opposing litigant may sometimes be deprived of specific information it would like to know. To the extent the Court needs to evaluate the validity of Mr. Levandowski's invocation of the privilege, it can review Mr. Levandowski's *in camera* submission.

If the Court were to grant Waymo's request, it would allow an end-run around the Fifth Amendment by making Mr. Levandowski provide information that would make the existence of documents a "foregone conclusion." Waymo and the government are free to use their vast resources to gather evidence from independent sources, but this Court cannot, consistent with the Fifth Amendment, force Mr. Levandowski to produce information that can be used to prosecute him. The Court should deny Waymo's request.

Respectfully submitted,

*/s/ Ismail J. Ramsey*

Ismail Ramsey
RAMSEY & EHRLICH LLP
*Counsel for Non-Party Anthony Levandowski*

cc: Counsel of record (via ECF)