**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

May 23, 2017

Magistrate Judge Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   *Waymo LLC v. Uber Technologies, Inc., et al*., N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Waymo respectfully requests that Anthony Levandowski be ordered to produce a log identifying, on a document-by-document basis, information being withheld under any claim of privilege, including the Fifth Amendment, in response to RFP No. 3 of Waymo's April 9th subpoena.

**Background**:   On April 9th, Waymo served on Mr. Levandowski a document and deposition subpoena. (Ex. 1 ("Subpoena").) Judge Alsup ruled that RFP Nos. 1 and 3 were enforceable (4/12/17 Hr'g Tr. at 72:2-4) and ordered Mr. Levandowski to produce documents responsive to those requests at his April 14th deposition (*id.* at 76:4-14.) As pertinent here, RFP No. 3 of the Subpoena requests "All communications between You and Uber between January 2015 and August 2016." (Ex. 1.)

The Court also ordered Mr. Levandowski to initially submit his Fifth Amendment privilege log *in camera* by April 19th, so that Judge Alsup could determine whether the log itself was incriminating. (*Id.* at 78:21-79:5.)   Judge Alsup rejected the argument that a privilege log was not necessary to support assertion of the Fifth Amendment. (*Id.* at 77:22-78:2 ("I never heard of that. Typically it is in my court, . . . under your theory, all kinds of wrongdoing could go unchecked . . . ."); *see also id.* at 79:1-5.)  Judge Alsup also ordered that with his *in camera* submission, Mr. Levandowski must "give the other side enough of the argument so that they can respond to it." (*Id.* at 79:13-14.)

Mr. Levandowski violated Judge Alsup's Orders in several respects.  First, Mr. Levandowski produced no documents on April 14th as ordered, delaying his first production until April 24th and failing to complete his production until May 11th, almost a month late. (*See* Ex. 2.) Mr. Levandowski also failed to provide sufficient information to challenge his assertions of privilege as ordered. Instead, Mr. Levandowski provided only a high-level legal brief that purports to "discuss the general legal principles that should guide the Court's in camera consideration . . . ."[1] (Dkt. 244 at 2.) As Waymo argued in a April 21st response, this is insufficient. (Dkt. 250.) It also fails to satisfy Judge Alsup's requirements for justifying an asserted privilege (4/12/17 Hr'g Tr. at 79:13-14, 77:22-78:2; *see also* Standing Order at ¶ 16.)  To date, no ruling has been made on the adequacy of Mr. Levandowski's *in camera* or public submissions.

Without an adequate privilege log, Waymo cannot meaningfully analyze what Mr. Levandowski is

---

[1] Waymo understands that Mr. Levandowski has supplemented his *in camera* submission, but Waymo has received no further information regarding the asserted privileges.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

withholding.[2]  For example, while RFP No. 3 requested Mr. Levandowski's communications with Uber between January 2015 and August 2016, the documents produced appear to span only February 2016 to August 2016.  (Ex. 3 at 1, item 3.)  Did Mr. Levandowski search for documents prior to February 2016?  Do such documents exist?  If so, are they being withheld under the Fifth Amendment?  (*Id.*)  Mr. Levandowski refuses to answer these questions, thus precluding Waymo from understanding what has been withheld from this highly relevant category of documents and why.  (*Id.*)  Indeed, it is impossible to tell whether Mr. Levandowski is selectively producing documents that are helpful to him or his employer, while improperly shielding potentially harmful (but not necessarily incriminating) documents.  A log describing withheld documents should be required.

**Argument**:  Mr. Levandowski repeatedly invokes *United States v. Hubbell*, 530 U.S. 27, 32-36 (2000), arguing that the act of providing a privilege log is implicitly incriminating (Dkt. 244 at 2, 4).  But Mr. Levandowski reads *Hubbell* far too broadly.  Neither *Hubbell* nor any other authority cited holds that a party asserting the Fifth Amendment in a civil case is excused from producing a privilege log.  In fact, courts in this district have rejected such an argument, ordering that a privilege log sufficient to establish both Fifth Amendment and non-Fifth Amendment privileges must be produced.  *See U.S. v. Real Prop. & Improvements*, 2014 WL 5335266, at *2 (N.D. Cal. Oct. 17, 2014) ("Without a privilege log, the Court cannot properly rule on this matter.").  Moreover, the "act of production" doctrine in *Hubbell* applies only when the production itself would be incriminating—***not*** where the materials to be produced merely contain incriminating facts.  *See, e.g.*, *Moore v. Gilead Sciences, Inc.*, 2011 WL 5572975, at *7-8 (N.D. Cal. Nov. 16, 2011).  Because the mere act of producing a privilege log listing communications between Mr. Levandowski and Uber is not itself incriminating, Mr. Levandowski's over-reaching *Hubbell* objection must be overruled.[3]

Finally, although Mr. Levandowski has kept Waymo in the dark regarding whether certain communications with Uber exist, it bears mentioning that if such documents do exist, the Fifth Amendment does not excuse their non-production.  Again, *Hubbell*'s "act of production" doctrine does not justify withholding documents that merely reflect past, incriminating acts.  *Moore*, 2011 WL 5572975, at *8 ("[I]t is not a crime to possess the documents requested by Moore . . . .  Exilhomme's Fifth Amendment privilege does not protect him from producing documents in which the contents may be incriminating, but the act of producing them is not.").  The "act of production" doctrine only applies where the production ***itself*** is incriminating.  As *Hubbell* itself noted, it is a "settled proposition that ***a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief*** because the creation of those documents was not 'compelled' within the meaning of the privilege."  530 U.S. at 35-36 (emphasis added).

Mr. Levandowski should be ordered to immediately provide a log identifying, on a document-by-document basis, subpoenaed materials that are being withheld under any claim of privilege.  Waymo reserves the right to challenge any assertions of privilege once it receives such a log.

---

[2]  Further complicating the issues, Mr. Levandowski has confirmed that certain documents are being withheld on a combination of Fifth Amendment and non-Fifth Amendment privileges, yet no log for such documents has been provided.  (Ex. 3 (5/18 correspondence).)  Mr. Levandowski has also refused to describe his document collection methodology, asserting at various times the Fifth Amendment and attorney work product privileges.  (*See, e.g.*, Ex. 3 at 4, item 3.)

[3]  Waymo does not request that documents responsive to RFP No. 1 (which requests all "misappropriated materials") be logged on a document-by-document basis at this time, though Waymo reserves its right to make such a request based on a further developed factual record.

Respectfully,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

cc:     All counsel of record; Special Master John Cooper