# EXHIBIT 3

**Patrick Schmidt**

| | |
|---|---|
| **From:** | Patrick Schmidt |
| **Sent:** | Thursday, May 18, 2017 9:23 PM |
| **To:** | 'Amy Craig'; 'Miles Ehrlich'; John Cooper |
| **Cc:** | QE-Waymo; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); 'NChatterjee@goodwinlaw.com'; 'BSchuman@goodwinlaw.com'; 'SBrun@goodwinlaw.com'; 'RWalsh@goodwinlaw.com'; Ismail Ramsey; Miles Ehrlich |
| **Subject:** | RE: 5/11 M&C Regarding Levandowski Subpoena |

Amy/Miles and Special Master Cooper,

Set forth below are some comments and follow-up questions to Amy's email below. We request a meet-and-confer conference with Special Master Cooper to discuss these outstanding issues beginning immediately after the currently scheduled 10:00 a.m. call.

- You now note that there are certain documents that have been withheld strictly on the basis of the attorney-client, attorney work product, and/or common interest privilege. This is different from what we you represented in our last two meet and confer conversations. In any event, when can we expect your privilege log for these withheld documents? Judge Alsup's standing order is that such logs must be produced "promptly." Seeing as how the production was due on April 14th, that the privilege log is already tardy. Please produce it immediately. We reserve the right to allege that these privileges have been waived.

- With respect to items withheld on the basis of both the Fifth Amendment privilege and some other, non-Fifth Amendment privilege, submitting a log *in camera* with Judge Alsup is not sufficient. In these cases, you must produce a log so that we can assess the claims of privilege. *See United States v. Real Property & Improvements Located at 2366 San Pablo Avenue, Berkeley, California*, 2014 WL 55335266, at *3 (N.D. Cal. Oct. 17, 2014) ("BFG also objects to this RFP on work product, attorney-client privilege, and Fifth Amendment grounds. . . . For the same reasons set forth above, BPG is ORDERED to provide a privilege log (in the format set forth above) describing each document sought by this RFP, and the basis for the claim of privilege."). Please provide a log accounting for all such documents immediately.

- With respect to your search methodology for RFP No. 3—did you apply any date restriction in your collection of documents? Did you apply any date restriction in determining which documents would be withheld on the basis of the Fifth Amendment privilege? We are asking because based on our review, there do not appear to be *any* produced communications between Mr. Levandowski and Uber prior to February 2016. Are there really no non-privileged documents responsive to RFP No. 3 predating February 2016?

- When you make your supplemental *in camera* submission to the Court on May 26th, will you be accounting for documents withheld under the Fifth Amendment on a document-by-document basis? Also, at that time, please produce to us a submission accounting for the May 26th *in camera* submission, as well as your prior April 24th *in camera* submission, containing sufficient detail to allow us to respond, per Judge Alsup's order. (4/12/2017 Hr'g Tr. at 79:12-14 ("[Y]ou've got to give the other side enough of the argument so that they can respond to it.").)

- Finally, it appears you have been overly designating the materials in Mr. Levandowski's production under the Protective Order. For example, you designated as "Attorneys' Eyes Only" under the Protective Order all text messages between Mr. Kalanick and Mr. Levandowski. This is improper. We ask that you re-visit and significantly narrow these designations and re-produce the documents with appropriate confidentiality designations.

All rights reserved.

**Patrick Schmidt**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3191 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
patrickschmidt@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Amy Craig [mailto:amy@ramsey-ehrlich.com]
**Sent:** Tuesday, May 16, 2017 6:34 PM
**To:** Patrick Schmidt <patrickschmidt@quinnemanuel.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; 'NChatterjee@goodwinlaw.com' <NChatterjee@goodwinlaw.com>; 'BSchuman@goodwinlaw.com' <BSchuman@goodwinlaw.com>; 'SBrun@goodwinlaw.com' <SBrun@goodwinlaw.com>; 'RWalsh@goodwinlaw.com' <RWalsh@goodwinlaw.com>; Ismail Ramsey <izzy@ramsey-ehrlich.com>; Miles Ehrlich <miles@ramsey-ehrlich.com>
**Subject:** RE: 5/11 M&C Regarding Levandowski Subpoena

Patrick –

As you requested, we write to correct and clarify some of your points below. For ease of reference, I numbered the bullet points in your email below and then addressed those that require further detail:

**Bullet 2**: We have identified some documents responsive to Waymo's document requests that have been withheld on the basis of attorney-client, attorney work product, and/or common interest privilege. We will create a log of those documents and produce it to you. To be clear, there are also some items that are protected from discovery by both the Fifth Amendment *and* other privileges (e.g., attorney-client and/or common interest). Those documents are included on our Fifth Amendment privilege log filed *in camera*.

**Bullet 3**: The Court ordered us to respond to two document requests (Requests 1 and 3). Request 1 calls for the production of "misappropriated materials," as defined in the subpoena, as well as any "documents reflecting any meetings or discussions regarding the substance of the misappropriated materials." Request 3 calls for the production of "all communications between You and Uber between January 2015 and August 2016." For the sake of completeness, we address both requests below.

