MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:  202.237.2727
Facsimile:  202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC;<br>OTTO TRUCKING LLC,<br><br>　　　　　　Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE COURT'S MAY 19 ORDER (DKT. 471)**<br><br>Judge:  The Honorable William Alsup<br><br>Trial Date: October 2, 2017 |

Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") do not oppose reinstatement of the May 31 deadline for Uber to comply with Item #2 of the Court's Preliminary Injunction Order (Dkt. 433 at 23) with respect to "all other officers, directors, employees, and agents of defendants" apart from Anthony Levandowski and Stroz Friedberg. The Court's extended deadline of June 23 should be retained for Uber's compliance with Item #2 relating to Mr. Levandowski and Stroz Friedberg.

***With respect to Mr. Levandowski***: Waymo does not challenge the extended June 23 deadline for portions of Item #2 "addressing Defendants' potential discipline of Mr. Levandowski." (Dkt. 485 at 2-3.) Mr. Levandowski has moved to intervene to seek modification of the Court's Preliminary Injunction Order on the basis of his asserted Fifth Amendment privilege. (Dkt. 466.) Waymo argues that Mr. Levandowski's motion pertains only to subsection (b) of Item #2 (concerning the return of downloaded materials) and not to subsection (a) (concerning the prevention of use of downloaded materials). (Dkt. 485 at 1-2.) In fact, Mr. Levandowski's motion addresses the entirety of Item #2, as it asks the Court to withdraw the complete preamble of Item #2 as it pertains to Mr. Levandowski. (Dkt. 466 at 9.) Further, Waymo concedes that the deadline is properly extended as to "subsection (b) addressing Defendants' potential discipline of Mr. Levandowski should he fail to provide relevant materials and information." (Dkt. 452 at 2-3.) Accordingly, the Court's extended deadline of June 23 should continue to apply to all of Item #2 as it pertains to Mr. Levandowski, to "permit full briefing and hearing on Levandowski's motion." (Dkt. 471.)

***With respect to Stroz Friedberg***: Waymo contends that the May 31 compliance deadline should be reinstated for Item #2 as it pertains to Stroz and the Stroz Due Diligence Report. However, as Waymo knows, Uber has asserted attorney-client privilege and work product protection over the Stroz Due Diligence Report and its exhibits, and Waymo's motion to compel production of that report is scheduled for hearing in front of Magistrate Judge Corley on May 25, 2017. Mr. Levandowski has also intervened to assert privilege protection over the Stroz Due Diligence Report and exhibits. (Dkt. 371, 379.) The extended compliance deadline of June 23 should be retained for Item #2 as it pertains to Stroz to allow time for the Magistrate

Judge to rule on Waymo's motion to compel and for any subsequent appeal to the district court or Federal Circuit.

Dated: May 23, 2017                           MORRISON & FOERSTER LLP

                                              By:  /s/ Arturo J. González
                                                   ARTURO J. GONZÁLEZ

                                              Attorneys for Defendants
                                              UBER TECHNOLOGIES, INC.
                                              and OTTOMOTTO LLC