QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa J. Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br>      v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO'S REPLY IN SUPPORT OF MOTION TO MODIFY THE COURT'S MAY 19 ORDER (DKT. 471) EXTENDING THE DEADLINE FOR DEFENDANTS TO COMPLY WITH THE COURT'S PRELIMINARY INJUNCTION ORDER** |

Plaintiff Waymo LLC ("Waymo") respectfully submit this Reply in Support of its Motion to Modify the Court's May 19th Order (Dkt. 485).

While Defendants do not oppose reinstatement of the May 31st deadline for Uber to comply with Item #2 of the Court's Preliminary Injunction Order in some respects, Defendants fail to justify the objections to reinstatement they do make in their Opposition.

Uber's request for an exception for Stroz Friedberg for Item #2—which asks *only* for the return of Waymo's documents—is an admission that Stroz, Uber's agent, has and continues to have Waymo's stolen documents and that Uber has the power to compel their return to Waymo. It is further an admission that Uber is in contempt of the Court's March 16th Order requiring return of these same materials by March 31st. (Dkt. 61.) Uber's only response is generic claims of privilege related to the so-called Due Diligence Report, but that is a separate issue. Waymo's own stolen documents are not, have never been, and cannot be protected by any claim of privilege by Defendants. Even now faced with a second Court order on this point, Defendants continue to seek to prevent the return of Waymo's documents.

Defendants also contend that Mr. Levandowski's Motion pertains not just to subsection (b) of Item #2 (concerning the return of downloaded materials), but also to subsection (a) (concerning the prevention of use of downloaded materials). (Dkt. 494 at 1.) While it is true that Mr. Levandowski's Motion may refer to Item #2 generically (Dkt. 466 at 1-2, 9-10), the Motion presents no argument or discussion as to how anything in subsection (a) implicates any of Mr. Levandowski's Fifth Amendment concerns. Defendants certainly point to no such argument or discussion. Defendants' compliance with Item #2(a) should not be extended simply because Mr. Levandowski's motion was imprecise in its general statements as to the relief sought.

For these reasons, and those stated in Waymo's Motion (Dkt. 485), Waymo respectfully requests that the Court modify its May 19th Order to reinstate the original compliance date for Item #2, except for the portions of Item #2, subsection (b) addressing Defendants' potential discipline of Mr. Levandowski should he fail to provide relevant materials and information.

| | | |
|---|---|---|
| 1 | DATED: May 23, 2017 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | By  */s/Charles K. Verhoeven* |
| 3 | | Charles K. Verhoeven<br>Attorneys for WAYMO LLC |