**MORRISON | FOERSTER**

707 WILSHIRE BOULEVARD
LOS ANGELES
CALIFORNIA  90017-3543

TELEPHONE: 213.892.5200
FACSIMILE: 213.892.5454

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

May 24, 2017

Writer's Direct Contact
+1 (213) 892.5446
WRay@mofo.com

The Honorable Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse
Courtroom F - 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. 3:17-cv-00939

Dear Judge Corley:

We write at the Special Master's request to confirm that third-party discovery is stayed pending the expedited discovery ordered by Judge Alsup.  Uber's position is that it is clear from the May 15, 2017 Order re Paragraph Six of District Court's PI Order (Dkt. 441) that all third-party discovery but the Gorilla Circuits subpoena is stayed.[1]  Nothing has happened that warrants a modification of the Order.

In the briefing that preceded the May 15 Order, both parties addressed third party discovery.  Waymo argued, "[W]ith respect to third party discovery, Waymo should not have to wait to take discovery because it often takes time and motion practice to obtain third party discovery."  (Dkt. 440 at 2.)  Uber noted that it did not object to Waymo's continued pursuit of the pending subpoena directed to Gorilla Circuits during the expedited discovery period, but that it believed that the Stroz Friedberg subpoena should be stayed pending the resolution of the motion to compel.  (Dkt. 439 at 2.)

The May 15 Order states, "[T]he Court rules that Waymo must first proceed with the expedited discovery ordered in the district court's preliminary injunction order.  Once Waymo exhausts the expedited discovery, it may continue discovery with the standard deadlines. . . . The third-party discovery as to Gorilla Circuits may proceed, as agreed to by Uber."  Neither the preliminary injunction Order nor the May 15 Order provide for third-party discovery during the expedited discovery phase.

---

[1] Waymo may contend that Uber's counsel said during a meet and confer that Waymo could take third party discovery during expedited discovery, but that is not correct.  Uber's counsel made no such statement.

sf-3771490

MORRISON | FOERSTER

The Honorable Jacqueline Scott Corley
May 24, 2017
Page Two


Waymo now seeks to make an end run around the Orders by arguing that it is permitted to pursue third party discovery as part of its allocation of RFPs and depositions. Specifically, Waymo has insisted that it is entitled to expedite certain RFPs directed to Stroz Friedberg. Not only is this contrary to the existing orders, but it is also a waste of judicial and party resources given the pending motion to compel. Accordingly, Uber requests that the Court confirm that third-party discovery is stayed pending the completion of expedited discovery. Should the Court be inclined to modify its Order and permit Waymo to use some of its RFPs and depositions for third-party discovery, then the subpoena served on Gorilla should also count towards the allowable expedited discovery.

Sincerely,

*/s/ Wendy J. Ray*

Wendy J. Ray
Attorneys for Uber Technologies, Inc.
and Ottomotto LLC

sf-3771490