**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

May 24, 2017

<u>VIA ECF</u>

Magistrate Judge Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse
Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:    <u>*Waymo LLC v. Uber Technologies, Inc., et al.*</u>, N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

In its May 11, 2017 Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief ("PI Order"), the Court granted Waymo "further expedited discovery in aid of possible further provisional relief" and stated: "[a]fter Waymo has exhausted its expedited discovery, it may continue with normal discovery." (Dkt. 433, at 26.)  On May 15, 2017, this Court further clarified that: "Waymo must first proceed with the expedited discovery ordered in the district court's preliminary injunction order.  Once Waymo exhausts the expedited discovery, it may continue discovery with the standard deadlines. . . .  Further, Waymo does not need to propound new discovery requests if it wishes the expedited schedule to apply to previously-requested discovery." (Dkt. 441, at 1.)  As to third party discovery, the Court said that Waymo's May 11, 2017 subpoena to Gorilla Circuits ("Gorilla Subpoena") may proceed, but the May 15 Order was silent as to Waymo's May 10, 2017 subpoena to Stroz Freidberg ("Stroz Subpoena"). *Id.* The Court also stated: "[t]his discovery phasing may be revisited depending on the progress of the expedited discovery." *Id.*  Defendants now contend that, with the exception of the Gorilla Subpoena, Waymo is precluded from taking <u>any</u> third party discovery during expedited discovery. Waymo respectfully requests that the Court confirm that Waymo is entitled to use some of its expedited document requests and depositions to pursue documents and testimony from third parties during the expedited discovery phase.

This dispute arose with respect to the Stroz Subpoena.  The Court has made clear that the 14,000 stolen documents should be returned to Waymo.  (*See* Dkt. 61, at 2 (ordering production for inspection of all files and documents downloaded by Levandowski, Kshirsagar, or Raduta); Dkt. 433, at 23, #2 (ordering return of downloaded materials).)   The evidence suggests Stroz has copies of some or all of the 14,000 misappropriated materials.  (*See* Dkt. 466-2 (Uber letter to Levandowski, saying "You should understand 'downloaded materials' to include all copies, excerpts, and summaries thereof, whether in . . . the possession of (a) Stroz Friedberg LLC . . .");

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

01980-00104/9310194.6

Dkt. 494 (Defendants opposing May 31 deadline to return stolen documents as it pertains to Stroz).)   As Your Honor is aware, Defendants and Levandowski not returned any stolen documents.  With respect to the exhibits to the Stroz report, Defendants claim they are "opinion" work product because their selection reflects attorney input.  The Stroz document requests would obviate that (meritless) argument, as Stroz likely has the larger set of stolen documents, unaffected by the alleged attorney input.  Following the May 15 Order, Waymo told Defendants it wants to use two of its 28 expedited document requests to obtain documents from Stroz.[1]  These documents are important to determining whether Stroz has or had possession of the stolen documents.  The evidence suggests that Defendants and/or Levandowski housed the misappropriated materials with Stroz, but Defendants contend Waymo cannot take expedited discovery to verify that fact.

This issue also impacts Waymo's ability to obtain expedited deposition testimony from third parties.  Waymo may want to depose at least one former Uber employee during expedited discovery.  Because the former employee is a third party, Waymo will need to subpoena this individual.  Under Defendants' theory that, with the exception of the Gorilla Subpoena, all Waymo third party discovery is stayed, Waymo would not be permitted to do so.

The Court previously allowed the parties to use expedited discovery to obtain third party discovery.  At the March 16, 2017 Case Management Conference, Judge Alsup granted the parties additional depositions and stated that they could use those depositions to depose third parties.  (3/16/17 Hearing Tr., 11:11-12:4) ("So both sides have the right to use one of these three depositions to subpoena somebody.")  Similarly here, Waymo should be allowed to use two of its 28 expedited discovery requests to obtain documents from Stroz.  And Waymo should be allowed to use some of its 7 expedited depositions to depose third parties.  Indeed, the Court ruled that Waymo is entitled to "further expedited discovery," suggesting that the same rules for third parties that applied before continue to apply.  Precluding Waymo from taking this discovery prejudices Waymo's ability to obtain the discovery needed "in aid of possible further provisional relief."

Defendants' only support for their position is this Court's May 15 Order.  Defendants contend that, by only referencing the Gorilla Subpoena, this Court held that Waymo cannot pursue the Stroz Subpoena or any other third party discovery.  Defendants are overreaching.  In their May 15, 2017 letter brief, Defendants did not contend that the Stroz Subpoena should be stayed pending expedited discovery.  (Dkt. 439.)  Nor did Defendants contend that all third party discovery should be stayed.  Rather, Defendants stated they did not object to continued pursuit of the Gorilla Subpoena, but the Stroz Subpoena "should be stayed pending the resolution of [Waymo's] motion to compel," now scheduled to be heard on May 25.  Thus, there is no support for Defendants' conclusion that this Court held that all third party discovery is stayed until normal discovery.

Even if that was the Court's intent, Waymo requests that the Court revisit this phased discovery for third parties, as it said it was willing to do (Dkt. 441), and confirm that Waymo may use some of its expedited discovery to pursue documents and testimony from third parties.

---

[1]   These requests seek: "All agreements between YOU and any PERSON REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, or the MISAPPROPRIATED MATERIALS", and "Any "original materials provided by Client or Uber or Ottomotto, to Stroz Friedberg" (referenced in Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit D)."

Respectfully,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

cc:     All counsel of record; Special Master John Cooper

01980-00104/9310194.6