John L. Cooper (State Bar No. 050324)
jcooper@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>       Plaintiff,<br><br>  vs.<br><br>UBER TECHNOLOGIES, INC. *et al.*,<br><br>       Defendants. | CASE NO. 3:17-cv-00939<br><br>[PROPOSED] ORDER RE: SPECIAL MASTER'S MONITORING AND VERIFICATION PROTOCOL |

Pursuant to the Court's May 20, 2017 Order (ECF No. 482), the Special Master and counsel for all parties conferred to agree upon a revised version of the Special Master's proposed monitoring and verification protocol required by the Court's May 11, 2017 Order (ECF No. 426). As a result of those efforts, the parties agreed upon the following protocol.

The specific provisions of this protocol, including all references to Required Disclosures, as defined below, are intended to help the Special Master and the Court evaluate whether Defendants Uber Technologies, Inc., Ottomotto, LLC, and Otto Trucking, LLC (collectively "Defendants") have complied with the Court's May 11, 2017 Order. The provisions of this protocol, including the Required Disclosures, are not intended to alter the May 11 Order.

I.   **SPECIAL MASTER'S *EX PARTE* COMMUNICATIONS WITH DEFENDANTS**

Paragraph 7 of the May 11, 2017 Order (the "May 11 Order" or the "Order") provides in part:

> Defendants shall keep complete and accurate records of their compliance with all of the foregoing requirements, including directives given to Anthony Levandowski and others. The special master shall monitor and verify said compliance.

The Court has previously ordered that the Special Master "shall not engage in substantive *ex parte* communications with the Court or with the Parties except as ordered by the Court or as agreed by the parties." ECF No. 235 at 2.

The parties have agreed, and the Court likewise finds, that Special Master must engage in limited *ex parte* substantive communications with Defendants, including their officers and employees, in order to monitor and verify their compliance with the May 11 Order. Accordingly, it is hereby ordered that Special Master and his assistants may, pursuant to the below protocols, unilaterally interview Defendants and their employees and may engage with Defendants' counsel to review and analyze Defendants' efforts to comply with the Order. Any action taken by the Special Master pursuant to the protocols is not subject to any promise of confidentiality. For example, if the Special Master interviews an employee of Defendants, he must disclose the contents of that interview to Plaintiff as needed or as the Court requires.

Defendants shall promptly notify Plaintiff of all *ex parte* communications, including the nature of the communication (for example, telephonic conference), the duration (if oral), the participants, and the general subject matter. To the extent the Special Master engages with Defendants' counsel only (as opposed to interviewing Defendants' officers and employees), the Special Master shall attempt to include counsel for Plaintiff in the communication when possible.

Special Master and his assistants shall have immediate and constant access to the records of compliance the Court has ordered Defendants to compile. If the Special Master determines that Defendants' efforts to comply with the May 11 Order are inadequate in any way, he will have the authority to confer with all parties about his initial determinations and request immediate

1 correction of any identified deficiencies. Any refusal by Defendants to bring their conduct or
2 records into conformance with the Special Master's comments shall be reported to the Court.

3 As part of his discussions with the parties about Defendants' compliance with the May 11
4 Order, the Special Master will have the discretion to share with Plaintiff any information or
5 documents that Defendants provide the Special Master pursuant to this Proposed Order and/or the
6 May 11 Order. Subject to the 24-hour notice provision below, and the other provisions of this
7 protocol, the Special Master will share with Plaintiff certain information that Defendants shall
8 provide to the Special Master specific to Defendants' compliance or non-compliance with the
9 Court's Order, as set forth below ("Required Disclosures"). The Required Disclosures are required
10 only by this Proposed Order and protocol, and Defendants shall be required to provide the
11 information to the Special Master as set forth below. The provisions of this protocol, including the
12 Required Disclosures, are not intended to alter the May 11 Order or to suggest that all of the
13 conduct suggested by the Required Disclosures must be carried out for Defendants to comply with
14 that Order.

