IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

        Plaintiff,

  v.

UBER TECHNOLOGIES, INC., *et al.*,

        Defendants.
                                           /

No. C 17-00939 WHA

**NOTICE RE ANTHONY LEVANDOWSKI'S IN CAMERA SUBMISSION ON APRIL 19, 2017**

        At a discovery hearing on April 12, the undersigned judge required non-party Anthony Levandowski, through separate counsel, to submit in camera a privilege log justifying any assertion of Fifth Amendment privilege in response to two production requests from plaintiff Waymo LLC (RFP Nos. 1 and 3 on a subpoena dated April 9) (*see* Dkt. Nos. 212; 230 at 77:2–78:2). The undersigned judge observed that the privilege log should not be a long document and could be supplied in short order but nevertheless acquiesced to counsel's protest that more time was required by giving Levandowski until April 19 to submit his privilege log (Dkt. No. 230 at 81:14–84:9).

        The undersigned judge further required that Levandowski give Waymo "enough of the argument so that they can respond" to his assertion of Fifth Amendment privilege (*id.* at 79:12–79:18). Counsel for Levandowski agreed to this requirement (*id.* at 79:19) and further agreed that Levandowski's in camera privilege log must "provide enough information to . . . allow the Court to be able to determine that the invocation of the Fifth Amendment is proper" (*id.* at 79:6–79:8).

On April 19, Levandowski submitted a public brief summarizing "general legal principles" concerning the Fifth Amendment (*see* Dkt. No. 244 at 2). That brief provided no meaningful information whatsoever to justify, even at an abstract level, application of those principles in this case and in response to Waymo's production requests. As Waymo correctly pointed out in its objection, the brief failed to comply with the Court's directive to provide "enough of the argument" so that Waymo could respond (*see* Dkt. No. 250).

Levandowski's in camera submission largely failed to remedy the deficiencies of his public brief. The "privilege log" he submitted in camera contained over *one thousand* pages, over *twenty thousand* entries, and appeared to be two spreadsheets generated by automated data compilation with no intelligent review or analysis involved. To list every deficiency in that "privilege log" would be repetitive and unnecessary. To give just one example, entire *pages* of the spreadsheet in response to RFP No. 3 consisted of line items that identified "document type" as "loose e-mail attachment" and were otherwise *blank*. Similarly, *dozens* of pages of the spreadsheet in response to RFP No. 1 appeared dedicated to email attachments identified only by email account, time stamp, and otherwise wholly non-descriptive information. It would be wrong to suggest that any of those "privilege log" entries could justify *any* claim of privilege.

Despite the foregoing problems, the Court stayed its hand as to Waymo's objection for two reasons. *First*, also at the April 12 hearing, all discovery disputes were referred to Judge Corley (Dkt. Nos. 230 at 106:23–106:25; 237). *Second*, counsel for Levandowski represented (in supplemental briefs accompanying the "privilege log") that they were continuing manual document-by-document review of items potentially responsive to Waymo's production requests and would supplement the "privilege log" as appropriate.

Instead of further supplementing the "privilege log" submitted in camera on April 19, however, Levandowski submitted an apparently preemptive discovery letter brief to Judge Corley on May 23 raising two issues (Dkt. No. 492):

> *First*, does the fact that documents with respect to which an individual claims a Fifth Amendment privilege against compelled production are also attorney-client privileged negate the individual's right to make an *in camera* showing to demonstrate his right to invoke the Fifth? . . . *Second*, whether Mr. Levandowski's public briefing under Judge Alsup's previous

2

> order has provided Waymo adequate notice to contest
> Mr. Levandowski's invocation of the Fifth Amendment privilege.

That letter further stated that Waymo's opposition to Levandowski's public brief concerning his assertion of Fifth Amendment privilege "is still pending before Judge Alsup." The letter also mentioned that Levandowski "has agreed to supplement his *in camera* submission with the Court no later than Friday, May 26, 2017," and goes on to say, "To the extent the Court needs to evaluate the validity of Mr. Levandowski's invocation of the privilege, it can review Mr. Levandowski's *in camera* submission" (*id.* at 2).

On the heels of that letter came a discovery letter brief by Waymo seeking to compel Levandowski to "produce a log identifying, on a document-by-document basis, information being withheld under any claim of privilege, including the Fifth Amendment, in response to RFP No. 3 of Waymo's April 9th subpoena" (Dkt. No. 493). Waymo does not seek similar document-by-document logging of items responsive to RFP No. 1 at this time (*id.* at 2 n.3).

This notice clarifies three things. *First*, whether Levandowski has any valid claim of Fifth Amendment privilege in response to discovery is a matter encompassed by the referral to Judge Corley. That no action has yet been taken on Waymo's prior objection (Dkt. No. 250) in no way prejudices her ability to rule on the merits of this dispute. *Second*, insofar as Levandowski's May 23 letter insinuates that the undersigned judge has somehow blessed Levandowski's public and in camera submissions on this issue thus far, this notice expressly rejects that insinuation. Levandowski's submissions thus far have been wholly inadequate to support his sweeping claims of privilege. *Third*, the undersigned judge received Levandowski's in camera submission without prejudice to the possibility that Levandowski might (or might not) eventually be ordered to show some or all of said submission to Waymo. That decision will be made by Judge Corley.

Dated: May 24, 2017.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

3