Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
*bschuman@goodwinlaw.com*
Rachel M. Walsh (SBN 250568)
*rwalsh@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
OTTO TRUCKING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., *et al.*, <br><br> Defendants. | Case No.: 3:17-cv-00939-WHA <br><br> **DEFENDANT OTTO TRUCKING LLC'S RESPONSE TO NON-PARTY ANTHONY LEVANDOWSKI'S MOTION FOR INTERVENTION UNDER RULE 24 AND MODIFICATION OF ORDER GRANTING IN PART AND DENYING IN PART PROVISIONAL RELIEF** <br><br> Date: June 7, 2017 <br> Time: 10:00 a.m. <br> Courtroom: 8, 19th Floor <br> Judge: Hon. William Alsup |

Defendant Otto Trucking LLC ("Otto Trucking") does not oppose Non-Party Anthony Levandowski's ("Levandowski") Motion for Intervention Under Rule 24 and Modification of Order Granting in Part and Denying in Part Provisional Relief. (Dkt. No. 466.)

Otto Trucking's responses to the three Fifth Amendment questions posed by the Court are below.[1] (Dkt. No. 471.)

**1. When an employee steals and retains a competitor's trade secrets, may the employer, upon learning of the theft, direct the employee to make it right with the competitor and to return all copies of the trade secrets to the competitor on pain of adverse employment action, up to and including termination? Does the Fifth Amendment prevent such private action?**

In general, a private company can compel its employee to return or destroy trade secrets improperly obtained from a company on pain of adverse employment action. Also, assertion of the Fifth Amendment does not prevent such private action by the employer. The Fifth Amendment is only implicated by state action. *See, e.g.*, *Corrigan v. Buckley*, 271 U.S. 323, 330 (1926) ("The Fifth Amendment is a limitation only upon the powers of the General Government . . . and is not directed against the action of individuals.").

**2. In such circumstances, may a court order the employer to exercise the full scope of its private authority over the employee to cause the employee to return all copies of the stolen trade secrets? Does the Fifth Amendment bar such an order?**

The Court cannot order an employer to exercise the full scope of its private authority when doing so involves pressuring an employee to waive her constitutional rights. For example, a court cannot order an employer to exercise the full scope of its private authority over the employee—which includes termination—to cause the employee to return all copies of the stolen trade secrets when the Fifth Amendment is asserted.

Under well-established Supreme Court precedent, a state actor cannot force an individual to choose between asserting her Fifth Amendment privilege against self-incrimination and maintaining employment. *See Gardner v. Broderick*, 392 U.S. 273, 279 (1968) ("[T]he mandate of the great privilege against self-incrimination does not tolerate the attempt, regardless of its ultimate

---

[1] Otto Trucking notes that all of these questions relate to employment action. Otto Trucking has no employees. It merely responds pursuant to the Court's request and offers its observations to assist the Court in its evaluation of these important legal issues.

1

effectiveness, to coerce a waiver of the immunity it confers on penalty of the loss of employment."); *Garrity v. State of New Jersey*, 385 U.S. 493, 500 (1967) (holding that "the protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under threat of removal from office"); *see also Lefkowitz v. Cunningham*, 431 U.S. 801, 806 (1977) ("These cases settle that government cannot penalize assertion of the constitutional privilege against compelled self-incrimination by imposing sanctions to compel testimony which has not been immunized.").

The determinative question then is whether state action exists here.  A court order requiring private action is unquestionably state action under the Supreme Court's "state compulsion" test.  *See Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997) ("The Supreme Court has articulated four distinct tests for determining when the actions of a private individual amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test.").  "State action may be found under the state compulsion test where the state has 'exercised coercive power or has provided such significant encouragement, either overt or covert, that the [private actor's] choice must in law be deemed to be that of the State.'"  *Id.* at 1119 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).  There can be no doubt that the court's order is exercising coercive power to force the employer to exercise the full scope of its private authority over the employee.  Indeed, facing the threat of contempt for non-compliance, the employer's "choice" can only—and must—be deemed that of the court, a state actor.  Therefore, the court, through its order, would be forcing the employee to choose between asserting the Fifth Amendment and keeping her job.  Such state action is prohibited by the Fifth Amendment.

**3. Where an employer learns that its employee has stolen trade secrets from a competitor and fails to, on its own initiative, use the full scope of its private authority over the employee to return all copies of the trade secrets to their rightful owner, may the Court instruct the jury that it may consider such failure as a ratification by the employer of the theft?**

Under the limited facts identified in the Court's hypothetical, it would be improper for the Court to instruct the jury that it may consider the employer's failure to use the full scope of its private authority over the employee to return all copies of the trade secrets to their rightful owner as a ratification by the employer of the theft.

2

Under California law, "[a] ratification can be made . . . where an oral authorization would suffice[ ]by accepting or retaining the benefit of the act, with notice thereof." Cal. Civ. Code § 2310; *see also Breed v. Hughes Aircraft Co.*, 35 F. App'x 864, 866 (Fed. Cir. 2002) ("To have ratified the alleged oral agreement, Hughes must have had knowledge of the agreement and accepted or retained its benefit.") (citing Cal. Civ. Code § 2310). In the Court's hypothetical, there is no indication that the employer ever reviewed or received the stolen trade secrets or that the employer somehow benefited from the employee's possession of the stolen trade secrets. To instruct the jury that it may find ratification by the employer where there is no evidence of a benefit to, or retained by, the employer would be improper.

Moreover, "[r]atification is a question of fact," *StreetScenes v. ITC Entm't Grp., Inc.*, 103 Cal. App. 4th 233, 242 (2002), and the Court should not encourage a particular factual determination for the jury by way of jury instruction. Indeed, various courts have found that "an employer need not always terminate an employee in order to avoid ratification." *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1203 (E.D. Cal. 2009) (citing *Fretland v. Cty. of Humboldt*, 69 Cal. App. 4th 1478, 1491 (1999) (finding no ratification where employer issued a "letter of warning" to the employee); *Sullivan v. Matt*, 130 Cal. App. 2d 134, 144 (1955) (finding no ratification where employer did not discharge an employee who had unique and necessary skills).

//

//

//

3

Dated: May 26, 2017

Respectfully submitted,

By: /s/ Neel Chatterjee
Neel Chatterjee
*nchatterjee@goodwinlaw.com*
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman
*bschuman@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
OTTO TRUCKING, LLC

4

DEFENDANT OTTO TRUCKING, LLC'S RESPONSE TO NON-PARTY ANTHONY LEVANDOWSKI'S MOTION FOR INTERVENTION
AND MODIFICATION OF ORDER (CASE NO. 3:17-cv-00939-WHA)

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on May 26, 2017. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Executed: May 26, 2017                     /s/ Neel Chatterjee
                                           Neel Chatterjee

5

DEFENDANT OTTO TRUCKING, LLC'S RESPONSE TO NON-PARTY ANTHONY LEVANDOWSKI'S MOTION FOR INTERVENTION AND MODIFICATION OF ORDER (CASE NO. 3:17-CV-00939-WHA)