# EXHIBIT 1

Pages 1 - 120

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE MAGISTRATE JACQUELINE SCOTT CORLEY

WAYMO, LLC                          )
                                    )
            Plaintiff,              )
                                    )
   vs.                              ) No. C 17-00939 WHA (JCS)
                                    )
UBER TECHNOLOGIES, LLC., OTTO       )
TRUCKING, LLC, and OTTOMOTTO, LLC,  )
                                    ) San Francisco, California
            Defendants.            )  Thursday
                                    ) May 25, 2017
                                    ) 10:00 a.m.
_____ )

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

**For Plaintiff:**          QUINN, EMANUEL, URQUHART, OLIVER
                              & Sullivan, LLP
                            50 California Street
                            22nd Floor
                            San Francisco, California 94111
                      BY:   **CHARLES KRAMER VERHOEVEN, ESQ.**
                            **MELISSA J. BAILY, ESQ.**
                            **DAVID ANDREW PERLSON, ESQ.**
                            **LINDSAY COOPER, ESQ.**


**For Defendants:**         MORRISON & FOERSTER, LLP
                            425 Market Street
                            San Francisco, California 94105
                      BY:   **ESTHER KIM CHANG, ESQ.**


**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

*Reported By:*   *Debra L. Pas, CSR 11916, CRR, RMR, RPR*
                 Official Reporter - US District Court
                 Computerized Transcription By Eclipse

*Debra L. Pas, CSR, RPR, RMR, CRR*
*Official Reporter - U.S. District Court - San Francisco*
*(415) 431-1477*

```
1    product.  And I just want to make that clear.
2              THE COURT:  Maybe we should address that for a
3    moment, right?
4        Why is that -- I guess their argument that it's work
5    product is because they chose which documents to put in the
6    report.  Of course, their response would be:  Fine, then just
7    produce all the documents that you have.
8        By the way, before I forget, with respect to that
9    discovery letter, the expedited discovery can include
10   third-party discovery.  If you want to use your limited numbers
11   on that, then so be it.  I discussed that with Judge Alsup.
12             MR. VERHOEVEN:  If I might say, we just heard
13   repeatedly stated that Stroz is their agent and they have --
14             THE COURT:  Don't -- don't make an anticipatory
15   argument to me before it's in front of me.  Maybe Mr. Cooper
16   can take care of it.
17             MR. VERHOEVEN:  Okay.
18             THE COURT:  But I guess one -- one cute response, I
19   guess, but the response they've made is:  Fine, we don't want
20   their work product.  We don't know -- don't care how they chose
21   what to put in there.  Just give it all to us.
22             MS. DUNN:  The law doesn't work that way.  The law
23   says that the judgments of selecting out of thousands of
24   documents what to put as an attachment to a report that you're
25   preparing for lawyers in anticipation of litigation, that that
```

### CERTIFICATE OF OFFICIAL REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Friday, May 26, 2017