# EXHIBIT 2

```
                                            Pages 1 - 47

              UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

       BEFORE THE HONORABLE WILLIAM H. ALSUP, JUDGE

WAYMO, LLC,                     )
                                )
         Plaintiff,             )
                                )
  VS.                           )   No. C 17-00939 WHA
                                )
UBER TECHNOLOGIES, INC.,        )
et al.,                         )
                                )
         Defendants.            )
                                )   San Francisco, California
                                    Thursday, April 27, 2017

                TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:
                    QUINN, EMANUEL, URQUHART & SULLIVAN LLP
                    50 California Street
                    22nd Floor
                    San Francisco, California  94111
                BY: CHARLES K. VERHOEVEN, ESQ.
                    MELISSA J. BAILY, ESQ.
                    JAMES D. JUDAH, ESQ.
                    JOHN W. MCCAULEY, IV, ESQ.
For Defendants:
                    MORRISON & FOERSTER, LLP
                    425 Market Street
                    San Francisco, California  94105
                BY: ARTURO J. GONZÁLEZ, ESQ.
                    MICHAEL A. JACOBS, ESQ.




Reported By:  BELLE BALL, CSR 8785, CRR, RDR
              Official Reporter, U.S. District Court

(Appearances continued, next page)
```

```
 1   not referring to claims that involve some other company.  I'm
 2   talking about claims that involve Uber and Levandowski.  But you
 3   haven't sued Levandowski over Uber, yet.
 4        Maybe -- so I'm asking you:  Will you forego any claims in
 5   any forum against Levandowski similar to those asserted herein,
 6   meaning similar to those asserted against Uber and Otto,
 7   specifically, that rely upon any agreement containing an
 8   arbitration clause?
 9        MR. VERHOEVEN:  So let me see if I can answer, be
10   responsive.  We are not going to turn around and sue Levandowski
11   for breach of his employment agreement based on misappropriation
12   of trade secrets.  We are not going to do that.
13        Now, whether we were to assert some non- -- some claim
14   against him that's not based on the agreement, we haven't made
15   any conclusions about that yet.  But I can represent to you that
16   we are not going to turn around -- if you deny this motion to
17   compel, we are not going turn around and a week later file a
18   complaint against Levandowski based on breach of the employment
19   agreement on these same facts.  We're just very concerned about
20   waiving any unexpected things that might come up.  And also,
21   waiving the ability, for example, to seek recoupment of monies
22   paid.
23        So it gets a little tricky.  So, especially on that last
24   claim, Your Honor.  But we have no intention of having some
25   parallel proceeding where we allege the same claims against
```

1          Levandowski.
2               **MR. HUME:**  Your Honor, may I respond?
3               **MR. VERHOEVEN:**  And if I may just say one other thing?
4               **THE COURT:**  Go ahead.
5               **MR. VERHOEVEN:**  This isn't relevant to whether or not Uber
6      has standing to compel arbitration.  The law is crystal clear on
7      what's required in order for a non-signatory under California
8      law to have standing to compel arbitration.
9               **THE COURT:**  Well, I'm looking right at the Ninth Circuit's
10     statement of that law.  I'm going to read it out loud.
11              **MR. VERHOEVEN:**  Okay.
12              **THE COURT:**  There are two circumstances.  Here is what the
13     Ninth Circuit said in 2013, that's the California law on this
14     point (As read):
15                   "Where a non-signatory..."
16          That's Uber, for example.
17                   "Where a non-signatory seeks to enforce an
18                   arbitration clause, the doctrine of equitable
19                   estoppel applies in two circumstances.  One, when a
20                   signatory must rely on the terms of the written
21                   agreement in asserting its claims against the
22                   non-signatory, or, the claims are intimately founded
23                   in and intertwined with the underlying contract."
24          So that's -- that's number one.  And that ties in with
25     Question No. 1 that I asked earlier.

**CERTIFICATE OF REPORTER**

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/  Belle Ball
Belle Ball, CSR 8785, CRR, RDR

Friday, April 28, 2017