# ATTACHMENT A



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

May-20-2016  3:38 pm

Case Number: CGC-16-552156

Filing Date: May-20-2016 3:10

Filed by:  BOWMAN LIU

Image: 05406695

COMPLAINT

SAMUEL WARD SPANGENBERG VS. UBER TECHNOLOGIES, INC. ET AL

001C05406695

**Instructions:**
Please place this sheet on top of the document to be scanned.

 

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

UBER TECHNOLOGIES, INC. and DOES 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

SAMUEL WARD SPANGENBERG, an Individual, on behalf of himself and all others similarly situated.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court

400 McAllister Street
San Francisco, CA 94102

**CASE NUMBER:**
**(Número del Caso):**
CGC-16-552156

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Barbara E. Figari, The Figari Law Firm, 117 E. Colorado Blvd., Ste 600 Pasadena, CA 91105 (626)486-2620

DATE: 05/20/16          MAY 2 0 2016          DEPUTY CLERK          Clerk, by _____, Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

BOWMAN LIU

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

BY FAX

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO EUREKA

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

WWW.PDFLEGAL.COM

1    BARBARA E. FIGARI (SBN 251942)
     **THE FIGARI LAW FIRM**
2    A Professional Corporation
     117 East Colorado Boulevard, Suite 600
3    Pasadena, California 91101
     Telephone (626) 486-2620
4    Facsimile (877) 459-3540
     barbara@figarilaw.com
5
     Attorneys for Plaintiff
6    SAMUEL WARD SPANGENBERG

F I L E D
Superior Court of California
County of San Francisco

MAY 2 0 2016

CLERK OF THE COURT
BY: _____
Deputy Clerk
BOWMAN LU

7
8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9               **IN AND FOR THE COUNTY OF SAN FRANCISCO**

10   SAMUEL WARD SPANGENBERG, an        ) Case No.  **C G C - 1 6 . 5 5 2 1 5 6**
     individual, on behalf of himself and all    )
11   others similarly situated,                   ) **COMPLAINT FOR DAMAGES**
                                                  )
12                                                ) (1) WRONGFUL TERMINATION/
13                  Plaintiff,                    )     ABUSIVE DISCHARGE IN
                                                  )     VIOLATION OF PUBLIC
14          vs.                                   )     POLICY;
                                                  ) (2) BREACH OF IMPLIED
15   UBER TECHNOLOGIES, INC. and        )     CONTRACT;
     DOES 1-50, inclusive,                        ) (3) BREACH OF IMPLIED
16                                                )     COVENANT OF GOOD FAITH
                                                  )     AND FAIR DEALING;
17                  Defendants.                   ) (4) DEFAMATION;
                                                  ) (5) UNFAIR BUSINESS
18                                                )     PRACTICES IN VIOLATION OF
                                                  )     BUSINESS & PROFESSIONS
19                                                )     CODE SECTION 17200, *et seq.*;
                                                  ) (6) AGE DISCRIMINATION IN
20                                                )     VIOLATION OF FEHA;
                                                  ) (7) RETALIATION IN VIOLATION
21                                                )     OF FEHA;
                                                  ) (8) FAILURE TO PREVENT
22                                                )     DISCRIMINATION IN
                                                  )     VIOLATION OF FEHA; and
23                                                ) (9) VIOLATION OF LABOR CODE
                                                  )     SECTION 1102.5
24   _____ )
                                                  ) **DEMAND FOR JURY TRIAL**
25                                                  **PUNITIVE DAMAGES SOUGHT**
                                                    **REPRESENTATIVE ACTION**
26
27                                          BY FAX
28

_____
            PLAINTIFF SAMUEL WARD SPANGENBERG'S COMPLAINT FOR DAMAGES AND
                              DEMAND FOR JURY TRIAL

Plaintiff alleges as follows:

## INTRODUCTION

1.     This is an action for damages as to: (1) Wrongful Termination/Abusive Discharge in Violation of Public Policy; (2) Breach of Implied Contract; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; (4) Defamation; (5) Unfair Business Practices; (6) Age Discrimination in Violation of FEHA; (7) Retaliation in Violation of FEHA; (8) Failure to Prevent Retaliation in Violation of FEHA; and (9) Violation of Labor Code Section 1102.5.

