QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa J. Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br>   v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL ACQUISITION DOCUMENTS** |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

After being ordered to do so at the May 25 hearing before Magistrate Judge Corley (Dkt. 516, May 25 Hr'g Tr. at 12:4-9), Defendants filed documents concerning the Otto acquisition on May 26. Defendants' Administrative Motion to File Under Seal Acquisition Documents (Dkt. 515) (the "Motion") sought to file these documents under seal, in their entirety. For the reasons below, Waymo opposes Defendants' Motion.

Initially, Defendants' contention in their Motion that the Acquisition Documents should be sealed in their entirety is not consistent with the manner in which Defendants designated these same documents in their production to Waymo. For example, on May 11, along with its production versions (with Bates numbers) of the Acquisition Documents, Uber separately served copies of the Documents with highlighting designating certain portions as either Confidential (blue highlighting) or Highly Confidential – Attorneys' Eyes Only (yellow). *See* Nardinelli Declaration Exhibit A (term sheet), Exhibit B (merger agreement), Exhibit C (exhibits to merger agreement). Much of the text had no highlighting, indicating no confidentiality designation whatsoever. Yet through their Motion, Defendants seek to seal these same documents in their entirety – including the portions that even Defendants do not contend are confidential. Dkt. 515.

Defendants also seek to conceal from the public terms of the Otto acquisition, whereby ███████████████████████████████████████████ These improper designations are described further below.

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████

-1- No. 3:17-cv-00939-WHA
OPPOSITION TO DEFENDANTS' MOTION TO FILE UNDER SEAL

███████████████████████████

███████████████████████████████████████████████████

██████████ Ex. A at 3-4.  These provisions are no more confidential than the other closing conditions that Defendants did not designate as confidential at all when producing them to Waymo.

*April 11, 2016 Merger Agreement (Dkt. 515-3; Ex. B) and Exhibits thereto (Dkt. 515-4; Ex. C).*  As with the Term Sheet, the merger agreement holds that ████████████████████████████████████████████████████████ Ex. B at 32.  The term ████████████████████████████████ Defendants further marked as AEO provisions in sections 6.1, 6.2, and 6.6 stating that ██████████████████████████████████████████████████████████████ and the definition of ██████████████████████████ Finally, Defendants marked as AEO section 6.8, stating that ███████████████████████████████████████" and also marked as AEO the definition of ████████████████ (Ex. B at 34; Ex. C at Exhibit N.)

The above facts may be distasteful but are not confidential.  For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion in all respects.

| | |
|---|---|
| DATED: May 30, 2017 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  */s/Charles K. Verhoeven*  <br>Charles K. Verhoeven <br>Attorneys for WAYMO LLC |