MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone:    202.237.2727
Facsimile:    202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendants. | Case No.    3:17-cv-00939-WHA<br><br>**UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S MOTION TO STRIKE WAYMO'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL ACQUISITION DOCUMENTS (DKT. 526)** |

Without any notice or attempt to meet and confer with Uber, Waymo seeks to challenge Uber Technologies, Inc. and Ottomotto LLC's ("Defendants") confidentiality designations in the acquisition documents.[1]  (Dkt. 526; Yang ¶ 3.)  Waymo's challenge violates Paragraph 6.2 of the Patent Local Rule 2-2 Interim Model Protective Order in effect in this case ("Protective Order") (March 16, 2017 Order, Dkt. 60), which requires Waymo to "provide written notice of *each designation* it is challenging" and "attempt to resolve each challenge in good faith."  (Yang Ex. 1 at 7 (emphasis added).)  Therefore, Defendants request an order striking Waymo's Opposition to Defendants' Administrative Motion to File Under Seal Acquisition Documents (Dkt. 526).

The Protective Order expressly provides that Waymo may proceed "to the next stage of the challenge process *only if it has engaged in this meet and confer process first*."  (Yang Ex. 1 at 7 (emphasis added).)  It has not.  Defendants respectfully request that Waymo's improper opposition be stricken, and Waymo be required to pursue any challenge in accordance with the Protective Order.  Once Waymo complies with the procedure in the Protective Order, Defendants will explain, in a motion to retain confidentiality in accordance with the procedure set forth in Paragraph 6.3 of the Protective Order,[2] that Waymo is not only wrong on the required procedure, but also wrong on the merits.

---

[1]  Waymo also argues that non-confidential portions of the acquisition documents should be filed in public. (Dkt. 526 at 1.) Uber filed twelve acquisition documents entirely under seal pursuant to Judge Corley's instruction at the May 25, 2017 hearing to file the documents because "Judge Alsup wanted to see them" and to file them "obviously under the protective order." (5/25/17 Rough Hearing Tr. at 9:16-10:2.)

[2]  As the designating party, Defendants may file a motion to retain confidentiality "within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute."  (Yang Ex. 1 at 7.)

1  Dated: May 31, 2017

MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
    ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC