MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**UBER'S STATEMENT REGARDING PRIVILEGE**<br><br>Ctrm:  8, 19th Floor<br>Judge: The Honorable William Alsup<br><br>Trial Date: October 2, 2017 |

1    This submission on behalf of Uber Technologies, Inc. and OttoMotto LLC (collectively,
2 "Uber" or "Defendants") responds to this Court's Orders (Dkts. 438 and 447) in which the Court
3 expressed concern that "defendants may eventually wish to waive some claims of privilege in
4 order to bolster their defense" and ordered Defendants to file a written statement (1) "setting forth
5 any waiver of privilege on pain of preclusion thereafter" and (2) addressing "what, if anything,
6 should be said to the jury about subjects covered by any claim of privilege upheld as valid and not
7 waived by defendants."

**1.    Defendants Do Not Intend To Waive Any Privileges**

9    Defendants do not intend to waive any privileges that they have asserted, or will assert,
10 throughout this litigation. Defendants intend to rely on non-privileged *facts* for their defense,
11 some of which may or may not also be included in privileged documents or discussions.
12 Defendants will defend against Waymo's assertions of trade secret misappropriation by
13 presenting non-privileged facts at trial, including, for example, evidence that: (a) rebuts any
14 allegation that Defendants took no steps to prevent such misappropriation (by, for example,
15 showing that Uber required Mr. Levandowski and others to certify that they were not bringing
16 with them, and would not rely on, any trade secrets of their former employers), (b) rebuts
17 Waymo's allegation that Uber knew that Mr. Levandowski deliberately downloaded files from
18 Waymo prior to leaving his employment there, and (c) rebuts Waymo's allegation that Uber
19 acquired or possessed copies of the allegedly downloaded files. This evidence is not privileged
20 and will be among the various facts on which Uber will base its defenses at trial.

21    Uber may present such non-privileged fact evidence at trial to rebut Waymo's allegations
22 without risk of waiving privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) ("A
23 fact is one thing and a communication of that fact is an entirely different thing.") (citation
24 omitted); *Hickman v. Taylor*, 329 U.S. 495, 513 (1947) (denial of production based on work
25 product privilege "does not mean that any material, non-privileged facts can be hidden").
26 Although there may or may not be privileged communications or work product relating to these
27 facts, there is no waiver of privilege by disclosure of non-privileged, factual evidence. If, by
28 virtue of presenting facts to a jury, a client waived privilege over all communications and work

1  product that relate to that fact, this would eviscerate the protections of the attorney-client and
2  work product privileges. *See United States v. O'Malley*, 786 F.2d 786, 794 (7th Cir. 1986)
3  ("[T]he privilege attaches not to the information but to the communication of the information.")
4  (citation and internal quotation marks omitted); *Willnerd v. Sybase, Inc.*, No. 1:09-CV-500-BLW,
5  2010 WL 5391270, at *3 (D. Idaho Dec. 22, 2010) ("Even if the privilege does not attach to the
6  underlying fact, communications of that fact are privileged."); *In re Convergent Techs. Second
7  Half 1984 Sec. Litig.*, 122 F.R.D. 555, 558 (N.D. Cal. 1988) (a work product rule that provides
8  "no protection to purely factual witness statements, would simultaneously eviscerate *Hickman*
9  and create a nightmare for courts and counsel").

10  Defendants share the Court's view that privilege waivers should be resolved as soon as
11  possible. To that end, Defendants believe it would be appropriate for the Court to require all
12  parties to identify any privilege waivers that they believe any other party has made to date, or
13  believe any other party will make at trial. The parties can then brief these issues. For example, if
14  Waymo is going to claim that presentation of the non-privileged fact evidence referenced above
15  somehow constitutes a subject matter waiver, Waymo should raise that argument now, and the
16  parties should be given an opportunity to fully brief the issue.

17  To be sure, because discovery is not complete, the full scope of potential privilege waivers
18  is not readily obvious. Accordingly, to the extent that the parties subsequently become aware of
19  any putative privilege waivers, the Court can implement a briefing schedule whereby these
20  putative privilege waivers are brought to the Court's attention and resolved immediately.[1]

21  **2.      The Court Should Not Make Any Statements To The Jury About Privilege**

22  The Court also asked about statements that should be made to the jury about invocations
23  of privilege. Defendants understand this question to be focused solely on attorney-client and
24  work product privileges asserted by Defendants. To the extent the Court upholds Defendants'
25  assertions of privilege, the Court should not make any statements to the jury about these privilege

