Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

*Attorneys for Defendant*
OTTO TRUCKING LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br>  Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., *et al.*, <br><br>  Defendants. | Case No.: 3:17-cv-00939-WHA <br><br> **DEFENDANT OTTO TRUCKING LLC'S STATEMENT REGARDING PRIVILEGE** |

Defendant Otto Trucking LLC ("Otto Trucking") respectfully submits this statement in response to the Court's Orders dated May 15 and May 16, 2017 (Dkt. Nos. 438 and 447), in which the Court ordered Defendants Otto Trucking, Uber Technologies, Inc., and Ottomotto LLC to file a written statement (1) asserting any waiver of privilege in support of their defense in the above-captioned matter and (2) addressing "what, if anything, should be said to the jury about subjects covered by any claim of privilege upheld as valid and not waived by defendants." Otto Trucking joins in the positions taken by Uber Technologies, Inc. and Ottomotto LLC. Also, to assist the Court, it also provides the following answers.

**I.   Otto Trucking does not intend to assert any waiver of privilege at this time.**

Otto Trucking does not intend to waive any privileges that it has asserted or will assert during the course of this litigation. Otto Trucking intends to rely on non-privileged <u>facts</u>, which may or may not also be included in privileged documents or discussions. Otto Trucking will defend against Waymo's trade secret misappropriation claims by asserting non-privileged facts at trial that include, but are not limited to, evidence that rebuts Waymo's allegations that (1) Uber has acquired Otto Trucking, (2) Otto Trucking has developed technology, (3) Otto Trucking has engaged in unlawful activity, and (4) Otto Trucking facilitated Uber's alleged acquisition of any files Mr. Levandowski may have downloaded prior to leaving Google.

This non-privileged evidence forms the basis for Otto Trucking's defenses at trial. Presenting such non-privileged evidence does not risk a waiver of any privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) ("A fact is one thing and a communication of that fact is an entirely different thing.") (citation omitted); *Hickman v. Taylor*, 329 U.S. 495, 513 (1947) (denial of production based on work product privilege "does not mean that any material, non-privileged facts can be hidden"). The mere presentation of non-privileged facts does not constitute a waiver as to any privileged communications or work product generated by these facts. To allow such a waiver would undermine the very foundation of those privileges. *See United States v. O'Malley*, 786 F.2d 786, 794 (7th Cir. 1986) ("[T]he privilege attaches not to the information but to the communication of the information.") (citation and internal quotation marks omitted); *Willnerd v. Sybase, Inc.*, No. 1:09-CV-500-BLW, 2010 WL 5391270, *3 (D. Idaho 2010) ("Even

if the privilege does not attach to the underlying fact, communications of that fact are privileged."); *In re Convergent Techs. Second Half 1984 Sec. Litig.*, 122 F.R.D. 555, 558 (N.D. Cal. 1988) (a work product rule that provides "no protection to purely factual witness statements, would simultaneously eviscerate *Hickman* and create a nightmare for courts and counsel").

Otto Trucking does not intend to waive any privileges at this time. However, discovery is not yet complete, and the full scope of all privilege waivers is not presently cognizable. Otto Trucking understands the importance of expedient resolution of privilege waivers and supports Defendants Ottomotto and Uber in their request for a briefing schedule to address any arising privilege waiver issues.

## II.  Any Statement Made by the Court to the Jury About Defendants' Claims of Privilege Would Be Prejudicial

In the Court's May 16, 2017 Supplement to Orders Filed on May 15, 2017 (Dkt. No. 447), the Court also requested Defendants to address the propriety of any statement to the jury the Court may make regarding the subjects covered by Otto Trucking's assertion of privilege. Such statements are improper. *See Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, No. 5:14-CV-03750-PSG, 2015 WL 5569095, at *1 (N.D. Cal. Sept. 22, 2015).

As Defendants explained in their responses to Waymo's Motion to Compel, Defendants have—at the outset—shared discussions, communications, and documents to prepare for a joint defense that covers not just the contents of the privileged documents, but also the subject of the privileges asserted. *Rembrandt Patent Innovations, LLC*, 2016 WL 427363, at *7 (citing *Holmes v. Collection Bureau of Am., Ltd.*, No. C 09-02540 WHA, 2010 WL 143484, at *3 (N.D. Cal. Jan. 8, 2010). A statement by the Court to the jury regarding Otto Trucking's assertion of privilege over these documents or communications would impair Otto Trucking's ability to defend against claims asserted against it in this action.

The Supreme Court has also suggested that such a statement would be improper. Under proposed Rule of Evidence 513, the Supreme Court has explained that a party's assertion of privilege "is not a proper subject of comment by judge or counsel" and "[i]n jury cases, proceedings shall be conducted . . . so as to facilitate the making of claims of privilege without the

1  knowledge of the jury." Proposed Rule of Evidence 513, 56 F.R.D. 183, 260-61 (1972); *see also*
2  *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996) ("we may seek guidance from
3  the proposed Federal Rules of Evidence, which the Supreme Court prescribed and approved but
4  ultimately Congress didn't adopt"). Here, such a statement from the Court to the jury as to Otto
5  Trucking's assertion of privilege may give rise to an adverse inference that may be grounds for a
6  new trial, *United States v. Martinez*, 514 F.2d 334, 343 (9th Cir. 1975), and is the subject of what
7  proposed Rule of Evidence 513 counsels against. Likewise, comments by the Court to the jury
8  regarding the evidence at trial is inappropriate. *United States v. Brown*, 988 F.2d 123 (9th Cir.
9  1993).

10  Any commentary by the Court is both irrelevant and more prejudicial than probative. For
11  that reason, any such commentary should be excluded under Federal Rule of Evidence 401 and
12  403. The fact that a party properly asserted a privilege is not a fact that is probative of anything.
13  Instead, any statement about the assertion of privilege by the Court could unnecessarily lead to a
14  negative inference and subvert the fact-finding mission of the jury creating confusion.

15  For these reasons, Defendant Otto Trucking respectfully submits that Otto Trucking does
16  not intend to assert any applicable privileges at this time, and that the Court should not make any
17  statements to the jury about the subjects covered by any claim of privilege.

Dated:  June 1, 2017                                    Respectfully submitted,

                                                        By:   /s/ Neel Chatterjee

                                                        Neel Chatterjee
                                                        *nchatterjee@goodwinlaw.com*
                                                        GOODWIN PROCTER LLP
                                                        135 Commonwealth Drive
                                                        Menlo Park, California 94025
                                                        Tel.:  +1 650 752 3100
                                                        Fax.:  +1 650 853 1038

                                                        Brett Schuman
                                                        *bschuman@goodwinlaw.com*
                                                        Rachel M. Walsh
                                                        *rwalsh@goodwinlaw.com*
                                                        GOODWIN PROCTER LLP
                                                        Three Embarcadero Center
                                                        San Francisco, California 94111
                                                        Tel.:  +1 415 733 6000
                                                        Fax.:  +1 415 677 9041

                                                        *Attorneys for Defendant*
                                                        OTTO TRUCKING LLC

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on June 1, 2017.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.


Executed: June 1, 2017                           */s/   Neel Chatterjee*
                                                                Neel Chatterjee