QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>              Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S SUR-REPLY IN OPPOSITION TO ANTHONY LEVANDOWSKI'S MOTION FOR INTERVENTION UNDER RULE 24 AND MODIFICATION OF ORDER GRANTING IN PART AND DENYING IN PART PROVISIONAL RELIEF**<br><br>**Hearing**<br>Date: June 7, 2017<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 8, 19th Floor<br><br>**PUBLIC REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

Pursuant to the parties' stipulation (Dkt. 530), and the Court's authorization (Dkt. 534), Plaintiff Waymo LLC ("Waymo") submits this Sur-Reply in Opposition to Anthony Levandowski's Motion for Intervention and Modification of Order Granting in Part and Denying in Part Provisional Relief (the "Motion") (Dkt. 466).

## INTRODUCTION

The Court's Preliminary Injunction Order (the "Order") requires Defendants to "exercise the full extent of their corporate, employment, contractual, and other authority to . . . cause [Anthony Levandowski] to return the downloaded materials and all copies, excerpts, and summaries thereof to Waymo (or the Court) . . . ." (Dkt. 433 at 23 ¶ 2(b).) The crux of Mr. Levandowski's Motion is that this Order transforms any adverse employment action by Uber—a private employer—into "state action," because the Order "has compelled Uber to change its previous course of conduct." (Dkt. 519 (Reply) at 7; *see also id.* at 1.)

In his Reply Brief, Mr. Levandowski touts a "new development" that he claims has "added additional force to [his] position." (*Id.* at 1.) As argued in the Reply, "[o]n May 26, 2017, Uber sent Mr. Levandowski a new letter stating that, because he has thus far failed to 'cooperat[e]' with Uber's efforts to comply with the Court's May 11, 2017 Order . . . , Mr. Levandowski ***will be terminated on June 15, 2017***, unless he 'cures' the failure to cooperate by immediately complying with the demands contained in Uber's original May 15, 2017 letter." (*Id.*, *quoting* Dkt. 519-2 (Ex. B to Reply) (emphasis in original).)

Rather than adding "additional force" to Mr. Levandowski's argument, however, this newly cited evidence conclusively refutes it. First, Uber's May 26, 2017 Letter (the "May 26th Letter") cites multiple, independent reasons for Mr. Levandowski's termination, which eliminates any possibility that the Court's Order constituted unconstitutionally coercive "state action." Second, the May 26th Letter states that Mr. Levandowski's employment with Uber "is hereby terminated for Cause." (Dkt. 519-2 (Ex. B to Reply) at 1.) Thus, Mr. Levandowski was terminated on May 26th, not June 15th. Presumably, Mr. Levandowski's access to Uber's

facilities have been terminated as has his access to his Uber email and Uber servers. (*See* Ex. 1.)[1] Although Uber provides a 20 day "cure" period, as set forth below, it is clear that Levandowski cannot "cure" the adverse employment action that has already been taken against him. Thus, the May 26th Letter confirms that Mr. Levandowski's Motion is moot. Regardless of any modification to the Order now, Mr. Levandowski has <u>already been terminated</u>. <u>The unwarranted modification of the preliminary injunction order sought by Levandowski would now have no effect on Levandowski's employment</u>. For these reasons, and those stated in Waymo's Opposition (Dkt. 512), the Motion should be denied.

## ARGUMENT

### A.    The Court's Order Is Just One Of Many Reasons For Mr. Levandowski's Termination.

Contrary to Mr. Levandowski's representation that the Court's Order "has compelled Uber to change its previous course of conduct" (Dkt. 519 (Reply) at 7), the May 26th Letter actually demonstrates that Mr. Levandowski's employment has been terminated for at least two separate reasons that are both wholly independent of the Order:

- "Second, you did not comply with the prior written directive to cooperate with Uber's investigation sent to you on April 20, 2017, by Angela Padilla (the contents of which are privileged). Your failure impeded Uber's internal investigation and defense of the lawsuit referenced above and constitutes a ground for termination for Cause."

- "Further, in your Employment Agreement, you represented and warranted that 'you have returned or destroyed all property and confidential information belonging to any prior employer.' Your failure to comply with the Letter gives Uber grounds to allege a breach of the representation and warranty in your employment agreement, and constitutes an additional ground for termination with Cause."

(Dkt. 519-2 (Ex. B to Reply) at 1.) During a June 1st meet-and-confer, Uber confirmed that Mr. Levandowski is "fired," that he "no longer works at Uber," and that they did not expect him to "cure" the breaches giving rise to his termination. (Ex. 1.) When Waymo pointed out that this was seemingly inconsistent with Mr. Levandowski's position that the May 26th Letter supports

---

[1] References to "Ex. __" are to the accompanying Declaration of Patrick Schmidt. Pin cites correspond to the last four digits of the Bates number of the cited page.

