# EXHIBIT 1

## Patrick Schmidt

| | |
|---|---|
| **From:** | Hamish Hume <hhume@BSFLLP.com> |
| **Sent:** | Friday, June 02, 2017 2:00 PM |
| **To:** | Melissa Baily |
| **Cc:** | Andrea P Roberts; 'John Cooper'; 'Matthew Cate'; 'UberWaymoMoFoAttorneys'; BSF_EXTERNAL_UberWaymoLit; 'nchatterjee@goodwinlaw.com'; 'rwalsh@goodwinlaw.com'; 'sbrun@goodwinlaw.com'; 'bschuman@goodwinlaw.com'; QE-Waymo; 'Ray, Wendy J.' |
| **Subject:** | RE: Waymo v. Uber Meet and Confer Follow-Up |

Melissa,

We do not agree with your assertions below.  In any event, in accordance with the protocol and schedule we agreed to yesterday, we hereby confirm that Defendants Uber and Ottomotto maintain their attorney-client privilege, attorney-work product, and common-interest doctrine privileges over the redacted portions of the March 21, 2016 Letter Agreement ("Letter Agreement") between Stroz Friedberg LLC ("Stroz") and John Gardner, which was produced to you yesterday, with some redactions, with the bates number UBER_00017893.

All of the redacted material is protected by the attorney-client privilege because it contains a description of the type of factual information being requested by Stroz on behalf of MoFo and OMM, acting on behalf of Uber and Ottomotto, respectively, in order to obtain legal advice.  It therefore reflects confidential attorney-client communications regarding the purpose of Stroz's engagement, as well as the directions to Stroz made by the attorneys in the joint defense group.  For the same reason, these descriptions reflect attorney work product provided in order to direct Stroz in its conduct of a work product privileged investigation.

Second, the material redacted from the Protocol attached to the Letter Agreement is protected by the work product doctrine as opinion work product because it reflects methods for document culling, analysis, and review as agreed by all the parties and attorneys participating in and directing the scope of the Stroz investigation.  The sharing of these communications with John Gardner, and his subsequent recitation of those communications in the Letter Agreement, is protected by the common-interest doctrine for the reasons explained in Uber's opposition and sur-reply to the Motion to Compel Production of the Due Diligence Report and Exhibits.

Uber has previously logged the Letter Agreement.  It is entry #3 on Defendants 5-1-17 Stroz Report Privilege Log.  While I was personally not aware of this during yesterday's call, it is also the case that Uber's privilege assertions over this document are part of the subject of Waymo's motion to compel currently pending before Judge Corley.  For this reason, and in order to conserve judicial resources, Defendants respectfully suggest that Waymo await decision from Judge Corley on its pending Motion to Compel Production of the Due Diligence Report and Exhibits rather than filing a duplicative motion to compel the redacted portions of the Letter Agreement.

Thank you,

Hamish

---

**From:** Melissa Baily [mailto:melissabaily@quinnemanuel.com]
**Sent:** Friday, June 02, 2017 12:51 AM
**To:** 'Ray, Wendy J.'

**Cc:** Andrea P Roberts; 'John Cooper'; 'Matthew Cate'; 'UberWaymoMoFoAttorneys'; BSF_EXTERNAL_UberWaymoLit; 'nchatterjee@goodwinlaw.com'; 'rwalsh@goodwinlaw.com'; 'sbrun@goodwinlaw.com'; 'bschuman@goodwinlaw.com'; QE-Waymo
**Subject:** RE: Waymo v. Uber Meet and Confer Follow-Up

Hamish, Wendy,

We write follow up on issues related to the contract executed by Eric Friedberg on behalf of Stroz Friedberg and John Gardner on behalf of Mr. Levandowski.

We first learned of that contract when Defendants referred to it and characterized it – but did not submit it to the Court – in their opposition to Waymo's motion to compel the due diligence materials.  During today's discussion, Defendants stated that they are relying on the same contract as the sole justification for declining to ask their agent Stroz to return documents taken from Waymo by Mr. Levandowski.  Defendants' position – as stated this morning – is that:  "with respect to Anthony, anything he might have provided [to Stroz] was his personal property and he put very tight restrictions on the ability even of Stroz to share that with anyone, including Uber."  In other words, Defendants' position is that Waymo's proprietary files, stolen by Mr. Levandowski, are his personal property, such that Defendants need not facilitate their return.

As you know, until 1:56 p.m. Pacific today, Defendants had not produced even a redacted version of the Stroz/Levandowski contract.  Even after Mr. Levandowski's counsel stated yesterday evening that he had no objection to the production of that contract by Stroz in response to Waymo's subpoena, Defendants took the position that they "had not produced the contractual agreement between Mr. Levandowski and Stroz Friedberg because it contains attorney-client privileged and work product information."  This morning, Defendants confirmed that position, while also stating that the privilege issues were not something "anyone had given attention to prior to yesterday."

Defendants' redactions to the Stroz/Levandowski contract – as it was produced this afternoon – are improper on their face.

As an initial matter, Defendants cannot assert that the contract supports their position that Waymo's stolen files are Mr. Levandowski's personal property while redacting key definitions of terms relevant to that contention (and other critical information).  This is an example of the very sword/shield problem that Judge Alsup was seeking to address by requiring Defendants to disclose any trial theories that might implicate a waiver of privilege by noon today.  Having disclosed none, Defendants cannot now rely on cherry-picked portions of a contract to support their positions in this case while simultaneously claiming the remainder of the contract is privileged.

