# EXHIBIT 2

**Patrick Schmidt**

| | |
|---|---|
| **From:** | Miles Ehrlich <miles@ramsey-ehrlich.com> |
| **Sent:** | Thursday, June 01, 2017 9:10 AM |
| **To:** | John Cooper; Scott Brown |
| **Cc:** | Gonzalez, Arturo J.; Ismail Ramsey; Neel Chatterjee; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); QE-Waymo; MCate@fbm.com; Schuman, Brett (BSchuman@goodwinlaw.com); SBrun@goodwinlaw.com; rwalsh@goodwinlaw.com; Ray, Wendy J.; David Perlson; James Judah |
| **Subject:** | Re: Waymo v. Uber: Stroz Friedberg Subpoena |

Resending only our communications on behalf of Mr. Levandowski to the group — but this time including **Scott Brown from Stroz Friedberg**, so he can be advised of Mr. Levandowski's position in advance of the 11 am call.

Thank you,

Miles Ehrlich & Izzy Ramsey

**From:** Miles Ehrlich <miles@ramsey-ehrlich.com>
**Date:** Thursday, June 1, 2017 at 9:04 AM
**To:** John Cooper <JCooper@fbm.com>
**Cc:** Arturo Gonzãlez <agonzalez@mofo.com>, Ismail Ramsey <izzy@ramsey-ehrlich.com>, Neel Chatterjee <nchatterjee@goodwinlaw.com>, UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>, "'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)" <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>, QE-Waymo <qewaymo@quinnemanuel.com>, "MCate@fbm.com" <MCate@fbm.com>, "Schuman, Brett (BSchuman@goodwinlaw.com)" <BSchuman@goodwinlaw.com>, Shane Brun <sbrun@goodwinlaw.com>, "rwalsh@goodwinlaw.com" <rwalsh@goodwinlaw.com>, "Ray, Wendy J." <WRay@mofo.com>, David Perlson <davidperlson@quinnemanuel.com>, James Judah <jamesjudah@quinnemanuel.com>
**Subject:** Re: Waymo v. Uber: Stroz Friedberg Subpoena

Special Master Cooper:

We were asked on the call yesterday to state Mr. Levandowski's position on the two requests in the subpoena to Stroz Friedberg that have been designated as expedited discovery requests under the Court's order:

> No. 3: All agreements between YOU and any PERSON REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, or the MISAPPROPRIATED MATERIALS.

> No. 30: Any "original materials provided by Client or Uber or Ottomotto, to Stroz Friedberg" (referenced in Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit D).

1

Mr. Levandowski has no objection to No. 3.

Similarly, because the language quoted in No. 30 (taken verbatim from Exhibit 3 to Eric Tate's declaration) does not, by its terms, cover any materials that may have been provided by Mr. Levandowski to Stroz Friedberg, Mr. Levandowski has no objection to Stroz Friedberg's strict compliance with Request No. 30.

That said, and as stated more fully in our original email below, Mr. Levandowski reserves his right to object on Fifth Amendment and attorney-client privilege grounds to any future requests for production of materials that may have been provided by Mr. Levandowski to Stroz Friedberg in connection with the common-interest privileged due diligence effort.

Best regards,

Miles Ehrlich & Izzy Ramsey

---

**From:** Miles Ehrlich [mailto:miles@ramsey-ehrlich.com]
**Sent:** Tuesday, May 30, 2017 9:26 PM
**To:** John Cooper; jamesjudah@quinnemanuel.com
**Cc:** Gonzalez, Arturo J.; Ray, Wendy J.; Ismail Ramsey; Neel Chatterjee
**Subject:** Re: Waymo v. Uber: Stroz Friedberg Subpoena


**Special Master Cooper and Mr. Judah:**


We just learned this evening that a meet-and-confer is being scheduled for tomorrow morning regarding the status of Waymo's subpoena to third-party Stroz Friedberg. Given the important rights at stake for Mr. Levandowski, we ask permission to join this call to make our position clear.

As a non-party, we have not been privy to the communications flowing between the parties in this case. Nevertheless, we had been told several times by Uber's counsel that the Stroz subpoena had been stayed, and that no action was imminent on this front—at least until the motion to compel the due diligence report (and the associated privilege questions) had been resolved by Judge Corley.

We now understand that Waymo is taking a position contrary to what we had been told, and that the Court may be allowing Waymo to move forward imminently with expedited third-party discovery, possibly including document requests directed to Stroz.

Thus, we are writing immediately to advise the parties that, if Waymo is permitted to move forward with a subpoena to Stroz, **non-party Anthony Levandowski intends to move to intervene and file a motion to quash this subpoena**, to the extent the subpoena touches upon any materials provided by Mr. Levandowski to Stroz in connection with the common-interest privileged due diligence effort.

In short, to the extent any such materials exist, they belong to Mr. Levandowski. He never transferred ownership or control over them to Stroz or Uber, and he has a Fifth Amendment right under *Hubbell* (and under *Fisher,* as this right is extended through the attorney-client privilege) not to be forced to produce any documents that could furnish a link in the chain of incrimination. Finally, we may raise other appropriate legal objections, once we have an opportunity to review the requests propounded in any amended subpoena to Stroz.

Thank you for your consideration.

(And James or Wendy, would it be possible for you to forward this email to all the other members of the chain? I wasn't able to see all the email addresses or use the defined email groups. Thank you).

Best regards,

Miles Ehrlich & Izzy Ramsey
*Counsel to Non-Party Anthony Levandowski*