# EXHIBIT 5

**Patrick Schmidt**

| | |
|---|---|
| **From:** | Ray, Wendy J. <WRay@mofo.com> |
| **Sent:** | Thursday, June 01, 2017 9:20 AM |
| **To:** | James Judah; David Perlson; Miles Ehrlich; John Cooper; SBrown@StrozFriedberg.com |
| **Cc:** | Gonzalez, Arturo J.; Ismail Ramsey; Neel Chatterjee; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); QE-Waymo; MCate@fbm.com; Schuman, Brett (BSchuman@goodwinlaw.com); SBrun@goodwinlaw.com; rwalsh@goodwinlaw.com |
| **Subject:** | RE: Waymo v. Uber: Stroz Friedberg Subpoena |

Resending to include Scott Brown.

James and John,
As discussed on this morning's call, we have not obfuscated with respect to the Stroz subpoena. We are not representing Stroz with respect to the subpoena and do not know who is; we responded accordingly when asked. While Scott Brown is our point of contact, we do not believe he is going to be representing Stroz with respect to the subpoena. We were neither asked for a general point of contact at Stroz, nor were we asked to notify Stroz that Waymo had decided to expedite certain requests. Indeed, Waymo did nothing to formalize its expedited requests to Stroz after Judge Corley granted permission to pursue them; it merely emailed counsel for the parties about its intent to expedite two requests on May 22 (three days before the purported deadline). Waymo now argues that Uber should have assisted in Waymo's efforts without any request to do so. It is not appropriate for Waymo to blame Uber for its failure to communicate its updated demands to the third party—one which it served without Uber's assistance. We will be happy to discuss these issues further on tomorrow's call.

Best,
Wendy

**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Wednesday, May 31, 2017 7:32 PM
**To:** David Perlson; Ray, Wendy J.; Miles Ehrlich; John Cooper
**Cc:** Gonzalez, Arturo J.; Ismail Ramsey; Neel Chatterjee; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); QE-Waymo; MCate@fbm.com; Schuman, Brett (BSchuman@goodwinlaw.com); SBrun@goodwinlaw.com; rwalsh@goodwinlaw.com
**Subject:** RE: Waymo v. Uber: Stroz Friedberg Subpoena

- External Email -

John and Counsel –

I write to follow up on this morning's meet and confer regarding Waymo's May 10 subpoena to Stroz Friedberg. Uber's obfuscation with respect to the Stroz subpoena, as well as its purported joint defense arrangement with both Stroz and Anthony Levandowski, is yet another example of Defendants' "relentless concealment of likely probative evidence, both documentary and testimonial, from Waymo's view."

First, contrary to Defendants' repeated representations that they had "no idea" who represents their agent, Stroz, in connection with the subpoena, counsel for Uber admitted that at least two Morrison & Foerster attorneys had communicated with Scott Brown, Stroz's chief legal officer with responsibility for the subpoena. Counsel for Uber also indicated, as was further corroborated by Mr. Brown's email to me earlier today, that they had selectively shared

1

information with Mr. Brown – information that appears to be have been incorrect – about court orders and the status of the subpoena, with the intent of preventing Stroz from responding to any portion of the subpoena by the May 25 response date.  In contrast, it appears that counsel for Uber selectively avoided sharing the most relevant information with Mr. Brown – namely, that the Court had permitted Waymo to designate third party requests as one or more of its 28 expedited discovery requests, and that Waymo had designated two of the Stroz requests (No. 3 and No. 30) as expedited requests.  Under the Court's Orders, those two requests from Waymo's May 10 subpoena on Stroz – which was indisputably properly served and which had a response date of May 25, a full day longer than the two week response time for expedited discovery requests – had a response date of May 25.  At no time did either Mr. Brown, anyone else from Stroz, or anyone representing Defendants serve objections, move to quash or for a protective order, or ask for an extension of Stroz's response date.

