QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa J. Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br>　　v.<br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S RESPONSE TO DEFENDANTS' STATEMENTS REGARDING PRIVILEGE** |

Per the Court's Orders (Dkts. 438 & 447), Plaintiff Waymo LLC ("Waymo") respectfully submits this response to Defendants' respective Statements Regarding Privilege.

On May 15, 2017, in advance of the Case Management Conference, the Court issued an order that, to avoid "discovery prejudice and waste of resources," Defendants were required to "file a written statement by June 1 at noon setting forth any waiver of privilege on pain of preclusion thereafter." (Dkt. 438.) The order directed Waymo to respond to Defendants' statement by June 5 at noon. (*Id.*) On May 16, 2017, the Court supplemented the Order, stating that "[i]n their respective submissions, both sides should also address what, if anything, should be said to the jury about subjects covered by any claim of privilege upheld as valid and not waived by defendants." (Dkt. 447.) On June 1, Defendants filed their respective statements. (Dkt. 531 (Uber/Ottomotto); Dkt. 532 (Otto Trucking).) Below, Waymo provides its response.

**1.    Defendants' Refusal To Waive Privilege Justifies Broad Preclusion**

In their Statement, Defendants confirm they "do not intend to waive any privileges that they have asserted, or will assert," in this litigation. (Dkt. 531 at 1; Dkt. 532 at 1.) Assuming the asserted privileges are valid and not already waived in the first place,[1] that is Defendants' right. But, as the Court recognized, in order to avoid "discovery prejudice and waste of resources," exercising that right should result in preclusion on related subject matter. (Dkt. 438; *see also id.* ("defendants shall file a written statement . . . setting forth any waiver of privilege ***on pain of preclusion thereafter***").)

"[T]he attorney-client privilege cannot be used as a sword as well as a shield." *Regents of Univ. of Cal. v. Micro Therapeutics, Inc.*, Case No. C-03-05669-JW, 2007 WL 2069946, at *2 (N.D. Cal. July 13, 2007), *quoting In re von Bulow*, 828 F.2d 94, 103 (2d Cir. 1987). Thus, where a party asserts privilege over a particular subject matter, it is appropriate for the Court to preclude the litigant from later waiving the privilege or offering evidence on related subject matter.

---

[1] Nothing in this Response should be construed as an admission regarding the validity of any privilege claim over any information or materials, including the Stroz due diligence materials. As discussed elsewhere, Waymo believes that the Stroz materials are fully discoverable and should be produced without further delay.

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*, Case No. 12-cv-00329-AG , 2014 WL 8096334, at *8 (C.D. Cal. Apr. 21, 2014) (noting that where plaintiff previously asserted attorney-client privilege over certain subjects, "[c]ertainly Plaintiff cannot now provide answers to those questions"); *U.S. Rubber Recycling, Inc. v. ECORE Int'l, Inc.*, Case No. CV 09-09516 SJO, 2011 WL 13127343, at *8 (C.D. Cal. Oct. 5, 2011) (requiring defendant to assure the Court that it was not relying on an opinion of counsel defense); *Edward Lowe Indus., Inc. v. Oil–Dri Corp. of America,* Case No. 94-C-7568, 1995 WL 609231, at *5 (N.D. Ill. 1995) ("[B]y waiting until after the close of discovery to waive its attorney-client privilege, it was precluded from asserting an advice of counsel defense.")

Here, Defendants claim that they do not intend to waive any privileges, but rather "will defend against Waymo's assertions of trade secret misappropriation by presenting non-privileged facts at trial . . . ." (Dkt. 531 at 1.)  But, in this case, Defendants have routinely sought to selectively rely on "facts" that they view as helpful to them, while hiding—through redactions or otherwise—related "facts" they view as harmful on ground of alleged privilege.

For example, in opposition to Waymo's Motion To Compel Due Diligence Materials, Defendants submitted declarations that characterized the Uber/Ottomotto acquisition while withholding the actual acquisition documents until they were prodded to produce them multiple times by the Court.  (*See* Dkt. 444 at 7-12.)  Even then, Defendants selectively redacted information in the acquisition Term Sheet—by definition, negotiated at arms' length—which the Magistrate Judge immediately found improper.  (5/25 Hr'g Tr. at 23:7-13, 25:20-26:10, 28:17-23.)

