UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., et al., <br><br> Defendants. | Case No. 17-cv-00939-WHA   (JSC) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 444, 458, 510, 523 |

Discovery in this action has been referred to the undersigned magistrate judge. The parties have sought to file portions of their discovery related motions and exhibits thereto under seal. This Order addresses the parties' administrative motions to file under seal filed in connection with Plaintiff Waymo LLC's motion to compel production of withheld documents. (Dkt. No. 321.) After carefully considering the parties' submissions, the motions are GRANTED in part and DENIED in part for the reasons set forth below.

## DISCUSSION

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. [Federal Rule of Civil Procedure] 26(c) authorizes a district court to override this presumption where 'good cause' is shown."

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79–5(a). A party must "narrowly tailor" its request to sealable material only. *Id.*

Plaintiff filed three administrative motions to seal in connection with the motion to compel. (Dkt. Nos. 444, 458, 523.) For each motion, Plaintiff seeks sealing of documents designated as confidential by Defendant Uber. Under Civil Local Rule 79-5(e)(1) Defendant was therefore required within "4 days of the filing of the Administrative Motion to File Under Seal... [to file] a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Defendant has also filed a motion to seal. (Dkt. No. 510.)

**A.   Plaintiff's Reply Brief and Exhibits thereto (Dkt. No. 444)**
**Defendant's Motion to Seal the Term Sheet (Dkt. No. 510)**

Plaintiff filed an administrative motion to file under seal portions of its Reply in Support of its Motion to Compel Production of Withheld Documents ("Reply Brief) and Exhibits 9-11 of the Declaration of Patrick Schmidt ("Schmidt Decl."). (Dkt. No. 444.) Exhibit 9 is the February 22, 2016 Term Sheet (Dkt. No. 444-5), Exhibit 10 is an "Indemnification Agreement" (Dkt. No. 444-6), and Exhibit 11 is entitled Exhibit A "Post-Signing Specified Bad Acts." (Dkt. No. 444-7.) Defendant submitted a declaration in support of the request for sealing arguing that portions of the Reply and Exhibit 9, as well as the entirety of Exhibits 10 and 11, contain highly sensitive business information that Uber's competitors could use to its detriment. (Dkt. No. 488 at 2-3[1].) Defendant argues that if such information were made public, Uber's competitive standing could be harmed. (*Id.*) In addition, Defendant argues that portions of Exhibit 9 discuss Uber's propriety designs and market strategy information. (*Id.* at 3.)

Following the hearing on Plaintiff's motion to compel, the Court Ordered Defendant to file an unredacted version of the February 22, 2016 Term Sheet. (Dkt. No. 509.) Defendant has done so and seeks leave to file the entire document under seal, even though it did not seek to seal the entire

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1 document in connection with Plaintiff's Reply Brief.  (Dkt. Nos. 488, 510.)  Defendant contends that
2 sealing is appropriate because the Term Sheet "contains non-public, highly confidential
3 information relating to acquisition agreements of Uber, including highly confidential business
4 information relating to Uber's (a privately held corporation) corporate structure and highly
5 confidential information relating to terms of the agreements."  (Dkt. No. 510 at 2.)  Defendant
6 argues that this information "could be used by competitors to Uber's detriment, including in the
7 context of negotiating business deals."  (*Id*.)  Finally, Defendant argues that the Term Sheet
8 "discusses Uber's proprietary and highly confidential designs for Uber's custom LiDAR system
9 and Uber's detailed market strategy information," and that if such information were available to
10 the public, "Uber's competitive standing could be significantly harmed."  (*Id*.)

At a minimum, the Court will not seal the portions of the Term Sheet that Uber did not seek to seal in connection with Waymo's Reply Brief, as those portions of the Term Sheet are already public.  (Dkt. No. 488-1.)  To the extent Uber seeks to seal these previously disclosed portions, the motion is DENIED.

In addition, the Court has reviewed the Term Sheet and concludes that it contains some confidential business information for which sealing is appropriate; however, Exhibit C to the Term Sheet is squarely relevant to the issues presently before the Court and Uber has not demonstrated good cause to seal the exhibit.  This information does not reveal Uber's confidential corporate structure, is not marketing strategy, and is not technical.  And Defendant's declaration in support of sealing does not explain how any of the information in Exhibit C could be used by Uber's competitors in the context of negotiating business deals.

Accordingly, the Court:

1.  DENIES sealing of any portion of the Term Sheet which Uber previously publicly filed (Dkt. No. 488-1);

2.  DENIES sealing of Exhibit C to the Term Sheet and its Attachments except for the following which may be sealed: (1) the indented paragraph on page 2 beginning with "If the Closing occurs . . . ." (Dkt. No. 510-3 at 51); and (2) the timing referenced in the last paragraph on the same page;

1          3.   GRANTS sealing of the remainder of the Term Sheet; and

2          4.   DENIES sealing of Exhibits 10 and 11 and the redacted portions of the Reply brief.

### B. Plaintiff's May 17, 2017 Letter Brief and Exhibit 1 thereto (Dkt. No. 458)

Plaintiff also filed a motion to file under seal portions of its May 17, 2017 letter brief opposing Defendants' Request to File a Sur-Reply in Opposition to Waymo's Motion to Compel ("Letter Brief") and Exhibit 1 thereto. (Dkt. No. 458.) Defendant filed a declaration in support of Plaintiff's administrative motion arguing that portions of these documents contain confidential, sensitive business information that could be used to Uber's detriment by its competitors. (Dkt. No. 489.) The confidential business information refers to the same "bad acts" indemnification that the Court declines to seal in connection with the February 22, 2016 Term Sheet. The motion to seal is therefore DENIED.

### 3) Plaintiff's Supplemental Brief in Support of the Motion to Compel (Dkt. No. 523)

Plaintiff filed an administrative motion to file under seal portions of its Supplemental Brief in Support of its Motion to Compel Production of Withheld Documents ("Supplemental Brief") and Exhibits 12-13 of the Schmidt Decl. (Dkt. No. 523.) Defendant has not yet filed a declaration in support of sealing and has until June 5 to do so. The Court will therefore address this motion to seal by separate order.

### CONCLUSION

For the reasons stated above, the parties' administrative motions to file under seal are GRANTED in part and DENIED in part. The parties shall file public versions of their briefs and exhibits consistent with this Order by no later than June 12, 2017. *See* N.D. Cal. Civ. L.R. 79-5(f)(3).

This Order disposes of Docket Nos. 444, 458 and 510.

**IT IS SO ORDERED.**

Dated: June 5, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4