

June 5, 2017

The Honorable Jacqueline Scott Corley
United States Magistrate Judge
United States District Court for the Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Waymo LLC v. Uber Technologies, LLC et al.,* Case No. 3:17-cv-00939-WHA

Dear Judge Corley:

      Below please find Defendants Uber Technologies Inc.'s and Ottomotto LLC's (collectively, "Uber") letter brief in opposition to Waymo's motion to compel redacted portions of the March 21, 2016 letter agreement between Stroz Friedberg, LLC ("Stroz") and John Gardner, counsel for Anthony Levandowski (the "Letter Agreement"). Per Uber's agreement with Waymo, and as Special Master Cooper informed the Court, this letter brief is due to be filed at 4 p.m. PT. Shortly before this deadline, the Court issued an order on Waymo's Motion to Compel Production of Withheld Documents (Dkt. 321). Uber is in the process of evaluating that order, which may impact the arguments made herein.

      Sincerely,

      */s/ Karen L. Dunn*

      Karen L. Dunn
      Counsel for Uber Technologies, Inc. and
      Ottomotto LLC

cc: counsel of record; Special Master John Cooper



Waymo's motion to compel production of the Letter Agreement (Dkt. 545-3) ("Mot.") should be denied.

*First*, Waymo is wasting the Court's limited time and resources with a motion that Waymo acknowledges (Mot. 1) is entirely duplicative of its Motion to Compel Production of Withheld Documents (Dkt. 321), which is already pending before this Court. Waymo's request should be denied for this reason alone.

*Second*, Uber is not using the assertion of privileges associated with this document as both a sword and a shield. (Mot. 1.) To invoke the principle against using the privilege as a sword and a shield, it is not sufficient to seek to protect the privilege; a party must also use it as a sword, which has not happened here. To the contrary, on June 1, 2017, Uber produced only *the non-privileged content* of the Letter Agreement after agreeing to do so during a Special-Master supervised meet-and-confer relating to Waymo's subpoena to Stroz.[1] Uber explained multiple times why only the redacted portions of the Letter Agreement are privileged under the attorney-client privilege, work product doctrine, and common interest doctrine. (Dkt. 545-5 (6/2 Hume email; 6/1 Ray email)). A party does not use "attorney-client communications…both as a sword and a shield" where produced documents "did not involve attorney-client privileged communications" in first place. *Marilley v. Bonham*, 2013 WL 896755, at *3 (N.D. Cal. Mar. 8, 2013); *see also Avocent Redmond Corp. v. Rose Elecs., Inc.*, 516 F. Supp. 2d 1199, 1202 (W.D. Wash. 2007) (where redacted attorney invoices did not reveal any privileged content, movant "need not be concerned" that producing party "will effectively use the invoices as both a sword and a shield"). Indeed, that is why parties routinely produce non-privileged portions of documents while redacting privileged portions. *Weiss v. Nat'l Westminister Bank, PLC*, 2008 WL 5115027, at *2 n.2 (E.D.N.Y. Dec. 3, 2008) ("[T]he production of partially redacted documents does not . . . constitute a waiver of any applicable privilege."); *Fed. Deposit Ins. Corp. v. Lowis & Gellen LLP*, 2014 WL 656660, at *6 (N.D. Ill. Feb. 20, 2014) ("L & G has not identified any privileged information disclosed in Katten's invoices which FDIC is using to gain a tactical advantage. . . In fact, L & G complains about the fact that privileged information has been redacted from the invoices. . . . Katten is entitled to produce redacted invoices to support a claim for attorneys' fees while also preserving attorney-client privilege and work-product protection" over those invoices); *The Shinnecock Indian Nation v. Kempthorne*, 652 F. Supp. 2d 345, 365, 368 (E.D.N.Y. 2009) (because privilege holder properly redacted opinion work product while producing non-privileged portions of the same document, there has been "no waiver of the privilege"); *Love v. Permanente Med. Grp.*, 2014 WL 644948, at *3 (N.D. Cal. Feb. 19, 2014).

