**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

        Plaintiff,

    v.

UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO
TRUCKING LLC,

        Defendants.

_____/

No. C 17-00939 WHA

**CASE MANAGEMENT ORDER,
REFERENCE TO MAGISTRATE
JUDGE FOR MEDIATION/
SETTLEMENT, AND FURTHER
REFERENCE TO MAGISTRATE
JUDGE FOR DISCOVERY
SUPERVISION**

After a case management conference, the Court enters the following order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1.    All initial disclosures under FRCP 26 must be completed by **JUNE 21, 2017**, on pain of preclusion, including full and faithful compliance with FRCP 26(a)(1)(A)(iii).

2.    Leave to add any new parties or amend pleadings must be sought by **JUNE 22, 2017**.

3.    The non-expert discovery cut-off date shall be **AUGUST 24, 2017**.

4.    The deadline for waiving privilege has already passed.

5.    Subject to the exception in the next paragraph, the last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **AUGUST 24, 2017**. Within **FOURTEEN CALENDAR DAYS** of said deadline, all other parties must disclose any expert reports on the same issue ("opposition reports").  Within **SEVEN CALENDAR**

**United States District Court**
For the Northern District of California

1    **DAYS** thereafter, the party with the burden of proof must disclose any reply reports

2    rebutting specific material in opposition reports.  Reply reports must be limited to true

3    rebuttal and should be very brief.  They should not add new material that should have

4    been placed in the opening report and the reply material will ordinarily be reserved for

5    the rebuttal or sur-rebuttal phase of the trial.  If the party with the burden of proof

6    neglects to make a timely disclosure, the other side, if it wishes to put in expert

7    evidence on the same issue anyway, must disclose its expert report within the fourteen-

8    day period.  In that event, the party with the burden of proof on the issue may then file

9    a reply expert report within the seven-day period, subject to possible exclusion for

10   "sandbagging" and, at all events, any such reply material may be presented at trial only

11   after, if at all, the other side actually presents expert testimony to which the reply is

12   responsive.  The cutoff for all expert discovery shall be **FOURTEEN CALENDAR DAYS**

13   after the deadline for reply reports.  In aid of preparing an opposition or reply report, a

14   responding party may depose the adverse expert sufficiently before the deadline for

15   the opposition or reply report so as to use the testimony in preparing the response.

16   Experts must make themselves readily available for such depositions.  Alternatively,

17   the responding party can elect to depose the expert later in the expert-discovery period.

18   An expert, however, may be deposed only once unless the expert is used for different

19   opening and/or opposition reports, in which case the expert may be deposed

20   independently on the subject matter of each report.  At least **21 CALENDAR DAYS** before

21   the due date for opening reports, each party shall serve a list of issues on which it will

22   offer any expert testimony in its case-in-chief (including from non-retained experts).

23   This is so that all parties will be timely able to obtain counter-experts on the listed

24   issues and to facilitate the timely completeness of all expert reports.  Failure to so

25   disclose may result in preclusion.

26   6.   As to damages studies, the cut-off date for *past damages* will be as of the expert report

27        (or such earlier date as the expert may select).  In addition, the experts may try to

28        project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for

2

**United States District Court**
For the Northern District of California

1 future damages can be met.  With timely leave of Court or by written stipulation, the

2 experts may update their reports (with supplemental reports) to a date closer to the time

3 of trial.

4 7.  At trial, the direct testimony of experts will be limited to the matters disclosed in their

5 reports.  Omitted material may not ordinarily be added on direct examination.

6 This means the reports must be complete and sufficiently detailed.  Illustrative

7 animations, diagrams, charts and models may be used on direct examination only if

8 they were part of the expert's report, with the exception of simple drawings and

9 tabulations that plainly illustrate what is already in the report, which can be drawn by

10 the witness at trial or otherwise shown to the jury.  If cross-examination fairly opens

11 the door, however, an expert may go beyond the written report on cross-examination

12 and/or redirect examination.  By written stipulation, of course, all sides may relax these

13 requirements.  For trial, an expert must learn and testify to the full amount of billing

14 and unbilled time by him or his firm on the engagement.

15 8.  To head off a recurring problem, experts lacking percipient knowledge should avoid

16 vouching for the credibility of witnesses, *i.e.*, whose version of the facts in dispute is

17 correct.  This means that they may not, for example, testify that based upon a review of

18 fact depositions and other material supplied by counsel, a police officer did (or did not)

19 violate standards.  Rather, the expert should be asked for his or her opinion based —

20 explicitly — upon an assumed fact scenario.  This will make clear that the witness is

21 not attempting to make credibility and fact findings and thereby to invade the province

22 of the jury.  Of course, a qualified expert can testify to relevant customs, usages,

23 practices, recognized standards of conduct, and other specialized matters beyond the

24 ken of a lay jury.  This subject is addressed further in the trial guidelines referenced in

25 paragraph 19 below.

26 9.  No summary judgment or further Rule 12 motion may be filed without advance Court

27 approval.  Such approval may be sought by a three-page précis letter explaining the

28 basis and need for the motion.

3

10. The parties shall please meet and confer and agree on a deadline by which plaintiff must make a final determination regarding the exact number and lineup of trade secrets to be tried. The final lineup should consist of less than ten trade secrets, and the deadline should fall on a date in August 2017 that will permit sufficient preparation time for opening expert reports. The parties shall please file a statement with a jointly proposed date for this deadline by **JUNE 16, 2017**.

