**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

June 8, 2017

Magistrate Judge Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   *Waymo LLC v. Uber Technologies, Inc., et al.*, N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Waymo requests that the Court issue an order compelling third-party Stroz Friedberg, LLC ("Stroz") to produce documents in response to the subpoena (the "Subpoena") (Ex. 1) Waymo served on May 10, 2016 (Ex. 2 (Proof of Service).)

Stroz is the "forensic expert" who was hired "to investigate certain Ottomotto employees who were formerly employed by Waymo, including Levandowski and Lior Ron." (Dkt. 566 at 1.) At least one result of the investigation was a "due diligence" report regarding "Bad Acts," including trade secret misappropriation, of the former Waymo employees. It appears from this and other evidence that Stroz is or was in possession of some or all of the Waymo documents downloaded by Mr. Levandowski. Yet Stroz, Defendants, and Mr. Levandowski are effectively obstructing Waymo's ability to retrieve any of its own documents that are still at Stroz and/or learn what happened to them.

Defendants failed to produce the stolen Waymo files provided by its employee Levandowski to its retained agent Stroz in accordance with the Court's March 16th Expedited Discovery Order. (Dkt. 61 ¶ 4.) Yet, in attempting to establish that the results of the Stroz investigation were its work product, Defendants repeatedly touted Stroz's status as their "agent."[1] (*See* Dkts. 321, 369, 444, & 524.) Then, when the Court granted the Preliminary Injunction, ordering that Defendants must instruct their "agents" to return any Waymo downloaded documents (Dkt. 433 at 23 ¶ 2(b)), Defendants reversed course again suddenly contending that they lacked the authority to direct Stroz in this regard. In fact, Defendants did not even *ask* Stroz to return those materials in response to that Order, claiming that Waymo's proprietary files are somehow Mr. Levandowski's personal property (Dkt. 546-1 (5/31 email from W. Ray).) Meanwhile, Mr. Levandowski has not only asserted his Fifth Amendment rights broadly to avoid doing anything to return the downloaded materials to Waymo, but he has repeatedly sought to prevent *others* from returning those materials—even claiming that the identity of Stroz be shielded from discovery—despite the fact that the Fifth Amendment is a personal privilege that is much more limited than Mr. Levandowski has thus far understood. (Dkts. 151, 371, & 466.)

This constellation of (at times inconsistent) positions by Defendants and by Mr. Levandowski has—even in the face of numerous Court orders—thwarted Waymo's attempt to retrieve its files and/or to understand

---

[1] Stroz was not only Uber's agent in connection with the acquisition but is also Uber's agent in this litigation. (Dkt. 183 ¶ 3 (Faulkner Decl. ISO Defs' Opp. to Mot. for Prelim. Inj.); Dkt. 303 ¶ 3 (Faulkner Decl. ISO Defs' Sur-Reply ISO Opp. to Mot. for Prelim. Inj.).)

what has happened to them. In this context, Waymo served the Subpoena on Stroz on May 10, with a May 25 return date. (Ex. 2.) As discussed further below, the Subpoena requests factual information transmitted to Stroz by Defendants and third parties in addition to information relating to the due diligence investigation. On May 22, Waymo designated Request Nos. 3 and 30 in the Subpoena as "expedited requests" under the Court's Preliminary Injunction Order. After conferences with the Special Master, Stroz agreed to provide Objections and Responses to all of the requests in the Subpoena on June 7 (Ex. 3), and all relevant parties agreed to an omnibus briefing schedule regarding enforcement of the Subpoena.[2]

**The Subpoena**

The Subpoena seeks production of documents in response to 31 requests which, for ease of reference, are grouped into categories by general subject-matter below:

> **Group 1**: Agreements between Stroz and Defendants and/or third parties relating to the downloaded files, the due diligence investigation, or Ottomotto (RFP Nos. 1-5);
>
> **Group 2**: Factual information transmitted between Defendants and Stroz relating to the due diligence investigation (RFP Nos. 9-12 15, 18-19, 29-31);
>
> **Group 3**: Information pertaining to the protocol for investigation carried out by Stroz at the direction of Defendants (RFP Nos. 14);
>
> **Group 4**: Analyses and reports prepared by Stroz for Defendants relating to the downloaded files, the due diligence investigation, Ottomotto, or Waymo (RFP Nos. 6, 7, 13);
>
> **Group 5**: Factual information, including the downloaded files, communicated between Stroz and third-parties such as Mr. Levandowski and his attorneys (RFP Nos. 9-12, 16-17, 20-28)
>
> **Group 6**: Analyses and reports prepared by Stroz for Mr. Levandowski (RFP No. 8).

