# EXHIBIT 3

1   Robert B. Ellis, P.C. (*pro hac vice* forthcoming)
    KIRKLAND & ELLIS LLP
2   300 North LaSalle Street
    Chicago, Illinois  60654
3   Telephone: (312) 862-2000
    Facsimile: (312) 862-2200
4   Email: rellis@kirkland.com

5   Kevin K. Chang (SBN 292271)
    KIRKLAND & ELLIS LLP
6   555 California Street
    San Francisco, California  94104
7   Telephone: (415) 439-1400
    Facsimile: (415) 439-1500
8   Email: kevin.chang@kirkland.com

9   Attorneys for
    *Stroz Friedberg, LLC*

10

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13                **SAN FRANCISCO DIVISION**

14   WAYMO LLC,                          CASE NO. 3:17-cv-00939-WHA

15          Plaintiff,                   **NON-PARTY STROZ FRIEDBERG, LLC'S
                                         RESPONSES AND OBJECTIONS TO
16   v.                                  PLAINTIFF WAYMO LLC'S  SUBPOENA
                                         TO PRODUCE DOCUMENTS,
17   UBER TECHNOLOGIES, INC.;            INFORMATION, OR OBJECTIONS OR
     OTTOMOTTO LLC; OTTO                 TO PERMIT INSPECTION OF PREMISES
18   TRUCKING LLC,                       IN A CIVIL ACTION

19
            Defendants.
20

21

22

23

24

25

26

27

28

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Stroz Friedberg, LLC ("Stroz Friedberg"), by and through its undersigned counsel, hereby responds and objects to Plaintiff Waymo, LLC's ("Waymo") Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action (the "Requests"), dated May 10, 2017.

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each Specific Objection set forth below, as if fully set forth therein.

1.      Stroz Friedberg objects to each Request to the extent that it purports to require the production of documents that are equally available to the parties to the above-captioned litigation, or are publicly available.   Stroz Friedberg is a non-party and should not bear the cost of discovery that can be obtained from parties to the litigation or publicly-available sources. Stroz Friedberg reserves the right to seek costs of compliance with each Request that requires Stroz Friedberg to incur "significant expense," as that term is used in Federal Rule of Civil Procedure 45(d)(2)(B)(ii).  As set forth in Ninth Circuit's decision in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."

2.      Stroz Friedberg objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Stroz Friedberg objects to each Request to the extent that it seeks documents or information from Stroz Friedberg that contain sensitive, confidential, competitive, developmental or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.

4.      Stroz Friedberg objects to each Request to the extent that it is vague, ambiguous, and unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single meaning.

5.      Stroz Friedberg objects to each Request to the extent that it is duplicative.

6.      Stroz Friedberg objects to each Request to the extent that it is overly broad or unduly burdensome.

7.    Stroz Friedberg objects to each Request to the extent that it fails to comply with the requirements of Rule 34 of the Federal Rules of Civil Procedure to "describe each item [requested] with reasonable particularity."

8.    Stroz Friedberg objects to each Request to the extent that it fails to designate a time or scope, or designates a time or scope that, in light of the relevant circumstances, is overbroad or is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9.    Stroz Friedberg objects to each Request to the extent that it seeks documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, which belong to a third person or to Stroz Friedberg.  Any inadvertent production or disclosure of privileged information shall not be deemed to constitute a waiver of any privilege.

10.    Stroz Friedberg objects to each Request to the extent that it seeks material that may not be divulged by law.

11.    Stroz Friedberg objects to each Request to the extent that it seeks to impose upon Stroz Friedberg an obligation to provide documents not in its possession, custody and/or control, or to create documents that do not currently exist.

12.    Stroz Friedberg objects to each Request to the extent that it purports to require Stroz Friedberg to respond on behalf of any person or entity other than Stroz Friedberg.  Stroz Friedberg responds to these Requests only on behalf of itself as Stroz Friedberg, and no other person.

13.    Stroz Friedberg objects to each Request to the extent that it requires Stroz Friedberg to search for and produce electronically stored documents (including email) from sources that are not reasonably accessible because of undue burden or cost.

