IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

  v.

UBER TECHNOLOGIES, INC., *et al.*,

    Defendants.

No. C 17-00939 WHA

**ORDER GRANTING MOTION TO DISMISS UNFAIR COMPETITION LAW CLAIM**

## INTRODUCTION

In this action asserting claims for trade secret misappropriation, patent infringement, and unfair competition, defendants move to dismiss the latter as superseded by California's Uniform Trade Secrets Act. The motion is **GRANTED**.

## STATEMENT

The centerpiece of this action is plaintiff Waymo LLC's claims against defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC for misappropriation of trade secrets under the federal Defend Trade Secrets Act and the California Uniform Trade Secrets Act. Additionally, Waymo has asserted four claims for patent infringement and one claim for violation of Section 17200 of California's Business and Professions Code against all defendants. The following is taken from the well-pled allegations of the amended complaint (Dkt. No. 23).

Self-driving cars represent a nascent and potentially trillion-dollar industry (*id.* ¶ 1). To compete in that industry, Waymo has invested heavily in building custom, in-house Light

Detection and Ranging (LiDAR) technology that helps its self-driving cars "see" their surroundings (*id.* ¶¶ 2, 31). Waymo has patented some of its advances in LiDAR technology. It has also accumulated "a vast amount of confidential and proprietary intellectual property," including "details actually used in Waymo's LiDAR designs as well as the lessons learned from Waymo's years of research and development," which "constitute trade secrets" (*id.* ¶ 36).

In late 2015, Anthony Levandowski, while employed by Waymo, used his company credentials and resources to download "9.7 GBs of sensitive, secret, and valuable internal Waymo information," including "confidential information regarding Waymo's LiDAR systems and other technology" (*id.* ¶¶ 41–48). Shortly thereafter, in early 2016, Levandowski left Waymo to start competing self-driving car ventures Ottomotto and Otto Trucking (collectively, "Otto") (*id.* ¶¶ 48–50). In August 2016, Uber acquired Otto for approximately $680 million dollars and put Levandowski in charge of its self-driving car project (*id.* ¶¶ 55–56).

The foregoing events "caused Waymo grave concern regarding the possible misuse of its intellectual property." Accordingly, in summer of 2016, Waymo investigated the circumstances of Levandowski's departure and discovered his downloading of Waymo's "confidential materials" (*id.* ¶ 57). "Then, in December 2016, Waymo received evidence suggesting that Otto and Uber were actually using Waymo's trade secrets and patented LiDAR designs" when it received an email between employees of a LiDAR-component vendor apparently working on designs for defendants. The email appended a machine drawing of a circuit board "reflect[ing] Waymo's highly confidential proprietary LiDAR technology and Waymo trade secrets [and] specifically designed to be used in conjunction with many other Waymo trade secrets and in the context of overall LiDAR systems covered by Waymo patents" (*id.* ¶¶ 58–59).

With "greatly heightened suspicion" that defendants were using its "intellectual property," Waymo made a public records request to obtain Otto's submissions to Nevada regulatory authorities in connection with Otto's self-driving car project. The results from that request confirmed to Waymo that defendants "[were] in fact using a custom LiDAR system with the same characteristics as Waymo's proprietary system" (*id.* ¶¶ 60–61). Waymo filed this lawsuit on February 23 and amended its complaint on March 10.

As to its injuries, Waymo further alleges that it "developed its patented inventions and trade secrets at great expense, and through years of painstaking research, experimentation, and trial and error. If Defendants are not enjoined from their infringement and misappropriation, they will cause severe and irreparable harm to Waymo." Furthermore, "[w]ith respect to Waymo's trade secrets, there is also the threat that Waymo's confidential and proprietary information will be disclosed by Defendants, which will destroy the trade secret value of the technology" (*id.* ¶¶ 62–64).

