# EXHIBIT 60

# EXHIBIT A

| | |
|---|---|
| 1 | KELLEY DRYE & WARREN LLP |
| | Mark A. Konkel (N.Y. Bar No. 397835) |
| 2 | 101 Park Avenue |
| | New York, NY 10178 |
| 3 | Telephone: (212) 808-7800 |
| | Facsimile: (212) 808-7898 |
| 4 | mkonkel@kelleydrye.com |
| | *Pro Hac Vice Application Pending* |
| 5 | |
| | KELLEY DRYE & WARREN LLP |
| 6 | Lee S. Brenner (State Bar No. 180235) |
| | 10100 Santa Monica Boulevard |
| 7 | Twenty-Third Floor |
| | Los Angeles, California 90067-4008 |
| 8 | Telephone: (310) 712-6100 |
| | Facsimile: (310) 712-6199 |
| 9 | lbrenner@kelleydrye.com |
| 10 | Attorneys for Plaintiff NobelBiz, Inc. |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOBELBIZ, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEFF L. WESSON, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**PLAINTIFF NOBELBIZ, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND OTHER TANGIBLE THINGS TO DEFENDANT JEFF L. WESSON**<br><br>Action Filed: April 8, 2014 |

PROPOUNDING PARTY: PLAINTIFF NOBELBIZ, INC.

RESPONDING PARTY: DEFENDANT JEFF L. WESSON

SET NO.: ONE (1)

LA01\ArdeH\511459.1

NOBELBIZ, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO WESSON

EXHIBIT A - 8

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff NobelBiz, Inc. ("NobelBiz") hereby requests, pursuant to the expedited discovery order issued by the above-entitled court, that Defendant Jeff L. Wesson ("Wesson") produce all documents and tangible things in his possession, custody or control that are responsive to the below requests for production (the "Requests"). Wesson must answer, fully, in writing by April 18, 2014. The written responses and responsive documents shall be produced for inspection and copying at the offices of Kelley Drye & Warren LLP, 10100 Santa Monica Boulevard, Twenty-Third Floor, Los Angeles, California 90067 by April 18, 2014 at 5:00 p.m.

## DEFINITIONS

1. "DOCUMENT" or "DOCUMENTS," as used herein, shall mean those items set forth in Rule 34(a) of the Federal Rules of Civil Procedure, as well as those items falling within the definition of "writings," "recordings," and "photographs," under Rule 1001 of the Federal Rules of Evidence, interpreted to the broadest extent permissible.

Examples of "DOCUMENTS" include, but are not limited to the following items: agreements or contracts, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or hand-written or other notes, projections, working papers, checks front and back, check stubs or receipts,

1  envelopes, invoice vouchers, data processing cards, tapes or disks or any other
2  written, recorded, transcribed, punched, taped, filmed or graphic matter, however
3  produced or reproduced, any other direct or indirect transmissions of information by
4  any means, written, oral or otherwise, including but not limited to e-mail, instant
5  messages, voice mails, letters, memoranda, notes or other written, typewritten,
6  printed or reproduced material, and any other DOCUMENT or writing of whatever
7  description, including but not limited to any information contained in any computer,
8  computer peripheral equipment, computer library.

      2.    "NOBELBIZ," as used herein, shall mean Plaintiff NobelBiz, Inc.

      3.    "PERSON" or "PERSONS," as used herein, shall mean any natural persons, partnerships, consortia, joint ventures, and every other form of legally recognized entity, including corporations.

      4.    "CONCERNING," as used herein, shall mean in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, describing, evidencing, interpreting, constituting, commenting on, supporting, contradicting and/or having any logical or factual connection with the matters identified, in whole or in part.

      5.    "BROADBAND," as used herein, shall mean Broadband Dynamics L.L.C.

      6.    "LAPTOP," as used herein, shall mean the company-issued laptop that NOBELBIZ provided to Wesson during his employment at NOBELBIZ, which Wesson returned to NOBELBIZ on or about March 26, 2014.

## INSTRUCTIONS

      7.    The DOCUMENTS requested herein should be produced in their original file folder(s) or, in lieu thereof, attached to a photographic or electrostatic duplicate of all written on the original file folder.

      8.    With respect to any DOCUMENT responsive to these Requests that Wesson withholds because of an alleged privilege, describe each such DOCUMENT by providing: (1) the date of the DOCUMENT; (2) the authors and recipients of the

DOCUMENT (including any PERSONS receiving copies); (3) a brief description of the subject matter of the DOCUMENT sufficient to determine the applicability of the stated privilege; and (4) the privilege asserted and any statute which Wesson contends supports his assertion of the privilege.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS, including but not limited to emails, text messages, instant messages, memoranda, reports, other correspondence and files CONCERNING NOBELBIZ, including but not limited to DOCUMENTS entitled "Master Account List," "Nobel Sales Process," "Account Management Folder," "Account List," and "2013 Projection Master." (This Request is limited to documents dated, created, revised, transmitted, or which you accessed during the period January 1, 2013 to the present.)

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS, including but not limited to emails, text messages, instant messages, memoranda, reports, other correspondence and files CONCERNING NOBELBIZ's:

    (a)    pricing levels and pricing strategies,

    (b)    customer lists and customer preferences,

    (c)    technology,

    (d)    business information (including but not limited to reports you prepared while at NOBELBIZ),

    (e)    financial information (including but not limited to revenue collections organized by customer),

    (f)    marketing information,

    (g)    business plans, and

    (h)    executive reports.

///

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including but not limited to emails, text messages, instant messages, memoranda and other correspondence transmitted during the period January 1, 2013 to the present between you and any PERSON (including but not limited to BROADBAND or Ray Pollum) concerning NOBELBIZ.

**REQUEST FOR PRODUCTION NO. 4:**

Each and every computer hard drive or computer system by which you accessed NOBELBIZ's pricing levels, pricing strategies, customer lists, technology, reports, business information or marketing information from August 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS concerning NOBELBIZ that you maintained, stored, uploaded or kept in any cloud storage provider account you created, used or maintained or otherwise accessed, including but not limited to Dropbox, Google Drive, and any other similar cloud storage service.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS, including but not limited to emails, text messages, instant messages, memoranda and other correspondence between you and any PERSON CONCERNING the wiping and re-formatting the LAPTOP, including but not limited to the use of a software utility program called "Killdisk."

**REQUEST FOR PRODUCTION NO. 7:**

All files or other information originating in, or belonging to, NOBELBIZ, which you uploaded to or accessed from a cloud storage service (including but not limited to Dropbox or Google Drive) during the period January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS, including but not limited to emails, text messages, instant messages, memoranda, and other correspondence CONCERNING your application

for, or seeking employment with, BROADBAND, and the termination of your employment with BROADBAND.

DATED: April 10, 2014

KELLEY DRYE & WARREN LLP

By _____
Lee S. Brenner
Attorneys for Plaintiff NobelBiz, Inc.