# EXHIBIT 4

# FILED UNDER SEAL

OUTSIDE ATTORNEYS' EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
 2                 SAN FRANCISCO DIVISION
 3
 4    _____
                                     )
 5    WAYMO LLC,                     )
                                     )
 6                 Plaintiff,        )
                                     )
 7          vs.                      )  Case No.
                                     )  3:17-cv-00939-WHA
 8    UBER TECHNOLOGIES, INC.,       )
      OTTOMOTTO LLC; OTTO            )
 9    TRUCKING LLC,                  )
                                     )
10                 Defendants.       )
      _____)
11
12
13
14
15         OUTSIDE ATTORNEYS' EYES ONLY
16      VIDEOTAPED DEPOSITION OF TIM WILLIS
17           San Francisco, California
18           Thursday, March 23, 2017
19                  Volume I
20
21
22
      Reported by:  SUZANNE F. GUDELJ
23    CSR No. 5111
24    Job No. 2576518
25    PAGES 1 - 105
```

Page 1

Case 3:17-cv-00939-WHA Document 587-5 Filed 06/12/17 Page 3 of 7
Case 3:17-cv-00939-WHA Document 179 Filed 04/07/17 Page 3 of 7
OUTSIDE ATTORNEYS' EYES ONLY

1  but that's if -- assuming that you're networked,
2  right?
3          MS. BAILEY:  Object to form.
4          THE WITNESS:  During that period, I'm not
5  aware of him not having access to the network.           11:24:10
6  BY MR. MUINO:
7      Q   And what if he's reading documents away
8  from the office?
9      A   He could WiFi at home.
10     Q   Have you exported documents to your              11:24:22
11 devices?
12     A   Yes, I have.
13     Q   How frequently do you export documents to
14 your devices for your work?
15     A   Not frequently.  Rarely.                         11:24:38
16     Q   But you've done it before?
17     A   Yes.
18     Q   And why did you do it on those occasions?
19     A   If I needed to communicate with a supplier,
20 maybe a contract where I'm revising it; or they're      11:24:47
21 sending me a presentation, but I don't have to
22 download -- I mean, it's downloaded from email, but
23 only if I -- typically only if I'm exchanging with
24 the supplier information.  Red line documents, those
25 type of things that somebody needs to use, Excel or     11:25:06

Page 46

OUTSIDE ATTORNEYS' EYES ONLY



25    Q    They presumably have their own websites?    12:30:13

Page 87

Case 3:17-cv-00939-WHA   Document 587-5   Filed 06/12/17   Page 5 of 7
Case 3:17-cv-00939-WHA   Document 179   Filed 04/07/17   Page 5 of 7
OUTSIDE ATTORNEYS' EYES ONLY

```
1      A    Yes.

2      Q    They're not exclusive to Google Waymo?

3      A    No.
```

[REDACTED]

```
13     Q    Looking at this list, do you know if Uber
14  uses some or all of these vendors?
15     A    I wouldn't know.                          12:31:12
16     Q    Have you ever spoken with any vendor about
17  its doing business with Uber?
18     A    Yes.
19     Q    And on what occasion --
20     A    A vendor approached me --                 12:31:24
21     Q    -- was that?
22  [REDACTED] to let me know that they were
23  planning on -- or that Uber had reached out to them
24  to do business with them.
25     Q    When did that occur?                      12:31:37
```

Page 88

Case 3:17-cv-00939-WHA Document 587-5 Filed 06/12/17 Page 6 of 7
Case 3:17-cv-00939-WHA Document 179 Filed 04/07/17 Page 6 of 7
OUTSIDE ATTORNEYS' EYES ONLY

BY MR. MUINO:

Q In your experience, do Google employees, former Google employees, after they leave the company, ever get consulted in connection with their work? Is there any follow-up to ask them questions pertinent to their former work?  12:59:55

MS. BAILEY: Object to form.

THE WITNESS: Not that I'm aware of.

BY MR. MUINO:

Q Do you know if after Mr. Kshirsagar left, anyone contacted him to ask him questions about his prior work?  01:00:07

A I never reached out to him, no.

Q How about Mr. Raduta?

A I never reached out to him.  01:00:18

Q Now, you don't have any information that Uber is using any of Waymo or Google's trade secrets, do you?

MS. BAILEY: Object to form.

THE WITNESS: No.  01:00:41

BY MR. MUINO:

Q And you may be aware there's an allegation that 14,000, approximately, documents were misappropriated. That's an allegation in this case. You don't have any information that Uber is using  01:00:58

Page 103

Case 3:17-cv-00939-WHA   Document 587-5   Filed 06/12/17   Page 7 of 7
Case 3:17-cv-00939-WHA   Document 179   Filed 04/07/17   Page 7 of 7
OUTSIDE ATTORNEYS' EYES ONLY

```
 1          I, the undersigned, a Certified Shorthand
 2   Reporter of the State of California, do hereby
 3   certify:
 4          That the foregoing proceedings were taken
 5   before me at the time and place herein set forth;
 6   that any witnesses in the foregoing proceedings,
 7   prior to testifying, were duly sworn; that a record
 8   of the proceedings was made by me using machine
 9   shorthand which was thereafter transcribed under my
10   direction; that the foregoing transcript is a true
11   record of the testimony given.
12          Further, that if the foregoing pertains to
13   the original transcript of a deposition in a Federal
14   Case, before completion of the proceedings, review
15   of the transcript [ ] was [X] was not requested.
16          I further, certify I am neither financially
17   interested in the action nor a relative or employee
18   of any attorney or party to this action.
19          IN WITNESS WHEREOF, I have this date
20   subscribed my name.
21   Dated: 3/24/17
22
23                    [signature: Suzanne F. Gudelj]
                      _____
                      SUZANNE F. GUDELJ
24                    CSR No. 5111
25
```

Page 105