# EXHIBIT 81
# FILED UNDER SEAL

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S NOTICE OF DEPOSITION OF JAMES HASLIM AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Honorable William Alsup |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Defendants Uber Technologies, Inc., Ottomotto LLC ("Ottomotto"), and Otto Trucking LLC (collectively "Defendants") hereby object and respond to the Notice of Deposition of James Haslim and Requests for Production of Documents and Things, served by Plaintiff Waymo LLC ("Waymo").

## RESPONSES TO SPECIFIC DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify all LiDAR-related work former Waymo or Google employees have done for Defendants since leaving Waymo, including whether or not that work led to or related to any prototype or device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants will produce communications from the custodial files of Scott Boehmke, Dan Gruver, James Haslim, and [REDACTED] sufficient to show the requested information. Defendants have produced documents responsive to this Request in connection with the Requests for Production served with Asheem Linaval's Notice of Deposition. In addition, Defendants have made the Fuji and Owl devices available for inspection and will make components of the Spider available for inspection.

To the extent Request for Production No. 1 requests anything other than the previously described information, Defendants object to this Request as not as overly broad, not "very narrowly drawn," and not proportional to the needs of the case, insofar as it seeks documents concerning "all LiDAR-related work."

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to describe and identify the "In-house custom built 64-laser (Class 1) emitting 6.4 million beams a second at 1OHz" LiDAR system referenced in Otto's September 15, 2016 statement to Nevada authorities, and the identity of any related LiDAR systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants respond that Uber did not and does not have a LiDAR that corresponds to the description in Otto's September 19, 2016 submission to the Nevada DMV. As Otto clarified in its March 15, 2017 letter to the Nevada DMV, while Otto has been developing its own LiDAR

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  systems, it has not yet deployed an in-house custom built 64-laser.  At the time of the original

2  September 19, 2016 submission, Uber was working on its Spider design, which was a fiber laser

3  based LiDAR design that was intended to have 64 channels and designed to operate at 3.2 million

4  beams per second, but was never completed.  Components of that conceptual device will be

5  available for Waymo's inspection today or tomorrow morning.

6  **REQUEST FOR PRODUCTION NO. 3:**

7  Documents sufficient to show any consideration by Defendants of a LiDAR design with a

8  single lens.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10  Defendants will produce PowerPoint presentations, notes, spreadsheets and schematics

11  from the custodial files of Scott Boehmke and James Haslim sufficient to show the requested

12  information.

13  To the extent Request for Production No. 3 requests anything other than the previously

14  described information, Defendants object to this Request as overly broad, not "very narrowly

15  drawn," and not proportional to the needs of the case insofar as it concerns "any consideration by

16  Defendants of a LiDAR design with a single lens."

17  **REQUEST FOR PRODUCTION NO. 4:**

18  Documents related to the LIDAR-related ▮▮▮▮ in UBER00006451, including how

19  such ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20  ▮▮▮▮▮▮▮▮▮▮▮▮

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

22  After a diligent investigation, Defendants respond that they have not located any

23  documents responsive to this request.

24  To the extent Request for Production No. 4 requests anything other than the previously

25  described information, Defendants object to this Request as overly broad, not "very narrowly

26  drawn," and not proportional to the needs of the case insofar as it concerns ▮▮▮▮

27  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants object to this Request as seeking

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

material covering subject matter about which Mr. Haslim does not have personal knowledge, and as seeking material outside the scope of his Declaration.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show any ethical wall or policy regarding Anthony Levandowki's participation or input into Defendants' LiDAR designs or other self-driving car technology, and the reasons for any such policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

After a diligent investigation, Defendants respond that they have not located any documents responsive to this request.

To the extent Request for Production No. 5 requests anything other than the previously described information, Defendants object to this Request as overly broad, not "very narrowly drawn," and not proportional to the needs of the case insofar as it concerns "any ethical wall or policy" or "any such policy."

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to explain Defendants' decision to use multiple laser diodes arranged on a curved transmit PCB in the Fuji design, and the diode alignment and tuning process in such design.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants will produce PowerPoint presentations, notes, spreadsheets, schematics and communications from the custodial files of Scott Boehmke and James Haslim sufficient to show the requested information regarding the use of laser diodes on the transmit PCB.  After a diligent investigation, Defendants respond that they have not located any documents responsive to the request regarding the diode alignment and tuning process.

To the extent Request for Production No. 6 requests anything other than the previously described information, Defendants object to this Request as overly broad, not "very narrowly drawn," and not proportional to the needs of the case insofar as it concerns any decision relating to "multiple laser diodes arranged on a curved transmit PCB."

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Dated: April 18, 2017                    MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
    ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

# APPENDIX

## Information on Document Collection and Production Under Supplemental Order ¶ 13

Defendants further provide information on their collection efforts under Paragraph 13 of the Supplemental Order. As of April 16, 2017, Defendants have searched the following sources of information that may contain material responsive to Waymo's requests for production:

- Defendants' custodial document repositories (e.g. email repositories, Google Docs, locally stored electronic documents)
- Defendants' internal non-custodial document repositories (e.g. Slack channels, Git repository, personnel files)
- Publicly-available websites on the Internet

As of April 16, 2017, the following individuals employed by Defendants have searched for documents that may contain material responsive to Waymo's requests for production:

- Asheem Linaval – search responsibility for documents relating to LiDAR designs and development and communications concerning LiDAR.
- Rhian Morgan – search responsibility for documents relating to Ottomotto's human resources policies and procedures.
- David Meall – search responsibility for documents relating to Uber ATG's recruiting policies and procedures.
- Kevin Faulkner – search responsibility for documents relating to the forensic analysis performed by Stroz Friedberg pursuant to the March 13, 2017 engagement letter.
- ■■■■ – search responsibility for documents relating to Uber's decision to acquire Otto.
- Scott Boehmke – documents relating to LiDAR designs and development.
- ■■■■ – documents relating to LiDAR designs and development.
- Dan Gruver – documents relating to LiDAR designs and development.
- James Haslim – documents relating to LiDAR designs and development.

1. ▮▮▮▮▮▮▮ – documents relating to LiDAR designs and development.
2. ▮▮▮▮▮▮▮ – documents relating to LiDAR development.
3. Max Levandowski – documents relating to LiDAR designs and development.
4. ▮▮▮▮ – documents relating to LiDAR designs and development.
5. Gaetan Pennecot – documents relating to LiDAR designs and development.
6. ▮▮▮▮▮ – documents relating to LiDAR designs and development.
7. ▮▮▮▮▮ – documents relating to LiDAR designs and development.
8. ▮▮▮▮▮▮ – documents relating to LiDAR designs and development.
9. ▮▮▮▮ – documents relating to LiDAR designs and development.