**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**DEFENDANTS' RESPONSE TO WAYMO'S OBJECTIONS TO EVIDENCE CITED IN DEFENDANTS' PRELIMINARY INJUNCTION SUR-REPLY**<br><br>Date:   May 3, 2017<br>Time:   7:30 a.m.<br>Ctrm:   8, 19th Floor<br>Judge:  The Honorable William Alsup<br><br>Trial Date: October 2, 2017 |

**UNREDACTED VERSION OF DOCUMENT SUBMITTED UNDER SEAL**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**Introduction**

"[N]o defendant should have to litigate against a moving target because a plaintiff does not know what its own trade secrets are."[1] Waymo had an obligation to identify its trade secrets with "enough detail so that the defendant is able to learn the boundaries of the alleged trade secret in order to investigate defenses."[2] Instead, Waymo and its expert, Gregory Kintz, responded to Defendants' evidence of public knowledge and independent development by altering the scope of Waymo's alleged trade secrets. Additionally, with respect to its patent allegations, Waymo switched targets from Uber's Fuji system to the abandoned Spider design and accused Spider of using a trade secret that was not in Waymo's opening papers.

Waymo's shifting definitions of its alleged trade secrets are particularly egregious given that it has the burden of proof on independent development. Contrary to Waymo's argument that defendant bears the "heavy burden of persuasion,"[3] this Court has explained that "[p]laintiff has the burden of establishing that defendants did not independently derive trade-secret information."[4] The California Court of Appeal rejected the unpublished *Cybertek* trial court decision cited by Waymo, concluding instead that independent development is not "an affirmative defense, but a traverse."[5] "Evidence of independent derivation" therefore "directly refutes the element of use through improper means."[6]

In order to address these new arguments raised by Waymo after its opposition, Defendants submitted supplemental declarations from Uber engineers James Haslim and Scott Boehmke, and expert Dr. Michael Lebby. These declarations respond to Waymo's new assertions and re-

---

[1] *Avago Techs., Inc. v. IPtronics Inc.*, No. 5:10-cv-02863, 2015 WL 2395941, at *5 (N.D. Cal. May 19, 2015).
[2] *VasoNova Inc. v. Grunwald*, No. C 12–02422, 2012 WL 4119970, at *2 (N.D. Cal. Sept. 18, 2012).
[3] Waymo's Objections at 7 n.5 (citing *Cybertek Comp. Prods., Inc. v. Whitfield*, 203 U.S.P.Q. 1020, 1977 WL 22730, at *5 (Cal. Super. Ct. Nov. 31, 1977)); *see also* 5/3/2017 PM Sealed Hr'g Tr. 67:8-11.
[4] *Rita Med. Sys., Inc. v. Resect Med., Inc.,* No. C 05-03291 WHA, 2007 WL 161049, at *8 (N.D. Cal. Jan. 17, 2007) (granting defendants' motion for summary judgment because "no reasonable juror could find that [defendants] did not independently derive their customer list").
[5] *Sargent Fletcher, Inc. v. Able Corp.*, 3 Cal. Rptr. 3d 279, 286-287 (2003) (stating that "*Cybertek* has no value in this court").
[6] *Id.* at 287.

DEFENDANTS' RESPONSE TO WAYMO'S OBJECTIONS TO EVIDENCE CITED IN DEFENDANTS' PRELIMINARY INJUNCTION SUR-REPLY – CASE NO. 3:17-cv-00939-WHA

1

1  defined trade secrets, and are thus appropriate on sur-reply.[7]

2  Moreover, Waymo cannot complain about prejudice when the Court has allowed Waymo more deposition time with Uber engineer James Haslim and permitted Waymo to submit deposition excerpts into the record. (5/3/2017 PM Sealed Hr'g Tr. 77:8-14.) On May 4, 2017, Waymo thoroughly deposed Mr. Haslim for over five and a half additional hours on the record, on both his opening and supplemental declarations, and the exhibits attached thereto. (Declaration of Esther Kim Chang in Support of Defendants' Response to Waymo's Objections to Evidence Cited in Defendants' Sur-Reply ("Chang Decl.") ¶ 2.)

A. **Waymo Redefined Its Alleged Trade Secret of ▓▓▓▓▓▓▓▓**

Since the filing of Waymo's preliminary injunction motion, Waymo has redefined its alleged trade secret of ▓▓▓▓▓▓▓. Waymo's trade secret list defines TS List No. 1 as:

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

(Jaffe Decl. Ex. 1 at 2.) In his opening declaration of March 10, 2017, however, Mr. Kintz called the alleged trade secret the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in GBr3. (Kintz ¶¶ 30, 32.) Specifically, he stated that Fuji's PCB ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ based on measuring the ▓▓▓▓▓▓▓ on a single Fuji board (not every pair of diodes). (Id. ¶¶ 31-32.) Mr. Kintz described ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ based on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and (2) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ based on the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[7] *See Sosa v. Pfeiffer*, No. 10cv0280, 2013 WL 5204104, at *4 (S.D. Cal. Sept. 16, 2013).

1  ████████████████████████ (*Id.* ¶ 33 (emphasis added).)[8] Mr. Kintz's declaration did not use the

2  word ███████████████████ to describe this ████████ (*Id.* ¶¶ 29-35.)

3    In his reply declaration of April 21, 2017, Mr. Kintz changed his description of the alleged

4  trade secret to ████████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████████████████████

6  ████████████████████████ (Kintz Reply ¶ 4; *see also id.* ¶¶ 5-7, 10, 13, 15.) Based on

7  this redefinition, Mr. Kintz opined that Fuji's ████████ could not have been the result of

8  Boehmke's independent development work, which allegedly only showed lasers that are

9  ████████████████████████████████████████████████████████████████████ ut are

10 ████████████████████████ (*Id.* ¶ 19.) Mr. Kintz also argued for the first time that

11 Waymo's alleged trade secret require █████████████████████████████████████████████

12 ████████████████ which Mr. Kintz argued was not present in Mr. Boehmke's work. (*Id.*

13 ¶ 20; *compare* Kintz ¶¶ 29-35 (no discussion of █████████████))

14    Then, at his deposition on April 26, 2017, Mr. Kintz introduced a new characterization of

15 the alleged trade secret as ██████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████ (Chang Decl. Ex. A, Kintz Dep.

17 63:6-14.) Mr. Kintz further testified that ██████████████████████████████████████████

18 ████████████████████████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████ (*Id.* at 63:15-64:14.)

20    Mr. Kintz further expanded in deposition on the way to calculate ████████ by

21 "taking the ██████████████████████████████████████████████████████████████ and

22 ████████████████████████████████████████████████████████████████████████ (Kintz

23 Dep. 34:19-25; *see also id.* at 36:12-21, 49:14-50:10.) Mr. Kintz also said he looked at the

24 ████████████████████████████ to determine ████████████ because █████████████████

25 ████████████████████████████████████████████████████████████████████████████████

26 

27    [8] Later, in deposition, Mr. Kintz testified that he determined that Fuji boards had
     ████████████████ by visual inspection, not by measuring every diode. (Kintz
28 Dep. 55:2-56:10.)

1  "[i]deally," he would need ███████████████████████████ to determine
2  whether or not the diodes have ████████████████ (*Id.* 54:1-12, 89:17-90:6.)  Mr.
3  Kintz further explained that, by ██████████ e was not computing just the ████
4  ████████████ of two diodes. (*Id.* at 50:16-21.)[9]  **None of this explanation** had been
5  provided in Mr. Kintz's opening or reply declarations, and so Uber had no opportunity to respond
6  prior to submitting its sur-reply papers.

The following portions of the sur-reply declarations are proper responses to Waymo and Mr. Kintz's new arguments:

- **Dr. Lebby's Opinion Regarding Alleged Trade Secret No. 1 (Supp. Lebby ¶¶ 49-56; Sur-reply at 5:1-3).**

As Mr. Kintz acknowledged in his reply declaration (¶ 14), Dr. Lebby originally discussed the well-known concept of foveated vision, referencing Dr. McManamon and the Velodyne '190 patent, and how the ████████████████████████████████████████ ████████████████████████ (Lebby ¶¶ 38-39.) In response to Mr. Kintz's new definition of ██████████ rovided in Mr. Kintz's reply declaration and at deposition, Dr. Lebby explained how the concept of ████████████████████████████████ (as defined for the first time by Mr. Kintz at his deposition) is present in the '136 patent application. (Supp. Lebby ¶ 55.) Dr. Lebby further explained how Fuji does not have ████████████████ ██████████ in accordance with Mr. Kintz's new definition. (*Id.* ¶ 56.) Dr. Lebby also responded to Mr. Kintz's argument in his reply declaration, based on his new definition of ████████████████████ that Mr. Boehmke's work could not have resulted in Fuji. (*Id.* ¶¶ 49-53.) Dr. Lebby also responded to Waymo's new argument in its reply brief that the Velodyne '190 patent does not teach ██████████ of diodes "in a single device." (*Id.* ¶ 54.)

---

[9] Notably, at the May 3, 2017 Preliminary Injunction hearing, Waymo's counsel argued that ██████████ is determined by ████████████████████████████████ in an apparent attempt to change the target once again. (5/3/2017 AM Sealed Hr'g Tr. 23:7-15.)

DEFENDANTS' RESPONSE TO WAYMO'S OBJECTIONS TO EVIDENCE CITED IN DEFENDANTS' PRELIMINARY INJUNCTION SUR-REPLY – CASE NO. 3:17-cv-00939-WHA

4

1  pivot from Spider to Fuji, but deferred to the engineers' judgment and recommendation (*id.* ¶ 13).

2  • ▉▉▉▉▉ "Dual Stack" (Supp. Boehmke ¶¶ 14-17; Sur-reply at 3:8-10).

3  Mr. Boehmke responded to Mr. Kintz's new argument that the ▉▉▉▉▉▉▉▉▉ in
4  the custom ▉▉▉▉ Dual-Stack that Mr. Boehmke developed was "very different" from the
5  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ as re-defined by Mr. Kintz) in Fuji (Kintz Reply ¶ 19;
6  Supp. Boehmke ¶ 14). In response to Mr. Kintz's new argument, Mr. Boehmke identified and
7  compared in his supplemental declaration the base assumptions and calculations used in the
8  ▉▉▉▉ Dual-Stack and Fuji. (Supp. Boehmke ¶¶ 15-17.)

9  • **Beam Spacing in Fuji** (Supp. Haslim ¶¶ 16-19; Sur-reply at 3:10-12).

10  Mr. Haslim responded to Mr. Kintz's new argument that there was no evidence that Fuji's
11  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (as re-defined by Mr. Kintz) was independently
12  developed by Mr. Boehmke because Mr. Boehmke's "zones" design was very different. (Kintz
13  Reply ¶ 19; Supp. Haslim ¶¶ 16-19.) In his supplemental declaration, Mr. Haslim compared Mr.
14  Boehmke's beam spacing and angles (provided in Exhibit E to Mr. Haslim's original declaration)
15  with Fuji's actual diode positions and angles (provided in Exhibit B to Mr. Haslim's original
16  declaration) to show how the latter developed from the former. (Supp. Haslim ¶¶ 17-18.)

17  • **Development of** ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (Supp. Haslim ¶¶ 12-
18  13).

19  Mr. Kintz raised the new argument in his reply declaration that Waymo's alleged trade
20  secret requires ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ and argued that Mr. Boehmke did not
21  develop this feature. (Kintz Reply ¶ 20.) Mr. Haslim responded in his supplemental declaration
22  to the new argument that Mr. Boehmke's independent development work did not include the use
23  of ▉▉▉▉▉▉▉▉▉▉▉▉ by describing his work with Mr. Boehmke on Fuji's ▉▉
24  ▉▉▉ design (citing Exhibits A and E to Mr. Haslim's original declaration). (Supp. Haslim
25  ¶¶ 12-13.)

26  • **Dr. Lebby's Opinion on** ▉▉▉▉▉▉▉▉ **of Diodes** (Supp. Lebby ¶ 57).

27  Neither Mr. Kintz's opening declaration nor his reply declaration addressed Waymo's
28  alleged trade secret of ▉▉▉▉▉▉▉▉▉▉ between diodes, but Waymo's Reply argued

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

for the first time that Fuji uses alleged Trade Secret 4 on ███████ (Reply at 3; Jaffe Decl. Ex. 1 at 3.) Dr. Lebby responded to this new argument.

      **B.**    **Waymo Altered the Scope of Its Alleged Trade Secret of** ███████

In an attempt to avoid evidence of public knowledge, Waymo has attempted to alter the scope of its alleged trade secret of ███████ In his opening declaration, Mr. Kintz described the alleged trade secret as ███████ Kintz ¶ 49.) In his reply declaration, Mr. Kintz distinguished the Liu textbook and Scholz dissertation as "teach[ing] away from using significant ███████ and argued that both Fuji an███████ ███████" which is ███████ (Kintz Reply ¶¶ 43-44.) At his deposition, Mr. Kintz raised the new argument that "significant ███████ is specific to laser diode applications and ███████ ███████ (Kintz Dep. 123:6-15, 125:13-16.) Neither Waymo nor Mr. Kintz had previously said that the ███████ or any other specific length. (Mr. Kintz admitted at deposition that Scholz disclosed "some ███████ and could not say where the trade secret definition required ███████) (*Id.* at 125:5-20, 128:16-21.) The following are proper responses on sur-reply to this new definition of the alleged trade secret:

- **Dr. Lebby's Opinion on Alleged Trade Secret No. 7 (¶¶ 58-61; Sur-reply at 5:5-20).**

Dr. Lebby responded to Mr. Kintz's new arguments by pointing to Mr. Kintz's admission at deposition, taken after Defendants' April 7, 2017 opposition, that the alleged trade secret does not specify an ███████ and that any purported benefits of a ███████ ███████ (Supp. Lebby ¶¶ 58-60.) Dr. Lebby also discussed testimony regarding Velodyne's use of an ███████ that came up in a deposition taken after Dr. Lebby's original declaration. (*Id.* ¶ 61.)

DEFENDANTS' RESPONSE TO WAYMO'S OBJECTIONS TO EVIDENCE CITED IN DEFENDANTS' PRELIMINARY INJUNCTION SUR-REPLY – CASE NO. 3:17-cv-00939-WHA

7

### C. Waymo Mischaracterized Dr. Lebby's Comparison of Fuji and GBr3's Transmit Boards

In his reply declaration, Mr. Kintz argued that Dr. Lebby failed to quantify the different curvatures of Fuji and GBr3's PCB edges and "thus [Lebby] does not counter [Kintz's] opinion that the Fuji PCB appears to be a scaled-up version" of GBr3's board. (Kintz Reply ¶ 38.) The following are proper responses on sur-reply:

- **Dr. Lebby's Opinion Regarding Differences Between Fuji and GBr3 (Supp. Lebby ¶¶ 3-7; Sur-reply at 3:14-4:12 and 3 n.4).**

Dr. Lebby (not Dr. McManamon) compared the Fuji and GBr3 transmit boards in his original declaration, dated April 7, 2017, identifying different features and expressly stating that the two boards' different positioning of diodes can be shown by a comparison he performed of "diode location and angle information" from the Haslim Declaration (for Fuji) and Jaffe Declarations (for GBr3). (Lebby ¶ 62; *see id.* ¶¶ 21-27, 60-62.) In response to Mr. Kintz's reply declaration stating that Dr. Lebby failed to quantify one of the differences between the boards (curvature), Dr. Lebby's supplemental declaration clarified the comparisons that he undertook for his original declaration. (Supp. Lebby ¶¶ 3, 6-7.) Dr. Lebby also explained how Mr. Kintz's calculations were based on the wrong focal length of Fuji. (*Id.* ¶¶ 4-5.)

- **Dr. Lebby's Review of the 14,000 Allegedly Downloaded Files (¶¶ 67-70).**

Dr. Lebby did not provide a new opinion regarding the 14,000 allegedly downloaded files, but confirmed that the Waymo files he reviewed are consistent with the GBr3 information he previously analyzed and did not change the opinions in his opening declaration. (Supp. Lebby ¶ 68.)

### D. Waymo Raised A New "Minor Modification" Argument for Its Alleged Trade Secret of ▇

In his opening declaration, Mr. Kintz stated that "the accused LiDAR device uses the same ▇" (Kintz ¶ 41.) When confronted with Fuji's actual configuration, Mr. Kintz introduced the new argument that Fuji's ▇ design and its different ▇ configuration are both "minor modification[s]" derived from Waymo's

DEFENDANTS' RESPONSE TO WAYMO'S OBJECTIONS TO EVIDENCE CITED IN DEFENDANTS' PRELIMINARY INJUNCTION SUR-REPLY – CASE NO. 3:17-cv-00939-WHA

8

alleged trade secrets. (Kintz Reply ¶¶ 27-28.) The following are proper responses on sur-reply:

- **Dr. Lebby's Opinions on Alleged Trade Secret Nos. 2-3 (¶¶ 62-64; Sur-reply at 6:3-7, 6:11-17).**

Dr. Lebby responded in his supplemental declaration to Mr. Kintz's new "minor modification" argument, contrasting it with Mr. Kintz's deposition testimony (which was given after Dr. Lebby's original declaration and Mr. Kintz's reply declaration) that it would not be a "simple modification" to switch from two cavities to one cavity. (Supp. Lebby ¶¶ 62-64.)

E.  **Waymo Redefined Its Alleged Trade Secret of Using ▓▓▓ to Require A Combination of Elements**

Mr. Kintz stated in his opening declaration that Waymo ▓▓▓ (Kintz ¶ 54.) He states, ▓▓▓ (*Id.*) In his reply declaration, Mr. Kintz distinguished evidence of public knowledge by arguing that the alleged trade secret requires a combination of three elements: ▓▓▓ (Kintz Reply ¶ 49.) The following are proper responses on sur-reply:

- **Dr. Lebby's Opinions on Alleged Trade Secret Nos. 14 (¶¶ 65-66; Sur-reply at 6:25-26).**

Dr. Lebby responded to Mr. Kintz's new argument about combining all elements of the alleged trade secret by discussing how the '109 patent discloses all of them, as Mr. Kintz conceded at deposition. (Supp. Lebby ¶¶ 65-66.)

- **Non-Use of ▓▓▓ (Supp. Haslim ¶ 14).**

Mr. Haslim responded to Waymo's new argument that Mr. Haslim did not "disavow Uber's use of ▓▓▓ (Reply at 7.) In his supplemental declaration, Mr. Haslim explained that he "stated in [his] earlier declaration and again at [his] deposition, the ▓▓▓ in Fuji are not used as ▓▓▓ from which [Uber] ▓▓▓ (Supp. Haslim ¶ 14.) This explanation contained no new

evidence.[10]

### F. Waymo Added New Patent and Trade Secret Allegations Against Spider

In his reply declaration, Mr. Kintz withdrew his patent infringement allegations against Fuji and redirected them against Spider instead. (Kintz Reply ¶¶ 80-84.) He also identified a new trade secret allegation against Spider, arguing that ██████████████████████ is a Waymo trade secret. (*Id.* ¶¶ 72-79.) Mr. Kintz acknowledged that ██████████ was not an alleged trade secret discussed in his opening declaration. (*Id.* ¶ 55.) The following are proper responses on sur-reply:

- **Description of the Spider Device (Supp. Haslim ¶¶ 2-10, 20-23; Sur-reply at 7:1-6 and n.10).**

In response to Mr. Kintz's new patent allegations against Spider, Mr. Haslim described Spider's eight-cavity fiber laser design and how no Spider LiDAR was ever made, used, sold, offered for sale, or imported. (Supp. Haslim ¶¶ 2-10, 20-23.) He also explained how Spider's ██████████ design used commercially-available fiber purchased from a vendor and disclosed on a public website, which advertised the fiber for LiDAR applications. (*Id.* ¶¶ 7-8.)

### Conclusion

Defendants' sur-reply declarations properly respond to the moving targets presented by Waymo's allegations. "Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendants' files, and then cleverly specify what ever happens to be there as having been trade secrets stolen from plaintiff." *Jobscience, Inc. v. CVPartners, Inc.*, No. C 13-04519 WHA, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014). In its reply papers, Waymo has relied on precisely this "vagueness" to redefine its trade secrets after obtaining discovery, and Defendants should be allowed to respond in full. For these reasons, Waymo's objections to Defendants' sur-reply declarations should be overruled.

---

[10] Waymo does not object to Mr. Haslim's statement that "[a] known technique of mounting laser diodes onto PCBs is to die attach and wire bond the laser diode ██████ that are integrated into PCBs." (Supp. Haslim ¶ 14.) This statement responds t[o] opinion regarding the alleged trade secrets of ██████████ which was not in Mr. Kintz's opening declaration.

DEFENDANTS' RESPONSE TO WAYMO'S OBJECTIONS TO EVIDENCE CITED IN DEFENDANTS' PRELIMINARY INJUNCTION SUR-REPLY – CASE NO. 3:17-cv-00939-WHA

10

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1 | Dated: May 5, 2017            MORRISON & FOERSTER LLP

By: */s/Michael A. Jacobs*
     MICHAEL A. JACOBS

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

DEFENDANTS' RESPONSE TO WAYMO'S OBJECTIONS TO EVIDENCE CITED IN DEFENDANTS' PRELIMINARY INJUNCTION SUR-REPLY – CASE NO. 3:17-cv-00939-WHA

11