# EXHIBIT 131
# FILED UNDER SEAL

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:     415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:    202.237.2727
Facsimile:     202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.     3:17-cv-00939-WHA<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S NOTICE OF DEPOSITION OF KEVIN FAULKNER AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Honorable William Alsup |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC (collectively "Defendants") hereby object and respond to the Notice of Deposition of Kevin Faulkner and Requests for Production of Documents and Things, served by Plaintiff Waymo LLC ("Waymo").

**RESPONSES TO SPECIFIC DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

All documents pertaining to any due diligence reports prepared in connection with Uber's acquisition of Otto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to this Request to the extent it seeks documents protected by the common interest and/or joint defense privileges. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents protected by Anthony Levandowski's assertion of his Fifth Amendment rights. Defendants also object to this Request as not "very narrowly drawn" (Dkt. No. 61), and as outside the scope of the preliminary injunction briefing. Defendants object to the portion of this request seeking "all" such documents as overly broad, not "very narrowly drawn," and not proportional to the needs of the case. Defendants object to this Request as seeking material covering subject matter about which Mr. Faulkner does not have personal knowledge, and as seeking material outside the scope of his Declaration. On the basis of these objections, Defendants respond that they will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All retention agreements between Stroz Friedberg and Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants will produce the March 13, 2017 engagement letter between Stroz Friedberg and Morrison & Foerster, LLP, engaging Stroz Friedberg to provide services on behalf of Uber Technologies, Inc.

To the extent Request for Production No. 2 requests anything other than the previously described information, Defendants object to this Request as not "very narrowly drawn" (Dkt. No.

61), and as outside the scope of the preliminary injunction briefing. Defendants object to the portion of this request seeking "all" such documents as overly broad, not "very narrowly drawn," and not proportional to the needs of the case. Defendants object to this Request as seeking material covering subject matter about which Mr. Faulkner does not have personal knowledge, and as seeking material outside the scope of his Declaration.

**REQUEST FOR PRODUCTION NO. 3:**

The "forensic analysis" referred to in entry nos. 7-10, 17, the redacted privilege log served by Defendants, and all underlying forensic data related to that analysis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this Request to the extent it seeks documents protected by the common interest and/or joint defense privileges. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents protected by Anthony Levandowski's assertion of his Fifth Amendment rights. Defendants also object to this Request as not "very narrowly drawn" (Dkt. No. 61) to the extent it seeks "all underlying forensic data." Defendants object to this Request as seeking material covering subject matter about which Mr. Faulkner does not have personal knowledge, and as seeking material outside the scope of his Declaration. On the basis of these objections, Defendants respond that they will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the hit counts for each of the Court-ordered 135 search terms (120 proposed by Defendants, and 15 proposed by Waymo) for each custodial (e.g., Anthony Levandowski) and non-custodial (e.g., Git repository) source encompassed by the Court's Order After Hearing Re Discovery Letter Dated April 3, 2017, with a per-term, per-source level of specificity.

OBJECTIONS AND RESPONSES TO FAULKNER DEPOSITION NOTICE AND REQUESTS FOR PRODUCTION
Case No. 3:17-cv-00939-WHA
sf-3753784

3

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants have produced documents sufficient to show the hit counts for each of the search terms ordered by the Court and documents sufficient to show the document sources searched.

**REQUEST FOR PRODUCTION NO. 5:**

Documents pertaining to the "forensic examination" of Sameer Kshirsagar's personal phone, work-issued phone, and work-issued laptop referred to in the Declaration of Sameer Kshirsagar.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

After a reasonable search, Defendants respond that they have produced the two messages from Sameer Kshirsagar's personal Gmail account that are responsive to this request. Defendants also will produce meta search reports and text files generated by Stroz Friedberg in connection with the forensic examination.

To the extent Request for Production No. 5 requests anything other than the previously described information, Defendants do not construe this request as calling for documents related to counsel's request for the forensic examination and counsel's impressions of same, which are protected by the attorney client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show the number of times Anthony Levandowski has accessed any of Defendants' servers or networks (including but not limited to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and any Wi-Fi network provided by Defendants at any of their offices) from a personal device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

After a diligent search and reasonable inquiry, Defendants respond that there are no documents responsive to this Request.

OBJECTIONS AND RESPONSES TO FAULKNER DEPOSITION NOTICE AND REQUESTS FOR PRODUCTION
Case No. 3:17-cv-00939-WHA
sf-3753784

4

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Dated: April 17, 2017

MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
    ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

OBJECTIONS AND RESPONSES TO FAULKNER DEPOSITION NOTICE AND REQUESTS FOR PRODUCTION
Case No. 3:17-cv-00939-WHA
sf-3753784

5