MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:   415.268.7000
Facsimile:   415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:   202.237.2727
Facsimile:   202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | Case No.   3:17-cv-00939-WHA |
| Plaintiff, | **UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S MOTION FOR RECONSIDERATION OF ORDER DENYING-IN-PART ADMINSTRATIVE MOTIONS TO FILE UNDER SEAL (DKT. NO. 550)** |
| v. | |
| UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | Date:   July 20, 2017<br>Time:   9:00 a.m.<br>Ctrm:   F, 15th Floor<br>Judge:   Hon. Jacqueline Scott Corley |
| | Trial Date: October 2, 2017 |

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that on July 20, 2017, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA, in Courtroom 8 before the Honorable Jacqueline Scott Corley, Defendants Uber Technologies, Inc., and Ottomotto LLC ("Uber") will, and hereby do, jointly move the Court, for an order granting the relief sought in its motion for reconsideration of the Court's June 5, 2017 Order Denying In Part Administrative Motions to File Under Seal ("Order"), Docket No. 550.  Specifically, Uber seeks an order:

1. Sealing portions of pages 12-13 of Exhibit 10 to the Schmidt Declaration (Dkt. 444-6) containing personal addresses, telephone numbers, and email addresses of Anthony Levandowski and Lior Ron (Yang Ex. 1 at 12-13 ¶¶ 3.8(b)-(e)); and

2. Sealing portions of pages 8-9 of Exhibit 10 to the Schmidt Declaration (Dkt. 444-6) containing financial and timing terms for which the Court granted sealing in the draft Term Sheet (*Id.* at 8 ¶ 2.3(a) (timing terms); 8-9 ¶¶ 2.5(a)-(b) (financial terms)).  (*See* Dkt. 550 at 3).

For the Court's convenience, Uber has marked the portions subject to this motion in Exhibit 1 to the Declaration of Michelle Yang.

Uber's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the Declaration of Michelle ("Yang Declaration"), any matters of which this Court may take judicial notice, and on such other written and oral argument as may be presented to the Court.

Dated: June 12, 2017                    MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
     ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UBER AND OTTO'S MOTION FOR RECONSIDERATION OF ORDER DENYING-IN-PART ADMIN. MOT. TO FILE UNDER SEAL - Case No. 3:17-cv-00939-WHA
dc-879931

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Uber respectfully requests an order sealing certain personal information and financial and timing terms it has identified in portions of one document. Uber's request is narrow. It encompasses only the following confidential information in Exhibit 10 to the Schmidt Declaration, an "Indemnification Agreement" ("Exhibit 10"), filed as Dkt. No. 444-6: (1) portions on pages 12-13 containing personal information of Anthony Levandowski and Lior Ron (Yang Ex. 1 at 12-13 ¶¶ 3.8(b)-(e)); and (2) portions of pages 8-9 containing financial and timing terms for which the Court granted sealing in draft form in Exhibit C to the Term Sheet (*Id.* at 8 ¶ 2.3(a) (timing terms); 8-9 ¶¶ 2.5(a)-(b) (financial terms)).[1]

The Ninth Circuit has explained that "[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City of Cnty. of Honolulu*, 477 F.3d 1172, 1180 (9th Cir. 2009). In particular, good cause has been found to keep sealed confidential personal information such as addresses. *See id.* at 1184 (affirming magistrate judge's sealing of home address that "could expose the officers and their families to harm or identity theft"); *Sullivan v. Prudential Ins. Co. of Am.*, No. 2:12-cv-01173, 2012 WL 3763904 (E.D.Cal. Aug. 29, 2012) (granting motion to seal documents "replete with confidential personal information, including Plaintiff's financial information, Social Security number, address, birth date, and medical history").

The marked portions on pages 12-13 of Exhibit 10 contain the personal addresses, telephone numbers, and email addresses of Anthony Levandowski and Lior Ron. This case has been the subject of much public and media interest, and disclosure of this personal information could harm the privacy interests of these individuals and their families. (Yang Decl. ¶ 4.) For example, if these personal addresses and contact information were disclosed publicly, Messrs. Levandowski and Ron and their families could be exposed to harm or identity theft. (*Id.*) Good exist exists to seal this personal information. *See Kamakana*, 477 F.3d at 1184.

---

[1] Uber met and conferred with Waymo about this motion for reconsideration on June 12, 2017. Waymo indicated that it did not oppose the sealing of Messrs. Levandowski and Ron's personal information or the timing terms, but it opposed sealing of the financial terms. (Yang Decl. ¶ 5.)

UBER AND OTTO'S MOTION FOR RECONSIDERATION OF ORDER DENYING-IN-PART ADMIN. MOT. TO FILE UNDER SEAL - Case No. 3:17-cv-00939-WHA
dc-879931

2

The marked portions on pages 8-9 of Exhibit 10 contain confidential financial and highly confidential timing terms to the Indemnification Agreement for which the Court granted sealing in draft form.  (*Compare* Yang Ex. 1 at 8 ¶ 2.3(a) (timing terms); 8-9 ¶¶ 2.5(a)-(b) (financial terms), *with* Dkt. 444-5 at 51 (Exhibit C to Term Sheet).)  In the June 5, 2017 Order, the Court granted sealing of Exhibit C to the Term Sheet with respect to (1) the "indented paragraph on page 2 beginning with 'If the Closing occurs . . . .'" and (2) "the timing referenced in the last paragraph on the same page."  (Dkt. 550 at 3.)  The Court had found that this confidential business information merited sealing.  The marked portions on pages 8-9 likewise contain confidential business information that could be used by competitors to Uber's detriment, including in the context of negotiating deals.  (Yang Decl. ¶ 3.)  If this information were disclosed, for example, competitors could obtain a competitive advantage by offering better terms than Uber, such that Uber's competitive standing would be harmed.  (*Id.*)  Good cause therefore exists to seal these narrow portions of the Indemnification Agreement.

For the foregoing reasons, Uber respectfully requests that the Court grant its motion for reconsideration and grant the sealing of: (1) the identified portions on pages 12-13 of Exhibit 10 containing personal information of Messrs. Levandowski and Ron; and (2) the identified portions of pages 8-9 of Exhibit 10 containing financial and timing terms.

Dated: June 12, 2017                                MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
      ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UBER AND OTTO'S MOTION FOR RECONSIDERATION OF ORDER DENYING-IN-PART ADMIN. MOT. TO FILE UNDER SEAL - Case No. 3:17-cv-00939-WHA
dc-879931

3