# EXHIBIT 1

| | |
|---|---|
| **From:** | Rivera, Sylvia <SRivera@mofo.com> |
| **Sent:** | Monday, June 12, 2017 9:30 PM |
| **To:** | Melissa Baily; 'John Cooper'; David Perlson |
| **Cc:** | James Judah; Kevin Smith; 'Edward Takashima'; 'Matthew Cate'; 'Rachel Walsh (RWalsh@goodwinlaw.com)'; 'Neel Chatterjee (nchatterjee@goodwinlaw.com)'; 'Shane Brun (SBrun@goodwinlaw.com)'; 'Brett Schuman (BSchuman@goodwinlaw.com)'; QE-Waymo; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit' |
| **Subject:** | Re: Waymo v. Uber: Privilege Review |

Melissa and John,

Given the late hour, and since the parties are conferring at 10 am, perhaps John could contact Magistrate Judge Corley's clerk or chambers in the morning and inform them that a joint filing is forthcoming?

Sylvia

---

**From:** Melissa Baily
**Sent:** Monday, June 12, 2017 9:22 PM
**To:** Rivera, Sylvia; 'John Cooper'; David Perlson
**Cc:** James Judah; Kevin Smith; 'Edward Takashima'; 'Matthew Cate'; 'Rachel Walsh (RWalsh@goodwinlaw.com)'; 'Neel Chatterjee (nchatterjee@goodwinlaw.com)'; 'Shane Brun (SBrun@goodwinlaw.com)'; 'Brett Schuman (BSchuman@goodwinlaw.com)'; QE-Waymo; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit'
**Subject:** RE: Waymo v. Uber: Privilege Review

- External Email -

---

Sylvia,
Circling back on this. Do we have approval from Uber, Ottomoto, and Otto Trucking to file? Please let us know whose signatures to include. If we do not hear from you, we will file something on behalf of Waymo at 10 p.m.
Melissa

**From:** Melissa Baily
**Sent:** Monday, June 12, 2017 8:20 PM
**To:** 'Rivera, Sylvia' ; 'John Cooper' ; David Perlson
**Cc:** James Judah ; Kevin Smith ; Edward Takashima ; Matthew Cate ; Rachel Walsh (RWalsh@goodwinlaw.com) ; Neel Chatterjee (nchatterjee@goodwinlaw.com) ; Shane Brun (SBrun@goodwinlaw.com) ; Brett Schuman (BSchuman@goodwinlaw.com) ; QE-Waymo; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit
**Subject:** RE: Waymo v. Uber: Privilege Review

Sylvia,
We cannot submit such a statement: we have not been meeting and conferring about "the remaining entries on Uber's privilege logs," as Uber has not even told us which entries those are. We have requested that information and would appreciate it as soon as possible. We propose the following language for this evening's joint filing:

In accordance with the Court's Order Regarding Uber's Privilege Log dated June 8, 2017 (Dkt. No. 567), Plaintiff Waymo LLC and Defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC have agreed that, by June 13 at 5 p.m., Defendants will serve amended privilege logs that, among other things, identify any documents Defendants plan to withhold regardless whether the Court adopts the order granting Waymo's

1

motion to compel the due diligence materials. At 10 a.m. on June 13, the parties will meet and confer regarding a complete briefing schedule and page limits for any motion practice related to those logs; and at 11 a.m. on June 14, the parties will meet and confer regarding the content of those logs. Special Master Cooper has instructed that Waymo file any motion regarding the amended privilege logs on June 14.

Please confirm we have Defendants' approval to file.

Melissa

**From:** Rivera, Sylvia [mailto:SRivera@mofo.com]
**Sent:** Monday, June 12, 2017 7:27 PM
**To:** 'John Cooper' <JCooper@fbm.com>; David Perlson <davidperlson@quinnemanuel.com>
**Cc:** James Judah <jamesjudah@quinnemanuel.com>; Kevin Smith <kevinsmith@quinnemanuel.com>; Melissa Baily <melissabaily@quinnemanuel.com>; Edward Takashima <etakashima@BSFLLP.com>; Matthew Cate <MCate@fbm.com>; Rachel Walsh <RWalsh@goodwinlaw.com> <RWalsh@goodwinlaw.com>; Neel Chatterjee (nchatterjee@goodwinlaw.com) <nchatterjee@goodwinlaw.com>; Shane Brun <SBrun@goodwinlaw.com> <SBrun@goodwinlaw.com>; Brett Schuman (BSchuman@goodwinlaw.com) <BSchuman@goodwinlaw.com>; QE-Waymo <qewaymo@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>
**Subject:** RE: Waymo v. Uber: Privilege Review

Counsel,

Consistent with John's message below, how about the following for a joint submission tonight:

In accordance with the Court's Order Regarding Uber's Privilege Log dated June 8, 2017 (Dkt. No. 567), Plaintiff Waymo LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC have been meeting and conferring, with the assistance of Special Master Cooper, regarding the remaining entries on Uber's privilege logs. The parties are attempting to narrow and focus the issues for the Court and Waymo expects to file a motion this Wednesday, June 14, 2017.

Sylvia

**From:** John Cooper [mailto:JCooper@fbm.com]
**Sent:** Monday, June 12, 2017 7:04 PM
**To:** David Perlson
**Cc:** James Judah; Rivera, Sylvia; Kevin Smith; Melissa Baily; Edward Takashima; Matthew Cate; Rachel Walsh (RWalsh@goodwinlaw.com); Neel Chatterjee (nchatterjee@goodwinlaw.com); Shane Brun (SBrun@goodwinlaw.com); Brett Schuman (BSchuman@goodwinlaw.com); QE-Waymo; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit
**Subject:** Re: Waymo v. Uber: Privilege Review

**- External Email -**

I believe that the process is to meet and confer to narrow and focus the issues for Waymo to file its motion on Wednesday.

John L. Cooper
Farella Braun + Martel LLP
Direct: 415 954 4410
jcooper@fbm.com

On Jun 12, 2017, at 6:59 PM, David Perlson <davidperlson@quinnemanuel.com> wrote:

John, we are happy to meet and confer as we said, but we are concerned that Magistrate Corley directed the parties to submit their proposed process for resolving further privilege log disputes by the close of business today.
David

**From:** John Cooper [mailto:JCooper@fbm.com]
**Sent:** Monday, June 12, 2017 6:52 PM
**To:** David Perlson <davidperlson@quinnemanuel.com>
**Cc:** James Judah <jamesjudah@quinnemanuel.com>; Rivera, Sylvia <SRivera@mofo.com>; Kevin Smith <kevinsmith@quinnemanuel.com>; Melissa Baily <melissabaily@quinnemanuel.com>; Edward Takashima <etakashima@BSFLLP.com>; Matthew Cate <MCate@fbm.com>; Rachel Walsh (RWalsh@goodwinlaw.com) <RWalsh@goodwinlaw.com>; Neel Chatterjee (nchatterjee@goodwinlaw.com) <nchatterjee@goodwinlaw.com>; Shane Brun (SBrun@goodwinlaw.com) <SBrun@goodwinlaw.com>; Brett Schuman (BSchuman@goodwinlaw.com) <BSchuman@goodwinlaw.com>; QE-Waymo <qewaymo@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>
**Subject:** Re: Waymo v. Uber: Privilege Review

Counsel
Let's include this issue in the meet and confer session scheduled for tomorrow at 10 AM. John

John L. Cooper
Farella Braun + Martel LLP
Direct: 415 954 4410
jcooper@fbm.com


On Jun 12, 2017, at 6:50 PM, David Perlson <davidperlson@quinnemanuel.com> wrote:

> John, we are happy to further meet and confer tomorrow morning regarding page limits and the briefing schedule following our motion Wednesday. We think we need to meet and confer tomorrow morning on this given the timeframe. What we are concerned with is Defendants' attempt to push our opening brief past Wednesday and further delay resolution of this issue.
> David
>
> **From:** John Cooper [mailto:JCooper@fbm.com]
> **Sent:** Monday, June 12, 2017 6:46 PM
> **To:** James Judah <jamesjudah@quinnemanuel.com>
> **Cc:** Rivera, Sylvia <SRivera@mofo.com>; Kevin Smith <kevinsmith@quinnemanuel.com>; Melissa Baily <melissabaily@quinnemanuel.com>; Edward Takashima <etakashima@BSFLLP.com>; Matthew Cate <MCate@fbm.com>; Rachel Walsh (RWalsh@goodwinlaw.com) <RWalsh@goodwinlaw.com>; Neel Chatterjee (nchatterjee@goodwinlaw.com) <nchatterjee@goodwinlaw.com>; Shane Brun (SBrun@goodwinlaw.com) <SBrun@goodwinlaw.com>; Brett Schuman (BSchuman@goodwinlaw.com) <BSchuman@goodwinlaw.com>; QE-Waymo <qewaymo@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>
> **Subject:** Re: Waymo v. Uber: Privilege Review
>
> Counsel
> As we previously discussed, I believe that the parties should meet and confer on this process prior to Waymo filing its motion on Wednesday. We can meet and confer either tomorrow or Wednesday morning. John
>
> John L. Cooper

Farella Braun + Martel LLP
Direct: 415 954 4410
jcooper@fbm.com

On Jun 12, 2017, at 6:04 PM, James Judah <jamesjudah@quinnemanuel.com> wrote:

> Sylvia and John –
> Magistrate Judge Corley's Order directed the parties to "propose a
> process for promptly resolving any further privilege log disputes" –
> which is exactly what Waymo proposes below, starting with the agreed-
> upon deadline of Wednesday for Waymo to file its motion. Wednesday
> is also the date that the Special Master directed Waymo to file its brief.
> The Wednesday meet and confer that the parties agreed to is to
> attempt to narrow/resolve issues in advance of Waymo's motion. What
> you propose below is a process for **creating** a process to resolve further
> privilege log disputes, and we are concerned it is not prompt enough or
> specific enough to comply with Magistrate Judge Corley's Order. If
> Defendants have an alternative proposal for a complete briefing
> schedule and page limits, please provide it immediately.
> John, we would appreciate hearing your thoughts as well since the
> Court ordered us to provide our process by close of business today.
> Thank you,
> James
>
> **From:** Rivera, Sylvia [mailto:SRivera@mofo.com]
> **Sent:** Monday, June 12, 2017 5:18 PM
> **To:** Kevin Smith <kevinsmith@quinnemanuel.com>; Melissa Baily
> <melissabaily@quinnemanuel.com>; 'Edward Takashima'
> <etakashima@BSFLLP.com>; 'John Cooper (JCooper@fbm.com)'
> <JCooper@fbm.com>; 'Matthew Cate (MCate@fbm.com)'
> <MCate@fbm.com>; 'Rachel Walsh (RWalsh@goodwinlaw.com)'
> <RWalsh@goodwinlaw.com>; 'Neel Chatterjee
> (nchatterjee@goodwinlaw.com)' <nchatterjee@goodwinlaw.com>;
> 'Shane Brun (SBrun@goodwinlaw.com)' <SBrun@goodwinlaw.com>;
> 'Brett Schuman (BSchuman@goodwinlaw.com)'
> <BSchuman@goodwinlaw.com>; QE-Waymo
> <qewaymo@quinnemanuel.com>
> **Cc:** UberWaymoMoFoAttorneys
> <UberWaymoMoFoAttorneys@mofo.com>;
> 'BSF_EXTERNAL_UberWaymoLit'
> <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>
> **Subject:** RE: Waymo v. Uber: Privilege Review
> Kevin,
> Our emails crossed. I just responded to Melissa's email, which contained
> Waymo's proposed text, and proposed neutral language that accurately
> reflects where our discussion with Special Master Cooper left off this
> afternoon with regard to this subject.
> Sylvia
>
> **From:** Kevin Smith [mailto:kevinsmith@quinnemanuel.com]
> **Sent:** Monday, June 12, 2017 5:12 PM

**To:** Melissa Baily; 'Edward Takashima'; 'John Cooper (JCooper@fbm.com)'; 'Matthew Cate (MCate@fbm.com)'; 'Rachel Walsh (RWalsh@goodwinlaw.com)'; 'Neel Chatterjee (nchatterjee@goodwinlaw.com)'; 'Shane Brun (SBrun@goodwinlaw.com)'; 'Brett Schuman (BSchuman@goodwinlaw.com)'; QE-Waymo
**Cc:** UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit'
**Subject:** RE: Waymo v. Uber: Privilege Review
**- External Email -**

Counsel,
The Magistrate Judge's order directed Uber and Waymo to submit their proposed process for resolving further privilege log disputes by the close of business today, which has now passed. We have prepared the attached draft. Please let us know if we have Uber's permission to file the attached.
Kevin Smith
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Direct: (415) 875-6383
Main Phone: (415) 875-6600
Main Fax: (415) 875-6700
E-mail: kevinsmith@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Melissa Baily
**Sent:** Monday, June 12, 2017 2:29 PM
**To:** 'Edward Takashima' <etakashima@BSFLLP.com>; 'John Cooper (JCooper@fbm.com)' <JCooper@fbm.com>; 'Matthew Cate (MCate@fbm.com)' <MCate@fbm.com>; 'Rachel Walsh (RWalsh@goodwinlaw.com)' <RWalsh@goodwinlaw.com>; 'Neel Chatterjee (nchatterjee@goodwinlaw.com)' <nchatterjee@goodwinlaw.com>; 'Shane Brun (SBrun@goodwinlaw.com)' <SBrun@goodwinlaw.com>; 'Brett Schuman (BSchuman@goodwinlaw.com)' <BSchuman@goodwinlaw.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** 'UberWaymoMoFoAttorneys' <UberWaymoMoFoAttorneys@mofo.com>;
'BSF_EXTERNAL_UberWaymoLit'

<BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>
**Subject:** RE: Waymo v. Uber: Privilege Review
Counsel,
In compliance with Magistrate Judge Corley's order regarding the resolution of remaining privilege issues, we propose that the parties jointly submit the following statement:
On Thursday June 8, Waymo reiterated its view that the privilege logs served by Defendants were deficient and not useful for evaluating the privileges asserted. During a discussion with Special Master Cooper that same day, Defendants stipulated that they would serve an amended privilege log – any deficiencies in which would constitute waiver – by 5 p.m. on Tuesday June 13. Defendants further stipulated that the log would identify any documents that Defendants contend are not implicated by the reasoning of the Court's order granting Waymo's motion to compel the due diligence materials. While reserving its rights regarding the deficiencies in the logs that Defendants have relied on to date, Waymo agreed to review the amended log before initiating motion practice. On Wednesday, Waymo will submit a letter brief of no more than 7 pages on remaining privilege issues. Uber will submit a responsive letter brief, if any, of no more than 7 pages on Thursday. Waymo will submit a reply letter brief of no more than 5 pages on Friday.
We considered Special Master Cooper's suggestion that briefs be shorter; however, our guess is that Defendants will continue to assert multiple privileges over thousands of documents, and we want to make sure we are able to address all issues in one filing.
Please let us know if we can affix electronic signatures for Defendants' counsel to the statement.
Thanks,
Melissa

---

**From:** Melissa Baily
**Sent:** Sunday, June 11, 2017 1:24 PM
**To:** 'Edward Takashima' <etakashima@BSFLLP.com>; 'John Cooper (JCooper@fbm.com)' <JCooper@fbm.com>; 'Matthew Cate (MCate@fbm.com)' <MCate@fbm.com>; 'Rachel Walsh (RWalsh@goodwinlaw.com)' <RWalsh@goodwinlaw.com>; 'Neel Chatterjee (nchatterjee@goodwinlaw.com)' <nchatterjee@goodwinlaw.com>; 'Shane Brun (SBrun@goodwinlaw.com)' <SBrun@goodwinlaw.com>; 'Brett Schuman (BSchuman@goodwinlaw.com)' <BSchuman@goodwinlaw.com>; QE-Waymo <gewaymo@quinnemanuel.com>
**Cc:** 'UberWaymoMoFoAttorneys' <UberWaymoMoFoAttorneys@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit' <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>
**Subject:** RE: Waymo v. Uber: Privilege Review
Counsel,
In order to facilitate discussion and resolution of remaining issues regarding privilege, Waymo requests that, in connection with the

Tuesday 5 p.m. deadline, Defendants produce a single log that lists each withheld document only once, indicating all of its custodians in the "custodian" field. Each entry would need to cross reference the prior entries related to the same document in Defendants' previous logs, but we think a single consolidated log will be useful for the Court, the Special Master, and the parties in evaluating Defendants' privilege claims.

Melissa

**From:** Melissa Baily
**Sent:** Friday, June 09, 2017 1:34 PM
**To:** Edward Takashima <etakashima@BSFLLP.com>; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate (MCate@fbm.com) <MCate@fbm.com>; Rachel Walsh (RWalsh@goodwinlaw.com) <RWalsh@goodwinlaw.com>; Neel Chatterjee (nchatterjee@goodwinlaw.com) <nchatterjee@goodwinlaw.com>; Shane Brun (SBrun@goodwinlaw.com) <SBrun@goodwinlaw.com>; Brett Schuman (BSchuman@goodwinlaw.com) <BSchuman@goodwinlaw.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>
**Subject:** RE: Waymo v. Uber: Privilege Review

Counsel,

Our understanding from today's call with Mr. Cooper is that Defendants have stipulated that they will be revising their privilege logs to provide accurate, detailed entries by 5 p.m. on Tuesday June 13. Such logs will incorporate the information that Defendants were supposed to have provided by today – i.e., an indication as to which documents they will continue to withhold on privilege grounds regardless of Magistrate Judge Corley's June 5 order. In light of that, without waiving any of our arguments or remedies as to the infirmities in the logs to date, we will be forego filing our motion on Sunday.

Please make sure that the number of each amended entry remains the same so that we can understand the changes that have been made. We also reiterate our request for the production of logs in native form.

We will review Defendants' statement to be circulated by 2 p.m. today, so that we can meet and confer as much as possible in the absence of the revised logs. Once we have the revised logs, we propose that all remaining privilege issues be teed up for motion practice on Wednesday.

Thanks,
Melissa

**From:** Melissa Baily
**Sent:** Friday, June 09, 2017 11:17 AM
**To:** 'Edward Takashima' <etakashima@BSFLLP.com>; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate (MCate@fbm.com) <MCate@fbm.com>; Rachel Walsh

(RWalsh@goodwinlaw.com) <RWalsh@goodwinlaw.com>; Neel
Chatterjee (nchatterjee@goodwinlaw.com)
<nchatterjee@goodwinlaw.com>; Shane Brun
(SBrun@goodwinlaw.com) <SBrun@goodwinlaw.com>; Brett Schuman
(BSchuman@goodwinlaw.com) <BSchuman@goodwinlaw.com>; QE-
Waymo <qewaymo@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys
<UberWaymoMoFoAttorneys@mofo.com>;
BSF_EXTERNAL_UberWaymoLit
<BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>
**Subject:** RE: Waymo v. Uber: Privilege Review
Special Master Cooper and Counsel,
This is unacceptable.
On Wednesday, Judge Alsup repeatedly admonished the parties to
move as quickly as possible on this specific issue, and the Special Master
has accordingly done the same. Judge Corley's order regarding the due
diligence materials was issued ***on Monday***. Defendants have already
had plenty of time to sort through which entries on their logs they
contend remain privileged in light of that order. And Defendants
themselves had agreed they would provide that information by today.
Moreover, the notion that ***Waymo*** should do something to analyze
***Defendants'*** privilege assertions is ridiculous on its face, but it is
especially so in light of the fact that Defendants' logs are essentially
meaningless. Not only are the descriptions of the logged documents
hopelessly broad and vague, the information contained in the log
appears to bear no relationship to the actual documents described. We
have already provided the example of Priv. Log. No. 1463 from the
4/10/17 privilege log, which was later produced as UBER00017199. Not
a single bit of information in any field of that entry corresponded to the
associated document. The same is true for Priv. Log. No. 1464 from the
4/10/17 privilege log, which was later produced as UBER00017200 – not
a single field of that entry contains information describing the
associated document. Defendants' explanation was that the description
of the email to which these documents were attached was erroneously
used for the attachments as well. But that is not true: the descriptions
of the attachments vary, with – for example – some referring to
Levandowski, Ron, Burnette, Juelsgaard, and/or Sebern and others
referring only to Levandowski and/or Gardner.
The uselessness of the logs is further exemplified by Sylvia's
commentary in the email thread attached. There she indicates that the
same 67 documents were logged twice – once as Priv. Log. Nos. 1456-
1522 and again at Priv. Log. Nos. 312-378. But the same 67 attachments
appear to have been handled differently each time: in the first instance,
52 attachments were produced, 11 were re-logged, and 4 were neither
produced nor re-logged; in the second instance, 39 attachments were
produced, 10 were re-logged, and 18 were neither produced nor re-
logged. Moreover, it appears that the documents that were re-logged
continue to carry the date of the ***cover email***, when we suspect that
those documents were prepared prior to their attachment to the email.
Given that Defendants are contending that timing may be relevant to

determining whether the common interest privilege applies, Defendants will need to provide the actual date of any email attachments. In addition, the re-logged documents refer to four entire law firms in the "sent by / author" field – but Defendants are required to provide, and Waymo is entitled to know, the actual individual author(s) of the documents. Similarly, re-logged documents are still described using "and/or" notations and some refer to an unidentified "Ottomotto employee" – all of which is improper.

We can provide additional examples.

As we have noted, we cannot keep going around and around with respect to these logs, which are facially deficient, inconsistent, and erroneous. Such logs cannot be used to justify any asserted privilege, and it is Waymo's view that, at this point, all asserted privileges should be deemed waived. Accordingly, we propose that the parties file simultaneous 3-page letter briefs at 5 p.m. on Sunday, addressing (i) why Defendants have or have not waived all privileges in light of the state of their logs and, in the alternative, (ii) why Defendants should or should not be ordered to provide detailed, accurate privilege logs describing any documents that Defendants contend remain privileged in light of Judge Corley's June 5 order by 5 p.m. on June 13. No meaningful meet and confer can take place without privilege logs that correctly describe – in detail – the actual documents being withheld. To the extent the privileges haven't been waived already, we are going to need such privilege logs to make any progress regarding claims of privilege, and the Court should order Defendants to provide such logs by June 13, so that all remaining issues can be crystallized for motion practice by June 14.

In parallel, we will review whatever "principles" Defendants wish to share regarding their privilege assertions and meet and confer about those "principles." This will facilitate teeing up any remaining issues based on any accurate, detailed logs that Defendants provide.

Thanks, Melissa

---

**From:** Edward Takashima [mailto:etakashima@BSFLLP.com]
**Sent:** Thursday, June 08, 2017 11:37 PM
**To:** John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate (MCate@fbm.com) <MCate@fbm.com>; Rachel Walsh (RWalsh@goodwinlaw.com) <RWalsh@goodwinlaw.com>; Neel Chatterjee (nchatterjee@goodwinlaw.com) <nchatterjee@goodwinlaw.com>; Shane Brun (SBrun@goodwinlaw.com) <SBrun@goodwinlaw.com>; Brett Schuman (BSchuman@goodwinlaw.com) <BSchuman@goodwinlaw.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>
**Subject:** Waymo v. Uber: Privilege Review

Special Master Cooper and Counsel,

We write to follow up on our discussions concerning Uber's privilege logs pertaining to documents produced in response to the Court's March 16 Order, as well as in response to Magistrate Judge Corley's order today (Dkt. 567) requiring the parties to meet and confer and propose a process for promptly resolving privilege log disputes. The privilege logs at issue are: Defendants' 4-27-17 Amended Privilege Log; Defendants' 4-27-17 Amended Supplemental Privilege Log; Defendants' 4-27-17 Second Supplemental Privilege Log; Defendants' 4-28-17 Third Supplemental Privilege Log; and Defendants' 5-18-17 Fourth Supplemental Privilege Log.

We are in the process of reviewing our logged documents to determine how they are affected by Judge Corley's June 5 Order (the "MTC Order"). Due to the volume of documents, we will not be able to complete that process by tomorrow. However, we can provide an explanation by 2:00 p.m. tomorrow of the principles we believe should govern any downgrades, based on the MTC Order. We propose that Waymo provide its interpretation of the MTC Order at the same time so that the parties can come into the scheduled noon meet and confer on Monday knowing each others' positions. We will have a better sense tomorrow of when we will have a complete list of documents that would be downgraded from Uber's privilege logs based on Uber's interpretation of the MTC Order, and can discuss that on the scheduled noon meet and confer.

**Edward H. Takashima**
Partner

BOIES SCHILLER FLEXNER LLP
401 Wilshire Blvd, Suite 850
Santa Monica, CA 90401
(t) +1 310 752 2408
(m) +1 213 399 4154
etakashima@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

===========================================================
==================

This message may be confidential and privileged. Use or disclosure by

anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

_____
_

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

=======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.