Neel Chatterjee (SBN 173985)
*nchatterjee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
*bschuman@goodwinlaw.com*
Rachel M. Walsh (SBN 250568)
*rwalsh@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
Otto Trucking LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Waymo LLC, | Case No. 3:17-cv-00939-WHA |
| Plaintiff, | **DEFENDANT OTTO TRUCKING LLC'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. NO. 549)** |
| v. | |
| Uber Technologies, Inc.; *et al.*, | |
| Defendants. | Courtroom: 8 - 19th Floor<br>Judge: Hon. William Alsup |

I.   **Otto Trucking Has, And Preserved, An Enforceable Privilege In Levandowski's Communications With Stroz.**

Levandowski, a principal at Otto Trucking, communicated confidentially with Stroz, an investigation firm acting as the agent of OMM, Otto Trucking's attorneys. Otto Trucking has an attorney-client privilege in those communications.

Contrary to Waymo's brief (at 3), Otto Trucking presented this argument to Judge Corley—Judge Corley just ignored it. Otto Trucking joined Uber and Ottomotto's opposition to Waymo's motion to compel. ECF No. 389. That opposition argued that Stroz's report and exhibits were privileged because they "reflect information provided in confidence to an agent of counsel, at the direction of counsel, for the purpose of obtaining legal advice from OMM and MoFo." ECF No. 369 at 5. That is precisely what Otto Trucking argues here: that Stroz's report and exhibits reflect confidential communication from Otto Trucking's principal to OMM's agent.

The fact that Otto Trucking is not mentioned by name in Stroz's engagement letter does not diminish Otto Trucking's privilege in its principal's statements. Like Ottomotto, Otto Trucking retained OMM, was a party to the joint defense agreement, and shared Ottomotto's (and Uber's, Levandowski's, and Ron's) common interest in combatting litigation from Waymo. That common interest gave Otto Trucking an "implied attorney-client relationship" with attorneys acting to further the joint-defense interests, even if those attorneys (and their agents) were retained by other joint-defense parties. *United States v. Henke*, 222 F.3d 633, 637 (9th Cir. 2000). That is especially true where, as here, OMM represented both Ottomotto and Otto Trucking. *Cf. In re Regents of University of California*, 101 F.3d 1386, 1390 (Fed. Cir. 1996). Given that Stroz was retained by joint defense parties to further the those parties' common legal interest, Otto Trucking had an attorney-client privilege in its principal's communications with Stroz.

As Otto Trucking explained (at 2), Judge Corley's conclusion that Levandowski was communicating with Stroz in his "individual" capacity is clearly wrong: even if Levandowski had personal reasons for participating in the investigation, Stroz was nevertheless retained to assist the joint defense parties' attorneys in providing legal advice. Waymo ignores Otto Trucking's argument; it simply quotes Judge Corley's conclusion without defending it.

**II.     Stroz Was Retained To Further Otto, Uber, Levandowski, and Ron's Common Interest In Preparing For A Legal Challenge By Waymo.**

As Otto Trucking explained (at 3 & n.2), numerous courts have held that parties nearing completion of a commercial transaction have a common legal interest in preparing for litigation that is likely to occur when the transaction closes.  Waymo cannot dispute this.  It ignores *Rayman v. American Charter Federal Savings & Loan Association*, 148 F.R.D. 647, 655 (D. Neb. 1993), which is directly on point.  And it incorrectly claims that other courts have disagreed with *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 115 F.R.D. 308 (N.D. Cal. 1987).  While courts have questioned dicta in *Hewlett-Packard* suggesting that *all* exchanges in a commercial negotiation are protected, the cases Waymo cites *agree* that disclosures between parties *preparing for joint litigation upon completion of a transaction* fall within the common-interest doctrine. *E.g.*, *Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, 348 (N.D. Ohio 1999)  (common-interest doctrine applies when, during commercial negotiations, "disclosures are made in the course of 'formulating a common legal strategy'" (quoting *Bank Brussels Lambert v. Credit Lyonnais*, 160 F.R.D. 437, 447 (S.D.N.Y.1995)).  The district court disregarded these cases.

Because the parties were close to completing the acquisition, there was a "real possibility" that the deal would go through, and the parties reasonably began preparing for joint litigation. *Hewlett-Packard*, 115 F.R.D. at 309-10.  Waymo criticizes Otto Trucking (at 6) for emphasizing the late stages of negotiation, but that is precisely the type of factor courts look to in determining the reasonableness of beginning to prepare a joint defense.  *E.g.*, *id.*  Waymo also notes that Otto Trucking did not sign the term sheet, but given Otto Trucking's close relation to the other parties it reasonably anticipated that it would be a defendant if Waymo brought suit—a prescient concern given that it is a co-defendant in this case even though it was not acquired.

Even assuming Stroz's investigation served a role in the diligence process, that does not remove it from the common-interest doctrine.  As Otto Trucking explained (at 4-5), and Waymo does not dispute, courts regularly apply the common-interest doctrine to disclosures that further a common interest in preparing for litigation even when those disclosures *also* serve a due-diligence role, *e.g.*, *Hewlett-Packard*, 115 F.R.D. at 309; *Rayman*, 148 F.R.D. at 653, and even when the

parties may have an indemnification dispute, *e.g.*, *Callwave Communications, LLC v. Wavemarket, Inc.*, No. 14-cv-80112, 2015 WL 831539, at *4 (N.D. Cal. Feb. 23, 2015). Judge Corley could not permissibly conclude, given the uncontroverted testimonial and documentary evidence, that Stroz's work played *no* role in the joint defense parties' litigation preparations.

### III.     The Joint Defense Parties Were Not Even Potential Litigation Adversaries.

Parties are not potential adversaries simply because they are on opposite sides of a commercial transaction. Waymo claims (at 11-12) that a potential future indemnification dispute made the parties adversaries. But any commercial transaction could lead to litigation, and, as discussed, courts regularly conclude that negotiating parties' interests are *aligned*, not adversarial.

### IV.     Otto Trucking Reserves Its Right To Challenge Any Specific Classification Of Work Product As Fact Work Product.

Judge Corley suggested (at 23) that some of the documents and reports at issue are fact, rather than opinion, work product. Otto Trucking cannot challenge that conclusion given its lack of specificity, and reserves its right to challenge any future fact-work-product classification.

### V.     If The Court Upholds Judge Corley's Decision, It Should Grant A Brief Stay.

The Federal Circuit has recognized that "an appeal after disclosure of [attorney-client] privileged communication is an inadequate remedy," and thus that "mandamus is appropriate." *Regents*, 101 F.3d at 1387. If the Court denies this motion, it should grant a brief stay to allow Otto Trucking to seek mandamus. *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), is not to the contrary. *Mohawk* simply held that adverse privilege rulings are not *always* appealable as collateral orders. That holding, however, depended in part on mandamus as a "safety valve" for correcting errors in privilege decisions. *Id.* at 111. A stay will not prejudice Waymo: the Federal Circuit generally decides mandamus petitions quickly, and if necessary, this Court could extend fact discovery to address limited issues related to the privileged documents.

### VI.     Conclusion

The Court should grant Otto Trucking relief from Judge Corley's order, and deny Waymo's motion to compel. If the Court upholds Judge Corley's order, it should briefly stay its decision pending Otto Trucking's petition for a writ of mandamus to the Federal Circuit.

| | | |
|---|---|---|
| Dated: June 13, 2017 | | Respectfully submitted, |

                                                          By: /s/ I. Neel Chatterjee
                                                               Neel Chatterjee (SBN 173985)
                                                               *nchatterjee@goodwinlaw.com*
                                                               **GOODWIN PROCTER LLP**
                                                               135 Commonwealth Drive
                                                               Menlo Park, California 94025
                                                               Tel.: +1 650 752 3100
                                                               Fax.: +1 650 853 1038

                                                               Brett Schuman (SBN 189247)
                                                              *bschuman@goodwinlaw.com*
                                                               Rachel M. Walsh (SBN 250568)
                                                              *rwalsh@goodwinlaw.com*
                                                              **GOODWIN PROCTER LLP**
                                                              Three Embarcadero Center
                                                              San Francisco, California 94111
                                                              Tel.: +1 415 733 6000
                                                              Fax.: +1 415 677 9041

                                                              *Attorneys for Defendant*
                                                              *Otto Trucking LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on June 13, 2017.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.  Executed this 13th day of  June 2017.

    /s/ I. Neel Chatterjee
    I. Neel Chatterjee