QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | CASE NO. 3:17-cv-00939-WHA <br><br> **WAYMO'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE (DKT. 529)** |

Defendants seek to strike Waymo's Opposition (Dkt. 526) to Defendants' Administrative Motion to File Under Seal Acquisition Documents (Dkt. 515), which sought to file under seal, in their *entirety*, several documents regarding Uber's acquisition of Otto ("Acquisition Documents"). Defendants reason that Waymo's Opposition should be stricken because, according to Defendants, Waymo was not even allowed to oppose Defendants' Administrative Motion to Seal without first following the procedures for challenging designations under the Protective Order.[1] Dkt. 529 at 1. Defendants' Motion to Strike is a baseless waste of Court resources, and a transparent attempt to further hide from the public documents and information it does not like.

Initially, as Waymo pointed out its Opposition, Defendants filed the Acquisition Documents under seal in their entirety even though they did not designate these same documents under the Protective Order in their entirety when producing them to Waymo. Dkt. 526 at 1. This Court recently denied Defendants' attempt to file a document entirely under seal even though they had previously designated only portions of the document. *See* Dkt. 550 at 2-3. The same rule should control here. Defendants do not dispute that they previously asserted confidentiality only over select portions of the Acquisition Documents. Instead, Defendants contend the Court stated Defendants could file the Acquisition Documents "under the protective order." Dkt. 529 at 1 n.1. But Defendants produced the Acquisition Documents to Waymo without designating the entire documents "under the protective order." So this is no explanation at all. It also shows that Defendants' contention that the procedure for challenging designations under the Protective Order has any relevance to this issue does not pass the straight face test.

Waymo also argued in its Opposition that it was improper for Defendants to seek to seal certain closing conditions described in the Acquisition Documents. Here too, Defendants offer no substantive response to justify their request to seal these portions of the Acquisition Documents. Instead, Defendants merely state they will later serve a motion showing Waymo to be wrong on the merits. Dkt. 529 at 1.

---

[1] Notably, while Defendants contend Waymo did not follow the proper procedures in this Court's Orders in its Opposition, Defendants do not follow the proper procedures in filing a motion under Civil L.R. 7-4, such as by failing to notice a hearing date, among other deficiencies.

1    In any event, Defendants' suggestion that Waymo is not allowed to oppose Defendants' motion to seal these portions of the Acquisition Documents without first engaging in a weeks-long process under the protective order makes no sense.  Parties are given only four days to oppose an administrative motion to file under seal.  Civil L.R. 7-11(b).  A party cannot seek judicial intervention regarding a PO challenge until 14 days after the meet-and-confer process has reached impasse, and so Defendants' position would nullify the rule.  Further, the protective order does not preclude a party from opposing an administrative motion to file under seal.

    While the protective order permits challenges at any time to any produced material designated as confidential, to do so generally for everything produced is an inefficient use of time.  Here, however, Defendants' latest of several attempts to improperly shield themselves from public disclosure warranted an opposition, which Waymo filed.  As this Court has previously recognized, Defendants may not shield facts from the public merely because their disclosure may inconvenience them.  Dkt. 127, 3/29 Hr'g Tr. at 18:6-12 ("MR. GONZÁLEZ: Your Honor, the reason why we wanted it in chambers is because of the adverse impact that we think it would have on our client. If there's a headline tomorrow saying this guy is asserting the Fifth Amendment -- THE COURT: Listen, please don't do this to me again. There's going to be a lot of adverse headlines in this case on both sides. And I can't stop that."); *id.* at 10:20-25 ("I'm not going to get diverted off into you coming in here with -- with no motion whatsoever, nothing, and trying to get special pleading because you represent somebody big, and get an under-seal hearing so the public can't hear it. That's not going to work.").  It should do so again.

    For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Strike in all respects.

DATED:  June 14, 2017                        QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                             By   */s/Charles K. Verhoeven*
                                                Charles K. Verhoeven
                                                Attorneys for WAYMO LLC