Exhibit 5

**Kevin Smith**

| | |
|---|---|
| **From:** | Walsh, Rachel M. <RWalsh@goodwinlaw.com> |
| **Sent:** | Monday, June 05, 2017 4:32 PM |
| **To:** | Jessica Phillips; James Judah; John Cooper; Matthew Cate |
| **Cc:** | Chatterjee, Neel; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; QE-Waymo; Schuman, Brett; Brun, Shane; Ismail Ramsey; Miles Ehrlich |
| **Subject:** | RE: Waymo v Uber - Special Master's Question re Defendants' knowledge of whether Stroz Friedberg has the downloaded materials |

John,

To the extent that Otto Trucking is obliged to respond to these questions, it responds as follows:

Waymo has not shown why Uber (or defendants) are obliged to respond to its questions immediately.  These questions regarding what, if anything Stroz Friedberg possesses and defendants' knowledge of it are closely intertwined with the issues that were briefed before Judge Corley and were the subject of the order which came out approximately two hours ago.  The order is stayed pending the parties' right to object until Thursday, and Waymo has provided no basis for why defendants are obligated to respond to this request immediately.  Otto Trucking will respond to Waymo's interrogatories as scheduled.

Regards,

Rachel

**From:** Jessica Phillips [mailto:JPhillips@BSFLLP.com]
**Sent:** Monday, June 05, 2017 4:01 PM
**To:** James Judah; John Cooper; Matthew Cate
**Cc:** Chatterjee, Neel; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; QE-Waymo; Schuman, Brett; Brun, Shane; Walsh, Rachel M.; Ismail Ramsey; Miles Ehrlich
**Subject:** RE: Waymo v Uber - Special Master's Question re Defendants' knowledge of whether Stroz Friedberg has the downloaded materials

John -

Here is our answer to Waymo's email below laying out their legal basis for requiring us to answer the questions about what Uber knows about what is in Stroz's possession. As a threshold matter, our understanding is there were three, interrelated questions, which we list here:

Question:

Does Uber know that Stroz has in its possession some or all or a summary of the downloaded materials? If so, does Uber know where they are? Can Uber answer these questions without violating a privilege?

As a second threshold mater, Waymo's discussion of why it believes Uber is obligated to answer these questions never gives a specific date as to when Uber is (or was) supposedly obligated to give such an answer. Last week and on the call on Saturday, Waymo took the position that Uber was obligated to answer these questions immediately, as of last week when they were asked. Its email of yesterday does not attempt to show a specific date (prior to today's interrogatory response) as of when Uber was obligated to provide these answers. That is indicative of how Waymo has tried to use this entire process as a basis for insisting on immediate answers to all questions it has, without regard to Uber's privileges or its right to take appropriate time to provide a responsible answer.

Waymo's first argument has nothing to do with an obligation Uber has to answer the questions, but instead is an assertion that Uber has not complied with paragraph 2 of May 11 order because (a) Stroz is an agent of Uber's, and (b) Uber has admitted that it has not directed Stroz to return any downloaded materials to Waymo or the Court. Uber disagrees. As Uber has repeatedly explained and shown, Uber directed AL to return any and all downloaded material or certify if it has been destroyed, and to cause any third party, including Stroz, to return any such information. AL has not complied and therefore Uber terminated AL for cause. Uber explained last week that AL entered into a contract with Stroz preventing Stroz from giving anyone materials provided to Stroz by AL absent permission from AL. In response to Waymo's questions, Uber explained this fact and promptly produced the AL-Stroz agreement (with limited redactions) showing this contractual prohibition. Uber has therefore responded directly to the information requested on this point.

Waymo's second argument is that the May 11 Order gives the Special Master power to interview Uber's agents. We do not believe the Special Master has requested any such interview of either Morrison Foerster or BSF. The Special Master explicitly acknowledged that the questions listed above may implicate privilege, and it was more important to get an accurate answer than a fast one. Waymo's lawyers are disingenuously trying to convert that into a request for an "interview" with one of Uber's agents that had to be complied with in 48 hours.

Waymo also glosses over the fact that the May 24 order extended the May 31 deadline until June 23 for matters that trigger privilege issues. Requests about what Stroz has in its possession obviously trigger privilege issues. Those privilege issues were fully briefed and argued in front of Magistrate Judge Corley. Magistrate Judge Corley issued a decision today on the Motion to Compel but stayed that order pending Uber's decision to appeal.  Waymo never explains why Uber is obligated to address questions about the privileged Stroz process before the Thursday deadline for any appeal on the motion to compel and before the June 23 deadline.

Waymo's invocation of the detailed accounting due on June 23 never explains why Uber is obligated to answer questions about that accounting in advance of that deadline.

Finally, Wayno relies on its interrogatory for which responses are due later today. If Waymo had just raised this last week and over the weekend, this entire conversation would have been both more rational and more efficient. Uber will be responding to that interrogatory later today.

We respectfully submit that this exchange illustrates that Waymo is using this process to make rolling demands of Uber with an insistence of immediate answers, without any regard to Uber's rights to be given time to provide a responsible answer and to work through the privilege issues implicated by many of Waymo's demands.

Respectfully,

**Jessica E. Phillips**
Counsel

**BOIES SCHILLER FLEXNER** LLP

1401 New York Ave., NW
Washington, DC 20005
(t) +1 202 895 7592
(m) +1 312 493 7114
jphillips@bsfllp.com
www.bsfllp.com

---

**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Sunday, June 04, 2017 7:01 PM
**To:** John Cooper; Matthew Cate
**Cc:** Chatterjee, Neel; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; QE-Waymo; Schuman, Brett; Brun, Shane; Walsh, Rachel M.; Ismail Ramsey; Miles Ehrlich
**Subject:** Waymo v Uber - Special Master's Question re Defendants' knowledge of whether Stroz Friedberg has the downloaded materials

John –

Following up on yesterday's meet and confer call, here is why your question (Do Defendants know that Stroz Friedberg has the downloaded materials, or any copies, excerpts, or summaries of the downloaded materials?) should be answered.

The May 11 Order, Paragraph 2, requires Defendants to "immediately and in writing exercise the full extent of their corporate, employment, contractual, and other authority" to prevent their "officers, directors, employees, **and agents**" from "consulting, copying, or otherwise using the downloaded materials" and to cause them to "return the downloaded materials and all copies, excerpts, and summaries thereof to Waymo (or the Court) by MAY 31 AT NOON." (Dkt. 433 at 23, emphasis added.)  It is undisputed that Stroz Friedberg is Defendants' agent.  Defendants cannot comply with Paragraph 2 without immediately and in writing exercising the full extent of their authority to 1) prevent Stroz Friedberg from using the downloaded materials and 2) cause Stroz Friedberg to return the downloaded materials to Waymo (or the Court).  Defendants have already confirmed that they have not asked Stroz Friedberg to stop using the downloaded materials or return them.  That failure alone is unjustifiable.

The May 11 Order also provides that "[t]he special master shall monitor and verify said compliance." (Dkt. 433 at 26). The May 24 Protocol Order provides the Special Master with broad powers to fulfill those monitoring and verification duties, which require an answer to your question.  For example, with respect to Paragraph 2, that "[i]f the Special Master determines that he must interview any of Defendants' employees **or agents**, including Anthony Levandowski, in order to verify Defendants' compliance with this provision of the May 11 Order, Defendants shall, within 48 hours of the Special Master's request, make the individual(s) available to the Special Master for an interview."  (Dkt. 500 at 4.)  Both Morrison & Foerster and Boies Schiller & Flexner are agents of Defendants,

as is Stroz Friedberg.  If Defendants refuse to answer this question, that alone is non-cooperation and a deficiency that the Special Master "shall report to the Court[.]"  (Dkt. 400 at 6.)  The Court's May 24 Order Granting in Part and Denying in Part Motion to Reinstate Provisional Relief Deadline (Dkt. 499) does not moot Defendants' compliance obligations, or the Special Master's monitoring and verification responsibilities, with respect to answering the Special Master's question, nor have Defendants even attempted to articulate how it could.  Among other things, the May 24 Order maintains the now-passed May 31 deadline except as to two specific categories, and even for those categories extends only the deadline for return to Waymo of the downloaded materials and does not create a new, Court-authorized privilege to refuse to cooperate with the Special Master or answer his questions before June 23 about Defendants' knowledge of the location of downloaded materials.

Moreover, the May 11 Order, Paragraph 4 requires that "[w]ith respect to all other persons, **including those with Stroz Friedberg**, defendants shall conduct a thorough investigation and provide a detailed accounting under oath setting forth every person who has seen or heard any part of any downloaded materials, what they saw or heard, when they saw or heard it, and for what purpose."  (Dkt. 433 at 24, emphasis added).  The thorough investigation and detailed accounting must be completed by June 23 at noon.  (*Id.*)  No portion or deadline of Paragraph 4 has been modified, and the Special Master has been charged by the Court with similar powers and responsibilities to monitor and verify Defendants' ongoing compliance with Paragraph 4 as with Paragraph 2.  The May 11 Order was issued over three weeks ago, and  Defendants' "detailed accounting" is due in less than three weeks.  If Defendants know that Stroz Friedberg has the downloaded materials, but do not intend to interview them in connection with their investigation or detailed accounting, then the Special Master needs to know that and "shall report to the Court[.]"  (Dkt. 500 at 11.)

Finally, Waymo notes that its Expedited Interrogatory No. 1 asks Defendants to "IDENTIFY the locations and custody of all known copies of THE DOWNLOADED MATERIALS, or any documents describing THE DOWNLOADED MATERIALS. If any of the copies have no longer exist, explain DEFENDANTS' full knowledge as to the destruction."  Defendants' responses to that Interrogatory are due tomorrow, June 5.  Defendants cannot properly respond to the Interrogatory without answering your question (although the Interrogatory is obviously not limited to the question).  If Defendants do not intend to complete respond to the Interrogatory, then Waymo intends to brief the issue before Magistrate Judge Corley and proposes a briefing schedule whereby Waymo's Motion is due Tuesday at 9 PM, with Defendants' Opposition due Wednesday at 9 PM, and both letter briefs limited to 2 pages.

Thank you,
James


**James Judah**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6420 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jamesjudah@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*