# Exhibit 11

# Kevin Smith

| | |
|---|---|
| **From:** | Rivera, Sylvia <SRivera@mofo.com> |
| **Sent:** | Thursday, June 01, 2017 6:18 PM |
| **To:** | Melissa Baily |
| **Cc:** | UberWaymoMoFoAttorneys; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'; QE-Waymo; 'jcooper@fbm.com'; MCate@fbm.com; Andrea P Roberts |
| **Subject:** | RE: Waymo v. Uber; privilege logs |

Melissa,

As discussed during yesterday's call, here is the identification of the cover email and attachments for the privilege log documents discussed:

Entry no. 1455 from the 4.10.17 privilege log is the cover email. The attachments to that cover email are located right after the cover email and are entry nos. 1456-1522 in the 4.10.17 privilege log.

Those attachments were also on the 4.10.17 privilege log in another spot – the cover email was different, but the set of attachments was the same. Entry no. 311 from the 4.10.17 privilege log is the cover email and the attachments followed it as entry nos. 312-378.

Sylvia

---

**From:** Rivera, Sylvia
**Sent:** Wednesday, May 31, 2017 2:29 PM
**To:** 'Melissa Baily'; Andrea P Roberts
**Cc:** UberWaymoMoFoAttorneys; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'; QE-Waymo; 'jcooper@fbm.com'
**Subject:** RE: Waymo v. Uber; privilege logs

Melissa,

I understand from Andrea's email from 10:18 this morning that we'll be discussing this on the 2:30 p.m. call. I will respond then.

Sylvia

---

**From:** Melissa Baily [mailto:melissabaily@quinnemanuel.com]
**Sent:** Tuesday, May 30, 2017 3:16 PM
**To:** Rivera, Sylvia; Andrea P Roberts

1

**Cc:** UberWaymoMoFoAttorneys; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'; QE-Waymo; 'jcooper@fbm.com'
**Subject:** RE: Waymo v. Uber; privilege logs

- External Email -

Sylvia, Mr. Cooper,

The chart produced on Friday makes clear that Defendants' privilege logs are not accurate and cannot be used as a predicate for asserting any privileges.

As just one example, the chart indicates that the document described at Priv. Log. No. 1463 was produced at UBER00017199. The document with that bates number is a one-page Employee Attestation signed by Oleg Khainovski dated April 7, 2016. The description at Priv. Log. No. 1463 is wholly unrelated to that document: the document date listed is July 18, 2016; the "Sent By / Author" field is redacted, indicating that the logged document was sent by or authored by Stroz; the recipients listed are aferarri@mofo.com and ecrandallwhittom@mofo.com; and the subject matter field says: "Statement reflecting communication made in confidence by Anthony Levandowski, Lior Ron, Don Burnette, Soren Juelsgaard, and/or Colin Sebern and shared pursuant to joint defense agreement to further investigation for the purpose of obtaining or giving legal advice, in anticipation of litigation, regarding due diligence for potential acquisition of Ottomotto." In other words, not a single field of Priv. Log. No. 1463 corresponds to the document produced at UBER00017199. And the same is true for at least most of the log entry / bates number pairs in the chart provided.

If privilege log entries have nothing to do with the underlying withheld documents, they are useless. In light of the egregiousness of the discrepancies between the entries and the initially withheld documents, Defendants should be required – at a minimum – to amend their privilege logs with the "bone-crushing detail" Judge Alsup originally required by no later than the end of this week. Defendants should not be permitted to drag this process out any longer. Absent commitment by Defendants to amend the logs this week we would like to discuss this issue on our call at 2:30 pm tomorrow.

We reserve our rights to seek a ruling that all asserted privileges have been waived over all documents on Defendants' log in light of Defendants' continued violations of the Court's Orders.

Melissa

**Melissa J. Baily**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6336 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
melissabaily@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Rivera, Sylvia [mailto:SRivera@mofo.com]
**Sent:** Friday, May 26, 2017 1:47 PM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; QE-Waymo <qewaymo@quinnemanuel.com>; 'jcooper@fbm.com' <jcooper@fbm.com>; Melissa Baily <melissabaily@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber; privilege logs

Andrea,

As discussed during yesterday's call, attached is a chart that matches up the bates numbers of the employee attestations produced in UBER_033 to the entry from the 4.10.17 privilege log to which each document corresponds.

Sylvia

---

**From:** Rivera, Sylvia
**Sent:** Thursday, May 25, 2017 1:30 PM
**To:** 'Andrea P Roberts'
**Cc:** UberWaymoMoFoAttorneys; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'; QE-Waymo; jcooper@fbm.com; Melissa Baily
**Subject:** RE: Waymo v. Uber; privilege logs

Andrea,

The employee attestations are attachments to an internal, privileged Morrison & Foerster email.  See Log Entry No. 1455.  They do not have author information in the metadata and the author is not identifiable from the email to which they are attached.  Some entries mistakenly attributed the author to "Stroz Friedberg," but the attestations actually appear on the log multiple times and are more accurately described elsewhere on entries 320 (1464) and 319 (1463), respectfully.

The attestations that were removed and were produced were non-responsive and did not belong on the privilege log of materials required by the March 16 order to be produced by March 31, which was the sole purpose of that log.   They were included only because other attachments to that email were responsive.

We disagree that the privilege descriptions have "changed significantly " for documents that were removed from the 4.10.17 privilege log and re-logged at your request, we merely endeavored to be more specific in our entries as your colleagues previously requested.

3

I look forward to discussing further on our call.

Best,
Sylvia

**From:** Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent:** Thursday, May 25, 2017 12:09 PM
**To:** Melissa Baily; Rivera, Sylvia
**Cc:** UberWaymoMoFoAttorneys; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'; QE-Waymo; jcooper@fbm.com
**Subject:** RE: Waymo v. Uber; privilege logs

- External Email -

Sylvia,

Please provide the information requested below in advance of our 1:30 p.m. call with Mr. Cooper.

Thank you.

Andrea

**From:** Melissa Baily
**Sent:** Wednesday, May 24, 2017 11:52 AM
**To:** Rivera, Sylvia <SRivera@mofo.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; QE-Waymo <qewaymo@quinnemanuel.com>; jcooper@fbm.com
**Subject:** RE: Waymo v. Uber; privilege logs

Apologies, now I have added Mr. Cooper back to this thread as I had intended to.

**From:** Melissa Baily
**Sent:** Wednesday, May 24, 2017 11:51 AM
**To:** Rivera, Sylvia <SRivera@mofo.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber; privilege logs

4

Sylvia,

Production volume UBER_033 contains 91 "Employee Attestations."  Based on the information you have provided, these attestations were supposedly listed in the 4.10.17 log of MoFo documents at entry nos. 334, 340-369, 371-378, 1456, 1460-1471, 1478, 1484-1513, and 1515-1522.  But these entries do not appear to match the Employee Attestations that were produced.

For example, entry no. 1464 had a redacted "Sent By/Author" field – presumably that was Stroz.  The "Recipients" were aferarri@mofo.com and ecrandallwhittom@mofo.com.  The "Subject Matter of Communication" was "Statement reflecting communication made in confidence by Anthony Levandowski and/or John Gardner and shared pursuant to joint defense agreement . . ."  But no emails between Stroz and MoFo are included in UBER_033.  And none of the Employee Attestations produced was signed by "Anthony Levandowski and/or John Gardner."

Similarly, entry no. 1463 has the same redacted "Sent By/Author" field and the same aferrari@mofo.com and ecrandallwhittom@mofo.com "Recipients" filed.  The "Subject Matter of Communication" for this entry was "Statement reflecting communication made in confidence by Anthony Levandowski, Lior Ron, Don Burnette, Soren Juelsgaard, and/or Colin Sebern and shared pursuant to joint defense agreement . . ."  But again, no emails between Stroz and MoFo are included in UBER_033.  And none of the Employee Attestations was signed by any of Anthony Levandowski, Lior Ron, Don Burnette, Soren Juelsgaard, and/or Colin Sebern.

We also note that many descriptions of documents that have been re-logged on the basis that they were not responsive to the Court's original expedited discovery order have changed significantly from the 4.10.17 log to the log produced with Uber_033.

Please provide – by 2 p.m. today – a chart that matches each of the 91 Employee Attestations produced (by bates number) to the associated entry in the 4/10/17 log of MoFo documents (by entry number).  If Defendants' position really is that the entries listed in the first paragraph above correspond to the Employee Attestations that were produced, we need an explanation as to how those Employee Attestations could possibly have been described the way they were in the log.  This casts doubt over whether any entry on any log accurately describes any particular withheld document.  This is a serious issue, and Waymo reserves all rights with respect to arguing that Defendants have waived the privileges asserted in their logs on the basis of this issue alone.

We propose discussing these issues with Mr. Cooper at 4 p.m. today if he is available.  I have added Mr. Cooper back to this thread.

Thanks,
Melissa

**From:** Rivera, Sylvia [mailto:SRivera@mofo.com]
**Sent:** Monday, May 22, 2017 11:46 PM
**To:** Melissa Baily <melissabaily@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber; privilege logs

Melissa,

Attached is the privilege log for documents that were removed from the 4.10.17 log of Morrison & Foerster LLP documents. It contains 63 entries. Production volume UBER_033, circulated earlier, contains 95 documents that initially were logged, including four documents that contain redactions for privilege and are listed in the attached log. The 154 entries that were removed from the 4.10.17 privilege log are thus accounted for between the attached log and the documents produced in UBER_033.

Sylvia

---

**From:** Rivera, Sylvia
**Sent:** Monday, May 22, 2017 2:24 PM
**To:** 'Melissa Baily'
**Cc:** UberWaymoMoFoAttorneys; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'; jcooper@fbm.com; QE-Waymo
**Subject:** RE: Waymo v. Uber; privilege logs

Melissa,

Attached please find a log of the five documents that previously were removed from the privilege log of O'Melveny & Myers documents in connection with our March 31 production of materials responsive to the March 16 order. We are producing some of the documents that were removed from the privilege log of Morrison & Foerster documents – we are awaiting receipt of the production volume from our vendor this afternoon and will produce that production volume together with the log of documents previously removed that are not being produced.

Best,
Sylvia

---

**From:** Melissa Baily [mailto:melissabaily@quinnemanuel.com]
**Sent:** Friday, May 19, 2017 8:21 AM
**To:** Rivera, Sylvia
**Cc:** UberWaymoMoFoAttorneys; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'; jcooper@fbm.com; QE-Waymo
**Subject:** RE: Waymo v. Uber; privilege logs

**- External Email -**

---

Sylvia,

Please confirm that all documents dated before February 25, 2016 that were previously logged will be produced on Monday. Let's add this to the items we address on this morning's 10 a.m. call with Mr. Cooper.

Thanks,

Melissa

---

**From:** Rivera, Sylvia [mailto:SRivera@mofo.com]
**Sent:** Thursday, May 18, 2017 8:17 PM
**To:** Melissa Baily <melissabaily@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; jcooper@fbm.com; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber; privilege logs

Melissa,

The following entries from the 4.10.17 "Defendants' Privilege Log Associated with the March 31, 2017 Production of Documents" (Morrison & Foerster documents) were removed from the 4.27.17 log: 329-334, 336-378, 773-775, 785, 788-790, 795, 797, 806, 809, 811-813, 815, 818, 822, 824, 828, 1456, 1460-1478, 1480-1522, 1599-1605, 1621, 2055-2060, 2068, 2343-2345, 2349-2351, 2354, 2356. There are 154 entries, not 158 entries.

As stated in my May 11 email, they were removed because they were not responsive to the court's March 16 order, which was the sole subject matter of those privilege logs, and your colleagues had requested the removal of non-responsive documents. To address your concerns, for those documents and the five that were removed from the log of O'Melveny documents, by this Monday we will re-log any document that arguably is responsive to another request and will produce any documents that are not covered by the attorney-client or any other privilege.

With regard to the five documents that were removed from the log of Uber documents, attached is the stand-alone privilege log for the one entry that was removed inadvertently, as referenced in my May 11 email. We have re-confirmed that the other four documents are not responsive to any request and thus will not be re-logged.

Best,
Sylvia

---

**From:** Melissa Baily [mailto:melissabaily@quinnemanuel.com]
**Sent:** Wednesday, May 17, 2017 5:35 PM
**To:** Gonzalez, Arturo J.; Rivera, Sylvia; Patrick Schmidt; QE-Waymo
**Cc:** UberWaymoMoFoAttorneys; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'; jcooper@fbm.com
**Subject:** RE: Waymo v. Uber; privilege logs

- External Email -

---

John, Arturo,

The documents are responsive to at least five long-pending expedited discovery requests: Faulkner 5 (documents pertaining to any due diligence reports prepared in connection with Uber's acquisition of Otto); Linaval 1 (documents related to due diligence on the acquisition); Meall 2 (documents sufficient to show the reasons Defendants required any employee(s) to sign an attestation in April 2016); Morgan 3 (documents sufficient to show the measures taken by Defendants to ensure that former Waymo employees hired by Defendants did not retain confidential Waymo information); Faulkner 6 (the forensic analysis conducted by Stroz).

Melissa

---

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Wednesday, May 17, 2017 4:34 PM
**To:** Melissa Baily <melissabaily@quinnemanuel.com>; Rivera, Sylvia <SRivera@mofo.com>; Patrick Schmidt <patrickschmidt@quinnemanuel.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; jcooper@fbm.com
**Subject:** Waymo v. Uber; privilege logs

John,

Each of the document requests referenced below has been stayed by order of Magistrate Corley (Docket 441).

**Arturo J. González**
Chair, Commercial Litigation and Trial Practice Group
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
P: 415.268.7020 | F: 415.276.7020 | C: 415.425.9548
AGonzalez@mofo.com | www.mofo.com

---

**From:** Melissa Baily [mailto:melissabaily@quinnemanuel.com]
**Sent:** Wednesday, May 17, 2017 2:10 PM
**To:** Rivera, Sylvia; Patrick Schmidt; QE-Waymo
**Cc:** UberWaymoMoFoAttorneys; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'; jcooper@fbm.com
**Subject:** RE: Waymo v. Uber; privilege logs

- External Email -

Sylvia,

The documents you identified as having been removed from certain of Defendants' privilege logs appear to relate to the Stroz Friedberg investigation. Those documents are responsive to the Court's March 16, 2017 Order and/or at least one or more of the following requests for production: (1) Waymo's Request For Production 28, which calls for documents and communications regarding Uber's due diligence of Ottomotto; (2) Waymo's Request For Production 31, which calls

for communications between Mr. Levandowski and Uber before August 18, 2016; (3) Waymo's Request For Production 66, which calls for documents regarding Defendants' forensic analysis (4) Waymo's Request For Production 67, which calls for exhibits and attachments to the Stroz Friedberg due diligence report; and (5) Waymo's Request For Production 73, which calls for documents regarding the misappropriated materials.

By no later than tomorrow, please produce these documents or provide an amended log that includes them.

It has now been eight days since Waymo asked for an identification of the 158 entries Defendants removed from the privilege log related to Morrison & Foerster. Please identify these entries and produce the corresponding documents no later than tomorrow.

We have copied Mr. Cooper here so that we can discuss these issues at 5:30 p.m.

Thanks,
Melissa

---

**From:** Rivera, Sylvia [mailto:SRivera@mofo.com]
**Sent:** Thursday, May 11, 2017 10:19 AM
**To:** Melissa Baily <melissabaily@quinnemanuel.com>; Patrick Schmidt <patrickschmidt@quinnemanuel.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>
**Subject:** RE: Waymo v. Uber; privilege logs

Melissa, Patrick:

We did not add new documents to those privilege logs. In the course of meeting and conferring about the logs, your colleagues asked that we supplement the logs by removing non-responsive documents and also asked that entries be re-organized into chronological order. Per that request, we attempted to do both. They did not ask us to track and inform them what was removed. Your objection is therefore unfounded. But to facilitate your review, we will provide you the entry numbers from the original privilege logs for documents that subsequently were removed because they were non-responsive.

Entries Removed from Supplemental Privilege Log (O'Melveny custodian): 287, 288, 296, 297, 298

Entries Removed from Second Supplemental Privilege Log (Uber custodians): 48, 115, 351, 535, 536. We have determined the document at entry no. 535 was inadvertently removed from the log. It is both responsive and privileged, and we will provide you a log to re-account for that document.

We are compiling the list of entries removed from the log of Morrison & Foerster documents and will send that to you under separate cover.

Regards,
Sylvia

9

**From:** Melissa Baily [mailto:melissabaily@quinnemanuel.com]
**Sent:** Thursday, May 11, 2017 7:55 AM
**To:** Patrick Schmidt; Rivera, Sylvia; QE-Waymo
**Cc:** UberWaymoMoFoAttorneys; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'
**Subject:** RE: Waymo v. Uber; privilege logs

- External Email -

Counsel, please also provide a response on this by noon today.

Thanks, Melissa

**From:** Patrick Schmidt
**Sent:** Tuesday, May 09, 2017 12:41 PM
**To:** Rivera, Sylvia <SRivera@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** UberWaymo <UberWaymo@mofo.com>; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>
**Subject:** RE: Waymo v. Uber; privilege logs

Sylvia,

It looks like the unredacted version of Morrison & Foerster's original privilege log contains 158 fewer entries than the original redacted version; the unredacted supplemental privilege log of O'Melveny documents contains 5 fewer entries than the original redacted version; and the unredacted second supplemental privilege log of Uber documents contains 5 fewer entries than the original redacted version.  Because the order of entries has changed and Defendants are unwilling to provide native versions of its logs, it is extremely difficult for us to tell which entries have been deleted (or potentially added).  Please identify which entries have been deleted (and/or added) between service of the redacted logs and the corresponding unredacted logs, confirm that the documents related to any deleted entries have been produced, and provide bates numbers.

**Patrick Schmidt**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3191 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
patrickschmidt@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Rivera, Sylvia [mailto:SRivera@mofo.com]
**Sent:** Thursday, April 27, 2017 1:31 PM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** UberWaymo <UberWaymo@mofo.com>; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>
**Subject:** Waymo v. Uber; privilege logs

Quinn Team,

Today we forwarded unredacted, amended versions of Defendants' initial, supplemental, and second supplemental privilege logs associated with the March 31, 2017 production. We revised those logs consistent with Arturo Gonzalez's email of April 25, 2017. Among other things, we revised the log of documents at Uber (second supplemental log) to now list the individual custodians for each document and to list the author for email attachments; revised the "subject matter of communication" to more specifically address the "anticipated litigation"; revised certain entries to address your objection to use of the disjunctive "and/or"; removed from the log certain documents that were non-responsive; and attempted to place the Morrison & Foerster LLP and O'Melveny & Myers log entries in chronological order.

As noted in Mr. Gonzalez's April 25 email, for each email log entry that constitutes one email in an email string, we will review the email strings and note the names of any additional senders/recipients who are not already listed in the log entry. Given the volume of log entries, that potentially could take up to two weeks to complete for all logs. We will endeavor to provide you with the updated logs on a rolling basis. Of course, based on our review, most of the earlier emails in any email string already appear on the logs as stand-alone log entries, so you already have most of that information in the existing logs.

Last, we are attempting to address your concerns as they would apply to the supplemental log of Morrison & Foerster documents that run through the date of the filing of the complaint in this action and the stand-alone log of the investigative report. We expect to produce those tomorrow.

Regards,
Sylvia


==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.