QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| WAYMO LLC, | CASE NO. 3:17-cv-00939-WHA |
|---|---|
| Plaintiff, | **DECLARATION OF KEVIN A. SMITH** |
| vs. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

I, Kevin A. Smith, hereby declare as follows.

1. I am a member of the bar of the State of California and an attorney with Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Waymo LLC ("Waymo"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently as follows.

2. Attached hereto as Exhibit 1 is a true and correct copy of "Defts' Amended Privilege Log Associated with March 31, 2017 Production of Doc Identifying Potential Privilege Change Based on Judge Corley's Order," which purports to log documents located at Morrison & Foerster. This version of the log was served June 15, 2017.

3. Attached hereto as Exhibit 2 is a true and correct copy of "Defts' Amended Suppl Privilege Log Associated with March 31, 2017 Production of Docs Identifying Potential Privilege Change Based on Judge Corley's Order," which purports to log documents located at Uber. This version of the log was served on June 15, 2017.

4. Attached hereto as Exhibit 3 is a true and correct copy of "Defts' Amended Suppl Privilege Log Associated with March 31, 2017 Production of Documents Identifying Potential Privilege Change Based on Corley Order," which purports to log documents located at O'Melveny & Myers. This version of the log was served on June 13, 2017.

5. Attached hereto as Exhibit 4 is a true and correct copy of a 2:08 PM June 9, 2017 email from counsel for Uber and Ottomotto to the Special Master and counsel for Waymo.

6. Attached hereto as Exhibit 5 is a true and correct copy of a June 5, 2017 email from counsel for Otto Trucking to counsel for Waymo.

7. Attached hereto as Exhibit 6 is a true and correct copy of a 6:20 PM June 12, 2017 email from counsel for Uber and Ottomotto to counsel for Waymo.

8. Attached hereto as Exhibit 7 is a true and correct copy of a 11:17 AM June 9, 2017 email from counsel for Waymo to counsel for Otto Trucking.

9. Attached hereto as Exhibit 8 is a true and correct copy of a 4:14 PM June 14, 2017 email from counsel for Uber and Ottomotto to counsel for Waymo.

1    10.    Attached hereto as Exhibit 9 is a true and correct copy of a 1:34 PM email from
2 counsel for Waymo to counsel for Defendants.

3    11.    Attached hereto as Exhibit 10 is a true and correct copy of a 2:40 PM June 15, 2017
4 email from counsel for Uber and Ottomotto to counsel for Waymo.

5    12.    Attached hereto as Exhibit 11 is a true and correct copy of a 6:18 PM June 1, 2017
6 email from counsel for Uber and Ottomotto to counsel for Waymo.

<u>An Illustrative Comparison Of Log Entries To Corresponding Documents</u>

13.    Defendants have produced certain documents that were previously included on Defendants' Privilege Log Associated with March 31, 2017 Production of Documents, which was served on April 10, 2017.  Attached as Exhibit 12 is a true and correct copy of a "Cross-Reference" provided by counsel for Defendants, listing (i) "the 4/10/17 Priv Log Entry" associated with the documents that were ultimately produced and (ii) the bates numbers of the documents that were ultimately produced.

14.    Attached as Exhibit 13 is a one-page excerpt from the "4/10/17 Priv Log," which – per the Cross-Reference – contains three entries associated with three documents that were ultimately produced:  Nos. 1466, 1467, and 1468.

15.    Attached as Exhibit 14 are the three documents that – per the Cross-Reference – correspond to the privilege log entries of Exhibit 13:  UBER017202, UBER017203, UBER017204.  These documents purport to be "Employee Attestations" signed by Ottomotto employees declaring that they have not committed various wrongful acts.

16.    The document date, sent by/author, recipients, and subject matter descriptions in the privilege log entries of Exhibit 13 do not reflect the corresponding documents of Exhibit 14.  For example, according to Defendants' Cross-Reference, UBER17202 was logged as entry 1466 on the "4/10/17 Priv Log."  (Ex. 12.)  Entry 1466 states that the "Document Date" is "7/18/2016" and that the "Subject Matter of Communication" is:

> Statement concerning legal analysis or advice, in anticipation of litigation, regarding due diligence for potential acquisition of Ottomotto.
>
> Statement reflecting communication made in confidence by Anthony Levandowski and/or John Gardner and shared pursuant to joint defense agreement to further

-3-    Case No. 3:17-cv-00939-WHA
DECLARATION OF KEVIN A. SMITH

investigation for the purpose of obtaining or giving legal advice, in anticipation of litigation, regarding due diligence for potential acquisition of Ottomotto.

(Ex. 13.) But UBER17202 purports to be an employee attestation, dated April 7, 2016, signed by Ryan Espinosa. (Ex. 14.)

17. Similarly, Defendants' cross-reference states that UBER17203 was previously logged at entry 1467 on the "4/10/17 Priv Log." (Ex. 12.) Entry 1467 states that the "Document Date" is "7/18/2016" and that the "Subject Matter of Communication" is:

> Statement concerning legal analysis or advice, in anticipation of litigation, regarding due diligence for potential acquisition of Ottomotto.
>
> Statement reflecting communication made in confidence by Anthony Levandowski, Lior Ron, Don Burnette, Soren Juelsgaard, and/or Colin Sebern and shared pursuant to joint defense agreement to further investigation for the purpose of obtaining or giving legal advice, in anticipation of litigation, regarding due diligence for potential acquisition of Ottomotto.

(Ex. 13.) But UBER17203 purports to be an employee attestation, dated April 7, 2016, signed by Abram Burkholder. (Ex. 14.)

18. The three log entries of Exhibit 12 and the three documents of Exhibit 13 are only examples of the problem. Additional entries listed in the Cross-Reference appear to have no connection to the corresponding documents ultimately produced.

Applying Dates Of Cover Emails To Attachments

19. Counsel for Uber and Ottomotto stated in a June 14, 2017 email that, if there "was no date in the metadata" of an attachment, "then the date listed for the attachment is the date of the cover email in which the attachment was transferred." (Ex. 8.)

20. Defendants' privilege logs do not indicate whether a document is an attachment to an email or memorandum or identify any email or memorandum to which a document is attached.

21. Entries 2032 and 2033 of Exhibit 1 could be attachments to an email described in entry 2031. Entry 2033 is described as a "memorandum" prepared by Stroz. The "document date" of August 18, 2016 listed for the memorandum described in entry 2033 matches the document date of August 18, 2016 listed for the email described in entry 2031. If the memorandum described in entry 2031 is, in fact, attached to the email described in entry 2031,

according to defense counsel's June 14, 2017 email, that memorandum may or may not actually be dated August 18, 2016.

22. Similarly, entries 1238, 1239, and 1240 of Exhibit 1, could be attachments to an email described in entry 1237. Entries 1238, 1239, and 1240 are described as a memorandum and exhibits authored by Stroz. The "document date" listed for the memorandum and exhibits is May 9, 2016, the same "document date" that is listed for the possible cover email. But, if the memorandum and exhibits described in entries 1238-1240 are, in fact, attached to the email described in entry 1237, according to defense counsel's June 14, 2017 email, the memorandum and exhibits may or may not actually be dated June 14, 2017.

Use Of "And/Or"

23. Dozens of privilege log entries describe withheld documents in part as "regarding information obtained from Anthony Levandowski, Lior Ron, Don Burnette, Soren Juelsgaard, and/or Colin Sebern." Examples include entries 1, 7-10, 12-15, 17-21, 30-32, 42, 44, 57-58, 60-63, 76, 90, 101, 105-06, 127-35 of Exhibit 1 and entries 45, 59-62, 66-67, 161, 211-20, 231, 234, 256-60, 264, 266 on Exhibit 2.

24. The logs do not identify any oral or written common interest agreement to which Don Burnette, Soren Juelsgaard, or Colin Sebernts was a party.

Firms As Authors

25. Entry 16 on Exhibit 1 identifies Stroz Friedberg, Morrison & Foerster LLP, O'Melveny & Myers LLP, Donahue Fitzgerald LLP, and Levine & Baker LLP as the sender/author of the withheld document.

26. Entries 91, 208, 500, 506, 599, 672, 684, 772, 774, 819-20, and 822 on the same log are further examples of one or more firms being identified as the sender/author of a withheld document. (Ex. 1.)

Agreements

27. Entry 33 on Exhibit 1 is described as an "agreement" but does not identify the parties to the agreement.

28. Entries 1361-64 on the same log are described as "contracts prepared by consultant" but do not indicate whether they are executed or by whom.

<u>Documents With Identical Descriptions Treated Differently</u>

29. Entry 59 of Defendants' Amended Privilege Log Associated With March 31, 2017 Production of Doc Identifying Privilege Change Based on Judge Corley's Order states that it corresponds to a documents dated March 18, 2016 with "Morrison & Foerster LLP" as the author/sender; Nina Qi (Uber), Rudy Kim (MoFo), Andrew Glickman (Uber), Angela Padilla and (Uber) as recipients; Cameron Poetzscher (Uber), Christian Lymn (Uber), and Justin Suhr (Uber) as copies. (Ex. 1.) The subject matter is described as:

> Questionnaire concerning legal analysis or advice, in anticipation of litigation involving Google, regarding acquisition of Ottomotto.
>
> Questionnaire regarding information obtained from Anthony Levandowski and shared pursuant to joint defense agreement to further investigation for the purpose of obtaining or giving legal advice, in anticipation of litigation involving Google, regarding acquisition of Ottomotto.

(Ex. 1.)

30. Entry 107 of the same log states that it corresponds to a document dated three days after the document described in entry 59, having the exact same author/sender, recipients, copies, and subject matter as entry 59. (Ex. 1.)

31. Defendants indicated that they intend to maintain the privilege over the document described in entry 59 but will produce in part the document described in entry 107. (Ex. 1.)

32. As another example, entries 23 and 27 on Defts' Amended Privilege Log Associated with March 31, 2017 Production of Doc Identifying Potential Privilege Change Based on Judge Corley's Order are word-for-word identical. (Ex. 1.) Both entries describe March 16, 2016 emails from Morrison & Foerster attorney Eric Tate to O'Melveny & Myers attorney Eric Amdursky. Both entries contain the same description:

> Email concerning legal analysis or advice, in anticipation of litigation involving Google, regarding acquisition of Ottomotto.
>
> Email regarding information obtained from Anthony Levandowski and shared pursuant to joint defense agreement to further investigation for the purpose of

obtaining or giving legal advice, in anticipation of litigation involving Google, regarding acquisition of Ottomotto.

Yet Defendants' log states that it contends that the document corresponding to entry 23 remains privileged despite the Magistrate Judge's Order compelling production of the Stroz Report, while Defendants agree that the Order would require production of the document corresponding to entry 27.

33.     Exhibits 9 and 11 describe how Defendants logged differently what they represented were two instances of the same set of 67 documents.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

DATED:  June 15, 2017                              */s/ Kevin A. Smith*

### SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Kevin A. Smith.

*/s/ Charles K. Verhoeven*