# Exhibit 7

# Kevin Smith

| | |
|---|---|
| **From:** | Melissa Baily |
| **Sent:** | Friday, June 09, 2017 11:17 AM |
| **To:** | Edward Takashima; John Cooper (JCooper@fbm.com); Matthew Cate (MCate@fbm.com); Rachel Walsh (RWalsh@goodwinlaw.com); Neel Chatterjee (nchatterjee@goodwinlaw.com); Shane Brun (SBrun@goodwinlaw.com); Brett Schuman (BSchuman@goodwinlaw.com); QE-Waymo |
| **Cc:** | UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit |
| **Subject:** | RE: Waymo v. Uber: Privilege Review |
| **Attachments:** | RE: Waymo v. Uber; privilege logs |

Special Master Cooper and Counsel,

This is unacceptable.

On Wednesday, Judge Alsup repeatedly admonished the parties to move as quickly as possible on this specific issue, and the Special Master has accordingly done the same.  Judge Corley's order regarding the due diligence materials was issued **on Monday**.  Defendants have already had plenty of time to sort through which entries on their logs they contend remain privileged in light of that order.  And Defendants themselves had agreed they would provide that information by today.

Moreover, the notion that **Waymo** should do something to analyze **Defendants'** privilege assertions is ridiculous on its face, but it is especially so in light of the fact that Defendants' logs are essentially meaningless.  Not only are the descriptions of the logged documents hopelessly broad and vague, the information contained in the log appears to bear no relationship to the actual documents described.  We have already provided the example of Priv. Log. No. 1463 from the 4/10/17 privilege log, which was later produced as UBER00017199.  Not a single bit of information in any field of that entry corresponded to the associated document.  The same is true for Priv. Log. No. 1464 from the 4/10/17 privilege log, which was later produced as UBER00017200 – not a single field of that entry contains information describing the associated document.  Defendants' explanation was that the description of the email to which these documents were attached was erroneously used for the attachments as well.  But that is not true:  the descriptions of the attachments vary, with – for example – some referring to Levandowski, Ron, Burnette, Juelsgaard, and/or Sebern and others referring only to Levandowski and/or Gardner.

The uselessness of the logs is further exemplified by Sylvia's commentary in the email thread attached.  There she indicates that the same 67 documents were logged twice – once as Priv. Log. Nos. 1456-1522 and again at Priv. Log. Nos. 312-378.  But the same 67 attachments appear to have been handled differently each time:  in the first instance, 52 attachments were produced, 11 were re-logged, and 4 were neither produced nor re-logged; in the second instance, 39 attachments were produced, 10 were re-logged, and 18 were neither produced nor re-logged.  Moreover, it appears that the documents that were re-logged continue to carry the date of the **cover email**, when we suspect that those documents were prepared prior to their attachment to the email.  Given that Defendants are contending that timing may be relevant to determining whether the common interest privilege applies, Defendants will need to provide the actual date of any email attachments.  In addition, the re-logged documents refer to four entire law firms in the "sent by / author" field – but Defendants are

1

required to provide, and Waymo is entitled to know, the actual individual author(s) of the documents.  Similarly, re-logged documents are still described using "and/or" notations and some refer to an unidentified "Ottomotto employee" – all of which is improper.

We can provide additional examples.

As we have noted, we cannot keep going around and around with respect to these logs, which are facially deficient, inconsistent, and erroneous.  Such logs cannot be used to justify any asserted privilege, and it is Waymo's view that, at this point, all asserted privileges should be deemed waived.  Accordingly, we propose that the parties file simultaneous 3-page letter briefs at 5 p.m. on Sunday, addressing (i) why Defendants have or have not waived all privileges in light of the state of their logs and, in the alternative, (ii) why Defendants should or should not be ordered to provide detailed, accurate privilege logs describing any documents that Defendants contend remain privileged in light of Judge Corley's June 5 order by 5 p.m. on June 13.  No meaningful meet and confer can take place without privilege logs that correctly describe – in detail – the actual documents being withheld.  To the extent the privileges haven't been waived already, we are going to need such privilege logs to make any progress regarding claims of privilege, and the Court should order Defendants to provide such logs by June 13, so that all remaining issues can be crystallized for motion practice by June 14.

In parallel, we will review whatever "principles" Defendants wish to share regarding their privilege assertions and meet and confer about those "principles."  This will facilitate teeing up any remaining issues based on any accurate, detailed logs that Defendants provide.

Thanks, Melissa

---

**From:** Edward Takashima [mailto:etakashima@BSFLLP.com]
**Sent:** Thursday, June 08, 2017 11:37 PM
**To:** John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate (MCate@fbm.com) <MCate@fbm.com>; Rachel Walsh (RWalsh@goodwinlaw.com) <RWalsh@goodwinlaw.com>; Neel Chatterjee (nchatterjee@goodwinlaw.com) <nchatterjee@goodwinlaw.com>; Shane Brun (SBrun@goodwinlaw.com) <SBrun@goodwinlaw.com>; Brett Schuman (BSchuman@goodwinlaw.com) <BSchuman@goodwinlaw.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>
**Subject:** Waymo v. Uber: Privilege Review

Special Master Cooper and Counsel,

We write to follow up on our discussions concerning Uber's privilege logs pertaining to documents produced in response to the Court's March 16 Order, as well as in response to Magistrate Judge Corley's order today (Dkt. 567) requiring the parties to meet and confer and propose a process for promptly resolving privilege log disputes.  The privilege logs at issue are: Defendants' 4-27-17 Amended Privilege Log; Defendants' 4-27-17 Amended Supplemental Privilege Log; Defendants' 4-27-17 Second Supplemental Privilege Log; Defendants' 4-28-17 Third Supplemental Privilege Log; and Defendants' 5-18-17 Fourth Supplemental Privilege Log.

We are in the process of reviewing our logged documents to determine how they are affected by Judge Corley's June 5 Order (the "MTC Order").  Due to the volume of documents, we will not be able to complete that process by tomorrow.  However, we can provide an explanation by

2:00 p.m. tomorrow of the principles we believe should govern any downgrades, based on the MTC Order.  We propose that Waymo provide its interpretation of the MTC Order at the same time so that the parties can come into the scheduled noon meet and confer on Monday knowing each others' positions. We will have a better sense tomorrow of when we will have a complete list of documents that would be downgraded from Uber's privilege logs based on Uber's interpretation of the MTC Order, and can discuss that on the scheduled noon meet and confer.

**Edward H. Takashima**
Partner

**BOIES SCHILLER FLEXNER** LLP
401 Wilshire Blvd, Suite 850
Santa Monica, CA 90401
(t) +1 310 752 2408
(m) +1 213 399 4154
etakashima@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]