1  CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
   carolyn.luedtke@mto.com
2  MARJA-LIISA OVERBECK (State Bar No. 261707)
   mari.overbeck@mto.com
3  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
4  Twenty-Seventh Floor
   San Francisco, California 94105-2907
5  Telephone:     (415) 512-4000
   Facsimile:     (415) 512-4077
6
   Attorneys for Non-Party Lyft, Inc.
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12  WAYMO LLC,                          Case No. 3:17-cv-00939-WHA

13            Plaintiff,                **DECLARATION OF CAROLYN
                                        HOECKER LUEDTKE IN SUPPORT OF
14       vs.                            NON-PARTY LYFT, INC.'S MOTION
                                        FOR PROTECTIVE ORDER AND TO
15  UBER TECHNOLOGIES, INC.,            QUASH SUBPOENAS**
    OTTOMOTTO LLC; OTTO TRUCKING
16  LLC,                               Date:     TBD
                                       Time:     TBD
17            Defendants.              Crtrm.:   F – 15th Floor
                                       Judge:    The Hon. Jacqueline Scott Corley
18
                                      Trial Date:  October 2, 2017
19

20

21

22

23

24

25

26

27

28

DECLARATION OF CAROLYN HOECKER LUEDTKE ISO NON-PARTY LYFT, INC.'S MOTION FOR
PROTECTIVE ORDER AND TO QUASH SUBPOENAS

## DECLARATION OF CAROLYN HOECKER LUEDTKE

I, Carolyn Hoecker Luedtke, declare and state as follows:

1.      I am a partner at the law firm of Munger, Tolles & Olson LLP and counsel for non-party Lyft, Inc. ("Lyft"), which has been served with various subpoenas by Uber Technologies, Inc. ("Uber") in the above-captioned matter.  The matters set forth herein are based on my personal knowledge.  If called as a witness, I could and would testify competently to the matters set forth herein.

2.      Attached here as **Exhibit A** is a true and correct copy of the *subpoena duces tecum* served on Lyft by Uber on or about May 19, 2017, and attached here as **Exhibit B** is a true and correct copy of the deposition subpoena served on Lyft on or about May 19, 2017 ("the Subpoenas").

3.      On May 26, 2017, I reached out to Uber's counsel of record at Morrison & Foerster LLP to commence the meet and confer process pertaining to the Subpoenas, and expressed concerns about the relevance of the information sought by Uber.  A true and correct copy of the initial email I sent to Uber's counsel regarding this meet and confer is attached here as **Exhibit C**.

4.      On May 30, 2017, I engaged in a telephonic meet and confer with Scott Llewellyn, an attorney with Morrison & Foerster LLP who is located in Denver, Colorado, and who I understand to be the attorney representing Uber who was in charge of handling the Subpoenas. During this telephonic meet and confer, I asked for Uber's explanation regarding the relevance of the requested documents.  Mr. Llewellyn responded that the information requested might reveal that Waymo disclosed the trade secrets at issue in the litigation to Lyft, or that during their negotiations Waymo might have provided Lyft with an estimated value of the trade secrets. During this May 30, 2017 meet and confer, Mr. Llewellyn stated that he could not share a description of the trade secrets at issue because he said they were designated as "attorneys' eyes only" under a Protective Order.  I reiterated my concerns about the lack of relevance and overbreadth of the subpoenas, but agreed to talk further the following week.

5.      On June 1, 2017, and again on June 8, 2017, I engaged in additional telephonic meet and confer conversations with Mr. Llewellyn.  During these calls, I reiterated Lyft's serious

1  concerns about its competitor seeking competitively sensitive information from Lyft as a non-

2  party in litigation where Uber has been accused of wrongdoing.  I expressed concern that a

3  competitor accused of stealing trade secrets should not get to subpoena all its other competitors in

4  the industry for their trade secrets to try to show what is and is not a trade secret in the industry.  I

5  explained that this tactic seemed like an improper effort to get competitive intelligence through

6  non-party discovery.  I also explained that the requests are overbroad and seek irrelevant

7  information, but that Lyft is hamstrung to propose narrowed requests because it does not know the

8  specific trade secrets at issue, and the very act of meeting and conferring about what documents

9  exist or do not exist could reveal confidential information about Lyft/Waymo collaboration.

10  Uber's counsel said he was unable to propose narrowed requests, citing the restrictions on him

11  under the Protective Order.  He confirmed that Uber sought similar categories of documents from

12  Waymo and different lawyers at his firm were meeting and conferring with Waymo in parallel.  At

13  the end of the meet and confer on June 8, Uber's counsel provided an extension on the time to

14  respond to the Subpoenas to June 16, 2017.

15         7.     On June 13, 2017, I attended a telephonic conference with the Special Master in

16  this litigation, Mr. Llewellyn for Uber, and many other lawyers for the various parties to the

17  litigation.  On that call, I articulated Lyft's concerns about the Subpoenas and the Special Master

18  told me that Lyft could file a motion to quash on Friday, June 16, 2017.  He said that Uber's

19  opposition would be due Tuesday, June 20, 2017, and Lyft's reply would be due Thursday, June

20  22, 2017.

21

22       I declare under penalty of perjury under the laws of the State of California that the

23  foregoing is true and correct.  Executed on June 16, 2017, at San Francisco, California.

24

25                            */s Carolyn Hoecker Luedtke*

26                            Carolyn Hoecker Luedtke

27

28

DECLARATION OF CAROLYN HOECKER LUEDTKE ISO NON-PARTY LYFT, INC.'S MOTION FOR
PROTECTIVE ORDER AND TO QUASH SUBPOENAS

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| Waymo LLC, | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:17-cv-00939 WHA |
| Uber Technologies, Inc., Ottomotto LLC, Otto Trucking LLC, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Lyft Inc., 185 Berry Street, Suite 5000, San Francisco, CA  94107

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Morrison & Foerster LLP | Date and Time: |
|---|---|
| 425 Market Street, 33rd Floor San Francisco, CA 94105 | 06/02/2017 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/18/2017

|  *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Arturo J. Gonzalez |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Uber Technologies, Inc. and Ottomotto LLC                                                          , who issues or requests this subpoena, are:

Arturo Gonzalez, 425 Market Street, San Francisco CA 94105; AGonzalez@mofo.com, 415.268.7000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:17-cv-00939 WHA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT A**

**DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

The following definitions apply to the instructions and requests below, regardless of whether upper or lower case letters are used for the defined terms, and are incorporated into each instruction and request as if fully set forth therein:

1.      "Lyft," "You," and "Your" shall mean Lyft Inc. and any predecessor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Lyft Inc. holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

2.      "Waymo" and "Plaintiff" shall mean collectively and individually: Waymo LLC, Google Inc., and Alphabet Inc.; their parents, predecessors, successors, assigns, affiliates, direct and indirect subsidiaries, and partners; any joint venture in which Waymo LLC, Google Inc., and/or Alphabet Inc. hold an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

3.      "Uber" shall mean Uber Technologies, Inc., and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Uber Technologies, Inc. holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

4.      "Otto" shall mean Ottomotto LLC, and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Ottomotto LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and

1  attorneys.

2  5.  "Otto Trucking" shall mean Otto Trucking LLC, and any predecessor entities, any

3  parents, subsidiaries, or affiliates, and any joint ventures in which Otto Trucking LLC holds an

4  interest; persons owned or controlled by the foregoing in whole or in part; and their officers,

5  directors, employees, agents, representatives, accountants, financial advisors, consultants, and

6  attorneys.

7  6.  "Defendants" shall mean Uber Technologies, Inc. ("Uber") and Ottomotto LLC

8  ("Otto") and Otto Trucking LLC.

9  7.  "Action" and "this Action" shall mean *Waymo LLC vs. Uber Technologies, Inc.,*

10  *Ottomotto LLC, and Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA, pending in the United

11  States District Court for the Northern District of California.

12  8.  All "Communication" shall mean any transmission of information by any means,

13  including without limitation: (a) any written letter, memorandum, or other Document of any kind

14  by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail,

15  voicemail, or any other means; (b) any telephone call, whether or not such call was by chance or

16  prearranged, formal or informal; and (c) any conversation or meeting between two or more

17  persons, whether or not such contact was by chance or prearranged, formal or informal.

18  9.  "Concerning, "Concern," "Relating to," "Relate to," and "Related to," and any

19  variation of these terms, shall mean concerning, relating to, involving, discussing, regarding,

20  pertaining to, mentioning, commenting on, connected with, describing, depicting, demonstrating,

21  analyzing, explaining, summarizing, showing, evidencing, reflecting, identifying, setting forth,

22  dealing with, embodying, comprising, consisting of, containing, constituting, supporting, refuting,

23  contradicting, resulting from, recording, or in any way relevant to a particular subject, directly or

24  indirectly, in whole or in part.

25  10.  "Document" or "Documents" shall have the broadest meaning possible under

26  Rules 26 and 34 of the Federal Rules and shall include without limitation:  documents; ESI;

27  Communications in written, electronic, and recorded form; and tangible things.

28  11.  "ESI" shall mean electronically stored information as defined by and used in the

1  Federal Rules.

2      12.     "Include" and "Including" shall mean including without limitation.

3      13.      "Person" shall mean any natural person or any corporation, partnership, or other

4  business, legal, or governmental entity or association, as well as its officers, directors, employees,

5  agents, representatives, consultants, and attorneys.

## INSTRUCTIONS

7      1.      You must respond to these requests for Documents in accordance and compliance

8  with the Federal Rules, the Local Rules, any relevant order entered in this Action, and the Default

9  Standard for Discovery in this judicial district or other superseding agreements between the

10  parties related to discovery.

11      2.      In accordance with the applicable Federal Rules, the requests below seek the

12  production of all responsive Documents in Your possession, custody, or control.

13      3.      All Documents are to be produced as kept in the usual course of business, or as

14  organized and labeled to correspond to the specific requests set forth below, or as otherwise

15  agreed in writing between You and Defendants.

16      4.      All drafts of a responsive Document must be produced, as well as all non-identical

17  copies of the Document. Any comment, notation, or other marking shall be sufficient to

18  distinguish Documents that are otherwise similar in appearance and to make them separate

19  Documents for purposes of Your response. Any preliminary form, intermediate form, superseded

20  version, or amendment of any Document is to be considered a separate Document.

21      5.      The file folder or other container in which a Document is kept is deemed to be an

22  integral part of the Document and shall be produced with the Document.

23      6.      Each paragraph and subparagraph of these instructions and the requests for

24  production, as well as the definitions herein, shall be construed independently, and no paragraph

25  or subparagraph or definition shall limit the scope of any other.

26      7.      If You object to any Document request or any part of a Document request, identify

27  the part to which You object, state the objection(s) with specificity, and provide a response to the

1    remaining unobjectionable part.

2       8.    If You object to all or any part of a Document request, the objection must state

3 whether any responsive Documents are being withheld on the basis of that objection.

4       9.    If You withhold any Document based on a claim of privilege, immunity, or

5 protection from disclosure, You must provide a statement of the claim in accordance with Rule

6 26(b)(5) of the Federal Rules, and as required by Provision 1(d) of the Default Standard for

7 Discovery in this judicial district or as otherwise agreed by the parties.  Such statement should

8 explain and substantiate the claim so as to permit adjudication of the claim's propriety.

9       10.    If a Document is in a language other than English, and an English translation

10 exists, provide both the original and the English translation.

11       11.    If You have no Documents in Your possession, custody, or control that are

12 responsive to a particular Document request, please so state.

13       12.    The requests, definitions, and instructions herein are propounded for the purpose

14 of discovery and are not to be taken as a waiver of or prejudice to any objections that may be

15 made at any hearing or trial in this Action to the introduction of any evidence relating to

16 Documents responsive to these requests or as an admission of the authenticity, relevance, or

17 materiality of Documents responsive to these requests.

18                   **REQUESTS FOR PRODUCTION**

19 **REQUEST FOR PRODUCTION NO. 1:**

20       All communications with Waymo about past, current, or potential competition with Uber.

21 **REQUEST FOR PRODUCTION NO. 2:**

22       All documents relating to analysis of Lyft as a potential acquisition target by Waymo,

23 including Lyft's past, current, or potential competition with Uber.

24 **REQUEST FOR PRODUCTION NO. 3:**

25       All agreements (including exhibits) with Waymo regarding autonomous vehicles,

26 including the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times*

27 article titled "Lyft and Waymo Reach Deal to Collaborate on Self-Driving Cars."

28

**REQUEST FOR PRODUCTION NO. 4:**

Any letter of intent or interest relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

**REQUEST FOR PRODUCTION NO. 5:**

Any term sheet relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

**REQUEST FOR PRODUCTION NO. 6:**

Any definitive agreement relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

**REQUEST FOR PRODUCTION NO. 7:**

Any analysis or due diligence relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify all individuals at Waymo or Lyft who were responsible for negotiating or conducting due diligence relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify the first date that Lyft began discussion of any potential merger or agreement with Waymo.

**REQUEST FOR PRODUCTION NO. 10:**

All communications with Waymo relating to the ride-sharing market or autonomous vehicles that refer to Uber.

**REQUEST FOR PRODUCTION NO. 11:**

All communications with Waymo about this Action.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to any analysis by or for Lyft on the potential impact of this Action on Uber, Lyft, or the ride-sharing market.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  | Case No. C |
|---|---|
| Plaintiff, | PATENT LOCAL RULE 2-2 INTERIM MODEL PROTECTIVE ORDER |
| v. | |
| Defendant. | |

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 14.4 below, this Protective Order does not entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or

1    items under this Order.

2          2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated,

3    stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure

4    26(c).

5          2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as

6    their support staff).

7          2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

9          2.5    Designating Party: a Party or Non-Party that designates information or items that it

10   produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL

11   – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

12         2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or

13   manner in which it is generated, stored, or maintained (including, among other things, testimony,

14   transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in

15   this matter.

16         2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the

17   litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a

18   consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3)

19   at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

20         2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

21   extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-

22   Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

23         2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely

24   sensitive "Confidential Information or Items" representing computer code and associated comments and

25   revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in

26   detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or

27   Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive

28   means.

2.10 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL -- SOURCE CODE."

2.17 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

1  disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

2  information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

3  Protected Material at trial shall be governed by a separate agreement or order.

4  4.    DURATION

5       Even after final disposition of this litigation, the confidentiality obligations imposed by this Order

6  shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

7  directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this

8  action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

9  appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any

10  motions or applications for extension of time pursuant to applicable law.

11  5.    DESIGNATING PROTECTED MATERIAL

12       5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-

13  Party that designates information or items for protection under this Order must take care to limit any such

14  designation to specific material that qualifies under the appropriate standards. To the extent it is practical

15  to do so, the Designating Party must designate for protection only those parts of material, documents,

16  items, or oral or written communications that qualify – so that other portions of the material, documents,

17  items, or communications for which protection is not warranted are not swept unjustifiably within the

18  ambit of this Order.

19       Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

20  clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

21  retard the case development process or to impose unnecessary expenses and burdens on other parties)

22  expose the Designating Party to sanctions.

23       If it comes to a Designating Party's attention that information or items that it designated for

24  protection do not qualify for protection at all or do not qualify for the level of protection initially asserted,

25  that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken

26  designation.

27       5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g.,

28  second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

4

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific

portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party

1   must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

2   Order.

3   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

4       6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of

5   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation

6   is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

7   disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

8   designation by electing not to mount a challenge promptly after the original designation is disclosed.

9       6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by

10   providing written notice of each designation it is challenging and describing the basis for each challenge.

11   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

12   challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

13   Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by

14   conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14

15   days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its

16   belief that the confidentiality designation was not proper and must give the Designating Party an

17   opportunity to review the designated material, to reconsider the circumstances, and, if no change in

18   designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to

19   the next stage of the challenge process only if it has engaged in this meet and confer process first or

20   establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely

21   manner.

22       6.3   Judicial Intervention. If the Parties cannot resolve a challenge without court intervention,

23   the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and

24   in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or

25   within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

26   whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the

27   movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure

28   by the Designating Party to make such a motion including the required declaration within 21 days (or 14

7

days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who

has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;[1]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

---

[1] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1    matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth

2    the reasons advanced by the Designating Party for its refusal to approve the disclosure.

3              In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

4    Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

5    safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its

6    Designated House Counsel or Expert.

7    8.     PROSECUTION BAR

8              Absent written consent from the Producing Party, any individual who receives access to

9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

10   SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications

11   relating to the subject matter of this action, including without limitation the patents asserted in this action

12   and any patent or application claiming priority to or otherwise related to the patents asserted in this action,

13   before any foreign or domestic agency, including the United States Patent and Trademark Office ("the

14   Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting,

15   amending, advising, or otherwise affecting the scope or maintenance of patent claims.[3] To avoid any

16   doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent

17   before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination

18   or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY

19   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

20   information is first received by the affected individual and shall end two (2) years after final termination of

21   this action.

22   9.     SOURCE CODE

23             (a)  To the extent production of source code becomes necessary in this case, a Producing Party

24   may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or

25   includes confidential, proprietary or trade secret source code.

26             (b)  Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall

27   _____

28   [3] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to

the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may

be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

     (c)  Any source code produced in discovery shall be made available for inspection, in a format

allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually

agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.

The source code shall be made available for inspection on a secured computer in a secured room without

Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or

otherwise transfer any portion of the source code onto any recordable media or recordable device. The

Producing Party may visually monitor the activities of the Receiving Party's representatives during any

source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of

the source code.

     (d) The Receiving Party may request paper copies of limited portions of source code that are

reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for

deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other

than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all

such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL –

SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy

form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the

Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for

purposes of dispute resolution.

     (e) The Receiving Party shall maintain a record of any individual who has inspected any

portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies

of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create

any electronic or other images of the paper copies and shall not convert any of the information contained

in the paper copies into any electronic format. The Receiving Party shall only make additional paper

copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers

13

1   (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for

2   the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing

3   Party at the end of each day and must not be given to or left with a court reporter or any other

4   unauthorized individual.

5   10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

6

7        If a Party is served with a subpoena or a court order issued in other litigation that compels

8   disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY

9   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

10   CODE," that Party must:

11        (a) promptly notify in writing the Designating Party. Such notification shall include a copy of

12   the subpoena or court order;

13        (b) promptly notify in writing the party who caused the subpoena or order to issue in the other

14   litigation that some or all of the material covered by the subpoena or order is subject to this Protective

15   Order. Such notification shall include a copy of this Protective Order; and

16        (c) cooperate with respect to all reasonable procedures sought to be pursued by the

17   Designating Party whose Protected Material may be affected.[4]

18        If the Designating Party timely seeks a protective order, the Party served with the subpoena or

19   court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY

20   CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – SOURCE CODE"

21   before a determination by the court from which the subpoena or order issued, unless the Party has obtained

22   the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking

23   protection in that court of its confidential material – and nothing in these provisions should be construed as

24   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another

25   court.

26

27   [4] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to

28   afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[5] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the court.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material. Without written permission from the Designating Party or a

1    court order secured after appropriate notice to all interested persons, a Party may not file in the public
2    record in this action any Protected Material. A Party that seeks to file under seal any Protected Material
3    must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a
4    court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule
5    79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is
6    privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving
7    Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the
8    court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local
9    Rule 79-5(e)(2) unless otherwise instructed by the court.

10   15.   <u>FINAL DISPOSITION</u>

11           Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving
12   Party must return all Protected Material to the Producing Party or destroy such material. As used in this
13   subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other
14   format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned
15   or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the
16   same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,
17   where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the
18   Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format
19   reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are
20   entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,
21   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and
22   consultant and expert work product, even if such materials contain Protected Material. Any such archival
23   copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in
24   Section 4 (DURATION).

25   IT IS SO ORDERED.

26
27   DATED: _____
28                                      [Name of Judge]
                                        United States District/Magistrate Judge

17

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Protective Order that

was issued by the United States District Court for the Northern District of California on March 16, 2017,

in the case of *Waymo LLC v. Uber Technologies, Inc., Ottomotto LLC, Otto Trucking LLC,*

Case No. 3:17-cv-00939-WHA. I agree to comply with and to be bound by all the terms of this Protective

Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such

enforcement proceedings occur after termination of this action.

      I hereby appoint Arturo Gonzalez of Morrison & Foerster, 425 Market Street,

San Francisco, California (415) 268-7000 as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Protective Order.


Date: _____


City and State where sworn and signed: _____



Printed name: _____
               [printed name]


Signature: _____
          [signature]

# EXHIBIT B

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| Waymo LLC, | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   3:17-cv-00939 WHA |
| Uber Technologies, Inc., Ottomotto LLC, Otto Trucking LLC, | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Lyft Inc., 185 Berry Street, Suite 5000, San Francisco, CA  94107

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A

| Place: Morrison & Foerster LLP<br>425 Market Street, 33rd Floor<br>San Francisco, CA 94105 | Date and Time:<br>06/20/2017 9:30 am |
|---|---|

The deposition will be recorded by this method:   Videographer, stenographer

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment A.

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/18/2017

              _CLERK OF COURT_
                                                    OR
                                                              /s/ Arturo Gonzalez
        _Signature of Clerk or Deputy Clerk_                _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Uber Technologies, Inc. and Ottomotto LLC                                    , who issues or requests this subpoena, are:

Arturo Gonzalez, 425 Market Street, San Francisco CA 94105; AGonzalez@mofo.com, 415.268.7000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:17-cv-00939 WHA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                        *Server's signature*

                                             _____
                                                        *Printed name and title*

                                             _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:



AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT A**

**DEPOSITION TOPICS**

1.      Communications with Waymo about past, current, or potential competition with Uber.

2.      Analysis of Lyft as a potential acquisition target by Waymo, including Lyft's past, current, or potential competition with Uber.

3.      Agreements with Waymo regarding autonomous vehicles, including the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article titled "Lyft and Waymo Reach Deal to Collaborate on Self-Driving Cars."

4.      Letter of intent or interest relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

5.      Term sheet relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

6.      Definitive agreement relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

7.      Analysis or due diligence relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

8.      Individuals at Waymo or Lyft who were responsible for negotiating or conducting due diligence relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

9.      The first date that Lyft began discussion of any potential merger or agreement with Waymo.

10.     Communications with Waymo relating to the ride-sharing market or autonomous vehicles that refer to Uber.

11.     Communications with Waymo about this Action.

12.     Analysis by or for Lyft on the potential impact of this Action on Uber, Lyft, or the ride-sharing market.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  | | Case No. C |
|---|---|---|
| | Plaintiff, | PATENT LOCAL RULE 2-2 INTERIM MODEL PROTECTIVE ORDER |
| v. | | |
| | Defendant. | |

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 14.4 below, this Protective Order does not entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or

items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10   House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

3

1  disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

2  information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

3  Protected Material at trial shall be governed by a separate agreement or order.

4  4.    DURATION

5      Even after final disposition of this litigation, the confidentiality obligations imposed by this Order

6  shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

7  directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this

8  action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

9  appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any

10  motions or applications for extension of time pursuant to applicable law.

11  5.    DESIGNATING PROTECTED MATERIAL

12      5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-

13  Party that designates information or items for protection under this Order must take care to limit any such

14  designation to specific material that qualifies under the appropriate standards. To the extent it is practical

15  to do so, the Designating Party must designate for protection only those parts of material, documents,

16  items, or oral or written communications that qualify – so that other portions of the material, documents,

17  items, or communications for which protection is not warranted are not swept unjustifiably within the

18  ambit of this Order.

19      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

20  clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

21  retard the case development process or to impose unnecessary expenses and burdens on other parties)

22  expose the Designating Party to sanctions.

23      If it comes to a Designating Party's attention that information or items that it designated for

24  protection do not qualify for protection at all or do not qualify for the level of protection initially asserted,

25  that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken

26  designation.

27      5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g.,

28  second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

4

1   Material that qualifies for protection under this Order must be clearly so designated before the material is

2   disclosed or produced.

3           Designation in conformity with this Order requires:

4           (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding

5   transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

6   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

7   CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or

8   portions of the material on a page qualifies for protection, the Producing Party also must clearly identify

9   the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

10  portion, the level of protection being asserted.

11          A Party or Non-Party that makes original documents or materials available for inspection need not

12  designate them for protection until after the inspecting Party has indicated which material it would like

13  copied and produced. During the inspection and before the designation, all of the material made available

14  for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

15  inspecting Party has identified the documents it wants copied and produced, the Producing Party must

16  determine which documents, or portions thereof, qualify for protection under this Order. Then, before

17  producing the specified documents, the Producing Party must affix the appropriate legend

18  ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

19  CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or

20  portions of the material on a page qualifies for protection, the Producing Party also must clearly identify

21  the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

22  portion, the level of protection being asserted.

23          (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating

24  Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected

25  testimony and specify the level of protection being asserted. When it is impractical to identify separately

26  each portion of testimony that is entitled to protection and it appears that substantial portions of the

27  testimony may qualify for protection, the Designating Party may invoke on the record (before the

28  deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific

portions of the testimony as to which protection is sought and to specify the level of protection being

asserted. Only those portions of the testimony that are appropriately designated for protection within the

21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may

specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire

transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other

proceeding to include Protected Material so that the other parties can ensure that only authorized

individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present

at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the

transcript contains Protected Material, and the title page shall be followed by a list of all pages (including

line numbers as appropriate) that have been designated as Protected Material and the level of protection

being asserted by the Designating Party. The Designating Party shall inform the court reporter of these

requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall

be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript

shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible

items, that the Producing Party affix in a prominent place on the exterior of the container or containers in

which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or

portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall

identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate

qualified information or items does not, standing alone, waive the Designating Party's right to secure

protection under this Order for such material. Upon timely correction of a designation, the Receiving Party

1    must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

2    Order.

3    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

4         6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

5    confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation

6    is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

7    disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

8    designation by electing not to mount a challenge promptly after the original designation is disclosed.

9         6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by

10   providing written notice of each designation it is challenging and describing the basis for each challenge.

11   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

12   challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

13   Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by

14   conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14

15   days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its

16   belief that the confidentiality designation was not proper and must give the Designating Party an

17   opportunity to review the designated material, to reconsider the circumstances, and, if no change in

18   designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to

19   the next stage of the challenge process only if it has engaged in this meet and confer process first or

20   establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely

21   manner.

22        6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention,

23   the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and

24   in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or

25   within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

26   whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the

27   movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure

28   by the Designating Party to make such a motion including the required declaration within 21 days (or 14

7

days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who

9

1    has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the

2    procedures set forth in paragraph 7.4(a)(1), below, have been followed;[1]

3            (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

4    litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3)

5    as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

6            (d) the court and its personnel;

7            (e) court reporters and their staff, professional jury or trial consultants, and Professional

8    Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

9    "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

10           (f) the author or recipient of a document containing the information or a custodian or other

11   person who otherwise possessed or knew the information.

12       7.4  <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –</u>

13   <u>ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>

14   <u>to Designated House Counsel or Experts.</u>

15           (a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party,

16   a Party that seeks to disclose to Designated House Counsel any information or item that has been

17   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b)

18   first must make a written request to the Designating Party that (1) sets forth the full name of the

19   Designated House Counsel and the city and state of his or her residence and (2) describes the Designated

20   House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in

21   sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive

22   decision-making.

23           (a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party,

24   a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been

25   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

26

27   _____

     [1] This Order contemplates that Designated House Counsel shall not have access to any information or items
28   designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[3] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.    SOURCE CODE

(a)  To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)  Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall

---

[3] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)   Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)   The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)   The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers

13

(including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[4]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

---

[4] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

11.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS</u>
<u>LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[5] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the court.

14.     MISCELLANEOUS

14.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2     Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3     Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4     Filing Protected Material. Without written permission from the Designating Party or a

16

court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

15.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

DATED: _____   _____
                                        [Name of Judge]
                                        United States District/Magistrate Judge

17

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Protective Order that

was issued by the United States District Court for the Northern District of California on March 16, 2017,

in the case of *Waymo LLC v. Uber Technologies, Inc., Ottomotto LLC, Otto Trucking LLC,*

Case No. 3:17-cv-00939-WHA. I agree to comply with and to be bound by all the terms of this Protective

Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint Arturo Gonzalez of Morrison & Foerster, 425 Market Street,

San Francisco, California (415) 268-7000 as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Protective Order.


Date: _____


City and State where sworn and signed: _____


Printed name: _____
                        [printed name]


Signature: _____
                    [signature]

**MOE'S PROCESS SERVING INC**
Los Are Hand em Town

DARIN FAIN
LAURI GREENBERG
2300 P STREET  (916) 498-0808
SACRAMENTO, CA  95816

23838

16-49/1220

| EXPLANATION | AMOUNT |
| --- | --- |
|  |  |
|  |  |
|  |  |

PAY
AMOUNT
OF  Forty $\frac{00}{xx}$                              DOLLARS

CHECK
AMOUNT

| DATE | TO THE ORDER OF | DESCRIPTION | CHECK NUMBER | |
| --- | --- | --- | --- | --- |
| 8/18/17 | Lyft, Inc | Fee adv | 23838 | $ 40.00 |

**U Union**Bank
(800) 238-4486
unionbank.com

⑈"023838"⑈ ⑆122000496⑆ 1210044090"⑈

# EXHIBIT C

**From:**        Luedtke, Carolyn
**Sent:**        Friday, May 26, 2017 11:10 AM
**To:**        XT Gonzalez, Arturo
**Cc:**        Overbeck, Mari
**Subject:**        Lyft Subpoena in Waymo/Uber Litigation

Arturo,

It was nice to speak with you again.  As requested, this is an email following up on my call so that you can put me in touch with the proper point person on your team for further discussion.  As I said on the phone, my colleague Mari Overbeck and I will be representing Lyft in connection with the document and deposition subpoenas that Uber served on Lyft in the Uber/Waymo litigation.  We have serious concerns about, among other things, the relevance of the topics of the subpoena.  We would like to talk to someone to understand how Uber thinks these topics are relevant.  We would also like to have an extension on the June 2 date in the document subpoena to a week later, June 9, by which time after we have met and conferred we would either serve responses and/or move to quash.  Thank you for your attention to this and I look forward to speaking to someone on your team.

Regards,
Carolyn

**Carolyn Hoecker Luedtke | Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4027 | Fax:  415.644.6927 | carolyn.luedtke@mto.com | www.mto.com

*＊＊＊NOTICE＊＊＊*

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*