Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
Otto Trucking LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Waymo LLC,<br><br>              Plaintiff,<br><br>         v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>              Defendants. | Case No. 3:17-cv-00939<br><br>**DEFENFANT OTTO TRUCKING LLC'S RESPONSE TO WAYMO'S PRÉCIS ON MOTIONS IN LIMINE IN RESPONSE TO CASE MANAGEMENT ORDER RE: TRIAL PREPARATION [DKT. NO. 604]**<br><br>Courtroom: 8-19th Floor<br>Judge:  Hon. William Alsup |

Defendant Otto Trucking LLC ("Otto Trucking") respectfully submits this response in opposition to Waymo's précis on motions *in limine* in response to the Court's Case Management Order [Dkt. No. 604]. Both of Waymo's motions appear to be directed to Uber, not Otto Trucking. However, Waymo's précis is unclear. To the extent the motion is directed to Otto Trucking, Otto Trucking provides the following response.

*Motion in Limine No. 1: To Preclude Uber from arguing that Uber never possessed the 14,000 files, or in the alternative, for an adverse inference that Uber possessed the 14,000 files.*

This motion should be denied as to Otto Trucking for at least three reasons. First, Otto Trucking has been clear it has been and currently is unable to possess any of the information that is subject to this motion. As Otto Trucking has repeatedly stated in this litigation, Otto Trucking has no employees, no electronic storage devices, has done no research and development, does not own servers or computers to store electronic materials, and has no intellectual property. Otto Trucking is merely an entity that owns Otto Transport LLC, an entity that owns trucks. Waymo has no evidence that Otto Trucking, an entity completely separate from Uber, ever possessed the so-called 14,000 files.[1]

Second, this request is premature. Otto Trucking has asked for the data related to the so-called downloading of information, as well as associated data. Otto Trucking intends to challenge the inference Waymo seeks to draw related to these 14,000 files. To date, Waymo has stymied the discovery, agreeing only to rely upon its fact witness on preliminary injunction and a snapshot of a single day of metadata. Waymo has not yet allowed for Otto Trucking to test the validity of its assertions, and until the discovery is forthcoming, any ruling on this motion is premature.

Third, an adverse inference regarding those 14,000 files is improper here. An adverse

---

[1] *See* Defendants' Responses to Court-Ordered Interrogatories [Dkt. No. 265] ("Otto Trucking LLC has not been acquired by Uber Technologies, Inc. and remains a distinct legal entity. Otto Trucking has no independent knowledge of the contents of Exhibit A beyond Uber and Otto's disclosure."); Otto Trucking's Objections and Responses to Plaintiff's First Set of Expedited Interrogatories ("Otto Trucking does not have its own Network", "Otto Trucking does not possess any of its own servers, computers, electronic or hard-copy document repositories"); Otto Trucking's Objections and Responses to Plaintiff's Second Set of Expedited Interrogatories ("Otto Trucking does not have its own servers or networks, and so does not have information responsive to Interrogatory No. 13").

ACTIVE/91556152.2                                    1
OTTO TRUCKING LLC'S RESPONSE TO WAYMO'S PRÉCIS     CASE NO. 3:17-CV-00939

inference is only proper when a party has relevant evidence in his or her control which he fails to produce. *See Coach, Inc. v. Celco Customs Servs. Co.,* No. CV1110787MMMFMOX, 2014 WL 12573411, at *10 (C.D. Cal. June 5, 2014) (quoting *International Union v. National Labor Relations Bd.*, 459 F.2d 1329, 1331 (D.C.Cir.1972) ("[W]hen a party has evidence within his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him")). In addition, for an adverse inference to apply, some grounds for corroboration must exist. *See Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 912 (9th Cir. 2008). Here, Otto Trucking has produced all the information it has. It cannot force one of its shareholders to waive a Fifth Amendment right, nor should an adverse inference be drawn because of the shareholder's invocation of his constitutional right. The only other information it has not produced are documents that are subject to the various privileges. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000) ("[A]n adverse inference from an assertion of one's privilege not to reveal information is too high a price to pay"); *Knorr-Bremse Sys. Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) ("no adverse inference shall arise from invocation of the attorney-client and/or work product privilege"). Here, there is also no evidence that Otto Trucking is anything other than what it says it is.

<u>Motion in limine no. 2: To preclude Uber from arguing that Uber used the due diligence process to prevent Waymo's trade-secret information from reaching Uber.</u>

This should not and cannot be a motion directed to Otto Trucking. Otto Trucking is an entity separate from Ottomotto and separate from Uber. It has not been acquired by Uber, although Uber has retained the right to acquire Otto Trucking in the future. Beyond enforcing a joint defense agreement, Otto Trucking could not and did not control what Uber was going to do or what Uber's intentions were with respect to the due diligence process. They are separate companies. As a result, this motion should not apply to Otto Trucking.

Otto Trucking should not be foreclosed from relying on unprivileged *facts* for its defense. Simply because those facts may or may not have been included in privileged documents or discussions does not prevent this non-privileged evidence from inclusion at trial. *See* Statement Regarding Privilege at 2-3 (citing *United States v. O'Malley*, 786 F.2d 786, 794 (7th Cir. 1986)

1  ("[T]he privilege attaches not to the information but to the communication of the information.")).

2  Otto Trucking must be allowed to put forth non-privileged facts to support its defense, regardless

3  of its later use in privileged due diligence materials.

Dated: June 19, 2017                                   Respectfully submitted,

By: /s/ Neel Chatterjee
    Neel Chatterjee (SBN 173985)
    *nchatterjee@goodwinlaw.com*
    **GOODWIN PROCTER LLP**
    135 Commonwealth Drive
    Menlo Park, California 94025
    Tel.: +1 650 752 3100
    Fax.: +1 650 853 1038

    Rachel M. Walsh (SBN 250568)
    *rwalsh@goodwinlaw.com*
    Brett Schuman (SBN 189247)
    *bschuman@goodwinlaw.com*
    **GOODWIN PROCTER LLP**
    Three Embarcadero Center
    San Francisco, California 94111
    Tel.: +1 415 733 6000
    Fax.: +1 415 677 9041

*Attorneys for Defendant
Otto Trucking LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on June 19, 2017. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 19th day of June 2017.

/s/ Neel Chatterjee
Neel Chatterjee