# EXHIBIT 1

# Ismail Ramsey

| | |
|---|---|
| **From:** | John Cooper <JCooper@fbm.com> |
| **Sent:** | Wednesday, May 31, 2017 4:07 PM |
| **To:** | James Judah |
| **Cc:** | Scott Brown; David Perlson; Andrea P Roberts; Miles Ehrlich; Gonzalez, Arturo J.; Ismail Ramsey; Chatterjee, Neel; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); QE-Waymo; Matthew Cate; Schuman, Brett; Brun, Shane; Walsh, Rachel M.; Ray, Wendy J. |
| **Subject:** | Re: Waymo v Uber, Case No. 3:17-cv-00939 - May 10 Subpoena on Stroz Friedberg |

Mr. Brown

I am Special Master in this action. I am scheduling a conference call regarding the issues relating to Stroz Friedberg for 11:00 am tomorrow, June 1. The call in number is 888 759 6039. We would appreciate your participation in this call.

John

John L. Cooper
Farella Braun + Martel LLP
Direct: 415 954 4410
jcooper@fbm.com

On May 31, 2017, at 2:47 PM, James Judah <jamesjudah@quinnemanuel.com> wrote:

> Scott and John –
>
> I am adding counsel for Defendants as well as Special Master Cooper.
>
> Scott, Magistrate Judge Corley has instructed that issues with third party subpoenas should be addressed with Mr. Cooper as special master. If you are not available today, we would like to schedule a call for tomorrow morning with the Special Master so that we can raise these issues with the Magistrate Judge if necessary.
>
> Further, Scott, what is the basis for your understanding that "on or around May 17th, the response date of the subpoena was stayed"? And who told you "that stay was lifted earlier today"? Finally, what is the basis of your understanding that "the May 10th subpoena is now a dead letter in light of strict scope restrictions put in place by the Magistrate Judge presiding over discovery"? Please provide these communications if they were in writing. Moreover, on our call today with Defendants' counsel they said that both Ms. Ray and Mr. Tate of Morrison & Foerster had recently reached out to you regarding the subpoena but that you hadn't responded. Please let us know if that is incorrect.
>
> Also, at their request, we told Defendants' counsel that responses and objections to Request Nos. 3 and 30 were due by May 25. Morrison & Foerster knew that by May 22. Did they (or anyone else) share that highly relevant information with you regarding Stroz's obligations under Rule 45 and the Court and Magistrate Judge's rulings?
>
> For our part, we have been asking counsel for Uber and Otto Trucking to tell us for weeks who is representing Stroz so that we could coordinate the response time for the expedited requests versus the

1

remainder of the subpoena. As just one example, on May 22, we asked counsel for Defendants: "If you have **any information** as to who does represent Stroz, **please let us know so that we can convey to them the two requests we are pursuing in expedited discovery**." (5/22/2017 Roberts email, emphases added.) However, even though they had been in contact with you about the subpoena all along, they never once mentioned your name or that you were an appropriate point of contact. I will also note that at no point between the date of service of the subpoena on Stroz (May 10) and the response date (May 25) did you or anyone else from Stroz ever reach out to Waymo to ask if what you were being told was accurate or about the status of the subpoena.

In all events, our goal is to move quickly to get the discovery to which we are entitled. The two requests from the Stroz subpoena that Waymo has designated as expedited discovery are:

> No. 3: All agreements between YOU and any PERSON REGARDING LEVANDOWSKI, Lior Ron, the DUE DILIGENCE REPORT (or the subject matter discussed therein), OTTO TRUCKING, OTTOMOTTO, or the MISAPPROPRIATED MATERIALS.

> No. 30: Any "original materials provided by Client or Uber or Ottomotto, to Stroz Friedberg" (referenced in Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to Waymo's Motion to Compel, attached hereto as Exhibit D).

In the interest of compromise and moving forward with Waymo's expedited discovery, Waymo will agree to an extension whereby Stroz's objections and responses are due Friday, June 2, with documents responsive to Request No. 3 being produced on Monday, June 5, and documents responsive to Request No. 30 being produced on Wednesday, June 7. As for the rest of the subpoena, it is not a "dead letter" but rather had been stayed until Waymo exhausted its 28 expedited discovery requests. Those expedited discovery requests were exhausted on Friday, May 26. Therefore, Stroz's objections and responses to the remaining 29 document requests in the subpoena are due no later than June 9 (14 days later).

Thank you,
James

---

**From:** Scott Brown [mailto:SBrown@StrozFriedberg.com]
**Sent:** Wednesday, May 31, 2017 12:03 PM
**To:** James Judah <jamesjudah@quinnemanuel.com>
**Cc:** David Perlson <davidperlson@quinnemanuel.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Subject:** RE: Waymo v Uber, Case No. 3:17-cv-00939 - May 10 Subpoena on Stroz Friedberg

Hi James,

Unfortunately, I'm not available for a call at the requested time due to a previously scheduled meeting, and my day is otherwise full.

Regarding the May 10th subpoena on third party/non-litigant Stroz Friedberg, it is my understanding that on or around May 17th, the response date of the subpoena was stayed. I am told that stay was lifted earlier today. With that in mind, to the extent you are suggesting via your note below that we have somehow missed the return date, based on the information available to us, we disagree.

Turning back to your request for a call, given that we have yet to settle who will represent Stroz Friedberg in connection with the subpoena, and I understand that the May 10th subpoena is now a dead

2

letter in light of strict scope restrictions put in place by the Magistrate Judge presiding over discovery, I believe a call is premature. More to the point, before we schedule a call, I'd like your firm to propound a new subpoena specifying the requests for production you intend to pursue, which requests we will consider and address in due course.

Thanks, and have a nice day.

Best, Scott


**Scott Brown | Chief Legal Officer**

**Stroz Friedberg, an Aon company**
2 Oliver Street, 11th Floor | Boston, MA 02109

T: +1 617.848.5656 | F: +1 617.395.2630
sbrown@strozfriedberg.com | www.strozfriedberg.com

This message and/or its attachments may contain information that is confidential and/or protected by privilege from disclosure. If you have reason to believe you are not the intended recipient, please immediately notify the sender by reply e-mail or by telephone, then delete this message (and any attachments), as well as all copies, including any printed copies. Thank you.


**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Wednesday, May 31, 2017 2:35 PM
**To:** Scott Brown <SBrown@StrozFriedberg.com>
**Cc:** David Perlson <davidperlson@quinnemanuel.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Subject:** Waymo v Uber, Case No. 3:17-cv-00939 - May 10 Subpoena on Stroz Friedberg

Scott –

Following up on the message I left with your assistant, we'd like to discuss Waymo's May 10 subpoena on Stroz Friedberg, which had a response date of May 25, this afternoon at 12:30 PT / 3:30 ET. You can reach me at 415-875-6420. If there is an alternative time that works better for you, please let me know. I appreciate your prompt attention to this urgent matter.

Thanks,
James


**James Judah**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6420 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jamesjudah@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP