MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:     415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:     202.237.2727
Facsimile:     202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                Plaintiff,<br><br>       v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                Defendants. | Case No.      3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS LETTER BRIEF AND EXHIBITS 3, 4, AND 5 THERETO (DKT. 595)**<br><br>Trial Date: October 2, 2017 |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Plaintiff's Administrative Motion to File Under Seal Portions of Its Letter Brief and Exhibits 3, 4, and 5 Thereto (Dkt. 595).

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Waymo's Letter Brief | Highlighted Portions on Page 7 |
| Exhibits 3 | Entire Document Except for 3:17-4:25[1] |
| Exhibits 4 and 5 | Entire Documents |

3. Exhibit 3 is an excerpt from Defendants' Responses to Waymo's First Set of Expedited Interrogatories, designated Highly Confidential and Attorneys' Eyes Only. The interrogatory responses contain highly confidential business information that would competitively harm Uber if disclosed, such as identification of Uber's LiDAR-related projects by name, confidential vendor, or technical feature; communications and agreements made in the context of business negotiations that reveal how negotiations were conducted and the financial structure of transactions. This highly confidential information is not publicly known, and their confidentiality is strictly maintained. I understand that this information could be used by competitors or counterparties to Uber's detriment, including to gain an advantage over Uber in development strategy or in the context of business negotiations. For example, disclosure of Uber's LiDAR-related projects, confidential vendor, and technical feature information would allow competitors to understand Uber's work with LiDAR and allow them to tailor their LiDAR development

---

[1] Uber withdrew its designation of the response to expedited Interrogatory No. 1 as Confidential. (*See* Ex. 3 at 3:17-4:25.)

1  strategy.  Disclosure of these communications and agreements in the context of business
2  negotiations would allow competitors or counterparties to tailor their negotiation tactics to
3  counter Uber.  If such information were made public, I understand Uber's competitive standing
4  could be significantly harmed.

5      4.    In addition, Exhibit 3 contains the names and locations of Uber employees
6  working on LiDAR-related projects, and disclosure of their information would harm their privacy
7  interests.  Defendants request this list be kept confidential in order to protect the privacy of
8  individuals at a company that is currently the subject of extensive media coverage.

9      5.    Exhibits 4 and 5 contain highly confidential business information relating to
10 business transaction negotiation steps, timing, and strategy.  The highlighted portions on page 7
11 of Waymo's Letter Brief describe highly confidential business information contained in Exhibits
12 4 and 5.  This highly confidential information is not publicly known, and their confidentiality is
13 strictly maintained.  I understand that this information could be used by competitors or
14 counterparties to Uber's detriment, including by using this information to gain an advantage over
15 Uber in negotiations for business transactions.  Disclosure of this negotiation steps, timing, and
16 strategy information would allow competitors or counterparties to tailor their negotiation tactics
17 to counter Uber.  If such information were made public, I understand Uber's competitive standing
18 could be significantly harmed.

19     6.    Defendants' request to seal is narrowly tailored to those portions of Plaintiff's
20 Reply and its supporting papers that merit sealing.

21     I declare under penalty of perjury under the laws of the United States that the foregoing is
22 true and correct.  Executed this 16th day of June, 2017, in Washington, D.C.

                                      */s/ Michelle Yang*
                                      Michelle Yang

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated: June 16, 2017                               */s/ Arturo J. González*
                                                              Arturo J. González