IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

  v.

UBER TECHNOLOGIES, INC., *et al.*,

    Defendants.

No. C 17-00939 WHA

**ORDER RE CONFERENCE TO FRAME** *IN LIMINE* **MOTIONS**

On **JUNE 29 AT 8:00 A.M.**, we will have a conference in court to better define one or more of the issues raised in the recent *in limine* proposals. In particular, the judge needs to better understand the following points before framing any *in limine* briefing. By **JUNE 28 AT NOON**, each side shall file a memorandum up to fifteen pages (twelve-point font, double-spaced, with no attachments or footnotes), addressing the following points by number and restating the question (the question itself may be single-spaced). At this stage, exposition of the actual evidence will be far more helpful than recitation of caselaw but where caselaw is cited, please limit yourselves to appellate decisions in our circuit or the Federal Circuit and include adverse authority. All defendants must share the same fifteen pages.

    1.    At trial, won't both sides wish to affirmatively address the following question:

> What, if any, precautions did Uber take to make sure Levandowski didn't use Waymo trade secrets at Uber?

Isn't this a legitimate question that the jury is likely to consider, even on its own, and also a question likely to be asked by counsel for both sides of individual fact witnesses, maybe even of experts as well?

2. In addressing this question, should Uber be barred from referencing any precaution it undertook on which it has refused to reveal evidence, even if the refusal was based on a sustained claim of privilege and even if Uber otherwise has made a full disclosure on the subject?  If Uber is barred from any such reference, under what circumstances could Waymo open the door?

3. In considering the question indented above, isn't it inevitable that the jury will learn that some precautions taken by Uber were taken by its counsel and that those precautions remain secret and privileged?

4. If Waymo is precluded by privilege from showing what Uber and its counsel knew and when they knew it, should we tell the jury why Waymo has been precluded, with an appropriate instruction that invocation of privilege is a legitimate right and no adverse inference may be drawn therefrom?

5. To what extent may Uber argue to the jury that Waymo has failed to present proof that Uber knew or suspected Levandowski had stolen Waymo trade secrets where Uber has asserted privilege over what it actually knew or suspected?  Would such an argument by Uber open the door to an explanation to the jury that Uber has asserted privilege over what it knew or suspected?  To avoid this, should Uber be limited to arguing only that within the universe of non-privileged materials produced by Uber, Waymo has failed to find damning evidence?

6. Waymo should not argue or imply that invocation of a privilege was a coverup — except to the extent the Court has overruled the claim of privilege.  Agreed?

7. Under what circumstances, if any, would possession by Morrison & Foerster or Stroz Friedberg of any downloads in question be

admissible (if true) to show unlawful acquisition or use by Uber, assuming the downloaded information qualifies as trade secrets?

8. Both sides should lay out their affirmative evidentiary case on what Uber or its counsel knew and when they knew it, so that we can evaluate which actual items of proof ought to be challenged *in limine*. (This should be at least three of your fifteen pages.)

9. At trial, will either side introduce summary evidence or present results of internal investigations? If so, what specifically? For example, does either side expect to present a witness to testify that many employees were interviewed and none of them ever received any information about Waymo, or that many gigabytes of Uber emails were searched for keywords and none showed traces of Waymo trade secrets? If so, make your specific offer of proof and explain how it would avoid hearsay problems and why it would be admissible.

None of the foregoing constitutes a ruling. Counsel shall not claim otherwise. The foregoing is simply a listing of points that will help inform how to frame *in limine* issues for subsequent briefing and to decide the shape of the trial.

**IT IS SO ORDERED.**

Dated: June 20, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3