QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | CASE NO. 3:17-cv-00939-WHA |
| Plaintiff, | **PLAINTIFF WAYMO'S RESPONSE TO ORDER RE SCHEDULING DEPOSITIONS (DKT. 622)** |
| vs. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

Pursuant to the Court's June 14 Order Re Scheduling Depositions (Dkt. 622), counsel for Waymo met and conferred with Defendants' counsel and Special Master Cooper on June 14 and June 16. At the Special Master's request, the parties submitted lists of likely deponents to him on June 16. The parties submitted those lists *ex parte*. Counsel for Uber and Ottomotto, and counsel for Waymo subsequently exchanged proposals "to develop a schedule under which all depositions counsel wish to take will be completed before the fact discovery cutoff." (Dkt. 622.)

On June 20, Waymo suggested that the parties exchange their lists of likely deponents that day to facilitate discussions of the schedule. In particular, Waymo explained that knowing the likely deponents, even though it would not be a final list, will allow the parties to promptly begin checking witness schedules for availability. Counsel for Uber and Ottomotto refused to exchange of these preliminary lists, calling them "premature," despite the Court's Order. Counsel for Otto Trucking never responded to Waymo's suggestion.

Below is Waymo's current proposed schedule for completing depositions before the fact discovery cut-off, which Waymo provided to Defendants as part of the meet and confer process. Waymo makes this proposal without knowing who is on Defendants' proposed deponent list. Waymo needs Defendants' list in order to finalize its proposal, and so the proposal below is subject to change based upon Defendants' list of deponents and when those lists are exchanged. Waymo remains willing to agree to a time for a mutual exchange of the parties' likely deponent lists, subject to the caveat that it is without prejudice to making revisions to the lists based upon information learned in discovery or otherwise. For example, Waymo's list of likely deponents may also be impacted by Defendants' supplemental initial disclosures, production of the due diligence report, production of some or all of the 3500+ documents currently withheld by Defendants as privileged, and information learned in discovery. Generally speaking, Waymo's approach is to set out a schedule aimed at resolving discovery disputes that may impact depositions, such as those relating to document productions or disputes over who may be deposed, as possible so that depositions are not delayed as a result.

- The parties shall exchange the list of deponents they intend to depose ("likely deponent list"), subject to the assumptions regarding changes based on additional discovery by **a date certain.** In Waymo's view, this should be done in the next week. For the deponents on that list, inclusion on that list shall constitute notice of deposition and there is no need for the party taking the deposition to serve a separate notice. The parties will meet and confer regarding the dates for those depositions. Upon receipt of these lists, the parties will promptly consult with party witnesses or witnesses under the parties' control to determine if they have any blackout dates for depositions, such as planned vacations, and advise the other side of such conflicts **within ten days** of receipt of the likely deponent lists.[1]

- If there are any disputes regarding deponents that are on the likely deponent lists (i.e. apex issues, issues relating to availability, etc.), the parties shall meet and confer and file any motions to compel or for a protective order **three days** after the deadline by which the parties must advise the other side of schedule conflicts. Responses shall be due **three days** later. The parties will agree on page limits with the Special Master.[2]

- All productions of documents in response to document requests served to date and in response to which responses and objections are due by June 30 be complete by: **July 7**.
    - Per the parties' prior discussions with the Special Master, if Waymo wishes to serve additional document requests, it must first obtain leave from Special Master

---

[1] Defendants argue that it is unfair for them to have to provide their list of likely deponents because they have not received as much discovery from Waymo as Waymo has from Defendants. This is not unfair because it is consistent with the Court's orders. Both parties have had expedited discovery as agreed. And the Court granted further expedited discovery to Waymo as provisional relief in its preliminary injunction order based on Defendants' conduct detailed therein. Thus, it is no surprise that Waymo would have received more discovery from Defendants. Further, Waymo recognizes that both sides may need to and should be entitled to amend their lists of likely deponents based upon additional discovery. Nevertheless, knowing who the potential deponents are now will facilitate early resolution of disputes.

[2] Since June 20 passed, the portions of this proposal relating to the exchange of likely deponent lists, including motion practice relating to those deponents, will require updating if and when Defendants agree to share their lists of likely deponents.

Cooper.  Defendants must do the same to the extent they wish to serve more than 265 document requests.  If additional document requests are served, the productions do not need to be complete by **July 7**, but the parties will meet and confer regarding expediting response date.

- This deadline shall not apply to documents in response to document requests already served, but for which responses are not due on or before June 30 and will not be due prior to **July 7.**  For those documents, the parties will expedite their production of documents and produce them as quickly as possible after the response date.
- This deadline shall not apply to documents subject to motions to compel.  If such documents are compelled to be produced, they shall be produced as ordered by the Court.

- The parties shall endeavor to file any motions to compel based upon responses and/or objections to requests for production by **July 7.**  Those will be briefed on an expedited basis following schedules agreed upon with the Special Master.  This deadline shall not apply to document request responses to which are not due prior to June 30.  If there are issues with respect to responses and/or objections to requests for production that are served after that date, the parties will expedite their efforts to meet and confer, and brief any disputes on an expedited basis.

- The parties shall endeavor to file any motions to compel based on upon deficiencies in document productions by **July 14.**  Those will be briefed on an expedited basis following schedules agreed upon with the Special Master.  This deadline shall not apply to document productions that are not required to be complete by **July 7**.  If there are issues with respect to such post-**July 7** document productions, the parties will expedite their efforts to meet and confer, and brief disputes on an expedited basis.

- The parties shall serve all interrogatories, requests for admission and remaining requests for production no later than **July 25** such that responses shall be due **August 24.**

- The parties shall schedule depositions to occur before **August 24.**  After the date that document productions are complete, the parties will aim to schedule at least five depositions per week, subject to the availability of third parties.  There will likely be a need to schedule more than five depositions per week to cover all deponents and meet the targeted schedule below.  Additionally, this does not preclude either party from taking any depositions before document productions are complete on **June 7.**  Parties may take depositions/produce witnesses for deposition after **August 24** for good cause shown or by agreement of the parties.
    - For party witnesses, they will be made available within 7 days' notice.  A formal deposition notice is not required for party depositions.
    - For non-party witnesses, they will be given reasonable notice.
    - The parties will schedule depositions of witnesses likely to have information regarding Defendants' use of Waymo's trade secrets so that they are completed by **July 31.**  This is to ensure that Waymo can take these depositions before the **August 1** deadline to narrow the trade secrets for trial.
    - The parties will schedule depositions of witnesses likely to have information regarding whether Waymo's trade secrets are trade secrets (including regarding Waymo's efforts to maintain their confidentiality) before **July 31.**  This is to ensure that these depositions are taken before the **August 1** deadline to narrow the trade secrets for trial.
    - The above does not preclude either party from taking depositions on these issues after **August 1**.  But each party will make a good faith effort to make their witnesses on those issues available for deposition before that date if that's what the deposing party requests.  The parties may schedule depositions on other issues in the case at any time before **August 24**, again aiming to have at least five per week.
    - This schedule assumes the parties will notice a reasonable number of depositions proportional to the needs of the case within the scheduled time frame, and each side

1  reserves the right to seek relief should the other notice an unreasonably large
2  number of depositions and/or depositions that are not material to this case.
3
4
5  DATED: June 21, 2017                    QUINN EMANUEL URQUHART & SULLIVAN, LLP
6
7                                          By  /s/ Charles K. Verhoeven
                                               Charles K. Verhoeven
8                                              Attorneys for WAYMO LLC
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28