1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:    415.268.7000
7  Facsimile:    415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
11 Washington DC  20005
   Telephone:    202.237.2727
12 Facsimile:    202.237.6131

13 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

15 *ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE*

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18               SAN FRANCISCO DIVISION

19 WAYMO LLC,                          | Case No. 3:17-cv-00939-WHA

20              Plaintiff,             | **DEFENDANTS  UBER TECHNOLOGIES, INC., OTTOMOTTO LLC AND OTTO TRUCKING LLC'S PROPOSED DEPOSITION SCHEDULE IN RESPONSE TO THE COURT'S JUNE 14, 2017 ORDER**

21      v.

22 UBER TECHNOLOGIES, INC.,
   OTTOMOTTO LLC; OTTO TRUCKING LLC,

23              Defendants.           | Ctrm:   8, 19th Floor
                                       | Judge:  The Honorable William Alsup
24
25                                     | Trial Date: October 10, 2017
26
27
28

This submission responds to this Court's Order Dkt. No. 622, dated June 14, 2017, in which the Court directed the parties to meet and confer and develop a schedule under which all depositions will be completed before the August 24, 2017 fact discovery cutoff.  The parties have met and conferred with the assistance of the special master, but have not been able to agree on a proposed schedule.

Defendants Uber Technologies, Inc., Ottomotto LLC (collectively, "Uber"), and Otto Trucking LLC (collectively, "Defendants") hereby submit the following proposed schedule, which will allow for the completion of all depositions within the fact discovery period and the prompt resolution of any disputes that might delay the deposition schedule.  In making this submission, Defendants note that any symmetrical schedule necessarily disadvantages Defendants because while Waymo LLC ("Waymo") has received very substantial discovery from Uber, Waymo is withholding much of the discovery to which Defendants are entitled and upon which Defendants would rely in deposition.  Uber is concerned about prejudice to its defense. Defendants nonetheless are proposing a symmetrical deposition schedule, which Defendants hope will demonstrate that Defendants are acting in good faith and seeking to move discovery forward; Defendants hope Waymo will do the same.

Defendants propose the following schedule:

1. By **June 23**, the parties shall notice at least six of their party depositions and issue subpoenas for at least three of their non-party depositions.  The depositions do not have to be noticed for a specific time frame based on the date the notice or subpoena is issued.

2. By **June 30**, or a later date agreed upon by the parties, Waymo shall take its last expedited deposition.

3. By **July 5**, the parties shall notice at least six of their party depositions and issue subpoenas for at least four of their non-party depositions.

4. By **July 24**, any party seeking additional depositions beyond those allotted by the Court must raise the issue with all parties and the Special Master.  Any depositions granted must be noticed (or subpoenas issued) within two days of the decision granting those depositions.

//

1

DEFENDANTS' SUBMISSION RE: PROPOSED DEPOSITION SCHEDULE
Case No. 3:17-cv-00939-WHA

5.      The parties will make good faith efforts to schedule depositions of witnesses Waymo contends are likely to have information regarding Defendants' alleged use of Waymo's trade secrets on or before **July 31**, provided that those depositions are reasonable in number and Waymo provides reasonable advance notice.

6.      By **August 7**, the parties shall notice their remaining party depositions and issue any remaining deposition subpoenas.

7.      The parties should set dates for non-expedited party depositions within three days after the deposition notice is served or notice of the requested deposition is otherwise given, in accordance with Paragraph 9, below.  The date scheduled should be within seven days of the noticed date.

8.      If the responding party objects to a noticed deposition, the party will raise those objections within one day of receipt of the deposition notice.  The parties will meet and confer with the assistance of the Special Master concerning any objections.  If the parties are unable to resolve their dispute within three days of the deposition notice, the Special Master will set a briefing schedule and page limits for the dispute.

9.      A formal deposition notice is not required for party depositions.  Any party may notice a party deposition by email to opposing counsel identifying the deponent, a proposed date, and a proposed location.

10.      This schedule assumes the parties will notice a reasonable number of depositions proportional to the needs of the case within the scheduled time frame.  Any party may seek relief should other parties notice an unreasonably large number of depositions and/or depositions that are not material to this case.

//

//

//

//

//

//

DEFENDANTS' SUBMISSION RE: PROPOSED DEPOSITION SCHEDULE
Case No. 3:17-cv-00939-WHA

Dated: June 21, 2017                         BOIES SCHILLER FLEXNER LLP

                                             By:  */s/ Karen L. Dunn*
                                                     KAREN L. DUNN

                                             Attorneys for Defendants
                                             UBER TECHNOLOGIES, INC.
                                             and OTTOMOTTO LLC


Dated: June 21, 2017                         GOODWIN PROCTER LLP

                                             By:  */s/ Shane Brun*
                                                  GOODWIN PROCTER LLP
                                                  Indra Neel Chatterjee (SBN 173985)
                                                  nchatterjee@goodwinlaw.com
                                                  Goodwin Procter LLP
                                                  135 Commonwealth Drive
                                                  Menlo Park, CA  94025
                                                  Tel:  (650) 752-3100
                                                  Fax: (650) 853-1038

                                                  Brett M. Schuman (SBN 189247)
                                                  bschuman@goodwinlaw.com
                                                  Shane Brun (SBN 179079)
                                                  sbrun@goodwinlaw.com
                                                  Rachel M. Walsh (SBN 250568)
                                                  rwalsh@goodwinlaw.com
                                                  Goodwin Procter LLP
                                                  Three Embarcadero Center
                                                  San Francisco, California 94111
                                                  Tel.: (415) 733 6000
                                                  Fax.: (415) 677 9041

                                             Attorneys for Defendants
                                             OTTO TRUCKING LLC


**ATTESTATION OF E-FILED SIGNATURE**

I, Karen L. Dunn, am the ECF User whose ID and password are being used to file this

document.  In compliance with General Order 45, X.B., I hereby attest that Shane Brun has

concurred in this filing.

Dated: June 21, 2017

                                             */s/ Karen L. Dunn*
                                             Karen L. Dunn

DEFENDANTS' SUBMISSION RE: PROPOSED DEPOSITION SCHEDULE
Case No. 3:17-cv-00939-WHA