# EXHIBIT 7

**Patrick Schmidt**

| | |
|---|---|
| **From:** | Jessica Phillips <JPhillips@BSFLLP.com> |
| **Sent:** | Monday, June 12, 2017 6:20 PM |
| **To:** | James Judah; David Perlson; 'Ray, Wendy J.'; John Cooper |
| **Cc:** | Andrea P Roberts; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; nchatterjee@goodwinlaw.com; rwalsh@goodwinlaw.com; sbrun@goodwinlaw.com; bschuman@goodwinlaw.com; QE-Waymo |
| **Subject:** | RE: Waymo v. Uber Meet and Confer Follow-Up |

James –

In response to your June 2 email below, we want to be sure the record is clear and accurate. In general, the statements are correct with the following caveats and clarifications:

1. BSF does not have any downloaded materials (or any copies, excerpts or summaries thereof) except to the extent any such material may appear as an exhibit to the Stroz Report, which is privileged.

2. MoFo does not have any downloaded materials (or any copies, excerpts or summaries thereof), except to the extent that any such material may appear: (1) excerpted in or as an exhibit to the Stroz Report, which is privileged; and (2) in certain materials AL and other persons provided to Stroz to which MoFo was given limited access during the Stroz investigation pursuant to the terms of the AL-Stroz contract and the protocol governing the investigation, and under strict conditions preventing MoFo from sharing those materials with anyone, including Uber.

3. Defendants are not able to confirm what Stroz has because Defendants have never had full access to everything Stroz received from Levandowski (per the terms of the AL-Stroz contract). In addition, Defendants are still asserting privilege over the Stroz report and investigation, as shown in the appeal of the Magistrate Judge's Order. We can say that we have sent letters simultaneously to Levandowski and Stroz to emphasize Uber's desire that Stroz should be returning to Waymo any Google material that Levandowski may have given to it, and should not be retaining it. Likewise, Uber's letter to Levandowski reiterates that Levandowski should have already directed Stroz to do this, and must do so now if he wishes to have any chance of curing his failures to comply with Uber's directives. While Levandowski is the person with the legal power to require that, Uber has sent these letters to make its position abundantly clear.

4. With respect to the following statement: "Counsel of record for Defendants confirmed that, other than Defendants' litigation expert Stroz Friedberg, none of Defendants' litigation experts have any of the downloaded materials, or any copies, excerpts, or summaries of the downloaded materials" – a better and more precise formulation would be: "Counsel of record for Defendants confirmed that, while it is unable to say what Stroz Friedberg may have, none of Defendants' other litigation experts have any of the downloaded materials, or any copies, excerpts, or summaries of the downloaded materials."

**Jessica E. Phillips**
Counsel

**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave., NW
Washington, DC 20005
(t) +1 202 895 7592
(m) +1 312 493 7114

1

jphillips@bsfllp.com
www.bsfllp.com

---

**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Friday, June 02, 2017 4:51 PM
**To:** David Perlson; 'Ray, Wendy J.'; John Cooper
**Cc:** Andrea P Roberts; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; nchatterjee@goodwinlaw.com; rwalsh@goodwinlaw.com; sbrun@goodwinlaw.com; bschuman@goodwinlaw.com; QE-Waymo
**Subject:** RE: Waymo v. Uber Meet and Confer Follow-Up

John and Counsel –

I write to memorialize parts of our discussion from yesterday morning.  I also write to request a call today with the Special Master regarding Defendants' failure to answer Mr. Cooper's question: "Does Uber know if Stroz has all or some of the Downloaded materials."

Regarding the 11 AM discussion yesterday:

Morrison & Foerster confirmed that it does not have any of the materials that Anthony Levandowski downloaded from Waymo and kept upon leaving Waymo's employment, regardless of how long he kept them for and whether or not any such materials qualify as trade secrets or proprietary or confidential information (the "downloaded materials"), or any copies, excerpts, or summaries of the downloaded materials.

Boies Schiller & Flexner confirmed that it does not have any of the downloaded materials, or any copies, excerpts, or summaries of the downloaded materials.

Counsel of record for Uber/Ottomotto confirmed that Uber and Ottomotto do not have any of the downloaded materials, or any copies, excerpts, or summaries of the downloaded materials.

Goodwin Procter confirmed that it does not have any of the downloaded materials, or any copies, excerpts, or summaries of the downloaded materials.

We were unclear whether Otto Trucking confirmed that Otto Trucking does not have any of the downloaded materials, or any copies, excerpts, or summaries of the downloaded materials.  Please confirm by **5 PM today** that Otto Trucking does not have any of the downloaded materials, or any copies, excerpts, or summaries of the downloaded materials.

Defendants could not confirm that Defendants' agent, Stroz Friedberg, does not have any of the downloaded materials, or any copies, excerpts, or summaries of the downloaded materials.  Counsel of record for Defendants said that this information was protected by a common interest privilege.  Counsel of record for Defendants also confirmed that they have not asked Defendants' agent, Stroz Friedberg, to return to Waymo (or the Court) any of the downloaded materials, or any copies, excerpts, or summaries of the downloaded materials.

Counsel of record for Defendants confirmed that, other than Defendants' litigation expert Stroz Friedberg, none of Defendants' litigation experts have any of the downloaded materials, or any copies, excerpts, or summaries of the downloaded materials.

Please let us know if any of the above is inconsistent with your understanding of the yesterday morning's discussions.

Best,
James

**From:** David Perlson
**Sent:** Thursday, June 01, 2017 7:13 PM
**To:** 'Ray, Wendy J.' <WRay@mofo.com>; John Cooper <JCooper@fbm.com>
**Cc:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; Matthew Cate <MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; nchatterjee@goodwinlaw.com; rwalsh@goodwinlaw.com; sbrun@goodwinlaw.com; bschuman@goodwinlaw.com; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber Meet and Confer Follow-Up

Mr. Cooper and Counsel, I write to memorialize our discussion this afternoon regarding our questions concerning the May 26, 2017 letter to Mr. Levandowski, and to request that Mr. Cooper's question in relation thereto, noted later in this email, be answered by Noon tomorrow.

In relation to the 20 day cure period, we asked what it is that that Uber is asking Mr. Levandowski to "cure" that would result in Mr. Levandowski not being terminated. In response, Defendants stated that Mr. Levandowski is "fired," that he no longer works at Uber. Defendants further stated they do not anticipate he will cure and that they only included the cure provision because it is required in their contract with him. Defendants could not identify anything specific he could do to cure. We pointed out that this appeared inconsistent with the position taken in Mr. Levandowski's Motion to Modify the PI insofar as he pointed to the termination letter and its cure period as a reason to stop enforcement of the PI as it relates to him. Defendants stated that Mr. Levandowski is making his arguments and they do not necessarily agree with them.

We further discussed the statement in the May 26 Letter that:

> "Further, in your Employment Agreement, you represented and warranted that "you have returned or destroyed all property and confidential information belonging to any prior employer." Your failure to comply with the Letter gives Uber grounds to allege a breach of the representation and warranty in your employment agreement, and constitutes an additional ground for termination with Cause."

On the call we asked whether "your failure to comply with the Letter" meant that Mr. Levandowski failed to comply because he did not return the Downloaded materials as Uber requested in the Letter, that Uber knew he or Stroz had (supposedly under his control). Defendants wouldn't provide a specific answer as to what this language meant.

However, this prompted the following question by Mr. Cooper: "Does Uber know if Stroz has all or some of the Downloaded materials." We request that Uber (and other defendants) answer this question by noon June 2, or explain the basis for not doing so, including whether answering this question somehow involves privilege, including all information required by the Court's Standing Order to justify an assertion of privilege.

We also discussed the documents requested in Lindsay Cooper's May 30 email. Defendants stated that they will produce, which they hoped to do today, some of the documents we requested. Defendants said they will respond tonight regarding any documents they will not produce.

David


David Perlson
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Direct: (415) 875-6344

3

Main Phone: (415) 875-6600
Main Fax:  (415) 875-6700
E-mail: davidperlson@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ray, Wendy J. [mailto:WRay@mofo.com]
**Sent:** Thursday, June 01, 2017 9:32 AM
**To:** Melissa Baily <melissabaily@quinnemanuel.com>
**Cc:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; John Cooper <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; nchatterjee@goodwinlaw.com; rwalsh@goodwinlaw.com; sbrun@goodwinlaw.com; bschuman@goodwinlaw.com; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Re: Waymo v. Uber Meet and Confer Follow-Up

John and Andrea,
As I mentioned yesterday, I cannot join a call at 10. I will be on the call at 11 and can discuss then.

Best,
Wendy

Wendy J. Ray
Morrison & Foerster LLP
707 Wilshire Blvd., Ste. 6000
Los Angeles, CA 90017-3543
213-892-5446

On Jun 1, 2017, at 9:20 AM, Melissa Baily <melissabaily@quinnemanuel.com> wrote:

John,

We request that this issue be added to the agenda for our call at 10 a.m.

Thank you,
Melissa

**From:** Ray, Wendy J. [mailto:WRay@mofo.com]
**Sent:** Wednesday, May 31, 2017 11:21 PM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; John Cooper <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; nchatterjee@goodwinlaw.com; rwalsh@goodwinlaw.com; sbrun@goodwinlaw.com; bschuman@goodwinlaw.com

4

**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber Meet and Confer Follow-Up

Andrea and John,

We have not produced the contractual agreement between Mr. Levandowski and Stroz Friedberg because it contains attorney-client privileged and work product information, but we are continuing to analyze this issue, which is closely related to issues before Magistrate Judge Corley.

We have not directed Stroz to do anything with respect to any allegedly downloaded files because Uber does not have control over Mr. Levandowski's personal property, including any property he may have provided to Stroz.  Uber cannot compel a third party to produce documents that it does not control.  Uber directed Mr. Levandowski to return any downloaded files under his control, which would include any files that Stroz may have.  To date, he has not complied and therefore he has been terminated.

In addition to the JDA, work product privilege may apply.

Esther sent the search terms in a separate communication.

Best,
Wendy

---

**From:** Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent:** Wednesday, May 31, 2017 10:06 PM
**To:** John Cooper; Matthew Cate; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); nchatterjee@goodwinlaw.com; rwalsh@goodwinlaw.com; sbrun@goodwinlaw.com; bschuman@goodwinlaw.com
**Cc:** QE-Waymo
**Subject:** Waymo v. Uber Meet and Confer Follow-Up

- External Email -

John,

I write regarding the items discussed during this afternoon's meet and confer for which Defendants committed to providing responses today, and for which we have not yet received the promised information.  To the extent that Defendants do not provide this information tonight as promised, or to the extent issues remain from these responses, lets add these issues on the call tomorrow at 11 am so we can promptly bring these issues to the Court.

- Defendants were supposed to get back to us today to let us know whether Defendants have produced the contractual agreement between Levandowski and Stroz Friedberg that Defendants contended on the call today (as they have previously including in representations to the Court) preclude Uber from instructing Stroz to return any copies of the downloaded materials, and if not, they were to produce the agreement absent a basis not to.  And if there was a basis, they would provide it.

- Defendants were to get back to us as to whether they instructed Stroz Friedberg to return all of the downloaded materials pursuant to the PI Order and, if not, the basis for not doing so.

- Defendants were to let us know today whether Defendants are relying on anything other than the original JDA to shield communications between Defendants and Stroz Friedberg regarding responding to the subpoena on Stroz.

- Defendants were to provide us with the list of search terms Defendants agree to run on the emails being made available for inspection. This was to include the approximately 19 that Defendants are already running, and the 160 search terms from the PI phase.

We look forward to receiving this information.

Thanks,
Andrea


**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]