# EXHIBIT 4



June 12, 2017

**VIA ELECTRONIC MAIL**

Mr. Anthony Levandowski
c/o Ismail Ramsey, Esq.
Miles Erlich, Esq.
Ramsey & Erlich LLP
803 Hearst Avenue
Berkeley, CA 94710
(izzy@ramsey-ehrlich.com)
(miles@ramsey-ehrlich.com)

  Re: *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. C 17-00939 WHA

Dear Anthony:

  As stated in Salle Yoo's May 26, 2017, letter informing you of your "Termination for Cause," you have failed to comply with the directives sent to you in Uber's letter dated May 15, 2017, and those failures to date have not been cured.

  Among those directives was an instruction that you either cause "every person that you have reason to believe may be in possession of any downloaded material to provide those files to our outside counsel at Morrison & Foerster, who will provide them to Waymo's lawyers or the Court (and not to keep any copies thereof)," or that you certify that any such "downloaded material" has previously been destroyed. As explained in the May 15 letter, the phrase "downloaded material" is defined very broadly in the Court's May 11 Order, and Uber made clear that its definition included any materials you may have provided to Stroz Friedberg LLC ("Stroz"). Thus, the instruction to you in the May 15 letter quite clearly requires you to, among other things, immediately instruct Stroz to provide to Waymo (or counsel for Waymo) any downloaded materials that are in its possession, as is your sole right to do in accordance with a March 21, 2016 letter agreement between Stroz and your attorney, John Gardner. Alternatively, you may instruct Stroz to provide these materials to Uber's outside counsel at Morrison & Foerster LLP, who will immediately provide them to Waymo's lawyers and the Court.

  We have separately sent a letter to Stroz today (attached here) making clear to Stroz that Uber and Ottomotto LLC do not want Stroz to retain any "downloaded material" or any other material you may have provided to Stroz, and that any material that may arguably belong to Google or Waymo (or that even refers in any way to Google) must be returned to Waymo immediately.

            Sincerely,

            /s/Karen L. Dunn

CC: Scott Brown (General Counsel, Stroz Friedberg, LLC)
   Special Master John Cooper
   Charles Verhoeven (Lead Counsel for Waymo)

   Attachment



June 12, 2017

**VIA ELECTRONIC MAIL**

Scott Brown
General Counsel
Stroz Friedberg, LLC
2 Oliver Street
11th Floor
Boston, MA 02109
**(sbrown@strozfriedberg.com)**
(charlesverhoeven@quinnemanuel.com)

Re:  *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. C 17-00939 WHA

Dear Scott:

In March of last year, Stroz Friedberg, LCC ("Stroz") was engaged by Morrison & Foerster ("Morrison"), on behalf of Uber Technologies, Inc. ("Uber"), and O'Melveny & Myers ("O'Melveny"), on behalf of Ottomotto, LLC ("Ottomotto").

Pursuant to that engagement, Stroz received certain devices and electronic files from Anthony Levandowski ("Levandowski"). Levandowski's provision of that material to Stroz is governed by a letter agreement Levandowski entered into with Stroz on March 21, 2016 ("March 21 Levandowski-Stroz Agreement"). That agreement refers to certain materials Levandowski provided to Stroz as "Aspen Information," and generally prohibits Stroz from disclosing that Aspen Information to any third party including Uber, Ottomotto, or any of their respective law firms.

As you know, Waymo, Inc. ("Waymo") has sued Uber and Ottomotto in part based on the allegation that Levandowski deliberately downloaded over 14,000 files of proprietary information from his former employer, Google, Inc. ("Google"), an affiliate of Waymo.

We are sending this letter to Stroz to make the following points abundantly clear:

1. Uber and Ottomotto do not want Stroz to retain possession of *any* materials it gathered from Levandowski. Uber and Ottomotto are therefore instructing Stroz not to retain any such materials.

2. Uber and Ottomotto do not want Stroz to destroy or delete any materials it gathered from Levandowski. Uber and Ottomotto are therefore instructing Stroz not to destroy or delete such materials.

3. Uber and Ottomotto want Stroz to produce to Waymo any materials that it gathered from Levandowski that may constitute or contain any Google information, or that might possibly contain or reference any Google information, whether reasonably considered "proprietary" information or not ("Google Information"). The term "Google Information" should be interpreted as broadly as possible to include any document that



Scott Brown<br>Stroz Friedberg, LLC<br>June 12, 2017

was created at Google (or any affiliate) or that refers to Google (or any affiliate) or anything created at Google (or any affiliate).

4. While we want to see the actions described in items 1-3 above happen, we appreciate that based on the March 21 Levandowski-Stroz Agreement, it appears that Uber and Ottomotto do not have the contractual power to order Stroz to produce such materials to Waymo. For that reason, we are writing to Levandowski today to confirm that if he wishes to cure his failure to cooperate with Uber and Ottomotto's prior directives, he must instruct Stroz to produce these materials to Waymo. We attach a copy of that letter to this letter. Of course, if Stroz takes a different view of its contractual obligations under these circumstances, and believes it is able to produce any Google Information it may have to Waymo based solely on the wishes expressed by Uber and Ottomotto in this letter, but without the consent of Levandowski, it may do so immediately.

Please let us know if you wish to discuss anything in this letter.

Sincerely,

/s/Karen L. Dunn

cc:   Anthony Levandowski (c/o Counsel Ismail Ramsey and Miles Ehrlich)
      Special Master John Cooper
      Charles Verhoeven (Lead Counsel for Waymo)

Attachment