MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:    202.237.2727
Facsimile:    202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>       Defendants. | Case No.    3:17-cv-00939-WHA<br><br>**UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE WAYMO'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL ACQUISITION DOCUMENTS** |

Portions of Waymo's Opposition to Uber's Administrative Motion to File Under Seal Acquisition Documents (Dkt. 526, 527 (redacted version)) and Uber's corresponding Motion to Strike (Dkt. 529) are moot.  On June 5, 2017, the Court:

> (1) denied sealing of "any portion of the Term Sheet which Uber previously publicly filed" (Dkt. 488-1);
>
> (2) denied sealing of "Ex. C of the Term Sheet and its Attachments," but allowed a few redactions (Dkt. 444-5);
>
> (3) granted sealing of the remainder of the Term Sheet (Dkt. 444-5); and
>
> (4) denied sealing of "Indemnification Agreement" and "Post-Signing Specified Bad Acts" documents (Dkt. 444-6 and 444-7).

(Dkt. 550 at 3-4.)  On June 19, 2017, the Court granted Uber's motion for reconsideration of the June 5, 2017 Order with respect to narrow portions of the Indemnification Agreement that contained personal information or financial and timing terms.  (Dkt. 653.)  These orders render Waymo's Opposition and Uber's Motion to Strike moot with respect to the February 22 Term Sheet, Indemnification Agreement, and Post-Signing Specified Bad Acts document.

With respect to the remaining Acquisition Documents, Uber filed these documents entirely under seal because the Court stated that "Judge Alsup wanted to see them" and Uber may do so "obviously under the protective order."  (5/25/17 Hearing Tr. at 11:22-12:9.)  These documents were not submitted in connection with any motion or issue presented before the Court.  If the Court wishes Uber to file redacted versions of these Acquisition Documents on the public record, Uber will do so.

But Waymo's motion goes beyond seeking redacted versions of the Acquisition Documents.  Without any attempt at meet and confer, Waymo asks the Court to "deny [Uber's sealing] Motion in ***all respects***."  (Dkt. 526-3 at 2 (emphasis added).)  Waymo's request is unnecessary gamesmanship.  The Court has already declined to seal portions of the Term Sheet "squarely relevant to the issues presently before the Court."  (Dkt. 550.)

The Court found the remainder of the Term Sheet to contain "some confidential business information for which sealing is appropriate."  The Acquisition Documents likewise contain such

1  confidential business information, including confidential agreement terms.  (Dkt. 515.)  The
2  proper procedure for Waymo would have been to challenge the confidentiality of any specific
3  portions under the Protective Order's procedures, not file an opposition seeking to unseal ***all***
4  terms of the Acquisition Documents.  *See Johnson v. City and County of San Francisco*, No. CV
5  09–5503 JSW, 2012 WL 104635, *3 (N.D. Cal Jan. 12, 2012) (where plaintiffs allege that
6  specific documents were not confidential, "Plaintiffs should follow the procedures set forth in the
7  protective order at Section Six for challenging the confidential designation of a particular
8  document.")  By asking the Court to unseal the entirety of the documents, without any
9  consideration of Uber's confidential business information, Waymo leaves Uber with no recourse
10 but to move to strike.

Dated:  June 21, 2017					MORRISON & FOERSTER LLP

						By:  */s/ Arturo J. González*
						        ARTURO J. GONZÁLEZ

						Attorneys for Defendants
						UBER TECHNOLOGIES, INC.,
						and OTTOMOTTO LLC