# EXHIBIT 2

# REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Neel Chatterjee (SBN 173985)
*nchatterjee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.:  +1 650 752 3100
Fax.:  +1 650 853 1038

Brett Schuman (SBN 189247)
*bschuman@goodwinlaw.com*
Rachel M. Walsh (SBN 250568)
*rwalsh@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.:  +1 415 733 6000
Fax.:  +1 415 677 9041

Attorneys for Defendant
OTTO TRUCKING LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Waymo LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>              Defendants. | Case No.: 3:17-cv-00939-WHA<br><br>**DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S FIRST SET OF EXPEDITED INTERROGATORIES** |

PROPOUNDING PARTY:  Plaintiff, WAYMO LLC

RESPONDING PARTY:  Defendant, OTTO TRUCKING LLC

SET NO. : One

**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Otto Trucking LLC
2  ("Otto Trucking") hereby provides objections and responses ("Responses") to Plaintiff Waymo
3  LLC's ("Waymo") First Set of Expedited Interrogatories to Otto Trucking (the "Interrogatories").

**PRELIMINARY STATEMENT**

5  Otto Trucking states that it is responding to the Interrogatories to the best of its present
6  ability.  While these Responses are based upon appropriate investigation by Otto Trucking and its
7  counsel, they reflect the current state of Otto Trucking's knowledge respecting the matters about
8  which inquiry is made.  Thus, the information contained herein remains subject to further review,
9  and, in making these Responses, Otto Trucking reserves the right to amend, supplement, and/or
10 otherwise change its Responses to these Interrogatories as further investigation and discovery may
11 make appropriate in accordance with Otto Trucking's obligations under the Federal Rules of Civil
12 Procedure.  Furthermore, Otto Trucking has prepared this Response based on its good faith
13 interpretation and understanding of each individual Interrogatory, but Otto Trucking reserves its
14 right to correct any errors or omissions.

15 Otto Trucking does not waive or intend to waive any objections that it may have regarding
16 the use of any information provided, and Otto Trucking expressly reserves the rights to: (a) object
17 to Waymo's use of any information provided on the ground of inadmissibility; and (b) object on
18 any and all proper grounds, at any time, to any other discovery involving or relating to any
19 information produced.  No incidental or implied admissions are intended by the Responses set
20 forth herein.  These Responses are made solely for the purpose of this action.  Nothing herein shall
21 be construed as an admission respecting the admissibility or the relevance of any facts, documents,
22 or information, as an admission that documents or information exist, or as an admission as to the
23 truth or accuracy of any characterization or assertion contained in any Interrogatory.  Each
24 Response is subject to all objections as to competence, relevance, materiality, propriety, and
25 admissibility, and any and all other objections on grounds that would require the exclusion of any
26 statement herein if any of the Interrogatories were asked of, or statements contained herein were
27 made by, a witness present and testifying in court, all of which objections and grounds are
28 reserved and may be interposed at the time of trial.

**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

**GENERAL OBJECTIONS**

1. Otto Trucking objects to each and every Interrogatory to the extent it seeks to impose obligations and demands upon Otto Trucking beyond those required by Federal Rules of Civil Procedure 26 and 33, the applicable Local Civil Rules of the United States District Court for the Northern District of California, and any applicable orders of this Court, including the Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief.

2. Otto Trucking objects to each and every Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other privileges or reasons for non-production. Waymo's discovery will not be construed to seek such information. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege or similar basis for non-disclosure.

3. Otto Trucking objects to these Requests to the extent they seek information concerning matters or issues beyond the scope of the allegations in the Amended Complaint on the grounds that such discovery is overbroad, unduly burdensome, and neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.

4. Otto Trucking objects to each Interrogatory to the extent that it is unlimited in time and scope, especially in light of the expedited nature of the propounded Interrogatories.

5. Otto Trucking reserves all rights under the Rules of Civil Procedure to amend or supplement its responses as additional information is discovered.

**SPECIFIC OBJECTIONS**

**INTERROGATORY NO. 1:**

IDENTIFY the locations and custody of all known copies of THE DOWNLOADED MATERIALS, or any documents describing THE DOWNLOADED MATERIALS. If any of the copies have [sic] no longer exist, explain DEFENDANTS' full knowledge as to the destruction.

**RESPONSE TO INTERROGATORY NO. 1:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Interrogatory to the extent that it seeks information regarding documents or

materials protected by the attorney client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privilege or immunity. Otto Trucking further objects to this Interrogatory as vague and ambiguous, especially as to the term "full knowledge." "DOWNLOADED MATERIALS" is not a defined term in these Interrogatories. Otto Trucking will interpret this term to have the same meaning as in the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief.

Subject to and without waiving its foregoing objections, Otto Trucking responds as follows: Otto Trucking does not have knowledge of the locations of any copies of the DOWNLOADED MATERIALS or documents describing the DOWNLOADED MATERIALS.

**INTERROGATORY NO. 2:**

IDENTIFY all Diligenced Employees and the date(s) they became Diligenced Employees (as that term is used in the OTTOMOTTO MERGER AGREEMENT).

**RESPONSE TO INTERROGATORY NO. 2:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*" as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief (Dkt. No. 464). Otto Trucking further objects to this Interrogatory to the extent that it seeks information regarding documents or materials protected by the attorney client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving its foregoing objections, Otto Trucking responds as follows: The following individuals became Diligenced Employees as of April 11, 2016: Anthony Levandowski, Lior Ron, Don Burnette, Soren Juelsgaard, and Colin Sebern.

**INTERROGATORY NO. 3:**

IDENTIFY all Uber Devices and Non-Uber Devices (as those terms are defined in UBER00006444) that LEVANDOWSKI has used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444), or that LEVANDOWSKI could have used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444).

4

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF EXPEDITED INTERROGATORIES          CASE NO. 3:17-CV-00939

**RESPONSE TO INTERROGATORY NO. 3:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Interrogatory as overbroad and unduly burdensome, in particular in its use of the term "any" of Otto Trucking's Networks. Otto Trucking further objects to this Interrogatory as vague and ambiguous, especially as to the term "access."

Subject to and without waiving its foregoing objections, Otto Trucking responds as follows: Otto Trucking does not have its own Network, and so does not have knowledge of any Uber Devices or Non-Uber Devices that Levandowski has used to access any of Otto Trucking's Networks.

**INTERROGATORY NO. 4:**

Describe the ownership of TYTO and/or ODIN WAVE, INCLUDING the identity of all PERSONS with current or former ownership interests in TYTO and/or ODIN WAVE, that PERSON's current or former ownership interest(s), and the agreements creating or modifying those ownership interests.

**RESPONSE TO INTERROGATORY NO. 4:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*" as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief (Dkt. No. 464). Otto Trucking further objects to this Interrogatory to the extent that it calls for a legal conclusion.

Subject to and without waiving its foregoing objections, Otto Trucking responds as follows: As it pertains to Otto Trucking, Otto Trucking does not have any information responsive to Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Describe all compensation (whether actual or conditional) discussed, conveyed or promised by DEFENDANTS to LEVANDOWSKI at any time, INCLUDING (without limitation) the DEFENDANT who discussed, conveyed or promised the compensation, the nature of the compensation, the date the compensation was promised and/or conveyed, the amount of the

5

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF EXPEDITED INTERROGATORIES                CASE NO. 3:17-CV-00939

1   compensation, any conditions, contingencies, clawback rights or reservations associated with the
2   compensation.
3   **RESPONSE TO INTERROGATORY NO. 5:**
4       Otto Trucking incorporates each of its general objections by reference. Otto Trucking
5   further objects to this Interrogatory to the extent that it seeks any confidential information of a
6   third party. Otto Trucking further objects to this Interrogatory as overbroad and unduly
7   burdensome, in particular in its use of the terms "all" and "any."
8       Subject to and without waiving its foregoing objections, Otto Trucking responds as
9   follows: Otto Trucking incorporates by reference the responses to Interrogatory No. 5 by
10  Ottomotto and Uber. Information responsive to this Interrogatory can be found at the document
11  produced at UBER00006435. Mr. Levandowski received compensation in the form of restricted
12  stock awards subject to a Restricted Stock Vesting Summary and Form of Restricted Stock Award
13  Agreement tied to the completion of specific performance benchmarks described at
14  UBER00006451 and UBER00006481.
15      As it pertains to Otto Trucking, information responsive to this Interrogatory can be found
16  at the document produced at OTTOTRUCKING00000004. PENSCO Trust Company LLC
17  Custodian FBO Anthony Levandowski, Roth IRA entered into a Founder Unit Purchase Unit
18  Agreement with Otto Trucking on April 6, 2016 for [REDACTED]  Mr.
19  Levandowski entered into a Founder Unit Purchase Agreement with Otto Trucking on April 7,
20  2016 for [REDACTED]  Mr. Levandowski entered into a Founder Unit Purchase
21  Agreement with Otto Trucking on August 31, 2016 for 392,800 units at $3,928.00.
22  **INTERROGATORY NO. 6:**
23      Describe DEFENDANTS' efforts to preserve evidence relevant to THIS CASE,
24  INCLUDING (without limitation) when DEFENDANTS instituted any litigation hold(s)
25  REGARDING THIS CASE, how DEFENDANTS implemented any litigation hold, all PERSONS
26  who received any litigation hold, when each PERSON received each litigation hold, which
27  PERSON(S) was responsible for monitoring compliance with each litigation hold, and any
28  instances of non-compliance with such litigation hold.

6

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF EXPEDITED INTERROGATORIES    CASE NO. 3:17-CV-00939

**RESPONSE TO INTERROGATORY NO. 6:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*" as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief (Dkt. No. 464). Otto Trucking further objects to this Interrogatory to the extent that it seeks information regarding documents or materials protected by the attorney client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving its foregoing objections, Otto Trucking responds as follows: Litigation hold memoranda were sent on March 9, 2017 to Anthony Levandowski, Lior Ron, Brent Schwartz, and Rhian Morgan. Otto Trucking does not possess any of its own servers, computers, electronic or hard-copy document repositories. Any such documents are located and stored on the servers, computers and electronic or hard-copy document repositories of Uber and Ottomotto. As such, any and all litigation holds imposed by Uber and Ottomotto would apply to any Otto Trucking materials. For that reason, Otto Trucking incorporates by reference the responses to this Interrogatory by Ottomotto and Uber.

**INTERROGATORY NO. 7:**

For each of DEFENDANTS' past and present officers, directors, and employees identified in response to the Court's April 4, 2017 Order (Dkt. 144) as having had LiDAR-related responsibilities or projects, identify all LiDAR-related projects that the PERSON has worked on, INCLUDING (without limitation) any LiDAR-related projects involving third parties.

**RESPONSE TO INTERROGATORY NO. 7:**

Otto Trucking incorporates each of its general objections by reference.

Subject to and without waiving its foregoing objections, Otto Trucking responds as follows: None of the past and present officers, directors, and employees identified in response to the Court's April 4, 2017 Order (Dkt. 144) have worked on any LiDAR-related projects in their capacities as past or present officers, directors, or employees of Otto Trucking.

7

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF EXPEDITED INTERROGATORIES            CASE NO. 3:17-CV-00939

**INTERROGATORY NO. 8:**

Describe all consulting work performed by LEVANDOWSKI for UBER before August 18, 2016, INCLUDING the terms of the consulting and any compensation arrangements.

**RESPONSE TO INTERROGATORY NO. 8:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Interrogatory as overbroad and unduly burdensome, in particular in its use of the term "all." Otto Trucking further objects to this Interrogatory as vague and ambiguous, especially as to the term "consulting work."

Subject to and without waiving its foregoing objections, Otto Trucking responds as follows: As it pertains to Otto Trucking, Otto Trucking does not have any information responsive to Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify in detail all COMMUNICATIONS between DEFENDANTS and LEVANDOWSKI or anyone acting on his behalf relating to the Court's May 11, 2017 Order Granting in Part and Denying in Part Waymo's Motion for a Preliminary Injunction, including LEVANDOWSKI's May 18, 2017 Motion to Intervene, by identifying for each such COMMUNICATION: its date, its form (i.e. oral or in writing, and if in writing the form of writing), the individuals involved, its substance, and if in writing its production number.

**RESPONSE TO INTERROGATORY NO. 9:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*" as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief (Dkt. No. 464). Otto Trucking further objects to this Interrogatory as not narrowly tailored, in particular in its use of the term "all COMMUNICATIONS." Otto Trucking further objects to this Interrogatory as vague and ambiguous, especially as to the term "in detail." Otto Trucking further objects to this Interrogatory to the extent that it seeks information regarding documents or materials protected by the attorney client privilege, the

8

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF EXPEDITED INTERROGATORIES          CASE NO. 3:17-CV-00939

**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving its foregoing objections, Otto Trucking responds as follows: Counsel for Otto Trucking provided a copy of the redacted version of the Court's order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief to Mr. Levandowski on May 15, 2017. Counsel for Otto Trucking sent a letter by email and Federal Express to Mr. Levandowski's counsel of record, Ramsey Ehrlich LLP, on May 30, 2017 regarding the admonitions in the order and requesting that he return any Downloaded Materials, as described in the order.

Dated: June 5, 2017

Respectfully submitted,

By: /s/ Neel Chatterjee

Neel Chatterjee
*nchatterjee@goodwinlaw.com*
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman
*bschuman@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
OTTO TRUCKING LLC

# CERTIFICATE OF SERVICE

I, Rachel M. Walsh, declare as follows:

1. I am of counsel at the law firm of Goodwin Procter, LLP, whose address is Three Embarcadero Center, San Francisco, CA 94111. I am over the age of eighteen and not a party to this action.

2. On June 5, 2017, I caused the following document to be served on all counsel of record via electronic mail: Defendant Otto Trucking LLC's Objections and Responses to Plaintiff Waymo LLC's First Set of Expedited Interrogatories.

3. This document was transmitted via electronic mail to the addresses below, pursuant to the agreement between the parties, and the electronic mail transmission was reported as complete and without error.

| Recipient | Email Address: |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Charles K. Verhoeven (Bar No. 170151)<br>David A. Perlson (Bar No. 209502)<br>Melissa Baily (Bar No. 237649)<br>John Neukom (Bar No. 275887)<br>Jordan Jaffe (Bar No. 254886)<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4788<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 | QE-Waymo@quinnemanuel.com |
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>**MORRISON & FOERSTER LLP**<br>425 Market Street<br>San Francisco, CA 94105<br><br>Michelle Ching Youn Yang<br>**MORRISON FOERSTER LLP**<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006 | UberWaymoAttorneys@mofo.com |

**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>Wendy Joy Ray<br>**MORRISON & FOERSTER LLP**<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017 | |
| Michael Darron Jay<br>**BOIES SCHILLER & FLEXNER LLP**<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401<br><br>Meredith Richardson Dearborn<br>**BOIES SCHILLER FLEXNER LLP**<br>435 Tasso Street<br>Suite 205<br>Palo Alto, CA 94301<br><br>Hamish Hume<br>Jessica E Phillips<br>Karen Leah Dunn<br>Kyle N. Smith<br>Martha Lea Goodman<br>**BOIES SCHILLER FLEXNER LLP**<br>1401 New York Ave., NW<br>Washington, DC 20005 | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| John L. Cooper<br>**Farella Braun + Martel LLP**<br>235 Montgomery Street<br>17th Floor<br>San Francisco, California 94104<br>415.954.4410<br>415.954.4480 | jcooper@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of June, 2017, at San Francisco, CA.

*/s/ Rachel M. Walsh*
Rachel M. Walsh
Attorneys for OTTO TRUCKING LLC

## VERIFICATION

I, Rhian Morgan, declare that I have read a copy of Otto Trucking LLC's OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO, LLC'S FIRST SET OF EXPEDITED INTERROGATORIES and am familiar with its contents.

I am Corporate Secretary at Otto Trucking LLC, a party to this action, and am authorized to make this verification for and on its behalf. I am informed and believe and on that basis state that the responses provided therein are true and correct.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this ___5___ day of ___June___, 2017 in ___San Francisco___, California.

Rhian Morgan
Corporate Secretary
Otto Trucking LLC

13072641