# EXHIBIT 3

# REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   ERIC A. TATE (CA SBN 178719)
    ETate@mofo.com
4   RUDY Y. KIM (CA SBN 199426)
    RKim@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482
    Telephone:    415.268.7000
7   Facsimile:     415.268.7522

8   KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
9   HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
10  BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
11  Washington DC  20005
    Telephone:    202.237.2727
12  Facsimile:     202.237.6131

13  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
14  and OTTOMOTTO LLC

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                     SAN FRANCISCO DIVISION

18  WAYMO LLC,                              Case No. 3:17-cv-00939-WHA

19              Plaintiff,                  **DEFENDANTS UBER
                                            TECHNOLOGIES, INC. AND
20       v.                                 OTTOMOTTO LLC'S RESPONSES TO
                                            WAYMO'S FIRST SET OF
21  UBER TECHNOLOGIES, INC.,                EXPEDITED INTERROGATORIES
    OTTOMOTTO LLC; OTTO TRUCKING LLC,       PURSUANT TO PARAGRAPH SIX OF
22                                          THE MAY 11, 2017 PRELIMINARY
              Defendants.                   INJUNCTION ORDER (NOS. 1-9)**
23

24                                          Trial Date: October 2, 2017

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendants Uber

2   Technologies, Inc. and Ottomotto LLC (collectively "Defendants") object and respond to Plaintiff

3   Waymo LLC's First Set of Expedited Interrogatories, served on May 22, 2017.

4   <u>**GENERAL OBJECTIONS**</u>

5   Defendants make the following general responses and objections ("General Objections")

6   to each definition, instruction, and request propounded in Waymo's Interrogatories.  These

7   General Objections are hereby incorporated into each specific response.  The assertion of the

8   same, similar or additional objections or partial responses to the individual requests does not

9   waive any of Defendants' General Objections.

10   1.   Defendants object to each Interrogatory, Definition, or Instruction to the extent it

11   seeks or purports to impose obligations beyond or inconsistent with those imposed by the Federal

12   Rules of Civil Procedure or the applicable rules and orders of this Court.

13   2.   Nothing in these responses is an admission by Defendants of the existence,

14   relevance, or admissibility of any information, for any purpose.  Defendants reserve all objections

15   as to competency, relevance, materiality, privilege, or admissibility related to the use of its

16   responses and any document or thing identified in its responses as evidence for any purpose

17   whatsoever in any subsequent proceeding in this trial or any other action.

18   3.   Defendants object to each Interrogatory to the extent it seeks information not

19   within Defendants' possession, custody, or control and not kept by Defendants in their ordinary

20   course of business.  Defendants will provide only relevant, non-privileged information that is

21   within its present possession, custody, or control and available after a reasonable investigation.

22   4.   Defendants object to these Interrogatories insofar as they purport to require

23   Defendants to search for information beyond that which is available after a reasonable search as it

24   relates to this case and the limited scope of discovery at this stage.

25   5.   Defendants object to each Interrogatory to the extent that it is not limited in time.

26   Defendants will produce information from a reasonable time period as it relates to this case.

27   6.   Defendants object to each Interrogatory to the extent it seeks a response from

28   persons or entities who are not parties to the lawsuit and over whom Defendants have no control.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    Defendants respond to the Interrogatories on Defendants' own behalf.

2           7.      To the extent any Interrogatory, Instruction, or Definition may be construed as

3    calling for disclosure of information subject to the attorney-client privilege, work product

4    immunity, joint defense or common interest, or any other applicable privilege or protection,

5    Defendants hereby claim such privileges and immunities and object on such grounds.  Defendants

6    do not waive, intentionally or otherwise, any attorney-client privilege, work-product immunity,

7    joint defense or common-interest privilege or any other privilege, immunity, or other protection

8    that may be asserted to protect information from disclosure.

9           8.      Although Defendants have diligently complied with their discovery obligations at

10    this stage, their investigations in connection with this litigation are continuing.  These responses

11    are limited to information obtained to date and are given without prejudice to Defendants' right to

12    amend or supplement their responses after considering information obtained through further

13    discovery or investigation.

14           Subject to and without waiving its General Objections, Uber objects and responds to the

15    Interrogatories as follows:

16    **SPECIFIC OBJECTIONS AND RESPONSES**

17    **INTERROGATORY NO. 1:**

18           IDENTIFY the locations and custody of all known copies of THE DOWNLOADED

19    MATERIALS, or any documents describing THE DOWNLOADED MATERIALS.  If any of the

20    copies have [sic] no longer exist, explain DEFENDANTS' full knowledge as to the destruction.

21    **RESPONSE TO INTERROGATORY NO. 1:**

22           Defendants object to this interrogatory because it implicates information protected by the

23    attorney-client privilege, the work-product doctrine, and the common-interest and joint-defense

24    privileges.  Defendants further object to this interrogatory as vague and ambiguous because of its

25    use of the phrase "THE DOWNLOADED MATERIALS," which, although a capitalized term, is

26    nevertheless an undefined term in Waymo's first set of expedited interrogatories.  Defendants

27    therefore will construe that phrase as it is defined by the Court's May 11, 2017 Order Granting in

28    Part and Denying in Part Plaintiff's Motion for Provisional Relief.  (ECF No. 426, at 22.)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   Defendants further object to the extent this interrogatory calls for information beyond

2   Defendants' possession, custody, or control.  Defendants further object because Interrogatory

3   No. 1 is actually two discrete interrogatories, not one.

4           Subject to and without waiving the general and specific objections above, Defendants

5   respond as follows:

6           As Waymo knows, Defendants have conducted a diligent and extensive search of their

7   files, servers, and systems (including Mr. Levandowski's Uber-issued computer) and have

8   discovered no Downloaded Materials in any such files, servers, or systems.  Defendants are not

9   now, and have not been, in possession of any Downloaded Materials.  Uber directed Mr.

10  Levandowski to return allegedly downloaded files (if any) in his possession and to instruct every

11  person that he has reason to believe may be in possession to do the same; however, to date, he has

12  not complied and has therefore been terminated.

13          Prior to the Uber acquisition of Ottomotto, the lawyers representing Uber and Ottomotto,

14  acting on behalf of Uber and Ottomotto, retained the forensics firm Stroz Friedberg LLC

15  ("Stroz") to undertake an investigation in anticipation of possible litigation, and for the purposes

16  of providing Uber and Ottomotto with facts needed to obtain legal advice.  Uber and Ottomotto

17  therefore have asserted privilege over that investigation and object to this interrogatory to the

18  extent it seeks to obtain information about what information may be in Stroz's possession.

19  On or about March 11, 2016, Mr. Levandowski reported to Mr. Kalanick, Nina Qi and

20  Cameron Poetzscher at Uber as well as Lior Ron that he had identified five discs in his possession

21  containing Google information.  Mr. Kalanick conveyed to Mr. Levandowski in response that Mr.

22  Levandowski should not bring any Google information into Uber and that Uber did not want any

23  Google information.  Shortly thereafter, Mr. Levandowski communicated to Uber that he had

24  destroyed the discs.  Uber never received those discs, and does not know whether those discs

25  contained any of the "DOWNLOADED MATERIALS."

26  **INTERROGATORY NO. 2:**

27          IDENTIFY all Diligenced Employees and the date(s) they became Diligenced Employees

28  (as that term is used in the OTTOMOTTO MERGER AGREEMENT).

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this interrogatory as vague and ambiguous as to the meaning of "the date(s) they became Diligenced Employees."

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

The Diligenced Employees are:

1.  Anthony Levandowski

2.  Lior Ron



These five individuals became Diligenced Employees on or around April 11, 2016.

**INTERROGATORY NO. 3:**

IDENTIFY all Uber Devices and Non-Uber Devices (as those terms are defined in UBER00006444) that LEVANDOWSKI has used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444), or that LEVANDOWSKI could have used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444).

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this interrogatory because it implicates information protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-defense privileges. Defendants further objects to this interrogatory to the extent it purports to require expert opinion. Defendants further object to the interrogatory as vague, ambiguous, and overbroad because it asks for the identity of any device that Levandowski "could have used" to access Defendants' networks, which is infinite in scope.

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

To Defendants' knowledge, Mr. Levandowski used two devices to access Uber's networks:

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1           1.   A MacBook Pro (15-inch, 2016) computer provided to Mr. Levandowski by Uber

2           2.   A personal MacBook Pro (not issued by Uber)

3    **INTERROGATORY NO. 4:**

4        Describe the ownership of TYTO and/or ODIN WAVE, INCLUDING the identity of all

5    PERSONS with current or former ownership interests in TYTO and/or ODIN WAVE, that

6    PERSON's current or former ownership interest(s), and the agreements creating or modifying

7    those ownership interests.

8    **RESPONSE TO INTERROGATORY NO. 4:**

9        Defendants object to this interrogatory to the extent it seeks information that is not known

10   or available to Defendants.  Defendants further object to this interrogatory as seeking information

11   that is neither relevant to a party's claims or defenses nor likely to lead to discovery of admissible

12   evidence.

13       Subject to and without waiving the general and specific objections above, Defendants

14   respond as follows:

15

16

17

18

19

20

21

22

23

24   **INTERROGATORY NO. 5:**

25       Describe all compensation (whether actual or conditional) discussed, conveyed or

26   promised by DEFENDANTS to LEVANDOWSKI at any time, INCLUDING (without

27   limitation) the DEFENDANT who discussed, conveyed or promised the compensation, the nature

28   of the compensation, the date the compensation was promised and/or conveyed, the amount of the

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    compensation, any conditions, contingencies, clawback rights or reservations associated with the

2    compensation.

3    **RESPONSE TO INTERROGATORY NO. 5:**

4          Defendants object to this interrogatory as overbroad because it is not limited in time.

5    Defendants further object to this interrogatory as overbroad, unduly burdensome, not "reasonably

6    narrow" as required by the May 11, 2017 order, and as seeking information that is neither

7    relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence in

8    extending to "all compensation" ever "discussed, conveyed, or promised."  Defendants further

9    object because this interrogatory is vague as to the undefined term "compensation."

10         Subject to and without waiving the general and specific objections above, Defendants

11   respond as follows:

12         Representatives of Uber, including Nina Qi and Cameron Poetzscher, began having

13   general discussions with Mr. Levandowski about the compensation component of Uber's

14   acquisition of Ottomotto in early January 2016, and extending periodically until April 2016.

15   These discussions were not specific to Mr. Levandowski's compensation, but instead were

16   general discussions about the consideration that Uber would pay as part of its acquisition of

17   Ottomotto.

18         In accordance with Federal Rule of Civil Procedure 33(d), Defendants further respond to

19   this interrogatory by referring Waymo to Mr. Levandowski's employment-related agreements,

20   produced at Bates UBER00011726–729 (Mr. Levandowski's 280 Systems employment

21   agreement); UBER00017108–126 (2013 Equity Incentive Plan); UBER00017127–146 (███████

22   █████████████); UBER00017083–091 (Mr. Levandowski's Uber employment agreement,

23   signed on August 23, 2016); and UBER00017105–107 (████████████████████).  In

24   addition, Defendants also refer Waymo to the documents concerning Uber's acquisition of

25   Ottomotto including, for example, those produced at Bates UBER00016453–523 (Agreement and

26   Plan of Merger) and UBER00017518–578 (Term Sheet).

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    **INTERROGATORY NO. 6:**

2         Describe DEFENDANTS' efforts to preserve evidence relevant to THIS CASE,

3    INCLUDING (without limitation) when DEFENDANTS instituted any litigation hold(s)

4    REGARDING THIS CASE, how DEFENDANTS implemented any litigation hold, all

5    PERSONS who received any litigation hold, when each PERSON received each litigation hold,

6    which PERSON(S) was responsible for monitoring compliance with each litigation hold, and any

7    instances of non-compliance with such litigation hold.

8    **RESPONSE TO INTERROGATORY NO. 6:**

9         Defendants object to this interrogatory because it implicates information protected by the

10   attorney-client privilege, the work-product doctrine, and the common-interest and joint-defense

11   privileges.  Defendants further object to the phrase "THIS CASE," which, although a capitalized

12   term, is nevertheless undefined in Waymo's first set of expedited interrogatories.  Defendants will

13   construe that term to mean the above-captioned case (*Waymo v. Uber Techs., Inc., et al.*, Case No.

14   3:17-cv-00939-WHA).

15        Subject to and without waiving the general and specific objections above, Defendants

16   respond as follows:

17        Defendants dispatched legal hold notices specific to this case beginning on March 9, 2017,

18   by distributing them to the following recipients via electronic mail:  Anthony Levandowski, Lior

19   Ron, ▮▮▮▮▮▮▮▮▮▮▮▮▮ Daniel Gruver ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Gaetan

20   Pennecot, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Sameer Kshirsagar, ▮▮▮▮▮▮▮▮▮▮▮

22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ James Haslim, Scott Boehmke, Eric

23   Meyhofer, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Asheem Lineval, ▮▮▮

24   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Travis Kalanick, ▮▮▮▮▮▮▮▮▮▮▮▮

28   ▮▮▮▮▮▮▮▮▮▮▮ The vast majority of the above recipients were sent the legal hold

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

notice between March 9, 2017 and March 14, 2017.  Other individuals are from time to time added to the legal hold as circumstances warrant.  For example, the following individuals were added to the legal hold on or about June 5, 2017: ███████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████

In addition to dispatching legal hold notices, Uber has taken other measures to preserve potentially relevant evidence, including specific backend measures to ensure that email and other documents for the custodians on the legal hold are preserved, and retaining a third-party vendor to create forensically-sound images of approximately 140 employee workstations for preservation.

Members of Uber's in-house legal department are responsible for administering the legal hold and monitoring compliance with it.  Defendants continue to monitor the developments in this case and will modify the legal hold and the custodians subject to it as warranted.

**INTERROGATORY NO. 7:**

For each of DEFENDANTS' past and present officers, directors, and employees identified in response to the Court's April 4, 2017 Order (Dkt. 144) as having had LiDAR-related responsibilities or projects, identify all LiDAR-related projects that the PERSON has worked on, INCLUDING (without limitation) any LiDAR-related projects involving third parties.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to this interrogatory as overbroad because it is not limited in time, and extends to "all LiDAR-related projects that the PERSON has worked on."  Defendants further object to the phrase "all LiDAR-related projects" as vague and ambiguous.  Defendants will construe this phrase to mean any LiDAR laser or sensor development projects.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Subject to and without waiving the general and specific objections above, Defendants respond as follows: For each PERSON in the list below, we have identified any LiDAR-related projects each PERSON worked on while employed by Defendants:

**Current Employees**

| Last Name | First Name | Location | LiDAR-related Project |
|---|---|---|---|
| ███████ | | San Francisco, CA | Fuji |
| | | San Francisco, CA | Fuji |
| | | San Francisco, CA | Fuji<br>Spider<br>Owl |
| | | San Francisco, CA | Fuji<br>Spider |
| Boehmke | Scott | Pittsburgh, PA | Fuji<br>Spider |
| | | | ████████ |
| ███████ | | San Francisco, CA | Fuji<br>Spider |
| | | San Francisco, CA | Fuji |
| | | San Francisco, CA | Fuji |
| | | San Francisco, CA | Fuji<br>Spider |
| | | San Francisco, CA | Fuji |
| | | Pittsburgh, PA | ████████ |
| | | Pittsburgh, PA | Fuji |
| | | San Francisco, CA | Fuji<br>Spider |
| | | Pittsburgh, PA | Fuji |
| | | Pittsburgh, PA | ████████ |
| | | San Francisco, CA | Fuji<br>Spider |
| Gruver | Daniel | San Francisco, CA | Fuji<br>Spider |
| ███ | ███ | Pittsburgh, PA | Fuji |
| Haslim | James | San Francisco, CA | Fuji<br>Spider<br>████████<br>Owl |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| Last Name | First Name | Location | LiDAR-related Project |
|---|---|---|---|
| ███████ | | San Francisco, CA | Fuji Spider |
| | | Pittsburgh, PA | Fuji |
| | | San Francisco, CA | Fuji Spider Owl |
| | | San Francisco, CA | Fuji Spider |
| Kshirsagar | Sameer | San Francisco, CA | Fuji Spider |
| ███████ | | Pittsburgh, PA | Fuji |
| | | San Francisco, CA | Fuji Spider |
| Levandowski | Anthony | San Francisco, CA | Fuji Spider ████████ |
| ███████ | ███ | San Francisco, CA | Fuji Spider ████████ |
| Linaval | Asheem | San Francisco, CA | Fuji Spider Owl |
| ███████ | | San Francisco, CA | Fuji |
| | | San Francisco, CA | Fuji Spider Owl |
| | | San Francisco, CA | Fuji |
| Meyhofer | Eric | Pittsburgh, PA | Fuji Spider ████████ |
| ███████ | | Pittsburgh, PA | |
| | | Pittsburgh, PA | Fuji |
| | | San Francisco, CA | Fuji Spider Owl |
| Pennecot | Gaetan | San Francisco, CA | Fuji Spider |
| ███████ | | San Francisco, CA | Fuji Spider |
| | | San Francisco, CA | Fuji Spider |
| | | San Francisco, CA | Fuji |
| | | Pittsburgh, PA | Fuji Spider |
| | | Pittsburgh, PA | ████████ |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| Last Name | First Name | Location | LiDAR-related Project |
|---|---|---|---|
| | | San Francisco, CA | Fuji |
| | | San Francisco, CA | Fuji<br>Spider |
| | | San Francisco, CA | Fuji<br>Spider |
| | | Pittsburgh, PA | |
| | | San Francisco, CA | Fuji<br>Spider |
| | | San Francisco, CA | Fuji<br>Spider |
| | | San Francisco, CA | Fuji<br>Spider |
| | | San Francisco, CA | Fuji |
| | | San Francisco, CA | Spider |
| | | San Francisco, CA | Fuji |
| | | Pittsburgh, PA | Fuji |
| | | San Francisco, CA | Fuji |
| | | San Francisco, CA | Fuji<br>Spider |
| | | San Francisco, CA | Fuji |
| | | San Francisco, CA | Fuji<br>Spider |
| | | Pittsburgh, PA | |

**Former Employees**

| Last Name | First Name | Location | LiDAR Projects |
|---|---|---|---|
| | | San Francisco, CA | Fuji<br>Spider |
| | | San Francisco, CA | Fuji<br>Spider |

**INTERROGATORY NO. 8:**

Describe all consulting work performed by LEVANDOWSKI for UBER before August 18, 2016, INCLUDING the terms of the consulting and any compensation arrangements.

**RESPONSE TO INTERROGATORY NO. 8:**

Before August 18, 2016, Anthony Levandowski was not a retained consultant for Uber and there was no consultant agreement or consultancy compensation arrangement between Mr. Levandowski and Uber. Beginning in late winter or early spring 2016, and continuing until the transaction between Uber and Ottomotto closed, Mr. Levandowski would from time to time: visit Uber's facilities in San Francisco and Pittsburgh; attend Uber meetings related to autonomous vehicles; meet with various Uber tech leads, engineers, and other employees of

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   Uber's autonomous vehicle program; tour Uber's facilities and labs; and examine Uber's

2   autonomous vehicle project records.

3   **INTERROGATORY NO. 9:**

4        Identify in detail all COMMUNICATIONS between DEFENDANTS and

5   LEVANDOWSKI or anyone acting on his behalf relating to the Court's May 11, 2017 Order

6   Granting in Part and Denying in Part Waymo's Motion for a Preliminary Injunction, including

7   LEVANDOWSKI's May 18, 2017 Motion to Intervene, by identifying for each such

8   COMMUNICATION: its date, its form (i.e. oral or in writing, and if in writing the form of

9   writing), the individuals involved, its substance, and if in writing its production number.

10  **RESPONSE TO INTERROGATORY NO. 9:**

11       Defendants object to this interrogatory because it implicates information protected by the

12  attorney-client privilege, the work-product doctrine, and the common-interest and joint-defense

13  privileges.

14       Subject to and without waiving the above general and specific objections, Defendants

15  respond as follows:

16       In accordance with Federal Rule of Civil Procedure 33(d), Defendants respond to this

17  interrogatory by referring Waymo to the following documents that were sent by email to the

18  Special Master in this litigation with a copy to Waymo's counsel of record:

19       May 15, 2017 letter from Salle Yoo (Uber's General Counsel) to Anthony Levandowski,

20  c/o Mr. Levandowski's counsel at Ramsey & Erlich LLP, requesting compliance with the Court's

21  May 11, 2017 order.  This letter was provided to Waymo's counsel on May 19, 2017.

22       May 26, 2017 letter from Salle Yoo (Uber's general counsel) to Anthony Levandowski

23  c/o Mr. Levandowski's counsel at Ramsey & Erlich LLP, terminating Mr. Levandowski's

24  employment.  This letter was produced to Waymo's counsel on May 30, 2017.

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

Dated: June 5, 2017                        MORRISON & FOERSTER LLP

2

                                           By:  */s/ Arturo J. González*

3                                                ARTURO J. GONZÁLEZ

4                                          Attorneys for Defendants
                                           UBER TECHNOLOGIES, INC.
5                                          and OTTOMOTTO LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

## **VERIFICATION**

2      I, Eric Meyhofer, declare:

3      1.      I am Head of ATG for Defendant Uber Technologies, Inc. ("Uber") in the above-

4 captioned action, and I am authorized to execute this verification on behalf of Uber and

5 Ottomotto LLC.

6      2.      I have read Defendants Uber Technologies, Inc. and Ottomotto LLC's Responses

7 to Waymo's First Set of Expedited Interrogatories (the "Responses"), and know the contents

8 thereof.

9      3.      I am informed and believe that the matters stated in the Responses are true and

10 correct and, on that ground, allege that the matters stated therein are true and correct.

11

12      I declare under penalty of perjury that the foregoing is true and correct.

13      Executed this 5th day of June, 2017, at Pittsburgh, Pennsylvania.

14

15                                          _____

16                                                   Eric Meyhofer

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Los Angeles, CA 90017-3543.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on June 5, 2017, I served true and correct copies of the following documents:

- **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 1-9)**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| Recipient | Email Address: |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788 | qewaymo@quinnemanuel.com |
| Leo P. Cunningham<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br><br>*Attorneys for Plaintiff Waymo LLC* | lcunningham@wsgr.com |

1

2

3

4

5

6

7

| I. Neel Chatterjee<br>GOODWIN PROCTER LLP<br>135 Commonwealth Drive<br>Menlo Park, CA94025<br><br>Brett M. Schuman<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center<br>San Francisco, California 94111<br><br>*Attorneys for Defendant Otto Trucking LLC* | nchatterjee@goodwinlaw.com<br>bschuman@goodwinlaw.com<br>rwalsh@goodwinlaw.com |
| --- | --- |

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Palo

8

Alto, California, this 5th day of June, 2017.

9

10

| Ethel Villegas | */s/ Ethel Villegas* |
| --- | --- |
| (typed) | (signature) |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28