# EXHIBIT 4

| | |
|---|---|
| **From:** | Walsh, Rachel M. <RWalsh@goodwinlaw.com> |
| **Sent:** | Tuesday, June 20, 2017 6:14 PM |
| **To:** | James Judah; 'John Cooper'; Matthew Cate; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); DG-GP Otto Trucking Waymo |
| **Cc:** | QE-Waymo |
| **Subject:** | RE: Waymo - Otto Trucking's Discovery Responses |

James and Special Master Cooper,

With respect to Waymo's request that Otto Trucking search the personal email of its directors, Lior Ron and Anthony Levandowski, Otto Trucking maintains its position that it is not required to do so. Mr. Ron and Mr. Levandowski are non-parties to this action, and their personal email accounts are not within Otto Trucking's possession, custody or control. *See Matthew Enter. v. Chrysler Grp. LLC*, No. 13-cv-04236-BLF, 2015 U.S. Dist. LEXIS 166553, at *3-*4 & n.37 (N.D. Cal. Dec. 10, 2015) (denying motion to compel with respect to documents kept in employee personal email accounts notwithstanding the fact that such accounts were used for business purposes); *Pebble Ltd. P'ship v. United States EPA*, No. 3:14-cv-0199-HRH, 2015 U.S. Dist. LEXIS 117909, at *4 (D. Alaska Aug. 24, 2015) (finding administrators' communications, existing exclusively on private servers, not within a party's possession). Because these documents are not within Otto Trucking's possession, custody and control, it is not required to search and produce them. *See In re Citric Acid Litig.* 191F.3d 1090, 1108 (9th Cir. 1999). Further and as you know, Otto Trucking does not have "custodial" emails as it has no employees and no emails systems or servers.

Moreover, as we have stated previously, Waymo's demands for Mr. Levandowski's emails may implicate his constitutional rights under the Fifth Amendment. Even if it were required to search and produce Mr. Levandowski's emails, Otto Trucking cannot compel him to produce his emails.

Regards,

Rachel

---

**From:** Walsh, Rachel M.
**Sent:** Wednesday, June 14, 2017 8:47 PM
**To:** 'James Judah'; 'John Cooper'; Matthew Cate; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); DG-GP Otto Trucking Waymo
**Cc:** QE-Waymo
**Subject:** RE: Waymo - Otto Trucking's Discovery Responses

ALL: Please use the alias listed here and copied above to reach counsel for Otto Trucking at Goodwin – DG-GPOttoTruckingWaymo@goodwinlaw.com.

James,

Below is Otto Trucking's responses with respect to the meet and confer on its objections and responses to Waymo's second sets of discovery.

With respect to requests for production Nos. 13-17, we reiterate that because Otto Trucking does not have employees or its own email systems, it does not have "custodial" emails as you describe. Otto Trucking does not have possession,

custody or control of Mr. Levandowksi or Mr. Ron's personal emails – non-parties to this action – and will not produce these documents.  Waymo's demand that Otto Trucking turn over Mr. Levandowski's emails may and likely does implicate his assertion his rights under the Fifth Amendment.  If Waymo is implying that Otto Trucking can compel Mr. Levandowski to turn over information, even if this were proper for discovery, Otto Trucking's authority to make Mr. Levandowski do so is essentially zero for the same reasons as explained in Shane Brun's email on Monday, June 12, at 11:50 am.

With respect to particular requests
- RFP 19 – Otto Trucking has conducted a diligent search, and there are no other documents to be logged or produced.
- RFP 21 – The only Restricted Unit Purchase Agreement between Mr. Cohen and Otto Trucking was signed on April 20, 2016, and was produced at OTTOTRUCKING0000167.
- RFP 25 – Otto Trucking has logged or produced all responsive documents.
- RFP 26 – No additional responsive documents have been located.

With respect to the interrogatory responses, I note that you clarified that the undefined term "OTTO" as used in your second set of interrogatories refers to both Ottomotto and Otto Trucking.
- Rog 14 – Otto Trucking will supplement its response to identify non-privileged, responsive communications.
- Rog 15 and 16 – Otto Trucking does not have further information responsive to these requests.
- Rog 17 – Otto Trucking will supplement its response to identify non-privileged, responsive communications.
- Rog 18 – Otto Trucking will supplement its response to this interrogatory.
- Rog 19 – Otto Trucking has no additional non-privileged information responsive to this interrogatory.
- Rog 20 – Otto Trucking has no additional non-privileged information responsive to this interrogatory.

Regards,

Rachel

---

**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Tuesday, June 13, 2017 4:36 PM
**To:** 'John Cooper'; Matthew Cate; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Chatterjee, Neel; Walsh, Rachel M.; Brun, Shane; Schuman, Brett
**Cc:** QE-Waymo
**Subject:** RE: Waymo - Otto Trucking's Discovery Responses

John and Counsel –

I write to summarize the parties discussions and agreements on Monday's meet and confer call regarding Otto Trucking's objections and responses to Waymo's Second Sets of expedited RFPs and interrogatories.

Requests for Production Nos. 13-17.  Otto Trucking represented that it does not have possession, custody, or control of any custodial emails, including any custodial emails sent to or from its managing members Anthony Levandowski and Lior Ron in their capacity as managing members of Otto Trucking.  Waymo disagrees that Otto Trucking lacks possession, custody, or control of such documents.  Unless Otto Trucking reconsiders its position by Wednesday, Waymo intends to seek relief from the Magistrate Judge.

Otto Trucking also indicated that it could not obtain documents from Mr. Levandowski because of Mr. Levandowski's assertions of his Fifth Amendment privilege against self-incrimination.  As we explained on the call, Uber made a similar argument at the outset of the case, which was squarely rejected by Judge Alsup.  (3/29/2017 Hearing Tr. at 12:6-11 ("**THE COURT:** Uber has the authority to say to its employees, 'If you have anything at home you bring it in here, give it to Mr. González, and he will turn it over to the Court.'  You have the authority to do that. And you also have the authority to say, 'And if you don't do that, you're fired.'").)  For that reason, unless Otto Trucking reconsiders its position by Wednesday, Waymo intends to seek relief from the Magistrate Judge.

Request for Production No. 19.  Otto Trucking agreed that it would supplement its response by Wednesday to indicate it was conducting a diligent search and would produce and/or log all responsive documents.

Request for Production No. 21.  Otto Trucking represented that all of the responsive agreements were produced on Friday, with one exception, the agreement for Eyal Cohen, which it had not been able to locate.  Otto Trucking will continue to look for this agreement and provide an update on its investigation on Wednesday.

Request for Production No. 25.  Otto Trucking agreed that it will let us know by Wednesday if it has logged and/or produced all responsive documents.

Request for Production No. 26.  Otto Trucking represented that it has produced responsive certificates, and would let us know by Wednesday if any additional responsive documents had been located.

Interrogatory No. 14.  Otto Trucking agreed it would let us know by close of business Wednesday whether there were any additional communications responsive to this interrogatory and whether they would be identified and/or logged.

Interrogatory Nos. 15-16.  Otto Trucking agreed it would let us know by close of business Wednesday whether there were any additional communications responsive to these interrogatories and whether they would be identified and/or logged.

Interrogatory No. 17.  Otto Trucking agreed it would let us know by close of business Wednesday whether there were any additional communications responsive to this interrogatory and whether they would be identified and/or logged.

Interrogatory No. 18.  Otto Trucking represented it would let us know by close of business Wednesday whether it would agree to supplement its response to this interrogatory to provide information about its managing members', Lior Ron and Anthony Levandoswki's, possession of the Due Diligence Report, and additional information about O'Melveny & Myers' possession of the Due Diligence Report.

Interrogatory No. 19.  Otto Trucking agreed it would let us know by close of business Wednesday whether there is any non-privileged information responsive to this interrogatory and whether it would be identified in a supplemental response.

Interrogatory No. 20.  Otto Trucking agreed it would let us know by close of business Wednesday whether there were any additional communications responsive to this interrogatory and whether they would be identified and/or logged.

Best,
James

---

**From:** James Judah
**Sent:** Sunday, June 11, 2017 5:05 PM
**To:** 'John Cooper' <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; nchatterjee@goodwinlaw.com; rwalsh@goodwinlaw.com; sbrun@goodwinlaw.com; bschuman@goodwinlaw.com
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Waymo - Otto Trucking's Discovery Responses

John and Counsel –

3

I write regarding Otto Trucking's responses to Waymo's second Sets of expedited RFPs and interrogatories, which were due on June 9.  We have concerns with several of Otto Trucking's responses as set forth below.  We request a meet and confer to discuss these issues on Monday.

Initially, in response to many of these RFPs, Otto Trucking objects that they call for privileged information.  Please confirm that Otto Trucking will log the privileged, responsive documents.  In light of our many prior meet and confers regarding logging and when Judge Corley's June 5 order will become final, please also let us know whether Otto Trucking will log these withheld documents right away, or if it intends to wait for any reason and what that reason is.

RFP Nos. 13-17.  For each of these requests, Otto Trucking responds that it "has not located any communications responsive to this Request in its possession, custody or control following a diligent search."  Please identify the parameters of that "diligent search."  Waymo would expect that Otto Trucking officers, such as Anthony Levandowski and Lior Ron, had communications with Brian McClendon and Travis Kalanick that would be responsive to these requests.

RFP No. 19.  For this request, Otto Trucking has not agreed to produce or log any documents.  Please confirm that Otto Trucking agrees to conduct a reasonable search and will agree to 1) produce non-privileged responsive documents and 2) log any privileged responsive documents on the schedule agreed to on Friday's meet and confer.  Also, please identify the parameters of your search, if any, for responsive documents.

RFP No. 21.  For this request, Otto Trucking confirms that it has not produced all of the responsive agreements, but provides no time frame for producing the outstanding documents.  Please confirm that all agreements identified in Sections 2.10 and 2.15 of the Otto Trucking Disclosure Schedules will be produced by end of day Monday.

RFP No. 25.  For this request, Otto Trucking has not agreed to produce or log any documents.  Rather, Otto Trucking apparently contends that **all** documents regarding the satisfaction of conditions for closing in the acquisition documents are privileged, and that many of them are already logged on the March 31 privilege log.  Please confirm that Otto Trucking will conduct a diligent search and produce and/or log all responsive documents.

RFP No. 26.  For this request, Otto Trucking agrees to produce responsive documents, but provides no time frame for producing them.  Please confirm that all responsive documents will be produced by end of day Monday.

Interrogatory No. 14.  This interrogatory asks for the identification of all communications prior to August 18, 2016 between Mr. Levandowski and Uber regarding the acquisition of Otto Trucking.  Otto Trucking responds by identifying just a single document.  It is not credible for Otto Trucking to assert that Mr. Levandowski only had a single non-privileged communication with Uber regarding an acquisition of Otto Trucking.  Please confirm that Otto Trucking will supplement its response to provide a complete answer.

Interrogatory Nos. 15-16.  For these interrogatories, Otto Trucking responds that it has no responsive information.  But these interrogatories seek an identification of communications between Uber and Mr. Levandowski – who remains to this day a senior officer of Otto Trucking.  Please explain how Otto Trucking can assert it has no information responsive to these interrogatories, or confirm that Otto Trucking will supplement its response to provide a complete answer.

Interrogatory No. 17.  For this interrogatory, Otto Trucking asserts that all responsive information is privileged and has been logged.  However, based on Uber's response to Interrogatory No. 1, it appears that Mr. Levandowski – an Otto Trucking senior officer – in fact had non-privileged communications about Google documents with Uber personnel in early March 2016.  Please explain why Otto Trucking did not identify this or any other non-privileged information in its response, or confirm that Otto Trucking will supplement its response to provide a complete answer.

Interrogatory No. 18.  For this interrogatory, Otto Trucking identifies only O'Melveny & Myers as having "had" custody of the Stroz Due Diligence Report.  First, Otto Trucking's response fails to explain – as requested – whether O'Melveny & Myers "still has the DUE DILIGENCE REPORT" and/or "what happened to each of those copies."  Second, multiple

4

declarations submitted by attorneys for Defendants have confirmed that two Otto Trucking officers – Anthony Levandowski and Lior Ron – received copies of the Due Diligence Report, yet they are not identified in Otto Trucking's response, nor is the current whereabouts of those copies explained.  Please confirm that Otto Trucking will supplement its response to provide a complete answer.

Interrogatory No. 19.  For this interrogatory, Otto Trucking responds that it has no responsive non-privileged information.  Please either confirm that this means Otto Trucking made no attempts to obtain information or documents from O'Melveny & Myers, or explain why all responsive information – even underlying **facts** – is privileged.

Interrogatory No. 20.  For this interrogatory, Otto Trucking does not provide any information beyond a reference to its existing privilege logs.  But that is obviously not a complete response as presumably Otto Trucking had communications with Mr. Gardner on topics other than just the downloaded documents (i.e., the subject matter of materials on the March 31 privilege log).  Please confirm that Otto Trucking will provide a complete answer.

Best,
James


**James Judah**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6420 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jamesjudah@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


*******************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************