# EXHIBIT 10

| | |
|---|---|
| **From:** | Andrea P Roberts |
| **Sent:** | Wednesday, June 14, 2017 4:49 PM |
| **To:** | John Cooper; Matthew Cate; UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Rachel Walsh (RWalsh@goodwinlaw.com); Shane Brun (SBrun@goodwinlaw.com); Brett Schuman (BSchuman@goodwinlaw.com); Neel Chatterjee (nchatterjee@goodwinlaw.com) |
| **Cc:** | QE-Waymo |
| **Subject:** | Waymo v. Uber Meet and Confer Summary |

John and Counsel,

I write to summarize yesterday's meet and confer regarding Uber and Ottomotto's ("Uber's") responses to Waymo's first set of expedited RFPs and interrogatories. Uber's responses were due on June 5. We raised issues with Uber's responses on June 6 and met and conferred about them with the Special Master on June 7. Uber's counsel was not prepared to discuss all of the responses and so said it would provide answers to Waymo's questions regarding many of them by June 9. Although Uber did respond on June 9, it did not address all of the outstanding issues, as outlined in Mr. Judah June 11 email. Given that these were expedited requests, if we are not satisfied with Uber's answers to the questions below, we will request a briefing schedule to move to compel.

Expedited RFP 5: On the June 7 meet and confer, Uber committed to providing by June 9 the Bates range of the documents in the Data Room and an explanation of diligence documents that were not put in the Data Room. On June 9, Uber provided the former but not the latter. Ms. Rivera explained today that identifying all diligence documents would require conducting email searches, which Uber will not do in response to an expedited request. In response to a question from Mr. Cooper, Ms. Rivera said that Uber cannot even identify the number of diligence documents that were not in the Data Room because that would require an email search. Ms. Rivera committed to Uber going back to the business people at Uber to find out what other diligence documents were provided outside of the Data Room. Uber will provide a response as to whether there are additional documents by EOD Thursday. Uber did not commit to producing any additional documents by then. We reiterate that we need any additional documents responsive to Waymo's expedited RFPs for upcoming expedited depositions.

Expedited RFP 8: Ms. Rivera said that she believes all responsive documents are privileged, but she will confirm that by COB Wednesday.

Expedited Interrogatory 3: Uber was to explain what source they used to determine which devices Levandowski used to access Defendants' networks by last Friday, but did not do so saying that doing so would reveal work product. On the call, Uber could not provide any further detail to explain how work product protection applied. Mr. Cooper requested that Uber have a forensic computer expert determine what devices of Mr. Levandowskis (including smartphones) were used to connect to Defendants' networks and when. Mr. Cooper also clarified that this should include all devices used by Mr. Levandowski including, for example, Otto Trucking devices. Ms. Rivera indicated that she would need to check with her team to see if this is feasible and report back. Please provide an update as to whether Uber will do this by Thursday and, if Uber will do this, an estimate of how long it will take to get the information responsive to this expedited interrogatory.

Expedited Interrogatory 4: Uber explained that it has not been able to get information about ownership interests in Sandstone Group because the Uber employees they've talked to claim to have NDAs that preclude them from

answering the questions.  Ms. Rivera said that Uber is continuing to try to work through these issues.  Please provide an update on Thursday.

Expedited Interrogatory 5: Ms. Rivera indicated that Uber will provide the additional information requested by Friday.  She said that Uber will not provide a supplemental response on that date because Uber doesn't not want to serve multiple supplemental responses.  Initially, this does not make sense because if Uber is providing a full and complete response, then it should not need to serve a series of supplemental responses.  Nevertheless, please provide the additional information in writing on Friday and also include in that correspondence a date certain by which we can expect a supplemental interrogatory response.

Expedited Interrogatory 8: Ms. Rivera committed to checking to see if Uber can provide more information regarding the terms of the work that Mr. Levandowski performed for Uber before August 18, 2016, which Uber does not consider to be "consulting."  Mr. Cooper also suggested that Uber should provide a better description of that work in a supplemental interrogatory response.  Mr. Cooper said that if Uber objects to doing so, it should put that objection in the response.  Uber will get back to Waymo with this information by Friday.

Expedited Interrogatory 9: Ms. Rivera explained that the two communications disclosed in response to this interrogatory were disclosed because they are not privileged.  These two communications were ones that were sent to Mr. Cooper pursuant to the monitoring protocol and thus, according to Uber, are not the same as other communications between Uber and Levandowski or persons acting on his behalf.  Ms. Rivera also indicated that Uber will not list all oral communications responsive to this interrogatory because that would essentially require creation of a privilege log.  We indicated that we would consider Uber's position and get back to you if we'd like to raise this issue with the Court.

Thanks,
Andrea

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.