# EXHIBIT 14

| | |
|---|---|
| **From:** | Rivera, Sylvia <SRivera@mofo.com> |
| **Sent:** | Friday, June 09, 2017 11:58 PM |
| **To:** | QE-Waymo |
| **Cc:** | 'John Cooper'; Matthew Cate; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); rwalsh@goodwinlaw.com; nchatterjee@goodwinlaw.com; sbrun@goodwinlaw.com; bschuman@goodwinlaw.com |
| **Subject:** | Waymo; follow up from June 7 call on Uber's responses to Set 1 of expedited discovery |

Quinn Team,

I write to follow up on discovery items that I understand were discussed on the June 7 meet-and-confer call, which I was unavailable to able to join.

Expedited Rog #3
Uber identified two computers in response to this interrogatory.  Uber identified the first MacBook Pro because that is the work computer that Uber issued to Anthony Levandowski and on that basis understands that that computer was used to access Uber's network.  With regard to the other MacBook Uber identified, Uber cannot state its basis for believing that computer was used to access Uber's network because doing so would reveal work product that is protected from disclosure.

Expedited Rog #4
Uber provided an accurate response to this interrogatory.  Sandstone Group LLC is the sole member of Tyto LiDAR LLC.  As we understand it, it is closely held.  The members and ultimate owners of Sandstone Group LLC were not disclosed to Ottomotto or Uber during the transaction.  In response to the issue you raised, we are trying to obtain details about Sandstone Group LLC's ownership, but are running into confidentiality issues.  We are continuing to make inquires, however, and will let you know if we ascertain the ultimate owner(s) of Tyto LiDAR LLC.

Expedited Rog #5
We believe the response to this interrogatory provides sufficient information, but we will attempt next week to obtain more detailed information about Mr. Levandowski's agreed upon compensation.

Expedited Rog #8
The interrogatory seeks information about "consulting work" Mr. Levandowski performed for Uber before August 18, 2016.  The response confirms he was not a consultant to Uber, which answers the question.  However, we nonetheless provided a description of Mr. Levandowski 's interactions at Uber during that time period.  The interrogatory is tied to "consulting work," of which there is none, so we believe the response is more than sufficient.  To our knowledge, Mr. Levandowski was not receiving compensation from Uber during that time.  If we learn otherwise, we will advise you.

Expedited Rog #9
Communications between lawyers at Uber and Mr. Levandowski related to the litigation are generally protected by the attorney-client privilege.  That is the basis for the withholding of further information in response to this interrogatory.

Expedited RFP #5
The Bates range for the documents produced from the Data Room is UBER00043056 - UBER00048431 (except not UBER00047857 - UBER00047861).  The Data Room was the repository for diligence documents for the Uber – Otto transaction and contained hundreds of documents comprised of charters, operating agreements, Board consents, stockholder consents, offer letters, employee attestations, Employee Restricted Unit Purchase Agreements Under Plan,

Founders Unit Purchase Agreements, Invention Assignment Agreements, Ottomotto Inc. Equity Incentive Plan, documents for the Tyto LiDAR LLC transaction, and various other diligence documents.

Expedited RFP #8
We are confirming whether there are non-privileged responsive documents and expect to respond on Monday.

Best,
Sylvia

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.