# EXHIBIT 17

Neel Chatterjee (SBN 173985)
*nchatterjee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
*bschuman@goodwinlaw.com*
Rachel M. Walsh (SBN 250568)
*rwalsh@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

*Attorneys for Defendant*
OTTO TRUCKING LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>        v.<br><br>UBER TECHNOLOGIES, INC., *et al.*,<br><br>              Defendants. | Case No.: 3:17-cv-00939-WHA<br><br>**DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF EXPEDITED INTERROGATORIES**<br><br>Trial Date: October 10, 2017 |

PROPOUNDING PARTY:    Plaintiff:  WAYMO LLC

RESPONDING PARTY:    Defendant:  OTTO TRUCKING LLC

SET:                Second Set of Expedited Interrogatories

1

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Otto Trucking LLC

2  ("Otto Trucking") hereby provides objections and responses ("Objections" and "Responses") to

3  Plaintiff Waymo LLC's ("Waymo") Second Set of Expedited Interrogatories (the

4  "Interrogatories") served by Waymo on Otto Trucking on May 26, 2017.

5                                   **PRELIMINARY STATEMENT**

6    Otto Trucking states that it is responding to the Interrogatories to the best of its present

7  ability.  While these Responses are based upon appropriate investigation by Otto Trucking and its

8  counsel, they reflect the current state of Otto Trucking's knowledge respecting the matters about

9  which inquiry is made.  Thus, the information contained herein remains subject to further review,

10 and, in making these Responses, Otto Trucking reserves the right to amend, supplement, and/or

11 otherwise change its Responses to these Interrogatories as further investigation and discovery may

12 make appropriate in accordance with Otto Trucking's obligations under the Federal Rules of Civil

13 Procedure.  Furthermore, Otto Trucking has prepared this Response based on its good faith

14 interpretation and understanding of each individual Interrogatory, but Otto Trucking reserves its

15 right to correct any errors or omissions.

16   Otto Trucking does not waive or intend to waive any objections that it may have regarding

17 the use of any information provided, and Otto Trucking expressly reserves the rights to:  (a) object

18 to Waymo's use of any information provided on the ground of inadmissibility; and (b) object on

19 any and all proper grounds, at any time, to any other discovery involving or relating to any

20 information produced.  No incidental or implied admissions are intended by the Responses set

21 forth herein.  These Responses are made solely for the purpose of this action.  Nothing herein shall

22 be construed as an admission respecting the admissibility or the relevance of any facts, documents,

23 or information, as an admission that documents or information exist, or as an admission as to the

24 truth or accuracy of any characterization or assertion contained in any Interrogatory.  Each

25 Response is subject to all objections as to competence, relevance, materiality, propriety, and

26 admissibility, and any and all other objections on grounds that would require the exclusion of any

27 statement herein if any of the Interrogatories were asked of, or statements contained herein were

28

2

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF
EXPEDITED INTERROGATORIES (CASE NO.:  3:17-CV-00939-WHA)

1   made by, a witness present and testifying in court, all of which objections and grounds are

2   reserved and may be interposed at the time of trial.

3                                      **GENERAL OBJECTIONS**

4          1.      Otto Trucking objects to each and every Interrogatory to the extent it seeks to

5   impose obligations and demands upon Otto Trucking beyond those required by Federal Rules of

6   Civil Procedure 26 and 33, and the applicable Local Civil Rules of the United States District Court

7   for the Northern District of California ("Local Rules").

8          2.      Otto Trucking objects to each and every Interrogatory to the extent it seeks

9   information protected from discovery by the attorney-client privilege, the work product doctrine,

10  or any other privileges or reasons for non-production.  Waymo's discovery will not be construed

11  to seek such information.  Inadvertent disclosure of privileged information is not intended to be,

12  and may not be construed as, a waiver of any applicable privilege or similar basis for non-

13  disclosure.

14         3.      Otto Trucking objects to these Interrogatories to the extent they seek information

15  concerning matters or issues beyond the scope of the allegations in the Amended Complaint on the

16  grounds that such discovery is overbroad, unduly burdensome, and neither relevant to any issue in

17  this case nor reasonably calculated to lead to the discovery of admissible evidence.

18         4.      Otto Trucking objects to each Interrogatory to the extent that it is unlimited in time

19  and scope, especially in light of the expedited nature of the propounded Interrogatories.

20         5.      Otto Trucking reserves all rights under the Rules of Civil Procedure to amend or

21  supplement its responses as additional information is discovered.

22            **SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

23  **INTERROGATORY NO. 10:**

24         Describe how the placement of FAC lenses on laser diodes is performed.

25  **RESPONSE TO INTERROGATORY NO. 10:**

26         Otto Trucking incorporates each of its general objections by reference.  Otto Trucking

27  further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret

28

---

3

1    misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in

2    Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).

3           Subject to and without waiving the foregoing objections, Otto Trucking responds as

4    follows:  Otto Trucking does not have information responsive to Interrogatory No. 10.

5    **INTERROGATORY NO. 11:**

6           Describe the design of any assembly tools for FAC lenses.

7    **RESPONSE TO INTERROGATORY NO. 11:**

8           Otto Trucking incorporates each of its general objections by reference.  Otto Trucking

9    further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret

10   misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in

11   Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).

12          Subject to and without waiving the foregoing objections, Otto Trucking responds as

13   follows:  Otto Trucking does not have information responsive to Interrogatory No. 11.

14   **INTERROGATORY NO. 12:**

15          Identify any person or entity that has ever had an ownership interest in OTTO, 280

16   Systems, Tyto LiDAR, or ODIN Wave by providing the person or entity's name, the company, the

17   dates of said ownership interest, and the amount of that person or entity's ownership interest.

18   **RESPONSE TO INTERROGATORY NO. 12:**

19          Otto Trucking incorporates each of its general objections by reference.  Otto Trucking

20   further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret

21   misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in

22   Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking objects to this

23   Interrogatory as overly broad and unduly burdensome to the extent it seeks "any person or entity

24   that has ever had an ownership interest" in the entities named in Interrogatory No. 12.  Otto

25   Trucking further objects to this Interrogatory as vague and ambiguous, as the term "OTTO" is

26   nowhere defined and is therefore vague as to which entity "OTTO" refers.  Otto Trucking will

27   respond as to "OTTO TRUCKING."

28

Subject to and without waiving the foregoing objection, Otto Trucking has identified the following persons or entities as having ownership interests in Otto Trucking on April 26, 2017: Information responsive to this Interrogatory can be found at the document produced at OTTOTRUCKING00000004 pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 13:**

Provide the number of times that LEVANDOWSKI has accessed any of DEFENDANTS' servers or networks (including but not limited to CloudForge, SolidWorks, Google Drive, Nas1.int.uberatc.com, vaulttlm.in.uberatc.com, vaulttdb.int.uberatc.com, sjc1-atg-archive prod01.copr.uber.com, code.int.uberatc.com/diffusion/, GIT repository, and any Wi-Fi network provided by Defendants at any of their offices) from a personal device.

**RESPONSE TO INTERROGATORY NO. 13:**

Otto Trucking incorporates each of its general objections by reference.  Otto Trucking further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking objects to this Interrogatory as overly broad and unduly burdensome, in particular in its use of the term "any" of Otto Trucking's servers or networks.  Otto Trucking further objects to this Interrogatory as vague and ambiguous, especially as to the term "accessed."

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows:  Otto Trucking does not have its own servers or networks, and so does not have information responsive to Interrogatory No. 13.

**INTERROGATORY NO. 14:**

Identify all communications prior to August 18, 2016 between LEVANDOWSKI and UBER REGARDING the acquisition of OTTO.

**RESPONSE TO INTERROGATORY NO. 14:**

Otto Trucking incorporates each of its general objections by reference.  Otto Trucking further objects to this Request to the extent that it seeks communications protected by the joint defense or common interest privilege.  Otto Trucking further objects to this Request to the extent

5

1   that it seeks communications protected by the attorney client privilege, the attorney work product

2   doctrine, and/or any other applicable privilege or immunity.  Otto Trucking further objects to this

3   Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims

4   *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for

5   Provisional Relief.  (Dkt. No. 464).  Otto Trucking objects to this Interrogatory as overly broad

6   and unduly burdensome to the extent it seeks "all communications."  Otto Trucking further objects

7   to this Interrogatory as vague and ambiguous, as the term "OTTO" is nowhere defined and is

8   therefore vague as to which entity "OTTO" refers.  Otto Trucking will respond as to "OTTO

9   TRUCKING."

10          Subject to and without waiving the foregoing objections, Otto Trucking responds as

11   follows:  as it pertains to Otto Trucking, information responsive to this Interrogatory can be found

12   at the document produced at UBER00016757 pursuant to Fed. R. Civ. P. 33(d).  Further,

13   information responsive to this Request is subject to the joint defense privilege, common interest

14   privilege, attorney-client privilege, and the attorney work-product doctrine, and have been logged

15   in privilege logs served on April 10, 2017 in Defendants' Privilege Log Associated with March

16   31, 2017 Production of Documents, on April 13, 2017 in Defendants' Supplemental Privilege Log

17   and Second Supplemental Privilege Log Associated with March 31, 2017 Production of

18   Documents, on April 27, 2017 in Defendants' Amended Second Supplemental Privilege Log

19   Associated with March 31, 2017 Production of Documents, on April 28, 2017 in Defendants'

20   Privilege Log Associated with March 31, 2017 Production of Documents, and on May 1, 2017 in

21   Defendants' Privilege Log Associated with March 31, 2017 Production of Documents.

22   **INTERROGATORY NO. 15:**

23          Identify all communications prior to August 18, 2016 between LEVANDOWSKI and

24   UBER REGARDING any consulting work performed by LEVANDOWSKI for UBER while

25   LEVANDOSKI [*sic*] was still employed by GOOGLE.

26   **RESPONSE TO INTERROGATORY NO. 15:**

27          Otto Trucking incorporates each of its general objections by reference.  Otto Trucking

28   further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret

6

misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks "all communications." Otto Trucking further objects to this Interrogatory to the extent that it seeks communications protected by the attorney client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows:  Otto Trucking does not have information responsive to Interrogatory No. 15.

**INTERROGATORY NO. 16:**

Identify all communications prior to August 18, 2016 between LEVANDOWSKI and UBER REGARDING LiDAR.

**RESPONSE TO INTERROGATORY NO. 16:**

Otto Trucking incorporates each of its general objections by reference.  Otto Trucking further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks "all communications."

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows:  Otto Trucking does not have information responsive to Interrogatory No. 16.

**INTERROGATORY NO. 17:**

Identify all communications prior to August 18, 2016 between LEVANDOWSKI and UBER REGARDING any GOOGLE DOCUMENTS or files in LEVANDOWSKI'S personal possession, or his downloading or taking any GOOGLE DOCUMENTS while employed at GOOGLE.

**RESPONSE TO INTERROGATORY NO. 17:**

Otto Trucking incorporates each of its general objections by reference.  Otto Trucking further objects to this Request to the extent that it seeks communications protected by the joint defense or common interest privilege.  Otto Trucking further objects to this Request to the extent

7

1   that it seeks communications protected by the attorney client privilege, the attorney work product

2   doctrine, and/or any other applicable privilege or immunity.  Otto Trucking further objects to this

3   Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims

4   *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for

5   Provisional Relief.  (Dkt. No. 464).  Otto Trucking objects to this Interrogatory as overly broad

6   and unduly burdensome to the extent it seeks "all communications."

7          Subject to and without waiving the foregoing objections, Otto Trucking responds as

8   follows:  as it pertains to Otto Trucking, information responsive to this Request is subject to the

9   joint defense privilege, common interest privilege, attorney-client privilege, and the attorney

10  work-product doctrine, and have been logged in privilege logs served on April 10, 2017 in

11  Defendants' Privilege Log Associated with March 31, 2017 Production of Documents, on April

12  13, 2017 in Defendants' Supplemental Privilege Log and Second Supplemental Privilege Log

13  Associated with March 31, 2017 Production of Documents, on April 27, 2017 in Defendants'

14  Amended Second Supplemental Privilege Log Associated with March 31, 2017 Production of

15  Documents, on April 28, 2017 in Defendants' Privilege Log Associated with March 31, 2017

16  Production of Documents, and on May 1, 2017 in Defendants' Privilege Log Associated with

17  March 31, 2017 Production of Documents.

18  **INTERROGATORY NO. 18:**

19         Identify all persons who at any time possessed the DUE DILIGENCE REPORT or its

20  exhibits, whether each of those persons still has the DUE DILIGENCE REPORT or any of its

21  exhibits, and if not, what happened to each of those copies of the DUE DILIGENCE REPORT or

22  any of its exhibits.

23  **RESPONSE TO INTERROGATORY NO. 18:**

24         Otto Trucking incorporates each of its general objections by reference.  Otto Trucking

25  further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret

26  misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in

27  Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking further objects to

28  this Interrogatory to the extent that it seeks communications protected by the attorney client

8

1  privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or

2  any other applicable privilege or immunity.

3       Subject to and without waiving the foregoing objections, Otto Trucking responds as

4  follows:  Otto Trucking's counsel at O'Melveny & Myers LLP had the DUE DILIGENCE

5  REPORT in their possession, custody, and control.

6  **INTERROGATORY NO. 19:**

7       Describe all attempts by YOU to obtain information or DOCUMENTS from O'Melveny &

8  Meyers responsive to the Court's March 16 Order and any WAYMO document requests served

9  prior to the Preliminary Injunction hearing.

10  **RESPONSE TO INTERROGATORY NO. 19:**

11       Otto Trucking incorporates each of its general objections by reference.  Otto Trucking

12  further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret

13  misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in

14  Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking further objects to

15  this Interrogatory to the extent that it seeks communications protected by the attorney client

16  privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or

17  any other applicable privilege or immunity.

18       Subject to and without waiving the foregoing objections, Otto Trucking responds as

19  follows:  Otto Trucking does not have non-privileged information responsive to Interrogatory No.

20  19.

21  **INTERROGATORY NO. 20:**

22       Identify all communications between UBER and John Gardner, or any other attorney

23  acting on behalf of LEVANDOWSKI prior to August 18, 2016.

24  **RESPONSE TO INTERROGATORY NO. 20:**

25       Otto Trucking incorporates each of its general objections by reference.  Otto Trucking

26  further objects to this Request to the extent that it seeks communications protected by the joint

27  defense or common interest privilege.  Otto Trucking further objects to this Request to the extent

28  that it seeks communications protected by the attorney client privilege, the attorney work product

9

1   doctrine, and/or any other applicable privilege or immunity.  Otto Trucking further objects to this

2   Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims

3   *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for

4   Provisional Relief.  (Dkt. No. 464).  Otto Trucking objects to this Interrogatory as overly broad

5   and unduly burdensome to the extent it seeks "all communications."

6           Subject to and without waiving the foregoing objections, Otto Trucking responds as

7   follows:  Information responsive to this Request is subject to the joint defense privilege, common

8   interest privilege, attorney-client privilege, and the attorney work-product doctrine, and have been

9   logged in privilege logs served on April 10, 2017 in Defendants' Privilege Log Associated with

10  March 31, 2017 Production of Documents, on April 13, 2017 in Defendants' Supplemental

11  Privilege Log and Second Supplemental Privilege Log Associated with March 31, 2017

12  Production of Documents, on April 27, 2017 in Defendants' Amended Privilege Log, Amended

13  Supplemental Privilege Log, and Amended Second Supplemental Privilege Log Associated with

14  March 31, 2017 Production of Documents, on April 28, 2017 in Defendants' Supplemental

15  Privilege Log and Third Supplemental Privilege Log Associated with March 31, 2017 Production

16  of Documents, on May 1, 2017 in Defendants' Privilege Log Associated with March 31, 2017

17  Production of Documents, and on May 22, 2017 in Uber Technologies, Inc. and Ottomotto, Inc.'s

18  Privilege Log 5.22.2017 (O'Melveny Myers LLP).

19

20

21

22

23

24

25

26

27

28

1   Dated:  June 9, 2017                   Respectfully submitted,

2

3                                   By: */s/ Neel Chatterjee*

4                                 Neel Chatterjee
                                 *nchatterjee@goodwinlaw.com*

5                               GOODWIN PROCTER LLP
                               135 Commonwealth Drive

6                               Menlo Park, California 94025
                               Tel.:  +1 650 752 3100

7                               Fax.:  +1 650 853 1038

8

9                               Brett Schuman
                               *bschuman@goodwinlaw.com*

10                             Rachel M. Walsh
                               *rwalsh@goodwinlaw.com*

11                             GOODWIN PROCTER LLP
                               Three Embarcadero Center

12                             San Francisco, California 94111
                               Tel.:  +1 415 733 6000

13                             Fax.:  +1 415 677 9041

14                             *Attorneys for Defendant*
                             OTTO TRUCKING LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF
EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)

## <u>CERTIFICATE OF SERVICE</u>

I, Rachel M. Walsh, declare as follows:

1.      I am of counsel at the law firm of Goodwin Procter, LLP, whose address is Three Embarcadero Center, San Francisco, CA 94111. I am over the age of eighteen and not a party to this action.

2.      On June 9, 2017, I caused the following document to be served on all counsel of record via electronic mail: Defendant Otto Trucking LLC's Objections and Responses to Plaintiff Waymo LLC's Second Set of Expedited Interrogatories Pursuant to Paragraph Six of the May 11, 2017 Preliminary Injunction Order.

3.      This document was transmitted via electronic mail to the addresses below, pursuant to the agreement between the parties, and the electronic mail transmission was reported as complete and without error.

| Recipient | Email Address: |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Charles K. Verhoeven (Bar No. 170151)<br>David A. Perlson (Bar No. 209502)<br>Melissa Baily (Bar No. 237649)<br>John Neukom (Bar No. 275887)<br>Jordan Jaffe (Bar No. 254886)<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4788<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 | QE-Waymo@quinnemanuel.com |
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>**MORRISON & FOERSTER LLP**<br>425 Market Street<br>San Francisco, CA 94105<br><br>Michelle Ching Youn Yang<br>**MORRISON FOERSTER LLP**<br>2000 Pennsylvania Avenue, NW | UberWaymoAttorneys@mofo.com |

| | |
|---|---|
| Washington, DC 20006<br><br>Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>Wendy Joy Ray<br>**MORRISON & FOERSTER LLP**<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017 | |
| Michael Darron Jay<br>**BOIES SCHILLER & FLEXNER LLP**<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401<br><br>Meredith Richardson Dearborn<br>**BOIES SCHILLER FLEXNER LLP**<br>435 Tasso Street<br>Suite 205<br>Palo Alto, CA 94301<br><br>Hamish Hume<br>Jessica E Phillips<br>Karen Leah Dunn<br>Kyle N. Smith<br>Martha Lea Goodman<br>**BOIES SCHILLER FLEXNER LLP**<br>1401 New York Ave., NW<br>Washington, DC 20005 | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| John L. Cooper<br>**Farella Braun + Martel LLP**<br>235 Montgomery Street<br>17th Floor<br>San Francisco, California 94104<br>415.954.4410<br>415.954.4480 | jcooper@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of June, 2017, in San Francisco, CA.

/s/ Rachel M. Walsh
Rachel M. Walsh
Attorneys for OTTO TRUCKING LLC

13

<u>**VERIFICATION**</u>

I, Rhian Morgan, declare that I have read a copy of Otto Trucking LLC's

OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO, LLC'S SECOND SET OF

EXPEDITED INTERROGATORIES and know its contents.

I am Secretary at Otto Trucking LLC, a party to this action, and am authorized to

make this verification for and on its behalf. I am informed and believe and on that basis state that

the responses provided therein are true and correct.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this _9_th day of June, 2017 in Pittsburgh, Pennsylvania.

Rhian Morgan

Secretary

Otto Trucking LLC

---

14