# EXHIBIT 18

Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.:  +1 650 752 3100
Fax.:  +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

*Attorneys for Defendant*
OTTO TRUCKING  LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., *et al.*, <br><br> Defendants. | Case No. 3:17-cv-00939-WHA <br><br> **DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF EXPEDITED REQUESTS FOR PRODUCTION** <br><br> Trial Date: October 10, 2017 |

PROPOUNDING PARTY: Plaintiff:  WAYMO LLC

RESPONDING PARTY: Defendant:  OTTO TRUCKING LLC

SET: Second Set of Expedited Requests for Production

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Otto Trucking LLC ("Otto Trucking") hereby provides objections and responses ("Objections" and "Responses") to Plaintiff Waymo LLC's ("Waymo") Second Set of Expedited Requests for Production (the "Requests") served by Waymo on Otto Trucking on May 26, 2017.

**PRELIMINARY STATEMENT**

Otto Trucking states that it is responding to the Requests to the best of its present ability. Otto Trucking has not completed its pre-trial research, investigation, or analysis of all the facts relating to this case, however, and has not completed its preparation for trial.  Accordingly, while these Responses are based upon appropriate investigation by Otto Trucking and its counsel, they reflect the current state of Otto Trucking's knowledge respecting the matters about which inquiry is made.  Thus, the information contained herein remains subject to further review, and, in making these Responses, Otto Trucking reserves the right to amend, supplement, and/or otherwise change its Responses to these Requests as further investigation and discovery may make appropriate in accordance with Otto Trucking's obligations under the Federal Rules of Civil Procedure. Furthermore, Otto Trucking has prepared these Responses based on its good faith interpretation and understanding of each individual Request, but Otto Trucking reserves its right to correct any errors or omissions.

Otto Trucking does not waive or intend to waive any objections that it may have regarding the use of any information provided, and Otto Trucking expressly reserves the rights to: (a) object to Plaintiff's use of any information provided on the ground of inadmissibility; and (b) object on any and all proper grounds, at any time, to any other discovery involving or relating to any information produced.  No incidental or implied admissions are intended by the Responses set forth herein.

These Responses are made solely for the purpose of this action.  Nothing herein shall be construed as an admission respecting the admissibility or the relevance of any facts, documents, or information, as an admission that documents or information exist, or as an admission as to the truth or accuracy of any characterization or assertion contained in any Request. Each Response is

1

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF EXPEDITED REQUESTS FOR PRODUCTION (CASE NO.: 3:17-CV-00939-WHA)

1  subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and
2  any and all other objections on grounds that would require the exclusion of any statement herein if
3  any of the Requests were asked of, or statements contained herein were made by, a witness present
4  and testifying in court, all of which objections and grounds are reserved and may be interposed at
5  the time of trial.

## GENERAL OBJECTIONS

1. Otto Trucking objects to the Requests to the extent it purports to impose any obligations upon Otto Trucking beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and any applicable orders of this Court, including the Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief.

2. Otto Trucking objects to the Requests on the grounds that they are overbroad and unduly burdensome, indefinite as to time and scope, call for information not relevant to any claim or defense in this litigation, and are not proportional to the needs of the case.

3. Otto Trucking objects to each and every Request to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense privilege, or any other privilege.  Plaintiff's discovery will not be construed to seek such information.  Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege or similar basis for non-disclosure.

4. Otto Trucking reserves the right to supplement or amend its responses if new or further information is obtained in accordance with Federal Rule of Civil Procedure 26(e).

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 10:**

All lab notebooks belonging to LiDAR personnel or associated with LiDAR workstations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Otto Trucking incorporates each of its general objections by reference.  Otto Trucking further objects to this Request as not "reasonably narrow" or relevant to its "trade secret

2

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF EXPEDITED REQUESTS FOR PRODUCTION (CASE NO.:  3:17-cv-00939-WHA)

1  misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in
2  Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464). Otto Trucking further objects to
3  this Request as vague and ambiguous, as to the terms "LiDAR personnel" and "LiDAR
4  workstations" are nowhere defined.

5  Subject to and without waiving the foregoing objections, Otto Trucking responds as
6  follows: Otto Trucking has not located any documents responsive to this Request in its
7  possession, custody, or control following a diligent search.

8  **REQUEST FOR PRODUCTION NO. 11:**

9  DOCUMENTS sufficient to show how the placement of FAC lenses on laser diodes is
10 performed.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

12 Otto Trucking incorporates each of its general objections by reference. Otto Trucking
13 further objects to this Request as not "reasonably narrow" or relevant to its "trade secret
14 misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in
15 Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464).

16 Subject to and without waiving the foregoing objections, Otto Trucking responds as
17 follows: Otto Trucking has not located any documents responsive to this Request in its
18 possession, custody, or control following a diligent search.

19 **REQUEST FOR PRODUCTION NO. 12:**

20 DOCUMENTS sufficient to show the design of any assembly tools for FAC lenses.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

22 Otto Trucking incorporates each of its general objections by reference. Otto Trucking
23 further objects to this Request as not "reasonably narrow" or relevant to its "trade secret
24 misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in
25 Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464). Otto Trucking further objects to
26 this Request as vague and ambiguous, as the term "assembly tools" is nowhere defined.

27 Subject to and without waiving the foregoing objections, Otto Trucking responds as
28

3

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF
EXPEDITED REQUESTS FOR PRODUCTION (CASE NO.: 3:17-CV-00939-WHA)

follows: Otto Trucking has not located any documents responsive to this Request in its possession, custody, or control following a diligent search.

**REQUEST FOR PRODUCTION NO. 13:**

All COMMUNICATIONS between Brian McClendon and LEVANDOWSKI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464). Otto Trucking objects to this Request as overly broad and unduly burdensome to the extent it seeks "[a]ll COMMUNICATIONS."

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Otto Trucking has not located any communications responsive to this Request in its possession, custody or control following a diligent search.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between Brian McClendon and any PERSON REGARDING OTTOMOTTO or OTTO TRUCKING before August 23, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464). Otto Trucking further objects to this Request to the extent it seeks information or materials not within Otto Trucking's possession, custody, or control.

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Otto Trucking has not located any communications responsive to this Request in its possession, custody or control following a diligent search.

4

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF EXPEDITED REQUESTS FOR PRODUCTION (CASE NO.: 3:17-cv-00939-WHA)

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between Travis Kalanick and LEVANDOWSKI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464). Otto Trucking objects to this Request as overly broad and unduly burdensome to the extent it seeks "[a]ll COMMUNICATIONS."

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Otto Trucking has not located any communications responsive to this Request in its possession, custody or control following a diligent search.

**REQUEST FOR PRODUCTION NO. 16:**

All COMMUNICATIONS between Travis Kalanick and any PERSON REGARDING LiDAR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464). Otto Trucking further objects to this Request to the extent it seeks information or materials not within Otto Trucking's possession, custody, or control. Otto Trucking further objects to this Request to the extent that it seeks communications protected by the attorney client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Otto Trucking has not located any communications responsive to this Request in its possession, custody or control following a diligent search.

5

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF EXPEDITED REQUESTS FOR PRODUCTION (CASE NO.: 3:17-CV-00939-WHA)

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS between Travis Kalanick and any PERSON REGARDING, LEVANDOWSKI, OTTOMOTTO or OTTO TRUCKING before August 23, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Otto Trucking incorporates each of its general objections by reference.  Otto Trucking further objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking further objects to this Request to the extent it seeks information or materials not within Otto Trucking's possession, custody, or control.  Otto Trucking further objects to this Request to the extent that it seeks communications protected by the attorney client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows:  Otto Trucking has not located any communications responsive to this Request in its possession, custody or control following a diligent search.

**REQUEST FOR PRODUCTION NO. 18:**

All invoices submitted to any DEFENDANT in connection with the March 4 Engagement Letter (Exhibit 3 to the May 8, 2017 Declaration of Eric A. Tate in Support of Defendants' Opposition to Waymo's Motion to Compel).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Otto Trucking incorporates each of its general objections by reference.  Otto Trucking further objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking further objects to this Request to the extent that it seeks communications protected by the attorney client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privilege or immunity.

6

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF EXPEDITED REQUESTS FOR PRODUCTION (CASE NO.:  3:17-CV-00939-WHA)

1    Subject to and without waiving the foregoing objections, Otto Trucking responds as
2  follows:  Otto Trucking has not located any documents or communications responsive to this
3  Request in its possession, custody or control following a diligent search.

4  **REQUEST FOR PRODUCTION NO. 19:**

5    All COMMUNICATIONS between any DEFENDANT and John Gardner.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

7    Otto Trucking incorporates each of its general objections by reference.  Otto Trucking
8  further objects to this Request to the extent that it seeks communications protected by the joint
9  defense or common interest privilege.  Otto Trucking further objects to this Request to the extent
10  that it seeks communications protected by the attorney client privilege, the attorney work product
11  doctrine, and/or any other applicable privilege or immunity.  Otto Trucking further objects to this
12  Request as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*,"
13  as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for
14  Provisional Relief.  (Dkt. No. 464).  Otto Trucking further objects to this Request to the extent it
15  seeks documents unrelated to any claims or defenses in this matter.  Otto Trucking objects to this
16  Request as overly broad and unduly burdensome to the extent it seeks "[a]ll
17  COMMUNICATIONS."

18    Subject to and without waiving the foregoing objections, Otto Trucking responds as
19  follows:  documents responsive to this Request are subject to the joint defense privilege, common
20  interest privilege, attorney-client privilege, and the attorney work-product doctrine, and have been
21  logged in privilege logs served on April 13, 2017 in Defendants' Supplemental Privilege Log
22  Associated with March 31, 2017 Production of Documents, on April 27, 2017 in Defendants'
23  Amended Supplemental Privilege Log Associated with March 31, 2017 Production of Documents,
24  on April 28, 2017 in Defendants' Privilege Log Associated with March 31, 2017 Production of
25  Documents, on May 1, 2017 in Defendants' Privilege Log Associated with March 31, 2017
26  Production of Documents, and on May 22, 2017 in Uber Technologies, Inc. and Ottomotto LLC's
27  Privilege Log 5.22.2017 (O'Melveny & Myers LLP).

28

7

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF
EXPEDITED REQUESTS FOR PRODUCTION (CASE NO.:  3:17-cv-00939-WHA)

1  **REQUEST FOR PRODUCTION NO. 20:**

2  All agreements and "software modules" identified in Sections 2.8, 2.10 and 2.15 of the
3  OTTOMOTTO DISCLOSURE SCHEDULES.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

5  Otto Trucking incorporates each of its general objections by reference.  Otto Trucking
6  further objects to this Request as not "reasonably narrow" or relevant to its "trade secret
7  misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in
8  Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).

9  Subject to and without waiving the foregoing objections, Otto Trucking responds as
10  follows:  Otto Trucking has not located any documents responsive to this Request in its
11  possession, custody, or control following a diligent search.

12  **REQUEST FOR PRODUCTION NO. 21:**

13  All agreements identified in Sections 2.10 and 2.15 of the OTTO TRUCKING
14  DISCLOSURE SCHEDULES.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16  Otto Trucking incorporates each of its general objections by reference.  Otto Trucking
17  further objects to this Request as not "reasonably narrow" or relevant to its "trade secret
18  misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in
19  Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).

20  Subject to and without waiving the foregoing objections, Otto Trucking responds as
21  follows:  Otto Trucking states that it has produced documents responsive to this Request.  Otto
22  Trucking will further produce indemnification agreements and restricted unit purchase agreements
23  responsive to this Request following a diligent search.

24  **REQUEST FOR PRODUCTION NO. 22:**

25  All agreements between TYTO and/or ODIN WAVE, on the one hand, and any
26  DEFENDANT or LEVANDOWSKI, on the other, and any disclosures, schedules, exhibits,
27  appendices, or attachments to such agreements.

28

8

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF EXPEDITED REQUESTS FOR PRODUCTION (CASE NO.:  3:17-CV-00939-WHA)

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

2   Otto Trucking incorporates each of its general objections by reference.  Otto Trucking
3   further objects to this Request as not "reasonably narrow" or relevant to its "trade secret
4   misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in
5   Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking objects to this
6   Request as overly broad and unduly burdensome to the extent it seeks "[a]ll agreements."

7   Subject to and without waiving the foregoing objections, Otto Trucking responds as
8   follows:  Otto Trucking has not located any agreements responsive to this Request in its
9   possession, custody or control following a diligent search.

10  **REQUEST FOR PRODUCTION NO. 23:**

11  All COMMUNICATIONS between any DEFENDANT and NALUX REGARDING FAC
12  lenses or LIDAR.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

14  Otto Trucking incorporates each of its general objections by reference.  Otto Trucking
15  further objects to this Request as not "reasonably narrow" or relevant to its "trade secret
16  misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in
17  Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking objects to this
18  Request as overly broad and unduly burdensome to the extent it seeks "[a]ll
19  COMMUNICATIONS."

20  Subject to and without waiving the foregoing objections, Otto Trucking responds as
21  follows:  Otto Trucking has not located any documents responsive to this Request in its
22  possession, custody or control following a diligent search.

23  **REQUEST FOR PRODUCTION NO. 24:**

24  All DOCUMENTS AND COMMUNICATIONS REGARDING any of
25  LEVANDOWSKI's past and present "Authorized Devices" (as that term is defined in
26  UBER00006444, Section 7), INCLUDING (without limitation) any request for approval in
27  connection with Section 7.2 or any de-authorization (whether contemplated or effectuated [*sic*])

28

9

under Section 7.3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464). Otto Trucking further objects to this Request to the extent that it seeks information protected by the attorney client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Otto Trucking has not located any documents or communications responsive to this Request in its possession, custody or control following a diligent search.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS REGARDING the satisfaction of conditions for closing in the ACQUISITION DOCUMENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464). Otto Trucking objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege and any other applicable privileges.

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Documents responsive to this Request are subject to the joint defense privilege, the common interest privilege, the attorney-client privilege, the attorney work-product doctrine, and have been logged in privilege logs served on April 13, 2017 in Defendants' Supplemental Privilege Log Associated with March 31, 2017 Production of Documents, on April 27, 2017 in

Defendants' Amended Supplemental Privilege Log Associated with March 31, 2017 Production of Documents, on April 28, 2017 in Defendants' Privilege Log Associated with March 31, 2017 Production of Documents, on May 1, 2017 in Defendants' Privilege Log Associated with March 31, 2017 Production of Documents, and on May 22, 2017 in Uber Technologies, Inc. and Ottomotto LLC's Privilege Log 5.22.2017 (O'Melveny & Myers LLP).

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS submitted REGARDING reaching Milestones to trigger payments set forth in LEVANDOWSKI'S employment agreement with UBER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriation claims *only*," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464).

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Otto Trucking will produce responsive, non-privileged documents in its possession, custody or control following a diligent search.

1    Dated: June 9, 2017                              Respectfully submitted,

2
                                                      By:  */s/ Neel Chatterjee*
3                                                         Neel Chatterjee (SBN 173985)
                                                          *nchatterjee@goodwinlaw.com*
4                                                         **GOODWIN PROCTER LLP**
                                                          135 Commonwealth Drive
5                                                         Menlo Park, California 94025-1105
                                                          Tel.:  +1 650 752 3100
6                                                         Fax.:  +1 650 853 1038

7                                                         Brett Schuman (SBN 189247)
                                                          *bschuman@goodwinlaw.com*
8                                                         Rachel M. Walsh (SBN 250568)
                                                          *rwalsh@goodwinlaw.com*
9                                                         **GOODWIN PROCTER LLP**
                                                          Three Embarcadero Center
10                                                        San Francisco, California 94111
                                                          Tel.: +1 415 733 6000
11                                                        Fax.: +1 415 677 9041

12                                                        *Attorneys for Defendant*
                                                          Otto Trucking LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            12

# CERTIFICATE OF SERVICE

I, Rachel M. Walsh, declare as follows:

1. I am of counsel at the law firm of Goodwin Procter, LLP, whose address is Three Embarcadero Center, San Francisco, CA 94111. I am over the age of eighteen and not a party to this action.

2. On June 9th, 2017, I caused the following document to be served on all counsel of record via electronic mail: Defendant Otto Trucking LLC's Objections and Responses to Plaintiff Waymo LLC's Second Set of Expedited Requests for Production Pursuant to Paragraph Six of the May 11, 2017 Preliminary Injunction Order.

3. This document was transmitted via electronic mail to the addresses below, pursuant to the agreement between the parties, and the electronic mail transmission was reported as complete and without error.

| Recipient | Email Address: |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Charles K. Verhoeven (Bar No. 170151)<br>David A. Perlson (Bar No. 209502)<br>Melissa Baily (Bar No. 237649)<br>John Neukom (Bar No. 275887)<br>Jordan Jaffe (Bar No. 254886)<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4788<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 | QE-Waymo@quinnemanuel.com |
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>**MORRISON & FOERSTER LLP**<br>425 Market Street<br>San Francisco, CA 94105<br><br>Michelle Ching Youn Yang<br>**MORRISON FOERSTER LLP**<br>2000 Pennsylvania Avenue, NW | UberWaymoAttorneys@mofo.com |

| | |
|---|---|
| Washington, DC 20006<br><br>Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>Wendy Joy Ray<br>**MORRISON & FOERSTER LLP**<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017 | |
| Michael Darron Jay<br>**BOIES SCHILLER & FLEXNER LLP**<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401<br><br>Meredith Richardson Dearborn<br>**BOIES SCHILLER FLEXNER LLP**<br>435 Tasso Street<br>Suite 205<br>Palo Alto, CA 94301<br><br>Hamish Hume<br>Jessica E Phillips<br>Karen Leah Dunn<br>Kyle N. Smith<br>Martha Lea Goodman<br>**BOIES SCHILLER FLEXNER LLP**<br>1401 New York Ave., NW<br>Washington, DC 20005 | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| John L. Cooper<br>**Farella Braun + Martel LLP**<br>235 Montgomery Street<br>17th Floor<br>San Francisco, California 94104<br>415.954.4410<br>415.954.4480 | jcooper@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of June, 2017, in San Francisco, CA.

　　　　　　　　　　　　　　　　　　*/s/ Rachel M. Walsh*
　　　　　　　　　　　　　　　　　　Rachel M. Walsh
　　　　　　　　　　　　　　　　　　Attorneys for OTTO TRUCKING LLC

14

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF EXPEDITED REQUESTS FOR PRODUCTION (CASE NO.: 3:17-cv-00939-WHA)