# EXHIBIT 19

Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California
Tel.: +1 650 752-3100
Fax.: +1 650 853-1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
Otto Trucking LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Waymo LLC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>　　　　　Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER** |

PROPOUNDING PARTY:　Plaintiff, WAYMO LLC

RESPONDING PARTY:　Defendant, OTTO TRUCKING LLC

SET NO.:　One

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Otto
2    Trucking LLC ("Otto Trucking") hereby submits its Objections and Responses ("Objections" and
3    "Responses") to Plaintiff, Waymo LLC's First Set of Expedited Requests for Production Pursuant
4    to Paragraph Six of May 11, 2017 Preliminary Injunction Order ("Requests") served by Waymo,
5    LLC ("Waymo") on May 23, 2017.

## PRELIMINARY STATEMENT

7    Otto Trucking states that it is responding to the Requests to the best of its present ability.
8    Otto Trucking has not completed its pre-trial research, investigation, or analysis of all the facts
9    relating to this case, however, and has not completed its preparation for trial.  Accordingly, while
10   these Responses are based upon appropriate investigation by Otto Trucking and its counsel, they
11   reflect the current state of Otto Trucking's knowledge respecting the matters about which inquiry
12   is made.  Thus, the information contained herein remains subject to further review, and, in making
13   these Responses, Otto Trucking reserves the right to amend, supplement, and/or otherwise change
14   its Responses to these Requests as further investigation and discovery may make appropriate in
15   accordance with Otto Trucking's obligations under the Federal Rules of Civil Procedure.
16   Furthermore, Otto Trucking has prepared these Responses based on its good faith interpretation
17   and understanding of each individual Request, but Otto Trucking reserves its right to correct any
18   errors or omissions.

19   Otto Trucking does not waive or intend to waive any objections that it may have regarding
20   the use of any information provided, and Otto Trucking expressly reserves the rights to: (a) object
21   to Plaintiff's use of any information provided on the ground of inadmissibility; and (b) object on
22   any and all proper grounds, at any time, to any other discovery involving or relating to any
23   information produced.  No incidental or implied admissions are intended by the Responses set
24   forth herein.

25   These Responses are made solely for the purpose of this action.  Nothing herein shall be
26   construed as an admission respecting the admissibility or the relevance of any facts, documents, or
27   information, as an admission that documents or information exist, or as an admission as to the

28
ACTIVE/91115282.4                                1
OTTO TRUCKING'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF
EXPEDITED REQUESTS FOR PRODUCTION                          CASE NO. 3:17-CV-00939

1  truth or accuracy of any characterization or assertion contained in any Request. Each Response is
2  subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and
3  any and all other objections on grounds that would require the exclusion of any statement herein if
4  any of the Requests were asked of, or statements contained herein were made by, a witness present
5  and testifying in court, all of which objections and grounds are reserved and may be interposed at
6  the time of trial.

## GENERAL OBJECTIONS

8  1. Otto Trucking objects to the Requests to the extent it purports to impose any
9  obligations upon Otto Trucking beyond those imposed by the Federal Rules of Civil Procedure,
10 the Local Rules of the United States District Court for the Northern District of California, and any
11 applicable orders of this Court, including the Order Granting in Part and Denying in Part
12 Plaintiff's Motion for Provisional Relief.

13 2. Otto Trucking objects to the Requests on the grounds that they are overbroad and
14 unduly burdensome, indefinite as to time and scope, call for information not relevant to any claim
15 or defense in this litigation, and are not proportional to the needs of the case.

16 3. Otto Trucking objects to each and every Request to the extent it seeks information
17 protected from discovery by the attorney-client privilege, the work product doctrine, the joint
18 defense privilege, or any other privilege. Plaintiff's discovery will not be construed to seek such
19 information. Inadvertent disclosure of privileged information is not intended to be, and may not
20 be construed as, a waiver of any applicable privilege or similar basis for non-disclosure.

21 4. Otto Trucking reserves the right to supplement or amend its responses if new or
22 further information is obtained in accordance with Fed. R. Civ. P. 26(e).

## RESPONSES TO DOUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between any DEEFENDANT AND GORILLA CIRCUITS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Otto Trucking objects to this Request as vague, ambiguous, overly broad, and neither

1  relevant, nor proportionate given the scope of this dispute to the extent it seeks information
2  relating to matters and/or issues that are beyond the scope of the allegations and causes of action
3  in the First Amended Complaint.
4  Subject to and without waiving the foregoing objections and the General Objections, Otto
5  Trucking responds as follows:  as it pertains to Otto Trucking, Otto Trucking has not located any
6  documents responsive to this Request following a diligent search.
7  **REQUEST FOR PRODUCTION NO. 2:**
8  All corporate formation documents for OTTMOTTO and OTTO TRUCKING,
9  INCLUDING without limitation the "Company LLC Agreement" and "Company's Organizational
10  Documents" referenced in the OTTOMOTTO MERGER AGREEMENT and the OTTO
11  TRUCKING MERGER AGREEMENT.
12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
13  Otto Trucking objects to this Request as not "reasonably narrow" or relevant to its "trade
14  secret misappropriate claims *only*" as required by the Court's Order Granting in Part and Denying
15  in Part Plaintiff's Motion for Provisional Relief (Dkt. No. 464).  Otto Trucking objects to this
16  Request to the extent it seeks documents protected by the attorney-client privilege, the attorney-
17  work product doctrine, the joint defense privilege and any other applicable privileges.  Otto
18  Trucking objects to this Request as overly broad and unduly burdensome to the extent it seeks
19  "all" documents.  Otto Trucking objects to the term "corporate formation documents" as vague
20  and not defined.
21  Subject to and without waiving the foregoing objections and the General Objections, Otto
22  Trucking responds as follows:  Otto Trucking states that it has produced documents responsive to
23  this request at OTTOTRUCKING00000001-3, OTTOTRUCKING00000005-19, and that
24  Defendant Uber Technologies, Inc. has produced documents at UBER00016757-16837 and
25  UBER00016974-16982 that are responsive to this Request.  Otto Trucking will produce additional
26  documents responsive to this Request.
27  **REQUEST FOR PRODUCTION NO. 3:**
28

1     All agreements between any founder or Equity holder of OTTOMOTTO or OTTO
2 TRUCKING, on the one hand, and any DEFENDANT, on the other.
3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
4     Otto Trucking objects to this Request as not "reasonably narrow" or relevant to its "trade
5 secret misappropriate claims *only*" as required by the Court's Order Granting in Part and Denying
6 in Part Plaintiff's Motion for Provisional Relief (Dkt. No. 464).  Otto Trucking objects to this
7 Request as overly broad and unduly burdensome to the extent it seeks "all" agreements.  Otto
8 Trucking objects to the term "agreements" as vague and not defined.
9     Subject to and without waiving the foregoing objections and the General Objections, Otto
10 Trucking responds as follows:  Otto Trucking states that it has produced documents responsive to
11 this request at OTTOTRUCKING00000001-3, OTTOTRUCKING00000005-19.  Otto Trucking
12 will produce agreements between Otto Trucking and the individuals on the list of equity holders
13 subject to the agreement reached with counsel.
14 **REQUEST FOR PRODUCTION NO. 4:**
15     All agreements between TYTO and/or ODIN WAVE, on the one hand, and any
16 DEFENDANT or LEVANDOWSKI on the other, and any disclosures, schedules, exhibits,
17 appendices, or attachments to such agreements.
18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
19     Otto Trucking objects to this Request as not "reasonably narrow" or relevant to its "trade
20 secret misappropriate claims *only*" as required by the Court's Order Granting in Part and Denying
21 in Part Plaintiff's Motion for Provisional Relief (Dkt. No. 464).  Otto Trucking objects to this
22 Request as overly broad and unduly burdensome to the extent it seeks "all" agreements.  Otto
23 Trucking objects to the term "agreements" as vague and not defined. Otto Trucking objects to this
24 Request to the extent that it seeks documents outside Otto Trucking's possession, custody, or
25 control, or that are in the possession of third parties.
26     Subject to and without waiving the foregoing objections and the General Objections, Otto
27 Trucking responds as follows: as it pertains to Otto Trucking, Otto Trucking has not located any
28

ACTIVE/91115282.4                    4
OTTO TRUCKING'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF
EXPEDITED REQUESTS FOR PRODUCTION                    CASE NO. 3:17-CV-00939

documents responsive to this Request following a diligent search.

**REQUEST FOR PRODUCTION NO. 5:**

All diligence DOCUMENTS provided by OTTOMOTTO or OTTO TRUCKING to UBER prior to August 5, 2016, INCLUDING any Data Room or Virtual Data Room.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Otto Trucking objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriate claims *only*" as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief (Dkt. No. 464). Otto Trucking objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege and any other applicable privileges. Otto Trucking objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents. Otto Trucking objects to the term "diligence documents" as vague and not defined.

Subject to and without waiving the foregoing objections and the General Objections, Otto Trucking responds as follows: as it pertains to Otto Trucking, Otto Trucking will produce non-privileged documents responsive to this request that are discovered after a reasonably diligent search and review.

**REQUEST FOR PRODUCTION NO. 6:**

Any electronic computing device (e.g., laptops, desktops, computers, mobile phones) used by or assigned to LEVANDOWSKI, IINCLUDING any personal computing device or any device issued by any DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Otto Trucking objects to the term "electronic computing device" as vague and not defined. Otto Trucking objects to this Request to the extent that it seeks documents outside Otto Trucking's possession, custody, or control, or that are in the possession of third parties.

Subject to and without waiving the foregoing objections and the General Objections, Otto Trucking responds as follows: as it pertains to Otto Trucking, Otto Trucking has not issued any

electronic computing devices to Levandowski, and does not have any electronic computing devices used by or assigned to Levandowski in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS REGARDING any "written consent" provided pursuant to Section 5.6 or 6.8 of the Agreement and Plan of Merger, dated April 11, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Otto Trucking objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriate claims *only*" as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief (Dkt. No. 464). Otto Trucking objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents. Otto Trucking objects to this Request as vague and ambiguous in its use of the term "'written consent' provided pursuant to Section 5.6 and 6.8 of the Agreement and Plan of Merger, dated April 11, 2016."

Subject to and without waiving the foregoing objections and the General Objections, Otto Trucking responds as follows: as it pertains to Otto Trucking, Otto Trucking has not located any documents responsive to this Request following a diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

All documents regarding potential or actual "Pre-Signing Bad Acts" as defined in the ACQUISITION DOCUMENTS, including by Levandowski.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Otto Trucking objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriate claims *only*" as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief (Dkt. No. 464). Otto Trucking objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege and any other applicable privileges. Otto Trucking objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents. Otto Trucking objects to the term "Pre-Signing Bad Acts" as vague and not

1  defined.

2  Subject to and without waiving the foregoing objections and the General Objections, Otto
3  Trucking responds as follows:  as it pertains to Otto Trucking, documents responsive to this
4  Request are subject to the attorney-client privilege, the attorney work-product doctrine, and joint
5  defense privileges, and have been logged in privilege logs served on April 13, 2017 in Defendants'
6  Supplemental Privilege Log Associated with March 31, 2017 Production of Documents, on April
7  27, 2017 in Defendants' Amended Supplemental Privilege Log Associated with March 31, 2017
8  Production of Documents, on April 28, 2017 in Defendants' Privilege Log Associated with March
9  31, 2017 Production of Documents, on May 1, 2017 in Defendants' Privilege Log Associated with
10 March 31, 2017 Production of Documents, and on May 22, 2017 in Uber Technologies, Inc. and
11 Ottomotto LLC's Privilege Log 5.22.2017 (O'Melveny & Myers LLP).

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS between UBER and OTTOMOTTO REGARDING any disclosures by OTTOMOTTO of a breach of representation or warranty or covenant in the Agreement and Plan of Merger, dated April 11, 2016, including whether OTTOMOTTO engaged any disclosures of whether OTTOMOTTO engaged in any "bad acts."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Otto Trucking objects to this Request as not "reasonably narrow" or relevant to its "trade secret misappropriate claims *only*" as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief (Dkt. No. 464).  Otto Trucking objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" communications.

Subject to and without waiving the foregoing objections and the General Objections, Otto Trucking responds as follows:  as it pertains to Otto Trucking, Otto Trucking states that it does not have any documents responsive to this Request following a diligent search.

| | | |
|---|---|---|
| 1 | Dated: June 5, 2017 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ Neel Chatterjee<br>    Neel Chatterjee (SBN 173985) |
| | | *nchatterjee@goodwinlaw.com* |
| 4 | | **GOODWIN PROCTER LLP** |
| | | 135 Commonwealth Drive |
| 5 | | Menlo Park, California |
| | | Tel.: +1 650 752-3100 |
| 6 | | Fax.: +1 650 853-1038 |
| | | Fax.: +1 617 523 1231 |
| 7 | | |
| | | Brett Schuman (SBN 189247) |
| 8 | | *bschuman@goodwinlaw.com* |
| | | Rachel M. Walsh (SBN 250568) |
| 9 | | *rwalsh@goodwinlaw.com* |
| | | **GOODWIN PROCTER LLP** |
| 10 | | Three Embarcadero Center |
| | | San Francisco, California 94111 |
| 11 | | Tel.: +1 415 733 6000 |
| | | Fax.: +1 415 677 9041 |
| 12 | | |
| | | *Attorneys for Defendant* |
| 13 | | *Otto Trucking LLC* |

# CERTIFICATE OF SERVICE

I, Rachel M. Walsh, declare as follows:

1.   I am of counsel at the law firm of Goodwin Procter, LLP, whose address is Three Embarcadero Center, San Francisco, CA 94111. I am over the age of eighteen and not a party to this action.

2.   On June 5th, 2017, I caused the following document to be served on all counsel of record via electronic mail: Defendant Otto Trucking LLC's Objections and Responses to Plaintiff Waymo LLC's First Set of Expedited Requests for Production Pursuant to Paragraph Six of the May 11, 2017 Preliminary Injunction Order.

3.   This document was transmitted via electronic mail to the addresses below, pursuant to the agreement between the parties, and the electronic mail transmission was reported as complete and without error.

| Recipient | Email Address: |
| --- | --- |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Charles K. Verhoeven (Bar No. 170151)<br>David A. Perlson (Bar No. 209502)<br>Melissa Baily (Bar No. 237649)<br>John Neukom (Bar No. 275887)<br>Jordan Jaffe (Bar No. 254886)<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4788<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 | QE-Waymo@quinnemanuel.com |
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>**MORRISON & FOERSTER LLP**<br>425 Market Street<br>San Francisco, CA 94105<br><br>Michelle Ching Youn Yang<br>**MORRISON FOERSTER LLP**<br>2000 Pennsylvania Avenue, NW | UberWaymoAttorneys@mofo.com |

| | |
|---|---|
| Washington, DC 20006<br><br>Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>Wendy Joy Ray<br>**MORRISON & FOERSTER LLP**<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017 | |
| Michael Darron Jay<br>**BOIES SCHILLER & FLEXNER LLP**<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401<br><br>Meredith Richardson Dearborn<br>**BOIES SCHILLER FLEXNER LLP**<br>435 Tasso Street<br>Suite 205<br>Palo Alto, CA 94301<br><br>Hamish Hume<br>Jessica E Phillips<br>Karen Leah Dunn<br>Kyle N. Smith<br>Martha Lea Goodman<br>**BOIES SCHILLER FLEXNER LLP**<br>1401 New York Ave., NW<br>Washington, DC 20005 | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| John L. Cooper<br>**Farella Braun + Martel LLP**<br>235 Montgomery Street<br>17th Floor<br>San Francisco, California 94104<br>415.954.4410<br>415.954.4480 | jcooper@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of June, 2017, at San Francisco, CA.

*/s/ Rachel M. Walsh*
Rachel M. Walsh
Attorneys for OTTO TRUCKING LLC

ACTIVE/91115282.4            10
OTTO TRUCKING'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF
EXPEDITED REQUESTS FOR PRODUCTION            CASE NO. 3:17-CV-00939