# EXHIBIT 21

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO, LLC; OTTO TRUCKING<br>LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-JCS<br><br>**PLAINTIFF WAYMO LLC'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**<br><br>Honorable William H. Alsup<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

## PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC,

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Waymo LLC ("Waymo") request that Defendants Uber Technologies, Inc. ("Uber"), Ottomotto, LLC ("Ottomotto"), and Otto Trucking LLC ("Otto Trucking" (collectively "Defendants"), produce for inspection and copying within thirty days (30) hereof the documents set forth below at the offices

01980-00104/9336283.1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

of Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor, San Francisco, California, 94111, or at a place and time as may be agreed to by counsel.

## DEFINITIONS

1.     "WAYMO" means Waymo LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and WAYMO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by WAYMO, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by WAYMO.

2.     "GOOGLE" means Google Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and GOOGLE's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by GOOGLE, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by GOOGLE.

3.     "UBER" means Uber Technologies, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and UBER's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by UBER, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by UBER.

4.     "OTTOMOTTO" means Ottomotto LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and OTTOMOTTO's affiliates, parents, divisions, joint ventures,

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities,

2  whether foreign or domestic, that are owned or controlled by OTTOMOTTO, and all predecessors

3  and successors in interest to such entities, and any entity owned in whole or in part by, affiliated

4  with, or controlled in whole or in part by OTTOMOTTO.   For the avoidance of doubt,

5  OTTOMOTTO includes all former names under which OTTOMOTTO operated, including

6  without limitation 280 Systems, Inc., 280 Systems, LLC, and Ottomotto, Inc.

7       5.     "OTTO TRUCKING" means Otto Trucking LLC and its officers, directors,

8  current and former employees, counsel, agents, consultants, representatives, and any other persons

9  acting on behalf of any of the foregoing, and OTTO TRUCKING's affiliates, parents, divisions,

10  joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any

11  other legal entities, whether foreign or domestic, that are owned or controlled by OTTO

12  TRUCKING, and all predecessors and successors in interest to such entities, and any entity owned

13  in whole or in part by, affiliated with, or controlled in whole or in part by OTTO TRUCKING.

14       6.     "DEFENDANTS" means UBER, OTTOMOTTO, and OTTO TRUCKING.

15       7.     "LEVANDOWSKI" means Anthony Levandowski.

16       8.     "FUJI" means each version or generation of the LIDAR system(s) DEFENDANTS

17  have identified by the name Fuji, including any "precursor" or related projects such as LIDAR 0

18  or Mr. Fast Lens.

19       9.     "SPIDER"   means   each   version   or   generation   of   the   LIDAR   system(s)

20  DEFENDANTS have identified by the name Spider.

21       10.    "OWL" means each version or generation of the LIDAR system(s) DEFENDANTS

22  have identified by the name Owl.

23       11.    "KSHIRSAGAR" means Sameer Kshirsagar.

24       12.    "RADUTA" means Radu Raduta.

25       1.     "MISAPPROPRIATED MATERIALS" refers to all GOOGLE and WAYMO

26  DOCUMENTS and materials, whether digital or physical, and regardless of the manner stored, for

27  which any current or former employee of DEFENDANTS retained possession, without

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

authorization of either GOOGLE or WAYMO, after the employee ended his or her employment with GOOGLE/WAYMO.  Without limitation, MISAPPROPRIATED MATERIALS includes at least: (i) each of the more than 14,000 digital files downloaded by LEVANDOWSKI on or about December 11, 2015 from the SVN repository; (ii) each file copied by LEVANDOWSKI from his GOOGLE laptop to an RDF5 USB 3.0 card reader on or about December 14, 2015; (iii) each of the five files that were exported by LEVANDOWSKI from Google Drive to a personal device on or about January 4, 2016; (iv) the file exported by LEVANDOWSKI from Google Drive to a personal device on or about January 11, 2016; (v) the file that was exported by LEVANDOWSKI from Google Drive to a personal device on or about November 19, 2016; (vi) the file that was exported by LEVANDOWSKI from Google Drive to a personal device on or about November 4, 2016; each of the five files that were exported by KSHIRSAGAR from Google Drive in or around June and July 2016; (vii) each of the three files that were exported by RADUTA from Google Drive on or around July 28, 2016.

13.   "LiDAR" means Light Detection and Ranging.

14.   "ASSERTED PATENTS" means U.S. Patent Nos. 8,836,922; 9,368,936; 9,285,464; and 9,086,273.

15.   "PCB" means printed circuit board.

16.   "DOCUMENTS" shall INCLUDE, without limitation, all written, graphic or otherwise recorded material, INCLUDING without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, INCLUDING e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, INCLUDING by the addition of handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically INCLUDES information stored in a computer database and capable of being generated in documentary form, such as electronic mail, text messages (i.e., SMS messages), other electronic messages including messages sent or received via Slack, WhatsApp, Google Hangouts, Facebook Messenger, and the like.

17.   "COMMUNICATIONS" shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

18.   "THING" means any tangible object, other than a DOCUMENT.

19.   "PERSON" means to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.  The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

20.   "REGARDING" shall mean relating to, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

21.   "INCLUDE" and "INCLUDING" shall mean including without limitation.

22.   Use of the singular also INCLUDES the plural and vice-versa.

23.   The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests for Production.

24.   The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

01980-00104/9336283.1

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

25.     The term "any" shall include "all" and "all" shall include "any."

## INSTRUCTIONS

The following instructions shall apply to each of the Requests herein:

1.     In answering the following Requests, furnish all available information, including information in the possession, custody or control of any of DEFENDANTS' attorneys, directors, officers, agents, employees, representatives, associates, investigators, divisions, affiliates, partnerships, parents, subsidiaries and PERSONS under DEFENDANTS' control, who have the best knowledge, not merely information known to DEFENDANTS based on DEFENDANTS own personal knowledge.  If DEFENDANTS cannot fully respond to the following Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Request that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Request cannot be answered fully and completely; and state what knowledge, information or belief DEFENDANTS have concerning the unanswered portion of any such Request.

2.     All documents must be produced in accordance with the requirements of Federal Rule of Civil Procedure 34(b).

3.     Electronic records and computerized information shall be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4.     Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document can be determined.

5.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

01980-00104/9336283.1

6

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

6.      Documents attached to each other shall not be separated. All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

7.      If DEFENDANTS' response to a particular Request is a statement that DEFENDANTS lack the ability to comply with that Request, DEFENDANTS shall specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer in DEFENDANTS' possession, custody or control, in which case DEFENDANTS shall identify the name and address of any person or entity known or believed by DEFENDANTS to have possession, custody or control of that information or category of information.

8.      DEFENDANTS' obligation to respond to these Requests is continuing, and their responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 153:**

All DOCUMENTS and COMMUNICATIONS REGARDING the Project Chauffeur Bonus Program.

**REQUEST FOR PRODUCTION NO. 154:**

All agreements between any DEFENDANT and Nevada ATCF LLC.

**REQUEST FOR PRODUCTION NO. 155:**

All DOCUMENTS and COMMUNICATIONS REGARDING any agreements between any DEFENDANT and Nevada ATCF LLC.

**REQUEST FOR PRODUCTION NO. 156:**

All COMMUNICATIONS between LEVANDOWSKI and any PERSON (INCLUDING DEFENDANTS) REGARDING Nevada ATCF LLC.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 157:**

DOCUMENTS sufficient to show the reasons behind DEFENDANTS' and/or OTTO TRUCKING's decision not to deploy self-driving trucks in Texas.

**REQUEST FOR PRODUCTION NO. 158:**

DOCUMENTS sufficient to show DEFENDANTS' past, present, and future plans to test self-driving trucks in any state, INCLUDING (without limitation) Ohio, Nevada, Texas, Colorado, Pennsylvania, Arizona, and California.

**REQUEST FOR PRODUCTION NO. 159:**

DOCUMENTS sufficient to show the total number of miles DEFENDANTS' self-driving trucks have traveled each month in each state, broken out by month and by state.

**REQUEST FOR PRODUCTION NO. 160:**

DOCUMENTS sufficient to show DEFENDANTS' past, present, and future plans to test self-driving trucks in any state, INCLUDING (without limitation) Ohio, Nevada, Texas, Colorado, Pennsylvania, Arizona, and California.

**REQUEST FOR PRODUCTION NO. 161:**

All DOCUMENTS and COMMUNICATIONS REGARDING the naming of FUJI.

**REQUEST FOR PRODUCTION NO. 162:**

All DOCUMENTS and COMMUNICATIONS REGARDING the naming of SPIDER.

**REQUEST FOR PRODUCTION NO. 163:**

All DOCUMENTS and COMMUNICATIONS REGARDING the naming of OWL.

**REQUEST FOR PRODUCTION NO. 164:**

All COMMUNICATIONS between Brian McClendon and any PERSON REGARDING LiDAR, OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSI.

**REQUEST FOR PRODUCTION NO. 165:**

All COMMUNICATIONS between Travis Kalanick and any PERSON REGARDING LiDAR, OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSI.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   **REQUEST FOR PRODUCTION NO. 166:**

2       All COMMUNICATIONS between John Bares and any PERSON REGARDING

3   OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSI.

4   **REQUEST FOR PRODUCTION NO. 167:**

5       All COMMUNICATIONS between Cameron Poetzscher and any PERSON REGARDING

6   LiDAR, OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSI.

7   **REQUEST FOR PRODUCTION NO. 168:**

8       All minutes of meetings of any of DEFENDANTS' Board of Directors, or any committee

9   thereof, during which LiDAR was discussed.

10   **REQUEST FOR PRODUCTION NO. 169:**

11       All minutes of meetings of UBER's Board of Directors, or any committee thereof, during

12   which OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSKI was discussed.

13   **REQUEST FOR PRODUCTION NO. 170:**

14       All DOCUMENTS REGARDING LiDAR that were prepared for or received by any of

15   DEFENDANTS' Board of Directors, or any committee thereof.

16   **REQUEST FOR PRODUCTION NO. 171:**

17       All DOCUMENTS REGARDING OTTOMOTTO, OTTO TRUCKING, or

18   LEVANDOWSKI that were prepared for or received by UBER's Board of Directors, or any

19   committee thereof.

20   **REQUEST FOR PRODUCTION NO. 172:**

21       All roadmaps, timelines, and development schedules REGARDING LiDAR.

22   **REQUEST FOR PRODUCTION NO. 173:**

23       All roadmaps, timelines, and development schedules REGARDING self-driving vehicles.

24   **REQUEST FOR PRODUCTION NO. 174:**

25       All forecasts, market analyses, or market projects REGARDING self-driving vehicles.

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   **REQUEST FOR PRODUCTION NO. 175:**

2       DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

3   DEFENDANTS comprising ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4   **REQUEST FOR PRODUCTION NO. 176:**

5       DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

6   DEFENDANTS comprising a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7   ▮▮▮▮▮▮▮▮▮▮.

8   **REQUEST FOR PRODUCTION NO. 177:**

9       DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

10   DEFENDANTS comprising a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12   **REQUEST FOR PRODUCTION NO. 178:**

13       DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

14   DEFENDANTS comprising a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16   **REQUEST FOR PRODUCTION NO. 179:**

17       DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

18   DEFENDANTS comprising ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19   ▮▮▮▮▮▮▮

20   **REQUEST FOR PRODUCTION NO. 180:**

21       DOCUMENTS sufficient to show the distribution of laser diode positions and orientations

22   for transmit blocks in all LiDAR designs considered or implemented by DEFENDANTS.

23   **REQUEST FOR PRODUCTION NO. 181:**

24       DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

25   DEFENDANTS comprising a LiDAR transmit block with ▮▮▮▮▮▮▮▮▮▮▮▮

26   ▮▮▮▮B.

27

28

01980-00104/9336283.1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  **REQUEST FOR PRODUCTION NO. 182:**

2      All DOCUMENTS and COMMUNICATIONS REGARDING the design history of FUJI's

3  use of a LiDAR transmit block with █████████████████████████████████████.

4  **REQUEST FOR PRODUCTION NO. 183:**

5      DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

6  DEFENDANTS comprising a LiDAR transmit block, with ████████████████████████

7  ██████████████████.

8  **REQUEST FOR PRODUCTION NO. 184:**

9      DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

10  DEFENDANTS comprising a LiDAR transmit block with ████████████████████████

11  ████████████████████████████████████████████████████████████████████████

12  ██████████████████████████.

13  **REQUEST FOR PRODUCTION NO. 185:**

14      DOCUMENTS sufficient to show any manufacturing process for a large fast-axis

15  collimating lens assembly considered or implemented by DEFENDANTS.

16  **REQUEST FOR PRODUCTION NO. 186:**

17      DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

18  DEFENDANTS comprising ██████████████████████████████████████████████████

19  ██████████████████████████████████.

20  **REQUEST FOR PRODUCTION NO. 187:**

21      DOCUMENTS sufficient to show the azimuth angles for a multi-PCB transmit block in

22  any LiDAR system considered or implemented by DEFENDANTS.

23  **REQUEST FOR PRODUCTION NO. 188:**

24      DOCUMENTS sufficient to show any techniques for ████████████████████████

25  ██████████████████████████████████████████████████████████████████████████

26  █████████████████ considered or implemented by DEFENDANTS.

27

28  01980-00104/9336283.1



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   **REQUEST FOR PRODUCTION NO. 189:**

2   DOCUMENTS sufficient to show any techniques for ███████████████

3   ████████████████████████████████████████████████

4   ██████ considered or implemented by DEFENDANTS.

5   **REQUEST FOR PRODUCTION NO. 190:**

6   DOCUMENTS sufficient to show any techniques for ███████████████

7   ██████████████████████ in all LiDAR designs considered or implemented by

8   DEFENDANTS.

9   **REQUEST FOR PRODUCTION NO. 191:**

10   DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

11   DEFENDANTS comprising the use of ████████████████████████████

12   ████████████████████████████████.

13   **REQUEST FOR PRODUCTION NO. 192:**

14   DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

15   DEFENDANTS comprising ████████████████████████████████

16   ████████████.

17   **REQUEST FOR PRODUCTION NO. 193:**

18   DOCUMENTS sufficient to show any techniques ████████████████████

19   ████████████ considered or implemented by DEFENDANTS.

20   **REQUEST FOR PRODUCTION NO. 194:**

21   DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

22   DEFENDANTS comprising the use of ████████████████████████████

23   ████████████████████████████████.

24   **REQUEST FOR PRODUCTION NO. 195:**

25   DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

26   DEFENDANTS comprising the use of ████████████████████████████

27   ████████████████████.

28   01980-00104/9336283.1

PLAINTIFF WAYMO'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

1  **REQUEST FOR PRODUCTION NO. 196:**

2  DOCUMENTS sufficient to show the ███████████████████████

3  ████████████████████████████████████████████████████████.

4  **REQUEST FOR PRODUCTION NO. 197:**

5  DOCUMENTS sufficient to show the ███████████████████████

6  ██████████████████████████████████████████████████████████

7  ████████

8  **REQUEST FOR PRODUCTION NO. 198:**

9  DOCUMENTS sufficient to show the ███████████████████████

10 ████████████████████████████████████████████████████████████

11 ████████████

12 **REQUEST FOR PRODUCTION NO. 199:**

13 DOCUMENTS sufficient to show the ███████████████████████

14 ████████████████████████████████████████████████████████████.

15 **REQUEST FOR PRODUCTION NO. 200:**

16 DOCUMENTS sufficient to show all self-driving car test scenarios that informed, drove,

17 or influenced any LiDAR design considered or implemented by DEFENDANTS.

18 **REQUEST FOR PRODUCTION NO. 201:**

19 DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

20 DEFENDANTS configured ██████████████████████████████████

21 **REQUEST FOR PRODUCTION NO. 202:**

22 DOCUMENTS sufficient to show DEFENDANTS' use of the idea of designing a LiDAR

23 system ████████████████████████████████████████.

24 **REQUEST FOR PRODUCTION NO. 203:**

25 DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

26 DEFENDANTS configured to ██████████████████████████████████

27 ████████████

28 01980-00104/9336283.1

PLAINTIFF WAYMO'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 204:**

DOCUMENTS sufficient to show all LiDAR designs considered or implemented by DEFENDANTS configured ███████████████████████████████████████████ ████████████████████████

**REQUEST FOR PRODUCTION NO. 205:**

DOCUMENTS sufficient to show the vertical resolution profile of any LiDAR design considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 206:**

DOCUMENTS sufficient to show the horizontal resolution specifications of any LiDAR design considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 207:**

DOCUMENTS sufficient to show the peak vertical resolution specifications of any LiDAR design considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 208:**

DOCUMENTS sufficient to show the range specifications for ██████████████ ███████████ of any LiDAR design considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 209:**

DOCUMENTS sufficient to show the range specifications for ██████████████ ███████████ of any LiDAR design considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 210:**

DOCUMENTS sufficient to show the vertical field of view specifications for all 64-beam LiDAR designs considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 211:**

DOCUMENTS sufficient to show all LiDAR designs considered or implemented by DEFENDANTS comprising a ████████████████████████████████ ███████████████████████████████████████████ ████████████████████.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    **REQUEST FOR PRODUCTION NO. 212:**

2           DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

3    DEFENDANTS comprising a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4    ▮▮▮▮▮▮▮▮

5    **REQUEST FOR PRODUCTION NO. 213:**

6           DOCUMENTS sufficient to show any techniques for ▮▮▮▮▮▮▮▮▮▮▮▮

7    ▮▮▮▮▮ considered or implemented by DEFENDANTS.

8    **REQUEST FOR PRODUCTION NO. 214:**

9           DOCUMENTS sufficient to show any techniques for ▮▮▮▮▮▮▮▮▮▮▮▮

10   ▮▮▮▮▮▮▮ considered or implemented by DEFENDANTS in a LiDAR design.

11   **REQUEST FOR PRODUCTION NO. 215:**

12          DOCUMENTS sufficient to show any techniques for ▮▮▮▮▮▮▮▮▮▮▮▮

13   ▮▮▮▮ considered or implemented by DEFENDANTS in a LiDAR design.

14   **REQUEST FOR PRODUCTION NO. 216:**

15          DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

16   DEFENDANTS comprising ▮▮▮▮▮▮▮.

17   **REQUEST FOR PRODUCTION NO. 217:**

18          DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

19   DEFENDANTS comprising ▮▮▮▮▮▮▮▮.

20   **REQUEST FOR PRODUCTION NO. 218:**

21          DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

22   DEFENDANTS comprising ▮▮▮▮▮▮▮▮.

23   **REQUEST FOR PRODUCTION NO. 219:**

24          DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

25   DEFENDANTS comprising ▮▮▮▮▮▮▮▮▮▮▮▮

26   ▮▮▮▮▮▮▮▮▮▮▮

27

28   01980-00104/9336283.1

PLAINTIFF WAYMO'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    **REQUEST FOR PRODUCTION NO. 220:**

2            DOCUMENTS sufficient to show any technique for ████████████████

3    ████████████████████████ considered or implemented by DEFENDANTS in a

4    LiDAR design.

5    **REQUEST FOR PRODUCTION NO. 221:**

6            DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

7    DEFENDANTS comprising ████████████████████████████████.

8    **REQUEST FOR PRODUCTION NO. 222:**

9            DOCUMENTS sufficient to show all software for ████████████████████

10   ████████████████ considered or implemented by DEFENDANTS in any LiDAR design.

11   **REQUEST FOR PRODUCTION NO. 223:**

12           DOCUMENTS sufficient to show the ████████████████████████

13   considered or implemented by DEFENDANTS in any LiDAR design to ████████████████

14   ████████████████████████████.

15   **REQUEST FOR PRODUCTION NO. 224:**

16           DOCUMENTS sufficient to show the ████████████████████████████

17   considered or implemented by DEFENDANTS in any LiDAR design to ████████████████

18   ████████████████

19   **REQUEST FOR PRODUCTION NO. 225:**

20           DOCUMENTS sufficient to show the ████████████████████████████████

21   considered or implemented by DEFENDANTS in any LiDAR design to ████████████████

22   ████████████████████████████es.

23   **REQUEST FOR PRODUCTION NO. 226:**

24           DOCUMENTS sufficient to show the vertical resolution specifications of any LiDAR

25   design considered or implemented by DEFENDANTS.

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 227:**

DOCUMENTS sufficient to show the horizontal field of view specifications of any LiDAR design considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 228:**

DOCUMENTS sufficient to show the update-rate specifications of any LiDAR design considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 229:**

DOCUMENTS sufficient to show the beam divergence specifications of any LiDAR design considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 230:**

DOCUMENTS sufficient to show all LiDAR designs considered or implemented by DEFENDANTS comprising ███████████████████████████████████████
███████████████████.

**REQUEST FOR PRODUCTION NO. 231:**

DOCUMENTS sufficient to show all LiDAR designs considered or implemented by DEFENDANTS comprising ███████████████████████████████████████
██████████.

**REQUEST FOR PRODUCTION NO. 232:**

DOCUMENTS sufficient to show all LiDAR designs considered or implemented by DEFENDANTS comprising ██████████████████████.

**REQUEST FOR PRODUCTION NO. 233:**

DOCUMENTS sufficient to show all LiDAR designs considered or implemented by DEFENDANTS comprising ████████████████████████████████
████████.

**REQUEST FOR PRODUCTION NO. 234:**

DOCUMENTS sufficient to show all LiDAR designs considered or implemented by DEFENDANTS comprising ██████████████████████████████████

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  ████████████████████████████████████████████████████████

2  ███████████████████████████████████████████████████████.

3  **REQUEST FOR PRODUCTION NO. 235:**

4        DOCUMENTS sufficient to show all LiDAR designs considered or implemented by

5  DEFENDANTS comprising ███████████████████████████████████

6  ████████████████████████████████████████████████████████

7  ███████████████████████████████████████████████████████.

8  **REQUEST FOR PRODUCTION NO. 236:**

9        DOCUMENTS sufficient to show ████████████████████████████

10 ████████████████████████████████████████████████████████

11 █████████████████████.

12 **REQUEST FOR PRODUCTION NO. 237:**

13       DOCUMENTS sufficient to show any sequence of steps for assembling LiDAR units

14 considered or implemented by DEFENDANTS.

15 **REQUEST FOR PRODUCTION NO. 238:**

16       DOCUMENTS sufficient to show any sequence of steps for assembling LiDAR motor

17 components considered or implemented by DEFENDANTS.

18 **REQUEST FOR PRODUCTION NO. 239:**

19       DOCUMENTS sufficient to show any sequence of steps for assembling LiDAR transmit

20 components considered or implemented by DEFENDANTS.

21 **REQUEST FOR PRODUCTION NO. 240:**

22       DOCUMENTS sufficient to show any sequence of steps for assembling LiDAR receive

23 components considered or implemented by DEFENDANTS.

24 **REQUEST FOR PRODUCTION NO. 241:**

25       DOCUMENTS sufficient to show any sequence of steps for assembly of LiDAR optical

26 cavity components considered or implemented by DEFENDANTS.

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 242:**

DOCUMENTS sufficient to show any sequence of steps for LiDAR calibration considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 243:**

DOCUMENTS sufficient to show any techniques for thermal calibration for a LiDAR system's photodetectors considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 244:**

DOCUMENTS sufficient to show any techniques for mirror angle calibration for a LiDAR system considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 245:**

DOCUMENTS sufficient to show any techniques for walk calibration for a LiDAR system considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 246:**

DOCUMENTS sufficient to show any instructions for transmit and receive alignment and tuning of a LiDAR system considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 247:**

DOCUMENTS sufficient to show any instructions for calibrating the intensity of a LiDAR system considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 248:**

DOCUMENTS sufficient to show any instructions for running extrinsic calibration of a LiDAR system considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 249:**

DOCUMENTS sufficient to show any techniques for thermal rotary coupling in a LiDAR system considered or implemented by DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 250:**

DOCUMENTS sufficient to show any techniques for amplifying a fiber laser in a LiDAR system considered or implemented by DEFENDANTS.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    **REQUEST FOR PRODUCTION NO. 251:**

2        DOCUMENTS sufficient to show all materials used for amplifying a fiber laser in a

3    LiDAR system considered or implemented by DEFENDANTS.

4    **REQUEST FOR PRODUCTION NO. 252:**

5        DOCUMENTS sufficient to show all PCB design schematics for LiDAR transmit boards

6    considered or implemented by DEFENDANTS.

7    **REQUEST FOR PRODUCTION NO. 253:**

8        DOCUMENTS sufficient to show all PCB design schematics for LiDAR receive boards

9    considered or implemented by DEFENDANTS.

10   **REQUEST FOR PRODUCTION NO. 254:**

11       DOCUMENTS sufficient to show all design schematics for LiDAR rotary coupling boards

12   considered or implemented by DEFENDANTS.

13   **REQUEST FOR PRODUCTION NO. 255:**

14       DOCUMENTS sufficient to show all PCB design schematics for LiDAR motor boards

15   considered or implemented by DEFENDANTS.

16   **REQUEST FOR PRODUCTION NO. 256:**

17       DOCUMENTS sufficient to show all PCB design schematics for radar sensors considered

18   or implemented by DEFENDANTS.

19   **REQUEST FOR PRODUCTION NO. 257:**

20       DOCUMENTS sufficient to show DEFENDANTS' consideration or implementation of a

21   128 channel LiDAR system.

22   **REQUEST FOR PRODUCTION NO. 258:**

23       DOCUMENTS sufficient to show DEFENDANTS' consideration or implementation of a

24   ▮▮▮▮▮▮ LiDAR system.

25   **REQUEST FOR PRODUCTION NO. 259:**

26       DOCUMENTS sufficient to show DEFENDANTS' consideration or implementation of a

27   ▮▮▮▮▮▮▮▮▮▮▮▮

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  **REQUEST FOR PRODUCTION NO. 260:**

2       DOCUMENTS sufficient to show DEFENDANTS' consideration or implementation of a

3  ██████████████████████ LiDAR system.

4  **REQUEST FOR PRODUCTION NO. 261:**

5       DOCUMENTS sufficient to show DEFENDANTS' consideration or implementation of

6  using ████████████████████████████ in a LiDAR system.

7  **REQUEST FOR PRODUCTION NO. 262:**

8       DOCUMENTS sufficient to show DEFENDANTS' consideration or implementation of a

9  LiDAR design using ████████████████████.

10  **REQUEST FOR PRODUCTION NO. 263:**

11       DOCUMENTS sufficient to show DEFENDANTS' consideration or implementation of a

12  LiDAR design using ████████████████.

13  **REQUEST FOR PRODUCTION NO. 264:**

14       DOCUMENTS sufficient to show DEFENDANTS' consideration or implementation of a

15  LiDAR design having ████████████████████.

16  **REQUEST FOR PRODUCTION NO. 265:**

17       DOCUMENTS sufficient to show DEFENDANTS' consideration or implementation of

18  LiDAR designs with ████████████████.

19

20

21  DATED: May 31, 2017                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP
22

23

24                                    By:  */s/ Charles K. Verhoeven*
                                           Charles K. Verhoeven
25                                         Attorneys for Plaintiff WAYMO LLC.

26

27

28  01980-00104/9336283.1

PLAINTIFF WAYMO'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## PROOF OF SERVICE

I, James D. Judah, am employed in the County of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 50 California Street, 22nd Floor, San Francisco, California  94111-4788.

On May 31, 2017, I served true copies of the following document(s) described as "Plaintiff's Third Set of Requests for Production to Defendants Uber Technologies, Inc.; Ottomotto, LLC; and Otto Trucking LLC" on the interested parties in this action as follows:

| Recipient | Email Address: |
| --- | --- |
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105 | UberWaymo@mofo.com |
| Michelle Ching Youn Yang<br>MORRISON FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006 | |
| Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304 | |
| Wendy Joy Ray<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017 | |
| Michael Darron Jay<br>BOIES SCHILLER & FLEXNER LLP<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401 | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| Meredith Richardson Dearborn<br>BOIES SCHILLER FLEXNER | |

01980-00104/9336283.1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

LLP
435 Tasso Street
Suite 205
Palo Alto, CA 94301

Hamish Hume
Jessica E Phillips
Karen Leah Dunn
Kyle N. Smith
Martha Lea Goodman
BOIES SCHILLER FLEXNER
LLP
1401 New York Ave., NW
Washington, DC 20005
I. Neel Chatterjee (SBN 173985)        nchatterjee@goodwinlaw.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: +1 650 752 3100
Fax: +1 650 853 1038
Brett M. Schuman (SBN 189247)        bschuman@goodwinlaw.com
Shane Brun (SBN 179079)              sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)         rwalsh@goodwinlaw.com
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

**BY ELECTRONIC MAIL TRANSMISSION:** by electronic mail transmission from

jamesjudah@quinnemanuel.com on May 31, 2017, by transmitting a PDF format copy of such

document(s) to each such person at the e mail address listed above.  The document(s) was/were

transmitted by electronic transmission and such transmission was reported as complete and

without error.

        Executed on May 31, 2017, at San Francisco, California.


                    ___*/s/ James D. Judah*_____
                    James D. Judah

01980-00104/9336283.1