# EXHIBIT 1B

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 147-162)**<br><br>Trial Date: October 2, 2017 |

1  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Uber
2  Technologies, Inc. and Ottomotto LLC (collectively "Defendants") request that Plaintiff Waymo
3  LLC ("Waymo") respond to Defendants' First Set of Requests for Production of Documents (the
4  "Requests").  Defendants request that Waymo produce for inspection and copying the documents
5  and things set forth below at the offices of Morrison & Foerster LLP, 425 Market Street, San
6  Francisco, CA 94105-2482, within thirty (30) days, or such other time as the parties agree or the
7  Court orders.

**DEFINITIONS**

9  The words and phrases used in these Requests shall have the meanings ascribed to them
10 under the Federal Rules of Civil Procedure and the Local Rules of the United States District
11 Court for the Northern District of California.  In addition, the following terms shall have the
12 meanings set forth below whenever used in any Request.
13 The following definitions apply to the instructions and requests below, regardless of
14 whether upper or lower case letters are used for the defined terms, and are incorporated into each
15 instruction and request as if fully set forth therein:
16 1. "Action" and "this Action" shall mean *Waymo LLC vs. Uber Technologies, Inc.,*
17 *Ottomotto LLC, and Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA, pending in the United
18 States District Court for the Northern District of California.
19 2. "Alleged Waymo Trade Secret(s)" shall mean the last bullet point paragraph
20 (beginning with the text: "The trade secret claimed is . . . .") in each numbered section of
21 Plaintiff's List of Asserted Trade Secrets Pursuant to Cal. Code Civ. Proc. Section 2019.210
22 (ECF No. 25-7, Exhibit 1 to the Declaration of Jordan Jaffe).
23 3. "LiDAR" shall mean light detection and ranging technologies, also known as ladar
24 or laser radar.
25 4. "PCB" shall mean printed circuit board.
26 5. "The '922 patent" shall mean United States Patent No. 8,836,922, entitled
27 "Devices and Methods for a Rotating LiDAR Platform with a Shared Transmit/Receive Path."
28 6. "The '464 patent" shall mean United States Patent No. 9,285,464, entitled

"Devices and Methods for a Rotating LiDAR Platform with a Shared Transmit/Receive Path."

7. "The '273 patent" shall mean United States Patent No. 9,086,273, entitled "Microrod Compression of Laser Beam in Combination with Transmit Lens."

8. "The '936 patent" shall mean United States Patent No. 9,368,936, entitled "Laser Diode Firing System."

9. "Asserted Patents" shall mean the '922 patent, '464 patent, '273 patent, and '936 patents, individually and collectively.

10. "Communication" shall mean any transmission of information by any means, including without limitation: (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, voicemail, or any other means; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal.

11. "Concerning, "Concern," "Relating to," "Relate to," and "Related to," and any variation of these terms, shall mean concerning, relating to, involving, discussing, regarding, pertaining to, mentioning, commenting on, connected with, describing, depicting, demonstrating, analyzing, explaining, summarizing, showing, evidencing, reflecting, identifying, setting forth, dealing with, embodying, comprising, consisting of, containing, constituting, supporting, refuting, contradicting, resulting from, recording, or in any way relevant to a particular subject, directly or indirectly, in whole or in part.

12. "Document" or "Documents" shall have the broadest meaning possible under Rules 26 and 34 of the Federal Rules and shall include without limitation: documents; ESI; Communications in written, electronic, and recorded form; and tangible things.

13. "ESI" shall mean electronically stored information as defined by and used in the Federal Rules.

14. "Include" and "Including" shall mean including without limitation.

15. "Person" shall mean any natural person or any corporation, partnership, or other business, legal, or governmental entity or association, as well as its officers, directors, employees,

agents, representatives, consultants, and attorneys.

16. "Related Patent" shall mean: (a) any of the applications for the Asserted Patents or any United States or non-United States patent application to or through which any of the Asserted Patents claims priority; any predecessor, provisional, international, continuation, continuation-in-part, divisional, or reissue application of the foregoing patent application (including any rejected, abandoned, or pending application); any publication of the foregoing applications; any United States or non-United States patent that issues or has issued on any of the foregoing applications; or any patent issuing from any interference, reexamination, review, or opposition relating to any of the foregoing patents or patent applications; or (b) any United States or non-United States patent application that claims priority to or through any of the Asserted Patents; any predecessor, provisional, international, continuation, continuation-in-part, divisional, or reissue application of the foregoing patent application (including any rejected, abandoned, or pending application); any publication of the foregoing applications; any United States or non-United States patent that issues or has issued on any of the foregoing applications; or any patent issuing from any interference, reexamination, review, or opposition relating to any of the foregoing patents or patent applications.

17. "Waymo," "Plaintiff," "You," and "Your" shall mean collectively and individually: Waymo LLC (previously Project Chauffeur), Google Inc., and Alphabet Inc.; their parents, predecessors, successors, assigns, affiliates, direct and indirect subsidiaries, and partners; any joint venture in which Waymo LLC, Google Inc., and/or Alphabet Inc. hold an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

18. "Uber" shall mean Uber Technologies, Inc., and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Uber Technologies, Inc. holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

19. "Ottomotto" shall mean Ottomotto LLC, and any predecessor or successor entities,

any parents, subsidiaries, or affiliates, and any joint ventures in which Ottomotto LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

20. "Otto Trucking" shall mean Otto Trucking LLC, and any predecessor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Otto Trucking LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

21. "Defendants" shall mean Uber Technologies, Inc. ("Uber") and Ottomotto LLC ("Otto") and Otto Trucking LLC.

22. "Lyft" shall mean Lyft Inc. and any predecessor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Lyft Inc. holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

23. "Waymo Complaint" or "Complaint" shall mean the First Amended Complaint filed by Waymo against Defendants in this action on March 10, 2017, and any further amended complaint filed by Waymo in this action.

24. "Waymo PI Motion" shall mean the Motion for a Preliminary Injunction filed by Waymo against Defendants in this action on March 10, 2017.

25. "Uber PI Opposition" shall mean the Opposition to Waymo PI Motion filed by Defendants in this action on April 7, 2017.

26. "Waymo PI Reply" shall mean the Reply in Support of the Waymo PI Motion filed by Waymo in this action on April 21, 2017.

27. "Uber PI Sur-Reply" shall mean the Sur-Reply to Waymo PI Motion filed by Defendants in this action on April 28, 2017.

28. "Waymo Side Project(s)"/"Side Project(s)" or "Waymo Side Business(es)"/"Side Business(es)" shall mean personal side project(s) or business(es) in which a Waymo employee

participates while employed at Waymo LLC or Project Chauffeur.

29. "Alphabet Side Project(s)"/"Side Project(s)" or "Alphabet Side Business(es)"/"Side Business(es)" shall mean personal side project(s) or business(es) in which a Google Inc. or Alphabet Inc. employee participates while employed at Google or Alphabet, including but not limited to Zee.Aero, Kitty Hawk, and Tiramisu.

## INSTRUCTIONS

1. You must respond to these requests for Documents in accordance and compliance with the Federal Rules, the Local Rules, any relevant order entered in this Action, and the Default Standard for Discovery in this judicial district or other superseding agreements between the parties related to discovery.

2. In accordance with the applicable Federal Rules, the requests below seek the production of all responsive Documents in Your possession, custody, or control.

3. All documents shall be produced in the following form:

    (i). Single-page group IV TIFFs in at least 300 dpi for black and white images, or .JPG for images produced in color;

    (ii). Searchable text files at the document level (one text file for each document, rather than one text file for each page of a document) for each document bearing the name of the beginning production number for each document (text of native files to be extracted directly from native files where possible; OCR for paper documents);

    (iii). Database load files and cross reference files, e.g., Concordance default delimited file (metadata) and an Opticon-delimited file (image reference files), and including the following fields (to the extent the metadata is available): Beg Bates No., End Bates No., Bates Range, Bates Parentid, Attach Begin, Attach End, Page Count, From/Author, To/Recipient(s), CC, Bcc, Email Date Sent, Email Time Sent, Email Date Received, Email Time Received, Email Subject, Custodian, File Name, Document Created Date, Document Last Modified Date, Document Last Accessed Date, File Type, Location/Source, Text Link (path to text), Native Link (path to native file); and

1         (iv).    MS Excel, MS Powerpoint, MS Access, and comparable spreadsheet, presentation, and database files, and audio and video files, shall be produced in native format to the extent they do not include privileged redactions.  A party may make a reasonable request to receive additional document in its native format, and upon receiving such a request, the producing party shall produce the document in its native format.

4.    All Documents are to be produced as kept in the usual course of business, or as organized and labeled to correspond to the specific requests set forth below, or as otherwise agreed in writing between You and Defendants.

5.    All drafts of a responsive Document must be produced, as well as all non-identical copies of the Document.  Any comment, notation, or other marking shall be sufficient to distinguish Documents that are otherwise similar in appearance and to make them separate Documents for purposes of Your response.  Any preliminary form, intermediate form, superseded version, or amendment of any Document is to be considered a separate Document.

6.    The file folder or other container in which a Document is kept is deemed to be an integral part of the Document and shall be produced with the Document.

7.    Each paragraph and subparagraph of these instructions and the requests for production, as well as the definitions herein, shall be construed independently, and no paragraph or subparagraph or definition shall limit the scope of any other.

8.    If You object to any Document request or any part of a Document request, identify the part to which You object, state the objection(s) with specificity, and provide a response to the remaining unobjectionable part.

9.    If You object to all or any part of a Document request, the objection must state whether any responsive Documents are being withheld on the basis of that objection.

10.    If You withhold any Document based on a claim of privilege, immunity, or protection from disclosure, You must provide a statement of the claim in accordance with Rule 26(b)(5) of the Federal Rules, and as required by Provision 1(d) of the Default Standard for Discovery in this judicial district or as otherwise agreed by the parties.  Such statement should explain and substantiate the claim so as to permit adjudication of the claim's propriety.

11. If a Document is in a language other than English, and an English translation exists, provide both the original and the English translation.

12. If You have no Documents in Your possession, custody, or control that are responsive to a particular Document request, please so state.

13. The requests, definitions, and instructions herein are propounded for the purpose of discovery and are not to be taken as a waiver of or prejudice to any objections that may be made at any hearing or trial in this Action to the introduction of any evidence relating to Documents responsive to these requests or as an admission of the authenticity, relevance, or materiality of Documents responsive to these requests.

14. These requests shall be deemed to be continuing in accordance with Rule 26(e) of the Federal Rules, so that You are required to supplement Your response and production if You come into the possession, custody, or control of additional responsive Documents between the time of initial production and the time of trial.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 147:**

All communications with Lyft about past, current, or potential competition with Uber.

**REQUEST FOR PRODUCTION NO. 148:**

All documents relating to Waymo's analysis of Lyft as a potential acquisition target, including Lyft's past, current, or potential competition with Uber.

**REQUEST FOR PRODUCTION NO. 149:**

All agreements (including exhibits) with Lyft regarding autonomous vehicles, including the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article titled "Lyft and Waymo Reach Deal to Collaborate on Self-Driving Cars."

**REQUEST FOR PRODUCTION NO. 150:**

Any letter of intent or interest relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

**REQUEST FOR PRODUCTION NO. 151:**

Any term sheet relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

**REQUEST FOR PRODUCTION NO. 152:**

Any definitive agreement relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

**REQUEST FOR PRODUCTION NO. 153:**

Any analysis or due diligence relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

**REQUEST FOR PRODUCTION NO. 154:**

Documents sufficient to show the dates of the first ten communications between Waymo and Quinn Emmanuel Urquhart & Sullivan, LLP relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

**REQUEST FOR PRODUCTION NO. 155:**

Documents sufficient to identify all individuals at Waymo or Lyft who were responsible for negotiating or conducting due diligence relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

**REQUEST FOR PRODUCTION NO. 156:**

Documents sufficient to identify the first date that Waymo began discussion of any potential merger or agreement with Lyft.

**REQUEST FOR PRODUCTION NO. 157:**

Documents sufficient to identify the first date that Waymo began discussion of potentially entering the ride-sharing market.

**REQUEST FOR PRODUCTION NO. 158:**

Documents sufficient to identify the first date that Waymo instituted a litigation hold pertaining to this Action.

**REQUEST FOR PRODUCTION NO. 159:**

Documents, including organizational charts and personnel lists, sufficient to describe Waymo's organizational structure in terms of employees, their positions and hierarchy, and the division/business unit/departmental/group structure.

**REQUEST FOR PRODUCTION NO. 160:**

All documents in which Waymo has advised its employees that a specific Alleged Waymo Trade Secret is in fact trade secret or confidential information.

**REQUEST FOR PRODUCTION NO. 161:**

All drafts of Defendants' Exhibit 1031, Bates-paged WAYMO-UBER-00004175 – WAYMO-UBER-00004194.

**REQUEST FOR PRODUCTION NO. 162:**

All communications relating to preparation of Defendants' Exhibit 1031, Bates-paged WAYMO-UBER-00004175 – WAYMO-UBER-00004194.

Dated: May 17, 2017              MORRISON & FOERSTER LLP

                                 By: */s/ Arturo J. González*
                                       ARTURO J. GONZÁLEZ

                                 Attorneys for Defendants
                                 UBER TECHNOLOGIES, INC.
                                 and OTTOMOTTO LLC