# EXHIBIT 4

| | |
|---|---|
| **From:** | Llewellyn, Scott F. |
| **To:** | "John Cooper"; Andrea P Roberts |
| **Cc:** | Matthew Cate; UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Rachel Walsh (RWalsh@goodwinlaw.com); Shane Brun (SBrun@goodwinlaw.com); Brett Schuman (BSchuman@goodwinlaw.com); Neel Chatterjee (nchatterjee@goodwinlaw.com); QE-Waymo |
| **Subject:** | RE: Waymo v. Uber: Meet and Confer Re Waymo responses to RFPs |
| **Date:** | Wednesday, June 14, 2017 7:22:32 PM |

Counsel and John:

Waymo's responses to Uber/Ottomotto's first set of RFPs (attached), and its accompanying production, suffer from serious deficiencies. Among other things, rather than utilizing the objections process the parties have been working through with the special master for some of the relevant RFPs, Waymo's responses repeatedly and improperly assume that Waymo can unilaterally narrow the scope of the requests, effectively raising and resolving objections in Waymo's favor. In doing so, Waymo provided what is effectively the same response for 37 of the requests, and answered another 11 requests with the same response. This is particularly troubling because these were not expedited requests, yet Waymo's accompanying disclosure contained only 337 documents, totaling just over 1600 pages, in response to 146 RFPs. While we suspect Waymo will wish to provide a further written response on these issues — notwithstanding the opportunity provided by the discovery responses themselves for Waymo to do so — we believe it makes sense to schedule a call for tomorrow to meet and confer regarding these deficiencies.

- As noted above, Waymo provides what is effectively the same response for 37 requests. In response to RFPs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 33, 34, 77, 79, 80, 98, 99, 100, 101, 102, 103, 104, and 114, Waymo states that "Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search . . . ." But the requests to which Waymo provides this response are not coextensive in scope, and are not limited to those documents Waymo says it will produce, instead focusing on a variety of different issues relating to Waymo's LiDAR technology. This is particularly troubling where Waymo fails to specify which portions of the broad set of documents "relating to Waymo's development of the Alleged Waymo Trade Secrets" are responsive to which of these 37 requests.

- As noted above, for a further 11 requests, Waymo provides what is effectively the same response. In response to RFPs 37, 38, 39, 40, 41, 42, 43, 125, 126, 127, and 128, Waymo states that "Waymo will produce all documents and communications relating to side businesses of Anthony Levandowski located through a reasonably diligent search." Again, the requests to which Waymo provides this response are not coextensive in scope, and are not limited to those documents Waymo says it will produce. Most obviously, while most of these requests are directed to documents regarding Waymo Side Projects or Side Businesses, Waymo's response is improperly

limited to Anthony Levandowski side businesses. Waymo thus has unilaterally decided not to produce documents that are relevant to Waymo Side Projects or Side Businesses, but not specific to Anthony Levandowski side businesses. This is even more troubling where Waymo fails to specify which portions of the documents "relating to side businesses of Anthony Levandowski" are responsive to which of these 11 requests.

- Similarly, Waymo provides what is effectively the same response for 5 requests regarding documents relating to the possibility of Waymo pursuing legal action against various parties. In response to RFPs 47, 48, 49, 50, and 145, Waymo notes various objections, and then states that "Waymo will log the document memorializing the March 23, 2016 communication." Waymo thus has identified the same single document in response to 5 requests about the possibility of Waymo pursuing legal action against various different parties, while effectively assuming that its objections were not properly part of the meet and confer with the special master regarding the schedule for briefing objections to the RFPs.

- Waymo repeatedly objects to requests for Waymo's production of publicly available information that is in Waymo's possession, custody, or control. In response to (e.g.) RFPs 7, 18, and 109, Waymo states that it "objects to this request as calling for information that is publicly available and therefore as accessible to Defendants as to Waymo." Waymo ignores that there are numerous types of publicly available information that nonetheless are not "as accessible to Defendants as to Waymo," in part because Uber obviously does not have the same knowledge as Waymo regarding all of the ways in which Waymo has made the relevant information and/or documents public. Regardless, Waymo's objection provides no legitimate basis for withholding responsive documents that are in Waymo's possession, custody, or control, even if otherwise publicly available, leaving aside that it effectively assumes that these objections were not properly part of the meet and confer with the special master regarding the schedule for briefing objections to the RFPs.

- Waymo repeatedly objects to requests for documents relating to policies and procedures post-dating the resignation of Anthony Levandowski. In response to RFPs 115, 117, and 118, Waymo states that "Waymo objects to this document request as irrelevant to the extent it seeks documents that post-date January 27, 2016, the day that Mr. Levandowski resigned from Waymo." Waymo ignores that documents post-dating Mr. Levandowski's resignation may shed light on the deficiencies in the prior policies and procedures that applied while Mr. Levandowski was employed by Waymo. Waymo's objection thus provides no legitimate basis for withholding responsive documents, leaving aside that it effectively assumes that these objections were not properly part of the meet and confer with the special master regarding the schedule for briefing objections to the RFPs.

If Waymo does not promptly cure these deficiencies, Uber expects to seek a briefing schedule

for the filing of a motion to compel on these deficiencies, and any others Uber may identify with Waymo's responses and/or production in the interim.

---

**From:** John Cooper [mailto:JCooper@fbm.com]
**Sent:** Wednesday, June 14, 2017 7:02 PM
**To:** Andrea P Roberts
**Cc:** Matthew Cate; UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Rachel Walsh (RWalsh@goodwinlaw.com); Shane Brun (SBrun@goodwinlaw.com); Brett Schuman (BSchuman@goodwinlaw.com); Neel Chatterjee (nchatterjee@goodwinlaw.com); QE-Waymo
**Subject:** Re: Waymo v. Uber Meet and Confer Re Privilege Logs

---

**- External Email -**

Counsel

I ask that counsel for defendants respond to Andrea's email and designate by tomorrow which documents will be produced in part and which will be produced in full.

John

Sent from my iPhone; dictated to Siri

On Jun 14, 2017, at 5:11 PM, Andrea P Roberts <andreaproberts@quinnemanuel.com> wrote:

> John and Counsel,
>
> I write regarding our discussion this morning regarding Defendants' amended privilege logs served yesterday evening.
>
> As we noted on the call, Defendants' "produce in part or produce in full" designation in the logs is meaningless and does nothing to tell us what will be produced or not produced if Judge Corley's June 5 Order stands. In other words, yet again, Defendants have not done what they said they would do in terms of the documents on the logs so we can finally resolve the issues surrounding the 3500 withheld documents as the Court has directed must be done. Instead, it will send us right back to the circle we have been running in for weeks and will only cause further delay. We intend to raise Defendants'' failures to the Court as further support for why all these documents should be produced. However, our main goal is to get this fronted before the Court now to, as we have discussed, "get it right." So we ask again that Defendants be instructed to provide to us by 9 am tomorrow identification of which documents will be produced in part and which will be produced in full.
>
> Additionally, we ask for some clarification in terms of the 4 day timeframe to produce documents after a ruling on Judge Corley's June 5 Order. If Defendants did what they agreed to do before, there should be no reason why they need 4 days to produce documents after the ruling, and this timeframe will also only further delay things. At the very least, Defendants should be able to produce any

documents that would be produced in full within 24 hours of the Court's ruling. Indeed, given the Court's directives, these documents should be being readied for production, <u>now</u>.

Thanks,
Andrea

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP