# EXHIBIT 5

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC | Case No. 17-cv-00939-JCS |
| Plaintiffs, | **PLAINTIFF'S RESPONSES AND OBJECTIONS TO UBER'S SECOND SET OF REQUESTS FOR PRODUCTIONS (NOS. 147-162)** |
| v. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

1   Plaintiff Waymo, LLC ("Waymo") hereby objects and responds to the Second Set of

2   Requests for Production of Documents (Nos. 147-162) served by Defendants Uber Technologies,

3   Inc. ("Uber") and Ottomotto LLC ("Otto") (collectively, "Defendants").

4   **<u>GENERAL OBJECTIONS</u>**

5   Waymo makes the following General Objections, whether or not separately set forth in

6   response to each and every definition and document request.

7   Waymo objects to each request, and to the Definitions and Instructions, to the extent that

8   they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure,

9   the Local Rules of the United States District Court for the Northern District of California, and the

10  Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before

11  Judge William Alsup ("the Supplemental Order").

12  Waymo objects to each request to the extent that it seeks information protected by the

13  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

14  from discovery.

15  Waymo objects to each request to the extent that they are compound, complex and contain

16  multiple subparts.

17  Waymo objects to each request to the extent that they seek confidential or proprietary

18  information, including without limitation, confidential business information, proprietary and/or

19  competitively sensitive information, or trade secrets.  Subject to its other General Objections, and

20  to any specific objections set forth below, Waymo will only provide relevant information in a

21  manner consistent with the Protective Order entered by the Court in this matter.

22  Waymo objects to each interrogatory to the extent that they seek information that Waymo

23  is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

24  Waymo objects to each request to the extent that it calls for information that is publicly

25  available and therefore as accessible to Defendants as to Waymo.

26  Waymo objects to each request to the extent that it is overbroad and not proportional to the

27  needs of the case, considering the importance of the issues at stake in the action, the amount in

28  controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo objects to each request to the extent that they require Waymo to provide documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.

Waymo objects to each request to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

Waymo objects to each request to the extent that it seeks information that does not already exist, or that is not in Waymo's possession, custody, or control.

Waymo objects to each request to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons under the owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment.

Waymo objects to each and every request to the extent that they call for a legal conclusion.

Waymo objects to the definitions of "Uber", "Ottomotto," and "Otto Trucking" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives," etc. of each entity.

Waymo objects to the definition of "Velodyne" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives", etc. of Velodyne.

Waymo objects to the definition of "Side Project(s)" and "Side Business(es)" as overly broad, unduly burdensome, vague and ambiguous, to the extent that the definition includes personal side project(s) or business(es).

Waymo objects to Instruction No. 3 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for production in a form beyond that required by the Supplemental Order.

Waymo objects to Instruction No. 5 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll drafts of a responsive document."

Waymo objects to Instruction No. 6 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for the "file folder or other container in which a Document is kept."

Waymo objects to Instruction No. 10 as overbroad, unduly burdensome, vague, and ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in this judicial district."

Waymo objects to Instruction No. 11 to the extent it calls for Waymo to search for documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.  Waymo will produce English translations where applicable as located through a reasonably diligent search.

Waymo objects to Instruction No. 12 to the extent that it calls for Waymo to conclude that Waymo has no responsive documents in Waymo's possession, custody, or control.  If Waymo is unable to locate responsive documents through a reasonably diligent search, Waymo will so state.

Waymo's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the requests, whether implicit or explicit, is correct.

Waymo responds to these requests based upon its current understanding and reserves the right to supplement its responses at a later time.

Waymo incorporates by reference its General Objections in each of the specific responses set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

Waymo objects and responds as follows to Defendants' document requests:

**REQUEST FOR PRODUCTION NO. 147:**

All communications with Lyft about past, current, or potential competition with Uber.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo will produce all communications with Lyft about past, current, or potential competition with Uber as located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 148:**

All documents relating to Waymo's analysis of Lyft as a potential acquisition target, including Lyft's past, current, or potential competition with Uber.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Waymo further objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

1    Waymo will produce all documents relating to Waymo's analysis of Lyft as a potential

2   acquisition target as located through a reasonably diligent search.

3

4   **REQUEST FOR PRODUCTION NO. 149:**

5    All agreements (including exhibits) with Lyft regarding autonomous vehicles, including

6   the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article titled

7   "Lyft and Waymo Reach Deal to Collaborate on Self-Driving Cars."

8

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

10    Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

11   the case, considering the importance of the issues at stake in the action, the amount in controversy,

12   the parties' relative access to relevant information, the parties' resources, the importance of the

13   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

14   outweighs its likely benefit.  Waymo further objects to this request to the extent that it seeks

15   information protected by the attorney-client privilege or the work product doctrine or that is

16   otherwise privileged or protected from discovery.

17    Waymo will not produce documents in response to this request.

18

19   **REQUEST FOR PRODUCTION NO. 150:**

20    Any letter of intent or interest relating to the "deal" between Waymo and Lyft identified in

21   the May 14, 2017 *New York Times* article.

22

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

24    Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

25   the case, considering the importance of the issues at stake in the action, the amount in controversy,

26   the parties' relative access to relevant information, the parties' resources, the importance of the

27   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

28   outweighs its likely benefit.  Waymo further objects to this request to the extent that it seeks

1  information protected by the attorney-client privilege or the work product doctrine or that is

2  otherwise privileged or protected from discovery.

3       Waymo will not produce documents in response to this request.

4

5  **REQUEST FOR PRODUCTION NO. 151:**

6       Any term sheet relating to the "deal" between Waymo and Lyft identified in the May 14,

7  2017 *New York Times* article.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

10      Waymo objects to this request as irrelevant and not proportional to the needs of the case,

11  considering the importance of the issues at stake in the action, the amount in controversy, the

12  parties' relative access to relevant information, the parties' resources, the importance of the

13  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

14  outweighs its likely benefit.  Waymo further objects to this request to the extent that it seeks

15  information protected by the attorney-client privilege or the work product doctrine or that is

16  otherwise privileged or protected from discovery.

17      Waymo will not produce documents in response to this request.

18

19  **REQUEST FOR PRODUCTION NO. 152:**

20      Any definitive agreement relating to the "deal" between Waymo and Lyft identified in the

21  May 14, 2017 *New York Times* article.

22

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

24      Waymo objects to this request as irrelevant and not proportional to the needs of the case,

25  considering the importance of the issues at stake in the action, the amount in controversy, the

26  parties' relative access to relevant information, the parties' resources, the importance of the

27  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

28  outweighs its likely benefit.  Waymo further objects to this request to the extent that it seeks

1  information protected by the attorney-client privilege or the work product doctrine or that is
2  otherwise privileged or protected from discovery.

3    Waymo will not produce documents in response to this request.

4

5  **REQUEST FOR PRODUCTION NO. 153:**

6    Any analysis or due diligence relating to the "deal" between Waymo and Lyft identified in
7  the May 14, 2017 *New York Times* article.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

10   Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of
11 the case, considering the importance of the issues at stake in the action, the amount in controversy,
12 the parties' relative access to relevant information, the parties' resources, the importance of the
13 discovery in resolving the issues, and whether the burden or expense of the proposed discovery
14 outweighs its likely benefit.  Waymo further objects to this request to the extent that it seeks
15 information protected by the attorney-client privilege or the work product doctrine or that is
16 otherwise privileged or protected from discovery.

17   Waymo will not produce documents in response to this request.

18

19 **REQUEST FOR PRODUCTION NO. 154:**

20   Documents sufficient to show the dates of the first ten communications between Waymo
21 and Quinn Emanuel Urquhart & Sullivan, LLP relating to the "deal" between Waymo and Lyft
22 identified in the May 14, 2017 *New York Times* article.

23

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

25   Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of
26 the case, considering the importance of the issues at stake in the action, the amount in controversy,
27 the parties' relative access to relevant information, the parties' resources, the importance of the
28 discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit.  Waymo further objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 155:**

Documents sufficient to identify all individuals at Waymo or Lyft who were responsible for negotiating or conducting due diligence relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 156:**

Documents sufficient to identify the first date that Waymo began discussion of any potential merger or agreement with Lyft.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 157:**

Documents sufficient to identify the first date that Waymo began discussion of potentially entering the ride-sharing market.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

Waymo will produce documents sufficient to identify the first date that Waymo began discussion of potentially entering the ride-sharing market, as located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 158:**

Documents sufficient to identify the first date that Waymo instituted a litigation hold pertaining to this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will produce or log documents sufficient to identify the first date that Waymo instituted a litigation hold pertaining to this Action.

**REQUEST FOR PRODUCTION NO. 159:**

Documents, including organizational charts and personnel lists, sufficient to describe Waymo's organizational structure in terms of employees, their positions and hierarchy, and the division/business unit/departmental/group structure.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

2       Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

3  the case, considering the importance of the issues at stake in the action, the amount in controversy,

4  the parties' relative access to relevant information, the parties' resources, the importance of the

5  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

6  outweighs its likely benefit.

7       Waymo will produce documents sufficient to identify Waymo's personnel.

8

9  **REQUEST FOR PRODUCTION NO. 160:**

10       All documents in which Waymo has advised its employees that a specific Alleged Waymo

11  Trade Secret is in fact trade secret or confidential information.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

14       Waymo objects to this request as overbroad and not proportional to the needs of the case,

15  considering the importance of the issues at stake in the action, the amount in controversy, the

16  parties' relative access to relevant information, the parties' resources, the importance of the

17  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

18  outweighs its likely benefit.

19       Waymo will produce documents sufficient to support Waymo's contention that the Alleged

20  Waymo Trade Secrets are subject to robust measures to protect their privacy, including privacy

21  and security policy and training documentation and agreements, documents concerning specific

22  trade secrets marked with a confidentiality designation, and documents instructing Waymo

23  personnel not to disclose trade secret information.

24

25  **REQUEST FOR PRODUCTION NO. 161:**

26       All drafts of Defendants' Exhibit 1031, Bates-paged WAYMO-UBER-00004175–

27  WAYMO-UBER-00004194.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Waymo objects to this request as overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

For each day on which any individual revised Defendants' Exhibit 1031, Bates-paged WAYMO-UBER-00004175–WAYMO-UBER-00004194, Waymo will produce the final version of that document from that day.

**REQUEST FOR PRODUCTION NO. 162:**

All communications relating to preparation of Defendants' Exhibit 1031, Bates-paged WAYMO-UBER-00004175–WAYMO-UBER-00004194.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

Waymo objects to this request as overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo will produce all communications relating to the preparation of Defendants' Exhibit 1031, Bates-paged WAYMO-UBER-00004175–WAYMO-UBER-00004194, as located through a reasonably diligent search.

DATED:  June 16, 2017                  QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                       By */s/ Charles K. Verhoeven*
                                       _____
                                           Charles K. Verhoeven
                                           Attorneys for WAYMO LLC

**APPENDIX**

**Information On Document Collection and
Production Under Supplement Order ¶ 13**

Waymo further provides information on its collection efforts under Paragraph 13 of the Supplemental Order.   As of June 16, 2017, Waymo has searched the following sources of information in response to Defendants' requests for production:

- Waymo custodial document repositories (e.g., email repositories, Google Docs, locally stored electronic documents)

- Waymo non-custodial document repositories (e.g., Drive folders used by various teams at Waymo, personnel files, Google personnel files including policy documents, codes of conduct, employee handbooks, and employment and confidentiality agreements

As of June 16, 2017, the following individuals employed by Waymo or Google have searched for documents in response to Defendants' requests for production:

- Raquel Small-Weikert (Paralegal) – general search responsibility

- Christine Lok (Paralegal) – general search responsibility

- Toni Baker (Paralegal) – general search responsibility

- Margo Maddux (Patent Agent) – search responsibility relating to patent-related documentation

- Michael Lin (People Coordinator) – search responsibility relating to employment documentation and electronic device recovery

- Joanne Chin (Head of People Operations) – search responsibility relating to employment documentation and electronic device recovery

- Jack Brown (Waymo, CAD Data and PLM Program Manager) – search responsibility relating to Waymo secure server access and activity

- Pierre Yves-Droz (Waymo, Principal Hardware Engineer) – search responsibility relating to documents relating to LiDAR development

- Caroline Manchot (Director of Compensation) – search responsibility relating to documents relating to the bonus plan

- Ron Medford (Waymo, Director of Safety) – search responsibility relating to documents submitted to or discussed with a public entity