# EXHIBIT 11

| | |
|---|---|
| **From:** | Gonzalez, Arturo J. |
| **Sent:** | Saturday, June 17, 2017 10:47 AM |
| **To:** | 'Felipe Corredor'; Yang, Michelle C.Y.; QE-Waymo |
| **Cc:** | 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com'; UberWaymoMoFoAttorneys; 'DG-GPOttoTruckingWaymo@goodwinlaw.com'; John Cooper (JCooper@fbm.com); MCate@fbm.com; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com) |
| **Subject:** | Waymo v. Uber - Defendant Uber's First Set of Interrogatories |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Felipe,

This email is an attempt to confer regarding the remaining deficiencies in these interrogatory responses.  These interrogatories were carefully drafted to get the information that we need to address your alleged trade secret claims at trial.  We need more complete responses to avoid surprise and to properly prepare for trial.

John, we request that we have a call with you on Monday evening to discuss these issues if we are not able to resolve them before then.  I understand you will be in Pittsburg.  Perhaps we can discuss these matters at 7:00 p.m. PST on Monday.  Let us know if that would work for you.

Our concerns with these responses are as follows:

First, there is no verification.  We reserve all rights but please send us a verification for these responses or explain why you have not done so.

Rog 1:  You  address only 21 of the more than 100 alleged trade secrets.  We assume your "less than 10" will be selected from this group and will move in limine to exclude any evidence of the others at trial.

Rog 2:  You make repeated allegations on "information and belief."  What is your factual basis for believing those individuals have information regarding use of the alleged trade secrets?  The interrogatories must be answered "fully."  Have you fully provided each factual basis in support of your "information and belief" allegations?

Rog 3:  You do not include a number of the alleged trade secrets.  We assume this is an admission that the excluded trade secrets do not have independent economic value and will move in limine at trial to exclude any such evidence.

Rog 4:  You have not separately identified which documents you contend reflect development for each of your alleged trade secrets.  We ask that you do so so that we can confirm that you in fact developed  each of the purported trade secrets.

Rog 5:  This response has the same problem.  We need to know, separately for each alleged trade secret, who you claim developed that trade secret so that we can question that person(s) about the alleged development.  You have given us a list of names without identifying who allegedly developed what.

Rog 6:  Again, there is no effort to identify for each secret, how long it took and how much it cost to develop that purported secret.  Waymo chose to allege over 100 trade secrets.  We are entitled to independent discovery pertaining to each one.  Otherwise, we cannot adequately analyze whether Waymo in fact developed each of the alleged secrets and how valuable they are.

Rog 7:  You have not provided us with ANY fact that Waymo took specific efforts to protect any of the specific alleged trade secrets.  For example, there is no reference to any document advising employees that any specific alleged trade secret is a secret or should otherwise be kept confidential.  If there were any specific efforts or communications directed

at the trade secrets at issue, they should be identified in this response.  ==Please confirm in your response that there were no specific communications pertaining to any of the alleged trade secrets==.  If there were such specific communications, identify them.

Rog 10: We have multiple concerns regarding this response.  First, you identify only a fraction of the alleged trade secrets.  We assume that the remaining alleged secrets are not referenced in the misappropriated files and will move to exclude any such evidence at trial.  Second, many of the files that you reference do not have Bates numbers, which makes it very difficult if not impossible for us to address.  Please add Bates numbers where there are none.  Third, you have not identified "how" the documents you cite identify the alleged trade secret.  This is especially important since your response states that the documents referenced disclose at least "part" of a trade secret.  We need to know which part and how you are connecting the document to that part.

We are available to confer this weekend on any of these issues.  Please let me know what time works for you.

Arturo

---

**From:** Felipe Corredor [mailto:felipecorredor@quinnemanuel.com]
**Sent:** Friday, June 16, 2017 11:18 PM
**To:** Yang, Michelle C.Y.; QE-Waymo
**Cc:** 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com'; UberWaymoMoFoAttorneys; 'DG-GPOttoTruckingWaymo@goodwinlaw.com'
**Subject:** RE: Waymo v. Uber - Defendant Uber's First Set of Interrogatories

- External Email -

---

Counsel,

Please find attached Waymo's responses and objections to Uber Technologies, Inc.'s First Set of Interrogatories (Nos. 1-11).  Please note that these have been marked as Highly Confidential – Attorneys' Eyes Only under the Protective Order.

Regards,
Felipe

**Felipe Corredor**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6448 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
felipecorredor@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Yang, Michelle C.Y. [mailto:MYang@mofo.com]
**Sent:** Wednesday, May 17, 2017 7:04 PM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'NChatterjee@goodwinlaw.com'

<NChatterjee@goodwinlaw.com>; 'BSchuman@goodwinlaw.com' <BSchuman@goodwinlaw.com>; 'SBrun@goodwinlaw.com' <SBrun@goodwinlaw.com>; 'RWalsh@goodwinlaw.com' <RWalsh@goodwinlaw.com>
**Subject:** Waymo v. Uber - Defendant Uber's First Set of Interrogatories

Counsel,

Attached please find Defendant Uber Technologies, Inc. First Set of Interrogatories (Nos. 1-11). The interrogatories do not contain Uber confidential or AEO information.

Best regards,
Michelle

**Michelle Yang**
Morrison & Foerster LLP
2000 Pennsylvania Avenue, NW | Washington, DC 20006-1888
P: +1 (202) 887.1537 | F: +1 (202) 785.7580 | C: +1 (415) 866.7219
MYang@mofo.com | www.mofo.com

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.