# EXHIBIT 13

| | |
|---|---|
| **From:** | Jeff Nardinelli <jeffnardinelli@quinnemanuel.com> |
| **Sent:** | Sunday, June 18, 2017 6:35 PM |
| **To:** | Gonzalez, Arturo J.; Yang, Michelle C.Y.; QE-Waymo |
| **Cc:** | 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com'; UberWaymoMoFoAttorneys; 'NChatterjee@goodwinlaw.com'; 'BSchuman@goodwinlaw.com'; 'SBrun@goodwinlaw.com'; 'RWalsh@goodwinlaw.com'; John Cooper (JCooper@fbm.com); MCate@fbm.com; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com) |
| **Subject:** | RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

- External Email -

John and Arturo,

I write in response to Arturo's email from yesterday regarding Waymo's Second Set of Requests for Production.

Initially, with respect to RFPs 149-153 relating to Lyft, we are not asserting privilege over communications between Lyft and Waymo or documents exchanged between Lyft and Waymo.

As to all of the Lyft-related RFPs identified in Arturo's email, we've already met and conferred about these issues. We had a telephonic meet and confer with the Special Master before Waymo's responses were due. On that meet and confer (which Arturo was not on), Mr. Cooper suggested that Uber provide an explanation of the purported relevance of these requests in an email, and then Waymo would respond via email. Both sides did that. The next step was to set a briefing schedule with the Special Master. We did that too (again on a meet and confer that Arturo was not on). We set a briefing schedule whereby Uber would file its motion to compel this Monday. On Friday, Uber chose to push that date back until Wednesday so that it could include more RFPs in its brief.

John, we have been and are at an impasse on these RFPs and have been for over a week. This re-hashing of ground we've all already covered is not helpful and seems to be aimed at trying to make it seem like there are more outstanding issues than there really are, and wasting everyone's time. I would also note that several of Arturo's questions are really interrogatories, and Uber has responded to similar inquiries from us by saying that we need to serve an interrogatory.

As for the remaining RFPs addressed in Arturo's email below, we're happy to meet and confer about them when Mr. Cooper is available. We're also available to discuss these during the day on Monday without Mr. Cooper if Uber prefers.

Thanks,
Jeff

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Saturday, June 17, 2017 11:22 AM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Yang, Michelle C.Y. <MYang@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'NChatterjee@goodwinlaw.com'

<NChatterjee@goodwinlaw.com>; 'BSchuman@goodwinlaw.com' <BSchuman@goodwinlaw.com>; 'SBrun@goodwinlaw.com' <SBrun@goodwinlaw.com>; 'RWalsh@goodwinlaw.com' <RWalsh@goodwinlaw.com>; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; MCate@fbm.com; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com) <abergstrom@uber.com>
**Subject:** Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

Jeff,

We write to confer about your responses to Uber's second document requests. First, have you already produced documents where you indicate documents will be produced? If not, when will they be produced?

No. 149: We ask you for the agreement with Lyft. You object that it is overbroad, burdensome and disproportional. Is that a serious objection? You also complain that it seeks attorney client or work product. How can that be, especially given the arguments Waymo has made in this case? Please identify the basis for your assertion that producing the agreement with Lyft would violate either privilege. Also, please produce a log of any documents withheld on privilege grounds. Your only other argument is relevance. How can you claim it is not relevant when you have sought an injunction barring Uber from the same industry?

No. 150: You make the same objections regarding a letter of intent with Lyft. We have the same questions. Please answer them.

No. 151: You make the same objections regarding a term sheet with Lyft. We have the same questions. Please answer them.

No. 152: You make the same objections regarding a definitive agreement with Lyft. We have the same questions. Please answer them.

No. 153: You make the same objections regarding due diligence in connection with Lyft. We have the same questions. Please answer them. In addition, did any third party perform any part of this due diligence. If so, who was that third party and do you claim all of the communications with that third party are privileged. When will you produce a privileged log of these communications?

No. 154: This only requests information regarding the dates of the communications between Waymo and Quinn. You make the same objections. We have the same questions. Please answer them. This information is also relevant to potential conflict issues pertaining to your firm. You are well aware of what those issues are.

No. 155: This requests the identify of individuals who negotiated the Lyft deal. You make the same objections. We have the same questions. Please answer them.

No. 156: You refuse to identify the date that Waymo began its discussions with Lyft. We have the same questions. Please answer them. The date is relevant to Waymo's actual basis for bringing (and pursuing) this lawsuit. A jury can rationally conclude that Waymo is motivated by a desire to bar Uber from the ride share market and to take Uber's share of the ride share market, as clearly indicated by Exhibit 1031.

No. 158: Your response has to clearly indicate when the hold was instituted. Placing a document that is dated "x" on a log does not answer that question. You should produce the actual litigation hold or a document that clearly reflects when that hold was instituted. When will you produce that document?

No. 159: We need an organizational chart or other documents to identify organizational structure and heiracrchy, not just a list of personnel. Please confirm that it will be produced.

No. 160: Your response is not what we asked for.  You say you will produce general documents of Waymo's "robust measures" to protect its secrets.  This request is specific as to the alleged trade secrets in this case.  Your responses confirm our suspicion, which is that there are no such documents.  ==If there are no such specific documents regarding the specific trade secrets in this case, your response should specifically say that==, since that is what is requested.  We did not ask here for documents that generally describe general efforts to maintain confidentiality.

No. 161: We requested all drafts and you are only producing the last draft each day the document was edited.  Why is that?  On how many days was the document edited?  How many drafts are not being produced?

Finally, you note in your Appendix the sources of information that you have consulted to produce responsive documents.  ==Is it correct that other than paralegals, Waymo has only consulted seven employees about responsive documents==?  Are any of those seven persons responsible for approving side businesses, or have they had side businesses, and if so, have you asked them for responsive documents on those topics?  If not, why not?

Again, we are available to confer this weekend.  Please let us know what time you are available.

John, we would like to add this to the list of issues that we would like to discuss with you on Monday evening PST, or at whatever other time is convenient.   As I have stated many times, this has to be a two way street.  As of now, the only discovery we are getting out of Waymo is information that it believes would be helpful to the presentation of its case.  That is not going to work.

Arturo

---

**From:** Jeff Nardinelli [mailto:jeffnardinelli@quinnemanuel.com]
**Sent:** Friday, June 16, 2017 6:01 PM
**To:** Yang, Michelle C.Y.; QE-Waymo
**Cc:** 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com'; UberWaymoMoFoAttorneys; 'NChatterjee@goodwinlaw.com'; 'BSchuman@goodwinlaw.com'; 'SBrun@goodwinlaw.com'; 'RWalsh@goodwinlaw.com'
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

- External Email -

---

Counsel,

Attached please find Waymo's responses and objections to Uber Technologies, Inc. and Ottomotto LLC's Second Set of Requests for Production of Documents.  Waymo's responses do not contain Waymo confidential or AEO information.

Thanks,
Jeff

---

**From:** Yang, Michelle C.Y. [mailto:MYang@mofo.com]
**Sent:** Wednesday, May 17, 2017 7:17 PM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'NChatterjee@goodwinlaw.com' <NChatterjee@goodwinlaw.com>; 'BSchuman@goodwinlaw.com' <BSchuman@goodwinlaw.com>; 'SBrun@goodwinlaw.com' <SBrun@goodwinlaw.com>; 'RWalsh@goodwinlaw.com' <RWalsh@goodwinlaw.com>
**Subject:** Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

Counsel,

Attached please find Defendants Uber Technologies, Inc. and Ottomotto LLC's Second Set of Requests for Production of Documents.  The Requests do not contain Defendants' confidential or AEO information.

Best regards,
Michelle

**Michelle Yang**
Morrison & Foerster LLP
2000 Pennsylvania Avenue, NW | Washington, DC 20006-1888
P: +1 (202) 887.1537 | F: +1 (202) 785.7580 | C: +1 (415) 866.7219
MYang@mofo.com | www.mofo.com

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.