# EXHIBIT 20

| | |
|---|---|
| **From:** | Gonzalez, Arturo J. |
| **Sent:** | Saturday, June 17, 2017 10:03 AM |
| **To:** | Jeff Nardinelli |
| **Cc:** | UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); DG-GPOttoTruckingWaymo@goodwinlaw.com; QE-Waymo; John Cooper; Matthew Cate |
| **Subject:** | Waymo Responses to Document Requests |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Jeff,

Would appreciate a response to my questions below. I want to make sure we accurately represent your position to Magistrate Corley.

Arturo

Sent from my iPhone

On Jun 16, 2017, at 7:41 PM, Gonzalez, Arturo J. <AGonzalez@mofo.com> wrote:

> Jeff,
>
> Are you saying that you HAVE spoken to people at Google who approve such projects? If so, how many people have you spoken to and how many side projects have they approved? We also asked about your senior executives (including the Waymo and Google CEOs). Have you checked to see whether they have engaged in side projects?  Have you asked about employees involved with autonomous vehicles? We want the record to be clear on what you did to attempt to gather responsive information. Saying that there is no central repository does not satisfy your obligation to conduct a good faith search for responsive documents.
>
> Arturo
>
> Sent from my iPhone
>
> On Jun 16, 2017, at 7:12 PM, Jeff Nardinelli <jeffnardinelli@quinnemanuel.com> wrote:
>
>> **- External Email -**
>>
>> John and Arturo,
>>
>> I write to follow up on the issues we discussed today with respect to Uber's RFPs relating to side businesses and in response to Arturo's email below regarding the same.  Uber's proposed compromise of limiting these RFPs to all side businesses involving anyone at Google for the past five years is not much of a compromise at all.  Further, we did not state that we had not spoken with individuals who "approve" such ventures, and we rejected your unreasonable request to respond by 3:00 today.  We also did not agree to deliver information on the number of employees with a side business; in fact, we repeatedly stressed that this is not a simple task because there is not a central repository storing that information.  We cannot simply push a button and get the number that you're asking for.  What we

agreed to do was to investigate again whether there is a way to obtain that information, given the lack of such repository.  We provide that response now.

There is no central repository, at Waymo or at Google, housing "side projects."  Waymo has identified an email alias used by employees, including Google in-house counsel, for inquiries about Google's Code of Conduct.  The email alias is not specific to issues of outside employment, but is used for a host of topics.  Nor is the email alias specific to Waymo, but to all of Google.  Waymo will not produce documents relating to side businesses in response to the RFPs identified in Mr. Llewelyn's June 14 email (37, 38, 39, 40, 41, 42, 43, 125, 126, 127, and 128) beyond those relating to Mr. Levandowski, based on Waymo's repeatedly articulated objections to requests relating to side businesses:  information regarding side businesses unrelated to Anthony Levandowski are not relevant to any issue in this litigation.  Mr. Gonzalez argued that this information is relevant because Waymo has suggested that there was some "conspiracy" theory in Mr. Levandowski setting up a side business.  But, the issue is that Mr. Levandowski stole trade secrets.  Whether or not other Google or Waymo employees set up side businesses has no bearing on whether Mr. Levandowski stole trade secrets and whether Defendants used them.  Again, Waymo agreed to produce documents relating to Mr. Levandowski's side businesses and corporate policies relating to side businesses (RFP 37).  But, given the irrelevance of side businesses belonging to other Google or Waymo employees, the burden of searching for and producing all documents that relate to Waymo Side Projects or Side Businesses (RFP 37), information relating the number of such side businesses, their names and who is involved, regardless of whether they were approved (RFP 38, 40, 41), the time spent on them and compensation of Waymo employees (RFP 39), their funding, revenues and profits (RFP 42), every instance in which a Side Business has not been approved (RFP 43), the work performed by Waymo, Google, or Alphabet employees on Side Businesses (RFPs 125-128), is not proportional to the needs of the case.

Thanks,
Jeff

From: Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
Sent: Friday, June 16, 2017 1:52 PM
To: Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; DG-GPOttoTruckingWaymo@goodwinlaw.com
Cc: QE-Waymo <qewaymo@quinnemanuel.com>; 'John Cooper' <JCooper@fbm.com>; 'Matthew Cate' <MCate@fbm.com>
Subject: Waymo Responses to Document Requests
Importance: High

Waymo Team:

This confirms that this morning I advised you that in an attempt to compromise we would narrow our requests regarding side business ventures to ventures during the past 5 years.  You indicated that you had not yet spoken to any of the

individuals who "approve" such ventures, and we asked you to do so.  You said you would try to get back to us by 3:00 today on whether you will be able to obtain the requested information.  I also advised you, and the Special Master agreed, that at a minimum, you should get us information on the number of employees who have such a side business and we can then decide how to proceed further.  If it is a reasonably small number, you should be able to get the documents pertaining to the "application" or "request" and "approval" of the side venture.  Our understanding is that some of the top executives (including the CEOs) of Google and Waymo have participated (or do participate) in such side venture;, please be sure to check with your clients with respect to them as well.

**Arturo J. González**
Chair, Commercial Litigation and Trial Practice Group
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
P: 415.268.7020 | F: 415.276.7020 | C: 415.425.9548
AGonzalez@mofo.com | www.mofo.com

============================================================
===================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.