# EXHIBIT 1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 1-9)**<br><br>Trial Date: October 2, 2017 |

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Defendants") object and respond to Plaintiff Waymo LLC's First Set of Expedited Interrogatories, served on May 22, 2017.

## GENERAL OBJECTIONS

Defendants make the following general responses and objections ("General Objections") to each definition, instruction, and request propounded in Waymo's Interrogatories. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to the individual requests does not waive any of Defendants' General Objections.

1. Defendants object to each Interrogatory, Definition, or Instruction to the extent it seeks or purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the applicable rules and orders of this Court.

2. Nothing in these responses is an admission by Defendants of the existence, relevance, or admissibility of any information, for any purpose. Defendants reserve all objections as to competency, relevance, materiality, privilege, or admissibility related to the use of its responses and any document or thing identified in its responses as evidence for any purpose whatsoever in any subsequent proceeding in this trial or any other action.

3. Defendants object to each Interrogatory to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in their ordinary course of business. Defendants will provide only relevant, non-privileged information that is within its present possession, custody, or control and available after a reasonable investigation.

4. Defendants object to these Interrogatories insofar as they purport to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the limited scope of discovery at this stage.

5. Defendants object to each Interrogatory to the extent that it is not limited in time. Defendants will produce information from a reasonable time period as it relates to this case.

6. Defendants object to each Interrogatory to the extent it seeks a response from persons or entities who are not parties to the lawsuit and over whom Defendants have no control.

1  Defendants respond to the Interrogatories on Defendants' own behalf.

2        7.      To the extent any Interrogatory, Instruction, or Definition may be construed as calling for disclosure of information subject to the attorney-client privilege, work product immunity, joint defense or common interest, or any other applicable privilege or protection, Defendants hereby claim such privileges and immunities and object on such grounds. Defendants do not waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint defense or common-interest privilege or any other privilege, immunity, or other protection that may be asserted to protect information from disclosure.

      8.      Although Defendants have diligently complied with their discovery obligations at this stage, their investigations in connection with this litigation are continuing. These responses are limited to information obtained to date and are given without prejudice to Defendants' right to amend or supplement their responses after considering information obtained through further discovery or investigation.

Subject to and without waiving its General Objections, Uber objects and responds to the Interrogatories as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

IDENTIFY the locations and custody of all known copies of THE DOWNLOADED MATERIALS, or any documents describing THE DOWNLOADED MATERIALS. If any of the copies have [sic] no longer exist, explain DEFENDANTS' full knowledge as to the destruction.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to this interrogatory because it implicates information protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-defense privileges. Defendants further object to this interrogatory as vague and ambiguous because of its use of the phrase "THE DOWNLOADED MATERIALS," which, although a capitalized term, is nevertheless an undefined term in Waymo's first set of expedited interrogatories. Defendants therefore will construe that phrase as it is defined by the Court's May 11, 2017 Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (ECF No. 426, at 22.)

1  Defendants further object to the extent this interrogatory calls for information beyond
2  Defendants' possession, custody, or control. Defendants further object because Interrogatory
3  No. 1 is actually two discrete interrogatories, not one.

4  Subject to and without waiving the general and specific objections above, Defendants
5  respond as follows:

6  As Waymo knows, Defendants have conducted a diligent and extensive search of their
7  files, servers, and systems (including Mr. Levandowski's Uber-issued computer) and have
8  discovered no Downloaded Materials in any such files, servers, or systems. Defendants are not
9  now, and have not been, in possession of any Downloaded Materials. Uber directed Mr.
10 Levandowski to return allegedly downloaded files (if any) in his possession and to instruct every
11 person that he has reason to believe may be in possession to do the same; however, to date, he has
12 not complied and has therefore been terminated.

13 Prior to the Uber acquisition of Ottomotto, the lawyers representing Uber and Ottomotto,
14 acting on behalf of Uber and Ottomotto, retained the forensics firm Stroz Friedberg LLC
15 ("Stroz") to undertake an investigation in anticipation of possible litigation, and for the purposes
16 of providing Uber and Ottomotto with facts needed to obtain legal advice. Uber and Ottomotto
17 therefore have asserted privilege over that investigation and object to this interrogatory to the
18 extent it seeks to obtain information about what information may be in Stroz's possession.

19 On or about March 11, 2016, Mr. Levandowski reported to Mr. Kalanick, Nina Qi and
20 Cameron Poetzscher at Uber as well as Lior Ron that he had identified five discs in his possession
21 containing Google information. Mr. Kalanick conveyed to Mr. Levandowski in response that Mr.
22 Levandowski should not bring any Google information into Uber and that Uber did not want any
23 Google information. Shortly thereafter, Mr. Levandowski communicated to Uber that he had
24 destroyed the discs. Uber never received those discs, and does not know whether those discs
25 contained any of the "DOWNLOADED MATERIALS."

26 ███████████████████████
27 ███████████████████████████
28 █████████████████████████████

Dated: June 5, 2017

MORRISON & FOERSTER LLP

By: /s/ *Arturo J. González*
    ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Los Angeles, CA 90017-3543. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on June 5, 2017, I served true and correct copies of the following documents:

- **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 1-9)**

[X] **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| Recipient | Email Address: |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788 | qewaymo@quinnemanuel.com |
| Leo P. Cunningham<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br><br>*Attorneys for Plaintiff Waymo LLC* | lcunningham@wsgr.com |

CERTIFICATE OF SERVICE
Case No. 3:17-cv-00939-WHA
sf-3774913

1

| | |
|---|---|
| I. Neel Chatterjee<br>GOODWIN PROCTER LLP<br>135 Commonwealth Drive<br>Menlo Park, CA 94025<br><br>Brett M. Schuman<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center<br>San Francisco, California 94111<br><br>*Attorneys for Defendant Otto Trucking LLC* | nchatterjee@goodwinlaw.com<br>bschuman@goodwinlaw.com<br>rwalsh@goodwinlaw.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed at Palo Alto, California, this 5th day of June, 2017.

| Ethel Villegas | /s/ *Ethel Villegas* |
|---|---|
| (typed) | (signature) |

CERTIFICATE OF SERVICE
Case No. 3:17-cv-00939-WHA
sf-3774913

2

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## VERIFICATION

I, Eric Meyhofer, declare:

1. I am Head of ATG for Defendant Uber Technologies, Inc. ("Uber") in the above-captioned action, and I am authorized to execute this verification on behalf of Uber and Ottomotto LLC.

2. I have read Defendants Uber Technologies, Inc. and Ottomotto LLC's Responses to Waymo's First Set of Expedited Interrogatories (the "Responses"), and know the contents thereof.

3. I am informed and believe that the matters stated in the Responses are true and correct and, on that ground, allege that the matters stated therein are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of June, 2017, at Pittsburgh, Pennsylvania.

_____
Eric Meyhofer