QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | CASE NO. 3:17-cv-00939-WHA |
| Plaintiff, | **PLAINTIFF WAYMO'S RESPONSE TO SECOND ORDER RE SCHEDULING DEPOSITIONS (DKT. 679)** |
| vs. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

Pursuant to the Court's June 21 Second Order Re Scheduling Depositions (Dkt. 679), Waymo submits the following list of the top ten depositions it wishes to take, identifying each deponent by name and advising as to whom they work for.

| Name | Employer (if known) |
| --- | --- |
| Travis Kalanick* | Formerly Uber (represented by Morrison & Foerster) |
| Eric Meyhofer | Uber |
| Max Levandowski | Uber |
| Brian McClendon* | Formerly Uber (represented by Morrison & Foerster) |
| Ognen Stojanovski | Uber |
| Emil Michael* | Formerly Uber |
| Bryan Salesky | Argo AI |
| Eric Tate* | Morrison & Foerster |
| Adam Bentley* | Uber |
| Anthony Levandowski* | Otto Trucking |

Names with an * indicates that Waymo requests these depositions be scheduled a reasonable period of time after resolution of any privilege issues surrounding the Stroz Report, the subpoena to Stroz Friedberg, and the 3500 documents on Defendants' privilege logs.

Waymo has attempted to meet and confer with Defendants regarding deposition scheduling since the Court's Order on June 14, but have been facing roadblocks from Defendants. The parties agree that more than 10 depositions will be necessary for each side,[1] and in order to develop a schedule under which all of these depositions will be completed before August 24, 2017, both Waymo and the Special Master have repeatedly asked Defendants to agree to exchange the lists of all depositions they wish to take (based on existing discovery). But Defendants refused to share their list

---

[1] Waymo proposes that these additional depositions be scheduled according to the procedure set forth in Waymo's Response to Order Re Scheduling of Depositions (Dkt. 671.)

with Waymo saying it was "premature," despite the Court's June 14 Order – making a specific schedule, or even a framework for them impossible.  (*See*, *e.g.*, Ex. 1.)

Given the Court's June 21 Order, in order to assist the Court with assigning a schedule for the ten depositions submitted with today's list, Waymo proposed in advance of a 10 AM meet and confer that the parties exchange their lists of ten deponents by no later than 1 PM today, so that each side could consult with their witnesses regarding scheduling and inform the Court of any preferred (or currently conflicted) dates.  On the 10 AM call, Wendy Ray, counsel for Uber, agreed that Waymo's proposal made sense and indicated she would get back to Waymo as soon as possible regarding a specific time for the mutual exchange of the top ten depositions.  The call ended before 10:15 AM, but by noon Waymo still had not even heard back from Defendants about a proposed time to exchange the lists.  Accordingly, and given the urgency of the issues and the importance that the parties meet and confer in good faith in connection with the Court's Order, at 12:05 Waymo requested a 12:30 call with the Special Master, which the Special Master immediately scheduled. (Ex. 2.)  Initially, no one for Defendants showed up on the 12:30 call.  At approximately 12:35, however, Arturo Gonzalez (counsel for Uber) joined the call.  No other attorney representing any Defendant joined the call at any time, including those from Defendants who had discussed Waymo's proposal in the morning.  On the call, Mr. Gonzalez (who had not participated in the 10 AM call on these issues), said that he was personally drafting the top ten list on his computer at that very moment, and that his team had not yet discussed the top ten list with his client.  Mr. Gonzalez also indicated that he did not understand the specifics of Waymo's exchange proposal, despite the fact that Waymo first sent it before 10 AM and it was discussed by his colleague Ms. Ray on the 10 AM call with the Special Master, and during that conversation neither Ms. Ray nor anyone else representing Defendants suggested they did not understand Waymo's proposal.  Waymo explained on the 12:30 call that it was ready to exchange deposition lists immediately, and that its concern was that Defendants were intentionally delaying and avoiding a good faith meet and confer so that the Court would assign deposition dates for Waymo's witnesses – which may include Waymo and Google executives – without Waymo's being given the opportunity to inform the Court of existing scheduling conflicts so that he could consider those factors in setting the schedule.  Both Waymo and the Special Master requested that Uber agree to provide its

1  deposition list by no later than 2 PM, but Mr. Gonzalez refused saying only that he would try in good
2  faith. Waymo also explained that it was ready to provide its entire deposition list – which the sides
3  had already prepared and sent to the Special Master – and requested, along with the Special Master,
4  that both sides agree to an exchange so that the sides could meet and confer in good faith towards a
5  complete deposition schedule. Mr. Gonzalez refused that proposal as well. (Ex. 3.)

6  As a courtesy and in order to meet and confer in good faith, Waymo provided Defendants with
7  its top ten list at 2:41 PM, as well as proposed dates of availability for witnesses that it anticipated
8  Defendants may include on their list. (Ex. 3.) Those dates are:

| Name | Proposed Deposition Date |
|---|---|
| Andrew Schultz | July 11 |
| John Krafcik | August 2 |
| Gary Brown | July 12 |
| Pierre Droz | August 4 |
| Dmitri Dolgoz | August 8 |
| Ben Ingram | August 16 |
| Dan Chu | August 22 |
| Kristinn Gudjonsson | July 18 |
| Michael Janosko | July 26 |
| Chelsea Bailey | July 7 |
| Larry Page^ | July 17 |
| Sergey Brin^ | July 17 |
| David Drummond^ | July 17 |

24  Names with a ^ indicates that Waymo does not think these witnesses would be subject of
25  proper deposition notices, in particular under the apex doctrine.
26  Despite repeated requests from both Waymo and the Special Master, counsel for Defendants
27  refused to disclose its list, or even substantively respond to Waymo's proposal, and as of the time of
28  this filing Waymo still does not have any information about Defendants' list. Waymo respectfully

1 | requests that the Court grant Waymo the opportunity to take under consideration the available dates
2 | above and existing scheduling conflicts of its witnesses before assigning deposition dates.
3 |
4 | DATED: June 22, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP
5 |
6 |                                     By /s/ Charles K. Verhoeven
7 |                                        Charles K. Verhoeven
                                            Attorneys for WAYMO LLC