Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
Otto Trucking LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Waymo LLC,<br><br>Plaintiff,<br><br>v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>Defendants. | Case No. 3:17-cv-00939<br><br>**DEFENDANT, OTTO TRUCKING LLC'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>Trial Date:  October 10, 2017<br>Courtroom: 8, 19th Floor<br>Judge:       The Honorable William H. Alsup |

Defendant Otto Trucking LLC ("Otto Trucking") hereby answers and otherwise responds to Plaintiff Waymo LLC's ("Waymo") First Amended Complaint  ("FAC").  Otto Trucking's  responses are made without waiving, and expressly reserving, all rights Otto Trucking has to file dispositive motions addressed to some or all of the claims asserted in the FAC.  Except as expressly admitted herein, each and every factual allegation in the Complaint is denied.

## **INTRODUCTION**

1.   Otto Trucking admits that this is an action for trade secret misappropriation and patent infringement relating to Waymo's self-driving car technology. Pursuant to the Court's Order Granting Motion to Dismiss Unfair Competition Law Claim [Dkt. No. 576], Otto Trucking denies that this is an action for unfair competition relating to Waymo's self-driving car technology. Otto Trucking denies that it has taken Waymo's intellectual property.  Except as expressly admitted or denied, Otto Trucking states that this paragraph contains Plaintiff's statement of the case and legal arguments to which no response is required.

2.   Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 2.

3.   Otto Trucking lacks sufficient information to admit or deny the allegations of paragraph 3 concerning Waymo's alleged receipt of an email from one of its LiDar component vendors, and on that basis denies them. Except as expressly denied, Otto Trucking states that this paragraph contains legal arguments and conclusions to which no response is required.

4.   Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 4, and on that basis denies them.

5.   Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 5, and on that basis denies them.

6.   Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 6, and on that basis denies them.

7.   As it pertains to Otto Trucking, Otto Trucking denies the allegations of paragraph 7. Except as expressly denied, Otto Trucking lacks information to admit or deny the allegations of paragraph 7, and on that basis denies them.

8.   Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 8, and on that basis, denies them.

9.   Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 9, and on that basis denies them.

10. Insofar as this paragraph contains factual allegations, Otto Trucking states that it lacks information sufficient to admit or deny those allegations of paragraph 10, and on that basis denies them. Except as expressly denied, Otto Trucking states that this paragraph contains legal arguments and conclusions to which no response is required.

11. Otto Trucking states that this paragraph contains legal arguments and conclusions to which no response is required.

## PARTIES

12. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 12, and on that basis denies them.

13. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 13, and on that basis denies them.

14. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 14, and on that basis denies them.

15. Otto Trucking admits that Otto Trucking LLC is a limited liability company with its principal place of business located at 737 Harrison Street, San Francisco, California. Otto Trucking admits that it was formerly known as 280 Systems LLC.

16. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 16 as they pertain to Uber and Ottomotto LLC, and on that basis denies them. Otto Trucking denies that Uber acquired Otto Trucking in August 2016.

17. Otto Trucking denies the allegations of paragraph 17 as they pertain to Otto Trucking. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 17 as they pertain to Uber and Ottomotto LLC, and on that basis denies them.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

18. Otto Trucking admits that this Court has subject matter jurisdiction over Waymo's First, Third,  Fourth, and Fifth Causes of Action. Otto Trucking admits that this Court has supplemental jurisdiction over Waymo's Second and Sixth Causes of Action.  Except as expressly admitted, Otto Trucking denies the allegations of paragraph 18.

19. Otto Trucking admits that venue is proper. Except as expressly admitted, Otto Trucking denies the allegations of paragraph 19.

20. Otto Trucking admits that this Action is properly assigned under interdistrict assignment. Except as expressly admitted, Otto Trucking denies the allegations of paragraph 20.

## FACTUAL ALLEGATIONS

### A.  Google Pioneers The Self-Driving Car Space

21. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 21, and on that basis denies them.

22. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 22, and on that basis denies them.

23. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 23, and on that basis denies them.

24. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 24, and on that basis denies them.

25. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 25, and on that basis denies them.

26. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 26, and on that basis denies them.

27. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 27, and on that basis denies them.

### B.  Waymo Develops Its Own Proprietary LiDAR System Tailored For Mass-Marketed Self-Driving Cars

28. Otto Trucking admits that self-driving cars must be able to detect and understand the surrounding environment. Except as expressly admitted, Otto Trucking denies the allegations of paragraph 28 on the basis that it lacks sufficient evidence to admit or deny them.

29. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 29, and on that basis denies them.

30. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 30 that "LiDAR systems are made up of thousands of individual hardware and software components that can be configured in virtually limitless combinations and designs. LiDAR systems adapted for use in self-driving cars became commercially available in approximately 2007," and on that basis denies them. Otto Trucking denies the allegation that "Today, most firms in the self-driving space purchase LiDAR systems from third-party providers."

31. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 31, and on that basis denies them.

32. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 32, and on that basis denies them.

33. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 33, and on that basis denies them.

34. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 34, and on that basis denies them.

35. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 35, and on that basis denies them.

36. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 36, and on that basis denies them.

37. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 37, and on that basis denies them.

**C.  Uber Is Late To Enter The Self-Driving Car Market**

38. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 38, and on that basis denies them.

39. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 39, and on that basis denies them.

40. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 40, and on that basis denies them.

**D.  Unbeknownst To Waymo, Anthony Levandowski Lays The Foundation For Defendants To Steal Waymo's Intellectual Property Rather Than Compete Fairly In The Autonomous Vehicle Space**

41. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 41, and on that basis denies them.

42. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 42, and on that basis denies them.

43. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 43 and on that basis denies them.

44. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 44, and on that basis denies them.

45. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 45, and on that basis denies them.

46. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 46, and on that basis denies them.

47. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 47, and on that basis denies them.

48. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 48, and on that basis denies them.

49. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 49, and on that basis denies them.

**E.  Otto Continues To Misappropriate Waymo's Intellectual Property After Its Public Launch With Mr. Levandowski At The Helm**

50. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 50, and on that basis denies them.

51. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 51, and on that basis denies them.

52. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 52, and on that basis denies them.

53. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 53, and on that basis denies them.

54. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 54, and on that basis denies them.

**F.  After Only Six Months Of Official Existence, Otto Is Acquired By Uber For More Than Half A Billion Dollars**

55. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 55, and on that basis denies them.

56. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 56, and on that basis denies them.

**G.  Waymo Verifies Its Growing Suspicion That Otto And Uber Stole Its Intellectual Property**

57.  Insofar as this paragraph contains factual allegations, Otto Trucking states that it lacks information sufficient to admit or deny those allegations of paragraph 57, and on that basis denies them. Except as expressly denied, Otto Trucking states that this paragraph contains legal arguments and conclusions to which no response is required.

58. Insofar as this paragraph contains factual allegations, Otto Trucking states that it lacks information sufficient to admit or deny those allegations of paragraph 58, and on that basis denies them. Except as expressly denied, Otto Trucking states that this paragraph contains legal arguments and conclusions to which no response is required.

59. Otto Trucking states that paragraph 59 contains legal arguments and conclusions to which no response is required.

60. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 60, and on that basis denies them.

61. Insofar as this paragraph contains factual allegations, Otto Trucking states that it lacks information sufficient to admit or deny those allegations of paragraph 61, and on that basis denies them. Except as expressly denied, Otto Trucking states that this paragraph contains legal arguments and conclusions to which no response is required.

**H.   Waymo Has Been, And Will Be, Severely Harmed By Defendants' Infringement Of Waymo's Patents And Misappropriation of Waymo's Confidential And Proprietary Trade Secret Information**

62. Insofar as this paragraph contains factual allegations, Otto Trucking states that it lacks information sufficient to admit or deny those allegations of paragraph 62, and on that basis denies them. Except as expressly denied, Otto Trucking states that this paragraph contains legal arguments and conclusions to which no response is required.

63. Insofar as this paragraph contains factual allegations, Otto Trucking states that it lacks information sufficient to admit or deny those allegations of paragraph 63, and on that basis denies them. Except as expressly denied, Otto Trucking states that this paragraph contains legal arguments and conclusions to which no response is required.

64. Otto Trucking states that paragraph 64 contains legal arguments and conclusions to which no response is required.

65. Otto Trucking states that paragraph 65 contains legal arguments and conclusions to which no response is required.

## FIRST CAUSE OF ACTION

### (Violation of the Defend Trade Secrets Act)

66. Otto Trucking incorporates its responses to paragraphs 1-65 in response to paragraph 66.

67. Otto Trucking states that paragraph 67 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Otto Trucking denies the allegations of paragraph 67.

68. Otto Trucking states that paragraph 68 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Otto Trucking denies the allegations of paragraph 68.

69. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 69, and on that basis denies them.

70. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 70, and on that basis denies them.

71. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 71, and on that basis denies them.

72. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 72, and on that basis denies them.

73. .  Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 73, and on that basis denies them.

74. Otto Trucking states that paragraph 74 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Otto Trucking denies the allegations of paragraph 74.

75. Otto Trucking Otto Trucking denies the allegations of paragraph 75.

76. Otto Trucking  states that the allegations of paragraph 76 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Otto Trucking denies the allegations of paragraph 76.

77. Otto Trucking  states that the allegations of paragraph 77 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Otto Trucking denies the allegations of paragraph 77.

78. Otto Trucking  states that the allegations of paragraph 78 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Otto Trucking denies the allegations of paragraph 78.

## SECOND CAUSE OF ACTION

### (Violation of the California Uniform Trade Secret Act)

79. Otto Trucking incorporates its responses to paragraphs 1-78 in response to paragraph 79.

80. Otto Trucking states that paragraph 80 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Otto Trucking denies the allegations of paragraph 80.

81. Otto Trucking states that paragraph 81 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Otto Trucking denies the allegations of paragraph 81.

82. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 82, and on that basis denies them.

83. Otto Trucking denies the allegations of paragraph 83.

84. Otto Trucking denies the allegations of paragraph 84.

85. Otto Trucking states that paragraph  85 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Otto Trucking denies the allegations of paragraph 85.

86. Otto Trucking states that paragraph  86 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Otto Trucking denies the allegations of paragraph 86.

87. Otto Trucking states that paragraph 87 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Otto Trucking denies the allegations of paragraph 87.

88. Otto Trucking states that paragraph 88 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Otto Trucking denies the allegations of paragraph 88.

## **THIRD CAUSE OF ACTION**

### **(Infringement of Patent No. 8,836,922)**

89. Otto Trucking incorporates its responses to paragraphs 1-88 in response to paragraph 89.

90. Otto Trucking admits that on its face United States Patent No. 8,836,922 ("the '922 Patent") is entitled "Devices and Methods for a Rotating LiDAR platform with a Shared Transmit/Receive

Path" and bears an issue date of September 16, 2014.  Otto Trucking further admits that Exhibit A to the FAC purports to be a copy of the '922 patent. Except as admitted, Otto Trucking lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph, and on that basis denies them.

91.  Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 91, and on that basis denies them.

92. Otto Trucking states that paragraph 92 contains legal conclusions to which no response is required.

93. Otto Trucking denies the allegations of paragraph 93

94. Otto Trucking denies the allegations of paragraph 94.

95.  Otto Trucking denies the allegations of paragraph 95.

96. Otto Trucking denies the allegations of paragraph 96.

97. Otto Trucking denies the allegations of paragraph 97.

98. Otto Trucking denies the allegations of paragraph 98.

99. Otto Trucking denies the allegations of paragraph 99.

100. Otto Trucking denies the allegations of paragraph 100.

101. Otto Trucking denies the allegations of paragraph 101.

## FOURTH CAUSE OF ACTION

### (Infringement of Patent No. 9,285,464)

102. Otto Trucking incorporates by reference its responses to paragraphs 1-101 in response to paragraph 102.

103. Otto Trucking admits that on its face United States Patent No. 9,285,464 ("the '464 Patent") is entitled "Devices and Methods for a Rotating LiDAR platform with a Shared Transmit/Receive Path" and bears an issue date of March 15, 2014.  Otto Trucking further admits that Exhibit B to the FAC purports to be a copy of the '464 patent. Except as admitted, Otto Trucking lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph, and on that basis denies them.

104. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 104, and on that basis denies them.

105. Otto Trucking states that paragraph 105 contains legal conclusions to which no response is required.

106. Otto Trucking denies the allegations of paragraph 106.

107. Otto Trucking denies the allegations of paragraph 107.

108. Otto Trucking denies the allegations of paragraph 108.

109. Otto Trucking denies the allegations of paragraph 109.

110. Otto Trucking denies the allegations of paragraph 110.

111. Otto Trucking denies the allegations of paragraph 111.

112. Otto Trucking denies the allegations of paragraph 112.

113. Otto Trucking denies the allegations of paragraph.

114. Otto Trucking denies the allegations of paragraph 114.

## FIFTH CAUSE OF ACTION

### (Infringement of Patent No. 9,368,936)

115. Otto Trucking incorporates by reference its responses to paragraphs 1-114 in response to paragraph 115.

116. Otto Trucking admits that on its face United States Patent No. 9,368,936 ("the '936 Patent") is entitled "Laser Diode Firing System" and bears an issue date of June 14, 2016.  Otto Trucking further admits that Exhibit C to the FAC purports to be a copy of the '936 patent. Except as admitted, Otto Trucking lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph, and on that basis denies them.

117. Otto Trucking lacks information sufficient to admit or deny the allegations of paragraph 117, and on that basis denies them.

118. Otto Trucking states that paragraph 118 contains legal conclusions to which no response is required.

119. Otto Trucking denies the allegations of paragraph 119.

120. Otto Trucking denies the allegations of paragraph 120.

121. Otto Trucking denies the allegations of paragraph 121.

122. Otto Trucking denies the allegations of paragraph 122.

123. Otto Trucking denies the allegations of paragraph 123.

124. Otto Trucking denies the allegations of paragraph 124.

125. Otto Trucking denies the allegations of paragraph 125.

126. Otto Trucking denies the allegations of paragraph 126.

127. Otto Trucking denies the allegations of paragraph 127.

128. Otto Trucking denies the allegations of paragraph 128.

129. Otto Trucking denies the allegations of paragraph 129.

## SIXTH CAUSE OF ACTION[1]

### (Infringement of Patent No. 9,086,273)

130. Otto Trucking incorporates by reference its responses to paragraphs 1-129 in response to paragraph 130.

131. Waymo has withdrawn its claims on United States Patent No. 9,086,273 ("the '273 Patent"). [Dkt. No. 449]  Accordingly, Otto Trucking submits that no response to this allegation is required.

132. This allegation has been dismissed by the Plaintiff. [Dkt. No. 449].  Accordingly, Otto Trucking submits that no response to this allegation is required.

133. This allegation has been dismissed by the Plaintiff. [Dkt. No. 449].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

134. This allegation has been dismissed by the Plaintiff. [Dkt. No. 449].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

---

[1] Otto Trucking understands that Waymo has withdrawn this claim. *See* Opposition to Defendants' Motion for Summary Judgment of Non-Infringement [Dkt. No. 449]; Disclosure of Asserted Claims.

135. This allegation has been dismissed by the Plaintiff. [Dkt. No. 449].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

136. This allegation has been dismissed by the Plaintiff. [Dkt. No. 449].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

137. This allegation has been dismissed by the Plaintiff. [Dkt. No. 449].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

138. This allegation has been dismissed by the Plaintiff. [Dkt. No. 449].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

139. This allegation has been dismissed by the Plaintiff. [Dkt. No. 449].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

140. This allegation has been dismissed by the Plaintiff. [Dkt. No. 449].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

141. This allegation has been dismissed by the Plaintiff. [Dkt. No. 449].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

142. This allegation has been dismissed by the Plaintiff. [Dkt. No. 449].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

## SEVENTH CAUSE OF ACTION

### Violation of California Bus. & Prof. code § 17200

143. Otto Trucking incorporates by reference its responses to paragraphs 1-142 in response to paragraph 143.

144.  This allegation has been dismissed by the Court. [Dkt. No. 576].  Accordingly, Otto Trucking submits that no response to this allegation is required.   To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

145. This allegation has been dismissed by the Court. [Dkt. No. 576].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

146. This allegation has been dismissed by the Court. [Dkt. No. 576].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

147. This allegation has been dismissed by the Court. [Dkt. No. 576].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

148. This allegation has been dismissed by the Court. [Dkt. No. 576].  Accordingly, Otto Trucking submits that no response to this allegation is required. To the extent that a response is required, Otto Trucking denies the allegations of this paragraph.

## PRAYER FOR RELIEF

Otto Trucking denies all the allegations contained in the Prayer for Relief of the FAC and denies that Waymo is entitled to any of the relief therein or to any other relief whatsoever from Otto Trucking.

## AFFIRMATIVE AND OTHER DEFENSES

Otto Trucking hereby asserts the following separate, distinct, and non-exhaustive affirmative and other defenses to the claims and allegations contained in the FAC.  Otto Trucking's investigation of the allegations against it and its defenses thereto is continuing, and Otto Trucking reserves the right to seek leave to amend its Answer to plead additional defenses or to supplement its existing defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

**14**

149. Otto Trucking does not infringe and has not infringed any valid and enforceable claim of the '922 Patent, '464 Patent, '936 Patent, or '273 Patent (the "Asserted Patents"), either literally or under the doctrine of equivalents. Otto Trucking has no liability for alleged infringement of the Asserted Patents.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

150. The FAC fails to state any claim against Otto Trucking upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

151. The Asserted Patents are invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. § 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

## FOURTH AFFIRMATIVE DEFENSE

### (Trade secret claims- Waiver, Laches, estoppel)

152. Waymo's claims for relief, in whole or in part, are barred by the doctrines of waiver, laches, and/or estoppel.  At a minimum, Waymo is barred from recovering any pre-suit damages as a result of waiver and laches for its First, Second, and Sixth Causes of Action.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

153. Waymo's claims are barred, in whole or in part, because Otto Trucking acted in good faith at all relevant times.

## SIXTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

154. Waymo's claims are barred, in whole or in part, because it suffered no actual damages as a result of the actions alleged in the Complaint.

155. Waymo's claims for damages, if any, are barred because such damages, if they exist, are uncertain, vague, speculative, and/or remote and therefore not recoverable.

156. Waymo's claims for relief and prayer for damages are limited under 35 U.S.C. §§ 287-288.

**15**

**SEVENTH AFFIRMATIVE DFENSE**

**(Injunctive Relief Unavailable)**

157. Waymo is not entitled to injunctive relief, because, at a minimum, Waymo has an adequate remedy at law and because Waymo's claims otherwise fail to meet the requirements for such relief, including at least that Waymo will not suffer irreparable harm and public policy concerns weigh against injunctive relief.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

158.  Waymo's claims are barred in whole or in part by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

159. Waymo is estopped from construing any claim of the Asserted Patents to be infringed or have been infringed, either literally or under the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by Otto Trucking in view of the prior art and because of admissions or statements that applicants made to the USPTO during prosecution of the applications leading to the issuance of the Asserted Patents.

**TENTH AFFIRMATIVE DEFENSE**

**(No willful infringement)**

160. Waymo is not entitled to enhanced or increased damages for willful infringement because Otto Trucking has not engaged in any conduct that meets the applicable standard for willful infringement.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unjust enrichment)**

161. Waymo is barred from recovery in whole or in part to the extent that recovery by Waymo would constitute unjust enrichment and a windfall to Waymo.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

162. Waymo has failed to mitigate or attempt to mitigate its damages, if any.  Accordingly, recovery by Waymo must be diminished or barred by reason thereof, including its failure to take reasonable steps to prevent the purported harmful conduct or lessen the impact of any harmful conduct despite being aware of the potential for such conduct, if any, to occur.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

163. This action is barred, in whole or in part, by the doctrine of preemption.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Standing)

164. This action is barred, in whole or in part, because Waymo lacks standing to assert the claims alleged in this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Right to Amend)

165.  Otto Trucking reserves the right to amend this Answer if it acquires new or different information.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

166.  Waymo's claims are barred, in whole or in part, because they are subject to mandatory, binding arbitration.. Otto Trucking reserves its right to seek to compel individual arbitration.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (No trade secrets)

167. Waymo cannot prevail against defendants and cannot recover damages, if any, by reason of the absence of any trade secrets belonging to Waymo.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No improper access)

168. Otto Trucking did not gain access to any trade secret, if any, belonging to Waymo in confidence or by improper means.

### TWENTIETH AFFIRMATIVE DEFENSE

**17**

**(No reasonable steps to maintain secrecy)**

169. Waymo cannot prevail against defendants and cannot recover damages, if any, because Waymo did not take any reasonable steps to preserve the secrecy of its trade secrets, if any.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Res judicata)**

170. Waymo's claims are barred, in whole or in part, by the principles of res judicata, collateral estoppel, claim preclusion, judgment, or similar concepts.

### TWENT-THIRD DEFENSE

**(release)**

171. Some or all of Waymo's claims are barred, in whole or in part, by the doctrine of release.

### TWENTY-FOURTH DEFENSE

172. Waymo's claims are barred, in whole or in part, by the applicable statutes of limitations.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Cause of Injuries)**

173. Waymo's alleged injuries, if any, were caused, in whole or in part, by Waymo's own conduct, or the conduct of third parties.

### TYWENT-SIXTH AFFIRMATIVE DEFENSE

**(Lack of Proximate Cause)**

174. Waymo's alleged injuries, if any, were not proximately caused by any alleged conduct, act, omission, or breach of duty of Otto Trucking.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Substantial Compliance)**

175. Waymo's claims are barred, in whole or in part, because Otto Trucking  has acted in substantial compliance with each and every term of applicable law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Reservation of Right to Amend)**

176. Otto Trucking hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during discovery and hereby reserves the right to assert any such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Otto Trucking prays for relief as follows:

1. That Waymo takes nothing by their Complaint;

2. For Otto Trucking's cost of suit herein, including reasonable attorney's fees; and

3. For such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Defendant and Counter-Claimant Otto Trucking asserts the following counterclaims against Counter-Defendant Waymo.

## NATURE OF ACTION

1. This action arises under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2. Otto Trucking brings this action for a declaration that it does not infringe any claim of Counter-Defendant's U.S. Patent Nos. 8,836,922 ("the '922 patent"); 9,285,464 ("the '464 patent") or  9,368,936 ("the '936 patent") (collectively "the Asserted Patents").

## PARTIES

3. Otto Trucking LLC is a Limited Liability Company organized and existing under the State of Delaware with its principal place of business in San Francisco, California.  On information and belief, Waymo LLC is a subsidiary of Alphabet Inc. with its principal place of business in Mountain View, California.

## JURISDICTION

4. This is an action for declaratory relief under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

5. This court has personal jurisdiction because, on information and belief, Counter-Defendants have, and have had, continuous and systematic contacts with the State of California, including this district. On information and belief, the headquarters and principal place of business of Waymo is located in Mountain View, California.

6.   This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act. This Court has subject matter jurisdiction over Otto Trucking's declaratory judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202 because an immediate and substantial controversy exists between Otto Trucking and Counter-Defendant with respect to whether the Asserted Patents cover Otto Trucking's activities based on Counter-Defendant's assertion that Otto Trucking infringes U.S. Patent Nos. 8,836,922 ("the '922 patent"); 9,285,464 ("the '464 patent") or  9,368,936 ("the '936 patent").

7.   On February 23, 2017, Waymo filed suit against Otto Trucking alleging infringement of the '922 and '936 Patents.

8.   On March 10, 2017, Waymo filed an Amended Complaint, re-alleging infringement of the '922 and '936 patents and alleging for the first time infringement of the '464 patent.

9.   Because Waymo asserts rights under the Asserted Patents based on alleged ongoing activities of Otto Trucking, and Otto Trucking contends that it has not engaged in the alleged activities, there is a substantial, justiciable controversy between Otto Trucking and Waymo sufficient to warrant a declaratory judgment of their respective rights and duties.

## VENUE AND INTRADISTRICT ASSIGNMENT

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Otto Trucking and Waymo reside in this district. In addition, a substantial part of the events giving rise to the counterclaims at issue occurred in this district and Waymo is subject to personal jurisdiction within this district.

11. Pursuant to Civil Local Rules 3-5(b) and 3-2(c), intellectual property actions are assigned on a district-wide basis.

## CLAIMS FOR RELIEF

## COUNT I

**Declaratory Judgment of Noninfringement of U.S. Patent No. 8,836,922**

12. Paragraphs 1-12 are incorporated herein by reference.

**20**

13. Otto Trucking has not infringed and does not infringe any claim of the '922 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Otto Trucking does not infringe Claim 1 at least because it does not make, use, sell, offer to sell, or import within the United States a LiDAR device containing a single lens that transmits light pulses originating from one or more light sources and receiving light pulses that are then detected by one or more detectors.

14. In Waymo's Infringement Contentions under Patent L.R. 3-1, Waymo accuses Defendant Uber's Spider LiDAR System of infringing the '922 Patent.

15. Otto Trucking has not ever made the Spider LiDAR System.

16. Otto Trucking has not ever sold the Spider LiDAR System.

17. Otto Trucking has not ever imported the Spider LiDAR System.

18. Otto Trucking has not ever offered to sell the Spider LiDAR System.

19. Otto Trucking has not ever used the Spider LiDAR System.

20. As set forth above, an actual controversy exists between Otto Trucking and Waymo with respect to infringement of the '922 Patent and this controversy is likely to continue. Accordingly, Otto Trucking desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '922 Patent.

21. Such a declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT II

### Declaratory Judgment of Noninfringement of U.S. Patent No. 9,285,464

22. Paragraphs 1-12 are incorporated herein by reference.

23. Otto Trucking has not infringed and does not infringe any claim of the '464 Patent, either directly or indirectly, literally or under the doctrine of equivalents.  For example,  Otto Trucking does not infringe Claim 1 at least because it does not make, use, sell, offer to sell, or import within the United States a LiDAR device with a single lens that transmits light pulses originating from one or more light sources and receiving light pulses that are then detected by one or more detectors.

24. In Waymo's Infringement Contentions under Patent L.R. 3-1, Waymo accuses Defendant Uber's Spider LiDAR System of infringing the '464 Patent.

25. Otto Trucking has not ever made the Spider LiDAR System.

26. Otto Trucking has not ever sold the Spider LiDAR System.

27. Otto Trucking has not ever imported the Spider LiDAR System.

28. Otto Trucking has not ever offered to sell the Spider LiDAR System.

29. Otto Trucking has not ever used the Spider LiDAR System.

30.  As set forth above, an actual controversy exists between Otto Trucking and Waymo with respect to infringement of the '464 Patent and this controversy is likely to continue. Accordingly, Otto Trucking desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '464 Patent.

31. Such a declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT III

### Declaratory Judgment of Noninfringement of U.S. Patent No. 9,368,936

32. Paragraphs 1-12 are incorporated herein by reference.

33. Otto Trucking has not infringed and does not infringe any claim of the '936 Patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Otto Trucking does not infringe Claim 1 at least because it does not make, use, sell, offer to sell, or import within the United States a LiDAR device with a laser diode firing circuit which utilizes an inductor and a charging capacitor, where both the charging and discharge path are controllable via a single transistor gate signal.

34. In Waymo's Infringement Contentions under Patent L.R. 3-1, Waymo accuses Defendant Uber's Fuji LiDAR System of infringing the '936 Patent.

35. Otto Trucking has not ever made the Fuji LiDAR System.

36. Otto Trucking has not ever sold the Fuji LiDAR System.

37. Otto Trucking has not ever imported the Fuji LiDAR System.

38. Otto Trucking has not ever offered to sell the Fuji LiDAR System.

39. Otto Trucking has not ever used the Fuji LiDAR System.

40.  As set forth above, an actual controversy exists between Otto Trucking and Waymo with respect to infringement of the '936 Patent and this controversy is likely to continue. Accordingly, Otto Trucking desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '936 Patent.

41. Such a declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Otto Trucking prays that judgment be entered in its favor and requests:

(a) A judgment and declaration that Otto Trucking has not infringed and does not infringe in any manner any claim of the Asserted Patents, directly, contributorily, or by inducement, and has not otherwise infringed  or violated any rights by Waymo;

(b) An injunction against Waymo, its affiliates, subsidiaries, assigns, employees, agents, and/or anyone acting in privity or concert with Waymo from charging infringement or instituting any legal action for infringement of the Asserted Patents against Otto Trucking or anyone acting in privity with Otto Trucking, including the divisions, successors, assigns, agents, suppliers, manufacturers, contractors, and customers of Otto Trucking;

(c) A judgment and declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Otto Trucking to an award of its reasonable attorneys' fees, expenses, and costs in this action;

(d) An award to Otto Trucking of its costs and reasonable expenses to the fullest extent permitted by law; and

(e) An award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Otto Trucking hereby demands a jury trial on all claims as provided by Federal Rule of Civil Procedure 38.

1   Dated: June 22, 2017                          Respectfully submitted,

2
                                                  By: /s/ Neel Chatterjee
3                                                      Neel Chatterjee (SBN 173985)
                                                       nchatterjee@goodwinlaw.com
4                                                      **GOODWIN PROCTER LLP**
                                                       135 Commonwealth Drive
5                                                      Menlo Park, California 94025
                                                       Tel.: +1 650 752 3100
6                                                      Fax.: +1 650 853 1038

7                                                      Brett Schuman (SBN 189247)
                                                       bschuman@goodwinlaw.com
8                                                      Rachel M. Walsh (SBN 250568)
                                                       rwalsh@goodwinlaw.com
9                                                      **GOODWIN PROCTER LLP**
                                                       Three Embarcadero Center
10                                                     San Francisco, California 94111
                                                       Tel.: +1 415 733 6000
11                                                     Fax.: +1 415 677 9041

12                                                *Attorneys for Defendant*
                                                  *Otto Trucking LLC*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on June 22, 2017. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of June 2017.

/s/ Neel Chatterjee
Neel Chatterjee
