1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   ERIC A. TATE (CA SBN 178719)
    ETate@mofo.com
4   RUDY Y. KIM (CA SBN 199426)
    RudyKim@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482
    Telephone:     415.268.7000
7   Facsimile:      415.268.7522

8   KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
9   HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
10  BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
11  Washington DC  20005
    Telephone:     202.237.2727
12  Facsimile:      202.237.6131

13  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
14  and OTTOMOTTO LLC

15              UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17               SAN FRANCISCO DIVISION

18

19  WAYMO LLC,                          Case No.    3:17-cv-00939-WHA

20                 Plaintiff,           **UBER TECHNOLOGIES, INC. AND
                                        OTTOMOTTO LLC'S ANSWER TO
21        v.                            FIRST AMENDED COMPLAINT
                                        AND AFFIRMATIVE DEFENSES**
22  UBER TECHNOLOGIES, INC.,
    OTTOMOTTO LLC, and OTTO TRUCKING
23  LLC,

24                 Defendants.

25

26

27

28

Defendants Uber Technologies, Inc. ("Uber") and Ottomotto LLC ("Ottomotto") (collectively, "Defendants"), by their attorneys, hereby respond to the First Amended Complaint ("Complaint") of Plaintiff Waymo LLC ("Plaintiff") in the above-identified action as follows.

## PRELIMINARY STATEMENT

1.      Uber is a pioneer and recognized leader in urban transportation through its global ridesharing network that serves more than 550 cities every day. Founded in 2009, Uber introduced its groundbreaking smartphone app that provided an affordable ride with the push of a button. Uber has applied the data and intelligence from 1.2 billion miles on the road every month to transportation and delivery services across the globe. It serves more than 40 million monthly active riders worldwide.

2.      To further its mission of delivering reliable transportation to the world, Uber has built one of the strongest autonomous vehicle engineering groups in the industry. From the introduction of the world's first self-driving Ubers in Pittsburgh to its recently announced partnership with Daimler, Uber is creating a future in which self-driving cars will make cities and roads safer, cleaner, and more accessible.

**A.      Google Did Not Invent LiDAR Technology – LiDAR Was First Developed for Self-Driving Cars Before Google's Entry to the Field**

3.      LiDAR is a remote sensing technique that uses pulsed lasers to measure variable distances. Bursts of light are focused through a lens or lens assembly and emitted in rapid succession. A detector mounted near the emitter then measures the time it takes for the light to reflect off surrounding objects and return to the detector. From this measurement, the LiDAR system derives the distance of the surroundings. The distance measurements are then converted to pixels in a "point cloud," which is rendered as a 2-D or 3-D image. Scientists and engineers have long used LiDAR systems for mapping both natural environments and man-made structures. By 2006, a number of commercial products used LiDAR systems comprising single laser emitter/detector pairs and a rotating mirror, mounted on a gimbal, to generate 3-D point clouds.

4.      Self-driving cars pose several challenges for LiDAR systems. A self-driving car needs to see 360 degrees around the vehicle in order to navigate streets safely. The field of view

1     needs to extend both above the horizon and as close to the ground as possible. The update rate
2     per second has to be as high as possible, to minimize the lag between real-world events and
3     imaging by the LiDAR system.

4          5.       In 2004, the Defense Advanced Research Projects Agency ("DARPA") used

5     $1 million in Congressional funding to launch the Grand Challenge, the world's first long

6     distance competition for self-driving cars. No entrant completed the 150-mile course, and the

7     prize was doubled to $2 million for the Second Grand Challenge in 2005. In DARPA's

8     2005 Grand Challenge, one of the entrants was David Hall and his company Velodyne

9     Acoustics Inc., now Velodyne LIDAR Inc. ("Velodyne"). Velodyne applied the LiDAR

10    technology it developed to create the HDL-64E sensor. Mr. Hall's solution was to mount

11    multiple laser emitters, paired with avalanche photodiode detectors, within a housing and use a

12    rotary motor to rotate the housing about a base. The base could be mounted on a self-driving car.

13
        **B.**     **Uber Recruited Leading Pioneers and Engineers for Its Self-Driving Car Group**
14

15          6.       In early 2015, Uber began building one of the strongest autonomous vehicle

16    engineering groups in the field, to further its mission of creating safer, cleaner, and more

17    accessible transportation. In January 2015, Uber acquired a company called Carnegie Robotics,

18    which was co-founded by John Bares, a former director of the National Robotics Engineering

19    Center at Carnegie Mellon University ("CMU").

20          7.       CMU has an illustrious history in the world of self-driving cars. In the 1980s, for

21    example, DARPA funded CMU's NavLab to develop autonomous vehicles. In 1995, CMU's

22    NavLab 5 completed a trip from coast to coast in America, of which 98.2% of the driving was

23    achieved by autonomous systems. CMU's racing teams also won the 2007 Grand Challenge, the

24    first enclosed race in an urban environment.

25          8.       In February 2015, Uber announced the creation of the Uber Advanced

26    Technologies Center ("ATC") in Pittsburgh, Pennsylvania. Within a year and a half of setting up

27    the ATC, Uber launched its first self-driving Uber vehicles in Pittsburgh. They have been

28

operating on city streets since September 2015 and continue today to pick up passengers in Pittsburgh.

9.    In August 2016, Uber acquired Ottomotto, a startup with skilled engineers from Google, Apple, and Tesla, led by Anthony Levandowski.  Mr. Levandowski had been a pioneer in the self-driving vehicle field since he led a Berkeley team in the 2004 and 2005 Grand Challenge races.  His self-driving motorcycle, called the "Ghostrider," beat out dozens of four-wheeled competitors to make it to the semifinals in the 2005 race.  Today, the Ghostrider is in the Smithsonian.

10.    In partnership with Anheuser-Busch, Ottomotto completed the world's first shipment by a self-driving truck in October 2016.  The self-driving truck hauled 51,744 cans of Budweiser from Fort Collins to Colorado Springs, and Ottomotto's system controlled the truck exit-to-exit over the 120-mile journey on I-25, without any human intervention.

11.    Uber brought in Mr. Levandowski to lead Uber and Ottomotto's combined self-driving efforts across transportation, delivery, and trucking.  Uber conveyed to Mr. Levandowski that he should not bring any Google information into Uber and that Uber did not want any Google information.  Mr. Levandowski's employment with Uber has since been terminated.

## C.    Waymo's Claims Are Baseless

12.    As publicly reported in the press, Google's spun-off self-driving unit, Waymo, has introduced a pilot program in which consumers can hail self-driving cars.  More recently, Waymo announced a deal with Lyft, Inc. ("Lyft"), Uber's competitor in the ride-sharing business. Waymo and Lyft began talks in the summer of 2016 and publicized their deal in May 2017.

13.    Rather than compete with Uber in the self-driving vehicle and ride-sharing industries, Waymo has resorted to asserting baseless claims in this litigation.

14.    Waymo's Complaint alleges that Mr. Levandowski downloaded certain Waymo files prior to his resignation.  However, Ottomotto and its employees have never received, had access to, or used any alleged confidential Waymo files from Mr. Levandowski or anyone else. Likewise, upon Uber's acquisition of Ottomotto, Uber and its employees never received, had access to, or used any alleged confidential Waymo files.

15.     Uber and Ottomotto independently developed their own LiDAR systems and did not use any confidential and proprietary Waymo information from Mr. Levandowski or any other former Waymo employees.

16.     Waymo's patent infringement allegations are equally without merit. As explained above, LiDAR technology was first developed for self-driving cars long before Google's entry to the field. Innovators such as CMU and Velodyne developed different solutions to the challenges of self-driving cars. Waymo's asserted patents are directed to specific embodiments of LiDAR systems with very specific features. Uber and Ottomotto developed their own LiDAR systems featuring alternative solutions to the ones claimed in Waymo's patents. In particular, Uber and Ottomotto developed LiDAR technology utilizing multiple lenses for the transmission and receipt of laser light, distinct from the single-lens approach in Google's asserted patents. Uber and Ottomotto also developed their own firing circuit for the laser diodes in their LiDAR technology, distinct from the circuit in Google's asserted patent.

## RESPONSES TO WAYMO'S ALLEGATIONS

17.     In response to Paragraph 1 of the Complaint, Defendants admit that the Complaint alleges causes of action under the Defend Trade Secrets Act; California Uniform Trade Secret Act, Cal. Civ. Code § 3426 *et seq*.; infringement of Patent No. 8,836,922 (the "'922 patent"); infringement of Patent No. 9,368,936 (the "'936 patent"); infringement of Patent No. 9,086,273 (the "'273 patent"); infringement of Patent No. 9,285,464 (the "'464 patent"); and California Bus. & Prof. Code § 17200. Defendants lack knowledge or information sufficient to form a belief about why Plaintiff brings this action, and on that basis deny those allegations in Paragraph 1. Defendants deny all remaining allegations of Paragraph 1.

18.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 2, and on that basis deny them.

19.     In response to Paragraph 3 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about Plaintiff's purported correspondence with its vendor, and on that basis deny those allegations. Uber denies all remaining allegations of Paragraph 3.

20.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 4, and on that basis deny them.

21.     In response to Paragraph 5 of the Complaint, Defendants admit that Mr. Levandowski left Waymo in January 2016 and started 280 Systems, Inc. ("280 Systems") to focus on self-driving vehicles.  Defendants lack knowledge or information sufficient to form a belief about what Mr. Levandowski may have told colleagues regarding his plans to set up a new, self-driving vehicle company, and on that basis deny those allegations.  Defendants deny all remaining allegations of Paragraph 5.

22.     In response to Paragraph 6 of the Complaint, Defendants admit that a number of Waymo employees left Waymo to join 280 Systems.  Defendants deny all remaining allegations of Paragraph 6.

23.     In response to Paragraph 7 of the Complaint, Defendants admit that Ottomotto launched in May 2016 and was acquired by Uber in August 2016.  Defendants deny that Ottomotto was acquired for $680 million.  Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of this paragraph, and on that basis deny them.

24.     In response to Paragraph 8 of the Complaint, Defendants admit that Uber in 2015 announced a strategic partnership with Carnegie Mellon University and the creation of the Uber Advanced Technologies Center in Pittsburgh.  Defendants admit that, in an interview with Business Insider published on August 18, 2016, former Uber CEO Travis Kalanick responded to a question about "call[ing] the development of autonomous vehicles existential to the company" and "call[ing] buying Otto another existential move," stating "I think it starts with understanding that the world is going to go self-driving and autonomous."[1]  Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of this paragraph, and on that basis deny them.

---

[1] http://www.businessinsider.com/travis-kalanick-interview-on-self-driving-cars-future-driver-jobs-2016-8.

25.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 9, and on that basis deny them.

26.     In response to Paragraph 10 of the Complaint, Defendants admit that by late 2016, Uber represented to regulatory authorities in Nevada that it was no longer using an off-the-shelf, or third-party, LiDAR technology, but using an "[i]n-house custom built" LiDAR system. Defendants deny all remaining allegations of Paragraph 10.

27.     In response to Paragraph 11 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding Waymo's reasons for bringing this suit, and on that basis deny them. The allegations of Paragraph 11 also state legal conclusions and argument to which no response is required. Defendants deny all remaining allegations of Paragraph 11.

**PARTIES**

28.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 12, and on that basis deny them.

29.     Defendants admit the allegations of Paragraph 13.

30.     Defendants admit the allegations of Paragraph 14.

31.     Defendants admit the allegations of Paragraph 15.

32.     In response to Paragraph 16 of the Complaint, Defendants admit that Uber completed the acquisition of Ottomotto in August 2016. Defendants deny all remaining allegations of Paragraph 16.

33.     Defendants deny the allegations of Paragraph 17.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

34.     Defendants admit this Court has subject matter jurisdiction over this case under the statutory sections stated in Paragraph 18. Defendants deny the remaining allegations of this paragraph.

35.     In response to Paragraph 19 of the Complaint, Defendants admit that venue is proper in this district. Defendants admit that at least one Defendant resides in this judicial district, and that all Defendants are residents of the State of California. Defendants admit that a substantial

part of what is alleged in this Complaint occurred in this Judicial District. Defendants deny the remaining allegations of this paragraph.

36. In response to Paragraph 20 of the Complaint, Defendants admit that assignment of this action on a district-wide basis is proper. Defendants deny the remaining allegations of Paragraph 20.

## [WAYMO'S] FACTUAL ALLEGATIONS

37. Defendants deny the allegations of Paragraph 21.

38. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 22, and on that basis deny them.

39. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 23, and on that basis deny them.

40. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 24, and on that basis deny them.

41. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 25, and on that basis deny them.

42. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 26, and on that basis deny them.

43. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 27, and on that basis deny them.

44. In response to Paragraph 28 of the Complaint, Defendants admit that self-driving cars must be able to detect objects in the surrounding environment and that LiDAR uses lasers to measure distances between one or more sensors and external objects. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 28, and on that basis deny them.

45. In response to Paragraph 29 of the Complaint, Defendants admit that LiDAR hardware built for autonomous vehicles is typically mounted on the exterior of a vehicle and scans the surrounding environment with an array of lasers, and software analyzes the data received from LiDAR sensors. Defendants lack knowledge or information sufficient to form a

belief regarding the truth of the remaining allegations of Paragraph 29, and on that basis deny them.

46.     In response to Paragraph 30 of the Complaint, Defendants admit that LiDAR systems contain many individual components, and many firms in the self-driving space purchase LiDAR systems from third-party providers. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 30, and on that basis deny them.

47.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 31, and on that basis deny them.

48.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 32, and on that basis deny them.

49.     In response to Paragraph 33 of the Complaint, Defendants admit that the '922 and '464 patents are both entitled "Devices and Methods for a Rotating LiDAR Platform with a Shared Transmit/Receive Path"; were issued in 2014 and 2016, respectively; and are both directed to a single-lens design for LiDAR systems. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 33, and on that basis deny them.

50.     In response to Paragraph 34 of the Complaint, Defendants admit that the '936 patent is entitled "Laser Diode Firing System," was issued in 2016, and is directed to a laser diode firing circuit. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 34, and on that basis deny them.

51.     In response to Paragraph 35 of the Complaint, Defendants admit that the '273 patent is entitled "Microrod Compressions of Laser Beam in Combination with Transmit Lens" and was issued in 2015. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 35, and on that basis deny them.

52.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 36, and on that basis deny them.

1       53.      Defendants lack knowledge or information sufficient to form a belief regarding the

2  truth of the allegations of Paragraph 37, and on that basis deny them.

3       54.      In response to Paragraph 38 of the Complaint, Defendants admit that in

4  February 2015, Uber formed a partnership with Carnegie Mellon University ("CMU") that

5  resulted in Uber hiring certain faculty members, researchers, and technicians from CMU.

6  Defendants deny the other allegations of Paragraph 38.

7       55.      In response to Paragraph 39 of the Complaint, Defendants admit that by

8  early 2016, Uber had hired numerous engineers and robotics experts.  Defendants deny the other

9  allegations of Paragraph 39.

10       56.      Defendants deny the allegations of Paragraph 40.

11       57.      Defendants lack knowledge or information sufficient to form a belief regarding the

12  truth of the allegations of Paragraph 41, and on that basis deny them.

13       58.      Defendants admit that by November 2015, an Internet domain name for

14  280 Systems had been registered.  Defendants deny the remaining allegations of Paragraph 42.

15       59.      Defendants lack knowledge or information sufficient to form a belief regarding the

16  truth of the allegations of Paragraph 43, and on that basis deny them.

17       60.      Defendants lack knowledge or information sufficient to form a belief regarding the

18  truth of the allegations of Paragraph 44, and on that basis deny them.

19       61.      Defendants lack knowledge or information sufficient to form a belief regarding the

20  truth of the allegations of Paragraph 45, and on that basis deny them.

21       62.      Defendants lack knowledge or information sufficient to form a belief regarding the

22  truth of the allegations of Paragraph 46, and on that basis deny them.

23       63.      Defendants lack knowledge or information sufficient to form a belief regarding the

24  truth of the allegations of Paragraph 47, and on that basis deny them.

25       64.      In response to Paragraph 48 of the Complaint, Defendants admit that

26  Mr. Levandowski met with Uber executives on January 14, 2016.  Defendants deny all remaining

27  allegations of Paragraph 48.

28

1    65.    In response to Paragraph 49 of the Complaint, Defendants admit that 280 Systems

2    was formed in January 2016.  On information and belief, Defendants understand that on

3    January 25, 2016, Mr. Levandowski sent an email to Alphabet Inc.'s CEO Larry Page, stating that

4    Mr. Levandowski was ready to leave Google.  On information and belief, Defendants understand

5    that Mr. Page forwarded the email to Waymo's then-CTO Chris Urmson.  On information and

6    belief, Defendants understand that when Mr. Levandowski arrived for work on January 26, 2016,

7    Mr. Urmson removed Mr. Levandowski's badge.  On information and belief, Defendants

8    understand that Mr. Levandowski was taken to his desk to remove his personal belongings and

9    was escorted out.  Defendants deny all remaining allegations of Paragraph 49.

10    66.    Defendants admit the allegations of Paragraph 50.

11    67.    Defendants lack knowledge or information sufficient to form a belief regarding the

12    truth of the allegations of Paragraph 51, and on that basis deny them.

13    68.    Defendants lack knowledge or information sufficient to form a belief regarding the

14    truth of the allegations of Paragraph 52, and on that basis deny them.

15    69.    Defendants lack knowledge or information sufficient to form a belief regarding the

16    truth of the allegations of Paragraph 53, and on that basis deny them.

17    70.    Defendants lack knowledge or information sufficient to form a belief regarding the

18    truth of the allegations of Paragraph 54, and on that basis deny them.

19    71.    In response to Paragraph 55 of the Complaint, Defendants admit that Uber

20    completed the acquisition of Ottomotto in August 2016.  Defendants deny that the purchase price

21    was $680 million.  Defendants lack knowledge or information sufficient to form a belief

22    regarding the truth of the allegations of Paragraph 55, and on that basis deny them.

23    72.    In response to Paragraph 56 of the Complaint, Defendants admit that

24    Mr. Levandowski was named Vice President, in charge of Uber's self-driving vehicle project.

25    Defendants deny all remaining allegations of Paragraph 56.

26    73.    Defendants lack knowledge or information sufficient to form a belief regarding the

27    truth of the allegations of Paragraph 57, and on that basis deny them.

28

74.    In response to Paragraph 58 of the Complaint, Defendants deny ever using Waymo's trade secrets and patented LiDAR designs.  Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 58, and on that basis deny them.

75.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 59, and on that basis deny them.

76.    In response to Paragraph 60 of the Complaint, Defendants deny they have ever used Waymo's intellectual property.  Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 60, and on that basis deny them.

77.    In response to Paragraph 61 of the Complaint, Defendants deny that they are using or have ever used a custom LiDAR system with the same characteristics as Waymo's proprietary system.  Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 61, and on that basis deny them.

78.    In response to Paragraph 62 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of the first sentence of Paragraph 62, and on that basis deny them.  Defendants deny the remaining allegations of this paragraph.

79.    In response to Paragraph 63 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of the first three sentences of Paragraph 63, and on that basis deny them.  Defendants deny the remaining allegations of this paragraph.

80.    Defendants deny the allegations of Paragraph 64.

81.    Defendants deny the allegations of Paragraph 65.

## **FIRST CAUSE OF ACTION**

### **[Alleged] Violation of Defense of Trade Secret Act**

82.    Defendants incorporate by reference all of their responses above as though fully repeated herein.

83.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 67, and on that basis deny them.

84.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 68, and on that basis deny them.

85.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 69, and on that basis deny them.

86.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 70, and on that basis deny them.

87.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 71, and on that basis deny them.

88.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 72, and on that basis deny them.

89.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 73, and on that basis deny them.

90.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 74, and on that basis deny them.

91.    Defendants deny all allegations of Paragraph 75.

92.    Defendants deny all allegations of Paragraph 76.

93.    Defendants deny all allegations of Paragraph 77.

94.    Defendants deny all allegations of Paragraph 78.

## SECOND CAUSE OF ACTION

**[Alleged] Violation of California Uniform Trade Secret Act, Cal. Civ. Code § 3426 *et seq.***

95.    Defendants incorporate by reference all of their responses above as though fully repeated herein.

96.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 80, and on that basis deny them.

97.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 81, and on that basis deny them.

1   98.     Defendants lack knowledge or information sufficient to form a belief regarding the

2   truth of the allegations of Paragraph 82, and on that basis deny them.

3   99.     Defendants deny that they have misappropriated Plaintiff's trade secrets, and deny

4   all remaining allegations of Paragraph 83.

5   100.    Defendants deny all allegations of Paragraph 84.

6   101.    Defendants deny all allegations of Paragraph 85.

7   102.    In response to Paragraph 86 of the Complaint, Defendants deny that they have

8   misappropriated Plaintiff's trade secrets.  Defendants deny all remaining allegations of

9   Paragraph 86.

10  103.    In response to Paragraph 87 of the Complaint, Defendants deny that they have

11  misappropriated Plaintiff's trade secrets.  Defendants deny all remaining allegations of

12  Paragraph 87.

13  104.    In response to Paragraph 88 of the Complaint, Defendants deny that they have

14  misappropriated Plaintiff's trade secrets.  Defendants deny all remaining allegations of

15  Paragraph 88.

16                      **THIRD CAUSE OF ACTION**

17                **[Alleged] Infringement of Patent No. 8,836,922**

18  105.    Defendants incorporate by reference all of their responses above as though fully

19  repeated herein.

20  106.    In response to Paragraph 90 of the Complaint, Defendants admit that the

21  '922 patent is entitled "Devices and Methods for a Rotating LIDAR platform with a Shared

22  Transmit/Receive Path," and was issued on September 16, 2014.  Defendants lack knowledge or

23  information sufficient to form a belief regarding the truth of the remaining allegations of

24  Paragraph 90, and on that basis deny them.

25  107.    Defendants lack knowledge or information sufficient to form a belief regarding the

26  truth of the allegations of Paragraph 91, and on that basis deny them.

27  108.    The allegations of Paragraph 92 state legal conclusions and argument to which no

28  response is required.  Defendants deny the allegations of Paragraph 92.

1      109.    Defendants deny all allegations of Paragraph 93.

2      110.    In response to Paragraph 94 of the Complaint, Defendants deny that they have

3  infringed any of the claims of the '922 patent.  Defendants deny all remaining allegations of

4  Paragraph 94.

5      111.    In response to Paragraph 95 of the Complaint, Defendants admit that they have

6  developed LiDAR devices, but deny that they have infringed any of the claims of the '922 patent.

7      112.    Defendants deny the allegations of Paragraph 96.

8      113.    In response to Paragraph 97 of the Complaint, Defendants admit that they have

9  developed LiDAR devices, but deny that they have infringed any of the claims of the '922 patent.

10      114.    In response to Paragraph 98 of the Complaint, Defendants admit that they have

11  developed LiDAR devices, but deny that they have infringed any of the claims of the '922 patent.

12      115.    In response to Paragraph 99 of the Complaint, Defendants admit that they have

13  developed LiDAR devices, but deny that they have infringed any of the claims of the '922 patent.

14      116.    The allegations of Paragraph 100 state legal conclusions and argument to which no

15  response is required.  Defendants deny all remaining allegations of Paragraph 100.

16      117.    The allegations of Paragraph 101 state legal conclusions and argument to which no

17  response is required.  Defendants deny all allegations of Paragraph 101.

18  **FOURTH CAUSE OF ACTION**

19  **[Alleged] Infringement of Patent No. 9,285,464**

20      118.    Defendants incorporate by reference all of their responses above as though fully

21  repeated herein.

22      119.    In response to Paragraph 103 of the Complaint, Defendants admit that the

23  '464 patent is entitled "Devices and Methods for a Rotating LIDAR platform with a Shared

24  Transmit/Receive Path," and was issued on March 15, 2016.  Defendants lack knowledge or

25  information sufficient to form a belief regarding the truth of the remaining allegations of

26  Paragraph 103, and on that basis deny them.

27      120.    Defendants lack knowledge or information sufficient to form a belief regarding the

28  truth of the allegations of Paragraph 104, and on that basis deny them.

121. The allegations of Paragraph 105 state legal conclusions and argument to which no response is required. Defendants deny the allegations of Paragraph 105.

122. Defendants deny all allegations of Paragraph 106.

123. Defendants deny the allegations of Paragraph 107.

124. In response to Paragraph 108 of the Complaint, Defendants admit that they have developed LiDAR devices, but deny that they have infringed any of the claims of the '464 patent.

125. In response to Paragraph 109 of the Complaint, Defendants admit that they have developed LiDAR devices, but deny that they have infringed any of the claims of the '464 patent.

126. In response to Paragraph 110 of the Complaint, Defendants admit that they have developed LiDAR devices, but deny that they have infringed any of the claims of the '464 patent.

127. In response to Paragraph 111 of the Complaint, Defendants admit that they have developed LiDAR devices, but deny that they have infringed any of the claims of the '464 patent.

128. In response to Paragraph 112 of the Complaint, Defendants admit that they have developed LiDAR devices, but deny that they have infringed any of the claims of the '464 patent.

129. The allegations of Paragraph 113 state legal conclusions and argument to which no response is required. Defendants deny all remaining allegations of Paragraph 113.

130. The allegations of Paragraph 114 state legal conclusions and argument to which no response is required. Defendants deny all allegations of Paragraph 114.

## FIFTH CAUSE OF ACTION

### [Alleged] Infringement of Patent No. 9,368,936

131. Defendants incorporate by reference all of their responses above as though fully repeated herein.

132. In response to Paragraph 116 of the Complaint, Defendants admit that the '936 patent is entitled "Laser Diode Firing System," and was issued on June 14, 2016. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 116, and on that basis deny them.

133. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 117, and on that basis deny them.

1    134.    The allegations of Paragraph 118 state legal conclusions and argument to which no

2    response is required.  Defendants deny the allegations of Paragraph 118.

3    135.    Defendants deny all allegations of Paragraph 119.

4    136.    In response to Paragraph 120 of the Complaint, Defendants admit that they have

5    developed LiDAR devices, but deny that they have infringed any of the claims of the '936 patent.

6    137.    In response to Paragraph 121 of the Complaint, Defendants admit that they have

7    developed LiDAR devices, but deny that they have infringed any of the claims of the '936 patent.

8    138.    In response to Paragraph 122 of the Complaint, Defendants admit that they have

9    developed LiDAR devices, but deny that they have infringed any of the claims of the '936 patent.

10   139.    In response to Paragraph 123 of the Complaint, Defendants admit that they have

11   developed LiDAR devices, but deny that they have infringed any of the claims of the '936 patent.

12   140.    In response to Paragraph 124 of the Complaint, Defendants admit that they have

13   developed LiDAR devices, but deny that they have infringed any of the claims of the '936 patent.

14   141.    In response to Paragraph 125 of the Complaint, Defendants admit that they have

15   developed LiDAR devices, but deny that they have infringed any of the claims of the '936 patent.

16   142.    In response to Paragraph 126 of the Complaint, Defendants admit that they have

17   developed LiDAR devices, but deny that they have infringed any of the claims of the '936 patent.

18   143.    In response to Paragraph 127 of the Complaint, Defendants admit that they have

19   developed LiDAR devices, but deny that they have infringed any of the claims of the '936 patent.

20   144.    In response to Paragraph 128 of the Complaint, Defendants admit that they have

21   developed LiDAR devices, but deny that they have infringed any of the claims of the '936 patent.

22   145.    The allegations of Paragraph 129 state legal conclusions and argument to which no

23   response is required.  Defendants deny all allegations of Paragraph 129.

24   **SIXTH CAUSE OF ACTION**

25   **[Alleged] Infringement of Patent No. 9,086,273**

26   146.    Defendants incorporate by reference all of their responses above as though fully

27   repeated herein.

28

147.     In response to Paragraph 131 of the Complaint, Defendants admit that the '273 patent is entitled "Microrod Compression of Laser Beam in Combination with Transmit Lens," and was issued on July 21, 2015. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 131, and on that basis deny them. Plaintiff has indicated that it intends to withdraw its allegations of infringement of the '273 patent.

148.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 132, and on that basis deny them. Plaintiff has indicated that it intends to withdraw its allegations of infringement of the '273 patent.

149.     The allegations of Paragraph 133 state legal conclusions and argument to which no response is required. Defendants deny the allegations of Paragraph 133. Plaintiff has indicated that it intends to withdraw its allegations of infringement of the '273 patent.

150.     Defendants deny all allegations of Paragraph 134. Plaintiff has indicated that it intends to withdraw its allegations of infringement of the '273 patent.

151.     In response to Paragraph 135 of the Complaint, Defendants admit that they have developed LiDAR devices, but deny that they have infringed any of the claims of the '273 patent. Plaintiff has indicated that it intends to withdraw its allegations of infringement of the '273 patent.

152.     In response to Paragraph 136 of the Complaint, Defendants admit that they have developed LiDAR devices, but deny that they have infringed any of the claims of the '273 patent. Plaintiff has indicated that it intends to withdraw its allegations of infringement of the '273 patent.

153.     In response to Paragraph 137 of the Complaint, Defendants admit that they have developed LiDAR devices, but deny that they have infringed any of the claims of the '273 patent. Plaintiff has indicated that it intends to withdraw its allegations of infringement of the '273 patent.

154.     In response to Paragraph 138 of the Complaint, Defendants admit that they have developed LiDAR devices, but deny that they have infringed any of the claims of the '273 patent. Plaintiff has indicated that it intends to withdraw its allegations of infringement of the '273 patent.

155.     In response to Paragraph 139 of the Complaint, Defendants admit that they have developed LiDAR devices, but deny that they have infringed any of the claims of the '273 patent. Plaintiff has indicated that it intends to withdraw its allegations of infringement of the '273 patent.

156.     In response to Paragraph 140 of the Complaint, Defendants admit that they have developed LiDAR devices, but deny that they have infringed any of the claims of the '273 patent. Plaintiff has indicated that it intends to withdraw its allegations of infringement of the '273 patent.

157.     The allegations of Paragraph 141 state legal conclusions and argument to which no response is required.  Defendants deny all remaining allegations of Paragraph 141.  Plaintiff has indicated that it intends to withdraw its allegations of infringement of the '273 patent.

158.     The allegations of Paragraph 142 state legal conclusions and argument to which no response is required.  Defendants deny all allegations of Paragraph 142.  Plaintiff has indicated that it intends to withdraw its allegations of infringement of the '273 patent.

## SEVENTH CAUSE OF ACTION

### [Alleged] Violation of California Bus. & Prof. Code § 17200

159.     Defendants incorporate by reference all of their responses above as though fully repeated herein.

160.     The allegations of Paragraph 144 state legal conclusions and argument to which no response is required.  Defendants deny all allegations of Paragraph 144.  On June 8, 2017, the Court granted Defendants' motion to dismiss the Seventh Cause of Action.

161.     The allegations of Paragraph 145 state legal conclusions and argument to which no response is required.  Defendants deny all allegations of Paragraph 145.  On June 8, 2017, the Court granted Defendants' motion to dismiss the Seventh Cause of Action.

162.     The allegations of Paragraph 146 state legal conclusions and argument to which no response is required.  Defendants deny all allegations of Paragraph 146.  On June 8, 2017, the Court granted Defendants' motion to dismiss the Seventh Cause of Action.

163.     The allegations of Paragraph 147 state legal conclusions and argument to which no response is required.  Defendants deny all allegations of Paragraph 147.  On June 8, 2017, the Court granted Defendants' motion to dismiss the Seventh Cause of Action.

164. The allegations of Paragraph 148 state legal conclusions and argument to which no response is required. Defendants deny all allegations of Paragraph 148. On June 8, 2017, the Court granted Defendants' motion to dismiss the Seventh Cause of Action.

## PLAINTIFF'S PRAYER FOR RELIEF

165. Paragraphs 149 to 158 of the Complaint set forth a prayer for relief requested by the Plaintiff to which no response is required. For avoidance of doubt, Defendants deny that Plaintiff is entitled to the relief sought, or to any other relief, against Defendants.

## DEMAND FOR JURY TRIAL

166. Defendants demand a trial by jury of all issues in this action so triable.

## AFFIRMATIVE DEFENSES

167. Defendants allege the following as separate and affirmative defenses to the Complaint. By virtue of having listed the following defenses, Defendants do not assume any legal or factual burden not otherwise assigned to them under law.

### First Affirmative Defense

### (Arbitration Agreement)

168. Plaintiff's trade secret misappropriation and unfair competition claims are barred by a valid and binding arbitration agreement.

### Second Affirmative Defense

### (Failure to State a Claim)

169. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

### (No Trade Secret Misappropriation)

170. Defendants did not misappropriate any alleged trade secrets from Plaintiff.

171. Waymo has not asserted any protectable trade secret information.

### Fourth Affirmative Defense

### (Non-Infringement of the Asserted Patent '922)

172. Defendants have not infringed any valid and enforceable claim of the '922 patent, either directly or indirectly, literally or under the doctrine of equivalents.

**Fifth Affirmative Defense**

**(Non-Infringement of the Asserted Patent '936)**

173.    Defendants have not infringed any valid and enforceable claim of the '936 patent, either directly or indirectly, literally or under the doctrine of equivalents.

**Sixth Affirmative Defense**

**(Non-infringement of the Asserted Patent '273)**

174.    Defendants have not infringed any valid and enforceable claim of the '273 patent, directly, indirectly, contributorily, or by inducement.

**Seventh Affirmative Defense**

**(Non-infringement of the Asserted Patent '464)**

175.    Defendants have not infringed any valid and enforceable claim of the '464 patent, directly, indirectly, contributorily, or by inducement.

**Eighth Affirmative Defense**

**(Invalidity of the Asserted Patent '922)**

176.    One or more claims of the '922 patent are invalid and/or unenforceable for failure to meet the requirements of Title 35 of the United States Code, including without limitation Sections 102, 103, and/or 112.

**Ninth Affirmative Defense**

**(Invalidity of the Asserted Patent '936)**

177.    One or more claims of the '936 patent are invalid and/or unenforceable for failure to meet the requirements of Title 35 of the United States Code, including without limitation Sections 102, 103, and/or 112.

**Tenth Affirmative Defense**

**(Invalidity of the Asserted Patent '273)**

178.    One or more claims of the '273 patent are invalid and/or unenforceable for failure to meet the requirements of 35 U.S.C., including without limitation §§ 102, 103, and/or 112.

## Eleventh Affirmative Defense

### (Invalidity of the Asserted Patent '464)

179.    One or more claims of the '464 patent are invalid and/or unenforceable for failure to meet the requirements of Title 35 of the United States Code, including without limitation Sections 102, 103, and/or 112.

## Twelfth Affirmative Defense

### (No Unfair Competition)

180.    Plaintiff's claim under California Bus. & Prof. Code § 17200 is preempted by Plaintiff's claims under the Defend Trade Secrets Act and California Uniform Trade Secret Act, Cal. Civ. Code § 3426 *et seq.*  On June 8, 2017, the Court granted Defendants' motion to dismiss the Seventh Cause of Action for alleged violation of California Bus. & Prof. Code § 17200.

## Thirteenth Affirmative Defense

### (Estoppel)

181.    Plaintiff's claims are barred, in whole or in part, by its own conduct, actions, and inactions, which give rise to estoppel as to all claims and relief sought.

## Fourteenth Affirmative Defense

### (Acquiescence)

182.    Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## Fifteenth Affirmative Defense

### (Waiver)

183.    Plaintiff's claims are barred by the doctrine of waiver.

## Sixteenth Affirmative Defense

### (License)

184.    On information and belief, some or all of Plaintiff's products are licensed under the '922, '936, '273, and '464 patents, and/or are subject to the doctrines of patent exhaustion and expressed and/or implied license.

**Seventeenth Affirmative Defense**

**(Unavailability of Injunctive Relief)**

185.     Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate and irreparable, Plaintiff would have an adequate remedy at law to the extent if proves any injury, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

**Eighteenth Affirmative Defense**

**(No Damages)**

186.     Plaintiff's claims are barred because has not suffered any damages as a result of Defendants' conduct.

**Nineteenth Affirmative Defense**

**(Speculative Damages)**

187.     Plaintiff's alleged damages, if any, are speculative and are not recoverable.

**Twenteenth Affirmative Defense**

**(Failure to Mitigate)**

188.     Plaintiff's alleged damages, if any, are not recoverable to the extent Plaintiff failed to mitigate them.

**Twenty-first Affirmative Defense**

**(Mootness)**

189.     Plaintiff's claims are barred, in whole or in part, by the doctrine of mootness.

**Twenty-second Affirmative Defense**

**(Lack of Standing)**

190.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing.

**Twenty-third Affirmative Defense**

**(Reservation of Rights)**

191.     Defendants do not yet have knowledge of all facts and evidence surrounding this matter and, as a result, reserve their rights to amend their Answer to raise additional affirmative defenses as they are discovered.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendants pray for judgment as follows:

1.   That Plaintiff takes nothing by this action;

2.   That judgment be entered in favor of Defendants and against Plaintiff;

3.   That Defendants be awarded their costs of suit;

4.   That Defendants be awarded their attorney's fees incurred herein; and

5.   That the Court award Defendants such other and further relief as the Court may deem proper.


Dated: June 22, 2017                         MORRISON & FOERSTER LLP


                                     By:   */s/ Arturo J. González*
                                           ARTURO J. GONZÁLEZ

                                           Attorneys for Defendants
                                           UBER TECHNOLOGIES, INC.
                                           and OTTOMOTTO LLC