UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL ACQUISITION DOCUMENTS**<br><br>Re: Dkt. No. 515, 526, 529 |

This Order addresses the parties' motions filed in connection with Defendant Uber's motion to file under seal acquisition documents pursuant to the Court's May 25, 2017 oral order. (Dkt. No. 515.) After carefully considering the parties' submissions, the motions are GRANTED in part and DENIED in part for the reasons set forth below.

**DISCUSSION**

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. [Federal Rule of Civil Procedure] 26(c) authorizes a district court to override this presumption where 'good cause' is shown*." San Jose Mercury News, Inc. v. U.S. Dist. Ct*., 187 F.3d 1096, 1103 (9th Cir. 1999). Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79–5(a). A party must "narrowly tailor" its request to sealable material only. *Id*.

Uber seeks to seal, in their entirety, twelve documents connected to its acquisition of Ottomotto:

1. Agreement and Plan of Merger (Ottomotto) (Dkt. No. 515-3)
2. Exhibits to Agreement and Plan of Merger (Ottomotto) (Dkt. No. 515-4)
3. Indemnification Agreement (Dkt. No. 515-5)
4. Exhibit A to Indemnification Agreements (Dkt. No. 515-6)
5. Exhibit B to Indemnification Agreements (Dkt. No. 515-7)
6. Agreement and Plan of Merger (Otto Trucking) (Dkt. No. 515-8)
7. Exhibits to Agreement and Plan of Merger (Otto Trucking) (Dkt. No. 515-9)
8. Company Disclosure Schedules (Otto Trucking) (Dkt. No. 515-10)
9. Company Disclosure Schedules (Ottomotto) (Dkt. No. 515-11)
10. Agreement and Plan of Merger (Ottomotto) (Dkt. No. 515-12)
11. Agreement and Plan of Merger (Otto Trucking) (Dkt. No. 515-13)
12. Draft Term Sheet (Dkt. No. 515-14)

Uber argues that the documents listed above contain "highly confidential business information" that "could be used by competitors to Uber's detriment, including in the context of negotiating business deals." (Dkt. No. 515 at 2.[1]) In addition, Uber argues that its "competitive standing could be significantly harmed" if the Court made the Draft Term Sheet public, because the document discusses market strategy information and proprietary designs for Uber's custom LiDAR system. (*Id*. at 3.)

Plaintiff Waymo opposes Uber's motion, arguing Uber's "contention in their Motion that the Acquisition Documents should be sealed in their entirety is not consistent with the manner in which [Uber] designated these same documents in their production to Waymo." (Dkt. No. 526-3.) Waymo seeks to file under seal portions of its Opposition because Uber has designated such portions as confidential. (Dkt. No. 526.) Uber filed a Declaration in Support of Waymo's motion to seal its Opposition, arguing that portions of the Opposition contain "highly confidential

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

sensitive business information" that could be used by Uber's competitors to its detriment, as well as proprietary designs and market strategy information. (Dkt. No. 555 at 2-3.)

Uber also filed a Motion to Strike Waymo's Opposition, arguing that Waymo's Opposition violates procedural rules in the Protective Order in effect for this case. (Dkt. No. 529 at 2.)

**1. Uber's Acquisition Documents**

**A. The Draft Term Sheet (Dkt. No. 515-14)**

As explained in the Court's order granting in part and denying in part the parties' previous motions to seal (Dkt. No. 550), at a minimum, the Court will not seal the portions of the Draft Term Sheet that Uber did not seek to seal in connection with Waymo's Reply Brief. (Dkt. No. 488-1.) To the extent Uber seeks to seal these portions in its Draft Term Sheet, the motion is DENIED. In addition, Exhibit C to the Draft Term Sheet is squarely relevant to the issues presently before the Court and Uber has not demonstrated good cause to seal the Exhibit. This information does not reveal Uber's confidential corporate structure, is not marketing strategy, and is not technical.

Accordingly, the Court:

i. DENIES sealing of any portion of the Draft Term Sheet which Uber previously publicly filed (Dkt. No. 488-1);

ii. DENIES sealing of the paragraph starting with "The exercise of the Put . . ." in the "Put/Call Closing Conditions" section. (Dkt. No. 515-14 at 4);

iii. DENIES sealing of Exhibit C to the Term Sheet and its Attachments except for the following which may be sealed: (1) the indented paragraph beginning with "If the Closing occurs . . . ." (*Id*. at 51); (2) the timing referenced in the last paragraph on the same page;

iv. GRANTS sealing of the remainder of the Draft Term Sheet.

**B. The Indemnification Agreement (Dkt. Nos. 515-5, 515-6, 515-7)**

In accordance with the Court's previous orders (Dkt. Nos. 550 and 653), the Court DENIES sealing of the indemnification agreement and its exhibits, except for the following, which may be sealed:

i. The timing terms in section 2.3(a) (Dkt. No. 515-5 at 9);

3

    ii. The financial terms in section 2.5(a)-(b) (*Id*. at 9-10);

    iii. Mr. Levandowski's personal contact information (*Id*. at 13);

    iv. Mr. Ron's personal contact information (*Id*. at 14.)

**C.  Other Acquisition Documents**

The Court GRANTS Uber's motion to seal the remainder of the acquisition documents, with the following exceptions:

    i. The Uber/Otto Merger Agreement (Dkt. No. 515-3): Uber may file under seal the portions highlighted in Exhibit B to the declaration of Jeff Nardinelli in support of Waymo's Opposition to Defendants' Administrative Motion to File Documents under Seal (Dkt. No. 526-7), except for the portions challenged by Waymo's Opposition.  (Dkt. No. 526-3 at 3.)

    ii. Exhibits to the Merger Agreement (Dkt. No. 515-4): Uber may file under seal the portions highlighted in Exhibit C to the declaration of Jeff Nardinelli in support of Waymo's Opposition to Defendants' Administrative Motions to File under Seal (Dkt. No. 526-8), except for the portions challenged by Waymo's Opposition.  (Dkt. No. 526-3 at 3.)

**2.  Waymo's Motion to Seal its Opposition**

The Court DENIES Waymo's motion to seal the highlighted portions of its Opposition (Dkt. No. 526-3 at 2-3).  The Court GRANTS Waymo's motion to seal Exhibits A-C to the Nardinelli Declaration in Support of the Opposition (Dkt. Nos. 526-6, 526-7, 526-8), except for the portions challenged by Waymo's Opposition.  (As explained in Dkt. No. 526-3 at 2-3.)

**3.  Uber's Motion to Strike**

Uber argues that Waymo's Opposition violates the Patent Local Rule 2-2 Interim Model Protective Order in effect in this case ("Protective Order") (Dkt. No. 60), which requires Waymo to "provide written notice of each designation it is challenging" and "attempt to resolve each challenge in good faith."  However, parties have just four days to oppose an administrative motion to file under seal.  Civil L.R. 7-11(b).  A party cannot seek judicial intervention regarding a Protective Order challenge until 14 days after the meet-and-confer process has stalled; Uber's position would negate the local rule.

4

Accordingly, the Court DENIES Uber's Motion to Strike Waymo's Opposition to Defendants' Administrative Motion to File under Seal Acquisition Documents.  (Dkt. No. 529.)

**CONCLUSION**

For the reasons stated above, the parties' administrative motions to file under seal are GRANTED in part and DENIED in part.  The parties shall file public versions of their briefs and exhibits consistent with this Order by no later than June 30th, 2017.  *See* N.D. Cal. Civ. L.R. 79-5(f)(3).

This Order disposes of Docket Nos. 515, 526 and 529.

**IT IS SO ORDERED.**

Dated: June 23, 2017

*[signature: Jacqueline Scott Corley]*

JACQUELINE SCOTT CORLEY
United States Magistrate Judge