ANGELA L. PADILLA (CA SBN 154863)
angela.padilla@uber.com
NICOLE T. BARTOW (CA SBN 189655)
nbartow@uber.com
AARON BERGSTROM (CA SBN 264751)
abergstrom@uber.com
UBER TECHNOLOGIES, INC.
1455 Market Street, 4th Floor
San Francisco, California  94103
Telephone:  (415) 533-7652

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>   Defendant. | Case No.   3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S ACCOUNTING PURSUANT TO PARAGRAPH FOUR OF MAY 11, 2017 PRELIMINARY INJUNCTION ORDER**<br><br>Ctrm:   8, 19th Floor<br>Judge:   The Honorable William Alsup<br><br>Trial Date: October 10, 2017 |

Pursuant to the Court's May 11, 2017 Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief ("PR Order"), Defendants Uber Technologies, Inc. ("Uber") and Ottomotto LLC (collectively "Defendants") provide the following accounting setting forth persons who have seen or heard any part of any downloaded materials, or potentially downloaded materials,[1] what they saw or heard, when they saw or heard it, and for what purpose. Defendants also describe below the chains of custodians for copies of downloaded materials. Through counsel Defendants made inquiries of individuals at Uber, members of Uber's Board of Directors, Stroz Friedberg LLC, Morrison & Foerster LLP, Cooley LLP, Levine & Baker LLP, external counsel for Uber, Donahue Fitzgerald LLP (both individually and as counsel for Anthony Levandowski), Rogers Joseph O'Donnell, PC (as counsel for John Gardner), Ramsey & Ehrlich LLP (as counsel for Anthony Levandowski), suppliers, and O'Melveny & Myers LLP, which included individuals identified on Defendants' privilege logs.

Nothing in this accounting is an admission by Defendants of the relevance or admissibility of any information, for any purpose. Defendants reserve all objections as to competency, relevance, materiality, privilege, or admissibility related to the use of any information in this accounting as evidence for any purpose whatsoever in any subsequent proceeding in this trial or any other action. Defendants do not waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint defense or common-interest privilege or any other privilege, immunity, or other protection that may be asserted to protect information from disclosure.

---

[1] "Downloaded materials" was defined by the Court as "any and all materials that Anthony Levandowski downloaded from Waymo and kept upon leaving Waymo's employment, regardless of how long he kept them for and whether or not any such materials qualify as trade secrets or proprietary or confidential information." For purposes of this accounting, some individuals had seen or heard information that was obtained from Anthony Levandowski and from other custodians, but did not know specifically which custodian that information had been obtained from or whether that information was downloaded by Anthony Levandowski from Waymo. Accordingly, out of an abundance of caution, this accounting uses the term "potentially downloaded information" to mean information that could have been obtained from Anthony Levandowski's devices and that may be of uncertain origin.

## I.     UBER TECHNOLOGIES, INC.

Defendants sent a survey to every employee at Uber (over 11,000 individuals) and through counsel interviewed over 160 employees who responded that they had communications with Anthony Levandowski about LiDAR.  Through counsel Defendants verbally confirmed with each of those individuals that none of them has seen or heard content of downloaded materials. [2]

## II.    STROZ FRIEDBERG LLC AND EPIQ SYSTEMS, INC.

Stroz Friedberg collected and imaged Anthony Levandowski's personal devices for the purpose of preparing a due diligence report.  Through counsel Defendants interviewed 59 individuals at Stroz Friedberg, including Stroz Friedberg individuals identified on Defendants' privilege logs.  The following individuals at Stroz Friedberg saw portions of potentially downloaded materials at various times between March 2016 and the present for the purposes of preparing the due diligence report.  These individuals viewed portions of potentially downloaded materials on Stroz Friedberg's internal server using Stroz Friedberg's Relativity viewer:  Tara Allport, Cristina Antalik, Judith Branham, Hanley Chew, Mitchell Dobi, Eric Friedberg, Mary Fulginiti, Christine Gabitass, Jessica Madore, Melanie Maugeri, Kenneth Mendelson, Christine Oropeza, Joe Shapiro, Sharat Sridhar, Aditi Tatti, Charles Wille, and Wendy Wu.  These individuals confirmed that they did not send any downloaded materials to Defendants.

As set forth in Section IX.A. below, Relativity data including potential downloaded materials was sent on an encrypted hard drive to Epiq Systems, Inc. as a litigation support vendor.

## III.   MORRISON & FOERSTER LLP

Individuals at Morrison & Foerster viewed potentially downloaded materials in connection with the firm's representation of Uber in its acquisition of Ottomotto, as well as the firm's representation of Anthony Levandowski and Lior Ron in the *Google Inc. v. Levandowski and Ron* arbitration.  Through counsel Defendants interviewed 30 individuals at Morrison &

---

[2] Defendants also attempted to interview former Uber CEO Travis Kalanick.  However, due to recent personal events in Mr. Kalanick's life, including the death of his mother and his resignation as Chief Executive Officer of Uber, Defendants were not able to interview Mr. Kalanick prior to submitting this accounting.  Defendants intend to interview Mr. Kalanick imminently and will supplement this accounting as soon as possible, and no later than June 28, 2017.

Foerster, including Morrison & Foerster individuals identified on Defendants' privilege logs. From April 2016 until the time this litigation was filed, the following individuals at Morrison & Foerster read or viewed the exhibits to Stroz Friedberg's due diligence report: Elizabeth Balassone, Shouvik Biswas, Sarah Davis, Anna Ferrari, Teresa MacLean, Eric Tate, Diek Van Nort, Ethel Villegas, and Ben Williams. Anna Ferrari, a Morrison & Foerster associate who has been on maternity leave since January 2017, assisted Mr. Tate in providing legal advice to Uber at the time of the acquisition. At that time, Ms. Ferrari would have had access to the due diligence report and exhibits to the due diligence report and would have also reviewed additional information that may or may not have included downloaded materials. Similarly, Mr. Tate would have reviewed additional information that may or may not have included downloaded materials. Elizabeth Balassone, Anna Ferrari, and Benjamin Williams reviewed potentially downloaded materials in Stroz Friedberg's Relativity database. All individuals confirmed that they did not send any downloaded materials to Defendants.

### IV.   COOLEY LLP AND LEVINE & BAKER LLP

Through counsel Defendants interviewed the individuals from Cooley and from Levine & Baker identified on Defendants' privilege logs. None of these individuals has seen or heard content from downloaded materials.

### V.   EXTERNAL COUNSEL FOR UBER

Through counsel Defendants interviewed external counsel for Uber, who are not counsel of record in this litigation and whose representation of Uber is confidential. The six attorneys who received and reviewed copies of the due diligence report and exhibits in connection with their representation of Uber confirmed that no additional copies were circulated. These individuals confirmed that they did not send any downloaded materials to Defendants.

### VI.   ANTHONY LEVANDOWSKI AND COUNSEL

Through counsel Defendants attempted to interview individuals at Donahue Fitzgerald who appear on Defendants' privilege log. Through counsel Defendants sent three emails to John Gardner requesting an interview, on June 13, June 19, and June 20. The last email also requested an interview with Anthony Levandowski. No response has been received. Through counsel

Defendants also sought an interview with John Gardner through his counsel, Merri Baldwin of Rogers Joseph O'Donnell, P.C., who did not respond to Defendants' requests.  Through counsel Defendants contacted Miles Ehrlich of Ramsey & Ehrlich LLP to request an interview of Mr. Levandowski, but Mr. Ehrlich declined the request based on Mr. Levandowski's Fifth Amendment rights.

### VII.  SUPPLIERS

Defendants counsel attempted to but were unable to connect with two suppliers, who had responded to a survey indicating that they had communications with Anthony Levandowski related to LiDAR, to determine whether they had seen or heard downloaded materials.  Defendants' counsel called and emailed Oryx Vision multiple times without success.  Defendants' counsel also reached out to Princeton Lightwave by phone and email, but were unsuccessful in conducting interviews as Princeton Lightwave directed Defendants to make a written request for information, and upon receipt of Defendant's written request directed Defendants to speak with its counsel.  Princeton Lightwave's counsel provided an email response indicating that counsel needs time to conduct an investigation to determine whether they possess any relevant information.  Defendants will supplement this accounting regarding Princeton Lightwave as soon as possible.

### VIII.  O'MELVENY & MYERS LLP

Through counsel, Defendants have attempted to conduct interviews with lawyers from O'Melveny & Myers who appear on Uber's privilege log.  Exhibit A hereto includes an email to Brian Kramer of Morrison & Foerster from O'Melveny's general counsel, Martin S. Checov, informing Mr. Kramer that because Google is a client of O'Melveny its lawyers will not voluntarily assist Uber with its inquiry without the informed written consent of Google.  O'Melveny explained that it does not represent Google in the instant action and asked Mr. Kramer to obtain the consent from Google through appropriate contacts.  Morrison & Foerster subsequently contacted Quinn Emanuel to attempt to obtain such consent.  Quinn Emanuel—in the attached email from David Perlson to Wendy Ray of Morrison & Foerster (also included in

Exhibit A hereto)—informed Ms. Ray that it did not think her request was "appropriate" and directed Morrison & Foerster back to O'Melveny.

### IX. CHAIN OF CUSTODIANS FOR DOWNLOADED MATERIALS OR DUE DILIGENCE REPORT REFERENCING DOWNLOADED MATERIALS

#### A. Drives Containing Potentially Downloaded Materials

Stroz Friedberg imaged Anthony Levandowski's personal devices on March 22, 2016, as part of the due diligence project. Stroz retained all personal devices except for Mr. Levandowski's phone. Stroz made and retained two copies of the forensic image. User-generated content was extracted and processed into a Relativity server for review, and the remaining content was evaluated by Stroz Friedberg's forensic team. Two copies of the Relativity data were created: one was sent to John Gardner as counsel for Mr. Levandowski and the other was sent to Epiq Systems, Inc. ("Epiq") at the request of Morrison & Foerster in its capacity as counsel for Mr. Levandowski in the *Google v. Levandowski and Ron* arbitrations and currently is being stored at Epiq.

#### B. Copies of the Due Diligence Report Without Exhibits

The following individuals received copies of the due diligence report without exhibits: Tara Allport and Wendy Wu of Stroz Friedberg; four attorneys at Paul Weiss (who received it from then-Uber board member Bill Gurley); former Uber board member Bill Gurley (who received it from Uber in-house counsel Angela Padilla); former Uber board member David Bonderman (who received it from Uber's in-house counsel; Mr. Bonderman subsequently shredded his copy); Uber board member Arianna Huffington (who received it from Uber's in-house counsel); Nicole Bartow, Aaron Bergstrom, Andrew Glickman, Todd Hamblet, Christian Lymn, Angela Padilla, Justin Suhr, Robert Wu, and Salle Yoo of Uber's internal Legal Team (Angela Padilla and Justin Suhr received it from Morrison & Foerster and from there it was distributed to the above Uber in-house attorneys); Adam Bentley of Uber (who received it from O'Melveny & Myers); John Gardner of Donahue Fitzgerald (who received it from Stroz Friedberg); Eric Amdursky of O'Melveny & Myers (who received it from Stroz Friedberg); and Anthony Levandowski and Lior Ron.

### C.   Copies of the Due Diligence Report With Exhibits

Defendants provide the following the location of copies of the due diligence report and its exhibits. Two copies reside on Morrison & Foerster's shared drive accessible only to members of this case team; two partners and one associate from Morrison & Foerster have copies in their offices; electronic copies of the due diligence report, the addendum to the due diligence report, and certain exhibits to the due diligence report reside in Morrison & Foerster's email records; and six external counsel for Uber have copies of the report that were provided to them by Uber's in-house counsel and the exhibits that were sent to them electronically by Morrison & Foerster. Alisa Baker of Levine & Baker has a copy of the report that she received from Stroz Friedberg with only some exhibits, none of which contain downloaded material.

Dated: June 23, 2017                    UBER TECHNOLOGIES, INC.


                                        By:  */s/ Aaron J. Bergstrom*
                                               AARON J. BERGSTROM

                                        Attorneys for Defendants
                                        UBER TECHNOLOGIES, INC.
                                        and OTTOMOTTO LLC

**VERIFICATION**

I, Aaron Bergstrom, declare:

I am Senior Counsel, Litigation for Uber Technologies, Inc. ("Uber"), and am an authorized representative of Uber.

I have reviewed the foregoing DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S ACCOUNTING PURSUANT TO PARAGRAPH FOUR OF MAY 11, 2017 PRELIMINARY INJUNCTION ORDER ("Accounting").

The matters stated in the Accounting are not wholly within my personal knowledge. I have read the foregoing Accounting, know the contents thereof and, upon information and belief, state that they are true based on my own personal knowledge and/or information obtained from Uber's records and files and from Uber's employees and/or agents.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 23, 2017 at San Francisco, California.

*/s/ Aaron J. Bergstrom*            .
AARON J. BERGSTROM