# RAMSEY | EHRLICH LLP

## ATTORNEYS AT LAW

June 23, 2017

**VIA ECF**

Magistrate Judge Jacqueline Scott Corley
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

*Re: Waymo LLC v. Uber Technologies, Inc.*, et al., Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Non-party Anthony Levandowski requests clarification regarding the Court's order granting Waymo's motion to compel Stroz documents (Dkt. 670). We seek clarification on two points: 1) whether the Court's order that Stroz produce any materials with respect to Mr. Levandowski is stayed until further order of the district court; and 2) whether Waymo's requests for Stroz to produce the diligenced employees' devices or images of those devices is stayed until the Court has the opportunity to hear the parties' and Mr. Levandowski's positions regarding the appropriate protocol to protect the diligenced employees' privacy interests.

The Stay

On June 21, 2017, this Court ordered Stroz to produce documents responsive to the requests in the subpoena by Tuesday, June 27, 2017. Dkt. 670 at 8-11. The Court's order contemplates that the parties and Mr. Levandowski may file objections to the order, and states that any such objections "must be filed with the district court by Friday, June 23, 2017." *Id.* at 11. Mr. Levandowski will be filing a Motion for Relief later today.

We understand that earlier today the Court ruled from the bench that, unless a subsequent order issues, the Court's June 21 order is stayed pending the Court's resolution of Uber's Motion for Relief, which Uber will file today. We request clarification that the Court's June 21 order, Dkt. 670, is also stayed pending the Court's resolution of Mr. Levandowski's Motion for Relief.

Protocol

This Court's June 21, 2017 order notes that "the Court will address whether a protocol is appropriate to protect any privacy interests" once the Court resolves Mr. Levandowski's pending attorney-client issues. Dkt. 670 at 9:17-22. We seek clarification that Stroz is not required to produce any of Mr. Levandowski's devices or images of such devices, to the extent it has any, before the Court has had an opportunity to address the appropriate protocols to protect the

significant privacy issues Mr. Levandowski raised to the Court.  *See, e.g.,* Dkt. 583 at 8; Dkt. 652 at 4.

Respectfully submitted,

*/s/ Ismail J. Ramsey*

Ismail Ramsey
RAMSEY & EHRLICH LLP
*Counsel for Non-Party Anthony Levandowski*

cc: Counsel of record (via ECF); Special Master John Cooper