MILES EHRLICH (Bar No. 237954)
miles@ramsey-ehrlich.com
ISMAIL RAMSEY (Bar No. 189820)
izzy@ramsey-ehrlich.com
AMY CRAIG (Bar No. 269339)
amy@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

Attorneys for Non-Party Anthony Levandowski

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC., *et al.*,<br><br>　　　　　Defendants. | Case No.: C 17-00939 WHA<br><br>**NON-PARTY ANTHONY LEVANDOWSKI'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; AND [PROPOSED] ORDER** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that non-party Anthony Levandowski seeks relief pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636 from the order of Magistrate Judge Corley granting Waymo LLC's motion to compel compliance with a subpoena issued by Waymo to Stroz Friedberg, LLC. *See* Dkt. 670. We ask the Court to set aside Judge Corley's order, grant Mr. Levandowski's motion to quash the subpoena, and deny Waymo's motion to compel to the extent it is inconsistent with the motion to quash.

This motion is based on this notice of motion and motion, the below memorandum of

LEVANDOWSKI'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; AND [PROPOSED] ORDER   Case No. C 17-00939 WHA

i

points and authorities, the pleadings, files, and records in this case, as well as other written or oral argument which may be presented at the hearing.

Date:   June 23, 2017                                  Respectfully submitted,

/s/ _____
Miles Ehrlich
Ismail Ramsey
Amy Craig
Ramsey & Ehrlich LLP
*Counsel for Non-Party Anthony Levandowski*

LEVANDOWSKI'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; AND [PROPOSED] ORDER   Case No. C 17-00939 WHA

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

On June 21, 2017, Magistrate Judge Corley granted Waymo LLC's motion to compel compliance with its Rule 45 subpoena to Stroz Frieberg, LLC.  Dkt. 670.  Non-party Anthony Levandowski had intervened in an effort to quash the subpoena to the extent it would require production of records protected by his Fifth Amendment, common interest, attorney-client and/or work product privileges, *see* Dkt. 583, but Judge Corley overruled Mr. Levandowski's privilege claims and denied his motion to quash, Dkt. 670 at 1-6.

As Judge Corley observed, many of the arguments in Mr. Levandowski's motion to quash had previously been addressed by Judge Corley in an order granting Waymo's closely-related motion to compel production of a report authored by Stroz.  *See* Dkt. 670 at 1 (citing Dkt. 566).  Mr. Levandowski has already filed a motion seeking relief from the earlier order, *see* Dkt. 574 & 607, and incorporates those objections herein.[1]  We also submit the following additional points for why Judge Corley's new order must be set aside.

**Standard of Review**

As Judge Corley's order implicates Mr. Levandowski's constitutional rights—namely, his Fifth Amendment privilege against self-incrimination under *Fisher v. United States*, 425 U.S. 391 (1975) and its kin, *see* Dkt. 583 at 3-7—this Court must review the order on a *de novo* basis. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) (stating that the delegation of decisions to a magistrate judge on issues involving constitutional rights does not violate Article III "so long as the ultimate decision is made by the district court"); *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1070-72 (9th Cir. 2004).

**Objections**

**1.**   ***Objection 1*: Judge Corley Continues to Apply a Faulty Construction of the Law**

Both of Judge Corley's orders rely fundamentally on the conclusion that Mr. Levandowski cannot claim a privilege over communications with Stroz because Stroz was not an agent retained by Mr. Levandowski himself.  Dkt. 670 at 2-3; Dkt. 566 at 11-13.  That is wrong.

---

[1] We recognize that this Court recently affirmed some of the primary holdings that formed the basis for both the present order and Judge Corley's earlier order concerning the Stroz report. Dkt. 685. We nevertheless proceed with these objections in order to preserve Mr. Levandowski's appellate rights.

LEVANDOWSKI'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; AND [PROPOSED] ORDER   Case No. C 17-00939 WHA

The law is clear that parties to a common interest agreement may communicate between themselves in various manners—and the privilege protects a confidential communication between one party and another party's attorney.  *See United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012); *United States v. Austin*, 416 F.3d 1016, 1021 (9th Cir. 2005); *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989); *Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 578 (N.D. Cal. 2007); Dkt. 574 at 1-3; Dkt. 607 at 1.  Thus, it does not matter that Stroz was an agent of Uber rather than Mr. Levandowski himself, so long as Uber and Mr. Levandowski were seeking joint legal advice under a common interest agreement.

**2.     *Objection 2*: Judge Corley Errs in Finding that the Parties Lacked a Common Legal Interest and Did Not Act Jointly for a Common Purpose**

Judge Corley also finds that Mr. Levandowski did not have a common legal interest with Uber in the Stroz investigation because Uber "hired Stroz to investigate Levandowski" and to help it determine whether to purchase the Otto entities.  Dkt. 670 at 3-5.  This finding is clearly erroneous: the record demonstrates that Mr. Levandowski did have a common legal interest with Uber and the other common interest parties, and that all parties acted jointly in connection with the Stroz investigation and report.

First, Mr. Levandowski did not mean to suggest that the Term Sheet alone obligated Uber to indemnify Mr. Levandowski.  Dkt. 670 at 3.  Rather, our point is that the indemnification provisions in the Term Sheet, which was signed on February 22, 2016, (a) constitute contemporaneous evidence that the parties were anticipating litigation, and (b) gave Mr. Levandowski, Uber, and the other parties a common legal interest in that potential litigation.

Second, Judge Corley misconstrues the importance of letters sent in March 2016 by Mr. Levandowski's counsel to Stroz.  *Id.* at 4.  The letters noted that Mr. Levandowski and Otto shared a "common legal interest in the subject matter of the Stroz Examination."  Dkt. 566 at 4.  The letter is "contemporaneous evidence," *see* Dkt. 670 at 4, that Mr. Levandowski and his counsel believed they had a common legal interest with Uber.  If Uber and Mr. Levandowski were, as Judge Corley contends, merely adversaries on different "side[s] of [a] proposed transaction," *id.*, then the phrase in the letter would make no sense: Mr. Levandowski would

have no "legal interest" at all in the Stroz investigation.

Third, contrary to Judge Corley's conclusion, the Stroz engagement letter *does* "support Levandowski's assertion of a March 2016 joint defense agreement." *Id.* Whether the engagement letter was actually signed in March or April 2016, it expressly recites that the Stroz engagement was designed to "understand certain factual matters potentially related to potential litigation." Judge Corley finds that the engagement was executed on April 2016, and concludes that it is therefore "not probative of an earlier common interest" agreement. *Id.* But this would imply that in April 2016 the joint-defense parties (1) for the first time anticipated jointly defending litigation; (2) anticipated that their common interest agreement might be subject to challenge during that litigation; (3) drafted a letter reciting a false joint legal interest; and (4) backdated the letter in a devious attempt to stretch their privilege backward in time. Judge Corley's finding is contrary to the evidence and clearly erroneous: there was no plot among the parties to retroactively concoct a privilege. Rather, as demonstrated by the numerous unrebutted declarations, the attorneys and clients entered into a joint defense agreement from the beginning.

Fourth, Judge Corley faults the parties for failing to "point to . . . contemporaneous evidence" of the common interest agreement. *Id*. As discussed above, this conclusion is factually incorrect—we *have* cited contemporaneous evidence, including Mr. Levandowski's counsel's March 2016 letters and the Stroz engagement letter. More broadly, Judge Corley's conclusion should be rejected because it runs counter to the Ninth Circuit's holding that a common interest agreement may be established orally or "implied from conduct and situation." *Gonzalez*, 669 F.3d at 979. By definition, an oral agreement will not be evidenced by contemporaneous formal writings. The only way to properly implement *Gonzalez* is to permit parties to prove a common interest agreement through subsequent declarations—which is exactly the type of evidence that is now before the Court. Indeed, as discussed, in this case the record contains somewhat more evidence than would be present in the usual oral joint-defense case.

Fifth, Judge Corley repeats her previous finding that the parties' declarations were "unpersuasive." Dkt. 670 at 5 (citing Dkt. 566 at 20). These findings primarily rely on Judge Corley's perception that the declarations fail to address the agreement contained in the Term

LEVANDOWSKI'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; AND [PROPOSED] ORDER   Case No. C 17-00939 WHA

Sheet. Dkt. 566 at 20. But whatever minor imperfections may appear in the declarations in that regard, they cannot outweigh the plain import of the declarations, which together attest—repeatedly—that the parties retained Stroz as part of an effort to prepare for potential litigation.

Moreover, the attorneys involved in the Stroz investigation efforts and communications were Uber's *litigation* counsel, *not* separate corporate transactional counsel who had been engaged to handle the Uber-Otto deal; indeed, the Stroz materials were not shared with transactional counsel. *See, e.g.*, Dkt. 370 ¶¶ 3 & 9-10, 20; Dkt. 375 ¶ 3; Dkt. 378 ¶¶ 2-5; Dkt. 381 ¶¶ 4-6; Dkt. 383 ¶¶ 2-3. This is strong evidence that Stroz was engaged to gather information relevant to potential litigation, not to guide the decision whether to "sign the Put Call Agreement," *see* Dkt. 566 at 15-16, or any other business matter.

Finally, even if the parties had both business and legal purposes, the privilege would still apply. *In re Regents of Univ. of California*, 101 F.3d 1386, 1390 (Fed. Cir. 1996) (an overlap of a commercial and legal interest does not negate the effect of the legal interest for purposes of the common interest doctrine); *Morvil Tech., LLC v. Ablation Frontiers, Inc.*, No. 10-CV-2088-BEN (BGS), 2012 U.S. Dist. LEXIS 30815, at *8 (S.D. Cal. Mar. 8, 2012) (same); *Rayman v. Am. Charter Fed. Sav. & Loan Ass'n*, 148 F.R.D. 647, 654-55 (D. Neb. 1993).

3. *Objection 3*: **Mr. Levandowski's Fifth Amendment Privilege Protects Against Production**

Mr. Levandowski claimed that, under the reasoning of *Fisher*, 425 U.S. 391, the materials he provided to Stroz pursuant to a common interest agreement are protected from disclosure. Dkt. 583 at 3-7; Dkt. 652 at 2. Judge Corley rejected this claim based solely on her conclusion, discussed above, that there was no valid common interest agreement. Dkt. 670 at 5. For the reasons discussed above, that conclusion was erroneous.

4. *Objection 4*: **Judge Corley Erred in Rejecting Mr. Levandowski's Claim of Privilege Under** *Couch v. United States*

Even assuming *arguendo* that there was no valid common interest agreement, Judge Corley should still have found the materials in Stroz's possession to be protected by Mr. Levandowski's Fifth Amendment privilege. In *Couch v. United States*, 409 U.S. 322 (1973), the

LEVANDOWSKI'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; AND [PROPOSED] ORDER   Case No. C 17-00939 WHA

4

Supreme Court found that, while in general a subpoena that demands production of records from a third party does not violate an individual's Fifth Amendment privilege, *id.* at 328-29, 333-34, there is an exception to that general rule: "[S]ituations may well arise where constructive possession is so clear . . . as to leave the personal compulsions upon the accused substantially intact." *Id.* at 333; *see also id.* at 333 n.16; Dkt. 583 at 7; *accord Fisher v. United States*, 425 U.S. 391, 398 (1975) (re-stating the exception).

Judge Corley refused to apply the *Couch* exception based solely on her conclusion that Mr. Levandowski "provided the statements and documents to an unrelated party on the other side of a proposed acquisition to enable the unrelated party to decide whether to agree to the acquisition and to create an evidentiary record to govern indemnification rights if a certain agreement is executed." Dkt. 670 at 5. As an initial matter, as discussed above, that description of the facts is not accurate. In any event, Judge Corley advances no explanation why the *Couch* exception could not be applied in such a situation, so long as Mr. Levandowski maintained constructive possession of the materials in question.

### Request for Stay

Judge Corley's underlying order requires Stroz to produce records on or before June 27, 2017. Dkt. 670 at 8-11. In denying Mr. Levandowski's objections to the earlier order compelling production of the Stroz report, this Court stayed its order until June 30 at noon in order to permit an opportunity for appeal. Dkt. 685 at 14. We ask that Judge Corley's order relating to the subpoena to Stroz, and any order entered by this Court relating to the above objections, be stayed pending appeal, or in the alternative, until June 30 at noon.

### Conclusion

For all of the above reasons, the Court should overrule Judge Corley's order and grant Mr. Levandowski's motion to quash Waymo's subpoena to Stroz.[2]

---

[2] In our motion to quash, we raised the concern that Waymo inappropriately seeks *entire devices* that Mr. Levandowski provided to Stroz, and thereby demands production of materials that, if they exist, could be irrelevant to the litigation but private and/or proprietary. Dkt. 583 at 8, 652 at 3. The Court's order states the Court will address whether a protocol is appropriate after Mr. Levandowski's privilege assertions have been resolved. Dkt. 670 at 9. That procedure appears appropriate. We will re-raise the privacy and relevancy concerns that necessitate a protocol with Judge Corley at the appropriate time.

LEVANDOWSKI'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; AND [PROPOSED] ORDER   Case No. C 17-00939 WHA

5

| | | |
|---|---|---|
| 1 | Dated: June 23, 2017 | Respectfully submitted, |
| 2 | | /s/ |
| 3 | | Miles Ehrlich |
| | | Ismail Ramsey |
| 4 | | Amy Craig |
| | | Ramsey & Ehrlich LLP |
| 5 | | |
| 6 | | *Counsel for Non-Party Anthony Levandowski* |

LEVANDOWSKI'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; AND [PROPOSED] ORDER   Case No. C 17-00939 WHA

6

**[PROPOSED] ORDER**

On June 21, 2017, Magistrate Judge Corley granted Waymo LLC's motion to compel compliance with its Rule 45 subpoena to Stroz Frieberg, LLC.  Dkt. 670.  This Court finds under Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636 that Judge Corley's order was contrary to law and clearly erroneous.  The order is hereby SET ASIDE.  Mr. Levandowski's motion to quash, Dkt. 583, is GRANTED, and Waymo's motion to compel, Dkt. 570, is DENIED to the extent it is inconsistent with Mr. Levandowski's motion.

DATE: _____       _____
                              HONORABLE WILLIAM ALSUP
                              UNITED STATES DISTRICT JUDGE

LEVANDOWSKI'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; AND [PROPOSED] ORDER   Case No. C 17-00939 WHA

7