MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**DEFENDANT UBER TECHNOLOGIES, INC. AND OTTOMOTTO, LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 670)**<br><br>Judge:　The Honorable William Alsup<br><br>Trial Date: October 10, 2017 |

Pursuant to Local Civil Rule 72-2,[1] Defendants Uber Technologies, LLC and Ottomotto LLC ("Uber") respectfully submit the following Objections to the Order denying Uber's Motion to Quash the subpoena ("Stroz Subpoena") issued to Stroz Friedberg LLC ("Stroz") (Dkt. 670).[2] Upon timely objections to a non-dispositive order of the Magistrate Judge, this Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002).

**I.     The Holding That Stroz Must Produce Any Communications With The Joint Defense Parties Which Are Not On Uber's Privilege Logs Is Clearly Erroneous (Order at 7-8.)**

The Order holds that Uber waived privilege over any "post-April 11, 2016 communications with Stroz or post-April 11, 2016 Stroz attorney work-product," unless such documents and communications are listed on Uber's privilege logs.  Order at 7-8.  This holding is clearly erroneous because the ***only*** privilege logs which are the subject of the June 23 hearing are privilege logs that Uber served in response to this Court's March 16 Order, which required Uber to "produce for inspection all files and documents downloaded by Anthony Levandowski, Sameer Kshirsagar, or Radu Raduta before leaving plaintiff's payroll and thereafter taken by them[,]" as well as "the card reader, thumb drive, or other media used for the downloads, as well as all subsequent emails, memoranda, PowerPoints, text messages, or notes that have forwarded, used, or referred to any part of said downloaded material."  Dkt. 61 ¶ 4.  Uber has logged all responsive but privileged documents on the logs that are at issue in the June 23 hearing.  However, the Stroz Subpoena seeks a broader category of documents:  "***all documents and communications***" between and/or among Uber, Ottomotto, Otto Trucking, Levandowski, and Ron or their respective counsel.  Dkt. 581, RFPs 13, 14, 15, 18, 19, 28, 29.  Thus, Stroz may have responsive documents that do not appear on any privilege log Uber has served.  Uber should not be deemed

---

[1] Uber and Ottomotto believe that the Court should, as called for in Local Rule 72-2, decide these Objections without a hearing.

[2] At a hearing on Friday June 23 at which counsel for Uber, Otto Trucking, and Waymo were present, Judge Corley ruled from the bench that, unless a subsequent order issues, the order (Dkt. 670) is stayed until the Court has ruled on Uber's objections. Uber has informed counsel for Stroz Friedberg of this oral order. Should Judge Corley's order not be stayed, Uber reserves the right to file a motion to stay in order to prevent Stroz's production of documents and materials on June 27, 2017, that are subject to Uber's objections.

to have waived privilege over communications or work product because it has not logged documents responsive to RFPs *served on a non-party* in a subpoena that was served after Uber served its privilege logs in response to the March 16 Order.

### II. The Holding That Stroz Must Produce Documents In Response To RFPs 1-5 Is Contrary To Law And Clearly Erroneous (Order at 8 ¶ 1.)

The holding that Stroz must produce agreements between Stroz and others regarding the due diligence investigation is contrary to law and clearly erroneous. As explained in Uber's Opposition on the Motion to Compel the Due Diligence Report and Exhibits (Dkts. 369 at 22-23[3]) and in Uber's Motion for Relief from a Non Dispositive Pretrial Order (Dkt. 575 at 4-5) and reply in support thereof (Dkt. 608 at 3), the disclosure of those agreements to any other joint defense party was not a disclosure to an "adversary." Thus, no work product protection over those agreements was waived. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2014); *United States v. Anthem, Inc.*, No. 1:16-cv-1493 (ABJ), 2016 WL 8461264, at *8 (D.D.C. Oct. 10, 2016).

Additionally, the holding that "by relying on an agreement with Stroz, [Uber and Levandowski] have waived any privilege in other agreements with Stroz" is clearly erroneous and contrary to law. Dkt. 670 at 8. Uber has relied only on *non-privileged* portions of its engagement letter with Stroz (Dkt. 370-4) and the side letter between Gardner and Stroz (Dkt. 545-7). There can be no waiver when a party relies on only **non-privileged** portions of a document. *Avocent Redmond Corp. v. Rose Elecs., Inc.*, 516 F. Supp. 2d 1199, 1202 (W.D. Wash. 2007) (where redacted attorney invoices did not reveal any privileged content, movant "need not be concerned" that producing party "will effectively use the invoices as both a sword and a shield"). Indeed, that is why parties routinely produce non-privileged portions of documents while redacting privileged portions. *Weiss v. Nat'l Westminister Bank, PLC*, Nos. CV 05-4622(CPS)(MDG), CV 07-916(CPS)(MDG), 2008 WL 5115027, at *2 n.2 (E.D.N.Y. Dec. 3, 2008) ("[T]he production of partially redacted documents does not . . . constitute a waiver of any applicable privilege."); *Fed.*

---

[3] Page cites are to the ECF page numbering.

*Deposit Ins. Corp. v. Lowis & Gellen LLP*, No. 11 CV 5902, 2014 WL 656660, at *6 (N.D. Ill. Feb. 20, 2014) ("L & G has not identified any privileged information disclosed in Katten's invoices which FDIC is using to gain a tactical advantage. . . In fact, L & G complains about the fact that privileged information has been redacted from the invoices. . . . Katten is entitled to produce redacted invoices to support a claim for attorneys' fees while also preserving attorney-client privilege and work-product protection" over those invoices); *The Shinnecock Indian Nation v. Kempthorne*, 652 F. Supp. 2d 345, 365, 368 (E.D.N.Y. 2009) (because privilege holder properly redacted opinion work product while producing non-privileged portions of the same document, there has been "no waiver of the privilege"); *Love v. Permanente Med. Grp.*, No. C-12-05679 DMR, 2014 WL 644948, at *3 (N.D. Cal. Feb. 19, 2014) (approving of redaction based on the attorney-client privilege).

### III. The Holdings That Stroz Must Produce Documents In Response To RFPs 6-8, and RFPs 13-15, 18-19, 28, and 29 Are Contrary to Law and Clearly Erroneous (Order at 9 ¶ 2; 10 ¶ 6[4].)

For the reasons stated in Uber's Opposition and Sur-reply submitted on the Motion to Compel the Due Diligence Report and Exhibits (Dkts. 369, 474) and for the reasons stated in Uber's Motion for Relief from a Non Dispositive Pretrial Order (Dkt. 575) and reply in support thereof (Dkt. 608), the Court's holding that Stroz must produce the Due Diligence Report and its exhibits, along with any other analyses or reports (RFPs 6-8), is contrary to law and clearly erroneous. Similarly, the Court's holding that Stroz must produce communications among Stroz, MoFo, Uber, Ottomotto, Otto Trucking, and OMM (RFPs 13-15, 18-19, 28, and 29) is contrary to law and clearly erroneous. Although the Court has already overruled these objections, Uber preserves its objections on these grounds for any appeal it may file. *See Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir.1996).

Additionally, the Order is clearly erroneous and contrary to law for the separate and independent reason that it requires production of communications among Stroz, Uber, MoFo, Ottomotto, Otto Trucking, and OMM post-dating April 11, 2016—grounds that the Court's June

---

[4] The Order mistakenly includes RFP 30 in this section, but RFP 30 is covered at paragraph 3 and Uber does not object to production of documents in response to RFP 30.

21 Order did not reach but that Uber has extensively briefed, both in its prior objections (Dkts. 575 and 608), as well as in opposition to Waymo's letter brief on outstanding privilege issues (Dkt. 658). In short, Uber, Ottomotto, Otto Trucking, Levandowski, and Ron shared a common legal interest at least as of April 11, 2016, the date the Put Call Agreement was signed and that common legal interest continued at least through August 23, 2016, the date Ottomotto and Uber closed the acquisition of Ottomotto. Thus, sharing of communications among these joint defense parties did not amount to a waiver.

### IV. The Holding That Stroz Must Produce Documents In Response To RFP 11 Is Contrary to Law and Clearly Erroneous (Order at 9 ¶ 5.)

The holding that Stroz must produce communications about the joint defense agreement among Uber, Ottomotto, Otto Trucking, Levandowski and Ron is clearly erroneous and contrary to law. Uber has not waived any privilege or work product protected in these documents by putting the joint defense agreement at issue. Relying on non-privileged facts about that agreement—including the written agreement itself—does not waive any privilege and work product protection over other responsive communications. *See supra* § II. To the extent non-privileged communications are responsive to this request, Uber does not object to their production.

### CONCLUSION

For the foregoing reasons, Uber requests that the Court vacate paragraphs 1, 2, 5, and 6 on pages 8-10 of the Order.

Dated: June 23, 2017

MORRISON & FOERSTER LLP
BOIES SCHILLER FLEXNER LLP

By: */s/ Karen L. Dunn*
      KAREN L. DUNN

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and
OTTOMOTTO LLC