JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & PATCHEN, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: jpatchen@taylorpatchen.com

Attorneys for Non-Party LIOR RON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO, LLC,<br><br>　　　Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC; OTTOMOTTO LLC; and OTTO TRUCKING LLC,<br><br>　　　Defendants. | Case No.: 3:17-CV-00939 (WHA)<br><br>**NON-PARTY LIOR RON'S NOTICE OF MOTION AND MOTION TO INTERVENE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE OR, IN THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER; AND [PROPOSED] ORDER**<br><br>Honorable William Alsup |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that non-party Lior Ron seeks to intervene pursuant to Fed. R. Civ. P. 24 and for relief pursuant to Fed. R. Civ. P. 72(a), Civil Local Rule 72-2, and 28 U.S.C. § 636(b)(1)(A) from the order of Magistrate Judge Corley granting Waymo LLC's motion to compel compliance with its Rule 45 subpoena to Stroz Friedberg. *See* Dkt. 670. Mr. Ron asks the Court to set aside a narrow portion of Judge Corley's Order and deny Waymo LLC's motion to compel as to Mr. Ron's personal, private information. In the alternative, Mr. Ron requests that the Court grant his motion for a protective order.

This motion is based on this notice of motion and motion, the below memorandum of points and authorities, the pleadings, files, and records in this case, as well as other written or oral argument which may be presented at the hearing.

Dated: June 23, 2017

Respectfully submitted,

TAYLOR & PATCHEN, LLP

By: */s/ Jonathan A. Patchen*
Jonathan A. Patchen
Attorneys for Non-Party LIOR RON

## MEMORANDUM OF POINTS AND AUTHORITIES

Lior Ron is not a party to this litigation, nor are there any allegations that he engaged in any trade secret misappropriation or patent infringement. Nonetheless, Waymo LLC ("Waymo") has served a subpoena on Stroz Friedberg ("Stroz") that is not narrowly tailored and, as a result, would require Stroz to produce hundreds of thousands of Mr. Ron's personal, private documents that have no relationship to the claims in this case. To be clear, Mr. Ron is not arguing there is no possibility that some of the documents he provided to Stroz are relevant to the claims in this case; if there are such documents, and if the law of the case is that those documents are not protected by privilege, Mr. Ron would not object to the production of such documents. But, the fact that there may be a small number of relevant documents does not justify the production of hundreds of thousands of documents that are not: documents that contain personal financial, medical, and other information, together with the private details of his and his family's lives. Mr. Ron therefore seeks to intervene for the limited purpose of seeking partial relief from Magistrate Judge Corley's Order (Dkt. 670) or, in the alternative, to move for a protective order to prevent the intrusive discovery that would occur if the Court compelled unrestricted compliance with Waymo's subpoena. As Mr. Ron only became aware of the Stroz subpoena after Judge Corley had already issued her Order, he seeks relief for the first time on this narrow issue through this motion.[1]

### I. THE COURT SHOULD ALLOW MR. RON TO INTERVENE

Mr. Ron has a legitimate privacy interest in a significant portion of the documents related to him that would be produced through the Stroz subpoena. This interest has not been adequately represented in this litigation so far and, because Mr. Ron was previously unaware of the subpoena, he is only able to raise it for the first time now. The Court should allow him to do so.

Mr. Ron moves to intervene in order to litigate this motion for relief or, in the alternative, a motion for a protective order pursuant to the rules governing mandatory intervention. *See* Fed. R. Civ. Proc. 24(a)(2). The Ninth Circuit applies a four-part test for mandatory intervention:

---

[1] The Order states that any objections to the Order must be filed with this Court by today. (Dkt. 670). Pursuant to that Order, Mr. Ron is filing his motion before this Court.

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*State ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006) (quotation omitted). All four of these factors weigh in favor of granting Mr. Ron's motion to intervene.

*First*, the motion to intervene is timely. "The 'timeliness' requirement of Rule 24 is to be construed broadly in favor of the party seeking intervention." *United States v. Andrews*, No. MISC-95-280 GEB PAN, 1996 WL 442730, at *1 (E.D. Cal. May 24, 1996). Courts generally look at "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996) (citation omitted). Here, the documents have not yet been produced, and there is no prejudice to other parties, as all parties may seek relief from Magistrate Judge Corley's order on this date. Mr. Ron would have filed this motion sooner had he been aware of the subpoena to Stroz before the Order issued. But, neither Mr. Ron nor his attorneys were notified of the Stroz subpoena. (Declaration of Lior Ron ("Ron Decl.") ¶ 6; Declaration of Jonathan Patchen ("Patchen Decl.") ¶ 3). Mr. Ron timely filed this motion after first becoming aware of the Stroz subpoena and its implications for his privacy rights.

*Second*, Mr. Ron's privacy interest is a "significantly protectable interest" that Mr. Ron would not be able to protect if the Court enforced Waymo's broad subpoena. *See Lockyer*, 450 F.3d at 441. The Ninth Circuit has "taken the view that a party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id.*; *see also SW Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) ("We follow the guidance . . . that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'"). Here, Mr. Ron's privacy rights are guaranteed by the California Constitution, recognized federally, and directly implicated by a large majority of the documents related to Mr. Ron that are sought through the Stroz subpoena. *See* Cal. Const. Article 1, Section 1; *Soto v. City*

2.

*of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Other courts have found that an intervenor's rights would not be adequately protected if property containing personal information—the type of information contemplated here—were released to a Plaintiff. *See*, *e.g.*, *Mims v. United States*, No. CV-16-00585-PHX-JAT (BSB), 2016 U.S. Dist. LEXIS 149779, at *3 (D. Ariz. Oct. 28, 2016).

*Third*, the parties in this litigation cannot and have not adequately represented Mr. Ron's privacy interests. Judge Corley's Order acknowledges Mr. Ron's unique interest by noting, in compelling the production of documents responsive to Waymo's Requests for Production Nos. 9, 12, 30, and 31 (the specific Requests at issue here), the significance of the fact that Mr. Ron had not objected to their production. (Dkt. 670 at 9.) Uber did not object to Stroz's production of these materials at all. And, while Mr. Levandowski did object by saying that there may be some devices that may contain his own personal, private information not relevant to the litigation, Judge Corley was not willing to make that finding as to Mr. Levandowski because he "has refused to testify in this action." (*Id.*)[2] Mr. Ron is uniquely aware of the multitude of his and his family's personal, private information that is in Stroz's possession. Mr. Ron *can* testify to the contents of this information and he has done so in the attached declaration. (Ron Decl. ¶ 8.) The other parties' oppositions to Waymo's motion to compel thus did not sufficiently protect Mr. Ron's interests. Indeed, their roles in this litigation are quite different from Mr. Ron, who is a non-party against which there are no allegations of trade secret misappropriation, who never developed LiDAR, and who never worked at Waymo or on the Chauffeur team at Google. (*Id.* at ¶ 2.)

For the above reasons, the Court should grant Mr. Ron's motion for mandatory intervention under Federal Rule of Civil Procedure 24(a). To the extent the Court finds that mandatory intervention is not appropriate, it should grant Mr. Ron permissive intervention on this narrow issue. *See Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1997) (noting that a trial court has broad discretion to grant permissive intervention under Rule 24(b)).

---

[2] Judge Corley indicated she would, after the resolution of any pending privilege issues, "address whether a protocol is appropriate to protect any privacy interests." (Dkt. 670 at 9.) But it appears that such a protocol would only be directed at protecting Mr. Levandowski's privacy interests.

## II. MR. RON REQUESTS PARTIAL RELIEF FROM JUDGE CORLEY'S ORDER

Mr. Ron seeks partial relief from Magistrate Judge Corley's Order regarding Request Nos. 9, 12, 30 and 31 of the Stroz subpoena as they relate to Mr. Ron. Judge Corley ordered Stroz to "produce responsive documents/materials [to Request Nos. 9, 12, 30 and 31] regarding Mr. Ron and other diligenced employees **on or before Tuesday, June 27, 2017**." (Dkt. 670 at 9.) (emphasis in original.) But, as the Requests are framed, compliance with the Order would result in Stroz producing hundreds of thousands of Mr. Ron's personal and private documents that are both irrelevant to the issues in this litigation and were not used in the due diligence process.

For context, as part of the Stroz due diligence process Mr. Ron provided Stroz with access to *all* of his personal electronic devices, as well as his personal Cloud accounts, which includes all of his personal email and storage accounts. Stroz did a forensic collection of these sources that resulted in the collection of over six hundred thousand files. This set of documents captures the entirety of Mr. Ron's digital life over several years and includes private and sensitive information, such as Mr. Ron and his family's personal banking records; state and federal U.S. tax returns and preparation documents; financial investments; online purchases; social engagements; credit card information; passwords; loan information; and personal communications that are wholly unrelated to the dispute. This information "falls squarely within the umbrella of California's privacy right," which requires that Waymo show a "compelling need for the particular documents." *Music Group Macao Commer. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 U.S. Dist. LEXIS 60785, at *6-8 (N.D. Cal. May 7, 2015). Only a small subset of these more than six hundred thousand files was actually considered during the due diligence process and therefore, at most, only that subset has any possible relevance to this litigation. (Patchen Decl. at ¶ 6.)

But, because the Requests in dispute are not narrowly tailored to the issues in this case, they will result in the production of *all* of Mr. Ron's documents. For instance, Request No. 9 seeks "All documents provided to you . . . by Lior Ron . . . regarding Lior Ron . . . ." (*i.e.*, every single document that Mr. Ron has provided to Stroz). (Dkt. 570-1 at 11.) Similarly, Request No. 12 seeks the "forensic data" underlying the "forensic analysis" done by Stroz, which could be construed as every document provided to Stroz regardless of whether or not Stroz actually

4.

1 analyzed any particular document in connection with its investigation and report.  (*Id.*)

2 These broad Requests are not "sufficiently relevant to justify the imposition on third-party privacy rights."  *See Kolker v. VNUS Med. Techs., Inc.*, No. C 10-0800 SBA (PSG), 2011 U.S. Dist. LEXIS 122810, at *15-17 (N.D. Cal. Oct. 24, 2011) (with respect to employee information); *Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 U.S. Dist. LEXIS 112461, at *15-16 (N.D. Cal. July 8, 2008) (rejecting requests seeking personal information of marginal relevance).  A subpoena directly to Mr. Ron to turn over ***all*** of his electronic devices would be improper; it should not be allowed via Stroz.  And the fact that there is a protective order in this case is not sufficient to protect Mr. Ron's rights.  There is "constant danger [of dissemination] inherent in disclosure of [] information pursuant to a protective order," that requires a strong showing of need, especially as to a non-party.  *Rocky Mt. Med. Mgmt., LLC v. LHP Hosp. Group, Inc.*, No1 75-3300, 2013 U.S. Dist. LEXIS 175590, at *18 n.5 (D. Idaho Dec. 9, 2013) (citation omitted).  Waymo cannot show that it needs non-party Mr. Ron's private information unrelated to this litigation.

### III.    IN THE ALTERNATIVE, A PROTECTIVE ORDER SHOULD BE GRANTED

In the alternative, Mr. Ron moves for a protective order under Federal Rule of Civil Procedure 26(c) to protect him from the disclosure of the substantial number of personal, private documents that Waymo has compelled through Request Nos. 9, 12, 30 and 31 of the subpoena.  F.R.C.P. 26(c) allows the imposition of protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including to protect confidential information.  *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  The scope of the subpoena to Stroz should be limited to only those materials that are relevant to this litigation, which is, at most, those materials that were considered by Stroz when preparing its due diligence analysis and report.  Mr. Ron and his counsel should also have an opportunity to review each document before production to ensure they are properly designated.

### IV.    CONCLUSION

For these reasons, Mr. Ron respectfully requests that the Court grant his motion to intervene and his motion for relief from Judge Corley's Order as it relates to Request Nos. 9, 12, 30 and 31 of Waymo's subpoena to Stroz, or, in the alternative, motion for a protective order.

1 | Dated: June 23, 2017

Respectfully submitted,

TAYLOR & PATCHEN, LLP

By:    */s/ Jonathan A. Patchen*
       Jonathan A. Patchen

Attorneys for Non-Party LIOR RON