Robert B. Ellis, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: rellis@kirkland.com

Kevin K. Chang (SBN 292271)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: kevin.chang@kirkland.com

Attorneys for
*Stroz Friedberg, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**STROZ FRIEDBERG, LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 670)**<br><br>Courtroom:   8 - 19th Floor<br>Judge:        Hon. William Alsup |

Pursuant to the Local Rule 72-2, Stroz Friedberg, LLC ("Stroz"), by and through its undersigned counsel, hereby submits the following objections to the Order Granting Motion to Compel Stroz Documents and Denying Motions to Quash (Dkt. 670) (the "Order").

## INTRODUCTION

Stroz will comply with the Court's order to produce documents responsive to Waymo's Subpoena and generate an accompanying privilege log, and Stroz is prepared to do so as expeditiously as possible. Although Stroz understands that Defendants may seek a stay of some or all of the Order, Stroz is in a position to produce certain responsive materials on June 27, or on any date that the Order becomes final after any appeals. Specifically, Stroz could produce on June 27 any materials that may exist that would be responsive to Request Nos. 1-10, 12, 16-17, 19-28, 30, and 31.[1] Stroz needs additional time, however, to search for, review, and produce any documents responsive to Request Nos. 11, 13-15, 18, and 29 (the "Remaining Requests"), and to produce a privilege log.

As set forth below, reaching agreement on date limitations, keyword search parameters, and a production protocol, conducting the search, reviewing and producing non-privileged documents responsive to the Remaining Requests, and creating a privilege log in just four days' time, represents an insurmountable burden. Stroz has already begun that process, and is prepared to produce responsive materials on a rolling basis. But Stroz simply cannot produce all materials by June 27. For the reasons set forth below, Stroz respectfully requests that the Court modify the Order and extend the deadline to complete the production of documents responsive to the Remaining Requests and to produce a privilege log to thirty (30) days after agreement to date limitations, keyword search parameters, and a production protocol, and the Order becomes effective after any appeals.

## BACKGROUND

On May 10, 2017, Plaintiff Waymo, LLC ("Waymo") served a Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises in a Civil Action (the "Subpoena") on Stroz, seeking the production of 31 categories of documents (the "Requests"). On

---

[1] Stroz notes, however, that Request Nos. 7, 11, 13-15, 18, and 29 arguably seek documents generated as part of the above-captioned litigation and associated arbitration. Stroz can meet this deadline to the extent the relevant time frame is limited to the pre-arbitration and litigation time period.

June 6, 2017, Stroz served responses and objections to the Subpoena on Waymo, stating that it would produce non-privileged documents responsive to the Subpoena only to the extent it received the express written permission of Uber Technologies, Inc. ("Uber"), Ottomotto LLC ("Otto"), Otto Trucking LLC ("Otto Trucking"), Anthony Levandowski, and Lior Ron, as required by the contracts to which Stroz is party, or upon Court order.

On June 8, 2017, Waymo filed a motion to compel Stroz to produce documents in response to the Subpoena. (Dkt. 570.) On June 9, 2017, Uber, Otto, Otto Trucking, and Mr. Levandowski filed motions to quash Waymo's motion to compel. (Dkts. 580, 581, 583.) On June 13, 2017, Stroz filed its response to Waymo's motion to compel. (Dkt. 614.) Uber, Otto, Otto Trucking, and Mr. Levandowski also filed oppositions to Waymo's motion to compel. (Dkts. 610, 616, 617.) On June 15, 2017, Waymo filed its opposition to Uber, Otto, Otto Trucking, and Mr. Levandowski's motions to quash. (Dkts. 628, 631, 632.)

On June 21, 2017, the Court entered the Order, granting Waymo's motion to compel, and denying the motions to quash. (Dkt. 670.) The Court ordered Stroz to produce documents responsive to Request Nos. 1-21 and 28-31 by June 27, 2017. (*Id.* at 8-11.) The Court also ordered Stroz to produce a privilege log by the same deadline. (*Id.* at 8.) The Court set a deadline to file objections by June 23, 2017.

## ARGUMENT

Stroz is fully prepared to comply with the Order and produce any materials responsive to Request Nos. 1-10, 12, 16-17, 19-28, 30, and 31 by the June 27 deadline, or such other specified date after the Order becomes final after any appeals. Stroz respectfully requests an additional 30 days, however, to produce materials responsive to the Remaining Requests. The Remaining Requests seek, among other things, "all" documents and "all" communications generated as part of Stroz's due diligence and forensic analysis. Producing those materials requires collection of significant amounts of data, and the careful review of potentially responsive documents and communications to ensure that: (1) the privacy of Stroz's *other* clients' highly confidential projects is maintained; (2) the privacy issues identified in Paragraph 3 at page 6 of the Court's order are addressed; and (3) Stroz's own attorney-client privilege is preserved. Given that, in order to preserve privilege and confidentiality on

other Stroz client matters that might be implicated, the review will need to be completed by Stroz's two in-house lawyers, Stroz simply cannot complete those efforts by June 27.[2] Accordingly, Stroz respectfully requests an extension and modification of the Order to allow Stroz to perform its production on a rolling basis, and to complete the production of documents responsive to the Remaining Requests and generate a privilege log within 30 days after the parties reach an agreement on search parameters and a production protocol, and the Order becomes effective after any appeals.

### A. The Subpoena Generally Seeks Four Categories of Documents.

Waymo's third-party Subpoena generally seeks four categories of documents: (1) agreements between Stroz on the one hand, and the Defendants and Mr. Levandowksi on the other; (2) due diligence reports and analysis prepared for the Defendants or Mr. Levandwoski; (3) any forensic data and documents used by Stroz to prepare due diligence reports and analysis; and (4) "all" documents and "all" communications, both externally and internally, relating to or regarding Stroz's work in connection with this retention.

#### 1. Stroz Is Prepared to Produce Documents Responsive to the First, Second, and Third Categories of Requests by June 27, 2017.

Stroz can provide any materials responsive to the first, second, and third categories of Requests (comprising Request Nos. 1-10, 12, 16-17, 19-28, 30, and 31) by June 27, 2017 or such other date as ordered by the Court after exhaustion of appeals. Stroz accordingly does not object to the Order as to those Requests.

#### 2. Stroz Requests an Extension of the Deadline to Respond to the Fourth Category of Requests and Prepare a Privilege Log (Order at 8:10-13, 9:27-10:7, 10:8-18).

Stroz likewise does not object to the production of documents responsive to the fourth category of Requests—only the timing. The fourth category of Requests seek, among other things, "*all*"

---

[2] Moreover, Mr. Levandowski has indicated in his *Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge* (Dkt. 726) that even after his privilege assertions have been resolved, he intends to re-raise privacy and relevancy concerns with respect to the scope of Waymo's Subpoena, which Mr. Levandowski argues inappropriately seeks entire devices that he turned over to Stroz. If Stroz were required to complete its production on June 27, or shortly thereafter, it would leave insufficient time for the Court and the parties to address those issues before production of the disputed materials would be required under the Order.

documents and "*all*" communications regarding work Stroz performed in connection with the August 5, 2016 due diligence report (Request No. 13), "*all*" communications between Stroz and the Defendants, regarding Mr. Levandowski, Mr. Ron, the August 5, 2016 due diligence report, Otto Trucking, Otto, Google, Waymo, or the "misappropriated materials" (Request No. 15), and "*all*" communications with Mr. Levandowski, Mr. Ron, and counsel for Uber and Otto regarding Mr. Levandowski, Mr. Ron, the August 5, 2016 due diligence report, Otto Trucking, Otto, Google, Waymo, or the materials allegedly misappropriated by Mr. Levandowski (Request No. 18).

In order to respond to these Requests efficiently and expeditiously, Stroz and all parties will have to agree on appropriate date limitations, keyword search parameters, and a production protocol, so that Stroz has to collect potentially responsive materials only once. To that end, Stroz has asked all parties for input as to the appropriate search parameters and protocol, and Stroz remains willing to work with all parties to reach an agreement as quickly as possible.

Stroz must then review potentially responsive materials for production and produce responsive documents. The burden on Stroz is heightened in light of its unique service offerings and client base. Stroz is a risk management firm that offers cybersecurity, digital forensics, incident response, security science, investigations, electronic discovery, and due diligence services to numerous high-profile clients. Stroz is regularly and actively engaged on a number of highly confidential and highly sensitive, and has been entrusted by its clients to protect the confidentiality and privacy of these matters—indeed, Stroz's reputation in the industry hinges on its ability to preserve its clients' confidences. Because some of the team members that worked on the diligence reports and forensic analysis related to this case also likely were involved with other sensitive and confidential projects for Stroz's other clients, completely unrelated to the issues presented in this case, Stroz must undertake a careful review of all internal communications that would potentially be responsive to Waymo's Requests, to ensure that no other clients' confidential and highly sensitive matters are revealed. In some instances, where multiple projects might be discussed internally within Stroz, references to the other, unrelated projects will have to be redacted. Stroz must also review its internal communications for documents that would be protected from disclosure by Stroz's own attorney-client privilege.

Stroz commits to the Court that it will continue to engage with the parties to quickly arrive at agreed search parameters and a production protocol.  Stroz will also work with Waymo to identify Requests or categories of materials that Waymo views as a priority, and Stroz will search for and product responsive materials on a rolling basis according to Waymo's priorities.  Stroz will further review its internal communications, identify any privileged materials, and produce a privilege log promptly.  With the cooperation of the parties in identifying search terms and agreeing on a production protocol, Stroz believes that it will be able to complete the process within 30 days after agreement to date limitations, keyword search parameters, and a production protocol, and the Order becomes effective after any appeals.  Stroz respectfully requests that the Court allow it this necessary time to comply with the Subpoena and the Order.

For these reasons, Stroz respectfully requests that the Court grant the Motion and modify the Order to: (1) allow Stroz to perform its production on a rolling basis; (2) and to complete the production of documents responsive to the Remaining request and to generate a privilege log within 30 days after the parties reach an agreement on search parameters and a production protocol, and the Order becomes effective after any appeals.

DATED:  June 23, 2017

KIRKLAND & ELLIS LLP

*/s/ Robert B. Ellis, P.C.*

Robert B. Ellis, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: rellis@kirkland.com

Kevin K. Chang (SBN 292271)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: kevin.chang@kirkland.com

Attorneys for
*Stroz Friedberg, LLC*