

Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com
+1 650 752 3100

June 24, 2017

**VIA ECF**

The Honorable Wiliam Alsup
United States District Court Judge
Courtroom 8, 19th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

**Re**:   **Waymo LLC v. Uber Technologies, Inc. et al., Case No. 3:17-cv-000939-WHA**

Dear Judge Alsup:

In accordance with the Court's June 7, 2017 Case Management Order, Dkt. No. 562, Defendant Otto Trucking LLC ("OT") submits this précis requesting permission to file a motion for summary judgment on all remaining claims asserted against OT. This case centers on whether defendants Uber Technologies, Inc. ("Uber") and its subsidiary, Ottomotto LLC ("Ottomotto"), have misappropriated Waymo LLC's ("Waymo") alleged trade secrets to design and build the Spider and Fuji LiDAR systems. If it proves its claims, Waymo can obtain full relief on its claims against Uber and Ottomotto without the involvement of OT. OT, an entity that is not part of Uber or Ottomotto, has nothing to do with Waymo's claims against Uber and Ottomotto. OT's proposed motion will show that Waymo cannot prove that OT has had any involvement with the Fuji or Spider systems and therefore cannot prove that OT misappropriated any trade secrets or infringed any asserted patents.

The Court has repeatedly advised Waymo's counsel to streamline its case. On June 21, the Court advised the parties that it was time "to expressly drop any inert claims or defenses." Dkt. No. 669. Later that same day, counsel for OT sent an email to counsel for Waymo asking Waymo to voluntarily dismiss its claims against OT for the reasons stated above. OT's counsel asked for a



The Honorable Wiliam Alsup
June 24, 2017
Page 2

response by noon on June 23.  Notwithstanding the speed at which everything else in moving in this case, Waymo's counsel responded only that Waymo would respond "next week."  In the meantime, Waymo has filed a motion for an order to show cause against OT and a motion to compel OT to obtain and produce documents from non-parties to the case.  It is clear Waymo can and will seek to keep this case complex, unfocused and unmanageable.  Eliminating OT will do precisely what the Court wants.  It will drop inert claims, streamline the case, conserve judicial resources, and avoid jury confusion.  Below, OT discusses the issues central to consideration of a summary judgment motion.

Waymo's claims against OT are based solely on Waymo's faulty allegation that Defendant Uber bought OT, and that OT is an Uber subsidiary.  *See* Dkt. No. 23, ¶¶ 7, 16.[1]  As discovery has proceeded, Waymo has made clear that its claims center on Uber's Fuji and Spider LiDAR systems.  For example, in Waymo's Infringement Contentions under Patent L.R. 3-1, Waymo accuses Defendant Uber's Spider LiDAR system of infringing the '922 and '946 Patents, and Defendant Uber's Fuji LiDAR system of infringing the '936 Patent.  In interrogatory responses, Waymo only identified Uber's Spider and Fuji LiDAR systems as the products "using" Waymo's alleged trade secrets.

Waymo's allegations suffer from two flaws: (1) OT is an entity separate from Uber and (2) OT has not had anything to do with Uber's Fuji and Spider LiDAR systems.

First, OT is a separate entity and is not owned by Uber.  OT has two managing members, Lior Ron and Anthony Levandowski.  OT has approximately 100 shareholders, none of whom are Uber.  OT advised Waymo early in this litigation that Uber had not acquired OT.  Dkt. No. 283 (Joint Case

---

[1] In the First Amended Complaint, Waymo collectively defines Ottomotto and Otto Trucking as "Otto," and further collectively defines Uber, Ottomotto and Otto Trucking as "Defendants."  The various allegations in the FAC are directed at the collective "Otto" and at "Defendants" as a group.  Waymo makes no direct allegations against OT.


The Honorable Wiliam Alsup
June 24, 2017
Page 3

Management Statement), p. 6.   This point was also made when OT provided responses to the Court issued interrogatories on April 25, 2017.  (Dkt. 265 at p. 2, at lines 13-14: "Otto Trucking LLC has not been acquired by Uber Technologies, Inc. and remains a distinct legal entity").[2] In fact, OT has repeatedly stated this fact in discovery.

Second, OT has had no involvement with Uber's Spider or Fuji LiDAR systems.   OT has never made, used, offered for sale, sold, or imported into the U.S. either the Spider or Fuji LiDAR systems.[3] Similarly, the undisputed facts show that OT has never used, disclosed or acquired any trade secret for use in the Spider or Fuji LiDAR systems.  Despite Waymo's scorched-earth tactics in this case, there is no evidence that OT has ever touched any technology related to Uber's Spider or Fuji LiDAR systems.

This case is between Uber and Waymo.  The inert claims against OT should be removed from this case.  Summary judgment in favor of OT is appropriate here, and OT should be permitted to file a motion for summary judgment.

Respectfully submitted,


/s/ Neel Chatterjee
Neel Chatterjee

NC

---

[2] Uber has an agreement where it can choose to acquire OT.  However, to date, Uber has not exercised its rights.

[3] OT has a contractual relationship with Uber related to freight trucks through a "framework agreement." This Agreement has nothing to do with Uber's Fuji and Spider devices. Despite these undisputed facts, Waymo has been pressing its claims against OT with no evidentiary basis whatsoever.



The Honorable Wiliam Alsup
June 24, 2017
Page 4

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on June 26, 2017. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 26th day of June 2017.

                                            /s/ Neel Chatterjee
                                             Neel Chatterjee