# EXHIBIT 3

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO, LLC; OTTO TRUCKING<br>LLC,<br><br>    Defendants. | Case No. 17-cv-00939-JCS<br><br>**PLAINTIFF'S OBJECTIONS AND<br>RESPONSES TO UBER'S AND<br>OTTOMOTTO'S FIRST SET OF<br>REQUESTS FOR PRODUCTIONS (NOS.<br>1-146)** |

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1       Plaintiff Waymo, LLC ("Waymo") hereby objects and responds to the First Set of

2  Requests for Production of Documents (Nos. 1-146) served by Defendants Uber Technologies,

3  Inc. ("Uber") and Ottomotto LLC ("Otto") (collectively, "Defendants").

4                 **GENERAL OBJECTIONS**

5       Waymo makes the following General Objections, whether or not separately set forth in

6  response to each and every definition and document request.

7       Waymo objects to each request, and to the Definitions and Instructions, to the extent that

8  they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure,

9  the Local Rules of the United States District Court for the Northern District of California, and the

10  Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before

11  Judge William Alsup ("the Supplemental Order").

12       Waymo objects to each request to the extent that it seeks information protected by the

13  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

14  from discovery.

15       Waymo objects to each request to the extent that they are compound, complex and contain

16  multiple subparts.

17       Waymo objects to each request to the extent that they seek confidential or proprietary

18  information, including without limitation, confidential business information, proprietary and/or

19  competitively sensitive information, or trade secrets.  Subject to its other General Objections, and

20  to any specific objections set forth below, Waymo will only provide relevant information in a

21  manner consistent with the Protective Order entered by the Court in this matter.

22       Waymo objects to each interrogatory to the extent that they seek information that Waymo

23  is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

24       Waymo objects to each request to the extent that it calls for information that is publicly

25  available and therefore as accessible to Defendants as to Waymo.

26       Waymo objects to each request to the extent that it is overbroad and not proportional to the

27  needs of the case, considering the importance of the issues at stake in the action, the amount in

28  controversy, the parties' relative access to relevant information, the parties' resources, the

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo objects to each request to the extent that they require Waymo to provide documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.

Waymo objects to each request to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

Waymo objects to each request to the extent that it seeks information that does not already exist, or that is not in Waymo's possession, custody, or control.

Waymo objects to each request to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons under the owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment.

Waymo objects to each and every request to the extent that they call for a legal conclusion.

Waymo objects to the definitions of "Uber", "Ottomotto," and "Otto Trucking" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives," etc. of each entity.

Waymo objects to the definition of "Velodyne" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives", etc. of Velodyne.

Waymo objects to the definition of "Side Project(s)" and "Side Business(es)" as overly broad, unduly burdensome, vague and ambiguous, to the extent that the definition includes personal side project(s) or business(es).

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

Waymo objects to Instruction No. 3 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for production in a form beyond that required by the Supplemental Order.

Waymo objects to Instruction No. 5 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll drafts of a responsive document."

Waymo objects to Instruction No. 6 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for the "file folder or other container in which a Document is kept."

Waymo objects to Instruction No. 10 as overbroad, unduly burdensome, vague, and ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in this judicial district."

Waymo objects to Instruction No. 11 to the extent it calls for Waymo to search for documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.  Waymo will produce English translations where applicable as located through a reasonably diligent search.

Waymo objects to Instruction No. 12 to the extent that it calls for Waymo to conclude that Waymo has no responsive documents in Waymo's possession, custody, or control.  If Waymo is unable to locate responsive documents through a reasonably diligent search, Waymo will so state.

Waymo's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the requests, whether implicit or explicit, is correct.

Waymo responds to these requests based upon its current understanding and reserves the right to supplement its responses at a later time.

Waymo incorporates by reference its General Objections in each of the specific responses set forth below.

HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

1

## SPECIFIC OBJECTIONS AND RESPONSES

2      Waymo objects and responds as follows to Defendants' document requests:

3

4 **REQUEST FOR PRODUCTION NO. 1:**

5      Documents sufficient to show Waymo's knowledge of Defendants' autonomous vehicle

6 program, including Defendants' design and development of LiDAR sensors (including LiDAR

7 sensors from entities acquired by Defendants, such as Tyto LIDAR, LLC), Defendants' testing of

8 autonomous vehicles, and Defendants' attempts to commercialize autonomous vehicle technology.

9

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

11      Waymo will produce documents sufficient to show Waymo's knowledge of Defendants'

12 autonomous vehicle program, including Defendants' design and development of LiDAR sensors

13 (including LiDAR sensors from entities acquired by Defendants, such as Tyto LIDAR, LLC),

14 Defendants' testing of autonomous vehicles, and Defendants' attempts to commercialize

15 autonomous vehicle technology, as located after a diligent search of custodial documents.

16

17 **REQUEST FOR PRODUCTION NO. 2:**

18      All documents supporting Waymo's contention that "Waymo's LiDAR technology is

19 subject to robust measures to protect its secrecy," including documents that show any steps taken

20 by Waymo to ensure the security and confidentiality of every Alleged Waymo Trade Secret that

21 was allegedly misappropriated by Defendants.

22

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

24      Waymo objects to this request to the extent that it is duplicative of Defendants' Expedited

25 Discovery Request No. 1 to Michael Janosko ("Documents supporting Waymo's contention that

26 'Waymo's LiDAR technology is subject to robust measures to protect its secrecy,' including

27 documents sufficient to show any steps taken by Waymo to ensure the security and confidentiality

28 of every identified item of Waymo's alleged trade secret information that was allegedly

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1   misappropriated by Defendants.")  In response, Waymo previously produced documents regarding

2   Google and Waymo's security policies, procedures and mechanisms; employee codes of conduct

3   and related documents concerning employee treatment of confidential information; employee

4   confidentiality agreements; one document located through a custodial search of Janosko's

5   documents; and four additional security policy documents identified by Mr. Janosko.  *See*

6   WAYMO-UBER-00000580-626; WAYMO-UBER-00000945-962.

7         Waymo will produce additional documents supporting Waymo's contention that Waymo's

8   LiDAR technology is subject to robust measures to protect its privacy, including privacy and

9   security policy and training documentation and agreements, documents concerning specific trade

10  secrets marked with a confidentiality designation, and documents instructing Waymo personnel

11  not to disclose trade secret information.

12

13  **REQUEST FOR PRODUCTION NO. 3:**

14        Documents sufficient to show how often Waymo engineers download documents onto

15  laptops or personal devices, including flash drives.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

18        Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

19  the case.  Waymo further objects to this request to the extent that it seeks information protected by

20  the attorney-client privilege or the work product doctrine or that is otherwise privileged or

21  protected from discovery.

22        Waymo has produced documents sufficient to show how often Waymo engineers

23  download documents from Google Drive.  *See, e.g.,* WAYMO-UBER-00001963.  Waymo has

24  also produced documents sufficient to show the alleged downloads by Anthony Levandowski,

25  Sameer Kshirsagar, and Radu Raduta, as detailed in the Declaration of Gary Brown (Dkt. 25-29).

26  *See* WAYMO-UBER-00000648-943.

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1 <u>**REQUEST FOR PRODUCTION NO. 4:**</u>

2      Documents sufficient to show the number of times that Waymo employees downloaded

3 more than 10,000 files in one instance or at one time.

4

5 <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**</u>

6      Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

7 the case. Waymo further objects to this request to the extent that it seeks information protected by

8 the attorney-client privilege or the work product doctrine or that is otherwise privileged or

9 protected from discovery.

10      Waymo has produced documents sufficient to show how often Waymo engineers

11 download documents from Google Drive. *See* WAYMO-UBER-00001963. Waymo has also

12 produced documents sufficient to show the alleged downloads by Anthony Levandowski, Sameer

13 Kshirsagar, and Radu Raduta, as detailed in the Declaration of Gary Brown (Dkt. 25-29). *See*

14 WAYMO-UBER-00000648-943.

15

16 <u>**REQUEST FOR PRODUCTION NO. 5:**</u>

17      All documents relating to any Alleged Waymo Trade Secret that was allegedly

18 misappropriated by Defendants but was not endorsed or otherwise marked with a visible legend

19 designating the document as confidential and proprietary information.

20

21 <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**</u>

22      Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

23 the case.

24      Waymo will produce all documents relating to Waymo's development of the Alleged

25 Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

26 and non-custodial document repositories storing documents relating to the development of

27 Waymo's self-driving car technology, whether or not endorsed or otherwise marked with a visible

28 legend designating the document as confidential and proprietary information.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1   **REQUEST FOR PRODUCTION NO. 6:**

2       Documents sufficient to identify all Waymo's vendors or suppliers for LiDAR systems or

3   components, including documents sufficient to identify the specific components that each supplier

4   provides to Waymo, up through the filing of the Complaint.

5

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7       Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

8   the case to the extent it seeks "documents sufficient to identify the specific components that each

9   supplier provides to Waymo."  Waymo also objects to this request to the extent that it calls for

10   information subject to non-disclosure agreements with third parties.

11       Waymo will produce all documents relating to Waymo's development of the Alleged

12   Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

13   and non-custodial document repositories storing documents relating to the development of

14   Waymo's self-driving car technology, including documents concerning Waymo's vendors or

15   suppliers for LiDAR systems or components, including documents that identify the specific

16   components that each supplier provides to Waymo.  Waymo has also produced a document

17   identifying all Waymo's vendors or suppliers for LiDAR systems or components.  *See* WAYMO-

18   UBER_00000574-579.

19

20   **REQUEST FOR PRODUCTION NO. 7:**

21       All documents relating to any public information about Waymo's vendors and suppliers of

22   LiDAR systems or components.

23

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

25       Waymo objects to this request as overbroad, not proportional to the needs of the case, and

26   calling for information that is publicly available and therefore as accessible to Defendants as to

27   Waymo, to the extent it seeks "documents relating to any public information…."

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1    Waymo will produce all documents relating to Waymo's development of the Alleged

2  Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

3  and non-custodial document repositories storing documents relating to the development of

4  Waymo's self-driving car technology, including documents reflecting Waymo's use or knowledge

5  of public information about Waymo's vendors and suppliers of LiDAR systems and components.

6

7  **REQUEST FOR PRODUCTION NO. 8:**

8    All documents relating to the reasons that Waymo chose the position, orientation, and

9  number of laser diodes and photodetectors mounted on the PCBs of Waymo's current-generation

10  LiDAR systems, including any memoranda or documents that discuss or explain these choices or

11  parameters, requirements, testing scenarios, or third party component specifications relating to

12  these choices.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

15    Waymo will produce all documents relating to Waymo's development of the Alleged

16  Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

17  and non-custodial document repositories storing documents relating to the development of

18  Waymo's self-driving car technology, including documents relating to the reasons that Waymo

19  chose the position, orientation, and number of laser diodes and photodetectors mounted on the

20  PCBs of Waymo's current-generation LiDAR systems, including any memoranda or documents

21  that discuss or explain these choices or parameters, requirements, testing scenarios, or third party

22  component specifications relating to these choices.

23

24  **REQUEST FOR PRODUCTION NO. 9:**

25    Documents sufficient to show the amount by which the laser diodes in the GBr3 system

26  ███████████████████████████████.

27

28

WAYMO'S OBJECTIONS AND RESPONSES TO UBER/OTTOMOTTO'S FIRST SET OF RFPS

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents concerning Waymo's vendors or suppliers for LiDAR systems or components, including documents sufficient to show the amount by which the laser diodes in the GBr3 system ███████████████████████

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to the reasons that Waymo chose to position the laser diodes in the GBr3 system to ███████████████████████████████████████ ████████████████████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents concerning Waymo's vendors or suppliers for LiDAR systems or components, including documents relating to the reasons that Waymo chose to position the laser diodes in the GBr3 system to ██████████████ ██████████████████████████████████

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to the reasons that Waymo chose the number of PCBs (transmit and receive) in Waymo's current-generation LiDAR systems, including any memoranda or documents that discuss or explain these choices or parameters, requirements, testing scenarios, or third-party component specifications relating to these choices.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to the reasons that Waymo chose the number of PCBs (transmit and receive) in Waymo's current-generation LiDAR systems, including any memoranda or documents that discuss or explain these choices or parameters, requirements, testing scenarios, or third-party component specifications relating to these choices.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to the reasons that Waymo chose to use ████████████ ████████████████████████████████████████████████████████████████, including documents relating to any benefits of that configuration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to the reasons that Waymo chose to use ████████████████████████████████████████████ ██████████████████████████, including documents relating to any benefits of that configuration.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to the reasons that Waymo chose to position the ████████ ████████████████████████████████████████████████████████████ ██████████████████████████, including documents relating to any benefits of that configuration.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**</u>

2      Waymo will produce all documents relating to Waymo's development of the Alleged

3  Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

4  and non-custodial document repositories storing documents relating to the development of

5  Waymo's self-driving car technology, including documents relating to the reasons that Waymo

6  chose to use ████████████████████████████████████████████████

7  ███████████████████████████████, including documents relating to any benefits of that

8  configuration

9

10  <u>**REQUEST FOR PRODUCTION NO. 14:**</u>

11      All documents relating to the reasons that Waymo chose the methods for aligning the

12  PCBs in Waymo's current-generation LiDAR systems, including any memoranda or documents

13  that discuss or explain these choices or parameters, requirements, testing scenarios, or third party

14  component specifications relating to these choices.

15

16  <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**</u>

17      Waymo will produce all documents relating to Waymo's development of the Alleged

18  Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

19  and non-custodial document repositories storing documents relating to the development of

20  Waymo's self-driving car technology, including documents relating to the reasons that Waymo

21  chose the methods for aligning the PCBs in Waymo's current-generation LiDAR systems,

22  including any memoranda or documents that discuss or explain these choices or parameters,

23  requirements, testing scenarios, or third party component specifications relating to these choices.

24

25  <u>**REQUEST FOR PRODUCTION NO. 15:**</u>

26      All documents relating to the reasons that Waymo chose the selection, materials, size,

27  position, number, and orientation of optical elements that are used to manipulate and modify laser

28  beams that are transmitted and detected by Waymo's mid-range LiDAR designs, including any

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

memoranda or documents that discuss or explain these choices or parameters, requirements, testing scenarios, or third party component specifications relating to these choices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to the reasons that Waymo chose the selection, materials, size, position, number, and orientation of optical elements that are used to manipulate and modify laser beams that are transmitted and detected by Waymo's mid-range LiDAR designs, including any memoranda or documents that discuss or explain these choices or parameters, requirements, testing scenarios, or third party component specifications relating to these choices.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show any alleged advantages or benefits of each of the Alleged Waymo Trade Secrets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents concerning any alleged advantages or benefits of the Alleged Waymo Trade Secrets, such as documents relating to the reasons that Waymo chose to develop the Alleged Waymo Trade Secrets over other alternatives.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **REQUEST FOR PRODUCTION NO. 17:**

2      Documents sufficient to show Waymo's use and choice of third-party components in

3  Waymo's current-generation LiDAR design.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

6      Waymo objects to this request to the extent that it calls for information subject to non-

7  disclosure agreements with third parties.

8      Waymo will produce all documents relating to Waymo's development of the Alleged

9  Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

10  and non-custodial document repositories storing documents relating to the development of

11  Waymo's self-driving car technology, including documents concerning Waymo's use and choice

12  of third-party components in Waymo's current-generation LiDAR design.

13

14  **REQUEST FOR PRODUCTION NO. 18:**

15      All documents relating to any aspect of Waymo's LiDAR design that is public

16  information, including any publicly available source code, demonstrations to members of the

17  public, or documents in any filing, submission, application or certification made to any public

18  entity or regulatory agency.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

21      Waymo objects to this request as calling for information that is publicly available and

22  therefore as accessible to Defendants as to Waymo, to the extent it seeks "documents relating to

23  any aspect of Waymo's LiDAR design that is public information."  Waymo objects to this request

24  to the extent it asks for "documents in any filing, submission, application or certification made to

25  any public entity or regulatory agency" as duplicative of Request Nos. 31 ("All documents

26  submitted by Waymo in any filing, submission, application or certification made to any public

27  entity or regulatory agency pertaining to the use of lasers or LiDAR in autonomous vehicles,

28  including documents shown to and/or discussed with any person employed by a public entity or

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  regulatory agency.") and 32 ("All documents submitted by Waymo in any filing, submission,

2  application, or certification made to any public entity or regulatory agency pertaining to the use of

3  any Alleged Waymo Trade Secret in autonomous vehicles, including documents shown to and/or

4  discussed with any person employed by a public entity or regulatory agency.").

5      Waymo has produced documents concerning public disclosures of Waymo's LiDAR

6  systems. *See, e.g.,* WAYMO-UBER-00003989.  Waymo will produce documents relating to the

7  Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial

8  documents and non-custodial document repositories storing documents relating to the

9  development of Waymo's self-driving car technology, including documents relating to any aspect

10 of Waymo's LiDAR design that is public information, including any publicly available source

11 code or demonstrations to members of the public.  To the extent Request No. 18 seeks documents

12 in any filing, submission, application or certification made to any public entity or regulatory

13 agency, see Waymo's responses to Request Nos. 31 and 32.

14

15 **REQUEST FOR PRODUCTION NO. 19:**

16      All documents relating to any efforts by Waymo to reverse engineer any third party's

17 LiDAR technology (e.g., Velodyne's), including all documents concerning the time Waymo took

18 to reverse engineer the third party's LiDAR technology.

19

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

21      Waymo will produce all documents relating to Waymo's development of the Alleged

22 Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

23 and non-custodial document repositories storing documents relating to the development of

24 Waymo's self-driving car technology, including documents relating to any efforts by Waymo to

25 reverse engineer any third party's LiDAR technology.

26

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show Waymo's acquisition or use of any third party's LiDAR technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to Waymo's acquisition or use of any third party's LiDAR technology.

**REQUEST FOR PRODUCTION NO. 21:**

All documents supporting Waymo's contention that Uber is using any Alleged Waymo Trade Secret, including documents sufficient to show Waymo's first notice of any alleged use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Waymo objects to this request on the ground that documents demonstrating Uber's use of the Alleged Waymo Trade Secrets are in Uber's possession, custody, or control.

Waymo has produced documents sufficient to show Waymo's first notice of any alleged use. *See, e.g.,* WAYMO-UBER-00001746, WAYMO-UBER-00000633.

**REQUEST FOR PRODUCTION NO. 22:**

All documents relating to any efforts by Waymo to review, analyze, or reverse engineer Defendants' LiDAR technology, including any review, analyses, or internal correspondence at Waymo concerning the PCB attached to the email in Exhibit 1 to the Grossman Declaration in support of Waymo's preliminary injunction motion.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

2       Waymo objects to this request to the extent that it seeks information protected by the

3 attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

4 from discovery.

5       Waymo logged internal correspondence at Waymo concerning the email in Exhibit 1 to the

6 Grossman Declaration in support of Waymo's preliminary injunction motion in its privilege log

7 dated March 23, 2017 and served to Defendants in association with Defendants' Notice of

8 Deposition of William Grossman and Requests for Production (Preliminary Injunction Phase).

9 Waymo will produce all documents relating to Waymo's development of the Alleged Waymo

10 Trade Secrets as located through a reasonably diligent search of both custodial documents and

11 non-custodial document repositories storing documents relating to the development of Waymo's

12 self-driving car technology, including documents relating to any efforts by Waymo to review,

13 analyze, or reverse engineer Defendants' LiDAR technology.  Waymo also will produce

14 documents sufficient to show Waymo's knowledge of Defendants' autonomous vehicle program,

15 including documents relating to any efforts by Waymo to review, analyze, or reverse engineer

16 Defendants' LiDAR technology.

17

18 **REQUEST FOR PRODUCTION NO. 23:**

19       All documents relating to Waymo's development of each Alleged Waymo Trade Secret.

20

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

22       Waymo objects to this request as overbroad and not proportional to the needs of the case.

23       Waymo will produce all documents relating to Waymo's development of the Alleged

24 Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

25 and non-custodial document repositories storing documents relating to the development of

26 Waymo's self-driving car technology.

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1 **REQUEST FOR PRODUCTION NO. 24:**

2      Documents sufficient to show the length of time Waymo took to develop each Alleged

3 Waymo Trade Secret.

4

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

6      Waymo objects to this request as overbroad and not proportional to the needs of the case.

7      Waymo will produce all documents relating to Waymo's development of the Alleged

8 Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

9 and non-custodial document repositories storing documents relating to the development of

10 Waymo's self-driving car technology, including documents providing evidence of the length of

11 time Waymo took to develop each Alleged Waymo Trade Secret.

12

13 **REQUEST FOR PRODUCTION NO. 25:**

14      Documents sufficient to show the number of man-hours spent developing each Alleged

15 Waymo Trade Secret.

16

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

18      Waymo objects to this request as overbroad and not proportional to the needs of the case.

19      Waymo will produce all documents relating to Waymo's development of the Alleged

20 Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

21 and non-custodial document repositories storing documents relating to the development of

22 Waymo's self-driving car technology, including documents providing evidence of the number of

23 man-hours spent developing each Alleged Waymo Trade Secret.

24

25 **REQUEST FOR PRODUCTION NO. 26:**

26      Documents sufficient to show the expenses associated with the development of each

27 Alleged Waymo Trade Secret.

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

2       Waymo objects to this request as overbroad and not proportional to the needs of the case.

3       Waymo will produce all documents relating to Waymo's development of the Alleged

4   Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

5   and non-custodial document repositories storing documents relating to the development of

6   Waymo's self-driving car technology, including documents providing evidence of the expenses

7   associated with the development of each Alleged Waymo Trade Secret.

8

9   **REQUEST FOR PRODUCTION NO. 27:**

10      All documents discussing whether any or all of the Alleged Waymo Trade Secrets

11  constitute trade secrets.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

14      Waymo objects to this request to the extent that it seeks information protected by the

15  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

16  from discovery.  Waymo objects to this request as overbroad and not proportional to the needs of

17  the case.

18      Waymo will produce all documents relating to Waymo's development of the Alleged

19  Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

20  and non-custodial document repositories storing documents relating to the development of

21  Waymo's self-driving car technology, including documents discussing whether any or all of the

22  Alleged Waymo Trade Secrets constitute trade secrets.

23

24  **REQUEST FOR PRODUCTION NO. 28:**

25      All documents relating to any public information used or discussed by any Waymo

26  employee in developing each Alleged Waymo Trade Secret, including any principles of optics,

27  publicly known laser or circuit board technology, or public literature.

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Waymo objects to this request as overbroad and not proportional to the needs of the case.

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to any public information used or discussed by any Waymo employee in developing each Alleged Waymo Trade Secret.

**REQUEST FOR PRODUCTION NO. 29:**

All communications with Waymo employees regarding whether the technology of each Alleged Waymo Trade Secret is a trade secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Waymo objects to this request as overbroad and not proportional to the needs of the case.

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including communications with Waymo employees regarding whether the technology of each Alleged Waymo Trade Secret is a trade secret.

**REQUEST FOR PRODUCTION NO. 30:**

All documents relating to any awareness by a Waymo employee that the technology of each Alleged Waymo Trade Secret uses or reflects public information, including any principles of optics, publicly known laser or circuit board technology, or public literature.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Waymo objects to this request as overbroad and not proportional to the needs of the case.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to any awareness by a Waymo employee that the technology of each Alleged Waymo Trade Secret uses or reflects public information.

**REQUEST FOR PRODUCTION NO. 31:**

All documents submitted by Waymo in any filing, submission, application or certification made to any public entity or regulatory agency pertaining to the use of lasers or LiDAR in autonomous vehicles, including documents shown to and/or discussed with any person employed by a public entity or regulatory agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

On March 28, 2017, in response to Expedited Request for Production No. 1 to Ron Medford ("Documents submitted by Waymo in any filing, submission, application or certification made to any public entity pertaining to the use of lasers in autonomous vehicles, including documents shown to and/or discussed with any person employed by a public entity."), Waymo produced all non-privileged documents responsive to this request located through a reasonably diligent search, including documents from Waymo repositories containing licensing, permitting, certification, safety, and regulatory documentation. *See* WAYMO-UBER-00000963-2191.

Waymo is investigating whether any additional documents exist, such as any documents submitted to a public entity or regulatory agency since March 28, 2017, and will produce all such documents it locates through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 32:**

All documents submitted by Waymo in any filing, submission, application, or certification made to any public entity or regulatory agency pertaining to the use of any Alleged Waymo Trade

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

Secret in autonomous vehicles, including documents shown to and/or discussed with any person employed by a public entity or regulatory agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

On March 28, 2017, in response to Expedited Request for Production No. 1 to Ron Medford ("Documents submitted by Waymo in any filing, submission, application or certification made to any public entity pertaining to the use of lasers in autonomous vehicles, including documents shown to and/or discussed with any person employed by a public entity."), Waymo produced all non-privileged documents responsive to this request located through a reasonably diligent search, including documents from Waymo repositories containing licensing, permitting, certification, safety, and regulatory documentation. *See* WAYMO-UBER-00000963-2191.

Waymo is investigating whether any additional documents exist, such as any documents submitted to a public entity or regulatory agency since March 28, 2017, and will produce all such documents it locates through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to identify the person or persons who developed each of the Alleged Waymo Trade Secrets and their role in the development.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Waymo objects to this request as overbroad and not proportional to the needs of the case.

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents concerning the person or persons who developed each of the Alleged Waymo Trade Secrets and their role in the development.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **REQUEST FOR PRODUCTION NO. 34:**

2  Documents sufficient to show the date when Waymo claims to have developed each of the

3  Alleged Waymo Trade Secrets.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

6  Waymo objects to this request as vague, to the extent that development is an ongoing

7  process that cannot typically be pinned to a particular date.  Waymo objects to this request as

8  overbroad and not proportional to the needs of the case.

9  Waymo will produce all documents relating to Waymo's development of the Alleged

10  Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

11  and non-custodial document repositories storing documents relating to the development of

12  Waymo's self-driving car technology, including documents indicating the dates of development.

13

14  **REQUEST FOR PRODUCTION NO. 35:**

15  All documents submitted by Waymo to a public or regulatory agency pertaining to the

16  safety of autonomous vehicles.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

19  On March 28, 2017, in response to Expedited Request for Production No. 6 to Ron

20  Medford ("Any documents submitted by Waymo to a public agency pertaining to the safety of

21  autonomous vehicles."), Waymo produced all non-privileged documents responsive to this request

22  located through a reasonably diligent search, including documents from Waymo repositories

23  containing licensing, permitting, certification, safety, and regulatory documentation.  *See*

24  WAYMO-UBER-00000963-2191.

25  Waymo is investigating whether any additional documents exist, such as any documents

26  submitted to a public entity or regulatory agency since March 28, 2017, and will produce all such

27  documents it locates through a reasonably diligent search.

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to identify any formal Waymo policy or process, including requirements, for Waymo employees to engage in Waymo Side Projects or Side Businesses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Waymo will produce all responsive documents located through a reasonably diligent search of Google/Waymo policy document repositories.

**REQUEST FOR PRODUCTION NO. 37:**

All documents that relate to Waymo Side Projects or Side Businesses, whether approved or unapproved under policies identified in response to Request No. 33, and Waymo's knowledge of such Side Projects or Side Businesses since April 2007, including but not limited to policies, procedures, guidelines, and communications related to those Waymo Side Projects or Side Businesses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case to the extent it seeks documents concerning Waymo Side Projects or Side Businesses unrelated to Anthony Levandowski.

Waymo will produce all documents and communications relating to side businesses of Anthony Levandowski located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to identify every Waymo Side Project or Side Business since April 2007, including but not limited to the nature of the Side Project or Side Business and the name(s) of any Waymo employee(s) involved.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

2      Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

3  the case to the extent it seeks documents concerning Waymo Side Projects or Side Businesses

4  unrelated to Anthony Levandowski.

5      Waymo will produce all documents and communications relating to side businesses of

6  Anthony Levandowski located through a reasonably diligent search.

7

8  **REQUEST FOR PRODUCTION NO. 39:**

9      Documents sufficient to identify the time spent by Waymo employees on Waymo Side

10  Projects or Side Businesses since April 2007 and the compensation paid to these employees.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

13      Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

14  the case to the extent it seeks documents concerning Waymo Side Projects or Side Businesses

15  unrelated to Anthony Levandowski.

16      Waymo will produce all documents and communications relating to side businesses of

17  Anthony Levandowski located through a reasonably diligent search.

18

19  **REQUEST FOR PRODUCTION NO. 40:**

20      Documents sufficient to identify every approved Waymo Side Project or Side Business

21  since April 2007.

22

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

24      Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

25  the case to the extent it seeks documents concerning Waymo Side Projects or Side Businesses

26  unrelated to Anthony Levandowski.

27      Waymo will produce all documents and communications relating to side businesses of

28  Anthony Levandowski located through a reasonably diligent search.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to identify every known Waymo Side Project or Side Business since April 2007 that did not go through an approval process.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case to the extent it seeks documents concerning Waymo Side Projects or Side Businesses unrelated to Anthony Levandowski.

Waymo will produce all documents and communications relating to side businesses of Anthony Levandowski located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to show Waymo investments or other contributions of funding in and revenues and profits derived from any Waymo Side Project or Side Business since April 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case to the extent it seeks documents concerning Waymo Side Projects or Side Businesses unrelated to Anthony Levandowski.

Waymo will produce all documents and communications relating to side businesses of Anthony Levandowski located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 43:**

Documents sufficient to identify every instance where Waymo has objected to or complained about any approved or unapproved Waymo Side Project or Side Business, regardless of whether an employee requested approval of a Side Project or Side Business.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 43:</u>**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case to the extent it seeks documents concerning Waymo Side Projects or Side Businesses unrelated to Anthony Levandowski.

Waymo will produce all documents and communications relating to side businesses of Anthony Levandowski located through a reasonably diligent search.

**<u>REQUEST FOR PRODUCTION NO. 44:</u>**

All documents relating to the departure of Anthony Levandowski, Sameer Kshirsagar, and Radu Raduta from Waymo, including but not limited to any transition memoranda and transition documents created or collected by Messrs. Levandowski, Kshirsagar, and Raduta.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 44:</u>**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo objects to this request to the extent that it is duplicative of Defendants' Expedited Discovery Request No. 2 to Tim Willis ("Transition memoranda and transition documents created or collected by Messrs. Sameer Kshirsagar and Radu Raduta before their departure from Waymo, and related communications."). In response to that RFP, Waymo previously produced all non-privileged responsive materials located after a diligent search of custodial documents and of documents from Waymo's personnel department. *See* WAYMO-UBER-00000001-573.

Waymo will further produce all documents located through a reasonably diligent search relating to the departure of Anthony Levandowski from Waymo.

**<u>REQUEST FOR PRODUCTION NO. 45:</u>**

All documents relating to Waymo's knowledge of Messrs. Anthony Levandowski, Sameer Kshirsagar, and Radu Raduta's plans or efforts to seek employment outside of Waymo.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

2      Waymo objects to this request to the extent that it seeks information protected by the

3  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

4  from discovery.

5      Waymo objects to this request to the extent that it is duplicative of Defendants' Expedited

6  Discovery Request No. 3 to Tim Willis ("Documents sufficient to show Waymo's knowledge of

7  Messrs. Sameer Kshirsagar and Radu Raduta's plans or efforts to seek employment outside of

8  Waymo, including Mr. Willis's personal knowledge of Messrs. Kshirsagar and Raduta's efforts to

9  seek another job.")  In response to that RFP, Waymo previously produced all non-privileged

10  responsive materials located after a diligent search of custodial documents and of documents from

11  Waymo's personnel department.  *See* WAYMO-UBER-00000001-573.

12      Waymo will further produce all documents located through a reasonably diligent search

13  relating to Waymo's knowledge of Mr. Levandowski's plans or efforts to seek employment

14  outside of Waymo.

15

16  **REQUEST FOR PRODUCTION NO. 46:**

17      Documents sufficient to show to any collection, analysis, review, or findings related to

18  Waymo computers, email, or other devices of current Waymo employees and/or Waymo devices

19  of former employees upon their departure from Waymo LLC or Project Chauffeur since January

20  2009.

21

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

23      Waymo objects to this request to the extent that it seeks information protected by the

24  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

25  from discovery.  Waymo objects to this request as irrelevant, overbroad, and not proportional to

26  the needs of the case to the extent that it seeks documents relating to any analysis by Waymo of

27  employees other than Messrs. Levandowski, Kshirsagar, and Raduta.

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1    Waymo has already produced documents underlying Waymo's forensic investigation into

2  Messrs. Levandowski, Kshirsagar, and Raduta as detailed in the Declaration of Gary Brown (Dkt.

3  25-29).   *See*  WAYMO-UBER-00000648-943;  WAYMO-UBER-00004330-4336.   Waymo will

4  not produce additional documents.

5

6  **REQUEST FOR PRODUCTION NO. 47:**

7    All documents relating to communications within and outside Waymo about the possibility

8  of pursuing a legal action against Anthony Levandowski.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

11    Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs

12  of the case to the extent it seeks documents concerning the possibility of pursuing a legal action

13  against Uber other than this action, No. 3:17-cv-00939-WHA.  Waymo objects to this request to

14  the extent that it seeks information protected by the attorney-client privilege or the work product

15  doctrine or that is otherwise privileged or protected from discovery.  Waymo objects to this

16  request to the extent that it is duplicative of Expedited Discovery Request No. 4 to Larry Page

17  ("Communications about the possibility of pursuing a legal action against Anthony Levandowski

18  or Defendants.").  On April 27, 2017, in response to that request, Waymo responded:  "Pursuant to

19  the Court's Order today regarding RFP No. 4, and without waiver of attorney-client privilege,

20  attorney work product protection, or any other applicable privilege or protection and after a

21  reasonable and diligent investigation, Waymo states that Google Inc.'s first communication in

22  relation to the possibility of legal action against Anthony Levandowski was on or about March 23,

23  2016."

24    Waymo will log the document memorializing the March 23, 2016 communication.

25

26  **REQUEST FOR PRODUCTION NO. 48:**

27    All documents relating to communications about the possibility of pursuing a legal action

28  against Uber.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

2          Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs

3    of the case to the extent it seeks documents concerning the possibility of pursuing a legal action

4    against Uber other than this action, No. 3:17-cv-00939-WHA.  Waymo objects to this request to

5    the extent that it seeks information protected by the attorney-client privilege or the work product

6    doctrine or that is otherwise privileged or protected from discovery.  Waymo objects to this

7    request to the extent that it is duplicative of Expedited Discovery Request No. 4 to Larry Page

8    ("Communications about the possibility of pursuing a legal action against Anthony Levandowski

9    or Defendants.").  On April 27, 2017, in response to that request, Waymo responded:  "Pursuant to

10   the Court's Order today regarding RFP No. 4, and without waiver of attorney-client privilege,

11   attorney work product protection, or any other applicable privilege or protection and after a

12   reasonable and diligent investigation, Waymo states that Google Inc.'s first communication in

13   relation to the possibility of legal action against Anthony Levandowski was on or about March 23,

14   2016."

15         Waymo will log the document memorializing the March 23, 2016 communication.

16

17   **REQUEST FOR PRODUCTION NO. 49:**

18         All documents relating to communications about the possibility of pursuing a legal action

19   against Ottomotto.

20

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

22         Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs

23   of the case to the extent it seeks documents concerning the possibility of pursuing a legal action

24   against Uber other than this action, No. 3:17-cv-00939-WHA.  Waymo objects to this request to

25   the extent that it seeks information protected by the attorney-client privilege or the work product

26   doctrine or that is otherwise privileged or protected from discovery.  Waymo objects to this

27   request to the extent that it is duplicative of Expedited Discovery Request No. 4 to Larry Page

28   ("Communications about the possibility of pursuing a legal action against Anthony Levandowski

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

or Defendants.").  On April 27, 2017, in response to that request, Waymo responded:  "Pursuant to the Court's Order today regarding RFP No. 4, and without waiver of attorney-client privilege, attorney work product protection, or any other applicable privilege or protection and after a reasonable and diligent investigation, Waymo states that Google Inc.'s first communication in relation to the possibility of legal action against Anthony Levandowski was on or about March 23, 2016."

Waymo will log the document memorializing the March 23, 2016 communication.


**REQUEST FOR PRODUCTION NO. 50:**

All documents relating to communications about the possibility of pursuing a legal action against Otto Trucking.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs of the case to the extent it seeks documents concerning the possibility of pursuing a legal action against Uber other than this action, No. 3:17-cv-00939-WHA.  Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Waymo objects to this request to the extent that it is duplicative of Expedited Discovery Request No. 4 to Larry Page ("Communications about the possibility of pursuing a legal action against Anthony Levandowski or Defendants.").  On April 27, 2017, in response to that request, Waymo responded:  "Pursuant to the Court's Order today regarding RFP No. 4, and without waiver of attorney-client privilege, attorney work product protection, or any other applicable privilege or protection and after a reasonable and diligent investigation, Waymo states that Google Inc.'s first communication in relation to the possibility of legal action against Anthony Levandowski was on or about March 23, 2016."

Waymo will log the document memorializing the March 23, 2016 communication.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1   <u>**REQUEST FOR PRODUCTION NO. 51**</u>:

2        All documents relating to communications about the business consequences to Waymo

3   and/or Defendants of pursuing a legal action against Anthony Levandowski or Defendants.

4

5   <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**</u>:

6        Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs

7   of the case to the extent it seeks documents concerning the possibility of pursuing a legal action

8   against Uber other than this action, No. 3:17-cv-00939-WHA.  Waymo objects to this request to

9   the extent that it seeks information protected by the attorney-client privilege or the work product

10  doctrine or that is otherwise privileged or protected from discovery.

11       Waymo will not produce documents responsive to this request.

12

13  <u>**REQUEST FOR PRODUCTION NO. 52**</u>:

14       Documents sufficient to show the earliest date Waymo became aware of Anthony

15  Levandowski's "new, self-driving vehicle company" as described in Paragraph 5 of the Waymo

16  Complaint.

17

18  <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**</u>:

19       Waymo will produce documents sufficient to show the earliest date Waymo became aware

20  of Anthony Levandowski's "new, self-driving vehicle company" as described in Paragraph 5 of

21  the Waymo Complaint.

22

23  <u>**REQUEST FOR PRODUCTION NO. 53**</u>:

24       All documents relating to when Waymo began investigating the possibility of Anthony

25  Levandowski's retention of Waymo files after his departure from Waymo as alleged in the

26  Waymo Complaint.

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Waymo objects to this request as overbroad and not proportional to the needs of the case. Waymo further objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Waymo objects to this request to the extent that it is duplicative of Defendants' Expedited Discovery Request No. 6 to Larry Page ("Documents sufficient to show when Waymo began investigating the possibility of Anthony Levandowski taking Waymo files with him upon his departure.") On April 28, 2017, in response to that request, Waymo served a privilege log disclosing a communication dated July 29, 2017.

Waymo will not produce additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 54:**

All versions of any employment agreements, confidentiality agreements, assignment agreements, non-compete agreements, or other agreements that Waymo requires or has required employees to execute as a condition of employment since 2009, including the dates during which Waymo required each version to be executed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Waymo objects to this request as overbroad and not proportional to the needs of the case.

Waymo will produce all employment agreements, confidentiality agreements, assignment agreements, non-compete agreements, or other agreements between Waymo and Messrs. Levandowski, Kshirsagar, and Raduta located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 55:**

All agreements between Waymo and Anthony Levandowski, including written, oral, executed, draft, or informal agreements.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Waymo will produce all agreements between Waymo and Anthony Levandowski located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 56:**

All agreements between Waymo and Sameer Kshirsagar, including written, oral, executed, draft, or informal agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Waymo will produce all agreements between Waymo and Sameer Kshirsagar located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 57:**

All agreements between Waymo and Radu Raduta, including written, oral, executed, draft, or informal agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Waymo will produce all agreements between Waymo and Radu Raduta located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 58:**

All documents relating to communications regarding agreements between Waymo and Anthony Levandowski.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1    Waymo will produce all documents relating to communications regarding agreements

2    between Waymo and Anthony Levandowski located through a reasonably diligent search.

3

4    **REQUEST FOR PRODUCTION NO. 59:**

5    All documents relating to communications regarding agreements between Waymo and

6    Sameer Kshirsagar.

7

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

9    Waymo objects to this request to the extent that it seeks information protected by the

10   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

11   from discovery.

12   Waymo will produce all documents relating to communications regarding agreements

13   between Waymo and Sameer Kshirsagar located through a reasonably diligent search.

14

15   **REQUEST FOR PRODUCTION NO. 60:**

16   All documents relating to communications regarding agreements between Waymo and

17   Radu Raduta.

18

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

20   Waymo objects to this request to the extent that it seeks information protected by the

21   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

22   from discovery.

23   Waymo will produce all documents relating to communications regarding agreements

24   between Waymo and Radu Raduta located through a reasonably diligent search.

25

26   **REQUEST FOR PRODUCTION NO. 61:**

27   Documents relating to Waymo's financial viability, including but not limited to internal

28   business plans, estimates, and future projections at Waymo or Project Chauffeur.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

2      Waymo objects to this request as overlapping with Expedited Request No. 4 to Dan Chu

3  ("Documents sufficient to show Waymo's business plans, strategic plans, operating plans,

4  marketing plans, financial plans, sales plans, and investment plans for its ride-sharing business,

5  including projections for revenue generation and profitability.").  Waymo produced documents

6  sufficient to respond to Expedited Request No. 4 to Dan Chu, as located through a reasonably

7  diligent search of Waymo document repositories.  *See, e.g.,*  WAYMO-UBER-00004093,

8  WAYMO-UBER-00004108,       WAYMO-UBER-00004132,       WAYMO-UBER-00004137,

9  WAYMO-UBER-00004155,       WAYMO-UBER-00004175,       WAYMO-UBER-00004195,

10  WAYMO-UBER-00004234.  Waymo objects to this request as overbroad and not proportional to

11  the needs of the case.

12      To the extent Waymo can locate any additional responsive documents through a

13  reasonably diligent search, Waymo will produce documents sufficient to show Waymo's financial

14  viability, including projections for revenue generation and profitability.

15

16  **REQUEST FOR PRODUCTION NO. 62:**

17      Documents relating to Waymo's performance, including but not limited to the

18  development of and progress assessment for any schedules and milestones at Waymo LLC or

19  Project Chauffeur.

20

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

22      Waymo objects to this request as overlapping with Expedited Request No. 4 to Dan Chu

23  ("Documents sufficient to show Waymo's business plans, strategic plans, operating plans,

24  marketing plans, financial plans, sales plans, and investment plans for its ride-sharing business,

25  including projections for revenue generation and profitability.").  Waymo produced documents

26  sufficient to respond to Expedited Request No. 4 to Dan Chu, as located through a reasonably

27  diligent search of Waymo document repositories.  *See, e.g.,*  WAYMO-UBER-00004093,

28  WAYMO-UBER-00004108,       WAYMO-UBER-00004132,       WAYMO-UBER-00004137,

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  WAYMO-UBER-00004155,         WAYMO-UBER-00004175,         WAYMO-UBER-00004195,

2  WAYMO-UBER-00004234.  Waymo objects to this request as overbroad and not proportional to

3  the needs of the case.

4       To the extent Waymo can locate any additional responsive documents through a

5  reasonably diligent search, Waymo will produce documents sufficient to show Waymo's

6  performance.

7

8  **REQUEST FOR PRODUCTION NO. 63:**

9       Documents relating to complaints by or dissatisfaction from Waymo employees regarding

10  Waymo's performance, including but not limited to the development of and progress assessment

11  for any schedules and milestones at Waymo LLC or Project Chauffeur.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

14       Waymo objects to this request as overbroad and not proportional to the needs of the case to

15  the extent it seeks documents relating to employees other than Messrs. Levandowski, Kshirsagar,

16  and Raduta.

17       Waymo will produce all documents located through a reasonably diligent search relating to

18  complaints by or dissatisfaction from Messrs. Levandowski, Kshirsagar, and Raduta.

19

20  **REQUEST FOR PRODUCTION NO. 64:**

21       Documents relating to the hiring of John Krafcik, including documents before and after his

22  hiring.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

25       Waymo objects to this request as irrelevant.  In correspondence sent June 1, 2017, counsel

26  for Uber stated that responsive documents "are relevant to showing that the departure of some

27  former Waymo employees was motivated by doubts about John Krafcik, as reported in the press,

28  rather than by a 'cover-up scheme,' as alleged by Waymo's counsel.  (5/3/2017 Public Hr'g Tr. at

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

6:1-6.)." The alleged scheme relates to the plans of Uber and Mr. Levandowski "to build a replica LiDAR system for Uber," not to employee departures or to Mr. Krafcik.

Waymo will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 65:**

All documents relating to communications to or from Waymo employees reacting to the hiring of John Krafcik, including but not limited to employee complaints, notes from exit interviews, internal emails summarizing information learned from departing employees, and/or administrative or disciplinary action against John Krafcik relating to employee complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Waymo objects to this request as irrelevant. In correspondence sent June 1, 2017, counsel for Uber stated that responsive documents "are relevant to showing that the departure of some former Waymo employees was motivated by doubts about John Krafcik, as reported in the press, rather than by a 'cover-up scheme,' as alleged by Waymo's counsel. (5/3/2017 Public Hr'g Tr. at 6:1-6.)." The alleged scheme relates to the plans of Uber and Mr. Levandowski "to build a replica LiDAR system for Uber," not to employee departures or to Mr. Krafcik.

Waymo will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 66:**

All documents relating to the reason(s) for departure of any Waymo employee who thereafter became an employee of Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case to the extent it seeks documents relating to employees other than Messrs. Levandowski, Kshirsagar, and Raduta.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1    Waymo will produce all documents located through a reasonably diligent search relating to

2    the reasons for the departures of Messrs. Levandowski, Kshirsagar, and Raduta.

4    **REQUEST FOR PRODUCTION NO. 67:**

5    Documents relating to Waymo's efforts to comply with the Department of Justice's March

6    18, 2011 Consent Decree eliminating no solicitation agreements for employees, including any

7    complaints from Waymo employees that it has not complied with the Consent Decree.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

10   Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs

11   of the case.  Waymo further objects that the irrelevant documents sought are not proportional to

12   the needs of the case, considering the importance of the issues at stake in the action, the amount in

13   controversy, the parties' relative access to relevant information, the parties' resources, the

14   importance of the discovery in resolving the issues, and whether the burden or expense of the

15   proposed discovery outweighs its likely benefit.  Waymo also objects to this request to the extent

16   that it seeks information protected by the attorney-client privilege or the work product doctrine or

17   that is otherwise privileged or protected from discovery.

18   Waymo will not produce documents responsive to this request.

20   **REQUEST FOR PRODUCTION NO. 68:**

21   Documents sufficient to show any changes made by Waymo to its restrictive covenants

22   with employees or hiring practices since the Department of Justice's March 18, 2011 Consent

23   Decree.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

26   Waymo objects to this request as irrelevant.  Waymo further objects that the irrelevant

27   documents sought are not proportional to the needs of the case, considering the importance of the

28   issues at stake in the action, the amount in controversy, the parties' relative access to relevant

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Waymo also objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 69:**

Documents sufficient to show any bonus program for Waymo LLC or Project Chauffeur employees, including but not limited to specific bonuses paid out over time and to whom; related policies; practices and/or procedures; the determination, calculation, changes to, and timing of any valuations; and inquiries from participants of the plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Waymo will produce documents sufficient to show the Project Chauffeur bonus program, including its structure, valuations, and bonus payments made to individual recipients.

**REQUEST FOR PRODUCTION NO. 70:**

All documents relating to Waymo's evaluation of Anthony Levandowski's performance, including any praise or criticism of his performance and any assessment of his value to Waymo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Waymo will produce all documents relating to Waymo's evaluation of Anthony Levandowski's performance located through a reasonably diligent search, including periodic performance reviews and other communications.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to show to the reason(s) for the establishment, creation, or formation of Waymo LLC.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

2       Waymo objects to this request as irrelevant.  Waymo further objects that the irrelevant

3  documents sought are not proportional to the needs of the case, considering the importance of the

4  issues at stake in the action, the amount in controversy, the parties' relative access to relevant

5  information, the parties' resources, the importance of the discovery in resolving the issues, and

6  whether the burden or expense of the proposed discovery outweighs its likely benefit.  Waymo

7  also objects to this request to the extent that it seeks information protected by the attorney-client

8  privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

9       Waymo will not produce documents responsive to this request.

10

11  **REQUEST FOR PRODUCTION NO. 72:**

12       Documents sufficient to show Google Inc.'s involvement in the operations, management,

13  governance, and/or finances of Waymo LLC.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

16       Waymo objects to this request as irrelevant.  Waymo further objects that the irrelevant

17  documents sought are not proportional to the needs of the case, considering the importance of the

18  issues at stake in the action, the amount in controversy, the parties' relative access to relevant

19  information, the parties' resources, the importance of the discovery in resolving the issues, and

20  whether the burden or expense of the proposed discovery outweighs its likely benefit

21       Waymo will not produce documents responsive to this request.

22

23  **REQUEST FOR PRODUCTION NO. 73:**

24       Documents sufficient to identify by name all former and current employees who have

25  worked on Waymo, from 2009 to the present.

26

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

2      Waymo objects to this request as overbroad and not proportional to the needs of the case,

3  considering the importance of the issues at stake in the action, the amount in controversy, the

4  parties' relative access to relevant information, the parties' resources, the importance of the

5  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

6  outweighs its likely benefit.

7      Waymo will produce a list of Waymo personnel, including start dates and, if reasonably

8  obtainable, end dates.

9

10  **REQUEST FOR PRODUCTION NO. 74:**

11      Documents sufficient to identify the dates of employment for all former and current

12  Waymo employees from 2009 to the present.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

15      Waymo objects to this request as overbroad and not proportional to the needs of the case,

16  considering the importance of the issues at stake in the action, the amount in controversy, the

17  parties' relative access to relevant information, the parties' resources, the importance of the

18  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

19  outweighs its likely benefit.

20      Waymo will produce a list of Waymo personnel, including start dates and, if reasonably

21  obtainable, end dates.

22

23  **REQUEST FOR PRODUCTION NO. 75:**

24      Documents sufficient to show any joint interest or joint defense agreement that Waymo has

25  entered into during the past three years.

26

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1   <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**</u>

2         Waymo objects to this request as irrelevant.  *See* Dkt. 284 at 1 (Uber letter brief requesting

3   common-interest agreements); Dkt. 296, Apr. 27 Hr'g Tr. at 2 ("So with respect to the common

4   interest documents, whatever, I think, as I said, I'm not going to order those. I don't think they're

5   relevant.").  Waymo further objects that the irrelevant documents sought are not proportional to

6   the needs of the case, considering the importance of the issues at stake in the action, the amount in

7   controversy, the parties' relative access to relevant information, the parties' resources, the

8   importance of the discovery in resolving the issues, and whether the burden or expense of the

9   proposed discovery outweighs its likely benefit.  Waymo also objects to this request to the extent

10   that it seeks information protected by the attorney-client privilege or the work product doctrine or

11   that is otherwise privileged or protected from discovery.

12         Waymo will not produce documents responsive to this request.

13

14   <u>**REQUEST FOR PRODUCTION NO. 76:**</u>

15         Any brief or declaration provided to any court in support of a joint interest or joint defense

16   privilege asserted by Waymo.

17

18   <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**</u>

19         Waymo objects to this request as irrelevant.  *See* Dkt. 284 at 1 (Uber letter brief requesting

20   common-interest agreements); Dkt. 296, Apr. 27 Hr'g Tr. at 2 ("So with respect to the common

21   interest documents, whatever, I think, as I said, I'm not going to order those. I don't think they're

22   relevant.").  Waymo further objects that the irrelevant documents sought are not proportional to

23   the needs of the case, considering the importance of the issues at stake in the action, the amount in

24   controversy, the parties' relative access to relevant information, the parties' resources, the

25   importance of the discovery in resolving the issues, and whether the burden or expense of the

26   proposed discovery outweighs its likely benefit.

27         Waymo will not produce documents responsive to this request.

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1 **REQUEST FOR PRODUCTION NO. 77:**

2     All documents relating to the purported value of each Alleged Waymo Trade Secret.

3

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

5     Waymo objects to this request as overbroad and not proportional to the needs of the case.

6 Waymo further objects to this request on the ground that "purported value" is vague and

7 ambiguous. Waymo further objects to this request as duplicative of Request No. 16 ("Documents

8 sufficient to show any alleged advantages or benefits of each of the Alleged Waymo Trade

9 Secrets.").

10     Waymo will produce all documents relating to Waymo's development of the Alleged

11 Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

12 and non-custodial document repositories storing documents relating to the development of

13 Waymo's self-driving car technology, including documents concerning any alleged advantages or

14 benefits of the Alleged Waymo Trade Secrets, such as documents relating to the reasons that

15 Waymo chose to develop the Alleged Waymo Trade Secrets.

16

17 **REQUEST FOR PRODUCTION NO. 78:**

18     All documents relating to any valuation of the Asserted Patents.

19

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

21     Waymo objects to this request to the extent that it seeks information protected by the

22 attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

23 from discovery.

24     Waymo will produce all responsive non-privileged documents as located through a

25 reasonably diligent search of Waymo's repository for patent-related correspondence and

26 documentation.

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 79:**

All documents relating to any investments or expenditures made in order to develop each Alleged Waymo Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to any investments or expenditures made in order to develop each Alleged Waymo Trade Secret.

**REQUEST FOR PRODUCTION NO. 80:**

All documents relating to any investments or expenditures made in order to develop the invention(s) claimed in the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to any investments or expenditures made in order to develop the invention(s) claimed in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 81:**

All documents relating to secondary considerations of nonobviousness of the Asserted Patents, including the commercial success of any devices that embody the Asserted Patents.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Waymo will produce all documents on which Waymo intends to rely to demonstrate secondary considerations of nonobviousness.

**REQUEST FOR PRODUCTION NO. 82:**

All documents relating to Waymo's knowledge of Ottomotto (or 280 Systems) prior to its formation, including the knowledge of or involvement in Ottomotto (or 280 Systems) of Pierre-Yves Droz or Brian Salesky, beginning at least in or around "the summer of 2015" and continuing through at least in or around January 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Waymo will produce any communications amongst Waymo personnel as located through a reasonably diligent search, including but not limited to communications involving Mr. Droz and Mr. Salesky, sufficient to show Waymo's knowledge of Ottomotto or 280 Systems prior to its formation.

**REQUEST FOR PRODUCTION NO. 83:**

All documents relating to Waymo's view of or reaction to the formation of Ottomotto, including but not limited to John Krafcik's August 2016 communication(s) with Uber.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Waymo will produce documents sufficient to show Waymo's knowledge of Defendants' autonomous vehicle program, including Waymo's view of or reaction to the formation of Ottomotto, as located after a diligent search of custodial documents.

**REQUEST FOR PRODUCTION NO. 84:**

All documents relating to 510 Systems' acquisition by Google, including any documents concerning technology brought by 510 Systems to Google.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Waymo will produce all documents relating to 510 Systems' acquisition by Google, including any documents concerning technology brought by 510 Systems to Google, as located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 85:**

All documents relating to 510 Systems' existence as a separate entity prior to its acquisition by Google, including any agreement between Google and Anthony Levandowski allowing Mr. Levandowski to create 510 Systems as a side business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Waymo will produce all documents relating to 510 Systems' existence as a separate entity prior to its acquisition by Google, including any agreement between Google and Anthony Levandowski relating to 510 Systems, as located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 86:**

All documents supporting Waymo's contention that it is entitled to any damages for any Causes of Action in its Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Waymo objects to this request to the extent it calls for documents in Defendants' possession, custody or control, such as documents evidencing Defendants' patent infringement and trade secret misappropriation.

Waymo will produce all documents on which Waymo intends to rely to demonstrate that it is entitled to any damages for any Causes of Action in its Complaint.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 87:**

All documents supporting Waymo's contention that it is entitled to treble or enhanced damages for any Causes of Action in its Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Waymo objects to this request to the extent it calls for documents in Defendants' possession, custody, or control, such as documents evidencing Defendants' patent infringement and trade secret misappropriation.

Waymo will produce all documents on which Waymo intends to rely to demonstrate that it is entitled to any damages for any Causes of Action in its Complaint.

**REQUEST FOR PRODUCTION NO. 88:**

All documents supporting Waymo's contention that it is entitled to attorneys' fees or costs for any Causes of Action in its Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Waymo objects to this request to the extent it calls for public documents or documents in Defendants' possession, custody, or control.

Waymo will produce all documents on which Waymo intends to rely to demonstrate that it is entitled to any damages for any Causes of Action in its Complaint.

**REQUEST FOR PRODUCTION NO. 89:**

All documents supporting Waymo's contention that it will suffer irreparable harm in the absence of a permanent injunction against Defendants for any Causes of Action in its Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Waymo will produce all documents on which Waymo intends to rely to demonstrate that it will suffer irreparable harm in the absence of a permanent injunction.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **REQUEST FOR PRODUCTION NO. 90:**

2     Documents relating Waymo's estimates of the size of the ride-sharing market in the United

3  States for each of the last six years.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

6     Waymo objects to this request as overbroad and not proportional to the needs of the case.

7  Waymo objects to this request as duplicative of Expedited Request No. 1 to Dan Chu

8  ("Documents sufficient to show Waymo's estimates of the size of the ride-sharing market in the

9  United States for each of the last five years.").  In response to Expedited Request No. 1 to Dan

10 Chu, Waymo produced documents sufficient to show the information that comes closest to the

11 requested information as located through a reasonably diligent search of Waymo document

12 repositories.  *See, e.g.,* WAYMO-UBER-00004184.

13    Because Waymo has already produced documents sufficient to respond to this request,

14 Waymo will not produce additional documents.

15

16 **REQUEST FOR PRODUCTION NO. 91:**

17    Documents relating to Waymo's forecasts of the size of the ride-sharing market in the

18 United States for each of the next six years.

19

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

21    Waymo objects to this request as overbroad.  Waymo objects to this request as duplicative

22 of Expedited Request No. 2 to Dan Chu ("Documents sufficient to show Waymo's forecasts of the

23 size of the ride-sharing market in the United States for each of the last five years.").  In response to

24 Expedited Request No. 2 to Dan Chu, Waymo produced documents sufficient to show the

25 information that comes closest to the requested information as located through a reasonably

26 diligent search of Waymo document repositories.  *See, e.g.,* WAYMO-UBER-00004132,

27 WAYMO-UBER-00004171, WAYMO-UBER-00004180.

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1      Because Waymo has already produced documents sufficient to respond to this request,

2 Waymo will not produce additional documents.

3

4 **REQUEST FOR PRODUCTION NO. 92:**

5      Documents relating to Waymo's forecasts regarding the number of Waymo's ride-sharing

6 vehicles in the United States, for each of the next six years—broken out by U.S. city and on a

7 quarterly basis.

8

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

10      Waymo objects to this request as overbroad and not proportional to the needs of the case.

11 Waymo objects to this request as duplicative of Expedited Request No. 3 to Dan Chu

12 ("Documents sufficient to show Waymo's forecasts regarding its number of ride-sharing vehicles

13 in the United States, by U.S. city, on a quarterly basis, for each of the next five years.").  In

14 response to Expedited Request No. 3 to Dan Chu , Waymo produced a document sufficient to

15 show Waymo's forecasts for its ridesharing vehicles in the United States, by U.S. city, on a

16 quarterly basis, for each of the next five years.  *See* WAYMO-UBER-00004234.

17      Because Waymo has already produced documents sufficient to respond to this request,

18 Waymo will not produce additional documents.

19

20 **REQUEST FOR PRODUCTION NO. 93:**

21      Documents relating to Waymo's business plans, strategic plans, operating plans, marketing

22 plans, financial plans, sales plans, and investment plans for its ride-sharing business, including

23 projections for revenue generation and profitability.

24

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

26      Waymo objects to this request as overbroad.  Waymo objects to this request as duplicative

27 of Expedited Request No. 4 to Dan Chu ("Documents sufficient to show Waymo's business plans,

28 strategic plans, operating plans, marketing plans, financial plans, sales plans, and investment plans

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  for its ride-sharing business, including projections for revenue generation and profitability.").

2  Waymo produced documents sufficient to respond to Expedited Request No. 4 to Dan Chu, as

3  located through a reasonably diligent search of Waymo document repositories.  *See, e.g.,*

4  WAYMO-UBER-00004093,       WAYMO-UBER-00004108,       WAYMO-UBER-00004132,

5  WAYMO-UBER-00004137,       WAYMO-UBER-00004155,       WAYMO-UBER-00004175,

6  WAYMO-UBER-00004195, WAYMO-UBER-00004234.

7        To the extent Waymo can locate any additional responsive documents through a

8  reasonably diligent search, Waymo will supplement its production of documents sufficient to

9  show Waymo's business plans, strategic plans, operating plans, marketing plans, financial plans,

10  sales plans, and investment plans for its ride-sharing business, including projections for revenue

11  generation and profitability.

12

13  **REQUEST FOR PRODUCTION NO. 94:**

14        All documents relating to Waymo's analysis of any barriers to entry in the ride-sharing

15  market and the status of any attempts by Waymo to overcome any such barriers, including

16  investments and infrastructure needed.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

19        Waymo objects to this request as duplicative of Expedited Request No. 5 to Dan Chu

20  ("Documents sufficient to show Waymo's analysis of any barriers to entry in the ridesharing

21  market, and the status of any attempts by Waymo to overcome any such barriers, including

22  remaining investments and infrastructure needed.").  Waymo produced documents sufficient to

23  respond to Expedited Request No. 5 to Dan Chu , as located through a reasonably diligent search

24  of Waymo document repositories.  *See, e.g.,*  WAYMO-UBER-00004093, WAYMO-UBER-

25  00004108,     WAYMO-UBER-00004132,     WAYMO-UBER-00004137,     WAYMO-UBER-

26  00004155,     WAYMO-UBER-00004175,     WAYMO-UBER-00004195,     WAYMO-UBER-

27  00004234.

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

Because Waymo has already produced documents sufficient to respond to this request, Waymo will not produce additional documents.

**REQUEST FOR PRODUCTION NO. 95:**

Documents relating to Waymo's financial analysis and projections of the Waze acquisition as related to Waymo's ride-sharing business, including documents relating to Waymo's pre- and post-acquisition business plans for Waze, and any retrospective analysis of the acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

After a reasonably diligent search of Waymo's document repositories and custodial documents, Waymo has not located any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 96:**

All documents relating to Waymo's discussion of Uber or its business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case to the extent it seeks documents relating to discussions of Uber unrelated to Uber's status as a Waymo competitor in the self-driving car space.

In addition to documents already produced relating to Waymo's discussion of Uber's ride-sharing business, including, *e.g.*, WAYMO-UBER-00004115, WAYMO-UBER-00004175, and WAYMO-UBER-00004197-98, Waymo will supplement its production of documents sufficient to show Waymo's knowledge of Defendants' autonomous vehicle program, including discussion of Defendants' self-driving car business, as located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 97:**

All documents relating to Waymo's analysis of Uber's ride-sharing business.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

2      Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

3 the case to the extent it seeks documents relating to discussions of Uber unrelated to Uber's status

4 as a Waymo competitor in the self-driving car space.

5      In addition to documents already produced relating to Waymo's discussion of Uber's ride-

6 sharing business, including, *e.g.*, WAYMO-UBER-00004115, WAYMO-UBER-00004175, and

7 WAYMO-UBER-00004197-98, Waymo will supplement its production of documents sufficient to

8 show Waymo's knowledge of Defendants' autonomous vehicle program, including discussion of

9 Defendants' self-driving car business, as located through a reasonably diligent search.

10

11 **REQUEST FOR PRODUCTION NO. 98:**

12      Documents relating to the development of the placement and positions of laser diodes in

13 Waymo's LiDAR systems.

14

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

16      Waymo will produce all documents relating to Waymo's development of the Alleged

17 Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

18 and non-custodial document repositories storing documents relating to the development of

19 Waymo's self-driving car technology, including documents relating to the development of the

20 placement and positions of laser diodes in Waymo's LiDAR systems.

21

22 **REQUEST FOR PRODUCTION NO. 99:**

23      Documents relating to the development of optical layouts in Waymo's LiDAR systems.

24

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

26      Waymo will produce all documents relating to Waymo's development of the Alleged

27 Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

28 and non-custodial document repositories storing documents relating to the development of

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

Waymo's self-driving car technology, including documents relating to the development of optical layouts in Waymo's LiDAR systems.

**REQUEST FOR PRODUCTION NO. 100:**

Documents relating to the development of transmit boards PCBs in Waymo's LiDAR systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to the development of transmit boards PCBs in Waymo's LiDAR systems.

**REQUEST FOR PRODUCTION NO. 101:**

Documents relating to the development of receive PCBs in Waymo's LiDAR systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to the development of receive PCBs in Waymo's LiDAR systems.

**REQUEST FOR PRODUCTION NO. 102:**

Documents relating to the development of the design and placement of optical components for collimating light in Waymo's LiDAR systems.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to the development of the design and placement of optical components for collimating light in Waymo's LiDAR systems.

**REQUEST FOR PRODUCTION NO. 103:**

Documents relating to the development of the firing circuit for light sources in Waymo's LiDAR systems, including any circuit that connects the light sources and voltage source.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to the development of the firing circuit for light sources in Waymo's LiDAR systems, including any circuit that connects the light sources and voltage source.

**REQUEST FOR PRODUCTION NO. 104:**

Documents relating to the development of the design and use of a fiber laser in Waymo's LiDAR systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1   Waymo's self-driving car technology, including documents relating to the development of the

2   design and use of a fiber laser in Waymo's LiDAR systems.

4   **REQUEST FOR PRODUCTION NO. 105:**

5        All documents sufficient to show the conception and reduction to practice of any invention

6   claimed in the Asserted Patents.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

9        Waymo has previously produced responsive documents in accordance with Patent L.R. 3-

10   2(b).  *See* WAYMO-UBER-00004947-5843.

11        Waymo will produce any additional documents on which Waymo intends to rely to show

12   the conception and reduction to practice of any invention claimed in the Asserted Patents.

14   **REQUEST FOR PRODUCTION NO. 106:**

15        All documents supporting Waymo's contentions that Defendants infringe any asserted

16   claim of the Asserted Patents.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

19        Waymo objects to this request on the ground that documents demonstrating  Defendants'

20   infringement are in Defendants' possession, custody, or control.  Waymo objects to this request to

21   the extent that it seeks information protected by the attorney-client privilege or the work product

22   doctrine or that is otherwise privileged or protected from discovery.

23        Waymo will produce any documents within Waymo's custody or control on which Waymo

24   intends to rely to show infringement.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 107:**

All documents relating to the invalidity or validity of the Asserted Patents, including any documents supporting Waymo's contention that any asserted claim of the Asserted Patents is valid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will produce all documents on which Waymo intends to rely to demonstrate that the asserted claims of the Asserted Patents are valid.

**REQUEST FOR PRODUCTION NO. 108:**

All documents relating to the unenforceability or enforceability of the Asserted Patents, including any documents supporting Waymo's contention that any asserted claim of the Asserted Patents is enforceable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will produce all documents on which Waymo intends to rely to demonstrate that the asserted claims of the Asserted Patents are enforceable.

**REQUEST FOR PRODUCTION NO. 109:**

All documents of which Waymo is aware that constitute, comprise, or embody any prior art to the Asserted Patents.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Waymo objects to this request as calling for information that is publicly available and therefore as accessible to Defendants as to Waymo, such as prior art disclosed on the face of the patents.  Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will produce all documents relating to Waymo's development of the Asserted Patents as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to any prior art known to Waymo developers.

**REQUEST FOR PRODUCTION NO. 110:**

All documents relating to any study, analysis, review, or opinion (including opinions of counsel), conclusions, or contentions regarding the validity or invalidity of any of the claims of the Asserted Patents or any related patents, including but not limited to any studies, reports, or competitive comparisons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will produce all responsive non-privileged documents as located through a reasonably diligent search of Waymo's repository for patent-related correspondence and documentation.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 111:**

All documents relating to any study, analysis, review, or opinion (including opinions of counsel), conclusions, or contentions regarding the infringement or non-infringement of any of the claims of the Asserted Patents or any related patents, including but not limited to any studies, reports, or competitive comparisons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will produce all responsive non-privileged documents as located through a reasonably diligent search of Waymo's repository for patent-related correspondence and documentation.

**REQUEST FOR PRODUCTION NO. 112:**

All documents relating to any study, analysis, review, or opinion (including opinions of counsel), conclusions, or contentions regarding the interpretation or scope of any of the claims of the Asserted Patents or any related patents, including but not limited to any studies, reports, or competitive comparisons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will produce all responsive non-privileged documents as located through a reasonably diligent search of Waymo's repository for patent-related correspondence and documentation.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 113:**

All documents relating to any study, analysis, review, or opinion (including opinions of counsel), conclusions, or contentions regarding the enforceability or unenforceability of any of the claims of the Asserted Patents or any related patents, including but not limited to any studies, reports, or competitive comparisons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will produce all responsive non-privileged documents as located through a reasonably diligent search of Waymo's repository for patent-related correspondence and documentation.

**REQUEST FOR PRODUCTION NO. 114:**

All communications between Waymo and any third party regarding any of the Alleged Waymo Trade Secrets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Waymo objects to this request to the extent that it calls for confidential communications between Waymo and its suppliers and vendors subject to non-disclosure agreements.  Waymo objects to this request to the extent that it seeks communications regarding the Alleged Waymo Trade Secrets but not disclosing any trade secret information.

Waymo will produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including communications between Waymo and any third party regarding any of the Alleged Waymo Trade Secrets.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 115:**

Documents sufficient to show any Waymo policy, procedure, or guideline, including but not limited to any training, regarding the use of computers, email, or other devices for work on behalf of Waymo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Waymo objects to this document request as irrelevant to the extent it seeks documents that post-date January 27, 2016, the day that Mr. Levandowski resigned from Waymo.

Waymo will produce all responsive documents located through a reasonably diligent search of Google/Waymo policy document repositories.

**REQUEST FOR PRODUCTION NO. 116:**

Documents sufficient to show any Waymo policy, procedure, or guideline, including but not limited to any training, regarding access to Waymo documents, data, or information by Waymo employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Waymo objects to this document request as irrelevant to the extent it seeks documents that post-date January 27, 2016, the day that Mr. Levandowski resigned from Waymo.

Waymo will produce all responsive documents located through a reasonably diligent search of Google/Waymo policy document repositories.

**REQUEST FOR PRODUCTION NO. 117:**

Documents sufficient to show any Waymo policy, procedure, or guideline against deleting documents, data, or information from Waymo computers, email, or other devices.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Waymo objects to this document request as irrelevant to the extent it seeks documents that post-date January 27, 2016, the day that Mr. Levandowski resigned from Waymo.

Waymo will produce all responsive documents located through a reasonably diligent search of Google/Waymo policy document repositories.

**REQUEST FOR PRODUCTION NO. 118:**

Any versions of an employee handbook applicable to Waymo employees, from 2009 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Waymo objects to this document request as irrelevant to the extent it seeks documents that post-date January 27, 2016, the day that Mr. Levandowski resigned from Waymo.

Waymo will produce all responsive documents located through a reasonably diligent search of Google/Waymo policy document repositories.

**REQUEST FOR PRODUCTION NO. 119:**

Documents sufficient to show all confidentiality and/or non-disclosure agreements Waymo has or has had with its vendors, suppliers, and customers, from 2009 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Waymo objects to this document request to the extent it is overbroad and not proportional to the needs of the case.  Waymo further objects to this request to the extent that it calls for confidential agreements between Waymo and its suppliers and vendors subject to non-disclosure agreements.

Waymo will endeavor to produce one or more representative confidentiality and non-disclosure agreements between Waymo and its vendors, supplier, and customers.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 120**:

Documents sufficient to show the serial number for every device issued to any Waymo employee whom Waymo has alleged misappropriated Waymo confidential information, as described in the Waymo Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120**:

Waymo objects to this request as irrelevant.  Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo has already produced documents detailing the results of its forensic investigation into the former Waymo employees named in the complaint, as detailed in the Declaration of Gary Brown (Dkt. 25-29).  *See* WAYMO-UBER-00000648-943.  Waymo will not produce additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 121**:

Documents relating to, referring to, disclosing, analyzing, or summarizing Waymo's loss of employees who voluntarily resigned from 2009 to the present, including but not limited to communications about the reasons employees left Waymo, aggregation of data gathered in exit interviews, and data about the number of employees who resigned from Waymo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121**:

Waymo objects to this request as overbroad and not proportional to the needs of the case to the extent it seeks documents relating to employees other than Messrs. Levandowski, Kshirsagar, and Raduta.

Waymo will produce all files located through a reasonably diligent search relating to the departures of Messrs. Levandowski, Kshirsagar, and Raduta.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1   **REQUEST FOR PRODUCTION NO. 122:**

2   A copy of the personnel files for each of the former Waymo employees who were

3   subsequently employed by Defendants.

4

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

6   Waymo objects to this request as overbroad and not proportional to the needs of the case to

7   the extent it seeks documents relating to employees other than Messrs. Levandowski, Kshirsagar,

8   and Raduta.

9   Waymo will produce the personnel files for Messrs. Levandowski, Kshirsagar, and Raduta.

10

11  **REQUEST FOR PRODUCTION NO. 123:**

12  All documents relating to any work performed by a Waymo employee, while employed at

13  Waymo, for Anthony Levandowski's "new, self-driving vehicle company" as described in

14  Paragraph 5 of the Waymo Complaint.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

17  Waymo objects to this request to the extent that it seeks information protected by the

18  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

19  from discovery.

20  Waymo objects to this request to the extent that it calls for documents, including

21  documents relating to Anthony Levandowski's involvement with Uber, that are in Defendants'

22  possession, custody or control.

23  Waymo will produce all documents relating to work performed by a Waymo employee,

24  while employed at Waymo, for Anthony Levandowski's "new, self-driving vehicle company" as

25  described in Paragraph 5 of the Waymo Complaint, as located through a reasonably diligent

26  search.

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 124:**

All documents relating to any response by Waymo to work performed by a Waymo employee, while employed at Waymo, for Anthony Levandowski's "new, self-driving vehicle company" as described in Paragraph 5 of the Waymo Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo objects to this request to the extent that it calls for documents, including documents relating to Anthony Levandowski's communications with Uber, that are in Defendants' possession, custody or control.

Waymo will produce all documents relating to work performed by a Waymo employee (including Waymo's responses thereto), while employed at Waymo, for Anthony Levandowski's "new, self-driving vehicle company" as described in Paragraph 5 of the Waymo Complaint, as located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 125:**

Documents sufficient to show any work performed by a Waymo employee, while employed at Waymo, for any Waymo Side Project or Side Business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case to the extent it seeks documents concerning Waymo Side Projects or Side Businesses unrelated to Anthony Levandowski.

Waymo will produce all documents and communications relating to side businesses of Anthony Levandowski located through a reasonably diligent search.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 126:**

Documents sufficient to show any response by Waymo to work performed by a Waymo employee, while employed at Waymo, for any Waymo Side Project or Side Business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case to the extent it seeks documents concerning Waymo Side Projects or Side Businesses unrelated to Anthony Levandowski.

Waymo will produce all documents and communications relating to side businesses of Anthony Levandowski located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 127:**

Documents sufficient to show any work performed by a Google Inc. or Alphabet Inc. employee, while employed at Google Inc. or Alphabet Inc., for any Alphabet Side Project or Side Business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case to the extent it seeks documents concerning side businesses unrelated to Anthony Levandowski.

Waymo will produce all documents and communications relating to side businesses of Anthony Levandowski located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 128:**

Documents sufficient to show any response by Google Inc. or Alphabet Inc. to work performed by a Google Inc. or Alphabet Inc. employee, while employed at Google Inc. or Alphabet Inc., for any Alphabet Side Project or Side Business.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

2  Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

3  the case to the extent it seeks documents concerning side businesses unrelated to Anthony

4  Levandowski.

5  Waymo will produce all documents and communications relating to side businesses of

6  Anthony Levandowski located through a reasonably diligent search.

7

8  **REQUEST FOR PRODUCTION NO. 129:**

9  Documents sufficient to show the cost for Waymo to recruit and train any employee hired

10  to replace one of the former Waymo employees who were subsequently employed by Defendants.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

13  Waymo objects to this request to the extent that it seeks information protected by the

14  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

15  from discovery. Waymo objects to this request as irrelevant, overbroad and not proportional to the

16  needs of the case to the extent it seeks documents specific to individuals other than Messrs.

17  Levandowski, Kshirsagar, and Raduta.

18  Waymo will produce documents relating to the departures of Messrs. Levandowski,

19  Kshirsagar, and Raduta. To the extent those documents discuss recruitment and training of those

20  or other individuals, Waymo will produce those as well.

21

22  **REQUEST FOR PRODUCTION NO. 130:**

23  Documents sufficient to show the steps taken by Waymo to recruit and train any employee

24  hired to replace one of the former Waymo employees who were subsequently employed by

25  Defendants.

26

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

2  Waymo objects to this request to the extent that it seeks information protected by the

3  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

4  from discovery.  Waymo objects to this request as irrelevant, overbroad and not proportional to the

5  needs of the case to the extent it seeks documents specific to individuals other than Messrs.

6  Levandowski, Kshirsagar, and Raduta.

7  Waymo will produce documents relating to the departures of Messrs. Levandowski,

8  Kshirsagar, and Raduta.  To the extent those documents discuss recruitment and training of those

9  or other individuals, Waymo will produce those as well.

10

11  **REQUEST FOR PRODUCTION NO. 131:**

12  All documents relating to Tyto LiDAR, LLC, including but not limited to any due

13  diligence, internal technical evaluations, or performance testing by Waymo of Tyto LiDAR, LLC.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

16  Waymo will produce all documents relating to any due diligence, internal technical

17  evaluations, or performance testing by Waymo of Tyto LiDAR, LLC, as located through a

18  reasonably diligent search.

19

20  **REQUEST FOR PRODUCTION NO. 132:**

21  All documents relating to Waymo's knowledge of Defendants' alleged involvement with

22  Tyto LiDAR, LLC.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

25  Waymo will produce all documents relating to Waymo's knowledge of Defendants'

26  alleged involvement with Tyto LiDAR, LLC, as located through a reasonably diligent search.

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **REQUEST FOR PRODUCTION NO. 133:**

2  　　All documents relating to any business relationship or rejection of any business

3  relationship by Waymo with Tyto LiDAR, LLC.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

6  　　Waymo will produce all documents relating to any business relationship or rejection of any

7  business relationship by Waymo with Tyto LiDAR, LLC, as located through a reasonably diligent

8  search.

9

10  **REQUEST FOR PRODUCTION NO. 134:**

11  　　All documents relating to the resignation of David Drummond from Uber's Board of

12  Directors.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

15  　　Waymo objects to this request as irrelevant.  Waymo further objects that the irrelevant

16  documents sought are not proportional to the needs of the case, considering the importance of the

17  issues at stake in the action, the amount in controversy, the parties' relative access to relevant

18  information, the parties' resources, the importance of the discovery in resolving the issues, and

19  whether the burden or expense of the proposed discovery outweighs its likely benefit.

20  　　Waymo will not produce documents responsive to this request.

21

22  **REQUEST FOR PRODUCTION NO. 135:**

23  　　All documents relating to communications between Anthony Levandowski and Larry Page

24  relating to the acquisition of 510 systems, the formation of 280 Systems or Ottomotto, and Mr.

25  Levandowski's departure from Waymo.

26

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

2       Waymo will produce all such documents as located through a reasonably diligent search of

3   the emails of Anthony Levandowski.

4

5   **REQUEST FOR PRODUCTION NO. 136:**

6       All documents relating to communications between Anthony Levandowski and Sergey

7   Brin relating to the acquisition of 510 systems, the formation of 280 Systems or Ottomotto, and

8   Mr. Levandowski's departure from Waymo.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

11      Waymo will produce all such documents as located through a reasonably diligent search of

12  the emails of Anthony Levandowski.

13

14  **REQUEST FOR PRODUCTION NO. 137:**

15      All documents relating to communications between Anthony Levandowski and Eric

16  Schmidt relating to the acquisition of 510 systems, the formation of 280 Systems or Ottomotto,

17  and Mr. Levandowski's departure from Waymo.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

20      Waymo will produce all such documents as located through a reasonably diligent search of

21  the emails of Anthony Levandowski.

22

23  **REQUEST FOR PRODUCTION NO. 138:**

24      All documents relating to communications between Anthony Levandowski and John

25  Krafcik relating to the acquisition of 510 systems, the formation of 280 Systems or Ottomotto, and

26  Mr. Levandowski's departure from Waymo.

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138**:

Waymo will produce all such documents as located through a reasonably diligent search of the emails of Anthony Levandowski.

**REQUEST FOR PRODUCTION NO. 139**:

All documents relating to communications between Anthony Levandowski and Bryan Salesky relating to the acquisition of 510 systems, the formation of 280 Systems or Ottomotto, and Mr. Levandowski's departure from Waymo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139**:

Waymo will produce all such documents as located through a reasonably diligent search of the emails of Anthony Levandowski.

**REQUEST FOR PRODUCTION NO. 140**:

All documents relating to communications between Anthony Levandowski and Pierre-Yves Droz relating to the acquisition of 510 systems, the formation of 280 Systems or Ottomotto, and Mr. Levandowski's departure from Waymo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140**:

Waymo will produce all such documents as located through a reasonably diligent search of the emails of Anthony Levandowski.

**REQUEST FOR PRODUCTION NO. 141**:

All documents relating to communications between Anthony Levandowski and Waymo, including but not limited to communications with human resources personnel and communications regarding agreements and obligations between Waymo and Mr. Levandowski.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 141**</u>:

2       Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs to

3  the case to the extent it seeks "***All*** documents relating to communications between Anthony

4  Levandowski and Waymo" untethered to any issue in this case.

5       Waymo will produce all communications between Anthony Levandowski and Waymo

6  regarding agreements and obligations between Waymo and Mr. Levandowski, including but not

7  necessarily limited to communications relating to side businesses, employment agreements,

8  confidentiality agreements, and agreements relating to compensation.

9

10  <u>**REQUEST FOR PRODUCTION NO. 142**</u>:

11       All communications with any third parties regarding this lawsuit, including any

12  government entities and any actual or potential customers, suppliers or investors.

13

14  <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 142**</u>:

15       Waymo objects to this request to the extent that it seeks information protected by the

16  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

17  from discovery.

18       Waymo will produce documents sufficient to show Waymo's knowledge of Defendants'

19  autonomous vehicle program, including communications by Waymo to third parties regarding this

20  lawsuit, as located after a diligent search of custodial documents.

21

22  <u>**REQUEST FOR PRODUCTION NO. 143**</u>:

23       Documents sufficient to show the dates of the communications between Quinn Emanuel

24  Urquhart & Sullivan, LLP and Waymo regarding Anthony Levandowski prior to the filing of the

25  arbitration lawsuits in October 2016 against Mr. Levandowski.

26

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Waymo states that after a reasonably diligent search, Waymo has not located any communications between Quinn Emanuel and Waymo regarding Anthony Levandowski prior to the filing of the arbitration lawsuits in October 2016 against Mr. Levandowski.

**REQUEST FOR PRODUCTION NO. 144:**

Documents sufficient to show the dates of the communications between Quinn Emanuel Urquhart & Sullivan, LLP and Waymo regarding Uber prior to the filing of the arbitration lawsuits in October 2016 against Mr. Levandowski.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Waymo states that after a reasonably diligent search, Waymo has not located any communications between Quinn Emanuel and Waymo regarding Anthony Levandowski prior to the filing of the arbitration lawsuits in October 2016 against Mr. Levandowski.

**REQUEST FOR PRODUCTION NO. 145:**

Documents sufficient to show the dates of the communications between any law firm and Waymo regarding Anthony Levandowski prior to the filing of the arbitration lawsuits in October 2016 against Mr. Levandowski.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo objects to this request to the extent that it is duplicative of Expedited Discovery Request No. 4 to Larry Page ("Communications about the possibility of pursuing a legal action against Anthony Levandowski or Defendants.").  On April 27, 2017, in response to that request, Waymo responded:  "Pursuant to the Court's Order today regarding RFP No. 4, and without

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

waiver of attorney-client privilege, attorney work product protection, or any other applicable privilege or protection and after a reasonable and diligent investigation, Waymo states that Google Inc.'s first communication in relation to the possibility of legal action against Anthony Levandowski was on or about March 23, 2016."

Waymo will log the document memorializing the March 23, 2016 communication.

**REQUEST FOR PRODUCTION NO. 146:**

Documents sufficient to show the dates of the communications between any law firm and Waymo regarding Uber prior to the filing of the arbitration lawsuits in October 2016 against Mr. Levandowski.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

In response to this request, Waymo will produce or log documents sufficient to show when Waymo first communicated about the possibility of pursuing this legal action against Uber.

DATED:  June 12, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _/s/ Charles K. Verhoeven_
    Charles K. Verhoeven
    Attorneys for WAYMO LLC

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**APPENDIX**

**Information On Document Collection and
Production Under Supplement Order ¶ 13**

Waymo further provides information on its collection efforts under Paragraph 13 of the Supplemental Order.  As of June 12, 2017, Waymo has searched the following sources of information in response to Defendants' requests for production:

- Waymo custodial document repositories (e.g., email repositories, Google Docs, locally stored electronic documents)

- Waymo non-custodial document repositories (e.g., Drive folders used by various teams at Waymo, personnel files, Google personnel files including policy documents, codes of conduct, employee handbooks, and employment and confidentiality agreements

As of June 12, 2017, the following individuals employed by Waymo or Google have searched for documents in response to Defendants' requests for production:

- Raquel Small-Weikert (Paralegal) – general search responsibility

- Christine Lok (Paralegal) – general search responsibility

- Toni Baker (Paralegal) – general search responsibility

- Margo Maddux (Patent Agent) – search responsibility relating to patent-related documentation

- Michael Lin (People Coordinator) – search responsibility relating to employment documentation and electronic device recovery

- Joanne Chin (Head of People Operations) – search responsibility relating to employment documentation and electronic device recovery

- Jack Brown (Waymo, CAD Data and PLM Program Manager) – search responsibility relating to Waymo secure server access and activity

- Pierre Yves-Droz (Waymo, Principal Hardware Engineer) – search responsibility relating to documents relating to LiDAR development