MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS LETTER BRIEF REGARDING WAYMO'S MOTION TO COMPEL (DKT. 681)**<br><br>Trial Date: October 10, 2017 |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Plaintiff's Administrative Motion to File Under Seal Portions of Its Letter Brief Regarding Waymo's Motion to Compel (Dkt. 681).

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Waymo's Letter Brief Regarding Waymo's Motion to Compel ("Letter Brief") (Dkt. 681-3) | Marked portions (in red boxes) |
| Exhibit 3 of Waymo's Letter Brief | Marked portions (in red boxes) |
| Exhibit 5 of Waymo's Letter Brief | Entire Document |
| Exhibit 6 of Waymo's Letter Brief | Entire Document |
| Exhibit 7 of Waymo's Letter Brief | Marked portions (in red boxes) |
| Exhibit 8 of Waymo's Letter Brief | Marked portions (in red boxes) |
| Exhibit 13 of Waymo's Letter Brief | Marked portions (in red boxes) |
| Exhibit 16 of Waymo's Letter Brief | Marked portions (in red boxes) |

1. The marked portions (in red boxes) of Waymo's Letter Brief identified specific software modules described in highly confidential Disclosure Schedules to the Put Call Agreement (Dkt. 515-11). These Disclosure Schedules were filed entirely under seal, and the Court granted sealing at Dkt. 707. Here, the identification of software modules reveal technical features developed by Ottomotto LLC and acquired by Uber. This highly confidential information is not publicly known, and their confidentiality is strictly maintained. I understand that this information could be used by competitors or counterparties to Uber's detriment, including to gain an advantage over Uber in development strategy. For example, disclosure of

Uber and Ottomotto's LiDAR-related technical features would allow competitors to understand Uber's LiDAR development and strategy, and allow them to tailor their own LiDAR development. If such information were made public, I understand Uber's competitive standing could be significantly harmed.

2. The marked portions (in red boxes) on pages 10-13 of Exhibit 3 contain highly confidential information regarding third party vendors for Uber's LiDAR, some of which are subject to non-disclosure agreements. Defendants are contractually bound to maintain the confidentiality of this third party's confidential information, which reveal Uber's LiDAR development and strategy. If this information were to be released to the public, Defendants' competitors would have access to detailed information about Defendants' LiDAR design work and product development strategy, which would allow them to tailor their own LiDAR development. Uber's competitive standing could significantly be harmed.

3. The marked portions (in red boxes) of on pages 10-13 of Exhibit 3 also reference highly confidential technical features of Uber's LiDAR development work. This highly confidential information is not publicly known, and their confidentiality is strictly maintained. If this information were to be released to the public, Defendants' competitors would have access to technical details about Defendants' LiDAR design work and product development strategy, which would allow them to tailor their own LiDAR development. Uber's competitive standing could significantly be harmed.

4. The marked portions (in red boxes) on pages 10-13 of Exhibit 3 contain the names and locations of Uber employees and former employees who worked on LiDAR-related projects, and disclosure of their information would harm their privacy interests. Defendants request these names and current location information be kept confidential in order to protect the privacy of individuals at a company that is currently the subject of extensive media coverage, and prevent them from being exposed to harm or harassment.

5. The marked portion (in red boxes) on pages 6 and 7 of Exhibit 3 contains highly confidential information regarding business agreement terms, including information about the structure of a business agreement. This highly confidential information is not publicly known,

YANG DECLARATION ISO WAYMO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 3:17-cv-00939-WHA
sf-3788211

2

and their confidentiality is strictly maintained.  If this information were to be released to the public, Defendants' competitors and counterparties would have insight to how Defendants structured its business agreements, which would allow them to tailor their own business negotiation strategy.  Defendants' competitive standing could significantly be harmed.

6. Exhibit 5 is an email from Anthony Levandowski to his LiDAR team at Ottomotto that discusses technical features developed by Ottomotto, internal analyses of potential business models, and internal technical goals.  This highly confidential information is not publicly known, and their confidentiality is strictly maintained.  If this information were to be released to the public, Defendants' competitors and counterparties would have insight to Defendants' product development and business strategy, including business model analysis, which would allow them to tailor their own LiDAR development work.  Defendants' competitive standing could significantly be harmed.

7. Exhibit 6 is a highly confidential email exchange containing highly confidential information relating to Defendants' negotiation of business agreements, including specific commercial terms such as purchase amounts, payment, and delivery terms.  The email exchange also includes descriptions of contents of the portions of the Term Sheet for which the Court granted sealing at Dkt. 550 and 707.  This highly confidential information is not publicly known, and its confidentiality is strictly maintained.  I understand that this information could be used by competitors or counterparties to Uber's detriment, including by using this information to gain an advantage over Uber in negotiations for business transactions.  Disclosure of such information would reveal Uber's negotiation strategy and commercial terms, including purchase amounts, payment, and delivery terms, which would allow competitors or counterparties to tailor their negotiation tactics to counter Uber.  If such information were made public, I understand Uber's competitive standing could be significantly harmed.

8. The marked portion (in red boxes) of Exhibits 7 and 8 contain a personal home address and personal phone numbers of individuals involved in this litigation.  Defendants request this personal identifying information be kept confidential in order to protect the privacy of individuals in this litigation, which is currently the subject of extensive media coverage.

Disclosure of this personal identifying information could expose them to harm, harassment, or identity theft.

9. The marked portion (in red boxes) of page 8 of Exhibit 13 includes the identity of a confidential third party vendor for Uber's LiDAR. This highly confidential information is not publicly known, and their confidentiality is strictly maintained. I understand that this information could be used by Uber's competitors to obtain an advantage in understanding Uber's work with LiDAR and allow them to tailor their own LiDAR development strategy.

10. The marked portion (in red boxes) of page 7 of Exhibit 13 contains highly confidential information regarding business agreement terms, including information about the structure of the agreement. This highly confidential information is not publicly known, and their confidentiality is strictly maintained. If this information were to be released to the public, Defendants' competitors and counterparties would have insight to how Uber and Ottomotto structured business agreements, which would allow them to tailor their own business negotiation strategy. Defendants' competitive standing could significantly be harmed.

11. The marked portion (in red boxes) of pages 2-5 of Exhibit 16 include highly confidential information containing detailed technical information about Uber's LiDAR design, assembly process, and confidential vendor information. This highly confidential information is not publicly known, and their confidentiality is strictly maintained. If this information were to be released to the public, Defendants' competitors would have access to technical details about Defendants' LiDAR design, assembly process, and confidential vendors, and the competitors could obtain insight to Defendants' design and strategy that would allow them to tailor their own LiDAR development. Uber's competitive standing could significantly be harmed.

12. The marked portions (in red boxes) of on page 6 of Exhibit 16 contain an identification of Uber's servers containing LiDAR-related information. Defendants request that this information be kept confidential in order to protect the security of Defendants' servers, and prevent them from being exposed to cyberattack.

13. Defendants' request to seal is narrowly tailored to those portions of Plaintiff's Letter Brief and its supporting papers that merit sealing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 26th day of June, 2017, in Washington, D.C.

                                          */s/ Michelle Yang*
                                              Michelle Yang

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated:  June 26, 2017                              */s/  Arturo J. González*
                                                                        Arturo J. González