1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    WAYMO LLC,                              Case No. 17-cv-00939-WHA   (JSC)

8                  Plaintiff,

9         v.                                 **ORDER GRANTING IN PART AND
                                             DENYING IN PART
10   UBER TECHNOLOGIES, INC., et al.,        ADMINISTRATIVE MOTION TO FILE
                                             UNDER SEAL**
11                 Defendants.
                                             Re: Dkt. Nos. 636, 655, 656

12

13        This Order addresses Plaintiff Waymo's motion to file under seal portions of its June 15,

14   2017 Letter Brief Regarding Privilege Issues ("Letter Brief") and Exhibits 1-3 and 13 to the

15   Declaration of Kevin Smith ("Smith Declaration") (Dkt. No. 636.)  After carefully considering the

16   parties' submissions, the motion is GRANTED in part and DENIED in part.

17        Waymo requests to seal portions of its Letter Brief "because it contains information that

18   Defendants have designated confidential." (*Id*. at 2.[1])  As to Exhibits 1-3 and 13 to the Smith

19   Declaration, components of Uber's privilege logs, Waymo explains that "Defendants have stated

20   that they do not consider their privilege logs confidential, but nevertheless do not want their

21   clients' email addresses made public.  Accordingly, Waymo has filed Exhibits 1-3 and 13 to the

22   Declaration of Kevin Smith completely under seal so Defendants can determine which email

23   addresses, if any, merited sealing.  Waymo takes no position as to the merits of sealing any of

24   Defendants' material." (*Id*.)  Waymo notes that "some, but not all, of the email addresses on

25   Defendants' logs are already public because they are attorney work addresses, which can be

26   accessed from the attorneys' respective firm websites." (*Id*.)

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Uber filed a Declaration in support of sealing (Dkt. No. 656), which narrowed the portions

2    of the Letter Brief it believed were sealable.  (Dkt. No. 655-2 at 2-3.)  Uber argues that these

3    portions "include details of a business agreement containing non-public, highly confidential

4    information, including highly confidential business information relating to terms of the agreement,

5    such as financial terms and conditions."  (Dkt. No. 656. at 2.)  Uber argues "[d]isclosure of this

6    information would allow competitors or counterparties to tailor negotiation strategy, including

7    with respect to financial terms and conditions," thus risking harm to Uber's competitive standing.

8    (*Id*.)  Uber also argues that Exhibits 1-3 to the Smith Declaration should be sealed "to protect the

9    privacy" of "certain high-ranking" Uber executives, as disclosure of their email addresses "could

10   expose them to harm or harassment."  (*Id*. at 3.)  For the proposition that the Exhibits should be

11   sealed in their entirety, Uber cites *A.B. ex rel. W.F.B. v. San Francisco Unified School District*,

12   where the Court granted sealing of the administrative record, which contained "sensitive

13   educational and medical information . . . often in references too numerous to redact."  (*Id*.); No.  C

14   07-4738 PJH, 2007 WL 2900527, *1 (N.D. Cal. Oct. 2, 2007).

15   The Court DENIES sealing of the red-outlined portions of the Letter Brief highlighted by

16   Uber.  (Dkt. No. 655-2 at 2-3.)  This information is not privileged, protectable as a trade secret or

17   otherwise entitled to protection under the law.  *See* Civil L.R. 79-5(b).  The Court also DENIES

18   IN PART sealing of Exhibits 1-3 of the Smith Declaration in their entirety.  These addresses do

19   not appear difficult to figure out; however, if Uber believes they are not publicly known it may

20   redact the email addresses of Uber executives from the privilege log and otherwise file the

21   privilege log in the public docket.  Finally, the Court DENIES sealing of Exhibit 13 of the Smith

22   Declaration, which Uber did not mention in its Declaration in support of sealing.  (Dkt. No. 656.)

23   The parties shall file public versions of their briefs and exhibits consistent with this Order by

24   no later than July 4, 2017.  *See* N.D. Cal. Civ. L.R. 79-5(f)(3).

25   This Order disposes of Docket No. 633 and 636.

26   **IT IS SO ORDERED.**

27   Dated: June 27, 2017

28

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Jacqueline Scott Corley*

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California