UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-00939-WHA   (JSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 657 |

This Order addresses Defendants Uber Technologies' and Ottomotto's ("Defendants'") motion to file under seal portions of their Opposition to Plaintiff Waymo's Letter Brief Regarding Privilege Issues ("Letter Brief") and Exhibits thereto. (Dkt. No. 657.) After carefully considering Defendants' submissions, the motion is GRANTED in part and DENIED in part.

First, Defendants request to seal portions of its Opposition (Dkt. No. 657-4 at 3[1]) because it contains "details of business agreement containing non-public, highly confidential information," that could be used by competitors to its detriment. (Dkt. No. 657 at 2.) Defendants argue that if such information were made public, its competitive standing could be harmed. (*Id.*) Second, Defendants request sealing of the entirety of Exhibit A to the Declaration of Julie DeStefano (Dkt. No. 657-7), arguing that this document "is a non-public, confidential employment document," that includes information relating to Uber's employment and compensation terms. (Dkt. No. 657 at 2-3.) Third, Defendants request sealing of the entireties of Exhibits A and B to the Declaration of Sylvia Rivera (Dkt. No. 657-5 and 676-6) to protect the privacy of certain high-ranking executives mentioned in their privilege logs. Defendants argue that disclosure of these employees' email

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

addresses "could expose them to harm or harassment." (Dkt. No. 657 at 3.)

The Court DENIES sealing of the highlighted portions of Defendants' Opposition. (Dkt. No. 657-4 at 3.) This information is not privileged, protectable as a trade secret or otherwise entitled to protection under the law. *See* Civil L.R. 79-5(b). This information does not reveal Defendants' confidential corporate structure, is not marketing strategy, and is not technical.

The Court also DENIES IN PART sealing of the entireties of Exhibits A and B to the Declaration of Sylvia Rivera. (Dkt. No. 657-5 and 676-6.) These email addresses do not appear difficult to figure out; however, if Defendants believes they are not publicly known, they may redact the email addresses of Uber executives from the privilege logs and otherwise file the privilege logs in the public docket.

Finally, the Court GRANTS sealing of Exhibit A to the Declaration of Julie DeStefano. (Dkt. No. 657-7.) Defendants have demonstrated good cause to seal the employment document.

Defendants shall file public versions of their briefs and exhibits consistent with this Order by no later than July 4, 2017. *See* N.D. Cal. Civ. L.R. 79-5(f)(3).

This Order disposes of Docket No. 657.

**IT IS SO ORDERED.**

Dated: June 27, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2