2011 WL 10883994
Only the Westlaw citation is currently available.
United States District Court,
District of Columbia.

UNITED STATES of America, Plaintiff,
v.
ADOBE SYSTEMS, INC.; Apple Inc.; Google Inc.; Intel Corporation; Intuit, Inc.; and Pixar, Defendants.

No. 10 CV 1629.
|
March 18, 2011.

**Attorneys and Law Firms**

Ryan Scott Struve, Washington, DC, for Plaintiff.

[Adrian Wager–Zito](), [Joe Sims](), Jones Day, [Micah William Janso Smith](), O'Melveny & Myers, LLP, [Mark Leddy](), Cleary, Gottlieb, Steen & Hamilton LLP, Washington, DC, for Defendants.

### FINAL JUDGMENT

[REGGIE B. WALTON](), District Judge.

**\*1** WHEREAS, the United States of America filed its Complaint on September 24, 2010, alleging that each of the Defendants participated in at least one agreement in violation of Section One of the Sherman Act, and the United States and the Defendants, by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law;

AND WHEREAS this Final Judgment does not constitute any admission by the Defendants that the law has been violated or of any issue of fact or law, other than that the jurisdictional facts as alleged in the Complaint are true;

AND WHEREAS, the Defendants agree to be bound by the provisions of this Final Judgment pending its approval by this Court;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the Defendants, it is ORDERED, ADJUDGED, AND DECREED.

### I. JURISDICTION

This Court has jurisdiction over the subject matter and each of the parties to this action. The Complaint states a claim upon which relief may be granted against the Defendants under Section One of the Sherman Act, as amended, [15 U.S.C. § 1]().

### II. DEFINITIONS

As used in this Final Judgment:

A. "Adobe" means Adobe Systems, Inc., its (i) successors and assigns, (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) their directors, officers, managers, agents acting within the scope of their agency, and employees.

B. "Apple" means Apple Inc., its (i) successors and assigns, (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) their directors, officers, managers, agents acting within the scope of their agency, and employees.

C. "Google" means Google Inc., its (i) successors and assigns, (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) their directors, officers, managers, agents acting within the scope of their agency, and employees.

D. "Intel" means Intel Corporation, its (i) successors and assigns, (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) their directors, officers, managers, agents acting within the scope of their agency, and employees.

E. "Intuit" means Intuit, Inc., its (i) successors and assigns, (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) their directors, officers, managers, agents acting within the scope of their agency, and employees.

F. "Pixar" means Pixar, its (i) successors and assigns, (ii) controlled subsidiaries, divisions, groups, affiliates,

partnerships, and joint ventures, and (iii) their directors, officers, managers, agents acting within the scope of their agency, and employees. Pixar shall include directors, officers, managers, agents, or employees of any parent of or any entity under common control with Pixar, only when such individuals are acting in their capacity as directors, officers, managers, agents, or employees of Pixar.

**\*2** G. "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

H. "No direct solicitation provision" means any agreement, or part of an agreement, among two or more persons that restrains any person from cold calling, soliciting, recruiting, or otherwise competing for employees of another person.

I. "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office, or other business or legal entity, whether private or governmental.

J. "Senior manager" means any company officer or employee above the level of vice president.

### III. APPLICABILITY

This Final Judgment applies to Adobe, Apple, Google, Intel, Intuit, and Pixar, as defined in Section II, and to all other persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

### IV. PROHIBITED CONDUCT

Each Defendant is enjoined from attempting to enter into, entering into, maintaining or enforcing any agreement with any other person to in any way refrain from, requesting that any person in any way refrain from, or pressuring any person in any way to refrain from soliciting, cold calling, recruiting, or otherwise competing for employees of the other person.

### V. CONDUCT NOT PROHIBITED

A. Nothing in Section IV shall prohibit a Defendant and any other person from attempting to enter into, entering into, maintaining or enforcing a no direct solicitation provision, provided the no direct solicitation provision is:

1. contained within existing and future employment or severance agreements with the Defendant's employees;

2. reasonably necessary for mergers or acquisitions, consummated or unconsummated, investments, or divestitures, including due diligence related thereto;

3. reasonably necessary for contracts with consultants or recipients of consulting services, auditors, outsourcing vendors, recruiting agencies or providers of temporary employees or contract workers;

4. reasonably necessary for the settlement or compromise of legal disputes; or

5. reasonably necessary for (i) contracts with resellers or OEMs; (ii) contracts with providers or recipients of services other than those enumerated in paragraphs V.A. 1–4 above; or (iii) the function of a legitimate collaboration agreement, such as joint development, technology integration, joint ventures, joint projects (including teaming agreements), and the shared use of facilities.

B. All no direct solicitation provisions that relate to written agreements described in Section V.A.5.i, ii, or iii, that a Defendant enters into, renews, or affirmatively extends after the date of entry of this Final Judgment shall:

1. identify, with specificity, the agreement to which it is ancillary;

2. be narrowly tailored to affect only employees who are anticipated to be directly involved in the agreement;

**\*3** 3. identify with reasonable specificity the employees who are subject to the agreement;

4. contain a specific termination date or event; and

5. be signed by all parties to the agreement, including any modifications to the agreement.

C. For all no direct solicitation provisions that relate to unwritten agreements described in Section V.A.5.i, ii, or iii, that a Defendant enters into, renews, or affirmatively extends after the date of entry of this Final Judgment, the Defendant shall maintain documents sufficient to show:

1. the specific agreement to which the no direct solicitation provision is ancillary;

2. the employees, identified with reasonable specificity, who are subject to the no direct solicitation provision; and

3. the provision's specific termination date or event.

D. Defendants shall not be required to modify or conform, but shall not enforce, any no direct solicitation provision to the extent it violates this Final Judgment if the no direct solicitation provision appears in Defendants' consulting or services agreements in effect as of the date of this Final Judgment (or in effect as of the time a Defendant acquires a company that is a party to such an agreement).

E. Nothing in Section IV shall prohibit a Defendant from unilaterally deciding to adopt a policy not to consider applications from employees of another person, or to solicit, cold call, recruit or hire employees of another person, provided that Defendants are prohibited from requesting that any other person adopt, enforce, or maintain such a policy, and are prohibited from pressuring any other person to adopt, enforce, or maintain such a policy.

## VI. REQUIRED CONDUCT

A. Each Defendant shall:

1. furnish a copy of this Final Judgment and related Competitive Impact Statement within sixty days of entry of the Final Judgment to each Defendant's officers, directors, human resources managers, and senior managers who supervise employee recruiting, solicitation, or hiring efforts;

2. furnish a copy of this Final Judgment and related Competitive Impact Statement to any person who succeeds to a position described in Section VI.A.1 within thirty days of that succession;

3. annually brief each person designated in Sections VI.A.1 and VI.A.2 on the meaning and requirements of this Final Judgment and the antitrust laws;

4. obtain from each person designated in Sections VI.A.1 and VI.A.2, within 60 days of that person's receipt of the Final Judgment, a certification that he or she (i) has read and, to the best of his or her ability, understands and agrees to abide by the terms of this Final Judgment; (ii) is not aware of any violation of the Final Judgment that has not been reported to the Defendant; and (iii) understands that any person's failure to comply with this Final Judgment may result in an enforcement action for civil or criminal contempt of court against each Defendant and/or any person who violates this Final Judgment;

**\*4** 5. provide employees reasonably accessible notice of the existence of all agreements covered by Section V.A.5 and entered into by the company; and

6. maintain (i) a copy of all agreements covered by Section V.A.5; and (ii) a record of certifications received pursuant to this Section.

B. For five (5) years after the entry of this Final Judgment, on or before its anniversary date, each Defendant shall file with the United States an annual statement identifying and providing copies of any agreement and any modifications thereto described in Section V.A.5, as well as describing any violation or potential violation of this Final Judgment known to any officer, director, human resources manager, or senior manager who supervises employee recruiting, solicitation, or hiring efforts. Descriptions of violations or potential violations of this Final Judgment shall include, to the extent practicable, a description of any communications constituting the violation or potential violation, including the date and place of the communication, the persons involved, and the subject matter of the communication.

C. If any officer, director, human resources manager, or senior manager who supervises employee recruiting, solicitation, or hiring efforts of a Defendant learns of any violation or potential violation of any of the terms and conditions contained in this Final Judgment, that Defendant shall promptly take appropriate action to terminate or modify the activity so as to comply with this

Final Judgment and maintain all documents related to any violation or potential violation of this Final Judgment.

## VII. COMPLIANCE INSPECTION

A. For the purposes of determining or securing compliance with this Final Judgment, or of determining whether the Final Judgment should be modified or vacated, from time to time authorized representatives of the United States Department of Justice, including consultants and other persons retained by the United States, shall, upon the written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to each Defendant, subject to any legally recognized privilege, be permitted:

1. access during each Defendant's regular office hours to inspect and copy, or at the option of the United States, to require each Defendant to provide electronic or hard copies of, all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of each Defendant, relating to any matters contained in this Final Judgment; and

2. to interview, either informally or on the record, each Defendant's officers, employees, or agents, who may have their counsel, including any individual counsel, present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by any Defendant.

B. Upon the written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, each Defendant shall submit written reports or responses to written interrogatories, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

 **\*5** C. No information or documents obtained by the means provided in this section shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D. If at the time information or documents are furnished by a Defendant to the United States, the Defendant represents and identifies in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and the Defendant marks each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," then the United States shall give the Defendant ten (10) calendar days notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## VIII. RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## IX. EXPIRATION OF FINAL JUDGMENT

Unless this court grants an extension, this Final Judgment shall expire five (5) years from the date of its approval by the Court.

## X. NOTICE

For purposes of this Final Judgment, any notice or other communication shall be given to the persons at the addresses set forth below (or such other addresses as they may specify in writing to Adobe, Apple, Google, Intel, Intuit, and Pixar):

Chief

Networks & Technology Enforcement Section

U.S. Department of Justice

Antitrust Division

450 Fifth Street, NW, Suite 7100

Washington, DC 20530

## XI. PUBLIC INTEREST DETERMINATION

Entry of this Final Judgment is in the public interest. The parties have complied with the Procedures of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making copies available to the public of this Final Judgment, the Competitive Impact Statement, and any comments thereon and the United States' responses to comments. Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and response to comments filed with the Court, entry of this final judgment is in the public interest.

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 10883994

---

**End of Document** © 2017 Thomson Reuters. No claim to original U.S. Government Works.