

|  |  |
|---|---|
| Neel Chatterjee | Goodwin Procter LLP |
| +1 650 752 3256 | 135 Commonwealth Drive |
| NChatterjee@goodwinlaw.com | Menlo Park, CA 94025 |
|  | goodwinlaw.com |
|  | +1 650 752 3100 |

June 27, 2017

**VIA ECF**

The Honorable Jacqueline Scott Corley
United States Magistrate Judge
United States District Court for the Northern District of California
San Francisco Courthouse Courtroom F – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102


Re:   *Waymo LLC v. Uber Technologies, Inc. et al.*, N.D. Cal. Case No. 3:17-cv-00939-WHA — Otto Trucking's Opposition to Waymo LLC's Letter Brief In Support of Waymo LLC's Motion to Compel Against Defendant Otto Trucking LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC (Dkt. No. 682)

Dear Judge Corley,

Defendant Otto Trucking LLC ("Otto Trucking") submits this letter brief in opposition to Waymo's Motion to Compel filed June 21, 2017 (the "Motion," Dkt. No. 682).

Otto Trucking is an entity separate from Uber. (Exh. 1 - Declaration of Lior Ron ("Ron Decl.") ¶ 5). It has no employees or consultants. *Id.* ¶ 6. It has no networks, servers, or email systems. *Id.* Anthony Levandowski and Lior Ron are managing members of the LLC. *Id.* ¶¶ 2, 3. Anthony Levandowski is the Executive Chairman. *Id.* ¶ 3. Adam Bentley is Legal Counsel, and Rhian Morgan serves as Secretary. *Id.* Uber does not own Otto Trucking, but it does have a right to purchase Otto Trucking. *Id.* ¶ 5.

Otto Trucking has produced everything in its possession, custody, or control. To date, Waymo has propounded 291 document requests and 26 interrogatories. In response, Otto Trucking has produced its entire data room, and has undertaken diligent investigation in response to each of Waymo's interrogatories. At the heart of Waymo's motion is that it appears to want personal information from Anthony Levandowski. Waymo chose not to sue Mr. Levandowski. It cannot have it both ways. Otto Trucking has fully complied with its obligations and is not obligated to seek personal information from Mr. Levandowski. For the reasons below, Waymo's motion should be denied.



The Honorable Jacqueline Scott Corley
June 27, 2017
Page 2

I. **Otto Trucking Has Provided Full Responses To Waymo's Interrogatories.**

Waymo seeks to compel the production of interrogatory responses. But Waymo does not identify in its Motion any aspect of the interrogatory responses that are incomplete. It does not challenge the sufficiency of the disclosure.

As its only argument in support, Waymo claims that Otto Trucking's response to Interrogatory No. 1 was deficient because it was "obviously incomplete." (Dkt. No. 682 at 1). It then requests the Court to impute this same alleged deficiency for Interrogatory No. 1 to "*every other expedited interrogatory*"—in effect, demanding Otto Trucking to do over again what it has already done once before. *Id.* Waymo provides no plausible basis for this relief, nor can it.

The party moving to compel discovery has the burden of proving that the opposing party's answers were incomplete. *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 2170121, at *2 (N.D. Cal. May 8, 2015); *see also* Fed. R. Civ. P. 37(a)(2)(B). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Id.* (citing *Williams v. Gate*, No. 09–0468, 2011 WL 6217378, at *1 (E.D. Cal. Dec. 14, 2011)); *Bluestone Innovations LLC v. LG Elecs. Inc.*, No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013).

Otto Trucking has made clear from the outset that it does not have non-privileged information responsive to Waymo's requests. In the daily meet-and-confer sessions with Special Master Cooper, Otto Trucking has underscored its limited role in this litigation, existing only as the parent company of Otto Transport LLC ("Otto Transport"). It has no operations, no employees, no consultants, no email servers, no networks, and no electronic communication systems. Ron Decl. ¶ 6.

Waymo incorrectly contends that Otto Trucking "has pointedly refused to interview its officers and employees" during discovery. (Dkt. No. 682 at 1). In letters dated May 30, 2017, Otto Trucking requested information from the very individuals that Waymo now references in this Motion—Anthony Levandowski, Lior Ron, Rhian Morgan, and Adam Bentley. *See* (Dkt. No. 717-1 Exhs. A–D). Mr. Ron, Ms. Morgan, and Mr. Bentley have all confirmed that they do not have responsive information. *See id.* at 2 ("[S]ince the formation of Otto Trucking in 2016, Mr. Ron, Ms. Morgan, and Mr. Bentley have stated that they do not have any downloaded materials and never received such materials."). Waymo may not seek an order to compel merely because the responding party has not "conduct[ed] discovery in the manner [it] prefers." *Chatman v. Felker*, No. CIV S03-2415JAMKJMP, 2009 WL 173515, at *3 (E.D. Cal. Jan. 23, 2009), *adopting report and recommendation*, 2009 WL 1110590 (E.D. Cal. Apr. 24, 2009).



The Honorable Jacqueline Scott Corley
June 27, 2017
Page 3

Waymo also incorrectly claims that Otto Trucking failed to properly assert privilege. (Dkt. No. 682 at 1). Otto Trucking "object[ed] to this Interrogatory to the extent that it seeks information regarding documents or materials protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privilege or immunity." (Dkt. No. 682-2 at 3–4). Waymo is well aware that Mr. Levandowski has asserted his Fifth Amendment rights in this litigation. To the extent Mr. Levandowski holds information responsive to the requests, Otto Trucking is not privy to that information, just as its Co-Defendants Uber and Ottomotto are not privy to that information either. *See Doe v. AT&T W. Disability Benefits Program*, No. C-11-4603 DMR, 2012 WL 1669882, at *2 (N.D. Cal. May 14, 2012) (explaining that "a corporation must respond to an interrogatory seeking information available from a non-party if the information is 'readily obtainable'") (quoting *In re NCAA Student-Athlete Name & Likeness Litig.*, No. 09-CV-01967 CW NC, 2012 WL 161240, at *5 (N.D. Cal. Jan. 17, 2012)).

## II. Waymo Demands Otto Trucking Produce Documents That Are Not In Its Possession, Custody, Or Control.

Waymo next argues that Otto Trucking should be compelled to produce all documents stored in the personal email accounts of Otto Trucking individuals, namely those of non-parties Mr. Levandowski, Mr. Ron, Ms. Morgan, and Mr. Bentley. Waymo, as the party seeking the order compelling production, bears the burden of showing that these documents are within Otto Trucking's possession, custody, or control. *In re NCAA Student–Athlete Name & Likeness Litig.*, 2012 WL 161240, at *5; *see also* Fed. R. Civ. P. 34. Waymo fails to meet that burden here.

First, Waymo has made no showing whatsoever that Otto Trucking has custody or possession of those emails. *Sharma v. BMW of N. Am. LLC*, No. 13CV02274MMCKAW, 2016 WL 1019668, at *4 (N.D. Cal. Mar. 15, 2016). As explained above, Otto Trucking exists as a parent company that holds assets for Otto Transport. It has no email servers of its own, much less any networks over which such communications may be transmitted. Ron Decl. ¶ 6. It has never issued to any of the above-named individuals any electronic communication devices such as smartphones, pagers, PDAs, tablets, notebooks, or other devices on which the requested documents may exist. *Id.* The emails to which Waymo refers exist only on the personal email accounts of the non-parties and are read, edited, and delivered using the non-parties' personal devices that access those networks.

Second, Waymo also fails to show how Otto Trucking exercises control over the personal emails of non-parties. In the Ninth Circuit, "control" over documents is defined as "the legal right to obtain [them] upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (citation and quotation marks omitted); *see also United States v. Int'l Union of Petroleum*



The Honorable Jacqueline Scott Corley
June 27, 2017
Page 4

& *Indus. Workers*, 870 F.2d 1450, 1452–53 (9th Cir. 1989)). Proof of "theoretical control is insufficient; a showing of actual control is required." *Id.*

This Court has confronted this very issue before. In *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, No. 12-CV-2582 CW JSC, 2013 WL 1767960, at *1–2 (N.D. Cal. Apr. 15, 2013), the plaintiff sought to compel the production of emails stored on a non-party's personal Gmail account, arguing that the defendant exercised sufficient control over the non-party, a consultant, who used the email for business-related work. *Id.* ("Plaintiff's request for emails from Daniel Hsu's gmail address (danhsu24@gmail.com) presents the same issue. Plaintiff contends that it is entitled to email from this address because Daniel Hsu used this email address to do business for Kozumi.").

This Court disagreed. *Id.* at *2. Relying on *In re Citric Acid Litigation*, it explained that "[i]t is not enough that a party may have a practical ability to obtain the requested documents from an affiliated organization, because the other entity could legally—and without breaching any contract—continue to refuse to turn over such documents." *Id.* (quoting *In re Citric Acid Litig.*, 191 F.3d at 1107 (internal quotations omitted)). "The evidence of Daniel Hsu's consultant relationship with Kozumi is insufficient absent a showing that either William Hsu or Kozumi could legally compel Daniel Hsu to produce the documents." *Id.* "Accordingly, the Court finds that Plaintiff has failed to meet its burden of demonstrating that Kozumi has control over the documents sought from these two email accounts." *Id.* at *3.

Judge Grewal reached the same conclusion in *Matthew Enterprise, Inc. v. Chrysler Group, LLC*, No. 13-CV-04236-BLF, 2015 WL 8482256, at *4 (N.D. Cal. Dec. 10, 2015). There, the defendant sought to compel the production of emails from the personal email accounts of the plaintiff's non-party employees. *Id.* at *3. Like in *Ubiquiti Networks*, the defendant argued control, claiming that "[b]ecause [the plaintiff] does not furnish all its employees with email accounts, many of them use their personal accounts for business purposes." *Id.* Judge Grewal expressly rejected that argument, noting in particular the treatment of "control" for purposes of Rule 34 within the Ninth Circuit:

> Chrysler has not carried this burden for the emails in personal accounts. Chrysler points to a Stevens Creek employee handbook that instructs employees to keep "internal information" in the "sole possession" of Stevens Creek, but this is not a contract and so does not create a legal right for Stevens Creek to take back any such information now stored in personal accounts. And as Stevens Creek pointed out at the hearing on this motion, even if the court were to order that Stevens Creek collect emails from its employees' personal accounts, Chrysler has not identified any authority under which Stevens Creek could force employees to turn them over. The



The Honorable Jacqueline Scott Corley
June 27, 2017
Page 5

> Ninth Circuit has recognized that "[o]rdering a party to produce documents that it does not have the legal right to obtain will oftentimes be futile, precisely because the party has no certain way of getting those documents." That is the case here. The motion to compel production from employees' personal email accounts is DENIED.

*Id.* at *4 (quoting *In re Citric Acid*, 191 F.3d at 1108) (citations omitted).

Like in *Ubiquiti* and *Matthew Enterprise*, Waymo here seeks to compel emails from the personal email accounts of Otto Trucking individuals who are non-parties to this suit. (Dkt. No. 682 at 2). Waymo argues that Otto Trucking exercises control based on Waymo's suspicion that these emails may have been in part used for Otto Trucking business. *Id.* ("OT is an ongoing business that has entered into dozens of agreements (both with shareholders and with Uber and Ottomotto), and OT has never denied that this business activity has been conducted (at least in part) through email . . . ."). But as both this Court and Judge Grewal explained, such a basis, even if true, does not entitle a movant to compel the production of the whole trove of emails within the non-party's personal email account. Otto Trucking has "no legal right to obtain the documents upon demand." *In re Citric Acid Litig.*, 191 F.3d at 1107 (quoting *Int'l Union of Petroleum & Indus. Workers*, 870 F.2d at 1452).

Waymo argues in a footnote—but does not explain—that the Court should not rely on Judge Grewal's opinion because *Matthew Enterprise* "dealt with the personal email accounts of a San Jose car dealership's *employees*, not officers." (Dkt. No. 682 at 2). But if anything, the non-party's status as an employee tips *in favor* of finding control, not the opposite. A corporation exercises a degree of control over its employees and has, in its corporate arsenal, the power to compel document production through pain of the employee's termination. In contrast, Otto Trucking has no similar ability to control. Otto Trucking as an entity can only act through the voting power of its members. It is they who control Otto Trucking and who decide corporate decisions such as removal or termination, not the other way around. Waymo's objection to *Matthew Enterprise* bears no relation to the merits of this case.

Waymo also relies on several cases in support of its Motion, including two out-of-district authorities. (Dkt. No. 682 at 2). None of these cases, however, present the circumstance here in which the movant is seeking to compel discovery of the non-party's personal email accounts. *See Miniace v. Pac. Maritime Ass'n*, No. C 04-03506 SI, 2006 WL 335389, at *1 (N.D. Cal. Feb. 13, 2006) (finding control over a director based on the fact that the corporation had capacity to remove him); *Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 559 (S.D.N.Y. 1994) (relying on Second Circuit authority "in the context of evaluating an assertion of the Fifth Amendment privilege against self-incrimination by a corporate officer served with a subpoena for corporate records"); *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1977) (seeking to



The Honorable Jacqueline Scott Corley
June 27, 2017
Page 6

compel the documents of a former employee who was "still receiving economic benefits from defendants").

Finally, Waymo argues that it should be permitted to compel Otto Trucking to produce emails sent among counsel involved in this litigation. (Dkt. No. 682 at 3). Not only do such communications include attorney work product, *Admiral Ins. Co. v. U.S. District Court*, 881 F.2d 1486, 1494 (9th Cir. 1989); *see also* Fed. R. Civ. P. 26(b)(3), but they are also precisely the type that are protected by the attorney-client privilege under the Supreme Court's decision in *Upjohn Co. v. United States*, 449 U.S. 383, 390–91 (1981) (explaining that the attorney-client "privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."). This Court has already held that the communications between counsel were protected by the Joint Defense and Common Interest Agreement after the term sheet and indemnity agreement were signed. *See* (Dkt. No. 721 at 4) ("[O]nce the indemnification obligation arose, [the joint defense group] shared a common legal interest in defending claims brought by Waymo. Waymo's arguments to the contrary are not persuasive."). Waymo may not, in this Motion, seek an end-run around the Court's Order and the well-established privileges and protections that Otto Trucking and the joint defense group have together asserted all along.

***

For the reasons explained above, Waymo has not set forth any basis to compel in connection with these discovery requests. Otto Trucking respectfully requests an Order from the Court DENYING Waymo's June 21 Motion to Compel.

                                                              Respectfully submitted,

                                                               */s/ Neel Chatterjee*
                                                               Neel Chatterjee
                                                               GOODWIN PROCTER LLP

                                                              *Attorneys for Defendant*
                                                              OTTO TRUCKING LLC

cc:  All counsel of record (via ECF); Special Master John Cooper



The Honorable Jacqueline Scott Corley
June 27, 2017
Page 7

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on June 27, 2017. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      I certify under penalty of perjury that the foregoing is true and correct. Executed this 27th day of June 2017.

/s/ *Neel Chatterjee*
Neel Chatterjee