MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:   415.268.7000
Facsimile:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:   202.237.2727
Facsimile:    202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR OPPOSITION TO WAYMO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO EXPEDITED INTERROGATORIES AND EXHIBITS THERETO (DKT. 681-3)** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc. and Ottomotto LLC ("Defendants") submit this motion for an order to file under seal Their Opposition to Waymo's Motion to Compel Production of Documents and Responses to Expedited Interrogatories and Exhibits Thereto.  Specifically, Defendants request an order granting leave to file under seal the confidential portions of the following documents:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Opposition to Waymo's Motion to Compel ("Opposition") | Highlighted Portions | Defendants (blue/yellow) Plaintiff (green) |
| Exhibit 3 | Entire Document | Plaintiff |
| Exhibit 4 | Highlighted Portions | Defendants |
| Exhibit 5 | Highlighted Portions | Defendants |
| Exhibit 6 | Highlighted Portions | Defendants |
| Exhibit 7 | Highlighted Portions | Defendants |

Some of Defendants' highlighted portions of the Opposition identify specific software modules described in highly confidential Disclosure Schedules to the Put Call Agreement (Dkt. 515-11).  These Disclosure Schedules were filed entirely under seal, and the Court granted sealing at Dkt. 707.  Here, the identification of software modules reveals technical features developed by Ottomotto LLC and acquired by Uber.  This highly confidential information is not publicly known, and their confidentiality is strictly maintained.  This information could be used by competitors or counterparties to Uber's detriment, including to gain an advantage over Uber in development strategy.  For example, disclosure of Uber and Ottomotto's LiDAR-related technical features would allow competitors to understand Uber's LiDAR development and strategy, and allow them to tailor their own LiDAR development.  If such information were made public, Uber's competitive standing could be significantly harmed.  (Declaration of Michelle Yang in Support of Defendants' Administrative Motion to File Documents Under Seal ("Yang Decl.") ¶ 3.)

In addition, some of Defendants' highlighted portions of the Opposition contain highly confidential and sensitive business information regarding financial, compensation, and employment terms. This information is not publicly known, and their confidentiality is strictly maintained. This information could be used by competitors to Uber's detriment, by using this information to gain an advantage over Uber in employment negotiations in a competitive market for talent. Disclosure of this information would allow competitors to tailor their employment offers during negotiations. If such information were made public, Uber's competitive standing could be significantly harmed. (Yang Decl. ¶ 4.)

The green-highlighted portions of the Opposition, as well as the entirety of Exhibit 3, contain technical information that has been designated by Waymo as either confidential or highly confidential. (Yang Decl. ¶ 5.)

The highlighted portions on pages 3-4 of Exhibit 4 contain highly confidential information regarding business agreement terms, including detailed information about the structure, timing, and funding of a business agreement. These portions refer directly to highly confidential parts of an acquisition agreement that this Court recently ordered sealed (Dkt. 707). In addition, the highlighted portions on pages 5-8 of Exhibit 4 contain highly confidential information directly referring to a separate business agreement, which this Court recently ordered sealed in its entirety (Dkt. 707). This highly confidential information is not publicly known, and their confidentiality is strictly maintained. If this information were to be released to the public, Defendants' competitors and counterparties would have insight to how Defendants structured their business agreements, which would allow them to tailor their own business negotiation strategy. Defendants' competitive standing could significantly be harmed. (Yang Decl. ¶ 6.)

The highlighted portions in Exhibit 5 contain highly confidential information regarding the employment and compensation terms of Anthony Levandowski. This information is not publicly known, and their confidentiality is strictly maintained. This information could be used by competitors to Uber's detriment, by using this information to gain an advantage over Uber in employment negotiations in a competitive market for talent. Disclosure of this information would

1 allow competitors to tailor their employment offers during negotiations.  If such information were
2 made public, Uber's competitive standing could be significantly harmed.  (Yang Decl. ¶ 7.)

3       The highlighted portions of Exhibit 6 is a deposition transcript excerpt that contains
4 confidential information referring to delivery terms in a business agreement with Mr.
5 Levandowski.  This highly confidential information is not publicly known, and its confidentiality
6 is strictly maintained.  If this information were to be released to the public, competitors could
7 gain insight to Uber's LiDAR development strategy, particularly with respect to delivery terms,
8 and Uber's competitive standing could be significantly harmed.  (Yang Decl. ¶ 8.)

9       The highlighted portions of Exhibit 7 contain information regarding the identity of a
10 confidential third party vendor for Uber's LiDAR, which is subject to a non-disclosure
11 agreement.  Defendants are contractually bound to maintain the confidentiality of this third
12 party's identity.  This information could be used by Uber's competitors to obtain an advantage in
13 understanding Uber's work with LiDAR and allow them to tailor their own LiDAR development
14 strategy. (Yang Decl. ¶ 9.)

15       Pursuant to Civil Local Rule 79-5(d)(2), Defendants will lodge with the Clerk the
16 documents at issue, with accompanying chamber copies.

17       Defendants served Waymo with this Administrative Motion to File Documents Under
18 Seal on June 27, 2017.

19       For the foregoing reasons, Defendants request that the Court enter the accompanying
20 Proposed Order granting Defendants' Administrative Motion to File Documents Under Seal and
21 designate the service copies of these documents as "HIGHLY CONFIDENTIAL –
22 ATTORNEYS' EYES ONLY."

23 Dated: June 27, 2017            MORRISON & FOERSTER LLP

25                                     By:  */s/Arturo J. González*
                                            ARTURO J. GONZÁLEZ

27                                        Attorneys for Defendants
                                       UBER TECHNOLOGIES, INC.
                                       and OTTOMOTTO LLC