1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone:     415.268.7000
7  Facsimile:     415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
11 Washington DC 20005
   Telephone:     202.237.2727
12 Facsimile:     202.237.6131

13 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.     3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THEIR OPPOSITION TO WAYMO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO EXPEDITED INTERROGATORIES AND EXHIBITS THERETO** |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Defendants' Administrative Motion to File Under Seal Their Opposition to Waymo's Motion to Compel Production of Documents and Responses to Expedited Interrogatories and Exhibits Thereto.

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Opposition to Waymo's Motion to Compel ("Opposition") | Highlighted Portions | Defendants (blue/yellow) Plaintiff (green) |
| Exhibit 3 | Entire Document | Plaintiff |
| Exhibit 4 | Highlighted Portions | Defendants |
| Exhibit 5 | Highlighted Portions | Defendants |
| Exhibit 6 | Highlighted Portions | Defendants |
| Exhibit 7 | Highlighted Portions | Defendants |

3. Some of Defendants' highlighted portions in the Opposition identify specific software modules described in highly confidential Disclosure Schedules to the Put Call Agreement (Dkt. 515-11). These Disclosure Schedules were filed entirely under seal, and the Court granted sealing at Dkt. 707. Here, the identification of software modules reveals technical features developed by Ottomotto LLC and acquired by Uber. This highly confidential information is not publicly known, and their confidentiality is strictly maintained. I understand that this information could be used by competitors or counterparties to Uber's detriment, including to gain an advantage over Uber in development strategy. For example, disclosure of Uber and Ottomotto's LiDAR-related technical features would allow competitors to understand

Uber's LiDAR development and strategy, and allow them to tailor their own LiDAR development. If such information were made public, I understand Uber's competitive standing could be significantly harmed.

4. In addition, some of Defendants' highlighted portions in the Opposition contain highly confidential and sensitive business information regarding financial, compensation, and employment terms. This information is not publicly known, and their confidentiality is strictly maintained. I understand that this information could be used by competitors to Uber's detriment, by using this information to gain an advantage over Uber in employment negotiations in a competitive market for talent. Disclosure of this information would allow competitors to tailor their employment offers during negotiations. If such information were made public, I understand Uber's competitive standing could be significantly harmed.

5. I understand that the green-highlighted portions of the Opposition, as well as the entirety of Exhibit 3, contain technical information that has been designated by Waymo as either confidential or highly confidential.

6. The highlighted portions on pages 3-4 of Exhibit 4 contain highly confidential information regarding business agreement terms, including detailed information about the structure, timing, and funding of a business agreement. These portions refer directly to highly confidential parts of an acquisition agreement that this Court recently ordered sealed (Dkt. 707). In addition, the highlighted portions on pages 5-8 of Exhibit 4 contain highly confidential information directly referring to a separate business agreement, which this Court recently ordered sealed in its entirety (Dkt. 707). This highly confidential information is not publicly known, and their confidentiality is strictly maintained. If this information were to be released to the public, Defendants' competitors and counterparties would have insight to Defendants' negotiation strategy and business agreement terms, which would allow them to tailor their own business negotiation strategy. Defendants' competitive standing could significantly be harmed.

7. The highlighted portions in Exhibit 5 contain highly confidential information regarding the employment and compensation terms of Anthony Levandowski. This information is not publicly known, and their confidentiality is strictly maintained. I understand that this

information could be used by competitors to Uber's detriment, by using this information to gain an advantage over Uber in employment negotiations in a competitive market for talent. Disclosure of this information would allow competitors to tailor their employment offers during negotiations. If such information were made public, I understand Uber's competitive standing could be significantly harmed.

8. The highlighted portions of Exhibit 6 is a deposition transcript excerpt that contains confidential information referring to delivery terms in a business agreement with Mr. Levandowski. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. If this information were to be released to the public, competitors could gain insight to Uber's LiDAR development strategy, particularly with respect to delivery terms, and Uber's competitive standing could be significantly harmed.

9. The highlighted portions of Exhibit 7 contain information regarding the identity of a confidential third party vendor for Uber's LiDAR, which is subject to a non-disclosure agreement. Defendants are contractually bound to maintain the confidentiality of this third party's identity. I understand that this information could be used by Uber's competitors to obtain an advantage in understanding Uber's work with LiDAR and allow them to tailor their own LiDAR development strategy.

10. Defendants' request to seal is narrowly tailored to the specific exhibits attached to Defendants' Motion to Compel that merit sealing.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of June, 2017 in Washington, D.C.

                                                                       */s/ Michelle Yang*
                                                                         Michelle Yang

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated:  June 27, 2017                                      */s/  Arturo J. González*
                                                                      Arturo J. González