# EXHIBIT 5

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| | |
|---|---|
| 1 | MICHAEL A. JACOBS (CA SBN 111664) |
|   | MJacobs@mofo.com |
| 2 | ARTURO J. GONZÁLEZ (CA SBN 121490) |
|   | AGonzalez@mofo.com |
| 3 | ERIC A. TATE (CA SBN 178719) |
|   | ETate@mofo.com |
| 4 | RUDY Y. KIM (CA SBN 199426) |
|   | RKim@mofo.com |
| 5 | MORRISON & FOERSTER LLP |
|   | 425 Market Street |
| 6 | San Francisco, California 94105-2482 |
|   | Telephone:   415.268.7000 |
| 7 | Facsimile:   415.268.7522 |
| 8 | KAREN L. DUNN (*Pro Hac Vice*) |
|   | kdunn@bsfllp.com |
| 9 | HAMISH P.M. HUME (*Pro Hac Vice*) |
|   | hhume@bsfllp.com |
| 10 | BOIES SCHILLER FLEXNER LLP |
|    | 1401 New York Avenue, N.W. |
| 11 | Washington DC 20005 |
|    | Telephone:   202.237.2727 |
| 12 | Facsimile:   202.237.6131 |
| 13 | Attorneys for Defendants |
|    | UBER TECHNOLOGIES, INC. |
| 14 | and OTTOMOTTO LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | Case No. 3:17-cv-00939-WHA |
| Plaintiff, | **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S SUPPLEMENTAL RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 5, 8)** |
| v. | |
| UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |
| | Trial Date: October 10, 2017 |

DEFENDANTS' SUPPL. RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES (NOS. 5,8)
Case No. 3:17-cv-00939-WHA
la-1352752

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Defendants") object and respond supplementally to nos. 5 and 8 of Plaintiff Waymo LLC's First Set of Expedited Interrogatories, served on May 22, 2017.

## GENERAL OBJECTIONS

Defendants make the following general responses and objections ("General Objections") to each definition, instruction, and request propounded in Waymo's Interrogatories. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to the individual requests does not waive any of Defendants' General Objections.

1. Defendants object to each Interrogatory, Definition, or Instruction to the extent it seeks or purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the applicable rules and orders of this Court.

2. Nothing in these responses is an admission by Defendants of the existence, relevance, or admissibility of any information, for any purpose. Defendants reserve all objections as to competency, relevance, materiality, privilege, or admissibility related to the use of its responses and any document or thing identified in its responses as evidence for any purpose whatsoever in any subsequent proceeding in this trial or any other action.

3. Defendants object to each Interrogatory to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in their ordinary course of business. Defendants will provide only relevant, non-privileged information that is within its present possession, custody, or control and available after a reasonable investigation.

4. Defendants object to these Interrogatories insofar as they purport to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the limited scope of discovery at this stage.

5. Defendants object to each Interrogatory to the extent that it is not limited in time. Defendants will produce information from a reasonable time period as it relates to this case.

6. Defendants object to each Interrogatory to the extent it seeks a response from

DEFENDANTS' SUPPL. RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES (NOS. 5, 8)
Case No. 3:17-cv-00939-WHA
la-1352752

1

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

persons or entities who are not parties to the lawsuit and over whom Defendants have no control. Defendants respond to the Interrogatories on Defendants' own behalf.

7. To the extent any Interrogatory, Instruction, or Definition may be construed as calling for disclosure of information subject to the attorney-client privilege, work product immunity, joint defense or common interest, or any other applicable privilege or protection, Defendants hereby claim such privileges and immunities and object on such grounds. Defendants do not waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint defense or common-interest privilege or any other privilege, immunity, or other protection that may be asserted to protect information from disclosure.

8. Although Defendants have diligently complied with their discovery obligations at this stage, their investigations in connection with this litigation are continuing. These responses are limited to information obtained to date and are given without prejudice to Defendants' right to amend or supplement their responses after considering information obtained through further discovery or investigation.

Subject to and without waiving its General Objections, Uber objects and responds to the Interrogatories as follows:

**SPECIFIC OBJECTIONS AND SUPPLEMENTAL RESPONSES**

**INTERROGATORY NO. 5:**

Describe all compensation (whether actual or conditional) discussed, conveyed or promised by DEFENDANTS to LEVANDOWSKI at any time, INCLUDING (without limitation) the DEFENDANT who discussed, conveyed or promised the compensation, the nature of the compensation, the date the compensation was promised and/or conveyed, the amount of the compensation, any conditions, contingencies, clawback rights or reservations associated with the compensation.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this interrogatory as overbroad because it is not limited in time. Defendants further object to this interrogatory as overbroad, unduly burdensome, not "reasonably narrow" as required by the May 11, 2017 order, and as seeking information that is neither

DEFENDANTS' SUPPL. RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES (NOS. 5, 8)
Case No. 3:17-cv-00939-WHA
la-1352752

2

relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence in extending to "all compensation" ever "discussed, conveyed, or promised." Defendants further object because this interrogatory is vague as to the undefined term "compensation."

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

Representatives of Uber, including Nina Qi and Cameron Poetzscher, began having general discussions with Mr. Levandowski about the compensation component of Uber's acquisition of Ottomotto in early January 2016, and extending periodically until April 2016. These discussions were not specific to Mr. Levandowski's compensation, but instead were general discussions about the consideration that Uber would pay as part of its acquisition of Ottomotto.

In accordance with Federal Rule of Civil Procedure 33(d), Defendants further respond to this interrogatory by referring Waymo to Mr. Levandowski's employment-related agreements, produced at Bates UBER00011726–729 (Mr. Levandowski's 280 Systems employment agreement); UBER00017108–126 (2013 Equity Incentive Plan); UBER00017127–146 (Exhibit A, "Milestones"); UBER00017083–091 (Mr. Levandowski's Uber employment agreement, signed on August 23, 2016); and UBER00017105–107 (███████████████). In addition, Defendants also refer Waymo to the documents concerning Uber's acquisition of Ottomotto including, for example, those produced at Bates UBER00016453–523 (Agreement and Plan of Merger) and UBER00017518–578 (Term Sheet).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this interrogatory as overbroad because it is not limited in time. Defendants further object to this interrogatory as overbroad, unduly burdensome, not "reasonably narrow" as required by the May 11, 2017 order, and as seeking information that is neither relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence in extending to "all compensation" ever "discussed, conveyed, or promised." Defendants further object because this interrogatory is vague as to the undefined term "compensation."

DEFENDANTS' SUPPL. RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES (NOS. 5, 8)
Case No. 3:17-cv-00939-WHA
la-1352752

3

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

Representatives of Uber, including Nina Qi and Cameron Poetzscher, began having general discussions with Mr. Levandowski about the compensation component of Uber's acquisition of Ottomotto in early January 2016, and extending periodically until April 2016. These discussions were not specific to Mr. Levandowski's compensation, but instead were general discussions about the consideration that Uber would pay as part of its acquisition of Ottomotto.

To date, Uber's payments to Mr. Levandowski consist of the following: ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Uber conducted a diligent search and identified no other compensation provided to Mr. Levandowski.

In accordance with Federal Rule of Civil Procedure 33(d), Defendants further respond to this interrogatory by referring Waymo to Mr. Levandowski's employment-related agreements, produced at Bates UBER00011726–729 (Mr. Levandowski's 280 Systems employment agreement); UBER00017108–126 (2013 Equity Incentive Plan); UBER00017127–146 (Exhibit A, "Milestones"); UBER00017083–091 (Mr. Levandowski's Uber employment agreement, signed on August 23, 2016); and UBER00017105–107 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). In addition, Defendants also refer Waymo to the documents concerning Uber's acquisition of Ottomotto including, for example, those produced at Bates UBER00016453–523 (Agreement and Plan of Merger) and UBER00017518–578 (Term Sheet).

**INTERROGATORY NO. 8:**

Describe all consulting work performed by LEVANDOWSKI for UBER before August 18, 2016, INCLUDING the terms of the consulting and any compensation arrangements.

DEFENDANTS' SUPPL. RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES (NOS. 5, 8)
Case No. 3:17-cv-00939-WHA
la-1352752

4

**RESPONSE TO INTERROGATORY NO. 8:**

Before August 18, 2016, Anthony Levandowski was not a retained consultant for Uber and there was no consultant agreement or consultancy compensation arrangement between Mr. Levandowski and Uber. Beginning in late winter or early spring 2016, and continuing until the transaction between Uber and Ottomotto closed, Mr. Levandowski would from time to time: visit Uber's facilities in San Francisco and Pittsburgh; attend Uber meetings related to autonomous vehicles; meet with various Uber tech leads, engineers, and other employees of Uber's autonomous vehicle program; tour Uber's facilities and labs; and examine Uber's autonomous vehicle project records.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Before August 18, 2016, Anthony Levandowski was not a retained consultant for Uber and there was no consultant agreement or consultancy compensation arrangement between Mr. Levandowski and Uber. Beginning in late winter or early spring 2016, and continuing until the transaction between Uber and Ottomotto closed, Mr. Levandowski provided unpaid consulting advice. Mr. Levandowski would from time to time: visit Uber's facilities in San Francisco and Pittsburgh; attend Uber meetings related to autonomous vehicles; meet with various Uber tech leads, engineers, and other employees of Uber's autonomous vehicle program; tour Uber's facilities and labs; and examine Uber's autonomous vehicle project records. Mr. Levandowski provided comments and suggestions on how to improve various aspects of Uber's autonomous vehicle program, including hardware and software.

Uber's investigation is continuing, and Uber reserves its rights to supplement or amend this response.

DEFENDANTS' SUPPL. RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES (NOS. 5, 8)
Case No. 3:17-cv-00939-WHA
la-1352752

5

Dated: June 22, 2017

MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
    ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

DEFENDANTS' SUPPL. RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES (NOS. 5, 8)
Case No. 3:17-cv-00939-WHA
la-1352752

6

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

# VERIFICATION

I, Eric Meyhofer, declare:

1. I am Head of ATG for Defendant Uber Technologies, Inc. ("Uber") in the above-captioned action, and I am authorized to execute this verification on behalf of Uber and Ottomotto LLC.

2. I have read Defendants Uber Technologies, Inc. and Ottomotto LLC's Supplemental Responses to Waymo's First Set of Expedited Interrogatories Pursuant to Paragraph Six of the May 11, 2017 Preliminary Injunction Order (Nos. 5, 8) (the "Responses"), and know the contents thereof.

3. I am informed and believe that the matters stated in the Responses are true and correct and, on that ground, allege that the matters stated therein are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22 day of June, 2017, at Pittsburgh, Pennsylvania.

Eric Meyhofer

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, CA 94304. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on June 22, 2017, I served true and correct copies of the following documents:

- **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S SUPPLEMENTAL RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 5, 8)**

[X]  **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| Recipient | Email Address: |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788 | qewaymo@quinnemanuel.com |
| Leo P. Cunningham<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br><br>*Attorneys for Plaintiff Waymo LLC* | lcunningham@wsgr.com |

| | |
|---|---|
| I. Neel Chatterjee<br>GOODWIN PROCTER LLP<br>135 Commonwealth Drive<br>Menlo Park, CA94025<br><br>Brett M. Schuman<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center<br>San Francisco, California 94111<br><br>*Attorneys for Defendant Otto Trucking LLC* | nchatterjee@goodwinlaw.com<br>bschuman@goodwinlaw.com<br>rwalsh@goodwinlaw.com |
| John L. Cooper<br>Farella Braun + Martel LLP<br>Russ Building<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA  94104<br><br>*Special Master* | JCooper@fbm.com<br>MCate@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed at Palo Alto, California, this 22nd day of June, 2017.

| Ethel Villegas | */s/ Ethel Villegas* |
|:---:|:---:|
| (typed) | (signature) |