# EXHIBIT 7

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

| | |
|---|---|
| **From:** | Rivera, Sylvia |
| **To:** | "Andrea P Roberts"; John Cooper (JCooper@fbm.com); Matthew Cate (MCate@fbm.com) |
| **Cc:** | Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); UberWaymoMoFoAttorneys; QE-Waymo; Brett Schuman (BSchuman@goodwinlaw.com); Matthew Leahy (MLeahy@goodwinlaw.com); Neel Chatterjee (nchatterjee@goodwinlaw.com); Rachel Walsh (RWalsh@goodwinlaw.com); Shane Brun (SBrun@goodwinlaw.com) |
| **Subject:** | RE: Waymo: Follow-up from today"s meet and confer |
| **Date:** | Friday, June 09, 2017 10:01:17 AM |

John and Quinn Team:

I write to follow up on our discussion on yesterday's call regarding Waymo's expedited RFP #19, part of Waymo's second set of expedited RFPs, which seeks all communications between any Defendant and John Gardner, counsel to Anthony Levandowski.

As I stated on the call, Uber's position is that responsive communications with John Gardner are protected from disclosure. There are numerous communications with Mr. Gardner on the privilege logs already produced. There are additional communications that are not on the privilege logs because they are not responsive to the Court's March 16 order. Uber's position is that those communications remain privileged from disclosure. To the extent the June 5, 2017 order granting Waymo's motion to compel ("MTC Order") could be read to apply to certain communications with Mr. Gardner, Uber has filed an objection to the MTC Order and that order is stayed until the District Court resolves the objection. Uber's objection also requested confirmation that the scope of the order extends only to documents and communications prior to April 11, 2016. Since our call yesterday afternoon, I have confirmed that we have identified no communications with Mr. Gardner that pre-date the February 22, 2017 Term Sheet or the date the parties entered an oral joint defense agreement. Accordingly, we presently will not be producing responsive communications with Mr. Gardner because they are privileged. With regard to furnishing a privilege log, several hundred communications with Mr. Gardner are already on the privilege logs previously produced. For the communications that are not already on a privilege log (because they were not implicated by the March 16 order), of which there are several hundred, we will prepare a log of those communications that we believe are not affected by the MTC Order and expect to be able to furnish the log shortly after the District Court resolves the objections to the MTC Order; if we complete it beforehand, we will of course furnish it then. That timeframe is more than reasonable, given that the written response to RFP #19 was not even due until today. For those communications not already on a privilege log that we believe will be subject to production if the District Court adopts the MTC Order, of which I am informed there are several hundred, we do not think it is reasonable to invest resources into creating a privilege log for them over the weekend and early next week.

The above is subject to Quinn's confirmation yesterday that the following categories of communications with Mr. Gardner need not be produced or placed on a privilege log: (a) communications made in connection with the arbitration Google commenced against Mr. Levandowski in October 2016 and (b) communications made in connection with this litigation, Waymo LLC v. Uber Technologies, Inc., up until the date of Mr. Levandowski's termination. Quinn reserved the right to seek a privilege log of (b) at a later time should the need arise. I did not concede that they would be entitled to one; the parties will just cross that bridge if and when they get to it.

We can discuss as needed on our 12:00 p.m. meet and confer call.

Best,
Sylvia

---

**From:** Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent:** Thursday, June 08, 2017 1:29 PM
**To:** Rivera, Sylvia; John Cooper (JCooper@fbm.com); Matthew Cate (MCate@fbm.com)
**Cc:** Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); UberWaymoMoFoAttorneys; QE-Waymo; Brett Schuman (BSchuman@goodwinlaw.com); Matthew Leahy (MLeahy@goodwinlaw.com); Neel Chatterjee

(nchatterjee@goodwinlaw.com); Rachel Walsh (RWalsh@goodwinlaw.com); Shane Brun (SBrun@goodwinlaw.com)
**Subject:** RE: Waymo: Follow-up from today's meet and confer

- **External Email -**

John,

We met and conferred with Defendants last week regarding Defendants' objections to Waymo's Second Set of Expedited RFPs.  With respect to Expedited RFP 19, on May 31, Defendants said that they were concerned about the volume of documents requested and so might need some limitations and would let us know the following day.  On June 1, Ms. Ray indicated that Defendants were still trying to determine the number of documents the request called for.  Defendants said that they would get back to us this past Monday regarding volume.  During the May 31 and June 1 meet and confers, Defendants did not raise concerns that Expedited RFP 19 called for privileged documents implicated by the Motion to Compel the due diligence report, or that it called for documents not relevant to the litigation.  Had Defendants done so, we would have met and conferred about those objections last week.  With respect to volume, Defendants did not respond on Monday regarding the volume of requested documents and so Waymo followed up on June 6.  We discussed this again on yesterday's meet and confer and Defendants did not raise any additional objections to Expedited RFP 19.

In light of these objections, we apparently now need to meet and confer on these issues during today's 3 pm meet and confer.  We would like Defendants to explain (1) the volume of documents called for in this request, (2) what communications Gardner would have had with Defendants that are not relevant to the issues in this case, other than the communications about the arbitration referenced in your email below, (3) whether Defendants' position is that <u>all</u> responsive documents are privileged, (4) whether Defendants' position is that there are some privileged responsive documents that are not impacted by Judge Corley's order, and (5) whether Defendants are refusing to log responsive, privileged documents and, if so, on what basis.  To the extent that Defendants do not agree to produce or log the requested documents and do so on an expedited basis, we intend to move to compel and would like to discuss a briefing schedule.

Thanks,
Andrea

**From:** Rivera, Sylvia [mailto:SRivera@mofo.com]
**Sent:** Thursday, June 08, 2017 11:47 AM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate (MCate@fbm.com) <MCate@fbm.com>
**Cc:** Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>; Brett Schuman (BSchuman@goodwinlaw.com) <BSchuman@goodwinlaw.com>; Matthew Leahy (MLeahy@goodwinlaw.com) <MLeahy@goodwinlaw.com>; Neel Chatterjee (nchatterjee@goodwinlaw.com) <nchatterjee@goodwinlaw.com>; Rachel Walsh (RWalsh@goodwinlaw.com) <RWalsh@goodwinlaw.com>; Shane Brun (SBrun@goodwinlaw.com) <SBrun@goodwinlaw.com>
**Subject:** RE: Waymo: Follow-up from today's meet and confer

Andrea,

Uber plans to object to RFP 19, which seeks all communications between any Defendant and John Gardner.  That request directly implicates the privilege issues addressed by the June 5 order on Waymo's motion to compel, which currently is stayed "until further order of the district court or unless or until no objection is filed."  That request also implicates numerous communications that, even if the June 5 order were to stand,

would remain privileged from disclosure.  We also believe that request is overbroad in seeking all communications with Mr. Gardner, rather than limiting it to communications connected to the investigation performed by Stroz.  For example, Waymo is not entitled to obtain records of communications between Uber or Uber's attorneys and Mr. Gardner that were exchanged in connection with the arbitration that Google commenced against Mr. Levandowski in October 2016, or in connection with the defense of this litigation.

Best,
Sylvia

---

**From:** Chang, Esther Kim
**Sent:** Thursday, June 08, 2017 11:16 AM
**To:** Andrea P Roberts; QE-Waymo; John Cooper (JCooper@fbm.com); Matthew Cate (MCate@fbm.com); Brett Schuman (BSchuman@goodwinlaw.com); Matthew Leahy (MLeahy@goodwinlaw.com); Neel Chatterjee (nchatterjee@goodwinlaw.com); Rachel Walsh (RWalsh@goodwinlaw.com); Shane Brun (SBrun@goodwinlaw.com)
**Cc:** Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); UberWaymoMoFoAttorneys
**Subject:** RE: Waymo: Follow-up from today's meet and confer

Andrea,

We have confirmed that our production responsive to the first set of expedited document requests is complete.

Esther
Tel: (415) 268-7562

---

**From:** Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent:** Thursday, June 08, 2017 10:06 AM
**To:** Chang, Esther Kim; QE-Waymo; John Cooper (JCooper@fbm.com); Matthew Cate (MCate@fbm.com); Brett Schuman (BSchuman@goodwinlaw.com); Matthew Leahy (MLeahy@goodwinlaw.com); Neel Chatterjee (nchatterjee@goodwinlaw.com); Rachel Walsh (RWalsh@goodwinlaw.com); Shane Brun (SBrun@goodwinlaw.com)
**Cc:** Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); UberWaymoMoFoAttorneys
**Subject:** RE: Waymo: Follow-up from today's meet and confer

- External Email -

Esther and Sylvia,

Please provide Defendants' position with respect to Expedited RFP 19 and when Defendants' expedited document productions will be complete this morning.  Expedited RFP 19 calls for communications between any Defendant and John Gardner, and Mr. Gardner's deposition is scheduled for Tuesday, so it is imperative that we get Defendants' position immediately.

Thanks,
Andrea

---

**From:** Chang, Esther Kim [mailto:echang@mofo.com]
**Sent:** Wednesday, June 07, 2017 11:55 PM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate (MCate@fbm.com) <MCate@fbm.com>; Brett Schuman (BSchuman@goodwinlaw.com) <BSchuman@goodwinlaw.com>; Matthew Leahy (MLeahy@goodwinlaw.com) <MLeahy@goodwinlaw.com>; Neel Chatterjee (nchatterjee@goodwinlaw.com) <nchatterjee@goodwinlaw.com>; Rachel Walsh (RWalsh@goodwinlaw.com) <RWalsh@goodwinlaw.com>; Shane Brun (SBrun@goodwinlaw.com)

<SBrun@goodwinlaw.com>
**Cc:** Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>
**Subject:** Waymo: Follow-up from today's meet and confer

Counsel and John,

Following up on today's meet and confer, Uber and Ottomotto do not have an objection to expedited RFP 23, except to the extent that certain documents implicate the NDA with ▓▓▓▓ We will withhold those documents from production until we have satisfied the NDA requirements.

Regarding RFP 19 and whether the production of documents to the first set of expedited RFPs is complete or rolling, my colleague Sylvia Rivera, who has been traveling today, will respond tomorrow morning.

**Esther Kim Chang**
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
Tel: (415) 268.7562 | Fax: (415) 276.7308
EChang@mofo.com | www.mofo.com

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.