# EXHIBIT 1

| | |
|---|---|
| **From:** | Rivera, Sylvia |
| **To:** | "QE-Waymo"; "John Cooper"; "Matthew Cate" |
| **Cc:** | UberWaymoMoFoAttorneys; "Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)"; "Rachel Walsh (RWalsh@goodwinlaw.com)"; "Shane Brun (SBrun@goodwinlaw.com)"; "Brett Schuman (BSchuman@goodwinlaw.com)"; "Neel Chatterjee (nchatterjee@goodwinlaw.com)" |
| **Subject:** | Waymo; f/u on June 13 meet and confer re Uber"s responses to Set 1 of Expedited Discovery |
| **Date:** | Friday, June 16, 2017 6:31:09 AM |

Counsel,

Below are responses regarding four of the open meet-and-confer topics concerning Uber's responses to Set One of Waymo's Expedited RFPs and Interrogatories.  We expected to get back to you on RFP 5 and 8 earlier, but instead were focused on fulfilling your last minute request regarding the privilege logs.

Expedited RFP 5:  Uber produced the documents from the Virtual Data Room for the Uber-Otto deal in response to Expedited RFP 5, which number over 800 documents.  On June 7, you asked for their Bates range and we gave you that on June 9.  As I explained on our June 13 call, my colleague who participated in the June 7 meet and confer noted that you wanted an explanation of what diligence documents furnished by Ottomotto or Otto Trucking were placed in the Data Room, not what wasn't in the Data Room.  Hence, I also provided the former on June 9.  On our June 13 call you asked what responsive diligence documents were not included in the Data Room.  I stated that to the extent you seek additional documents (beyond the over 800 in the Data Room for the deal) that conceivably could be categorized as diligence documents – such as emails with follow up information or one-off email attachments exchanged during the deal – identifying those would require a burdensome email review that's far beyond the scope of "reasonably narrow" expedited discovery.  Since our June 13 call, we followed up with Uber Legal and business personnel involved in the acquisition to confirm, and they could not identify responsive documents not a part of the Virtual Data Room.

Expedited RFP 8:  We have not identified any non-privileged, responsive documents.  To the extent responsive documents exist, they would be privileged.

Expedited Interrogatory 3:  We are discussing with our client the request the Special Master made on June 13 regarding a forensic examination of Uber's servers.  We'd like to seek further clarification of the request on today's call.

Expedited Interrogatory 4:  As stated in Uber's written response to this interrogatory, Uber understands that at least as of the time of the transaction between Ottomotto and Tyto LiDAR LLC, Sandstone Group LLC was the sole member of Tyto LiDAR LLC.  As I stated on our June 13 call, Uber is trying to overcome the NDA issues that personnel have cited in response to our efforts to obtain further details about Sandstone Group LLC.  I have no further update today.  I note that Waymo has issued a subpoena to Sandstone Group LLC seeking, among other things, the information sought in this RFP.

Sylvia