# EXHIBIT 2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com

2  ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com

3  ERIC A. TATE (CA SBN 178719)
ETate@mofo.com

4  RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com

5  MORRISON & FOERSTER LLP
425 Market Street

6  San Francisco, California  94105-2482
Telephone:    415.268.7000

7  Facsimile:    415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com

9  HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com

10  BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.

11  Washington DC  20005
Telephone:    202.237.2727

12  Facsimile:    202.237.6131

13  Attorneys for Defendants
UBER TECHNOLOGIES, INC.

14  and OTTOMOTTO LLC

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17              SAN FRANCISCO DIVISION

| | |
|---|---|
| 18  WAYMO LLC, | Case No.    3:17-cv-00939-WHA |
| 19              Plaintiff, | **DEFENDANTS UBER** |
| 20    v. | **TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS** |
| 21  UBER TECHNOLOGIES, INC., | **AND RESPONSES TO WAYMO'S FIRST SET OF REQUESTS FOR** |
| OTTOMOTTO LLC; OTTO TRUCKING LLC, | **PRODUCTION OF DOCUMENTS** |
| 22 | **(NOS. 1-91)** |
| 23              Defendants. | Trial Date: October 2, 2017 |

24

25

26

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 **REQUEST FOR PRODUCTION NO. 28:**

27     All DOCUMENTS and COMMUNICATIONS REGARDING UBER's due diligence of

28 OTTOMOTTO.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

15

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

2    Defendants have produced documents responsive to this Request in production volumes

3    19, 26, 27, 28, 29, 32 ,33, 37, 40, 41, and 42.  Moreover, this Request is the subject of current

4    motion practice, and Defendants cannot produce further requested non-privileged information

5    unless and until the issue is resolved.  Defendants are willing to meet and confer with Plaintiff to

6    narrow the scope, subject matter, and time frame of this Request for any further productions.

7    Defendants object to this Request to the extent that it seeks information protected by the

8    attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

9    from discovery.  Defendants have already furnished privilege logs for documents that potentially

10    could be responsive to the Court's March 16, 2017 order.  To the extent this Request seeks

11    additional documents, Defendants object that it is overbroad, unduly burdensome, and not

12    proportional to the needs of the case insofar as it seeks "all" documents and communications.

13    Defendants further object to this Request as irrelevant, overbroad, and not proportional to the

14    needs of the case; specifically, Defendants object that the Request is overbroad as to scope,

15    subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

16    extent it calls for the production of documents that are unrelated to this litigation.

17

18    **REQUEST FOR PRODUCTION NO. 29:**

19    All DOCUMENTS and COMMUNICATIONS REGARDING negotiations over UBER's

20    acquisition of OTTOMOTTO.

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

22    Defendants object to this Request to the extent that it seeks information protected by the

23    attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

24    from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

25    proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

26    as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

27    case to the extent it calls for the production of documents that are unrelated to this litigation.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

16

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   Defendants additionally object that responding to this Request would be oppressive and unduly

2   burdensome.

3          Defendants are willing to meet and confer with Plaintiff to narrow the scope, subject

4   matter, and time frame of this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

17

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16



17

18    Dated: June 23, 2017                              MORRISON & FOERSTER LLP

19                                                       By: */s/ Arturo J. González*

20                                                            ARTURO J. GONZÁLEZ

21                                                       Attorneys for Defendants
                                                         UBER TECHNOLOGIES, INC.
22                                                       and OTTOMOTTO LLC

23

24

25

26

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

1

## CERTIFICATE OF SERVICE

2

3

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, CA 94304.  I am not a party to the within cause, and I am over the age of eighteen years.

4

I further declare that on June 23, 2017, I served true and correct copies of the following documents:

5

6

- **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S FIRST SET OF REQUESTS FOR PRODUCTION**

7

8

☒   **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

9

10

| Recipient | Email Address: |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788 | qewaymo@quinnemanuel.com |
| Leo P. Cunningham<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br><br>*Attorneys for Plaintiff Waymo LLC* | lcunningham@wsgr.com |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| I. Neel Chatterjee<br>GOODWIN PROCTER LLP<br>135 Commonwealth Drive<br>Menlo Park, CA94025<br><br>Brett M. Schuman<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center<br>San Francisco, California 94111<br><br>*Attorneys for Defendant Otto Trucking LLC* | nchatterjee@goodwinlaw.com<br>bschuman@goodwinlaw.com<br>rwalsh@goodwinlaw.com |
| John L. Cooper<br>Farella Braun + Martel LLP<br>Russ Building<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA  94104<br><br>*Special Master* | JCooper@fbm.com<br>MCate@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Palo Alto, California, this 23rd day of June 2017.

| Ethel Villegas | */s/ Ethel Villegas* |
|---|---|
| (typed) | (signature) |