# EXHIBIT 4

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**WAYMO'S EXPEDITED RFP #25 – CONDITIONS FOR CLOSING**

In its written response to Expedited RFP #25, Uber responded that it would produce a non-privileged closing checklist for the acquisition of Ottomotto LLC and Otto Trucking LLC if it located one. Uber has located only privileged versions of a checklist. Pursuant to the Special Master's request that Uber identify the closing conditions even if it does not have an extant, non-privileged closing checklist, Uber is furnishing the below list of closing conditions. Uber notes that it has no obligation to create a document to respond to a document request and no obligation to provide information in response to a document request that does not exist in the form of a non-privileged document. Uber is furnishing the information below while reserving its rights.

**OTTOMOTTO LLC MERGER[1]**

| | Document/Action | Newco Merger Agreement Section Reference |
|---|---|---|
| | **Documents/Actions Arising Prior to Put/Call Option Period Through Closing** | |
| 1. | **Newco financial statements** – Delivery to Apparate of monthly unaudited consolidated financial information regarding Newco for each month in each calendar quarter, including a balance sheet, profit and loss statement, and cash flow statement for each such month | §4.7(a) |
| 2. | **Tax returns** – Newco shall (i) prepare and timely file all Company Returns that are due on or before the Closing Date and shall pay all Company Taxes due and (ii) provide Apparate with a copy of each Company Return for review and comment for a reasonable period prior to the filing of such Company Return | §5.3(a) |
| 3. | **Compliance with Company Operating Plan** – (a) Officer of Newco executes and delivers a certificate to Apparate certifying that Newco has operated its business in a manner consistent in all material respects with the Company Operating Plan for the prior calendar quarter and (b) Newco has provided Apparate with reasonable documentation evidencing such compliance | §5.4(a) |
| 4. | **Newco funding** – Apparate wires to Newco an amount equal to Apparate's funding obligation for each calendar quarter under the Company Operating Plan, provided that Newco has operated its business in a manner consistent with such Operating Plan (see #4 above) | §5.4(a) |
| 5. | **Promissory notes** – Execute and deliver to Apparate a Purchaser Note in the initial principal amount of each cash funding obligation for each calendar quarter as set forth in the Company Operating Plan | §5.4(a) |
| 6. | **Bad Act Notice** – Newco discloses in writing to Apparate, with reasonable specificity, any Post-Signing Specified Bad Act and update each Bad Act Notice, if any, from time to time to reflect any new information | §5.6(b) |
| 7. | **New employees** – Newco delivers written notice to Apparate of each proposed Employee's name along with reasonably relevant and available written documentation in connection with the hiring process | §5.7(b) |
| 8. | **Notice for Employees' Diligence Review** – Apparate notifies Newco whether such proposed Employee will be required to undergo additional background screening before being hired to determine whether such Employee has committed any Bad Acts | §5.7(b) |
| 9. | **Employees' Diligence Review process** – For such Employees who must undergo additional background screening:<br>(i) such individual has completed a Diligence Review conducted by the Outside Expert at Unicorn's expense to determine whether such individual has committed any Bad Acts; | §5.7(c) |

[1] The following terms have the following meanings:
"Apparate": Apparate International C.V.
"Merger Sub I": Zing Merger Sub I, LLC
"Merger Sub II": Zing Merger Sub II, LLC
"Newco": Ottomotto LLC
"Trucking": Otto Trucking LLC
"Unicorn": Uber Technologies, Inc.



CONFIDENTIAL
la-1352670

| | Document/Action | Newco Merger Agreement Section Reference |
|---|---|---|
| | (ii) such individual certifies to Newco in a form mutually acceptable to Newco and Apparate as to the good faith, complete, and truthful completion of such Diligence Review; and<br><br>(iii) Apparate delivers a written notice to Newco indicating that Apparate is satisfied with the results of such Diligence Review | |
| 10. | **Indemnification Agreement** – After completion of the diligence process and New Employee is hired, such Employee executes a joinder to the Indemnification Agreement, at which time such Employee shall be considered a Diligenced Employee (and Exhibit E to the Newco Merger Agreement will be amended accordingly) | §5.7(c) |
| 11. | **New Employee Attestation** – If a Diligence Review is not required for a proposed Employee, proposed Employee delivers to Newco an executed New Employee Attestation | §5.7(d) |
| 12. | Deliver executed **New Employee Attestation** to Apparate | §5.7(d) |
| 13. | **Notice of Alternative Proposal** – If Newco receives an Alternative Proposal, promptly notify Apparate of such Proposal, which notice shall contain the pricing, terms, conditions, and other material provisions of such Alternative Proposal, any material modifications thereto, and other information as Apparate may reasonably request | §4.4(c) |
| 14. | **Notification of non-compliance** – Newco gives prompt notice to Apparate of (a) the occurrence or non-occurrence of any event that could cause the failure of the conditions in Section 6 (CPs to obligations of Apparate) and (b) any failure of Newco to comply with or satisfy in any material respect any covenant or agreement under the Newco Merger Agreement | §4.5 |
| | **Pre-closing Documents/Actions Related to the Transaction During Put/Call Option Period** | |
| 15. (a) | (i) Delivery of **Call Exercise Notice**, consisting of:<br>• written notice of such exercise; and<br>• a certificate executed by an officer of Apparate that the conditions in Sections 7.1, 7.2, and 7.4 have been satisfied<br>and | §1.1(b) |
| | (ii) Delivery of **Company Call Certificate** that the conditions in Sections 6.1, 6.2, 6.3, 6.5, 6.6(b), 6.6(c), 6.8, 6.9, and 6.12 have been satisfied<br><br>**OR** | §1.1(b) |
| (b) | (i) Delivery of **Put Exercise Notice**, consisting of:<br>• written notice of such exercise; and<br>• a certificate executed by an officer of Newco that the conditions in Sections 6.1, 6.2, 6.3, 6.5, 6.6(b), 6.6(c), 6.8, 6.9, and 6.12 have been satisfied<br>and | §1.2(b) |
| | (ii) Delivery of **Purchaser Put Certificate** that the conditions in Sections 7.1, 7.2, and 7.4 have been satisfied | §1.2(b) |
| 16. | Unicorn may select a **Payment Agent** for distribution of Merger Consideration | §1.8(c) |
| 17. | **Notice to Company Unitholder** – Written notice to each Company Unitholder (other than consenting Company Unitholders) informing such Unitholder that the Newco Merger Agreement has been adopted by the Company Unitholders constituting the Required Company Unitholder Vote and the Merger has been approved | §4.6(a) |
| 18. | **Newco balance sheet** – Delivery to Apparate of a good faith estimate of the consolidated unaudited balance sheet of Newco as of opening of business on the Closing Date and the related consolidated unaudited profit and loss statement and cash flow statement for the period beginning on January 15, 2016 and ending on the Closing Date | §4.7(b) |
| 19. | **Newco employee plans and employees** | §4.8 |
| | (i) an updated list of all Company Employee Plans | §4.8(a) |
| | (ii) an updated list of all employees of Newco (including name, title, or position, present annual or hourly compensation, designation as exempt or | §4.8(b) |

| | Document/Action | Newco Merger Agreement Section Reference |
|---|---|---|
| | nonexempt, accrued and unused paid vacation or other paid leave, and date of hire) | |
| | (iii) a list of independent contractors, including compensation | §4.8(c) |
| | (iv) a list of all Employees whose employment has been terminated by Newco since the date of the Newco Merger Agreement | §4.8(d) |
| | (v) unless directed to do otherwise by Apparate within 5 Business Days prior to the Closing, Newco shall take all actions necessary to terminate all Company Employee Plans that contain a cash or deferred arrangement intended to qualify under Section 401(a) of the Code | §4.8(e) |
| 20. | **Closing Date Invoices** – Delivery to Apparate of an accurate and complete copy of an invoice from each advisor/service provider to Newco with respect to all Closing Date Transaction Expenses | §5.4(d) |
| 21. | **Key Employees' Employment Package Documents –** Unicorn and Key Employees execute the Employment Package Documents with respect to each such Key Employee, in each case to be effective at or after the Closing | §5.5(b) |
| 22. | **Employees' Employment Package Documents** – Unicorn offers to each employee of Newco that is employed as of the date no later than 3 Business Days prior to the Closing an opportunity of employment with Unicorn following the Closing. Unicorn delivers to Newco the Employment Package Documents that each employee must execute and deliver to Unicorn in order for such employee to be employed by Unicorn following the Closing. | §5.5(a) |
| 23. | **D&O Tail Policy** – Obtain a fully prepaid "tail" directors' and officers' liability insurance policy, which an effective term of 6 years | §5.9(b) |
| 24. | **Press release –** Parties to discuss and prepare joint press release. | §5.10 |
| | **Closing Documents/Actions Related to the Transaction** | |
| | **Closing Deliverables/Actions** | |
| 25. | Payment of **Merger Consideration** to Company Unitholders (or to Payment Agent, if applicable) | §1.8(a) |
| 26. | **Newco Closing Deliverables**: | §6.14 |
| | (i) a certificate, dated as of the Closing Date, executed by an officer of Newco that the conditions specified in Sections 6.1, 6.2, 6.3, 6.5, 6.6(b), 6.6(c), 6.8, 6.9, and 6.12 are satisfied | §6.14(a)(i) |
| | (ii) a certificate, dated as of the Closing Date, executed by an officer of Trucking that the conditions specified in Sections 6.1, 6.2, 6.3, 6.5, 6.6(b), 6.6(c), 6.8, 6.9, and 6.12 set forth in the Trucking Merger Agreement are satisfied | §6.14(a)(ii) |
| | (iii) an executed statement, dated as of the Closing Date, in accordance with Treasury Regulation Sections 1.897-2(h) and 1.1445-2(c)(3) and in a form reasonably acceptable to Apparate, certifying that an interest in Newco is not a U.S. real property interest within the meaning of Code Section 897(c), together with the required notice to the IRS and written authorization for Apparate to deliver such statement and notice to the IRS on behalf of Newco | §6.14(b) |
| | (iv) a long-form certificate of good standing from the State of Delaware with respect to Newco | §6.14(c) |
| | (v) written resignations of all officers and managers of Newco | §6.14(d) |
| | (vi) the Employment Package Documents executed by at least [redacted] Employees (including the Company Founders and not less than [redacted] of the Select Key Employees) | §6.14(e) |
| | (vii) an executed release agreement from Company Unitholders holding at least [redacted] of the Company Units outstanding | §6.14(f) |
| | (viii) evidence of termination of all 401(k) Plans (if applicable) to be effective as of the day immediately preceding the Closing Date | §6.14(g) |
| 27. | **Unicorn, Apparate, and Merger Sub I Closing Deliverables**: | §7.8 |
| | (i) a certificate, dated as of the Closing Date, of Unicorn, Apparate, and Merger Sub I, executed by an officer of each, certifying that the conditions in Sections 7.1, Section 7.2, and 7.4 are satisfied | §7.8(a)(i) |
| | (ii) a certificate, dated as of the Closing Date, of Unicorn, Apparate, and Merger Sub I, executed by an officer of each, certifying that the conditions in Sections 7.1, Section 7.2, and 7.4 of the Trucking Merger Agreement have been satisfied | §7.8(a)(ii) |
| | (iii) a certificate of Unicorn, executed by an officer of Unicorn, certifying that the Total Parent Restricted Stock Pool represents not less than [redacted] of | §7.8(b) |

| | Document/Action | Newco Merger Agreement Section Reference |
|---|---|---|
| | the issued and outstanding shares of Unicorn's capital stock as of [REDACTED] | |
| 28. | Execute **Certificate of Merger** and file with Secretary of State of the State of Delaware | §1.3(b) |
| | **Conditions Precedent to Obligations of Unicorn, Apparate, and Merger Sub I** | |
| 29. | Accuracy of Newco representations and warranties | §6.1 |
| 30. | Performance of covenants | §6.2 |
| 31. | Approval by the Required Company Unitholder Vote | §6.3 |
| 32. | Receipt of applicable regulatory approvals | §6.4 |
| 33. | No restraining orders or injunctions preventing consummation of Merger for Unicorn, Apparate, and Merger Sub I | §6.5 |
| 34. | No litigation restraining the consummation of the Merger nor material Proceeding relating to the Company Intellectual Property/Key Employees | §6.6 |
| 35. | No less than [REDACTED] Employees shall have accepted employment offers and executed Employment Package Documents | §6.7 |
| 36. | No Post-Signing Specified Bad Acts | §6.8 |
| 37. | [REDACTED] | §6.9 |
| 38. | Delivery to Apparate of Closing Date Allocation Schedule | §6.10 |
| 39. | Delivery of Call Exercise Notice or Put Exercise Notice, as applicable | §6.11 |
| 40. | No Company Material Adverse Effect | §6.12 |
| 41. | Satisfaction of Trucking conditions | §6.13 |
| 42. | Receipt by Apparate of Newco deliverables | §6.14 |
| | **Conditions Precedent to Obligations of Newco** | |
| 43. | Accuracy of Unicorn, Apparate, Merger Sub I representations and warranties | §7.1 |
| 44. | Performance of covenants | §7.2 |
| 45. | Receipt of applicable regulatory approvals | §7.3 |
| 46. | No restraining orders or injunctions preventing consummation of Merger for Newco | §7.4 |
| 47. | Delivery of Call Exercise Notice or Put Exercise Notice, as applicable | §7.5 |
| 48. | Approval by the Required Company Unitholder Vote | §7.6 |
| 49. | Satisfaction of Trucking conditions | §7.7 |
| 50. | Receipt by Newco of Unicorn, Apparate, Merger Sub I deliverables | §7.8 |
| | **Post-closing Documents/Actions Related to the Transaction** | |
| 51. | Deliver to each holder of Company Common Units a **letter of transmittal** | §1.8(a) |
| 52. | Deliver to Lior Ron and Apparate an **Executed Letter of Transmittal** | §1.8(a) |
| 53. | Deliver to Apparate a copy of **Executed Letters of Transmittal** from Company Unitholders | §1.8(a) |

**OTTO TRUCKING LLC MERGER**



| | Document/Action | Trucking Merger Agreement Section Reference |
|---|---|---|
| | | |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| 16. | | |



CONFIDENTIAL
la-1352670



| | Document/Action | Trucking Merger Agreement Section Reference |
|---|---|---|
| 17. | | |
| | | |
| 18. | | |
| | | |
| 19. | | |
| 20. | | |
| 21. | | |
| 22. | | |
| 23. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| 24. | | |
| 25. | | |
| 26. | | |
| 27. | | |
| | | |
| | | |
| 28. | | |
| 29. | | |



| | Document/Action | Trucking Merger Agreement Section Reference |
|---|---|---|
| 30. | | |
| 31. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| 32. | | |
| | | |
| 33. | | |
| | | |
| 34. | | |
| 35. | | |
| 36. | | |
| 37. | | |
| 38. | | |
| 39. | | |
| 40. | | |
| 41. | | |
| 42. | | |
| 43. | | |
| 44. | | |
| 45. | | |
| 46. | | |
| | | |
| 47. | | |
| 48. | | |
| 49. | | |
| 50. | | |
| 51. | | |
| 52. | | |
| 53. | | |
| | | |
| 54. | | |
| 55. | | |
| 56. | | |

| | Document/Action | Trucking Merger Agreement Section Reference |
|---|---|---|
| 57. | [redacted] | [redacted] |
| 58. | [redacted] | [redacted] |



CONFIDENTIAL
la-1352670