MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:     415.268.7522

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:    202.237.2727
Facsimile:     202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.    3:17-cv-00939-WHA<br><br>**DECLARATION OF KEVIN FAULKNER IN SUPPORT OF DEFENDANT UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OPPOSITION TO PLAINTIFF WAYMO LLC'S MOTION TO COMPEL RESPONSES AND DOCUMENTS ON EXPEDITED DISCOVERY REQUESTS**<br><br>Trial Date:  October 10, 2017 |

## DECLARATION OF KEVIN FAULKNER

I, Kevin Faulkner, declare as follows:

1. I am a Managing Director and head of the New York digital forensics lab at Stroz Friedberg. I make this declaration based on personal knowledge and, if called as a witness, I would testify to the facts listed below.

2. My April 7, 2017 declaration in support of Uber's opposition to Waymo's motion for preliminary injunction set forth Stroz's retention to investigate whether any Waymo confidential material was placed on Uber's computer systems, and my background and experience in digital forensics.

3. I understand that Waymo has propounded an interrogatory request that states: IDENTIFY all Uber Devices and Non-Uber Devices (as those terms are defined in UBER00006444) that LEVANDOWSKI has used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444), or that LEVANDOWSKI could have used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444). (See Ex. 3 to Waymo's Motion to Compel [Interrogatory No. 3].)

4. My team at Stroz Friedberg worked with counsel for Uber and Uber to investigate what information the company had related to the devices used by Anthony Levandowski on Uber's network. As explained below, the results of our investigation identified two computers: a MacBook Pro, serial number C02SX6KRGTFL, which I understand was issued by Uber to Levandowski, and a MacBook Pro, serial number C02R90KFG8WQ, which I understand was not issued by Uber.

5. The MacBook Pro serial number C02SX6KRGTFL was issued to Levandowski by Uber. Stroz Friedberg created full disk forensic images of this computer on March 17 and June 9, 2017. User activity on the hard drive confirms that this computer was used to access Uber's network.

6. The MacBook Pro with serial number C02R90KFG8WQ was configured to be backed up on Uber's corporate endpoint backup application, called CrashPlan. Stroz Friedberg

located a partial CrashPlan backup on Uber's systems, which indicates that Levandowski used this device on Uber's systems.

7. Regarding mobile devices, in order for a mobile device to be tracked by Uber, it needs to be enrolled in Uber's mobile device management application, called AirWatch. Stroz Friedberg reviewed the AirWatch application management console and found that there were no mobile devices enrolled for or assigned to Levandowski.

8. Based on Stroz Friedberg's investigation to date, Stroz Friedberg has not identified any other Levandowski devices that accessed Uber's network.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 28th day of June, 2017, in Geneva, Switzerland.

Kevin Faulkner