QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>       vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>              Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S RESPONSE TO OTTO TRUCKING LLC'S REQUEST FOR PERMISSION TO FILE A MOTION FOR SUMMARY JUDGMENT**<br><br>**REDACTED VERSION**<br><br>**FILED PUBLICLY**<br><br>Judge: The Honorable William Alsup<br><br>Trial Date: October 10, 2017 |

Per the Court's authorization (Dkt. 735), Waymo LLC ("Waymo") submits this Response to Otto Trucking LLC's ("OT") Request to File a Motion for Summary Judgment (Dkt. 733).  OT seeks to file a premature motion for summary judgment in a bid to escape its discovery obligations and avoid liability for its contempt of the Preliminary Injunction Order.  But, as OT admits, former Waymo engineer and trade-secret thief Anthony Levandowski is one of two managing members of OT.  (Dkt. 733 at 2.)  As this Court has already found, Levandowski "likely" retains possession of Waymo's 14,000 stolen files, "evidently to have them available to consult on behalf of Otto and Uber."  (Dkt. 426 at 7.)  So long as Levandowski has possession of Waymo's stolen trade secrets, his company OT cannot demonstrate that it is not liable for misappropriation.  Further, so long as ████████████████████████████████ with Levandowski as its manager, factual issues persist regarding OT's involvement in and liability for Uber's patent infringement.

### 1.     There Are Issues Of Material Fact That OT Misappropriated Trade Secrets.

OT's request to seek summary judgment is futile, because the record is replete with genuine issues of material fact regarding OT's misappropriation.  Fed. R. Civ. P. 56(c); *Language Line Servs, Inc. v. Language Servs. Associates, Inc.*, 944 F. Supp. 2d 775, 779 (N.D. Cal. 2013) (standard of review).  Misappropriation can involve "acquisition," "disclosure," *or* "use" by OT.  18 U.S.C. § 1839(5)(A), (B); Cal. Civ. Code § 3426.1 (b)(1), (2).  Because Levandowski is an agent of OT, his "acquisition" and continued possession of Waymo's trade secrets is imputed to OT.  *See* RESTATEMENT (SECOND) OF AGENCY § 274 (1958).

Moreover, as discussed in Waymo's Motion for an Order to Show Cause (Dkt. 677), despite Levandowski's continued possession of Waymo's trade secrets, OT refuses to take reasonable remedial action against Levandowski.  (*Id.* at 6-7.)  These facts not only demonstrate a genuine issue of material fact, they are sufficient alone to show a "ratification" of Levandowski's misappropriation by OT.  Cal. Civ. Code § 2310 ("A ratification can be made . . . by accepting or retaining the benefit of the act, with notice thereof."); *Contemporary Servs. Corp. v. Landmark Event Staffing Servs., Inc.*, --- Fed. Appx. ---, 2017 WL 393718, at *1 (9th Cir. Jan. 30, 2017) (unpublished); *Ajaxo Inc. v. E*Trade Grp., Inc.*, 135 Cal. App. 4th 21, 67-68 (2005).

Finally, the little evidence that has been produced regarding OT establishes at least a

-1-

1  genuine issue of material fact that it is taking steps to exploit the trade secrets in Levandowski's
2  possession.  Shortly before forming OT, Levandowski confided in other Waymo engineers that he
3  intended to "replicate" Waymo's long-range LiDAR technology for self-driving trucks.  (Dkt. 24-
4  3 ¶ 27.)  OT's interrogatory responses state that ████████████████████████████
5  ██████████████████████████████████████████████████████.  Further,
6  documents produced by OT demonstrate that █████████████████████████████
7  ████████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████████
9  ███████████.  █████████████████████████████████████, and OT also
10 lists a large number of Uber self-driving vehicle engineers on its initial disclosures, as persons
11 "associated with" OT.  Finally, Levandowski has broadly asserted the Fifth Amendment which
12 justifies an adverse inference against OT.  Although OT argues that it "is an entity separate from
13 Uber," that is only because an ████████████████████████████████████████
14 ████████████████████████████████████████████████████
15 ████████████████████████████ (Dkt. 515-13 at -7487.) ████████████
16 ████████████████████████████████████████████████████████
17 ████████████████████[1]  All of this raises issues of material fact that OT—with the benefit
18 of Waymo's trade secrets—is developing long-range LiDAR technology, including for use in
19 Uber's Spider and/or Fuji systems, ██████████████████████████.  Thus, a motion for
20 summary judgment is futile, and will only distract from promptly bringing this case to trial.[2]
21      **2.**     **There Are Issues Of Material Fact That OT Infringes Waymo's Patents.**
22      The Court should also not permit OT to file a summary judgment motion with respect to

---

[1] According to the terms set forth in the Term Sheet, █████████████████████████████████████████████████████████████. (Dkt. 515-14 at -7524.)

[2] At a minimum, a motion for summary judgment is inappropriate in light of Waymo's motion to compel further discovery from OT.  (Dkt. 682.)  OT has refused to interview its corporate officers in response to Waymo's interrogatories and has refused to produce documents within their custody or control.  Appropriate discovery into these matters is likely to reveal "facts essential" to justifying an opposition to any summary judgment motion by OT.  Fed. R. Civ. P. 56(d); *Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987).

Waymo's patent claims. OT represents it "has never made, used, offered for sale, sold, or imported into the U.S. either the Spider of Fuji LiDAR systems." (Dkt. 733 at 3.) But this argument ignores other bases for finding OT liable for the infringement. For example, it is possible that OT may be charged with the infringing acts of its agent Levandowski under principles of "vicarious" liability, or that OT is liable for the infringing acts of Uber under "joint enterprise" principles in light of the ▓▓▓▓ between OT and Uber. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022-23 (Fed. Cir. 2015) (discussing theories of "vicarious" and "joint enterprise" infringement). These fact-intensive inquiries are ill-suited for summary judgment, particularly, given the uncertain relationship between OT and Uber and the prominent role of Levandowski at each of OT and Uber. At a minimum, Waymo's outstanding discovery into the activities of OT and its development of self-driving car technology renders summary judgment inappropriate. (*Supra* fn. 2.) The Court should also not permit OT to seek summary judgment while it is in contempt of its obligations under the Court's Preliminary Injunction Order. (*See* Dkt. 677 (Motion for Order to Show Cause).)

### 3. OT's Request Is A Transparent And Desperate Attempt To Circumvent The Effect Of The Court's Preliminary Injunction Order.

In its Preliminary Injunction Order, this Court ruled that all Defendants, including OT must exercise their full authority to prevent Levandowski from exploiting Waymo's trade secrets. (Dkt. 426 at 23 ¶ 2(b).) In response to this Order, Uber terminated Levandowski's employment (Dkt. 519-2), but OT took no similar action. (Dkt. 677 at 5-6.) As a result, Uber—▓▓▓▓—can continue to benefit from Levanodwski's possession of Waymo's trade secrets by virtue of Levandowski's managing role at OT. Levandowski, in turn, retains his ability to profit from his ▓▓▓▓. It is therefore no surprise that that OT's request to seek summary judgment followed closely on the heels of Waymo's Motion to Show Cause (and also Waymo's Motion to Compel further discovery responses from OT). OT, Uber, and Levandowski are simply attempting to use creative corporate structuring to game this litigation and avoid the impact of this Court's orders. This should not be tolerated, and OT's request to seek summary judgment should be denied.

| | | |
|---|---|---|
| DATED: June 28, 2017 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By | */s/ Charles K. Verhoeven* |
| | | Charles K. Verhoeven |
| | | Attorneys for WAYMO LLC |