QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>    vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S LIST OF OPINIONS AND TESTIMONY DEPENDING ON SPECIALIZED KNOWLEDGE FOR CASES-IN-CHIEF AT TRIAL** |

In accordance with the Court's Orders (Dkts. 669 & 697), Plaintiff Waymo LLC ("Waymo") hereby submits this List of opinions for its case-in-chief at trial, including all witnesses expected to give any testimony that depends on their "scientific, technical, or other specialized knowledge" within the meaning of Federal Rule of Evidence 702.  Consistent with its understanding of the Court's request, this List provides all witness testimony that will depend on scientific, technical, or other specialized knowledge, even if a particular witness is not expected to render opinion testimony.  This List is intended to provide sufficient disclosure such that Defendants have notice of any potential evidentiary or *Daubert* objections that may arise.  This List is not intended to be an exhaustive recitation of each witnesses testimony.  Additionally, this List is made based on information currently available to Waymo, and Waymo requests the right to amend this List or supplement with further witnesses or subject-matter as necessary based on further discovery.  Waymo also reserves the right to provide additional expert and/or testimony that depends on scientific, technical, or other specialized knowledge to rebut evidence presented by Defendants in their case in chief.

**Pierre-Yves Droz**: Mr. Droz is a Principal Hardware Engineer who has served as the technical lead on Waymo's LiDAR project since its inception.  Mr. Droz is expected to testify as an inventor regarding the history of the invention disclosed and claimed in U.S. Patent Nos. 8,836,922; 9,282,464; and 9,368,936.  Mr. Droz is expected to also testify consistent with his March 9, 2017 Declaration in Support of Waymo's Motion for Preliminary Injunction (Dkt. 24-3), but his testimony may include additional facts, explanation, or context as necessary.  Although Mr. Droz's testimony is expected to depend, in part, on his technical and specialized knowledge as an engineer in the LiDAR and self-driving vehicle field, his testimony is expected to be based on his percipient knowledge of the facts.  Waymo does not expect Mr. Droz to offer opinion testimony at this time.

**Gary Brown**: Mr. Brown is a Security Engineer in Forensics with Google, Inc.  Mr. Brown is expected to offer testimony regarding a forensic investigation he conducted relating to the network activities of former Google employees who departed to work for Uber.  Mr. Brown is

expected to testify as to his analysis of Google's networks and hardware devices, including Mr. Levandowski's Google-issued laptop computer. Mr. Brown is expected to testify consistent with his March 9, 2017 Declaration in Support of Waymo's Motion for Preliminary Injunction (Dkt. 24-2), but his testimony may include additional facts, explanation, or context as necessary. Although Mr. Brown's testimony is expected to depend, in part, on his technical and specialized knowledge in computer and network forensics, his testimony is expected to be based on his percipient knowledge of the facts. Waymo does not expect Mr. Brown to offer opinion testimony at this time.

**Michael Janosko**: Mr. Janosko is a Google employee knowledgeable about the security of Google and Waymo's enterprise and information technology infrastructure. Mr. Janosko is expected to offer testimony regarding Google and Waymo's reasonable efforts to maintain the security of its confidential information and intellectual property. Although Mr. Janosko's testimony is expected to depend, in part, on his technical and specialized knowledge, his testimony is expected to be based on his percipient knowledge of the facts. Waymo does not expect Mr. Janosko to offer opinion testimony at this time.

**Dmitri Dolgov**: Mr. Dolgov is a Waymo engineer and manager of Waymo's self-driving car and autonomous vehicle technology program. Mr. Dolgov is expected to testify regarding the history of Waymo's self-driving car technology development, including LiDAR development and associated self-driving vehicle software development. Although Mr. Dolgov's testimony is expected to depend, in part, on his technical and specialized knowledge as an engineer in the LiDAR and self-driving vehicle field, his testimony is expected to be based on his percipient knowledge of the facts. Waymo does not expect Mr. Dolgov to offer opinion testimony at this time.

**Retained Plaintiff's Technical Expert No. 1**: Waymo expects to provide technical expert witness testimony pertaining to optics as it relates to a LiDAR system for a self-driving vehicle. This expert witness is expected to offer testimony regarding general optics and LiDAR principles, as well as the background state of the art. Retained Technical Expert No. 1 is expected to further explain Waymo's disclosed trade secrets relating to LiDAR optical systems and components and

is expected to provide opinions regarding the level of skill and effort required to derive such trade secrets based on the available evidence in this case. Retained Technical Expert No. 1 is expected to also opine that Waymo's LiDAR systems embody certain of Waymo's disclosed trade secrets.

Retained Technical Expert No. 1 is expected to further offer opinions that (i) Waymo undertook reasonable efforts to maintain certain disclosed trade secrets in relative secrecy; (ii) such trade secrets are not generally known by individuals within the relevant filed and/or are not readily ascertainable; and (iii) such trade secrets derive independent economic value by virtue of their not being generally known in the relevant field. Additionally, Retained Expert No. 1 is expected to opine regarding Defendants' misappropriation of certain of Waymo's disclosed trade secrets based on (i) contemporaneous technical evidence reflecting Defendants' acquisition, use, and/or disclosure of Waymo's disclosed trade secret concepts; (ii) the similarity of Defendants' technology to Waymo's disclosed trade secrets and/or Waymo's implementation of such trade secrets in Waymo's commercial products; and/or (iii) the lack of evidence supporting Defendants' independent development of their own technology.

Retained Technical Expert No. 1 is expected to also offer opinions regarding the invention disclosed and claimed in U.S. Patents 8,836,922 and 9,285,464. Such opinions are expected to include (i) the plain meaning of unconstrued claim terms as they would be understood by a person of ordinary skill in the art in light of the patents' specifications; (ii) the background technology, relevant state of the art, and the level of ordinary skill in the art as of the patents' filing/priority dates; (iii) the embodiment of the claimed inventions by Waymo's commercial LiDAR products; (iii) the infringement, whether literal or by the doctrine of equivalents, of Defendants' commercial LiDAR products; (iv) the meaning of relevant prior art as it would be understood by a person of ordinary skill in the art; and (v) the validity of the patents' claims, including over any asserted prior art.

Finally, Retained Technical Expert No. 1 is expected to opine regarding the benefits and value of Waymo's disclosed trade secrets and patent claims, the technical and operational value that Waymo's trade secrets and patented inventions add to Waymo's and Defendants' commercial products, the amount of time and effort saved by Defendants as a result of their trade secret

misappropriation and patent infringement, and technical considerations informing a hypothetical royalty negotiation between Waymo and Defendants.

**Retained Plaintiff's Damages Expert**: Waymo expects to provide retained expert witness testimony regarding an appropriate remedy in this case. Retained Damages Expert is expected to offer opinions regarding the potential total market value for LiDAR systems and other technology for self-driving vehicles, expected or projected share of the major market participants, the role of innovation in obtaining and retaining market share and/or market value, and the market impact resulting from Defendants' trade secret misappropriation and patent infringement in this case. Based on these analyses, Retained Damages Expert is expected to offer opinion testimony relating to (i) actual damages suffered by Waymo as a result of Defendants' trade secret misappropriation and patent infringement; (ii) a hypothetical royalty negotiation between Waymo and Defendants with respect to the relevant technology; (iii) Waymo's anticipated lost profits or market share; (iv) the amount by which Defendants have been unjustly enriched as a result of their liability in this case; and (v) the difficulties in quantifying damages in this market and the likelihood of irreparable harm to Waymo.

**Retained Plaintiff's Electronic Forensics Expert**: Waymo expects to provide retained expert witness testimony regarding computer networks and electronic systems as well as forensic evidence that can be derived from electronic devices and files that are produced and/or made available for inspection in this case.

**Retained Plaintiff's M&A Expert**: Waymo expects to provide retained expert witness testimony regarding standard procedures in the field for mergers and acquisitions of start up companies and otherwise and the similarities and differences between those standard practices and the merger and acquisition of Defendant Ottomotto, LLC by Defendant Uber Technologies, Inc. Retained M&A Expert is expected to also opine regarding how certain aspects of the acquisition and implementing documents are atypical, including provisions relating to Uber's agreement to indemnify Ottomotto executives for their prior "Bad Acts."

**Retained Plaintiff's Technical Expert No. 2**: Waymo expects to provide technical expert witness testimony pertaining to electrical components and circuitry for LiDAR systems and/or

other self-driving vehicle applications.  This expert witness is expected to offer testimony regarding general electrical engineering and circuitry principles as they relate to LiDAR and other self-driving vehicle applications, as well as the background state of the art.  Retained Technical Expert No. 2 is expected to further explain Waymo's disclosed trade secrets relating to the electrical systems and circuitry of LiDAR and self-driving vehicle systems and is expected to provide opinions regarding the level of skill and effort required to derive such trade secrets based on the available evidence in this case.  Retained Technical Expert No. 2 is expected to also opine that Waymo's LiDAR systems embody certain of Waymo's disclosed trade secrets.

Retained Technical Expert No. 2 is expected to further offer opinions that (i) Waymo undertook reasonable efforts to maintain certain disclosed trade secrets in relative secrecy; (ii) such trade secrets are not generally known by individuals within the relevant field and/or are not readily ascertainable; and (iii) such trade secrets derive independent economic value by virtue of their not being generally known in the relevant field.  Additionally, Retained Technical Expert No. 2 is expected to opine regarding Defendants' misappropriation of certain of Waymo's disclosed trade secrets based on (i) contemporaneous technical evidence reflecting Defendants' acquisition, use, and/or disclosure of Waymo's disclosed trade secret concepts; (ii) the similarity of Defendants' technology to Waymo's disclosed trade secrets and/or Waymo's implementation of such trade secrets in Waymo's commercial products; and/or (iii) the lack of evidence supporting Defendants' independent development of their own technology.

Retained Technical Expert No. 2 is expected to also offer opinions regarding the invention disclosed and claimed in U.S. Patent 9,368,936.  Such opinions will include (i) the plain meaning of unconstrued claim terms as they would be understood by a person of ordinary skill in the art in light of the patent's specification; (ii) the background technology, relevant state of the art, and the level of ordinary skill in the art as of the patent's filing/priority dates; (iii) the embodiment of the clamed inventions by Waymo's commercial products; (iii) the infringement of Defendants' commercial products; (iv) the meaning of relevant prior art as it would be understood by a person of ordinary skill in the art; and (v) the validity of the patent's claims, including over any asserted prior art.

Finally, Retained Technical Expert No. 2 is expected to opine regarding the benefits and value of Waymo's disclosed trade secrets and patent claims, the technical and operational value that Waymo's trade secrets and patented inventions add to Waymo's and Defendants' commercial products, the amount of time and effort saved by Defendants as a result of their trade secret misappropriation and patent infringement, and technical considerations informing a hypothetical royalty negotiation between Waymo and Defendants.

**Ben Ingram**: Mr. Ingram is a Waymo engineer involved in Waymo's self-driving car and autonomous vehicle technology program.  Mr. Ingram is expected to testify regarding the history of Waymo's LiDAR and self-driving car technology development, including certain of Waymo's asserted trade secrets.  Although Mr. Ingram's testimony is expected to depend, in part, on his technical and specialized knowledge as an engineer in the LiDAR and self-driving vehicle field, his testimony is expected to be based on his percipient knowledge of the facts.  Waymo does not expect Mr. Ingram to offer opinion testimony at this time.

**Luke Wachter**: Mr. Wachter is a Waymo engineer involved in Waymo's self-driving car and autonomous vehicle technology program.  Mr. Wachter is expected to testify regarding the history of Waymo's LiDAR and self-driving car technology development, including certain of Waymo's asserted trade secrets.  Although Mr. Wachter's testimony is expected to depend, in part, on his technical and specialized knowledge as an engineer in the LiDAR and self-driving vehicle field, his testimony is expected to be based on his percipient knowledge of the facts.  Waymo does not expect Mr. Wachter to offer opinion testimony at this time.

**Drew Ulrich**: Mr. Ulrich is a Waymo engineer involved in Waymo's self-driving car and autonomous vehicle technology program.  Mr. Ulrich is expected to testify as an inventor regarding the history of the invention disclosed and claimed in U.S. Patent Nos. 8,836,922 and 9,282,464.  Although Mr. Ulrich's testimony is expected to depend, in part, on his technical and specialized knowledge as an engineer in the LiDAR and self-driving vehicle field, his testimony is expected to be based on his percipient knowledge of the facts.  Waymo does not expect Mr. Ulrich to offer opinion testimony at this time.

1 **Zachary Morriss**: Mr. Morriss is a Waymo engineer involved in Waymo's self-driving car and autonomous vehicle technology program.  Mr. Morriss is expected to testify as an inventor regarding the history of the invention disclosed and claimed in U.S. Patent Nos. 8,836,922 and 9,282,464.  Although Mr. Morriss's testimony is expected to depend, in part, on his technical and specialized knowledge as an engineer in the LiDAR and self-driving vehicle field, his testimony is expected to be based on his percipient knowledge of the facts.  Waymo does not expect Mr. Morriss to offer opinion testimony at this time.

**Sam Lenius**: Mr. Lenius is a Waymo engineer involved in Waymo's self-driving car and autonomous vehicle technology program.  Mr. Lenius is expected to testify as an inventor regarding the history of the invention disclosed and claimed in U.S. Patent No. 9,368,936.  Although Mr. Lenius's testimony is expected to depend, in part, on his technical and specialized knowledge as an engineer in the LiDAR and self-driving vehicle field, his testimony is expected to be based on his percipient knowledge of the facts.  Waymo does not expect Mr. Lenius to offer opinion testimony at this time.

**Bernard Fidric**: Mr. Fidric is a Waymo engineer involved in Waymo's self-driving car and autonomous vehicle technology program.  Mr. Fidric is expected to testify regarding the history of Waymo's LiDAR and self-driving car technology development, including certain of Waymo's asserted trade secrets.  Although Mr. Fidric's testimony is expected to depend, in part, on his technical and specialized knowledge as an engineer in the LiDAR and self-driving vehicle field, his testimony is expected to be based on his percipient knowledge of the facts.  Waymo does not expect Mr. Fidric  to offer opinion testimony at this time.

**Blaise Gassend**: Mr. Gassend is a Waymo engineer involved in Waymo's self-driving car and autonomous vehicle technology program.  Mr. Gassend is expected to testify regarding the history of Waymo's LiDAR and self-driving car technology development, including certain of Waymo's asserted trade secrets.  Although Mr. Gassend's testimony is expected to depend, in part, on his technical and specialized knowledge as an engineer in the LiDAR and self-driving vehicle field, his testimony is expected to be based on his percipient knowledge of the facts.  Waymo does not expect Mr. Gassend to offer opinion testimony at this time.

**Dan McCloskey**: Mr. McCloskey is a Waymo engineer involved in Waymo's self-driving car and autonomous vehicle technology program. Mr. McCloskey is expected to testify regarding the history of Waymo's radar and self-driving car technology development, including certain of Waymo's asserted trade secrets. Although Mr. McCloskey's testimony is expected to depend, in part, on his technical and specialized knowledge as an engineer in the radar and self-driving vehicle field, his testimony is expected to be based on his percipient knowledge of the facts. Waymo does not expect Mr. McCloskey to offer opinion testimony at this time.

DATED: June 29, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for WAYMO LLC