IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; and OTTO<br>TRUCKING LLC,<br><br>    Defendants.<br> | No. C 17-00939 WHA<br><br>**ORDER DENYING MOTIONS<br>FOR RELIEF FROM JUDGE<br>CORLEY'S NONDISPOSITIVE<br>PRETRIAL ORDER RE<br>SUBPOENA TO STROZ<br>FRIEDBERG** |

## INTRODUCTION

The magistrate judge overseeing discovery in this action granted plaintiff's motion to compel compliance with its subpoena to a third-party forensics firm and denied motions to quash said subpoena. Two defendants, the third-party forensics firm, and two non-parties move for relief from the order pursuant to Civil Local Rule 72. The motions are **DENIED**.

## STATEMENT

On June 5, per the discovery referral in this action, Magistrate Judge Jacqueline Corley issued an order granting plaintiff Waymo LLC's motion to compel production of a due diligence report prepared by third-party forensics firm Stroz Friedberg (Dkt. No. 566). Defendants Uber Technologies, Inc., and Ottomotto LLC (collectively, "Uber") moved for relief from that order pursuant to Civil Local Rule 72, as did defendant Otto Trucking LLC and non-party Anthony Levandowski. A prior order denied all three motions on June 21 (Dkt. No. 685). That order also recited the relevant procedural history, which need not be repeated here.

Also on June 21, Judge Corley issued another order granting Waymo's motion to compel compliance with its subpoena to Stroz Friedberg and denying motions by defendants and Levandowski to quash said subpoena (Dkt. No. 670). Uber, Levandowski, Stroz Friedberg, and non-party Lior Ron now move for relief from that order (Dkt. Nos. 726–27, 729–30).

**ANALYSIS**

1. **STANDARD OF REVIEW.**

Under FRCP 72, a district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Ibid.* (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)). As before, this order does not attempt to retread factual findings or legal analysis in Judge Corley's order. Additionally, insofar as the instant motions merely repeat arguments from the first round of motions for relief from Judge Corley's June 5 order (including for purposes of preserving the arguments for further appeal), those arguments fail for the same reasons previously stated in the June 21 order denying those motions for relief. Only new arguments are specifically addressed herein.

2. **UBER'S NEW OBJECTIONS.**

In support of its position before Judge Corley that "the due diligence report, its exhibits, and documents and communications *pertaining thereto* shared among the joint defense parties are Uber's protected attorney-work product," Uber argued that, "[e]ven if there was no common legal interest when the Term Sheet was signed, there was undoubtedly one by April 11, 2016," so "documents responsive to the Stroz Subpoena dated on or after April 11, 2016, which includes the Due Diligence Report and Exhibits, are protected attorney work product" (Dkt. No. 581 at 2–4 (emphasis added)). In her order, Judge Corley responded (Dkt. No. 670 at 7–8):

> Uber also argues in the alternative that it did not waive any privilege in any post-April 11, 2016 communications with Stroz or post-April 11, 2016 Stroz attorney work-product. . . . The only such communications Uber identifies, however, are the final Stroz Report and its exhibits. . . . As for any other post-April 11, 2016 communications, they must be on Uber's privilege log and thus the Court will address them in connection with the hearing on Uber's

2

> privilege log . . . . If they are not on Uber's privilege log, Uber has waived any privilege and they must be produced . . . .

Uber objects to the foregoing because "the Stroz Subpoena seeks . . . '*all documents and communications*' between and/or among Uber, Ottomotto, Otto Trucking, Levandowski, and Ron or their respective counsel. Thus, Stroz may have responsive documents that do not appear on any privilege log Uber has served" pursuant to the expedited discovery order dated March 16, and "Uber should not be deemed to have waived privilege over communications or work product" within those documents (Dkt. No. 727 at 1–2 (citation omitted)).

To be clear, the requests for production at issue seek "documents and communications" pertaining to Stroz Friedberg's due diligence investigation and report, not "all documents and communications" generally as Uber suggests (*see* Dkt. No. 581-1 at 12–16). Moreover, per the undersigned judge's standing order, a party asserting privilege must provide a privilege log "at the time of assertion." *See* Judge Alsup's Supplemental Order to Order Setting Initial CMC in Civil Cases (effective Mar. 17, 2016), http://www.cand.uscourts.gov/whaorders. Thus, insofar as Uber has asserted any privilege beyond the scope of its initial privilege log (provided pursuant to the expedited discovery order dated March 16 (Dkt. No. 61)) during the course of this litigation, it should have already supplemented that privilege log accordingly.

Given the foregoing, it remains a mystery what responsive "documents and communications" could fall outside the scope of both the expedited discovery order and the privilege issues that have been litigated thus far in connection with Stroz Friedberg's due diligence investigation and report. Uber offered no details about this theoretical category of "documents and communications" before Judge Corley or in its instant motion for relief. Supposing for the sake of argument, however, that this theoretical category exists and truly implicates new claims of privilege that Uber has had no opportunity to assert, it does not appear that Judge Corley intended her order to have any preclusive effect on such claims. Her order, read in context, simply responded to Uber's specific argument concerning documents and communications that have long been at issue and over which Uber either has or should have already asserted any claims of privilege. Put differently, the challenged part of her order did not

3

contemplate, much less decide, the waiver issue Uber is now objecting over. It is therefore not an appropriate basis for finding clear error under FRCP 72.

Insofar as Uber's "objection" is essentially a request to clarify that Judge Corley's order did not purport to find any waiver of privileges that Uber has had no opportunity to assert, that request should be made to Judge Corley in the first instance. Insofar as Uber intends to assert new claims of privilege over some theoretical category of "documents and communications" that has not yet been identified or litigated, those claims should likewise be made before Judge Corley in the first instance and in full compliance with the undersigned judge's standing order.

Uber also claims Judge Corley erred in "holding that 'by relying on an agreement with Stroz, [Uber and Levandowski] have waived any privilege in other agreements with Stroz,'" citing non-binding decisions for the proposition that "[t]here can be no waiver when a party relies on only ***non-privileged*** portions of a document" (Dkt. No. 727 at 2–3). Once again, Uber presents an incomplete picture. Judge Corley's order went on to say, "It is fundamentally unfair [for Uber] to claim the engagement agreement supports a certain fact while at the same time withholding other agreements directly relevant to that fact" (Dkt. No. 670 at 8). Consistent with this explanation, she cited a decision from this district that found a waiver of privilege where the claimant sought to use the privilege as both sword and shield. *See Regents of Univ. of Cal. v. Micro Therapeutics, Inc.*, No. C 03 05669, 2007 WL 2069946, at *2–4 (N.D. Cal. July 13, 2007) (Judge Richard Seeborg). None of the decisions cited by Uber purported to excuse a claimant's use of privilege as both sword and shield. Moreover, Judge Corley had separate, independent bases for finding waiver under the circumstances of this case, which she explained in both the order at issue and in her previous order concerning the due diligence report (*see* Dkt. No. 670 at 8 (citing Dkt. No. 566 at 13–22)). This finding was not clearly erroneous.

Uber also repeats its argument — styled in its previous motion for relief as a "request for clarification" (*see* Dkt. No. 686) — that defendants, Levandowski, and Ron "shared a common legal interest at least as of April 11, 2016," for purposes of waiver (Dkt. No. 727 at 3–4). Shortly after Uber filed its motion for relief, Judge Corley actually ruled in its favor on this very issue (*see* Dkt. No. 731 at 3–4). This objection is therefore moot.

4

### 3. LEVANDOWSKI'S NEW OBJECTIONS.

The only arguably new objection raised in Levandowski's motion is his complaint that "Judge Corley advance[d] no explanation" why the "constructive possession" exception articulated in *Couch v. United States*, 409 U.S. 322, 333 (1973), could not apply to him under these circumstances. But Judge Corley did explain both her reasoning and the factual findings that led to her conclusion (Dkt. No. 670 at 5). Indeed, Levandowski quotes her factual findings immediately before dismissing them as "not accurate" and proceeding to criticize her for supposedly advancing "no explanation" (Dkt. No. 726 at 5). This objection is baseless.

Levandowski's request for a stay of Judge Corley's order to permit an opportunity for further appeal is **GRANTED** as stated below.

### 4. STROZ FRIEDBERG'S OBJECTIONS.

On June 13, Stroz Friedberg submitted a response to Waymo's motion to compel wherein it repeatedly represented that it "[stood] ready" to produce in compliance with the subpoena if ordered to do so by the Court (Dkt. No. 614 at 1, 3, 5). Now, however, Stroz Friedberg "objects" to Judge Corley's order on the basis that it "simply cannot" comply by the stated deadline today. It therefore requests modification of her order to "(1) allow Stroz to perform its production on a rolling basis; (2) and to complete the production . . . and to generate a privilege log within 30 days after the parties reach an agreement on search parameters and a production protocol, and the Order becomes effective after any appeals" (Dkt. No. 730 at 5).

*First*, though styled as a motion for relief under Civil Local Rule 72, Stroz Friedberg's request makes no attempt to show that Judge Corley's order was "clearly erroneous or contrary to law" as required by FRCP 72. *Second*, the request is inconsistent with Stroz Friedberg's prior representations that it "[stood] ready" to produce in compliance with the subpoena as of June 13. The request is therefore **DENIED**, although Stroz Friedberg will incidentally obtain some relief as a result of the stay granted herein.

### 5. RON'S OBJECTIONS.

Ron's putative motion for relief likewise makes no attempt to show that Judge Corley's order was "clearly erroneous or contrary to law" under FRCP 72. Instead, the thrust of his

5

motion is his protest that Stroz Friedberg's compliance with the subpoena would jeopardize his personal privacy interests. Ron claims he is raising this issue for the first time now because he was previously unaware of the subpoena's existence (Dkt. No. 729 at 1).

Levandowski has raised a similar privacy issue before Judge Corley. Indeed, her order expressly stated, "Once [the privilege issue] is finally resolved, the Court will address whether a protocol is appropriate to protect any privacy interests" (Dkt. No. 670 at 9). Ron, however, is not content with this because he believes "such a protocol would only be directed at protecting Mr. Levandowski's privacy interests" (Dkt. No. 729 at 3 n.2). He therefore requests either modification of Judge Corley's order or issuance of a protective order.

Ron's request is not a proper basis to modify Judge Corley's order under FRCP 72 and in any event should be directed first to Judge Corley, who remains in the best position to evaluate it. This order therefore **DENIES** the request without prejudice to its renewal before her.

## CONCLUSION

For the foregoing reasons, all motions for relief from Judge Corley's order granting Waymo's motion to compel compliance with its subpoena to Stroz Friedberg are **DENIED**. All stated objections to Judge Corley's order are **OVERRULED**.

Judge Corley had required Stroz Friedberg to comply with her order by today. This order **STAYS** her order until **JULY 5 AT NOON** to give defendants and Levandowski an opportunity to seek emergency relief from the Federal Circuit. Again, in light of the pressing need for discovery to proceed in order to meet the agreed-upon trial date of October 10, 2017, any further stay must be requested from the Federal Circuit.

**IT IS SO ORDERED.**

Dated: June 27, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6