# EXHIBIT 3

| | |
|---|---|
| **From:** | James Judah |
| **Sent:** | Wednesday, June 28, 2017 9:44 PM |
| **To:** | 'John Cooper'; David Perlson |
| **Cc:** | Gonzalez, Arturo J.; Ray, Wendy J.; QE-Waymo; Matthew Cate; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); UberWaymoMoFoAttorneys |
| **Subject:** | RE: Apex witnesses |

Counsel and John –

I write to summarize, and to follow up, on the party's meet and confer this morning regarding apex depositions.

First, the parties discussed Uber's declared intention to depose apex witness David Drummond, which had been the subject of prior correspondence. Waymo asked on the call the questions raised in David Perlson's 6/27/2017, 5:08 PM email (" is it Defendants' position that Mr. Drummond has unique/personal knowledge on the issues mentioned below for which Defendants have sought, but are unable, to obtain the information it seeks from Mr. Drummond from other sources, such as within Uber itself? If so, please elaborate."). Wendy Ray, the attorney for Uber on the call, said she was not prepared to answer these questions because her colleague Arturo Gonzalez was "out of pocket" and therefore she had been unable to talk to him (apparently the only attorney at either MoFo or BFS with such knowledge) to learn what unique knowledge Mr. Drummond purportedly possesses or what other sources Uber has sought, but was unable, to obtain such information from. Waymo reiterates its objection to Uber's longstanding practice of staffing meet and confer calls with attorneys not prepared to discuss the specific issues that the Special Master scheduled the call to address. While the issue in this email is more urgent, we would like to discuss this issue on a meet and confer in the near future, as this will no doubt continue without any consequences stemming therefrom.

Not only was Uber unprepared to explain its bases for seeking to depose apex witness Mr. Drummond, Uber argued that even asking it to attempt to do so was somehow a "Catch-22" situation, because Uber didn't yet have the discovery it needed to determine what unique knowledge Mr. Drummond has or whether Uber could obtain the discovery through alternative means. But as Waymo explained, the issue isn't that Uber hasn't yet actually exhausted alternative means to obtain discovery, but rather that Uber can't even point to what alternative means they would pursue – and there is no reason to believe Uber would ever be able to point to anything, whether now or at the close of fact discovery.

Nor, as Waymo explained on the call, is this issue premature. The discovery cutoff in this case is less than two months away. Judge Alsup has expressly told the parties that "[t]he Court is concerned that counsel in this action are not moving fast enough to complete depositions and will put too much pressure on the jury trial and final pretrial conference dates," and accordingly directed the parties and the Special Master to submit to the Court a schedule "under which all depositions counsel wish to take will be completed before the [August 24] fact discovery cutoff." (Dkt. 622.) Uber, consistent with its practice of "doing everything you can to throw road blocks in the way" of the October 2nd trial date (6/7/2017 Hearing Tr. at 26:10-11), used this same excuse – that it was "premature" – in refusing to exchange deposition lists as part of that meet and confer process. (6/20/2017 Edward Takashima email.) As a result, the parties could not provide the Court with a deposition schedule, and the Court bluntly assessed that the parties had "utterly failed to comply with" his Order. (Dkt. 679.) There is nothing premature about scheduling "all depositions counsel wish to take" now, to ensure that they "will be completed before the fact discovery cutoff." (Dkt. 622.) Indeed, Waymo has already sent Defendants its intended deposition list, and has asked Defendants to do the same. The time to tee up and resolve disputes over depositions is **now**, not at some unspecified time in the remaining weeks of fact discovery. That is particularly true for apex witnesses. Defendants' purported preference to give themselves at most an extra two or three weeks to decide whether to take their depositions, while upending the calendars of these apex witnesses in the meantime, is unreasonable.

Mr. Drummond is an apex witness, as Defendants have never disputed, with an extremely busy, pre-existing schedule.  We have asked him for his availability between now and August 24, and the available date he has is July 17, as we articulated today.  Had Defendants identified him as a top ten witness, we expect the Court would have set the deposition for his date of availability, as the Court did when assigning deposition dates for Mr. Kalanick, Mr, Krafcik and Mr. Page.  But Defendants did not identify Mr. Drummond as a top ten witness.  If Defendants refuse to withdraw their request to depose Mr. Drummond, we need to move for a protective order tomorrow, so that these apex issues can be resolved sufficiently in advance of July 17.  Until then, Mr. Drummond will continue to hold that date.

As for Mr. Page, Uber has confirmed that the bases under which it seeks to depose him are identical to those that had been previously considered, and rejected, by Magistrate Judge Corley.  If Defendants refuse to withdraw their deposition notice to Mr. Page, Waymo will need to move for a protective order tomorrow, so that these apex issues can be resolved sufficiently in advance of July 17.  Until then, Mr. Page will continue to hold that date.

Finally, with respect to the other apex witnesses on Defendants' disclosures – Eric Schmidt, David Krane, and Sergey Brin – prompt resolution is also needed or a protective order will be necessary.  Defendants have not disputed that any of these individuals qualify as apex witnesses.  Nor have Defendants even attempted to explain what unique knowledge these apex witnesses would have or what discovery Defendants think they would need before determining whether they will take these depositions, either in response to Waymo's written request (6/26/2017 Andrea Roberts email) or on the meet and confer call this morning.  Waymo has identified the dates of availability for these extremely busy apex witnesses, and will only ask the witnesses to hold those dates for as long as necessary to adjudicate a protective order motion.  Defendants have not even attempted to explain how they could justify apex depositions of Mr. Schmidt, Mr. Brin, and Mr. Krane in this litigation, and Waymo is very concerned that the only reason Defendants are refusing to disavow an intention to depose them is to annoy, oppress, and harass these Alphabet executives and obstruct their schedules and normal work – exactly what Rule 26 forbids.  Therefore, if Defendants refuse to confirm they will not seek to depose these apex witnesses, Waymo will need to move for a protective order tomorrow.

Waymo looks forward to meeting and conferring on these issues at 7:30 tomorrow and hopes that the parties can avoid unnecessary motion practice.

Best,
James

---

**From:** John Cooper [mailto:JCooper@fbm.com]
**Sent:** Wednesday, June 28, 2017 7:49 AM
**To:** David Perlson <davidperlson@quinnemanuel.com>
**Cc:** Gonzalez, Arturo J. <AGonzalez@mofo.com>; Ray, Wendy J. <WRay@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>; Matthew Cate <MCate@fbm.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>
**Subject:** Re: Apex witnesses

I can have a call at 9:00. Call in 888 759 6039 access 415 954 4410. John

Sent from my iPhone; dictated to Siri

On Jun 28, 2017, at 7:46 AM, David Perlson <davidperlson@quinnemanuel.com> wrote:

> John,
>
> Given Arturo's email, we do need a meet and confer this morning on these issues.  We suggest 10 am.

I note that Defendants have not indicated whether they still intend to depose Mr. Page, despite my multiple requests for clarification.

David

---

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Tuesday, June 27, 2017 9:07 PM
**To:** David Perlson <davidperlson@quinnemanuel.com>
**Cc:** Ray, Wendy J. <WRay@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>; jcooper@fbm.com; MCate@fbm.com; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>
**Subject:** Apex witnesses

John,

Let me simplify. We are not going to be bullied into disclosing our entire discovery plan. Waymo wants to have it both ways. It does not want to produce any senior witness now because they claim we have not shown that we can't get the information elsewhere. But that is precisely what we are trying to do with our motion to compel and ongoing discovery. Waymo wants to attack a straw man--depositions we have not even noticed. That is a waste of your and the magistrate's time.

We are not required to "fish or cut bait" two months before discovery closes. We are going to continue to pursue our discovery and once we have reviewed the documents that are produced, we will make our final decisions re whom to depose.

At this point, it looks like we will be deposing Mr. Drummond because he sat on Uber's board at the time Waymo began to prepare to compete with Uber. We believe he also had conversations with and regarding Anthony Levandowski and is familiar with Google's side business program.

Arturo

Sent from my iPad

On Jun 27, 2017, at 8:45 PM, David Perlson <davidperlson@quinnemanuel.com> wrote:

> John, can you please schedule a call at 10 am tomorrow on this?
>
> Thanks,
>
> David
>
> ---
>
> **From:** David Perlson
> **Sent:** Tuesday, June 27, 2017 5:08 PM
> **To:** Ray, Wendy J. <WRay@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>; jcooper@fbm.com; MCate@fbm.com; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>
> **Cc:** Gonzalez, Arturo J. <AGonzalez@mofo.com>
> **Subject:** RE: [EXT] RE: Apex witnesses

Wendy, thanks for getting back to me.  We will likely have further follow up, but some initial questions.

First, is it Defendants' position that Mr. Drummond has unique/personal knowledge on the issues mentioned below for which Defendants have sought, but are unable, to obtain the information it seeks from Mr. Drummond from other sources, such as within Uber itself?  If so, please elaborate.

Also, do Defendants still intend to take Mr. Page's deposition?  Please clarify.

Further, regarding the other apex witnesses, we do not understand what you mean by  "reserv[ing] our rights," which does not address the practical issues with these depositions noted below.  Please explain the circumstances for which you reserv[ing] your rights for and which you contend may later justify their depositions.

We are available to meet and confer this evening to discuss if that is helpful, as we would like to get this resolved quickly, and before the Court if needed, for the reasons stated previously.

Thanks,

David

---

**From:** Ray, Wendy J. [mailto:WRay@mofo.com]
**Sent:** Tuesday, June 27, 2017 4:53 PM
**To:** David Perlson <davidperlson@quinnemanuel.com>; QE-Waymo <qewaymo@quinnemanuel.com>; jcooper@fbm.com; MCate@fbm.com; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>
**Cc:** Gonzalez, Arturo J. <AGonzalez@mofo.com>
**Subject:** RE: [EXT] RE: Apex witnesses

David,
We intend to depose Mr. Drummond.  Mr. Drummond had a position on Uber's Board of Directors.  During that time, Mr. Drummond had access to Uber's business plans and strategy for its self-driving car program.  Defendants seek to discover Mr. Drummond's knowledge of Waymo's plans to compete against Uber, Waymo's refusal to enter into a partnership with Uber, Uber's plans to acquire Ottomotto, the timing of such knowledge and whether that knowledge coincided with his membership on Uber's Board of Directors.  We reserve our rights to pursue depositions of the others.

Wendy

---

**From:** David Perlson [mailto:davidperlson@quinnemanuel.com]
**Sent:** Tuesday, June 27, 2017 4:22 PM
**To:** Ray, Wendy J.; QE-Waymo; jcooper@fbm.com; MCate@fbm.com
**Cc:** Gonzalez, Arturo J.
**Subject:** [EXT] RE: Apex witnesses

Following up on this.  Wendy, have you and Arturo been able to touch base?  Please let us know.  Thanks

---

**From:** Ray, Wendy J. [mailto:WRay@mofo.com]
**Sent:** Tuesday, June 27, 2017 2:02 PM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>; jcooper@fbm.com; MCate@fbm.com
**Cc:** Gonzalez, Arturo J. <AGonzalez@mofo.com>
**Subject:** Apex witnesses

David and John,
As promised, I am touching base.  I have not reached Arturo and cannot provide a substantive update on the apex witnesses at this point.  I will revert when we have had a chance to discuss.

Best,
Wendy

=========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

=========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

=============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP