# EXHIBIT 4

| | |
|---|---|
| **From:** | David Perlson |
| **Sent:** | Thursday, June 22, 2017 4:04 PM |
| **To:** | John Cooper |
| **Cc:** | Gonzalez, Arturo J.; James Judah; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); UberWaymoMoFoAttorneys; Matthew Cate; DG-GPOttoTruckingWaymo@goodwinlaw.com; QE-Waymo |
| **Subject:** | RE: Waymo v Uber - Deposition Scheduling |

John, we provided our list of top ten witnesses earlier today.  We also provided dates for several witnesses we thought Defendants might want to depose.  Yet, Defendants have provided no information at all.  This is what is preventing us from reaching any kind of agreement today.

David

-----Original Message-----
From: John Cooper [mailto:JCooper@fbm.com]
Sent: Thursday, June 22, 2017 3:59 PM
To: David Perlson <davidperlson@quinnemanuel.com>
Cc: Gonzalez, Arturo J. <AGonzalez@mofo.com>; James Judah <jamesjudah@quinnemanuel.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Matthew Cate <MCate@fbm.com>; DG-GPOttoTruckingWaymo@goodwinlaw.com; QE-Waymo <qewaymo@quinnemanuel.com>
Subject: Re: Waymo v Uber - Deposition Scheduling

Counsel

It is now almost 4:00 pm.  I ask that the parties exchange deposition information, including dates and times so the 5:00 pm submission can be met.

John

Sent from my iPhone; dictated to Siri

> On Jun 22, 2017, at 3:54 PM, David Perlson <davidperlson@quinnemanuel.com> wrote:
>
> John,
>
> It is now almost 4 pm and Defendants have still refused to provide any  indication of who they intend to depose.   It is abundantly clear that Defendants' failure and refusal to do so is for strategic purposes.   We again ask for your assistance to break through this obstruction.  For Defendants to provide us no information beyond a complaint about the timing of some of the proposed dates is not cooperation at all.
>
> Btw, I have reinserted my email into this string that Mr. Gonzalez omitted for some reason, after saying it was inaccurate with no explanation.
>
> David
>
>

1

> -----Original Message-----
> From: Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
> Sent: Thursday, June 22, 2017 3:34 PM
> To: David Perlson <davidperlson@quinnemanuel.com>
> Cc: James Judah <jamesjudah@quinnemanuel.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; John Cooper <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>; DG-GPOttoTruckingWaymo@goodwinlaw.com; QE-Waymo <qewaymo@quinnemanuel.com>
> Subject: Waymo v Uber - Deposition Scheduling
>
> David:
>
> Your email does not accurately reflect what happened. We are willing to confer on dates but making us wait until August for most of your depositions is unacceptable.
>
> Arturo
>
> Sent from my iPhone
>
>> On Jun 22, 2017, at 2:41 PM, David Perlson <davidperlson@quinnemanuel.com> wrote:
>
>
> John and Counsel -
>
> I write to summarize the meet and confer discussions today regarding Judge Alsup's Orders re Scheduling of Depositions, and to further attempt to reach agreement on a schedule cooperatively with the disclosures below.
>
> Waymo has continued its efforts to work to agreement.   Yet, we remain faced with an utter lack of cooperation from Defendants despite, as before, assurance of cooperation from Defendants on exchanging information on desired deponents necessary to allow these scheduling efforts to succeed.
>
> Given the Court's Order yesterday evening, Waymo sent a proposal this morning, shortly before the scheduled 10 AM call with Special Master Cooper, suggesting that the parties exchange their lists of top ten depositions at noon or 1 PM, so that each side could check availability with their witnesses and work out a proposed schedule to submit to the Court for consideration with the top ten deposition lists at 5 PM.   On the 10 AM call, Wendy Ray agreed Waymo's proposal made sense and said Defendants would get back to us ASAP regarding a specific time for the mutual exchange of the top ten depositions.  The call ended before 10:15 AM, but by noon Waymo still had not even heard back from Defendants about a proposed time to exchange the lists.  Accordingly, and given the urgency of the issues and the importance that the parties meet and confer in good faith in connection with the Court's Order, at 12:05 Waymo requested a 12:30 call with the Special Master, which the Special Master immediately scheduled.
>
> Initially, no one for Defendants showed up on the 12:30 call.  At approximately 12:35 PM, however, Arturo Gonzalez for Uber joined the call.  No other attorney representing any Defendant joined the call at any time, including those from Defendants who had agreed to Waymo's proposal in the morning.  Mr. Gonzalez, who had not participated in the 10 AM call on these issues, said that he was personally drafting the top ten list on his computer at that very moment, and that his team had not yet discussed the top ten list with his client.  Mr. Gonzalez also indicated that he did not understand the specifics of Waymo's exchange proposal, despite the fact that Waymo first sent it before 10 AM and it was discussed by his colleague Wendy Ray on the 10 AM call with the Special Master, and during that conversation neither Ms. Ray nor anyone else representing Defendants suggested they did not understand Waymo's proposal.  Waymo explained on the 12:30 call that it was ready to exchange deposition lists immediately, and that our concern was that Defendants were intentionally delaying and avoiding a good faith meet and confer so that the Court would assign deposition dates for Waymo's witnesses - which may include Waymo and Google executives - without Waymo's being given the opportunity

to inform the Court of existing scheduling conflicts so that he could consider those factors in setting the schedule.  Both Waymo and the Special Master requested that Uber agree to provide its deposition list by no later than 2 PM, but Mr. Gonzalez refused saying only that he would try in good faith.  Waymo also explained that it was ready to provide its entire deposition list - which the sides had already prepared and sent to the Special Master - and requested, along with the Special Master, that both sides agree to an exchange so that the sides could meet and confer in good faith towards a complete deposition schedule.  Mr. Gonzalez refused that proposal as well, as he had refused the same request from Waymo and the Special Master in connection with the meet and confers over the Court's First Order re Scheduling of Depositions.  When Mr. Cooper expressed his concern that if the parties failed to agree to and provide a deposition schedule by 5 PM, then the Court would assign dates which could be as early as next week, Mr. Gonzalez said he couldn't agree to share his list by 2 PM, or at any time before 5 PM until he had discussed the issues with his client, and that he would refuse to do so even if ordered by the Court.
>
> Waymo does not believe that Defendants are engaging in these scheduling discussions in good faith.  Nevertheless, in the interests of complying with the Court's Order as best it can, Waymo provides below its top ten list based on current information, and requests that Defendants provide theirs immediately.
>
> Kalanick, Travis
> Meyhofer, Eric
> Levandowski, Max
> McClendon, Brian
> Stojanovski, Ognen
> Michael, Emil
> Salesky, Bryan
> Tate, Eric
> Bentley, Adam
> Levandowski, Adam
>
> Additionally, since Defendants have failed and refused to provide us an indication of any witnesses it seeks to depose, much less its top ten, we have collected dates for witnesses whom we think might be on Defendants list to move the process along.
>
> Andrew Schultz July 11
> Gary Brown July 12
> John Krafcik Aug. 2
> Pierre Droz Aug 4
> Dmitri Dolgoz Aug. 8
> Ben Ingram Aug. 16
> Dan Chu Aug. 22
>
> We are considering who else Defendants might list and will follow up soon with more dates.
>
> We again ask that Defendants reconsider their failure and refusal to exchange their desired deponents.  We reserve all rights.
>
>
> David
>
> ==========================================================================
>
> This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.
>

_____
This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.
Farella Braun + Martel LLP