IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WAYMO LLC,<br><br>　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; and OTTO<br>TRUCKING LLC,<br><br>　　Defendants. | No. C 17-00939 WHA<br><br>**ORDER RE EARLY MOTIONS**<br>***IN LIMINE* AND RELATED**<br>**MATTERS** |

After a conference yesterday to discuss the shape of the upcoming trial and develop a plan for early motions *in limine*, the Court now **ORDERS** as follows:

1. In addition to the two lists requested at the conference, each party shall please submit a list of all events occurring *after* the commencement of this civil action that it plans to present in its case-in-chief at trial. All three lists are due on **JULY 10 AT NOON** and must include all items that will be relied upon in any way by expert witnesses, as well as all items to be put in evidence as facts. A major purpose of these lists (and the list of witnesses expected to give opinion testimony) is to alert counsel to items needing advance attention via motions *in limine*.

2. The hearing on plaintiff Waymo LLC's pending motion for order to show cause (Dkt. No. 677) currently set for July 27 is advanced to **JULY 26 AT 8:00 A.M.**

3. By **JULY 7 AT NOON**, each party seeking any adverse inference based on Anthony Levandowski's assertion of his Fifth Amendment privilege shall please submit a

statement identifying all questions that it intends to ask Levandowski at trial. The statement should present the exact form of each question and describe, as to each question, what other circumstance or evidence in the record would corroborate the adverse inference sought. (Again, the purpose of this is to alert counsel to items needing advance attention via motions *in limine*.)

4. Also by **JULY 7 AT NOON**, each side shall please submit a memorandum up to **TEN PAGES** in length discussing (1) whether and to what extent adverse inferences can be drawn against defendants based on Levandowski's refusal to testify at trial now that Levandowski no longer works for Uber; (2) if not, whether and to what extent adverse inferences can be drawn against defendants based on Levandowski's refusal to testify in deposition while he still worked for Uber; and (3) whether and to what extent adverse inferences can be drawn against defendants regardless of Levandowski's employment status. Each side may submit a response up to **TEN PAGES** in length to the opposing side's memorandum by **JULY 14 AT NOON**. This issue will also be addressed at the hearing on **JULY 26 AT 8:00 A.M.**

5. If Morrison and Foerster is going to be trial counsel and defendants will not call Morrison as a trial witness, then defendants may file an early motion *in limine* to exclude any reference to Morrison's role in Uber's acquisition of Ottomotto. The purpose of this motion would be to clarify Morrison's role and facilitate trial planning. The motion must be filed by **JULY 7 AT NOON**, if at all, with responses due by **JULY 14 AT NOON**. The motion would also be heard on **JULY 26 AT 8:00 A.M.**

6. At the conference yesterday, the two sides debated whether Morrison or Stroz Friedberg's knowledge from the due diligence investigation can be imputed to defendants under Sections 274 and 281 of the Restatement (Second) of Agency. By **JULY 7 AT NOON**, defendants shall please submit a memorandum up to **TEN PAGES** in length discussing (1) whether the judge versus the jury should decide whether and to what extent the exception to imputation applies, *e.g.*, as a result of any secrecy obligations imposed on Morrison or Stroz Friedberg; (2) if the judge, whether the issue can be decided based on in camera review of privileged information; and (3) whether and to what extent defendants can rely on the exception without waiving privilege over documents bearing on such obligations — including as to *every* version of any

and all protocols put in place for the due diligence investigation — that have thus far been withheld from production. Waymo shall submit a response up to **TEN PAGES** in length by **JULY 14 AT NOON**. Both sides shall frame the foregoing discussion under the Restatement (*Third*) of Agency or show cause why the Restatement (Second) of Agency should apply instead. This issue will also be addressed at the hearing on **JULY 26 AT 8:00 A.M.**

7. By **JULY 7 AT NOON**, Attorney Karen Dunn shall file an accurate and complete statement identifying every board member, in-house counsel, or other officer or director of Uber who read or received any part of the due diligence report or its exhibits, whether in final or draft form, as well as the approximate date(s) that each such individual read or received it.

8. The May 11 order granting in part and denying in part Waymo's motion for provisional relief (Dkt. No. 433) noted the weakness of Waymo's patent infringement theories. At a hearing on June 7, the Court reiterated its view as to the weakness of those theories and suggested that Waymo delete the patent claims from its case to streamline the case for trial. In reading Waymo's recently-submitted list of trial witnesses expected to give opinion testimony, however, the Court observes that Waymo continues to represent that it will pursue patent claims at trial. By **JULY 7 AT NOON**, Attorney Charles Verhoeven shall also file a statement up to **TEN PAGES** in length explaining what evidence, if any, has been uncovered that would warrant the continued pursuit of at least one claim per asserted patent.

9. All briefing submitted pursuant to this order must be written in 12-point font, double-spaced, and contain no footnotes. Evidentiary material may be attached only if truly necessary. While this order imposes no limit on the length of such attachments, the parties are strongly encouraged to be reasonable about it.

**IT IS SO ORDERED.**

Dated: June 30, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE