**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

June 3, 2017

| | |
|---|---|
| Magistrate Judge Jacqueline Scott Corley<br>USDC, Northern District of California<br>San Francisco Courthouse Courtroom F - 15th Floor<br>450 Golden Gate Avenue, San Francisco, CA 94102 | **Unredacted version**<br><br>**Filed Under Seal** |

Re:   *Waymo LLC v. Uber Technologies, Inc., et al*., N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Waymo requests that the Court order Defendants to produce an un-redacted copy of a March 21, 2016 letter agreement ("Letter") between John Gardner and Stroz Friedberg, LLC ("Stroz"), a copy of which is attached as Exhibit 3.

In opposing Waymo's Motion To Compel, Defendants purported to rely on the Letter but failed to produce it with their opposition—or with any of their briefs relating to the Motion.  (Dkt. 369 at 3; 5/25/2017 Hr'g at 30:22-31:2.)  During argument at the hearing on the due diligence materials last week, both Uber and Levandowski repeatedly asserted that Stroz was their "agent" – pointing to agreements with Stroz in part for support.  (5/25 Hr'g Tr. at 24:6-7, 38:5-12, 53:4-12 (Defendants); *id.* at 41:22-25, 48:6-12 (Levandowski).)  Despite affirmatively relying on the Letter, however, Defendants were *still* withholding the Letter itself on attorney-client privilege grounds.  Indeed, Defendants later clarified that the Letter was entry #3 on their May 1 privilege log—the same log Waymo is challenging in its Motion To Compel.  (Ex. 1 (6/2 email from H. Hume); Ex. 4 at entry #3.)

At the hearing, the Court directed that Waymo could take expedited discovery from Stroz, which Waymo had served with a document subpoena.  When Waymo sought to enforce it, Defendants suddenly disclaimed any authority to direct Stroz (their "agent") to comply.  (Ex. 5 (6/1 email).)  Later, during May 31 and June 1 conferences with the Special Master, both Levandowski and Uber separately relied on the Letter to justify <u>not</u> asking Stroz to return the materials Levandowski downloaded from Waymo ("downloaded materials") as required by the Court's preliminary injunction order. (Dkt. 433 at 23 ¶ 2(b).) Rather than allege that Stroz was an "agent" of their common interest privilege, Defendants argued that the Letter placed "very tight restrictions" on Stroz regarding what it could do with materials provided by Levandowski.  (Ex. 1 (6/2 email from M. Baily).)  Incredibly, Uber also revealed that it had not <u>even asked Stroz to return any stolen documents</u>—claiming that such materials were Levandowski's "personal property," even though he stole them from Waymo. Mr. Cooper directed that the Letter should be produced.  For several reasons, the Court should compel Defendants to now produce an unredacted version of the letter.

First, Defendants are again improperly using the attorney-client privilege as both a sword and a shield. Defendants relied on the Letter as supporting the argument that Stroz was their "agent" in a common interest privilege, while failing to produce any version of it. Defendants then reversed course and produced a redacted version of the Letter to help bolster their latest position that they <u>lack the authority</u> to direct Stroz to produce the downloaded materials that Defendants contend are somehow Levandowski's

property. As this Court has previously held in relation to the acquisition agreements, however, Defendants cannot cherry-pick what aspects of documents they like, and withhold information they do not. Defendants should be ordered to immediately produce the Letter in its entirety.

Further, the portions of the Letter that Defendants have produced confirm that neither the Letter, nor any of the other Stroz due diligence materials, are privileged. In the first paragraph of the Letter, Gardner makes clear that a separate, "joint engagement letter," was between Stroz and counsel for Uber and Ottomotto—*not* with Levandowski. (Ex. 3 at 1.) In the portion reserving all privileges, the Letter highlights that "Mr. Levandowski and Ottomotto Inc."—but *not* Uber—share a common legal interest in the subject matter of the Stroz Examination. What this means, of course, is that there can be no common interest privilege over the communications between Levandowski, Uber, or Stroz. *Integrated Global Concepts, Inc. v. j2 Global, Inc.*, 2014 WL 232211, at *2 (N.D. Cal. Jan. 21, 2014) (common-interest doctrine is a non-waiver doctrine). Indeed, Levandowski's current attorney has *no objection* (privilege or otherwise) to Stroz producing the unredacted Letter to Waymo. (Ex. 2.)

Additionally, the provisions of the Letter itself indicate that Levandowski and Defendants lacked a common legal interest with respect to the due diligence investigation. Although key portions are redacted, the Letter indicates that Levandowski transmitted "Aspen Information" to Stroz for a "Document Usage Purpose, and *for no other purpose*." (Ex. 3 at 1 ¶ 2 (emphasis added).) The "Document Usage Purpose" could not have involved joint legal strategy, because the Letter states that except under certain circumstances (the details of which are redacted), Stroz was prohibited from disclosing the information Levandowski provided to "any third party whatsoever," including Uber, Ottomotto, and their respective law firms. (*Id.* at 2 ¶ 1.) This supports the conclusion that Levandowski's communications with Stroz resulted in waiver.

Notably, the Gardner Letter is dated March 21, 2016. Yet Defendants contend that Levandowski did not join the JDA until March 22. (Dkt. 370 (Tate Decl.) ¶ 13; Dkt. 381 (Gardner Decl.) ¶ 9.) Thus, the Letter cannot be covered by the common interest doctrine as Defendants contend. Indeed, it shows that Levandowski's counsel possessed and transmitted to Stroz *Uber*'s allegedly privileged information *prior* to when Defendants allege a common interest existed. This further supports a finding of waiver.

Moreover, Defendants' failure to provide an adequate description of the Letter in their log violates the Court's Standing Order and results in waiver of any possible privilege. (Standing Order ¶ 16.) The entry Defendants now contend corresponds to the Letter cryptically reads "Attachment to Investigation Report. Correspondence relating to investigation conducted at direction of counsel for Uber . . . ." (Ex. 4 at item 3.) "Failure to furnish [information sufficient to establish the privilege] at the time of the assertion will be deemed a waiver of the privilege or protection." (Standing Order ¶ 16.) Given their deficient log, Defendants have waived their claims of privilege.

Finally, Defendants were ordered by Judge Alsup to declare, on pain of preclusion, whether they would be waiving any asserted privilege by June 1. (Dkt. 438.) Defendants all averred that they would not be waiving any privilege. (Dkts. 531 & 532). Yet, just two hours later, Defendants took the Letter off their privilege log and produced it affirmatively to try and block Waymo from access to Stroz's documents. This conduct violates Judge Alsup's order and Defendants should be precluded from further reliance on the Letter.

Waymo requests that the Court Order Defendants to produce a fully unredacted version of the Letter.

Respectfully,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

cc:    All counsel of record; Special Master John Cooper