# EXHIBIT 3
# FILED UNDER SEAL



JOHN F. GARDNER
jgardner@donahue.com

1999 Harrison Street, 25th Floor, Oakland, CA  94612-3520
tel: (510) 451-3300    fax: (510) 451-1527
www.donahue.com

March 21, 2016

*Via E-mail*

Stroz Friedberg, LLC
Eric Friedberg, Executive Chairman
101 Montgomery St
Suite 2450
San Francisco, CA 94104

Dear Mr. Friedberg,

    We represent Anthony Levandowski, individually, with respect to a proposed examination by Stroz Friedberg, LLC ("Stroz") of Mr. Levandowski's electronic media, personal accounts and related materials, all as described in your joint engagement letter with Morrison & Foerster LLP and its client Uber USA, LLC, and O'Melveny & Myers LLP and its client Ottomotto Inc. (collectively, "Clients"), dated March 4, 2016 ("Stroz Examination").

    In connection with the Stroz Examination, Stroz has requested that Mr. Levandowski provide certain devices, access to personal accounts, electronic files, and hard copy documentation ▮▮▮▮▮ ("Aspen Information").  To confirm our understanding, Stroz has requested the Aspen Information solely for the purpose of assisting Stroz in a ▮▮▮▮▮ ("Document Usage Purpose"), and for no other purpose.

    Mr. Levandowski's disclosure of the Aspen Information is highly sensitive, and we wish to ensure that the information will be used solely by Stroz and only for the Document Usage Purpose.

    As a condition to providing Stroz the Aspen Information, and as a condition to Stroz's receipt, review and usage of the Aspen Information, we are therefore requesting that Stroz agree to the below terms of such disclosure:

- Stroz will use the Aspen Information solely for the Document Usage Purpose.

**CONFIDENTIAL**      **UBER00017893**

Stroz Friedberg, LLC
March 21, 2016
Page 2

- Stroz will not disclose the Aspen Information, or any portion thereof, nor the contents of the Aspen Information, to any third party whatsoever, including without limitation its Clients, or any of them, or any law firm representing Uber USA, LLC or Ottomotto Inc., except as provided in the attached Examination Protocol.

- Upon Mr. Levandowski's written request, Stroz will promptly return or destroy all hard copies the Aspen Information, will permanently delete all electronic files containing or referencing the Aspen Information or any portion thereof, and will certify such destruction to Mr. Levandowski; provided that Stroz may keep one archival copy for purposes of documenting its forensic examination under the protocol used in the Stroz Examination.

Nothing in this letter shall be deemed or construed as a waiver of any right or privilege held by Mr. Levandowski with respect to the Stroz Examination or the Aspen Information provided to Stroz. Mr. Levandowski and Ottomotto Inc. share a common legal interest in the subject matter of the Stroz Examination, and in Stroz's retention through O'Melveny & Meyers, as counsel for Ottomotto Inc., as a related party to Mr. Levandowski. All attorney-client, work product and joint defense privileges are reserved with respect to this letter, the Aspen Information or any other materials, information and documentation delivered to Stroz.

Notwithstanding the foregoing, but subject to the Examination Protocol, nothing in this letter prohibits Stroz from reporting to its Clients, if applicable, at the end of the Stroz Examination, any portion of the Aspen Information which Stroz, in the opinion of Stroz, believes constitutes factual information which may relate to or be relevant to a potential breach any fiduciary duty, duty of loyalty, or other confidentiality, non-solicitation, non-competition or other obligations based in contract, statute or otherwise, as defined by Clients.

If the foregoing meets with your approval, please indicate your acceptance by signing and returning a copy of this letter. The Aspen Information is prepared and ready for distribution upon receipt of a signed counterpart.

Sincerely,

John Gardner

AGREED AND ACCEPTED:

STROZ FRIEDBERG, LLC

By: _____*Eric Friedberg*_____
Eric Friedberg
Executive Chairman

Dated: ____March 22, 2016_____

**CONFIDENTIAL**                                                                                                    UBER00017894

Stroz Friedberg, LLC
March 21, 2016
Page 3

**PROTOCOL FOR REVIEW OF DATA AND DEVICES**



**CONFIDENTIAL**

UBER00017895

Stroz Friedberg, LLC
March 21, 2016
Page 4



CONFIDENTIAL UBER00017896

Stroz Friedberg, LLC
March 21, 2016
Page 5

Any dispute between Unicorn, Zing or the Diligenced Employees regarding this Protocol, including whether documents should be excluded from disclosure pursuant to this Protocol on the grounds that such documents are subject to attorney-client privilege, attorney work-product privilege, or other restriction on disclosure, shall be subject to final and binding expedited arbitration in accordance with the terms of this paragraph. Any such arbitration shall be held in San Francisco, California, under the Comprehensive Arbitration Rules and Procedures of JAMS ("JAMS") and each of Parent or Unicorn, on the one hand, and Zing or the Diligenced Employees (as applicable), on the other, agree to appear at and be bound by such arbitration proceeding. With respect to any matter submitted to arbitration, such arbitration shall be settled by an arbitration conducted by one arbitrator mutually agreeable to by the parties to the arbitration.  In the event that, within fifteen (15) days after submission of any dispute to arbitration, the parties to the arbitration cannot mutually agree on one arbitrator, then, JAMS shall within seven (7) days thereafter submit to the parties a list of seven proposed arbitrators and each party shall have the right to the arbitration to strike three names from the list and rank the remaining four proposed arbitrators in order of preference.  Within seven (7) days after such submission, JAMS shall identify the arbitrator with the highest combined ranking in terms of preference.  Unicorn shall pay all Expenses (as such term is defined in the Indemnification Agreement) relating to the arbitration.  The arbitrator, as the case may be, shall set a limited time period that shall exceed no more than 60 days after the demand for arbitration is filed and establish procedures designed to reduce the cost and time for discovery while allowing the parties an opportunity, adequate in the sole judgment of the arbitrator or majority of the arbitrator, as the case may be, to discover relevant information from the opposing parties about the subject matter of the dispute.  The decision of the arbitrator as to the validity of any claim submitted to arbitration shall be final, binding, and conclusive upon the parties to this Protocol pursuant to the Federal Arbitration Act ("FAA").  Such decision shall be written and shall be supported by written findings of fact and conclusions which shall set forth the award, judgment, decree or order awarded by the arbitrator(s).  Judgment upon any award rendered by the arbitrator(s) may be entered in any court having jurisdiction.