QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa J. Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br>    v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**OPPOSITION TO DEFENDANTS'<br>ADMINISTRATIVE MOTION TO FILE<br>UNDER SEAL ACQUISITION<br>DOCUMENTS** |

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

After being ordered to do so at the May 25 hearing before Magistrate Judge Corley (Dkt. 516, May 25 Hr'g Tr. at 12:4-9), Defendants filed documents concerning the Otto acquisition on May 26.  Defendants' Administrative Motion to File Under Seal Acquisition Documents (Dkt. 515) (the "Motion") sought to file these documents under seal, in their entirety.  For the reasons below, Waymo opposes Defendants' Motion.

Initially, Defendants' contention in their Motion that the Acquisition Documents should be sealed in their entirety is not consistent with the manner in which Defendants designated these same documents in their production to Waymo.  For example, on May 11, along with its production versions (with Bates numbers) of the Acquisition Documents, Uber separately served copies of the Documents with highlighting designating certain portions as either Confidential (blue highlighting) or Highly Confidential – Attorneys' Eyes Only (yellow).  *See* Nardinelli Declaration Exhibit A (term sheet), Exhibit B (merger agreement), Exhibit C (exhibits to merger agreement).  Much of the text had no highlighting, indicating no confidentiality designation whatsoever.  Yet through their Motion, Defendants seek to seal these same documents in their entirety – including the portions that even Defendants do not contend are confidential.  Dkt. 515.

Defendants also seek to conceal from the public terms of the Otto acquisition, whereby Uber agreed to purchase Otto regardless of "Bad Acts" by Anthony Levandowski, explicitly defined to include trade secret misappropriation and others that preceded the acquisition and "super duper" litigation" potentially stemming therefrom.  These improper designations are described further below.

***February 22 Term Sheet (Dkt. 515-14; Ex. A).***  The February 22 Term Sheet contains a section called "Put / Call Closing Conditions" specifying the conditions under which the merger would be consummated.  *See* Ex. A at 3-4.  The section states:

> The exercise of the Put by the Company will be subject to the Company providing to Unicorn an officer's certificate certifying the satisfaction of the following conditions (the "Put Conditions"), which such Put Conditions shall also be satisfied immediately prior to the consummation of the Transaction; provided that Unicorn agrees that Unicorn shall not be permitted to cause any of the following Put Conditions to not be satisfied (or to claim that they are not satisfied) either at the

        exercise or the consummation of the Transaction as a result of a claim that arises or results from a Pre-Signing Bad Act (as defined in Exhibit C):

Ex. A at 3.  Stated another way, Uber expressly agreed that a Pre-Signing Bad Act – defined later to include fraud or trade secret misappropriation, among other things – would ***not*** hinder the merger.  Similarly, Uber agreed that even in the context of what was referred to as a "super duper" litigation, an Indemnified Claim – defined later to include claims for trade secret misappropriation – would not present a basis to call the deal off, and designated as Confidential four instances of that provision.  Ex. A at 3-4.  These provisions are no more confidential than the other closing conditions that Defendants did not designate as confidential at all when producing them to Waymo.

        ***April 11, 2016 Merger Agreement (Dkt. 515-3; Ex. B) and Exhibits thereto (Dkt. 515-4; Ex. C).***  As with the Term Sheet, the merger agreement holds that the closing conditions will be deemed satisfied regardless of whether Anthony Levandowski committed any "Pre-Signing Bad Act (whether or not the subject of a Specified Claim)."  Ex. B at 32.  The term "Bad Act" includes trade secret misappropriation (Ex. B at A-2), and the term "Specified Claims" includes claims arising out of trade secret misappropriation (Ex. C at Exhibit O).  Defendants further marked as AEO provisions in sections 6.1, 6.2, and 6.6 stating that the closing conditions would be satisfied regardless "of a Specified Claim unless such Specified Claim is a Material Adverse Claim" and the definition of Material Adverse Claim.  Ex. B at 33-34, A-10).  Finally, Defendants marked as AEO section 6.8, stating that as a condition of closing, "No Post-Signing Specified Bad Act of a Diligenced Employee shall have been committed," and also marked as AEO the definition of Post-Signing Specified Bad Acts.  (Ex. B at 34; Ex. C at Exhibit N.)

        The above facts may be distasteful but are not confidential.  For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion in all respects.

| | | |
|---|---|---|
| 1 | DATED: May 30, 2017 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | By   */s/Charles K. Verhoeven* |
| 3 | | Charles K. Verhoeven<br>Attorneys for WAYMO LLC |