# EXHIBIT 3

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 1-9)**<br><br>Trial Date: October 2, 2017 |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Defendants") object and respond to Plaintiff Waymo LLC's First Set of Expedited Interrogatories, served on May 22, 2017.

## GENERAL OBJECTIONS

Defendants make the following general responses and objections ("General Objections") to each definition, instruction, and request propounded in Waymo's Interrogatories. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to the individual requests does not waive any of Defendants' General Objections.

1. Defendants object to each Interrogatory, Definition, or Instruction to the extent it seeks or purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the applicable rules and orders of this Court.

2. Nothing in these responses is an admission by Defendants of the existence, relevance, or admissibility of any information, for any purpose. Defendants reserve all objections as to competency, relevance, materiality, privilege, or admissibility related to the use of its responses and any document or thing identified in its responses as evidence for any purpose whatsoever in any subsequent proceeding in this trial or any other action.

3. Defendants object to each Interrogatory to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in their ordinary course of business. Defendants will provide only relevant, non-privileged information that is within its present possession, custody, or control and available after a reasonable investigation.

4. Defendants object to these Interrogatories insofar as they purport to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the limited scope of discovery at this stage.

5. Defendants object to each Interrogatory to the extent that it is not limited in time. Defendants will produce information from a reasonable time period as it relates to this case.

6. Defendants object to each Interrogatory to the extent it seeks a response from persons or entities who are not parties to the lawsuit and over whom Defendants have no control.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Defendants respond to the Interrogatories on Defendants' own behalf.

7. To the extent any Interrogatory, Instruction, or Definition may be construed as calling for disclosure of information subject to the attorney-client privilege, work product immunity, joint defense or common interest, or any other applicable privilege or protection, Defendants hereby claim such privileges and immunities and object on such grounds. Defendants do not waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint defense or common-interest privilege or any other privilege, immunity, or other protection that may be asserted to protect information from disclosure.

8. Although Defendants have diligently complied with their discovery obligations at this stage, their investigations in connection with this litigation are continuing. These responses are limited to information obtained to date and are given without prejudice to Defendants' right to amend or supplement their responses after considering information obtained through further discovery or investigation.

Subject to and without waiving its General Objections, Uber objects and responds to the Interrogatories as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:**

IDENTIFY the locations and custody of all known copies of THE DOWNLOADED MATERIALS, or any documents describing THE DOWNLOADED MATERIALS. If any of the copies have [*sic*] no longer exist, explain DEFENDANTS' full knowledge as to the destruction.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to this interrogatory because it implicates information protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-defense privileges. Defendants further object to this interrogatory as vague and ambiguous because of its use of the phrase "THE DOWNLOADED MATERIALS," which, although a capitalized term, is nevertheless an undefined term in Waymo's first set of expedited interrogatories. Defendants therefore will construe that phrase as it is defined by the Court's May 11, 2017 Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (ECF No. 426, at 22.)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Defendants further object to the extent this interrogatory calls for information beyond Defendants' possession, custody, or control. Defendants further object because Interrogatory No. 1 is actually two discrete interrogatories, not one.

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

As Waymo knows, Defendants have conducted a diligent and extensive search of their files, servers, and systems (including Mr. Levandowski's Uber-issued computer) and have discovered no Downloaded Materials in any such files, servers, or systems. Defendants are not now, and have not been, in possession of any Downloaded Materials. Uber directed Mr. Levandowski to return allegedly downloaded files (if any) in his possession and to instruct every person that he has reason to believe may be in possession to do the same; however, to date, he has not complied and has therefore been terminated.

Prior to the Uber acquisition of Ottomotto, the lawyers representing Uber and Ottomotto, acting on behalf of Uber and Ottomotto, retained the forensics firm Stroz Friedberg LLC ("Stroz") to undertake an investigation in anticipation of possible litigation, and for the purposes of providing Uber and Ottomotto with facts needed to obtain legal advice. Uber and Ottomotto therefore have asserted privilege over that investigation and object to this interrogatory to the extent it seeks to obtain information about what information may be in Stroz's possession.

On or about March 11, 2016, Mr. Levandowski reported to Mr. Kalanick, Nina Qi and Cameron Poetzscher at Uber as well as Lior Ron that he had identified five discs in his possession containing Google information. Mr. Kalanick conveyed to Mr. Levandowski in response that Mr. Levandowski should not bring any Google information into Uber and that Uber did not want any Google information. Shortly thereafter, Mr. Levandowski communicated to Uber that he had destroyed the discs. Uber never received those discs, and does not know whether those discs contained any of the "DOWNLOADED MATERIALS."

**INTERROGATORY NO. 2:**

IDENTIFY all Diligenced Employees and the date(s) they became Diligenced Employees (as that term is used in the OTTOMOTTO MERGER AGREEMENT).

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this interrogatory as vague and ambiguous as to the meaning of "the date(s) they became Diligenced Employees."

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

The Diligenced Employees are:

1. Anthony Levandowski
2. Lior Ron
3. Colin Sebern
4. Don Burnette
5. Soren Juelsgaard

These five individuals became Diligenced Employees on or around April 11, 2016.

**INTERROGATORY NO. 3:**

IDENTIFY all Uber Devices and Non-Uber Devices (as those terms are defined in UBER00006444) that LEVANDOWSKI has used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444), or that LEVANDOWSKI could have used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444).

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this interrogatory because it implicates information protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-defense privileges. Defendants further objects to this interrogatory to the extent it purports to require expert opinion. Defendants further object to the interrogatory as vague, ambiguous, and overbroad because it asks for the identity of any device that Levandowski "could have used" to access Defendants' networks, which is infinite in scope.

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

To Defendants' knowledge, Mr. Levandowski used two devices to access Uber's networks:

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1. A MacBook Pro (15-inch, 2016) computer provided to Mr. Levandowski by Uber
2. A personal MacBook Pro (not issued by Uber)

**INTERROGATORY NO. 4:**

Describe the ownership of TYTO and/or ODIN WAVE, INCLUDING the identity of all PERSONS with current or former ownership interests in TYTO and/or ODIN WAVE, that PERSON's current or former ownership interest(s), and the agreements creating or modifying those ownership interests.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to this interrogatory to the extent it seeks information that is not known or available to Defendants. Defendants further object to this interrogatory as seeking information that is neither relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████ is being produced in response to Waymo's First Set of Expedited Document Requests. Ottomotto LLC was subsequently acquired by Uber. ███████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████ Defendants further understand that Tyto was originally incorporated as Odin Wave, LLC, but changed its name to "Tyto Lidar, LLC" on February 10, 2014.

**INTERROGATORY NO. 5:**

Describe all compensation (whether actual or conditional) discussed, conveyed or promised by DEFENDANTS to LEVANDOWSKI at any time, INCLUDING (without limitation) the DEFENDANT who discussed, conveyed or promised the compensation, the nature of the compensation, the date the compensation was promised and/or conveyed, the amount of the

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

compensation, any conditions, contingencies, clawback rights or reservations associated with the compensation.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this interrogatory as overbroad because it is not limited in time. Defendants further object to this interrogatory as overbroad, unduly burdensome, not "reasonably narrow" as required by the May 11, 2017 order, and as seeking information that is neither relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence in extending to "all compensation" ever "discussed, conveyed, or promised." Defendants further object because this interrogatory is vague as to the undefined term "compensation."

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

Representatives of Uber, including Nina Qi and Cameron Poetzscher, began having general discussions with Mr. Levandowski about the compensation component of Uber's acquisition of Ottomotto in early January 2016, and extending periodically until April 2016. These discussions were not specific to Mr. Levandowski's compensation, but instead were general discussions about the consideration that Uber would pay as part of its acquisition of Ottomotto.

In accordance with Federal Rule of Civil Procedure 33(d), Defendants further respond to this interrogatory by referring Waymo to Mr. Levandowski's employment-related agreements, produced at Bates UBER00011726–729 (Mr. Levandowski's 280 Systems employment agreement); UBER00017108–126 (2013 Equity Incentive Plan); UBER00017127–146 (Exhibit A, "Milestones"); UBER00017083–091 (Mr. Levandowski's Uber employment agreement, signed on August 23, 2016); and UBER00017105–107 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In addition, Defendants also refer Waymo to the documents concerning Uber's acquisition of Ottomotto including, for example, those produced at Bates UBER00016453–523 (Agreement and Plan of Merger) and UBER00017518–578 (Term Sheet).

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**INTERROGATORY NO. 6:**

Describe DEFENDANTS' efforts to preserve evidence relevant to THIS CASE, INCLUDING (without limitation) when DEFENDANTS instituted any litigation hold(s) REGARDING THIS CASE, how DEFENDANTS implemented any litigation hold, all PERSONS who received any litigation hold, when each PERSON received each litigation hold, which PERSON(S) was responsible for monitoring compliance with each litigation hold, and any instances of non-compliance with such litigation hold.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to this interrogatory because it implicates information protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-defense privileges. Defendants further object to the phrase "THIS CASE," which, although a capitalized term, is nevertheless undefined in Waymo's first set of expedited interrogatories. Defendants will construe that term to mean the above-captioned case (*Waymo v. Uber Techs., Inc., et al.*, Case No. 3:17-cv-00939-WHA).

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

Defendants dispatched legal hold notices specific to this case beginning on March 9, 2017, by distributing them to the following recipients via electronic mail: Anthony Levandowski, Lior Ron, Benjamin Butin, Colin Sebern, Daniel Gruver, Daniel Ratner, David Weikersdorfer, Gaetan Pennecot, Joseph Blas, Marlon Bocalan, Matt Williams, Nicholas Munley, Radu Raduta, Robbie Miller, Rudy Sevile, Ryan Espinosa, Sameer Kshirsagar, Prashant Chouta, Stephen Wu, Shawn Phok, Tanya Sumang, Michael Tocce, Rhian Morgan, James Haslim, Scott Boehmke, Eric Meyhofer, Tri Luong, Florin Ignatescu, Will Treichler, Thomas Smith, Asheem Lineval, Ronen Sarig, Adam Kenvarg, Ben Becker, Carolyn Finney, George Lagui, Jessica Yox, John Tobias, Mark Marzona, Matthew Palomar, Max Levandowski, Melanie Day, Michael Karasoff, Brent Schwarz, Jim Gasbarro, Robert Doll, Filip Trojanek, Brian Torcellini, Claire Delaunay, Don Burnette, Jeff Holden, Brian McClendon, Travis Kalanick, Cameron Poetzscher, Nina Qi, Mason Feldman, and Rachel Keitzer. The vast majority of the above recipients were sent the legal hold

notice between March 9, 2017 and March 14, 2017.  Other individuals are from time to time added to the legal hold as circumstances warrant.  For example, the following individuals were added to the legal hold on or about June 5, 2017: Nikko Alcantara, Niranjan Arigai, Abram Burkholder, Felipe Caldeira, Sean Chin, Richard Donnelly, Jacob Fischer, Sara Glick, Philipp Haban, Daniel Kanitz, Jay Kuvelker, Yuan Liu, Justin Micich, Nhiem Nguyen, Oscar Quintero, Ana Rayo, David Rice, Wesly Rice, Dante Rivera, Zandrea Rox, Daniel Shafrir, Paul Smith, Ognen Stojanovski, Nancy Sun, Tanya Sumang, Cesar Villamor, TJ Watson, Vitaly Winter, Jorah Wyer, and Brian Zajac.

In addition to dispatching legal hold notices, Uber has taken other measures to preserve potentially relevant evidence, including specific backend measures to ensure that email and other documents for the custodians on the legal hold are preserved, and retaining a third-party vendor to create forensically-sound images of approximately 140 employee workstations for preservation.

Members of Uber's in-house legal department are responsible for administering the legal hold and monitoring compliance with it.  Defendants continue to monitor the developments in this case and will modify the legal hold and the custodians subject to it as warranted.

**INTERROGATORY NO. 7:**

For each of DEFENDANTS' past and present officers, directors, and employees identified in response to the Court's April 4, 2017 Order (Dkt. 144) as having had LiDAR-related responsibilities or projects, identify all LiDAR-related projects that the PERSON has worked on, INCLUDING (without limitation) any LiDAR-related projects involving third parties.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to this interrogatory as overbroad because it is not limited in time, and extends to "all LiDAR-related projects that the PERSON has worked on."  Defendants further object to the phrase "all LiDAR-related projects" as vague and ambiguous.  Defendants will construe this phrase to mean any LiDAR laser or sensor development projects.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Subject to and without waiving the general and specific objections above, Defendants respond as follows: For each PERSON in the list below, we have identified any LiDAR-related projects each PERSON worked on while employed by Defendants:

**Current Employees**

| Last Name | First Name | Location | LiDAR-related Project |
|---|---|---|---|
| ■ | ■ | San Francisco, CA | Fuji |
| ■ | ■ | San Francisco, CA | Fuji |
| ■ | ■ | San Francisco, CA | Fuji, Spider, Owl |
| ■ | ■ | San Francisco, CA | Fuji, Spider |
| Boehmke | Scott | Pittsburgh, PA | Fuji, Spider, ■ |
| ■ | ■ | San Francisco, CA | Fuji, Spider |
| ■ | ■ | San Francisco, CA | Fuji |
| ■ | ■ | San Francisco, CA | Fuji |
| ■ | ■ | San Francisco, CA | Fuji, Spider |
| ■ | ■ | San Francisco, CA | Fuji |
| ■ | ■ | Pittsburgh, PA | ■ |
| ■ | ■ | Pittsburgh, PA | Fuji |
| ■ | ■ | San Francisco, CA | Fuji, Spider |
| ■ | ■ | Pittsburgh, PA | Fuji |
| ■ | ■ | Pittsburgh, PA | ■ |
| ■ | ■ | San Francisco, CA | Fuji, Spider |
| Gruver | Daniel | San Francisco, CA | Fuji, Spider |
| ■ | ■ | Pittsburgh, PA | Fuji |
| Haslim | James | San Francisco, CA | Fuji, Spider, ■, Owl |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| | Last Name | First Name | Location | LiDAR-related Project |
|---|---|---|---|---|
| 1 | | | | |
| 2 | ■ | ■ | San Francisco, CA | Fuji<br>Spider |
| 3 | ■ | ■ | Pittsburgh, PA | Fuji |
| 4 | ■ | ■ | San Francisco, CA | Fuji<br>Spider<br>Owl |
| 5 | ■ | ■ | San Francisco, CA | Fuji<br>Spider |
| 6 | Kshirsagar | Sameer | San Francisco, CA | Fuji<br>Spider |
| 7 | ■ | ■ | Pittsburgh, PA | Fuji |
| 8 | ■ | ■ | San Francisco, CA | Fuji<br>Spider |
| 9 | Levandowski | Anthony | San Francisco, CA | Fuji<br>Spider<br>■ |
| 10 | | | | ■ |
| 11 | | | | ■ |
| 12 | ■ | ■ | San Francisco, CA | Fuji<br>Spider |
| 13 | | | | ■ |
| 14 | Linaval | Asheem | San Francisco, CA | Fuji<br>Spider<br>Owl |
| 15 | ■ | ■ | San Francisco, CA | Fuji |
| 16 | ■ | ■ | San Francisco, CA | Fuji<br>Spider<br>Owl |
| 17 | ■ | ■ | San Francisco, CA | Fuji |
| 18 | Meyhofer | Eric | Pittsburgh, PA | Fuji<br>Spider |
| 19 | | | | ■ |
| 20 | | | | ■ |
| 21 | ■ | ■ | Pittsburgh, PA | ■ |
| 22 | ■ | ■ | Pittsburgh, PA | Fuji |
| 23 | ■ | ■ | San Francisco, CA | Fuji<br>Spider<br>Owl |
| 24 | Pennecot | Gaetan | San Francisco, CA | Fuji<br>Spider |
| 25 | ■ | ■ | San Francisco, CA | Fuji<br>Spider |
| 26 | ■ | ■ | San Francisco, CA | Fuji<br>Spider |
| 27 | ■ | ■ | San Francisco, CA | Fuji |
| | ■ | ■ | Pittsburgh, PA | Fuji<br>Spider |
| 28 | ■ | ■ | Pittsburgh, PA | ■ |

| Last Name | First Name | Location | LiDAR-related Project |
|---|---|---|---|
| ▓ | ▓ | San Francisco, CA | Fuji |
| ▓ | ▓ | San Francisco, CA | Fuji<br>Spider |
| ▓ | ▓ | San Francisco, CA | Fuji<br>Spider |
| ▓ | ▓ | Pittsburgh, PA | ▓ |
| ▓ | ▓ | San Francisco, CA | Fuji<br>Spider |
| ▓ | ▓ | San Francisco, CA | Fuji<br>Spider |
| ▓ | ▓ | San Francisco, CA | Fuji<br>Spider |
| ▓ | ▓ | San Francisco, CA | Fuji |
| ▓ | ▓ | San Francisco, CA | Spider |
| ▓ | ▓ | San Francisco, CA | Fuji |
| ▓ | ▓ | Pittsburgh, PA | Fuji |
| ▓ | ▓ | San Francisco, CA | Fuji |
| ▓ | ▓ | San Francisco, CA | Fuji<br>Spider |
| ▓ | ▓ | San Francisco, CA | Fuji |
| ▓ | ▓ | San Francisco, CA | Fuji<br>Spider |
| ▓ | ▓ | Pittsburgh, PA | ▓ |

**Former Employees**

| Last Name | First Name | Location | LiDAR Projects |
|---|---|---|---|
| ▓ | ▓ | San Francisco, CA | Fuji<br>Spider |
| ▓ | ▓ | San Francisco, CA | Fuji<br>Spider |

**INTERROGATORY NO. 8:**

Describe all consulting work performed by LEVANDOWSKI for UBER before August 18, 2016, INCLUDING the terms of the consulting and any compensation arrangements.

**RESPONSE TO INTERROGATORY NO. 8:**

Before August 18, 2016, Anthony Levandowski was not a retained consultant for Uber and there was no consultant agreement or consultancy compensation arrangement between Mr. Levandowski and Uber. Beginning in late winter or early spring 2016, and continuing until the transaction between Uber and Ottomotto closed, Mr. Levandowski would from time to time: visit Uber's facilities in San Francisco and Pittsburgh; attend Uber meetings related to autonomous vehicles; meet with various Uber tech leads, engineers, and other employees of

Uber's autonomous vehicle program; tour Uber's facilities and labs; and examine Uber's autonomous vehicle project records.

**INTERROGATORY NO. 9:**

Identify in detail all COMMUNICATIONS between DEFENDANTS and LEVANDOWSKI or anyone acting on his behalf relating to the Court's May 11, 2017 Order Granting in Part and Denying in Part Waymo's Motion for a Preliminary Injunction, including LEVANDOWSKI's May 18, 2017 Motion to Intervene, by identifying for each such COMMUNICATION: its date, its form (i.e. oral or in writing, and if in writing the form of writing), the individuals involved, its substance, and if in writing its production number.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to this interrogatory because it implicates information protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-defense privileges.

Subject to and without waiving the above general and specific objections, Defendants respond as follows:

In accordance with Federal Rule of Civil Procedure 33(d), Defendants respond to this interrogatory by referring Waymo to the following documents that were sent by email to the Special Master in this litigation with a copy to Waymo's counsel of record:

May 15, 2017 letter from Salle Yoo (Uber's General Counsel) to Anthony Levandowski, c/o Mr. Levandowski's counsel at Ramsey & Erlich LLP, requesting compliance with the Court's May 11, 2017 order.  This letter was provided to Waymo's counsel on May 19, 2017.

May 26, 2017 letter from Salle Yoo (Uber's general counsel) to Anthony Levandowski c/o Mr. Levandowski's counsel at Ramsey & Erlich LLP, terminating Mr. Levandowski's employment.  This letter was produced to Waymo's counsel on May 30, 2017.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Dated: June 5, 2017 MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Los Angeles, CA 90017-3543.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on June 5, 2017, I served true and correct copies of the following documents:

- **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 1-9)**

☒   **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| Recipient | Email Address: |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788 | qewaymo@quinnemanuel.com |
| Leo P. Cunningham<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br><br>*Attorneys for Plaintiff Waymo LLC* | lcunningham@wsgr.com |

| | |
|---|---|
| I. Neel Chatterjee<br>GOODWIN PROCTER LLP<br>135 Commonwealth Drive<br>Menlo Park, CA 94025<br><br>Brett M. Schuman<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center<br>San Francisco, California 94111<br><br>*Attorneys for Defendant Otto Trucking LLC* | nchatterjee@goodwinlaw.com<br>bschuman@goodwinlaw.com<br>rwalsh@goodwinlaw.com |

  I declare under penalty of perjury that the foregoing is true and correct. Executed at Palo Alto, California, this 5th day of June, 2017.

| Ethel Villegas | */s/ Ethel Villegas* |
|:---:|:---:|
| (typed) | (signature) |

CERTIFICATE OF SERVICE
Case No. 3:17-cv-00939-WHA
sf-3774913

2

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## VERIFICATION

I, Eric Meyhofer, declare:

1. I am Head of ATG for Defendant Uber Technologies, Inc. ("Uber") in the above-captioned action, and I am authorized to execute this verification on behalf of Uber and Ottomotto LLC.

2. I have read Defendants Uber Technologies, Inc. and Ottomotto LLC's Responses to Waymo's First Set of Expedited Interrogatories (the "Responses"), and know the contents thereof.

3. I am informed and believe that the matters stated in the Responses are true and correct and, on that ground, allege that the matters stated therein are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of June, 2017, at Pittsburgh, Pennsylvania.

_____
Eric Meyhofer