MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**DEFENDANT UBER TECHNOLOGIES, INC. AND OTTOMOTTO, LLC'S NOTICE OF MOTION AND MOTION TO ENFORCE THE COURT'S JUNE 7, 2017 ORDER (DKT. 563), TO STRIKE PLAINTIFF WAYMO LLC'S CORRECTED SUPPLEMENTAL INITIAL DISCLOSURES, AND TO PRECLUDE DAMAGES CLAIMS AND CERTAIN WITNESSES**<br><br>Date: August 10, 2017<br>Time: 8:00 a.m.<br>Ctrm: 8, 19th Floor<br>Judge: The Honorable William H. Alsup<br><br>Trial Date: October 10, 2017 |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 2

BACKGROUND ..................................................................................................................... 3

ARGUMENT .......................................................................................................................... 6

    I.    Waymo Should Be Precluded From Seeking Damages At Trial. .......................... 6

        a.    Rule 26 Requires Damages Computations, Production Of Supporting Documents, And A Specific Explanation Of Any Failure, On Pain Of Preclusion. ........................ 6

        b.    Waymo's Damages Disclosures Violate Rule 26 And The Court's Order. ................. 7

            1.    Waymo Has Not Provided The Required "Computation Of Each Category Of Damages Claimed." ................................................................................. 7

            2.    Waymo Has Not Provided The Required "Documents Or Other Evidentiary Material On Which Each Computation Is Based." ........................ 9

            3.    Waymo Has Not Explained, Let Alone With The Required Specificity, Why It Has Not Complied With The Rule 26 Damages Disclosure Requirements ............................................................................................... 10

        c.    Waymo's Insufficient Damages Disclosures Should Be Stricken And Waymo Should Be Precluded From Seeking Damages. ........................................................ 11

    II.   Waymo Should Be Precluded From Presenting Testimony From Its Belatedly Disclosed Witnesses. ................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Cases**

*Baker v. W. Contra Costa Sch. Dist.*,
  Case No. C-11-02529-WHA, 2011 U.S. Dist. LEXIS 127406 (N.D. Cal. Nov. 3, 2011) ......... 13

*Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*,
  No. C 12-01669 WHA, 2012 WL 5504036 (N.D. Cal. Nov. 13, 2012) ............................ passim

*Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*,
  306 F.R.D. 276 (N.D. Cal. 2015) ................................................................................. 7, 9, 12

*Klamut v. Nibecker*,
  No. 15-CV-02132-MEJ, 2017 WL 1196725 (N.D. Cal. Mar. 31, 2017) .................................. 12

*R & R Sails, Inc. v. Ins. Co. of Pa.*,
  673 F.3d 1240 (9th Cir. 2012) ................................................................................................ 10

*THX, Ltd. v. Apple, Inc.*,
  No. 13-CV-01161-HSG (DMR), 2016 WL 2899506 (N.D. Cal. May 13, 2016) .......... 6, 8, 9, 12

*Yeti by Molly v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001) .................................................................................................. 7

**Rules**

FED. R. CIV. P. 26(a) ................................................................................................................ passim

FED. R. CIV. P. 26(a)(1)(A)(iii) ................................................................................................ passim

FED. R. CIV. P. 37(c)(1) ..................................................................................................................... 6

ii

DEFENDANTS' MOTION TO ENFORCE THE COURT'S ORDER AND TO STRIKE
CASE NO. 3:17-CV-00939-WHA

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 10, 2017 at 8:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 8 before the Honorable William H. Alsup, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber"), will and hereby do move the Court, pursuant to FED. R. CIV. P. 26(a)(1)(A)(iii) and the Court's Case Management Order dated June 7, 2017, for an order striking Plaintiff Waymo LLC's Corrected Supplemental Initial Disclosures dated June 22, 2017, precluding Plaintiff's damages claims, and precluding Plaintiff from presenting certain late-disclosed witnesses at trial.

Uber's motion is based on this notice of motion and accompanying memorandum of points and authorities, the Declaration of Maxwell V. Pritt and exhibits thereto, all documents in the Court's file, any matters of which this Court may take judicial notice, and on such other written or oral argument that Uber may present to the Court.

Dated: July 03, 2017

MORRISON & FOERSTER LLP
BOIES SCHILLER FLEXNER LLP

By: */s/ Karen L. Dunn*
    KAREN L. DUNN

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and
OTTOMOTTO LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court's June 7, 2017 Case Management Order (Dkt. 563) ("June 7 Order") required Waymo LLC ("Waymo") to complete its initial disclosures to Defendants by June 21, 2017 "on pain of preclusion." (Dkt. 563 at 1.) Yet Waymo's Rule 26(a) initial disclosures, as served on June 21, 2017 and as belatedly amended on June 22, 2017, violate the June 7 Order and Federal Rule of Civil Procedure Rule 26(a). Uber Technologies, Inc. ("Uber") and Ottomotto LLC (collectively "Uber") therefore seek to enforce the Court's June 7 Order by moving to strike Waymo's belated and insufficient disclosures and to preclude Waymo from (a) seeking damages, given its failure to disclose information about its non-existent damages theory, and (b) presenting fourteen witnesses at trial that it failed to disclose in a timely fashion, and for whom it has not shown good cause to add to its list after the Court-ordered deadline.

**INTRODUCTION**

Waymo's Rule 26(a) damages disclosures violate Rule 26 and the orders of this Court. Specifically, Waymo has violated its disclosure requirements by putting forth vague, broad and generic placeholder disclosures apparently designed to sandbag Uber later. Waymo has identified only broad categories of damages and inputs for future calculations, providing no computations whatsoever, as required under the rules. This will severely prejudice Uber, particularly in light of the expedited trial date in this case—a trial date that Waymo itself has insisted upon.

While Waymo's descriptions are vague and broad, even they make clear that much of the vague information needed to compute any conceivable damages Waymo might claim is largely in *Waymo's* control. As Waymo has admitted in its disclosures, "Waymo may rely on *its* estimates of future profit and cash flows; *its* assessment and projections regarding the relevant markets . . . and *its* investment in LiDAR technology." (Declaration of Maxwell Pritt ("Pritt Decl.") Ex. B at 19 (emphasis added).) Yet Waymo continues to stonewall, refusing to provide information admittedly in its possession that Uber needs to prepare its defenses in this extraordinarily expedited case. When Uber raised the issue at the June 29th hearing, Waymo excused its failure to disclose as required by saying that the "damages theories are complicated, and they're new, because this is a nascent market." (6/29/2017 Hrg. Tr. 98:10–12.) After deadlines have come

and gone, it is not an excuse to say that Waymo cannot meet them because damages are "complicated." Moreover, Waymo's statement only underscores the severity of prejudice to Uber from Waymo's sandbagging: Uber will have even less time, under this expedited schedule, to respond to damages theories that Waymo considers too complicated to have figured out by its disclosure deadline.

The likely explanation for Waymo's failure is this: Waymo has no viable theory of damages. There has been no commercialization of the technology at issue, making Waymo's damages speculative at best, and likely non-existent. Even if Waymo can prove that Uber misappropriated trade secrets (which it cannot), Waymo certainly cannot show that Uber has *profited* from the sale of products based on anything of Waymo's. The straightforward explanation for Waymo's obfuscation is that it cannot prove that it has suffered any damages in this case, and Waymo is still struggling to conjure up a damages theory. That inability to develop a damages theory does not excuse Waymo's non-compliance with the disclosure rules and this Court's orders. Instead, it confirms that such non-compliance should result in an order precluding any claim for damages.

In addition to its plainly inadequate damages disclosures, Waymo also disclosed *fourteen* individuals after the Court's deadline without leave or good cause. Waymo's delay allowed it to review Uber's timely service of its initial disclosures and first ten deponents *before* filing its "corrected" initial disclosures. Waymo's gamesmanship should not be condoned, particularly after the Court made crystal clear at the June 7, 2017 hearing that any delinquent disclosures could not just be served late, but would have to be supported by a showing of good cause. Waymo has not shown and cannot show that good cause.

## BACKGROUND

Waymo and Uber first exchanged initial disclosures on April 3, 2017. (Pritt Decl. ¶ 2.) Two months later, on June 7, 2017, the Court directed parties to "complete[]" their initial disclosures by no later than June 21, 2017, "on pain of preclusion." (Dkt. 563 at 1 ("June 7 Order").) The June 7 Order specifically directed "full and faithful compliance with FRCP 26(a)(1)(A)(iii)"—the provision of Rule 26 concerning damages-related disclosures. (*Id.*)

At a hearing immediately preceding the June 7 Order, the Court warned against "sandbagging" and made clear that any party seeking to amend its Rule 26 disclosures beyond the court's deadline would "have to throw [themselves] on the mercies of the court and do supplements for good cause." (6/7/2017 Hrg. Tr. 69:2–72:9.) The Court explained that good cause would require genuine surprise, such as when "no one could have expected [a party] to reasonably know about" the later-disclosed witness. (*Id.* at 70:4–19, 71:5–10.)

On June 21, 2017, the parties exchanged Supplemental Initial Disclosures. (Pritt Decl. ¶ 3.) The portion of Waymo's disclosures addressing damages contains no "computation of each category of damages claimed," as Rule 26(a)(1)(A)(iii) requires. Instead, Waymo's disclosures merely recite broad and vague general categories: "damages based on a calculation of lost profits or an amount no less than a reasonable royalty," an "accounting of all sales and revenues, together with pre-judgment and post-judgment interest," et cetera. (Pritt Decl. Ex. A at 18.) The disclosures also state that in "connection with" its lost profits and reasonable royalty "calculations," Waymo "may rely on its estimates of future profit and cash flows; its assessment and projections regarding the relevant markets, competition therein, and its competitive position; and its investment in LiDAR technology (in time, capital, engineering costs, and other expenditures)," as well as materials produced by Uber and third parties. (*Id.* at 18.) Despite the fact much of this information is in Waymo's control, Waymo provided no damages figures or calculations, and did not identify any actual loss of its sales or any projections it would rely on, specify a reasonable-royalty base, or specify a reasonable-royalty rate. Nor did Waymo provide any explanation—let alone a specific one—for its lack of a computation of damages for each category claimed. Waymo's disclosures also failed to provide any information about documents that it has produced (if any) that relate to its damages claims, or a privilege log indicating withheld documents on which its damages claims are based, as Rule 26 and this Court's orders require. Waymo simply stated (as it had in its initial April 3, 2017 disclosures) that it "would be premature to estimate the amount of damages at this time." (*Id.*)

Late on June 22, 2017, after the Court's June 21 deadline for completing initial disclosures—and without seeking leave of Court or showing good cause—Waymo served

"Corrected" Supplemental Additional Disclosures.  (Pritt Decl. ¶¶ 6-7; Ex. B.)  This belated document did not add any damages information.  (*Compare* Pritt Decl. Ex. A at 18 *with* Ex. B at 19–20.)  It did, however, add *fourteen* additional witnesses that were not on Waymo's June 21 disclosures. (*Id.* ¶ 6.) Waymo's transmission email stated that Waymo had "inadvertently omitted certain individuals from our supplemental initial disclosures." (Pritt Decl. Ex. C.)  The belatedly added individuals are as follows:  Adam Bentley, Jur van den Berg, Jeff Holden, Rachel Keitzer, Rudy Kim, George Lagui, Eric Meyhofer, Emil Michael, Stefanie Olsen, Brent Schwarz, Rudy Sevile, Ognen Stojanovski, Eric Tate, and Salle Yoo.  (Pritt Decl. Ex. C (email listing fourteen late-disclosed witnesses).)  These individuals—none of whom were previously unknown to Waymo—include current and former Uber employees, two attorneys at Morrison & Foerster, and "Anthony Levandowski's life partner."  (Pritt Decl. Ex. B at 16-17.)

On June 26, 2017, Waymo served its Patent Local Rule 3-8 damages contentions.  (Pritt Decl. ¶ 10) ("June 26 Contentions").)   Like its June 21 Supplemental Initial Disclosures (and the "corrected" version of that document served on June 22), Waymo's June 26 Contentions contain no "computation" of damages.  Rather, the June 26 contentions largely repeat Waymo's previous inadequate information about damages, and further add to the vagueness and confusion of Waymo's submissions by referring to the "briefing, declarations and evidence submitted in connection with its Motion for a Preliminary Injunction . . . as well as the Court's order granting-in-part the same" as claimed "factual bases" for Waymo's damages contentions.  (*Id.* at Ex. D.)

On June 27, 2017, Defendants' counsel twice wrote to the Special Master and Waymo's counsel, stating that Waymo's Rule 26 initial disclosures concerning damages were inadequate. Uber's counsel noted the severe prejudice to Uber from Waymo's refusal to provide the damages computations and damages-related discovery required by Rule 26. (Pritt Decl. Ex. E.)

The parties held a meet and confer facilitated by the Special Master on June 27, 2017 concerning Uber's objections to Waymo's Rule 26(a) initial disclosures, both with respect to damages and the fourteen individuals newly disclosed by Waymo after the deadline.  The Special Master stated that these issues, including Uber's intent to seek relief before the Court, were fully discussed on the call.  (Pritt Decl. ¶ 19.)  And at the Court's June 29, 2017 hearing, the Court

stated that Uber could file this motion. (6/29/2017 Hrg. Tr. 97:2–3 ("Disclosure is not the same as discovery. That's a proper motion. You can bring that motion.").)

## ARGUMENT

### I. Waymo Should Be Precluded From Seeking Damages At Trial.

#### a. Rule 26 Requires Damages Computations, Production Of Supporting Documents, And A Specific Explanation Of Any Failure, On Pain Of Preclusion.

Rule 26's disclosure requirements are "mandatory and self-executing." *THX, Ltd. v. Apple, Inc.*, No. 13-CV-01161-HSG (DMR), 2016 WL 2899506, at *6 (N.D. Cal. May 13, 2016). The Rule requires parties to provide "a computation of each category of damages claimed" and to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." FED. R. CIV. P. 26(a)(1)(A)(iii). This computation "must call out the particular materials relied on and identify them in some plausible way to as to clarify the basis for the disclosed computations." *Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*, No. C 12-01669 WHA, 2012 WL 5504036, at *2 (N.D. Cal. Nov. 13, 2012). A privilege log must be provided and list withheld documents that form the basis the Rule 26 damages computation. *Id.* Similarly, the Patent Local Rules require that any party asserting patent infringement must identify, in addition to the categories and theories of damages, "factual support for those theories, and computations of damages within each category." Patent L.R. 3-8.

Under Rule 26, it is also the plaintiff's burden "to explain in its Rule 26 initial disclosures the extent of any disability" to provide the required information. *Brandywine*, 2012 WL 5504036, at *3. Such an explanation "must be specific." *Id.* As this Court has emphasized, a party must specify damages "at the outset of the litigation," regardless of the fact that discovery is still in its early stages and "should not be allowed to evade the duty to lay out its damages contentions at the outset of the case merely because it hopes it can frame more handsome contentions after discovery." *Id.* *1, *3.

If the Court determines that a "disclosure should have and could have reasonably been more complete, then, to that extent, preclusion or other sanctions may well be required." *Id.* at

*3. *See* FED. R. CIV. P. 37(c)(1); *Yeti by Molly v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed . . . .").

### b. Waymo's Damages Disclosures Violate Rule 26 And The Court's Order.

Despite Rule 26 and the Court's clear direction to the parties to complete Rule 26 disclosures by June 21 with "full and faithful compliance" regarding damages-related disclosures, and despite months of offensive discovery and time to prepare those disclosures, Waymo's twice-amended Rule 26(a) disclosures fail to provide any "computation" of damages, even as to categories of damages that will be based on information entirely or largely within Waymo's control. Nor has Waymo identified in its disclosures "documents or other evidentiary material . . . on which each computation is based." FED. R. CIV. P. 26(a)(1)(A)(iii). It also has failed to specify the basis for its claimed inability to provide a damages computation. Instead, in violation of the Rules, it has identified broad, vague placeholders, apparently designed to permit Waymo to sandbag Uber by late-disclosing its damages theories and information. Not only does Waymo's approach prejudice Uber's ability to defend itself, but Waymo's paltry disclosure prevents both Uber and the Court from understanding the value of this case for purposes of settlement and proportionality of discovery. *See, e.g., Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, 306 F.R.D. 276, 278 (N.D. Cal. 2015) ("Even if Solid were willing to wait to find out what this case is worth—which it is not—the court still needs to know as it resolves the parties' various discovery-related disputes. Proportionality is part and parcel of just about every discovery dispute."). Waymo's prejudicial and strategic choice warrants preclusion.

#### 1. Waymo Has Not Provided The Required "Computation Of Each Category Of Damages Claimed."

Rather than provide any computation or explanation of any computation for any category of damages, Waymo simply states that it "would be premature to estimate the amount of damages at this time." (Pritt Decl. Ex. A at 18.)

With respect to lost profits, Waymo provides no computation at all, despite the fact that Waymo "should now be in a position to state the extent of loss of its own sales of its own

products in an approximate dollar amount and state how that amount was calculated." *Brandywine*, 2012 WL 5504036, at *1. Waymo also "should be able to identify each of its own products that compete (or have competed) with the accused products and explain how sales of its own specified products have been affected by the alleged infringement." *Id.* Waymo's disclosures provide none of this information, even though it is entirely within Waymo's control. Waymo was required to provide this level of detail "even though discovery [may] produce more precise sales records . . . that will allow later for more accurate updates of estimates of lost profits." *Id*. Waymo claimed damages in its complaint, and "as the plaintiff, was responsible for pre-filing investigation under Rule 11, and must have some basis for its claim for damages." *THX*, 2016 WL 2899506, at *7. Uber is entitled to know that basis now, with the specificity that Rule 26 requires.

Waymo also provides no computation of its claimed reasonable royalty. But Waymo "should already be in a position to state the claimed royalty rate and state the claimed royalty base, and then multiply the two for a total, specifying the information by year. This can and should be done now even though subsequent discovery may eventually warrant a modification of the calculation." *Brandywine*, 2012 WL 5504036, at *2. The reasonable royalty computation "must call out the particular materials relied on and identify them in some plausible way so as to clarify the basis for the disclosed computations." *Id*. And Waymo must "list each" of the factors and "all evidence" it will rely on for that factor, except for information that it could not reasonably be expected to possess now. *Id*. Waymo has provided none of this.

Waymo's failure to provide a computation of damages for its claimed categories of damages is a clear violation of Rule 26 and the Court's June 7 Order. Waymo has information within its control to provide damages computations—or at least partial ones—for nearly all of the categories of damages claimed. As Waymo's own insufficient disclosures concede, "Waymo may rely on *its* estimates of future profit and cash flows; *its* assessment and projections regarding the relevant markets . . . and *its* investment in LiDAR technology." (Pritt Decl. Ex. A at 18) (emphasis added). The potential that Waymo will obtain additional information concerning damages as discovery proceeds does not absolve Waymo from its Rule 26 obligations. As this

Court has explained, damages disclosures "can and should be done now even though subsequent discovery may eventually warrant a modification of the calculation." *Brandywine*, 2012 WL 5504036, at *2. Thus, courts "in this district have compelled" plaintiffs "to provide the factual bases for their damages claim through initial disclosures and written discovery, over protestations that responsive information will be forthcoming." *THX*, 2016 WL 2899506, at *7; *Corning*, 306 F.R.D. at 278 ("tight-lipped" damages disclosures are "plainly insufficient").

At the June 29, 2017 hearing, counsel for Waymo attempted to excuse Waymo's insufficient disclosures by claiming that its "damages theories are complicated, and they're new, because this is a nascent market." (6/29/2017 Hrg. Tr. 98:10–12.) To begin with, complexity is not a basis for violating Rule 26(a) and this Court's orders. This is particularly so where, as here, Waymo's own disclosures concede that it has significant information relevant to the lost profits and reasonable royalty computations. (Pritt Decl. Ex. A at 18.) And this Court's prior orders, and its opinion in *Brandywine*, provide a roadmap for Waymo to have provided sufficient disclosures at this juncture—a roadmap that Waymo has simply chosen to ignore. Moreover, and critically, Waymo's claim that damages are "complicated" and "new" only underscores the harm to Uber from Waymo's violation of the Rules and this Court's order. While Waymo conceals (or struggles to construct) its "complicated" and apparently novel damages theories, computations, and supporting documentation, Uber is left waiting and guessing what Waymo's theories will be. Waymo's strategy of waiting until the last minute to spring complex theories on Uber in a case where Waymo itself demanded a compressed trial schedule will reduce the amount of time Uber has to understand and rebut Waymo's speculative and complex theories, severely prejudicing Uber's ability to prepare its case for trial on the expedited schedule governing this matter.

### 2. Waymo Has Not Provided The Required "Documents Or Other Evidentiary Material On Which Each Computation Is Based."

Waymo's Rule 26(a) damages disclosures are also insufficient because they do not "make available for inspection and copying" the materials on which Waymo's damages contentions are based, or identify "materials bearing on the nature and extent of injuries suffered." FED. R. CIV. P. 26(a)(i)(A)(III). Indeed, Waymo's disclosure makes no reference whatsoever to any specific

documents or evidence supporting its damages claims. As this Court has explained, Rule 26 requires a plaintiff to "call out the particular materials relied on" for its damages computations and "identify them in some plausible way," as well as provide a privilege log for withheld documents. *Brandywine*, 2012 WL 5504036, at *2; *see R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (affirming trial court's determination that plaintiff failed to meet its Rule 26(a) disclosure requirements because the rule required plaintiff "to produce either a copy or a description of the documents on which it based its damages calculation" and plaintiff "did neither when it made its Rule 26(a)(1) disclosures"). Waymo's vague allusions to its own documents and a reference to "materials that are being or will be produced by Uber and third parties," (Pritt Decl. Ex. A at 18), are patently insufficient. To date, Waymo has only made a meager document production, and as far as Uber has been able to discern, has not produced "estimates of future profits and cash flows; its assessments and projections regarding the relevant markets, competition therein, and its competitive position; and its investment in LiDAR technology (in time, capital, engineering costs, and other expenditures)" that it claims it may rely on. (*Id.*)[1]

### 3. Waymo Has Not Explained, Let Alone With The Required Specificity, Why It Has Not Complied With The Rule 26 Damages Disclosure Requirements.

Not only has Waymo flouted the damages disclosure requirements of Rule 26, it has also failed to provide any specific explanation for its insufficient submission. Waymo's disclosures simply state that it "would be premature to estimate the amount of damages at this time." (Pritt Decl. Ex. A at 18.) This Court has made clear that it is the plaintiff's burden "to explain in its Rule 26 disclosures the extent of any such disability and the reason therefor," and must be "specific." *Brandywine*, 2012 WL 5504036, at *3. Waymo's lack of an explanation is an independent violation of Rule 26 and this Court's June 7 Order requiring "full and faithful

---

[1] While Waymo has produced a business presentation or two including some cost information and other figures, Uber has no information as to (a) whether Waymo will be relying on these scattered documents to prove its damages at trial; or (b) whether Waymo has produced all or even the primary documents that bear on the "nature and extent of injuries suffered". FED. R. CIV. P. 26(a)(i)(A)(III).

compliance." (Dkt. 563 at 1.) It is also one of multiple bases for striking Waymo's Rule 26(a) damages disclosures and precluding Waymo from seeking damages, *see infra*.

### c. Waymo's Insufficient Damages Disclosures Should Be Stricken And Waymo Should Be Precluded From Seeking Damages.

This Court has recognized that an appropriate remedy for incomplete damages disclosures is "preclusion or other sanctions." *Brandywine*, 2012 WL 5504036, at *3. As noted, Waymo has offered no explanation whatsoever for its failure to disclose. Rather, in clear violation of Rule 26, this Court's orders, and the relevant caselaw, Waymo has simply stated that it "would be premature to estimate the amount of damages at this time." (Pritt Decl. Ex. A at 18.) Uber is already prejudiced and that prejudice is only becoming more severe every day, in light of the expedited schedule in this case. While Waymo is preparing "complicated" and "new" theories of damages concerning a "nascent market" without making any required disclosures to Uber, (6/29/2017 Hrg. Tr. 98:10–12), Uber is left to speculate what Waymo's computations and supporting documentation will show and wait to be sandbagged with precious little time to respond.

Notably, Waymo's stonewalling on its Rule 26(a) disclosures is consistent with its approach to other disclosures in this case—an approach that is causing prejudice and hindering Uber's ability to prepare with documents for depositions and get this case ready for trial. To date, Waymo has propounded 287 regular RFPs (in addition to 26 expedited RFPs and 77 RFPs during the preliminary injunction phase), propounded 28 expedited ROGs, and taken 19 depositions, in addition to informal discovery requests propounded after inspections[2] and elsewhere. Uber has produced to Waymo more than 23,900 documents, consisting of more than 77,000 pages. By contrast, Waymo has produced only 3,709 documents, totaling only 18,193 pages. Astonishingly, this imbalance has not stopped Waymo from accusing Uber of stonewalling, even as recently as the June 29 hearing. (6/29/2017 Hrg. Tr. 68:8–9 ("they've done everything they can to block us

---

[2] Waymo has conducted eight inspections across four separate Uber facilities in both San Francisco and Pittsburg, totaling over 60 hours.

from discovering things.").) Although the prejudice to Uber from Waymo's refusal to provide damages information, standing alone, is clear, it is further exacerbated by Waymo's failure to provide discovery to Uber across the board.

Waymo had more than a sufficient opportunity to cure its inadequate initial Rule 26 submission served in April 2017, but simply chose not to. The Court's June 7 Order extended the deadline to complete initial disclosures to June 21, 2017, and specifically warned of the need for "full and faithful" compliance with the damages-related requirements of Rule 26. (Dkt. 563 at 1.) At the same time, although the great bulk of information that Waymo needs to conduct its damages calculations is within Waymo's control, Waymo also has had the benefit of ongoing, extensive early discovery from Uber. Even Waymo's improper and belated "corrected" supplemental disclosure served on June 22, 2017 continued to lack any computation of damages. These circumstances all indicate that Waymo's failure to provide sufficient disclosure was not excusable. *See Klamut v. Nibecker*, No. 15-CV-02132-MEJ, 2017 WL 1196725, at *2 (N.D. Cal. Mar. 31, 2017) (requiring evidence of a declaration from counsel to establish substantial justification). Rather, Waymo's refusal to comply with Rule 26 and the June 7 Order appear to be part of its strategy "to bludgeon first and value second." *Corning*, 306 F.R.D. at 277. That is the exact practice that Rule 26 prohibits.

Trial is now nearly three months away. At this point Waymo "should be in the position to provide some significant details about its alleged damages," but it has failed to do so, despite the clear deadlines and expectations set by the Court. *THX*, 2016 WL 2899506, at *8. The Court repeatedly warned the parties about the consequences for failing to make timely and adequate Rule 26 disclosures, including that failure to make adequate initial disclosures by June 21, 2017 would result in preclusion. (Dkt. 563 at 1.) Uber therefore respectfully requests that the Court enforce its June 7, 2017 Case Management Order by striking Waymo's Rule 26 damages-related disclosures and precluding Waymo from presenting a damages case at trial.

## II. Waymo Should Be Precluded From Presenting Testimony From Its Belatedly Disclosed Witnesses.

After missing the June 21 deadline, Waymo did take the opportunity to supplement its

disclosures on June 22—not to add details regarding damages, but instead to add *fourteen* new witnesses, the majority of which were no surprise to Waymo. (Pritt Decl. ¶ 9 (listing witnesses).) By "correcting" its initial disclosures after the Court's deadline, Waymo was able to review Uber's Supplemental Additional Disclosures (filed on June 21, 2017) and Uber's first ten witnesses to depose (filed earlier on June 22, 2017, before the "corrected" disclosures were served). Indeed, eight of Waymo's fourteen late additions were included in Uber's timely served June 21, 2017 initial disclosures. This conduct cannot be countenanced.

Waymo contends that these fourteen individuals were "inadvertently" omitted from its initial disclosures. However, "[i]nadvertence and inexperience do not substantially justify failure to comply with the rules." *Baker v. W. Contra Costa Sch. Dist.*, Case No. C-11-02529-WHA, 2011 U.S. Dist. LEXIS 127406, at *5 (N.D. Cal. Nov. 3, 2011) (discussing untimely initial disclosures). And even if it did, this excuse must be viewed in light of the fact that withholding information to which Uber is entitled has been Waymo's consistent pattern of behavior. During the June 7 Hearing, the Court made clear that the parties must demonstrate good cause prior to amending initial disclosures after the final deadline. In response to a question from counsel whether the parties "can revise the initial disclosures after [the deadline]," the Court stated: "No. . . . Then you have to throw yourself on the mercies of the court and do supplements for good cause and all that. So you can try. But if there's sandbagging going on, you would not be allowed to do it." (6/7/2017 Hrg. Tr. 69:23–70:7.)

Waymo has not attempted to make a showing of good cause or surprise to excuse its belated disclosures, and there could be no such showing. The belatedly disclosed individuals are all current or former Uber employees or attorneys at Morrison & Foerster, with the exception of Stefanie Olson, who Waymo identifies as "Anthony Levandowski's life partner." (Pritt Decl. Ex. B at 16-17.) All of Waymo's belatedly disclosed individuals other than Olson (who also is not a surprise to Waymo) were known to Waymo based on deposition testimony or Uber's disclosures and discovery responses. (Pritt Decl. ¶ 9.)

The Court should not allow Waymo to obtain a strategic advantage by making belated disclosures after it had the benefit of Uber's timely served disclosures and list of first ten

deponents. Allowing Waymo to rely on these witnesses provides an unjust advantage and encourages the very sandbagging that the Court made clear would not be allowed. Thus, the Court should strike Waymo's "Corrected" Supplemental Initial Disclosures and preclude Waymo from presenting the testimony of these witnesses at trial.

Dated: July 03, 2017

MORRISON & FOERSTER LLP
BOIES SCHILLER FLEXNER LLP

By: */s/ Karen L. Dunn*
     KAREN L. DUNN

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and
OTTOMOTTO LLC