MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WAYMO LLC,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,

Defendants.

Case No. 3:17-cv-00939-WHA

**DECLARATION OF MAXWELL V. PRITT IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO, LLC'S MOTION TO ENFORCE THE COURT'S JUNE 7, 2017 ORDER (DKT. 563), TO STRIKE PLAINTIFF WAYMO LLC'S CORRECTED SUPPLEMENTAL INITIAL DISCLOSURES, AND TO PRECLUDE DAMAGES CLAIMS AND CERTAIN WITNESSES**

Date: August 10, 2017
Time: 8:00 a.m.
Ctrm: 8, 19th Floor
Judge: The Honorable William H. Alsup

Trial Date: October 10, 2017

I, Maxwell Pritt, declare as follows:

1. I am counsel at the law firm of Boies Schiller Flexner LLP representing Defendants Uber Technologies Inc. and OttoMotto LLC (collectively, "Uber") in this matter. I am a member in good standing of the Bar of the State of California. I make this declaration in support of Defendants' motion to enforce the Court's June 7, 2017 order (Dkt. 563), to strike Plaintiff's corrected supplemental initial disclosures, and to preclude Plaintiff's damages claims and late-disclosed witnesses. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.

2. Plaintiff Waymo LLC ("Waymo") and Uber exchanged initial disclosures on April 3, 2017.

3. Waymo and Uber exchanged supplemental initial disclosures on June 21, 2017.

4. Attached as **Exhibit A** is a true and correct copy of Waymo's supplemental initial disclosures.

5. Waymo emailed its supplemental initial disclosures at 10:04 p.m. on June 21, 2017.

6. Waymo emailed Uber a "corrected" supplemental initial disclosures at 10:11 p.m. on June 22, 2017, identifying 14 additional individuals that Waymo believes are likely to have discoverable information that Waymo may use to support its claims or defenses pursuant to Rule 26(a)(1)(A)(i): Adam Bentley, Jur van den Berg, Jeff Holden, Rachel Keitzer, Rudy Kim, George Lagui, Eric Meyhofer, Emil Michael, Stefanie Olsen, Brent Schwarz, Rudy Sevile, Ognen Stojanovski, Eric Tate, and Salle Yoo. Waymo's counsel wrote in his email to Uber's counsel that Waymo had "inadvertently omitted" those 14 individuals from its previously-served initial disclosures.

7. Attached as **Exhibit B** is a true and correct copy of Waymo's *Corrected* Supplemental Initial Disclosures.

8. Attached as **Exhibit C** is a true and correct copy of an email chain dated June 22, 2017, which includes emails from Waymo's outside counsel to Defendants' outside counsel serving Waymo's Corrected Supplemental Initial Disclosures at 10:11 p.m., and subsequently, at 10:35 p.m., identifying the 14 individuals that were not identified in Waymo's amended initial disclosures.

9. All but one of the 14 late-disclosed individuals (Stefanie Olson) were previously known to Waymo through Uber's initial disclosures, Uber's discovery responses, or deposition testimony:

a. Uber's Initial Disclosures dated April 3, 2017 (Jeff Holden and Eric Meyhofer);

b. Uber's List of Servers, Employees, and Suppliers dated April 4, 2017 (George Lagui and Eric Meyhofer);

c. Uber's Response to Waymo's First Set of Expedited Interrogatories, Response to Interrogatory No. 6 dated June 5, 2017 (Jeff Holden, Rachel Keitzer, Geroge Lagui, Eric Meyhofer, Brent Schwarz, Rudy Sevile, and Ognen Stojanovski);

d. Uber's Response to Waymo's First Set of Expedited Interrogatories, Response to Interrogatory No. 7 dated June 5, 2017 (George Lagui and Eric Meyhofer);

e. Uber's Response to Waymo's First Set of Expedited Interrogatories, Response to Interrogatory No. 9 dated June 5, 2017 (Salle Yoo);

f. Uber's Response to Waymo's Second Set of Expedited Interrogatories, Response to Interrogatory No. 18 dated June 9, 2017 (Adam Bentley and Salle Yoo); Uber's Response to Waymo's Third Set of Expedited Interrogatories, Response to Interrogatory No. 23 dated June 20, 2017 (Brent Schwarz);

g. Uber's Response to Waymo's Third Set of Expedited Interrogatories, Response to Interrogatory No. 27 (June 20, 2017) (Jeff Holden);

h. April 14, 2017 Rhian Morgan Deposition Transcript at 15:11–16:1 (Adam Bentley);

i. May 30, 2017 Mason Feldman Deposition Transcript at 91:15–24, 116:8–12 (Jur van den Berg);

j. June 16, 2017 John Bares Deposition Transcript at 91:2–92:18 (Jeff Holden);

k. June 19, 2017 Cameron Poetzcher Deposition Transcript at 34:13–35:5 (Jeff Holden);

l. May 30, 2017 Mason Feldman Deposition Transcript at 97:11–18 (Rachel Keitzer);

m. April 17 Scott Boehmke Deposition Transcript at 7:9–10 (Rudy Kim);

n. April 20, 2017 Daniel Gruver Deposition Transcript at 23:2–12 (George Lagui);

o. May 4, 2017 James Haslim Deposition Transcript at 341:4–8 (George Lagui);

p. June 16, 2017 John Bares Deposition Transcript at 8:20–10:14 (Eric Meyhofer);

q. June 16, 2017 John Bares Deposition Transcript at 159:2–161:19 (Emil Michael);

r. June 19, 2017 Cameron Poetzscher Deposition Transcript at 24:4–15 (Emil Michael);

s. May 4, 2017 James Haslim Deposition Transcript at 126:22–127:6, 141:19–142:7 (Brent Schwarz);

t. April 18, 2017 James Haslim Deposition Transcript at 20:15–24, 26:11–23 (Ognen Stojanovski);

u. 30, 2017 Mason Feldman Deposition Transcript at 106:2–7 (Ognen Stojanovski);

v. April 13, 2017 David Meall Deposition Transcript at 7:3–10 (Eric Tate);

w. June 19, 2017 Cameron Poetzcher Deposition Transcript at 26:17–27:1 (Salle Yoo).[1]

10. Waymo served its Patent Local Rule 3-8 damages contentions on June 26, 2017.

11. Attached as **Exhibit D** is a true and correct copy of Waymo's Damages Contentious Pursuant to Patent Local Rule 3-8.

12. On the morning of June 27, 2017, Uber's outside counsel, Arturo Gonzalez, emailed Waymo's outside counsel and the Special Master to inform the Special Master that Waymo had disclosed a number of witnesses after the Court's deadline for supplementing initial disclosures, and that Uber intended to raise Waymo's late-disclosed individuals and damages disclosures with the Court at the June 29, 2017 case management conference. Mr. Gonzalez also wrote that Uber was available to discuss these issues on a previously-scheduled meet and confer call that morning.

13. Defendant Otto Trucking's outside counsel, Neel Chatterjee, replied all to Mr. Gonzalez's June 27, 2017 email, writing that Waymo's "disclosure is completely inadequate and does not comply with the rules. In addition, there is no specific identification of damages particular to Otto Trucking. Otto Trucking is a different entity and, as far as I can tell, there is no specific identification of damages theories for Otto Trucking. Instead, we are lumped together with Uber and Ottomotto." Mr. Chatterjee also wrote in his email that "Waymo has produced nothing to [Otto Trucking] for any claim, defense, or damage that is specific to Otto Trucking."

14. Attached as **Exhibit E** is a true and correct copy of an email chain dated June 27, 2017, which includes the June 27 emails identified in ¶¶ 12 and 13 above from Uber's counsel, Mr. Gonzalez, and Otto Trucking's counsel, Mr. Chatterjee to the Special Master and Waymo's counsel.

15. The parties held a meet and confer by phone with Special Master Cooper on June 27, 2017, from 10:00 a.m. to approximately 12:00 p.m. Among other things, the parties discussed

[1] This declaration does not attach these documents and deposition excerpts as exhibits. Uber can and will immediately do so, however, if the Court would like to review any of these materials.

Waymo's damages disclosures and contentions, the 14 late-disclosed individuals in Waymo's "corrected" supplemental initial disclosures, and Uber's intention to raise these issues with the Court.

16. Waymo's counsel stated during the meet and confer that Waymo accidentally failed to include the 14 late-disclosed individuals. Waymo's counsel also responded that some of those individuals were in Defendants' disclosures, some were in Waymo's first ten depositions submission to the Court, and Waymo had reserved the right to identify additional individuals in its disclosures.

17. As to Waymo's damages disclosures and contentions, Waymo's counsel said they could not provide a detailed explanation of their damages theories and case at this time, and they are entitled to discovery on damages before doing so. Otto Trucking's counsel also objected to Waymo's failure to specify what damages theories Waymo was asserting against Otto Trucking specifically. Waymo's counsel responded that Waymo's damages contentions lay out their theories for all defendants, and that their contentions comply with the text of Patent Local Rule 3-8.

18. Waymo's counsel asserted that these issues concerning Waymo's disclosures were "discovery issues" that needed to be litigated before the Special Master and Judge Corley before raising them with Judge Alsup. Uber's counsel disagreed. Waymo's counsel asked what Uber's counsel wanted Waymo to do with respect to its disclosures and contentions, and Uber's counsel said to the extent Waymo wanted to amend its disclosures or contentions, it needed to seek relief from the Court.

19. The Special Master stated at the end of the June 27th meet and confer that the issues concerning Waymo's witness and damages disclosures, and whether they would be raised with Judge Alsup at the June 29th Case Management Conference, had been fully discussed and vetted.

20. Counsel for Uber and Waymo held another meet and confer in person with the Special Master at 7:30 a.m. on June 29, 2017, before the Case Management Conference before Judge Alsup at 8:00 a.m. Uber's counsel said at that time that Uber did not intend to raise the

issues of Waymo's late-disclosed witnesses with Judge Alsup at the Case Management Conference, but that Uber would inform Judge Alsup that it intended to file a motion concerning Waymo's inadequate disclosures and damages contentions under Rule 26 and Patent Local Rule 3-8.

21. The Court held a Case Management Conference on June 29, 2017, during which the Court stated that Uber could file a motion concerning Waymo's initial disclosures and damages contentions, and rejected Waymo's assertion that these were "discovery issues" that had to be raised with the Special Master and litigated in the first instance before Judge Corley. *See* 6/29/17 CMC Tr. at 97:2-3 ("Disclosure is not the same as discovery. That's a proper motion. You [Uber] can bring that motion."), 98: 2-6 ("I'm going to let the motion go. Disclosure is not the same as discovery. Those are two different things. If they [Uber] want to bring that motion, God bless them. They can bring the motion. Don't [you, Waymo] try to blame the Special Master.").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 3rd day of July, 2017, in Oakland, California.

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt

**ATTESTATION OF E-FILED SIGNATURE**

I, Karen L. Dunn, am the ECF User whose ID and password are being used to file this document. In compliance with General Order 45, X.B., I hereby attest that Maxwell V. Pritt has concurred in this filing.

Dated: July 3, 2017

*/s/ Karen L Dunn*
Karen L. Dunn