MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendant. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OPPOSITION TO WAYMO LLC'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 731)** |

In its objections to the June 26, 2016 Order, Waymo regurgitates the same arguments it made to Judge Corley. It does not – and cannot – demonstrate that the Order was either clearly erroneous or contrary to law. This Court should deny Waymo's motion for relief.

## I. LEGAL STANDARD

"Under FRCP 72, a district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is *clearly erroneous* or *contrary to law*." Dkt. 685 at 2 (quoting *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (emphasis added). "The reviewing court may not simply substitute its judgment for that of the deciding court." (*Id.* at 3 (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## II. THE COURT SHOULD DENY WAYMO'S MOTION FOR RELIEF

### A. Judge Corley Correctly Found that Uber Shared a Common Interest with Levandowski and the Joint Defense Group After the Merger Agreement was Executed on April 11, 2016

Judge Corley considered and rejected each of Waymo's arguments made in its Objections as to the joint defense group's common interest after the Merger Agreement was signed on April 11, 2016. Dkt. 731 at 4 ("Waymo's arguments to the contrary are not persuasive."). As explained below, they remain without merit.

First, Waymo argues that Judge Corley erred "insofar as she allowed Defendants to maintain privilege over post-April 11 materials that were shared with Levandowski." Dkt. 779 at 3. Judge Corley's holding is in accord with the law and supported by the facts. She held that the common interest doctrine applied to maintain the attorney-client privilege over communications shared among Uber, Ottomotto, Otto Trucking, Levandowski and Ron after signing the Merger Agreement. Dkt. 731 at 4. She further held that "with the indemnification obligation, they all shared a joint common legal interest in defending claims brought by Waymo for misappropriation of trade secrets, among other things." *Id*.

Waymo argues that the Indemnification Agreement "does not necessarily create a common legal interest with respect to Levandowski's criminal activity," (Dkt. 779 at 4), but this argument ignores what Judge Corley actually held: that the parties shared a common legal interest "***in***

***defending claims brought by Waymo for misappropriation of trade secrets***." Dkt. 731 at 4. On this issue, the parties were aligned. *See United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003) (the common interest doctrine "does not require a complete unity of interests among the participants, and it may apply where the parties' interests are adverse in substantial respects."). Moreover, it is well established that the assessment of the existence of a common legal interest is made at the time the privileged information is shared, so Waymo's argument that "proceedings ***in this case*** have vividly illustrated" Uber's divergent interests with Levandowski is irrelevant. Dkt. 779 at 4 (emphasis added). "[T]he common interest rule is concerned with the relationship between the transferor and the transferee at the time that the confidential information is disclosed. The fact that the parties' interests have diverged over the course of the litigation does not necessarily negate the applicability of the common interest rule." *Neilson v. Union Bank of Cal., N.A.*, No. CV-02-06942-MMM-CWX, 2003 WL 27374179, at *4 (C.D. Cal. Dec. 23, 2003) (internal citation and quotation marks omitted); *see also Ellis v. J.P. Morgan Chase & Co.*, No. 12–cv–03897–YGR (JCS), 2014 WL 1510884, at *7 (N.D. Cal. Apr. 1, 2014) (court evaluates whether, "at the time of the communications at issue," parties "continued to share a common interest") (citations, internal quotation marks omitted).[1] Even if the Indemnification Agreement's "conflict of interest claim" provision demonstrates any adversity between Uber and Levandowski, Dkt. 515-5 § 2.2(b), it only demonstrates ***future*** adversity, which is also irrelevant. Likewise, Waymo's argument that, because indemnity does not extend to undisclosed Pre-Signing Bad Acts or to Post-Signing Bad Acts, there could be no common legal interest in potential misappropriation litigation by Waymo ignores that, at the time communications were shared, there was no adversity. *See Neilson*, 2003 WL 27374179, at *4. The court in *The Pampered Chef. v. Alexanian*, No. 10-CV-01399, 2010 WL 7809455 (N.D. Ill. Aug. 18, 2010) said it well: "The potential for adversity on certain issues in the future is not inconsistent with a present and continued common interest

---

[1] For the same reason, Waymo's arguments made in its footnote 4 about Uber's belief that Levandowski downloaded the files to ensure payment of his $120 million bonus is beside the point because that belief arose only *after* filing of this litigation, when Levandowski revealed to Uber's then-CEO Travis Kalanick this reason for the downloads.

with respect to other 'legal goal[s].'"

Waymo also argues that Judge Corley erred in holding that the sharing of work product among the joint defense parties did not amount to waiver.  Judge Corley held that once the Merger Agreement was signed, "Uber was required to indemnify Levandowski, Ron and Otto even if neither Uber nor Otto[motto] ever exercised its option to buy/sell" and that "sharing confidential information with a party one is required to indemnify is not inconsistent with the adversary system, provided the information concerns the subject matter of the indemnification right as it does here." Dkt. 731 at 4.  This is consistent with the law and in accord with the facts.  As to the former, work product waiver occurs only "where disclosure of the otherwise privileged documents is made to a third party, and that disclosure enables an adversary to gain access to the information." *Ellis*, 2014 WL 1510884, at *5; *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007). The joint defense parties were not potential litigation adversaries at least as of April 11, 2016.

The Merger Agreement's terms do not alter this well-founded conclusion.  First, Uber was required to indemnify the other parties regardless of whether the merger closed.  Dkt. 515-5 § 2.1. Second, the vast majority of claims (defined as "Specified Claims") that could be brought between the signing and closing of the acquisition were not grounds not to close.  Specified Claims included the very claims asserted here:  any claim brought or threatened in writing against Levandowski, Ottomotto, Otto Trucking, or a diligenced employee arising out of infringement or misappropriation by Ottomotto, Otto Trucking, or a diligenced employee.  Dkt. 515-4, at UBER00016748.  Waymo's reliance on an exceedingly narrow subset of those claims, defined as Materially Adverse Claims, does not change that, in between signing and closing the merger, the parties were aligned and were not potential litigation adversaries as to the overwhelming majority of potential claims, and in particular, with respect to potential misappropriation claims brought by Waymo.

**B.     Judge Corley Correctly Found that Uber's Logs Did Not Waive Privilege.**

Waymo offers *no authority* to support its contention that Judge Corley erred in rejecting

Waymo's waiver argument as to the sufficiency of Uber's privilege logs. The Court should deny Waymo's objections for that reason alone. Yet the objections also fail on the merits, as Judge Corley considered and rejected each of the points Waymo raised.

**Judge Corley considered both the volume and substance of Uber's log entries and found that neither warranted a finding of waiver.** (*See* June 23, 2017 Hearing Transcript ("Hr'g Tr.") at 20:12-20). As Judge Corley noted, the volume of communications on the privilege logs is unsurprising given the stakes of the transaction and the due diligence performed. (*Id.*) The similarities among entries also are unsurprising because the privilege log pertains to a single issue. Judge Corley found that explanation persuasive. (*Id*. at 18:13-25 ("Ms. Rivera addressed [the global descriptions] in her declaration, and…I found what she had said was persuasive.").)

**Waymo's only example of the alleged deficiency of the descriptions is neither deficient nor misleading.** Waymo points to the description of an "interim report" from Stroz as "entirely misleading," but does not explain what purportedly is misleading.[2] The entries correctly denote that the email and its attached memorandum and attachments to memorandum concerned legal analysis or advice, in anticipation of litigation involving Google, regarding the acquisition of Ottomotto, and that all three documents concerned "information obtained from Anthony Levandowski and shared pursuant to the joint defense agreement to further investigation for the purpose of obtaining or giving legal advice, in anticipation of litigation involving Google, regarding acquisition of Ottomotto." Moreover, the entries clearly state that Stroz Friedberg authored the memorandum and attachments. Simply stating that the entries are misleading does not make it so.

**Waymo's remaining complaints were either rejected by Judge Corley or addressed by Uber's revised privilege logs.**

---

[2] At the hearing, Judge Corley asked where the "interim report that Stroz provided to MoFo prior to the signing of the put-call agreement" is located on the log. Uber's counsel understood that to refer to Stroz Friedberg's draft interview memorandum for Mr. Levandowski and not to, for example, interview memoranda prepared for other diligenced employees since the privilege logs were prepared in response to the March 16 order and therefore did not include those employees. Neither Uber nor its counsel received an interim draft of the due diligence report before the final report issued.

- If an attachment predates April 12, 2016 and includes someone who would break privilege, then it will either be produced with it non-privileged pre-April 12 email or will be separately produced, if the Stroz Report order is upheld.  Uber is not withholding documents solely because the documents were forwarded to an attorney.  (*See* Hr'g Tr. at 22:5-24:16; Dkt. 659 ¶ 12.)

- Uber already addressed Waymo's concern regarding the use of "and/or" (Dkt. 659 ¶ 14); the few remaining instances of "and/or" that Waymo challenges are for entries between Uber and its outside counsel and does not affect the document's status as privileged.  (Hr'g Tr. at 21:18-22 ("So what she responded is they heard your objection…They revised them. That now those you object to are those that are just within Uber and MoFo. So what does it matter?").)  Moreover, the three individuals who were not parties to the joint defense agreement were Ottomotto employees and the privilege extends to their communications.  *Upjohn v. United States*, 449 U.S. 383, 395 (1981).

- Judge Corley rejected Waymo's complaint about listing law firms as authors (where the metadata does not reflect individual authors) because it does not affect whether the document is privileged.  (Hr'g Tr. at 19:1-14.)

- Per the Order, Uber served logs on June 30 without a "common interest" designation for communications that were not shared with the joint defense group.

- Uber already addressed Waymo's concerns with employee attestations, and Judge Corley found Uber's response sufficient.  (Dkt. 659 ¶¶ 7-10; Hr'g Tr. 20:23-21:3; Dkt. 731 at 6.)

### III.   CONCLUSION

For all the foregoing reasons, the Court should deny Waymo's Motion for Relief from Judge Corley's June 26, 2017 Order Re: Uber Privilege Logs.

Dated: July 5, 2017                     MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC