UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00939-WHA   (JSC)<br><br>**ORDER REGARDING WAYMO SUBPOENA TO LEVANDOWSKI**<br><br>Re: Dkt. Nos. 250, 492, 493, 539, 595-3, 596 |

Waymo seeks to compel non-party Anthony Levandowski to produce documents relevant to this action against Uber for trade secret misappropriation. After carefully considering the parties' submissions, including Levandowski's *in camera* submissions, the Court concludes that Levandowski has properly asserted his Fifth Amendment privilege against compelled incrimination. Waymo's motion to compel is therefore DENIED.

## BACKGROUND

Waymo served Levandowski with a third-party subpoena for documents and a deposition on April 9, 2017. At a hearing three days later, the district court ordered Levandowski to produce documents responsive to Request Nos. 1 and 3. (Dkt. No. 230 at 72:2-4.) The requests are as follows:

> **REQUEST FOR PRODUCTION NO. 1:** The Misappropriated Materials, including any media that contains or contained the Misappropriated Materials, any documents derived from, or reflecting the substance of, the Misappropriated Materials outside of Waymo, and any documents reflecting any meetings or discussions regarding the substance of the Misappropriated Materials outside of Waymo;
>
> **REQUEST FOR PRODUCTION NO. 3:** All communications between You and Uber between January 2015 and January 2016.

1  The district court also ordered Levandowski to submit a privilege log of any withheld documents
2  *in camera* so the court could evaluate whether the log is incriminating. (*Id.* at 78:21-79:5.) The
3  court also required Levandowski to give Waymo "'enough of the argument so that they can
4  respond" to his assertion of the Fifth Amendment privilege. (*Id.* at 79:12-18.)

5  Levandowski produced some documents in response to the subpoena, along with a
6  privilege log *in camera* for the district court. He also submitted a public brief summarizing Fifth
7  Amendment legal principles. The district court concluded this submission "provided no
8  meaningful information whatsoever to justify, even at an abstract level, application of those
9  principles in this case and in response to Waymo's production requests." (Dkt. No. 501 at 2.)
10 Further, the privilege log contained over 1000 pages and 20,000 different entries, "and appeared to
11 be two spreadsheets generated by automated data compilation with no intelligent review or
12 analysis involved." (*Id.*)

13 In the meantime, Levandowski produced additional documents to Waymo. On June 2,
14 2017, Levandowski supplemented his *in camera* submission to the Court. As part of the
15 supplementation, he refined and added more detail to his *in camera* privilege log. He also
16 submitted a further public brief in support of his invocation of the privilege, and, in particular,
17 why the privilege allows him to resist even the submission of a privilege log, along with a further
18 *in camera* written submission. Waymo responded by moving to compel "all documents withheld
19 on the basis of the Fifth Amendment privilege." (Dkt. No. 595-3.)

20 On May 11, 2017, the district court made a formal referral to the United States Attorney's
21 Office for "investigation of possible theft of trade secrets." (Dkt. No. 428.)

**DISCUSSION**

23 A witness may invoke the Fifth Amendment privilege against self-incrimination in a civil
24 proceeding if "the person invoking the privilege reasonably believes that his disclosures could be
25 used in a criminal prosecution, or could lead to other evidence that could be used in that manner."
26 *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000). Further, "an
27 individual may invoke the Fifth Amendment to avoid producing documents on the basis that the
28 act of production 'may have a compelled testimonial aspect' as to that individual." *Waymo LLC v.*

2

1  *Uber Techs., Inc.*, 319 F.R.D. 284, 289 (N.D. Cal. 2017) (citing *United States v. Hubbell*, 530 U.S.
2  27, 36 (2000); *Fisher v. United States*, 425 U.S. 391, 410 (1976)).  The privilege extends to those
3  circumstances in which disclosures "could provide an indirect link to incriminating evidence."
4  *Glanzer*, 232 F.3d at 1263.  Levandowski contends that requiring him to produce documents—and
5  even a privilege log—responsive to Request Nos. 1 and 3 (in part) would violate his Fifth
6  Amendment right.  After reviewing the parties' submissions, including Levandowski's *in camera*
7  submissions, the Court agrees.

8  First, it is undisputed that this lawsuit implicates Levandowski's Fifth Amendment
9  privilege.  Waymo has repeatedly accused Levandowski of stealing Waymo's trade secrets—a
10 crime under state and federal law—and the district court made a formal referral to the United
11 States Attorney's Office to investigate the possible criminal misappropriation of Waymo's trade
12 secrets.  Indeed, the district court found that Waymo had made a strong showing that Levandowski
13 downloaded and took with him over 14,000 confidential and proprietary Waymo files. (Dkt. No.
14 433 at 7.)  Levandowski thus faces at least the possibility that he will be prosecuted for stealing
15 Waymo's trade secrets.  *See Glanzer*, 232 F.3d at 1263.

16 Second, requiring Levandowski to produce the "Misappropriated Materials," or documents
17 referring to the Misappropriated Materials in response to Request No. 1, could directly incriminate
18 him for stealing trade secrets.  "By producing documents in compliance with the subpoena, the
19 witness admits that the documents exist, are in his possession or control, and are authentic." *Doe*
20 *v. United States (In re Grand Jury Subpoena)*, 383 F.3d 905, 909 (9th Cir. 2004).  Compelling
21 Levandowski to produce a privilege log in response to Request No. 1 could similarly implicate
22 him in the trade secrets crime.  A privilege log entry would mean that Levandowski possesses
23 Misappropriated Materials or at least discussed them.  Such an admission could be directly
24 incriminating or at least "furnish a link in the chain of evidence needed to prosecute the claimant
25 for a federal crime."  *Hoffman v. United States*, 341 U.S. 479, 486 (1951).  Indeed, Waymo does
26 not even dispute that requiring a privilege log for documents responsive to Request No. 1 would
27 implicate Levandowski's Fifth Amendment privilege; it previously moved to require Levandowski
28 "to produce a log identifying, on a document-by-document basis, information being withheld

under any claim of privilege" in response to Request No. 3, but not Request No. 1. (Dkt. No. 501 at 3.) Regardless, the Court has reviewed Levandowski's privilege log *in camera,* which has been substantially shortened and enhanced since the April 19 submission, and finds that it would violate his Fifth Amendment privilege to require its production.

Third, while Request No. 3 does not necessarily seek documents in which the act of production would be incriminating, Levandowski has not refused to produce all documents in response to that request. Instead, he has produced some responsive documents. But he has also withheld responsive documents which, while not directly incriminating, could "provide a lead or clue to evidence having a tendency to incriminate." *United States v. Neff*, 615 F.2d 1235, 1239 (9th Cir. 1980). He argues that "[c]ommunications between Mr. Levandowski and Uber employees during the period in question plainly have the potential—fairly or unfairly—to incriminate Mr. Levandowski and provide context for an argument concerning his intent or preparations for the alleged misappropriation." (Dkt. No. 539 at 26-27.) "For example, even a facially benign email message that predates Mr. Levandowski joining Uber might suggest to a prosecutor which Uber employees to interview, or which materials to subpoena or request." (*Id.* at 27.) Further argument has been made *in camera*. The Court finds that requiring production of the few withheld documents would violate Levandowski's Fifth Amendment privilege.

Fourth, requiring Levandowski to produce a privilege log for the few documents withheld in response to Request No. 3 would violate his Fifth Amendment privilege for the same reasons producing the communications would: the privilege log would identify with whom Levandowski communicated and when and thus could lead the government to incriminating evidence. *See Hoffman v. United States,* 341 U.S. 479, 486 (1951) (the privilege against self-incrimination does not merely encompass evidence that may lead to criminal conviction, but includes information which would furnish "a link in the chain of evidence" that could lead to prosecution). As this request seeks Levandowski's communications with Uber, Waymo can presumably obtain these same communications from Uber without implicating Levandowski's Fifth Amendment privilege.

Waymo's arguments in favor of compelling production are unpersuasive. Levandowski has not waived his Fifth Amendment privilege. His June 2 *in camera* submission is detailed and

robust and satisfies the Court that he cannot provide Waymo with further information without implicating his Fifth Amendment constitutional right. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (the witness asserting the privilege must make "a good faith effort to provide the trial judge with sufficient information from which he can make an intelligent evaluation of the claim."). Further, Levandowski has not made a blanket refusal to produce documents responsive to Request No. 3, and his blanket refusal to respond to Request No. 1 is justified by the nature of the request, as is explained above.

Waymo's insistence that its "right to return of its stolen property" trumps Levandowski's Fifth Amendment privilege is specious. If that were the law then the government's right to convict those guilty of crimes, and thus protect the public, would trump a party's invocation of the privilege.

Nor does the "foregone conclusion" exception to the Fifth Amendment privilege apply. Under this exception, the Fifth Amendment does not apply to a government subpoena if the existence and location of the sought-after documents are known to the government and therefore the subpoena recipient's production of the documents "adds little or nothing to the sum total of the Government's information." *Fisher v. United States*, 425 U.S. 391, 411 (1976). "For this foregone conclusion exception to apply, the government must establish its independent knowledge of three elements: the documents' existence, the documents' authenticity and respondent's possession or control of the documents. The government bears the burden of proof and must have had the requisite knowledge before issuing the summons or subpoena." *United States v. Bright*, 596 F.3d 683, 692 (9th Cir. 2010). As there is no evidence in the record as to the government's knowledge (even assuming that the exception could apply to a private party's Rule 45 subpoena), the Court cannot find that any of these required elements is satisfied, let alone all three.

Finally, the Court is not persuaded that production of the withheld documents responsive to Request No. 3 is not testimonial and that instead it is merely the content that is incriminating. *See Fisher*, 425 U.S. at 410 ("The taxpayer cannot avoid compliance with the subpoena merely by asserting that the item of evidence which he is required to produce contains incriminating writing, whether his own or that of someone else."). "'The act of production' itself may implicitly

communicate 'statements of fact.'" *United States v. Hubbell*, 530 U.S. 27, 36 (2000). Here, producing communications in response to Request No. 3 is a statement of fact that the communication occurred, with whom it occurred, and when it occurred. It is thus unsurprising that Waymo does not cite any case in which a court has held that the Fifth Amendment does not apply to the production of communications with another party.

## CONCLUSION

Levandowski has satisfied the Court that requiring production of documents or a privilege log in response to Waymo's Request No. 1 and further documents or a privilege log in response to Request No. 3 would violate his Fifth Amendment privilege against self-incrimination. Accordingly, Waymo's motion to compel Levandowski to comply with its document subpoena is DENIED. This Order does not apply to the Court's previous orders requiring production of documents in the possession of Stroz and Uber that Levandowski voluntarily provided to them.

Any objections to this Order must be filed with the district court on or before July 10, 2017.

This Order disposes of Docket Nos. 250, 492, 493, 539, 595-3 and 596.

**IT IS SO ORDERED.**

Dated: July 5, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge