# REDACTED VERSION OF OPPOSITION SOUGHT TO BE FILED UNDER SEAL

Neel Chatterjee (SBN 173985)
*nchatterjee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
*bschuman@goodwinlaw.com*
Rachel M. Walsh (SBN 250568)
*rwalsh@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
Otto Trucking LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| Waymo LLC, | Case No. 3:17-cv-00939 |
| Plaintiff, | **DEFENDANT OTTO TRUCKING'S OPPOSITION TO PLAINTIFF WAYMO LLC'S MOTION FOR ORDER TO SHOW CAUSE** |
| v. | |
| Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC, | **[PUBLIC REDACTED VERSION]** |
| Defendants. | Date: July 27, 2017<br>Time: 8:00 a.m.<br>Courtroom: 8, 19th Floor<br>Judge: Honorable William H. Alsup<br>Trial Date: October 10, 2017 |

I. **INTRODUCTION**

Defendant Otto Trucking LLC ("Otto Trucking") respectfully submits this opposition to Plaintiff Waymo LLC's ("Waymo") motion for an order to show cause. See Dkt. No. 677. As to Otto Trucking, the motion should be denied in its entirety because none of Waymo's identified bases justifies a finding of contempt of the Court's Expedited Discovery Order (Dkt. No. 61) or the Preliminary Injunction Order (Dkt. Nos. 426, 433). Waymo has not demonstrated that a contempt finding is appropriate for at least the following reasons: ███████████████████████████ is not a reasonable step nor is it required by the Preliminary Injunction Order. Requiring Otto Trucking ███████████████████████████████████ is not a reasonable step within Otto Trucking's power to comply; any such action would ███████████████████, forcing him to choose between state-ordered punitive action and his right against self-incrimination in violation of the Fifth Amendment. Moreover, Waymo does not explain how ████████████████████ would even cause him to return any "downloaded materials." Finally, while the Order generally requires Otto Trucking to exercise "the full extent" of its authority to force Mr. Levandowski to return "downloaded materials," Waymo never raised the idea of ████████████████ during preliminary injunction briefing and, thus, the Court had no reason to specifically address such action in its Preliminary Injunction Order. Otto Trucking cannot be in contempt for not taking actions that are not called for by the clear language of the Court's Order and that are based solely on Waymo's creative reading of the Otto Trucking LLC Agreement.

Otto Trucking was not required to disclose Mr. Levandowski's destruction of five discs. Waymo complains that Otto Trucking did not timely disclose Mr. Levandowski's destruction of five discs. But the five discs have never been in Otto Trucking's possession, custody, or control, and Otto Trucking therefore was not obligated under the Expedited Discovery Order to disclose their destruction. Moreover, Waymo has not shown that the five discs contained "downloaded materials" or even that Otto Trucking in fact knew that the discs were destroyed. In any event, Waymo is now aware of this information, so a contempt finding would serve no purpose in securing Otto Trucking's further compliance with the Order.

1  **Otto Trucking cannot compel Stroz or MoFo to take any actions.**  Neither Stroz Friedberg
2  LLC ("Stroz") nor Morrison & Foerster LLP ("MoFo") are Otto Trucking's agents.  Waymo
3  successfully argued that Otto Trucking did not have standing to challenge a subpoena to Stroz
4  because it did not retain Stroz.  MoFo only became counsel to Otto Trucking after the lawsuit was
5  filed and was no longer counsel to Otto Trucking at the time of the injunction.  Otto Trucking thus
6  cannot, as Waymo suggests, force them to return any "downloaded materials."

7  **II.   LEGAL STANDARD**

8  "A district court has the power to adjudge in civil contempt any person who willfully
9  disobeys a specific and definite order of the court."  *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir.
10 1984).  Civil contempt requires disobedience of "*a specific and definite court order* by failure to
11 take all reasonable steps within the party's power to comply."  *Reno Air Racing Ass'n, Inc. v.
12 McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (emphasis added).  "Substantial compliance with the
13 court order is a defense to civil contempt, and is not vitiated by a few technical violations where
14 every reasonable effort has been made to comply."  *In re Dual-Deck Video Cassette Recorder
15 Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (quotations omitted).  A prima facie case of civil
16 contempt requires: "(1) the nonmoving party violated a specific and definite court order; (2) beyond
17 substantial compliance; (3) not based upon a reasonable and good faith interpretation of the order;
18 and (4) the foregoing has been shown by clear and convincing evidence."  *Perez v. RMRF
19 Enterprises, Inc.*, No. C 13-80059 SI, 2014 WL 3869935, at *3 (N.D. Cal. Aug. 6, 2014).  "If the
20 moving party establishes a prima facie case of contempt, the nonmoving party must show that [it]
21 took every reasonable step to comply with the Court's order."  *Id.*

22 **III.   ARGUMENT**

23      A.   **Otto Trucking Is Not in Contempt for** ████████████
24 ████████████████████████████████████████

25 Otto Trucking is not in contempt for ████████████████████████████
26 ████████████████████.  Waymo's argument on this front fails for several reasons.
27 First, requiring Otto Trucking to ████████████████████████ is not "a reasonable
28 step within [Otto Trucking's] power to comply."  *Reno Air*, 452 F.3d at 1130; *see also Dual-Deck*

*Video*, 10 F.3d at 695 ██████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████ Thus, for the Court to require Otto Trucking to ██████████████████████████
████████████████████████████. This, however, results in the Court forcing Mr. Levandowski to either take punitive action against himself or waive his Fifth Amendment rights. Such coercive state action is prohibited by the Fifth Amendment. *See, e.g., Lefkowitz v. Cunningham*, 431 U.S. 801, 806 (1977) (noting that "government cannot penalize assertion of the constitutional privilege against compelled self-incrimination by imposing sanctions to compel testimony which has not been immunized"); *Malloy v. Hogan*, 378 U.S. 1, 8 (1964) (stating that the Fifth Amendment guarantees "the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty . . . for such silence"). Waymo's demand is thus unreasonable and cannot be the basis for a finding of contempt.

Second, Waymo's apparent belief that ████████████████████████████
████████ would cause Mr. Levandowski to return allegedly downloaded materials is just unfounded speculation. Waymo does not explain how taking such action will cause Mr. Levandowski to return any allegedly downloaded materials.

Third, although the Court ordered Defendants to "exercise the full extent of their corporate, employment, contractual, and other authority" to cause Mr. Levandowski to return downloaded materials, *see* Dkt. No. 433 at 23, the Order does not specifically and definitively direct Otto Trucking to ████████████████████████████████████████████. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989) ("Civil contempt is appropriate only when a party fails to comply with a court order that is both ***specific and definite***. Thus, to support a contempt motion, the

1  order alleged to have been disobeyed must be *sufficiently specific*.") (internal citations omitted)
2  (emphasis added). Given that Waymo never raised such a proposed action during briefing on the
3  preliminary injunction and raises it now to the Court for the first time, the Court had no reason to
4  consider such action as part of its Preliminary Injunction Order. Thus, it is not surprising that the
5  Preliminary Injunction Order has no specific and definite language requiring Otto Trucking to
6  █████████████████████████. Such a requirement is quite different than a contractual
7  obligation telling Mr. Levandowski he should not retain materials from his prior employer as a
8  condition of employment.
9       Fourth, even Waymo's counsel's own request is unclear. It is not clear whether Waymo's
10  counsel is suggesting that Otto Trucking should just ███████████████████████
11  ████████████████ Mot. at 14, or whether Waymo's counsel is suggesting that Otto Trucking
12  should actually ████████████████████████████████████████████ *Id*. at
13  15. But, regardless of whatever Waymo's counsel is actually suggesting, Otto Trucking cannot be in
14  contempt of the Court's Preliminary Injunction Order because the Order does not specifically and
15  definitively require either of Waymo's counsel's suggestions.

16     **B.   Otto Trucking Is Not in Contempt for Failing to Timely Disclose the Destruction of "Downloaded Materials."**
17

18       Otto Trucking is also not in contempt of the Expedited Discovery Order for failing to timely
19  disclose Mr. Levandowski's destruction of "downloaded materials." Several reasons warrant
20  dismissing Waymo's complaints regarding Mr. Levandowski's destruction of five discs.
21       First, the Expedited Discovery Order required "defendants [to] produce for inspection all
22  files and documents downloaded by Anthony Levandowski, Sameer Kshirsagar, or Radu Raduta
23  before leaving plaintiff's payroll and thereafter taken by them[,]" and, "[i]f any part of said
24  downloaded material has been deleted, destroyed, or modified, then defendants shall state the extent
25  thereof and produce all documents bearing on said deletion, destruction, or modification." Dkt. No.
26  61 at 2. The Order, including the disclosure requirement, covered only "downloaded materials" that
27  were within Otto Trucking's possession, custody, or control—otherwise, Otto Trucking would be
28  powerless to "produce for inspection" any such materials. As Otto Trucking did not and does not

have in its possession, custody, or control the five discs—or any other "downloaded materials" for that matter—it was not obligated under the Order to disclose the destruction of those discs.[1]

Second, even assuming Otto Trucking had an obligation to disclose the destruction of "downloaded materials" not within its possession, custody, or control, Waymo has not demonstrated that Otto Trucking failed to comply. As a first matter, it is not clear, even now, whether the five discs Mr. Levandowski destroyed contained "downloaded materials." Further, Waymo has not shown that Otto Trucking even knew that the five discs were destroyed. The deposition testimony Waymo cites makes clear that Mr. Ron had no personal knowledge of the actions Mr. Levandowski took with respect to the five discs. *See* Ron Dep. Tr. (Dkt. No. 676-12) at 91:1-2 ("I'm not aware of the specifics of that material and what happened with that."), 91:9 ("I didn't know personally what happened."). Rather, Mr. Ron testified that he could only recall from his conversations with Mr. Levandowski that Uber would no longer be able to access the materials on the discs. *See id.* at 92:23-93:1 ("My impression from conversing with him, again -- it was a brief conversation -- that basically, you know, there's no way for Uber to sort of access those materials[.]"), 93:6-9 ("I don't recall exactly what he communicated. I recall that the impression I got from the conversation that basically there's no way for Uber to sort of access those materials now."). Without the requisite knowledge of destruction, there was nothing for Otto Trucking to disclose under the Court's Order.

Finally, Waymo should not be heard to complain because it now knows about the five discs. Even if disclosure was required from Otto Trucking, Otto Trucking is now in compliance with the Expedited Discovery Order.[2] As the Court has recognized, "[t]he purpose of civil contempt is to coerce compliance with the court's order rather than punish disobedience." *Perez v. i2a Techs., Inc.*, No. C 15-04963 WHA, 2015 WL 7753330, at *4 (N.D. Cal. Dec. 2, 2015) (citation omitted). At this point, a finding of civil contempt would do nothing further to secure Otto Trucking's compliance with the Court's Order; any such finding would only be punitive in nature and thus improper.

---

[1] To the extent Waymo contends that the five discs were in Otto Trucking's possession, custody, or control vis-à-vis Mr. Levandowski and that he should have disclosed the destruction of the discs, the Court requiring him to do so would constitute coercive state action in violation of his Fifth Amendment right against self-incrimination. *See Lefkowitz*, 431 U.S. at 806; *Malloy*, 378 U.S. at 8.

[2] At the very least, Otto Trucking is in "substantial compliance" with the Court's Order, which is a defense to civil contempt. *See Dual-Deck Video*, 10 F.3d at 695.

### C. Otto Trucking Is Not in Contempt for Failing to Cause Stroz or MoFo to Return "Downloaded Materials."

Otto Trucking cannot be in contempt for failing to compel either Stroz or MoFo to return "downloaded materials" because it has no legal relationship with those entities to do so.

With respect to Stroz, the only relationship it has with Otto Trucking is through a joint defense agreement, which does not permit Otto Trucking to compel production of another person's materials. And Waymo already argued—successfully—to Judge Corley that Otto Trucking did not retain Stroz and therefore is not Otto Trucking's agent. *See* Dkt. No. 631 at 2 (Waymo arguing in letter brief that "the evidence of record demonstrates that Stroz was not retained as an agent of attorneys representing Otto Trucking"). Waymo is judicially estopped from arguing to the contrary. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.") (quotations omitted). The "law of the case" doctrine compels the same result, as Judge Corley already ruled that Stroz is not Otto Trucking's agent and Otto Trucking has no standing to challenge the Stroz subpoena. *See* Dkt. No. 670 at 6-7 ("Otto Trucking offers no evidence that it retained Stroz or had any involvement in the Stroz investigation. The Term Sheet required the retention of Stroz and Otto Trucking was not a party to the Term Sheet."); *United States v. Estrada-Lucas*, 651 F.2d 1261, 1263 (9th Cir. 1980) ("A decision of law in a case, once made, becomes the 'law of the case,' and should not be changed absent clear error in the original ruling or a change in the relevant circumstances."). Otto Trucking is therefore powerless to compel Stroz to return materials.

Waymo is also wrong that Otto Trucking could compel MoFo to turn over any "downloaded materials" it may have. As with Stroz, Otto Trucking has no relationship with MoFo other than through a joint defense agreement. MoFo was hired by Otto Trucking shortly after this litigation was filed and then substituted out as Otto Trucking's counsel on May 3, 2017. *See* Dkt. No. 347. Moreover, Otto Trucking has never had possession of the so-called "downloaded materials" that Waymo claims to be in MoFo's possession. MoFo was not counsel to Otto Trucking when it hired

Stroz; instead, Otto Trucking was represented by O'Melveny & Myers LLP. Thus, to the extent MoFo ever possessed any "downloaded materials," such materials did not belong to Otto Trucking but rather to a different client.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Waymo's motion for an order to show cause as to Otto Trucking.

Dated: July 5, 2017                                Respectfully submitted,


By: /s/ Neel Chatterjee
    Neel Chatterjee (SBN 173985)
    *nchatterjee@goodwinlaw.com*
    **GOODWIN PROCTER LLP**
    135 Commonwealth Drive
    Menlo Park, California 94025
    Tel.: +1 650 752 3100
    Fax.: +1 650 853 1038

    Rachel M. Walsh (SBN 250568)
    *rwalsh@goodwinlaw.com*
    Brett Schuman (SBN 189247)
    *bschuman@goodwinlaw.com*
    **GOODWIN PROCTER LLP**
    Three Embarcadero Center
    San Francisco, California 94111
    Tel.: +1 415 733 6000
    Fax.: +1 415 677 9041

    *Attorneys for Defendant*
    *Otto Trucking LLC*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on July 5, 2017.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.


Dated: July 5, 2017                                                  /s/ Neel Chatterjee
                                                              Neel Chatterjee