# EXHIBIT A

```
                                                    Pages 1 - 127

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

         BEFORE THE HONORABLE WILLIAM H. ALSUP


WAYMO, LLC,                           )
                                      )
          Plaintiff,                  )
                                      )
  vs.                                 ) No. C 17-00939 WHA
                                      )
UBER TECHNOLOGIES, LLC., OTTO         )
TRUCKING, LLC, and OTTOMOTTO, LLC,    )
                                      ) San Francisco, California
          Defendants.                 ) Wednesday
                                      ) May 3, 2017
                                      ) 9:00 a.m.
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

**For Plaintiff:**            QUINN, EMANUEL, URQUHART, OLIVER
                                & SULLIVAN, LLP
                              50 California Street
                              22nd Floor
                              San Francisco, California 94111
                         BY:  **CHARLES KRAMER VERHOEVEN, ESQ.**
                              **JORDAN R. JAFFE, ESQ.**


**For Defendants:**           MORRISON & FOERSTER, LLP
                              425 Market Street
                              San Francisco, California 94105
                         BY:  **ARTURO J. GONZALEZ, ESQ.**
                              **RUDOLPH KIM, ESQ.**
                              **MICHAEL A. JACOBS, ESQ.**
                              **ESTHER KIM CHANG, ESQ.**
                              **DANIEL P. MUINO, ESQ.**

              (APPEARANCES CONTINUED ON FOLLOWING PAGE)


Reported By:   Debra L. Pas, CSR 11916, CRR, RMR, RPR
               *Official Reporter - US District Court*
               *Computerized Transcription By Eclipse*

1  about the possibility of suing Anthony Levandowski.  Because
2  they're complaining that we don't have a legitimate basis for
3  thinking there might be litigation.  You know what the answer
4  is?  In March of last year.  In March of last year.
5           THE COURT:  Would those documents that are claiming
6  privilege show that somebody at Uber knew that he had
7  downloaded documents before he left?
8           MR. GONZALEZ:  So, your Honor, I am tempted to answer
9  that question, but I can't without waiving the privilege, and
10 you know that.
11          THE COURT:  I'm not sure that that --
12          MR. GONZALEZ:  Well, if we can have a stipulation
13 right now, your Honor, that I'm not waiving a privilege, I will
14 answer that question.
15      We're not hiding anything, your Honor.  The privilege that
16 we're claiming is a legitimate privilege.  And the fact that
17 they have now admitted that in March 2016 they were having
18 conversations about suing Anthony Levandowski confirms that
19 when we signed the joint interest privilege the following
20 month, we had a legitimate reason for being concerned about
21 litigation, a legitimate reason.
22      And then, your Honor, I asked this --
23          THE COURT:  I wonder if -- I am not a business
24 transaction lawyer.  I did practice for 25 years.  I have been
25 in this job a long time.  I have seen many cases involving

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Thursday, May 4, 2017