MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**DECLARATION OF WENDY J. RAY IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OPPOSITION TO WAYMO'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT**<br><br>Date:　July 26, 2017<br>Time:　8:00 a.m.<br>Ctrm:　8, 19th Floor<br>Judge:　Hon. William Alsup<br><br>Trial Date: October 10, 2017 |

I, Wendy J. Ray, declare as follows:

1. I am a partner with the law firm of Morrison & Foerster LLP, counsel of record for Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Uber") in this action. I am a member in good standing of the Bar of the State of California. I make this declaration in support of Uber's Opposition to Waymo's Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt. I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. As part of its efforts with the March 16, 2017 Order, Uber's vendor, Stroz Friedberg, forensically collected approximately 235 terabytes of data, including data from nine servers and 148 different custodians. The custodian collection included both email and data from 280 different computers. These efforts uncovered no downloaded materials at Uber.

3. On June 1, 2017, I participated in a telephone conference with David Perlson of Quinn Emanuel and Special Master John Cooper, among other counsel, to meet and confer following the Court's May 31, 2017 deadline in its May 11 order.

4. During the telephone conference, I represented that Uber and MoFo did not have the 14,000 files in their possession.

5. When Mr. Perlson asked for additional information, I did not provide specifics because I had the Stroz privilege issues in mind.

6. Contrary to James Judah's June 2, 2017 summary (a true and correct copy of which was attached as Exhibit 7 to Waymo's Motion), I did not make any statements about whether MoFo had any copies, excerpts, or summaries of "downloaded materials."

7. MoFo does not have any downloaded materials (or any copies, excerpts or summaries thereof), except to the extent that any such material may appear excerpted in or as an exhibit to the Stroz Report, which as explained above, is listed on the logs and is the subject of on an ongoing privilege dispute;.

8. Boies Schiller's June 12, 2017 email (attached to Waymo's motion as Exhibit 7) also stated that MoFo may have downloaded materials to the extent they may appear in certain materials Mr. Levandowski and other persons provided to Stroz to which MoFo was given limited

access during the investigation under the terms of the Levandowski-Stroz Agreement and the investigation protocol.  This statement was provided in an abundance of caution because MoFo could not previously rule out that it may have such material.  After further investigation, including checking with an attorney on maternity leave, MoFo has determined that it does not have any such material in its possession.

9. As of this date, no response has been received from Stroz with regard to Uber's June 12, 2017 written request to return any downloaded materials to Waymo.

10. As of this date, no response has been received from Mr. Levandowski with regard to Uber's June 12, 2017 written demand informing him he was required to instruct Stroz to return any material to Waymo.

11. Nina Qi was deposed in conjunction with this litigation on June 22, 2017.

12. Uber received Mr. Levandowski's permission, through counsel, to produce the unredacted protocol attached to the March 21, 2016 Levandowski-Stroz Agreement today.  A true and correct copy of the March 21, 2016 agreement with the attached protocol is attached here as Exhibit A.

I declare under the penalty of perjury that the foregoing is true and correct.  Executed this 5th day of July, 2017 at Los Angeles, California.

*/s/ Wendy J. Ray*
WENDY J. RAY

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Wendy J. Ray has concurred in this filing.

Dated: July 5, 2017                              */s/ Arturo J. González*
                                                        Arturo J. González