MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**DECLARATION OF SYLVIA RIVERA IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OPPOSITION TO WAYMO'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT**<br><br>Date:　　July 26, 2017<br>Time:　　8:00 a.m.<br>Ctrm:　　8, 19th Floor<br>Judge:　Hon. William Alsup<br><br>Trial Date: October 10, 2017 |

I, Sylvia Rivera, declare as follows:

1. I am a partner with the law firm of Morrison & Foerster LLP, counsel of record for Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Uber") in this action. I am a member in good standing of the Bar of the State of California. I make this declaration in support of Uber's Opposition to Waymo's Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt. I am one of the attorneys at Morrison & Foerster that oversaw the preparation of Uber's privilege logs and supervised the team of attorneys that assisted with efforts to comply with the Court's May 11, Order. I make this declaration based on personal knowledge and, where indicated, based on my communications with my colleagues and my inspection of records pertaining to compliance efforts. If called as a witness, I could and would testify competently to the matters set forth herein.

2. During Morrison & Foerster's review of documents for preparation of Uber's privilege log, reviewers were instructed to mark a document responsive if it referred even generally or indirectly to a single document that Stroz Friedberg LLC ("Stroz") may have gathered, or would gather in the future, from Anthony Levandowski, or to media obtained from Levandowski that potentially contained any information from Google. Reviewers also marked responsive some documents that referred to the process for identifying such documents or media.

3. Reviewers were instructed that such a document should be deemed responsive to ¶ 4 of the Court's March 16 Order even if it did not actually disclose the contents of the material gathered from Levandowski, had nothing to do with any Google or Waymo trade secrets (or alleged trade secrets), and even if the file being "referred to" was not one of the 14,000 allegedly stolen files.

4. The Stroz Report and certain exhibits pertaining to Levandowski were included on Uber's privilege log based on the above review criteria.

5. The destruction of the five discs that occurred in March 2016 is described in at least one of the documents listed on Uber's privilege log.

6. In its April 28, 2017 privilege log for the Stroz Report, which was updated May 1, 2017, Uber specifically disclosed that Morrison & Foerster had received the Stroz Report. A true and correct copy of the May 1, 2017 log is attached here as Exhibit A.

7. In response to the Court's May 11, 2017 order, Uber took the following steps, among others. First, Uber sent a survey to each of its employees via its "Global Uber Team" email listserv and conducted interviews of over 160 employees, including any who responded that they had had communications with Anthony Levandowski in which he mentioned LiDAR. Based on my communications with colleagues who performed interviews and my review of documentation, not one of the employees interviewed indicated he or she had seen or heard downloaded materials.

8. Second, Uber reviewed over 11,000 documents, including emails, Google Drive documents, and calendar invitations for any communications in which Levandowski mentioned LiDAR. Based on my communications with colleagues who performed the review, none of these revealed downloaded materials.

9. Third, Uber sent a survey to its LiDAR-related suppliers and followed up by phone and in writing with the suppliers who responded that they had had communications with Anthony Levandowski in which he mentioned LiDAR. Based on my communications with colleagues who performed interviews, none of these suppliers indicated that it had seen or heard downloaded materials.

10. Fourth, Uber interviewed 60 individuals at Stroz to document which of them may have seen potentially downloaded materials and to confirm none of them had sent downloaded materials to Uber. Based on my communications with colleagues who performed the interviews, no one indicated that he or she sent any such material to Uber.

11. Finally, Uber conducted interviews of individuals known to have received the Stroz Report, including Uber board members and Uber's outside counsel, to verify the chain of custody and confirm none of them had forwarded any potentially downloaded materials to Uber. Based on my communications with colleagues who performed the interviews, no one indicated that he or she sent any such material to Uber.

12. In addition, Uber underwent 56 hours of inspection by Waymo's counsel, over the course of 10 separate inspection days. The inspections included thousands of technical files, source code, and emails. This also uncovered no downloaded materials at Uber.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 5th day of July, 2017, at Los Angeles, California.

*/s/ Sylvia Rivera*
SYLVIA RIVERA

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Sylvia Rivera has concurred in this filing.

Dated: July 5, 2017                    */s/ Arturo J. González*
                                        Arturo J. González