UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-00939-WHA   (JSC)<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO COMPEL**<br><br>Docket Nos. 687, 746 |

Now pending for decision is Uber's motion to compel Waymo to answer interrogatories and produce documents. (Dkt. No. 687.)

**A.  Interrogatories Regarding Waymo's Trade Secrets**

Interrogatory No. 1 asks Waymo to identify all of its trade secrets it contends were used by Uber. Although Waymo had previously identified over 100 trade secrets as at issue, Waymo responded by identifying 72 such trade secrets. Thus, by omission, Waymo is representing that it currently contends that Uber used those 72 trade secrets and no others. No further response to No. 1 is required.

However, Waymo must supplement its responses to Interrogatories 4 through 7 and 10. These interrogatories asked Waymo to separately identify information with regard to the development of each trade secret Uber used. Waymo did not do so, instead grouping all trade secrets together. Waymo must answer the question separately for each trade secret identified in response to Interrogatory No. 1.

**B.  Requests for Documents Regarding Waymo's Trade Secrets**

Request No. 160 seeks "documents in which Waymo has advised its employees that a specific Alleged Waymo Trade Secret is in fact a trade secret or confidential information."

Waymo responded that it will produce documents sufficient to support the contention that the trade secrets "are subject to robust measures to protect their privacy." This response is unhelpful. If Waymo does not have documents that discuss the confidentiality of a "specific" trade secret it must say so in its response or produce the responsive documents.

With respect to the other objection raised by Uber, it seems to complain that it does not know which documents are responsive to which requests. It appears the parties have not met and conferred with the Special Master on this issue and thus shall do so.

### C.  Documents Relating to Waymo's Retention of Quinn

Waymo shall log its first communication with Quinn concerning possible litigation against Uber and/or Levandowski as required by Request Nos. 47 and 48. Uber's other requests are denied.

### D.  Waymo/Google Practices Regarding Side Businesses

Waymo has refused to stipulate that it will not argue at trial that Levandowski violated Waymo's practices and policies regarding employees' side businesses. (Dkt. No. 688 ¶ 3.) Accordingly, Waymo shall produce responsive documents from the past five years limited to employees in Google/Waymo's self-driving car business.

### E.  Uber's Recruitment of Levandowski

The Court is unpersuaded that anything more than the Consent Decree is relevant and discoverable. Uber's request is denied.

### F.  Lyft-Related Documents

The Court will address these requests in a separate order.

### G.  Damages/Relief Issues

Waymo shall produce documents responsive to Request No. 71.

Waymo shall produce documents responsive to Request Nos. 129 and 130. Waymo's damages theory is in part that Uber was able to more quickly develop its driverless vehicle program because of the alleged theft of trade secrets. The quick development of that program likewise enabled it to recruit engineers from Waymo's program. The requested documents are thus relevant to Waymo's damages.

**H. Waymo's Interrelationship With Google**

The Court understands that Waymo has represented that it will not object to any discovery request on the grounds that the responsive documents are in the possession, custody or control of Google or Alphabet. In light of that representation, Uber's request is denied.

**I. Other Issues**

Uber's additional requests are denied. In particular, Uber has not shown how documents related to David Drummond's resignation from Uber's Board are relevant.

**CONCLUSION**

Waymo shall comply with this Order within one week of today. Any objections shall be filed with the district court on or before July 10, 2017.

This Order disposes of Docket Nos. 687 and 746.

**IT IS SO ORDERED.**

Dated: July 6, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge