Neel Chatterjee (SBN 173985)
*nchatterjee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
*bschuman@goodwinlaw.com*
Rachel M. Walsh (SBN 250568)
*rwalsh@goodwinlaw.com*
Shane Brun (179079)
*sbrun@goodwinlaw.com*
Hayes P. Hyde (308031)
*hhyde@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
Otto Trucking LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Waymo LLC, | Case No. 3:17-cv-00939 |
| Plaintiff, | **OTTO TRUCKING'S RESPONSE TO PARAGRAPH FOUR OF THE COURT'S ORDER RE EARLY MOTIONS IN LIMINE AND RELATED MATTERS [DKT. NO. 784]** |
| v. | |
| Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC, | |
| Defendants. | Judge:        Hon. William H. Alsup<br>Trial Date:    October 10, 2017 |

1    Regardless of Anthony Levandowski's ("Mr. Levandowski") employment status, the Court
2    should not draw an adverse inference against Defendant Otto Trucking LLC ("Otto Trucking")
3    because (1) such an inference would be improper, as Mr. Levandowski is a non-party to this suit;
4    and (2) Waymo cannot establish corroborating evidence for any adverse inferences it seeks against
5    Otto Trucking.

**A.    It Would Be Improper To Draw Any Adverse Inference against Otto Trucking Based On Mr. Levandowski's Invocation of the Fifth Amendment.**

While a court may draw an adverse inference from a *party*'s invocation of the Fifth Amendment right in a civil case, whether to draw such an inference based on a *non-party's* invocation requires a court to consider "the circumstances of a given case, rather than the status of a particular non-party witness.[ ]" *In re WorldCom, Inc.*, 377 B.R. 77, 109 (Bankr. S.D.N.Y. 2007). Courts in this circuit have refused to draw an adverse inference where, as here, the individual invoking the Fifth Amendment right against self-incrimination is not a party to the claim and the plaintiff has promulgated independent evidence of facts surrounding the adverse inference. *See Mattel, Inc. v. MGA Entm't, Inc.* 782 F.Supp.2d 911, 970 n. 19 (C.D. Cal. 2011)(refusing to draw an adverse inference where plaintiff's former and defendant's current employee was not a party to a trade secret misappropriation claim and plaintiff "independently discovered and tracked [the non-party's alleged] wrongdoing through forensic hardware analysis."); *In re Tableware Antitrust Litig.*, No. C 04 3514 VRW, 2007 WL 781960 at *5 (N.D. Cal. Mar. 13, 2007) (finding that before allowing plaintiff to draw an adverse inference against defendant's former CEO for invoking the Fifth Amendment, plaintiff would need to establish "independent evidence of the surrounding facts before any portion of [the CEO's] deposition testimony will be admitted.").

Waymo has chosen not to assert any claims against Mr. Levandowski, repeatedly stating he is "not a party" to this lawsuit in a strategic move to avoid arbitration. *See* Dkt. No. 204 at 10. Waymo should not be permitted to flout the limitations of this tactical choice by seeking an adverse inference against Otto Trucking. , Mr. Levandowski's invocation of the Fifth Amendment should have no bearing on Otto Trucking's ability to put on a defense; an adverse inference would

1  severely and impermissibly prejudice Otto Trucking and should therefore be denied.

2  **B.     Waymo Has No Independent Corroborating Evidence Against Otto Trucking.**

3  Waymo cannot produce independent corroborating evidence to permit any adverse

4  inference.  *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000)

5  ("[W]hen there is no corroborating evidence to support the fact under inquiry, the proponent of the

6  fact must come forward with evidence to support the allegation, otherwise no negative inference

7  will be permitted.").

8  Waymo has no evidence to support any inference that Otto Trucking actually possessed or

9  used its alleged trade secrets based on Mr. Levandowski's invocation of the Fifth Amendment.  It

10 is undisputed that Otto Trucking does not develop LiDAR systems.  Otto Trucking has never

11 made, used, offered for sale, sold, imported, developed, disclosed, or acquired any of the LiDAR

12 technology that is the subject of Waymo's trade secret misappropriation claim.   There is no case

13 law supporting imposition of an adverse inference against a party, Otto Trucking, based  solely on

14 the invocation of Fifth Amendment rights by a managing member, particularly where there is no

15 corroborating evidence.

16 For the foregoing reasons, the Court should not permit any adverse inferences against Otto

17 Trucking based on Mr. Levandowski's assertion of his Fifth Amendment right against self-

18 incrimination.

19 Dated: July 7, 2017                                            Respectfully submitted,

20

21                                                                    By: /s/ Brett Schuman
                                                                       Neel Chatterjee (SBN 173985)
22                                                                     *nchatterjee@goodwinlaw.com*
                                                                       **GOODWIN PROCTER LLP**
23                                                                     135 Commonwealth Drive
                                                                       Menlo Park, California 94025
24                                                                     Tel.: +1 650 752 3100
                                                                       Fax.: +1 650 853 1038

25                                                                     Rachel M. Walsh (SBN 250568)
                                                                       *rwalsh@goodwinlaw.com*
26                                                                     Brett Schuman (SBN 189247)
                                                                       *bschuman@goodwinlaw.com*
27                                                                     Shane Brun (179079)
                                                                       *sbrun@goodwinlaw.com*
28                                                                     Hayes P. Hyde (308031)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*hhyde@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

*Attorneys for Defendant*
*Otto Trucking LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **July 7, 2017**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Executed **July 7, 2017**                    /s/ Brett Schuman
                                                          Brett Schuman