MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

KAREN L. DUNN (Admitted *Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (Admitted *Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone:    202.237.2727
Facsimile:    202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**STATEMENT IN RESPONSE TO PARAGRAPH 7 OF ORDER RE EARLY MOTIONS IN LIMINE AND RELATED MATTERS (DKT. 784)**<br><br>Judge:　The Honorable William Alsup<br><br>Trial Date: October 10, 2017 |

The undersigned counsel for defendants Uber Technologies Inc. and Ottomotto LLC files this statement pursuant to paragraph seven of the Court's June 30, 2017, Order re Early Motions *in Limine* and Related Matters (Dkt. 784), which directed that "Attorney Karen Dunn shall file an accurate and complete statement identifying every board member, in-house counsel, or other officer or director of Uber who read or received any part of the due diligence report or its exhibits, whether in final or draft form, as well as the approximate date(s) that each such individual read or received it." This statement is the product of an extensive review by counsel and by Uber. Should we become aware of any additional facts responsive to the Court's Order, however, we will supplement this statement immediately. Nothing in this statement is an admission by Defendants of the relevance or admissibility of any information, for any purpose. Defendants reserve all objections as to relevance, materiality, privilege, or admissibility related to the use of any information in this statement as evidence for any purpose whatsoever in any subsequent proceeding in this trial or any other action.

## I.   UBER BOARD MEMBERS

The following current or former members of Uber's Board of Directors received copies of the final due diligence report, without exhibits, on approximately the date noted:

1. David Bonderman (former), May 25, 2017
2. Arianna Huffington, May 25, 2017
3. Bill Gurley (former), May 12, 2017

To the best of Uber's and its counsel's knowledge after a good faith investigation, no other current or former board member read or received the due diligence report or any of its exhibits, whether in final or draft form.

## II.   UBER IN-HOUSE COUNSEL

The following members of Uber's legal department received copies of the final due diligence report, without exhibits, on approximately the date noted:

1. Nicole Bartow, March 24, 2017
2. Aaron Bergstrom, May 3, 2017
3. Andrew Glickman, February 23, 2017

STATEMENT IN RESPONSE TO PARAGRAPH 7 OF ORDER RE EARLY MOTIONS IN LIMINE & RELATED MATTERS (DKT. 784)
Case No. 3:17-cv-00939-WHA

1

  4. Todd Hamblet, April 4, 2017

  5. Christian Lymn, August 8, 2016

  6. Angela Padilla, August 6, 2016

  7. Justin Suhr, August 6, 2016

  8. Robert Wu, February 23, 2017

  9. Salle Yoo, May 5, 2017

The following members of Uber's legal department received copies of a redacted interview memorandum that was later designated as an exhibit to the due diligence report, along with two attachments to that memorandum, on approximately April 2, 2016:

  1. Andrew Glickman

  2. Todd Hamblet

  3. Christian Lymn

  4. Angela Padilla

  5. Justin Suhr

  6. Salle Yoo

Justin Suhr of Uber's legal department received four redacted draft interview memoranda that were later designated as exhibits to the due diligence report, along with six attachments to those draft memoranda, on approximately May 9, 2016. Mr. Suhr also received an addendum to the final due diligence report on August 30, 2016, correcting an inaccuracy.

The following members of Uber's legal department received the index of exhibits (i.e., the table of contents for the report's exhibits) to the due diligence report after this litigation was filed, on approximately the date noted:

  1. Nicole Bartow, March 26, 2017

  2. Aaron Bergstrom, May 3, 2017

  3. Angela Padilla, May 3, 2017

  4. Justin Suhr, March 26, 2017

  5. Salle Yoo, May 12, 2017

We have confirmed that this index of exhibits, and not the exhibits themselves, is what Mr. Suhr

STATEMENT IN RESPONSE TO PARAGRAPH 7 OF ORDER RE EARLY MOTIONS IN LIMINE & RELATED MATTERS (DKT. 784)
Case No. 3:17-cv-00939-WHA

2

referred to as the "Appendix of Exhibits" in paragraphs 14–16 of his Declaration in Support of Defendants' Opposition to Waymo's Motion to Compel Production of the Stroz Due Diligence Report, Dkt. 378.

The following members of Uber's legal department received drafts of select documents that memorialized the parties' agreements relating to the conduct of the diligence process itself and that were later designated as exhibits to the due diligence report, between approximately February 1, 2016, and April 11, 2016:

1. Andrew Glickman
2. Todd Hamblet
3. Christian Lymn
4. Angela Padilla
5. Justin Suhr

Adam Bentley received a copy of the final due diligence report, without exhibits, on approximately August 7, 2016, in his capacity as in-house counsel to Ottomotto LLC prior to Uber's acquisition of Ottomotto. While Mr. Bentley has neither read nor received the report in connection with his work at Uber following the acquisition, he is included here because he is presently "in-house counsel … of Uber."

To the best of Uber's and its counsel's knowledge after a good faith investigation, no other Uber in-house counsel read or received the due diligence report or any of its exhibits, whether in final or draft form.

### III.   OTHER UBER OFFICERS & DIRECTORS

Cameron Poetzscher received a redacted interview memorandum that was later designated as an exhibit to the due diligence report, along with two attachments to that memorandum, on approximately April 3, 2016. Mr. Poetzscher also received drafts of select documents that memorialized the parties' agreements relating to the conduct of the diligence process itself and that were later designated as exhibits to the due diligence report, between approximately February 1, 2016, and April 11, 2016. These were the same drafts received by the five Uber in-house counsel identified above.

STATEMENT IN RESPONSE TO PARAGRAPH 7 OF ORDER RE EARLY MOTIONS IN LIMINE & RELATED MATTERS (DKT. 784)
Case No. 3:17-cv-00939-WHA

3

To the best of Uber's and its counsel's knowledge after a good faith investigation, no other current or former Uber officer or director read or received the due diligence report or any of its exhibits, whether in final or draft form.

Dated: July 7, 2017    BOIES SCHILLER FLEXNER LLP

By: */s/ Karen L. Dunn*
    KAREN L. DUNN

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

STATEMENT IN RESPONSE TO PARAGRAPH 7 OF ORDER RE EARLY MOTIONS IN LIMINE & RELATED MATTERS (DKT. 784)
Case No. 3:17-cv-00939-WHA

4