# EXHIBIT 1

# Jeff Nardinelli

| | |
|---|---|
| **From:** | Kim, Rudy Y. <RudyKim@mofo.com> |
| **Sent:** | Wednesday, July 05, 2017 8:33 PM |
| **To:** | Jordan Jaffe; Gonzalez, Arturo J. |
| **Cc:** | QE-Waymo; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| **Subject:** | RE: Waymo v. Uber - Dismissal of patent claims |

Jordan,

To the extent the first bullet of your proposed stipulation regarding Spider intends to incorporate the "not more than colorably different" standard for determining whether contempt proceedings are appropriate following an injunction order, we believe such a stipulation is inappropriate as there has been no finding of infringement.

We propose that Waymo dismiss its patent infringement claims for the '922, '464 and '273 patents with prejudice, except for its claims against the abandoned Spider design, which may be dismissed without prejudice.  Each party would bear its own fees and costs for all claims pertaining to the '922, '464 and '273 patents.

Best regards,

Rudy

---

**From:** Jordan Jaffe [mailto:jordanjaffe@quinnemanuel.com]
**Sent:** Monday, July 03, 2017 11:24 AM
**To:** Gonzalez, Arturo J.
**Cc:** Kim, Rudy Y.; QE-Waymo; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit@bsfllp.com
**Subject:** RE: Waymo v. Uber - Dismissal of patent claims

Arturo,

We want to make sure the result of this stipulation isn't that Uber will then create a new LIDAR—renamed "NotQuiteSpider" or something like that—that is basically the same device, i.e., not colorably different from the Spider project under discussion.  The particular phrase comes out of some case law interpreting scope of injunctions on specific products, included to provide clarity on how the Court would interpret the parties' agreement.

Let us know whether this proposal is agreeable to Uber/Otto.

Best regards,

Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com

---

**From:** Gonzalez, Arturo J.
**Sent:** Monday, July 3, 2017 7:30 AM
**To:** Jordan Jaffe
**Cc:** Kim, Rudy Y.; QE-Waymo; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit@bsfllp.com
**Subject:** Waymo v. Uber - Dismissal of patent claims

Jordan,

1

What does "colorably different" mean in this context?

Arturo

Sent from my iPad

On Jul 2, 2017, at 10:57 PM, Jordan Jaffe <jordanjaffe@quinnemanuel.com> wrote:

> **- External Email -**
>
> Rudy,
>
> Thanks for finally getting back to us on Waymo's proposal first communicated on June 27.
>
> Needless to say that Waymo disagrees with your comments on the strength of its patent claims, including against Spider.  Indeed, Uber already filed and then withdrew one summary judgment motion seeking an early noninfringement ruling regarding Spider for the '922 and '464 patents. Dkt.  430.
>
> Nevertheless, in light of the Judge's recent orders and other comments, and in an effort to potentially streamline issues for the October trial, Waymo proposes the following in response (a proposal to be formalized in a stipulation to be filed by the parties):
>
> - Uber/Otto will not make, use, sell, offer for sale or import the Spider LIDAR device or other devices that are only colorably different therefrom.
> - Dismissal of Waymo's patent infringement claims for the '922, '464 and '273 patents with prejudice
> - Each party to bear its own fees and costs associated with those claims
>
> As you can see, this lines up with Uber's counter proposal, but retaining the first bullet which was part of Waymo's original proposal.  This point should be non-controversial, however.  It aligns with Uber's own sworn testimony provided to the Court during the preliminary injunction proceedings.  Dkt. 308 at 1 ("Thus, Spider was never made, used, sold, offered for sale, or imported, and there are no plans to revive the abandoned Spider project.")  To the extent Uber is not willing to stand by its own sworn statements regarding the current and future status of the Spider project as recited above, Waymo intends to inform Judge Alsup accordingly.
>
> Regarding the '936 patent, as your email recognizes, the patent is asserted against Fuji, not Spider, and thus there's a different set of facts at issue.   While you describe the infringement assertion as "tenuous" you provide no facts or evidence to back up that assertion.  On the other hand, Waymo has put a forth prima facie showing of infringement in its infringement contentions, demonstrating how Fuji infringes numerous claims of the '936 patent.  To the extent Uber wants to use its sole summary judgment motion on this fact intensive issue, that's Uber's prerogative.
>
> Regarding witnesses, Waymo reserves its rights to call those witnesses on its initial disclosures for the topics described therein.  To the extent the party reach agreement on this stipulation, we will agree to discuss in good faith the scope/necessity of the depositions of Messrs. Ulrich and Morriss, including potentially Uber replacing them in its "top ten" list.
>
> Best regards,
>
> Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com

**From:** Kim, Rudy Y.
**Sent:** Sunday, July 2, 2017 4:11 PM
**To:** Jordan Jaffe
**Cc:** QE-Waymo; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit@bsfllp.com
**Subject:** Waymo v. Uber - Dismissal of patent claims

Jordan,

I am following up on your recent proposal to dismiss the '922 and '464 patents from the case, pursuant to a stipulation between the parties.

Given that the deadline for amending Waymo's complaint has passed and in view of Judge Alsup's admonition that Waymo drop its patent infringement claims given the "weakness of those theories" (Dkt. 784), Uber is willing to agree to a stipulation with the following terms:

- Dismissal of Waymo's patent infringement claims for the '922, '464 and '273 patents with prejudice
- Each party to bear its own fees and costs associated with those claims

We also invite Waymo to drop its '936 patent infringement claim ~~against Fuji~~ with prejudice, with the parties to bear their own fees and costs. Should Waymo choose to pursue the '936 patent, claim construction briefing will be required and Uber will likely move for summary judgment of Waymo's tenuous DOE infringement theory. We believe Judge Alsup would welcome, and the parties would benefit from, dismissal of this patent as well.

Further, in the event that Waymo agrees to dismiss its patent infringement claims, please confirm that Waymo does not intend to call Drew Ulrich, Zachary Morriss, or Sam Lenius as witnesses at trial. We note that in Waymo's June 29, 2017 statement (Dkt. No. 770), Waymo stated that these individuals were only expected to testify "as an inventor regarding the history of the invention disclosed and claimed" in their respective patents.

To the extent that Waymo is no longer intending to call these individuals as witnesses at trial, any stipulation between the parties should also include an express agreement that (by leave of the court) Uber will have the option to depose three other individuals instead of Drew Ulrich, Zachary Morriss, and Sam Lenius, who were identified on Uber's list of top 10 deponents prior to Waymo's dismissal of its patent claims.

Please let us know if Waymo will drop its patent claims, as suggested by Judge Alsup.

Rudy

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

4