UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-00939-WHA   (JSC)<br><br>**ORDER REGARDING LYFT-RELATED DOCUMENTS**<br><br>Re: Dkt. No. 646, 687, 746 |

　　　　Plaintiff Waymo LLC ("Plaintiff") sued Defendant Uber Technologies, Inc. ("Uber"), Ottomotto LLC, and Otto Trucking (collectively, "Defendants") for trade secret misappropriation and patent infringement. Defendants served non-party Lyft Inc. ("Lyft") with a subpoena for documents related to Lyft's self-driving car collaboration with Plaintiff, among other topics. Defendants also served a deposition subpoena on Lyft. Defendants also seek Lyft-related documents from Waymo. Now pending for decision is Defendants' motion to compel Plaintiff to produce documents relating to its collaboration with Lyft (Dkt. No. 687) and Lyft's motion for a protective order and to quash subpoenas. (Dkt. No. 646.)

　　　　Having considered the parties' briefs and the relevant authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7–1(b), and GRANTS Lyft's motion for a protective order and to quash the subpoenas and GRANTS in part and DENIES in part Defendants' motion to compel documents from Plaintiff.

**BACKGROUND**

Discovery is ongoing in the underlying action. Of relevance here, Defendants served Lyft with a non-party deposition subpoena and a *subpoena duces tecum* for the production of documents on May 19, 2017. (Dkt. No. 646-1.) The Subpoenas, which are essentially identical, contain twelve requests:

(1) All communications with Waymo about past, current, or potential competition with Uber;

(2) All documents relating to analysis of Lyft as a potential acquisition target by Waymo, including Lyft's past, current, or potential competition with Uber;

(3) All agreements (including exhibits) with Waymo regarding autonomous vehicles, including the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article titled "Lyft and Waymo Reach Deal to Collaborate on Self-Driving Cars;"

(4) Any letter of intent or interest relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article;

(5) Any term sheet relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article;

(6) Any definitive agreement relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article;

(7) Any analysis or due diligence relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article;

(8) Documents sufficient to identify all individuals at Waymo or Lyft who were responsible for negotiating or conducting due diligence relating to the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article;

(9) Documents sufficient to identify the first date that Lyft began discussion of any potential merger or agreement with Waymo;

(10) All communications with Waymo relating to the ride-sharing market or autonomous vehicles that refer to Uber;

(11) All communications with Waymo about this Action;

(12) All documents relating to any analysis by or for Lyft on the potential impact of this Action on Uber, Lyft, or the ride-sharing market. (*Id.*)

Counsel for Lyft and Defendants met and conferred about the Subpoenas but were unable to resolve their disputes. (Dkt. No. 646 at 11.[1]) The Special Master concluded that the parties were at an impasse and authorized Lyft to file the instant motion. (*Id.*)

Defendants also served document requests on Plaintiff related to its collaboration with Lyft. Plaintiff has agreed to produce "all communications with Lyft about past, current, or potential competition with Uber" (Request No. 147) and "all documents relating to Waymo's analysis of Lyft as a potential acquisition target, including Lyft's past, current, or potential competition with Uber." (Request No. 148.) (Dkt. No. 688-7 at 6.) However, Waymo has refused to produce documents responsive to Request Nos. 149-156.

**I.     Defendants' Motion to Compel Plaintiff**

**A.     Request Nos. 149-153**

Requests 149 to 152 seek Plaintiff's agreement to collaborate with Lyft and Request No. 153 seeks Plaintiff's due diligence documents related to the deal. These documents are relevant to Plaintiff's claim of damages, at least as to the amount of any such damages. They are also relevant to Plaintiff's request for permanent injunctive relief. The documents shall be produced on an outside attorneys' eyes only basis. Plaintiff's agreement to produce "all documents on which [it] intends to rely to demonstrate that it will suffer irreparable harm in the absence of a permanent injunction," (Request No. 89) and its "business plans, strategic plans, operating plans, marketing plans, financial plans, sales plans, and investment plans for its ride-sharing business, including projections for revenue generation and profitability" (Request No. 93), does not make the Lyft deal irrelevant. Defendants are entitled to develop their own defense to Plaintiff's claims for relief and need not rely solely on what Plaintiff contends is relevant. Further, that the documents are commercially sensitive does not make them non-discoverable. Plaintiff and Lyft entered into the deal in the midst of this litigation and thus should have expected that they could become relevant.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**B.     Request Nos. 154-156**

Waymo shall comply with Request No. 156. The Request is relevant to Defendants' theory as to Waymo's motive for bringing the lawsuit and is not the least bit burdensome as it merely requests a date. Defendants' motion to compel responses to Request Nos. 154 and 155 is denied as not relevant to a claim or defense in this action and simply going too far afield.

**II.    Lyft's Motion to Quash**

**A.     Legal Standard**

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. The scope of discovery under Rule 45 is the same as under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a). A non-party subject to a subpoena may file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(a)(1)(B).

Generally, the party moving to quash under Rule 45(c)(3) bears the burden of persuasion, but "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Optimize Tech. Solutions, LLC v. Staples*, Inc., No. 14-MC-80095, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014); *see also Am. Broad. Companies, Inc. v. Aereo, Inc.*, No. CV-12-80300-RMW, 2013 WL 1508894, at *4 (N.D. Cal. Apr. 10, 2013) ("The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed.")

"While discovery is a valuable right and should not be unnecessarily restricted . . . the 'necessary' restriction may be broader when a nonparty is the target of discovery." *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). This is because "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party." *United States v. Columbia Broadcasting Sys.*, 666 F.2d 364, 371 (9th Cir. 1982).

**B.     Discussion**

A court may quash a subpoena that requires the disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i).

"Once the nonparty shows that the requested information is a trade secret or confidential commercial information, the burden shifts to the requesting party to show a substantial need for the testimony or material that cannot be otherwise met without undue hardship." *Gonzalez v. Google*, 234 F.R.D. 674, 684 (N. D. Cal. 2006) (internal citations and quotation marks omitted). Moreover, the information requested from a non-party "should be narrowly drawn to meet specific needs for information." *Convolve, Inc. v. Dell, Inc*., No. C 10–80071 WHA, 2011 U.S. Dist. LEXIS 53641, at *7 (N. D. Cal. May 9, 2011) (internal citations and quotation marks omitted).

Most of Defendants' requests are addressed by the Court's ruling on Defendants' motion to compel Plaintiff's production of documents. To the extent Defendants seek additional documents from Lyft, they have not demonstrated a substantial need.

Defendants' speculation that Lyft's information "may be relevant to industry practices regarding the negotiation of deals involving, and the exchange of information regarding, confidential technological information" and thus "may be relevant to whether Waymo's purported trade secrets are in fact secrets" (Dkt. No. 665 at 4) does not come close to showing substantial need. Lyft has demonstrated that "even if any of the purported trade secrets were exchanged, there is no question that those trade secrets were received pursuant to [the companies' non-disclosure] agreement and the other confidentiality protections that Lyft (and Waymo) put into place." (Dkt. No. 701 at 5.) Further, the issue in this lawsuit is how Plaintiff treated its information, not how Lyft treats its information. Under that reasoning, Defendants would be entitled to subpoena all technological companies to determine "industry practice" in the treatment of technological information.

Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party "may limit disclosure only to outside counsel of record . . . and thus the documents and information produced cannot be used for business purposes" (Dkt. No. 665 at 5-6) is unavailing. As support for that argument, Defendants cite *Louisiana Pacific Corporation v. Money Market 1 Institutional Investment Dealer,* 285 F.R.D. 481, 490 (N.D. Cal. 2012). But that case did not involve a Rule 45 subpoena between direct competitors operating in the same industry. Defendants' citation to *Medtronic MiniMed, Inc. v.*

5

*Animas Corporation* is similarly unhelpful as the district court found "all but two of the requests . . . overly broad and of questionable relevance." No. C 13-80294 WHA, 2014 WL 308952, at *2 (N.D. Cal. Jan. 27, 2014, and the other two sought documents directly related to the accused product.

In sum, Defendants do not adequately explain how they have a substantial need for the requested information (that is not otherwise being produced by Plaintiff) that outweighs the confidential and commercial nature of the information requested. Lyft's motion for a protective order and to quash must be granted.

## CONCLUSION

For the reasons stated above, the Court GRANTS in part Defendants' motion to compel Lyft-related documents from Plaintiff and GRANTS Lyft's motion to quash the Rule 45 subpoena.

Plaintiff shall comply with this Order on or before July 13, 2017. Any objections shall be filed with the district court on or before July 11, 2017. This Order is not stayed.

This Order disposes of Dkt. No. 646, 687 and 746.

**IT IS SO ORDERED.**

Dated: July 7, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge