1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    WAYMO LLC,                              Case No. 17-cv-00939-WHA   (JSC)

8                    Plaintiff,

9            v.                              **ORDER RE: APEX DEPOSITIONS**

                                            Docket Nos. 783, 811, 827
10   UBER TECHNOLOGIES, INC., et al.,

11                   Defendants.

12

13          Uber seeks to depose certain Google/Alphabet executives.  Waymo insists that no

14   depositions are appropriate.

15                                  **LEGAL STANDARD**

16          "Absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of

17   a deposition." *Groupion, LLC v. Groupon, Inc.*, No. 11–0870 MEJ, 2012 WL 359699, at *2

18   (N.D.Cal. Feb. 2, 2012) (citation omitted). As a result, a "party seeking to prevent a deposition

19   carries a heavy burden to show why discovery should be denied." *Apple Inc. v. Samsung Elecs*.

20   Co., 282 F.R.D. 259, 263 (N.D.Cal.2012) (citations omitted).  However, "[w]hen a party seeks the

21   deposition of a high-level executive (a so-called 'apex' deposition), courts have 'observed that

22   such discovery creates a tremendous potential for abuse or harassment.'" *Apple, Inc.*, 282 F.R.D.

23   at 262 (citing *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05–4374 MMC (JL), 2007 WL

24   205067, at *3 (N.D.Cal. Jan. 25, 2007)). Still, "[w]hen a witness has personal knowledge of facts

25   relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id.* (citation

26   omitted).

27          "In determining whether to allow an apex deposition, courts consider (1) whether the

28   deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2)

United States District Court
Northern District of California

United States District Court
Northern District of California

whether the party seeking the deposition has exhausted other less intrusive discovery methods." *In re Google Litig.*, 2011 WL 4985279, at *2 (citations omitted). The party seeking to take the deposition need not prove conclusively that the deponent certainly has unique non-repetitive information; rather, "where a corporate officer may have any first-hand knowledge of relevant facts, the deposition should be allowed." *Grateful Dead Prods. v. Sagan*, No. C 06–7727(JW) PVT, 2007 WL 2155693, at *1 n.5 (N.D.Cal. 2007) (emphasis in original); *see also Powertech Techs., Inc. v. Tessera*, No. C 11–6121 CW, 2013 WL 3884254, at *1 (N.D.Cal. July 26, 2013) (noting that the party seeking the deposition "was not required to prove that [the deponent] certainly has [relevant] information").

As for the second consideration—less intrusive discovery methods—these may include interrogatories. *Groupion, LLC*, 2012 WL 359669, at *2. Formal "exhaustion" of other requirements is not "an absolute requirement; instead, exhaustion of other discovery methods is an important, but not dispositive, consideration for a court to take into account in deciding how to exercise its discretion." *Hunt v. Continental Cas. Co.*, No. 13–cv–05966–HSG, 2015 WL 1518067, at *2 (N.D. Cal. Apr. 3, 2015). Even when the apex doctrine is at issue, however, "the burden remains on the party" seeking to avoid the deposition. *See Hunt*, 2015 WL 1518067, at *1 n.1 (disagreeing with defendant's argument that it was the plaintiff's burden to establish good cause for an order compelling an apex deposition, as "cases in this district make clear that the burden remains on the party seeking a protective order when the 'apex doctrine' is asserted as a basis for limiting discovery" (citations omitted)). A claimed lack of knowledge, by itself, or the fact that the apex witness has a busy schedule, are both insufficient bases to foreclose otherwise proper discovery. *Groupion, LLC*, 2012 WL 359699, at *2.

### RULING

As set forth in Uber's letter brief, Larry Page has first-hand non-repetitive knowledge of relevant facts. Further, less intrusive means, such as interrogatories, are not sufficient. Waymo's reliance on the Court's earlier ruling is insufficient. That ruling was based upon the need for limited discovery related to the preliminary injunction hearing and was not a ruling that Mr. Page would not be deposed during the merits discovery. No such limitations are present now. Further,

United States District Court
Northern District of California

1    Waymo states only that it has no current intent to call Mr. Page as a witness.  Thus, it appears

2    Waymo wants to reserve the right to call him as a witness (to perhaps contradict what Mr.

3    Kalanick says about their conversations) and yet shield him from deposition. Defendants may take

4    Mr. Page's deposition for up to four hours.

5           Uber does not need to take David Drummond's deposition regarding why Google did not

6    partner with Uber; that is a topic on which they are deposing Mr. Page.  However, Uber also seeks

7    his testimony regarding conversations that he had with Mr. Kalanick and the Court will allow his

8    deposition on that topic, as well as his knowledge of the Uber/Otto deal.  Waymo may avoid Mr.

9    Drummond's deposition if it stipulates that Mr. Drummond will not offer testimony on summary

10   judgment or at trial and thus will not contradict any testimony of Mr. Kalanick or other Uber

11   officials regarding Mr. Drummond's statements or knowledge.  But unless Waymo is willing to so

12   stipulate, it is unfair to preclude Mr. Drummond's deposition.  This deposition, too, is limited to

13   four hours.

14          Uber has not noticed the depositions of any other apex witness and thus has declined to

15   make any argument as to why additional depositions are needed.  Waymo argues that given that

16   potential deponents are high-level executives they have limited availability. The Court notes that

17   Waymo has demanded that the United States District Court for the Northern District of California

18   expend enormous resources to resolve myriad disputes on an expedited basis, on the grounds that

19   this case is especially important. Given that position, the Court expects that Waymo's executives

20   could take time out of their schedules to sit for a deposition, assuming they have relevant non-

21   repetitive information.

22          This Order disposes of Docket Nos. 783, 811, 827.

23          **IT IS SO ORDERED.**

24   Dated: July 7, 2017

25

26

27                                                     JACQUELINE SCOTT CORLEY
                                                       United States Magistrate Judge
28

3