# EXHIBIT 5

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>      Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>      Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br><br>**WAYMO'S DAMAGES CONTENTIONS PURSUANT TO PATENT LOCAL RULE 3-8** |

Case 3:17-cv-00939-WHA   Document 757-5   Filed 07/05/17   Page 3 of 4

1    Pursuant to N.D. Cal. Local Patent Rule 3-8, Waymo LLC ("Waymo") provides the

2  following statement regarding its damages stemming from Defendants' patent infringement in this

3  case:

4    Waymo believes it has suffered and is suffering irreparable harm as a result of Defendants'

5  patent infringement, particularly to the extent Defendants have infringed Waymo's patents for the

6  purpose (and with the result) of fast-tracking its LiDAR development.  Waymo accordingly plans

7  to seek injunctive relief.

8    In addition, Waymo believes it is entitled to damages for Defendants' past patent

9  infringement, including damages based on a calculation of lost profits or an amount no less than a

10  reasonable royalty.  To the extent an injunction is not granted, Waymo will also seek damages,

11  based on the same theories, tied to any continuing use of Waymo's patents.

12    With respect to the factual bases for Waymo's contentions, Waymo refers to and

13  incorporates by reference the briefing, declarations and evidence submitted in connection with its

14  Motion for a Preliminary Injunction (Dkt. 25 and related filings), as well as the Court's order

15  granting-in-part the same (Dkt. 426).  These facts include that Defendants' use of the patented

16  technology saved them time and resources with respect to developing LiDAR and entering the

17  relevant markets.  These facts also include that Waymo and Defendants are direct competitors

18  with respect to entering the relevant markets.

19    Discovery in this case is ongoing.  Waymo has sought permission from Special Master

20  Cooper to serve damages-related discovery.  Such discovery was not included in Waymo's initial

21  three sets of requests for production, as Waymo had not anticipated that requests for production

22  would be limited in number.  Accordingly, Waymo does not have all of the information that it

23  needs to formulate an appropriate "computation[] of damages" at this time.  To calculate damages

24  stemming from Defendants' patent infringement, Waymo expects to rely on the following

25  information, to the extent it is produced by either side in this case (or by relevant third parties):

26    • Estimates of future profits and cash flows from both Waymo and Defendants;

27    • The parties' assessments and projections regarding the relevant markets, competition

28      therein, and their respective competitive position;

-2-                                    CASE NO. 3:17-cv-00939-WHA

Case 3:17-cv-00939-WHA   Document 797-5   Filed 07/05/17   Page 4 of 4

- The parties' respective investments in LiDAR technology (in time, capital, engineering costs, and other expenditures);

- Information regarding non-infringing alternatives to the patents-in-suit; and

- Information regarding Defendants' valuation and acquisition of the technology-in-suit, and any technical milestones that Defendants have established for the same.

Waymo reserves the right to supplement, modify or add to this response as circumstances dictate and in accordance with the Federal Rules, the Local Rules, and any order issued by the Court.

DATED:  June 26, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Charles K. Verhoeven

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC