# EXHIBIT 4

**James Judah**

| | |
|---|---|
| **From:** | James Judah |
| **Sent:** | Sunday, June 25, 2017 9:07 PM |
| **To:** | 'John Cooper'; Otto Trucking at Goodwin (DG-GPOttoTruckingWaymo@goodwinlaw.com); UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Matthew Cate |
| **Cc:** | QE-Waymo |
| **Subject:** | Waymo - Otto Trucking's Paragraph 4 and 5 Accountings |

John and Counsel –

We have reviewed the "Summary of Actions Taken Re: Order Continuing Deadline and Setting Hearing on Motion to Intervene and Modify Provisional Relief" (Dkt. 717-1) submitted by Otto Trucking, and have serious concerns. Otto Trucking's "Summary" is non-complaint with the Court's express requirements for the PI Order's Paragraph 4 and Paragraph 5 accountings and appears to be additional willful violations of a Court Order. We request to add this to our meet and confer at 10 AM Monday morning.

With respect to Paragraph 4, the Court's PI Order required Otto Trucking to "conduct a thorough investigation and provide a detailed accounting under oath setting forth every person who has seen or heard any part of any downloaded materials, what they saw or heard, when they saw or heard it, and for what purpose." (Dkt. 433 at 24.) The PI Order explicitly provided that Otto Trucking to "**must** also use the **full extent of their authority and influence to obtain cooperation with the foregoing procedure** from all involved. **For example, if a potential custodian refuses to cooperate, then defendants' accounting shall set forth the particulars, including all efforts made to obtain cooperation**." (*Id.*, emphases added.) Because Otto Trucking's accounting fails to set forth what its Managing Member and Executive Chairman Anthony Levandowski saw or heard of the downloaded materials, when he saw or heard it, and for what purpose, it appears that Mr. Levandowski refused to cooperate with Otto Trucking's investigation. However, Otto Trucking's accounting also fails to set forth the particulars of its efforts (if any) to obtain Mr. Levandowski's cooperation (beyond a single letter sent on May 30, 2017, *see* Dkt. 717-1 at Exhibit B). Otto Trucking has violated the Court's Order under any scenario.

- If Mr. Levandowski cooperated with the investigation but Otto Trucking failed to include information about Mr. Levandowski's knowledge of the materials that **he** downloaded, Otto Trucking is in non-compliance with the Court's Order to "provide a detailed accounting under oath setting forth every person who has seen or heard any part of any downloaded materials, what they saw or heard, when they saw or heard it, and for what purpose."

- If Mr. Levandowski refused to cooperate with the investigation, but the only effort Otto Trucking made to obtain his cooperation was to send a single letter (care of his criminal attorneys) on May 30, then Otto Trucking is in non-compliance with the Court's Order to "use the full extent of their authority and influence to obtain cooperation with the foregoing procedure from all involved."

- If Mr. Levandowski refused to cooperate with the investigation, but Otto Trucking made efforts to obtain his cooperation beyond the letter attached as Exhibit B, then Otto Trucking is non-compliance with the Court's Order that "[i]f a potential custodian refuses to cooperate, then defendants' accounting shall set forth the particulars, including all efforts made to obtain cooperation."

With respect to Paragraph 5, the Court's PI Order required Otto Trucking to "provide Waymo's counsel and the Court with a complete and chronologically organized log of all oral and written communications — including, without limitation, conferences, meetings, phone calls, one-on-one conversations, texts, emails, letters, memos, and voicemails

1

— wherein Anthony Levandowski mentioned LiDAR to any officer, director, employee, agent, supplier, or consultant of defendants. The log shall identify for each such communication the time, place (if applicable), mode, all persons involved, and subjects discussed, as well as any and all notes or records referencing the communication." (Dkt. 433 at 25.)  Otto Trucking's "Summary" fails to provide any log, instead attempting to piggy-back off of Uber's log based on the assertion that "Otto Trucking has no information beyond that which was disclosed by Uber pursuant to the PI Order with respect to oral and written communications where Mr. Levandowski mentioned LiDAR." (Dkt. 717-1 at 2.)  But this assertion is simply incorrect.  Unlike Uber, Otto Trucking has access to complete information about Mr. Levandowski's communications involving LiDAR by virtue of the fact that Mr. Levandowski remains to this day a senior officer at Otto Trucking – specifically, its Executive Chairman and Managing Member.  Otto Trucking's failure to provide a "complete and chronologically organized log" of its officer's LiDAR-related communications is a violation of the Court's PI Order.

The foregoing is not intended to be an exhaustive catalog of all of the deficiencies in Otto Trucking's Paragraph 4 and 5 accountings.  Waymo reserves all rights.

**James Judah**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6420 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jamesjudah@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.