QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S LIST OF EVENTS OCCURRING AFTER THE COMMENCEMENT OF THIS CIVIL ACTION FOR CASE-IN-CHIEF [Dkts. 775 and 784]** |

In accordance with the Court's Orders (Dkts. 775 & 784), Plaintiff Waymo LLC ("Waymo") hereby submits this List of all events occurring after the commencement of this civil action that it plans to present in its case-in-chief at trial.  This List is made based on information currently available to Waymo, and Waymo reserves the right to amend this List or supplement with further events as necessary based on further discovery and events in this litigation.

- Anthony Levandowski's pleading of the Fifth Amendment;
- Anthony Levandowski's continued employment as head Uber's self-driving car program and as Vice President of Engineering until April 27, 2017;
- All of Anthony Levandowski's post-complaint LiDAR communications (which have not yet been provided on Defendants' Paragraph 5 log, but which Uber has represented will be added);
- All post-complaint communications about the downloaded materials, including without limitation Mr. Levandowski's communications that he downloaded the materials to "work from home" or that he downloaded the materials as ransom to ensure payment of his bonus;
- Nevada ATCF LLC's March 15, 2017 letter to the Nevada Department of Motor Vehicles (Dkt. 186-8);
- The Court's March 16 Order, and Defendants' privilege logs served in response to that order;
- Uber's April 27, 2017 decision and email to employees to recuse Anthony Levandowski from LiDAR-related responsibilities;
- The Court's May 11, 2017 Order granting in part, and denying in part, Waymo's request for provisional relief;
- Salle Yoo's May 15, 2017 letter to Anthony Levandowski;
- Salle Yoo's May 26, 2017 letter to Anthony Levandowski;
- Karen Dunn's June 12, 2017 letters to Anthony Levandowski and to Stroz Friedberg;

- Any post-complaint payments to, or indemnification of, Anthony Levandowski by Defendants;
- Any post-complaint departure from Defendants of a person identified on the parties' initial disclosures, including without limitation: Anthony Levandowski, Travis Kalanick, Emil Michael, Bill Gurley, and David Bonderman;
- Any person's post-complaint receipt of the due diligence report, its exhibits, or any diligenced employees' electronic data, including without limitation: Bill Gurley, David Bonderman, Tom Nolan, Daniel Olmos, Serenity Wang, Patrick Robbins, Matt Berkowitz, Daniel Laguardia, Andrew Glickman, Robert Wu, Nicole Bartow, Aaron Bergstrom, Todd Hamblet, Salle Yoo, Kristina Bunting, Martin Flumenbaum, Evan Kubota, Kaveri Vaid, Arianna Huffington, Melinda Haag, Walter Brown;
- Any post-complaint destruction of text messages, Telegram messages, emails, voice mails, or other electronic or hard copy documents;
- Defendants' post-complaint retention of and/or compensation to any agent, including without limitation Stroz Friedberg and Morrison & Foerster;
- Records of Defendants' compliance with the requirements of the Court's Preliminary Injunction Order (Paragraph 7)
- Post-complaint information about Defendants' use and disclosure of Waymo's trade secrets;
- Post-complaint information about Defendants' making, using, offering to sell, and/or selling Waymo's patented inventions, and failure to avoid doing so;
- Post-complaint information about Defendants' non-infringing alternatives to the patent-in-suit;
- Post-complaint information about the parties' estimates of future profits and cash flows; assessments and projections regarding the relevant markets, competition therein, and respective competitive position; investment in LiDAR technology (in time, capital, engineering costs, and other expenditures); valuation and technical milestones.

| | |
|---|---|
| DATED:  July 10, 2017 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  */s/ Charles K. Verhoeven* |
| | Charles K. Verhoeven |
| | Attorneys for WAYMO LLC |