MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:      415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:     202.237.2727
Facsimile:      202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**CORRECTED DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR IDENTIFICATION OF MOTIONS IN LIMINE FOR RESOLUTION PRIOR TO TRIAL AND EXHIBITS THERETO** |

1   Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc. and
2   Ottomotto LLC ("Defendants") submit this motion for an order to file under seal portions of their
3   Identification of Motions In Limine for Resolution Prior to Trial and Exhibits Thereto.
4   Specifically, Defendants request an order granting leave to file under seal the confidential
5   portions of the following documents:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Identification of Motions In Limine for Resolution Prior to Trial ("Brief") | Highlighted Portions | Defendants |
| Exhibit 3 | Entire Document | Defendants |
| Exhibit 5 | Entire Document | Defendants |
| Exhibit 6 | Entire Document | Defendants |
| Exhibit 7 | Highlighted Portions | Defendants |

The highlighted portions on page 6 of the Brief contain highly confidential information regarding Uber's LiDAR development and business strategy.  This highly confidential information is not publicly known, and its confidentiality is strictly maintained. This information could be used by competitors to Uber's detriment to gain an advantage over Uber; for example, disclosure of this information, which contains Uber's internal development timeline estimate, would allow competitors to understand Uber's LiDAR development and business strategy, and allow them to tailor their own strategy.  If such information were made public, Uber's competitive standing could be significantly harmed.  (Yang Decl. ¶ 3.)

The entireties of Exhibits 3, 5, 6 are Equity Incentive Plans containing Defendants' highly confidential and sensitive business information regarding financial, compensation, and employment terms.  This information is not publicly known, and their confidentiality is strictly maintained.  This information could be used by competitors to Uber's detriment, by using this information to gain an advantage over Uber in employment negotiations in a competitive market for talent.  Disclosure of this information would allow competitors to tailor their employment

offers during negotiations. If such information were made public, Uber's competitive standing could be significantly harmed. (Yang Decl. ¶ 4.)

The highlighted portions on pages 4-7 of Exhibit 7 contain highly confidential information concerning commercial terms that were the subject of business negotiations. This highly confidential information is not publicly known, and their confidentiality is strictly maintained. This information could be used by competitors or counterparties to Uber's detriment, including by using this information to gain an advantage over Uber in negotiations for business transactions. Disclosure of this information, which includes payment, purchasing, warranty, and other commercial terms that reveal Uber's negotiation priorities and desired results, would allow competitors or counterparties to tailor their negotiation tactics to counter Uber. If such information were made public, Uber's competitive standing could be significantly harmed. (Yang Decl. ¶ 5.)

The highlighted portions on page 10 of Exhibit 7 contain highly confidential financial terms of the Indemnification Agreement for which Judge Corley has already granted sealing (Dkt. 653). (Yang Decl. ¶ 6.)

Pursuant to Civil Local Rule 79-5(d)(2), Defendants will lodge with the Clerk the documents at issue, with accompanying chamber copies.

Defendants served Waymo with this Administrative Motion to File Documents Under Seal on July 10, 2017.

For the foregoing reasons, Defendants request that the Court enter the accompanying Proposed Order granting Defendants' Administrative Motion to File Documents Under Seal and designate the service copies of these documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

| | | |
|---|---|---|
| 1 | Dated: July 10, 2017 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: /s/Arturo J. González |
| | | ARTURO J. GONZÁLEZ |
| 4 | | |
| | | Attorneys for Defendants |
| 5 | | UBER TECHNOLOGIES, INC., OTTOMOTTO LLC, and OTTO TRUCKING LLC |
| 6 | | |