MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:     415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:     202.237.2727
Facsimile:     202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>           Defendants. | Case No.     3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR IDENTIFICATION OF MOTIONS IN LIMINE FOR RESOLUTION PRIOR TO TRIAL AND EXHIBITS THERETO** |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Defendants' Administrative Motion to File Under Seal Portions of Their Identification of Motions In Limine for Resolution Prior to Trial and Exhibits Thereto.

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Identification of Motions In Limine for Resolution Prior to Trial ("Brief") | Highlighted Portions | Defendants |
| Exhibit 3 | Entire Document | Defendants |
| Exhibit 5 | Entire Document | Defendants |
| Exhibit 6 | Entire Document | Defendants |
| Exhibit 7 | Highlighted Portions | Defendants |

3. The highlighted portions on page 6 of the Brief contain highly confidential information regarding Uber's LiDAR development and business strategy. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. I understand that this information could be used by competitors to Uber's detriment to gain an advantage over Uber; for example, disclosure of this information, which contains Uber's internal development timeline estimate, would allow competitors to understand Uber's LiDAR development and business strategy, and allow them to tailor their own strategy. If such information were made public, I understand Uber's competitive standing could be significantly harmed.

4. The entireties of Exhibits 3, 5, 6 are Equity Incentive Plans containing Defendants' highly confidential and sensitive business information regarding financial, compensation, and

employment terms.  This information is not publicly known, and their confidentiality is strictly maintained.  I understand that this information could be used by competitors to Uber's detriment, by using this information to gain an advantage over Uber in employment negotiations in a competitive market for talent.  Disclosure of this information would allow competitors to tailor their employment offers during negotiations.  If such information were made public, I understand Uber's competitive standing could be significantly harmed.

5. The highlighted portions on pages 4-7 of Exhibit 7 contain highly confidential information concerning commercial terms that were the subject of business negotiations.  This highly confidential information is not publicly known, and their confidentiality is strictly maintained.  This information could be used by competitors or counterparties to Uber's detriment, including by using this information to gain an advantage over Uber in negotiations for business transactions.  Disclosure of this information, which includes payment, purchasing, warranty, and other commercial terms that reveal Uber's negotiation priorities and desired results, would allow competitors or counterparties to tailor their negotiation tactics to counter Uber.  If such information were made public, Uber's competitive standing could be significantly harmed.

6. The highlighted portions on page 10 of Exhibit 7 contain highly confidential financial terms of the Indemnification Agreement for which this Court has already granted sealing (Dkt. 653).

7. Defendants' request to seal is narrowly tailored to the specific portions of the Brief and its supporting exhibits that merit sealing.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 10th day of July, 2017 in San Francisco, California.

                                                  */s/ Michelle Yang*
                                                    Michelle Yang

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated: July 10, 2017                                    */s/ Arturo J. González*
                                                        Arturo J. González