# EXHIBIT 7

| | |
|---|---|
| **From:** | Maxwell Pritt |
| **Sent:** | Friday, July 07, 2017 7:10 PM |
| **To:** | Jeff Nardinelli; John Cooper; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GPOttoTruckingWaymo@goodwinlaw.com |
| **Cc:** | QE-Waymo |
| **Subject:** | RE: Statement on RFP Search Scope |

John and Counsel,

As my email from 9:05am today requests and as we discussed on the meet and confer today, Waymo's list should identify (1) the RFPs to which Waymo applied its general objection to the definition of "Waymo," "Plaintiff," "You," and "Your" to mean Waymo only (and not Google/Alphabet); (2) the RFPs for which Waymo limited its search to only Waymo personnel and documents (which we understand from the discussion may overlap with #1), along with the reasons for Waymo's limitation; and (3) whether Waymo limited any of the non-custodial sources it identified on Monday, July 3, to sources at Waymo only, and, if so, whether similar sources exist at Google/Alphabet.

We ask that this information be provided no later than Monday morning so we can discuss on the meet and confer already scheduled for 1:00 p.m. whether we are at an impasse on any of these issues.

Thank you.

Best,
Max

**From:** Jeff Nardinelli [mailto:jeffnardinelli@quinnemanuel.com]
**Sent:** Friday, July 07, 2017 6:53 PM
**To:** Maxwell Pritt; John Cooper; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GPOttoTruckingWaymo@goodwinlaw.com
**Cc:** QE-Waymo
**Subject:** RE: Statement on RFP Search Scope

Counsel and John,

On today's meet and confer, Waymo agreed to provide a list of the RFPs for which we limited our search to only Waymo personnel and documents, along with the reasons for our limitation. We will provide this list by EOB Monday.

Thanks,
Jeff

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Thursday, July 06, 2017 8:20 PM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; John Cooper <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GPOttoTruckingWaymo@goodwinlaw.com

**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Statement on RFP Search Scope

Jeff,

Andrea said on this morning's meet and confer that she'd try to get back to us by 4:00 p.m. today with a list of the RFPs for which Waymo applied its general objection and interpreted "You" or "Waymo" to mean Waymo only (and not Google/Alphabet), and for which Waymo limited its search to Waymo documents and excluded Google/Alphabet documents. She also said she'd try to get back to us at that time about whether any of the non-custodial sources you searched were limited to Waymo and excluded Google/Alphabet. Please let us know when we will receive a response.

Once Waymo has identified the list of RFPs for which it limited its search to Waymo and excluded Google/Alphabet (e.g., RFP 3, 95), please let us know if Waymo will withdraw its limitation in light of Judge Corley's order from this morning: "The Court understands that Waymo has represented that it will not object to any discovery request on the grounds that the responsive documents are in the possession, custody or control of Google or Alphabet." If not, we will need to inform Judge Corley.

Thanks,
Max

---

**From:** Jeff Nardinelli [mailto:jeffnardinelli@quinnemanuel.com]
**Sent:** Thursday, July 06, 2017 8:16 PM
**To:** John Cooper; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GPOttoTruckingWaymo@goodwinlaw.com
**Cc:** QE-Waymo
**Subject:** Statement on RFP Search Scope

John and Counsel,

I was traveling during this morning's call but I understand from my colleagues that Waymo has agreed to provide a list of each RFP in response to which Waymo only searched "Waymo" files for documents. As we've explained many times, Waymo has not argued that it has been unable to locate a document because it is a "Google" document. But I understand that Uber now asks for something different. I understand that Uber now asks not whether Waymo was unable to locate documents, but whether Waymo did not search for documents, such as on relevance or burden grounds.

If my understanding is incorrect, please let me know. Assuming that is correct, I'll have an answer by tomorrow.

Thanks,
Jeff

**Jeff Nardinelli**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6325 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jeffnardinelli@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any

review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

3