# EXHIBIT 9

| | |
|---|---|
| **From:** | Jeff Nardinelli <jeffnardinelli@quinnemanuel.com> |
| **Sent:** | Monday, July 10, 2017 5:03 PM |
| **To:** | Maxwell Pritt; John Cooper; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GPOttoTruckingWaymo@goodwinlaw.com |
| **Cc:** | QE-Waymo |
| **Subject:** | RE: Statement on RFP Search Scope |

John and Counsel,

We write in response to our discussions concerning our RFP responses, including Mr. Pritt's email below. We begin with one note of clarification. Waymo became an independent entity in December 2016. When we refer to "Waymo" we refer to Google's self-driving car program, from its inception as Project Chauffeur to its current incarnation. In other words, where we refer our searches below being of "Waymo" documents, that includes documents from Google's self-driving car program predating Waymo's creation.

Having said that, Waymo hereby describes the extent to which, in its collection efforts tethered to particular RFPs, Waymo applied its general objection to the definition of "Waymo," meaning Waymo did not search custodians and/or sources beyond those identified with Waymo:

RFP Nos. 3, 4: Defendants have stated in prior meet-and-confers that they seek this information concerning the download behavior of others in order to put Levandowski's downloads in context. Thus, Waymo provided six months of Drive download data from 20 of Levandowski's former engineer colleagues, as well as more than a year's worth of unfiltered SVN log data, SVN being Waymo's confidential design server. The download behavior of, for instance, Google Search engineers, would be far less probative than the download patterns of Levandowski's colleagues.

RFP Nos. 5-20, 22-30, 33-34, 77, 79-80, 98-104, 114, 119: As previously explained, these documents concern "the development and value of Waymo's trade secrets." Dkt. 746 at 2. Because the development of Waymo's trade secrets took place entirely inside Waymo, Waymo limited its search to Waymo (again, that is including Google's self-driving car program). There is no good reason to search Alphabet, other than within its self-driving car business, for documents concerning development efforts exclusive to its self-driving car business.

RFP Nos. 31, 32, 35: These requests concern public filings related to LiDAR and self-driving vehicles. In response, Waymo asked Waymo's government/regulatory personnel to collect all such filings. Waymo has no reason to believe that Alphabet, beyond Waymo, has made any regulatory filings relating to LiDAR or self-driving vehicles.

RFP Nos. 38-43, 125-128: Waymo initially objected to these RFPs, each relating to side businesses, but Judge Corley ordered Waymo to produce documents "limited to employees in Google/Waymo's self-driving car businesses." Dkt. 808 at 2. Accordingly Waymo will limit its response to Waymo.

RFP No. 46: This request is expressly cabined to employees that departed "Waymo LLC or Project Chauffeur." To search beyond Waymo/Chauffeur would be to search for more than what was requested.

RFP Nos. 61-62: These requests concern Waymo's finance and performance. In response, we searched for documents relating to Waymo's finances and performance. To search for documents concerning Alphabet's

finance and performance would mean searching for documents concerning the performance of Search, Gmail, and other Alphabet entities with nothing to do with this case.

RFP Nos. 89-95, 157:  These requests concern the ride-sharing market and business.  Because Waymo is the Alphabet company seeking to enter the ride-sharing business, we limited our search to Waymo's ride-sharing business.  To the extent any other areas of Alphabet are engaged in the ride-sharing business without connection to Waymo or this suit, those areas are irrelevant.

RFP Nos. 129-130:  These requests concern Waymo's efforts to replace Waymo employees who were subsequently employed by Defendants.  Waymo initially objected, but Judge Corley ruled that these documents are "relevant to Waymo's damages" in that Waymo may have been harmed by Uber "recruit[ing] engineers from Waymo's program."  Dkt. 808 at 2.  Thus, Waymo will contain its search to Waymo employees.  To the extent that some other employee within the Alphabet family went to work at Uber, that departure is not relevant to any damages sustained by Waymo by the loss of its self-driving personnel.

RFP Nos. 138-140:  These RFPs are expressly limited to communications between Levandowski and Waymo personnel (Krafcik, Salesky, Droz).  Waymo responded accordingly.

RFP Nos. 147-156:  These RFPs each concern Lyft.  As Judge Corley ruled, these requests are relevant because "Plaintiff and Lyft entered into the deal."  Dkt. 832 at 3.  Accordingly, Waymo will search only sources involving Plaintiff, i.e., Waymo.  To the extent that Alphabet may have had communications or negotiations with Lyft unrelated to the Waymo/Lyft deal, they are irrelevant.

RFP Nos. 161-162:  These requests are expressly limited to drafts and communications concerning a Waymo document.  Waymo therefore produced drafts of the document, which are inherently Waymo documents, and emails communicating about the document amongst Waymo personnel.

As for non-custodial sources:

- "Drive repositories concerning regulatory filings."  These were the repositories identified by Ron Medford and other members of the regulatory team.  *See* RFP Nos. 31, 32, 35.  These repositories include documents that pre- and post-date Waymo's creation in December 2016.
- "Drive repositories concerning self-driving car technology."  These correspond to RFP Nos. 5-20, 22-30, 33-34, 77, 79-80, 98-104, 114, 119, concerning Waymo's development of self-driving technology.  These repositories include documents that pre- and post-date Waymo's creation in December 2016.
- "SVN Audit Log."  This is a spreadsheet maintained by the SVN server administrator.  It was created before December 2016 and has been actively maintained since then.

The other non-custodial sources are not Waymo-specific.

---

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Friday, July 07, 2017 7:10 PM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; John Cooper <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GPOttoTruckingWaymo@goodwinlaw.com
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Statement on RFP Search Scope

John and Counsel,

As my email from 9:05am today requests and as we discussed on the meet and confer today, Waymo's list should identify (1) the RFPs to which Waymo applied its general objection to the definition of "Waymo," "Plaintiff," "You," and "Your" to mean Waymo only (and not Google/Alphabet); (2) the RFPs for which Waymo limited its search to only Waymo personnel and documents (which we understand from the discussion may overlap with #1), along with the reasons for Waymo's limitation; and (3) whether Waymo limited any of the non-custodial sources it identified on Monday, July 3, to sources at Waymo only, and, if so, whether similar sources exist at Google/Alphabet.

We ask that this information be provided no later than Monday morning so we can discuss on the meet and confer already scheduled for 1:00 p.m. whether we are at an impasse on any of these issues.

Thank you.

Best,
Max

---

**From:** Jeff Nardinelli [mailto:jeffnardinelli@quinnemanuel.com]
**Sent:** Friday, July 07, 2017 6:53 PM
**To:** Maxwell Pritt; John Cooper; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GPOttoTruckingWaymo@goodwinlaw.com
**Cc:** QE-Waymo
**Subject:** RE: Statement on RFP Search Scope

Counsel and John,

On today's meet and confer, Waymo agreed to provide a list of the RFPs for which we limited our search to only Waymo personnel and documents, along with the reasons for our limitation. We will provide this list by EOB Monday.

Thanks,
Jeff

---

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Thursday, July 06, 2017 8:20 PM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; John Cooper <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GPOttoTruckingWaymo@goodwinlaw.com
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Statement on RFP Search Scope

Jeff,

Andrea said on this morning's meet and confer that she'd try to get back to us by 4:00 p.m. today with a list of the RFPs for which Waymo applied its general objection and interpreted "You" or "Waymo" to mean Waymo only (and not Google/Alphabet), and for which Waymo limited its search to Waymo documents and excluded Google/Alphabet documents. She also said she'd try to get back to us at that time about whether any of the non-custodial sources you searched were limited to Waymo and excluded Google/Alphabet. Please let us know when we will receive a response.

Once Waymo has identified the list of RFPs for which it limited its search to Waymo and excluded Google/Alphabet (e.g., RFP 3, 95), please let us know if Waymo will withdraw its limitation in light of Judge Corley's order from this morning:  "The Court understands that Waymo has represented that it will not object to any discovery request on the grounds that the responsive documents are in the possession, custody or control of Google or Alphabet."  If not, we will need to inform Judge Corley.

Thanks,
Max

**From:** Jeff Nardinelli [mailto:jeffnardinelli@quinnemanuel.com]
**Sent:** Thursday, July 06, 2017 8:16 PM
**To:** John Cooper; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GPOttoTruckingWaymo@goodwinlaw.com
**Cc:** QE-Waymo
**Subject:** Statement on RFP Search Scope

John and Counsel,

I was traveling during this morning's call but I understand from my colleagues that Waymo has agreed to provide a list of each RFP in response to which Waymo only searched "Waymo" files for documents.  As we've explained many times, Waymo has not argued that it has been unable to locate a document because it is a "Google" document.  But I understand that Uber now asks for something different.  I understand that Uber now asks not whether Waymo was unable to locate documents, but whether Waymo did not search for documents, such as on relevance or burden grounds.

If my understanding is incorrect, please let me know.  Assuming that is correct, I'll have an answer by tomorrow.

Thanks,
Jeff

**Jeff Nardinelli**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6325 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jeffnardinelli@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any

dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]