1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                       SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | Case No. 3:17-cv-00939-WHA |
| Plaintiff, | **[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION TO COMPEL** |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | Docket Nos. 868, \_\_\_\_ |
| Defendants. | |

Now pending for decision is Defendants Uber Technologies, Inc.'s and Ottomotto LLC's (collectively, "Uber's") motion to compel Waymo to produce documents. (Dkt. 867.) Having considered the motion and Plaintiff Waymo LLC's ("Waymo's") opposition, the Court hereby ORDERS:

**A. Requests for Documents Related to Waymo's Trade Secret Protections**

Request No. 46 seeks "Documents sufficient to show to any collection, analysis, review, or findings related to Waymo computers, email, or other devices of current Waymo employees and/or Waymo devices of former employees upon their departure from Waymo LLC or Project Chauffeur since January 2009." Request No. 119 seeks "confidentiality and/or non-disclosure agreements Waymo has or has had with its vendors, suppliers, and customers, from 2009 to the present." Both requests seek information relevant to Uber's defense to Waymo's trade secret claims, including Uber's contention that Waymo did not use reasonable efforts to protect the secrecy of the alleged trade secrets. Waymo's response that it will produce a "representative" sample of agreements is unhelpful and insufficient to satisfy Request No. 119. Waymo's refusal to produce responsive documents for employees other than the three it selected is also improper and insufficient to satisfy Request No. 46. Thus, Waymo shall produce all documents responsive to Request Nos. 46 and 119.

**B. Requests for Documents Related to Employee Dissatisfaction and Departures**

Waymo also responded to Request Nos. 63 (complaints and dissatisfaction about Waymo's performance), 66 (reasons for departure of any employee who later became an employee of Defendants), 121 (Waymo employees who resigned), and 122 (personnel files of employees later who were employed by Defendants) by refusing to produce responsive documents except for the three employees it named in its complaint. Those responses are likewise improper because these requests seek information relevant to Uber's defense to Waymo's allegations that Levandowski and others left Waymo to steal trade secrets. Accordingly, Waymo shall produce all documents responsive to Request Nos. 63, 66, 121, and 122.

//

**C. Request for Documents Related to Waymo's Investigation of Levandowski**

Request No. 53 seeks "All documents relating to when Waymo began investigating the possibility of Anthony Levandowski's retention of Waymo files after his departure from Waymo as alleged in the Waymo Complaint." Waymo responded that it "served a privilege log disclosing a communication dated July 29, 2017," which it later clarified to be July 29, 2016. This response is insufficient. Waymo shall produce all non-privileged documents responsive to Request No. 53. Waymo must also produce a privilege log with all privileged documents responsive to Request No. 53.

**D. Request to Search and Produce Responsive Google and Alphabet Documents**

Waymo objects to searching for and producing documents responsive to numerous discovery requests to the extent that those documents are located at Google or Alphabet, despite having previously represented that it would not object to discovery requests on the grounds that responsive documents are in the possession, custody or control of Google or Alphabet. (Dkt. 808 at 3.) These specific objections also are not identified in Waymo's written discovery responses. Moreover, the Court already ruled that Defendants are entitled to develop their own defense to Plaintiff's claims for relief and need not rely solely on what Plaintiff contends is relevant. (Dkt. 832 at 3.)

The Court will hold Waymo to its previous representation, and overrule Waymo's general objection limiting "Waymo" to "Google's self-driving car program." Waymo must search for and produce documents responsive to requests regardless of whether they are located at Waymo, Google, or Alphabet.

**CONCLUSION**

For the reasons stated above, the Court GRANTS Uber's motion to compel Waymo to produce documents.

Waymo shall comply with this Order within one week of today. Any objections shall be filed with the district court on or before July ___, 2017.

This Order disposes of Docket Nos. 868 and _____.

**IT IS SO ORDERED.**

1  Dated: July ___, 2017
2
3                                              _____
                                               JACQUELINE SCOTT CORLEY
4                                              United States Magistrate Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28