IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>  Plaintiff,<br><br> v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; and OTTO<br>TRUCKING LLC,<br><br>  Defendants. | No. C 17-00939 WHA<br><br>**ORDER SETTING BRIEFING SCHEDULE FOR AND HEARING ON EARLY MOTIONS *IN LIMINE*** |

The Court has reviewed counsel's lists describing proposed opinion testimony (Dkt. Nos. 769–71), proposed testimony regarding prior orders, proposed testimony regarding prior admissions by counsel, and proposed testimony regarding events occurring after the commencement of this action (Dkt. Nos. 849, 853–54, 856) for use in cases-in-chief at trial. As previously stated, a major purpose of these lists is to alert counsel to items needing advance attention via motions *in limine* (*see* Dkt. No. 784). Accordingly, each side may supplement its proposal for early motions *in limine* (*see* Dkt. Nos. 851, 855, 858) by **JULY 17 AT NOON** to propose additional early motions *in limine* in response to the aforementioned lists.

Meanwhile, having reviewed the parties' current proposals for early motions *in limine* (ten from plaintiff Waymo LLC and twelve from all defendants), the Court **ORDERS** as follows:

1. A hearing on the early motions *in limine* selected herein is set for **JULY 26 AT 8:00 A.M.**

2. Waymo shall file its fourth proposed early motion *in limine* (*see* Dkt. No. 851 at 5–6) by **JULY 17 AT NOON**, with responses due by **JULY 21 AT NOON**.

3. Defendants shall file their seventh proposed early motion *in limine* (*see* Dkt. No. 855 at 4–6) by **JULY 17 AT NOON**, with responses due by **JULY 21 AT NOON**.

4. No action will be taken on defendants' eighth proposed early motion *in limine* (*see id.* at 6) pending resolution of their motion to strike (Dkt. No. 797).

5. Defendants shall file their twelfth proposed early motion *in limine* (*see* Dkt. No. 855 at 9–10) by **JULY 17 AT NOON**, with responses due by **JULY 21 AT NOON**.

6. In lieu of filing its sixth proposed early motion *in limine* (*see* Dkt. No. 851 at 8–9), Waymo shall include any argument that Morrison and Foerster should be disqualified from acting as trial counsel in its response to Uber Technologies, Inc., and Ottomotto LLC's already-pending motion *in limine* to exclude any reference at trial to Morrison's role in the acquisition of Ottomotto (*see* Dkt. No. 809). The deadline for that response remains set for **JULY 14**. In lieu of filing their ninth proposed early motion *in limine* (*see* Dkt. No. 855 at 6–7), Uber and Ottomotto shall file a reply by **JULY 18 AT NOON** that includes any argument urging exclusion of evidence regarding Morrison or Stroz Friedberg's alleged possession of Waymo's trade secrets. Waymo may file a sur-reply by **JULY 21 AT NOON**.

7. Motions and briefs submitted pursuant to this order shall not exceed **SIX PAGES IN LENGTH** (with no footnotes and minimal attachments, if any) per motion or brief.

2

8. Waymo's first, second, third, fifth, and ninth proposed early motions *in limine* are tentatively **DENIED** without prejudice to renewal via targeted objections raised against specific items of evidence at trial. Waymo's seventh, eighth, and tenth proposed early motions *in limine* are tentatively **GRANTED** without prejudice to defendants making a contrary showing to admit specific items of evidence at trial.

9. Defendants' second proposed early motion *in limine* is tentatively **GRANTED** except as to assertions of privilege that, at the time of trial, have been deemed invalid by a final order of this Court or the Federal Circuit. Defendants' first, fourth, fifth, sixth, and eleventh proposed early motions *in limine* are tentatively **DENIED** without prejudice to renewal via targeted objections raised against specific items of evidence at trial. Defendants' third and tenth proposed early motions *in limine* are tentatively **GRANTED** without prejudice to Waymo making a contrary showing to admit specific items of evidence at trial.

10. The foregoing tentative rulings are provided to inform counsel as to the Court's initial impressions on their proposed motions and to help streamline arguments on any points in dispute. Possibly, the tentative rulings will be discussed at the July 26 hearing if time permits. (None of the tentative rulings constitute final rulings *in limine*. Counsel shall not claim otherwise.)

**IT IS SO ORDERED.**

Dated: July 11, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3