HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:      415.268.7000
Facsimile:      415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:      202.237.2727
Facsimile:      202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.      3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-91)**<br><br>Trial Date: October 2, 2017 |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants

2    Uber Technologies, Inc. and Ottomotto LLC (collectively "Defendants") object and respond to

3    Plaintiff Waymo LLC's First Set of Requests for Production of Documents, served on May 9,

4    2017.

5                                **GENERAL OBJECTIONS**

6           Defendants make the following general responses and objections ("General Objections")

7    to each definition, instruction, and request propounded in Plaintiff's Requests for Production of

8    Documents.  These General Objections are hereby incorporated into each specific response.  The

9    assertion of the same, similar or additional objections or partial responses to the individual

10   requests does not waive any of Defendants' General Objections.

11          1.      Defendants object to each Request, Definition, or Instruction to the extent it seeks

12   or purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules

13   of Civil Procedure, Federal Rules of Evidence, or the applicable rules and orders of this Court.

14          2.      Nothing in these responses is an admission by Defendants of the existence,

15   relevance, or admissibility of any information, for any purpose.  Defendants reserve all objections

16   as to competency, relevance, materiality, privilege, or admissibility related to the use of their

17   responses and any document or thing identified in their responses as evidence for any purpose

18   whatsoever in any subsequent proceeding in this action or any other action.

19          3.      Defendants object to each Request to the extent it seeks information not within

20   Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of

21   business.  Defendants will provide only relevant, non-privileged information that is within their

22   present possession, custody, or control and available after a reasonable investigation.

23          4.      Defendants object to these Requests insofar as they purport to require Defendants

24   to search for information beyond that which is available after a reasonable search as it relates to

25   this case and the scope of discovery at this stage.

26          5.      Defendants object to each Request to the extent that it calls for documents,

27   information, or things that are publicly available and therefore as accessible to Plaintiff as to

28   Defendants.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  6.  Defendants object to each Request to the extent that it is overbroad and not

2  proportional to the needs of the case, considering the importance of the issues in the action, the

3  amount in controversy, the parties' relative access to relevant information, the parties' resources,

4  the importance of the discovery in resolving the issues, and whether the burden or expense of the

5  proposed discovery outweighs its likely benefit.

6  7.  Defendants object to each Request to the extent that it is not limited in time.

7  Defendants will produce information from a reasonable time period as it relates to this case.

8  8.  Defendants object to each Request to the extent it seeks a response from persons or

9  entities that are not parties to the lawsuit and over whom Defendants have no control.  Defendants

10  respond to the Requests on Defendants' own behalf.

11  9.  To the extent any Request, Instruction, or Definition may be construed as calling

12  for disclosure of information subject to the attorney-client privilege, work product immunity,

13  joint defense or common interest, or any other applicable privilege or protection, Defendants

14  hereby claim such privileges and immunities and object on such grounds.  Defendants do not

15  waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint

16  defense or common-interest privilege or any other privilege, immunity, or other protection that

17  may be asserted to protect information from disclosure.

18  8.  Defendants object to the Requests to the extent that they are compound, complex

19  and contain multiple subparts.

20  9.  Defendants object to the definitions of "WAYMO," , "GOOGLE," "OTTO

21  TRUCKING," "ODIN WAVE," "TYTO," "POUCH HOLDINGS," "DOGWOOD LEASING,"

22  "APPARATE INTERNATIONAL," and "STROZ"  as overbroad, vague, and ambiguous because

23  Defendants do not know, for example, all "current and former employees, counsel, agents,

24  consultants, representatives, and any other persons acting on behalf of" each entity.

25  10.  Defendants object to the definition of "MISAPPROPRIATED MATERIALS" as

26  overbroad, vague, and ambiguous to the extent it includes materials unknown to Defendants or

27  that are otherwise not relevant to the issues in this litigation.

28  11.  Defendants object to Instruction No. 1 as overbroad, unduly burdensome, and not

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

2

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   proportional to the needs of the case to the extent it purports to impose duties greater than those

2   set forth in Paragraphs 12 and 13 of the Court's Supplemental Order to Order Setting Initial Case

3   Management Conference in Civil Cases Before Judge William Alsup ("Supplemental Order").

4         12.    Defendants object to Instruction Nos. 3 through 5 as overbroad, unduly

5   burdensome, and not proportional to the needs of the case to the extent they purport to impose

6   duties greater than those set forth in Paragraph 14 of the Court's Supplemental Order.

7         13.    Defendants object to Instruction No. 7 as overbroad, unduly burdensome, and not

8   proportional to the needs of the case, including to the extent it purports to impose duties greater

9   than those set forth in Paragraph 12 to the Court's Supplemental Order.

10         14.    Although Defendants have diligently complied with their discovery obligations at

11   this stage, their investigations in connection with this litigation are continuing.  These responses

12   are limited to information obtained to date and are given without prejudice to Defendants' right to

13   amend or supplement their responses after considering information obtained through further

14   discovery or investigation.

15         Subject to without waiving its General Objections, Defendants object and respond to the

16   Requests as follow:

17                   **SPECIFIC OBJECTIONS AND RESPONSES**

18   **REQUEST FOR PRODUCTION NO. 1:**

19         All agreements between STROZ and any DEFENDANT REGARDING

20   LEVANDOWSKI, Lior Ron, OTTO, OTTOMOTTO, GOOGLE, WAYMO, or the

21   MISAPPROPRIATED MATERIALS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

23         Defendants have already produced documents responsive to this Request in production

24   volumes 10, 31, and 37.

25         This Request seeks privileged information that is the subject of a pending appeal.

26   Defendants cannot produce that information unless and until the appeal is resolved.

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

3

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   Defendants object to this Request to the extent that it seeks information protected by the

2   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

3   from discovery, regardless of the outcome of the appeal.

4

5   **REQUEST FOR PRODUCTION NO. 2:**

6   All DOCUMENTS and COMMUNICATIONS REGARDING agreements between

7   STROZ and any DEFENDANT REGARDING LEVANDOWSKI, Lior Ron, OTTO,

8   OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

10   Defendants have already produced documents responsive to this Request in production

11   volume 30.

12   This Request seeks privileged information that is the subject of a pending appeal.

13   Defendants cannot produce that information unless and until the appeal is resolved.

14   Defendants object to this Request to the extent that it seeks information protected by the

15   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

16   from discovery, regardless of the outcome of the appeal.  Defendants have already furnished

17   privilege logs for documents that potentially could be responsive to the Court's March 16, 2017

18   order.  To the extent this Request seeks additional documents, Defendants object that it is

19   overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks

20   "all" documents and communications.

21

22   **REQUEST FOR PRODUCTION NO. 3:**

23   All agreements between STROZ and LEVANDOWSKI.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

25   Defendants have already produced documents responsive to this Request in production

26   volume 37.

27   This Request seeks privileged information that is the subject of a pending appeal.

28   Defendants cannot produce that information unless and until the appeal is resolved.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

4

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    Defendants object to this Request to the extent it seeks documents outside the possession,

2    custody, or control of Defendants.  Defendants further object to this Request to the extent that it

3    seeks information protected by the attorney-client privilege or the work product doctrine or that is

4    otherwise privileged or protected from discovery, regardless of the outcome of the appeal.

5

6    **REQUEST FOR PRODUCTION NO. 4:**

7    All DOCUMENTS and COMMUNICATIONS REGARDING agreements between

8    STROZ and LEVANDOWSKI.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

10    This Request seeks privileged information that is the subject of a pending appeal.

11    Defendants cannot produce that information unless and until the appeal is resolved.

12    Defendants object to this Request to the extent it seeks documents outside the possession,

13    custody, or control of Defendants.  Defendants further object to this Request to the extent that it

14    seeks information protected by the attorney-client privilege or the work product doctrine or that is

15    otherwise privileged or protected from discovery, regardless of the outcome of the appeal.

16    Defendants have already furnished privilege logs for documents that potentially could be

17    responsive to the Court's March 16, 2017 order.  To the extent this Request seeks additional

18    documents, Defendants object that it is overbroad, unduly burdensome, and not proportional to

19    the needs of the case insofar as it seeks "all" documents and communications.

20

21    **REQUEST FOR PRODUCTION NO. 5:**

22    All agreements between LEVANDOWSKI and any DEFENDANT.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

24    Defendants have already produced non-privileged documents responsive to this Request

25    in production volumes 32 and 42.  After a reasonably diligent search, Defendants have not located

26    any additional responsive documents.

27    Defendants object to this Request to the extent that it seeks information protected by the

28    attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

5

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

2   proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

3   as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

4   case to the extent it calls for the production of documents that are unrelated to this litigation.

5

6   **REQUEST FOR PRODUCTION NO. 6:**

7        All DOCUMENTS and COMMUNICATIONS REGARDING agreements between

8   LEVANDOWSKI and any DEFENDANT.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

10       Defendants object to this Request to the extent that it seeks information protected by the

11  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

12  from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

13  proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

14  as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

15  case to the extent it calls for the production of documents that are unrelated to this litigation.

16       Defendants are willing to meet and confer with Plaintiff to narrow the scope, subject

17  matter, and time frame of this Request.

18

19  **REQUEST FOR PRODUCTION NO. 7:**

20       All agreements between UBER, on the one hand, and OTTOMOTTO and/or

21  OTTOTRUCKING, on the other.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

23       Defendants have already produced documents responsive to this Request in production

24  volumes 27, 28, 29, 35, and 41.  After a reasonably diligent search, Defendants have not located

25  any additional responsive documents.

26       Defendants object to this Request as irrelevant, overbroad, and not proportional to the

27  needs of the case; specifically, Defendants object that the Request is overbroad as to scope,

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

6

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

2   extent it calls for the production of documents that are unrelated to this litigation.

3

4   **REQUEST FOR PRODUCTION NO. 8:**

5   All DOCUMENTS and COMMUNICATIONS REGARDING agreements between

6   UBER and OTTOMOTTO and/or OTTO TRUCKING.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

8   Defendants object to this Request to the extent that it seeks information protected by the

9   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

10   from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

11   proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

12   as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

13   case to the extent it calls for the production of documents that are unrelated to this litigation.

14   Defendants are willing to meet and confer with Plaintiff to narrow the scope, subject

15   matter, and time frame of this Request.

16

17   **REQUEST FOR PRODUCTION NO. 9:**

18   All agreements between OTTOMOTTO and OTTO TRUCKING.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

20   Defendants will produce all relevant, responsive, non-privileged agreements located

21   through a reasonably diligent search.

22   Defendants object to this Request to the extent that it seeks information protected by the

23   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

24   from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

25   proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

26   as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

27   case to the extent it calls for the production of documents that are unrelated to this litigation.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

7

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  **REQUEST FOR PRODUCTION NO. 10:**

2      All DOCUMENTS and COMMUNICATIONS REGARDING agreements between

3  OTTOMOTTO and OTTO TRUCKING.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

5      Defendants object to this Request to the extent that it seeks information protected by the

6  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

7  from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

8  proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

9  as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

10  case to the extent it calls for the production of documents that are unrelated to this litigation.

11      Defendants are willing to meet and confer with Plaintiff to narrow the scope, subject

12  matter, and time frame of this Request.

13

14  **REQUEST FOR PRODUCTION NO. 11:**

15      DOCUMENTS sufficient to show the relationship between OTTOMOTTO and OTTO

16  TRUCKING.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

18      Defendants will produce a document or documents in their possession, custody, or control

19  sufficient to show the relationship between OTTOMOTTO and OTTO TRUCKING, to the extent

20  there is any relationship.

21      Defendants object to this Request to the extent it is duplicative of other Requests and,

22  therefore, unnecessary and unduly burdensome.  Request No. 11 is duplicative of, inter alia,

23  Request Nos. 9 and 10.

24

25  **REQUEST FOR PRODUCTION NO. 12:**

26      DOCUMENTS sufficient to show the relationship between UBER and OTTO

27  TRUCKING.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

8

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants have produced documents sufficient to show the relationship between Uber and Otto Trucking in production volumes 27, 28, 29, and 35.  Defendants consider their production to be complete at this time.

Defendants object to this Request to the extent it is duplicative of other Requests and, therefore, unnecessary and unduly burdensome.  Request No. 12 is duplicative of, inter alia, Request Nos. 7 and 8.

**REQUEST FOR PRODUCTION NO. 13:**

All agreements between LEVANDOWSKI and TYTO and/or ODIN WAVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

After a diligent search and reasonable inquiry, Defendants respond that Defendants have no documents responsive to this Request.

Defendants object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between LEVANDOWSKI and TYTO and/or ODIN WAVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

After a diligent search and reasonable inquiry, Defendants respond that Defendants have no documents responsive to this Request.

Defendants object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants, and to the extent that it seeks information protected by the

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

9

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS sufficient to show the relationship between LEVANDOWSKI and TYTO and/or ODIN WAVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

After a diligent search and reasonable inquiry, Defendants respond that Defendants have no documents responsive to this Request.

Defendants object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants.  Defendants further object to this Request as duplicative of other Requests, including but not limited to Request Nos. 13 and 14.

**REQUEST FOR PRODUCTION NO. 16:**

All agreements between LEVANDOWSKI and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

After a diligent search and reasonable inquiry, Defendants respond that Defendants have no documents responsive to this Request.

Defendants object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

10

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to show the relationship between LEVANDOWSKI and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

After a diligent search and reasonable inquiry, Defendants respond that Defendants have no documents responsive to this Request.

Defendants object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants, and as overbroad insofar as it seeks documents regarding Apparate International.  Defendants further object to this Request as duplicative of other Requests, including but not limited to Request No. 16.


**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between LEVANDOWSKI and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

After a diligent search and reasonable inquiry, Defendants respond that Defendants have no documents responsive to this Request.

Defendants object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants, and to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.


**REQUEST FOR PRODUCTION NO. 19:**

All agreements between any DEFENDANT and TYTO and/or ODIN WAVE.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

11

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants have produced documents responsive to this Request pursuant to expedited Requests for Production Nos. 4 and 22.  Defendants consider their production to be complete at this time.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between any DEFENDANT and TYTO and/or ODIN WAVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants will produce responsive non-privileged DOCUMENTS and COMMUNICATIONS between Tyto, on one hand, and Uber or Ottomotto, on the other hand, located through a reasonably diligent search, to the extent such DOCUMENTS and COMMUNICATIONS relate to agreements that were previously produced by Defendants in connection with expedited Requests for Production Nos. 4 and 22.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to show the relationship between any DEFENDANT and TYTO and/or ODIN WAVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants have produced documents responsive to this Request pursuant to expedited Requests for Production Nos. 4 and 22.  Defendants consider their production to be complete at this time.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

12

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 22:**

All agreements between any DEFENDANT and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

After a diligent search and reasonable inquiry, Defendants respond that they have no responsive agreements with Dogwood Leasing or Pouch Holdings.

Defendants object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope—especially insofar as it seeks documents regarding Apparate International—, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between any DEFENDANT and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

After a diligent search and reasonable inquiry, Defendants respond that they have no responsive agreements with Dogwood Leasing or Pouch Holdings.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope—especially insofar as it seeks documents regarding Apparate International—, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

13

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 24:**

All agreements between TYTO and/or ODIN WAVE, on the one hand, and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL, on the other.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

After a diligent search and reasonable inquiry, Defendants respond that Defendants have no documents responsive to this Request as to Dogwood Leasing.  Defendants will produce all relevant, responsive agreements located through a reasonably diligent search.

Defendants object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between TYTO and/or ODIN WAVE, on the one hand, and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL, on the other.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants will produce relevant, responsive non-privileged DOCUMENTS and COMMUNICATIONS located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

14

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to show the relationship between TYTO and/or ODIN WAVE, on the one hand, and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL, on the other.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

After a diligent search and reasonable inquiry, Defendants respond that Defendants have no documents responsive to this Request as to Dogwood Leasing or Apparate International. Defendants will produce a DOCUMENT or DOCUMENTS responsive to this Request as to Pouch Holdings.

Defendants object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to show the reasons behind UBER's decision to acquire OTTOMOTTO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendants have produced documents sufficient to show the reasons behind UBER's decision to acquire OTTOMOTTO in production volumes 27, 29, and 35.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as vague and ambiguous, including as to the phrase "reasons behind."

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS REGARDING UBER's due diligence of OTTOMOTTO.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

15

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants have produced documents responsive to this Request in production volumes 19, 26, 27, 28, 29, 32 ,33, 37, 40, 41, and 42.  Moreover, this Request is the subject of current motion practice, and Defendants cannot produce further requested non-privileged information unless and until the issue is resolved.  Defendants are willing to meet and confer with Plaintiff to narrow the scope, subject matter, and time frame of this Request for any further productions.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants have already furnished privilege logs for documents that potentially could be responsive to the Court's March 16, 2017 order.  To the extent this Request seeks additional documents, Defendants object that it is overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks "all" documents and communications. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS REGARDING negotiations over UBER's acquisition of OTTOMOTTO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

16

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  Defendants additionally object that responding to this Request would be oppressive and unduly

2  burdensome.

3       Defendants are willing to meet and confer with Plaintiff to narrow the scope, subject

4  matter, and time frame of this Request.

5

6  **REQUEST FOR PRODUCTION NO. 30:**

7       All DOCUMENTS REGARDING any consulting work by LEVANDOWSKI for UBER

8  before August 18, 2016.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

10       Defendants have produced documents responsive to this Request in production volumes

11  51 and 52, and in connection with Defendants' production pursuant to expedited Requests 13-17.

12  To the extent Defendants locate any additional non-privileged responsive documents related to

13  LiDAR, they will produce such documents.

14       Defendants object to this Request to the extent that the term "REGARDING any

15  consulting work" is vague and ambiguous in the context of this Request.  Defendants further

16  object to this Request as irrelevant, overbroad, and not proportional to the needs of the case;

17  specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time,

18  and is irrelevant and not proportional to the needs of the case to the extent it calls for the

19  production of documents that are unrelated to this litigation.

20

21  **REQUEST FOR PRODUCTION NO. 31:**

22       All COMMUNICATIONS between LEVANDOWSKI and UBER before August 18,

23  2016.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

25       Defendants have produced documents responsive to this Request.  Defendants will

26  produce responsive non-privileged COMMUNICATIONS located through a reasonably diligent

27  search.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

17

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants have already furnished privilege logs for documents that potentially could be responsive to the Court's March 16, 2017 order.  To the extent this Request seeks additional privileged documents, Defendants object that it is overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendants further object to this Request as overbroad as to scope and subject matter to the extent it calls for the production of documents that are unrelated to this litigation.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS REGARDING work performed by OTTOMOTTO, OTTO TRUCKING, ODIN WAVE, and/or TYTO for UBER before August 18, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants have produced documents responsive to this Request in production volumes 51 and 52, and in connection with Defendants' production pursuant to expedited Requests 13-17. Defendants are willing to meet and confer with Plaintiff to narrow the scope, subject matter, and time frame of this Request for any further productions.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation. Defendants also object to this Request as improperly compound, as it seeks documents and communications regarding four separate categories of information.  Defendants additionally object that responding to this Request would be oppressive and unduly burdensome.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

18

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS REGARDING work performed by APPARATE INTERNATIONAL, POUCH HOLDINGS, and/or DOGWOOD LEASING for UBER before August 18, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

After a diligent search and reasonable inquiry, Defendants respond that Defendants have no documents responsive to this Request.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation. Defendants also object to this Request as improperly compound, as it seeks documents and communications regarding three separate categories of information.  Defendants additionally object that responding to this Request would be oppressive and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS sufficient to show the reasons behind OTTOMOTTO's decision to acquire TYTO and/or ODIN WAVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants have already produced documents sufficient to show the reasons behind ███████████████████████████████ in connection with the document requests served with the deposition notice of David Meall.  Defendants consider their production to be complete at this time.  If, however, Defendants locate additional non-privileged responsive documents that address additional reasons for the ███████████, they will produce such documents.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

19

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   Defendants object to this Request to the extent it seeks documents outside the possession,

2   custody, or control of Defendants.  Defendants object to this Request to the extent that it seeks

3   information protected by the attorney-client privilege or the work product doctrine or that is

4   otherwise privileged or protected from discovery.  Defendants further object to this Request as

5   vague and ambiguous, including as to the phrase "reasons behind."

6

7   **REQUEST FOR PRODUCTION NO. 35:**

8   All DOCUMENTS and COMMUNICATIONS REGARDING OTTOMOTTO's due

9   diligence of TYTO and/or ODIN WAVE.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

11  Defendants will produce any responsive non-privileged DOCUMENTS and

12  COMMUNICATIONS exchanged between Tyto and Ottomotto located through a reasonably

13  diligent search.

14  Defendants object to this Request to the extent it seeks documents outside the possession,

15  custody, or control of Defendants.  Defendants object to this Request to the extent that it seeks

16  information protected by the attorney-client privilege or the work product doctrine or that is

17  otherwise privileged or protected from discovery.  Defendants further object to this Request as

18  irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants

19  object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not

20  proportional to the needs of the case to the extent it calls for the production of documents that are

21  unrelated to this litigation.  Defendants further object to this Request to the extent that the term

22  "due diligence" is vague and ambiguous in the context of this Request.

23

24  **REQUEST FOR PRODUCTION NO. 36:**

25  All DOCUMENTS and COMMUNICATIONS REGARDING UBER's due diligence of

26  TYTO and/or ODIN WAVE.

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

20

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendants will produce any non-privileged responsive DOCUMENTS and COMMUNICATIONS exchanged between Tyto and Uber located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS and COMMUNICATIONS REGARDING negotiations over OTTOMOTTO's acquisition of TYTO and/or ODIN WAVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation. Defendants further object to the term "acquisition" as vague and ambiguous in the context of this Request.

Defendants are willing to meet and confer with Plaintiff to narrow the scope and subject matter of this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

21

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS REGARDING negotiations over UBER's potential acquisition of TYTO and/or ODIN WAVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

Defendants are willing to meet and confer with Plaintiff to narrow the scope and subject matter of this Request.

**REQUEST FOR PRODUCTION NO. 39:**

The "Mutual Non-Disclosure Agreement, dated as of February 1, 2016," (referred to in Dkt. 147-1, paragraph 17), and any amendments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants have produced the Mutual Non-Disclosure Agreement, dated as of February 1, 2016, at UBER00016752.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "Mutual Non-Disclosure Agreement, dated as of February 1, 2016," (referred to in Dkt. 147-1, paragraph 17), and any amendments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS responsive to this Request exchanged between Uber and Ottomotto located through a reasonably diligent search.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

22

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   Defendants object to this Request to the extent that it seeks information protected by the

2   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

3   from discovery.  Defendants have already furnished privilege logs for documents that potentially

4   could be responsive to the Court's March 16, 2017 order.  To the extent this Request seeks

5   additional privileged documents, Defendants object that it is overbroad, unduly burdensome, and

6   not proportional to the needs of the case insofar as it seeks "all" documents and communications.

7   Defendants further object to this Request as irrelevant, overbroad, and not proportional to the

8   needs of the case; specifically, Defendants object that the Request is overbroad as to scope,

9   subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

10   extent it seeks information that is not relevant to any of the claims or defenses at issue in this case

11   and not reasonably calculated to lead to the discovery of admissible evidence.

12

13   **REQUEST FOR PRODUCTION NO. 41:**

14   The "Indemnification Agreement among Apparate International C.V., Participant,

15   Ottomotto, and the other parties therein entered into as of April 11, 2016" (referred to in

16   UBER00016410), and any amendments thereto.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

18   Defendants have produced this Indemnification Agreement at UBER00016432.

19

20   **REQUEST FOR PRODUCTION NO. 42:**

21   All DOCUMENTS and COMMUNICATIONS REGARDING the "Indemnification

22   Agreement among Apparate International C.V., Participant, Ottomotto, and the other parties

23   therein entered into as of April 11, 2016" (referred to in UBER00016410), and any amendments

24   thereto.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

26   Defendants object to this Request to the extent that it seeks information protected by the

27   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

28   from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

23

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

2   as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

3   case to the extent it seeks information that is not relevant to any of the claims or defenses at issue

4   in this case and not reasonably calculated to lead to the discovery of admissible evidence.

5          Defendants are willing to meet and confer with Plaintiff to narrow the scope, subject

6   matter, and time frame of this Request.

7

8   **REQUEST FOR PRODUCTION NO. 43:**

9          The "Merger Agreement entered into among Ottomotto, the Company and certain other

10   parties thereto as of April 11, 2016" (referred to in UBER00016410), and any amendments

11   thereto.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

13          Defendants have produced this Merger Agreement and all amendments thereto at

14   UBER00016453 and UBER00017483.

15

16   **REQUEST FOR PRODUCTION NO. 44:**

17          All DOCUMENTS and COMMUNICATIONS REGARDING the "Merger Agreement

18   entered into among Ottomotto, the Company and certain other parties thereto as of April 11,

19   2016" (referred to in UBER00016410), and any amendments thereto.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

21          Defendants object to this Request to the extent that it seeks information protected by the

22   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

23   from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

24   proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

25   as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

26   case to the extent it calls for the production of documents that are unrelated to this litigation.

27          Defendants are willing to meet and confer with Plaintiff to narrow the scope, subject

28   matter, and time frame of this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

24

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 45:**

All COMMUNICATIONS between any DEFENDANT and TYTO and/or ODIN WAVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendants will produce non-privileged COMMUNICATIONS responsive to this Request located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation. Defendants additionally object that responding to this Request would be oppressive and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 46:**

All COMMUNICATIONS between any DEFENDANT and DOGWOOD LEASING.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants have not located any responsive documents.

Defendants object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.  Defendants additionally object that responding to this Request would be oppressive and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 47:**

All COMMUNICATIONS between any DEFENDANT and APPARATE INTERNATIONAL.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

25

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

2      Defendants object to this Request as vague and ambiguous.  Defendants further object to

3  this Request to the extent that it seeks information protected by the attorney-client privilege or the

4  work product doctrine or that is otherwise privileged or protected from discovery.  Defendants

5  further object to this Request as irrelevant, overbroad, and not proportional to the needs of the

6  case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and

7  time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the

8  production of documents that are unrelated to this litigation.  Defendants additionally object that

9  responding to this Request would be oppressive and unduly burdensome.

10      Defendants will not produce DOCUMENTS responsive to this Request.

11

12  **REQUEST FOR PRODUCTION NO. 48:**

13      All COMMUNICATIONS between any DEFENDANT and POUCH HOLDINGS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

15      After a diligent search and reasonable inquiry, Defendants respond that Defendants have

16  no documents responsive to this Request.

17      Defendants object to this Request to the extent that it seeks information protected by the

18  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

19  from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

20  proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

21  as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

22  case to the extent it calls for the production of documents that are unrelated to this litigation.

23  Defendants additionally object that responding to this Request would be oppressive and unduly

24  burdensome.

25

26  **REQUEST FOR PRODUCTION NO. 49:**

27      All COMMUNICATIONS between LEVANDOWSKI and TYTO and/or ODIN WAVE

28  prior to OTTOMOTTO'S acquisition of TYTO and/or ODIN WAVE.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

26

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendants will produce non-privileged COMMUNICATIONS responsive to this Request located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information outside of Defendants' possession, custody, or control, and to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as vague, ambiguous, and unintelligible because Ottomotto did not acquire Tyto and/or Odin Wave.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS sufficient to show the identity of any PERSON with an ownership interest in OTTOMOTTO, at any time, and the amount of that PERSON's ownership interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendants have produced documents responsive to this Request in production volumes 27, 29, and 35.  Defendants consider their production to be complete at this time.

**REQUEST FOR PRODUCTION NO. 51:**

DOCUMENTS sufficient to show the identity of any PERSON with an ownership interest in OTTO TRUCKING, at any time, and the amount of that PERSON's ownership interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendants have produced documents responsive to this Request in production volumes 28, 29, and 35.  Defendants consider their production to be complete at this time.

Defendants object to this Request to the extent that it seeks information outside of Defendants' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 52:**

DOCUMENTS sufficient to show the identity of any PERSON with an ownership interest in TYTO at any time, and the amount of that PERSON's ownership interest.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

27

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendants have produced documents responsive to this Request in production volume 42.  Defendants consider their production complete at this time.

Defendants object to this Request to the extent that it seeks information outside of Defendants' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 53:**

DOCUMENTS sufficient to show the identity of any PERSON with an ownership interest in ODIN WAVE, at any time, and the amount of that PERSON's ownership interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Defendants have produced documents responsive to this Request in production volume 42.  Defendants consider their production complete at this time.

Defendants object to this Request to the extent that it seeks information outside of Defendants' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS and COMMUNICATIONS REGARDING the ownership of and/or relationship between ODIN WAVE, TYTO, APPARATE INTERNATIONAL, DOGWOOD LEASING, and/or POUCH HOLDINGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

After a diligent search and reasonable inquiry, Defendants respond that Defendants have no documents responsive to this Request as to Dogwood Leasing.  Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS sufficient to show the ownership of and/or relationship between ODIN WAVE, TYTO, APPARATE INTERNATIONAL, and/or POUCH HOLDINGS located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information outside of Defendants' possession, custody, or control, and to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

28

1   protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

2   not proportional to the needs of the case; specifically, Defendants object that the Request is

3   overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs

4   of the case to the extent it calls for the production of documents that are unrelated to this

5   litigation.  Defendants additionally object that responding to this Request would be oppressive

6   and unduly burdensome.

7

8   **REQUEST FOR PRODUCTION NO. 55:**

9          All business formation DOCUMENTS, business plans, and solicitations of investment

10  capital for OTTOMOTTO.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

12         Defendants have produced documents responsive to this Request in connection with

13  Expedited Request for Production Number 2.  Defendants consider their production to be

14  complete at this time.

15         Defendants object to this Request as irrelevant, overbroad, and not proportional to the

16  needs of the case; specifically, Defendants object that the Request is overbroad as to scope,

17  subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

18  extent it calls for the production of documents that are unrelated to this litigation.  Defendants

19  also object to this Request as improperly compound, as it seeks documents and communications

20  regarding three separate categories of information.  Defendants further object to this Request to

21  the extent that it seeks information outside of Defendants' possession, custody, or control.

22  Defendants also object to this Request to the extent that the term "business plans" is vague and

23  ambiguous in the context of this Request.

24

25  **REQUEST FOR PRODUCTION NO. 56:**

26         All DOCUMENTS and COMMUNICATIONS REGARDING the formation of

27  OTTOMOTTO.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

29

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Defendants have produced documents responsive to this Request in connect with its production pursuant to expedited Requests 13-17.  Defendants will produce additional non-privileged DOCUMENTS and COMMUNICATIONS responsive to this Request located through a reasonably diligent search.

Defendants object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.  Defendants further object to this Request to the extent that the term "REGARDING" is vague and ambiguous in the context of this Request.  Defendants additionally object that responding to this Request would be oppressive and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 57:**

All business formation DOCUMENTS, business plans, and solicitations of investment capital for OTTO TRUCKING.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Defendants have produced documents responsive to this Request in connection with Expedited Request for Production Number 2.  Defendants consider their production to be complete at this time.

Defendants object to this Request to the extent that it seeks information outside of Defendants' possession, custody, or control.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.  Defendants also object to this Request as improperly compound, as it seeks documents and communications regarding three separate categories of information.  Defendants additionally object that responding to this Request would be oppressive and unduly

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

30

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  burdensome.  Defendants further object to this Request to the extent that it seeks information

2  outside of Defendants' possession, custody, or control.  Defendants also object to this Request to

3  the extent that the term "business plans" is vague and ambiguous in the context of this Request.

4

5  **REQUEST FOR PRODUCTION NO. 58:**

6  　　　　All DOCUMENTS and COMMUNICATIONS REGARDING the formation of OTTO

7  TRUCKING.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

9  　　　　Defendants have already produced documents responsive to this Request in connection

10  with Defendants' production pursuant to Waymo's second set of expedited Requests for

11  Production, as well as in production volume 28.

12  　　　　Defendants object to this Request to the extent that it seeks information outside of

13  Defendants' possession, custody, or control.  Defendants further object to this Request as

14  irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants

15  object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not

16  proportional to the needs of the case to the extent it calls for the production of documents that are

17  unrelated to this litigation.  Defendants further object to this Request to the extent that the term

18  "REGARDING" is vague and ambiguous in the context of this Request.  Defendants additionally

19  object that responding to this Request would be oppressive and unduly burdensome.

20  　　　　Defendants are willing to meet and confer with Plaintiff to narrow the scope, subject

21  matter, and time frame of this Request.

22

23  **REQUEST FOR PRODUCTION NO. 59:**

24  　　　　All business formation DOCUMENTS, business plans, and solicitations of investment

25  capital for TYTO and/or ODIN WAVE.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

27  　　　　Defendants have already produced documents responsive to this Request in production

28  volume 42.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

31

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    Defendants object to this Request to the extent that it seeks information outside of

2    Defendants' possession, custody, or control.  Defendants further object to this Request as

3    irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants

4    object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not

5    proportional to the needs of the case to the extent it calls for the production of documents that are

6    unrelated to this litigation.  Defendants also object to this Request as improperly compound, as it

7    seeks documents and communications regarding three separate categories of information.

8    Defendants additionally object that responding to this Request would be oppressive and unduly

9    burdensome.

10

11   **REQUEST FOR PRODUCTION NO. 60:**

12   All DOCUMENTS and COMMUNICATIONS REGARDING the formation of TYTO

13   and/or ODIN WAVE.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

15   Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS

16   responsive to this Request located through a reasonably diligent search.

17   Defendants object to this Request to the extent that it seeks information outside of

18   Defendants' possession, custody, or control.  Defendants further object to this Request as

19   irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants

20   object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not

21   proportional to the needs of the case to the extent it calls for the production of documents that are

22   unrelated to this litigation.  Defendants further object to this Request to the extent that the term

23   "REGARDING" is vague and ambiguous in the context of this Request.  Defendants additionally

24   object that responding to this Request would be oppressive and unduly burdensome.

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 61:**

All business formation DOCUMENTS, business plans, and solicitations of investment capital for APPARATE INTERNATIONAL, DOGWOOD LEASING, and/or POUCH HOLDINGS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

After a diligent search and reasonable inquiry, Defendants respond that Defendants have no documents responsive to this Request as to Dogwood Leasing.  Defendants will produce relevant DOCUMENTS responsive to this Request located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information outside of Defendants' possession, custody, or control.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope—especially insofar as it seeks documents regarding Apparate International—, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.  Defendants also object to this Request as improperly compound, as it seeks documents and communications regarding nine separate categories of information.  Defendants additionally object that responding to this Request would be oppressive and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS and COMMUNICATIONS REGARDING the formation of APPARATE INTERNATIONAL, DOGWOOD LEASING, and/or POUCH HOLDINGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

After a diligent search and reasonable inquiry, Defendants respond that Defendants have no documents responsive to this Request as to Dogwood Leasing.

Defendants object to this Request to the extent that it seeks information outside of Defendants' possession, custody, or control.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

33

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

object that the Request is overbroad as to scope—especially insofar as it seeks documents regarding Apparate International—, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.  Defendants further object to this Request to the extent that the term "REGARDING" is vague and ambiguous in the context of this Request.  Defendants additionally object that responding to this Request would be oppressive and unduly burdensome.

Defendants are willing to meet and confer with Plaintiff to narrow the scope, subject matter, and time frame of this Request.

**REQUEST FOR PRODUCTION NO. 63:**

DOCUMENTS sufficient to identify all current and former officers, employees, contractors, and consultants of ODIN WAVE and/or TYTO, and the title and/or role of each such officer, employee, contractor, and consultant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Defendants have produced documents responsive to this Request in production volume 42.  Defendants consider their production to be complete at this time.

Defendants object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

**REQUEST FOR PRODUCTION NO. 64:**

DOCUMENTS sufficient to identify all current and former officers, employees, contractors, and consultants of OTTOMOTTO, and the title and/or role of each such officer, employee, contractor, and consultant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Defendants have produced documents sufficient to show the requested information in production volume 42.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

34

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    Defendants object to this Request as irrelevant, overbroad, and not proportional to the

2   needs of the case; specifically, Defendants object that the Request is overbroad as to scope,

3   subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

4   extent it calls for the production of documents that are unrelated to this litigation.

5

6   **REQUEST FOR PRODUCTION NO. 65:**

7    DOCUMENTS sufficient to identify all current and former officers, employees,

8   contractors, and consultants of OTTO TRUCKING, and the title and/or role of each such officer,

9   employee, contractor, and consultant.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

11   Defendants will produce a DOCUMENT or DOCUMENTS responsive to this Request

12  located through a reasonably diligent search.

13   Defendants object to this Request to the extent that it seeks information outside of

14  Defendants' possession, custody, or control.  Defendants further object to this Request as

15  irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants

16  object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not

17  proportional to the needs of the case to the extent it calls for the production of documents that are

18  unrelated to this litigation.

19

20  **REQUEST FOR PRODUCTION NO. 66:**

21   All DOCUMENTS and COMMUNICATIONS REGARDING the "forensic analysis"

22  referred to in entry nos. 7-10 and 17 of DEFENDANTS' privilege log, INCLUDING but not

23  limited to all underlying forensic data related to that analysis.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

25   Defendants object to this Request to the extent that it seeks information protected by the

26  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

27  from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

28  proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

35

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 67:**

STROZ's August 5, 2016 due diligence report, including all exhibits, attachments, and appendices thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

This Request seeks privileged information that is the subject of a pending appeal. Defendants cannot produce that information unless and until the appeal is resolved.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery, regardless of the outcome of the appeal.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS and COMMUNICATIONS REGARDING the attestations that DEFENDANTS first required employees to sign in April 2016 (referred to in the Declaration of Rhian Morgan, paragraphs 13-16).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Defendants have produced the attestations referenced in this Request in production volumes 8 and 33. Defendants consider their production to be complete at this time.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants have already furnished privilege logs for documents that potentially could be responsive to the Court's March 16, 2017 order. To the extent this Request seeks additional documents, Defendants object that it is overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks "all" documents and communications. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

36

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   needs of the case; specifically, Defendants object that the Request is overbroad as to scope,

2   subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

3   extent it calls for the production of documents that are unrelated to this litigation.  Defendants

4   additionally object that responding to this Request would be oppressive and unduly burdensome.

5

6   **REQUEST FOR PRODUCTION NO. 69:**

7         All versions of any employment agreements, confidentiality agreements, assignment

8   agreements, or other agreements that DEFENDANTS require or have ever required employees to

9   execute as a condition of employment, including the dates during which DEFENDANTS required

10  each version to be executed.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

12        Defendants have produced versions of employment agreements, confidentiality

13  agreements, assignment agreements, or other agreements that Defendants have required

14  employees to execute as a condition of employment including in production volumes 6, 8, and 32.

15  Defendants consider their production to be complete at this time.

16        Defendants object to this Request to the extent that it seeks information protected by the

17  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

18  from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

19  proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

20  as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

21  case to the extent it calls for the production of documents that are unrelated to this litigation.

22  Defendants also object to this Request as improperly compound, as it seeks documents and

23  communications regarding at least four separate categories of information.  Defendants

24  additionally object that responding to this Request would be oppressive and unduly burdensome.

25

26

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

37

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 70:**

All executed Employee Attestations, Employee Invention Assignment and Confidentiality Agreements, and Offer Letters (referred to by the Declaration of Rhian Morgan, paragraphs 5-16), for any former employee of WAYMO or its corporate affiliates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Defendants have either logged or produced in production volumes 6, 8, and 32 all non-privileged documents responsive to this Request. Defendants consider their production to be complete at this time.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation. Defendants also object to this Request as improperly compound, as it seeks documents and communications regarding three separate categories of information. Defendants additionally object that responding to this Request would be oppressive and unduly burdensome.


**REQUEST FOR PRODUCTION NO. 71:**

DOCUMENTS sufficient to show the measures taken by DEFENDANTS to ensure that former employees of WAYMO or its corporate affiliates hired by DEFENDANTS did not retain confidential WAYMO information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Defendants have produced non-privileged documents sufficient to show the measures taken by Defendants to ensure that former employees of Waymo or its corporate affiliates, as reasonably known by Defendants, hired by Defendants did not retain confidential Waymo information in production volumes 6, 8, and 33. Defendants believe their production to be complete at this time.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

38

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    Defendants object to this Request to the extent that it seeks information protected by the

2   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

3   from discovery.  Defendants further object to this Request as vague and ambiguous, including as

4   to the phrase "corporate affiliates."

5

6   **REQUEST FOR PRODUCTION NO. 72:**

7    All DOCUMENTS REGARDING DEFENDANTS' policies regarding employees' use of

8   personal computers or other devices while working at or for DEFENDANTS.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

10    Defendants have produced Uber's Network & Device Acceptable Use Policy, produced at

11   Bates UBER00006444.  Defendants will produce further relevant, responsive non-privileged

12   DOCUMENTS located through a reasonably diligent search.

13    Defendants object to this Request as irrelevant, overbroad, and not proportional to the

14   needs of the case; specifically, Defendants object that the Request is overbroad as to scope,

15   subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

16   extent it calls for the production of documents that are unrelated to this litigation.

17

18   **REQUEST FOR PRODUCTION NO. 73:**

19    All DOCUMENTS AND COMMUNICATIONS REGARDING the

20   MISAPPROPRIATED MATERIALS, INCLUDING but not limited to (i) DOCUMENTS

21   containing any information derived from the MISAPPROPRIATED MATERIALS, (ii) any

22   electronic media that contains or contained the MISAPPROPRIATED MATERIALS, and (iii)

23   any DOCUMENTS REGARDING any meetings or discussions REGARDING the substance of

24   the MISAPPROPRIATED MATERIALS outside of WAYMO.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

26    Defendants have not located any of the 14,000 digital files allegedly downloaded by

27   LEVANDOWSKI on or about December 11, 2015 from the SVN repository except for common

28   files that are not proprietary to Waymo and have not located any documents that contain

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

information from those Waymo files using the search terms provided by Waymo in connection

with the search for those files.  Defendants continue to search for DOCUMENTS and

COMMUNICATIONS responsive to this Request, and will produce non-privileged responsive

DOCUMENTS and COMMUNICATIONS located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the

attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

from discovery.  Defendants have already furnished privilege logs for documents that potentially

could be responsive to the Court's March 16, 2017 order.  To the extent this Request seeks

additional documents, Defendants object that it is overbroad, unduly burdensome, and not

proportional to the needs of the case insofar as it seeks "all" documents and communications.

Defendants further object to this Request as irrelevant, overbroad, and not proportional to the

needs of the case; specifically, Defendants object that the Request is overbroad as to scope,

subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

extent it calls for the production of documents that are unrelated to this litigation.  Defendants

further object to this Request to the extent that the term "REGARDING" is vague and ambiguous

in the context of this Request.

**REQUEST FOR PRODUCTION NO. 74:**

DOCUMENTS sufficient to show the number of times LEVANDOWSKI has accessed

any of DEFENDANTS' servers or networks (INCLUDING but not limited to ███████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████ and any Wi-Fi network provided by DEFENDANTS at any of their offices) from a

personal device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

After a diligent search and reasonable inquiry, Defendants respond that there are no

documents responsive to this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

40

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "forensic examination" of KSHIRSAGAR's personal phone, work-issued phone, and work-issued laptop (referred to in the Declaration of Sameer Kshirsagar).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Defendants have produced documents responsive to this Request in connection with the Requests for Production served with the deposition notice of Kevin Faulkner.  Defendants consider their production to be complete at this time.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.


**REQUEST FOR PRODUCTION NO. 76:**

DOCUMENTS sufficient to show the hit counts for each of the Court-ordered 135 search terms (120 proposed by DEFENDANTS, and 15 proposed by WAYMO) for each custodial (e.g., LEVANDOWSKI) and non-custodial (e.g., Git repository) source encompassed by the Court's Order After Hearing Re Discovery Letter Dated April 3, 2017, with a per-term, per-source level of specificity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Defendants will produce documents sufficient to show the hit counts for each of the search terms ordered by the Court.  Defendants produced documents sufficient to show the document sources searched in connection with the Requests for Production served with the deposition notice of Kevin Faulkner.

To the extent this Request requires anything further than what Defendants have agreed to produce, Defendants object that it is overbroad, unduly burdensome, and not proportional to the needs of the case.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

41

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS and COMMUNICATIONS REGARDING any consideration of an ethical wall or policy regarding LEVANDOWSKI's participation or input into DEFENDANTS' LiDAR designs or other self-driving car technology, and REGARDING the reasons for any such policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS responsive to this Request, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 78:**

All side letter agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

For the purposes of these Responses, Defendants define "any founder of OTTOMOTTO" pursuant to the Consumer Merger Agreement, which defines the founders of OTTOMOTTO as Anthony Levandowski and Lior Ron.

Defendants object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.  Defendants further object to the phrase "side letter agreements" as vague and ambiguous in the context of this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

42

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS and COMMUNICATIONS REGARDING any side letter agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

For the purposes of these Responses, Defendants define "any founder of OTTOMOTTO" pursuant to the Consumer Merger Agreement, which defines the founders of OTTOMOTTO as Anthony Levandowski and Lior Ron.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation. Defendants further object to the phrase "side letter agreements" as vague and ambiguous in the context of this Request.


**REQUEST FOR PRODUCTION NO. 80:**

All employment agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

For the purposes of these Responses, Defendants define "any founder of OTTOMOTTO" pursuant to the Consumer Merger Agreement, which defines the founders of OTTOMOTTO as Anthony Levandowski and Lior Ron.

Defendants have already logged or produced in production volumes 32 and 41 documents responsive to this Request. After a reasonably diligent search, Defendants have not located any additional responsive documents.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

43

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS and COMMUNICATIONS REGARDING any employment agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

For the purposes of these Responses, Defendants define "any founder of OTTOMOTTO" pursuant to the Consumer Merger Agreement, which defines the founders of OTTOMOTTO as Anthony Levandowski and Lior Ron.

Defendants will produce relevant, responsive non-privileged DOCUMENTS and COMMUNICATIONS located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation. Defendants further object that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 82:**

All consulting agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

For the purposes of these Responses, Defendants define "any founder of OTTOMOTTO" pursuant to the Consumer Merger Agreement, which defines the founders of OTTOMOTTO as Anthony Levandowski and Lior Ron.

Defendants will produce relevant, responsive agreements located through a reasonably diligent search.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

44

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Defendants object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS and COMMUNICATIONS REGARDING any consulting agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

For the purposes of these Responses, Defendants define "any founder of OTTOMOTTO" pursuant to the Consumer Merger Agreement, which defines the founders of OTTOMOTTO as Anthony Levandowski and Lior Ron.

Defendants will produce non-privileged documents responsive to this Request that evidence or concern the terms of any consulting agreement between Uber, Ottomotto, and any founder of Ottomotto, to the extent Defendants locate any such documents through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation. Defendants further object that the term "REGARDING consulting agreements" is vague and ambiguous in the context of this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

45

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 84:**

All compensation-related agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Defendants have already produced documents responsive to this Request in production volume 32.  Defendants will produce additional non-privileged documents responsive to this Request located through a reasonably diligent search.

Defendants object to this Request as duplicative of other Requests, including but not limited to Request for Production Numbers 80 and 82.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS and COMMUNICATIONS REGARDING any compensation-related agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

For the purposes of these Responses, Defendants define "any founder of OTTOMOTTO" pursuant to the Consumer Merger Agreement, which defines the founders of OTTOMOTTO as Anthony Levandowski and Lior Ron.

Defendants have already produced documents responsive to this Request, including in production volumes 17, 27, and 41.  Defendants are willing to meet and confer with Plaintiff to narrow the scope, subject matter, and time frame of this Request.

Defendants object to this Request as duplicative of other Requests, including but not limited to Request for Production Numbers 81 and 83.  Defendants further object that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS cited by and/or referred to by DEFENDANTS in their Opposition to Motion to Compel (Dkt. 369) and supporting declarations thereto.

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

46

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Defendants have already produced all non-privileged documents responsive to this Request in production volumes 27 and 29.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS provided to STROZ by DEFENDANTS or LEVANDOWSKI REGARDING LEVANDOWSKI¸ Lior Ron, OTTO, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

This Request seeks privileged information that is the subject of a pending appeal. Defendants cannot produce that information unless and until the appeal is resolved.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery, regardless of the outcome of the appeal.  Defendants further object to this Request to the extent that it seeks information protected by common law, constitutional, and/or statutory rights of privacy.  Defendants further object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants.

**REQUEST FOR PRODUCTION NO. 88:**

DOCUMENTS sufficient to show all PERSONS other than UBER that negotiated with OTTOMOTTO and/or OTTO TRUCKING REGARDING a potential acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Defendants object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

47

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  to the needs of the case to the extent it calls for the production of documents that are unrelated to

2  this litigation.  Defendants also object to this Request as vague and ambiguous as to "negotiated

3  with" and "potential acquisition."

4      Defendants will not produce DOCUMENTS responsive to this Request.

5

6  **REQUEST FOR PRODUCTION NO. 89:**

7      All DOCUMENTS and COMMUNICATIONS REGARDING negotiations between

8  OTTOMOTTO and/or OTTO TRUCKING, on the one hand, and PERSONS other than UBER,

9  on the other, REGARDING a potential acquisition of OTTOMOTTO and/or OTTO TRUCKING.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

11      Defendants object to this Request to the extent it seeks documents outside the possession,

12  custody, or control of Defendants.  Defendants further object to this Request as irrelevant,

13  overbroad, and not proportional to the needs of the case; specifically, Defendants object that the

14  Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional

15  to the needs of the case to the extent it calls for the production of documents that are unrelated to

16  this litigation.  Defendants also object to this Request as vague and ambiguous as to

17  "negotiations" and "potential acquisition."

18      Defendants will not produce DOCUMENTS responsive to this Request.

19

20  **REQUEST FOR PRODUCTION NO. 90:**

21      DOCUMENTS sufficient to show all of LEVANDOWSKI's past and present "Authorized

22  Devices" (as that term is defined in UBER00006444, Section 7), INCLUDING (without

23  limitation) all of LEVANDOWSKI's "Uber Devices" (Section 7.1) and "Non-Uber Devices"

24  (Sections 7.1 and 7.2).

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

26      After a diligent search and reasonable inquiry, Defendants respond that there are no non-

27  privileged documents responsive to this Request.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

48

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  Defendants object to this Request to the extent that it seeks information protected by the

2  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

3  from discovery.

4

5  **REQUEST FOR PRODUCTION NO. 91:**

6  All DOCUMENTS AND COMMUNICATIONS REGARDING any of

7  LEVANDOWSKI's past and present "Authorized Devices" (as that term is defined in

8  UBER00006444, Section 7), INCLUDING (without limitation) any request for approval in

9  connection with Section 7.2 or any de-authorization (whether contemplated or effectuated) under

10  Section 7.3.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

12  After a diligent search and reasonable inquiry, Defendants respond that there are no non-

13  privileged documents responsive to this Request

14  Defendants object to this Request to the extent that it seeks information protected by the

15  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

16  from discovery.

17
   Dated: June 23, 2017                    MORRISON & FOERSTER LLP
18

19                                          By:  /s/ Arturo J. González
20                                               ARTURO J. GONZÁLEZ

21                                          Attorneys for Defendants
                                            UBER TECHNOLOGIES, INC.
22                                          and OTTOMOTTO LLC

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

**APPENDIX**

2

**Information on Document Collections and**

3

**Production Under Supplement Order ¶ 13**

4      Defendants further provide information on their collection efforts under Paragraph 13 of

5  the Supplemental Order.  As of June 23, 2017, Defendants have searched the following sources of

6  information that may contain material responsive to Waymo's requests for production:

7           • Defendants' custodial document repositories (e.g. email repositories, Google Docs,

8             locally stored electronic documents)

9           • Defendants' internal non-custodial document repositories (e.g. personnel files)

10          • Data room for the Uber – Ottomotto acquisition transaction

11      As of June 23, 2017, the following individuals employed by Defendants have searched for

12  documents that may contain material responsive to Waymo's requests for production:

13          • Cameron Poetzscher—email data and available text messages

14          • Nina Qi—email data and available text messages

15          • Jeff Holden—email data and available text messages

16          • Ognen Stojanovski—email data and available text messages

17          • Andrew Glickman—email data and available text messages

18          • Christian Lymn—email data and available text messages

19          • Adam Bentley—search responsibility for documents related to Ottomotto, LLC

20             and Otto Trucking, LLC data room, corporate formation documents for the same,

21             and Tyto Lidar, LLC

22

23

24

25

26

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-91)
Case No. 3:17-cv-00939-WHA
sd- 702055

50

1

**CERTIFICATE OF SERVICE**

2

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 755 Page Mill Road, Palo Alto, CA 94304.  I am not a party to the within cause, and I am over

3

the age of eighteen years.

4

I further declare that on June 23, 2017, I served true and correct copies of the following
documents:

5

6

- **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S
  OBJECTIONS AND RESPONSES TO WAYMO'S FIRST SET OF REQUESTS
  FOR PRODUCTION**

7

8

☒   **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically
mailing a true and correct copy through Morrison & Foerster LLP's electronic mail
system to the e-mail address(es) set forth below, or as stated on the attached service
list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

9

10

11

| Recipient | Email Address: |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788 | qewaymo@quinnemanuel.com |
| Leo P. Cunningham<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br><br>*Attorneys for Plaintiff Waymo LLC* | lcunningham@wsgr.com |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| I. Neel Chatterjee<br>GOODWIN PROCTER LLP<br>135 Commonwealth Drive<br>Menlo Park, CA94025<br><br>Brett M. Schuman<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center<br>San Francisco, California 94111<br><br>*Attorneys for Defendant Otto Trucking LLC* | nchatterjee@goodwinlaw.com<br>bschuman@goodwinlaw.com<br>rwalsh@goodwinlaw.com |
|---|---|
| John L. Cooper<br>Farella Braun + Martel LLP<br>Russ Building<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA  94104<br><br>*Special Master* | JCooper@fbm.com<br>MCate@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Palo Alto, California, this 23rd day of June 2017.

| Ethel Villegas | */s/ Ethel Villegas* |
|---|---|
| (typed) | (signature) |