**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   ERIC A. TATE (CA SBN 178719)
    ETate@mofo.com
4   RUDY Y. KIM (CA SBN 199426)
    RKim@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482
    Telephone:     415.268.7000
7   Facsimile:     415.268.7522

8   KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
9   HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
10  BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
11  Washington, D.C.  20005
    Telephone:     202.237.2727
12  Facsimile:     202.237.6131

13  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
14  and OTTOMOTTO LLC

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                      SAN FRANCISCO DIVISION

18  WAYMO LLC,                          Case No.       3:17-cv-00939-WHA

19                Plaintiff,            **DEFENDANTS UBER
                                        TECHNOLOGIES, INC. AND
20        v.                            OTTOMOTTO LLC'S OBJECTIONS
                                        AND RESPONSES TO WAYMO'S
21  UBER TECHNOLOGIES, INC.,            SECOND SET OF REQUESTS FOR
    OTTOMOTTO LLC; OTTO TRUCKING LLC,   PRODUCTION OF DOCUMENTS
22                                      (NOS. 92-152)**
              Defendants.
23                                      Trial Date: October 2, 2017

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Defendants") object and respond to Plaintiff Waymo LLC's Second Set of Requests for Production of Documents, served on May 11, 2017.

## GENERAL OBJECTIONS

Defendants make the following general responses and objections ("General Objections") to each definition, instruction, and request propounded in Waymo's Requests for Production of Documents.  These General Objections are hereby incorporated into each specific response.  The assertion of the same, similar or additional objections or partial responses to the individual requests does not waive any of Defendants' General Objections.

1.      Defendants object to each Request, Definition, or Instruction to the extent it seeks or purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the applicable rules and orders of this Court.

2.      Nothing in these responses is an admission by Defendants of the existence, relevance, or admissibility of any information, for any purpose.  Defendants reserve all objections as to competency, relevance, materiality, privilege, or admissibility related to the use of its responses and any document or thing identified in its responses as evidence for any purpose whatsoever in any subsequent proceeding in this trial or any other action.

3.      Defendants object to each Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in their ordinary course of business.  Defendants will provide only relevant, non-privileged information that is within their present possession, custody, or control and available after a reasonable investigation.

4.      Defendants object to these Requests insofar as they purport to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage.

5.      Defendants object to each Request to the extent that it is not limited in time.  Defendants will produce information from a reasonable time period as it relates to this case.

6.      Defendants object to each Request to the extent it seeks a response from persons or entities that are not parties to the lawsuit and over whom Defendants have no control.  Defendants

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   respond to the Requests on Defendants' own behalf.

2         7.     To the extent any Request, Instruction, or Definition may be construed as calling

3   for disclosure of information subject to the attorney-client privilege, work-product immunity,

4   joint defense or common interest, or any other applicable privilege or protection, Defendants

5   hereby claim such privileges and immunities and object on such grounds.  Defendants do not

6   waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint

7   defense or common-interest privilege or any other privilege, immunity, or other protection that

8   may be asserted to protect information from disclosure.

9         8.     Defendants object to the definitions of "WAYMO," "GOOGLE," "OTTO

10  TRUCKING," "ODIN WAVE," "TYTO," "POUCH HOLDINGS," "DOGWOOD LEASING,"

11  and "APPARATE INTERNATIONAL" as overbroad, vague, and ambiguous because Defendants

12  do not know, for example, all "current and former employees, counsel, agents, consultants,

13  representatives, and any other persons acting on behalf of" each entity.

14        9.     Although Defendants have diligently complied with their discovery obligations at

15  this stage, their investigations in connection with this litigation are continuing.  These responses

16  are limited to information obtained to date and are given without prejudice to Defendants' right to

17  amend or supplement their responses after considering information obtained through further

18  discovery or investigation.

19        Subject to without waiving its General Objections, Defendants object and respond to the

20  Requests as follow:

21                          **SPECIFIC OBJECTIONS AND RESPONSES**

22  **REQUEST FOR PRODUCTION NO. 92:**

23        DOCUMENTS sufficient to show the reasons why DEFENDANTS chose the position,

24  orientation, and number of the laser diodes and photodetectors mounted on the printed circuit

25  boards of all of their LiDAR designs.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

27        Defendants have already produced documents responsive to this Request, including

28  without limitation documents produced in connection with the Requests for Production served

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

with Asheem Linaval's Notice of Deposition.  Specifically, Defendants produced PowerPoint

presentations, notes, and calculations from the custodial files of Scott Boehmke and James

Haslim sufficient to show the requested information, such as Scott Boehmke's November 2016

summary regarding angular orientation and Scott Boehmke's calculations and schematics for the

████████████████ system.  Defendants also produced schematic, assembly drawings, and

CAD files of Fuji transmit boards and transmit block.

In addition, Defendants have made available for inspection Uber's facilities, email,

computers, documents, design files, and source code in San Francisco and Pittsburgh on eight

occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

documents; the devices of Scott Boehmke, Gaetan Pennecot, Daniel Gruver, and James Haslim;

and all four locations at which there is ongoing LiDAR development.  To date, Waymo has

conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents, if such documents exist

and can be located through a reasonably diligent search, sufficient to show the reasons why

Defendants chose the position, orientation, and number of the laser diodes and photodetectors

mounted on the printed circuit boards in their LiDAR designs.

Defendants object to this Request as unreasonably overbroad to the extent that it requests

information about third-party LiDAR designs.

**REQUEST FOR PRODUCTION NO. 93:**

DOCUMENTS sufficient to show the reasons why DEFENDANTS chose the number of

printed circuit boards in all of their LiDAR designs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Defendants have already produced documents responsive to this Request, including

without limitation documents produced in connection with the Requests for Production served

with Asheem Linaval's Notice of Deposition.  Specifically, Defendants produced PowerPoint

presentations, notes, and calculations from the custodial files of Scott Boehmke and James

Haslim sufficient to show the requested information, such as Scott Boehmke's November 2016

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

3

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  summary regarding angular orientation, firing circuits considered and currently in use for the Fuji

2  device, and James Haslim's email to Scott Boehmke regarding two boards per cavity.

3  In addition, Defendants have made available for inspection Uber's facilities, email,

4  computers, documents, design files, and source code in San Francisco and Pittsburgh on eight

5  occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

6  documents; the devices of Scott Boehmke, Gaetan Pennecot, Daniel Gruver, and James Haslim;

7  and all four locations at which there is ongoing LiDAR development.  To date, Waymo has

8  conducted approximately 55 hours of inspection, with additional requests for investigation.

9  Defendants will produce additional non-privileged documents, if such documents exist

10  and can be located through a reasonably diligent search, sufficient to show the reasons why

11  Defendants chose the number of printed circuit boards in all of their LiDAR designs after January

12  26, 2016.

13  To the extent this Request seeks documents on or before January 26, 2016, Defendants

14  object that the Request is overbroad, unduly burdensome, and not proportional to the needs of the

15  case.  Defendants further object to this Request as unreasonably overbroad to the extent that it

16  requests information about third-party LiDAR designs.

17  **REQUEST FOR PRODUCTION NO. 94:**

18  DOCUMENTS sufficient to show the reasons why DEFENDANTS chose the methods for

19  aligning the printed circuit boards in all of their LiDAR designs.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

21  Defendants have made available for inspection the Fuji device, Owl device, and Spider

22  components, as well as the CAD files of the transmit block.  Defendants also produced CAD files

23  of Fuji transmit block and dowel pin alignment.

24  Defendants have further made available for inspection Uber's facilities, email, computers,

25  documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In

26  doing so, Uber has made available for inspection over 383,000 emails and documents; the devices

27  of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four locations at which there is

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

4

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

ongoing LiDAR development.  To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show the reasons why Defendants chose the methods for aligning the printed circuit boards in their LiDAR designs after January 26, 2016.

To the extent this Request seeks documents outside of the time period specified in Defendants' response, Defendants object that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendants further object to this Request as unreasonably overbroad to the extent that it requests information about third-party LiDAR designs.

**REQUEST FOR PRODUCTION NO. 95:**

DOCUMENTS sufficient to show the reasons why DEFENDANTS chose the selection, materials, size, position, number, and orientation of optical elements that are used to manipulate and modify laser beams that are transmitted and detected all of their LiDAR designs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Notices of Deposition of Asheem Linaval and Gaetan Pennecot, and Waymo's Expedited Requests for Production.  Specifically, Defendants produced PowerPoint presentations, notes, and calculations from the custodial files of Scott Boehmke and James Haslim sufficient to show the requested information, such as Scott Boehmke's November 2016 summary regarding angular orientation and email correspondence with ▮▮▮ regarding the optical elements for the Fuji device and the Spider components.

In addition, Defendants have made available for inspection the Fuji device, Owl device, and Spider components.  Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

5

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    documents; the devices of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four

2    locations at which there is ongoing LiDAR development.  To date, Waymo has conducted

3    approximately 55 hours of inspection, with additional requests for investigation.

4        Defendants will produce additional non-privileged documents, if such documents exist

5    and can be located through a reasonably diligent search, sufficient to show the reasons why

6    Defendants chose the number of printed circuit boards in all of their LiDAR designs after January

7    26, 2016.

8        To the extent this Request seeks documents outside of the time period specified in

9    Defendants' response, Defendants object that the Request is overbroad, unduly burdensome, and

10   not proportional to the needs of the case.  Defendants further object to this Request as

11   unreasonably overbroad to the extent that it requests information about third-party LiDAR

12   designs.

13

14   **REQUEST FOR PRODUCTION NO. 96:**

15       All COMMUNICATIONS REGARDING LiDAR between DEFENDANTS and

16   LEVANDOWSKI before August 18, 2016.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

18       Defendants have produced documents responsive to this Request.  Defendants will

19   produce additional responsive non-privileged COMMUNICATIONS REGARDING LiDAR

20   between Uber and Ottomotto and LEVANDOWSKI located through a reasonably diligent search.

21       Defendants object to this Request to the extent it seeks documents protected by the

22   common interest and/or joint defense privileges.

23

24   **REQUEST FOR PRODUCTION NO. 97:**

25       DOCUMENTS sufficient to show DEFENDANTS' knowledge of WAYMO's

26   autonomous vehicle program, INCLUDING all DOCUMENTS that discuss or mention the design

27   of WAYMO's LiDAR.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

6

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

2  Defendants have already produced documents responsive to this Request, including

3  without limitation documents produced in connection with the Requests for Production served

4  with the Notices of Deposition of Asheem Linaval and Daniel Gruver, and in connection with the

5  Notice of Deposition of John Bares.  Specifically, Defendants produced documents that discuss or

6  mention the design of Waymo's LiDAR that have been collected from Defendants' internal Slack

7  channels, sufficient to show Defendants' knowledge of Waymo's autonomous vehicle program,

8  news article publicly discussing Waymo's LiDAR sensors, and John Bares's notes on the

9  meetings during the NewCo negotiations.

10  Defendants have further made available for inspection Uber's facilities, email, computers,

11  documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In

12  doing so, Uber has made available for inspection over 383,000 emails and documents; the devices

13  of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval;

14  and all four locations at which there is ongoing LiDAR development.  To date, Waymo has

15  conducted approximately 55 hours of inspection, with additional requests for investigation.

16  Defendants will produce additional non-privileged documents, if such documents exist

17  and can be located through a reasonably diligent search, sufficient to show Defendants' alleged

18  knowledge of Waymo's autonomous vehicle program.

19  To the extent this Request seeks anything other than the previously described information,

20  Defendants object to the portion of this Request seeking "all" such documents as overbroad,

21  unduly burdensome, and not proportional to the needs of the case.  Defendants further object to

22  this Request to the extent that it seeks information protected by the attorney-client privilege or the

23  work product doctrine or that is otherwise privileged or protected from discovery.  Defendants

24  further object to this Request on the grounds that Plaintiffs' request for documents regarding

25  Defendants' "knowledge" implicates Waymo's overbroad definitions, which consider Uber and

26  Ottomotto to be the entities themselves, as well as any number of agents, employees, and other

27  related persons or entities, thus rendering this Request overbroad and vague and ambiguous.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

7

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS and COMMUNICATIONS REGARDING LEVANDOWSKI's input into any component of all LiDAR, radar, camera, microphone, audio input or output, manual controller, wireless communication system, display, wheel or pedal sensor or controller systems developed or contemplated by DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Defendants have already produced email communications regarding the input from Anthony Levandowski into any component of LiDAR systems developed or contemplated by Defendants in Production Volumes 4, 20, and 21.

In addition, Defendants have made available for inspection the Fuji device, Owl device, and Spider components.  Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Scott Boehmke, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development.  To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional documents and communications, if such documents exist and can be located through a reasonably diligent search, regarding the input from Anthony Levandowski into components of LiDAR systems developed or contemplated by Defendants.

To the extent this Request seeks anything other than the previously described information, Defendants object to the Request as vastly overbroad, unduly burdensome, outside the scope of this litigation, harassing, and not proportional to the needs of the case because it concerns "all documents" and "communications" regarding "any component" of virtually anything developed by Defendants.  Defendants further object to the portion of this Request seeking documents concerning "all" "radar, camera, microphone, audio input or output, manual controller, wireless communication system, display, wheel or pedal sensor or controller systems" as irrelevant.  Defendants also object to this Request to the extent that it seeks information protected by the

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

8

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

2  from discovery.  Defendants further object to this Request on the ground that the phrase "input

3  into" is vague and ambiguous.

4

5  **REQUEST FOR PRODUCTION NO. 99:**

6      All DOCUMENTS and COMMUNICATIONS REGARDING LEVANDOWSKI's input

7  into the testing, assembly, tuning, or calibration of all LiDAR, radar, camera, microphone, audio

8  input or output, manual controller, wireless communication system, display, wheel or pedal

9  sensor or controller systems developed or contemplated by DEFENDANTS.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

11      Defendants have already produced email communications regarding the input from

12  Anthony Levandowski into the testing, assembly, tuning, or calibration of LiDAR systems

13  developed or contemplated by Defendants in Production Volumes 4, 20, and 21.

14      In addition, Defendants have made available for inspection the Fuji device, Owl device,

15  and Spider components.  Defendants have further made available for inspection Uber's facilities,

16  email, computers, documents, design files, and source code in San Francisco and Pittsburgh on

17  eight occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

18  documents; the devices of Scott Boehmke, Anthony Levandowski, Gaetan Pennecot, Daniel

19  Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing

20  LiDAR development.  To date, Waymo has conducted approximately 55 hours of inspection, with

21  additional requests for investigation.

22      Defendants will produce additional documents and communications, if such documents

23  exist and can be located through a reasonably diligent search, regarding the input from Anthony

24  Levandowski into testing, assembly, tuning, or calibration of LiDAR systems developed or

25  contemplated by Defendants.

26      To the extent this Request seeks anything other than the previously described information,

27  Defendants object to this Request as vastly overbroad, unduly burdensome, outside the scope of

28  this litigation, harassing, and not proportional to the needs of the case because it concerns "all

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

9

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

documents" and "communications" regarding virtually anything developed by Defendants. Defendants object to the portion of this request seeking documents concerning "all" "radar, camera, microphone, audio input or output, manual controller, wireless communication system, display, wheel or pedal sensor or controller systems" as irrelevant.  Defendants also object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request on the ground that the phrase "input into" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 100:**

DOCUMENTS sufficient to show any LiDAR units, sensors, technology, or designs prepared, edited, contributed to, or presented in whole or in part by any of DEFENDANTS' employees who were formerly employees of WAYMO or its corporate affiliates within six (6) months of such employee joining DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with the Notices of Depositions of David Meall, Asheem Linaval, and James Haslim, as well as Waymo's Expedited Requests for Production.  For example, Defendants produced documents and communications from the custodial files of Daniel Gruver, Gaetan Pennecot, Asheem Linaval, and Anthony Levandowski; Anthony Levandowski's rough sketches relating to Spider; Zemax schematics of optical elements prepared by Daniel Gruver and Gaetan Pennecot, and lab notebooks of Gaetan Pennecot, Daniel Gruver and Marlon Bocalan.

Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development.  To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    Defendants will produce additional non-privileged documents, if such documents exist

2  and can be located through a reasonably diligent search, sufficient to show the requested

3  information.

4    To the extent this Request seeks anything other than the previously described information,

5  Defendants object to this Request to the extent that it seeks information protected by the attorney-

6  client privilege or the work product doctrine or that is otherwise privileged or protected from

7  discovery.

8

9  **REQUEST FOR PRODUCTION NO. 101:**

10    Documents sufficient to show the identity of DEFENDANTS' LiDAR suppliers,

11  INCLUDING information REGARDING the specific components that each supplier provides to

12  DEFENDANTS, and information REGARDING when DEFENDANTS' relationship with each

13  supplier began.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

15    Defendants have already produced documents responsive to this Request, including

16  without limitation documents produced in connection with the Requests for Production served

17  with Sameer Kshirsagar's Notice of Deposition.  These documents are sufficient to show the

18  identity of the suppliers that currently provide Defendants' LiDAR components and services, as

19  well as the components or services provided to Defendants by those suppliers, and the

20  engagement dates for those suppliers.

21    Defendants have further made available for inspection Uber's facilities, email, computers,

22  documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In

23  doing so, Uber has made available for inspection over 383,000 emails and documents; the devices

24  of Scott Boehmke, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and

25  Asheem Linaval; and all four locations at which there is ongoing LiDAR development.  To date,

26  Waymo has conducted approximately 55 hours of inspection, with additional requests for

27  investigation.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

11

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    Defendants will produce additional non-privileged documents, if such documents exist

2    and can be located through a reasonably diligent search, sufficient to show the requested

3    information.

4    Defendants object to the use of the phrase "when Defendants' relationship with each

5    supplier began" as vague and ambiguous.  Defendants also object to the use of the terms

6    "supplier" and "suppliers" as vague and ambiguous.  For purposes of this Request, Defendants

7    interpret the undefined term "suppliers" to refer to third parties who are currently known by

8    Defendants to provide to Defendants components or services for LiDAR prototypes.  Defendants

9    further object to this Request to the extent that it seeks information protected by the attorney-

10   client privilege or the work product doctrine or that is otherwise privileged or protected from

11   discovery.

12

13   **REQUEST FOR PRODUCTION NO. 102:**

14   DOCUMENTS sufficient to show whether DEFENDANTS' relationships with any of

15   DEFENDANTS' LiDAR suppliers have ever been informed by information derived from

16   WAYMO or GOOGLE.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

18   Defendants have already produced documents responsive to this Request, including

19   without limitation documents produced in connection with the Requests for Production served

20   with Sameer Kshirsagar's Notice of Deposition.  For example, Defendants have produced

21   documents sufficient to show the first engagement date for Defendants' current LiDAR suppliers.

22   Defendants have further made available for inspection Uber's facilities, email, computers,

23   documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In

24   doing so, Uber has made available for inspection over 383,000 emails and documents; the devices

25   of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval;

26   and all four locations at which there is ongoing LiDAR development.  To date, Waymo has

27   conducted approximately 55 hours of inspection, with additional requests for investigation.  As

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

12

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Waymo knows, Uber has already conducted an extensive search for the 14,000 allegedly downloaded files and has not located any substantive matches.

Defendants will produce additional responsive, non-privileged documents, if such documents exist and can be located through a reasonably diligent search of the employees who were directly involved in identifying or selecting Defendants' LiDAR suppliers after January 26, 2016.

To the extent this Request seeks anything other than the previously described information, Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants also object to the use of the phrase "have ever been informed by information derived from" as vague and ambiguous. Defendants also object to the use of the terms "supplier" and "suppliers" as vague and ambiguous. For purposes of this Request, Defendants interpret the undefined term "suppliers" to refer to third parties who are currently known by Defendants to provide to Defendants components or services for LiDAR prototypes. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS and COMMUNICATIONS REGARDING overlap between DEFENDANTS' suppliers and WAYMO's suppliers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Sameer Kshirsagar's Notice of Deposition and Waymo's Expedited Requests for Production Nos. 1 and 23. For example, Defendants have produced documents sufficient to show the identity of the suppliers that are currently known by Mr. Kshirsagar or his team to provide to Defendants LiDAR components and services and communications with Gorilla Circuits and ███

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

13

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   Defendants have further made available for inspection Uber's facilities, email, computers,

2   documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In

3   doing so, Uber has made available for inspection over 383,000 emails and documents; the devices

4   of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval;

5   and all four locations at which there is ongoing LiDAR development.  To date, Waymo has

6   conducted approximately 55 hours of inspection, with additional requests for investigation.

7   Defendants will produce additional non-privileged documents, if such documents exist

8   and can be located through a reasonably diligent search, sufficient to show the identity of the

9   suppliers that are currently known by Defendants to provide to Defendants LiDAR components

10  and services and that overlap with Waymo's suppliers.

11  To the extent this Request seeks anything other than the previously described information,

12  Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the

13  needs of the case to the extent that it seeks "all" documents and communications.  Defendants

14  object to the use of the term "overlap" as vague, and ambiguous.  Defendants further object to the

15  use of the term "suppliers" as vague and ambiguous.  For the purposes of this Request,

16  Defendants interpret the undefined term "suppliers" to refer to third parties who are currently

17  known by Defendants to provide to Waymo and Defendants components or services for LiDAR

18  prototypes.  Defendants further object to this Request to the extent that it seeks information

19  protected by the attorney-client privilege or the work product doctrine or that is otherwise

20  privileged or protected from discovery.

21

22  **REQUEST FOR PRODUCTION NO. 104:**

23  DOCUMENTS sufficient to show any instance where DEFENDANTS' suppliers told

24  DEFENDANTS that they could not meet DEFENDANTS' requested demand for LiDAR-related

25  components.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

27  Defendants have made available for inspection Uber's facilities, email, computers,

28  documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

14

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   doing so, Uber has made available for inspection over 383,000 emails and documents; the devices

2   of Scott Boehmke, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and

3   Asheem Linaval; and all four locations at which there is ongoing LiDAR development.  To date,

4   Waymo has conducted approximately 55 hours of inspection, with additional requests for

5   investigation.

6          Defendants will produce additional non-privileged documents, if such documents exist

7   and can be located through a reasonably diligent search, sufficient to show Defendants' suppliers

8   for LiDAR-related components that told Defendants they could not meet Defendants' demand.

9          To the extent this Request seeks anything other than the previously described information,

10  Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the

11  needs of the case.  Defendants further object to the term "suppliers" as vague and ambiguous.  For

12  the purposes of this Request, Defendants interpret the undefined term "suppliers" to refer to third

13  parties who are currently known by Defendants to provide to Defendants components or services

14  for LiDAR prototypes.  Defendants further object to this Request to the extent that it seeks

15  information protected by the attorney-client privilege or the work product doctrine or that is

16  otherwise privileged or protected from discovery.

17

18  **REQUEST FOR PRODUCTION NO. 105:**

19         DOCUMENTS sufficient to show the conception and reduction to practice of any alleged

20  invention claimed in the patent applications attached as Exhibits J-P to the Declaration of Scott

21  Boehmke.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

23         Defendants have already produced documents responsive to this Request, including

24  without limitation documents produced in connection with the Requests for Production served

25  with Scott Boehmke's Notice of Deposition.  Specifically, Defendants produced PowerPoint

26  presentations, notes, and spreadsheets from the custodial files of Scott Boehmke sufficient to

27  show the requested information, including the provisional and non-provisional applications and

28  the presentation entitled "Driving LADAR Concept Review."

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

15

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    Defendants consider their production to be complete at this time.

2    To the extent this Request seeks anything other than the previously described information,

3    Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the

4    needs of the case.  Defendants further object to this Request to the extent that it seeks information

5    protected by the attorney-client privilege or the work product doctrine or that is otherwise

6    privileged or protected from discovery.

7

8    **REQUEST FOR PRODUCTION NO. 106:**

9    DOCUMENTS sufficient to identify all LiDAR devices, systems, and configurations that

10   DEFENDANTS have considered.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

12   Defendants have already produced documents responsive to this Request, including

13   without limitation documents produced in connection with the Requests for Production served

14   with Asheem Linaval's and Scott Boehmke's Notices of Deposition.  Defendants produced

15   PowerPoint presentations, notes, spreadsheets, and schematics from the custodial files of Scott

16   Boehmke, James Haslim, Jim Gasbarro, Gaetan Pennecot, and William Treichler sufficient to

17   show the requested information.

18   In addition, Defendants have made available for inspection the Fuji device, Owl device,

19   and Spider components.  Defendants have further made available for inspection Uber's facilities,

20   email, computers, documents, design files, and source code in San Francisco and Pittsburgh on

21   eight occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

22   documents; the devices of Scott Boehmke, Anthony Levandowski, Gaetan Pennecot, Daniel

23   Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing

24   LiDAR development.  To date, Waymo has conducted approximately 55 hours of inspection, with

25   additional requests for investigation.

26   Defendants consider their production to be complete at this time.

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

16

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    To the extent this Request seeks anything other than the previously described information,

2  Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the

3  needs of the case.

4

5  **REQUEST FOR PRODUCTION NO. 107:**

6    All DOCUMENTS REGARDING DEFENDANTS' decision to "pivot and instead focus

7  on what we dubbed the 'Fuji' design" (referenced in paragraph 16 of the Declaration of Scott

8  Boehmke).

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

10    Defendants have already produced documents responsive to this Request, including

11  without limitation documents produced in connection with the Requests for Production served

12  with Scott Boehmke's Notice of Deposition.  Specifically, Defendants have produced PowerPoint

13  presentations, notes, spreadsheets, and communications from the custodial files of Scott Boehmke

14  and James Haslim sufficient to show the requested information.

15    In addition, Defendants have made available for inspection the Fuji device, Owl device,

16  and Spider components.  Defendants have further made available for inspection Uber's facilities,

17  email, computers, documents, design files, and source code in San Francisco and Pittsburgh on

18  eight occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

19  documents; the devices of Scott Boehmke, Anthony Levandowski, Gaetan Pennecot, Daniel

20  Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing

21  LiDAR development.  To date, Waymo has conducted approximately 55 hours of inspection, with

22  additional requests for investigation.

23    Defendants consider their production to be complete at this time.

24    To the extent this Request seeks anything other than the previously described information,

25  Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the

26  needs of the case to the extent that it seeks "all" documents.  Defendants further object to this

27  Request to the extent that it seeks information protected by the attorney-client privilege or the

28  work product doctrine or that is otherwise privileged or protected from discovery.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

17

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 108:**

DOCUMENTS sufficient to show the design and use of a fiber laser in any of DEFENDANTS' LiDAR systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Scott Boehmke's Notice of Deposition.  Specifically, Defendants produced PowerPoint presentations, notes, spreadsheets, and communications from the custodial files of Scott Boehmke and James Haslim sufficient to show the requested information, such as an Owl brochure and circuit schematics, Spider flowcharts, and Spider MOPA schematics.

In addition, Defendants have made available for inspection the Fuji device, Owl device, and Spider components.  Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Anthony Levandowski, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development.  To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants consider their production to be complete at this time.

**REQUEST FOR PRODUCTION NO. 109:**

DOCUMENTS sufficient to identify all LiDAR-related work former WAYMO or GOOGLE employees have done for DEFENDANTS since leaving WAYMO or GOOGLE, INCLUDING whether or not that work led to or related to any prototype or device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with the Notices of Depositions of David Meall, Asheem Linaval, and James Haslim, as well as

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

18

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    Waymo's Expedited Requests for Production. For example, Defendants produced

2    communications from the custodial files of Daniel Gruver, Gaetan Pennecot, Asheem Linaval,

3    and Anthony Levandowski; Anthony Levandowski's rough sketches relating to Spider; Zemax

4    schematics of optical elements prepared by Daniel Gruver and Gaetan Pennecot, and lab

5    notebooks of Gaetan Pennecot, Daniel Gruver and Marlon Bocalan.

6        In addition, Defendants have made available for inspection the Fuji device, Owl device,

7    and Spider components. Defendants have further made available for inspection Uber's facilities,

8    email, computers, documents, design files, and source code in San Francisco and Pittsburgh on

9    eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and

10    documents; the devices of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, and Asheem

11    Linaval; and all four locations at which there is ongoing LiDAR development. To date, Waymo

12    has conducted approximately 55 hours of inspection, with additional requests for investigation.

13        Defendants will produce additional non-privileged documents, if such documents exist

14    and can be located through a reasonably diligent search, sufficient to show the requested

15    information.

16        Defendants object to this Request to the extent that it seeks information protected by the

17    attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

18    from discovery.

19

20    **REQUEST FOR PRODUCTION NO. 110:**

21        All DOCUMENTS brought by former WAYMO or GOOGLE employees to

22    DEFENDANTS.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

24        Defendants will produce documents belonging to Waymo or Google brought by former

25    Waymo or Google employees having LiDAR-related responsibilities or projects to Defendants, if

26    any.

27        Defendants object to this Request to the extent it seeks documents not belonging to

28    Waymo or Google.

Defendants' Objections and Responses to Second Set of Requests for Production (Nos. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

19

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 111:**

All DOCUMENTS and COMMUNICATIONS REGARDING the submission to Nevada authorities entitled "Autonomous Technology Knowledge and Expertise," dated on or around September 16, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 112:**

DOCUMENTS sufficient to show all author(s) of and contributor(s) to the submission to Nevada authorities entitled "Autonomous Technology Knowledge and Expertise," dated on or around September 16, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Defendants will produce a document or documents sufficient to show the authors of the document referenced in this Request, if such documents exist and can be located through a reasonably diligent search.

Defendants object to this Request on the grounds that the term "contributor(s)" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 113:**

All DOCUMENTS and COMMUNICATIONS REGARDING the statement in the submission to Nevada authorities entitled "Autonomous Technology Knowledge and Expertise," dated on or around September 16, 2016, that "Selected advanced self-driving technologies

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

20

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

developed in-house and/or currently deployed in Otto's autonomous vehicles include" an "Inhouse custom built 64-laser (Class 1) emitting 6.4 million beams a second at 1OHz."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 114:**

All DOCUMENTS and COMMUNICATIONS REGARDING steps taken by Gautam Gupta to verify the accuracy of the submission to Nevada authorities entitled "Autonomous Technology Knowledge and Expertise," dated on or around September 16, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

21

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 115:**

All DOCUMENTS and COMMUNICATIONS REGARDING steps taken by Gautam Gupta to verify the accuracy of the statement in the submission to Nevada authorities entitled "Autonomous Technology Knowledge and Expertise," dated on or around September 16, 2016, that "Selected advanced self-driving technologies developed in-house and/or currently deployed in Otto's autonomous vehicles include" an "In-house custom built 64-laser (Class 1) emitting 6.4 million beams a second at 1OHz."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications.  Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 116:**

All DOCUMENTS and COMMUNICATIONS REGARDING the letter to Nevada authorities, "RE: Clarification to Autonomous Technology Certification Submission," dated on or around March 15, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Defendants will produce the March 15, 2017 letter referenced in this Request.  After a diligent search and reasonable inquiry, Defendants respond that there are no additional non-privileged documents responsive to this Request.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

22

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2   **REQUEST FOR PRODUCTION NO. 117:**

3       DOCUMENTS sufficient to show all author(s) of and contributor(s) to the letter to

4 Nevada authorities, "RE: Clarification to Autonomous Technology Certification Submission,"

5 dated on or around March 15, 2017.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

7       Defendants will produce a document or documents sufficient to show the authors of the

8 document referenced in this Request.

9       Defendants object to this Request to the extent that it seeks information protected by the

10 attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

11 from discovery.  Defendants further object to this Request on the grounds that the term

12 "contributor(s)" is vague and ambiguous.

13

14   **REQUEST FOR PRODUCTION NO. 118:**

15       All DOCUMENTS and COMMUNICATIONS REGARDING the statement in the letter

16 to Nevada authorities, "RE: Clarification to Autonomous Technology Certification Submission,"

17 dated on or around March 15, 2017, that "Otto has been developing its own LiDAR systems, but

18 has not yet deployed an '[i]n-house custom built 64-laser' in its autonomous vehicles, and [t]o the

19 extent any vehicles tested and certified by Nevada ATCF LLC to date included a LiDAR sensor,

20 such LiDAR sensor was commercially available."

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

22       Defendants will produce the March 15, 2017 letter referenced in this Request.  After a

23 diligent search and reasonable inquiry, Defendants respond that there are no additional non-

24 privileged documents responsive to this Request.

25       Defendants object to this Request to the extent that it seeks information protected by the

26 attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

27 from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

28 proportional to the needs of the case to the extent that it seeks "all" communications.  Defendants

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

23

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   further object to this Request on the grounds that the term "REGARDING" is vague and

2   ambiguous in the context of this Request.

3

4   **REQUEST FOR PRODUCTION NO. 119:**

5        DOCUMENTS sufficient to show any LiDAR design considered or developed by

6   DEFENDANTS that uses a common lens to transmit and receive laser beams.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

8        Defendants have already produced documents responsive to this Request, including

9   without limitation documents produced in connection with the Requests for Production served

10  with James Haslim's and Asheem Linaval's Notices of Deposition.  For example, Defendants

11  produced PowerPoint presentations, notes, spreadsheets, schematics, and photos from the

12  custodial files of Scott Boehmke, James Haslim, and Max Levandowski sufficient to show the

13  requested information.

14       In addition, Defendants have made available for inspection the Spider components

15  themselves, as well as CAD files of the Spider components.  Defendants have further made

16  available for inspection Uber's facilities, email, computers, documents, design files, and source

17  code in San Francisco and Pittsburgh on eight occasions.  In doing so, Uber has made available

18  for inspection over 383,000 emails and documents; the devices of Anthony Levandowski, Gaetan

19  Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations in which

20  there is ongoing LiDAR development.  To date, Waymo has conducted approximately 55 hours

21  of inspection, with additional requests for investigation.

22       Defendants consider their production to be complete at this time.

23       Defendants object to this Request to the extent that it seeks information protected by the

24  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

25  from discovery.

26

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

24

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 120:**

All DOCUMENTS and COMMUNICATIONS REGARDING the LIDAR-related "Milestones" in UBER00006451, INCLUDING (without limitation) how such milestones were calculated and/or determined, the negotiation of such milestones, and any discussions REGARDING the satisfaction of such milestones.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Defendants have already produced non-privileged documents responsive to this Request, including, for example, drafts of the milestones document, John Bares's notes on all meetings with Anthony Levandowski regarding NewCo, John Bares's equity calculator, and non-privileged email correspondence relating to NewCo negotiations.

Defendants will produce additional non-privileged, responsive communications sufficient to show how the Milestones were calculated and/or determined, the negotiation of such milestones, and the satisfaction of the Milestones, to the extent any are located after a reasonably diligent search.

Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case insofar as it concerns "any discussions regarding the satisfaction of such milestones" and "all" documents and communications.  Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.   Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 121:**

All DOCUMENTS and COMMUNICATIONS REGARDING DEFENDANTS' decision to use multiple laser diodes arranged on a curved transmit PCB in FUJI, and the diode alignment and tuning process in such design.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

25

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with James Haslim's Notice of Deposition. Specifically, Defendants produced PowerPoint presentations, notes, spreadsheets, schematics, and communications from the custodial files of Scott Boehmke and James Haslim sufficient to show the requested information regarding the use of laser diodes on the transmit PCB, including Scott Boehmke's documents showing multiple laser diodes on a PCB, Scott Boehmke's November 2016 angular orientation summary, and James Haslim's email to Scott Boehmke regarding two transmit boards per cavity. Defendants also produced schematic, assembly drawings, and CAD files of Fuji transmit boards.

In addition, Defendants have made available for inspection the Fuji device. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four locations in which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents and communications, if such documents exist and can be located through a reasonably diligent search, regarding Defendants' decision to use multiple laser diodes arranged on a curved transmit PCB in Fuji, and the diode alignment and tuning process in such design.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

26

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   **REQUEST FOR PRODUCTION NO. 122:**

2       All DOCUMENTS from the shared folder identified in UBER00005937.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

4       Defendants have already produced documents responsive to this Request, including

5   without limitation documents produced in connection with the Requests for Production served

6   with Paul McManamon's Notice of Deposition. Specifically, Defendants have produced all

7   documents in the "Fuji" folder referenced in UBER00005937.

8       Defendants consider their production to be complete at this time.

9       Defendants object to this Request to the extent that it seeks information protected by the

10  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

11  from discovery.

12

13  **REQUEST FOR PRODUCTION NO. 123:**

14      All DOCUMENTS from the shared folder identified in UBER00005938.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

16      Defendants have already produced documents responsive to this Request, including

17  without limitation documents produced in connection with the Requests for Production served

18  with Paul McManamon's Notice of Deposition. Specifically, Defendants have produced all

19  documents in the ▮▮▮▮▮▮▮▮▮▮▮ folder referenced in UBER00005938.

20      Defendants consider their production to be complete at this time.

21      Defendants object to this Request to the extent that it seeks information protected by the

22  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

23  from discovery.

24

25  **REQUEST FOR PRODUCTION NO. 124:**

26      DOCUMENTS sufficient to show any testing of SPIDER, INCLUDING but not limited to

27  the testing of any SPIDER optical cavity.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

27

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Defendants have already produced documents responsive to this Request, including, for example, email correspondence between James Haslim and Scott Boehmke, subject "Re: Demo?" discussing the eight-channel demonstration (UBER00008593).

In addition, Defendants have made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four locations in which there is ongoing LiDAR development.  To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show any testing of Spider.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.


**REQUEST FOR PRODUCTION NO. 125:**

All DOCUMENTS and COMMUNICATIONS REGARDING the testing of any SPIDER optical cavity built by DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Defendants have already produced documents responsive to this Request, including, for example, email correspondence between James Haslim and Scott Boehmke, subject "Re: Demo?" discussing the eight-channel demonstration (UBER00008593).

In addition, Defendants have made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

locations in which there is ongoing LiDAR development.  To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents and communications, if such documents exist and can be located through a reasonably diligent search, regarding the testing of any Spider optical cavity built by Defendants.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications.  Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 126:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "8 channel demo," and any related demonstration(s) of SPIDER, conducted on or around October 13, 2016 (referenced in the email chain between James Haslim and Scott Boehmke, subject "Re: Demo?" at UBER00008593).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Defendants will produce additional non-privileged documents and communications, if such documents exist and can be located through a reasonably diligent search, regarding the "8 channel demo," and any related demonstration(s) of SPIDER, conducted on or around October 13, 2016.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications.  Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

29

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 127:**

DOCUMENTS sufficient to show the extent to which the SPIDER optical cavity could perform light detection and ranging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Defendants have already produced documents responsive to this Request, including, for example, email correspondence between James Haslim and Scott Boehmke, subject "Re: Demo?" discussing the eight-channel demonstration (UBER00008593).

In addition, Defendants have made available for inspection the Spider components. Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations in which there is ongoing LiDAR development.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show the extent to which the SPIDER optical cavity could perform light detection and ranging.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.


**REQUEST FOR PRODUCTION NO. 128:**

All DOCUMENTS and COMMUNICATIONS REGARDING the optical layouts considered for FUJI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Notices of Deposition for Gaetan Pennecot, Asheem Linaval, and James Haslim. Defendants have also made the Fuji device and CAD files of the Fuji device available for inspection.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

30

1   In addition, Defendants have made available for inspection Uber's facilities, email,

2   computers, documents, design files, and source code in San Francisco and Pittsburgh on eight

3   occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

4   documents; the devices of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four

5   locations in which there is ongoing LiDAR development.  To date, Waymo has conducted

6   approximately 55 hours of inspection, with additional requests for investigation.

7   Defendants will produce additional non-privileged documents and communications, if

8   such documents exist and can be located through a reasonably diligent search, regarding the

9   optical layouts considered for the Fuji device.

10   Defendants object to this Request to the extent that it seeks information protected by the

11   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

12   from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

13   proportional to the needs of the case to the extent that it seeks "all" documents and

14   communications.  Defendants further object to this Request on the grounds that the term

15   "REGARDING" is vague and ambiguous in the context of this Request.

16

17   **REQUEST FOR PRODUCTION NO. 129:**

18   All DOCUMENTS and COMMUNICATIONS REGARDING the alignment of the FUJI

19   diodes with the FUJI receivers.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

21   On May 24, 2107, Defendants made available—and Waymo inspected—the station used

22   to align the Fuji receive photodiodes with the Fuji laser diodes.

23   Defendants consider their production to be complete at this time.

24   Defendants object to this Request to the extent that it seeks information protected by the

25   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

26   from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

27   proportional to the needs of the case to the extent that it seeks "all" documents and

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

31

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    communications.  Defendants further object to this Request on the grounds that the term

2    "REGARDING" is vague and ambiguous in the context of this Request.

3

4    **REQUEST FOR PRODUCTION NO. 130:**

5         All DOCUMENTS and COMMUNICATIONS REGARDING the design and placement

6    of the fast-axis collimation ("FAC") lenses in FUJI.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

8         Defendants have already produced documents responsive to this Request, including

9    without limitation documents produced in connection with the Requests for Production served

10   with Gaetan Pennecot's and James Haslim's Notices of Deposition and Expedited Requests for

11   Production No. 11, 12 and 23.  Specifically, Defendants have produced schematics and CAD files

12   of the FAC lens, email correspondence with ███████ regarding the FAC lens, documents showing

13   how the placement ████████████████████ is performed, and documents showing the

14   assembly tools for FAC lenses.

15        In addition, Defendants have made available for inspection the Fuji device.  Defendants

16   have further made available for inspection Uber's facilities, email, computers, documents, design

17   files, and source code in San Francisco and Pittsburgh on eight occasions.  In doing so, Uber has

18   made available for inspection over 383,000 emails and documents; the devices of Gaetan

19   Pennecot and Daniel Gruver; and all four locations in which there is ongoing LiDAR

20   development.

21        Defendants consider their production to be complete at this time.

22        Defendants object to this Request to the extent that it seeks information protected by the

23   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

24   from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

25   proportional to the needs of the case to the extent that it seeks "all" documents and

26   communications.  Defendants further object to this Request on the grounds that the term

27   "REGARDING" is vague and ambiguous in the context of this Request.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

32

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   **REQUEST FOR PRODUCTION NO. 123 (sic):**

2       DOCUMENTS sufficient to show the development of ███████████

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 123 (sic):**

4       Defendants have already produced documents responsive to this Request, including

5   without limitation documents produced in connection with the Requests for Production served

6   with Gaetan Pennecot's and James Haslim's Notices of Deposition and Expedited Interrogatory

7   23.  Specifically, Defendants have produced schematics and CAD files of the FAC lens and email

8   correspondence with ███████████████

9       In addition, Defendants have made available for inspection Uber's facilities, email,

10  computers, documents, design files, and source code in San Francisco and Pittsburgh on eight

11  occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

12  documents; the devices of Gaetan Pennecot and Daniel Gruver; and all four locations in which

13  there is ongoing LiDAR development.

14      Defendants consider their production to be complete at this time.

15      Defendants object to this Request to the extent that it seeks information protected by the

16  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

17  from discovery.

18

19  **REQUEST FOR PRODUCTION NO. 131:**

20      All COMMUNICATIONS between any DEFENDANT and ███████ REGARDING FAC

21  lenses.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

23      Defendants have produced all communications responsive to this request in connection

24  with Waymo's Expedited Request for Production No. 23.

25      Defendants consider their production to be complete at this time.

26      Defendants further object to this Request as irrelevant, overbroad, and not proportional to

27  the needs of the case; specifically, Defendants object that the Request is overbroad as to scope,

28  subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   extent it calls for the production of documents that are unrelated to this litigation.  Defendants

2   additionally object that responding to this Request would be oppressive and unduly burdensome.

3   **REQUEST FOR PRODUCTION NO. 132:**

4       All DOCUMENTS and COMMUNICATIONS REGARDING the design of the transmit

5   boards in FUJI.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

7       Defendants have already produced documents responsive to this Request, including

8   without limitation documents produced in connection with the Requests for Production served

9   with Notices of Deposition for Daniel Gruver, Asheem Linaval, Scott Boehmke, James Haslim,

10  and Dr. Michael Lebby.  Specifically, Defendants have produced schematic, assembly drawings,

11  and CAD files of Fuji transmit boards.

12      In addition, Defendants have made available for inspection the Fuji device and its transmit

13  boards.  Defendants have further made available for inspection Uber's facilities, email,

14  computers, documents, design files, and source code in San Francisco and Pittsburgh on eight

15  occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

16  documents; the devices of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four

17  locations in which there is ongoing LiDAR development.  To date, Waymo has conducted

18  approximately 55 hours of inspection, with additional requests for investigation.

19      Defendants consider their production to be complete at this time.

20      Defendants object to this Request to the extent that it seeks information protected by the

21  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

22  from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

23  proportional to the needs of the case to the extent that it seeks "all" documents and

24  communications.  Defendants further object to this Request on the grounds that the term

25  "REGARDING" is vague and ambiguous in the context of this Request.

26

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

34

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    **REQUEST FOR PRODUCTION NO. 133:**

2        All DOCUMENTS and COMMUNICATIONS REGARDING the design of the transmit

3    boards in SPIDER.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

5        Defendants have made available for inspection the Spider components and produced

6    photos taken at the inspection of these components.

7        Defendants have further made available for inspection Uber's facilities, email, computers,

8    documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In

9    doing so, Uber has made available for inspection over 383,000 emails and documents; the devices

10   of Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations in

11   which there is ongoing LiDAR development.  To date, Waymo has conducted approximately 55

12   hours of inspection, with additional requests for investigation.

13       Defendants will produce additional non-privileged documents and communications, if

14   such documents exist and can be located through a reasonably diligent search, sufficient to show

15   the design of the transmit boards in Spider.

16       Defendants object to this Request as irrelevant, overbroad, and not proportional to the

17   needs of the case to the extent that it seeks "all" documents and communications.  Defendants

18   further object to this Request on the grounds that the term "REGARDING" is vague and

19   ambiguous in the context of this Request.

20

21   **REQUEST FOR PRODUCTION NO. 134:**

22       All DOCUMENTS and COMMUNICATIONS REGARDING the design of the light

23   sources in OWL.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

25       Defendants have already produced documents responsive to this Request, including

26   without limitation documents produced in connection with the Requests for Production served

27   with Scott Boehmke's Notice of Deposition.  For example, Defendants produced an Owl brochure

28   and circuit schematics and certain Altium files from Asheem Linaval's records.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

35

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    Defendants will produce additional non-privileged documents and communications, if

2   such documents exist and can be located through a reasonably diligent search, regarding the

3   design of the light sources in OWL.

4    Defendants object to this Request to the extent that it seeks information protected by the

5   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

6   from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

7   proportional to the needs of the case to the extent that it seeks "all" documents and

8   communications.  Defendants further object to this Request on the grounds that the term

9   "REGARDING" is vague and ambiguous in the context of this Request.

10

11   **REQUEST FOR PRODUCTION NO. 135:**

12    All DOCUMENTS and COMMUNICATIONS REGARDING OTTOMOTTO and/or

13   UBER's use of LiDAR developed at TYTO and/or ODIN WAVE.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

15    Defendants have already produced documents responsive to this Request, including

16   without limitation documents produced in connection with the Requests for Production served

17   with the Notices of Deposition for Daniel Gruver, Scott Boehmke, and James Haslim.  For

18   example, Defendants have produced documents from the custodial files of Scott Boehmke

19   regarding Tyto, as well as documents regarding Spider.

20    Defendants will produce additional non-privileged documents and communications, if

21   such documents exist and can be located through a reasonably diligent search, regarding Uber's

22   use of LiDAR developed at Tyto and/or Odin Wave.

23    Defendants object to this Request to the extent that it seeks information protected by the

24   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

25   from discovery.

26

27   **REQUEST FOR PRODUCTION NO. 136:**

28    All agreements between Ognen Stojanovski and any DEFENDANT.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

36

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Defendants have already produced non-privileged documents responsive to this Request in Production Volume 41.

Defendants will produce any additional agreements responsive to this request located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 137:**

All agreements between Ognen Stojanovski and TYTO and/or ODIN WAVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

After a diligent search and reasonable inquiry, Defendants respond that there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 138:**

All agreements between and Ognen Stojanovski, on the one hand, and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL, on the other.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

After a diligent search and reasonable inquiry, Defendants respond that there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 139:**

All COMMUNICATIONS with GORILLA CIRCUITS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Defendants have already produced non-privileged, responsive emails between Uber employees and Gorilla Circuits in Defendants' production pursuant to Expedited Request for Production No. 1.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

37

1    Defendants consider their production to be complete at this time.

2    To the extent this Request seeks anything other than the previously described information,

3    Defendants object to this Request as irrelevant, overbroad, unduly burdensome, and not

4    proportional to the needs of the case insofar as it seeks "All COMMUNICATIONS" and fails to

5    contain any reasonable restrictions or limitations as to scope, subject matter, and time period.

6

7    **REQUEST FOR PRODUCTION NO. 140:**

8    DOCUMENTS sufficient to show the circuitry that fires the light sources in SPIDER and

9    FUJI, INCLUDING any circuitry that connects between the light sources and a voltage source.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

11   Defendants have already produced documents responsive to this Request, including

12   without limitation the ten laser diode firing circuits considered for Fuji, the two versions of Fuji's

13   current circuitry, and certain Altium files from Asheem Linaval's records.

14   In addition, Defendants have made available for inspection the Fuji device and Spider

15   components.  Defendants have further made available for inspection Uber's facilities, email,

16   computers, documents, design files, and source code in San Francisco and Pittsburgh on eight

17   occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

18   documents; the devices of Asheem Linaval; and all four locations in which there is ongoing

19   LiDAR development.

20   Defendants will produce additional non-privileged documents, if such documents exist

21   and can be located through a reasonably diligent search, sufficient to show the circuitry that fires

22   the light sources in the Spider components and the Fuji device.

23   Defendants object to this Request to the extent that it seeks information protected by the

24   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

25   from discovery.

26

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (Nos. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

38

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  **REQUEST FOR PRODUCTION NO. 141:**

2      All DOCUMENTS and COMMUNICATIONS REGARDING the change in the name of

3  ODIN WAVE and/or TYTO from "Odin Wave, LLC" to "Tyto LiDAR LLC," INCLUDING

4  (without limitation) the reasons for the change and the identity of all PERSONS involved in the

5  decision to change the name.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

7      Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS

8  responsive to this Request located through a reasonably diligent search.

9      Defendants object to this Request to the extent that it seeks information protected by the

10  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

11  from discovery.

12

13  **REQUEST FOR PRODUCTION NO. 142:**

14      All DOCUMENTS and COMMUNICATIONS REGARDING the move of ODIN WAVE

15  and/or TYTO from the location at ███████████████ to the location at 1649 Neptune

16  Drive, San Leandro, INCLUDING (without limitation) the reasons for the move and the identity

17  of all PERSONS involved in the decision to move.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

19      Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS

20  responsive to this Request, if any, located through a reasonably diligent search.

21      Defendants object to this Request to the extent that it seeks information protected by the

22  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

23  from discovery.

24

25  **REQUEST FOR PRODUCTION NO. 143:**

26      All COMMUNICATIONS between ODIN WAVE and/or TYTO and OMW

27  REGARDING fastener counterbalance arch components.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

39

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

2      Defendants will produce non-privileged COMMUNICATIONS responsive to this

3  Request, if any, located through a reasonably diligent search.

4      Defendants object to this Request to the extent that it seeks information protected by the

5  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

6  from discovery.

7

8  **REQUEST FOR PRODUCTION NO. 144:**

9      All COMMUNICATIONS between ODIN WAVE and/or TYTO and OFS REGARDING

10  fiber lasers and fiber laser components.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

12      Defendants will produce non-privileged COMMUNICATIONS responsive to this

13  Request, if any, located through a reasonably diligent search.

14      Defendants object to this Request to the extent that it seeks information protected by the

15  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

16  from discovery.

17

18  **REQUEST FOR PRODUCTION NO. 145:**

19      All DOCUMENTS and COMMUNICATIONS REGARDING the design or development

20  of any LiDAR, radar, camera, microphone, audio input or output, manual controller, wireless

21  communication system, display, wheel or pedal sensor or controller systems developed or

22  contemplated by DEFENDANTS that mention or refer to WAYMO or GOOGLE.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

24      Defendants have already produced documents responsive to this Request, including

25  without limitation notes from John Bares in connection with his Notice of Deposition.

26      In addition, Defendants have made available for inspection Uber's facilities, email,

27  computers, documents, design files, and source code in San Francisco and Pittsburgh on eight

28  occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

40

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  documents; the devices of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James

2  Haslim, and Asheem Linaval; and all four locations in which there is ongoing LiDAR

3  development.  To date, Waymo has conducted approximately 55 hours of inspection, with

4  additional requests for investigation.

5      Defendants will produce additional non-privileged documents and communications, if

6  such documents exist and can be located through a reasonably diligent search, regarding the

7  design or development of LiDARs developed or contemplated by Defendants that discuss or refer

8  to Waymo or Google in any substantive or material sense.

9      To the extent this Request seeks anything other than the previously described information,

10  Defendants object to this Request as vastly overbroad, unduly burdensome, outside the scope of

11  this litigation, harassing, and not proportional to the needs of the case because it concerns "all

12  documents" and "communications" regarding virtually anything developed by Defendants.

13  Defendants object to the portion of this request seeking documents concerning "all" "radar,

14  camera, microphone, audio input or output, manual controller, wireless communication system,

15  display, wheel or pedal sensor or controller systems" as irrelevant.  Defendants further object to

16  this Request as overbroad and unduly burdensome to the extent that it purports to require

17  production of documents that merely "mention" Waymo or Google.  Defendants further object to

18  this Request to the extent that it seeks information protected by the attorney-client privilege or the

19  work product doctrine or that is otherwise privileged or protected from discovery.

20

21  **REQUEST FOR PRODUCTION NO. 146:**

22      All DOCUMENTS REGARDING DEFENDANTS' knowledge of each of the

23  ASSERTED PATENTS, INCLUDING (without limitation) when each DEFENDANT first

24  became aware of each of the ASSERTED PATENTS.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

26      Defendants will produce non-privileged documents, if such documents exist and can be

27  located through a reasonably diligent search, regarding this request.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (Nos. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

41

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    Defendants object to this Request to the extent that it seeks information protected by the

2    attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

3    from discovery.  Defendants further object to this Request on the grounds that Plaintiffs' request

4    for documents regarding Defendants' "knowledge" implicates Waymo's overbroad definitions,

5    which consider Uber and Ottomotto to be the entities themselves, as well as any number of

6    agents, employees, and other related persons or entities, thus rendering this Request overbroad

7    and vague and ambiguous.

8    **REQUEST FOR PRODUCTION NO. 147:**

9    All DOCUMENTS REGARDING any CONTENTION by any DEFENDANT that any

10   claim of the ASSERTED PATENTS is invalid.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

12   Defendants will produce invalidity contentions pursuant to Patent Local Rules 3-3 and 3-

13   4.

14   Defendants object to this Request to the extent that it seeks information protected by the

15   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

16   from discovery.  Defendants further object to this Request on the grounds that it seeks a legal

17   conclusion.  Defendants further object to this Request as premature to the extent it seeks expert

18   testimony.

19

20   **REQUEST FOR PRODUCTION NO. 148:**

21   All DOCUMENTS REGARDING the invalidity, validity, unenforceability, or

22   enforceability of the ASSERTED PATENTS, including any DOCUMENTS REGARDING any

23   contention by DEFENDANTS that any asserted claim of the ASSERTED PATENTS are invalid

24   or unenforceable.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

26   Defendants will produce invalidity contentions pursuant to Patent Local Rules 3-3 and 3-

27   4.

28

Defendants' Objections and Responses to Second Set of Requests for Production (Nos. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

42

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  Defendants object to this Request to the extent that it seeks information protected by the

2  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

3  from discovery.  Defendants further object to this Request on the grounds that it seeks a legal

4  conclusion.  Defendants further object to this Request as premature to the extent it seeks expert

5  testimony.

6

7  **REQUEST FOR PRODUCTION NO. 149:**

8  All DOCUMENTS REGARDING any CONTENTION by DEFENDANTS that FUJI

9  does not infringe any asserted claim of the ASSERTED PATENTS.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

11  Defendants have already produced documents responsive to this Request, including

12  without limitation photos, CAD files and circuit designs for Fuji.

13  In addition, Defendants have made available for inspection the Fuji device.  Defendants

14  have further made available for inspection Uber's facilities, email, computers, documents, design

15  files, and source code in San Francisco and Pittsburgh on eight occasions.  In doing so, Uber has

16  made available for inspection over 383,000 emails and documents; the devices of Gaetan

17  Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations in which

18  there is ongoing LiDAR development.

19  Defendants will produce additional non-privileged documents in support of their non-

20  infringement contentions.

21  Defendants object to this Request to the extent that it seeks information protected by the

22  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

23  from discovery.  Defendants further object to this Request on the grounds that it seeks a legal

24  conclusion.  Defendants further object to this Request as premature to the extent it seeks expert

25  testimony.

26

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

43

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 150:**

All DOCUMENTS REGARDING any CONTENTION by DEFENDANTS that SPIDER does not infringe any asserted claim of the ASSERTED PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Defendants have already produced documents responsive to this Request, including without limitation photos of Spider components, including without limitation from Waymo's inspection on April 19, 2017.

In addition, Defendants have made available for inspection the Spider components. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations in which there is ongoing LiDAR development.

Defendants will produce additional non-privileged documents in support of their non-infringement contentions.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that it seeks a legal conclusion. Defendants further object to this Request as premature to the extent it seeks expert testimony.


**REQUEST FOR PRODUCTION NO. 151:**

All DOCUMENTS and THINGS that any DEFENDANT contends constitute, comprise, or embody PRIOR ART to the ASSERTED PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with the Notices of Deposition of Dr. Paul McManamon and Dr. Michael Lebby.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

44

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    Defendants will formally produce additional prior art referenced in the Declarations of Dr.

2  Paul McManamon and Dr. Michael Lebby.  Defendants will also produce additional prior art

3  documents pursuant to Patent Local Rules 3-3 and 3-4.

4    Defendants object to this Request to the extent that it seeks information protected by the

5  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

6  from discovery.  Defendants further object to this Request on the grounds that it seeks a legal

7  conclusion.

8

9  **REQUEST FOR PRODUCTION NO. 152:**

10    All DOCUMENTS that embody, comprise, or REGARD any study, analysis, review or

11  opinion (including opinions of counsel), conclusions, or contentions REGARDING the validity or

12  invalidity, infringement or non-infringement, enforceability or unenforceability, interpretation or

13  scope of any of the claims of any of the ASSERTED PATENTS or any related patents, regardless

14  of from whom such opinions, conclusions, or contentions were obtained, INCLUDING without

15  limitation, any studies, reports, or competitive comparisons made with respect to acts done,

16  products sold, methods or systems used or services offered by DEFENDANTS or by any third

17  party.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

19    Defendants object to this Request to the extent that it seeks information protected by the

20  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

21  from discovery.  Defendants further object to this Request on the grounds that it seeks a legal

22  conclusion.  Defendants also object to this Request as improperly compound, as it seeks

23  documents and communications regarding multiple separate categories of information.

24    Defendants will not produce documents in response to this Request.

25

26

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

45

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Dated: June 26, 2017         MORRISON & FOERSTER LLP


By:   */s/ Arturo J. González* _____
       ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

46

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**APPENDIX**

**Information on Document Collections and**

**Production Under Supplemental Order ¶ 13**

Defendants further provide information on their collection efforts under Paragraph 13 of the Supplemental Order.  As of June 26, 2017, Defendants have searched the following sources of information that may contain material responsive to Waymo's requests for production:

- Defendants' custodial document repositories (e.g., email repositories, Google Docs, locally stored electronic documents)
- Defendants' internal non-custodial document repositories (e.g., Slack channels, Git repository, LiDAR-related servers, personnel files)
- Publicly available websites on the Internet
- Data room for the Uber – Ottomotto acquisition transaction

As of June 26, 2017, the following individuals employed by Defendants have searched for documents that may contain material responsive to Waymo's requests for production:

- Niranjan Arigai (Operations Program Manager) – documents relating to LiDAR designs and development
- John Bares (Operations Director) – documents and email communications relating to LiDAR-related milestones
- Ben Becker (Software Engineer) – documents relating to LiDAR designs and development
- Adam Bentley (Counsel) – documents related to Ottomotto, LLC and Otto Trucking, LLC data room, corporate formation documents for the same, and Tyto Lidar, LLC
- Marlon Bocalan (Engineer) – documents relating to LiDAR designs and development
- Scott Boehmke (Engineering Manager) – documents and email communications relating to LiDAR designs and development
- Felipe Caldeira (Supply Chain Engineer) – documents relating to LiDAR designs

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

47

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

and development

- Melanie Day (Software Engineer) – documents relating to LiDAR designs and development

- Carolyn Finney (Mechanical Design Engineer) – documents relating to LiDAR designs and development

- Jim Gasbarro (Hardware Engineer) – documents relating to LiDAR designs and development

- Andrew Glickman (Senior Counsel) – electronic documents and email data

- Daniel Gruver (Engineer, Program Manager) – documents and email communications relating to LiDAR designs and development

- James Haslim (Senior Engineering Manager) – documents and email communications relating to LiDAR designs and development

- Jeff Holden (Chief Product Officer) – electronic documents and email data

- Florin Ignatescu (Electrical Engineer) – documents and email communications relating to LiDAR designs and development

- Mike Karasoff (Software Engineer) – documents relating to LiDAR designs and development

- Adam Kenvarg (Mechanical Engineer) – documents relating to LiDAR designs and development

- George Lagui (Engineer) – documents relating to LiDAR designs and development

- Anthony Levandowski (former Head of Advanced Technologies Group) – email data and text messages

- Max Levandowski (Mechanical Engineer) – documents and email communications relating to LiDAR designs and development

- Asheem Linaval (Hardware Engineer) – documents and email communications relating to LiDAR designs and development

- Tri Luong (Electrical Engineer) – documents relating to LiDAR designs and

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

48

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

development

- Christian Lymn (Director, Corporate Legal Affairs) – electronic documents and email data

- Mark Marzona (Test Engineer) – documents relating to LiDAR designs and development

- Eric Meyhofer (Head of Advanced Technologies Group) – documents relating to LiDAR designs and development

- Matthew Palomar (Hardware Engineer) – documents relating to LiDAR designs and development

- Gaetan Pennecot (Optical Engineer) – documents and email communications relating to LiDAR designs and development

- Cameron Poetzscher (Vice President, Corporate Development) – electronic documents and email data

- Nina Qi (Senior Manager, Corporate Development) – electronic documents and email data

- Daniel Ratner (Mechanical Engineer) – documents relating to LiDAR designs and development

- Ana Rayo (Engineer) – documents relating to LiDAR designs and development

- Ognen Stojanovski (Government Relations) – electronic documents and email data

- John Tobias (Software Engineer) – documents relating to LiDAR designs and development

- William Treichler (Layout Engineer) – documents relating to LiDAR designs and development

- Filip Trojanek (Engineer) – documents and email communications relating to LiDAR designs and development

- Vitaly Winter (Senior Test Development Engineer) – documents relating to LiDAR designs and development

- Steven Wu (Global Product Operations) – documents and email communications

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (Nos. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

49

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1      relating to LiDAR designs and development

2         • Jessica Yox (Mechanical Engineer) – documents relating to LiDAR designs and

3      development

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

50

1

**CERTIFICATE OF SERVICE**

2

    I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, CA 94304.  I am not a party to the within cause, and I am over the age of eighteen years.

3

4

    I further declare that on June 26, 2017, I served true and correct copies of the following documents:

5

6
- **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)**

7

8

  ☒    **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

9

10

| Recipient | Email Address: |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA  94111-4788 | qewaymo@quinnemanuel.com |
| Leo P. Cunningham<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA  94304-1050<br><br>*Attorneys for Plaintiff Waymo LLC* | lcunningham@wsgr.com |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| I. Neel Chatterjee<br>GOODWIN PROCTER LLP<br>135 Commonwealth Drive<br>Menlo Park, CA94025<br><br>Brett M. Schuman<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center<br>San Francisco, CA  94111<br><br>*Attorneys for Defendant Otto Trucking LLC* | nchatterjee@goodwinlaw.com<br>bschuman@goodwinlaw.com<br>rwalsh@goodwinlaw.com |
| John L. Cooper<br>Farella Braun + Martel LLP<br>Russ Building<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA  94104<br><br>*Special Master* | JCooper@fbm.com<br>MCate@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Palo Alto, California, this 26th day of June 2017.

| Ethel Villegas | */s/ Ethel Villegas* |
|---|---|
| (typed) | (signature) |