MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WAYMO LLC,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,

Defendants.

Case No. 3:17-cv-00939-WHA

**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 92-152)**

Trial Date: October 2, 2017

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Defendants") object and respond to Plaintiff Waymo LLC's Second Set of Requests for Production of Documents, served on May 11, 2017.

## GENERAL OBJECTIONS

Defendants make the following general responses and objections ("General Objections") to each definition, instruction, and request propounded in Waymo's Requests for Production of Documents. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to the individual requests does not waive any of Defendants' General Objections.

1. Defendants object to each Request, Definition, or Instruction to the extent it seeks or purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the applicable rules and orders of this Court.

2. Nothing in these responses is an admission by Defendants of the existence, relevance, or admissibility of any information, for any purpose. Defendants reserve all objections as to competency, relevance, materiality, privilege, or admissibility related to the use of its responses and any document or thing identified in its responses as evidence for any purpose whatsoever in any subsequent proceeding in this trial or any other action.

3. Defendants object to each Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in their ordinary course of business. Defendants will provide only relevant, non-privileged information that is within their present possession, custody, or control and available after a reasonable investigation.

4. Defendants object to these Requests insofar as they purport to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage.

5. Defendants object to each Request to the extent that it is not limited in time. Defendants will produce information from a reasonable time period as it relates to this case.

6. Defendants object to each Request to the extent it seeks a response from persons or entities that are not parties to the lawsuit and over whom Defendants have no control. Defendants

respond to the Requests on Defendants' own behalf.

7. To the extent any Request, Instruction, or Definition may be construed as calling for disclosure of information subject to the attorney-client privilege, work-product immunity, joint defense or common interest, or any other applicable privilege or protection, Defendants hereby claim such privileges and immunities and object on such grounds. Defendants do not waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint defense or common-interest privilege or any other privilege, immunity, or other protection that may be asserted to protect information from disclosure.

8. Defendants object to the definitions of "WAYMO," "GOOGLE," "OTTO TRUCKING," "ODIN WAVE," "TYTO," "POUCH HOLDINGS," "DOGWOOD LEASING," and "APPARATE INTERNATIONAL" as overbroad, vague, and ambiguous because Defendants do not know, for example, all "current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of" each entity.

9. Although Defendants have diligently complied with their discovery obligations at this stage, their investigations in connection with this litigation are continuing. These responses are limited to information obtained to date and are given without prejudice to Defendants' right to amend or supplement their responses after considering information obtained through further discovery or investigation.

Subject to without waiving its General Objections, Defendants object and respond to the Requests as follow:

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 92:**

DOCUMENTS sufficient to show the reasons why DEFENDANTS chose the position, orientation, and number of the laser diodes and photodetectors mounted on the printed circuit boards of all of their LiDAR designs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

with Asheem Linaval's Notice of Deposition. Specifically, Defendants produced PowerPoint presentations, notes, and calculations from the custodial files of Scott Boehmke and James Haslim sufficient to show the requested information, such as Scott Boehmke's November 2016 summary regarding angular orientation and Scott Boehmke's calculations and schematics for the [REDACTED] system. Defendants also produced schematic, assembly drawings, and CAD files of Fuji transmit boards and transmit block.

In addition, Defendants have made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Scott Boehmke, Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show the reasons why Defendants chose the position, orientation, and number of the laser diodes and photodetectors mounted on the printed circuit boards in their LiDAR designs.

Defendants object to this Request as unreasonably overbroad to the extent that it requests information about third-party LiDAR designs.

**REQUEST FOR PRODUCTION NO. 93:**

DOCUMENTS sufficient to show the reasons why DEFENDANTS chose the number of printed circuit boards in all of their LiDAR designs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Asheem Linaval's Notice of Deposition. Specifically, Defendants produced PowerPoint presentations, notes, and calculations from the custodial files of Scott Boehmke and James Haslim sufficient to show the requested information, such as Scott Boehmke's November 2016

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
3

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

summary regarding angular orientation, firing circuits considered and currently in use for the Fuji device, and James Haslim's email to Scott Boehmke regarding two boards per cavity.

In addition, Defendants have made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Scott Boehmke, Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show the reasons why Defendants chose the number of printed circuit boards in all of their LiDAR designs after January 26, 2016.

To the extent this Request seeks documents on or before January 26, 2016, Defendants object that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to this Request as unreasonably overbroad to the extent that it requests information about third-party LiDAR designs.

**REQUEST FOR PRODUCTION NO. 94:**

DOCUMENTS sufficient to show the reasons why DEFENDANTS chose the methods for aligning the printed circuit boards in all of their LiDAR designs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Defendants have made available for inspection the Fuji device, Owl device, and Spider components, as well as the CAD files of the transmit block. Defendants also produced CAD files of Fuji transmit block and dowel pin alignment.

Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four locations at which there is

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
4

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show the reasons why Defendants chose the methods for aligning the printed circuit boards in their LiDAR designs after January 26, 2016.

To the extent this Request seeks documents outside of the time period specified in Defendants' response, Defendants object that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to this Request as unreasonably overbroad to the extent that it requests information about third-party LiDAR designs.

**REQUEST FOR PRODUCTION NO. 95:**

DOCUMENTS sufficient to show the reasons why DEFENDANTS chose the selection, materials, size, position, number, and orientation of optical elements that are used to manipulate and modify laser beams that are transmitted and detected all of their LiDAR designs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Notices of Deposition of Asheem Linaval and Gaetan Pennecot, and Waymo's Expedited Requests for Production. Specifically, Defendants produced PowerPoint presentations, notes, and calculations from the custodial files of Scott Boehmke and James Haslim sufficient to show the requested information, such as Scott Boehmke's November 2016 summary regarding angular orientation and email correspondence with [redacted] regarding the optical elements for the Fuji device and the Spider components.

In addition, Defendants have made available for inspection the Fuji device, Owl device, and Spider components. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
5

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

documents; the devices of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show the reasons why Defendants chose the number of printed circuit boards in all of their LiDAR designs after January 26, 2016.

To the extent this Request seeks documents outside of the time period specified in Defendants' response, Defendants object that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to this Request as unreasonably overbroad to the extent that it requests information about third-party LiDAR designs.

**REQUEST FOR PRODUCTION NO. 96:**

All COMMUNICATIONS REGARDING LiDAR between DEFENDANTS and LEVANDOWSKI before August 18, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Defendants have produced documents responsive to this Request. Defendants will produce additional responsive non-privileged COMMUNICATIONS REGARDING LiDAR between Uber and Ottomotto and LEVANDOWSKI located through a reasonably diligent search.

Defendants object to this Request to the extent it seeks documents protected by the common interest and/or joint defense privileges.

**REQUEST FOR PRODUCTION NO. 97:**

DOCUMENTS sufficient to show DEFENDANTS' knowledge of WAYMO's autonomous vehicle program, INCLUDING all DOCUMENTS that discuss or mention the design of WAYMO's LiDAR.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
6

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with the Notices of Deposition of Asheem Linaval and Daniel Gruver, and in connection with the Notice of Deposition of John Bares. Specifically, Defendants produced documents that discuss or mention the design of Waymo's LiDAR that have been collected from Defendants' internal Slack channels, sufficient to show Defendants' knowledge of Waymo's autonomous vehicle program, news article publicly discussing Waymo's LiDAR sensors, and John Bares's notes on the meetings during the NewCo negotiations.

Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show Defendants' alleged knowledge of Waymo's autonomous vehicle program.

To the extent this Request seeks anything other than the previously described information, Defendants object to the portion of this Request seeking "all" such documents as overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that Plaintiffs' request for documents regarding Defendants' "knowledge" implicates Waymo's overbroad definitions, which consider Uber and Ottomotto to be the entities themselves, as well as any number of agents, employees, and other related persons or entities, thus rendering this Request overbroad and vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS and COMMUNICATIONS REGARDING LEVANDOWSKI's input into any component of all LiDAR, radar, camera, microphone, audio input or output, manual controller, wireless communication system, display, wheel or pedal sensor or controller systems developed or contemplated by DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Defendants have already produced email communications regarding the input from Anthony Levandowski into any component of LiDAR systems developed or contemplated by Defendants in Production Volumes 4, 20, and 21.

In addition, Defendants have made available for inspection the Fuji device, Owl device, and Spider components. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Scott Boehmke, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional documents and communications, if such documents exist and can be located through a reasonably diligent search, regarding the input from Anthony Levandowski into components of LiDAR systems developed or contemplated by Defendants.

To the extent this Request seeks anything other than the previously described information, Defendants object to the Request as vastly overbroad, unduly burdensome, outside the scope of this litigation, harassing, and not proportional to the needs of the case because it concerns "all documents" and "communications" regarding "any component" of virtually anything developed by Defendants. Defendants further object to the portion of this Request seeking documents concerning "all" "radar, camera, microphone, audio input or output, manual controller, wireless communication system, display, wheel or pedal sensor or controller systems" as irrelevant. Defendants also object to this Request to the extent that it seeks information protected by the

attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the ground that the phrase "input into" is vague and ambiguous.

**<u>REQUEST FOR PRODUCTION NO. 99</u>:**

All DOCUMENTS and COMMUNICATIONS REGARDING LEVANDOWSKI's input into the testing, assembly, tuning, or calibration of all LiDAR, radar, camera, microphone, audio input or output, manual controller, wireless communication system, display, wheel or pedal sensor or controller systems developed or contemplated by DEFENDANTS.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 99</u>:**

Defendants have already produced email communications regarding the input from Anthony Levandowski into the testing, assembly, tuning, or calibration of LiDAR systems developed or contemplated by Defendants in Production Volumes 4, 20, and 21.

In addition, Defendants have made available for inspection the Fuji device, Owl device, and Spider components. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Scott Boehmke, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional documents and communications, if such documents exist and can be located through a reasonably diligent search, regarding the input from Anthony Levandowski into testing, assembly, tuning, or calibration of LiDAR systems developed or contemplated by Defendants.

To the extent this Request seeks anything other than the previously described information, Defendants object to this Request as vastly overbroad, unduly burdensome, outside the scope of this litigation, harassing, and not proportional to the needs of the case because it concerns "all

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

documents" and "communications" regarding virtually anything developed by Defendants. Defendants object to the portion of this request seeking documents concerning "all" "radar, camera, microphone, audio input or output, manual controller, wireless communication system, display, wheel or pedal sensor or controller systems" as irrelevant. Defendants also object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the ground that the phrase "input into" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 100:**

DOCUMENTS sufficient to show any LiDAR units, sensors, technology, or designs prepared, edited, contributed to, or presented in whole or in part by any of DEFENDANTS' employees who were formerly employees of WAYMO or its corporate affiliates within six (6) months of such employee joining DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with the Notices of Depositions of David Meall, Asheem Linaval, and James Haslim, as well as Waymo's Expedited Requests for Production. For example, Defendants produced documents and communications from the custodial files of Daniel Gruver, Gaetan Pennecot, Asheem Linaval, and Anthony Levandowski; Anthony Levandowski's rough sketches relating to Spider; Zemax schematics of optical elements prepared by Daniel Gruver and Gaetan Pennecot, and lab notebooks of Gaetan Pennecot, Daniel Gruver and Marlon Bocalan.

Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
10

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show the requested information.

To the extent this Request seeks anything other than the previously described information, Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 101:**

Documents sufficient to show the identity of DEFENDANTS' LiDAR suppliers, INCLUDING information REGARDING the specific components that each supplier provides to DEFENDANTS, and information REGARDING when DEFENDANTS' relationship with each supplier began.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Sameer Kshirsagar's Notice of Deposition. These documents are sufficient to show the identity of the suppliers that currently provide Defendants' LiDAR components and services, as well as the components or services provided to Defendants by those suppliers, and the engagement dates for those suppliers.

Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Scott Boehmke, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
11

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show the requested information.

Defendants object to the use of the phrase "when Defendants' relationship with each supplier began" as vague and ambiguous. Defendants also object to the use of the terms "supplier" and "suppliers" as vague and ambiguous. For purposes of this Request, Defendants interpret the undefined term "suppliers" to refer to third parties who are currently known by Defendants to provide to Defendants components or services for LiDAR prototypes. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 102:**

DOCUMENTS sufficient to show whether DEFENDANTS' relationships with any of DEFENDANTS' LiDAR suppliers have ever been informed by information derived from WAYMO or GOOGLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Sameer Kshirsagar's Notice of Deposition. For example, Defendants have produced documents sufficient to show the first engagement date for Defendants' current LiDAR suppliers.

Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation. As

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825 12

Waymo knows, Uber has already conducted an extensive search for the 14,000 allegedly downloaded files and has not located any substantive matches.

Defendants will produce additional responsive, non-privileged documents, if such documents exist and can be located through a reasonably diligent search of the employees who were directly involved in identifying or selecting Defendants' LiDAR suppliers after January 26, 2016.

To the extent this Request seeks anything other than the previously described information, Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants also object to the use of the phrase "have ever been informed by information derived from" as vague and ambiguous. Defendants also object to the use of the terms "supplier" and "suppliers" as vague and ambiguous. For purposes of this Request, Defendants interpret the undefined term "suppliers" to refer to third parties who are currently known by Defendants to provide to Defendants components or services for LiDAR prototypes. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS and COMMUNICATIONS REGARDING overlap between DEFENDANTS' suppliers and WAYMO's suppliers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Sameer Kshirsagar's Notice of Deposition and Waymo's Expedited Requests for Production Nos. 1 and 23. For example, Defendants have produced documents sufficient to show the identity of the suppliers that are currently known by Mr. Kshirsagar or his team to provide to Defendants LiDAR components and services and communications with Gorilla Circuits and [redacted]

Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show the identity of the suppliers that are currently known by Defendants to provide to Defendants LiDAR components and services and that overlap with Waymo's suppliers.

To the extent this Request seeks anything other than the previously described information, Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants object to the use of the term "overlap" as vague, and ambiguous. Defendants further object to the use of the term "suppliers" as vague and ambiguous. For the purposes of this Request, Defendants interpret the undefined term "suppliers" to refer to third parties who are currently known by Defendants to provide to Waymo and Defendants components or services for LiDAR prototypes. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 104:**

DOCUMENTS sufficient to show any instance where DEFENDANTS' suppliers told DEFENDANTS that they could not meet DEFENDANTS' requested demand for LiDAR-related components.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Defendants have made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Scott Boehmke, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show Defendants' suppliers for LiDAR-related components that told Defendants they could not meet Defendants' demand.

To the extent this Request seeks anything other than the previously described information, Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the term "suppliers" as vague and ambiguous. For the purposes of this Request, Defendants interpret the undefined term "suppliers" to refer to third parties who are currently known by Defendants to provide to Defendants components or services for LiDAR prototypes. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 105:**

DOCUMENTS sufficient to show the conception and reduction to practice of any alleged invention claimed in the patent applications attached as Exhibits J-P to the Declaration of Scott Boehmke.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Scott Boehmke's Notice of Deposition. Specifically, Defendants produced PowerPoint presentations, notes, and spreadsheets from the custodial files of Scott Boehmke sufficient to show the requested information, including the provisional and non-provisional applications and the presentation entitled "Driving LADAR Concept Review."

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
15

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Defendants consider their production to be complete at this time.

To the extent this Request seeks anything other than the previously described information, Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 106:**

DOCUMENTS sufficient to identify all LiDAR devices, systems, and configurations that DEFENDANTS have considered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Asheem Linaval's and Scott Boehmke's Notices of Deposition. Defendants produced PowerPoint presentations, notes, spreadsheets, and schematics from the custodial files of Scott Boehmke, James Haslim, Jim Gasbarro, Gaetan Pennecot, and William Treichler sufficient to show the requested information.

In addition, Defendants have made available for inspection the Fuji device, Owl device, and Spider components. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Scott Boehmke, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants consider their production to be complete at this time.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
16

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

To the extent this Request seeks anything other than the previously described information, Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS REGARDING DEFENDANTS' decision to "pivot and instead focus on what we dubbed the 'Fuji' design" (referenced in paragraph 16 of the Declaration of Scott Boehmke).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Scott Boehmke's Notice of Deposition. Specifically, Defendants have produced PowerPoint presentations, notes, spreadsheets, and communications from the custodial files of Scott Boehmke and James Haslim sufficient to show the requested information.

In addition, Defendants have made available for inspection the Fuji device, Owl device, and Spider components. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Scott Boehmke, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants consider their production to be complete at this time.

To the extent this Request seeks anything other than the previously described information, Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks "all" documents. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
17

**REQUEST FOR PRODUCTION NO. 108:**

DOCUMENTS sufficient to show the design and use of a fiber laser in any of DEFENDANTS' LiDAR systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Scott Boehmke's Notice of Deposition. Specifically, Defendants produced PowerPoint presentations, notes, spreadsheets, and communications from the custodial files of Scott Boehmke and James Haslim sufficient to show the requested information, such as an Owl brochure and circuit schematics, Spider flowcharts, and Spider MOPA schematics.

In addition, Defendants have made available for inspection the Fuji device, Owl device, and Spider components. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Anthony Levandowski, James Haslim, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants consider their production to be complete at this time.

**REQUEST FOR PRODUCTION NO. 109:**

DOCUMENTS sufficient to identify all LiDAR-related work former WAYMO or GOOGLE employees have done for DEFENDANTS since leaving WAYMO or GOOGLE, INCLUDING whether or not that work led to or related to any prototype or device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with the Notices of Depositions of David Meall, Asheem Linaval, and James Haslim, as well as

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Waymo's Expedited Requests for Production. For example, Defendants produced communications from the custodial files of Daniel Gruver, Gaetan Pennecot, Asheem Linaval, and Anthony Levandowski; Anthony Levandowski's rough sketches relating to Spider; Zemax schematics of optical elements prepared by Daniel Gruver and Gaetan Pennecot, and lab notebooks of Gaetan Pennecot, Daniel Gruver and Marlon Bocalan.

In addition, Defendants have made available for inspection the Fuji device, Owl device, and Spider components. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, and Asheem Linaval; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show the requested information.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**<u>REQUEST FOR PRODUCTION NO. 110</u>:**

All DOCUMENTS brought by former WAYMO or GOOGLE employees to DEFENDANTS.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 110</u>:**

Defendants will produce documents belonging to Waymo or Google brought by former Waymo or Google employees having LiDAR-related responsibilities or projects to Defendants, if any.

Defendants object to this Request to the extent it seeks documents not belonging to Waymo or Google.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
19

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 111:**

All DOCUMENTS and COMMUNICATIONS REGARDING the submission to Nevada authorities entitled "Autonomous Technology Knowledge and Expertise," dated on or around September 16, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 112:**

DOCUMENTS sufficient to show all author(s) of and contributor(s) to the submission to Nevada authorities entitled "Autonomous Technology Knowledge and Expertise," dated on or around September 16, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Defendants will produce a document or documents sufficient to show the authors of the document referenced in this Request, if such documents exist and can be located through a reasonably diligent search.

Defendants object to this Request on the grounds that the term "contributor(s)" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 113:**

All DOCUMENTS and COMMUNICATIONS REGARDING the statement in the submission to Nevada authorities entitled "Autonomous Technology Knowledge and Expertise," dated on or around September 16, 2016, that "Selected advanced self-driving technologies

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
20

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

developed in-house and/or currently deployed in Otto's autonomous vehicles include" an "Inhouse custom built 64-laser (Class 1) emitting 6.4 million beams a second at 1OHz."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 114:**

All DOCUMENTS and COMMUNICATIONS REGARDING steps taken by Gautam Gupta to verify the accuracy of the submission to Nevada authorities entitled "Autonomous Technology Knowledge and Expertise," dated on or around September 16, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

21

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 115:**

All DOCUMENTS and COMMUNICATIONS REGARDING steps taken by Gautam Gupta to verify the accuracy of the statement in the submission to Nevada authorities entitled "Autonomous Technology Knowledge and Expertise," dated on or around September 16, 2016, that "Selected advanced self-driving technologies developed in-house and/or currently deployed in Otto's autonomous vehicles include" an "In-house custom built 64-laser (Class 1) emitting 6.4 million beams a second at 1OHz."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 116:**

All DOCUMENTS and COMMUNICATIONS REGARDING the letter to Nevada authorities, "RE: Clarification to Autonomous Technology Certification Submission," dated on or around March 15, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Defendants will produce the March 15, 2017 letter referenced in this Request. After a diligent search and reasonable inquiry, Defendants respond that there are no additional non-privileged documents responsive to this Request.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
22

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 117:**

DOCUMENTS sufficient to show all author(s) of and contributor(s) to the letter to Nevada authorities, "RE: Clarification to Autonomous Technology Certification Submission," dated on or around March 15, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Defendants will produce a document or documents sufficient to show the authors of the document referenced in this Request.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that the term "contributor(s)" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 118:**

All DOCUMENTS and COMMUNICATIONS REGARDING the statement in the letter to Nevada authorities, "RE: Clarification to Autonomous Technology Certification Submission," dated on or around March 15, 2017, that "Otto has been developing its own LiDAR systems, but has not yet deployed an '[i]n-house custom built 64-laser' in its autonomous vehicles, and [t]o the extent any vehicles tested and certified by Nevada ATCF LLC to date included a LiDAR sensor, such LiDAR sensor was commercially available."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Defendants will produce the March 15, 2017 letter referenced in this Request. After a diligent search and reasonable inquiry, Defendants respond that there are no additional non-privileged documents responsive to this Request.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" communications. Defendants

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
23

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 119:**

DOCUMENTS sufficient to show any LiDAR design considered or developed by DEFENDANTS that uses a common lens to transmit and receive laser beams.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with James Haslim's and Asheem Linaval's Notices of Deposition. For example, Defendants produced PowerPoint presentations, notes, spreadsheets, schematics, and photos from the custodial files of Scott Boehmke, James Haslim, and Max Levandowski sufficient to show the requested information.

In addition, Defendants have made available for inspection the Spider components themselves, as well as CAD files of the Spider components. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations in which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants consider their production to be complete at this time.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

24

**<u>REQUEST FOR PRODUCTION NO. 120</u>:**

All DOCUMENTS and COMMUNICATIONS REGARDING the LIDAR-related "Milestones" in UBER00006451, INCLUDING (without limitation) how such milestones were calculated and/or determined, the negotiation of such milestones, and any discussions REGARDING the satisfaction of such milestones.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 120</u>:**

Defendants have already produced non-privileged documents responsive to this Request, including, for example, drafts of the milestones document, John Bares's notes on all meetings with Anthony Levandowski regarding NewCo, John Bares's equity calculator, and non-privileged email correspondence relating to NewCo negotiations.

Defendants will produce additional non-privileged, responsive communications sufficient to show how the Milestones were calculated and/or determined, the negotiation of such milestones, and the satisfaction of the Milestones, to the extent any are located after a reasonably diligent search.

Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case insofar as it concerns "any discussions regarding the satisfaction of such milestones" and "all" documents and communications. Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**<u>REQUEST FOR PRODUCTION NO. 121</u>:**

All DOCUMENTS and COMMUNICATIONS REGARDING DEFENDANTS' decision to use multiple laser diodes arranged on a curved transmit PCB in FUJI, and the diode alignment and tuning process in such design.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with James Haslim's Notice of Deposition. Specifically, Defendants produced PowerPoint presentations, notes, spreadsheets, schematics, and communications from the custodial files of Scott Boehmke and James Haslim sufficient to show the requested information regarding the use of laser diodes on the transmit PCB, including Scott Boehmke's documents showing multiple laser diodes on a PCB, Scott Boehmke's November 2016 angular orientation summary, and James Haslim's email to Scott Boehmke regarding two transmit boards per cavity. Defendants also produced schematic, assembly drawings, and CAD files of Fuji transmit boards.

In addition, Defendants have made available for inspection the Fuji device. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four locations in which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents and communications, if such documents exist and can be located through a reasonably diligent search, regarding Defendants' decision to use multiple laser diodes arranged on a curved transmit PCB in Fuji, and the diode alignment and tuning process in such design.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
26

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 122:**

All DOCUMENTS from the shared folder identified in UBER00005937.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Paul McManamon's Notice of Deposition. Specifically, Defendants have produced all documents in the "Fuji" folder referenced in UBER00005937.

Defendants consider their production to be complete at this time.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 123:**

All DOCUMENTS from the shared folder identified in UBER00005938.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Paul McManamon's Notice of Deposition. Specifically, Defendants have produced all documents in the [REDACTED] folder referenced in UBER00005938.

Defendants consider their production to be complete at this time.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 124:**

DOCUMENTS sufficient to show any testing of SPIDER, INCLUDING but not limited to the testing of any SPIDER optical cavity.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
27

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Defendants have already produced documents responsive to this Request, including, for example, email correspondence between James Haslim and Scott Boehmke, subject "Re: Demo?" discussing the eight-channel demonstration (UBER00008593).

In addition, Defendants have made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four locations in which there is ongoing LiDAR development.  To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show any testing of Spider.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 125:**

All DOCUMENTS and COMMUNICATIONS REGARDING the testing of any SPIDER optical cavity built by DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Defendants have already produced documents responsive to this Request, including, for example, email correspondence between James Haslim and Scott Boehmke, subject "Re: Demo?" discussing the eight-channel demonstration (UBER00008593).

In addition, Defendants have made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

28

locations in which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents and communications, if such documents exist and can be located through a reasonably diligent search, regarding the testing of any Spider optical cavity built by Defendants.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 126:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "8 channel demo," and any related demonstration(s) of SPIDER, conducted on or around October 13, 2016 (referenced in the email chain between James Haslim and Scott Boehmke, subject "Re: Demo?" at UBER00008593).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Defendants will produce additional non-privileged documents and communications, if such documents exist and can be located through a reasonably diligent search, regarding the "8 channel demo," and any related demonstration(s) of SPIDER, conducted on or around October 13, 2016.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 127:**

DOCUMENTS sufficient to show the extent to which the SPIDER optical cavity could perform light detection and ranging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Defendants have already produced documents responsive to this Request, including, for example, email correspondence between James Haslim and Scott Boehmke, subject "Re: Demo?" discussing the eight-channel demonstration (UBER00008593).

In addition, Defendants have made available for inspection the Spider components.  Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations in which there is ongoing LiDAR development.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show the extent to which the SPIDER optical cavity could perform light detection and ranging.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.


**REQUEST FOR PRODUCTION NO. 128:**

All DOCUMENTS and COMMUNICATIONS REGARDING the optical layouts considered for FUJI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Notices of Deposition for Gaetan Pennecot, Asheem Linaval, and James Haslim. Defendants have also made the Fuji device and CAD files of the Fuji device available for inspection.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

30

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

In addition, Defendants have made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four locations in which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents and communications, if such documents exist and can be located through a reasonably diligent search, regarding the optical layouts considered for the Fuji device.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**<u>REQUEST FOR PRODUCTION NO. 129</u>:**

All DOCUMENTS and COMMUNICATIONS REGARDING the alignment of the FUJI diodes with the FUJI receivers.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 129</u>:**

On May 24, 2107, Defendants made available—and Waymo inspected—the station used to align the Fuji receive photodiodes with the Fuji laser diodes.

Defendants consider their production to be complete at this time.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
31

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 130:**

All DOCUMENTS and COMMUNICATIONS REGARDING the design and placement of the fast-axis collimation ("FAC") lenses in FUJI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Gaetan Pennecot's and James Haslim's Notices of Deposition and Expedited Requests for Production No. 11, 12 and 23. Specifically, Defendants have produced schematics and CAD files of the FAC lens, email correspondence with [REDACTED] regarding the FAC lens, documents showing how the placement [REDACTED] is performed, and documents showing the assembly tools for FAC lenses.

In addition, Defendants have made available for inspection the Fuji device. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot and Daniel Gruver; and all four locations in which there is ongoing LiDAR development.

Defendants consider their production to be complete at this time.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
32

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 123 (sic):**

DOCUMENTS sufficient to show the development of [redacted]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123 (sic):**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Gaetan Pennecot's and James Haslim's Notices of Deposition and Expedited Interrogatory 23. Specifically, Defendants have produced schematics and CAD files of the FAC lens and email correspondence with [redacted]

In addition, Defendants have made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot and Daniel Gruver; and all four locations in which there is ongoing LiDAR development.

Defendants consider their production to be complete at this time.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 131:**

All COMMUNICATIONS between any DEFENDANT and [redacted] REGARDING FAC lenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Defendants have produced all communications responsive to this request in connection with Waymo's Expedited Request for Production No. 23.

Defendants consider their production to be complete at this time.

Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
33

extent it calls for the production of documents that are unrelated to this litigation. Defendants additionally object that responding to this Request would be oppressive and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 132:**

All DOCUMENTS and COMMUNICATIONS REGARDING the design of the transmit boards in FUJI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Notices of Deposition for Daniel Gruver, Asheem Linaval, Scott Boehmke, James Haslim, and Dr. Michael Lebby. Specifically, Defendants have produced schematic, assembly drawings, and CAD files of Fuji transmit boards.

In addition, Defendants have made available for inspection the Fuji device and its transmit boards. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four locations in which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants consider their production to be complete at this time.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 133:**

All DOCUMENTS and COMMUNICATIONS REGARDING the design of the transmit boards in SPIDER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Defendants have made available for inspection the Spider components and produced photos taken at the inspection of these components.

Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations in which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents and communications, if such documents exist and can be located through a reasonably diligent search, sufficient to show the design of the transmit boards in Spider.

Defendants object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.


**REQUEST FOR PRODUCTION NO. 134:**

All DOCUMENTS and COMMUNICATIONS REGARDING the design of the light sources in OWL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with Scott Boehmke's Notice of Deposition. For example, Defendants produced an Owl brochure and circuit schematics and certain Altium files from Asheem Linaval's records.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

35

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Defendants will produce additional non-privileged documents and communications, if such documents exist and can be located through a reasonably diligent search, regarding the design of the light sources in OWL.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

**REQUEST FOR PRODUCTION NO. 135:**

All DOCUMENTS and COMMUNICATIONS REGARDING OTTOMOTTO and/or UBER's use of LiDAR developed at TYTO and/or ODIN WAVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with the Notices of Deposition for Daniel Gruver, Scott Boehmke, and James Haslim. For example, Defendants have produced documents from the custodial files of Scott Boehmke regarding Tyto, as well as documents regarding Spider.

Defendants will produce additional non-privileged documents and communications, if such documents exist and can be located through a reasonably diligent search, regarding Uber's use of LiDAR developed at Tyto and/or Odin Wave.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 136:**

All agreements between Ognen Stojanovski and any DEFENDANT.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
36

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Defendants have already produced non-privileged documents responsive to this Request in Production Volume 41.

Defendants will produce any additional agreements responsive to this request located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 137:**

All agreements between Ognen Stojanovski and TYTO and/or ODIN WAVE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

After a diligent search and reasonable inquiry, Defendants respond that there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 138:**

All agreements between and Ognen Stojanovski, on the one hand, and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL, on the other.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

After a diligent search and reasonable inquiry, Defendants respond that there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 139:**

All COMMUNICATIONS with GORILLA CIRCUITS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Defendants have already produced non-privileged, responsive emails between Uber employees and Gorilla Circuits in Defendants' production pursuant to Expedited Request for Production No. 1.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

37

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Defendants consider their production to be complete at this time.

To the extent this Request seeks anything other than the previously described information, Defendants object to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks "All COMMUNICATIONS" and fails to contain any reasonable restrictions or limitations as to scope, subject matter, and time period.

**REQUEST FOR PRODUCTION NO. 140:**

DOCUMENTS sufficient to show the circuitry that fires the light sources in SPIDER and FUJI, INCLUDING any circuitry that connects between the light sources and a voltage source.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Defendants have already produced documents responsive to this Request, including without limitation the ten laser diode firing circuits considered for Fuji, the two versions of Fuji's current circuitry, and certain Altium files from Asheem Linaval's records.

In addition, Defendants have made available for inspection the Fuji device and Spider components. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Asheem Linaval; and all four locations in which there is ongoing LiDAR development.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show the circuitry that fires the light sources in the Spider components and the Fuji device.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
38

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 141:**

All DOCUMENTS and COMMUNICATIONS REGARDING the change in the name of ODIN WAVE and/or TYTO from "Odin Wave, LLC" to "Tyto LiDAR LLC," INCLUDING (without limitation) the reasons for the change and the identity of all PERSONS involved in the decision to change the name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS responsive to this Request located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 142:**

All DOCUMENTS and COMMUNICATIONS REGARDING the move of ODIN WAVE and/or TYTO from the location at [REDACTED] to the location at 1649 Neptune Drive, San Leandro, INCLUDING (without limitation) the reasons for the move and the identity of all PERSONS involved in the decision to move.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Defendants will produce non-privileged DOCUMENTS and COMMUNICATIONS responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 143:**

All COMMUNICATIONS between ODIN WAVE and/or TYTO and OMW REGARDING fastener counterbalance arch components.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
39

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Defendants will produce non-privileged COMMUNICATIONS responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 144:**

All COMMUNICATIONS between ODIN WAVE and/or TYTO and OFS REGARDING fiber lasers and fiber laser components.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Defendants will produce non-privileged COMMUNICATIONS responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 145:**

All DOCUMENTS and COMMUNICATIONS REGARDING the design or development of any LiDAR, radar, camera, microphone, audio input or output, manual controller, wireless communication system, display, wheel or pedal sensor or controller systems developed or contemplated by DEFENDANTS that mention or refer to WAYMO or GOOGLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Defendants have already produced documents responsive to this Request, including without limitation notes from John Bares in connection with his Notice of Deposition.

In addition, Defendants have made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825 40

documents; the devices of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations in which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents and communications, if such documents exist and can be located through a reasonably diligent search, regarding the design or development of LiDARs developed or contemplated by Defendants that discuss or refer to Waymo or Google in any substantive or material sense.

To the extent this Request seeks anything other than the previously described information, Defendants object to this Request as vastly overbroad, unduly burdensome, outside the scope of this litigation, harassing, and not proportional to the needs of the case because it concerns "all documents" and "communications" regarding virtually anything developed by Defendants. Defendants object to the portion of this request seeking documents concerning "all" "radar, camera, microphone, audio input or output, manual controller, wireless communication system, display, wheel or pedal sensor or controller systems" as irrelevant. Defendants further object to this Request as overbroad and unduly burdensome to the extent that it purports to require production of documents that merely "mention" Waymo or Google. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 146:**

All DOCUMENTS REGARDING DEFENDANTS' knowledge of each of the ASSERTED PATENTS, INCLUDING (without limitation) when each DEFENDANT first became aware of each of the ASSERTED PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Defendants will produce non-privileged documents, if such documents exist and can be located through a reasonably diligent search, regarding this request.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that Plaintiffs' request for documents regarding Defendants' "knowledge" implicates Waymo's overbroad definitions, which consider Uber and Ottomotto to be the entities themselves, as well as any number of agents, employees, and other related persons or entities, thus rendering this Request overbroad and vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 147:**

All DOCUMENTS REGARDING any CONTENTION by any DEFENDANT that any claim of the ASSERTED PATENTS is invalid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Defendants will produce invalidity contentions pursuant to Patent Local Rules 3-3 and 3-4.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that it seeks a legal conclusion. Defendants further object to this Request as premature to the extent it seeks expert testimony.

**REQUEST FOR PRODUCTION NO. 148:**

All DOCUMENTS REGARDING the invalidity, validity, unenforceability, or enforceability of the ASSERTED PATENTS, including any DOCUMENTS REGARDING any contention by DEFENDANTS that any asserted claim of the ASSERTED PATENTS are invalid or unenforceable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Defendants will produce invalidity contentions pursuant to Patent Local Rules 3-3 and 3-4.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
42

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that it seeks a legal conclusion. Defendants further object to this Request as premature to the extent it seeks expert testimony.

**REQUEST FOR PRODUCTION NO. 149:**

All DOCUMENTS REGARDING any CONTENTION by DEFENDANTS that FUJI does not infringe any asserted claim of the ASSERTED PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Defendants have already produced documents responsive to this Request, including without limitation photos, CAD files and circuit designs for Fuji.

In addition, Defendants have made available for inspection the Fuji device. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations in which there is ongoing LiDAR development.

Defendants will produce additional non-privileged documents in support of their non-infringement contentions.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that it seeks a legal conclusion. Defendants further object to this Request as premature to the extent it seeks expert testimony.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
43

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 150:**

All DOCUMENTS REGARDING any CONTENTION by DEFENDANTS that SPIDER does not infringe any asserted claim of the ASSERTED PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Defendants have already produced documents responsive to this Request, including without limitation photos of Spider components, including without limitation from Waymo's inspection on April 19, 2017.

In addition, Defendants have made available for inspection the Spider components. Defendants have further made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations in which there is ongoing LiDAR development.

Defendants will produce additional non-privileged documents in support of their non-infringement contentions.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that it seeks a legal conclusion. Defendants further object to this Request as premature to the extent it seeks expert testimony.

**REQUEST FOR PRODUCTION NO. 151:**

All DOCUMENTS and THINGS that any DEFENDANT contends constitute, comprise, or embody PRIOR ART to the ASSERTED PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Defendants have already produced documents responsive to this Request, including without limitation documents produced in connection with the Requests for Production served with the Notices of Deposition of Dr. Paul McManamon and Dr. Michael Lebby.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
44

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Defendants will formally produce additional prior art referenced in the Declarations of Dr. Paul McManamon and Dr. Michael Lebby. Defendants will also produce additional prior art documents pursuant to Patent Local Rules 3-3 and 3-4.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 152:**

All DOCUMENTS that embody, comprise, or REGARD any study, analysis, review or opinion (including opinions of counsel), conclusions, or contentions REGARDING the validity or invalidity, infringement or non-infringement, enforceability or unenforceability, interpretation or scope of any of the claims of any of the ASSERTED PATENTS or any related patents, regardless of from whom such opinions, conclusions, or contentions were obtained, INCLUDING without limitation, any studies, reports, or competitive comparisons made with respect to acts done, products sold, methods or systems used or services offered by DEFENDANTS or by any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that it seeks a legal conclusion. Defendants also object to this Request as improperly compound, as it seeks documents and communications regarding multiple separate categories of information.

Defendants will not produce documents in response to this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
45

Dated: June 26, 2017

MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

# APPENDIX

## Information on Document Collections and Production Under Supplemental Order ¶ 13

Defendants further provide information on their collection efforts under Paragraph 13 of the Supplemental Order. As of June 26, 2017, Defendants have searched the following sources of information that may contain material responsive to Waymo's requests for production:

- Defendants' custodial document repositories (e.g., email repositories, Google Docs, locally stored electronic documents)
- Defendants' internal non-custodial document repositories (e.g., Slack channels, Git repository, LiDAR-related servers, personnel files)
- Publicly available websites on the Internet
- Data room for the Uber – Ottomotto acquisition transaction

As of June 26, 2017, the following individuals employed by Defendants have searched for documents that may contain material responsive to Waymo's requests for production:

- Niranjan Arigai (Operations Program Manager) – documents relating to LiDAR designs and development
- John Bares (Operations Director) – documents and email communications relating to LiDAR-related milestones
- Ben Becker (Software Engineer) – documents relating to LiDAR designs and development
- Adam Bentley (Counsel) – documents related to Ottomotto, LLC and Otto Trucking, LLC data room, corporate formation documents for the same, and Tyto Lidar, LLC
- Marlon Bocalan (Engineer) – documents relating to LiDAR designs and development
- Scott Boehmke (Engineering Manager) – documents and email communications relating to LiDAR designs and development
- Felipe Caldeira (Supply Chain Engineer) – documents relating to LiDAR designs

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
47

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

and development

- Melanie Day (Software Engineer) – documents relating to LiDAR designs and development

- Carolyn Finney (Mechanical Design Engineer) – documents relating to LiDAR designs and development

- Jim Gasbarro (Hardware Engineer) – documents relating to LiDAR designs and development

- Andrew Glickman (Senior Counsel) – electronic documents and email data

- Daniel Gruver (Engineer, Program Manager) – documents and email communications relating to LiDAR designs and development

- James Haslim (Senior Engineering Manager) – documents and email communications relating to LiDAR designs and development

- Jeff Holden (Chief Product Officer) – electronic documents and email data

- Florin Ignatescu (Electrical Engineer) – documents and email communications relating to LiDAR designs and development

- Mike Karasoff (Software Engineer) – documents relating to LiDAR designs and development

- Adam Kenvarg (Mechanical Engineer) – documents relating to LiDAR designs and development

- George Lagui (Engineer) – documents relating to LiDAR designs and development

- Anthony Levandowski (former Head of Advanced Technologies Group) – email data and text messages

- Max Levandowski (Mechanical Engineer) – documents and email communications relating to LiDAR designs and development

- Asheem Linaval (Hardware Engineer) – documents and email communications relating to LiDAR designs and development

- Tri Luong (Electrical Engineer) – documents relating to LiDAR designs and

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

48

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

development

- Christian Lymn (Director, Corporate Legal Affairs) – electronic documents and email data
- Mark Marzona (Test Engineer) – documents relating to LiDAR designs and development
- Eric Meyhofer (Head of Advanced Technologies Group) – documents relating to LiDAR designs and development
- Matthew Palomar (Hardware Engineer) – documents relating to LiDAR designs and development
- Gaetan Pennecot (Optical Engineer) – documents and email communications relating to LiDAR designs and development
- Cameron Poetzscher (Vice President, Corporate Development) – electronic documents and email data
- Nina Qi (Senior Manager, Corporate Development) – electronic documents and email data
- Daniel Ratner (Mechanical Engineer) – documents relating to LiDAR designs and development
- Ana Rayo (Engineer) – documents relating to LiDAR designs and development
- Ognen Stojanovski (Government Relations) – electronic documents and email data
- John Tobias (Software Engineer) – documents relating to LiDAR designs and development
- William Treichler (Layout Engineer) – documents relating to LiDAR designs and development
- Filip Trojanek (Engineer) – documents and email communications relating to LiDAR designs and development
- Vitaly Winter (Senior Test Development Engineer) – documents relating to LiDAR designs and development
- Steven Wu (Global Product Operations) – documents and email communications

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825
49

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

relating to LiDAR designs and development

- Jessica Yox (Mechanical Engineer) – documents relating to LiDAR designs and development

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)
Case No. 3:17-cv-00939-WHA
pa-1791825

50

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, CA 94304. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on June 26, 2017, I served true and correct copies of the following documents:

- **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 92-152)**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| **Recipient** | **Email Address:** |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788 | qewaymo@quinnemanuel.com |
| Leo P. Cunningham<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br><br>*Attorneys for Plaintiff Waymo LLC* | lcunningham@wsgr.com |

| | |
|---|---|
| I. Neel Chatterjee<br>GOODWIN PROCTER LLP<br>135 Commonwealth Drive<br>Menlo Park, CA94025<br><br>Brett M. Schuman<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111<br><br>*Attorneys for Defendant Otto Trucking LLC* | nchatterjee@goodwinlaw.com<br>bschuman@goodwinlaw.com<br>rwalsh@goodwinlaw.com |
| John L. Cooper<br>Farella Braun + Martel LLP<br>Russ Building<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br><br>*Special Master* | JCooper@fbm.com<br>MCate@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed at Palo Alto, California, this 26th day of June 2017.

| Ethel Villegas | */s/ Ethel Villegas* |
|---|---|
| (typed) | (signature) |