1
2
3
4                      UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6
7    WAYMO LLC,                              Case No. 17-cv-00939-WHA   (JSC)
8              Plaintiff,
9         v.                                 **ORDER RE: WAYMO'S MOTION TO
                                             COMPEL**
10   UBER TECHNOLOGIES, INC., et al.,        Re: Dkt. Nos. 681, 682, 747, 748, 749
11             Defendants.
12
13        Waymo seeks the production of certain documents and answers to interrogatories from

14   Uber and Otto Trucking.

15        **A.    Waymo's Expedited Document Requests**

16             1.    *RFP No. 5*

17        Uber objects to producing emails that are responsive to Waymo's request for diligence

18   documents on the grounds that such documents are not appropriate for expedited discovery.

19   However, it also acknowledges that Waymo requested such documents pursuant to RFP No. 28 in

20   a non-expedited discovery request and that it responded to such request on June 23.  Uber does not

21   disclose whether it produced such documents.  If it has not, it shall.  The documents are relevant to

22   what information Otto shared with Uber and therefore are relevant to Waymo's trade secret

23   claims.

24             2.    *RFP No. 8*

25        Documents responsive to Waymo's request for documents regarding "Pre-Signing Bad

26   Acts" are relevant.  Uber contends that it does not have any non-privileged responsive documents.

27   To the extent any such documents have not previously been placed on a privilege log Uber shall

28   do so now.  Uber has not shown that the amount of such documents is so voluminous that it cannot

*United States District Court*
*Northern District of California*

comply with its well-established obligation to log documents it is withholding on privilege grounds.

        3.    *RFP No. 10*

Uber has agreed to produce all lab notebooks belonging to personnel who worked on LiDAR.

        4.    *RFP No. 20*

Uber objects on the grounds of relevancy to production of software modules that were part of the intellectual property identified in the Put Call Agreement Disclosure Schedules.  The objection is overruled.  Otto's intellectual property disclosed to Uber is discoverable as it is relevant to Waymo's claims and Uber's defenses.

        5.    *RFP No. 25*

Uber has satisfactorily responded to Waymo's request for closing conditions.

**B.**    **Waymo's Expedited Interrogatories**

        1.    *Interrogatory No. 3*

With the filing of the Declaration of Kevin Faulkner, Uber's response is sufficient.

        2.    *Interrogatory No. 5*

Uber shall supplement its response to identify all compensation promised by any Defendant to Mr. Levandowski as the information sought is relevant.

        3.    *Interrogatory No. 8*

Waymo's motion to compel a further response is denied.  *See Adobe Sys. v. St. Paul Fire & Marine Ins. Co.*, 2008 WL 1342877, at *2 (N.D. Cal. April 9, 2008).

        4.    *Interrogatory No. 20*

To the extent any of Uber's communications with Levandowski's attorneys are not already logged, Uber shall put them on a privilege log.  If Uber does not want to identify verbal communications on the privilege log, it shall identify such communications in a supplemental response to the Interrogatory.

**C.**    **Otto Trucking's Response**

        1.    *Interrogatory Responses*

United States District Court
Northern District of California

1    Waymo's complaint that Mr. Levandowski knows where the material he downloaded from

2    Waymo is located, and therefore Otto Trucking must know, is disingenuous.  As Waymo is well

3    aware, Mr. Levandowski has refused to cooperate with any discovery in this matter on Fifth

4    Amendment grounds. To the extent Waymo contends that Otto Trucking has not done enough to

5    coerce Mr. Levandowski to speak, that is a matter that it has raised with the District Judge.  (Dkt.

6    No. 847.)

7    With respect to other Otto Trucking personnel, Otto Trucking has represented that its

8    officers Mr. Ron, Ms. Morgan and Mr. Bentley do not have information responsive to the

9    interrogatories.  (Dkt. No. 747 at 2.)  The only specific interrogatory identified by Waymo is

10   Interrogatory No. 1 which seeks the locations and custody of the DOWNLOADED MATERIALS.

11   Thus, the representation is that these officials do not know the locations and custody of these

12   materials.  That Mr. Levandowski told Mr. Ron that Mr. Levandowski had five discs containing

13   Google information and that Mr. Levandowski had destroyed the material does not mean that Mr.

14   Ron knows where such information is located.

15            2.    *Document Requests*

16   Otto Trucking must produce responsive documents in the custody, control or possession of

17   its officers, namely, Mr. Ron, Ms. Morgan or Mr. Bentley.  It cannot hide responsive documents

18   simply because these officers' work for Otto Trucking was done using their personal email

19   accounts, especially since they are all current Otto Trucking officers.  It is thus unsurprising that

20   Otto Trucking does not cite a single case that supports that remarkable proposition.  The cases

21   Otto Trucking does cite are all inapposite; none involve a corporation refusing to produce

22   documents involving corporation business in the possession, custody or control of the

23   corporation's officers.  To accept Otto Trucking's argument would mean that it could not compel

24   its current officers to produce Otto Trucking's own trade secrets to Otto Trucking merely because

25   the officers conducted Otto Trucking business with their personal email accounts.  Nonsense.

26   Otto Trucking must produce responsive documents in the custody, control or possession of

27   its officers and agents.

28

United States District Court
Northern District of California

3

**CONCLUSION**

Waymo's motion is denied in part and granted in part as is explained above.  Uber and Otto Trucking shall comply with this Order on or before July 18, 2017.  An objections to this Order must be filed with the district court on or before Monday, July 17, 2017.  This Order is not stayed.

This Order disposes of Docket Nos. 682, 747, and 749.

**IT IS SO ORDERED.**

Dated: July 12, 2017

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

4