Robert B. Ellis, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: rellis@kirkland.com

Kevin K. Chang (SBN 292271)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: kevin.chang@kirkland.com

Attorneys for
*Stroz Friedberg, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>     Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>     Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**STROZ FRIEDBERG, LLC'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. 795)**<br><br>Courtroom:  8 - 19th Floor<br>Judge:      Hon. William Alsup<br>Hearing:    August 16, 2017<br>Time:       8:00 a.m. |

Stroz Friedberg, LLC ("Stroz"), by and through its undersigned counsel, respectfully submits the following response to the Order to Show Cause (Dkt. 795).

## INTRODUCTION

Written agreements entered into by Stroz as a condition of its engagement by Uber Technologies, LLC ("Uber") and Ottomotto LLC ("Otto") require Stroz to treat all information received by Stroz during the course of that engagement as protected by the attorney-client privilege, attorney work product doctrine, and/or common interest doctrine. In furtherance of this treatment, Stroz is contractually obligated not to disclose any information, documents, and things it may have received from Anthony Levandowski during the course of its investigation, unless Mr. Levandowski consents.

Mr. Levandowski has not consented. Indeed, Mr. Levandowski has made clear his belief that disclosure of any such information documents and things "would violate Mr. Levandowski's Fifth Amendment rights and his attorney-client and common interest privileges."

Rather than breach the terms of its engagement, and in light of Mr. Levandowski's assertions of his Fifth Amendment rights and attorney-client and common interest privileges, Stroz has not to date produced any documents and things within its possession, custody, or control that are responsive to Waymo's subpoena. Stroz has, however, repeatedly made clear that in the event that either (a) Mr. Levandowski consents, or (b) a final non-appealable order is issued, Stroz will produce forthwith.

On the latter point, as this Court is aware, its order requiring Stroz to produce has been stayed by the United States Court of Appeals for the Federal Circuit.[1] Stroz remains ready to comply with this Court's order in the event that the Federal Circuit lifts the say, or that order is affirmed on appeal and not subsequently stayed by the Supreme Court.

## BACKGROUND

On March 4, 2016, Stroz entered into an engagement letter (the "Uber Engagement Letter") with Morrison & Foerster, on behalf of Uber, and O'Melveny & Myers, on behalf of Otto. (*See*

---

[1] In Stroz's view, production now would violate the Federal Circuit's stay order and vitiate Mr. Levandowski's assertions of his Fifth Amendment rights and attorney-client and common interest privileges.

Declaration of Eric M. Friedberg in Support of Response to Order to Show Cause (Dkt. 795) ("Friedberg Declaration") ¶ 2.) On March 21, 2016, Stroz entered into a related agreement (the "Levandowski Letter") with Donahue Fitzgerald LLP, on behalf of Anthony Levandowski. (*See id.* ¶¶ 3-4.)

These agreements set forth specific protocols by which Stroz would undertake and report the results of a factual investigation relating to documents and electronic media collected from, among others, Anthony Levandowski. (*See id.* ¶ 5.) Those protocols, which are detailed in Exhibit B of the accompanying Friedberg Declaration, describe the material to be collected by Stroz, the means by which the information was to be analyzed, the ways in which that information could be shared, and with whom, and the restrictions on Stroz's ability to delete, transfer, or use those materials. (*See id.* ¶ 5, Ex. B at 3-5.)

Stroz also made certain commitments in these agreements to maintain the confidentiality of the documents and media collected as part of its investigation. In the Uber Engagement Letter, for example, Stroz agreed that it would "maintain as confidential all information and data it receives from Clients, Uber, Ottomotto (including its employees), and Messrs. Levandowski and Ron (including their respective counsel) (the 'Confidential Information'), and not disclose any Confidential Information to any parties other than Clients, Uber, Ottomotto, or Messrs. Levandowski and Ron (including their respective counsel)." (*See id.* ¶ 6, Ex. A at 2-3.) In the Levandowski Letter, Stroz further agreed that it would use the information collected from Mr. Levandowski solely for the purposes of the investigation, and that it would "not disclose the [information], or any portion thereof, nor the contents of the [information], to any third party whatsoever, including without limitation its Clients, or any of them, or any law firm representing Uber USA, LLC or Ottomotto Inc., except as provided in the attached Examination Protocol." (*See id.* ¶ 6, Ex. B at 2.)

On May 10, 2017, Plaintiff Waymo, LLC ("Waymo") served a Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises in a Civil Action (the "Subpoena") on Stroz, seeking the production of 31 categories of documents (the "Requests"). Stroz served its responses and objections to the Subpoena on June 7, 2017, explaining that it would produce

any responsive materials if it received the required permissions, or upon a final non-appealable Court order.

On June 8, 2017, Waymo filed a motion to compel Stroz to produce documents in response to the Subpoena.  (Dkt. 570.)  On June 9, 2017, Uber, Otto, Otto Trucking, and Mr. Levandowski filed motions to quash Waymo's subpoena.  (Dkts. 580, 581, 583.)  On June 12, 2017, Stroz received correspondence from counsel for Uber and Otto stating, for the first time, that Uber and Otto consented to Stroz producing "any materials that [Stroz] gathered from Levandowski that may constitute or contain any Google information, or that might possibly contain or reference any Google information." (*See* Friedberg Decl., ¶ 8, Ex. C at 1-2.)  Attached to the June 12 correspondence was a separate letter sent to Mr. Levandowski directing him to consent to Stroz's production of any downloaded materials in its possession.  (*See id.*, Ex. C at 3.)  That same day, however, Stroz received correspondence from counsel for Mr. Levandowski, stating that, notwithstanding Uber's direction, "Mr. Levandowski **does not consent** to this request and objects to the production of any materials or devices in Stroz' possession that may have been provided by Mr. Levandowski for review by Stroz Friedberg." (*See id.*, ¶ 9, Ex. D at 1.)  Counsel further stated that "the requested production would not only violate the terms of the contractual commitment Stroz Friedberg made to Mr. Levandowski, but would be premature and risk undermining Mr. Levandowski's constitutional rights and attorney-client privileges, as well as violate his separate privacy interests, before the Court has an opportunity to resolve the important legal issues presented in the pending motion." (*See id.*, ¶ 9, Ex. D at 1.)

On June 13, 2017, Stroz filed its response to Waymo's motion to compel.  (Dkt. 614.)  Stroz made clear in its response that it would produce any responsive materials it had (other than materials protected from disclosure by Stroz's own attorney-client privilege), if Uber, Otto, and Mr. Levandowski consented.  Stroz also make clear that it would comply with any final non-appealable court order requiring disclosure.  Magistrate Judge Corley granted Waymo's motion to compel on June 21, 2017 and ordered Stroz to produce documents responsive to Request Nos. 1-21 and 28-31, and a privilege log, by June 27, 2017.  (Dkt. 670 at 8-11.)  On June 27, 2017, this Court entered an order denying the motions for relief from Magistrate Judge Corley's order but stayed that order until July 5 at noon to give Defendants and Mr. Levandowski an opportunity to appeal.  (Dkt. 745.)  On

June 29, 2017, Mr. Levandowski appealed the Court's June 27 order to the United States Court of Appeals for the Federal Circuit and filed an accompanying emergency motion to stay that order pending the appeal. (Dkt. 765.) The same day, the Federal Circuit stayed the Court's June 27 order pending its consideration of Mr. Levandowski's and Waymo's emergency motion to stay papers: "[t]he district court's order requiring production of the records in question is temporarily stayed pending this court's consideration of the motions papers." (*Waymo LLC v. Uber Technologies, Inc.*, No. 17-2235 (Fed. Cir. June 29, 2017), Dkt. 4.)

On July 3, 2017, the Court entered the Order to Show Cause (Dkt. 795).

## **DISCUSSION**

Stroz believes its actions are justified in light of its obligation to treat all information received during the course of its engagement as protected by the attorney-client privilege, attorney work product doctrine, and/or common interest doctrine, as well as its obligation not to disclose any information, documents, and things it may have received from Mr. Levandowski during the course of its work unless Mr. Levandowski consents. (*See* Friedberg Decl. ¶¶ 5-6, Ex. A at 2-3, Ex. B at 3-5.)

As the Court knows, Mr. Levandowski has made clear that he does not consent, and that he believes that production of any such materials by Stroz would violate his Fifth Amendment rights and his assertions of attorney-client privilege. In furtherance of his position, Mr. Levandowski has appealed the order granting Waymo's motion to compel—which covers any materials addressed by this Court's Order to Show Cause (*i.e.*, any originals and copies of any files that might be in Stroz's possession that originated from Waymo)—to the Federal Circuit, which has stayed it. (*Waymo LLC v. Uber Technologies, Inc.*, No. 17-2235 (Fed. Cir. June 29, 2017), Dkt. 4.)

Stroz is mindful of this Court's instruction in the Order to Show Cause that this filing should explain what controlling authority allows someone to knowingly receive and keep suspected stolen property despite a demand or order that it be returned to its rightful owner. Assuming for the purposes of argument that Stroz is in possession of information, documents, and/or things that are the property of Waymo, Stroz has been unable to identify any controlling authority addressing the issues raised in the Order to Show Cause under the facts presented in this case.

Stroz respectfully submits that it is in an impossible position—either honor its contractual obligations and Mr. Levandowski's asserted Fifth Amendment rights and asserted attorney-client privileges and attract the ire of this Court, or breach those obligations and ignore Mr. Levandowski's asserted constitutional rights and privileges.  Given the circumstances, Stroz believes that it has at all times during this litigation acted appropriately.

DATED:  July 12, 2017

KIRKLAND & ELLIS LLP

*/s/ Robert B. Ellis*
Robert B. Ellis, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: rellis@kirkland.com

Kevin K. Chang (SBN 292271)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: kevin.chang@kirkland.com

Attorneys for
*Stroz Friedberg, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2017, a true and correct copy of the foregoing document is being electronically filed with the Clerk of the United States District Court of the Northern District of California by using the CM/ECF system, which will send notice of such filing to all counsel of record.

DATED: July 12, 2017

KIRKLAND & ELLIS LLP

Respectfully submitted,

*/s/ Robert B. Ellis*
Robert B. Ellis (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
Tel:  (312) 862-2000
Fax:  (312) 862-2200
Email:  rellis@kirkland.com

*Attorney for Stroz Friedberg, LLC*