1  Robert B. Ellis, P.C. (admitted *pro hac vice*)
   KIRKLAND & ELLIS LLP
2  300 North LaSalle Street
   Chicago, Illinois  60654
3  Telephone: (312) 862-2000
   Facsimile: (312) 862-2200
4  Email: rellis@kirkland.com

5  Kevin K. Chang (SBN 292271)
   KIRKLAND & ELLIS LLP
6  555 California Street
   San Francisco, California  94104
7  Telephone: (415) 439-1400
   Facsimile: (415) 439-1500
8  Email: kevin.chang@kirkland.com

9  Attorneys for
   *Stroz Friedberg, LLC*

10

11                          **UNITED STATES DISTRICT COURT**

12                          **NORTHERN DISTRICT OF CALIFORNIA**

13                               **SAN FRANCISCO DIVISION**

14  WAYMO LLC,                              | CASE NO. 3:17-cv-00939-WHA

15          Plaintiff,                      | **DECLARATION OF ERIC M. FRIEDBERG IN SUPPORT OF STROZ FRIEDBERG, LLC'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. 795)**

16  v.

17  UBER TECHNOLOGIES, INC.;
    OTTOMOTTO LLC; OTTO            | Courtroom:  8 - 19th Floor
18  TRUCKING LLC,                  | Judge:      Hon. William Alsup
                                   | Hearing:    August 16, 2017
19                                 | Time:       8:00 a.m.
            Defendants.
20

21

22      I, Eric M. Friedberg, hereby declare as follows.

23      1.      I am the co-founder of Stroz Friedberg, LLC ("Stroz"), and I currently serve as Stroz's

24  Co-President.  I submit this declaration in support of Stroz Friedberg, LLC's Response to Order to

25  Show Cause (Dkt. 795).  I have personal knowledge of the facts stated herein and, if called as a witness,

26  I could and would testify competently as to these facts.

27

28

2. On or about March 4, 2016, Stroz was jointly engaged by Morrison & Foerster ("MoFo"), on behalf of its client Uber Technologies LLC ("Uber"), and O'Melveny & Meyers LLP ("OMM"), on behalf of its client Ottomotto LLC ("Ottomotto") to conduct a factual investigation and develop the facts necessary to assist MoFo and OMM in providing legal advice about potential litigation by Google related to Uber's potential acquisition of Ottomotto and Otto Trucking, LLC. Stroz's engagement is reflected in an engagement letter, a true and correct copy of which is attached hereto as **Exhibit A**.

3. I understand that Uber, Ottomotto, and two of Ottomotto's founders, Anthony Levandowski and Lior Ron, entered into a joint defense, common interest, and confidentiality agreement amongst themselves as of at least March 4, 2016.  Mr. Levandowski was separately represented by John Gardner of Donahue Fitzgerald LLP ("Donahue") and that Mr. Ron was separately represented by Alisa Baker of Levine & Baker LLP ("Levine").  I understand that the parties memorialized their joint defense and common interest agreement in writing subsequent to the commencement of Stroz's investigation

4. On or about March 21, 2016, Stroz entered into an agreement with Donahue, whereby Stroz agreed to keep confidential all information learned from Mr. Levandowski during the course of its investigation unless Mr. Levandowski consented to sharing that information with any person, including with the parties to the joint defense and common interest agreement.  The terms of that agreement are reflected in a letter, a true and correct copy of which is attached hereto as **Exhibit B**.

5. Both Stroz's engagement letter with MoFo and OMM, as well as Stroz's agreement with Donahue, set forth specific protocols by which Stroz would undertake and report the results of the factual investigation relating to documents and electronic media collected from Mr. Levandowski and other individuals.  Those protocols are detailed in Exhibit B, and describe the material to be collected by Stroz, the means by which the information was to be analyzed, the ways in which that information could be shared, and with whom, and the restrictions on Stroz's ability to delete, transfer, or use those materials.

6. Stroz further made certain commitments in the engagement letter with MoFo and OMM, and in the agreement with Donahue regarding the confidentiality of the documents and media

CERTIFICATE OF SERVICE

1

CASE NO. 3: 17-CV-00939-WHA

collected as part of its investigation. In the engagement letter with MoFo and OMM, for example, Stroz agreed that it would "maintain as confidential all information and data it receives from Clients, Uber, Ottomotto (including its employees), and Messrs. Levandowski and Ron (including their respective counsel) (the 'Confidential Information'), and not disclose any Confidential Information to any parties other than Clients, Uber, Ottomotto, or Messrs. Levandowski and Ron (including their respective counsel)." In the agreement with Donahue, Stroz further agreed that it would use the information collected from Mr. Levandowski solely for the purposes of the investigation, and that it would "not disclose the [information], or any portion thereof, nor the contents of the [information], to any third party whatsoever, including without limitation its Clients, or any of them, or any law firm representing Uber USA, LLC or Ottomotto Inc., except as provided in the attached Examination Protocol."

7. Pursuant to the engagement letter with MoFo and OMM and the agreement with Donahue, Stroz did take possession of documents and digital media from Mr. Levandowski. Pursuant to those same engagement letters and agreements, and in full compliance with the conditions set forth therein, Stroz continues to maintain the confidentiality of the information it has collected.

8. On June 12, 2017, counsel for Uber and Otto, Boies Schiller Flexner LLP ("Boies"), sent correspondence to Scott Brown, Chief Legal Officer and Corporate Secretary for Stroz. In that correspondence, Boies stated for the first time that Uber and Otto: (1) did not want Stroz to retain possession of any materials it gathered from Mr. Levandowski, and instructing it not to retain any such materials; (2) did not want Stroz to destroy or delete materials it collected from Mr. Levandowski, and instructing it not to destroy or delete such materials; (3) did want Stroz to produce to Waymo any materials that it gathered from Mr. Levandowski that may constitute or contain any Google information; and (4) that Uber and Otto did not have the contractual power to order Stroz to produce such materials to Waymo. A true and correct copy of that correspondence is attached hereto as **Exhibit C**. Attached to the June 12 correspondence was a separate letter sent to Mr. Levandowski, stating that he was required to instruct Stroz to provide to Waymo any downloaded materials in its possession.

9. That same day, Mr. Brown received correspondence from counsel for Mr. Levandowski, stating that "Mr. Levandowski **does not consent** to this request and objects to the

production of any materials or devices in Stroz' possession that may have been provided by Mr. Levandowski for review by Stroz Friedberg." A true and correct copy of that correspondence is attached hereto as **Exhibit D**. Counsel further stated that "the requested production would not only violate the terms of the contractual commitment Stroz Friedberg made to Mr. Levandowski, but would be premature and risk undermining Mr. Levandowski's constitutional rights and attorney-client privileges, as well as violate his separate privacy interests, before the Court has an opportunity to resolve the important legal issues presented in the pending motion."

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 12th day of July, 2017, in New York, New York.

_/s/ Eric Friedberg_
Eric M. Friedberg

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 12, 2017, a true and correct copy of the foregoing document is being electronically filed with the Clerk of the United States District Court of the Northern District of California by using the CM/ECF system, which will send notice of such filing to all counsel of record.

DATED:  July 12, 2017

KIRKLAND & ELLIS LLP

Respectfully submitted,

*/s/ Robert B. Ellis*
    Robert B. Ellis (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
Tel:  (312) 862-2000
Fax:  (312) 862-2200
Email:  rellis@kirkland.com

*Attorney for Stroz Friedberg, LLC*