**EXHIBIT D**

**From:** Miles Ehrlich <miles@ramsey-ehrlich.com>
**Date:** Monday, June 12, 2017 at 5:41 PM
**To:** "'sbrown@strozfriedberg.com'" <sbrown@strozfriedberg.com>, Robert Ellis <rellis@kirkland.com>
**Cc:** Ismail Ramsey <izzy@ramsey-ehrlich.com>, Amy Craig <amy@ramsey-ehrlich.com>
**Subject:** RE: Waymo LLC v. Uber Technologies, Inc. et al., Case No. C 17-00939 WHA

Dear Mr. Brown and Mr. Ellis:

We represent Anthony Levandowski in the Waymo litigation. In the email below, we received a copy of today's letter to Stroz Friedberg from Uber's counsel, Karen Dunn. We write immediately to advise you of our objection.

The letter from Ms. Dunn appears to acknowledge that "Uber and Ottomoto **do not have the contractual power** to order Stroz to produce such materials to Waymo." But Ms. Dunn nevertheless purports to instruct Stroz "to produce to Waymo any materials that [you] gathered from Levandowski that many constitute or contain any Google information, or that might possibly contain or reference any Google information, whether reasonably considered 'proprietary' information or not."

Pursuant to the terms of the binding March 21, 2016 letter agreement signed by Stroz Friedberg's Executive Chairman, Eric Friedberg, and Mr. Levandowski's counsel, John Gardner, we write to make clear that Mr. Levandowski **does not consent** to this request and objects to the production of any materials or devices in Stroz' possession that may have been provided by Mr. Levandowski for review by Stroz Friedberg.

Further, as set forth in the attached motion to quash, the requested disclosure of these materials would violate Mr. Levandowski's Fifth Amendment rights and his attorney-client and common interest privileges. The briefing on this motion was just filed this past Friday, June 9, 2017, and Magistrate Judge Corley has not had an opportunity to rule on the important issues raised in this motion to quash. Accordingly, the requested production would not only violate the terms of the contractual commitment Stroz Friedberg made to Mr. Levandowski, but would be premature and risk undermining Mr. Levandowski's constitutional rights and attorney-client privileges, as well as violate his separate privacy interests, before the Court has an opportunity to resolve the important legal issues presented in the pending motion.

In light of the seriousness of this matter, we ask that you confirm today that Stroz will not be producing any materials or devices it may have received from Mr. Levandowski – either to Waymo or to any other party – absent Mr. Levandowski's express consent, or a final binding order from the Court directing Stroz to do so.

If you would like to discuss the matter further, please contact Miles Ehrlich or Izzy Ramsey at (510) 548-3600.

Best regards,

Miles Ehrlich
Counsel for Anthony Levandowski

**Miles Ehrlich** | Ramsey & Ehrlich LLP | 803 Hearst Avenue | Berkeley, CA 94710 | Tel:  (510) 548-3600 | Fax: (510) 291-3060 | miles@ramsey-ehrlich.com | www.ramsey-ehrlich.com

---

**From:** Sarah Lee [mailto:SLee@BSFLLP.com]
**Sent:** Monday, June 12, 2017 1:08 PM
**To:** 'sbrown@strozfriedberg.com' <sbrown@strozfriedberg.com>
**Cc:** 'charlesverhoeven@quinnemanuel.com' <charlesverhoeven@quinnemanuel.com>; Ismail Ramsey <izzy@ramsey-ehrlich.com>; Miles Ehrlich <miles@ramsey-ehrlich.com>; 'JCooper@fbm.com' <JCooper@fbm.com>; Karen Dunn <KDunn@BSFLLP.com>
**Subject:** Waymo LLC v. Uber Technologies, Inc. et al., Case No. C 17-00939 WHA

Good afternoon:

On behalf of Karen Dunn, attached please find a copy of her letter regarding the above-referenced matter.  Please let me know if you have any trouble opening or viewing the attachment.

Thank you,


**Sarah H. Lee**
Legal Assistant

BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(t) +1 202 274 1159
(f) +1 202 237 6131
slee@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]