Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendant
Otto Trucking LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**OTTO TRUCKING'S RESPONSE TO WAYMO'S MEMORANDUM REGARDING ADVERSE INFERENCES TO BE DRAWN FROM ANTHONY LEVANDOWSKI'S ASSERTION OF THE FIFTH AMENDMENT**<br><br>Judge:　　　Hon. William Alsup<br>Trial Date:　　October 10, 2017 |

Defendant Otto Trucking LLC ("Otto Trucking") respectfully submits this response in opposition to Waymo's Memorandum Regarding Adverse Inferences filed July 7, 2017 (the "Memorandum," Dkt. No. 819).

## I. There is no corroborating evidence to support adverse inferences against Otto Trucking.

Waymo is not entitled to adverse inferences against Otto Trucking because it cannot produce corroborating evidence to permit the inferences that it seeks to draw. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000)("[W]hen there is no corroborating evidence to support the fact under inquiry, the proponent of the fact must come forward with evidence to support the allegation, otherwise no negative inference will be permitted."). Waymo's argument that "the Ninth Circuit has rejected the notion that a district court is required, in all cases to make specific evidentiary rulings" is irrelevant; no court has held that an adverse inference may be drawn if no corroborating evidence has been presented *at all*. In fact, the cases that Waymo cites directly support the proposition that a proponent seeking an adverse inference must provide independent, corroborating evidence. *See SEC v. Jasper*, 883 F.Supp.2d 915, 925 (2010) (holding that the SEC had presented sufficient independent evidence at trial, and had "made a sufficient showing that the *Glanzer* requirements had been met" to warrant instructing the jury of adverse inferences against defendant for invoking the Fifth Amendment privilege); *Powell v. Union Pacific R. Co.*, 2012 WL 3647715 at *3 (holding that "[i]n the present case, where plaintiff has provided compelling evidence to corroborate his allegations," an adverse inference was appropriate).

Waymo has not presented any evidence in its prior submissions, nor will it be able to provide any evidence to support the inference that Otto Trucking possessed or used any of Waymo's alleged trade secrets based on Mr. Levandowski's invocation of the Fifth Amendment because there is no such evidence. In response to the Court's order, Waymo submitted forty-five pages of questions it intends to ask Anthony Levandowski at trial with an identification of purported corroborating evidence. *See* Dkt. No. 834. Waymo does not propose to ask a single question about Otto Trucking. Waymo did not identify any purported corroborating evidence of

1

any inference it seeks to draw against Otto Trucking and will not adduce any evidence at trial because there is no evidence that Otto Trucking ever possessed any of the allegedly misappropriated trade secrets. Absent this evidence, any imputation of Mr. Levandowski's knowledge or actions to Otto Trucking in the face of his Fifth Amendment assertion would be "disingenuous". *See* Order Re Waymo's Motion to Compel (Dkt. No. 881).

**II.     Waymo Is Not Entitled to an Adverse Inference Against Otto Trucking Based on the *LiButti* Factors**

Waymo's primary argument relies upon out of circuit authority that has never been accepted by the Ninth Circuit. *See LiButti v. United States*, 107 F.3d 110, 123-24 (2d Cir. 1997). Nevertheless, the non-precedential *LiButti* factors support Otto Trucking, not Waymo. While Mr. Levandowski is a founder and managing member of Otto Trucking, Otto Trucking has little, if any control over him "in regard to the key facts and general subject matter of the litigation." *LiButti*, 107 F.3d at 123. In fact, Mr. Levandowski's role as a "managing member" stands for the opposite proposition than what Waymo puts forth. Mr. Levandowski is not "under the control of" Otto Trucking; rather, the managing members control Otto Trucking when it comes to operations and management of the company. *See* Otto Trucking's Opposition to Motion for Contempt (Dkt. No. 804). Moreover, Mr. Levandowski has invoked the Fifth Amendment with respect to alleged conduct that occurred prior to Otto Trucking's existence. Mr. Levandowski's decision to invoke the Fifth Amendment is one entirely independent of Otto Trucking, and his assertion of his rights do not support an adverse inference against Otto Trucking.

According to *LiButti*, a court must evaluate "whether the assertion of the privilege advances the interests of both the non-party witness and the affected party in the outcome of the litigation." 107 F.3d at124. However, Mr. Levandowski's assertion of his Fifth Amendment rights plays little to no role in the advancement of Otto Trucking's interests. As Otto Trucking has repeatedly stated, it is an entity separate from Uber and Ottomotto with no employees, no consultants, no electronic systems, and no research and development capabilities. *See* Letter from Neel Chatterjee in Opposition to Waymo's Motion to Compel (Dkt. No. 747) at 2. Waymo's assertion that Mr. Levandowski and Otto Trucking have a unity of interests with respect to this

1  litigation is incorrect.  Otto Trucking cannot benefit from Mr. Levandowski's Fifth Amendment
2  assertions because Otto Trucking has never possessed or used any of the alleged trade secrets. *See*
3  Otto Trucking's Précis Letter Requesting Permission to File Motion for Summary Judgment
4  ("Précis Letter") (Dkt. No. 733) at 3. Furthermore, the interests of Otto Trucking and the interests
5  of Mr. Levandowski are not one and the same; Otto Trucking is a limited liability company with
6  over a hundred other members who would be negatively impacted by an adverse inference against
7  Otto Trucking and whose interests diverge from Mr. Levandowski's in this litigation context.
8  Waymo chose not to bring any claims against Mr. Levandowski, and therefore chose to preclude
9  itself from being able to draw an adverse inference against Mr. Levandowski at trial. Waymo
10 made a tactical decision not to bring litigation against Mr. Levandowski to avoid arbitration; it
11 should not be able to use those tactics to impermissibly prejudice Otto Trucking.
12       Finally, as for Mr. Levandowski's role in the litigation, with respect to Otto Trucking, this
13 factor is neutral.  As stated above, Waymo has no evidence that Otto Trucking possesses any of
14 Waymo's alleged trade secrets, nor that it has used them.  With respect to Otto Trucking,
15 Waymo's entire litigation theory is that ***Uber***, not Otto Trucking, used and benefitted from
16 Waymo's alleged trade secrets.  Waymo's allegations against Otto Trucking, as pleaded, are based
17 solely on the incorrect allegation that Uber acquired Otto Trucking, and that Otto Trucking
18 therefore had access to the allegedly misappropriated trade secrets . *See* Précis Letter at 2.
19 Waymo knows that this assertion in its complaint is false, and Mr. Levandowski's assertion of his
20 Fifth Amendment rights does not affect this fact at all.
21       For the reasons explained above, Waymo is not entitled to an adverse inference against
22 Otto Trucking based on Mr. Levandowski's invocation of the Fifth Amendment.
23
24 Dated: July 14, 2017                          Respectfully submitted,
25
26                                              By:   /s/ Brett Schuman
                                                     Neel Chatterjee (SBN 173985)
27                                                   *nchatterjee@goodwinlaw.com*
                                                     **GOODWIN PROCTER LLP**
28                                                   135 Commonwealth Drive
                                                     Menlo Park, California 94025

3

RESPONSE TO WAYMO'S MEMORANDUM REGARDING ADVERSE INFERENCES
CASE NO. 3:17-CV-00939-WHA

Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
*bschuman@goodwinlaw.com*
Rachel M. Walsh (SBN 250568)
*rwalsh@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
*hvu@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant*
*Otto Trucking LLC*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on July 14, 2017. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 14th day of July 2017.

/s/ Brett Schuman
Brett Schuman