MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:	415.268.7000
Facsimile:	415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington; D.C.  20005
Telephone:	202.237.2727
Facsimile:	202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR BRIEF IN RESPONSE TO WAYMO'S MEMORANDUM REGARDING ADVERSE INFERENCES TO BE DRAWN FROM ANTHONY LEVANDOWSKI'S ASSERTION OF THE FIFTH AMENDMENT**<br><br>Judge:  Hon. William H. Alsup<br><br>Trial Date: October 10, 2017 |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") submit this administrative motion for an order to file under seal portions of their Brief in Response to Waymo's Memorandum Regarding Adverse Inferences to Be Drawn From Anthony Levandowski's Assertion of the Fifth Amendment ("Uber's Brief"). Specifically, Uber requests an order granting leave to file under seal the confidential portions of the following documents:

| Documents | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Uber's Brief in Response to Waymo's Memorandum Regarding Adverse Inferences to Be Drawn From Anthony Levandowski's Assertion of the Fifth Amendment | Highlighted Portions | Waymo (green) <br><br> Uber (blue) |
| Exhibit A to the Declaration of Meredith Dearborn | Highlighted Portions | Waymo (green) |

The green-highlighted portions on pages 3 and 7–9 of Uber's Brief contain compensation information that Waymo has either designated under the protective order, or ambiguously indicated its intention to do so. (*See* Decl. of Meredith Dearborn in Support of Uber's Administrative Motion to File Documents Under Seal ("Dearborn Decl."), ¶ 4, Ex. A.)  These are facts that will likely be part of the trial testimony of various former Google employees, and should be filed in the public record. Uber has told Waymo that it does not believe the vast majority of this information is properly designated as confidential or needs to be under seal, and has asked Waymo to permit it to be filed publicly, sending Waymo a list of the facts it intended to include in this brief the day before this filing.  (*Id.* Ex. A.)  Waymo did not agree, claiming that "if Defendants have any questions about whether material Waymo has designated as confidential should be sealed, Defendants should seal it.  Four days later, Waymo will file a declaration to support sealing the portions that it contends are sealable." (*Id.* Ex. A.)  Uber does not believe that this material should be sealed, would not oppose a court order requiring Waymo to unseal it—as

1  Waymo has repeatedly argued in regards to Uber's designations.  (*See* Dkt. 526-4, Waymo Opposition to Admin Motion; Dkt. 630, Waymo Opp'n to Uber's Motion to Strike ("As this Court has previously recognized, Defendants may not shield facts from the public merely because their disclosure may inconvenience them.").)

The blue-highlighted portions on pages 9–10 of Uber's Brief contain highly confidential information relating to acquisition agreements, including highly confidential business information relating to the corporate structure of Uber Technologies, Inc. (a privately held corporation) and highly confidential information relating to business terms of the agreements.  This highly confidential information is not publicly known, and its confidentiality is strictly maintained.  This information could be used by competitors to Uber's detriment, including in the context of negotiating business deals.  (Dearborn Decl. ¶ 4.)

Pursuant to Local Rule 79-5(d)(2), Uber will lodge with the Clerk the documents at issue, with accompanying chamber copies.

For the foregoing reasons, Uber requests that the Court enter the accompanying Proposed Order granting this administrative motion to file documents under seal and designate the service copies of these documents as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Dated: July 14, 2017                                BOIES SCHILLER FLEXNER LLP

                                                    By:  */s/ Karen L. Dunn*
                                                          Karen L. Dunn

                                                    Counsel for Defendants
                                                    UBER TECHNOLOGIES, INC. AND
                                                    OTTOMOTTO LLC