# EXHIBIT 4

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone: 415.268.7000
7  Facsimile: 415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
11 Washington DC 20005
   Telephone: 202.237.2727
12 Facsimile: 202.237.6131

13 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.  3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION PURSUANT TO PARAGRAPH SIX OF MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 1-9)**<br><br>Trial Date: October 2, 2017 |

doctrine, and common interest privilege. Defendants further object to this Request to the extent it seeks information or materials not within Defendants' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS REGARDING any "written consent" provided pursuant to Section 5.6 or 6.8 of the Agreement and Plan of Merger, dated April 11, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants respond there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents regarding potential or actual "Pre-Signing Bad Acts" as defined in the ACQUISITION DOCUMENTS, including by Levandowski.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants object to this Request because it calls for materials protected by the attorney-client privilege, work product doctrine, and common interest privilege. In particular, this Request relates to the issue that is presently before the Court in Waymo's motion to compel. As stated during a call among the parties and the Special Master on June 3, 2017, to the extent responsive documents exist, Defendants will produce or log them at a reasonable time following a judicial resolution of the disputed issue. Defendants further object that the Request is overbroad, not "reasonably narrow," and not proportional to the needs of the case insofar as it seeks documents pertaining to anyone other than Mr. Levandowski, seeks "all" documents, and seeks documents about "potential" acts (though Waymo agreed to delete "potential" as a result of a meet-and-confer regarding these Requests).

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS between UBER and OTTOMOTTO REGARDING any disclosures by OTTOMOTTO of a breach of representation or warranty or covenant in the Agreement and Plan of Merger, dated April 11, 2016, including whether OTTOMOTTO engaged any disclosures of [sic] whether OTTOMOTTO engaged in any "bad acts."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants respond there are no documents responsive to this Request.

Dated: June 5, 2017               MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
    ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC