# EXHIBIT 6

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:	415.268.7000
Facsimile:	415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:	202.237.2727
Facsimile:	202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S SUPPLEMENTAL RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 5, 8)**<br><br>Trial Date: October 10, 2017 |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Defendants") object and respond supplementally to nos. 5 and 8 of Plaintiff Waymo LLC's First Set of Expedited Interrogatories, served on May 22, 2017.

**GENERAL OBJECTIONS**

Defendants make the following general responses and objections ("General Objections") to each definition, instruction, and request propounded in Waymo's Interrogatories. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to the individual requests does not waive any of Defendants' General Objections.

1. Defendants object to each Interrogatory, Definition, or Instruction to the extent it seeks or purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the applicable rules and orders of this Court.

2. Nothing in these responses is an admission by Defendants of the existence, relevance, or admissibility of any information, for any purpose. Defendants reserve all objections as to competency, relevance, materiality, privilege, or admissibility related to the use of its responses and any document or thing identified in its responses as evidence for any purpose whatsoever in any subsequent proceeding in this trial or any other action.

3. Defendants object to each Interrogatory to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in their ordinary course of business. Defendants will provide only relevant, non-privileged information that is within its present possession, custody, or control and available after a reasonable investigation.

4. Defendants object to these Interrogatories insofar as they purport to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the limited scope of discovery at this stage.

5. Defendants object to each Interrogatory to the extent that it is not limited in time. Defendants will produce information from a reasonable time period as it relates to this case.

6. Defendants object to each Interrogatory to the extent it seeks a response from

DEFENDANTS' SUPPL. RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES (NOS. 5, 8)
Case No. 3:17-cv-00939-WHA
la-1352752

1

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

persons or entities who are not parties to the lawsuit and over whom Defendants have no control. Defendants respond to the Interrogatories on Defendants' own behalf.

7. To the extent any Interrogatory, Instruction, or Definition may be construed as calling for disclosure of information subject to the attorney-client privilege, work product immunity, joint defense or common interest, or any other applicable privilege or protection, Defendants hereby claim such privileges and immunities and object on such grounds. Defendants do not waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint defense or common-interest privilege or any other privilege, immunity, or other protection that may be asserted to protect information from disclosure.

8. Although Defendants have diligently complied with their discovery obligations at this stage, their investigations in connection with this litigation are continuing. These responses are limited to information obtained to date and are given without prejudice to Defendants' right to amend or supplement their responses after considering information obtained through further discovery or investigation.

Subject to and without waiving its General Objections, Uber objects and responds to the Interrogatories as follows:

**SPECIFIC OBJECTIONS AND SUPPLEMENTAL RESPONSES**

**INTERROGATORY NO. 5:**

Describe all compensation (whether actual or conditional) discussed, conveyed or promised by DEFENDANTS to LEVANDOWSKI at any time, INCLUDING (without limitation) the DEFENDANT who discussed, conveyed or promised the compensation, the nature of the compensation, the date the compensation was promised and/or conveyed, the amount of the compensation, any conditions, contingencies, clawback rights or reservations associated with the compensation.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this interrogatory as overbroad because it is not limited in time. Defendants further object to this interrogatory as overbroad, unduly burdensome, not "reasonably narrow" as required by the May 11, 2017 order, and as seeking information that is neither

DEFENDANTS' SUPPL. RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES (NOS. 5, 8)
Case No. 3:17-cv-00939-WHA
la-1352752

2

relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence in extending to "all compensation" ever "discussed, conveyed, or promised." Defendants further object because this interrogatory is vague as to the undefined term "compensation."

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

Representatives of Uber, including Nina Qi and Cameron Poetzscher, began having general discussions with Mr. Levandowski about the compensation component of Uber's acquisition of Ottomotto in early January 2016, and extending periodically until April 2016. These discussions were not specific to Mr. Levandowski's compensation, but instead were general discussions about the consideration that Uber would pay as part of its acquisition of Ottomotto.

In accordance with Federal Rule of Civil Procedure 33(d), Defendants further respond to this interrogatory by referring Waymo to Mr. Levandowski's employment-related agreements, produced at Bates UBER00011726–729 (Mr. Levandowski's 280 Systems employment agreement); UBER00017108–126 (2013 Equity Incentive Plan); UBER00017127–146 (Exhibit A, "Milestones"); UBER00017083–091 (Mr. Levandowski's Uber employment agreement, signed on August 23, 2016); and UBER00017105–107 (Restricted Stock Vesting Summary). In addition, Defendants also refer Waymo to the documents concerning Uber's acquisition of Ottomotto including, for example, those produced at Bates UBER00016453–523 (Agreement and Plan of Merger) and UBER00017518–578 (Term Sheet).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this interrogatory as overbroad because it is not limited in time. Defendants further object to this interrogatory as overbroad, unduly burdensome, not "reasonably narrow" as required by the May 11, 2017 order, and as seeking information that is neither relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence in extending to "all compensation" ever "discussed, conveyed, or promised." Defendants further object because this interrogatory is vague as to the undefined term "compensation."

DEFENDANTS' SUPPL. RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES (NOS. 5, 8)
Case No. 3:17-cv-00939-WHA
la-1352752

3

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

Representatives of Uber, including Nina Qi and Cameron Poetzscher, began having general discussions with Mr. Levandowski about the compensation component of Uber's acquisition of Ottomotto in early January 2016, and extending periodically until April 2016. These discussions were not specific to Mr. Levandowski's compensation, but instead were general discussions about the consideration that Uber would pay as part of its acquisition of Ottomotto.

To date, Uber's payments to Mr. Levandowski consist of the following: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Uber granted Mr. Levandowski restricted stock awards ("RSAs") in connection with the acquisition of Ottomotto by Uber. However, the vesting schedule for the RSAs is based both on time and the achievement of the Milestones, which reflect certain business goals, and none of those RSAs has vested. Uber conducted a diligent search and identified no other compensation provided to Mr. Levandowski.

In accordance with Federal Rule of Civil Procedure 33(d), Defendants further respond to this interrogatory by referring Waymo to Mr. Levandowski's employment-related agreements, produced at Bates UBER00011726–729 (Mr. Levandowski's 280 Systems employment agreement); UBER00017108–126 (2013 Equity Incentive Plan); UBER00017127–146 (Exhibit A, "Milestones"); UBER00017083–091 (Mr. Levandowski's Uber employment agreement, signed on August 23, 2016); and UBER00017105–107 (Restricted Stock Vesting Summary). In addition, Defendants also refer Waymo to the documents concerning Uber's acquisition of Ottomotto including, for example, those produced at Bates UBER00016453–523 (Agreement and Plan of Merger) and UBER00017518–578 (Term Sheet).

**INTERROGATORY NO. 8:**

Describe all consulting work performed by LEVANDOWSKI for UBER before August 18, 2016, INCLUDING the terms of the consulting and any compensation arrangements.

DEFENDANTS' SUPPL. RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES (NOS. 5, 8)
Case No. 3:17-cv-00939-WHA
la-1352752

4