# EXHIBIT 8

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone: 415.268.7000
7  Facsimile: 415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
11 Washington DC 20005
   Telephone: 202.237.2727
12 Facsimile: 202.237.6131

13 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

15                   UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                       SAN FRANCISCO DIVISION

18 | WAYMO LLC, | Case No. 3:17-cv-00939-WHA |
19 | Plaintiff, | **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 153-265)** |
20 | v. | |
21 | UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
22 | Defendants. | |
23 | | Trial Date: October 2, 2017 |

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA

1  subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

2  extent it calls for the production of documents that are unrelated to this litigation.  Defendants

3  further object to this request as irrelevant, overbroad, and not proportional to the needs of the case

4  to the extent that it seeks "all" documents and communications.

**REQUEST FOR PRODUCTION NO. 163:**

All DOCUMENTS and COMMUNICATIONS REGARDING the naming of OWL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Defendants will produce non-privileged documents sufficient to show the naming of OWL, if any, located through a reasonably diligent search.

Defendants object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.  Defendants further object to this request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications.

**REQUEST FOR PRODUCTION NO. 164:**

All COMMUNICATIONS between Brian McClendon and any PERSON REGARDING LiDAR, OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Defendants have already produced COMMUNICATIONS responsive to this Request, including, without limitation, in Production Volume 52.  Defendants will produce additional responsive, non-privileged COMMUNICATIONS between Brian McClendon and any person regarding Ottomotto, Otto Trucking, or Anthony Levandowski before August 23, 2016, and regarding Mr. Levandowski after August 23, 2016, if such COMMUNICATIONS exist and can be located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation. Defendants further object to this request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications. Defendants additionally object that responding to this Request would be oppressive and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 165:**

All COMMUNICATIONS between Travis Kalanick and any PERSON REGARDING LiDAR, OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

Defendants have already produced COMMUNICATIONS responsive to this Request, including, without limitation, in Production Volume 52, which included all communications between Travis Kalanick and Anthony Levandowski; communications between Mr. Kalanick and anyone regarding LiDAR; and communications between Mr. Kalanick and anyone regarding Mr. Levandowski, Ottomotto, or Otto Trucking before August 23, 2016. Defendants will produce additional responsive, non-privileged COMMUNICATIONS between Mr. Kalanick and anyone regarding Mr. Levandowski after August 23, 2016, if such COMMUNICATIONS exist and can be located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

8

1  Defendants further object to this request as irrelevant, overbroad, and not proportional to the
2  needs of the case to the extent that it seeks "all" documents and communications.  Defendants
3  additionally object that responding to this Request would be oppressive and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 166:**

All COMMUNICATIONS between John Bares and any PERSON REGARDING OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Defendants have already produced COMMUNICATIONS responsive to this Request, including, without limitation, in Production Volumes 22 and 51.  Defendants will produce additional responsive, non-privileged COMMUNICATIONS between John Bares and any person regarding Ottomotto, Otto Trucking, or Anthony Levandowski before August 23, 2016, and regarding Mr. Levandowski after August 23, 2016, if such COMMUNICATIONS exist and can be located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation. Defendants further object to this request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications.  Defendants additionally object that responding to this Request would be oppressive and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 167:**

All COMMUNICATIONS between Cameron Poetzscher and any PERSON REGARDING LiDAR, OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSI.

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

9

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show LiDAR designs with slowly horizontally oscillating systems in LiDAR designs developed by Defendants.

To the extent this Request seeks anything other than the previously described information, Defendants object to this Request as unreasonably overbroad, irrelevant, outside the scope of this litigation, harassing, and not proportional to the needs of the case, including to the extent that it requests information about LiDAR designs developed by third-parties and/or implicates non-disclosure agreements with third parties. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the ground that the phrase "consideration or implementation" is vague and ambiguous.

Dated: June 30, 2017          MORRISON & FOERSTER LLP

                              By: */s/ Arturo J. González*
                                    ARTURO J. GONZÁLEZ

                              Attorneys for Defendants
                              UBER TECHNOLOGIES, INC.
                              and OTTOMOTTO LLC

va-497849

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

93