QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S MOTION *IN LIMINE* NO. 4** |

Pursuant to the Court's Order of July 11, 2017 (Dkt. 874), Plaintiff Waymo LLC ("Waymo") respectfully files the fourth proposed motion *in limine* from Waymo's Ordered List of Potential *in Limine* Motions (Dkt. 851).

**4.      To preclude any argument, testimony, or evidence about efforts taken in response to the Court's Preliminary Injunction Order, including to preclude any reference to the questionnaires and witness interviews Defendants did during the litigation.**

The Court should exclude any argument, testimony, or evidence regarding Defendants' efforts during the litigation to try to locate the "downloaded materials," including any reference to the thousands of questionnaires and witness interviews Defendants and their counsel supposedly conducted during the litigation.

*First*, permitting Defendants to raise this issue would open the door for Waymo to explain to the jury *why* Defendants conducted the investigations at issue — namely, that these investigations were conducted in response to the Court's March 16 Expedited Discovery Order (Dkt. 61) and May 11 Preliminary Injunction Order (Dkt. 426).  If Defendants argue that they conducted these broad investigations, then Waymo must be allowed — as a matter of simple fairness — to tell the jury that Defendants only conducted these investigations **because they were ordered to do so.**  To avoid a time-consuming rehashing of the Court's Orders and Defendants' responses thereto, the better course would be to preclude reference to Defendants' investigations and the Orders that spawned them.

*Second*, given that Defendants have withheld the relevant questionnaires and other documents relating to their post-litigation investigations on the basis of privilege or work product, Defendants should not be permitted to present the purported results of those investigations.  Where a party asserts privilege over a particular subject matter, it is appropriate to preclude the litigant from later waiving the privilege or offering evidence on related subject matter.  *See, e.g., Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. 12-cv-00329-AG , 2014 WL 8096334, at *8 (C.D. Cal. Apr. 21, 2014) (where plaintiff previously asserted attorney-client privilege over certain subjects, "[c]ertainly Plaintiff cannot now provide answers to those questions"); *Edward Lowe Indus., Inc. v. Oil–Dri Corp. of Am.,* No. 94-C-7568, 1995 WL 609231, at *5 (N.D. Ill. 1995) ("[B]y waiting until after the close of discovery to waive its attorney-client privilege, it was precluded from asserting an advice of counsel defense.").  This usual rule applies all the more strongly in this case, where the Court specifically

1  ordered Defendants to decide by June 1 whether to waive any privilege, "on pain of preclusion
2  thereafter." (Dkt. 438 at 1:10.) If Defendants wanted to offer the "results" of their investigations as
3  evidence in this case, they had to produce the entire results of those investigations by June 1, which
4  they did not do.

5  *Third*, it appears that the only individuals with personal knowledge of the relevant
6  investigations are MoFo attorneys, whom Defendants say they will not call as trial witnesses. (Dkt.
7  809.) For this reason as well, the Court should exclude any argument, evidence, or testimony
8  regarding these investigations. Fed. R. Evid. 602.

11  DATED: July 17, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                         By   */s/ Charles K. Verhoeven*
                                              Charles K. Verhoeven
                                              Attorneys for WAYMO LLC