QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | CASE NO. 3:17-cv-00939 |
| Plaintiff, | **PLAINTIFF WAYMO LLC'S SUPPLEMENTAL ORDERED LIST OF POTENTIAL *IN LIMINE* MOTIONS (DKT. 874)** |
| vs. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

1   Waymo awaits further document production and will take many more depositions over the next

2   several weeks on numerous subjects. Waymo also expects complete production of documents and

3   information already subject to numerous Court Orders but not yet produced by Defendants. Further,

4   Defendants have taken only one Waymo deposition in non-expedited discovery, and are continuing to

5   serve discovery on Waymo. Thus, Waymo reserves its rights to make additional motions or alter its list

6   of proposed motions *in limine*, and the substance thereof. Pursuant to the Court's July 11, 2017 Order

7   Setting Briefing Schedule For And Hearing On Early Motions *In Limine* (Dkt. 874), Waymo hereby

8   supplements its proposal for early motions *in limine* (Dkt. 851).

9   **11.    To preclude Defendants from introducing evidence via hearsay statements attributed to Anthony Levandowski.**

10

11   The Court should preclude Defendants from introducing the alleged out-of-court statements by

12   Levandowski regarding why he downloaded the 14,000 files that Defendants identified in their list of

13   trial examination questions to ask Levandowski. (Dkt. 829-4.) In Waymo's July 10 Court Ordered

14   List of Potential *In Limine* Motions (Dkt. 851), Waymo identified one motion seeking to exclude such

15   evidence: MIL No. 1, seeking to preclude Defendants from presenting any theory as to why

16   Levandowski downloaded Waymo trade secrets. The Court tentatively denied that MIL "without

17   prejudice to renewal via targeted objections raised against specific items of evidence at trial." (Dkt.

18   874.) Defendants' July 7 list of trial examination questions to ask Levandowski (Dkt. 829-4) lists

19   some of the specific hearsay statements from Levandowski that Defendants intend to introduce to try

20   to get around the fact that Levandowski is pleading the Fifth. These statements offered by Defendants

21   are inadmissible.

22   Specifically, Defendants indicate that they intend to present testimony "from witnesses,

23   including current and former Project Chauffeur employees, who knew that Mr. Levandowski was

24   worried about receiving his bonus as of late 2015." (Dkt. 829-4, at 2.) Any such testimony offered by

25   Defendants, which would be based upon out-of-court statements by Levandowski, is inadmissible

26   hearsay. Defendants do not claim that this testimony is subject to any hearsay exception. It is not.

27   Defendants also state that they intend to present testimony "from witnesses to whom Mr.

28   Levandowski explained—after this litigation was filed but before Mr. Levandowski began asserting

his Fifth Amendment privilege—the reason for his alleged downloading of 14,000 files, including testimony from Travis Kalanick." (Dkt. 829-4, at 2.)  Again, any such testimony about alleged out-of-court statements by Levandowski is inadmissible hearsay.  Defendants argue that this testimony is admissible under at least Federal Rule of Evidence 804(b)(3).  (*Id.*)  Defendants are wrong.  Rule 804(b)(3) provides that a statement against interest is excluded from the rule against hearsay if the witness is unavailable. Fed. R. Evid. 804(b)(3).  Defendants assume that Levandowski will continue to plead the Fifth.  If he does not, then Defendants would need to make a showing that he is "unavailable" under Rule 804, which they have not done.   Assuming that Levandowski is "unavailable," a statement against interest is a statement that:

> **(A)** a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and
>
> **(B)** is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability

*Id.*  Levandowski's purported statement does not meet this criteria because it is unreliable.  *In re 650 Fifth Avenue and Related Properties*, 2017 WL 2214869, * 12 (S.D.N.Y. May 18, 2017) (slip copy) (not admitting purported statement against interest because reliability of statement called into question); *Knight v. Henderson International Technologies, Inc.*, 2016 WL 8257254, *2 (E.D. La. Mar. 24, 2016 (slip copy) (statement was unreliable because it was contradicted by other evidence in the record).  Specifically, the alleged out-of-court statement on which Defendants want to rely is contradicted by another alleged out-of-court statement by Levandowski.  Defendants admit that "[a]fter the filing of this lawsuit, Levandowski also told Uber and others that he downloaded the files in order to work from home, including at an all-hands meeting."  (Dkt. 854, at 10.)  Defendants, however, say that this explanation for the downloading "was either not a true explanation or not a complete explanation."  (*Id.*)  Defendants cannot cherry-pick out-of-court statements on which to base their defense especially when the hearsay is inconsistent as to why Levandowski downloaded 14,000 Waymo files.  Thus, any attempts by Defendants to present testimony about out-of-court statements by Levandowski regarding why he downloaded the 14,000 files should be excluded.  To be clear,

1  Waymo's motion is limited to attempts by *Defendants* to present testimony about out-of-court

2  statements by Levandowski regarding why he downloaded the 14,000 files; Waymo should not be

3  precluded from presenting testimony about Levandowski's out-of-court statements because such

4  statements are party admissions.  Fed. R. Evid. 801(d)(2).

5      Defendants may also attempt to introduce other hearsay evidence to explain their theory of

6  why Levandowski downloaded the 14,000 files.  (*See* Dkt. 829-4.)  Defendants have not identified all

7  of the specific evidence on which they intend to rely and so Waymo reserves the right to move *in*

8  *limine* to exclude additional evidence once Defendants identify it all with specificity.  (Dkt. 874)

9  (denying motions in limine "without prejudice to renewal via targeted objections raised against

10  specific items of evidence at trial").   Waymo further reiterates that the Court should preclude

11  Defendants from arguing any theory as to why Levandowski downloaded the 14,000 files.  (Dkt. 851,

12  at 1-3 (Waymo MIL No. 1).)

13      **12.    To preclude Defendants from introducing any evidence of settlement discussions.**

14      The Court should exclude any evidence regarding any settlement discussions between the

15  parties.  Such evidence is inadmissible pursuant to Federal Rule of Evidence 408.  *See Funderburg v.*

16  *U.S.*, 2005 WL 6019702, *2 (N.D. Cal. Sept. 14, 2005) (precluding any mention of settlement,

17  settlement negotiations, and/or offers); *IBM Corp. v. Fasco Industries, Inc.*, 1995 WL 138553, *1

18  (N.D. Cal. Mar. 27, 1995) (excluding evidence of settlement discussions).

19

20

21  DATED:  July 17, 2017          QUINN EMANUEL URQUHART & SULLIVAN,
22                                 LLP

23                                 By       */s/ Charles K. Verhoeven*
24                                          Charles K. Verhoeven
                                            Attorneys for WAYMO LLC
25

26

27

28