# EXHIBIT 1

| | |
|---|---|
| **From:** | Ray, Wendy J. <WRay@mofo.com> |
| **Sent:** | Sunday, July 09, 2017 10:17 PM |
| **To:** | James Judah; jcooper@fbm.com; MCate@fbm.com; UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); DG-GP Otto Trucking Waymo |
| **Cc:** | QE-Waymo |
| **Subject:** | RE: Waymo v Uber - Defendants' Paragraph 4 Accountings |

James,
Lior Ron received the Stroz report from Alisa Baker on August 8, 2016.  We do not have a record of when or from whom Anthony Levandowski received the Stroz report.  He may have received it from John Gardner, but we have been unable to confirm that.

Wendy

**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Friday, July 07, 2017 1:20 PM
**To:** jcooper@fbm.com; MCate@fbm.com; UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); DG-GP Otto Trucking Waymo
**Cc:** QE-Waymo
**Subject:** Waymo v Uber - Defendants' Paragraph 4 Accountings

- External Email -

John and Counsel –

The Court's PI Order required Defendants to "identify the complete chains of custodians for every copy of any downloaded materials or due diligence report referencing downloaded materials."  Further, the Court's Order re Early Motions *in Limine* and Related Matters (Dkt. 784) ordered Karen Dunn to "file an accurate and complete statement identifying every board member, in-house counsel, or other officer or director of Uber who read or received any part of the due diligence report or its exhibits, whether in final or draft form, as well as the approximate date(s) that each such individual read or received it."  Neither of Defendants' Paragraph 4 accountings, nor Uber's Statement in Response to the Court's Order re Early Motions *in Limine* and Related Matters ("Statement"), identify chain of custody information for Mr. Levandowski or Mr. Ron's receipt of the due diligence report.  Uber's most recent supplemental Paragraph 4 accounting identifies Mr. Levandowski and Mr. Ron as "individuals [who] received copies of the due diligence report without exhibits," but fails to provide chain of custody information as to when they received copies and from whom.  (Dkt. 762 at 7-8.)  Uber's Statement does not even mention Mr. Levandowski or Mr. Ron, despite the fact Mr. Levandowski is a former Uber officer (Vice President of Engineering) and Mr. Ron is a current director (Senior Director), and Uber has repeatedly represented **under oath** that they had received copies of the due diligence report.  (*See*, *e.g.*, Dkt. 715 at 5; Dkt. 762 at 8).  Therefore Ms. Dunn's sworn representation, in Uber's Statement, that "[t]o the best of Uber's and its counsel's knowledge after a good faith investigation, no other **current or former Uber officer or director** read or received the due diligence report or any of its exhibits, whether in final or draft form" (emphasis added), contradicts other sworn representations by Uber attorneys (Aaron Bergstrom).

Further, the PI Order required Defendants to "provide a detailed accounting under oath setting forth every person who has seen or heard any part of the any downloaded materials, what they saw or heard, when they saw or heard it, and for what purpose."  (Dkt. 426 at 24.)  In Uber's Opposition to Waymo's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge, Uber states that "Uber's belief that Levandowski downloaded the files to ensure payment of $120 million bonus … arose only *after* filing of this litigation, when Levandowski revealed to Uber's then-CEO Travis Kalanick this reason for the downloads."  (Dkt. 800 at 2 n.1.)  However, this communication from Mr. Levandowski to Mr.

1

Kalanick about the downloaded materials is not identified on any of Defendants' Paragraph 4 accountings.  Also, according to media reports, at "an internal Uber meeting following the lawsuit," Mr. Levandowski communicated that "[h]e downloaded files related to [LiDAR] while at Google in order to work from home."  (*See*, e.g., http://www.businessinsider.com/anthony-levandowski-says-he-did-not-steal-waymo-self-driving-technology-2017-3.)  However, this communication also appears to be missing from Defendants' Paragraph 4 accountings.

We request that these issues be added to this afternoon's meet and confer.

Best,
James


**James Judah**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6420 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jamesjudah@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.