1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone:    415.268.7000
7  Facsimile:    415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
11 Washington, D.C.  20005
   Telephone:    202.237.2727
12 Facsimile:    202.237.6131

13 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

15                    UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17                         SAN FRANCISCO DIVISION

18 | WAYMO LLC, | Case No. 3:17-cv-00939-WHA |
19 | Plaintiff, | **DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO LLC'S SUPPLEMENTAL PROPOSED EARLY MOTIONS IN LIMINE** |
20 | v. | |
21 | UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
22 | | |
23 | Defendants. | Judge: Hon. William H. Alsup
Trial Date: October 10, 2017 |

Uber Technologies, Inc. and Ottomotto LLC (collectively "Uber") submit this supplemental proposal for early motions in limine in response to the Court's July 11, 2017 Order. (Dkt. 874.) For simplicity, Uber has continued the numbering in its original list. (Dkt. 850-3).

## I. MOTION NO. 13: EXCLUDE COURT ORDERS OFFERED FOR THEIR TRUTH OR OTHER IMPERMISSIBLE PURPOSE

Waymo submitted a list of about 30 court orders it plans to show the jury. (Dkt. 853-1 at 15–27.) This is wholly impermissible. As Uber has explained, reference to ***the existence*** of a prior court order before the jury may be appropriate in some circumstances, but not where, as here, Waymo seeks to reference them "so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (prior orders admissible "not for the truth of the facts recited therein, but for the existence of the opinion"). Admission of these orders would violate the hearsay rule and "presents the danger that a jury may give the judicial opinion undue weight or be confused, believing the earlier court's findings somehow binding on it." *United States v. Perry*, 857 F.2d 1346, 1351 (9th Cir. 1988); *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007) ("the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay."). Waymo's purposes are clear; the Court should reject Waymo's proffer wholesale. FED. R. EVID. 201, 401, 403, 801.

*First*, Waymo cannot use any order to prove liability, but this is precisely what it attempts to do (*see* theories A, B, and C). (Dkt. 853 at 1.) It claims that the Court's orders prove Uber's "possession, custody, or control of the downloaded materials," Uber's "knowledge that Waymo's trade secrets were acquired through improper means and ratification," and Uber's "acquisition, disclosure, and/or use of Waymo's trade secrets." (*Id.*) The orders, of course, prove no such thing—but in any event, these are all critical "facts essential to support" Waymo's misappropriation claim, and thus cannot be proved by reference to court orders. *M/V Am. Queen*, 708 F.2d at 1491. Waymo claims, for example, that the Court's expedited discovery order (Dkt. 61) proves liability, referencing all three theories. (Dkt. 853-1 at 16.) Waymo claims the same of

1

the Federal Circuit's order denying Levandowski's petition for a writ of mandamus regarding an unredacted privilege log (Dkt. 351) and the Court's preliminary injunction order (Dkt. 426). (Dkt. 853-1 at 19–21.) As Uber explained in prior briefing and above, this is improper. (Dkt. 854 at 2.)

The same is true of Waymo's plan to introduce court orders purportedly to rebut Uber's proof that, despite extensive efforts, no evidence of Waymo files or trade secrets have been found at Uber. (Dkt. 853, theories F and G.) This is just a back-door attempt to use a court order for its truth. For example, Waymo should not be permitted to show the jury the Court's statement that "Levandowksi's assertion of his Fifth Amendment privilege has obstructed and continues to obstruct [] discovery" (Dkt. 425) to respond to Uber's claim that discovery has failed to reveal evidence of Uber's use or possession of the trade secrets. (Dkt. 853-1 at 20.) This is an impermissible attempt to use a statement in a court order to prove "disputed facts contained therein." *United States v. S. Cal. Edison Co*., 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004).

***Second***, Waymo appears poised to use the Court's ***tentative*** or ***preliminary*** views of the evidence in order to reinforce its own theories. Tentative orders must be excluded as unduly prejudicial, irrelevant, and invasive of the jury's fact-finding mandate. *Perry*, 857 F.2d at 1351.

***Third***, many of Waymo's identified court orders run squarely into motions in limine that the Court has preliminarily granted. The Court has tentatively excluded (Dkt. 874 ¶ 9), subject to an exception, "any argument or evidence regarding Uber's assertions of attorney-client privilege or work-product protection." (Dkt. 855 at 1.) Yet Waymo listed about a dozen orders relating to Uber's privilege logs and privilege claims. (Dkt. 853-1 at 17–19, 23–26.) Waymo cannot use Uber's privilege claims against Uber. Moreover, the Court has excluded (Dkt. 874 ¶ 9) Uber's "supposed discovery misconduct or obstruction." (Dkt. 855 at 1.) Yet Waymo listed another dozen court orders relating to those issues. (Dkt. 853-1 at 15–27.) And to the extent that Waymo intends to use the orders to show MoFo or Stroz's possession for the purpose of imputing it to Uber (*e.g.*, Dkt. 853-1 at 23), the Court has ordered briefing on these issues. (Dkt. 874 ¶ 6.)

***Finally***, to the extent that court orders at issue reference statements of law—such as Levandowski's entitlement to a writ of mandamus (Dkt. 853-1 at 19)—it is obviously not proper jury material. The jury will hear the law through instructions and nowhere else.

## II. MOTION NO. 14: EXCLUDE ATTORNEY ADMISSIONS OFFERED FOR THE TRUTH OR OTHER IMPERMISSIBLE PURPOSE

Waymo also lists nearly 80 attorney statements in pleadings, briefings, and transcripts that it plans to use before the jury. (Dkt. 853-1 at 1–15, 27–31.) Attorney arguments and statements are almost never competent evidence. *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc*., 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("arguments and statements of counsel are not evidence") (citations and internal quotation marks omitted); *EOTT Energy Operating Ltd. P'ship v. Winterthur Swiss Ins. Co.*, 257 F.3d 992, 999 (9th Cir. 2001) (oral argument is "not part of the factual record"). Under Rule 201, only the "***existence*** of a motion or of representations having been made therein" are admissible. *Cal. Edison*, 300 F. Supp. 2d at 974 (emphasis added). And "an attorney's arguments generally are not statements of a party opponent under Rule 801(d)(2)." Weinstein & Berger, WEINSTEIN'S EVID. MANUAL § 15.02[2] (2017); *see also Kowalski v. Anova Food, LLC*, 2015 WL 1117993, at *2–3 (D. Haw. Feb. 12, 2015) (granting motion in limine; explaining limited and narrow exceptions).

Waymo has listed an extraordinary range of attorney argument and statements, from notices of appearance and withdrawal (Dkt. 853-1 at 1, 3) to briefs (*id*. at 5) to hearsay emails (*id.* at 9). Like its list of orders, almost all of Waymo's listed attorney statements are (a) irrelevant; (b) hearsay offered for the truth; (c) barred by the motions in limine the Court has tentatively granted; (d) descriptions of principles of law that are not evidence; and (e) inadmissible under Rule 403.

Some of Waymo's proffered "admissions" deserve special mention. First, Waymo's list includes briefing and argument regarding Uber's privilege (Dkt. 853-1 at 4), "[a]ll Privilege Logs served by Defendants" (*id.* at 9), and five full pages of deposition colloquy concerning privilege instructions at Levandowski's deposition (*id.* at 27–31). This material is largely covered by the Court's tentative order granting Uber's proposed motion in limine regarding privilege.

Waymo also seeks to admit several of Levandowski's motions, including his statement that he sought "personal counsel regarding his departure from Google and his joining Uber as a part of the Uber-Ottomotto acquisition" (Dkt. 382) as relevant to demonstrating Uber's liability. (Dkt. 853-1 at 4; *see also id.* at 3, 8.) Levandowski's counsel's argument is hearsay and cannot be

1  imputed to Uber. Nor can Waymo introduce non-party Levandowski's briefs or pleadings, nor his
2  attorneys' statements, as a party admission of Uber, or for any other purpose.

### III. MOTION NO. 15: EXCLUDE TESTIMONY OF WAYMO'S DAMAGES EXPERT

Based on Uber's motion to strike, the Court should exclude Waymo's damages expert. The Court should also preclude Waymo's damages expert from testifying about "Waymo's anticipated lost profits or market share" and "the difficulties in quantifying damages in this market and the likelihood of irreparable harm to Waymo." (Dkt. 770 at 4.) Under the "new business rule," revenue generation for a business with no track record is inherently speculative and must be excluded. *See Master Replicas, Inc. v. Levitation Arts, Inc.*, 2009 WL 10670674, at *6 (C.D. Cal. May 13, 2009) ("The rationale behind this rule is simple: if one engages in a new industry, there are no provable data of past business from which the fact can be legally deduced that anticipated profits would have been realized."). In addition, Waymo's damages expert cannot opine that Waymo has been irreparably harmed—this is a "legal conclusion, i.e., an opinion on an ultimate issue of law." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 2014 WL 4312021, at *10 (N.D. Cal. Aug. 28, 2014). Uber reserves its *Daubert* challenge to Waymo's damages expert.

### IV. MOTION NO. 16: EXCLUDE TESTIMONY OF WAYMO'S M&A EXPERT

Subject to further *Daubert* challenge, the Court should exclude Waymo's M&A expert from opining "regarding how certain aspects of the acquisition and implementing documents are atypical, including provision relating to Uber's agreement to indemnify Ottomotto executives for their prior 'Bad Acts.'" (Dkt. 770 at 4.) Such opinion testimony should be excluded pursuant to Uber's motion in limine # 7. (Dkt. 855 at 4–6). Additionally, this testimony is irrelevant; it would not tend to prove that Uber knew or should have known of alleged misappropriation, nor is it probative of Uber's knowledge of Levandowski improperly downloading and deliberately taking files from Waymo. Whether the indemnification agreement was "atypical" is of even less probative value than the fact of indemnification. Waymo's only purpose in offering such testimony would be to suggest that the jury draw an inference that any uniqueness associated with the indemnity necessarily shows Uber knew of misappropriation. Such evidence must be excluded under Rule 403. If the Court excludes such opinion evidence, Uber will also not offer

opinion testimony on indemnification at trial.

## V. MOTION NO. 17: RENEWED MOTION TO EXCLUDE ADVERSE INFERENCES FROM LEVANDOWSKI'S FIFTH AMENDMENT INVOCATION

Uber recognizes that the Court has preliminarily denied Uber's Motions in Limine Nos. 4 and 5 (Dkt. 855 at 2–3) regarding Mr. Levandowski's invocation of the Fifth Amendment without prejudice, subject to objection at trial. (Dkt. 874 ¶ 9.) Waymo has now submitted its proposed list of 461 proposed questions and adverse inferences (Dkt. 818-4), and the parties have briefed the proper framework for the evaluation of evidence of a non-party's invocation (Dkt. 822, 829-4, 834-3). Uber requests that the Court permit additional pre-trial briefing on Waymo's particular proposed questions and inferences in order to demonstrate, with particularity, the lack of corroborating evidence, the lack of probative value, and the prejudicial effect of permitting Waymo to ask its legion unsubstantiated and conspiratorial questions before the jury.

## VI. MOTION NO. 18: EXCLUDE EVIDENCE OF POST-COMPLAINT DESTRUCTION OF TEXT MESSAGES

Waymo intends to introduce "post-complaint destruction of text messages, Telegram messages, emails, voice mails, or other electronic or hard copy documents." (Dkt. 849 at 2.) Should Waymo intend to argue at trial that Uber improperly destroyed evidence, this should be prohibited under the Court's tentative grant of Uber's motion in limine # 3 (Dkt. 855 at 1–2) excluding evidence or argument of Uber's "supposed discovery misconduct or obstruction." (Dkt. 874 ¶ 9.) Additionally, this material should be excluded under Rule 403.

## VII. MOTION NO. 19: EXCLUDE EVIDENCE OF POST-COMPLAINT DEPARTURE OF PERSONS IDENTIFIED ON THE PARTIES' INITIAL DISCLOSURES

Waymo intends to introduce "any post-complaint departure from Defendants of a person identified on the parties' initial disclosures," such as Travis Kalanick and other former employees or directors. (Dkt. 849 at 2.) Waymo apparently seeks to do so to support an argument relating to Uber's corporate culture or the character or reputation of Uber's CEO. With the exception of evidence regarding Levandowski's departure, this evidence should be excluded pursuant to the Court's tentative grant of Uber's proposed motion in limine on these issues. (*See* 6/29/17 Hr'g Tr.

5

3:24–25, 4:1–12.) This evidence is also irrelevant to any element of Waymo's misappropriation and patent infringement claim and barred by Rule 403.

### VIII.  MOTION NO. 20: EXCLUDE EVIDENCE OF MOFO'S PRIOR REPRESENTATION OF LEVANDOWSKI IN THE ARBITRATIONS

Waymo intends to introduce evidence of MoFo's previous representation of Levandowski in Google's arbitrations initiated against him and Lior Ron. (Dkt. 853-1 at 2 (citing Arturo Gonzalez declaration).) The Court should exclude this evidence under Rules 402 and 403. This fact is not relevant to Uber's alleged "possession, custody or control of the downloaded materials" or to Uber's "knowledge that Waymo's trade secrets were acquired through improper means and ratification of Mr. Levandowski's conduct," the reasons Waymo proffers for introducing this evidence. (*Id*.; Dkt. 853 at 1.) Such evidence is also of limited probative value and unduly prejudicial, a waste of time, and would confuse the issues. FED. R. EVID. 403.

### IX.  MOTION NO. 21: EXCLUDE EVIDENCE RELATING TO POST-COMPLAINT RECEIPT OF DUE DILIGENCE REPORT

Waymo plans to use "[a]ny person's post-complaint receipt of the due diligence report," and lists various individuals about whom it plans to introduce this evidence. (Dkt. 849 at 2.) If the Federal Circuit holds that the Stroz Report is privileged, then evidence or argument about the individuals who received the report should stay out of the case. But even if the Stroz Report is produced, evidence about the individuals who received this report is not probative. As the Court has acknowledged, it is not fair or accurate to conflate the existence of the Stroz Report and any misappropriated trade secrets. (6/29/17 Hr'g Tr. 80:21–25, 81:1–2.) Most of the individuals who received the report are current or former Uber officers, directors, or attorneys who received the report long after Waymo filed its complaint for the purpose of directing this litigation and to determine whether to waive privilege—purposes that have nothing to do with Uber's alleged possession of Waymo's trade secrets or any other issue in the case. This evidence should be excluded under Rules 401 and 403.

//

//

| | |
|---|---|
| Dated: July 17, 2017 | MORRISON & FOERSTER LLP |
| | By: */s/ Karen L. Dunn*<br>   Karen L. Dunn |
| | Attorneys for Defendants<br>UBER TECHNOLOGIES, INC.<br>and OTTOMOTTO LLC |