1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RudyKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone:   415.268.7000
7  Facsimile:   415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
11 Washington DC 20005
   Telephone:   202.237.2727
12 Facsimile:   202.237.6131

13 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                        SAN FRANCISCO DIVISION

18 | WAYMO LLC,                              | Case No. 3:17-cv-00939-WHA
19 |                    Plaintiff,           | **DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSE TO PLAINTIFF WAYMO LLC'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**
20 |           v.                            |
21 | UBER TECHNOLOGIES, INC.,                |
   | OTTOMOTTO LLC; OTTO TRUCKING            |
22 | LLC,                                    |
23 |                    Defendant.           | Judge:  The Honorable William Alsup
24 |                                         | Trial Date: October 10, 2017

26         **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1    Pursuant to Civil L.R. 72-2 and this Court's Order on July 17, 2017 (Dkt. No. 884),
2  Defendants' Uber Technologies, Inc. and Ottomotto LLC (hereinafter "Uber") hereby file their
3  response to Plaintiff Waymo's Motion for Relief from Non-Dispositive Pretrial Order of
4  Magistrate Judge. (Dkt. No. 876).
5    As Magistrate Judge Corley noted, Waymo entered into a deal with Lyft, a ride-sharing
6  competitor of Uber's, while this litigation was pending, and thus should have expected that
7  documents and information regarding the deal would become discoverable in this case.
8  Magistrate Judge Corley also confirmed that the deal is relevant to multiple issues in this case,
9  including Waymo's claims for damages and injunctive relief. Magistrate Judge Corley granted
10 some, but not all, of the discovery Uber served on Waymo regarding the deal, while denying
11 Uber's attempts to obtain discovery from Lyft.
12    In its objection to Magistrate Judge Corley's order, Waymo asserts that Magistrate Judge
13 Corley erred by permitting discovery regarding the deal from Waymo, while denying it from
14 Lyft. But Waymo's arguments ignore the obvious difference between discovery sought from
15 parties and non-parties, which was a significant portion of Magistrate Judge Corley's rationale for
16 denying discovery regarding the deal from Lyft, leaving discovery from Waymo as the only way
17 for Uber to obtain relevant documents and information.
18    Waymo also objects to discovery specific to its deal with Lyft in light of other, more
19 general discovery requests Uber has served on Waymo. Waymo asserts that those other requests
20 will adequately cover the relevant issues, and represents that it will produce relevant documents
21 in response, even if not specific to the Waymo/Lyft deal. But as Magistrate Judge Corley held,
22 Uber is entitled to develop its own defense to Waymo's claims, and is not limited to documents
23 and information Waymo contends is relevant. This is particularly true where Uber believes this
24 lawsuit is part of Waymo's attempt to undermine Uber as a competitor in the self-driving and
25 ride-sharing markets. (Gonzalez Dec., Exhibit A at 8, 12 (March 2015 Waymo presentation
26 noting that [REDACTED]
27 [REDACTED]).) Waymo's entry into a deal to develop self-
28

1  driving cars with one of Uber's key rivals in the ride-sharing market is obviously relevant to that
2  issue, too, as Uber argued before Magistrate Judge Corley.  (Mot. to Compel, Dkt. No. 687 at 6.)
3          Accordingly, Uber respectfully requests that this Court deny Waymo's motion.

## I. LEGAL STANDARD

The review of a magistrate's non-dispositive order is deferential.  As this Court has held, "orders of a magistrate judge on non-dispositive matters 'are not subject to de novo determination,' and '[t]he reviewing court may not simply substitute its judgment for that of the deciding court.'"  *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 5024457, at *3 (N.D. Cal. Oct. 20, 2011) (Alsup, J.) (citation omitted); *see also Concrete Pipe and Prods. of Cal. v. Construction Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993) ("[R]eview under the 'clearly erroneous' standard is significantly deferential . . . .").

## II. BACKGROUND

On May 14, 2017, the New York Times reported that Waymo entered into a deal with Lyft to collaborate on self-driving cars.  Uber subsequently served discovery requests on Waymo seeking documents and information related to the deal.  In its responses, Waymo refused to produce documents responsive to the following requests:

- RFP 149:  All agreements (including exhibits) with Lyft regarding autonomous vehicles, including the Waymo/Lyft deal;
- RFP 150:  Any letter of intent or interest relating to the Waymo/Lyft deal;
- RFP 151:  Any term sheet relating to the Waymo/Lyft deal
- RFP 152:  Any definitive agreement relating to the Waymo/Lyft deal;
- RFP 153:  Any analysis or due diligence relating to the Waymo/Lyft deal;
- RFP 154:  Documents sufficient to show the dates of the first ten communications between Waymo and Quinn relating to the Waymo/Lyft deal;
- RFP 155:  Documents sufficient to identify all individuals at Waymo or Lyft who were responsible for negotiating or conducting due diligence relating to the Waymo/Lyft deal; and
- RFP 156:  Documents sufficient to identify the first date that Waymo began discussion of any potential merger or agreement with Lyft.

Uber filed a motion to compel responses from Waymo to these requests (and others).  (Uber Mot. to Compel, Dkt. No. 687.)  Waymo opposed Uber's motion, primarily on the grounds that it had already agreed to produce documents responsive to other general requests on related issues, even if not specific to the Waymo/Lyft deal, and that Uber's justifications for the discovery were too speculative.  (Waymo Opp'n, Dkt. No. 746 at 5.)

DEFENDANTS RESPONSE TO WAYMO'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER
CASE NO. 3:17-CV-00939-WHA
sd-703136

2

Magistrate Judge Corley subsequently ruled that Waymo was required to respond to Uber's Request Nos. 149-153, and 156, but not to Request Nos. 154 and 155. (Order, Dkt. No. 832 at 3-4.) Magistrate Judge Corley held that the Waymo/Lyft deal was relevant to Waymo's claims for damages and injunctive relief. (*Id*. at 3) Magistrate Judge Corley also held that Waymo's agreement to produce documents responsive to other arguably related requests, but not requests aimed at the Waymo/Lyft deal specifically, "does not make the Lyft deal irrelevant." (*Id.*) And despite Waymo's assertions that Uber would receive what it needs to defend itself from other, more general requests, Magistrate Judge Corley also made clear that Uber is entitled to develop its own defense, and should not be limited to what Waymo believes is relevant or sufficient. (*Id.*)

### III.   ARGUMENT

Contrary to Waymo's assertions, Magistrate Judge Corley did not err in permitting discovery from Waymo, the party who brought this suit, regarding the Waymo/Lyft deal, while denying similar discovery from Lyft, a non-party. Instead, Magistrate Judge Corley properly applied different standards to discovery from (1) a party pursuant to a document request and (2) a non-party pursuant to a subpoena, consistent with governing law. Waymo's agreement to respond to other, more general discovery requests that are not specific to the Waymo/Lyft deal does not render the Waymo/Lyft documents any less relevant or necessary, as Magistrate Judge Corley correctly concluded.

#### A.   Magistrate Judge Corley's order correctly applies different law to different types of requests.

Waymo asserts that Magistrate Judge Corley erred by taking "inconsistent positions with respect to Waymo['s] and Lyft's production of these documents." (Waymo Mot. for Relief, Dkt. No. 876 at 1.) But a party and a non-party are treated differently when it comes to discovery, as Magistrate Judge Corley correctly recognized. (Order, Dkt. No. 832 at 4 (citing case law distinguishing different standards for discovery served on parties and non-parties).) Indeed, this was the primary ground on which Lyft successfully moved to quash the discovery Uber served on it regarding the Waymo/Lyft deal. (*See generally*, Lyft Motion to Quash, Dkt. No. 646.) Nor is

DEFENDANTS RESPONSE TO WAYMO'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER
CASE NO. 3:17-CV-00939-WHA
sd-703136

3

there any reason Waymo should not be subject to discovery on these issues here: Waymo brought this lawsuit against Uber, seeking extremely broad and severe relief, and thus should expect to provide discovery concerning business partnerships relevant to this litigation. Similarly, the confidentiality considerations are different for a party to the lawsuit versus a non-party, particularly where the party that brought the lawsuit (Waymo) entered into a deal during the pendency of the lawsuit, and thus should have expected it would become relevant, as Magistrate Judge Corley correctly recognized. (Order, Dkt. No. 832 at 3.)

### B. The Lyft-specific information Uber seeks is highly relevant, necessary for Uber to defend itself, and not covered by other requests.

Waymo's assertion that the Waymo/Lyft deal is of "minimal relevance" to the issues in this case is belied by the currently known facts regarding the deal: Waymo and Ottomotto both provide self-driving technology; Lyft and Uber are competitors in the ride-sharing business. Waymo entered into a deal with Lyft to collaborate on developing self-driving cars during the pendency of this litigation, which concerns a similar deal between Ottomotto and Uber. Given the parallels between the two deals, including the parties, the technologies involved, and the timing, documents and information regarding the Waymo/Lyft deal are relevant to Waymo's damages claims, claims of irreparable harm, and treatment of its confidential information, as Magistrate Judge Corley correctly determined. (Order, Dkt. No. 832 at 3.)

Waymo nonetheless asserts that it should not be required to produce documents specific to the Waymo/Lyft deal in response to the six requests at issue here, because Waymo has "already agreed to produce documents directed at the issues Uber claims the Lyft documents are relevant to." (Waymo Mot. for Relief, Dkt. No. 876 at 2.) As Magistrate Judge Corley recognized, however, the fact that Waymo may produce documents relevant to the same issues (*e.g.*, damages and irreparable harm) does not make documents regarding the Waymo/Lyft deal irrelevant. (Order, Dkt. No. 832 at 3.) Nor does Waymo explain how documents produced in response to other, more general requests will provide an adequate substitute, given the particular relevance of the Waymo/Lyft deal. *Cf. Am. Broad. Cos., Inc. v. Aereo, Inc.*, No. CV-12-80300-RMW, 2013 WL 1508894, at *1 (N.D. Cal. Apr. 10, 2013) (holding that a party claiming privilege must

DEFENDANTS RESPONSE TO WAYMO'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER
CASE NO. 3:17-CV-00939-WHA
sd-703136

4

1  "sufficiently describe the withheld material" to permit evaluation of the claim.).

2  On damages, Waymo asserts that Uber does not "need" any documents responsive to its requests, because (as Waymo seems to argue) Uber has not demonstrated that the parties to the Waymo/Lyft deal put together a formal "valuation" of the deal.  Leaving aside that Waymo, of course, does know what sort of valuation materials Waymo prepared or received from Lyft in connection with the deal, Uber's argument for production was not that it was entitled simply to any formal "valuation" of the deal, but instead that the documents regarding the terms of the deal would be relevant inputs to a valuation of self-driving car technology, particularly in the context of ride-sharing services, for the purposes of analyzing monetary damages (if any) in this case.

On injunctive relief and irreparable harm, Waymo asserts that "the Lyft deal does not affect and is not relevant to Waymo's first mover advantage."  (Waymo Mot. for Relief, Dkt. No. 876 at 2.)  But Waymo obviously is not entitled to unilaterally determine what is relevant to Uber's defenses.  Uber is "entitled to develop [its] own defense to Plaintiff's claims for relief and need not rely solely on what Plaintiff contends is relevant."  (Order, Dkt. No. 832 at 3.)  Accordingly, there is no reason to deny production based on Waymo's representations that it will produce what Uber "needs" on these issues through its responses to other, more general requests. (*See e.g.,* Waymo Mot. for Relief, Dkt. No. 876 at 1 (Waymo arguing that Uber "does not need" documents), 2 (same), 3 ("Uber simply does not need documents relating to the Lyft deal in addition to the documents Waymo agreed to produce).)  This is particularly true where Waymo offers no explanation of what this other relevant production will include, how that production will adequately substitute for the Lyft-specific documents Uber requests, or that any Lyft-related documents will be produced in response to those other requests.

When Magistrate Judge Corley denied Uber's requests for discovery from Lyft, Waymo became the only source of the requested information.  Because of the clear relevance of the Waymo/Lyft deal to this case, the scope of discovery Waymo has sought, and the fact that Uber has produced over 26,000 documents whereas Waymo has produced fewer than 7,000, Waymo's appeals to proportionality make no sense, particularly where Waymo has made no showing regarding the burden of responding to these six narrow requests.

DEFENDANTS RESPONSE TO WAYMO'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER
CASE NO. 3:17-CV-00939-WHA
sd-703136

5

Dated: July 17, 2017

MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
     ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

DEFENDANTS RESPONSE TO WAYMO'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER
CASE NO. 3:17-CV-00939-WHA
sd-703136

6