MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:      415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C.  20005
Telephone:     202.237.2727
Facsimile:      202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | Case No. 3:17-cv-00939-WHA <br><br> **DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO LLC'S MOTION IN LIMINE NO. 12 TO EXCLUDE EVIDENCE OF TRADE SECRET MISAPPROPRIATION BASED ON ANYTHING OTHER THAN THE ALLEGED DOWNLOADING OF FILES BY ANTHONY LEVANDOWSKI** <br><br> Judge: Hon. William H. Alsup <br> Trial Date: October 10, 2017 |

Uber Technologies, Inc. and Ottomotto LLC (collectively "Uber") submit this motion *in limine* to exclude evidence or argument of access to or possession of Waymo material by former Waymo employees other than Anthony Levandowski ("Levandowski").

**INTRODUCTION AND FACTUAL BACKGROUND**

Waymo's First Amended Complaint alleged that Uber had engaged in trade secret misappropriation based on the alleged conduct of Anthony Levandowski—specifically, based on Levandowski's alleged downloading of over 14,000 trade secret files before he left Google, and his supposed conspiracy with Uber to take those files to Uber and to use them at Uber. Waymo did not allege a trade secrets claim based on the theory that former Google employees joined Uber with knowledge of Google trade secrets in their heads that they then used at Uber. California's rejection of the doctrine of inevitable disclosure would make such a claim dubious, and Waymo has never advanced it. Likewise, Waymo did not allege that there was widespread downloading of trade secret files by numerous former Google employees who then joined Uber. To the contrary, Waymo's complaint was based on *Levandowski's* alleged downloading of over 14,000 trade secret files. Waymo briefly mentioned downloading of information by two other former employees (Sameer Kshirsagar and Radu Raduta), but it subsequently conceded that these two individuals did not take trade secret information. On June 7, 2017, counsel for Waymo represented to the Court as follows: "Your honor, to the files that were taken by the other two former Waymo employees who joined Otto and Uber that we identify in the complaint, Kshirsagar and Raduta, who took supply information, since the complaint was filed, we have narrowed the case, and we have said that we are not proceeding on trade secret claims for that information. So that information is clearly not a trade secret, as—as it's alleged in this case." (6/7/17 Hr'g Tr. at 14:11-21.)

Discovery has now shown that Uber never received the files Levandowski allegedly downloaded and took. Uber never wanted those files, never possessed those files, and never used those files. Uber also did not know about the downloading alleged in Waymo's complaint. Indeed, Uber made Levandowski promise to "return or destroy" any confidential information from any prior employer, and made clear to Levandowski and all others not to bring any

1

proprietary information from prior employers to Uber.

In light of these facts and the lack of any evidence to support its Levandowski-based claims, Waymo recently signaled that it may now seek to change its theories, and may try to pursue and then present evidence of some other kind of supposed wrongdoing not alleged or even suggested by its First Amended Complaint. But it is too late to do this. On June 7, this Court issued a Case Management Order providing, in relevant part, that, "[l]eave to add any new parties or amend pleadings must be sought by June 22, 2017." (Dkt. 563 ¶ 2.) Waymo did not seek leave to amend. It is too late to do so now. After that June 22 deadline, Waymo began signaling its intent to upend settled expectations and to try to import new claims into its case. At the June 29 Case Management Conference, this Court asked if Waymo intends to make a "non-Levandowski argument," defined as "some argument that another employee who I've never heard of at this point, but one of the 80-some-odd others, used a trade secret that he or she knew at Waymo, and then used it at Uber?" (6/29/17 Hr'g Tr. at 60:6-14.) Counsel for Waymo responded: "So what I can say is discovery is ongoing. And we are looking in to—we are examining what's happening here. And we have sued Uber. And if Uber is using a trade secret from Waymo that's identified in our trade-secret list and in our Complaint, we would reserve the right and may or may not argue that, depending on what we find in fact discovery." (*Id*. at 60:15-21.) Waymo's counsel continued, "I think there's—some evidence relating to some—you know, at least one other engineer." (*Id*. at 60:24-60:25.)

This is prohibited. A party must be held to the complaint it files and the subsequent concessions it makes. This Court should therefore grant this motion in limine to exclude evidence Waymo may seek to present in support of new theories it chose not to allege. First, this Court must exclude any evidence that attempts to show that Uber is liable for any alleged misappropriation by Kshirsagar and Raduta. Waymo is estopped from going back on its admissions that there is no basis for such a claim. Second, this Court should exclude any evidence that seeks to show that Uber is liable for the alleged misappropriation by *any* former Google employee other than Levandowski. No such claim was ever made in the First Amended Complaint, and Waymo should not be permitted to invent new theories now that it cannot find

evidence to support its complaint's Levandowski-based claims. Waymo cannot be permitted to pivot to a claim that is based on alleged trade secrets in the heads of Google's former employees. Nor can Waymo be permitted to suggest that other former employees somehow engaged in wrongful downloading. Both such claims would be desperate efforts to create new claims now that is original claims have found no evidentiary support.

## **ARGUMENT**

### I. Evidence of Kshirsagar's and Raduta's Alleged Downloading or Possession Must Be Excluded.

Waymo expressly narrowed its First Amended Complaint to exclude allegations involving Kshirsagar and Raduta when it represented to the Court and to Uber that the information allegedly downloaded and possessed by these former Waymo employees "is clearly not a trade secret." (6/7/17 Hr'g Tr. at 14:11-21.) This Court should hold Waymo to its judicial admission and preclude it from presenting any evidence of Kshirsagar's and Raduta's alleged conduct.

Holding Waymo to this admission comports with analogous Ninth Circuit precedent. For example, in *U.S. v. Bentson*, 947 F.2d 1353, 1356 (9th Cir. 1991), the court held that defense counsel's statement that "the defense is not suggesting that returns were filed for 1983 and 1984" was a binding judicial admission that foreclosed the defendant from arguing on appeal that the government presented insufficient evidence to prove he did not file tax returns for those years. *See also United States v. Wilmer*, 799 F.2d 495, 502 (9th Cir. 1986) (treating an attorney's concession of "all the elements of [the government's] case as far as intoxication" as a binding judicial admission); *Am. Civil Liberties Union of Nev. v. Masto*, 670 F.3d 1046, 1064 (9th Cir. 2012) (statement at oral argument was a binding judicial admission); *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1170 n.3 (9th Cir. 2001) (same); *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2016 WL 3181206, at *7 (N.D. Cal. June 8, 2016) (Alsup, J.) (Google counsel's answer to the court's question during oral argument constituted a judicial admission).

Courts routinely exclude evidence that contravenes a binding judicial admission like that made by Waymo concerning the "narrowing" of the case to exclude misappropriation claims with respect to Raduta and Kshirsagar. *See Holmes v. Meritplan Ins. Co.*, 2008 WL 4615439, at *2

1  (S.D. Miss. Oct. 16, 2008) (granting motion *in limine* to "enforc[e]" a party's judicial admission
2  and precluding it from denying at trial that the property at issue had been damaged by flood
3  waters, where party accepted flood insurance benefits); *Donald M. Durkin Contracting, Inc. v.*
4  *City of Newark*, 2006 WL 2724882, at *6-7 (D. Del. Sep. 22, 2006) (granting motion *in limine* to
5  preclude party from presenting evidence that contradicted judicial admission because "[i]t would
6  be patently unfair and judicially inefficient to allow the City's defense to a be a moving target,
7  after the parties and the Court have relied upon the City's admissions"); *Estate of Moran v. W.P.*
8  *Carey & Co.*, 2003 WL 25757514, at *1 (E.D. Mich. May 7, 2003); *see also Fabery v. Mid-S.*
9  *Ob-Gyn, P.L.L.C.*, 2008 WL 11322116, at *1 (W.D. Tenn. Mar. 17, 2008) (granting motion *in*
10 *limine* to exclude evidence contrary to a judicial admission on grounds of judicial estoppel).

11 Furthermore, judicial estoppel bars Waymo from going back on its word. The doctrine
12 bars "a party from making a factual assertion in a legal proceeding which directly contradicts an
13 earlier assertion made in the same proceeding or a prior one." *Russell v. Rolfs*, 893 F.2d 1033,
14 1037 (9th Cir. 1990) (internal quotation marks and citations omitted). Allowing Waymo to pursue
15 claims would let Waymo play impermissibly "fast and loose" with the court system. *Id.*

16 **II. Evidence Concerning Alleged Trade Secrets Misappropriation By Former Waymo Employees Other than Levandowski Must Be Excluded.**
17

18 Waymo has signaled its intent to pursue a "non-Levandowski" theory of liability based on
19 some other, as yet unidentified former Waymo employee or employees bringing Waymo trade
20 secrets to Uber (or using them at Uber). Such evidence and argument must be excluded because
21 Waymo did not plead such claims in its First Amended Complaint.

22 "It is well established in the Ninth Circuit, that where a theory or claim is not pled in the
23 complaint, a party may not submit evidence as to that theory or claim because a plaintiff must
24 provide the defendant 'fair notice' of its alleged liability." *Evervictory Electronic (B.V.I.) Co.*
25 *Ltd. v. Invision Indus. Inc.*, 2012 WL 2030177, at *2 (C.D. Cal. Jun. 4, 2012) (granting motion *in*
26 *limine* to exclude evidence of liability theory not presented in complaint) (citation omitted); *see*
27 *also Rich v. BAC Home Loans Servicing LP*, 2014 WL 7671615, at *5-6 (D. Ariz. Oct. 9, 2014)
28 (granting motion *in limine* to exclude evidence of theory that was not "actually and properly

pled"). Additionally, *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006) shows why Waymo cannot present "non-Levandowski" evidence to the jury. There, the plaintiff's complaint alleged a violation of the Americans with Disabilities Act because the defendant's store lacked access ramps. *Id.* at 968. On summary judgment, the plaintiff raised other ADA violations that were not alleged in the complaint, and tried to justify this failure by pointing to the complaint's listing of "hypothetical" barriers a disabled person may face. The district court rejected this attempt because the complaint did not give the defendant notice of these factual allegations. The court of appeals affirmed. *Id.*; *see also Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 995 (9th Cir. 2009) ("We cannot entertain now Dream Games's argument that the district court erred by dismissing Pierce because he was secondarily liable. If Dream Games had intended to assert a theory of secondary liability, it should have done so either in the original or an amended complaint, following proper procedure.").

Here, Waymo must be excluded from presenting evidence of a theory of liability against Uber based on the conduct of former Waymo employees other than Levandowski. In particular, Waymo must be precluded from any claim based on alleged trade secrets in a former employee's head that Waymo may claim has now been used at Uber. No such allegation was ever made in the First Amended Complaint, and with good reason. Such a claim runs headlong into California's rejection of the inevitable disclosure doctrine, and would have triggered numerous legal disputes over the scope of that rejection and the evidence needed to prove such a claim. (*See* 6/29/17 Hr'g Tr. at 44:4-6 (The Court: "[T]he fact that they used something they had learned at Waymo won't get you even to first base.").) No such claim was pled; the deadline for amendments has passed; and Waymo is precluded from now advancing such a claim.

Waymo is also precluded from trying to present evidence it hopes may suggest that former employees other than Levandowski engaged in improper downloading. Waymo did not allege any facts to support a claim based on the conduct of individuals other than Levandowski, Kshirsagar, and Raduta—and it has abandoned its claims based on Kshirsagar and Raduta (as shown above). *Cf. N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983) (collecting cases) ("vague, conclusory, and general" pleadings should be dismissed). Given Waymo's judicial

1 admission that there can be no trade secrets liability based on the conduct of Kshirsagar and
2 Raduta, only claims based on Levandowski's downloading remain. It would be highly prejudicial
3 and unfair to Uber for Waymo to be permitted to present evidence that is not fairly within the
4 allegations of the First Amended Complaint.

5 Waymo counsel's reliance on the fact that "discovery is ongoing" does not permit Waymo
6 to present non-Levandowski evidence to the jury. "District courts need not condone the use of
7 discovery to engage in fishing expeditions." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir.
8 2004) (citation and quotation marks omitted); *Quiroz v. Praetorian Ins. Co.*, 2014 WL 3845418,
9 at *2 (N.D. Cal. Aug. 5, 2014) ("[D]iscovery cannot be used as a fishing expedition for evidence
10 of claims that have not been asserted."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th
11 Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the
12 evidence it needs to adduce in order to defend against the plaintiff's allegations."). If Waymo
13 unearthed plausible evidence of conduct of former Waymo employees other than Levandowski
14 during the three months of expedited discovery, it had the opportunity to incorporate that theory
15 and evidence by amending its First Amended Complaint, and it did not do so. The individual that
16 Waymo's counsel alluded to at the June 29 hearing has been deposed three times, all of which
17 occurred before the June 22 deadline to amend. (*See generally* Pennecot Deps. (4/20/2017;
18 6/14/2017; 6/16/2017).) Especially where Waymo is the party that insisted on an October trial, its
19 failure to amend the First Amended Complaint dooms any attempt to present non-Levandowski
20 conduct to the jury. *Cf. Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)
21 ("Disregard of [a scheduling] order would undermine the court's ability to control its docket,
22 disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.").

## **CONCLUSION**

24 For the foregoing reasons, the Court should exclude evidence of Kshirsagar's and
25 Raduta's conduct, as well as evidence concerning downloading, possession, use, or related
26 conduct, including any evidence about alleged trade secrets in a former Waymo employee's head,
27 by any former Google (or Waymo) employee other than Levandowski.
28

Dated: July 17, 2017

MORRISON & FOERSTER LLP
BOIES SCHILLER FLEXNER LLP

By:   */s/ Karen L. Dunn*
     KAREN L. DUNN

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and
OTTOMOTTO LLC