MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:    202.237.2727
Facsimile:    202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                    Defendant. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSE TO NON-PARTY LYFT, INC.'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge:   The Honorable William Alsup<br><br>Trial Date: October 10, 2017 |

Pursuant to Civil L.R. 72-2 and this Court's Order on July 17, 2017 (Dkt. No. 884), Defendants Uber Technologies, Inc. and Ottomotto LLC (hereinafter "Uber") hereby file their response to Non-Party Lyft's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge (Dkt. No. 877).

Lyft is not a party to this litigation; nor is it subject to the disputed document requests which Uber served on Waymo. Lyft nonetheless seeks to object to Magistrate Judge Corley's order granting Uber's motion to compel responses by Waymo to those requests. Leaving aside whether Lyft has standing to object, Lyft's objections are based on new arguments that Lyft failed to present to Magistrate Judge Corley in response to Uber's motion to compel, and thus have been waived. Lyft's arguments are also inconsistent with the deference afforded to Magistrate Judge Corley's order, particularly where Magistrate Judge Corley had no reason to consider issues neither Waymo nor Lyft raised in the briefing on Uber's motion to compel.

Accordingly, Uber respectfully requests the Court deny Lyft's motion for relief.

## I.     BACKGROUND

Lyft is a ride-sharing company, and a competitor of Uber's. (Lyft Mot. for Relief, Dkt. No. 877 at 4.) In May 2017, while this litigation was pending, Lyft and Waymo entered into a deal to collaborate on self-driving cars. (*See id*. at 1.)

Uber served subpoenas on Lyft requesting the production of documents and a deposition regarding various aspects of the deal between Lyft and Waymo. (Luedtke Decl. in Supp. of Lyft Mot. to Quash, Exs. A-B, Dkt. 646-1.) On June 16, 2017, Lyft filed a motion to quash those subpoenas, arguing that Uber should not be permitted to discover commercially sensitive information from a non-party, and that Uber should instead seek such information from Waymo in the first instance, given the "overlapping" discovery requests Uber had served on Waymo. (Lyft Mot. to Quash, Dkt. No. 646 at 10.) After briefing on the motion to quash, Magistrate Corley granted Lyft's motion. (Order, Dkt. No. 832.)

As Lyft noted in its motion to quash, Uber served related discovery requests on Waymo requesting production of documents regarding the Waymo/Lyft deal. (Lyft Mot. to Quash, Dkt. No. 646 at 10.) In response, Waymo refused to produce documents for the following requests for

DEFS.' RESPONSE TO NON-PARTY LYFT, INC.'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER
Case No. 3:17-cv-00939-WHA
sd-703135

1

production:

- RFP 149: All agreements (including exhibits) with Lyft regarding autonomous vehicles, including the Waymo/Lyft deal;
- RFP 150: Any letter of intent or interest relating to the Waymo/Lyft deal;
- RFP 151: Any term sheet relating to the Waymo/Lyft deal;
- RFP 152: Any definitive agreement relating to the Waymo/Lyft deal;
- RFP 153: Any analysis or due diligence relating to the Waymo/Lyft deal;
- RFP 154: Documents sufficient to show the dates of the first ten communications between Waymo and Quinn relating to the Waymo/Lyft deal;
- RFP 155: Documents sufficient to identify all individuals at Waymo or Lyft who were responsible for negotiating or conducting due diligence relating to the Waymo/Lyft deal;
- RFP 156: Documents sufficient to identify the first date that Waymo began discussion of any potential merger or agreement with Lyft.

(Yang Decl. in Supp. of Defs. Mot. to Compel, Ex. 5, Dkt. No. 688-7 at 5-8.)

Uber filed a motion to compel responses from Waymo to these requests (and others). (Uber Mot. to Compel, Dkt. No. 687.) Waymo filed a brief opposing Uber's motion, but Lyft did not. (Waymo Opp'n, Dkt. No. 746.) Magistrate Judge Corley subsequently ruled that Waymo was required to respond to Uber's Request Nos. 149-153, and 156, but denied Uber's motion as to Request Nos. 154 and 155. (Order, Dkt. No. 832.) Magistrate Judge Corley's Order directed that "[t]he documents shall be produced on an outside attorneys' eyes only basis." (*Id*. at 3.)

Lyft now seeks to object to Magistrate Judge Corley's order requiring Waymo to respond to six discovery requests by producing documents that are in Waymo's possession or control.

## II.     LEGAL STANDARD

Review of a magistrate judge's order on non-dispositive issues is deferential. As this Court has held:

> [A] non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.' *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). In contrast to dispositive matters, orders of a magistrate judge on non-dispositive matters 'are not subject to de novo determination,' and '[t]he reviewing court may not simply substitute its judgment for that of the deciding court.' *Ibid.*

*Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 5024457, at *3 (N.D. Cal. Oct. 20, 2011) (Alsup, J.) (rejecting "argument that legal conclusions (as opposed to factual findings) in a non-dispositive pretrial order of a magistrate judge are reviewed *de novo*").

DEFS.' RESPONSE TO NON-PARTY LYFT, INC.'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER
Case No. 3:17-cv-00939-WHA
sd-703135

2

### III. ARGUMENT

Lyft effectively asks this Court (1) to permit Lyft to raise new arguments in opposition to Uber's motion to compel discovery from Waymo and (2) to ignore the deference due the Magistrate Judge's order. Neither is appropriate, and Lyft's objections should be denied.

#### A. Lyft does not have standing to object.

Lyft is not a party to this action, and never filed a brief in response to Uber's motion to compel Waymo, or otherwise formally sought to oppose the motion or intervene to protect any rights it might have. Because even a *party* may not raise new arguments in a motion for reconsideration of a magistrate judge's ruling, this Court should not consider any of Lyft's arguments in its motion for "relief" from an order to which it is not subject, arising from a motion to compel Waymo, on which Lyft did not formally weigh in before Magistrate Judge Corley. *United States v. Boyce*, No. CV 13-00601 MMM JEMx, 2014 WL 7507240, at *7 (C.D. Cal. May 2, 2014) (deeming arguments not made before the magistrate to be waived, and holding that "[p]arties must take before the magistrate, not only their best shot but all of their shots." (internal quotation marks omitted)); *cf. Herrera v. Gipson*, No. 2:12-CV-0508 KJM DAD P., 2014 WL 4230915, at *1 (E.D. Cal. Aug. 25, 2014) (citing standards of review under Fed. R. Civ. P. 72(a)).

Even in its briefing on its motion to quash Waymo's requests directed to Lyft, Lyft did not ask Magistrate Judge Corley to quash Uber's related requests to Waymo, despite noting that "Uber has served overlapping requests on Waymo." (Lyft Mot. to Quash, Dkt. No. 646 at 10.) While Lyft noted in passing that it objected to any discovery regarding the deal, Lyft's briefing focused on distinguishing itself from Waymo as a non-party. (*See e.g., id.* at 2 ("particularly for non-party discovery"); at 3 ("Lyft is a non-party who understands that it has not been identified in any party's disclosures").) Perhaps more importantly, Lyft argued that Uber should seek documents and information from Waymo instead of Lyft: "Uber could (and should) first seek that information from the actual parties to this litigation [i.e., Waymo]." (*Id.* at 4.)

Magistrate Judge Corley granted Lyft's motion, thereby denying all discovery Uber sought from Lyft. Uber thus now can only discover relevant documents and information from Waymo, as Magistrate Judge Corley effectively recognized in granting Uber's motion to compel

DEFS.' RESPONSE TO NON-PARTY LYFT, INC.'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER
Case No. 3:17-cv-00939-WHA
sd-703135

3

1  production of documents from Waymo. Lyft cannot seek "relief" from an order to which it is not
2  subject.
3       In addition, Lyft cannot have it both ways.  Having successfully argued that Uber should
4  seek the relevant documents and information from Waymo in the first instance, rather than Lyft,
5  Lyft should not be permitted now to oppose Uber's efforts to do so, particularly where Lyft failed
6  to raise objections to Uber's motion to compel documents from Waymo.

      **B.     Lyft's arguments are inconsistent with the standard of review.**

8       Leaving aside the impropriety of Lyft's filing, Lyft's new arguments regarding Uber's
9  motion to compel discovery from Waymo are inconsistent with the deference due the magistrate's
10  order and the relevant facts.
11       *First*, the Magistrate Judge did not apply the incorrect standard when reviewing Uber's
12  discovery requests.  While Lyft asserts that the Magistrate Judge was required to make express
13  findings regarding whether the production of documents regarding the Waymo/Lyft deal is
14  "necessary," neither Waymo nor Lyft raised that issue with Magistrate Judge Corley, and
15  Magistrate Judge Corley thus had no need to expressly address the issue.  Waymo instead
16  opposed production primarily on the basis of relevance, and Magistrate Judge Corley made clear
17  the relevance of the documents sought in granting Uber's motion.  Among other things,
18  Magistrate Judge Corley held that (1) Request Nos. 149 to 153 and 156 are relevant to Waymo's
19  claim of damages and to Waymo's request for permanent injunctive relief; and (2) Waymo and
20  Lyft "should have expected that [the deal] could become relevant" to this litigation because they
21  "entered into the deal in the midst of [this litigation.]"  (Order, Dkt. No. 832 at 3.)
22       Further, Magistrate Judge Corley's ruling was consistent with the relevant standard
23  regarding necessity.  In considering the requests as to Lyft, Magistrate Judge Corley quoted
24  applicable Ninth Circuit case law regarding the "'necessary' restriction" on document requests
25  aimed at commercially sensitive materials, noting that this restriction is "broader" for non-parties.
26  (Order at 4 (quoting *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980).)
27  Because Magistrate Judge Corley's order quashed all of Uber's requests to Lyft, the order
28  contemplated that information regarding the Waymo/Lyft deal would only be available via

DEFS.' RESPONSE TO NON-PARTY LYFT, INC.'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER
Case No. 3:17-cv-00939-WHA
sd-703135

4

discovery from Waymo. And on the issue of the related discovery from Waymo, Magistrate Judge Corley held that Uber is "entitled to develop [its] own defense to [Waymo's] claims for relief and need not rely solely on what [Waymo] contends is relevant," (*id.* at 3), thereby confirming that the information is necessary for Uber to prepare the case for trial. Further, Magistrate Judge Corley held that the "commercially sensitive" nature of the documents Uber seeks from Waymo does not make them non-discoverable, and additionally directed that "[t]he documents shall be produced on an outside attorneys' eyes only basis." (*Id.*) Magistrate Judge Corley's analysis thus properly addressed the relevant necessity and confidentiality concerns.

Contrary to Lyft's assertions, the fact that Waymo will respond to generalized requests regarding business plans does not make documents and information specific to the Lyft deal any less necessary for Uber's defense, let alone duplicative of those more general requests. As Uber explained in the briefing before Magistrate Judge Corley, documents and information specific to the Waymo/Lyft deal are particularly relevant given that the transaction aims to bolster Waymo's efforts to use self-driving technology to compete in the ride-sharing industry—a rationale that parallels Uber's acquisition of Ottomotto. Uber's requests regarding the Lyft deal cannot be unreasonably cumulative or duplicative when they are focused on a specific deal that is directly relevant to this litigation.

*Second*, Lyft has no basis to seek narrowing of requests to which it is not subject, and to which it failed to object previously. While Lyft stresses that it "has controlled [the information's] dissemination even within Lyft," (Lyft Mot. for Relief, Dkt. No. 877 at 4), the requests to which it now objects seek discovery from Waymo, of documents that Waymo created or that Lyft disclosed to Waymo, and thus are in Waymo's possession or control. Lyft has shared this purportedly sensitive information with Waymo, and the deal has been publicly announced while this lawsuit was pending. Whether Lyft has shared its business plans with its own employees has no bearing on Magistrate Judge Corley's finding that the information requested *from Waymo* is relevant and discoverable.

DEFS.' RESPONSE TO NON-PARTY LYFT, INC.'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER
Case No. 3:17-cv-00939-WHA
sd-703135

5

Dated: July 17, 2017                       MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
    ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

DEFS.' RESPONSE TO NON-PARTY LYFT, INC.'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER
Case No. 3:17-cv-00939-WHA
sd-703135

6