1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone:    415.268.7000
6  Facsimile:    415.268.7522

7  KAREN L. DUNN (Pro Hac Vice)
   kdunn@bsfllp.com
8  HAMISH P.M. HUME (Pro Hac Vice)
   hhume@bsfllp.com
9  BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
10 Washington, D.C. 20005
   Telephone:    202.237.2727
11 Facsimile:    202.237.6131

12 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
13 and OTTOMOTTO LLC

14            UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

16              SAN FRANCISCO DIVISION

17  WAYMO LLC,                          Case No.        3:17-cv-00939-WHA

18                Plaintiff,            **DEFENDANT UBER
                                        TECHNOLOGIES, INC.'S AND
19            v.                        OTTOMOTTO, LLC'S MOTION *IN
                                        LIMINE* 7 TO EXCLUDE EVIDENCE
20  UBER TECHNOLOGIES, INC.,            OR ARGUMENT REGARDING THE
    OTTOMOTTO LLC; OTTO TRUCKING LLC,   INDEMNIFICATION AGREEMENT**
21
                Defendants.            Judge: The Honorable William Alsup
22
                                       Trial Date: October 10, 2017
23

24

25

26

27

28

Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Uber") move *in limine* to exclude all evidence or arguments regarding Uber's indemnification obligations, including the Indemnification Agreement.

## INTRODUCTION AND FACTUAL BACKGROUND

Waymo intends to tell the jury that Uber knew or should have known Levandowski acquired trade secrets by improper means because Uber agreed to indemnify Ottomotto, Otto Trucking, Levandowski, and Lior Ron for trade secret misappropriation claims brought against them by former employers. This evidence is inadmissible. First, evidence of indemnification to prove liability is barred by Federal Rule of Evidence 411. Second, such evidence is irrelevant under Rules 401 and 402. Third, it also should be excluded under Rule 403. Finally, and at the very least, certain evidence that Waymo has relied upon to date is inadmissible parol evidence that is directly contrary to the terms of the Indemnification Agreement.

On April 11, 2016, Uber entered into an Indemnification Agreement (Dkt. 790-2) with Ottomotto, Otto Trucking, Levandowski, and Ron. Waymo intends to present evidence of the negotiation and terms of this Indemnification Agreement to show that Uber had knowledge Levandowski wrongfully acquired Waymo's trade secrets. (Dkt. 756 at 10-11.) Waymo cites to a number of documents and deposition transcripts for this purpose, including a February 5, 2016 email (Dkt. 855-8), purportedly as evidence that Uber agreed to indemnify Levandowski for "downloading of files" from Google.  (Dkt. 756 at 10-11.)

## ARGUMENT

### I.      The Indemnification Agreement Is Inadmissible Under Rule 411.

Rule 411 prohibits the admission of evidence of insurance to prove whether a party "acted negligently or otherwise wrongfully." This rule requires all evidence of the Indemnification Agreement to be excluded. *See In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1014 (9th Cir. 2008) (affirming exclusion of indemnification evidence between defendant and third party); *In re Gabapentin Patent Litig.*, MDL No. 1384, 2011 WL 1807448, at *9 n.33 (D.N.J. 2011) ("Indemnification agreements are treated like liability insurance under Rule 411.") (citing *In re Hanford*, 534 F.3d at 1014); Fed. R. Evid. 411, 1972 adv. comm. notes ("The courts have with

1    substantial unanimity rejected evidence of liability insurance for the purpose of proving fault.").

2        The only purpose for which Waymo seeks to present such evidence is to argue that Uber

3    knew or should have known Levandowski improperly downloaded Waymo documents. This

4    evidence and argument, however, are precisely what Rule 411 prohibits. *See In re Hanford*, 534

5    F.3d at 1014. In *Curtis Manufacturing Co. v. Plasti-Clip Corp.*, 933 F. Supp. 94, 100 (D.N.H.

6    1995), a co-defendant in a patent infringement and trade secret action sought to exclude evidence

7    of an indemnification between him and other co-defendants. The plaintiff opposed the motion,

8    arguing the indemnification agreement was relevant "to the determination of whether [co-

9    defendant's] acts of infringement and misappropriation were willful and deliberate." *Id*. The trial

10   court rejected this argument under Rule 411. *Id*. at 100-01; *see also Brooks v. Solis*, 2017 WL

11   2908767, at *3 (N.D. Ill. July 7, 2017) (excluding evidence of indemnification under Rule 411

12   because "the probative link between the city's indemnification obligations and whether Officers

13   Solis and Spain acted wrongfully is too tenuous to be relevant"). The same is true here. There is

14   no permissible basis for referencing the Indemnification Agreement among Uber, Otto Trucking,

15   Levandowski and Ron at trial and it should be excluded under Rule 411.

16

17   **II.    Evidence and Argument Concerning Indemnification Should Be Excluded Pursuant to Rules 401 and 402.**

18       Evidence of the Indemnification Agreement and its negotiations is also irrelevant. The

19   Indemnification Agreement does not make any fact of consequence "more or less probable." Fed.

20   R. Evid. 401(a). The purpose of an indemnity contract is to create certainty by addressing what

21   will happen in the face of potential future events that otherwise create uncertainty, such as a

22   possible lawsuit. *See In re St. Mary Hosp.*, 155 B.R. 345, 349 (E.D. Pa. 1993) ("The future is

23   always unknowable with certainty. Contracts are made to attempt to create certainty in light of

24   this."). The Indemnification Agreement allocates risk in the face of future litigation; that says

25   nothing about Uber's knowledge of any alleged wrongdoing by Levandowski. Waymo's

26   argument is that Uber must have had actual or constructive knowledge of Levandowski's

27   improper downloads simply because Uber agreed to indemnify Levandowski—that speculation

28   rests on a "probative link . . . too tenuous to be relevant." *Brooks*, 2017 WL 2908767, at *3; *see*

*also Marlow LLC v. BellSouth Telecomm., Inc.*, 2013 WL 1752384, at *1 (S.D. Miss. Apr. 23, 2013) ("The Court fails to discern how the existence of an indemnification agreement between [defendant] and a third party would make any fact for the jury's consideration 'more or less probable than it would be without the evidence.'"); *Lectec Corp. v. Chattem, Inc.*, 2011 WL 13086026, at *3 (E.D. Tex. Jan. 4, 2011) (granting motion *in limine* to exclude evidence of indemnification where defendant argued "indemnity relationships are irrelevant to patent infringement").

Further, evidence of Uber's negotiations with Levandowski over the Indemnification Agreement's terms is even less relevant. Waymo wants to show the jury a February 5, 2016 email listing "downloading of files" as an act potentially subject to indemnity to suggest Uber was aware of such "downloading." To the extent negotiations preceded the diligence process, they do not show whether Uber knew or should have known that Levandowski purportedly acquired Waymo trade secrets by improper means, or engaged in "downloading of files." Additionally, negotiation of the Indemnification Agreement's terms while the diligence was ongoing does not show what Uber knew or should have known.

## III.   Evidence and Argument Concerning Indemnification Should Be Excluded Pursuant to Rule 403.

Evidence and argument concerning indemnification should be excluded under Rule 403. First, Uber would be unfairly prejudiced by the introduction of this evidence because its only purpose is to unfairly suggest to the jury that Uber is liable for trade secret misappropriation simply because it entered into the Indemnification Agreement. *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1190 (9th Cir. 1995), *as amended on denial of reh'g and reh'g en banc* (Dec. 29, 1995) (excluding evidence of indemnification under Rule 403 where party offered it to show the indemnitor "ratified" the indemnitee's "illegal conduct"); *Murphy v. Gilman*, 2006 WL 3613754, at *3 (W.D. Mich. Dec. 11, 2006) (excluding evidence of indemnification under Rule 403 (as well as Rule 411) because such evidence "might influence a jury to punish" the indemnitor "for the conduct of the" indemnitee); *Brooks*, 2017 WL 2908767, at *3 (excluding evidence of indemnity as unduly prejudicial and under Rule 411). At the very least, Waymo should be

precluded from relying on the February 5, 2016 email to argue that Uber knew or should have known of Levandowski's improper downloading or that Uber agreed to indemnify Levandowski for "downloading of files."

Second, such evidence would mislead and confuse the jury. Levandowski is not a defendant, and Uber is not indemnifying him for any trade secret misappropriation claim brought by Waymo or Google. In fact, Waymo has explicitly *not sued* Levandowski in this litigation or brought trade secret misappropriation claims against him in the arbitrations, and has represented to the Court it will not do so. (4/27/17 Hr'g Tr. 11:9-12:1 ("We have no intention of having some parallel proceeding where we allege the same claims against Levandowski.").) Similarly, introducing evidence of Uber's indemnification of Otto Trucking, a co-defendant, would also confuse the issues for the jury. Otto Trucking is a separate entity with separate ownership. Its liability, if any, does not depend in any way on Uber's indemnification of it, and Uber's indemnification of Otto Trucking is subject to the terms and conditions of that Agreement. Explaining whether Uber is ultimately required to indemnify Otto Trucking would confuse the jury. *Moore v. Hartman*, 102 F. Supp. 3d 35, 139 (D.D.C. 2015) ("To ensure fairness, the parties would have needed to present evidence regarding the likelihood of indemnification—a distraction that might have misled the jury regarding the actual issue in the case regarding the defendants' liability.").

Finally, allowing Waymo to introduce this evidence will require significant explanation of the Agreement's history, scope, terms, and interpretation—resulting in a mini-trial just to explain these issues. See Holland v. City of San Francisco, 2013 WL 1632661, at *3 (N.D. Cal. Apr. 16, 2013) (relying on Rule 403 to exclude evidence that would require a "mini trial . . . to provide sufficient proof for the jury . . . ."); Moore, 102 F. Supp. 3d at 139 (excluding evidence of indemnification because it "would have resulted in a lengthy and prejudicial evidentiary excursion into a collateral issue," including requiring the presentation of evidence "of whether the defendants would in fact be indemnified in the present dispute").

1

2

**IV.    Extrinsic Evidence of the Indemnification Agreement's Terms Is Inadmissible Under The Parol Evidence Rule.**

3

4

5

If the Court permits evidence of the Indemnification Agreement (and it should not), the parol evidence Waymo intends to present about the terms of that agreement—such as the February 5, 2016 email (Dkt. 855-8)—should still be excluded.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

The parol evidence rule "generally prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter, or add to the terms of an integrated written instrument." *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 343 (Cal. 2004); *see also* Cal. Civ. Proc. § 1856(a); Cal. Civ. Code § 1625. When a contract is also intended to be "a complete and exclusive statement of the terms of the agreement," it may not be "explained or supplemented by evidence outside of the writing" even of "consistent additional terms." Cal. Civ. Proc. § 1856(b). The Indemnification Agreement contains a complete integration clause, Dkt. 790-2 at 11, § 3.4, and the existence of an integration clause "has been held conclusive on the issue of integration, so that parol evidence to show that the parties did not intend the writing to constitute the sole agreement will be excluded." *Grey v. Am. Mgmt. Servs.*, 204 Cal. App. 4th 803, 807 (Cal. Ct. App. 2012). The rule "applies against non-contracting third parties," *Sussex Fin. Enters., Inc. v. Bayerische Hypo-Und Vereinsbank AG*, 460 F. App'x 709, 711 (9th Cir. 2011), and applies whenever a contract's terms are at issue, even if no breach of contract claim is alleged, *see Thermech Eng'g Corp. v. Abbott Labs.*, No. G030381, 2003 WL 23018553, at *8 (Cal. Ct. App. Dec. 22, 2003) (applying parol evidence rule in trade secret case); *TK Prod., LLC v. Buckley*, No. 3:16-CV-803-SI, 2016 WL 7013470, at *5 (D. Or. Nov. 29, 2016) (same). Application of this rule would not, however, preclude Uber from explaining why it entered into this agreement. *See* Cal. Civ. Code § 1647 ("A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates.").

25

26

27

28

Evidence of "indemnity discussion[s]" and any "agree[ment] to indemnify Levandowski for 'downloading of files of [Google]'" (Dkt. 754-3 at 10, 11), is entirely outside the Indemnification Agreement and contradicts its plain terms, which limit indemnification to legal claims brought by former employers arising out of alleged "infringement (direct or indirect) or

1   misappropriation . . . of any intellectual property, including any patents, copyrights, trademarks,

2   or trade secrets" of the former employer, provided that the alleged misconduct was truthfully

3   disclosed to Uber during the due diligence process and occurred prior to the signing of the Merger

4   Agreement. Dkt. 790-2 at 5, §§ 2.1(a), (b)(ii). Nowhere in the Agreement does Uber agree to

5   indemnify anyone for "downloading of files," as such and without more, from Google. Any

6   testimony or evidence Waymo seeks to present regarding any "downloading of files" is "legally

7   irrelevant" to the fully integrated contract and must be excluded, even if such evidence were

8   consistent with its written terms (which it is not). *See EPA Real Estate P'ship v. Kang*, 12 Cal.

9   App. 4th 171, 175 (Cal. Ct. App. 1992) (excluding parol evidence on motion *in limine*);

10  *Openwave Sys., Inc. v. Myriad France S.A.S.*, No. C 10-02805 WHA, 2011 WL 3664688, at *1

11  (N.D. Cal. Aug. 19, 2011) (same).

12      Nor does the Indemnification Agreement contain a "critical ambiguity" that can be

13  resolved only by application of extrinsic evidence. *See Everett Assocs., Inc. v. Transcon. Ins. Co.*,

14  35 F. App'x 450, 451 (9th Cir. 2002) ("Ambiguity is not determined in the abstract," but rather

15  "in the context of (1) the language of the [contract], (2) the general circumstances of th[e]

16  particular case and (3) common sense"). There is no ambiguity in the language that Uber would

17  indemnify for trade secret misappropriation and patent, copyright, and trademark infringement

18  claims brought by a former employer. Dkt. 790-2 at 5 § 2.1(a). Any interpretation of the language

19  of the indemnification provision to include "downloading of files" as such and without more is

20  not one to which it is "fairly susceptible." *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage &*

21  *Rigging Co., Inc.*, 69 Cal. 2d 33, 40 (Cal. 1968).

22                                  **CONCLUSION**

23      Uber respectfully requests that the Court exclude evidence of the Indemnification

24  Agreement and its negotiations, terms, scope, and existence under Rules 411, 401, 402, and 403.

25  In the alternative, Uber requests the Court exclude parol evidence Waymo intends to rely on to

26  vary the Agreement's terms.

27

28

1    Dated: July 17, 2017                    MORRISON & FOERSTER LLP
                                             BOIES SCHILLER FLEXNER LLP
2

3                                            By:  */s/ Karen L. Dunn*
                                                  KAREN L. DUNN
4

5                                            Attorneys for Defendants
                                             UBER TECHNOLOGIES, INC. and
6                                            OTTOMOTTO LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION *IN LIMINE* NO. 7
CASE NO. 3:17-CV-00939-WHA