UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>  Defendants. | Case No. 17-cv-00939-WHA  (JSC)<br><br>**ORDER RE: UBER'S MOTION TO COMPEL WAYMO**<br><br>Re: Dkt. Nos. 867 & 868 |

Now pending before the Court is Uber's motion to compel documents from Waymo. (Dkt. No. 868.)

**A.   Waymo Trade Secret Safeguards**

1.   *RFP 119:* Uber's request for any confidentiality/non-disclosure agreements is GRANTED. Waymo's assertion that it would never disclose trade secrets to its vendors without such an agreement is not evidence that it in fact did so. If it did so it must produce the agreements. It can redact any third party confidential information in the agreements as such information is not relevant. The request is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

2.   *RFP 46:* Uber's request for Waymo's "collection, analysis, review, or findings related to computers" of departed employees is GRANTED IN PART. Waymo shall respond with respect to any self-driving vehicle employees who departed Waymo or its predecessor from October 2015 through December 2016, and the request is limited to documents reflecting a review for misappropriation of trade secrets.

3.   *RFP Nos. 63, 66, 121, 122*:

Uber's motion to compel responses to request no. 63 is DENIED.

Uber's motion to compel responses to request no. 66 is GRANTED.

Uber's motion to compel responses to request no. 121 is GRANTED in part. Waymo shall produce any such analysis for the year preceding Mr. Levandowski's departure from Waymo. Waymo may not refuse to produce the responsive analysis merely because it encompasses a longer period of time.

Uber's motion to compel further responses to request no. 122 is DENIED. Uber does not even acknowledge the affected employees' privacy interest in their personnel files and has not demonstrated any relevance of the files, especially in light of its other requests.

**B.  Levandowski Investigation**

Uber's request no. 53 seeks all documents relating to "when" Waymo began investigating Levandowski's potential trade secret misappropriation. Uber claims that responsive documents would include "non-privileged documents communications discussing *why* Waymo did not investigate Levandowski." (Dkt. No. 868 at 4 (emphasis added).) But that is not the request that Uber made. Uber's request is DENIED.

**C.  Exclusion of Google and Alphabet**

Uber's objection is overruled without prejudice to Uber first meeting and conferring with Waymo and then, after exhausting efforts through the Special Master, addressing specific document requests and why Uber's search was not sufficient for a particular request and Uber's reasonable proposal. For example, it would not be reasonable for Uber to insist that Waymo conduct a search involving every single Google engineer for the past seven years.

**CONCLUSION**

Waymo shall produce documents in accordance with this Order on or before July 21, 2017. Uber's administrative motion to seal (Dkt. no. 867) is GRANTED.

This Order disposes of Docket Nos. 867 and 868.

**IT IS SO ORDERED.**

Dated: July 17, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2