Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.: +1 213 426 2500
Fax.: + 1 213 623 1673

Attorneys for Defendant
Otto Trucking LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**OTTO TRUCKING LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER RE:WAYMO'S MOTION TO COMPEL OF MAGISTRATE JUDGE (DKT. 881)**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Courtroom:   8, 19th Floor<br>Judge:           Honorable William Alsup<br>Trial Date:    October 10, 2017<br><br>Filed/Lodged Concurrently with:<br>1. [Proposed] Order Granting Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge |

Otto Trucking LLC ("Otto Trucking") objects and moves to vacate Judge Corley's July 12, 2017 Order re: Waymo's Motion to Compel (Dkt. 881) to the extent that it granted Waymo's request to compel Otto Trucking to produce documents outside its possession, custody, or control. *Id.* at 4 ln.15-27. Incorrectly stating that Otto Trucking had cited no cases to support its position, Judge Corley ordered Otto Trucking to search the personal emails of its officers to find documents responsive to Plaintiffs requests. The law is clear that a company does not have control over the personal emails of non-parties absent a contract permitting access to those emails. *See Matthew Enterprise, Inc. v. Chrysler Group LLC*, No. 13-CV-04236-BLF, 2015 WL 8482256, at *4 (N.D. Cal. Dec. 10, 2015) (Grewal, J.). No such contract exists here, and thus, Otto Trucking should not be compelled to collect and search the personal emails of its non-party officers. Instead, Waymo can seek those documents (as it already has in some instances) directly from the individuals.

**I.     OTTO TRUCKING IS NOT OBLIGATED TO PRODUCE EMAILS FROM PERSONAL EMAIL MAILBOXES OF OTTO TRUCKING MEMBERS.**

As the Court is aware, Otto Trucking is a limited liability company that is separate from Uber and Ottomotto. It is a holding company with a subsidiary named Otto Transport ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Dkt. 843-8, Otto Trucking Response to Interrogatory No. 24. It does not develop or conduct any work relating to self-driving vehicles, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* Otto Trucking has four officers: Anthony Levandowski, Managing Member and Executive Chairman; Lior Ron, Managing Member, Chief Executive Officer, and General Manager; Adam Bentley, General Counsel; and Rhian Morgan, Secretary. *See* Dkt. 747, Ex. 1, Declaration of Lior Ron; Dkt. 804-2 (Otto Trucking LLC Agreement). Otto Trucking has no employees or consultants or operations, and does not have networks, servers, or email systems. *See* Dkt. 747, Ex.1. Because Otto Trucking has no operations, few emails or documents have been generated as part of its business. To date, Otto Trucking has produced the entirety of its data room from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the documents in its possession, custody, or control that are responsive to Waymo's requests. Otto Trucking has

1  resolved nearly all issues raised by Waymo and has even produced responsive documents from its
2  wholly owned subsidiary, Otto Transport.
3        Here, Waymo incorrectly believes Otto Trucking can search the personal emails of its
4  officers.  These are not emails on an Otto Trucking email address, an Otto Trucking email
5  account, or any Otto Trucking server (because Otto Trucking has no servers).  This motion to
6  compel was made despite the fact that Waymo could subpoena, and indeed has subpoenaed, the
7  production of documents relevant to this case from the non-party officers directly.  Otto Trucking
8  cited to two highly relevant cases in this District that have held that a company does not have
9  control over personal email absent a contract providing a legal right to access those personal email
10 accounts.  *See Matthew Enterprise,* 2015 WL 8482256, at *4; *Ubiquiti Networks, Inc. v. Kozumi*
11 *USA Corp.*, No. 12-cv-2582 CW JSC, 2013 WL 1767960, at *1-2 (N.D. Cal. Apr. 15, 2013).
12 Claiming that Otto Trucking had cited "inapposite cases," Judge Corley granted the motion and
13 ordered Otto Trucking to explore the private emails of several members.  Judge Corley's ruling
14 was error.

15 **II.  JUDGE CORLEY INCORRECTLY ORDERED OTTO TRUCKING TO PRODUCE DOCUMENTS FROM THE PERSONAL EMAILS OF ITS OFFICERS**
16

17       Judge Corley ordered Otto Trucking to produce documents from the personal emails of
18 Lior Ron, Adam Bentley, and Rhian Morgan because (i) they conducted company business from
19 their personal email; (ii) they are currently involved in the company; and (iii) Otto Trucking cited
20 to inapposite cases because the cases concerned the emails of employees and consultants, and not
21 officers.  *See* Dkt. 881 at 3.  Judge Corley was wrong to describe the cases cited as "inapposite."
22       The cases cited by Otto Trucking make clear that, absent a contractual obligation, a
23 corporate entity cannot force production of personal emails.  In *Matthew Enterprises*, the question
24 before the court was whether plaintiff was required to produce business-related documents and
25 emails that were only located in the personal emails of its current employees.  *See id.* at 2015 WL
26 8482256 at *3.  Plaintiff did not furnish all of its employees with email accounts, and as such,
27 many of the employees used their personal accounts for business purposes.  *Id.*  Despite company
28 business being clearly contained in the personal emails of the employees, the court held that

ACTIVE/91863680.3      2
OTTO TRUCKING LLC'S MOTION FOR RELIEF FROM ORDER RE:WAYMO'S MOTION
TO COMPEL (DKT. 881)        CASE NO. 3:17-CV-00939-WHA

1  plaintiff did not have control over its employees personal emails such that the company could be
2  compelled to produce documents from those emails. *Id*. at *4.  Although a company policy
3  required that "internal information" be kept in the sole possession of plaintiff and the employee
4  handbook required employees to return company information upon request, because the policy
5  was not a contract and the employee handbooks were not signed by employees, there was no
6  contract that would "create a legal right for [plaintiff] to take back any such information stored in
7  personal accounts." *Id*. (citing to *In re Citric Acid Litig*., 191 F.3d 1090, 1107 (9th Cir. 1999)).
8       *Ubiquiti Networks* similarly held that a company cannot be compelled to produce
9  responsive documents found in the personal email of one of its current consultants.  *Id.* at 2013
10 WL 1767960 at *2-3.  Though the consultant used both his company email and personal email to
11 conduct company business, "Plaintiff has not cited any authority for the proposition that it can
12 order Defendants' to obtain access to [the consultant's] personal gmail account." *Id*.
13      These cases are directly on point.  Like plaintiff in *Matthew Enterprises*, although Otto
14 Trucking has permitted its current managing members and officers to conduct the limited Otto
15 Trucking business using their personal email, there is no contract that requires these non-parties to
16 provide Otto Trucking with access to their personal emails.  The fact that there may be some
17 responsive documents in these personal emails is not dispositive as the question at hand is about
18 control, not relevance.  Indeed, both *Matthew Enterprises* and *Ubiquiti Networks* concerned
19 personal emails that contained company documents and yet the courts still found that the
20 companies could not be compelled to produce documents from the nonparties' personal emails.
21      The only distinction between Otto Trucking and the cases it cited, as noted by Judge
22 Corley's order, is that the cases dealt with employees and not officers.  But there is no legal basis
23 to make a distinction between officers and employees in this context.  In *Matthew Enterprises*, the
24 Court considered an out of district case that implied that a company had control over the personal
25 email accounts of its officers, and rejected it because the court's implied finding of control did not
26 accord with the law of the Ninth Circuit.  *Id.* at *4 n.44 (distinguishing *P.R. Tel. Co., Inc. v. San*
27 *Joan Cable, LLC*, Case No. 11-cv-2135, 2013 WL 5533711, at *1 ( D.P.R. Oct. 7, 2013).  Waymo
28 cited to no case that supports the proposition that employees and officers should be treated

ACTIVE/91863680.3                  3
OTTO TRUCKING LLC'S MOTION FOR RELIEF FROM ORDER RE:WAYMO'S MOTION
TO COMPEL (DKT. 881)                                CASE NO. 3:17-CV-00939-WHA

1  differently with respect to control over personal email.

2  In addition, in *Miniace v. Pacific Maritime, Ass'n*, No. C 04-03506 SI, 2006 WL 335389, at *2 (N.D. Cal. Feb. 13, 2006), the only case from this district cited by Waymo for this issue, the court required a corporation to obtain documents from its non-party directors because the corporation had the ability to remove a director from its board, thus demonstrating a termination power similar to that over an employee. *See id.* at *2. No similar termination power exists here. If anything, under *Miniace*, Otto Trucking has less control over its officers than the *Miniace* corporation had over its directors and employees. *See id.* ("The determination [of control] is fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document."). As a limited liability company, Otto Trucking does not have a board of directors and ▌ ▌. *See* Dkt. 804-2 (Otto Trucking LLC Limited Liability Company Agreement). Furthermore, ▌ ▌ The individuals whose emails are sought exercise control over Otto Trucking—not the other way around.[1]

By ruling in Waymo's favor, Judge Corley ignored the cases from this district that are

---

[1] Plaintiffs other cases are from outside this jurisdiction and should be disregarded. In addition, they are distinguishable. *Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555 (S.D.N.Y 1994) concerns discreet tapes, which are distinct from requiring a non-party to hand over their entire personal email for searching, and like *Miniace*, ▌ ▌. *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420 (1997) acknowledges that while a corporation can request the cooperation of former employees who are still receiving some economic benefit from the corporation, those former employees may still chose to decline. *See id.* at 423. In the Ninth Circuit, the ability of non-party to not cooperate with a company's request is clear evidence of the absence of control. *See In re Citric Acid*, 191 F.3d at 1108 ("Ordering a party to produce documents that it does not have the legal right to obtain will oftentimes be futile, precisely because the party has no certain way of getting those documents."); *Matthew Enterprises*, 2015 WL 8482256 at *4; *Ubiquiti*, 2013 WL 1767960 at *2.

1  directly on point and shifted Waymo's burden of showing that Otto Trucking has control over

2  these personal emails to Otto Trucking to show that it does not have control.  *See e.g. U.S. v. Int'l*

3  *Union of Petroleum & Indus. Workers*, 870 F.2d, 1450, 1452 (9th Cir. 1989) (The party seeking

4  production of the documents bears the burden of proving that the opposing party has such control).

5        The Court should follow *Matthew Enterprises* and *Ubiquiti* and determine that Otto

6  Trucking does not have control over the personal emails of Lior Ron, Adam Bentley, and Rhian

7  Morgan such that it can be compelled to produce documents from those accounts.

8  **III.   WAYMO CAN OBTAIN THE REQUESTED DOCUMENTS FROM THE NONPARTIES UNDER RULE 45**

9

10        Contrary to Judge Corley's concern, Otto Trucking is not seeking to hide responsive

11  documents.  Otto Trucking contends that the proper mechanism for obtaining documents from

12  non-parties is via the subpoena power—which Waymo already has exercised in this case to

13  request the same documents it seeks from Otto Trucking.  Recognizing the third party status of

14  Otto Trucking's officers, Waymo has already subpoenaed emails from Lior Ron, and counsel for

15  Mr. Ron has responded to that subpoena.  Waymo can similarly subpoena emails and documents

16  from the personal emails of Adam Bentley and Rhian Morgan.  Where documents are in the

17  possession of a non-party, the court should direct the requesting party to seek the documents from

18  that non-party instead of a party to the action.  *See* Fed R. Civ. Proc. 34(c); 45; *Flores v. DDJ,*

19  *Inc.*, No. CV-F-99-5878AWIDLB, 2008 WL 598166, at *2 (E.D. Cal. Mar. 4, 2008) (denying

20  motion to compel production of documents from defendants' officers under Rule 34, as the

21  "proper device for obtaining discovery from non-parties is a Rule 45 subpoena"); *E.W. v. Moody*,

22  No. C06-5253 FDB, 2007 WL 445962, at *4 (W.D. Wash. Feb. 7, 2007) (directing Plaintiff to use

23  Rule 45 to obtain non-privileged documents directly from defendant's non-party attorneys).

24  Waymo chose to sue Otto Trucking and it cannot be allowed to use party discovery to obtain

25  documents in the possession of non-party officers.

26  **IV.   CONCLUSION**

27        For the foregoing reasons, Otto Trucking asks that the Court grant this motion and sustain

28  Otto Trucking's objection to Judge Corley's order.

Dated: July 17, 2017                             Respectfully submitted,

By: /s/ Neel Chatterjee
    Neel Chatterjee
    *nchatterjee@goodwinlaw.com*
    **GOODWIN PROCTER LLP**
    135 Commonwealth Drive
    Menlo Park, California 94025
    Tel.: +1 650 752 3100
    Fax.: +1 650 853 1038

    Brett Schuman
    *bschuman@goodwinlaw.com*
    Shane Brun
    *sbrun@goodwinlaw.com*
    Rachel M. Walsh
    *rwalsh@goodwinlaw.com*
    Hayes P. Hyde
    *hhyde@goodwinlaw.com*
    **GOODWIN PROCTER LLP**
    Three Embarcadero Center
    San Francisco, California 94111
    Tel.: +1 415 733 6000
    Fax.: +1 415 677 9041

    Hong-An Vu
    *hvu@goodwinlaw.com*
    **GOODWIN PROCTER LLP**
    601 S. Figueroa Street, 41st Floor
    Los Angeles, CA  90017
    Tel.: + 1 213 426 2500
    Fax.: + 1 213 623 1673

*Attorneys for Defendant*
*Otto Trucking LLC*