MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:    202.237.2727
Facsimile:    202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendant. | Case No.    3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO, LLC'S MOTION FOR RELIEF FROM AND EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 881)**<br><br>Trial Date: October 10, 2017 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I.  INTRODUCTION

Waymo is still fishing. Despite extensive discovery and numerous inspections,[1] Waymo has yet to uncover any evidence that Uber used any of Waymo's alleged trade secrets, as the Court recently noted.[2] Waymo has also now dropped three of its four asserted patents. (Dkt. 841.) Attempting to forage in previously unexplored territory, Waymo has persuaded Judge Corley to broaden this case to non-LiDAR aspects of self-driving car technology, specifically, certain software modules unrelated to LiDAR. This software falls far outside the scope of the specific trade secrets included in Waymo's lengthy trade secrets list.

Uber thus requests relief from Judge Corley's July 12, 2017 Order ("Order") compelling production of non-LiDAR software modules. (Dkt. 881 at 2:6-10.)[3] The Order is contrary to law because it expands discovery beyond Waymo's list of asserted trade secrets under Cal. Civ. Proc. Code § 2019.210. The scope of Waymo's Cal. Civ. Proc. Code § 2019.210 disclosure should control the scope of discovery. To the extent the Order was based on a finding that non-LiDAR software was otherwise relevant to Waymo's asserted LiDAR software trade secret, it is also clearly erroneous.

Waymo has put this case on a "fast track" and has insisted on an October trial date.[4] The Court admonished Waymo to narrow its trade secrets claims, because the "harder you make it as plaintiff to get this case fairly prepared for trial," the "more pressure there is on that [trial] date."

---

[1] To date, Waymo has propounded 390 RFPs, propounded 43 ROGs, and taken 20 depositions, in addition to informal discovery requests propounded after inspections and elsewhere. Uber has produced to Waymo more than 26,000 documents, consisting of more than 86,000 pages. It has inspected Levandowski's workstation and Uber-issued phone and computer, along with the devices of Uber engineers involved in LiDAR. These inspections have spanned ten days and more than 56 hours and are ongoing

[2] 6/29/2017 Hr'g Tr. at 52:25-53-7 ("You've been given access to everything that is nonprivileged . . . , [a]nd you're having an extremely hard find time finding any of your trade secrets that ever got into their product.") (Dkt. 775.)

[3] Uber requests relief from one ruling in five lines from the July 12 Order and does not object to the other eight rulings with respect to Uber.

Uber furthermore requests an immediate stay of the Order, limited to production of the non-LiDAR software modules, pending a ruling on Uber's Motion for Relief. The Order requires Uber to produce the non-LiDAR software modules by July 18, 2017.

[4] 6/7/2017 Hr'g Tr. at 16:25-17:2 (The Court: "[Y]ou're the firm that said you wanted trial on October 2nd. Are you giving up on that?" Mr. Judah: "No.") (Dkt. 625.)

DEFENDANTS' MOTION FOR RELIEF FROM AND EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER (DKT. 881); Case No. 3:17-cv-00939-WHA
dc-891725

1

(6/7/2017 Hr'g Tr. at 51:23-52:13.) Waymo's case against Uber has focused entirely on alleged misappropriation of LiDAR-related trade secrets,[5] and the deadline to amend its complaint has passed. (Dkt. 25-7 at 32 (TS No. 50); Dkt. 563 ¶ 2.)

## II.     ARGUMENT

The July 12 Order found that the software modules at issue are responsive to Waymo's Expedited Request for Production No. 20, seeking: "All agreements and "software modules" identified in Sections 2.8, 2.10 and 2.15 of the OTTOMOTTO DISCLOSURE SCHEDULES." But, as Uber argued before Judge Corley, these non-LiDAR software modules are outside the scope of the asserted trade secrets identified in Waymo's Cal. Civ. Proc. Code § 2019.210 disclosure. (Dkt. 748-13 at 3.)

Cal. Civ. Proc. Code § 2019.210 requires plaintiff to identify the asserted trade secret with "reasonable particularity" before commencing discovery. As other Northern District courts have concluded, this "early identification of trade secrets, as required by the statute . . . prevents plaintiff from using the discovery process as a means to obtain the defendant's trade secrets; [and] *it frames the appropriate scope of discovery*." *Neothermia Corp. v. Rubicor Medical, Inc.*, 345 F. Supp. 2d 1042, 1044 (N.D. Cal. Nov. 15, 2014) (emphasis added); *see Via Techs., Inc. v. Asus Computer Int'l*, Case No. 14-cv-03586-BLF, 2016 WL 1056139, at *2 (N.D. Cal. Mar. 17, 2016) ("The scope of the Section 2019.210 disclosure controls the scope of discovery.").

In its list of 121 trade secrets, Waymo identified only one software-related trade secret— ▮▮▮▮▮▮▮▮▮▮▮▮. (*See* Dkt 25-7 at 32 (Jaffe Ex. 1, Trade Secret No. 50).) Uber and Ottomotto will produce for inspection ▮▮▮▮▮▮▮▮▮▮▮▮ if any exist. But the five software modules at issue (i.e., ▮▮▮▮▮▮

---

[5] (Dkt. No. 23 ¶ 2 ("Waymo experimented with, and ultimately developed, a number of different cost-effective and high-performing laser sensors known as LiDAR."); ¶ 3 ( "Otto and Uber are currently building and deploying (or intending to deploy) LiDAR systems (or system components) using Waymo's trade secret designs."); ¶ 4 ("[Mr. Levandowski] . . . attempt[ed] to erase any forensic fingerprints that would show what he did with Waymo's valuable LiDAR designs once they had been downloaded to his computer."); ¶ 11 ( "In light of Defendants' misappropriation and infringement of Waymo's LiDAR technology, Waymo brings this Complaint . . . ."); Dkt. 24 (Preliminary Injunction Motion).)

1 ▮▮▮▮▮) are source code for operating Uber's and Ottomotto's self-driving vehicles and ▮▮▮▮▮. (Dkt. 515-11 (Corporate Disclosures at Section 2.8).) Because the software modules do not relate to any of Waymo's 121 asserted trade secrets, they fall outside the scope of the expedited discovery afforded by the Court's preliminary injunction order.

Unable to show that any of these Ottomotto software modules are LiDAR-related or have any connection to its trade secret claims, Waymo argues that the software modules are nonetheless relevant because its Trade Secret No. 85 is a project spreadsheet that Anthony Levandowski allegedly downloaded, (i.e., ▮▮▮▮▮) that describes "software development goals, challenges, and accomplishments." (*See* Dkt. 682 at 4-5; Dkt 25-7 at 48-49 (Jaffe Ex. 1, Trade Secret No. 85); Dkt. 25-20 (Jaffe Ex.14), attached hereto as Ex. 1.) But the spreadsheet contains no software algorithms or source code, and mere summaries of "goals, challenges, and accomplishments" do not support expanded discovery. *See Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1115 (N.D. Cal 2016) (catch-all trade secret list identification of "Plaintiff's confidential information, including regarding problems experienced with certain tests" did not "clearly refer to tangible trade secret material").

Waymo also argues that the non-LiDAR software is relevant to Defendants' potential explanation that the Ottomotto software modules are "legitimate" assets that justify the potential value of the performance-based incentive stock options offered to Ottomotto employees in connection with the Ottomotto acquisition. (Dkt. 682 at 5.) But Waymo has not identified a single authority stating that trade secrets discovery can extend to technology outside the scope of its asserted trade secrets. Waymo has taken extensive discovery through inspections of Uber's LiDAR development (including inspections of source code for software related to Uber's LiDAR) and many depositions of Uber witnesses. Moreover, the document request at issue – Expedited Request for Documents No. 20 – is, as its title indicates, an expedited discovery request. The Court granted Waymo expedited document discovery "[w]ith respect to its trade secret misappropriation claims *only*," and not to some ephemeral explanation that Uber has no intention of offering in this case. (*See* Dkt. 426 at 25 (emphasis in original).)

DEFENDANTS' MOTION FOR RELIEF FROM AND EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER (DKT. 881); Case No. 3:17-cv-00939-WHA
dc-891725

3

### III. CONCLUSION

In sum, the July 12 Order is contrary to law because it expands the scope of discovery beyond the trade secrets identified by Waymo under Cal. Civ. Proc. Code § 2019.210. It is now only a month before the close of discovery and a few weeks before Waymo's August 1 deadline to *narrow* its claims to the "less than ten" trade secrets it will take to trial. (Dkt. 563 ¶ 10; Dkt. 647.) If Waymo wants to maintain its October 10 trial date, it should not be allowed to expand its trade secret claims beyond its required disclosures. Accordingly, Defendants' request for stay and motion for relief should be granted.

Dated: July 17, 2017                                MORRISON & FOERSTER LLP


                                                    By:   */s/ Arturo J. González*
                                                          ARTURO J. GONZÁLEZ

                                                          Attorneys for Defendants
                                                          UBER TECHNOLOGIES, INC.
                                                          and OTTOMOTTO LLC

DEFENDANTS' MOTION FOR RELIEF FROM AND EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER (DKT. 881); Case No. 3:17-cv-00939-WHA
dc-891725

4