QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>      vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 881)**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Judge: The Honorable William Alsup<br><br>Trial Date: October 10, 2017 |

1    Pursuant to Civil L.R. 72-2, Plaintiff Waymo objects to the Magistrate Judge's Order Re:

2   Waymo's Motion to Compel (Dkt. 881) (the "Order") insofar as it holds Otto Trucking is not

3   obligated to provide information and documents in the custody, control, or possession of Anthony

4   Levandowski, who is Otto Trucking's Executive Chairman, Managing Member, and ████████

5   ████████

6    Respectfully, the Court's reasoning for this holding, that "Mr. Levandowski has refused to

7   cooperate with any discovery in this matter on Fifth Amendment grounds" (*id.* at 3), was clear

8   error.  As this Court and many other courts have recognized, a corporation has no Fifth

9   Amendment privileges and may not withhold documents on that basis.[1]  Otto Trucking cited, and

10  the Order cites, no legal basis to excuse Otto Trucking from providing discovery just because the

11  person in charge of Otto Trucking, Mr. Levandowski, will not provide the information or

12  documents to allow Otto Trucking to comply.  Indeed, if this position were accepted, then any

13  corporate entity could avoid compliance with discovery simply stating that whoever is in charge

14  would not "allow" it to comply.  And while it is true that, as the Court found (*id.*), Waymo has

15  raised with Judge Alsup that Otto Trucking's failure and refusal to obtain information and

16  documents from Mr. Levandowski was a violation of this Court's **prior** orders, that should not be

17  a basis to excuse Otto Trucking from compliance with its discovery obligations.  In other words,

18  that Otto Trucking may likely violate the order should the Court grant Waymo's motion to compel

19  cannot be the basis to deny Waymo's motion.

20    For these reasons, Waymo respectfully requests that the Court grant its Motion for Relief.

21

22  DATED:  July 17, 2017                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

23                                           By  */s/ Charles K. Verhoeven*

24                                               Charles K. Verhoeven
                                                 Attorneys for WAYMO LLC

25

26

---

27  [1]   *See, e.g.*, Dkt. 131 at 12:6-11; *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 134 F. Supp. 3d

28  1199, 1201 (N.D. Cal. 2015); ("[Corporate Defendants] CMP and Biomax may not refuse to
    comply with discovery by invoking the Fifth Amendment.").