1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
   David A. Perlson (Bar No. 209502)
3   davidperlson@quinnemanuel.com
   Melissa Baily (Bar No. 237649)
4   melissabaily@quinnemanuel.com
   John Neukom (Bar No. 275887)
5   johnneukom@quinnemanuel.com
   Jordan Jaffe (Bar No. 254886)
6   jordanjaffe@quinnemanuel.com
   50 California Street, 22nd Floor
7  San Francisco, California 94111-4788
   Telephone:    (415) 875-6600
8  Facsimile:    (415) 875-6700

9  Attorneys for WAYMO LLC

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13  WAYMO LLC,                          CASE NO. 3:17-cv-00939

14         Plaintiff,                   **PLAINTIFF WAYMO LLC'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 881)**

15         vs.

16  UBER TECHNOLOGIES, INC.;
    OTTOMOTTO LLC; OTTO TRUCKING LLC,   **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**
17
           Defendants.                  Judge: The Honorable William Alsup
18
                                        Trial Date: October 10, 2017
19

01980-00104/9426760.1

1  Pursuant to Civil L.R. 72-2, Plaintiff Waymo objects to the Magistrate Judge's Order Re:
2  Waymo's Motion to Compel (Dkt. 881) (the "Order") insofar as it holds Otto Trucking is not
3  obligated to provide information and documents in the custody, control, or possession of Anthony
4  Levandowski, who is Otto Trucking's Executive Chairman, Managing Member, and ███
5  ███

6  Respectfully, the Court's reasoning for this holding, that "Mr. Levandowski has refused to
7  cooperate with any discovery in this matter on Fifth Amendment grounds" (*id.* at 3), was clear
8  error.  As this Court and many other courts have recognized, a corporation has no Fifth
9  Amendment privileges and may not withhold documents on that basis.[1]  Otto Trucking cited, and
10 the Order cites, no legal basis to excuse Otto Trucking from providing discovery just because the
11 person in charge of Otto Trucking, Mr. Levandowski, will not provide the information or
12 documents to allow Otto Trucking to comply.  Indeed, if this position were accepted, then any
13 corporate entity could avoid compliance with discovery simply stating that whoever is in charge
14 would not "allow" it to comply.  And while it is true that, as the Court found (*id.*), Waymo has
15 raised with Judge Alsup that Otto Trucking's failure and refusal to obtain information and
16 documents from Mr. Levandowski was a violation of this Court's **prior** orders, that should not be
17 a basis to excuse Otto Trucking from compliance with its discovery obligations.  In other words,
18 that Otto Trucking may likely violate the order should the Court grant Waymo's motion to compel
19 cannot be the basis to deny Waymo's motion.

20 For these reasons, Waymo respectfully requests that the Court grant its Motion for Relief.

22 DATED:  July 17, 2017                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

23                                          By */s/ Charles K. Verhoeven*
24                                             Charles K. Verhoeven
                                               Attorneys for WAYMO LLC

---

[1] *See*, *e.g.*, Dkt. 131 at 12:6-11; *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 134 F. Supp. 3d 1199, 1201 (N.D. Cal. 2015); ("[Corporate Defendants] CMP and Biomax may not refuse to comply with discovery by invoking the Fifth Amendment.").