1  Neel Chatterjee (SBN 173985)
   *nchatterjee@goodwinlaw.com*
2  **GOODWIN PROCTER** LLP
   135 Commonwealth Drive
3  Menlo Park, California 94025
   Tel.: +1 650 752 3100
4  Fax.: +1 650 853 1038

5  Brett Schuman (SBN 189247)
   *bschuman@goodwinlaw.com*
6  Rachel M. Walsh (SBN 250568)
   *rwalsh@goodwinlaw.com*
7  **GOODWIN PROCTER** LLP
   Three Embarcadero Center
8  San Francisco, California 94111
   Tel.: +1 415 733 6000
9  Fax.: +1 415 677 9041

10 Attorneys for Defendant
   Otto Trucking LLC

11

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14                **SAN FRANCISCO DIVISION**

15 | Waymo LLC, | Case No. 3:17-cv-00939 |
16 |       Plaintiff, | **DEFENDANT OTTO TRUCKING'S NOTICE OF MOTION AND MOTION** |
17 |    v. | **TO ENFORCE THE COURT'S JUNE 7, 2017 ORDER (DKT. 563) AND TO JOIN AND** |
18 | Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC, | **ADOPT CO-DEFENDANTS UBER TECHNOLOGIES, INC. AND** |
19 | | **OTTOMOTTO LLC'S MOTION TO** |
   |       Defendants. | **ENFORCE THE COURT'S JUNE 7, 2017** |
20 | | **ORDER (DKT. 563)** |

21 Date:            August 17, 2017
   Time:            8:00 a.m.
22 Courtroom:       8, 19th Floor
   Judge:           Honorable William Alsup
23 Trial Date:      October 10, 2017

24

25

26

27

28

---

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 17, 2017 at 8:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 8 before the Honorable William Alsup, Defendant Otto Trucking LLC ("Otto Trucking"), will and hereby does move the Court pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) and the Court's Case Management Order dated June 7, 2017, for an order striking Plaintiff Waymo LLC's Corrected Supplemental Initial Disclosures dated June 22, 2017, striking Waymo's Damages Contentions Pursuant to Patent Local Rule 3-8 dated June 26, 2017, precluding Plaintiff's damages claims, and precluding Plaintiff from presenting certain late-disclosed witnesses at trial.

Otto Trucking's motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the accompanying declaration and exhibits, the notice of motion, motion, accompanying declaration, and exhibits filed by Defendants Uber Technologies, Inc. and Ottomotto LLC on July 3, 2017, to which Otto Trucking joins and adopts, all documents in the Court's file, any matters of which this court may take judicial notice, and on such other written or oral argument that Otto Trucking may present to the Court.

Dated: July 7, 2017

Respectfully submitted,

By: /s/ Rachel M. Walsh
    Neel Chatterjee (SBN 173985)
    *nchatterjee@goodwinlaw.com*
    **GOODWIN PROCTER LLP**
    135 Commonwealth Drive
    Menlo Park, California 94025
    Tel.: +1 650 752 3100
    Fax.: +1 650 853 1038

    Rachel M. Walsh (SBN 250568)
    *rwalsh@goodwinlaw.com*
    Brett Schuman (SBN 189247)
    *bschuman@goodwinlaw.com*
    **GOODWIN PROCTER LLP**
    Three Embarcadero Center
    San Francisco, California 94111
    Tel.: +1 415 733 6000
    Fax.: +1 415 677 9041

    *Attorneys for Defendant*
    *Otto Trucking LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Waymo LLC ("Waymo") has had multiple opportunities to fulfill its obligation under Fed. R. Civ. P. 26 to disclose its damages case against Defendant Otto Trucking LLC ("Otto Trucking").  Each time, Waymo's disclosures fail to identify any damages it has suffered that could be attributable to Otto Trucking.  Therefore, its claims for damages against Otto Trucking should be stricken.

Defendants and Waymo first exchanged Rule 26 initial disclosures on April 3, 2017. Contrary to the requirements under Rule 26(a)(1)(A)(iii), Waymo's first initial disclosures did not include a computation of damages by category.  On June 7, 2017, the Court ordered the parties to complete their initial disclosures, including a categorical computation of damages, by June 21, 2017 "on pain of preclusion."  (Dkt. 563 at 1).  Waymo's June 21, 2017 supplemental disclosures were, once again, woefully inadequate.  *See* Declaration of Rachel M. Walsh ("Walsh Decl.") Ex. 4 (Plaintiff Waymo LLC's Supplemental Initial Disclosures) at 18.  Waymo's supplemental disclosures do not contain any description of any damages allegedly caused by Otto Trucking.  *Id.* Indeed, Waymo's supplemental disclosures failed to mention Otto Trucking at all, let alone disclose any computation of damages allegedly caused by Otto Trucking.  *Id.*

On June 26, 2017, Waymo had another opportunity to disclose a damages theory against Otto Trucking, but again failed to do so.  Waymo served its damages contentions under Patent Local Rule 3-8.  Walsh Decl. Ex. 5.  Based on the inadequacies of Waymo's disclosures that violate this Court's order, Otto Trucking moves the Court to enforce the June 7, 2017 order, strike Waymo's corrected supplemental initial disclosures, strike Waymo's Patent Local Rule 3-8 contentions, and preclude damages claims as to Otto Trucking.

Waymo has also played fast and loose with its disclosure of witnesses.  One day after supplemental initial disclosures were due, Waymo submitted a "corrected" supplemental disclosure that, as discussed in Co-Defendants' motion, improperly added an additional fourteen witnesses without seeking leave of Court or showing good cause.  (Dkt. 797, Pritt Decl. Ex. B).  These late-

1   added witnesses should be stricken, and Waymo should be precluded from presenting their

2   testimony at trial.

3   **II.   <u>ARGUMENT</u>**

4           Waymo has, for the third time, failed to disclose any damages allegedly caused by Otto

5   Trucking.  Despite numerous opportunities, and having been ordered by this Court to disclose its

6   damages pursuant to Rule 26 "on pain of preclusion," Waymo has each time failed to disclose any

7   damages allegedly caused by Otto Trucking.  (*See* Dkt. 563 at 1).  Nothing in any of Waymo's two

8   Rule 26 damages disclosures is specific to Otto Trucking.  Walsh Decl. Ex. 4 at 18.  Nor is anything

9   in Waymo's Patent Local Rule 3-8 damages disclosures specific to Otto Trucking.  Walsh Decl. Ex.

10  5.  Having failed to be in "full and faithful compliance with FRCP 26(a)(1)(A)(iii)," Patent Local

11  Rule 3-8, and the Court's June 7, 2017 order, Waymo should be precluded from seeking damages

12  against Otto Trucking.  (*See* Dkt. 563 at 1).

13          Nor can Waymo continue to obfuscate by collectively lumping all defendants together.  Otto

14  Trucking is a separate entity not owned by Uber or Ottomotto.  (*See* Dkt. 265 at 2; Dkt. 283 at 6).

15  Waymo has admitted that all of its claims stem from the alleged development of the Spider and Fuji

16  LiDAR systems.  (*See* Dkt. 688, Yang Decl. Ex. 6 at Nos. 1, 2).  But Otto Trucking has had no

17  involvement in research and development for the Spider or Fuji LiDAR systems.  *See* Walsh Decl.

18  Ex. 1 (Def. Otto Trucking LLC's Objections and Responses to Plaintiff Waymo LLC's First Set of

19  Expedited Interrogatories) at No. 7; Ex. 2 (Def. Otto Trucking LLC's Objections and Responses to

20  Plaintiff Waymo LLC's Third Set of Expedited Interrogatories) at Nos. 21-23, 28.  Though Otto

21  Trucking and its wholly-owned subsidiary, Otto Transport LLC, own and lease a small number of

22  tractor-trailers that have used LiDAR, these tractor-trailers used LiDAR provided by third parties

23  such as Velodyne.  Walsh Decl. Ex. 3 (Def. Otto Trucking LLC's Objections and Supplemental

24  Responses to Plaintiff Waymo LLC's Third Set of Expedited Interrogatories) at Nos. 24, 25.  Otto

25  Trucking does not develop its own LiDAR, nor does it use LiDAR systems developed by Uber or

26  Ottomotto.  Walsh Decl. Ex. 2 at Nos. 21-23, 28; Ex. 3 at Nos. 24, 25.  Waymo has not, and cannot,

27  point to any evidence that shows otherwise.

28

1   Accordingly, even if Waymo eventually makes adequate disclosures as to the other

2   defendants with respect to the Fuji and Spider LiDAR systems, those disclosures cannot apply to

3   Otto Trucking.

4   On July 3, 2017, Uber and Ottomotto filed a Motion to Enforce the Court's June 7, 2017

5   Order (Dkt. 563), To Strike Plaintiff Waymo LLC's Corrected Supplemental Initial Disclosures, and

6   to Preclude Damages Claims and Certain Witnesses. (Dkt. 797). The arguments and authorities in

7   Uber and Ottomotto's motion with respect to Waymo's inadequate damages disclosures apply

8   equally to Otto Trucking. Otto Trucking hereby joins and adopts the arguments, authorities,

9   contentions, exhibits, attachments and prayers set forth in Section I of Uber and Ottomotto's

10   Memorandum in support of its motion as if they were set forth herein in their entirety. For the

11   reasons set forth in Uber and Ottomotto's Motion, and for the additional reasons set forth above,

12   Otto Trucking moves for an order striking Waymo's corrected supplemental disclosures, striking

13   Waymo's Patent Local Rule 3-8 contentions, and precluding Waymo from attempting to introduce

14   any evidence of damages allegedly caused by Otto Trucking.

15
16   **III.   OTTO TRUCKING JOINS IN DEFENDANTS' MOTION TO ENFORCE COURT
         ORDER WITH RESPECT TO PLAINTIFF'S LATE-DISCLOSED WITNESSES.**

17   On July 21, 2017, Waymo served its supplemental initial disclosures, listing sixty-four

18   witnesses potentially having discoverable information pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii).

19   The next day, on June 22, 2017, Waymo served a "corrected" supplemental disclosure that purported

20   to add an additional fourteen witnesses without seeking leave of Court or showing good cause,

21   merely saying that the fourteen individuals were "inadvertently omitted." (Dkt. 797, Pritt Decl. Exs.

22   B, C at 2). The prejudice to Otto Trucking and the other defendants is clear: Waymo got the

23   opportunity to review defendants disclosures before belatedly adding witnesses to its own.

24   As discussed, Uber and Ottomotto filed a Motion to Enforce the Court's June 7, 2017 Order

25   (Dkt. 563), To Strike Plaintiff Waymo LLC's Corrected Supplemental Initial Disclosures, and to

26   Preclude Damages Claims and Certain Witnesses on July 3, 2017. (Dkt. 797). The arguments and

27   authorities in Uber and Ottomotto's motion with respect to the fourteen individuals apply equally to

28   Otto Trucking. For this reason and to best serve justice and avoid unnecessary or duplicative time,

effort or expense, Otto Trucking hereby joins and adopts the arguments, authorities, contentions, exhibits, attachments and prayers set forth in Section II of Uber and Ottomotto's Memorandum in support of its motion as if they were set forth herein in their entirety.

## IV.    CONCLUSION

For the foregoing reasons, the Court should issue an order to enforce the June 7, 2017 order, strike Waymo's corrected supplemental initial disclosures, strike Waymo's Patent Local Rule 3-8 contentions, and preclude damages claims as to Otto Trucking.

Dated: July 7, 2017                                        Respectfully submitted,

By: /s/ Rachel M. Walsh
        Neel Chatterjee (SBN 173985)
        *nchatterjee@goodwinlaw.com*
        **GOODWIN PROCTER LLP**
        135 Commonwealth Drive
        Menlo Park, California 94025
        Tel.: +1 650 752 3100
        Fax.: +1 650 853 1038

        Rachel M. Walsh (SBN 250568)
        *rwalsh@goodwinlaw.com*
        Brett Schuman (SBN 189247)
        *bschuman@goodwinlaw.com*
        **GOODWIN PROCTER LLP**
        Three Embarcadero Center
        San Francisco, California 94111
        Tel.: +1 415 733 6000
        Fax.: +1 415 677 9041

        *Attorneys for Defendant*
        *Otto Trucking LLC*

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on July 7, 2017.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.


Dated: July 7, 2017                                    /s/ Rachel M. Walsh
                                                                Rachel M. Walsh

OTTO TRUCKING'S MOTION TO ENFORCE AND TO JOIN MOTION TO ENFORCE
CASE NO. 3:17- CV -00939