# REDACTED VERSION OF EXHIBIT 3 SOUGHT TO BE FILED UNDER SEAL

Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
Otto Trucking LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Waymo LLC,<br><br>           Plaintiff,<br><br>      v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>           Defendants. | Case No. 3:17-cv-00939<br><br>**DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES**<br><br>**Trial Date:  October 10, 2017** |

PROPOUNDING PARTY:    Plaintiff:  WAYMO LLC

RESPONDING PARTY:     Defendant: OTTO TRUCKING LLC

SET NO.:              Third Set of Expedited Interrogatories

Interrogatories were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

## GENERAL OBJECTIONS

1. Otto Trucking objects to each and every Interrogatory to the extent it seeks to impose obligations and demands upon Otto Trucking beyond those required by Federal Rules of Civil Procedure 26 and 33, and the applicable Local Civil Rules of the United States District Court for the Northern District of California ("Local Rules").

2. Otto Trucking objects to each and every Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privileges or reasons for non-production. Waymo's discovery will not be construed to seek such information. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege or similar basis for non-disclosure.

3. Otto Trucking objects to these Interrogatories to the extent they seek information concerning matters or issues beyond the scope of the allegations in the Amended Complaint on the grounds that such discovery is overbroad, unduly burdensome, and neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.

4. Otto Trucking objects to each Interrogatory to the extent that it is unlimited in time and scope, especially in light of the expedited nature of the propounded Interrogatories.

5. Otto Trucking reserves all rights under the Rules of Civil Procedure to amend or supplement its responses as additional information is discovered.

**INTERROGATORY NO. 24:**

Identify the components of DEFENDANTS' self-driving vehicles that LEVANDOWSKI contributed to.

**RESPONSE TO INTERROGATORY NO. 24:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret

2

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)

1  misappropriation claims only," as required by the Court's Order Granting in Part and Denying in
2  Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking objects to the terms
3  "components" and "contributed to" as vague and ambiguous.
4         Subject to and without waiving the foregoing objections, Otto Trucking responds as follows:
5  Otto Trucking and its wholly owned subsidiary Otto Transport LLC own a number of trucks, some
6  of which use self-driving technology from third parties other than Uber or Ottomotto.  To the extent
7  that Otto Trucking has made use of any self-driving vehicle technology, it has only used LiDAR
8  products from Velodyne or Ibeo.  To the best of Otto Trucking's knowledge, Mr. Levandowski has
9  not built hardware or software for self-driving vehicle technology used by Otto Trucking.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24:**

Otto Trucking incorporates as if fully restated herein its original objections and response to Interrogatory No. 24 and further states:

Otto Trucking is an entity that is entirely separate from Uber and Ottomotto.  Otto Trucking is a limited liability company that has approximately one hundred members consisting of individuals and IRAs, and has two managing members, Lior Ron and Anthony Levandowski.  Neither Uber nor Ottomotto is a member of Otto Trucking, and neither has any ownership interest in Otto Trucking. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■.  To the extent that this Interrogatory seeks information relating to Mr. Levandowski's contributions to Uber or Ottomotto, Otto Trucking states that it does not have any information on Mr. Levandowski's contributions to Uber or Ottomotto.

Otto Trucking also states that Mr. Levandowski has not contributed to any components of any self-driving vehicles leased by Otto Trucking or owned by Otto Transport LLC, Otto Trucking's wholly owned subsidiary.  Otto Trucking refers Waymo to OTTOTRUCKING00000085-114, the Framework Agreement, and OTTOTRUCKING00002523-2739, the Agreement and Plan of Merger, which explain the relationships between Otto Trucking and Defendants.

( ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ )
( ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ )

1  (███████████████████████████████████████████████████████████)
2  (██████████████████████). Neither the Spider nor Fuji LiDAR systems, which are the systems
3  that Waymo alleges are the basis for Waymo's patent infringement and trade secrets claims, has ever
4  been installed on any of the Leased trucks.
5  (████████████████████████████████████████████) (the "Otto
6  Transport Trucks").  Otto Transport is the sole owner of these trucks.  Otto Trucking does not own
7  any trucks.  Aside from owning Otto Transport, Otto Trucking has no operations or employees.
8  Aside from owning the Otto Transport Trucks, Otto Transport has no operations or employees.
9  (███████████████████████████████████████████████████████████)
10 (███████████████████████████████████████████████████████████)
11 (██████████████████) The third truck does not have any LiDAR technology installed.  Neither
12 the Spider nor Fuji LiDAR systems, which are the systems that Waymo alleges are the basis for
13 Waymo's patent infringement and trade secrets claims, has ever been installed on any Otto Transport
14 Trucks. (██████████████████████████████████████████████████████)
15 (████) To Otto Trucking's and Otto Transport's knowledge, Anthony Levandowski was not involved
16 in the development of the (██████████) the installation of these systems on the Otto Transport
17 trucks, or testing of these systems.
18      In conclusion, Otto Trucking is not aware of any components of DEFENDANTS' self-
19 driving vehicles that Mr. Levandowski has contributed to.
20 **INTERROGATORY NO. 25:**
21      Identify the components of DEFENDANTS' self-driving vehicles that LEVANDOWSKI did
22 not contribute to.
23 **RESPONSE TO INTERROGATORY NO. 25:**
24      Otto Trucking incorporates each of its general objections by reference.  Otto Trucking further
25 objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret
26 misappropriation claims only," as required by the Court's Order Granting in Part and Denying in
27
28

**4**

Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking objects to the term "components" and "contribute to" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Subject to and without waiving the foregoing objections, Otto Trucking responds as follows:  Otto Trucking and its wholly owned subsidiary Otto Transport LLC own a number of trucks, some of which use self-driving technology from third parties other than Uber or Ottomotto.  To the extent that Otto Trucking has made use of any self-driving vehicle technology, it has only used LiDAR products from Velodyne and Ibeo.  To the best of Otto Trucking's knowledge, Mr. Levandowski has not built hardware or software for self-driving vehicle technology used by Otto Trucking.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 25:**

Otto Trucking incorporates as if fully restated herein its original objections and response to Interrogatory No. 25 and further states:

Otto Trucking is an entity that is entirely separate from Uber and Ottomotto.  Otto Trucking is a limited liability company that has approximately one hundred members consisting of individuals and IRAs, and has two managing members, Lior Ron and Anthony Levandowski.  Neither Uber nor Ottomotto is a member of Otto Trucking, and neither has any ownership interest in Otto Trucking.  ███████████████████████████████████████████████████████████.  To the extent that this Interrogatory seeks information relating to Mr. Levandowski's contributions to Uber or Ottomotto, Otto Trucking states that it does not have any information on Mr. Levandowski's contributions to Uber or Ottomotto.

Otto Trucking also states that Mr. Levandowski has not contributed to any components of any self-driving vehicles leased by Otto Trucking or owned by Otto Transport LLC, Otto Trucking's wholly owned subsidiary.  Otto Trucking refers Waymo to OTTOTRUCKING00000085-114, the Framework Agreement, and OTTOTRUCKING00002523-2739, the Agreement and Plan of Merger, which explain the relationships between Otto Trucking and Defendants.  Otto Trucking further refers Waymo to its supplemental response to Interrogatory 24 above.

5

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)

In conclusion, Otto Trucking is not aware of any components of DEFENDANTS' self-driving vehicles that Mr. Levandowski has contributed to.

Dated: July 7, 2017                                              Respectfully submitted,

By: */s/ Neel Chatterjee*

Neel Chatterjee
*nchatterjee@goodwinlaw.com*
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman
*bschuman@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

*Attorneys for Defendant*
OTTO TRUCKING LLC

6

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES (CASE NO.: 3:17-cv-00939-WHA)

## VERIFICATION

I, Rhian Morgan, declare that I have reviewed Otto Trucking LLC's OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFF WAYMO, LLC'S THIRD SET OF EXPEDITED INTERROGATORIES and know its contents.

I am Corporate Secretary at Otto Trucking LLC, a party to this action, and am authorized to make this verification for and on its behalf. I am informed and believe and on that basis state that the responses provided therein are true and correct.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this __7__th day of July, 2017 in _Alameda CA_

_[signature]_
Rhian Morgan
Corporate Secretary
Otto Trucking LLC

10

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)