# EXHIBIT A

## UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

| | |
|---|---|
| **From:** | Lindsay Cooper <lindsaycooper@quinnemanuel.com> |
| **Sent:** | Thursday, July 13, 2017 10:57 PM |
| **To:** | Meredith Dearborn; QE-Waymo |
| **Cc:** | DG-GPOttoTruckingWaymo@goodwinlaw.com; BSF_EXTERNAL_UberWaymoLit; UberWaymoMoFoAttorneys; John Cooper |
| **Subject:** | RE: Waymo v. Uber - Sealing in re the Project Chauffer Bonus Program |

Meredith,

There is a process in the Local Rules for handling this kind of situation. If Defendants have any questions about whether material Waymo has designated as confidential should be sealed, Defendants should seal it. Four days later, Waymo will file a declaration to support sealing the portions that it contends are sealable. After that, the Court rules and the parties' re-file materials as appropriate.

If you would like to send proposed redactions to us to consider, we will try to do so before the noon filing tomorrow, but it is difficult to consider your email in the abstract.

Lindsay

**From:** Meredith Dearborn [mailto:mdearborn@BSFLLP.com]
**Sent:** Thursday, July 13, 2017 5:54 PM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** DG-GPOttoTruckingWaymo@goodwinlaw.com; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; John Cooper <JCooper@fbm.com>
**Subject:** Waymo v. Uber - Sealing in re the Project Chauffeur Bonus Program

Counsel:

I write in connection with sealing issues as part of our filings tomorrow. In our briefs, we intend to provide a description of the Project Chauffeur Bonus Program.

We are aware of the fact that Waymo has produced a document entitled Project Chauffer Bonus Program (WAYMO-UBER-00014078), and that you have designated that document AEO. Part of the reason for writing is to determine if you are willing to de-designate that document, which contains some of the information in our brief.

In addition, however, former Google employees would be capable of testifying to and explaining all of the information in our brief based on their personal recollection. We therefore do not think the information is properly designated as confidential or needs to be under seal, with one limited exception. The specific information contained in our brief is as follows:

- The Chauffeur project bonuse ████████████████ but Google still had not paid them as of December 2015.
- The Chauffeur project bonuses were tied to the valuation of the Chauffeur project, which in turn depended on the current state and valuation of Chauffeur's technology and team.
- ████████████████████████████████████████████████████████████████████████████████

1



We assume you will insist that th[redacted]is Highly Confidential –AEO, and we will treat it as such unless you say otherwise. Other than that, however, we see no basis for Waymo to claim this information is confidential. These are facts that will likely be part of the trial testimony of various former Google employees. We believe our recitation of these facts should be filed in the public record. However, as a courtesy to Waymo, please tell us if you believe we should redact all of the above information from the public filing. If so, please provide us the justification for that sealing under Local Rule 79-5(e).

Thank you,

Meredith

**Meredith R. Dearborn**
Partner

**BOIES SCHILLER FLEXNER** LLP
435 Tasso St., Suite 205
Palo Alto, CA 94301
(t – palo alto) +1 650 798 3503
(t – oakland) +1 510 874 1211
(mobile) +1 650 208 2788
mdearborn@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]