**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

      Plaintiff,

  v.

UBER TECHNOLOGIES, INC.;
OTTOMOTTO LLC; and OTTO
TRUCKING LLC,

      Defendants.

                          /

No. C 17-00939 WHA

**ORDER DENYING MOTION
FOR RELIEF FROM JUDGE
CORLEY'S NONDISPOSITIVE
PRETRIAL ORDER RE UBER'S
PRIVILEGE LOG**

**INTRODUCTION**

    The magistrate judge overseeing discovery in this action declined to order production of certain documents identified on defendants' privilege log. Plaintiff moves for relief from that order pursuant to Civil Local Rule 72. The motion is **DENIED**.

**STATEMENT**

    In two related orders regarding defendants' assertions of privilege and per the discovery referral in this action, Magistrate Judge Jacqueline Corley granted plaintiff Waymo LLC's motion to compel production of third-party Stroz Friedberg's due diligence report (Dkt. No. 566) and further granted Waymo's motion to compel compliance with its subpoena to Stroz Friedberg (Dkt. No. 670). In doing so, Judge Corley made extensive factual findings regarding the relationship between defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC, and non-parties Anthony Levandowski and Lior Ron. Significantly, she found

United States District Court
For the Northern District of California

1    that Uber had waived any work-product privilege over documents shared with Ottomotto, Otto

2    Trucking (collectively, "Otto"), Levandowski, or Ron prior to the execution of the Put Call

3    Agreement on April 11, 2016, but specifically noted that "[t]he outcome might be different after

4    the signing of the Put Call Agreement" (Dkt. No. 566 at 17 & n.2, 21).  The undersigned judge

5    overruled objections to the aforementioned orders (Dkt. Nos. 685, 745).  Levandowski's further

6    appeal remains pending before the Federal Circuit.

7         On June 26, Judge Corley rejected Waymo's further argument that Uber had also waived

8    its privileges over documents shared with Otto, Levandowski, or Ron *after* April 11, 2016 (*see*

9    Dkt. No. 637), finding that the execution of the Put Call Agreement gave rise to a "common

10   legal interest in defending claims brought by Waymo for misappropriation of trade secrets,

11   among other things," such that Uber did not waive privileges over documents shared within the

12   common-interest group after that date (*see* Dkt. No. 731 at 4).  Also in her June 26 order, Judge

13   Corley noted multiple deficiencies in Uber's privilege log but concluded that said deficiencies

14   were not "so egregious that Uber should have to produce otherwise protected material,

15   especially given the volume of log entries and the brief period Uber had to reevaluate the

16   privilege log in light of the MTC Order" (*id.* at 4–6).

17        Waymo now moves for relief from Judge Corley's June 26 order pursuant to Civil Local

18   Rule 72, challenging the foregoing findings (Dkt. No. 779).  This order follows full briefing.

**ANALYSIS**

19

20   **1.    STANDARD OF REVIEW.**

21        Under FRCP 72, a district judge considering timely objections to a magistrate judge's

22   nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law."

23   *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).  "The reviewing

24   court may not simply substitute its judgment for that of the deciding court."  *Ibid.* (citing *United

25   States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

26   **2.    DEFICIENCIES IN UBER'S PRIVILEGE LOG.**

27        Waymo's motion catalogues in detail various deficiencies in Uber's privilege log and

28   argues that Judge Corley "clearly erred" in refusing to find a "waiver of all logged documents"

United States District Court

For the Northern District of California

1   as a result of said deficiencies (Dkt. Nos. 779 at 1–3, 816 at 1–4).  In support of its waiver

2   argument, Waymo cites the undersigned judge's standing order and  prior instructions generally

3   discussing privilege log requirements (*see* Dkt. No. 816 at 1).  But there is no dispute here that

4   Uber must do more to comply with said requirements.  Judge Corley found as much and

5   accordingly ordered Uber to make further amendments to its privilege log (*see* Dkt. No. 731 at

6   3, 5).  Waymo's objection essentially amounts to disagreement with Judge Corley's judgment,

7   given Uber's deficient privilege log, about the best way to manage further discovery going

8   forward.  Waymo's arguments on this point are unpersuasive.  Judge Corley has capably and

9   diligently managed the bone-crushing flow of discovery in this case thus far, and remains in the

10  best position to determine how to handle discovery issues like deficient privilege log entries.

11  Under these circumstances, her decision to strike a balance by requiring further information

12  from Uber, while declining to impose Waymo's drastic suggested remedy of a blanket waiver

13  over "otherwise protected material," was not clearly erroneous.

14              **3.      DOCUMENTS SHARED WITH LEVANDOWSKI AFTER APRIL 11, 2016.**

15          Waymo also objects to Judge Corley's finding that Uber did not waive its privilege over

16  documents shared with Levandowski after April 11, 2016, arguing without authority that Uber

17  "cannot have it both ways" by asserting a common legal interest with Levandowski post-April

18  11, 2016, while representing that it now lacks authority to force Levandowski to return stolen

19  files (Dkt. No. 779 at 3–4).  Waymo's motion does not explain how the foregoing positions are

20  inherently incompatible, nor does it show that Judge Corley clearly erred in finding a common

21  legal interest between Uber and Levandowski based on their indemnification agreement post-

22  April 11, 2016, notwithstanding whether or not Uber now has any authority to force

23  Levandowski to return stolen files.

24          In its reply brief, Waymo offers a slightly different variation of this supposed

25  dichotomy, claiming that "Uber must now contend it lacked control over [materials downloaded

26  by Levandowski] in order to avoid the application of the crime-fraud exception," so it "cannot

27  claim a 'shared common interest' on a privilege log created to log such materials" (Dkt. No.

28  816 at 4).  Tellingly, Waymo does not cite Judge Corley's order, which actually held —

United States District Court

For the Northern District of California

1   contrary to Waymo's insinuation — that the crime-fraud exception did not apply because

2   Waymo had not shown by a preponderance of the evidence that Uber communicated with its

3   counsel "in furtherance of a criminal scheme" (Dkt. No. 731 at 2–3).  Whether or not Uber now

4   exercises control over any materials downloaded by Levandowski did not bear on, much less

5   dictate, the outcome of Judge Corley's analysis on the crime-fraud exception.

6        Despite conceding that a purported common interest must be evaluated at the time of the

7   disclosure in question, Waymo also argues that "proceedings in this case have vividly

8   illustrated" Uber and Levandowski's "vastly diverging interests," which is "compelling

9   evidence that the parties understood [that] they lacked a common legal interest with regards to

10  Levandowski's theft even at the time the Put-Call Agreement was signed" (Dkt. Nos. 779 at 4,

11  816 at 4–5).  But it remains up to Judge Corley, not Waymo, to decide what facts in the record

12  constitute "compelling evidence" on issues of privilege.  Waymo's disagreement with Judge

13  Corley's factual findings does not amount to a showing of clear error on this motion.

14       **4.    OTHER DOCUMENTS SHARED AFTER APRIL 11, 2016.**

15       Finally, Waymo raises multiple objections to Judge Corley's finding that Uber did not

16  waive its privileges over documents shared with the rest of the common-interest group (*i.e.*,

17  besides Levandowski) after April 11, 2016 (Dkt. No. 779 at 4–5).  These objections essentially

18  amount to disagreements with Judge Corley's reasonable inferences from the evidentiary record

19  and are thus unavailing.

20       *First*, Waymo criticizes Judge Corley's reliance on a "Joint Defense, Common Interest

21  and Confidentiality Agreement" executed by members of the common-interest group on April

22  11, 2016, noting that "the existence of a written agreement is not controlling" (*ibid.*).  This point

23  is true, but an agreement does not have to be "controlling" to be found probative of the

24  common-interest issue.

25       *Second*, Waymo claims Judge Corley found "that Uber and Otto each having 'exclusive

26  options' created a common interest" and asserts without authority that "no common interest

27  could arise" until the acquisition actually closed (*id.* at 5; *see also* Dkt. No. 816 at 5).  Waymo

28  again misrepresents Judge Corley's order, which considered not only Uber and Otto's

4

United States District Court

For the Northern District of California

"exclusive options" to close but also the indemnification agreement between them in finding a common legal interest (*see* Dkt. No. 731 at 4). Significantly, and as Judge Corley expressly pointed out, "Uber was required to indemnify Levandowski, Ron and Otto even if neither Uber nor Otto ever exercised its option to buy/sell" (*ibid.*). This alone defeats Waymo's objection.

*Third*, Waymo contends Uber's indemnification obligation could not create a common legal interest because the precise *scope* of that obligation did not finalize until shortly before closing (Dkt. Nos. 779 at 5, 816 at 5). But whatever uncertainties remained as to that scope, the point remains that Judge Corley found the common-interest group *at least* "shared a joint common legal interest in defending claims brought by Waymo for misappropriation of trade secrets, among other things" (Dkt. No. 731 at 4). Waymo has not shown that this finding was clearly erroneous.

Waymo protests in a footnote that, "[e]ven if a common legal interest did arise, Judge Corley's findings were still overbroad because . . . the Court should find waiver with respect to any post-April 11 shared communications that were not shared for the purpose of developing joint legal strategy under the Indemnification Agreement" (Dkt. No. 779 at 5 n.5). Waymo has not actually shown, however, that any communication on Uber's privilege log falls within this hypothetical category. In short, Waymo has not shown that Judge Corley's finding of common legal interest after April 11, 2016, was clearly erroneous.

## CONCLUSION

For the foregoing reasons, Waymo's motion for blanket relief from Judge Corley's order regarding Uber's privilege log is **DENIED**. Its objections to the order are **OVERRULED**. This is, of course, without prejudice to further challenges before Judge Corley regarding individual documents withheld under claims of privilege.

**IT IS SO ORDERED.**

Dated:  July 18, 2017.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5