July 19, 2017

**VIA ECF**

Magistrate Judge Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:     *Waymo LLC v. Uber Technologies, Inc., et al.*, N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Plaintiff Waymo LLC ("Waymo") submits this letter brief in support of Waymo's motion to compel Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") to produce the hand-delivered letter from members of Uber's Board of Directors to Travis Kalanick that led to his resignation as Uber's CEO.

The Court has instructed Waymo to "find out what Uber knew and when they knew it," and that Waymo should do it "as quickly as humanly possible" because "[t]hat's one of the key issues in this case." (Dkt. 625 at 40:7-11.)  This letter, from Uber Board of Directors to another Uber Board of Director, is highly relevant to this very issue.

According to Cameron Poetzscher, Uber's Vice President of Corporate Development, Uber's Board of Directors had "final sign-off" on the decision to acquire Ottomotto.  (Ex. 1 [6/19/2017 Poetzcher Deposition Tr.] at 279:11-280:5.)  This is not surprising, since Uber was agreeing to pay over half a billion dollars for a company that was less than four months old and had no product – which of course was known to Uber given that it started negotiating for that very sale before the company even *existed*.  Uber's Board of Directors, which included Travis Kalanick, then CEO, approved the deal at a Board meeting shortly before the signing of the April 11, 2016 Put Call Agreement.  (Ex. 2 [6/22/2017 Qi Deposition Tr.] at 100:13-104:21.)

Since the Board approved the acquisition, at least three members of Uber's Board of Directors – Bill Gurley, Arianna Huffington, and David Bonderman – have received copies of the final Stroz Due Diligence Report.  (Dkt. 823 at 1.)  Mr. Kalanick resigned as Uber's CEO in mid-June of 2017 – just a month after the Board members received the Report.  (*See, e.g.,* https://www.nytimes.com/2017/06/21/technology/uber-ceo-travis-kalanick.html.)  According to media reports, Mr. Kalanick's decision was precipitated by the hand delivery in Chicago of a two-page letter "urging Kalanick's resignation," which "was the result of a multi-week campaign led behind the scenes by Bill Gurley, another Benchmark partner who occupied the firm's board seat at Uber, with the goal of ousting Kalanick." (*See* https://www.bloomberg.com/news/articles/2017-06-22/kalanick-s-ouster-as-uber-ceo-began-with-a-hand-delivered-letter.)  One of the two investors who handed Mr. Kalanick the letter was Matt Cohler, another Benchmark partner who succeeded

Mr. Gurley on Uber's Board in late June.  (*Id.*)  At least one media outlet that spoke with "people familiar with the matter" reported that the two page letter "blames Kalanick for putting the company at legal risk, citing a trade secrets lawsuit by Alphabet Inc.'s Waymo" – *i.e.*, this very litigation. (*Id.*)  Mr. Kalanick remains a member of Uber's Board of Directors.

Waymo has served document requests that call for this very letter.  Specifically, RFP Nos. 170-171 seek documents "that were prepared for or received by" any of Uber's Board of Directors, or any committee thereof, relating to Mr. Levandowski, Ottomotto, Otto Trucking, or LiDAR.  (Ex. 3 at RFP Nos. 170-171.)  Uber has purported to agree to produce documents responsive to these requests, including all "non-privileged, responsive documents that were prepared for the Board or a Board committee or were exchanged between Board members" or "sent or presented to Uber's Board of Directors or any committee thereof[.]"  (*Id.*; Ex. 4.)  However, Uber has steadfastly refused to produce the Kalanick letter, despite the fact that it was prepared by two Uber board members (Mr. Gurley and Mr. Cohler) and delivered to another board member (Mr. Kalanick), and discusses this very litigation – *i.e.*, is directly responsive to RFP Nos. 170 and 171.  (*Id.*)

Waymo first asked for the Kalanick letter on July 12.  (Ex. 5.)  The letter is responsive to Waymo's discovery requests and highly relevant to upcoming depositions – including Mr. Kalanick's Court-ordered deposition on July 27, which is just nine days away.  However, barely three hours before the agreed-upon deadline for Waymo to move to compel documents responsive to these document requests, Uber claims to still be investigating  "whether anyone at Uber, or Mr. Kalanick, has a copy of the letter referred to in the news article, and if so, whether the content would be responsive to any request."  (Ex. 4.)  Uber's difficulty in locating an easily identified letter defies credibility, and echoes Uber's earlier protestations that it was diligently looking for Waymo's stolen files while conscientiously avoiding the very places it knew they were (on Mr. Levandowski's computers and in the files of its agents Stroz and MoFo).

Moreover, Uber's suggestion that it cannot recover relevant evidence, just a month old, from its Board of Directors is troubling in light of recent disclosures.  Uber has argued that it anticipated litigation with Waymo from the outset of its negotiations with Mr. Levandowski, and that this fear of litigation allows it to assert a common interest with Mr. Levandowski over the files that he stole from Waymo and Uber's due diligence into that theft.  However, according to Uber, despite that anticipation of litigation multiple Uber executives and employees involved in those negotiations have destroyed relevant evidence – including at least one member of Uber's Board of Directors, Mr. Kalanick himself.  For example, Uber has informed Waymo that Mr. Kalanick, who personally recruited Mr. Levandowski, negotiated the Ottomotto acquisition, and was then and continues to be an Uber Board member, deleted from his phone *all* text messages he sent to Mr. Levandowki *at any time*.  (Ex. 6; Ex. 7.)  Uber has also told Waymo that Mr. Kalanick deleted all text messages he received from Mr. Levandowski dated before February 2016.  (*Id.*)  And now, according to Uber, members of Uber's Board of Directors may be destroying evidence even after the filing of the Complaint and after litigation holds have (finally) been issued.

For all of these reasons, Waymo seeks an order compelling Uber to produce the Kalanick letter, as well as any other withheld documents responsive to RFP Nos. 170 and 171, by no later than noon on Monday, July 24.

Respectfully,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
cc:    All counsel of record; Special Master John Cooper

01980-00104/9430004.1