# EXHIBIT 3

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 169:**

All minutes of meetings of UBER's Board of Directors, or any committee thereof, during which OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSKI was discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

Defendants will produce non-privileged Board of Directors meeting minutes responsive to this Request located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

**REQUEST FOR PRODUCTION NO. 170:**

All DOCUMENTS REGARDING LiDAR that were prepared for or received by any of DEFENDANTS' Board of Directors, or any committee thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Defendants will produce non-privileged DOCUMENTS that were sent or presented to Uber's Board of Directors or any committee thereof responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

11

**REQUEST FOR PRODUCTION NO. 171:**

All DOCUMENTS REGARDING OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSKI that were prepared for or received by UBER's Board of Directors, or any committee thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Defendants will produce non-privileged DOCUMENTS that were sent or presented to Uber's Board of Directors or any committee thereof responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the grounds that the term "REGARDING" is vague and ambiguous in the context of this Request.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

12