# EXHIBIT 5

# James Judah

| | |
|---|---|
| **From:** | James Judah |
| **Sent:** | Monday, July 17, 2017 9:39 AM |
| **To:** | Andrea P Roberts; John Cooper; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo |
| **Cc:** | QE-Waymo |
| **Subject:** | RE: Waymo v. Uber: Meet and Confer Re Uber's Responses to 3rd Set of RFPs |

John and Sylvia –

I write to summarize the parties' meet and confer on Thursday regarding Uber's responses to Waymo's Third Set of RFPs.

RFP No. 153.  Uber continues to object to the full scope of this RFP on grounds of relevance, burden, and the privacy of former Waymo employees who received bonuses under the Project Chauffeur Bonus Program.  Uber indicated that it would refuse to produce even communications between Mr. Levandowski and others if the subject of the communication was someone else's bonus (or the timing of its payment) but not specifically Mr. Levandowski's bonus.  Given that Uber's "ransom" theory is apparently the centerpiece of Uber's defense in this case, the unspecified but undoubtedly minimal burden of collecting and producing all responsive documents, and the relevance of anything Uber (or its employees) knows about the Project Chauffeur Bonus Program, Waymo does not agree to narrow this RFP.  The parties are at an impasse.

RFP Nos. 161-163.  Uber confirmed that it will produce documents sufficient to show the naming of Fuji, Spider, and Owl, and that if documents responsive to these RFPs (as written) are located during Uber's document review efforts, they will be produced.

RFP No. 164.  Uber confirmed that it will not produce any of Mr. McClendon's communications regarding LiDAR, or his communications regarding Otto Trucking after August 23, 2016.  Uber did not identify any specific burden associated with producing these documents, however.  As Waymo explained, these communications are relevant to, among other things, the state of Uber's LiDAR program and Uber's relationship with Otto Trucking.  The parties are at an impasse.

RFP No. 165.  Uber confirmed that it will not produce any of Mr. Kalanick's communications regarding LiDAR.  Uber said it would get back to Waymo about whether it would continue to refuse to produce Mr. Kalanick's communications regarding Otto Trucking after August 23, 2016.  Uber did not identify any specific burden associated with producing any of these documents.  As Waymo explained, these communications are relevant to, among other things, the state of Uber's LiDAR program and Uber's relationship with Otto Trucking.  The parties are at an impasse as to LiDAR, and will be at an impasse as to Otto Trucking if Uber will not agree to search for and produce documents with that scope.

RFP No. 166.  Uber confirmed that it will not produce any of Mr. Bares's communications regarding Otto Trucking after August 23, 2016.  The parties are at an impasse.

RFP No. 167.  Uber confirmed that it will not produce any of Mr. Poetzscher's communications regarding LiDAR, or his communications regarding Otto Trucking after August 23, 2016.  Uber did not identify any specific burden associated with producing these documents, however.  As Waymo explained, these communications are relevant to, among other things, the state of Uber's LiDAR program and Uber's relationship with Otto Trucking.  The parties are at an impasse.

RFP Nos. 168-171.  For the documents that Uber has agreed to produce, Waymo explained that they must be produced as soon as possible as they are relevant to upcoming depositions, including Mr. Kalanick's on July 27.  If Uber will not agree to produce this discrete category of documents by a date certain of no later than this week, then the parties are at

an impasse.  For RFP Nos. 170 and 171, where Uber narrowed the scope of documents it would produce, Waymo asked for confirmation that Uber would produce the full scope of the RFPs, including any documents prepared for the Board, regardless of whether the Board actually received the documents or not, and whether it would include documents, such as the letter sent to Mr. Kalanick, that the Board (or subcommittees thereof) prepared themselves and/or sent to other Board members.  Uber said it would get back to Waymo.  To the extent Uber will not agree to produce these documents, the parties are at an impasse.

Best,
James

---

**From:** Andrea P Roberts
**Sent:** Wednesday, July 12, 2017 9:27 AM
**To:** John Cooper <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Waymo v. Uber: Meet and Confer Re Uber's Responses to 3rd Set of RFPs

John and Counsel –

I write regarding Uber Technologies, Inc.'s and Ottomotto LLC's (collectively "Uber") Objections and Responses to Waymo's Third Set of Requests for Production.  We request these issues be added to the next meet and confer.

**Request for Production No. 153:**

Uber indicates it will limit its production of documents responsive to Waymo's request for documents and communications regarding the Project Chauffeur Bonus Program to those that "concern Levandowski."  The Request, however, is broader than documents concerning Levandowski, and Uber has not explained why it believes the Request should be limited only to Levandowski.  The Project Chauffeur Bonus Program is highly relevant to Uber's newly minted defenses, and Uber should produce documents and communications regarding the program regardless of whether they "concern Levandowski" or not.

[redacted]



**Request for Production No. 160:**

Please confirm that Uber will "produce a non-privileged DOCUMENT or DOCUMENTS responsive to [Request No. 160], if any, located through a reasonably diligent search." Uber's response to this Request makes it unclear as to whether Uber will search for – and produce – responsive documents.

**Request for Production No. 161-163:**

We are concerned that Uber will withhold documents responsive to Request Nos. 161-163 on the basis that it has produced documents "sufficient to show" the naming of Fuji, Spider, and Owl. Uber should produce all responsive documents it uncovers during its search. Initially, James Haslim testified that Mr. Levandowski chose the name Fuji. (Haslim Deposition Tr. at 35:13-14.) Then Uber tried to walk back that claim to minimize Mr. Levandowski's involvement in Fuji. If Uber limits its production to documents it deems "sufficient it show," then it is very likely Uber will cherry pick those that supports its narrative that Mr. Levandowski had nothing to do with any of these projects. Waymo is entitled to see all communications and documents about the naming of these LiDAR projects, as they are all relevant to Mr. Levandowski's involvement in their development.

**Request for Production No. 164:**

In response to Waymo's request for communications involving Brian McClendon, Uber agreed to produce communications regarding Otto, Otto Trucking and Levandowski that occurred before August 23, 2016, but only communications regarding Levandowski after that date. Uber has not agreed to produce any McClendon communications regarding LiDAR. Uber should produce all responsive documents, including those related to LiDAR, regardless of date. If there are burden concerns based on specific hit counts, we are willing to meet and confer on ways to potentially narrow, but there is no indication that is the case.

**Request for Production No. 165:**

In response to Waymo's request for communications involving Travis Kalanick, Uber states that it has previously produced "communications between Mr. Kalanick and anyone regarding LiDAR." Please confirm that this includes "all" such communications, as called for by this request.

Uber also states that it has previously produced "communications between Mr. Kalanick and anyone regarding Levandowski, Ottomotto, or Otto Trucking before August 23, 2016," and that it will produce communications regarding Levandowski after August 23, 2016. Again, Uber should produce all responsive documents regardless of date, unless there are burden issues based on hit counts – which, again, there is no indication is the caes.

**Request for Production No. 166:**

In response to Waymo's request for communications involving John Bares, Uber agreed to produce communications regarding Otto, Otto Trucking and Levandowski that occurred before August 23, 2016, but only communications regarding Levandowski after that date. Again, Uber should produce all responsive documents, regardless of date.

**Request for Production No. 167:**

Waymo requests communications between Cameron Poetzscher and others regarding LiDAR, Otto, Otto Trucking, or Levandowski. Uber has refused to produce communications regarding Otto or Otto Trucking as overbroad and unduly burdensome, or otherwise subsumed by other document requests. Uber should produce all non-privileged communications requested by Waymo. Please confirm that Uber has or will produce all communications between Mr. Poetzscher and others regarding Otto or Otto Trucking.

**Request for Production Nos. 168-171**

Uber has agreed to produce documents responsive to Waymo's Request Nos. 168-171, which relate to Uber's board of directors. First, when can Waymo expect for Uber's production of such documents to be complete? Second, the media has reported that there was a two-page letter delivered to Mr. Kalanick asking him to resign and that the letter specifically mentioned the present lawsuit and Waymo. This letter is responsive to at least Requests No. 170-71 and should be produced immediately. Please provide a date certain by which Uber will produce documents responsive to these Requests.

With respect to Request Nos. 170-71, Uber has agreed to produce documents that were "sent or presented to" the Board. Waymo's requests, however, also seek documents that were "prepared for" the Board, regardless of whether the Board actually received the documents or not. Waymo's requests would encompass, for example, drafts of documents prepared for the Board regarding LiDAR, Otto, Otto Trucking or Levandowski. Please confirm that Uber will produce all documents responsive to these requests.

[redacted]

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.