UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>            Defendants. | Case No. 17-cv-00939-WHA   (JSC)<br><br>**ORDER RE: WAYMO'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 879 |

Now pending before the Court is Waymo's further motion to compel production of documents and responses to interrogatories. (Dkt. No. 879.)

**I.      Interrogatory No. 26**

Uber represents that it agreed to supplement its response to the interrogatory and produce non-privileged documents. To the extent responsive documents have not previously been identified on a privilege log, a further privilege log shall be produced together with the supplemental response. The log shall also state whether the document will be produced if the Court's orders regarding privilege, or rather, the lack thereof, are upheld.

**II.     Non-LiDAR Trade Secrets (RFP Nos. 30, 98, 99, 110, 145, Interrogatories Nos. 24, 25)**

Waymo's motion to compel is GRANTED. The requests properly seek information related to what Mr. Levandowski worked on for Uber. However, Uber does not need to answer Interrogatory No. 25; since Interrogatory No. 24 asks what components Mr. Levandowski worked on, it follows that any component not identified was not worked on by Mr. Levandowski.

**III.    Uber's Indemnification of Mr. Levandowski**

In addition to what Uber has agreed to produce, Waymo is entitled to discovery regarding whether Uber is indemnifying or has indemnified Mr. Levandowski and/or Mr. Ron; Uber

makes no argument to the contrary. However, Waymo's requests seek documents well beyond such information. For example, just because a document mentions the indemnification agreement does not mean that it would shed any light on whether Uber is or has indemnified anyone, and instead, for example, would hit every document that lists the acquisition documents and thus substantively has nothing to do with whether Uber is indemnifying anyone. Accordingly, the parties shall meet and confer on how to provide Waymo with the information to which it is entitled. Information regarding pre-signing bad acts is covered by other requests. (*See, e.g.*, Dkt. No. 881 at 1-2.)

**IV.  RFP No. 91**

Uber represents that it does not have documents responsive to this Request and Waymo's motion does not suggest otherwise.

**V.  RFP No. 85**

Waymo's request is DENIED. Waymo does not explain why it needs these documents in light of the Court's previous ruling on Interrogatory No. 5.

**VI.  RFP No. 1**

Waymo's letter brief is vague as to what agreement or agreements it seeks. Uber's opposition addresses only its e-discovery vendor agreement with Stroz. To the extent that is the agreement Waymo seeks, its request is DENIED.

**VII.  RFP No. 117**

Uber shall submit a privilege log in response to this Request given its representation that all responsive documents are privileged.

*\*\*\**

Uber shall comply with this Order on or before July 26, 2017. Any objections must be filed on or before July 24, 2017. This Order is not stayed. Any stay must be obtained from the District Court Judge. Further, to the extent any of the Court's previous orders did not set a deadline for objections, objections to those orders, if any, must also be filed by July 24, 2017.

Finally, the Court reminds the parties of their obligation to provide the Court with courtesy copies of the all the filings related to a motion on the date of the last filing in connection with the

motion, or the next business day if the filing is too late in the day. The Court had to contact Waymo on several occasions to obtain the courtesy copies for this motion to compel and expects that it will not have to do so again.

This Order disposes of Docket No. 879.

**IT IS SO ORDERED.**

Dated: July 19, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge