QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | CASE NO. 3:17-cv-00939 |
| Plaintiff, | **PLAINTIFF WAYMO LLC'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 832)** |
| vs. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | Judge: The Honorable William Alsup |
| | Trial Date: October 10, 2017 |

This Court should sustain Plaintiff Waymo LLC ("Waymo's") Objections to the Magistrate Judge's Order Regarding Lyft-Related Documents (Dkt. 832).

## I. THE COURT'S ORDER COMPELLING PRODUCTION BY WAYMO UNDOES ITS ORDER WITH RESPECT TO LYFT.

As Waymo pointed out in its Objections, in the Order below, Magistrate Judge Corley took inconsistent positions with respect to Waymo and Lyft's production of documents. (Dkt. 876, at 1.) With respect to Lyft, the Court stated: "Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns . . . is unavailing." (Dkt. 832, at 5.) Yet, despite recognizing Lyft's confidentiality concerns, the Court went on to order Waymo to produce the very documents that Lyft argued should not be produced. (*Id.*) Uber's response ignores this practical impact of the Court's ruling. (*See* Dkt. 919.) Instead, in its response to Waymo's Objections, Uber argues that the Court did not err in applying a different legal standard with respect to discovery from parties versus third parties, a point Waymo never contested. (Dkt. 919, at 1, 3-4.) Regardless of the standard applied, requiring Waymo to produce the same documents about which the Court found Lyft's confidentiality concerns valid, eviscerates the Court's finding as to confidentiality with respect to Lyft.

Additionally, Waymo showed in its Objections that the Court reached an inconsistent conclusion as to whether the documents sought go to "industry practice." (Dkt. 876, at 3.) With respect to Lyft, the Court said:

> Lyft has demonstrated that "even if any of the purported trade secrets were exchanged, there is no question that those trade secrets were received pursuant to [the companies' non-disclosure] agreement and the other confidentiality protections that Lyft (and Waymo) put into place." Further, the issue in this lawsuit is how [Waymo] treated its information, not how Lyft treats its information. Under that reasoning, Defendants would be entitled to subpoena all technological companies to determine 'industry practice' in the treatment of technological information.

(Dkt. 832, at 5.) Waymo argued that this analysis applies equally to the request for Lyft-related documents from Waymo purportedly to determine "industry practice." (Dkt. 876, at 3.) Uber ignores this inconsistency in the Order as well. (*See* Dkt. 919.)

## II. WAYMO IS ALREADY PRODUCING DOCUMENTS DIRECTED AT THE ISSUES TO WHICH UBER CLAIMS THE LYFT DOCUMENTS ARE RELEVANT.

Waymo already agreed to produce documents responsive to other RFPs, which go to the same issues to which Uber claims the Lyft deal documents are relevant. (Dkt. 876.) Waymo identified those specific Uber RFPs for which it has agreed to produce documents in its Opposition. (Dkt. 746, at 5-6.) Thus, the Court's finding that Waymo's position is that Uber should be limited to "what [Waymo] contends is relevant" was incorrect. In response to Waymo's Objections, Uber ignores these RFPs and Waymo's agreement to produce documents in response to them . (*See* Dkt. 919.) Thus, Waymo's argument is unrebutted by Uber. And correspondingly, Uber's implication that Waymo is cherry-picking helpful documents to produce is meritless.

Uber complains that Waymo does not explain how documents produced in response to these other requests will provide an adequate substitute for documents relating to the Lyft deal. (Dkt. 919, at 4.) But Uber knows what documents Waymo agreed to produce in response to these requests. They have been subject to multiple meet and confers and correspondence. Waymo agreed to produce, and has produced: documents sufficient to show Waymo's estimates of the size of the ride-sharing market in the United States for each of the last six years (RFP 90); documents sufficient to show Waymo's forecasts of the size of the ride-sharing market in the United States for each of the next six years (RFP 91); documents sufficient to show Waymo's forecasts regarding its number of ride-sharing vehicles in the United States, by U.S. city, on a quarterly basis, for each of the next five years (RFP 92); documents sufficient to show Waymo's business plans, strategic plans, operating plans, marketing plans, financial plans, sales plans, and investment plans for its ride-sharing business (RFP 93); documents sufficient to show Waymo's analysis of any barriers to entry in the ridesharing market, and the status of any attempts by Waymo to overcome any such barriers, including remaining investments and infrastructure needed (RFP 94); and documents sufficient to show Waymo's knowledge of Defendants' autonomous vehicle program, including discussion of Defendants' self-driving car business (RFPs 96-97). Waymo agreed to produce and did produce this information in the form of presentations, as well as email communications about the industry. Such documents are responsive to

1  the same issues Uber claims the Lyft partnership documents are relevant to, and adequately address
2  those issues.  Uber does not need the additional Lyft documents.
3
4       Waymo respectfully requests that this Court sustain Waymo's Objections and hold that
5  Waymo is not required to produce documents responsive to Request Nos. 149-153 and 156.  In the
6  alternative, the Court should narrow the scope of the documents Waymo is required to produce in
7  response to Request Nos. 149-153, and limit them to any documents from the Lyft deal and
8  negotiations relating to it which discuss Waymo's trade secrets at issue in this case.  This narrowed set
9  of documents, to the extent they exist, would address the subject matter Uber purports to seek with
10 these Requests.
11
12
13 DATED:  July 19, 2017                    QUINN EMANUEL URQUHART & SULLIVAN, LLP
14                                          By */s/ Charles K. Verhoeven*
15                                              Charles K. Verhoeven
                                                Attorneys for WAYMO LLC