# EXHIBIT A

**Edward Takashima**

| | |
|---|---|
| **From:** | Andrea P Roberts <andreaproberts@quinnemanuel.com> |
| **Sent:** | Tuesday, July 11, 2017 12:27 PM |
| **To:** | Edward Takashima; QE-Waymo |
| **Cc:** | UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; 'DG-GP Otto Trucking Waymo'; 'John Cooper (JCooper@fbm.com)'; 'Matthew Cate (MCate@fbm.com)' |
| **Subject:** | RE: Waymo:  Uber's Deposition Lists |

John, we request a meet and confer this afternoon to try to resolve issues that remain with respect to depositions so that we can get the remainder scheduled before the close of fact discovery.  We would like to discuss the following:

1.   When Defendants will provide available dates for the deponents included in David Perlson's June 28 email.  Defendants have had that list for nearly 2 weeks and have not provided any available dates.  We expect to have available dates for the witnesses listed in Ed's July 3 email later today.

2.   Uber's objection below to Waymo taking separate 30(b)(6) depositions of Uber and Ottomotto and request to take separate 30(b)(6) depositions of Waymo.  Since Uber and Ottomotto are separate entities, and Waymo is one entity, we do not understand what Uber and Ottomotto are proposing.

3.   Uber's objection to Waymo deposing Bill Gurley.  We seek his deposition because he received the due diligence report and, as a member of Uber's Board of Directors, is expected to have knowledge of Uber's business plans and strategy for its self-driving car program, reasons why the Board approved of the acquisition of Otto, what information was disclosed to the Board before that decision was made, what Uber knew and when Uber knew it.  Indeed, media reports suggest that Gurley led the campaign that led to Kalanick's removal, and that the litigation was a factor.  (https://www.bloomberg.com/news/articles/2017-06-22/kalanick-s-ouster-as-uber-ceo-began-with-a-hand-delivered-letter   If Uber is going to maintain its position that it will not make Mr. Gurley available for deposition, we would like to discuss a briefing schedule for a motion to compel.  Additionally, we are evaluating whether we will be seeking depositions of additional Board members and will let Uber know this week.

4.   Uber's objection to the deposition of witnesses who have already been deposed.  The Court's Orders and the parties' conduct in the case have all been with understanding that there is no limitation on deposing witnesses again.  Further, Uber's position on this issue is inconsistent with its own list of deponents, which includes deponents that Defendants already deposed: Gary Brown, Daniel Chu, and Pierre Yves-Droz.  If Uber is going to maintain its position that it will not make witnesses available for another deposition, we would like to discuss a briefing schedule for a motion to compel, in which we will seek our fees and costs for this specious position.

5.   Uber's objection to Waymo taking more than 15 party depositions without seeking leave of Court or an agreement between the parties.  There is no basis for this objection.  Indeed, Uber has also requested to take more than 15 party depositions.  If Uber is going to maintain its position that it will not provide dates for all of the witnesses Waymo has requested, we would like to discuss a briefing schedule for a motion to compel, in which we will seek fees and costs for this specious position.

Thanks,

Andrea

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Edward Takashima [mailto:etakashima@BSFLLP.com]
**Sent:** Monday, July 03, 2017 10:36 PM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; 'DG-GP Otto Trucking Waymo' <DG-GPOttoTruckingWaymo@goodwinlaw.com>; 'John Cooper (JCooper@fbm.com)' <JCooper@fbm.com>; 'Matthew Cate (MCate@fbm.com)' <MCate@fbm.com>
**Subject:** Waymo: Uber's Deposition Lists

Counsel,

As discussed, please see below lists of additional party and non-party witnesses Uber and Ottomotto ("Uber") presently expect they may depose, for discussion regarding objections and scheduling.  We note that Uber has only been able to obtain limited discovery to date from Waymo.  As a result, we reserve all rights to amend or supplement this list based on further review of discovery so far, our investigation of this case outside of formal discovery, discovery responses, document productions, depositions, and disclosures to the Court.  We are also providing separate lists of parties and non-parties whom we *may* seek to depose and request that Waymo check the availability of those party witnesses.  Please note that these lists are in addition to our outstanding subpoenas to Lyft, Velodyne, and Mr. Swedlow.

You asked us to identify any objections to your June 28, 2017 list of deponents.  We are able to identify the following objections at this time:

    (1)  We object to Waymo taking separate 30(b)(6) depositions of Uber and Ottomotto, unless Waymo will agree that Uber and Ottomotto may take separate 30(b)(6) depositions of Waymo.

    (2)  We object to the deposition of Bill Gurley on the grounds that he is an apex witness, and Waymo has not articulated a basis for his deposition.

    (3)  We object to the depositions of witnesses who have already been deposed, on the grounds that additional depositions would be cumulative and unduly burdensome.

    (4)  We object to Waymo taking more than 15 party depositions without seeking leave of Court or an agreement between the parties.

**1.   Party witnesses Uber expects to depose at this time**

| NAME | LOCATION |
| --- | --- |
| 30(b)(6) of Waymo | SF/PA |
| Ben Ingram | SF/PA |
| Bernard Fidric | SF/PA |
| Blaise Gassend | SF/PA |
| Chelsea Bailey | SF/PA |
| Dan McCloskey | SF/PA |
| Daniel Chu | SF/PA |
| David Drummond | SF/PA |
| Dmitri Dolgov | SF/PA |
| Don Harrison | SF/PA |
| Gary Brown | SF/PA |
| Gerard Dwyer | SF/PA |
| Jai Krishnan | SF/PA |
| Jennifer Haroon | SF/PA |
| Josh Fried | SF/PA |
| Luke Wachter | SF/PA |
| Meiling Tan | SF/PA |
| Stacey Sullivan | SF/PA |

**2.   Non-party witnesses Uber expects to depose at this time**

| NAME | LOCATION |
| --- | --- |
| Alisa Baker | SF |
| Anthony Levandowski | SF |
| Eric Amdursky | SF |
| John Gardner | SF |
| Luminar | SF/PA |
| Quanergy | SF/PA |
| Valeo | SF/PA |

**3.   Additional party witnesses Uber may depose**

| NAME | LOCATION |
| --- | --- |
| Kristinn Gudjonsson | SF/PA |
| Rahim Pardhan | SF/PA |
| Sean Noyce | SF/PA |
| Joanne Chin | SF/PA |

**4.   Additional non-party witnesses Uber may depose**

| NAME | LOCATION |
| --- | --- |
| Dave Ferguson | SF/PA |
| Jiajun Zhu | SF/PA |

Regards,

Ed

**Edward H. Takashima**

Partner

BOIES SCHILLER FLEXNER LLP

401 Wilshire Blvd, Suite 850
Santa Monica, CA 90401
(t) +1 310 752 2408
(m) +1 213 399 4154
etakashima@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]