CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
carolyn.luedtke@mto.com
MARJA-LIISA OVERBECK (State Bar No. 261707)
mari.overbeck@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Non-Party Lyft, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**NON-PARTY LYFT, INC.'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Date:    TBD<br>Time:    TBD<br>Crtrm.:  8 – 19th Floor<br>Judge:   The Hon. William H. Alsup<br><br>Trial Date: October 2, 2017 |

## I. INTRODUCTION

Uber's contention that Lyft lacks standing to seek relief from the Magistrate Judge's July 7, 2017 Order Regarding Lyft-Related Documents ("Order"), or that it somehow has waived its right to do so, lacks any basis in the law. Uber cites no authority for the proposition that Lyft cannot raise an objection to a discovery order that implicates Lyft's own highly-sensitive and confidential information. Further, it is not the case that Lyft waived its objections to Uber seeking the documents from Waymo. Lyft's motion to quash clearly stated: "Lyft strenuously objects to discovery into its confidential collaboration with Waymo being provided by either Lyft or Waymo, and it objects to any meet and confer process that would disclose the nature of the documents that exist." (ECF No. 646 at 9.) Lyft has an obvious and cognizable interest in the Lyft/Waymo deal documents that are the subject of the Magistrate's Order, and has timely and properly lodged its objections, including during its meet and confer efforts with Uber, its discussions with the Special Master, and in its motion to quash, which the Special Master set to be briefed alongside Uber's motion to compel aimed at Waymo. As soon as the Magistrate issued an order compelling documents from Waymo, Lyft filed a timely objection to that order. Lyft's interests in these documents, and the harm caused to it by their disclosure to a direct competitor, provide Lyft with standing to object to the discovery of this information and it has done so at each opportunity.

Moreover, Uber does not (and cannot) contest that if confidential information is sought through discovery, as it is here, the burden is on the party seeking that discovery to establish that the information is sufficiently relevant and necessary to its case to outweigh the harm disclosure would cause. The record demonstrates that, driven by Uber's repeated and sole claims of *relevance*, the Magistrate Judge mistakenly dispensed with a critical review of necessity and harm. This mistake was further compounded by the Magistrate's failure to consider the less intrusive means available to Uber to obtain the information it seeks.

For these reasons, Lyft respectfully requests that the Order be set aside. Lyft further requests that if the Court finds that discovery into the Lyft/Waymo deal is to be permitted, the Court direct Uber to narrow the overly-broad requests at issue and use less-intrusive discovery

mechanisms to obtain information on only those topics about which Uber claims to be concerned.

## II. ARGUMENT

### A. Lyft Has Standing To Protect the Disclosure of Its Confidential Commercial Information to Its Competitor.

Uber's contention that Lyft lacks standing to object to the Magistrate's Order is meritless. Uber cites no authority for this proposition, and instead conflates the law regarding waiver (also not applicable here) with standing.

The law permits parties with a personal interest or right in the documents requested to challenge the breadth, scope, and relevance of discovery demanded of nonparties, and Uber offers no argument for why the logic and reasoning underlying that line of cases should not apply to non-party objections to discovery sought from parties. *See, e.g.*, *Koh v. S.C. Johnson & Son, Inc.*, No. C09-00927 RMW, 2011 WL 940227, at *2 (N.D. Cal. Feb. 18, 2011) (standing to object to non-party subpoena exists based on party's "privacy rights and the irrelevance of the information sought"); *In re REMEC, Inc. Sec. Litig.*, No. CIV 04CV1948 JLS (AJB), 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008) (party has standing to challenge non-party subpoena if it "claims a personal right or privilege with respect to the documents requested in the subpoena"); *Solow v. Conseco, Inc.*, No. 06 CIV. 5988 BSJTHK, 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008) (". . . it is well-established that a party with a real interest in the documents has standing to raise objections to their production."). By the same logic, under Federal Rule of Civil Procedure 26(c)(1), a court can issue a protective order to protect "a party *or person* from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (emphasis added.) The same reasoning should extend here, and Uber has offered no law or explanation otherwise. In short, Lyft has demonstrated threatened harm as well as an interest, privilege, and right in the confidential deal documents sought by Uber that are sufficiently important to permit it to challenge the Order compelling the production of these documents to its direct competitor. This is the *sine qua non* of standing.

Further, Uber's argument that Lyft is somehow raising "new arguments" that should not be considered, or should be deemed waived, makes little sense. Lyft's objections to Uber's discovery requests have been consistently maintained since Lyft filed its initial motion to quash. Those

objections were based on overbreadth, relevance, and confidentiality—the same objections Lyft now asserts in relation to the Order.  Given the consistency with which Lyft has asserted its interests, Uber cannot be heard to argue that Lyft's objections to the production of the deal documents at issue have somehow been waived.  To the contrary, they have been unfailingly pursued, including through the instant motion for relief.

### B. The Magistrate's Order Should Be Set Aside.

Uber's next argument—that Lyft's objections to the Magistrate's Order are "inconsistent with the standard of review"—is equally meritless.  A district court may modify or set aside an order of a magistrate judge on a non-dispositive matter if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this standard—which Lyft acknowledges gives deference to the Magistrate's Order—the Court may not "substitute its judgment" for that of the Magistrate, *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991), but it is nonetheless permitted to reach a different conclusion if the challenged order "applies an incorrect legal standard or fails to consider an element of the applicable standard."  *Conant v. McCaffrey*, No. C 97-0139 FMS, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998) (citing *Hunt v. National Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir. 1989)).

Here, Lyft respectfully submits that the Order does indeed fail to consider elements of the applicable standard related to the production of confidential information.  In particular, the Order does not consider whether the documents sought by Uber are necessary to its case and, if so, whether Uber's need for the documents outweighs the harm to Lyft and Waymo caused by the disclosure of these sensitive documents to a direct competitor.  Indeed, the Order could not have done so, as Uber provided no argument or evidence in its motion to compel to make this required showing.  Uber's attempt to bypass its burden of proof by asserting that *Lyft or Waymo* ought to have raised the issue (ECF No. 920 at 4) ignores established law holding that it is the party seeking discovery who must show that the confidential information it has requested is necessary and relevant.  *In re Remington Arms Co.*, 952 F.2d 1029, 1033 (8th Cir. 1991) ("Discovery should be denied unless [plaintiff] establishes the relevance of the [confidential information] to his case, demonstrates a true need for the information, and shows that the potential harm to [defendant] is

outweighed by [plaintiff's] need for discovery."); *Frank Brunckhorst, LLC v. Ihm*, No. 11CV1883-CAB (KSC), 2012 WL 12868292, at *6 (S.D. Cal. Sept. 26, 2012) (under Rule 26(c)(1)(G) the party seeking discovery must show that the information "is relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial."). Uber's argument that the Order "contemplates" the relevant standards (ECF No. 920 at 4) is insufficient, particularly given the serious concerns Lyft has raised regarding the sensitivity of the documents and its ongoing efforts to safeguard their confidentiality. The failure of the Order to address these issues with respect to Uber's Request Nos. 149-153 was a misapplication of the required standards and warrants reversal.

Relatedly, the information Uber has requested can be provided through less intrusive means, and it was error for the Magistrate Judge not to consider these alternatives. *Echostar Satellite LLC v. Freetech Inc.*, No. C 07-6124 JW (RS), 2008 WL 4460236, at *2 (N.D. Cal. Sept. 29, 2008) (denying discovery where "[Plaintiff] has several alternative, less intrusive means to obtain evidence regarding its . . . claims."). Instead, the Magistrate Judge issued a sweeping order that compels production of "[a]ny analysis or due diligence relating to the Waymo/Lyft deal" (RFP No. 153) regardless of its connection to any allegation in the case. (ECF No. 832.) Further, the Magistrate compelled all agreements, letters of intent, and term sheets, regardless of whether a significantly narrowed inquiry (such as Waymo's existing agreement to produce all documents conveying the trade secrets at issue to third parties, which would include Lyft) would satisfy the (non-existent) showing of necessity. Uber does not address this issue, and its silence is telling.

There indisputably are less-intrusive means that could be used by Uber to obtain the damages-related information it purports to seek. The deal documents themselves need not be turned over. Rule 26(c) authorizes the Court to, among other things, make an order directing that discovery not be had, and that a trade secret or other confidential information not be revealed, or be revealed only in a designated way. The Order's failure to address these alternatives was contrary to law. Uber makes no argument otherwise.

### III. CONCLUSION

For the foregoing reasons, Lyft respectfully requests that the Court set aside the Order regarding Uber's Request Nos. 149-153.

DATED: July 19, 2017					MUNGER, TOLLES & OLSON LLP


						By:	*/s Carolyn Hoecker Luedtke*
							CAROLYN HOECKER LUEDTKE
							Attorneys for Non-Party Lyft, Inc.