MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

July 19, 2017

Writer's Direct Contact
+1 (415) 268.7020
AGonzalez@mofo.com

Honorable Jacqueline Scott Corley
United States Magistrate Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Waymo LLC v. Uber Technologies, Inc., et al.,* Case No. 3:17-cv-00939-WHA

Dear Judge Corley:

In a letter to the Court this morning (Dkt. 950), counsel for Waymo implies that Mr. Kalanick intentionally deleted text messages from his cell phone reflecting communications between himself and Mr. Levandowski. Waymo's representation is false and not at all consistent with the facts.

Mr. Kalanick's cell phone was very recently analyzed by forensic experts retained on his behalf. These forensic experts located text messages between Mr. Kalanick and Mr. Levandowski on the cell phone image—both Mr. Kalanick's messages to Mr. Levandowski, and Mr. Levandowski's messages to Mr. Kalanick. There is no evidence that Mr. Kalanick intentionally deleted text messages.

Stroz Friedberg produced a report containing texts from Mr. Levandowski to Mr. Kalanick, but not containing the companion texts from Mr. Kalanick to Mr. Levandowski. Mr. Kalanick then retained the forensic experts to do additional analysis. They identified an issue—Mr. Kalanick's cell phone did not associate outgoing messages with recipients—for all recipients, not just Mr. Levandowski. The outgoing messages were therefore not as easily compiled, but are in fact located within the cell phone image. There is no evidence whatsoever that Mr. Kalanick intentionally deleted any text messages with Mr. Levandowski or anyone else.

In its letter brief, Waymo accuses Uber of refusing to produce what it calls the Kalanick letter. This accusation is also false. Uber told Waymo that its search for the letter was ongoing, but Waymo chose to file this motion even though Uber told Waymo that the motion was premature. Perhaps Waymo did so out of a desire to say something sensational about Uber's former CEO.

This afternoon, Uber's counsel obtained a copy of the letter at issue. The letter is completely irrelevant to the issue in this case—whether Uber misappropriated trade secrets or violated

pa-1795257

one patent. Mr. Kalanick is willing to submit the letter to the Court for *in camera* inspection so that the Court can see that the letter is not relevant to these issues. Indeed, the letter contains only a passing reference to this litigation—nothing more, and says nothing about patents or the alleged misappropriation. And, although admittedly only a tentative opinion, Judge Alsup has recognized that unrelated accusations directed at Uber will not be part of this trial. (See Dkt. 775 at 4:8 ["We're not going to tell the jury that Uber is plagued with all of these problems that it has"].) If the Court believes that a formal motion for protective order is necessary, we would request leave of Court to file such a motion. We believe the Court will agree upon reviewing the letter *in camera* that such a motion is unnecessary.

The rest of Waymo's letter consists of false statements that are irrelevant to Waymo's motion. Waymo apparently included these statements because it wishes to disseminate misinformation to the public through a court filing. These false statements include:

- A false statement that Uber said it's looking for "Waymo's stolen files." Uber is looking for documents that Waymo has identified, with no evidence they are "Waymo's stolen files." More importantly, as Waymo well knows, none of these files have been found at Uber.

- A false statement that Uber "conscientiously avoided" places it knew files would be found. The truth is the opposite of Waymo's statement. Uber looked everywhere for the requested files. Inevitably some things were overlooked because of the pace of the search. When they were located, Uber immediately disclosed them.

- Most outrageously, as noted above, Waymo falsely states that "Uber has informed Waymo that Mr. Kalanick . . . deleted from his phone *all* text messages he sent to Mr. Levandowki (sic) *at any time*." That statement is a fabrication. It is not true that Mr. Kalanick deleted text messages, and it is not true that Uber informed Waymo that Mr. Kalanick deleted messages. The emails which Waymo cites for this false statement demonstrate its falsity. Waymo first cites an email from Wendy Ray (Dkt. 950-6), an attorney for Uber; she says, "We re–checked Travis Kalanick's phone and did not recover any additional messages. We are continuing to investigate whether additional recovery is possible." Nowhere in this email does Ms. Ray say that Mr. Kalanick deleted all text messages he sent to Mr. Levandowski. Next, Waymo cites an email (Dkt. 950-7) from Andrea Roberts, an attorney from Quinn Emanuel, purporting to memorialize a telephonic conferral with counsel for Uber, Esther Chang: "Ms. Chang said that the vendor did not think that this was a collection issue—meaning that any text messages sent by Travis Kalanick to Anthony Levandowski are no longer on Mr. Kalanick's phone. But, the vendor was going to check this again when it could get access to Mr. Kalanick's phone." Ms. Chang did not say that Mr. Kalanick deleted all text messages he sent to Mr. Levandowski.

Knowing that there was no actual support for its statement, Waymo made it anyway, again, perhaps out of a desire to say something sensational about Uber's former CEO. This is a clear Rule 11 violation, made worse by the incendiary nature of the allegations.

Waymo's motion should be denied because it is unrelated to the issues in this case and implicates Mr. Kalanick's privacy rights. Alternatively, if the Court would like to review the letter at issue, we would be willing to submit it to the Court for *in camera* inspection. Further, Waymo and its counsel should be directed to withdraw or correct the false statements that they have made to the Court regarding the alleged deletion of text messages.

Respectfully submitted,

Arturo J. González
Counsel for Uber Technologies, Inc.
and Ottomotto LLC

cc: All Counsel of Record
 Special Master John Cooper