MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:     415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:    202.237.2727
Facsimile:     202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>    Defendants. | Case No.      3:17-cv-00939-WHA<br><br>**UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S MOTION FOR RECONSIDERATION OF ORDER DENYING-IN-PART ADMINSTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 891)**<br><br>Date:    August 24, 2017<br>Time:    9:00 a.m.<br>Ctrm:    F, 15th Floor<br>Judge:  Hon. Jacqueline Scott Corley<br><br>Trial Date: October 10, 2017 |

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that on August 24, 2017, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA, in Courtroom 8 before the Honorable Jacqueline Scott Corley, Defendants Uber Technologies, Inc., and Ottomotto LLC ("Uber") will, and hereby do, jointly move the Court, for an order granting the relief sought in its motion for reconsideration of the Court's July 13, 2017 Order Denying In Part Administrative Motion to File Under Seal ("Order"), Docket No. 891. Specifically, Uber seeks an order:

1. Sealing portions in the second paragraph of Exhibit 5 to Waymo's Letter Brief (Dkt. 681-10) identifying specific software and hardware technical features prioritized by Ottomotto; and

2. Sealing portions in the fifth paragraph of Exhibit 5 to Waymo's Letter Brief (Dkt. 681-10) identifying projected numbers associated with analysis of potential profitability;

3. Sealing portions on Bates page UBER00017292 and UBER00017298 of Exhibit 6 to Waymo's Letter Brief (Dkt. 681-11) containing financial and commercial terms corresponding to those for which the Court granted sealing in the draft Term Sheet (*See* Dkt. 707 at 3) and for which the Court has granted sealing in the Indemnification Agreement. (Dkt. 707 at 3-4.)

4. Sealing portions on Bates page UBER0017293 of Exhibit 6 to Waymo's Letter Brief (Dkt. 681-11) identifying business terms with respect to Otto Trucking for which the Court granted sealing in the draft Term Sheet. (Dkt. 707 at 3.) For the Court's convenience, Uber has marked the portions subject to this motion in Exhibits 1 and 2 to the Declaration of Michelle Yang.

Uber's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the Declaration of Michelle Yang ("Yang Declaration"), any matters of which this Court may take judicial notice, and on such other written and oral argument as may be presented to the Court.

UBER AND OTTO'S MOTION FOR RECONSIDERATION OF ORDER DENYING-IN-PART ADMIN. MOT. TO FILE UNDER SEAL - Case No. 3:17-cv-00939-WHA
dc-879931

1

1
2  Dated: July 20, 2017                          MORRISON & FOERSTER LLP
3
                                                 By: */s/ Arturo J. González*
4                                                    ARTURO J. GONZÁLEZ

5                                                Attorneys for Defendants
                                                 UBER TECHNOLOGIES, INC.
6                                                and OTTOMOTTO LLC

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UBER AND OTTO'S MOTION FOR RECONSIDERATION OF ORDER DENYING-IN-PART ADMIN. MOT. TO FILE UNDER SEAL - Case No. 3:17-cv-00939-WHA
dc-879931

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Uber respectfully requests an order sealing certain technical, financial, commercial, and business terms in Exhibits 5 and 6 of Waymo's Letter Brief (Dkt. 681-10 and 681-11). Uber is mindful of the Court's sealing decisions in this case, including the finding that the scheduling or the signing of the Term Sheet and Indemnity Construct are now publicly known. (Dkt. 891 at 2.) Uber's request is narrowed only to the following portions, many of which correspond to terms for which the Court has previously granted sealing:

1. Sealing portions in the second paragraph of Exhibit 5 to Waymo's Letter Brief (Dkt. 681-10) identifying specific software and hardware technical features prioritized by Ottomotto; and

2. Sealing portions in the fifth paragraph of Exhibit 5 to Waymo's Letter Brief (Dkt. 681-10) identifying projected numbers associated with analysis of potential profitability;

3. Sealing portions on Bates page UBER00017292 and UBER00017298 of Exhibit 6 to Waymo's Letter Brief (Dkt. 681-11) containing financial and commercial terms corresponding to those for which the Court granted sealing in the draft Term Sheet (*See* Dkt. 707 at 3) and for which the Court granted sealing in the Indemnification Agreement (Dkt. 673; Dkt. 707 at 3-4); and

4. Sealing portions on Bates page UBER0017293 of Exhibit 6 to Waymo's Letter Brief (Dkt. 681-11) identifying business terms with respect to Otto Trucking for which the Court granted sealing in the draft Term Sheet. (Dkt. 707 at 3.)

The Ninth Circuit has explained that "[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City of Cnty. of Honolulu*, 477 F.3d 1172, 1180 (9th Cir. 2009).

The marked portions in the second paragraph of Exhibit 5 to Waymo's Letter Brief (Dkt. 681-10) identify specific software and hardware technical features prioritized for development by Ottomotto. This information has been kept confidential, and, if disclosed, competitors could obtain a competitive advantage by tailoring their own LiDAR development strategy to target these software and hardware technical features, such that Uber's competitive standing would be

UBER AND OTTO'S MOTION FOR RECONSIDERATION OF ORDER DENYING-IN-PART ADMIN. MOT. TO FILE UNDER SEAL - Case No. 3:17-cv-00939-WHA
dc-879931

3

harmed.  (Declaration of Michelle Yang in Support of Defendants' Motion for Reconsideration ("Yang Decl.") ¶ 4.)  The Court has granted sealing of similar identifications of technical features in Uber's technology.  (Dkt. 891 at 2 (granting sealing of Dkt. 741-2 at 7-13); *Compare* Yang Ex. 1 (second paragraph), with Dkt. 741-2 at 10-12 (identifying technical features).)

The marked portions in the fifth paragraph of Exhibit 5 to Waymo's Letter Brief (Dkt. 681-10) identify projected numbers associated with analysis of potential profitability.  This information has been kept confidential, and, if disclosed, competitors could obtain an advantage by using this information about Ottomotto's potential profit margin to compete against Uber, which would harm Uber's ability to compete in the self-driving truck field.  (Yang Decl. ¶ 5.)

The marked portions on Bates page UBER00017292 of Exhibit 6 to Waymo's Letter Brief (Dkt. 681-11) contain financial and commercial terms corresponding to terms for which the Court granted sealing in the Draft Term Sheet.  (*Compare* Yang Ex. 2 at UBER0017292, *with* Dkt. 510-3 at 34-36 (Exhibit B to Term Sheet).)  In the June 5, 2017 Order, the Court granted sealing of Exhibit B to the Term Sheet, which contains these commercial agreement terms, finding that this confidential business information merited sealing.  (Dkt. 550 at 3.)  The Court again granted sealing this portion of the Term Sheet in its June 23, 2017 Order.  (Dkt. 707 at 3.)

The marked portions on Bates page UBER00017298 contain financial terms corresponding to terms for which the Court granted sealing in the "indented paragraph on page 2 [of the Indemnification Agreement] beginning with 'If the Closing occurs . . . .'"  (*Compare* Yang Ex. 2 at UBER00017298, UBER0017295, with Dkt. 510-3 at 51 ("If the Closing occurs . . . .").)  The Court had found that this confidential business information merited sealing.  (Dkt. 550 at 3.)  The Court also granted sealing of corresponding terms in the Indemnification Agreement upon Uber's motion for reconsideration.  (Dkt. 653.)

The marked portions on Bates page UBER0017293 of Exhibit 6 to Waymo's Letter Brief (Dkt. 681-11) identify business terms with respect to Otto Trucking for which the Court granted sealing of these terms in the draft Term Sheet.  (Dkt. 707; *compare* Yang Ex. 2 at UBER0017293, UBER0017295, *with* Dkt. 488-1 at 7 (under "Trucking Company" in redacted version); Dkt. 488-2 at 7 (unredacted version).)  The marked portions refer to a sealed section of the Term Sheet, of

UBER AND OTTO'S MOTION FOR RECONSIDERATION OF ORDER DENYING-IN-PART ADMIN. MOT. TO FILE UNDER SEAL - Case No. 3:17-cv-00939-WHA
dc-879931

4

which the existence has not become public knowledge. If this information were disclosed, for example, competitors and counterparties could obtain a competitive advantage by tailoring their negotiation strategy to offer or demand similar business terms, such that Uber's competitive standing would be harmed. (Yang Decl. ¶ 6.)

For the foregoing reasons, Uber respectfully requests that the Court grant its motion for reconsideration and grant the sealing of: (1) the identified portions in the second paragraph of Exhibit 5 to Waymo's Letter Brief (Dkt. 681-10); (2) the identified portions in the fifth paragraph of Exhibit 5 to Waymo's Letter Brief (Dkt. 681-10); (3) the identified portions on Bates page UBER00017292 and UBER00017298 of Exhibit 6 to Waymo's Letter Brief (Dkt. 681-11); and (4) the identified portions on Bates page UBER0017293 of Exhibit 6 to Waymo's Letter Brief (Dkt. 681-11).

Dated: July 20, 2017                    MORRISON & FOERSTER LLP

                                        By: */s/ Arturo J. González*
                                              ARTURO J. GONZÁLEZ

                                        Attorneys for Defendants
                                        UBER TECHNOLOGIES, INC.
                                        and OTTOMOTTO LLC

UBER AND OTTO'S MOTION FOR RECONSIDERATION OF ORDER DENYING-IN-PART ADMIN. MOT. TO FILE UNDER SEAL - Case No. 3:17-cv-00939-WHA
dc-879931

5