# EXHIBIT 9

# FILED UNDER SEAL

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   ERIC A. TATE (CA SBN 178719)
    ETate@mofo.com
4   RUDY Y. KIM (CA SBN 199426)
    RKim@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482
    Telephone:     415.268.7000
7   Facsimile:     415.268.7522

8   KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
9   HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
10  BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
11  Washington DC  20005
    Telephone:     202.237.2727
12  Facsimile:     202.237.6131

13  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
14  and OTTOMOTTO LLC

15              UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17                SAN FRANCISCO DIVISION

18  WAYMO LLC,                          | Case No.     3:17-cv-00939-WHA

19              Plaintiff,              | **DEFENDANTS UBER
                                        | TECHNOLOGIES, INC. AND
20       v.                            | OTTOMOTTO LLC'S OBJECTIONS
                                        | AND RESPONSES TO WAYMO'S
21  UBER TECHNOLOGIES, INC.,           | FIRST SET OF EXPEDITED
    OTTOMOTTO LLC; OTTO TRUCKING LLC,  | REQUESTS FOR PRODUCTION
22                                      | PURSUANT TO PARAGRAPH SIX
              Defendants.              | OF MAY 11, 2017 PRELIMINARY
23                                      | INJUNCTION ORDER (NOS. 1-9)**

24                                      | Trial Date: October 2, 2017

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendants Uber

2   Technologies, Inc. and Ottomotto LLC (collectively "Defendants") object and respond to Plaintiff

3   Waymo LLC's First Set of Requests for Production of Documents, served on May 22, 2017.

4                              **GENERAL OBJECTIONS**

5        Defendants make the following general responses and objections ("General Objections")

6   to each definition, instruction, and request propounded in Waymo's Requests for Production of

7   Documents.  These General Objections are hereby incorporated into each specific response.  The

8   assertion of the same, similar or additional objections or partial responses to the individual

9   requests does not waive any of Defendants' General Objections.

10       1.      Defendants object to each Request, Definition, or Instruction to the extent it seeks

11  or purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules

12  of Civil Procedure or the applicable rules and orders of this Court.

13       2.      Nothing in these responses is an admission by Defendants of the existence,

14  relevance, or admissibility of any information, for any purpose.  Defendants reserve all objections

15  as to competency, relevance, materiality, privilege, or admissibility related to the use of its

16  responses and any document or thing identified in its responses as evidence for any purpose

17  whatsoever in any subsequent proceeding in this trial or any other action.

18       3.      Defendants object to each Request to the extent it seeks information not within

19  Defendants' possession, custody, or control and not kept by Defendants in their ordinary course

20  of business.  Defendants will provide only relevant, non-privileged information that is within its

21  present possession, custody, or control and available after a reasonable investigation.

22       4.      Defendants object to these Requests insofar as they purport to require Defendants

23  to search for information beyond that which is available after a reasonable search as it relates to

24  this case and the limited scope of discovery at this stage.

25       5.      Defendants object to each Request to the extent that it is not limited in time.

26  Defendants will produce information from a reasonable time period as it relates to this case.

27       6.      Defendants object to each Request to the extent it seeks a response from persons or

28  entities who are not parties to the lawsuit and over whom Defendants have no control.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    Defendants respond to the Requests on Defendants' own behalf.

2        7.        To the extent any Request, Instruction, or Definition may be construed as calling

3    for disclosure of information subject to the attorney-client privilege, work product immunity,

4    joint defense or common interest, or any other applicable privilege or protection, Defendants

5    hereby claim such privileges and immunities and object on such grounds.  Defendants do not

6    waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint

7    defense or common-interest privilege or any other privilege, immunity, or other protection that

8    may be asserted to protect information from disclosure.

9        8.        Although Defendants have diligently complied with their discovery obligations at

10   this stage, their investigations in connection with this litigation are continuing.  These responses

11   are limited to information obtained to date and are given without prejudice to Defendants' right to

12   amend or supplement their responses after considering information obtained through further

13   discovery or investigation

14       Subject to without waiving its General Objections, Defendants object and respond to the

15   Requests as follow:

16                      **SPECIFIC OBJECTIONS AND RESPONSES**

17   **REQUEST FOR PRODUCTION NO. 1:**

18       All COMMUNICATIONS between any DEFENDANT and GORILLA CIRCUITS.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

20       Defendants will produce non-privileged, responsive emails between Uber employees and

21   Gorilla Circuits.

22       To the extent Request for Production No. 1 requests anything other than the previously

23   described information, Defendants object to this Request as overbroad, not "reasonably narrow"

24   as required by the May 11, 2017 order, and not proportional to the needs of the case insofar as it

25   seeks "All COMMUNICATIONS."

26   **REQUEST FOR PRODUCTION NO. 2:**

27       All corporate formation documents for OTTOMOTTO and OTTO TRUCKING,
     INCLUDING without limitation the "Company LLC Agreement" and "Company's
28   Organizational Documents" referenced in the OTTOMOTTO MERGER AGREEMENT and the

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

OTTO TRUCKING MERGER AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants will produce corporate formation documents for OTTOMOTTO and OTTO TRUCKING.

**REQUEST FOR PRODUCTION NO. 3:**

All agreements between any founder or equity holder of OTTOMOTTO or OTTO TRUCKING, on the one hand, and any DEFENDANT, on the other.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants will produce agreements between any of the following eight employees on one hand, and Uber or Ottomotto LLC on the other:  Lior Ron, Don Burnette, Soren Juelsgaard, Colin Sebern, Claire Delauney, Jur van den Berg, Ognen Stojanovski, Rhian Morgan, and Brent Schwartz.

Pursuant to Ms. Andrea Pallios Roberts' email on May 30, 2017, Waymo agreed to narrow this Request to the above-mentioned eight current and former employees, "without prejudice to seeking further agreements in response to this RFP in the future."  To the extent Request for Production No. 3 requests anything other than the agreements for those eight current and former employees, Defendants object to this Request as overly broad, not "reasonably narrow" as required by the May 11, 2017 order, and not proportional to the needs of the case insofar as it seeks "[a]ll agreements" between "any" founder or equity hold of Ottomotto or Otto Trucking on one hand and any defendant on the other.

**REQUEST FOR PRODUCTION NO. 4:**

All agreements between TYTO and/or ODIN WAVE, on the one hand, and any DEFENDANT or LEVANDOWSKI, on the other, and any disclosures, schedules, exhibits, appendices, or attachments to such agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants will produce the asset purchase agreement between Ottomotto LLC and Tyto Lidar, LLC with the supporting disclosures, schedules, exhibits, appendices, and attachments.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    To the extent Request for Production No. 4 seeks documents other than those described

2    above, Defendants object that this Request seeks documents outside Defendants' custody or

3    control, particularly in seeking any agreements between Tyto Lidar, LLC and/or Odin Wave and

4    Mr. Levandowski.  Defendants further object to the Request as seeking information that is neither

5    relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence.

6    **REQUEST FOR PRODUCTION NO. 5:**

7    All diligence DOCUMENTS provided by OTTOMOTTO or OTTO TRUCKING to
     UBER prior to August 5, 2016, INCLUDING any Data Room or Virtual Data Room.
8

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

10    Defendants will produce all non-privileged diligence documents provided by Ottomotto

11    and Otto Trucking prior to August 5, 2016 that were placed in the transaction Data Room.

12    To the extent Request for Production No. 5 requests anything other than the previously

13    described information, Defendants object to this Request as overbroad, not "reasonably narrow"

14    as required by the May 11, 2017 order, and not proportional to the needs of the case insofar as it

15    seeks "[a]ll" diligence documents.  Defendants further object to this Request to the extent it calls

16    for materials protected by the attorney-client privilege, work product, and/or common interest

17    doctrines.

18    **REQUEST FOR PRODUCTION NO. 6:**

19    Any electronic computing device (e.g., laptops, desktop computers, mobile phones) used
     by or assigned to LEVANDOWSKI, INCLUDING any personal computing device or any device
20    issued by any DEFENDANT.

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

22    Defendants respond that they have previously informed Waymo's counsel that Waymo's

23    counsel can inspect Anthony Levandowski's Uber-issued computer upon reasonable notice, as

24    provided in the Court's May 11, 2017 order.

25    Defendants object to Request for Production No. 6 to the extent it purports to require

26    anything more than the above-referenced inspection.  Defendants further object to this request to

27    the extent it calls for information protected by the attorney-client privilege, work product

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  doctrine, and common interest privilege.  Defendants further object to this Request to the extent it

2  seeks information or materials not within Defendants' possession, custody, or control.

3  **REQUEST FOR PRODUCTION NO. 7:**

4  All DOCUMENTS REGARDING any "written consent" provided pursuant to Section 5.6
or 6.8 of the Agreement and Plan of Merger, dated April 11, 2016.

5

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

7  Defendants respond there are no documents responsive to this Request.

8  **REQUEST FOR PRODUCTION NO. 8:**

9  All documents regarding potential or actual "Pre-Signing Bad Acts" as defined in the
ACQUISITION DOCUMENTS, including by Levandowski.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

12  Defendants object to this Request because it calls for materials protected by the attorney-

13  client privilege, work product doctrine, and common interest privilege.  In particular, this Request

14  relates to the issue that is presently before the Court in Waymo's motion to compel.  As stated

15  during a call among the parties and the Special Master on June 3, 2017, to the extent responsive

16  documents exist, Defendants will produce or log them at a reasonable time following a judicial

17  resolution of the disputed issue.   Defendants further object that the Request is overbroad, not

18  "reasonably narrow," and not proportional to the needs of the case insofar as it seeks documents

19  pertaining to anyone other than Mr. Levandowski, seeks "all" documents, and seeks documents

20  about "potential" acts (though Waymo agreed to delete "potential" as a result of a meet-and-

21  confer regarding these Requests).

22  **REQUEST FOR PRODUCTION NO. 9:**

23  All COMMUNICATIONS between UBER and OTTOMOTTO REGARDING any
disclosures by OTTOMOTTO of a breach of representation or warranty or covenant in the
24  Agreement and Plan of Merger, dated April 11, 2016, including whether OTTOMOTTO engaged
any disclosures of [sic] whether OTTOMOTTO engaged in any "bad acts."

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

27  Defendants respond there are no documents responsive to this Request.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO FIRST SET OF EXPEDITED RFPs (NOS. 1-9)
Case No. 3:17-cv-00939-WHA
sf-3774913

5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

Dated: June 5, 2017                    MORRISON & FOERSTER LLP

2

3                                      By:  */s/ Arturo J. González*
                                             ARTURO J. GONZÁLEZ
4

5                                      Attorneys for Defendants
                                       UBER TECHNOLOGIES, INC.
6                                      and OTTOMOTTO LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## APPENDIX

### Information on Document Collections and

### Production Under Supplement Order ¶ 13

Defendants further provide information on their collection efforts under Paragraph 13 of the Supplemental Order.  As of June 5, 2017, Defendants have searched the following sources of information that may contain material responsive to Waymo's requests for production:

- Defendants' custodial document repositories (e.g. email repositories, Google Docs, locally stored electronic documents)
- Defendants' internal non-custodial document repositories (e.g. personnel files)
- Data room for the Uber – Ottomotto acquisition transaction

As of June 5, 2017, the following individuals employed by Defendants have searched for documents that may contain material responsive to Waymo's requests for production:

- Adam Bentley—search responsibility for documents related to Ottomotto, LLC and Otto Trucking, LLC data room, corporate formation documents for the same, and Tyto Lidar, LLC.
- Andrew Glickman—documents related to Ottomotto, LLC and Otto Trucking, LLC data room, corporate formation documents for the same, Tyto Lidar, LLC, "written consents" under the merger agreement, and communications regarding any breaches of representations or warranties.
- Christian Lymn—documents related to Ottomotto, LLC and Otto Trucking, LLC data room, corporate formation documents for the same, Tyto Lidar, LLC, "written consents" under the merger agreement, and communications regarding any breaches of representations or warranties.
- Julie DeStefano—agreements between equity holders of Ottomotto, LLC and Otto Trucking, LLC, on one hand and any Defendant on the other.
- Dave Harvey—agreements between equity holders of Ottomotto, LLC and Otto Trucking, LLC, on one hand and any Defendant on the other.

1

**CERTIFICATE OF SERVICE**

2

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address

3

is 707 Wilshire Boulevard, Los Angeles, CA 90017-3543.  I am not a party to the within cause, and I am over the age of eighteen years.

4

I further declare that on June 5, 2017, I served true and correct copies of the following documents:

5

6

- **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION PURSUANT TO PARAGRAPH SIX OF MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 1-9)**

7

8

☒      **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically

9

mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

10

11

| Recipient | Email Address: |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788 | qewaymo@quinnemanuel.com |
| Leo P. Cunningham<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br><br>*Attorneys for Plaintiff Waymo LLC* | lcunningham@wsgr.com |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<table>
<tr><td>
I. Neel Chatterjee<br>
GOODWIN PROCTER LLP<br>
135 Commonwealth Drive<br>
Menlo Park, CA94025<br>
<br>
Brett M. Schuman<br>
Rachel M. Walsh<br>
GOODWIN PROCTER LLP<br>
Three Embarcadero Center<br>
San Francisco, California 94111<br>
<br>
*Attorneys for Defendant Otto Trucking LLC*
</td><td>
nchatterjee@goodwinlaw.com<br>
bschuman@goodwinlaw.com<br>
rwalsh@goodwinlaw.com
</td></tr>
</table>

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Palo Alto, California, this 5th day of June, 2017.

| Ethel Villegas | /s/ Ethel Villegas |
|:---:|:---:|
| (typed) | (signature) |