QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OPPOSITION TO UBER'S MOTION FOR RELIEF FROM NON-DISPOSITIVE ORDER RE: WAYMO'S MOTION TO COMPEL** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal information in its July 21, 2017 Opposition to Uber's Motion for Relief from Nondispositive Order Re: Waymo's Motion to Compel ("Waymo's Opposition").  Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Portions of Waymo's Opposition | Portions highlighted in blue | Defendants |
| | Portions highlighted in green | Waymo |

## I.   LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*

## II.   UBER'S CONFIDENTIAL INFORMATION

Waymo seeks to seal the portions of Waymo's Opposition (portions highlighted in blue) only because Defendants have designated the information confidential and/or highly confidential. Declaration of Lindsay Cooper ("Cooper Dec."), ¶ 3.  Waymo expects Defendants to file one or more declarations in accordance with the Local Rules.  *Id.*

## III.   THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the portions of Waymo's Opposition (portions highlighted in green) identified by Waymo in the table above.  Waymo seeks to file this information under seal because it discloses Waymo's trade secrets and confidential business information.  *See* Cooper Dec., ¶ 4. Courts have determined that trade secret information merits sealing.  *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14–cv–03078–JSC, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal

1  document that "consists entirely of descriptions of Brocade's trade secrets."). Confidential business
2  information that, if released, may "harm a litigant's competitive standing" also merits sealing. *See*
3  *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978). Waymo seeks to seal confidential
4  business information and trade secret information that fit squarely within these categories. Cooper
5  Dec. ¶ 4. Waymo maintains this information as a trade secret (*see* Dkt. 25-31) and ensures the
6  information remains secret with strict secrecy and security protocols (*see* Dkt. 25-47; Dkt. 25-49.). *Id.*
7  Waymo has narrowly tailored its requests to only information meriting sealing. *Id.* In fact, both
8  *Music Grp.* and *Brocade* found the confidential information at issue in those cases met the heightened
9  "compelling reasons" standard for sealing. *Music Grp.*, 2015 WL 3993147, at *1; *Brocade*, 2013 WL
10 211115, at *1, *3. The information that Waymo seeks to seal, therefore, also meets this heightened
11 standard. The disclosure of Waymo's trade secret and confidential business information would harm
12 Waymo. Cooper Dec. ¶ 4. Moreover, the scope of information that Waymo is seeking to seal is
13 consistent with other administrative motions to seal that have already been granted by the Court in this
14 case. (*See* Dkt. 681.) Thus, the Court should grant Waymo's administrative motion to seal.

15 **IV.     CONCLUSION**

16        In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the
17 above listed documents accompany this Administrative Motion. For the foregoing reasons,
18 Waymo respectfully requests that the Court grant Waymo's Administrative Motion.

20 DATED: July 21, 2017                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                           By */s/ Charles Verhoeven*
                                              Charles Verhoeven
                                              Attorneys for WAYMO LLC