QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>    Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S RESPONSE TO OTTO TRUCKING'S MOTION FOR RELIEF FROM AND EMERGENCY MOTION TO STAY OF NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 881)**<br><br>Judge: The Honorable William Alsup<br><br>Trial Date: October 10, 2017 |

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

1    Otto Trucking does not dispute that each of its four corporate officers use personal email
2 accounts to conduct Otto Trucking business, and does not dispute that these emails are responsive
3 to Waymo's document requests.  (*See* Dkt. 681-4, 2 n.1.)  Otto Trucking objects to producing
4 these documents on the lone ground that it "does not have control" over its officers' emails.  (Dkt.
5 927-4 ("Br."), 6.)  But Otto Trucking does have control over its officers, both because ▮▮▮
6 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Further, as
7 Judge Corley noted, to side with Otto Trucking would be to allow a corporation to insulate all of
8 its corporate correspondence from discovery merely by conducting such correspondence with
9 personal emails.  The Court should order production by Otto Trucking.
10    Under FRCP 72, a district judge considering timely objections to a magistrate judge's
11 nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law."
12 *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).  As Otto Trucking
13 concedes, the determination of "control" in the context of a party's ability to obtain documents
14 from its officers is "fact specific."  Br. 4.  The Court must review Judge Corley's factual findings
15 for clear error.  *Quinn v. Robinson*, 783 F.2d 776, 791 (9th Cir.1986).
16    This district has previously recognized that "[n]umerous courts have found that
17 corporations have control over their officers and employees and that corporations may be required
18 to produce documents in their possession."  *Miniace v. Pac. Martime Ass'n*, No. C 04-03506 SI,
19 2006 WL 335389, at *2 (N.D. Cal. Feb. 13, 2006).  The determination hinges on factors such as
20 fiduciary duty and the power to terminate, the latter of which "easily satisfies the standard for
21 control."  *Id.*
22    Otto Trucking does not dispute that termination power suffices for control.  Br. 4.  ▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
28 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  █████████████████████████████████
2  ██████████

3    "Control" for document-production purposes may also be established by fiduciary duty.  In *Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 558 (S.D.N.Y. 1994), the United States District Court for the Southern District of New York squarely held that as to documents "created in connection with the officer's functions as a corporate employee, the corporation has a proprietary interest in them and the officer has a fiduciary duty to turn them over on demand." *Id.* at 559; *see also Miniace*, 2006 WL 335389, at *2 (citing *Riddell* approvingly).

   Otto Trucking cites only two cases in arguing that a company may not compel production of personal emails (Br. 2-3), but neither controvert *Riddell* because, as Judge Corley noted, neither involved corporate officers.  (Dkt. 881, 3; *see Matthew Enter., Inc. v. Chrysler Grp. LLC*, No. 13-CV-04236-BLF, 2015 WL 8482256, at *3-*4 (N.D. Cal. Dec. 10, 2015) (car dealership lacks control over non-officer employees); *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, No. 12-CV-2582 CW JSC, 2013 WL 1767960, at *2-3 (N.D. Cal. Apr. 15, 2013) (no control over non-officer Taiwan-based consultant).).  Indeed, Otto Trucking does not dispute the legal tenet that an officer's fiduciary duty to a company requires the officer to turn documents over to that company, nor that the personal emails at issue here were created in connection with corporate functions.  In fact, Otto Trucking confirms that because Otto Trucking has no email servers, the *only* emails concerning company business are those in its officers' personal email accounts.  (Dkt. 928, 2.).

   Instead, Otto Trucking argues that its ████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

---

[1] ████████████████████████████████████████████████████████
████

1 ▮
2 ▮
3 ▮
4 ▮
5 ▮
6 ▮
7 ▮

8   Finally, even absent a fiduciary duty, Otto Trucking could not escape its obligation to
9 provide discovery into company affairs merely by conducting its affairs exclusively through
10 personal emails.  As Judge Corley noted, it would be "remarkable" to allow a party to evade its
11 discovery obligations merely by using personal emails, and Otto Trucking has not presented any
12 case endorsing that proposition. (Dkt. 881, 3.)  Thus, because Mr. Levandowski, Mr. Ron, Mr.
13 Bentley, and Ms. Morgan are all under the control of party Otto Trucking and because they may
14 not evade discovery merely by conducting business using personal email, discovery into Otto
15 Trucking's business affairs is properly sought through Rule 34, and not Rule 45, as Otto Trucking
16 suggests.

17   For the foregoing reasons, the Court should deny Defendant Otto Trucking's Motion for
18 Relief From and Emergency Motion for Stay of Non-Dispositive Pretrial Order of Magistrate
19 Judge.

21 DATED: July 21, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP

22                                     By */s/ Charles K. Verhoeven*
23                                        Charles K. Verhoeven
                                         Attorneys for WAYMO LLC