MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendant. | Case No.   3:17-cv-00939-WHA<br><br>**OPPOSITION TO WAYMO'S MOTION *IN LIMINE* NO. 4**<br><br>Date: July 26, 2017<br>Time: 8:00 a.m.<br>Ctrm: 8, 19th Floor<br>Judge: The Honorable William Alsup<br><br>Trial Date: October 10, 2017 |

Waymo wants to tell the jury that Uber misappropriated the "downloaded materials" that Waymo claims contain its trade secrets. But then Waymo conveniently wants to prevent Uber from telling the jury that Uber looked for but did not find any of the "downloaded materials" at Uber. Waymo is well aware that Uber thoroughly inspected its computer systems and found no evidence of Uber ever having received "Downloaded Materials,"—the definition of which, of course, is not coextensive with the 14,000 files Levandowski downloaded just as it is not the same thing as a trade secret. Waymo wants to prevent the jury from finding out that those searches for anything that could remotely look like it came from Google—regardless of whether it was a trade secret—were conducted by highly skilled forensics experts, were repeated with search terms that Waymo selected, and were done with enormous rigor. Waymo also does not want Uber to tell the jury that Waymo's lawyers have conducted ten separate physical inspections of Uber engineers' computers and workstations and of all four of Uber's facilities where LiDAR work occurs, and have found nothing.

Waymo understands the force of this evidence and its implications for its case, because there is no question it is not only relevant, but highly probative. Indeed, if these searches and inspections had uncovered any of the "downloaded materials," let alone any actionable trade secrets, that finding would be the first sentence in Waymo's opening statement. The opposite side of that coin is equally relevant.

Accordingly, Waymo wants to exclude this highly probative evidence—or improperly introduce evidence of the Court's preliminary injunction along with it—because its evidence of misappropriation against Uber is weak and Waymo is now desperate to prevent Uber from putting on its defense. None of Waymo's arguments, however, come close to warranting exclusion of these critical facts and depriving Uber of its ability to defend against Waymo's allegations that Uber stole Waymo's trade secrets. Below, we briefly summarize the evidence that Uber would seek to introduce at trial and then address Waymo's three arguments.

## I. THERE IS SIGNIFICANT ADMISSIBLE EVIDENCE PERTAINING TO UBER'S EFFORTS TO LOCATE THE ALLEGED "DOWNLOADED MATERIALS"

The evidence showing that Uber does not have—and has never had—the alleged "downloaded materials" includes the following facts:

1. Uber's forensics expert looked for the "downloaded files" in Uber's servers and computers using search terms (including some provided by Waymo), and also conferred with Waymo's forensics consultant for search suggestions. None of the "downloaded files" were found. There were a few unrelated Google documents found and they were returned to Waymo.

2. Uber asked Anthony Levandowski to return any "downloaded materials" he might have to Uber's counsel, who would provide them to Waymo's lawyers. When he did not do so, he was fired.

3. Uber has allowed Waymo lawyers and experts to personally inspect four of its facilities for dozens of cumulative hours over ten separate visits and they have found nothing. During those inspections, certain Uber computers and devices that were requested by Waymo were made available for review.

These straightforward facts are essentially undisputed and can be carefully presented to the jury. Indeed, Uber has offered Waymo the opportunity to present these facts to the jury via stipulation. Waymo has indicated that the offer is premature because of this pending motion. (González Decl. ¶ 2.) If Waymo rejects the offer to stipulate to these and other facts, we anticipate that various witnesses would testify about these facts, including Uber's forensics and industry experts, as well as Angela Padilla, Uber's Associate General Counsel for Litigation & Employment. Waymo, of course, remains free to challenge the import of these facts through cross examination and the presentation of any additional facts it deems appropriate.

## II. NONE OF WAYMO'S THREE ARGUMENTS WARRANT EXCLUDING THIS IMPORTANT EVIDENCE

*First*, Waymo argues that allowing the jury to hear about Waymo's and Uber's efforts to find the "downloaded materials" would "open the door" to Waymo saying that these efforts were

in response to Orders from this Court.  No such door would be opened.  Uber intends to present facts that bear upon *what* was done to locate the downloaded materials at Uber, not *why* Uber undertook those efforts.  The latter fact is irrelevant.  The relevant fact is that both Waymo and Uber thoroughly investigated whether "downloaded materials" were located at Uber and none were found.  There is no lawful basis for precluding Uber from presenting this fact to the jury.

*Second*, Waymo claims that because certain employee questionnaires have not been produced, Uber should not be able to introduce *any* of the evidence identified above (which is separate and apart from the questionnaires themselves).  That argument is simply wrong as a matter of law.  Uber does not need to effect a waiver over privileged material it has no intention of introducing at trial (attorney-client privileged and work-product protected interviews of its employees) in order to show the jury separate non-privileged facts identified above.  And even if Uber's reliance on its forensic experts' search for "downloaded materials" and Waymo's inspections could be said to be a privilege waiver (it is not), that waiver would not extend to the completely different subject of employee and agent interviews.  *See Trireme Med., LLC v. Angioscore, Inc.*, No. 14-CV-02946-LB, 2016 WL 4191828, at *2 (N.D. Cal. Aug. 9, 2016) ("[W]aiver on particular topics did not yield broad disclosure of entirety of patent prosecution material") (internal quotation marks & citation omitted).

Moreover, the authority cited by Waymo contradicts its overbroad request to exclude any argument, testimony, or evidence about efforts taken in response to the Court's Preliminary Injunction Order.  (Dkt. 913 at 1.)  The court in *Universal Electronics* denied a motion *in limine* to exclude evidence or argument regarding why the plaintiff had changed the inventorship of a patent as "overly broad" because the plaintiff's witness answered some questions about the change, while asserting privilege for other questions.  *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. SACV 12-00329 AG (JPRx), 2014 WL 8096334, at *8 (C.D. Cal. Apr. 21, 2014).  Here, Uber has provided extensive, non-privileged information on its efforts related to the Preliminary Injunction Order to the Court, the Special Master, and Waymo.  (*E.g.*, Dkt Nos. 715, 762, 967.)  There is no surprise here, and no basis to exclude argument, testimony, or evidence of such non-privileged efforts.

1   Further, even if such a waiver were required (and it is not), Waymo admits the only two
2   cases that it cites deal with preclusion where a party attempts to waive privilege after the close of
3   discovery.  (Mot. at 1 (citing *Universal Elecs.*, 2014 WL 8096334, at *8; *Edward Lowe Indus.,*
4   *Inc. v. Oil–Dri Corp. of Am.*, No. 94-C-7568, 1995 WL 609231, at *5 (N.D. Ill. Oct. 13, 1995).)
5   Discovery is not closed in this case.

6   *Third*, Waymo claims the "the only individuals" with knowledge of the facts set forth
7   above would be MoFo lawyers.  That is wrong.  As noted above, other witnesses, including
8   Uber's forensics expert, will testify about searches that were done and communications with
9   Waymo's experts, who also did not locate any downloaded materials at Uber.  In addition, Angela
10  Padilla and other Uber witnesses who were present at the inspections can testify about the on-site
11  inspections that were done by Waymo at Uber's offices and at MoFo's offices.  Moreover, even if
12  a MoFo lawyer testified about a fact—such as "I was at MoFo when two lawyers for Waymo
13  came to look at one of Uber's computers in our office"—that would not warrant preclusion and
14  would not impact this Court's ruling regarding MoFo's work on the Ottomotto transaction.

15  For all of these reasons, Waymo's motion to exclude any argument, testimony, or
16  evidence regarding Defendants' efforts during the litigation to try to locate the "downloaded
17  materials." (Dkt. 913 at 2.)  Waymo's motion should be denied.

18  Dated:  July 21, 2017                              MORRISON & FOERSTER LLP

20                                                    By:  */s/ Arturo J. González*
                                                          Arturo J. González

22                                                    Attorneys for Defendants
                                                      UBER TECHNOLOGIES, INC.
23                                                    and OTTOMOTTO LLC