Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant:*
*Otto Trucking LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>  Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANT OTTO TRUCKING'S OPPOSITION TO PLAINTIFF WAYMO LLC'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 881)**<br><br>Courtroom:   8<br>Judge:        Hon. William Alsup<br>Trial Date:   October 10, 2017 |

1    Defendant Otto Trucking LLC ("Otto Trucking") respectfully submits this opposition to

2    Plaintiff Waymo LLC's ("Waymo") Motion for Relief from Non-Dispositive Pretrial Order of

3    Magistrate Judge (Dkt. 881).  As Judge Corley ruled, Otto Trucking has complied with its discovery

4    obligations in answering interrogatories based on the information available to it, including

5    information provided by Otto Trucking's officers, Lior Ron, Adam Bentley, and Rhian Morgan.

6    (Dkt. 881 at 3).  Waymo has accepted the sufficiency of the information provided by these officers

7    as it has not challenged Judge Corley's order as to this finding.  Instead, Waymo's motion seeks to

8    overturn Judge Corley's July 12, 2017 motion only "insofar as it holds Otto Trucking is not

9    obligated to provide information and documents in the custody, control, or possession of Anthony

10    Levandowski."  (Dkt. 932 at 1).  Waymo's motion should be denied in its entirety.

11    Waymo argues that Judge Corley's order was error because it allowed a corporation, Otto

12    Trucking, to assert a Fifth Amendment privilege against self-incrimination.  This argument both

13    misconstrues Otto Trucking's position and Judge Corley's findings.  Otto Trucking is not attempting

14    to assert a Fifth Amendment privilege against self-incrimination.  Anthony Levandowski, ***an***

15    ***individual***, is asserting his Fifth Amendment privilege against self-incrimination.  And because Mr.

16    Levandowski has asserted his Fifth Amendment right and has not cooperated with  discovery in this

17    matter, Otto Trucking is powerless to produce any information or documents that are solely within

18    Mr. Levandowski's possession.[1]  Judge Corley correctly characterized Waymo's insistence that Otto

19    Trucking must have information responsive to interrogatory responses through Mr. Levandowski's

20    ownership of Otto Trucking notwithstanding his assertion of the Fifth Amendment privilege as

21    "disingenuous."  (Dkt. 881 at 3).

22    Waymo cites no authority to support its novel theory that the knowledge of an individual

23    who invoked his Fifth Amendment right should be imputed to a corporation.  In *Nat'l Abortion*

24    *Fed'n v. Ctr. for Med. Progress*, 134 F. Supp. 3d 1199, 1201 (N.D. Cal. 2015), the only case cited in

25    Waymo's motion, the court rejected an attempt by two ***corporations*** to assert Fifth Amendment

26

27

28

---

[1] In addition, Otto Trucking is unable to produce documents from Anthony Levandowski's personal email as those documents are not in the possession, custody, or control of Otto Trucking for the reasons stated in Otto Trucking's Motion for Relief From Dispositive Pretrial Order regarding its responses to Waymo's requests for production of documents.  *See* Dkt. 928.

rights against self-incrimination.  Unlike *Nat'l Abortion Fed'n*, Otto Trucking has not asserted a Fifth Amendment privilege against self-incrimination.  Indeed, Otto Trucking has substantively answered Waymo's interrogatories and produced documents responsive to Waymo's requests. Though Mr. Levandowski, an individual separate from Otto Trucking, has asserted his Fifth Amendment privilege, all other individuals associated with Otto Trucking, including Ms. Morgan, Mr. Bentley, and Mr. Ron—Otto Trucking's other managing member, have cooperated with Otto Trucking's investigation and provided information responsive to Waymo's discovery requests.  Otto Trucking is cooperating to the full extent that it is able to and Waymo's motion to compel is a disingenuous attempt to engage Otto Trucking in frivolous motion practice.

To the extent that this motion concerns, yet again, the sufficiency of Otto Trucking's efforts to obtain information from Mr. Levandowski, that issue is already pending before the Court. (Dkts. 677, 804, 847).  As stated in in those submissions, Otto Trucking and its members do not have the ability to force any action from Mr. Levandowski.

For these reasons, the Court should deny Waymo's motion for relief.

Dated:   July 21, 2017                    Respectfully submitted,

By:     /s/   Neel Chatterjee
        Neel Chatterjee
        *nchatterjee@goodwinlaw.com*
        Brett Schuman
        *bschuman@goodwinlaw.com*
        Shane Brun
        *sbrun@goodwinlaw.com*
        Rachel M. Walsh
        *rwalsh@goodwinlaw.com*
        Hong-An Vu
        *hvu@goodwinlaw.com*
        Hayes P. Hyde
        *hhyde@goodwinlaw.com*
        **GOODWIN PROCTER** **LLP**


        *Attorneys for Defendant:*
        *Otto Trucking LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **July 21, 2017**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.  I certify under penalty of perjury that the foregoing is true and correct.

Executed on **July 21, 2017**, at Menlo Park, California.


/s/   Neel Chatterjee
NEEL CHATTERJEE