Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant:*
*Otto Trucking LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>             Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANT OTTO TRUCKING'S OPPOSITION AND NOTICE TO JOIN AND ADOPT DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO LLC'S OPPOSITION TO PLAINTIFF WAYMO LLC'S MOTION *IN LIMINE* NO. 4**<br><br>Courtroom:    8<br>Judge:           Hon. William Alsup<br>Trial Date:    October 10, 2017<br><br>REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Otto Trucking, LLC ("Otto Trucking") hereby opposes Plaintiff Waymo's Motion *In Limine* No. 4 and joins and adopts Co-Defendants Uber Technologies, Inc.'s ("Uber") and Ottomotto LLC's ("Ottomotto") Opposition to Waymo's Motion *in Limine* No. 4 (Dkt. No. 978) (the "Opposition"). In support of the Opposition, Otto Trucking states as follows:

1. On July 17, 2017, Plaintiff Waymo LLC filed its Motion *in Limine* No. 4 to preclude any argument, testimony, or evidence about efforts taken in response to the Court's Preliminary Injunction order, including to preclude any reference to the questionnaires and witness interviews Defendants did during the litigation.

2. On July 21, 2017, Co-Defendants Uber and Ottomotto submitted their Opposition to Waymo's Motion *in Limine* No. 4 (Dkt No. 978).

3. Otto Trucking joins and adopts, as if set out verbatim herein, the arguments, authorities, contentions, and prayers of Co-Defendants Uber and Ottomotto set forth in the Opposition for the reason that said response is equally applicable to Otto Trucking in the above-captioned matter.[1] Otto Trucking further states that:

   a. Otto Trucking is a limited liability company with no operations or facilities. Otto Trucking's wholly-owned subsidiary, Otto Transport LLC ("Otto Transport") owns three trucks. Neither Otto Trucking nor Otto Transport are involved in the development of LiDAR and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

   b. Otto Transport's address is the same as one of the facilities inspected by Waymo in this litigation. During that inspection, none of Waymo's lawyers or experts found any of the allegedly "downloaded files." Nevertheless, Otto Trucking offered to make Otto Transport's trucks available for inspection on July 6, 2011. Waymo

---

[1] Otto Trucking clarifies that Waymo has no evidence that Mr. Levandowski took any "downloaded files" such that any needed to be returned or provided to Uber. Otto Trucking disputes Waymo's suggestion that any such activity occurred.

1

1  responded on July 20, 2017 requesting a further inspection of Defendants' premises
2  and the Otto Transport trucks.
3      c. Waymo has no evidence that Otto Trucking received any purported trade secrets or
4  did anything involving the Spider or Fuji LiDAR systems that allegedly contained
5  Waymo's purported trade secrets.  As is the case for Co-Defendants Uber and
6  Ottomotto, Waymo's investigation of Otto Trucking has failed to yield any evidence
7  that the alleged "downloaded materials" are in Otto Trucking's possession.  Otto
8  Trucking personnel Lior Ron, Adam Bentley, and Rhian Morgan have no knowledge
9  of the downloaded materials.  Accordingly, Otto Trucking should be allowed to
10 show at trial that Waymo's investigation of Otto Trucking came up empty.

4. Otto Trucking joins and adopts Co-Defendants' Opposition to best serve justice and avoid unnecessary or duplicative, effort, time, or expense to the parties involved.

WHEREFORE, Defendant Otto Trucking LLC hereby opposes Plaintiff Waymo's Motion *In Limine* No. 4 joins and adopts Co-Defendants' Opposition to Waymo's Motion *in Limine* No. 4 (Dkt No. 978).

Dated:  July 21, 2017             Respectfully submitted,

By:  /s/   Neel Chatterjee
     Neel Chatterjee
     *nchatterjee@goodwinlaw.com*
     Brett Schuman
     *bschuman@goodwinlaw.com*
     D. Shane Brun
     *sbrun@goodwinlaw.com*
     Rachel M. Walsh
     *rwalsh@goodwinlaw.com*
     Hong-An Vu
     *hvu@goodwinlaw.com*
     Hayes P. Hyde
     *hhyde@goodwinlaw.com*

     *Attorneys for Defendant:*
     *Otto Trucking LLC*

2

OTTO TRUCKING'S OPPOSITION AND NTC TO JOIN AND ADOPT UBER TECHNOLOGIES, INC.'S AND
OTTOMOTTO'S OPPOSITION TO WAYMO'S MOTION *IN LIMINE* NO. 4          Case No. 3:17-cv-00939-WHA

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **July 21, 2017**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I certify under penalty of perjury that the foregoing is true and correct.

Executed on **July 21, 2017**, at Menlo Park, California.

/s/   Neel Chatterjee
NEEL CHATTERJEE