MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:	415.268.7000
Facsimile:	415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:	202.237.2727
Facsimile:	202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>    Defendants. | Case No.     3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF OPPOSITION TO UBER AND OTTOMOTTO'S MOTION TO ENFORCE THE COURT'S JUNE 7, 2017 ORDER, STRIKE WAYMO'S SUPPLEMENTAL INITIAL DISCLOSURE, AND PRECLUDE DAMAGES CLAIMS AND CERTAIN WITNESSES (DKT. 933)**<br><br>Trial Date: October 10, 2017 |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Plaintiff's Administrative Motion to File Under Seal Exhibits in Support of Opposition to Uber and Ottomotto's Motion to Enforce the Court's June 7, 2017 Order, Strike Waymo's Supplemental Initial Disclosure, And Preclude Damages Claims And Certain Witnesses (Dkt. 933). I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit 6 | Marked portions (in red boxes) |

2. The marked portions (in red boxes) on pages 10, 12, 18, and 19 of Exhibit 6 contain highly confidential information regarding financial terms of a business agreement, the potential value of stock awards contingent upon multiple factors, including specific milestone accomplishments, and financial information of Ottomotto, including information about the structure, economic value, detailed monetary terms, and negotiations of business agreements with counterparties who have ongoing relationships with Defendants. These portions also include highly confidential internal emails discussing specific commercial terms such as purchase amounts, payment, and delivery terms. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. If this information were to be released to the public, Defendants' competitors and counterparties would have insight to how Defendants structure their business agreements, including what potential monetary terms have been offered, which would allow them to tailor their own business negotiation strategy, such that Uber's competitive standing could be harmed.

3. The marked portions (in red boxes) on pages 10, 11, 12, 13, 14, 16, 18, 19, 27, and 28 of Exhibit 6 also contain highly confidential information regarding Uber's competitive analysis of the self-driving market, strategic priorities, and development of its own detailed

market strategy, including Uber's internal development timeline estimate and internal analyses of potential business and production models.  This highly confidential information is not publicly known, and its confidentiality is strictly maintained.  If this information were to be released to the public, Defendants' competitors and counterparties would have insight to how Defendants' analysis of business opportunities, strategic priorities, development timelines, and how Defendants have chosen to strategically position themselves within this market.  This would allow competitors to understand Uber's LiDAR development and business strategy, and allow them to tailor their own LiDAR development, such that Uber's competitive standing could be harmed.

4. The marked portions (in red boxes) on pages 11, 12, and 19 of Exhibit 6 also contain actual and projected component or device pricing, estimated costs relating to such components or devices, the identification of a confidential vendor of Uber, and projected unit numbers.  This highly confidential information is not publicly known, and its confidentiality is strictly maintained.  If this information were released to the public, Defendants' competitors could tailor their LiDAR strategy to target this component price or this confidential vendor, such that they obtain a competitive advantage against Uber.

5. Defendants' request to seal is narrowly tailored to those portions of Plaintiff's Exhibits that merit sealing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21st day of July, 2017, at San Diego, California.

                                                  */s/ Michelle Yang*
                                                    Michelle Yang

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated: July 21, 2017

*/s/ Arturo J. González*
Arturo J. González