Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: +1 213 426 2500
Fax.: + 1 213 623 1673

*Attorneys for Defendant*
Otto Trucking LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Waymo LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**OTTO TRUCKING LLC'S REPLY TO MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER RE:WAYMO'S MOTION TO COMPEL OF MAGISTRATE JUDGE (DKT. 881)**<br><br>Courtroom:   8, 19th Floor<br>Judge:         Honorable William Alsup<br>Trial Date:   October 10, 2017<br><br>REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEALE |

Magistrate Judge Corley erred when she found that Otto Trucking was required to search personal emails outside of its custody or control.  Waymo's Opposition brief does not cite any applicable authority that stands for the extraordinary relief it seeks here—to use party discovery under Rule 34 to compel Otto Trucking to search and collect documents located in the personal email accounts that belong to non-parties.  From the beginning, Otto Trucking has objected to Waymo's Motion to Compel (the "Motion") as an improper use of Rule 34 party discovery—Otto Trucking does not have possession, custody, or control over the documents Waymo seeks.  Instead, Waymo's requests for production must be asserted under Rule 45 subpoenas issued directly on the non-parties themselves.  The non-parties should have the opportunity to respond to requests for information in their personal emails.  Waymo could subpoena these individuals, and in the case of Lior Ron, has already issued a subpoena.  By seeking to compel Otto Trucking instead, Waymo attempts to circumvent the protections under Rule 45 and force Otto Trucking to take action it is not empowered to do.

The Ninth Circuit and this District have repeatedly held that a party does not have control over the personal email accounts of non-parties absent "the legal right to obtain documents upon demand."  *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999); *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir.1989); *see also Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-02549-WHA (NJV), 2013 WL 4758055, at *2 (N.D. Cal. Sept. 4, 2013); *Seifi v. Mercedes-Benz U.S.A., LLC*, No. 12-CV-05493TEH (JSC), 2014 WL 7187111, at *2 (N.D. Cal. Dec. 16, 2014); *Genentech, Inc. v. Trustees of Univ. of Pennsylvania*, No. C 10-2037 PSG, 2011 WL 5373759, at *1 (N.D. Cal. Nov. 7, 2011).  "[T]he Ninth Circuit has declined to define control in a manner that focuses on the party's practical ability to obtain the requested documents."  *Philips v. Ford Motor Co.*, No. 14-CV-02989 LHK (NC), 2016 WL 8505624, at *1 (N.D. Cal. June 10, 2016) (citing *In re Citric Acid Litig.*, 191 F.3d at 1107) (quotation marks omitted).  In this Circuit, documents are not discoverable under Rule 34 if the entity that holds them "could legally—and without breaching any contract—continue to refuse to turn over such documents."  *Dugan*, 2013 WL 4758055, at *2 (citing *In re Citric Acid Litig.*, 191 F.3d at 1107).

1

OTTO TRUCKING LLC'S REPLY TO MOTION FOR RELIEF FROM ORDER RE:
WAYMO'S MOTION TO COMPEL (DKT. NO. 881)            CASE NO. 3:17-CV-00939-WHA

1    In its motion, Otto Trucking cited to two cases that are directly on point and hold that in
2 the Ninth Circuit, a company cannot compel its employees to provide access to their personal
3 emails.  Dkt. 932 at 2–3, (discussing *Matthew Enterprise, Inc. v. Chrysler Grp., LLC*, No. 13-CV-
4 04236-BLF, 2015 WL 8482256 (N.D. Cal. Dec. 10, 2015) and *Ubiquiti Networks, Inc. v. Kozumi*
5 *USA Corp.*, No. 12-cv-2582 CW JSC, 2013 WL 1767960 (N.D. Cal. Apr. 15, 2013)).  Waymo's
6 Opposition brief fails to address in any substantive way these cases holding that, under Ninth
7 Circuit authority, an employer *does not have control* over the documents in the personal email
8 accounts that belong to non-parties.  *See* Opp. at 2; *see also In re Citric Acid Litig.*, 191 F.3d at
9 1107; *Int'l Union of Petroleum & Indus. Workers*, 870 F.2d at 1452.  Waymo incorrectly argues
10 that *Matthew Enterprise* and *Ubiquiti* do not apply to officers of a company.  However,  Judge
11 Grewal in *Matthew Enterprise* considered a case outside the Ninth Circuit that held that a
12 company does have control over personal email for officers and expressly rejected it as contrary to
13 Ninth Circuit law.  *Matthew Enterprises*, 2015 WL 8482256 at *4, n.44 (distinguishing *P.R. Tel.*
14 *Co., Inc. v. San Joan Cable, LLC*, No. 11-cv-2135, 2013 WL 5533711, at *1 (D.P.R. Oct. 7,
15 2013)).

16   The only case in this jurisdiction that Waymo cites in support is *Miniace v. Pacific*
17 *Maritime Association*,  No. C 04-03506 SI, 2006 WL 335389 (N.D. Cal. Feb. 13, 2006).  Opp. at
18 1.  *Miniace*, however, did not present the situation here in which the movant is seeking to compel
19 discovery of the non-party's personal email accounts.  *See* 2006 WL 335389 at *1. Unlike the
20 directors in *Miniace*, Otto Trucking does not have the legal right to compel the production of
21 documents from these personal email accounts. [REDACTED]
22 [REDACTED]
23 [REDACTED]
24 [REDACTED]
25 [REDACTED]
26 [REDACTED]
27   Waymo also cites to a case from the Southern District of New York to argue that
28 "'[c]ontrol' for document-production purposes may also be established by fiduciary duty." Opp.

2

OTTO TRUCKING LLC'S REPLY TO MOTION FOR RELIEF FROM ORDER RE:
WAYMO'S MOTION TO COMPEL (DKT. NO. 881)          CASE NO. 3:17-CV-00939-WHA

1  at 2 (citing to *Riddell Sports, Inc. v. Brooks*, 158 F.R.D. 555, 558 (S.D.N.Y. 1994)).  But this

2  argument relies on authority that has been disavowed by judges in this District.  Where the Second

3  Circuit defines control as "the legal right or the practical ability to obtain . . . documents,"

4  *Riddell Sports*, 158 F.R.D. at 558, Judge Grewal, relying on Ninth Circuit authority, expressly

5  declined this "broader test for legal control" and found that the Second Circuit law did not apply in

6  the Ninth Circuit.  *Genentech*, 2011 WL 5373759, at *2 (rejecting argument that a party has the

7  "right, authority, or practical ability" to obtain documents because the Ninth Circuit in *In re Citric*

8  *Acid Litig.* rejected the broad test and requires a showing of "legal control").

9       *Riddell* also does not apply because Otto Trucking's managing members, unlike the board

10  members in *Riddell,* do not have any fiduciary duties.   Otto Trucking's Limited Liability

11  Agreement (the "LLC Agreement") eliminates the fiduciary duties of the Managing Members.

12  Under the Delaware LLC Act, members of an LLC may choose to expand, restrict, or eliminate

13  their duties, including fiduciary duties. [1]   6 Del. C. § 18-1101(c); *see also Feeley v. NHAOCG,*

14  *LLC*, 62 A.3d 649, 660 (Del. Ch. 2012) ("[T]he managers of an LLC owe default fiduciary duties

15  unless those duties are eliminated, restricted, or otherwise displaced by express language in the

16  LLC operating agreement.").  "[I]t is the policy of the Act 'to give the maximum effect to the

17  principle of freedom of contract and to the enforceability of limited liability company

18  agreements.'"  *Kelly v. Blum*, No. CIV.A. 4516-VCP, 2010 WL 629850, at *10 (Del. Ch. Feb. 24,

19  2010).  Here, where Waymo has offered no evidence that Otto Trucking can exercise legal control

20  over the personal email of employees, Waymo's motion should be denied.

21       Waymo argues that the Managing Members could simply terminate Ms. Morgan and Mr.

22  Ron, notwithstanding that Waymo could simply subpoena them directly.  Termination power is

23  not dispositive of control in the Ninth Circuit as the companies in both *Matthew Enterprise* and

---

[1] The Delaware LLC Act reads in relevant part:

> To the extent that, at law or in equity, a member or manager or other person has duties (including fiduciary duties) to a limited liability company or to another member or manager or to another person that is a party to or is otherwise bound by a limited liability company agreement, the member's or manager's or other person's duties may be expanded or restricted or eliminated by provisions in the limited liability company agreement . . . .

3

OTTO TRUCKING LLC'S REPLY TO MOTION FOR RELIEF FROM ORDER RE:
WAYMO'S MOTION TO COMPEL (DKT. NO. 881)          CASE NO. 3:17-CV-00939-WHA

*Ubiquiti* had the ability to terminate their employees and consultant, and yet the court still found that the company did not have control over the personal emails of these non-parties, even where responsive, company information was in those emails. *See Matthew Enterprise*, 2015 WL 8482256 at *4; *Ubiquiti*, 2013 WL 1767960 at *1–2.

Finally, Waymo accuses Otto Trucking of evading its discovery obligations by opposing Waymo's Motion to Compel. Not so. Otto Trucking explained in its June 27 Opposition to the Motion that it had produced its entire data room, and had undertaken diligent investigation in response to each of Waymo's requests. Brief in Opp. to Motion to Compel (Dkt. No. 747). Unsatisfied after 291 document requests and 26 interrogatories, Waymo now seeks emails in the personal email accounts of non-parties Waymo can subpoena (and in one instance, has subpoenaed). Otto Trucking has, from the beginning, objected to Waymo's improper effort to use Rule 34 party discovery to obtain non-party information. The documents Waymo requests are located on the personal email accounts of the non-parties. The non-parties should be allowed to respond to those requests. Waymo must subpoena the non-parties, not use Rule 34 party discovery to circumvent the protections afforded under Rule 45. *See, e.g.*, *In re NCAA Student-Athlete Name & Likeness Litig.*, No. 09-CV-01967 CW NC, 2012 WL 161240, at *5 (N.D. Cal. Jan. 17, 2012) (rejecting party's use of Rule 34 discovery, and explaining that documents sought from non-party should be sought under Rule 45 subpoenas). Waymo's attempt to use party discovery here is improper and should be denied.

For the foregoing reasons, Otto Trucking asks that the Court grant this Motion and sustain Otto Trucking's Objection to Judge Corley's order.

4
OTTO TRUCKING LLC'S REPLY TO MOTION FOR RELIEF FROM ORDER RE:
WAYMO'S MOTION TO COMPEL (DKT. NO. 881)           CASE NO. 3:17-CV-00939-WHA

| | | |
|---|---|---|
| 1 | Dated: July 24, 2017 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ *Neel Chatterjee*<br>Neel Chatterjee<br>*nchatterjee@goodwinlaw.com* |
| 4 | | Brett Schuman<br>*bschuman@goodwinlaw.com* |
| 5 | | Shane Brun<br>*sbrun@goodwinlaw.com* |
| 6 | | Rachel M. Walsh<br>*rwalsh@goodwinlaw.com* |
| 7 | | Hong-An Vu<br>*hvu@goodwinlaw.com* |
| 8 | | Hayes P. Hyde<br>*hhyde@goodwinlaw.com* |
| 9 | | James Lin<br>*jlin@goodwinlaw.com* |
| 10 | | **GOODWIN PROCTER LLP** |
| 11 | | *Attorneys for Defendant*<br>*Otto Trucking LLC* |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on July 24, 2017. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 24th day of July 2017 in Menlo Park, California.

/s/ *Neel Chatterjee*
Neel Chatterjee