Pages 1 - 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JACQUELINE SCOTT CORLEY, MAGISTRATE JUDGE

```
WAYMO, LLC,                      )
                                 )
            Plaintiff,           )
                                 )
    v.                           )  NO. 3:17-cv-00939-WHA
                                 )
UBER TECHNOLOGIES, INC.;         )
OTTO TRUCKING, LLC;              )
OTTOMOTTO, LLC, et al.,          )
                                 )
            Defendants.          )  San Francisco, California
_____)  Thursday, July 20, 2017
```

**TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING
OF PROCEEDINGS**

FTR 12:30 p.m. - 12:38 p.m. =  8 minutes

**APPEARANCES**:

For Plaintiff:          Quinn, Emanuel, Urquhart, Oliver
                          & Hedges, LLP
                        50 California Street, 22nd floor
                        San Francisco, California  94111
                   BY:  **DAVID ANDREW PERLSON, ESQ.**
                        **ANDREA ROBERTS, ESQ.**
                        **JAMES DUBOIS JUDAH, ESQ.**

For Defendants:         Morrison & Foerster
                        425 Market Street
                        San Francisco, California  94105-2482
                   BY:  **ARTURO J. GONZALEZ, ESQ.**

          (Appearances continued on following page.)

Transcribed by:         Leo T. Mankiewicz, Transcriber
                        leomank@gmail.com
                        (415) 722-7045

**APPEARANCES**:   (cont.)


For Defendant Otto Trucking, LLC:

                    Goodwin Procter, LLP
                    135 Commonwealth Drive
                    Menlo Park, California  94025
         BY:   **HONG-AH VU, ESQ.**


For Defendants:       Boies, Schiller & Flexner
                    401 Wilshire Boulevard, Suite 850
                    Santa Monica, California  90401
         BY:   **EDWARD TAKASHIMA, ESQ.**


ALSO PRESENT:  John Cooper, Special Master


    (ALL PARTICIPANTS APPEARED BY TELEPHONE CONFERENCE.)

                ---o0o---

1   <u>Thursday, July 20, 2017</u>

2                                                              <u>12:30 p.m.</u>

3                        P R O C E E D I N G S

4           **THE CLERK:**  Hi, is everyone present?

5           **MR. PERLSON:**  This is David Perlson from Quinn
6   Emanuel.

7           **THE CLERK:**  Okay, hold on one second.  I just want
8   to call the case.

9           Now calling civil action 17-939, Waymo, LLC versus
10  Uber Technologies, Inc., et al.

11          Counsel, please state your appearances for the
12  record.

13          **MR. PERLSON:**  This is David Perlson from Quinn
14  Emanuel on behalf of plaintiff Waymo.

15          **MR. GONZALEZ:**  Arturo Gonzalez from Morrison &
16  Foerster for Uber.

17          **MS. VU:**  Hong-An Vu of Goodwin Procter, on behalf of
18  Otto Trucking, LLC.

19          **MR. COOPER:**  And this is John Cooper, Special
20  Master.

21          **MR. TAKASHIMA:**  This is Ed Takashima from Boies,
22  Schiller & Flexner for Uber, Ottomoto.

23          **MS. ROBERTS:**  This is Andrea Roberts from Quinn,
24  Emanuel for plaintiff Waymo.

25          **THE COURT:**  Okay, this Judge Corley.  I believe that

1   may be everyone.  Thanks for making yourselves available on
2   short notice.  I just thought this was a better or more quick
3   way of addressing....
4           Did someone else just join us?
5           **MR. JUDAH:**  James Judah.  I apologize for being
6   late.  We were in a deposition.  I just got out.
7           **THE COURT:**  That's okay.  All right, so let's start
8   with, I guess, Mr. Gonzalez.  With respect to the letter to
9   Mr. Kalanick, what is the basis for any claim of privilege with
10  respect to that letter?
11          **MR. GONZALEZ:**  Well, your Honor, I don't think that
12  we're making a claim of privilege.  I think we're making a
13  claim of relevance.
14          **THE COURT:**  Okay, all right.  So let me stop you
15  there.  Of course, as you know, that's not a reason for *in*
16  *camera* review.  I understand, though, that you might have
17  concerns about the letter being misused, and under Rule 26(c),
18  being concerned about, you know, for a protective order.
19          What I propose, then, the letter be -- I think there
20  is -- it's relevant to a claim.  Mr. Kalanick is, of course,
21  central to this case, and -- but I would order that it be
22  produced to Waymo under protective order; that should Waymo
23  seek to file it in court, that it do so under seal, because
24  I understand, from what we read in the press, we know the
25  letter probably has mostly at least nothing to do with this

1  litigation and I don't think it would then be appropriate to
2  use that.  So that would be my proposal.
3              **MR. GONZALEZ:**  Thank you, your Honor.  We'll produce
4  it attorneys' eyes only.
5              **THE COURT:**  All right.  Well, I don't know -- well,
6  I guess that's fine, at this point.
7              Mr. Perlson, do you have any comments on that?
8              **MR. PERLSON:**  I do, your Honor.  We're certainly
9  fine with them producing it attorneys' eyes only.  If for some
10 reason down the road we think there's a basis to challenge
11 that, we'll raise that, according to the proper procedures.
12             **THE COURT:**  Okay, all right, good.
13             All right, now, with respect to the depositions,
14 Mr. Perlson, I think that may be an iterative process.  I think
15 why -- I think it's appropriate that you would take at least
16 one depo.  I don't know that you would need all three.
17             So who would you want to go first?  And then what
18 I would propose is after that, if you think you haven't gotten
19 what you need, you'd have to make a showing as to why you need
20 more.
21             **MR. PERLSON:**  I think Mr. Gurley would be the one to
22 take first.
23             **THE COURT:**  Okay.  All right.  Perhaps first and
24 only.  So that would be my proposal there, Mr. Gonzalez.
25             **MR. GONZALEZ:**  Understood, your Honor.  We will

1  produce Mr. Gurley, that's you're willing, and you just made
2  the argument I was going to make, which is, you ought to take
3  one and that ought to answer whatever questions they have,
4  especially when they see that the letter is almost completely
5  unrelated to this case.
6        **THE COURT:**  But there's issues other than the
7  letter.  I do think the reasons for entering the deal have some
8  relevance, but I don't know why you need every board member.
9  One probably could answer that.
10       All right, as with the others, his deposition will
11 be limited to four hours, although I don't even know that they
12 would need all that time, but....  Okay.
13       **MR. GONZALEZ:**  That's fine, your Honor.  We'll
14 produce Mr. Gurley for up to four hours.
15       **THE COURT:**  Okay.  Now, the third area I do want to
16 talk to you about, Mr. Gonzalez, is Mr. Kalanick's text
17 messages.  So as I understand it, has he produced all of the
18 text messages on his phone that were from Mr. Levandowski to
19 Mr. Kalanick?
20       **MR. GONZALEZ:**  So -- boy, I want to be very careful,
21 your Honor, because I don't want to say something that's
22 inaccurate.  What I can tell you is that I believe that all of
23 the relevant text messages have been produced, either by
24 Mr. Kalanick or by Mr. Levandowski --
25       **THE COURT:**  Okay, I'm going to stop you -- I'm going

1   to stop you right there.  As we all know, Mr. Levandowski has
2   pled the Fifth and has withheld documents.  It is not an
3   acceptable response to the Court that something has been
4   produced by Mr. Levandowski.
5           **MR. GONZALEZ:**  Oh, I understand, your Honor.
6   I just --
7           **THE COURT:**  So what I -- yeah.  So what I need to
8   know --
9           **MR. GONZALEZ:**  I was just -- that was prefatory to
10  my next sentence.
11          **THE COURT:**  Okay.
12          **MR. GONZALEZ:**  My next sentence is that the
13  consultants who recently found additional text messages are
14  reviewing them as we speak, and the responsive messages will be
15  produced before his deposition.
16          **THE COURT:**  But as I understood your letter, it was
17  referring -- seemed to be referring just to text messages from
18  Mr. Kalanick to Mr. Levandowski.  Therefore, from your letter
19  I inferred that you, Uber, had already produced the text
20  messages that Mr. Kalanick had on his phone from
21  Mr. Levandowski to Mr. Kalanick.
22          **MR. GONZALEZ:**  That's right, your Honor.
23          **THE COURT:**  Okay.  All right.  So it's only the
24  other way around.
25          **MR. GONZALEZ:**  Right, and I just -- I didn't want to

1  get it wrong, which way had already been produced, but it's my
2  understanding that what you just said is accurate, and that the
3  other way of the two-way street is what's being reviewed now.
4      **THE COURT:** Okay.  Is there anything to add to that,
5  Mr. Perlson?
6      **MR. PERLSON:** I'm going to let Mr. Judah handle this
7  one.
8      **MR. JUDAH:** Yes, your Honor.  So a couple points of
9  clarification.
10     One, we -- in terms of the text messages from
11 Mr. Kalanick's phone that have been made available that are
12 from Mr. Levandowski to Mr. Kalanick, the earliest one is
13 February 2016 --
14     **THE COURT:** Okay, all right, stop there.
15     So Mr. Gonzalez, that is not the earliest message
16 between them.  So what's the deal with that?
17     **MR. GONZALEZ:** Your Honor, I don't know the answer
18 to that question, but what I can tell you is that we didn't --
19 we didn't draw some random line.
20     **THE COURT:** No, no, I believe you.  I believe you
21 have.  So this is it.  This evidence is highly relevant, and so
22 I'm just going to let you know, so that Uber will do whatever
23 it needs to take.  If it needs to be that the phone is turned
24 over to Waymo's forensic expert, it will be, all right?  So all
25 those text messages need to be turned over.

1       **MR. GONZALEZ:**  Understood, your Honor.

2       **THE COURT:**  And we're in the middle of July -- it's

3  actually really late right now.  I don't understand why it

4  hasn't been produced now.  So I'm just putting you on notice

5  that all hands on deck, that stuff needs to be produced, and

6  I don't understand why.

7       **MR. GONZALEZ:**  I appreciate that.

8       **THE COURT:**  Okay?  All right.

9       **MR. GONZALEZ:**  I appreciate that, your Honor.  I'll

10 look into it.  I'm assuming that there's some reason why they

11 haven't been, but --

12      **THE COURT:**  Okay.

13      **MR. GONZALEZ:**  -- message delivered.

14      **THE COURT:**  Okay.

15      **MR. PERLSON:**  Your Honor, this David Perlson.

16 I know I just said I'll let Mr. Judah handle this, but just in

17 relation to that specific point, I'll just note that, you know,

18 Mr. Kalanick's deposition is a week from today, and we've been

19 talking about these text messages for weeks and weeks.

20      **THE COURT:**  Well, look, they will produce it all,

21 enough in time in advance, or he will come back for his

22 deposition.

23      **MR. PERLSON:**  Thank you, your Honor.

24      **THE COURT:**  You will start it and then it will come

25 back.  But Mr. Gonzalez understands that.  He knows that.

```
 1    That's why he said they would be produced in advance of his
 2    deposition.
 3              Okay, thank you.  I think that resolves both those
 4    letters.
 5              MR. GONZALEZ:  Your Honor, you're very efficient and
 6    productive, as usual.
 7              THE COURT:  I'm learning, I'm learning.
 8              MR. GONZALEZ:  And you've saving us the trip to the
 9    courthouse.  I like these calls.
10              THE COURT:  Okay, me too, me too.  Okay, great.
11              MR. GONZALEZ:  Thank you, your Honor very much.
12              MR. PERLSON:  Thank you, your Honor.
13              THE CLERK:  Court is in recess.
14                                                       12:38 p.m.
15                              ---o0o---
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF TRANSCRIBER**

I, Leo Mankiewicz, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

_[signature]_  07/20/2017

Signature of Transcriber          Date