```
                                                      PAGES 1 - 7

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JACQUELINE SCOTT CORLEY, MAGISTRATE JUDGE

WAYMO LLC                     )
                              )
         PLAINTIFF,           )    NO. C-17-939 WHO (JSC)
                              )
  VS.                         )    MONDAY, JULY 10, 2017
                              )
UBER TECFHNOLOGIES, INC.,     )    SAN FRANCISCO, CALIFORNIA
ET AL.,                       )
                              )
         DEFENDANTS.          )    TELEPHONIC DISCOVERY HEARING
_____)
```

**TRANSCRIPT OF TELEPHONIC PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING 2:01 P.M. – 2:09 P.M.**

**APPEARANCES:**

**FOR PLAINTIFF:**            QUINN EMANUEL URQUHART & SULLIVAN
                              50 CALIFORNIA STREET, 22ND FLOOR
                              SAN FRANCISCO, CALIFORNIA 94111
                         BY:  DAVID PERLSON, ESQUIRE


**FOR DEFENDANT**             MORRISON & FOERSTER
**UBER:**                     425 MARKET STREET
                              SAN FRANCISCO, CALIFORNIA 94105
                         BY:  ARTURO GONZALEZ, ESQUIRE


**ALSO PRESENT**              FARELLA BRAUN + MARTEL
**SPECIAL MASTER:**           235 MONTGOMERY STREET
                              SAN FRANCISCO, CALIFORNIA 94104
                         BY:  JOHN L. COOPER, ESQUIRE




**TRANSCRIBED BY:**           DIANE E. SKILLMAN, TRANSCRIBER
                              510-451-2930

```
 1   MONDAY, JULY 10, 2017                                    2:01 P.M.
 2                      P R O C E E D I N G S
 3       THE CLERK:  REMAIN SEATED COME TO ORDER.  COURT IS
 4   NOW IN SESSION.
 5     CALLING CIVIL ACTION C-17-0939 WAYMO VERSUS UBER.
 6     COUNSEL, STARTING WITH PLAINTIFF, CAN YOU PLEASE STATE
 7   YOUR APPEARANCE FOR THE RECORD.
 8       MR. PERLSON:  DAVID PERLSON FROM QUINN EMANUEL ON
 9   BEHALF OF PLAINTIFF WAYMO.
10       THE COURT:  GOOD AFTERNOON.
11       MR. PERLSON:  GOOD AFTERNOON.
12       MR. GONZALEZ:  GOOD AFTERNOON, YOUR HONOR.  ARTURO
13   GONZALEZ FROM MORRISON & FOERSTER ON BEHALF OF UBER.
14       MR. COOPER:  AND GOOD AFTERNOON, YOUR HONOR.  THIS IS
15   JOHN COOPER, THE SPECIAL MASTER.
16       THE COURT:  GOOD AFTERNOON.  ALL RIGHT.
17     MR. GONZALEZ, WELCOME BACK.
18       MR. GONZALEZ:  THANK YOU.
19       THE COURT:  ALL RIGHT.
20     SO I UNDERSTAND FROM MR. COOPER THAT UBER WANTED TO TAKE
21   THE DEPOSITION OF A QUINN PARTNER; IS THAT CORRECT?
22       MR. GONZALEZ:  CORRECT.
23       THE COURT:  SO MR. GONZALEZ, HOW IS THIS DEPOSITION
24   RELEVANT TO A CLAIM OR DEFENSE IN THIS ACTION?
25       MR. GONZALEZ:  WELL, YOUR HONOR, I THINK IT'S
```

1    RELEVANT TO WHETHER OR NOT THE QUINN LAW FIRM CAN
2    APPROPRIATELY PROCEED AS COUNSEL IN THIS ACTION.
3            **THE COURT:**  SO THAT'S A DIFFERENT QUESTION.
4       MY QUESTION WAS HOW IS IT RELEVANT TO A CLAIM OR DEFENSE
5    IN THIS ACTION WHICH IS WHAT RULE 26 SAYS WITH REGARD TO
6    DISCOVERY.
7       IN OTHER WORDS, I THINK A PRELIMINARY HURDLE THAT YOU
8    HAVE, ONE, IS THAT I AM NOT SURE YOU GET -- A PARTY GETS TO DO
9    DISCOVERY TO SEARCH FOR WHETHER THERE IS SOME BASIS TO BRING A
10   DISQUALIFICATION MOTION.  IF YOU HAVE A BASIS, BRING IT.  BY
11   THE WAY, THE BASIS YOU HAVE YOU'VE HAD FOR MONTHS AND DIDN'T
12   RAISE IT UNTIL NOW.  BUT -- SO THAT'S THE FIRST HURDLE.
13      I GUESS THE SECOND QUESTION I WOULD HAVE IS WHAT
14   INFORMATION DO YOU HAVE IN ADDITION TO WHAT WAS EARLIER
15   PRESENTED WITH THE COURT WITH RESPECT TO DISCOVERY TO SUPPORT
16   THE REQUEST?
17           **MR. GONZALEZ:**  RIGHT.  WELL, I CAN SUMMARIZE IT VERY
18   BRIEFLY, YOUR HONOR.
19      THE INFORMATION THAT WE HAVE IS THAT WE HAVE NOW RECEIVED
20   A DISCOVERY RESPONSE IN THIS CASE, AFTER WE HAD TO FILE A
21   MOTION TO COMPEL TO GET IT, TELLING US THAT GOOGLE BEGAN
22   HAVING DISCUSSIONS ABOUT SUING UBER ON AUGUST 23RD OF 2016.
23   AND THAT IS EXACTLY 30 DAYS BEFORE UBER RECEIVED, IN COMPLETE
24   SURPRISE, ESSENTIALLY A DEAR JOHN LETTER WITHDRAWING --
25   TERMINATING THE RELATIONSHIP WITH UBER AND WITHDRAWING FROM

|   |   |
|---|---|
| 1 | SIX LITIGATION MATTERS, FOUR OF WHICH WERE ACTIVE AND ALREADY |
| 2 | FILED AND TWO OTHERS HAVE NOT YET BEEN FILED. |
| 3 | **THE COURT:**  BUT I READ THE LETTER.  SO UNLESS THE |
| 4 | LETTER IS COMPLETELY MAKING THINGS UP, IT SEEMED LIKE IT WAS |
| 5 | INITIATED OR INSTIGATED FROM A COMMUNICATION BY UBER WITH |
| 6 | RESPECT TO FEES. |
| 7 | **MR. GONZALEZ:**  NO.  THAT -- THIS IS PRECISELY WHY I |
| 8 | WANT TO TAKE MR. SWEDLOW'S DEPOSITION. |
| 9 | THE ARRANGEMENT OF FEES WAS SOMETHING THAT QUINN KNEW |
| 10 | ABOUT WHEN THEY TOOK THESE ENGAGEMENTS.  IF THIS IS NOT A |
| 11 | SITUATION WHERE THEY TOOK ENGAGEMENTS AND THEN LATER ON WE |
| 12 | SAID WE ARE ONLY GOING TO PAY YOU A NICKEL INSTEAD OF A |
| 13 | DOLLAR -- |
| 14 | **THE COURT:**  SO, MR. GONZALEZ, WHY IS THIS BEING |
| 15 | BROUGHT UP NOW AND NOT IN FEBRUARY WHEN YOU WERE SUED, WHEN |
| 16 | UBER WAS SUED BECAUSE YOU KNEW ALL THE SAME INFORMATION? |
| 17 | **MR. GONZALEZ:**  WELL, WE DIDN'T KNOW THE DATE THAT |
| 18 | THEY WERE HAVING THESE DISCUSSIONS.  WE SERVED DISCOVERY |
| 19 | TRYING TO GET INFORMATION ON WHEN THEY HAD THEIR DISCUSSIONS |
| 20 | ABOUT SUING UBER SO THAT WE COULD SEE WHETHER OR NOT THESE |
| 21 | DATES LINED UP.  AND THEY LINED UP PERFECTLY. |
| 22 | **THE COURT:**  BUT, MR. GONZALEZ, THE ENTIRE ARGUMENT |
| 23 | WITH RESPECT TO DUE DILIGENCE REPORT WAS THAT UBER ALL ALONG |
| 24 | ASSUMED AND EXPECTED OR ANTICIPATED THAT WAYMO WOULD SUE UBER. |
| 25 | SO, THAT, I HAVE A HARD TIME SWALLOWING. |

```
 1         AND I ALSO THOUGHT THAT THERE WAS RESPONSE TO LET
 2   MR. PERLSON -- THERE WAS A RESPONSE, OR AT LEAST THERE WAS A
 3   REPRESENTATION IN THE DISCOVERY LETTER THAT QUINN DIDN'T HAVE
 4   ANY DISCUSSIONS WITH GOOGLE UNTIL OCTOBER.
 5         MR. PERLSON, IS THAT CORRECT?
 6             MR. PERLSON:  YEAH.  IT WAS ACTUALLY EARLIER -- I
 7   MEAN -- I'M SORRY, NOT EARLIER THAN THAT.
 8         WHAT -- SO WHAT WE SAID IN OUR LETTER WAS THAT WE WERE
 9   FIRST CONTACTED IN RELATION TO THIS MATTER, WE, QUINN EMANUEL,
10   IN JANUARY OF 2017.
11             THE COURT:  OKAY.  AND I BELIEVE, I BELIEVE I ORDERED
12   YOU TO RESPOND JUST TO -- WITH RESPECT TO THAT DATE.
13             MR. PERLSON:  RIGHT.  WE'LL PUT A...  THERE, I THINK
14   IT'S DUE TUESDAY OR THURSDAY, BUT WE'LL BE PROVIDING APPROVAL
15   UP ENTRY FOR THAT FIRST COMMUNICATION.
16             THE COURT:  AND IT WILL SAY JANUARY 2017.
17             MR. PERLSON:  RIGHT.  THIS IS IN JANUARY.  I THINK IT
18   WAS THE 19TH, BUT I DON'T KNOW --
19             THE COURT:  RIGHT.  THAT'S FINE.
20         SO WHAT ABOUT THAT, MR. GONZALEZ?
21             MR. GONZALEZ:  WAS THAT GOING TO BE AN INTERROGATORY
22   RESPONSE OR WHAT IS THAT DATE THAT YOU ARE GOING TO GIVE US?
23             MR. PERLSON:  THIS WAS SET WITHIN THE JUDGE'S ORDER
24   WHICH, I GUESS, I'LL TELL YOU IF YOU DON'T KNOW.
25         BUT IT SAYS THAT WE'RE SUPPOSED TO PROVIDE A PRIVILEGE LOG
```

```
 1    ENTRY FOR THE FIRST COMMUNICATION REGARDING THE CASE.  AND
 2    THAT WAS IN RESPONSE TO YOUR REQUEST FOR FURTHER DOCUMENTS ON
 3    THE CONFLICT THAT YOU LOST.
 4              MR. GONZALEZ:  SO --
 5              MR. PERLSON:  FRANKLY, I THOUGHT THAT -- YOUR HONOR,
 6    I THOUGHT --
 7              THE COURT:  STOP.  STOP.  STOP.  I'M GOING TO STOP
 8    YOU, MR. PERLSON.  WE ARE NOT GOING TO GO THERE.  WE ARE JUST
 9    GOING TO STICK TO STOP TALKING ABOUT THE MERITS OF THE MOTION.
10    NOT GOING TO DO THAT.
11       OKAY.  AND MR. GONZALEZ?
12              MR. GONZALEZ:  YES.  I JUST HAVE A POINT OF
13    CLARIFICATION.
14       SO MR. PERLSON JUST SAID "REGARDING THE CASE".  AND WHAT
15    WE'RE INTERESTED IN IS REGARDING THE POSSIBILITY OF LITIGATION
16    AGAINST UBER.
17              THE COURT:  HE MAY HAVE MISSPOKEN BECAUSE I BELIEVE
18    MY ORDER WAS BROADER THAN THAT.
19              MR. GONZALEZ:  OKAY, FINE.  OKAY.
20              THE COURT:  SO LET'S HEAR FROM MR. PERLSON.
21              MR. PERLSON:  RIGHT.
22       AND I'VE ALREADY TOLD THEM THAT IN RESPONSE TO SEVERAL
23    QUESTIONS THAT THEY'VE ASKED US.  THEY SAY:  DID WAYMO OR
24    GOOGLE SPEAK TO QUINN ABOUT AN ACTUAL OR POTENTIAL LEGAL
25    DISPUTE WITH ANTHONY LEVANDOWSKI, OTTO, OR UBER BEFORE 2017?
```

1          WE TOLD THEM NO.
2          THEY ASKED US:  DID ANYONE ELSE, INCLUDING ANYONE FROM THE
3     KEKER FIRM DISCUSS WITH QUINN ACTUAL OR POTENTIAL LEGAL
4     DISPUTES BETWEEN WAYMO AND/OR GOOGLE ON THE ONE HAND AND UBER
5     AND/OR ANTHONY LEVANDOWSKI ON THE OTHER HAND BEFORE 2017?
6          NO.
7          I MEAN, THEY HAVE ASKED US THE SAME QUESTION ABOUT FOUR
8     DIFFERENT, FIVE DIFFERENT WAYS.  AND EVERY TIME WE'VE TOLD
9     THEM THAT WE WERE NOT CONNECTED IN RELATION TO THIS CASE,
10    WHETHER THAT WOULD INCLUDE THIS CASE THAT WAS FILED OR ANY
11    DISCUSSION OF, YOU KNOW, ANYTHING THAT'S AT ISSUE IN THE
12    ARBITRATION UNTIL JANUARY 7TH, 2017, WHICH IS --
13             **THE COURT:**  OKAY.
14             **MR. PERLSON:**  -- MONTHS --
15                  (SIMULTANEOUS COLLOQUY.)
16             **THE COURT:**  OKAY.  ALL RIGHT.
17        ANYTHING FURTHER, MR. GONZALEZ?
18             **MR. GONZALEZ:**  NO, YOUR HONOR.
19             **THE COURT:**  OKAY.  ALL RIGHT.  THE REQUEST IS DENIED.
20             **MR. PERLSON:**  THANK YOU, YOUR HONOR.
21             **THE COURT:**  OKAY.  THANK YOU.
22             **MR. PERLSON:**  BYE-BYE.
23             **MR. COOPER:**  THANK YOU.
24             **MR. GONZALEZ:**  BYE.
25                  (PROCEEDINGS ADJOURNED AT 2:09 P.M.)

## CERTIFICATE OF TRANSCRIBER

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

*Diane E. Skillman*

DIANE E. SKILLMAN, TRANSCRIBER

MONDAY, JULY 24, 2017