QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa J. Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>       vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>              Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S OPPOSITION TO OTTO TRUCKING'S MOTION TO ENFORCE THE COURT'S JUNE 7, 2017 ORDER (DKT. 563) AND TO JOIN AND ADOPT CO-DEFENDANTS UBER TECHNOLOGIES, INC. OTTOMOTTO LLC'S MOTION TO ENFORCE THE COURT'S JUNE 7, 2017 ORDER (DKT. 563)**<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Date:  August 16, 2017<br>Time:  8:00 a.m.<br>Ctrm:  8, 19th Floor<br>Judge:  The Honorable William H. Alsup<br><br>Trial Date: October 10, 2017 |

As its title implies, Otto Trucking's "Motion to Enforce the Court's June 7, 2017 Order And To Join And Adopt Co-Defendants Uber Technologies, Inc. and Ottomotto LLC's Motion to Enforce the Court's June 7, 2017 Order" (Dkt. 843-3) is mostly a joinder to Uber and Ottomotto's previously-filed Motion (Dkt. 797).  Like Uber and Ottomotto's Motion, Otto Trucking's Motion argues that the damages contentions and witness disclosures in Waymo's Rule 26(a) disclosures are insufficient under the Court's June 7 Order (Dkt. 563).  Waymo's Opposition to Uber and Ottomotto's Motion (Dkt. 934) already explained why Waymo's damages disclosures and witness designations are sufficient and proper, particularly given Defendants' still-incomplete production of documents that Waymo needs to guide its selection of an appropriate damages methodology in this case.  The points made in Waymo's Opposition to Uber and Ottomotto's Motion apply equally to Otto Trucking's Motion.  For the sake of brevity, Waymo will not repeat those points here.  However, Otto Trucking's Motion does make two separate arguments that warrant a separate response.

*First*, Otto Trucking argues that "[n]othing in any of Waymo's two Rule 26 damages disclosures is specific to Otto Trucking.  Nor is anything in Waymo's Patent Local Rule 3-8 damages disclosures specific to Otto Trucking."  (Mot. at 4:7-9) (citations omitted).  But this is a red herring.  Waymo's damages disclosures are not "specific" to **any** Defendant because Waymo is relying on the same basic damages framework (unjust enrichment and reasonable royalty) for all three Defendants.  (*See* Dkt. 843-10 at 18 (Rule 26(a) damages disclosures); Dkt. 843-11 (L.R. 3-8 damages disclosures).)  Moreover, Defendants' belated production of damages discovery means that Waymo cannot yet differentiate its damages contentions with Defendant-specific numbers for each of the three Defendants.  So there is nothing improper about the fact that Waymo's damages contentions do not disclose an Otto Trucking-specific damages theory and do not (yet) disclose an Otto Trucking-specific damages number.

The lack of an Otto Trucking-specific damages theory or damages number is also particularly appropriate here given that Uber, Ottomotto, and Otto Trucking are jointly and severally liable for the trade secret misappropriation in this case.  *See Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 873 F. Supp. 2d 1192, 1217-18 (N.D. Cal. 2012) ("trade secret

1   misappropriation is considered an intentional tort, and thus joint tortfeasors are jointly and

2   severally liable . . . . Although the damages expert has not apportioned damages to each individual

3   defendant, this is not fatal to Plaintiffs' claims . . . .")  After all, Ottomotto and Otto Trucking are

4   the corporate vehicles that were used to misappropriate Waymo's trade secrets for the benefit of

5   Uber.  Anthony Levandowski officially formed Ottomotto on January 15, 2016 (while he was

6   simultaneously employed by Waymo, consulting with Uber on Uber's self-driving car project, and

7   negotiating the acquisition of Ottomotto).  He officially formed Otto Trucking on February 1,

8   2016 (five days after resigning from Waymo and while he was consulting with Uber on Uber's

9   self-driving car project and negotiating the acquisition of Otto Trucking).  Mr. Levandowski was

10  acting for all three Defendants at various times in order to facilitate the misappropriation of

11  Waymo's trade secrets.

12          Uber entered into Agreements and Plans of Merger with each of Ottomotto and Otto

13  Trucking ████████████████ of the formation of those entities.  Pursuant to its

14  Agreement and Plan of Merger, Otto Trucking was obligated and continues to be obligated to

15  ██████████████████ (which has now been acquired by

16  Uber).  Pending completion of the ████████████ Mr. Levandowski remains

17  one of two managing members of Otto Trucking and holds ████████████

18  ████████████████. (Judah Decl. Ex. 1.)[1]  Uber has an ████████

19  ███████████████████████ If Uber does not

20  █████████████████████████████

21  ███████████████████████████

22  ██████████████████████████████

23  ████

24          The interweaving and concerted action of Uber, Ottomotto, and Otto Trucking regarding

25  the misappropriation alleged in this case only accentuates why joint and several liability is proper,

26

27      [1]  References to "Judah Decl." refer to the Declaration of James Judah filed concurrently

28  herewith.

such that Wayo need not articulate a separate damages theory or damages number against each Defendant. *Brocade*, 873 F. Supp. 2d at 1217-18; *see also Clark v. Bunker*, 453 F.2d 1006, 1010–11 (9th Cir. 1972) ("Turning to damages, appellants' first argument is that no award of compensatory damages could be made against appellants other than Memorial Guardian Plans, Inc., because no other appellant was shown to have received any profits from the [trade secret] misappropriation and use of appellee's plan. It is sufficient to say that the trial court found appellants to be joint tortfeasors and hence jointly and severally liable for the damage sustained by appellee, and the record supports that finding.")

*Second*, Otto Trucking argues that "Waymo has admitted that all of its claims stem from the alleged development of the Spider and Fuji LiDAR systems. But Otto Trucking had no involvement in research and development for the Spider or Fuji LiDAR systems." (Mot. at 4:15-17) (citations omitted). This argument is unavailing for several reasons. First, Waymo has never "admitted" that its claims are limited to the Fuji and Spider LiDAR systems. While Waymo cited those systems as evidence of how Defendants have used Waymo's trade secrets and infringed Waymo's patent claims, Otto Trucking points to no statement where Waymo *limited* its claims to those two systems. Nor would such a limitation make any sense. For example, trade secret misappropriation can consist of improper "acquisition" of a trade secret, even without any "use" of that trade secret at all. *See* Cal. Civ. Code § 3426.1(b)(1); 18 U.S.C. § 1839(5)(A). So it makes no sense to say that Waymo's trade secret claims are limited to *use* of Waymo's trade secrets in Fuji or Spider.

Moreover, even if Waymo's claims *were* limited to Fuji and Spider, Otto Trucking cites nothing besides its own interrogatory responses for the proposition that it had no involvement in those two systems. (*See* Mot. at 4:16-26.) With discovery still ongoing, the question of whether Otto Trucking had any involvement in Fuji or Spider is clearly an open question of fact. Indeed, Otto Trucking's argument that it cannot be liable because it had no involvement with those systems is essentially a back-door motion for summary judgment on the issue of liability and/or damages. This is obviously improper, as the Court expressly denied Otto Trucking's request to

-3-

1  move for summary judgment (Dkt. 764) and stated that Otto Trucking could not renew this request

2  until "after the close of fact discovery."  (*Id.* at 1:21.)

3       For the foregoing reasons, Waymo respectfully requests that Otto Trucking's Motion be

4  denied.

5

6  DATED:  July 21, 2017          QUINN EMANUEL URQUHART & SULLIVAN, LLP

7       By */s/ Charles K. Verhoeven*

8         Charles K. Verhoeven
       Attorneys for WAYMO LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28