

July 26, 2017

Honorable Jacqueline Scott Corley
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

      Re:    *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. 3:17-cv-00939

Dear Judge Corley:

Uber moves to compel documents responsive to seven requests (Request Nos. 61, 62, and 90 through 94) that are highly relevant to Uber's ability to challenge Waymo's damages claims and defend itself. These requests seek documents relevant to any possible Waymo damage claim in this case, such as financial projections, business plans, market analyses, and any related correspondence or analyses, such as internal emails commenting on, criticizing, or otherwise discussing these documents. Waymo agreed to produce some projections and business plans, but refuses to produce related correspondence or analyses. These withheld documents are relevant—while a financial statement or market projection may provide one set of expectations, analyses and discussion of those expectations are necessary to know if they were realistic and shared. Waymo's limited production prevents Uber from understanding basic information, such as who prepared the documents, when and for whom they were prepared, for what reason, and what was said about them.

Waymo claims these documents are somehow not relevant. That flies in the face of both Judge Alsup's repeated admonition that Waymo not stonewall Uber's discovery efforts and this Court's admonition that Waymo does not get to determine what Uber is entitled to receive to defend itself. Waymo's conduct is especially prejudicial in light of its refusal to offer any specificity regarding the damages it will seek (*see* Dkt. 1004 at 7-10), and the "bone-crushing" discovery schedule that Waymo has demanded. (Dkt. 731 (7/18 Order) at 3.)

The Special Master agreed the parties are at an impasse and has authorized this motion.

## Background

On July 1, 2017, Uber met and conferred with Waymo about its responses to Request Nos. 61, 62, 90-94, 96, and 97. (*See* Pritt Decl., Ex. 1 (RFP Responses); Ex. 2, 7/1 Takashima Email, at 9-12.) Uber identified several deficiencies in Waymo's responses, including that Waymo improperly limited its production to high-level presentations and

Case 3:17-cv-00939-WHA   Document 1032   Filed 07/26/17   Page 2 of 5



Defendants Uber Technologies Inc.'s and Ottomotto LLC's Motion to Compel Production of Documents
Case No. C 17-00939 WHA

spreadsheets, and refused to produce other relevant documents and *any* responsive communications, including emails relating to the selective documents Waymo chose to produce. (*Id.*)

Waymo responded on July 5, refusing to produce "all documents and communications related to" the requests, because Waymo viewed requests for all documents and communications appropriate only for "certain subject matters (such as the stolen files)." (*Id.*, 7/5 Bailey Email, at 1-3.) Waymo stood firm on its written responses to produce only documents "sufficient to show" the subjects identified in the requests, and for some requests agreed to see if there were other documents like those it agreed to produce. (*Id.*)

The parties met and conferred on these requests several more times over the next few weeks. Waymo agreed to search for and produce emails that discussed or analyzed *Uber* or its business as sought by Request Nos. 96 and 97. (*See id.*, Ex. 3 at 1-3; Ex. 4 at 1-5.) But Waymo refused to do the same for information about *Waymo* sought by Request Nos. 61, 62, and 90 to 94. (*Id.*, Ex. 4 at 3.) Despite Uber again explaining the relevance and need for documents (including emails) responsive to these requests, Waymo refused to search for or produce any emails or other responsive documents, beyond the limited spreadsheets and presentations to executives that Waymo picked to produce. (*Id.*, 7/20 Pritt Email, at 1-3.) Waymo invoked the burden of searching emails as a new reason— one not in Waymo's written discovery responses (*see id.*, Ex. X)—to resist compliance. (*Id.*, 7/20 Bailey Email, at 1.) Waymo asserted this was appropriate because it had produced other documents "most likely to be responsive to these requests." (*Id.*) Uber asked if Waymo would at least produce emails related to the subset of responsive documents it chose to produce. (*Id.*, 7/20 Pritt Email at 1-3.) Waymo refused to do that too.

## Argument

**1. Waymo's Finances, Performance and Business-Related Plans (RFPs 61, 62, and 93):** RFP 61 seeks documents "relating to Waymo's financial viability, including but not limited to internal business plans, estimates, and future projections at Waymo or Project Chauffeur." RFP 62 seeks documents "relating to Waymo's performance, including but not limited to the development of and progress assessment for any schedules and milestones at Waymo LLC or Project Chauffeur." And RFP 93 seeks documents "relating to Waymo's business plans, strategic plans, operating plans, marketing plans, financial plans, sales plans, and investment plans for its ride-sharing business, including projections for revenue generation and profitability." These documents are critical to Uber's ability to analyze the damages (if any) in this case, particularly given Waymo's woefully deficient damages disclosures. (*See* Dkt. 1004 at 7-10.) Waymo's simultaneous refusal to produce all responsive documents, including its refusal to produce *any* emails, about its finances, performance, and business-related plans greatly compounds the prejudice to Uber's ability to develop its defenses to Waymo's damages claims.



Defendants Uber Technologies Inc.'s and Ottomotto LLC's Motion to Compel Production of Documents
Case No. C 17-00939 WHA

Waymo has not disputed the relevance of the information sought by these requests but rather objects that the requests are overbroad and it would be burdensome to produce emails and other responsive documents. *First*, Waymo has waived any objections to the requests as overbroad or burdensome by not including those objections in its specific written responses. *E.g.*, *Evans v. Baxter Healthcare Corp.*, No. CV 12-4919-WHO (KAW), 2013 WL 3786313, at *3 (N.D. Cal. July 17, 2013) (specific objections not raised in responses are waived). And while Waymo did initially object to Request No. 93 as overbroad, it failed to explain what about it was overbroad, and "such unexplained and unsupported boilerplate objections are improper." *E.g.*, *Duran v. Cisco Systems, Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) (collecting caselaw). Waymo's refusal to produce any documents responsive to Request No. 93 other than those "as presented to executives" is similarly improper. (Pritt Decl., Ex. 2, 7/5 Bailey Email, at 3.) *Second*, Waymo cannot be heard to complain that producing responsive documents and emails imposes a burden given the "bone-crushing" discovery it has imposed on Uber, and the "enormous resources" it has required this Court to expend "to resolve myriad disputes on an expedited basis." (Dkt. 833, 7/7 Order at 3.) Judge Alsup admonished Waymo earlier today for this very type of intransigence in discovery: "It offends me, with all the pain and suffering that [Waymo] ha[s] inflicted on the court system, . . . that when it comes time for Waymo to come across with some documents and witnesses, that they're too busy and important." (7/26 Tr. at 83:4-8.) *Third*, Waymo's agreement to produce emails discussing and analyzing *Uber* and its business (as it has for Request Nos. 96 and 97), but not *Waymo's* business demonstrates that Waymo is producing documents it believes are helpful to its claims while refusing to produce documents relevant to Uber's defenses.

*Fourth*, Waymo's contention that Uber does not need any documents or emails except the spreadsheets and presentations to executives that Waymo "agreed" to produce ignores what those limited documents do *not* show—differing or dissenting opinions and analyses about the content of the documents, and the multitude of inputs that themselves are relevant to Uber's defense, not to mention who created and received the documents, and why. At one point, Waymo asked: "Why, for example, are Waymo's financial statements insufficient for Uber to determine Waymo's 'financial viability'?" (Pritt Decl., Ex. 4, 7/20 Bailey Email, at 1.) As Uber explained, the answer is rudimentary— while a financial statement may provide one set of expectations, analyses and discussion of those expectations are necessary to understand whether they were realistic and shared.

As just one example, at midnight on July 24, Waymo produced profit and loss spreadsheets (without any accompanying emails that might show who created, sent or received them), which show that ███████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████

(*Compare* Pritt Decl., Ex. 5 *with* Ex. 6.) Communications and other documents related to these types of documents undoubtedly would provide context for such wildly differing projections.



The close of discovery is less than one month away, the same time opening expert reports are due. Without the requested information, Uber cannot adequately prepare its defenses or expert reports. This is especially true given the implausibly wide-ranging and unworkably vague damages figures Waymo has provided (*see* Dkt. 1004 at 7-10). Uber therefore asks the Court to order Waymo to produce all documents and communications responsive to Requests Nos. 61, 62, and 93, including all responsive documents at Google or Alphabet (such as documents of Messrs. Page or Brin), as Alphabet employees interacted with and had oversight over Waymo. (*See* Pritt Decl., Ex. 7, 7/24 Nardinelli Email, at 1 (admitting responsive documents were "created at Alphabet, not within Waymo").)

**2. Waymo's Analyses of the Ridesharing Market (RFPs 90, 91, 92, and 94):** For many of the same reasons discussed above, the Court should order Waymo to produce all responsive documents (including communications) relating to Waymo's understanding and expectations regarding the ride-sharing market. Request No. 90 seeks documents "relating Waymo's estimates of the size of the ride-sharing market in the United States for each of the last six years." Request No. 91 makes the same request, but for the "next six years." Request No. 92 seeks documents "relating to Waymo's forecasts regarding the number of Waymo's ride-sharing vehicles in the United States, for each of the next six years—broken out by U.S. city and on a quarterly basis." And Request No. 94 seeks all documents "relating to Waymo's analysis of any barriers to entry in the ride-sharing market and the status of any attempts by Waymo to overcome any such barriers, including investments and infrastructure needed." Again, Waymo does not dispute that this information is relevant, but rather seeks to limit its response to "documents sufficient to show what comes closest to the requested information," while refusing to produce documents beyond what it produced in expedited discovery, and again refusing to produce any responsive communications. (Pritt Decl, Ex. 2, 7/5 Bailey Email, at 2-3.)

As discussed above, Waymo's unexplained overbreadth and burden objections are improper. Moreover, these requests seek information about the extent to which Waymo competes with Uber in the ridesharing industry and the costs of such competition, which is central to this case. "Defendants are entitled to develop their own defense to Plaintiff's for relief and need not rely solely on what Plaintiff contends is relevant." (Dkt. 832, 7/7 Order, at 3.) Waymo does not have the right to determine unilaterally how much detail it needs to disclose, while withholding other responsive documents and all related communications. The same is true of responsive documents and communications at Google or Alphabet concerning analyses of the ridesharing market. Accordingly, the Court should order Waymo to produce all documents and communications responsive to Request Nos. 90, 91, 92 and 94, including all responsive documents located at Google or Alphabet.



Defendants Uber Technologies Inc.'s and Ottomotto LLC's Motion to Compel Production of Documents
Case No. C 17-00939 WHA

Respectfully submitted,

*/s/ Karen L. Dunn*

Karen L. Dunn
*Counsel for Uber Technologies, Inc. and Ottomotto LLC*

cc:   All Counsel of Record
       Special Master John Cooper