# EXHIBIT 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>            Plaintiffs,<br><br>        v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO, LLC; OTTO TRUCKING<br>LLC,<br><br>            Defendants. | Case No. 17-cv-00939-JCS<br><br>**PLAINTIFF'S OBJECTIONS AND<br>RESPONSES TO UBER'S AND<br>OTTOMOTTO'S FIRST SET OF<br>REQUESTS FOR PRODUCTIONS (NOS.<br>1-146)** |

1   Plaintiff Waymo, LLC ("Waymo") hereby objects and responds to the First Set of

2   Requests for Production of Documents (Nos. 1-146) served by Defendants Uber Technologies,

3   Inc. ("Uber") and Ottomotto LLC ("Otto") (collectively, "Defendants").

4   **GENERAL OBJECTIONS**

5   Waymo makes the following General Objections, whether or not separately set forth in

6   response to each and every definition and document request.

7   Waymo objects to each request, and to the Definitions and Instructions, to the extent that

8   they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure,

9   the Local Rules of the United States District Court for the Northern District of California, and the

10   Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before

11   Judge William Alsup ("the Supplemental Order").

12   Waymo objects to each request to the extent that it seeks information protected by the

13   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

14   from discovery.

15   Waymo objects to each request to the extent that they are compound, complex and contain

16   multiple subparts.

17   Waymo objects to each request to the extent that they seek confidential or proprietary

18   information, including without limitation, confidential business information, proprietary and/or

19   competitively sensitive information, or trade secrets.  Subject to its other General Objections, and

20   to any specific objections set forth below, Waymo will only provide relevant information in a

21   manner consistent with the Protective Order entered by the Court in this matter.

22   Waymo objects to each interrogatory to the extent that they seek information that Waymo

23   is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

24   Waymo objects to each request to the extent that it calls for information that is publicly

25   available and therefore as accessible to Defendants as to Waymo.

26   Waymo objects to each request to the extent that it is overbroad and not proportional to the

27   needs of the case, considering the importance of the issues at stake in the action, the amount in

28   controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo objects to each request to the extent that they require Waymo to provide documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.

Waymo objects to each request to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

Waymo objects to each request to the extent that it seeks information that does not already exist, or that is not in Waymo's possession, custody, or control.

Waymo objects to each request to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons under the owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment.

Waymo objects to each and every request to the extent that they call for a legal conclusion.

Waymo objects to the definitions of "Uber", "Ottomotto," and "Otto Trucking" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives," etc. of each entity.

Waymo objects to the definition of "Velodyne" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives", etc. of Velodyne.

Waymo objects to the definition of "Side Project(s)" and "Side Business(es)" as overly broad, unduly burdensome, vague and ambiguous, to the extent that the definition includes personal side project(s) or business(es).

1    Waymo objects to Instruction No. 3 as irrelevant, overbroad, unduly burdensome, and not

2    proportional to the needs of the case to the extent it calls for production in a form beyond that

3    required by the Supplemental Order.

4    Waymo objects to Instruction No. 5 as irrelevant, overbroad, unduly burdensome, and not

5    proportional to the needs of the case to the extent it calls for "[a]ll drafts of a responsive

6    document."

7    Waymo objects to Instruction No. 6 as irrelevant, overbroad, unduly burdensome, and not

8    proportional to the needs of the case to the extent that it calls for the "file folder or other container

9    in which a Document is kept."

10   Waymo objects to Instruction No. 10 as overbroad, unduly burdensome, vague, and

11   ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in

12   this judicial district."

13   Waymo objects to Instruction No. 11 to the extent it calls for Waymo to search for

14   documents beyond what is available to Waymo at present from a reasonable search of its own files

15   likely to contain relevant or responsive documents.  Waymo will produce English translations

16   where applicable as located through a reasonably diligent search.

17   Waymo objects to Instruction No. 12 to the extent that it calls for Waymo to conclude that

18   Waymo has no responsive documents in Waymo's possession, custody, or control.  If Waymo is

19   unable to locate responsive documents through a reasonably diligent search, Waymo will so state.

20   Waymo's responses are not to be construed as an admission that any of the requested

21   information exists, that any information is admissible, relevant or proportional to the needs of the

22   case, or that any contention or assumption contained in the requests, whether implicit or explicit,

23   is correct.

24   Waymo responds to these requests based upon its current understanding and reserves the

25   right to supplement its responses at a later time.

26   Waymo incorporates by reference its General Objections in each of the specific responses

27   set forth below.

28

Waymo will produce all documents relating to communications regarding agreements between Waymo and Anthony Levandowski located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 59:**

All documents relating to communications regarding agreements between Waymo and Sameer Kshirsagar.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will produce all documents relating to communications regarding agreements between Waymo and Sameer Kshirsagar located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 60:**

All documents relating to communications regarding agreements between Waymo and Radu Raduta.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will produce all documents relating to communications regarding agreements between Waymo and Radu Raduta located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 61:**

Documents relating to Waymo's financial viability, including but not limited to internal business plans, estimates, and future projections at Waymo or Project Chauffeur.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Waymo objects to this request as overlapping with Expedited Request No. 4 to Dan Chu ("Documents sufficient to show Waymo's business plans, strategic plans, operating plans, marketing plans, financial plans, sales plans, and investment plans for its ride-sharing business, including projections for revenue generation and profitability."). Waymo produced documents sufficient to respond to Expedited Request No. 4 to Dan Chu, as located through a reasonably diligent search of Waymo document repositories. *See, e.g.,* WAYMO-UBER-00004093, WAYMO-UBER-00004108, WAYMO-UBER-00004132, WAYMO-UBER-00004137, WAYMO-UBER-00004155, WAYMO-UBER-00004175, WAYMO-UBER-00004195, WAYMO-UBER-00004234. Waymo objects to this request as overbroad and not proportional to the needs of the case.

To the extent Waymo can locate any additional responsive documents through a reasonably diligent search, Waymo will produce documents sufficient to show Waymo's financial viability, including projections for revenue generation and profitability.

**REQUEST FOR PRODUCTION NO. 62:**

Documents relating to Waymo's performance, including but not limited to the development of and progress assessment for any schedules and milestones at Waymo LLC or Project Chauffeur.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Waymo objects to this request as overlapping with Expedited Request No. 4 to Dan Chu ("Documents sufficient to show Waymo's business plans, strategic plans, operating plans, marketing plans, financial plans, sales plans, and investment plans for its ride-sharing business, including projections for revenue generation and profitability."). Waymo produced documents sufficient to respond to Expedited Request No. 4 to Dan Chu, as located through a reasonably diligent search of Waymo document repositories. *See, e.g.,* WAYMO-UBER-00004093, WAYMO-UBER-00004108, WAYMO-UBER-00004132, WAYMO-UBER-00004137,

1  WAYMO-UBER-00004155,       WAYMO-UBER-00004175,       WAYMO-UBER-00004195,

2  WAYMO-UBER-00004234.  Waymo objects to this request as overbroad and not proportional to

3  the needs of the case.

4        To the extent Waymo can locate any additional responsive documents through a

5  reasonably diligent search, Waymo will produce documents sufficient to show Waymo's

6  performance.

7

8  **REQUEST FOR PRODUCTION NO. 63:**

9        Documents relating to complaints by or dissatisfaction from Waymo employees regarding

10  Waymo's performance, including but not limited to the development of and progress assessment

11  for any schedules and milestones at Waymo LLC or Project Chauffeur.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

14        Waymo objects to this request as overbroad and not proportional to the needs of the case to

15  the extent it seeks documents relating to employees other than Messrs. Levandowski, Kshirsagar,

16  and Raduta.

17        Waymo will produce all documents located through a reasonably diligent search relating to

18  complaints by or dissatisfaction from Messrs. Levandowski, Kshirsagar, and Raduta.

19

20  **REQUEST FOR PRODUCTION NO. 64:**

21        Documents relating to the hiring of John Krafcik, including documents before and after his

22  hiring.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

25        Waymo objects to this request as irrelevant.  In correspondence sent June 1, 2017, counsel

26  for Uber stated that responsive documents "are relevant to showing that the departure of some

27  former Waymo employees was motivated by doubts about John Krafcik, as reported in the press,

28  rather than by a 'cover-up scheme,' as alleged by Waymo's counsel.  (5/3/2017 Public Hr'g Tr. at

1  **REQUEST FOR PRODUCTION NO. 90:**

2       Documents relating Waymo's estimates of the size of the ride-sharing market in the United

3  States for each of the last six years.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

6       Waymo objects to this request as overbroad and not proportional to the needs of the case.

7  Waymo objects to this request as duplicative of Expedited Request No. 1 to Dan Chu

8  ("Documents sufficient to show Waymo's estimates of the size of the ride-sharing market in the

9  United States for each of the last five years.").  In response to Expedited Request No. 1 to Dan

10  Chu, Waymo produced documents sufficient to show the information that comes closest to the

11  requested information as located through a reasonably diligent search of Waymo document

12  repositories.  *See, e.g.,* WAYMO-UBER-00004184.

13       Because Waymo has already produced documents sufficient to respond to this request,

14  Waymo will not produce additional documents.

15

16  **REQUEST FOR PRODUCTION NO. 91:**

17       Documents relating to Waymo's forecasts of the size of the ride-sharing market in the

18  United States for each of the next six years.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

21       Waymo objects to this request as overbroad.  Waymo objects to this request as duplicative

22  of Expedited Request No. 2 to Dan Chu ("Documents sufficient to show Waymo's forecasts of the

23  size of the ride-sharing market in the United States for each of the last five years.").  In response to

24  Expedited Request No. 2 to Dan Chu, Waymo produced documents sufficient to show the

25  information that comes closest to the requested information as located through a reasonably

26  diligent search of Waymo document repositories.   *See, e.g.,* WAYMO-UBER-00004132,

27  WAYMO-UBER-00004171, WAYMO-UBER-00004180.

28

1  Because Waymo has already produced documents sufficient to respond to this request,
2  Waymo will not produce additional documents.

3

4  **REQUEST FOR PRODUCTION NO. 92:**

5  Documents relating to Waymo's forecasts regarding the number of Waymo's ride-sharing
6  vehicles in the United States, for each of the next six years—broken out by U.S. city and on a
7  quarterly basis.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

10  Waymo objects to this request as overbroad and not proportional to the needs of the case.
11  Waymo objects to this request as duplicative of Expedited Request No. 3 to Dan Chu
12  ("Documents sufficient to show Waymo's forecasts regarding its number of ride-sharing vehicles
13  in the United States, by U.S. city, on a quarterly basis, for each of the next five years.").  In
14  response to Expedited Request No. 3 to Dan Chu , Waymo produced a document sufficient to
15  show Waymo's forecasts for its ridesharing vehicles in the United States, by U.S. city, on a
16  quarterly basis, for each of the next five years.  *See* WAYMO-UBER-00004234.

17  Because Waymo has already produced documents sufficient to respond to this request,
18  Waymo will not produce additional documents.

19

20  **REQUEST FOR PRODUCTION NO. 93:**

21  Documents relating to Waymo's business plans, strategic plans, operating plans, marketing
22  plans, financial plans, sales plans, and investment plans for its ride-sharing business, including
23  projections for revenue generation and profitability.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

26  Waymo objects to this request as overbroad.  Waymo objects to this request as duplicative
27  of Expedited Request No. 4 to Dan Chu ("Documents sufficient to show Waymo's business plans,
28  strategic plans, operating plans, marketing plans, financial plans, sales plans, and investment plans

1  for its ride-sharing business, including projections for revenue generation and profitability.”).

2  Waymo produced documents sufficient to respond to Expedited Request No. 4 to Dan Chu, as

3  located through a reasonably diligent search of Waymo document repositories.   *See, e.g.,*

4  WAYMO-UBER-00004093,        WAYMO-UBER-00004108,        WAYMO-UBER-00004132,

5  WAYMO-UBER-00004137,        WAYMO-UBER-00004155,        WAYMO-UBER-00004175,

6  WAYMO-UBER-00004195, WAYMO-UBER-00004234.

7       To the extent Waymo can locate any additional responsive documents through a

8  reasonably diligent search, Waymo will supplement its production of documents sufficient to

9  show Waymo's business plans, strategic plans, operating plans, marketing plans, financial plans,

10  sales plans, and investment plans for its ride-sharing business, including projections for revenue

11  generation and profitability.

12

13  **REQUEST FOR PRODUCTION NO. 94:**

14       All documents relating to Waymo's analysis of any barriers to entry in the ride-sharing

15  market and the status of any attempts by Waymo to overcome any such barriers, including

16  investments and infrastructure needed.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

19       Waymo objects to this request as duplicative of Expedited Request No. 5 to Dan Chu

20  (“Documents sufficient to show Waymo's analysis of any barriers to entry in the ridesharing

21  market, and the status of any attempts by Waymo to overcome any such barriers, including

22  remaining investments and infrastructure needed.”).   Waymo produced documents sufficient to

23  respond to Expedited Request No. 5 to Dan Chu , as located through a reasonably diligent search

24  of Waymo document repositories.   *See, e.g.,*  WAYMO-UBER-00004093, WAYMO-UBER-

25  00004108,     WAYMO-UBER-00004132,     WAYMO-UBER-00004137,     WAYMO-UBER-

26  00004155,     WAYMO-UBER-00004175,     WAYMO-UBER-00004195,     WAYMO-UBER-

27  00004234.

28

Because Waymo has already produced documents sufficient to respond to this request, Waymo will not produce additional documents.

**REQUEST FOR PRODUCTION NO. 95:**

Documents relating to Waymo's financial analysis and projections of the Waze acquisition as related to Waymo's ride-sharing business, including documents relating to Waymo's pre- and post-acquisition business plans for Waze, and any retrospective analysis of the acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

After a reasonably diligent search of Waymo's document repositories and custodial documents, Waymo has not located any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 96:**

All documents relating to Waymo's discussion of Uber or its business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case to the extent it seeks documents relating to discussions of Uber unrelated to Uber's status as a Waymo competitor in the self-driving car space.

In addition to documents already produced relating to Waymo's discussion of Uber's ride-sharing business, including, *e.g.*, WAYMO-UBER-00004115, WAYMO-UBER-00004175, and WAYMO-UBER-00004197-98, Waymo will supplement its production of documents sufficient to show Waymo's knowledge of Defendants' autonomous vehicle program, including discussion of Defendants' self-driving car business, as located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 97:**

All documents relating to Waymo's analysis of Uber's ride-sharing business.

1  waiver of attorney-client privilege, attorney work product protection, or any other applicable

2  privilege or protection and after a reasonable and diligent investigation, Waymo states that Google

3  Inc.'s first communication in relation to the possibility of legal action against Anthony

4  Levandowski was on or about March 23, 2016."

5       Waymo will log the document memorializing the March 23, 2016 communication.

6

7  **REQUEST FOR PRODUCTION NO. 146:**

8       Documents sufficient to show the dates of the communications between any law firm and

9  Waymo regarding Uber prior to the filing of the arbitration lawsuits in October 2016 against Mr.

10  Levandowski.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

13       Waymo objects to this request to the extent that it seeks information protected by the

14  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

15  from discovery.

16       In response to this request, Waymo will produce or log documents sufficient to show when

17  Waymo first communicated about the possibility of pursuing this legal action against Uber.

18

19  DATED:  June 12, 2017              QUINN EMANUEL URQUHART & SULLIVAN,
                                       LLP
20

21                              By  */s/ Charles K. Verhoeven*
                                   _____
22                                 Charles K. Verhoeven
                                   Attorneys for WAYMO LLC
23

24

25

26

27

28

**APPENDIX**

**Information On Document Collection and
Production Under Supplement Order ¶ 13**

Waymo further provides information on its collection efforts under Paragraph 13 of the Supplemental Order.   As of June 12, 2017, Waymo has searched the following sources of information in response to Defendants' requests for production:

- Waymo custodial document repositories (e.g., email repositories, Google Docs, locally stored electronic documents)

- Waymo non-custodial document repositories (e.g., Drive folders used by various teams at Waymo, personnel files, Google personnel files including policy documents, codes of conduct, employee handbooks, and employment and confidentiality agreements

As of June 12, 2017, the following individuals employed by Waymo or Google have searched for documents in response to Defendants' requests for production:

- Raquel Small-Weikert (Paralegal) – general search responsibility

- Christine Lok (Paralegal) – general search responsibility

- Toni Baker (Paralegal) – general search responsibility

- Margo Maddux (Patent Agent) – search responsibility relating to patent-related documentation

- Michael Lin (People Coordinator) – search responsibility relating to employment documentation and electronic device recovery

- Joanne Chin (Head of People Operations) – search responsibility relating to employment documentation and electronic device recovery

- Jack Brown (Waymo, CAD Data and PLM Program Manager) – search responsibility relating to Waymo secure server access and activity

- Pierre Yves-Droz (Waymo, Principal Hardware Engineer) – search responsibility relating to documents relating to LiDAR development