# EXHIBIT 4

| | |
|---|---|
| **From:** | Melissa Baily <melissabaily@quinnemanuel.com> |
| **Sent:** | Thursday, July 20, 2017 3:34 PM |
| **To:** | Maxwell Pritt; Andrea P Roberts |
| **Cc:** | Matthew Cate; John Cooper; UberWaymoMoFoAttorneys; Ray, Wendy J.; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; QE-Waymo |
| **Subject:** | RE: Waymo v. Uber July 7 Meet and Confer |

Max,

As an initial matter, your assertion that "Waymo cannot agree to produce emails regarding Waymo's discussion and analyses of Uber and its business and refuse to produce responsive emails about its own business" is disingenuous. On July 7, it was **Uber** – not Waymo – who asked for emails *only* regarding Waymo's discussion and analyses of Uber (RFPs 96 and 97) and *not* regarding Waymo's business (RFPs 61, 62 and 90-94). Waymo agreed to what Uber requested on July 7. Uber's belated attempt to move the goalposts while casting blame on Waymo for agreeing to do what Uber previously requested is not well taken.

Regardless, Uber's position that it is "entitled" to "all documents and communications" regarding "Waymo's business" is just not credible. Uber's own constant refrain has been that requests seeking "all documents and communications" are too broad and are inappropriate; that is certainly true in this particular instance. Why, for example, are Waymo's financial statements insufficient for Uber to determine Waymo's "financial viability"? Moreover, as we already discussed on July 7, Waymo is not refusing to produce – where responsive – documents sufficient to show underlying data, assumptions for analyses, counter-assumptions for analyses, internal presentations with different viewpoints/opinions, etc. Indeed, Waymo has already produced and is continuing to produce the very types of documents most likely to contain this information.

Notably, Uber nowhere addresses the burden associated with somehow searching emails for documents responsive to RFPs 61, 62, and 90-94, especially where Waymo has already agreed to produce the types of documents most likely to be responsive to these requests. Uber does not dispute that it makes no sense to search email for generic terms like "plan*!" or "marketing" or "develop*" as Uber previously proposed.

Your contention that Waymo has conceded something with respect to the appropriateness of its "Waymo-only" limitation is also misplaced. We are searching for responsive documents at Waymo because that is where the information sought by RFPs 61, 62, and 90-94 – including as discussed among executives – is most likely to reside.

We will pull bates numbers of documents already produced that are responsive to these requests. We anticipate making a further production of such documents early next week.

Melissa

---

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Thursday, July 20, 2017 9:37 AM
**To:** Melissa Baily <melissabaily@quinnemanuel.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Cc:** Matthew Cate <MCate@fbm.com>; John Cooper <JCooper@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Ray, Wendy J. <WRay@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber July 7 Meet and Confer

Melissa,

Your refusal to produce "all documents and communications regarding the subjects described in those requests (i.e., Waymo's 'financial [via]bility' and 'performance')," and the puzzling assertion that you don't understand why Uber "needs" such documents continues to significantly prejudice Uber's ability to defend against Waymo's damages case. The RFPs at issue seek all documents and communications concerning, among other topics, Waymo's financial viability and performance, including financial plans, estimates, and projections, and schedules and milestones and assessments related to performance metrics; Waymo's estimates, analyses, and forecasts of the ride-sharing market and barriers to entry; and Waymo's business, strategic, operating, financial, sales, and investment plans. We asked Waymo to confirm that, in addition to producing the documents and presentations to executives you identified in your July 5 email, Waymo would search for and produce responsive emails on these topics, including emails concerning the documents and presentations you agreed to produce. In addition to the apparently carefully cabined subset of documents you already agreed to produce, emails concerning these subjects are plainly responsive and are highly relevant to Waymo's damages claims and Uber's defense and ability to challenge Waymo's damages claims.

As I explained in my 7/8 email, Uber is at a minimum entitled to discover the work that went into the select documents and presentations you agreed to produce and what was said by Waymo, Google, and Alphabet employees about them. Documents and communications related to these documents would likely contain meaningful analysis and information, such as the relevant underlying data and insight into what Waymo, Google, and Alphabet employees believed the documents and presentations actually meant. Discussions and reactions contained in such communications is also essential to understanding the context and rationale for the presentations to executives you've decided to produce.

Waymo cannot agree to produce emails regarding Waymo's discussion and analyses of *Uber* and its business (RFPs 96 and 97) and refuse to produce responsive emails about its own business (RFPs 61, 62, and 90-94), especially when Waymo's damages estimations are implausibly enormous, wide-ranging, and unworkably vague. It is remarkable that Waymo claims, on the one hand, as it does in its opposition to Uber's motion regarding Waymo's initial disclosures, to have "been providing damages-specific discovery to Uber on an ongoing basis" and "already produced thousands of lines of financial information," etc. (Dkt. 934 at 1, 11), while, on the other hand, it simultaneously refuse to produce emails concerning Waymo's financial and business plans, performance, financial viability, and market analyses.

Judge Corley has repeatedly held that Waymo does not get to decide what information is relevant—Uber is entitled to documents to prove its defenses and challenge Waymo's allegations. This includes all emails responsive to RFPs 61, 62 and 90-94 concerning Waymo's finances, performance, plans, and market analyses. Waymo's proposal to provide largely only hand-picked presentations to executives on these issues elides what those presentations will likely not show—differing, negative, or dissenting opinions and analyses, and a wide multitude of inputs that themselves are relevant to Uber's defense. Equally so, discussion about Waymo's performance is highly relevant. A presentation may provide one set of expectations, but analyses and responses are necessary to know whether those expectations were realistic and shared. As just one example, it would be highly relevant if in response to a presentation, communication followed raising doubts about whether Waymo's technology or aspects of its technology actually work, how well it works, whether employees offered opinions on the effectiveness (or lack thereof) of specific trade secrets, and when employees really think believed Waymo can get to market. The same rationale applies—perhaps in greater force—to financial projections and analysis. This is of course true for all of the requests at issue, which Waymo implicitly conceded when it agreed to produce all documents and communications related to Uber's business.

Further, as I explained in my 7/18 email, Waymo has stated that it applied its "Waymo-only" limitation and excluded Google/Alphabet documents responsive to these RFPs. For the reasons I explain in my 7/18 email, that is improper, and assuming the presentations you've agreed to produce include presentations to Google/Alphabet executives, you've conceded this restriction is improper. Uber is entitled to responsive emails concerning Waymo's financial and business plans, performance, financial viability, and market analyses regardless of whether they're located at Waymo, Google or Alphabet; what Waymo tells Google/Alphabet about its business plans and operations, financial viability, performance, and market analyses, and what Google/Alphabet think about those things, is highly relevant. *See* Dkt. 832 at 3 (Judge

Corley: "Defendants are entitled to develop their own defense to Plaintiff's claims for releief and need not rely solely on what Plaintiff contends is relevant.").

Finally, I asked in my 7/8 email for the bates range or production date(s) for the documents you said Waymo has already produced for RFPs 90 and 91. Please provide that information.

Thanks,
Max

---

**From:** Melissa Baily [mailto:melissabaily@quinnemanuel.com]
**Sent:** Wednesday, July 19, 2017 1:39 PM
**To:** Maxwell Pritt; Andrea P Roberts
**Cc:** Matthew Cate; John Cooper; UberWaymoMoFoAttorneys; Ray, Wendy J.; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; QE-Waymo
**Subject:** RE: Waymo v. Uber July 7 Meet and Confer

Max,

After my July 5 email (attached), we met and conferred with Special Master Cooper about RFP Nos. 61, 62, 90-94, and 96-97. At that time, you asked that Waymo search emails for two of those RFPS -- Nos. 96 and 97. We agreed to do that. Now you ask that Waymo search emails for the other seven RFPs. Waymo will not agree to do that. Uber has still refused to articulate any reason why it needs all documents and communications regarding the subjects described in those requests (i.e., Waymo's "financial ability" and "performance"). Moreover, we have already confirmed that, to the extent they exist, we are producing documents sufficient to encompass the relevant time frame and we are including presentations relevant to discussions with executives. Again, Uber has not offered any explanation for why it believes it needs more than this. To be clear, Waymo will not be running email searches for generic terms like "plan*" and "marketing" and "performance" as Uber now suggests.

Melissa

---

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Saturday, July 08, 2017 6:05 PM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Cc:** Matthew Cate <MCate@fbm.com>; John Cooper <JCooper@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Ray, Wendy J. <WRay@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber July 7 Meet and Confer

Dear Andrea,

I write to follow up on a few items discussed in emails below and during yesterday's meet and confer.

Thank you for confirming during yesterday's meet and confer that Waymo will search individual custodians' files, including email, for non-privileged documents responsive to Uber's RFP No. 96 ("All documents relating to Waymo's discussion of Uber or its business") and No. 97 ("All documents relating to Waymo's analysis of Uber's ride-sharing business"), in addition to the documents you already agreed to produce (responsive emails sent to "chauffeur-industryinfo@google.com" and "documents sufficient to show Waymo's knowledge of Defendants' autonomous vehicle program, including discussion of Defendants' self-driving car business," and "documents sufficient to show Waymo's

3

analysis of Uber's self-driving car program as created and updated throughout the relevant time frame and as presented to executives").

Additionally, I sent you an email last night as you requested regarding RFP 53. Please confirm that Waymo will search for and produce all non-privileged, responsive documents and log all privileged responsive documents in response to RFP 53, as you stated on Thursday's meet and confer.

Further, in her July 5, 7:08 p.m. (eastern) email below, Melissa provided responses to questions that we had about Waymo's responses to RFPs 61, 62 and 90-94. Aside from improperly limiting its response for each of those RFPs to "documents sufficient to show" the topics requested, Waymo has not identified whether it will search and productive custodians' emails for non-privileged documents responsive to each of these requests. A review of the search terms you sent us on July 3 suggest that Waymo has not done so—the terms do not include any combination of words in these RFPs, such as "financial," "plan*," "projection*," "estimate*," "performance," "assess*," "progress," "develop*," "milestone," "schedule*," "ride-sharing," "strategic," "operating," "marketing," "sales," or "forecast*." And the only term that included "market" was the overly specific phrase "entering the TaaS market," which was applied only to Daniel Chu's "EmailDocs."

For example, in response to RFP 62, Melissa said Waymo will produce "documents sufficient to show progress assessments and/or milestone achievements," including "presentations to executives." Melissa likewise said Waymo will produce "business/marketing/investment plans as created and updated throughout the relevant time frame and as presented to executives" in response to RFP 93. Uber is entitled, at a minimum, to discover what was said about these presentations and plans over email, including by the executives at Waymo/Google/Alphabet who received them. The same is true for any emails discussing the documents Waymo has agreed to search for and produce in response to RFPs 61, 90-92, and 94. Please confirm that Waymo will search custodians' files, including email, for non-privileged documents responsive to RFPs 61, 62 and 90-94.

Melissa also said that Waymo has already produced documents for RFPs 90 and 91 (but would look for any additional documents similar to those already produced). We have not been able to locate these documents yet. Please identify the bates range or production date(s) for them.

Finally, in reviewing documents that Waymo has produced to date, it appears that Google referred internally to the 510 Systems and Anthony's Robot acquisitions as "Project Eleven." *See, e.g.*, WAYMO-UBER-00008968. The search terms that you sent us on July 3 do not include "Project Eleven." Please confirm that Waymo will produce all non-privileged, responsive documents concerning "Project Eleven," which would be responsive to Uber's RFPs 84, 95, and 135-138.

Thank you!

Best,
Max


**From:** Maxwell Pritt
**Sent:** Friday, July 07, 2017 9:05 AM
**To:** John Cooper; Ray, Wendy J.
**Cc:** Andrea P Roberts; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; QE-Waymo
**Subject:** RE: Waymo v. Uber July 7 Meet and Confer

Dear John,

Since the meet and confer has been rescheduled to 2:00 p.m., we ask that Waymo provide the responses that were due yesterday and this morning no later than 12:00 p.m. today so we can prepare to file a motion to compel today on the

outstanding issues for which we remain at an impasse.  (I note again that we are already at an impasse as to RFPs 46, 54, 63, 66, 121, and 122.)

These issues are:

   (1)  whether Waymo will produce copies of the 14,000 files or, at a minimum, whatever subset of those files, if any, Waymo claims are trade secrets Defendants allegedly misappropriated;
   (2)  the list of requests for which Waymo applied its general objection and interpreted "You" or "Waymo" to mean Waymo only (and not Google/Alphabet), and the requests for which Waymo limited its search to Waymo documents and excluded Google/Alphabet documents;
   (3)  whether Waymo will withdraw the application of its general objection limiting "You" or "Waymo" to Waymo to any requests, and will expand any searches it limited to Waymo to include Google/Alphabet;
   (4)  whether Waymo will search custodians' files for communications responsive to RFPs 96 and 97; and
   (5)  whether Waymo agrees to Uber's requests in connection with RFPs 54 and 119.

Thank you.

Best,
Max

---

**From:** John Cooper [mailto:JCooper@fbm.com]
**Sent:** Friday, July 07, 2017 6:16 AM
**To:** Ray, Wendy J.
**Cc:** Andrea P Roberts; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; QE-Waymo
**Subject:** Re: Waymo v. Uber July 7 Meet and Confer

Let's move the call to 2:00 pm today. Same call in number: 888 759 6039 access 425 954 4410. John

Sent from my iPhone; dictated to Siri

On Jul 7, 2017, at 5:41 AM, Ray, Wendy J. <WRay@mofo.com> wrote:

> John and Andrea,
> If we move the call to the afternoon, I would appreciate it if we could start at 1:30. I have a conflict at 1. Thanks.
>
> Best,
> Wendy
>
> Wendy J. Ray
> Morrison & Foerster LLP
> 707 Wilshire Blvd., Ste. 6000
> Los Angeles, CA 90017-3543
> 213-892-5446
>
> On Jul 6, 2017, at 11:50 PM, Andrea P Roberts <andreaproberts@quinnemanuel.com> wrote:
>
>> - External Email -
>>
>> John,

5

We have another meet and confer scheduled for tomorrow at 10 am, and we expect it will be another lengthy one based on the number of issues the parties have asked to discuss.  Both sides have multiple briefs due at noon tomorrow.  We suggest moving the meet and confer to 1 pm so that the parties can finalize their briefs and get them on file beforehand and have the appropriate people on the call.

Thanks,
Andrea


**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


=============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]