QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa J. Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>         Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>         Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO, LLC'S MOTION FOR RELIEF FROM AND EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 951)**<br><br>Judge: The Honorable William H. Alsup<br><br>Trial Date: October 10, 2017<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL** |

Plaintiff Waymo LLC ("Waymo") submits this brief in opposition to Uber Technologies, Inc. and Ottomotto LLC's (collectively, "Defendants") Motion for Relief from and Emergency Motion for Stay of Non-Dispositive Pretrial Order of Magistrate Judge (Dkt. 951) (the "Motion"). This Court should deny the Motion because Waymo's Requests for Production ("RFPs") 30, 98, 99, 110, 145, and Expedited Interrogatory 24 (collectively, the "Discovery Requests") properly seek relevant information related to Waymo's allegations from the filing of the complaint, and throughout this litigation, of Defendants' LiDAR and non-LiDAR trade secret theft by and through Anthony Levandowski.

Despite Waymo's repeated, and long-standing, allegations concerning Uber's misappropriation of non-LiDAR trade secrets, Uber has continuously refused to produce documents or answer an interrogatory related to non-LiDAR technology, arguing that this subject matter is irrelevant. Mot. at 1:18-20. Judge Corley rejected that argument holding that the subject matter is relevant because it is "related to what Mr. Levandowski worked on for Uber" and that Waymo's "requests properly [sought] that] information." (Dkt. 951 at 1:22-23.)

Judge Corley's Order should be upheld because Defendants have not carried their burden to show that it is "*clearly* erroneous or contrary to law." Fed. R. Civ. P. 72(a) (emphasis added). It is not. Moreover, Judge Corley's Order, being "[a] magistrate judge's decision in [a] nondispositive matter[,] is entitled to great deference by the district court." *Artis v. Deere & Co.*, 276 F.R.D. 348, 354 (N.D. Cal. 2011) (Alsup, J.) (citation and quotation marks omitted); *see also SEC v. Mercury Interactive LLC*, 2012 WL 4466582, at *3 (N.D. Cal. Sept. 25, 2012) (Alsup, J.) ("A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'"). The Motion should be denied.

This litigation centers around Levandowski's unauthorized downloads of Waymo trade secrets, including his December 11, 2015 download of 9.7 GB of Waymo confidential and proprietary electric

circuit design files, including electrical schematics, PCB layouts, mechanical drawings, design rules and component libraries. (Dkt. 25-47 ¶¶ 23-24.) Of the 9.7 GB of downloaded materials, ***7.7 GB—almost 80%***—concerned non-LiDAR technology, such as ▮▮▮▮▮▮▮▮▮▮. (Dkt. 25-31 ¶ 24). Thus, Waymo's requests for non-LiDAR discovery are ***not*** a "fishing expedition," as Defendants claim; rather, they are squarely within the broad scope of relevant discovery to which Waymo is properly entitled under Federal Rule of Civil Procedure 26.  Mot. at 1:9.

In fact, from the very start of this litigation, and throughout it, Waymo has alleged that Defendants misappropriated both LiDAR and non-LiDAR technology. For example, in its Complaint, Waymo alleged, *inter alia*:

> 44. . . . Mr. Levandowski's download included 9.7 GBs of sensitive, secret, and valuable internal Waymo information. 2 GBs of the download related to Waymo's LiDAR technology.
>
> 48. After downloading all of this confidential information regarding Waymo's LiDAR systems ***and other technology*** . . . .
>
> 52. Approximately a month before the supply chain manager resigned and despite his confidentiality obligations to Waymo, he downloaded from Waymo's secure network Waymo's confidential supply chain information and other confidential manufacturing information . . . .

(Dkt. 1 (emphasis added).) Defendants' assertions that Waymo is "expanding discovery," Mot. at 3:25; *see also id.* at 1:3, 3:13, 4:3, are thus unsupportable; non-LiDAR technology has been part of Waymo's case and discovery requests from the very start of this litigation. *See infra* 4-5. Further, Defendants' cited case, *Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1115-16 (N.D. Cal. 2016), Mot. at 3, is inapposite. *Loop* concerned whether trade secret disclosures were sufficient for Cal. Civ. Proc. Code § 2019.210, which Defendants have never challenged here. *Loop* did not deal with the scope of discovery, the issue before this Court.

The record also demonstrates that Waymo has provided notice of its allegations regarding non-LiDAR technology. For example, Waymo has made clear it intends to ask Levandowski questions

going beyond LiDAR technology[1] and deposition questioning has extended to Waymo's ■■■■■.[2]

Further, in its March 10 trade secret disclosures pursuant to Cal. Civ. Proc. Code § 2019.210 (the same day as Waymo's preliminary injunction motion), Waymo again expressly identified non-LiDAR trade secrets. For example, in Trade Secret Nos. 108 and 109, Waymo disclosed:

> 108. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
>
> 109. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

(Dkt. 25-7 at Nos. 108 and 109.) In addition, Waymo's Trade Secret No. 85 concerned non-LiDAR information concerning the ■■■■■■■■■■■■■■■■■■■■■■■■■ described as an 

(Dkt. 25-7 at ¶ 85.) This document thus included extensive non-LiDAR technology and information.

Defendants argue that providing disclosure of non-LiDAR technological information would conflict with the underlying purpose of California Civil Procedure Code § 2019.210 and this Court's Order limiting Waymo to "less than ten trade secrets" (Dkt. 563 at 4:1-6), which is to put Defendants on sufficient and fair notice to defend itself while "preventin[ing] plaintiff from using the discovery

---

[1] Dkt. No. 834-4 at ¶¶ 50 ("systems to collect data"), 96 ("LiDAR systems and other technology"), 98 ("downloaded the entirety of that design server), 123 ("use the 14,000+ files from the design server"), 149 ("Waymo's entire design server"), 295, 296, 331-33, 336-39, 343-46, 351-52, 354, 357, 362-63, 369-70, 378, 384-86, 392, 394-96 ("PCBs").

[2] *See* Bares Tr. 146:10-20, 271:24-272:4; Gruver Tr. 16:1-9, 20:2-7; Haslim Tr. 57:11-14; Salesky Tr. 21:14-23; Willis Tr. 68:20-69:9.

process as a means to obtain the defendant's trade secrets." Mot. at 1-2 (quoting *Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d 1042, 1044 (N.D. Cal. 2014)).  *First*, this Court's Order regarding the number of Waymo's trade secrets in no way detracts from Defendants' Federal Rule of Civil Procedure obligations to provide Waymo with discovery of relevant information.  Defendants cite no authority suggesting otherwise.  Moreover, Waymo should not be prejudiced by being forced to choose between pursuing its LiDAR versus non-LiDAR technology allegations without the benefit of full discovery to enable it to make an informed choice with respect to which of its numerous claims of trade secret misappropriation and patent infringement to pursue at trial.  To hold otherwise would enable Defendants to benefit from their evasive discovery delay tactics to run down the clock to the August 1 deadline at Waymo's expense.  Indeed, Defendants have effectively done so given that the August 1 deadline is only a few days away.

*Second*, the Discovery Requests are not contrary to trade secret disclosure objectives because Defendants were given sufficient and fair notice that the trade secrets at issue comprise both LiDAR and non-LiDAR technology by Waymo's complaint, trade secret disclosures, and throughout discovery in this litigation.  *See supra* 2-3.  Defendants' reliance on *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 985 (S.D. Cal. 1999), Mot. at 2, holding that discovery could not be conducted until trade secrets had been alleged with sufficient particularity, is misplaced given, as noted, Defendants have never challenged the sufficiency of Waymo's trade secret disclosures under Cal. Civ. Proc. Code § 2019.210 and discovery has been proceeding.[3]  *Finally*, it is disingenuous to claim that Waymo's Discovery Requests related to non-LiDAR technology, made to support allegations it has made throughout the litigation, are contrived as a mechanism to obtain Defendants'

---

[3]  Moreover, *Gartner* requires "reasonable notice of the issues which must be met at the time of trial' and 'reasonable guidance in ascertaining the scope of appropriate discovery." 50 F. Supp. 2d at 984.  Waymo's trade secret disclosures do just that.

trade secrets as opposed to simply proving theft of its own trade secrets—80% of which concern non-LiDAR technology. *Id.*

Defendants contend that Waymo has "not identif[ied] *any* evidence of use by Uber of non-LiDAR trade secrets" and that Waymo's references to the contents of Levandowski's 9.7 GB download is "unavailing" because Waymo "has no evidence that Uber ever acquired or possessed any of those files." Mot. at 3 (emphasis in original). Even if true, that is not because there is no evidence. Instead, it is because Defendants have repeatedly refused to comply with Waymo's reasonable, long-standing Discovery Requests for relevant information which pre-date this motion by months, having been made on May 9 (RFP 30), May 11 (RFPs 98, 99, 110, and 145), and June 6 (Expedited Interrogatory No. 24). That is, Waymo sought non-LiDAR discovery immediately and during the expedited discovery granted by the Court, **not** "just a few days before its August 1 deadline to narrow its trade secret claims for trial," despite Defendants' inaccurate contentions otherwise. *Id.* at 1.

Defendants' argument that Waymo did not raise non-LiDAR trade secrets in its preliminary injunction motion is a red herring. Mot. at 3. Defendants had notice of Waymo's non-LiDAR trade secrets from Waymo's trade secret disclosures (Dkt 25-7) on March 10, the same day as Waymo filed its preliminary injunction motion (Dkt. 24). Moreover, even if Waymo had not asserted non-LiDAR trade secrets at the preliminary injunction phase (it did), that in no way bars Waymo from relying on non-LiDAR trade secrets now, particularly where Defendants have been on notice for months of non-LiDAR allegations. *See supra* 1-2. Otherwise, plaintiffs like Waymo would be severely prejudiced given allegations on preliminary injunction, preceding discovery, are necessarily preliminary. *See, e.g.*, *Apple Inc. v. Samsung Elecs.*, 12 cv 630 (N.D. Cal 2012) (infringement of four patents alleged on preliminary injunction ('647, '604, '721, 172) (Dkt. No. 10) but trial alleged infringement of five patents, including two not raised on preliminary injunction ('959, '414), (Dkt. No. 1884)).

For all the reasons given above, Defendants' Motion should be denied in its entirety.

1
2  DATED: July 27, 2017                    QUINN EMANUEL URQUHART & SULLIVAN, LLP
3                                          By */s/ Charles K. Verhoeven*
4                                             Charles K. Verhoeven
                                              Attorneys for WAYMO LLC
5
6
7
...
28