1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   ERIC A. TATE (CA SBN 178719)
    ETate@mofo.com
4   RUDY Y. KIM (CA SBN 199426)
    RudyKim@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482
    Telephone:     415.268.7000
7   Facsimile:     415.268.7522

8   KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
9   HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
10  BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
11  Washington DC  20005
    Telephone:     202.237.2727
12  Facsimile:     202.237.6131

13  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
14  and OTTOMOTTO LLC

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

18

19   WAYMO LLC,                              Case No.        3:17-cv-00939-WHA

20                  Plaintiff,               **DEFENDANTS UBER
                                             TECHNOLOGIES, INC. AND
21         v.                                OTTOMOTTO, LLC'S REPLY IN
                                             SUPPORT OF ITS MOTION FOR
22   UBER TECHNOLOGIES, INC.,                RELIEF FROM AND
     OTTOMOTTO LLC; OTTO TRUCKING LLC,       EMERGENCY MOTION FOR
23                                           STAY OF NON-DISPOSITIVE
                  Defendant.                 PRETRIAL ORDER OF
24                                           MAGISTRATE JUDGE (DKT. 951)**

25
                                             Trial Date: October 10, 2017
26

27           **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      INTRODUCTION

Waymo's opposition is notable for what it does not dispute.  Waymo does not dispute that its Section 2019.210 disclosure controls the scope of discovery.  Waymo has no rebuttal to the authority that disclosure of broad categories and a "████████████████████████ ███████████" spreadsheet is insufficient to adequately disclose non-LiDAR trade secrets. Waymo does not even attempt to defend the sufficiency of its disclosure.  Waymo cannot dispute that LiDAR-related trade secrets have been its primary focus throughout the case—including the sole focus of the trade secret claims as phrased in the Complaint and in the preliminary injunction phase—nor that the Court has directed Waymo to *narrow* its trade secret claims, not expand them.  Finally, as with its opposition in connection with the similar but separate briefing pending before the Court, Waymo offers no counter to Uber's showing that the discovery it seeks renders the October 10 trial date untenable.  (*See* Dkt. 999-4 at 1:11-13.)

The July 19 Order was contrary to law because discovery must be limited to the scope of a sufficiently particular disclosure pursuant to Section 2019.210.  Waymo's opposition brief fails to support Judge Corley's decision, as the non-LiDAR discovery requests are untethered to properly specified trade secrets in Waymo's trade secret disclosure.  The Court should grant Uber's motion.

## II.      ARGUMENT

Waymo does not dispute that Cal. Civ. Proc. Code § 2019.210 requires a trade secret plaintiff to identify trade secrets with specificity.  (*Compare* Mot. for Relief at 2, Dkt. 1006-4 (citing *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 985 (S.D. Cal. 1999)), *with* Opp'n at 4, Dkt. 1034-4.)  Nor does it dispute that the scope of discovery is cabined by a proper trade secrets disclosure.  (*Compare* Mot. for Relief at 2, Dkt. 1006-4 (citing case law in N.D. California courts stating that Cal. Civ. Proc. Code § 2019.210 frames the appropriate scope of discovery), *with* Opp'n, Dkt. 1034-4.)

Waymo's argument that the case law is irrelevant because Uber has "never challenged" the sufficiency of its disclosure is wrong on both the facts and the law.  (Opp'n at 2, Dkt. 1034-4.) Uber did, in fact, dispute the sufficiency of Waymo's Section 2019.210 trade secret disclosure

DEFS.' REPLY IN SUPP. OF MOT. FOR RELIEF FROM & EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE
PRETRIAL ORDER (DKT. 951); Case No. 3:17-cv-00939-WHA
sf- 3809361

1

1   before Judge Corley.  (Resp. to Waymo Ltr. Br. at 3, Dkt. 748-13.)  And the trade secret

2   disclosure governs the appropriate scope of discovery in every trade secret case, so its sufficiency

3   is directly relevant to whether the Court should allow Waymo the unbridled discovery it seeks.

4   *See Gabriel Techs. Corp. v. Qualcomm Inc.*, No. 08CV1992 AJB (MDD), 2012 WL 849167, at

5   *3 (S.D. Cal. Mar. 13, 2012) (affirming magistrate judge's ruling that denied plaintiff's motion to

6   compel discovery where description of trade secret was not "adequately articulated to meet the

7   sufficient particularity standard").  The case law that Waymo ignores demonstrates the clear error

8   in the July 19 Order:  the Order allows inappropriate expansion of discovery that is not cabined to

9   the proper scope of a sufficient Section 2019.210 trade secret disclosure.

10         Waymo recites only three entries in its trade secret disclosure as pertaining to non-LiDAR

11   trade secrets, but does nothing to show how those entries meet the Section 2019.210 standard.  As

12   explained in *Loop AI Labs Inc. v. Gatti*, "categorical descriptions render it impossible for

13   Defendants to conduct public domain or other research to challenge the alleged secrecy of the

14   information at issue."  195 F. Supp. 3d 1107, 1115-16 (N.D. Cal. 2016).  Here, Waymo identified

15   broad categories of "████████████████████████████████

16   ██████" (item 108) and "████████████████████████████████████

17   ██████████████████" (item 109).  The impropriety of these vague, catch-all descriptions is

18   compounded by the fact that they purport to be for ████████████████████████

19   ████████████████████████████████████, which is far from "enough detail so

20   that the defendant is able to learn the boundaries of the alleged trade secret in order to investigate

21   defenses."  *VasoNova Inc. v. Grunwald*, No. C 12-02422 WHA, 2012 WL 4119970, at *2 (N.D.

22   Cal. Sept. 18, 2012); *see also Perlan Therapeutics, Inc. v. Super. Ct.*, 178 Cal. App. 4th 1333,

23   1346 (2009) (in affirming trial court's finding that trade secret disclosure was insufficiently

24   specific, noting that "where the alleged trade secrets consist of incremental variations on, or

25   advances in the state of the art in a highly specialized technical field, a more exacting level of

26   particularity may be required") (internal citations omitted).

27         Waymo similarly makes no attempt to defend its citation to its asserted trade secret 85,

28   which is based on an excel spreadsheet that sets out "████████████████████████████████"

DEFS.' REPLY IN SUPP. OF MOT. FOR RELIEF FROM & EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE
PRETRIAL ORDER (DKT. 951); Case No. 3:17-cv-00939-WHA
sf- 3809361

2

1  Waymo asserts without support that the spreadsheet "█████████████████████

2  ██████████████" but as Uber has separately shown, Waymo's references to this spreadsheet have

3  been a moving target and remain insufficient.  (Dkt. 999-4 at 2-3.)  Waymo does not deny that the

4  trade disclosure provides no explanation of what language in the spreadsheet constitutes trade

5  secret information; instead, it refers broadly to the spreadsheet and claims that it contains

6  "███████████████████████" including but not limited to "███████████████████"  Such

7  a vague disclosure cannot justify expanding discovery at this stage of the case.

8       Waymo does not dispute that both allegations of trade secret misappropriation in the

9  Complaint explicitly relate to LiDAR technology.  (*E.g.*, Dkt. 23 ¶ 71 ("Waymo has at all times

10  maintained stringent security measures to preserve the secrecy of its LiDAR trade secrets"), ¶ 80

11  ("Waymo's technical information, designs, and other 'know how' related to its LiDAR system

12  constitute trade secrets").)  It instead cites background and introductory language, but those

13  sections a) do not overcome the language in the trade secret claims themselves, and b) in any

14  event, serve to further underscore Waymo's focus on LiDAR technology:  "Mr. Levandowski's

15  download included 9.7 GBs of sensitive, secret, and valuable internal Waymo information.  2

16  GBs of the download related to **Waymo's LiDAR technology**.  Among the downloaded

17  documents were confidential specifications for each version of every generation of **Waymo's**

18  **LiDAR circuit boards**."  (*Id.* ¶ 44 (emphasis added), ¶ 48 ("After downloading all of this

19  confidential information regarding **Waymo's LiDAR systems** and other technology . . . .")

20  (emphasis added).)

21       Waymo's argument that its preliminary injunction motion does not bind it misses the

22  point:  the trade secret claims in the Complaint refer solely to LiDAR trade secrets; Waymo's

23  preliminary injunction motion referred solely to LiDAR trade secrets; the vast majority of

24  Waymo's 121-item trade secret disclosure addressed LiDAR trade secrets (with the possible

25  exception of the few lines discussed above that do not meet Section 2019.210 muster); and

26  discovery has focused on LiDAR trade secrets.  Waymo's reference to the total amount of

27  information it alleges Mr. Levandowski downloaded similarly misses the point, as it does not

28  specify what portion of that total volume constitutes asserted trade secrets—and it does not and

DEFS.' REPLY IN SUPP. OF MOT. FOR RELIEF FROM & EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER (DKT. 951); Case No. 3:17-cv-00939-WHA
sf- 3809361

3

cannot point to any files that made their way to Uber. Now, having utterly failed to find anything to support its LiDAR trade secret claims against Uber, Waymo is attempting to rummage around to change course and shift the focus of its discovery.

Waymo's attempts to blame Uber for its lack of evidence and references to questions it intends to ask cannot justify expanding the scope of discovery either. A trade secret plaintiff bears the burden of an appropriately specific trade secret disclosure, and cannot disclose vague categories in the hopes of gaining discovery to support them. *See Perlan Therapeutics,* 178 Cal. App. 4th at 1344, 1350 (rejecting plaintiff's trade secret disclosure where plaintiff sought to conduct discovery "with an eye toward enhancing [its] understanding of the trade secrets already asserted and adding additional particular trade secret claims as discovery potentially uncovers further instances"). Waymo also does not dispute that it makes this claim after *extensive* discovery and inspections of facilities, source code, technical documents, and computers. (*See* Mot. for Relief at 1, Dkt. 1006-4.) It cites no authority for the suggestion that questions a party intends to ask can justify expanding the scope of discovery from what was pled in the Complaint and its mandated trade secret disclosure.[1]

Finally, Waymo apparently concedes that expanding the scope of discovery to non-LiDAR trade secrets would interfere with the Court's schedule, as it does not even mention this issue in its reply. (*Compare* Mot. for Relief at 4, Dkt. 1006-4 (noting need for parties to finalize fact discovery and move to expert discovery and trial preparation in order to keep October trial date), *with* Opp'n, Dkt. 1034-4.)

## III. CONCLUSION

The July 19 Order was contrary to law because discovery must be limited to the scope of a sufficiently particular disclosure per Section 2019.210. Waymo is unable to support Judge Corley's decision, as it cannot defend the sufficiency of its disclosures under the relevant California authority. Nor can Waymo deny that it is attempting to expand the case beyond the

[1] Waymo's cited list of questions (Opp'n at 3 n.1, Dkt. 1034-4) also omits that the first question it cites to purportedly show non-LiDAR questions (referring to "systems to collect data") falls under the heading "Google/Waymo LiDAR Development Efforts" and that the fuller quotation refers to "systems to collect data **from its LiDAR technology**."

1  focus of the Complaint, particularly the explicit language of the trade secret claims.  There is no

2  basis to allow Waymo to expand its discovery now.  Judge Corley's order expanding discovery to

3  non-LiDAR information should be reversed.

4

5  Dated: July 28, 2017                    MORRISON & FOERSTER LLP

6

7                                  By:    */s/ Arturo J. González*
                                          ARTURO J. GONZÁLEZ

8                                         Attorneys for Defendants
                                          UBER TECHNOLOGIES, INC.
9                                         and OTTOMOTTO LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' REPLY IN SUPP. OF MOT. FOR RELIEF FROM & EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE
PRETRIAL ORDER (DKT. 951); Case No. 3:17-cv-00939-WHA
sf- 3809361

5