Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant
Otto Trucking LLC*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| Waymo LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANT OTTO TRUCKING'S REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S JUNE 7, 2017 ORDER (DKT. 563)**<br><br>Date:　　　　August 16, 2017<br>Time:　　　　8:00 a.m.<br>Courtroom:　8, 19th Floor<br>Judge:　　　Honorable William Alsup<br>Trial Date:　October 10, 2017<br><br>Filed/Lodged Concurrently with:<br>1.　Declaration of Hong-An Vu |

Waymo's Opposition (Dkt. No. 988) to Otto Trucking's motion to strike (Dkt. No. 942) fails to justify its complete and utter failure to comply with the Court's June 7, 2017 order (Dkt. No. 563) requiring it to disclose its damages theory against Otto Trucking.  Waymo still has not provided any damages calculation or viable damages theory as to Otto Trucking.  Having refused to comply with the Court's order to disclose damages, Waymo's corrected supplemental initial disclosures and Patent Local Rule 3-8 contentions should be stricken, and Waymo should be precluded from seeking damages against Otto Trucking.

Since Otto Trucking filed its motion, Waymo had yet another chance to disclose its damages theory as to Otto Trucking in its July 25, 2017 supplemental discovery responses.  Specifically, Otto Trucking's Interrogatory No. 10 asked Waymo to "[i]dentify all damage, including a specific calculation of monetary damages, caused by any alleged misappropriation of trade secrets by Otto Trucking."  Declaration of Hong-An Vu ("Vu Decl.") Ex. 4 (Excerpts of Plaintiff Waymo LLC's First Supplemental Objections and Responses to Otto Trucking, LLC's First Set of Interrogatories (Nos. 1-14)), Response No. 10 at 136).  But instead of stating any damages caused by Otto Trucking, Waymo simply copied its response to Uber, adding only that Otto Trucking should be "jointly and severally liable" for those damages, supposedly because: 1) Anthony Levandowski's wrongdoing should be imputed to Otto Trucking; 2) Uber could eventually acquire Otto Trucking; and 3) further discovery could yield Otto Trucking's possession of trade secrets.  Vu Decl. Ex. 1 at 142-43, 154.  These are all just arguments by Waymo's counsel, not a disclosure of damages caused by Otto Trucking to Waymo.

Waymo's first argument is wrong as a matter of law because it seeks to hold Otto Trucking responsible for the alleged wrongdoing of its shareholder—Mr. Levandowski.  Courts have expressly rejected Waymo proposal to pierce Otto Trucking's corporate veil in reverse.  *See Postal Instant Press, Inc. v. Kaswa Corp.*, 162 Cal. App. 4th 1510, 1519-21 (2008) ("We agree with the sound reasoning and analysis of the cases rejecting outside reverse piercing of the corporate veil."); *see also He Nam You v. Japan*, 150 F. Supp. 3d 1140, 1150 (N.D. Cal. 2015) (citing *Postal Instant Press* and applying "California's prohibition on outside reverse piercing").  Waymo could have asserted claims against Mr. Levandowski for his alleged wrongdoing.  It chose not to for its own

1

1  tactical reasons, and under California law it cannot hold Otto Trucking—and all of its members—

2  responsible for Mr. Levandowski's alleged wrongdoing.  This rule applies with particular force here,

3  where Mr. Levandowski could not have been acting on Otto Trucking's behalf when he allegedly

4  downloaded files in December 2015 and January 2016.  Otto Trucking was not even formed until

5  February 1, 2016.  *See* Vu Decl. Ex. 1 at 142.

6        Waymo's second argument is purely speculative; Uber has not acquired Otto Trucking, and

7  even if it did in the future, this does not explain what damages Waymo has suffered ***now***.  Waymo's

8  third damages theory, that Otto Trucking may yet possess trade secrets, is equally speculative and

9  undermined by all of the discovery conducted to date.  There is no evidence that Otto Trucking has

10 or used Waymo's trade secrets.

11       Nor should Waymo be excused from disclosing its damages simply because discovery is

12 ongoing.  Waymo has admitted that its damages claims are based on the development **<u>by Uber</u>** of

13 Uber's Spider and Fuji LiDAR systems.  In Uber's First Set of Interrogatories, Waymo was

14 instructed to "[i]dentify each alleged Waymo trade secret" purportedly "used by Uber."  (Dkt. No.

15 688, Yang Decl. Ex. 6 at No. 1).  All purported trade secrets identified by Waymo involved either

16 the Spider or Fuji LiDAR systems.  Otto Trucking did not develop or use Spider or Fuji LiDAR.

17 (*See* Dkt. No. 942, Walsh Decl. Ex. 1 at No. 7; Ex. 2 at Nos. 21-23, 28; Ex. 3 at Nos. 24, 25).

18 Waymo has no evidence that Otto Trucking either acquired or used Waymo's trade secrets.  Otto

19 Trucking has answered interrogatories, produced documents, and allowed inspection of its

20 subsidiary's self-driving trucks and the LiDAR systems aboard them.  Still, even after all of this

21 discovery, Waymo has failed to assert any damages theory against Otto Trucking.  The reason for

22 Waymo's repeated failure to identify any damages allegedly caused by Otto Trucking is obvious:

23 Waymo has no recoverable damages against Otto Trucking.

24       Otto Trucking also joined in Uber and Ottomotto's motion to strike.  (Dkt. No. 563).  Uber

25 and Ottomotto filed a reply in support of their motion on July 24, 2017.  (Dkt. No. 1004).  The

26 arguments and authorities in Uber and Ottomotto's reply apply equally to Otto Trucking.  For this

27 reason and to best serve justice and avoid unnecessary or duplicative time, effort or expense, Otto

28

1 tactical reasons, and under California law it cannot hold Otto Trucking—and all of its members—

2 responsible for Mr. Levandowski's alleged wrongdoing.  This rule applies with particular force here,

3 where Mr. Levandowski could not have been acting on Otto Trucking's behalf when he allegedly

4 downloaded files in December 2015 and January 2016.  Otto Trucking was not even formed until

5 February 1, 2016.  *See* Vu Decl. Ex. 1 at 142.

6     Waymo's second argument is purely speculative; Uber has not acquired Otto Trucking, and

7 even if it did in the future, this does not explain what damages Waymo has suffered ***now***.  Waymo's

8 third damages theory, that Otto Trucking may yet possess trade secrets, is equally speculative and

9 undermined by all of the discovery conducted to date.  There is no evidence that Otto Trucking has

10 or used Waymo's trade secrets.

11     Nor should Waymo be excused from disclosing its damages simply because discovery is

12 ongoing.  Waymo has admitted that its damages claims are based on the development **<u>by Uber</u>** of

13 Uber's Spider and Fuji LiDAR systems.  In Uber's First Set of Interrogatories, Waymo was

14 instructed to "[i]dentify each alleged Waymo trade secret" purportedly "used by Uber."  (Dkt. No.

15 688, Yang Decl. Ex. 6 at No. 1).  All purported trade secrets identified by Waymo involved either

16 the Spider or Fuji LiDAR systems.  Otto Trucking did not develop or use Spider or Fuji LiDAR.

17 (*See* Dkt. No. 942, Walsh Decl. Ex. 1 at No. 7; Ex. 2 at Nos. 21-23, 28; Ex. 3 at Nos. 24, 25).

18 Waymo has no evidence that Otto Trucking either acquired or used Waymo's trade secrets.  Otto

19 Trucking has answered interrogatories, produced documents, and allowed inspection of its

20 subsidiary's self-driving trucks and the LiDAR systems aboard them.  Still, even after all of this

21 discovery, Waymo has failed to assert any damages theory against Otto Trucking.  The reason for

22 Waymo's repeated failure to identify any damages allegedly caused by Otto Trucking is obvious:

23 Waymo has no recoverable damages against Otto Trucking.

24     Otto Trucking also joined in Uber and Ottomotto's motion to strike.  (Dkt. No. 563).  Uber

25 and Ottomotto filed a reply in support of their motion on July 24, 2017.  (Dkt. No. 1004).  The

26 arguments and authorities in Uber and Ottomotto's reply apply equally to Otto Trucking.  For this

27 reason and to best serve justice and avoid unnecessary or duplicative time, effort or expense, Otto

28

1  Trucking hereby joins and adopts the arguments, authorities, contentions, exhibits, attachments and
2  prayers set forth in Uber and Ottomotto's reply as if they were set forth herein in their entirety.
3         Accordingly, the Court should issue an order to enforce its June 7, 2017 order, strike
4  Waymo's corrected supplemental initial disclosures, strike Waymo's Patent Local Rule 3-8
5  contentions, and preclude damages claims as to Otto Trucking.

Dated:  July 28, 2017                    Respectfully submitted,

                                         By:   /s/   Hong-An Vu
                                               Neel Chatterjee
                                               *nchatterjee@goodwinlaw.com*
                                               Brett Schuman
                                               *bschuman@goodwinlaw.com*
                                               Shane Brun
                                               *sbrun@goodwinlaw.com*
                                               Rachel M. Walsh
                                               *rwalsh@goodwinlaw.com*
                                               Hong-An Vu
                                               *hvu@goodwinlaw.com*
                                               Hayes P. Hyde
                                               *hhyde@goodwinlaw.com*
                                               James Lin
                                               *jlin@goodwinlaw.com*
                                               **GOODWIN PROCTER LLP**

                                         *Attorneys for Defendant:*
                                         Otto Trucking LLC

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing and its attachments with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on July 28, 2017.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.  Executed this 28th day of July 2017 in Los Angeles, California.

/s/ Hong-An Vu
Hong-An Vu