QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF FELIPE CORREDOR IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR RESPONSE TO WAYMO'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE AND EXHIBIT THERETO(DKT. 917)** |

I, Felipe Corredor, declare as follows:

1.  I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2.  I make this declaration in support of Defendants' Administrative Motion to File Under Portions and Exhibits to Defendants' Reply in Support of Motion to Enforce the Court's June 7, 2017 Order (the "Administrative Motion"). The Administrative Motion seeks an order sealing highlighted portions of Defendant Uber Technologies, Inc. and Ottomotto, LLC's Reply in Support of Motion to Enforce the Court's June 7, 2017 Order (Dkt. 563), to Strike Plaintiff Waymo LLC's Corrected Supplemental Initial Disclosures, and to Preclude Damages Claims And Certain Witnesses ("Uber's Reply") and of Exhibit 2 to the Declaration of Meredith Dearborn, as well as the entirety of Exhibit 4 to the Declaration of Meredith Dearborn.

3.  The green highlighted portions of Uber's Response and of Exhibit 4 contains or refers to trade secret and confidential business information, which Waymo seeks to seal.

4.  Uber's Reply (portions highlighted green) contain, reference, and/or describe Waymo's highly confidential and sensitive business information. The information Waymo seeks to seal regards the confidential analysis of Waymo's business and competition, including financial details. I understand that this confidential business information is maintained by Waymo as secret. The public disclosure of this information would give Waymo's competitors access to in-depth insight into—and analysis of—Waymo's business strategy for its autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

5.  Exhibit 4 (green highlighted portions in version filed herewith) contain, reference, and/or describe Waymo's asserted trade secrets as well as sensitive business information. The information Waymo seeks to seal includes the confidential design and functionality of Waymo's proprietary autonomous vehicle system and confidential analysis of Waymo's business and competition, including financial details, which Waymo maintains as secret. I understand that these trade secrets and confidential business information are maintained as secret by Waymo (Dkt. 25-47)

1 and that the trade secrets are valuable to Waymo's business (Dkt. 25-31). The public disclosure of
2 this information would give Waymo's competitors access to descriptions of the functionality or
3 features of Waymo's autonomous vehicle system as well as in-depth insight into—and analysis of—
4 Waymo's business strategy for its autonomous vehicle system. If such information were made public,
5 I understand that Waymo's competitive standing would be significantly harmed.

6     6.     Waymo's request to seal is narrowly tailored to those portions of Uber's Reply and
7 Exhibit 4 that merit sealing.

9 I declare under penalty of perjury under the laws of the State of California and the United
10 States of America that the foregoing is true and correct, and that this declaration was executed in San
11 Francisco, California, on July 28, 2017.

By  */s/ Felipe Corredor*
Felipe Corredor
Attorneys for WAYMO LLC

### **ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Felipe Corredor.

By:  */s/ Charles K. Verhoeven*
Charles K. Verhoeven