MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:      415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:     202.237.2727
Facsimile:      202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO, LLC'S MOTION FOR RELIEF FROM AND EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 951)**<br><br>Trial Date: October 10, 2017 |

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**I.      INTRODUCTION**

Halfway through fact discovery and just a few days before its August 1 deadline to narrow its trade secret claims for trial, Waymo is instead trying to vastly expand the scope of the case. After close to 100,000 pages of documents, 22 depositions, 307 requests for production, 46 interrogatories, and ten inspections (which spanned over 55 hours and included inspections of Uber's facilities, source code, design files, emails, technical documents, and engineers' computers), Waymo has yet to find **any** evidence that Uber acquired or used Waymo's trade secrets regarding its LiDAR technology—because there is none.  Instead, Waymo is now trying to explore a different area: non-LiDAR technology.  Waymo's continued fishing expedition is unjustified and should be stopped.

Uber thus requests relief from that portion of Judge Corley's July 19, 2017 Order compelling production of information (in the form of both documents and interrogatory responses) related to non-LiDAR technology (the "Order") on the basis that such information is relevant.[1]  (Dkt. 951 at 1:21-25.)  Uber further requests an immediate stay of the Order pending a ruling on Uber's Motion for Relief.  The Order requires Uber to produce the non-LiDAR information by July 26, 2017.  (*Id.* at 2:23-24.)

**II.     ARGUMENT**

Discovery requests directed to non-LiDAR technology are outside the scope of this case, and the Order compelling production is clearly erroneous and is contrary to the law, as such information is irrelevant.  First, there is no dispute that the requests at issue relate to non-LiDAR information.  Both Judge Corley and Waymo have described them as such.  (Order at 1:21 ("Non-LiDAR Trade Secrets"); Waymo's July 11 letter brief (Dkt. No. 878-4) at 2 ("Non-LiDAR Trade Secrets").)  Second, the required disclosure of non-LiDAR technological information, which includes *Uber's* trade secrets, conflicts with Cal. Civ. Proc. Code § 2019.210 and this Court's Order, which reasonably requires Waymo to reduce its list of asserted trade secrets to less than

---

[1] This motion is separate from (though thematically similar to) Uber's Motion for Relief From and Emergency Motion for Stay of Non-Dispositive Pretrial Order (Dkt. 930), which seeks a reversal of Judge Corley's July 12 decision ordering production of non-LiDAR source code modules that are unrelated to Waymo's asserted trade secrets on its Section 2019.210 disclosure.

DEFENDANTS' MOTION FOR RELIEF FROM AND EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER (DKT. 951 ); Case No. 3:17-cv-00939-WHA            1

ten.  (Dkt. 563 ¶10; Dkt. 647.)  The purpose of both Cal. Civ. Proc. Code § 2019.210 and the Court's Order is to put the defendant in a trade secret case on sufficient and fair notice such that it can defend against trade secret claims, while not revealing more of its own trade secrets or technological know-how than is reasonably necessary.  *See Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d 1042, 1044 (N.D. Cal. 2014) ("early identification of trade secrets, as required by the statute . . . prevents plaintiff from using the discovery process as a means to obtain the defendant's trade secrets; [] it frames the appropriate scope of discovery; and [] it enables the defendant to form complete and well-reasoned defenses."); *see also Via Techs., Inc. v. Asus Comput. Int'l*, No. 14-cv-03586-BLF, 2016 WL 1056139, at *2 (N.D. Cal. Mar. 17, 2016) ("The scope of the Section 2019.210 disclosure controls the scope of discovery.").

From the outset, Waymo has focused its case against Uber on alleged misappropriation of **LiDAR** trade secrets.  For example, in its amended complaint, Waymo's two allegations of trade secret misappropriation explicitly relate to LiDAR technology:

- "Waymo has at all times maintained stringent security measures to preserve the secrecy of its **LiDAR** trade secrets." (Dkt. 23 ¶ 71 (emphasis added).)
- "Waymo's technical information, designs, and other "know how" related to its **LiDAR** system constitute trade secrets as defined by California's Uniform Trade Secrets Act." (*Id*. ¶ 80 (emphasis added).)
- "[Mr. Levandowski] . . . attempt[ed] to erase any forensic fingerprints that would show what he did with Waymo's valuable **LiDAR** designs once they had been downloaded to his computer."  (*Id*. ¶ 4 (emphasis added).)
- "In light of Defendants' misappropriation and infringement of Waymo's **LiDAR** technology, Waymo brings this Complaint . . . ."  (*Id.* ¶ 11 (emphasis added).)

Waymo's LiDAR focus underscores the need to reverse the Court's order.  *E.g., Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 985 (S.D. Cal. 1999) (noting the need for specificity of trade secret allegations to "enable[] defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation.")

DEFENDANTS' MOTION FOR RELIEF FROM AND EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER (DKT. 951 ); Case No. 3:17-cv-00939-WHA

2

1    Waymo raised no non-LiDAR trade secrets in its preliminary injunction motion (*see* Dkt.
2    24), and the time for Waymo to amend its pleadings has passed (*see* Dkt. 563 ¶ 2). Waymo has
3    conducted extensive discovery in this case, including 22 depositions, 307 requests for production,
4    46 interrogatories, and ten inspections of Uber's facilities, source code, design files, emails,
5    technical documents, and engineers' computers, all of which focused on Uber's LiDAR
6    technology. The inspections spanned over 55 hours. Waymo likewise focused its contentions on
7    LiDAR technology, and did not identify *any* evidence of use by Uber of non-LiDAR trade
8    secrets, aside from a blanket allegation that Uber received the 14,000 files. (*See* Dkt. 909
9    (Declaration of Sylvia Rivera in Support of Defendants Uber Technologies, Inc. and Ottomoto
10   LLC's Opposition to Waymo's Motion to Compel Further Discovery Responses ("Rivera
11   Decl.")), Ex. 1 at 5-11 (Waymo's Supplemental Resp. to Uber's Interrog. No. 1).)
12   Waymo's arguments to the contrary are unavailing. Waymo refers to the content of what
13   Mr. Levandowski allegedly downloaded as purported evidence supporting its effort to expand the
14   scope of the case (Dkt. No. 878-4 at 2), but has no evidence that Uber ever acquired or possessed
15   any of those files. Waymo also cites a single document that it argues shows a "collection" of
16   information from the self-driving car team, but omits that it is a general goals document with no
17   actual description of claimed trade secrets to software or source code, and therefore cannot justify
18   broad discovery into non-LiDAR software. (Dkt. 25-20 (Jaffe Decl. Ex. 14); also filed as Dkt.
19   907-9 (Rivera Decl. Ex. 3).) Given Waymo's consistent focus in its disclosures and discovery
20   responses on LiDAR technology, mere allegations that Mr. Levandowski had access to general
21   non-LiDAR information is insufficient to support switching gears and expanding discovery well
22   into the case as Waymo proposes.
23   Similarly, Waymo's reference to its vague Trade Secrets 108 and 109 ("█████
24   ██████████████████████████████████" and for "each and every
25   project developed at Waymo") do not justify expanding discovery. *See Loop AI Labs Inc. v.*
26   *Gatti*, 195 F. Supp. 3d 1107, 1115-16 (N.D. Cal. 2016) (trade secrets disclosure such as "[a]ll
27   information stored in Plaintiff's Apple MacBook computer" or "[a]ll information stored in
28   Plaintiff's data accounts" were "so vague and unspecific as to constitute no disclosure at all").

DEFENDANTS' MOTION FOR RELIEF FROM AND EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE
PRETRIAL ORDER (DKT. 951 ); Case No. 3:17-cv-00939-WHA                                                3

1  Waymo has not previously alleged misappropriation of ▮ technology by Uber, did not seek
2  expedited discovery in this area, and has pointed to no evidence of any use by Uber of ▮-
3  related trade secrets.  There is no basis for Waymo to now expand discovery into this area, at this
4  late stage of the case.

### III.   CONCLUSION

The July 19 Order is contrary to law because it expands the scope of discovery beyond the relevant technology in this case.  If Waymo wants to maintain its trial date and the extremely condensed schedule that it demanded, the parties' focus should be on the close of fact discovery, expert discovery, and trial preparation, not continued discovery into new areas that require the review of an ever-increasing amount of irrelevant information separate from the technology alleged to be misappropriated in this case.

Dated:  July 24, 2017                                MORRISON & FOERSTER LLP


                                                     By:   */s/ Arturo J. González*
                                                           ARTURO J. GONZÁLEZ

                                                     Attorneys for Defendants
                                                     UBER TECHNOLOGIES, INC.
                                                     and OTTOMOTTO LLC