# EXHIBIT 5

| | |
|---|---|
| **From:** | Melissa Baily |
| **Sent:** | Wednesday, July 19, 2017 1:39 PM |
| **To:** | Maxwell Pritt; Andrea P Roberts |
| **Cc:** | Matthew Cate; John Cooper; UberWaymoMoFoAttorneys; Ray, Wendy J.; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; QE-Waymo |
| **Subject:** | RE: Waymo v. Uber July 7 Meet and Confer |
| **Attachments:** | RE: Waymo v. Uber.:  Request to Meet and Confer re: Waymo RFP Responses |

Max,

After my July 5 email (attached), we met and conferred with Special Master Cooper about RFP Nos. 61, 62, 90-94, and 96-97. At that time, you asked that Waymo search emails for two of those RFPS -- Nos. 96 and 97. We agreed to do that. Now you ask that Waymo search emails for the other seven RFPs. Waymo will not agree to do that. Uber has still refused to articulate any reason why it needs all documents and communications regarding the subjects described in those requests (i.e., Waymo's "financial ability" and "performance"). Moreover, we have already confirmed that, to the extent they exist, we are producing documents sufficient to encompass the relevant time frame and we are including presentations relevant to discussions with executives. Again, Uber has not offered any explanation for why it believes it needs more than this. To be clear, Waymo will not be running email searches for generic terms like "plan*" and "marketing" and "performance" as Uber now suggests.

Melissa

---

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Saturday, July 08, 2017 6:05 PM
**To:** Andrea P Roberts
**Cc:** Matthew Cate ; John Cooper ; UberWaymoMoFoAttorneys ; Ray, Wendy J. ; BSF_EXTERNAL_UberWaymoLit ; DG-GP Otto Trucking Waymo ; QE-Waymo
**Subject:** RE: Waymo v. Uber July 7 Meet and Confer

Dear Andrea,

I write to follow up on a few items discussed in emails below and during yesterday's meet and confer.

Thank you for confirming during yesterday's meet and confer that Waymo will search individual custodians' files, including email, for non-privileged documents responsive to Uber's RFP No. 96 ("All documents relating to Waymo's discussion of Uber or its business") and No. 97 ("All documents relating to Waymo's analysis of Uber's ride-sharing business"), in addition to the documents you already agreed to produce (responsive emails sent to "chauffeur-industryinfo@google.com" and "documents sufficient to show Waymo's knowledge of Defendants' autonomous vehicle program, including discussion of Defendants' self-driving car business," and "documents sufficient to show Waymo's analysis of Uber's self-driving car program as created and updated throughout the relevant time frame and as presented to executives").

Additionally, I sent you an email last night as you requested regarding RFP 53. Please confirm that Waymo will search for and produce all non-privileged, responsive documents and log all privileged responsive documents in response to RFP 53, as you stated on Thursday's meet and confer.

Further, in her July 5, 7:08 p.m. (eastern) email below, Melissa provided responses to questions that we had about Waymo's responses to RFPs 61, 62 and 90-94. Aside from improperly limiting its response for each of those RFPs to

1

"documents sufficient to show" the topics requested, Waymo has not identified whether it will search and productive custodians' emails for non-privileged documents responsive to each of these requests. A review of the search terms you sent us on July 3 suggest that Waymo has not done so—the terms do not include any combination of words in these RFPs, such as "financial," "plan*," "projection*," "estimate*," "performance," "assess*," "progress," "develop*," "milestone," "schedule*," "ride-sharing," "strategic," "operating," "marketing," "sales," or "forecast*." And the only term that included "market" was the overly specific phrase "entering the TaaS market," which was applied only to Daniel Chu's "EmailDocs."

For example, in response to RFP 62, Melissa said Waymo will produce "documents sufficient to show progress assessments and/or milestone achievements," including "presentations to executives." Melissa likewise said Waymo will produce "business/marketing/investment plans as created and updated throughout the relevant time frame and as presented to executives" in response to RFP 93. Uber is entitled, at a minimum, to discover what was said about these presentations and plans over email, including by the executives at Waymo/Google/Alphabet who received them. The same is true for any emails discussing the documents Waymo has agreed to search for and produce in response to RFPs 61, 90-92, and 94. Please confirm that Waymo will search custodians' files, including email, for non-privileged documents responsive to RFPs 61, 62 and 90-94.

Melissa also said that Waymo has already produced documents for RFPs 90 and 91 (but would look for any additional documents similar to those already produced). We have not been able to locate these documents yet. Please identify the bates range or production date(s) for them.

Finally, in reviewing documents that Waymo has produced to date, it appears that Google referred internally to the 510 Systems and Anthony's Robot acquisitions as "Project Eleven." *See, e.g.*, WAYMO-UBER-00008968. The search terms that you sent us on July 3 do not include "Project Eleven." Please confirm that Waymo will produce all non-privileged, responsive documents concerning "Project Eleven," which would be responsive to Uber's RFPs 84, 95, and 135-138.

Thank you!

Best,
Max

---

**From:** Maxwell Pritt
**Sent:** Friday, July 07, 2017 9:05 AM
**To:** John Cooper; Ray, Wendy J.
**Cc:** Andrea P Roberts; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; QE-Waymo
**Subject:** RE: Waymo v. Uber July 7 Meet and Confer

Dear John,

Since the meet and confer has been rescheduled to 2:00 p.m., we ask that Waymo provide the responses that were due yesterday and this morning no later than 12:00 p.m. today so we can prepare to file a motion to compel today on the outstanding issues for which we remain at an impasse. (I note again that we are already at an impasse as to RFPs 46, 54, 63, 66, 121, and 122.)

These issues are:

  (1) whether Waymo will produce copies of the 14,000 files or, at a minimum, whatever subset of those files, if any, Waymo claims are trade secrets Defendants allegedly misappropriated;
  (2) the list of requests for which Waymo applied its general objection and interpreted "You" or "Waymo" to mean Waymo only (and not Google/Alphabet), and the requests for which Waymo limited its search to Waymo documents and excluded Google/Alphabet documents;

2

(3) whether Waymo will withdraw the application of its general objection limiting "You" or "Waymo" to Waymo to any requests, and will expand any searches it limited to Waymo to include Google/Alphabet;
(4) whether Waymo will search custodians' files for communications responsive to RFPs 96 and 97; and
(5) whether Waymo agrees to Uber's requests in connection with RFPs 54 and 119.

Thank you.

Best,
Max

---

**From:** John Cooper [mailto:JCooper@fbm.com]
**Sent:** Friday, July 07, 2017 6:16 AM
**To:** Ray, Wendy J.
**Cc:** Andrea P Roberts; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; QE-Waymo
**Subject:** Re: Waymo v. Uber July 7 Meet and Confer

Let's move the call to 2:00 pm today. Same call in number: 888 759 6039 access 425 954 4410. John

Sent from my iPhone; dictated to Siri

On Jul 7, 2017, at 5:41 AM, Ray, Wendy J. <WRay@mofo.com> wrote:

> John and Andrea,
> If we move the call to the afternoon, I would appreciate it if we could start at 1:30. I have a conflict at 1. Thanks.
>
> Best,
> Wendy
>
> Wendy J. Ray
> Morrison & Foerster LLP
> 707 Wilshire Blvd., Ste. 6000
> Los Angeles, CA 90017-3543
> 213-892-5446
>
> On Jul 6, 2017, at 11:50 PM, Andrea P Roberts <andreaproberts@quinnemanuel.com> wrote:
>
>> - External Email -
>>
>> John,
>>
>> We have another meet and confer scheduled for tomorrow at 10 am, and we expect it will be another lengthy one based on the number of issues the parties have asked to discuss. Both sides have multiple briefs due at noon tomorrow. We suggest moving the meet and confer to 1 pm so that the parties can finalize their briefs and get them on file beforehand and have the appropriate people on the call.
>>
>> Thanks,
>> Andrea

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]