UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-00939-WHA  (JSC)<br><br>**ORDER RE: UBER'S MOTION TO COMPEL DAMAGES DISCOVERY**<br><br>Re: Dkt. No. 1032 |

In this trade secret misappropriation action Waymo seeks monetary damages in addition to injunctive relief. Uber moves to compel additional documents regarding Waymo's damages claim.

**A. Waymo's Financial Viability (RFP 61, 62, 93)**

RFP 61 seeks documents "relating to Waymo's financial viability, including but not limited to internal business plans, estimates, and future projections at Waymo or Project Chauffeur." RFP 62 seeks documents "relating to Waymo's performance, including but not limited to the development of and progress assessment for any schedules and milestones at Waymo LLC or Project Chauffeur." And RFP 93 seeks documents "relating to Waymo's business plans, strategic plans, operating plans, marketing plans, financial plans, sales plans, and investment plans for its ride-sharing business, including projections for revenue generation and profitability."

Waymo has produced *some* documents responsive to these requests. Uber contends the production is inadequate because Waymo has (1) refused to produce responsive emails, (2) refused to produce responsive documents that exist at Google or Alphabet, and (3) refused to produce documents responsive to RFP 93 other than those shared with executives.

While responsive emails may have some relevant information, Uber has failed to articulate search parameters that will not result in thousands of unresponsive emails; that is, that make the

likely value from what is discovered by the search worthwhile.  However, as a compromise Uber suggests that Waymo produce emails discussing the documents that Waymo *did* produce.  The Court agrees.  Waymo shall search for and produce emails which discuss or attach the documents responsive to these requests that Waymo has already produced.

Waymo has not articulated any reasonable grounds for not producing non-duplicative responsive documents that exist at Alphabet or Google other than it believes there will not be many.  But a belief is not the same as conducting a search and determining if there are responsive documents.  Waymo shall perform a search at Alphabet and Google for responsive documents; however, it does not need to search for emails discussing these to-be-produced documents, if any.  While such emails might include responsive documents, Uber is not entitled to every piece of relevant evidence.  A line must be drawn.

Finally Waymo suggests that Uber agreed that in response to Request No. 93 it would accept responsive documents shared with executives.  However, the attached emails do not reflect such an agreement.  Request No. 93 is highly relevant to Waymo's damages claim which, given the nascent self-driving car industry, is anything but straight forward.  And Waymo has not offered any evidence that producing all responsive documents would be burdensome and disproportionate to the needs of the case.  Waymo's insistence that responsive documents should be limited to those "sufficient to show" is not acceptable.  Such an approach allows Waymo to unilaterally decide what documents are sufficient to show its business prospects, and would allow it to cherry pick those that support its damages claim while withhold those that do not.  Waymo shall produce all non-duplicative responsive documents, but again need not search for emails discussing these to-be-produced documents.

**B. Waymo's Analysis of the Ridesharing Market (RFP 90, 91, 92, and 94)**

Request No. 90 seeks documents "relating Waymo's estimates of the size of the ride-sharing market in the United States for each of the last six years." Request No. 91 makes the same request, but for the "next six years." Request No. 92 seeks documents "relating to Waymo's forecasts regarding the number of Waymo's ride-sharing vehicles in the United States, for each of the next six years—broken out by U.S. city and on a quarterly basis." And Request No. 94 seeks

all documents "relating to Waymo's analysis of any barriers to entry in the ride-sharing market and the status of any attempts by Waymo to overcome any such barriers, including investments and infrastructure needed."

These documents are directly relevant to Waymo's damages claim and Waymo does not claim otherwise. Instead, it appears to suggest that during the parties' meet and confer Uber agreed to accept Waymo documents discussing Uber's business prospects and waive any request for Waymo documents discussing Waymo's forecasts for its own business. Again, the parties' emails do not reflect such an agreement. It is unclear whether Waymo is withholding responsive documents other than emails. Waymo shall produce emails which discuss or attach the documents Waymo has already produced responsive to these requests. It shall also produce any additional responsive documents, whether located at Waymo, Alphabet or Google, but it does not need to produce emails discussing or attaching these newly-produced documents absent Uber's showing of a particular need related to a specific document.

**CONCLUSION**

Uber's motion to compel is granted in part and denied in part as explained above. Given the inherently speculative nature of Waymo's damages claim in light of the nascent status of its self-driving vehicle program more discovery is required than in the run-of-the-mill damages case. However, more discovery does not mean unlimited discovery; the Court has attempted to draw a reasonable line. Waymo shall produce the additional responsive documents on or before August 10, 2017 and shall advise Uber of how it is conducting its additional search on or before August 4, 2017. Any objections to this Order shall be filed with the district court on or before Thursday, August 3, 2017. This Order is not stayed.

This Order disposes of Docket No. 1032.

**IT IS SO ORDERED.**

Dated: July 31, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge