# EXHIBIT 1
# FILED UNDER SEAL

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC<br><br>Defendants. | Case No. 3:17-cv-00939-JCS<br><br>**PLAINTIFF WAYMO LLC'S THIRD SET EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER**<br><br>Honorable William H. Alsup |

**PLAINTIFF'S THIRD SET OF EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2015 PRELIMINARY INJUNCTION ORDER (DKT. 433)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's order granting further expedited discovery (Dkt. 433 at 25 ¶ 6), Plaintiff Waymo LLC ("Waymo") requests that Defendants Uber Technologies, Inc. ("Uber"), Ottomotto, LLC ("Ottomotto"), and Otto Trucking LLC ("Otto Trucking") (collectively "Defendants") answer under oath the following interrogatories within fourteen (14) calendar days of service.  Defendants are subject to

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  a duty to timely supplement all responses to these interrogatories in accordance with Rule 26(e) of

2  the Federal Rules of Civil Procedure.

### DEFINITIONS

3

4  1.   "WAYMO" means Waymo LLC and its officers, directors, current and former

5  employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of

6  any of the foregoing, and WAYMO's affiliates, parents, divisions, joint ventures, licensees,

7  franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether

8  foreign or domestic, that are owned or controlled by WAYMO, and all predecessors and

9  successors in interest to such entities, and any entity owned in whole or in part by, affiliated with,

10  or controlled in whole or in part by WAYMO.

11  2.   "GOOGLE" means Google Inc. and its officers, directors, current and former

12  employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of

13  any of the foregoing, and GOOGLE's affiliates, parents, divisions, joint ventures, licensees,

14  franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether

15  foreign or domestic, that are owned or controlled by GOOGLE, and all predecessors and

16  successors in interest to such entities, and any entity owned in whole or in part by, affiliated with,

17  or controlled in whole or in part by GOOGLE.

18  3.   "UBER" means Uber Technologies, Inc. and its officers, directors, current and

19  former employees, counsel, agents, consultants, representatives, and any other persons acting on

20  behalf of any of the foregoing, and UBER's affiliates, parents, divisions, joint ventures, licensees,

21  franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether

22  foreign or domestic, that are owned or controlled by UBER, and all predecessors and successors in

23  interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled

24  in whole or in part by UBER.

25  4.   "OTTOMOTTO" means Ottomotto LLC and its officers, directors, current and

26  former employees, counsel, agents, consultants, representatives, and any other persons acting on

27  behalf of any of the foregoing, and OTTOMOTTO's affiliates, parents, divisions, joint ventures,

28  licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   whether foreign or domestic, that are owned or controlled by OTTOMOTTO, and all predecessors

2   and successors in interest to such entities, and any entity owned in whole or in part by, affiliated

3   with, or controlled in whole or in part by OTTOMOTTO.   For the avoidance of doubt,

4   OTTOMOTTO includes all former names under which OTTOMOTTO operated, including

5   without limitation 280 Systems, Inc., 280 Systems, LLC, and Ottomotto, Inc.

6          5.        "OTTO TRUCKING" means Otto Trucking LLC and its officers, directors,

7   current and former employees, counsel, agents, consultants, representatives, and any other persons

8   acting on behalf of any of the foregoing, and OTTO TRUCKING's affiliates, parents, divisions,

9   joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any

10   other legal entities, whether foreign or domestic, that are owned or controlled by OTTO

11   TRUCKING, and all predecessors and successors in interest to such entities, and any entity owned

12   in whole or in part by, affiliated with, or controlled in whole or in part by OTTO TRUCKING.

13          6.        "DEFENDANTS" means UBER, OTTOMOTTO, and OTTO TRUCKING.

14          7.        "MISAPPROPRIATED MATERIALS" refers to all GOOGLE and WAYMO

15   DOCUMENTS and materials, whether digital or physical, and regardless of the manner stored, for

16   which any current or former employee of DEFENDANTS retained possession, without

17   authorization of either GOOGLE or WAYMO, after the employee ended his or her employment

18   with GOOGLE/WAYMO.   Without limitation, MISAPPROPRIATED MATERIALS includes at

19   least: (i) each of the more than 14,000 digital files downloaded by LEVANDOWSKI on or about

20   December 11, 2015 from the SVN repository; (ii) each file copied by LEVANDOWSKI from his

21   GOOGLE laptop to an RDF5 USB 3.0 card reader on or about December 14, 2015; (iii) each of

22   the five files that were exported by LEVANDOWSKI from Google Drive to a personal device on

23   or about January 4, 2016; (iv) the file exported by LEVANDOWSKI from Google Drive to a

24   personal device on or about January 11, 2016; (v) the file that was exported by LEVANDOWSKI

25   from Google Drive to a personal device on or about November 19, 2016; (vi) the file that was

26   exported by LEVANDOWSKI from Google Drive to a personal device on or about November 4,

27   2016; each of the five files that were exported by KSHIRSAGAR from Google Drive in or around

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  June and July 2016; (vii) each of the three files that were exported by RADUTA from Google

2  Drive on or around July 28, 2016.

3       8.      "LiDAR" means Light Detection and Ranging.

4       9.      "OTTOMOTTO MERGER AGREEMENT" is the DOCUMENT produced at

5  UBER00016453 and all DOCUMENTS appurtenant to that agreement  including the

6  OTTOMOTTO DISCLOSURE SCHEDULES produced at UBER00016983.

7       10.     "OTTO TRUCKING MERGER AGREEMENT" is the DOCUMENT produced at

8  UBER00016757 and all DOCUMENTS appurtenant to that agreement including the OTTO

9  TRUCKING DISCLOSURE SCHEDULES produced at UBER00016974.

10      11.     "INDEMNITY CONSTRUCT" is the DOCUMENT produced at UBER00016432.

11      12.     ACQUISITION DOCUMENTS are the OTTOMOTTO MERGER AGREEMENT,

12  the OTTO TRUCKING MERGER AGREEMENT, the INDEMNITY CONSTRUCT, and other

13  DOCUMENTS REGARDING UBER'S acquisition of OTTOMOTTO and OTTO TRUCKING.

14      13.     "DUE DILIGENCE REPORT" is the due diligence report prepared by STROZ in

15  connection with UBER's acquisition of OTTO and OTTO TRUCKING, and all DOCUMENTS or

16  exhibits attached thereto.

17      14.     "DOCUMENTS" shall INCLUDE, without limitation, all written, graphic or

18  otherwise recorded material, INCLUDING without limitation, electronically stored information

19  regardless of the form of storage medium, microfilms or other film records or impressions, tape

20  recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films,

21  recordings,  memoranda,  books,  records,  accounts,  communications,  letters,  telegrams,

22  correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office

23  memoranda or written communications of any nature, recordings of conversations either in

24  writings or upon any mechanical or electrical recording devices, INCLUDING e-mail, notes,

25  papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings,

26  time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone

27  bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal,

28  informal or otherwise, as well as copies of the foregoing which differ in any way, INCLUDING

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  by the addition of handwritten notations or other written or printed matter of any nature, from the

2  original.  The foregoing specifically INCLUDES information stored in a computer database and

3  capable of being generated in documentary form, such as electronic mail, text messages (i.e., SMS

4  messages), other electronic messages including messages sent or received via Slack, WhatsApp,

5  Google Hangouts, Facebook Messenger, and the like.

6       15.   "COMMUNICATIONS" shall mean, without limitation, any transmission,

7  conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction,

8  information, demand or question by any medium, whether by written, oral or other means,

9  including but not limited to, electronic communications and electronic mail ("e-mail").

10       16.   "THING" means any tangible object, other than a DOCUMENT.

11       17.   "PERSON" means to any individual, corporation, proprietorship, association, joint

12  venture, company, partnership or other business or legal entity, including governmental bodies and

13  agencies.  The masculine includes the feminine and vice versa; the singular includes the plural and

14  vice versa.

15       18.   "REGARDING," shall mean relating to, referring to, mentioning, reflecting,

16  pertaining to, evidencing, involving, describing, discussing, commenting on, embodying,

17  responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes

18  appropriate.

19       19.   "INCLUDE" and "INCLUDING" shall mean including without limitation.

20       20.   Use of the singular also INCLUDES the plural and vice-versa.

21       21.   The words "or" and "and" shall be read in the conjunctive and in the disjunctive

22  wherever they appear, and neither of these words shall be interpreted to limit the scope of these

23  Requests for Production.

24       22.   The use of a verb in any tense shall be construed as the use of the verb in all other

25  tenses.

26       23.   The term "any" shall include "all" and "all" shall include "any."

27                              **INSTRUCTIONS**

28       The following Instructions apply to each interrogatory:

01980-00104/9353113.1

5                         Case No. 3:17-cv-00939-JCS

WAYMO'S THIRD SET OF PARAGRAPH SIX EXPEDITED INTERROGATORIES

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1.     In answering the following interrogatories, furnish all available information, including information in the possession, custody, or control of any of DEFENDANTS' attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and PERSONS under DEFENDANTS' control, who have knowledge, not merely information known to DEFENDANTS based on DEFENDANTS' own personal knowledge.

2.     If DEFENDANTS cannot fully respond to the following interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the interrogatories cannot be answered fully and completely; and state what knowledge, information or belief DEFENDANTS have concerning the unanswered portion of any such interrogatory.

3.     If DEFENDANTS' response to a particular Interrogatory is a statement that DEFENDANTS lack the ability to comply with that Interrogatory, specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in DEFENDANTS' possession, custody, or control, in which case the name and address of any person or entity known or believed by DEFENDANTS to have possession, custody, or control of that information or category of information must be identified.

4.     If any information requested is claimed to be privileged or otherwise immune from discovery, provide all information falling within the scope of the interrogatory which is not privileged, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

      a.  the basis on which the privilege is claimed;

      b.  the names and positions of the author of the document and all other persons participating in the preparation of the document;

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    c.   the name and position of each individual or other person to whom the document, or

2         a copy thereof, was sent or otherwise disclosed;

3    d.   the date of the document;

4    e.   a description of any accompanying material transmitted with or attached to such

5         document;

6    f.   the number of pages in such document;

7    g.   the particular Interrogatory to which such document is responsive; and

8    h.   whether any business or non-legal matter is contained or discussed in such

9         document.

10   24.   DEFENDANTS' obligation to respond to these interrogatories is continuing and its

11   responses are to be supplemented to include subsequently acquired information in accordance with

12   the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

13                                **INTERROGATORIES**

14   **INTERROGATORY NO. 21:**

15       Describe in detail the development of the ██████████ used by DEFENDANTS in their

16   LIDAR designs and devices, including who contributed to the design, and when and how

17   ████████████████████████████ were first selected and evolved over time, and the

18   identity, by Bates Number, of the DOCUMENTS evidencing the same.

19   **INTERROGATORY NO. 22:**

20       Describe in detail the development of the photodetectors and photodetector circuits

21   implemented by UBER or OTTO for LIDAR, including who contributed to the design and when,

22   and the identity, by Bates Number, of the DOCUMENTS evidencing the same.

23   **INTERROGATORY NO. 23:**

24       Describe in detail the development of DEFENDANTS' ████████████████████

25   including who contributed to the design, how ████████████████████████████

26   were first selected and evolved over time, how ████████████████████ were first selected

27   and evolved over time, and the identity, by Bates Number, of the documents evidencing the same.

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1 **INTERROGATORY NO. 24:**

2    Identify the components of DEFENDANTS' self-driving vehicles that LEVANDOWSKI

3 contributed to.

4 **INTERROGATORY NO. 25:**

5    Identify the components of DEFENDANTS' self-driving vehicles that LEVANDOWSKI

6 did not contribute to.

7 **INTERROGATORY NO. 26:**

8    Describe all "Pre-Signing Bad Acts" as defined in the ACQUISITION DOCUMENTS,

9 and identify, by Bates Number, the documents evidencing or describing the same.

10 **INTERROGATORY NO. 27:**

11    Describe the meetings that took place in San Francisco between LEVANDOWSKI and

12 UBER on or around January 12, 2016, including an identification of who was present (whether in

13 person or telephonically) and the subject matter of what was discussed.

14 **INTERROGATORY NO. 28:**

15    Describe any alternate LIDAR designs that UBER or OTTO considered for Fuji that did

16 not include ███████████████

17 and identify, by Bates Number, the documents evidencing the same.

18

19

20

21 DATED: June 6, 2017            QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP
22

23

24                               By:   _/s/ Charles K. Verhoeven_
                                 Charles K. Verhoeven
25                               Attorneys for Plaintiff WAYMO LLC.

26

27

28

01980-00104/9353113.1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**PROOF OF SERVICE**

I, Andrea Pallios Roberts, am employed in the County of San Mateo, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, CA 94065.

On June 6, 2017, I served true copies of the following document(s) described as "Plaintiff Waymo LLC's First Set of Expedited Interrogatories Pursuant to Paragraph Six of the May 11, 2017 Preliminary Injunction Order" on the interested parties in this action as follows:

| Recipient | Email Address: |
|---|---|
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105 | UberWaymoMoFoAttorneys@mofo.com |
| Michelle Ching Youn Yang<br>MORRISON FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006 | |
| Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304 | |
| Wendy Joy Ray<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017 | |
| Michael Darron Jay<br>BOIES SCHILLER & FLEXNER<br>LLP<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401 | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| Meredith Richardson Dearborn<br>BOIES SCHILLER FLEXNER<br>LLP<br>435 Tasso Street<br>Suite 205<br>Palo Alto, CA 94301 | |

01980-00104/9353113.1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

Hamish Hume
Jessica E Phillips

2

Karen Leah Dunn
Kyle N. Smith

3

Martha Lea Goodman
BOIES SCHILLER FLEXNER

4

LLP
1401 New York Ave., NW

5

Washington, DC 20005
I. Neel Chatterjee (SBN 173985)          nchatterjee@goodwinlaw.com

6

GOODWIN PROCTER LLP
135 Commonwealth Drive

7

Menlo Park, CA 94025

8

Tel.: +1 650 752 3100
Fax: +1 650 853 1038

9

Brett M. Schuman (SBN 189247)          bschuman@goodwinlaw.com
Shane Brun (SBN 179079)                     sbrun@goodwinlaw.com

10

Rachel M. Walsh (SBN 250568)           rwalsh@goodwinlaw.com
GOODWIN PROCTER LLP

11

Three Embarcadero Center

12

San Francisco, California 94111
Tel.: +1 415 733 6000

13

Fax.: +1 415 677 9041

14

15

**BY ELECTRONIC MAIL TRANSMISSION:** by electronic mail transmission from

16

andreaproberts@quinnemanuel.com on June 6, 2017, by transmitting a PDF format copy of such

17

document(s) to each such person at the e mail address listed above.  The document(s) was/were

18

transmitted by electronic transmission and such transmission was reported as complete and

19

without error.

20

          Executed on June 6, 2017, at Redwood Shores, California.

21

22

          _/s/ Andrea Pallios Roberts_
          Andrea Pallios Roberts

23

24

25

26

27

28

01980-00104/9353113.1