# EXHIBIT 7
# FILED UNDER SEAL

WAYMO & UBER CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN FRANCISCO DIVISION
 4                         ---oOo---
 5
 6   WAYMO LLC,
 7          Plaintiff,
 8   vs.                            No. 3:17-cv-00939-WHA
 9   UBER TECHNOLOGIES, INC.;
     OTTOMOTTO LLC; OTTO TRUCKING,
10   INC.,
11          Defendants.
     _____/
12
13       WAYMO & UBER CONFIDENTIAL ATTORNEYS' EYES ONLY
14
15       VIDEOTAPED DEPOSITION OF CAMERON POETZSCHER
16                 SAN FRANCISCO, CALIFORNIA
17                   MONDAY, JUNE 19, 2017
18
19
20   BY:  ANDREA M. IGNACIO,
21   CSR, RPR, CRR, CCRR, CLR
22   CSR LICENSE NO. 9830
23   JOB NO. 2642012
24
25   Pages 1 - 374

                                                     Page 1
```

WAYMO & UBER CONFIDENTIAL - ATTORNEYS EYES ONLY

```
1                  UNITED STATES DISTRICT COURT
2                 NORTHERN DISTRICT OF CALIFORNIA
3                     SAN FRANCISCO DIVISION
4                           ---oOo---
5    WAYMO LLC,
6           Plaintiff,
7    vs.                             No. 3:17-cv-00939-WHA
8    UBER TECHNOLOGIES, INC.;
     OTTOMOTTO LLC; OTTO TRUCKING,
9    INC.,
10          Defendants.
     _____/
11
12
13          Videotaped Deposition of Cameron Poetzscher,
14     taken on behalf of the Plaintiffs, on June 19,
15     2017, at Quinn, Emanuel, Urquhart & Sullivan, LLP,
16     50 California Street, 22nd Floor, San Francisco,
17     California 94111, beginning 8:59 a.m., and
18     commencing at 5:17 p.m., Pursuant to Notice, and
19     before me, ANDREA M. IGNACIO, CSR, RPR, CRR,
20     CLR ~ License No. 9830.
21
22
23
24
25
```

WAYMO & UBER CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1        Q    Okay.  So, Mr. Levandowski and Mr. Ron          14:13
 2   insisted that, in the agreement in which Uber acquired    14:13
 3   Otto, that they be indemnified by Uber if they were       14:13
 4   sued by Google as part of or after the deal?              14:13
 5        A    If they were sued by anyone or any former       14:13
 6   employer or anyone alleging trade secret, you know,       14:13
 7   infringements, among other things, I believe.             14:13
 8        Q    And so, do you recall -- this is an e-mail      14:13
 9   from you to Travis Kalanick.                              14:13
10             Do you remember what discussions you had with   14:14
11   Anthony or Mr. Ron, prior to this, that led to this       14:14
12   e-mail?                                                   14:14
13        A    I don't recall, no.                             14:14
14        Q    And did you receive a response to this          14:14
15   e-mail?                                                   14:14
16        A    I don't recall.                                 14:14
17        Q    Did you have any conversations with Travis      14:14
18   about indemnifying Mr. Levandowski and Mr. Ron?           14:14
19        A    Yes, we had, because there was obviously        14:14
20   important deal point.  We had to get clearance at some    14:14
21   point for us to do that.                                  14:14
22             I believe all of the conversations that I       14:14
23   recall involved -- other than this e-mail, involved       14:14
24   attorneys.  I know Salle Yoo, our general counsel, was    14:14
25   present at all the discussions I recall with Travis or    14:14
```

Veritext Legal Solutions
866 299-5127

```
 1   others regarding the topic of indemnity.                  14:14
 2        Q    But indemnity was an issue that was raised by   14:14
 3   Mr. Levandowski and Mr. Ron as something they wanted      14:14
 4   included in the agreement?                                14:14
 5        A    As I recall.                                    14:14
 6        Q    Was there any resistance from Uber, at least    14:14
 7   initially, to including that in the agreement?            14:14
 8             MR. JACOBS:   You can answer that to the        14:14
 9   extent there was resistance expressed -- first of all,    14:15
10   you can answer if resistance was expressed to Anthony     14:15
11   or Lior.   And you can also answer to the extent          14:15
12   resistance was articulated internally, separate from      14:15
13   discussions with counsel.                                 14:15
14             THE WITNESS:   Okay.  I believe we did          14:15
15   articulate some resistance to Anthony and Lior            14:15
16   generally.                                                14:15
17             Obviously, an indemnity is a liability,         14:15
18   essentially; right?  You're acting as an insurance        14:15
19   company.   And we didn't want to take on any              14:15
20   liabilities that we didn't have to.   So, our             14:15
21   preference, like any other company's preference, would   14:15
22   be to not indemnify someone; right?                       14:15
23             So we -- I believe we conveyed something        14:15
24   along those lines to them.                                14:15
25             MS. ROBERTS:   Q.  So, at some point after      14:15
```

WAYMO & UBER CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | Mr. Levandowski and Mr. Ron requested that | 14:15 |
| 2 | indemnification be included as a term of the | 14:15 |
| 3 | agreement, Uber informed them that the preference -- | 14:15 |
| 4 | Uber's preference would be to not include indemnity | 14:15 |
| 5 | provisions; is that correct? | 14:15 |
| 6 | A   Something along those lines, yes. | 14:15 |
| 7 | Q   And then how -- how did Uber and | 14:15 |
| 8 | Mr. Levandowski and Mr. Ron get to the point where | 14:16 |
| 9 | there was an agreement on including indemnification | 14:16 |
| 10 | provisions? | 14:16 |
| 11 | A   I mean, it was negotiated.  They told us it | 14:16 |
| 12 | was a critical part of the deal.  They wouldn't do the | 14:16 |
| 13 | deal without indemnity.  So, we negotiated an | 14:16 |
| 14 | indemnity that we were comfortable with, with a lot of | 14:16 |
| 15 | safeguards for us. | 14:16 |
| 16 | Q   Did they say why they wouldn't do a deal | 14:16 |
| 17 | without an indemnity? | 14:16 |
| 18 | A   They were worried that the, you know, risk of | 14:16 |
| 19 | them getting sued in the deal if we were acquired -- | 14:16 |
| 20 | if we -- sorry -- if we acquired them was going to -- | 14:16 |
| 21 | was going to increase; right? | 14:16 |
| 22 | Because they felt that Google viewed Uber as | 14:16 |
| 23 | a key competitor in the race for autonomous vehicles. | 14:16 |
| 24 | And it would be one thing if they were to do | 14:16 |
| 25 | autonomous trucking independently.  They would be much | 14:16 |

Page 230

WAYMO & UBER CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | less of a threat to Google. | 14:16 |
| 2 | But, if we were to acquire their talent, | 14:16 |
| 3 | right, that would bolster our team. As I said, we | 14:16 |
| 4 | already thought we had the best team, but this would | 14:16 |
| 5 | bolster it further. | 14:16 |
| 6 | They were worried that out of, you know, | 14:16 |
| 7 | anger or whatever, Google would sue us, and they felt | 14:16 |
| 8 | the risk to them of getting sued increased. And, | 14:17 |
| 9 | therefore, they wanted to have us indemnify them. | 14:17 |
| 10 | Q    Did Mr. Levandowski or Mr. Ron convey to you | 14:17 |
| 11 | any indication that there would be merit to any claims | 14:17 |
| 12 | by Google against them following the deal? | 14:17 |
| 13 | A    No, none whatsoever; in fact, quite the | 14:17 |
| 14 | opposite. As I told you, all of our discussions -- | 14:17 |
| 15 | well, not all of our discussions -- but on several | 14:17 |
| 16 | occasions, we discussed with them, Don't bring | 14:17 |
| 17 | anything. We don't want anything. | 14:17 |
| 18 | And they assured us they had no interest in | 14:17 |
| 19 | doing so because they had new approaches. So, neither | 14:17 |
| 20 | of us had any worry that it would be a substantive | 14:17 |
| 21 | concern. | 14:17 |
| 22 | At the same time, anyone can bring a lawsuit. | 14:17 |
| 23 | There are legal fees and other expenses. And they | 14:17 |
| 24 | wanted to be indemnified for all of that indemnity to | 14:17 |
| 25 | cover, as I recall, legal fees, not just damages. | 14:17 |

Veritext Legal Solutions
866 299-5127

WAYMO & UBER CONFIDENTIAL - ATTORNEYS EYES ONLY

J U R A T

I, Cameron Poetzscher, do hereby certify under penalty of perjury, that I have read the foregoing transcript of my deposition in the matter of Waymo LLC vs. Uber Technologies, Inc., et al., taken on June 19, 2017, that I have made such corrections as appear noted herein in ink, initialed by me; that my testimony as contained herein, as corrected, is true and correct.

DATED this ____ day of _____, 2017, at _____.

_____
SIGNATURE OF WITNESS

Page 373