**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:   415.268.7000
Facsimile:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone:   202.237.2727
Facsimile:    202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>    Defendant. | Case No.    3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR RELIEF FROM AND EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 951)**<br><br>Trial Date: October 10, 2017 |

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

## I.     INTRODUCTION

Waymo's opposition is notable for what it does not dispute.  Waymo does not dispute that its Section 2019.210 disclosure controls the scope of discovery.  Waymo has no rebuttal to the authority that disclosure of broad categories and a "development, goals, challenges, and accomplishments" spreadsheet is insufficient to adequately disclose non-LiDAR trade secrets.  Waymo does not even attempt to defend the sufficiency of its disclosure.  Waymo cannot dispute that LiDAR-related trade secrets have been its primary focus throughout the case—including the sole focus of the trade secret claims as phrased in the Complaint and in the preliminary injunction phase—nor that the Court has directed Waymo to *narrow* its trade secret claims, not expand them.  Finally, as with its opposition in connection with the similar but separate briefing pending before the Court, Waymo offers no counter to Uber's showing that the discovery it seeks renders the October 10 trial date untenable.  (*See* Dkt. 999-4 at 1:11-13.)

The July 19 Order was contrary to law because discovery must be limited to the scope of a sufficiently particular disclosure pursuant to Section 2019.210.  Waymo's opposition brief fails to support Judge Corley's decision, as the non-LiDAR discovery requests are untethered to properly specified trade secrets in Waymo's trade secret disclosure.  The Court should grant Uber's motion.

## II.    ARGUMENT

Waymo does not dispute that Cal. Civ. Proc. Code § 2019.210 requires a trade secret plaintiff to identify trade secrets with specificity.  (*Compare* Mot. for Relief at 2, Dkt. 1006-4 (citing *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 985 (S.D. Cal. 1999)), *with* Opp'n at 4, Dkt. 1034-4.)  Nor does it dispute that the scope of discovery is cabined by a proper trade secrets disclosure.  (*Compare* Mot. for Relief at 2, Dkt. 1006-4 (citing case law in N.D. California courts stating that Cal. Civ. Proc. Code § 2019.210 frames the appropriate scope of discovery), *with* Opp'n, Dkt. 1034-4.)

Waymo's argument that the case law is irrelevant because Uber has "never challenged" the sufficiency of its disclosure is wrong on both the facts and the law.  (Opp'n at 2, Dkt. 1034-4.)  Uber did, in fact, dispute the sufficiency of Waymo's Section 2019.210 trade secret disclosure

DEFS.' REPLY IN SUPP. OF MOT. FOR RELIEF FROM & EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER (DKT. 951); Case No. 3:17-cv-00939-WHA
sf- 3809361

1

1  before Judge Corley.  (Resp. to Waymo Ltr. Br. at 3, Dkt. 748-13.)  And the trade secret
2  disclosure governs the appropriate scope of discovery in every trade secret case, so its sufficiency
3  is directly relevant to whether the Court should allow Waymo the unbridled discovery it seeks.
4  *See Gabriel Techs. Corp. v. Qualcomm Inc.*, No. 08CV1992 AJB (MDD), 2012 WL 849167, at
5  *3 (S.D. Cal. Mar. 13, 2012) (affirming magistrate judge's ruling that denied plaintiff's motion to
6  compel discovery where description of trade secret was not "adequately articulated to meet the
7  sufficient particularity standard").  The case law that Waymo ignores demonstrates the clear error
8  in the July 19 Order:  the Order allows inappropriate expansion of discovery that is not cabined to
9  the proper scope of a sufficient Section 2019.210 trade secret disclosure.

10         Waymo recites only three entries in its trade secret disclosure as pertaining to non-LiDAR
11  trade secrets, but does nothing to show how those entries meet the Section 2019.210 standard.  As
12  explained in *Loop AI Labs Inc. v. Gatti*, "categorical descriptions render it impossible for
13  Defendants to conduct public domain or other research to challenge the alleged secrecy of the
14  information at issue."  195 F. Supp. 3d 1107, 1115-16 (N.D. Cal. 2016).  Here, Waymo identified
15  broad categories of "PCB design schematics and layouts for all versions of Waymo's
16  ▓▓▓" (item 108) and "PCB design schematics and layouts for each and every Waymo project
17  as of December 11, 2015" (item 109).  The impropriety of these vague, catch-all descriptions is
18  compounded by the fact that they purport to be for "all versions" of Waymo's ▓▓▓ and
19  "each and every Waymo project" as of December 11, 2015, which is far from "enough detail so
20  that the defendant is able to learn the boundaries of the alleged trade secret in order to investigate
21  defenses."  *VasoNova Inc. v. Grunwald*, No. C 12-02422 WHA, 2012 WL 4119970, at *2 (N.D.
22  Cal. Sept. 18, 2012); *see also Perlan Therapeutics, Inc. v. Super. Ct.*, 178 Cal. App. 4th 1333,
23  1346 (2009) (in affirming trial court's finding that trade secret disclosure was insufficiently
24  specific, noting that "where the alleged trade secrets consist of incremental variations on, or
25  advances in the state of the art in a highly specialized technical field, a more exacting level of
26  particularity may be required") (internal citations omitted).
27         Waymo similarly makes no attempt to defend its citation to its asserted trade secret 85,
28  which is based on an excel spreadsheet that sets out "goals, challenges, and accomplishments."

DEFS.' REPLY IN SUPP. OF MOT. FOR RELIEF FROM & EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE
PRETRIAL ORDER (DKT. 951); Case No. 3:17-cv-00939-WHA
sf- 3809361

2

Waymo asserts without support that the spreadsheet "included extensive non-LiDAR technology and information," but as Uber has separately shown, Waymo's references to this spreadsheet have been a moving target and remain insufficient. (Dkt. 999-4 at 2-3.) Waymo does not deny that the trade disclosure provides no explanation of what language in the spreadsheet constitutes trade secret information; instead, it refers broadly to the spreadsheet and claims that it contains "detailed technical information," including but not limited to "goals and accomplishments." Such a vague disclosure cannot justify expanding discovery at this stage of the case.

Waymo does not dispute that both allegations of trade secret misappropriation in the Complaint explicitly relate to LiDAR technology. (*E.g.*, Dkt. 23 ¶ 71 ("Waymo has at all times maintained stringent security measures to preserve the secrecy of its LiDAR trade secrets"), ¶ 80 ("Waymo's technical information, designs, and other 'know how' related to its LiDAR system constitute trade secrets").) It instead cites background and introductory language, but those sections a) do not overcome the language in the trade secret claims themselves, and b) in any event, serve to further underscore Waymo's focus on LiDAR technology: "Mr. Levandowski's download included 9.7 GBs of sensitive, secret, and valuable internal Waymo information. 2 GBs of the download related to **Waymo's LiDAR technology**. Among the downloaded documents were confidential specifications for each version of every generation of **Waymo's LiDAR circuit boards**." (*Id.* ¶ 44 (emphasis added), ¶ 48 ("After downloading all of this confidential information regarding **Waymo's LiDAR systems** and other technology . . . .") (emphasis added).)

Waymo's argument that its preliminary injunction motion does not bind it misses the point: the trade secret claims in the Complaint refer solely to LiDAR trade secrets; Waymo's preliminary injunction motion referred solely to LiDAR trade secrets; the vast majority of Waymo's 121-item trade secret disclosure addressed LiDAR trade secrets (with the possible exception of the few lines discussed above that do not meet Section 2019.210 muster); and discovery has focused on LiDAR trade secrets. Waymo's reference to the total amount of information it alleges Mr. Levandowski downloaded similarly misses the point, as it does not specify what portion of that total volume constitutes asserted trade secrets—and it does not and

DEFS.' REPLY IN SUPP. OF MOT. FOR RELIEF FROM & EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER (DKT. 951); Case No. 3:17-cv-00939-WHA
sf- 3809361

3

1  cannot point to any files that made their way to Uber.  Now, having utterly failed to find anything
2  to support its LiDAR trade secret claims against Uber, Waymo is attempting to rummage around
3  to change course and shift the focus of its discovery.

4        Waymo's attempts to blame Uber for its lack of evidence and references to questions it
5  intends to ask cannot justify expanding the scope of discovery either.  A trade secret plaintiff
6  bears the burden of an appropriately specific trade secret disclosure, and cannot disclose vague
7  categories in the hopes of gaining discovery to support them.  *See Perlan Therapeutics*, 178 Cal.
8  App. 4th at 1344, 1350 (rejecting plaintiff's trade secret disclosure where plaintiff sought to
9  conduct discovery "with an eye toward enhancing [its] understanding of the trade secrets already
10 asserted and adding additional particular trade secret claims as discovery potentially uncovers
11 further instances").  Waymo also does not dispute that it makes this claim after *extensive*
12 discovery and inspections of facilities, source code, technical documents, and computers.  (*See*
13 Mot. for Relief at 1, Dkt. 1006-4.)  It cites no authority for the suggestion that questions a party
14 intends to ask can justify expanding the scope of discovery from what was pled in the Complaint
15 and its mandated trade secret disclosure.[1]

16       Finally, Waymo apparently concedes that expanding the scope of discovery to non-
17 LiDAR trade secrets would interfere with the Court's schedule, as it does not even mention this
18 issue in its reply.  (*Compare* Mot. for Relief at 4, Dkt. 1006-4 (noting need for parties to finalize
19 fact discovery and move to expert discovery and trial preparation in order to keep October trial
20 date), *with* Opp'n, Dkt. 1034-4.)

21 **III.  CONCLUSION**

22       The July 19 Order was contrary to law because discovery must be limited to the scope of a
23 sufficiently particular disclosure per Section 2019.210.  Waymo is unable to support Judge
24 Corley's decision, as it cannot defend the sufficiency of its disclosures under the relevant
25 California authority.  Nor can Waymo deny that it is attempting to expand the case beyond the

---

[1] Waymo's cited list of questions (Opp'n at 3 n.1, Dkt. 1034-4) also omits that the first question it cites to purportedly show non-LiDAR questions (referring to "systems to collect data") falls under the heading "Google/Waymo LiDAR Development Efforts" and that the fuller quotation refers to "systems to collect data **from its LiDAR technology**."

DEFS.' REPLY IN SUPP. OF MOT. FOR RELIEF FROM & EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER (DKT. 951); Case No. 3:17-cv-00939-WHA
sf- 3809361

4

focus of the Complaint, particularly the explicit language of the trade secret claims.  There is no basis to allow Waymo to expand its discovery now.  Judge Corley's order expanding discovery to non-LiDAR information should be reversed.

Dated:  July 28, 2017              MORRISON & FOERSTER LLP

                                  By:   */s/ Arturo J. González*
                                        ARTURO J. GONZÁLEZ

                                        Attorneys for Defendants
                                        UBER TECHNOLOGIES, INC.
                                        and OTTOMOTTO LLC

DEFS.' REPLY IN SUPP. OF MOT. FOR RELIEF FROM & EMERGENCY MOTION FOR STAY OF NON-DISPOSITIVE PRETRIAL ORDER (DKT. 951); Case No. 3:17-cv-00939-WHA
sf- 3809361

5