1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:    415.268.7000
7  Facsimile:    415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
11 Washington DC  20005
   Telephone:    202.237.2727
12 Facsimile:    202.237.6131

13 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

15                       UNITED STATES DISTRICT COURT

16                      NORTHERN DISTRICT OF CALIFORNIA

17                            SAN FRANCISCO DIVISION

18 | WAYMO LLC,                                   | Case No.    3:17-cv-00939-WHA
19 |              Plaintiff,                      | **DECLARATION OF MICHELLE YANG IN SUPPORT OF OTTO TRUCKING'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBIT 1 TO THE DECLARATION OF HONG-AN VU IN SUPPORT OF ITS REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S JUNE 7, 2017 ORDER (DKT. 1040 (CORRECTED AT DKT. 1062))**
20 |       v.                                     |
21 | UBER TECHNOLOGIES, INC.,                     |
   | OTTOMOTTO LLC; OTTO TRUCKING LLC,            |
22 |                                              |
   |              Defendants.                     |
23 |                                              |
24 |                                              |
25 |                                              | Trial Date: October 10, 2017

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Otto Trucking's Administrative Motion to File Under Seal Exhibit 1 to the Declaration of Hong-An Vu in Support of its Reply in Support of Motion to Enforce the Court's June 7, 2017 Order (Dkt. 1040 (Corrected at Dkt. 1062)).

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit 1 to the Declaration of Hong-An Vu (Dkt. 1062-3) (Corrected version of Dkt. 1040-3) | Blue-highlighted portions |

3. The blue-highlighted portions on pages 142, 144, 146, 150, 152, 153, and 154 of Exhibit 1 contain highly confidential information regarding financial terms of a business agreement and financial information of Ottomotto, including information about the structure, economic value, detailed monetary terms, and negotiations of business agreements with counterparties who have ongoing relationships with Defendants. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. If this information were to be released to the public, Defendants' competitors and counterparties would have insight to how Defendants structure their business agreements, including what potential monetary terms have been offered, which would allow them to tailor their own business negotiation strategy, such that Uber's competitive standing could be harmed.

4. The blue-highlighted portions on pages 144, 145, 146, 147, 150, 151, 152, and 153 of Exhibit 1 also contain highly confidential information regarding Uber's competitive analysis of the self-driving market, strategic priorities, and development of its own detailed market strategy, including Uber's internal development timeline estimate and internal analyses of potential business and production models. This highly confidential information is not publicly known, and

its confidentiality is strictly maintained. If this information were to be released to the public, Defendants' competitors and counterparties would have insight to how Defendants' analysis of business opportunities, strategic priorities, development timelines, and how Defendants have chosen to strategically position themselves within this market. This would allow competitors to understand Uber's LiDAR development and business strategy, and allow them to tailor their own LiDAR development, such that Uber's competitive standing could be harmed.

5.  The blue-highlighted portions on pages 145, 146, and 153 of Exhibit 1 also contain actual and projected component or device pricing, estimated costs relating to such components or devices, the identification of a confidential vendor of Uber, and projected unit numbers. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. If this information were released to the public, Defendants' competitors could tailor their LiDAR strategy to target this component price or this confidential vendor, such that they obtain a competitive advantage against Uber.

6.  Defendants' request to seal is narrowly tailored to those portions of Otto Trucking's Exhibit 1 that merit sealing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 1st day of August, 2017, at Washington, D.C.

*/s/ Michelle Yang*
Michelle Yang

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated: August 1, 2017                          */s/ Arturo J. González*
                                                                   Arturo J. González