# EXHIBIT 2

*REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED*

**Vu, Hong-An**

| | |
|---|---|
| **From:** | David Perlson <davidperlson@quinnemanuel.com> |
| **Sent:** | Sunday, July 30, 2017 5:43 PM |
| **To:** | Andrea P Roberts; Vu, Hong-An; QE-Waymo; jcooper@fbm.com |
| **Cc:** | DG-GP Otto Trucking Waymo; UberWaymoMoFoAttorneys (UberWaymoMoFoAttorneys@mofo.com); Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) |
| **Subject:** | RE: Waymo v. Uber - Larry Page Deposition - meet and confer requested |

John,

Otto Trucking's harassing demand for a second deposition of Mr. Page should be rejected out of hand. That this request would come from Otto Trucking is particularly remarkable given its conduct during the deposition, hardly targeted at Mr. Page's unique knowledge (OT's counsel commenced the deposition referring to Mr. Page, CEO of Alphabet, as "Mr. Brin"), but asking irrelevant questions focused on the harassment it now seeks to exacerbate.

As to the allegedly-improper objections cited by OT, counsel objected "to the form of the question" as called for by Judge Alsup's order. There was no coaching. Here is one exchange cited by Otto Trucking:

> Q. Are you happy that Anthony Levandowski was fired by Uber?
> MR. VAN NEST: Objection to the form of the question.
> THE WITNESS: Am I happy?
> MR. VAN NEST: It's got absolutely no relevance. Counsel, again, you're wasting our time. We have four hours. I object to the form of the question.

(193:5-13.) Otto Trucking's question shows only that it wasted and improperly used the time it ha, not that another deposition is needed. *See also, e.g.,* 119:19-20 ("Do you recall Mr. Levandowski ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"). Mr. Page was not instructed not to answer, except where the question called for privileged information.

We disagree there was any obligation to produce documents at beginning of the deposition per judge Alsup's rules. Indeed, when asked whether any specific documents refreshed his recollection, Mr. Page testified, "I don't recall." (91:12-14.) Nonetheless, to reduce disputes, we identify all exhibits used at Mr. Page's deposition that had also been used during preparation: Exhibit Nos. 1088, 1091, 1093, 1094, 1095, 1096, 1104, 1106, and 1109. We further identify the three documents that were shown to Mr. Page and not used as exhibits to his deposition, each of which Waymo produced prior to Mr. Page's deposition: WAYMO-UBER-00026171, WAYMO-UBER-00026185, and WAYMO-UBER-00026494.

Next, citing to 190:18-191:9, Otto Trucking claims that counsel "improperly limited questioning to certain topics." That excerpt – in which counsel for Otto Trucking asks Mr. Page the same question five times and receives five identical answers – proves otherwise. Indeed it would be hard to find a more pristine example of *not* limiting questioning. The exchange began when counsel for Otto Trucking asked "why Anthony Levandowski was not sued for trade secret misappropriation." (189:12-13.) Unsurprisingly Mr. Page, the CEO of Waymo's ultimate parent company, "[did not] have any independent knowledge of that," noting he defers those decisions to attorneys. (189:19-20.) Counsel for OT pressed on, asking whether Mr. Page knew that Levandowski wasn't sued for trade secret misappropriation, and Mr. Page responded, again, "I don't know the

details of all that." (189:21-24).  Counsel for OT asked the same question a second time; counsel objected to the form, and Mr. Page responded, "I've already testified I didn't know." (189:25-190:5.)  Counsel for OT asked the same question a third time and received an "I don't know" answer (190:8-12), then asked a fourth time (190:13-14) and a fifth time (191:3-10) and got the same answer again.  If anything, this excerpt shows that Otto Trucking engaged in the very type of harassment that the apex doctrine was intended to prevent.  This makes it all the more outrageous that Otto Trucking is asking for another deposition.

Otto Trucking also states that "Waymo's failure to image Mr. Page's phone prior to the deposition" somehow entitles them to a second deposition.  But it does not explain why.  It does not and cannot.  Indeed, the testimony elicited from Mr. Page at the deposition shows this.  For example, the Court granted Mr. Page's deposition (Dkt. 833) based on evidence that Mr. Page's had personally conversed with Mr. Levandowski and Mr. Kalanick (Dkt. 811, 1-2), and Mr. Page testified extensively to those communications.  (*E.g.,* 71:7-73:17; 139:3-143:7).  There is no role for a cell phone to play.  Moreover, Mr. Page testified that he did not recall any relevant text messages, (200:3-8) and that he did not receive a text from Mr. Kalanick to set up a phone call, but rather had the call arranged by his assistant (139:24-140:1).

Finally, OT charges that Mr. Page "was not adequately prepared, disclaiming knowledge of issues central to this case."  Not so.  Judge Alsup's standing order (para. 20) requires deponents to give testimony "on important matters in the suit *about which the witness reasonably should be expected to have knowledge*."  Mr. Page did just that.  As the Alphabet CEO, he is not expected to know about the specific trade secrets at issue or the specific contours of Google's policies on side businesses.  His non-testimony in those areas is natural and proper, not grounds for a second deposition.  Finally, Otto Trucking's reference to being "adequately prepared" appears to confuse a 30b6 witness, who has responsibility to educate him or herself on corporate topics, with an apex witness, who must testify only to his or her "first-hand non-repetitive knowledge." (Dkt. 833.).

In short, Otto Trucking has provided no basis whatsoever for a second apex deposition of Alphabet CEO Larry Page.

David

---

**From:** Andrea P Roberts
**Sent:** Friday, July 28, 2017 11:30 AM
**To:** Vu, Hong-An <HVu@goodwinlaw.com>; QE-Waymo <qewaymo@quinnemanuel.com>; jcooper@fbm.com
**Cc:** DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; UberWaymoMoFoAttorneys (UberWaymoMoFoAttorneys@mofo.com) <UberWaymoMoFoAttorneys@mofo.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>
**Subject:** RE: Waymo v. Uber - Larry Page Deposition - meet and confer requested

John and Hong-An,

We can discuss this issue on Monday's call.  David Perlson is in deposition today and unavailable for today's call.  We will respond in writing in advance of Monday's call.

Thanks,
Andrea

---

**From:** Vu, Hong-An [mailto:HVu@goodwinlaw.com]
**Sent:** Thursday, July 27, 2017 11:39 PM

**To:** QE-Waymo <qewaymo@quinnemanuel.com>; jcooper@fbm.com
**Cc:** DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; UberWaymoMoFoAttorneys (UberWaymoMoFoAttorneys@mofo.com) <UberWaymoMoFoAttorneys@mofo.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>
**Subject:** Re: Waymo v. Uber - Larry Page Deposition - meet and confer requested


Special Master Cooper:

We would like to meet and confer about these issues tomorrow at 1pm as well.

Thank you.

Hong-An

Sent from my iPhone

On Jul 27, 2017, at 6:58 PM, Vu, Hong-An <HVu@goodwinlaw.com> wrote:

> Counsel and Special Master Cooper:
>
> We would like to meet and confer about Waymo producing Larry Page again for deposition.  The basis for a second deposition is as follows:
>
> - Waymo failed to identify and produce documents used to refresh Mr. Page's recollection (90:23-92:7) in violation of paragraph 20 of Judge Alsup's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ("Alsup Order") ("In preparing deponents, defending counsel shall segregate and retain all materials used to refresh their memories and shall provide them to examining counsel at the outset of the deposition").
> - Counsel for Mr. Page made improper speaking objections (*see e.g.*, 190:18-191:2; 193:10-20; 207:16-208:7) in violation of paragraph 20 of the Alsup Order.
> - Counsel for Waymo improperly limited questioning to certain topics (190:18-191:9), when Judge Corley's order on Mr. Page's deposition made no such limitation (*see* Dkt. 833);
> - Waymo's failure to image Mr. Page's phone prior to the deposition (194:19-20); and
> - Mr. Page was not adequately prepared, disclaiming knowledge of issues central to this case including, whether Mr. Levandowski is being sued for trade secret misappropriation (189:12-191:10); what trade secrets are at issue in this litigation (194:6-18; 53:4-18), payment of over $100M to Anthony Levandowski (12:16-23; 23:16-23:12), what Otto Trucking is (160:10-25), and Google's policies and approval procedures for side projects (33:20-34:9; 77:9-79:5).
>
> Please let us know when you are available this week to discuss.
>
> Thank you.
>
> Hong-An
>
> **Hong-An Vu**
> 

Goodwin Procter LLP
601 South Figueroa Street
Los Angeles, CA 90017
o  +1 213 426 2557
f   +1 213 289 7728
HVu@goodwinlaw.com | goodwinlaw.com

******************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
******************************************************************