

Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com

+1 650 752 3100

August 2, 2017

REDACTED VERSION OF
DOCUMENT SOUGHT TO
BE SEALED

**VIA ECF**

The Honorable Jacqueline Scott Corley
United States Magistrate Judge
United States District Court for the Northern District of California
San Francisco Courthouse Courtroom F – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Waymo LLC v. Uber Technologies, Inc. et al.*, N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Judge Corley,

Defendant Otto Trucking, LLC ("Otto Trucking") respectfully submits this letter brief requesting that the Court order Larry Page to appear for two hours of additional deposition time and to produce responsive communications due to Waymo's violation of Judge Alsup's Orders regarding permissible deposition conduct during Mr. Page's July 17 deposition.

Respectfully Submitted,

/s/ Neel Chatterjee

Neel Chatterjee (SBN 173985)
GOODWIN PROCTER LLP

*Attorneys for Defendant*
Otto Trucking LLC

cc: Counsel of Record (via ECF), Special Master Cooper

Otto Trucking requests an additional two hours of deposition time with Larry Page and a court order requiring counsel for Mr. Page and Waymo to produce responsive communications in his possession, and to comply with Judge Alsup's Orders. There is no question Larry Page is an important witness.  As this Court has already found, he was directly involved in Google's self-driving car project.  He had many interactions with Anthony Levandowski relating to Chauffeur and other projects he funded, including discussions about the strategy for Chauffeur in the days leading up to Mr. Levandowski's departure.  Mr. Levandowski sent Mr. Page a personal email informing him of his departure from Google instead of his superiors.  But during the four hours the Court allowed for Mr. Page's deposition, counsel for Waymo and Mr. Page obstructed Defendants' ability to examine Mr. Page by asserting speaking  objections and refusing to provide required documents in violation of Judge Alsup's Orders. To remedy these violations, the Court should order Mr. Page to return for additional examination and produce responsive documents.

## I. Mr. Page's Counsel Refused to Produce Documents Used to Refresh Mr. Page's Testimony, in Violation of Judge Alsup's Orders.

Judge Alsup has ordered: "In preparing deponents, defending counsel shall segregate and retain all materials used to refresh [the deponent's] memories *and shall provide them to examining counsel at the outset of the deposition*." Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ("Standing Order") ¶ 20 (emphasis added).  The reason for this Order is equally clear:  examining counsel need to know what documents the deponent relied on to prepare for the deposition and are entitled to ask questions about those documents.

Waymo and Alphabet did not comply with this requirement.  They provided no documents at the outset of the deposition.  However, during the deposition, Mr. Page explained that he reviewed documents to help refresh his recollection in preparing for the deposition.  But when Arturo González, examining counsel, requested a copy of those documents, counsel for Mr. Page refused to provide them.

> [MR. GONZÁLEZ]:  And did those documents help refresh your recollection about events that occurred many years ago?
> MR. VAN NEST:  That's overbroad. I'll object to the form of the question.
> THE WITNESS:  I mean, I'm sure that they helped my recollection somewhat.
> MR. GONZÁLEZ:  They helped refresh it because these events are events that took place a long time ago?
> A:  Yeah.
> MR. GONZÁLEZ:  Counsel, I think per Judge Alsup's standing order, we're entitled to see those documents.
> MR. VAN NEST:  I don't think so, Counsel, but  we can debate that at a later time.
> MR. GONZÁLEZ:  Okay.  Fine.  Fair enough.  Just so the record is clear.
> MR. VAN NEST:  I disagree, but—
> MR. GONZÁLEZ:  So that the record is clear, we're—we're asking for them, and Counsel is declining to provide them.

Deposition Transcript of Larry Page, Exh. 1 at 90:23–92:4.  Not until almost two weeks later—on July 30, 2017—did Waymo finally identify the documents Mr. Page used.  Exh. 2.  It included three documents outside of Otto Trucking's exhibits for the deposition.  *Id.*  Because of the delayed production, Defendants had no opportunity ask Mr. Page questions about the documents, nor were they able to follow up on how Mr. Page prepared for the deposition.  Defendants request leave from the Court to cure this violation by revisiting Mr. Page's deposition.  *See In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No 1917, 2015 WL 12942210, at *5 (N.D. Cal. May, 29, 2015) (ordering witness to be deposed again and counsel

to permit questioning on documents that refreshed witness' recollection).

## II. Mr. Page's Counsel Levied Speaking Objections Throughout and Also Limited the Scope Of Defendants' Examination.

Judge Alsup's Standing Order requires that "[d]eposition objections *must be as to privilege or form only*. Speaking objections are prohibited." Standing Order ¶ 19 (emphasis added). This rule is sound. Speaking objections muddle the record. They coach the witness's answers. And most importantly, they obstruct the examining counsel's ability to question the witness. But in spite of the Court's prohibition, Mr. Van Nest levied exactly those objections—and did so over *30 times*. See, e.g., Exh. 1 at 27:22, 35:20–21, 45:20–21, 75:13–14, 77:14, 91:4–5, 91:22–23, 92:1, 95:8, 104:6–7; 119:21–22, 119:25, 120:3, 120:21–121:12, 138:13, 152:11, 152:19–153:2, 176:4–6, 190:2, 190:18–21, 190:24–25, 191:6–9, 193:10–13, 193:18–22, 200:14–15, 206:2–6, 207:20–24, 211:18–19, 215:20–21, 216:12–15, 216:23–24. These speaking objections interfered with Defendants' ability to examine Mr. Page and, in many instances, coached Mr. Page's responses as he then restated Mr. Van Nest's objections in the form of an answer. *See, e.g., id.* at 35:20–24, 101:4–8, 102:12–17, 119:21–120:8.

In addition, Mr. Van Nest's objections improperly limited the scope of Defendants' questions. This Court explained in its July 7 Order that the reasons for limiting discovery with respect to Mr. Page are no longer present. (Dkt. No. 833 at 2) (explaining that the Court's previous apex "ruling was based upon the need for limited discovery related to the preliminary injunction hearing and was not a ruling that Mr. Page would not be deposed during the merits discovery. No such limitations are present now."). Central to this case are Waymo's allegations that Anthony Levandowski stole trade secrets and used them in Defendants' technology. During Mr. Chatterjee's examination, he asked Mr. Page about his knowledge of these issues in this lawsuit, including Mr. Page's relationship with Mr. Levandowski. Mr. Van Nest responded by casting improper interjections, wrongly claiming that Mr. Chatterjee's questions were "far afield" from what the Court authorized. *See, e.g.,* Exh. 1 at 190:18–21, 193:10–13, 193:18–20). These repeated admonitions from Mr. Van Nest are improper under both the Standing Order and this Court's July 7 Order regarding Mr. Page's examination. *See Doe v. Xytex Corp.*, No. C 16-02935 WHA, 2016 WL 7009226, at *2, *4 (N.D. Cal. Dec. 1, 2016) (Alsup, J.) (speaking objections on scope of questioning were improper but ordering hearing where defendant could examine the witness in court instead of second deposition).

## III. Waymo Did Not in Good Faith Prepare Mr. Page for This Deposition.

Judge Alsup's Standing Order requires that "[d]eponents and their counsel must make a good-faith effort to prepare for depositions and to refresh witness memories on important matters in the suit about which the witness reasonably should be expected to have knowledge." *Id.* ¶ 20. During Mr. Page's deposition, Defendants asked questions on topics that were within Mr. Page's knowledge relating to Chauffeur, relating to Mr. Levandowski's contributions to ▇▇▇▇▇▇▇▇▇▇▇▇ and relating to this litigation. Several witnesses have corroborated Mr. Page's close involvement in these matters.



Yet during the deposition Mr. Page consistently disclaimed knowledge about any of these topics. Mr. Page could not recall any trade secrets that are at issue in this litigation, despite his involvement in Chauffeur. *See* Exh. 1 at 194:6–18, 53–18. Mr. Page could not recall whether Waymo was suing Mr.

Levandowski for trade secret misappropriation. *See id.* at 189:12–191:10. Mr. Page could not recall the amount that Mr. Levandowski was paid from the Chauffeur program even thought that amount as over $100 million. *See id.* at 12:16–23, 23:16–23:12. Mr. Page could not recall information about Otto Trucking. *See id.* at 160:10–162:24 ("Q. Do you know what Otto Trucking is? A. Apparently not, I guess."). And Mr. Page could not recall Anthony Levandowski's involvement ████████ ████████████████████████████████████████. *See id.* at 33:20–34:9, 77:9–79:5, 135:1–137:9.

This was not a good-faith effort to prepare the witness. Indeed, Mr. Page conceded that he only met with his counsel for "[a] couple of hours" to prepare for his deposition, and reviewed only about a dozen documents during that time. Ex. 1 at 131:15-22; Ex. 2. This was unacceptable. Waymo's violation of the Standing Order prevented Defendants from being able to obtain fulsome testimony from Mr. Page. The only remedy is to recall Mr. Page for deposition.

### IV. Waymo Has Stonewalled Defendants' Ability to Examine Any Information Stored on Mr. Page's Phone or Phones.

Finally, Otto Trucking has sought from Waymo the production of relevant information stored on Mr. Page's cell phone or phones. In discovery and Otto Trucking's Amended Notice of Deposition of Mr. Page, Defendants requested communications responsive to this dispute, including communications in Mr. Page's possession relating to any trucking business of Mr. Levandowski's. Exh. 6. But to this day, Waymo has stonewalled Defendants' ability to examine any such information despite their vigorous efforts to obtain text messages from other witnesses who communicated with Mr. Levandowski.

Waymo cannot seriously dispute that the information is relevant. To the extent Mr. Page's cell phones contain communications requested by Defendants, they go to the heart of what Mr. Page knew or did not know about Ottomotto and Otto Trucking, when he learned that information, whether that information was shared with others including others at Google, Alphabet, or Waymo, and the nature of his relationship with Mr. Levandowski both during Mr. Levandowski's employment at Google and after his departure, among other things. Said differently, this information is necessary to Defendants' defense.

Waymo's sole objection other than relevance to producing to even *searching* for this information on Mr. Page's phone is that Mr. Page is CEO of *Alphabet*, not *Waymo*. This argument lacks merit. Waymo previously represented to this Court that for purposes of discovery in this litigation it would not withhold information on the basis that Google, Alphabet, or Waymo are separate entities. This Court relied on, and accepted, that representation. *See* (Dkt. No 808) ("The Court understands that Waymo has represented that it will not object to any discovery request on the grounds that the responsive documents are in the possession, custody or control of Google or Alphabet"). Thus, for Waymo to now claim that it cannot produce information stored on Mr. Page's phone because he is CEO of Alphabet contravenes not only its own representations to this Court, but also this Court's Order itself.

Defendants request that the Court require Waymo to search Mr. Page's phones for information in the Amended Notice of Deposition. To the extent that responsive information exists, Defendant should have the opportunity to examine Mr. Page on this information.

* * *

For the foregoing reasons, Otto Trucking requests that the Court order the production of any responsive text messages in Mr. Page's phone and for two additional hours for Otto Trucking to depose Mr. Page.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on August 2, 2017. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of August 2017.

/s/ *Neel Chatterjee*
Neel Chatterjee