UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>           Plaintiff,<br><br>    vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>           Defendants. | CASE NO. 3:17-cv-00939<br><br>**Patent Local Rule 4-3 Joint Claim Construction and Prehearing Statement** |

Pursuant to Patent Local Rule 4-3, Plaintiff Waymo LLC ("Waymo") and Defendants Uber Technologies, Inc. ("Uber"), OttoMotto LLC ("OttoMotto"), and Otto Trucking LLC ("Otto Trucking") (collectively, "Defendants") hereby submit this Joint Claim Construction and Prehearing Statement regarding claim construction for U.S. Patent No. 9,368,936 (the "'936 Patent").

### Patent Local Rule 4-3(a): Agreed Construction

At this time, the parties have not reached agreement on the construction of any terms in the '936 Patent. However, the parties will continue to meet and confer in good faith in an effort to narrow the issues in dispute.

### Patent Local Rule 4-3(b): Proposed Constructions

Exhibit A sets forth each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.[1]

### Patent Local Rule 4-3(c): Most Significant Terms

The parties are currently disputing three claim terms from the '936 Patent: "diode," which appears in asserted independent claims 1, 9, and 17; "charging path," which appears in asserted independent claims 1, 9, and 17; and "wherein the capacitor is charged immediately following emission of a pulse of light from the light emitting element" in asserted dependent claims 3, 11, and 19.

**Waymo's Position:** Waymo does not believe that the "diode" and "charging path" terms are case or claim dispositive. Under either party's proposed construction for these terms, a dispute will remain concerning infringement of the asserted claims. Waymo considers the "immediately" term to

---

[1] The parties' have agreed to a claim construction briefing schedule that provides for the exchange of expert reports in connection with the parties' respective briefs.

be claim dispositive for the asserted dependent claims in which the term appears because Defendants have alleged that the term renders those claims indefinite.

**Defendants' Position:**  There are only three disputed claim terms for the '936 Patent and all are significant to the resolution of this case and are case or claim dispositive.  The term "diode" is dispositive because Defendants' construction undermines Waymo's infringement argument under the doctrine of equivalents.  The term "charging path" is dispositive because it is relevant to non-infringement.  And the term "immediately" is dispositive for the dependent claims in which the term appears because under Defendants' construction, the term is indefinite.

### Patent Local Rule 4-3(d): Anticipated Length of Time for a Hearing

The parties understand that the Court does not anticipate holding a claim construction hearing in this case, but instead will resolve claim construction disputes in connection with dispositive motions.

### Patent Local Rule 4-3(e): Identification of Hearing Witnesses

To the extent the Court holds a hearing on dispositive motions that addresses claim construction, the parties may call the following witnesses to testify:

**Waymo:**  Waymo may call Dr. Andrew Wolfe, Ph.D., to testify concerning the knowledge of a person of ordinary skill in the art at the time of the invention and the meaning that each of the disputed claims terms would have to a person of ordinary skill in the art when read in the context of the intrinsic record.  Dr. Wolfe may also provide testimony concerning Defendants' indefiniteness argument with respect to the phrase "wherein the capacitor is charged immediately following emission of a pulse of light from the light emitting element" in asserted dependent claims 3, 11, and 19 of the '936 Patent.  In particular, Dr. Wolfe may provide opinions to show that a person of ordinary skill in the art would have reasonable certainty concerning the scope and meaning of this phrase when read in the context of the intrinsic record.

**Defendants:**  Defendants expect to provide expert testimony from Dr. Philip Hobbs regarding: (1) the state of the art of the '936 Patent; (2) the level of a person of ordinary skill in the art at the time of the '936 Patent; (3) disclosed embodiments in the '936 Patent; (4) how a person of ordinary skill would interpret the claim language in view of the intrinsic record of the '936 Patent; and

(5) opinions offered by any expert retained by Waymo.  Alternatively or in addition to, Defendants may provide expert testimony on one or more of the above topics from Dr. Michael Lebby.

### Patent Local Rule 4-3(f): Identification of Factual Findings

**Waymo's Position:**  Waymo requests that the Court make factual findings with respect to Defendants' indefiniteness argument for the phrase "wherein the capacitor is charged immediately following emission of a pulse of light from the light emitting element" in claims 3, 11, and 19 of the '936 Patent.  These factual findings will relate to the knowledge and understanding that a person of ordinary skill in the art would have concerning the scope and meaning of the phrase when read in the context of the intrinsic record.  Waymo does not believe any other factual findings are necessary related to claim construction, however, to the extent the Court is inclined to make additional factual findings regarding the two other disputed claim terms, Waymo requests that the Court find that the evidence cited by Waymo and Defendants supports Waymo's claim construction proposals for "diode" and "charging path" and do not support Defendants' proposals.

**Defendants' Position:**  Defendants request that the Court make factual findings that the extrinsic evidence cited by Defendants support both their constructions of "diode" and "charging path" and their position that the term "wherein the capacitor is charged immediately following emission of a pulse of light from the light emitting element" is indefinite.

DATED: August 2, 2017

By _Charles K. Verhoeven_

QUINN EMANUEL URQUHART & SULLIVAN, LLP
 Charles K. Verhoeven (Bar No. 170151)
 charlesverhoeven@quinnemanuel.com
 David A. Perlson (Bar No. 209502)
 davidperlson@quinnemanuel.com
 Melissa Baily (Bar No. 237649)
 melissabaily@quinnemanuel.com
 John Neukom (Bar No. 275887)
 johnneukom@quinnemanuel.com
 Jordan Jaffe (Bar No. 254886)
 jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

DATED: August 2, 2017

By _Michael A. Jacobs_

MORRISON & FOERSTER LLP
MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
425 Market Street San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

BOIES SCHILLER FLEXNER LLP
KAREN L. DUNN (Pro Hac Vice)
kdunn@bsfllp.com
HAMISH P.M. HUME (Pro Hac Vice)
hhume@bsfllp.com
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants UBER TECHNOLOGIES, INC and OTTOMOTTO LLC

DATED:  August 2, 2017            By  *Rachel M. Walsh*
                                                                   GOODWIN PROCTER LLP
Indra Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA  94025
Tel:  (650) 752-3100
Fax: (650) 853-1038

Brett M. Schuman (SBN 189247)
bschuman@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Goodwin Procter LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant OTTO TRUCKING LLC

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

By: */s/ Charles K. Verhoeven*
　　　Charles K. Verhoeven