# EXHIBIT 1

# HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 17-cv-00939-JCS<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO UBER'S AND OTTOMOTTO'S FIRST SET OF REQUESTS FOR PRODUCTIONS (NOS. 1-146)** |

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1    Plaintiff Waymo, LLC ("Waymo") hereby objects and responds to the First Set of

2    Requests for Production of Documents (Nos. 1-146) served by Defendants Uber Technologies,

3    Inc. ("Uber") and Ottomotto LLC ("Otto") (collectively, "Defendants").

4    <u>**GENERAL OBJECTIONS**</u>

5    Waymo makes the following General Objections, whether or not separately set forth in

6    response to each and every definition and document request.

7    Waymo objects to each request, and to the Definitions and Instructions, to the extent that

8    they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure,

9    the Local Rules of the United States District Court for the Northern District of California, and the

10   Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before

11   Judge William Alsup ("the Supplemental Order").

12   Waymo objects to each request to the extent that it seeks information protected by the

13   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

14   from discovery.

15   Waymo objects to each request to the extent that they are compound, complex and contain

16   multiple subparts.

17   Waymo objects to each request to the extent that they seek confidential or proprietary

18   information, including without limitation, confidential business information, proprietary and/or

19   competitively sensitive information, or trade secrets. Subject to its other General Objections, and

20   to any specific objections set forth below, Waymo will only provide relevant information in a

21   manner consistent with the Protective Order entered by the Court in this matter.

22   Waymo objects to each interrogatory to the extent that they seek information that Waymo

23   is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

24   Waymo objects to each request to the extent that it calls for information that is publicly

25   available and therefore as accessible to Defendants as to Waymo.

26   Waymo objects to each request to the extent that it is overbroad and not proportional to the

27   needs of the case, considering the importance of the issues at stake in the action, the amount in

28   controversy, the parties' relative access to relevant information, the parties' resources, the

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  importance of the discovery in resolving the issues, and whether the burden or expense of the

2  proposed discovery outweighs its likely benefit.

3      Waymo objects to each request to the extent that they require Waymo to provide

4  documents beyond what is available to Waymo at present from a reasonable search of its own files

5  likely to contain relevant or responsive documents.

6      Waymo objects to each request to the extent that they are overbroad, unduly burdensome,

7  vague, and/or ambiguous.

8      Waymo objects to each request to the extent that it seeks information that does not already

9  exist, or that is not in Waymo's possession, custody, or control.

10     Waymo objects to each request to the extent that they are unlimited in time or otherwise

11 not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore

12 burdensome, oppressive, overly broad, and not proportional to the needs of the case.

13     Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the

14 grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited

15 to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership,

16 joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet

17 Inc., the present and former officers, directors, employees, agents, representatives, accountants,

18 financial advisors, consultants, and attorneys or other persons under the owned or controlled by

19 Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment.

20     Waymo objects to each and every request to the extent that they call for a legal conclusion.

21     Waymo objects to the definitions of "Uber", "Ottomotto," and "Otto Trucking" as

22 overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or

23 "representatives," etc. of each entity.

24     Waymo objects to the definition of "Velodyne" as overbroad, and vague and ambiguous

25 because Waymo does not know, for example, all "agents" or "representatives", etc. of Velodyne.

26     Waymo objects to the definition of "Side Project(s)" and "Side Business(es)" as overly

27 broad, unduly burdensome, vague and ambiguous, to the extent that the definition includes

28 personal side project(s) or business(es).

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

Waymo objects to Instruction No. 3 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for production in a form beyond that required by the Supplemental Order.

Waymo objects to Instruction No. 5 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll drafts of a responsive document."

Waymo objects to Instruction No. 6 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for the "file folder or other container in which a Document is kept."

Waymo objects to Instruction No. 10 as overbroad, unduly burdensome, vague, and ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in this judicial district."

Waymo objects to Instruction No. 11 to the extent it calls for Waymo to search for documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.  Waymo will produce English translations where applicable as located through a reasonably diligent search.

Waymo objects to Instruction No. 12 to the extent that it calls for Waymo to conclude that Waymo has no responsive documents in Waymo's possession, custody, or control.  If Waymo is unable to locate responsive documents through a reasonably diligent search, Waymo will so state.

Waymo's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the requests, whether implicit or explicit, is correct.

Waymo responds to these requests based upon its current understanding and reserves the right to supplement its responses at a later time.

Waymo incorporates by reference its General Objections in each of the specific responses set forth below.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **REQUEST FOR PRODUCTION NO. 20:**

2      Documents sufficient to show Waymo's acquisition or use of any third party's LiDAR

3  technology.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

6      Waymo will produce all documents relating to Waymo's development of the Alleged

7  Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

8  and non-custodial document repositories storing documents relating to the development of

9  Waymo's self-driving car technology, including documents relating to Waymo's acquisition or

10  use of any third party's LiDAR technology.

11

12  **REQUEST FOR PRODUCTION NO. 21:**

13      All documents supporting Waymo's contention that Uber is using any Alleged Waymo

14  Trade Secret, including documents sufficient to show Waymo's first notice of any alleged use.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

17      Waymo objects to this request on the ground that documents demonstrating Uber's use of

18  the Alleged Waymo Trade Secrets are in Uber's possession, custody, or control.

19      Waymo has produced documents sufficient to show Waymo's first notice of any alleged

20  use. *See, e.g.,* WAYMO-UBER-00001746, WAYMO-UBER-00000633.

21

22  **REQUEST FOR PRODUCTION NO. 22:**

23      All documents relating to any efforts by Waymo to review, analyze, or reverse engineer

24  Defendants' LiDAR technology, including any review, analyses, or internal correspondence at

25  Waymo concerning the PCB attached to the email in Exhibit 1 to the Grossman Declaration in

26  support of Waymo's preliminary injunction motion.

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1   Waymo has already produced documents underlying Waymo's forensic investigation into

2   Messrs. Levandowski, Kshirsagar, and Raduta as detailed in the Declaration of Gary Brown (Dkt.

3   25-29).   *See*  WAYMO-UBER-00000648-943;  WAYMO-UBER-00004330-4336.   Waymo will

4   not produce additional documents.

5

6   **REQUEST FOR PRODUCTION NO. 47:**

7   All documents relating to communications within and outside Waymo about the possibility

8   of pursuing a legal action against Anthony Levandowski.

9

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

11   Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs

12   of the case to the extent it seeks documents concerning the possibility of pursuing a legal action

13   against Uber other than this action, No. 3:17-cv-00939-WHA.  Waymo objects to this request to

14   the extent that it seeks information protected by the attorney-client privilege or the work product

15   doctrine or that is otherwise privileged or protected from discovery.   Waymo objects to this

16   request to the extent that it is duplicative of Expedited Discovery Request No. 4 to Larry Page

17   ("Communications about the possibility of pursuing a legal action against Anthony Levandowski

18   or Defendants.").  On April 27, 2017, in response to that request, Waymo responded:  "Pursuant to

19   the Court's Order today regarding RFP No. 4, and without waiver of attorney-client privilege,

20   attorney work product protection, or any other applicable privilege or protection and after a

21   reasonable and diligent investigation, Waymo states that Google Inc.'s first communication in

22   relation to the possibility of legal action against Anthony Levandowski was on or about March 23,

23   2016."

24   Waymo will log the document memorializing the March 23, 2016 communication.

25

26   **REQUEST FOR PRODUCTION NO. 48:**

27   All documents relating to communications about the possibility of pursuing a legal action

28   against Uber.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

2       Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs

3  of the case to the extent it seeks documents concerning the possibility of pursuing a legal action

4  against Uber other than this action, No. 3:17-cv-00939-WHA.  Waymo objects to this request to

5  the extent that it seeks information protected by the attorney-client privilege or the work product

6  doctrine or that is otherwise privileged or protected from discovery.  Waymo objects to this

7  request to the extent that it is duplicative of Expedited Discovery Request No. 4 to Larry Page

8  ("Communications about the possibility of pursuing a legal action against Anthony Levandowski

9  or Defendants.").  On April 27, 2017, in response to that request, Waymo responded:  "Pursuant to

10  the Court's Order today regarding RFP No. 4, and without waiver of attorney-client privilege,

11  attorney work product protection, or any other applicable privilege or protection and after a

12  reasonable and diligent investigation, Waymo states that Google Inc.'s first communication in

13  relation to the possibility of legal action against Anthony Levandowski was on or about March 23,

14  2016."

15       Waymo will log the document memorializing the March 23, 2016 communication.

16

17  **REQUEST FOR PRODUCTION NO. 49:**

18       All documents relating to communications about the possibility of pursuing a legal action

19  against Ottomotto.

20

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

22       Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs

23  of the case to the extent it seeks documents concerning the possibility of pursuing a legal action

24  against Uber other than this action, No. 3:17-cv-00939-WHA.  Waymo objects to this request to

25  the extent that it seeks information protected by the attorney-client privilege or the work product

26  doctrine or that is otherwise privileged or protected from discovery.  Waymo objects to this

27  request to the extent that it is duplicative of Expedited Discovery Request No. 4 to Larry Page

28  ("Communications about the possibility of pursuing a legal action against Anthony Levandowski

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Waymo also objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 69:**

Documents sufficient to show any bonus program for Waymo LLC or Project Chauffeur employees, including but not limited to specific bonuses paid out over time and to whom; related policies; practices and/or procedures; the determination, calculation, changes to, and timing of any valuations; and inquiries from participants of the plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Waymo will produce documents sufficient to show the Project Chauffeur bonus program, including its structure, valuations, and bonus payments made to individual recipients.

**REQUEST FOR PRODUCTION NO. 70:**

All documents relating to Waymo's evaluation of Anthony Levandowski's performance, including any praise or criticism of his performance and any assessment of his value to Waymo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Waymo will produce all documents relating to Waymo's evaluation of Anthony Levandowski's performance located through a reasonably diligent search, including periodic performance reviews and other communications.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to show to the reason(s) for the establishment, creation, or formation of Waymo LLC.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

2       Waymo will produce all documents on which Waymo intends to rely to demonstrate

3  secondary considerations of nonobviousness.

4

5  **REQUEST FOR PRODUCTION NO. 82:**

6       All documents relating to Waymo's knowledge of Ottomotto (or 280 Systems) prior to its

7  formation, including the knowledge of or involvement in Ottomotto (or 280 Systems) of Pierre‑

8  Yves Droz or Brian Salesky, beginning at least in or around "the summer of 2015" and continuing

9  through at least in or around January 2016.

10

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

12      Waymo will produce any communications amongst Waymo personnel as located through a

13 reasonably diligent search, including but not limited to communications involving Mr. Droz and

14 Mr. Salesky, sufficient to show Waymo's knowledge of Ottomotto or 280 Systems prior to its

15 formation.

16

17 **REQUEST FOR PRODUCTION NO. 83:**

18      All documents relating to Waymo's view of or reaction to the formation of Ottomotto,

19 including but not limited to John Krafcik's August 2016 communication(s) with Uber.

20

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

22      Waymo will produce documents sufficient to show Waymo's knowledge of Defendants'

23 autonomous vehicle program, including Waymo's view of or reaction to the formation of

24 Ottomotto, as located after a diligent search of custodial documents.

25

26 **REQUEST FOR PRODUCTION NO. 84:**

27      All documents relating to 510 Systems' acquisition by Google, including any documents

28 concerning technology brought by 510 Systems to Google.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1    Because Waymo has already produced documents sufficient to respond to this request,

2  Waymo will not produce additional documents.

3

4  **REQUEST FOR PRODUCTION NO. 95:**

5    Documents relating to Waymo's financial analysis and projections of the Waze acquisition

6  as related to Waymo's ride-sharing business, including documents relating to Waymo's pre- and

7  post-acquisition business plans for Waze, and any retrospective analysis of the acquisition.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

10    After a reasonably diligent search of Waymo's document repositories and custodial

11  documents, Waymo has not located any documents responsive to this request.

12

13  **REQUEST FOR PRODUCTION NO. 96:**

14    All documents relating to Waymo's discussion of Uber or its business.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

17    Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

18  the case to the extent it seeks documents relating to discussions of Uber unrelated to Uber's status

19  as a Waymo competitor in the self-driving car space.

20    In addition to documents already produced relating to Waymo's discussion of Uber's ride-

21  sharing business, including, *e.g.*, WAYMO-UBER-00004115, WAYMO-UBER-00004175, and

22  WAYMO-UBER-00004197-98, Waymo will supplement its production of documents sufficient to

23  show Waymo's knowledge of Defendants' autonomous vehicle program, including discussion of

24  Defendants' self-driving car business, as located through a reasonably diligent search.

25

26  **REQUEST FOR PRODUCTION NO. 97:**

27    All documents relating to Waymo's analysis of Uber's ride-sharing business.

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

2         Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

3    the case to the extent it seeks documents relating to discussions of Uber unrelated to Uber's status

4    as a Waymo competitor in the self-driving car space.

5         In addition to documents already produced relating to Waymo's discussion of Uber's ride-

6    sharing business, including, *e.g.*, WAYMO-UBER-00004115, WAYMO-UBER-00004175, and

7    WAYMO-UBER-00004197-98, Waymo will supplement its production of documents sufficient to

8    show Waymo's knowledge of Defendants' autonomous vehicle program, including discussion of

9    Defendants' self-driving car business, as located through a reasonably diligent search.

10

11   **REQUEST FOR PRODUCTION NO. 98:**

12        Documents relating to the development of the placement and positions of laser diodes in

13   Waymo's LiDAR systems.

14

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

16        Waymo will produce all documents relating to Waymo's development of the Alleged

17   Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

18   and non-custodial document repositories storing documents relating to the development of

19   Waymo's self-driving car technology, including documents relating to the development of the

20   placement and positions of laser diodes in Waymo's LiDAR systems.

21

22   **REQUEST FOR PRODUCTION NO. 99:**

23        Documents relating to the development of optical layouts in Waymo's LiDAR systems.

24

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

26        Waymo will produce all documents relating to Waymo's development of the Alleged

27   Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents

28   and non-custodial document repositories storing documents relating to the development of

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1  **REQUEST FOR PRODUCTION NO. 133:**

2      All documents relating to any business relationship or rejection of any business

3  relationship by Waymo with Tyto LiDAR, LLC.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

6      Waymo will produce all documents relating to any business relationship or rejection of any

7  business relationship by Waymo with Tyto LiDAR, LLC, as located through a reasonably diligent

8  search.

9

10  **REQUEST FOR PRODUCTION NO. 134:**

11      All documents relating to the resignation of David Drummond from Uber's Board of

12  Directors.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

15      Waymo objects to this request as irrelevant.  Waymo further objects that the irrelevant

16  documents sought are not proportional to the needs of the case, considering the importance of the

17  issues at stake in the action, the amount in controversy, the parties' relative access to relevant

18  information, the parties' resources, the importance of the discovery in resolving the issues, and

19  whether the burden or expense of the proposed discovery outweighs its likely benefit.

20      Waymo will not produce documents responsive to this request.

21

22  **REQUEST FOR PRODUCTION NO. 135:**

23      All documents relating to communications between Anthony Levandowski and Larry Page

24  relating to the acquisition of 510 systems, the formation of 280 Systems or Ottomotto, and Mr.

25  Levandowski's departure from Waymo.

26

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Waymo states that after a reasonably diligent search, Waymo has not located any communications between Quinn Emanuel and Waymo regarding Anthony Levandowski prior to the filing of the arbitration lawsuits in October 2016 against Mr. Levandowski.

**REQUEST FOR PRODUCTION NO. 144:**

Documents sufficient to show the dates of the communications between Quinn Emanuel Urquhart & Sullivan, LLP and Waymo regarding Uber prior to the filing of the arbitration lawsuits in October 2016 against Mr. Levandowski.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Waymo states that after a reasonably diligent search, Waymo has not located any communications between Quinn Emanuel and Waymo regarding Anthony Levandowski prior to the filing of the arbitration lawsuits in October 2016 against Mr. Levandowski.

**REQUEST FOR PRODUCTION NO. 145:**

Documents sufficient to show the dates of the communications between any law firm and Waymo regarding Anthony Levandowski prior to the filing of the arbitration lawsuits in October 2016 against Mr. Levandowski.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo objects to this request to the extent that it is duplicative of Expedited Discovery Request No. 4 to Larry Page ("Communications about the possibility of pursuing a legal action against Anthony Levandowski or Defendants."). On April 27, 2017, in response to that request, Waymo responded: "Pursuant to the Court's Order today regarding RFP No. 4, and without

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1    waiver of attorney-client privilege, attorney work product protection, or any other applicable

2    privilege or protection and after a reasonable and diligent investigation, Waymo states that Google

3    Inc.'s first communication in relation to the possibility of legal action against Anthony

4    Levandowski was on or about March 23, 2016."

5         Waymo will log the document memorializing the March 23, 2016 communication.

6

7    **REQUEST FOR PRODUCTION NO. 146:**

8         Documents sufficient to show the dates of the communications between any law firm and

9    Waymo regarding Uber prior to the filing of the arbitration lawsuits in October 2016 against Mr.

10   Levandowski.

11

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

13        Waymo objects to this request to the extent that it seeks information protected by the

14   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

15   from discovery.

16        In response to this request, Waymo will produce or log documents sufficient to show when

17   Waymo first communicated about the possibility of pursuing this legal action against Uber.

18

19   DATED:  June 12, 2017                    QUINN EMANUEL URQUHART & SULLIVAN,
                                               LLP
20

21                                            By  */s/ Charles K. Verhoeven*

22                                                 Charles K. Verhoeven
                                                   Attorneys for WAYMO LLC
23

24

25

26

27

28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO, LLC; OTTO TRUCKING<br>LLC,<br><br>Defendants. | Case No. 17-cv-00939-JCS<br><br>**PLAINTIFF'S RESPONSES AND<br>OBJECTIONS TO UBER'S SECOND SET<br>OF REQUESTS FOR PRODUCTIONS<br>(NOS. 147-162)** |

Plaintiff Waymo, LLC ("Waymo") hereby objects and responds to the Second Set of Requests for Production of Documents (Nos. 147-162) served by Defendants Uber Technologies, Inc. ("Uber") and Ottomotto LLC ("Otto") (collectively, "Defendants").

## **GENERAL OBJECTIONS**

Waymo makes the following General Objections, whether or not separately set forth in response to each and every definition and document request.

Waymo objects to each request, and to the Definitions and Instructions, to the extent that they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ("the Supplemental Order").

Waymo objects to each request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo objects to each request to the extent that they are compound, complex and contain multiple subparts.

Waymo objects to each request to the extent that they seek confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, or trade secrets.  Subject to its other General Objections, and to any specific objections set forth below, Waymo will only provide relevant information in a manner consistent with the Protective Order entered by the Court in this matter.

Waymo objects to each interrogatory to the extent that they seek information that Waymo is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

Waymo objects to each request to the extent that it calls for information that is publicly available and therefore as accessible to Defendants as to Waymo.

Waymo objects to each request to the extent that it is overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

1   importance of the discovery in resolving the issues, and whether the burden or expense of the

2   proposed discovery outweighs its likely benefit.

3        Waymo objects to each request to the extent that they require Waymo to provide

4   documents beyond what is available to Waymo at present from a reasonable search of its own files

5   likely to contain relevant or responsive documents.

6        Waymo objects to each request to the extent that they are overbroad, unduly burdensome,

7   vague, and/or ambiguous.

8        Waymo objects to each request to the extent that it seeks information that does not already

9   exist, or that is not in Waymo's possession, custody, or control.

10       Waymo objects to each request to the extent that they are unlimited in time or otherwise

11  not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore

12  burdensome, oppressive, overly broad, and not proportional to the needs of the case.

13       Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the

14  grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited

15  to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership,

16  joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet

17  Inc., the present and former officers, directors, employees, agents, representatives, accountants,

18  financial advisors, consultants, and attorneys or other persons under the owned or controlled by

19  Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment.

20       Waymo objects to each and every request to the extent that they call for a legal conclusion.

21       Waymo objects to the definitions of "Uber", "Ottomotto," and "Otto Trucking" as

22  overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or

23  "representatives," etc. of each entity.

24       Waymo objects to the definition of "Velodyne" as overbroad, and vague and ambiguous

25  because Waymo does not know, for example, all "agents" or "representatives", etc. of Velodyne.

26       Waymo objects to the definition of "Side Project(s)" and "Side Business(es)" as overly

27  broad, unduly burdensome, vague and ambiguous, to the extent that the definition includes

28  personal side project(s) or business(es).

Waymo objects to Instruction No. 3 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for production in a form beyond that required by the Supplemental Order.

Waymo objects to Instruction No. 5 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll drafts of a responsive document."

Waymo objects to Instruction No. 6 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for the "file folder or other container in which a Document is kept."

Waymo objects to Instruction No. 10 as overbroad, unduly burdensome, vague, and ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in this judicial district."

Waymo objects to Instruction No. 11 to the extent it calls for Waymo to search for documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents. Waymo will produce English translations where applicable as located through a reasonably diligent search.

Waymo objects to Instruction No. 12 to the extent that it calls for Waymo to conclude that Waymo has no responsive documents in Waymo's possession, custody, or control. If Waymo is unable to locate responsive documents through a reasonably diligent search, Waymo will so state.

Waymo's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the requests, whether implicit or explicit, is correct.

Waymo responds to these requests based upon its current understanding and reserves the right to supplement its responses at a later time.

Waymo incorporates by reference its General Objections in each of the specific responses set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

Waymo objects and responds as follows to Defendants' document requests:

### REQUEST FOR PRODUCTION NO. 147:

All communications with Lyft about past, current, or potential competition with Uber.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 147:

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo will produce all communications with Lyft about past, current, or potential competition with Uber as located through a reasonably diligent search.

### REQUEST FOR PRODUCTION NO. 148:

All documents relating to Waymo's analysis of Lyft as a potential acquisition target, including Lyft's past, current, or potential competition with Uber.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 148:

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Waymo further objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

1    Waymo will produce all documents relating to Waymo's analysis of Lyft as a potential

2    acquisition target as located through a reasonably diligent search.

3

4    **REQUEST FOR PRODUCTION NO. 149:**

5    All agreements (including exhibits) with Lyft regarding autonomous vehicles, including

6    the "deal" between Waymo and Lyft identified in the May 14, 2017 *New York Times* article titled

7    "Lyft and Waymo Reach Deal to Collaborate on Self-Driving Cars."

8

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

10   Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

11   the case, considering the importance of the issues at stake in the action, the amount in controversy,

12   the parties' relative access to relevant information, the parties' resources, the importance of the

13   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

14   outweighs its likely benefit.  Waymo further objects to this request to the extent that it seeks

15   information protected by the attorney-client privilege or the work product doctrine or that is

16   otherwise privileged or protected from discovery.

17   Waymo will not produce documents in response to this request.

18

19   **REQUEST FOR PRODUCTION NO. 150:**

20   Any letter of intent or interest relating to the "deal" between Waymo and Lyft identified in

21   the May 14, 2017 *New York Times* article.

22

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

24   Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

25   the case, considering the importance of the issues at stake in the action, the amount in controversy,

26   the parties' relative access to relevant information, the parties' resources, the importance of the

27   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

28   outweighs its likely benefit.  Waymo further objects to this request to the extent that it seeks

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

2           Waymo objects to this request as overbroad and not proportional to the needs of the case,

3   considering the importance of the issues at stake in the action, the amount in controversy, the

4   parties' relative access to relevant information, the parties' resources, the importance of the

5   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

6   outweighs its likely benefit.

7           For each day on which any individual revised Defendants' Exhibit 1031, Bates-paged

8   WAYMO-UBER-00004175–WAYMO-UBER-00004194, Waymo will produce the final version

9   of that document from that day.

10

11  **REQUEST FOR PRODUCTION NO. 162:**

12          All communications relating to preparation of Defendants' Exhibit 1031, Bates-paged

13  WAYMO-UBER-00004175–WAYMO-UBER-00004194.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

16          Waymo objects to this request as overbroad and not proportional to the needs of the case,

17  considering the importance of the issues at stake in the action, the amount in controversy, the

18  parties' relative access to relevant information, the parties' resources, the importance of the

19  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

20  outweighs its likely benefit.

21          Waymo will produce all communications relating to the preparation of Defendants' Exhibit

22  1031, Bates-paged WAYMO-UBER-00004175–WAYMO-UBER-00004194, as located through a

23  reasonably diligent search.

24  DATED:  June 16, 2017                    QUINN EMANUEL URQUHART & SULLIVAN,
                                             LLP
25
                                        By  */s/ Charles K. Verhoeven*
26                                          _____
                                            Charles K. Verhoeven
27                                          Attorneys for WAYMO LLC

28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>          Plaintiffs,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO, LLC; OTTO TRUCKING<br>LLC,<br><br>          Defendants. | Case No. 17-cv-00939-JCS<br><br>**PLAINTIFF'S RESPONSES AND<br>OBJECTIONS TO UBER'S THIRD SET<br>OF REQUESTS FOR PRODUCTIONS<br>(NO. 163)** |

1    Plaintiff Waymo, LLC ("Waymo") hereby objects and responds to the Third Set of
2  Requests for Production of Documents (No. 163) served by Defendants Uber Technologies, Inc.
3  ("Uber") and Ottomotto LLC ("Otto") (collectively, "Defendants").

4  **<u>GENERAL OBJECTIONS</u>**

5    Waymo makes the following General Objections, whether or not separately set forth in
6  response to each and every definition and document request.

7    Waymo objects to each request, and to the Definitions and Instructions, to the extent that
8  they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure,
9  the Local Rules of the United States District Court for the Northern District of California, and the
10 Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before
11 Judge William Alsup ("the Supplemental Order").

12    Waymo objects to each request to the extent that it seeks information protected by the
13 attorney-client privilege or the work product doctrine or that is otherwise privileged or protected
14 from discovery.

15    Waymo objects to each request to the extent that they are compound, complex and contain
16 multiple subparts.

17    Waymo objects to each request to the extent that they seek confidential or proprietary
18 information, including without limitation, confidential business information, proprietary and/or
19 competitively sensitive information, or trade secrets.  Subject to its other General Objections, and
20 to any specific objections set forth below, Waymo will only provide relevant information in a
21 manner consistent with the Protective Order entered by the Court in this matter.

22    Waymo objects to each interrogatory to the extent that they seek information that Waymo
23 is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

24    Waymo objects to each request to the extent that it calls for information that is publicly
25 available and therefore as accessible to Defendants as to Waymo.

26    Waymo objects to each request to the extent that it is overbroad and not proportional to the
27 needs of the case, considering the importance of the issues at stake in the action, the amount in
28 controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo objects to each request to the extent that they require Waymo to provide documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.

Waymo objects to each request to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

Waymo objects to each request to the extent that it seeks information that does not already exist, or that is not in Waymo's possession, custody, or control.

Waymo objects to each request to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons under the owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment.

Waymo objects to each and every request to the extent that they call for a legal conclusion.

Waymo objects to the definitions of "Uber", "Ottomotto," and "Otto Trucking" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives," etc. of each entity.

Waymo objects to the definition of "Velodyne" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives", etc. of Velodyne.

Waymo objects to the definition of "Side Project(s)" and "Side Business(es)" as overly broad, unduly burdensome, vague and ambiguous, to the extent that the definition includes personal side project(s) or business(es).

1    Waymo objects to Instruction No. 3 as irrelevant, overbroad, unduly burdensome, and not
2  proportional to the needs of the case to the extent it calls for production in a form beyond that
3  required by the Supplemental Order.

4    Waymo objects to Instruction No. 5 as irrelevant, overbroad, unduly burdensome, and not
5  proportional to the needs of the case to the extent it calls for "[a]ll drafts of a responsive
6  document."

7    Waymo objects to Instruction No. 6 as irrelevant, overbroad, unduly burdensome, and not
8  proportional to the needs of the case to the extent that it calls for the "file folder or other container
9  in which a Document is kept."

10    Waymo objects to Instruction No. 10 as overbroad, unduly burdensome, vague, and
11  ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in
12  this judicial district."

13    Waymo objects to Instruction No. 11 to the extent it calls for Waymo to search for
14  documents beyond what is available to Waymo at present from a reasonable search of its own files
15  likely to contain relevant or responsive documents.  Waymo will produce English translations
16  where applicable as located through a reasonably diligent search.

17    Waymo objects to Instruction No. 12 to the extent that it calls for Waymo to conclude that
18  Waymo has no responsive documents in Waymo's possession, custody, or control.  If Waymo is
19  unable to locate responsive documents through a reasonably diligent search, Waymo will so state.

20    Waymo's responses are not to be construed as an admission that any of the requested
21  information exists, that any information is admissible, relevant or proportional to the needs of the
22  case, or that any contention or assumption contained in the requests, whether implicit or explicit,
23  is correct.

24    Waymo responds to these requests based upon its current understanding and reserves the
25  right to supplement its responses at a later time.

26    Waymo incorporates by reference its General Objections in each of the specific responses
27  set forth below.

28

## SPECIFIC OBJECTIONS AND RESPONSES

Waymo objects and responds as follows to Defendants' document requests:

**REQUEST FOR PRODUCTION NO. 163:**

All Documents and Communications relating to any anticipated or actual payments owed or made to Anthony Levandowski under the Project Chauffer bonus program, including but not limited to all Documents and Communications relating to the timing and amount of those payments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Waymo has produced all documents and communications relating to anticipated or actual payments owed and/or made to Anthony Levandowski under the Project Chauffeur Bonus Program, as located through a reasonably diligent search of locations likely to contain responsive information regardless of whether that location is exclusive to Waymo LLC.

For example, Waymo has produced the Project Chauffeur Bonus Program, which specifies the timing of payments under the Program.   See WAYMO-UBER-00014078.   Waymo has produced documents showing the dates and amounts of the actual payments made to Levandowski.   See, e.g., WAYMO-UBER-00014099, WAYMO-UBER-00014469.   Waymo has also produced communications relating to the timing and amount of these payments.   See, e.g., WAYMO-UBER-00012019,          WAYMO-UBER-00023030,          WAYMO-UBER-00023035, WAYMO-UBER-00026471; WAYMO-UBER-00006389.

DATED:  July 17, 2017                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                              By  */s/ Charles K. Verhoeven*
                                              Charles K. Verhoeven
                                              Attorneys for WAYMO LLC

**APPENDIX**

**Information On Document Collection and
Production Under Supplement Order ¶ 13**

Waymo further provides information on its collection efforts under Paragraph 13 of the Supplemental Order.   As of July 17, 2017, Waymo has searched the following sources of information in response to Defendants' requests for production:

- Waymo custodial document repositories (e.g., email repositories, Google Docs, locally stored electronic documents)

- Waymo non-custodial document repositories (e.g., Drive folders used by various teams at Waymo, personnel files, Google personnel files including policy documents, codes of conduct, employee handbooks, and employment and confidentiality agreements

- Sources listed in Waymo's search list provided July 3, 2017

As of July 17, 2017, the following individuals employed by Waymo or Google have searched for documents in response to Defendants' requests for production:

- Raquel Small-Weikert (Paralegal) – general search responsibility

- Christine Lok (Paralegal) – general search responsibility

- Suzie Gonzalez-Pender (Paralegal) - general search responsibility

- Toni Baker (Discovery Staff Attorney) – general search responsibility

- Margo Maddux (Patent Agent) – search responsibility relating to patent-related documentation

- Michael Lin (People Coordinator) – search responsibility relating to employment documentation and electronic device recovery

- Joanne Chin (Head of People Operations) – search responsibility relating to employment documentation and electronic device recovery

- Jack Brown (Waymo, CAD Data and PLM Program Manager) – search responsibility relating to Waymo secure server access and activity

- Pierre Yves-Droz (Waymo, Principal Hardware Engineer) – search responsibility relating to documents relating to LiDAR development

- Caroline Manchot (Director of Compensation) – search responsibility relating to

documents relating to the bonus plan

- Ron Medford (Waymo, Director of Safety) – search responsibility relating to documents submitted to or discussed with a public entity

- Matt Salwasser (Waymo, Product Manager) – search responsibility relating to documents submitted to or discussed with a public entity

- Gary Brown (Security Engineer, Forensics) – search responsibility relating to forensic investigations and network/server/device activity detection

- Kristinn Gudjonsson (Security Engineer, Forensics) – search responsibility relating to forensic investigations and network/server/device activity detection

- Sasha Zbrozek (Hardware Engineer) - search responsibility relating to download activity of Waymo personnel

- Raghav Kohli (Commercial Counsel) – search responsibility relating to Lyft

- Laurens Feenstra (Product Manager) – search responsibility relating to Lyft

- Min Li Chan (Product Manager) – search responsibility relating to Lyft

- Michael Epstein (Product Manager) – search responsibility relating to "Entering the Taas Market" document

- Gerard Dwyer (Finance Director) – search responsibility for documents concerning Waymo finances

- Andrew Chatham (Software Engineer) – search responsibility for documents for documents concerning market plans

- Annie Wang (Finance Team) - search responsibility for documents concerning Waymo finances

- Andrew Price (Ethics and Compliance Counsel) - search responsibility relating to side businesses

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Cal. Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    David Perlson (Cal. Bar No. 209502)
3   davidperlson@quinnemanuel.com
    Melissa J. Baily (Cal. Bar No. 237649)
4   melissabaily@quinnemanuel.com
    John Neukom (Cal. Bar No. 275887)
5   johnneukom@quinnemanuel.com
    Jordan R. Jaffe (Cal. Bar No. 254886)
6   jordanjaffe@quinnemanuel.com
    50 California Street, 22nd Floor
7   San Francisco, California  94111-4788
    (415) 875-6600
8   (415) 875-6700 facsimile

9   Attorneys for Plaintiff WAYMO LLC

10                UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

| | |
|---|---|
| WAYMO LLC | Case No. 17-cv-00939-JCS |
|          Plaintiffs, | **PLAINTIFF'S RESPONSES AND OBJECTIONS TO UBER'S FOURTH SET OF REQUESTS FOR PRODUCTIONS (NO. 164-166)** |
|       v. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC, | |
|          Defendants. | |

1    Plaintiff Waymo, LLC ("Waymo") hereby objects and responds to the Fourth Set of

2  Requests for Production of Documents (Nos. 164-166) served by Defendants Uber Technologies,

3  Inc. ("Uber") and Ottomotto LLC ("Otto") (collectively, "Defendants").

4                                   **GENERAL OBJECTIONS**

5    Waymo makes the following General Objections, whether or not separately set forth in

6  response to each and every definition and document request.

7    Waymo objects to each request, and to the Definitions and Instructions, to the extent that

8  they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure,

9  the Local Rules of the United States District Court for the Northern District of California, and the

10 Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before

11 Judge William Alsup ("the Supplemental Order").

12   Waymo objects to each request to the extent that it seeks information protected by the

13 attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

14 from discovery.

15   Waymo objects to each request to the extent that they are compound, complex and contain

16 multiple subparts.

17   Waymo objects to each request to the extent that they seek confidential or proprietary

18 information, including without limitation, confidential business information, proprietary and/or

19 competitively sensitive information, or trade secrets.  Subject to its other General Objections, and

20 to any specific objections set forth below, Waymo will only provide relevant information in a

21 manner consistent with the Protective Order entered by the Court in this matter.

22   Waymo objects to each interrogatory to the extent that they seek information that Waymo

23 is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

24   Waymo objects to each request to the extent that it calls for information that is publicly

25 available and therefore as accessible to Defendants as to Waymo.

26   Waymo objects to each request to the extent that it is overbroad and not proportional to the

27 needs of the case, considering the importance of the issues at stake in the action, the amount in

28 controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo objects to each request to the extent that they require Waymo to provide documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.

Waymo objects to each request to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

Waymo objects to each request to the extent that it seeks information that does not already exist, or that is not in Waymo's possession, custody, or control.

Waymo objects to each request to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons under the owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment. Waymo applies these terms to mean Google's self-driving project, from its inception in 2009 through the present.

Waymo objects to each and every request to the extent that they call for a legal conclusion.

Waymo objects to the definitions of "Uber", "Ottomotto," and "Otto Trucking" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives," etc. of each entity.

Waymo objects to Instruction No. 3 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for production in a form beyond that required by the Supplemental Order.

Waymo objects to Instruction No. 5 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll drafts of a responsive document."

Waymo objects to Instruction No. 6 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for the "file folder or other container in which a Document is kept."

Waymo objects to Instruction No. 10 as overbroad, unduly burdensome, vague, and ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in this judicial district."

Waymo objects to Instruction No. 11 to the extent it calls for Waymo to search for documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.  Waymo will produce English translations where applicable as located through a reasonably diligent search.

Waymo objects to Instruction No. 12 to the extent that it calls for Waymo to conclude that Waymo has no responsive documents in Waymo's possession, custody, or control.  If Waymo is unable to locate responsive documents through a reasonably diligent search, Waymo will so state.

Waymo's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the requests, whether implicit or explicit, is correct.

Waymo responds to these requests based upon its current understanding and reserves the right to supplement its responses at a later time.

Waymo incorporates by reference its General Objections in each of the specific responses set forth below.

## **SPECIFIC OBJECTIONS AND RESPONSES**

Waymo objects and responds as follows to Defendants' document requests:

**REQUEST FOR PRODUCTION NO. 164:**

All documents and communications relating to the possibility of Waymo and Uber working together or partnering in any way in connection with self-driving vehicles or technology, including but not limited to all communications between Travis Kalanick and Larry Page concerning this subject.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Waymo objects to the request on the ground that communications between Travis Kalanick and Larry Page are equally available to Uber.  Waymo objects to this request as overlapping with prior RFPs including RFP 93 ("Documents relating to Waymo's business plans, strategic plans, operating plans….").

Waymo will produce communications involving Waymo and Alphabet personnel concerning the possibility of a partnership between Waymo and Uber involving self-driving vehicles or technology, as located through a reasonably diligent search including the email data of Mr. Page.

**REQUEST FOR PRODUCTION NO. 165:**

All documents and communications related to compensation, bonuses, or equity for current or former Waymo employees working on autonomous vehicles or technology, including, but not limited to, all documents and communications concerning Waymo's delay or withholding of payment, the financial impact of such payment on Waymo, and statements made by Waymo executives and officers regarding such compensation, bonus, and/or equity programs (e.g., the Project Chauffeur bonus program).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165**

Waymo objects to this request as overbroad, irrelevant, and not proportional to the needs of the case.  Waymo objects to this request as compound, calling for both documents relating to employee compensation and for executive statements regarding compensation.   Waymo

understands "Waymo employees" to mean employees of the self-driving car program from 2009 to present.

Waymo will produce documents sufficient to show the amount and timing of payments made to employees under the Project Chauffeur bonus program.  Waymo will also produce documents sufficient to show the overall personnel costs of the self-driving car program from 2009 to the present.

**REQUEST FOR PRODUCTION NO. 166:**

All documents and communications concerning any complaints, arguments, disputes, conflicts, and evaluations (both positive and negative) related to Anthony Levandowski during his employment at Waymo, including without limitation any concerns that Waymo or its employees had regarding Mr. Levandowski.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Waymo objects to this request as vague, overbroad, irrelevant, and not proportional to the needs of the case.  It is not tenable or proportional to locate every document involving any complaint, argument, dispute, or conflict relating to Mr. Levandowski.

Through Waymo's responses to previous requests for production, Waymo has already produced Mr. Levandowski's performance evaluations and as well as all emails concerning complaints, arguments, disputes, conflicts, and evaluations involving Mr. Levandowski, as located through a reasonably diligent search.  See, e.g., WAYMO-UBER-00009503, WAYMO-UBER-00010496.

DATED:  July 28, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Charles K. Verhoeven
Attorneys for WAYMO LLC

**APPENDIX**

**Information On Document Collection and
Production Under Supplement Order ¶ 13**

Waymo further provides information on its collection efforts under Paragraph 13 of the Supplemental Order.   As of July 28, 2017, Waymo has searched the following sources of information in response to Defendants' requests for production:

- Waymo custodial document repositories (e.g., email repositories, Google Docs, locally stored electronic documents)

- Waymo non-custodial document repositories (e.g., Drive folders used by various teams at Waymo, personnel files, Google personnel files including policy documents, codes of conduct, employee handbooks, and employment and confidentiality agreements

- Sources listed in Waymo's search list provided July 3, 2017

As of July 28, 2017, the following individuals employed by Waymo or Google have searched for documents in response to Defendants' requests for production:

- Raquel Small-Weikert (Paralegal) – general search responsibility

- Christine Lok (Paralegal) – general search responsibility

- Suzie Gonzalez-Pender (Paralegal) - general search responsibility

- Toni Baker (Discovery Staff Attorney) – general search responsibility

- Margo Maddux (Patent Agent) – search responsibility relating to patent-related documentation

- Michael Lin (People Coordinator) – search responsibility relating to employment documentation and electronic device recovery

- Joanne Chin (Head of People Operations) – search responsibility relating to employment documentation and electronic device recovery

- Jack Brown (Waymo, CAD Data and PLM Program Manager) – search responsibility relating to Waymo secure server access and activity

- Pierre Yves-Droz (Waymo, Principal Hardware Engineer) – search responsibility relating to documents relating to LiDAR development

- Caroline Manchot (Director of Compensation) – search responsibility relating to

documents relating to the bonus plan

• Ron Medford (Waymo, Director of Safety) – search responsibility relating to documents submitted to or discussed with a public entity

• Matt Salwasser (Waymo, Product Manager) – search responsibility relating to documents submitted to or discussed with a public entity

• Gary Brown (Security Engineer, Forensics) – search responsibility relating to forensic investigations and network/server/device activity detection

• Kristinn Gudjonsson (Security Engineer, Forensics) – search responsibility relating to forensic investigations and network/server/device activity detection

• Sasha Zbrozek (Hardware Engineer) - search responsibility relating to download activity of Waymo personnel

• Raghav Kohli (Commercial Counsel) – search responsibility relating to Lyft, M&A documents

• Laurens Feenstra (Product Manager) – search responsibility relating to Lyft

• Min Li Chan (Product Manager) – search responsibility relating to Lyft

• Michael Epstein (Product Manager) – search responsibility relating to "Entering the Taas Market" document

• Gerard Dwyer (Finance Director) – search responsibility for documents concerning Waymo finances

• Andrew Chatham (Software Engineer) – search responsibility for documents for documents concerning market plans

• Annie Wang (Finance Team) - search responsibility for documents concerning Waymo finances

• Andrew Price (Ethics and Compliance Counsel) - search responsibility relating to side businesses

• Amar Mehta (Corporate Counsel) – search responsibility relating to M&A documents

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>               Plaintiffs,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO, LLC; OTTO TRUCKING<br>LLC,<br><br>               Defendants. | Case No. 17-cv-00939-JCS<br><br>**PLAINTIFF'S RESPONSES AND<br>OBJECTIONS TO UBER'S FIFTH SET<br>OF REQUESTS FOR PRODUCTIONS<br>(NO. 167-175)** |

1    Plaintiff Waymo, LLC ("Waymo") hereby objects and responds to the Fifth Set of

2  Requests for Production of Documents (Nos. 167-175) served by Defendants Uber Technologies,

3  Inc. ("Uber") and Ottomotto LLC ("Otto") (collectively, "Defendants").

4                              **GENERAL OBJECTIONS**

5    Waymo makes the following General Objections, whether or not separately set forth in

6  response to each and every definition and document request.

7    Waymo objects to each request, and to the Definitions and Instructions, to the extent that

8  they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure,

9  the Local Rules of the United States District Court for the Northern District of California, and the

10  Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before

11  Judge William Alsup ("the Supplemental Order").

12    Waymo objects to each request to the extent that it seeks information protected by the

13  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

14  from discovery.

15    Waymo objects to each request to the extent that they are compound, complex and contain

16  multiple subparts.

17    Waymo objects to each request to the extent that they seek confidential or proprietary

18  information, including without limitation, confidential business information, proprietary and/or

19  competitively sensitive information, or trade secrets.  Subject to its other General Objections, and

20  to any specific objections set forth below, Waymo will only provide relevant information in a

21  manner consistent with the Protective Order entered by the Court in this matter.

22    Waymo objects to each interrogatory to the extent that they seek information that Waymo

23  is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

24    Waymo objects to each request to the extent that it calls for information that is publicly

25  available and therefore as accessible to Defendants as to Waymo.

26    Waymo objects to each request to the extent that it is overbroad and not proportional to the

27  needs of the case, considering the importance of the issues at stake in the action, the amount in

28  controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo objects to each request to the extent that they require Waymo to provide documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.

Waymo objects to each request to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

Waymo objects to each request to the extent that it seeks information that does not already exist, or that is not in Waymo's possession, custody, or control.

Waymo objects to each request to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

Waymo objects to each and every request to the extent that they call for a legal conclusion.

Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons under the owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment. Waymo applies these terms to mean Google's self-driving project, from its inception in 2009 through the present.

Waymo objects to the definitions of "Uber", "Ottomotto," and "Otto Trucking" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives," etc. of each entity.

Waymo objects to Instruction No. 3 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for production in a form beyond that required by the Supplemental Order.

1    Waymo objects to Instruction No. 5 as irrelevant, overbroad, unduly burdensome, and not
2    proportional to the needs of the case to the extent it calls for "[a]ll drafts of a responsive
3    document."

4    Waymo objects to Instruction No. 6 as irrelevant, overbroad, unduly burdensome, and not
5    proportional to the needs of the case to the extent that it calls for the "file folder or other container
6    in which a Document is kept."

7    Waymo objects to Instruction No. 10 as overbroad, unduly burdensome, vague, and
8    ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in
9    this judicial district."

10    Waymo objects to Instruction No. 11 to the extent it calls for Waymo to search for
11    documents beyond what is available to Waymo at present from a reasonable search of its own files
12    likely to contain relevant or responsive documents.  Waymo will produce English translations
13    where applicable as located through a reasonably diligent search.

14    Waymo objects to Instruction No. 12 to the extent that it calls for Waymo to conclude that
15    Waymo has no responsive documents in Waymo's possession, custody, or control.  If Waymo is
16    unable to locate responsive documents through a reasonably diligent search, Waymo will so state.

17    Waymo's responses are not to be construed as an admission that any of the requested
18    information exists, that any information is admissible, relevant or proportional to the needs of the
19    case, or that any contention or assumption contained in the requests, whether implicit or explicit,
20    is correct.

21    Waymo responds to these requests based upon its current understanding and reserves the
22    right to supplement its responses at a later time.

23    Waymo incorporates by reference its General Objections in each of the specific responses
24    set forth below.

25    **<u>SPECIFIC OBJECTIONS AND RESPONSES</u>**

26    Waymo objects and responds as follows to Defendants' document requests:

27

28

1   **REQUEST FOR PRODUCTION NO. 167:**

2        All Documents and Communications relating to Your efforts to explore, enter, or

3   otherwise participate in the market for ride-sharing or transportation as a service (TaaS), whether

4   on Your own or through a partnership, joint venture, or other business relationship with another

5   company including but not limited to: (1) the application of self-driving vehicles or self-driving

6   technology to ride-sharing or TaaS; (2) Your timing and reasons for engaging in such efforts; (3)

7   any analyses or discussions of the ride-sharing or TaaS market; (4) any analyses or discussions of

8   actual or potential competition between Defendants, on one hand, and Waymo, Google, Inc.,

9   Alphabet, Inc., or any of their affiliates, on the other hand, in the market for ride-sharing or TaaS;

10  and (5) all Communications to, from, with, or involving David Drummond relating to Your efforts

11  to explore, enter, or otherwise participate in the market for ride-sharing or TaaS.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

14       Waymo objects to this request as unduly broad, burdensome, and compound, seeking to

15  cover in a single RFP the entirety of Waymo's business affairs in the TaaS space. Waymo objects

16  to this request to the extent it defines "Waymo" beyond the self-driving program from 2009

17  through the present. Waymo objects to this request to the extent that it seeks information

18  protected by the attorney-client privilege or the work product doctrine or that is otherwise

19  privileged or protected from discovery, including but not limited to communications involving Mr.

20  Drummond.

21       Waymo has already produced the documents that would be produced in response to this

22  request in response to previous requests, including but not limited to RFP Nos. 93, 96, and 97, and

23  will further produce documents in accord with the Court's order (Dkt. 1051). Waymo will

24  additionally produce all communications involving Mr. Drummond relating to Waymo's efforts to

25  explore, enter, or otherwise participate in the market for ride-sharing or TaaS, as located through a

26  reasonably diligent search of Mr. Drummond's custodial email data.

27

28

1   **REQUEST FOR PRODUCTION NO. 168**:

2       All Communications to, from, with, or involving David Drummond relating to ride-sharing

3   or TaaS, self-driving vehicles or self-driving technology, Defendants, Anthony Levandowski, or

4   this Action.

5

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 168**:

7       Waymo objects to this request to the extent that it seeks information protected by the

8   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

9   from discovery, including but not limited to communications involving this Action.

10      Waymo will produce all communications involving Mr. Drummond relating to ride-

11  sharing or TaaS, self-driving vehicles or self-driving technology, Mr. Levandowski, and this

12  Action, as located through a reasonably diligent search.  To the extent those communications

13  relate to Defendants, Waymo will produce those communications as well, but Waymo will not

14  generally search for all communications relating to Defendants in any way.

15

16  **REQUEST FOR PRODUCTION NO. 169**:

17      All Documents and Communications relating to Your decision to purchase shares or

18  otherwise invest in Uber, including but not limited to: (1) all Documents concerning Your

19  motivation for such purchases or investments; and (2) any discussion or analysis of those

20  purchases or investments.

21

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 169**:

23      Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs

24  of the case, particularly given that Google invested in Uber in August 2013, more than a year

25  before Uber announced its interest in developing or using self-driving car technology.

26      Waymo will produce all documents concerning Google's analysis of its ongoing

27  investment in Uber to the extent that that analysis discusses or analyzes Uber's self-driving car

28  technology, as located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 170:**

All Documents and Communications relating to any transaction contemplated, anticipated, initiated, or completed by Waymo (including but not limited to any acquisition, merger, joint ventures, partnerships, or investment) that was motivated primarily or in part by the acquiring, hiring, or recruitment of talent or employees in conjunction with such transaction, including but not limited to: any acquisition which can be or has been characterized as an "acqui-hire," and any transaction with a company or companies that had yet to commercialize any of its products or tangible assets, including intellectual property. This request includes but is not limited to all Documents and Communications relating to Waymo's due diligence processes for any such transaction and compensation, bonuses or equity provided or contemplated in conjunction with any such transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Waymo objects to this request as overbroad, irrelevant, and not proportional to the needs of the case to the extent it seeks information concerning acquisitions by Google or Alphabet unrelated to the self-driving car business.  Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will produce all documents relating to Waymo's acquisitions in the self-driving space, including Waymo's due diligence into those acquisitions and related compensation, bonuses, or equity, as located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 171:**

Documents sufficient to show the timing, character, nature, claims, parties, purpose, and resolution (including but not limited to any damages, equitable relief, or settlement negotiations) of all legal action(s) (including but not limited to demand letters, arbitrations, mediations, or lawsuits) taken by Waymo against any former employee(s) or any subsequent employer(s) of such former employee(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Waymo objects to this request to the extent it seeks information relating to Google or Alphabet's claims against former employees or their subsequent employers unrelated to the self-driving car space.  Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Waymo further objects to this request as irrelevant because any responsive information would not make any fact of consequence more or less likely.  The Court has already ruled that Google's common-defense agreements unrelated to this Action are not relevant.  Similarly, Google's and Waymo's actions taken against former employees are not relevant.

Waymo will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 172:**

Documents sufficient to show Waymo's due diligence efforts for any transaction contemplated, anticipated, initiated, or completed by Waymo (including but not limited to any acquisitions, mergers, joint ventures, partnerships, or investments) from 2007 to the present, including: (1) the processes, procedures, and protocols established for such due diligence efforts (including but not limited to those related to intellectual property); (2) the processes, procedures, and protocols followed or implemented during such due diligence efforts (including but not limited to those related to intellectual property); (3) the processes, procedures, protocols, and/or operating procedures applicable to such due diligence efforts related to intellectual property; and (4) the employment or retention of attorneys, consultants, or vendors in connection with any such due diligence efforts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

Waymo objects to this request as overbroad, irrelevant, and not proportional to the needs of the case to the extent it seeks information concerning transactions by Google or Alphabet unrelated to the self-driving car business.  Waymo objects to this request to the extent that it seeks

1  information protected by the attorney-client privilege or the work product doctrine or that is

2  otherwise privileged or protected from discovery.  Waymo further objects to this request as

3  irrelevant to the extent it seeks information that would not make any fact of consequence more or

4  less likely.  The Court has already ruled that Google's common-defense agreements unrelated to

5  this Action are not relevant.  Similarly, Google's and Waymo's due diligence into transactions

6  unrelated to this Action are not relevant for purposes of comparing Google's and Waymo's due

7  diligence to Uber's.

8         Waymo will produce all documents relating to Waymo's acquisitions in the self-driving

9  space, including Waymo's due diligence into those acquisitions, as located through a reasonably

10  diligent search.

11

12  **REQUEST FOR PRODUCTION NO. 173:**

13         All Documents and Communications relating to any efforts, contracts, or agreements to

14  maintain the confidentiality of or otherwise prevent the public disclosure of any aspect of any

15  transaction contemplated, anticipated, initiated, or completed by Waymo (including but not

16  limited to any acquisitions, mergers, joint ventures, partnerships, or investments), including any

17  such efforts, contracts or agreements relating to due diligence for such transactions from 2007 to

18  the present.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

21         Waymo objects to this request as overbroad, irrelevant, and not proportional to the needs

22  of the case to the extent it seeks information concerning transactions by Google or Alphabet

23  unrelated to the self-driving car business.  Waymo objects to this request to the extent that it seeks

24  information protected by the attorney-client privilege or the work product doctrine or that is

25  otherwise privileged or protected from discovery.  Waymo further objects to this request as

26  irrelevant because any responsive information would not make any fact of consequence more or

27  less likely.

28         Waymo will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 174:**

All Documents and Communications relating to any efforts taken by Waymo to prohibit, sequester, or otherwise prevent confidential, proprietary, or trade secret information of any other company or entity from entering Waymo from 2007 to the present, including but not limited to any investigations to identify such information and any forensic analysis efforts. This request includes but is not limited to all Documents and Communications relating to any such efforts You took in connection with due diligence, or acquiring, merging or investing in any company or entity, or in the course of hiring, recruiting, or onboarding any employee(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

Waymo objects to this request as overbroad, irrelevant, and not proportional to the needs of the case to the extent it seeks information concerning confidential, proprietary, or trade secret information unrelated to the self-driving car business.  Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Waymo further objects to this request as irrelevant because Waymo's efforts to prevent improper entry of proprietary information into Waymo has no bearing on whether Uber misappropriated Waymo's trade secrets.  Uber previously asked Waymo to produce Google common-defense agreements to cast light on Uber's common-defense agreement in this action, and the Court ruled that Google's common-defense agreements unrelated to this Action are not relevant.  Similarly, Google's and Waymo's efforts to prohibit wrongful entry of confidential information are not relevant to Uber's efforts to prevent such wrongful entry.

Waymo has already produced Google-wide policies and communications prohibiting Google employees from bringing trade secret or proprietary information into Google.  Waymo will not produce additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 175:**

All Documents and Communications relating to any instance where confidential, proprietary, or trade secret information owned by any other company or entity has entered Waymo or come into Waymo's possession.  This request includes but is not limited to all Documents and Communications relating to any such instances that came to Waymo's attention in connection with due diligence, or acquiring, merging or investing in any company or entity, or in the course of hiring, recruiting, or onboarding any employee(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

Waymo objects to this request as overbroad, irrelevant, and not proportional to the needs of the case to the extent it seeks information concerning confidential, proprietary, or trade secret information unrelated to the self-driving car business.  Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Waymo further objects to this request as irrelevant because Waymo's efforts to prevent improper entry of proprietary information into Waymo has no bearing on whether Uber misappropriated Waymo's trade secrets.  Uber previously asked Waymo to produce Google common-defense agreements to cast light of Uber's common-defense agreement in this action, and the Court ruled that Google's common-defense agreements unrelated to this Action are not relevant.  Similarly, Waymo's treatment of any proprietary or trade secret information that entered Waymo or came into Waymo's possession is not relevant.

Waymo has already produced Google-wide policies and communications prohibiting Google employees from bringing trade secret or proprietary information into Google.  Waymo will not produce additional documents responsive to this request.

1    DATED:  August 2, 2017                    QUINN EMANUEL URQUHART & SULLIVAN,
                                               LLP
2
                                               By  /s/ Charles K. Verhoeven
3                                                  Charles K. Verhoeven
                                                   Attorneys for WAYMO LLC
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPENDIX**

**Information On Document Collection and
Production Under Supplement Order ¶ 13**

Waymo further provides information on its collection efforts under Paragraph 13 of the Supplemental Order.   As of August 2, 2017, Waymo has searched the following sources of information in response to Defendants' requests for production:

- Waymo custodial document repositories (e.g., email repositories, Google Docs, locally stored electronic documents)

- Waymo non-custodial document repositories (e.g., Drive folders used by various teams at Waymo, personnel files, Google personnel files including policy documents, codes of conduct, employee handbooks, and employment and confidentiality agreements

- Sources listed in Waymo's search list provided July 3, 2017

As of August 2, 2017, the following individuals employed by Waymo or Google have searched for documents in response to Defendants' requests for production:

- Raquel Small-Weikert (Paralegal) – general search responsibility

- Christine Lok (Paralegal) – general search responsibility

- Suzie Gonzalez-Pender (Paralegal) - general search responsibility

- Toni Baker (Discovery Staff Attorney) – general search responsibility

- Meghan Landrum (Senior Counsel, Discovery) – general search responsibility

- Margo Maddux (Patent Agent) – search responsibility relating to patent-related documentation

- Michael Lin (People Coordinator) – search responsibility relating to employment documentation and electronic device recovery

- Joanne Chin (Head of People Operations) – search responsibility relating to employment documentation and electronic device recovery

- Jack Brown (Waymo, CAD Data and PLM Program Manager) – search responsibility relating to Waymo secure server access and activity

- Pierre Yves-Droz (Waymo, Principal Hardware Engineer) – search responsibility relating to documents relating to LiDAR development

- Caroline Manchot (Director of Compensation) – search responsibility relating to documents relating to the bonus plan

- Ron Medford (Waymo, Director of Safety) – search responsibility relating to documents submitted to or discussed with a public entity

- Matt Salwasser (Waymo, Product Manager) – search responsibility relating to documents submitted to or discussed with a public entity

- Gary Brown (Security Engineer, Forensics) – search responsibility relating to forensic investigations and network/server/device activity detection, log data

- Kristinn Gudjonsson (Security Engineer, Forensics) – search responsibility relating to forensic investigations and network/server/device activity detection

- Sasha Zbrozek (Hardware Engineer) - search responsibility relating to download activity of Waymo personnel

- Raghav Kohli (Commercial Counsel) – search responsibility relating to Lyft, M&A documents

- Laurens Feenstra (Product Manager) – search responsibility relating to Lyft

- Min Li Chan (Product Manager) – search responsibility relating to Lyft

- Michael Epstein (Product Manager) – search responsibility relating to "Entering the Taas Market" document

- Gerard Dwyer (Finance Director) – search responsibility for documents concerning Waymo finances

- Andrew Chatham (Software Engineer) – search responsibility for documents for documents concerning market plans

- Annie Wang (Finance Team) - search responsibility for documents concerning Waymo finances

- Andrew Price (Ethics and Compliance Counsel) - search responsibility relating to side businesses

- Amar Mehta (Corporate Counsel) – search responsibility relating to M&A documents

- Jolie Sorge (Head of HR, Google X) – search responsibility relating to documents concerning human relations and personnel

- Meiling Tan (Head of Marketing, Waymo) – search responsibility relating to marketing documents