# EXHIBIT 2

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S SIXTH SET OF REQUESTS FOR PRODUCTION (NO. 176-181)**<br><br>Trial Date: October 10, 2017 |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Defendants") request that Plaintiff Waymo LLC respond to Defendants' Fifth Set of Requests for Production of Documents (the "Requests"). Defendants request that Waymo produce for inspection and copying the documents and things set forth below at the offices of Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105-2482, within thirty (30) days, or such other time as the parties agree or the Court orders.

**DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any interrogatory.

The following definitions apply to the instructions and interrogatories below, regardless of whether upper or lower case letters are used for the defined terms, and are incorporated into each instruction and interrogatory as if fully set forth therein:

1. "Action" and "this Action" shall mean *Waymo LLC vs. Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA, pending in the United States District Court for the Northern District of California.

2. "Communication" shall mean any transmission of information by any means, including without limitation: (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, voicemail, or any other means; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal.

3. "Concerning, "Concern," "Relating to," "Relate to," and "Related to," and any variation of these terms, shall mean concerning, relating to, involving, discussing, regarding, pertaining to, mentioning, commenting on, connected with, describing, depicting, demonstrating, analyzing, explaining, summarizing, showing, evidencing, reflecting, identifying, setting forth,

dealing with, embodying, comprising, consisting of, containing, constituting, supporting, refuting, contradicting, resulting from, recording, or in any way relevant to a particular subject, directly or indirectly, in whole or in part.

4. "Defendants" shall mean Uber Technologies, Inc. ("Uber") and Ottomotto LLC ("Otto") and Otto Trucking LLC.

5. "Document" or "Documents" shall have the broadest meaning possible under Rules 26 and 34 of the Federal Rules and shall include without limitation: documents; ESI; Communications in written, electronic, and recorded form; and tangible things.

6. "Include" and "Including" shall mean including without limitation.

7. "Ottomotto" shall mean Ottomotto LLC, and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Ottomotto LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

8. "Otto Trucking" shall mean Otto Trucking LLC, and any predecessor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Otto Trucking LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

9. "Person" or "Persons" shall mean any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

10. "Uber" shall mean Uber Technologies, Inc., and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Uber Technologies, Inc. holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

11. “Waymo,” “Plaintiff,” “You,” and “Your” shall mean collectively and individually: Waymo LLC (previously Project Chauffeur), Google Inc., and Alphabet Inc.; their parents, predecessors, successors, assigns, affiliates, direct and indirect subsidiaries, and partners; any joint venture in which Waymo LLC, Google Inc., and/or Alphabet Inc. hold an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

12. “Side Business” shall mean any personal side project or business in which a Google Inc. or Alphabet Inc. employee participates while employed at Google or Alphabet, including but not limited to Zee.Aero, Kitty Hawk, Udacity and Tiramisu.

## INSTRUCTIONS

1. You must respond to these requests for Documents in accordance and compliance with the Federal Rules, the Local Rules, any relevant order entered in this Action, and the Default Standard for Discovery in this judicial district or other superseding agreements between the parties related to discovery.

2. In accordance with the applicable Federal Rules, the requests below seek the production of all responsive Documents in Your possession, custody, or control.

3. All documents shall be produced in the following form:

(i). Single-page group IV TIFFs in at least 300 dpi for black and white images, or .JPG for images produced in color;

(ii). Searchable text files at the document level (one text file for each document, rather than one text file for each page of a document) for each document bearing the name of the beginning production number for each document (text of native files to be extracted directly from native files where possible; OCR for paper documents);

(iii). Database load files and cross reference files, e.g., Concordance default delimited file (metadata) and an Opticon-delimited file (image reference files), and including the following fields (to the extent the metadata is available): Beg Bates No., End Bates No., Bates Range, Bates Parentid, Attach Begin, Attach End, Page Count, From/Author, To/Recipient(s),

CC, Bcc, Email Date Sent, Email Time Sent, Email Date Received, Email Time Received, Email Subject, Custodian, File Name, Document Created Date, Document Last Modified Date, Document Last Accessed Date, File Type, Location/Source, Text Link (path to text), Native Link (path to native file); and

(iv). MS Excel, MS Powerpoint, MS Access, and comparable spreadsheet, presentation, and database files, and audio and video files, shall be produced in native format to the extent they do not include privileged redactions. A party may make a reasonable request to receive additional document in its native format, and upon receiving such a request, the producing party shall produce the document in its native format.

4. All Documents are to be produced as kept in the usual course of business, or as organized and labeled to correspond to the specific requests set forth below, or as otherwise agreed in writing between You and Defendants.

5. All drafts of a responsive Document must be produced, as well as all non-identical copies of the Document. Any comment, notation, or other marking shall be sufficient to distinguish Documents that are otherwise similar in appearance and to make them separate Documents for purposes of Your response. Any preliminary form, intermediate form, superseded version, or amendment of any Document is to be considered a separate Document.

6. The file folder or other container in which a Document is kept is deemed to be an integral part of the Document and shall be produced with the Document.

7. Each paragraph and subparagraph of these instructions and the requests for production, as well as the definitions herein, shall be construed independently, and no paragraph or subparagraph or definition shall limit the scope of any other.

8. If You object to any Document request or any part of a Document request, identify the part to which You object, state the objection(s) with specificity, and provide a response to the remaining unobjectionable part.

9. If You object to all or any part of a Document request, the objection must state whether any responsive Documents are being withheld on the basis of that objection.

10. If You withhold any Document based on a claim of privilege, immunity, or

protection from disclosure, You must provide a statement of the claim in accordance with Rule 26(b)(5) of the Federal Rules, and as required by Provision 1(d) of the Default Standard for Discovery in this judicial district or as otherwise agreed by the parties. Such statement should explain and substantiate the claim so as to permit adjudication of the claim's propriety.

11. If a Document is in a language other than English, and an English translation exists, provide both the original and the English translation.

12. If You have no Documents in Your possession, custody, or control that are responsive to a particular Document request, please so state.

13. The requests, definitions, and instructions herein are propounded for the purpose of discovery and are not to be taken as a waiver of or prejudice to any objections that may be made at any hearing or trial in this Action to the introduction of any evidence relating to Documents responsive to these requests or as an admission of the authenticity, relevance, or materiality of Documents responsive to these requests.

14. These requests shall be deemed to be continuing in accordance with Rule 26(e) of the Federal Rules, so that You are required to supplement Your response and production if You come into the possession, custody, or control of additional responsive Documents between the time of initial production and the time of trial.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 176:**

Documents regarding the negotiations of the valuation of Project Chauffeur, including the actual valuations and dates of those valuations (including any valuations in connection with the transaction that was discussed with Ford).

**REQUEST FOR PRODUCTION NO. 177:**

Documents regarding Google's internal communications on what the valuation should be for Project Chauffeur, for each occasion that Google has valued Project Chauffeur for the purpose of paying bonuses.

**<u>REQUEST FOR PRODUCTION NO. 178</u>:**

Documents showing the amounts of each of the bonuses paid to the Project Founders of Project Chauffeur, or other Participants in the Project Chauffeur Bonus Program, and the dates those bonuses were paid.

**<u>REQUEST FOR PRODUCTION NO. 179</u>:**

Documents regarding the sharing of confidential Google information with Zee.Aero, KittyHawk, Kairos Air, or any other Side Businesses, including what specifically was shared and when, and any non-disclosure agreement that may have been signed by either of those companies in connection with such sharing.

**<u>REQUEST FOR PRODUCTION NO. 180</u>:**

All documents pertaining to approval for Larry Page, Sebastian Thrun, Anthony Levandowski, or any other Project Chauffeur employee to work on Tiramisu, Zee.Aero, KittyHawk, or Kairos Air.

**<u>REQUEST FOR PRODUCTION NO. 181</u>:**

Documents regarding the negotiations, calculations, and determinations of all valuations of Waymo, including the actual valuations and dates of those valuations.

Dated: July 17, 2017

MORRISON & FOERSTER LLP

By: *Arturo J. González*
ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC. AND
OTTOMOTTO LLC