# Exhibit 2

MILES EHRLICH (Bar No. 237954)
miles@ramsey-ehrlich.com
ISMAIL RAMSEY (Bar No. 189820)
izzy@ramsey-ehrlich.com
AMY CRAIG (Bar No. 269339)
amy@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>                    Defendants. | Case No.: 3:17-cv-00939-WHA<br><br>**NON-PARTY ANTHONY LEVANDOWSKI'S OBJECTIONS AND RESPONSES TO WAYMO'S JUNE 23, 2017 SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

Under Rule 45 of the Federal Rules of Civil Procedure, Anthony Levandowski, a non-party to this lawsuit, hereby provides the following objections and responses to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") directed to Anthony Levandowski served by Plaintiff Waymo LLC ("Waymo"), dated June 23, 2017.

## I.    PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Mr. Levandowski specifically incorporates each of the following general objections into his responses to each of Waymo's document requests and topics for testimony, whether or not each such general objection is expressly referred to in Mr. Levandowski's response to a specific

1

NON-PARTY ANTHONY LEVANDOWSKI'S OBJECTIONS AND RESPONSES TO WAYMO'S JUNE 23, 2017
SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER (DKT. NO. XXX)

request or topic.  An agreement to produce responsive documents in the responses below means only that Mr. Levandowski will produce non-privileged documents within his custody or control that he identifies after a reasonable search and diligent inquiry, and is not a representation that any such responsive documents exist.

1.     Mr. Levandowski objects to the Subpoenas as overbroad and burdensome in that they fail to place any temporal limitation on the scope of the documents requested save requests Nos. 3 and 31.

2.     Mr. Levandowski objects to any request to the extent that it is vague, overbroad, unduly burdensome, or oppressive, or to the extent it purports to impose upon Mr. Levandowski any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure or the Local Rules.  The 2015 amendments to the Federal Rules of Civil Procedure impose strict new limits on discovery, and now obligate the "court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  The Federal Rules now limit the scope of discovery to that which is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  Mr. Levandowski will not comply with any attempt to impose obligations not required by those Rules.

3.     Mr. Levandowski objects to any request to the extent it seeks information and documents protected from discovery under the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  The inadvertent production by Mr. Levandowski of any information protected from disclosure by any privilege or doctrine shall *not* constitute a waiver by Mr. Levandowski of such protections.  Mr. Levandowski expressly reserves the right to demand the return and/or

destruction of any and all such privilege or protected documents or information inadvertently produced by Mr. Levandowski in this action.

4.      Mr. Levandowski objects to any instruction or request to the extent that it would impose a duty on Mr. Levandowski to undertake a search for, or an evaluation of, information, documents, or things for which Waymo is equally able to search for and evaluate, including documents that are publicly available, in the possession of parties to this litigation, and/or are already in the possession of Waymo.

5.      Mr. Levandowski objects to any request to the extent it seeks information and documents outside of Mr. Levandowski's possession, custody, or control. Mr. Levandowski further objects to the Subpoenas to the extent they purport to require production of any materials that are within the possession, custody, or control of Mr. Levandowski's former employer—Uber, or other Uber personnel. Documents possessed by another entity or person are not within the possession, custody, or control of Mr. Levandowski.

6.      Mr. Levandowski objects to any request that seeks confidential and/or proprietary information, as well as material impinging on the privacy interests of Mr. Levandowski. Mr. Levandowski will produce documents containing such information only subject to the terms of an appropriate protective order pursuant to Fed. R. Civ. P. 26(c).

7.      Mr. Levandowski objects to any request that seeks material protected from disclosure by Mr. Levandowski's Fifth Amendment privilege. The requests for documents here are so broad as to constitute a fishing expedition and would require Mr. Levandowski to make testimonial acts of production to make a document-by-document response. *See, e.g., United States v. Hubbell*, 530 U.S. 27 (2000).

8.      Mr. Levandowski objects to any request that seeks information that is subject to confidentiality or non-disclosure agreements with third parties. This includes, most importantly, confidentiality and non-disclosure agreements between Mr. Levandowski and his former employer, Uber. Mr. Levandowski will produce such information (1) only to the extent that he is permitted to do so under his agreements, (2) only after those third parties receive appropriate notice and are provided with a reasonable opportunity to raise objections, and (3) only after the

3

Court resolves any such third-party objections.  Further, Mr. Levandowski will produce such information only subject to an appropriate protective order under Fed. R. Civ. P.26(c).

9.      Mr. Levandowski objects to each request and instruction to the extent that the information requested is in the possession of and/or is equally available from Plaintiff Waymo, individually and on behalf of all others similarly situated.  It is a matter of well-settled law that a party should first obtain discovery from its opponent before burdening a non-party with discovery requests.  *See, e.g.*, *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (holding that a district court can properly require a party to seek discovery from its party opponent before burdening a non-party with a subpoena); *Medcorp, Inc. v. Pinpoint Technologies, Inc.*, No. 08-CV-00867, 2009 WL 2194036, at *4 (D. Colo. July 14, 2009) ("With respect to discovery issued to non-parties, a party seeking discovery must satisfy a burden of proof heavier than the ordinary burden imposed by Rule 26 relating to discovery on any matter relevant to the subject matter involved in the pending action . . . When, as here, discovery identified in the subpoena duces tecum is sought from non-parties, the status of a person as a non-party is a factor of which weighs against disclosure.  Given the short period of time in which third-parties have to respond to such subpoenas, particularly when compared to parties to litigation, this level of discovery is not appropriate.").

10.     Mr. Levandowski objects to any request that seeks "any" or "all" documents relating to the subject matter of the request as overly broad, unduly burdensome, and oppressive when documents sufficient to show the requested information would satisfy any reasonable discovery need of Defendant.

11.     Mr. Levandowski objects to each request and instruction to the extent that it is vague, ambiguous, and unclear.

12.     Mr. Levandowski objects to each request to the extent it requires disclosure from which Mr. Levandowski is entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden and expense.

4

13.     Mr. Levandowski objects to each request and instruction to the extent they call for legal conclusions in order to provide a response and/or produce documents or information.

14.     Mr. Levandowski objects to each paragraph of the section labeled "Definitions" and to each and every request to the extent they purport to give meaning or legal significance to a document, fact, or purported fact whose meaning or significance is subject to dispute between the parties.  Mr. Levandowski further objects to Waymo's "Definitions" to the extent they (1) render any request vague, overbroad, or unduly burdensome; (2) seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; or (3) impose obligations or demands on Mr. Levandowski beyond those contemplated by the Federal Rules of Civil Procedure and the applicable Local Rules.  Mr. Levandowski's responses to each of Waymo's requests shall not constitute an admission or concession to any of the definitions, terms, phrases, assertions, characterizations, or implications contained therein.

15.     No agreement by Mr. Levandowski to provide information in response to a request shall be construed as a waiver of Mr. Levandowski's right to object to the use of that information during trial or any other proceeding in this or any other action.

16.     Mr. Levandowski objects to each paragraph of the section labeled "Instructions" to the extent the instructions (1) render any request vague, overbroad, or unduly burdensome; (2) seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; or (3) impose obligations and demands on Mr. Levandowski beyond those contemplated by the Federal Rules of Civil Procedure and the applicable Local Rules.  Mr. Levandowski will not comply with any attempt to impose obligations not required by those rules.

17.     Mr. Levandowski reserves the right to assert additional objections to Waymo's requests, as appropriate.

## II.     SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

All DOCUMENTS and COMMUNICATIONS REGARDING ODIN WAVE and/or TYTO before May 5, 2016.

**RESPONSE TO REQUEST NO. 1:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to the subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks confidential and/or proprietary information.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 2:**

All DOCUMENTS and COMMUNICATIONS REGARDING APPARATE INTERNATIONAL.

**RESPONSE TO REQUEST NO. 2:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or

6

doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski objects to this request to the extent that it seeks confidential and/or proprietary information.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 3:**

All DOCUMENTS and COMMUNICATIONS REGARDING UBER before August 23, 2016.

**RESPONSE TO REQUEST NO. 3:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information.

Subject to and without waiving his objections, Mr. Levandowski responds as follows: After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 4:**

All DOCUMENTS and COMMUNICATIONS REGARDING POUCH HOLDINGS.

**RESPONSE TO REQUEST NO. 4:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to

7

discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

NON-PARTY ANTHONY LEVANDOWSKI'S OBJECTIONS AND RESPONSES TO WAYMO'S JUNE 23, 2017
SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER (DKT. NO. XXX)

**REQUEST NO. 5:**

All DOCUMENTS and COMMUNICATIONS REGARDING DOGWOOD LEASING.

**RESPONSE TO REQUEST NO. 5:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response. Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition. Mr. Levandowski further objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski also objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 6:**

All DOCUMENTS and COMMUNICATIONS REGARDING SANDSTONE.

**RESPONSE TO REQUEST NO. 6:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response. Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition. Mr. Levandowski further objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski also objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.

9

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 7:**

All DOCUMENTS REGARDING the formation of OTTOMOTTO, including, without limitation, business formation documents, business plans, and solicitations of investment capital.

**RESPONSE TO REQUEST NO. 7:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 8:**

All DOCUMENTS REGARDING the formation of OTTO TRUCKING, including, without limitation, business formation documents, business plans, and solicitations of investment capital.

**RESPONSE TO REQUEST NO. 8:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery

10

under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 9:**

All COMMUNICATIONS with Brian McClendon.

**RESPONSE TO REQUEST NO. 9:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 10:**

All COMMUNICATIONS with Travis Kalanick.

**RESPONSE TO REQUEST NO. 10:**

Mr. Levandowski incorporates his General Objections above as though set forth in this

11

response.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 11:**

All COMMUNICATIONS with John Bares.

**RESPONSE TO REQUEST NO. 11:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged,

NON-PARTY ANTHONY LEVANDOWSKI'S OBJECTIONS AND RESPONSES TO WAYMO'S JUNE 23, 2017
SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER (DKT. NO. XXX)

responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 12:**

All COMMUNICATIONS with Cameron Poetzscher.

**RESPONSE TO REQUEST NO. 12:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 13:**

All COMMUNICATIONS with Nina Qi.

**RESPONSE TO REQUEST NO. 13:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the

13

extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 14:**

All COMMUNICATIONS with STROZ.

**RESPONSE TO REQUEST NO. 14:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response. Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine. Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 15:**

All COMMUNICATIONS with any PERSON REGARDING STROZ.

**RESPONSE TO REQUEST NO. 15:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response. Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition. Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-

product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 16:**

All DOCUMENTS and COMMUNICATIONS REGARDING the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST NO. 16:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 17:**

All COMMUNICATIONS with Lior Ron REGARDING WAYMO, GOOGLE, or LiDAR.

**RESPONSE TO REQUEST NO. 17:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense

15

doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 18:**

All COMMUNICATIONS with Lior Ron before August 18 REGARDING UBER.

**RESPONSE TO REQUEST NO. 18:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request as it does not include a year to limit the scope of the request.  Mr. Levandowski further objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 19:**

16

All COMMUNICATIONS with Colin Sebern REGARDING WAYMO, GOOGLE, or LiDAR.

**RESPONSE TO REQUEST NO. 19:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 20:**

All COMMUNICATIONS with Don Burnette REGARDING WAYMO, GOOGLE, or LiDAR.

**RESPONSE TO REQUEST NO. 20:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that

17

it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 21:**

All COMMUNICATIONS with Soren Juelsgaard REGARDING WAYMO, GOOGLE, or LiDAR.

**RESPONSE TO REQUEST NO. 21:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 22:**

All COMMUNICATIONS with Ognen Stojanovski REGARDING WAYMO, GOOGLE, or LiDAR.

**RESPONSE TO REQUEST NO. 22:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 23:**

All agreements with any DEFENDANT.

**RESPONSE TO REQUEST NO. 23:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

19

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 24:**

All agreements with SANDSTONE.

**RESPONSE TO REQUEST NO. 24:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.   Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 25:**

All agreements with APPARATE INTERNATIONAL.

**RESPONSE TO REQUEST NO. 25:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.   Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery

20

under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 26:**

All agreements with POUCH HOLDINGS.

**RESPONSE TO REQUEST NO. 26:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.   Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

21

**REQUEST NO. 27:**

All agreements with DOGWOOD LEASING.

**RESPONSE TO REQUEST NO. 27:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.   Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or  the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 28:**

All agreements with Lior Ron.

**RESPONSE TO REQUEST NO. 28:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.   Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly

22

burdensome, in that it contains no limitations as to time or  the subject matter of this litigation.

Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or

proprietary information and/or documents that are protected by privacy rights under the United

States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged,

responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 29:**

All agreements with John Gardner.

**RESPONSE TO REQUEST NO. 29:**

Mr. Levandowski incorporates his General Objections above as though set forth in this

response.  Mr. Levandowski objects to this request because it is not calculated to lead to

discoverable material, and constitutes an improper fishing expedition. Mr. Gardner is Mr.

Levandowski's personal attorney.  Mr. Levandowski objects to this request to the extent it seeks

information and documents protected from discovery under Mr. Levandowski's attorney-client

privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any

other applicable privilege or doctrine.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged,

responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 30:**

All agreements with Ognen Stojanovski.

**RESPONSE TO REQUEST NO. 30:**

Mr. Levandowski incorporates his General Objections above as though set forth in this

response.  Mr. Levandowski objects to this request because it is not calculated to lead to

discoverable material, and constitutes an improper fishing expedition.  Mr. Stojanovski is an

attorney.  Mr. Levandowski objects to this request to the extent it seeks information and

documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 31:**

All DOCUMENTS or COMMUNICATIONS after January 27, 2016 REGARDING WAYMO's LiDAR.

**RESPONSE TO REQUEST NO. 31:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

**REQUEST NO. 32:**

All COMMUNICATIONS with any PERSON REGARDING THIS CASE.

**RESPONSE TO REQUEST NO. 32:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this

24

request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the individual(s) with whom the communications were made.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 33:**

All DOCUMENTS belonging to WAYMO in YOUR possession, custody, or control.

**RESPONSE TO REQUEST NO. 33:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege.

**REQUEST NO. 34:**

All DOCUMENTS belonging to GOOGLE in YOUR possession, custody, or control.

**RESPONSE TO REQUEST NO. 34:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege.

**REQUEST NO. 35:**

All DOCUMENTS and COMMUNICATIONS referring or relating to DOCUMENTS belonging to WAYMO in YOUR possession, custody, or control.

**RESPONSE TO REQUEST NO. 35:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.   Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine;

**REQUEST NO. 36:**

All DOCUMENTS and COMMUNICATIONS referring or relating to DOCUMENTS belonging to GOOGLE in YOUR possession, custody, or control.

**RESPONSE TO REQUEST NO. 36:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.   Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine;

**REQUEST NO. 37:**

All COMMUNICATIONS and DOCUMENTS REGARDING any attempt to conceal, hide, or destroy the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST NO. 37:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.   Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine;

**REQUEST NO. 38:**

All COMMUNICATIONS and DOCUMENTS REGARDING your termination from UBER.

**RESPONSE TO REQUEST NO. 38:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable

26

privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

Dated:  July 7, 2017

Respectfully Submitted,

*/s/ Miles Ehrlich*
Miles Ehrlich
Ismail Ramsey
Amy Craig
Ramsey & Ehrlich LLP
803 Hearst Ave.
Berkeley, CA 94710
Tel:  (510) 548-3600
*Counsel to Anthony Levandowski*