# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| WAYMO LLC <br> *Plaintiff* <br> v. <br> UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:17-cv-00939-WHA |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Anthony Levandowski c/o Ramsey & Erlich LLP, 803 Hearst Ave., Berkeley, CA 94710

*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Quinn Emanuel Urquhart & Sullivan LLP, 50 California St., 22nd Floor, San Francisco, CA 94111 | Date and Time: July 7, 2017 at 12:00 p.m |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 23, 2017

| CLERK OF COURT | OR | *[signature]* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* <br> Charles K. Verhoeven |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Waymo LLC , who issues or requests this subpoena, are:

Charles K. Verhoeven, 50 California Street, 22nd Floor, San Francisco, California 94111; qewaymo@quinnemanuel.com; Tel: (415) 875-6600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO-88B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 0.00 .

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# DEFINITIONS

1. "YOU" or "LEVANDOWSKI" means Anthony Levandowski.

2. "WAYMO" means Waymo LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and WAYMO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by WAYMO, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by WAYMO.

3. "GOOGLE" means Google Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and GOOGLE's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by GOOGLE, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by GOOGLE.

4. "UBER" means Uber Technologies, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and UBER's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by UBER, and all

predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by UBER.

5.     "OTTOMOTTO" means Ottomotto LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and OTTOMOTTO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by OTTOMOTTO, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by OTTOMOTTO.  For the avoidance of doubt, OTTOMOTTO includes all former names under which OTTOMOTTO operated, including without limitation 280 Systems, Inc., 280 Systems, LLC, and Ottomotto, Inc.

6.     "OTTO TRUCKING" means Otto Trucking LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and OTTO TRUCKING's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by OTTO TRUCKING, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by OTTO TRUCKING.

7.     "DEFENDANTS" means UBER and OTTOMOTTO AND OTTO TRUCKING.

8.     "LiDAR" means Light Detection and Ranging.

9.     "ODIN WAVE" means Odin Wave, LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on

behalf of any of the foregoing, and ODIN WAVE's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by ODIN WAVE, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by ODIN WAVE.

10.     "TYTO" means Tyto Lidar LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and TYTO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by TYTO, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by TYTO.

11.     "POUCH HOLDINGS" means Pouch Holdings LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and POUCH HOLDINGS' affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by POUCH HOLDINGS, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by POUCH HOLDINGS.

12.     "DOGWOOD LEASING" means Dogwood Leasing, LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and DOGWOOD LEASING's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in

interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by DOGWOOD LEASING, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by DOGWOOD LEASING.

13. "APPARATE INTERNATIONAL" means Apparate International C.V., and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and APPARATE INTERNATIONAL's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by APPARATE INTERNATIONAL, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by APPARATE INTERNATIONAL.

14. "SANDSTONE" means Sandstone Group, LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and SANDSTONE's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by SANDSTONE, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by SANDSTONE.

15. "STROZ" means Stroz Friedberg, LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and STROZ's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal

entities, whether foreign or domestic, that are owned or controlled by STROZ, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by STROZ.

16. "MISAPPROPRIATED MATERIALS" refers to all GOOGLE and WAYMO DOCUMENTS and materials, whether digital or physical, and regardless of the manner stored, for which LEVANDOWSKI retained possession, without authorization of either GOOGLE or WAYMO, after LEVANDOWSKI's employment with GOOGLE/WAYMO ended.  Without limitation, MISAPPROPRIATED MATERIALS includes at least: (i) each of the more than 14,000 digital files downloaded by LEVANDOWSKI on or about December 11, 2015 from the SVN repository; (ii) each file copied by LEVANDOWSKI from his GOOGLE laptop to an RDF5 USB 3.0 card reader on or about December 14, 2015; (iii) each of the five documents that were exported by LEVANDOWSKI from Google Drive to a personal device on or about January 4, 2016; and (iv) the file exported by LEVANDOWSKI from Google Drive to a personal device on or about January 11, 2016.

17. "THIS CASE" means *Waymo LLC v. Uber Technologies, Inc., Ottomotto, LLC, and Otto Trucking LLC*, No. 3:17-cv-00939-JCS, filed in the Northern District of California.

18. "DOCUMENTS" shall INCLUDE, without limitation, all written, graphic or otherwise recorded material, INCLUDING without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in

writings or upon any mechanical or electrical recording devices, INCLUDING e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, INCLUDING by the addition of handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically INCLUDES information stored in a computer database and capable of being generated in documentary form, such as electronic mail, text messages (i.e., SMS messages), other electronic messages including messages sent or received via Slack, WhatsApp, Google Hangouts, Facebook Messenger, and the like.

19. "COMMUNICATIONS" shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

20. "REGARDING," shall mean relating to, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

21. "INCLUDE" and "INCLUDING" shall mean including without limitation.

22. Use of the singular also INCLUDES the plural and vice-versa.

23. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests for Production.

24. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## INSTRUCTIONS

The following instructions shall apply to each of the Document Requests herein:

1. In answering the following Document Requests, furnish all available information, INCLUDING information in the possession, custody, or control of YOU or any of YOUR attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under YOUR control, who have the best knowledge, not merely information known to YOU based on YOUR own personal knowledge. If you cannot fully respond to the following Document Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Document Request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Document Request cannot be answered fully and completely; and state what knowledge, information or belief YOU has concerning the unanswered portion of any such Document Requests.

2. Electronic records and computerized information must be produced in an intelligible format.

3. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

4. File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

    5.    Documents attached to each other shall not be separated.

    6.    If YOUR response to a particular Document Request is a statement that YOU lack the ability to comply with that Document Request, YOU must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in YOUR possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information or category of information must be identified.

    7.    If YOUR response to a particular Document Request is a statement that the requested documents have been deleted, YOU must state the extent of such deletion and produce all documents bearing on said deletion, destruction, or modification.

    8.    If any DOCUMENT(S) or COMMUNICATION(S) are considered "confidential" by YOU, such DOCUMENT(S) or COMMUNICATION(S) should be produced subject to the terms and provisions of the Northern District of California's Patent Local Rule 2-2 Interim Model Protective Order, available at http://www.cand.uscourts.gov/model-protective-orders.

    9.    YOUR obligation to respond to these Document Requests is continuing and its responses are to be supplemented to INCLUDE subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

**DOCUMENTS TO BE PRODUCED AND INSPECTED**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS REGARDING ODIN WAVE and/or TYTO before May 5, 2016.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS REGARDING APPARATE INTERNATIONAL.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS REGARDING UBER before August 23, 2016.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS REGARDING POUCH HOLDINGS.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS REGARDING DOGWOOD LEASING.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS REGARDING SANDSTONE.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS REGARDING the formation of OTTOMOTTO, including, without limitation, business formation documents, business plans, and solicitations of investment capital.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS REGARDING the formation of OTTO TRUCKING, including, without limitation, business formation documents, business plans, and solicitations of investment capital.

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS with Brian McClendon.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS with Travis Kalanick.

**REQUEST FOR PRODUCTION NO. 11:**

All COMMUNICATIONS with John Bares.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS with Cameron Poetzscher.

**REQUEST FOR PRODUCTION NO. 13:**

All COMMUNICATIONS with Nina Qi.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS with STROZ.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS with any PERSON REGARDING STROZ.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS REGARDING the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS with Lior Ron REGARDING WAYMO, GOOGLE, or LiDAR.

**REQUEST FOR PRODUCTION NO. 18:**

All COMMUNICATIONS with Lior Ron before August 18 REGARDING UBER.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS with Colin Sebern REGARDING WAYMO, GOOGLE, or LiDAR.

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS with Don Burnette REGARDING WAYMO, GOOGLE, or LiDAR.

**REQUEST FOR PRODUCTION NO. 21:**

All COMMUNICATIONS with Soren Juelsgaard REGARDING WAYMO, GOOGLE, or LiDAR.

**REQUEST FOR PRODUCTION NO. 22:**

All COMMUNICATIONS with Ognen Stojanovski REGARDING WAYMO, GOOGLE, or LiDAR.

**REQUEST FOR PRODUCTION NO. 23:**

All agreements with any DEFENDANT.

**REQUEST FOR PRODUCTION NO. 24:**

All agreements with SANDSTONE.

**REQUEST FOR PRODUCTION NO. 25:**

All agreements with APPARATE INTERNATIONAL.

**REQUEST FOR PRODUCTION NO. 26:**

All agreements with POUCH HOLDINGS.

**REQUEST FOR PRODUCTION NO. 27:**

All agreements with DOGWOOD LEASING.

ATTACHMENT A                             11

**REQUEST FOR PRODUCTION NO. 28:**

All agreements with Lior Ron.

**REQUEST FOR PRODUCTION NO. 29:**

All agreements with John Gardner.

**REQUEST FOR PRODUCTION NO. 30:**

All agreements with Ognen Stojanovski.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS or COMMUNICATIONS after January 27, 2016 REGARDING WAYMO's LiDAR

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS with any PERSON REGARDING THIS CASE.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS belonging to WAYMO in YOUR possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS belonging to GOOGLE in YOUR possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS referring or relating to DOCUMENTS belonging to WAYMO in YOUR possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS referring or relating to DOCUMENTS belonging to GOOGLE in YOUR possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS and DOCUMENTS REGARDING any attempt to conceal, hide, or destroy the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 38:**

All COMMUNICATIONS and DOCUMENTS REGARDING your termination from UBER.

ATTACHMENT A                              13