QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| WAYMO LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OPPOSITION TO UBER'S MOTION TO COMPEL WAYMO TO RUN ADDITIONAL SEARCH TERMS** |
|---|---|

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal information in its July 21, 2017 Opposition to Uber's Motion to Compel Waymo to Run Additional Search Terms ("Waymo's Opposition").  Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
| --- | --- | --- |
| Portions of Waymo's Opposition | Portions highlighted in green | Waymo |
| Ex. 6 to Waymo's Opposition | Entire Document | Waymo |
| Ex. 7 to Waymo's Opposition | Entire Document | Waymo |
| Ex. 8 to Waymo's Opposition | Entire Document | Waymo |
| Ex. 9 to Waymo's Opposition | Entire Document | Waymo |
| Ex. 10 to Waymo's Opposition | Entire Document | Waymo |
| Ex. 11 to Waymo's Opposition | Entire Document | Defendants |

## I.  LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*

## II.  UBER'S CONFIDENTIAL INFORMATION

Waymo seeks to seal the portions of Waymo's Opposition (portions highlighted in blue) only because Defendants have designated the information confidential and/or highly confidential.  Declaration of John W. McCauley ("McCauley Dec."), ¶ 3.  Waymo expects Defendants to file one or more declarations in accordance with the Local Rules.  *Id.*

## III.  THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the portions of Opposition (portions highlighted in green) and the Exhibits identified by Waymo in the table above.  Waymo seeks to file this information under seal because it discloses Waymo's confidential business information.  *See* McCauley Dec., ¶ 4.  Confidential business information that, if released, may "harm a litigant's competitive standing" also merits sealing.  *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978); *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14–cv–03078–JSC, 2015 WL 3993147, at *1 (N.D.

Cal. June 30, 2015). Waymo seeks to seal confidential business information that fits squarely within this category. McCauley Dec. ¶ 4. Waymo maintains this information as secret, and the public disclosure of this information would give Waymo's competitors access to sensitive information that could be used to Waymo's disadvantage. *Id.* The disclosure of Waymo's confidential business information would therefore cause harm to Waymo. *Id.* Waymo has also narrowly tailored its requests to only information meriting sealing. *Id.* Thus, the Court should grant Waymo's administrative motion to seal.

## IV.   CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion. For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's Administrative Motion.

DATED: August 5, 2017      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles Verhoeven*
     Charles Verhoeven
     Attorneys for WAYMO LLC