

August 6, 2017

Magistrate Judge Jacqueline Scott Corley
U.S. District Court, Northern District of California
San Francisco Courthouse Courtroom F – 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

    Re:    <u>Waymo LLC v. Uber Technologies, Inc., et al.</u>, No. C 17-00939-WHA

Dear Magistrate Judge Corley:

Defendants Uber Technologies, Inc. and Ottomotto LLC submit this letter brief in opposition to Waymo's motion for relief concerning the depositions of Don Burnette, Soren Juelsgaard, Cameron Poetzscher, Nina Qi, and Colin Sebern.  Dkt. 1083.

    Respectfully Submitted,

    */s/ Karen L. Dunn*

    Karen L. Dunn
    Counsel for Uber Technologies, Inc. and Ottomotto LLC



In an attempt to resolve this dispute without the Court's intervention, Uber and Ottomotto ("Uber") offered a straightforward and reasonable compromise: if Waymo took the five depositions at issue before the Federal Circuit ruled on Mr. Levandowski's appeal concerning the Stroz due diligence report, and the Federal Circuit subsequently decided that appeal in Waymo's favor, Uber would re-produce the witnesses and allow Waymo to use any time it had reserved to ask questions about the Stroz report—the only new information that Waymo would have received after the witnesses' earlier depositions. However, Uber would *not* agree to let Waymo question the witnesses on other topics if their depositions were reopened based on the release of the Stroz report, and more importantly would not agree to re-produce the witnesses for further deposition if the Federal Circuit did *not* order the release of the Stroz report, because there would be no good cause to reopen their depositions. The Special Master endorsed and ordered this compromise. But Waymo demands more.

"In the absence of a stipulation, a party must obtain leave from the court to reopen a deposition." *Love v. Permanente Med. Grp.*, No. C-12-05679 WHO (DMR), 2014 WL 491257, at *2 (N.D. Cal. Feb. 2014); Fed. R. Civ. P. 30(a)(2)(ii). Courts will generally reopen depositions only on a showing of good cause. *See In re JDS Uniphase Sec. Litig.*, No. C-02-1486 CW (EDL), 2007 WL 419504, at *3 (N.D. Cal. Jan. 31, 2007) ("Lead Plaintiff has not sufficiently demonstrated the need to reopen deposition testimony, which would be unduly burdensome."). When depositions are reopened, courts generally permit questioning only on subjects that could not have been raised in the initial deposition. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:07-cv-05944SC, 2015 WL 4451419, at *3 (N.D. Cal. July 20, 2015); *Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*, No. C 04-4082 SI (BZ), 2005 WL 3692860, at *1 (N.D. Cal. Nov. 10, 2005).

Waymo seeks to sidestep these rules, so that it can reopen the depositions of five witnesses—two of whom have already been deposed in this case—for questioning on *any* topic if the Stroz due diligence report is released, and so that it can question the witnesses on topics *other* than the Stroz report even if the report is not released. The only justification Waymo offers for this departure is Waymo's unwillingness to make a decision about how much time to reserve with each witness, when it might not be able to use that time if the Federal Circuit grants Mr. Levandowski's appeal.[1] But Waymo should not be permitted to shift the burden of its decisions to the witnesses, who under Waymo's proposal would be required to sit for two separate depositions within a matter of weeks no matter what the Federal Circuit decides.

In addition, even if the depositions are reopened due to the Federal Circuit's decision, Waymo should not be allowed to re-visit issues it could have explored during earlier depositions. There is no good cause for such questioning. Waymo should not be permitted to depose the witnesses for a second time (or in the cases of Mr. Poetzscher and Ms. Qi, a third time) simply due to the Federal Circuit's decision on the Stroz report.

The Court should reject Waymo's bid to shift the burden of its decisions to Mr. Burnette, Mr. Juelsgaard, Mr. Poetzscher, Ms. Qi, and Mr. Sebern. Their depositions should go forward as scheduled. Waymo can reserve whatever time it decides is appropriate. If the Federal Circuit

---

[1] Uber has not taken a position on Mr. Levandowski's appeal to the Federal Circuit concerning the Stroz due diligence report. That dispute is solely between Mr. Levandowski and Waymo.



orders the production of the Stroz due diligence report, Uber will stipulate that there is good cause to reopen the depositions of these five witnesses, and Waymo will be able to question the witnesses about any new information it has received as a result of the Federal Circuit's decision. However, Waymo should not be permitted to question the witnesses on subjects it could have explored during their earlier depositions.  And if the Federal Circuit does not rule in Waymo's favor, there will be no good cause to reopen the witnesses' depositions.