QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT OF THE PRELIMINARY INJUNCTION ORDER (Dkt. 426) AND EXPEDITED DISCOVERY ORDER (Dkt. 61)**<br><br>Date:         August 16, 2017<br>Time:        8:00 a.m.<br>Ctrm:        8, 19th Floor<br>Judge:       Honorable William H. Alsup<br>Trial Date: October 10, 2017 |

01980-00104/9472329.1

Waymo brings this supplemental brief to notify the Court of an additional violation of the Court's March 16 Expedited Discovery Order that first came to light on Friday, August 4. As set forth in Waymo's Motion for an Order to Show Cause (Dkt. 677), the Court's Expedited Discovery Order required Uber to not only produce "all files and documents downloaded by Anthony Levandowski … before leaving plaintiff's payroll" by March 31, but also provided that "[i]f any part of said downloaded material has been deleted, destroyed, or modified, then defendants shall state the extent thereof and produce all documents bearing on said deletion, destruction, or modification." (Dkt. 61 at 2 ¶ 4.) On the Court's March 31 deadline, Uber failed to provide any statement as to the deletion of downloaded material, or any documents bearing on said deletion. (*See* Dkt. 677 at 2-3; 13-14.)

Just last Friday, however, Angela Padilla, Uber's Associate General Counsel for Litigation & Employment, admitted in a sworn declaration that on March 29, 2017, Anthony Levandowski told her and then-Uber CEO Travis Kalanick that he had downloaded Waymo files but that "he no longer had the files he had downloaded because he had deleted them." (Dkt. 1082-1 at 2 ¶ 6.) That conversation purportedly occurred **two days** before the Court's March 31 deadline for Uber to disclose the "deletion" of any "files and documents downloaded by Anthony Levandowski," yet Uber did not disclose it until August 4, over four months later. Uber's failure to disclose this destruction of evidence was a deliberate and willful violation of the Court's March 16 Order. Contempt is warranted, as there is no excuse for Uber's failure to disclose the destruction of these downloaded files that was communicated in advance of the March 31 deadline to the highest ranks of Uber's executive and legal teams.

Waymo anticipates that Uber may attempt to justify its violation of the Court's March 16 Order by arguing that the March 29 conversation between Mr. Kalanick, Mr. Levandowski, and Ms. Padilla was privileged and that Uber did not waive that privilege until June 28, 2017, when for the very first time it disclosed the "bonus" explanation for the downloads (which Mr. Levandowski related to Mr. Kalanick and Ms. Padilla as part of that same March 29 conversation). (*See* Dkt. 755, Uber's June 28 Response to the Court's Ten Questions at 13 ("Rather, Uber believes that the downloading was done in relation to Levandowski's employment at Google, specifically to ensure the expected payment of Levandowski's $120 million bonus from Google.").) However, this argument is baseless because Uber

has taken the position that the conversation between Mr. Levandowski, Mr. Kalanick, and Uber's Associate General Counsel for Litigation & Employment has never been privileged. (*See*, *e.g.*, Dkt. 1082 at 1 and 1082-1 at 2-3.) Uber cannot have it both ways. Either Uber has been in contempt of the Court's Expedited Discovery Order for over four months, or (as explained in Waymo's Motion to Compel re Kalanick Deposition), Uber has selectively disclosed privileged communications about Mr. Levandowski's reasons for downloading the files and for pleading the Fifth Amendment.[1] (Dkt. 1060.)

Finally, Waymo has suffered significant prejudice by this additional violation of the Expedited Discovery Order. Because Uber did not reveal the purported destruction of the downloaded files communicated in that March 29 conversation until August 4 – twenty days before the close of fact discovery – Uber has succeeded in preventing Waymo from serving written discovery requests about it in both the expedited **and** normal discovery phases. Uber also gamed the discovery process so that Waymo could not pursue expedited depositions – either those in the PI or post-PI Order phase – of Mr. Kalanick or Ms. Padilla, the only two witnesses to the conversation who are not pleading the Fifth Amendment.[2]

For the foregoing reasons, Waymo respectfully requests that the Court include this violation in its Order to Show Cause why Defendants should not be held in civil contempt of the Expedited Discovery Order.

DATED: August 7, 2017     QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Attorneys for WAYMO LLC

---

[1] In addition to resulting in subject matter waiver, Uber's selective disclosure of these privileged communications for the first time on June 28, four weeks after the June 1 deadline set by the Court for any privilege waiver "on pain of preclusion," requires preclusion of Uber's belatedly disclosed "bonus" explanation. This will be the subject of Waymo's forthcoming renewed Motion in Limine No. 1.

[2] Uber has agreed to make Mr. Kalanick available for a second deposition (at a date yet to be determined), and Ms. Padilla is also scheduled to be deposed on August 24 (i.e., the final day of fact discovery), but these 11th hour depositions merely limit, rather than eliminate, the prejudice to Waymo.