**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94101 | TEL (415) 875-6600

August 7, 2017

Magistrate Judge Jacqueline Scott Corley

Re:   *Waymo LLC v. Uber Technologies, Inc., et al.*, N.D. Cal., Case 3:17-cv-00939-WHA
      **Waymo's Opposition to Otto Trucking's Motion to Compel**

Dear Judge Corley:

Please find below Plaintiff Waymo LLC's opposition to Defendant Otto Trucking LLC's motion to compel an additional deposition of Alphabet CEO Larry Page (Dkt. 1068-3).

Sincerely,

*/s/ Charles K. Verhoeven*

Charles K. Verhoeven

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

Otto Trucking's Motion is pure harassment.  In originally seeking the deposition of Alphabet CEO Larry Page (Dkt. 811), Defendants said they sought Mr. Page's testimony on his knowledge of Chauffeur, communications with Mr. Levandowski, side ventures, and communications with Uber.  Otto Trucking does not argue that they were unable to obtain testimony on any of those topics.  Indeed, Otto Trucking fails to identify any topic that they were impeded from exploring, nor do they identify any unanswered question that Mr. Page should have been able to answer.  Notably, Otto Trucking frittered away its existing deposition time on irrelevancies — *e.g.*, asking Mr. Page: "Are you happy that Anthony Levandowski was fired from Uber?" (Dkt. 1068-1 [Page Dep.] at 193:5-6.)  This simply underscores how Otto Trucking's request for an *additional* deposition of Mr. Page is completely unwarranted.

I.  **There Is No Basis For Another Deposition Based On Any "Refus[al] To Produce Documents Used To Refresh Mr. Page's Testimony"**

Otto Trucking first argues that "Mr. Page's counsel refused to produce documents used to refresh Mr. Page's testimony, in violation of Judge Alsup's Orders." (Mot. at 1.)  The specific Order that Otto Trucking cites —  Paragraph 22 of Judge Alsup's Supplemental Order Re: Initial CMC In Civil Cases — states: "In preparing deponents, defending counsel shall *segregate* and retain all materials used to refresh their memories" and shall provide these materials at the outset of the deposition (emphasis added).  The word "segregate" implies that, among the overall universe of documents viewed during prep, any specific documents that refreshed a witness' recollection shall be set aside and provided.  But here, defending counsel did not understand any specific documents to have refreshed Mr. Page's recollection, so there was nothing to segregate and provide.  (Van Nest Decl. ¶ 3.)  Likewise, Mr. Page testified that he could not identify any specific documents that refreshed his recollection.  (Page Dep. at 91:12-14 ("Q: And what specific documents refreshed your recollection?  A: I don't recall."); 92:8-14 ("Q: I -- I -- is there any particular document that comes to mind in terms of refreshing your recollection? MR. VAN NEST: Object to form.  A: Nothing in particular.")

Otto Trucking ignores this testimony entirely.  Instead, Otto Trucking cites a Q and A in which Mr. Page was asked generally about whether he "review[ed] documents" in preparing for his deposition and whether "those documents help[ed] refresh your recollection."  (*Id.* at 90:23-91:3.)  Given the vague and general nature of these questions — encompassing the entire universe of documents that Mr. Page reviewed —  Mr. Page could give only a general and noncommittal answer: "I mean, I'm sure that they helped my recollection somewhat."  (*Id.* at 91:6-7.)  But as noted above, when the questioning shifted to specific documents that may have refreshed Mr. Page's recollection about specific issues, Mr. Page responded that there were none.

The lone case that Otto Trucking cites on this point — *In re Cathode Ray Tube Antitrust Litig.*, 2015 WL 12942210 (N.D. Cal. May 29, 2015) — does not indicate that Mr. Page should be deposed a second time.  In that case (which did not involve an apex witness), defendants conceded that specific documents were used to refresh recollection. *Id.* at *4.  Here, none did.  Further, the order for a second deposition in *Cathode Ray* stemmed from separate, significant discovery abuses.  When the deponent in that price-fixing case began to testify to "business trip[s]" to meet alleged co-conspirators, counsel stopped the deposition; and after a break the

1

same deponent stated "I know absolutely nothing about this." *Id.* at *2.  This was clear attorney obstruction into questioning on a central issue.  *Id.*  Needless to say, no such circumstances are present here.

Moreover, in meet-and-confer practice preceding this motion, Waymo identified all documents shown to Mr. Page during deposition prep (even though this was not necessary for the reasons stated above).  (Dkt. 1068-8 at 1.)  All of these documents had already been produced, and all but three of them were used by Defendants as deposition exhibits.  Otto Trucking ignores this point entirely.  It never even tries to show why it should be given an additional deposition on documents that it already used in the initial deposition.  The three remaining documents (none of which refreshed Mr. Page's recollection) all concern Mr. Page's side businesses.  (Dkt. 1068-8 at 1 (listing three documents by Bates number), Nardinelli Decl. ¶¶ 2-4.)  Each was produced prior to the deposition, and Defendants used four other documents to amply question Mr. Page about those same side businesses.[1]  (Nardinelli Decl. ¶¶ 4-7; *see* Page Dep. at 131:23, 153:17, 157:2, 158:3.)  Otto Trucking does not identify any deposition topics that Defendants would have addressed in more depth based on the three remaining documents.

## II. There Is No Basis For Another Deposition Based On Alleged "Speaking Objections"

Otto Trucking next requests a new deposition because "Mr. Page's counsel levied speaking objections throughout."  (Mot. at 2.)  Most of the complained-of objections were succinctly stated by Mr. Page's counsel (Mr. Van Nest): *e.g.*, "asked and answered" (Page Dep. 45:20-21, 138:13); "vague" (77:14); "compound" (35:20-21, 104:6-7, 152:11); "overbroad" (91:4-5); "argumentative" (190:2-3, 211:18-19); or "calls for a legal conclusion" (215:20-21; 216:23-24).  It is questionable whether these are "speaking objections," as opposed to proper "form" objections.  *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420, 2014 WL 6471422, at *2 (N.D. Cal. Nov. 18, 2014) ("Objections shall be limited to objection to the form of the question ('asked and answered,' 'compound,' etc.)").  But even if some of Mr. Van Nest's objections could be deemed "speaking objections," Otto Trucking never explains why those objections justify a second deposition.  Mr. Van Next took *de minimis* time to state these objections, and they did nothing to obstruct the deposition.  Indeed, many of the objections that Defendants' counsel lodged at other depositions were as lengthy or lengthier.  (Nardinelli Decl. Ex. 8 [Boehmke Dep.] at 13:19-20, 19:12, 21:25-22:1, 22:7-9, 24:25-25:1, 31:15-16; Ex. 9 [Meall Dep.] at 13:9, 14:18-19, 20:20, 23:19, 24:6-7, 24:12.)  Under Otto Trucking's logic, those depositions should be repeated as well.

Other supposed "speaking objections" were actually colloquies initiated by Uber's counsel.  For example, Otto Trucking cites 91:22-23 and 92:1 as "speaking objections."  (Mot. at 2.)  These passages are excerpts from the following exchange: "MR. GONZALEZ: Counsel, I think per Judge Alsup's Standing Order, we're entitled to see those documents.  MR. VAN NEST: I don't think so, Counsel, but we can debate that at a later time.  MR. GONZALEZ: Okay.  Fine.  Fair enough.  Just so the record is clear.  MR. VAN NEST: I disagree, but –  MR. GONZALEZ: So

---

[1]  Defendants have also sought and obtained information about these side projects from other sources, such as other depositions and third-party document subpoenas.

that the record is clear, we're – we're asking for them, and Counsel is declining to produce them." (Page Dep. 91:19-92:4.) To label this exchange as "speaking objections" is absurd. Mr. Van Nest was simply responding to statements that Mr. Gonzalez directed *at him*.

Nor did Mr. Van Nest "improperly limit[] the scope of Defendants' questions." (Mot. at 2.) Otto Trucking cannot point to any instance in which Mr. Van Nest instructed Mr. Page not to answer a question on any ground other than privilege.

Finally, despite Otto Trucking's current complaints about alleged coaching and obstruction, neither Otto Trucking's nor Uber's counsel made any such complaint at the deposition itself. This shows that Otto Trucking's current complaints are makeshift. Indeed, they identify *no* topics that they were unable to adequately explore due to the alleged coaching and obstruction.

### III.  There Is No Basis for Another Deposition Based On Mr. Page's Preparation

Otto Trucking argues that "Waymo did not in good faith prepare Mr. Page for this deposition." (Mot. at 2.) But the Supplemental Order states that witnesses should be prepared on topics "about which the witness reasonably should be expected to have knowledge." Supp. Order ¶ 22. That is just what happened here. As CEO of Alphabet — the parent of Waymo and a dozen other companies — Mr. Page would not be expected to have knowledge about the specific trade secrets being asserted or the question of why Waymo did not sue Levandowski. Mr. Page is neither a lawyer nor a Waymo engineer. He also would not be expected to know about Otto Trucking, which did not exist when Levandowski was working for Waymo. Moreover, these topics were not the ones for which Defendants originally sought Mr. Page's deposition (*see* Dkt. 811), and Defendants have deposed other, more knowledgeable individuals about these topics. Yet Otto Trucking now seeks a new Page deposition based on Mr. Page's lack of knowledge about these topics. (Mot. at 2-3.)

Otto Trucking's other complaints mis-cite the record. Contrary to Otto Trucking's allegations, Mr. Page *did* have knowledge about Levandowski's payout from Waymo and Levandowski's involvement in side projects. (Page Dep. 12:16-21 31:22-35:24.) Moreover, many of Defendants' witnesses had far less knowledge about the subject-matter of their depositions than Mr. Page did about his. (*See, e.g.,* Nardinelli Decl. Ex. 10 [Kalanick Dep.] at 19:4-20:1, 24:19-25:8, 29:14-25, 39:20-40:8, 41:18-42:6, 51:20-52:5, 93:11-13, 124:9-125:6; Ex. 11 [McClendon Dep.] at 22:6-9, 33:2-6, 46:1-15, 50:3-24, 53:12-15, 62:23-63:1, 80:17-81:2, 85:11-15, 162:1-7, 206:17-20.) Thus, Otto Trucking is throwing stones from a glass house.

### IV. There Is No Basis For Another Deposition Based On Hypothesized Text Messages

Finally, Otto Trucking "requests that the Court require Waymo to search Mr. Page's phones" and seeks an additional deposition "[t]o the extent that responsive information exists." (Mot. at 3.) This request is moot. Waymo has already investigated whether Mr. Page's phone contains any responsive text messages or other messages, and it does not. Mr. Page testified that he did not recall any such messages. (Page Dep. 200:3-8.) There is nothing to compel.