1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RudyKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone: 415.268.7000
7  Facsimile: 415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
11 Washington DC 20005
   Telephone: 202.237.2727
12 Facsimile: 202.237.6131

13 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>          Defendant. | Case No.     3:17-cv-00939-WHA<br><br>**DECLARATION OF ESTHER KIM CHANG IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S MOTION TO STRIKE VAGUE AND OVERBROAD TRADE SECRET CLAIMS AND EMERGENCY MOTION FOR EXPEDITED BRIEFING AND HEARING**<br><br>Judge: The Honorable William Alsup<br><br>Trial Date: October 10, 2017 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

I, Esther Kim Chang, declare as follows:

1. I am an attorney with the law firm of Morrison & Foerster LLP. I am a member in good standing of the Bar of the State of California. I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein. I make this declaration in support of Defendants Uber Technologies, Inc. and Ottomotto LLC's Motion to Strike Vague and Overboard Trade Secret Claims and Emergency Motion for Expedited Briefing and Hearing ("Motion to Strike").

2. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff Waymo LLC's Notice Regarding Trade Secret Narrowing, dated August 1, 2017.

3. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's List of Asserted Trade Secrets Pursuant to Cal. Code Civ. Proc. Section 2019.210, dated March 10, 2017, which was attached as Exhibit 1 to the Declaration of Jordan Jaffe in support of Waymo's Motion for Preliminary Injunction.

4. Attached hereto as Exhibit 3 is a true and correct copy of excerpted pages from Plaintiff's Supplemental Objections and Responses to Uber's First Set of Interrogatories (Nos. 1-11), dated August 1, 2017.

5. Attached hereto as Exhibit 4 is a true and correct copy of ███████████, which was attached as Exhibit 4 to the Declaration of Jordan Jaffe in support of Waymo's Motion for Preliminary Injunction.

6. Attached hereto as Exhibit 5 is a true and correct copy of the ███████████, which was attached as Exhibit 5 to the Declaration of Jordan Jaffe in support of Waymo's Motion for Preliminary Injunction.

7. Attached hereto as Exhibit 6 is a true and correct copy of Waymo's ███████████, which was attached as Exhibit 6 to the Declaration of Jordan Jaffe in support of Waymo's Motion for Preliminary Injunction.

8. Attached hereto as Exhibit 7 is a true and correct copy of ███████████, dated July 8, 2015, which was attached as Exhibit 18 to the Declaration of Jordan Jaffe in support of Waymo's Motion for Preliminary Injunction.

1    9.    Attached hereto as Exhibit 8 is a true and correct copy of an article written by Matt McFarland, at the Washington Post, entitled, "Elon Musk Vents About California's Lane Markings Confusing Tesla's Autopilot," dated October 14, 2015.

    10.   Attached hereto as Exhibit 9 is a true and correct copy of an article written by Danielle Muoio, at Business Insider, entitled, "6 Scenarios Self-Driving Cars Still Can't Handle," dated August 25, 2016, available at http://www.businessinsider.com/autonomous-car-limiations-2016-8/.

    11.   Attached hereto as Exhibit 10 is a true and correct copy of a blog post entitled, "Google Self-Driving Car Project," dated October 30, 2015, available at https://plus.google.com/+SelfDrivinCar/posts/1tpJcZuB9YV.

    12.   Attached hereto as Exhibit 11 is a true and correct copy of the U.S. Patent No. 5,006,721, issued on April 9, 1991.

    13.   Attached hereto as Exhibit 12 is a true and correct copy excerpted pages from the deposition transcript of Zachary Morriss, taken on July 26, 2017.

    14.   Attached hereto as Exhibit 13 is a true and correct copy excerpted pages from the deposition transcript of Gregory Kintz, taken on April 26, 2017.

    15.   Attached hereto as Exhibit 14 is a true and correct copy of a schematic of Waymo's [REDACTED], which was produced by Plaintiff in the course of this action as WAYMO-UBER-00021945-21946.

    16.   Attached here as Exhibit 15 is a true and correct copy of excerpted pages from the deposition of Pierre-Yves Droz, taken on August 3, 2017.

    17.   Attached here as Exhibit 16 is a true and correct copy of excerpted pages from the Defendants Uber Technologies, Inc. and Ottomotto LLC's Objections and Responses to Waymo's Third Set of Requests for Production of Documents (Nos. 153-265), dated June 30, 2017.

    18.   The Motion to Strike requests an order striking Waymo's Trade Secret Nos. ("TS") 25, 90, 96, and 111 based on Waymo's inadequate disclosure of the alleged trade secrets. Waymo has indicated that it will oppose the motion and, in correspondence between the parties, has noted its position that no further supplementation of its trade secret

1  claims is necessary, as set forth in Exhibit 1 to the Declaration of Rudy Kim in Support of the
2  Motion to Strike.

3      19.     Pursuant to Local Rule 6-3, Uber requests an order to shorten time for the briefing
4  and hearing schedule for the Motion to Strike. The deadline for close of fact discovery and
5  opening expert reports is August 24, and responsive expert reports are due September 7. The
6  shortened briefing and hearing schedule is necessary given these upcoming deadlines, which all
7  occur before the September 11 hearing date for this motion under normal court rules, such that
8  Uber would be severely prejudiced in the absence of a shortened schedule.

9      20.     On August 7, 2017, my colleague Rudy Kim and I met and conferred with
10  Waymo's counsel and the Special Master about a shortened briefing and hearing schedule for the
11  Motion to Strike. The Special Master proposed that Waymo file its opposition by August 11,
12  2017 at noon. Waymo's counsel indicated that, at the time, it could neither agree or object to that
13  deadline. The parties therefore were unable to discuss the remainder of the briefing schedule, nor
14  the date for oral argument.

15      21.     After the meet and confer, I emailed Waymo's counsel requesting confirmation
16  that Waymo would file its opposition on shortened time, i.e., on August 11, 2017 at noon, as
17  proposed by the Special Master. As of the time of the filing of this motion, Waymo had not yet
18  responded. Attached hereto as Exhibit 17 is a true and correct copy of the email.

19      22.     The schedule in this case has previously been modified as follows:

20  • The parties stipulated to an extension of the deadline to file an answer or otherwise
21     respond to the Amended Complaint to April 28, 2017 (Dkt. 72);

22  • The trial date was continued from October 2, 2017 to October 10, 2017 (Dkt. 563).

23      23.     The requested time modification would not have an effect on the schedule for the
24  case.

25  I declare under penalty of perjury under the laws of the United States that the foregoing is
26  true and correct. Executed this 7th day of August, 2017, in San Francisco, California.

27

28                              */s/ Esther Kim Chang*

1    ESTHER KIM CHANG

2

3    **ATTESTATION OF E-FILED SIGNATURE**

4    I, Arturo J. González, am the ECF User whose ID and password are being used to file this

5    Declaration.  In compliance with General Order 45, X.B., I hereby attest that Esther Kim Chang

6    has concurred in this filing.

7    Dated:  August 7, 2017          */s/ Arturo J. González*
                                       ARTURO J. GONZÁLEZ
8