# EXHIBIT 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>          Plaintiffs,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC,<br><br>          Defendants. | Case No. 17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S NOTICE REGARDING TRADE SECRET NARROWING** |

1    Pursuant to paragraph 10 of the Court's June 7, 2017 Case Management Order (Dkt. 563)
2    and to the Parties' Joint Statement Regarding Deadline for Trade Secret Narrowing (Dkt. 647),
3    Plaintiff Waymo LLC ("Waymo") hereby identifies the following list of trade secrets to be tried:
4    - Trade Secret No. 2
5    - Trade Secret No. 7 as described with more particularity in Dkt. 335-4 at 2-4
6    - Trade Secret No. 9
7    - Trade Secret No. 13
8    - Trade Secret No. 14
9    - Trade Secret No. 25
10   - Trade Secret No. 90
11   - Trade Secret No. 96
12   - Trade Secret No. 111
13       Waymo identifies the foregoing list notwithstanding the fact that discovery in this action is
14   ongoing, and Waymo reserves the right to modify its narrowed list of trade secrets based on
15   additional information.  Waymo's reservation of rights is particularly warranted in light of
16   Defendants' concealment of evidence by asserting a web of inapplicable privileges with respect to
17   the Stroz Friedberg due diligence investigation, which has hindered Waymo's efforts to discover
18   relevant evidence.  *See, e.g.*, Dkt. 549.  Similarly, Defendants' continued assertion of a web of
19   inapplicable privileges to withhold 3,500 documents related to Uber's acquisition of Ottomotto
20   continues to hinder Waymo's efforts to discover relevant evidence.  In addition, Waymo reserves
21   its right to modify its narrowed list of trade secrets to the extent discovery Defendants have so far
22   resisted into certain trade secrets, including discovery related to software and non-LiDAR
23   technology compelled by Magistrate Judge Corley in orders currently on appeal before this Court.
24   (*See, e.g.*, Dkt. Nos. 881, 951.)  As but one example, the pending motions to compel bear on
25   Waymo's ability to find evidence of use of various aspects of Trade Secret No. 85.

| | | |
|---|---|---|
| DATED: August 1, 2017 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By | */s/ Charles K. Verhoeven* |
| | | Charles K. Verhoeven |
| | | Attorneys for WAYMO LLC |