QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF LINDSAY COOPER IN SUPPORT OF DEFENDANT OTTO TRUCKING'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION TO COMPEL DEPOSITION OF LARRY PAGE (DKT. 1068)** |

I, Lindsay Cooper, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Defendant Otto Trucking's Administrative Motion to File Under Seal Portions of its Motion to Compel Deposition of Larry Page (Dkt. 1068) (the "Administrative Motion"). The Administrative Motion seeks an order sealing highlighted portions of Otto Trucking's Letter Brief re Deposition of Larry Page ("Otto Trucking's Letter Brief"), and Exhibits 1-5 in support of the same.

3. Certain portions of Otto Trucking's Letter Brief (portions highlighted in green) and Exhibits 1-5 (portions highlighted in green) contain, reference and/or describe confidential business information, which Waymo seeks to seal.

4. Otto Trucking's Letter Brief (portions highlighted in green), Ex. 1 (portions highlighted in green at 7:14, 8:8, 8:10, 9:5, 9:16, 13:16, 13:18: 13:22, 15:7-22, 16:7-17:12, 17:15-21, 18:1-22, 19:3-20:5, 20:18-22, 23:12-15, 26:11, 26:14, 37:6-38:13, 38:19-20, 38:24, 39:3-12, 55:13-56:2, 56:22-24, 57:1-7, 58:9-11, 58:14-18, 58:25-59:1, 59:4-22, 60:3-4, 60:8-11, 65:15-20, 65:22-24, 66:3-9, 66:17-24, 67:4-7, 83:25-84:2, 84:5-7, 84:13-14, 84:17-21, 85:4-5, 85:8-9, 85:19-22, 85:25-86:6, 86:9-20, 87:2-5, 87:14-22, 88:5-18, 88:21-24, 89:7-24, 92:22-23, 93:14, 93:18-20, 93:24-25, 94:4-6, 94:18-20, 94:23-24, 95:5, 95:15-17, 95:23-96:1, 96:3, 96:14-25, 97:5-99:9, 100:5-6, 100:15-17, 100:22-23, 101:1-3, 101:12-15, 101:19-23, 102:2-3, 102:6, 102:9-11, 103:11-14, 105:17-106:8, 106:14-107:1, 108:12-109:3, 109:19-110:1, 111:6-7, 112:23-24, 113:24, 114:2, 114:12-13, 114:19-115:1, 115:7-8, 115:14-20, 116:5-6, 116:10-21, 117:1-8, 118:18-25, 119:19-20, 120:9-17, 121:16-122:21, 124:4-6, 124:25-125:2, 125:19-20, 126:2-7, 130:1-2, 131:6-124, 141:3-144:23, 145:19-20, 146:4-8, 147:1-9, 147:15-16, 149:5-6, 149:11-22, 150:3-4, 151:23, 152:21-23, 153:5-15, 163:4-8, 164:2-3, 164:7-16, 164:25-167:8, 169:11-15, 169:20, 170:4-5, 170:10, 171:19-22, 172:9-18, 173:2-4, 175:21-25, 176:13-17, 180:17, 181:14-16, 183:7-11, 185:19-20, 186:3-4, 186:11-13, 187:9, 187:19-20, 189:4, 191:11-13, 199:14-17, 202:3-22, 203:1-13, 203:20-21, 203:22-24, 204:17-21, 205:4-5, 205:7-12, 206:17-207:1,

207:5-19, 208:22-209:25, 210:9-19, 210:25, 211:7-212:5, 212:18-213:10, 213:23-24, 214:3-25, 215:6), Ex. 2 (portion highlighted in green), Ex. 3 (portions highlighted in green), Ex. 4 (portions highlighted in green) and Ex. 5 (entire document) contain, reference, and/or describe Waymo's highly confidential and sensitive business information.  The information Waymo seeks to seal regards Waymo's confidential future business plans, confidential information regarding potential mergers or acquisitions that Waymo considered but ultimately rejected, confidential compensation information for Waymo employees, confidential details regarding Waymo's bonus program, confidential information regarding Waymo's internal procedures for approving employee work on external projects, confidential details regarding Waymo's ongoing work and development on autonomous vehicles, confidential details regarding Waymo's investment in and relationship with Uber, and confidential details regarding Waymo's relationship with Lyft.  I understand that this confidential business information is maintained by Waymo as secret. The public disclosure of this information would give Waymo's competitors access to sensitive information that could be used to Waymo's disadvantage. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

5.   Otto Trucking's Ex. 1 (portions highlighted in green at 27:4-20) contain, reference, and/or describe personal identifying information of Larry Page.  If such information were made public, I understand that Mr. Page could be significantly harmed.

6.   Waymo expects Kitty Hawk and/or zee.aero to file a declaration to support certain under seal portions of Otto Trucking's Letter Brief (highlighted in red) and Otto Trucking's Ex. 1 (highlighted in red and/or yellow, but not highlighted in green) in accordance with the Local Rules.

7.   Waymo's request to seal is narrowly tailored to those portions of Otto Trucking's Letter Brief and Exhibits 1-5 that merit sealing.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on August 7, 2017.

By /s/ Lindsay Cooper
Lindsay Cooper
Attorneys for WAYMO LLC

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Lindsay Cooper.

/s/ Charles K. Verhoeven
Charles K. Verhoeven