# EXHIBIT 1

| | |
|---|---|
| **From:** | Jordan Jaffe |
| **Sent:** | Thursday, May 25, 2017 8:12 PM |
| **To:** | Kim, Rudy Y.; John Cooper; Gonzalez, Arturo J.; Andrea P Roberts; UberWaymoMoFoAttorneys; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) |
| **Cc:** | QE-Waymo; Matthew Cate |
| **Subject:** | RE: Waymo v. Uber Notice of Inspection |

John,

We'd like to schedule a follow up call tomorrow to discuss Defendants' compliance with Paragraph 6 of the Court's PI order as it pertains to email. To respond to the points in Rudy's email:

- On the date range, Special Master Cooper suggested a date cut off of 6 months before Uber's first contact with Levandowski. He then asked Uber to supply that date. Mr. Kim stated that he did not know that date and would investigate it. Then, in later correspondence, Uber "picked" Jan. 2015 based on Waymo's allegations and noted again "We are still investigating the first date Mr. Levandowski had contact with Uber." It's been three days since this came up. It's hard to believe Uber counsel does not know this basic information at this point in the litigation. Please provide the relevant date. This will help ensure we arrive at the proper cutoff date for email inspection purposes.
- For the list of custodians, we're still considering the list you suggested, but please further include Travis Kalanick, Lior Ron, Brian McClendon, John Bares, Nina Qi, Cameron Poetzscher and all individuals listed in Defendants' response to Court-ordered interrogatory No. 1.
- Regarding the scope of email, for custodians whose primary job is LIDAR-related (e.g., Dan Gruver, Gaetan Pennecot), we request that all non-privileged emails be made available for inspection. The search terms Defendants propose—even with those two additions--are plainly insufficient and would still fail to capture facially relevant emails that fall within the Court's order—e.g., "Let's copy what we did at Waymo for this" or "I heard Anthony took the 14k files and is using them at Uber." Defendants are under a Court order to make these kind of emails available for inspection and must do so without artificially narrowing in a manner that will stymie the inspection of relevant documents covered by the Court's PI Order.
- For custodians whose primary job includes things other than LIDAR (e.g., Travis Kalanick), we're amenable to using search terms, but Defendants must additionally use the search terms from the PI phase, "laser," and "sensor."

Finally, please also immediately make available for inspection all of Travis Kalanick's text messages with Anthony Levandowski pertaining to LIDAR. This includes but is not limited to any "downloaded material" (as defined by the Court in the PI order) that pertains to LIDAR.

Best regards,


Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // [jordanjaffe@quinnemanuel.com](mailto:jordanjaffe@quinnemanuel.com)