MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON  FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 7, 2017

Writer's Direct Contact
+1 (415) 268.7020
AGonzalez@mofo.com

Honorable Jacqueline Scott Corley
United States Magistrate Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Waymo LLC v. Uber Technologies, Inc. et al.,* Case No. 3:17-cv-00939

Dear Judge Corley:

Defendants Uber Technologies, Inc. and Ottomotto LLC respectfully submit this letter brief requesting that the Court order Pierre-Yves Droz to appear for an additional day of deposition, due to the breadth of the topics on which Mr. Droz is designated as a corporate witness, the scope of his knowledge as Waymo's principal technical fact witness, his failure to adequately prepare for certain topics, and Waymo's failure to timely produce documents, in violation of Judge Alsup's Standing Order.  Otto Trucking LLC separately also requests a day to depose Mr. Droz, as it is a separate party entitled to its own discovery and as it has not had any opportunity to depose Mr. Droz for the reasons stated above.

Respectfully submitted,

Arturo J. González
Counsel for Uber Technologies, Inc.
and Ottomotto LLC

Respectfully submitted,

*/s/ Neel Chatterjee*

Neel Chatterjee
Counsel for Otto Trucking LLC

cc:   All Counsel of Record
      Special Master John Cooper

sf-3812543

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") request an additional day of deposition for Pierre-Yves Droz, Waymo's technical lead for the LiDAR team. Otto Trucking LLC also requests its separate deposition of Mr. Droz.  After Uber noticed the deposition of Mr. Droz in his individual capacity, Waymo designated Mr. Droz as its corporate witness on virtually all of the technical Rule 30(b)(6) topics in this case, including those relating to eight of the nine trade secrets at issue, as well as the remaining asserted patent claims.  Mr. Droz is Waymo's principal technical witness, and Defendants should be given sufficient opportunity to depose him.

After deposing Mr. Droz for one day, solely in his Rule 30(b)(6) capacity, Uber requested a second day of deposition in order to complete his Rule 30(b)(6) deposition and take his personal deposition.  The parties met and conferred with the Special Master, who agreed that Uber should be entitled to a second day of deposition, given that Mr. Droz was noticed for both a personal and Rule 30(b)(6) deposition.  The Special Master also agreed that Otto Trucking, a separate party who served its own deposition notices for Mr. Droz but did not have an opportunity to question him during his first day of deposition, should be given its own deposition.

**I.     DEFENDANTS UBER AND OTTOMOTTO REQUEST AN ADDITIONAL DAY WITH MR. DROZ**

**A.     Mr. Droz Was Designated on All Technical Topics, Except with Respect to One Trade Secret**

A continued Rule 30(b)(6) deposition is justified, given the breadth of subject matter for which Mr. Droz was designated.  Mr. Droz was designated on virtually all the technical Rule 30(b)(6) topics served on Waymo (and was so designated approximately 13 hours before his noticed deposition was to begin).  Specifically, Mr. Droz was designated on technical topics 2, 9, and 10, except as topics 9 and 10 relate to trade secret 25:

- Topic 2:  Whether, and to what extent, the Allegedly Misappropriated Files contain the Alleged Waymo Trade Secrets.

- Topic 9:  The development of each of the Alleged Waymo Trade Secrets selected for trial, including the time, cost, and specific people involved (including their respective contributions) in developing each of those Alleged Trade Secrets . . . .

- Topic 10:  Waymo's awareness of the extent to which each of the Alleged Waymo Trade Secrets selected for trial, or elements thereof, are known or practiced outside of Waymo.

As to each of the above topics, Mr. Droz was designated to testify as to eight of the nine trade secrets:  Trade secrets 2 , 7          , 9      , 13          , 14      , 90              , 96          , and 111                    .

In addition to the trade secret topics, Mr. Droz was designated as Waymo's witness on the sole remaining patent in this case:

- Topic 6:  The '936 patent, including the valuation, use, and/or commercialization of the '936 patent and investments or expenditures made to develop the invention(s) claimed in the patent.

sf-3812543                                                                                                                         1

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Given the breadth of the topics on which he was designated, Uber was unable to complete its questioning on the Rule 30(b)(6) topics.

### B. Waymo's Counsel Violated the Court's Order Requiring Production of Documents at the Outset of the Deposition

Judge Alsup's Standing Order requires "defending counsel [to] retain all materials used to refresh [the deponent's] memories and [to] provide them to examining counsel at the outset of the deposition." (Alsup Suppl. Order Setting Initial CMC ¶ 20.) Waymo's counsel failed to do so. During the course of examination, Mr. Droz testified as to several documents that refreshed his recollection, including, among others, ███████████████████████████████ ███████████████████████████████████████████████████████████ Those documents were emailed to Uber's counsel in the middle of the deposition at 3:29 pm. Given the late production, Uber did not have opportunity to meaningfully review or question Mr. Droz on these documents.

### C. Mr. Droz Was Not Prepared to Testify As to All Topics on Which He Was Designated

Mr. Droz was not prepared to testify as to the costs for developing each of the Alleged Waymo Trade Secrets selected for trial, even though Waymo had designated him on this topic the night before. (Ex. 2; P. Droz Dep., 154:14-172:21.) During the deposition, Waymo's counsel belatedly informed Uber that Mr. Droz was not designated on the costs aspect. (P. Droz Dep., 167:11-13.) At the end of the deposition, Waymo's counsel offered to produce another witness on the costs aspect of topic 9. (P. Droz Dep., 360:4-6.)

Mr. Droz was designated to testify on topics 2, 9, and 10 as they relate to trade secret 90 ███ ███████████. Mr. Droz testified that Bernard Fidric was the only person directly involved in the development of trade secret 90. (P. Droz Dep., 28:25-29:13.) In spite of that, Mr. Droz did not confer with Mr. Fidric to prepare for his testimony as Waymo's corporate witness on topics 2, 9, and 10, as it relates to trade secret 90. (P. Droz Dep., 29:22-30:10.) And although Mr. Droz testified that he had knowledge on this topic, his knowledge was limited to that "of being a side observer of the development process." (P. Droz Dep., 29:14-21.)

### D. Uber Is Entitled to Question Mr. Droz In His Personal Capacity

Before Waymo designated Mr. Droz as its designee on Uber's Rule 30(b)(6) topics, Uber had noticed the deposition of Mr. Droz in his personal capacity, given Mr. Droz's involvement in almost every aspect of Waymo's LiDAR development. (Ex. 6, Waymo's 2nd Suppl. Resp. to Uber's Interrogatory No. 5, at 58-61 (listing Mr. Droz for 59 of 72 alleged trade secrets).) Indeed, Mr. Droz testified that even with respect to the trade secret on which he was not designated, he had personal knowledge. (P. Droz Dep., 25:3-28:21.) In addition to his extensive knowledge on Waymo's LiDAR designs and development, Mr. Droz also has relevant information relating to, among other things, 510 Systems, Anthony's Robots, Anthony Levandowski's tenure at Google and Waymo, the Chauffeur bonus program, and the genesis of 280 Systems/Ottomotto (including the recruitment of Google engineers).

For these reasons, Uber respectfully requests an additional day of deposition to complete its questioning on the Rule 30(b)(6) topics and to question Mr. Droz in his personal capacity.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## II.     OTTO TRUCKING IS ENTITLED TO DEPOSE MR. DROZ

As the Special Master has made clear, Otto Trucking is a separate party from Uber, and it is entitled to its own discovery. Otto Trucking has served its own 30(b)(6) deposition notice of Waymo and a notice for the deposition of Mr. Droz individually, but was not provided any time to question the witness at his deposition. Otto Trucking is entitled to its own day to question the witness.

During the meet and confer on this dispute, Waymo claimed that Otto Trucking should have coordinated with Uber to share seven hours of deposition time, that bringing Mr. Droz back for deposition was an undue burden, and that Otto Trucking's topics are subsumed within Uber's topics and questions. Each of these arguments fails.

First, the law is clear that each party is entitled to its discovery and that no coordination between the parties to share in a single day of deposition is required. In *Gardens v. United States*, the court allowed six plaintiffs to take their own separate 30(b)(6) depositions as "each [was] entitled to take one deposition of defendant's Rule 30(b)(6) witness." No. 93-655C, 2014 WL 4401529, at *3 (Fed. Cl. Sep. 5, 2014); *see also Unwired Planet, LLC v. Square, Inc.*, No. 3:13–cv–00579–RCJ–WGC, 2014 WL 1159833 , at *5 (D. Nev. Mar. 17, 2014) ("[E]ach party is entitled to one seven-hour deposition of each expert witness disclosed").

Second, coordination was virtually impossible, given the late designation and the number of topics for which Mr. Droz had been designated. The night before Mr. Droz's deposition, Waymo informed Defendants that Mr. Droz had been designated to testify on four Uber topics and two Otto Trucking topics. Due to the breadth and lateness of the designation, it was impossible for Defendants to coordinate so as to complete all questioning within seven hours of deposition time. Waymo's claim that it is burdensome to bring Mr. Droz back for another deposition does not override Otto Trucking's right to separately examine Mr. Droz. *See id*.; *see also Landmark Screens, LLC v. Morgan, Lewis & Bokius LLP*, No. C08-02581 JF (HRL), 2010 WL 3221859, at *2 (N.D. Cal. Aug. 13, 2010) (rejecting argument that deposing the same witness multiple times was overly).

Third, there is very little, if any, duplication between Otto Trucking's topics and Uber's topics. Otto Trucking's topics focus on Waymo's failure to guard their purported trade secrets (*see* Ex. 3), whereas Uber's topics focus on technical aspects about the purported trade secrets and asserted patent and their development (*see* Exs. 4-5). Otto Trucking does not intend to duplicate Uber's questioning.

Waymo's final argument that Mr. Chatterjee left an hour before the deposition ended to catch a flight should be dismissed out of hand. At the point Mr. Chatterjee left, Uber was still questioning the witness, and it was clear that there was not sufficient time for Otto Trucking's questioning. The deposition began that day at 9:27 a.m. and concluded ten hours later due to arguments between counsel off the record and time wasted by Waymo's failure to furnish documents required by Judge Alsup's standing orders. Otto Trucking did not waive its right to deposition, merely because its counsel left to catch a flight when it was clear that Uber would not complete its examination that day.

The Special Master has ruled that he believes Otto Trucking is entitled to seven hours of its own deposition time with Mr. Droz. The Court should compel Waymo to produce Mr. Droz for examination by Otto Trucking.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**