# EXHIBIT 2

**Chang, Esther Kim**

| | |
|---|---|
| **From:** | John McCauley <johnmccauley@quinnemanuel.com> |
| **Sent:** | Wednesday, August 02, 2017 7:56 PM |
| **To:** | UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo |
| **Cc:** | QE-Waymo |
| **Subject:** | Waymo v. Uber - Droz 30(b)(6) Designations and Objections |

- External Email -

Counsel,

Waymo designates Mr. Droz to testify on Topics 2 and 6 of Uber's First 30(b)(6) Notice to Waymo. Waymo objects to Topic 6 on the ground that it is compound and contains multiple subparts in violation of Judge Alsup's Standing Order limiting the number of subject matters for 30(b)(6) depositions. Waymo further objects to Topic 6 on the ground that the phrases "valuation, use and/or commercialization" and "investments and expenditures made to develop" are vague and overbroad and do not describe the testimony sought with "reasonable particularity" as required by Judge Alsup's Standing Order as it relates to 30(b)(6) topics. Accordingly, with respect to Topic 6, he will testify regarding the design and use of the circuits related to the development of the '936 patent in Waymo's LiDAR.

Waymo designates Mr. Droz to testify with regard to topics 9 and 10 of Uber's Second 30(b)(6) Notice to Waymo for the currently asserted Trade Secrets, except for TS 25. For TS 25, Waymo will designate a different witness. Waymo objects to Topic 9 on the ground that the request for testimony as to "any documents that reflect such development" is overbroad and vague, and does not comply with Judge Alsup's Standing Order as it relates to 30(b)(6) topics. Accordingly, for Topic 9, Mr. Droz will be designated on the development of the Asserted Trade Secrets (other than TS25), but not on "any documents" that reflect the development.

Waymo designates Mr. Droz to testify on Topics 9 and 10 of Otto Trucking's 30(b)(6) Notice to Waymo with respect to the currently asserted Trade Secrets, except for TS 25 as noted above. Waymo objects to Topic 10 on the ground that it is compound and contains multiple subparts in violation of Judge Alsup's Standing Order limiting the number of subject matters for 30(b)(6) depositions. Waymo further objects to Topic 10 on the ground that the request for testimony concerning the compliance or noncompliance by current or former employees or vendors of all measures taken by Google and/or Waymo to protect its trade secrets is patently overbroad and vague and does not describe the testimony sought with "reasonable particularity" as required by Judge Alsup's Standing Order as it relates to 30(b)(6) topics. Waymo similarly objects to the request for testimony concerning "whether such employees or vendors took LiDAR home to work on or as mementos" as improper under Judge Alsup's Standing Order because it is not directed at discovering percipient facts in the possession of Waymo. Accordingly, with respect to Topic 10, Mr. Droz will testify on Waymo's practices and policies for protecting trade secrets Waymo claims were misappropriated by Otto Trucking.

Regards,

**John McCauley**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6434 Direct

415.875.6600 Main Office Number
415.875.6700 FAX
johnmccauley@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.