# EXHIBIT 4

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:   415.268.7000
7  Facsimile:    415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
11 Washington DC  20005
   Telephone:   202.237.2727
12 Facsimile:    202.237.6131

13 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

15                     UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17                         SAN FRANCISCO DIVISION

18 | WAYMO LLC, | Case No.    3:17-cv-00939-WHA |
19 | Plaintiff, | **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S NOTICE OF DEPOSITION OF WAYMO LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)** |
20 | v. | |
21 | UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
22 | | |
23 | Defendants. | Trial Date: October 10, 2017 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants Uber Technologies, Inc. and Ottomotto LLC will take the deposition of Plaintiff Waymo LLC.  The deposition will commence on August 11, 2017, at 9:00 a.m., or on a mutually agreeable date.  The deposition will take place at the offices of Morrison & Foerster LLP, located at 425 Market Street, San Francisco, California 94105.  The deposition will be taken by a notary public or other authorized officer and will continue from day to day until concluded, or may be continued until completed at a future date or dates.  PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(3), the deposition will be videotaped and recorded stenographically.

**DEFINITIONS**

The following definitions shall apply throughout these requests, regardless of whether upper or lower case letters are used:

1. "Allegedly Misappropriated Files" refers to all Waymo Documents and materials for which Waymo alleges any current or former employee of Defendants retained possession, without authorization of Waymo, after the employee ended his or her employment with Waymo. "Allegedly Misappropriated Files" includes the Documents specified in the definition of "Misappropriated Materials" at paragraph 16 of Waymo's First Set of Requests for Production to Defendants, served on May 9, 2017.

2. "Alleged Waymo Trade Secret(s)" shall mean the last bullet point paragraph (beginning with the text: "The trade secret claimed is . . . .") in each numbered section of Plaintiff's List of Asserted Trade Secrets Pursuant to Cal. Code Civ. Proc. Section 2019.210 (ECF No. 25-7, Exhibit 1 to the Declaration of Jordan Jaffe).

3. "The '936 patent" shall mean United States Patent No. 9,368,936, entitled "Laser Diode Firing System."

4. "LiDAR" shall mean light detection and ranging technologies, also known as ladar or laser radar.

5. "Uber" shall mean Uber Technologies, Inc. and any predecessor or successor

1  entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Uber
2  Technologies, Inc. holds an interest; Persons owned or controlled by the foregoing in whole or in
3  part; and their officers, directors, employees, agents, representatives, accountants, financial
4  advisors, consultants, and attorneys.

5    6. "Ottomotto" shall mean Ottomotto LLC and any predecessor or successor entities,
6  any parents, subsidiaries, or affiliates, and any joint ventures in which Ottomotto LLC holds an
7  interest; Persons owned or controlled by the foregoing in whole or in part; and their officers,
8  directors, employees, agents, representatives, accountants, financial advisors, consultants, and
9  attorneys.

10    7. "Waymo," "Plaintiff," "You," and "Your" shall mean collectively and
11  individually: Waymo LLC (previously Project Chauffeur), Google Inc., and Alphabet Inc.; their
12  parents, predecessors, successors, assigns, affiliates, direct and indirect subsidiaries, and partners;
13  any joint venture in which Waymo LLC, Google Inc., and/or Alphabet Inc. hold an interest;
14  Persons owned or controlled by the foregoing in whole or in part; and their officers, directors,
15  employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

16    8. "Waymo's SVN server" shall mean the Subversion server/servers or
17  repository/repositories, which holds technical information and Documents including design files,
18  schematics, source code, scripts, and other confidential information regarding Waymo.  This term
19  includes the "design server" described in at least paragraphs 43 and 44 of the Waymo Complaint,
20  the SVN Repository described at paragraphs 23-25 of the March 9, 2017 Declaration of Michael
21  Janosko submitted in support of Waymo's Motion for Preliminary Injunction, and the "SVN
22  repository" discussed at lines 8-21 of page 3 of the Court's May 11, 2017 Order Granting In Part
23  and Denying In Part Plaintiff's Motion for Provisional Relief.

24  **INSTRUCTIONS**

25    Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Waymo shall designate
26  one or more of its officers, directors, partners, managing agents, or other Persons who consent to
27  testify on Waymo's behalf and who are the most knowledgeable with respect to the deposition
28  topics set forth below.  At least ten days in advance of the date of deposition, Waymo is directed

1  to provide to counsel for Uber a written designation of the name(s) and position(s) of the
2  person(s) designated to testify on each of the following topics.

**TOPICS**

1. The extent to which Waymo monitors or records downloading from its computers, servers, and databases containing the Alleged Waymo Trade Secrets (e.g., Waymo's SVN server).

2. Whether, and to what extent, the Allegedly Misappropriated Files contain the Alleged Waymo Trade Secrets.

3. Waymo's investigation of any alleged misconduct by Anthony Levandowski, including the possibility that he may have improperly downloaded or exported Waymo documents, set up a competing company, or improperly recruited Waymo employees.

4. Compensation paid to Sebastian Thrun, each of the ▓▓▓▓▓▓ (Waymo-Uber-00026164), and any other employees through the Project Chauffeur Bonus Program, including how Waymo arrived at the valuation of Project Chauffeur for the purpose of awarding that compensation, how Waymo decided what percentage amount each employee would receive, and the dates that compensation was awarded and paid.

5. Approval for having Project Chauffeur or Waymo employees perform work for Kitty Hawk, Zee.Aero, or Tiramisu, including who was approved to work for them, what work they were approved to perform, who approved that work, and the circumstances of such approval.

6. The '936 patent, including the valuation, use, and/or commercialization of the '936 patent and investments or expenditures made to develop the invention(s) claimed in the patent.

7. Waymo's use of indemnification provisions in its acquisition or employment contracts, including any policy pertaining to the use of such provisions and any contracts in the past ten years that have included such provisions.

8. All valuations of Project Chauffeur or Waymo, including the circumstances for such valuation, how the valuation was arrived at, and the proportion attributable to LiDAR technologies.

1  Dated: July 28, 2017                    MORRISON & FOERSTER LLP

                                           By:  */s/ Arturo J. González*
                                                Arturo J. González

                                           Attorneys for Defendant
                                           UBER TECHNOLOGIES, INC.

# CERTIFICATE OF SERVICE

I declare that I, Ethel Villegas, am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California 94301.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on this date, I served true and correct copies of the following documents:

- **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S NOTICE OF DEPOSITION OF WAYMO LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)**

[X] **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| Recipient | Email Address: |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788 | qewaymo@quinnemanuel.com |
| Leo P. Cunningham<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br><br>*Attorneys for Plaintiff Waymo LLC* | lcunningham@wsgr.com |

| Recipient | Email Address: |
|---|---|
| I. Neel Chatterjee<br>GOODWIN PROCTER LLP<br>135 Commonwealth Drive<br>Menlo Park, CA 94025<br><br>Brett M. Schuman<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center<br>San Francisco, California 94111<br><br>*Attorneys for Defendant Otto Trucking LLC* | DG-GPOttoTruckingWaymo@goodwinlaw.com |
| John L. Cooper<br>Farella Braun + Martel LLP<br>Russ Building<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br><br>*Special Master* | JCooper@fbm.com<br>MCate@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Palo Alto, California, this 28th day of July, 2017.

| Ethel Villegas | */s/ Ethel Villegas* |
|---|---|
| (typed) | (signature) |