UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-00939-WHA   (JSC)<br><br>**ORDER DENYING OTTO TRUCKING LLC'S MOTION TO FURTHER DEPOSE LARRY PAGE**<br><br>Re: Dkt. No. 1069 |

　　　　Defendants took Larry Page's deposition. Otto Trucking (but not Uber) now seeks an order compelling Larry Page to be deposed for an additional two hours. Otto Trucking has not shown any cause for a further deposition.

　　　　First, the district court's standing order requires a deponent's counsel to "segregate and retain all material used to refresh [the deponent's] memories and shall provide them to examining counsel at the outset of the deposition." Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ("Standing Order") ¶ 22. Otto Trucking has not established that the three documents which it did not question Mr. Page about were actually used to refresh Mr. Page's recollection and thus have not shown that Waymo was required to identify the documents at the deposition. Mr. Page's testimony that the documents he reviewed in preparation for his deposition may have helped refresh his recollection somewhat (Dkt. No. 168-6 at 91-92), is insufficient to show a violation of the Standing Order. Further, and more importantly, even if Otto Trucking had made such a showing, it has not even attempted to show how knowing at the outset of the deposition that these three documents had been used to refresh Mr. Page's recollection matters.

　　　　Second, while Mr. Page's counsel should have limited deposition objections to privilege

and "objection as to form," Standing Order ¶ 21, Otto Trucking has again not identified any prejudice, that is, any information that it was entitled to and unable to obtain. Further, it does not identify anywhere in the record where it alerted Mr. Page's counsel that it believed that his objections ran afoul of the Standing Order.

Third, Otto Trucking has not shown that Mr. Page was not prepared to discuss the limited issues on which the Court allowed his deposition to go forward. And, again, as is the theme with Otto Trucking's motion, Otto Trucking has not even attempted to show any harm.

Finally, Waymo represents that it searched Mr. Page's cell phones and that no responsive information was discovered.

Otto Trucking's motion is DENIED. The Court will not compel discovery for the sake of compelling discovery and the Court expects that the parties will not bring a discovery motion just for the sake of bringing a discovery motion.

Any objections to this Order must be filed with the district court by noon on Wednesday, August 9, 2017.

This Order disposes of Docket No. 1069.

**IT SO ORDERED.**

Dated: August 8, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2