

August 8, 2017

Honorable Jacqueline Scott Corley
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. 3:17-cv-00939

Dear Judge Corley:

Defendants Uber Technologies Inc. and Ottomotto LLC move to compel Waymo to answer their Interrogatory Nos. 26 and 27, and for an order that Waymo cannot object to Uber's and Ottomotto's pending Interrogatory Nos. 28 through 50 on the ground that Uber and Ottomotto exceeded the permissible number of interrogatories. The Special Master authorized this motion.

\* \* \* \*

Federal Rule of Civil Procedure 33(a) is straightforward: "Unless otherwise stipulated or ordered by the court, a *party* may serve on any other party no more than 25 written interrogatories, including all discrete subparts." (emphasis added) Consistent with this plain language, the Special Master concluded that each *party* could serve 25 interrogatories, meaning Waymo could serve 25 interrogatories on each of the three defendants, and each of the three defendants could serve 25 interrogatories on Waymo. (*See* Pritt Declaration, ¶ 7; Ray Decl., ¶ 2.) Relying on this Rule, Uber and Ottomotto collectively served a total of 50 interrogatories (25 per party) on Waymo, including serving Interrogatory Nos. 25-27 on ***July 5***, 2017.[1] A month later, on August 4, Waymo served its written objections and responses, issuing a blanket objection and refusing to respond to any of Uber's and Ottomotto's interrogatories beyond number 25, claiming that "it was Waymo's understanding that the parties were in agreement that Uber/Otto were limited to a total of 25 interrogatories." (Pritt Decl., Ex. 1.) Waymo's position is specious.[2]

*First*, Waymo's objection relies on its counsel's June 8 and 21, 2017 emails stating the Special Master "concluded that each party would be limited to 25 interrogatories," and then requesting clarification on whether "Waymo has 25 interrogatories for Otto Trucking and 25 for Uber/Otto," or "25 interrogatories total to serve, but has to respond to 50 total from Defendants." (Pritt Decl., Exs. 1, 5.) But the Special Master never limited "Uber/Otto" to 25 interrogatories or otherwise treated the two parties as one for purposes of Rule 33. The Special Master confirmed his original conclusion on a June 22 meet-and-confer call, stating again that ***each*** party could

---

[1] Uber and Ottomotto served Interrogatory No. 28 on July 19, 2017, and Nos. 29-50 on July 25, 2017.

[2] Waymo's belated objection to Uber's and Ottomotto's compliance with Rule 33(a) and the Special Master's direction is also highly prejudicial. Uber's and Ottomotto's outstanding interrogatories go to the heart of this case, including Waymo's evidence, if any, of trade secret misappropriation by Uber (Pritt Decl, Ex. 3 (Nos. 30, 34-26, and 39)), and Waymo's valuation of its technology (*id*. (Nos. 42 and 49)).

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue NW, Washington, DC 20005 | (t) 202 237 2727 | (f) 202 237 6131 | www.bsfllp.com



serve up to 25 interrogatories, which he explained meant Waymo could serve 25 interrogatories on each of Uber, Ottomotto, and Otto Trucking, and vice versa.  (*See id.,* ¶ 7; Ray Decl., ¶ 2.)

*Second*, were Uber and Ottomotto "limited to a total of 25 interrogatories," as Waymo now claims was its "understanding," it would violate Rule 33, which provides that "***any party*** may serve upon any other party written interrogatories not to exceed 25 in number, including discrete subparts, to be answered by the party served."  Fed.R.Civ.P. 33(a) (emphasis added).  That means, naturally, "the limit set forth by Federal Rules is 25 ***per party*** . . . ."  *21X Capital Ltd. v. Werra*, No. C06-4135 JW (HRL), 2007 WL 2852367, at *2 (N.D. Cal. 2007) (emphasis added); *St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Mass. 2003) ("Under the plain terms of Rule 33(a), each defendant could, without leave of court, serve 25 interrogatories on the plaintiff.").[3]  Indeed, had the Special Master concluded otherwise—that Uber and Ottomotto were *not* entitled to 25 interrogatories each (contrary to Rule 33's presumptive limit)—Uber and Ottomotto would have sought relief in this Court at the outset.

*Third*, to the extent Waymo claims that responding to 50 interrogatories is burdensome, Waymo has not met its burden to prove any particular hardship from responding to discovery permitted under Rule 33.  Courts in this District have rejected a party's claim that "undue burden is presented" just because it has to respond to more than 25 interrogatories as a result of Rule 33. *See 21X Capital*, 2007 WL 2852367, at *2 ("Defendants do not describe a particular hardship or burden in answering that volume of interrogatories, and this court is not willing to rule in a vacuum that 50 (or 100) is too many as a matter of law.  Maybe it is; maybe not"; rejecting claim that "50 to 100 interrogatories are too numerous and presumptively burdensome").  "The party resisting relevant, non-privileged discovery has the burden of showing why discovery should not go forward."  *Id.*; *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-226-YGR (JSC), 2015 WL 7180662, at *1 (same).  Waymo does not attempt to meet its burden.  Nor could it in light of the discovery demands it has made of Uber and Ottomotto—11 inspections over 57 hours, 52 interrogatories, 307 requests for production, and hundreds of thousands of pages of documents.[4]

*Fourth*, Waymo cannot treat Uber and Ottomotto as the same party only when it suits Waymo's purpose.  Waymo named Uber and Ottomotto as separate defendants, and Ottomotto remains a Delaware LLC in good standing.  (Pritt Decl., Ex. 6.)  Under California law, "[i]t is the general rule that a parent corporation and its subsidiary will be treated as separate legal entities." *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1192 (N.D. Cal. 2009).  Further, Waymo served "Specific Interrogatories" on Uber and Ottomotto separately, which Uber and Ottomotto responded to separately.  (Pritt Decl. ¶¶ 10-11.)  Waymo also identified several Rule 30(b)(6) topics that Waymo believed "might require separate testimony from Uber and Ottomotto."  (*Id.*, Ex. 7.)  Waymo cannot have it both ways—it should be ordered to stop stonewalling discovery sought by Uber and Ottomotto, or to dismiss one of them as a defendant.

---

[3] That Uber and Ottomotto jointly served their interrogatories is irrelevant.  *See, e.g.*, *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614-15 (N.D. Cal. 2006) (ordering defendant to respond to plaintiffs' 32 jointly-served interrogatories since each plaintiff was allowed 25 interrogatories pursuant to Rule 33).

[4] For the same reasons, Waymo cannot argue it was prejudiced by its mistaken "understanding" that it could serve 25 interrogatories on "Uber/Otto."  Waymo did not even serve that amount; it served 24.  In any event, Waymo has served a total of 52 interrogatories on Uber and Ottomotto throughout this case.



Defendants Uber Technologies Inc.'s and Ottomotto LLC's Motion to Compel Responses to Interrogatories
Case No. C 17-00939 WHA

Respectfully submitted,

*/s/ Karen L. Dunn*

Karen L. Dunn
*Counsel for Uber Technologies, Inc. and Ottomotto LLC*

cc:   All Counsel of Record
      Special Master John Cooper

3