MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**DECLARATION OF MAXWELL V. PRITT IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO, LLC'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES**<br><br>Judge:　　Hon. Jacqueline Scott Corley<br>Trial Date: October 10, 2017 |

I, Maxwell Pritt, declare as follows:

1. I am counsel at the law firm of Boies Schiller Flexner LLP representing Defendants Uber Technologies Inc. and Ottomotto LLC (collectively, "Uber") in this matter. I am a member in good standing of the Bar of the State of California. I make this declaration in support of Uber's motion to compel Waymo to respond to Interrogatory Nos. 26 and 27, and for an order that Waymo cannot object to Interrogatory Nos. 28 through 50 on the ground that Uber and Ottomotto exceeded the permissible number of interrogatories. I make this declaration based on personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.

2. Attached as **Exhibit 1** is a true and correct copy of excerpts of Plaintiff Waymo LLC's ("Waymo's") Objections and Responses to Uber's Sixth Set of Interrogatories (Nos. 25-27). Waymo served its objections and responses to these interrogatories on August 4, at 10:36 p.m.

3. Attached as **Exhibit 2** is a true and correct copy of Uber's Seventh Set of Interrogatories (No. 28). Waymo's objections and responses to this interrogatory is due on August 18.

4. Attached as **Exhibit 3** is a true and correct copy of Uber's Eighth Set of Interrogatories (Nos. 29-50). Waymo's objections and responses to these interrogatories are due on August 24.

5. Attached as **Exhibit 4** is a true and correct copy of an email chain between myself, Special Master John Cooper, counsel for Waymo, and others dated between August 6, 2017, asking to meet and confer about Waymo's objections and refusal to respond to Uber's Interrogatory Nos. 26 and 27. The parties held a telephonic conference on this issue, among others, on August 7, 2017, and the Special Master authorized Uber and Ottomotto to file this motion.

6. Attached as **Exhibit 5** is a true and correct copy of an email chain with two emails from counsel for Waymo, Andrea Roberts, to the Special Master and others on June 8 and June 21, 2017. Ms. Roberts's June 8 email states that the Special Master had "concluded [on a June 7

1  meet and confer conference] that each party would be limited to 25 interrogatories."  Ms. Roberts
2  then requested clarification "from Mr. Cooper whether his conclusion is that Waymo has 25
3  interrogatories for Otto Trucking and 25 for Uber/Otto (i.e., 50 total, the same number that
4  defendants will be serving on Waymo), or whether his conclusion is that Waymo has 25
5  interrogatories total to serve, but has to respond to 50 total from Defendants."  Ms. Roberts raised
6  her request again on June 21, this time stating, "Having not received a response, we assume that
7  there is no objection to the above.  If there is, please promptly let us know so that we can plan our
8  discovery accordingly."

9        7.     The next day, on June 22, the Special Master addressed Ms. Roberts' request that
10 he clarify his prior conclusion during a telephonic meet-and-confer conference, stating:  "Under
11 Rule 33 [of the Federal Rules of Civil Procedure], each party has 25 interrogatories.  So Waymo
12 has 25 interrogatories against each of Uber, Ottomotto, and Otto Trucking."  Wendy Ray and I
13 attended this meet-and-confer conference on behalf of Uber and Ottomotto.  Before the deadline
14 to serve written discovery, I confirmed with the Special Master again, during a subsequent
15 telephonic meet-and-confer conference, that the Special Master's ruling applied equally to each
16 party, and that Uber and Ottomotto each were permitted to serve 25 interrogatories against
17 Waymo.  The Special Master confirmed that was his ruling based on the plain language of Rule
18 33.

19       8.     The last day to serve written discovery in this case was July 25, 2017.
20       9.     Attached as **Exhibit 6** is a true and correct copy of Ottomotto LLC's Delaware
21 certificate of status.

22       10.    On June 28, 2017, Waymo served its First Set of Specific Interrogatories directed
23 solely to Defendant Ottomotto LLC.  Defendant Ottomotto LLC responded on July 28, 2017.

24       11.    On June 28, 2017, Waymo served its First Set of Specific Interrogatories directed
25 solely to Defendant Uber Technologies, Inc.  Defendant Uber Technologies Inc. responded on
26 July 28, 2017.

27       12.    Attached as **Exhibit 7** is a true and correct copy of an email from Waymo's
28 counsel, Andrea Roberts, to Uber's and Ottomotto's counsel, and the Special Master, among

1  others, attaching Waymo's Federal Rule of Civil Procedure 30(b)(6) notices, stating, "When we
2  met and conferred last week, we discussed having Waymo identify which of the topics in the
3  Uber notice we through might require separate testimony from Uber and Ottomotto.  Those are: 3,
4  4, 5, 6, and 7."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 8th day of August, 2017, in Oakland, California.

                                      */s/ Maxwell V. Pritt*
                                        Maxwell V. Pritt

**ATTESTATION OF E-FILED SIGNATURE**

I, Karen L. Dunn, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Maxwell V. Pritt has concurred in this filing.

                                        */s/ Karen L. Dunn*
                                        Karen L. Dunn