# EXHIBIT 2

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:  202.237.2727
Facsimile:  202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No.      3:17-cv-00939-WHA<br><br>**DEFENDANT UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S SEVENTH SET OF INTERROGATORIES (NO. 28)**<br><br>Trial Date: October 10, 2017 |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc. and Ottomotto LLC ("Defendants") hereby request that Plaintiff Waymo LLC ("Waymo") respond to Uber's Fifth Set of Interrogatories (the "Interrogatories"). Defendants request that Waymo answer each interrogatory below and serve its answers on Defendants' counsel at the offices of Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105-2482, within thirty (30) days, or such other time as the parties agree or the Court orders.

## DEFINITIONS

The words and phrases used in these Interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any interrogatory.

The following definitions apply to the instructions and interrogatories below, regardless of whether upper or lower case letters are used for the defined terms, and are incorporated into each instruction and interrogatory as if fully set forth therein:

1. "Action" and "this Action" shall mean *Waymo LLC vs. Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA, pending in the United States District Court for the Northern District of California.

2. "Waymo," "Plaintiff," "You," and "Your" shall mean collectively and individually: Waymo LLC (previously Project Chauffeur), Google Inc., and Alphabet Inc.; their parents, predecessors, successors, assigns, affiliates, direct and indirect subsidiaries, and partners; any joint venture in which Waymo LLC, Google Inc., and/or Alphabet Inc. hold an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

3. "Uber" shall mean Uber Technologies, Inc., and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Uber Technologies, Inc. holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

4. "Otto" shall mean Ottomotto LLC and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Ottomotto LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

**INSTRUCTIONS**

1. You must respond to these interrogatories in accordance and compliance with the Federal Rules, the Local Rules, any relevant order entered in this Action, and the Default Standard for Discovery in this judicial district or other superseding agreements between the parties related to discovery.

2. In accordance with the applicable Federal Rules, the interrogatories below seek all responsive information in Your possession, custody, or control.  If You cannot fully respond to the following interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each interrogatory that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the interrogatory cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such interrogatory.

3. If You object to any interrogatories or any part of an interrogatory, identify the part to which You object, state the objection(s) with specificity, and provide a response to the remaining unobjectionable part.

4. If You object to all or any part of an interrogatory, the objection must state whether any responsive information is being withheld on the basis of that objection.

5. If You withhold any information based on a claim of privilege, immunity, or protection from disclosure, You must provide a statement of the claim in accordance with Rule 26(b)(5) of the Federal Rules, and as required by Provision 1(d) of the Default Standard for Discovery in this judicial district or as otherwise agreed by the parties.  Such statement should explain and substantiate the claim so as to permit adjudication of the claim's propriety.

6. If Your response to a particular interrogatory is a statement that You lack the ability to comply with that interrogatory, You shall specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer in Your possession, custody or control, in which case You shall identify the name and address of any person or entity known or believed by You to have possession, custody or control of that information or category of information.

7. The interrogatories, definitions, and instructions herein are propounded for the purpose of discovery and are not to be taken as a waiver of or prejudice to any objections that may be made at any hearing or trial in this Action to the introduction of any evidence relating to information responsive to these interrogatories or as an admission of the authenticity, relevance, or materiality of information and/or Documents responsive to these interrogatories.

8. These interrogatories shall be deemed to be continuing in accordance with Rule 26(e) of the Federal Rules, so that You are required to supplement Your response if You come into the possession, custody, or control of additional responsive information between the time of initial responses and the time of trial.

## INTERROGATORIES

**INTERROGATORY NO. 28:**

Separately for each alleged Waymo trade secret from "Plaintiff's List of Asserted Trade Secrets Pursuant to Cal. Code Civ. Proc. Section 2019.210," describe in detail how Uber/Otto's acquisition, use, or disclosure of such a trade secret was a substantial factor in causing Waymo's harm or Uber/Otto's unjust enrichment, including identifying whether the alleged act was acquisition, use or disclosure, and identifying all documents by bates number that relate to this allegation.

| | | |
|---|---|---|
| 1 | Dated: July 19, 2017 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ Arturo J. González* <br> ARTURO J. GONZÁLEZ |
| 4 | | Attorneys for Defendant <br> UBER TECHNOLOGIES, INC. |