# EXHIBIT 3

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:      415.268.7000
Facsimile:       415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:      202.237.2727
Facsimile:       202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.        3:17-cv-00939-WHA<br><br>**DEFENDANT UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S EIGHTH SET OF INTERROGATORIES (NOS. 29-50)**<br><br>Trial Date: October 10, 2017 |

**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc. and Ottomotto LLC ("Defendants") hereby request that Plaintiff Waymo LLC ("Waymo") respond to Uber's Eighth Set of Interrogatories (the "Interrogatories"). Defendants request that Waymo answer each interrogatory below and serve its answers on Defendants' counsel at the offices of Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105-2482, within thirty (30) days, or such other time as the parties agree or the Court orders.

**DEFINITIONS**

The words and phrases used in these Interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any interrogatory.

The following definitions apply to the instructions and interrogatories below, regardless of whether upper or lower case letters are used for the defined terms, and are incorporated into each instruction and interrogatory as if fully set forth therein:

1. "Action" and "this Action" shall mean *Waymo LLC vs. Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA, pending in the United States District Court for the Northern District of California.

2. "Waymo," "Plaintiff," "You," and "Your" shall mean collectively and individually: Waymo LLC (previously Project Chauffeur), Google Inc., and Alphabet Inc.; their parents, predecessors, successors, assigns, affiliates, direct and indirect subsidiaries, and partners; any joint venture in which Waymo LLC, Google Inc., and/or Alphabet Inc. hold an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

3. "Uber" shall mean Uber Technologies, Inc., and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Uber Technologies, Inc. holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

4.      "Otto" shall mean Ottomotto LLC and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Ottomotto LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

5.      "Otto Trucking" shall mean Otto Trucking LLC, and any predecessor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Otto Trucking LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

6.      "Defendant" or "Defendants" shall mean Uber, Otto, and Otto Trucking, including any one individual entity and/or any combination of the three defendants.

## INSTRUCTIONS

1.      You must respond to these interrogatories in accordance and compliance with the Federal Rules, the Local Rules, any relevant order entered in this Action, and the Default Standard for Discovery in this judicial district or other superseding agreements between the parties related to discovery.

2.      In accordance with the applicable Federal Rules, the interrogatories below seek all responsive information in Your possession, custody, or control.  If You cannot fully respond to the following interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each interrogatory that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the interrogatory cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such interrogatory.

3.      If You object to any interrogatories or any part of an interrogatory, identify the part to which You object, state the objection(s) with specificity, and provide a response to the

**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

1   remaining unobjectionable part.

2       4.    If You object to all or any part of an interrogatory, the objection must state

3   whether any responsive information is being withheld on the basis of that objection.

4       5.    If You withhold any information based on a claim of privilege, immunity, or

5   protection from disclosure, You must provide a statement of the claim in accordance with Rule

6   26(b)(5) of the Federal Rules, and as required by Provision 1(d) of the Default Standard for

7   Discovery in this judicial district or as otherwise agreed by the parties.  Such statement should

8   explain and substantiate the claim so as to permit adjudication of the claim's propriety.

9       6.    If Your response to a particular interrogatory is a statement that You lack the

10   ability to comply with that interrogatory, You shall specify whether the inability to comply is

11   because the particular item or category of information never existed, has been destroyed, has been

12   lost, misplaced or stolen, or has never been, or is no longer in Your possession, custody or

13   control, in which case You shall identify the name and address of any person or entity known or

14   believed by You to have possession, custody or control of that information or category of

15   information.

16       7.    The interrogatories, definitions, and instructions herein are propounded for the

17   purpose of discovery and are not to be taken as a waiver of or prejudice to any objections that

18   may be made at any hearing or trial in this Action to the introduction of any evidence relating to

19   information responsive to these interrogatories or as an admission of the authenticity, relevance,

20   or materiality of information and/or Documents responsive to these interrogatories.

21       8.    These interrogatories shall be deemed to be continuing in accordance with

22   Rule 26(e) of the Federal Rules, so that You are required to supplement Your response if You

23   come into the possession, custody, or control of additional responsive information between the

24   time of  initial responses and the time of trial.

25

26

27

28

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

## INTERROGATORIES

**INTERROGATORY NO. 29:**

If You did not admit any Request for Admission served by a Defendant, separately for each request that You did not admit, explain with specificity the basis for Your denial, including any facts or documents which You believe support Your position that the request cannot be admitted.

**INTERROGATORY NO. 30:**

Identify any facts that You believe show that any of Your documents allegedly taken or copied by Anthony Levandowski ever actually made their way to any facility, server, central document repository, or computer owned or controlled by any Defendant.

**INTERROGATORY NO. 31:**

Separately for each person involved in the development of each alleged trade secret on Waymo's August 1, 2017 "lineup of trade secrets to be tried," identify the time period(s) during which that person worked on each trade secret, and the percentage of their time they spent working on each trade secret.

**INTERROGATORY NO. 32:**

Separately for each alleged trade secret on Waymo's August 1, 2017 "lineup of trade secrets to be tried," identify which of Your LiDARs (including, without limitation, GBr3, GBr2, PBr, CBr, MBr, YBr) use that trade secret.

**INTERROGATORY NO. 33:**

Separately for each alleged trade secret on Waymo's August 1, 2017 "lineup of trade secrets to be tried," identify all third-party vendors that supply components or designs for that trade secret, and describe the components or designs supplied.

**INTERROGATORY NO. 34:**

Identify all facts and documents that You believe show that Anthony Levandowski downloaded the 14,000 files to assist any Defendants' development of LiDAR or self-driving technology.

**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

**INTERROGATORY NO. 35:**

Identify all facts and documents that You believe show that Anthony Levandowski was instructed or directed by any Defendant to download any of Your files.

**INTERROGATORY NO. 36:**

Identify all facts and documents that You believe show that any Defendant knew that any information or idea provided to any Defendant by any of Your former employees was Your trade secret.

**INTERROGATORY NO. 37:**

Separately for each Defendant, describe all aspects of Your competition with each Defendant, including any relevant analyses, assessments, and/or communications regarding that competition.

**INTERROGATORY NO. 38:**

Describe Your relationship with Kitty Hawk and Zee.Aero, including all of Your employees who worked on self-driving vehicles or technology who have also done work for or with Kitty Hawk or Zee.Aero, and the extent to which You have approved of such activities by Your employees.

**INTERROGATORY NO. 39:**

Separately for each former Waymo employee subsequently employed by Uber identified in your initial disclosures, identify and describe with specificity all aspects of Your proprietary LiDAR technology that You believe each of those former Waymo employees may use in working on LiDAR technology for any Defendant without violating any of Your rights or those employees' obligations to You, and those aspects of your LiDAR technology that You believe each of those former Waymo employees did in fact use in working on LiDAR Technology for any Defendant, and the reasons for Your belief.

**INTERROGATORY NO. 40:**

Describe Your knowledge, awareness, or information regarding all entities owned or operated by Anthony Levandowski, including when such knowledge was obtained and by whom, and what measures (if any) You took in response.

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

**INTERROGATORY NO. 41:**

Separately for each alleged trade secret on Waymo's August 1, 2017 "lineup of trade secrets to be tried," identify and describe with specificity any work done with third parties on any aspect of each trade secret, including any agreements, understandings, and/or communications regarding the terms of that work.

**INTERROGATORY NO. 42:**

Identify and describe all license or royalty rates for LiDAR and/or related self-driving technology of which You have any knowledge.

**INTERROGATORY NO. 43:**

Identify and describe whether You believe it violates any law, policy, or agreement for Your current or former employees to explore or have explored other employment options while still employed by You.

**INTERROGATORY NO. 44:**

Separately for each of Your former employees now employed by Uber that You identified in Your initial disclosures, identify and describe with specificity all reasons You hired that employee, including any relevant analyses, assessments, and/or communications by You regarding the employment and/or terms thereof.

**INTERROGATORY NO. 45:**

Describe each and every investigation initiated, conducted, or overseen by You of any of Your current or former employees who left and works or worked for any Defendant in connection with such employee's downloading, use, or retention of files or trade secrets, including but not limited to the names of all investigated former employees, the circumstances and reasons for such investigation, and the results and outcome of each such investigation.

**INTERROGATORY NO. 46:**

Describe in detail all non-LiDAR requirements, technology, and/or functionality for self-driving cars (in contrast to standard cars).

**INTERROGATORY NO. 47:**

Describe all investigations, inquiries, and information about Lyft hiring Luc Vincent, a

**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

1  former Google employee, including any investigation or due diligence into potential trade secret

2  misappropriation by Vincent and/or Lyft.

3  **INTERROGATORY NO. 48:**

4      Separately for each third-party LiDAR manufacturer of which You are aware, identify and

5  describe any differences of which You are aware between Waymo's LiDAR technology and the

6  LiDAR technology of the third-party manufacturer, and the basis for that knowledge.

7  **INTERROGATORY NO. 49:**

8      Describe how You arrived at the valuation that was used to award a payment to Anthony

9  Levandowski in excess of $100 million as part of the Project Chauffeur Bonus Program,

10  including who at Waymo approved of that amount and when it was finalized.

11  **INTERROGATORY NO. 50:**

12      If you contend that Waymo, Google, and Alphabet are separate and distinct corporate

13  entities, describe how they are separate and distinct, including but not limited to identifying the

14  corporate status, directors, officers, and senior management of Waymo, Google, and Alphabet

15  since inception of Project Chauffeur, and any use of common monetary or non-monetary

16  resources, such as common employees, equipment, office space, or real estate.

17

18

19  Dated: July 25, 2017               MORRISON & FOERSTER LLP

20

21                        By:  */s/ Arturo J. González*
                            ARTURO J. GONZÁLEZ

22

23                      Attorneys for Defendants
                    UBER TECHNOLOGIES, INC.
                    and OTTOMOTTO LLC

24

25

26

27

28