IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; and OTTO<br>TRUCKING LLC,<br><br>    Defendants.<br> | No. C 17-00939 WHA<br><br>**ORDER DENYING MOTIONS FOR RELIEF FROM JUDGE CORLEY'S NONDISPOSITIVE PRETRIAL ORDER RE LYFT-RELATED DOCUMENTS** |

## INTRODUCTION

The magistrate judge overseeing discovery in this action granted in part and denied in part defendants' motion to compel plaintiff to produce documents relating to its collaboration deal with a non-party. Both plaintiff and the non-party move for relief from that order pursuant to Civil Local Rule 72. The motions are **DENIED**.

## STATEMENT

Defendants Uber Technologies, Inc., and Ottomotto LLC (collectively, "Uber") served subpoenas for a deposition and document production on non-party Lyft, Inc., after Lyft reached a collaboration deal with plaintiff Waymo LLC. Lyft moved to quash the subpoenas (Dkt. No. 646) while Uber moved to compel Waymo to respond to interrogatories and produce documents relating to the deal (Dkt. No. 687). On July 7, per the discovery referral in this action, Magistrate Judge Jacqueline Corley granted Lyft's motion to quash and granted in part and denied in part Uber's motion to compel (Dkt. No. 832). Waymo and Lyft move for relief from that order pursuant to Civil Local Rule 72 (Dkt. Nos. 876–77). This order follows full briefing.

**ANALYSIS**

1. **STANDARD OF REVIEW.**

Under FRCP 72, a district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Ibid.* (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

2. **WAYMO'S MOTION FOR RELIEF.**

Waymo objects that Judge Corley took "inconsistent positions with respect to Waymo and Lyft's production of documents" because she granted Lyft's motion to quash based in part on "confidentiality concerns" but ordered Waymo to "produce the very documents that Lyft argued should not be produced" (*see* Dkt. Nos. 876 at 1–2, 952 at 1). Not so. Judge Corley found that Waymo, a *party* to this action, may have to produce certain "commercially sensitive" documents, but that a different legal standard applied "[t]o the extent Defendants seek *additional* documents from Lyft," a *non-party*. Under that standard, Judge Corley then found that "[d]efendants [did] not adequately explain how they have a substantial need for the requested information (*that is not otherwise being produced by Plaintiff*) that outweighs the confidential and commercial nature of the information" (Dkt. No. 832 at 3–6 (emphasis added)). These findings were neither inconsistent nor clearly erroneous.

Waymo also objects that it "already agreed to produce documents directed at the issues Uber claims the Lyft documents are relevant to," so "Uber does not need the additional Lyft documents" (*see* Dkt. Nos. 876 at 2–3, 952 at 2–3). But Waymo does not get to decide which responsive documents Uber is entitled to discover, and its disagreement with Judge Corley on this point is not reason to disturb her decision.

3. **LYFT'S MOTION FOR RELIEF.**

Uber argued before Judge Corley that the requested documents were "fundamental to [its] defenses" and "[necessary] to proceed with depositions" (Dkt. No. 687 at 1). Judge Corley granted Uber's motion to compel in part after finding that the requested documents related to

Waymo's claims for damages and injunctive relief, noting that Uber was entitled to develop its defense against said claims, rejecting Waymo's arguments to the contrary, and requiring that the documents "be produced on an outside attorneys' eyes only basis" (Dkt. No. 832 at 3). Yet, *Lyft* — which never submitted a brief in opposition to Uber's motion — now objects to Judge Corley's ruling against *Waymo* on the basis that her order did not explicitly state whether the documents in question were both relevant and necessary to Uber's case, "unreasonably cumulative or duplicative," or available through less intrusive means (Dkt. No. 877 at 2–5).

By finding that Uber was entitled to the requested documents to develop its defense against Waymo's claims for damages and injunctive relief, Judge Corley indicated the necessity of said documents to Uber's case. By rejecting Waymo's argument that Uber does not "need" the requested documents because Waymo's production of other documents on the same issues rendered the Lyft deal "irrelevant" (*see* Dkt. Nos. 746 at 5, 832 at 3), Judge Corley indicated that the requested documents were not "unreasonably cumulative or duplicative." And by requiring that the requested documents "be produced on an outside attorneys' eyes only basis," Judge Corley indicated that, in her judgment and after balancing the parties' competing interests, no "less intrusive means" were available. Aside from essentially complaining that Judge Corley did not offer more targeted responses to arguments it never raised before her, Lyft has not shown any reason to disturb her judgment on these discovery disputes.

## CONCLUSION

For the foregoing reasons, both motions for relief from Judge Corley's July 7 order are **DENIED**. All stated objections thereto are **OVERRULED**. Waymo shall fully comply with the order by **AUGUST 11 AT NOON**.

**IT IS SO ORDERED.**

Dated: August 8, 2017.

　　　　　　　　　　　　　　　　　　　　　WILLIAM ALSUP
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE