# Exhibit 4

1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:    415.268.7000
7  Facsimile:    415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
11 Washington DC  20005
   Telephone:    202.237.2727
12 Facsimile:    202.237.6131

13 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

15               UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17                  SAN FRANCISCO DIVISION

18 | WAYMO LLC,                                | Case No.   3:17-cv-00939-WHA
19 |           Plaintiff,                       | **DEFENDANT UBER TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1 - 11)**
20 |      v.                                    |
21 | UBER TECHNOLOGIES, INC.,                   |
   | OTTOMOTTO LLC; OTTO TRUCKING LLC,          | Trial Date: October 2, 2017
22 |                                            |
   |           Defendants.                      |
23

UBER'S FIRST SET OF INTERROGATORIES (NOS. 1-11)
Case No. 3:17-cv-00939-WHA
pa-1786707

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Uber Technologies, Inc. ("Uber") hereby requests that Plaintiff Waymo LLC ("Waymo") respond to Uber's First Set of Interrogatories (the "Interrogatories"). Uber requests that Waymo answer each interrogatory below and serve its answers on Uber's counsel at the offices of Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105-2482, within thirty (30) days, or such other time as the parties agree or the Court orders.

## **DEFINITIONS**

The words and phrases used in these Interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any interrogatory.

The following definitions apply to the instructions and interrogatories below, regardless of whether upper or lower case letters are used for the defined terms, and are incorporated into each instruction and interrogatory as if fully set forth therein:

1. "Action" and "this Action" shall mean *Waymo LLC vs. Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA, pending in the United States District Court for the Northern District of California.

2. "Waymo," "Plaintiff," "You," and "Your" shall mean collectively and individually: Waymo LLC (previously Project Chauffeur), Google Inc., and Alphabet Inc.; their parents, predecessors, successors, assigns, affiliates, direct and indirect subsidiaries, and partners; any joint venture in which Waymo LLC, Google Inc., and/or Alphabet Inc. hold an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

3. "Uber" shall mean Uber Technologies, Inc., and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Uber Technologies, Inc. holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

4. "Ottomotto" shall mean Ottomotto LLC, and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Ottomotto LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

5. "Otto Trucking" shall mean Otto Trucking LLC, and any predecessor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Otto Trucking LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

6. "Defendants" shall mean Uber Technologies, Inc. ("Uber") and Ottomotto LLC ("Otto") and Otto Trucking LLC.

7. "Fuji" shall mean the LiDAR system Defendants have identified by the name Fuji.

8. "Spider" shall mean the design for a LiDAR system Defendants have identified by the name Spider.

9. "Allegedly Misappropriated Files" refers to all Waymo Documents and materials for which Waymo alleges any current or former employee of Defendants retained possession, without authorization of Waymo, after the employee ended his or her employment with Waymo. "Allegedly Misappropriated Files" includes the documents specified in the definition of "Misappropriated Materials" at paragraph 16 of Waymo's First Set of Requests for Production to Defendants, served on May 9, 2017.

10. "Side Business" shall mean personal side project(s) or business(es) in which a Waymo employee participates while employed at Waymo.

11. "LiDAR" shall mean light detection and ranging technologies, also known as ladar or laser radar.

12. "Document" or "Documents" shall have the broadest meaning possible under Rules 26 and 34 of the Federal Rules and shall include without limitation: documents; ESI;

Communications in written, electronic, and recorded form; and tangible things.

13. "Concerning, "Concern," "Relating to," "Relate to," and "Related to," and any variation of these terms, shall mean concerning, relating to, involving, discussing, regarding, pertaining to, mentioning, commenting on, connected with, describing, depicting, demonstrating, analyzing, explaining, summarizing, showing, evidencing, reflecting, identifying, setting forth, dealing with, embodying, comprising, consisting of, containing, constituting, supporting, refuting, contradicting, resulting from, recording, or in any way relevant to a particular subject, directly or indirectly, in whole or in part.

14. "Include" and "Including" shall mean including without limitation.

15. "Person" or "Persons" shall mean any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

## INSTRUCTIONS

1. You must respond to these interrogatories in accordance and compliance with the Federal Rules, the Local Rules, any relevant order entered in this Action, and the Default Standard for Discovery in this judicial district or other superseding agreements between the parties related to discovery.

2. In accordance with the applicable Federal Rules, the interrogatories below seek all responsive information in Your possession, custody, or control. If You cannot fully respond to the following interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the interrogatory cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such interrogatory.

3. If You object to any interrogatories or any part of an interrogatory, identify the part to which You object, state the objection(s) with specificity, and provide a response to the

1  remaining unobjectionable part.

2      4.    If You object to all or any part of an interrogatory, the objection must state

3  whether any responsive information is being withheld on the basis of that objection.

4      5.    If You withhold any information based on a claim of privilege, immunity, or

5  protection from disclosure, You must provide a statement of the claim in accordance with Rule

6  26(b)(5) of the Federal Rules, and as required by Provision 1(d) of the Default Standard for

7  Discovery in this judicial district or as otherwise agreed by the parties.  Such statement should

8  explain and substantiate the claim so as to permit adjudication of the claim's propriety.

9      6.    If Your response to a particular interrogatory is a statement that You lack the

10  ability to comply with that interrogatory, You shall specify whether the inability to comply is

11  because the particular item or category of information never existed, has been destroyed, has been

12  lost, misplaced or stolen, or has never been, or is no longer in Your possession, custody or

13  control, in which case You shall identify the name and address of any person or entity known or

14  believed by You to have possession, custody or control of that information or category of

15  information.

16      7.    The interrogatories, definitions, and instructions herein are propounded for the

17  purpose of discovery and are not to be taken as a waiver of or prejudice to any objections that

18  may be made at any hearing or trial in this Action to the introduction of any evidence relating to

19  information responsive to these interrogatories or as an admission of the authenticity, relevance,

20  or materiality of information and/or Documents responsive to these interrogatories.

21      8.    These interrogatories shall be deemed to be continuing in accordance with

22  Rule 26(e) of the Federal Rules, so that You are required to supplement Your response if You

23  come into the possession, custody, or control of additional responsive information between the

24  time of initial responses and the time of trial.

25      **INTERROGATORIES**

26  **INTERROGATORY NO. 1:**

27      Identify each alleged Waymo trade secret from "Plaintiff's List of Asserted Trade Secrets

28  Pursuant to Cal. Code Civ. Proc. Section 2019.210," served on March 10, 2017, that You contend

is used by Uber, and identify all facts and Documents (by Bates number) that you believe support Your contention.

**INTERROGATORY NO. 2:**

Separately for each alleged Waymo trade secret identified in response to Interrogatory No. 1, identify each Person who you claim has knowledge that Uber has used that trade secret, and your basis for asserting that that person has knowledge of use of that specific trade secret.

**INTERROGATORY NO. 3:**

Separately for each alleged Waymo trade secret identified in response to Interrogatory No. 1, state why you believe it has independent economic value from not being generally known.

**INTERROGATORY NO. 4:**

Separately for each alleged Waymo trade secret identified in response to Interrogatory No. 1, identify all Documents (by Bates number) that reflect the development, content, and scope of the alleged trade secret.

**INTERROGATORY NO. 5:**

Separately for each alleged Waymo trade secret identified in response to Interrogatory No. 1, identify all Persons involved in the development of the alleged trade secret and describe their roles in the development.

**INTERROGATORY NO. 6:**

Separately for each alleged Waymo trade secret identified in response to Interrogatory No. 1, describe how long it took and how much it cost to develop.

**INTERROGATORY NO. 7:**

Separately for each alleged Waymo trade secret identified in response to Interrogatory No. 1, identify all efforts to maintain the secrecy and confidentiality of the trade secret.

**INTERROGATORY NO. 8:**

Separately for each alleged Waymo trade secret identified in response to Interrogatory No. 1, describe all instances in which the trade secret (or any Waymo LiDAR device utilizing the trade secret) was publicly or otherwise disclosed to third parties, and identify all Documents (by Bates number) Concerning such disclosure.

1 **INTERROGATORY NO. 9:**

2     Separately for each alleged Waymo trade secret identified in response to Interrogatory
3 No. 1, state why you contend it is not generally known in light of the public disclosures
4 referenced in the Declarations of Paul McManamon and Michael Lebby submitted in this case.

5 **INTERROGATORY NO. 10:**

6     Separately for each alleged Waymo trade secret identified in response to Interrogatory
7 No. 1, identify any and all Allegedly Misappropriated Files that You contend disclose that trade
8 secret and describe how those files disclose the trade secret.

9 **INTERROGATORY NO. 11:**

10     For the past five years, identify every Waymo executive (with a title of Senior Vice
11 President or Executive Vice President or above) who has had a separate Side Business during any
12 part of the time that he or she has worked at Waymo.

13

14 Dated: May 17, 2017                          MORRISON & FOERSTER LLP

15                                                  By: */s/ Arturo J. González*
16                                                            ARTURO J. GONZÁLEZ

17                          Attorneys for Defendant
                         UBER TECHNOLOGIES, INC.