Exhibit 5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
5  MORRISON & FOERSTER LLP
425 Market Street
6  San Francisco, California 94105-2482
Telephone:    415.268.7000
7  Facsimile:    415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
11 Washington DC 20005
Telephone:    202.237.2727
12 Facsimile:    202.237.6131

13 Attorneys for Defendants
UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

18 WAYMO LLC,                          Case No. 3:17-cv-00939-WHA

19              Plaintiff,             **DEFENDANTS UBER
                                       TECHNOLOGIES, INC. AND
20      v.                             OTTOMOTTO LLC'S RESPONSES TO
                                       WAYMO'S FIRST SET OF COMMON
21 UBER TECHNOLOGIES, INC.,            INTERROGATORIES (NOS. 1-3)**
   OTTOMOTTO LLC; OTTO TRUCKING LLC,
22
              Defendants.
23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendants Uber

2    Technologies, Inc. and Ottomotto LLC (collectively "Uber") object and respond to Plaintiff

3    Waymo LLC's First Set of Common Interrogatories, served on June 28, 2017.

4                                    **GENERAL OBJECTIONS**

5    Uber makes the following general responses and objections ("General Objections") to

6    each definition, instruction, and request propounded in Waymo's Interrogatories.  These General

7    Objections are hereby incorporated into each specific response.  The assertion of the same,

8    similar or additional objections or partial responses to the individual requests does not waive any

9    of Uber's General Objections.

10    1.    Uber objects to each Interrogatory, Definition, or Instruction to the extent it seeks

11    or purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules

12    of Civil Procedure or the applicable rules and orders of this Court.

13    2.    Nothing in these responses is an admission by Uber of the existence, relevance, or

14    admissibility of any information, for any purpose.  Uber reserves all objections as to competency,

15    relevance, materiality, privilege, or admissibility related to the use of its responses and any

16    document or thing identified in its responses as evidence for any purpose whatsoever in any

17    subsequent proceeding in this trial or any other action.

18    3.    Uber objects to each Interrogatory to the extent it seeks information not within

19    Uber's possession, custody, or control and not kept by Uber in its ordinary course of business.

20    Uber will provide only relevant, non-privileged information that is within its present possession,

21    custody, or control and available after a reasonable investigation.

22    4.    Uber objects to these Interrogatories insofar as they purport to require Uber to

23    search for information beyond that which is available after a reasonable search as it relates to this

24    case and the limited scope of discovery at this stage.

25    5.    Uber objects to each Interrogatory to the extent that it is not limited in time.  Uber

26    will produce information from a reasonable time period as it relates to this case.

27    6.    Uber objects to each Interrogatory to the extent it seeks a response from persons or

28    entities who are not parties to the lawsuit and over whom Uber has no control.  Uber responds to