# Exhibit 6

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANT UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S THIRD SET OF INTERROGATORIES (NOS. 13-14)**<br><br>Trial Date: October 10, 2017 |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Uber Technologies, Inc. ("Uber") hereby requests that Plaintiff Waymo LLC ("Waymo") respond to Uber's Third Set of Interrogatories (the "Interrogatories"). Uber requests that Waymo answer each interrogatory below and serve its answers on Uber's counsel at the offices of Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105-2482, within thirty (30) days, or such other time as the parties agree or the Court orders.

**DEFINITIONS**

The words and phrases used in these Interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any interrogatory.

The following definitions apply to the instructions and interrogatories below, regardless of whether upper or lower case letters are used for the defined terms, and are incorporated into each instruction and interrogatory as if fully set forth therein:

1. "Action" and "this Action" shall mean *Waymo LLC vs. Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA, pending in the United States District Court for the Northern District of California.

2. "Communication" shall mean any transmission of information by any means, including without limitation: (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, voicemail, or any other means; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal.

3. "Concerning, "Concern," "Relating to," "Relate to," and "Related to," and any variation of these terms, shall mean concerning, relating to, involving, discussing, regarding, pertaining to, mentioning, commenting on, connected with, describing, depicting, demonstrating, analyzing, explaining, summarizing, showing, evidencing, reflecting, identifying, setting forth, dealing with, embodying, comprising, consisting of, containing, constituting, supporting, refuting,

contradicting, resulting from, recording, or in any way relevant to a particular subject, directly or indirectly, in whole or in part.

4. "Defendants" shall mean Uber Technologies, Inc. ("Uber") and Ottomotto LLC ("Otto") and Otto Trucking LLC.

5. "Document" or "Documents" shall have the broadest meaning possible under Rules 26 and 34 of the Federal Rules and shall include without limitation: documents; ESI; Communications in written, electronic, and recorded form; and tangible things.

6. "Include" and "Including" shall mean including without limitation.

7. "Ottomotto" shall mean Ottomotto LLC, and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Ottomotto LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

8. "Otto Trucking" shall mean Otto Trucking LLC, and any predecessor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Otto Trucking LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

9. "Person" or "Persons" shall mean any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

10. "Uber" shall mean Uber Technologies, Inc., and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Uber Technologies, Inc. holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

11. "Waymo," "Plaintiff," "You," and "Your" shall mean collectively and

individually: Waymo LLC (previously Project Chauffeur), Google Inc., and Alphabet Inc.; their parents, predecessors, successors, assigns, affiliates, direct and indirect subsidiaries, and partners; any joint venture in which Waymo LLC, Google Inc., and/or Alphabet Inc. hold an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

12. "Waymo Complaint" or "Complaint" shall mean the First Amended Complaint filed by Waymo against Defendants in this action on March 10, 2017, and any further amended complaint filed by Waymo in this action.

## INSTRUCTIONS

1. You must respond to these interrogatories in accordance and compliance with the Federal Rules, the Local Rules, any relevant order entered in this Action, and the Default Standard for Discovery in this judicial district or other superseding agreements between the parties related to discovery.

2. In accordance with the applicable Federal Rules, the interrogatories below seek all responsive information in Your possession, custody, or control. If You cannot fully respond to the following interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the interrogatory cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such interrogatory.

3. If You object to any interrogatories or any part of an interrogatory, identify the part to which You object, state the objection(s) with specificity, and provide a response to the remaining unobjectionable part.

4. If You object to all or any part of an interrogatory, the objection must state whether any responsive information is being withheld on the basis of that objection.

5. If You withhold any information based on a claim of privilege, immunity, or protection from disclosure, You must provide a statement of the claim in accordance with Rule

1  26(b)(5) of the Federal Rules, and as required by Provision 1(d) of the Default Standard for
2  Discovery in this judicial district or as otherwise agreed by the parties.  Such statement should
3  explain and substantiate the claim so as to permit adjudication of the claim's propriety.

4       6.     If Your response to a particular interrogatory is a statement that You lack the
5  ability to comply with that interrogatory, You shall specify whether the inability to comply is
6  because the particular item or category of information never existed, has been destroyed, has been
7  lost, misplaced or stolen, or has never been, or is no longer in Your possession, custody or
8  control, in which case You shall identify the name and address of any person or entity known or
9  believed by You to have possession, custody or control of that information or category of
10  information.

11       7.     The interrogatories, definitions, and instructions herein are propounded for the
12  purpose of discovery and are not to be taken as a waiver of or prejudice to any objections that
13  may be made at any hearing or trial in this Action to the introduction of any evidence relating to
14  information responsive to these interrogatories or as an admission of the authenticity, relevance,
15  or materiality of information and/or Documents responsive to these interrogatories.

16       8.     These interrogatories shall be deemed to be continuing in accordance with
17  Rule 26(e) of the Federal Rules, so that You are required to supplement Your response if You
18  come into the possession, custody, or control of additional responsive information between the
19  time of initial responses and the time of trial.

20  **INTERROGATORIES**

21  **INTERROGATORY NO. 13:**

22       For each cause of action in the Waymo Complaint, describe in detail the complete basis
23  for any damages You contend You have suffered or will suffer due to the alleged conduct of
24  Defendants, including a specific explanation of each damages theory or methodology by which
25  You contend the amount of damages should be calculated (e.g., compensatory damages, unjust
26  enrichment, reasonable royalty, punitive or exemplary damages, restitution or disgorgement, or
27  any other measure of damages); the specific calculations and inputs You contend should be used
28  under each such theory or methodology; and the identification of all facts, documents (by bates

number), testimony and other information that You contend support Your damages claims.

**INTERROGATORY NO. 14:**

Identify all Persons at Waymo who had Communications with Anthony Levandowski relating to the Project Chauffer bonus program, including but not limited to Communications regarding the timing of payments to be made to Anthony Levandowski under that bonus program.

Dated: June 15, 2017                                       MORRISON & FOERSTER LLP

By:  */s/ Arturo J. Gonzalez*
        ARTURO J. GONZALEZ

Attorneys for Defendant
UBER TECHNOLOGIES, INC. AND
OTTOMOTTO LLC