# Jeff Nardinelli

| | |
|---|---|
| **From:** | Andrea P Roberts |
| **Sent:** | Wednesday, June 21, 2017 3:08 PM |
| **To:** | John Cooper (JCooper@fbm.com); Matthew Cate (MCate@fbm.com); UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Rachel Walsh (RWalsh@goodwinlaw.com); Neel Chatterjee (nchatterjee@goodwinlaw.com); Shane Brun (SBrun@goodwinlaw.com); Brett Schuman (BSchuman@goodwinlaw.com) |
| **Cc:** | QE-Waymo |
| **Subject:** | RE: Waymo v. Uber Follow Up on June 7 Meet and Confer |

John and Counsel,

I write to follow up on a couple of items discussed in the email below.  We made proposals with respect to RFPs and Interrogatories.

For RFPs, we suggested that the deadline by which either side must request leave to serve additional RFPs should be sufficiently in advance of the deadline by which RFPs would need to be served so that answers are due by the close of fact discovery.  We would add that the parties should act in good faith to resolve any disputes regarding leave to serve additional RFPs before the deadline to serve RFPs.

For interrogatories, we requested clarification from Mr. Cooper whether his conclusion about the number of interrogatories is that Waymo has 25 interrogatories for Otto Trucking and 25 for Uber/Otto (i.e., 50 total, the same number that defendants will be serving on Waymo), or whether his conclusion is that Waymo has 25 interrogatories total to serve, but has to respond to 50 total from Defendants.  Waymo notes that FRCP 33 provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve **on any other party** no more than 25 written interrogatories, including all discrete subparts."  (emphasis added).

Having not received a response, we assume that there is no objection to the above.  If there is, please promptly let us know so that we can plan our discovery accordingly.

Thanks,
Andrea

---

**From:** Andrea P Roberts
**Sent:** Thursday, June 08, 2017 5:12 PM
**To:** John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate (MCate@fbm.com) <MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; Rachel Walsh (RWalsh@goodwinlaw.com) <RWalsh@goodwinlaw.com>; Neel Chatterjee (nchatterjee@goodwinlaw.com) <nchatterjee@goodwinlaw.com>; Shane Brun (SBrun@goodwinlaw.com) <SBrun@goodwinlaw.com>; Brett Schuman (BSchuman@goodwinlaw.com) <BSchuman@goodwinlaw.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Waymo v. Uber Follow Up on June 7 Meet and Confer

John and Counsel,

1

I write to follow up and summarize several of the issues discussed on yesterday's meet and confer.

<u>3500 Withheld Documents</u>

We discussed the status of Defendants' identification of withheld documents that are implicated by Judge Corley's June 5 order. Mr. Cooper made clear that he wants to tee up focused issues for Judge Corley to resolve by Wednesday, June 14. Defendants agreed that by this Friday, June 9 they will identify for each document on their privilege logs where they contend it is still privileged both under Judge Corley's ruling (and whether it would be assuming any appeal of that ruling is granted), and the basis for same. Based on that Friday identification, the parties would then meet and confer on Monday and/or Tuesday about the issues to be resolved by Judge Corley so that a motion to compel can be filed on Wednesday. This morning Judge Corley issued an order requiring the parties to jointly propose a process for resolving any further privilege log disputes by close of business on Monday, June 12. Accordingly, we request that Defendants provide the list of documents that are still privileged by 2 pm tomorrow so that we have ample time to review that list and the parties have time to meet and confer and agree on a process before close of business on Monday.

<u>Requests for Production</u>

Before Waymo can serve any additional Requests for Production, we must send an email to Mr. Cooper and Defendants identifying the additional requests and explaining why Waymo should be entitled to serve them. It's our understanding that this procedure must be followed for anything above 265 RFPs. Thus, Defendants should follow this same procedure after they collectively reach 265 RFPs. Further, there was no discussion of the deadline by which either side must request leave to serve additional RFPs. We propose that the deadline should be sufficiently in advance of the deadline by which RFPs would need to be served so that answers are due by the close of fact discovery.

<u>Interrogatories</u>

Mr. Cooper concluded that each party would be limited to 25 interrogatories. He further indicated that if the parties have objections relating to the fairness of number of interrogatories served, they can raise them in their interrogatory objections. We request clarification from Mr. Cooper whether his conclusion is that Waymo has 25 interrogatories for Otto Trucking and 25 for Uber/Otto (i.e., 50 total, the same number that defendants will be serving on Waymo), or whether his conclusion is that Waymo has 25 interrogatories total to serve, but has to respond to 50 total from Defendants. Waymo notes that FRCP 33 provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve **on any other party** no more than 25 written interrogatories, including all discrete subparts." (emphasis added).

<u>Uber's Response to Expedited RFP 5</u>

Uber and OttoMotto are to identify the Bates range of documents produced that were in the Data Room. They are also supposed to provide an explanation of diligence documents that were <u>not</u> put in the Data Room and the volume of such documents. Defendants said that they would provide this information by the end of this week, i.e. Friday June 9.

<u>Uber's Response to Expedited RFP 8</u>

We asked whether all documents Defendants are withholding in response to this request are privileged. Ms. Ray said that she needed to confer with Ms. Rivera. Please provide a response by tomorrow. As we indicated on the call, Defendants cannot continue to refuse to log documents being withheld as privileged while waiting for various court orders.

Uber's Response to Expedited Interrogatory No. 1

We raised the question of why Defendants did not disclose in response to the March 16 Order the destruction by Levandowski of five disks that he reported to Uber contained Google information.  Uber responded that it does not know what was on those disks and never had them and therefore cannot certify that they contained the downloaded material.  Uber further said that it understood the relevance of Waymo's question and acknowledged that it would have been "helpful" if Uber had disclosed and explained this issue earlier.

We additionally asked whether Otto had access to these disks or any further information about them, since Levandowski was employed at Otto at the time of their destruction.  Mr. Hume said that Uber and OttoMotto do not know where the downloaded files are; don't know if Stroz has them; and don't think that Otto ever had them.  With respect to whether Stroz has possession of the files, Mr. Hume said that the issue is being litigated and if Judge Corley's decision stands, Waymo will get the Stroz report.  We asked that Defendants supplement their response to this interrogatory if Judge Corlye's decision stands.

Uber's Response to Expedited Interrogatory No. 3

In response to Waymo's questions about Uber's response, Mr. Cooper asked that Defendants explain what source they used to determine which devices Levandowski used to access Defendants' networks.  Please provide this response by tomorrow.

Ms. Ray further confirmed that this response is intended to include Otto.

Uber's Response to Expedited Interrogatory No. 4

Ms. Ray stated that Defendants do not have access to Sandstone LLC ownership information.  However, Uber recently produced a document showing "payment for Tyto LIDAR LLC" and including as the recipient Ognen Stojanovski.  UBER00048430.  We understand from Uber's other interrogatory responses that Mr. Stojanovski is a current Uber employee.  Did Uber ask Mr. Stojanovski about the information called for by this interrogatory?  Did Uber similarly ask Mr. Levandowski about this information before his termination?  Please let us know by Friday.

Uber's Responses to Expedited Interrogatory Nos. 5, 8, and 9

Ms. Ray said that she needed to discuss these with Ms. Rivera and will respond by Friday.

Texts Between Levandowski and Travis Kalanick

As Defendants previously noted, the texts made available for inspection do not include texts sent from Kalanick to Levandowski.  Ms. Chang said that they've made available for inspection all of the texts between Levandowski and Kalanick that were collected from Kalanick's phone.  The vendor thinks that there wasn't a collection issue but, due to Kalanick's recent family tragedy, Uber does not currently have access to his phone and doesn't know when it will have it.  It was also made clear that, when collecting texts from Kalanick's phone, Defendants did collect texts from Kalanick to <u>others</u>.  It is only texts from Kalanick to Levandowski that are missing.  We will follow up on this issue again as we do want to inspect these texts, but are mindful of Kalanick's current situation.

Inspection Issues

In response to the third paragraph in Mr. Nardinelli's June 1 email, Ms. Chang responded that it is her understanding that most or all of the laptops Waymo's counsel saw in the LiDAR development area were Uber-issued. She explained, however, that she cannot verify that they were all Uber-issued because the question was simply about laptops seen in that area on a particular day. If Waymo wants a more definitive answer, Defendants contend they should serve an interrogatory.

In response to Waymo's request that Uber produce the .txt file Mr. Nardinelli created during the source code inspection, Defendants refused saying that this file should be treated as source code and under source code protections. Ms. Chang suggested that Defendants would be willing to consider producing a portion of that document, but not the whole thing. We are evaluating whether a portion will be sufficient and will respond in a separate email.

With respect to emails from Tyto LiDAR, which were not included in the emails made available for inspection, Ms. Chang said that emails were not a part of the asset purchase involving Tyto and so there are no such emails.

Max Levandowski Deposition

We will address this in separate correspondence.

Waymo's Expedited RFP 13

Uber responded that it does not have objections to this request.

Meall #3

Defendants represented that they will search for additional documents, but are not optimistic that any will be located. We ask that any such additional documents be produced by June 16.

Otto Trucking Privilege Logs

We asked for clarification regarding Otto Trucking's representation that all entries on various privilege logs were documents in Otto Trucking's possession, custody, or control. Ms. Walsh explained that those documents were O'Melveny documents, and O'Melveny represented both Otto Trucking and OttoMotto. Thus, those are documents that were in Otto Trucking's possession, custody, or control.

Status of Otto Trucking's Expedited Document Productions

Ms. Walsh represented that Otto Trucking's production responsive to Waymo's Expedited RFPs would be complete on Friday.

Otto Trucking Responses to Expedited RFPs and Interrogatories

With respect to both RFPs and Interrogatories, Otto Trucking's responses use the language "as it pertains to Otto Trucking." Ms. Walsh represented that this language was used to distinguish Otto Trucking from Uber and OttoMotto. Ms. Walsh represented that Otto Trucking is not withholding responsive information on the basis that it does not "pertain to Otto Trucking." We reiterate that if Otto Trucking has information that is responsive to any of these requests, even if it "pertains" to another defendant, it should be provided.

We also asked whether Otto Trucking conferred with its members, including Levandowski, regarding responsive documents and the interrogatories. Otto Trucking refused to answer, saying this was attorney work product.

With respect to Expedited RFP 8, Ms. Walsh was not sure if there were additional documents that needed to be logged and said she would check.  Please provide an update by Friday.

With respect to Expedited Interrogatory No. 3, Ms. Walsh clarified that Otto Trucking does not have any networks.

With respect to Expedited Interrogatory No. 9, Ms. Walsh said that she would confirm that the referenced documents were produced to Waymo.  Please confirm by tomorrow that they've been produced.

Thanks,
Andrea


**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.