**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94101 | TEL (415) 875-6600

August 9, 2017

Magistrate Judge Jacqueline Scott Corley

Re:   *Waymo LLC v. Uber Technologies, Inc., et al.*, N.D. Cal., Case 3:17-cv-00939-WHA
      **Waymo's Opposition to Uber's Motion to Compel**

Dear Judge Corley:

Please find below Waymo's opposition to Uber's motion to compel further deposition from Waymo engineer Pierre Droz (Dkt. 1121).

Sincerely,

*/s/ Charles K. Verhoeven*

Charles K. Verhoeven

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

The Court should reject Defendants' requests for an additional day of deposition for Pierre-Yves Droz in both his personal and corporate capacity as well as a second additional day of deposition for Otto Trucking alone.  Defendants have had ample time to depose Mr. Droz, and their arguments otherwise are baseless.

**The Breadth Of Topics Does Not Justify Additional Deposition**

Defendants' claim regarding breadth of subject matter finds no support in either the Federal Rules or the facts of this case.  As made clear by both Rule 30 itself and the related Advisory Committee Notes, 30(b)(6) depositions are each treated as a single deposition and subject to the durational limit of one day of seven hours.  The clear presumption is that, absent good cause, Defendants are not entitled to additional deposition time.  *See, e.g.,* Advisory Committee Notes on the 2000 Amendment.

Defendants fail entirely to demonstrate good cause.  Defendants' conclusory statement that "[g]iven the breadth of the topics on which [Mr. Droz] was designated, Uber was unable to complete its questioning on the Rule 30(b)(6) topics," falls far short of meeting Defendants' burden.  Indeed, Defendants and Defendants alone are to blame for the breadth of their own topics.  Waymo objected to Defendants' topics as overbroad but Defendants refused to narrow them.  They should not now be heard to complain that they could not complete the deposition because of that breadth.  (*See* Alsup Standing Order at 8 ("If a notice includes an overbroad topic, the overbroad topic shall be unenforceable and may not later be replaced with a proper topic.")).

Likewise, Waymo's decision to designate Mr. Droz on 9 out of 10 asserted trade secrets for three Rule 30(b)(6) topics is not grounds for bringing him back for an additional two days.  Although Judge Alsup's Standing Order limits a party to a total of 10 topics, it has no limitation on the "breadth" for which a single witness may be designated.  Nor do the Federal Rules. Nevertheless, while Mr. Droz is designated as a corporate witness for nine of the ten trade secrets for three topics in Uber Rule 30(b)(6) notice, Uber has ample opportunity to examine witnesses regarding Waymo's trade secrets in general. Waymo identified the engineers involved in the development of the asserted trade secrets in its interrogatory responses.  Uber has or is deposing 11 of those engineers, for a potential 77 hours of deposition time. (If one includes current/former Waymo employees now or formerly at Uber, that number increases to over 100 hours of deposition time.)  Defendants identify no particular topic that it wanted to but could not reach at Mr. Droz's deposition or is otherwise unable to get relevant deposition testimony about.  No further corporate deposition testimony is required.

**Waymo Did Not Violate The Court's Standing Order**

Defendants' claim that Waymo failed to provide Defendants with documents in accordance with Judge Alsup's Standing Order misrepresents the record.  Mr. Droz did not testify that the documents listed in Defendants' Letter refreshed his recollection; rather he provided a list of documents that he reviewed in preparation for his deposition.  [Ex. 1 (Droz Dep.) at 174:25-175:7] ("And there were a lot of documents.  I'm trying to remember all documents we looked at.").  As set forth in this Court's recent Order, such testimony "is insufficient to show a violation

1

of the Standing Order." (Dkt. 1123.) Moreover, as with Mr. Page's deposition, Defendants have "not even attempted to show how knowing at the outset of the deposition that these [] documents had been used to refresh [Mr. Droz's] recollection matters." *Id.*

Counsel for Waymo made clear at the deposition that the documents all had previously been produced and were emailed purely as a professional courtesy. [Ex. 1 at 203:21-204:7.] And counsel for Uber declined to answer how many—if any—of the documents were not already in the files it brought to the deposition. [*Id.* at 317:4-318:14.] Regardless, Waymo counsel provided the documents to Uber with more than ample time to use them in the deposition. Uber's counsel tactically decided not to in order to create fodder for this motion, even with the opportunity to do so. That is not good cause.

**Mr. Droz Was Fully Prepared For Deposition**

Mr. Droz's testimony on the two topics identified by Defendants—cost information and Trade Secret 90—does not warrant further examination. Mr. Droz was never designated on cost information and Defendants admit Waymo will be providing a different witness on that topic.

On Trade Secret 90 ("TS 90"), Defendants have made no showing that Mr. Droz was unprepared. Mr. Droz specifically testified that he was knowledgeable and prepared to answer Uber's questions. [Ex. 1 at 29:2-32:2.] Uber failed to even show Mr. Droz the document cited in TS 90 or ask him any questions about the substance of the trade secret. Defendants cannot point to any question or testimony that would rebut that. Waymo even offered additional time for Defendants to question Mr. Droz on Trade Secret 90, but Defendants declined, preferring to overreach by asking for an additional 7 hours. [*Id.* at 358-369.]

**Defendants Have Already Questioned Mr. Droz In His Personal Capacity**

Defendants make no showing that they were incapable of questioning Mr. Droz in both his personal and 30(b)(6) capacity within the durational limits provided by the Federal Rules. That Defendants opted not to ask follow-up questions regarding Mr. Droz's personal knowledge where relevant does not entitle Defendants to any additional time, let alone an additional day. Indeed, Judge Alsup's Standing Order makes clear that a 30(b)(6) and personal deposition of a single witness should be conducted as a single deposition, *i.e.* a single day for 7 hours. (*Id.* at 8) ("A corporate designee may, immediately after being deposed on the stated subject, be deposed in his or her individual capacity. Both such sessions shall count together as a single deposition (although they should be separately transcribed)." Defendants were well aware that Mr. Droz was being made available pursuant to both a personal and corporate subpoena and must now live with the choice to refrain from questioning on personal topics.

Defendants neglect to mention that they have already deposed Mr. Droz in his personal capacity during the preliminary injunction phase on topics substantially similar to those raised in Defendants' Letter. Defendants are wrong to imply that they would have needed to approach Mr. Droz's personal deposition from scratch.

2

For its part, Otto Trucking makes no separate argument as to why a personal deposition is necessary, separately or in conjunction with Uber's request. And Otto Trucking fails to inform the Court that it noticed Mr. Droz's personal deposition two days *after* Defendants deposed him.

**Otto Trucking Has Already Deposed Mr. Droz**

Defendants have changed their view as to the separation of the parties as it serves their interests. Otto Trucking's discovery responses are replete with incorporations by reference to Uber's responses and deference to the same. Defendants share a common financial interest as evidenced by the indemnification agreement and have at times asserted common interest privilege. Yet when Defendants sense an advantage in standing apart, they take every opportunity to do so. Judge Alsup has previously chastised Defendants for this behavior. [Tr. 4 27 Hr. at 24] ("I'm not going to allow this. This is double-teaming. You don't get to come up here and make two arguments to their one. Double-teaming. Please go have a seat.") And this Court has recently denied similar attempts by Otto Trucking to separately seek discovery. (Dkt. 1123.)

At bottom, Defendants failed in their obligation to cooperate with one another and coordinate discovery. Defendants claim that it was impossible to do so, but they make no showing of *any* effort whatsoever. That Mr. Chatterjee left before the end of the day due to Uber's monopolization of time or a flight doesn't change their obligation to one another or the fact that he left.

Defendants' case law does not cure the lack of coordination. With respect to *Gardens v. United States*, from the Court of Federal Claims, Defendants cite to the *plaintiffs' position* and attempt to pass it off as the court's holding. No. 93-655C, 2014 WL 4401529, at *3 (Fed. Cl. Sep. 5, 2014). The court did not allow "six plaintiffs to take their own separate 30(b)(6) depositions;" rather, the court extensively considered the fact intensive nature of the regulatory takings claims that each plaintiff was bringing and agreed to a compromise position where the plaintiffs would collectively share three days. *Id.* at *4-6. Likewise, Defendants imply that the court in *Unwired Planet, LLC v. Square, Inc.*, addressed a remotely analogous situation. While Defendants correctly quote the court's statement that "each party is entitled to one seven-hour deposition of each expert witness disclosed," they neglect to inform the Court that there were only *two parties*, a single plaintiff and single defendant, in that case. No. 3:13–cv–00579–RCJ–WGC, 2014 WL 1159833 , at *5 (D. Nev. Mar. 17, 2014).

Defendants further mislead with the claim that "there is very little, if any, duplication between Otto Trucking's topics and Uber's topics." but the designated Otto Trucking topics are entirely subsumed by Uber's topic 10: "Waymo's awareness of the extent to which each of the Alleged Waymo Trade Secrets selected for trial, or elements thereof, are known or practiced outside of Waymo." To the extent Otto Trucking sought different information from Mr. Droz, it was incumbent on Defendants to allocate time on the record accordingly.

Bringing Mr. Droz back for a third deposition is unreasonable and overly burdensome, particularly in light of the overlapping subject matter and the time remaining in the discovery period. No further deposition of Mr. Droz is warranted.