


August 10, 2017

The Honorable Jacqueline Scott Corley
United States Magistrate Judge
United States District Court for the Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Waymo LLC v. Uber Technologies, LLC et al.*, Case No. 3:17-cv-00939-WHA

Dear Judge Corley:

Defendants Uber Technologies, Inc. and Ottomotto LLC ("Uber") respectfully submit this letter brief in opposition to Waymo LLC's motion to compel the depositions of David Bonderman and Arianna Huffington.

Respectfully Submitted,

*/s/ Karen L. Dunn*

Karen L. Dunn
Counsel for Uber Technologies, Inc. and
Ottomotto LLC

cc: counsel of record; Special Master John Cooper

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**





When Waymo sought the depositions of Bill Gurley, David Bonderman, and Arianna Huffington, the Court ordered that Waymo could take one deposition from Uber's Board of Directors, and then attempt to "make a showing as to why you need more." (Dkt. 1012 at 5:13-5:20). Waymo indicated that it wanted to depose Mr. Gurley. Within a few days of the Court's decision, Uber conferred with Mr. Gurley's counsel, was advised that he was only available on August 24, and offered that date to Waymo. Waymo accepted.

Now, Waymo is attempting to sidestep the Court's requirement that it "make a showing" as to why the depositions of Mr. Bonderman or Ms. Huffington are needed. Instead, Waymo has invented a scheduling dispute to gloss over the fact that it cannot make such a showing. Waymo has no grounds to argue the necessity of deposition testimony from either Mr. Bonderman or Ms. Huffington, and this deficiency is unlikely to change following Mr. Gurley's deposition.[1]

Waymo dedicates most of its letter brief to an argument that the depositions of Mr. Gurley, Mr. Bonderman, and Ms. Huffington are not cumulative. But Waymo has not shown that any of the three current or former Board members has "unique first-hand, non-repetitive knowledge of the facts at issue in the case." *In re Google Litig.*, No. C 08-03172 RMW (PSG), 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011). Moreover, Waymo *cannot* make the required showing, because it is seeking to depose the Board members based entirely on their knowledge *as* Board members. Although the Board members may not have identical knowledge, Waymo has not offered anything other than conclusory statements and speculation to show that any of the Board members is likely to have *unique* knowledge relevant to the case.

The most significant point in Waymo's argument is an omission. Waymo notes in its brief that it has the minutes of the "critical" April 11, 2016 Board of Directors meeting where the Ottomotto transaction was approved. [REDACTED] and Ms. Huffington did not join Uber's Board of Directors until April 27, 2016. Ex. 2. This makes clear that Waymo is simply engaged in a fishing expedition and has no real basis to depose Mr. Bonderman or Ms. Huffington *at all*.

Waymo also contends that the "the Board has met repeatedly since the filing of the Complaint to discuss (among other things) [REDACTED]" But that claim is not supported by the evidence. Only one set of Board minutes (from May 15) indicates there was a discussion of "[REDACTED]" (Dkt. 1096-6.)

---

[1] Uber has offered to make Mr. Bonderman and Ms. Huffington available for deposition between August 24 and September 8 if their depositions are ordered by the Court following Mr. Gurley's deposition. This approach would require the parties to submit a stipulation to Judge Alsup to obtain an exception to the fact discovery cutoff. However, Uber believes that this is a reasonable compromise in light of the constraints imposed by Mr. Gurley's availability and Waymo's selection of Mr. Gurley as the Board member it wished to depose.





[redacted]—showing that there is no reason to depose them both.

Waymo's third principal claim—that "Mr. Bonderman and Ms. Huffington therefore have unique knowledge about these highly relevant topics, many of which go to the key issue of what Directors at the very top of the company knew about Mr. Levandowski's theft and retention of Waymo trade secrets, [and] when they knew it" is offered without *any* citation to any factual support other than that Ms. Huffington reportedly spoke with Mr. Kalanick before he resigned from his position as Uber's CEO. Again, Waymo is relying on nothing more than sheer speculation.

Waymo's claim that the scheduling of Mr. Gurley's is an "attempt to create delay" is completely unfounded. Uber has taken extraordinary steps to make its witnesses available for deposition on a short schedule. Almost 20 Uber witnesses have been deposed, several more than once, and over a dozen more are scheduled to be deposed in the next two weeks. Uber has also offered deposition dates for an *additional* six witnesses and is waiting for Waymo to confirm those dates. The parties have been working together to efficiently schedule a tremendous number of depositions in a compressed timeframe, and for the most part have been able to reach agreements on scheduling issues based on the availability of witnesses. Waymo's suggestion that Uber is engaging in gamesmanship—rather than simply being constrained by the availability of a witness who is a *former* member of Uber's Board of Directors—is a disappointing departure from what has otherwise been a relatively cooperative process.

Waymo has not shown that it should be permitted to take the depositions of Mr. Bonderman *or* Ms. Huffington. Accordingly, Waymo's motion should be denied.