MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO LETTER BRIEF RE: BONDERMAN AND HUFFINGTON DEPOSITIONS**<br><br>Judge: Hon. Jacqueline Scott Corley<br>Trial Date: October 10, 2017 |

Pursuant to N.D. Cal. Civil Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") submit this administrative motion for an order to file under seal exhibits to Uber's Letter Brief Re: Bonderman and Huffington Depositions. Specifically, Uber requests an order granting leave to file under seal the confidential portions of the following:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Letter Brief | Redactions | Uber |
| Exhibit 1 | Entire Document | Uber |

Documents filed in connection with a non-dispositive motion may be sealed if the party seeking to seal the documents makes a "particularized showing" under the "good cause" standard of Rule 26(c). *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citation and internal quotation marks omitted); *see also Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010).

The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

There is good cause to seal documents containing confidential business assessments and strategy, information and communications containing financial terms, incentives and negotiations over contract terms where such information could cause competitive harm if disclosed publicly. *See Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *2 (D. Nev. Apr. 29, 2011) (finding good cause to seal information regarding finances, contractual agreements and information regarding particular arrangements with customers); *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 2302310, at *2 (D. Nev. May 24, 2013) (finding good cause to seal financial information and business strategies); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's

1

contractual agreements . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace"). In addition, sealing is appropriate for documents that are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted).

Sealing is also appropriate for documents that contain "confidential and commercially sensitive information," which meet the "compelling reasons" standard and are properly filed under seal, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

Exhibit 1 contains highly confidential information regarding business terms, including information about the structure of a business agreement. (Takashima Decl. ISO Uber's Administrative Motion to File Documents Under Seal, ¶ 3.) This highly confidential information is not publicly known, and its confidentiality is strictly maintained. (*Id.* ¶ 4.) If this information were to be released to the public, Defendants' competitors and counterparties would have insight into how Defendants structure their business agreements, including what potential terms have been offered, which would allow them to tailor their own business negotiations strategy, such that Uber's competitive standing could be harmed. (*Id.* ¶ 5.)

The redacted portions of the letter brief contain confidential information discussing Exhibit 1 and their sealing is justified for the same reasons. (*Id.* ¶ 6.)

Under the controlling case law in this district, such information is properly sealed in connection with a non-dispositive motion.

Pursuant to Civil Local Rule 79-5(d)(2), Uber will lodge with the Clerk the documents at issue, with accompanying chamber copies. Uber served Waymo with this motion on August 10, 2017.

| | | |
|---|---|---|
| 1 | Dated: August 10, 2017 | BOIES SCHILLER FLEXNER LLP |
| 2 | | |
| 3 | | By: */s/ Karen L. Dunn* <br> Karen L. Dunn |
| 4 | | *Counsel for Defendants* <br> UBER TECHNOLOGIES, INC. AND |
| 5 | | OTTOMOTTO LLC |

3