WALTER F. BROWN (STATE BAR NO. 130248)
MELINDA L. HAAG (STATE BAR NO. 132612)
ROBERT L. URIARTE (STATE BAR NO. 258274)
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:  415-773-5700
Facsimile:  415-773-5759
wbrown@orrick.com
mhaag@orrick.com
ruriarte@orrick.com

Attorneys for Non-Party
TRAVIS KALANICK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| WAYMO LLC, | Case No.: 17-cv-00939-WHA |
|---|---|
| Plaintiffs, | **DECLARATION OF ROBERT L. URIARTE IN SUPPORT OF MR. KALANICK'S OPPOSITION TO WAYMO'S MOTION TO COMPEL MR. KALANICK'S CELL PHONE/CELL PHONE IMAGE** |
| v. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

I, Robert L. Uriarte, hereby declare:

1. I am a member of the bar of the California State Bar, admitted to practice before this Court, and am an associate with the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), counsel for Travis Kalanick. I have personal knowledge of the facts stated in this declaration, except as to those facts stated on information and belief, which I believe to be true. I could and would testify competently to the matters stated herein.

2. On June 28, 2017, Orrick retained Fidelis Cybersecurity ("Fidelis) on behalf of Mr. Kalanick. After supervising Stroz Friedberg's creation of an image of Mr. Kalanick's mobile device at Orrick's San Francisco office, Fidelis Senior Cybersecurity Analyst Allan T. Vogel provided Orrick with a Microsoft Excel spreadsheet containing text message data exported from Mr. Kalanick's personal mobile device.

3. I was one of three Orrick attorneys responsible for conducting an eyes-on review of each line of data in the spreadsheet provided by Mr. Vogel. My colleagues and I conducted a thorough review of each line of data in order to identify text messages between Mr. Kalanick and Anthony Levandowski. In total, we identified 554 text messages between Mr. Kalanick and Mr. Levandowski. I am informed and believe that each of these 554 text messages has been produced to Waymo by Uber's counsel.

4. The excel spreadsheet provided to Orrick by Mr. Vogel contained "from" field metadata for text messages but did not contain "to" field metadata for nearly all outgoing text messages. In order to identify outgoing messages to Mr. Levandowski for which no "to" field metadata was provided, my colleagues and I reviewed the date and time stamps, content, and context of each outgoing message and compared that information to incoming messages from Mr. Levandowski and others.

5. In addition to conducting a specific manual search for text messages between Mr. Kalanick and Mr. Levandowski, my colleagues and I also searched for other text messages that might be relevant to the parties' dispute, including by applying to Mr. Kalanick's text message data a set of ESI search terms provided to Orrick by Uber's counsel. I am informed and believe that the ESI search terms provided by Uber's counsel to Orrick include the parties' agreed-to ESI

search terms for this case. Based on the results of Orrick's ESI terms searches, my colleagues and I identified an additional 21 responsive text messages, which I am informed and believe have already been produced to Waymo by Uber's counsel, with the exception of privileged text messages between Mr. Kalanick and Uber's counsel.

6. During the course of our review, my colleagues and I identified 13 text messages sent from Mr. Kalanick to Mr. Levandowski between February 13 and April 5, 2016. I am informed and believe that each of these text messages has already been produced to Waymo by Uber's counsel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 10th day of August, 2017 at Menlo Park, California.

_____
Robert L. Uriarte