...

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 10, 2017

Writer's Direct Contact
+1 (415) 268.7020
AGonzalez@mofo.com

Honorable Jacqueline Scott Corley
United States Magistrate Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Waymo LLC v. Uber Technologies, Inc., et al.,* Case No. 3:17-cv-00939-WHA

Dear Judge Corley:

Uber submits this letter brief in opposition to Waymo's motion to compel Uber to produce 1) Travis Kalanick's text messages and phone and 2) documents responsive to Waymo's Request for Production No. 256 (related to radar).

**Travis Kalanick's Text Messages Have Been Produced**

Waymo's motion to compel the production of Mr. Kalanick's text messages is moot.  As detailed in the letter brief filed by Mr. Kalanick today, all responsive text messages have been produced.

Waymo's claim that Uber hid text messages is meritless.  The phone at issue is Mr. Kalanick's personal device, not one owned by Uber.  On May 19, 2017, Mr. Kalanick provided his phone to Uber's vendor, which performed a standard extraction of text messages.  (Ray Decl. ¶ 2.)  Uber searched the results for all texts with Anthony Levandowski and provided the results to Waymo for inspection on June 6, 2017.  (*Id*. ¶ 3.) When reviewing the text messages, Uber noticed that there were no sent messages.  (*Id*. ¶ 4.) Uber's counsel alerted Waymo's counsel to this issue prior to the inspection and stated that Uber would follow up.  (*Id*. ¶ 5.)  Uber's counsel noted that Mr. Kalanick was then on leave due to his mother's recent death and his father's hospitalization following a horrific boating accident and that Uber would not be able to obtain access to Mr. Kalanick's personal phone until his return.  (*Id*. ¶ 6.)  Mr. Kalanick resigned as CEO before returning from his leave of absence.  Within days of his resignation, he retained personal counsel at Orrick. Uber requested of Mr. Kalanick's personal counsel that it be able to further investigate the phone. (*Id*. ¶ 7.)  Because the phone is a personal device with private information, Orrick handled the forensic investigation.  (*Id*.)  Orrick investigated whether additional messages could be recovered, made extensive efforts to recover additional texts and produced those additional texts, as described in Orrick's brief and accompanying expert declaration.  Waymo's complaints are baseless, and there is nothing more to compel.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

sf-3813529

# MORRISON | FOERSTER

Magistrate Judge Jacqueline Scott Corley
August 10, 2017
Page Two

**RFP No. 256:  Waymo Continues to Fish for Non-LiDAR Discovery**

With two weeks to the close of fact discovery and opening expert reports, Waymo again attempts to expand its fishing expedition to non-LiDAR technology.  Waymo's RFP No. 256 seeks the production of radar sensor schematics on the basis of its Trade Secret Nos. ("TS") 108 and 109 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (TS 108) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (TS 109)).  As explained in detail in Uber's fully-briefed motion currently pending before Judge Alsup, Waymo's vague and overbroad TS 108 and TS 109 are insufficient disclosures under Cal. Civ. Proc. Code § 2019.210 and therefore cannot justify discovery into non-LiDAR technology.  (*See* Dkt. 1006-4 at 1-4; Dkt. 1015 (staying Dkt. 951).)  This Court has previously ruled that the identification of schematics on a trade secrets list, described only as a "representation of [plaintiff's] proprietary process and efficient solution," was an insufficient disclosure under Section 2019.210 that merited dismissal of the trade secret claim.  *JobScience, Inc. v. CVPartners, Inc.*, No. C 12-04519-WHA, 2014 WL 1724763, at *2-3 (N.D. Cal. May 1, 2014); *see also Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1115-16 (N.D. Cal. 2016) (trade secrets list identification of "[a]ll information stored in Plaintiff's Apple MacBook Air computer" or "[a]ll information stored in Plaintiff's data accounts" were "so vague and unspecific as to constitute no disclosure at all" under Section 2019.210).  Just as this Court dismissed the trade secret claims in *Jobscience*, the Court should deny discovery based on TS 108 and TS 109 here.

Respectfully submitted,

*/s/ Arturo J. González*

Arturo J. González
Counsel for Uber Technologies, Inc.
and Ottomotto LLC

cc:  All Counsel of Record
     Special Master John Cooper