Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant: Otto Trucking LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF HONG-AN VU IN SUPPORT OF DEFENDANT OTTO TRUCKING LLC'S MOTION TO COMPEL DISCOVERY FROM WAYMO REGARDING ITS FORENSIC INVESTIGATION**<br><br>Judge:   The Honorable Jacqueline Scott Corley<br>Trial Date: October 10, 2017 |

I, Hong-An Vu, declare as follows:

1.  I am an associate at the law firm of Goodwin Procter representing Otto Trucking LLC in this matter. I am a member in good standing of the Bar of the State of California. I make this declaration in support of Otto Trucking's Motion to Compel Discovery From Waymo Regarding its Forensic Investigation. I make this declaration based on personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.

2.  On August 9, 2017, I was present on a meet and confer between the parties with the Special Master during which counsel for Waymo LLC represented that it was intentionally waiving work-product protection over Waymo's forensic investigation regarding Messrs. Levandowski, Kshirsagar, and Raduta.

3.  Attached as **Exhibit 1** is true and correct copy of excerpts of the certified deposition transcript of Gary Brown, dated March 24, 2017.

4.  Attached as **Exhibit 2** is true and correct copy of excerpts of the certified 30(b)(6) deposition transcript of Gary Brown, dated August, 2, 2017.

5.  Attached as **Exhibit 3** is true and correct copy of excerpts of the certified deposition transcript of Gary Brown, dated August, 8, 2017.

6.  Attached as **Exhibit 4** is true and correct copy of excerpts of the certified deposition transcript of Kristinn Gudjonsson, dated July 28, 2017.

7.  Attached as **Exhibit 5** is true and correct copy of excerpts of the certified deposition transcript of Chelsea Bailey, dated August, 1, 2017.

8.  Attached as **Exhibit 6** is a true and correct copy of a Waymo Privilege Log dated March 23, 2017.

9.  Attached as **Exhibit 7** is a true and correct copy of an April 10, 2017 email from Waymo's counsel, James Judah, to Uber's and Ottomotto's counsel, and the Special Master, among others, forwarding a Jeff Nardinelli email which Waymo identified on an August 9, 2017 conferral as setting forth its position on the "scope of waiver."

10. Attached as **Exhibit 8** is a true and correct copy of a July 21, 2017 email from Waymo's counsel, Jeff Nardinelli, to Uber's and Ottomotto's counsel, and the Special Master, among others,

regarding Waymo productions PROD024 and PROD024A and attaching the privilege log for Waymo PROD024.

11. Attached as **Exhibit 9** is a true and correct copy of a Waymo Privilege Log dated July 21, 2017.

12. Attached as **Exhibit 10** is a true and correct copy of a July 30, 2017 email from Waymo's counsel, Jeff Nardinelli, to Uber's and Ottomotto's counsel, and the Special Master, among others, regarding meeting and conferring regard Waymo's responses to Otto Trucking's Requests for Production, stating, "Waymo waived the privilege with respect to elements of its investigations into Mr. Levandowski as well as Messrs. Raduta and Kshirsagar, and accordingly produced the documents over which it waived privilege."

13. Attached as **Exhibit 11** is a true and correct copy of the Machine Forensic Record for Sameer Kshirsagar, in redacted form, produced by Waymo, bearing bates numbers WAYMO-UBER-00029365.C-29378.C. This version of the document was produced by Waymo after Gary Brown was examined during deposition on the unredacted version of this document (WAYMO-UBER-00029365 – 29378).

14. Attached as **Exhibit 12** is a true and correct copy of the Machine Forensic Record for Anthony Levandowski, produced by Waymo, bearing bates numbers WAYMO-UBER-00029412-29460.

15. Attached as **Exhibit 13** is a true and correct copy of an August 8, 2017 email from Waymo's counsel, Jeff Nardinelli, to Uber's and Ottomotto's counsel, and the Special Master, among others, clawing back WAYMO-UBER-00029365, the unredacted version of the Machine Forensic Record for Sameer Kshirsagar.

16. Attached as **Exhibit 14** is a true and correct copy of Plaintiff Waymo LLC's List of Issues on Which It Will Present Expert Testimony During Its Case-In-Chief At Trial, dated August 3, 2017.

17. I have reviewed twenty-four privilege logs served by Waymo in this case. I identified the entries on the privilege logs which appear to relate to Waymo's forensic investigation based on the sender and recipients (e.g., Kristinn Gudjonnson, Gary Brown, Chelsea Bailey, Tom Gorman, other

attorneys at Keker & Van Nest) and/or subject matter description (e.g., "internal investigation," or "legal dispute"). On all of the entries I identified except for two, Waymo claimed attorney-client privilege and attorney-work product protection. The two entries which Waymo claimed as attorney work product only are on Waymo's April 12, 2017 privilege log (entries ##19, 20) and "reflect notes taken by Mr. [Gary] Brown reflecting an investigation performed at the instruction of counsel."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 11th day of August, 2017, in Los Angeles, CA.

*/s/ Hong-An Vu*
HONG-AN VU

**ATTORNEY ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Neel Chatterjee, hereby attest that concurrence in the filing of this document has been obtained from any signatories indicated by a "conformed" signatures (/s/) within this document.

Dated: August 11, 2017                    /s/ *Neel Chatterjee*
                                          Neel Chatterjee