HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
 2              SAN FRANCISCO DIVISION
 3
 4     _____
                                      )
 5     WAYMO LLC,                     )
                                      )
 6               Plaintiff,           )
                                      )
 7          vs.                       )  Case No.
                                      )  3:17-cv-00939-WHA
 8     UBER TECHNOLOGIES, INC.,       )
       OTTOMOTTO LLC; OTTO            )
 9     TRUCKING LLC,                  )
                                      )
10               Defendants.          )
       _____)
11
12
13
14
15        HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
16          VIDEOTAPED DEPOSITION OF GARY T. BROWN
17               San Francisco, California
18               Friday, March 24, 2017
19                    Volume I
20
21
22
       Reported by:  SUZANNE F. GUDELJ
23     CSR No. 5111
24     Job No. 2577644
25     PAGES 1 - 65
```

Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# REDACTED

Page  28

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY



Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1    attorney?

2            MR. HOLMES:  Pardon me?

3            MR. GONZALEZ:  Yeah, which -- which

4    attorney are you referring to?

5            MR. HOLMES:  Google and/or Waymo counsel    12:15:25

6    generally.

7    BY MR. GONZALEZ:

8        Q    Your declaration --  your declaration makes

9    reference to 14,000 files; do you recall that?

10       A    Yes.                                        12:15:40

11       Q    When did you -- are you the person who

12   discovered that there were 14,000 files allegedly

13   downloaded?

14       A    No.

15       Q    Who discovered that?                        12:15:50

16           MR. HOLMES:  Caution you not to disclose

17   any attorney-client communications or work product.

18           MR. GONZALEZ:  Well, I'm telling you it's

19   a -- it's a waiver once it makes its way into a

20   declaration filed in federal court.  So let me do it  12:16:09

21   this way.

22   BY MR. GONZALEZ:

23       Q    You say in your declaration, paragraph 17,

24   that based on your review of logs, Mr. Levandowski

25   alledgedly downloaded over 14,000 files.  Do you see  12:16:30

                                                    Page 30

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1    that?

2        A    Yes.

3        Q    How did that first come to your attention?

4             MR. HOLMES:  And I want to caution you not

5    to disclose any attorney-client communications.    12:16:41

6             THE WITNESS:  A log file was provided to

7    me.

8    BY MR. GONZALEZ:

9        Q    By whom?

10            MR. HOLMES:  Same caution.              12:16:58

11            THE WITNESS:  A former administrator of the

12   SVN server had pulled the log, provided it to a

13   lawyer.  The lawyer provided it to me.

14   BY MR. GONZALEZ:

15       Q    All right.  And when did you get this log?  12:17:11

16       A    Sometime in February 2017.

17       Q    Do you remember any more specifically what

18   the date was when you, yourself, saw the alleged

19   downloading of 14,000 files?

20       A    That varies.                            12:17:41

21       Q    When's the first time that you saw some of

22   the downloading that ended up being 14,000 files?

23       A    I saw the network traffic in October of

24   2016.

25       Q    What is network traffic?               12:17:59

                                              Page 31

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1        A     When activity occurs on devices that are on

 2   Google's corporate network, our sensors pick up

 3   information about that traffic, and those go into

 4   our logs.

 5        Q     So what information was picked up about the   12:18:18

 6   downloading of the 14,000 files?

 7        A     From the network traffic.  Approximately 10

 8   gigabytes of data was transferred from the IP

 9   address and domain where the subversion server

10   relies -- resides to the work laptop of Anthony      12:18:46

11   Levandowski.

12        Q     Did you consider that to be suspicious?

13              MR. HOLMES:  Objection to form.

14              THE WITNESS:  Potentially.

15   BY MR. GONZALEZ:                                      12:19:04

16        Q     That fact by itself didn't make you to

17   think -- didn't make you think that he had done

18   anything improper, did it?

19              MR. HOLMES:  Objection to form.

20              THE WITNESS:  That fact by itself has other  12:19:15

21   factors around it that do make it suspicious.

22   BY MR. GONZALEZ:

23        Q     Such as?

24        A     Such as the searching for instructions on

25   how to access that server; such as the appearance of  12:19:27
```

Page 32

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
1            MR. HOLMES:  -- the question he has.

2            MR. GONZALEZ:  Let's go off the record.

3            VIDEO OPERATOR:  We are off the record at

4    12:24 p.m.

5            (Recess.)                              12:27:59

6            VIDEO OPERATOR:  We are back on the record

7    at 12:27 p.m.

8    BY MR. GONZALEZ:

9        Q    Who told you that Mr. Levandowski had

10   access to the server and downloaded 14,000 files?    12:28:07

11       A    A lawyer.

12       Q    Which lawyer?

13       A    Tom Gorman.

14       Q    And did you then seek to confirm that by

15   your analysis?                                 12:28:22

16       A    Yes.

17       Q    And did you confirm that in October of

18   2016?

19       A    I corroborated the download with network

20   traffic.                                       12:28:43

21       Q    So you looked at the network traffic to

22   corroborate that 14,000 files were downloaded onto

23   what device?

24       A    Anthony Levandowski's work laptop.

25       Q    The work laptop that was issued to him by   12:29:00
```

Page 36

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY



Page 38

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY



Page 39

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1          I, the undersigned, a Certified Shorthand

2    Reporter of the State of California, do hereby

3    certify:

4          That the foregoing proceedings were taken

5    before me at the time and place herein set forth;

6    that any witnesses in the foregoing proceedings,

7    prior to testifying, were duly sworn; that a record

8    of the proceedings was made by me using machine

9    shorthand which was thereafter transcribed under my

10   direction; that the foregoing transcript is a true

11   record of the testimony given.

12          Further, that if the foregoing pertains to

13   the original transcript of a deposition in a Federal

14   Case, before completion of the proceedings, review

15   of the transcript [ ] was [X] was not requested.

16          I further, certify I am neither financially

17   interested in the action nor a relative or employee

18   of any attorney or party to this action.

19          IN WITNESS WHEREOF, I have this date

20   subscribed my name.

21   Dated:3/27/17

22

23                          SUZANNE F. GUDELJ

24                          CSR No. 5111

25

                                            Page 65