HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1              UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3                SAN FRANCISCO DIVISION

4

5    WAYMO LLC,                      )

6             Plaintiff,            )

7         vs.                       ) Case No.

8    UBER TECHNOLOGIES, INC.;       ) 3:17-cv-000939-WHA

9    OTTOMOTTO LLC; OTTO TRUCKING, )

10   INC.,                          )

11            Defendants.           )

12   _____)

13      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

14

15    VIDEOTAPED DEPOSITION OF KRISTINN GUDJONSSON

16               Palo Alto, California

17              Friday, July 28, 2017

18                   Volume I

19

20   Reported by:

21   CARLA SOARES

22   CSR No. 5908

23   JOB No. 2665814

24

25   PAGES 1 - 242

                                        Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

 1    of these communications with the legal department,      10:31:10

 2    how are those requests made?  Is that in writing or

 3    verbal or some other fashion?

 4         A    Not verbal.

 5         Q    So there's a written request?               10:31:24

 6         A    Yes.  Either written, or we have, like, an

 7    intake form where we can -- you can submit an

 8    incident to us, or written in an e-mail.  It would

 9    be either one of those two.

10         Q    What information is contained in those      10:31:45

11    types of requests?

12         A    It varies.

13              MR. BAKER:  Go ahead.

14              THE WITNESS:  It varies.

15    BY MR. TAKASHIMA:                                     10:31:52

16         Q    Do you recall any of the information

17    that's usually set forth in those requests?

18              MR. BAKER:  You can answer that yes or no,

19    Kris.

20              THE WITNESS:  Yes.                          10:32:02

21    (Question not answered per instruction of counsel):

22    BY MR. TAKASHIMA:

23         Q    What information do you recall?

24              MR. BAKER:  I'm going to object as

25    attorney-client privileged; instruct the witness not  10:32:11

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    to answer.                                            10:32:12

 2    BY MR. TAKASHIMA:

 3         Q   Do requests to initiate investigations set

 4    up parameters for the investigation?

 5              MR. BAKER:  You can answer that yes or no.   10:32:26

 6              THE WITNESS:  Sorry.  Can you repeat that

 7    question?

 8    BY MR. TAKASHIMA:

 9         Q   Sure.  I'll rephrase that question.

10              Do requests to initiate an investigation    10:32:37

11    set out the scope of that investigation?

12              MR. BAKER:  You can answer that yes or no.

13              THE WITNESS:  Yes.

14    BY MR. TAKASHIMA:

15         Q   Do requests to initiate an investigation     10:32:48

16    state the reasons for the investigation?

17              MR. BAKER:  You can answer that yes or no.

18              THE WITNESS:  Depends.

19    BY MR. TAKASHIMA:

20         Q   Sometimes?                                   10:32:57

21         A   Yes.

22         Q   And sometimes not?

23         A   Yes.

24         Q   What information about the scope of the

25    investigation is contained in requests to initiate   10:33:21
```

Page 30

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
1          Q   You took part in an investigation of      11:07:32

2    Anthony Levandowski last year, correct?

3          A   Yes.

4          Q   Have you done any work this year in

5    connection with that investigation?              11:07:38

6          A   Yes.

7          Q   When this year?

8          A   Early this year.

9          Q   January?

10         A   Last work was not long before the        11:07:59

11   deposition -- the declaration from Gary Brown was

12   submitted.

13              REDACTED

14                        REDACTED

15        REDACTED                                     11:08:20

16              MR. BAKER:  You can answer that yes or no,

17   Kris.

18              THE WITNESS:  Yes.

19   (Question not answered per instruction of counsel):

20   BY MR. TAKASHIMA:                                11:08:24

21              REDACTED

22              MR. BAKER:  And I'm going to object on the

23   grounds of attorney-client privilege and instruct

24   the witness not to answer.

25   ///                                              11:08:30
```

Page 44

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1            THE VIDEO OPERATOR:  We're now going back      11:11:01

 2     on the record, and the time is 11:11.

 3     (Question not answered per instruction of counsel):

 4     BY MR. TAKASHIMA:

 5            Q  REDACTED                                    11:11:07

 6                        REDACTED

 7                    REDACTED

 8            MR. BAKER:  Objection.  Attorney-client

 9     privileged.  I'm going to instruct the witness not

10     to answer.                                           11:11:15

11            MR. TAKASHIMA:  You're claiming privilege

12     over         REDACTED

13            MR. BAKER:  We're claiming privilege over

14            REDACTED                   Yes.

15            MR. TAKASHIMA:  Including   REDACTED          11:11:28

16       REDACTED

17            MR. BAKER:  You have my objection,

18     Counsel.

19            MR. TAKASHIMA:  Okay.  I'm just trying to

20     clarify the record.                                  11:11:34

21            MR. BAKER:  I'm sorry.  What was that?

22            MR. TAKASHIMA:  I'm just trying to clarify

23     the record.

24            MR. BAKER:  Well, my objection is on the

25     record.                                              11:11:41
```

                                                            Page 46

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1        MR. TAKASHIMA:  Thank you.              11:11:41

 2    Q              REDACTED

 3                   REDACTED

 4        REDACTED

 5    A   I'm sorry.  Could you repeat the question?   11:12:09

 6    Q              REDACTED

 7                   REDACTED

 8        REDACTED

 9        MR. BAKER:  You can answer that yes or no,

10   Kris.                                        11:12:26

11        THE WITNESS:  Yes.  Sorry.   REDACTED

12        REDACTED            Or you said --

13   BY MR. TAKASHIMA:

14    Q              REDACTED

15    A   Sorry.  Yes.  Yes.                      11:12:37

16    Q          REDACTED

17        MR. BAKER:  Can you repeat?

18   (Question not answered per instruction of counsel):

19   BY MR. TAKASHIMA:

20    Q                  REDACTED             11:12:44

21        REDACTED

22        MR. BAKER:  Objection.  Attorney-client

23   privilege.  I'm going to instruct the witness not to

24   answer.

25   ///                                          11:12:50
```

Page 47

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1   talk about it.                                     11:31:52

 2           THE WITNESS:  Okay.

 3           THE VIDEO OPERATOR:  We are now going off

 4   the record, and the time is 11:32.

 5           (Recess, 11:32 a.m. - 11:33 a.m.)          11:31:55

 6           THE VIDEO OPERATOR:  We're now going back

 7   on the record, and the time is 11:33.

 8           MR. BAKER:  Do you want to ask your

 9   question again, Counsel?

10           MR. TAKASHIMA:  I do.                       11:33:28

11       Q   Do you recall what information you put

12   into the tracking document?

13       A   Yes.

14   (Question not answered per instruction of counsel):

15       Q   What was that information?                  11:33:33

16           MR. BAKER:  And we have claimed privilege

17   and work product over the tracking document, so I'll

18   instruct the witness not to answer.

19   BY MR. TAKASHIMA:

20       Q   Did the information you entered into the    11:33:49

21   tracking document include information about the

22   scope of your investigation?

23       A   Yes.

24       Q   Did the information you included in the

25   tracking document include the reasons for the       11:33:59
```

Page 60

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    investigation?                                     11:34:01

 2        A    Yes.

 3    (Question not answered per instruction of counsel):

 4        Q    Did the information you put into the

 5    tracking document include the basis for what you   11:34:09

 6    described as reasonable suspicion concerning

 7    Mr. Levandowski?

 8             MR. BAKER:  Hold on one second.

 9             I'm going to instruct the witness not to

10    answer at this point.                              11:34:33

11             Again, the tracking document we've claimed

12    privilege and work product over, so I don't want the

13    witness to testify about what is in the tracking

14    document.

15    BY MR. TAKASHIMA:                                  11:34:42

16        Q    Okay.  What did you do next in the

17    investigation after you created the tracking

18    document?

19        A    Waited until the laptop arrived.

20        Q    And how long did you wait?                11:34:59

21        A    I'm not sure exactly how long, but it was

22    at least a few weeks.

23        Q    That's for both laptops; is that correct?

24        A    They arrived at the same time.  Yes.

25        Q    Okay.  Who sent you the laptops?          11:35:19
```

Page 61

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    looking for anything other than unusual user        12:09:57

 2    behavior?

 3         A   Yes.

 4         Q   What else were you looking for?

 5         A   I was supplied     REDACTED                 12:10:02

 6         Q   Who gave you that     REDACTED

 7         A   It came from the lawyers and Bailey.

 8         Q   Did you             REDACTED

 9           REDACTED

10         A   Yes.                                        12:10:26

11    (Question not answered per instruction of counsel):

12         Q   What were         REDACTED

13             MR. BAKER:  Objection.  Attorney-client

14    privileged and work product.  I'm going to instruct

15    the witness not to answer.                           12:10:35

16    BY MR. TAKASHIMA:

17         Q   You're abiding by that instruction?

18         A   Yes.

19         Q                   REDACTED

20             MR. BAKER:  Hold on one second, Kristinn.   12:10:45

21             THE WITNESS:  Okay.

22             MR. BAKER:  You can give a number.

23             THE WITNESS:  Okay.  I don't remember.

24    Ballpark?

25    ///                                                  12:11:15
```

Page 84

```
 1   preliminary early findings.                      13:49:37

 2        Q    And at that first point that you reported

 3   back, what were your preliminary findings?

 4        A    That we could not access the G laptop, and

 5   that the Windows machine had been reimaged.       13:49:52

 6        Q    Anything else?

 7        A    I don't remember.

 8        Q    Did you get any feedback from the people

 9   you spoke with?

10             MR. BAKER:  You can answer that yes or no.   13:50:08

11             THE WITNESS:  Yes.

12   (Question not answered per instruction of counsel):

13   BY MR. TAKASHIMA:

14        Q    Okay.  What did they tell you?

15             MR. BAKER:  Are you asking him about what     13:50:11

16   the lawyer told him?

17             MR. TAKASHIMA:  Yes.

18             MR. BAKER:  Okay.  Objection.  Privileged

19   and work product.

20             I'm going to instruct you not to answer.      13:50:17

21             THE WITNESS:  I'm abiding to that, yes.

22   BY MR. TAKASHIMA:

23        Q    Thank you.

24             How many lawyers did you speak with when

25   you reported back the first time?                       13:50:29
```

Page 134

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | A   The first time? | 13:50:31 |
| 2 | Q   Yes. | |
| 3 | A   Probably one or two.  I don't remember, | |
| 4 | though. | |
| 5 | Q   Was that in person? | 13:50:35 |
| 6 | A   No.  I think that was -- I know almost all | |
| 7 | my meetings were over VC. | |
| 8 | Q   How long did you speak with them? | |
| 9 | A   I don't recall. | |
| 10 | Q   Was it a 20-minute meeting? | 13:50:52 |
| 11 | A   They're typically half-an-hour meetings. | |
| 12 | Whether we used the entire time or not, I'm not | |
| 13 | sure. | |
| 14 | (Question not answered per instruction of counsel): | |
| 15 | Q   Did you discuss with the lawyers what you | 13:51:08 |
| 16 | were going to do next in your investigation? | |
| 17 | MR. BAKER:  I'm going to object as | |
| 18 | privileged and instruct the witness not to answer. | |
| 19 | I'm happy for him to tell you, you know, | |
| 20 | as a technical matter what he did next.  But the way | 13:51:20 |
| 21 | that you phrased the question calls for his | |
| 22 | discussions with lawyers. | |
| 23 | Can you rephrase? | |
| 24 | BY MR. TAKASHIMA: | |
| 25 | Q   So you're not going to answer that | 13:51:33 |

Page 135

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    question, correct?                              13:51:34

 2         A   No.

      (Question not answered per instruction of counsel):

 3

 4         Q   Okay.  Thank you.

 5         Did the lawyers give you any directions on    13:51:42

 6    what to do next in your investigation?

 7         MR. BAKER:  I'm going to instruct the

 8    witness not to answer on the grounds of privilege

 9    and work product.

10         MR. TAKASHIMA:  Will you let him answer      13:51:54

11    that question yes or no?

12         MR. BAKER:  No.

13         MR. TAKASHIMA:  Okay.

14         MR. BAKER:  No.  I mean, I think your

15    question calls for the substance of the           13:51:59

16    communications.

17         Again, I'm happy for him to testify about

18    any of the, you know, technical aspects of the

19    investigation, what he did, any conclusions that he

20    drew, but I don't think that he should testify about  13:52:12

21    conversations that he had with the attorneys.

22         MR. TAKASHIMA:  I understand your

23    objection.

24         Q   Okay.  After your first preliminary

25    meeting with the lawyers, what did you do next?    13:52:26
```

Page 136

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    files being downloaded to the machine at the same        15:24:58

 2    time as this was plugged in.

 3    (Question not answered per instruction of counsel):

 4        Q   I only want a yes or no answer on this:

 5    Have Google attorneys given you any other                15:25:21

 6    information about whether there were files actually

 7    copied to a card in the card reader?

 8            MR. BAKER:  Objection.  Attorney-client

 9    privilege.  I'm going to instruct the witness not to

10    answer.                                                  15:25:30

11            MR. TAKASHIMA:  Including a yes or no?

12            MR. BAKER:  Yeah.

13            MR. TAKASHIMA:  Okay.

14        Q   So to the best of your knowledge, leaving

15    aside anything that you learned only from attorneys,     15:25:39

16    there is no evidence that files were actually copied

17    to a card in the card reader, correct?

18        A   We saw the files being downloaded to the

19    system while at the same time as the external drive

20    was connected to the machine, and that's the extent     15:25:57

21    of what we could discern due to the fact that the

22    machine had been reimaged.

23        Q   Okay.

24        A   We did not have access to that Windows

25    machine.                                                 15:26:09
```

Page 194

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    today, you are not aware of any evidence that          15:29:57

2    Mr. Levandowski copied files off the computer before

3    it was reimaged?

4              MR. BAKER:  Objection to form.

5              THE WITNESS:  I can only tell you what's      15:30:06

6    in the declaration here, what we see here.

7    BY MR. TAKASHIMA:

8         Q    To your knowledge, has there been any

9    investigation of Mr. Levandowski's e-mail account at

10   Google?                                                15:30:53

11        A    I'm not sure.

12        Q    To your knowledge, has anybody connected

13   with an investigation reviewed the contents of

14   Mr. Levandowski's e-mail account at Google?

15        A    I'm not sure.                                15:31:05

16        Q    Who would know?

17        A    Lawyers.

18        Q    Would anybody else in digital forensics

19   know?

20        A    Potentially, but probably not.  It          15:31:22

21   probably would have been me if that check was made.

22        Q    Have you conducted -- been involved in any

23   review of Mr. Levandowski's workstation from Google?

24        A    The workstation, no.

25        Q    Has anybody else from digital forensics     15:31:42

Page 198

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1   conducted that investigation?                      15:31:44

 2       A    No.

 3       Q    Has anybody looked at Mr. Levandowski's

 4   workstation?

 5       A    Not to my knowledge.                       15:31:49

 6       Q    Has the workstation been preserved?

 7       A    Not to my knowledge.

 8       Q    Okay.  Has it been deleted?

 9       A    I'm not sure.  I would have to go check.

10       Q    Did you ever discuss with anybody         15:32:07

11   investigating Mr. Levandowski's workstation?

12           MR. BAKER:  Again, I just want to caution

13   the witness not to disclose any communications that

14   he's had with attorneys.

15           If you have a question, we can go outside.  15:32:22

16           MR. TAKASHIMA:  Do you want to take a

17   break?

18           THE WITNESS:  Yes.  Let's do that.

19           THE VIDEO OPERATOR:  We are now going off

20   the record, and the time is 3:32.                  15:32:31

21           (Recess, 3:32 p.m. - 3:39 p.m.)

22           THE VIDEO OPERATOR:  We're now going back

23   on the record, and the time is 3:39.

24   BY MR. TAKASHIMA:

25       Q    Did you ever discuss with anybody whether 15:39:05
```

Page 199

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    to investigate Mr. Levandowski's workstation?          15:39:08

 2         A    Yes.

 3         Q    Who did you discuss that with?

 4         A    At least Gary and Chelsea.  Most likely

 5    some lawyers as well.                                  15:39:23

 6         Q    And did you want to investigate the

 7    workstation?

 8         A    We asked whether we should.

 9         Q    And "we" in this case is you and

10    Mr. Brown?                                             15:39:35

11         A    Yes.

12    (Question not answered per instruction of counsel):

13         Q    And what were you told?

14              MR. BAKER:  I'm going to object.  I don't

15    want you to divulge the substance of any               15:39:40

16    attorney-client communications.  But with that in

17    mind, you can answer.

18              THE WITNESS:  So I should not --

19              MR. BAKER:  If you have any questions, we

20    can go back outside.                                   15:39:56

21              THE WITNESS:  But this is done at the

22    direction of counsel, so I --

23              MR. BAKER:  Okay.  Then I'm going to

24    instruct you not to answer.

25
```

Page 200

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    whether or not, because we didn't have the logs that     15:42:40

 2    would be pointing us towards that.

 3         Q   Did Mr. Brown have any inclination one way

 4    or the other as to --

 5         A   You would have to ask him.                        15:42:50

 6         Q   Did he have any -- did Mr. Brown express

 7    to you whether he thought it would be a good idea to

 8    investigate Mr. Levandowski's workstation?

 9         A   I don't remember.

10         Q   Did you discuss with Ms. Bailey whether to       15:43:04

11    investigate Mr. Levandowski's workstation?

12         A   I do think so, yes.

13         Q   Okay.  What did you say?

14         A   "Should we look at his workstation?"

15    (Question not answered per instruction of counsel):       15:43:17

16         Q   Okay.  What did she say?

17             MR. BAKER:  Objection.  I'm going to

18    object as attorney-client privileged and instruct

19    the witness not to answer.

20    BY MR. TAKASHIMA:                                          15:43:24

21         Q   Is Ms. Bailey an attorney?

22         A   Not to my knowledge, but I do believe

23    there was an attorney present at the time as well.

24    (Question not answered per instruction of counsel):

25         Q   Okay.  Did Ms. Bailey express an opinion         15:43:32
```

Page 203

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1   as to whether Mr. Levandowski's workstation should   15:43:44

2   be investigated?

3         MR. BAKER:  Same objection.

4         Counsel, my understanding is that these

5   conversations were -- were -- an attorney was   15:43:51

6   present for these conversations, so I'm going to

7   object as attorney-client privileged and work

8   product and instruct the witness not to answer.

9         MR. TAKASHIMA:  Okay.  You're not going to

10   allow him to say yes or no?   15:44:04

11         MR. BAKER:  I'm sorry?

12         MR. TAKASHIMA:  You're not going to allow

13   him to say yes or no; is that correct?

14         MR. BAKER:  What was the question again?

15         MR. TAKASHIMA:  The question is --   15:44:10

16         MR. BAKER:  Did Ms. Bailey express an

17   opinion as to whether Mr. Levandowski's work --

18   yeah, I'm not going to allow him to answer that

19   question.

20         MR. TAKASHIMA:  Okay.   15:44:18

21     Q  If you and Mr. Brown had not received any

22   input from counsel or Ms. Bailey, would you have

23   investigated Mr. Levandowski's workstation?

24         MR. BAKER:  Hold on one second, Kris.

25         Objection to form.  I'll allow you to   15:45:11

Page 204

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1           MR. BAKER:  I am instructing him not to          15:46:02

2    answer the question on the basis of privilege and

3    work product.

4    BY MR. TAKASHIMA:

5        Q   Let's do that once over just cleanly,          15:46:06

6    understanding that your will counsel will object.

7        A   Yes.

8    (Question not answered per instruction of counsel):

9        Q   If you and Mr. Brown had not received any

10   input from counsel or from Ms. Bailey, would you       15:46:16

11   have investigated Mr. Levandowski's workstation?

12       A   Again, I think I will have to decline

13   answering that based on privilege.

14           MR. TAKASHIMA:  Just to be clear, you're

15   instructing him not to answer that question?           15:46:28

16           MR. BAKER:  I am, on the basis that the

17   question implies certain communications from

18   counsel, so I don't think he can answer that without

19   revealing the substance of attorney-client

20   communications and work product.                       15:46:38

21           MR. TAKASHIMA:  Okay.

22           MR. BAKER:  As I said, though, I'm

23   happy -- if you want to rephrase the question and

24   ask it a different way, you might be able to get at

25   the same information.                                  15:46:48

                                                Page 206

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1          Q    What else did Mr. Brown do with        15:52:49

 2   Mr. Levandowski's workstation?

 3          A    You would have to ask him.

 4          Q    Was Mr. Levandowski's workstation imaged?

 5          A    No.                                     15:52:59

 6          Q    Why not?

 7               MR. BAKER:  Objection.  Why don't we step

 8   outside.

 9               THE WITNESS:  Okay.

10               THE VIDEO OPERATOR:  Going off the record,  15:53:11

11   and the time is 3:53.

12          (Recess, 3:53 p.m. - 3:55 p.m.)

13               THE VIDEO OPERATOR:  We're now going back

14   on the record, and the time is 3:55.

15   BY MR. TAKASHIMA:                                   15:55:26

16          Q    We were discussing Mr. Levandowski's

17   workstation, right?

18          A    Yes.

19          Q    And you explained that Mr. Levandowski's

20   workstation was not imaged, correct?               15:55:31

21          A    Not to my knowledge.

22          Q    Why not?

23               MR. BAKER:  Objection to form.

24               THE WITNESS:  I wouldn't know why not.

25   (Question not answered per instruction of counsel):  15:55:41
```

Page 211

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    BY MR. TAKASHIMA:                                         15:55:42

2        Q   Did you ever discuss with anybody whether

3    to make an image of the workstation?

4        A   Again, it goes back to discussions with

5    lawyers.                                                  15:55:49

6            MR. BAKER:  I'll instruct the witness not

7    to answer.

8    BY MR. TAKASHIMA:

9        Q   Okay.  Are there any playbooks within

10   digital forensics that address      **REDACTED**         15:56:14

11                       **REDACTED**

12     **REDACTED**

13       A   Sorry.  Can you clarify more what you mean

14   by that?

15       Q   Sure.                                            15:56:27

16           Earlier today, we discussed playbooks.

17       A   Yes.

18       Q   You have that in mind?

19       A   Yes.

20       Q   Okay.  Are there any playbooks that         15:56:31

21   address                **REDACTED**

22                        **REDACTED**

23      **REDACTED**

24       A      **REDACTED**

25       Q             **REDACTED**                           15:56:45

                                             Page 212

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          I, the undersigned, a Certified Shorthand

2    Reporter of the State of California, do hereby

3    certify:

4          That the foregoing proceedings were taken

5    before me at the time and place herein set forth;

6    that any witnesses in the foregoing proceedings,

7    prior to testifying, were administered an oath; that

8    a record of the proceedings was made by me using

9    machine shorthand which was thereafter transcribed

10   under my direction; that the foregoing transcript is

11   a true record of the testimony given.

12          Further, that if the foregoing pertains to

13   the original transcript of a deposition in a Federal

14   Case, before completion of the proceedings, review

15   of the transcript [ ] was [X] was not requested.

16          I further certify I am neither financially

17   interested in the action nor a relative or employee

18   of any attorney or any party to this action.

19          IN WITNESS WHEREOF, I have this date

20   subscribed my name.

21          Dated: 7/29/2017

22

23          *Carla Soares*

24          CARLA SOARES

25          CSR No. 5908

                                        Page 242

Veritext Legal Solutions
866 299-5127