HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1         UNITED STATES DISTRICT COURT
2         NORTHERN DISTRICT OF CALIFORNIA
3              SAN FRANCISCO DIVISION
4
5   WAYMO LLC,
6          Plaintiff,
7   vs.                              Case No.
8   UBER TECHNOLOGIES, INC.;         3:17-cv-00939-WHA
9   OTTOMOTTO LLC; OTTO TRUCKING,
10  INC.,
11         Defendants.
12  _____/
13
14      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
15
16      VIDEOTAPED DEPOSITION OF CHELSEA BAILEY
17              PALO ALTO, CALIFORNIA
18              TUESDAY, AUGUST 1, 2017
19
20
21  BY:  ANDREA M. IGNACIO, CSR, RPR, CRR, CCRR, CLR ~
22  CSR LICENSE NO. 9830
23  JOB NO. 2668970
24
25  PAGES 1 - 323

Page 1

```
 1    sought legal counsel in terms of how to follow up on      17:06
 2    the business' request to do diligence.                    17:06
 3            MR. TAKASHIMA:  Okay.                             17:06
 4       Q    Who initiated the -- the investigation of         17:06
 5    Mr. Levandowski?                                          17:06
 6            MS. ROBERTS:  Objection; form.                    17:06
 7            And again, I'll caution you not to reveal         17:06
 8    anything you learned from counsel.                        17:06
 9            THE WITNESS:  Yeah, I believe the information     17:06
10    that you're requesting could be privileged.               17:06
11            MR. TAKASHIMA:  Q.  Did counsel                   17:06
12    investi- -- initiate the investigation of                 17:06
13    Mr. Levandowski?                                          17:06
14            MS. ROBERTS:  Objection; form and same            17:06
15    instruction.                                              17:07
16            THE WITNESS:  I'm not at liberty to reveal        17:07
17    any advice I received from counsel.                       17:07
18            MR. TAKASHIMA:  Okay.                             17:07
19       Q    Did you initiate the investigation of             17:07
20    Mr. Levandowski?                                          17:07
21            MS. ROBERTS:  Objection; form.                    17:07
22            THE WITNESS:  No.  I received a request from     17:07
23    the business to diligence.  And I reached out to          17:07
24    counsel seeking advice on how to action such a            17:07
25    request.                                                  17:07
```

| | | |
|---|---|---|
| 1 | A    That's my understanding. | 17:09 |
| 2 | MR. TAKASHIMA:  Counsel, is that your | 17:09 |
| 3 | instruction to the witness? | 17:09 |
| 4 | MS. ROBERTS:  If the only way she knows the | 17:09 |
| 5 | answer is from communications with counsel, then yes. | 17:09 |
| 6 | MR. TAKASHIMA:  Okay.  Let's take a short | 17:09 |
| 7 | break. | 17:09 |
| 8 | THE VIDEOGRAPHER:  Going off the record.  The | 17:09 |
| 9 | time is 5:09 p.m. | 17:09 |
| 10 | (Recess taken.) | 17:09 |
| 11 | THE VIDEOGRAPHER:  Back on the record.  The | 17:12 |
| 12 | time is 5:58 p.m. | 17:58 |
| 13 | MS. ROBERTS:  Counsel, before you start, I | 17:58 |
| 14 | think the -- the question right before the break, | 17:58 |
| 15 | which led to a privilege objection, was whether there | 17:58 |
| 16 | was an investigation of Anthony Levandowski. | 17:58 |
| 17 | If you want to ask it again, I will allow her | 17:58 |
| 18 | to answer yes or no.  But the details of the | 17:58 |
| 19 | investigation, which I believe she only knows from | 17:58 |
| 20 | counsel, are privileged. | 17:58 |
| 21 | MR. TAKASHIMA:  Q.  After Mr. Levandowski | 17:58 |
| 22 | left Google, was there an investigation of | 17:58 |
| 23 | Mr. Levandowski? | 17:58 |
| 24 | A    Yes. | 17:58 |
| 25 | Q    When did the investigation begin? | 17:58 |

Page 287

| | | |
|---|---|---|
| 1 | A    Not that I'm aware of. | 18:01 |
| 2 | Q    Okay.  So the investigation of | 18:01 |
| 3 | Mr. Levandowski was the only one initiated in that | 18:01 |
| 4 | time period? | 18:01 |
| 5 | A    To the best of my recollection, yes. | 18:01 |
| 6 | Q    Okay.  And why was Mr. Levandowski identified | 18:01 |
| 7 | for investigation? | 18:01 |
| 8 | MS. ROBERTS:  I'm going to object to the | 18:01 |
| 9 | extent that calls for privileged information. | 18:01 |
| 10 | THE WITNESS:  The only way that I'm aware of | 18:01 |
| 11 | that is via a privileged conversation. | 18:01 |
| 12 | MR. TAKASHIMA:  Okay.  So, Counsel, are you | 18:01 |
| 13 | going to instruct her not to -- | 18:01 |
| 14 | MS. ROBERTS:  Yes, I'll instruct her not to | 18:02 |
| 15 | answer. | 18:02 |
| 16 | MR. TAKASHIMA:  Q.  Are you going to follow | 18:02 |
| 17 | your counsel's instruction? | 18:02 |
| 18 | A    Yes, sir. | 18:02 |
| 19 | Q    Who defined the scope of the investigation of | 18:02 |
| 20 | Mr. Levandowski? | 18:02 |
| 21 | MS. ROBERTS:  You can identify the person, if | 18:02 |
| 22 | you know. | 18:02 |
| 23 | THE WITNESS:  I'm not sure it would be | 18:02 |
| 24 | independent of one person in the way that I would be | 18:02 |
| 25 | aware of who might have been involved in that, as via | 18:02 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | a privileged conversation. | 18:02 |
| 2 |     MR. TAKASHIMA:  Q.  So, is it your testimony | 18:02 |
| 3 | that you only know the scope of the investigation -- | 18:02 |
| 4 | sorry.  Strike that. | 18:02 |
| 5 |     Is it your testimony that you only know who | 18:02 |
| 6 | defined the scope of the investigation based on a | 18:02 |
| 7 | privileged conversation you had with counsel? | 18:03 |
| 8 |     A    Yes. | 18:03 |
| 9 |     Q    Okay.  Who was that counsel? | 18:03 |
| 10 |     A    Andrew Price. | 18:03 |
| 11 |     Q    What is Mr. Price's job title? | 18:03 |
| 12 |     A    That is a great question.  I'm not sure I'm | 18:03 |
| 13 | familiar with his specific title. | 18:03 |
| 14 |     Q    Is he employed by Google? | 18:03 |
| 15 |     A    Yes. | 18:03 |
| 16 |     Q    Okay.  Is he employed by a specific group | 18:03 |
| 17 | within Google? | 18:03 |
| 18 |     A    I believe he works closely with ethics and | 18:03 |
| 19 | compliance. | 18:03 |
| 20 |     Q    Who does Mr. Price report to? | 18:03 |
| 21 |     A    Uncertain, yeah. | 18:03 |
| 22 |     Q    When the investigation of Mr. Levandowski | 18:03 |
| 23 | began, what was the scope of that investigation? | 18:03 |
| 24 |     MS. ROBERTS:  Again, I'm going to object. | 18:03 |
| 25 |     I instruct you not to answer to the extent | 18:03 |

|   |   |   |
|---|---|---|
| 1 | that calls for information that you only know from | 18:03 |
| 2 | counsel. | 18:03 |
| 3 | THE WITNESS:  I only know because of a | 18:04 |
| 4 | privileged conversation with counsel. | 18:04 |
| 5 | MR. TAKASHIMA:  Okay. | 18:04 |
| 6 | Q   So, you're refusing to answer the question | 18:04 |
| 7 | based on privilege? | 18:04 |
| 8 | A   Yes, sir. | 18:04 |
| 9 | Q   Okay.  What was the first step in the | 18:04 |
| 10 | investigation of Mr. Levandowski? | 18:04 |
| 11 | MS. ROBERTS:  Objection; form. | 18:04 |
| 12 | And again, I'm going to -- to the extent this | 18:04 |
| 13 | is information you learned from counsel, I'll object | 18:04 |
| 14 | on the basis of privilege. | 18:04 |
| 15 | THE WITNESS:  The investigation was at the | 18:04 |
| 16 | advice of counsel, and so that's privileged. | 18:04 |
| 17 | MR. TAKASHIMA:  Q.  So you're declining to | 18:04 |
| 18 | answer the question based on privilege, just to be | 18:04 |
| 19 | clear? | 18:04 |
| 20 | A   Yes. | 18:04 |
| 21 | Q   Okay.  Thank you. | 18:04 |
| 22 | Who is Kristinn Gudjonsson? | 18:04 |
| 23 | A   That is a hard last name to pronounce.  I'm | 18:05 |
| 24 | impressed. | 18:05 |
| 25 | I believe he is -- I'm not entirely sure of | 18:05 |

```
 1   substance of your discussions, have you ever discussed    18:24
 2   with counsel the status of Mr. Levandowski's computer     18:24
 3   workstation?                                              18:24
 4           MS. ROBERTS:  I think you can answer yes or       18:24
 5   no.                                                       18:24
 6           THE WITNESS:  Not that I recall.                  18:24
 7           MR. TAKASHIMA:  Q.  Did you ever discuss          18:24
 8   Mr. Levandowski's computer workstation with               18:24
 9   Mr. Gudjonsson?                                           18:24
10       A   Not that I recall.                                18:24
11       Q   Did you ever discuss Mr. Levandowski's            18:24
12   computer workstation with Mr. Brown?                      18:24
13       A   No, nor do I recall who Mr. Brown is.             18:24
14       Q   Do you recall providing Mr. Gudjonsson with a     18:24
15      **REDACTED**                                           18:24
16       A   Yes.                                              18:24
17       Q   Okay.  Who generated that  **REDACTED**           18:24
18       A   That is a good question.  I did, and I'm          18:24
19   trying to recall if I might have asked the business --    18:25
20   leaders in the business for       **REDACTED**            18:25
21   that Kristinn requested.                                  18:25
22       Q   So, Mr. Gudjonsson requested  **REDACTED**        18:25
23   **REDACTED**                                              18:25
24       A   This is quite a conversation.                     18:25
25           MS. ROBERTS:  I'm going to caution you to --      18:25
```

Page 306

| | | |
|---|---|---|
| 1 | if this calls for information from -- from counsel, | 18:25 |
| 2 | that I'll object as privileged. | 18:25 |
| 3 | THE WITNESS:  Thank you. | 18:25 |
| 4 | I believe the information that you're | 18:25 |
| 5 | requesting is privileged. | 18:25 |
| 6 | MR. TAKASHIMA:  Q.  Let me restate my | 18:25 |
| 7 | question, just so we can be sure. | 18:25 |
| 8 | A    Okay. | 18:25 |
| 9 | Q    Did Mr. Gudjonsson ask you for **REDACTED** | 18:25 |
| 10 | with respect to Mr. Levandowski? | 18:25 |
| 11 | A    The information you're requesting would | 18:25 |
| 12 | require me to draw on information that I'm aware of as | 18:25 |
| 13 | a result of privileged communication with counsel. | 18:26 |
| 14 | Q    Are you aware of that information only | 18:26 |
| 15 | because of privileged communications with counsel? | 18:26 |
| 16 | A    I believe so, yes. | 18:26 |
| 17 | MR. TAKASHIMA:  Counsel, is -- is the witness | 18:26 |
| 18 | able to answer the question yes or no? | 18:26 |
| 19 | MS. ROBERTS:  The question is -- is -- | 18:26 |
| 20 | MR. TAKASHIMA:  Q.  Did Mr. Gudjonsson ask | 18:26 |
| 21 | you for **REDACTED**   with respect to | 18:26 |
| 22 | Mr. Levandowski? | 18:26 |
| 23 | MS. ROBERTS:  Well, she said she -- well, can | 18:26 |
| 24 | we take a break to discuss? | 18:26 |
| 25 | MR. TAKASHIMA:  Sure. | 18:26 |

Page 307

| | | |
|---|---|---|
| 1 | THE VIDEOGRAPHER: Going off the record. The | 18:26 |
| 2 | time is 6:26 p.m. | 18:26 |
| 3 | (Recess taken.) | 18:26 |
| 4 | THE VIDEOGRAPHER: Back on the record. The | 18:30 |
| 5 | time is 6:30 p.m. | 18:31 |
| 6 | MR. TAKASHIMA: Okay. | 18:31 |
| 7 | Q   Did Mr. Gudjonsson ask you for **REDACTED** | 18:31 |
| 8 | **REDACTED** | 18:31 |
| 9 | A   Yes. | 18:31 |
| 10 | Q   Okay.  Did he say why he wanted it? | 18:31 |
| 11 | MS. ROBERTS: To the extent that would reveal | 18:31 |
| 12 | the content of privileged communication, then I | 18:31 |
| 13 | instruct you not to answer. | 18:31 |
| 14 | THE WITNESS: Answering that question would | 18:31 |
| 15 | rely on privileged information. | 18:31 |
| 16 | MR. TAKASHIMA: Okay. | 18:31 |
| 17 | Q   So you're not going to answer the question? | 18:31 |
| 18 | A   Correct. | 18:31 |
| 19 | Q   Okay.  But **REDACTED** -- he requested | 18:31 |
| 20 | **REDACTED**   in -- as part of the investigation; | 18:31 |
| 21 | correct? | 18:31 |
| 22 | A   Yes, that's my understanding. | 18:31 |
| 23 | Q   Okay. **REDACTED** | 18:31 |
| 24 | MS. ROBERTS: Objection. | 18:31 |
| 25 | THE WITNESS: That's -- | 18:31 |

Page 308

| | | |
|---|---|---|
| 1 | MS. ROBERTS: Instruct her not to answer on | 18:31 |
| 2 | the basis of privilege. | 18:31 |
| 3 | MR. TAKASHIMA: Okay. | 18:31 |
| 4 | Q    What did you understand that Mr. Gudjonsson | 18:32 |
| 5 | was going to do with    **REDACTED** | 18:32 |
| 6 | MS. ROBERTS: Again, to the extent your | 18:32 |
| 7 | understanding is based upon conversations with counsel | 18:32 |
| 8 | and advice of counsel, I instruct you not to answer. | 18:32 |
| 9 | THE WITNESS: That's privileged information. | 18:32 |
| 10 | MR. TAKASHIMA: Okay. | 18:32 |
| 11 | Q    What did Mr. Gudjonsson do with    **REDACTED** | 18:32 |
| 12 | **REDACTED** | 18:32 |
| 13 | A    I'm not sure. I don't know. | 18:32 |
| 14 | Q    Did you ask him? | 18:32 |
| 15 | A    I didn't ask him what he was going to do with | 18:32 |
| 16 | it. | 18:32 |
| 17 | Q    Did he tell you? | 18:32 |
| 18 | A    I don't recall exactly. I'm not -- yep. | 18:32 |
| 19 | Q    Did you direct Mr. Gudjonsson not to | 18:32 |
| 20 | investigate Mr. Levandowski's computer workstation? | 18:33 |
| 21 | A    No. | 18:33 |
| 22 | MS. ROBERTS: Objection; form. | 18:33 |
| 23 | THE WITNESS: Not to the best of my | 18:33 |
| 24 | recollection. | 18:33 |
| 25 | MR. TAKASHIMA: Okay. | 18:33 |

1        CERTIFICATE OF REPORTER

2

3        I, ANDREA M. IGNACIO, hereby certify that the
4   witness in the foregoing deposition was by me duly
5   sworn to tell the truth, the whole truth, and nothing
6   but the truth in the within-entitled cause;
7        That said deposition was taken in shorthand
8   by me, a disinterested person, at the time and place
9   therein stated, and that the testimony of the said
10  witness was thereafter reduced to typewriting, by
11  computer, under my direction and supervision;
12       That before completion of the deposition,
13  review of the transcript [x] was [ ] was not
14  requested.  If requested, any changes made by the
15  deponent (and provided to the reporter) during the
16  period allowed are appended hereto.
17       I further certify that I am not of counsel or
18  attorney for either or any of the parties to the said
19  deposition, nor in any way interested in the event of
20  this cause, and that I am not related to any of the
21  parties thereto.
22       Dated: 8/2/2017
23       _____
24       ANDREA M. IGNACIO,
25       RPR, CRR, CCRR, CLR, CSR No. 9830

Page 323