August 11, 2017

**VIA ECF**

The Honorable Jacqueline Scott Corley
United States Magistrate Judge
United States District Court for the Northern District of California
Phillip Burton United States Courthouse
450 Golden Gate Avenue
Courtroom F - 15th Floor
San Francisco, CA 94102

Re:   *Waymo LLC v. Uber Technologies, LLC, et al.* **(Case No. 3:17-cv-00939-WHA)**

Dear Magistrate Judge Corley:

Otto Trucking LLC submits this letter brief to compel discovery from Waymo regarding its forensic investigation of Messrs. Levandowski, Raduta, and Kshirsagar. Waymo has intentionally disclosed privileged information related to its investigation that are beneficial to its claim, but has improperly withheld other aspects of its investigation on the grounds of attorney-client privilege and the work-product doctrine. The entirety of Waymo's misappropriation claim rests on the evidence in this investigation. Waymo must either waive privilege entirely as to its forensic investigation or be barred from submitting any such evidence of misappropriation at trial.

                                Respectfully submitted,

                                 */s/ Neel Chatterjee*

                                Neel Chatterjee
                                GOODWIN PROCTER LLP

                                *Attorneys for Defendant*
                                Otto Trucking LLC

cc: Counsel of Record (via ECF); Special Master Cooper

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

████████████████████████████████████████
████████████████████████
████████████████████████████████████████

Ex. 2 at 229:19-230:5.

Otto Trucking requests that the Court order Waymo to produce all documents and communications concerning its investigation of Messrs. Levandowski, Raduta and Khirshigar if it intends to introduce any evidence regarding the investigation at trial. Only with this complete disclosure would Otto Trucking be able to fully test the investigation on which Waymo's case rests. If Waymo refuses, the Court should order that Waymo live by its use of privilege as a shield, and preclude it from introducing any evidence of Waymo's investigation at trial. *See Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) ("The Court imposing the waiver does not order the disclosure of the materials categorically; rather, the Court directs the party holding the privilege to produce the privileged materials if it wishes to go forward with its claims implicating them"); *U.S. v. Amlani,* 169 F.3d 1189, 1196 (9th Cir. 1999).

Waymo's misappropriation claim hinges on the conclusions of Gary Brown, a Google employee who submitted a declaration attesting that based on his review of one laptop and various metadata, Mr. Levandowski downloaded 14,000 files from a server on December 11, 2015, and took those files when he plugged a card reader into his computer three days later.[1] ████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

There is no dispute that attorneys directed the investigation into Mr. Levandowski's laptop. There is also no dispute that Waymo has expressly and implicitly waived privilege and revealed privileged aspects of the investigation. Ex. 10 ████████████████████████████████
████████████████████████████████████████
██████████████████ Nevertheless, Waymo seeks to hide behind the privilege and preclude discovery of anything relating to ████████████████████████████████
████████████████████████████████████████
████████████████████████████████ but still expects to present its conclusions in its favor against defendants.

The law forbids Waymo's use of privilege as a shield while simultaneously selectively waiving privilege to use it as a sword.

I. **WAYMO SELECTIVELY WAIVED PRIVILEGE**

    A. **Waymo Provides Evidence about Privileged Aspects of the Investigation**

Waymo's investigation into Anthony Levandowski began in February 2016, almost immediately after he left Google. ████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

---

[1] Mr. Brown has also been identified as an expert for trial. Ex. 14.

1

Following the imaging, in March 2016, Mr. Brown performed a forensic review of log data associated with Mr. Levandowski.

What followed was a results-oriented exercise where Mr. Brown sought information to corroborate conclusion to the exclusion of other evidence.



This evidence and related evidence were constantly updated through a document called a " Waymo also clawed back one of several pages of a " on the grounds of attorney client privilege, selectively disclosing only portions of that investigation.

### B. Waymo Prevents Discovery On the Investigation by Selectively Asserting Privilege

Despite Waymo's waiver, Waymo prevented Otto Trucking and Defendants from examining witnesses on many of the communications, assumptions, and directions relating to the investigation. Mr. Brown was deposed during the preliminary injunction phase and was instructed not to answer 7 questions about his forensic investigation. Waymo instructed Mr. Gudjonsson not to answer 15 questions about the investigation, and Ms. Bailey not to answer 8 questions. Waymo improperly instructed Mr. Brown, as the Rule 30(b)(6) deponent on Waymo's investigation, not to answer 26 questions, which questions he also declined to answer in his personal capacity. Ex. 3 at 9:4-12. [2]  The topics that defendants were

---

[22] Ex. 1 at 28:23-29:13; 29:11-13; 29:19-24; 38:9-17; 38:19-23; 38:25-39:7; 39:21-24; Ex. 4 at 29:21-30:1; 44:13-25; 46:3-10; 47:18-24; 60:11-18; 61:3-14; 84:12-15; 134:14-20; 135:15-136:2; 136:3-8; 194:4-13; 200:13-24; 203:25-204:20; 206:5-20; 211:25-212:7; Ex. 5 at 287:17-20 (instruction); 284:11-17; 290:2-18; 291:22-292:8; 292:9-20; 306:25-307:5; 308:7-18; 308:23-309:3; 309:4-9 (questions); Ex. 2 at 13:17-22; 13:25-14:5; 14:17-22; 31:15-17; 31:22-25; 42:25-43:6; 44:24-45:5; 46:1-7; 46:12-18; 47:13-19; 52:12-18; 53:2-8; 62:19-25; 63:11-17; 63:22-64:1; 69:5-11; 113:19-25; 114:11-16; 121:14-20; 122:18-24; 127:13-19; 150:14-20; 176:14-20; 213:11-14; 234:12-14; 235:7-13; 238:3-8; 301:25-302:5.

prohibited from examining included: [3]

Waymo has similarly refused to produce documents relating to the above topics and communications regarding the investigation. In addition, though it claims to be work product, Waymo has clawed-back portions of documents relating to the investigation based on the work product doctrine and continues to assert work product and privilege over documents on its privilege log relating to the investigation.

## II.   WAYMO WAIVED PRIVILEGE BY IDENTIFYING MR. BROWN AS AN EXPERT

Waymo designated Mr. Brown and Mr. Gudjonsson to provide expert testimony about the investigation. Ex. 14. This alone is sufficient to cause a waiver of privilege. *See e.g.*, *QST Energy, Inc. v. Mervyn's*, No. C-00-1699MJJEDL, 2001 WL 777489, at *3 (N.D. Cal. May 14, 2001) ("Where the expert's prospective testimony 'will necessarily disclose a 'significant part' of the privileged communication to the expert, the privilege is waived with respect to all communications to that expert.'"); *F.D.I.C. v. Anderson*, 2013 WL 146427, at *1–2 (E.D. Cal. Jan. 14, 2013) (holding that party waived privilege over communications with hybrid fact and expert witnesses). Waymo must disclose all of its documents and communications regarding the investigation or be barred from calling either witness at trial.

## III.   WAYMO MUST WAIVE PRIVILEGE OR DROP ITS CLAIM

If at trial Waymo wishes to rely on evidence relating to its forensic investigation, Waymo must produce all documents and communications relating to the forensic investigation, including the above topics and their concerted investigation of many employees who left Google for Uber. *Bittaker*, 331 F.3d at 720; *see also Theranos, Inc. v. Fuisz Techs., Ltd.*, No. C 11-5236 PSG, 2013 WL 2153276, at *4 (N.D. Cal. May 16, 2013) (enforcing a "broad waiver" "to prevent the disclosing party from 'cherry-picking the selective communications that [were] favorable to" it); *Walker v. Cty. of Contra Costa*, 227 F.R.D. 529, 533 (N.D. Cal. 2005) (party loses "work product and attorney-client privileges" when relying on an investigation to prove a claim or defense) (collecting cases). In addition, Waymo must also make Gary Brown, Kristinn Gudjonsson, and Chelsea Bailey available for deposition during which Waymo may not assert any privilege objections with respect to the investigation. Anything short of this complete disclosure while permitting Waymo to submit evidence of the investigation would be contrary to Ninth Circuit law and prejudicial to Otto Trucking. *Bittaker*, 331 F.3d at 720.

Waymo has expressly and implicitly waived all privilege and work product protection related to its investigation. Waymo's intentional disclosure of work product regarding the investigation and inconsistent application of the attorney-client privilege—allowing privileged discussions about "technical" parts of the investigation to be disclosed—waived privilege as to the entire investigation. *See, e.g.*, *Wadler v. Bio-Rad Labs, Inc.*, 212 F. Supp. 3d 829, 853–54 (N.D. Cal. 2016) (finding express waiver as to all matters intentionally waived and implied waiver as to communications relevant to those same disclosures). In addition, as the Ninth Circuit has held, "Parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged

---

[3] Ex. 4 (Gudjonnson Tr.) at 84:8-18, 200:6-24; Ex. 5 Bailey Tr., 291:22:292:8, 292:9-20; Ex. 2 at 52:5-18, 72:18-73:5, 45:8-18, 120:4-121:25; 126:25-128:1; 123:11-125:3; 113:5-113:25; Ex. 13.

materials. The party asserting the claim is said to have implicitly waived the privilege" *Bittaker v. Woodford*, 331 F.3d at 719 (9th Cir. 2003) ("Substantial authority holds the attorney-client privilege to be impliedly waived where the client asserts a claim or defense that places at issue the nature of the privileged material.").

Here, Waymo has presented to the court its conclusions that Anthony Levandowski improperly downloaded 14,000 files from Google's servers, has offered quasi-expert testimony to the Court from a party's internal security engineer that was guided by outside counsel. At the same time, Waymo seeks to shield from discovery important aspects of the investigation that would allow Otto Trucking to fully investigate and test those conclusions. It artificially has drawn lines that cannot exist—that Waymo can selectively disclose work performed in an investigation guided by attorney client communications but not others within the precisely same subject matter domain. Often, these communications are within the same document. Without the complete record, Otto Trucking is prejudiced because it cannot fully explore the conclusions of Waymo's forensic experts.

When a party has turned over documents to another party voluntarily (and in this case has expressly stated it is waiving privilege), the privilege is gone and the litigant may not thereafter reassert it to block discovery of the information and related communications by his adversaries. *Bittaker*, 331 F.3d at 720; *Wadler*, 212 F. Supp. 3d at 850; *see also* Fed. R. Evid. 502(a). Where implied waiver of privilege has occurred, the withholding party must make a choice: waive privilege on that subject matter or stand by its privilege assertions and abandon the claim that gives rise to the privilege. *Bittaker*, 331 F.3d at 721. Waymo must disclose all documents and communications relating to its investigation or be barred from presenting any evidence regarding any alleged misappropriation based on the forensic investigation.

Waymo's attempt to limit the scope of its waiver fails. Ninth Circuit law is clear that express and implied waiver results in a waiver as to the **entire subject matter**. *See id.*; *see also* Fed. R. Evid. 502(a). To conclude otherwise would result in the fundamental unfairness of Waymo selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable. *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575–76 (N.D. Cal. 2008). Waymo "appears primed to employ the favorable communications as a sword while guarding possibly damaging emails with the shield of the privilege, and that position undoubtedly creates an unfair prejudice to" *Theranos*, 2013 WL 2153276, at *4.

The law draws no lines between the attorney-client privilege and work product doctrine here. Indeed, Waymo's voluntary disclosure of work product to its litigation adversary "defeat[s] the policy underlying the privilege." *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 623 n.3 (N.D. Cal. 2006) ("[I]n these instances, 'the criteria for waiver of the work product and attorney client privileges are equivalent.'") (citing *Carter v. Gibbs*, 909 F.2d 1450, 1451 (Fed. Cir. 1990)). Waymo does not even understand the line it has drawn as it has twice represented that its waiver extended to the attorney-client privilege, not just to work product (Exs. 7, 10) and has clawed back a work product document and continues to withhold work product documents relating to the investigation as evidenced by Waymo's privilege logs.

The Court should order Waymo to produce all information and documents relating to its investigations or preclude it from introducing any evidence of misappropriation based on the investigation at trial.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on August 11, 2017. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 11th day of August 2017.

/s/ Neel Chatterjee
Neel Chatterjee