HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
 2                SAN FRANCISCO DIVISION

 3

 4     _____
                                     )
 5     WAYMO LLC,                    )
                                     )
 6                   Plaintiff,      )
                                     )
 7          vs.                      )  Case No.
                                     )  3:17-cv-00939-WHA
 8     UBER TECHNOLOGIES, INC.,      )
       OTTOMOTTO LLC; OTTO           )
 9     TRUCKING LLC,                 )
                                     )
10                   Defendants.     )
       _____)
11

12

13

14

15        HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
16          VIDEOTAPED DEPOSITION OF GARY T. BROWN
17                San Francisco, California
18                Friday, March 24, 2017
19                      Volume I
20

21

22

       Reported by:  SUZANNE F. GUDELJ
23     CSR No. 5111
24     Job No. 2577644
25     PAGES 1 - 65
```

Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY



Page 28

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY



Page 29

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1    attorney?

2            MR. HOLMES:  Pardon me?

3            MR. GONZALEZ:  Yeah, which -- which

4    attorney are you referring to?

5            MR. HOLMES:  Google and/or Waymo counsel    12:15:25

6    generally.

7    BY MR. GONZALEZ:

8        Q    Your declaration --  your declaration makes

9    reference to 14,000 files; do you recall that?

10       A    Yes.                                       12:15:40

11       Q    When did you -- are you the person who

12   discovered that there were 14,000 files allegedly

13   downloaded?

14       A    No.

15       Q    Who discovered that?                       12:15:50

16           MR. HOLMES:  Caution you not to disclose

17   any attorney-client communications or work product.

18           MR. GONZALEZ:  Well, I'm telling you it's

19   a -- it's a waiver once it makes its way into a

20   declaration filed in federal court.  So let me do it  12:16:09

21   this way.

22   BY MR. GONZALEZ:

23       Q    You say in your declaration, paragraph 17,

24   that based on your review of logs, Mr. Levandowski

25   alledgedly downloaded over 14,000 files.  Do you see  12:16:30

                                              Page 30

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1     that?

2         A     Yes.

3         Q     How did that first come to your attention?

4               MR. HOLMES:  And I want to caution you not

5     to disclose any attorney-client communications.      12:16:41

6               THE WITNESS:  A log file was provided to

7     me.

8     BY MR. GONZALEZ:

9         Q     By whom?

10              MR. HOLMES:  Same caution.               12:16:58

11              THE WITNESS:  A former administrator of the

12    SVN server had pulled the log, provided it to a

13    lawyer.  The lawyer provided it to me.

14    BY MR. GONZALEZ:

15        Q     All right.  And when did you get this log?  12:17:11

16        A     Sometime in February 2017.

17        Q     Do you remember any more specifically what

18    the date was when you, yourself, saw the alleged

19    downloading of 14,000 files?

20        A     That varies.                            12:17:41

21        Q     When's the first time that you saw some of

22    the downloading that ended up being 14,000 files?

23        A     I saw the network traffic in October of

24    2016.

25        Q     What is network traffic?                12:17:59

Page 31

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1      A     When activity occurs on devices that are on

2    Google's corporate network, our sensors pick up

3    information about that traffic, and those go into

4    our logs.

5      Q     So what information was picked up about the     12:18:18

6    downloading of the 14,000 files?

7      A     From the network traffic.  Approximately 10

8    gigabytes of data was transferred from the IP

9    address and domain where the subversion server

10   relies -- resides to the work laptop of Anthony     12:18:46

11   Levandowski.

12     Q     Did you consider that to be suspicious?

13           MR. HOLMES:  Objection to form.

14           THE WITNESS:  Potentially.

15   BY MR. GONZALEZ:                                       12:19:04

16     Q     That fact by itself didn't make you to

17   think -- didn't make you think that he had done

18   anything improper, did it?

19           MR. HOLMES:  Objection to form.

20           THE WITNESS:  That fact by itself has other     12:19:15

21   factors around it that do make it suspicious.

22   BY MR. GONZALEZ:

23     Q     Such as?

24     A     Such as the searching for instructions on

25   how to access that server; such as the appearance of     12:19:27

Page 32

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | |
|---|---|
| 1 | MR. HOLMES:  -- the question he has. |
| 2 | MR. GONZALEZ:  Let's go off the record. |
| 3 | VIDEO OPERATOR:  We are off the record at |
| 4 | 12:24 p.m. |
| 5 | (Recess.)                                12:27:59 |
| 6 | VIDEO OPERATOR:  We are back on the record |
| 7 | at 12:27 p.m. |
| 8 | BY MR. GONZALEZ: |
| 9 | Q    Who told you that Mr. Levandowski had |
| 10 | access to the server and downloaded 14,000 files?   12:28:07 |
| 11 | A    A lawyer. |
| 12 | Q    Which lawyer? |
| 13 | A    Tom Gorman. |
| 14 | Q    And did you then seek to confirm that by |
| 15 | your analysis?                            12:28:22 |
| 16 | A    Yes. |
| 17 | Q    And did you confirm that in October of |
| 18 | 2016? |
| 19 | A    I corroborated the download with network |
| 20 | traffic.                                  12:28:43 |
| 21 | Q    So you looked at the network traffic to |
| 22 | corroborate that 14,000 files were downloaded onto |
| 23 | what device? |
| 24 | A    Anthony Levandowski's work laptop. |
| 25 | Q    The work laptop that was issued to him by   12:29:00 |

Page 36

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY



Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY



Page 39

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1          I, the undersigned, a Certified Shorthand

2   Reporter of the State of California, do hereby

3   certify:

4          That the foregoing proceedings were taken

5   before me at the time and place herein set forth;

6   that any witnesses in the foregoing proceedings,

7   prior to testifying, were duly sworn; that a record

8   of the proceedings was made by me using machine

9   shorthand which was thereafter transcribed under my

10  direction; that the foregoing transcript is a true

11  record of the testimony given.

12         Further, that if the foregoing pertains to

13  the original transcript of a deposition in a Federal

14  Case, before completion of the proceedings, review

15  of the transcript [ ] was [X] was not requested.

16        I further, certify I am neither financially

17  interested in the action nor a relative or employee

18  of any attorney or party to this action.

19        IN WITNESS WHEREOF, I have this date

20  subscribed my name.

21  Dated:3/27/17

22

23

                            SUZANNE F. GUDELJ

24                   CSR No. 5111

25