HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3               SAN FRANCISCO DIVISION

4

5    WAYMO LLC,                      )

6             Plaintiff,            )

7        vs.                        ) Case No.

8    UBER TECHNOLOGIES, INC.;       ) 3:17-cv-000939-WHA

9    OTTOMOTTO LLC; OTTO TRUCKING,  )

10   INC.,                          )

11            Defendants.           )

12   _____)

13      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

14

15    VIDEOTAPED DEPOSITION OF KRISTINN GUDJONSSON

16              Palo Alto, California

17              Friday, July 28, 2017

18                   Volume I

19

20   Reported by:

21   CARLA SOARES

22   CSR No. 5908

23   JOB No. 2665814

24

25   PAGES 1 - 242

                                        Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    of these communications with the legal department,          10:31:10

2    how are those requests made?  Is that in writing or

3    verbal or some other fashion?

4         A    Not verbal.

5         Q    So there's a written request?                     10:31:24

6         A    Yes.  Either written, or we have, like, an

7    intake form where we can -- you can submit an

8    incident to us, or written in an e-mail.  It would

9    be either one of those two.

10        Q    What information is contained in those            10:31:45

11   types of requests?

12        A    It varies.

13             MR. BAKER:  Go ahead.

14             THE WITNESS:  It varies.

15   BY MR. TAKASHIMA:                                           10:31:52

16        Q    Do you recall any of the information

17   that's usually set forth in those requests?

18             MR. BAKER:  You can answer that yes or no,

19   Kris.

20             THE WITNESS:  Yes.                                10:32:02

21   (Question not answered per instruction of counsel):

22   BY MR. TAKASHIMA:

23        Q    What information do you recall?

24             MR. BAKER:  I'm going to object as

25   attorney-client privileged; instruct the witness not       10:32:11

Page 29

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1     to answer.                                           10:32:12

2     BY MR. TAKASHIMA:

3          Q    Do requests to initiate investigations set

4     up parameters for the investigation?

5               MR. BAKER:  You can answer that yes or no.    10:32:26

6               THE WITNESS:  Sorry.  Can you repeat that

7     question?

8     BY MR. TAKASHIMA:

9          Q    Sure.  I'll rephrase that question.

10              Do requests to initiate an investigation     10:32:37

11    set out the scope of that investigation?

12              MR. BAKER:  You can answer that yes or no.

13              THE WITNESS:  Yes.

14    BY MR. TAKASHIMA:

15         Q    Do requests to initiate an investigation     10:32:48

16    state the reasons for the investigation?

17              MR. BAKER:  You can answer that yes or no.

18              THE WITNESS:  Depends.

19    BY MR. TAKASHIMA:

20         Q    Sometimes?                                   10:32:57

21         A    Yes.

22         Q    And sometimes not?

23         A    Yes.

24         Q    What information about the scope of the

25    investigation is contained in requests to initiate    10:33:21

Page 30

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1        Q   You took part in an investigation of      11:07:32

 2   Anthony Levandowski last year, correct?

 3        A   Yes.

 4        Q   Have you done any work this year in

 5   connection with that investigation?               11:07:38

 6        A   Yes.

 7        Q   When this year?

 8        A   Early this year.

 9        Q   January?

10        A   Last work was not long before the         11:07:59

11   deposition -- the declaration from Gary Brown was

12   submitted.

13                    REDACTED

14                    REDACTED

15        REDACTED                                      11:08:20

16            MR. BAKER:  You can answer that yes or no,

17   Kris.

18            THE WITNESS:  Yes.

19   (Question not answered per instruction of counsel):

20   BY MR. TAKASHIMA:                                  11:08:24

21                    REDACTED

22            MR. BAKER:  And I'm going to object on the

23   grounds of attorney-client privilege and instruct

24   the witness not to answer.

25   ///                                                11:08:30
```

Page 44

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | |
|---|---|
| 1 | THE VIDEO OPERATOR:  We're now going back     11:11:01 |
| 2 | on the record, and the time is 11:11. |
| 3 | (Question not answered per instruction of counsel): |
| 4 | BY MR. TAKASHIMA: |
| 5 | Q   **REDACTED**                                              11:11:07 |
| 6 | **REDACTED** |
| 7 | **REDACTED** |
| 8 | MR. BAKER:  Objection.  Attorney-client |
| 9 | privileged.  I'm going to instruct the witness not |
| 10 | to answer.                                            11:11:15 |
| 11 | MR. TAKASHIMA:  You're claiming privilege |
| 12 | over          **REDACTED** |
| 13 | MR. BAKER:  We're claiming privilege over |
| 14 | **REDACTED**                        Yes. |
| 15 | MR. TAKASHIMA:  Including   **REDACTED**    11:11:28 |
| 16 | **REDACTED** |
| 17 | MR. BAKER:  You have my objection, |
| 18 | Counsel. |
| 19 | MR. TAKASHIMA:  Okay.  I'm just trying to |
| 20 | clarify the record.                                   11:11:34 |
| 21 | MR. BAKER:  I'm sorry.  What was that? |
| 22 | MR. TAKASHIMA:  I'm just trying to clarify |
| 23 | the record. |
| 24 | MR. BAKER:  Well, my objection is on the |
| 25 | record.                                               11:11:41 |

Page 46

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1          MR. TAKASHIMA:  Thank you.              11:11:41

 2     Q              REDACTED

 3                        REDACTED

 4          REDACTED

 5     A   I'm sorry.  Could you repeat the question?   11:12:09

 6     Q              REDACTED

 7                        REDACTED

 8          REDACTED

 9          MR. BAKER:  You can answer that yes or no,

10  Kris.                                          11:12:26

11          THE WITNESS:  Yes.  Sorry.   REDACTED

12          REDACTED            Or you said --

13  BY MR. TAKASHIMA:

14     Q              REDACTED

15     A   Sorry.  Yes.  Yes.                       11:12:37

16     Q            REDACTED

17          MR. BAKER:  Can you repeat?

18  (Question not answered per instruction of counsel):

19  BY MR. TAKASHIMA:

20     Q                  REDACTED              11:12:44

21       REDACTED

22          MR. BAKER:  Objection.  Attorney-client

23  privilege.  I'm going to instruct the witness not to

24  answer.

25  ///                                             11:12:50

                                              Page 47
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | talk about it. | 11:31:52 |
| 2 | THE WITNESS:  Okay. | |
| 3 | THE VIDEO OPERATOR:  We are now going off | |
| 4 | the record, and the time is 11:32. | |
| 5 | (Recess, 11:32 a.m. - 11:33 a.m.) | 11:31:55 |
| 6 | THE VIDEO OPERATOR:  We're now going back | |
| 7 | on the record, and the time is 11:33. | |
| 8 | MR. BAKER:  Do you want to ask your | |
| 9 | question again, Counsel? | |
| 10 | MR. TAKASHIMA:  I do. | 11:33:28 |
| 11 | Q   Do you recall what information you put | |
| 12 | into the tracking document? | |
| 13 | A   Yes. | |
| 14 | (Question not answered per instruction of counsel): | |
| 15 | Q   What was that information? | 11:33:33 |
| 16 | MR. BAKER:  And we have claimed privilege | |
| 17 | and work product over the tracking document, so I'll | |
| 18 | instruct the witness not to answer. | |
| 19 | BY MR. TAKASHIMA: | |
| 20 | Q   Did the information you entered into the | 11:33:49 |
| 21 | tracking document include information about the | |
| 22 | scope of your investigation? | |
| 23 | A   Yes. | |
| 24 | Q   Did the information you included in the | |
| 25 | tracking document include the reasons for the | 11:33:59 |

Page 60

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    investigation?                                    11:34:01

 2         A    Yes.

 3    (Question not answered per instruction of counsel):

 4         Q    Did the information you put into the

 5    tracking document include the basis for what you   11:34:09

 6    described as reasonable suspicion concerning

 7    Mr. Levandowski?

 8              MR. BAKER:  Hold on one second.

 9              I'm going to instruct the witness not to

10    answer at this point.                             11:34:33

11              Again, the tracking document we've claimed

12    privilege and work product over, so I don't want the

13    witness to testify about what is in the tracking

14    document.

15    BY MR. TAKASHIMA:                                 11:34:42

16         Q    Okay.  What did you do next in the

17    investigation after you created the tracking

18    document?

19         A    Waited until the laptop arrived.

20         Q    And how long did you wait?              11:34:59

21         A    I'm not sure exactly how long, but it was

22    at least a few weeks.

23         Q    That's for both laptops; is that correct?

24         A    They arrived at the same time.  Yes.

25         Q    Okay.  Who sent you the laptops?         11:35:19
```

Page 61

1    looking for anything other than unusual user          12:09:57

2    behavior?

3         A    Yes.

4         Q    What else were you looking for?

5         A    I was supplied    **REDACTED**                12:10:02

6         Q    Who gave you that    **REDACTED**

7         A    It came from the lawyers and Bailey.

8         Q    Did you              **REDACTED**

9              **REDACTED**

10        A    Yes.                                          12:10:26

11   (Question not answered per instruction of counsel):

12        Q    What were        **REDACTED**

13             MR. BAKER:  Objection.  Attorney-client

14   privileged and work product.  I'm going to instruct

15   the witness not to answer.                             12:10:35

16   BY MR. TAKASHIMA:

17        Q    You're abiding by that instruction?

18        A    Yes.

19        Q                  **REDACTED**

20             MR. BAKER:  Hold on one second, Kristinn.     12:10:45

21             THE WITNESS:  Okay.

22             MR. BAKER:  You can give a number.

23             THE WITNESS:  Okay.  I don't remember.

24   Ballpark?

25   ///                                                    12:11:15

                                                       Page 84

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    preliminary early findings.                           13:49:37

 2         Q    And at that first point that you reported

 3    back, what were your preliminary findings?

 4         A    That we could not access the G laptop, and

 5    that the Windows machine had been reimaged.           13:49:52

 6         Q    Anything else?

 7         A    I don't remember.

 8         Q    Did you get any feedback from the people

 9    you spoke with?

10         MR. BAKER:  You can answer that yes or no.       13:50:08

11         THE WITNESS:  Yes.

12    (Question not answered per instruction of counsel):

13    BY MR. TAKASHIMA:

14         Q    Okay.  What did they tell you?

15         MR. BAKER:  Are you asking him about what        13:50:11

16    the lawyer told him?

17         MR. TAKASHIMA:  Yes.

18         MR. BAKER:  Okay.  Objection.  Privileged

19    and work product.

20         I'm going to instruct you not to answer.         13:50:17

21         THE WITNESS:  I'm abiding to that, yes.

22    BY MR. TAKASHIMA:

23         Q    Thank you.

24         How many lawyers did you speak with when

25    you reported back the first time?                     13:50:29
```

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1        A    The first time?                        13:50:31

 2        Q    Yes.

 3        A    Probably one or two.  I don't remember,

 4   though.

 5        Q    Was that in person?                     13:50:35

 6        A    No.  I think that was -- I know almost all

 7   my meetings were over VC.

 8        Q    How long did you speak with them?

 9        A    I don't recall.

10        Q    Was it a 20-minute meeting?             13:50:52

11        A    They're typically half-an-hour meetings.

12   Whether we used the entire time or not, I'm not

13   sure.

14   (Question not answered per instruction of counsel):

15        Q    Did you discuss with the lawyers what you   13:51:08

16   were going to do next in your investigation?

17        MR. BAKER:  I'm going to object as

18   privileged and instruct the witness not to answer.

19        I'm happy for him to tell you, you know,

20   as a technical matter what he did next.  But the way   13:51:20

21   that you phrased the question calls for his

22   discussions with lawyers.

23        Can you rephrase?

24   BY MR. TAKASHIMA:

25        Q    So you're not going to answer that        13:51:33
```

Page 135

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    question, correct?                                   13:51:34

2          A   No.

3    (Question not answered per instruction of counsel):

4          Q   Okay.  Thank you.

5              Did the lawyers give you any directions on  13:51:42

6    what to do next in your investigation?

7              MR. BAKER:  I'm going to instruct the

8    witness not to answer on the grounds of privilege

9    and work product.

10             MR. TAKASHIMA:  Will you let him answer     13:51:54

11   that question yes or no?

12             MR. BAKER:  No.

13             MR. TAKASHIMA:  Okay.

14             MR. BAKER:  No.  I mean, I think your

15   question calls for the substance of the             13:51:59

16   communications.

17             Again, I'm happy for him to testify about

18   any of the, you know, technical aspects of the

19   investigation, what he did, any conclusions that he

20   drew, but I don't think that he should testify about 13:52:12

21   conversations that he had with the attorneys.

22             MR. TAKASHIMA:  I understand your

23   objection.

24         Q   Okay.  After your first preliminary

25   meeting with the lawyers, what did you do next?      13:52:26

                                                 Page 136

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    files being downloaded to the machine at the same         15:24:58

 2    time as this was plugged in.

 3    (Question not answered per instruction of counsel):

 4         Q    I only want a yes or no answer on this:

 5    Have Google attorneys given you any other                 15:25:21

 6    information about whether there were files actually

 7    copied to a card in the card reader?

 8              MR. BAKER:  Objection.  Attorney-client

 9    privilege.  I'm going to instruct the witness not to

10    answer.                                                    15:25:30

11              MR. TAKASHIMA:  Including a yes or no?

12              MR. BAKER:  Yeah.

13              MR. TAKASHIMA:  Okay.

14         Q    So to the best of your knowledge, leaving

15    aside anything that you learned only from attorneys,      15:25:39

16    there is no evidence that files were actually copied

17    to a card in the card reader, correct?

18         A    We saw the files being downloaded to the

19    system while at the same time as the external drive

20    was connected to the machine, and that's the extent      15:25:57

21    of what we could discern due to the fact that the

22    machine had been reimaged.

23         Q    Okay.

24         A    We did not have access to that Windows

25    machine.                                                   15:26:09
```

Page 194

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
1    today, you are not aware of any evidence that          15:29:57

2    Mr. Levandowski copied files off the computer before

3    it was reimaged?

4         MR. BAKER:  Objection to form.

5         THE WITNESS:  I can only tell you what's          15:30:06

6    in the declaration here, what we see here.

7    BY MR. TAKASHIMA:

8         Q   To your knowledge, has there been any

9    investigation of Mr. Levandowski's e-mail account at

10   Google?                                               15:30:53

11        A   I'm not sure.

12        Q   To your knowledge, has anybody connected

13   with an investigation reviewed the contents of

14   Mr. Levandowski's e-mail account at Google?

15        A   I'm not sure.                                15:31:05

16        Q   Who would know?

17        A   Lawyers.

18        Q   Would anybody else in digital forensics

19   know?

20        A   Potentially, but probably not.  It           15:31:22

21   probably would have been me if that check was made.

22        Q   Have you conducted -- been involved in any

23   review of Mr. Levandowski's workstation from Google?

24        A   The workstation, no.

25        Q   Has anybody else from digital forensics      15:31:42
```

Page 198

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    conducted that investigation?                           15:31:44

2         A    No.

3         Q    Has anybody looked at Mr. Levandowski's

4    workstation?

5         A    Not to my knowledge.                          15:31:49

6         Q    Has the workstation been preserved?

7         A    Not to my knowledge.

8         Q    Okay.  Has it been deleted?

9         A    I'm not sure.  I would have to go check.

10        Q    Did you ever discuss with anybody            15:32:07

11   investigating Mr. Levandowski's workstation?

12             MR. BAKER:  Again, I just want to caution

13   the witness not to disclose any communications that

14   he's had with attorneys.

15             If you have a question, we can go outside.    15:32:22

16             MR. TAKASHIMA:  Do you want to take a

17   break?

18             THE WITNESS:  Yes.  Let's do that.

19             THE VIDEO OPERATOR:  We are now going off

20   the record, and the time is 3:32.                       15:32:31

21             (Recess, 3:32 p.m. - 3:39 p.m.)

22             THE VIDEO OPERATOR:  We're now going back

23   on the record, and the time is 3:39.

24   BY MR. TAKASHIMA:

25        Q    Did you ever discuss with anybody whether     15:39:05

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | to investigate Mr. Levandowski's workstation? | 15:39:08 |
| 2 | A   Yes. | |
| 3 | Q   Who did you discuss that with? | |
| 4 | A   At least Gary and Chelsea.  Most likely | |
| 5 | some lawyers as well. | 15:39:23 |
| 6 | Q   And did you want to investigate the | |
| 7 | workstation? | |
| 8 | A   We asked whether we should. | |
| 9 | Q   And "we" in this case is you and | |
| 10 | Mr. Brown? | 15:39:35 |
| 11 | A   Yes. | |
| 12 | (Question not answered per instruction of counsel): | |
| 13 | Q   And what were you told? | |
| 14 | MR. BAKER:  I'm going to object.  I don't | |
| 15 | want you to divulge the substance of any | 15:39:40 |
| 16 | attorney-client communications.  But with that in | |
| 17 | mind, you can answer. | |
| 18 | THE WITNESS:  So I should not -- | |
| 19 | MR. BAKER:  If you have any questions, we | |
| 20 | can go back outside. | 15:39:56 |
| 21 | THE WITNESS:  But this is done at the | |
| 22 | direction of counsel, so I -- | |
| 23 | MR. BAKER:  Okay.  Then I'm going to | |
| 24 | instruct you not to answer. | |
| 25 | | |

Page 200

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    whether or not, because we didn't have the logs that      15:42:40

 2    would be pointing us towards that.

 3         Q   Did Mr. Brown have any inclination one way

 4    or the other as to --

 5         A   You would have to ask him.                        15:42:50

 6         Q   Did he have any -- did Mr. Brown express

 7    to you whether he thought it would be a good idea to

 8    investigate Mr. Levandowski's workstation?

 9         A   I don't remember.

10         Q   Did you discuss with Ms. Bailey whether to       15:43:04

11    investigate Mr. Levandowski's workstation?

12         A   I do think so, yes.

13         Q   Okay.  What did you say?

14         A   "Should we look at his workstation?"

15    (Question not answered per instruction of counsel):        15:43:17

16         Q   Okay.  What did she say?

17             MR. BAKER:  Objection.  I'm going to

18    object as attorney-client privileged and instruct

19    the witness not to answer.

20    BY MR. TAKASHIMA:                                          15:43:24

21         Q   Is Ms. Bailey an attorney?

22         A   Not to my knowledge, but I do believe

23    there was an attorney present at the time as well.

24    (Question not answered per instruction of counsel):

25         Q   Okay.  Did Ms. Bailey express an opinion         15:43:32
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    as to whether Mr. Levandowski's workstation should        15:43:44

 2    be investigated?

 3            MR. BAKER:  Same objection.

 4            Counsel, my understanding is that these

 5    conversations were -- were -- an attorney was             15:43:51

 6    present for these conversations, so I'm going to

 7    object as attorney-client privileged and work

 8    product and instruct the witness not to answer.

 9            MR. TAKASHIMA:  Okay.  You're not going to

10    allow him to say yes or no?                               15:44:04

11            MR. BAKER:  I'm sorry?

12            MR. TAKASHIMA:  You're not going to allow

13    him to say yes or no; is that correct?

14            MR. BAKER:  What was the question again?

15            MR. TAKASHIMA:  The question is --               15:44:10

16            MR. BAKER:  Did Ms. Bailey express an

17    opinion as to whether Mr. Levandowski's work --

18    yeah, I'm not going to allow him to answer that

19    question.

20            MR. TAKASHIMA:  Okay.                            15:44:18

21       Q   If you and Mr. Brown had not received any

22    input from counsel or Ms. Bailey, would you have

23    investigated Mr. Levandowski's workstation?

24            MR. BAKER:  Hold on one second, Kris.

25            Objection to form.  I'll allow you to           15:45:11
```

Page 204

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
1              MR. BAKER:  I am instructing him not to          15:46:02

2    answer the question on the basis of privilege and

3    work product.

4    BY MR. TAKASHIMA:

5         Q   Let's do that once over just cleanly,            15:46:06

6    understanding that your will counsel will object.

7         A   Yes.

8    (Question not answered per instruction of counsel):

9         Q   If you and Mr. Brown had not received any

10   input from counsel or from Ms. Bailey, would you          15:46:16

11   have investigated Mr. Levandowski's workstation?

12        A   Again, I think I will have to decline

13   answering that based on privilege.

14             MR. TAKASHIMA:  Just to be clear, you're

15   instructing him not to answer that question?             15:46:28

16             MR. BAKER:  I am, on the basis that the

17   question implies certain communications from

18   counsel, so I don't think he can answer that without

19   revealing the substance of attorney-client

20   communications and work product.                         15:46:38

21             MR. TAKASHIMA:  Okay.

22             MR. BAKER:  As I said, though, I'm

23   happy -- if you want to rephrase the question and

24   ask it a different way, you might be able to get at

25   the same information.                                    15:46:48
```

Page 206

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1          Q    What else did Mr. Brown do with          15:52:49

 2    Mr. Levandowski's workstation?

 3          A    You would have to ask him.

 4          Q    Was Mr. Levandowski's workstation imaged?

 5          A    No.                                       15:52:59

 6          Q    Why not?

 7               MR. BAKER:  Objection.  Why don't we step

 8    outside.

 9               THE WITNESS:  Okay.

10               THE VIDEO OPERATOR:  Going off the record,  15:53:11

11    and the time is 3:53.

12               (Recess, 3:53 p.m. - 3:55 p.m.)

13               THE VIDEO OPERATOR:  We're now going back

14    on the record, and the time is 3:55.

15    BY MR. TAKASHIMA:                                    15:55:26

16          Q    We were discussing Mr. Levandowski's

17    workstation, right?

18          A    Yes.

19          Q    And you explained that Mr. Levandowski's

20    workstation was not imaged, correct?                 15:55:31

21          A    Not to my knowledge.

22          Q    Why not?

23               MR. BAKER:  Objection to form.

24               THE WITNESS:  I wouldn't know why not.

25    (Question not answered per instruction of counsel):  15:55:41
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    BY MR. TAKASHIMA:                                    15:55:42

 2         Q   Did you ever discuss with anybody whether

 3    to make an image of the workstation?

 4         A   Again, it goes back to discussions with

 5    lawyers.                                             15:55:49

 6              MR. BAKER:  I'll instruct the witness not

 7    to answer.

 8    BY MR. TAKASHIMA:

 9         Q   Okay.  Are there any playbooks within

10    digital forensics that address     REDACTED        15:56:14

11                        REDACTED

12      REDACTED

13         A   Sorry.  Can you clarify more what you mean

14    by that?

15         Q   Sure.                                       15:56:27

16              Earlier today, we discussed playbooks.

17         A   Yes.

18         Q   You have that in mind?

19         A   Yes.

20         Q   Okay.  Are there any playbooks that         15:56:31

21    address                REDACTED

22                         REDACTED

23      REDACTED

24         A      REDACTED

25         Q            REDACTED                           15:56:45

                                             Page 212
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          I, the undersigned, a Certified Shorthand

2    Reporter of the State of California, do hereby

3    certify:

4          That the foregoing proceedings were taken

5    before me at the time and place herein set forth;

6    that any witnesses in the foregoing proceedings,

7    prior to testifying, were administered an oath; that

8    a record of the proceedings was made by me using

9    machine shorthand which was thereafter transcribed

10   under my direction; that the foregoing transcript is

11   a true record of the testimony given.

12          Further, that if the foregoing pertains to

13   the original transcript of a deposition in a Federal

14   Case, before completion of the proceedings, review

15   of the transcript [ ] was [X] was not requested.

16          I further certify I am neither financially

17   interested in the action nor a relative or employee

18   of any attorney or any party to this action.

19          IN WITNESS WHEREOF, I have this date

20   subscribed my name.

21          Dated: 7/29/2017

22

23          *Carla Soares*

24          CARLA SOARES

25          CSR No. 5908

                                        Page 242