# EXHIBIT 1

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

| | |
|---|---|
| **From:** | Jordan Jaffe |
| **To:** | Kim, Rudy Y.; Felipe Corredor; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; DG-GPOttoTruckingWaymo@goodwinlaw.com |
| **Cc:** | QE-Waymo; John Cooper; Matthew Cate |
| **Subject:** | RE: Waymo v. Uber - Waymo"s notice regarding trade secret narrowing |
| **Date:** | Sunday, August 06, 2017 9:56:58 PM |

- External Email -

WAYMO HIGHLY CONFIDENTIAL INFORMATION / ATTORNEYS EYES ONLY

Rudy,

Your concerns are misplaced.  In the first instance, Defendants have had Waymo's full list of 121 trade secrets, including Trade Secret Nos. 25, 90, 96, and 111, since Waymo's filing of its motion for a preliminary injunction nearly five months ago.  However, never before have you raised concern that the description of those trade secrets, or any other trade secrets on Waymo's trade secret disclosure under CCP section 2019.210, are "vague and/or overbroad."  Defendants have thus waived any contention that Waymo's formulation of its trade secrets lack the requisite particularity, and your belated concerns on that issue are misplaced.  Indeed, at the March 16 hearing in this case, Judge Alsup told Defendants that "there is a [trade secret] list, and we have got to go forward.  And you can't hold back and say: Oh, no, we don't know this, we don't know that."  Mar. 16, 2017 Hearing Tr. at 19:24-20:1.

Moreover, even considering your concerns about Trade Secret Nos. 25, 90, 96, and 111 on the merits, your stated concerns are meritless.  Trade Secret Nos. 25, 90, and 96 relate to specific cited documents that provide great detail and particularity as to each of those trade secrets.

As to Trade Secret No. 25, your assertion that the three specific, detailed cited documents contain "general concepts in the public domain" is meritless.  The information contained in those documents is Waymo's trade secret information. ███████████████████████████████████████████████████████████████████████████████ (Jaffe Ex. 3 at 1), is highly confidential trade secret information derived from Waymo's years of self-driving car experience.  ███████████████████████████████████████████████████████████████ is similarly highly confidential trade secret information that could only have been arrived at thanks to Waymo's years of self-driving car experience.  As but one example, ████████████████████████████████████████████████████████████████████████████████████████████ (Jaffe Ex. 3 at 1), is as specific as it gets—and such information amounts to Waymo's highly confidential trade secrets.  The three documents are filled with such ██████████████████████████████████████.  None of this information is a "general concept[] in the public domain," and all of that information is specific and particular.

As to Trade Secret No. 90, we don't understand how one can be accused of "broadly claim[ing]" information contained in a six-page document—one that no one disputes that Mr. Levandowski personally downloaded on his way out the door of Waymo.  The technical details regarding Waymo's ██████████████ as reflected in the cited presentation is a trade secret.  Indeed, all of Waymo's specific implementations of ████████ are its trade secrets—including the implementation reflected in Trade Secret Nos. 48 and 90.

As to Trade Secret No. 96, it is again not credible to claim that it "broadly claims█████████████████ contained in' a folder containing **detailed engineering schematics**."  By your own admission, this trade secret covers "detailed engineering schematics" and is thus a very detailed and particularized trade secret.  Waymo's

specific implementation of ▇▇▇▇▇▇▇▇▇▇ reflected in those schematics is a trade secret, and one example of the 14,000 files that Mr. Levandowski personally downloaded and Uber has misappropriated.

Indeed, as to both Trade Secret Nos. 90 and 96, the Court has already noted that Waymo's specific implementation of its LiDAR designs unquestionably qualify as trade secrets. *See, e.g.*, May 3, 2017 Sealed Morning Hearing Tr. at 15:16-22 ("All right. Well, I'm telling you, you're in a lot of trouble with that because I came up with a very simple example right off the bat that would fit that and it's not -- that's something so obvious to the -- to a seventh grader, wherever you get trigonometry, that, I don't know, your -- however, your specific implementation, I think, would be a trade secret."); May 3, 2017 Sealed Afternoon Hearing Tr. at 44:11-13 ("Trade secrets are about how you implement your design. It doesn't have to be -- qualify for a patent. It's about implementation.").

Finally, as to Trade Secret No. 111, Waymo's trade secret disclosure describes that the specific know-how was tied to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and further explains that this know-how includes ▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Waymo's trade secret disclosure thus provides great detail and particularity as to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇—highly confidential information that is very valuable to Defendants and other competitors.

We trust this lays your concerns to rest. If not, we are available to meet and confer on Monday.

Best regards,

Jordan R. Jaffe

---

**From:** Jordan Jaffe
**Sent:** Saturday, August 05, 2017 8:37 AM
**To:** Kim, Rudy Y. <RudyKim@mofo.com>; Felipe Corredor <felipecorredor@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; DG-GPOttoTruckingWaymo@goodwinlaw.com
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; John Cooper <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>
**Subject:** RE: Waymo v. Uber - Waymo's notice regarding trade secret narrowing

Rudy,

Confirming receipt of your Friday evening email. It raises new issues concerning the descriptions of trade secrets that have been in Uber's possession for approximately five months now. Nevertheless, we are preparing a response as expeditiously as possible given the timing of your email.

Best regards,

Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com

---

**From:** Kim, Rudy Y.
**Sent:** Friday, August 4, 2017 8:44 PM
**To:** Felipe Corredor; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; DG-GPOttoTruckingWaymo@goodwinlaw.com
**Cc:** QE-Waymo; John Cooper; Matthew Cate

**Subject:** RE: Waymo v. Uber - Waymo's notice regarding trade secret narrowing

Quinn Team:

We write to confer regarding the nine trade secrets that you identified on Tuesday.  That was supposed to be a list of specific, particularized trade secrets to streamline this case for trial.  Instead, at least four of them are vague and/or overbroad and do not give us adequate opportunity to prepare our defense for trial.  The concerns we have are as follows:

- **Trade Secret No. 25** – broadly claims ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in 99 pages of documents, and certain unspecified ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in those documents.  Much of the disclosures in those documents appear to be general concepts in the public domain, and Waymo has not specified what specific information it considers to be its trade secret.

- **Trade Secret No. 90** – broadly claims "the technical information contained in" a six page document, without identifying what specific information Waymo contends is a trade secret.  At the very minimum, Waymo should confirm that it no longer contends that Trade Secret No. 48 (which is arguably subsumed in Trade Secret No. 90) is a trade secret, which has been confirmed by Waymo's own witnesses at deposition.  Waymo should further identify what else is contained in the six page document that it contends is a trade secret.

- **Trade Secret No. 96** – broadly claims ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ contained in" a folder containing detailed engineering schematics.  Waymo fails to identify with particularity what aspects of those detailed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ it considers to be its trade secret, and what specific elements it intends to argue were misappropriated at trial.  This appears to be a deliberate attempt to circumvent Judge Alsup's order by including a broad catchall "trade secret" that encompasses other trade secrets (e.g., Trade Secret 1, Trade Secret 4, Trade Secret 5, Trade Secret 6, Trade Secret 8, Trade Secret 15, etc.)

- **Trade Secret No. 111** – broadly claims "know-how regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Waymo fails to identify with particularity what specific "know-how" it considers to be a trade secret and what specific elements it intends to argue was misappropriated at trial**.**

I am available to confer with you at any time this weekend.  Given how close we are to trial, we will file a motion to strike these secrets if they are not withdrawn or clarified.

I look forward to conferring with you.  Please clarify your alleged trade secrets and let me know what time this weekend you are available to confer.

Rudy

---

**From:** Felipe Corredor [mailto:felipecorredor@quinnemanuel.com]
**Sent:** Tuesday, August 01, 2017 11:40 PM
**To:** UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; DG-GPOttoTruckingWaymo@goodwinlaw.com
**Cc:** QE-Waymo; John Cooper; Matthew Cate
**Subject:** Waymo v. Uber - Waymo's notice regarding trade secret narrowing

**- External Email -**

---

Counsel and Special Master Cooper,

Please see attached.

Regards,
Felipe

**Felipe Corredor**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6448 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
felipecorredor@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.