MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:      415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:     202.237.2727
Facsimile:      202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                    Defendants. | Case No.       3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS MOTION TO COMPEL TEXT MESSAGES (DKT. 1117)**<br><br>Trial Date: October 10, 2017 |

I, Michelle Yang, declare as follows:

1.      I am an attorney at the law firm of Morrison & Foerster LLP.  I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.  I make this declaration in support of Plaintiff's Administrative Motion to File Under Seal Its Motion to Compel Text Messages (Dkt. 1117).

2.      I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Waymo's Motion to Compel Text Messages ("Motion") | Red-marked boxes |
| Exhibit 2 | Red-marked boxes |
| Exhibits 5 and 6 | Red-marked boxes |
| Exhibits 8, 9, 10 | Red-Marked boxes |
| Exhibit 11 | Entire Document |

3.      The red-marked boxes on page 1 of Waymo's Motion contain information considered highly confidential by Otto Trucking, for which it has already submitted a declaration.

4.      The red-marked boxes on page 2 of Waymo's Motion contain information exchanged among counsel in this case that, pursuant to a meet and confer agreement, was agreed to not be used as evidence or be made public in this litigation.

5.      The red-marked boxes on page 3 of Waymo's Motion, as well as some of the red-marked boxes in Exhibit 11, contain highly confidential information regarding an internal company group's strategic priorities and technical development status at a certain time.  This information is not publicly known, and its confidentiality is strictly maintained.  If this information were disclosed, competitors would gain knowledge into the development timeline of Uber's self-driving car program, and could use that knowledge to gain an advantage over Uber in this market, such that Uber's competitive standing could be harmed.

6.      The red-marked boxes of Exhibit 2 contain highly confidential information regarding the structure of a business agreement.  This business agreement structure is not publicly known, and its confidentiality is strictly maintained.  I understand that disclosure of this information would allow competitors to understand how Defendants structure their business agreement terms, such that competitors could take advantage by tailoring their own business offers.  Uber's competitive standing could be harmed.

7.      The red-marked boxes of Exhibits 5 and 6 contain highly confidential information from text messages among top executives at Uber regarding the following highly confidential subject matter: detailed market strategy plans, business negotiations, ongoing business relationships, technical aspects of Uber's LiDAR design, internal organizational structure, Uber's prioritization of strategic business goals, estimates of various technical and commercialization timelines, and evaluations of competitors.  All of this information is not publicly known, and its confidentiality is strictly maintained.  If any of this information were disclosed, Defendants' competitors could obtain a competitive advantage by having insight into Defendants' internal communications, analyses, and assessments of company priorities and future business plans.  For example, Defendants' competitors could use this information to tailor their own business negotiation strategy, adjust the technical specifications of their sensor designs, re-evaluate their company priorities, and refine their overall market strategy.  I understand that Uber's competitive standing could be seriously harmed by the disclosure of this information.

8.      The red-marked boxes of Exhibits 5 and 6 also contain – in a few instances – the names of individuals at the company who are generally unrelated to this litigation, but who are mentioned in passing.  In order to protect their privacy interests, because these individuals are at a company subject to great media attention, Defendants seek to seal this information.  On a related note, several red-marked boxes in Exhibits 5 and 6 contain personal information irrelevant to the case, and public disclosure of this information would harm individuals' privacy interests.  Defendants request that the Court grant sealing of this material.

9.      In addition, the red-marked boxes of Exhibits 5, 6, 8, 9, 10, and 11 contain personal contact information of high-ranking current and former company executives, whose

1   privacy could become compromised if disclosed to the public.  Defendants seek to seal this

2   information in order to protect the privacy of these current and former executives, as prominent

3   individuals at the company are currently the subject of extensive media coverage.  Disclosure of

4   this information for such high-ranking executives could expose them to harm or harassment.

5          10.      Defendants' request to seal is narrowly tailored to those portions of Plaintiff's

6   Motion and supporting exhibits that merit sealing.

7          I declare under penalty of perjury under the laws of the United States that the foregoing is

8   true and correct.  Executed this 11th day of August, 2017, at San Francisco, CA.

9

10

11                                                                       */s/ Michelle Yang*
                                                                          Michelle Yang

12

13                              **ATTESTATION OF E-FILED SIGNATURE**

14          I, Arturo J. González, am the ECF User whose ID and password are being used to file this

15   Declaration.  In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has

16   concurred in this filing.

17

18   Dated:  August 11, 2017                          */s/  Arturo J. González*
                                                        Arturo J. González

19

20

21

22

23

24

25

26

27

28