UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>        Defendants. | Case No.17-cv-00939-WHA   (JSC)<br><br>**ORDER DENYING WAYMO'S MOTION TO COMPEL RE: KALANICK TEXT MESSAGES**<br><br>Re: Dkt. No. 1118 |

Waymo seeks production of Travis Kalanick's text messages to and from Anthony Levandowski. Uber and Mr. Kalanick (through his personal counsel) assert that all recoverable text messages have been produced. They explain that the reason there are admittedly missing text messages is that Mr. Kalanick's phone was set to auto-delete text messages once they became 30 days old. Mr. Kalanick's forensic expert attests that once deleted, text message data remains in the flash storage and can be retrieved using forensic tools. However, the text data only remains in the flash storage until the space used by that data is needed for new data, "at which point the old data is overwritten by new data." (Dkt. No. 1156-6 ¶ 7.) The phone's operating system, and not the phone user, determines which flash storage data is overwritten. Significantly, "the new data does not necessarily take over the spot of the oldest 'ready to be permanently overwritten message first—the operating system could permanently delete a message that had been deleted long ago, or one that was newly deleted, depending on system needs." (*Id.* at ¶ 8.) Mr. Kalanick has offered, and is now ordered to, produce configuration files for his cell phone that show the 30-day auto delete protocol was turned on during the time period for which he was ordered to produce text messages. In all other respects Waymo's motion is DENIED.

The declaration of Alan Vogel satisfies the Court that Uber and Mr. Kalanick have

performed an adequate search for responsive text messages. Although Waymo's forensic experts conferred with Mr. Vogel prior to the filing of Waymo's letter brief, Waymo does not offer any declarations from its own experts, let alone expert testimony as to what more can be done to recover deleted text messages. Further, Waymo's motion is premised, at least in part, on its assertion that Uber has not produced any text messages before March 2016 "and only a single one before April 5" citing exhibits 5 and 6 to the letter brief as support. (Dkt. No. 1118 at 2.) Exhibit 6, however, shows two text messages sent by Mr. Kalanick in February 2016 and 10 sent before April 5, so the Court is puzzled by Waymo's assertion.

Accordingly, Waymo's motion to compel is DENIED. In addition, Waymo is reminded of the requirement in the Court's Civil Standing Order that courtesy copies bear the ECF filing "stamp."

This Order disposes of Docket No. 1118.

**IT IS SO ORDERED.**

Dated: August 14, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge