1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

        Plaintiff,

  v.

UBER TECHNOLOGIES, INC.;
OTTOMOTTO LLC; and OTTO
TRUCKING LLC,

        Defendants.

                           /

No. C 17-00939 WHA

**ORDER RE MOTIONS FOR
RELIEF FROM JUDGE
CORLEY'S NONDISPOSITIVE
PRETRIAL ORDERS RE
MOTIONS TO COMPEL**

## INTRODUCTION

      The magistrate judge overseeing discovery in this action granted in part and denied in part two motions by plaintiff to compel defendants to produce documents and respond to interrogatories. All parties move for relief from those orders pursuant to Civil Local Rule 72. Defendants' motions are **DENIED**. The Court **DEFERS** ruling on plaintiff's motion.

## STATEMENT

      Plaintiff Waymo LLC filed two motions to compel defendants Uber Technologies, Inc., Ottomotto LLC (collectively, "Uber"), and Otto Trucking LLC to produce certain documents and respond to certain interrogatories (Dkt. Nos. 682, 879). In two orders dated July 12 and July 19, per the discovery referral in this action, Magistrate Judge Jacqueline Corley granted in part and denied in part each of Waymo's motions (Dkt. Nos. 881, 951). Pursuant to Civil Local Rule 72, all parties move for relief from the July 12 order (Dkt. Nos. 928, 930, 932). Uber also moves for relief from the July 19 order (Dkt. No. 1007). This order follows full briefing.

# ANALYSIS

## 1. STANDARD OF REVIEW.

Under FRCP 72, a district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Ibid.* (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## 2. UBER'S MOTIONS FOR RELIEF.

### A. July 12 Order.

Waymo seeks information about intellectual property that Ottomotto and Otto Trucking (collectively, "Otto") disclosed to Uber as part of their acquisition deal (Dkt. No. 682 at 4–5). Judge Corley overruled Uber's relevancy objection, finding the information "relevant to Waymo's claims and Uber's defenses" (Dkt. No. 881 at 2). Uber objects that this ruling expands discovery beyond Waymo's list of asserted trade secrets and exceeds the scope of expedited discovery authorized for Waymo's trade secret misappropriation claims (Dkt. Nos. 930, 1000). The objection is meritless. Assets on the table during the Otto acquisition are relevant to Waymo's theory that Otto's price tag could not have been justified without misappropriated trade secrets in the bargain (*see* Dkt. Nos. 682 at 5, 971 at 2). This issue falls well within the scope of Waymo's *misappropriation* claim even if it does not directly concern Waymo's own asserted trade secrets. Uber claims it will not argue that the intellectual property in question justified Otto's price tag (Dkt. Nos. 930 at 3, 1000 at 5). But Waymo remains entitled to present its own version of the story and affirmatively show that no Otto assets — except misappropriated trade secrets — could have explained the terms of acquisition. This alone shows that Judge Corley's ruling was neither clearly erroneous nor contrary to law.

### B. July 19 Order.

In a similar vein, Uber objects to Judge Corley's ruling that Waymo may "seek information related to what Mr. Levandowski worked on for Uber" (Dkt. No. 951 at 1) on the basis that "non-LiDAR technology [is] outside the scope of this case" and expands discovery

beyond Waymo's list of asserted trade secrets (Dkt. Nos. 1007, 1042). Again, discovery relevant to Waymo's misappropriation claims may extend beyond evidence directly concerning Waymo's own asserted trade secrets. And, while LiDAR may be a central topic in this case, that in no way restricts either side to seeking only LiDAR-related discovery. Indeed, defendants themselves have gone far afield of LiDAR technology in search of evidence to support their litigation theories (*see, e.g.*, Dkt. Nos. 1069–70 (motion to compel additional deposition of Larry Page)). Judge Corley remains well situated to determine where and how to place reasonable limits on the sprawling discovery sought by both sides in this action. Uber has not shown that her decision here was clearly erroneous or contrary to law.

### 3. OTTO TRUCKING'S MOTION FOR RELIEF.

Otto Trucking contends, as it did before Judge Corley, that it has only four officers, "no employees or consultants or operations, and [no] networks, servers, or email systems," so Waymo must resort to non-party discovery to obtain responsive company documents in the personal emails of Otto Trucking officers (Dkt. Nos. 928 at 1, 5; 998 at 4). Judge Corley rejected Otto Trucking's cited authorities as inapposite because "none involve a corporation refusing to produce documents involving corporation business in the possession, custody or control of the corporation's officers" and ordered Otto Trucking to "produce responsive documents in the custody, control or possession of its officers, namely, Mr. Ron, Ms. Morgan or Mr. Bentley" (Dkt. No. 881 at 3). Otto Trucking has not shown that this ruling was clearly erroneous or contrary to law. As Judge Corley noted, Otto Trucking cannot escape its duty to produce responsive company documents simply by choosing to conduct company business through the personal emails of its officers (*see ibid.*).

### 4. WAYMO'S MOTION FOR RELIEF.

The Court **DEFERS** ruling on Waymo's motion for relief (Dkt. No. 932) pending the upcoming August 16 hearing on, among other things, Waymo's motions for order to show cause (Dkt. Nos. 677, 847).

**CONCLUSION**

For the foregoing reasons, defendants' motions for relief from Judge Corley's July 12 and July 19 orders are **DENIED**.  Defendants' stated objections thereto are **OVERRULED**.  Defendants shall fully comply with both orders by **AUGUST 17 AT NOON**.  The Court **DEFERS** ruling on Waymo's motion for relief.

**IT IS SO ORDERED.**

Dated:  August 14, 2017.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE