UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**ORDER RE: WAYMO'S MOTION TO COMPEL LEVANDOWSKI TO RESPOND TO SUBPOENAS**<br><br>Re: Dkt. No. 1086 |

    Waymo served a second Rule 45 subpoena on Anthony Levandowski on June 23, 2017 and a supplemental subpoena on July 7. Levandowski produced some responsive documents in response to the subpoenas, but may be withholding others. Waymo now moves to compel Mr. Levandowski (1) to produce an *in camera* privilege log identifying documents withheld on the basis of the Fifth Amendment, as the district court ordered him to do as to Waymo's initial subpoena, and (2) produce responsive, non-privileged documents in response to Waymo's supplemental request. (Dkt. No. 1086.) Waymo's motion is granted in part.

    Federal Rule of Civil Procedure 34 requires a party objecting to a document request "to state whether any responsive materials are being withheld on the basis of that objection." Further, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Similarly, the subpoena rule, Rule 45, requires a "person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing the information itself privileged or protected, will enable the parties to access the claim." Fed. R. Civ. P. 45(e)(2)(A). Mr. Levandowski's subpoena responses do not comply with these requirements

because it is impossible to discern whether he is withholding any documents and, if so, on what basis.

### A.  Second Subpoena Request Nos. 16, 31, 33-37

Mr. Levandowski asserts that the Court should not require him to say anything more as to Second Subpoena Request Nos. 16, 31, 33-37 because to even admit that he has responsive documents that are being withheld on the basis of his Fifth Amendment privilege would violate his Fifth Amendment right against self-incrimination. The Court agrees as to Second Subpoena Request Nos. 16, 31, 33-37. By admitting that he is withholding documents on Fifth Amendment grounds Mr. Levandowski would be admitting that he possesses or controls Waymo's misappropriated trade secrets. Such an admission is obviously incriminating. It is for this reason that the Court did not require Mr. Levandowski to provide a further submission as to Request No. 1. (Dkt. No. 802 at 3.) Accordingly, no further response is required for these requests.

### B.  Second Subpoena Request Nos. 3, 9-13, 19-20

Mr. Levandowski objects to these requests on the grounds that they are encompassed by Waymo's First Subpoena Request No. 3 and thus the Court has already ruled. The Court agrees. Waymo's original Request No. 3 sought "All communications between You and Uber between January 2015 and August 2016." (Dkt. No. 212-1 at 11.) Mr. Levandowski produced documents responsive to the earlier request and withheld some documents on Fifth Amendment grounds. The Court reviewed Mr. Levandowski's *in camera* submission and found it sufficient to support the privilege as to the withheld documents. As the above document requests are necessarily included within the original Request No. 3 the Court has already ruled and no further submission is required.

### C.  Second Subpoena Request Nos. 1, 2, 4-6, 24-27
### Supplement Request Nos. 1-13

These requests seek communications, documents, and agreements with Tyto and other entities. For the same reasons these documents are relevant, requiring Mr. Levandowski to admit that he possesses responsive documents will implicate his Fifth Amendment privilege against self-incrimination. Waymo asserts that Mr. Levandowski played an active role in another LiDAR company, Tyto, while he was still employed by Waymo (then Google). Ottomotto acquired Tyto

before Uber acquired Ottomotto; thus, argues Waymo, Mr. Levandowski "was using Tyto to misappropriate Waymo's intellectual property so that it would be available to Defendants after the acquisition." (Dkt. No. 1086 at 3.)   Waymo contends that the other entities are related to Tyto, and that documents showing Mr. Levandowski's involvement with these other entities will show his involvement with Tyto and his secret plan to funnel Waymo's trade secrets to Tyto and then to Uber.  Thus, Mr. Levandowski's act of producing responsive documents, or even admitting that he has responsive documents that he is withholding on the grounds of privilege, is an admission of his involvement in these entities and thus incriminating.

The one exception is responsive documents involving Tyto.  It is now no secret that Ottomotto acquired Tyto.  Thus, the fact that Mr. Levandowski possesses responsive documents related to Tyto is not necessarily incriminating. Accordingly, he must make a further showing as to why he should not be compelled to produce documents responsive to Second Request No. 1.  In particular, he shall provide Waymo with amended responses to these requests which (1) state whether he in fact produced any documents responsive to these requests and (2) state whether any documents are being withheld and, if so, on what basis.  Further, he shall produce an *in camera* submission similar to his earlier submission with a privilege log and a brief justifying his withholding of the documents, including any justification as to why he should not be required to produce the privilege log to Waymo.  He shall submit a public version of the brief and a version for the Court's *in camera* review.

### D. The Remaining Requests

As for the remaining requests, Mr. Levandowski has not demonstrated why he should not be required to supplement his response to identify whether he has produced responsive documents and whether he is withholding documents on grounds of privilege. He shall do so.  If documents are being withheld on grounds of privilege other than the Fifth Amendment he shall provide a privilege log to Waymo. If documents are being withheld on grounds of the Fifth Amendment then he shall comply with the procedure set forth in paragraph C.

**CONCLUSION**

Waymo's motion to compel Mr. Levandowski is granted in part and denied in part as set forth above. Mr. Levandowski shall provide his supplemental responses to Waymo on or before Friday, August 18, 2017 and shall produce his *in camera* submission to this Court and the public brief in support of that submission on or before Tuesday, August 22, 2017. Objections to this Order, if any, shall be filed with the district court on or before noon on Thursday, August 17, 2017. The Order is not stayed.

This Order disposes of Docket No. 1086.

**IT IS SO ORDERED.**

Dated: August 15, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge