# Exhibit  2

## *UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED IN ITS ENTIRETY*

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1            UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3              SAN FRANCISCO DIVISION

4            Case No. 17-cv-00939-WHA

5    ----------------------------------x

6    WAYMO LLC,

7                   Plaintiff,

8         - against -

9    UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC;

10   OTTO TRUCKING LLC,

11                  Defendants.

12   ----------------------------------x

13

14     HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

15

16            Videotaped 30(b)(6) Deposition

17   of GARY BROWN, taken by Defendants, held

18   at the offices of Morrison & Foerster LLP,

     250 West 55th Street, at 9:59 a.m. on August

19   8, 2017, New York, New York, before Jineen

     Pavesi, a Registered Professional Reporter,

20   Registered Merit Reporter, Certified Realtime

     Reporter and Notary Public of the State of New York.

21

22

23

24   Job No. 2671217A

25   Pages 1 - 305

                                         Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | of Waymo Subversion Server and I met with | 10:03:20AM |
| 2 | counsel. | 10:03:29AM |
| 3 | Q.     Who is the administrator of | 10:03:30AM |
| 4 | Waymo Subversion server with whom you | 10:03:33AM |
| 5 | spoke? | 10:03:35AM |
| 6 | A.     Jack Brown. | 10:03:36AM |
| 7 | Q.     For how long did you speak with | 10:03:39AM |
| 8 | Mr. Brown? | 10:03:41AM |
| 9 | A.     Maybe five to ten minutes. | 10:03:46AM |
| 10 | Q.     When did you speak with | 10:03:50AM |
| 11 | Mr. Brown? | 10:03:51AM |
| 12 | A.     Yesterday. | 10:03:53AM |
| 13 | Q.     Was counsel present? | 10:03:55AM |
| 14 | A.     Yes. | 10:03:59AM |
| 15 | Q.     What did you and Mr. Brown | 10:04:02AM |
| 16 | speak about? | 10:04:03AM |
| 17 | MR. BAKER:  I will instruct the | 10:04:05AM |
| 18 | witness not to answer that question on | 10:04:06AM |
| 19 | grounds of attorney-client privilege. | 10:04:07AM |
| 20 | Q.     Are you following your | 10:04:09AM |
| 21 | counsel's instruction? | 10:04:10AM |
| 22 | A.     Yes. | 10:04:11AM |
| 23 | Q.     Did you review any documents to | 10:04:16AM |
| 24 | prepare for today's deposition? | 10:04:17AM |
| 25 | MR. BAKER:  And I am going to | 10:04:20AM |

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | instruct the witness not to answer on the | 10:04:21AM |
| 2 | grounds of attorney-client privilege. | 10:04:23AM |
| 3 | Q.     Are you following your | 10:04:26AM |
| 4 | counsel's instruction? | 10:04:28AM |
| 5 | A.     Yes. | 10:04:28AM |
| 6 | Q.     And you cannot testify to | 10:04:30AM |
| 7 | whether you reviewed, not what documents | 10:04:32AM |
| 8 | you reviewed, but whether you reviewed | 10:04:35AM |
| 9 | documents to prepare for today's | 10:04:37AM |
| 10 | deposition? | 10:04:38AM |
| 11 | MR. BAKER:  And you can answer | 10:04:39AM |
| 12 | that yes or no. | 10:04:40AM |
| 13 | A.     Yes. | 10:04:41AM |
| 14 | Q.     Did you review deposition | 10:04:44AM |
| 15 | testimony of other witnesses to prepare | 10:04:46AM |
| 16 | for today's deposition? | 10:04:48AM |
| 17 | MR. BAKER:  I am going to | 10:04:49AM |
| 18 | instruct the witness not to answer that on | 10:04:50AM |
| 19 | the grounds of attorney-client privilege. | 10:04:52AM |
| 20 | Q.     Are you following counsel's | 10:04:54AM |
| 21 | instruction? | 10:04:55AM |
| 22 | A.     Yes. | 10:04:56AM |
| 23 | Q.     You conducted the investigation | 10:05:08AM |
| 24 | into whether Anthony Levandowski may have | 10:05:12AM |
| 25 | improperly downloaded or exported Waymo | 10:05:14AM |

Page 14

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | testify to at your deposition here today? | 10:25:22AM |
| 2 | MR. BAKER:  Objection, form. | 10:25:28AM |
| 3 | A.      Yes. | 10:25:30AM |
| 4 | Q.      What facts did you learn from | 10:25:31AM |
| 5 | Mr. Brown that you're prepared to testify | 10:25:33AM |
| 6 | to here today? | 10:25:36AM |
| 7 | MR. BAKER:  Counsel, you know, | 10:25:43AM |
| 8 | I don't think that that is proper, I have | 10:25:44AM |
| 9 | privilege concerns there, but I'll allow | 10:25:47AM |
| 10 | the witness to talk about the facts that | 10:25:51AM |
| 11 | he discussed with Mr. Brown as long as you | 10:25:54AM |
| 12 | agree that there is no waiver issues. | 10:25:58AM |
| 13 | MS. GOODMAN:  I am not going to | 10:26:00AM |
| 14 | agree that there are no waiver issues. | 10:26:01AM |
| 15 | MR. BAKER:  Then I would | 10:26:02AM |
| 16 | instruct the witness not to answer on | 10:26:03AM |
| 17 | basic grounds of privilege. | 10:26:05AM |
| 18 | Q.      You will not answer what facts | 10:26:09AM |
| 19 | you learned from Mr. Brown with regard to | 10:26:11AM |
| 20 | Waymo's forensic investigation, is that | 10:26:15AM |
| 21 | correct? | 10:26:22AM |
| 22 | MR. BAKER:  I am going to | 10:26:22AM |
| 23 | object on the grounds of attorney-client | 10:26:23AM |
| 24 | privilege and instruct the witness not to | 10:26:25AM |
| 25 | answer. | 10:26:27AM |

Page 31

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1    that's it.                                    10:42:01AM

 2         A.      I believe the 21st, 20th or      10:42:03AM

 3    21st of February.                             10:42:07AM

 4         Q.      When did lawyers for Keker Van    10:42:13AM

 5    Nest become involved in Waymo's forensic      10:42:16AM

 6    investigation into Mr. Levandowski?           10:42:18AM

 7         A.      The summer of 2016, possibly      10:42:33AM

 8    sometime in July.                             10:42:39AM

 9         Q.      And the lawyers for Keker are     10:42:41AM

10    ██████████ and ██████████ correct?           10:42:45AM

11         A.      Primarily ████ I believe ████    10:42:49AM

12    was involved to some extent.                  10:42:59AM

13         Q.      Are there any other lawyers       10:43:01AM

14    from Keker Van Nest that you can identify     10:43:03AM

15    as being involved in Waymo's forensic         10:43:05AM

16    investigation into Mr. Levandowski?           10:43:07AM

17         A.      None that I can recall at this    10:43:10AM

18    time.                                         10:43:17AM

19         Q.      Was ████████████ involved in      10:43:17AM

20    Waymo's forensic investigation into           10:43:20AM

21    Mr. Levandowski?                              10:43:21AM

22         A.      Possibly tangentially.            10:43:34AM

23         Q.      In what way was she               10:43:35AM

24    tangentially involved?                        10:43:38AM

25              MR. BAKER:  I instruct the           10:43:43AM
```

Page 42

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | witness not to answer that question on | 10:43:44AM |
| 2 | grounds of attorney-client privilege and | 10:43:45AM |
| 3 | work product. | 10:43:47AM |
| 4 | Q.    Are you following your | 10:43:49AM |
| 5 | counsel's instruction? | 10:43:50AM |
| 6 | A.    I am. | 10:43:51AM |
| 7 | Q.    Was ███████████ involved in | 10:43:54AM |
| 8 | Waymo's forensic investigation into | 10:43:57AM |
| 9 | Mr. Levandowski? | 10:43:59AM |
| 10 | A.    ████████████ | 10:44:01AM |
| 11 | Q.    Yes. | 10:44:02AM |
| 12 | A.    I don't know that name. | 10:44:05AM |
| 13 | Q.    When did ███████████ become | 10:44:08AM |
| 14 | involved in Waymo's forensic investigation | 10:44:12AM |
| 15 | into Mr. Levandowski? | 10:44:15AM |
| 16 | A.    To my knowledge, I would say | 10:44:26AM |
| 17 | around the same time as ████████. | 10:44:28AM |
| 18 | Q.    And that time was the summer of | 10:44:33AM |
| 19 | 2016? | 10:44:34AM |
| 20 | A.    I believe so. | 10:44:37AM |
| 21 | Q.    Was it in July of 2016? | 10:44:38AM |
| 22 | A.    I'd say so. | 10:44:40AM |
| 23 | Q.    I don't believe I asked this | 10:44:47AM |
| 24 | question; when did ███████████ become | 10:44:48AM |
| 25 | involved in Waymo's forensic investigation | 10:44:50AM |

Page 43

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | into Mr. Levandowski? | 10:44:54AM |
| 2 | A.       February or March 2016. | 10:45:00AM |
| 3 | Q.       You previously a few --  a | 10:45:04AM |
| 4 | while ago, you mentioned a woman named | 10:45:08AM |
| 5 | ██████ I think it was a woman. | 10:45:10AM |
| 6 | A.       Yes. | 10:45:11AM |
| 7 | Q.       And the last name of that | 10:45:12AM |
| 8 | individual? | 10:45:13AM |
| 9 | A.          ██████████ | 10:45:13AM |
| 10 | Q.       How do you pronounce her last | 10:45:24AM |
| 11 | name? | 10:45:26AM |
| 12 | A.       I don't. | 10:45:26AM |
| 13 | Q.       What should we call her? | 10:45:26AM |
| 14 | A.       ████████ that's as close to | 10:45:28AM |
| 15 | what I can phonetically pronounce it, but | 10:45:32AM |
| 16 | I usually don't. | 10:45:34AM |
| 17 | Q.       When did Ms. ██████ become | 10:45:35AM |
| 18 | involved in Waymo's forensic investigation | 10:45:38AM |
| 19 | into Mr. Levandowski? | 10:45:39AM |
| 20 | A.       I believe March 2016. | 10:45:42AM |
| 21 | Q.       What role did Ms. ██████ play | 10:45:44AM |
| 22 | in Waymo's investigation into | 10:45:46AM |
| 23 | Mr. Levandowski? | 10:45:48AM |
| 24 | MR. BAKER:  Objection, I | 10:45:49AM |
| 25 | instruct the witness not to answer on | 10:45:50AM |

Page 44

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | grounds of attorney-client privilege and | 10:45:52AM |
| 2 | work product. | 10:45:53AM |
| 3 | Q.     Are you following your | 10:45:54AM |
| 4 | counsel's instruction? | 10:45:55AM |
| 5 | A.     Yes. | 10:45:56AM |
| 6 | Q.     You mentioned that -- is Ms. | 10:45:57AM |
| 7 | ██████ an investigator? | 10:46:31AM |
| 8 | A.     I believe that is her title, | 10:46:32AM |
| 9 | yes. | 10:46:34AM |
| 10 | Q.     And you mentioned that she | 10:46:34AM |
| 11 | brought some devices to you, is that | 10:46:38AM |
| 12 | correct? | 10:46:42AM |
| 13 | MR. BAKER:  Objection. | 10:46:42AM |
| 14 | You can answer that yes or no. | 10:46:53AM |
| 15 | A.     Yes. | 10:46:55AM |
| 16 | Q.     Did Ms. ██████s personally | 10:47:08AM |
| 17 | bring devices to you? | 10:47:10AM |
| 18 | MR. BAKER:  Same instruction. | 10:47:14AM |
| 19 | A.     Yes. | 10:47:16AM |
| 20 | Q.     When did she bring those | 10:47:18AM |
| 21 | devices to you? | 10:47:20AM |
| 22 | A.     On several occasions. | 10:47:25AM |
| 23 | Q.     Can you please describe those | 10:47:28AM |
| 24 | several occasions. | 10:47:30AM |
| 25 | MR. BAKER:  Objection. | 10:47:34AM |

Page 45

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | I am going to instruct the | 10:47:40AM |
| 2 | witness not to answer on grounds of | 10:47:41AM |
| 3 | attorney-client privilege and work | 10:47:43AM |
| 4 | product. | 10:47:44AM |
| 5 | Q.    Are you following your | 10:47:45AM |
| 6 | counsel's instruction? | 10:47:46AM |
| 7 | A.    I am. | 10:47:46AM |
| 8 | Q.    Was Waymo's investigation into | 10:47:53AM |
| 9 | Mr. Levandowski part of any broader | 10:47:55AM |
| 10 | investigation of other Chauffeur | 10:47:58AM |
| 11 | employees? | 10:48:00AM |
| 12 | MR. BAKER:  Objection, instruct | 10:48:01AM |
| 13 | the witness not to answer on grounds of | 10:48:03AM |
| 14 | attorney-client privilege and work | 10:48:05AM |
| 15 | product. | 10:48:06AM |
| 16 | Q.    Are you following your | 10:48:07AM |
| 17 | counsel's instruction? | 10:48:08AM |
| 18 | A.    I am. | 10:48:09AM |
| 19 | Q.    Was Waymo's investigation into | 10:48:10AM |
| 20 | Mr. Levandowski part of any broader | 10:48:13AM |
| 21 | investigation of other Chauffeur employees | 10:48:16AM |
| 22 | that included Mr. Radu Raduta and | 10:48:18AM |
| 23 | Mr. Sameer Kshirsagar? | 10:48:22AM |
| 24 | MR. BAKER:  You can answer that | 10:48:24AM |
| 25 | yes or no. | 10:48:25AM |

Page 46

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | A.      Can you repeat the question. | 10:48:25AM |
| 2 | Q.      Was Waymo's investigation into | 10:48:29AM |
| 3 | Mr. Levandowski part of any broader | 10:48:30AM |
| 4 | investigation of other Chauffeur employees | 10:48:33AM |
| 5 | that included Mr. Radu Raduta and | 10:48:35AM |
| 6 | Mr. Sameer Kshirsagar? | 10:48:40AM |
| 7 | MR. BAKER:  Same instruction. | 10:48:43AM |
| 8 | You can answer that yes or no. | 10:48:44AM |
| 9 | A.      Yes. | 10:48:45AM |
| 10 | Q.      You cannot testify today as to | 10:48:47AM |
| 11 | any other Waymo employees being part of | 10:48:51AM |
| 12 | the investigation, correct? | 10:48:55AM |
| 13 | MR. BAKER:  I am going to | 10:48:58AM |
| 14 | instruct the witness not to answer on | 10:48:58AM |
| 15 | grounds of attorney-client privilege and | 10:49:00AM |
| 16 | work product. | 10:49:01AM |
| 17 | Q.      Are you following your | 10:49:04AM |
| 18 | counsel's instruction? | 10:49:05AM |
| 19 | A.      I am. | 10:49:06AM |
| 20 | Q.      Who at Waymo has access to the | 10:49:29AM |
| 21 | SVN log in the ordinary course of | 10:49:31AM |
| 22 | business? | 10:49:33AM |
| 23 | A.      The administrator. | 10:49:39AM |
| 24 | Q.      And that administrator is | 10:49:41AM |
| 25 | Mr. ███████? | 10:49:43AM |

Page 47

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | A.      Yes. | 10:55:19AM |
| 2 | Q.      How did Mr. ▆▆▆▆ know that | 10:55:20AM |
| 3 | Anthony had downloaded files in --  strike | 10:55:23AM |
| 4 | that. | 10:55:28AM |
| 5 | In 2016, Mr. ▆▆▆▆ knew that | 10:55:28AM |
| 6 | and Anthony had downloaded files, correct? | 10:55:33AM |
| 7 | MR. BAKER:  Answer that yes or | 10:55:39AM |
| 8 | no. | 10:55:41AM |
| 9 | A.      Yes. | 10:55:41AM |
| 10 | Q.      How did Mr. ▆▆▆▆ know that | 10:55:41AM |
| 11 | fact? | 10:55:43AM |
| 12 | MR. BAKER:  I am going to | 10:55:45AM |
| 13 | instruct the witness not to answer on the | 10:55:45AM |
| 14 | grounds of attorney-client privilege and | 10:55:47AM |
| 15 | work product. | 10:55:49AM |
| 16 | Q.      Are you following your | 10:55:51AM |
| 17 | counsel's instruction? | 10:55:52AM |
| 18 | A.      I am. | 10:55:52AM |
| 19 | Q.      The SVN log was given to you on | 10:56:04AM |
| 20 | February 20th or 21st of 2016, correct? | 10:56:07AM |
| 21 | A.      Yes. | 10:56:09AM |
| 22 | Q.      And it was given to you by | 10:56:09AM |
| 23 | Mr. ▆▆▆▆ correct? | 10:56:11AM |
| 24 | A.      Yes. | 10:56:13AM |
| 25 | Q.      From whom did Mr. ▆▆▆▆ get | 10:56:14AM |

Page 52

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | the log? | 10:56:16AM |
| 2 | MR. BAKER:  Instruct the | 10:56:22AM |
| 3 | witness not to answer on the grounds of | 10:56:23AM |
| 4 | attorney-client privilege and work | 10:56:24AM |
| 5 | product. | 10:56:25AM |
| 6 | Q.      Are you following your | 10:56:25AM |
| 7 | counsel's instruction? | 10:56:26AM |
| 8 | A.      I am. | 10:56:27AM |
| 9 | Q.      Was the log, the SVN log that | 10:56:40AM |
| 10 | you analyzed, specially generated for this | 10:56:43AM |
| 11 | investigation? | 10:56:48AM |
| 12 | A.      Can you define specially | 10:56:57AM |
| 13 | generated? | 10:56:59AM |
| 14 | Q.      Was the log specifically pulled | 10:57:00AM |
| 15 | in order for you to corroborate suspected | 10:57:04AM |
| 16 | downloading activity? | 10:57:09AM |
| 17 | MR. BAKER:  You can answer that | 10:57:14AM |
| 18 | yes or no. | 10:57:15AM |
| 19 | A.      No. | 10:57:15AM |
| 20 | Q.      Is the copy of the log that you | 10:57:20AM |
| 21 | analyzed a version that exists in the | 10:57:24AM |
| 22 | ordinary course of business? | 10:57:26AM |
| 23 | A.      I don't know what that means. | 10:57:31AM |
| 24 | Q.      Do you know how the log was | 10:57:36AM |
| 25 | generated? | 10:57:39AM |

Page 53

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | A.        Yes, to the byte. | 11:11:46AM |
| 2 | Q.        You also said it is consistent | 11:11:50AM |
| 3 | policy not to expand the scope of | 11:11:51AM |
| 4 | investigation or log access beyond your | 11:11:54AM |
| 5 | explicit target; whose policy are you | 11:11:56AM |
| 6 | referring to there? | 11:11:59AM |
| 7 | A.        Google's user data access | 11:12:03AM |
| 8 | policy. | 11:12:04AM |
| 9 | Q.        So you do not know if the log | 11:12:06AM |
| 10 | file was matched on counts and sizes with | 11:12:08AM |
| 11 | respect to other activity reflected in the | 11:12:16AM |
| 12 | log, correct? | 11:12:18AM |
| 13 | A.        That is correct, that was not | 11:12:22AM |
| 14 | the target, other users were not the | 11:12:22AM |
| 15 | target at that point in time. | 11:12:25AM |
| 16 | Q.        Were other users the target at | 11:12:26AM |
| 17 | different points in time? | 11:12:28AM |
| 18 | MR. BAKER:  Hold on one second. | 11:12:33AM |
| 19 | I object and instruct the | 11:12:39AM |
| 20 | witness not to answer on grounds of | 11:12:41AM |
| 21 | attorney-client privilege and work | 11:12:43AM |
| 22 | product. | 11:12:44AM |
| 23 | Q.        Are you following your | 11:12:45AM |
| 24 | counsel's instruction? | 11:12:46AM |
| 25 | A.        I am. | 11:12:47AM |

Page 62

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | Q.      To be clear, you spoke with | 11:12:53AM |
| 2 | ████  in February 2017 about the log file, | 11:12:55AM |
| 3 | correct? | 11:12:59AM |
| 4 | A.      Yes. | 11:13:01AM |
| 5 | Q.      But you did not speak with the | 11:13:02AM |
| 6 | current SVN administrator, ██████, | 11:13:03AM |
| 7 | correct? | 11:13:06AM |
| 8 | A.      That is correct. | 11:13:10AM |
| 9 | Q.      Did ██████ receive the SVN | 11:13:10AM |
| 10 | log file from ██████? | 11:13:13AM |
| 11 | MR. BAKER:  Objection, instruct | 11:13:15AM |
| 12 | the witness not to answer on the grounds | 11:13:16AM |
| 13 | of attorney-client privilege and work | 11:13:17AM |
| 14 | product. | 11:13:19AM |
| 15 | Q.      Are you following your | 11:13:20AM |
| 16 | counsel's instruction? | 11:13:21AM |
| 17 | A.      I am. | 11:13:22AM |
| 18 | Q.      Did ██████ receive the log | 11:13:24AM |
| 19 | file from ██████ -- | 11:13:26AM |
| 20 | A.      That's cool, I have problems | 11:13:35AM |
| 21 | with it too. | 11:13:36AM |
| 22 | MR. BAKER:  Same instruction. | 11:13:37AM |
| 23 | Q.      Are you following your | 11:13:38AM |
| 24 | counsel's instruction not to answer that | 11:13:39AM |
| 25 | question? | 11:13:40AM |

Page 63

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | A.      I am. | 11:13:40AM |
| 2 | Q.      What is a machine forensic | 11:14:01AM |
| 3 | record? | 11:14:03AM |
| 4 | A.      A tracking document of some | 11:14:08AM |
| 5 | sort where query results, notes, or other | 11:14:16AM |
| 6 | pieces of evidence can be aggregated. | 11:14:25AM |
| 7 | Q.      Is the machine forensic record | 11:14:28AM |
| 8 | the record kept in the ordinary course of | 11:14:33AM |
| 9 | business that is meant to record all | 11:14:35AM |
| 10 | aspects of a forensic investigation? | 11:14:42AM |
| 11 | A.      That depends. | 11:14:48AM |
| 12 | Q.      What does it depend on? | 11:14:49AM |
| 13 | A.      Size and scale, complexity in | 11:14:54AM |
| 14 | the sense of number of machines involved, | 11:14:59AM |
| 15 | number of users involved, if there is | 11:15:02AM |
| 16 | anything to write home about. | 11:15:07AM |
| 17 | Some investigations don't even | 11:15:10AM |
| 18 | necessarily require a tracking doc or | 11:15:14AM |
| 19 | machine forensic record. | 11:15:17AM |
| 20 | Others, where you need to keep | 11:15:20AM |
| 21 | state, especially longer running ones, it | 11:15:22AM |
| 22 | is good to have. | 11:15:25AM |
| 23 | Q.      Is there a machine forensic | 11:15:30AM |
| 24 | record for the investigation into | 11:15:31AM |
| 25 | Mr. Levandowski? | 11:15:33AM |

Page 64

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | or Kristinn. | 11:22:42AM |
| 2 | Q.     Did any attorneys contribute to | 11:22:49AM |
| 3 | the authorship of the machine forensic | 11:22:52AM |
| 4 | record regarding Anthony Levandowski? | 11:22:54AM |
| 5 | MR. BAKER:  I am going to | 11:22:56AM |
| 6 | instruct the witness not to answer on the | 11:22:56AM |
| 7 | grounds of attorney-client privilege and | 11:22:58AM |
| 8 | work product. | 11:22:59AM |
| 9 | Q.     Are you following your | 11:23:01AM |
| 10 | counsel's instruction? | 11:23:02AM |
| 11 | A.     I am. | 11:23:03AM |
| 12 | MS. GOODMAN:  Can you mark | 11:23:28AM |
| 13 | this. | 11:23:28AM |
| 14 | ( Exhibit 1312, Bates labeled | 11:23:31AM |
| 15 | WAYMO-UBER 00029412 through 460, was | 11:23:31AM |
| 16 | marked for identification, as of this | 11:23:31AM |
| 17 | date.) | 11:23:39AM |
| 18 | Q.     The court reporter has handed | 11:23:39AM |
| 19 | you a document Bates labeled WAYMO-UBER | 11:23:40AM |
| 20 | 00029412. | 11:23:46AM |
| 21 | Do you recognize this document? | 11:23:48AM |
| 22 | (Witness perusing document.) | 11:23:49AM |
| 23 | A.     I do. | 11:23:50AM |
| 24 | Q.     What is it? | 11:23:51AM |
| 25 | MR. BAKER:  Counsel, I'm sorry, | 11:23:52AM |

Page 69

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | Was there a tracking document | 11:26:17AM |
| 2 | for the investigation into Mr. | 11:26:20AM |
| 3 | Levandowski? | 11:26:21AM |
| 4 | A.     I have a privilege question. | 11:26:28AM |
| 5 | MR. BAKER:  Okay. | 11:26:29AM |
| 6 | MS. GOODMAN:  Going off the | 11:26:32AM |
| 7 | record. | 11:26:33AM |
| 8 | THE VIDEO TECHNICIAN: Time is | 11:26:33AM |
| 9 | 11:28, we're off the record. | 11:26:34AM |
| 10 | (Witness and counsel left the | 11:26:36AM |
| 11 | hearing room to confer.) | 11:26:37AM |
| 12 | (Pause.) | 11:26:37AM |
| 13 | (Witness and counsel returned | 11:26:37AM |
| 14 | to the hearing room.) | 11:28:01AM |
| 15 | THE VIDEO TECHNICIAN: Time is | 11:28:01AM |
| 16 | 11:30, we're on the record. | 11:28:15AM |
| 17 | BY MS. GOODMAN: | 11:28:17AM |
| 18 | Q.     Mr. Brown, was there a tracking | 11:28:18AM |
| 19 | document for the investigation into | 11:28:19AM |
| 20 | Mr. Levandowski? | 11:28:21AM |
| 21 | A.     I believe there was. | 11:28:23AM |
| 22 | Q.     What did that tracking document | 11:28:28AM |
| 23 | memorialize? | 11:28:31AM |
| 24 | MR. BAKER:  Objection, I am | 11:28:33AM |
| 25 | going to instruct the witness not to | 11:28:34AM |

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | answer on the grounds of attorney-client | 11:28:36AM |
| 2 | privilege and work product. | 11:28:38AM |
| 3 | Q.      Are you following your | 11:28:40AM |
| 4 | counsel's instruction? | 11:28:41AM |
| 5 | A.      I am. | 11:28:42AM |
| 6 | Q.      So it is your understanding | 11:28:45AM |
| 7 | that Waymo is asserting that the tracking | 11:28:46AM |
| 8 | document for the investigation into | 11:28:49AM |
| 9 | Mr. Levandowski is covered by the | 11:28:51AM |
| 10 | attorney-client privilege? | 11:28:53AM |
| 11 | MR. BAKER:  Objection to form. | 11:28:54AM |
| 12 | Q.      Is that correct? | 11:28:55AM |
| 13 | MR. BAKER:  Objection to form. | 11:28:56AM |
| 14 | A.      Yes. | 11:28:58AM |
| 15 | Q.      And it is your understanding | 11:28:59AM |
| 16 | that the tracking document for the | 11:29:01AM |
| 17 | investigation into Mr. Levandowski is | 11:29:02AM |
| 18 | covered by the work product doctrine, is | 11:29:06AM |
| 19 | that correct? | 11:29:10AM |
| 20 | MR. BAKER:  Objection to form. | 11:29:10AM |
| 21 | A.      I'm not a lawyer, I am not sure | 11:29:14AM |
| 22 | what the distinction between that is. | 11:29:16AM |
| 23 | Q.      Was the tracking document | 11:29:24AM |
| 24 | created in anticipation of a lawsuit | 11:29:25AM |
| 25 | against Mr. Levandowski? | 11:29:29AM |

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | MR. BAKER:  Hold on one second. | 11:29:33AM |
| 2 | (Pause.) | 11:29:34AM |
| 3 | MR. BAKER:  You can answer that | 11:29:55AM |
| 4 | yes or no. | 11:29:56AM |
| 5 | A.    Possibly yes. | 11:30:02AM |
| 6 | Q.    Why do you think possibly yes, | 11:30:07AM |
| 7 | it was created in anticipation of a | 11:30:11AM |
| 8 | lawsuit against Mr. Levandowski? | 11:30:13AM |
| 9 | MR. BAKER:  Objection, I am | 11:30:15AM |
| 10 | going to instruct the witness not to | 11:30:16AM |
| 11 | answer on the grounds of privilege and | 11:30:17AM |
| 12 | work product. | 11:30:19AM |
| 13 | Q.    Are you following your | 11:30:20AM |
| 14 | counsel's instruction? | 11:30:21AM |
| 15 | A.    I am. | 11:30:21AM |
| 16 | Q.    Was the tracking document | 11:30:23AM |
| 17 | created in anticipation of a lawsuit | 11:30:24AM |
| 18 | against Uber? | 11:30:27AM |
| 19 | MR. BAKER:  You can answer | 11:30:28AM |
| 20 | that, same instruction. | 11:30:30AM |
| 21 | A.    No. | 11:30:33AM |
| 22 | Q.    When was the tracking document | 11:30:34AM |
| 23 | created? | 11:30:37AM |
| 24 | MR. BAKER:  You can give a | 11:30:38AM |
| 25 | date. | 11:30:40AM |

Page 74

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | question about privilege for the witness, | 11:32:18AM |
| 2 | so we can step outside now. | 11:32:24AM |
| 3 | MS. GOODMAN:  Going off the | 11:32:27AM |
| 4 | record. | 11:32:27AM |
| 5 | THE VIDEO TECHNICIAN: Time is | 11:32:28AM |
| 6 | 11:34, we're off the record. | 11:32:29AM |
| 7 | (Witness and counsel left the | 11:32:31AM |
| 8 | hearing room to confer.) | 11:32:32AM |
| 9 | (Pause.) | 11:32:32AM |
| 10 | (Witness and counsel returned | 11:32:32AM |
| 11 | to the hearing room.) | 11:35:01AM |
| 12 | THE VIDEO TECHNICIAN: Time is | 11:35:01AM |
| 13 | 11:36 a.m. | 11:35:10AM |
| 14 | We're on the record. | 11:35:11AM |
| 15 | BY MS. GOODMAN: | 11:35:12AM |
| 16 | Q.    Did any attorneys author the | 11:35:14AM |
| 17 | tracking document regarding the scope -- | 11:35:16AM |
| 18 | regarding the forensic investigation into | 11:35:19AM |
| 19 | Mr. Levandowski? | 11:35:20AM |
| 20 | A.    No. | 11:35:22AM |
| 21 | MR. BAKER:  Counsel, we have | 11:35:24AM |
| 22 | been going for well over an hour now. | 11:35:24AM |
| 23 | Is now a good time for a break? | 11:35:26AM |
| 24 | MS. GOODMAN:  We have had a | 11:35:28AM |
| 25 | number of breaks in between, so I want to | 11:35:29AM |

Page 76

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | query over Google, a Google docs | 12:39:46PM |
| 2 | repository? | 12:39:50PM |
| 3 |     A.    Yes, these are the web logs for | 12:39:51PM |
| 4 | Google docs. | 12:39:56PM |
| 5 |     Q.    You see about halfway through | 12:39:56PM |
| 6 | that block, there are a bunch of black | 12:39:58PM |
| 7 | redactions? | 12:40:01PM |
| 8 |     A.    I do see that. | 12:40:05PM |
| 9 |     Q.    But you see a few numbers that | 12:40:05PM |
| 10 | are not redacted, correct? | 12:40:07PM |
| 11 |     A.    Yes. | 12:40:08PM |
| 12 |     Q.    Were the numbers that are not | 12:40:11PM |
| 13 | redacted the GAIA IDs for Mr. Levandowski, | 12:40:12PM |
| 14 | Mr. Raduta and Mr. Kshirsagar? | 12:40:15PM |
| 15 |     A.    I believe they are. | 12:40:19PM |
| 16 |     Q.    And so what is redacted GAIA | 12:40:20PM |
| 17 | IDs for other users that you were | 12:40:23PM |
| 18 | querying? | 12:40:25PM |
| 19 |     MR. BAKER:  Objection, calls | 12:40:27PM |
| 20 | for attorney-client privileged information | 12:40:28PM |
| 21 | and work product and I instruct the | 12:40:30PM |
| 22 | witness not to answer. | 12:40:31PM |
| 23 |     Q.    Are you going to follow your | 12:40:33PM |
| 24 | counsel's instruction? | 12:40:34PM |
| 25 |     A.    I am. | 12:40:34PM |

Page 113

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | Q.      What query is being run in the | 12:40:40PM |
| 2 | third box on the -- where it says dollar | 12:40:43PM |
| 3 | sign tricks, what is tricks? | 12:40:47PM |
| 4 | A.      Google sheets. | 12:40:48PM |
| 5 | Q.      Again, you ran queries on the | 12:40:51PM |
| 6 | GAIA IDs of Mr. Levandowski, | 12:40:54PM |
| 7 | Mr. Kshirsagar and Mr. Raduta, correct? | 12:40:57PM |
| 8 | A.      That is correct. | 12:41:00PM |
| 9 | Q.      And you ran queries on other | 12:41:00PM |
| 10 | people's GAIA IDs, correct? | 12:41:03PM |
| 11 | MR. BAKER:  Objection, | 12:41:06PM |
| 12 | attorney-client privilege and work product | 12:41:07PM |
| 13 | and I instruct the witness not to answer. | 12:41:08PM |
| 14 | Q.      Are you following your | 12:41:10PM |
| 15 | counsel's instruction? | 12:41:11PM |
| 16 | A.      I am. | 12:41:11PM |
| 17 | Q.      Are you aware of any event | 12:41:18PM |
| 18 | relating to -- any downloading activity | 12:41:21PM |
| 19 | of Mr. Levandowski on or around August 22, | 12:41:24PM |
| 20 | 2015? | 12:41:27PM |
| 21 | A.      Can you repeat the question. | 12:41:33PM |
| 22 | Q.      Sure. | 12:41:34PM |
| 23 | Are you aware of any | 12:41:34PM |
| 24 | downloading activity of Mr. Levandowski on | 12:41:37PM |
| 25 | or around August 22, 2015? | 12:41:42PM |

Page 114

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              Because when you have a        12:47:03PM
 2   document that's this long, you kind of    12:47:04PM
 3   don't want to put your teammates and other 12:47:07PM
 4   collaborators through having to sift       12:47:09PM
 5   through all of it to having to find the    12:47:11PM
 6   one piece of information they're looking   12:47:13PM
 7   for.                                       12:47:15PM
 8              MS. GOODMAN: I am going to ask  12:47:24PM
 9   the court reporter to mark as Exhibit 1314 12:47:25PM
10   WAYMO-UBER 00029365.                       12:47:28PM
11              ( Exhibit 1314, Bates labeled   12:47:46PM
12   WAYMO-UBER 00029365 through 378, was       12:47:46PM
13   marked for identification, as of this      12:47:46PM
14   date.)                                     12:47:58PM
15              (Witness perusing document.)    12:47:58PM
16      Q.      Do you recognize this document? 12:47:58PM
17      A.      I can understand what I believe 12:48:04PM
18   it is for.                                 12:48:07PM
19      Q.      Can you please tell me Waymo's  12:48:08PM
20   understanding of what this document is.    12:48:10PM
21      A.      This is analysis conducted on   12:48:12PM
22   Sameer's MacBook Air by Kristinn and ███   ████
     ████.                                      12:48:22PM
24      Q.      You see this document is also   12:48:27PM
25   marked attorney-client privilege?         12:48:29PM
```

Page 119

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1      A.      I do.                              12:48:30PM

 2      Q.      I want to ask you a question       12:48:34PM

 3   about page 29371.                             12:48:36PM

 4              And specifically I would like      12:48:41PM

 5   to direct your attention to comment 1, do     12:48:45PM

 6   you see that?                                 12:48:48PM

 7              (Witness perusing document.)       12:48:48PM

 8      A.      Yes.                               12:48:49PM

 9      Q.      And it says, "Note, this           12:48:50PM

10   appears to be a similar file to what was      12:48:52PM

11   found on ███████████████  do you see          12:48:54PM

12   that?                                         12:49:01PM

13      A.      Yes.                               12:49:01PM

14      Q.      Is ████████████   another          12:49:02PM

15   computer?                                     12:49:08PM

16              MR. BAKER:  Where are you          12:49:09PM

17   pointing to in the document, counsel?         12:49:10PM

18              MS. GOODMAN:  Comment 1 on page    12:49:12PM

19   29371.                                        12:49:14PM

20              THE WITNESS:  In the margin.       12:49:18PM

21              MR. BAKER:  Got it.                12:49:19PM

22      Q.      My question, Mr. Brown, was --     12:49:20PM

23              MR. BAKER:  Counsel, I was just    12:49:24PM

24   trying to find my spot on the page.           12:49:25PM

25              MS. GOODMAN:  Now I have lost      12:49:27PM
```

Page 120

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | my question. | 12:49:28PM |
| 2 | Q.  ██████████ is that a | 12:49:36PM |
| 3 | reference to another computer? | 12:49:39PM |
| 4 | A.     I believe so. | 12:49:42PM |
| 5 | Q.     Is it a reference to a computer | 12:49:43PM |
| 6 | belonging to a person named ██████ | 12:49:45PM |
| █ | ██████████ | 12:49:48PM |
| 8 | A.     That sounds right. | 12:49:50PM |
| 9 | Q.     Is ██████████ a person that | 12:49:51PM |
| 10 | you were investigating in the course of | 12:49:53PM |
| 11 | the forensic review involving both | 12:49:56PM |
| 12 | Mr. Levandowski and Mr. Raduta and | 12:49:59PM |
| 13 | Mr. Kshirsagar? | 12:50:02PM |
| 14 | MR. BAKER:  Objection, instruct | 12:50:02PM |
| 15 | the witness not to answer on grounds of | 12:50:03PM |
| 16 | attorney-client privilege and work | 12:50:05PM |
| 17 | product. | 12:50:06PM |
| 18 | Q.     Are you following your | 12:50:07PM |
| 19 | counsel's instruction? | 12:50:08PM |
| 20 | A.     I am. | 12:50:08PM |
| 21 | Q.     Do you know ██████████ | 12:50:12PM |
| 22 | A.     I do not. | 12:50:14PM |
| 23 | Q.     Is he a former employee of | 12:50:16PM |
| 24 | Waymo? | 12:50:20PM |
| 25 | A.     I believe so. | 12:50:24PM |

Page 121

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | Q.        Did he leave Waymo for another | 12:50:27PM |
| 2 | company? | 12:50:32PM |
| 3 | A.        Presumably that's what people | 12:50:36PM |
| 4 | do when they leave. | 12:50:38PM |
| 5 | Q.        Do you know what company he | 12:50:39PM |
| 6 | left to go work for? | 12:50:40PM |
| 7 | A.        I don't; and if you ask me as | 12:50:43PM |
| 8 | Waymo, I am not going to be able either. | 12:50:45PM |
| 9 | Q.        So Waymo doesn't know what | 12:50:48PM |
| 10 | company he went to go work for? | 12:50:49PM |
| 11 | A.        I wasn't prepared on the | 12:50:50PM |
| 12 | careers of every former Waymo employee. | 12:50:54PM |
| 13 | Q.        Was Waymo looking -- | 12:50:58PM |
| 14 | conducting a forensic investigation of | 12:51:01PM |
| 15 | former Waymo employees other than | 12:51:02PM |
| 16 | Mr. Kshirsagar, Raduta and Levandowski, | 12:51:05PM |
| 17 | who went to go work for Ottomotto? | 12:51:08PM |
| 18 | MR. BAKER:  Objection, instruct | 12:51:11PM |
| 19 | the witness not to answer on grounds of | 12:51:12PM |
| 20 | attorney-client privilege and work | 12:51:14PM |
| 21 | product. | 12:51:15PM |
| 22 | Q.        Are you following your | 12:51:16PM |
| 23 | counsel's instruction? | 12:51:17PM |
| 24 | A.        I am. | 12:51:17PM |
| 25 | Q.        On this, if you turn to the | 12:51:24PM |

Page 122

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | next page, 29372, in the middle of the | 12:51:31PM |
| 2 | page it says "looking for keywords across | 12:51:37PM |
| 3 | all strings on disk." | 12:51:40PM |
| 4 | Do you see that? | 12:51:42PM |
| 5 | A.      I do see that. | 12:51:45PM |
| 6 | Q.      And what follows below are | 12:51:46PM |
| 7 | keywords that Waymo ran in the course of | 12:51:48PM |
| 8 | its forensic investigation of | 12:51:52PM |
| 9 | Mr. Kshirsagar, correct? | 12:51:58PM |
| 10 | A.      Can you repeat the question. | 12:52:00PM |
| 11 | Q.      What follows below the sentence | 12:52:05PM |
| 12 | "looking for keywords across all strings | 12:52:10PM |
| 13 | on disk," are the actual keywords that | 12:52:12PM |
| 14 | Waymo ran in the course of its forensic | 12:52:17PM |
| 15 | investigation of Mr. Kshirsagar, correct? | 12:52:19PM |
| 16 | A.      That seems plausible. | 12:52:30PM |
| 17 | Q.      One of those keywords is ███ | 12:52:31PM |
| 18 | is that right? | 12:52:33PM |
| 19 | A.      I believe so. | 12:52:36PM |
| 20 | Q.      One of them is ████ is that | 12:52:37PM |
| 21 | right? | 12:52:41PM |
| 22 | A.      Yes. | 12:52:41PM |
| 23 | Q.      Were these keywords also run on | 12:52:43PM |
| 24 | Mr. Levandowski's devices in the course of | 12:52:47PM |
| 25 | Waymo's forensic investigation? | 12:52:50PM |

Page 123

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | MR. BAKER:  I have a privilege | 12:52:55PM |
| 2 | question for the witness. | 12:52:58PM |
| 3 | MS. GOODMAN:  Okay. | 12:52:58PM |
| 4 | MR. BAKER:  Is that all right? | 12:53:00PM |
| 5 | MS. GOODMAN:  Off the record. | 12:53:01PM |
| 6 | THE VIDEO TECHNICIAN: Time is | 12:53:03PM |
| 7 | 12:54 p.m. | 12:53:03PM |
| 8 | We're off the record. | 12:53:04PM |
| 9 | (Witness and counsel left the | 12:53:07PM |
| 10 | hearing room to confer.) | 12:53:07PM |
| 11 | (Pause.) | 12:53:07PM |
| 12 | (Witness and counsel returned | 12:53:07PM |
| 13 | to the hearing room.) | 12:56:17PM |
| 14 | THE VIDEO TECHNICIAN: Time is | 12:56:17PM |
| 15 | 12:58 p.m. | 12:56:25PM |
| 16 | We're on the record. | 12:56:27PM |
| 17 | BY MS. GOODMAN: | 12:56:27PM |
| 18 | Q.     Mr. Brown, my question to you | 12:56:28PM |
| 19 | before the break was, were the keywords | 12:56:30PM |
| 20 | reflected on page 29372 also run on | 12:56:32PM |
| 21 | Mr. Levandowski's devices in the course of | 12:56:37PM |
| 22 | Waymo's forensic investigation? | 12:56:41PM |
| 23 | A.     They may have been run on one, | 12:56:47PM |
| 24 | but the other was unable to be decrypted | 12:56:52PM |
| 25 | and the one that they were able to be run | 12:56:56PM |

Page 124

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | on appears not to have incurred much, if | 12:56:58PM |
| 2 | any, use at all after it was reimaged from | 12:57:04PM |
| 3 | a Windows machine to a Linux laptop. | 12:57:08PM |
| 4 | Q.       And because --  the machine | 12:57:12PM |
| 5 | they were run on that appears not to have | 12:57:19PM |
| 6 | incurred much, if any, use is the 0-W | 12:57:20PM |
| 7 | laptop, right? | 12:57:25PM |
| 8 | A.       Yes. | 12:57:26PM |
| 9 | Q.       It is your testimony the | 12:57:27PM |
| 10 | keywords reflected on this page 29372 were | 12:57:28PM |
| 11 | run on that device, correct? | 12:57:32PM |
| 12 | A.       They may have been. | 12:57:34PM |
| 13 | Q.       When you say that the 0-W | 12:57:40PM |
| 14 | laptop does not appear to have incurred | 12:57:45PM |
| 15 | much, if any, use after it was reimaged, | 12:57:47PM |
| 16 | what significance does that have to the | 12:57:53PM |
| 17 | keyword search that was run on that | 12:57:55PM |
| 18 | device? | 12:58:04PM |
| 19 | A.       If you --  as I said before, if | 12:58:04PM |
| 20 | you reimage these machines, these full | 12:58:06PM |
| 21 | disk encrypted machines, everything that | 12:58:13PM |
| 22 | was on there before the reimage is now | 12:58:18PM |
| 23 | gone and the new stuff is kind of like | 12:58:20PM |
| 24 | stock-just-got-it-from-the-store-operating | 12:58:23PM |
| 25 | -system. | 12:58:25PM |

Page 125

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              And after the 0-W machine was    12:58:27PM

 2    reimaged to a Linux laptop, within minutes  12:58:32PM

 3    of becoming capable of doing any type of    12:58:35PM

 4    privileged activity on the Google network,  12:58:40PM

 5    it ceased to be used.                       12:58:43PM

 6              So my point is there isn't --     12:58:49PM

 7    the machine was as close to stock as        12:58:52PM

 8    possible, so if you're looking for --  if   12:58:56PM

 9    you're looking to investigate use on a      12:59:04PM

10    machine that wasn't used, you're not going  12:59:06PM

11    to find anything.                           12:59:08PM

12        Q.      So it is your testimony Waymo   12:59:09PM

13    did not find anything on the 0-W laptop by  12:59:11PM

14    running these keywords, correct?            12:59:14PM

15              MR. BAKER:  Objection to form.    12:59:16PM

16        A.      The reimage of the Windows      12:59:22PM

17    laptop made that unlikely.                  12:59:24PM

18        Q.      Were these keywords run on      12:59:25PM

19    unallocated space in the 0-W laptop?        12:59:28PM

20        A.      I don't know.                   12:59:32PM

21        Q.      Looking at page 29372, there is 12:59:35PM

22    a line beginning Levandowski, 6624, do you  12:59:43PM

23    see that?                                   12:59:48PM

24        A.      Yes.                            12:59:49PM

25        Q.      And then I would like to direct 12:59:50PM
```

Page 126

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | your attention to two lines down from | 12:59:52PM |
| 2 | that, beginning ███████████████do | 12:59:55PM |
| 3 | you see that line? | 12:59:59PM |
| 4 | A.      Yes. | 01:00:00PM |
| 5 | Q.      In that search query there is | 01:00:01PM |
| 6 | listed a handful of names, correct? | 01:00:04PM |
| 7 | A.      Those appear to be names. | 01:00:13PM |
| 8 | Q.      Are the names listed here the | 01:00:15PM |
| 9 | individuals that Waymo was investigating? | 01:00:17PM |
| 10 | MR. BAKER:  Is that your | 01:00:24PM |
| 11 | question? | 01:00:25PM |
| 12 | MS. GOODMAN:  My question, yes. | 01:00:25PM |
| 13 | MR. BAKER:  Objection, instruct | 01:00:26PM |
| 14 | the witness not to answer on grounds of | 01:00:29PM |
| 15 | attorney-client privilege and work | 01:00:30PM |
| 16 | product. | 01:00:32PM |
| 17 | Q.      Are you following your | 01:00:33PM |
| 18 | counsel's instruction? | 01:00:34PM |
| 19 | A.      I am. | 01:00:35PM |
| 20 | Q.      Why were search queries being | 01:00:42PM |
| 21 | run using the names of the individuals | 01:00:44PM |
| 22 | listed here? | 01:00:48PM |
| 23 | MR. BAKER:  Same instruction. | 01:00:50PM |
| 24 | Q.      Are you following your | 01:00:53PM |
| 25 | counsel's instruction? | 01:00:54PM |

Page 127

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1      A.      I am.                          01:00:54PM

 2      Q.      Do you see Comment No. 4 on    01:01:12PM

 3  page 29372?                               01:01:14PM

 4      A.      Yes.                           01:01:21PM

 5      Q.      Did you author that comment?   01:01:22PM

 6      A.      I don't believe so.            01:01:30PM

 7      Q.      Did ███████████ author that    01:01:32PM

 8  comment?                                  01:01:34PM

 9      A.      I don't know.                  01:01:37PM

10      Q.      Does Waymo know?               01:01:39PM

11      A.      Waymo's guess is as good as    01:01:41PM

12  mine.                                     01:01:45PM

13      Q.      Comment 4 reads "Didn't        01:01:45PM

14  investigate this very far because I wasn't 01:01:47PM

15  sure what to look for.  Mostly seems       01:01:49PM

16  work-related but hard to tell."            01:01:53PM

17          Do you see that?                   01:01:54PM

18      A.      Yes, I do.                     01:01:58PM

19      Q.      Were you given instructions    01:02:02PM

20  about what to look for when running        01:02:04PM

21  keyword searches across devices in the     01:02:08PM

22  course of the forensic investigation of    01:02:10PM

23  Mr. Levandowski's devices?                 01:02:13PM

24      A.      I don't believe so.            01:02:39PM

25      Q.      So in running keyword searches, 01:02:39PM
```

Page 128

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | your attention to two lines down from | 12:59:52PM |
| 2 | that, beginning "leave within depart," do | 12:59:55PM |
| 3 | you see that line? | 12:59:59PM |
| 4 | A.    Yes. | 01:00:00PM |
| 5 | Q.    In that search query there is | 01:00:01PM |
| 6 | listed a handful of names, correct? | 01:00:04PM |
| 7 | A.    Those appear to be names. | 01:00:13PM |
| 8 | Q.    Are the names listed here the | 01:00:15PM |
| 9 | individuals that Waymo was investigating? | 01:00:17PM |
| 10 | MR. BAKER:  Is that your | 01:00:24PM |
| 11 | question? | 01:00:25PM |
| 12 | MS. GOODMAN:  My question, yes. | 01:00:25PM |
| 13 | MR. BAKER:  Objection, instruct | 01:00:26PM |
| 14 | the witness not to answer on grounds of | 01:00:29PM |
| 15 | attorney-client privilege and work | 01:00:30PM |
| 16 | product. | 01:00:32PM |
| 17 | Q.    Are you following your | 01:00:33PM |
| 18 | counsel's instruction? | 01:00:34PM |
| 19 | A.    I am. | 01:00:35PM |
| 20 | Q.    Why were search queries being | 01:00:42PM |
| 21 | run using the names of the individuals | 01:00:44PM |
| 22 | listed here? | 01:00:48PM |
| 23 | MR. BAKER:  Same instruction. | 01:00:50PM |
| 24 | Q.    Are you following your | 01:00:53PM |
| 25 | counsel's instruction? | 01:00:54PM |

Page 127

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | downloading 14,000 files? | 02:17:50PM |
| 2 | MR. BAKER:  You can answer that | 02:17:52PM |
| 3 | yes or no. | 02:17:53PM |
| 4 | A.      Can you repeat the question. | 02:17:58PM |
| 5 | Q.      Sure. | 02:17:59PM |
| 6 | Does Waymo know how Mr. ██████ | 02:18:00PM |
| 7 | learned of Mr. Levandowski downloading | 02:18:03PM |
| 8 | 14,000 files? | 02:18:07PM |
| 9 | A.      Presumably, yes. | 02:18:09PM |
| 10 | Q.      Presumably yes or yes? | 02:18:14PM |
| 11 | A.      Yes. | 02:18:18PM |
| 12 | Q.      How did Mr. ██████ learn of | 02:18:20PM |
| 13 | Mr. Levandowski downloading 14,000 files? | 02:18:23PM |
| 14 | MR. BAKER:  Objection, instruct | 02:18:25PM |
| 15 | the witness not to answer on the grounds | 02:18:26PM |
| 16 | of attorney-client privilege and work | 02:18:28PM |
| 17 | product. | 02:18:29PM |
| 18 | Q.      Are you following your | 02:18:30PM |
| 19 | counsel's instruction? | 02:18:31PM |
| 20 | A.      I am. | 02:18:32PM |
| 21 | Q.      ████████████████ ██████ | |

Page 150

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | A. You said 1, 2, 3, 4, and 8? | 03:04:45PM |
| 2 | Q. 1, 2, 3, 4, and 8. | 03:04:47PM |
| 3 | (Witness perusing document.) | 03:04:50PM |
| 4 | A. I believe so. | 03:05:00PM |
| 5 | Q. So what did you do to prepare | 03:05:04PM |
| 6 | to testify on these topics today? | 03:05:06PM |
| 7 | A. I spoke with the administrator | 03:05:10PM |
| 8 | of the Subversion server and our counsel. | 03:05:14PM |
| 9 | Q. How long did you meet with your | 03:05:20PM |
| 10 | counsel? | 03:05:22PM |
| 11 | A. Six hours. | 03:05:27PM |
| 12 | Q. Did you review your deposition | 03:05:28PM |
| 13 | from earlier in this case? | 03:05:31PM |
| 14 | MR. BAKER: I am going to | 03:05:33PM |
| 15 | instruct the witness not to answer on | 03:05:34PM |
| 16 | grounds of attorney-client privilege and | 03:05:35PM |
| 17 | work product. | 03:05:37PM |
| 18 | Q. Are you going to follow that | 03:05:39PM |
| 19 | instruction? | 03:05:41PM |
| 20 | A. I am. | 03:05:41PM |
| 21 | Q. Did you review your prior | 03:05:43PM |
| 22 | declaration? | 03:05:44PM |
| 23 | MR. BAKER: Same instruction. | 03:05:44PM |
| 24 | Q. Are you going to follow the | 03:05:48PM |
| 25 | instruction? | 03:05:49PM |

Page 176

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
1        Q.       You also mentioned lock-down;    03:25:35PM
2    what is that?                                  03:25:37PM
3        A.       Lock-down will prevent any        03:25:37PM
4    unknown or any unapproved binaries from        03:25:44PM
5    running on a system that is running in         03:25:49PM
6    lock-down mode.                                03:25:52PM
7        Q.       So if I have an executable that   03:25:54PM
8    ████ doesn't recognize, it says it can't       03:25:58PM
9    use it?                                         03:26:00PM
10       A.       Yes.                               03:26:00PM
11       Q.       How do you get to be able to       03:26:01PM
12   use it?                                         03:26:04PM
```

03:26:38PM

Page 194

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | Q.        Altium is a CAD system; did you | 03:51:21PM |
| 2 | look to see if Altium was installed on the | 03:51:26PM |
| 3 | W laptop? | 03:51:29PM |
| 4 | A.        No. | 03:51:29PM |
| 5 | Q.        During any point in your | 03:51:33PM |
| 6 | investigation? | 03:51:34PM |
| 7 | A.        No. | 03:51:35PM |
| 8 | Q.        Is there a reason why? | 03:51:36PM |
| 9 | A.        Yes. | 03:51:45PM |
| 10 | Q.        Why? | 03:51:45PM |
| 11 | MR. BAKER:  I am going to | 03:51:51PM |
| 12 | instruct the witness not to answer on | 03:51:51PM |
| 13 | grounds of attorney-client privilege and | 03:51:53PM |
| 14 | work product. | 03:51:55PM |
| 15 | Q.        I am going to go back to the | 03:52:01PM |
| 16 | SVN log information in a minute, but I | 03:52:03PM |
| 17 | want to ask you a question about the ▮▮▮▮ | 03:52:06PM |
| 18 | log data. | 03:52:11PM |
| 19 | A.        Okay. | 03:52:12PM |
| 20 | Q.        We're going to spend more time | 03:52:13PM |
| 21 | on these documents, but I want to ask you | 03:52:21PM |
| 22 | about one thing. | 03:52:26PM |
| 23 | MR. CHATTERJEE:  Mark this as | 03:52:51PM |
| 24 | the next exhibit. | 03:52:52PM |
| 25 | ( Exhibit 1316, ▮▮▮▮ log data, | 03:52:52PM |

Page 213

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY



1          Do you see that?                04:26:18PM

2      A.    I do.                         04:26:19PM

17          MR. BAKER:  Objection to form. 04:27:05PM

18      A.    Also, as a professional log  04:27:09PM

19  diver, I'll call myself, when we're doing  04:27:13PM

20  investigations, we don't keep things that  04:27:17PM

21  are not deemed explicitly relevant for  04:27:24PM

22  what we are trying to prove.            04:27:26PM

23          It is bad data stewardship, it  04:27:31PM

24  takes up space, and it makes noise.     04:27:34PM

25      Q.    What were you asked to prove  04:27:36PM

Page 229

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | here? | 04:27:38PM |
| 2 | MR. BAKER:  Objection, I am | 04:27:39PM |
| 3 | going to caution you not to reveal the | 04:27:43PM |
| 4 | substance of any attorney-client | 04:27:44PM |
| 5 | communications. | 04:27:46PM |
| 6 | If you can answer that question | 04:27:46PM |
| 7 | without doing that, please do. | 04:27:48PM |
| 8 | A.    I did not pull the SVN log | 04:27:52PM |
| 9 | data, I'm just speaking to the frame of | 04:27:55PM |
| 10 | mind of why the entirety of all users' | 04:27:56PM |
| 11 | logs may not be present. | 04:28:04PM |
| 12 | For example, in what I've | 04:28:05PM |
| 13 | produced to support my declaration, I'm | 04:28:07PM |
| 14 | not pulling and presenting the ███logs | 04:28:10PM |
| 15 | of any of a hundred thousand other Google | 04:28:13PM |
| 16 | employees because it is simply not | 04:28:16PM |
| 17 | relevant to the investigation at hand. | 04:28:18PM |
| 18 | Q.    That wasn't my question. | 04:28:20PM |
| 19 | What were you being asked to | 04:28:25PM |
| 20 | prove as part of your forensic | 04:28:26PM |
| 21 | investigation? | 04:28:27PM |
| 22 | MR. BAKER:  Same instruction | 04:28:27PM |
| 23 | and also objection to the form. | 04:28:28PM |
| 24 | A.    These logs showed that 14,000 | 04:28:33PM |
| 25 | files and change were downloaded on | 04:28:36PM |

Page 230

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1      Q.      What was the scope of the        04:35:58PM
 2   investigation in the February, March time   04:35:59PM
 3   frame?                                       04:36:03PM
 4           MR. BAKER:  Which year?             04:36:03PM
 5           MR. CHATTERJEE:  2015 --  2016,     04:36:06PM
 6   my apologies.                                04:36:09PM
 7           Let me ask it again so the          04:36:10PM
 8   record is clear.                             04:36:11PM
 9      Q.      What was the scope of the        04:36:12PM
10   investigation in the February, March 2016   04:36:13PM
11   time frame?                                  04:36:16PM
12           MR. BAKER:  I will object as        04:36:17PM
13   attorney-client privilege and work product  04:36:20PM
14   and instruct the witness not to answer.     04:36:21PM
15      Q.      I will represent to you that     04:36:27PM
16   Mr. Gudjonsson in his deposition stated     04:36:28PM
17   that the investigation that was being       04:36:32PM
18   conducted was because Waymo had a           04:36:33PM
19   reasonable suspicion that Anthony           04:36:36PM
20   Levandowski might have removed              04:36:39PM
21   intellectual property from the grounds.     04:36:40PM
22           Do you disagree with what          04:36:44PM
23   Mr. Gudjonsson said in his deposition?      04:36:46PM
24           MR. BAKER:  You can answer that     04:36:48PM
25   yes or no.                                   04:36:49PM
```

Page 234

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
1        A.      At what time?                    04:36:52PM
2        Q.      The February, March 2016 time    04:36:53PM
3   frame.                                        04:36:57PM
4        A.      I don't entirely agree.          04:37:05PM
5        Q.      Why do you disagree with what    04:37:07PM
6   Mr. Gudjonsson said?                          04:37:09PM
7                MR. BAKER:  I instruct the       04:37:11PM
8   witness not to answer on grounds of           04:37:12PM
9   attorney-client privilege and work           04:37:13PM
10  product.                                       04:37:14PM
11       Q.      Are you going to follow the      04:37:18PM
12  instruction?                                   04:37:19PM
13       A.      I am.                            04:37:20PM
14       Q.      I am going to ask you a series   04:37:20PM
15  of questions, I just have to make sure I      04:37:21PM
16  have the record here.                          04:37:23PM
17                In the February, March 2016     04:37:24PM
18  time frame, did you look at ███████            04:37:25PM
19  logs?                                          04:37:29PM
20       A.      I believe so.                    04:37:31PM
21       Q.      Did you look for evidence of     04:37:32PM
22  downloading activity?                          04:37:33PM
23       A.      I don't believe so.              04:37:40PM
24       Q.      What about the network traffic   04:37:42PM
25  logs that you referred to in your             04:37:43PM
```

Page 235

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | in the February, March 2016 time frame to | 04:42:36PM |
| 2 | look at the ███ log data? | 04:42:41PM |
| 3 | MR. BAKER: I object as | 04:42:43PM |
| 4 | attorney-client privilege and work product | 04:42:44PM |
| 5 | and instruct the witness not to answer. | 04:42:46PM |
| 6 | Q.     Are you going to follow that | 04:42:49PM |
| 7 | instruction? | 04:42:50PM |
| 8 | A.     I am. | 04:42:50PM |
| 9 | Q.     Did did you look at any log | 04:42:51PM |
| 10 | data in the February, March time frame? | 04:42:52PM |
| 11 | MR. BAKER: Same instruction. | 04:42:57PM |
| 12 | Q.     Are you going to follow that | 04:43:00PM |
| 13 | instruction? | 04:43:01PM |
| 14 | A.     I am. | 04:43:02PM |
| 15 | Q.     In the August 2016 time frame, | 04:43:12PM |
| 16 | was that the first time you looked at ███ | 04:43:14PM |
| 17 | log data, ██████ log data and network | 04:43:18PM |
| 18 | data -- sorry, network log data? | 04:43:21PM |
| 19 | A.     Yes. | 04:43:28PM |
| 20 | Q.     That was for purposes of this | 04:43:33PM |
| 21 | investigation you did, right? | 04:43:35PM |
| 22 | A.     Yes. | 04:43:38PM |
| 23 | Q.     I want to ask you one more | 04:43:46PM |
| 24 | question about ██████ that I neglected | 04:43:47PM |
| 25 | to ask you earlier. | 04:43:49PM |

Page 238

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              MR. BAKER:  Objection to form,    05:14:49PM
 2    counsel.                                    05:14:51PM
 3       A.      Do you have anything that says   05:14:54PM
 4    that this didn't happen; the device was     05:14:55PM
 5    attached, it was attached for a period of   05:14:58PM
 6    eight hours.                                05:15:00PM
 7              I did search for this device      05:15:01PM
 8    earlier in the logs and in my grep-ing I    05:15:02PM
 9    couldn't find any indication of having      05:15:07PM
10    done so prior, that's anomalous.            05:15:09PM
11       Q.      You want to make sure you knew   05:15:13PM
12    everything you possibly could about card    05:15:15PM
13    readers in Chauffeur before this kind of    05:15:17PM
14    an accusation was made, right?              05:15:19PM
15              MR. BAKER:  Objection to form.    05:15:22PM
16       A.      Nothing in my declaration is     05:15:23PM
17    not factual.                                05:15:25PM
18       Q.      Did you do any investigation as  05:15:27PM
19    to whether card readers were used by        05:15:29PM
20    Project Chauffeur?                          05:15:31PM
21              MR. BAKER:  Objection to form.    05:15:33PM
22       A.      No.                              05:15:34PM
23       Q.      Did you ever check to see if     05:15:35PM
24    people in Chauffeur used digital cameras    05:15:39PM
25    or video cameras or Go Pros as part of      05:15:42PM
```

Page 262

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | their ordinary business? | 05:15:45PM |
| 2 | MR. BAKER:  Same objection. | 05:15:48PM |
| 3 | A.      What I did check was to see if | 05:15:54PM |
| 4 | this was anomalous for this user and it | 05:15:56PM |
| 5 | was anomalous for this user. | 05:15:58PM |
| 6 | What another engineer somewhere | 05:15:59PM |
| 7 | else in Chauffeur does, if they have a Go | 05:16:00PM |
| 8 | Pro that they want to bring to work, | 05:16:02PM |
| 9 | that's their business. | 05:16:04PM |
| 10 | But the subject of my | 05:16:04PM |
| 11 | investigation was Anthony Levandowski, I | 05:16:06PM |
| 12 | wanted to check if this was anomalous for | 05:16:12PM |
| 13 | Mr. Levandowski and it turns out it was. | 05:16:14PM |
| 14 | Q.      Did you look for any ██████log | 05:16:18PM |
| 15 | data about card readers being attached to | 05:16:20PM |
| 16 | the desktop? | 05:16:22PM |
| 17 | A.      The desktop was not the subject | 05:16:27PM |
| 18 | of our investigation at that point. | 05:16:29PM |
| 19 | Q.      Wouldn't it be relevant to know | 05:16:30PM |
| 20 | if his behavior was anomalous to know if | 05:16:32PM |
| 21 | he ever connected a card reader to the | 05:16:35PM |
| 22 | desktop? | 05:16:37PM |
| 23 | MR. BAKER:  Objection to form. | 05:16:39PM |
| 24 | A.      Not necessarily. | 05:16:46PM |
| 25 | Q.      Wouldn't his behavior on all of | 05:16:46PM |

Page 263

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | his laptops be relevant when you're trying | 05:16:49PM |
| 2 | to make an assessment whether his behavior | 05:16:52PM |
| 3 | was usual or unusual? | 05:16:54PM |
| 4 | MR. BAKER:  Objection to form. | 05:16:56PM |
| 5 | A.      We had assessed behavior and we | 05:16:58PM |
| 6 | had a series of events in the month of | 05:16:59PM |
| 7 | December that were very much anomalous and | 05:17:01PM |
| 8 | this was just the cherry on top of more | 05:17:03PM |
| 9 | anomalous activity that seemed to suggest | 05:17:07PM |
| 10 | that ex-filtration was occurring. | 05:17:12PM |
| 11 | Q.      But you don't know that because | 05:17:15PM |
| 12 | you didn't look at the desktop, did you? | 05:17:16PM |
| 13 | MR. BAKER:  Objection to form. | 05:17:17PM |
| 14 | A.      The desktop isn't where all the | 05:17:18PM |
| 15 | activity was happening. | 05:17:20PM |
| 16 | All this unusual activity was | 05:17:21PM |
| 17 | happening on the Windows machine and I do | 05:17:23PM |
| 18 | wish that we had been able to retain the | 05:17:25PM |
| 19 | Windows laptop for a top-to-bottom | 05:17:28PM |
| 20 | analysis, but unfortunately someone | 05:17:30PM |
| 21 | reimaged it before they left. | 05:17:34PM |
| 22 | Q.      So you have the ████log data | 05:17:35PM |
| 23 | for that desktop, right? | 05:17:38PM |
| 24 | A.      Which desktop are we speaking | 05:17:42PM |
| 25 | of? | 05:17:43PM |

Page 264

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | forensic evaluation, you found evidence of | 06:17:05PM |
| 2 | moonlighting. | 06:17:07PM |
| 3 | Do you remember that? | 06:17:08PM |
| 4 | A.    I do. | 06:17:12PM |
| 5 | Q.    What was the evidence of | 06:17:12PM |
| 6 | moonlighting that you found? | 06:17:14PM |
| 7 | MR. BAKER:  Do you have a | 06:17:18PM |
| 8 | privilege concern? | 06:17:19PM |
| 9 | THE WITNESS:  I do. | 06:17:19PM |
| 10 | MR. BAKER:  Let's go outside. | 06:17:20PM |
| 11 | THE VIDEO TECHNICIAN: Time is | 06:17:22PM |
| 12 | 6:17, we're off the record. | 06:17:24PM |
| 13 | (Witness and counsel left the | 06:17:29PM |
| 14 | hearing room to confer.) | 06:17:30PM |
| 15 | (Pause.) | 06:17:30PM |
| 16 | (Witness and counsel returned | 06:17:30PM |
| 17 | to the hearing room.) | 06:19:09PM |
| 18 | THE VIDEO TECHNICIAN: Time is | 06:19:09PM |
| 19 | 6:19, we're on the record. | 06:19:25PM |
| 20 | BY MR. CHATTERJEE: | 06:19:27PM |
| 21 | Q.    The question that was pending | 06:19:28PM |
| 22 | is what is the evidence of moonlighting | 06:19:30PM |
| 23 | that you found? | 06:19:32PM |
| 24 | MR. BAKER:  I will object on | 06:19:32PM |
| 25 | the grounds of attorney-client privilege | 06:19:33PM |

Page 301

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | and work product and instruct the witness | 06:19:34PM |
| 2 | not to answer. | 06:19:36PM |
| 3 | Q.    You're going to follow that | 06:19:37PM |
| 4 | instruction? | 06:19:38PM |
| 5 | A.    I am. | 06:19:39PM |
| 6 | Q.    We have had a number of breaks | 06:19:40PM |
| 7 | today where you needed to confer with | 06:19:41PM |
| 8 | counsel. | 06:19:44PM |
| 9 | During any of those breaks, do | 06:19:44PM |
| 10 | you recall discussing with your counsel | 06:19:47PM |
| 11 | any issue other than whether you should | 06:19:50PM |
| 12 | assert privilege or not? | 06:19:52PM |
| 13 | A.    No. | 06:19:53PM |
| 14 | MR. CHATTERJEE:  I think there | 06:20:08PM |
| 15 | has been a significant privilege waiver | 06:20:09PM |
| 16 | here and I am going to leave the | 06:20:10PM |
| 17 | deposition open, but I am going to stop | 06:20:11PM |
| 18 | asking questions now until we can resolve | 06:20:13PM |
| 19 | this between the lawyers. | 06:20:15PM |
| 20 | But I appreciate your time and | 06:20:16PM |
| 21 | thanks for answering all my questions. | 06:20:17PM |
| 22 | MR. BAKER:  Obviously we | 06:20:23PM |
| 23 | disagree. | 06:20:24PM |
| 24 | MR. CHATTERJEE:  I also want to | 06:20:31PM |
| 25 | say it is very clear from the testimony | 06:20:32PM |

Page 302

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1          C E R T I F I C A T I O N

2

3     I, Jineen Pavesi, a Registered

4   Professional Reporter, Registered Merit

5   Reporter, Certified Realtime Reporter and

6   a Notary Public, do hereby certify that

7   the foregoing witness, GARY BROWN, was

8   duly sworn on the date indicated, and that

9   the foregoing is a true and accurate

10   transcription of my stenographic notes.

11     I further certify that I am not employed

12   by nor related to any party to this

13   action.

14

15

16

17

18

19

20

21

22   *Jineen Pavesi, RPR, RMR*

23     JINEEN PAVESI, RPR, RMR, CRR

24

25

                              Page 305