MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:    202.237.2727
Facsimile:    202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>       v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                    Defendants. | Case No.       3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OPPOSITION TO DEFENDANTS' MOTION TO STRIKE TRADE SECRET CLAIMS (DKT. 1159)**<br><br>Trial Date: October 10, 2017 |

YANG DECLARATION ISO WAYMO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 3:17-cv-00939-WHA
sf-3814507

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Plaintiff's Administrative Motion to File Under Seal Its Opposition to Defendants' Motion to Strike Trade Secret Claims (Dkt. 1159).

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibits 2-3 & 5-6 | Entire Documents |
| Exhibit 7 | Red boxes |

3. The entirety of Exhibit 2 is Uber's responses to Waymo's second set of common interrogatories, and it contains highly confidential technical details of Uber's self-driving car program interspersed throughout the entire document, including technical specifications for its LiDAR sensors. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. I understand that disclosure of this information would allow Uber's competitors to gain detailed knowledge into the technical specifications of Uber's LiDAR sensors and use this knowledge to build or improve their own technology, such that Uber's competitive standing could be significantly harmed.

4. The entirety of Exhibit 3 is Uber's responses to Waymo's first set of common interrogatories, containing highly confidential information regarding the development timeline and estimated costs of various elements of Uber's LiDAR sensors. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. I understand that disclosure of this information would allow Uber's competitors to acquire detailed knowledge into the development timeline and financial costs of Uber's LiDAR sensors and utilize this knowledge to advance their own sensor technology, such that Uber's competitive standing could be significantly harmed.

YANG DECLARATION ISO WAYMO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 3:17-cv-00939-WHA
sf-3814507

1

5. The entirety of Exhibit 5 is an email exchange among members of Uber's self-driving team, containing highly confidential information regarding the evaluation of various technical options for Uber's LiDAR sensors. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. I understand that disclosure of this information would allow Uber's competitors to obtain a competitive advantage by learning how Uber approaches the technical challenges of self-driving and evaluates possible solutions to these challenges, including with regard to Uber's LiDAR sensors, such that they can tailor their own LiDAR development to counter Uber and Uber's competitive standing could be significantly harmed.

6. The entirety of Exhibit 6 is an Uber engineer's internal notes containing highly confidential information relating to internal assessment of an acquisition, including highly confidential details regarding the company's self-driving car market strategy and technical LiDAR sensor specifications. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. Disclosure of this information would allow Uber's competitors to learn how Uber's strategic priorities and approach to technical challenges of self-driving cars, including with regard to Uber's LiDAR sensors, such that Uber's competitors could obtain an advantage by tailoring their own LiDAR development to counter Uber and Uber's competitive standing could be significantly harmed.

7. Some of the portions marked with red boxes in Exhibit 7 contain the email addresses, phone numbers, and other contact information of high-ranking current and former company executives, whose email accounts and numbers may still become compromised if disclosed to the public. Defendants seek to seal this information in order to protect the privacy of these current and former executives, as prominent individuals at the company are currently the subject of extensive media coverage. Disclosure of this information for such high-ranking executives could expose them to harm or harassment.

8. In addition, the remaining portions marked with red boxes in Exhibit 7 contain highly confidential information regarding the negotiation and evaluation of a business agreement with a counterparty that has an ongoing business relationship with Uber. The red boxes include

1  extremely detailed descriptions of business negotiation tactics and strategy, including specific
2  financial terms offered, and reveal how Uber structures, evaluates, and analyzes potential
3  business offers and agreements. This highly confidential information is not publicly known, and
4  its confidentiality is strictly maintained. I understand that disclosure of this information could
5  allow competitors to gain insight into how Uber structures and negotiates its business agreements,
6  allowing them to tailor their own negotiation strategy, such that Uber's competitive standing
7  could be significantly harmed.

8       9.     Defendants' request to seal is narrowly tailored to those portions of Plaintiff's
9  Opposition and its supporting exhibits that merit sealing.

10       I declare under penalty of perjury under the laws of the United States that the foregoing is
11  true and correct. Executed this 15th day of August, 2017, in Los Angeles, California.

                                                                         */s/ Michelle Yang*
                                                                        Michelle Yang

### ATTESTATION OF E-FILED SIGNATURE

     I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated: August 15, 2017                                      */s/  Arturo J. González*
                                                                        Arturo J. González