# MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON  FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 15, 2017

Writer's Direct Contact
+1 (415) 268.7020
AGonzalez@mofo.com

The Honorable William Alsup
United States District Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

Re:     *Waymo LLC v. Uber Technologies, Inc. et al.,* Case No. 3:17-cv-00939

Dear Judge Alsup:

Defendants Uber Technologies, Inc. and Ottomotto LLC ("Uber") submit the attached letter requesting permission to file a motion for summary judgment.

Respectfully submitted,

*/s/ Arturo J. González*

Arturo J. González
Counsel for Uber Technologies, Inc.
and Ottomotto LLC

cc:   All Counsel of Record
      Special Master John Cooper


**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

dc-895854

MORRISON | FOERSTER

Honorable William Alsup
August 15, 2017
Page Two

Pursuant to the Court's June 7, 2017 Case Management Order (Dkt. 562 ¶ 9), Uber submits this precis requesting permission to file a motion for summary judgment (1) of non-infringement of the '936 patent by a redesign of Fuji's laser diode firing circuit; (2) of non-use of Trade Secret No. ("TS") 7 by a redesign of Fuji's ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉ ; and (3) that TS 9, TS 13, and TS 14 are not trade secrets. By Waymo's own definition, the redesigned Fuji cannot meet the elements of the '936 patent or TS 7, and Waymo witnesses admit that the claimed elements of TS 9, 13, and 14 are generally known. Resolution of these issues on summary judgment would streamline the case before trial.

***Non-infringement of the '936 Patent***.  Fuji's redesigned firing circuit will not infringe the '936 patent because it lacks the "inductor" required by all independent claims of the patent, which was an essential element that Waymo relied on to distinguish prior art during the prosecution of its patent.  (Dkt. 23-3, '936 patent at 28:5-30:35; Ex. 1, Notice of Allowance at 2.)  In its Court-ordered Statement Regarding Patent Claims, Waymo contended that the ▉▉▉▉▉▉▉▉▉▉▉▉▉ of Fuji's firing circuit meets the "inductor" element of the '936 patent. (Dkt. 825-4 at 4 (figure annotated by Waymo).)



Without conceding infringement for any past designs, Uber has redesigned Fuji's firing circuit such that it no longer includes the ▉▉▉▉▉▉▉▉ identified by Waymo and Fuji does not infringe even under Waymo's contentions.  (Ex. 2, Haslim Dep. 690:4-691:20; Ex. 3, Haslim Dep. Ex. 585.)  The issue of non-infringement is therefore ripe for decision on summary judgment.  *See Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1308–09 (Fed. Cir. 2006) ("[N]othing more" required for summary judgment motion than "stating that the patentee had no evidence of infringement and pointing to the specific ways in which accused systems did not meet the claim limitations.").  With the removal of the ▉▉▉▉▉▉▉▉, the redesigned Fuji firing circuit cannot meet the "inductor" limitations of the '936 patent claims.

***Non-Use of TS 7***.  Uber has also redesigned Fuji's transmit boards so that they could not use Waymo's TS 7.  (Ex. 2, Haslim Dep. 690:4-17, Ex. 3, Haslim Dep. Ex. 585.)  TS 7 claims a LiDAR where the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

dc-895854

MORRISON | FOERSTER

Honorable William Alsup
August 15, 2017
Page Three

███████████." (Dkt. 25-7 at 6.)  As the Court noted, Waymo has retreated to claiming an ███████████████████████████ (Dkt. 426 at 3.)

Uber contends that TS 7 is a generally known to the public or readily ascertainable, but, without conceding those issues, Uber has redesigned Fuji's transmit PCBs to that the laser diodes are ████████████████████████.  This issue is ripe for summary judgment because, as the Court has noted, "there are, broadly speaking, only three possibilities — ████████ ██████████████████████████████." (Dkt. 426 at 13.)  There can be no dispute that diodes ████████████████████████ would not use TS 7.

***TS 9, TS 13, and TS 14 Are Not Trade Secrets***.  TS 9, TS 13, and TS 14 are not trade secrets because they are generally known or readily ascertainable from public information.  These alleged trade secrets are ripe for summary judgment.  Though Uber has identified multiple known art for TS 9, TS 13, and TS 14, one example for each is provided below.  In particular, TS 13 and 14 are disclosed by Waymo's own '922 patent, which discloses the design of its ████ LiDAR.  (Dkt. 25-3 at 5.)

TS 9 claims ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (Dkt. 25-7 at 8.)  As Waymo's own 30(b)(6) designee Pierre Yves Droz conceded that the ████████████ ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (Ex. 4, Droz Dep. 230:8-20, 232:9-18; *see also* Ex. 5, McCann Dep. 206:8-209:8, 217:16-218:1.)  An example of such a public disclosure is U.S. Patent No. 5,420,722, which, as depicted below, discloses a "microlens" with identical positioning and functionality to ████████████████████, where ███████ ████████████████████████████████████████████████████████████████ (Dkt. 298-1, Lebby Sur-Reply Decl. ¶¶ 18-20; Dkt. 309-6, '722 patent.)



| Waymo ████████████ | U.S. Patent No. 5,420,722 |

TS 14 claims the technique of ████████████████████ by using ████████████████ ████████████████████████████████████████████████████████████████████████████████

dc-895854

MORRISON | FOERSTER

Honorable William Alsup
August 15, 2017
Page Four

███████ (Dkt. 25-7 at 11.)  Waymo's 30(b)(6) designee-Droz admitted that ████████ ███████████████, and Figure 4 of the '922 patent discloses these ██████ or ████████████ (marked in red below, left).  (Ex. 4, Droz Dep. 208:11-12, 297:12-298:6; *see also id.* at 208:11-12; *see also* Ex. 6, Ulrich Dep. 263:7-24; Ex. 7, Ulrich Dep. Ex. 1115, Fig. 4.)  Furthermore, U.S. Patent No. 4,244,109 discloses "photodiodes . . . mounted on the PCB in alignment with the two holes."  (Dkt. 298-1, Lebby Sur-Reply Decl. ¶¶ 65-66.)



| Excerpt from Fig. 4 of '922 patent | Excerpt from Fig. 3B of '922 patent |

TS 13 claims the use of ████████████████ (Dkt. 25-7 at 11).  Waymo's 30(b)(6) designee Mr. Droz testified that ██████████████████████████████████ and the "█████████ █████████████████████████████████████."  (Ex. 4, Droz Dep. 192:1-5, 192:22-24.)  Mr. Droz also testified that TS 13's claimed █████ ████████ were used in Waymo's GBr2.  (Ex. 4, Droz Dep. 189:11-190:6, 191:17-20, 192:1-10; Ex. 6, Ulrich Dep. 255:11-256:3, Ex. 7, Ulrich Dep. Ex. 1115, Fig. 3B.)  The █████ design is disclosed in the '922 patent.  (Dkt. 25-3 at 5.)  As illustrated above, Figure 3B of the '922 patent discloses the use of ███████████ that ████████████ (marked in red) as claimed by TS 13.

This Court has explained that "general engineering principles that are simply part of the intellectual equipment of technical employees" are not protectable trade secrets.  (Dkt. 426 at 17.)  As this Court has noted regarding the instances of known art that defendants' experts must identify, "[t]o prove a positive, one example will suffice."  *Atmel Corp. v. Info. Storage Devices, Inc.*, 189 F.R.D. 410, 418 (N.D. Cal. 1999).  With these examples of known art and admissions from Waymo's witnesses, TS 9, 13, and 14 are ripe for summary judgment.

dc-895854