QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| WAYMO LLC,<br><br>          Plaintiff,<br><br>          vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>          Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OPPOSITION TO OTTO TRUCKING'S MOTION TO COMPEL** |
|---|---|

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal information in its July 28, 2017 Opposition to Otto Trucking's Motion to Compel ("Waymo's Opposition"). Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Opposition Letter Brief | Highlighted Portion | Waymo |
| Exhibit 4 to the Declaration of Jeff Nardinelli | Entire Document | Waymo |

### I. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*

### II. THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the information identified by Waymo in the table above.  Waymo seeks to file this information under seal because it discloses Waymo's confidential business information, including descriptions of internal Waymo documents discussing Waymo's highly confidential security protocols and detailed computer forensics regarding access to Waymo's trade secrets.  *See* McCauley Dec. ¶ 3.  Confidential business information that, if released, may "harm a litigant's competitive standing" merits sealing.  *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978).  Waymo seeks to seal confidential business information squarely within this category.  McCauley Dec. ¶ 3.  Waymo has narrowly tailored its requests to only information meriting sealing.  *Id.*  Thus, the Court should grant Waymo's administrative motion to seal.

### III. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion.  For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's Administrative Motion.

1  DATED: August 16, 2017           QUINN EMANUEL URQUHART & SULLIVAN,
2                                    LLP

3                                    By /s/ Charles Verhoeven
                                        Charles Verhoeven
4                                       Attorneys for WAYMO LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28