August 17, 2017

*VIA ECF*

The Honorable Jacqueline Scott Corley
United States Magistrate Judge
United States District Court for the Northern District of California
Phillip Burton United States Courthouse
450 Golden Gate Avenue
Courtroom F – 15th Floor
San Francisco, CA 94102

      Re:  *Waymo LLC v. Uber Technologies, LLC, et al.*, No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Nonparties Aurora Innovation, Inc. ("Aurora"), Christopher Urmson, Nuro, Inc. ("Nuro"), and David Ferguson (all four together, the "Nonparties") submit this letter brief seeking to quash and modify the subpoenas served on them by Defendants Uber Technologies, Inc. ("Uber") and Ottomotto LLC ("Ottomotto") (together, "Defendants"), or for a protective order with regard to those subpoenas.  Defendants' subpoenas seek two categories of information: (1) information relating to Anthony Levandowski and Waymo LLC ("Waymo") from Messrs. Urmson and Ferguson personally, which both agreed to provide; and (2) trade secret and confidential commercial information relating specifically to Aurora (from Mr. Urmson and the company he founded, Aurora) and Nuro (from Mr. Ferguson and the company he founded, Nuro), neither of which has any nexus to the operative facts in the underlying litigation.  Because Defendants cannot show a substantial need for this second category of information, the Nonparties respectfully request that the Court quash the subpoenas to Aurora and Nuro in their entirety, and order that Messrs. Urmson and Ferguson be required to provide information only to the extent that it involves their time at Waymo or Mr. Levandowski.

                                            Respectfully Submitted,

                                            Benjamin L. Singer
                                            SINGER BEA LLP

                                            *Attorneys for the following nonparties:*
                                            Aurora Innovation, Inc.
                                            Christopher Urmson
                                            Nuro, Inc.
                                            David Ferguson

Cc: Counsel of Record (via ECF); Special Master Cooper

## BACKGROUND

Waymo sued Defendants for trade secret misappropriation and patent infringement. On July 25, 2017, Defendants served a subpoena for documents and testimony on nonparty Christopher Urmson. Mr. Urmson is a former Waymo employee who worked in the same group as Anthony Levandowski. On August 9, 2017, Defendants served a subpoena for documents and testimony on Aurora, the company that Mr. Urmson founded months after leaving Waymo. On August 8, 2017, Defendants served a subpoena for documents and testimony on Nuro, a company co-founded by David Ferguson. Defendants then served a subpoena for testimony only on Mr. Ferguson in his personal capacity on August 10, 2017. Mr. Ferguson is also a former Waymo employee, though he did not work in the same group as Mr. Levandowski.

Defendants' subpoenas include 56 document requests, 4 deposition subpoenas, and 18 deposition topics, but for purposes of this dispute they seek two broad categories of information: (A) information regarding Mr. Levandowski and his time at Waymo, and (B) trade secret and confidential commercial information about Aurora and Nuro. The dispute here is whether the Nonparties are obligated to provide documents and testimony related to the second category. In particular, the dispute is whether Defendants have shown a substantial need for this information that outweighs the Nonparties' right to maintain their confidentiality.

## THE PARTIES' POSITIONS

Defendants and the Nonparties have met and conferred on this issue twice, and have participated in a conference with Special Master Cooper. [redacted] Their concerns about confidentiality are not ameliorated by the presence of the protective order and Defendants have failed to come forward with any credible need for this fishing expedition.

## LEGAL STANDARD

"While discovery is a valuable right and should not be unnecessarily restricted … the 'necessary' restriction may be broader when a nonparty is the target of discovery." *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). Where information is required from a nonparty, that request "should be narrowly drawn to meet specific needs for information." *Convolve, Inc. v. Dell, Inc.*, No. C 10-80071 WHA, 2011 U.S. Dist. LEXIS 53641, at *7 (N.D. Cal. May 9, 2011). While the burden of persuasion initially rests on the nonparty seeking to resist a subpoena, "[o]nce a nonparty shows that the requested information is a trade secret or confidential commercial information, the burden shifts to the requesting party to show a

---

[1] As Defendants have limited their discussion to these four categories, the Nonparties respectfully request the Court not permit any discovery beyond these categories. If the Court wishes an in-depth memorandum addressing each of Defendants' requests, the Nonparties are happy to provide a full briefing.

substantial need for the testimony or material…." *Gonzalez v. Google*, 234 F.R.D. 674, 684 (N.D. Cal. 2006). *See also* Fed. R. Civ. Proc. 45(d)(3)(B) ("[T]he court … may … quash or modify the subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information.").

As the result of a productive meet and confer process, this dispute is relatively well-tailored.

The issue, then, is whether Defendants have met their burden of showing a substantial need for Aurora and Nuro's trade secret and confidential commercial information. They have not.

## DISCUSSION

### I. Direct Relevance Versus Atmospherics

This is a case about trade secret misappropriation. The issues, then, are whether Waymo's alleged trade secrets derive independent economic value from not being generally known to the public and are subject to reasonable efforts to maintain secrecy, and whether that information was conveyed to Defendants through improper means. 18 U.S.C. §§ 1836 *et seq.*; Cal. Civ. Code §§ 3426 *et seq.* To the extent that Defendants seek to learn about Mr. Levandowski and his time at Waymo, that information is directly relevant and the Nonparties have agreed to comply.

On the other hand, information regarding the trade secrets and confidential commercial information of Aurora and Nuro are not directly relevant to the claims and defenses at issue in this case.

None of these arguments is directly relevant to the claims and defenses at issue in this litigation. Rather, to the extent they have any role in the underlying dispute, it is only as atmospherics: they render a party's narrative more appealing to the fact finder, even though they do not prove any claim or defense. As this Court has already held in its Order Regarding Lyft-Related Documents (Dkt. 832) ("Order"), "Defendants' speculation that [nonparty] information 'may be relevant to industry practices…' and thus 'may be relevant to whether Waymo's purported trade secrets are in fact trade secrets' does not come close to showing substantial need." *Id.* at 5.

August 17, 2017

███████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

█████████    As with the Lyft subpoena, Defendants cannot show a substantial need for the confidential commercial information it seeks in this category.

███████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████    Defendants cannot seek confidential commercial information from nonparties in a speculative attempt to show an industry practice that would only be tangentially related to the case at bar.  Order at 5.

███████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

█████████████████████    In fact, this Court has already rejected Defendants' argument: Defendants argued against Lyft's Motion that the "pre-existing Lyft or public knowledge regarding that technology [] are relevant to whether Waymo's technology is entitled to trade-

3

secret protection." Opp. at 1, 3.  The Court found that "Defendants' speculation that Lyft's information … may be relevant to whether Waymo's purported trade secrets are in fact trade secrets … does not come close to showing substantial need." Order at 5.  The same is true here.

### V. The Protective Order Does Not Obviate Rule 45's Standard

Just as in their Opposition to the Lyft Motion, Defendants have argued that the Nonparties should have no problem revealing their trade secret and confidential commercial information because there is a protective order.  But the Nonparties' confidentiality concerns are not ameliorated by the protective order and are exasperated by the pending allegations that Defendants have not complied with the Court's discovery orders.   This Court has already considered and rejected this argument as well: "Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns … is unavailing." *Id.* at 5.

To override the Nonparties' right to confidentiality, Defendants must show a substantial need for the requested information.  Not only have they failed to do so here, it is hard to imagine any scenario in which the desire to establish or rebut a narrative—not establish any claim or defense—could justify production of a nonparty's most sensitive confidential information.

### VI. The Court Has Already Quashed A Nearly Identical Subpoena

The Court's Lyft Order is directly applicable to this situation.  Defendants sought information about Lyft's internal operations, including trade secret and confidential commercial information, and argued that it was relevant because it might shed light on the value of Waymo's technology and whether it constitutes a trade secret, just as they have here. *Id.* at 1, 3.  Lyft objected, as have the Nonparties, that "a competitor accused of stealing trade secret information should not get to subpoena all its other competitors in the industry to try to show what is and is not a trade secret." Decl. of Carolyn Hocker Luedtke in Support of Lyft's Motion to Quash at ¶ 5.  The Court held that Defendants did not "come close to showing substantial need," and quashed the subpoena in its entirety.  Order at 6.

### CONCLUSION

Because Defendants have not shown a substantial need for that information the Nonparties respectfully request that the Court grant this motion to quash.

4