MILES EHRLICH (Bar No. 237954)
miles@ramsey-ehrlich.com
ISMAIL RAMSEY (Bar No. 189820)
izzy@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

Attorneys for Intervenor Anthony Levandowski

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | Case No.: 3:17-cv-00939 WHA |
| Plaintiff, | |
| v. | **DECLARATION OF MILES EHRLICH IN SUPPORT OF NON-PARTY ANTHONY LEVANDOWSKI'S ASSERTION OF PRIVILEGE WITH RESPECT TO MARCH 2017 CONVERSATIONS WITH UBER COUNSEL** |
| UBER TECHNOLOGIES, INC., *et al.*, | |
| Defendants. | |

DECLARATION OF MILES EHRLICH                    1
Case No. 3:17-cv-00939 WHA

I, Miles Ehrlich, declare and affirm as follows:

1. I am a partner at Ramsey & Ehrlich LLP and a member of the Bar of the State of California. I am counsel of record in the above-captioned action for non-party Anthony Levandowski. I make this declaration in support of Non-Party Anthony Levandowski's Assertion of Privilege With Respect To March 2017 Conversations With Uber Counsel. I have personal knowledge of the matters stated herein and could and would competently testify thereto if called upon to do so.

2. On March 19, 2017, Anthony Levandowski asked my firm to advise him personally in connection with the pending federal litigation in *Waymo LLC v. Uber Technologies, Inc.*, *et al.*, No. C 17-00939 WHA (the "Litigation"). On March 25, 2017, we executed a written engagement agreement confirming our representation of Mr. Levandowski in this matter.

3. On or around March 25, 2017, I contacted Arturo Gonzalez, lead outside counsel for Uber, to inform him that we were representing Mr. Levandowski. In this conversation, (1) I expressly confirmed with Mr. Gonzalez that there was a common interest/joint defense agreement already in place between Mr. Levandowski and Uber, and (2) I emphasized my understanding that our communications concerning the Waymo litigation would be covered by that common interest/joint defense agreement and held in strict confidence. Mr. Gonzalez confirmed that a common interest/joint defense agreement that had been entered into between Mr. Levandowski and Uber (among others) in 2016 was still in force, and that our ongoing communications would be subject to that agreement and treated as confidential.

4. Beginning in late March 2017, I, along with other attorneys from my firm, have communicated with Uber's outside and in-house counsel in confidence concerning certain factual, legal, and strategic issues relating to the ongoing Litigation to help us render legal advice to our respective clients concerning the Litigation.

5. On the evening of March 29, 2017, I attended a meeting at Uber's headquarters. Also present at the meeting were Mr. Levandowski, Travis Kalanick, and Uber's chief in-house litigation attorney, Angela Padilla. At the beginning of this meeting, I confirmed with Ms. Padilla that all communications during the meeting would be subject to the parties' common

interest/joint-defense agreement. During the meeting, the attendees discussed issues pertaining to the Litigation, including the implications of Mr. Levandowski's asserting his Fifth Amendment rights, for the purpose of developing a defense strategy to the claims at issue in the Litigation.

6. The attorneys in our firm, including myself, who have communicated with Uber's counsel since late March 2017 about the Litigation all understood and expected that these conversations—including the one that took place during the in-person meeting with Uber's in-house counsel on March 29, 2017—were protected by our common interest/joint defense agreement, and would be held in strict confidence by all parties. We have maintained all such communications in confidence. With the exception of Uber's recent disclosures of communications that occurred at an earlier meeting on March 29, 2017, I believe that Uber has also kept confidential all joint-defense communications between my firm, my client, and Uber's counsel concerning the Litigation.

7. When Mr. Levandowski engaged in discussions with Uber's counsel regarding the Litigation, he did so with the expectation that his communications were subject to the common interest/joint defense agreement that he and Uber had entered into in 2016, and with the understanding that he was providing information to facilitate the common legal interests that he shared with Uber in defending against the ongoing Litigation.

8. Mr. Levandowki has never waived his attorney-client or common interest privileges with respect to the Litigation. On the contrary, Mr. Levandowski and his counsel have kept the content of all such communications confidential and Mr. Levandowski has diligently asserted his privileges at every juncture.

This declaration is made under penalty of perjury under the laws of the United States on August 17, 2017.

                                              */s/ Miles Ehrlich*
                                              Miles Ehrlich