

August 17, 2017

Magistrate Judge Jacqueline Scott Corley
U.S. District Court, Northern District of California
San Francisco Courthouse Courtroom F – 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:     *Waymo LLC v. Uber Technologies, Inc., et al.*, No. C 17-00939-WHA

Dear Magistrate Judge Corley:

Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") submit their supplemental briefing pursuant to Your Honor's August 14 Order (Dkt. 1172) (the "Order").

Uber filed objections (Dkt. 1228) to the Order because Uber respectfully disagrees with its holding that Anthony Levandowski's statements to Uber's former CEO Travis Kalanick and in-house counsel Angela Padilla about his reasons for downloading Google files and invoking the Fifth Amendment, and Mr. Kalanick's and Ms. Padilla's statements in response, are privileged. As such, Uber respectfully disagrees that it has waived any privilege.

But, if Judge Alsup upholds the Order by also finding that those statements are privileged, then Uber agrees that it is not able to unilaterally waive all privileges in those communications. At the August 9 hearing, your Honor raised the possibility that the parties' common legal interest may prevent a subject matter waiver. 8/9/17 Hr'g Tr. at 37:22-38:2. After that hearing, Mr. Levandowski's counsel informed Uber's counsel that Mr. Levandowski is asserting and not waiving his personal attorney-client privileges with respect to the March 29 meetings under the common interest doctrine. *See* Ex. 1, Aug. 11, 2017 Ltr. Because of this letter and the April 11, 2016 Joint Defense, Common Interest and Confidentiality Agreement (Dkt. 370-2), which was in effect as of March 29 (but from which Uber has subsequently withdrawn and terminated), and in light of the governing case law, Uber is not in a position to disavow its obligations in effect at that time.

The common interest doctrine protects a privileged communication where "(1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *Ellis v. J.P. Morgan Chase & Co.*, No. 12CV03897YGRJCS, 2014 WL 1510884, at *6 (N.D. Cal. Apr. 1, 2014). Mr. Levandowski was contemplating invoking the Fifth Amendment about the time these communications took place. While potential adversity was beginning to develop between the parties in light of his consideration of invoking the Fifth Amendment, the parties did

BOIES SCHILLER FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612 | (t) 510 874 1000 | (f) 510 874 1460 | www.bsfllp.com



share privileged communications as to that issue under the protection of the common interest agreement in effect at that time.

Thus, in response to the Court's three questions, Uber provides the following answers:

**(1) Whether "Mr. Levandowski has an individual attorney-client privilege in communications that would be swept within the scope of Uber's subject matter waiver"**

Mr. Levandowski has an individual attorney-client privilege in any communications that would be swept within the scope of a waiver covering communications between Mr. Levandowski and Uber about his reasons for downloading Google files and for invoking the Fifth Amendment.  *See* 8/9/17 Hr'g Tr. 31:4-7 (The Court, describing the scope of the waiver as "What [Mr. Levandowski] said about why he downloaded the files, about why he's pleading the Fifth, and whatever was said back to him about that"); 25:24-26:2 (Waymo's counsel stating that the scope of the waiver is "why he downloaded the files and what -- whether or not they should be taking the Fifth Amendment, and their attempt to persuade him not to, according to them.").[1] Based on Mr. Levandowski's counsel's August 11 letter, Mr. Levandowski is asserting an individual attorney-client privilege with respect to all of his privileged communications, including in the presence of his attorneys, as well as others, covered by the parties' then-existing common interest agreement that would fall within the scope of that waiver.

**(2) Whether "Uber can waive the privilege with respect to those communications if Mr. Levandowski has an individual attorney-client privilege"**

Uber cannot waive privilege with respect to communications in which Mr. Levandowski has an individual attorney-client privilege. *See United States v. Gonzalez*, 669 F.3d 974, 982 (9th Cir. 2012) ("[T]he case law is clear that one party to a JDA cannot unilaterally waive the privilege for other holders.") (collecting cases).

**(3) "If Uber cannot, whether in fairness Uber should be allowed to waive the privilege with respect to the communications in which Mr. Levandowski does not claim an individual privilege"**

Due to Mr. Levandowski's privilege claims, Uber cannot unilaterally waive privilege in its communications with Mr. Levandowski about his reasons for downloading Google files and invoking the Fifth Amendment.  As such, if the Court denies Uber's objections to the Order, Uber will be unable to present evidence at trial of the conversations among Mr. Levandowski, Mr. Kalanick, and Ms. Padilla on March 29, 2017.   Uber reserves all rights to present any non-privileged evidence about Mr. Levandowski's reasons for downloading Google files, including but not limited to any non-privileged statements he made on those topics if, in the course of our continued fact investigation, we discover such evidence.

---

[1] During the Special Master-supervised conferral with Waymo about this supplemental briefing, Waymo confirmed its view that this is the proper scope of any waiver.



Respectfully Submitted,

*/s Karen L. Dunn*

Karen L. Dunn
Counsel for Uber Technologies, Inc. and Ottomotto LLC