IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; and OTTO<br>TRUCKING LLC,<br><br>    Defendants. | No. C 17-00939 WHA<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGE CORLEY'S NONDISPOSITIVE PRETRIAL ORDER RE MOTION TO COMPEL** |

## INTRODUCTION

The magistrate judge overseeing discovery in this action granted in part and denied in part plaintiff's motion to compel. Plaintiff moves for relief from that order pursuant to Civil Local Rule 72. The motion is **DENIED**.

## STATEMENT

Plaintiff Waymo LLC moved to compel defendants Uber Technologies, Inc., Ottomotto LLC (collectively, "Uber"), and Otto Trucking LLC to produce certain documents and respond to certain interrogatories (Dkt. No. 682). In an order dated July 12, per the discovery referral in this action, Magistrate Judge Jacqueline Corley granted in part and denied in part Waymo's motion (Dkt. Nos. 881). Pursuant to Civil Local Rule 72, Waymo filed a motion for relief from the July 12 order (Dkt. No. 932). A prior order deferred ruling on the motion pending a hearing on a related matter (Dkt. No. 1188 at 3). This order now denies the motion.

**ANALYSIS**

**1.    STANDARD OF REVIEW.**

Under FRCP 72, a district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Ibid.* (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

**2.    WAYMO'S MOTION FOR RELIEF.**

Judge Corley rejected Waymo's argument that Anthony Levandowski "knows where the material he downloaded from Waymo is located, and therefore Otto Trucking must know," noting that "Levandowski has refused to cooperate with any discovery in this matter on Fifth Amendment grounds" (Dkt. No. 881 at 3). Waymo objects that "a corporation has no Fifth Amendment privileges and may not withhold documents on that basis" (Dkt. No. 932 at 1). This objection is frivolous. Judge Corley's order clearly referred to *Levandowski's* personal Fifth Amendment privilege, not to any Fifth Amendment privilege asserted by Otto Trucking. Waymo also objects that, under Judge Corley's reasoning, "any corporate entity could avoid compliance with discovery simply [by] stating that whoever is in charge would not 'allow' it to comply" (*ibid.*). Wrong again. The issue here is not that Levandowski simply will not "allow" Otto Trucking to comply with discovery but that Waymo asked Judge Corley to impute Levandowski's personal knowledge to Otto Trucking notwithstanding his assertion of Fifth Amendment privilege. Finally, Waymo agrees with Judge Corley that, "[t]o the extent [it] contends that Otto Trucking has not done enough to coerce Mr. Levandowski to speak, that is a matter that it has raised with the District Judge" (Dkt. No. 881 at 3). Waymo nevertheless objects that the mere fact "that Otto Trucking may likely violate the order should the Court grant Waymo's motion to compel cannot be the basis to deny Waymo's motion" (Dkt. No. 932 at 1). Judge Corley, however, did not deny Waymo's motion on that basis. In short, Waymo has not shown that Judge Corley's July 12 order was clearly erroneous or contrary to law.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for relief from Judge Corley's July 12 order is **DENIED**. All stated objections thereto are **OVERRULED**.

**IT IS SO ORDERED.**

Dated: August 18, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE