# EXHIBIT A



Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com
+1 650 752 3100

May 30, 2017

**VIA E-MAIL**
**VIA FEDEX**

Lior Ron
Uber Technologies, Inc.
1455 Market St. #400
San Francisco, CA 94103

Re:     *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. 17-cv-00939-WHA

Dear Lior:

As you know, on May 11, 2017, the United States District Court Judge issued an order in the lawsuit brought by Waymo LLC ("Waymo") against Uber Technologies, Inc. ("Uber"), Ottomotto LLC, and Otto Trucking LLC ("Otto Trucking", and collectively, "Defendants").  A copy of the public version of that order is attached hereto.

Otto Trucking has been ordered to take a number of steps with respect to your roles at Otto Trucking as Managing Member and President, Chief Executive Officer, and General Manager, and with respect to any files that Waymo claims that Mr. Anthony Levandowski downloaded before leaving his employment at Google.  This order is a serious matter, and we expect you to comply fully.  Failure to comply with the terms of the order could subject you, or Otto Trucking, to penalties including contempt of court.

*First*, Otto Trucking has been ordered to "exercise the full extent of [its] corporate, employment, contractual, and other authority" to prevent you and "all other officers, directors, employees, and agents of Otto Trucking from consulting, copying, or otherwise using the downloaded materials," and to "cause them to return the downloaded materials and all copies, excerpts, and summaries thereof to Waymo (or the Court) by May 31, at noon."  *See* Order, at p. 23, ¶ 2.  The order defines "downloaded materials" to mean "any and all materials that Anthony Levandowski downloaded from Waymo and kept upon leaving Waymo's employment, regardless of how long he kept them for and whether or not any such materials qualify as trade secrets or proprietary or confidential information."  *Id.* at ¶ 1.  You should understand the term "downloaded materials" to mean and include any copies, excerpts, and summaries thereof, regardless of whether they are in your possession, the possession of any attorney who has represented you, or any other person to whom you sent or gave the downloaded materials.

Further, you are prohibited from consulting, copying, or otherwise using downloaded materials for any reason or purpose, including, but not limited to, in conjunction with any of your roles at Otto Trucking.

ACTIVE/91208290.1



Lior Ron
May 30, 2017
Page 2


*See id.* at 23, ¶¶ 2(a), 3(c).  If you are in possession of any downloaded materials, you are further instructed to return any and all downloaded materials and any copies and excerpts of the same to our outside counsel at Goodwin Procter LLP, if such materials exist.  You are further instructed to identify to counsel where you received any such downloaded materials, and any people to whom you gave or sent the downloaded materials, and any people with whom you discussed the downloaded materials, whether those discussions were oral or written.

**_Second_**, you are prohibited from having any communication with Mr. Levandowski on the subject of Light Detection and Ranging ("LiDAR").  This prohibition includes both written and oral communications, and both general and specific statements relating to LiDAR.  We understand that Mr. Levandowski's roles and responsibilities at Otto Trucking did not and have not pertained to LiDAR.  Mr. Levandowski is not permitted to undertake any role or responsibility pertaining to LiDAR at Otto Trucking in the future until further notice.

**_Third_**, the Court's order requires defendants, including Otto Trucking, to conduct an investigation into the downloaded materials, including the identities of anyone who has seen the downloaded materials, what they have seen, and the circumstances under which they saw them, by no later than June 23, 2017.  To that end, we ask that you make yourself available to assist in this investigation and to provide interviews and consultations to identify information requested by the Court, including by identifying information to outside counsel at Goodwin Procter LLP and to counsel for Uber.  You may also be requested by the Court's Special Master to sit for an interview regarding your compliance with the order and the provisions in this letter.  If the Special Master requests an interview, you are required to make yourself available on 48 hours' notice for an interview with the Special Master.

We appreciate your cooperation in these matters, and hope that you will do everything in your power to help us to comply with the Court's order.  If you have questions regarding compliance with the foregoing, please contact us immediately.


Sincerely,


Neel Chatterjee

NC

# EXHIBIT B



Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com
+1 650 752 3100

May 30, 2017

**VIA E-MAIL**
**VIA FEDEX**

Anthony Levandowski
c/o Ismail Ramsey, Esq.
Miles Ehrlich, Esq.
Ramsey & Ehrlich LLP
803 Hearst Ave.
Berkeley, CA 94710

Re:     *Waymo LLC v. Uber Technologies, Inc. et al.,* Case No. 17-cv-00939-WHA

Dear Anthony:

As you know, on May 11, 2017, the United States District Court Judge issued an order in the lawsuit brought by Waymo LLC ("Waymo") against Uber Technologies, Inc. ("Uber"), Ottomotto LLC, and Otto Trucking LLC ("Otto Trucking", and collectively, "Defendants").  A copy of the public version of that order is attached hereto.

Otto Trucking has been ordered to take a number of steps with respect to your roles at Otto Trucking as Managing Member and Executive Chairman, and with respect to any files that Waymo claims that you downloaded prior to leaving your employment at Google.  This order is a serious matter, and we expect you to comply fully.  Failure to comply with the terms of the order could subject you, or Otto Trucking, to penalties including, but not limited to contempt of court.

**_First_**, Otto Trucking has been ordered to "exercise the full extent of [its] corporate, employment, contractual, and other authority" to prevent you and "all other officers, directors, employees, and agents of defendants from consulting, copying, or otherwise using the downloaded materials," and to "cause them to return the downloaded materials and all copies, excerpts, and summaries thereof to Waymo (or the Court) by May 31, at noon."  *See* Order, at p. 23, ¶ 2.  The order defines "downloaded materials" to mean and include "any and all materials that Anthony Levandowski downloaded from Waymo and kept upon leaving Waymo's employment, regardless of how long he kept them for and whether or not any such materials qualify as trade secrets or proprietary or confidential information."  *Id.* at ¶ 1.  You should understand the term "downloaded materials" to include any copies, excerpts, and summaries thereof, regardless of whether they are in your possession, the possession of any attorney who has represented you, or the possession of any other person to whom you sent or gave downloaded materials.



Anthony Levandowski
May 30, 2017
Page 2


Further, you are prohibited from consulting, copying, or otherwise using downloaded materials for any reason or purpose, including, but not limited to, in conjunction with any of your roles at Otto Trucking. *See id.* at 23, ¶¶ 2(a), 3(c).  You are further instructed to return any and all downloaded materials and any copies and excerpts of the same to our outside counsel at Goodwin Procter LLP, if such materials exist.

In order to comply with these provisions, you are required to certify in writing that you will not consult, copy, or otherwise use the downloaded materials.  If you have not taken downloaded materials from Google, and/or deny that those materials are in your possession, please provide a full and complete attestation to that effect to outside counsel at Goodwin Procter LLP.  If you cannot deny that you have taken downloaded materials from Google, you must immediately provide them to outside counsel at Goodwin Procter LLP, and you may not keep any copies thereof.  You must also identify any other persons that you believe may be in possession of any downloaded materials, and instruct them to provide those files to outside counsel at Goodwin Procter LLP.  If you have destroyed any downloaded materials, you must attest to those facts and provide a written statement to outside counsel at Goodwin Procter LLP.  Please provide these certifications, or state that you will not do so, by no later than June 16, 2017.

**_Second_**, you are prohibited from having any communication on the subject of Light Detection and Ranging ("LiDAR") with any officer, director, employee, agent, supplier, consultant or customer of Otto Trucking.  This prohibition includes both written and oral communications, and both general and specific statements relating to LiDAR.  We understand that your roles and responsibilities at Otto Trucking did not and have not pertained to LiDAR, and you are prohibited from undertaking any roles or responsibilities at Otto Trucking pertaining to LiDAR in the future until further notice.

**_Third_**, the Court's order requires defendants, including Otto Trucking, to conduct an investigation into the downloaded materials, including the identities of anyone who has seen the downloaded materials, what they have seen, and the circumstances under which they saw them, by no later than June 23, 2017.  To that end, we ask that you make yourself available to assist in this investigation and to provide interviews and consultations to identify information requested by the Court, including by identifying information to outside counsel at Goodwin Procter LLP and to counsel for Uber.  You may also be requested by the Court's Special Master to sit for an interview regarding your compliance with the order and the provisions in this letter.  If the Special Master requests an interview, you are required to make yourself available on 48 hours' notice for an interview with the Special Master.

We appreciate your cooperation in these matters, and hope that you will do everything in your power to help us to comply with the Court's order.  If you have questions regarding compliance with the foregoing, please contact us immediately.



Anthony Levandowski
May 30, 2017
Page 3


Sincerely,


/s/ Neel Chatterjee

Neel Chatterjee

NC

# EXHIBIT C



Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com
+1 650 752 3100

May 30, 2017

**VIA E-MAIL**
**VIA FEDEX**

Rhian Morgan
Uber Technologies, Inc.
1455 Market St., #400
San Francisco, CA 94103

**Re**:     **Waymo LLC v. Uber Technologies, Inc. et al., Case No. 3:17-cv-00939**

Dear Rhian:

As you know, on May 11, 2017, the United States District Court Judge issued an order in the lawsuit brought by Waymo LLC ("Waymo") against Uber Technologies, Inc. ("Uber"), Ottomotto LLC, and Otto Trucking LLC ("Otto Trucking", and collectively, "Defendants").  A copy of the public version of that order is attached hereto.

Otto Trucking has been ordered to take a number of steps with respect to your roles at Otto Trucking as Corporate Secretary, and with respect to any files that Waymo claims that Mr. Anthony Levandowski downloaded before leaving his employment at Google.  This order is a serious matter, and we expect you to comply fully.  Failure to comply with the terms of the order could subject you, or Otto Trucking, to penalties including contempt of court.

*__First__*, Otto Trucking has been ordered to "exercise the full extent of [its] corporate, employment, contractual, and other authority" to prevent you and "all other officers, directors, employees, and agents of Otto Trucking from consulting, copying, or otherwise using the downloaded materials," and to "cause them to return the downloaded materials and all copies, excerpts, and summaries thereof to Waymo (or the Court) by May 31, at noon."  *See* Order, at p. 23, ¶ 2.  The order defines "downloaded materials" to mean "any and all materials that Anthony Levandowski downloaded from Waymo and kept upon leaving Waymo's employment, regardless of how long he kept them for and whether or not any such materials qualify as trade secrets or proprietary or confidential information."  *Id.* at ¶ 1.  You should understand the term "downloaded materials" to mean and include any copies, excerpts, and summaries thereof, regardless of whether they are in your possession, the possession of any attorney who has represented you, or any other person to whom you sent or gave the downloaded materials.

Further, you are prohibited from consulting, copying, or otherwise using downloaded materials for any reason or purpose, including, but not limited to, in conjunction with any of your roles at Otto Trucking.

ACTIVE/91232196.2



Rhian Morgan
May 30, 2017
Page 2

*See id.* at 23, ¶¶ 2(a), 3(c).  If you are in possession of any downloaded materials, you are further instructed to return any and all downloaded materials and any copies and excerpts of the same to our outside counsel at Goodwin Procter LLP, if such materials exist.  You are further instructed to identify to counsel where you received any such downloaded materials, and any people to whom you gave or sent the downloaded materials, and any people with whom you discussed the downloaded materials, whether those discussions were oral or written.

**_Second_**, you are prohibited from having any communication with Mr. Levandowski on the subject of Light Detection and Ranging ("LiDAR").  This prohibition includes both written and oral communications, and both general and specific statements relating to LiDAR.  We understand that Mr. Levandowski's roles and responsibilities at Otto Trucking did not and have not pertained to LiDAR.  Mr. Levandowski is not permitted to undertake any role or responsibility pertaining to LiDAR at Otto Trucking in the future until further notice.

**_Third_**, the Court's order requires defendants, including Otto Trucking, to conduct an investigation into the downloaded materials, including the identities of anyone who has seen the downloaded materials, what they have seen, and the circumstances under which they saw them, by no later than June 23, 2017.  To that end, we ask that you make yourself available to assist in this investigation and to provide interviews and consultations to identify information requested by the Court, including by identifying information to outside counsel at Goodwin Procter LLP and to counsel for Uber.  You may also be requested by the Court's Special Master to sit for an interview regarding your compliance with the order and the provisions in this letter.  If the Special Master requests an interview, you are required to make yourself available on 48 hours' notice for an interview with the Special Master.

We appreciate your cooperation in these matters, and hope that you will do everything in your power to help us to comply with the Court's order.  If you have questions regarding compliance with the foregoing, please contact us immediately.

Sincerely,


/s/ Neel Chatterjee

Neel Chatterjee

NC

# EXHIBIT D



Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com
+1 650 752 3100

May 30, 2017

**VIA E-MAIL**
**VIA FEDEX**

Adam Bentley
Uber Technologies, Inc.
1455 Market St., #400
San Francisco, CA 94103

**Re**:   **Waymo LLC v. Uber Technologies, Inc. et al., - Case No. 3:17-cv-00939-JCS**

Dear Adam:

As you know, on May 11, 2017, the United States District Court Judge issued an order in the lawsuit brought by Waymo LLC ("Waymo") against Uber Technologies, Inc. ("Uber"), Ottomotto LLC, and Otto Trucking LLC ("Otto Trucking", and collectively, "Defendants").  A copy of the public version of that order is attached hereto.

Otto Trucking has been ordered to take a number of steps with respect to your roles at Otto Trucking as counsel, and with respect to any files that Waymo claims that Mr. Anthony Levandowski downloaded before leaving his employment at Google.  This order is a serious matter, and we expect you to comply fully.  Failure to comply with the terms of the order could subject you, or Otto Trucking, to penalties including contempt of court.

_**First**_, Otto Trucking has been ordered to "exercise the full extent of [its] corporate, employment, contractual, and other authority" to prevent you and "all other officers, directors, employees, and agents of Otto Trucking from consulting, copying, or otherwise using the downloaded materials," and to "cause them to return the downloaded materials and all copies, excerpts, and summaries thereof to Waymo (or the Court) by May 31, at noon."  _See_ Order, at p. 23, ¶ 2.  The order defines "downloaded materials" to mean "any and all materials that Anthony Levandowski downloaded from Waymo and kept upon leaving Waymo's employment, regardless of how long he kept them for and whether or not any such materials qualify as trade secrets or proprietary or confidential information."  _Id._ at ¶ 1.  You should understand the term "downloaded materials" to mean and include any copies, excerpts, and summaries thereof, regardless of whether they are in your possession, the possession of any attorney who has represented you, or any other person to whom you sent or gave the downloaded materials.

Further, you are prohibited from consulting, copying, or otherwise using downloaded materials for any reason or purpose, including, but not limited to, in conjunction with any of your roles at Otto Trucking.

ACTIVE/91232192.1



Adam Bentley
May 30, 2017
Page 2

*See id.* at 23, ¶¶ 2(a), 3(c).  If you are in possession of any downloaded materials, you are further instructed to return any and all downloaded materials and any copies and excerpts of the same to our outside counsel at Goodwin Procter LLP, if such materials exist.  You are further instructed to identify to counsel where you received any such downloaded materials, and any people to whom you gave or sent the downloaded materials, and any people with whom you discussed the downloaded materials, whether those discussions were oral or written.

**_Second_**, you are prohibited from having any communication with Mr. Levandowski on the subject of Light Detection and Ranging ("LiDAR").  This prohibition includes both written and oral communications, and both general and specific statements relating to LiDAR.  We understand that Mr. Levandowski's roles and responsibilities at Otto Trucking did not and have not pertained to LiDAR.  Mr. Levandowski is not permitted to undertake any role or responsibility pertaining to LiDAR at Otto Trucking in the future until further notice.

**_Third_**, the Court's order requires defendants, including Otto Trucking, to conduct an investigation into the downloaded materials, including the identities of anyone who has seen the downloaded materials, what they have seen, and the circumstances under which they saw them, by no later than June 23, 2017.  To that end, we ask that you make yourself available to assist in this investigation and to provide interviews and consultations to identify information requested by the Court, including by identifying information to outside counsel at Goodwin Procter LLP and to counsel for Uber.  You may also be requested by the Court's Special Master to sit for an interview regarding your compliance with the order and the provisions in this letter.  If the Special Master requests an interview, you are required to make yourself available on 48 hours' notice for an interview with the Special Master.

We appreciate your cooperation in these matters, and hope that you will do everything in your power to help us to comply with the Court's order.  If you have questions regarding compliance with the foregoing, please contact us immediately.

Sincerely,


/s/ Neel Chatterjee

Neel Chatterjee

NC