IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

  v.

UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; and OTTO TRUCKING LLC,

    Defendants.

No. C 17-00939 WHA

**ORDER DENYING MOTION FOR RELIEF FROM JUDGE CORLEY'S NONDISPOSITIVE PRETRIAL ORDER RE WAIVER OF PRIVILEGE**

## INTRODUCTION

The magistrate judge overseeing discovery in this action found that defendants waived their attorney-client privilege over a meeting between their top executives and in-house litigation counsel. Defendants move for relief from that order pursuant to Civil Local Rule 72. The motion is **DENIED**.

## STATEMENT

The background facts are described in Magistrate Judge Jacqueline Corley's August 14 order (Dkt. No. 1172 at 1–5) and need not be repeated here. In brief, on March 29 — after plaintiff Waymo LLC brought this action against defendants Uber Technologies, Inc., Ottomotto LLC (collectively, "Uber"), and Otto Trucking LLC — a meeting to discuss Waymo's allegations took place between Uber's in-house litigation counsel Angela Padilla, then-CEO Travis Kalanick, and then-executive Anthony Levandowski. Uber subsequently disclosed parts of that meeting helpful to its litigation position and, in an effort to avoid the resulting subject-matter waiver, argued that the meeting was never privileged in the first place.

1 In an order dated August 14, per the discovery referral in this action, Judge Corley found
2 that Uber's attorney-client privilege covered the March 29 meeting. Judge Corley further found
3 that Uber had deliberately disclosed the contents of that meeting, thereby waiving its privilege
4 over the subject matter in question (*id.* at 5–10). Pursuant to Civil Local Rule 72, Uber filed a
5 motion for relief from Judge Corley's August 14 order (Dkt. No. 1228). No further briefing is
6 necessary to decide this motion.

**ANALYSIS**

**1. STANDARD OF REVIEW.**

Under FRCP 72, a district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Ibid.* (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

**2. UBER'S MOTION FOR RELIEF.**

*First*, Uber complains that Judge Corley erred by analyzing the purpose of the meeting rather than the specific communications in question (Dkt. No. 1228 at 1–3). Here, that is a distinction without a difference. Judge Corley's comprehensive and thorough findings of fact, including findings concerning the purpose of Attorney Padilla's presence in the meeting, apply with equal force to both. Uber's argument is really about its disagreement with Judge Corley's factual findings concerning the purpose of the communications in question, but those findings are strongly supported by the record and are not clearly erroneous.

*Second*, Uber contends the mere fact that Attorney Padilla "learned facts that would allow her to later provide legal advice to Uber . . . does not make Mr. Levandowski's statements privileged," and that Levandowski's aforementioned statements did not concern matters within the scope of his corporate duties because they concerned his actions prior to joining Uber (*id.* at 3). This argument disingenuously describes Levandowski as a mere "witness" and ignores Judge Corley's extensive findings about Levandowski's role in the March 29 meeting as a high-level corporate executive and at the direction of Uber's then-CEO (*see* Dkt. No. 1172 at 6–8).

*Third*, Uber asserts that Attorney Padilla's statement that Levandowski should testify "(a) was not legal advice to Uber and (b) was not intended to remain confidential" (Dkt. No. 1228 at 3–5). Again, Uber's arguments amount to mere disagreement with Judge Corley's well-supported findings of fact (*see* Dkt. No. 1172 at 6–8). Such disagreement falls well short of showing clear error under FRCP 72.

Since Judge Corley did not err in finding that Uber's attorney-client privilege covered the March 29 meeting in the first instance, she also did not err in finding that Uber had deliberately waived its privilege (*see id.* at 9–10; Dkt. No. 1228 at 5). Uber has indulged in the slick practice of including its lawyers in meetings and communications and deciding after the fact if a lawyer was actually included for the purpose of providing legal advice, all in accordance with what happens to be convenient for Uber's case. Where, as here, the contents of a meeting prove advantageous for Uber to reveal, it readily claims that the lawyer did not attend the meeting in their capacity as a lawyer. But where the contents of a meeting would hurt Uber's litigation position, Uber is quick to conceal the facts under claims of privilege. Judge Corley correctly refused to indulge this pattern of convenience.

In her August 14 order, Judge Corley recommended "that the district court address whether Uber is precluded from making the waiver and thus offering evidence from Mr. Kalanick or Ms. Padilla as to Mr. Levandowski's communications in light of the district court's deadline for identifying waivers of the attorney-client privilege" (Dkt. No. 1172 at 11). That deadline passed on June 1 (*see* Dkt. No. 438), well before Uber's selective waiver. It is far too late for Uber to reap the benefits of that waiver, so it will be precluded from introducing evidence of the March 29 meeting at trial. Waymo, however, remains entitled to look into the subject matter over which Uber has waived privilege, so the scope of the waiver must still be determined. If, at trial, Waymo ultimately introduces evidence on the waived subject matter, then Uber may in fairness be allowed to respond with its own evidence on the same.

This order expresses no opinion on the related hearsay problem, which both sides are aware of but have not yet teed up before the Court. When the dust settles on that forthcoming dispute, the foregoing issue of preclusion against Uber's tardy waiver may be for naught.

3

**CONCLUSION**

For the foregoing reasons, defendants' motion for relief from Judge Corley's August 14 order is **DENIED**. All stated objections thereto are **OVERRULED**.

**IT IS SO ORDERED.**

Dated: August 18, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE