UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>  Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>  Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**ORDER REGARDING DEFENDANTS' NON-PARTY SUBPOENA**<br><br>Re: Dkt. No. 1240-8 |

Waymo has sued Uber for trade secret misappropriation. Fact discovery closes on August 24, 2017. On July 31, 2017 Defendants served non-parties Aurora Innovation, Inc., Christopher Urmson, Nuro, Inc. and David Ferguson with Rule 45 subpoenas. All four non-parties move to quash or for a protective order. Mr. Urmson and Mr. Ferguson previously worked at Waymo and then left to form their own companies. They have agreed to testify regarding their time at Waymo and what they know about Mr. Levandowski, as well as provide testimony as to why they left Waymo. They have refused to provide testimony however, regarding: (1) their recruiting of former Waymo employees, (2) Aurora and Nuro's compensation plans and the valuation of their companies, and (3) the companies' development of LiDAR technology, if any.

**DISCUSSION**

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. The scope of discovery under Rule 45 is the same as under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a). A non-party subject to a subpoena may file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3).

Generally, the party moving to quash under Rule 45(d)(3) bears the burden of persuasion, but "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and

material to the allegations and claims at issue in the proceedings." *Optimize Tech. Solutions, LLC v. Staples*, Inc., No. 14-MC-80095, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014) (internal quotation marks and citation omitted); *see also Am. Broad. Companies, Inc. v. Aereo, Inc*., No. CV-12-80300-RMW, 2013 WL 1508894, at *4 (N.D. Cal. Apr. 10, 2013) ("The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed.")

A court may quash a subpoena that requires the disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). "Once the nonparty shows that the requested information is a trade secret or confidential commercial information, the burden shifts to the requesting party to show a substantial need for the testimony or material that cannot be otherwise met without undue hardship." *Gonzalez v. Google*, 234 F.R.D. 674, 684 (N. D. Cal. 2006) (internal citations and quotation marks omitted). Moreover, the information requested from a non-party "should be narrowly drawn to meet specific needs for information." *Convolve, Inc. v. Dell, Inc*., No. C 10–80071 WHA, 2011 U.S. Dist. LEXIS 53641, at *7 (N. D. Cal. May 9, 2011) (internal citations and quotation marks omitted).

### 1. LiDAR Technology, if Any

Uber contends it needs to know about Urmson's and Nuro's development of LiDAR technology, if any, because it may evidence that Uber's asserted trade secrets are not so secret. Uber's attempt to subpoena a non-party competitor's technical trade secrets so it can compare that technology to Waymo's asserted trade secrets is unprecedented. It does not cite a single trade secret case that has allowed such discovery, and for good reason. To permit such discovery would mean in every trade secret case every industry participant's trade secrets would be subject to compelled disclosure so a defendant could fish around to determine whether the competitor's trade secrets are similar to the plaintiff's and therefore the plaintiff's trade secrets somehow not secret. Even more, a competitor could file a trade secret case against one defendant as a means to subpoena the trade secrets of all of its other competitors; after all, if a non-party's trade secrets are relevant to show that technology is not secret it is also relevant to show that it is. While the information could be produced subject to an attorneys-eyes-only protective order, such orders do

not guarantee that the information will not be disclosed. Thus, there is no rule that a competitor has to reveal its trade secrets merely because they are produced subject to a protective order.

In support of its unprecedented request Uber represents that the district court "specifically explained that it is necessary for the Uber Defendants to subpoena other companies for information about the technology at issue in this case," and that the district court "recognized the substantial need for information from other companies, like Aurora and Nuro." (Dkt. No. 1264 at 2.) Here is what the district court actually said:

> On the other side, what you should be looking at and – but you don't need – you don't need discovery, really, is to show that these alleged trade secrets are in the public domain. And – And you, know, get out there and show that some of these things –all of these things that are alleged trade secrets are not –are –you know, any good engineer would know them anyway, so that is where I think you should be headed.
>
> You don't need much discovery from the other side to do that, though you –some would help you. That's going to be out there in the literature and the –maybe you need to go do some discovery from other car companies, driverless car companies in order to see how they do it so, see if they already have discovered the same trade – alleged trade secret.

(Dkt. No. 625 at 49-50.) The district court's rumination that Uber's efforts should focus on discovering what is publicly known and that Uber "maybe" will need discovery from other companies is not even close to a ruling that Uber has shown a substantial need for compelling the non-parties' trade secrets. It has not. It does not offer any evidence that suggests these non-parties actually have evidence relevant to any particular trade secret; indeed, Uber does not even know if these non-parties developed LiDAR. That their founders came from Google is insufficient to show Uber's compelling need. The motion to quash this portion of the subpoenas is GRANTED.

### 2. Employee Compensation and Value

Uber has also failed to show a substantial need for its competitor's compensation information and the valuation of their companies. Uber does not explain how it can justify the price it paid for Ottomotto by referring to information of which it was not aware. Uber knows how it decided to pay the price it did for "talent" and Uber can offer that evidence. And, if its

decision was based on what it knew "talent" was being paid by others, it can offer that evidence as well. The result is the same for the valuations of these new companies. If Uber believed startup companies receive high valuations because of their talent then Uber can offer as evidence the information upon which its belief was based. The motion to quash this portion of the subpoena is GRANTED.

### 3. Recruitment of Former Waymo Employees and Why They Departed Waymo

Uber wants to ask non-parties about the reasons former Waymo employees left Waymo and joined the non-parties. The information is of limited relevance, but is also not a trade secret. To the extent Urmson and Ferguson have personal knowledge of what someone said about why they left Waymo they shall so testify. Non-parties have also not shown how disclosing the number of former Waymo employees who work for them is a trade secret. Uber does not appear to be seeking "confidential recruiting strategies." And it is not overly burdensome given that they will be sitting for their depositions on other topics in any event.

## CONCLUSION

For the reasons stated above, the Court GRANTS in part and DENIES in part the non-parties' motion to quash the Rule 45 subpoena.

Non-parties' motion to seal is DENIED. The declaration of Walter Pfeffer does not offer any explanation as to why he decided that certain material should be sealed and therefore violates the Civil Local Rule 79-5(b), (d)(1)(A). There is no point in having attorneys submit declarations in support of sealing if the Court is required to order a document sealed merely because an attorney says he thinks it should be. More is required.

Any objections shall be filed with the district court on or before noon on August 21, 2017. This Order is not stayed. This Order disposes of Dkt. No. 1240.

**IT IS SO ORDERED.**

Dated: August 18, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge