# EXHIBIT 7

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

| | |
|---|---|
| **From:** | Jeff Nardinelli <jeffnardinelli@quinnemanuel.com> |
| **Sent:** | Thursday, August 17, 2017 10:36 AM |
| **To:** | Andrea P Roberts; John Cooper; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo |
| **Cc:** | QE-Waymo |
| **Subject:** | RE: Waymo: 30(b)(6) Responses |

All,

Further to the below:

**8. All valuations of Project Chauffeur or Waymo, including the circumstances for such valuation, how the valuation was arrived at, and the proportion attributable to LiDAR technologies.**

Jennifer Haroon is the person most knowledgeable at Waymo on this subject. Defendants' 30(b)(6) notice was served after Ms. Haroon was deposed. As you know, both sides have made it clear that they would not be making witnesses available for a second deposition simply because a party chose to serve its 30(b)(6) notice after the relevant witness was deposed. Waymo will, however, agree to designate Ms. Haroon's testimony regarding valuations of Project Chauffeur as 30(b)(6) testimony. We will get back to you with page and line numbers.

Defendants are taking the depositions of other witnesses knowledgeable about various aspects of this subject. For example, Defendants are taking the deposition of Anil Patel on the basis that he has knowledge about Google's role in certain valuations of Project Chauffeur. Anil Patel is not a 30(b)(6) witness for Waymo, as Mr. Patel has never worked for Waymo. Nonetheless, Defendants are obviously free to ask Mr. Patel about his personal knowledge regarding valuations of Project Chauffeur.

Thanks,
Jeff

**From:** Andrea P Roberts
**Sent:** Friday, August 11, 2017 5:01 PM
**To:** John Cooper <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Waymo: 30(b)(6) Responses


Counsel and John, below is Waymo's response/objections to Defendants' 30(b)(6) topics. We will address separately Mr. Llewyllen's email regarding Mr. Dolgov's 30(b)(6) testimony, as well as Uber Topic 8. Additionally, for the topics on which Mr. Droz was designated to testify, Waymo designates Ben Ingram to testify as to Trade Secret No. 25.

Uber/Ottomotto

Unless otherwise indicated all references to "Waymo" include Waymo LLC and Project Chauffeur since its inception.  Additionally "Alleged Waymo Trade Secrets" shall refer to the trade secrets identified in Waymo's August 1 disclosure.

**4.     Compensation paid to Sebastian Thrun, each of the "Project Founders" (Waymo-Uber-00026164), and any other employees through the Project Chauffeur Bonus Program, including how Waymo arrived at the valuation of Project Chauffeur for the purpose of awarding that compensation, how Waymo decided what percentage amount each employee would receive, and the dates that compensation was awarded and paid.**

Waymo incorporates its previously asserted objections.  Waymo designates Michael Xing to testify regarding the amounts each participant in the Project Chauffeur Bonus Program received, and the dates it was awarded and paid, through the date of Anthony Levandowski's second bonus payment.

**5.     Approval for having Project Chauffeur or Waymo employees perform work for [REDACTED] [REDACTED], including who was approved to work for them, what work they were approved to perform, who approved that work, and the circumstances of such approval.**

Waymo objects to Topic 5 on the ground that "approval for having Project Chauffeur or Waymo employees perform work…," "what work they were approved to perform" and "the circumstances of such approval" is vague and ambiguous, and the Topic is vague as to time, and does not describe the testimony sought with "reasonable particularity" as required by Judge Alsup's Standing Order as it relates to 30(b)(6) topics.  Waymo also objects to Topic 5 as irrelevant.  We will meet and confer with Uber regarding the specific information Uber seeks.

**7.     Waymo's use of indemnification provisions in its acquisition or employment contracts, including any policy pertaining to the use of such provisions and any contracts in the past ten years that have included such provisions.**

Waymo objects to Topic 7 on the ground that "Waymo's use of indemnification provisions" is vague and ambiguous and does not describe the testimony sought with "reasonable particularity" as required by Judge Alsup's Standing Order as it relates to 30(b)(6) topics.  It is also overbroad to the extent it asks for information regarding provisions in any acquisition or employment contracts over a ten-year period.  It further seeks irrelevant information.

Otto Trucking

Unless otherwise indicated all references to "Waymo" include Waymo LLC and Project Chauffeur since its inception.

**6.     The value of any purported trade secret You contend was misappropriated.**

Waymo objects to Topic 6 to the extent it calls for expert testimony.  Waymo further objects to Topic 6 on the ground that "value" is vague and ambiguous.  We will meet and confer with Otto Trucking regarding the information it seeks regarding this topic.

**7.     Your communications with Anthony Levandowski regarding any acquisition of or investment in any of his side projects or businesses, including any autonomous trucking related business.**

Waymo objects to Topic 7 as vague as to time.  Waymo further objects to the term "side projects or businesses" as vague.  Waymo further objects to this Topic as not seeking information that is relevant to the parties' claims

2

or defenses.  We will meet and confer with Otto Trucking regarding the information it seeks in response to this topic.

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.