United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**ORDER GRANTING IN PART UBER'S MOTION TO COMPEL INTERROGATORY AND DOCUMENT RESPONSES**<br><br>Re: Dkt. No. 1215 |

As this trade secret case has progressed, it has become apparent that Waymo intends to ask the jury to draw negative inferences against Uber based on how Uber conducted the acquisition of Ottomotto. In light of that strategy, how Waymo conducts its own acquisitions is relevant to the claims and defenses in this action. If Waymo has engaged in the same conduct as it accuses Uber of engaging, such facts could persuade a jury to not draw the negative inferences sought by Waymo. Accordingly, certain discovery resisted by Waymo is appropriate as is set forth below. Other of Uber's requests are directed at discovering evidence Waymo may offer in support of its case. It should go without saying that any evidence that Waymo does not produce in response to Defendants' discovery requests may not be offered at trial.

**1. Rule 30(b)(6) on Indemnification**

Waymo shall produce a 30(b)(6) witness to discuss its indemnification practices. Such witness shall not be limited to Alphabet's driverless car program. For example if Google had agreed to indemnify an entity or person regardless of whether Google acquired or hired the entity or person (as did Uber here) then the witness should be able to so testify. This evidence is relevant because Waymo has refused to disclaim an intent to highlight Uber's indemnification responsibilities to Ottomotto and Mr. Levandowski in support of its claims.

### 2. Waymo Efforts To Protect Confidentiality

Interrogatory No. 19: Waymo answered this Interrogatory generally as opposed to actual transactions from 2007 to the present as requested by the Interrogatory. The Interrogatory is relevant to Waymo's efforts to keep its self-described proprietary information secret. Waymo shall answer this Interrogatory with specific reference to its acquisition of DeepMind, Waze, SCHAFT, Redwood Robotics, Apportable, JustSpotted and Path.

RFP No. 173: Similarly, Waymo shall produce responsive documents to this request in connection with the above transactions.

RFP 171: Uber's motion to compel a response to Document Request No. 171 is denied. Waymo's legal efforts against others for trade secret misappropriation is relevant to Uber's defense only if Waymo had knowledge of misappropriation but failed to take action. Uber, however, does not identify any such instance. Of course, such documents would be discoverable if Waymo intended to rely upon any evidence that it has pursued others for trade secret misappropriation to bolster its claim that it enforces its trade secrets. Its resistance to this discovery means it is not offering any such evidence and now is barred from doing so.

### 3. M & A Transactions and Due Diligence

Interrogatory No: 18: Waymo shall answer this Interrogatory in connection with the transactions identified above with regard to Interrogatory No. 19.

RFP 170, 172: Waymo shall produce documents in connection with the transactions identified above with regard to Interrogatory No. 19.

### 4. Efforts to Prevent Misappropriation

Interrogatory No. 20: Waymo shall respond to this Interrogatory which seeks relevant information. The response may be limited to Google's driverless car program, except that Waymo shall disclose if Alphabet/Google in any division ever performed forensic due diligence.

Interrogatory No. 24: Waymo shall respond to this Interrogatory which is directly related to refuting Waymo's theory of liability.

RFP No. 174: Waymo has produced documents in response to this Request and is bound by those documents. It may not offer any evidence of any efforts it takes to prevent others' trade

secret information from making its way to Google other than what it has produced in response to this document request. Accordingly, the request to compel further documents is denied.

RFP No. 175: Waymo shall respond to this Request throughout Google. The Request seeks evidence directly related to Waymo's circumstantial theory of liability.

### 5. Uber's Alleged Use of the 14,000 Files

Waymo has provided a few facts in response to Uber's Interrogatory No. 25 which asks for every fact that shows Uber used any of the files Anthony Levandowski downloaded. Waymo declines to provide further facts. Accordingly, Waymo is bound by its response. For example, despite Waymo's numerous on-premises inspections of Uber and its servers, it does not identify any Uber technology that reflects that Uber used the files Mr. Levandowski allegedly took. If Waymo does intend to offer such facts they need to be in its Interrogatory response.

### 6. Conflicts With Mr. Levandowski (RFP No. 166)

If Waymo has not already done so, it shall search the emails of the four individuals who have or will testify on this topic for emails and any attachments responsive to Request No. 166. The documents shall be produced prior to the deposition; if produced afterwards Waymo must make the deponent available for further deposition at Waymo's cost.

### 7. Bonus Term Custodian Search

Waymo complied with the Court's Order. No further search is required.

Any objections to this Order shall be filed with the district court by 5:00 p.m. on Monday, August 21, 2017. This Order is not stayed.

This Order disposes of Docket No. 1215.

**IT IS SO ORDERED.**

Dated: August 19, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge