QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>        Plaintiff,<br><br>        vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>        Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 1276)**<br><br>Judge: The Honorable William Alsup<br><br>Trial Date: October 10, 2017 |

Pursuant to Civil L.R. 72-2, Plaintiff Waymo LLC ("Waymo") respectfully submits this Motion for Relief from the Magistrate Judge's Order Granting in Part Uber's Motion to Compel Interrogatory and Document Responses (Dkt. 1276). Waymo objects to the Court's Order regarding Interrogatory No. 25 and RFP 166.

## I. THE MAGISTRATE ERRED IN RULING THAT WAYMO HAS NOT DISCLOSED EVIDENCE OF USE OF THE 14,000 FILES.

Interrogatory No. 25—the Interrogatory at issue in Uber's Motion—asks Waymo to: "Identify every fact that you have obtained or learned during discovery in this case that you contend shows use by Uber of any of the 14,000 files that you claim were improperly downloaded by Anthony Levandowski." (Dkt. 1214-8, at 5 (emph. added))  This interrogatory overlaps with Interrogatory No. 1, which asks Waymo to: "Identify each alleged Waymo trade secret from 'Plaintiff's List of Asserted Trade Secrets Pursuant to Cal. Code Civ. Proc. Section 2019.210' served on March 10, 2017, that You contend is used by Uber, and identify all facts and Documents (by Bates number) that you believe support Your contention."   (Dkt. 1174-5, at 5 (emph. added))  As noted in Waymo's Opposition, Waymo's Response to Interrogatory No. 1 "detailed all facts and documents showing use by Uber of Waymo's trade secrets, including by explaining the way that those trade secrets are found within the stolen files." (Dkt. 1237-4, at 3.)

Accordingly, Waymo's substantive response to Interrogatory No. 25 begins by stating: "Waymo incorporates by reference its response to Uber's Interrogatory No. 1." (Dkt. 1237-4, at 3.)  It made sense to incorporate Interrogatory No. 1 into the response to Interrogatory No. 25 because Waymo has supplemented its response to Interrogatory No. 1 periodically throughout discovery to add evidence of Uber's use of Waymo's trade secrets based on facts learned through discovery.  Indeed, Waymo's most recent supplementation of its response to Interrogatory No. 1 is eight pages long, citing documents produced in discovery and deposition testimony. (Dkt. 1174-5.)  Uber has not taken the position that Waymo's Response to Interrogatory No. 1, and supplementations thereof, are deficient.  Nor did Uber argue that Waymo's response to Interrogatory No. 25 is deficient because the response to Interrogatory No. 1 is deficient.  Nor did Uber argue there was anything improper about Waymo's citation to its Response to Interrogatory

No. 1 in response to Interrogatory No. 25.  This makes sense as supplementing both of these interrogatory responses on the subject of "use" every time would have simply been unnecessary busy work.

The Magistrate found that Waymo is "bound" by its response to Interrogatory No. 25. This should include Interrogatory No. 25's incorporation of Interrogatory No. 1 described above. However, in its Order, the Court commented that Waymo "does not identify any Uber technology that reflects that Uber used the files Mr. Levandowski allegedly took." (Dkt. 1276, at 3.)  This is incorrect.  Waymo has significant evidence of Defendants' use of Waymo's asserted trade secrets, which it disclosed to Uber and Ottomotto in response to their Interrogatory No. 1 and appropriately incorporated into Interrogatory No. 25.  It is not clear from the Magistrate's Order whether the Court intended for Waymo to be "bound" by its response to Interrogatory No. 25, but also somehow precluded from introducing the ample evidence disclosed in response to Interrogatory No. 1 that is incorporated into Interrogatory No 25.  To the extent that was the Court's intention, that ruling is erroneous and should be overruled.  Additionally, for the avoidance of doubt and in compliance with the Magistrate's Order, Waymo will supplement its response to Interrogatory No. 25 to include the full text of its response to Interrogatory No. 1.

## II.     THE MAGISTRATE DID NOT CLEARLY STATE THE SCOPE OF DISCOVERY PERMITTED IN RESPONSE TO RFP 166.

Waymo further seeks relief from the Magistrate's Order as it relates to RFP 166, because the Order is unclear regarding the scope of discovery ordered.  RFP 166 seeks documents relating to "complaints, arguments, disputes, conflicts, and evaluations (both positive and negative) related to Anthony Levandowski during his employment at Waymo." (Dkt. 1214-3 at 5.)  The Court's Order requires Waymo to "search the emails of the four individuals who have or will testify on this topic for emails and any attachments responsive to Request No. 166," "[i]f Waymo has not already done so." (Dkt. 1276, at 3.)  The Order further states that "[t]he documents shall be produced prior to the deposition; if produced afterwards Waymo must make the deponent available for further deposition at Waymo's cost." (*Id.*)  The Order is not clear as to whether this means that Waymo will have to make four witnesses available for full-day depositions again if any

1  new documents are produced.  Waymo respectfully requests clarification that it will only be
2  required to make available for deposition the custodian(s) of any newly-produced documents, and
3  only upon a showing of good cause, such as a document production that reveals a conflict or issue
4  that had not previously been revealed through Waymo's document production.  Further, Waymo
5  requests clarification that any additional deposition will be limited to the subject-matter of newly-
6  produced documents.

7  As Waymo explained in its Opposition, it already searched the emails of two of the
8  custodians at issue, Chelsea Bailey and Stacy Sullivan, and produced any responsive documents
9  that were located.  Both of these witnesses were already deposed.  Since their emails were
10 searched prior to the Order, the Order does not require Waymo to search them again.  Thus,
11 Waymo should not be required to make them available for a second deposition based on newly
12 produced documents from other custodians.  The other two custodians are Joanne Chin and Jolie
13 Sorge.  Both have also already been deposed.  Waymo will search their emails in accordance with
14 the Order, but again requests confirmation that Uber is not entitled to a second full-day deposition
15 of either unless documents bringing new issues to light are located in their custodial files.

16 **III.  THE MAGISTRATE JUDGE ERRED IN ORDERING DISCOVERY FOR INTERROGATORY NOS. 18 AND 19; AND REQUEST FOR PRODUCTION NOS. 170, 172, AND 173**

18 The Court made clear that any evidence Waymo does not produce may not be offered at
19 trial. (Dkt. 1276, 1.)  Because Waymo does not intend to offer evidence of the seven transactions
20 identified by Uber's motion, which bear no relation structurally or in subject-matter to the Uber-
21 Otto merger at issue in this case, and because those transactions are otherwise irrelevant, the Court
22 was wrong to order their production.

23 The Court ruled that because Waymo challenges the nature of Uber's acquisition of
24 Ottomotto, "how Waymo conducts its own acquisitions is relevant to the claims and defenses in
25 this action." (Dkt. 1276, 1.)  But it is inappropriate to require production of a random set of
26 sensitive deals that have no relationship to this case simply because Waymo has argued, and as the
27 Court itself has observed, the Otto acquisition was unusual.  Indeed, there is no evidence presented
28 at all to support any reason to believe that these transactions have any relevance to or have any of

the unusual provisions or aspects of Otto acquisition. Uber has made *no* attempt to show that there are any aspects of those deals that parallel the aspects of its acquisition of Otto, such as forensic due diligence or indemnity for confessed acts of trade secret misappropriation or other malfeasance. Rather, Uber merely engages in a fishing expedition into highly confidential, sensitive information.

Concerning RFP 171, the Court denied Uber's request for discovery into Waymo's legal actions against others for trade secret misappropriation on two grounds, both of which apply equally to the transactions at issue. First, the Court ruled that Uber failed to identify any instance in which Waymo had knowledge of misappropriation but failed to take action. Similarly here, Uber has not identified any transactions that parallel Uber's purchase of Otto. Second, the Court ruled that such documents are not discoverable so long as Waymo does not intend to rely on its efforts to pursue trade secret claims against other former employees. Similarly here, although Waymo intends to argue that Uber's purchase was unusual (just as Waymo intends to argue that it reasonably protects its trade secrets), Waymo has no intention of relying on Waymo's own acquisitions to argue that Uber's deal was unusual.

Rog 19 and RFP 173 are even further irrelevant. Waymo does not challenge Uber's actions to keep its deal confidential, and so Waymo's own efforts to keep its transactions confidential are not useful as a comparator, or relevant in any way. Further, Waymo's efforts to keep transactions confidential are unrelated to Waymo's efforts to keep its trade-secret development away from outside prying eyes. Different standards, procedures, and personnel are involved in the M&A team and the technical team, and the M&A team's efforts do not inform whether Waymo takes reasonable measures to protect its trade secrets.

For these reasons, this Court should grant Waymo's Motion for Relief from the Magistrate Judge's Order Granting in Part Uber's Motion to Compel Interrogatory and Document Responses. (Dkt. 1276.)

1   DATED:  August 21, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP

2                                          By */s/ Charles K. Verhoeven*
3                                             Charles K. Verhoeven
                                              Attorneys for WAYMO LLC