QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>       vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>              Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OPPOSITION TO UBER'S MOTION TO COMPEL 30(B)(6) TOPICS** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal information in its August 21, 2017 Opposition to Uber's Motion to Compel 30(b)(6) Topcis ("Waymo's Motion). Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
| --- | --- | --- |
| Portions of Waymo's Motion | Highlighted in green | Waymo |
| Exhibit 3 to Waymo's Motion | Highlighted in red | Waymo |

## I.   LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

## II.   THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the information identified by Waymo in the table above. Waymo seeks to file this information under seal because it discloses Waymo's confidential business information, including internal valuations, identity of vendors, and internal discussions regarding mergers and acquisitions. *See* Corredor Dec. ¶ 3. Confidential business information that, if released, may "harm a litigant's competitive standing" merits sealing. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978). Waymo seeks to seal confidential business information squarely within this category. Corredor Dec. ¶ 3. Waymo also seeks to seal confidential business information regarding Kitty Hawk, that if released, would cause harm to Kitty Hawk's business. *Id.* Waymo has narrowly tailored its requests to only information meriting sealing. *Id.* Thus, the Court should grant Waymo's administrative motion to seal.

## III. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion. For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's Administrative Motion.

DATED: August 21, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Charles Verhoeven
Charles Verhoeven
Attorneys for WAYMO LLC