QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF FELIPE CORREDOR IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO THEIR MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS AND INTERROGATORIES, ENFORCE THE COURT ORDER'S ON SEACH TERMS, AND COMPEL 30(b)(6) TESTIMONY** |

I, Felipe Corredor, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Defendants Uber Technologies, Inc. and Ottomotto, LLC's Administrative Motion to File Under Seal Exhibits to Their Motion to Compel Responses to Document Requests and Interrogatories, Enforce the Court Order's on Search Terms, and Compel 30(b)(6) Testimony (the "Administrative Motion"). The Administrative Motion seeks an order sealing the highlighted portions of Uber's Letter Brief to Compel Responses to Document Requests and Interrogatories, Enforce Court Order on Search Terms, and Compel Production of 30(b)(6) Witness ("Uber's Motion") and of Exhibit 8 to the Pritt Declaration ISO Letter Brief to Compel Production of Documents ("Exhibit 8"), as well as the entirety of Exhibits 1-7 and 10 to the Pritt Declaration ("Exhibits 1-7 and 10").

3. The portions of Uber's Motion marked in red boxes and the green highlighted portions of Exhibits 1-8 and 10 contain or refer to trade secret information, confidential business information, and/or other confidential information, which Waymo seeks to seal.

4. Uber's Motion (portions marked in red boxes in version filed herewith) and Exhibits 1, 3-4, 6-7, and 10 (green highlighted portions in version filed herewith) contain, reference, and/or describe Waymo's highly confidential and sensitive business information. The information Waymo seeks to seal regards the Waymo's confidential business strategy, including its strategy in connection with acquisitions and future business plans, as well as confidential details regarding Waymo's bonus program. I understand that this confidential business information is maintained by Waymo as secret. The public disclosure of this information would give Waymo's competitors access to in-depth insight into—and analysis of—Waymo's business strategy for its autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed. Uber's Motion (portions marked in red boxes in version filed herewith) and Exhibits 6 and 10 (green highlighted portions in version filed herewith) additionally contain,

reference, and/or describe confidential details regarding the results of Waymo's efforts in searching for documents in this litigation, including custodian-related information.  I understand that this confidential business information is maintained by Waymo as secret.  The public disclosure of this information would give Waymo's competitors access to sensitive information that could be used to Waymo's disadvantage.  If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.  Exhibit 6 (green highlighted portions in version filed herewith) further contains, references, and/or describes Waymo's asserted trade secrets.  The information Waymo seeks to seal includes the confidential design and functionality of Waymo's proprietary autonomous vehicle system, including its LiDAR designs, which Waymo maintains as secret.  I understand that these trade secrets are maintained as secret by Waymo (Dkt. 25-47) and that the trade secrets are valuable to Waymo's business (Dkt. 25-31).  The public disclosure of this information would give Waymo's competitors access to descriptions of the functionality or features of Waymo's autonomous vehicle system.  If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

5. Exhibit 2 (green highlighted portions in red boxes in version filed herewith) contains, references, and/or describes Waymo's asserted trade secrets.  The information Waymo seeks to seal includes the confidential design and functionality of Waymo's proprietary autonomous vehicle system, including its LiDAR designs, which Waymo maintains as secret.  I understand that these trade secrets are maintained as secret by Waymo (Dkt. 25-47) and that the trade secrets are valuable to Waymo's business (Dkt. 25-31).  The public disclosure of this information would give Waymo's competitors access to descriptions of the functionality or features of Waymo's autonomous vehicle system.  If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

6. Exhibit 5 (green highlighted portion in version filed herewith) contains a home address for a Waymo employee involved in this litigation.  Due to the high public profile of this litigation, public disclosure of this information would cause harm to Waymo and that employee by making his home address public.

7. Exhibit 8 (green highlighted portions) contains, references, and/or describes confidential details regarding the results of Waymo's efforts in searching for documents in this litigation, including custodian-related information. I understand that this confidential business information is maintained by Waymo as secret. The public disclosure of this information would give Waymo's competitors access to sensitive information that could be used to Waymo's disadvantage. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

8. Waymo's request to seal is narrowly tailored to those portions of Uber's Motion and of Exhibits 1-8 and 10 that merit sealing.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on August 21, 2017.

By */s/ Felipe Corredor*
Felipe Corredor
Attorneys for WAYMO LLC

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Felipe Corredor.

By: */s/ Charles K. Verhoeven*
Charles K. Verhoeven