# EXHIBIT 1
# ENTIRE EXHIBIT SUBMITTED UNDER SEAL

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | Case No. 17-cv-00939-JCS<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO UBER'S FIFTH SET OF INTERROGATORIES (NOS. 18-24)** |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Waymo LLC ("Waymo") hereby objects and responds to Defendant Uber Technologies, Inc.'s ("Uber") Fifth Set of Interrogatories (Nos. 18-24).  These objections and responses are made based on its current understanding and on information reasonably available to Waymo at the present time.  Waymo reserves the right to supplement these responses if and when additional information becomes available.

**GENERAL OBJECTIONS**

Waymo makes the following General Objections, whether or not separately set forth in response, to each and every instruction, definition, and question posed in the interrogatories.  By responding to any of the interrogatories or failing to specifically refer to or specify any particular General Objection in response to a particular interrogatory, Waymo does not waive any of these General Objections, or admit or concede the appropriateness of any purported interrogatory or any assumptions contained therein.

1.  Waymo objects to each interrogatory, and to the Definitions and Instructions, to the extent that they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup.

2.  Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

3. Waymo objects to each interrogatory to the extent that they seek information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

4. Waymo objects to each interrogatory to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this action and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5. Waymo objects to each interrogatory to the extent that they are compound, complex, and contain multiple subparts.

6. Waymo objects to each interrogatory to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

7. Waymo objects to each interrogatory to the extent that they seek information that does not already exist, or that is not in Waymo's possession, custody, or control.

8. Waymo objects to each interrogatory to the extent that they require Waymo to provide information beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents and from a reasonable inquiry of its present employees.

9. Waymo objects to each interrogatory to the extent that they seek confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, or trade secrets. Subject to its other General Objections, and to any specific objections set forth below, Waymo will only provide relevant information in a manner consistent with the Protective Order entered by the Court in this matter.

10. Waymo objects to each interrogatory to the extent that they seek information that Waymo is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

11. Waymo objects to each interrogatory to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

12. Waymo objects to each and every interrogatory to the extent that they call for a legal conclusion.

13. Waymo objects to each and every interrogatory to the extent that they call for responses that are the subject of expert testimony. Waymo will provide its expert reports pursuant to deadlines to be set by the Court for the exchange of such reports and will supplement or amend those reports as appropriate and as permitted by the Court.

14. Waymo objects to each and every interrogatory to the extent that they call for information that is publicly available and therefore as accessible to Defendants as to Waymo.

15. Waymo objects to these interrogatories to the extent that they are premature. Discovery is ongoing and Waymo has not yet completed its investigation of the matters at issue in this action. Waymo reserves the right to modify, supplement, change or amend its responses once Waymo has conducted the necessary discovery and investigation.

16. Waymo objects to Instruction No. 5 as overbroad, unduly burdensome, vague, and ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in this judicial district."

17. Waymo responds to each and every interrogatory based on its knowledge, information and belief based on its investigation as of the date of the response; however, Waymo's investigation into the issues of this action remains ongoing. Waymo reserves the right to supplement or amend its responses without prejudice pursuant to Rule 26(e).

18. Waymo's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the interrogatories, whether implicit or explicit, is correct.

19. Waymo incorporates by reference its General Objections in each of the specific responses set forth below.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**SPECIFIC OBJECTIONS AND RESPONSES**

Waymo expressly incorporates the above objections as though set forth fully in response to each of the following individual interrogatories, and, to the extent that they are not raised in the particular response, Waymo does not waive those objections.

**INTERROGATORY NO. 18:**

Describe the steps, including due diligence, You have taken in deciding whether or not to acquire, partner with, enter a joint venture with, merge with, or invest in any company or entity. To the extent You have retained or hired outside counsel, consultants, or other vendors (including forensic analysis firms) to participate in any such steps, You should describe the roles and purpose of such participation of such counsel, consultants, or other vendors in all such steps.

**RESPONSE TO INTERROGATORY NO. 18:**

Waymo objects to this interrogatory on the grounds that it is vague and ambiguous, including with respect to the phrases "partner with" and "describe the roles and purpose." Waymo further objects to this interrogatory to the extent it is compound, complex, and contains multiple subparts. Waymo further objects to this interrogatory to the extent that it is unduly burdensome, oppressive, overly broad, and not proportional to the needs of the case to the extent it seeks information about transactions outside of Waymo/Google's Project Chauffeur and information unrelated to the facts of this case. Waymo further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Subject to and without waiving the foregoing objections, Waymo responds as follows:

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1. ████████████████████████████████████████
2. ██████████
3. ████████████████████████████████████
4. 
5. ████████████████████████████████ ████
6. ████████████████████████████████████████
7. ████████████████████████████████████████
8. ██████████ ████████████████████████████
9. ████ ████ ████ ████ ████ ████ ████ ████ ████ ██
10. ████████████████████
11. 
12. ████████████████████████████████████
13. ████████████████████████████████████████
14. ████████████████████████████████████████
15. ██████████████ ██████████████████████
16. ████████████████████████████████████████
17. ██████████████████████████
18. 
19. ████████████████████████████████████
20. ████████████████████████████████████████
21. ██████████████████████

Discovery is ongoing and Waymo reserves the right to supplement these responses in light of new information that it discovers.

**INTERROGATORY NO. 19**:

Describe any efforts, contracts, or agreements to maintain the confidentiality or non-public nature of any transaction contemplated, anticipated, initiated, or completed by Waymo (including

but not limited to any acquisition, merger, joint venture, partnership or investment) from 2007 to the present.

**RESPONSE TO INTERROGATORY NO. 19:**

Waymo objects to this interrogatory on the grounds that it is vague and ambiguous, including with respect to the phrases "efforts," "contemplated, anticipated, initiated," and "partnership." Waymo further objects to this interrogatory to the extent it is compound, complex, and contains multiple subparts. Waymo further objects to this interrogatory to the extent that it is unduly burdensome, oppressive, overly broad, and not proportional to the needs of the case to the extent it seeks information about transactions outside of Waymo/Google's Project Chauffeur, which began only in 2009, and information unrelated to the facts of this case. Waymo further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Subject to and without waiving the foregoing objections, Waymo responds as follows:

Waymo protects confidentiality when evaluating any potential transaction as described in Waymo's Response to Uber and Ottomotto's Interrogatory No. 18. Waymo uses non-disclosure agreements ("NDAs") to protect confidential information shared with external entities. Waymo trains its employees on the treatment of confidential information, holds all employees to the standard of care described in the employee handbook, employee code of conduct, employment and confidentiality agreements, and numerous other Google policies relating to security and confidentiality, anonymizes all internal projects by use of code names, and limits information access as much as possible.

Discovery is ongoing and Waymo reserves the right to supplement these responses in light of new information that it discovers.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**INTERROGATORY NO. 20:**

Describe any efforts taken by Waymo to prohibit, sequester, or otherwise prevent confidential, proprietary, or trade secret information of any other company or entity from entering Waymo from 2007 to the present, including but not limited to any investigations to identify such information and any forensic analysis efforts. To the extent You took any such efforts in connection with due diligence, or acquiring, merging or investing in any company or entity, or in the course of hiring, recruiting, or onboarding any employee(s), describe the timing, substance, circumstances, purpose, intent, and outcome of such efforts.

**RESPONSE TO INTERROGATORY NO. 20:**

Waymo objects to this interrogatory on the grounds that it is vague and ambiguous, including with respect to the phrases "efforts," "purpose," and "intent." Waymo further objects to this interrogatory to the extent it is compound, complex, and contains multiple subparts. Waymo further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Waymo further objects to this interrogatory to the extent it would require disclosure of a third party's confidential information. Waymo further objects to this interrogatory on the grounds that it seeks information that is not relevant to the parties' claims and defenses nor proportional to the needs of the case.

**INTERROGATORY NO. 21[1]:**

Describe any efforts taken by Waymo to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[1] Uber and Ottomotto's Fifth Set of Interrogatories are misnumbered starting with this interrogatory, which is labeled "Interrogatory No. 20" despite the existence of the earlier Interrogatory No. 20. For ease of future reference, Waymo has renumbered the interrogatories in this set sequentially.

1 ███████████████████████████████████████████████████████

2 ███████████████████████████████

3

4 **RESPONSE TO INTERROGATORY NO. 21:**

5       Waymo objects to this interrogatory on the grounds that (i) it is vague and ambiguous,

6 including with respect to the phrases ███████████████████████████; and (ii) it is

7 overbroad, unduly burdensome, and oppressive, including with respect to requesting a description

8 of ████████████████████████████ Waymo further objects to

9 this interrogatory to the extent it is compound, complex, and contains multiple subparts.

10       Subject to and without waiving the foregoing objections, Waymo responds as follows:

11       Waymo responds to this interrogatory under Federal Rule of Civil Procedure 33(d) by

12 identifying the following documents describing ████████████████████████

13 ███████████████████████████████████████████████████████

14

| | | |
|---|---|---|
| WAYMO-UBER-00004093, | WAYMO-UBER-00004108, | WAYMO-UBER-00004132, |
| WAYMO-UBER-00004137, | WAYMO-UBER-00004155, | WAYMO-UBER-00004175, |
| WAYMO-UBER-00004195, | WAYMO-UBER-00004234, | WAYMO-UBER-00031431, |
| WAYMO-UBER-00031433, | WAYMO-UBER-00031433, | WAYMO-UBER-00031464, |
| WAYMO-UBER-00031554, | WAYMO-UBER-00031636, | WAYMO-UBER-00031637, |
| WAYMO-UBER-00031699, | WAYMO-UBER-00031818, | WAYMO-UBER-00031961, |
| WAYMO-UBER-00031964, | WAYMO-UBER-00031967, | WAYMO-UBER-00031972, |
| WAYMO-UBER-00031973, | WAYMO-UBER-00032047, | WAYMO-UBER-00032060, |
| WAYMO-UBER-00032078, | WAYMO-UBER-00032097, | WAYMO-UBER-00032140, |
| WAYMO-UBER-00032176, | WAYMO-UBER-00032218, | WAYMO-UBER-00032284, |
| WAYMO-UBER-00032319, | WAYMO-UBER-00032384, | WAYMO-UBER-00032527, |

WAYMO-UBER-00032540, WAYMO-UBER-00032541.

Discovery is ongoing and Waymo reserves the right to supplement these responses in light of new information that it discovers.

**INTERROGATORY NO. 22:**

Describe all Communications to, from, with, or involving David Drummond relating to ▓▓▓▓▓▓▓▓, self-driving vehicles or technology, Defendants, Anthony Levandowski, or this Action, including the timing, circumstances, substance, participants, and purpose of each such Communication.

**RESPONSE TO INTERROGATORY NO. 22:**

Waymo objects to this interrogatory on the ground that it is vague and ambiguous, including with respect to the use of the terms "circumstances," "substance," and "purpose." Waymo also objects to this interrogatory on the ground that it is overbroad, unduly burdensome, and oppressive, including with respect to the subject matters ▓▓▓▓▓▓▓▓ and "self-driving vehicles or technology," including to the extent that it asks Waymo to "[d]escribe all Communications . . . including the timing, circumstances, substance, participants, and purpose of each such Communication," and especially given that Mr. Drummond served on Uber's own Board of Directors. Waymo further objects to this interrogatory on the ground that any responsive information related to Mr. Drummond's role on Uber's Board of Directors is in Uber's own possession. And Waymo objects to this interrogatory to the extent it is compound, complex, and contains multiple subparts.

Subject to and without waiving the foregoing objections, Waymo responds as follows:

Waymo intends to produce documents responsive to this interrogatory to the extent that any such documents exist that relate to communications had by Mr. Drummond in the context of

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

his roles at Google and Alphabet. Waymo will supplement its response to identify any such documents under Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 23:**

Describe all transactions, including acquisitions, mergers, joint ventures, partnerships, or investments, You have contemplated, anticipated, initiated, or completed that were motivated primarily or in part by the acquiring, hiring, or recruitment of talent or employees. For each such transaction, describe (1) the timing of the transaction; (2) the employees hired, acquired, or recruited in connection with the transaction, including but not limited to their identities, job titles, job responsibilities, qualifications, and former employers; (3) Waymo's motivations and intentions for the transaction; (4) the consideration Waymo paid or anticipates paying in connection with the transaction (including compensation, bonuses, or equity to the employees hired, acquired or recruited in connection with the transaction); (5) the terms, conditions, and substance of the transaction; (6) the extent to which the targeted company or entity had commercialized a product or tangible asset, including intellectual property; and (7) any due diligence conducted in connection with the transaction.

**RESPONSE TO INTERROGATORY NO. 23:**

Waymo objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including with respect to the phrases "partnerships," "contemplated, anticipated, initiated," "motivated primarily or in part," and "motivations and intentions"; and (ii) it is overbroad, unduly burdensome, and oppressive, including to the extent that it asks Waymo to respond "[d]escribe all transactions." Waymo further objects to this interrogatory to the extent it is compound, complex, and contains multiple subparts. Waymo further objects to this interrogatory to the extent that it is unduly burdensome, oppressive, overly broad, and not proportional to the needs of the case to the extent it seeks information about transactions outside of Waymo/Google's Project Chauffeur and

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

information unrelated to the facts of this case. Waymo further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Subject to and without waiving the foregoing objections, Waymo responds as follows:

███████████████████████████████████████████████████████████████████

████████████████████████████████ Waymo further responds to this interrogatory under Federal Rule of Civil Procedure 33(d) by identifying the following documents describing ████

██████████████████████████████ WAYMO-UBER-00000204, WAYMO-UBER-00000321, WAYMO-UBER-00000350, WAYMO-UBER-00005846, WAYMO-UBER-00005847, WAYMO-UBER-00005849, WAYMO-UBER-00005851, WAYMO-UBER-00005855, WAYMO-UBER-00005860, WAYMO-UBER-00005864, WAYMO-UBER-00005865, WAYMO-UBER-00005868, WAYMO-UBER-00005873, WAYMO-UBER-00005878, WAYMO-UBER-00005885, WAYMO-UBER-00005889, WAYMO-UBER-00005899, WAYMO-UBER-00005908, WAYMO-UBER-00005935, WAYMO-UBER-00005941, WAYMO-UBER-00005943, WAYMO-UBER-00005949, WAYMO-UBER-00005952, WAYMO-UBER-00005966, WAYMO-UBER-00005978, WAYMO-UBER-00005984, WAYMO-UBER-00005989, WAYMO-UBER-00005995, WAYMO-UBER-00005998, WAYMO-UBER-00006001, WAYMO-UBER-00006008, WAYMO-UBER-00006010, WAYMO-UBER-00006016, WAYMO-UBER-00006017, WAYMO-UBER-00006366, WAYMO-UBER-00008886, WAYMO-UBER-00008889, WAYMO-UBER-00008897, WAYMO-UBER-00008902, WAYMO-UBER-00008903, WAYMO-UBER-00008904, WAYMO-UBER-00008905, WAYMO-UBER-00008913, WAYMO-UBER-00008929, WAYMO-UBER-00008930, WAYMO-UBER-00008932, WAYMO-UBER-00008940, WAYMO-UBER-00008943, WAYMO-UBER-00008945, WAYMO-UBER-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

00008950, WAYMO-UBER-00008968, WAYMO-UBER-00012400, WAYMO-UBER-00012429, WAYMO-UBER-00012433, WAYMO-UBER-00012435, WAYMO-UBER-00012450, WAYMO-UBER-00012452, WAYMO-UBER-00012454, WAYMO-UBER-00012462, WAYMO-UBER-00012469, WAYMO-UBER-00012470, WAYMO-UBER-00012479, WAYMO-UBER-00012500, WAYMO-UBER-00012501, WAYMO-UBER-00012504, WAYMO-UBER-00012520, WAYMO-UBER-00012525, WAYMO-UBER-00012526, WAYMO-UBER-00012529, WAYMO-UBER-00012820, WAYMO-UBER-00012826, WAYMO-UBER-00012830, WAYMO-UBER-00012972, WAYMO-UBER-00013012, WAYMO-UBER-00013014, WAYMO-UBER-00013017, WAYMO-UBER-00013019, WAYMO-UBER-00013025, WAYMO-UBER-00013122, WAYMO-UBER-00013128, WAYMO-UBER-00013130, WAYMO-UBER-00013132, WAYMO-UBER-00013151, WAYMO-UBER-00013152, WAYMO-UBER-00013162, WAYMO-UBER-00013239, WAYMO-UBER-00013336, WAYMO-UBER-00013337, WAYMO-UBER-00013338, WAYMO-UBER-00013348, WAYMO-UBER-00013351, WAYMO-UBER-00013353, WAYMO-UBER-00013450, WAYMO-UBER-00014020, WAYMO-UBER-00014489, WAYMO-UBER-00014506, WAYMO-UBER-00026138, WAYMO-UBER-00026142, WAYMO-UBER-00026147.

████████████████████████████████████████████████████████

████████ Waymo further responds to this interrogatory under Federal Rule of Civil Procedure 33(d) by identifying the following documents describing ████████████ ████████: WAYMO-UBER-00014000.

Discovery is ongoing and Waymo reserves the right to supplement these responses in light of new information that it discovers.

**INTERROGATORY NO. 24:**

Describe any instance, and the circumstances surrounding any such instance, where confidential, proprietary, or trade secret information owned by any other company or entity has entered Waymo or come into Waymo's possession.

**RESPONSE TO INTERROGATORY NO. 24:**

Waymo incorporates by reference its General Objections.  Waymo further objects to this interrogatory on the grounds that it is vague and ambiguous, including with respect to the phrase "entered Waymo or come into Waymo's possession."  Waymo further objects to this interrogatory to the extent it is compound, complex, and contains multiple subparts.  Waymo further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Waymo further objects to this interrogatory to the extent it would require disclosure of a third party's confidential information.  Waymo further objects to this interrogatory on the grounds that it seeks information that is not relevant to the parties' claims and defenses nor proportional to the needs of the case.

DATED:  August 2, 2017        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for WAYMO LLC