# EXHIBIT 3
# ENTIRE EXHIBIT SUBMITTED UNDER SEAL

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   David Perlson (Cal. Bar No. 209502)
3  davidperlson@quinnemanuel.com
   Melissa J. Baily (Cal. Bar No. 237649)
4  melissabaily@quinnemanuel.com
   John Neukom (Cal. Bar No. 275887)
5  johnneukom@quinnemanuel.com
   Jordan R. Jaffe (Cal. Bar No. 254886)
6  jordanjaffe@quinnemanuel.com
   50 California Street, 22nd Floor
7  San Francisco, California  94111-4788
   (415) 875-6600
8  (415) 875-6700 facsimile

9  Attorneys for Plaintiff WAYMO LLC

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13

14  WAYMO LLC                              Case No. 17-cv-00939-JCS

15              Plaintiffs,                **PLAINTIFF'S RESPONSES AND
                                           OBJECTIONS TO UBER'S FOURTH SET
16       v.                                OF REQUESTS FOR PRODUCTIONS
                                           (NO. 164-166)**
17  UBER TECHNOLOGIES, INC.;
    OTTOMOTTO, LLC; OTTO TRUCKING
18  LLC,

                Defendants.
19

20

21

22

23

24

25

26

27

28

Plaintiff Waymo, LLC ("Waymo") hereby objects and responds to the Fourth Set of Requests for Production of Documents (Nos. 164-166) served by Defendants Uber Technologies, Inc. ("Uber") and Ottomotto LLC ("Otto") (collectively, "Defendants").

**GENERAL OBJECTIONS**

Waymo makes the following General Objections, whether or not separately set forth in response to each and every definition and document request.

Waymo objects to each request, and to the Definitions and Instructions, to the extent that they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ("the Supplemental Order").

Waymo objects to each request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo objects to each request to the extent that they are compound, complex and contain multiple subparts.

Waymo objects to each request to the extent that they seek confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, or trade secrets. Subject to its other General Objections, and to any specific objections set forth below, Waymo will only provide relevant information in a manner consistent with the Protective Order entered by the Court in this matter.

Waymo objects to each interrogatory to the extent that they seek information that Waymo is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

Waymo objects to each request to the extent that it calls for information that is publicly available and therefore as accessible to Defendants as to Waymo.

Waymo objects to each request to the extent that it is overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo objects to each request to the extent that they require Waymo to provide documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.

Waymo objects to each request to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

Waymo objects to each request to the extent that it seeks information that does not already exist, or that is not in Waymo's possession, custody, or control.

Waymo objects to each request to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons under the owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment. Waymo applies these terms to mean Google's self-driving project, from its inception in 2009 through the present.

Waymo objects to each and every request to the extent that they call for a legal conclusion.

Waymo objects to the definitions of "Uber", "Ottomotto," and "Otto Trucking" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives," etc. of each entity.

Waymo objects to Instruction No. 3 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for production in a form beyond that required by the Supplemental Order.

Waymo objects to Instruction No. 5 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll drafts of a responsive document."

Waymo objects to Instruction No. 6 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for the "file folder or other container in which a Document is kept."

Waymo objects to Instruction No. 10 as overbroad, unduly burdensome, vague, and ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in this judicial district."

Waymo objects to Instruction No. 11 to the extent it calls for Waymo to search for documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents. Waymo will produce English translations where applicable as located through a reasonably diligent search.

Waymo objects to Instruction No. 12 to the extent that it calls for Waymo to conclude that Waymo has no responsive documents in Waymo's possession, custody, or control. If Waymo is unable to locate responsive documents through a reasonably diligent search, Waymo will so state.

Waymo's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the requests, whether implicit or explicit, is correct.

Waymo responds to these requests based upon its current understanding and reserves the right to supplement its responses at a later time.

Waymo incorporates by reference its General Objections in each of the specific responses set forth below.

**SPECIFIC OBJECTIONS AND RESPONSES**

Waymo objects and responds as follows to Defendants' document requests:

**REQUEST FOR PRODUCTION NO. 164:**

All documents and communications relating to the possibility of Waymo and Uber working together or partnering in any way in connection with self-driving vehicles or technology, including but not limited to all communications between Travis Kalanick and Larry Page concerning this subject.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Waymo objects to the request on the ground that communications between Travis Kalanick and Larry Page are equally available to Uber. Waymo objects to this request as overlapping with prior RFPs including RFP 93 ("Documents relating to Waymo's business plans, strategic plans, operating plans….").

Waymo will produce communications involving Waymo and Alphabet personnel concerning the possibility of a partnership between Waymo and Uber involving self-driving vehicles or technology, as located through a reasonably diligent search including the email data of Mr. Page.

**REQUEST FOR PRODUCTION NO. 165:**

All documents and communications related to compensation, bonuses, or equity for current or former Waymo employees working on autonomous vehicles or technology, including, but not limited to, all documents and communications concerning Waymo's delay or withholding of payment, the financial impact of such payment on Waymo, and statements made by Waymo executives and officers regarding such compensation, bonus, and/or equity programs (e.g., the Project Chauffeur bonus program).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165**

Waymo objects to this request as overbroad, irrelevant, and not proportional to the needs of the case. Waymo objects to this request as compound, calling for both documents relating to employee compensation and for executive statements regarding compensation. Waymo

understands "Waymo employees" to mean employees of the self-driving car program from 2009 to present.

Waymo will produce documents sufficient to show the amount and timing of payments made to employees under the Project Chauffeur bonus program. Waymo will also produce documents sufficient to show the overall personnel costs of the self-driving car program from 2009 to the present.

**REQUEST FOR PRODUCTION NO. 166:**

All documents and communications concerning any complaints, arguments, disputes, conflicts, and evaluations (both positive and negative) related to Anthony Levandowski during his employment at Waymo, including without limitation any concerns that Waymo or its employees had regarding Mr. Levandowski.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Waymo objects to this request as vague, overbroad, irrelevant, and not proportional to the needs of the case. It is not tenable or proportional to locate every document involving any complaint, argument, dispute, or conflict relating to Mr. Levandowski.

Through Waymo's responses to previous requests for production, Waymo has already produced Mr. Levandowski's performance evaluations and as well as all emails concerning complaints, arguments, disputes, conflicts, and evaluations involving Mr. Levandowski, as located through a reasonably diligent search. See, e.g., WAYMO-UBER-00009503, WAYMO-UBER-00010496.

DATED: July 28, 2017   QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Attorneys for WAYMO LLC

# APPENDIX

## Information On Document Collection and Production Under Supplement Order ¶ 13

Waymo further provides information on its collection efforts under Paragraph 13 of the Supplemental Order. As of July 28, 2017, Waymo has searched the following sources of information in response to Defendants' requests for production:

- Waymo custodial document repositories (e.g., email repositories, Google Docs, locally stored electronic documents)
- Waymo non-custodial document repositories (e.g., Drive folders used by various teams at Waymo, personnel files, Google personnel files including policy documents, codes of conduct, employee handbooks, and employment and confidentiality agreements
- Sources listed in Waymo's search list provided July 3, 2017

As of July 28, 2017, the following individuals employed by Waymo or Google have searched for documents in response to Defendants' requests for production:

- Raquel Small-Weikert (Paralegal) – general search responsibility
- Christine Lok (Paralegal) – general search responsibility
- Suzie Gonzalez-Pender (Paralegal) - general search responsibility
- Toni Baker (Discovery Staff Attorney) – general search responsibility
- Margo Maddux (Patent Agent) – search responsibility relating to patent-related documentation
- Michael Lin (People Coordinator) – search responsibility relating to employment documentation and electronic device recovery
- Joanne Chin (Head of People Operations) – search responsibility relating to employment documentation and electronic device recovery
- Jack Brown (Waymo, CAD Data and PLM Program Manager) – search responsibility relating to Waymo secure server access and activity
- Pierre Yves-Droz (Waymo, Principal Hardware Engineer) – search responsibility relating to documents relating to LiDAR development
- Caroline Manchot (Director of Compensation) – search responsibility relating to

documents relating to the bonus plan

- Ron Medford (Waymo, Director of Safety) – search responsibility relating to documents submitted to or discussed with a public entity

- Matt Salwasser (Waymo, Product Manager) – search responsibility relating to documents submitted to or discussed with a public entity

- Gary Brown (Security Engineer, Forensics) – search responsibility relating to forensic investigations and network/server/device activity detection

- Kristinn Gudjonsson (Security Engineer, Forensics) – search responsibility relating to forensic investigations and network/server/device activity detection

- Sasha Zbrozek (Hardware Engineer) - search responsibility relating to download activity of Waymo personnel

- Raghav Kohli (Commercial Counsel) – search responsibility relating to Lyft, M&A documents

- Laurens Feenstra (Product Manager) – search responsibility relating to Lyft

- Min Li Chan (Product Manager) – search responsibility relating to Lyft

- Michael Epstein (Product Manager) – search responsibility relating to ▮▮▮▮ document

- Gerard Dwyer (Finance Director) – search responsibility for documents concerning Waymo finances

- Andrew Chatham (Software Engineer) – search responsibility for documents for documents concerning market plans

- Annie Wang (Finance Team) - search responsibility for documents concerning Waymo finances

- Andrew Price (Ethics and Compliance Counsel) - search responsibility relating to side businesses

- Amar Mehta (Corporate Counsel) – search responsibility relating to M&A documents