# EXHIBIT 4

# ENTIRE EXHIBIT SUBMITTED UNDER SEAL

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   David Perlson (Cal. Bar No. 209502)
3  davidperlson@quinnemanuel.com
   Melissa J. Baily (Cal. Bar No. 237649)
4  melissabaily@quinnemanuel.com
   John Neukom (Cal. Bar No. 275887)
5  johnneukom@quinnemanuel.com
   Jordan R. Jaffe (Cal. Bar No. 254886)
6  jordanjaffe@quinnemanuel.com
   50 California Street, 22nd Floor
7  San Francisco, California  94111-4788
   (415) 875-6600
8  (415) 875-6700 facsimile

9  Attorneys for Plaintiff WAYMO LLC

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13

WAYMO LLC                              | Case No. 17-cv-00939-JCS
14
           Plaintiffs,                 | **PLAINTIFF'S RESPONSES AND**
15                                     | **OBJECTIONS TO UBER'S FIFTH SET**
      v.                               | **OF REQUESTS FOR PRODUCTIONS**
16                                     | **(NO. 167-175)**
UBER TECHNOLOGIES, INC.;
17 OTTOMOTTO, LLC; OTTO TRUCKING
   LLC,
18
           Defendants.
19

Plaintiff Waymo, LLC ("Waymo") hereby objects and responds to the Fifth Set of Requests for Production of Documents (Nos. 167-175) served by Defendants Uber Technologies, Inc. ("Uber") and Ottomotto LLC ("Otto") (collectively, "Defendants").

## **GENERAL OBJECTIONS**

Waymo makes the following General Objections, whether or not separately set forth in response to each and every definition and document request.

Waymo objects to each request, and to the Definitions and Instructions, to the extent that they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ("the Supplemental Order").

Waymo objects to each request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo objects to each request to the extent that they are compound, complex and contain multiple subparts.

Waymo objects to each request to the extent that they seek confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, or trade secrets. Subject to its other General Objections, and to any specific objections set forth below, Waymo will only provide relevant information in a manner consistent with the Protective Order entered by the Court in this matter.

Waymo objects to each interrogatory to the extent that they seek information that Waymo is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

Waymo objects to each request to the extent that it calls for information that is publicly available and therefore as accessible to Defendants as to Waymo.

Waymo objects to each request to the extent that it is overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo objects to each request to the extent that they require Waymo to provide documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.

Waymo objects to each request to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

Waymo objects to each request to the extent that it seeks information that does not already exist, or that is not in Waymo's possession, custody, or control.

Waymo objects to each request to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

Waymo objects to each and every request to the extent that they call for a legal conclusion.

Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons under the owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment. Waymo applies these terms to mean Google's self-driving project, from its inception in 2009 through the present.

Waymo objects to the definitions of "Uber", "Ottomotto," and "Otto Trucking" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives," etc. of each entity.

Waymo objects to Instruction No. 3 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for production in a form beyond that required by the Supplemental Order.

Waymo objects to Instruction No. 5 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll drafts of a responsive document."

Waymo objects to Instruction No. 6 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for the "file folder or other container in which a Document is kept."

Waymo objects to Instruction No. 10 as overbroad, unduly burdensome, vague, and ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in this judicial district."

Waymo objects to Instruction No. 11 to the extent it calls for Waymo to search for documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents. Waymo will produce English translations where applicable as located through a reasonably diligent search.

Waymo objects to Instruction No. 12 to the extent that it calls for Waymo to conclude that Waymo has no responsive documents in Waymo's possession, custody, or control. If Waymo is unable to locate responsive documents through a reasonably diligent search, Waymo will so state.

Waymo's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the requests, whether implicit or explicit, is correct.

Waymo responds to these requests based upon its current understanding and reserves the right to supplement its responses at a later time.

Waymo incorporates by reference its General Objections in each of the specific responses set forth below.

**SPECIFIC OBJECTIONS AND RESPONSES**

Waymo objects and responds as follows to Defendants' document requests:

**REQUEST FOR PRODUCTION NO. 167:**

All Documents and Communications relating to █████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Waymo objects to this request as unduly broad, burdensome, and compound, seeking to cover in a single RFP the entirety of Waymo's ████████████████ Waymo objects to this request to the extent it defines "Waymo" beyond the self-driving program from 2009 through the present. Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery, including but not limited to communications involving Mr. Drummond.

Waymo has already produced the documents that would be produced in response to this request in response to previous requests, including but not limited to RFP Nos. 93, 96, and 97, and will further produce documents in accord with the Court's order (Dkt. 1051). Waymo will additionally produce all communications involving Mr. Drummond relating to Waymo's ██████ ████████████████████████████████████████ as located through a reasonably diligent search of Mr. Drummond's custodial email data.

**REQUEST FOR PRODUCTION NO. 168:**

All Communications to, from, with, or involving David Drummond relating to ▓▓▓ self-driving vehicles or self-driving technology, Defendants, Anthony Levandowski, or this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery, including but not limited to communications involving this Action.

Waymo will produce all communications involving Mr. Drummond relating to ▓▓▓ self-driving vehicles or self-driving technology, Mr. Levandowski, and this Action, as located through a reasonably diligent search. To the extent those communications relate to Defendants, Waymo will produce those communications as well, but Waymo will not generally search for all communications relating to Defendants in any way.

**REQUEST FOR PRODUCTION NO. 169:**

All Documents and Communications relating to Your decision to purchase shares or otherwise invest in Uber, including but not limited to: (1) all Documents concerning Your motivation for such purchases or investments; and (2) any discussion or analysis of those purchases or investments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs of the case, particularly given that Google invested in Uber in August 2013, more than a year before Uber announced its interest in developing or using self-driving car technology.

Waymo will produce all documents concerning Google's analysis of its ongoing investment in Uber to the extent that that analysis discusses or analyzes Uber's self-driving car technology, as located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 170:**

All Documents and Communications relating to any transaction contemplated, anticipated, initiated, or completed by Waymo (including but not limited to any acquisition, merger, joint ventures, partnerships, or investment) that was motivated primarily or in part by the acquiring, hiring, or recruitment of talent or employees in conjunction with such transaction, including but not limited to: any acquisition which can be or has been characterized as an "acqui-hire," and any transaction with a company or companies that had yet to commercialize any of its products or tangible assets, including intellectual property. This request includes but is not limited to all Documents and Communications relating to Waymo's due diligence processes for any such transaction and compensation, bonuses or equity provided or contemplated in conjunction with any such transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Waymo objects to this request as overbroad, irrelevant, and not proportional to the needs of the case to the extent it seeks information concerning acquisitions by Google or Alphabet unrelated to the self-driving car business. Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo will produce all documents relating to Waymo's acquisitions in the self-driving space, including Waymo's due diligence into those acquisitions and related compensation, bonuses, or equity, as located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 171:**

Documents sufficient to show the timing, character, nature, claims, parties, purpose, and resolution (including but not limited to any damages, equitable relief, or settlement negotiations) of all legal action(s) (including but not limited to demand letters, arbitrations, mediations, or lawsuits) taken by Waymo against any former employee(s) or any subsequent employer(s) of such former employee(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Waymo objects to this request to the extent it seeks information relating to Google or Alphabet's claims against former employees or their subsequent employers unrelated to the self-driving car space. Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Waymo further objects to this request as irrelevant because any responsive information would not make any fact of consequence more or less likely. The Court has already ruled that Google's common-defense agreements unrelated to this Action are not relevant. Similarly, Google's and Waymo's actions taken against former employees are not relevant.

Waymo will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 172:**

Documents sufficient to show Waymo's due diligence efforts for any transaction contemplated, anticipated, initiated, or completed by Waymo (including but not limited to any acquisitions, mergers, joint ventures, partnerships, or investments) from 2007 to the present, including: (1) the processes, procedures, and protocols established for such due diligence efforts (including but not limited to those related to intellectual property); (2) the processes, procedures, and protocols followed or implemented during such due diligence efforts (including but not limited to those related to intellectual property); (3) the processes, procedures, protocols, and/or operating procedures applicable to such due diligence efforts related to intellectual property; and (4) the employment or retention of attorneys, consultants, or vendors in connection with any such due diligence efforts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

Waymo objects to this request as overbroad, irrelevant, and not proportional to the needs of the case to the extent it seeks information concerning transactions by Google or Alphabet unrelated to the self-driving car business. Waymo objects to this request to the extent that it seeks

information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Waymo further objects to this request as irrelevant to the extent it seeks information that would not make any fact of consequence more or less likely. The Court has already ruled that Google's common-defense agreements unrelated to this Action are not relevant. Similarly, Google's and Waymo's due diligence into transactions unrelated to this Action are not relevant for purposes of comparing Google's and Waymo's due diligence to Uber's.

Waymo will produce all documents relating to Waymo's acquisitions in the self-driving space, including Waymo's due diligence into those acquisitions, as located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 173:**

All Documents and Communications relating to any efforts, contracts, or agreements to maintain the confidentiality of or otherwise prevent the public disclosure of any aspect of any transaction contemplated, anticipated, initiated, or completed by Waymo (including but not limited to any acquisitions, mergers, joint ventures, partnerships, or investments), including any such efforts, contracts or agreements relating to due diligence for such transactions from 2007 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

Waymo objects to this request as overbroad, irrelevant, and not proportional to the needs of the case to the extent it seeks information concerning transactions by Google or Alphabet unrelated to the self-driving car business. Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Waymo further objects to this request as irrelevant because any responsive information would not make any fact of consequence more or less likely.

Waymo will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 174:**

All Documents and Communications relating to any efforts taken by Waymo to prohibit, sequester, or otherwise prevent confidential, proprietary, or trade secret information of any other company or entity from entering Waymo from 2007 to the present, including but not limited to any investigations to identify such information and any forensic analysis efforts. This request includes but is not limited to all Documents and Communications relating to any such efforts You took in connection with due diligence, or acquiring, merging or investing in any company or entity, or in the course of hiring, recruiting, or onboarding any employee(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

Waymo objects to this request as overbroad, irrelevant, and not proportional to the needs of the case to the extent it seeks information concerning confidential, proprietary, or trade secret information unrelated to the self-driving car business. Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Waymo further objects to this request as irrelevant because Waymo's efforts to prevent improper entry of proprietary information into Waymo has no bearing on whether Uber misappropriated Waymo's trade secrets. Uber previously asked Waymo to produce Google common-defense agreements to cast light on Uber's common-defense agreement in this action, and the Court ruled that Google's common-defense agreements unrelated to this Action are not relevant. Similarly, Google's and Waymo's efforts to prohibit wrongful entry of confidential information are not relevant to Uber's efforts to prevent such wrongful entry.

Waymo has already produced Google-wide policies and communications prohibiting Google employees from bringing trade secret or proprietary information into Google. Waymo will not produce additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 175:**

All Documents and Communications relating to any instance where confidential, proprietary, or trade secret information owned by any other company or entity has entered Waymo or come into Waymo's possession.  This request includes but is not limited to all Documents and Communications relating to any such instances that came to Waymo's attention in connection with due diligence, or acquiring, merging or investing in any company or entity, or in the course of hiring, recruiting, or onboarding any employee(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

Waymo objects to this request as overbroad, irrelevant, and not proportional to the needs of the case to the extent it seeks information concerning confidential, proprietary, or trade secret information unrelated to the self-driving car business.  Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Waymo further objects to this request as irrelevant because Waymo's efforts to prevent improper entry of proprietary information into Waymo has no bearing on whether Uber misappropriated Waymo's trade secrets.  Uber previously asked Waymo to produce Google common-defense agreements to cast light of Uber's common-defense agreement in this action, and the Court ruled that Google's common-defense agreements unrelated to this Action are not relevant.  Similarly, Waymo's treatment of any proprietary or trade secret information that entered Waymo or came into Waymo's possession is not relevant.

Waymo has already produced Google-wide policies and communications prohibiting Google employees from bringing trade secret or proprietary information into Google.  Waymo will not produce additional documents responsive to this request.

DATED: August 2, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Charles K. Verhoeven
    Charles K. Verhoeven
    Attorneys for WAYMO LLC

# APPENDIX

## Information On Document Collection and Production Under Supplement Order ¶ 13

Waymo further provides information on its collection efforts under Paragraph 13 of the Supplemental Order. As of August 2, 2017, Waymo has searched the following sources of information in response to Defendants' requests for production:

- Waymo custodial document repositories (e.g., email repositories, Google Docs, locally stored electronic documents)

- Waymo non-custodial document repositories (e.g., Drive folders used by various teams at Waymo, personnel files, Google personnel files including policy documents, codes of conduct, employee handbooks, and employment and confidentiality agreements

- Sources listed in Waymo's search list provided July 3, 2017

As of August 2, 2017, the following individuals employed by Waymo or Google have searched for documents in response to Defendants' requests for production:

- Raquel Small-Weikert (Paralegal) – general search responsibility

- Christine Lok (Paralegal) – general search responsibility

- Suzie Gonzalez-Pender (Paralegal) - general search responsibility

- Toni Baker (Discovery Staff Attorney) – general search responsibility

- Meghan Landrum (Senior Counsel, Discovery) – general search responsibility

- Margo Maddux (Patent Agent) – search responsibility relating to patent-related documentation

- Michael Lin (People Coordinator) – search responsibility relating to employment documentation and electronic device recovery

- Joanne Chin (Head of People Operations) – search responsibility relating to employment documentation and electronic device recovery

- Jack Brown (Waymo, CAD Data and PLM Program Manager) – search responsibility relating to Waymo secure server access and activity

- Pierre Yves-Droz (Waymo, Principal Hardware Engineer) – search responsibility relating to documents relating to LiDAR development

- Caroline Manchot (Director of Compensation) – search responsibility relating to documents relating to the bonus plan

- Ron Medford (Waymo, Director of Safety) – search responsibility relating to documents submitted to or discussed with a public entity

- Matt Salwasser (Waymo, Product Manager) – search responsibility relating to documents submitted to or discussed with a public entity

- Gary Brown (Security Engineer, Forensics) – search responsibility relating to forensic investigations and network/server/device activity detection, log data

- Kristinn Gudjonsson (Security Engineer, Forensics) – search responsibility relating to forensic investigations and network/server/device activity detection

- Sasha Zbrozek (Hardware Engineer) - search responsibility relating to download activity of Waymo personnel

- Raghav Kohli (Commercial Counsel) – search responsibility relating to Lyft, M&A documents

- Laurens Feenstra (Product Manager) – search responsibility relating to Lyft

- Min Li Chan (Product Manager) – search responsibility relating to Lyft

- Michael Epstein (Product Manager) – search responsibility relating to ▇▇▇ document

- Gerard Dwyer (Finance Director) – search responsibility for documents concerning Waymo finances

- Andrew Chatham (Software Engineer) – search responsibility for documents for documents concerning market plans

- Annie Wang (Finance Team) - search responsibility for documents concerning Waymo finances

- Andrew Price (Ethics and Compliance Counsel) - search responsibility relating to side businesses

- Amar Mehta (Corporate Counsel) – search responsibility relating to M&A documents

- Jolie Sorge (Head of HR, Google X) – search responsibility relating to documents concerning human relations and personnel

- Meiling Tan (Head of Marketing, Waymo) – search responsibility relating to marketing documents