# EXHIBIT 6

## ENTIRE EXHIBIT

## SUBMITTED UNDER SEAL

| | |
|---|---|
| **From:** | Andrea P Roberts <andreaproberts@quinnemanuel.com> |
| **Sent:** | Sunday, July 30, 2017 8:38 PM |
| **To:** | Maxwell Pritt; Jeff Nardinelli; Fiona Tang; QE-Waymo; 'DG-GP Otto Trucking Waymo' |
| **Cc:** | 'UberWaymoMoFoAttorneys'; BSF_EXTERNAL_UberWaymoLit; 'John Cooper'; 'Matthew Cate' |
| **Subject:** | RE: Waymo v. Uber: ██████████ Searches |

John and Max,

Following up on Thursday's meet and confer, we've looked further into the Business Terms Uber asked Waymo to run.  The results are set forth below.  We've indicated which terms that we are willing to agree to and note that we seem close to resolution on the majority of these terms.  For the few that we disagree on, we do not think it makes sense, given where we are in the schedule and the distance between the two sides on these terms, to continue with incremental changes and testing of these terms.  I note that Max sent a follow up email on Friday at 4:25 pm that included some variations that had not been discussed during our Thursday meet and confer.  By that point, we were already well under way in testing the alternatives proposed on Thursday.  Thus, if Defendants insist on the terms that we have not agreed to, then we think the appropriate next step is motion practice to resolve the issue.  For those search terms, Defendants have never tied them to any specific RFPs, explained why they would not identify documents already produced, or explained how they would locate documents not already captured by other searches Waymo already ran or agreed to run.

Custodians: Uber recently asked that we add ██████████████████████ as custodians.  We do not agree to including ████████████.  Based on our investigation, we have no reason to expect that he would have non-duplicative relevant documents.  As for ████████████, to the extent that he would have relevant documents, it would be from a very limited time frame.  Thus, we do not agree to search his emails over the broad time frame Uber requested.  Will Uber agree to us limiting the search to a more limited, relevant time frame?

As for the limit on number of custodians, my recollection is that we originally proposed a limit of ██  Uber did not agree and, indeed, did not want a limit at all because it wanted the option of adding custodians if there are additional deponents.  We agreed.  Thus, we agreed to having no limit on the number of custodians.

As a further note, contrary to Max's July 28 email, Uber requested that Waymo search ██ custodians, not ██  There were ██ in Uber's July 20 request, plus ████████████████████████████████████  We have agreed to run ██

Date Ranges: Max sent an email this morning clarifying requested date ranges, and making some modifications.  Since we received those changes today, we do not have updated hit counts reflecting those changes.  All hit counts herein are based upon the date ranges being requested as of Thursday's meet and confer.  In the interest of getting a response out today, we're providing hit counts based upon what was at issue as of Thursday.  To the extent we agree to a term below, that is on the condition that the new date ranges do not expand the hit counts.

We further note that many of the proposed date ranges are vastly overbroad.  Take for example Business Term ██████████████████ happened in 2011; Levandowski's downloading of 14,000 files happened in 2015-2016; and this lawsuit (and Google's arbitration against Levandowski) happened on 2016-2017.  Yet, Uber asks that this term be run from 2007-present.  There is no basis for such a broad date range and Defendants have not articulated one.

Business Terms

██████████████████████████████

As we indicated, this term hits on over ████ documents including families.  We further noted that ████████ in particular, was a problematic term, hitting on approximately ████ documents (which increases to nearly ████████ documents when

1

including families).  Uber has asked Waymo to run ▮▮▮▮ as a search term in ▮▮▮▮▮▮▮▮▮▮▮ but *in conjunction with limiting terms*, as it should do in all instances to ensure the term identifies relevant documents.  Also, even ▮▮▮▮ hits on over ▮▮▮▮ documents (approximately ▮▮▮▮ with family).  Uber asked for a breakdown by custodian, which is set forth below:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

We would agree, if it resolves the dispute, to run ▮▮▮▮▮▮▮▮ which hit on ▮▮▮▮ documents and ▮▮▮▮ documents, respectively.  This is still a large number of documents, but if it will resolve the dispute as to this term, we will agree to run it.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Uber asked if we would agree to this term.  We will agree to run this term if Uber agrees to limit the date range to 2012-the present.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Mr. Cooper asked us to test this term with ▮▮▮▮▮▮▮▮.  We agree to run this term with that limitation: ▮▮▮▮▮▮ We also note that ▮▮▮▮▮▮▮▮▮▮ brings back a lot of false hits in email footers (e.g. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

This term is agreed.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

This term is agreed.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

As we indicated, this term hit on over ▮▮▮▮ documents.  Uber indicated that it would consider agreeing to ▮▮▮▮▮▮▮▮▮▮▮.  Even narrowing ▮▮▮▮ the term hits on over ▮▮▮▮  If it will resolve the dispute as to this term, we will agree to run with ▮▮▮▮▮▮▮▮:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

As we indicated, this term hit on over ████ documents.  Uber said it would consider agreeing to ████████ ████████████████████████████████████████████ If it will resolve the dispute as to this term, we will agree to run:

████████████████████████████████████████████████████████████████

Please let us know if Defendants agree to this modification.

████████████████████████████████████████████████████

Uber requested this term ████████████████████████████████████████ ████████████████████████████████████████████

████████████████████ ████████████████ ████████

Each hits on over ████ documents, with a few hitting on close to ████ The top three custodians are:

████████████ ████

████████████████████████████████████████████████████ ████ Please let us know if Defendants agree to this modification.

████████████████████████

As we indicated, this term hits on over ████ documents.  We were asked to test this term with ████████████ ████████. We can agree to run this term as revised.

████████████████████████████

Uber advised us of a typo in this search string, which we fixed.  This substantially reduced the number of hits.  We will agree to run this term if ████ is removed.

████████████████████████████████████

We will agree to run this term.  However, ████████████████████████

████████████████████

This term is agreed.

███████████████████████████████████████████████

As I explained, this term hit on over ██████ documents.  Uber offered to go back and try to reduce the number of custodians for this term.  Uber proposed limiting this search to ██████████████████████████████████████████████████████████████. Even with this limitation, the term hits on over ██████ documents.  We cannot agree to this term.

████████████████████████████████████████████████████████

Uber proposed ████████████████████████████████████████████████████████████████████████████ We will agree to run this term if Uber agrees to drop ██████████████████████████████

███████████████████████████████████████████████████████████████

Uber proposed ██████████████████████████████████████████████████████████
████████████ We will agree to run this term if Uber agrees to drop █████████████████████████

████ This term is subject to the pending motion to compel.

██████████████████████████████████████████████████

Uber requested █████████████████████████████████████████████████████
███████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████
████████████ We cannot agree to run this term.

████████████████████████████████████████████████████████

This term is agreed.

████ This term is subject to the pending motion to compel.

███████████████████████████████████████████████████

This term is agreed.

Thanks,
Andrea

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Sunday, July 30, 2017 11:17 AM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Fiona Tang <ftang@BSFLLP.com>; QE-Waymo <qewaymo@quinnemanuel.com>; 'DG-GP Otto Trucking Waymo' <DG-GPOttoTruckingWaymo@goodwinlaw.com>
**Cc:** 'UberWaymoMoFoAttorneys' <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; 'John Cooper' <JCooper@fbm.com>; 'Matthew Cate' <MCate@fbm.com>
**Subject:** RE: Waymo v. Uber: ████████████ Searches

Hi Andrea,

Please let us know Waymo's responses to the outstanding issues below with respect to Uber's proposed business terms today so we can evaluate them in advance of tomorrow's 10am meet and confer.  Thank you.

Also, I didn't include in my summary below the date ranges we've previously discussed for Uber's technical search terms and proposed business-related search terms.  The date range for the tech terms is 1/1/2010 to 1/31/2016.  With the proposed modifications in my email below, the date ranges for the business terms are:



Best,
Max

**From:** Maxwell Pritt
**Sent:** Friday, July 28, 2017 4:25 PM
**To:** Andrea P Roberts; Jeff Nardinelli; Fiona Tang; QE-Waymo; 'DG-GP Otto Trucking Waymo'

**Cc:** 'UberWaymoMoFoAttorneys'; BSF_EXTERNAL_UberWaymoLit; 'John Cooper'; 'Matthew Cate'
**Subject:** RE: Waymo v. Uber: ██████████ Searches

Hi Andrea and John,

To help close out search term and custodian negotiations, this email summarizes the status of negotiations after yesterday's meet and confer.  If I missed anything or you believe I misstated something, please let me know.

<u>Waymo's Opposition to Uber's MTC</u>

Waymo stated for the first time that it would not run Uber's proposed business term ███████████████████████████████████████████████████████████████████████████████ because Waymo believed the terms related to Uber's pending motion to compel documents and emails responsive to RFPs 61, 62, and 90-94.  In lieu of granting Uber a reply brief, the Special Master directed Waymo to set forth the search terms—based on Uber's most recent modifications—in its opposition and state in the opposition that it would not run them against any custodians.  The Special Master also directed Waymo to send Uber the relevant language Waymo intended to include in its opposition so the parties could reach agreement on the language.  <mark>Please send us your proposed language on this issue as soon as possible.</mark>

<u>Otto Trucking</u>

The Special Master directed Otto Trucking to identify ASAP any concerns with the tech or business terms Waymo and Uber had been negotiating with the Special Master over the past several weeks.  The Special Master directed Uber and Waymo to proceed with the negotiations and implementation of agreed-upon terms.

<u>Custodians & Scope</u>

The parties will run search agreed-upon search terms on custodians' emails and produce non-privileged, responsive documents regardless of whether the custodian has already been deposed.  A showing of good cause will be required to re-open a deposition on the basis of any documents produced as a result of the agreed-upon search terms after a custodian's deposition.  Uber stated its position that  if a document is produced because of the agreed-upon search terms but was previously made available for inspection by Waymo under Item No. 6 of the Court's May 11 Provisional Relief order, that would be relevant to any "good cause" showing.  Issues relating to good cause were tabled as premature unless and until a party seeks to re-open a deposition due to documents produced as a result of the agreed-upon search terms.

Waymo has proposed ██ custodians for Uber, and Uber has proposed ██ custodians █████████████ ██████████ Uber proposed a mutual cap of ██ custodians to allow some flexibility of being able to request documents from additional deponents identified at a late date.  We assume Waymo agrees with this approach since Waymo also wanted some flexibly to add late-identified deponents and we did not hear otherwise in subsequent meet and confers.  But please let us know if this is incorrect.

<u>Tech Terms</u>

1. Uber and Waymo agreed on the tech terms/strings to be run by Waymo, as set forth in Uber's 7/20 letter titled "Uber's Response to Waymo's Comments re Search Term Modifications," modified as follows:
   a. Uber agreed to use ████████████████████████████████████████
   b. Uber agreed to use ████████████████████████████████████████████████
   c. Uber agreed to use ████████████████████████████████████

2.   Uber and Waymo agreed on the tech terms/strings to be run by Uber, as set forth in Uber's 7/20 letter titled "Uber's Response to Waymo's 7-14 Search Terms," with the exception that:

a.   Uber will get back to Waymo on whether it has objections to ████████████████████████████ ████████████████████████████████████ Uber will otherwise run this string.

b.   Waymo will consider whether it wants to move to compel Uber to search all of Mr. Levandowski's emails irrespective of Uber's initial and expanded agreed-upon search terms and court-ordered search terms, as discussed on two meet-and confer calls.  The Special Master stated it was his position that the searches Uber had run and was agreeing to run were adequate.

The Special Master directed Uber and Waymo to run these searches now and produce all non-privileged, responsive documents.

<u>Business Terms</u>

1.   The parties are in agreement on business terms/strings to be run by Uber.

2.   The parties are in agreement on business term ████████████████ to be run by Waymo, as set forth in 7/20 letter titled "Uber's Response to Waymo's Comments re Search Term Modifications."

3.   For the other business terms proposed by Uber to be run by Waymo:



a.   ████████████████████████

As discussed, Uber proposed ████████████████████████████████████████

b.   ████████████████████████████████████████

Uber had agreed to ████████████████████████████████



c. ███████████████████████████████████████

Uber had agreed to ██████████████████████████

███████████████████████████████████████

███████████████████████████████████████

d. ███████████████████████████████████████

Andrea stated that this search term returned too many hits, even with Uber's proposal to ████████████████████████████████████████████████████████████

e. ███████████████████████████████████████

Andrea stated that this search term returned too many hits.  In an effort to reach a compromise, Uber agreed to ███████████████████████████████████████.  Waymo agreed to run this revised search term to evaluate the hit counts.

f. ███████████████████████████████████████

Uber noted there was a typo in our original search string.  As I mentioned on the call and in an email to Andrea yesterday, the correct search string is: ████████████████████████████ Uber believes this search string is sufficiently limited.  Andrea agreed to confirm if Waymo would run the search or to report back the hit counts.

As I've previously requested, if Waymo continues to object with regard to the application of the term ████ please provide the hit count for the search phrase using ████ for and let us know why Waymo thinks ████ is a common term.  We're not aware of ██████████████████████████ ████████████ Without more information from Waymo, Uber can't evaluate Waymo's concern or propose further limitations on the term ██

g. 

Uber disagrees with your claim that this search string is irrelevant.  Andrea stated that this search hit on only ▓▓▓▓ documents.  The Special Master agreed that this is not a burdensome hit count and that the search should be run, and Andrea agreed to run this search term subject to her client's approval.  Please confirm Waymo will run this search.

h.

Andrea stated that the original hit count in her earlier email of ▓▓▓▓ was inaccurate and was actually ▓▓▓▓  In an effort to compromise, Uber suggested that it would consider reducing the custodians to whom this request applied.  Uber believes that this search should be applied to ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Please confirm you will run this search against these custodians or update us with the hit counts for each custodian so that we can evaluate other possible limitations.

i.

Uber had agreed to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

j.

Andrea agreed to confirm whether Waymo would ▓▓▓▓▓▓▓

Uber noted—and the Special Master agreed—that applying this search as to Mr. Levandowski is relevant and that Waymo should apply it at a minimum.  Uber also agreed to ▓▓▓▓



Best,
Max

---

**From:** Maxwell Pritt
**Sent:** Thursday, July 27, 2017 1:55 PM
**To:** Andrea P Roberts; Jeff Nardinelli; Fiona Tang; QE-Waymo; 'DG-GP Otto Trucking Waymo'
**Cc:** 'UberWaymoMoFoAttorneys'; BSF_EXTERNAL_UberWaymoLit; 'John Cooper'; 'Matthew Cate'
**Subject:** RE: Waymo v. Uber: ██████████ Searches

Here are the two documents I just mentioned on the call, which include tech terms.  Those terms have been slightly modified as described in emails below and on the calls.

Best,
Max

---

**From:** Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent:** Thursday, July 27, 2017 1:47 PM
**To:** Maxwell Pritt; Jeff Nardinelli; Fiona Tang; QE-Waymo; 'DG-GP Otto Trucking Waymo'
**Cc:** 'UberWaymoMoFoAttorneys'; BSF_EXTERNAL_UberWaymoLit; 'John Cooper'; 'Matthew Cate'
**Subject:** RE: Waymo v. Uber: ██████████ Searches

Adding Otto Trucking's counsel.

---

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Wednesday, July 26, 2017 10:53 PM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Fiona Tang <ftang@BSFLLP.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** 'UberWaymoMoFoAttorneys' <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; 'John Cooper' <JCooper@fbm.com>; 'Matthew Cate' <MCate@fbm.com>
**Subject:** RE: Waymo v. Uber: ██████████ Searches

Hi Andrea,

In an effort to reach agreement so that Waymo will run Uber's proposed business term searches, Uber will agree to the following additional modifications and limitations to its proposed searches in red below in response your 7/25 letter.  If you still object to any of these search phrases because of hit counts, please identify the specific hit count after excluding documents already searched and produced, and identify which specific custodian(s) return hit counts you believe are still too large.

- ████████████████████████████

Uber proposes limiting false hits ██████████████████████████████ This should sufficiently address your concerns regarding false hits.

- Similarly, ████████████████████████████████████████
  █████████████████████████████████████ That did not sufficiently address our concerns.

Please provide the hit count for the search term █████████████████████████████████
███████████████████████████ These documents are highly responsive.

- ████████████████████████████████████████████████████████
  ███████████████████████████████████████████

████████████████████████████████████████████████████████████
████████████████████████████████████████

- ████████████████████████████████████████████████████████
  ████████████████████████████████████████████████████████
  ███████████████████ Uber's revisions did not sufficiently address this problem.

Your letter misstated the search terms we proposed.  The first search string we proposed in connection with No. 5 ████████████████████████████ Please confirm that your hit count accurately reflects our proposal in the first search string.  Your response indicates that the search you ran was not what we requested.

To the extent your letter inaccurately described our first proposed search phrase, but the hit counts were run against the actual phrase we proposed, we're willing to █████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████

- ████████████████████████████████████████████████████████
  ████████████████████████████████████████████

Uber agrees to ██████████████████████████████████████

- ████████████████████████████████████████████████████████
  ████████████████████████████████

Uber agrees to modify this search string to limit the breadth of documents as follows: ████████████████████
████████████████████████████████████████

- ██████████████████████████████████████████████████████████████████████
██████████████████████████████

Uber agrees to limit this string to: ████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
██████████████████████████ Without more information from Waymo, we can't evaluate Waymo's concern or propose further limitations.

- ██████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████

We disagree with your claim that this search is not relevant. ██████████████████
██████████████████████████████████████████████████████████████████████████
██████████████████████████████

- ████████████████████████████████████████ The Court ordered Waymo to produce documents relating to side businesses and it did so. Waymo ran a search for the email addresses of every single Waymo employee for emails sent to or from the email alias that oversees side businesses. Waymo's search for side business documents was reasonable and Uber has not identified any deficiencies, so further searches are not warranted. Moreover, this search string hits on over ████ unique documents.

We disagree that Waymo has fully complied with the court's order. ████████████████
██████████████████████████████████████████████████████████████████████████
██████████████████████ If Waymo still refuses to run this search, we request that the Special Master order Waymo to run it.

- ██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████ Although comparatively small, that is still a large number for one search string given the number of search strings being discussed.

██████████████████████████████████████████████████████████████████████████
████████████████████████████

██████████████████████████████████████████████████████████████████████████
██████████████████████ If Waymo refuses to run this search string, we would request that the Special Master order Waymo to do so.

- ██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
████████████████████████████

Uber agrees to ████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████

• ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████

Waymo only produced ████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████ Uber reserves its right to seek relevant documents relating to this spreadsheet based on this additional information.

However, given the fact that Mr. Levandowski's departure from Waymo is highly relevant to this lawsuit, we request that the search term proposed be applied at least to Mr. Levandowski as follows: ████████████████
████████████████████████████████████████████████████████████
████████████

• █████████████████████████████████████████████████████
████████████. The types of information Uber is seeking with this search string are more likely to be in non-email documents and we conducted targeted searches for such documents. This term hits on nearly ██████ unique documents.

Your letter misstated Uber's proposed search term.  We proposed ████████████████████
████████████████████████████████████████████████████████████
████████████████

Emails relating to these search terms are highly relevant to Uber's defenses and Waymo's claims, and we do not believe Waymo's unilateral decision to search only "non-email documents" is sufficient.  For example, ██████████████████
████████████████████████████████████████████████████████████
████████████████████

---

**From:** Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent:** Tuesday, July 25, 2017 2:12 PM
**To:** Maxwell Pritt; Jeff Nardinelli; Fiona Tang; QE-Waymo
**Cc:** 'UberWaymoMoFoAttorneys'; BSF_EXTERNAL_UberWaymoLit; 'John Cooper'; 'Matthew Cate'
**Subject:** RE: Waymo v. Uber: ████████████████ Searches

Max,

Please see the attached letter regarding Uber's proposed search terms for Waymo to run.

Please see below for our responses to Uber's positions with respect to the search terms we proposed that Uber run.

First, we are willing to consider ████████████████████████████████████████████, but ask that you provide us the hit counts for the AND searches to which you're objecting.

Second, as to the below term, we understand your objection is overbreadth based on your custodians' use of G-suite applications returning non-responsive hits for "LiDAR and Google," "Laser and Google" and "Krypton and Google". In that case, have you discussed with your vendor whether there is a way to use exclusionary terms to exclude false positives caused by use of G-suite applications?

| | |
|---|---|
| (Fuji OR Spider OR Owl OR Krypton OR Xenon OR Dragonfly OR Laser OR LiDAR OR LADAR) AND (Waymo OR Google OR GBR* OR PBR* OR YBR* OR Chauffeur) | Replace "AND" with /10 proximity connector<br><br>Also, this search is overbroad due to false positives caused by common appearances of "Google," particularly given that Uber uses G-Guite applications. Subject to overall agreement, Uber will run this search except for: (LiDAR and Google), (Laser and Google), and (Krypton and Google), which return nearly 20,000 documents. |

Third, you have refused to run searches for known email addresses for Anthony Levandowski in the sender/recipient fields on the basis that this is "overbroad". However, you have provided no further information, including even a basic explanation as to why or how you believe this is overbroad. This is curious because Uber claims to have run this term as one of its "Uber business" terms. Please let us know the basis for your contention that this search is overbroad, as well as hit counts for the known email addresses, as well as any other information you have compiled in determining that this search is overbroad. Given that the fulcrum of this case is the sharing by Levandowski of our client's confidential information and trade secrets, searches of his known email addresses to determine what and how he is sharing it are clearly highly relevant.

Thanks,
Andrea

---

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Thursday, July 20, 2017 3:43 PM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Fiona Tang <ftang@BSFLLP.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** 'UberWaymoMoFoAttorneys' <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; 'John Cooper' <JCooper@fbm.com>; 'Matthew Cate' <MCate@fbm.com>
**Subject:** RE: Waymo v. Uber: ████████████ Searches

Dear Andrea and John,

This email responds to Andrea's 7/14 4:47pm and 7/18 9:39am emails regarding Uber's search term and custodian proposals, and the concerns with Waymo's searches Uber first begain raising on 7/6 after the parties exchanges search terms and custodians for the first time on 7/3.

To being with, we reject Waymo's assertion that it is not obligated to make any of its witnesses available for further depositions if Waymo withheld responsive documents by using deficient search terms on the ground that Uber did not engage in negotiations over those terms sufficiently in advance of depositions. We've pointed out numerous times that we believed Waymo's search terms were overly restrictive and inconsistently applied across custodians, starting with our July 6 email shortly after receiving Waymo's list of search terms and custodians. We had to follow-up several times to request a response, even after the Special Master directed Waymo to provide one. Moreover, Waymo has an obligation to conduct a reasonable search for responsive documents separate and apart from any search term negotiations. To the extent Waymo failed to conduct a proper search for responsive documents by using overly restrictive terms and inconsistently applying them, that is a reasonable basis for further depositions.

Nonetheless, attached are Uber's responses on the proposed search terms and custodians.

The Special Master asked us to include in our response a proposal regarding the number of terms and definition of terms. You proposed to limit the number of terms each side could propose to ██ First, we do not speak for Otto Trucking. Second, we assume you mean ██ terms that were not originally applied by the other side. Such a proposal, however, does not take into account the fact that we *initially* applied broader search terms than Waymo, and did so consistently across custodians, and that our proposals were intended to bring your searches in line with what we had already done. Third, your proposal does not take into account that some search terms we proposed apply only to a limited number of custodians. For example, ████████████████████████████████████████████████ ████████████. Fourth, your assertions that, for example, we're proposing ████ discrete search terms in §II is misplaced—we started with the search terms you had already selected and applied (inconsistently) and proposed some additional terms because the ones you applied appeared overly restrictive. Fifth, many of the additional terms we proposed are variations on a single term ████████████████████ ████████████████████████████████████and others are to capture potential misspellings of words ██████████████████████████ Suffice it to say, we do not believe that limiting the number of additional search terms that each side can propose to an arbitrary number makes sense or is workable, especially given the disparity in Waymo's use of restrictive search terms and connectors, and Uber's use of broader and less restrictive terms (which explains the disparity in the number of documents produced by each side). Any arbitrary search term limit would severely prejudice Uber and we cannot agree to one. Instead, we proposed the technical and business search terms we believe would bring your searches in line with searches we performed and reasonably capture responsive documents. We have also taken your comments to our original proposals into account and further modified our proposal, including by identifying the particular custodians we think each search terms should be run against. If any of our proposed search strings return hit counts for a custodian that you think are unduly burdensome, please identify the specific search string, custodian, and number of documents so that we can discuss that matter with the relevant information in hand. In the meantime, however, we request that you run the search terms you do not object to. Hopefully we can resolve the remainder quickly.

Regarding the additional terms and custodians Waymo has proposed, Uber's responses are reflected in the accompanying PDF. As reflected therein, subject to an overall agreement, Uber is agreeing to accommodate virtually all of Waymo's requests, including all of the custodians Waymo proposed and its search terms, with the exception of obviously overbroad terms such as searching for "Uber," "Lior," and reviewing every single email to or from Anthony Levandowski, without the application of any search terms. Uber also modified Waymo's proposed time period for certain terms, namely, "Ottomotto," "Otto," and "Otto!" As Sylvia Rivera indicated and James Judah agreed on a recent call, after the merger closed it is overbroad to search for Ottomotto among custodial emails.

Regarding the business search terms Uber proposed, again, Waymo's assertion that Uber's terms are "vastly overbroad" is puzzling since many of the terms are Waymo's own search terms and Uber is asking only that the same or slightly varied terms be applied consistently across similarly-situated custodians.  For the new sets of business-related search terms that Uber proposed, Uber was clear that "some terms that may only be applicable to certain custodians, and we are willing to discuss application of these search terms only where doing so makes sense."  In any event, Uber has identified the custodians for whom we think certain terms should apply to.  If Waymo does not believe certain terms should be applied to certain custodians because Waymo does not believe such custodians would have responsive documents, please let us know.  We have also reduced and/or broken up the additional search phrases we proposed based on your comments.  These terms do not capture all of Uber's outstanding document requests but rather are limited to Uber's RFPs sets 1 and 2.

Regarding date ranges, for the technical search phrases (§I) in the attached ocument, the range should be ███████████████████  This range is based on Waymo's assertion that ██████████  ████████████████████████████████████  We will get back to you as soon as possible regarding dates ranges for the business phrases (§II).

Regarding custodians, we initially proposed █ custodians, and you proposed █ custodians with some flexibility of being able to request documents from additional deponents identified at a late date.  We propose a mutually-applicable cap of █ custodians, with the understanding that the parties may identify a small number of those custodians later in discovery, at which point the producing party will review and produce those custodians' documents promptly.

Regards,
Max

---

**From:** Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent:** Tuesday, July 18, 2017 9:39 PM
**To:** Maxwell Pritt; Jeff Nardinelli; Fiona Tang; QE-Waymo
**Cc:** 'UberWaymoMoFoAttorneys'; BSF_EXTERNAL_UberWaymoLit; 'John Cooper'; 'Matthew Cate'
**Subject:** RE: Waymo v. Uber: ██████████████  Searches

Max and John,

I write to follow up on my email below.

Do Defendants agree to limit the number of search terms that we can propose to each side to █

When can we expect revisions to the search terms that Uber proposed Waymo run, including identification of which custodians each group of search terms should be run against?

When can we expect answers to our other questions regarding date ranges for searches, and confirmation that they will be run on emails only?

Does Uber agree to run the searches that we proposed on July 14?  If not, please let us know which ones you do not agree to so that we can meet and confer.

As I indicated on July 14 and in a prior meet and confer, if depositions occur before the parties agree on search terms and can implement them, those witnesses will not be made available for deposition again on the basis that these additional searches had not been run yet.

Thanks,
Andrea

---

**From:** Andrea P Roberts
**Sent:** Friday, July 14, 2017 4:47 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Fiona Tang <ftang@BSFLLP.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** 'UberWaymoMoFoAttorneys' <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; 'John Cooper' <JCooper@fbm.com>; 'Matthew Cate' <MCate@fbm.com>
**Subject:** RE: Waymo v. Uber: ███████████ Searches

Max and John,

I write to move forward our negotiations regarding agreed upon search terms.

We've analyzed Uber's proposed search terms for Waymo and provided comments on a term by term basis in the attached document.  As you'll see, many are extremely overbroad because Uber proposed ██████████ ████████████████████████████████████████████ For example, one search term proposed by Uber is just "Uber," by itself, which would pick up any reference to the company for any reason, whether it be reference to someone taking an Uber somewhere, to comments on news articles about Uber having nothing to do with the issues in this case, etc.  Uber also proposed "Levandowski" by itself as a search term.  Uber did not use "Levandowski" as a search term for its own documents, other than for the date range before he was employed at Uber.  Yet, Uber is asking Waymo to run that same term.  Given his role, it does not make sense for either side to use "Levandowksi" by itself without any narrowing terms as a search term during the time period in which he was an employee.  Another proposed search term is GBR3, Waymo's internal project name.  This term hits on massive quantities of documents.  The remainder of the terms are addressed in the attachment.  To give you a sense of just how overbroad these terms are, we tested the business terms for one custodian and they returned over ██████ documents, including families.  That is not workable.  Further, we've checked some of the documents that hit on the terms and the terms are so broad that they are returning high numbers of false positives.  Uber should take a look at the search terms it proposed and let us know how it will revise them.

There are some global issues to discuss and that implicate the overall agreement, which are addressed below.

- Uber proposed far too may search terms for this to be workable in the time frame that we have.  The number of terms Uber proposed is much larger than it looks because of Uber's rampant use of "ors"  Take for example Uber proposed search term below:

████████████████████████████████████████████████████
████████

Although listed as one, it is actually ██ separate search terms because of the use of "or."  And Uber used "or" in virtually every single proposed search string.  A more simpler one to consider is:

███████████████████████████████████████

This is █ separate search terms.  Thus, the number of searches proposed by Uber is much, much larger than it looks.  Uber's "technical" search terms that are listed as though there are only █ contain █ discrete searches.  Uber's "business" search terms that are listed as though there are only █ contain █ discrete searches.  In other words, Uber is asking Waymo to run an additional █ discrete searches.  This is unreasonable and unworkable.  We propose that each side agree that they can collectively propose █ search terms to the other side, and the parties will meet and confer about those terms.

- Uber's proposal breaks the search terms into technical and business terms.  Uber's proposal does not indicate which sets should be run against each custodian.  Specifically, if there are custodians for which Uber believes Waymo should run both batches of terms, it should let us know that so we can consider it.  Obviously, the greater number of terms per custodians, the greater number of documents to review and produce prior to fast-approaching depositions.

- Uber did not propose the date ranges that it believes Waymo should use for the different batches of search terms.  To simplify things, we think it should be one date range for each batch of terms.

- Uber did not propose whether the search terms should be applied to emails only or other types of documents, such as Drive documents.  Since Uber ran its own search terms on custodial email data, we presume that is what Uber intended for its proposal.  We think these discussions of search terms should be limited to applying search terms to custodial emails.

- As we indicated before, if depositions occur before the parties agree on search terms and can implement them, those witnesses will not be made available for deposition again on the basis that these additional searches had not been run yet.  If Uber wanted these searches complete before depositions began, it should have engaged in negotiations of an ESI Order six weeks ago.

- We had discussed a cap on the number of custodians to be searched so that there was some boundary on the number and the parties can plan accordingly.  However, since both sides want the option of being able to request documents from late-identified deponents, we did not agree on a limit.

We also attach proposed revisions and additions to Uber's search terms to be run against its custodial email data, including proposing expanded date ranges, and adding custodians.  Please let us know if Uber will agree to run these terms on the identified custodians.  If there are any for which there is disagreement, let us know and we can meet and confer about those.

Thanks,
Andrea

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Wednesday, July 12, 2017 8:57 AM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Fiona Tang <ftang@BSFLLP.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** 'UberWaymoMoFoAttorneys' <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; 'John Cooper' <JCooper@fbm.com>; 'Matthew Cate' <MCate@fbm.com>
**Subject:** RE: Waymo v. Uber: ███████████ Searches

John,

In case my email below was missed yesterday, we'd like a call on Waymo's search terms and custodians, and ask that you again ask Waymo to respond to my July 6th, 1:17am email.

Best,
Max




-----Original Message-----
**From:** Maxwell Pritt
**Sent:** Tuesday, July 11, 2017 03:53 PM Eastern Standard Time
**To:** Jeff Nardinelli; Fiona Tang; Andrea P Roberts; QE-Waymo
**Cc:** UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; John Cooper; Matthew Cate
**Subject:** RE: Waymo v. Uber: ███████████ Searches

Dear John, we request a meet and confer tomorrow morning to discuss Waymo's search terms and custodians. We also ask that you direct Waymo to respond to my July 6, 1:17am email, which you asked them to do on a rolling basis by yesterday, and they did not do. Below is a response to Jeff's July 8, 5:32pm email.

Best,
Max

* * * *

Jeff,

We are puzzled by the decision in your July 8 email to repeat search terms that we already explained were insufficient and for which we offered modifications, as explained in Fiona's email below and in my July 6 email concerning the search terms and custodians Waymo disclosed on July 3, to which you still have not responded (except to one question about custodians Waymo searched but had not identified), despite having promised to do so on a rolling basis no later than *yesterday*. Andrea asked us on Friday's call to provide a list of any additional search terms we'd propose for ███████ ███████ so she could send them to your vendor to see if the terms could be run. The Special Master asked us to

provide a list based on that representation. It appears from your email that you decided not to consult with your vendor, however, and despite asking us for additional search terms opted to continue stonewalling in advance of ██████████ deposition tomorrow by refusing to apply *any* additional search terms to his files.

You make much of some documents that Waymo produced last Thursday, but histrionics aside, Waymo's production for ███████████████ is deficient because, as explained in my July 6 email, Waymo failed to apply consistent and comprehensive search terms to identify responsive documents. Of the documents Waymo produced, very few are authored by ██████ and it is difficult to discern from the documents what technical features he worked on. For example, ██████ appears to have worked on issues relating to ██████████ (*see* WAYMO-UBER-00012012), but his custodial documents do not show the extent of his involvement in the development of Waymo's alleged trade secret No. 19. As a result of Waymo's deficient production, inconsistent application search terms, and refusal to consider any proposed search term modifications, Uber may be forced to reserve time for a second deposition of ████████

Uber declines to enter into the ESI Order proposed by Waymo. The proposed limitations would create an incredibly imbalanced playing field in view of the extensive discovery already produced by Uber and additional searches being conducted by Uber that are already in progress. Uber has already produced *over 29,000* documents, while Waymo has produced *less than 5,000*. Uber is searching 28 custodians using 25 sets of broad technical search terms and 17 broad non-technical terms for the current sets of discovery.

Thus, the proposal in Waymo's ESI Order that it be limited to searching only ████ custodians when it has identified over ██ witnesses on its initial disclosures, using only ████ terms per custodian, would be highly prejudicial to Uber and does not constitute a good faith effort to reach agreement at this stage. The unreasonableness of Waymo's proposal is self-evident. As reflected in the search term lists that the parties exchanged on July 3, both parties in fact are searching more custodians than is contemplated in Waymo's proposed ESI Order. Those lists further reflect that both parties are using sets of search terms in a string, using connectors such as "and" or "or" and, in Waymo's case, using proximity connectors (which, as explained below, Uber believes are too limiting). Trying to reach agreement on a traditional list of search terms and custodians does not align with the searches actually performed or the expedited nature of this case.

Uber therefore proposes the more balanced approach to custodians and searches outlined here, which would bring Waymo's search more in line with Uber's. This proposal is an effort to reach agreement on the scope of further discovery in this case. As reflected below, we expect that Waymo will apply search terms consistently across similarly situated custodians, as Uber has. We also expect Waymo will expand the overly restrictive proximity connectors it has employed to date; Uber has not restricted its search in that way.

I.    *Uber's Proposed Modifications of Waymo's Technical Search Terms.*

Proposed modifications are in red. These search terms should be applied to all custodians with technical job roles or responsibilities.

| | Waymo's Original Terms | Uber's Modifications |
|---|---|---|
| ██ | ████████████████████ ███████████ | ███████████████████ ███ |
| ██ | ██████████████████████ ██████████ | ████████████████████████ ██████████████████████ ███████ |
| ██ | ████████████████ | ████████████████████ ██████ |
| ██ | ████████████████ | █████████████████ |
| ██ | █████████████ | ███████████████ |
| ██ | ████████████████ | █████████████████████ |

II.      *Uber's Proposed Modifications of Waymo's Business-related Search Terms.*

Proposed modifications are in red.  This list includes some terms that may only be applicable to certain custodians, and we are willing to discuss application of these search terms only where doing so makes sense.

| | Waymo's Original Terms | Uber's Modifications |
|---|---|---|
| ▮ | ██████████ | ████████████████████ |
| ▮ | █████████████ | ████████████████████ |
| | | ██████████████ |
| ▮ | ██████████ | ████████████████████ |
| | | █████ |
| ▮ | ██████████████ | ████████████████████ |



III.   *Uber's Proposed Modifications to Waymo's Custodians.*

Custodians that do not appear on Waymo's current custodian list are identified below in <span style="color:red">red.</span>  We note that application of the search terms set forth above will depend on each custodian's job functions and responsibilities, but we expect that similarly situated custodians will be subject to the same search terms.  The proposed custodian list below is based on information that is currently available to Uber.  Uber reserves its right to object to the scope of Waymo's custodian list if Waymo's document productions and future discovery responses (including its supplemental interrogatory responses) reveal deficiencies.





**From:** Jeff Nardinelli [mailto:jeffnardinelli@quinnemanuel.com]
**Sent:** Saturday, July 08, 2017 5:32 PM
**To:** Fiona Tang; Andrea P Roberts; QE-Waymo
**Cc:** UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; John Cooper; Matthew Cate
**Subject:** RE: Waymo v. Uber: ███████████ Searches

**Highly Confidential – Attorneys' Eyes Only**

John and Fiona,

I write in response to the search terms for ███████████ that Fiona sent this morning at 12:46 am.  We do not agree to run these ██ terms (i.e. ██ terms for these two custodians alone).  As explained below, setting up a workable, scalable strategy for ESI discovery – not further production in advance of next week's depositions – is the urgent matter at hand.  This case needs a binding order limiting ESI discovery.  If we cannot come to terms soon we request that the Special Master set a briefing schedule for entry of a stipulated ESI order.

Fiona, citing next week's depositions of Messrs. ███████████, your email claims that you will be "further prejudiced" should Waymo fail to "produce immediately" documents responsive to your search terms over their custodial data.  But you identify no prejudice, and you fail to address Waymo's existing production.  As we stated on the July 7 call with Special Master Cooper, Waymo has produced ███████████ ███████████████████████  Uber does not and cannot call that production insufficient.  In fact, on yesterday's call, you stated that you had not yet had time to review Waymo's July 6 production, which you called a "document dump."  In other words, you argued that you needed more documents

23


for ███████████████████ even though you *already have so many that you have not had time to review them.*

That July 6 "document dump" was the result of Waymo doing the same thing you're currently asking us to do – an extensive collection and production of documents in advance of next week's depositions.  After Uber identified ███████████████████ as top-ten deponents on July 22 and the Court issued an order on June 23 scheduling their depositions for next week, Waymo looked to its existing production of documents.  Finding that Waymo's current production could be bolstered with more documents from ████████████████████, we crafted ██ search terms to run across their custodial data:



Our team spent nights and weekends reviewing the hits.  Our goal was to get Uber these documents by July 6, six days before ██████████████ deposition.  We did.  The result of our effort was our July 6 production, which included ██████████ o be clear, these counts far exceed Uber's production for many of the technical custodians disclosed on Uber's search list provided to us on July 3.  *See, e.g.*, Robert Doll (17 hits for "Doll" over Uber's entire production);  Jim Gasbarro (28 hits for "Gasbarro");  Marlon Bocalan (29 hits for "Bocalan");  Florin Ignatescu (57 hits for "Ignatescu");  Adam Kenvarg (99 hits for "Kenvarg");  George Lagui (141 hits for "Lagui").  For Radu Raduta – whose name is spelled incorrectly on your search list and whose deposition is this Wednesday – there are 138 hits for "Raduta," including 58 separately-produced documents from a single email thread called "RE: ██████████ – Prototype tooling."

Fiona, your email below addresses *none of this*.  And Uber's counsel admitted on our July 7 meet and confer that Uber had not yet reviewed Waymo's recent production of ███████████ documents.  Instead, nakedly claiming "prejudice," Uber demands that Waymo run ██ additional terms for both ███████████—a total of ██ additional searches.  (Although your email is styled to look as though Uber requests only 11 additional terms, Uber actually seeks ██ additional terms per custodian because ███████████████████████████████ ████████████████████████████████████.)

First, Uber demanded that Waymo ████████████████████████.

| Waymo's Original Terms | Uber's Suggested Expansions |
|---|---|
| ████████████████████ | ████████████████████████ |
| ███████ | ██████████████████████████ |
| █████ | ██████ |
| ██████ | ██████ |
| ███ | ███ |
| █████ | █████ |
| ████ | ███ |
| ███ | ███ |
| █ | |
| █████████ | █████████████████████████ |
| ████ | ███ |
| █████ | ████ |
| █████████ | █████████████████████████ |
| ████ | ██████ |
| █████ | █████████████████████████ |
| ███████ | █████████████████████████ |
| ████████ | █████████████████████████ |
| | █ |
| ███ | ███ |
| ██████ | █████████████████████████ |
| ███ | ███ |
| ███ | ███ |
| ██████ | ████████ |
| | ██████ |
| ███████ | ████████ |
| █████ | ██████ |
| █████ | ██ |
| ██████) | |

Also, Uber demands that Waymo run ███ additional terms:



Finally, Uber "reserve[d] all rights to augment or modify these terms for other custodians," deliberately leaving the door open for additional eleventh-hour requests of untested, unilaterally-imposed search terms.

Uber's approach is unworkable.  It does not scale for future deponents and invites future disputes.

Thus, on the instant matter of next week's depositions, Waymo will not search additional documents.  We already went through that exercise to produce several hundred documents that Uber has not even reviewed.  If Uber had wished Waymo to run specific search terms for specific custodians, Uber could and should have responded in good faith to Waymo's repeated efforts to negotiate an ESI proposal, as well as the Special Master's repeated suggestion that the parties agree on search terms.  Uber cannot complain of the results of its own delay – particularly where Uber already has ample documents to review in advance of next week's depositions.

There are further depositions, however, as well as outstanding document requests, and Waymo hereby repeats its offer to agree to a set of search terms sufficient to meet both parties' needs.  Ms. Roberts circulated again yesterday the ESI order that Waymo proposed on May 30.  We request that Defendants either agree to the boundaries for electronic searches therein, or make a counter-proposal.  The list Uber circulated last night is a useful starting point, but also makes clear that any exchange of search terms must include reasonable negotiation (which is anticipated in Waymo's proposed ESI order); some of Uber's suggested terms are much more reasonable than others.

We look forward to your prompt response concerning how we can continue to move forward.

Best,
Jeff

**From:** Fiona Tang [mailto:ftang@BSFLLP.com]
**Sent:** Saturday, July 08, 2017 12:47 AM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit
<BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; John Cooper <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>
**Subject:** Waymo v. Uber: █████████████     Searches

Andrea,

In connection with our call this afternoon and the Special Master's instructions, below are the search terms and date ranges we seek for ██████████████   As Waymo knows, these depositions are coming up next week.  Uber will be further prejudiced by any delay in responding to and/or applying the requested search terms requested.  We expect that Waymo understands that responsive documents must be produced immediately.  We provide these search terms and ranges only as to ████████████████, and we reserve all rights to augment or modify these terms for other custodians.

To ensure timely production, we ask that Waymo state affirmatively whether they are willing to apply the search terms below for ██████████████ by tomorrow afternoon.

To expedite your review and response, we've separated out new search terms and previously disclosed Waymo search terms that require modification.  Modifications are indicated in red font.  We note also that, to address our concerns regarding Waymo's inconsistent application of search terms (as further discussed in our 7/6 email, points 3 and 4), the previously disclosed search terms identified below include searches that you did not previously use for ██████████ ██████, but which you have used for other Waymo custodians.

---PROPOSED SEARCH TERMS AND DATE RANGES---

█████  Date range: 03/01/2012 - 2/23/2017
████  Date range: 03/01/2010 – 2/23/2017

Additional Search Terms:

███████████████████████████████████████████████████████████

Previously Disclosed Search Terms:

███████████████████████████████████████████████████████████



Regards,

**Fiona Tang**
Associate

## BOIES SCHILLER FLEXNER LLP

1999 Harrison Street
Suite 900
Oakland, CA 94612
(t) +1 510 874 1108
FTang@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any

dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]