

Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com
+1 650 752 3100

August 22, 2017

**VIA ECF**

The Honorable William Alsup
United States District Judge
United States District Court for the Northern District of California
Phillip Burton United States Courthouse
450 Golden Gate Avenue
Courtroom 8, 19th Floor
San Francisco, CA 94102

**Re:   Waymo LLC v. Uber Technologies, LLC, et al., Case No. 3:17-cv-00939-WHA: Otto Trucking Precis Seeking Permission to File Motion for Summary Judgment**

Dear Judge Alsup,

In accordance with the Court's June 7, 2017 Case Management Order (Dkt. No. 562), and the Court's Order After Hearing (Dkt. 1247), Defendant Otto Trucking LLC ("OT") submits this précis renewing its request to file a motion for summary judgment on all remaining claims asserted against OT. The Court previously denied without prejudice OT's request to file a motion for summary judgment because discovery was still pending. Discovery now closes in two days. After ample opportunity to obtain evidence, Waymo still cannot show any use of the alleged trade secrets by OT or any viable theory of liability as to OT. The Court should grant judgment in favor of OT and streamline this case for trial.

This case centers on whether defendants Uber and Ottomotto have misappropriated Waymo's alleged trade secrets to design and build the Spider and Fuji LiDAR systems. For example, in Waymo's Infringement Contentions under Patent L.R. 3-1, Waymo accuses Defendant Uber's Spider LiDAR system of infringing the '922 and '946 Patents, and Defendant Uber's Fuji LiDAR system of infringing the '936 Patent. In interrogatory responses, Waymo only identified Uber's Spider and Fuji LiDAR systems as the products "using" Waymo's



August 22, 2017
Page 2

alleged trade secrets. However, Waymo cannot point to any evidence that OT acquired, used, or disclosed any of the alleged trade secrets or that OT has made any use whatsoever of the Spider or Fuji devices. In fact, discovery has shown that OT is not involved in the development of LiDAR at all. OT merely owns, through its subsidiary, or leases trucks. Waymo cannot refute that the only LiDAR systems that have ever been installed on these trucks are off the shelf products developed by third party, Velodyne, and that those Velodyne devices are only used by Uber employees conducting research and development on OT's trucks. Thus, any direct theory of liability as to OT fails as OT has not used any of the systems that allegedly contain the purported trade secrets.

Any theory of indirect liability against OT also fails. Waymo's claims against OT were initially based on Waymo's faulty allegation that Defendant Uber bought OT, and that OT is an Uber subsidiary. *See* Dkt. No. 23, ¶¶ 7, 16( defining OT collectively with Ottomotto and failing to allege any direct allegations against OT). OT is a company separate from Uber that has a membership consisting of approximately 100 individuals and IRAs. Waymo n appears to understand that OT is not a subsidiary of or owned by Uber, as now it claims that OT is "jointly and severally" liable for any misappropriation of trade secrets. After failing to identify any damages specifically as to Otto Trucking in its initial disclosures, its damages contentions, or its first set of responses to OT's damages interrogatory, Waymo finally stated in supplemental interrogatory responses that, OT should be "jointly and severally liable" because: 1) Anthony Levandowski's wrongdoing should be imputed to Otto Trucking and 2) Uber could eventually acquire Otto Trucking.

Waymo's first argument is wrong as a matter of law because it seeks to hold OT responsible for the alleged wrongdoing of its shareholder, Mr. Levandowski, prior to formation of OT. Courts have expressly rejected Waymo proposal to pierce OT's corporate veil in reverse. *See Postal Instant Press, Inc. v. Kaswa Corp.*, 162 Cal. App. 4th 1510, 1519-21 (2008) ("We agree with the sound reasoning and analysis of the cases rejecting



August 22, 2017
Page 3

outside reverse piercing of the corporate veil."); *see also He Nam You v. Japan*, 150 F. Supp. 3d 1140, 1150 (N.D. Cal. 2015) (citing *Postal Instant Press* and applying "California's prohibition on outside reverse piercing"). Waymo could have asserted claims against Mr. Levandowski for his alleged wrongdoing. It chose not to for its own tactical reasons, and under California law it cannot hold OT—and all of its members—responsible for Mr. Levandowski's alleged wrongdoing. This rule applies with particular force here, where Mr. Levandowski could not have been acting on OT's behalf when he allegedly downloaded files in December 2015 and January 2016. Otto Trucking was not even formed until February 1, 2016. *See* Dkt No. 1043-1, Ex. 1 at 142.

Waymo's second argument is purely speculative; Uber has not acquired Otto Trucking, and even if it did in the future, this does not explain why OT should be liable now. Indeed, this argument confirms the inaccuracies in Waymo's initial theory that OT and Uber are one and the same as Uber would not need to acquire what it already owned. OT has been and currently remains a separate company. At the close of discovery, Waymo cannot prove any liability as to OT.

This case is between Uber and Waymo. The inert claims against OT should be removed from this case. Summary judgment in favor of OT is appropriate here, and the Court should allow OT to file its motion.

Respectfully submitted,

 */s/ Neel Chatterjee*

Neel Chatterjee
GOODWIN PROCTER LLP

*Attorneys for Defendant*
Otto Trucking LLC

cc: Counsel of Record (via ECF)

ACTIVE/92256952.2



August 22, 2017
Page 4

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on August 22, 2017. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of August 2017.

        /s/ Neel Chatterjee
        Neel Chatterjee

ACTIVE/92256952.2