# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6022
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 950 | SUITE 3800 |
| 1000 LOUISIANA STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL
BCARMODY@SUSMANGODFREY.COM

August 22, 2017

The Honorable William Alsup
United States District Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Waymo LLC v. Uber Technologies, Inc. et al.,* Case No. 3:17-cv-00939

Dear Judge Alsup:

Pursuant to the Court's Case Management Order (Dkt. 562 ¶ 9) and August 17, 2017 Order (Dkt. 1247), Defendants Uber Technologies, Inc. and Ottomotto LLC ("Uber") withdraw their August 15 letter (Dkt. 1221) and submit the attached letter requesting permission to file a motion for summary judgment.

Respectfully submitted,

*[signature]*

William Christopher Carmody
Counsel for Uber Technologies, Inc.
and Ottomotto LLC

cc:   All Counsel of Record
      Special Master John Cooper

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

dc-896231

The Honorable William Alsup
August 22, 2017
Page 2

At the August 16, 2017 hearing, the Court advised the parties to  because  (8/16/17 Sealed Hr'g Tr. 134:20-23.)  Several of Waymo's alleged trade secrets should be knocked out by summary judgment, but based on the Court's guidance, Uber requests permission to file a motion for summary judgment on only two issues: (1) non-infringement of the '936 patent by Fuji's laser diode firing circuit; and (2) that TS 9 is not a trade secret.  For the '936 patent, the "diode" claimed in the '936 patent must "block" current from flowing backward in the circuit, but Waymo's expert admits that the purportedly equivalent resistor in Fuji's firing circuit does not do so, defeating Waymo's doctrine of equivalents theory.  For TS 9, Waymo's own engineers admit that the claimed concepts of TS 9 are generally known.[1]

***Non-infringement of the '936 Patent***.  Waymo admits that the firing circuit in Uber's Fuji device does not have the "diode" element required by all claims of the '936 patent, but contends that a resistor is equivalent to a diode.  (Dkt. 825-4 at 4-5 (figure annotated by Waymo below).)  It is not.

Applying the function-way-result test under the doctrine of equivalents, Waymo argues that the function of the claimed diode is to "resist current flow from the capacitor towards the inductor"; the way the diode performs that function is through its "characteristic resistance"; and the result is that "current is directed from the charged capacitor to the laser diode rather than back towards the inductor."  (*Id.*)



But Waymo's own expert, Dr. Wolfe, has contradicted Waymo's application of the test.  Dr. Wolfe stated that a diode allows current to flow in one direction when "forward-biased" to initiate charging, but "diode 514 [of the '936 patent] becomes reverse biased to **block** the

---

[1] Should the Court be inclined to permit a broader motion, Uber would also seek summary judgment on Waymo's TS 25 and TS 111, because Waymo has no evidence that Uber acquired, used, or disclosed either of those alleged trade secrets.  The Court has cautioned Waymo that its purported evidence of use for TS 25                                  to the claimed            .  (8/16/17 Sealed Hr'g Tr. 108:20-21.)  Furthermore, Waymo admits that TS 25 and TS 111 were not disclosed in any files allegedly downloaded by Anthony Levandowski or any other former Waymo employee.  (Dkt. 1107-4 at 3, 5.)  As the Court warned Waymo,                                                                                          (8/16/17 Sealed Hr'g Tr. 108:22-23.)

dc-896231

The Honorable William Alsup
August 22, 2017
Page 3

current flow" to the inductor during the discharge cycle.  (Dkt. 1116-1 at 14-15 (emphasis added).)  He explained that "blocked" means that the diode is "reverse biased because we're near the zero point and there's little or no current that's flowing."  (Lahad Decl. Ex. 1, Wolfe Dep. 108:2-17.)  In other words, when a diode is "reverse biased," the "current is about close to zero as anybody would care about."  (*Id.* at 60:13-17.)  As Dr. Wolfe admitted, the claimed diode operates to "block" current, not merely to "resist current flow" as Waymo contends.  (*Id.* at 95:11-23 ("blocking" is shorthand for current flow in negative direction being "very, very close to zero").)

The resistor in Fuji's circuit applies only a ▮▮▮▮▮▮▮▮▮▮ to the current flowing through it, regardless of the current's direction, and Waymo does not contend that the resistor can become reverse-biased to block current.  (*See* Dkt. 825-4 at 5.)  The claimed diode blocks current when reverse-biased, as admitted by Waymo's expert, but Fuji's resistor does not.  This issue is ripe for summary judgment.

***TS 9 Is Not A Trade Secret***.  TS 9 covers the broad concept of a ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ incorporated into Waymo's GBr3 LiDAR.[2]  Specifically, TS 9 claims "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"  (Dkt. 25-7 at 8.)  As shown in public disclosures such as U.S. Patent No. 5,420,722, ▮▮▮▮▮▮▮ are widely used in connection with laser diodes.  As seen below, the '722 patent discloses ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  The '722 patent describes a ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  (Dkt. 298-1, Lebby Sur-Reply Decl. ¶¶ 18-20; Dkt. 309-6, '722 patent, Abstract, 2:9-11.)



| Waymo ▮▮▮▮▮▮▮ | U.S. Patent No. 5,420,722 |
|---|---|

Waymo's 30(b)(6) designee Pierre-Yves Droz and engineer Will McCann admitted that the use of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Lahad Decl. Ex. 2, 8/3/17 Droz Dep. 232:9-18, 233:14-21; *see also* Ex. 3, McCann Dep. 206:8-209:8, 215:3-218:8; Ex. 4, McCann Dep. Ex. 1078 (FAC lens specification from supplier Hamamatsu).)  Mr. McCann explained that TS 9's disclosure of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is achieved in the GBr3 by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Lahad Decl. Ex. 3, McCann Dep. 217:21-4; *see also id.* at 169:10-17, 172:8-173:5.)  Both Mr. Droz and Mr. McCann admitted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] Waymo also admits that TS 9 was not disclosed in any files allegedly downloaded by Anthony Levandowski or any other former Waymo employee.  (*See* Dkt. 1107-8 at 199.)

The Honorable William Alsup
August 22, 2017
Page 4

███████████████ (Lahad Decl. Ex. 2, 8/3/17 Droz Dep. 230:8-20; Ex. 3, McCann Dep. 217:16-218:1 █████████████████████████████████████████████████████████████ ).) This comports with public disclosures, such as U.S. Patent No. 8,559,107, showing ████████████████████████████████████████████. (Lahad Decl. Ex. 5, U.S. Patent No. 8,559,107, Fig. 3 (below).)



When it comes to demonstrating that something is not a trade secret, "[t]o prove a positive, one example will suffice." *Atmel Corp. v. Info. Storage Devices, Inc.*, 189 F.R.D. 410, 418 (N.D. Cal. 1999). With public references and admissions from Waymo's witnesses, TS 9 is ripe for summary judgment.

dc-896231

The Honorable William Alsup
August 22, 2017
Page 5

## ATTESTATION OF E-FILED SIGNATURE

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that William Christopher Carmody has concurred in this filing.

Dated: August 22, 2017                      */s/ Arturo J. González*
                                            ARTURO J. GONZÁLEZ

dc-896231