**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94101 | TEL (415) 875-6600

August 22, 2017

U.S. District Judge William Alsup

Re:   *Waymo LLC v. Uber Technologies, Inc., et al.*, N.D. Cal., Case 3:17-cv-00939-WHA
      **Waymo's Precis in Support of Request to File Motion for Summary Judgment**

Dear Judge Alsup:

Pursuant to the Court' June 7 Case Management Order (Dkt. 563 at ¶ 9), Plaintiff Waymo LLC respectfully files this precis letter requesting leave to file a motion for summary judgment on various of Defendants' affirmative defenses.

Sincerely,

*/s/ Charles K. Verhoeven*

Charles K. Verhoeven

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

As relevant here, Defendants have pled the following "affirmative defenses": (1) estoppel; (2) acquiescence; (3) waiver; (4) license; (5) patent exhaustion; (6) failure to mitigate damages; (7) laches; (8) unclean hands; (9) prosecution history estoppel; (10) preemption; (11) res judicata; (12) release; and (13) statute of limitations. (Dkt. 704 at 21-22; Dkt. 703 at 15-18.) Defendants bear the burden of proof on all these defenses, yet Defendants have not and cannot come forward with any evidence to support them. Indeed, despite Uber being permitted to serve 35 interrogatories, Otto Trucking serving 25 interrogatories, and Defendants taking (to date) 31 depositions, Defendants have not even *sought* facts that would support any of these affirmative defenses, let alone discovered any facts that would support them. Thus, summary judgment should be granted against all these defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

*Estoppel*: Under California law, which applies to Waymo's CUTSA claim, the defense of estoppel has four elements: "(1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and, (4) he must rely upon the conduct to his injury." *Hopkins v. Kedzierski*, 225 Cal. App. 4th 736, 756 (2014). The same elements of estoppel exist under general Federal common law, which applies to Waymo's DTSA claim. *Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1098 n. 4 (N.D. Cal. 2003) ("The elements [of estoppel] are the same, however, under both California law and federal common law.") The elements of estoppel are phrased somewhat differently under Federal patent law, but similarly require a defendant's detrimental reliance on a patentee's conduct. *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1042-43 (Fed. Cir. 1992) (en banc).

Defendants have come forward with no evidence to meet these elements. For example, they have not identified any Waymo conduct that Defendants detrimentally relied on, much less that Waymo intended them to rely on such conduct. Also, Defendants cannot show that they were "ignorant of the true state of facts" with respect to Waymo's trade secret claims. This is because Defendants engaged in an exhaustive due diligence process when considering whether Uber would acquire the Otto entities, and this due diligence process expressly contemplated the possibility of Waymo bringing trade secret misappropriation claims based on the actions of Mr. Levandowski and other Otto personnel. (*See* Dkt. 566 at 2-5) (Judge Corley summarizing this due diligence process).

*Acquiescence/Waiver/Release/License*: These related defenses all require some showing that Waymo authorized, acquiesced to, or agreed to Defendants' conduct. There is no evidence of this. There are no written or oral communications, nor any course of conduct, suggesting that Waymo authorized, acquiesced to, or agreed to the misappropriation of its trade secrets or the infringement of the '936 Patent. Moreover, the exhaustive due diligence process conclusively rebuts the existence of any acquiescence, waiver, release, or license. If Defendants believed that their misappropriation of Waymo's trade secrets was authorized under any of these doctrines, they would not have undertaken an exhaustive due diligence process to assess the likelihood of Waymo suing them for trade secret misappropriation.

1

***Patent Exhaustion*:** Patent exhaustion requires the sale of a product practicing or substantially embodying the patent-in-suit. *See generally Impression Prods., Inc. v. Lexmark Intern., Inc.*, 137 S.Ct. 1523 (2017). Here, Waymo has never sold any product practicing or substantially embodying the '936 Patent, and Defendants have no evidence otherwise.

***Failure to Mitigate Damages:*** Failure to mitigate damages is not commonly accepted as a defense in patent or trade secret cases, and to the extent it *does* exist as a defense in such cases, it generally refers to a plaintiff's duty to seek a preliminary injunction rather than letting damages accrue unchecked. *See* HANDBOOK OF INTELL. PROP. CLAIMS & REMEDIES § 5.03 (2017 Supp.). Here, Waymo sought a preliminary injunction. (Dkt. 24.) Thus, there is no failure to mitigate.

To the extent Defendants argue that Waymo failed to mitigate damages by failing to sue as quickly as it could, this argument is unavailing. For one thing, Waymo brought suit within weeks of obtaining evidence of Defendants' patent infringement and trade secret misappropriation on December 13, 2016 through an email from one of Defendants' LiDAR component vendors that attached a circuit board schematic bearing a striking resemblance to—and sharing unique characteristics with—Waymo's own proprietary designs. (*See* Dkt. 25-3 at 10-11; Dkt. 25-45.) Waymo filed suit just nine weeks later, on February 23, 2017. (Dkt. 1.) Because any "delay" in bringing this case was *de minimis* at most, there could be no failure-to-mitigate defense based on any alleged delay.

There are also other reasons why the timing of Waymo's suit cannot give rise to any failure-to-mitigate defense. As for Waymo's patent claims, the Supreme Court has made clear that a patentee has a right to collect six years of past damages and that any delay in bringing suit cannot impair this right. *SCA Hygeine Atkiebolag v. First Quality Baby Prods., LLC*, 137 S.Ct. 954 (2017). And as for Waymo's trade secret claims, Waymo's damages case does not involve any damages theory that could have yielded a different damages number depending on the timing of Waymo's suit. Rather, Waymo bases its trade secret damages on the saved development costs and accelerated development timeline that Defendants were able to achieve through their use of Waymo's trade secrets. Under these damages theories, the damages number would not change depending on the timing of Waymo's suit. Nor, for that matter, have Defendants ever offered an alternative damage theory that would yield a different number depending on the timing of Waymo's suit. Thus, the timing of Waymo's suit cannot create any failure to mitigate damages.

***Laches:*** Laches cannot bar pre-suit damages in patent cases. *SCA Hygeine*, 137 S.Ct. 954. While laches can theoretically bar equitable relief in patent cases, laches requires unreasonable delay by the patentee and resulting prejudice to the accused infringer. *Aukerman*, 960 F.2d at 1032. Here, Waymo's "delay" can be measured in weeks, which is far too short a time period to support a laches defense—even if Defendants could show prejudice, which they cannot.

For similar reasons, Defendants cannot show laches under California law for purposes of Waymo's CUTSA claim. *See Magic Kitchen LLC v. Good Things Int'l Ltd.*, 153 Cal. App. 4th 1144, 1157 (2007) (similar laches elements under California law as under Federal patent law). Finally, is questionable whether laches could ever apply to DTSA claims, as there is no general Federal common law of laches. *Chevron Oil Co. v. Huson*, 404 U.S. 97, 104 (1971);

*disapproved of on other grounds by Harper v. Va. Dep't of Taxation*, 509 U.S. 86 (1993).  To the extent laches does exist as a defense to DTSA claims, the elements of laches would presumably include unreasonable delay and prejudice, which Defendants cannot show, as noted above.

***Unclean Hands:*** An unclean hands defense requires Defendants to prove that Waymo engaged in misconduct directly related to the claims that Waymo is asserting.  *Hynix Semiconductor Inc. v. Rambus Inc.*, 897 F. Supp. 2d 939, 978 (N.D. Cal. 2012); *Jade Fashion & Co. v. Harkham Indus., Inc.*, 229 Cal. App. 4th 635, 654 (2014).  There is no evidence of any such misconduct here.  Furthermore, an unclean hands defense requires Defendants to prove that the alleged misconduct prejudiced them.  *Hynix*, 897 F. Supp.2d at 978; *Jeong Soon v. Beckman*, 234 Cal. App. 2d 33, 36 (1965).  Defendants have no evidence of this prejudice element either.

***Prosecution History Estoppel***: The doctrine of prosecution history estoppel states that a patentee may have surrendered claim scope under the doctrine of equivalents by making patentability-related amendments or arguments during prosecution.  *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 460 F.3d 1349, 1363 (Fed. Cir. 2006).  Here, however, the '936 Patent was allowed in the first Office Action.  Thus, Waymo made no claim amendments or patentability arguments during prosecution at all.  It logically follows that there is nothing that could create a prosecution history estoppel.  Indeed, Defendants have never identified any prosecution activity that allegedly creates a prosecution history estoppel.

***Preemption:*** Defendants' preemption defense presumably was directed to Waymo's claim under the California Unfair Competition Law (UCL).  This Court held that the UCL claim was indeed preempted by CUTSA, and therefore dismissed the UCL claim. (Dkt. 576.)  With the UCL claim dismissed, there are no longer any remaining preemption concerns.  Notably, Waymo's Federal DTSA claim does ***not*** preempt its California-law CUTSA claim.  *See* 18 U.S.C. § 1838 (stating that DTSA does not preempt state-law claims or remedies); *Brand Energy & Infrastructure Servs., Inc. v. Irex Contracting Grp.,* No. CV 16-2499, 2017 WL 1105648, at *7 n. 17 (E.D. Pa. Mar. 24, 2017) ("the DTSA does not preempt state trade secret laws.")

***Res Judicata:*** This is the first lawsuit in which Waymo (or any Waymo privy) has accused Defendants or their privies of trade secret misappropriation or patent infringement.  Thus, there is no possible basis for res judicata to apply.

***Statute of Limitations:*** Defendants' trade secret misappropriation and patent infringement began roughly a year before Waymo filed suit, give or take a few months.  As noted above, Waymo did not learn about this activity until weeks before it filed suit.  Thus, Waymo's suit was filed well within the three-year limitations period that applies to claims under DTSA and CUTSA.  *See* 18 U.S.C. § 1836(d); Cal. Civ. Code § 3426.6.  Likewise, all of Defendants' patent infringement occurred within the six-year window for which infringement damages can be collected.  *See* 35 U.S.C. § 286.  Thus, there are no statute-of-limitations concerns for any of Waymo's claims.