1   MILES EHRLICH (Bar No. 237954)
    miles@ramsey-ehrlich.com
2   ISMAIL RAMSEY (Bar No. 189820)
    izzy@ramsey-ehrlich.com
3   AMY CRAIG (Bar No. 269339)
    amy@ramsey-ehrlich.com
4   RAMSEY & EHRLICH LLP
    803 Hearst Avenue
5   Berkeley, CA 94710
    (510) 548-3600 (Tel)
6   (510) 291-3060 (Fax

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9               SAN FRANCISCO DIVISION

10

11  WAYMO LLC,

12                Plaintiffs,          Case No.: 3:17-cv-00939-WHA

13      vs.                            **NON-PARTY ANTHONY
                                       LEVANDOWSKI'S FIRST
14                                     SUPPLEMENTAL OBJECTIONS AND
    UBER TECHNOLOGIES, INC.;           RESPONSES TO WAYMO'S JUNE 23,
15  OTTOMOTTO LLC; OTTO TRUCKING       2017 SUBPOENA TO PRODUCE
    LLC,                               DOCUMENTS, INFORMATION, OR
16                                     OBJECTS OR TO PERMIT INSPECTION
                Defendants.            OF PREMISES IN A CIVIL ACTION**
17

18

19

20          In its August 15, 2017 order, the Court ordered non-party Anthony Levandowski to amend

21  his responses to Plaintiff Waymo's June 23, 2017 subpoena directed to Mr. Levandowski (the

22  "Subpoena") with respect to the request for Tyto documents in Request 1, and with respect to the

23  "Remaining Requests" that were not otherwise addressed in the Court's order.  Dkt. 1213 at 3.  In

24  accordance with the Court's order, and under Rule 45 of the Federal Rules of Civil Procedure,

25  Mr. Levandowski, a non-party to this litigation, hereby provides the following amended responses

26  to Subpoena Requests: 1, 7, 8, 14, 15, 17, 18, 21, 22, 23, 28, 29, 30, 32 and 38.

27

28

## I.      PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Mr. Levandowski specifically incorporates each of the following general objections into his responses to each of Waymo's document requests and topics for testimony, whether or not each such general objection is expressly referred to in Mr. Levandowski's response to a specific request or topic.  An agreement to produce responsive documents in the responses below means only that Mr. Levandowski will produce non-privileged documents within his custody or control that he identifies after a reasonable search and diligent inquiry, and is not a representation that any such responsive documents exist.

1.      Mr. Levandowski objects to the Subpoena as overbroad and burdensome in that it fails to place any temporal limitation on the scope of the documents requested save requests Nos. 3 and 31.

2.      Mr. Levandowski objects to any request to the extent that it is vague, overbroad, unduly burdensome, or oppressive, or to the extent it purports to impose upon Mr. Levandowski any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure or the Local Rules.  The 2015 amendments to the Federal Rules of Civil Procedure impose strict new limits on discovery, and now obligate the "court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  The Federal Rules now limit the scope of discovery to that which is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  Mr. Levandowski will not comply with any attempt to impose obligations not required by those Rules.

3.      Mr. Levandowski objects to any request to the extent it seeks information and documents protected from discovery under the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or

2

doctrine.  The inadvertent production by Mr. Levandowski of any information protected from disclosure by any privilege or doctrine shall *not* constitute a waiver by Mr. Levandowski of such protections.  Mr. Levandowski expressly reserves the right to demand the return and/or destruction of any and all such privilege or protected documents or information inadvertently produced by Mr. Levandowski in this action.

4.      Mr. Levandowski objects to any instruction or request to the extent that it would impose a duty on Mr. Levandowski to undertake a search for, or an evaluation of, information, documents, or things for which Waymo is equally able to search for and evaluate, including documents that are publicly available, in the possession of parties to this litigation, and/or are already in the possession of Waymo.

5.      Mr. Levandowski objects to any request to the extent it seeks information and documents outside of Mr. Levandowski's possession, custody, or control.  Mr. Levandowski further objects to the Subpoenas to the extent they purport to require production of any materials that are within the possession, custody, or control of Mr. Levandowski's former employer—Uber, or other Uber personnel.  Documents possessed by another entity or person are not within the possession, custody, or control of Mr. Levandowski.

6.      Mr. Levandowski objects to any request that seeks confidential and/or proprietary information, as well as material impinging on the privacy interests of Mr. Levandowski.  Mr. Levandowski will produce documents containing such information only subject to the terms of an appropriate protective order pursuant to Fed. R. Civ. P. 26(c).

7.      Mr. Levandowski objects to any request that seeks material protected from disclosure by Mr. Levandowski's Fifth Amendment privilege. The requests for documents here are so broad as to constitute a fishing expedition and would require Mr. Levandowski to make testimonial acts of production to make a document-by-document response. *See, e.g., United States v. Hubbell*, 530 U.S. 27 (2000).

8.      Mr. Levandowski objects to any request that seeks information that is subject to confidentiality or non-disclosure agreements with third parties.  This includes, most importantly, confidentiality and non-disclosure agreements between Mr. Levandowski and his former

3

NON-PARTY ANTHONY LEVANDOWSKI'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
WAYMO'S JUNE 23, 2017 SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER

employer, Uber.  Mr. Levandowski will produce such information (1) only to the extent that he is permitted to do so under his agreements, (2) only after those third parties receive appropriate notice and are provided with a reasonable opportunity to raise objections, and (3) only after the Court resolves any such third-party objections.  Further, Mr. Levandowski will produce such information only subject to an appropriate protective order under Fed. R. Civ. P.26(c).

9.      Mr. Levandowski objects to each request and instruction to the extent that the information requested is in the possession of and/or is equally available from Plaintiff Waymo, individually and on behalf of all others similarly situated.  It is a matter of well-settled law that a party should first obtain discovery from its opponent before burdening a non-party with discovery requests.  *See, e.g.*, *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (holding that a district court can properly require a party to seek discovery from its party opponent before burdening a non-party with a subpoena); *Medcorp, Inc. v. Pinpoint Technologies, Inc.*, No. 08-CV-00867, 2009 WL 2194036, at *4 (D. Colo. July 14, 2009) ("With respect to discovery issued to non-parties, a party seeking discovery must satisfy a burden of proof heavier than the ordinary burden imposed by Rule 26 relating to discovery on any matter relevant to the subject matter involved in the pending action . . . When, as here, discovery identified in the subpoena duces tecum is sought from non-parties, the status of a person as a non-party is a factor of which weighs against disclosure.  Given the short period of time in which third-parties have to respond to such subpoenas, particularly when compared to parties to litigation, this level of discovery is not appropriate.").

10.     Mr. Levandowski objects to any request that seeks "any" or "all" documents relating to the subject matter of the request as overly broad, unduly burdensome, and oppressive when documents sufficient to show the requested information would satisfy any reasonable discovery need of Defendant.

11.     Mr. Levandowski objects to each request and instruction to the extent that it is vague, ambiguous, and unclear.

12.     Mr. Levandowski objects to each request to the extent it requires disclosure from

which Mr. Levandowski is entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden and expense.

13.     Mr. Levandowski objects to each request and instruction to the extent they call for legal conclusions in order to provide a response and/or produce documents or information.

14.     Mr. Levandowski objects to each paragraph of the section labeled "Definitions" and to each and every request to the extent they purport to give meaning or legal significance to a document, fact, or purported fact whose meaning or significance is subject to dispute between the parties.  Mr. Levandowski further objects to Waymo's "Definitions" to the extent they (1) render any request vague, overbroad, or unduly burdensome; (2) seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; or (3) impose obligations or demands on Mr. Levandowski beyond those contemplated by the Federal Rules of Civil Procedure and the applicable Local Rules.  Mr. Levandowski's responses to each of Waymo's requests shall not constitute an admission or concession to any of the definitions, terms, phrases, assertions, characterizations, or implications contained therein.

15.     No agreement by Mr. Levandowski to provide information in response to a request shall be construed as a waiver of Mr. Levandowski's right to object to the use of that information during trial or any other proceeding in this or any other action.

16.     Mr. Levandowski objects to each paragraph of the section labeled "Instructions" to the extent the instructions (1) render any request vague, overbroad, or unduly burdensome; (2) seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; or (3) impose obligations and demands on Mr. Levandowski beyond those contemplated by the Federal Rules of Civil Procedure and the applicable Local Rules.  Mr. Levandowski will not comply with any attempt to impose obligations not required by those rules.

17.     Mr. Levandowski reserves the right to assert additional objections to Waymo's requests, as appropriate.

NON-PARTY ANTHONY LEVANDOWSKI'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO WAYMO'S JUNE 23, 2017 SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

All DOCUMENTS and COMMUNICATIONS REGARDING ODIN WAVE and/or TYTO before May 5, 2016.

**RESPONSE TO REQUEST NO. 1:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to the subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks confidential and/or proprietary information.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:**  The Court has ordered Mr. Levandowski to amend his response regarding Waymo's request for Tyto documents.  Mr. Levandowski amends his response as follows:  Mr. Levandowski has produced documents responsive to Waymo's request for Tyto documents.  Mr. Levandowski is asserting his Fifth Amendment privilege with respect to whether he has any additional documents responsive to this request.  Mr. Levandowski will further address the basis for his assertion of the Fifth Amendment through the court-ordered *in camera* submission and public brief.  *See* Dkt. 1213.

**REQUEST NO. 2:**

All DOCUMENTS and COMMUNICATIONS REGARDING APPARATE INTERNATIONAL.

6

**RESPONSE TO REQUEST NO. 2:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks confidential and/or proprietary information.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 3:**

All DOCUMENTS and COMMUNICATIONS REGARDING UBER before August 23, 2016.

**RESPONSE TO REQUEST NO. 3:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information.

NON-PARTY ANTHONY LEVANDOWSKI'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO WAYMO'S JUNE 23, 2017 SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER

Subject to and without waiving his objections, Mr. Levandowski responds as follows:
After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 4:**

All DOCUMENTS and COMMUNICATIONS REGARDING POUCH HOLDINGS.

**RESPONSE TO REQUEST NO. 4:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 5:**

All DOCUMENTS and COMMUNICATIONS REGARDING DOGWOOD LEASING.

**RESPONSE TO REQUEST NO. 5:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.   Mr. Levandowski further objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski also objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product

NON-PARTY ANTHONY LEVANDOWSKI'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
WAYMO'S JUNE 23, 2017 SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER

doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 6:**

All DOCUMENTS and COMMUNICATIONS REGARDING SANDSTONE.

**RESPONSE TO REQUEST NO. 6:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.   Mr. Levandowski further objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski also objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 7:**

All DOCUMENTS REGARDING the formation of OTTOMOTTO, including, without limitation, business formation documents, business plans, and solicitations of investment capital.

**RESPONSE TO REQUEST NO. 7:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski further

9

objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:**  Mr. Levandowski has produced documents responsive to this request.  Mr. Levandowski is withholding other documents responsive to this request on the basis of his attorney-client privilege and/or the attorney work product doctrine.  Mr. Levandowski will provide a privilege log to Waymo for any documents being withheld from production in response to this request on the basis of attorney-client related privileges on or before August 22, 2017.

**REQUEST NO. 8:**

All DOCUMENTS REGARDING the formation of OTTO TRUCKING, including, without limitation, business formation documents, business plans, and solicitations of investment capital.

**RESPONSE TO REQUEST NO. 8:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information.

NON-PARTY ANTHONY LEVANDOWSKI'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO WAYMO'S JUNE 23, 2017 SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:**  Mr. Levandowski has produced documents responsive to this request.  Mr. Levandowski is withholding other documents responsive to this request on the basis of his attorney-client privilege and/or the attorney work product doctrine. Mr. Levandowski will provide a privilege log to Waymo for any documents being withheld from production in response to this request on the basis of his attorney-client related privileges on or before August 22, 2017.

**REQUEST NO. 9:**

All COMMUNICATIONS with Brian McClendon.

**RESPONSE TO REQUEST NO. 9:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 10:**

All COMMUNICATIONS with Travis Kalanick.

11

**RESPONSE TO REQUEST NO. 10:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 11:**

All COMMUNICATIONS with John Bares.

**RESPONSE TO REQUEST NO. 11:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

NON-PARTY ANTHONY LEVANDOWSKI'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
WAYMO'S JUNE 23, 2017 SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 12:**

All COMMUNICATIONS with Cameron Poetzscher.

**RESPONSE TO REQUEST NO. 12:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 13:**

All COMMUNICATIONS with Nina Qi.

**RESPONSE TO REQUEST NO. 13:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-

13

client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 14:**

All COMMUNICATIONS with STROZ.

**RESPONSE TO REQUEST NO. 14:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:**  During the meet and confer call on July 28, 2017, counsel for Waymo acknowledged that Mr. Levandowski's response to this request would be governed by the Federal Circuit's decision in Mr. Levandowski's pending appeal regarding the privileges applicable to Stroz materials.  Mr. Levandowski will update his response to this request in accordance with the Federal Circuit's decision, once it has been issued.

**REQUEST NO. 15:**

All COMMUNICATIONS with any PERSON REGARDING STROZ.

14

**RESPONSE TO REQUEST NO. 15:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.   Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:**  During the meet and confer call on July 28, 2017, counsel for Waymo acknowledged that Mr. Levandowski's response to this request would be governed by the Federal Circuit's decision in Mr. Levandowski's pending appeal regarding the privileges applicable to Stroz materials.  Mr. Levandowski will update his response to this request in accordance with the Federal Circuit's decision, once it has been issued.

**REQUEST NO. 16:**

All DOCUMENTS and COMMUNICATIONS REGARDING the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST NO. 16:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.

NON-PARTY ANTHONY LEVANDOWSKI'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO WAYMO'S JUNE 23, 2017 SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 17:**

All COMMUNICATIONS with Lior Ron REGARDING WAYMO, GOOGLE, or LiDAR.

**RESPONSE TO REQUEST NO. 17:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response. Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine. Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:** Mr. Levandowski has produced documents responsive to this request. Mr. Levandowski is asserting his Fifth Amendment right with respect to whether he has additional documents responsive to this request. Mr. Levandowski will further address the basis for his assertion of the Fifth Amendment through an *in camera* submission and public brief in compliance with the Court's order. *See* Dkt. 1213.

**REQUEST NO. 18:**

All COMMUNICATIONS with Lior Ron before August 18 REGARDING UBER.

NON-PARTY ANTHONY LEVANDOWSKI'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO WAYMO'S JUNE 23, 2017 SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER

**RESPONSE TO REQUEST NO. 18:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request as it does not include a year to limit the scope of the request.  Mr. Levandowski further objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows: After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:**  Mr. Levandowski has produced documents responsive to this request.  Mr. Levandowski is asserting his Fifth Amendment right with respect to whether he has additional documents responsive to this request.  Mr. Levandowski will further address the basis for his assertion of the Fifth Amendment through an *in camera* submission and public brief in compliance with the Court's order. *See* Dkt. 1213.

**REQUEST NO. 19:**

All COMMUNICATIONS with Colin Sebern REGARDING WAYMO, GOOGLE, or LiDAR.

**RESPONSE TO REQUEST NO. 19:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the

17

attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 20:**

All COMMUNICATIONS with Don Burnette REGARDING WAYMO, GOOGLE, or LiDAR.

**RESPONSE TO REQUEST NO. 20:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

18

**REQUEST NO. 21:**

All COMMUNICATIONS with Soren Juelsgaard REGARDING WAYMO, GOOGLE, or LiDAR.

**RESPONSE TO REQUEST NO. 21:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response. Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine. Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:** Mr. Levandowski has produced documents responsive to this request. Mr. Levandowski is asserting his Fifth Amendment right with respect to whether he has additional documents responsive to this request. Mr. Levandowski will further address the basis for his assertion of the Fifth Amendment through an *in camera* submission and public brief in compliance with the Court's order. *See* Dkt. 1213.

**REQUEST NO. 22:**

All COMMUNICATIONS with Ognen Stojanovski REGARDING WAYMO, GOOGLE, or LiDAR.

**RESPONSE TO REQUEST NO. 22:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:**  Mr. Levandowski is withholding documents responsive to this request on the basis of his attorney-client privilege and the attorney work product doctrine.  Mr. Levandowski will provide a privilege log to Waymo for any documents being withheld from production in response to this request on the basis of attorney-client related privileges on or before August 22, 2017.

**REQUEST NO. 23:**

All agreements with any DEFENDANT.

**RESPONSE TO REQUEST NO. 23:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the

20

attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:**  Mr. Levandowksi has produced documents in response to this request.  Mr. Levandowksi is not withholding any documents in response to this request.

## REQUEST NO. 24:

All agreements with SANDSTONE.

## RESPONSE TO REQUEST NO. 24:

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.   Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged,

21

responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 25:**

All agreements with APPARATE INTERNATIONAL.


**RESPONSE TO REQUEST NO. 25:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.   Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 26:**

All agreements with POUCH HOLDINGS.

**RESPONSE TO REQUEST NO. 26:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.   Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-

22

product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 27:**

All agreements with DOGWOOD LEASING.

**RESPONSE TO REQUEST NO. 27:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.   Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or  the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**REQUEST NO. 28:**

23

All agreements with Lior Ron.

**RESPONSE TO REQUEST NO. 28:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response. Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition. Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine. Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation. Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:** Mr. Levandowksi does not have any documents responsive to this request.

**REQUEST NO. 29:**

All agreements with John Gardner.

**RESPONSE TO REQUEST NO. 29:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response. Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition. Mr. Gardner is Mr. Levandowski's personal attorney. Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any

24

other applicable privilege or doctrine.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:**  Mr. Levandowksi does not have any documents responsive to this request.

**REQUEST NO. 30:**

All agreements with Ognen Stojanovski.

**RESPONSE TO REQUEST NO. 30:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Stojanovski is an attorney.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.

Subject to and without waiving his objections, Mr. Levandowski responds as follows: After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:**  Mr. Levandowksi does not have any documents responsive to this request.

**REQUEST NO. 31:**

All DOCUMENTS or COMMUNICATIONS after January 27, 2016 REGARDING WAYMO's LiDAR.

**RESPONSE TO REQUEST NO. 31:**

Mr. Levandowski incorporates his General Objections above as though set forth in this

25

response.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

**REQUEST NO. 32:**

All COMMUNICATIONS with any PERSON REGARDING THIS CASE.

**RESPONSE TO REQUEST NO. 32:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the individual(s) with whom the communications were made.

Subject to and without waiving his objections, Mr. Levandowski responds as follows: After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:**  On the July 28, 2017 meet and confer, Special Master Cooper determined that this request constituted a fishing expedition and should be set aside.

**REQUEST NO. 33:**

All DOCUMENTS belonging to WAYMO in YOUR possession, custody, or control.

**RESPONSE TO REQUEST NO. 33:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and

26

documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege.

**REQUEST NO. 34:**

All DOCUMENTS belonging to GOOGLE in YOUR possession, custody, or control.

**RESPONSE TO REQUEST NO. 34:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege.

**REQUEST NO. 35:**

All DOCUMENTS and COMMUNICATIONS referring or relating to DOCUMENTS belonging to WAYMO in YOUR possession, custody, or control.

**RESPONSE TO REQUEST NO. 35:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.   Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine;

**REQUEST NO. 36:**

All DOCUMENTS and COMMUNICATIONS referring or relating to DOCUMENTS belonging to GOOGLE in YOUR possession, custody, or control.

**RESPONSE TO REQUEST NO. 36:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.   Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine;

**REQUEST NO. 37:**

NON-PARTY ANTHONY LEVANDOWSKI'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
WAYMO'S JUNE 23, 2017 SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER

All COMMUNICATIONS and DOCUMENTS REGARDING any attempt to conceal, hide, or destroy the MISAPPROPRIATED MATERIALS.

**RESPONSE TO REQUEST NO. 37:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.   Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine;

**REQUEST NO. 38:**

All COMMUNICATIONS and DOCUMENTS REGARDING your termination from UBER.

**RESPONSE TO REQUEST NO. 38:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski objects to this request because it is not calculated to lead to discoverable material, and constitutes an improper fishing expedition.  Mr. Levandowski further objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski further objects to this request to the extent that it seeks confidential and/or proprietary information and/or documents that are protected by privacy rights under the United States Constitution or state or federal law, or other confidentiality protections.

Subject to and without waiving his objections, Mr. Levandowski responds as follows:

After a reasonable, diligent search, Mr. Levandowski will produce non-privileged, responsive documents, the act of production of which is not protected by the Fifth Amendment.

**August 18, 2017 Amended Response:**   Mr. Levandowski has produced documents in response to this request.  Mr. Levandowski is not withholding any documents in response to this request.

28

Dated:  August 18, 2017

Respectfully Submitted,

/s/ Miles Ehrlich
Miles Ehrlich
Ismail Ramsey
Amy Craig
Ramsey & Ehrlich LLP
803 Hearst Ave.
Berkeley, CA 94710
Tel:  (510) 548-3600

Counsel to Anthony Levandowski

NON-PARTY ANTHONY LEVANDOWSKI'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
WAYMO'S JUNE 23, 2017 SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER