UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**ORDER RE: SCOPE OF UBER'S SUBJECT MATTER WAIVER** |

The Court previously found that Uber waived its attorney-client privilege when it disclosed the contents of a March 29, 2017 conversation between its litigation counsel, its CEO Travis Kalanick, and its executive Anthony Levandowski. (Dkt. No. 1172.) The Court then asked the parties to file supplemental submissions regarding the scope of Uber's waiver and invited Mr. Levandowski to file a submission as well given that he is likely to assert a privilege in conversations that he had that would otherwise be covered by Uber's waiver. The district court subsequently affirmed the Court's finding of Uber's waiver and held that because the waiver came too late in the litigation Uber is barred from offering evidence of the contents of that conversation at trial. (Dkt. No. 1267 at 3.) The district court further held that "Waymo remains entitled to look into the subject matter over which Uber has waived privilege" and thus the scope of Uber's waiver must still be decided. "If, at trial, Waymo ultimately introduces evidence on the waived subject matter, then Uber may in fairness be allowed to respond with its own evidence on the

same." (*Id.*). Accordingly, the Court addresses the scope of Uber's waiver below and finds that because Uber cannot waive Mr. Levandowski's privilege in conversations covered by the subject matter of Uber's waiver, Uber should not be allowed to offer evidence of the March 29 conversation at trial for this additional reason.

**DISCUSSION**

The parties agree that the scope of Uber's waiver is all privileged conversations in which Mr. Levandowski discussed his downloading of Waymo's files and his decision to invoke the Fifth Amendment, along with Uber's response. The difficulty is that Mr. Levandowski has asserted his own attorney-client privilege in those conversations, including the March 29 conversation that Uber disclosed, pursuant to his and Uber's Joint Defense Agreement. (Dkt. No. 1246.) All parties also agree that Uber cannot waive Mr. Levandowski's privilege and thus that the Court cannot order Uber to testify as to what was said in the conversations covered by Uber's waiver. *See, e.g., United States v. Gonzalez*, 669 F.3d 974, 982 (9th Cir. 2012). Finally, Uber and Waymo also agree that Uber should therefore be precluded from offering into evidence the contents of the March 29, 2017 conversation. (Dkt. No. 1249 at 2; Dkt. No. 1248 at 4.) The Court agrees that result makes sense. Thus, Uber's inability to waive the privilege as to all conversations which in fairness it should disclose is an additional reason to preclude it from offering the March 29, 2017 conversation into evidence.

The district court left Waymo the option of nonetheless offering the March 29 conversation into evidence. Discovery closes on August 24, 2017. If Waymo wishes to challenge Mr. Levandowski's assertion of an individual attorney-client privilege in the March 29 and related conversations it must do so before discovery closes. Should Waymo decide not to do so, this Court will not revisit the scope of Uber's waiver.

Finally, the Court declines Mr. Levandowski's invitation to this Court to make a factual finding that he has and did not waive an attorney-client privilege in the March 29 conversation disclosed by Uber. That is a matter for future proceedings if and when a party attempts to use those communications against Mr. Levandowski.

This Order disposes of Docket No. 1246.

**IT IS SO ORDERED.**

Dated: August 23, 2017

                                                              JACQUELINE SCOTT CORLEY
                                                                United States Magistrate Judge