Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendant
Otto Trucking LLC

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Waymo LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF HONG-AN VU IN SUPPORT OF DEFENDANT OTTO TRUCKING LLC'S MOTION TO COMPEL A SWORN STATEMENT OR PRECLUDE EVIDENCE AND TESTIMONY AT TRIAL**<br><br>Courtroom:　　F-15th Floor<br>Magistrate Judge: Hon. Jacqueline Scott Corley<br>Trial:　　　　October 10, 2017<br><br>Filed/Lodged Concurrently with:<br>1. Letter Brief |

I, Hong-An Vu, declare as follows:

1. I am an associate at the law firm of Goodwin Procter, LLP, representing defendant Otto Trucking LLC ("OT") in this matter. I am a member in good standing of the State Bar of California. I make this declaration in support of Otto Trucking LLC's Motion to Compel a Sworn Statement or Preclude Evidence and Testimony at Trial (the "Motion"). I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of OT's First Set of Requests for Production of Documents and Things to Waymo LLC ("Waymo"), served on May 17, 2017.

3. Attached hereto as **Exhibit 2** is a true and correct copy of Waymo's Objections and Responses to Otto Trucking's First Set of Requests for Productions [*sic*], served on June 16, 2017.

4. Attached hereto as **Exhibit 3** is a true and correct copy of an email chain between the parties and the Special Master that includes a June 18, 2017 email in which Shane Brun, counsel for Otto Trucking initiates meet and confer discussions with counsel for Waymo. I was copied and participated in later emails in this chain. This email references a number of discussions between Waymo and Otto Trucking, including Otto Trucking's demand for ▓▓ log data or an explanation as to why additional information did not exist. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5. Following the emails Exhibit 3, I requested at least three additional times by email or on calls that Waymo provide the information in the July 18 email regarding Waymo's failure to retain ▓▓ log information into verified responses. Counsel for Waymo stalled in providing a response and later flat out refused. Although the Special Master understood Otto Trucking's request for a verified document that can be used at trial, he also confirmed that statements made by Waymo in the meet and confer emails were binding on Waymo even if Waymo refused to provide a verified statement.

1  6. Attached hereto as **Exhibit 4** is a true and correct copy of an email and attachment I
2 sent to counsel for Waymo on August 3, 2017 regarding documents referenced in the deposition
3 of Kristinn Gudjonsson that Otto Trucking believed had not been produced.  Following Mr.
4 Gudjonsson's deposition, Otto Trucking sent an email requesting a large list of documents.
5 However, through the meet and confer process, Otto Trucking narrowed the list to the documents
6 identified in this August 3 email.  On August 6, I met and conferred with James Baker, counsel for
7 Waymo, about this list.  During that conversation, the parties identified some documents that have
8 been produced by Waymo, and other documents that Waymo was likely not going to produce, but
9 that Mr. Baker would "get back" to me about whether his client would agree to produce.  Despite
10 multiple follow-ups, Mr. Baker did not provide a response.

11  7. Attached hereto as **Exhibit 5** is a true and correct copy of an August 8, 2017 email
12 from Shane Brun of Goodwin Procter to Jeff Nardinelli of Quinn Emanuel Urquhart & Sullivan,
13 LLP, Waymo's counsel in this action.  I was copied on this email and received it
14 contemporaneously.  The email chain includes several attempts by OT to meet and confer in
15 writing with Waymo, beginning on July 24, 2017, with an email from Hayes Hyde of Goodwin
16 Procter to Waymo's counsel.  I was copied on all of the included emails and received them
17 contemporaneously.

18  8. On August 8, 2017, I met and conferred with Mr. Nardinelli with the Special
19 Master present the contents of Exhibit 5. During this call, Mr. Nardinelli stated that the parties
20 were substantially in agreement based on Mr. Brun's summary of Waymo's representations that
21 certain documents did not exist. He stated that he would provide a written response as to each
22 issue raised by Thursday, August 10.  He never provided this promised response.

23  9. On August 9, 2017, I met and conferred with counsel for Waymo on a call with the
24 Special Master requesting that Otto Trucking be permitted to inspect a computer Anthony
25 Levandowski had been using at the time of his departure from Google.  Jeff Nardinelli, counsel for
26 Waymo, stated that this laptop had been reformatted and assigned to another employee who had
27 been using it since February 2016.  He also represented that there was no relevant information on
28 that laptop, the forensic engineers did not review it as part of the investigation, and that Google

1   did not retain an image of that laptop before reformatting it.  Based on these facts, Waymo would
2   not provide Otto Trucking access to the HP Workstation.  In response, I stated that Otto Trucking
3   would move to compel on this issue.
4       10.     Attached hereto as **Exhibit 6** is a true and correct copy of an August 10, 2017 email
5   I sent to counsel for Waymo, the Special Master, and defendants.  Hearing no response as to the
6   August 3 email and following the August 6 meet and confer, in an effort to consolidate and
7   resolve many of the issues that Otto Trucking and Waymo had been discussing, Otto Trucking
8   further narrowed its request for log information referenced in the depositions of Gary Brown and
9   Kristinn Gudjonsson to twelve types of log information for employees of Waymo who, based on
10  available information, had downloaded several gigabytes of data from the ███████.
11      11.     Following this email, the parties met and conferred on August 10.  During this call,
12  I suggested that the parties could avoid the motion to compel discussed on August 9 if Waymo
13  would agree to stipulate to the facts Mr. Nardinelli represented on August 9 regarding the HP
14  Workstation.  Mr. Nardinelli agreed.
15      12.     On this call, Waymo also communicated that it would not produce the requested
16  log information requested in August 10 because it was too burdensome.  To resolve this issue, I
17  suggested that we include this log information in the stipulation regarding the HP Workstation as
18  well.
19      13.     Attached hereto as **Exhibit 7** is a true and correct copy of my August 15, 2017
20  email to Mr. Nardinelli, attaching a draft Stipulation of Facts and confirming that Waymo agreed
21  to these facts during the meet and confer.  To date, neither Mr. Nardinelli nor any of his colleagues
22  have provided a substantive response or agreement to the stipulation.
23      14.     Attached hereto as **Exhibit 8** is a true and correct copy of the Declaration of Gary
24  Brown, dated March 9, 2017 and submitted in support of Waymo's Motion for a Preliminary
25  Injunction.
26      15.     Attached hereto as **Exhibit 9** is a true and correct copy of selected portions of the
27  deposition of Gary Brown, taken on August 8, 2017.
28      16.     Attached hereto as **Exhibit 10** is a true and correct copy of the Court's August 18,

1 | 2017 Order re: Otto Trucking's Motion to Compel Further Information Regarding Waymo's
2 | Forensic Investigation.

3     17.     Attached hereto as **Exhibit 11** is a true and correct copy of the draft stipulation
4 Otto Trucking presented to Waymo regarding the issues discussed in the Motion.

5     18.     Attached hereto as **Exhibit 12** is a true and correct copy of WAYMO-UBER-
6 00047598, a document produced by Waymo in this action.

7     19.     Attached hereto as **Exhibit 13** is a true and correct copy of WAYMO-UBER-
8 00047597, a document produced by Waymo in this action.

9     20.     Attached hereto as **Exhibit 14** is a true and correct copy of WAYMO-UBER-
10 00047599, a document produced by Waymo in this action.

11     21.     Attached hereto as **Exhibit 15** is a true and correct copy of WAYMO-UBER-
12 00015963, a document produced by Waymo in this action.

13     22.     Attached hereto as **Exhibit 16** is a true and correct copy of selected portions of the
14 deposition of Kristinn Gudjonsson, taken on July 28, 2017.

15     23.     Attached hereto as **Exhibit 17** is a true and correct copy of Otto Trucking's Notice
16 of Inspection served on Waymo on August 7, 2017. Waymo has not served any formal objections
17 to this inspection request.

18 I declare under penalty of perjury under the laws of the United States that the foregoing
19 is true and correct. Executed this 23rd day of August, 2017 in Los Angeles, California.

                                        */s/ Hong-An Vu*
                                            Hong-An Vu

ACTIVE/92264483.1      4
VU DECLARATION ISO OTTO TRUCKING'S MOTION TO COMPEL
OR PRECLUDE EVIDENCE      CASE NO. 3:17-CV-00939-WHA

**ATTORNEY ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatory indicated by the conformed (/s/) of Hong-An Vu.

/s/ Neel Chatterjee
NEEL CHATTERJEE

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoingwith the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on August 23, 2017. I further certify that all participants in the case are registered CM/ECF users and that service of the Declaration, including all public and redacted exhibits attached hereto, will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of August 2017.

*/s/ Neel Chatterjee*
Neel Chatterjee

ACTIVE/92264483.1                       1
VU DECLARATION ISO OTTO TRUCKING'S MOTION TO COMPEL
OR PRECLUDE EVIDENCE                              CASE NO. 3:17-CV-00939-WHA