GOODWIN

Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com
+1 650 752 3100

August 23, 2017

**VIA ECF**

The Honorable Jacqueline Scott Corley
United States Magistrate Judge
United States District Court for the Northern District of California
Phillip Burton United States Courthouse
450 Golden Gate Avenue
Courtroom F - 15th Floor
San Francisco, CA 94102

Re:     *Waymo LLC v. Uber Technologies, LLC, et al.* **(Case No. 3:17-cv-00939-WHA)**

Dear Magistrate Judge Corley:

Otto Trucking LLC submits this letter brief requesting that the Court order Waymo to provide a sworn statement which is admissible at trial containing the representations it has made in meet and confer discussions as to why it is not producing certain documents relating to its investigation of Anthony Levandowski and other former employees.  In the alternative, if Waymo refuses to provide this sworn statement, Otto Trucking requests that the Court preclude Waymo from introducing evidence regarding its investigation, based on its refusal and failure to provide documents and information relevant to that investigation.  Otto Trucking has been prejudiced by Waymo's failure to comply with its discovery obligations, and Waymo should not be rewarded for its gamesmanship and stall tactics on the eve of the discovery cutoff.

Respectfully submitted,

 /s/ Neel Chatterjee

Neel Chatterjee
GOODWIN PROCTER LLP

*Attorneys for Defendant*
Otto Trucking LLC

cc:  Counsel of Record (via ECF); Special Master Cooper

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1



Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com
+1 650 752 3100

Waymo has stalled and stonewalled Otto Trucking's ("OT") ability to obtain evidence central to Waymo's investigation.  For example, after receiving Waymo's deficient responses to OT's First Set of Requests for Production of Documents and Tangible Things on June 16, 2017, OT's counsel sent a detailed e-mail to Waymo's counsel on July 24, 2017, in an effort to set up a meet and confer discussion by July 27, 2017.  *See* Declaration of Hong-An Vu ("Vu Decl."), Exs. 1-3, 5.  After Waymo failed to respond by July 27, OT's counsel wrote to Waymo's counsel again.  Vu Decl., Ex. 5.  On July 28, 2017, after Waymo still had not responded, OT's counsel wrote *again* to demand a response.  *Id.*  Finally, on July 30, 2017, Waymo responded, advising generally that most of the requested documents either do not exist or have been destroyed.  Vu Decl., Ex. 5.  When Waymo agreed to provide a 30(b)(6) witness to confirm the accuracy of the representation in the emails, the witness could not do so.  *See* Ex. 9, at 224:15-230:17.

Discovery has recently revealed that Google has significantly more information at its disposal than Waymo has produced or is willing to produce.  Indeed, Waymo's position as it relates to the investigation, is that Waymo is only willing to produce what Gary Brown and Kristinn Gudjonsson relied on in concluding that Anthony Levandowski downloaded 14,000 files from Google's ▮▮▮▮▮▮▮.  Waymo seeks to draw extraordinary inferences from these allegations, yet has precluded Otto Trucking's ability to test these inferences.  Waymo's position has prejudiced Otto Trucking's ability to fully examine the conclusions of Google's security engineer and anticipated expert.  This is especially problematic considering how central the investigation is to Waymo's claims and the fact that there is already evidence that suggests that Google's engineers may have been biased in reaching their conclusions.  (*See* Dkt. 1272, "For example, Mr. Brown testified that in conducting investigations he does not keep anything that 'was not deemed explicitly relevant for what we are trying to prove.'  Waymo, however, instructed Mr. Brown not to answer what he was asked to prove even though the answer goes directly to any bias in his investigation and its thoroughness.").

To remedy this prejudice, OT requests that the Court order Waymo to either: (1) provide a sworn statement that can be used at trial memorializing the representations that Waymo has already made in meet and confer discussions as to its inability or refusal to produce certain requested documents and information, or (2) be precluded at trial pursuant to F.R.C.P. No. 37 from making any claims about Mr. Levandowski's alleged downloading activity, introducing any evidence pertaining to the systems at issue and forensic investigation, and calling related witnesses, including Gary Brown, Kristin Gudjonsson, and any experts relying on the data.

## I.   WAYMO REFUSES OR CANNOT PRODUCE RELEVANT INFORMATION

OT has been seeking log data from Waymo to test their assertions in this case for a long while.  Waymo has consistently stonewalled and engaged in delay tactics, with its counsel repeatedly responding to various efforts to meet and confer that they will "get back" to OT's counsel.  However, Waymo's counsel only does so after delays and repeated follow-ups, and the ultimate "response" is either a refusal to cooperate or further delay.  See Vu Decl. ¶¶ 1-13. After many meet and confers, Waymo has finally admitted that certain documents do not exist or are too difficult to produce.

Despite counsel's admissions during the meet and confer, Waymo has refused to serve supplemental discovery responses or to enter into a sworn statement consistent with its counsel's representations to OT's counsel.  OT attempted to confirm these representations in a Stipulation of Facts, which it sent to Waymo's counsel, but Waymo refused to substantively discuss the stipulation and has refused to enter into the stipulation.  Vu Decl., Ex. 7.  The stipulation or a sworn statement should not be a difficult issue, as the parties are substantially in agreement on the facts.  However, Waymo's delay and refusal to timely respond is consistent with its dilatory discovery conduct throughout this litigation.  OT is left without the requested information, and Waymo essentially refuses to stand by

the representations its counsel made about why Waymo cannot produce the requested documents.  With the discovery cutoff here, OT can no longer suffer from Waymo's dilatory tactics.

**A.** **Waymo Refuses to Verify Its Representations that Relevant ▮▮ Log Data Has Been Destroyed.**

Gary Brown relied on ▮▮ log data to conclude that Anthony Levandowski downloaded 14,000 files on December 11, 2015 onto a Google issued laptop, which Waymo has argued to be anomalous conduct that forms the basis of its misappropriation claim.  *See* Vu Decl., Ex. 8 at ¶ 17.  However, when pressed to produce log data relating to Anthony Levandowski's ▮▮ activities,[1] Waymo could only produce ▮▮ log data going back to September 2015—just *three months* of data before the alleged downloading occurred. Counsel for Waymo has represented that Google destroyed ▮▮ log data for Anthony Levandowski from ▮▮▮▮▮▮, because they could only go back ▮▮▮▮▮▮▮▮, the date they began preserving data for Mr. Levandowski.  Vu Decl., Ex. 3.  Waymo has not provided any explanation for why it did not preserve log information earlier when it is clear that the investigation of Mr. Levandowski began as early as February 2016.  Vu Decl., Ex. 9, 49:20-25; Ex. 16, 57:10-58:1.  When Mr. Brown was designated as the 30(b)(6) witness on preservation efforts, he testified inaccurately about the preservation of such data and, when confronted with Waymo's counsel's representations, could not definitively answer the question on preservation.

This key information, now unavailable, provides the context for whether Mr. Levandowski's accessing of the ▮▮ server and downloading documents was unusual.  Evidence already suggests that Mr. Levandowski had permissible access to the ▮▮▮▮▮▮ administrator had issued him passwords to the server. Vu Decl., Exs. 9-11.  The evidence also shows that the Google instructions for ▮▮ use would automatically download all files. Vu Decl. Ex. 15.

OT has repeatedly asked Waymo to put its representations about its retention of ▮▮ logs into a verified discovery response.  Waymo has inexplicably refused.  Because Waymo refuses to answer questions under oath, OT seeks a sworn statement from Waymo as to the representations made from counsel that can be used at trial to challenge the conclusions of Google's security engineers, as those conclusions were based on incomplete information.

**B.** **Waymo Refuses to Provide Access to Anthony Levandowski's Devices.**

Gary Brown's declaration is based on his analysis of one of Anthony Levandowski's computers—the "W-Laptop"—and certain types of log data generated by that computer.  However, documents and testimony from Waymo's witnesses demonstrate that Anthony Levandowski had many more computers during his time at Google.  Waymo has allowed OT access to two of Anthony's laptops to create images, but has denied access to any other devices.[2]

In denying access to one of Mr. Levandowski's computers that he was using at the time of his departure—the "HP Workstation"—counsel for Waymo has made certain representations about the status of this laptop, including:  (i) none of Google's security engineers analyzed this computer or log data associated with this computer as part of their review (including reviewing for any downloading or use of a card reader on this computer); (ii) the laptop had been reformatted and re-issued to another employee in February 2016; (iii) Google's reformatting deleted the information relating to Mr. Levandowski's activities stored on the HP Workstation; and (iv) Google did not retain an image of the HP Workstation before it was reformatted.

---

[1] OT requested logs of ▮▮ access and downloads in its Requests for Production Nos. 17 and 18.  Vu Decl., Ex. 1 at 11-12.

[2] OT requested these documents in its Requests for Production Nos. 44 and 45.  Vu Decl., Ex. 1 at 15.

Vu Decl., ¶ 9, Ex. 7.

To avoid a motion to compel, Waymo had agreed on a meet and confer call to stipulate to these facts. *Id.* However, when provided a stipulation, Waymo has refused to sign it or even provide edits such that the parties could continue to discuss resolution of this matter. *Id.* Waymo should provide a sworn statement that can be presented to the jury as to the representations about the HP Workstation that it has made as a basis for not providing OT with access to that computer.

### C.     Waymo Refuses to Provide Log Data for Anthony Levandowski Not Reviewed by the Security Engineers or Sample Data for Engineers on Project Chauffeur.

In the declaration of Gary Brown, he referenced many types of logs that he reviewed relating to the W-Laptop used by Mr. Levandowski.  In depositions, Gary Brown and Kristin Gudjonsson mentioned different types of logs that reference information relating to activities on the Google network.  Vu Decl. Ex. 6.[3]  OT sought this information to understand what is typical or atypical behavior within Google and Waymo.  Through the meet and confers, OT narrowed its list of log information requested to what would be most helpful to an expert reviewing the conclusions of Google's security engineers.  OT also requested an inspection where OT would replicate the conduct Mr. Levandowski allegedly did within the Google network, and then compare the log data generated by this exercises to Mr. Levandowski's existing log information.  Vu Decl., Ex. 17.

Waymo has refused to provide one shred of this information even though it has all of it.  One reason that Waymo refused to provide the requested information was that Gary Brown did not rely on any of this information in reaching his conclusions.  However, it is just as important to know what Mr. Brown *did not* review or *disregarded*, as it is to know what he used to support his pre-determined conclusions.  *See, e.g.*, *In re iPhone/iPad Application Consumer Privacy Litig.*, No. 11-MD-2250 LHK PSG, 2012 WL 5897351, at *5 (N.D. Cal. Nov. 21, 2012) (cautioning responding party that "[b]y limiting its responses to information supporting its theory of the case, [it] would impermissibly skew the evidence Plaintiffs can use to build their case," and granting motion to compel supplemental responses on this point); *Fox Hollow of Turlock Owners' Ass'n v. Sinclair*, No. 103-CV-05439-AWI-SAB, 2014 WL 4825175, at *1 (E.D. Cal. Sept. 26, 2014) ("The Sinclair Defendants may not decide which documents to produce; they must produce all responsive documents.").

Indeed, Mr. Brown testified at deposition that in performing an investigation, "the more information the better," and "[a]ll feasible rocks should be turned over."  Vu Decl., Ex. 6 at 99:17-18, 100:3-4.  And yet, Waymo has denied OT access to this information.  At this stage, the appropriate remedy for this stonewalling is to inform the jury that Waymo had additional data that Gary Brown disregarded and that has not been produced.

The other reason provided by Waymo for nonproduction is that the request is overly burdensome.  Waymo has only provided the most general explanation of burden.  Given the scope of discovery taken by Waymo in this case, their answer is simply not credible.  At this stage, even if Waymo suddenly agreed to produce this information, it would be too little too late, as there is not sufficient time before the close of discovery for OT to review this information.  As such, OT seeks to hold Waymo to its representations by seeking a sworn statement that while the log information exists, Waymo refuses to produce this information because its engineers did not review any of this information before concluding that Mr. Levandowski had downloaded 14,000 files, and that this downloading was anomalous or improper such that it would be the basis for its misappropriation claim.

---

[3] OT requested log data in its Requests for Production Nos. 9, 10, 11, 12, 13, 14, 17, 18, 26, 27, 33.  Vu Decl., Ex. 1 at 10-14.

#### D.    Other Documents and Things Waymo Claims Do Not Exist or Are Too Difficult to Produce.

OT served discovery requests and had met and conferred at length with counsel for Waymo, which resulted in the August 8, 2017 communication that summarized Waymo's position as to various types of logs.  Vu Decl., Exs. 3, 5.  In these communications, Waymo has confirmed that the following types of documents do not exist or have not been produced:



Although counsel on telephonic meet and confers agreed to confirm OT's summary of the documents that did not exist, Waymo did not do so.  Vu Decl ¶ 7-8, Ex. 5.  When OT provided a stipulation with this same information, Waymo refused to sign it or even provide edits to confirm the points in the stipulation to their position.  *Id.*  Waymo has already stated that it does not have the above information, and yet they refuse to provide a verified statement—whether by updating their responses to requests for production to state that these documents do not exist or to sign the proposed stipulation.

## II.    WAYMO SHOULD PROVIDE A SWORN STATEMENT AS TO THE REPRESENTATIONS IT MADE DURING DISCOVERY

Paragraph 12 of Judge Alsup's Standing Order states,

> In responding to requests for documents and materials under FRCP 34, all parties shall *affirmatively state* in a written response the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist. It is not sufficient to state that "responsive" materials will be or have been produced. Such a response leaves open the distinct possibility that other responsive materials have not been produced.

In addition, "[i]f the documents sought are not in existence, it is incumbent upon the objecting party or parties to so state under oath and not by way of a general unverified allegation."  *Jensen v. Boston Ins. Co.*, 20 F.R.D. 619, 621 (N.D. Cal. 1957).  A number of courts have ordered parties to provide sworn statements attesting to discovery

---

[4] OT requested these documents in its Requests for Production Nos. 2, 4, 7, 9-21, 23, 24, 26, 27, 31, 32, 35, 36, 40, 41, and 44.  Vu Decl., Ex. 1.

issues.  *See, e.g.*, *Tatung Co., Ltd. v. Hsu*, No. SA CV 13-1743-DOC (ANx), 2016 WL 695971, at *4, n.3 (C.D. Cal. Feb. 19, 2016) (requiring sworn statement verifying the parties' discovery requests); *Hunter v. Coca-Cola Co.*, No. C14-609RAJ, 2015 WL 3874945, at *3 (W.D. Wash. June 23, 2015) (ordering party to produce verified statement "as to when it erased the hard drive . . . and all persons responsible"); *Isis Pharma., Inc. v. Santaris Pharma A/S Corp.*, No. 11cv2214-GPC (KSC), 2013 WL 3367565, at *7 (S.D. Cal. July 5, 2015) (granting request that plaintiff submit sworn statement about production of requested documents); *In re Citimortgage, Inc.*, No. MDL 11-2274-DSF (PLAx), 2012 WL 10450139, at *X (C.D. Cal. June 7, 2012) (requiring party to submit a declaration regarding policy that prohibited storage of responsive documents); *iSmart Intern. Ltd. v. I-DocSecure, LLC*, No. C 04-03114 RMW (RS), 2006 WL 2263910, at *X (N.D. Cal. Aug. 8, 2006) (ordering party to "provide a verified statement . . . that all responsive, non-privileged documents have been produced").

OT's requested relief is just an extension of Waymo's existing obligations to provide a sworn statement of what it will produce, what it refuses to produce, and what no longer or does not exist.  Time has run out on discovery, and Waymo needs to put in writing the various assertions made by its counsel regarding the existence of documents it is otherwise obligated to produce.  A sample stipulation is attached hereto as Exhibit 11.

## III.     SHOULD WAYMO REFUSE TO PROVIDE THE SWORN STATEMENT, THE COURT HAS THE AUTHORITY TO EXCLUDE WAYMO'S EVIDENCE REGARDING THE INVESTIGATION

Alternatively, if Waymo refuses to stipulate to these facts, the Court should preclude Waymo from introducing any allegations, evidence or testimony pertaining to Mr. Levandowski's alleged downloading of files and misappropriation, and the forensic investigation into this conduct.  *See, e.g.*, Fed. R. Civ. P. 37(c)(1); *Elliott v. Google, Inc.*, 860 F.3d 1151, 1161 (9th Cir. 2017) (district court properly excluded examples of indiscriminate verb use because they were not disclosed during discovery and because Elliott failed to show that his delay was "substantially justified or . . . harmless."); *Smith v. Liddell*, 682 F. App'x 630, 631 (9th Cir. 2017) (district court did not abuse its discretion by excluding the declaration of an undisclosed witness that Smith attempted to submit); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("[W]e give particularly wide latitude to the district court's discretion to issue [discovery] sanctions . . . .").

Paragraph 15 of Judge Alsup's Standing Order states:

> Except for good cause, no item shall be received as case-in-chief evidence if the proponent has failed to produce it in response to a reasonable and proper discovery request covering the item, regardless of whether any discovery motion was made. A burden or overbreadth or similar objection shall not be a valid reason for withholding requested materials actually known to counsel or a party representative responsible for the conduct of the litigation.

OT will be substantially prejudiced at trial by Waymo's failure to produce documents pertaining to Google's internal systems. A production at this late stage, on the eve of the discovery cutoff, is virtually useless, as OT will be unable to further explore these issues in discovery.  Waymo should not profit from its failure to conduct discovery in good faith.  Instead, the Court should order that Waymo is precluded by Rule 37 from raising the downloading conduct or forensic investigation at trial, if Waymo refuses to enter into a sworn statement verifying the representations it made to justify its nonproduction of relevant information.

To support its nonproduction of requested documents and information, Waymo has made a number of representations that certain documents and information do not exist, that it disregarded available information during the investigation of Mr. Levandowski and other former employees, and that producing other information is too burdensome.  Waymo should be held to its representations.  The Court should order it to provide a sworn statement as to these representations, which is consistent with Judge Alsup's standing order, or be precluded from introducing incomplete and biased information at trial.