# EXHIBIT 2

# EXHIBIT 2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO, LLC; OTTO TRUCKING<br>LLC,<br><br>Defendants. | Case No. 17-cv-00939-JCS<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO OTTO TRUCKING'S FIRST SET OF REQUESTS FOR PRODUCTIONS (NOS. 1-51)** |

Plaintiff Waymo, LLC ("Waymo") hereby objects and responds to the First Set of Requests for Production of Documents (Nos. 1-51) served by Defendant Otto Trucking LLC ("Otto Trucking").

## GENERAL OBJECTIONS

Waymo makes the following General Objections, whether or not separately set forth in response to each and every definition and document request.

Waymo objects to each request, and to the Definitions and Instructions, to the extent that they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ("the Supplemental Order").

Waymo objects to each request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo objects to each request to the extent that they are compound, complex and contain multiple subparts.

Waymo objects to each request to the extent that they seek confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, or trade secrets.  Subject to its other General Objections, and to any specific objections set forth below, Waymo will only provide relevant information in a manner consistent with the Protective Order entered by the Court in this matter.

Waymo objects to each interrogatory to the extent that they seek information that Waymo is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

Waymo objects to each request to the extent that it calls for information that is publicly available and therefore as accessible to Defendants as to Waymo.

Waymo objects to each request to the extent that it is overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo objects to each request to the extent that they require Waymo to provide documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.

Waymo objects to each request to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

Waymo objects to each request to the extent that it seeks information that does not already exist, or that is not in Waymo's possession, custody, or control.

Waymo objects to each request to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons under the owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment.

Waymo objects to each and every request to the extent that they call for a legal conclusion.

Waymo objects to the definitions of "Uber", "Ottomotto," and "Otto Trucking" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives," etc. of each entity.

Waymo objects to the definition of "Velodyne" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives", etc. of Velodyne.

Waymo objects to the definition of "Side Project(s)" and "Side Business(es)" as overly broad, unduly burdensome, vague and ambiguous, to the extent that the definition includes personal side project(s) or business(es).

Waymo objects to the definition of "Waymo's SVN Server" as overbroad and inaccurate to the extent it describes a "Subversion server(s) or repository(ies) which holds technical information and documents including design files, schematics, source code, scripts, and other confidential information regarding Waymo."

Waymo objects to Instruction No. 3 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for production in a form beyond that required by the Supplemental Order.

Waymo objects to Instruction No. 5 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for "[a]ll drafts of a responsive document."

Waymo objects to Instruction No. 6 as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for the "file folder or other container in which a Document is kept."

Waymo objects to Instruction No. 10 as overbroad, unduly burdensome, vague, and ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in this judicial district."

Waymo objects to Instruction No. 11 to the extent it calls for Waymo to search for documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents. Waymo will produce English translations where applicable as located through a reasonably diligent search.

Waymo objects to Instruction No. 12 to the extent that it calls for Waymo to conclude that Waymo has no responsive documents in Waymo's possession, custody, or control. If Waymo is unable to locate responsive documents through a reasonably diligent search, Waymo will so state.

Waymo's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the requests, whether implicit or explicit, is correct.

Waymo responds to these requests based upon its current understanding and reserves the right to supplement its responses at a later time.

Waymo incorporates by reference its General Objections in each of the specific responses set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

Waymo objects and responds as follows to Defendants' document requests:

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify all Waymo employees, including members of Project Chauffeur, who have access to Waymo's SVN server.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced a document identifying all Waymo employees, including members of Project Chauffeur, who have access to Waymo's SVN server or who had access to Waymo's SVN server from June 2015 to the present. *See* WAYMO-UBER-00007211.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify all Waymo employees, including members of Project Chauffeur, who have accessed Waymo's SVN server from January 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced a document identifying all Waymo employees, including members of Project Chauffeur, who have access to Waymo's SVN server or who had access to Waymo's SVN server from June 2015 to the present.  *See* WAYMO-UBER-00007211.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show any Waymo policy, procedure, or guideline, including but not limited to any training, regarding accessing Waymo's SVN server.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Waymo will produce documents sufficient to show any Waymo policy, procedure, or guideline, including but not limited to any training, regarding accessing Waymo's SVN server, as located through a reasonably diligent search of both custodial documents and non-custodial repositories.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show any Waymo policy, procedure, or guideline, including but not limited to any training, regarding which employees have access to Waymo's SVN server.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Waymo objects to this request as vague to the extent it refers to "any Waymo policy, procedure, or guideline, including but not limited to any training, regarding which employees have access to Waymo's SVN server."

Waymo has produced a document identifying all Waymo employees, including members of Project Chauffeur, who have access to Waymo's SVN server or who had access to Waymo's SVN server from June 2015 to the present.  *See* WAYMO-UBER-00007211.

1  **REQUEST FOR PRODUCTION NO. 5:**

2        All documents supporting Waymo's claim that "Mr. Levandowski installed special

3  software on his Waymo laptop to access the design server" as described in paragraph 44 of the

4  Waymo Complaint, including all documents relating to and supporting Waymo's claim in its

5  Motion for Preliminary Injunction that Mr. Levandowski downloaded and installed TortoiseSVN

6  software on his Waymo laptop and used that software to access Waymo's SVN server.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

9        Waymo objects to this request to the extent that it seeks information protected by the

10  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

11  from discovery.

12        Waymo has produced documents supporting Waymo's claim that "the Levandowski work

13  laptop downloaded and installed TortoiseSVN, which is software that can access the self-driving

14  car project's SVN repository, on December 11, 2015."  Dkt. 25-29 ¶ 16.  *See* WAYMO-UBER-

15  00000648-943.

16

17  **REQUEST FOR PRODUCTION NO. 6:**

18        Documents sufficient to identify each Waymo employee, including members of Project

19  Chauffeur, who has installed on his or her computer TortoiseSVN or other software that may be

20  used to access Waymo's SVN server.

21

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

23        Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

24  the case, considering the importance of the issues at stake in the action, the amount in controversy,

25  the parties' relative access to relevant information, the parties' resources, the importance of the

26  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

27  outweighs its likely benefit.

28

Waymo will produce documents sufficient to show the way in which Waymo employees seeking to access Waymo's SVN server are instructed to download TortoiseSVN, as located through a reasonably diligent search of both custodial documents and non-custodial repositories.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show any Waymo policy, procedure, or guideline, including but not limited to any training, regarding the installation and use of TortoiseSVN or other software that may be used to access Waymo's SVN server.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo will produce documents sufficient to show the way in which Waymo employees seeking to access Waymo's SVN server are instructed to download TortoiseSVN.

**REQUEST FOR PRODUCTION NO. 8:**

All documents supporting Waymo's claim that "Mr. Levandowski then download over 14,000 proprietary files from that [design] server" as described in paragraph 44 of the Waymo Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo has produced documents supporting Waymo's claim that "the Levandowski work laptop then downloaded over 14,000 files from the SVN repository, also on December 11, 2015." Dkt. 25-29 ¶ 17.  *See* WAYMO-UBER-00000648-943.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show how often Mr. Levandowski, and other Waymo employees, including members of Project Chauffeur, accessed Waymo's SVN server from January 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced the log of Anthony Levandowski's activity on Waymo's SVN server on December 11, 2015.  See WAYMO-UBER-00000944.  Waymo will not produce additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show how often Mr. Levandowski, and other Waymo employees, including members of Project Chauffeur, accessed or viewed file(s) or information stored on Waymo's SVN server relating to Waymo's LiDAR technology from January 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced the log of Anthony Levandowski's activity on Waymo's SVN server on December 11, 2015.  See WAYMO-UBER-00000944.  Waymo will not produce additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show how often Mr. Levandowski, and other Waymo employees, including members of Project Chauffeur, downloaded file(s) or information from Waymo's SVN server from January 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced the log of Anthony Levandowski's activity on Waymo's SVN server on December 11, 2015.  See WAYMO-UBER-00000944.  Waymo will not produce additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show how often Mr. Levandowski, and other Waymo employees, including members of Project Chauffeur, downloaded file(s) or information stored on Waymo's SVN server relating to Waymo's LiDAR technology from January 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced the log of Anthony Levandowski's activity on Waymo's SVN server on December 11, 2015. See WAYMO-UBER-00000944. Waymo will not produce additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show how often Mr. Levandowski, and other Waymo employees, including members of Project Chauffeur, downloaded device file(s) or information from Waymo's SVN server to a personal computer or media device from January 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced the log of Anthony Levandowski's activity on Waymo's SVN server on December 11, 2015. See WAYMO-UBER-00000944. Waymo will not produce additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show how often Mr. Levandowski, and other Waymo employees, including members of Project Chauffeur, downloaded file(s) or information relating to Waymo's

LiDAR technology from Waymo's SVN server to a personal computer or media device from January 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced the log of Anthony Levandowski's activity on Waymo's SVN server on December 11, 2015.  See WAYMO-UBER-00000944.  Waymo will not produce additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show how often Mr. Levandowski, and other Waymo employees, including members of Project Chauffeur, downloaded file(s) or information stored on Google Drive relating to Waymo's LiDAR technology from January 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced documents sufficient to show the Drive downloads by Mr. Levandowski that are at issue in this case.  *See* WAYMO-UBER-00000648.  Waymo has also produced documents sufficient to show how often other members of Project Chauffeur downloaded files from Google Drive.  *See, e.g.,* WAYMO-UBER-00001963.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show how often Mr. Levandowski, and other Waymo employees, including members of Project Chauffeur, downloaded device file(s) or information from Google Drive to a personal computer or media device from January 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced documents sufficient to show the Drive downloads by Mr. Levandowski that are at issue in this case.  *See* WAYMO-UBER-00000648.  Waymo has also produced documents sufficient to show how often other members of Project Chauffeur downloaded files from Google Drive.  *See, e.g.,* WAYMO-UBER-00001963.

**REQUEST FOR PRODUCTION NO. 17:**

Detailed records, logs, metadata, and other information sufficient to show each access to Waymo's SVN server from January 2014 to the present, including, for each access, at least the following: the employee requesting access, time of access, the location and device from which Waymo's SVN server was accessed, the file(s) or information accessed, the number files accessed, and the volume of files accessed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

1  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

2  outweighs its likely benefit.

3       Waymo has produced the log of Anthony Levandowski's activity on Waymo's SVN server

4  on December 11, 2015.  See WAYMO-UBER-00000944.  Waymo will not produce additional

5  documents responsive to this request.

6

7  **REQUEST FOR PRODUCTION NO. 18:**

8       Detailed records, logs, metadata, and other information sufficient to show each download

9  from Waymo's SVN server from January 2014 to the present, including, for each download, at

10  least the following: the employee requesting the download, the time of download, the location and

11  device to which the file(s) or information was downloaded, the file(s) downloaded, the number

12  files downloaded, and the volume of files downloaded.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

15       Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

16  the case, considering the importance of the issues at stake in the action, the amount in controversy,

17  the parties' relative access to relevant information, the parties' resources, the importance of the

18  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

19  outweighs its likely benefit.

20       Waymo has produced the log of Anthony Levandowski's activity on Waymo's SVN server

21  on December 11, 2015.  See WAYMO-UBER-00000944.  Waymo will not produce additional

22  documents responsive to this request.

23

24  **REQUEST FOR PRODUCTION NO. 19:**

25       Detailed records, logs, metadata, and other information sufficient to show each download

26  from Google Drive relating to Waymo's LiDAR technology from January 2014 to the present,

27  including, for each download, at least the following: the employee requesting the download, the

28

time of download, the location and device to which the file(s) or information was downloaded, the file(s) downloaded, the number files downloaded, and the volume of files downloaded.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced documents sufficient to show the Drive downloads by Mr. Levandowski that are at issue in this case. *See* WAYMO-UBER-00000648-943.  Waymo has also produced documents sufficient to show downloads by other members of Project Chauffeur from Google Drive, including the individual requesting the download, the date and time of download, the download destination, and the file(s) downloaded. *See, e.g.,* WAYMO-UBER-00001963. Waymo will not produce additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 20:**

Detailed records, logs, metadata, and other information sufficient to show each instance in which an employee transferred information from a Waymo computer or server to a personal computer or removable media device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced documents supporting Waymo's claim that "a Transcend RDF5 USB 3.0 card reader was attached to the Levandowski work laptop for a period of approximately eight hours on December 14, 2015." Dkt. 25-29 ¶ 18.  *See* WAYMO-UBER-00000648-943. Waymo will not produce additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 21:**

Detailed records, logs, metadata, and other information sufficient to show each instance from January 2014 to the present in which a foreign device was detected to be attached to, or removed from, an employee's device, including, but not limited to, any log generated by Google's endpoint security solutions, Bit9.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced documents supporting Waymo's claim that "a Transcend RDF5 USB 3.0 card reader was attached to the Levandowski work laptop for a period of approximately eight hours on December 14, 2015." Dkt. 25-29 ¶ 18.  *See* WAYMO-UBER-00000648-943. Waymo will not produce additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All software applications required to view and analyze the records, logs, metadata or other information produced in response to RFP Nos. 17-21.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Waymo responds that standard software such as Microsoft Excel is capable of viewing and analyzing the documents produced in relation to RFP Nos. 17-21.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show any Waymo policy, procedure, or guideline, including but not limited to any training, regarding the download of file(s) or information from Waymo's SVN server.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo will produce documents sufficient to show Waymo policies, procedures, and guidelines relating to highly confidential information such as the information stored on Waymo's SVN server, as well as documents sufficient to show the use and features of Waymo's SVN server, as located through a reasonably diligent search of both custodial documents and non-custodial repositories.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to show any Waymo policy, procedure, or guideline, including but not limited to any training, regarding any practice of downloading versus viewing file(s) or information from Waymo's SVN server.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

2      Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

3  the case, considering the importance of the issues at stake in the action, the amount in controversy,

4  the parties' relative access to relevant information, the parties' resources, the importance of the

5  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

6  outweighs its likely benefit.

7      Waymo will produce documents sufficient to show Waymo policies, procedures, and

8  guidelines relating to highly confidential information such as the information stored on Waymo's

9  SVN server, as well as documents sufficient to show the use and features of Waymo's SVN

10  server.

11

12  **REQUEST FOR PRODUCTION NO. 25:**

13      All documents supporting Waymo's claim that "On December 14, 2015, Mr. Levandowski

14  attached a removable media device (an SD Card) to the laptop containing the downloaded files for

15  approximately eight hours" as described in paragraph 45 of the Waymo Complaint.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

18      Waymo objects to this request to the extent that it seeks information protected by the

19  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

20  from discovery, considering the importance of the issues at stake in the action, the amount in

21  controversy, the parties' relative access to relevant information, the parties' resources, the

22  importance of the discovery in resolving the issues, and whether the burden or expense of the

23  proposed discovery outweighs its likely benefit.

24      Waymo has produced documents supporting Waymo's claim that "a Transcend RDF5

25  USB 3.0 card reader was attached to the Levandowski work laptop for a period of approximately

26  eight hours on December 14, 2015." Dkt. 25-29 ¶ 18. *See* WAYMO-UBER-00000648-943.

27

28

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show how often Waymo employees, including members of Project Chauffeur, download file(s) or information to a personal computer or a removable media device, such as flash drives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced documents supporting Waymo's claim that "a Transcend RDF5 USB 3.0 card reader was attached to the Levandowski work laptop for a period of approximately eight hours on December 14, 2015."  Dkt. 25-29 ¶ 18.  *See* WAYMO-UBER-00000648-943. Waymo has also produced documents sufficient to show downloads by other members of Project Chauffeur from Google Drive, including the individual requesting the download, the date and time of download, the download destination, and the file(s) downloaded.  *See, e.g.,* WAYMO-UBER-00001963.  Waymo will not produce additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show how files transferred from Waymo computer or server to a personal computer or removable media device are secured against unauthorized access.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Waymo will produce documents sufficient to show Waymo policies, procedures, training, and guidelines relating to highly confidential information, including relating to the transfer of such information to removable media devices, to the extent Waymo locates any such policies, procedures, training, or guidelines through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to show any Waymo policy, procedure, or guideline, including but not limited to any training, regarding the use of a personal computer or a removable media device, including flash drives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Waymo will produce documents sufficient to show Waymo policies, procedures, training, and guidelines relating to highly confidential information, including relating to the transfer of such information to removable media devices.

**REQUEST FOR PRODUCTION NO. 29:**

All documents supporting Waymo's claim that "On December 18, 2015, seven days after Mr. Levandowski completed his download of confidential Waymo information and four days after he removed the SD Card, he reformatted the laptop" as described in paragraph 46 of the Waymo Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo has produced documents supporting Waymo's claim that "the Levandowski work laptop was reformatted from a Windows operating system to a Linux operating system (Goobuntu, Google's custom version of Ubuntu Linux) on December 18, 2015." Dkt. 25-29 ¶ 19. *See* WAYMO-UBER-00000648-943.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show how often Waymo computers are reformatted.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

2          Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

3   the case, considering the importance of the issues at stake in the action, the amount in controversy,

4   the parties' relative access to relevant information, the parties' resources, the importance of the

5   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

6   outweighs its likely benefit.

7          Waymo has produced documents supporting Waymo's claim that "the Levandowski work

8   laptop was reformatted from a Windows operating system to a Linux operating system (Goobuntu,

9   Google's custom version of Ubuntu Linux) on December 18, 2015."   Dkt. 25-29 ¶ 19.   *See*

10  WAYMO-UBER-00000648-943.   Waymo will not produce additional documents in response to

11  this request.

12

13  **REQUEST FOR PRODUCTION NO. 31:**

14         Documents sufficient to show how often Waymo computers are reformatted to install the

15  Linux operating system.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

18         Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of

19  the case, considering the importance of the issues at stake in the action, the amount in controversy,

20  the parties' relative access to relevant information, the parties' resources, the importance of the

21  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

22  outweighs its likely benefit.

23         Waymo has produced documents supporting Waymo's claim that "the Levandowski work

24  laptop was reformatted from a Windows operating system to a Linux operating system (Goobuntu,

25  Google's custom version of Ubuntu Linux) on December 18, 2015."   Dkt. 25-29 ¶ 19.   *See*

26  WAYMO-UBER-00000648-943.   Waymo will not produce additional documents in response to

27  this request.

28

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show any Waymo policy, procedure, or guideline, including but not limited to any training, regarding the formatting of Waymo computers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Waymo will produce documents sufficient to show Waymo policies, procedures, training, and guidelines relating to highly confidential information, including relating to the formatting of Waymo computers, to the extent Waymo locates any such policies, procedures, training, or guidelines through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 33:**

All documents supporting Waymo's claim that "Mr. Levandowski used his Waymo credentials and security clearances to download additional confidential Waymo documents to a personal device" as described in paragraph 47 of the Waymo Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo has produced documents supporting Waymo's claim that "the Google GAIA ID. . . assigned to Anthony Levandowski exported five documents from Google Drive to a personal device (i.e., one that was not issued by Google) on January 4, 2016, over an approximately three minute period" and "on January 11, 2016 . . . exported another document from Google Drive to a personal device."  Dkt. 25-29 ¶ 22-23.  *See* WAYMO-UBER-00000648-943.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show how often Waymo employees, including members of Project Chauffeur, download "TL weekly updates" documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced documents supporting Waymo's claim that Mr. Levandowski downloaded a "TL weekly updates" document.  Dkt. 25-29 ¶ 23; *see* WAYMO-UBER-00000648-943.  Waymo has also produced documents sufficient to show downloads by other members of Project Chauffeur from Google Drive, including the individual requesting the download, the date and time of download, the download destination, and the file(s) downloaded. *See, e.g.,* WAYMO-UBER-00001963.  Waymo will not produce additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to show the number of times that Waymo employees, including members of Project Chauffeur, downloaded more than 10,000 files in one instance or at one time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced documents supporting Waymo's claim that "the Levandowski work laptop then downloaded over 14,000 files from the SVN repository, also on December 11, 2015." Dkt. 25-29 ¶ 17.   *See* WAYMO-UBER-00000648-943.   Waymo will not produce additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show the number of times that Waymo employees, including members of Project Chauffeur, downloaded more than 1 GB of information in one instance or at one time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo has produced documents supporting Waymo's claim that "the Levandowski work laptop then downloaded over 14,000 files from the SVN repository, also on December 11, 2015." Dkt. 25-29 ¶ 17.   *See* WAYMO-UBER-00000648-943.   Waymo will not produce additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to identify the content of Waymo's SVN server.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Waymo objects to this request as irrelevant to the extent that it asks for documents relating to the content of Waymo's SVN server on any date other than December 11, 2015.

On March 22, 2017, pursuant to Section 9 of the Patent Local Rule 2-2 Interim Model Protective Order ("Interim Protective Order"), Waymo made available for inspection the approximately 14,000 documents downloaded by Mr. Levandowski and misappropriated by Defendants.   These files remain available for inspection.   These documents are designated HIGHLY CONFIDENTIAL – SOURCE CODE under the Interim Protective Order.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to show the total number and size of files stored on Waymo's SVN server.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Waymo objects to this request as irrelevant to the extent that it asks for documents relating to the content of Waymo's SVN server on any date other than December 11, 2015.

On March 22, 2017, pursuant to Section 9 of the Interim Protective Order, Waymo made available for inspection the approximately 14,000 documents downloaded by Mr. Levandowski and misappropriated by Defendants.   These files remain available for inspection.   These documents are designated HIGHLY CONFIDENTIAL – SOURCE CODE under the Interim Protective Order.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to show the total number and size of files stored on Waymo's SVN server relating to Waymo's LiDAR technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Waymo objects to this request as irrelevant to the extent that it asks for documents relating to the content of Waymo's SVN server on any date other than December 11, 2015.

On March 22, 2017, pursuant to Section 9 of the Interim Protective Order, Waymo made available for inspection the approximately 14,000 documents downloaded by Mr. Levandowski

and misappropriated by Defendants.   These files remain available for inspection.   These documents are designated HIGHLY CONFIDENTIAL – SOURCE CODE under the Interim Protective Order.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to identify all data management systems where Waymo confidential or and/or proprietary technical documents or information are stored.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, to the extent that it concerns data management systems not at issue in this litigation (i.e., Waymo's SVN Server and Google Drive).

Waymo has produced a document identifying all Waymo employees, including members of Project Chauffeur, who have access to Waymo's SVN server or who had access to Waymo's SVN server from June 2015 to the present.  *See* WAYMO-UBER-00007211.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to identify users with access to each of the data management systems responsive to RFP No. 40.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

1    outweighs its likely benefit, to the extent that it concerns data management systems not at issue in

2    this litigation (i.e., Waymo's SVN Server and Google Drive).

3         Waymo has produced a document identifying all Waymo employees, including members

4    of Project Chauffeur, who have access to Waymo's SVN server or who had access to Waymo's

5    SVN server from June 2015 to the present. *See* WAYMO-UBER-00007211.

6

7    **REQUEST FOR PRODUCTION NO. 42:**

8         Documents sufficient to show the total number and size of files stored on Waymo's SVN

9    server relating to specifications of Waymo's LiDAR technology.

10

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

12        Waymo objects to this request as irrelevant to the extent that it asks for documents relating

13   to the content of Waymo's SVN server on any date other than December 11, 2015.

14        On March 22, 2017, pursuant to Section 9 of the Interim Protective Order, Waymo made

15   available for inspection the approximately 14,000 documents downloaded by Mr. Levandowski

16   and misappropriated by Defendants.   These files remain available for inspection.   These

17   documents are designated HIGHLY CONFIDENTIAL – SOURCE CODE under the Interim

18   Protective Order.

19

20   **REQUEST FOR PRODUCTION NO. 43:**

21        Documents sufficient to show the total number and size of files stored on Waymo's SVN

22   server relating to the manufacture, assembly, calibration, and testing of Waymo's LiDAR

23   technology.

24

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

26        Waymo objects to this request as irrelevant to the extent that it asks for documents relating

27   to the content of Waymo's SVN server on any date other than December 11, 2015.

28

On March 22, 2017, pursuant to Section 9 of the Interim Protective Order, Waymo made available for inspection the approximately 14,000 documents downloaded by Mr. Levandowski and misappropriated by Defendants. These files remain available for inspection. These documents are designated HIGHLY CONFIDENTIAL – SOURCE CODE under the Interim Protective Order.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to show to any collection, analysis, review, or findings related to Waymo computers, email, or other devices of Mr. Levandowski, current Waymo employees and/or Waymo devices of former employees upon their departure from Waymo LLC or Project Chauffeur since January 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo has produced documents underlying the forensic investigation described in the declaration of Gary Brown. *See* Dkt. 25-29; WAYMO-UBER-00000648-943. Waymo will not produce additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 45:**

All electronic images or backup image files of computers, including laptop computers, and other devices used by Mr. Levandowski prior to his departure from Waymo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case to the extent that it seeks information unrelated to Waymo's allegations in this case. Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Waymo objects to this request to the extent that it seeks information that is not in Waymo's possession, custody, or control.

Waymo has produced documents underlying the forensic investigation described in the declaration of Gary Brown. *See* Dkt. 25-29; WAYMO-UBER-00000648-943. Waymo will not produce additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 46:**

All documents relating to any forensic investigation and analysis of computers, including laptop computers, and other devices, or images thereof, used by Mr. Levandowski prior to his departure from Waymo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Waymo objects to this request as irrelevant, overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Waymo objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

Waymo has produced documents underlying the forensic investigation described in the declaration of Gary Brown. *See* Dkt. 25-29; WAYMO-UBER-00000648-943. Waymo will not produce additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to show any Waymo policy, procedure, or guideline, including but not limited to any training, regarding the use of computers, email, or other devices for work on behalf of Waymo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Waymo will produce documents sufficient to show Waymo policies, procedures, training, and guidelines relating to highly confidential information, including relating to the use of computers, email, or other devices for work on behalf of Waymo, to the extent Waymo locates any such policies, procedures, training, or guidelines through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to show any Waymo policy, procedure, or guideline, including but not limited to any training, regarding access to Waymo documents, data, or information by Waymo employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Waymo objects to this request as vague and overbroad to the extent it refers to "Waymo documents, data, or information."

Waymo will produce documents sufficient to show Waymo policies, procedures, training, and guidelines relating to highly confidential information, including relating to access to Waymo documents, data, or information by Waymo employees, to the extent Waymo locates any such policies, procedures, training, or guidelines through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to show any Waymo policy, procedure, or guideline against deleting documents, data, or information from Waymo computers, email, or other devices.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

2       Waymo will produce documents sufficient to show Waymo policies, procedures, training,

3 and guidelines relating to highly confidential information, including relating to deleting

4 documents, data or information, to the extent Waymo locates any such policies, procedures,

5 training, or guidelines through a reasonably diligent search.

6

7    **REQUEST FOR PRODUCTION NO. 50:**

8       Any versions of an employee handbook applicable to Waymo employees, including

9 members of Project Chauffeur, from 2009 to the present.

10

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

12       Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs

13 of the case to the extent it concerns portions of an employee handbook unrelated to any issue in

14 the Action.

15       Waymo has produced responsive portions of all versions of the employee handbook

16 applicable to Waymo employees dating back to 2009, as located through a reasonably diligent

17 search. *See* WAYMO-UBER-00006559-6878.

18

19    **REQUEST FOR PRODUCTION NO. 51:**

20       Documents sufficient to identify all members of Project Chauffeur from January 1, 2014

21 until December 31, 2015.

22

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

24       Waymo objects to this request as irrelevant, overbroad, and not proportional to the needs

25 of the case, considering the importance of the issues at stake in the action, the amount in

26 controversy, the parties' relative access to relevant information, the parties' resources, the

27 importance of the discovery in resolving the issues, and whether the burden or expense of the

28 proposed discovery outweighs its likely benefit.

1          Waymo will produce a list of Project Chauffeur personnel, including start dates and end

2    dates.

3

4    DATED:  June 16, 2017                  QUINN EMANUEL URQUHART & SULLIVAN,
                                            LLP
5
                                         By /s/ Charles K. Verhoeven
6                                           Charles K. Verhoeven
7                                           Attorneys for WAYMO LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPENDIX**

**Information On Document Collection and
Production Under Supplement Order ¶ 13**

Waymo further provides information on its collection efforts under Paragraph 13 of the Supplemental Order.   As of June 16, 2017, Waymo has searched the following sources of information in response to Defendants' requests for production:

- Waymo custodial document repositories (e.g., email repositories, Google Docs, locally stored electronic documents)

- Waymo non-custodial document repositories (e.g., Drive folders used by various teams at Waymo, personnel files, Google personnel files including policy documents, codes of conduct, employee handbooks, and employment and confidentiality agreements

As of June 16, 2017, the following individuals employed by Waymo or Google have searched for documents in response to Defendants' requests for production:

- Raquel Small-Weikert (Paralegal) – general search responsibility

- Christine Lok (Paralegal) – general search responsibility

- Toni Baker (Paralegal) – general search responsibility

- Margo Maddux (Patent Agent) – search responsibility relating to patent-related documentation

- Michael Lin (People Coordinator) – search responsibility relating to employment documentation and electronic device recovery

- Joanne Chin (Head of People Operations) – search responsibility relating to employment documentation and electronic device recovery

- Jack Brown (Waymo, CAD Data and PLM Program Manager) – search responsibility relating to Waymo secure server access and activity

- Pierre Yves-Droz (Waymo, Principal Hardware Engineer) – search responsibility relating to documents relating to LiDAR development

- Caroline Manchot (Director of Compensation) – search responsibility relating to documents relating to the bonus plan

- Ron Medford (Waymo, Director of Safety) – search responsibility relating to documents submitted to or discussed with a public entity