# EXHIBIT 10

EXHIBIT 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**ORDER RE: OTTO TRUCKING'S MOTION TO COMPEL FURTHER INFORMATION REGARDING WAYMO'S FORENSIC INVESTIGATION**<br><br>Re: Dkt. No. 1163 |

Waymo engineer Gary Brown conducted a forensic investigation into the electronic devices used by three of its former employees, including Anthony Levandowski. Although that investigation was initiated by Waymo's legal counsel, Waymo chose to waive its counsel's attorney work product as to the investigation. It has refused, however, to allow Defendants to inquire into anything counsel may have said, directly or indirectly, to Mr. Brown and others regarding his investigation. Otto Trucking contends that the subject matter of Waymo's work product waiver includes what Mr. Brown was told regarding his investigation. The Court agrees.

When a disclosure "made in a federal proceeding ... waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together. Fed. R. Evid. 502(a). Counsel's communications to Mr. Brown regarding Mr. Brown's investigation fall within the subject matter of the disclosed investigation. In fairness these communications should be considered with the information Waymo has disclosed. For example, Mr. Brown testified that in conducting investigations he does not keep anything that "was not deemed explicitly relevant for what we are trying to prove." Waymo, however, instructed

1  Mr. Brown not to answer what he was asked to prove even though the answer goes directly to any
2  bias in his investigation and its thoroughness. (Dkt. No.1161-2 at 39-40 (229:19-230:5, 230:19-
3  23).) Such selective disclosure is not fair.

4  Waymo does not address the fairness of its selective waiver. Instead, it argues that it only
5  disclosed work product and not attorney-client privilege and therefore it does not have to disclose
6  the privilege. Such is not the law as it would allow a privilege holder such as Waymo to use the
7  privilege as a shield and a sword, something Waymo itself has constantly complained about in this
8  litigation. It is thus unsurprising that there is no support for Waymo's line drawing in Rule 502.
9  While the waiver of work product does not *necessarily* waive attorney-client privileged
10 communications, here the waiver of work product over the investigation did waive the attorney-
11 client privilege as to counsel communications with Mr. Brown and anyone else involved in the
12 investigations at issue as in fairness such communications should be disclosed.

13 Waymo's alternative argument that Otto Trucking does not need to explore the
14 investigation because it is undisputed that Mr. Levandowski downloaded 14,000 Waymo files is
15 unpersuasive. The Court is not aware of any ruling that such fact is established as a matter of law.
16 And if it were Waymo would not need to offer any evidence of the investigation in the first place.

17 Waymo also contends that it withdrew its improper privilege objections to two questions
18 and that Defendants did not ask again even though given the opportunity. (Dkt. No. 1226-4 at 3.)
19 The deposition page Waymo cites however is not in the record before the Court. (Dkt. No. 1163-2
20 at 9-10; 1161-5 at 10-11.)

21 Accordingly, Otto Trucking's motion to compel is granted as to communications regarding
22 the investigation of the Former Employees. To the extent the redactions on the "Machine Forensic
23 Record" include such communications, they shall be produced. Otto Trucking has not made any
24 showing as to why communications regarding investigations of other employees have been waived
25 and thus the motion is denied to the extent it seeks such relief.

26 Any objections to this Order must be filed with the district court by noon on Monday,
27 August 21, 2017. The Order is not stayed in the interim.
28

This Order disposes of Docket No. 1163.

**IT IS SO ORDERED.**

Dated: August 18, 2017

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

3