# *EXHIBIT 16*

## *REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED*

# *EXHIBIT 16*

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1                UNITED STATES DISTRICT COURT

2               NORTHERN DISTRICT OF CALIFORNIA

3                  SAN FRANCISCO DIVISION

4

5    WAYMO LLC,                          )

6               Plaintiff,         )

7          vs.                      ) Case No.

8    UBER TECHNOLOGIES, INC.;        ) 3:17-cv-000939-WHA

9    OTTOMOTTO LLC; OTTO TRUCKING, )

10   INC.,                           )

11              Defendants.         )

12   _____)

13      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

14

15    VIDEOTAPED DEPOSITION OF KRISTINN GUDJONSSON

16                 Palo Alto, California

17                 Friday, July 28, 2017

18                      Volume I

19

20   Reported by:

21   CARLA SOARES

22   CSR No. 5908

23   JOB No. 2665814

24

25   PAGES 1 - 242

                                          Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1          A    Oh, when I would get back to them?          11:27:59

 2          Q    Yes.

 3          A    No, that would be just as soon as

 4    possible.

 5          Q    Okay.  So what does the three months refer   11:28:04

 6    to?

 7          A    I'm sorry.  I thought you were talking

 8    about how far back I should be looking at his

 9    activity on the machine.

10          Q    Okay.  So let me go back then.              11:28:12

11               So to the best of your recollection, what

12    you had agreed on is that you would look at the

13    machine and go back about three months?

14          A    Two, three months, probably.  Yeah.

15          Q    ██████████████████████████        ███████

██    ████████

██         █    ██████████████████████████

██    ██████

19          Q    And then did you discuss how soon you

20    would revert to Ms. Bailey with more information?     11:28:36

21          A    As quickly as possible.

22          Q    When did the meeting take place?

23          A    I'm sorry.  Did you say "when" or "where"?

24          Q    When.

25          A    I'm not completely sure.  A guess would be  11:28:52
```

Page 57

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    end of January, beginning of February.  Not sure.          11:28:59

 2         Q    Was that meeting in person?

 3         A    Me and Gary were in person, and then they

 4    were over VC, over videoconference.

 5         Q    Where is Ms. Bailey located?                     11:29:18

 6         A    I think she is in the Google X building.

 7         Q    I'm sorry.  You said that some lawyer was

 8    involved.  Do you recall which lawyer?

 9         A    No, I don't.  Sorry.  I'm terrible with

10    names.                                                     11:29:36

11         Q    But is it fair to say it was an in-house

12    Google lawyer?

13         A    Yes.

14         Q    Okay.  And I believe you said earlier that

15    they had provided some clarification.  Is that            11:30:06

16    Ms. Bailey or the attorney or both?

17         A    Probably both, but I don't recall.

18         Q    What did you do after the meeting in terms

19    of the investigation?

20         A    I started a tracking doc.                        11:30:34

21         Q    Did you say "a tracking doc"?

22         A    I create a -- what we call ██████████

      ████████████████████████████████████████

24    and a subsequent tracking doc.

25         Q    Okay.  And what information did you put in      11:30:53
```

Page 58

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1        I, the undersigned, a Certified Shorthand

2  Reporter of the State of California, do hereby

3  certify:

4        That the foregoing proceedings were taken

5  before me at the time and place herein set forth;

6  that any witnesses in the foregoing proceedings,

7  prior to testifying, were administered an oath; that

8  a record of the proceedings was made by me using

9  machine shorthand which was thereafter transcribed

10  under my direction; that the foregoing transcript is

11  a true record of the testimony given.

12        Further, that if the foregoing pertains to

13  the original transcript of a deposition in a Federal

14  Case, before completion of the proceedings, review

15  of the transcript [ ] was [X] was not requested.

16        I further certify I am neither financially

17  interested in the action nor a relative or employee

18  of any attorney or any party to this action.

19        IN WITNESS WHEREOF, I have this date

20  subscribed my name.

21      Dated: 7/29/2017

22

23

        *Carla Soares*

24      CARLA SOARES

25      CSR No. 5908

Page 242