August 23, 2017

**VIA ECF**

Magistrate Judge Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:     *Waymo LLC v. Uber Technologies, Inc., et al*., N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Plaintiff Waymo LLC ("Waymo") hereby submits this letter brief in support of Waymo's motion for relief regarding 1) the protocol for Stroz Friedberg's production of the documents, data, and other materials provided by Anthony Levandowski to Stroz Friedberg in connection with the Due Diligence investigation, as it relates to privacy concerns; and 2) Waymo's challenge to Mr. Levandowski's claw-back of a non-privileged email sent by counsel for Stroz Friedberg.

**I. Waymo's Proposed Protocol, Which Has Been Approved by Lior Ron and Stroz Friedberg, Adequately Addresses Privacy Concerns and Is Necessary to Accommodate the Case Schedule**

In the Order granting Waymo's motion to compel the Stroz Friedberg ("Stroz") subpoena, and denying Anthony Levandowski's motion to quash, the Court provided:

> Levandowski complains that *if* Stroz has his devices, the devices may contain personal, private information not relevant to this litigation. As Levandowski has refused to testify in this action, the Court cannot make such a finding. The Court nonetheless recognizes that the issue of Levandowski's attorney-client privilege is pending with the district court. Once that issue is finally resolved, the Court will address whether a protocol is appropriate to protect any privacy interests.

(Dkt. 670 at 9.) Because the Federal Circuit has not yet ruled on Mr. Levandowski's emergency appeal of this Order, the issue of Mr. Levandowski's attorney-client privilege has not yet been finally resolved, and the Court has not had the opportunity to address whether a protocol is appropriate to protect any privacy interests. Given the exigencies of the case schedule, Waymo submits that the Court should address the privacy interests now and adopt Waymo's proposed protocol.

Stroz has identified three "buckets" of responsive documents that may implicate the privacy interests of Mr. Levandowski and the other Diligenced Employees. First, Stroz has forensic images of the devices and repositories that were provided by the Diligenced Employees and analyzed by Stroz in connection with the preparation of the Stroz Report. (Ex. 1 at 8/15/2017 M. Blunschi email.) Second, Stroz has a Relativity database that contains a de-duplicated set of these collected and analyzed materials. (*Id.*) Third, Stroz has recently discovered "another category of materials in storage at Stroz" comprising "a number of devices from one or more diligenced employees that were not imaged, processed, or reviewed by anyone at Stroz." (*Id.* at 8/23/2017 M. Blunschi email.)

Despite the fact that Mr. Levandowski and the other Diligenced Employees have already shared all of this material with a third party (Stroz), in furtherance of a multi-million dollar payday from Uber, Waymo is sensitive to potential privacy concerns. Waymo therefore proposed a protocol for production of these three "buckets" of documents that is similar to the one used for Waymo's on-site inspections of Uber's LiDAR work. Specifically, Stroz will make the materials available for inspection to Waymo, based on reasonable notice, at either its or its counsel's San Francisco offices. All interested parties and non-parties will be invited to attend and monitor the inspection, including counsel for Mr. Levandowski, counsel for Lior Ron, and Special Master Cooper. If Waymo identifies a document during the inspection that it would like printed and produced, Waymo will inform Stroz who will then produce a pdf (or native version) with a bates-stamp to all relevant parties and non-parties. To the extent Waymo requests the production of any personal documents that have no relevance to the case – **which Waymo has absolutely no interest in**, and also no time to waste on given the expedited case schedule – counsel for the Diligenced Employees will have the opportunity to object to that production based on privacy grounds. The parties could then raise any privacy disputes with the Special Master or Court before the documents come into evidence.

Mr. Ron, Stroz, and the parties have all agreed to Waymo's proposed protocol, provided the Federal Circuit affirms the Court's rulings.

That is for good reason. First, Waymo's proposed protocol adequately protects the privacy interests of the Diligenced Employees. Mr. Levandowski has objected to this protocol (*see* Ex. 1 at 8/21/2017 A. Craig email), but has offered no explanation of how the protocol would fail to protect Mr. Levandowski's privacy interests, or indeed even of what those privacy interests are. Rather, it is clear that Mr.

Levandowski is simply trying to re-litigate the privilege objections that have already been overruled by the Court. (*See, e.g., id.* ("In the meet and confer that occurred on the afternoon of August 14th, Miles Ehrlich asked Waymo to provide search terms that would allow us to get a jump-start on screening responsive documents for privacy **and separate privilege concerns**, so that Stroz could be in a position to produce materials immediately, if necessary.") (emphasis added).) Mr. Levandowski's argument – that "Waymo's position that it should be permitted to rifle through the entire digital life of a non-party is inconsistent with the norms of discovery" (*id.*) – completely ignores the status of the Stroz subpoena and the Court's prior Orders. Stroz is in possession of all of these materials, and their production has been compelled. The fact that the compelled materials consist of "the entire digital life of a non-party" is an issue that the Court has already considered when Mr. Levandowski urged it in his motion to quash the Stroz subpoena. (*See*, *e.g.*, Dkt. 583 at 1 ("In addition, Mr. Levandowski also moves the Court to quash Waymo's subpoena to the extent it seeks unfettered access to any devices Mr. Levandowski may have provided to Stroz, as such requests are overly broad, burdensome, and invasive of Mr. Levandowski's privacy interests.").) To the extent the Protective Order in this case alone is insufficient to protect the secrets of Mr. Levandowski's "digital life," Waymo's proposed protocol addresses Mr. Levandowski's privacy interests by ensuring that Mr. Levandowski has the opportunity to object to the production of totally irrelevant, personal information.

Second, Waymo's proposed protocol is the only practicable way to complete the production and review of the Stroz material under the extreme time restrictions of the case schedule. The Court has granted the parties' stipulation to take certain depositions of Stroz-related witnesses after August 24, but has ordered "that the depositions will all occur within one week of the Federal Circuit's ruling." (Dkt. 1287.) As for the completion of the other outstanding depositions – such as those that Waymo was permitted to split pursuant to Dkt. 1125 (Soren Juelsgaard, Nina Qi, Cameron Poetzscher, Colin Sebern and Don Burnette), – the agreed-upon October 10 trial date necessitates that they also occur shortly after a Federal Circuit ruling. In other words, if the Federal Circuit affirms, then Waymo will have only a matter of days to review all of the newly produced documents and prepare for depositions. And the volume of documents that could be produced is enormous – potentially thousands of documents from Uber, and an unknown number from third parties such as Stroz. Significantly, Waymo does not know the size of the number of devices and cloud storage repositories collected from the Diligenced Employees, but anticipates it could be over **100** devices and literally **hundreds of terabytes** of data. Stroz has indicated that the second "bucket" (Relativity database) alone contains approximately 2 **million** files. (Ex. 1 at 8/15/2017 M. Blunschi email.) And not even Stroz knows how much data is on the newly discovered devices from Stroz's storage room, as no one from Stroz has ever even attempted to de-crypt them, their contents, or load them onto a review platform. Waymo's proposal accommodates the unusual circumstances the parties find themselves in by allowing real-time inspection and review of documents in preparation for upcoming depositions, while still providing the Diligenced Employees an opportunity to protect any legitimate privacy interests.

In contrast, Mr. Levandowski has not offered a protocol at all, let alone one that can ensure production of responsive documents in time for the yet-to-be-completed depositions. Rather, Mr. Levandowski has suggested that the parties begin a "process," whereby the parties "discuss" potential search terms, which – once resolved upon – would then be run only on the existing Stroz Relativity database, at which point Mr. Levandowski would be given an unspecified amount of time to "screen" any hits, before any approved documents are produced to Waymo (at which point Waymo would be permitted to request production of metadata "to the extent it is necessary for Waymo to understand a document's origins"). (Ex. 1 at 8/21/2017 A. Craig email.) This "procedure" is entirely unworkable, not least because there is no timeline for production of responsive materials to Waymo (or any assurance that such production could begin, let alone be completed, before trial), but also because it would improperly limit Waymo's ability to review

documents that have already been compelled, and does not even account for review and production of the newly discovered "storage" documents.

Because the Federal Circuit could issue a ruling at any time, and the trial date is just six weeks away, Waymo requests that the Court rule that Waymo's proposed protocol is adopted and that Stroz may make the materials available for inspection immediately upon an affirmance by the Court of Appeals.

## II. Email from Counsel for Stroz Friedberg Is Not Protected by Any Valid Privilege or Protection

Yesterday, counsel for Stroz sent an email to two Waymo attorneys and counsel for Mr. Levandowski providing highly relevant information about the locations of documents in Stroz's possession that are responsive to Waymo's subpoena. (Ex. 2 at 8/22/2017 M. Blunschi email.) Approximately 30 minutes later, counsel for Mr. Levandowski purported to claw back Stroz's email on grounds of privilege. (*Id.*) Pursuant to Fed.R.Civ.P. 26(b)(5)(B), which under the operative Protective Order in this case governs claw-back challenges,[1] Waymo hereby seeks a ruling that the Stroz email is not privileged.[2]

Information required to be provided on a privilege log, such as "the locations where any purportedly privileged documents were found," are not protected by the Fifth Amendment or any other privilege. (Dkt. 202 at 3.) This exact issue has already been litigated by Mr. Levandowski in this case and definitively ruled on by both the Court and the Federal Circuit. (*Id.* and Ex. 3.) There is nothing disclosed in the Stroz email that is subject to any privilege or protection at issue in the pending Federal Circuit appeal, which concerns the contents of the underlying documents provided to Stroz, not the location of those documents.

To the extent Mr. Levandowski argues that any portion of the Stroz email reflects information beyond that which would be provided on a privilege log, Waymo requests that the Court only sustain a claim of privilege over the specific portions that actually merit that protection, rather than the entire email.

Respectfully,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
cc: All counsel of record; Special Master John Cooper

01980-00104/9510160.1

---

[1] *See* Dkt. 63 at 6:7-14 and Patent Local Rule 2-2 Interim Model Protective Order (available at http://www.cand.uscourts.gov/model-protective-orders) at page 16 ¶ 13.

[2] Consistent with Rule 26(b)(6)(B), and the consent of counsel for Mr. Levandowski, Waymo submits the email in question to the Court under seal for a determination of the privilege claim as Exhibit 2. Waymo will only serve the sealed version of Exhibit 2 on recipients of the email at issue.

3