

Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com
+1 650 752 3100

August 24, 2017

**VIA ECF**

The Honorable William Alsup
United States District Judge
United States District Court for the Northern District of California
Phillip Burton United States Courthouse
450 Golden Gate Avenue
Courtroom 8, 19th Floor
San Francisco, CA 94102

**Re:**     Waymo LLC v. Uber Technologies, LLC, et al., Case No. 3:17-cv-00939-WHA: Otto Trucking's Response to Waymo's Precis Seeking Permission to File Motion for Summary Judgment

Dear Judge Alsup,

In accordance with the Court's August 23, 2017 Order (Dkt. 1308), Otto Trucking objects to Waymo's precis seeking leave to file summary judgment as to Defendants' affirmative defenses. First, Waymo's precis is confusing as it identifies the affirmative defenses asserted by Uber/Ottomotto, but includes Otto Trucking in its request. To the extent that Waymo has not addressed affirmative defenses asserted by Otto Trucking, those affirmative defenses are not subject to Waymo's request for summary judgment.

Second, Otto Trucking disagrees that summary judgment is warranted because Otto Trucking did not propound interrogatories specifically addressing its affirmative defenses. *See* Dkt. 1301. This argument is irrelevant. Indeed, Plaintiff's cited case states that summary judgment is based on the "pleadings, depositions, answers to interrogatories, and admissions on file"—not just the interrogatories propounded viewed in isolation. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Otto Trucking has obtained substantial evidence supporting its affirmative defenses from other discovery processes besides interrogatories.

### Waiver/ Estoppel

Otto Trucking has a strong waiver/estoppel defense. The evidence shows that (1) Mr. Levandowski told Google at the latest during his exit interview that he was considering starting a company devoted to developing self-driving trucks, (2) after he left Google and started that business, Mr. Levandowski remained in contact with



August 24, 2017

Page 2

Google employees, including Waymo's CEO Mr. Krafcik and repeatedly offered to show Mr. Krafcik the self-driving truck he was developing, and (3) without ever accepting Mr. Levandowski's offer, and with knowledge of what he was developing, Google still paid him $███████ and delayed bringing this lawsuit.

      Prior to leaving Google, Anthony Levandowski had disclosed to his superiors and others in the company his interest in starting an autonomous trucking business. Ex. 1. In his exit interview on the day he departed Anthony Levandowski had disclosed that he had started an autonomous trucking business. Ex. 2. After he left, Mr. Levandowski remained in contact with John Krafcik, the CEO of Chauffeur/Waymo. ███████ ████████████████████████████████████████████ g . *See* Ex. 3 (text messages between Anthony Levandowski and John Krafcik). ██████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████ *Id.* at WAYMO-UBER-00033606.

      While Mr. Krafcik was keeping in close contact with Mr. Levandwoski, Waymo was investigating Mr. Levandowski's activities prior to his departure from Google. Indeed, shortly after Mr. Levandowski's departure,

████████████████████████████████████████████████████

████████████████ *See* Ex. 4. Google initiated a forensic investigation of Mr. Levansowskin in February 2016. Gary Brown, the security engineer who performed the forensic investigation of Mr. Levandowski, testified that as early as August 2016, Google was aware that Mr. Levandwoski had downloaded the 14,000 files from Google's server. *See* Ex. 5.

      In a text message dated August 11, 2016, Mr. Levandowski again offered Mr. Krafcik a demo of his self-driving truck. That same day, despite awareness of Mr. Levandowski's self-driving trucking business, access to Mr. Levandowski's truck, and likely knowledge of Mr. Levandowski's alleged downloading of documents, Google paid Mr. Levandowski's remaining bonus from his time on Project Chauffeur. *See* Ex. 6.



August 24, 2017
Page 3

These facts demonstrate Waymo's knowledge of the alleged misconduct and its express waiver of the claim by Mr. Krafick's statement that Google would be warm and supportive of Mr. Levandowski's endeavors, and implied waiver based on its payment of Anthony Levandowski's bonus after it was likely aware of the alleged misconduct.

**Laches and Failure to Mitigate Damages**

As stated above, Waymo was aware of the alleged downloading of information that is the basis of its misappropriation claim as early as August 2016.  And yet, it did not file any action for misappropriation of trade secrets of seek an injunction until the end of February 2017.  This delay was unreasonable and prejudicial (laches) and also demonstrates Waymo's failure to mitigate any damages it may claim it suffered.  (Of course, Waymo still has not disclosed any viable damages claim specific to Otto Trucking, so arguing about how Waymo failed to mitigate its non-existent damages is difficult at this stage).

**Unclean Hands**

Discovery has shown for a number of years, Waymo purchased Velodyne LiDAR systems.  *See* Ex. 7.  ████████████████████████████████████████████████████████████████████.  *See* Ex. 8.  Thus, to the extent that any of Waymo's purported trade secrets are also found in Velodyne LiDARs, Waymo may have misappropriated them from Velodyne or other third parties' whose technology Waymo has purchased.

Otto Trucking also incorporates and joins Uber/Ottomotto's response to Waymo's Precis.

                                            Respectfully submitted,

                                             /s/ Neel Chatterjee

                                            Neel Chatterjee
                                            GOODWIN PROCTER LLP

                                            *Attorneys for Defendant*
                                            Otto Trucking LLC

cc:  Counsel of Record (via ECF)



## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on August 24, 2017. I further certify that all participants in the case are registered CM/ECF users and that service of the redacted version of this Response, including public and redacted attachments will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 24th day of August 2017.

                                                    /s/ Neel Chatterjee
                                                       Neel Chatterjee