**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94101 | TEL (415) 875-6600

August 24, 2017

U.S. District Judge William Alsup

Re:   *Waymo LLC v. Uber Technologies, Inc., et al.*, N.D. Cal., Case 3:17-cv-00939-WHA
      **Waymo's Opposition to Otto Trucking's Summary Judgment Précis**

Dear Judge Alsup:

Pursuant to the Court's order of August 22, 2017 (Dkt. 1308), Plaintiff Waymo LLC respectfully files this Opposition to Otto Trucking's summary judgment précis letter (Dkt. 1296).

Sincerely,

*/s/ Charles K. Verhoeven*

Charles K. Verhoeven

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

Otto Trucking's summary judgment précis letter (Dkt. 1296) argues that Otto Trucking should be dismissed from this case, on the theory that "[t]his case is between Uber and Waymo." (Otto Trucking Précis at 3.) But this position is incorrect, because a central figure in the misappropriation of Waymo's trade secrets—Anthony Levandowski—is Otto Trucking's Executive Chairman, co-Managing Member, and majority stockholder. As the Court has already noted, "[a]ll guilty knowledge attributable to Levandowski is attributable to Otto trucking . . . . it's his company, for goodness' sakes." (6.29.17 Hearing Tr. (Dkt. 775) at 65:18-24.) The Court likewise stated that Otto Trucking is "soaked" with liability. (*Id*.)

The Court's view is correct. Under settled vicarious liability principles, Otto Trucking is vicariously liable for the trade secret misappropriation of its Executive Chairman and Managing Member, Mr. Levandowski. *See, e.g., Extreme Reach, Inc. v. Spotgenie Partners, LLC*, No. CV1307563DMGJCGX, 2013 WL 12081182, at *7 (C.D. Cal. Nov. 22, 2013) ("SpotGenie may be liable for the Sales Managers' misappropriation of trade secrets under the doctrine of respondent superior . . . . California and federal courts have allowed vicarious liability claims under the UTSA.") (citing caselaw); *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, No. C 10-02605 JW, 2010 WL 2764714, at *4 (N.D. Cal. July 13, 2010) (imputing trade secret misappropriation from employees to employer); *Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1147–48 (N.D. Cal. 2003) ("the Court finds that Fujitsu has, nonetheless, stated a claim for misappropriation of trade secrets as to UI by alleging that Competitive was 'acting with and for UI.' In particular, this allegation may be reasonably construed as an allegation that UI ratified or approved Competitive's conduct.")

Moreover, the doctrine of "ratification," *Fujitsu*, 286 F. Supp. 2d at 1148, is also quite relevant here. Despite Levandowski's continued possession of Waymo's trade secrets, Otto Trucking refuses to take any remedial actions against him. This alone shows Otto Trucking's ratification of Levandowski's misappropriation, thereby subjecting Otto Trucking to liability. Cal. Civ. Code § 2310 ("A ratification can be made . . . by accepting or retaining the benefit of the act, with notice thereof."); *Contemporary Servs. Corp. v. Landmark Event Staffing Servs., Inc.*, 677 Fed. Appx. 314, 315 (9th Cir. 2017) ("CSC raised a triable issue as to whether Landmark unlawfully ratified employee Grant Haskell's misappropriation of CSC trade secrets when Landmark failed to cease the use of CSC documents, disavow Haskell's conduct, or terminate Haskell's employment after Landmark 'had reason to know' of Haskell's misappropriation."); *Ajaxo Inc. v. E*Trade Grp., Inc.*, 135 Cal. App. 4th 21, 67-68 (2005).

It is irrelevant that, as Otto Trucking argues, Levandowski originally acquired Waymo's trade secrets before Otto Trucking was incorporated. (*See* Otto Trucking Précis at 3 (arguing that "Levandowski could not have been acting on OT's behalf when he allegedly downloaded files in December 2016 and January 2016" because "Otto Trucking was not even formed until February 1, 2016.").) After all, Levandowski continued and continues to possess these trade secrets during the time when he is an Otto Trucking executive, and Otto Trucking has ratified this misappropriation by failing to take any adverse actions against Levandowski during that time, despite having both actual and constructive knowledge of his misappropriation.

1

Moreover, Levandowski has continued to possess Waymo's trade secrets *in his capacity as an Otto Trucking executive* (even if also he possessed them in his capacity as an Uber executive). Consider: Uber has an ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (Nardinelli Decl., Ex. 1 [Ron Dep.] 48:17-49:7.)  By possessing Waymo's trade secrets as an Otto Trucking executive, Levandowski effectively increases the value that Otto Trucking would have ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. There is a highly-reasonable inference that this is at least one of the reasons why Levandowski has tenaciously held on to Waymo's trade secrets, given that money that he stands to earn if the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Otto Trucking is also a proper Defendant in this case *even if* Waymo could not show any past misappropriation against Otto Trucking (which it can, for all the reasons stated above).  This is because the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ create a concrete and imminent threat that Otto Trucking would begin using Waymo's trade secrets following ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Thus, it is important for Otto Trucking to remain a Defendant in this case so that, if Waymo proves that Uber's technology uses Waymo's trade secrets, the Court could fashion a use injunction that includes Otto Trucking as well as Uber.

Finally, Otto Trucking's argument that California courts reject the "outside reverse veil-piercing doctrine" (Otto Trucking Précis at 2-3) is a red herring.  The outside reverse veil-piercing doctrine applies "when a third party outsider seeks to reach corporate assets to satisfy claims against an individual shareholder."  *Postal Instant Press, Inc. v. Kaswa Corp.*, 162 Cal. App. 4th 1510, 1518 (2008); *see also id.* at 1523 ("the issue addressed by outside reverse piercing is the shareholder's transfer of personal assets to the corporation to shield the assets from collection by a creditor of the shareholder.  In other words, outside reverse piercing seeks to protect the judgment creditor from the shareholder's fraudulent transfer of assets to the corporation.")  Here, Waymo is not seeking to seize Otto Trucking assets to satisfy a judgment against Levandowski.  Instead, Waymo is simply holding Otto Trucking liable for Levandowski's misappropriation in the first instance, under the doctrines of vicarious liability and ratification.  Otto Trucking does not and cannot argue that California law has abolished *these* doctrines.  Thus, Otto Trucking's argument fails.

For all these reasons, Waymo respectfully requests that the Court deny Otto Trucking leave to file for summary judgment.

