SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6022
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 950 | SUITE 3800 |
| 1000 LOUISIANA STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL
BCARMODY@SUSMANGODFREY.COM

August 24, 2017

The Honorable William Alsup
United States District Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. 3:17-cv-00939

Dear Judge Alsup:

Pursuant to the Court's Order (Dkt. 1308), Defendants Uber Technologies, Inc. and Ottomotto LLC ("Uber") submit the attached letter responding to Plaintiff Waymo LLC's request for permission to file a motion for summary judgment on certain of Uber's affirmative defenses (Dkt. 1301).

Respectfully submitted,

*/s/ Bill Carmody*

William Christopher Carmody
Counsel for Uber Technologies, Inc.
and Ottomotto LLC

cc:   All Counsel of Record
      Special Master John Cooper

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

The Honorable William Alsup
August 24, 2017
Page 2

In its précis, Waymo challenges seven of the affirmative defenses Uber raised in its Answer (Dkt. 704): preemption (No. 12); estoppel (No. 13); acquiescence (No. 14); waiver (No. 15); license (No. 16); patent exhaustion (No. 16); and failure to mitigate damages (No. 20). Waymo's remaining challenges address Otto Trucking's affirmative defenses. (Dkt. 703.). With the hope of avoiding summary judgment briefing on any of the affirmative defenses and in line with the Court's direction regarding the submission of a précis, Uber withdraws the following affirmative defenses: preemption; estoppel; license; and patent exhaustion. Summary judgment motion practice on the defenses of acquiescence, waiver, and failure to mitigate damages will not streamline the case or resolve issues of law, as they all involve genuine disputes of material facts.

**Acquiescence/Waiver**

These defenses implicate *Waymo*'s knowledge and course of conduct in the year leading up to this lawsuit. Waymo's précis (Dkt. 1301 at 1) focuses on Uber's due diligence process, but in fact it is *Waymo*'s forensic investigation of Mr. Levandowski's conduct and its failure to take action against Mr. Levandowski that is primarily at issue with these affirmative defenses.

By at least January 2016, Waymo was aware that Mr. Levandowski might enter the self-driving vehicle space. At his exit interview,  (Josephs Decl. Ex. 1.) The same day, Waymo CEO John Krafcik reported to Sergey Brin and Larry Page that ███████████████████████████████████████████████████████ (Josephs Decl. Ex. 2.) Google forensic engineer Gary Brown began working on the investigation in March 2016 and continued intermittently through February 2017. (Josephs Decl. Ex. 3, 3/24/17 Brown Dep. 10:21–11:12.) Waymo involved outside counsel in the investigation by July 2016. (Josephs Decl. Ex. 4, 8/8/17 Brown 30(b)(6) Dep. 42:4–18.) In April 2016, Mr. Krafcik also discussed ███████████████████ with Google human resources employee Chelsea Bailey. (Josephs Decl. Ex. 5.) Google has ███████████████████████████████████████████████████. (*See, e.g.*, Josephs Decl. Exs. 6–8.) For example, on August 18, 2016, the day Uber announced its acquisition of Otto, Waymo prepared ████████████████████████████ (Josephs Decl. Ex. 9.)

Thus, Waymo knew, at least as of August 18, 2016, that it was investigating Mr. Levandowski's alleged downloading activity; that Levandowski had pursued a self-driving venture; and that its ███████████ (Uber) acquired Levandowski's startup. Waymo sat on these facts for months. Waymo didn't even mention the downloaded files in the arbitration it filed against Mr. Levandowski in October 2016. (*See* Dkt. 138.) *At least* as of October 2016, however, Waymo had confirmed Mr. Levandowski allegedly downloaded the files on which Waymo's entire case rests. (Josephs Decl. Ex. 3, 3/24/17 Brown Dep. 48:5–49:8, 36:9–20; Dkt. 23, First Am. Compl. ¶ 57.) More evidence of what Waymo knew and *when* is expected today, when Waymo produces documents relating to its forensic investigation that it wrongfully withheld under a claim of privilege. (Dkt. 1272; Dkt. 1314.) Additional testimony from Mr. Brown is anticipated after the close of discovery. (*See id.*; Dkt. 1319.)  Genuine

The Honorable William Alsup
August 24, 2017
Page 3

issues of material fact related to Waymo's knowledge and conduct would preclude summary judgment.

### Failure to Mitigate Damages

Today is the last day of fact discovery in a case expedited at Waymo's insistence. Waymo still has no viable damages theory. (*See* Dkt. 797.) Yet, in its précis, Waymo demands that Uber reveal its potential defense to Waymo's as-yet-undisclosed damages theory. In fairness, Uber should not have to defend against a summary judgment motion on a damages defense when Waymo refuses to reveal its damages theory (on which it bears the burden of proof) and when Waymo may very well be precluded from seeking damages at trial. (Dkt. 563 at 1.) If Waymo wanted the opportunity to challenge this defense on summary judgment under the expedited schedule, then it should have complied with the Federal Rules and this Court's rulings. Uber should be permitted to take the defense to trial.

Subject to the above, and without waiving its pending motion to strike and preclude damages (Dkt. 797), which the Court has held in abeyance and ███████████████ ██████████████████████████████████████████████████████████████ (8/16/17 Hr'g Tr. 78:6–16; 8/16/17 Sealed Hr'g Tr. 142:7–17), Uber responds as follows. Waymo's précis claims that trade secret damages under its undefined theory are based "on the saved development costs and accelerated development timeline that Defendants were able to achieve through their use of Waymo's trade secrets." (Dkt. 1301 at 2.) These are precisely the type of damages that could have been mitigated with earlier notice as they affect the amount of time Uber allegedly benefited from using Waymo's material to catch up on Waymo's technological lead. As explained above, Waymo knew of the facts giving rise to its claims well before it filed suit. Additionally, Waymo's interrogatories demanded that ███████████ ██████████████████████████████████ (Josephs Decl. Ex. 10 at 3, 13.) Uber's responses ███████████████████████████.

Finally, Waymo suggests that failure to mitigate damages is not a commonly accepted defense in this type of case, but its cited source provides only that the duty to mitigate damages may *include* seeking a preliminary injunction, not that it *excludes* other forms of mitigation. (Dkt. 1301 at 2.)

### Conclusion

The Court very clearly informed the parties at the August 16, 2017 hearing to ██ ████████████████████████████████████████████████████████ (8/16/17 Sealed Hr'g Tr. 134:20–23.) In line with the Court's instruction and to avoid summary judgment briefing, Uber is abandoning four of its affirmative defenses. Uber respectfully requests that the Court deny Waymo's request to brief the remaining three that involve genuine issues of material fact.

The Honorable William Alsup
August 24, 2017
Page 4

## ATTESTATION OF E-FILED SIGNATURE

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that William Christopher Carmody has concurred in this filing.

Dated:  August 24, 2017                         */s/ Arturo J. González*
                                                                    ARTURO J. GONZÁLEZ