QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>        Defendants. | CASE NO. 3:17-cv-00939<br><br>**WAYMO LLC'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     August 28, 2017<br>Time:    1:30 pm<br>Dept.:    Courtroom F, 15th Floor<br>Judge:   Hon. Jacqueline Scott Corley<br><br>Date Filed: February 23, 2017<br><br>Trial Date: October 2, 2017 |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that Waymo LLC will and hereby does move the Court for an order quashing the subpoena issued by Defendant Otto Trucking LLC ("OT") to Keker Van Nest & Peters ("KVP") (the "Keker Subpoena," attached as Ex. B to KVP's contemporaneously filed motion to quash) to the extent it calls for the production of documents and communications protected by Waymo's attorney-client privilege and/or work product.[1] This motion is made under Rules 45 of the Federal Rules of Civil Procedure on the grounds that the subpoena would invade the protections of the attorney-client privilege and/or work product, and that it goes far beyond this Court's order regarding Waymo's waiver of privilege.

Waymo participated in a conference call with counsel for OT and with John Cooper, the assigned Special Master in the above-captioned matter, regarding this subpoena. The Special Master approved the filing of this motion and set a briefing schedule with this brief due August 24, 2017. OT's opposition is due at noon on August 27, 2017.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and all papers and records on file with the Clerk or which may be submitted prior to or at the time of the hearing on the Motion, and any further evidence which may be offered at the hearing. Waymo hereby requests that a hearing on this Motion be scheduled at the Court's convenience, and on an expedited basis to accommodate the discovery deadlines in the litigation.

Respectfully submitted,

DATED: August 24, 2017         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Attorneys for WAYMO LLC

---

[1] OT also issued a subpoena to Tom Gorman, an individual attorney at KVP (the "Gorman Subpoena"), but never served it. Like KVP, Waymo reserves its rights to file a motion to quash Mr. Gorman's subpoena if OT ever tries to seek his individual deposition.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  BACKGROUND**

On August 11, 2017, OT moved to compel discovery from Waymo regarding its forensic investigation of Messrs. Levandowski, Raduta, and Kshirsagar.  Dkt. 1163.  On August 15, Your Honor held:  "While the waiver of work product does not *necessarily* waive attorney-client privileged communications, here the waiver of work product over the investigation did waive the attorney-client privilege as to counsel communications with Mr. Brown and anyone else involved in the investigations at issue as in fairness such communications should be disclosed."  Dkt. 1272 at 2.

On August 20, OT provided notice of the Keker Subpoena.  The Keker Subpoena makes four document requests:

> 1.  All documents relating to any investigation of former Waymo employees, including, but not limited to Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.
>
> 2.  All communications between KEKER, including but not limited to Tom Gorman and Rachel Meny, and ALPHABET regarding the SVN logs pertaining to any computers used by Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.
>
> 3.  All communication between KEKER, including but not limited to Tom Gorman and Rachel Meny, and ALPHABET regarding any computer or log data related to computers used by Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.
>
> 4.  All documents referring or relating to any conclusion by KEKER that Anthony Levandowski downloaded 14,000 files.

Ex. 1 at 7.  It makes almost identical requests for testimony on these topics.  *Id.* at 6.

**II.  ARGUMENT**

OT's subpoena improperly attempts to expand Your Honor's order regarding the waiver of attorney-client privilege to cover privileged documents and communications and core work product of KVN that have not been and should not be deemed waived.  The order recognized that a waiver of work-product privilege does not necessarily waive attorney-client privilege, (Dkt. 1272 at 2), but held that in this instance, as a matter of fairness, Waymo's waiver of work-product privilege required disclosure of certain documents and communications that would otherwise be protected by attorney-client privilege.  The order did not require any broader waiver of work product than that which Waymo has already acknowledged.

The subpoenas go far beyond this limited ruling.  The first document and testimony request seeks information about any investigation of any former Waymo employees and the fourth document and testimony request seeks all documents "referencing or relating to" any conclusion that Anthony Levandowski downloaded 14,000 files, regardless of the other topics that may be covered in such communications. Ex. 1 at 6-7.  However, this Court's order was limited to specific communications about one specific investigation of three former Waymo employees—Levandowski, Raduta, and Kshirsagar—because Waymo's waiver of work-product privilege concerned only that investigation.  Dkt. 1272 at 2 ("Otto Trucking has not made any showing as to why communications regarding investigations of other employees have been waived and thus the motion is denied to the extent it seeks such relief.").  Indeed, OT's motion to compel also was limited solely to this specific investigation. Dkt. 1163 at 2.  There is no basis in law or fairness to expand a limited waiver of work-product and attorney-client privilege for one investigation into a waiver of work product and attorney-client privilege for any investigation.

Furthermore, the second and third document and testimony requests seek "[a]ll communications between KEKER, including but not limited to Tom Gorman and Rachel Meny, and ALPHABET" on "any computer or log data," and SVN logs, of Levandowski, Raduta, and Kshirsagar. Ex. 1 at 6-7.  Thus, by its terms, these requests would cover communications between Keker lawyers and counsel at Google or Google's outside counsel.  However, Your Honor's order required disclosure only for "counsel communications with [Waymo engineer Gary] Brown and anyone else involved in the investigations at issue." Dkt. 1272 at 2; *see also id.* at 1 ("Counsel's communications to Mr. Brown regarding Mr. Brown's investigation fall within the subject matter of the disclosed investigation.").  Communications *between Keker and others (including in-house counsel)* therefore are not covered by the order, and there is no basis in law or fairness to extend the order to cover such communications, which go far beyond Waymo's limited waiver concerning Mr. Brown's investigation.  And absent a finding of waiver under this Court's order, communications between Keker attorneys and counsel at Google or Google's outside counsel on the subjects at issue would clearly be protected by attorney-client privilege.

### III. CONCLUSION

For the foregoing reasons, Waymo requests that the Court quash the Keker Subpoena to the extent it covers documents and communications protected by Waymo's attorney-client privilege and/or work product.

Respectfully submitted,

DATED: August 24, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
      Charles K. Verhoeven
      Attorneys for WAYMO LLC