KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
RACHAEL E. MENY - # 178514
rmeny@keker.com
JENNIFER A. HUBER - # 250143
jhuber@keker.com
JO W. GOLUB - # 246224
jgolub@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
W. HAMILTON JORDAN - # 295004
wjordan@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Non-Party Keker, Van Nest &
Peters LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>             Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**NON-PARTY KEKER, VAN NEST & PETERS LLP'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        August 28, 2017<br>Time:       1:30 p.m.<br>Dept.:       F—15th Floor<br>Judge:      Hon. Jacqueline Scott Corley<br><br>Date Filed: February 23, 2017<br><br>Trial Date:  October 2, 2017 |

1185572

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................1

I.  INTRODUCTION .................................................................................................................1

II.  BACKGROUND .................................................................................................................2

    A.  KVP is a non-party that Otto Trucking Has Known About For Months. ................2

    B.  OT's Prior Motion and the August 18, 2017 Order. .................................................2

    C.  OT is now attempting to expand the Court's ruling to include broad
        discovery from Google's third-party counsel. ..........................................................3

III.  LEGAL ARGUMENT ........................................................................................................5

    A.  No depositions of or document requests to KVP are appropriate or
        justified. .....................................................................................................................5

        1.  OT's Subpoena to KVP fails to allow a reasonable time to comply. ..........5

        2.  The Court's August 18 Order compels discovery from Waymo, not
            Google's lawyers at KVP. ...........................................................................6

        3.  OT's subpoena to non-party KVP is improperly duplicative and
            unnecessary. ................................................................................................7

    B.  Even if the Court allows some discovery from KVP, it should be highly
        limited and narrowly tailored. ...................................................................................8

        1.  Any discovery from KVP should be limited to the narrow scope of
            the Court's August 18 Order. ......................................................................9

        2.  OT is not entitled to discover internal KVP communications or
            documents. .................................................................................................12

        3.  KVP's opinion work product is not discoverable. ....................................14

        4.  Finally, to the extent OT is entitled to any KVP deposition at all, it
            must be strictly limited in time. .................................................................15

IV.  CONCLUSION ..................................................................................................................15

i

1185572

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*
   300 F.R.D. 406 (C.D. Cal. 2014) ............................................................................................. 8

*City of Glendale v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*
   No. CV-12-380-PHX-BSB, 2013 WL 1797308 (D. Ariz. Apr. 29, 2013) ....................... 12, 13

*Cox v. Administrator United States Steel & Carnegie*
   17 F.3d 1386 (11th Cir. 1994) ............................................................................................... 14

*Gaines v. Techline, Inc.*
   No. 1:13-CV-0576, 2016 WL 1453895 (W.D. La. Apr. 11, 2016) ........................................... 6

*Gonzales v. Google, Inc.*
   234 F.R.D. 674 (N.D. Cal. 2006) ............................................................................................. 5

*Hickman v. Taylor*
   329 U.S. 495 (1947) ............................................................................................................... 14

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*
   161 F.R.D. 86 (N.D. Cal. 1995) ............................................................................................... 8

*Holmgren v. State Farm Mut. Auto. Ins. Co.*
   976 F.2d 573 (9th Cir. 1992) ................................................................................................. 15

*In re Doe*
   662 F.2d 1073 (4th Cir. 1981) ............................................................................................... 12

*In re Martin Marietta Corp.*
   856 F.2d 619 (4th Cir. 1988) ................................................................................................. 14

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*
   No. 09-cv-01967 CW (NC), 2012 WL 4846522 (N.D. Cal. Aug. 7, 2012) ............................. 8

*Informatica Corp. v. Bus. Objects Data Integration, Inc.*
   454 F. Supp. 2d 957 (N.D. Cal. 2006) ................................................................................... 14

*Jones v. Singing River Health Sys.*
   No. 15CV1-LG-RHW, 2016 WL 2851332 (S.D. Miss. May 13, 2016) .................................... 6

*Soto v. Castlerock Farming & Transp., Inc.*
   282 F.R.D. 492 (E.D. Cal. 2012) ............................................................................................. 8

*Wi-LAN, Inc. v. LG Elecs., Inc.*
   No. C-10-80254-JF-PSG, 2011 WL 500072 (N.D. Cal. Feb. 8, 2011) ................................... 14

**Federal Rules**

Fed. R. Civ. P. 26 ........................................................................................................... 1, 5, 7

ii

1185572

Fed. R. Civ. P. 45 ........................................................................................................... 1, 5, 8

Fed. R. Evid. 502 ...................................................................................................... 12, 13, 14

NON-PARTY KEKER, VAN NEST & PETERS'S MOTION FOR
PROTECTIVE ORDER AND TO QUASH SUBPOENA
Case No. 17-cv-00939-WHA (JSC)

1185572

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Non-Party Keker, Van Nest & Peters ("KVP") will and hereby does move the Court for an order quashing a subpoena to testify and for the production of documents served by Otto Trucking LLC ("OT"), and for a protective order limiting any deposition or document subpoenas on KVP.  This motion is made under Rules 26(c) and 45 of the Federal Rules of Civil Procedure on the grounds that the subpoena imposes an undue burden on KVP, seeks irrelevant and duplicative information, and would invade the protections of the attorney-client privilege and work product doctrine.

The Court recently granted OT's motion to compel further limited discovery from plaintiff Waymo LLC ("Waymo") of certain communications with Waymo's forensic investigators regarding their forensic investigation into three former employees: Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.  Rather than pursuing that newly awarded discovery from Waymo, OT is attempting to expand the Court's Order into the files, communications, and work product of attorneys who are not parties or counsel-of-record in this litigation on issues unrelated to the narrow communications subject to the Court's recent Order.  *See* Dkt. No. 1272. Specifically, OT has served a Rule 45 subpoena on third-party law firm KVP—Google Inc.'s counsel in another matter—and tried to serve another subpoena on one of KVP's individual attorneys.  The KVP subpoena should be quashed in its entirety.  In the event the Court does not quash the subpoena, it should issue a protective order that narrowly tailors the subpoena to the precise scope of this Court's August 18, 2017 Order, excludes all protectable information, and limits the time period for any deposition.

KVP participated in a conference call with counsel for OT and with John Cooper, the assigned Special Master in the above-captioned matter, regarding these subpoenas.  The Special Master approved the filing of this motion and set a briefing schedule with this brief due August

1

1185572

24, 2017 by midnight. *See* Declaration of Rachael E. Meny, ¶ 7.  OT's brief in response is due by noon on August 27, 2017.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Rachael E. Meny, and all papers and records on file with the Clerk or which may be submitted prior to or at the time of the hearing on the Motion, and any further evidence which may be offered at the hearing.

Respectfully submitted,

Dated:  August 24, 2017                                KEKER, VAN NEST & PETERS LLP

                                                 By:   */s/ Rachael E. Meny*
                                                       ROBERT A. VAN NEST
                                                       RACHAEL E. MENY
                                                       JENNIFER A. HUBER
                                                       JO W. GOLUB
                                                       THOMAS E. GORMAN
                                                       W. HAMILTON JORDAN

                                                       Attorneys for Non-Party Keker, Van Nest & Peters LLP

1185572

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

On August 18, 2017, this Court granted Otto Trucking LLC's ("OT") motion to compel certain limited, additional discovery from Waymo, *i.e.*, communications between Waymo's counsel and Gary Brown regarding his forensic investigation into the devices of three former Google employees: Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.   *See* Dkt. No. 1272 ("August 18 Order") at 1:13-19.

OT now seeks to expand that Order, seeking highly expedited, last minute discovery from Google's outside counsel at Keker, Van Nest & Peters ("KVP") on subjects beyond the scope of the Court's August 18 Order.   On the evening of Sunday, August 20, 2017, OT emailed KVP—Google's counsel in an arbitration against Otto co-founders, including Anthony Levandowski—asking it to accept service of two subpoenas, one to KVP and one to an individual KVP lawyer. The KVP subpoena was served on August 21, 2017 and sought deposition testimony on August 24, 2017.  The KVP subpoena also sought document production on August 24, 2017.  OT sought such third-party discovery on three days' notice, even though OT has long been aware that KVP attorneys show up on certain privilege log entries in this case.  OT's subpoena also seeks highly protected and privileged information, including KVP's internal work product that was never shared externally, information about KVP's client communications and work product wholly unrelated to Waymo's in-house forensic investigation into the devices of Levandowski, Raduta, and Kshirsagar, and other information from KVP's files, including client and internal communications.

OT's subpoena attempts to dive into protected attorney-client communications and work product that has not been—and in many cases cannot be—waived.  The Court should quash it. Failing that, the Court should grant a protective order limiting OT to one short deposition and

1185572

narrowing the subpoena's scope to protect against disclosure of privileged and protected information.

## II.    BACKGROUND

### A.    KVP is a non-party that Otto Trucking Has Known About For Months.

KVP is a non-party to this litigation.  On March 23, 2017, more than five months ago, Waymo served defendants with a privilege log that contains entries mentioning KVP attorneys. Additionally, Gary Brown mentioned KVP attorney Tom Gorman's name in his March 24, 2017 deposition.   The entries on this March 2017 log, and Mr. Brown's March testimony, are some of the very evidence that OT challenged in mid-August 2017 and that resulted in the Court's August 18 Order.[1]   Despite this, no defendant sought discovery from anyone at KVP until the evening of August 20, 2017.

### B.    OT's Prior Motion and the August 18, 2017 Order.

On August 11, 2017, OT moved to compel discovery "from Waymo regarding its forensic investigation of Messrs. Levandowski, Raduta, and Kshirsagar."  Dkt. No. 1163 at 1.  OT sought an order requiring ***Waymo*** to make additional document production "relating to the forensic investigation" done on the computers of three former Google employees (Levandowski, Raduta, and Kshirsagar) and requiring ***Waymo*** to make three Waymo witnesses available for further deposition on this investigation.  *Id.* at 3.  OT's motion never sought permission for any third-party subpoenas, let alone subpoenas to Google's counsel that is not counsel-of-record in this matter.  *See id.*  As such, none of the prior briefing addressed the relevance, burden, or privileged nature of KVP's information, and the Court never issued a ruling on those issues.  *See e.g.*, Dkt.

---

[1]  Additionally, Uber's lawyers, Morrison & Forester LLP, have been aware of KVP's involvement in the arbitration against Levandowski since at least November 2016.  OT's lawyers, Goodwin Proctor, have been aware of KVP's involvement in that arbitration since at least April 2017, when they became counsel for Levandowski in the arbitration.  *See* Declaration of Rachael Meny ("Meny Decl."), at ¶ 3.

1185572

Nos. 1163 (OT's motion); 1227 (Waymo's opposition); 1272 (August 18 Order).

On August 18, 2017, this Court issued an order compelling **Waymo** to produce a limited set of additional information regarding Gary Brown's forensic investigation into the devices of three former employees: Levandowski, Raduta, and Kshirsagar.  *See* August 18 Order at 1:13-19. Specifically, the Court found that OT was entitled to discover "anything counsel may have said, directly or indirectly, to Mr. Brown and others regarding his investigation," and "what Mr. Brown was told regarding his investigation."  *Id.*  at 1:17-19.  Further, the Court found that OT was entitled to discovery of "counsel communications with Mr. Brown and anyone else involved in the investigations at issue"—meaning the forensic investigations regarding Levandowski's, Raduta's, and Kshirsagar's devices.  *Id.* at 2:11-12, 2:21-25.  The Court denied OT's request to obtain information regarding Waymo's forensic investigations into other former employees, finding that "Otto Trucking has not made any showing as to why communications regarding investigations of other employees have been waived and thus the motion is denied to the extent it seeks such relief."  *Id.* at 2:23-25.

**C.**   **OT is now attempting to expand the Court's ruling to include broad discovery from Google's third-party counsel.**

The Court issued its order on Friday, August 18, 2017.  Dkt. No. 1272.  At 8:45 p.m. on Sunday, August 20, 2017, OT's counsel emailed KVP, asking it to accept service of two subpoenas directed to KVP and to a KVP lawyer, Tom Gorman.  Meny Decl., Exh. A (8/21/17 Chatterjee email).  OT also noted that it might serve an additional subpoena on a second KVP lawyer, but it never did so.  *See id.*  The KVP subpoena seeks documents and testimony and was originally noticed for production and deposition on three days' notice, August 24, 2017.[2]  *Id*.,

---

[2] The Gorman subpoena was also noticed for August 24, 2017, but never served.  Mr. Gorman, however, will serve as KVP's witness if a deposition occurs.  KVP reserves its rights to file a motion to quash Mr. Gorman's subpoena if OT ever tries to seek his individual deposition.

Exh. B (KVP Subpoena).

On August 21, 2017, KVP accepted service of the KVP subpoena but reserved all of its rights to object to the subpoena or its date.  Meny Decl., ¶ 5.  The KVP subpoena lists four broad topics for KVP's Rule 30(b)(6) witness:

> 1. Any investigation of former Waymo employees, including, but not limited to Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.
>
> 2. All communications between KEKER…and ALPHABET[3] regarding the SVN logs pertaining to any computers used by Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.
>
> 3. All communications between KEKER…and ALPHABET regarding any computer or log data related to computers used by Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.
>
> 4. All documents referring or relating to any conclusion by KEKER that Anthony Levandowski downloaded 14,000 files.

Meny Decl., Exh. B (KVP Subpoena), Attachment A.  The KVP subpoena also makes four document requests that essentially overlap with these testimony topics.  *See id.*, Exh. B (KVP Subpoena), Attachment B.

As discussed in detail below, the KVP subpoena improperly seeks discovery outside the scope of the Court's August 18 Order, by: (a) seeking discovery from KVP and its attorneys, rather than from Waymo; (b) seeking documents and testimony about communications other than Gary Brown's forensic investigation into the devices of Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar; and (c) seeking documents and testimony involving attorney work product, attorney-client privileged communications, and attorney opinions well beyond the scope of the communications about the Brown forensic investigations of Levandowski, Raduta, and Kshirsagar.

---

[3] OT's subpoena defines "ALPHABET" to include numerous entities and persons other than Waymo, including Google Inc.  *See* Meny Decl., Exh. B at Att. A & B.

1185572

III.     **LEGAL ARGUMENT**

Rule 45 of the Federal Rules of Civil Procedure protects subpoenaed parties from "undue burden," and Rule 26 instructs that the Court must limit third-party discovery if "the discovery sought…can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 45(d)(1); Fed. R. Civ. P. 26(b)(2)(C)(i), (b)(1); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) ("[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena.").  Moreover—and perhaps more importantly—where a subpoena seeks "disclosure of privileged or otherwise protected matter, if no exception or waiver applies," the Court ***shall*** issue an order quashing or modifying the subpoena.  Fed. R. Civ. P. 45(d)(3)(A)(iii); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i).  The Court "***must*** protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B) (emphasis added).

A.     **No depositions of or document requests to KVP are appropriate or justified.**

The Court should quash the subpoena served on KVP.  None of this third-party discovery should proceed, as it improperly seeks privileged and protected information, is outside the scope of the Court's August 18 Order, and is irrelevant and duplicative.  Such improper, unnecessary, and duplicative discovery of third-party counsel amounts to harassment.

1.     **OT's Subpoena to KVP fails to allow a reasonable time to comply.**

Under Federal Rule of Civil Procedure 45, a subpoena "must" be quashed if it "fails to allow a reasonable time to comply."  Fed. R. Civ. P. 45(d)(3)(A)(i).  OT's subpoena to KVP, which requests documents and testimony on three days' notice, falls far short of satisfying this

reasonableness requirement.  *See, e.g.*, *Jones v. Singing River Health Sys.*, No. 15CV1-LG-RHW, 2016 WL 2851332, at *2 (S.D. Miss. May 13, 2016) (quashing subpoena served on three days' notice and observing that "federal courts have frequently rejected time periods that exceeded the three days notice provided in the present case"); *Gaines v. Techline, Inc.*, No. 1:13-CV-0576, 2016 WL 1453895, at *2 (W.D. La. Apr. 11, 2016) (quashing subpoena served on three days' notice and noting that "courts generally quash subpoenas which allow less than 14 days for compliance").  OT has known that KVP attorneys appear on Waymo's privilege log since March 23, 2017, and has had testimony regarding KVP attorney Mr. Gorman since March 24, 2017. Both OT and Uber have also long known about KVP's involvement in the Levandowski arbitration.  Despite this, OT waited until August 20, 2017—four days before the fact discovery cutoff—to try and subpoena KVP.  OT's subpoena requests should be quashed entirely for this reason alone.

### 2.  The Court's August 18 Order compels discovery from Waymo, not Google's lawyers at KVP.

In its motion leading up to the Court's August 18 Order, OT specifically moved to compel discovery "***from Waymo*** regarding its forensic investigation of Messrs. Levandowski, Raduta, and Kshirsagar."  Dkt. No. 1163 at 1 (emphasis added); *see also* 2, 3 (seeking discovery from Waymo).  OT's motion never mentioned any desire to serve third-party subpoenas, including on third party KVP or its attorneys, and never argued for or requested the right to do so.

In light of OT's requests for discovery from ***Waymo***, the Court never addressed whether OT could properly seek third-party discovery on the issue of Gary Brown's forensic investigation into the devices of Levandowski, Raduta, and Kshirsagar, much less third-party discovery from Google's counsel in a separate action.  *See* August 18 Order at 1:13-19.  Nothing in the Court's August 18 Order indicates that the Court anticipated, analyzed, or contemplated this outcome.

1185572

Indeed, Rule 26 requires the Court to protect KVP against just this type of discovery request.  The Rule instructs that "[i]f the court orders discovery of" materials that include "documents and tangible things that are prepared in anticipation of litigation or for trial," then the court "***must*** protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of [the] party's attorney or other representative concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(A), (B) (emphasis added).  While this Court may have found a limited waiver with regard to certain counsel communications with Mr. Brown, and ordered discovery of those materials from Waymo, Rule 26 still requires the Court to protect against the improper attorney-client and work product disclosures now being sought from KVP.

### 3.   OT's subpoena to non-party KVP is improperly duplicative and unnecessary.

As a result of the Court's August 18 Order, Waymo has agreed to produce additional documents.  *See* Dkt. 1314 (8/23/17 Stipulation) at 1:7-9, 23-24.  There is no indication that Waymo's production will be lacking.  Additionally, given that the Court's August 18 Order requires Waymo to provide information about what "***counsel may have said, directly or indirectly, to Mr. Brown*** and others regarding his investigation" into the devices of Levandowski, Raduta, and Kshirsagar, and "***what Mr. Brown was told*** regarding his investigation," Mr. Brown and Waymo are in the best position to provide that information, not KVP.  August 18 Order at 1:13-19.  The information contemplated by the Court's Order should be in Waymo's possession and there is no reason to seek such information from non-party counsel KVP when it can be obtained from Waymo.

Despite the fact that the Court's order already allows OT certain additional discovery from ***Waymo***, OT is also now also asking KVP to produce documents and testimony on topics that far exceed the scope of the Court's August 18 Order.  Instead of limiting the KVP subpoena to

1185572

communications with the particular forensic employees about the in-house forensic investigation into the devices of Levandowski, Raduta, and Kshirsagar, OT has gone much broader asking KVP to provide information on "any investigation of [any] former Waymo employees", "all communications" with anyone at "ALPHABET" (not just Waymo), and "all documents referring or relating to any conclusion by KEKER that Anthony Levandowski downloaded 14,000 files." *See supra* at Part II.C.

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2012 WL 4846522, at *2 (N.D. Cal. Aug. 7, 2012); *see also High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (noting that a party's outside counsel that is "not representing" the party "in the present litigation" is entitled to Rule 45's protections for non-parties). Moreover, "there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012); *see also Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014) ("Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party."). OT's attempt to seek information from KVP that it is also seeking from Waymo is unduly duplicative and harassing, and puts an undue burden on a non-party—all on an extremely expedited and burdensome time frame. There is no justification or basis for allowing OT to seek the same discovery from both Waymo ***and*** non-party KVP. The Court should therefore quash the subpoena to KVP.

**B.     Even if the Court allows some discovery from KVP, it should be highly limited and narrowly tailored.**

To the extent the Court disagrees with the argument above, it must place strict limitations

1185572

on any discovery from KVP.  OT cannot be allowed to inquire into privileged, protected attorney work product and attorney-client privileged information that exceeds the narrow scope of the limited work-product waiver as articulated in the Court's August 18 Order.  OT also cannot be allowed to inquire into internal KVP work product or KVP's opinion work product.

**1.    Any discovery from KVP should be limited to the narrow scope of the Court's August 18 Order.**

If OT is allowed to issue a subpoena to non-party KVP in this matter, the scope of that subpoena should be limited to the narrow scope of the Court's August 18 Order.  Specifically, the Court examined the impact of Waymo employee Gary Brown's testimony regarding his forensic investigation into the devices of three former employees.   August 18 Order at 1:13-19.  The Court then "agree[d]" that OT was entitled to discover "anything counsel may have said, directly or indirectly, to Mr. Brown and others regarding his investigation," and "what Mr. Brown was told regarding his investigation."  August 18 Order at 1:17-19.  Further, the Court found that OT was entitled to discover "counsel communications with Mr. Brown and anyone else involved in the investigations at issue"—*i.e.*, the forensic investigations regarding Levandowski's, Raduta's, and Kshirsagar's and devices.  *Id.* at 2:11-12.

Accordingly, OT may only seek (if anything) KVP's communications with Mr. Brown and his team regarding Mr. Brown's forensic investigation into Levandowski's, Raduta's, and Kshirsagar's devices.  This means—as the Court specifically clarified—that OT is not entitled to any KVP communications with Mr. Brown and his team regarding any other investigations of other employees.  *Id.* at 2:21-25 ("Otto Trucking has not made any showing as to why communications regarding investigations of other employees have been waived and thus the motion is denied to the extent it seeks such relief.").  Further, OT is not entitled to KVP's communications with other Google employees regarding Levandowski, Raduta, and Kshirsagar.

1185572

Nor is OT entitled to KVP's communications with Google employees (including Mr. Brown and his team) about topics other than Levandowski, Raduta, and Kshirsagar.

Thus, the Court should narrow the scope of Topic No. 1 and Request No. 1 of the KVP subpoena which seek testimony and documents regarding "[a]ny investigation of former Waymo employees, including, *but not limited to* Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar."  Meny Decl., Exh. B (KVP Subpoena), Att. A & B (emphasis added).  This Topic and Request must be narrowed to exclude information regarding "any investigation," as it ignores the fact that the Court's August 18 Order specifically found that OT had not carried its burden "regarding investigations of other employees."  August 18 Order at 2:23-25.  They must also be narrowed because information regarding "any investigation" of any "former Waymo employees" (as compared to the specific forensic investigations discussed in Mr. Brown's submitted declaration) is information that Waymo has never put at issue in the case and is information beyond the scope of any Brown forensic investigation into Levandowski's, Raduta's and Kshirsagar's devices.  *See id.* at 1:13-19 (discussing Brown's forensic investigation into electronic devices of three employees).  OT cannot use an order premised on evidence about forensic investigations into three specific individuals to seek documents and information about investigations into other individuals.  Lastly, these requests must be narrowed because they seek broad information about KVP's privileged and work-product information on "any investigation", information that is clearly protected and unwaived, attorney-client privileged and work-product-protected information that cannot be compelled here.  *See infra* at Parts III.B.2 and 3.

The Court should also narrow the scope of Topic Nos. 2 and 3, and Request Nos. 2 and 3, which seek "[a]ll communications between KEKER… *and ALPHABET*" regarding the SVN logs and other computer or log data related to Levandowski, Raduta, and Kshirsagar's computers.  Meny Decl., Exh. B (KVP Subpoena), Att. A & B (emphasis added).  These Topics and Requests

must be narrowed to exclude information regarding entities other than Waymo, as the subpoena broadly defines "ALPHABET" to include "Google, Inc., Waymo LLC, and their past and present agents, representatives, or attorneys, and all persons currently or previously under their control or acting or purporting to act on its behalf." *Id.* These Topics and Requests must also be narrowed to exclude information regarding "all communications" with "ALPHABET," as these requests both exceed the scope of the Court's August 18 Order, seek irrelevant communications, and seek communications between KVP and its clients that are protected and unwaived, attorney-client privileged and work-product-protected information which cannot be compelled here. *See infra* at Parts III.B.2 and 3.   As discussed above, if OT is entitled to any discovery from KVP at all, that discovery is limited to "anything counsel may have said, directly or indirectly, ***to Mr. Brown and others regarding his investigation***." August 18 Order at 1:17-18 (emphasis added).  Any discovery from KVP should be limited to KVP's communications with Mr. Brown and the in-house employees working with him on the forensic investigation of Levandowski, Raduta and Kshirsagar.

Lastly, the Court should also narrow the scope of Topic No. 4 and Request No. 4, which seek "[a]ll documents referring or relating to any conclusion by KEKER that Anthony Levandowski downloaded 14,000 files."  Meny Decl., Exh. B (KVP Subpoena), Att. A & B (emphasis added).  KVP's work product is privileged. *See infra* at Part III.B.3.  In its opposition to OT's motion concerning waiver, Waymo did not dispute that it had waived its *own* work product with respect to its forensic investigation of the three former employees.  The issue was whether Waymo's waiver also extended to attorney-client privilege communications pertaining to the same subject matter.  Thus, the Court's August 18 Order that Waymo had waived its ***own*** work product in the investigation and, therefore, its "attorney-client privilege as to counsel communications with Mr. Brown and anyone else involved in the investigations at issue," does

NON-PARTY KEKER, VAN NEST & PETERS'S MOTION FOR
PROTECTIVE ORDER AND TO QUASH SUBPOENA
Case No. 17-cv-00939-WHA (JSC)

1185572

not waive KVP's work-product protections.  August 18 Order at 2:10-12.  The Court has not authorized—and should not authorize—disclosure of additional work product, and certainly not *all* documents *referring or relating* to *any* "conclusion by KEKER" about the 14,000-file download.  The request is vastly overbroad, goes well beyond the scope of the Order, and seeks documents that cannot be discovered.

Accordingly, to the extent the Court chooses to allow any discovery from KVP—and KVP respectfully reiterates that the Court should not do so—that discovery should be significantly limited from the broad requests that OT has sought to impose.

### 2.    OT is not entitled to discover internal KVP communications or documents.

Even if the Court awards some discovery from KVP, OT is *not* entitled to discover any *internal* KVP communications, documents, or other work product—materials in KVP's possession, custody, and control that were *not* shared with Waymo LLC.  Waymo's work-product waiver cannot reach internal law-firm documents and communications that were never shared with Waymo in the first place.  "[T]he ability to protect work product normally extends to both clients and attorneys . . . and the attorney or the client, expressly or by conduct, can waive or forfeit it, but *only as to himself*."  *In re Doe*, 662 F.2d 1073, 1079 (4th Cir. 1981) (emphasis added).

Accordingly, even if the Court were to find that a *litigant* like Waymo (but not its attorney) had waived the work-product protection as to an entire subject matter under Rule 502 of the Federal Rules of Evidence, such waiver necessarily stops short of internal law-firm documents.  For example, in *City of Glendale v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. CV-12-380-PHX-BSB, 2013 WL 1797308 (D. Ariz. Apr. 29, 2013), the court held that a litigant's Rule 502 subject-matter waiver did not extend so far as to capture "documents

1185572

contained in outside counsel's files that were not communicated to" the litigant.  *Id.* at *18.  The

defendants in *City of Glendale*—insurance companies facing allegations of bad-faith denial of

insurance coverage—had asserted an "advice-of-counsel" defense and submitted various

documents containing attorney work product.  *Id.* at *20.  The court concluded that the

defendants' reliance on attorney work product amounted to subject-matter waiver under Rule 502,

***but*** it held that the "subject matter" at issue was restricted to "[insurance] coverage advice

***provided*** to Defendants."  *Id.* (emphasis in original).  In so doing, the court rejected the plaintiff's

argument that Rule 502 does not distinguish between "communicated and uncommunicated work

product."  *Id.* at *18.

Here, as in *City of Glendale*, the subject-matter waiver does not reach materials in outside

counsel's files.  As explained above, the subject matter of Waymo's waiver is restricted to

"anything counsel may have said, directly or indirectly, to Mr. Brown and others regarding his

investigation" and "what Mr. Brown was told regarding his investigation."  August 18 Order at

1:17-19.  KVP's internal notes, communications, and memoranda referencing or discussing the

same investigation are entirely irrelevant and far outside the scope of that waiver.

Indeed, because KVP's internal documents are exactly that—***internal***—Waymo's

forensics employees did not rely on those materials when carrying out any portion of Waymo's

forensics investigations.  KVP's internal documents ought not be "considered together" with the

forensics-related evidence Waymo has put at issue in this litigation.  Fed. R. Evid. 502(a)(3).

These materials simply do not implicate the Court's shield-and-sword concerns since Waymo did

not rely (nor ***could*** it have relied) on KVP's internal documents as part of this litigation.  *See*

August 18 Order at 2:6-8.

13

1185572

### 3.   KVP's opinion work product is not discoverable.

Further, under no circumstances may OT use subpoenas to discover opinion work product from KVP.  Unlike *fact* work product, ***opinion*** work product necessarily falls outside the scope of a Rule 502 subject-matter waiver.  *See Informatica Corp. v. Bus. Objects Data Integration, Inc.*, 454 F. Supp. 2d 957, 963 (N.D. Cal. 2006) ("[W]ork-product waiver only extends to 'factual' or 'non-opinion' work product concerning the same subject matter as the disclosed work product.").  While the Ninth Circuit has yet to address the issue, "[o]ther federal courts considering the extension of a subject-matter waiver to opinion work product have consistently rejected the notion."  *Wi-LAN, Inc. v. LG Elecs., Inc.*, No. C-10-80254-JF-PSG, 2011 WL 500072, at *5 (N.D. Cal. Feb. 8, 2011), *vacated on other grounds and remanded sub nom. Wi-LAN, Inc. v. Kilpatrick Townsend & Stockton LLP*, 684 F.3d 1364 (Fed. Cir. 2012); *see Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 422 (11th Cir. 1994) ("[T]he subject-matter waiver doctrine does not extend to materials protected by the opinion work product privilege."); *In re Martin Marietta Corp.*, 856 F.2d 619, 626 (4th Cir. 1988) ("[W]hen there is subject matter waiver, it should not extend to opinion work product.").

The Supreme Court has long cautioned that allowing discovery of opinion work product would do great damage to the federal adversarial system.  As the Court explained in *Hickman v. Taylor*:

> Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten.  An attorney's thoughts, heretofore inviolate, would not be his own.  Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial.  The effect on the legal profession would be demoralizing.  And the interests of the clients and the cause of justice would be poorly served.

*Hickman v. Taylor*, 329 U.S. 495, 511 (1947).  In light of these concerns, the Ninth Circuit has held that opinion work product may only be discovered "when mental impressions are ***at issue*** in

14

1185572

a case and the need for the material is compelling." *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (emphasis in original).

Neither element required to discover opinion work product is satisfied here.  KVP's mental impressions are not relevant to—much less "at issue" in"—this litigation.  *Id.*  OT cannot show any "compelling need" for KVP's mental impressions.  *Id.*  Accordingly, to the extent the Court allows ***any*** document or deposition discovery of KVP, it should bar from discovery any information or testimony constituting KVP opinion work product.

### 4.     Finally, to the extent OT is entitled to any KVP deposition at all, it must be strictly limited in time.

For all the reasons discussed above, no deposition of KVP is necessary, proper, or appropriate.  The tardy nature of OT's subpoenas, Waymo's agreement to produce additional discovery, the scope of the Court's August 18 Order, the case schedule and impending close of discovery, and the unnecessary burden on a non-party in an attorney-client privileged relationship with Waymo all weigh against a KVP deposition in this matter.  If, nonetheless, the Court believes that OT is justified in seeking deposition testimony from KVP, it should limit that testimony to a single Rule 30(b)(6) deposition, based on significantly narrowed topics, as indicated above.  *See supra* at Part III.B.1.  The Court should also place strict, limited time restrictions on any such deposition.

## IV.     CONCLUSION

For the foregoing reasons, the Court should grant a protective order and/or motion to quash prohibiting OT from taking discovery of KVP.  To the extent the Court determines that some discovery from KVP is justified, the document requests and deposition topics should be narrowed significantly (as discussed above), and any deposition of KVP attorneys should be conducted under strict time constraints after reasonable notice.

15

1185572

1

Respectfully submitted,

2

3
Dated:  August 24, 2017

KEKER, VAN NEST & PETERS LLP

4

5
By:   /s/ Rachael E. Meny

ROBERT A. VAN NEST
RACHAEL E. MENY
JENNIFER A. HUBER
JO W. GOLUB
THOMAS E. GORMAN
W. HAMILTON JORDAN

6

7

8
Attorneys for Non-Party Keker, Van Nest &
Peters LLP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

1185572