# Exhibit B

Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant: Otto Trucking LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Waymo LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**NOTICE OF SUBPOENA OF KEKER VAN NEST & PETERS**<br><br>Date:　　　　August 24, 2017<br>Time:　　　　9:00 a.m.<br>Location:　　Goodwin Procter LLP<br>　　　　　　　135 Commonwealth Drive<br>　　　　　　　Menlo Park, California 94025 |

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedures, defendant Otto Trucking LLC will serve the attached subpoena on non-party Keker Van Nest & Peters.

Dated: August 20, 2017     By:   /s/   *Neel Chatterjee*
Neel Chatterjee
*nchatterjee@goodwinlaw.com*
Brett Schuman
*bschuman@goodwinlaw.com*
Shane Brun
*sbrun@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
Hong-An Vu
*hvu@goodwinlaw.com*
Hayes P. Hyde
*hhyde@goodwinlaw.com*
James Lin
*jlin@goodwinlaw.com*
**GOODWIN PROCTER LLP**

*Attorneys for Defendant:*
*Otto Trucking LLC*

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| Waymo LLC <br> *Plaintiff* <br> v. <br> Uber Technologies, Inc. et al. <br> *Defendant* | Civil Action No. 3:17-cv-000939-WHA |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Keker Van Nest & Peters, 633 Battery Street, San Francisco, CA  94111-1809
*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: Please see Attachment A.

| Place: Goodwin Procter LLP <br> 135 Commonwealth Drive <br> Menlo Park, California 94025 | Date and Time: <br> August 24, 2017 at 9:00 A.M. |
|---|---|

The deposition will be recorded by this method:  stenographic, video, and real time

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  Please see Attachment B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  8/20/17

*CLERK OF COURT*

OR

_____          /s/Neel Chatterjee
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*
                                              Neel Chatterjee

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Otto Trucking, LLC , who issues or requests this subpoena, are:
Neel Chatterjee, 135 Common Wealth Drive, Menlo Park, CA 94205, 650-752-3256; Hong-An Vu, 601 S. Figueroa Street, 41st Floor, Los Angeles, CA 90017, 213-426-2557; dg-GPOttoTruckingWaymo@goodwinlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    3:17-cv-000939-WHA

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



American LegalNet, Inc.
www.FormsWorkFlow.com

# ATTACHMENT A

## Definitions

1. The terms "YOU" or "KEKER" shall mean Keker Van Nest & Peters and its past and present agents, representatives, or attorneys, and all persons currently or previously under its control or acting or purporting to act on its behalf.

2. The term "ALPHABET" means Google, Inc., Waymo LLC, and their past and present agents, representatives, or attorneys, and all persons currently or previously under their control or acting or purporting to act on its behalf. "Waymo" specifically includes Google, Inc.

3. The terms "and" and "or" shall mean "and/or."

## Topics

Pursuant to Fed. R. Civ. P. 30(b)(6), YOU shall designate one or more corporate representatives to testify on the following topics:

1. Any investigation of former Waymo employees, including, but not limited to Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.

2. All communications between KEKER, including but not limited to Tom Gorman and Rachael Meny, and ALPHABET regarding the SVN logs pertaining to any computers used by Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.

3. All communication between KEKER, including but not limited to Tom Gorman and Rachael Meny, and ALPHABET regarding any computer or log data related to computers used by Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.

4. All documents referring or relating to any conclusion by KEKER that Anthony Levandowski downloaded 14,000 files.

ACTIVE/92249075.3

**ATTACHMENT B**

**Definitions**

1. The terms "YOU" or "KEKER" shall mean Keker Van Nest & Peters and its past and present agents, representatives, or attorneys, and all persons currently or previously under its control or acting or purporting to act on its behalf.

2. The term "ALPHABET" means Google, Inc., Waymo LLC, and their past and present agents, representatives, or attorneys, and all persons currently or previously under their control or acting or purporting to act on its behalf. "Waymo" specifically includes Google, Inc.

3. The terms "and" and "or" shall mean "and/or."

**Document Requests**

Documents to be produced pursuant to Fed. R. Civ. P. 30(b)(2):

1. All documents relating to any investigation of former Waymo employees, including, but not limited to Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.

2. All communications between KEKER, including but not limited to Tom Gorman and Rachel Meny, and ALPHABET regarding the SVN logs pertaining to any computers used by Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.

3. All communication between KEKER, including but not limited to Tom Gorman and Rachel Meny, and ALPHABET regarding any computer or log data related to computers used by Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.

4. All documents referring or relating to any conclusion by KEKER that Anthony Levandowski downloaded 14,000 files

ACTIVE/92249075.3

**PROOF OF SERVICE**.

I am an attorney at the law firm of Goodwin Procter, LLP, whose address is 601 South Figueroa Street, 41st Floor, Los Angeles, CA 90017. I am over the age of 18 and not a party to the within action.

On **August 20, 2017**, I caused the following documents to be served on all counsel of record via electronic mail, pursuant to the agreement between the parties:

**NOTICE OF SUBPOENA OF KEKER VAN NEST & PETERS-**

| | |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA  94111-4788 | Counsel for Plaintiff: *Waymo LLC*<br>Telephone: 415.875.6600<br>Facsimile: 415.875.6700<br>QE-Waymo@quinnemanuel.com |
| David Cooper<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor,<br>New York, New York 10010 | Counsel for Plaintiff: *Waymo LLC*<br>Telephone: 212.849.7000<br>Facsimile: 212.849.7100<br>QE-Waymo@quinnemanuel.com |
| Leo P. Cunningham<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | Counsel for Plaintiff: *Waymo LLC*<br>Telephone: 650.493.9300<br>Facsimile: 650.493.6811<br>lcunningham@wsgr.com |
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522<br>UberWaymo@mofo.com |
| Michelle Ching Youn Yang<br>MORRISON FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC  20006 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 202.887.1500<br>Facsimile: 202.887.0763<br>UberWaymo@mofo.com |
| Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 650.813.5600<br>Facsimile: 650.494.0792<br>UberWaymo@mofo.com |

| | | |
|---|---|---|
| 1 | Wendy Joy Ray<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA 90017 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 213.892.5200<br>Facsimile: 213.892.5454<br>UberWaymo@mofo.com |
| 4 | Michael Darron Jay<br>BOIES SCHILLER & FLEXNER LLP<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 310.752.2400<br>Facsimile: 310.752.2490<br>BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| 7 | Meredith Richardson Dearborn<br>BOIES SCHILLER FLEXNER LLP<br>435 Tasso Street, Suite 205<br>Palo Alto, CA 94301 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 650.445.6400<br>Facsimile: 650.329.8507<br>BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| 11 | Hamish Hume<br>Jessica E Phillips<br>Karen Leah Dunn<br>Kyle N. Smith<br>Martha Lea Goodman<br>BOIES SCHILLER FLEXNER LLP<br>1401 New York Ave., NW<br>Washington, DC 20005 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 202.237.2727<br>Facsimile: 202.237.6131<br>BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| 15 | John L. Cooper<br>FARELLA BRAUN + MARTEL LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104 | Appointed by Court as: *Special Master*<br>Telephone: 415.954.4410<br>Facsimile: 415.954.4480<br>jcooper@fbm.com<br>MCate@fbm.com |

☑ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 20, 2017**, at Los Angeles, California.

| Hong-An Vu | /s/ *Hong-An Vu* |
|---|---|
| (Type or print name) | (Signature) |

- 3 -

PROO OF SERVICE                                        CASE NO. 3:17-CV-00939-WHA