# EXHIBIT A

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendants. | Case No. 3:17-cv-00939-JCS<br><br>**PLAINTIFF WAYMO LLC'S 30(B)(6) NOTICE TO UBER AND OTTOMOTTO**<br><br>Honorable William H. Alsup |

**PLAINTIFF'S 30(B)(6) NOTICE TO DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO, LLC**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Waymo LLC ("Waymo") will take the deposition upon oral examination of Defendants Uber Technologies, Inc. ("Uber") and Ottomotto, LLC ("Ottomotto"), commencing at a mutually agreed upon date and at a mutually agreed upon location, and continuing day-to-day until completed.  Uber and Ottomotto shall designate one or more of their officers, directors,

01980-00104/9424201.1

managing agents, or other persons with knowledge of the matters set forth in this Notice to appear and testify on its behalf at the deposition. The persons so designated shall testify as to matters known or reasonably available to Uber and Ottomotto.

The deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Saturdays, Sundays, and legal holidays excepted, until completed, or according to a schedule mutually agreed upon by the parties in advance of the deposition. The deposition will be videotaped and/or recorded by stenographic means. Waymo also reserves the right to use LiveNote or other technology for real-time transcription of the testimony.

### DEFINITIONS

1. "WAYMO" means Waymo LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and WAYMO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by WAYMO, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by WAYMO.

2. "GOOGLE" means Google Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and GOOGLE's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by GOOGLE, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by GOOGLE.

3. "UBER" means Uber Technologies, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on

behalf of any of the foregoing, and UBER's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by UBER, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by UBER.

4. "OTTOMOTTO" means Ottomotto LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and OTTOMOTTO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by OTTOMOTTO, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by OTTOMOTTO.  For the avoidance of doubt, OTTOMOTTO includes all former names under which OTTOMOTTO operated, including without limitation 280 Systems, Inc., 280 Systems, LLC, and Ottomotto, Inc.

5. "OTTO TRUCKING" means Otto Trucking LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and OTTO TRUCKING's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by OTTO TRUCKING, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by OTTO TRUCKING.

6. "DEFENDANTS" means UBER, OTTOMOTTO, and OTTO TRUCKING.

7. "LEVANDOWSKI" means Anthony Levandowski.

8. "MISAPPROPRIATED MATERIALS" refers to all GOOGLE and WAYMO DOCUMENTS and materials, whether digital or physical, and regardless of the manner stored, for which any current or former employee of DEFENDANTS retained possession, without authorization of either GOOGLE or WAYMO, after the employee ended his or her employment

with GOOGLE/WAYMO.  Without limitation, MISAPPROPRIATED MATERIALS includes at least: (i) each of the more than 14,000 digital files downloaded by LEVANDOWSKI on or about December 11, 2015 from the SVN repository; (ii) each file copied by LEVANDOWSKI from his GOOGLE laptop to an RDF5 USB 3.0 card reader on or about December 14, 2015; (iii) each of the five files that were exported by LEVANDOWSKI from Google Drive to a personal device on or about January 4, 2016; (iv) the file exported by LEVANDOWSKI from Google Drive to a personal device on or about January 11, 2016; (v) the file that was exported by LEVANDOWSKI from Google Drive to a personal device on or about November 19, 2016; (vi) the file that was exported by LEVANDOWSKI from Google Drive to a personal device on or about November 4, 2016; each of the five files that were exported by KSHIRSAGAR from Google Drive in or around June and July 2016; (vii) each of the three files that were exported by RADUTA from Google Drive on or around July 28, 2016.

9. "LiDAR" means Light Detection and Ranging.

10. "DOCUMENTS" shall INCLUDE, without limitation, all written, graphic or otherwise recorded material, INCLUDING without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, INCLUDING e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, INCLUDING by the addition of handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically INCLUDES information stored in a computer database and

capable of being generated in documentary form, such as electronic mail, text messages (i.e., SMS messages), other electronic messages including messages sent or received via Slack, WhatsApp, Google Hangouts, Facebook Messenger, and the like.

11. "COMMUNICATIONS" shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

12. "THING" means any tangible object, other than a DOCUMENT.

13. "PERSON" means to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

14. "REGARDING" shall mean relating to, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

15. "INCLUDE" and "INCLUDING" shall mean including without limitation.

16. Use of the singular also INCLUDES the plural and vice-versa.

17. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests for Production.

18. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

19. The term "any" shall include "all" and "all" shall include "any."

**DEPOSITION TOPICS**

In accordance with Rule 30(b)(6), UBER and OTTOMOTTO are required to designate one or more officers, directors, managing agents, or other persons to testify on their behalf with respect to matters known or reasonably available regarding the subjects described below.

**TOPIC NO. 1:**

LEVANDOWSKI's involvement in the development of LIDAR on behalf of UBER or OTTOMOTTO.

**TOPIC NO. 2:**

The state and status of Uber's LIDAR development for autonomous vehicles before January 2016.

**TOPIC NO. 3:**

UBER's or OTTOMOTTO'S efforts to prevent LEVANDOWSKI from using or referring to any MISAPPROPRIATED MATERIALS, including but not limited to efforts to prevent LEVANDOWSKI from using personal devices to access UBER or OTTOMOTTO servers and networks.

**TOPIC NO. 4:**

UBER'S acquisition of OTTOMOTTO.

**TOPIC NO. 5:**

UBER's meetings with LEVANDOWSKI and/or OTTOMOTTO and OTTO TRUCKING before April 11, 2016.[1]

**TOPIC NO. 6:**

The origin of UBER'S indemnity obligations to OTTOMOTTO, LEVANDOWSKI, Lior Ron and OTTO TRUCKING, and the current status of indemnity, including but not limited to whether UBER is indemnifying LEVANDOWSKI, Lior Ron, or OTTO TRUCKING for any

---

[1] Waymo reserves the right to seek 30(b)(6) testimony regarding such communications through a later date if permitted by Court order.

claims regarding this litigation, and whether LEVANDOWSKI, Lior Ron, or OTTO TRUCKING have made any claims for indemnity with respect to this litigation.

**TOPIC NO. 7:**

The Stroz due diligence investigation, including its origins and any affect the results of the investigation may have had on UBER'S acquisition of OTTOMOTTO.

**TOPIC NO. 8:**

LEVANDOWSKI's claim that he downloaded and retained MISAPPROPRIATED MATERIALS to facilitate bonus payment(s) from WAYMO.

**TOPIC NO. 9:**

UBER and OTTOMOTTO's investment in developing in-house LiDAR, including both any financial investment and any investment in terms of time and personnel.

**TOPIC NO. 10:**

UBER's and OTTOMOTTO's plans with respect to commercializing autonomous vehicles, including specifically UBER's and OTTOMOTTO's timeline for commercializing autonomous vehicles and UBER's and OTTOMOTTO's anticipated or projected costs, revenues and profits REGARDING their commercialization of autonomous vehicles.

DATED: July 20, 2017                    QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP


                                        By:   /s/ Charles K. Verhoeven
                                              Charles K. Verhoeven
                                              Attorneys for Plaintiff WAYMO LLC.

## PROOF OF SERVICE

I, Andrea Pallios Roberts, am employed in the County of San Mateo, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California, 94065.

On July 20, 2017, I served true copies of the following document(s) described as "PLAINTIFF WAYMO LLC'S 30(B)(6) NOTICE TO UBER AND OTTOMOTTO" on the interested parties in this action as follows:

| Recipient | Email Address: |
|---|---|
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105 | UberWaymo@mofo.com |
| Michelle Ching Youn Yang<br>MORRISON FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006 | |
| Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304 | |
| Wendy Joy Ray<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017 | |
| Michael Darron Jay<br>BOIES SCHILLER & FLEXNER LLP<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401 | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| Meredith Richardson Dearborn<br>BOIES SCHILLER FLEXNER | |

01980-00104/9424201.1

LLP
435 Tasso Street
Suite 205
Palo Alto, CA 94301

Hamish Hume
Jessica E Phillips
Karen Leah Dunn
Kyle N. Smith
Martha Lea Goodman
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, DC 20005

I. Neel Chatterjee (SBN 173985)    nchatterjee@goodwinlaw.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: +1 650 752 3100
Fax: +1 650 853 1038
Brett M. Schuman (SBN 189247)    bschuman@goodwinlaw.com
Shane Brun (SBN 179079)    sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)    rwalsh@goodwinlaw.com
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

**BY ELECTRONIC MAIL TRANSMISSION:** by electronic mail transmission from andreaproberts@quinnemanuel.com on July 20, 2017, by transmitting a PDF format copy of such document(s) to each such person at the e mail address listed above. The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

    Executed on July 20, 2017, at Redwood Shores, California.

                                                        */s/ Andrea Pallios Roberts*
                                                        Andrea Pallios Roberts