JONATHAN A. PATCHEN
ATTORNEY
jpatchen@taylorpatchen.com

TAYLOR & PATCHEN, LLP

August 25, 2017

Honorable Jacqueline Scott Corley
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom F - 15th Floor
San Francisco, CA 94102

Re: *Waymo LLC v. Uber Technologies, Inc., et al.*, Case No. 3:17-cv-00939-WHA
Lior Ron's Letter Brief Re: Waymo's Motion for a Stroz Protocol (Dkt. 1329)

Dear Judge Corley:

We write on behalf of Lior Ron regarding Waymo's Motion for Relief seeking a protocol for the inspection of materials provided to Stroz. (Dkt. 1329).

First, Mr. Ron respectfully requests that, whatever protocol the Court adopts (whether Waymo's proposal, the one suggested by Mr. Levandowski, or otherwise), the Court order that such protocol apply to all diligenced employees, and not just Mr. Levandowski. Doing so would avoid inefficiencies and inconsistent outcomes. Having reviewed the protocol suggested by Mr. Levandowski, Mr. Ron agrees that such a protocol would more effectively serve the goals of efficiency and third-party protection than the protocol suggested by Waymo.

Second, although he previously objected to the general proposal described by Waymo (as originally suggested by the Special Master), given the unique temporal exigencies of this case, Mr. Ron has been willing to accede to that proposal, but only on the condition that any such inspection does not waive any rights Mr. Ron may have to the documents subject to inspection (e.g., privilege, privacy, or otherwise). Mr. Ron respectfully requests that any order regarding inspection protocol make this clear.

Third, Mr. Ron requests some modifications to Waymo's proposal, to the extent it is adopted by the Court. The proposal discussed on the meet-and-confer sessions with Master Cooper called for (1) Waymo's inspection of the material on one "stand-alone" computer (e.g., one not connected to the Internet) on an attorneys'-eyes-only basis, with counsel for the opposing parties (and relevant nonparty) present; (2) Waymo's identification of the documents it wished to have produced based on that inspection; (3) counsel for the relevant

opposing party to register any objections with respect to documents proposed for production (the unobjected-to documents would be promptly bates stamped and produced); and (4) resolution of such objections by the Special Master or the Court before production of the objected-to documents.

Mr. Ron's understanding of the protocol discussed on the calls appears to differ from Waymo's filing in three key ways: (1) Waymo omitted mention of the stand-alone computer and attorneys'-eyes-only review; (2) Waymo's proposal appears to limit the grounds for objection to privacy, while excluding other potential grounds (such as relevance or privilege); and (3) Waymo's proposal calls for production of the objected-to material before resolution of the objections—thereby defeating the entire benefit of the objection process.

Mr. Ron respectfully requests the Court consider the foregoing as it determines the proper protocol to be implemented in this matter.

Respectfully submitted,

*/s/ Jonathan A. Patchen*

Jonathan A. Patchen

cc:     Counsel of record (via ECF); Special Master John Cooper