QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OPPOSITION TO OTTO TRUCKING'S MOTION TO COMPEL A SWORN STATEMENT** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal information in its August 25, 2017 Opposition to Otto Trucking's Motion to Compel a Sworn Statement ("Waymo's Opposition").  Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Exhibit 5 to Waymo's Opposition | Portions highlighted in green | Waymo |
| Exhibit 8 to Waymo's Opposition | Entire document | Waymo |
| Exhibit 9 to Waymo's Opposition | Portions highlighted in green | Waymo |
| Exhibit 10 to Waymo's Opposition | Entire document | Waymo |

## I. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*

## II. THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the information identified by Waymo in the table above.  Waymo seeks to file this information under seal because it discloses Waymo's confidential business information, including descriptions of internal Google security tools used to detect and investigate potential malfeasance and aspects of Waymo's competitive planning and thinking.  Certain names are sealed to protect privacy interests and because the names of the individuals are not relevant to the disposition of Waymo's Opposition.  *See* Cooper Dec. ¶¶ 3-5.  Confidential business information that, if released, may "harm a litigant's competitive standing" merits sealing.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978).  Information about Google's security tools that would give malicious actors information on how to thwart or evade Google security fits within this category, as does information about Waymo's competitive and strategic business thinking.  Cooper Dec. ¶¶ 3-5.  Waymo has narrowly tailored its requests to only information meriting sealing.  *Id.*  Thus, the Court should grant Waymo's administrative motion to seal.

III.     **CONCLUSION**

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion. For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's Administrative Motion.

DATED: August 25, 2017                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                          By */s/ Charles Verhoeven*
                                             Charles Verhoeven
                                             Attorneys for WAYMO LLC