# EXHIBIT 3

| | |
|---|---|
| **From:** | Jeff Nardinelli |
| **Sent:** | Tuesday, June 27, 2017 11:01 PM |
| **To:** | 'Brun, Shane'; 'John Cooper' |
| **Cc:** | 'Gonzalez, Arturo J.'; 'Yang, Michelle C.Y.'; QE-Waymo; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com'; 'UberWaymoMoFoAttorneys'; 'Chatterjee, Neel'; 'Schuman, Brett'; 'Walsh, Rachel M.'; 'Matthew Cate'; 'nbartow@uber.com'; 'Aaron Bergstrom (abergstrom@uber.com)' |
| **Subject:** | RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs |

John and Counsel:

Via my June 21 email below, Waymo pledged to produce certain documents, highlighted in yellow, by June 28. We're a day early:

Waymo is willing to produce SVN log data sufficient to demonstrate the typical SVN practices of Waymo employees. Waymo will be producing that SVN log data back to March 2016. *See* WAYMO-UBER-00016961; WAYMO-UBER-00016962.

Waymo will also produce two documents identified by the SVN administrator that are the closest thing to what is requested here. *See* WAYMO-UBER-00015963; WAYMO-UBER-00015964.

we will also produce a document sent by the SVN administrator instructing users to download TortoiseSVN. *See* WAYMO-UBER-00015963.

Thanks,
Jeff

---

**From:** Jeff Nardinelli
**Sent:** Wednesday, June 21, 2017 5:42 PM
**To:** 'Brun, Shane' <SBrun@goodwinlaw.com>; John Cooper <JCooper@fbm.com>
**Cc:** Gonzalez, Arturo J. <AGonzalez@mofo.com>; Yang, Michelle C.Y. <MYang@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Chatterjee, Neel <NChatterjee@goodwinlaw.com>; Schuman, Brett <BSchuman@goodwinlaw.com>; Walsh, Rachel M. <RWalsh@goodwinlaw.com>; Matthew Cate <MCate@fbm.com>; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com) <abergstrom@uber.com>
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

John and Counsel:

We are glad that Otto Trucking agrees that a motion is not necessary, and offer the following brief response:

We can produce the documents I've highlighted in yellow below by June 28. We may not be able to produce the green-highlighted documents by June 28 but will produce them as quickly as we can, to the extent that they exist. We also note that, to the extent any documents we locate are privileged, we will redact or withhold them, and log them, as appropriate. We are happy to discuss the bolded/underlined issues on a call on Friday and progress toward a final resolution of these issues.

1

Thanks,
Jeff

---

**From:** Brun, Shane [mailto:SBrun@goodwinlaw.com]
**Sent:** Wednesday, June 21, 2017 4:27 PM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; John Cooper <JCooper@fbm.com>
**Cc:** Gonzalez, Arturo J. <AGonzalez@mofo.com>; Yang, Michelle C.Y. <MYang@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Chatterjee, Neel <NChatterjee@goodwinlaw.com>; Schuman, Brett <BSchuman@goodwinlaw.com>; Walsh, Rachel M. <RWalsh@goodwinlaw.com>; Matthew Cate <MCate@fbm.com>; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com) <abergstrom@uber.com>
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

John and Counsel,

In light of Waymo's responses below, Otto Trucking can agree to table its motion for now (1) if Waymo agrees to make the promised additional productions by next Wednesday, June 28th, and (2) until we have had a chance to review Waymo's additional productions. We of course reserve Otto Trucking's right to revisit these requests if Waymo's productions are deficient. See my specific responses inset below for each request or set of requests.

While we can agree to hold off on our motion for now, there are a couple of issues raised in Mr. Nardinelli's email below and in our meet and confer discussions for which we request a meet and confer call with Special Master Cooper on Friday, June 23rd. Those issues are bolded and underscored in my comments below.

Best,
Shane

---

**From:** Jeff Nardinelli [mailto:jeffnardinelli@quinnemanuel.com]
**Sent:** Wednesday, June 21, 2017 10:08 AM
**To:** Brun, Shane; John Cooper
**Cc:** Gonzalez, Arturo J.; Yang, Michelle C.Y.; QE-Waymo; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys; Chatterjee, Neel; Schuman, Brett; Walsh, Rachel M.; Matthew Cate; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com)
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

Shane,

We write to follow up further on Otto Trucking RFP nos. 2, 4-6, 9-16, 19, 20, 26, 40, 41, 45, and 46. In large part, these requests do not involve the allegations into Mr. Levandowski, but instead expressly seek information about *other* individuals at Waymo. For example, they seek information about how frequently others "accessed Waymo's SVN server" (RFP No. 2), "installed on his or her computer TortoiseSVN" (RFP No. 4), or "transferred information from a Waymo computer or server to a personal computer or removable media device" (RFP No. 20). Waymo nonetheless continues to endeavor to avoid motion practice by responding fulsomely to your requests. Thus, while reserving all objections including on relevance, burden, and proportionality, Waymo responds as follows to the requests at issue:

Nos. 2, 9-12 – ==Waymo is willing to produce SVN log data sufficient to demonstrate the typical SVN practices of Waymo employees==.   Waymo does not have complete log data dating back to Mr. Levandowski's employment, but to the extent that Waymo has, and has not yet produced, any SVN log data for Levandowski, Waymo will produce that as well.

2

Otto Trucking response:  In our meet and confer discussions, Mr. Nardinelli indicated that Waymo has SVN log data dating back to around March 2016, and that Waymo was willing to produce that data.  I assume that, at a minimum, Waymo will be producing that SVN log data back to March 2016.  We'll review Waymo's production, but reserve Otto Trucking's rights to revisit these requests.  **Regarding Waymo's claim that it doesn't have SVN log data dating back to Mr. Levandowski's employment, we would like to have call with Special Master Cooper to get an explanation from Waymo why it did not preserve that information once it began its investigation of Mr. Levandowski in December 2015, and otherwise whether that information may be recoverable from back-up tapes or through other means.**

No. 4 – As I've twice explained, we've asked the SVN administrator whether there are SVN-specific policies, and he has said there are not.  As I've also explained, Waymo has and will continue to produce complete policy documents relating to security, data management, and the handling of confidential information, which apply to SVN data even if they do not expressly name SVN.  Waymo will also produce two documents identified by the SVN administrator that are the closest thing to what is requested here.

Otto Trucking response: We'll review Waymo's production, but reserve Otto Trucking's rights to revisit this request.

No. 5 – As explained, Waymo has produced all documents in support of the Declaration of Gary Brown, Dkt. 25-29.  WAYMO-UBER-00000648-943.  Waymo will re-confirm that it has produced all documents upon which Waymo intends to rely in support, and to the extent it has not, produce them.

Otto Trucking response: OK

No. 6 – Waymo has already produced a list of individuals with access to the SVN server, including those such as Levandowski who previously had access but no longer do.  *See* WAYMO-UBER-00007211.  As I've explained, we will also produce a document sent by the SVN administrator instructing users to download TortoiseSVN.  There is no way to identify every Waymo employee that has ever installed TortoiseSVN; we confirmed last night that even an exhaustive forensic investigation would not necessarily yield this information.

Otto Trucking response: Based on SVN log data that we've seen, the SVN log data promised for RFP 2 should indicate the use of TortoiseSVN for a particular download.  We'll review Waymo's production, but reserve Otto Trucking's right to revisit this request.

Nos. 13-14, 16, 20, 26 – Again as Waymo has explained, it is extraordinarily burdensome to determine whether a file was downloaded to a personal device.  There is no automated way to determine whether a device used to download a file was a personal device.  Rather, depending on the device, download, IP address, and other factors, various different sets of data and logs must be individually cross-referenced.  The same is true to determine whether any files were transferred to an external device.  These requests, therefore, call for individualized, non-scalable investigations not just into each Waymo employee, but into each download.  The cost of responding to these requests is entirely disproportional under Rule 26.

Otto Trucking response: Otto Trucking will reassess the scope of these requests, and reserves the right to revisit these requests.

No. 15, 19 – Waymo has already produced documentation of Drive downloads from roughly 20 members of Project Chauffeur over a six-month period.  *See, e.g.,* WAYMO-UBER-00001963.  To the extent that Otto Trucking seeks "representative" download behavior of Waymo employees, statistical principles demonstrate that you already have it.  We are nonetheless willing to make a reasonable additional production of the same type of Drive data.

3

Otto Trucking response:  Otto Trucking will review Waymo's production to date and will follow up with Waymo regarding its offered additional production.

Nos. 40, 41 – These requests call specifically for information about data systems *other than* those from which Levandowski is accused of pilfering Waymo trade secrets.  The requests are therefore irrelevant on their face.  You have stated that you would like to compare security policies for those systems to the security policies governing SVN.  Whether the SVN is subject to reasonable security measures – and the Court has already found that it is – is not measured by comparisons to other systems.  Nonetheless, we will identify other data systems for Waymo confidential and/or proprietary information and will produce documents sufficient to identify those systems, users, and policies, to the extent such documents may be reasonably located.

Otto Trucking response:  Otto Trucking will review Waymo's production, and reserves the right to revisit these requests.

No. 45 – You said you would like to see Levandowski's backup files to determine how many times Levandowski had installed TortoiseSVN, accessed the SVN server, transferred files, or performed similar types of operations.  We confirmed with our client that the backup images do not contain this information, in part because Levandowski reformatted his work laptop, obliterating most data previously on the machine.

Otto Trucking response:  **As described in the Gary Brown declaration, even though Mr. Levandowski's laptop was allegedly reformatted, Mr. Brown was able to determine after the alleged reformatting that Mr. Levandowski had previously downloaded TortoiseSVN and used it to access the SVN Server on or about December 11, 2015.  Brown Decl., para. 16.  We request an explanation from Waymo why it could not use the same process Mr. Brown used to identify the December 11, 2015 download of TortoiseSVN to identify prior downloads and use of TortoiseSVN by Mr. Levandowski.  We would like this discussion to be in the presence of Special Master Cooper.**

No. 46 – We have already produced notes that Gary Brown took during his investigation into Levandowski, and as stated above, will also produce all documents underlying Mr. Brown's declaration concerning Mr. Levandowski.

Otto Trucking response:  RFP No. 46 requests "all documents relating to any forensic investigation and analysis of computers, including laptop computers, and other devices, or images thereof, used by Mr. Levandowski prior to his departure from Waymo."  RFP No. 46 is not limited to just the investigation by Mr. Brown or to documents "underlying" Mr. Brown's declaration.  On our last meet and confer call, Mr. Nardinelli indicated that Waymo would be producing all documents relating to its investigation of Mr. Levandowski, including documents that were not relied on by Mr. Brown in his declaration.  Subject to Waymo's confirmation that it will be making a full production in response to this request, we don't need to file a motion to compel.

In short, we are agreeing to produce documents in response to nearly all of the requests at issue, standing on our objections only to the extent that Otto Trucking requests documents that can only be produced via time-consuming, individualized, unfocused investigations that are not proportional to the marginal relevance of the requests.  Please confirm that you no longer intend to move to compel.

**From:** Brun, Shane [mailto:SBrun@goodwinlaw.com]
**Sent:** Wednesday, June 21, 2017 8:40 AM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; John Cooper <JCooper@fbm.com>
**Cc:** Gonzalez, Arturo J. <AGonzalez@mofo.com>; Yang, Michelle C.Y. <MYang@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Chatterjee, Neel <NChatterjee@goodwinlaw.com>; Schuman, Brett <BSchuman@goodwinlaw.com>; Walsh, Rachel M. <RWalsh@goodwinlaw.com>; Matthew Cate <MCate@fbm.com>; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com) <abergstrom@uber.com>
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

4

Jeff,

We talked yesterday morning at 8 am, and I was expecting a substantive response from Waymo yesterday. We've been over these issues three or four times now, and we need Waymo's final positions – not "a progress update" – asap so we can proceed with our motion today.

Best,
Shane

---

**From:** Jeff Nardinelli [mailto:jeffnardinelli@quinnemanuel.com]
**Sent:** Tuesday, June 20, 2017 10:19 PM
**To:** Brun, Shane; John Cooper
**Cc:** Gonzalez, Arturo J.; Yang, Michelle C.Y.; QE-Waymo; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys; Chatterjee, Neel; Schuman, Brett; Walsh, Rachel M.; Matthew Cate; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com)
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

Shane,

Thanks for the call today. We're conferring with our client and expect to provide a progress update relating to today's meet and confer by noon tomorrow.

Best,
Jeff

---

**From:** Brun, Shane [mailto:SBrun@goodwinlaw.com]
**Sent:** Sunday, June 18, 2017 7:47 PM
**To:** John Cooper <JCooper@fbm.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>
**Cc:** Gonzalez, Arturo J. <AGonzalez@mofo.com>; Yang, Michelle C.Y. <MYang@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Chatterjee, Neel <NChatterjee@goodwinlaw.com>; Schuman, Brett <BSchuman@goodwinlaw.com>; Walsh, Rachel M. <RWalsh@goodwinlaw.com>; Matthew Cate <MCate@fbm.com>; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com) <abergstrom@uber.com>; Brun, Shane <SBrun@goodwinlaw.com>
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs


John,

We would also like to add to the agenda for tomorrow's call Waymo's Objections and Responses to Otto Trucking's First Set of RFPs served on Friday evening, June 16 (copy attached). In particular, we'd like to discuss Waymo's responses to the following RFPs: 2, 4-6, 9-16, 19,20, 26, 40, 41, 45, and 46. We had two meet and confer calls with Mr. Nardinelli prior to Waymo's formal response, but we've been unable to obtain sufficient responses from Waymo for these requests.

We are continuing to assess Waymo's objections and responses, and may seek your help with additional requests as well.

Best regards,
Shane