# EXHIBIT 7

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>          Plaintiffs,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO, LLC; OTTO TRUCKING<br>LLC,<br><br>          Defendants. | Case No. 17-cv-00939-JCS<br><br>**PLAINTIFF'S RESPONSES AND<br>OBJECTIONS TO DEFENDANT OTTO<br>TRUCKING LLC'S FIRST SET OF<br>REQUESTS FOR ADMISSION** |

1    Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Waymo LLC

2 ("Waymo") hereby responds and objects to Defendant Otto Trucking LLC (Otto Trucking") First

3 Set of Requests for Admission .  These responses and objections are made based on its current

4 understanding and on information reasonably available to Waymo at the present time.  Waymo

5 reserves the right to supplement these responses if and when additional information becomes

6 available.

7                                    **<u>GENERAL OBJECTIONS</u>**

8    Waymo makes the following General Objections, whether or not separately set forth in

9 response, to each and every instruction, definition, and question posed in the interrogatories.  By

10 responding to any of the requests or failing to specifically refer to or specify any particular

11 General Objection in response to a particular request, Waymo does not waive any of these General

12 Objections, or admit or concede the appropriateness of any purported request or any assumptions

13 contained therein.

14    1.    Waymo objects to each request, and to the Definitions and Instructions, to the

15 extent that they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil

16 Procedure, the Local Rules of the United States District Court for the Northern District of

17 California, and the Supplemental Order to Order Setting Initial Case Management Conference in

18 Civil Cases Before Judge William Alsup.

19    2.    Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on

20 the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not

21 limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor,

22 partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc.,

23 and/or Alphabet Inc., the present and former officers, directors, employees, agents,

24 representatives, accountants, financial advisors, consultants, and attorneys or other persons owned

25 or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or

26 employment.

27

28

1    3.      Waymo objects to each request to the extent that they seek information protected

2 by the attorney-client privilege or the work product doctrine or that is otherwise privileged or

3 protected from discovery.

4    4.      Waymo objects to each request to the extent that they seek information that is not

5 relevant to a claim or defense of any party or to the subject matter of this action and is not

6 proportional to the needs of the case, considering the importance of the issues at stake in the

7 action, the amount in controversy, the parties' relative access to relevant information, the parties'

8 resources, the importance of the discovery in resolving the issues, and whether the burden or

9 expense of the proposed discovery outweighs its likely benefit.

10    5.      Waymo objects to each request to the extent that they are overbroad, unduly

11 burdensome, vague, and/or ambiguous.

12    6.      Waymo objects to each request to the extent that they seek information that does

13 not already exist, or that is not in Waymo's possession, custody, or control.

14    7.      Waymo objects to each request to the extent that they require Waymo to provide

15 information beyond what is available to Waymo at present from a reasonable search of its own

16 files likely to contain relevant or responsive documents and from a reasonable inquiry of its

17 present employees.

18    8.      Waymo objects to each request to the extent that they seek confidential or

19 proprietary information, including without limitation, confidential business information,

20 proprietary and/or competitively sensitive information, or trade secrets.  Subject to its other

21 General Objections, and to any specific objections set forth below, Waymo will only provide

22 relevant information in a manner consistent with the Protective Order entered by the Court in this

23 matter.

24    9.      Waymo objects to each request to the extent that they seek information that Waymo

25 is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

26    10.     Waymo objects to each request to the extent that they are unlimited in time or

27 otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and

28 therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

11.      Waymo objects to each and every request to the extent that they call for a legal conclusion.

12.      Waymo objects to each and every request to the extent that they call for responses that are the subject of expert testimony.  Waymo will provide its expert reports pursuant to deadlines to be set by the Court for the exchange of such reports and will supplement or amend those reports as appropriate and as permitted by the Court.

13.      Waymo objects to each and every request to the extent that they call for information that is publicly available and therefore as accessible to Defendants as to Waymo.

14.      Waymo objects to these requests to the extent that they are premature.  Discovery is ongoing and Waymo has not yet completed its investigation of the matters at issue in this action. Waymo reserves the right to modify, supplement, change or amend its responses once Waymo has conducted the necessary discovery and investigation.

15.      Waymo responds to each and every request based on its knowledge, information and belief based on its investigation as of the date of the response; however, Waymo's investigation into the issues of this action remains ongoing.  Waymo reserves the right to supplement or amend its responses without prejudice pursuant to Rule 26(e).

16.      Waymo's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the interrogatories, whether implicit or explicit, is correct.

17.      Waymo incorporates by reference its General Objections in each of the specific responses set forth below.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that You have no evidence that Otto Trucking was involved in the development of the Spider system.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Subject to and without waiving its objections, Waymo responds as follows:

Waymo lacks sufficient knowledge to either admit or deny, and on that basis: Denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that You have no evidence that Otto Trucking was involved in the development of the Fuji system.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Subject to and without waiving its objections, Waymo responds as follows:

Waymo lacks sufficient knowledge to either admit or deny, and on that basis: Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Spider has never been installed or used on an Otto Truck

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Subject to and without waiving its objections, Waymo responds as follows:

Waymo lacks sufficient knowledge to either admit or deny and on that basis: Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Fuji has never been installed or used on an Otto Truck.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Subject to and without waiving its objections, Waymo responds as follows:

Waymo lacks sufficient knowledge to either admit or deny and on that basis: Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the LiDAR systems installed on the Otto Trucks were developed by Velodyne

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Subject to and without waiving its objections, Waymo responds as follows:

Waymo lacks sufficient knowledge to either admit or deny and on that basis: Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You did not retain any SVN logs containing the activity of Anthony Levandowski prior to September 19, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Subject to and without waiving its objections, Waymo responds as follows:

Admitted.

**REQUEST FOR ADMISSION NO. 7:**

Admit that You performed a forensic analysis of at least one of Anthony Levandowski's electronic devices in April 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Waymo objects to the phrase "forensic analysis as vague." Subject to and without waiving its objections, Waymo responds as follows:

Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that You did not suspend any destruction policy with respect to logs of activity on the SVN server at the time You began to investigate Anthony Levandowski.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Waymo objects to the term "investigate" as vague and ambiguous. Subject to and without waiving its objections, Waymo responds as follows:

1    Admitted.

2

3    **REQUEST FOR ADMISSION NO. 9:**

4    Admit that You did not initiate any legal proceedings against Anthony Levandowski with

5    respect to the 14,000 documents allegedly downloaded by him until You initiated the arbitration

6    against Anthony Levandowski on October 28, 2016.

7

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

9    Subject to and without waiving its objections, Waymo responds as follows:

10   Denied.

11

12   **REQUEST FOR ADMISSION NO. 10:**

13   Admit that You have never sued Anthony Levandowski for trade secret misappropriation.

14

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

16   Subject to and without waiving its objections, Waymo responds as follows:

17   Admitted.

18

19   **REQUEST FOR ADMISSION NO. 11:**

20   Admit that the Tortoise SVN client software causes the SVN server to automatically

21   download the latest version of documents onto a user's computer when he or she accesses the

22   server.

23

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

25   Waymo objects to the phrase "the latest version of documents" as vague and ambiguous.

26   Subject to and without waiving its objections, Waymo responds as follows:

27   Waymo lacks sufficient knowledge to either admit or deny and on that basis: Denied

28

01980-00104/9508216.1

**REQUEST FOR ADMISSION NO. 12:**

Admit that You did not institute a full retention policy of SVN log data until March 27, 2011.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Subject to and without waiving its objections, Waymo responds as follows:

Denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that You did not retain the hardware Anthony Levandowski used during his employment at Google.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Subject to and without waiving its objections, Waymo responds as follows:

Denied

DATED:  August 24, 2017                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                           By  */s/ Charles K. Verhoeven*
                                               Charles K. Verhoeven
                                               Attorneys for WAYMO LLC