# EXHIBIT 9
# REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
1         UNITED STATES DISTRICT COURT
2        NORTHERN DISTRICT OF CALIFORNIA
3            SAN FRANCISCO DIVISION
4          Case No. 17-cv-00939-WHA
5    ------------------------------------x
6   WAYMO LLC,
7              Plaintiff,
8       - against -
9   UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC;
10  OTTO TRUCKING LLC,
11             Defendants.
12   ------------------------------------x
13
14    HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
15
16            Videotaped 30(b)(6) Deposition
17  of GARY BROWN, taken by Defendants, held
18  at the offices of Morrison & Foerster LLP,
    250 West 55th Street, at 9:59 a.m. on August
19  8, 2017, New York, New York, before Jineen
    Pavesi, a Registered Professional Reporter,
20  Registered Merit Reporter, Certified Realtime
    Reporter and Notary Public of the State of New York.
21
22
23
24  Job No. 2671217A
25  Pages 1 - 305
```

Page 1

```
 1  correct?                                          12:13:05PM
 2       A.      You would have to ask Kristinn       12:13:06PM
 3  that.                                             12:13:09PM
 4       Q.      Does Waymo know who gave             12:13:09PM
 5  Mr. Gudjonsson the laptops?                       12:13:14PM
 6       A.      Presumably either ▮▮▮▮▮ or           12:13:18PM
 7  ▮▮▮▮ had delivered it.                            12:13:26PM
 8       Q.      But you don't know -- strike         12:13:28PM
 9  that.                                             12:13:30PM
10               Waymo does not know if it was        12:13:30PM
11  ▮▮▮▮▮ or ▮▮▮ who gave Gudjonsson the              12:13:32PM
12  laptops?                                          12:13:36PM
13       A.      No.                                  12:13:37PM
14       Q.      I would like to direct your          12:13:45PM
15  attention to 29419, the next page, listed         12:13:46PM
16  under CAMP devices, you see the second            12:13:52PM
17  bullet point, Asset No. 1028251, do you           12:13:55PM
18  see that?                                         12:14:00PM
19       A.      I do.                                12:14:00PM
20       Q.      And that asset being listed          12:14:02PM
21  there is a Hewlett-Packard workstation,           12:14:05PM
22  correct?                                          12:14:08PM
23       A.      Yes.                                 12:14:09PM
24       Q.      And that workstation was issued      12:14:10PM
25  to Mr. Levandowski on November 7, 2012,           12:14:12PM
```

Page 96

```
1   correct?                                          12:14:17PM
2       A.      That seems accurate.                  12:14:17PM
3       Q.      And it was returned on February       12:14:19PM
4   9, 2016, is that correct?                         12:14:24PM
5       A.      That means it was collected and       12:14:28PM
6   brought back by the inventory people on           12:14:30PM
7   February 9, 2016, yes.                            12:14:33PM
8       Q.      And then approximately 15 days        12:14:36PM
9   later, on February 24, 2016, that                 12:14:41PM
10  workstation was reallocated to an                 12:14:44PM
11  individual named [REDACTED] is that               12:14:48PM
12  correct?                                          12:14:51PM
13      A.      That's what this says.                12:14:51PM
14      Q.      And Waymo performed no forensic       12:14:53PM
15  investigation into the workstation                12:14:56PM
16  assigned to Mr. Levandowski for an over           12:14:59PM
17  three-year period during his employment at        12:15:03PM
18  Waymo, is that correct?                           12:15:06PM
19              MR. BAKER:  Objection to form.        12:15:07PM
20      A.      When an employee is terminated,       12:15:09PM
21  tickets are generated for inventory               12:15:12PM
22  management individuals to collect their           12:15:15PM
23  assets, check if that individual is               12:15:18PM
24  currently on a hold that would forbid             12:15:25PM
25  reimage, and then the asset is either             12:15:30PM
```

Page 97

```
1    retired or refurbished and redeployed if      12:15:37PM
2    deemed still within its life span.            12:15:44PM
3         Q.      Waymo performed no forensic      12:15:51PM
4    investigation into the Hewlett-Packard        12:15:52PM
5    workstation assigned to Mr. Levandowski       12:15:55PM
6    for an over three-year period during his      12:15:58PM
7    employment at Waymo, is that correct?         12:16:00PM
8                 MR. BAKER:  Objection to form.   12:16:02PM
9         A.      That is correct.                 12:16:07PM
10        Q.      The Hewlett-Packard workstation  12:16:11PM
11   assigned to Mr. Levandowski from 2012 to      12:16:13PM
12   2016 is a computer --  is it a desktop        12:16:19PM
13   computer?                                     12:16:26PM
14        A.      It appears to be, yes.           12:16:27PM
15        Q.      And that would have existed in   12:16:28PM
16   his office at Waymo, right?                   12:16:31PM
17        A.      Presumably.                      12:16:34PM
18        Q.      And it would have been           12:16:35PM
19   something he used in the three-and-a-half     12:16:36PM
20   year period that it was assigned to him in    12:16:40PM
21   his office at Waymo, correct?                 12:16:43PM
22                MR. BAKER:  Objection to form.   12:16:44PM
23        A.      Possibly, but not necessarily.   12:16:46PM
24        Q.      But you don't know one way or    12:16:51PM
25   the other if he used it?                      12:16:52PM
```

```
 1        A.      No.                                      12:16:53PM
 2        Q.      And nobody asked you to                  12:16:54PM
 3  inquire, to conduct a forensic review of               12:16:58PM
 4  that device to determine if he did                     12:17:00PM
 5  anything improper with it, correct?                    12:17:07PM
 6        A.      That is correct, but with the            12:17:13PM
 7  caveat that the lack of analysis of                    12:17:17PM
 8  another machine does not wash away the                 12:17:22PM
 9  wrongdoings on another machine, that's no              12:17:25PM
10  indication of not doing something.                     12:17:28PM
11        Q.      In order to determine the full           12:17:35PM
12  scope of potential wrongdoing, in your                 12:17:39PM
13  opinion should Waymo have conducted a                  12:17:43PM
14  forensic investigation of the                          12:17:46PM
15  Hewlett-Packard workstation?                           12:17:47PM
16                MR. BAKER:  Objection to form.           12:17:49PM
17        A.      All feasible rocks should be             12:17:57PM
18  turned over, but there have been multiple              12:18:02PM
19  occurrences where inventory management                 12:18:07PM
20  personnel reimaged devices before forensic             12:18:12PM
21  analysis could take place.                             12:18:18PM
22        Q.      And in your opinion, one                 12:18:22PM
23  feasible rock that should have been turned             12:18:29PM
24  over was a review of the Hewlett-Packard               12:18:30PM
25  workstation assigned to Mr. Levandowski,               12:18:34PM
```

| | | |
|---|---|---|
| 1 | is that correct? | 12:18:37PM |
| 2 | MR. BAKER:  Objection to form. | 12:18:37PM |
| 3 | A. As a forensic analyst, the more | 12:18:42PM |
| 4 | information, the better. | 12:18:44PM |
| 5 | But as I said before, it | 12:18:47PM |
| 6 | doesn't undo other indicators that were | 12:18:50PM |
| 7 | positively found. | 12:18:55PM |
| 8 | Q. As a forensic analyst, wouldn't | 12:19:02PM |
| 9 | you want to know if the card reader was | 12:19:07PM |
| 10 | attached to the workstation? | 12:19:09PM |
| 11 | MR. BAKER:  Objection to form. | 12:19:11PM |
| 12 | A. Yes. | 12:19:18PM |
| 13 | Q. But you don't know the answer | 12:19:19PM |
| 14 | to that question, right? | 12:19:21PM |
| 15 | A. Not currently. | 12:19:24PM |
| 16 | Q. Waymo would never know the | 12:19:26PM |
| 17 | answer to that question, correct? | 12:19:29PM |
| 18 | MR. BAKER:  Objection to form. | 12:19:31PM |
| 19 | A. That's uncertain. | 12:19:43PM |
| 20 | Q. Why is that uncertain? | 12:19:45PM |
| 21 | A. Depending on retention and host | 12:19:50PM |
| 22 | monitoring agents, it could potentially be | 12:20:00PM |
| 23 | determined whether some classes of USB | 12:20:08PM |
| 24 | devices were connected to these machines, | 12:20:12PM |
| 25 | but I also would not feel comfortable | 12:20:16PM |

Page 100

```
1   saying that an absence of this evidence         12:20:19PM
2   means that it didn't happen.                    12:20:22PM
3       Q.      But you don't know one way or       12:20:25PM
4   the other if it happened?                       12:20:27PM
5       A.      As I sit here today, no.            12:20:28PM
6               MR. BAKER:  Objection to form.      12:20:29PM
7       Q.      Sorry, I didn't catch your          12:20:30PM
8   answer to that question.                        12:20:31PM
9       A.      As I sit here right now, no.        12:20:32PM
10      Q.      And Waymo doesn't know one way      12:20:35PM
11  or the other if a card reader was attached      12:20:37PM
12  to the workstation, correct?                    12:20:40PM
13              MR. BAKER:  Same objection.         12:20:42PM
14      A.      No.                                 12:20:43PM
15      Q.      Has Waymo attempted to conduct      12:20:56PM
16  any forensic investigation into the             12:20:58PM
17  Hewlett-Packard workstation since it was        12:21:00PM
18  reassigned to ███████████?                      12:21:04PM
19      A.      I don't believe so.                 12:21:13PM
20      Q.      So --                               12:21:18PM
21      A.      And also, so these machines are     12:21:19PM
22  full disk encrypted, that is to say, as         12:21:24PM
23  they are reimaged and redeployed there is       12:21:26PM
24  no evidence left on the hard drive, much        12:21:31PM
25  like when you take your Windows laptop and      12:21:33PM
```

```
 1              UNITED STATES DISTRICT COURT

 2            NORTHERN DISTRICT OF CALIFORNIA

 3                SAN FRANCISCO DIVISION

 4

 5   WAYMO LLC,                        )

 6              Plaintiff,             )

 7         vs.                         ) Case No.

 8   UBER TECHNOLOGIES, INC.;          ) 3:17-cv-000939-WHA

 9   OTTOMOTTO LLC; OTTO TRUCKING,     )

10   INC.,                             )

11              Defendants.            )

12   _____      )

13      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

14

15     VIDEOTAPED DEPOSITION OF KRISTINN GUDJONSSON

16                Palo Alto, California

17               Friday, July 28, 2017

18                    Volume I

19

20   Reported by:

21   CARLA SOARES

22   CSR No. 5908

23   JOB No. 2665814

24

25   PAGES 1 - 242


                                                Page 1
```

```
 1   today, you are not aware of any evidence that                 15:29:57
 2   Mr. Levandowski copied files off the computer before
 3   it was reimaged?
 4           MR. BAKER:  Objection to form.
 5           THE WITNESS:  I can only tell you what's              15:30:06
 6   in the declaration here, what we see here.
 7   BY MR. TAKASHIMA:
 8       Q   To your knowledge, has there been any
 9   investigation of Mr. Levandowski's e-mail account at
10   Google?                                                       15:30:53
11       A   I'm not sure.
12       Q   To your knowledge, has anybody connected
13   with an investigation reviewed the contents of
14   Mr. Levandowski's e-mail account at Google?
15       A   I'm not sure.                                         15:31:05
16       Q   Who would know?
17       A   Lawyers.
18       Q   Would anybody else in digital forensics
19   know?
20       A   Potentially, but probably not.  It                    15:31:22
21   probably would have been me if that check was made.
22       Q   Have you conducted -- been involved in any
23   review of Mr. Levandowski's workstation from Google?
24       A   The workstation, no.
25       Q   Has anybody else from digital forensics               15:31:42
```

Page 198

```
 1    conducted that investigation?                              15:31:44

 2         A    No.

 3         Q    Has anybody looked at Mr. Levandowski's

 4    workstation?

 5         A    Not to my knowledge.                             15:31:49

 6         Q    Has the workstation been preserved?

 7         A    Not to my knowledge.

 8         Q    Okay.  Has it been deleted?

 9         A    I'm not sure.  I would have to go check.

10         Q    Did you ever discuss with anybody                15:32:07

11    investigating Mr. Levandowski's workstation?

12              MR. BAKER:  Again, I just want to caution

13    the witness not to disclose any communications that

14    he's had with attorneys.

15              If you have a question, we can go outside.       15:32:22

16              MR. TAKASHIMA:  Do you want to take a

17    break?

18              THE WITNESS:  Yes.  Let's do that.

19              THE VIDEO OPERATOR:  We are now going off

20    the record, and the time is 3:32.                          15:32:31

21              (Recess, 3:32 p.m. - 3:39 p.m.)

22              THE VIDEO OPERATOR:  We're now going back

23    on the record, and the time is 3:39.

24    BY MR. TAKASHIMA:

25         Q    Did you ever discuss with anybody whether        15:39:05
```

Page 199