Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant: Otto Trucking LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Waymo LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**CORRECTED DEFENDANT OTTO TRUCKING LLC'S OPPOSITION TO PLAINTIFF'S LIST OF DEFENDANTS' ALLEGED DISCOVERY MISCONDUCT**<br>Courtroom: 8 - 19th Floor<br>Judge: Hon. William Alsup |

1  Otto Trucking objects to and denies "Plaintiff Waymo LLC's List of Defendants'
2 Discovery Misconduct" as it relates to Otto Trucking (Dkt. 1356 ¶¶ 8, 21-23).  Otto Trucking
3 contends that the allegations contained in Waymo's submission are inaccurate and would be
4 prejudicial if provided to the jury.
5  First, Otto Trucking's supplementation does not evidence any sort of misconduct but rather
6 is a disclosure provided to the Court pursuant to the Court's request.   Specifically, Otto Trucking
7 provided a supplemental submission at the Court's direction to further explain that it is not aware
8 of any communications between Mr. Levandowski and anyone else while he was acting in his
9 capacity as an officer of Otto Trucking.  This disclosure is merely restating, in more detail, what
10 Otto Trucking said earlier.  Indeed, Otto Trucking counsel made clear at the hearing that this
11 "fleshed out" version was what Otto Trucking would provide.  *See* Ex. 1 45:19-50:18 ("When we
12 were saying 'has never discussed,' we did mean in writing or otherwise. But if you want us to
13 flesh that out, we'll do that.").  As with its original submission, Otto Trucking stated that it is not
14 aware of any communications between Mr. Levandowski, on the one hand, and the other officers
15 of Otto Trucking, while they were acting for Otto Trucking, or anyone else relating to LiDAR on
16 the other.  The supplemental submission clarifies that Otto Trucking is not aware of any
17 communications about LiDAR *in any format* between anyone and the officers of Otto Trucking
18 while the officers were acting on behalf of Otto Trucking.  The supplemental submission further
19 explains why no communications exist: Neither Otto Trucking nor its subsidiary are involved in
20 the development of LiDAR.  They merely own or lease trucks on which off-the-shelf, third party,
21 LiDAR products purchased by Uber have been installed.  As with its initial submission, Otto
22 Trucking incorporated Uber's log of communications to the extent that any of its officers
23 communicated with Mr. Levandowski about LiDAR while acting on behalf of Uber or Ottomotto.
24 Thus, Otto Trucking's original response did not omit any communications that should have been
25 disclosed.
26  Out of an abundance of caution, Otto Trucking disclosed in its supplemental submission
27 that Mr. Levandowski may have communicated with Mr. Schwarz about LiDAR prior to 2012,
28 when Mr.Levandowski was employed at Google, and Mr. Schwarz employed at Velodyne.  These

communications occurred at least four years before Otto Trucking existed and were learned by Otto Trucking during the deposition of Brent Schwarz, taken on August 15, 2017.

Second, Waymo's assertion of discovery misconduct related to third party Seval Oz's GBr2 PCB Board earrings is wrong. Otto Trucking has not improperly withheld any evidence or information from Waymo.

The possession of mementos by former Google employees, such as Seval Oz, has long been known to Waymo. In its interrogatory responses, Otto Trucking expressly disclosed that it was aware that Google had permitted employees to take home mementos of its LiDAR. Also, Seval Oz was disclosed in Otto Trucking's initial disclosures and remains identified as a witness for trial. Indeed, Otto Trucking confirmed on August 10, 2017 that Seval Oz remained on Otto Trucking's potential witness list and that she, as a non-party could be subpoenaed by Waymo. Despite Waymo's scorched earth litigation tactics, it never sought to subpoena Ms. Oz for the information.

Seval Oz' earrings were produced and made available at the deposition of Pierre Droz on August 22, 2017. *See* Ex. 2. At that deposition, pictures of the earrings were taken and included as exhibits to the transcript. Counsel for Waymo was given copies. Counsel for Otto Trucking expressly stated that the earrings were available for inspection. To date, Otto Trucking has not received any request to inspect the earrings.

Mr. Levandowski, who has been producing documents in response to a subpoena, produced the attached text messages pursuant to that subpoena in a response Waymo made for communications with Seval Oz at 10:07 pm on August 23. *See* Ex. 3. The text messages show that Mr. Levandowski was asking for the earrings on several occasions over the last month. *Id.*

Waymo's meritless accusations appear to rest on the timing of the production. However, the production occurred more than a week before the close of discovery and before a very large number of depositions. And all the parties have been supplementing production through discovery close. For example, on August 24, 2017, Waymo produced over 7,200 documents—about 1/3 of its total document production. To be clear, 1/3 of Waymo's entire production happened on the last day of discovery after nearly all of the depositions had been completed, after significant expedited

discovery, and long after the vast majority of document requests had been served.  Otto Trucking is not aware of when these documents came into Waymo's possession and whether it has delayed in producing these documents at the very close of discovery.  However, Waymo cannot be heard to complain about Otto Trucking's discovery in light of their own repeated supplementation of discovery.

For the foregoing reasons, the Court should reject Waymo's list of alleged "discovery misconduct."

Dated:   August 25, 2017                     Respectfully submitted,

By:   */s/ Neel Chatterjee*
Neel Chatterjee
*nchatterjee@goodwinlaw.com*
Brett Schuman
*bschuman@goodwinlaw.com*
Shane Brun
*sbrun@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
Hong-An Vu
*hvu@goodwinlaw.com*
Hayes P. Hyde
*hhyde@goodwinlaw.com*
James Lin
*jlin@goodwinlaw.com*
**GOODWIN PROCTER LLP**

*Attorneys for Defendant: Otto Trucking LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document including all of its attachments with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **August 25, 2017**.  I further certify that all participants in the case are registered CM/ECF users and that service of the publicly filed documents will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on **August 25, 2017**.

>                    */s/   Neel Chatterjee*
>                            NEEL CHATTERJEE