QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>        Plaintiff,<br><br>   vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>      Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S OFFER OF PROOF REGARDING DEFENDANTS' TRADE SECRET MISAPPROPRIATION**<br><br>Judge: The Honorable William Alsup<br><br>Trial Date: October 10, 2017<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL** |

Pursuant to the Court's order at the July 26 hearing and the Court's guidance (Aug. 23, 2017 Hearing Tr. at 40:15-18),[1] Plaintiff Waymo LLC ("Waymo"[2]) submits this offer of proof regarding Defendants Uber Technologies, Inc. and Ottomotto, LLC (together "Uber") and Otto Trucking, LLC ("Otto Trucking") (collectively, "Defendants") regarding Defendants use of Waymo's trade secrets.

Waymo has previously provided sufficient evidence of trade secret misappropriation for this Court to grant provisional relief, based on review of voluminous evidence provided by Waymo. Dkt. 426. In the course of discovery (currently ongoing) Waymo has developed evidence of Uber's misappropriation and use of all nine trade secrets in its final election, as detailed below.

Waymo notes that given the time limit and the period of discovery at this time, this offer of proof is necessarily rushed and may be incomplete. Today is the last day of fact discovery and due to the expedited schedule there are multiple depositions taking place. Today is also the deadline for the parties to submit initial expert reports. Dkt. 563. Waymo has also been required to respond to two summary judgment precis submitted by Defendants today upon two days' notice. Dkt. 1308. The offer of proof set forth below represents Waymo's best effort to respond fully to the Court under the circumstances. To the extent the Court intends to make any rulings based on this offer, Waymo requests the opportunity to brief a formal motion and be given the opportunity for a briefing schedule to do so. As the Court undoubtedly knows, Waymo has a constitutional right to a jury trial on its trade secret misappropriation claims, and that right can be taken away only where there is no genuine material dispute of fact.

## I. WAYMO'S OFFER OF PROOF AS TO UBER

***Waymo Takes Reasonable Measures to Keep Its Trade Secrets Secret***: Generally, for all of Waymo's asserted trade secrets, the evidence to be presented by Waymo at trial in this case through its witnesses (including at least Gary Brown, Pierre-Yves Droz, Michael Janosko, and Tim Willis) and its expert witness Lambertus Hesselink will show that Waymo takes reasonable measures to protect its

---

[1] At the Court's direction, Waymo is not including its expert reports in this filing, which include a more exhaustive marshalling of all the evidence it intends to present at trial through its experts for trade secret misappropriation. However, Waymo stands ready and willing to provide these reports or the evidence cited therein if the Court wishes.

[2] As used herein, "Waymo" also includes Google's Project Chauffeur.

trade secrets. In particular, the evidence to be presented at trial will show that Waymo takes steps to protect its trade secrets, including its LiDAR-related trade secrets, from disclosure by employees (through, for example, Waymo's employee code of conduct and annual information security trainings), former employees (through, for example, exit interview processes), and vendors (through, for example, non-disclosure agreements). The evidence will also show that Waymo takes reasonable steps to protect its electronically-stored information through, for example, extensive server, network, and user-level security measures such as access controls, as well as monitoring and forensic investigations as needed. The evidence will also show that Waymo takes reasonable steps to protect its physical assets (through, for example, locking, guarding, and controlling access to its premises), including its LiDAR devices (through, for example, guarding using dark domes to cover its LiDARs and further placing key trade secret-related components deep inside the device where it cannot be observed from public roads).

**_Waymo's Trade Secrets Are Not Generally Known or Readily Ascertainable_**: With respect to each one of Waymo's asserted trade secrets, the evidence to be presented by Waymo at trial in this case through its witnesses (including at least Dmitri Dolgov, Pierre-Yves Droz, Bernard Fidric, and Ben Ingram), its expert witness Lambertus Hesselink, and Defendants' witnesses (including at least Daniel Gruver, James Haslim, Asheem Linaval, and Gaetan Pennecot) will show that none of Waymo's asserted trade secrets are generally known in the relevant field, nor are they readily ascertainable. In particular, the evidence to be presented at trial will show that, outside the LiDAR devices designed by Waymo and by Uber, no other LiDARs embody Waymo's asserted trade secrets. Waymo also expects that, with respect to each one of Waymo's asserted trade secrets, the evidence to be presented by Waymo at trial in this case through its witnesses (including at least Dmitri Dolgov, Pierre-Yves Droz, Bernard Fidric, and Ben Ingram), its expert witness Lambertus Hesselink, and Defendants' witnesses (including at least Scott Boehmke, James Haslim, and Gaetan Pennecot) will show that Waymo's asserted trade secrets none of Waymo's asserted trade secrets derive independent economic value from their secrecy. In particular, the evidence to be presented at trial will show that Waymo has devoted years of research and development time and millions of dollars into developing

its trade secrets and that their secrecy gives Waymo a competitive advantage by, for example, preventing competitors from short-circuiting the design process.

***Uber's Misappropriation of Waymo's Trade Secrets***:  With respect to Uber's misappropriation through acquisition, use, or disclosure of Waymo's asserted trade secrets, the evidence to be presented by Waymo at trial in this case through its witnesses (including at least Gary Brown and Kristinn Gudjonsson) and Uber's witnesses (including at least Scott Boehmke, Daniel Gruver, James Haslim, Eric Meyhofer, and Gaetan Pennecot) will show that Anthony Levandowski improperly downloaded over 14,000 files from Waymo's SVN repository and additional documents from Waymo's Google Drive servers, and that Uber hired Mr. Levandowski to lead its self-driving car project and acquired his company without implementing any measures to prevent Mr. Levandowski from consulting the misappropriated documents in the course of his work for Uber.  The evidence to be presented by Waymo through its expert witness Jim Timmins and Uber's witnesses (including at least John Bares, Travis Kalanick, Emil Michael, Cameron Poetzscher, and Nina Qi) will show that Uber instead agreed, in the context of its purchase of Otto, to indemnify Mr. Levandowski and others for any prior "Bad Acts," including trade secret misappropriation, so long as Mr. Levandowski disclosed those "Bad Acts" to a third-party due-diligence consultant, Stroz Friedberg (Uber and Mr. Levandowski have asserted privilege over Mr. Levandowski's disclosures to Stroz).  Further, Uber ███ ████████████████████████████████████████████████████████████████ ████████████████████████ would be aided and hastened by Mr. Levandowski's incorporation into Uber of Waymo's stolen technology.  Further, the evidence will show that Uber did not restrict Mr. Levandowski's ability to bring his personal devices to Uber—personal devices that Uber has never inspected and that may well contain the 14,000 stolen files—or to consult those devices during LiDAR development.  The evidence will also show that Mr. Levandowski was present and contributed to hundreds if not thousands of emails, meetings, and discussions concerning LiDAR development.

Further evidence of Uber's misappropriation through acquisition, use, or disclosure of Waymo's asserted trade secrets to be presented by Waymo at trial in this case is outlined below, on a trade secret by trade secret basis.

## A. Trade Secret No. 2

As to Waymo's Trade Secret No. 2 ███████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
███████████████ Former Waymo engineers and current Uber engineers admit they are aware of
no other LIDAR with this design.  Pennecot 6/14/17 Depo. 547:9-12 ██████████████████
█████████████████████████████████████████████████████████████████ The
evidence to be presented by Waymo at trial in this case through its expert witness Lambertus
Hesselink and Uber's witnesses (including at least Scott Boehmke, James Haslim, Daniel Gruver, and
Gaetan Pennecot) will show that Uber uses Fuji, a LiDAR system comprising ███████████
████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████.
For example, the undisputed evidence will show that the ████████████████████████
███████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
██████████████████████
██████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

01980-00104/9511143.2

The evidence (including at least testimony from Waymo witnesses Gary Brown, Kristinn Gudjonsson, and Pierre-Yves Droz) will further show that this trade secret is fully described within the 14,000 files improperly downloaded by Anthony Levandowski on December 11, 2015 (for example, ▮

▮

▮

▮. When asked about whether he used these files in designing Fuji, Mr. Levandowski declined to answer and took the Fifth Amendment. 8/22/2017 Levandowski Depo. at 103:19-104:3, 106:21-107:4, 119:17-120:2, 121:13-23, 128:1-10.

One former Waymo engineer and current Uber engineer admitted that the only LIDARs in the world he knows of with this design characteristic is Waymo's GBR3 and the Fuji. Pennecot 6/14/17 Depo. 226:11-24 ("Q Okay. ▮

▮

▮

▮ Q What are you aware of? A GBR3. Q Okay. Apart from GBR3, are there any others that you're aware of? A I'm not aware of any others.")

As the Court previously observed, "that Fuji — and, at least on this record, no other LiDAR — copies such specific GBr3 specifications is striking evidence suggesting that at least some information from Waymo's files has already found its way into Uber's LiDAR designs." Dkt. 426 at 15.

**B.      Trade Secret No. 7**

As to Waymo's Trade Secret No. 7 ███████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████ Former Waymo engineers and
current Uber engineers admit they're aware of no other LIDAR with this design.  D. Gruver
8/14/17 Depo. at 323:6-14 ("And are you aware of any other LiDAR in the world that have this
exact same design? A. Sorry. Describe "this design." Q. █████████████ A. I am not
aware of ███████████████████████████████████████████
███████████████████ in other LiDARs.")

The evidence to be presented by Waymo at trial in this case through its expert witness
Lambertus Hesselink and Uber's witnesses (including at least James Haslim, Daniel Gruver, and
Gaetan Pennecot) will show that Uber uses Fuji, a LiDAR system comprising a █████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████ For example, the undisputed evidence
will show that ███████████████████████████████████████
██████████████

---

[3]   As described with more particularity in Dkt. 335-4 at 2-4.

The evidence (including at least testimony from Waymo witnesses Gary Brown, Kristinn Gudjonsson, and Pierre-Yves Droz) will further show that this trade secret is fully described within the 14,000 files improperly downloaded by Anthony Levandowski on December 11, 2015 (for example, ▮

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████.  When asked about whether he used these files in designing Fuji, Mr. Levandowski declined to answer and took the Fifth Amendment.  8/22/2017 Levandowski Depo. at 103:19-104:3, 106:21-107:4, 119:17-120:2, 121:13-23, 128:1-10.

Former Waymo engineer Gaetan Pennecot and current Uber engineer further admitted he included this design based on Waymo's LIDAR design.  Pennecot  6/16/17 Depo. at 408:6-21 ("Q. Why did you choose to ████████████████████████████? A. Because I -- I have done it from experience. . . . Q. Now, you said you had experience doing -- ███████████████. Where did you have that experience? A. Back at Google. Q. Was there a LiDAR at Google in

which you used ███████████████████████? A. GBR.")  As previously observed by the Court: "Uber's Fuji indeed ██████████████████████. Defendants do not deny this and have no credible explanation for how they arrived at ████████████████ ██████" Dkt. 426 at 14.

**C.  Trade Secret No. 9**

As to Waymo's Trade Secret No. 9 ██████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████
██████████████████  As explained in Waymo's response to Uber's precis, this trade secret is not known in the field.  Dkt. 1342 (quoting 8/3/17 Droz. Depo. at 228:17-233:13.)  The evidence to be presented by Waymo at trial in this case through its expert witness Lambertus Hesselink and Uber's witnesses (including at least James Haslim, Daniel Gruver, and Gaetan Pennecot) will show that Uber uses Fuji, a LiDAR system comprising ████████████████
███████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████████
██████████  For example, the evidence will show that ████████████████████
███████████████████████████████████████████
████████████████

The evidence will also show that these overlaps are not a coincidence, as testified to by Uber engineers (and former Waymo engineers) Gaetan Pennecot and Daniel Gruver. (8/9/17 Pennecot Dep. at 641:6-643:7 ("Q. … ███████████████████ is not a coincidence, is it? … A. I mean, in some ways, yeah, it's – it's in my head. I have, like, some experience from before, and I -- and you know -- like, you're always impacted by your previous experience."); 8/4/17 Gruver Dep. at 274:22-25 ("Q. Okay. You designed ███████████, in part, based on your knowledge of ██████ that was designed at Google, right? A. Yes."); *id.* at 275:5-8 ("Q. You used the knowledge from your work on ██████ at Google to help ██████ ██████████████████, right? A. Yes.").)

The evidence will further show that Uber ████████████████████ ████████████████████████████ ████████████ (UBER00011613.)

**D. Trade Secret No. 13**

As to Waymo's Trade Secret No. 13 ████████████████ ██████████████████████████ ██████████████████████

Former Waymo engineers and current Uber engineers admit they're aware of no other LIDAR

with this design. 6/14/17 Pennecot Depo. ("Q Do you know of any other LiDAR manufacturers that ? A No, I don't.") The evidence to be presented by Waymo at trial in this case through its expert witness Lambertus Hesselink and Uber's witnesses (including at least James Haslim, Daniel Gruver, and Gaetan Pennecot) will show that Uber uses

in Fuji. For example, the evidence will show that both Waymo and Uber

Uber engineer (and former Waymo engineer) Gaetan Pennecot was involved in the design of _____ and admitted that the design _____ at Uber was based on his "prior

experience" at Waymo.  (6/14/17 Pennecot Dep. at 262:3-265:11; 6/16/17 Pennecot Dep. at 424:18-23; 8/9/17 Pennecot Dep. at 572:20-574:25.)

**E.    Trade Secret No. 14**

As to Waymo's Trade Secret No. 14 ███████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████  As admitted by former Waymo contractor and current Uber engineer, the claimed trade secret is not generally known. (*See* 4/13/17 Linaval Depo. at 59:16-19 ("Q.  Are you aware of any other LiDAR designs that use ███████████████████████████████████████? A.  I'm not aware of any others.").  The evidence to be presented by Waymo at trial in this case through its expert witness Lambertus Hesselink and Uber's witnesses (including at least James Haslim, Daniel Gruver, Asheem Linaval, and Gaetan Pennecot) will show that Uber uses ███████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████.  In particular, the evidence will show that both Waymo and Uber use ███████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████

The evidence (including at least testimony from Waymo witnesses Gary Brown, Kristinn Gudjonsson, and Pierre-Yves Droz) will further show that this trade secret is reflected in part within the 14,000 files improperly downloaded by Anthony Levandowski on December 11, 2015 (for example, ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████. When asked about whether he used these files in designing Fuji, Mr. Levandowski declined to answer and took the Fifth Amendment. 8/22/2017 Levandowski Depo. at 103:19-104:3, 106:21-107:4, 119:17-120:2, 121:13-23, 128:1-10.

The evidence will also show that these overlaps are not a coincidence, as Uber engineers (and former Waymo engineers) Daniel Gruver and Gaetan Pennecot were involved in the design of ████████████████████████████████ as reflected by the metadata. (Gruver Depo. Ex. 501; Pennecot Depo. Ex. 531; *see, e.g.*, 6/16/17 Pennecot Depo. at 352:16-19 ("I would

say ████████████████████████████████████████████████████████████

████████████████████████ ”); *id.* at 353:17-21 (“Q. █████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████ ”).)

**F.    Trade Secret No. 25**

As to Waymo’s Trade Secret No. 25 ███████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████ This trade secret is not known in the field.

(*See* 8/8/17 Dolgov Depo. at 153:5-12 (“I can’t – I’m not sure if I can quantify the value.  But it --

as I just mentioned, it’s -- in my mind, the value is tremendous because ████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████ ”).)  The evidence to be presented by Waymo

at trial in this case through its expert witness Lambertus Hesselink and Uber’s witnesses (including at

least John Bares) will show that Uber improperly acquired from Anthony Levandowski trade secret

information and used it to helped guide its LiDAR research and development efforts.  For example,

the evidence will show that, in attempting to sell Ottomotto to Uber, Mr. Levandowski ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

01980-00104/9511143.2

■■■■■■■■■■■■■■■■■■■■

(Jaffe Ex. 4, ■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■ )

Waymo's trade secret information provided by Mr. Levandowski to Uber ■■■■■■

■■■■■ which consisted of ■■■

■■■■■■■ (UBER00071655 at

UBER00071949 (emphasis added).)

■■■■■■■■

■■■■■■■

■■■■■■■

■■■■■■■

■■■■■■■

■■■■■■■

■■■

■■■■■■■■■■■■■■■■■■■■

As another example, ■■■■■■■

■■■■■■■

■■■■■■■

■■■■■■ (UBER00018068.) Such information is reflected in

Waymo's Trade Secret No. 25, as depicted below:

[REDACTED]

These examples are direct evidence of Anthony Levandowski providing Waymo's trade secret information for use in designing Uber's LIDAR sensor designs.

### G. Trade Secret No. 90

As to Waymo's Trade Secret No. 90 [REDACTED] [REDACTED] The evidence will show that this presentation contains Waymo's [REDACTED] [REDACTED]

[REDACTED]

The evidence (including at least testimony from Waymo witnesses Gary Brown, Kristinn Gudjonsson, and Pierre-Yves Droz) will further show that this trade secret is described in detail in at least two documents files improperly downloaded by Anthony Levandowski as he was in discussions

with Uber to form a new LiDAR company: █████████████████████████████████
█████████████████████████ (WAYMO-UBER-00085777.)  When asked about whether he
used these files in designing fiber laser designs at Uber/Otto, Mr. Levandowski declined to answer
and took the Fifth Amendment.  8/22/2017 Levandowski Depo. at 103:19-104:3, 106:21-107:4,
119:17-120:2, 121:13-23, 128:1-10.

The evidence will also show that, while still employed by Waymo, Anthony Levandowski
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
██████████████████ (5/4/17 Haslim Dep. at 129:24-132:9, 134:10-135:8, 136:16-137:21;
8/9/17 Haslim Dep. at 516:12-518:24, 537:14-541:25.) ████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
█████████████████████         █████████████████████████████████
██████████████████████████████

███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████

The evidence to be presented by Waymo at trial in this case through its expert witness
Lambertus Hesselink and Uber's witnesses (including at least James Haslim) will show that Uber

01980-00104/9511143.2

1

2

3

4

5

6

7

8

9

10

11

12

13    Defendants have no credible explanation for Mr. Levandowski's input into this design and its

14  overlap with Waymo's ▮▮▮▮▮▮▮▮▮ 5/4/17 Haslim Depo. at 129:7-23 ("Q. Did you ever

15  raise to any of your fellow employees at Tyto LiDAR, hey, why are we talking with Mr. Levandowski

16  about the work that we're doing? A. No. Q. Never came up? A. Not to my recollection. Q. You never

17  asked anyone? A. No. Q. You didn't think it was odd that this person who doesn't work for the

18  company was talking about your work with you? A. No. Q. Did you know that Mr. Levandowski was

19  working on LiDAR at Waymo at the time? A. I knew he was working for Google at the time, and I

20  didn't know the details of what specifically he was working on.").   Mr. Haslim further admitted he

21  used the information provided by Mr. Levandowski to ▮▮▮▮▮▮▮▮ for Otto and Uber.  5/4/17

22  Haslim Depo. at 136:16-24.

23    **H.    Trade Secret No. 96**

24    As to Waymo's Trade Secret No. 96 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This trade secret is not generally known, and

26  in particular ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is not known.  (*See* 8/3/17 Droz

27  Depo. at 278:3-8 .  Waymo's ▮▮▮▮▮▮▮▮▮▮▮▮ is not either known or readily

28  ascertainable.  For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  ████████████████████████████████████████████

2  ██████████████████████████████████████

3  ███████████████████████████████████████████

4  ███████████████████████████████████████████

5  ███████████████████████████████████████████

6  ██████████████████████████████████████████

7  █████████████████

8         The evidence will show that prior LiDAR designs produced by others demonstrates that

9  Waymo's ██████████ is unique and innovative. ██████████████████████

10 ████████████████████████████████████████████

11 ████████████████████████████████████████

12 ███████████████████████████████████████████

13 ███████████████████████████████████████████

14 ████████████

15    ███████████████████████████████████████████

16 ██████████████████████████████████████████

17 ██████████████████████████████████████████

18 ██████████████████████████████████████████

19 ██████████████████████████████████████████

20 ███████████████████████████████████████████

21 ████████████████████████████████████████████

22 ████████████████████████████████████████████

23 ████████████████████████████████████████ (See,

24 e.g., Boehmke Depo. Ex. 455 ¶¶ 8-10.)  Even at that time, Uber ████████████████

25 ███████████████████████████████████████████

26 ████████████████████████████████████████████

27 ██████████████████████████████████████████

28 ████████████████████████████████████████████

01980-00104/9511143.2

███████████████████████████████████████████

███████████████████████ (Meyerhofer Depo. Ex. 887.)

██████████████████████████████████████████

████████████████████ This suggested design fails to ████████

████████████████████████████████████████

█████████████████ Velodyne's corporate designee, subpoenaed by

Uber in this case, was questioned about Velodyne's ████████████████

█████████████████████████████████████████████

████████████████████████████████████████

(Aug. 23, 2017 Nestinger Rough Depo. at 34:2-36:12, 142:8-144:11.).)  Thus, the Velodyne

approach ████████████████████████████████████

████  These approaches are distinct from, and do not disclose the design reflected in Waymo's

████████████████████

███████████ allegedly developed by Uber engineer Scott Boehmke in ████████

also did not disclose Waymo's Trade Secret No. 96 or render it readily ascertainable. ████

████████████████████████████████████

█████████████████████████████████████████

██████████████████





This design fails to

01980-00104/9511143.2

3:17-CV-00939

(Haslim Depo. Ex. 586.) ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ ██████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ ██████████████████████████

████████████████████ (UBER00060113)  According to public news reports, "state of the art" was

Mr. Levandowski's code term instead of saying the words "Google" or "Waymo."[4]

Uber's 7.3.2017 Supplemental Log Pursuant to Orders on Motion for Preliminary Relief

[ECF No. 426] and Special Master's Protocol [ECF No. 500] ("LIDAR Log") is further evidence

that Mr. Levandowski ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

Mr. Levandowski ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████

The documentary evidence further shows that Anthony Levandowski ████████████████

██████████████████████████████████████████████████

---

[4]  *See* https://www.theinformation.com/the-informations-leaders-and-laggards-in-self-driving-cars (last accessed Aug. 24, 2017).



(UBER00236495.)[5]

In sum, ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████ The

evidence to be presented by Waymo at trial in this case through its expert witness Lambertus

Hesselink and Uber's witnesses (including at least Scott Boehmke, Daniel Gruver, James Haslim,

Gaetan Pennecot) will show that the resulting Uber's Fuji PCB design is strikingly similar to Waymo's

Trade Secret No. 96, as depicted below:

---

[5]  Though clearly within the scope of the Court's Paragraph 5 accounting (Dkt. 426),

Defendants did not disclose this conversation on their LIDAR log.



As objective evidence of the similarity between Waymo's trade secret



01980-00104/9511143.2

WAYMO'S OFFER OF PROOF REGARDING DEFENDANTS' TRADE SECRET MISAPPROPRIATION

1 ██████████████████████████████████████████████████████████████████

2 ████████ This is a completely distinct design from ████████████████████████

3 ████████████████████████████████████████████████████████████ Just as with

4 the Court's analysis for Trade Secret No. 2 in its provisional relief order, "that Fuji — and, at least on

5 this record, no other LiDAR — copies such specific GBr3 specifications is striking evidence

6 suggesting that at least some information from Waymo's files has already found its way into Uber's

7 LiDAR designs." Dkt. 426 at 15.   The same is true for Trade Secret No. 96.

8       The evidence (including at least testimony from Waymo witnesses Gary Brown, Kristinn

9 Gudjonsson, and Pierre-Yves Droz) will further show that this trade secret is fully described within the

10 14,000 files improperly downloaded by Anthony Levandowski on December 11, 2015 (for example,█

11 ████████████████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████████████████

13 ████████████████████ When asked about whether he used these files in designing the beam

14 spacing in Fuji, Mr. Levandowski declined to answer and took the Fifth Amendment.  8/22/2017

15 Levandowski Depo. at 103:19-104:3, 106:21-107:4, 119:17-120:2, 121:13-23, 128:1-10.

16       **I.       Trade Secret No. 111**

17       As to Waymo's Trade Secret No. 111 ██████████████████████████████████

18 ████████████████████████████████████████████ the evidence to be

19 presented by Waymo at trial in this case through its expert witness Lambertus Hesselink and Uber's

20 witnesses (including at least James Haslim) will show that Uber improperly acquired from Anthony

21 Levandowski trade secret information and used it to helped guide its LiDAR research and

22 development efforts.  For example, the evidence will show that Uber's ████████████████

23 ████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████ (*See*

27 8/9/17 Haslim Dep. at 476:17-20 ("██████████████████████████████████

28 ████████████████████████████████████████████████████

01980-00104/9511143.2

1　████████”), 482:14-483:6 (“█████████████████████████

2　████████████████████████████████████████████████████

3　████████████████████████████████████████████████████

4　████████████████████████████████████████████████████”).)

5　　*****

6　　　　Based on all the evidence of trade secret misappropriation Waymo intends to offer at trial

7　outlined above, Waymo expects that Anthony Levandowski's assertion of the Fifth Amendment

8　should result in additional facts supportive of trade secret misappropriation being drawn as adverse

9　inferences against Uber.  (*See* Dkt. 818-4; Dkt. 834-4.)

10　**II.　　WAYMO'S OFFER OF PROOF AS TO OTTO TRUCKING**

11　　　　Waymo expects to present evidence that Otto Trucking is vicariously liable for the trade secret

12　misappropriation of its Executive Chairman and Managing Member, Anthony Levandowski.  *See,*

13　*e.g.*, *Extreme Reach, Inc. v. SpotGenie Partners, LLC*, No. CV1307563, 2013 WL 12081182, at *7

14　(C.D. Cal. Nov. 22, 2013) ("SpotGenie may be liable for the Sales Managers' misappropriation of

15　trade secrets under the doctrine of respondent superior . . . .  California and federal courts have

16　allowed vicarious liability claims under the UTSA.") (citing caselaw); *Language Line Servs., Inc.*

17　*v. Language Servs. Assocs., LLC*, No. C 10-02605, 2010 WL 2764714, at *4 (N.D. Cal. July 13,

18　2010) (imputing trade secret misappropriation from employees to employer); *Competitive Techs.*

19　*v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1147-48 (N.D. Cal. 2003) ("[T]he Court finds that Fujitsu

20　has, nonetheless, stated a claim for misappropriation of trade secrets as to UI by alleging that

21　Competitive was 'acting with and for UI.'  In particular, this allegation may be reasonably

22　construed as an allegation that UI ratified or approved Competitive's conduct.").

23　　　　Moreover, Waymo expects to present evidence to support the doctrine of "ratification,"

24　*Fujitsu*, 286 F. Supp. 2d at 1148.  In particular, despite Levandowski's continued possession of

25　Waymo's trade secrets, Otto Trucking refuses to take any remedial actions against him.  This

26　alone shows Otto Trucking's ratification of Levandowski's misappropriation, thereby subjecting

27　Otto Trucking to liability.  Cal. Civ. Code § 2310 ("A ratification can be made . . . by accepting or

28　retaining the benefit of the act, with notice thereof."); *Contemporary Servs. Corp. v. Landmark*

*Event Staffing Servs., Inc.*, 677 Fed. App'x 314, 315 (9th Cir. 2017) ("CSC raised a triable issue as to whether Landmark unlawfully ratified employee Grant Haskell's misappropriation of CSC trade secrets when Landmark failed to cease the use of CSC documents, disavow Haskell's conduct, or terminate Haskell's employment after Landmark 'had reason to know' of Haskell's misappropriation."); *Ajaxo Inc. v. E*Trade Grp., Inc.*, 135 Cal. App. 4th 21, 67-68 (2005).

With respect to Anthony Levandowski's misappropriation through acquisition, use, or disclosure of Waymo's asserted trade secrets (for which Otto Trucking is liable under vicarious liability or under the doctrine of ratification as discussed above), the evidence to be presented by Waymo at trial in this case through its witnesses (including at least Gary Brown and Kristinn Gudjonsson) will show that Anthony Levandowski improperly downloaded over 14,000 files from Waymo's SVN repository and additional documents from Waymo's Google Drive servers.

Waymo further expects to present evidence that Otto Trucking's misappropriation of trade secrets is ongoing. In particular, in his capacity as an Otto Trucking executive, Mr. Levandowski effectively increases Otto Trucking's value. (*See* Dkt. 515-13 at -7487.)

Finally, based on all the evidence of trade secret misappropriation Waymo intends to offer at trial outlined above, Waymo expects that Anthony Levandowski's assertion of the Fifth Amendment should result in additional facts supportive of trade secret misappropriation being drawn as adverse inferences against Otto Trucking. (*See* Dkt. 818-4; Dkt. 834-4.)


DATED:  August 24, 2017          QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                 By  */s/ Charles K. Verhoeven*
                                 _____
                                      Charles K. Verhoeven
                                      Attorneys for WAYMO LLC