# EXHIBIT 1

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:     415.268.7000
Facsimile:     415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:     202.237.2727
Facsimile:     202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>               Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>               Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER<br>TECHNOLOGIES, INC. AND<br>OTTOMOTTO LLC'S OBJECTIONS<br>AND RESPONSES TO<br>WAYMO'S 30(b)(6) NOTICE**<br><br>Trial Date: October 2, 2017 |

Defendants Uber Technologies, Inc. and Ottomotto LLC respond to Waymo LLC's 30(b)(6) notice as set forth below.

**TOPIC NO. 1:**

LEVANDOWSKI's involvement in the development of LIDAR on behalf of UBER or OTTOMOTTO.

**RESPONSE TO TOPIC NO. 1:**

Uber will produce a witness on this topic.

**TOPIC NO. 2:**

The state and status of Uber's LIDAR development for autonomous vehicles before January 2016.

**RESPONSE TO TOPIC NO. 2:**

Uber and Ottomotto object to Topic 2 on the ground that "state and status" is vague and overbroad and not limited in time, in violation of Paragraph 23 of Judge Alsup's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ("Standing Order"), which requires parties to describe topics with "reasonable particularity."

Subject to and without waiving the foregoing objections, Uber will produce a witness to discuss the development of Uber's LiDAR for autonomous vehicles from January 2015 to January 2016.

**TOPIC NO. 3:**

UBER's or OTTOMOTTO'S efforts to prevent LEVANDOWSKI from using or referring to any MISAPPROPRIATED MATERIALS, including but not limited to efforts to prevent LEVANDOWSKI from using personal devices to access UBER or OTTOMOTTO servers and networks.

**RESPONSE TO TOPIC NO. 3:**

Uber and Ottomotto object to Topic 3 as overbroad and not described with "reasonable particularity," as required by Judge Alsup's Standing Order, because the defined term "MISAPPROPRIATED MATERIALS" purports to include all Google and Waymo documents

1  and materials in the possession of any current or former employee of Uber or Ottomotto, above

2  and beyond the materials at issue in this case.  Uber and Ottomotto also object to this term in that

3  it presumes there has been misappropriation of Waymo's trade secrets.  Uber and Ottomotto

4  further object to this topic on the ground that it is vague and ambiguous with respect to the phrase

5  "referring to" and does not describe the testimony sought with "reasonable particularity."

6        Subject to these objections, Uber and Ottomotto will produce a witness to testify about

7  Uber and Ottomotto's policies to prevent employees from using confidential information

8  belonging to prior employers.

9  **TOPIC NO. 4:**

10        UBER'S acquisition of OTTOMOTTO.

11  **RESPONSE TO TOPIC NO. 4:**

12        Uber and Ottomotto object to Topic 4 on the ground that it is vague and overbroad and

13  does not describe the testimony sought with "reasonable particularity," as required by Judge

14  Alsup's Standing Order.  In particular, this topic does not specify the aspects of Uber's

15  acquisition of Ottomotto for which testimony is sought.

16        Subject to these objections, Uber and Ottomotto will produce a witness to testify about the

17  terms of Uber's acquisition of Ottomotto.

18  **TOPIC NO. 5:**

19        UBER's meetings with LEVANDOWSKI and/or OTTOMOTTO and OTTO TRUCKING

20  before April 11, 2016.

21  **RESPONSE TO TOPIC NO. 5:**

22        Uber and Ottomotto object to Topic 5 on the ground that it is vague and overbroad to the

23  extent that Uber and Ottomotto cannot determine the aspects of the meetings to which Waymo

24  seeks testimony, in violation of Judge Alsup's Standing Order to describe topics with "reasonable

25  particularity."

26        Subject to this objection, Uber and Ottomotto will produce a witness to testify about

27  meetings that occurred, but the witness's ability to cover this topic will likely be limited.

28

**TOPIC NO. 6:**

The origin of UBER'S indemnity obligations to OTTOMOTTO, LEVANDOWSKI, Lior Ron and OTTO TRUCKING, and the current status of indemnity, including but not limited to whether UBER is indemnifying LEVANDOWSKI, Lior Ron, or OTTO TRUCKING for any claims regarding this litigation, and whether LEVANDOWSKI, Lior Ron, or OTTO TRUCKING have made any claims for indemnity with respect to this litigation.

**RESPONSE TO TOPIC NO. 6:**

Uber and Ottomotto object to Topic 6 on the ground that it is compound and contains multiple subparts, in contravention of Paragraph 23 of Judge Alsup's Standing Order, which limits a party to "a total of ten subject matters (for the entire case)." Uber and Ottomotto further object to this topic on the ground that the term "origin of" is vague and ambiguous and does not describe the testimony sought with "reasonable particularity," in violation of Judge Alsup's Standing Order. Uber and Ottomotto also object to the extent that this topic calls for privileged information.

Subject to and without waiving the foregoing objections, Uber and Ottomotto will produce a witness to testify as to the non-privileged aspects of reason(s) for including an indemnity obligation; whether UBER is indemnifying Anthony Levandowski, Lior Ron, or Otto Trucking for any claims in this this litigation; and whether Anthony Levandowski, Lior Ron, or Otto Trucking have made any claims for indemnity with respect to this litigation.

**TOPIC NO. 7:**

The Stroz due diligence investigation, including its origins and any affect the results of the investigation may have had on UBER'S acquisition of OTTOMOTTO.

**RESPONSE TO TOPIC NO. 7:**

Uber and Ottomotto object to Topic 7 on the ground that it is vague and overbroad and, as written, could cover everything from the purpose of the investigation, the hiring of Stroz, communications about the investigation, and any findings or information learned during the investigation. Uber and Ottomotto also object to Topic 7 on the ground that the term "any affect the results of the investigation may have had" is vague and ambiguous and does not describe the

1    testimony sought with "reasonable particularity," in violation of Judge Alsup's Standing Order.

2    Uber and Ottomotto further note that this testimony on this topic will be affected by the Federal

3    Circuit's decision on the appeal regarding Waymo's motion to compel the Stroz report and

4    related documents, for which oral argument has been set for August 11, 2017. (17-2130 Appeal

5    6/29/2017 text-only docket entry; 17-2235 7/21/2017 text-only docket entry.)  To the extent that

6    the Federal Circuit rules in favor of Waymo, Uber and Ottomotto reserve the right to designate an

7    additional witness on this topic.  Uber and Ottomotto also object to the extent that this topic calls

8    for privileged information.

9          Subject to and without waiving the foregoing objections, Uber and Ottomotto will produce

10   a witness to testify on this topic consistent with the current status of privilege assertions relating

11   to it.

12   **TOPIC NO. 8:**

13         LEVANDOWSKI's claim that he downloaded and retained MISAPPROPRIATED

14   MATERIALS to facilitate bonus payment(s) from WAYMO.

15   **RESPONSE TO TOPIC NO. 8:**

16         Uber and Ottomotto object to Topic 8 as overbroad and not described with "reasonable

17   particularity," as required by Judge Alsup's Standing Order, because the defined term

18   "MISAPPROPRIATED MATERIALS" purports to include all Google and Waymo documents

19   and materials in the possession of any current or former employee of Uber or Ottomotto, above

20   and beyond the materials at issue in this case.  Uber and Ottomotto also object to this term in that

21   it presumes there has been misappropriation of Waymo's trade secrets.

22         Subject to these objections, Uber will produce a witness to testify about Uber's knowledge

23   regarding Anthony Levandowski's assertion that he downloaded and retained files from Waymo

24   to defend his right to a bonus payment under the Chauffeur Bonus program.

25   **TOPIC NO. 9:**

26         UBER and OTTOMOTTO's investment in developing in-house LiDAR, including both

27   any financial investment and any investment in terms of time and personnel.

28

1    **RESPONSE TO TOPIC NO. 9:**

2         Uber and Ottomotto object to Topic 9 on the ground that it is compound and contains

3    multiple subparts, in contravention of Paragraph 23 of Judge Alsup's Standing Order, which

4    limits a party to "a total of ten subject matters (for the entire case)." Uber and Ottomotto further

5    object to this topic as overbroad in that it is not limited in time.

6         Subject to and without waiving the foregoing objections, Uber will produce a witness to

7    testify as to Uber's investment in developing in-house LiDAR from January 2015.

8    **TOPIC NO. 10:**

9         UBER's and OTTOMOTTO's plans with respect to commercializing autonomous

10   vehicles, including specifically UBER's and OTTOMOTTO's timeline for commercializing

11   autonomous vehicles and UBER's and OTTOMOTTO's anticipated or projected costs, revenues

12   and profits REGARDING their commercialization of autonomous vehicles.

13   **RESPONSE TO TOPIC NO. 10:**

14        Uber and Ottomotto object to Topic 10 on the ground that it is compound and contains

15   multiple subparts, in contravention of Paragraph 23 of Judge Alsup's Standing Order, which

16   limits a party to "a total of ten subject matters (for the entire case)."

17        Subject to these objections, Uber will produce a witness to testify to Uber's plans to

18   commercialize autonomous vehicles, including projected costs, revenues, and profits, to the

19   extent that such information is kept in the ordinary course of business.

20

21   Dated:  August 8, 2017                    MORRISON & FOERSTER LLP

22

23                                            By:    /s/ Arturo J. González
24                                                 ARTURO J. GONZÁLEZ

25                                            Attorneys for Defendants
                                             UBER TECHNOLOGIES, INC.
26                                           and OTTOMOTTO LLC

27

28