# RAMSEY | EHRLICH LLP

ATTORNEYS AT LAW

August 27, 2017

Magistrate Judge Jacqueline Scott Corley
By ECF Filing

***Re: Waymo LLC v. Uber Technologies, Inc.*, et al., Case No. 3:17-cv-00939-WHA**

Dear Magistrate Judge Corley:

Non-party Anthony Levandowski submits this brief in reply to Waymo's August 25, 2017 letter brief, Dkt. 1355, challenging Mr. Levandowski's assertion of his individual attorney-client privilege with respect to conversations with Uber's counsel in February and March of 2017.

Respectfully submitted,

*/s/ Miles Ehrlich*

Miles Ehrlich
RAMSEY & EHRLICH LLP
Counsel for Non-Party Anthony Levandowski

cc: Counsel of record (via ECF); Special Master John Cooper

In its decision on the scope of Uber's subject matter waiver, this Court noted that Mr. Levandowski held an individual attorney-client privilege (as extended through the common interest doctrine) in the conversations at issue.  Dkt. 1311 at 2.  And because "Uber cannot waive Mr. Levandowski's privilege," the Court held that it "cannot order Uber to testify as to what was said in the conversations covered by Uber's waiver." *Id.*  The Court, however, provided Waymo the opportunity to object by close of discovery on August 24, 2017.  *Id.*  Thirty-five minutes after the midnight deadline, Waymo filed its objection. Dkt. 1355.  We now reply.

1. Mr. Levandowski's Litigation-Related Communications with Uber's Counsel During the Course of a Common Interest Agreement Are Protected by Mr. Levandowski's Attorney-Client Privilege, Even If His Personal Attorney Was Not Present

Waymo contends that Mr. Levandowski cannot assert his "individual" attorney-client privilege as to conversations regarding the litigation "[u]nless his own personal lawyers were also present."  Dkt. 1355 at 1.  That is not the law.  Multiple circuits have held that it is not "necessary for the attorney representing the communicating party to be present when [a] communication is made to the other party's attorney" in order for that communication to be privileged.  *United States v. Schwimmer*, 892 F.2d 237, 241; 244 (2d Cir. 1989) (information provided by one defendant to accountant and lawyers for co-defendant was covered by privilege, even though defendant's personal attorney was not present during statements)[1]; *see also United States v. McPartlin*, 595 F.2d 1321, 1336-37 (7th Cir. 1979) (statements a defendant made to his co-defendant's investigator were privileged due to the joint defense agreement, even though defendant did not first make the statements to his own attorney and his personal attorney was not present when he spoke to the investigator); *see also United States v. Henke*, 222 F.3d 633, 637 (9th Cir. 2000) ("A joint-defense agreement establishes an implied attorney-client relationship with the co-defendant, here between [two co-defendants'] attorneys and [other co-defendant asserting the privilege].").

The Ninth Circuit recognizes that, once the common-interest relationship is established, an implied attorney-client relationship "protects not only the confidentiality of communications passing from a party to his or her attorney **but also 'from one party to the attorney for another party** where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel.'"  *United States v. Austin*, 416 F.3d 1016, 1021 (9th Cir. 2005) (quoting *Schwimmer*, 892 F.2d at 243) (emphasis added); *see also United States v. Gonzalez*, 669 F.3d 977, 978 (9th Cir. 2011) (quoting same language from *Schwimmer*).  This flows from "the rationale for the joint defense rule," which is that "persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims."  *Id*. at 978 (quoting *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990) ("[P]ersons who share a common interest in

---

[1] Waymo incorrectly asserts that this Court has already rejected the applicability of *Schwimmer* to the question at hand.  But the Court's prior discussion of *Schwimmer* related to a different question: whether Mr. Levandowsk's communications with Stroz before April 11, 2016 were protected by the common-interest privilege.  Because the Court found that Stroz was not Mr. Levandowski's joint agent and because a common legal interest did not yet exist, it held that *Schwimmer* did not apply.  Dkt. 670 at 2-3.  Here, in contrast, the Court has found that a common interest privilege existed at the time of the statements in question, and the Ninth Circuit has twice cited *Schwimmer* for the proposition at issue here—namely, that one client's statements to an attorney for another member of the common interest group are protected by the common interest privilege, irrespective of whether that individual's own attorney is also present.

litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims.")  And as the Supreme Court has emphasized, the privilege applies not just to the giving of legal advice, but also to "the giving of information to a lawyer to enable him to give sound and informed advice"; for "[t]he first step in the resolution of any legal problem is ascertaining the factual background and sifting through the facts with an eye to the legally relevant."  *Upjohn v. United States*, 449 U.S. 383, 390 (1981).

This Court has already ruled that a valid common-interest agreement existed between Mr. Levandowski and Uber (and others) as of April 11, 2016 concerning what was then just potential litigation by Waymo.  Dkt. 731 at 4.  By Waymo's own admission, the conversations to which it now seeks access were discussions about the claims that Waymo asserted in its lawsuit against Uber.  Dkt. 1355 at 1-2.  And, as Uber acknowledges, Mr. Levandowski had retained Ramsey & Ehrlich as his new personal counsel as of March 19, 2017.  Dkt. 1355 at 2.  The subject matter discussed in the March meetings at issue concerned facts relating to the allegations in the pending litigation—matters about which Mr. Levandowski and Uber had shared a common legal interest since the previous April.  As such, Mr. Levandowski's communications were protected by his individual attorney-client privilege, as extended by the common interest doctrine.  *Gonzalez*, 669 F.3d at 981-982 ("the joint defense privilege is an extension of the attorney-client privilege . . . . [And] the case law is clear that one party to a JDA cannot unilaterally waive the privilege for other holders."  Mr. Levandowski's individual assertion of privilege is thus valid, and it has not been waived.

2. Mr. Levandowski's Personal Attorney-Client Privilege Applies With Equal Force to Conversations in Late February and Early March Attended By His MoFo Lawyers

Waymo next argues that Mr. Levandowski has no privilege in similar conversations that supposedly occurred before Mr. Levandowski retained Ramsey & Ehrlich as his personal counsel.  But Waymo's argument ignores that Mr. Levandowski was personally represented during the period in question not only by John Gardner, but also by lawyers from Morrison & Foerster (MoFo).  Dkt. 883 ¶ 6, Declaration of MoFo Partner Eric Tate ("[S]eparate from our representation of Uber in this matter, **MoFo previously represented Anthony Levandowski personally in two arbitration matters** filed by Google and Waymo against Mr. Levandowski" through, at least, March 2017) (emphasis added).

According to Waymo's submission, attorneys from MoFo, including Mr. Tate, participated in the very meetings in which they allege Mr. Levandowski had no personal privilege.  Dkt. 1355 at 2.  And Waymo has conceded that common interest meetings involving an individual's own personal attorney are protected by both parties' separate and overlapping attorney-client privileges (here, Uber's and Mr. Levandowski's).  *See* Dkt. 1355 at 2, n.1 ("Mr. Levandowski has a colorable claim of common interest protection [in the 3rd meeting], which was also attended by Mr. Levandowski's personal attorneys.  Because there is a pre-existing privilege over Mr. Levandowski's communications with his own attorneys, the non-waiver doctrine of the common interest privilege could apply even though the communications were disclosed to Uber.")

And further, as noted above, even if his own personal attorneys had not participated in the earlier meetings, Mr. Levandowski would still have a privilege in those conversations because (1) there was a valid common-interest relationship between the attendees, (2) the matters discussed pertained to the ongoing litigation, and (3) one party cannot waive another's attorney-client privilege.

803 Hearst Avenue, Berkeley CA 94710 · www.ramsey-ehrlich.com · Tel: (510) 548-3600 · Fax: (510) 291-3060

2