MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 28, 2017

Writer's Direct Contact
+1 (415) 268.7020
AGonzalez@mofo.com

The Honorable Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse
Courtroom F - 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:  *Waymo LLC v. Uber Technologies, Inc. et al.,* Case No. 3:17-cv-00939 WHA

Dear Magistrate Judge Corley:

Defendants Uber Technologies, Inc. and Ottomotto LLC ("Uber") submit this letter to clarify a statement in Plaintiff Waymo LLC's ("Waymo") letter brief regarding the protocol for Stroz Friedberg LLC's production of materials provided by Anthony Levandowski in connection with the due diligence investigation (Dkt. No. 1329).

Waymo's letter brief states that "Stroz will make the materials available for inspection *to Waymo*."  (Dkt. No. 1328-3 at 1 (emphasis added).)  Uber writes out of an abundance of caution to clarify that, regardless of which protocol the Court adopts, Uber will receive the same access to the Stroz materials as Waymo.  All parties to an action are entitled to the discovery produced in response to a subpoena under Federal Rule of Civil Procedure 45. *Arias v. Ruan Transp. Corp.*, No. 1:16-cv-00280-SAB, 2017 U.S. Dist. LEXIS 61299 at *10 (E.D. Cal. Apr. 21, 2017); *In re Hornbeam Corp.*, No. 14 Misc. 424 (Part 1), 2015 U.S. Dist. LEXIS 142361 at *30 (S.D.N.Y. Sep. 17, 2015) (non-subpoenaing party is "entitled to inspect all materials produced in response to the previously issued subpoenas").  Thus, if the Court orders the inspection of the Stroz materials, as Waymo has requested, the Federal Rules mandate that Uber also be granted the same opportunity to inspect the materials.  If the Court orders the application of search terms and production of documents, as Mr. Levandowski has proposed, Uber is entitled to a copy of the production.  Uber otherwise takes no position on the competing protocols pending before the Court.

Respectfully submitted,

*/s/ Arturo J. González*

Arturo J. González

la-1359097

MORRISON | FOERSTER

The Honorable Jacqueline Scott Corley
August 28, 2017
Page Two


cc: Counsel of Record
    Special Master John Cooper

la-1359097