August 28, 2017

The Honorable Jacqueline Scott Corley
United States District Court Northern District of California
450 Golden Gate Avenue, Courtroom F - 15th Floor
San Francisco, CA 94102

> **Re:**  ***Waymo LLC v. Uber Technologies, Inc., et al.*,**
> **Case No. 3:17-cv-00939-WHA**
> **Colin Sebern's Letter Brief Re: Waymo's Motion for**
> **a Protocol for review of Stroz materials (Dkt. 1329)**

Dear Judge Corley:

   We are counsel for Colin Sebern, a diligenced employee who provided materials to Stroz.  We were just retained to represent Mr. Sebern on Friday August 25 (Mr. Sebern was represented during the first portion of his deposition by counsel for Uber), and therefore request permission to file this letter on behalf of Mr. Sebern regarding Waymo's Motion for Relief seeking a protocol for the inspection of materials provided to Stroz. (Dkt. 1329).

   Like the other diligenced employees, Mr. Sebern turned over to Stroz devices that contain a great deal of information about his private life.  They contain comprehensive information about his finances, including bank account information and tax-related information, as well as such highly personal information as matters concerning his father's health, his collected family and personal photographs over a period of decades, correspondence between himself and his fiancé, and information about consulting work he has performed for businesses unrelated to Google, Uber, or Otto.  Such materials would, in the normal course of litigation, never be reviewed by counsel for any other party.  Nor should they here.

   While we are mindful of the extreme time pressure weighing on the parties and counsel, Mr. Sebern respectfully suggests that the legitimate privacy rights of himself and other third parties can and should be protected while meeting the case schedule. We believe that – given the large amount of data plaintiff expects to review – plaintiff will use search terms or other protocols to locate relevant information, and that process can begin now in anticipation of a possible affirmance by the Federal Circuit, as suggested by Mr. Levandowski.

We suggest however that litigating counsel should not be permitted to review, in the first instance, the raw data and information on a third party's personal computer and iPhone. Rather, the obligation and responsibility to review such a collection of personal and private business records should be on the person from whom relevant information is demanded—just like any subpoena compliance procedure. The procedure sought by Waymo is more like a search warrant where only the government, on a showing of probable cause that criminal evidence resides on such devices, may seize and conduct a review of the raw information. There is no suggestion that Mr. Sebern, who has cooperated fully in being deposed by Waymo counsel would not carry out his responsibility like any other party who receives a subpoena. The initial review of the personal computer and iPhone data can and should be conducted by Stroz or Mr. Sebern and his counsel. Witnesses in this matter should not be faced by opposing counsel who have rummaged through the most highly personal information that the witness possesses.

Respectfully submitted,


By: _/s/ David C. Brownstein_____

David C. Brownstein
Farmer Brownstein Jaeger LLP
Tel: 415-962-2873




DB:jes

cc: Counsel of record (via ECF); Special Master John Cooper