Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S Figueroa Street, 41st Floor
Los Angeles, California  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendant
Otto Trucking LLC

UNREDACTED VERSION OF
DOCUMENT SOUGHT TO BE SEALED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Waymo LLC,<br><br>            Plaintiff,<br><br>       v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>            Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF HONG-AN VU IN SUPPORT OF DEFENDANT OTTO TRUCKING LLC'S MOTION TO COMPEL A SWORN STATEMENT OR PRECLUDE EVIDENCE AND TESTIMONY AT TRIAL**<br><br>Courtroom:     F-15th Floor<br>Magistrate Judge: Hon. Jacqueline Scott Corley<br>Trial:                October 10, 2017<br><br>Filed/Lodged Concurrently with:<br>1.  Letter Brief |

1   I, Hong-An Vu, declare as follows:

2   1. I am an associate at the law firm of Goodwin Procter, LLP, representing defendant
3   Otto Trucking LLC ("OT") in this matter. I am a member in good standing of the State Bar of
4   California. I make this declaration in support of Otto Trucking LLC's Motion to Compel a Sworn
5   Statement or Preclude Evidence and Testimony at Trial (the "Motion"). I make this declaration
6   based upon matters within my own personal knowledge and if called as a witness, I could and
7   would competently testify to the matters set forth herein.

8   2. Attached hereto as **Exhibit 1** is a true and correct copy of OT's First Set of
9   Requests for Production of Documents and Things to Waymo LLC ("Waymo"), served on May
10  17, 2017.

11  3. Attached hereto as **Exhibit 2** is a true and correct copy of Waymo's Objections and
12  Responses to Otto Trucking's First Set of Requests for Productions [*sic*], served on June 16, 2017.

13  4. Attached hereto as **Exhibit 3** is a true and correct copy of an email chain between
14  the parties and the Special Master that includes a June 18, 2017 email in which Shane Brun,
15  counsel for Otto Trucking initiates meet and confer discussions with counsel for Waymo. I was
16  copied and participated in later emails in this chain. This email references a number of
17  discussions between Waymo and Otto Trucking, including Otto Trucking's demand for SVN log
18  data or an explanation as to why additional information did not exist. After several exchanges,
19  including a delay in Waymo's response between July 3 and July 17, On July 18, Waymo finally
20  explains that it is unable to produce SVN log data for Mr. Levandowski ▮▮▮▮▮▮▮▮▮▮▮▮
21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22  5. Following the emails Exhibit 3, I requested at least three additional times by email
23  or on calls that Waymo provide the information in the July 18 email regarding Waymo's failure to
24  retain SVN log information into verified responses. Counsel for Waymo stalled in providing a
25  response and later flat out refused. Although the Special Master understood Otto Trucking's
26  request for a verified document that can be used at trial, he also confirmed that statements made by
27  Waymo in the meet and confer emails were binding on Waymo even if Waymo refused to provide
28  a verified statement.

6. Attached hereto as **Exhibit 4** is a true and correct copy of an email and attachment I sent to counsel for Waymo on August 3, 2017 regarding documents referenced in the deposition of Kristinn Gudjonsson that Otto Trucking believed had not been produced. Following Mr. Gudjonsson's deposition, Otto Trucking sent an email requesting a large list of documents. However, through the meet and confer process, Otto Trucking narrowed the list to the documents identified in this August 3 email. On August 6, I met and conferred with James Baker, counsel for Waymo, about this list. During that conversation, the parties identified some documents that have been produced by Waymo, and other documents that Waymo was likely not going to produce, but that Mr. Baker would "get back" to me about whether his client would agree to produce. Despite multiple follow-ups, Mr. Baker did not provide a response.

7. Attached hereto as **Exhibit 5** is a true and correct copy of an August 8, 2017 email from Shane Brun of Goodwin Procter to Jeff Nardinelli of Quinn Emanuel Urquhart & Sullivan, LLP, Waymo's counsel in this action. I was copied on this email and received it contemporaneously. The email chain includes several attempts by OT to meet and confer in writing with Waymo, beginning on July 24, 2017, with an email from Hayes Hyde of Goodwin Procter to Waymo's counsel. I was copied on all of the included emails and received them contemporaneously.

8. On August 8, 2017, I met and conferred with Mr. Nardinelli with the Special Master present the contents of Exhibit 5. During this call, Mr. Nardinelli stated that the parties were substantially in agreement based on Mr. Brun's summary of Waymo's representations that certain documents did not exist. He stated that he would provide a written response as to each issue raised by Thursday, August 10. He never provided this promised response.

9. On August 9, 2017, I met and conferred with counsel for Waymo on a call with the Special Master requesting that Otto Trucking be permitted to inspect a computer Anthony Levandowski had been using at the time of his departure from Google. Jeff Nardinelli, counsel for Waymo, stated that this laptop had been reformatted and assigned to another employee who had been using it since February 2016. He also represented that there was no relevant information on that laptop, the forensic engineers did not review it as part of the investigation, and that Google

did not retain an image of that laptop before reformatting it. Based on these facts, Waymo would not provide Otto Trucking access to the HP Workstation. In response, I stated that Otto Trucking would move to compel on this issue.

10. Attached hereto as **Exhibit 6** is a true and correct copy of an August 10, 2017 email I sent to counsel for Waymo, the Special Master, and defendants. Hearing no response as to the August 3 email and following the August 6 meet and confer, in an effort to consolidate and resolve many of the issues that Otto Trucking and Waymo had been discussing, Otto Trucking further narrowed its request for log information referenced in the depositions of Gary Brown and Kristinn Gudjonsson to twelve types of log information for employees of Waymo who, based on available information, had downloaded several gigabytes of data from the SVN server.

11. Following this email, the parties met and conferred on August 10. During this call, I suggested that the parties could avoid the motion to compel discussed on August 9 if Waymo would agree to stipulate to the facts Mr. Nardinelli represented on August 9 regarding the HP Workstation. Mr. Nardinelli agreed.

12. On this call, Waymo also communicated that it would not produce the requested log information requested in August 10 because it was too burdensome. To resolve this issue, I suggested that we include this log information in the stipulation regarding the HP Workstation as well.

13. Attached hereto as **Exhibit 7** is a true and correct copy of my August 15, 2017 email to Mr. Nardinelli, attaching a draft Stipulation of Facts and confirming that Waymo agreed to these facts during the meet and confer. To date, neither Mr. Nardinelli nor any of his colleagues have provided a substantive response or agreement to the stipulation.

14. Attached hereto as **Exhibit 8** is a true and correct copy of the Declaration of Gary Brown, dated March 9, 2017 and submitted in support of Waymo's Motion for a Preliminary Injunction.

15. Attached hereto as **Exhibit 9** is a true and correct copy of selected portions of the deposition of Gary Brown, taken on August 8, 2017.

16. Attached hereto as **Exhibit 10** is a true and correct copy of the Court's August 18,

2017 Order re: Otto Trucking's Motion to Compel Further Information Regarding Waymo's Forensic Investigation.

17. Attached hereto as **Exhibit 11** is a true and correct copy of the draft stipulation Otto Trucking presented to Waymo regarding the issues discussed in the Motion.

18. Attached hereto as **Exhibit 12** is a true and correct copy of WAYMO-UBER-00047598, a document produced by Waymo in this action.

19. Attached hereto as **Exhibit 13** is a true and correct copy of WAYMO-UBER-00047597, a document produced by Waymo in this action.

20. Attached hereto as **Exhibit 14** is a true and correct copy of WAYMO-UBER-00047599, a document produced by Waymo in this action.

21. Attached hereto as **Exhibit 15** is a true and correct copy of WAYMO-UBER-00015963, a document produced by Waymo in this action.

22. Attached hereto as **Exhibit 16** is a true and correct copy of selected portions of the deposition of Kristinn Gudjonsson, taken on July 28, 2017.

23. Attached hereto as **Exhibit 17** is a true and correct copy of Otto Trucking's Notice of Inspection served on Waymo on August 7, 2017. Waymo has not served any formal objections to this inspection request.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 23rd day of August, 2017 in Los Angeles, California.

                                          */s/ Hong-An Vu*
                                             Hong-An Vu

**ATTORNEY ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatory indicated by the conformed (/s/) of Hong-An Vu.

/s/ Neel Chatterjee
NEEL CHATTERJEE

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoingwith the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on August 23, 2017. I further certify that all participants in the case are registered CM/ECF users and that service of the Declaration, including all public and redacted exhibits attached hereto, will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of August 2017.

*/s/ Neel Chatterjee*
Neel Chatterjee