# *EXHIBIT 3*

## *UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED*

# *EXHIBIT 3*

**Vu, Hong-An**

| | |
|---|---|
| **From:** | Jeff Nardinelli <jeffnardinelli@quinnemanuel.com> |
| **Sent:** | Tuesday, July 18, 2017 9:40 PM |
| **To:** | Vu, Hong-An; Brun, Shane; 'John Cooper' |
| **Cc:** | 'Gonzalez, Arturo J.'; 'Yang, Michelle C.Y.'; QE-Waymo; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com'; 'UberWaymoMoFoAttorneys'; Chatterjee, Neel; Schuman, Brett; Walsh, Rachel M.; 'Matthew Cate'; 'nbartow@uber.com'; 'Aaron Bergstrom (abergstrom@uber.com)'; DG-GP Otto Trucking Waymo |
| **Subject:** | RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs |

Hong-An,

As an initial matter, we see little relevance in Otto Trucking's request for SVN log data for users other than Mr. Levandowski. Otto Trucking previously explained that it sought to place Mr. Levandowski's download of 14,000 files in context by comparing it to the "typical" download patterns of other Project Chauffeur personnel, but the relevant context is Mr. Levandowski's clandestine meetings with Uber and sale of Otto to Uber for $680 million, and the subsequent appearance at Uber of LiDAR designs reflected in the 14,000 files. Moreover, to the extent others' downloads had any relevance under Defendants' prior theory, that relevance is gone. Defendants no longer contend that Levandowski's download came through the ordinary course of business, and instead allege that he downloaded the 14,000 files to protect against his alleged fear that Google would withhold his bonus payments.

Notwithstanding the irrelevance of any SVN data other than that pertaining to Levandowski, Waymo responds as follows:

███████████████████████████████████████████████████████████████
███████████████████████ This data revealed Levandowski's unusual download of December 11, 2015. *See* WAYMO-UBER-00000944. ████████████████████████████████████████
███████████████████████████████████

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
█████████████████████████████████ *See* WAYMO-UBER-00016961, WAYMO-UBER-00016962.

Thanks,
Jeff

---

**From:** Jeff Nardinelli
**Sent:** Monday, July 17, 2017 9:38 PM
**To:** 'Vu, Hong-An' <HVu@goodwinlaw.com>; Brun, Shane <SBrun@goodwinlaw.com>; John Cooper <JCooper@fbm.com>
**Cc:** Gonzalez, Arturo J. <AGonzalez@mofo.com>; Yang, Michelle C.Y. <MYang@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys

1

&lt;UberWaymoMoFoAttorneys@mofo.com&gt;; Chatterjee, Neel &lt;NChatterjee@goodwinlaw.com&gt;; Schuman, Brett &lt;BSchuman@goodwinlaw.com&gt;; Walsh, Rachel M. &lt;RWalsh@goodwinlaw.com&gt;; Matthew Cate &lt;MCate@fbm.com&gt;; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com) &lt;abergstrom@uber.com&gt;; DG-GP Otto Trucking Waymo &lt;DG-GPOttoTruckingWaymo@goodwinlaw.com&gt;
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

Hong-An,

I do not recall discussing the item below concerning "When Waymo began its investigation into Anthony Levandowski." Further, today Judge Corley denied Uber's request for documents concerning "when Waymo began investigating the possibility of Anthony Levandowski's retention of Waymo files after his departure from Waymo." Dkt. 923 at 2. We trust that ruling resolves your issue.

Further, we produced the additional ▮ log report from Gary Brown on July 15. As I wrote in the production cover email:

> Notice to Otto Trucking: PROD019 contains a single file, WAYMO-UBER-00026477, of ▮ log data for Anthony Levandowski ▮▮▮▮▮▮▮▮▮▮. This is in response to the following request from OT: "(2) as described in the Gary Brown declaration, even though Mr. Levandowski's laptop was allegedly reformatted, Mr. Brown was able to determine after the alleged reformatting that Mr. Levandowski had previously downloaded TortoiseSVN and used it to access the SVN Server on or about December 11, 2015. Brown Decl., para. 16. We request an explanation from Waymo why it could not use the same process Mr. Brown used to identify the December 11, 2015 download of TortoiseSVN to identify prior downloads and use of TortoiseSVN by Mr. Levandowski."

We will respond further as to the SVN log data tomorrow.

Thanks,
Jeff

---

**From:** Vu, Hong-An [mailto:HVu@goodwinlaw.com]
**Sent:** Tuesday, July 11, 2017 3:06 PM
**To:** Brun, Shane &lt;SBrun@goodwinlaw.com&gt;; John Cooper &lt;JCooper@fbm.com&gt;
**Cc:** Gonzalez, Arturo J. &lt;AGonzalez@mofo.com&gt;; Yang, Michelle C.Y. &lt;MYang@mofo.com&gt;; QE-Waymo &lt;qewaymo@quinnemanuel.com&gt;; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys &lt;UberWaymoMoFoAttorneys@mofo.com&gt;; Chatterjee, Neel &lt;NChatterjee@goodwinlaw.com&gt;; Schuman, Brett &lt;BSchuman@goodwinlaw.com&gt;; Walsh, Rachel M. &lt;RWalsh@goodwinlaw.com&gt;; Matthew Cate &lt;MCate@fbm.com&gt;; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com) &lt;abergstrom@uber.com&gt;; DG-GP Otto Trucking Waymo &lt;DG-GPOttoTruckingWaymo@goodwinlaw.com&gt;; Jeff Nardinelli &lt;jeffnardinelli@quinnemanuel.com&gt;
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

Jeff:

As discussed on the call, Waymo will supplement its RFPs responses by Monday regarding the SVN server and log data to provide the following:

- ==When Waymo began its investigation into Anthony Levandowski – documentary evidence suggests the investigation began at least as of April 2016 if not earlier; and==

On the call you referenced WAYMO-UBER00000944 as reflecting SVN log data for Mr. Levandowski ▇▇▇▇▇▇▇▇▇.  Upon review of this document, we noticed that all of the data is from the same day – December 11, 2015 as described in Mr. Brown's declaration -  but different time stamps.  If Waymo does in fact have SVN log data for Mr. Levandowski ▇▇▇▇▇▇▇▇▇▇▇, please produce that by tomorrow and let us know the Bates number for that production.

Finally, Waymo will produce an additional report created by Gary Brown in its productions this week and identify for us by Bates so that we may be able to locate it within the productions.

Thank you.

Hong-An

**Hong-An Vu**



Goodwin Procter LLP
601 South Figueroa Street
Los Angeles, CA 90017
o  +1 213 426 2557
f  +1 213 289 7728
HVu@goodwinlaw.com | goodwinlaw.com

---

**From:** Vu, Hong-An
**Sent:** Tuesday, July 11, 2017 11:43 AM
**To:** Brun, Shane; John Cooper
**Cc:** Gonzalez, Arturo J.; Yang, Michelle C.Y.; QE-Waymo; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys; Chatterjee, Neel; Schuman, Brett; Walsh, Rachel M.; Matthew Cate; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com); DG-GP Otto Trucking Waymo; Jeff Nardinelli
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

John and Counsel:

We have not heard back on the issues raised by Shane below and have not addressed these issues in our meet and confers thus far.  We would like to schedule a meet and confer on this issue for Thursday, early afternoon if possible.

Thank you,

Hong-An

**Hong-An Vu**



Goodwin Procter LLP
601 South Figueroa Street
Los Angeles, CA 90017
o  +1 213 426 2557
f  +1 213 289 7728
HVu@goodwinlaw.com | goodwinlaw.com

**From:** Brun, Shane
**Sent:** Monday, July 03, 2017 1:00 PM
**To:** John Cooper
**Cc:** Gonzalez, Arturo J.; Yang, Michelle C.Y.; QE-Waymo; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys; Chatterjee, Neel; Schuman, Brett; Walsh, Rachel M.; Matthew Cate; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com); DG-GP Otto Trucking Waymo; Jeff Nardinelli
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

John and Counsel,

We would like to include the two issues raised and highlighted in the emails below on the next meet and confer call.  Specifically, (1) regarding Waymo's claim that [REDACTED] and (2) as described in the Gary Brown declaration, even though Mr. Levandowski's laptop was allegedly reformatted, Mr. Brown was able to determine after the alleged reformatting that Mr. Levandowski had previously downloaded TortoiseSVN and used it to access the SVN Server on or about December 11, 2015.  Brown Decl., para. 16.  We request an explanation from Waymo why it could not use the same process Mr. Brown used to identify the December 11, 2015 download of TortoiseSVN to identify prior downloads and use of TortoiseSVN by Mr. Levandowski.

Thanks,
Shane

**Shane Brun**



Goodwin Procter LLP
3 Embarcadero Center
San Francisco, CA 94111
o  +1 415 733 6074
f   +1 415 390 7965
SBrun@goodwinlaw.com | goodwinlaw.com

---

**From:** Brun, Shane
**Sent:** Wednesday, June 21, 2017 4:26 PM
**To:** 'Jeff Nardinelli'; John Cooper
**Cc:** Gonzalez, Arturo J.; Yang, Michelle C.Y.; QE-Waymo; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys; Chatterjee, Neel; Schuman, Brett; Walsh, Rachel M.; Matthew Cate; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com)
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

John and Counsel,

In light of Waymo's responses below, Otto Trucking can agree to table its motion for now (1) if Waymo agrees to make the promised additional productions by next Wednesday, June 28th, and (2) until we have had a chance to review Waymo's additional productions.  We of course reserve Otto Trucking's right to revisit these requests if Waymo's productions are deficient.  See my specific responses inset below for each request or set of requests.

While we can agree to hold off on our motion for now, there are a couple of issues raised in Mr. Nardinelli's email below and in our meet and confer discussions for which we request a meet and confer call with Special Master Cooper on Friday, June 23rd.  Those issues are bolded and underscored in my comments below.

Best,
Shane

---

**From:** Jeff Nardinelli [mailto:jeffnardinelli@quinnemanuel.com]
**Sent:** Wednesday, June 21, 2017 10:08 AM
**To:** Brun, Shane; John Cooper
**Cc:** Gonzalez, Arturo J.; Yang, Michelle C.Y.; QE-Waymo; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys; Chatterjee, Neel; Schuman, Brett; Walsh, Rachel M.; Matthew Cate; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com)
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs


Shane,

We write to follow up further on Otto Trucking RFP nos. 2, 4-6, 9-16, 19, 20, 26, 40, 41, 45, and 46.  In large part, these requests do not involve the allegations into Mr. Levandowski, but instead expressly seek information about *other* individuals at Waymo.  For example, they seek information about how frequently others "accessed Waymo's SVN server" (RFP No. 2), "installed on his or her computer TortoiseSVN" (RFP No. 4), or "transferred information from a Waymo computer or server to a personal computer or removable media device" (RFP No. 20).  Waymo nonetheless continues to endeavor to avoid motion practice by responding fulsomely to your requests.  Thus, while reserving all objections including on relevance, burden, and proportionality, Waymo responds as follows to the requests at issue:

Nos. 2, 9-12 – Waymo is willing to produce SVN log data sufficient to demonstrate the typical SVN practices of Waymo employees.  Waymo ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but to the extent that Waymo has, and has not yet produced, any SVN log data for Levandowski, Waymo will produce that as well.

Otto Trucking response:  In our meet and confer discussions, Mr. Nardinelli indicated that Waymo ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and that Waymo was willing to produce that data.  I assume that, at a minimum, Waymo will be producing that SVN log data ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  We'll review Waymo's production, but reserve Otto Trucking's rights to revisit these requests.  **Regarding Waymo's claim that** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

No. 4 – As I've twice explained, we've asked the SVN administrator whether there are SVN-specific policies, and he has said there are not.  As I've also explained, Waymo has and will continue to produce complete policy documents relating to security, data management, and the handling of confidential information, which apply to SVN data even if they do not expressly name SVN.  Waymo will also produce two documents identified by the SVN administrator that are the closest thing to what is requested here.

Otto Trucking response: We'll review Waymo's production, but reserve Otto Trucking's rights to revisit this request.

No. 5 – As explained, Waymo has produced all documents in support of the Declaration of Gary Brown, Dkt. 25-29.  WAYMO-UBER-00000648-943.  Waymo will re-confirm that it has produced all documents upon which Waymo intends to rely in support, and to the extent it has not, produce them.

Otto Trucking response: OK

5

No. 6 – Waymo has already produced a list of individuals with access to the SVN server, including those such as Levandowski who previously had access but no longer do.  *See* WAYMO-UBER-00007211.  As I've explained, we will also produce a document sent by the SVN administrator instructing users to download TortoiseSVN.  There is no way to identify every Waymo employee that has ever installed TortoiseSVN; we confirmed last night that even an exhaustive forensic investigation would not necessarily yield this information.

Otto Trucking response: Based on SVN log data that we've seen, the SVN log data promised for RFP 2 should indicate the use of TortoiseSVN for a particular download.  We'll review Waymo's production, but reserve Otto Trucking's right to revisit this request.

Nos. 13-14, 16, 20, 26 – Again as Waymo has explained,  The cost of responding to these requests is entirely disproportional under Rule 26.

Otto Trucking response: Otto Trucking will reassess the scope of these requests, and reserves the right to revisit these requests.

No. 15, 19 – Waymo has already produced documentation of Drive downloads from roughly 20 members of Project Chauffeur over a six-month period.  *See, e.g.,* WAYMO-UBER-00001963.  To the extent that Otto Trucking seeks "representative" download behavior of Waymo employees, statistical principles demonstrate that you already have it.  We are nonetheless willing to make a reasonable additional production of the same type of Drive data.

Otto Trucking response:  Otto Trucking will review Waymo's production to date and will follow up with Waymo regarding its offered additional production.

Nos. 40, 41 – These requests call specifically for information about data systems *other than* those from which Levandowski is accused of pilfering Waymo trade secrets.  The requests are therefore irrelevant on their face.  You have stated that you would like to compare security policies for those systems to the security policies governing SVN.  Whether the SVN is subject to reasonable security measures – and the Court has already found that it is – is not measured by comparisons to other systems.  Nonetheless, we will identify other data systems for Waymo confidential and/or proprietary information and will produce documents sufficient to identify those systems, users, and policies, to the extent such documents may be reasonably located.

Otto Trucking response:  Otto Trucking will review Waymo's production, and reserves the right to revisit these requests.

No. 45 – You said you would like to see ▮▮▮▮▮▮▮▮▮▮▮▮▮ to determine how many times Levandowski had installed TortoiseSVN, accessed the SVN server, transferred files, or performed similar types of operations.  We confirmed with our client that ▮▮▮▮▮▮▮▮▮ do not contain this information, in part because Levandowski reformatted his work laptop, obliterating most data previously on the machine.

Otto Trucking response:  **As described in the Gary Brown declaration, even though Mr. Levandowski's laptop was allegedly reformatted, Mr. Brown was able to determine after the alleged reformatting that Mr. Levandowski had previously downloaded TortoiseSVN and used it to access the SVN Server on or about December 11, 2015.  Brown Decl., para. 16.  We request an explanation from Waymo why it could not use the same process Mr. Brown used to identify the December 11, 2015 download of TortoiseSVN to identify prior downloads and use of TortoiseSVN by Mr. Levandowski.  We would like this discussion to be in the presence of Special Master Cooper.**

No. 46 – We have already produced notes that Gary Brown took during his investigation into Levandowski, and as stated above, will also produce all documents underlying Mr. Brown's declaration concerning Mr. Levandowski.

Otto Trucking response:  RFP No. 46 requests "all documents relating to any forensic investigation and analysis of computers, including laptop computers, and other devices, or images thereof, used by Mr. Levandowski prior to his departure from Waymo."  RFP No. 46 is not limited to just the investigation by Mr. Brown or to documents "underlying" Mr. Brown's declaration.  On our last meet and confer call, Mr. Nardinelli indicated that Waymo would be producing all documents relating to its investigation of Mr. Levandowski, including documents that were not relied on by Mr. Brown in his declaration.   Subject to Waymo's confirmation that it will be making a full production in response to this request, we don't need to file a motion to compel.

In short, we are agreeing to produce documents in response to nearly all of the requests at issue, standing on our objections only to the extent that Otto Trucking requests documents that can only be produced via time-consuming, individualized, unfocused investigations that are not proportional to the marginal relevance of the requests.  Please confirm that you no longer intend to move to compel.

**From:** Brun, Shane [mailto:SBrun@goodwinlaw.com]
**Sent:** Wednesday, June 21, 2017 8:40 AM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; John Cooper <JCooper@fbm.com>
**Cc:** Gonzalez, Arturo J. <AGonzalez@mofo.com>; Yang, Michelle C.Y. <MYang@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Chatterjee, Neel <NChatterjee@goodwinlaw.com>; Schuman, Brett <BSchuman@goodwinlaw.com>; Walsh, Rachel M. <RWalsh@goodwinlaw.com>; Matthew Cate <MCate@fbm.com>; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com) <abergstrom@uber.com>
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

Jeff,

We talked yesterday morning at 8 am, and I was expecting a substantive response from Waymo yesterday.  We've been over these issues three or four times now, and we need Waymo's final positions – not "a progress update" – asap so we can proceed with our motion today.

Best,
Shane

**From:** Jeff Nardinelli [mailto:jeffnardinelli@quinnemanuel.com]
**Sent:** Tuesday, June 20, 2017 10:19 PM
**To:** Brun, Shane; John Cooper
**Cc:** Gonzalez, Arturo J.; Yang, Michelle C.Y.; QE-Waymo; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys; Chatterjee, Neel; Schuman, Brett; Walsh, Rachel M.; Matthew Cate; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com)
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

Shane,

Thanks for the call today.  We're conferring with our client and expect to provide a progress update relating to today's meet and confer by noon tomorrow.

Best,
Jeff

**From:** Brun, Shane [mailto:SBrun@goodwinlaw.com]
**Sent:** Sunday, June 18, 2017 7:47 PM
**To:** John Cooper <JCooper@fbm.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>
**Cc:** Gonzalez, Arturo J. <AGonzalez@mofo.com>; Yang, Michelle C.Y. <MYang@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Chatterjee, Neel <NChatterjee@goodwinlaw.com>; Schuman, Brett <BSchuman@goodwinlaw.com>; Walsh, Rachel M. <RWalsh@goodwinlaw.com>; Matthew Cate <MCate@fbm.com>; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com) <abergstrom@uber.com>; Brun, Shane <SBrun@goodwinlaw.com>
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs


John,

We would also like to add to the agenda for tomorrow's call Waymo's Objections and Responses to Otto Trucking's First Set of RFPs served on Friday evening, June 16 (copy attached).   In particular, we'd like to discuss Waymo's responses to the following RFPs: 2, 4-6, 9-16, 19,20, 26, 40, 41, 45, and 46.  We had two meet and confer calls with Mr. Nardinelli prior to Waymo's formal response, but we've been unable to obtain sufficient responses from Waymo for these requests.

We are continuing to assess Waymo's objections and responses, and may seek your help with additional requests as well.

Best regards,
Shane


**Shane Brun**



Goodwin Procter LLP
3 Embarcadero Center
San Francisco, CA 94111
o  +1 415 733 6074
f   +1 415 390 7965
SBrun@goodwinlaw.com | goodwinlaw.com



**From:** John Cooper [mailto:JCooper@fbm.com]
**Sent:** Sunday, June 18, 2017 3:44 PM
**To:** Jeff Nardinelli
**Cc:** Gonzalez, Arturo J.; Yang, Michelle C.Y.; QE-Waymo; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; UberWaymoMoFoAttorneys; Chatterjee, Neel; Schuman, Brett; Brun, Shane; Walsh, Rachel M.; Matthew Cate; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com)
**Subject:** Re: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

Counsel

We will have a meet and confer on these issues tomorrow at 9:00 am California time.  Call in 888 759 6039 access 415 954 4410.  Jn

Sent from my iPhone; dictated to Siri

On Jun 18, 2017, at 3:34 PM, Jeff Nardinelli <jeffnardinelli@quinnemanuel.com> wrote:

John and Arturo,

I write in response to Arturo's email from yesterday regarding Waymo's Second Set of Requests for Production.

Initially, with respect to RFPs 149-153 relating to Lyft, we are not asserting privilege over communications between Lyft and Waymo or documents exchanged between Lyft and Waymo.

As to all of the Lyft-related RFPs identified in Arturo's email, we've already met and conferred about these issues.  We had a telephonic meet and confer with the Special Master before Waymo's responses were due.  On that meet and confer (which Arturo was not on), Mr. Cooper suggested that Uber provide an explanation of the purported relevance of these requests in an email, and then Waymo would respond via email.  Both sides did that.  The next step was to set a briefing schedule with the Special Master.  We did that too (again on a meet and confer that Arturo was not on).  We set a briefing schedule whereby Uber would file its motion to compel this Monday.  On Friday, Uber chose to push that date back until Wednesday so that it could include more RFPs in its brief.

John, we have been and are at an impasse on these RFPs and have been for over a week.  This re-hashing of ground we've all already covered is not helpful and seems to be aimed at trying to make it seem like there are more outstanding issues than there really are, and wasting everyone's time.  I would also note that several of Arturo's questions are really interrogatories, and Uber has responded to similar inquiries from us by saying that we need to serve an interrogatory.

As for the remaining RFPs addressed in Arturo's email below, we're happy to meet and confer about them when Mr. Cooper is available.  We're also available to discuss these during the day on Monday without Mr. Cooper if Uber prefers.

Thanks,
Jeff

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Saturday, June 17, 2017 11:22 AM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Yang, Michelle C.Y. <MYang@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'NChatterjee@goodwinlaw.com' <NChatterjee@goodwinlaw.com>; 'BSchuman@goodwinlaw.com' <BSchuman@goodwinlaw.com>; 'SBrun@goodwinlaw.com' <SBrun@goodwinlaw.com>; 'RWalsh@goodwinlaw.com' <RWalsh@goodwinlaw.com>; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; MCate@fbm.com; nbartow@uber.com; Aaron Bergstrom (abergstrom@uber.com) <abergstrom@uber.com>
**Subject:** Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

Jeff,

We write to confer about your responses to Uber's second document requests.  First, have you already produced documents where you indicate documents will be produced?  If not, when will they be produced?

No. 149:  We ask you for the agreement with Lyft.  You object that it is overbroad, burdensome and disproportional.  Is that a serious objection?  You also complain that it seeks attorney client or work product.  How can that be, especially given the arguments Waymo has made in this case?  Please identify the basis for your assertion that producing the agreement with Lyft would violate either privilege.  Also, please produce a log of any documents withheld on privilege grounds.  Your only other argument is relevance.  How can you claim it is not relevant when you have sought an injunction barring Uber from the same industry?

No. 150: You make the same objections regarding a letter of intent with Lyft.  We have the same questions.  Please answer them.

No. 151: You make the same objections regarding a term sheet with Lyft.  We have the same questions.  Please answer them.

No. 152:  You make the same objections regarding a definitive agreement with Lyft.  We have the same questions.  Please answer them.

No. 153: You make the same objections regarding due diligence in connection with Lyft.  We have the same questions.  Please answer them.  In addition, did any third party perform any part of this due diligence.  If so, who was that third party and do you claim all of the communications with that third party are privileged.  When will you produce a privileged log of these communications?

No. 154: This only requests information regarding the dates of the communications between Waymo and Quinn.  You make the same objections.  We have the same questions.  Please answer them.  This information is also relevant to potential conflict issues pertaining to your firm.  You are well aware of what those issues are.

No. 155: This requests the identify of individuals who negotiated the Lyft deal.  You make the same objections.  We have the same questions.  Please answer them.

No. 156: You refuse to identify the date that Waymo began its discussions with Lyft.  We have the same questions.  Please answer them.  The date is relevant to Waymo's actual basis for bringing (and pursuing) this lawsuit.  A jury can rationally conclude that Waymo is motivated by a desire to bar Uber from the ride share market and to take Uber's share of the ride share market, as clearly indicated by Exhibit 1031.

No. 158: Your response has to clearly indicate when the hold was instituted.  Placing a document that is dated "x" on a log does not answer that question.  You should produce the actual litigation hold or a document that clearly reflects when that hold was instituted.  When will you produce that document?

No. 159: We need an organizational chart or other documents to identify organizational structure and heiracrchy, not just a list of personnel.  Please confirm that it will be produced.

No. 160: Your response is not what we asked for.  You say you will produce general documents of Waymo's "robust measures" to protect its secrets.  This request is specific as to the alleged trade secrets in this case.  Your responses confirm our suspicion, which is that there are no such documents.  ==If there are no such specific documents regarding the specific trade secrets in this case, your response should specifically say that==, since that is what is requested.  We did not ask here for documents that generally describe general efforts to maintain confidentiality.

No. 161: We requested all drafts and you are only producing the last draft each day the document was edited.  Why is that?  On how many days was the document edited?  How many drafts are not being produced?

Finally, you note in your Appendix the sources of information that you have consulted to produce responsive documents.   Is it correct that other than paralegals, Waymo has only consulted seven employees about responsive documents?  Are any of those seven persons responsible for approving side businesses, or have they had side businesses, and if so, have you asked them for responsive documents on those topics?  If not, why not?

Again, we are available to confer this weekend.  Please let us know what time you are available.

John, we would like to add this to the list of issues that we would like to discuss with you on Monday evening PST, or at whatever other time is convenient.   As I have stated many times, this has to be a two way street.  As of now, the only discovery we are getting out of Waymo is information that it believes would be helpful to the presentation of its case.  That is not going to work.

Arturo

---

**From:** Jeff Nardinelli [mailto:jeffnardinelli@quinnemanuel.com]
**Sent:** Friday, June 16, 2017 6:01 PM
**To:** Yang, Michelle C.Y.; QE-Waymo
**Cc:** 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com'; UberWaymoMoFoAttorneys; 'NChatterjee@goodwinlaw.com'; 'BSchuman@goodwinlaw.com'; 'SBrun@goodwinlaw.com'; 'RWalsh@goodwinlaw.com'
**Subject:** RE: Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

- External Email -

---

Counsel,

Attached please find Waymo's responses and objections to Uber Technologies, Inc. and Ottomotto LLC's Second Set of Requests for Production of Documents.  Waymo's responses do not contain Waymo confidential or AEO information.

Thanks,
Jeff

---

**From:** Yang, Michelle C.Y. [mailto:MYang@mofo.com]
**Sent:** Wednesday, May 17, 2017 7:17 PM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'NChatterjee@goodwinlaw.com' <NChatterjee@goodwinlaw.com>; 'BSchuman@goodwinlaw.com' <BSchuman@goodwinlaw.com>; 'SBrun@goodwinlaw.com' <SBrun@goodwinlaw.com>; 'RWalsh@goodwinlaw.com' <RWalsh@goodwinlaw.com>
**Subject:** Waymo v. Uber - Defendants Uber and Ottomotto's Second Set of RFPs

Counsel,

Attached please find Defendants Uber Technologies, Inc. and Ottomotto LLC's Second Set of Requests for Production of Documents.  The Requests do not contain Defendants' confidential or AEO information.

Best regards,
Michelle

**Michelle Yang**
Morrison & Foerster LLP
2000 Pennsylvania Avenue, NW | Washington, DC 20006-1888
P: +1 (202) 887.1537 | F: +1 (202) 785.7580 | C: +1 (415) 866.7219
MYang@mofo.com | www.mofo.com

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

_____

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP


*******************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************