# *E*XHIBIT *9*

***UNREDACTED VERSION
OF DOCUMENT SOUGHT
TO BE SEALED***

# *E*XHIBIT *9*

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1        UNITED STATES DISTRICT COURT
 2        NORTHERN DISTRICT OF CALIFORNIA
 3           SAN FRANCISCO DIVISION
 4           Case No. 17-cv-00939-WHA
 5   ------------------------------------x
 6   WAYMO LLC,
 7                Plaintiff,
 8        - against -
 9   UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC;
10   OTTO TRUCKING LLC,
11                Defendants.
12   ------------------------------------x
13
14     HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
15
16             Videotaped 30(b)(6) Deposition
17   of GARY BROWN, taken by Defendants, held
18   at the offices of Morrison & Foerster LLP,
     250 West 55th Street, at 9:59 a.m. on August
19   8, 2017, New York, New York, before Jineen
     Pavesi, a Registered Professional Reporter,
20   Registered Merit Reporter, Certified Realtime
     Reporter and Notary Public of the State of New York.
21
22
23
24   Job No. 2671217A
25   Pages 1 - 305
```

Page 1

```
 1   SVN log in the ordinary course of              10:51:23AM
 2   business, is that correct?                     10:51:25AM
 3             MR. BAKER:  Objection to form.       10:51:29AM
 4       A.    That is correct.                     10:51:31AM
 5       Q.    So as part of Waymo's                10:51:34AM
 6   investigation, someone gave you a copy of      10:51:35AM
 7   the SVN log, is that correct?                  10:51:37AM
 8       A.    That is correct.                     10:51:41AM
 9       Q.    And that person, the person who      10:51:44AM
10   gave you a copy of the SVN log was             10:51:46AM
11   Mr. Jack Brown, correct?                       10:51:49AM
12       A.    No.                                  10:51:53AM
13       Q.    Who gave you a copy of the SVN       10:51:54AM
14   log?                                           10:51:56AM
15             MR. BAKER:  I am going to            10:52:00AM
16   caution the witness not to reveal the          10:52:00AM
17   substance of any attorney-client               10:52:03AM
18   communication, but you can give a name.        10:52:04AM
19       A.    Tom Gorman.                          10:52:07AM
20       Q.    When did Mr. Gorman give you         10:52:08AM
21   the SVN log?                                   10:52:10AM
22             MR. BAKER:  You can give a           10:52:11AM
23   date.                                          10:52:12AM
24       A.    February 21st, 20th or 21st,         10:52:13AM
25   2017.                                          10:52:25AM
```

| | | |
|---|---|---|
| 1 | A.      No. | 12:16:53PM |
| 2 | Q.      And nobody asked you to | 12:16:54PM |
| 3 | inquire, to conduct a forensic review of | 12:16:58PM |
| 4 | that device to determine if he did | 12:17:00PM |
| 5 | anything improper with it, correct? | 12:17:07PM |
| 6 | A.      That is correct, but with the | 12:17:13PM |
| 7 | caveat that the lack of analysis of | 12:17:17PM |
| 8 | another machine does not wash away the | 12:17:22PM |
| 9 | wrongdoings on another machine, that's no | 12:17:25PM |
| 10 | indication of not doing something. | 12:17:28PM |
| 11 | Q.      In order to determine the full | 12:17:35PM |
| 12 | scope of potential wrongdoing, in your | 12:17:39PM |
| 13 | opinion should Waymo have conducted a | 12:17:43PM |
| 14 | forensic investigation of the | 12:17:46PM |
| 15 | Hewlett-Packard workstation? | 12:17:47PM |
| 16 |         MR. BAKER:  Objection to form. | 12:17:49PM |
| 17 | A.      All feasible rocks should be | 12:17:57PM |
| 18 | turned over, but there have been multiple | 12:18:02PM |
| 19 | occurrences where inventory management | 12:18:07PM |
| 20 | personnel reimaged devices before forensic | 12:18:12PM |
| 21 | analysis could take place. | 12:18:18PM |
| 22 | Q.      And in your opinion, one | 12:18:22PM |
| 23 | feasible rock that should have been turned | 12:18:29PM |
| 24 | over was a review of the Hewlett-Packard | 12:18:30PM |
| 25 | workstation assigned to Mr. Levandowski, | 12:18:34PM |

Page 99

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1  is that correct?                                12:18:37PM
 2          MR. BAKER:  Objection to form.          12:18:37PM
 3     A.   As a forensic analyst, the more         12:18:42PM
 4  information, the better.                        12:18:44PM
 5          But as I said before, it                12:18:47PM
 6  doesn't undo other indicators that were         12:18:50PM
 7  positively found.                               12:18:55PM
 8     Q.   As a forensic analyst, wouldn't         12:19:02PM
 9  you want to know if the card reader was         12:19:07PM
10  attached to the workstation?                    12:19:09PM
11          MR. BAKER:  Objection to form.          12:19:11PM
12     A.   Yes.                                    12:19:18PM
13     Q.   But you don't know the answer           12:19:19PM
14  to that question, right?                        12:19:21PM
15     A.   Not currently.                          12:19:24PM
16     Q.   Waymo would never know the              12:19:26PM
17  answer to that question, correct?               12:19:29PM
18          MR. BAKER:  Objection to form.          12:19:31PM
19     A.   That's uncertain.                       12:19:43PM
20     Q.   Why is that uncertain?                  12:19:45PM
21     A.   Depending on retention and host         12:19:50PM
22  monitoring agents, it could potentially be      12:20:00PM
23  determined whether some classes of USB          12:20:08PM
24  devices were connected to these machines,       12:20:12PM
25  but I also would not feel comfortable           12:20:16PM
```

Page 100

```
 1   true?                                              04:06:20PM
 2       A.      It is what I was told.                 04:06:23PM
 3       Q.      If you can go back to your             04:06:26PM
 4   30(b)(6) notice, topic 8, do you see in            04:06:27PM
 5   there there is a reference to SVN logs as          04:06:35PM
 6   described by Mr. Nardinelli in his July            04:06:40PM
 7   18, 2017, e-mail?                                  04:06:44PM
 8       A.      I see that.                            04:06:50PM
 9       Q.      Did you look at that e-mail in         04:06:50PM
10   preparing for your deposition today?               04:06:52PM
11       A.      Do I have access to it?                04:06:55PM
12               MR. BAKER:  You can answer that        04:07:06PM
13   yes or no.                                         04:07:07PM
14       A.      No.                                    04:07:07PM
15               MR. CHATTERJEE:  Why don't we          04:07:09PM
16   mark that as 1317.                                 04:07:12PM
17               ( Exhibit 1317, e-mail from            04:07:12PM
18   Jeff Nardinelli, was marked for                    04:07:12PM
19   identification, as of this date.)                  04:07:30PM
20       Q.      What I've handed you as Exhibit        04:07:30PM
21   1317 is an e-mail from Jeff Nardinelli,            04:07:33PM
22   Quinn Emanuel, counsel for Waymo, to a             04:07:36PM
23   whole ton of people, some on the other             04:07:38PM
24   side of the case, some on the same side of         04:07:41PM
25   their case, and if you look at the fourth          04:07:43PM
```

Veritext Legal Solutions
866 299-5127

```
 1   paragraph in Mr. Nardinelli's e-mail, he          04:07:47PM
 2   says that "On September 19, 2016, Waymo           04:07:53PM
 3   pulled SVN log data, which dated back to          04:07:57PM
 4   September 19, 2015, due to the 52-week            04:08:00PM
 5   retention in place."                              04:08:04PM
 6            Do you see that?                         04:08:06PM
 7      A.    I do see that.                           04:08:10PM
 8      Q.    Are you aware of any 52-week             04:08:11PM
 9   retention for the SVN log data?                   04:08:13PM
10      A.    I believe I said retention was           04:08:22PM
11   set to a year and then that was suspended        04:08:23PM
12   as of fall 2016, to my knowledge; I               04:08:27PM
13   believe I said that earlier in this               04:08:29PM
14   deposition, way earlier.                          04:08:35PM
15      Q.    So I asked you all of the log            04:08:37PM
16   data is available today and you said to my       04:08:39PM
17   knowledge, yes; was that a correct or             04:08:41PM
18   incorrect statement?                              04:08:42PM
19      A.    I thought it was correct.                04:08:48PM
20      Q.    So do you believe it to be               04:08:49PM
21   correct or do you believe Mr. Nardinelli's        04:08:50PM
22   comment to be correct?                            04:08:52PM
23            MR. BAKER:  Objection to form.           04:08:53PM
24      A.    Perhaps --                               04:09:01PM
25            THE WITNESS: I have a privilege         04:09:08PM
```

Page 225

| | | |
|---|---|---|
| 1 | question on this thing. | 04:09:09PM |
| 2 | MR. BAKER:  Sure. | 04:09:10PM |
| 3 | THE VIDEO TECHNICIAN: Time is | 04:09:12PM |
| 4 | 4:09 p.m. | 04:09:13PM |
| 5 | We're off the record. | 04:09:13PM |
| 6 | (Witness and counsel left the | 04:09:15PM |
| 7 | hearing room to confer.) | 04:09:16PM |
| 8 | (Pause.) | 04:09:16PM |
| 9 | (Witness and counsel returned | 04:09:16PM |
| 10 | to the hearing room.) | 04:23:09PM |
| 11 | THE VIDEO TECHNICIAN: Time is | 04:23:09PM |
| 12 | 4:23 p.m. | 04:23:27PM |
| 13 | We are on the record. | 04:23:28PM |
| 14 | BY MR. CHATTERJEE: | 04:23:29PM |
| 15 | Q.    I think the question pending | 04:23:33PM |
| 16 | was do you believe your prior testimony to | 04:23:34PM |
| 17 | be correct or do you believe | 04:23:38PM |
| 18 | Mr. Nardinelli's comment to be correct | 04:23:39PM |
| 19 | with respect to that first sentence of the | 04:23:40PM |
| 20 | third paragraph? | 04:23:44PM |
| 21 | A.    I think I'm definitely | 04:23:45PM |
| 22 | deferring to what Mr. Nardinelli said; | 04:23:49PM |
| 23 | from my discussions with the Subversion | 04:23:51PM |
| 24 | server administrators, I was under the | 04:23:59PM |
| 25 | impression that --  when I gave that kind | 04:24:01PM |

Page 226

| | | |
|---|---|---|
| 1 | of long sled of summer 2016, the logs were | 04:24:05PM |
| 2 | pulled and coupled with the one-year | 04:24:13PM |
| 3 | retention and my knowledge that the | 04:24:14PM |
| 4 | Subversion server had been launched, to my | 04:24:17PM |
| 5 | knowledge, I think in May or June or | 04:24:19PM |
| 6 | summer of 2015, in my mind it was like, | 04:24:22PM |
| 7 | oh, it goes back a year obviously to the | 04:24:25PM |
| 8 | start. | 04:24:28PM |
| 9 | But I definitely defer to Jeff | 04:24:32PM |
| 10 | and I have never seen this document, but | 04:24:34PM |
| 11 | seeing that, if he says that indefinite | 04:24:37PM |
| 12 | retention was started in the early spring | 04:24:43PM |
| 13 | of 2017 and not the fall of 2016, I have | 04:24:47PM |
| 14 | to go with that as well, because these are | 04:24:50PM |
| 15 | hard dates. | 04:24:53PM |
| 16 | I was providing like three, | 04:24:54PM |
| 17 | four month sleds. | 04:24:56PM |
| 18 | Q.   Have you done any investigation | 04:24:58PM |
| 19 | into the accuracy of Mr. Nardinelli's | 04:25:00PM |
| 20 | comments in this letter? | 04:25:02PM |
| 21 | A.   I have never seen this letter | 04:25:08PM |
| 22 | until you put it in front of me. | 04:25:09PM |
| 23 | Q.   Who would know whether the | 04:25:10PM |
| 24 | statements in Mr. Nardinelli's letter are | 04:25:13PM |
| 25 | accurate or not, other than | 04:25:15PM |

```
1    Mr. Nardinelli?                                    04:25:20PM
2              MR. BAKER:  Objection to form.           04:25:21PM
3       A.     Tom Gorman.                              04:25:23PM
4       Q.     What about anyone at Google or           04:25:24PM
5    Waymo?                                             04:25:27PM
6       A.     Jack Brown.                              04:25:29PM
7       Q.     What about Mr. Zbrozek, would            04:25:31PM
8    he know?                                           04:25:35PM
9       A.     Possibly.                                04:25:35PM
10      Q.     Do you have any reason to                04:25:37PM
11   dispute that Waymo did not preserve any            04:25:40PM
12   SVN log data other than this downloading           04:25:47PM
13   behavior of December 11, 2015, for the             04:25:51PM
14   time period referenced in that fourth              04:25:54PM
15   paragraph?                                         04:25:57PM
16             MR. BAKER:  Objection to form.           04:25:57PM
17      A.     That was a very long question.           04:25:58PM
18             Can you break it down for me a           04:26:00PM
19   little bit.                                        04:26:04PM
20      Q.     Okay.                                    04:26:04PM
21             That last sentence says, "No             04:26:07PM
22   other download behavior was relevant to            04:26:09PM
23   any anticipated litigation and Waymo did           04:26:11PM
24   not preserve other SVN log data at that            04:26:14PM
25   time."                                             04:26:18PM
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              Do you see that?                      04:26:18PM
 2      A.      I do.                                 04:26:19PM
 3      ████   ████████████████████████████████████
 4  ██████████████████████████████████   ██████████
 5  ████████████████████████████████████████████████
 6  ███████████████████         ████████████████████
 7              ██████████████████████████████████
 8      █       ██████████████████████████████████
 9              ██████████████████████████████████
10  ███████████████████████████████████   ██████████
11  ███████████████████████████████████   ██████████
12  ██                                    ██████████
13      █       ██████████████████████    ██████████
14  ██████████████████████████████████    ██████████
15  ██████████████████████████████████    ██████████
16      █       ████████████████                     04:27:04PM
17              MR. BAKER:  Objection to form.       04:27:05PM
18      A.      Also, as a professional log          04:27:09PM
19  diver, I'll call myself, when we're doing        04:27:13PM
20  investigations, we don't keep things that        04:27:17PM
21  are not deemed explicitly relevant for           04:27:24PM
22  what we are trying to prove.                     04:27:26PM
23              It is bad data stewardship, it       04:27:31PM
24  takes up space, and it makes noise.              04:27:34PM
25      Q.      What were you asked to prove         04:27:36PM
```

Page 229

| | | |
|---|---|---|
| 1 | here? | 04:27:38PM |
| 2 | MR. BAKER: Objection, I am | 04:27:39PM |
| 3 | going to caution you not to reveal the | 04:27:43PM |
| 4 | substance of any attorney-client | 04:27:44PM |
| 5 | communications. | 04:27:46PM |
| 6 | If you can answer that question | 04:27:46PM |
| 7 | without doing that, please do. | 04:27:48PM |
| 8 | A. I did not pull the SVN log | 04:27:52PM |
| 9 | data, I'm just speaking to the frame of | 04:27:55PM |
| 10 | mind of why the entirety of all users' | 04:27:56PM |
| 11 | logs may not be present. | 04:28:04PM |
| 12 | For example, in what I've | 04:28:05PM |
| 13 | produced to support my declaration, I'm | 04:28:07PM |
| 14 | not pulling and presenting the ▮▮▮▮ logs | 04:28:10PM |
| 15 | of any of a hundred thousand other Google | 04:28:13PM |
| 16 | employees because it is simply not | 04:28:16PM |
| 17 | relevant to the investigation at hand. | 04:28:18PM |
| 18 | Q. That wasn't my question. | 04:28:20PM |
| 19 | What were you being asked to | 04:28:25PM |
| 20 | prove as part of your forensic | 04:28:26PM |
| 21 | investigation? | 04:28:27PM |
| 22 | MR. BAKER: Same instruction | 04:28:27PM |
| 23 | and also objection to the form. | 04:28:28PM |
| 24 | A. These logs showed that 14,000 | 04:28:33PM |
| 25 | files and change were downloaded on | 04:28:36PM |

Page 230

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              C E R T I F I C A T I O N
 2
 3      I, Jineen Pavesi, a Registered
 4   Professional Reporter, Registered Merit
 5   Reporter, Certified Realtime Reporter and
 6   a Notary Public, do hereby certify that
 7   the foregoing witness, GARY BROWN, was
 8   duly sworn on the date indicated, and that
 9   the foregoing is a true and accurate
10   transcription of my stenographic notes.
11      I further certify that I am not employed
12   by nor related to any party to this
13   action.
14
15
16
17
18
19
20
21              [signature: Jineen Pavesi, RPR, RMR]
22
23        JINEEN PAVESI, RPR, RMR, CRR
24
25
```

Veritext Legal Solutions
866 299-5127