# *EXHIBIT 9*

*UNREDACTED VERSION
OF DOCUMENT SOUGHT
TO BE SEALED*

*EXHIBIT 9*

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
            UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA
               SAN FRANCISCO DIVISION
              Case No. 17-cv-00939-WHA
 ------------------------------------x
 WAYMO LLC,
              Plaintiff,
     - against -
 UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC;
 OTTO TRUCKING LLC,
              Defendants.
 ------------------------------------x


   HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY


           Videotaped 30(b)(6) Deposition
 of GARY BROWN, taken by Defendants, held
 at the offices of Morrison & Foerster LLP,
 250 West 55th Street, at 9:59 a.m. on August
 8, 2017, New York, New York, before Jineen
 Pavesi, a Registered Professional Reporter,
 Registered Merit Reporter, Certified Realtime
 Reporter and Notary Public of the State of New York.




 Job No. 2671217A
 Pages 1 - 305
```

Page 1

```
 1   SVN log in the ordinary course of              10:51:23AM
 2   business, is that correct?                     10:51:25AM
 3              MR. BAKER:  Objection to form.      10:51:29AM
 4       A.     That is correct.                    10:51:31AM
 5       Q.     So as part of Waymo's               10:51:34AM
 6   investigation, someone gave you a copy of      10:51:35AM
 7   the SVN log, is that correct?                  10:51:37AM
 8       A.     That is correct.                    10:51:41AM
 9       Q.     And that person, the person who     10:51:44AM
10   gave you a copy of the SVN log was             10:51:46AM
11   Mr. Jack Brown, correct?                       10:51:49AM
12       A.     No.                                 10:51:53AM
13       Q.     Who gave you a copy of the SVN      10:51:54AM
14   log?                                           10:51:56AM
15              MR. BAKER:  I am going to           10:52:00AM
16   caution the witness not to reveal the          10:52:00AM
17   substance of any attorney-client               10:52:03AM
18   communication, but you can give a name.        10:52:04AM
19       A.     Tom Gorman.                         10:52:07AM
20       Q.     When did Mr. Gorman give you        10:52:08AM
21   the SVN log?                                   10:52:10AM
22              MR. BAKER:  You can give a          10:52:11AM
23   date.                                          10:52:12AM
24       A.     February 21st, 20th or 21st,        10:52:13AM
25   2017.                                          10:52:25AM
```

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | A. No. | 12:16:53PM |
| 2 | Q. And nobody asked you to | 12:16:54PM |
| 3 | inquire, to conduct a forensic review of | 12:16:58PM |
| 4 | that device to determine if he did | 12:17:00PM |
| 5 | anything improper with it, correct? | 12:17:07PM |
| 6 | A. That is correct, but with the | 12:17:13PM |
| 7 | caveat that the lack of analysis of | 12:17:17PM |
| 8 | another machine does not wash away the | 12:17:22PM |
| 9 | wrongdoings on another machine, that's no | 12:17:25PM |
| 10 | indication of not doing something. | 12:17:28PM |
| 11 | Q. In order to determine the full | 12:17:35PM |
| 12 | scope of potential wrongdoing, in your | 12:17:39PM |
| 13 | opinion should Waymo have conducted a | 12:17:43PM |
| 14 | forensic investigation of the | 12:17:46PM |
| 15 | Hewlett-Packard workstation? | 12:17:47PM |
| 16 | MR. BAKER: Objection to form. | 12:17:49PM |
| 17 | A. All feasible rocks should be | 12:17:57PM |
| 18 | turned over, but there have been multiple | 12:18:02PM |
| 19 | occurrences where inventory management | 12:18:07PM |
| 20 | personnel reimaged devices before forensic | 12:18:12PM |
| 21 | analysis could take place. | 12:18:18PM |
| 22 | Q. And in your opinion, one | 12:18:22PM |
| 23 | feasible rock that should have been turned | 12:18:29PM |
| 24 | over was a review of the Hewlett-Packard | 12:18:30PM |
| 25 | workstation assigned to Mr. Levandowski, | 12:18:34PM |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
1   is that correct?                                12:18:37PM
2           MR. BAKER:  Objection to form.          12:18:37PM
3       A.      As a forensic analyst, the more     12:18:42PM
4   information, the better.                        12:18:44PM
5               But as I said before, it            12:18:47PM
6   doesn't undo other indicators that were         12:18:50PM
7   positively found.                               12:18:55PM
8       Q.      As a forensic analyst, wouldn't     12:19:02PM
9   you want to know if the card reader was         12:19:07PM
10  attached to the workstation?                    12:19:09PM
11          MR. BAKER:  Objection to form.          12:19:11PM
12      A.      Yes.                                12:19:18PM
13      Q.      But you don't know the answer       12:19:19PM
14  to that question, right?                        12:19:21PM
15      A.      Not currently.                      12:19:24PM
16      Q.      Waymo would never know the          12:19:26PM
17  answer to that question, correct?               12:19:29PM
18          MR. BAKER:  Objection to form.          12:19:31PM
19      A.      That's uncertain.                   12:19:43PM
20      Q.      Why is that uncertain?              12:19:45PM
21      A.      Depending on retention and host     12:19:50PM
22  monitoring agents, it could potentially be      12:20:00PM
23  determined whether some classes of USB          12:20:08PM
24  devices were connected to these machines,       12:20:12PM
25  but I also would not feel comfortable           12:20:16PM
```

```
 1  true?                                          04:06:20PM
 2      A.      It is what I was told.             04:06:23PM
 3      Q.      If you can go back to your         04:06:26PM
 4  30(b)(6) notice, topic 8, do you see in       04:06:27PM
 5  there there is a reference to SVN logs as      04:06:35PM
 6  described by Mr. Nardinelli in his July        04:06:40PM
 7  18, 2017, e-mail?                              04:06:44PM
 8      A.      I see that.                        04:06:50PM
 9      Q.      Did you look at that e-mail in     04:06:50PM
10  preparing for your deposition today?           04:06:52PM
11      A.      Do I have access to it?            04:06:55PM
12              MR. BAKER:  You can answer that    04:07:06PM
13  yes or no.                                     04:07:07PM
14      A.      No.                                04:07:07PM
15              MR. CHATTERJEE:  Why don't we      04:07:09PM
16  mark that as 1317.                             04:07:12PM
17              ( Exhibit 1317, e-mail from        04:07:12PM
18  Jeff Nardinelli, was marked for                04:07:12PM
19  identification, as of this date.)              04:07:30PM
20      Q.      What I've handed you as Exhibit    04:07:30PM
21  1317 is an e-mail from Jeff Nardinelli,        04:07:33PM
22  Quinn Emanuel, counsel for Waymo, to a         04:07:36PM
23  whole ton of people, some on the other         04:07:38PM
24  side of the case, some on the same side of     04:07:41PM
25  their case, and if you look at the fourth      04:07:43PM
```

Page 224

```
 1   paragraph in Mr. Nardinelli's e-mail, he        04:07:47PM
 2   says that "On September 19, 2016, Waymo         04:07:53PM
 3   pulled SVN log data, which dated back to        04:07:57PM
 4   September 19, 2015, due to the 52-week          04:08:00PM
 5   retention in place."                            04:08:04PM
 6           Do you see that?                        04:08:06PM
 7       A.  I do see that.                          04:08:10PM
 8       Q.  Are you aware of any 52-week            04:08:11PM
 9   retention for the SVN log data?                 04:08:13PM
10       A.  I believe I said retention was          04:08:22PM
11   set to a year and then that was suspended      04:08:23PM
12   as of fall 2016, to my knowledge; I             04:08:27PM
13   believe I said that earlier in this             04:08:29PM
14   deposition, way earlier.                        04:08:35PM
15       Q.  So I asked you all of the log           04:08:37PM
16   data is available today and you said to my    04:08:39PM
17   knowledge, yes; was that a correct or          04:08:41PM
18   incorrect statement?                            04:08:42PM
19       A.  I thought it was correct.              04:08:48PM
20       Q.  So do you believe it to be              04:08:49PM
21   correct or do you believe Mr. Nardinelli's     04:08:50PM
22   comment to be correct?                          04:08:52PM
23           MR. BAKER:  Objection to form.         04:08:53PM
24       A.  Perhaps --                              04:09:01PM
25           THE WITNESS: I have a privilege        04:09:08PM
```

Page 225

| | | |
|---|---|---|
| 1 | question on this thing. | 04:09:09PM |
| 2 | MR. BAKER:  Sure. | 04:09:10PM |
| 3 | THE VIDEO TECHNICIAN: Time is | 04:09:12PM |
| 4 | 4:09 p.m. | 04:09:13PM |
| 5 | We're off the record. | 04:09:13PM |
| 6 | (Witness and counsel left the | 04:09:15PM |
| 7 | hearing room to confer.) | 04:09:16PM |
| 8 | (Pause.) | 04:09:16PM |
| 9 | (Witness and counsel returned | 04:09:16PM |
| 10 | to the hearing room.) | 04:23:09PM |
| 11 | THE VIDEO TECHNICIAN: Time is | 04:23:09PM |
| 12 | 4:23 p.m. | 04:23:27PM |
| 13 | We are on the record. | 04:23:28PM |
| 14 | BY MR. CHATTERJEE: | 04:23:29PM |
| 15 | Q.     I think the question pending | 04:23:33PM |
| 16 | was do you believe your prior testimony to | 04:23:34PM |
| 17 | be correct or do you believe | 04:23:38PM |
| 18 | Mr. Nardinelli's comment to be correct | 04:23:39PM |
| 19 | with respect to that first sentence of the | 04:23:40PM |
| 20 | third paragraph? | 04:23:44PM |
| 21 | A.     I think I'm definitely | 04:23:45PM |
| 22 | deferring to what Mr. Nardinelli said; | 04:23:49PM |
| 23 | from my discussions with the Subversion | 04:23:51PM |
| 24 | server administrators, I was under the | 04:23:59PM |
| 25 | impression that -- when I gave that kind | 04:24:01PM |

Page 226

Case 3:17-cv-00939-WHA   Document 1395-17   Filed 08/28/17   Page 9 of 13
HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1   of long sled of summer 2016, the logs were      04:24:05PM
 2   pulled and coupled with the one-year            04:24:13PM
 3   retention and my knowledge that the             04:24:14PM
 4   Subversion server had been launched, to my      04:24:17PM
 5   knowledge, I think in May or June or            04:24:19PM
 6   summer of 2015, in my mind it was like,         04:24:22PM
 7   oh, it goes back a year obviously to the        04:24:25PM
 8   start.                                          04:24:28PM
 9              But I definitely defer to Jeff       04:24:32PM
10   and I have never seen this document, but        04:24:34PM
11   seeing that, if he says that indefinite         04:24:37PM
12   retention was started in the early spring       04:24:43PM
13   of 2017 and not the fall of 2016, I have        04:24:47PM
14   to go with that as well, because these are      04:24:50PM
15   hard dates.                                     04:24:53PM
16              I was providing like three,          04:24:54PM
17   four month sleds.                               04:24:56PM
18       Q.     Have you done any investigation      04:24:58PM
19   into the accuracy of Mr. Nardinelli's           04:25:00PM
20   comments in this letter?                        04:25:02PM
21       A.     I have never seen this letter        04:25:08PM
22   until you put it in front of me.                04:25:09PM
23       Q.     Who would know whether the           04:25:10PM
24   statements in Mr. Nardinelli's letter are       04:25:13PM
25   accurate or not, other than                     04:25:15PM
```

Page 227

Veritext Legal Solutions
866 299-5127

```
 1   Mr. Nardinelli?                                04:25:20PM
 2           MR. BAKER:  Objection to form.         04:25:21PM
 3      A.   Tom Gorman.                            04:25:23PM
 4      Q.   What about anyone at Google or         04:25:24PM
 5   Waymo?                                         04:25:27PM
 6      A.   Jack Brown.                            04:25:29PM
 7      Q.   What about Mr. Zbrozek, would          04:25:31PM
 8   he know?                                       04:25:35PM
 9      A.   Possibly.                              04:25:35PM
10      Q.   Do you have any reason to              04:25:37PM
11   dispute that Waymo did not preserve any        04:25:40PM
12   SVN log data other than this downloading       04:25:47PM
13   behavior of December 11, 2015, for the         04:25:51PM
14   time period referenced in that fourth          04:25:54PM
15   paragraph?                                     04:25:57PM
16           MR. BAKER:  Objection to form.         04:25:57PM
17      A.   That was a very long question.         04:25:58PM
18           Can you break it down for me a         04:26:00PM
19   little bit.                                    04:26:04PM
20      Q.   Okay.                                  04:26:04PM
21           That last sentence says, "No          04:26:07PM
22   other download behavior was relevant to        04:26:09PM
23   any anticipated litigation and Waymo did       04:26:11PM
24   not preserve other SVN log data at that        04:26:14PM
25   time."                                         04:26:18PM
```

Page 228

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
1           Do you see that?                      04:26:18PM
2     A.    I do.                                 04:26:19PM
3     Q.    ████████████████████████████████████
4  ████████████████████████████  ████████████
5  ████████████████████████████████████████████
6  ██████████████████           ████████████
7              ████████████████████████████████
8     ██       ████████████████████████████████
9              ████████████████████████████████
10 ████████████████████████████████  ██████████
11 ████████████████████████████████  ██████████
12 ██                                ██████████
13    ██       ██████████████████    ██████████
14 ████████████████████████████████  ██████████
15 ████████████████████████████████  ██████████
16    ██       ██████████████                    04:27:04PM
17           MR. BAKER:   Objection to form.      04:27:05PM
18    A.    Also, as a professional log           04:27:09PM
19 diver, I'll call myself, when we're doing      04:27:13PM
20 investigations, we don't keep things that      04:27:17PM
21 are not deemed explicitly relevant for         04:27:24PM
22 what we are trying to prove.                   04:27:26PM
23           It is bad data stewardship, it       04:27:31PM
24 takes up space, and it makes noise.            04:27:34PM
25    Q.    What were you asked to prove          04:27:36PM
```

Page 229

| | | |
|---|---|---|
| 1 | here? | 04:27:38PM |
| 2 | MR. BAKER:  Objection, I am | 04:27:39PM |
| 3 | going to caution you not to reveal the | 04:27:43PM |
| 4 | substance of any attorney-client | 04:27:44PM |
| 5 | communications. | 04:27:46PM |
| 6 | If you can answer that question | 04:27:46PM |
| 7 | without doing that, please do. | 04:27:48PM |
| 8 | A.     I did not pull the SVN log | 04:27:52PM |
| 9 | data, I'm just speaking to the frame of | 04:27:55PM |
| 10 | mind of why the entirety of all users' | 04:27:56PM |
| 11 | logs may not be present. | 04:28:04PM |
| 12 | For example, in what I've | 04:28:05PM |
| 13 | produced to support my declaration, I'm | 04:28:07PM |
| 14 | not pulling and presenting the ▆▆▆▆ logs | 04:28:10PM |
| 15 | of any of a hundred thousand other Google | 04:28:13PM |
| 16 | employees because it is simply not | 04:28:16PM |
| 17 | relevant to the investigation at hand. | 04:28:18PM |
| 18 | Q.     That wasn't my question. | 04:28:20PM |
| 19 | What were you being asked to | 04:28:25PM |
| 20 | prove as part of your forensic | 04:28:26PM |
| 21 | investigation? | 04:28:27PM |
| 22 | MR. BAKER:  Same instruction | 04:28:27PM |
| 23 | and also objection to the form. | 04:28:28PM |
| 24 | A.     These logs showed that 14,000 | 04:28:33PM |
| 25 | files and change were downloaded on | 04:28:36PM |

Page 230

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              C E R T I F I C A T I O N
 2
 3     I, Jineen Pavesi, a Registered
 4   Professional Reporter, Registered Merit
 5   Reporter, Certified Realtime Reporter and
 6   a Notary Public, do hereby certify that
 7   the foregoing witness, GARY BROWN, was
 8   duly sworn on the date indicated, and that
 9   the foregoing is a true and accurate
10   transcription of my stenographic notes.
11     I further certify that I am not employed
12   by nor related to any party to this
13   action.
14
15
16
17
18
19
20
21
22         [signature: Jineen Pavesi, RPR, RMR]
23        JINEEN PAVESI, RPR, RMR, CRR
24
25
```

Page 305