# *EXHIBIT 11*

# *UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED*

# *EXHIBIT 11*

Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant: Otto Trucking LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Waymo LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>            Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**STIPULATION OF FACTS REGARDING DISCOVERY ISSUES**<br><br>Date:         Thursdays<br>Time:        8:00 a.m.<br>Courtroom: 8<br>Judge:       Hon. William Alsup |

1    Plaintiff Waymo LLC and defendant Otto Trucking LLC hereby enter into the following
2 stipulation and agreement to resolve certain discovery disputes.
3    1.    For several weeks Waymo and Otto Trucking have met and conferred about a
4 number of discovery issues regarding Google's forensic investigation of Anthony Levandowski's
5 computers and activities in the months leading up to his departure.  These issues included Otto
6 Trucking's demand for the production of Anthony Levandowski's computers and devices and
7 ███████████████████████████████████████████████████████████████
8 ███████████████████████████████████████████████████████████████
9    2.    To resolve a number of disputes, Waymo has agreed to stipulate to the following
10 facts which will also be admissible at trial:

**Retention of SVN Logs**

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

**Anthony Levandowksi's HP Workstation**

7.    At the time of his departure from Google, the predecessor of plaintiff Waymo LLC, Anthony Levandowski was using three computers – two laptops, called ████████████ ████████████, and a computer called the "Hewlett Packard H420 Workstation" (the "HP Work Station")

8.    Although Google performed a forensic investigation of the two laptops, it did not perform any forensic investigation or analysis on the HP Workstation or logs generated by the HP Workstation.

9. Google/Waymo did not investigate whether a card reader had been inserted into the HP Workstation or any other devices.

10. After collecting the HP Workstation, Google reformatted the computer and reallocated it to another Google employee.

11. Google did not retain an image of the HP Workstation and the reformatting of that computer permanently deleted all information on the HP Workstation.

12. That computer has been in use by a Google employee since it was reallocated on February 25, 2016.

13. Google has not retained any of Anthony Levandowski's devices identified in WAYMO-UBER-00029412 other than the reformatted HP Workstation in use by a Google employee.

14. Google has not retained any images of the devices identified in WAYMO-UBER-00029412 other than images of the two laptops used by Mr. Levandowski at the time of his departure – Anthonyl0-w and Anthony-glaptop.

**Production of Log Information**

15. Otto Trucking has requested that Waymo produce log information and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

16. Waymo has produced SVN data for a sampling of engineers on the Chauffeur team, but has otherwise refused to provide any of the SVN data requested by Otto Trucking.

17. Gary Brown and Kristin Gnuddjson did not review any of the SVN data or other log information or metadata described in paragraphs 15, 16 and 18 as part of their investigation.

18. Waymo has refused to provide the following information:

(a) All log information and metadata relating to any of Anthony Levandowsi's devices other than for ▆▆▆▆▆▆▆▆, the only computer for which Google reviewed any log information, and

(b) The following log information for the following individuals relating to these individuals interactions with the Waymo/Google network:



| Individuals | Type of log information |
|---|---|
| ███████████ | ███████████ |

**Other Discovery Issues**

19. At the time of Anthony Levandowski's employment at Google, it was possible for an employee with access to the files contained on the Chauffeur SVN server to download and install Tortoise SVN on a personal computer outside the Google network.

3
JOINT STIPULATION OF FACTS REGARDING DISCOVERY ISSUES   CASE NO. 3:17-CV-00939-WHA

20. Waymo/Google did not have at the time of Anthony Levandowski's employment at Google have any documents that reflect any policy, procedure or guideline relating to how Waymo/Google determined which employees could access the allegedly highly confidential and secure SVN server.

21. Waymo does not have any policy, procedure or guidelines relating to how access to the SVN server is determined.

22. Waymo/Google did not have during the time of Anthony Levandowski's employment at Google any policy regarding its employees permission to reformat their computers, including no policies or documents indicating that its employees were not allowed to reformat their computers from the Windows operating system to a Linux operating system.

23. Waymo still does not have any policy regarding reformatting a company computer to install Linux.

24. Waymo/Google did not have during the time of Anthony Levandowksi's employment at Google have any policies, procedures, guidelines, or other documents that suggest that using TortoiseSVN to access the Chauffeur SVN server is prohibited in any way or otherwise indicates that accessing the Chauffeur SVN server is improper.

25. Waymo still does not have any policies, procedures, or guidelines that using Tortoise SVN to access the Chauffeur SVN is improper.

26. Waymo/Google encourages the use of Tortoise SVN to access the Chauffeur SVN.

27. Waymo/Google did not have during the time of Anthony Levandowski's employment at Google have any documents demonstrating that Waymo/Google placed any restrictions on its employees from downloading documents from the SVN server, including documents containing information that Waymo claims in this case to be its highly confidential trade secret information.

28. Waymo still does not have any documents demonstrating restrictions on downloading documents from the SVN server.

29. Waymo/Google is unwilling to produce the landing pages for the internal Chauffeur Wiki that are linked to and referenced in its document productions, including the

landing pages for the links contained in WAYMO-UBER-00015963 and the landing pages for the search terms that Anthony Levandowksi allegedly used on December 3, 2015 as stated in the Declaration of Gary Brown at paragraph 15: "chauffeur svn login" and "chauffeur svn eee setup."

30. Waymo/Google is unwilling to produce any documents relating to how often employees who were part of the Chauffeur team reformatted their computers.

Dated:   August 22, 2017            Respectfully submitted,

By:   /s/
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
(415) 875-6600
(415) 875-6700 facsimile

*Attorneys for Plaintiff:*
*Waymo LLC*

Dated:   August 22, 2017            Respectfully submitted,

By:   /s/
Neel Chatterjee
*nchatterjee@goodwinlaw.com*
Brett Schuman
*bschuman@goodwinlaw.com*
Shane Brun
*sbrun@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
Hong-An Vu
*hvu@goodwinlaw.com*
Hayes P. Hyde
*hhyde@goodwinlaw.com*
James Lin
*jlin@goodwinlaw.com*

5
JOINT STIPULATION OF FACTS REGARDING DISCOVERY ISSUES   CASE NO. 3:17-CV-00939-WHA

1  **GOODWIN PROCTER LLP**

2  *Attorneys for Defendant:*
   *Otto Trucking LLC*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28