QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>          Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF FELIPE CORREDOR IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR RESPONSE TO WAYMO'S PRECIS LETTER REQUESTING PERMISSION TO FILE MOTION FOR SUMMARY JUDGMENT AND EXHIBITS THERETO** |

I, Felipe Corredor, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Defendants' Uber Technologies, Inc. and Ottomotto LLC's Administrative Motion to File Under Seal Portions of Their Response to Waymo's Precis Letter Requesting Permission to File Motion for Summary Judgment and Exhibits Thereto (the "Administrative Motion"). The Administrative Motion seeks an order sealing highlighted portions of Defendants' Response to Waymo's Precis Letter Requesting Permission to File Motion for Summary Judgment ("Uber's Response") and the entirety of Exhibits 1-10 thereto.

3. The portions of Uber's Response marked in red boxes, the portions of Exhibits 1-2, 5, and 7 highlighted in green, the entirety of Exhibits 6 and 8-9, and certain portions of Exhibit 10 contain or refer to confidential business information, which Waymo seeks to seal.

4. Uber's Response (portions marked in red boxes in version filed herewith), Exhibits 1-2, 5, and 7 (portions highlighted in green in version filed herewith), and Exhibits 6 and 8-9 (entire documents) contain, reference, and/or describe Waymo's highly confidential and sensitive business information. The information Waymo seeks to seal regards confidential analysis of Waymo's business and competition, including financial details and employee retention details. I understand that this confidential business information is maintained by Waymo as secret. The public disclosure of this information would give Waymo's competitors access to in-depth insight into—and analysis of—Waymo's business strategy for its autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed. Exhibit 1 additionally contains, discusses, or refers to confidential details regarding the corporate ownership, corporate leadership, business models, prototype development and testing, and employee recruitment efforts of Kitty Hawk, which Waymo understands are highly confidential to Kitty Hawk, and disclosure of such information would inflict serious and irreparable damage to Kitty Hawk's business. (*See* Dkt. 1115 ¶ 3.)

5. In addition, Exhibits 1, 2, 5, and 7 (portions highlighted in green in version filed herewith) contain email addresses and/or phone numbers of Waymo employees and former employees involved in this case, the disclosure of which would cause Waymo and those employees substantial harm due to the high public profile of this litigation.

6. Exhibit 10 (3:21 to 12:13) contains, references, and/or describes Waymo's asserted trade secrets. The information Waymo seeks to seal includes the confidential design and functionality of Waymo's proprietary autonomous vehicle system, including its LiDAR designs, which Waymo maintains as secret. I understand that these trade secrets are maintained as secret by Waymo (Dkt. 25-47) and that the trade secrets are valuable to Waymo's business (Dkt. 25-31). The public disclosure of this information would give Waymo's competitors access to descriptions of the functionality or features of Waymo's autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

7. Waymo's request to seal is narrowly tailored to those portions of Uber's Response and Exhibits 1-2 and 5-10 that merit sealing.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on August 28, 2017.

By */s/ Felipe Corredor*
Felipe Corredor
Attorneys for WAYMO LLC

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Felipe Corredor.

By: */s/ Charles K. Verhoeven*
Charles K. Verhoeven