MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
425 Market Street
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:    202.237.2727
Facsimile:    202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendant. | Case No.　　3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO, LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STRIKE VAGUE AND OVERBROAD TRADE SECRET CLAIMS**<br><br>Judge: The Honorable William Alsup<br>Trial Date: October 10, 2017 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I. INTRODUCTION

Waymo's Offer of Proof confirms that its alleged TS 96 should be stricken because Waymo's 2019.210 Statement fails to specify what the claimed trade secret is.[1] Waymo told the Court that it dropped its ▅▅▅ trade secret (TS 1) because "▅▅▅ ▅▅▅ (8/23/17 Sealed Hr'g Tr. 47:2-12.) Instead, Waymo elected to assert TS 96 ▅▅▅ for a specific GBr3 board) because it ▅▅▅. (*Id.*; *see* 5/3/17 AM Sealed Hr'g Tr. 14:23-25 (Court: ▅▅▅).)

The Court warned Waymo that it needed to assert a specific implementation rather than a broad concept:

> I have a suspicion that what you want to do is to put this [] up there, because it looks like vaguely that thing that they got from the vendor. And then that's going to be – it's going to be smoke and mirrors, instead of exact, exact duplication.

(8/23/17 Public Hr'g 41:16-20.) It is now clear that Waymo's assertion of TS 96 is not at all about the specific GBr3 implementation, since Waymo acknowledges that none of the specific ▅▅▅ in the accused Fuji board match GBr3. Instead, Waymo is asserting that TS 96 covers the general concept of ▅▅▅, the same concept that it claimed in abandoned TS 1. Under the guise of choosing a more specific trade secret, Waymo is back to claiming the same general concept as before, thereby demonstrating that its identification of TS 96 is not in fact drawn with particularity. Accordingly, TS 96 is not a properly-drawn trade secret to be presented to a jury, and it should be stricken.

---

[1] As instructed by the Court, Uber submits this response regarding the adequacy of Waymo's TS 96 identification in support of its motion to strike. (8/23/17 Sealed Hr'g Tr. 76:7-10.)

## II.  ARGUMENT

### A.  Waymo Did Not Describe A ▮▮▮▮▮ Concept in its TS 96 Statement

TS 96 is directed to the specific implementation of Waymo's GBr3 ▮▮▮▮▮ but Waymo now attempts to broaden it to cover a general concept of ▮▮▮▮▮. (*See* Offer of Proof, Dkt. 1371-4 at 17-25.) Waymo's 2019.210 Statement describes TS 96 as covering specific ▮▮▮▮▮ with no mention of any ▮▮▮▮▮ concept:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(Dkt. 25-7 at 55.)

In its Offer of Proof, however, Waymo ignores the specific ▮▮▮▮▮ of its ▮▮▮ (which do not match those of Fuji), and instead claims that its board "reflected" a ▮▮▮▮▮" that was different from the ▮▮▮▮▮ diodes of earlier devices:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(Offer of Proof at 17-18 (emphasis added).) Waymo further contrasts its ▮▮▮▮▮ with other LiDAR designs that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"

1  (*Id.* at 18 (emphasis added).)  In comparing ████████████████████, Waymo
2  contends that Fuji has "the same ██████████████████████████████." (*Id.* at
3  24-25.)  This "██████████" or "████████████████████████" concept is not
4  described anywhere in TS 96 even in general terms, let alone with the specificity required by
5  Section 2019.210.
6       A trade secret identification that allows Waymo to oscillate between something as specific
7  as a particular ██████ implementation and as broad as the idea of placing diodes on a board
8  ██████████ cannot possibly meet the particularity burden that Waymo bears.  Section
9  2019.210 requires identification in "enough detail so that the defendant is able to learn the
10 boundaries of the alleged trade secret in order to investigate defenses."  *VasoNova, Inc. v.*
11 *Grunwald*, No. C 12-02422 WHA, 2012 WL 4119970, at *2 (N.D. Cal. Sept. 18, 2012).  Proper
12 identification of the trade secret is also critical to allowing the jury to understand what is being
13 claimed.  Nothing in Waymo's Section 2019.210 Statement for TS 96 describes the ████████
14 ████████ concept that it is now trying to claim.  Having defined TS 96 to cover specific
15 ████████████████ Waymo should not be allowed to claim the same broad concept of
16 ████████████ that was covered by TS 1 and is not specified in TS 96.

17       **B.    Waymo's Offer of Proof for TS 96 Relies on the ██████████ Concept,**
18            **Rather Than the Specific Implementation in GBr3's**

19       At the August 23 hearing, the Court warned Waymo that if its offer of proof for TS 96
20 "resembles what you showed me at the outset, which Galileo came up with, then forget it.  It's not
21 going to go to the jury." (8/23/17 Public Hr'g Tr. 41:13-15.)  Waymo's purported evidence of
22 Uber's use of TS 96 indeed relies on the broad concept of ████████████████████████
23 ██████ rather than any evidence of "exact duplication" that the Court told Waymo to provide. (*Id.*
24 at 41:18-20.)  Though the Court instructed Waymo to identify ████████████████████
25 in its Offer of Proof, Waymo's filing does not include a direct comparison of the *actual*
26 ████████████████████████ of GBr3's ██████████ and Fuji's ████
27 ████████. (8/23/17 Sealed Hr'g Tr. 74:6-8.)  Instead, this comparison was included
28 only in the recently-served report of Waymo's expert, Dr. Hesselink (see below):



(Declaration of Esther Chang ("Chang Decl.") Ex. 1, Hesselink Ex. Rpt. ¶ 433.) As shown in Dr. Hesselink's charts, every parameter in Fuji board ▉ is different from the parameters in GBr3 board ▉, including the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, and the ▉▉▉▉▉▉▉▉▉▉ that determine how the laser beams are projected and where they intersect the road.

The Court also asked the parties' counsel ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ and ▉▉▉▉▉▉▉▉▉▉. (8/23/17 Sealed Hr'g Tr. 60:1-2, 63:15.) Dr. Hesselink's charts provide the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Even using these ▉ numbers,[2] the difference between ▉▉▉▉▉▉ in GBr3 and Fuji is significant. (*See* chart below (calculating ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉).) For example, Fuji's diodes at the bottom of ▉▉▉ are ▉▉▉▉ ▉▉ than GBr3's, while its other diodes range from ▉▉▉▉▉▉▉▉▉▉▉. This comparison shows that, contrary to Waymo's contention, Fuji's ▉▉▉ is not a scaled up version of GBr3's board.

---

[2] Dr. Hesselink's use of ▉▉▉▉ is contrary to the opinion expressed by Waymo's previous expert on TS 1, Mr. Kintz, who testified that the ▉▉▉▉▉▉▉ between diodes was calculated using the delta ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. (Chang Decl. Ex. 2, Kintz Dep. 50:16-21, 83:2-9.)



Waymo argues that the ▮▮▮ is "strikingly similar" when plotted along curves that are "adjusted for scale." (Offer of Proof at 24.) But a closer look at Waymo's plotted curves show that they use differently scaled axes to make Fuji and GBr3's curves look similar. For example, GBr3 ▮▮▮ are plotted along an X axis from ▮▮ and Y axis from ▮▮, while the Fuji's ▮▮ are plotted along an X axis from ▮▮ and a Y axis from ▮▮. (*Id.* (graphs below).) The plotted curves also do not match the ▮▮ in Dr. Hesselink's charts. (*Compare* Chang Decl. Ex. 1 ¶ 433 (charts copied above) *with id.* ¶ 432; Offer of Proof at 24 (below).) Furthermore, even Waymo's overlay of "scaled" curves shows that GBr3 and Fuji's ▮▮ the same way. (Offer of Proof at 24 (red dots that represent ▮▮ do not overlay each other).)

Defs.' Suppl. Br. ISO Mot. to Strike Vague and Overbroad Trade Secret Claims
Case No. 3:17-cv-00939-WHA
dc-897245

5

When the ███████ for the ███████ are plotted using identically scaled X and Y axes, the GBr3 and Fuji have visibly different ███:

Without any evidence that Fuji's board uses the same specific configuration of GBr3, Waymo relies on communications involving Mr. Levandowksi with general references to ▇▇▇ and ▇▇▇ (Offer of Proof at 20-21.) None of this shows that Uber ever used a single specific parameter from Waymo's ▇▇▇. Instead, Waymo retreats to broadly contending that GBr3 and Fuji have ▇▇▇." (*Id.* at 24-25.) This is simply the general concept of ▇▇▇ that Waymo previously asserted under TS 1, and elected to waive. The Court has already warned that a trade secret based on the broad concept of ▇▇▇ is "not going to go to the jury," and Uber's motion to strike should therefore be granted.

### III.  CONCLUSION

TS 96 does not describe Waymo's alleged ▇▇▇ concept; it refers to ▇▇▇ that identify a specific configuration of ▇▇▇, none of which match the accused Fuji device. With its Offer of Proof, Waymo is attempting to backdoor the very same ▇▇▇ concept into TS 96 that it chose not to elect in TS 1. TS 96 should therefore be stricken for failure to identify the alleged conceptual trade secret Waymo now contends is covered by TS 96.

Dated: August 28, 2017                    MORRISON & FOERSTER LLP

By: /s/ Arturo J. González
ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC