MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS MOTION TO COMPEL FURTHER 30(B)(6) TESTIMONY FROM UBER (DKT. 1352)**<br><br>Trial Date: October 10, 2017 |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Plaintiff's Administrative Motion to File Under Seal Its Motion to Compel Further 30(B)(6) Testimony from Uber (Dkt. 1352).

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Waymo's Motion to Compel Further 30(B)(6) Testimony from Uber ("Waymo's Motion") | Red-outlined boxes |
| Exhibit B to Waymo's Motion | Red-outlined boxes |
| Exhibit C to Waymo's Motion | Blue Highlights |

3. The red-outlined boxes of Waymo's Motion and Exhibit B contain highly confidential information regarding the development timeline of Uber's LiDAR sensors, the commercialization timeline of Uber's self-driving car program, and internal strategic choices of Uber's management team. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. I understand that disclosure of this information would allow Uber's competitors to acquire detailed knowledge into the development timeline of Uber's LiDAR sensors, the commercialization timeline of Uber's self-driving car program, and Uber's overall company strategy to compete in this market. Competitors could utilize this knowledge to adjust their own market strategy such that Uber's competitive standing could be harmed.

4. In addition, some of the red-outlined boxes in Waymo's Motion and Exhibit B refer to highly confidential internal financial documents Uber has produced in this litigation, including project terms and projected figures. This highly confidential information is not publicly known and its confidentiality is strictly maintained. Competitors could use this information to

1  gain an understanding of Uber's current financial and projected financial situation, and use this
2  information to harm Uber's competitive standing.

3      5.    In addition, some of the red-outlined boxes of Exhibit B contain highly
4  confidential information regarding Uber's third-party vendors for various elements of Uber's
5  LiDAR systems.  Some of these vendors have Non-Disclosure Agreements with Uber.  This
6  highly confidential information is not publicly known and its confidentiality is strictly
7  maintained.  Defendants request this information be kept under seal to protect the confidentiality
8  of these business agreements with confidential vendors, and also to ensure that competitors do not
9  attempt to interfere with these vendor relationships.  I understand that disclosure of this
10 information could harm Uber's competitive standing.

11     6.    The blue-highlighted portions of Exhibit C contain highly confidential information
12 regarding the development timeline of Uber's LiDAR sensors and the market strategy of Uber's
13 self-driving car program.  This highly confidential information is not publicly known, and its
14 confidentiality is strictly maintained.  I understand that disclosure of this information would allow
15 Uber's competitors to acquire detailed knowledge into the development timeline of Uber's
16 LiDAR sensors and Uber's overall market strategy.  Competitors could utilize this knowledge to
17 advance their own sensor technology or adjust their market strategy, such that Uber's competitive
18 standing could be significantly harmed.

19     7.    Defendants' request to seal is narrowly tailored to those portions of Plaintiff's
20 Motion and its supporting exhibits that merit sealing.

21     I declare under penalty of perjury under the laws of the United States that the foregoing is
22 true and correct.  Executed this 28th day of August, 2017, in Washington, D.C.

                                                    */s/ Michelle Yang*
                                                    Michelle Yang

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated: August 28, 2017            */s/ Arturo J. González*
                                                    Arturo J. González