1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  ERIC A. TATE (CA SBN 178719)
   ETate@mofo.com
4  RUDY Y. KIM (CA SBN 199426)
   RKim@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:    415.268.7000
7  Facsimile:    415.268.7522

8  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
9  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
10 BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
11 Washington DC  20005
   Telephone:    202.237.2727
12 Facsimile:    202.237.6131

13 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
14 and OTTOMOTTO LLC

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                         SAN FRANCISCO DIVISION

| | |
|---|---|
| 18  WAYMO LLC, | Case No.     3:17-cv-00939-WHA |
| 19              Plaintiff, | **DECLARATION OF MICHELLE YANG IN SUPPORT OF PLAINTIFF'S CORRECTED ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OFFER OF PROOF REGARDING DEFENDANTS' TRADE SECRET MISAPPROPRIATION (DKT. 1371, CORRECTING DKT. 1357)** |
| 20       v. | |
| 21  UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| 22  | |
| 23              Defendants. | |
| 24  | Trial Date: October 10, 2017 |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Plaintiff's Corrected Administrative Motion to File Under Seal Portions of Its Offer of Proof Regarding Defendants' Trade Secret Misappropriation (Dkt. 1371, correcting Dkt. 1357).

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Waymo's Offer of Proof | Red-outlined boxes |

3. Most of the red-outlined boxes of Waymo's Offer of Proof contain highly confidential information regarding the technical details, specifications, and diagrams of Uber's LiDAR sensors at various stages of their development. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. I understand that disclosure of this information would allow Uber's competitors to gain detailed knowledge into the technical specifications of Uber's LiDAR sensors and use this knowledge to build or improve their own technology, such that Uber's competitive standing could be significantly harmed.

4. Some of the red-outlined boxes of Waymo's Offer of Proof contain highly confidential information regarding Uber's third-party vendors for various elements of Uber's LiDAR systems. Some of these vendors have Non-Disclosure Agreements with Uber. This highly confidential information is not publicly known and its confidentiality is strictly maintained. Defendants request this information be kept under seal to protect the confidentiality of information subject to these business agreements, including confidential technical information, and also to ensure that competitors do not attempt to interfere with these vendor relationships. I understand that disclosure of this information could significantly harm Uber's competitive standing.

5. Some of the red-outlined boxes of Waymo's Offer of Proof contain highly confidential information regarding the evaluation of various technical options for Uber's LiDAR sensors. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. I understand that disclosure of this information would allow Uber's competitors to obtain a competitive advantage by learning how Uber approaches the technical challenges of self-driving and evaluates possible solutions to these challenges, including with regard to Uber's LiDAR sensors, such that they can tailor their own LiDAR development to counter Uber and Uber's competitive standing could be significantly harmed.

6. In addition, the red-outlined boxes on page 16 contain highly confidential information regarding the structure of a business agreement with a counterparty that has an ongoing business relationship with Uber. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. I understand that disclosure of this information could allow competitors to gain insight into how Uber structures and negotiates its business agreements, allowing them to tailor their own negotiation strategy, such that Uber's competitive standing could be significantly harmed.

7. The red-outlined boxes on page 22 contain the email addresses, phone numbers, and other contact information of high-ranking current and former company executives, whose email accounts and numbers may still become compromised if disclosed to the public. Defendants seek to seal this information in order to protect the privacy of these current and former executives, as prominent individuals at the company are currently the subject of extensive media coverage. Disclosure of this information for such high-ranking executives could expose them to harm or harassment.

8. Defendants' request to seal is narrowly tailored to those portions of Plaintiff's Offer of Proof that merit sealing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of August, 2017, in Washington, D.C.

                */s/ Michelle Yang*
                Michelle Yang

### ATTESTATION OF E-FILED SIGNATURE

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated: August 28, 2017          */s/ Arturo J. González*
                Arturo J. González