IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>　　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; and OTTO TRUCKING LLC,<br><br>　　　Defendants. | No. C 17-00939 WHA<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGE CORLEY'S NONDISPOSITIVE PRETRIAL ORDER RE MOTION TO COMPEL** |

## INTRODUCTION

The magistrate judge overseeing discovery in this action granted in part and denied in part defendants' motion to compel. Plaintiff moves for relief from that order pursuant to Civil Local Rule 72. The motion is **DENIED**.

## STATEMENT

Defendants Uber Technologies, Inc., and Ottomotto LLC (collectively, "Uber") moved to compel plaintiff Waymo LLC to, among other things, respond to certain interrogatories and produce certain documents (Dkt. No. 1215). In an order dated August 19, per the discovery referral in this action, Magistrate Judge Jacqueline Corley granted in part and denied in part Uber's motion (Dkt. No. 1276). Pursuant to Civil Local Rule 72, Waymo filed a motion for relief from the August 19 order (Dkt. No. 1289). This order follows full briefing.

**ANALYSIS**

1. **STANDARD OF REVIEW.**

Under FRCP 72, a district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Ibid.* (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

2. **WAYMO'S MOTION FOR RELIEF.**

Waymo's "objections" regarding interrogatory number 25 and request for production number 166 (*see* Dkt. Nos. 1289 at 1–3; 1362 at 1–3, 5) are really just requests for clarification of Judge Corley's August 19 order. As such, they have been mooted by Judge Corley's clarifications on the record during a more recent hearing on August 28. Waymo's sole remaining objection is that Judge Corley erred in ordering discovery into seven of its own transactions (*see* Dkt. Nos. 1289 at 3–4; 1362 at 3–5). Judge Corley reasoned "that Waymo intends to ask the jury to draw negative inferences against Uber based on how Uber conducted the acquisition of Ottomotto," so "how Waymo conducts its own acquisitions is relevant to the claims and defenses in this action." Additionally, the transactions in question are "relevant to Waymo's efforts to keep its self-described proprietary information secret" (Dkt. No. 1276 at 1–2). Waymo has not shown that these rulings were clearly erroneous or contrary to law.

*First*, Waymo complains that Uber has not shown "any aspects of those deals that parallel the aspects of its acquisition of Otto, such as forensic due diligence or indemnity for confessed acts of trade secret misappropriation or other malfeasance" (Dkt. Nos. 1289 at 3–4; 1362 at 4). But the point of the ordered discovery is so Uber can find out *if* any such parallels exist. The showing Waymo demands would be an unreasonable prerequisite to that discovery.

*Second*, Waymo suggests its transactions are not discoverable because it "has no intention of relying on [its] own acquisitions to argue that Uber's deal was unusual" (Dkt. Nos. 1289 at 4; 1362 at 5). This argument misses the point. *Uber* remains entitled to discover evidence relevant to the claims and defenses in this action even if Waymo will not use the same

2

evidence. Waymo's related argument that Uber cannot discover relevant evidence merely because there is *other* evidence on the same issue (Dkt. No. 1362 at 3) is similarly unpersuasive.

*Third*, Waymo contends its "own efforts to keep its transactions confidential" are irrelevant because it "does not challenge Uber's actions to keep its deal confidential," and its "efforts to keep transactions confidential are unrelated to [its] efforts to keep its trade-secret development away from outside prying eyes" and thus "do not inform whether [it] takes reasonable measures to protect its trade secrets" (Dkt. No. 1289 at 4). As Uber pointed out in its motion to compel before Judge Corley, however, Waymo has put at issue the question of whether efforts to keep an acquisition shrouded in secrecy — as Uber did with the Otto acquisition — suggest a cover-up of some underlying misconduct (*see* Dkt. No. 1215 at 2). This alone shows that Judge Corley's ruling was not clearly erroneous.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for relief from Judge Corley's August 19 order is **DENIED**. All stated objections thereto are **OVERRULED**.

**IT IS SO ORDERED.**

Dated: August 29, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3