MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:    202.237.2727
Facsimile:    202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No.    3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR MOTION FOR SUMMARY JUDGMENT AND EXHIBITS THERETO** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc. and Ottomotto LLC ("Defendants") submit this motion for an order to file under seal portions of their Motion for Summary Judgment and Exhibits Thereto. Specifically, Defendants request an order granting leave to file under seal the confidential portions of the following documents:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Motion for Summary Judgment ("Motion") | Highlighted Portions | Plaintiff (Green) <br> Defendants (Blue) <br> Third-party Velodyne (Yellow) <br> Otto Trucking (Red) |
| Exhibits 2-4 to the Declaration of Michelle Yang | Entire Documents | Defendants |
| Exhibit 8 to the Declaration of Michelle Yang | Entire Document | Plaintiff |
| Exhibits 9-11, 15 to the Declaration of Michelle Yang | Highlighted Portions | Plaintiff (green) |
| Exhibits 17-18 to the Declaration of Michelle Yang | Entire Documents | Third-party Velodyne |
| Declaration of James Haslim | Highlighted Portions | Defendants (Blue) |
| Declaration of Brent Schwartz | Highlighted Portions | Otto Trucking (Red) |
| Exhibit 1 to the Declaration of Shane Brun | Highlighted Portions | Otto Trucking (Red) |
| Exhibit 2 to the Declaration of Shane Brun | Highlighted Portions | Otto Trucking (Red) <br> Plaintiff (green) |
| Exhibit 3 to the Declaration of Shane Brun | Entire Document | Otto Trucking <br> Defendants |

| Exhibits 4-5 to the Declaration of Shane Brun | Highlighted Portions | Defendants (Blue) |
|---|---|---|
| Exhibit 6 to the Declaration of Shane Brun | Entire Document | Plaintiff |
| Exhibit 7 to the Declaration of Shane Brun | Entire Document | Plaintiff<br>Defendants |

The blue-highlighted portions of the Motion, the entireties of Exhibits 2-4 to the Declaration of Michelle Yang, the blue-highlighted portions of the Declaration of James Haslim, the blue-highlighted portions of Exhibits 4-5 to the Declaration of Shane Brun, and the entirety of Exhibit 7 to the Declaration of Shane Brun contain highly confidential information regarding the technical details of specific elements of Uber's LiDAR systems, including specifications and diagrams, as well as Uber's development plans for these systems. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. Disclosure of this information could allow competitors to obtain a competitive advantage over Uber by giving them details into the technical components of Uber's LiDAR sensors, such that Uber's competitive standing could be significantly harmed. (Yang Decl. ¶ 3.)

Exhibit 3 to the Declaration of Shane Brun contains highly confidential information regarding the details of a business agreement. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. Disclosure of this information could allow competitors to obtain a competitive advantage over Uber by giving them details into how defendants negotiate their business agreements, such that Uber's competitive standing could be significantly harmed. (Yang Decl. ¶ 4.)

The red-highlighted portions of the Motion, the red-highlighted portions of the Declaration of Brent Schwartz, and the entirety of Exhibit 3 to the Declaration of Shane Brun contain information that has been designated "Highly Confidential – Attorneys' Eyes Only" by Otto Trucking in accordance with the Patent Local Rule 2-2 Interim Model Protective Order ("Protective Order"), which the parties have agreed governs this case (Transcript of 3/16/2017

1  Hearing, page 6).  Defendants file this material under seal in accordance with Paragraph 14.4 of
2  the Protective Order.  (Yang Decl. ¶ 5.)

3  The yellow-highlighted portions of the Motion and the entireties of Exhibits 17-18 contain
4  highly confidential information of third-party Velodyne.  Defendants request the Court keep this
5  third-party's technical information secret to protect their competitive standing.  (Yang Decl. ¶ 6.)

6  The green-highlighted portions of the Motion, the entirety of Exhibit 8, and the green-
7  highlighted portions of Exhibit 9-11, and 15 to the Yang Declaration, and entirety of Exhibits 6-7
8  to the Declaration of Shane Brun contain information that has been designated "Highly
9  Confidential – Attorneys' Eyes Only" by Waymo in accordance with the Patent Local Rule 2-2
10 Interim Model Protective Order ("Protective Order"), which the parties have agreed governs this
11 case (Transcript of 3/16/2017 Hearing, page 6).  Defendants file this material under seal in
12 accordance with Paragraph 14.4 of the Protective Order.  (Yang Decl. ¶ 7.)

13 Pursuant to Civil Local Rule 79-5(d)(2), Defendants will lodge with the Clerk the
14 documents at issue, with accompanying chamber copies.

15 Defendants served Waymo with this Administrative Motion to File Documents Under
16 Seal on August 31, 2017.

17 For the foregoing reasons, Defendants request that the Court enter the accompanying
18 Proposed Order granting Defendants' Administrative Motion to File Documents Under Seal and
19 designate the service copies of these documents as "HIGHLY CONFIDENTIAL –
20 ATTORNEYS' EYES ONLY."

22 Dated: August 31, 2017          MORRISON & FOERSTER LLP

                                  By:  /s/ Arturo J. González
                                       ARTURO J. GONZÁLEZ

                                  Attorneys for Defendants
                                  UBER TECHNOLOGIES, INC. and
                                  OTTOMOTTO LLC