# EXHIBIT 1

## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# EXHIBIT 1

HIGLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY

1   Neel Chatterjee (SBN 173985)
    nchatterjee@goodwinlaw.com
2   **GOODWIN PROCTER LLP**
    135 Commonwealth Drive
3   Menlo Park, California 94025
    Tel.: +1 650 752 3100
4   Fax.: +1 650 853 1038

5   Rachel M. Walsh (SBN 250568)
    rwalsh@goodwinlaw.com
6   Brett Schuman (SBN 189247)
    bschuman@goodwinlaw.com
7   **GOODWIN PROCTER LLP**
    Three Embarcadero Center
8   San Francisco, California 94111
    Tel.: +1 415 733 6000
9   Fax.: +1 415 677 9041

10  Attorneys for Defendant
    Otto Trucking LLC
11

12              **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14                  **SAN FRANCISCO DIVISION**

15  | Waymo LLC, | Case No. 3:17-cv-00939 |
|---|---|
| Plaintiff, | **DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES** |
| v. | |
| Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC, | |
| Defendants. | **Trial Date:  October 10, 2017** |

23  PROPOUNDING PARTY:    Plaintiff:  WAYMO LLC

24  RESPONDING PARTY:     Defendant: OTTO TRUCKING LLC

25  SET NO.:              Third Set of Expedited Interrogatories

26

27

28

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Otto Trucking LLC ("Otto Trucking") hereby provides objections and supplemental responses ("Objections" and "Responses") to Plaintiff Waymo LLC's ("Waymo") Third Set of Expedited Interrogatories (the "Interrogatories") served by Waymo on Otto Trucking on June 6, 2017.

## PRELIMINARY STATEMENT

Otto Trucking states that it is responding to the Interrogatories to the best of its present ability. While these Responses are based upon appropriate investigation by Otto Trucking and its counsel, they reflect the current state of Otto Trucking's knowledge respecting the matters about which inquiry is made. Thus, the information contained herein remains subject to further review, and, in making these Responses, Otto Trucking reserves the right to amend, supplement, and/or otherwise change its Responses to these Interrogatories as further investigation and discovery may make appropriate in accordance with Otto Trucking's obligations under the Federal Rules of Civil Procedure. Furthermore, Otto Trucking has prepared this Response based on its good faith interpretation and understanding of each individual Interrogatory, but Otto Trucking reserves its right to correct any errors or omissions.

Otto Trucking does not waive or intend to waive any objections that it may have regarding the use of any information provided, and Otto Trucking expressly reserves the rights to: (a) object to Waymo's use of any information provided on the ground of inadmissibility; and (b) object on any and all proper grounds, at any time, to any other discovery involving or relating to any information produced. No incidental or implied admissions are intended by the Responses set forth herein. These Responses are made solely for the purpose of this action. Nothing herein shall be construed as an admission respecting the admissibility or the relevance of any facts, documents, or information, as an admission that documents or information exist, or as an admission as to the truth or accuracy of any characterization or assertion contained in any Interrogatory. Each Response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections on grounds that would require the exclusion of any statement herein if any of the

**1**

Interrogatories were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

**GENERAL OBJECTIONS**

1. Otto Trucking objects to each and every Interrogatory to the extent it seeks to impose obligations and demands upon Otto Trucking beyond those required by Federal Rules of Civil Procedure 26 and 33, and the applicable Local Civil Rules of the United States District Court for the Northern District of California ("Local Rules").

2. Otto Trucking objects to each and every Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privileges or reasons for non-production. Waymo's discovery will not be construed to seek such information. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege or similar basis for non-disclosure.

3. Otto Trucking objects to these Interrogatories to the extent they seek information concerning matters or issues beyond the scope of the allegations in the Amended Complaint on the grounds that such discovery is overbroad, unduly burdensome, and neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.

4. Otto Trucking objects to each Interrogatory to the extent that it is unlimited in time and scope, especially in light of the expedited nature of the propounded Interrogatories.

5. Otto Trucking reserves all rights under the Rules of Civil Procedure to amend or supplement its responses as additional information is discovered.

**INTERROGATORY NO. 24:**

Identify the components of DEFENDANTS' self-driving vehicles that LEVANDOWSKI contributed to.

**RESPONSE TO INTERROGATORY NO. 24:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret

**2**

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)

1  misappropriation claims only," as required by the Court's Order Granting in Part and Denying in
2  Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking objects to the terms
3  "components" and "contributed to" as vague and ambiguous.
4        Subject to and without waiving the foregoing objections, Otto Trucking responds as follows:
5  Otto Trucking and its wholly owned subsidiary Otto Transport LLC own a number of trucks, some
6  of which use self-driving technology from third parties other than Uber or Ottomotto.  To the extent
7  that Otto Trucking has made use of any self-driving vehicle technology, it has only used LiDAR
8  products from Velodyne or Ibeo.  To the best of Otto Trucking's knowledge, Mr. Levandowski has
9  not built hardware or software for self-driving vehicle technology used by Otto Trucking.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24:**

11        Otto Trucking incorporates as if fully restated herein its original objections and response to
12  Interrogatory No. 24 and further states:
13        Otto Trucking is an entity that is entirely separate from Uber and Ottomotto.  Otto Trucking
14  is a limited liability company that has approximately one hundred members consisting of individuals
15  and IRAs, and has two managing members, Lior Ron and Anthony Levandowski.  Neither Uber nor
16  Ottomotto is a member of Otto Trucking, and neither has any ownership interest in Otto Trucking.
17  [REDACTED]  To the extent
18  that this Interrogatory seeks information relating to Mr. Levandowski's contributions to Uber or
19  Ottomotto, Otto Trucking states that it does not have any information on Mr. Levandowski's
20  contributions to Uber or Ottomotto.
21        Otto Trucking also states that Mr. Levandowski has not contributed to any components of
22  any self-driving vehicles leased by Otto Trucking or owned by Otto Transport LLC, Otto Trucking's
23  wholly owned subsidiary.  Otto Trucking refers Waymo to OTTOTRUCKING00000085-114, the
24  Framework Agreement, and OTTOTRUCKING00002523-2739, the Agreement and Plan of Merger,
25  which explain the relationships between Otto Trucking and Defendants.
26  [REDACTED]
27  [REDACTED]

**3**

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF
EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)

1
2 ███████████████████████. Neither the Spider nor Fuji LiDAR systems, which are the systems
3 that Waymo alleges are the basis for Waymo's patent infringement and trade secrets claims, has ever
4 been installed on any of the Leased trucks.
5 ████████████████████████████████████████████████ (the "Otto
6 Transport Trucks"). Otto Transport is the sole owner of these trucks. Otto Trucking does not own
7 any trucks. Aside from owning Otto Transport, Otto Trucking has no operations or employees.
8 Aside from owning the Otto Transport Trucks, Otto Transport has no operations or employees.
9 ███████████████████████████████████████
10 ████████████████████████████████████████████████████████
11 ████████████████████ The third truck does not have any LiDAR technology installed. Neither
12 the Spider nor Fuji LiDAR systems, which are the systems that Waymo alleges are the basis for
13 Waymo's patent infringement and trade secrets claims, has ever been installed on any Otto Transport
14 Trucks████████████████████████████████████████
15 ███ To Otto Trucking's and Otto Transport's knowledge, Anthony Levandowski was not involved
16 in the development of the ██████████, the installation of these systems on the Otto Transport
17 trucks, or testing of these systems.
18    In conclusion, Otto Trucking is not aware of any components of DEFENDANTS' self-
19 driving vehicles that Mr. Levandowski has contributed to.

**INTERROGATORY NO. 25:**

Identify the components of DEFENDANTS' self-driving vehicles that LEVANDOWSKI did not contribute to.

**RESPONSE TO INTERROGATORY NO. 25:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims only," as required by the Court's Order Granting in Part and Denying in

**4**

Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking objects to the term "components" and "contribute to"  as vague and ambiguous.

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows:  Subject to and without waiving the foregoing objections, Otto Trucking responds as follows:  Otto Trucking and its wholly owned subsidiary Otto Transport LLC own a number of trucks, some of which use self-driving technology from third parties other than Uber or Ottomotto.  To the extent that Otto Trucking has made use of any self-driving vehicle technology, it has only used LiDAR products from Velodyne and Ibeo.  To the best of Otto Trucking's knowledge, Mr. Levandowski has not built hardware or software for self-driving vehicle technology used by Otto Trucking.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 25:**

Otto Trucking incorporates as if fully restated herein its original objections and response to Interrogatory No. 25 and further states:

Otto Trucking is an entity that is entirely separate from Uber and Ottomotto.  Otto Trucking is a limited liability company that has approximately one hundred members consisting of individuals and IRAs, and has two managing members, Lior Ron and Anthony Levandowski.  Neither Uber nor Ottomotto is a member of Otto Trucking, and neither has any ownership interest in Otto Trucking.  ███████████████████████████████████████████████████████  To the extent that this Interrogatory seeks information relating to Mr. Levandowski's contributions to Uber or Ottomotto, Otto Trucking states that it does not have any information on Mr. Levandowski's contributions to Uber or Ottomotto.

Otto Trucking also states that Mr. Levandowski has not contributed to any components of any self-driving vehicles leased by Otto Trucking or owned by Otto Transport LLC, Otto Trucking's wholly owned subsidiary.  Otto Trucking refers Waymo to OTTOTRUCKING00000085-114, the Framework Agreement, and OTTOTRUCKING00002523-2739, the Agreement and Plan of Merger, which explain the relationships between Otto Trucking and Defendants.  Otto Trucking further refers Waymo to its supplemental response to Interrogatory 24 above.

5

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)

In conclusion, Otto Trucking is not aware of any components of DEFENDANTS' self-driving vehicles that Mr. Levandowski has contributed to.

Dated:  July 7, 2017                                          Respectfully submitted,

By:  */s/ Neel Chatterjee*

Neel Chatterjee
*nchatterjee@goodwinlaw.com*
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Tel.:  +1 650 752 3100
Fax.:  +1 650 853 1038

Brett Schuman
*bschuman@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.:  +1 415 733 6000
Fax.:  +1 415 677 9041

*Attorneys for Defendant*
OTTO TRUCKING LLC

**6**

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES (CASE NO.:  3:17-CV-00939-WHA)

# CERTIFICATE OF SERVICE

I, Hong-An Vu, declare as follows:

1. I am of counsel at the law firm of Goodwin Procter, LLP, whose address is 601 South Figueroa Street, 41st Floor, Los Angeles, CA 90017. I am over the age of eighteen and not a party to this action.

2. On July 7, 2017, I caused the following document to be served on all counsel of record via electronic mail: DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES

3. This document was transmitted via electronic mail to the addresses below, pursuant to the agreement between the parties, and the electronic mail transmission was reported as complete and without error.

| Recipient | Email Address: |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Charles K. Verhoeven (Bar No. 170151)<br>David A. Perlson (Bar No. 209502)<br>Melissa Baily (Bar No. 237649)<br>John Neukom (Bar No. 275887)<br>Jordan Jaffe (Bar No. 254886)<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4788<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 | qewaymo@quinnemanuel.com<br><br>lcunningham@wsgr.com |
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>**MORRISON & FOERSTER LLP**<br>425 Market Street<br>San Francisco, CA 94105 | UberWaymoMoFoAttorneys@mofo.com |

**7**

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)

| | |
|---|---|
| Michelle Ching Youn Yang<br>**MORRISON FOERSTER LLP**<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006<br><br>Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>Wendy Joy Ray<br>**MORRISON & FOERSTER LLP**<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017 | |
| **Michael Darron Jay**<br>**BOIES SCHILLER & FLEXNER LLP**<br>**401 Wilshire Boulevard, Suite 850**<br>**Santa Monica, CA 90401**<br><br>**Meredith Richardson Dearborn**<br>**BOIES SCHILLER FLEXNER LLP**<br>**435 Tasso Street**<br>**Suite 205**<br>**Palo Alto, CA 94301**<br><br>**Hamish Hume**<br>**Jessica E Phillips**<br>**Karen Leah Dunn**<br>**Kyle N. Smith**<br>**Martha Lea Goodman**<br>**BOIES SCHILLER FLEXNER LLP**<br>**1401 New York Ave., NW**<br>**Washington, DC 20005** | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| **John L. Cooper**<br>**Farella Braun + Martel LLP**<br>**235 Montgomery Street**<br>**17th Floor**<br>**San Francisco, California 94104**<br>**415.954.4410**<br>**415.954.4480** | jcooper@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of July, 2017, in Los Angeles, CA.

                                    */s/ Hong-An Vu*
                                    Hong-An Vu
                                    Attorneys for OTTO TRUCKING LLC

8

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF
EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)

## **VERIFICATION**

I, Rhian Morgan, declare that I have reviewed Otto Trucking LLC's OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFF WAYMO, LLC'S THIRD SET OF EXPEDITED INTERROGATORIES and know its contents.

I am Corporate Secretary at Otto Trucking LLC, a party to this action, and am authorized to make this verification for and on its behalf. I am informed and believe and on that basis state that the responses provided therein are true and correct.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this __7__th day of July, 2017 in _Alameda CA_

_/s/ Rhian Morgan_
Rhian Morgan
Corporate Secretary
Otto Trucking LLC

10

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)