# *E*XHIBIT *2*

***REDACTED VERSION
OF DOCUMENT
SOUGHT TO BE SEALED***

*E*XHIBIT *2*

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
Otto Trucking LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Waymo LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>    Defendants. | Case No. 3:17-cv-00939<br><br>**DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES**<br><br>**Trial Date:  October 10, 2017** |

PROPOUNDING PARTY:    Plaintiff:  WAYMO LLC

RESPONDING PARTY:     Defendant: OTTO TRUCKING LLC

SET NO.:                         Third Set of Expedited Interrogatories

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Interrogatories were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

## GENERAL OBJECTIONS

1. Otto Trucking objects to each and every Interrogatory to the extent it seeks to impose obligations and demands upon Otto Trucking beyond those required by Federal Rules of Civil Procedure 26 and 33, and the applicable Local Civil Rules of the United States District Court for the Northern District of California ("Local Rules").

2. Otto Trucking objects to each and every Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privileges or reasons for non-production. Waymo's discovery will not be construed to seek such information. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege or similar basis for non-disclosure.

3. Otto Trucking objects to these Interrogatories to the extent they seek information concerning matters or issues beyond the scope of the allegations in the Amended Complaint on the grounds that such discovery is overbroad, unduly burdensome, and neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.

4. Otto Trucking objects to each Interrogatory to the extent that it is unlimited in time and scope, especially in light of the expedited nature of the propounded Interrogatories.

5. Otto Trucking reserves all rights under the Rules of Civil Procedure to amend or supplement its responses as additional information is discovered.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 21:

Describe in detail the development of the [REDACTED] used by DEFNDANTS in their LIDAR designs and devices, including who contributed to the design, and when and how [REDACTED] were first selected and evolved over time, and the identity, by Bates Number of the DOCUMENTS evidencing the same.

**2**

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF
EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)

**RESPONSE TO INTERROGATORY NO. 21:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims only," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464).

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Otto Trucking does not and has not developed ▮▮▮▮ in LiDAR designs or devices. Otto Trucking does not have information responsive to Interrogatory No. 21.

**INTERROGATORY NO. 22:**

Describe in detail the development of the photodetectors and photodetector circuits implemented by UBER or OTTO for LIDAR, including who contributed to the design and when, and the identity by Bates Number, of the DOCUMENTS evidencing the same.

**RESPONSE TO INTERROGATORY NO. 22:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims only," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464).

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Otto Trucking does not and has not developed photodetectors or photodetector circuits. Otto Trucking does not have information responsive to Interrogatory No. 22.

**INTERROGATORY NO. 23:**

Describe in detail the development of DEFENDANTS' ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, including who contributed to the design, how ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ were first selected and evolved over time, how ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ were first selected and evolved over time, and the identity, by Bates Number, of the documents evidencing the same.

3

**RESPONSE TO INTERROGATORY NO. 23:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims only," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464).

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Otto Trucking does not and has not developed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Otto Trucking does not have information responsive to Interrogatory No. 23.

**INTERROGATORY NO. 24:**

Identify the components of DEFENDANTS' self-driving vehicles that LEVANDOWSKI contributed to.

**RESPONSE TO INTERROGATORY NO. 24:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims only," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464). Otto Trucking objects to the terms "components" and "contributed to" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Otto Trucking and its wholly owned subsidiary Otto Transport LLC ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. To the extent that Otto Trucking has made use of any self-driving vehicle technology, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ To the best of Otto Trucking's knowledge, Mr. Levandowski has not built hardware or software for self-driving vehicle technology used by Otto Trucking.

**INTERROGATORY NO. 25:**

Identify the components of DEFENDANTS' self-driving vehicles that LEVANDOWSKI did not contribute to.

**4**

**RESPONSE TO INTERROGATORY NO. 25:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims only," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464). Otto Trucking objects to the term "components" and "contribute to" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Otto Trucking and its wholly owned subsidiary Otto Transport LLC ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. To the extent that Otto Trucking has made use of any self-driving vehicle technology, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ To the best of Otto Trucking's knowledge, Mr. Levandowski has not built hardware or software for self-driving vehicle technology used by Otto Trucking.

**INTERROGATORY NO. 26:**

Describe all " ▬▬▬▬▬▬▬▬▬ " as defined in the ACQUISITION DOCUMENTS, and identify, by Bates Number, the documents evidencing or detailing the same.

**RESPONSE TO INTERROGATORY NO. 26:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims only," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464).

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: information responsive to this Request is the subject to the attorney-client privilege, the attorney work-product doctrine, and joint defense privileges, and documents reflecting this information have been logged in privilege logs served on April 13, 2017 in Defendants' Supplemental Privilege Log Associated with March 31, 2017 Production of Documents, on April 27, 2017 in Defendants' Amended Supplemental Privilege Log Associated with March 31, 2017 Production of Documents,

5

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)

1  on April 28, 2017 in Defendants' Privilege Log Associated with March 31, 2017 Production of

2  Documents, on May 1, 2017 in Defendants' Privilege Log Associated with March 31, 2017

3  Production of Documents, and on May 22, 2017 in Uber Technologies, Inc. and Ottomotto LLC's

4  Privilege Log 5.22.2017 (O'Melveny & Myers LLP).  Otto Trucking is not aware of further

5  information responsive to this Interrogatory.

6  **INTERROGATORY NO. 27:**

7  Describe the meetings that took place in San Francisco between LEVANDOWSKI and

8  UBER on or around January 12, 2016, including an identification of who was present (whether in

9  person or telephonically) and the subject matter of what was discussed.

10 **RESPONSE TO INTERROGATORY NO. 27:**

11 Otto Trucking incorporates each of its general objections by reference.  Otto Trucking further

12 objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret

13 misappropriation claims only," as required by the Court's Order Granting in Part and Denying in

14 Part Plaintiff's Motion for Provisional Relief.  (Dkt. No. 464).  Otto Trucking further objects to this

15 Request to the extent that it seeks communications protected by the joint defense or common interest

16 privilege.  Otto Trucking further objects to this Request to the extent that it seeks communications

17 protected by the attorney client privilege, the attorney work product doctrine, and/or any other

18 applicable privilege or immunity.

19 Subject to and without waiving the foregoing objections, Otto Trucking responds as follows:

20 Otto Trucking does not have information responsive to Interrogatory No. 27.  Otto Trucking's

21 predecessor, 280 Systems LLC, was incorporated on February 1, 2016, and as such Otto Trucking

22 was not present at that meeting.

23 **INTERROGATORY NO. 28:**

24 Describe any alternate LIDAR designs that UBER or OTTO considered for Fuji that did not

25 include ████████████████████████████████████████████████████████ , and

26 identify, by Bates Number, the documents evidencing the same.

27

28

**6**

DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S THIRD SET OF
EXPEDITED INTERROGATORIES (CASE NO.: 3:17-CV-00939-WHA)

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

**RESPONSE TO INTERROGATORY NO. 28:**

Otto Trucking incorporates each of its general objections by reference. Otto Trucking further objects to this Interrogatory as not "reasonably narrow" or relevant to its "trade secret misappropriation claims only," as required by the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Provisional Relief. (Dkt. No. 464). Otto Trucking objects to this Interrogatory as vague and ambiguous in its use of the term "Otto." As such, Otto Trucking will respond with respect to Otto Trucking. Otto Trucking objects to this Interrogatory as overly broad and unduly burdensome, in particular in its use of the term "any" alternate LiDAR designs.

Subject to and without waiving the foregoing objections, Otto Trucking responds as follows: Otto Trucking has not considered any LiDAR designs for Fuji or for any other project. Otto Trucking does not have information responsive to Interrogatory No. 28.

Dated: June 20, 2017                                    Respectfully submitted,

By: */s/ Neel Chatterjee*

Neel Chatterjee
*nchatterjee@goodwinlaw.com*
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman
*bschuman@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

*Attorneys for Defendant*
OTTO TRUCKING LLC

**7**