# *E*XHIBIT *4*

***REDACTED VERSION***
***OF DOCUMENT***
***SOUGHT TO BE SEALED***

# *E*XHIBIT *4*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendants. | Case No. 3:17-cv-00939-WHA (JCS)<br><br>**PLAINTIFF WAYMO LLC'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**<br><br>Honorable William H. Alsup |

Pursuant to Patent Local Rules 3-1 and 3-2, Plaintiff Waymo, LLC ("Waymo") hereby submits this Disclosure of Asserted Claims and Infringement Contentions for U.S. Patent Nos. 8,836,922 ("the '922 patent"); 9,285,464 ("The '464 patent"); and 9,368,936 ("the '936 patent") (collectively, the "Patents in Suit").

Waymo's Infringement Contentions are based on information presently available to Waymo. Discovery in this matter is ongoing, and Waymo reserves the right to amend and/or

supplement this Disclosure should discovery reveal additional, relevant information.  *See* N.D. Cal. Pat. L.R. 3-6.

## I.  Disclosure Of Asserted Claims And Infringement Contentions

### A.  Asserted Claims Pursuant to Patent L.R. 3-1(a)

Based on information currently available, Waymo asserts infringement pursuant to 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, of Claims 1, 2, 4, 9, 14, 15, and 16 of the '922 patent; Claims 1, 2, 3, 4, 10, 15, 16, and 17 of the '464 patent; and Claims 1, 3, 5-7, 9, 11, 14, 16, 17, 19, and 20 of the '936 patent (collectively "the Asserted Claims").

To date the parties have only engaged in a limited expedited discovery process as ordered by the Court, and full discovery related to these claims has yet to commence in this matter (Dkt. 61, 426, 441).  Waymo reserves its right to amend these contentions, including, asserting additional claims, once Waymo exhausts the expedited discovery granted by the Court and continues onto discovery under the standard deadlines.

### B.  Accused Instrumentalities Pursuant to Patent L.R. 3-1(b)

Based upon Waymo's examination of the information produced pertaining to the Accused Instrumentalities and the limited discovery available to Waymo as of the date of these contentions, Waymo asserts that Defendants'[1] Spider and Fuji LiDAR devices infringe the Asserted Claims. In particular, Waymo asserts that:

Defendants' Spider LiDAR device infringes at least Claims 1, 2, 4, 9, 14, 15, and 16 of the '922 patent and Claims 1, 2, 4, 9, 14, 15, and 16 of the '464 patent.

[REDACTED]

After Waymo exhausts the expedited discovery granted by the Court, Waymo will seek additional discovery under the standard deadlines to obtain additional product information that is in Defendants' possession, custody, or control, and Waymo reserves the right to supplement its

---

[1] Based on discovery to date, Waymo asserts infringement by these Accused Instrumentalities by all Defendants.