QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | CASE NO. 3:17-cv-00939-WHA <br><br> **DECLARATION OF FELIPE CORREDOR IN SUPPORT OF DEFENDANT OTTO TRUCKING'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO MOTIONS TO QUASH AND EXHIBITS** |

I, Felipe Corredor, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Defendant Otto Trucking's Administrative Motion to File Under Seal Portions of Its Opposition to Motions to Quash and Exhibits (the "Administrative Motion"). The Administrative Motion seeks an order sealing highlighted portions of Otto Trucking's Letter Brief re Opposition to Motion to Quash ("Otto Trucking's Opposition") and of Exhibits 3 and 12 to the Declaration of Hayes Hyde, as well as the entirety of Exhibits 4-11 and 13-14.

3. Otto Trucking's Opposition (green highlighted portions in version filed herewith), Exhibits 3 and 6-10 (green highlighted portions in version filed herewith), and Exhibit 12 (red highlighted portions), and the entirety of Exhibits 5 and 14 contain, reference, and/or describe Waymo's highly confidential and sensitive business information. Such information includes details regarding Waymo's security measures and protocols, the scope of forensic investigations conducted, and detailed computer forensics regarding access to Waymo's trade secrets. I understand that Waymo maintains this information as confidential. The public disclosure of this information would cause significant competitive harm to Waymo, as its security measures and computer forensics methods would become known to competitors who could use such information to Waymo's disadvantage.

4. Exhibit 8 and 10 (portions highlighted in green in version filed herewith) additionally contain, reference, and/or describe Waymo's confidential technical information. The information Waymo seeks to seal includes the confidential design and functionality of Waymo's proprietary autonomous vehicle system, which Waymo maintains as secret. I understand that these designs are maintained as secret by Waymo (Dkt. 25-47) and that the designs are valuable to Waymo's business (Dkt. 25-31). The public disclosure of this information would give Waymo's competitors access to descriptions of the functionality or features of Waymo's autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

5.      Exhibits 8-10 (green highlighted portions in version filed herewith) additionally contain highly sensitive information that Waymo seeks to seal. Specifically, those portions contain the domain that hosts Waymo's highly confidential SVN repository and other computer systems. Public disclosure of such information will give bad actors seeking to hack Waymo's databases a target to attack. Further, there is no public purpose served by disclosing the precise web or IP address at which the servers reside.

6.      The entirety of Exhibits 5 and 14 additionally merit sealing because, unlike the emails that disclose the actual workings of the investigation, both of these documents are internal memoranda, prepared solely by attorneys and investigators. These documents lay out in detail the potential scope of the internal investigation into Levandowski and others. They detail the highly confidential thinking of the attorneys and investigators charged with the investigation. Disclosure of these documents will reveal these detailed thoughts and plans to the potential harassment of those involved.

7.      Finally, Exhibits 4-11 (portions highlighted in green in version filed herewith) contain email addresses and/or phone numbers of Waymo employees and former employees involved in this case, the disclosure of which would cause Waymo and those employees substantial harm due to the high public profile of this litigation.

8.      Waymo's request to seal is narrowly tailored to those portions of Otto Trucking's Opposition and Exhibits 3-12 and 14 that merit sealing.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on August 31, 2017.

By */s/ Felipe Corredor*
Felipe Corredor
Attorneys for WAYMO LLC

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Felipe Corredor.

By: /s/ *Charles K. Verhoeven*
      Charles K. Verhoeven