# EXHIBIT 4

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   David Perlson (Cal. Bar No. 209502)
3  davidperlson@quinnemanuel.com
   Melissa J. Baily (Cal. Bar No. 237649)
4  melissabaily@quinnemanuel.com
   John Neukom (Cal. Bar No. 275887)
5  johnneukom@quinnemanuel.com
   Jordan R. Jaffe (Cal. Bar No. 254886)
6  jordanjaffe@quinnemanuel.com
   50 California Street, 22nd Floor
7  San Francisco, California  94111-4788
   (415) 875-6600
8  (415) 875-6700 facsimile

9  Attorneys for Plaintiff WAYMO LLC

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                          SAN FRANCISCO DIVISION

13

14  WAYMO LLC                              Case No. 17-cv-00939-JCS

15         Plaintiffs,                     **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S FIFTH SET OF REQUESTS FOR ADMISSION (NOS. 37-45)**
       v.
16
   UBER TECHNOLOGIES, INC.;
17 OTTOMOTTO, LLC; OTTO TRUCKING
   LLC,
18
          Defendants.
19

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Waymo LLC ("Waymo") hereby responds and objects to Defendant Uber Technologies, Inc. ("Uber") and Ottomotto LLC's ("Ottomotto") Fifth Set of Requests for Admission (Nos. 37-45). These responses and objections are made based on its current understanding and on information reasonably available to Waymo at the present time. Waymo reserves the right to supplement these responses if and when additional information becomes available.

**GENERAL OBJECTIONS**

Waymo makes the following General Objections, whether or not separately set forth in response, to each and every instruction, definition, and question posed in the interrogatories. By responding to any of the requests or failing to specifically refer to or specify any particular General Objection in response to a particular request, Waymo does not waive any of these General Objections, or admit or concede the appropriateness of any purported request or any assumptions contained therein.

1.  Waymo objects to each request, and to the Definitions and Instructions, to the extent that they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup.

2.  Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment.

3. Waymo objects to each request to the extent that they seek information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

4. Waymo objects to each request to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this action and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5. Waymo objects to each request to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

6. Waymo objects to each request to the extent that they seek information that does not already exist, or that is not in Waymo's possession, custody, or control.

7. Waymo objects to each request to the extent that they require Waymo to provide information beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents and from a reasonable inquiry of its present employees.

8. Waymo objects to each request to the extent that they seek confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, or trade secrets. Subject to its other General Objections, and to any specific objections set forth below, Waymo will only provide relevant information in a manner consistent with the Protective Order entered by the Court in this matter.

9. Waymo objects to each request to the extent that they seek information that Waymo is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

10. Waymo objects to each request to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

11.     Waymo objects to each and every request to the extent that they call for a legal conclusion.

12.     Waymo objects to each and every request to the extent that they call for responses that are the subject of expert testimony.  Waymo will provide its expert reports pursuant to deadlines to be set by the Court for the exchange of such reports and will supplement or amend those reports as appropriate and as permitted by the Court.

13.     Waymo objects to each and every request to the extent that they call for information that is publicly available and therefore as accessible to Defendants as to Waymo.

14.     Waymo objects to these requests to the extent that they are premature.  Discovery is ongoing and Waymo has not yet completed its investigation of the matters at issue in this action. Waymo reserves the right to modify, supplement, change or amend its responses once Waymo has conducted the necessary discovery and investigation.

15.     Waymo responds to each and every request based on its knowledge, information and belief based on its investigation as of the date of the response; however, Waymo's investigation into the issues of this action remains ongoing.  Waymo reserves the right to supplement or amend its responses without prejudice pursuant to Rule 26(e).

16.     Waymo's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the interrogatories, whether implicit or explicit, is correct.

17.     Waymo incorporates by reference its General Objections in each of the specific responses set forth below.

### REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 37:**

Admit that You have not sued or brought claims against Anthony Levandowski for misappropriation of trade secrets.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

2  Subject to and without waiving its objections, Waymo responds as follows:

3  Admitted.

4

5  **REQUEST FOR ADMISSION NO. 38:**

6  Admit that You have not lost any profits related to the trade secrets and patented

7  technology that You have asserted in this case.

8

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

10  Subject to and without waiving its objections, Waymo responds as follows:

11  Admitted.

12

13  **REQUEST FOR ADMISSION NO. 39:**

14  Admit that Lyft, Inc. hired Luc Vincent, a former Google employee, to work on Lyft,

15  Inc.'s autonomous vehicle development.

16

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

18  Subject to and without waiving its objections, Waymo responds as follows:

19  Admitted.

20

21  **REQUEST FOR ADMISSION NO. 40:**

22  Admit that after Anthony Levandowski signed his employment agreement with Uber in

23  August 2016 (UBER00017083), he did not download any files from Waymo or Google.

24

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

26  Subject to and without waiving its objections, Waymo responds as follows:

27  Waymo lacks sufficient knowledge to either admit or deny, and on that basis: denied.

28

-4-   Case No. 17-cv-00939-JCS
01980-00104/9508233.1   WAYMO'S RESPONSES AND OBJECTIONS TO UBER AND OTTOMOTTO'S FIFTH SET OF RFAS (NOS. 37-45)

**REQUEST FOR ADMISSION NO. 41:**

Admit that the Documents produced by Plaintiff bates-labeled WAYMO-UBER-00000001 - WAYMO-UBER-00031430 are true, correct, and genuine copies of what they purport to be.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Subject to and without waiving its objections, Waymo responds as follows:

Admitted.

**REQUEST FOR ADMISSION NO. 42:**

Admit that Google has included indemnification provisions in contracts where Google was buying all or part of a company and agreed as part of the deal to indemnify some or all of the sellers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Subject to and without waiving its objections, Waymo responds as follows:

Admitted to the extent that Google has included some form of indemnification provisions in contracts where Google was buying all or part of a company; however, Google has never included a contractual provision indemnifying a seller for "bad acts" such as misappropriation of trade secrets.

**REQUEST FOR ADMISSION NO. 43:**

Admit that during its on-site inspections at Uber, Waymo found no evidence that Uber has misappropriated Google or Waymo trade secrets.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Subject to and without waiving its objections, Waymo responds as follows:

Denied.

**REQUEST FOR ADMISSION NO. 44:**

Admit that autonomous aircraft for transporting 1 or 2 people across short distances are competitive with autonomous ground vehicles.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Waymo specifically objects on the grounds that "competitive" is vague and ambiguous. Subject to its specific objection and without waiving its general objections, Waymo responds as follows:

Denied.

**REQUEST FOR ADMISSION NO. 45:**

Admit that the document produced by Waymo bates labeled WAYMO-UBER-00004175 - WAYMO-UBER-00004194 is a true, correct, and genuine copy of a Google/Waymo powerpoint presentation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Subject to and without waiving its objections, Waymo responds as follows:

Admitted.

DATED: August 24, 2017      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
     Charles K. Verhoeven
     Attorneys for WAYMO LLC