

Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com
+1 650 752 3100

August 31, 2017

**VIA ECF**

The Honorable Jacqueline Scott Corley
United States Magistrate Judge
United States District Court for the Northern District of California
Phillip Burton United States Courthouse
450 Golden Gate Avenue
Courtroom F - 15th Floor
San Francisco, CA 94102

Re:   *Waymo LLC v. Uber Technologies, LLC, et al.* **(Case No. 3:17-cv-00939-WHA)**

Dear Magistrate Judge Corley:

Otto Trucking LLC submits this letter brief moving to compel the depositions of witnesses and Google employees Nathaniel Fairfield, Leah Bijnens, John Krafcik and Andrew Barton Sweeney. Waymo LLC has alleged that Anthony Levandowski had been acting against Waymo's interests for some time and had been deeply involved with other companies, including Tyto LiDar (also known as Odin Wave), to compete with Waymo's self-driving car technology. Hours before the close of discovery, as a result of this Court's August 18th Order granting Otto Trucking's Motion to Compel, Waymo produced several documents that it had previously withheld from defendants. Among these was a document that disclosed, for the first time, the above witnesses' involvement in the investigation of Mr. Levandowski and their knowledge of relevant information pertaining to Odin Wave/Tyto. Contrary to Google's cries of lack of knowledge, these documents indicate that at least these witnesses knew Mr. Levandowski may have been involved with Odin Wave/Tyto. This information had not been previously provided to defendants. Due to the close of discovery, Otto Trucking requested that Waymo allow shortened depositions to go forward, but Waymo refused, forcing this motion. Otto Trucking will be prejudiced by Waymo's continued efforts to stifle discovery into matters that Waymo has put in issue, so Otto Trucking respectfully requests that the Court grant this Motion.

Respectfully submitted,

*/s/ Neel Chatterjee*

Neel Chatterjee
GOODWIN PROCTER LLP

*Attorneys for Defendant*
Otto Trucking LLC

cc:  Counsel of Record (via ECF); Special Master Cooper
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1



Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com
+1 650 752 3100

Waymo's modus operandi in discovery throughout this litigation has been to attempt to run out the clock on discovery by withholding relevant and responsive documents and information for as long as possible, until the Court forces disclosure. Waymo then uses this delay to restrict defendants' ability to conduct further discovery resulting from the materials Waymo has been forced to disclose. This is precisely the situation here, in which Waymo attempted to use privilege as a sword and a shield by claiming it could introduce work product favorable to its investigation of Mr. Levandowski, but prevent defendants from conducting discovery on that very topic. Once the Court became apprised of what Waymo was attempting to do, it ordered Waymo to produce additional documents and held that it had waived privilege as to the investigation conducted by Gary Brown into certain former Google employees. *See* Dkt. 1272.

Waymo ultimately produced approximately eighty additional documents literally hours before fact discovery closed. That production included a document entitled, "Chauffeur Departures Investigation," which included highly pertinent information that went to the heart of Waymo's allegations, particularly with respect to its investigation of acts related to Mr. Levandowski. This previously undisclosed document also indicated that Waymo had been investigating Mr. Levandowski's involvement in Odin Wave and Tyto. Specifically, Waymo CEO John Krafcik interviewed employees Nathaniel Fairfield and Andrew Barton Sweeney about their knowledge of Mr. Levandowski's outside businesses. Moreover, the Chauffeur Departures Investigation document, in conjunction with a previously-produced document, indicated that Leah Bijnens of Global Security at Google was involved in this investigation and had knowledge of the Odin Wave/Tyto issues. Otto Trucking ("OT") timely served a request for production on this very issue earlier in discovery, yet this key document was not previously produced, these witnesses were not disclosed as having this knowledge, and they were not named in Waymo's disclosures.

OT contacted Waymo to request that these depositions go forward and even offered place a shorter time limit than that which is afforded by the Federal Rules of Civil Procedure. OT reiterated this request at two subsequent meet and confers, but Waymo has never responded. OT should not be prejudiced because Waymo waited until the very last minute to produce documents that disclosed witnesses with knowledge pertinent to major issues in this case. Waymo has no legitimate basis to prevent the depositions from going forward, and the Court should grant this motion to compel.

I.     BACKGROUND FACTS

Among other allegations, Waymo contends that Mr. Levandowski planned to compete with Waymo for years before he actually left the company, and that he was using Waymo's technology as part of this effort. As alleged in Waymo's Opposition to Defendants' Motion to Compel Arbitration of, And to Stay, Trade Secret and UCL Claims:

> Google asserts that, **while** Mr. Levandowski was a Google employee, Mr. Levandowski improperly solicited Google employees and consultants to join another company, and violated his duties and obligations to Google by creating, or participating in, other, unauthorized companies during his Google employment. (*See* Dkt. 114-7 at 9-17, 114-8 at 9-16.) Specifically, Google alleges that Mr. Levandowski breached his obligations and duties to Google by building a company (Otto) that would ultimately compete with Google's self driving car project, and by secretly developing at least

1

> two other competing companies (Odin Wave, LLC and Tyto Lidar LLC). (*See id*.) Google also alleges that Mr. Levandowski embarked on a campaign to target and recruit valuable Google employees by soliciting them and inducing them to leave Google and join his competing venture, Otto, in part by using Google's confidential salary and compensation information to make targeted and individualized job offers. (*See id*.)

Dkt. 204, 7:10-21 (emphasis in original).

On June 16, 2017, OT served Waymo with its Second Set of Requests for Production of Documents and Things. Declaration of Noah Jennings ("Jennings Decl."), Ex. 1. Request No. 52 sought documents pertaining to other companies, such as Tyto and Odin Wave:

> All documents discussing, constituting, or relating to any competitive intelligence, investigation, research or analysis relating to other companies' self-driving or LiDAR technology, products or systems, including, but not limited to, any self-driving or LiDAR technology, products or systems of the Defendants or of any other third party including Velodyne, Tyto and any of the "dozens of established companies and start-ups" You claimed in Your Motion for Preliminary Injunction "are in a frenzied race, vying to commercialize self-driving technology."

*Id*., 8:3-8.

On July 17, 2017, Waymo served its responses, including its response to Request No. 52:

> Waymo objects to this request as overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Waymo objects to this request as compound. Waymo objects to this request to the extent it calls for documents beyond those of Project Chauffeur.
>
> Waymo objects to this request as overlapping with Uber/Otto RFP No. 1, seeking "Documents sufficient to show Waymo's knowledge of Defendants' autonomous vehicle program, including Defendants' design and development of LiDAR sensors (including LiDAR sensors from entities acquired by Defendants, such as Tyto LIDAR, LLC), Defendants' testing of autonomous vehicles, and Defendants' attempts to commercialize autonomous vehicle technology," in response to which Waymo agreed to "produce documents sufficient to show Waymo's knowledge of Defendants' autonomous vehicle program, including Defendants' design and development of LiDAR sensors (including LiDAR sensors from entities acquired by Defendants, such as Tyto LIDAR, LLC), Defendants' testing of autonomous vehicles, and Defendants' attempts to

commercialize autonomous vehicle technology, as located after a diligent search of custodial documents."

Waymo objects to this request as overlapping with Uber/Otto RFP No. 19, seeking "All documents relating to any efforts by Waymo to reverse engineer any third party's LiDAR technology (e.g., Velodyne's), including all documents concerning the time Waymo took to reverse engineer the third party's LiDAR technology," in response to which Waymo agreed to "produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to any efforts by Waymo to reverse engineer any third party's LiDAR technology."

To the extent that this request calls for documents beyond those relating to Waymo's existing production of documents showing Waymo's analysis of Defendants' LiDAR technology and attempts to commercialize, and to the extent that this request calls for documents beyond Waymo's existing production showing Waymo's analysis of competitors and Waymo's efforts to reverse engineer any LiDAR technology, Waymo will produce all documents relating to any competitive intelligence, investigation, research or analysis relating to other companies' self driving or LiDAR technology, products or systems, as located through a reasonably diligent search.

Jennings Decl., Ex. 2.

In addition, on April 3, June 21 and June 22, respectively, Waymo served its Initial Disclosures, Supplemental Disclosures and Corrected Supplemental Initial Disclosures. Jennings Decl., Exs. 3-5. None of these disclosures included witnesses Nathaniel Fairfield, Leah Bijnens, John Krafcik and Andrew Barton Sweeney. Jennings Decl., ¶¶ 4-6, Exs. 3-5.

On August 18, 2017, this Court granted OT's Motion to Compel and found that Waymo had waived privileged as to its forensic investigation. Dkt. 1272. Waymo subsequently produced approximately eighty (80) additional documents on August 24, 2017, at 8:54 p.m., just over three hours before the fact discovery cutoff at midnight the same day. Jennings Decl., ¶ 7, Ex. 6. Waymo's eleventh hour production included a document entitled, ███████████████████████ that revealed highly relevant information for the very first time. Ex. 7 at WAYMO-UBER-000084607-08 (the "Investigation Document"). Despite Waymo's failure to disclose this information in its disclosures and discovery (Exs. 2-5), the Investigation Document revealed that Nathaniel Fairfield, Leah Bijnens, John Krafcik and Andrew Barton Sweeney were all involved in an investigation into Anthony Levandowski's side projects, such as Odin Wave and Tyto, an issue that Waymo has deemed relevant its case against defendants. *See*, e.g., Jennings Decl., Ex. 7, Dkt. 204 at 7:10-21. This newly-disclosed document included notes regarding conversations and interviews with Messrs. Fairfield and Sweeney that had not previously been disclosed. Moreover, the document made clear that Mr. Krafcik conducted the interviews. These notes included:

3

- As to Mr. Fairfield:
  - 

- As to Mr. Sweeney:
  - 

Jennings Decl., Ex. 7.

Mr. Krafcik's relevance is obvious, insofar as he was the person conducting interviews of the other witnesses and was clearly hunting for information pertaining to Odin Wave and Tyto. Defendants previously deposed Mr. Krafcik without knowing about his direct role in this investigation. Consequently, he was only asked if he had heard of Tyto, and was not asked about Odin Wave. Mr. Krafcik's answer was vague at best and gave no indication of his role in the investigation into Odin Wave and Tyto. Jennings Decl., ¶ 9, Ex. 8.

Ms. Bijnens relevant knowledge is made clear in context. The Investigation Document listed Ms. Bijnens as part of the ███████ in the ███████ Ex. 7 at WAYMO-UBER000084602. This document, in conjunction with a previously produced document (WAYMO-UBER00006391) made clear that Ms. Bijnens, of Google Global Security, was a major part of this investigative process. Jennings Decl., Ex. 9. In the earlier document, ███████ During his deposition, Mr. Droz told OT's counsel that he did not believe he ever told Ms. Bijnens about Mr. Levandowski's relationship to Odin Wave. Jennings Decl., Ex. 10 at 285:24-290:21 and 304:22-306:18. Consequently, the latter document (WAYMO-UBER00006391) by itself is not that significant, but it becomes far more pertinent in conjunction with the newly disclosed knowledge that Ms. Bijnens was part of a team investigating Odin Wave, Tyto and other side projects. Clearly, Ms. Bijnens has knowledge pertaining to this investigation that Waymo was trying to keep from OT.

After learning this new important information, OT's counsel contacted Waymo's counsel to request the depositions and seek a meet and confer on these issues. Declaration of Todd A. Boock ("Boock Decl."), ¶ 2, Ex. 1. Receiving no response, OT's counsel participated in two meet and confers on August 31, 2017, wherein he addressed the need for the depositions, the newly-disclosed information and its

4

pertinence to an important factual issue being raised by Waymo against defendants. Boock Decl., ¶ 3. OT even offered to shorten the depositions to two and one-half hours each and to start with Fairfield and Bijnens, and then determine whether the other two depositions were necessary. *Id*., at ¶ 4, Ex. 2. Despite these offers at compromise, Waymo did not agree to the depositions. *Id* at ¶ 5.

In sum, until three hours before the close of fact discovery, defendants had no knowledge that Nathaniel Fairfield, Leah Bijnens, John Krafcik and Andrew Barton Sweeney possessed any important information pertinent to Odin Wave or Tyto. Now, defendants will be prejudiced by Waymo's gamesmanship if they are unable to depose witnesses in possession of relevant information. Consistent with prior discovery conduct, Waymo is attempting to use a factual issue against defendants – that Mr. Levandowski was engaged in side businesses while at Google/Waymo for the express purpose of using Waymo's technology for his own purposes – without allowing defendants to conduct discovery on that very issue.

## II. ARGUMENT

Judge Alsup's Standing Order provides as follows:

> Apart from discovery, Rule 26 requires certain automatic disclosures and requires them to be made in a timely manner. Under Rule 37(c), untimely-disclosed materials may not be used at trial or on summary judgment unless the delay in disclosure is "harmless" or unless "substantial justification" for the delay is shown.

Standing Order, ¶ 26.

Waymo had an affirmative obligation under Rule 26 to disclose, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Clearly, based on the Investigation Document, Ms. Bijnens and Messrs. Fairfield, Sweeney and Krafcik were individuals "likely to have discoverable information." Quite simply, Waymo contends that Mr. Levandowski had been using Waymo's technology for his other businesses, including Odin Wave and Tyto, in an ongoing effort to compete with Google. The individuals at issue in this motion possessed relevant information on that topic, and they should have been disclosed for that purpose, but Waymo opted not to do so. Consequently, OT is entitled to take their depositions, or Waymo should be precluded from making these unfounded allegations.

Waymo's failure to identify Nathaniel Fairfield, Leah Bijnens, John Krafcik and Andrew Barton Sweeney as individuals with relevant information, and the late production of the Investigation Documents, is good cause for defendants to take these witnesses' depositions as a matter of law. *See All Star Seed v. Nationwide Agribusiness Ins. Co.*, No. 12CV146-L BLM, 2013 WL 1882260, at *11 (S.D. Cal. May 3, 2013) (ordering depositions of late-disclosed witnesses). Similarly, Waymo's late production of relevant documents justifies reopening John Krafcik's deposition for additional questioning on this subject. *See id.* at *5-7 ("[W]hile . . . Plaintiff has already questioned the witnesses . . . Plaintiff did not have the opportunity to question the witnesses about the [late-produced documents], solely due to Defendant's failure to produce them."); *Syncora Guarantee Inc. v. EMC Mortgage Corp.*, 2013 WL 1208936, *2–3 (N.D. Cal. March 25, 2013) (finding good cause to reopen the deposition of the witness where Plaintiff could not have asked about documents that had not been produced at the time of the deposition, Plaintiff

did not choose to depose the witness relatively early in the discovery process, and the additional deposition would be limited to discussing only the new documents and not about the initial deposition).

## III. CONCLUSION

OT will be prejudiced by Waymo's refusal to act in good faith in discovery and allow these depositions to proceed. OT is entitled to explore the factual allegations against it and obtain evidence to support its defense, but Waymo continues to stonewall. There should be no dispute here – Waymo knows that the Investigation Document was produced at the eleventh hour and relates to the Odin Wave/Tyto issue – and Waymo should have simply agreed to the depositions. However, in keeping with the history of this case, OT is forced to ask the court for relief.

For these and the foregoing reasons, OT respectfully requests that the Court grant this motion to compel and allow the requested depositions to proceed forthwith.



Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025

goodwinlaw.com
+1 650 752 3100

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on August 31, 2017. I further certify that all participants in the case are registered CM/ECF users and that service of the redacted version of this discovery letter brief, including public and redacted attachments will be accomplished by the CM/ECF system.

    I certify under penalty of perjury that the foregoing is true and correct. Executed this 31st day of August 2017.

                                                                                          /s/ Neel Chatterjee
                                                                                      Neel Chatterjee