# EXHIBIT 1

# EXHIBIT 1

Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
OTTO TRUCKING LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

WAYMO LLC,

        Plaintiff,

        v.

UBER TECHNOLOGIES, INC., et al.,

        Defendants.

CASE NO.:  3:17-CV-00939-WHA

**OTTO TRUCKING LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Otto

2  Trucking LLC requests that Plaintiff Waymo LLC ("Waymo") respond to Otto Trucking's Second

3  Set of Requests for Production of Documents (the "Requests").  Otto Trucking requests that Waymo

4  produce for inspection and copying the documents and things set forth below at the offices of

5  Goodwin Procter LLP, 3 Embarcadero Center, San Francisco, CA 94111, within thirty (30) days, or

6  such other time as the parties agree or the Court orders.

7                                        **DEFINITIONS**

8    The words and phrases used in these Requests shall have the meanings ascribed to them

9  under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court

10  for the Northern District of California.  In addition, the following terms shall have the meanings set

11  forth below whenever used in any Request.

12    The following definitions apply to the instructions and requests below, regardless of whether

13  upper or lower case letters are used for the defined terms, and are incorporated into each instruction

14  and request as if fully set forth therein:

15    1.    "Action" and "this Action" shall mean *Waymo LLC vs. Uber Technologies, Inc.,*

16  *Ottomotto LLC, and Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA, pending in the United

17  States District Court for the Northern District of California.

18    2.    "Alleged Waymo Trade Secret(s)" shall mean the last bullet point paragraph

19  (beginning with the text: "The trade secret claimed is . . . .") in each numbered section of Plaintiff's

20  List of Asserted Trade Secrets Pursuant to Cal. Code Civ. Proc. Section 2019.210 (ECF No. 25-7,

21  Exhibit 1 to the Declaration of Jordan Jaffe).

22    3.    "LiDAR" shall mean light detection and ranging technologies, also known as ladar or

23  laser radar.

24    4.    "PCB" shall mean printed circuit board.

25    5.    "The '922 patent" shall mean United States Patent No. 8,836,922, entitled "Devices

26  and Methods for a Rotating LiDAR Platform with a Shared Transmit/Receive Path."

27    6.    "The '464 patent" shall mean United States Patent No. 9,285,464, entitled "Devices

28  and Methods for a Rotating LiDAR Platform with a Shared Transmit/Receive Path."

7.      "The '273 patent" shall mean United States Patent No. 9,086,273, entitled "Microrod Compression of Laser Beam in Combination with Transmit Lens."

8.      "The '936 patent" shall mean United States Patent No. 9,368,936, entitled "Laser Diode Firing System."

9.      "Asserted Patents" shall mean the '922 patent, '464 patent, '273 patent, and '936 patents, individually and collectively.

10.     "Communication" shall mean any transmission of information by any means, including without limitation: (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, voicemail, or any other means; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal.

11.     "Concerning, "Concern," "Relating to," "Relate to," and "Related to," and any variation of these terms, shall mean concerning, relating to, involving, discussing, regarding, pertaining to, mentioning, commenting on, connected with, describing, depicting, demonstrating, analyzing, explaining, summarizing, showing, evidencing, reflecting, identifying, setting forth, dealing with, embodying, comprising, consisting of, containing, constituting, supporting, refuting, contradicting, resulting from, recording, or in any way relevant to a particular subject, directly or indirectly, in whole or in part.

12.     "Document" or "Documents" shall have the broadest meaning possible under Rules 26 and 34 of the Federal Rules and shall include without limitation:  documents; ESI; Communications in written, electronic, and recorded form; and tangible things.

13.     "ESI" shall mean electronically stored information as defined by and used in the Federal Rules.

14.     "Include" and "Including" shall mean including without limitation.

15.     "Person" shall mean any natural person or any corporation, partnership, or other business, legal, or governmental entity or association, as well as its officers, directors, employees, agents, representatives, consultants, and attorneys.

16.     "Project Chauffeur" or "Chauffeur" refers to Google Inc.'s self-driving car project, including its predecessors and successors in interests (including Waymo LLC), of which Mr. Anthony Scott Levandowski was a member prior to his departure from Google.

17.     "Related Patent" shall mean: (a) any of the applications for the Asserted Patents or any United States or non-United States patent application to or through which any of the Asserted Patents claims priority; any predecessor, provisional, international, continuation, continuation-in-part, divisional, or reissue application of the foregoing patent application (including any rejected, abandoned, or pending application); any publication of the foregoing applications; any United States or non-United States patent that issues or has issued on any of the foregoing applications; or any patent issuing from any interference, reexamination, review, or opposition relating to any of the foregoing patents or patent applications; or (b) any United States or non-United States patent application that claims priority to or through any of the Asserted Patents; any predecessor, provisional, international, continuation, continuation-in-part, divisional, or reissue application of the foregoing patent application (including any rejected, abandoned, or pending application); any publication of the foregoing applications; any United States or non-United States patent that issues or has issued on any of the foregoing applications; or any patent issuing from any interference, reexamination, review, or opposition relating to any of the foregoing patents or patent applications.

18.     "Waymo," "Plaintiff," "You," and "Your" shall mean collectively and individually: Waymo LLC (previously Project Chauffeur), Google Inc., and Alphabet Inc.; their parents, predecessors, successors, assigns, affiliates, direct and indirect subsidiaries, and partners;  any joint venture in which Waymo LLC, Google Inc., and/or Alphabet Inc. hold an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

19.     "Uber" shall mean Uber Technologies, Inc., and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Uber Technologies, Inc. holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

Otto Trucking LLC's Second Set of Requests for Production of Documents and Things
Case No. 3:17-cv-00939-WHA

20.     "Ottomotto" shall mean Ottomotto LLC, and any predecessor or successor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Ottomotto LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

21.     "Otto Trucking" shall mean Otto Trucking LLC, and any predecessor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Otto Trucking LLC holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

22.     "Defendants" shall mean Uber Technologies, Inc. ("Uber") and Ottomotto LLC ("Otto") and Otto Trucking LLC.

23.     "Velodyne" shall mean Velodyne LiDAR, Inc., Velodyne Acoustics, Inc., and any predecessor entities, any parents, subsidiaries, or affiliates, and any joint ventures in which Velodyne LiDAR holds an interest; persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

24.     "Waymo Complaint" or "Complaint" shall mean the First Amended Complaint filed by Waymo against Defendants in this action on March 10, 2017, and any further amended complaint filed by Waymo in this action.

25.     "Waymo PI Motion" shall mean the Motion for a Preliminary Injunction filed by Waymo against Defendants in this action on March 10, 2017.

26.     "Uber PI Opposition" shall mean the Opposition to Waymo PI Motion filed by Defendants in this action on April 7, 2017.

27.     "Waymo PI Reply" shall mean the Reply in Support of the Waymo PI Motion filed by Waymo in this action on April 21, 2017.

28.     "Uber PI Sur-Reply" shall mean the Sur-Reply to Waymo PI Motion filed by Defendants in this action on April 28, 2017.

29. "Waymo Side Project(s)"/ "Side Project(s)" or "Waymo Side Business(es)"/"Side Business(es)" shall mean personal side project(s) or business(es) in which a Waymo employee participates while employed at Waymo LLC or Project Chauffeur.

30. "Alphabet Side Project(s)"/ "Side Project(s)" or "Alphabet Side Business(es)"/"Side Business(es)" shall mean personal side project(s) or business(es) in which a Google Inc. or Alphabet Inc. employee participates while employed at Google or Alphabet, including but not limited to Zee.Aero, Kitty Hawk, and Tiramisu.

31. "Waymo's SVN server" shall mean the Subversion server(s) or repository(ies) that holds technical information and documents including design files, schematics, source code, scripts, and other confidential information regarding Waymo.  This term shall mean to include the "design server" described in at least paragraphs 43 and 44 of the Waymo Complaint, the SVN Repository described at paragraphs 23-25 of the March 9, 2017 Declaration of Michael Janosko submitted in support of Waymo's Motion for Preliminary Injunction, and the "SVN repository" discussed at lines 8-21 of page 3 of the Court's May 11, 2017 Order Granting In Part and Denying In Part Plaintiff's Motion for Provisional Relief.

32. "Access" or "Accessing" shall mean: (i) logging in; (ii) retrieving, viewing, checking out, or exporting any data to another device; (iii) transmitting any data to a location different from the server; (iv) checking in modified data; (v) deleting data; (vi) checking in new data; and/or (vii) otherwise receiving or manipulating data from the server.

## **INSTRUCTIONS**

1. You must respond to these requests for Documents in accordance and compliance with the Federal Rules, the Local Rules, any relevant order entered in this Action, and the Default Standard for Discovery in this judicial district or other superseding agreements between the parties related to discovery.

2. In accordance with the applicable Federal Rules, the requests below seek the production of all responsive Documents in Your possession, custody, or control.

3. All documents shall be produced in the following form:

(i).     Single-page group IV TIFFs in at least 300 dpi for black and white images, or .JPG for images produced in color;

(ii).     Searchable text files at the document level (one text file for each document, rather than one text file for each page of a document) for each document bearing the name of the beginning production number for each document (text of native files to be extracted directly from native files where possible; OCR for paper documents);

(iii).     Database load files and cross reference files, e.g., Concordance default delimited file (metadata) and an Opticon-delimited file (image reference files), and including the following fields (to the extent the metadata is available):  Beg Bates No., End Bates No., Bates Range, Bates Parentid, Attach Begin, Attach End, Page Count, From/Author, To/Recipient(s), CC, Bcc, Email Date Sent, Email Time Sent, Email Date Received, Email Time Received, Email Subject, Custodian, File Name, Document Created Date, Document Last Modified Date, Document Last Accessed Date, File Type, Location/Source, Text Link (path to text), Native Link (path to native file); and

(iv).     MS Excel, MS Powerpoint, MS Access, and comparable spreadsheet, presentation, and database files, and audio and video files, shall be produced in native format to the extent they do not include privileged redactions.  A party may make a reasonable request to receive additional document in its native format, and upon receiving such a request, the producing party shall produce the document in its native format.

4.     All Documents are to be produced as kept in the usual course of business, or as organized and labeled to correspond to the specific requests set forth below, or as otherwise agreed in writing between You and Defendant.

5.     All drafts of a responsive Document must be produced, as well as all non-identical copies of the Document.  Any comment, notation, or other marking shall be sufficient to distinguish Documents that are otherwise similar in appearance and to make them separate Documents for purposes of Your response.  Any preliminary form, intermediate form, superseded version, or amendment of any Document is to be considered a separate Document.

6.     The file folder or other container in which a Document is kept is deemed to be an

Otto Trucking LLC's Second Set of Requests for Production of Documents and Things
Case No. 3:17-cv-00939-WHA

integral part of the Document and shall be produced with the Document.

7. Each paragraph and subparagraph of these instructions and the requests for production, as well as the definitions herein, shall be construed independently, and no paragraph or subparagraph or definition shall limit the scope of any other.

8. If You object to any Document request or any part of a Document request, identify the part to which You object, state the objection(s) with specificity, and provide a response to the remaining unobjectionable part.

9. If You object to all or any part of a Document request, the objection must state whether any responsive Documents are being withheld on the basis of that objection.

10. If You withhold any Document based on a claim of privilege, immunity, or protection from disclosure, You must provide a statement of the claim in accordance with Rule 26(b)(5) of the Federal Rules, and as required by Provision 1(d) of the Default Standard for Discovery in this judicial district or as otherwise agreed by the parties. Such statement should explain and substantiate the claim so as to permit adjudication of the claim's propriety.

11. If a Document is in a language other than English, and an English translation exists, provide both the original and the English translation.

12. If You have no Documents in Your possession, custody, or control that are responsive to a particular Document request, please so state.

13. The requests, definitions, and instructions herein are propounded for the purpose of discovery and are not to be taken as a waiver of or prejudice to any objections that may be made at any hearing or trial in this Action to the introduction of any evidence relating to Documents responsive to these requests or as an admission of the authenticity, relevance, or materiality of Documents responsive to these requests.

14. These requests shall be deemed to be continuing in accordance with Rule 26(e) of the Federal Rules, so that You are required to supplement Your response and production if You come into the possession, custody, or control of additional responsive Documents between the time of initial production and the time of trial.

# REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 52:

All documents discussing, constituting, or relating to any competitive intelligence, investigation, research or analysis relating to other companies' self-driving or LiDAR technology, products or systems, including, but not limited to, any self-driving or LiDAR technology, products or systems of the Defendants or of any other third party including Velodyne, Tyto and any of the "dozens of established companies and start-ups" You claimed in Your Motion for Preliminary Injunction "are in a frenzied race, vying to commercialize self-driving technology."

## REQUEST FOR PRODUCTION NO. 53:

All documents discussing, constituting, or relating to comparisons between Waymo's self-driving or LiDAR technology, products and systems and the self-driving or LiDAR technology, products, or systems of the Defendants or of any other third party, including the "dozens of established companies and start-ups" You claimed in Your Motion for Preliminary Injunction "are in a frenzied race, vying to commercialize self-driving technology."

## REQUEST FOR PRODUCTION NO. 54:

All documents and communications regarding autonomous or self-driving trucks, including, but not limited to, all analysis of technical and market similarities and differences between self-driving cars and self-driving trucks.

## REQUEST FOR PRODUCTION NO. 55:

All documents reflecting requests and demands on Mr. Levandowski or other members of Project Chauffeur to work on projects outside the scope of Project Chauffeur, such as the Kitty Hawk flying car project, including but not limited to all communications, including email and text communications, with Mr. Levandowski or other members of Project Chauffer to or from Sergey Brin, Larry Page, Eric Schmidt or Sebastian Thrun, as well as all communications, including email and text communications, among or between any of Mssrs. Brin, Page, Schmidt and Thrun.

**REQUEST FOR PRODUCTION NO. 56:**

All documents reflecting Mr. Levandowski's resistance to, complaints about or frustration with his work or other Project Chauffeur team member's work on projects outside the scope of Project Chauffeur.

**REQUEST FOR PRODUCTION NO. 57:**

All documents reflecting or relating to all internal complaints, discussions, and meetings regarding the progress (or lack thereof), direction, and pace of development of Waymo's self-driving technology, including Project Chauffeur, including but not limited to all responsive documents and communications of Chris Urmson and John Krafcik.

**REQUEST FOR PRODUCTION NO. 58:**

All documents referring to or discussing Mr. Levandowski's employment at Waymo, including all responsive documents and communications of Sergey Brin, Larry Page, Eric Schmidt, Sebastian Thrun, Chris Urmson and John Krafcik.

**REQUEST FOR PRODUCTION NO. 59:**

A copy of Mr. Levandowski's personnel file for his employment at Google and Waymo.

**REQUEST FOR PRODUCTION NO. 60:**

All documents relating to Waymo's ownership of each alleged Waymo trade secret from "Plaintiff's List of Asserted Trade Secrets Pursuant to Cal. Code Civ. Proc. Section 2019.210," Dkt. No. 25-7, attached to the Declaration of Jordan Jaffe dated March 10, 2017 ("Waymo's 2019 Disclosure"), and any additional alleged trade secrets that are or become at issue in this case.

**REQUEST FOR PRODUCTION NO. 61:**

For each of the alleged trade secrets disclosed in Waymo's 2019 Disclosure, all documents assigning, or relating to the assignment of and/or ownership of, the alleged trade secrets rights to or by Waymo.

**REQUEST FOR PRODUCTION NO. 62:**

All licenses to intellectual property, including patents, copyrights, trade secrets, and know-how, executed by Waymo, including for each of the alleged trade secrets disclosed in Waymo's 2019 Disclosure.

Otto Trucking LLC's Second Set of Requests for Production of Documents and Things
Case No. 3:17-cv-00939-WHA

**REQUEST FOR PRODUCTION NO. 63:**

Documents sufficient to show the reasons and business analysis for Your "technical exploration" into and interest in self-driving trucking, including as mentioned in the article titled "Alphabet's Waymo is Also Exploring Self-Driving Trucking" at the following link: https://techcrunch.com/2017/06/02/alphabets-waymo-is-also-exploring-self-driving-trucking/.

**REQUEST FOR PRODUCTION NO. 64:**

Documents sufficient to show when You began investigating self-driving trucking or considering a move into self-driving trucking.

**REQUEST FOR PRODUCTION NO. 65:**

Documents sufficient to show that Waymo technology could be integrated into a truck and used in a self-driving trucking application.

**REQUEST FOR PRODUCTION NO. 66:**

Documents sufficient to identify all of Your employees involved in Your exploration of and investigation into self-driving trucking.

**REQUEST FOR PRODUCTION NO. 67:**

All business plans and evaluations relating to exploration and investigation of the self-driving trucking business.

Dated: June 16, 2017

GOODWIN PROCTER LLP,


By:  /s/ I. Neel Chatterjee

Neel Chatterjee
nchatterjee@goodwinlaw.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman
bschuman@goodwinlaw.com
Rachel M. Walsh
rwalsh@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
OTTO TRUCKING, LLC

Otto Trucking LLC's Second Set of Requests for Production of Documents and Things
Case No. 3:17-cv-00939-WHA

**CERTIFICATE OF SERVICE**

I, James Lin, declare as follows:

1.      I am an attorney at the law firm of Goodwin Procter, LLP, whose address is 135 Commonwealth Drive, Menlo Park, CA 94025-1105. I am over the age of eighteen and not a party to this action.

2.      On June 16, 2017, I caused the following document to be served on all counsel of record via electronic mail: Otto Trucking LLC's Second Set of Requests for Production of Documents and Things.

3.      This document was transmitted via electronic mail to the addresses below, pursuant to the agreement between the parties, and the electronic mail transmission was reported as complete and without error.

| Recipient | Email Address: |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Charles K. Verhoeven (Bar No. 170151)<br>David A. Perlson (Bar No. 209502)<br>Melissa Baily (Bar No. 237649)<br>John Neukom (Bar No. 275887)<br>Jordan Jaffe (Bar No. 254886)<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4788<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 | QE-Waymo@quinnemanuel.com |
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>**MORRISON & FOERSTER LLP**<br>425 Market Street<br>San Francisco, CA 94105<br><br>Michelle Ching Youn Yang<br>**MORRISON FOERSTER LLP**<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006<br><br>Rudolph Kim | UberWaymo@mofo.com |

Otto Trucking LLC's Second Set of Requests for Production of Documents and Things
Case No. 3:17-cv-00939-WHA

| | |
|---|---|
| MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>Wendy Joy Ray<br>**MORRISON & FOERSTER LLP**<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017 | |
| Michael Darron Jay<br>**BOIES SCHILLER & FLEXNER LLP**<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401<br><br>Meredith Richardson Dearborn<br>**BOIES SCHILLER FLEXNER LLP**<br>435 Tasso Street<br>Suite 205<br>Palo Alto, CA 94301<br><br>Hamish Hume<br>Jessica E Phillips<br>Karen Leah Dunn<br>Kyle N. Smith<br>Martha Lea Goodman<br>**BOIES SCHILLER FLEXNER LLP**<br>1401 New York Ave., NW<br>Washington, DC 20005 | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| John L. Cooper<br>**Farella Braun + Martel LLP**<br>235 Montgomery Street<br>17th Floor<br>San Francisco, California 94104<br>415.954.4410<br>415.954.4480 | jcooper@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th

day of June, 2017, at San Francisco, CA.

*/s/ James Lin*
James Lin

Otto Trucking LLC's Second Set of Requests for Production of Documents and Things
Case No. 3:17-cv-00939-WHA