- Document Request 1: Your bullet addresses Request 1. As we discussed on our two meet-and-confer calls, we used the search terms you provided to identify documents potentially responsive to Request 1. Your team provided us with 14,106 search terms (14,000 file names, 91 terms and/or phrases, and 15 additional search terms). We also explained that we used the language in your subpoena to formulate our own search terms, and worked with our client to identify any potentially responsive materials. As with any document review, the

application of search terms can result in hits on documents that are "false positives," meaning that a given search term may hit on a document, but a review of the document determines that it is not in fact responsive to the request in the subpoena. We explained on our call that, to the extent that our application of the search terms hit on any documents, we would review them to determine whether they were in fact responsive. If we determine a document is not, in fact, responsive to your request, we mark it "not responsive." On the other hand, if a document is responsive to Request 1, or we can't determine whether it is responsive to Request 1, we include that document on our Fifth Amendment privilege log filed *in camera*.

- Document Request 3: With respect to Request 3, we have produced all responsive, non-privileged documents responsive to your request. If any documents responsive to Request 3 implicate the Fifth Amendment, they appear on our Fifth Amendment privilege log filed *in camera*.

**Bullet 4**: We informed you that while we believe our *in camera* submissions are comprehensive, we are continuing to evaluate whether we need to update our submissions to the court. On our call, Special Master John Cooper suggested that it would be helpful if we provided a concrete date by which we will have supplemented our submission, if necessary. In keeping with Mr. Cooper's suggestion, we will plan to make any necessary supplemental submission by next Friday, May 26, 2017. That submission will complete our *in camera* submission, subject to any requests from the Court or leave granted based on good cause. If we supplement our *ex parte*, *in camera* submission, we will notify you and all the parties that we have done so.

I hope the above helps clarify our position.

Best regards,

Amy

**Amy E. Craig** | Ramsey & Ehrlich LLP | 803 Hearst Avenue | Berkeley, CA 94710 | Tel: (510) 548-3600 | Fax: (510) 291-3060 | amy@ramsey-ehrlich.com | www.ramsey-ehrlich.com

*This e-mail message is for the sole use of the intended recipient(s) and contains confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.*

**From:** Patrick Schmidt [mailto:patrickschmidt@quinnemanuel.com]
**Sent:** Monday, May 15, 2017 7:57 PM
**To:** Amy Craig <amy@ramsey-ehrlich.com>; Miles Ehrlich <miles@ramsey-ehrlich.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; 'NChatterjee@goodwinlaw.com' <NChatterjee@goodwinlaw.com>; 'BSchuman@goodwinlaw.com' <BSchuman@goodwinlaw.com>; 'SBrun@goodwinlaw.com' <SBrun@goodwinlaw.com>; 'RWalsh@goodwinlaw.com' <RWalsh@goodwinlaw.com>
**Subject:** 5/11 M&C Regarding Levandowski Subpoena

Amy/Miles—

This message is to confirm certain key points from our meet and confer discussion last Thursday with the Special Master. If any of the below is inaccurate or requires further context, please let us know:

1. You represented that your production last Thursday evening (5/11) completes Mr. Levandowski's production of responsive, non-privileged documents in response to the subpoena as ordered by Judge Alsup.

2. You confirmed that you have not withheld any information responsive to Waymo's document requests on any basis other than the Fifth Amendment (*e.g.*, attorney-client or common interest privilege).

3. In explaining your document collection methodology, you noted that you did not necessarily produce all documents that hit on a keyword search or file name.  Rather, you filtered the documents for responsiveness in order to eliminate what you termed "false positives," explaining that only documents reflecting "misappropriated information" as that term is defined in the subpoena, were requested.  We asked how you determined whether documents reflected "misappropriated information" and expressed concern that whether or not information within a document is responsive may not be immediately apparent from the face of the document and may be open to interpretation.  You refused to provide more information regarding the method in which you searched for responsive documents on the basis that those methods are protected attorney work product.

4. You represented that you believe Mr. Levandowski's *in camera* submission to Judge Alsup on April 19th, as supplemented by a further *in camera* submission on April 24th, is complete and sufficient to establish the basis for the Fifth Amendment privilege with respect to all document productions.  In other words, Mr. Levandowski does not intend to further supplement his *in camera* submission.  We expressed disbelief that there would not be a need for further supplementation, given Mr. Levandowski's further production of documents after April 24.  But, you assured us that there is no need to supplement the *in camera* submission based upon Mr. Levandowski's supplemental productions.

5. We noted that we had not been aware that Mr. Levandowski made a second *in camera* submission on April 24th.  We noted that supplementing the *in camera* submission without providing us notice that you were doing so was inappropriate.  You agreed to provide us notice of further *in camera* submissions in the future.

6. We asked whether Mr. Levandowski's *in camera* submissions sought to establish the privilege on a document-by-document basis.  You responded that it was in part and in part not.  You declined to provide further information on the basis that such information was protected by the work product privilege and potentially implicated Mr. Levandowski's Fifth Amendment rights.

7. We noted that in order to obtain appropriate adverse inferences, we would need to understand the types and categories of documents to which Mr. Levandowski was asserting the Fifth Amendment privilege.  You stated that you would not be able to make such a showing in a "public setting," but that you would be able to make such a showing *in camera*.

We are continuing to review Mr. Levandowski's document productions and will follow-up as necessary.  We reserve all rights with respect to the subpoena, including the right to seek all available relief for the violations of Judge Alsup's orders.

**Patrick Schmidt**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3191 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
patrickschmidt@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.