15 The Special Master shall not share with Plaintiff the information or documents the Special
16 Master obtains from Defendants, including the Required Disclosures, under this Proposed Order
17 and protocol until he first notifies Defendants of his intent to do so and allows Defendants
18 reasonable time, not to exceed 24 hours, to determine whether to make any confidentiality
19 designations to the information under the protective order applicable to this case. For the
20 avoidance of doubt, no action taken by the Special Master pursuant to the protocols, including but
21 not limited to receiving information or documents from Defendants, is subject to any promise of
22 confidentiality. For the purposes of this Proposed Order, the foregoing shall be referred to the
23 "Disclosure Protocol."

24 **II.    PROHIBITION ON THE USE OF THE "DOWNLOADED MATERIALS" AND THEIR RETURN TO WAYMO**
25

26 The Court has ordered Defendants to "immediately and in writing exercise the full extent
27 of their corporate, employment, contractual, and other authority to" prevent Anthony Levandowksi
28

3
[PROPOSED] ORDER RE: SPECIAL MASTER'S MONITORING AND VERIFICATION PROTOCOL
Case No. 3:17-cv-00939-WHA

and "all other officers, directors, employees, and agents of" Defendants from using the downloaded materials in any way (excepting their use by Defendants' counsel and experts "in defending this civil action." See ECF No. 426 at 23. The Court further ordered Defendants to "exercise the full extent of their corporate, employment, contractual, and other authority" to require Mr. Levandowksi and "all other officers, directors, employees, and agents of" Defendants to return the downloaded materials to Plaintiff or the Court by noon on **May 31, 2017**. See id.

The Special Master's monitoring and verification of Defendants' compliance with this portion of the May 11 Order requires that:

1) Defendants shall immediately and continuously provide the Special Master the writings and communications Defendants are required to make to carry out this provision.

2) Defendants shall submit to the Special Master, by 2 p.m. on May 26, 2017, a detailed summary of all of Defendants' efforts to comply with these requirements. They shall submit an updated summary to the Special Master by 2 p.m. on May 30, 2017.

3) Upon his request to Defendants, Defendants shall immediately make their facilities available to the Special Master as per the May 11 Order, if deemed necessary to determine whether Defendants have complied with the Order.

4) If the Special Master determines that he must interview any of Defendants' employees or agents, including Anthony Levandowski, in order to verify Defendants' compliance with this provision of the May 11 Order, Defendants shall, within 48 hours of the Special Master's request, make the individual(s) available to the Special Master for an interview.

5) Subject to the Disclosure Protocol, the Special Master will share with Plaintiff the records of compliance submitted by Defendants, and to the extent such records are not shared, the Special Master will provide Plaintiff a description of the records and

an explanation for why the records were not shared, so that Plaintiff may have the opportunity to request them and/or object to their being withheld.

6) Subject to the Disclosure Protocol, the Special Master shall have the discretion to share with Plaintiff the Special Master's findings from any visit of Defendants' facilities and will disclose any suspected violations or failure to comply with the May 11 Order.

7) Subject to the Disclosure Protocol, the following are the Required Disclosures under this Proposed Order and protocol that Defendants shall make to the Special Master by May 25:

   a) Whether Anthony Levandowski has permitted Defendants to inspect all electronic devices in his possession, custody, or control, and certified in writing that the electronic devices provided for inspection are in fact all such devices;

   b) Whether Defendants have inspected all of Anthony Levandowski's personal electronic devices in order to locate the downloaded materials;

   c) Whether Anthony Levandowski has certified in writing that he does not have the downloaded materials;

   d) Whether Anthony Levandowski has certified in writing that he will not consult, copy, or otherwise use the downloaded materials;

   e) Whether Defendants have required all officers, directors, and employees who either 1) do or have done any work on behalf of any Defendant pertaining to LiDAR; 2) were originally officers, directors, or employees of Ottomotto or Otto Trucking;  3) were involved in any way with Uber's acquisition of Ottomotto or the negotiations between Uber, on the one hand, and Ottomotto or Otto Trucking, on the other, related to a potential acquisition; or (4) were involved in the recruiting of Mr. Levandowski to Uber whether through seeking acquisition of Ottomotto or Otto Trucking or

                otherwise, to certify in writing that they do not have the downloaded materials;

        f)     By way of example only, if Anthony Levandowski refuses to certify in writing that he does not have the downloaded materials, and Defendants have not fired him, that would be a Required Disclosure.

    8)     Defendants shall immediately rectify any deficiencies the Special Master identifies in Defendants' compliance with the May 11 Order. The Special Master shall report to the Court any refusal by Defendants to do so.

### III. REMOVAL OF ANTHONY LEVANDOWKSI FROM DEFENDANTS' LIDAR-RELATED ACTIVITIES

The Court has ordered Defendants to remove Mr. Levandowski "from any role or responsibility pertaining to LiDAR" and to "take all steps in their power to prevent him from having any communication on the subject of LiDAR with any officer, director, employee, agent, supplier, consultant, or customer of defendants." See ECF No. 426 at 23. Defendants further must prohibit Mr. Levandowksi "from consulting, copying, or otherwise using the downloaded materials in any way." Id. For simplicity's sake, this protocol and Proposed Order refers to these requirements as the "Levandowski Prohibitions." Finally, Defendants must "instruct all their officers, directors, employees, agents, suppliers, consultants, and customers in writing" of the Levandowski Prohibitions and that the "officers, directors, employees, agents, suppliers, consultants, and customers" must notify the Special Master or the Court immediately of any suspected breach of the Levandowski Prohibitions.

The parties agree that Defendants need not notify all users of Uber's mobile application and/or other individuals who have no relation to the technology at issue in this case. Pursuant to the agreement of the parties, the Special Master envisions that Defendants will satisfy the May 11 Order's requirement to notify certain groups of individuals about the Levandowski Prohibitions if they instruct (1) all of Defendants' officers, directors, and employees; (2) anyone who acts in any way on Defendants' behalf with respect to any LiDAR-related activities; (3) any people or entities

who supply any products or services related in any way to the development, research, or use of LiDAR; and (4) any people or entities who purchase or otherwise obtain from Defendants any products or services related in any way to LiDAR.

The Special Master's monitoring and verification of Defendants' compliance with this portion of the May 11 Order, construed as discussed above, requires that:

9) Defendants shall immediately and continuously provide the Special Master the records of compliance required by the May 11 Order.

10) Upon his request to Defendants, Defendants shall immediately make their facilities available to the Special Master as per the May 11 Order, if deemed necessary to determine whether Defendants have complied with this Order.

11) If the Special Master determines that he must interview any of Defendants' employees or agents in order to verify Defendants' compliance with this provision of the May 11 Order, Defendants shall, within 48 hours of the Special Master's request, make the individual(s) available to the Special Master for an interview.

12) Subject to the Disclosure Protocol, the Special Master will share with Plaintiff the records of compliance submitted by Defendants, and to the extent such records are not shared, the Special Master will provide Plaintiff a description of the records and an explanation for why the records were not shared, so that Plaintiff may have the opportunity to request them and/or object to their being withheld.

13) Subject to the Disclosure Protocol, the Special Master shall have the discretion to share with Plaintiff the Special Master's findings from any visit of Defendants' facilities and will disclose any suspected violations or failure to comply with the May 11 Order.

14) Subject to the Disclosure Protocol, the following are the Required Disclosures under this Proposed Order and protocol that Defendants shall make to the Special Master (by May 25):

    a)     Whether all of the following have received written instructions of the Levandowski Prohibitions: (1) all of Defendants' officers, directors, and employees; (2) anyone who acts as Defendants' agent with respect to any LiDAR-related activities; (3) any people or entities who supply any products or services related in any way to the development, research, or use of LiDAR ; and (4) any people or entities who purchase or otherwise obtain from Defendants any products or services related in any way to LiDAR;

    b)     Whether Anthony Levandowski has any role or responsibility pertaining to LiDAR, including third-party LiDAR or LiDAR data;

    c)     Whether Anthony Levandowski has any direct reports, or anyone in his chain of command, with any role or responsibility pertaining to LiDAR;

    d)     Whether Anthony Levandowski has certified in writing that he will comply with the Levandowski Prohibitions;

    e)     Whether Anthony Levandowski has authorization or access to any servers, repositories, or systems that host LiDAR-related material;

    f)     Whether all servers, repositories, or systems that host LiDAR-related material are password protected with a password that Mr. Levandowski is prohibited from receiving;

    g)     Whether Defendants have de-authorized, barred, or otherwise prohibited all of Anthony Levandowski's personal devices (i.e., those not issued and controlled by Defendants) from accessing any of Defendants' networks, servers, infrastructure, or systems.

    h)     Whether Defendants have instructed security and/or reception personnel at each of Defendants' offices or facilities that hosts LiDAR-related personnel or work that Anthony Levandowski must be searched before entering any such premises and that personal devices must be confiscated and not allowed into the office or facility;

    i)    Whether Defendants have instructed security and/or reception personnel at each of Defendants' offices or facilities that hosts LiDAR-related personnel or work that Anthony Levandowski's access to the physical premises must be limited to only those areas which do not include LIDAR-related work, including LiDAR devices, LiDAR data or LiDAR development;

    j)    Whether, to the extent Anthony Levandowski refuses to comply with any of the above directives or certifications, Defendants have terminated his contractual, employment, and contractual relationships with Defendants;

    k)    By way of example only, if Anthony Levandowski has authorization or access to any servers, repositories, or systems that host LiDAR-related material that would be a Required Disclosure.

15) Defendants shall immediately rectify any deficiencies the Special Master identifies in Defendants' compliance with the Order. The Special Master shall report to the Court any refusal by Defendants to do so.

## IV.    DEFENDANTS' DETAILED ACCOUNTING

The Court has ordered Defendants to undertake a "thorough investigation [into] and provide a detailed accounting under oath" of "every person who has seen or heard any part of any downloaded materials, what they saw or heard, when they saw or heard it, and for what purpose." ECF No. 426 at 24. The accounting, as further described in the May 11 Order, must be filed by noon on **June 23, 2017**. Id.

The Special Master's monitoring and verification of Defendants' compliance with this portion of the Order requires that:

16) Defendants shall continuously provide the Special Master a roster of the individuals Defendants have interviewed.

17) Until the accounting is filed, Defendants shall submit to the Special Master, by 2 p.m. every Tuesday and Friday, a detailed summary of all Defendants' efforts to comply with these requirements.

18) Upon his request to Defendants, Defendants shall immediately make their facilities available to the Special Master, as per the Order, if deemed necessary to determine whether Defendants have complied with this Order.

19) If the Special Master determines that he must interview any of Defendants' employees or agents in order to verify Defendants' compliance with this provision of the May 11 Order, Defendants shall, within 48 hours of the Special Master's request, make the individual(s) available to the Special Master for an interview.

20) Subject to the Disclosure Protocol, the Special Master will share with Plaintiff the records of compliance submitted by Defendants, and to the extent such records are not shared, the Special Master will provide Plaintiff a description of the records and an explanation for why the records were not shared, so that Plaintiff may have the opportunity to request them and/or object to their being withheld.

21) Subject to the Disclosure Protocol, the Special Master shall have the discretion to share with Plaintiff the Special Master's findings from any visit of Defendants' facilities and will disclose any suspected violations or failure to comply with the May 11 Order.

22) Subject to the Disclosure Protocol, the following are the Required Disclosures under this Proposed Order and protocol that Defendants shall make to the Special Master (by June 8):

   a) Whether Defendants have interviewed in connection with this accounting 1) every person on any of Defendants' privilege logs; 2) every employee of Defendants who has, at any time, worked for Ottomotto LLC or Otto Trucking LLC; 3) every officer, director, employee, and agent of Defendants who has ever performed any work on behalf of Defendants related in any way to the development, research, or use of LiDAR; and 4) every officer, director, employee, and agent of Stroz Friedberg who performed any work related to the Due Diligence Report.

b) Whether, in the interviews in connection with this accounting, Defendants' asked the above individuals 1) what they saw or heard about the downloaded materials 2) when they saw or heard it, and 3) for what purpose.

c) By way of example only, if persons on any of Defendants' privilege logs have not been interviewed in connection with this accounting, that would be a Required Disclosure.

23) Defendants shall immediately rectify any deficiencies the Special Master identifies in Defendants' compliance with the Order. The Special Master shall report to the Court any refusal by Defendants to do so.

## V. DEFENDANTS' LOG OF MR. LEVANDOWSKI'S COMMUNICATIONS REGARDING LIDAR

Finally, the Court has ordered Defendants to compile and serve on Plaintiff a log "of all oral and written communications . . . wherein Anthony Levandowksi mentioned LiDAR to any officer, director, employee, agent, supplier, or consultant of defendants." ECF No. 426 at 25. The chronological account, here called the "Levandowski Log," must be served on Plaintiff by noon on **June 23, 2017**. Id.

The Special Master's monitoring and verification of Defendants' compliance with this portion of the Order requires that:

24) On Wednesday, May 24, 2017, and every Wednesday thereafter until service of the Levandowski Log, Defendants shall submit to the Special Master a detailed summary of all Defendants' efforts to comply with these requirements and the chronology as it exists at the time of the update to the Special Master.

25) If the Special Master determines that he must interview any of Defendants' employees or agents in order to verify Defendants' compliance with this provision of the May 11 Order, Defendants shall, within 48 hours of the Special Master's request, make the individual(s) available to the Special Master for an interview.

11

26) Subject to the Disclosure Protocol, the Special Master will share with Plaintiff the records of compliance submitted by Defendants, and to the extent such records are not shared, the Special Master will provide Plaintiff a description of the records and an explanation for why the records were not shared, so that Plaintiff may have the opportunity to request them and/or object to their being withheld.

27) Subject to the Disclosure Protocol, the Special Master shall have the discretion to share with Plaintiff the Special Master's findings from any visit of Defendants' facilities and will disclose any suspected violations or failure to comply with the May 11 Order.

28) Defendants shall continuously provide the Special Master a roster of the individuals Defendants have interviewed.

29) Subject to the Disclosure Protocol, the following are the Required Disclosures under this Proposed Order and protocol that Defendants shall make to the Special Master (by June 8):

   a) Whether Defendants have interviewed in connection with this accounting 1) every person on any of Defendants' privilege logs; 2) every employee of Defendants who has, at any time, worked for Ottomotto LLC or Otto Trucking LLC; 3) every officer, director, employee, agent, supplier, or consultant of Defendants who has ever performed any work on behalf of Defendants related in any way to the development, research, or use of LiDAR; and 4) every officer, director, employee, and agent of Stroz Friedberg who performed any work related to the Due Diligence Report.

   b) Whether Defendants have reviewed, in connection with this accounting, every written communication in Defendants' possession, custody, or control between Anthony Levandowski and any person, and every document written by, contributed to, or otherwise authored by Anthony Levandowski.

c) By way of example only, if Defendants have not reviewed every email in their possession, custody, or control between Anthony Levandowski and any person in connection with this accounting, that would be a Required Disclosure.

30) Defendants shall immediately rectify any deficiencies the Special Master identifies in Defendants' compliance with the Order. The Special Master shall report to the Court any refusal by Defendants to do so.

DATED: May 23, 2017

*/s/ John L. Cooper*
Special Master
John L. Cooper

**IT IS SO ORDERED.**

DATED: __May 24, 2017.__

HON. WILLIAM ALSUP
UNITED STATES DISTRICT COURT JUDGE