2.     This action arises out of events involving Plaintiff SAMUEL WARD SPANGENBERG and Defendants UBERT TECHNOLOGIES, INC. and DOES 1-50.

## THE PARTIES

3.     Plaintiff SAMEUL WARD SPANGENBERG (hereinafter "Plaintiff" or "SPANGENBERG") is informed and believes and thereon alleges that UBER TECHNOLOGIES, INC. (hereinafter referred to as "UBER" or "Defendant") was at all times relevant herein a corporation doing business in California and headquartered in California, in the County of San Francisco.

4.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 50, and therefore sues them by such fictitious names. Plaintiff is informed and believes and thereon alleges that said Defendants are in some manner legally responsible for the activities and damages alleged herein. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

5.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants were acting as the partner, agent, servant, and employee of each of the remaining Defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining Defendants.

PLAINTIFF SAMUEL WARD SPANGENBERG'S COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

1

## JURISDICTION

2      6.    This Court has personal jurisdiction over UBER because it is a California

3  resident, it is headquartered in California, it is a California corporation, it transacts a

4  substantial amount of business in California, and the tortious acts UBER is herein

5  alleged to have committed against SPANGENBERG occurred in California.

6

## VENUE

7      7.    Venue is proper in this Court because UBER resides in the County of San

8  Francisco, and a substantial part of the events or omissions giving rise to the claim

9  occurred in County of San Francisco, pursuant to, *inter alia*, Government Code section

10  12965.

11      8.    Venue is further proper in this Court pursuant to Government Code section

12  12965(b), in that UBER'S personnel records, and other records related to the unlawful

13  practices alleged herein, are maintained at its corporate offices in San Francisco,

14  California, within the County of San Francisco.

15      9.    The venue provisions set forth in Government Code section 12965 are

16  applicable both to Plaintiff's causes of action for violation of the Fair Employment and

17  Housing Act ("FEHA"), and all non-FEHA causes of action concurrently plead herein.

18  (*See Brown v. Superior Court* (1984) 37 Cal.3d 478.

19

## GENERAL ALLEGATIONS

20      10.    Plaintiff incorporates by reference the factual allegations set forth in the

21  preceding paragraphs.

22      11.    UBER hired SPANGENBERG as a Forensic Investigator commencing

23  employment on March 9, 2015.  SPANGENBERG was hired at an initial salary of

24  $175,000 per year, in addition to health and retirement benefits.  As part of his

25  compensation package, SPANGENBERG was also granted 34,133 Restricted Stock

26  Units ("RSUs"), which were subject to a vesting schedule.  The RSUs were set to vest

27  upon SPANGENBERG's completion of one year of employment with UBER.

28

PLAINTIFF SAMUEL WARD SPANGENBERG'S COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

1      12.    SPANGENBERG received a favorable six-month review, which lauded

2   his performance and contributions to the company.  Thereafter, John "Four" Flynn was

3   brought in as a new supervisor to SPANGENBERG and others.  Mr. Flynn, who is

4   much younger than SPANGENBERG, made numerous age related comments in the

5   workplace, including comments that SPANGENBERG did not understand the

6   technology, implied SPANGENBERG could not keep up with a youth driven culture at

7   UBER, and derided SPANGENBERG's work performance that had just been reviewed

8   as being a contribution to UBER.  SPANGENBERG reported to Mr. Flynn during their

9   one on one meetings that he felt Mr. Flynn's comments were unprofessional and

10   improper, and that he felt Mr. Flynn was attempting to "manage him" out of the

11   company.  SPANGENBERG later reported these same concerns to UBER Human

12   Resources in late December 2015 – just six weeks before his termination.

13      13.    In late November and early December 2015, SPANGENBERG met with

14   Mr. Flynn and Human Resources Director Andrew Wegley, and reported numerous

15   issues critical to the success of UBER's Security Response Team, including but not

16   limited to steps UBER needed to take to ensure its applications were compliant with

17   relevant laws and regulations.  After this meeting, Mr. Flynn sent SPANGENBERG an

18   email made reference to the issues SPANGENBERG raised during the meeting with

19   the Security Response Team, and noted that UBER values a "truth seeking culture."  In

20   this same email, Mr. Flynn – for the first time – also discussed various purported

21   "deficiencies" with SPANGENBERG's work performance, which had never been

22   discussed prior to SPANGENBERG's raising of certain compliance issues.

23      14.    During his employment with UBER, SPANGENBERG reimaged his

24   laptop on at least four different occasions, as did many employees at UBER.

25   SPANGENBERG always took extreme caution when so doing, and never deleted any

26   emails or crashplan logs, or any other information which belonged to UBER.  As part

27   of his job duties, SPANGENBERG was tasked with investigating certain issues –

28   sometimes certain employees – and to this extent would first use himself as a "test

subject" to ensure his investigative tools were working properly. This practice was explicitly discussed by SPANGENBERG with supervisor Joe Sullivan, and Mr. Sullivan approved of SPANGENBERG's methods.

15. Nevertheless, on February 10, 2016, just before SPANGENBERG's RSUs were to vest, UBER terminated SPANGENBERG's employment. UBER contended that SPANGENBERG violated its Code of Conduct, but to date has been unable to articulate any provision it contends SPANGENBERG actually violated.

16. UBER told SPANGENBERG his termination was due to the reimaging of his laptop on February 9, 2016, but as noted above, that is an action SPANGENBERG – and numerous others – have undertaken multiple times during his employment with UBER. The only time this was ever an issue was after SPANGENBERG made reports of activity which UBER intended to engage in that SPANGENBERG was concerned violated certain statutes and regulations, and right before SPANGENBERG's stock options were to vest.

17. SPANGENBERG is informed and believes and thereon alleges that the stated reason for his termination was pretextual, to cover up an illegal reason for the termination.

18. SPANGENBERG was initially offered a severance package, which was later rescinded. UBER has made defamatory statements about SPANGENBERG's work, his ethics while employed by the company, and made defamatory statements that SPANGENBERG deliberately engaged in actions to falsify or destroy UBER's data. These defamatory statements harm SPANGENBERG's business reputation, which he has spent years cultivating based upon his work and adherence to strict ethical standards.

## FIRST CAUSE OF ACTION
## WRONGFUL TERMINATION/ABUSIVE DISCHARGE
## IN VIOLATION OF PUBLIC POLICY
## AGAINST ALL DEFENDANTS

5

1    19.    Plaintiff incorporates by reference the factual allegations set forth in the
2  preceding paragraphs.

3    20.    Plaintiff's wrongful termination from his employment with Defendants
4  was based upon Defendants' violation of the Public Policy of the State of California as
5  put forward in the Fair Employment Housing Act, the California Constitution, the Age
6  Discrimination in Employment Act, and other statutes and provisions, because it was
7  motivated by Plaintiff's age.

8    21.    Plaintiff's wrongful termination from his employment with Defendants
9  was an abusive discharge in violation of public policy of the State of California because
10  it was discriminatory based on age and because it was intended to interfere with his
11  collection of the Restricted Stock Units to which he was entitled.

12    22.    Plaintiff's wrongful termination was in violation of the common law of the
13  State of California, as expressed in *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d
14  167.

15    23.    It is public policy of the State of California that employees should be paid
16  what they have earned.  Labor Code sections 200, 201, 203, 210, and 216.  It is an unfair
17  business practice for a business to fail to pay an employee what he or she has earned.
18  Business & Professions Code section 17200, *et seq*.  Equity promised to employees as
19  compensation for their work and loyalty is recognized as "wages" per Labor Code
20  section 200, subsection (a).

21    24.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered
22  and continues to suffer substantial monetary losses incurred; and has suffered and
23  continues to suffer emotional distress in an amount according to proof at the time of
24  trial.

25    25.    Defendants, and each of them, did the acts alleged herein maliciously,
26  fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an
27  improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's
28  rights.  The acts complained of were known to, authorized and ratified by Defendants.

Plaintiff is therefore entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof at the time of trial.

### SECOND CAUSE OF ACTION
### BREACH OF IMPLIED CONTRACT
### AGAINST ALL DEFENDANTS

26.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

27.    As part of his compensation package, SPANGENBERG was granted 34,133 Restricted Stock Units ("RSUs"), which were subject to a vesting schedule. The RSUs were set to vest upon SPANGENBERG's completion of one year of employment with UBER. Plaintiff accepted Defendants' offer by continuing to work for Defendants. Defendants' statements that Plaintiff would receive stock in UBER. if he continued to work for Defendants constituted an offer, which Plaintiff accepted by performance, creating a binding contract.

28.    At all relevant times alleged herein, Plaintiff performed his obligation under the both contracts with Defendants. Defendants breached their implied contractual commitments to Plaintiff by terminating his employment and by not providing him with stock in UBER.

29.    As a direct and proximate result of Defendants' breach, Plaintiff has economic loss in an amount to be proven at the time of trial.

### THIRD CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### AGAINST ALL DEFENDANTS

30.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

31.    As part of his compensation package, SPANGENBERG was granted 34,133 Restricted Stock Units ("RSUs"), which were subject to a vesting schedule. The RSUs were set to vest upon SPANGENBERG's completion of one year of employment

7

1    with UBER.  Plaintiff accepted Defendants' offer by continuing to work for Defendants.

2    Defendants' statements that Plaintiff would receive stock in UBER. if he continued to

3    work for Defendants constituted an offer, which Plaintiff accepted by performance,

4    creating a binding contract.

5        32.    At all relevant times alleged herein, Plaintiff performed his obligation

6    under the both contracts with Defendants.  Defendants breached their implied

7    contractual commitments to Plaintiff by terminating his employment and by not

8    providing him with stock in UBER.

9        33.    At all relevant times alleged herein, Plaintiff performed his obligation

10   under the both contracts with Defendants.  Defendants breached their implied

11   contractual commitments to Plaintiff by terminating his employment and by not

12   providing him with stock in UBER.

13       34.    Defendants unfairly interfered with Plaintiff's rights under both contracts

14   to receive the stock by terminating his employment and by not providing him with stock

15   in UBER.

16       35.    As a direct and proximate result of Defendants' breach, Plaintiff has

17   economic loss in an amount to be proven at the time of trial.

18                          **FOURTH CAUSE OF ACTION**

19                               **DEFAMATION**

20                        **AGAINST ALL DEFENDANTS**

21       36.    Plaintiff incorporates by reference the factual allegations set forth in the

22   preceding paragraphs.

23       37.    Plaintiff is informed and believes that Defendants, and each of them, by

24   the herein-described acts, conspired to, and in fact, did negligently, recklessly, and

25   intentionally cause excessive and unsolicited internal publications of defamation

26   regarding Plaintiff's work performance, integrity, competence, honesty, and ethics.

27       38.    UBER, by and through its employees, including supervisor FLYNN,

28   falsely stated that SPANGENBERG:

a.  Violated UBER's Code of Conduct;

b.  Deliberately engaged in actions to falsify UBER's data; and

c.  Deliberately engaged in actions to destroy UBER's data.

39.     These statements were made to UBER employees, including but not limited to Plaintiff's colleagues and Human Resources Director Andrew Wegley.

40.     Plaintiff is informed and believes and thereon alleges that these statements were the basis of subsequent correspondence from Defendants' employees to Plaintiff's former colleagues and managers as to the reason he was no longer employed with Defendants.

41.     These emails, and all subsequent defamatory communications from Defendants, including the forced self-publication of the same, severely damaged Plaintiff's award-winning reputation that was built over 25 years within the industry.

42.     All of the defamatory comments alleged herein were made within one year prior to the original filing of Plaintiff's lawsuit. Plaintiff is informed and believes the statements were made on February 10, 2016, and that the comments were made to vendors, customers and executives beginning on that day, and continuing to the present.

43.     Plaintiff is informed and believes that these publications were outrageous, negligent, reckless, intentional, and maliciously published by Defendants, and each of them. Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants, and each of them, were published by Defendants, their agents and employees. Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

44.     During the above-described time-frame, Defendants, and each of them, conspired to, and in fact did, negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to each other and to third persons, who had no need or desire to know. Those third persons to whom these Defendants published this defamation are believed to include, but are not limited to,

1     other agents and employees of Defendants, and each of them, and the community, all of

2     whom are known to Defendants, and each of them, but unknown at this time to Plaintiff.

3          45.     The defamatory publications consisted of oral and written, knowingly false

4     and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's

5     personal, business, and professional reputation. The defamatory publications include

6     false statements about SPANGENBERG'S work performance, integrity, competence,

7     honesty, ethics and his professional conduct.

8          46.     Plaintiff is informed, believes and fears that these false and defamatory

9     statements will continue to be published by Defendants, and each of them, and will be

10     foreseeably republished by their recipients, all to the ongoing harm and injury to

11     Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress

12     in this action for all foreseeable republications.

13          47.     The defamatory meaning of all of the above-described false and

14     defamatory statements and their reference to Plaintiff, were understood by these above-

15     referenced third person recipients and other members of the community who are known

16     to Defendants, and each of them, but unknown to Plaintiff at this time.

17          48.     None of Defendants' defamatory publications against Plaintiff referenced

18     above are true.

19          49.     The above defamatory statements were understood as assertions of fact,

20     and not as opinion. Plaintiff is informed and believes this defamation will continue to be

21     negligently, recklessly, and intentionally published and foreseeably republished by

22     Defendants, and each of them, and foreseeably republished by recipients of Defendants'

23     publications, thereby causing additional injury and damages for which Plaintiff seeks

24     redress by this action.

25          50.     Each of these false defamatory *per se* publications were negligently,

26     recklessly, and intentionally published in a manner equaling malice and abuse of any

27     alleged conditional privilege, which Plaintiff denies existed, since the publications, and

28     each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and

1  injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of
2  them, to cause further damage to Plaintiff's professional and personal reputation.

3      51.    Each of these publications by Defendants were made with knowledge that
4  no investigation supported the unsubstantiated and obviously false statements. The
5  Defendants published these statements knowing them to be false, unsubstantiated by any
6  reasonable investigation and the product of hostile witnesses. These acts of publication
7  were known by Defendants, and each of them, to be negligent to such a degree as to be
8  reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to
9  believe these statements, but they also had no belief in the truth of these statements, and
10  in fact knew the statements to be false. Defendants, and each of them, excessively,
11  negligently, and recklessly published these statements to individuals with no need to
12  know, and who made no inquiry, and who had a mere general or idle curiosity of this
13  information.

14      52.    The above complained-of publications by Defendants, and each of them,
15  were made with hatred and ill will towards Plaintiff and the design and intent to injure
16  Plaintiff, Plaintiff's good name, his reputation, employment and employability.
17  Defendants, and each of them, published these statements, not with intent to protect any
18  interest intended to be protected by any privilege, but with negligence, recklessness
19  and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege
20  existed to protect any of the Defendants from liability for any of these aforementioned
21  publications or republications.

22      53.    As a proximate result of the publication and republication of these
23  defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to
24  his personal, business and professional reputation including suffering embarrassment,
25  humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and
26  employability, and significant economic loss in the form of lost wages and future
27  earnings, all to Plaintiff's economic, emotional, and general damage in an amount
28  according to proof.

54. Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights.

55. All actions of Defendants, and each of them, their agents and employees, herein alleged were known, ratified and approved by the Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

## FIFTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200, *et seq.*

## AGAINST ALL DEFENDANTS

56. Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

57. This cause of action is brought as a representative action by Plaintiff, pursuant to Business and Professions Code section 17200, *et. seq.*

58. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

59. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

60. A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of promising stock to employees in exchange for

12

continued employment, and then terminating an employee without cause and not providing stock, violate California laws including Labor Code sections 200, 201, 203, 210, and 216, and laws of contract including the obligation to keep the implied covenant of good faith and fair dealing.

61.    Plaintiff has been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

62.    Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff is entitled to restitution of the unpaid compensation, including stock in UBER, withheld and retained by Defendants; a permanent injunction requiring Defendants to provide the unpaid stock due to Plaintiff; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## SIXTH CAUSE OF ACTION
## AGE DISCRIMINATION
## VIOLATION OF CAL. GOV. CODE §§ 12940 *et seq.*
## AGAINST ALL DEFENDANTS

63.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

64.    Defendants, through their agents and employees engaged in a pattern and practice of unlawful age discrimination in violation of the Fair Employment and Housing Act ("FEHA") in connection with the terms and conditions of Plaintiff's employment and the performance standard to which Plaintiff was held.

65.    At all relevant times, Defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.

66.    Plaintiff filed timely complaints against the Defendants with California's Department of Fair Employment and Housing ("DFEH") alleging discrimination on

13

1  May 20, 2016. Plaintiff received from the DFEH notification of his right to sue in the

2  Courts of the State of California, the Defendants against which complaints had been

3  filed.

4      67.    As a direct and proximate result of the willful, knowing, and intentional

5  discrimination against Plaintiff, and the failure to act by Defendants, Plaintiff has

6  suffered mental distress, anguish, and indignation.  Plaintiff is thereby entitled to general

7  and compensatory damages in an amount to be proven at trial.

8      68.    Defendants, and each of them, did the acts alleged herein maliciously,

9  fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an

10  improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's

11  rights.  The acts complained of were known to, authorized and ratified by Defendants.

12  Plaintiff is therefore entitled to recover punitive damages from Defendants, and each of

13  them, in an amount according to proof at the time of trial.

14      69.    By reason of the conduct of Defendants and each of them as alleged herein,

15  Plaintiffs have necessarily retained attorneys to prosecute the within action.  Plaintiffs are

16  therefore entitled to reasonable attorney's fees and litigation expenses, including expert

17  witness fees and costs, incurred in bringing the within action.  As a result of Defendants'

18  and each of their actions, Plaintiffs sustained economic damages to be proven at trial.  As

19  a further result of Defendants' and each of their actions, Plaintiffs suffered emotional

20  distress; resulting in damages to be proven at trial.

21      70.    The above harassing and discriminatory conduct violates FEHA,

22  Government Code §§ 12940 and 12941 and California Public Policy and entitles

23  Plaintiffs to all categories of damages, including exemplary or punitive damages.

24                    **SEVENTH CAUSE OF ACTION**

25    **RETALIATION IN VIOLATION OF CAL. GOV. CODE §§ 12940 _et seq._**

26                    **AGAINST ALL DEFENDANTS**

27      71.    Plaintiff incorporates by reference the factual allegations set forth in the

28  preceding paragraphs.

72.

73.     Plaintiff engaged in protected activities when he made complaints about age discrimination to UBER's Human Resources Department

74.     Defendants, and/or their agents/employees, retaliated against Plaintiffs in violation of Government Code §12940(h) by terminating his employment after he engaged in a protected activity.

75.     Plaintiff's engagement in a protected activity was a substantial motivating reason for the adverse employment actions taken against them by Defendants, in violation of the FEHA.

76.     Plaintiffs were harmed by Defendants' actions.

77.     Defendants' act of subjecting Plaintiff to adverse employment actions based on his engagement in protected activities was a substantial factor in causing Plaintiff's harm.

78.     Defendants' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiffs and in conscious disregard of Plaintiff's rights.

79.     By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys to prosecute the within action.  Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

80.     As a result of Defendants' actions, Plaintiff sustained economic harms and losses in an amount according to proof at the time of trial.  These amounts included but are not limited to lost wages, benefits, and stock options that exceed the jurisdictional requirements of this Court.  As a further result of Defendants' actions, Plaintiff suffered emotional distress, resulting in damages in an amount according to proof at the time of trial.  These amounts exceed the jurisdictional requirements of this Court.

## **EIGHTH CAUSE OF ACTION**

## **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

15

## VIOLATION OF CAL. GOV. CODE §§ 12940 *et seq.*

## AGAINST ALL DEFENDANTS

81.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

82.     In violation of the FEHA, Defendants failed to take all reasonable steps necessary to prevent discrimination against employees.

83.     In perpetrating the above-described conduct, Defendants, and each of them, engaged in a pattern, practice, policy and custom of unlawful discrimination.  Said conduct on the part of Defendants, and each of them, constituted a policy, practice, tradition, custom and usage which denied Plaintiff's protection of the civil rights statutes enumerated above.

84.     At all relevant time periods Defendants, and each of them, failed to make an adequate response and investigation into the conduct of Defendants and the aforesaid pattern and practice, and thereby established a policy, custom, practice or usage within the organization of Defendants, which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in unlawful discrimination towards employees of Defendants, including, but not limited to, Plaintiff.

85.     At all relevant time periods there existed within the organization of Defendants, and each of them, a pattern and practice of conduct by their personnel which resulted in discrimination, including but not necessarily limited to, conduct directed at Plaintiff.

86.     Defendants did not provide adequate discrimination training with respect to its employees and managers.

87.     Defendants, and each of them, knew or reasonably should have known that the failure to provide any or adequate education, training, and information as to their personnel policies and practices regarding discrimination would result in discrimination.

88.     The failure of Defendants, and each of them, to provide any or adequate education, training, and information to personnel concerning policies and practices

16

1 | regarding discrimination for complaining of or resisting the same, constituted deliberate
2 | indifference to the rights of employees, including but not limited to those of Plaintiff.

3 |     89.    Plaintiff filed timely complaints against the Defendants with the DFEH
4 | alleging discrimination. Plaintiff received from the DFEH notification of his right to sue
5 | in the Courts of the State of California, the Defendants against which complaints had
6 | been filed.

7 |     90.    By reason of the conduct of Defendants and each of them as alleged
8 | herein, Plaintiff has necessarily retained attorneys to prosecute the within action.
9 | Plaintiff therefore is entitled to reasonable attorney's fees and litigation expenses,
10 | including expert witness fees and costs, incurred in bringing the within action.

11 |     91.    As a result of Defendants' and each of their actions, Plaintiff sustained
12 | economic damages to be proven at trial.  As a further result of Defendants' and each of
13 | their actions, Plaintiff suffered emotional distress; resulting in damages to be proven at
14 | trial.

15 |     92.    The above discriminatory conduct violates California's FEHA, Cal. Gov.
16 | Code §§ 12940 et seq., and California Public Policy and entitles Plaintiff to all
17 | categories of damages, including exemplary or punitive damages.

18 |     93.    The conduct of Defendants and/or their agents/employees as described
19 | herein was malicious, and/or oppressive, and done with a willful and conscious
20 | disregard for Plaintiff's rights and for the deleterious consequences of Defendants'
21 | actions.  Defendants and/or their agents/employees or supervisors authorized, condoned
22 | and ratified the unlawful conduct of the remaining Defendants.  Consequently, Plaintiff
23 | is entitled to punitive damages against Defendants.

### NINTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 1102.5 AND

### REPRESENTATIVE CLAIM PURSUANT TO LABOR CODE 2699 *et seq.*

### AGAINST ALL DEFENDANTS

94.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

95.     This cause of action is brought as a representative action on behalf of all aggrieved employees pursuant to the Private Attorney's General Act, Labor Code section 2699, *et seq.*

96.     Plaintiff also satisfied all administrative prerequisite to seeking remedies on behalf of himself and all other similarly situated employees pursuant to the Private Attorney's General Act ("PAGA"), Labor Code section 2699 *et seq.*

97.     Labor Code section 1102.5 prohibits employers from discharging, constructively discharging, retaliating or in any manner discriminating against any employee for making any oral or written complaint regarding what an employee reasonably believes to be unlawful or illegal conduct to a governmental agency or to their employer.

98.     Defendants discharged Plaintiff's employment and further discriminated and retaliated against Plaintiff after Plaintiff made oral and/or written complaints regarding what he reasonably believed to be illegal or unlawful conduct in violation of state and federal statutes, rules and regulations.  Plaintiff made these complaints to his employer, by and through its agents and employees.

99.     Plaintiff is informed and believed, and thereon alleges that because of his making complaints regarding illegal conduct to Defendants (his employers), Plaintiff was discharged from his employment and/or otherwise discriminated or retaliated against by Defendants after he had made complaints about illegal conduct.

100.    As a direct and proximate result of the actions of Defendants, Plaintiff has suffered and will continue to suffer pain and mental anguish and emotional distress.

101.    Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits, whereby Plaintiff is entitled to general compensatory damages in amounts to be proven at trial.

1    102.   Defendant's actions constituted a willful violation of the above-mentioned

2  federal laws and regulations.  As a direct result, Plaintiff has suffered and continues to

3  suffer substantial losses related to the loss of wages and is entitled to recover costs and

4  expenses and attorney's fees in seeking to compel Defendants to fully perform its

5  obligations under state and/or federal law, in amounts according to proof at time of trial.

6    103.   The conduct of Defendants described herein above was outrageous and was

7  executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's

8  rights, and further, with the intent, design and purpose of injuring Plaintiff.

9    104.   Defendants, through its officers, managing agents, employees and/or its

10  supervisors, authorized, condoned and/or ratified the unlawful conduct described herein

11  above.  By reason thereof, Plaintiff is entitled to an award of punitive damages in an

12  amount according to proof at the time of trial.

13    105.   Defendants committed the acts alleged herein by acting knowingly and

14  willfully, with the wrongful and illegal deliberate intention of injuring Plaintiff, from

15  improper motives amounting to malice, and in conscious disregard of Plaintiff's rights.

16  Plaintiff is thus entitled to recover nominal, actual, compensatory, punitive, and

17  exemplary damages in amounts according to proof at time of trial, in addition to any

18  other remedies and damages allowable by law.

19    106.   As a proximate result of the actions and conduct described in the

20  paragraphs above, which constitute violations of Labor Code section 1102.5, Plaintiff and

21  other aggrieved employees have been damaged in an amount according to proof at the

22  time of trial and seeks civil penalties on behalf of all aggrieved employees and attorney

23  fees against Defendants as permissible under the Labor Code.

24                              **PRAYER FOR RELIEF**

25    WHEREFORE, PLAINTIFF prays for relief as follows:

26      1. For general damages according to proof, however, no less than the

27         jurisdictional limit of this court;

28      2. For restitution in an amount according to proof;

19

3. For special damages in amounts according to proof;

4. For exemplary and punitive damages in amounts according to proof;

5. For specific performance of the obligation to provide stock;

6. For injunctive relief as provided by law;

7. For declaratory relief as provided by law, including, *inter alia*, that Defendants' actions against Plaintiff violated Government Code section 12940, *et seq.*, Labor Code section 1102.5 and all other statutes alleged herein;

8. For civil penalties as permitted pursuant to Labor Code section 2699 *et seq.* and for relief on behalf of Plaintiff and all similarly aggrieved employees;

9. For interest as provided by law;

10. For cost of suit incurred herein;

11. For attorneys' fees as provided by law; and

12. For such other and further relief as the Court deems fair and just.

Dated: May 19, 2016                                      **THE FIGARI LAW FIRM**


By:    BARBARA FIGARI
Attorneys for Plaintiff
SAMUEL WARD SPANGENBERG

PLAINTIFF SAMUEL WARD SPANGENBERG'S COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 19, 2016           **THE FIGARI LAW FIRM**

_____

By:   **BARBARA FIGARI**
Attorneys for Plaintiff
SAMUEL WARD SPANGENBERG

21

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): BARBARA E. FIGARI (SBN 251942)<br>THE FIGARI LAW FIRM<br>117 E. Colorado Blvd., Suite 600<br>Pasadena, CA 91105<br>TELEPHONE NO.: (626) 486-2620   FAX NO.: (877) 459-3540<br>ATTORNEY FOR (Name): Plaintiff SAMUEL WARD SPANGENBERG | FOR COURT USE ONLY<br><br>**F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>MAY 20 2016<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk<br>BOWMAN LIU |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Spangenberg v Uber Technologies, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CGC-16-552156 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): Nine (9)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

**BY FAX**

Date:
May 20, 2016   Barbara E. Figari
(TYPE OR PRINT NAME)                              Barbara C. Figari
                                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|