---

[1] Defendants understand this Court's orders to address privileges that will be raised solely by Defendants, and not any third parties. Accordingly, Defendants have not addressed in this response privileges that third parties have raised, such as Mr. Levandowski's assertion of his Fifth Amendment privilege.

invocations, because it would be inappropriate and prejudicial to do so.  It is improper to inform the jury about any assertions of privilege because there is no probative value apart from an impermissible negative inference that the withheld testimony would be adverse to the invoking party.  *E.g.*, *McKesson Info. Sols., Inc. v. Bridge Med., Inc.*, 434 F. Supp. 2d 810, 812 (E.D. Cal. 2006) (granting motion in limine to exclude evidence and argument relating to defendant's obtaining—and asserting privilege over—an infringement opinion by counsel); *Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, No. 5:14-CV-03750-PSG, 2015 WL 5569095, at *1 (N.D. Cal. Sept. 22, 2015) (same).

Moreover, the Court should forbid Waymo from asking questions that are intended to elicit privilege assertions.  Any such lines of questioning would improperly prejudice Defendants. *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-CV-2768, 2016 WL 278054, at *2 (E.D. Pa. Jan. 22, 2016) (granting motion in limine to forbid plaintiff from mentioning or drawing attention to the invocation of the attorney-client or work product privileges or asking questions "where it would be reasonable to conclude that the question will elicit" an invocation of privilege); *United States ex rel. Barko v. Halliburton Co.*, No. 05-CV-1276-RCL, 2017 WL 1018309, at *10 (D.D.C. Mar. 14, 2017) (granting summary judgment in defendant's favor and refusing to infer wrongdoing from invocation of attorney-client and work product privileges over the results of an investigation: "An assertion of privilege in this context cannot create an adverse inference"); *see also Courtney v. United States*, 390 F.2d 521, 527 (9th Cir. 1968) (where invocation of spousal privilege was properly made outside the presence of the jury, counsel "committed plain error in commenting on" the exercise of privilege and arguing that spouse's testimony "would have been adverse").[2]

---

[2] A curative instruction may be warranted if Waymo causes a witness to invoke privilege in the presence of the jury to ensure that no negative inference is permitted from this invocation. Though the Ninth Circuit's model jury instructions are silent as to privilege, California's Civil Jury Instruction 215 provides:

> [A party] has an absolute right not to disclose what [he/ she] told [his/her] [attorney] in confidence because the law considers this information privileged. Do not consider, for any reason at all, the fact that [the party] did not disclose what [he/she] told [his/her] [attorney]. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Likewise, courts recognize that any adverse inference from invoking privilege is improper and prejudicial. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1344-45 (Fed. Cir. 2004) (en banc) (holding that "no adverse inference shall arise from invocation of the attorney-client and/or work product privilege," overturning pre-existing patent-specific rule allowing negative inference); *United States v. One Tract of Real Prop.*, 95 F.3d 422, 428 (6th Cir. 1996) ("a court should not draw adverse inferences from the failure to respond to an admissions request if the work product privilege protects the information sought"); *Parker v. Prudential Ins. Co.*, 900 F.2d 772, 775 (4th Cir. 1990) (negative inference "would intrude upon the protected realm of the attorney-client privilege").[3]

Dated: June 1, 2017                    MORRISON & FOERSTER LLP

By:  */s/ Arturo J. González*
        ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

---

CACI 215. Likewise, the Supreme Court's proposed Rule of Evidence 513 counsels that a claim of privilege "is not a proper subject of comment by judge or counsel" and "[i]n jury cases, proceedings shall be conducted … so as to facilitate the making of claims of privilege without the knowledge of the jury." Proposed Rule of Evidence 513, 56 F.R.D. 183, 260-61 (1972); *see also Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996) ("we may seek guidance from the proposed Federal Rules of Evidence, which the Supreme Court prescribed and approved but ultimately Congress didn't adopt"); Cal. Evid. Code § 913 (setting forth restrictions similar to Proposed Rule 513). Even if a curative instruction is given, a prejudicial inference can be grounds for a new trial. *United States v. Martinez*, 514 F.2d 334, 343 (9th Cir. 1975) (prosecutor's prejudicial argument warranted new trial where court was doubtful that a "prompt cautionary instruction could 'unring the bell'").

[3] We do not read the Court's order as requesting Uber's views on what instruction it should give the jury regarding Mr. Levandowski's assertion of his Fifth Amendment rights. If Mr. Levandowski continues to assert his constitutional rights, Defendants do not believe it would be appropriate to give any instruction that would be adverse to Defendants, since Defendants cannot control his invocation of that right.