1  his request to modify the Order, Uber responded that it does not "necessarily agree" with those
2  arguments.  (*Id.*)
3      Although Mr. Levandowski's employment with Uber was "at will," and terminable
4  without "cause" (Ex. 2 at -7087), each of Uber's two independently cited reasons for termination
5  with cause are well-founded.
6  (Ex. 3 at -7111 – -7112.)
7
8
9
10   (*Id.* at -7112 (emphasis added).)  As the May 26th Letter indicates, Uber conducted
11  just such an "internal investigation" and requested that Mr. Levandowski cooperate on April 20th
12  (*i.e.*, 3 full weeks prior to the Order).[2]  (Dkt. 519-2 (Ex. B to Reply) at 1.)  The May 26th Letter
13  further states that Mr. Levandowski's failure to cooperate "impeded" this internal investigation
14  and Uber's defense of the lawsuit.  (*Id.*)  As such, Mr. Levandowski's termination for cause is
15  supported by conduct that predates the issuance of the Order.
16      Additionally,
17
18  (Ex. 3 at -7111 – -7112.)
19
20
21   (Ex. 2 at -7084.)  Uber admits in its May 26th Letter that it now has "grounds to
22  allege" that Mr. Levandowski is in "breach of the representation and warranty in [his] employment

---

[2]  Apparently, Uber is claiming that its letter seeking Mr. Levandowski's cooperation is "privileged."  (Dkt. 519-2 (Ex. B to Reply) at 1.)  Waymo reserves the right to challenge this claim of privilege, including on the grounds that no common legal interest exists given Mr. Levandowski's argument that Uber is unable to adequately protect his interests in regards to this matter.

agreement," which "constitutes an additional ground for termination with Cause."[3] (Dkt. 519-2 (Ex. B to Reply) at 1.) Thus, by Uber's own admission, Mr. Levandowski's independent breach of his employment agreement further supports the adverse employment action.

Because Uber can and, in fact, did terminate Mr. Levandowski for these independent reasons, Mr. Levandowski's entire argument that the Court's Order unconstitutionally coerced Uber to violate his Fifth Amendment rights must fail. As demonstrated in Waymo's Opposition, adverse employment action taken by a private employer—even if motivated in part by a desire to cooperate with the government— does *not* somehow transform the actions of the private employer into "state action" with constitutional limitations:

> [A] company is not prohibited from cooperating, and typically has supremely reasonable, independent interests for conducting an internal investigation and for cooperating with a governmental investigation, even when employees suspected of crime end up jettisoned. *A rule that deems all such companies to be government actors would be incompatible with corporate governance and modern regulation*.

*Gilman v. Marsh & McLennan Cos., Inc.*, 826 F.3d 69, 77 (2d Cir. 2016) (emphasis added). The only case that Mr. Levandowski cites for imposing constitutional restrictions on the actions of purely private employers involves the situation where the government's influence was the "***but for***" cause of the deprivation in question. *United States v. Stein*, 541 F.3d 130, 155 (2d Cir. 2008) ("[T]hese defendants *would* have received fees from KPMG ***but for*** the government's interference." (Emphasis added)). That is plainly not the case here, where Uber's termination letter expressly lists grounds for termination with Cause that are entirely independent of the

---

[3] Uber couches its grounds for alleging a breach of the Employment Agreement on Mr. Levandowski's failure to comply with an earlier, May 16th Letter in which Uber wrote that if Mr. Levandowski denied taking downloaded materials from Google, he "must attest to that fact fully and completely in a written statement and provide that statement to the Uber legal department." (Dkt. 466-2 (Ex. A to Mot.) at 2.) Mr. Levandowski may attempt to argue that this directive came as a result of the Court's Order, and Mr. Levandowski's decision to remain silent in response to Uber's directive under the Order has now led to his termination. But, this argument fails. For this ground of termination, it is not Mr. Levandowski's silence that has resulted in Uber terminating his employment—it is the inference that he is in breach of his employment agreement resulting from his silence that has caused his termination. Considering that the Court is permitted to draw such adverse inferences against Mr. Levandowski directly, he cannot seriously contend that Uber's drawing of such inferences—even if as a result of the Court's Order—results in a Fifth Amendment violation.

Court's Order. There has been no Fifth Amendment violation, and Mr. Levandowski's Motion should be denied.

### B. Mr. Levandowski's Requested Relief Is Now Moot.

Additionally, the Court should not even consider modifying its Order because doing so at this time will have no effect on Mr. Levandowski's employment status. *See California ex rel. Lockyer v. U.S. Forest Service*, Case No. C 04-02588-CRB, 2006 WL 2038491, at *1 (July 20, 2006) ("A case is moot where 'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" (quotation omitted)). The Court lacks jurisdiction to issue what would amount to a mere advisory opinion.

Here, Uber has alleged cause for termination based on Mr. Levandowski's failure to cooperate with an April 20th internal Uber investigation, as well as his breach of a representation and warranty in his employment agreement. These breaches relate to past conduct whose legal implications cannot be reversed within the 20-day cure period. *Boat Owners Ass'n of U.S. v. Sea Ventures of CA, Inc.*, Case No. CV 99-8703RJK, 2000 WL 33179449, at *6 (C.D. Cal. Aug. 7, 2000) ("Plaintiff need not have provided the fifteen-day time to cure because it was impossible for Defendant to cure its breach."); *In re Premier Golf, LP*, 564 B.R. 660, 686 (Bankr. S.D. Cal. 2016) (holding that it was "logically and temporally impossible" for party to cure default of agreement). It is therefore impossible for Mr. Levandowski to "cure," meaning that for all intents and purposes, his termination for cause on the independent bases cited by Uber is all but final regardless of whether the Court modifies its Order. (*See* Ex. 1.) Under these circumstances, Mr. Levandowski's Motion is moot because the Court cannot redress his purported injury. *See Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 894 (9th Cir. 2007) (refusing to reach merits of question as to whether an "off-site sign ban" violated the First Amendment because "even a decision enjoining the off-site ban would not redress the injury Get Outdoors II suffered due to the denial of its permits."); *Herson v. City of Richmond*, 631 Fed Appx. 472, 473 (9th Cir. 2016) (unpublished) (finding that constitutional claims were not redressable where there was a "independent, constitutionally valid reason" for the challenged conduct).

## CONCLUSION

For these reasons, and those stated in Waymo's Opposition (Dkt. 512), the Motion should be denied.

DATED: June 2, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for WAYMO LLC