Moreover, the asserted privilege claims are obviously baseless.  A contract between Mr. Levandowski and Stroz simply cannot be covered by Uber's attorney/client privilege.  Even Defendants conceded that "it's unusual for a contract to be subject to a privilege issue."  And the fact that Mr. Levandowski is not objecting to the production of the contract reveals that it is not covered by his attorney/client privilege and it is not subject to a common legal interest that could somehow turn Waymo's proprietary documents into Defendants' work product.

For the same reasons that Magistrate Judge Corley ordered that the February 22 term sheet be produced without redaction, the Levandowski/Stroz contract needs to be produced without redaction.

Defendants have committed to producing either an un-redacted version of the Levandowski/Stroz contract or an explanation for any remaining redactions by 2 p.m. tomorrow.  If the latter is provided, we expect that the assertions of privilege will be described in "bone-crushing detail" so that Waymo can immediately bring a motion regarding these issues.

Thanks,
Melissa

**From:** Melissa Baily
**Sent:** Thursday, June 01, 2017 9:35 AM
**To:** Ray, Wendy J. <WRay@mofo.com>
**Cc:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; John Cooper <JCooper@fbm.com>; Matthew Cate
<MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>;
'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)
<BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; nchatterjee@goodwinlaw.com; rwalsh@goodwinlaw.com;
sbrun@goodwinlaw.com; bschuman@goodwinlaw.com; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber Meet and Confer Follow-Up

Wendy and John,

We will be prepared to discuss this on the call at 11.

Melissa

**From:** Ray, Wendy J. [mailto:WRay@mofo.com]
**Sent:** Thursday, June 01, 2017 9:32 AM
**To:** Melissa Baily <melissabaily@quinnemanuel.com>
**Cc:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; John Cooper <JCooper@fbm.com>; Matthew Cate
<MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>;
'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)
<BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; nchatterjee@goodwinlaw.com; rwalsh@goodwinlaw.com;
sbrun@goodwinlaw.com; bschuman@goodwinlaw.com; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Re: Waymo v. Uber Meet and Confer Follow-Up

John and Andrea,
As I mentioned yesterday, I cannot join a call at 10. I will be on the call at 11 and can discuss then.

Best,
Wendy

Wendy J. Ray
Morrison & Foerster LLP
707 Wilshire Blvd., Ste. 6000
Los Angeles, CA 90017-3543
213-892-5446

On Jun 1, 2017, at 9:20 AM, Melissa Baily <melissabaily@quinnemanuel.com> wrote:

John,

We request that this issue be added to the agenda for our call at 10 a.m.

Thank you,
Melissa

**From:** Ray, Wendy J. [mailto:WRay@mofo.com]
**Sent:** Wednesday, May 31, 2017 11:21 PM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; John Cooper <JCooper@fbm.com>; Matthew Cate
<MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>;

'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)
<BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; nchatterjee@goodwinlaw.com; rwalsh@goodwinlaw.com;
sbrun@goodwinlaw.com; bschuman@goodwinlaw.com
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber Meet and Confer Follow-Up

Andrea and John,
We have not produced the contractual agreement between Mr. Levandowski and Stroz Friedberg because it
contains attorney-client privileged and work product information, but we are continuing to analyze this issue,
which is closely related to issues before Magistrate Judge Corley.

We have not directed Stroz to do anything with respect to any allegedly downloaded files because Uber does
not have control over Mr. Levandowski's personal property, including any property he may have provided to
Stroz.  Uber cannot compel a third party to produce documents that it does not control.  Uber directed Mr.
Levandowski to return any downloaded files under his control, which would include any files that Stroz may
have.  To date, he has not complied and therefore he has been terminated.

In addition to the JDA, work product privilege may apply.

Esther sent the search terms in a separate communication.

Best,
Wendy

**From:** Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent:** Wednesday, May 31, 2017 10:06 PM
**To:** John Cooper; Matthew Cate; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com'
(BSF_EXTERNAL_UberWaymoLit@bsfllp.com); nchatterjee@goodwinlaw.com; rwalsh@goodwinlaw.com;
sbrun@goodwinlaw.com; bschuman@goodwinlaw.com
**Cc:** QE-Waymo
**Subject:** Waymo v. Uber Meet and Confer Follow-Up

**- External Email -**

John,

I write regarding the items discussed during this afternoon's meet and confer for which Defendants committed
to providing responses today, and for which we have not yet received the promised information.  To the extent
that Defendants do not provide this information tonight as promised, or to the extent issues remain from these
responses, lets add these issues on the call tomorrow at 11 am so we can promptly bring these issues to the
Court.

- Defendants were supposed to get back to us today to let us know whether Defendants have produced the
contractual agreement between Levandowski and Stroz Friedberg that Defendants contended on the call
today (as they have previously including in representations to the Court) preclude Uber from instructing
Stroz to return any copies of the downloaded materials, and if not, they were to produce the agreement
absent a basis not to.  And if there was a basis, they would provide it.

- Defendants were to get back to us as to whether they instructed Stroz Friedberg to return all of the
downloaded materials pursuant to the PI Order and, if not, the basis for not doing so.

- Defendants were to let us know today whether Defendants are relying on anything other than the original JDA to shield communications between Defendants and Stroz Friedberg regarding responding to the subpoena on Stroz.

- Defendants were to provide us with the list of search terms Defendants agree to run on the emails being made available for inspection.  This was to include the approximately 19 that Defendants are already running, and the 160 search terms from the PI phase.

We look forward to receiving this information.


Thanks,
Andrea


**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.


==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]