Waymo reserves all rights with respect to Defendants' role in obstructing Waymo's expedited third party discovery from Stroz, Defendants' agent.  Counsel for Uber admitted on the call this morning that despite their "ostrich" approach to the Stroz subpoena to date, they have been planning all along to "coordinate" with Stroz regarding the response.  This is yet another delay tactic, designed to prevent Waymo from obtaining its Court-ordered expedited discovery within the Court-ordered 14-day period.   Defendants' purported cluelessness as to who at Stroz has been responsible for the subpoena response is further contradicted by their assertion that a joint defense privilege exists between Defendants and Stroz with respect to the Stroz subpoena, and that this privilege supposedly protects from disclosure to Waymo any communications between Defendants and Stroz regarding the subpoena.  Moreover, counsel for Uber's suggestion on this morning's call that Waymo should employ a process server to communicate with Stroz about the subpoena – when they have known for weeks that Mr. Brown was the point of contact – is obfuscation, as was their alternative suggestion that Waymo should have been picking up the phone and calling random Stroz employees to inquire about the subpoena, despite the fact that Stroz is (in addition to being a percipient witness with highly relevant documents) Defendants' litigation consultant in this very case.

Second, based on both Mr. Ramsey's email last night, and statements made by him and counsel for Uber on this morning's call, Defendants have also selectively shared (incorrect) information with Mr. Levandowski, about court orders and the status of the Stroz subpoena, with the goal of obstructing Waymo's expedited third party discovery.  Defendants appear to be "coordinating" with Mr. Levandowski in order to delay as late as possible the date when Mr. Levandowski (who has known about the Stroz subpoena since May 10, and whose counsel was present during the May 25 hearing when Magistrate Judge Corley ruled that Waymo could pursue third party discovery with its expedited document requests) moves to intervene to attempt to quash the subpoena.  Instead of timely seeking relief to protect any purported interests in documents responsive to Waymo's subpoena - i.e., sufficiently in advance of the May 25 response date so that any disputes are resolved without delaying Stroz's production of the expedited discovery requests – counsel for Defendants and for Mr. Levandowski are only now indicating that they will, at some future date, initiate motion practice on this issue.  The coordination underlying this latest delay tactic is demonstrated by, among other things, the fact that Defendants and Mr. Levandowski purport to still have a common interest and joint defense privilege protecting their communications, despite the fact that Defendants claim to have fired Mr. Levandowski last week.  Waymo again reserves all rights, and will be bringing these issues to the Court's attention for relief at the appropriate time.

We would like to discuss these issues, as well as the issues raised in our email to Mr. Brown, on tomorrow morning's call.  We also look forward to learning Mr. Levandowski's position on the extent to which Stroz document request Nos. 3 and 30 do and do not seek documents that "touch[] upon any materials provided by Mr. Levandowski to Stroz in connection with the common-interest privileged due diligence effort."

Thank you,
James

---

**From:** David Perlson
**Sent:** Wednesday, May 31, 2017 10:03 AM
**To:** Ray, Wendy J. <WRay@mofo.com>; Miles Ehrlich <miles@ramsey-ehrlich.com>; John Cooper <JCooper@fbm.com>;

James Judah <jamesjudah@quinnemanuel.com>
**Cc:** Gonzalez, Arturo J. <AGonzalez@mofo.com>; Ismail Ramsey <izzy@ramsey-ehrlich.com>; Neel Chatterjee <nchatterjee@goodwinlaw.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; QE-Waymo <qewaymo@quinnemanuel.com>; MCate@fbm.com; Schuman, Brett (BSchuman@goodwinlaw.com) <BSchuman@goodwinlaw.com>; SBrun@goodwinlaw.com; rwalsh@goodwinlaw.com
**Subject:** RE: Waymo v. Uber: Stroz Friedberg Subpoena

John,

In addition to Defendants' obfuscation, now Mr. Levandowski and his counsel are seeking to interfere and delay the Stroz subpoena.  Incredibly, Mr. Levandowski's counsel states "We now understand that Waymo is taking a position contrary to what we had been told, and that the Court may be allowing Waymo to move forward imminently with expedited third-party discovery, possibly including document requests directed to Stroz."   Yet, Mr. Levandowski's counsel participated and argued extensively in the same hearing where the Court stated third party discovery would go forward:

8 By the way, before I forget, with respect to that
9 discovery letter, the expedited discovery can include
10 third-party discovery. If you want to use your limited numbers
11 on that, then so be it. I discussed that with Judge Alsup.

5/25/2017 Hearing Tr., 60:8-11

Moreover, Mr. Levandowski's counsel is now affirmatively relying on communications with Uber's counsel, saying they "had been told several times by Uber's counsel that the Stroz subpoena had been stayed, and that no action was imminent on this front - at least until the motion to compel the due diligence report (and the associated privilege questions) had been resolved by Judge Corley."

We would like clarity on the call this morning as to whether Mr. Levandowski and Defendants continue to assert any common interest privilege, especially after his purported "termination."  And further, if so, what the common interest is and under what agreement.  We would like to discuss the same regarding the supposed common interest between Stroz and Defendants, and whether that common interest supposedly extends to Mr. Levandowski and his counsel as well.

David


Waymo does not oppose counsel for Mr. Levandowski joining tomorrow's call, although we reserve all rights regarding our position on the intended motion to intervene and to quash the Stroz subpoena.


**From:** Ray, Wendy J. [mailto:WRay@mofo.com]
**Sent:** Tuesday, May 30, 2017 10:36 PM
**To:** Miles Ehrlich <miles@ramsey-ehrlich.com>; John Cooper <JCooper@fbm.com>; James Judah <jamesjudah@quinnemanuel.com>
**Cc:** Gonzalez, Arturo J. <AGonzalez@mofo.com>; Ismail Ramsey <izzy@ramsey-ehrlich.com>; Neel Chatterjee <nchatterjee@goodwinlaw.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; QE-Waymo <qewaymo@quinnemanuel.com>; MCate@fbm.com;

Schuman, Brett (BSchuman@goodwinlaw.com) <BSchuman@goodwinlaw.com>; SBrun@goodwinlaw.com; rwalsh@goodwinlaw.com
**Subject:** RE: Waymo v. Uber: Stroz Friedberg Subpoena

+all others on earlier chain per Miles' request.

---

**From:** Miles Ehrlich [mailto:miles@ramsey-ehrlich.com]
**Sent:** Tuesday, May 30, 2017 9:26 PM
**To:** John Cooper; jamesjudah@quinnemanuel.com
**Cc:** Gonzalez, Arturo J.; Ray, Wendy J.; Ismail Ramsey; Neel Chatterjee
**Subject:** Re: Waymo v. Uber: Stroz Friedberg Subpoena

**Special Master Cooper and Mr. Judah:**

We just learned this evening that a meet-and-confer is being scheduled for tomorrow morning regarding the status of Waymo's subpoena to third-party Stroz Friedberg. Given the important rights at stake for Mr. Levandowski, we ask permission to join this call to make our position clear.

As a non-party, we have not been privy to the communications flowing between the parties in this case. Nevertheless, we had been told several times by Uber's counsel that the Stroz subpoena had been stayed, and that no action was imminent on this front—at least until the motion to compel the due diligence report (and the associated privilege questions) had been resolved by Judge Corley.

We now understand that Waymo is taking a position contrary to what we had been told, and that the Court may be allowing Waymo to move forward imminently with expedited third-party discovery, possibly including document requests directed to Stroz.

Thus, we are writing immediately to advise the parties that, if Waymo is permitted to move forward with a subpoena to Stroz, **non-party Anthony Levandowski intends to move to intervene and file a motion to quash this subpoena**, to the extent the subpoena touches upon any materials provided by Mr. Levandowski to Stroz in connection with the common-interest privileged due diligence effort.

In short, to the extent any such materials exist, they belong to Mr. Levandowski. He never transferred ownership or control over them to Stroz or Uber, and he has a Fifth Amendment right under *Hubbell* (and under *Fisher,* as this right is extended through the attorney-client privilege) not to be forced to produce any documents that could furnish a link in the chain of incrimination. Finally, we may raise other appropriate legal objections, once we have an opportunity to review the requests propounded in any amended subpoena to Stroz.

Thank you for your consideration.

(And James or Wendy, would it be possible for you to forward this email to all the other members of the chain? I wasn't able to see all the email addresses or use the defined email groups. Thank you).

Best regards,

Miles Ehrlich & Izzy Ramsey
*Counsel to Non-Party Anthony Levandowski*

---

**From:** John Cooper [mailto:JCooper@fbm.com]
**Sent:** Tuesday, May 30, 2017 8:23 PM
**To:** Ray, Wendy J.
**Cc:** James Judah; Andrea P Roberts; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); nchatterjee@goodwinlaw.com; bschuman@goodwinlaw.com;

4

sbrun@goodwinlaw.com; rwalsh@goodwinlaw.com; QE-Waymo; Matthew Cate
**Subject:** Re: Waymo v. Uber: Stroz Friedberg Subpoena


- External Email -

We will arrange a call in the morning at 10:30, call in number 888 759 6039 with access number 415 954 4410.  Talk with you then.


John

John L. Cooper

Farella Braun + Martel LLP

Direct: 415 954 4410

jcooper@fbm.com


On May 30, 2017, at 8:17 PM, Ray, Wendy J. <WRay@mofo.com> wrote:

> John,
>
> We are happy to discuss at your convenience.  At bottom, however, we have not obfuscated.  It is Waymo's obligation to update its subpoena, and there is a proper process for that, which Waymo did not use.  Waymo cannot complain that it received no response when it never informed the third party that one was due.
>
>
> Wendy
>
>
> **From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
> **Sent:** Tuesday, May 30, 2017 7:51 PM
> **To:** Ray, Wendy J.; John Cooper
> **Cc:** Andrea P Roberts; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); nchatterjee@goodwinlaw.com; bschuman@goodwinlaw.com; sbrun@goodwinlaw.com; rwalsh@goodwinlaw.com; John Cooper; QE-Waymo
> **Subject:** RE: Waymo v. Uber: Stroz Friedberg Subpoena
>
>
> John,

5

We would like to discuss this in a call tomorrow morning.

This is another example of obfuscation by Defendants that we will need to promptly raise before Magistrate Judge Corley.  Incredibly, they are complaining that we did not communicate certain things to Stroz.  Yet, at the same time, they are (1) refusing (as they have been) to provide any information regarding who we were supposed to be communicating with, (2) saying they have not even bothered to try to figure that out, (3) refusing to say whether they have already communicated the very same information to Stroz they say we were supposed to communicate, and (4) refusing to provide any communications with Stroz on the very same subject they asked us to provide documents on less than 90 minutes ago.

James

**From:** Ray, Wendy J. [mailto:WRay@mofo.com]
**Sent:** Tuesday, May 30, 2017 7:12 PM
**To:** James Judah <jamesjudah@quinnemanuel.com>
**Cc:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; nchatterjee@goodwinlaw.com; bschuman@goodwinlaw.com; sbrun@goodwinlaw.com; rwalsh@goodwinlaw.com; John Cooper <JCooper@fbm.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Re: Waymo v. Uber: Stroz Friedberg Subpoena

James,

We believe you should at least have provided notice by serving an amended subpoena with those two requests, making clear they were permitted to be expedited, so that Stroz was on notice. Communications, to the extent there were any (I have not investigated), would be joint defense privileged and we would not provide them.

Wendy

On May 30, 2017, at 6:56 PM, James Judah <jamesjudah@quinnemanuel.com> wrote:

- External Email -

Wendy,

As I said, we don't know who to contact at Stroz so we have had no communications with them subsequent to service of the subpoena. But you did not answer my other questions – did Defendants or their counsel have communications with Stroz regarding the subpoena or the timing or scope thereof? And if so, will you provide those communications?

Best,

James

---

**From:** Ray, Wendy J. [mailto:WRay@mofo.com]
**Sent:** Tuesday, May 30, 2017 6:44 PM
**To:** James Judah <jamesjudah@quinnemanuel.com>
**Cc:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; nchatterjee@goodwinlaw.com; bschuman@goodwinlaw.com; sbrun@goodwinlaw.com; rwalsh@goodwinlaw.com; John Cooper <JCooper@fbm.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber: Stroz Friedberg Subpoena

James,

My question is whether Waymo ever provided notice to Stroz that it wanted to proceed with two expedited requests. We are unaware of any such notice to Stroz. We do not know who represents Stroz.

Wendy

---

**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Tuesday, May 30, 2017 6:41 PM
**To:** Ray, Wendy J.
**Cc:** Andrea P Roberts; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); nchatterjee@goodwinlaw.com; bschuman@goodwinlaw.com; sbrun@goodwinlaw.com; rwalsh@goodwinlaw.com; John Cooper; QE-Waymo
**Subject:** RE: Waymo v. Uber: Stroz Friedberg Subpoena

7

- External Email -

Wendy –

We did not hear anything from Stroz regarding the subpoena.  Nor do we even know who represents Stroz, which is why we asked that question from Defendants below (and repeatedly before).  I don't understand why you cannot provide a direct response to even that simple question.

Further, did Defendants or their counsel have communications with Stroz regarding the subpoena or the timing or scope thereof?  If so, please provide those communications.

Best,

James

**From:** Ray, Wendy J. [mailto:WRay@mofo.com]
**Sent:** Tuesday, May 30, 2017 6:22 PM
**To:** James Judah <jamesjudah@quinnemanuel.com>
**Cc:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; nchatterjee@goodwinlaw.com; bschuman@goodwinlaw.com; sbrun@goodwinlaw.com; rwalsh@goodwinlaw.com; John Cooper <JCooper@fbm.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Re: Waymo v. Uber: Stroz Friedberg Subpoena

James,

Did Waymo notify Stroz that Judge Corley permitted the two expedited requests? If so, please provide that notice.

Wendy

Wendy J. Ray

Morrison & Foerster LLP

8

707 Wilshire Blvd., Ste. 6000

Los Angeles, CA 90017-3543

213-892-5446

On May 30, 2017, at 3:56 PM, James Judah <jamesjudah@quinnemanuel.com> wrote:

**- External Email -**

John and Counsel –

Waymo's subpoena duces tecum (the "Subpoena") to Stroz Friedberg was served on May 10.  (See attached Proof of Service.)  The Subpoena's response date, May 25, was last Thursday.  Stroz failed by that date to serve written objections, move to quash, or move for a protective order as to any portion of the Subpoena, including to the two reasonably narrow requests (Nos. 3 and 30) that Waymo designated as expedited discovery requests:

> No. 3: All agreements between YOU and any PERSON REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, or the MISAPPROPRIATED MATERIALS.

> No. 30: Any "original materials provided by Client or Uber or Ottomotto, to Stroz Friedberg" (referenced in Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit D).

(5/22/2017 Roberts email ("Stroz Friedberg should respond to these two requests by the subpoena return date.").)  To date, Stroz has **still** not served written objections.  Nor has Stroz at any point attempted to meet and confer with Waymo regarding an extension.

Stroz has waived any objections, including privilege, to document request Nos. 3 and 30 as a result of its failure to serve timely objections.  Fed.R.Civ.P. 45(d); *United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) ("Failure to serve timely objections waives all grounds for objection, including privilege.").

Stroz's failure to obey the Subpoena is particularly egregious because Stroz is in close coordination with Defendants and their counsel, acting as their agent both in the preparation of the Due Diligence Report

9

and in connection with document collection and forensic analysis in this litigation.  For this reason, Defendants' assertion that they "have no idea" who represents Stroz in connection with the Subpoena is not credible, and appears to be just the latest maneuver in Defendants' "relentless concealment of likely probative evidence, both documentary and testimonial, from Waymo's view."  (Dkt. 433.)

Waymo intends to move to enforce the subpoena and compel production of all documents responsive to Request Nos. 3 and 30.  We request a meet and confer with the Special Master tomorrow morning so that Waymo can seek appropriate relief from Magistrate Judge Corley as soon as possible.   We also request that Defendants inform us who, if not any of Defendants' counsel of record, represents Stroz in connection with the Subpoena.

Best,

James

**From:** Andrea P Roberts
**Sent:** Monday, May 22, 2017 2:05 PM
**To:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; nchatterjee@goodwinlaw.com; bschuman@goodwinlaw.com; sbrun@goodwinlaw.com; rwalsh@goodwinlaw.com
**Cc:** John Cooper <JCooper@fbm.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Waymo v. Uber: Stroz Friedberg Subpoena

Counsel,

Following up on our May 19 meet and confer, as part of Waymo's expedited discovery, Stroz Friedberg should respond to Request Nos. 3 and 30 in the Subpoena served by Waymo, set forth below:

No. 3: All agreements between YOU and any PERSON REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, or the MISAPPROPRIATED MATERIALS.

No. 30: Any "original materials provided by Client or Uber or Ottomotto, to Stroz Friedberg" (referenced in Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit D).

Stroz Friedberg should respond to these two requests by the subpoena return date.  We will follow up with the remainder of the subpoena during normal discovery.

We have on multiple occasions asked Defendants' counsel if they represent Stroz Friedberg for the purpose of responding to the subpoena.  We have not received a response.  Please provide an answer.

Thanks,

Andrea

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

<POS 106109.pdf>

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

Wendy J. Ray

Morrison & Foerster LLP

707 Wilshire Blvd., Ste. 6000

Los Angeles, CA 90017-3543

213-892-5446

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

_____

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP



================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.