As another example, Defendants initially withheld and logged as privileged a document governing the disclosure of information from Mr. Levandowski to Stroz Friedberg, LLC ("Stroz"). But then, when they viewed it as becoming necessary, Defendants suddenly reversed course and started relying on the very same withheld contract to support its positions in this case. Specifically, after the Court issued its preliminary injunction ordering Defendants to exercise their full authority to return Waymo's stolen materials (Dkt. 433 at 23 ¶ 2(b)), Defendants began justifying their refusal to ask their agent Stroz to return stolen materials in its possession based on the

Levandowski/Stroz contract, claiming that Mr. Levandowski submitted information to Stroz under "very tight restrictions." (*See* Dkt. 545.) Then, within *two hours* of submitting their statements claiming that they did not intend to waive any privileges, Defendants sought to bolster their claims that they lacked the authority to control Stroz by producing a heavily redacted copy of the Levandowski-Stroz letter—that that they had previously withheld in its entirely as privileged—as evidence of the "tight restrictions." (*Id.*) Waymo *still* does not have a fully unredacted version of the contract between Levandowski and Stroz, over which even Mr. Levandowski has not asserted any privilege. (*Id.*)

This sort of conduct has become routine in this litigation: Defendants withhold documents on all sorts of grounds—including privilege—until they suddenly need them to support a new position they are taking, then they claim that they need more time to think through the privilege issues and discuss those issues with their clients, and then (well after they were supposed to) they produce previously withheld documents exposing only the "facts" they need while redacting the facts that they still wish to conceal. Defendants cannot "present[] non-privileged facts at trial" after preventing full discovery about those facts on privilege grounds. Defendants have now affirmatively chosen to rely on asserted privileges that obscure discovery into nearly any manner of defense in this case; Defendants will need to be held strictly to the consequences of that choice.

Especially in light of Defendants' practice of offering piecemeal evidence they previously claimed as privileged when it suits them, the Court should strictly preclude Defendants from offering evidence on any subject for which they are standing on privilege, and that preclusion should be as broad as Defendants' own vague assertions in their privilege logs. As just one example, Defendants should not be entitled to claim that they reasonably tried to prevent or had any manner of success in preventing Mr. Levandowski from bringing stolen materials to Uber, given that they have cloaked the details of any such efforts under a claim of privilege. *Universal Elecs.*, 2014 WL 8096334 at *8; *U.S. Rubber Recycling*, 2011 WL 13127343 at *8; *Edward Lowe Indus.*, 1995 WL 609231 at *5.

**2.    The Jury Is Entitled To Hear Evidence Of Defendants' Privilege Claims**

Defendants allege that Waymo should be forbidden from entering or eliciting any evidence whatsoever regarding their privilege assertions. The law, however, does not support this position. In *GSI Tech., Inc. v. United Memories, Inc.*, Case No. 5:13-cv-01081-PSG, 2016 WL 3035699, at *11 (N.D. Cal. May 26, 2016), for example, the defendant played a video clip of the plaintiff's attorney instructing a fact witness not to answer a question on the grounds of attorney-client privilege. *Id.* at *11. The Court rejected the argument that this was inappropriate, holding that the plaintiff failed to cite any cases "holding that evidence of the assertion of the privilege causes a jury to draw an adverse inference."

Waymo contends that evidence of Defendants' fact witnesses invoking the various privileges asserted should not be barred, and the Court should allow such evidence to be admitted where necessary to provide context or educate the jury as to why certain categories of evidence have not been presented. *See, e.g.*, *United California Bank v. Prudential Ins. Co. of Am.*, 681 P.2d 390, 445-448 (Ariz. Ct. App. 1983) (affirming trial court's ruling that "if they can't get the evidence in, I think the jury has a right to know why they can't get the evidence in"); *see also Commonwealth v. Simms*, 521 A.2d 391, 395 (Pa. 1987) ("Forcing that witness to invoke the statutory privilege in the presence of the jury in no way undermines the underlying policy supporting that privilege.").

Waymo's ability to allude to Defendants' assertion of privilege is particularly critical in this case given the scope, breadth, and centrality of Defendants' privilege assertions. Defendants are withholding ***thousands*** of communications among a variety of players in the underlying events regarding one of the most central issues in the case—Uber's acquisition of Otto—relying on boilerplate assertions in their privilege log that are so vague and broad they are essentially meaningless. This, of course, is resulting in the concealment of key evidence in this case. (*See* Dkt. 433 at (noting that Defendants' "extensive claims of privilege" have resulted in "relentless concealment of likely probative evidence").) Thus, to avoid misleading the jury, it is relevant and proper for Waymo to allude to Defendants' assertion of privilege over, for example, the

acquisition materials, communications between Uber and Otto, and reports on due diligence that would otherwise potentially be key evidence in the case. The mere existence of this supposedly privileged information is not itself privileged information.

Recognizing this principle, courts around the country have held that it is appropriate to enter an opponent's privilege log into evidence under appropriate circumstances. *See, e.g., Siemens v. Seagate Tech.*, Case No. No. SACV 06-788JVS (ANx), 2009 WL 8762978, at *7-8, *9 (C.D. Cal. Apr. 27, 2009) (admitting privilege logs into evidence where fact of communication itself was relevant to issue of alleged diligence and/or unreasonable delay—"the Court finds that there was no error in admitting the IBM privilege logs."); *University of Pittsburgh v. Varian Medical Systems, Inc.*, 877 F. Supp. 2d 294, 307-08 (W.D. Pa. 2012) (defendant's privilege log properly admitted into evidence as a part of the totality of circumstances in patent infringement case), *rev'd on other grounds by* 561 Fed. Appx. 934 (Fed. Cir. 2014); *Mutual Ins. Co. v. Murphy*, 630 F. Supp.2d 158, 168 n. 3 (D. Mass. 2009) (noting that a party's privilege log can be admissible as an admission of a party opponent). Thus, especially under the circumstances of this case, where Defendants' claims of privilege go to the heart of the misappropriation and liability issues in question, evidence of Defendants' privilege assertions should be admissible.

Furthermore, where an assertion of privilege results in the absence of information regarding a relevant subject, the opposing party is entitled to comment on the lack of evidence. For example, where a defendant seeks legal advice on a relevant issue and then decides to withhold evidence on that issue on grounds of attorney-client privilege, the plaintiff is entitled to point to the absence of evidence and argue to the jury that defendant's failure to produce such evidence is relevant to state of mind and liability. *See, e.g.*, *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, Case No. 10-cv-10578, 2016 WL 4396085, at *5, *6-7 (E.D. Mich. Aug. 18, 2016) ("Evidence of an alleged infringer's failure to produce an opinion of counsel is nonetheless relevant to a determination of the 'totality of circumstances' that inform a finding (or not) of willfulness.") (quoting *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008)); *Retractable Techs. Inc. v. Becton, Dickinson and Co.*, No. 07-cv-250, 2009 WL 8725107 (E.D.

Tex. Oct. 8, 2009) (holding that defendant's decision not to waive privilege over an opinion of counsel left defendant 'in essentially the same position that it would be in had it not obtained any opinion of counsel at all,' and that plaintiff was therefore entitled to enter evidence of defendant's failure to seek opinion of counsel letter).  Applying this rule to the present case, Defendants' decision to maintain privilege over (for example) any efforts that they may have made to prevent Mr. Levandowski from bringing privileged materials to Uber will likely result in an *absence* of evidence regarding this subject.  Waymo is certainly allowed to comment on this absence of evidence, even if the reason for this absence of evidence stems from Defendants' invocation of privilege.

Finally, while Defendants are correct that courts generally do not instruct a jury to draw an adverse inference from the mere invocation of the attorney-client or work product privileges, Defendants are incorrect in asserting that the Court must take prophylactic steps to make Defendants' assertion of the privilege costless—especially where the privilege is asserted to cover information disclosed to all manner of witnesses but then used to prevent Waymo and the jury from discovering critical facts about the key issues in this case.  As noted above, if Defendants assert privilege over, for example, a due diligence investigation into the theft of stolen materials, then Waymo is entitled to point to the absence of evidence in the record regarding such investigation and ask the jury to make any number of inferences, including that Defendants knew, should have known, or were reckless with respect to Anthony Levandowski's theft of Waymo's trade secrets.  Moreover, it is permissible and even appropriate to allow Waymo to force Defendants' fact witnesses to assert the privilege in the presence of the jury if circumstances at trial indicate that this is necessary for context or to educate the jury as to why certain evidence is not being presented.  *E.g.*, *GSI Tech.*, 2016 WL 3035699 at *11.

### 3. Appropriate Jury Instruction.

Ultimately the issue of an appropriate jury instruction should be considered in light of how the evidence unfolds at trial.  At a minimum, however, Waymo contends that a starting point for an appropriate jury instruction would include an instruction to the jury that the absence of

evidence regarding Defendants' efforts to avoid the use of Waymo's confidential, propriety, and trade secret information given the circumstances of this case may be considered as part of the "totality of circumstances" in evaluating whether Defendants misappropriated Waymo's information. *Compare Broadcom*, 543 F.3d at 698. If the jury is so instructed, and the record lacks evidence of Uber's due diligence efforts or consultation with attorneys because of its assertion of privilege, then Defendants cannot be heard to complain. *Visteon Global Techs.*, 2016 WL 4396085 at *5.

DATED: June 5, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/Charles K. Verhoeven*
   Charles K. Verhoeven
   Attorneys for WAYMO LLC