*Third*, Uber has not violated in any way Judge Alsup's order (Dkt. 438) requiring Defendants to make a submission about any intended waivers of privilege. (Mot. 2.) That order is irrelevant to this motion because, in producing the *non-privileged* portions of the letter, Uber has waived no privileges. Uber's position with regard to the Letter Agreement is consistent with its position in the June 1, 2017 submission. (*See* Dkt. 531.)

*Finally*, the redacted portions of the Letter Agreement remain protected by the attorney-client, work-product, and common-interest doctrine privileges, as explained below and in Uber's

---

[1] Waymo's misleading summary of the conferrals set forth in the third paragraph of its letter with respect to the Stroz subpoena is irrelevant for purposes of this motion. The parties agreed to a briefing schedule with respect to that subpoena, and the Court should not countenance arguments about that subpoena here.



opposition (Dkt. 369) and accompanying evidentiary record and sur-reply (Dkt. 474), all of which are incorporated herein by reference.

Attorney-Client Privilege:  The limited redactions to the Letter Agreement describe the information being requested by Stroz on behalf of counsel for Uber and Ottomotto in order to render legal advice.  It therefore reflects confidential attorney-client communications regarding the purpose of Stroz's engagement, as well as the directions those attorneys gave to Stroz. *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("correspondence … which also reveal[s] the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided…fall within the privilege").

Work Product Doctrine:  Those same redactions also reflect attorney work product in directing Stroz with respect to the conduct of the investigation.  In addition, the redacted "Protocol for Review of Data and Devices" is opinion work product because it "relate[s] to methods for document review and retention [and] discussions regarding how to locate and interpret metadata." *S.E.C. v. Schroeder*, 2009 WL 1125579, at *12 (N.D. Cal. Apr. 27, 2009).  The investigation's scope, including the review protocol, were decided upon and agreed to by all parties and attorneys involved in and directing the Stroz investigation, which included counsel for Uber, Ottomotto, Levandowski, and Lior Ron.  (Dkt. 369 at 9-13.)

Common Interest Doctrine:  Uber, Otto, Levandowski, and Ron shared a common legal interest in defending potential litigation brought by Google arising out of Uber's acquisition of Otto, and MoFo's and OMM's retention of Stroz furthered that purpose.  (Dkt. 369 at 13-17; Dkt. 474 at 1-3.)  The Letter Agreement falls within the scope of this common legal interest,[2] and Waymo's arguments to the contrary fail:[3]

- Waymo argues that there is no common legal interest because Gardner did not retain Stroz with OMM and MoFo.  But the record shows that Gardner (along with MoFo and OMM) directed the scope of the investigation and relied on it in providing his client legal advice.  (Dkt. 381 ¶¶ 6-7, 11.)  And Ottomotto's retention of Stroz would suffice alone, because, as Waymo acknowledges (Mot. 2), the Letter Agreement explicitly states that Levandowski shares a common legal interest with Ottomotto.  (Ex. 3 to Schmidt Decl.)

- Waymo's argument about the date Levandowski joined the common interest agreement fails on the facts:  Gardner viewed his communications with MoFo, OMM, Uber, and Ottomotto as privileged from the outset of his engagement, and his March 22, 2016 email "confirmed" that understanding.  Garder Decl. ¶¶ 4, 9; Stroz Engagement Letter (Dkt. 370-3) (Levandowski, Uber, Ottomotto, and Ron were parties to a common interest agreement).

For the foregoing reasons, Waymo's motion to compel production of redacted portions of the Letter Agreement should be denied.

---

[2] Even if the common interest doctrine did not apply, Waymo would not be entitled to disclosure of any redacted content, as it is all work product.  *See Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 580 (N.D. Cal. 2007) (work product protection is only "waived where disclosure of the otherwise privileged documents is made to a third party, and that disclosure enables *an adversary* to gain access to the information").

[3] Waymo argues that Uber's privilege log is deficient with respect to this document, but in so doing, Waymo omits that the log adequately describes this document as "correspondence between Stroz Friedberg LLC and attorney for A. Levandowski regarding investigation protocol for the Due Diligence Investigation."  (Dkt. 370-4 at 3.)  This argument should be rejected for the reasons stated in Uber's opposition.  (Dkt. 369 at 20-22.)