11. The **FINAL PRETRIAL CONFERENCE** shall be on **SEPTEMBER 27, 2017**, at **2:00 P.M.** Although the Court encourages argument and participation by younger attorneys, lead trial counsel must attend the final pretrial conference. For the form of submissions for the final pretrial conference and trial, please see paragraph 19 below.

12. A **JURY TRIAL** shall begin on **OCTOBER 10, 2017**, at **7:30 A.M.**, in Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102. Although the Court and the parties had previously discussed an October 2 trial date, this order continues that date to October 9 to accommodate Attorney Arturo González's two to three-week trial scheduled to start on September 12 in state court. The Court thanks Attorneys Sylvia Rivera and Esther Chang for the reminder about this scheduling conflict and believes this accommodation fully follows through on the Court's previous promise (*see* Dkt. No. 63 at 17:6–17:17). Beyond this, there are no more promises that any other dates will be moved. The trial schedule and time limits shall be set at the final pretrial conference. Although almost all trials proceed on the date scheduled, it may be necessary on occasion for a case to trail, meaning the trial may commence a few days or even a few weeks after the date stated above, due to calendar congestion and the need to give priority to criminal trials. Counsel and the parties should plan accordingly, including advising witnesses.

13. Counsel may not stipulate around the foregoing dates without Court approval.

14. The Court no longer conducts a claim construction hearing about mid-way through the fact-discovery period. This timing has the distinct disadvantage of requiring abstract rulings without the benefit of a more complete record, thus increasing the risk of a

1      claim construction error and a re-trial (and, for that matter, subsequent second appeal).

2      Instead of a stand-alone claim construction hearing, claim construction will now be

3      done on summary judgment (if allowed) or at trial in settling the jury instructions.

4      In this way, the Court will better understand the as-applied meaning of terms advanced

5      by counsel as claim constructions.

6   15.   The Court realizes that counsel would prefer to go into a trial knowing how the jury

7      will be instructed as to all claims terms, but even under other case management

8      approaches, that preference is rarely attainable.  Postponing claim construction until

9      after the judge has the benefit of the trial evidence or at least the benefit of the

10      summary judgment record is more likely to avoid a mistake in claim construction.

11      Moreover, it is customary in trials of all types for counsel and experts to learn only at

12      the instructions-settling conference near the end of the evidence what instructions will

13      or will not be given.  As is routinely done in non-patent trials, patent trial counsel

14      should adjust their trial plan and their expert presentations to account for the risk that

15      their favored claim constructions will be rejected or modified in the final instructions.

16   16.   The infringement and invalidity procedures of our Patent Local Rules must still be

17      followed, including Rules 3-1 to 3-6, and 4-1 to 4-4 (except that the Court prefers six

18      terms rather than ten).  Claim construction briefs must still be filed under the schedule

19      provided by Rule 4-5 but on summary judgment (if allowed), the pertinent parts of the

20      claim construction briefs shall be extracted out and/or cited as relevant.  As stated

21      above, the claim construction hearing under Rule 4-6 shall occur along with summary

22      judgment (if allowed) or at trial.

23   17.   While the Court encourages the parties to engage in settlement discussions, please do

24      not ask for any extensions on the ground of settlement discussions or on the ground that

25      the parties experienced delays in scheduling settlement conferences, mediation or ene.

26      The parties should proceed to prepare their cases for trial.  No continuance (even if

27      stipulated) shall be granted on the ground of incomplete preparation without competent

28      and detailed declarations setting forth good cause.

**United States District Court**
For the Northern District of California

5

**United States District Court**
For the Northern District of California

18.   To avoid any misunderstanding with respect to the final pretrial conference and trial, the Court wishes to emphasize that all filings and appearances must be made — on pain of dismissal, default or other sanction — unless and until a dismissal fully resolving the case is received.  It will not be enough to inform the clerk that a settlement in principle has been reached or to lodge a partially executed settlement agreement or to lodge a fully executed agreement (or dismissal) that resolves less than the entire case. Where, however, a fully-executed settlement agreement clearly and fully disposing of the entire case is lodged reasonably in advance of the pretrial conference or trial and only a ministerial act remains, the Court will arrange a telephone conference to work out an alternate procedure pending a formal dismissal.

19.   If you have not already done so, please read and follow the "Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup" and other orders issued by the Clerk's office when this action was commenced.  Among other things, the supplemental order explains when submissions are to go to the Clerk's Office (the general rule) versus when submissions may go directly to chambers (rarely).  With respect to the final pretrial conference and trial, please read and follow the "Guidelines For Trial and Final Pretrial Conference in Civil Jury Cases Before The Honorable William Alsup."  All orders and guidelines referenced in the paragraph are available on the district court's website at http://www.cand.uscourts.gov.  The website also includes other guidelines for attorney's fees motions and the necessary form of attorney time records for cases before Judge Alsup.  If you do not have access to the Internet, you may contact Deputy Clerk Dawn Logan at (415) 522-2020 to learn how to pick up a hard copy.

20.   This matter has already been **REFERRED** to **MAGISTRATE JUDGE ELIZABETH LAPORTE** for **MEDIATION/SETTLEMENT**, the Court believing that such a conference would be more effective in settling the present case than any other avenue.

21.   This case has already been **REFERRED** to **MAGISTRATE JUDGE JACQUELINE SCOTT CORLEY** for resolution of all discovery motions.  It is the responsibility of counsel

1    to present discovery issues to Judge Corley in time to be ready for trial on

2    **OCTOBER 9, 2017**.

3    22.    All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3)

4    must be made on the schedule established by said rule.

5

6    **IT IS SO ORDERED.**

7

8    Dated:  June 7, 2017.

     WILLIAM ALSUP
9    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

7