Stroz served objections to the Subpoena on June 7. (Ex. 3.) Most of the objections are generalized, boilerplate objections, which are improper. *E.E.O.C. v. Safeway Store, Inc.*, Case No. C-00-3155 THE (EMC), 2002 WL 31947153, at *2 (N.D. Cal. Sept. 16, 2002) ("Where, as here, the responding party provides a boilerplate or generalized objection, said "objections are inadequate and tantamount to not making any objection at all."). Additionally, Stroz made clear that *it was not producing any documents in response* to the Subpoena—that is, Stroz would not produce any documents over which Defendants or Third Parties (*i.e.*, Mr. Levandowski) were continuing to claim any privilege and would not produce any documents unless it was expressly authorized to do so by Defendants and other Third Parties (*i.e.*, Mr. Levandowski). Indeed, in response to all 31 Requests, Stroz states:

---

[2] Waymo files this Motion to Compel per the parties' agreed briefing schedule. The deadline for Defendants and Mr. Levandowski to oppose is June 13. Defendants' deadline to file a motion to quash or for protective order is June 9, and Waymo's deadline to file an opposition to such motion is June 15. Mr. Levandowski's deadline to intervene and file a motion to quash or for protective order is June 9, Waymo's deadline to file an opposition to that motion is June 14, and Mr. Levandowski's deadline to reply is June 19.

> Subject to, and without waiving these Specific and General Objections, and *only to the extent it obtains the express written permission of Defendants or Third Persons to do so*, Stroz Friedberg will produce nonprivileged documents responsive to this Request that are *not the subject of an assertion by Defendants or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection*.

(*See generally* Ex. 3 (emphases added).)

Waymo requests that Stroz be compelled to produce documents responsive documents to all 31 requests.

**Argument**

Defendants and Mr. Levandowski are now using Stroz to continue the privilege shell game, to prevent the return of the stolen files, and to prevent Waymo from learning what happened to the stolen files and any excerpts, copies, or summaries thereof. Especially in light of the Order compelling production of the due diligence materials, Stroz must be ordered to account for any stolen materials that were ever in its possession and to produce any and all documents related to those materials, the due diligence investigation, and the other topics described in the Subpoena.

### 1. There is No Dispute the Requests Seek Relevant Information.

The Court has identified "*what Uber knew and when they knew it*" about the downloaded files as an "important issue" and "one of the key issues in the case[.]" (6/7 Hr'g Tr. at 40:8-11; 49:20-22) (emphasis added).) The requests seek information on this precise issue, and neither Stroz nor Defendants have argued otherwise.

### 2. The Requests Are Not Unduly Burdensome or Disproportional to the Needs of the Case.

The requests seek discrete and easily located documents—agreements (Group 1), due diligence reports and analyses (Group 4 and Group 6), materials (such as the downloaded materials) sent by Mr. Levandowski and others to Stroz in connection with the due diligence investigation (Group 2 and Group 5), and communications Stroz has had with Defendants and third parties regarding the due diligence investigation (Group 2 and Group 5). Stroz has not made any particularized showing of burden because there isn't any. Moreover, any minimal burden is vastly outweighed by Waymo's need for discovery on this "important" and "key" issue: what Uber knew about the downloaded files, and when they knew it. (6/7 Hr'g Tr. at at 40:8-11; 49:20-22.)

### 3. The Requests Do Not Seek Privileged Information.

The parties have vigorously litigated whether documents related to the due diligence investigation, including underlying factual material, is protected by any claim of privilege. (*See* Dkts. 321, 369, 444, & 524.) The Magistrate Judge has now found that no privileges apply. (Dkt. 566.) Specifically, the Court has found that no underlying privilege attaches to documents shared between Stroz and third parties such as Mr. Levandowski (*i.e.* Group 5 and Group 6 Requests), because Stroz was neither retained nor working at the direction of Mr. Levandowski at the relevant time. (Dkt. 566 at 7-10.) Additionally, the Court has found the sharing of Stroz documents amongst any combination of Uber, Otto, and Mr. Levandowski (*i.e.* Group 1, Group 2, Group 3, and Group 4 Requests) constitutes waiver of any otherwise applicable claim of privilege because these parties were not communicating pursuant to a common legal interest. (Dkt.

566 at 13-22.) Finally, the Court has found that even to the extent certain factual material may qualify for the work product privilege, that privilege has been waived and such information is nonetheless producible in light of Waymo's "substantial need" (*i.e.*, Group 1, Group 2, and Group 3 Requests). (Dkt. 566 at 22-23.)

Thus, as the Court has already ruled, the requests do not seek privileged material, and Stroz may not withhold information on this ground. The Court should reject the privilege objections in Stroz's June 7 Responses and Objections.

### 4. Stroz May Not Withhold Information Subject To Their Clients or Third Parties' Approval.

The Court should also clarify that Stroz is not entitled to predicate its production of documents on the approval of Defendants or other third parties. The law is clear that a confidentiality obligation owed to some other party is not grounds for ignoring a lawfully served subpoena. *Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664, 665 (7th Cir. 2009) ("Contracts bind only the parties. No one can 'agree' with someone else that a stranger's resort to discovery under the Federal Rules of Civil Procedure will be cut off."). Thus, Stroz is not entitled to withhold documents at the direction to Defendants or third parties.

For all of these reasons, the Court should compel Stroz to comply in full with the Subpoena and produce documents responsive to each of Waymo's 31 Requests.

Respectfully,

*/s/ Charles K. Verhoeven*

Charles K. Verhoeven

cc:   All counsel of record; Special Master John Cooper