14.    Stroz Friedberg objects to each Request to the extent that it requires disclosure from which Stroz Friedberg is entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense.

15.    Stroz Friedberg objects to each Request to the extent it seeks to impose upon Stroz Friedberg an obligation to provide documents that Stroz Friedberg is prevented from disclosing without the express written permissions of one or more third persons.

16.     Stroz Friedberg objects to all instructions, definitions, and Requests to the extent that they contain erroneous factual allegations or conclusions.  By responding to these Requests, Stroz Friedberg does not admit the truth of any such allegations or conclusions.

17.     Stroz Friedberg responds to each Request based on its present knowledge, and Stroz Friedberg reserves the right to amend, modify, or supplement these Responses and Objections if Stroz Friedberg learns of new information.

18.     Stroz Friedberg objects to the Instructions and Definitions to the the extent that they render the Requests overbroad and unduly burdensome and would require Stroz Friedberg to conduct an unreasonably broad search to find responsive documents on the grounds that it seeks documents or information that are not relevant or that exceed the scope of permissible discovery because they are not necessary to prosecute or defend the case at bar, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and disproportionate burden or expense of responding to the Request as stated.  Stroz Friedberg further objects to each Instruction, Definition, and Request to the extent that they purport to impose obligations on Stroz Friedberg greater than those required by the Federal Rules of Civil Procedure or the Civil Local Rules of the United States District Court for the Northern District of California. Stroz Friedberg will comply with the obligations required by these Rules and Local Rules. Stroz Friedberg further objects to the Instructions to the extent that they place unduly burdensome and costly electronic file formatting requirements on Stroz Friedberg's production efforts, or to the extent that they purport to require the production of original documents.

19.     To the extent that Stroz Friedberg asserts a specific objection to a particular Request, Stroz Friedberg does not thereby waive these General Objections.  To the extent that Stroz Friedberg objects to a particular Request but proceeds to respond to said Request in whole or in part, Stroz Friedberg does not thereby waive any objection to that Request.  Stroz Friedberg reserves its own rights as well as any rights of any third person who may object to the use of any documents or information produced in response to any Request as evidence.

**SPECIFIC OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

All agreements between YOU and any DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of the defendants in the above-captioned action ("Defendants") or any other relevant third persons ("Third Persons"). Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation. Stroz Friedberg further objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence, including to the extent that it seeks "all" agreements which do not relate to any of the issues, claims, and defenses presented in the above-captioned action. Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Defendants or Third Persons. Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 2, 3, 4, and 5. Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Defendants or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 2:**

All agreements between YOU and LEVANDOWSKI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons. Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation or Third Persons. Stroz Friedberg

further objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence, including to the extent that it seeks "all" agreements which do not relate to any of the issues, claims, and defenses presented in the above-captioned action.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Defendants or Third Persons. Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 1, 3, 4, and 5. Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Defendants or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 3:**

All agreements between YOU and any PERSON REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 1, 2, 4, and 5.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this

1   Request that are not the subject of an assertion by Defendants or Third Persons as being protected by

2   the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

3   **REQUEST FOR PRODUCTION NO. 4:**

4       The "agreement with Donahue, whereby Stroz agreed to keep confidential all information learned

5   from Mr. Levandowski during the course of its investigation unless Mr. Levandowski consented to

6   sharing that information with any person" (referenced in paragraph 7 of the May 8, 2017 Declaration of

7   Eric M. Friedberg in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto

8   as Exhibit A).

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

10      Stroz Friedberg objects to this Request to the extent that it seeks documents and information

11  Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

12  or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

13  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

14  this Request to the extent that it seeks disclosure of information protected by the attorney-client

15  privilege, the attorney work product doctrine, or any other applicable privilege or protection

16  belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being

17  duplicative of Request Nos. 1, 2, 3, and 5.  Subject to, and without waiving these Specific and

18  General Objections, and only to the extent it obtains the express written permission of Defendants or

19  Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this

20  Request that are not the subject of an assertion by Defendants or Third persons as being protected by

21  the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

22  **REQUEST FOR PRODUCTION NO. 5:**

23      The "engagement letter" through which "Stroz was jointly engaged by Morrison & Foerster

24  ('MoFo'), on behalf of its client Uber Technologies LLC ('Uber'), and O'Melveny & Meyers LLP

25  ('OMM'), on behalf of its client Ottomotto LLC ('Ottomotto')" (referenced in paragraph 3 of the May 8,

26  2017 Declaration of Eric M. Friedberg in Support of Defendants' Opposition to Waymo's Motion to

27  Compel, attached hereto as Exhibit A), and all attachments, exhibits, appendices, and amendments to the

28  engagement letter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 1, 2, 3, and 4.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Defendants or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 6:**

The August 5, 2016 due diligence report (referenced in the May 8, 2017 Declaration of Eric M. Friedberg in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit A), including all exhibits, attachments, and appendices thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 7 and 8.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Personsto do so, Stroz Friedberg will produce non-privileged documents responsive to this Request

that are not the subject of an assertion by Defendants or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 7:**

All reports or analyses prepared by YOU for any DEFENDANT REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation. Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 6 and 8.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Defendants or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 8:**

All reports or analyses prepared by YOU for LEVANDOWSKI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client

privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 8 and 9.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Defendants or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS provided to YOU by DEFENDANTS, LEVANDOWSKI, Lior Ron, or the "three other employees who participated in the Stroz Investigation review process" (referenced in paragraph 11 of the May 8, 2017 Declaration of John F. Gardner in Support of Defendants' Opposition to Waymo's Motion to Compel Production of Withheld Documents, attached hereto as Exhibit B), REGARDING LEVANDOWSKI¸ Lior Ron, OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the constitutional or statutory right of privacy, or any other applicable privilege or protection belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 10, 12 to 28, and 30.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Defendants or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show the identity of the "three other employees who participated in the Stroz Investigation review process" (referenced in paragraph 11 of the May 8, 2017 Declaration of John F. Gardner in Support of Defendants' Opposition to Waymo's Motion to Compel Production of Withheld Documents, attached hereto as Exhibit B).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons. Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation. Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Defendants or Third Persons. Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9, 12 to 28, and 30. Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Defendants or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS REGARDING the purported "joint defense and common interest agreement" (referenced in paragraph 5 of the May 8, 2017 Declaration of Eric M. Friedberg in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit A).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons. Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation. Stroz Friedberg further objects to

this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 12:**

The forensic data underlying the "forensic analysis" YOU did in connection with the August 5, 2016 due diligence report (referenced in Entry Nos. 7, 8, 9, 10 and 17 of Defendants' Privilege Log Associated with March 31, 2017 Production of Documents, attached hereto as Exhibit C).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence, including to the extent that it seeks all forensic data which do not relate to any of the issues, claims, and defenses presented in the above-captioned action.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the constitutional or statutory right of privacy, or any other applicable privilege or protection belonging to Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9. 10, 13 to 28, and 30.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request

1   that are not the subject of an assertion by Defendants or Third Persons as being protected by the

2   attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "forensic analysis" YOU did in connection with the August 5, 2016 due diligence report (referenced in Entry Nos. 7, 8, 9, 10 and 17 of Defendants' Privilege Log Associated with March 31, 2017 Production of Documents, attached hereto as Exhibit C).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence, including to the extent that it seeks "all" documents and communications which do not relate to any of the issues, claims, and defenses presented in the above-captioned action.  Stroz Friedberg further objects to this Request as overly broad and unduly burdensome because it seeks "all" documents and communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request No. 9, 10, 12, 14 to 28, and 30.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged

documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "directives from MoFo and OMM regarding what topics to investigate and how Stroz should investigate those topics" that "MoFo provided … to Stroz" (referenced in paragraph 4 of the May 8, 2017 Declaration of Eric M. Friedberg in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit A).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request as overly broad and unduly burdensome because it seeks "all" documents and communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request No. 9, 10, 12, 13, 15 to 28, and 30.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between YOU and any DEFENDANT REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request as overly broad and unduly burdensome because it seeks "all" communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9, 10, 12, 13, 14, and 16 to 28. Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 16:**

All COMMUNICATIONS between YOU and LEVANDOWSKI REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein),

OTTO  TRUCKING,  OTTOMOTTO,  GOOGLE,  WAYMO,  or  the  MISAPPROPRIATED

MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information

Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

this Request as overly broad and unduly burdensome because it seeks "all" communications, which

will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

Friedberg further objects to this Request to the extent that it seeks disclosure of information

protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 15, and 17 to 28.

Subject to, and without waiving these Specific and General Objections, and only to the extent it

obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

produce non-privileged documents responsive to this Request that are not the subject of an assertion

by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS between YOU and Lior Ron REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request as overly broad and unduly burdensome because it seeks "all" communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 16, and 18 to 28. Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 18**:

All COMMUNICATIONS between YOU and MORRISON REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request as overly broad and unduly burdensome because it seeks "all" communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 17, and 19 to 28.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS between YOU and O'MELVENY REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request as overly broad and unduly burdensome because it seeks "all" communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 18, and 20 to 28.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS between YOU and DONAHUE REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request as overly broad and unduly burdensome because it seeks "all" communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 19, and 21 to 28. Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 21:**

All COMMUNICATIONS between YOU and LEVINE REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request as overly broad and unduly burdensome because it seeks "all" communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 20, and 22 to 28. Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 22:**

All COMMUNICATIONS between YOU and Fenwick & West LLP and/or Ted Wang REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter

discussed    therein),    OTTO    TRUCKING,    OTTOMOTTO,    GOOGLE,    WAYMO,    or    the

MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request as overly broad and unduly burdensome because it seeks "all" communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 21, and 23 to 28. Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between YOU and Ognen Stojanovski REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request as overly broad and unduly burdensome because it seeks "all" communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 22, and 24 to 28.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

1   **REQUEST FOR PRODUCTION NO. 24:**

2       All COMMUNICATIONS between YOU and Doug Mandell REGARDING LEVANDOWSKI,

3   Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO

4   TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

6       Stroz Friedberg objects to this Request to the extent that it seeks documents and information

7   Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

8   or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

9   equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

10  this Request as overly broad and unduly burdensome because it seeks "all" communications, which

11  will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

12  45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

13  Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

14  with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

15  compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

16  Friedberg further objects to this Request to the extent that it seeks disclosure of information

17  protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

18  privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

19  further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 23, and 25 to 28.

20  Subject to, and without waiving these Specific and General Objections, and only to the extent it

21  obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

22  produce non-privileged documents responsive to this Request that are not the subject of an assertion

23  by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

24  work product doctrine, or any other applicable privilege or protection.

25  **REQUEST FOR PRODUCTION NO. 25:**

26      All   COMMUNICATIONS   between   YOU   and   Maureen   Dorney   REGARDING

27  LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein),

28

1  OTTO   TRUCKING,   OTTOMOTTO,   GOOGLE,   WAYMO,   or   the   MISAPPROPRIATED

2  MATERIALS.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

4  Stroz Friedberg objects to this Request to the extent that it seeks documents and information

5  Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

6  or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

7  equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

8  this Request as overly broad and unduly burdensome because it seeks "all" communications, which

9  will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

10  45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

11  Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

12  with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

13  compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

14  Friedberg further objects to this Request to the extent that it seeks disclosure of information

15  protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

16  privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

17  further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 24, and 26 to 28.

18  Subject to, and without waiving these Specific and General Objections, and only to the extent it

19  obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will

20  produce non-privileged documents responsive to this Request that are not the subject of an assertion

21  by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege,

22  work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 26:**

All COMMUNICATIONS between YOU and GCA Law Partners LLP REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request as overly broad and unduly burdensome because it seeks "all" communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 25, 27, and 28. Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 27:**

All COMMUNICATIONS between YOU and TYTO and/or ODIN WAVE, REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein),

1   OTTO   TRUCKING,   OTTOMOTTO,   GOOGLE,   WAYMO,   or   the   MISAPPROPRIATED

2   MATERIALS.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

4   Stroz Friedberg objects to this Request to the extent that it seeks documents and information

5   Stroz Friedberg is prevented from disclosing without the express written permission of Defendants

6   or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents

7   equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to

8   this Request as overly broad and unduly burdensome because it seeks "all" communications, which

9   will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule

10  45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th

11  Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance

12  with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant

13  compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz

14  Friedberg further objects to this Request to the extent that it seeks disclosure of information

15  protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable

16  privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg

17  further objects to this Request as being duplicative of Request Nos. 9, 10, 12 to 26, and 28.  Subject

18  to, and without waiving these Specific and General Objections, and only to the extent it obtains the

19  express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce

20  non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz

21  Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work

22  product doctrine, or any other applicable privilege or protection.

23

24

25

26

27

28

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS between YOU, on the one hand, and POUCH HOLDINGS, DOGWOOD LEASING, and/or APPARATE INTERNATIONAL, on the other, REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request as overly broad and unduly burdensome because it seeks "all" communications, which will impose "significant expense" on Stroz Friedberg to comply with, as that term is used in Rule 45(d)(2)(B)(ii).  As the Ninth Circuit held in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1181 (9th Cir. 2013), Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."  Stroz Friedberg reserves the right to seek significant compliance costs incurred in having to respond to this Request, to the extent applicable.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Stroz Friedberg, Defendants, or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9, 10, and 12 to 27.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Stroz Friedberg, Defendants, or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 29:**

All invoices submitted to any DEFENDANT in connection with the March 4 Engagement Letter (Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit D).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging to Defendants or Third Persons.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Defendants or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 30:**

Any "original materials provided by Client or Uber or Ottomotto, to Stroz Friedberg" (referenced in Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit D).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence, including to the extent that it seeks "[a]ny" materials which do not relate to any of the issues, claims, and defenses presented in the above-

captioned action.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the constitutional or statutory right to privacy, or any other applicable privilege or protection belonging Defendants or Third Persons.  Stroz Friedberg further objects to this Request as being duplicative of Request Nos. 9, 10, 12, 13, and 14.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Defendants as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 31:**

DOCUMENTS sufficient to show any "original materials provided by Client or Uber or Ottomotto, to Stroz Friedberg" that were destroyed by YOU pursuant to the "Return of Client Materials" provision on page 4 of the March 4 Engagement Letter (Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit D).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Stroz Friedberg objects to this Request to the extent that it seeks documents and information Stroz Friedberg is prevented from disclosing without the express written permission of Defendants or Third Persons.  Stroz Friedberg further objects to this Request to the extent it seeks documents equally available from parties to the above-captioned litigation.  Stroz Friedberg further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection belonging Defendants or Third Persons.  Subject to, and without waiving these Specific and General Objections, and only to the extent it obtains the express written permission of Defendants or Third Persons to do so, Stroz Friedberg will produce non-privileged documents responsive to this Request that are not the subject of an assertion by Defendants or Third Persons as being protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

1   DATED:  June 7, 2017                    KIRKLAND & ELLIS LLP

2

3                                           */s/ Robert B. Ellis, P.C.*
                                            _____
4                                           Robert B. Ellis, P.C. (*pro hac vice*
                                            forthcoming)
5                                           KIRKLAND & ELLIS LLP
                                            300 North LaSalle Street
6                                           Chicago, Illinois  60654
                                            Telephone: (312) 862-2000
7                                           Facsimile: (312) 862-2200
                                            Email: rellis@kirkland.com

8                                           Kevin K. Chang (SBN 292271)
                                            KIRKLAND & ELLIS LLP
9                                           555 California Street
                                            San Francisco, California  94104
10                                          Telephone: (415) 439-1400
                                            Facsimile: (415) 439-1500
11                                          Email: kevin.chang@kirkland.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 7, 2017, I caused a true and correct copy of the foregoing NON-PARTY STROZ FRIEDBERG, LLC'S RESPONSES TO PLAINTIFF WAYMO, LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION to be served via mail and electronic mail upon:

Charles K. Verhoeven
David A. Perlson
50 California Street, 22nd Floor
San Francisco, CA 94111
qewaymo@quinnemanuel.com

*/s/ Kevin K. Chang*
Kevin K. Chang