The amended complaint sets forth the foregoing allegations in a comprehensive section titled "Factual Allegations" before enumerating Waymo's claims for relief, each of which fully incorporates said allegations. Waymo's DTSA and CUTSA claims both state, "Waymo owns and possesses certain confidential, proprietary, and trade secret information, as alleged above," and describe examples of the alleged trade secrets, including examples specifically distinguishing Waymo's asserted trade secret rights from its asserted patent rights (*id.* ¶¶ 67–68, 80–81). Both also describe security measures taken by Waymo to keep its information secret and confidential (*id.* ¶¶ 70–74, 82). Waymo's CUTSA claim further adds, "Waymo's technical information, designs, and other 'know how' related to its LiDAR system constitute trade secrets as defined by [CUTSA]" (*id.* ¶ 80).

Defendants now move to dismiss Waymo's Section 17200 claim on the basis that it is superseded by CUTSA (Dkt. No. 312). Additional allegations from the amended complaint germane to the instant motion are discussed below in the context of the parties' arguments. This order follows full briefing and oral argument.

**ANALYSIS**

1. **LEGAL STANDARD.**

Under California law, CUTSA provides the exclusive civil remedy for conduct falling within its terms and supersedes other civil remedies based upon misappropriation of a trade secret. CAL. CIV. CODE § 3426.7; *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 236 (2010), *disapproved on other grounds by Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011). It therefore supersedes claims — including Section 17200 claims — based on the same

3

nucleus of facts as trade secret misappropriation. *Silvaco*, 184 Cal. App. 4th at 232 (quoting *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 962 (2009)). At the pleadings stage, the supersession analysis asks whether, stripped of facts supporting trade secret misappropriation, the remaining factual allegations can be reassembled to independently support other causes of action. *Qiang Wang v. Palo Alto Networks, Inc.*, No. C 12–05579 WHA, 2013 WL 415615, at *4 (N.D. Cal. Jan. 31, 2013).

### 2. WAYMO'S SECTION 17200 CLAIM.

Section 17200 broadly proscribes "unfair competition," including "any unlawful, unfair or fraudulent business act or practice." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999). Waymo's Section 17200 claim comes at the end of its amended complaint, incorporates all preceding paragraphs thereof (Dkt. No. 23 ¶ 143), and further asserts (*id.* ¶¶ 144–47 (emphasis added)):

> 144. Defendants engaged in unlawful, unfair, and fraudulent business acts and practices. Such acts and practices include, but are not limited to, *misappropriating Waymo's confidential and proprietary information*.
>
> 145. Defendants' business acts and practices were unlawful as described above.
>
> 146. Defendants' business acts and practices were fraudulent in that a reasonable person would likely be deceived by their material misrepresentations and omissions. Defendants have acquired and used Waymo's *confidential and proprietary trade secret information* through material misrepresentations and omissions.
>
> 147. Defendants' business acts and practices were unfair in that the substantial harm suffered by Waymo outweighs any justification that Defendants may have for engaging in those acts and practices.

Waymo contends CUTSA does not supersede its Section 17200 claim because said claim is based on defendants' alleged misappropriation of "confidential information that does ***not*** rise to the level of a trade secret" (Dkt. No. 431 at 3). Under *Silvaco*, however, CUTSA also supersedes claims based on alleged misappropriation of non-trade secret information unless some other provision of positive law grants a property right in that information. *E.g.*, *Total Recall Techs. v. Luckey*, No. C 15-02281 WHA, 2016 WL 199796, at *7 (N.D. Cal. Jan. 16, 2016). As stated in *Total Recall*, "Based on 25 years of practice in California and [17] years on

4

the bench in California, the undersigned judge finds the preemptive sweep of *Silvaco* extraordinarily surprising as a development in California law. Nevertheless, it must be respected and applied." *Ibid.*

In an attempt to get around *Silvaco*, Waymo argues that *Kremen v. Cohen*, 337 F.3d 1024 (9th Cir. 2003), represents a "provision of positive law" that grants Waymo a "property right" in its non-trade secret information such that CUTSA does not supersede Waymo's Section 17200 claim for "misappropriation" of that information (Dkt. No. 431 at 4–5 & n.1).

Waymo's argument wrongly conflates the phrase "property right" as used by *Kremen* with that phrase as used by *Silvaco*. *Kremen*, which had nothing to do with CUTSA, discussed the concept of a "property right" only as a necessary element of the common law tort of conversion. *See* 337 F.3d at 1029–30. But contrary to Waymo's suggestion, a "property right" sufficient to support a conversion claim does not necessarily suffice to escape CUTSA supersession. Indeed, *Silvaco* expressly rejected that suggestion. *See* 184 Cal. App. 4th at 238–39 (a conversion claim is "unquestionably 'based upon misappropriation of a trade secret'" and superseded by CUTSA if trade secret law supplies the only basis for its predicate property right); *id.* at 239 n.22 ("emphatically" rejecting the "suggestion that [CUTSA] was not intended to preempt 'common law conversion claims based on the taking of information that, though not a trade secret, was nonetheless of value to the claimant'").

Rather, *Silvaco* exempts claims based on non-trade secret information from CUTSA supersession only if said claims (1) allege facts showing that the plaintiff's property right in the information at issue stems from some provision of positive law on grounds qualitatively different from grounds upon which trade secrets are considered property, or (2) allege wrongdoing materially distinct from the wrongdoing alleged in a CUTSA claim. *Total Recall*, 2016 WL 199796, at *7 (quoting *SunPower Corp. v. SolarCity Corp.*, No. 12–CV–00694–LHK, 2012 WL 6160472, at *9 (N.D. Cal. Dec. 11, 2012) (Judge Lucy Koh)). In its opposition brief, Waymo claims "the *Kremens* test by which [it] asserts property rights over its confidential information is 'qualitatively different' from the test for deeming information to be a trade secret under [CUTSA]" (Dkt. No. 431 at 6 n.2). As explained, however, Waymo misreads *Kremens*.

5

Satisfying the "*Kremens* test" for what constitutes a "property right" would only get Waymo partway to stating a conversion claim; it alone cannot resist CUTSA supersession.

In the introduction of its opposition brief, Waymo argues that it may plead its Section 17200 claim in the alternative "unless and until a determination is made that all of the confidential information misappropriated by Defendants qualifies as trade secrets" (*id.* at 2). Not so. As stated, because the amended complaint fails to plead that some other provision of positive law qualitatively different from trade secret law grants Waymo a property right in its "confidential information," CUTSA supersedes Waymo's Section 17200 claim based on misappropriation of said information regardless of whether or not it would ultimately qualify for trade secret protection. *See Qiang Wang*, 2013 WL 415615, at *4 (analyzing CUTSA supersession at the pleadings stage); *SunPower*, 2012 WL 6160472, at *15 (finding dismissal appropriate where the plaintiff "failed to allege facts sufficient for the Court to conclude that [it] had a property interest in the non-trade secret information, or that this interest is qualitatively different from the rights conferred by CUTSA"); *Silvaco*, 184 Cal. App. 4th at 238–40 (meritless claims that did not "genuinely allege 'alternative legal theories' but [were] a transparent attempt to evade the strictures of CUTSA" could be dismissed when CUTSA supersession applied "on the face of the complaint").

Tellingly, neither the amended complaint nor Waymo's opposition brief attempts to distinguish its trade secrets from non-trade secret "confidential information" (in contrast, the amended complaint explicitly and qualitatively distinguishes information supporting Waymo's patent rights from information supporting its trade secret rights). Rather, Waymo accuses defendants of blanket "misappropriation" of "confidential information," apparently intending to use its Section 17200 claim as a fallback for any information that ultimately fails to qualify for trade secret protection as this litigation progresses. Under the facts alleged in the amended complaint, however, the only property interest Waymo could have in its "confidential information" arises under trade secret law. Its claims are therefore "either based upon misappropriation of a trade secret or . . . based upon no legally significant events at all," and subject to dismissal as pled. *See Silvaco*, 184 Cal. App. 4th at 236 (quotation omitted).

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss the amended complaint's Section 17200 claim is **GRANTED**. Plaintiff may seek leave to amend by **JUNE 22** pursuant to the case management scheduling order (Dkt. No. 563 at 1). Any motion for leave to amend must address the practical problem that extended motion practice on the pleadings will exert more pressure on the trial date.

**IT IS SO ORDERED.**

Dated: June 8, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE