# EXHIBIT 2

# EXHIBIT 2

1    QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
3    davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
4    melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
5    johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
6    jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
7    San Francisco, California  94111-4788
(415) 875-6600
8    (415) 875-6700 facsimile

9    Attorneys for Plaintiff WAYMO LLC

10                 UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13

| | |
|---|---|
| WAYMO LLC | Case No. 17-cv-00939-JCS |
|         Plaintiffs, | **PLAINTIFF'S OBJECTIONS AND RESPONSES TO OTTO TRUCKING'S SECOND SET OF REQUESTS FOR PRODUCTIONS (NOS. 52-67)** |
|      v. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC, | |
|         Defendants. | |

1   Plaintiff Waymo, LLC ("Waymo") hereby objects and responds to the Second Set of

2   Requests for Production of Documents (Nos. 52-67) served by Defendant Otto Trucking LLC

3   ("Otto Trucking").

4   <u>**GENERAL OBJECTIONS**</u>

5   Waymo makes the following General Objections, whether or not separately set forth in

6   response to each and every definition and document request.

7   Waymo objects to each request, and to the Definitions and Instructions, to the extent that

8   they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure,

9   the Local Rules of the United States District Court for the Northern District of California, and the

10   Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before

11   Judge William Alsup ("the Supplemental Order").

12   Waymo objects to each request to the extent that it seeks information protected by the

13   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

14   from discovery.

15   Waymo objects to each request to the extent that they are compound, complex and contain

16   multiple subparts.

17   Waymo objects to each request to the extent that they seek confidential or proprietary

18   information, including without limitation, confidential business information, proprietary and/or

19   competitively sensitive information, or trade secrets.  Subject to its other General Objections, and

20   to any specific objections set forth below, Waymo will only provide relevant information in a

21   manner consistent with the Protective Order entered by the Court in this matter.

22   Waymo objects to each interrogatory to the extent that they seek information that Waymo

23   is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

24   Waymo objects to each request to the extent that it calls for information that is publicly

25   available and therefore as accessible to Defendants as to Waymo.

26   Waymo objects to each request to the extent that it is overbroad and not proportional to the

27   needs of the case, considering the importance of the issues at stake in the action, the amount in

28   controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Waymo objects to each request to the extent that they require Waymo to provide documents beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents.

Waymo objects to each request to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

Waymo objects to each request to the extent that it seeks information that does not already exist, or that is not in Waymo's possession, custody, or control.

Waymo objects to each request to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons under the owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment.

Waymo objects to each and every request to the extent that they call for a legal conclusion.

Waymo objects to the definitions of "Uber", "Ottomotto," and "Otto Trucking" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives," etc. of each entity.

Waymo objects to the definition of "Velodyne" as overbroad, and vague and ambiguous because Waymo does not know, for example, all "agents" or "representatives", etc. of Velodyne.

Waymo objects to the definition of "Side Project(s)" and "Side Business(es)" as overly broad, unduly burdensome, vague and ambiguous, to the extent that the definition includes personal side project(s) or business(es).

1    Waymo objects to the definition of "Waymo's SVN Server" as overbroad and inaccurate to

2  the extent it describes a "Subversion server(s) or repository(ies) which holds technical information

3  and documents including design files, schematics, source code, scripts, and other confidential

4  information regarding Waymo."

5    Waymo objects to Instruction No. 3 as irrelevant, overbroad, unduly burdensome, and not

6  proportional to the needs of the case to the extent it calls for production in a form beyond that

7  required by the Supplemental Order.

8    Waymo objects to Instruction No. 5 as irrelevant, overbroad, unduly burdensome, and not

9  proportional to the needs of the case to the extent it calls for "[a]ll drafts of a responsive

10  document."

11    Waymo objects to Instruction No. 6 as irrelevant, overbroad, unduly burdensome, and not

12  proportional to the needs of the case to the extent that it calls for the "file folder or other container

13  in which a Document is kept."

14    Waymo objects to Instruction No. 10 as overbroad, unduly burdensome, vague, and

15  ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in

16  this judicial district."

17    Waymo objects to Instruction No. 11 to the extent it calls for Waymo to search for

18  documents beyond what is available to Waymo at present from a reasonable search of its own files

19  likely to contain relevant or responsive documents.  Waymo will produce English translations

20  where applicable as located through a reasonably diligent search.

21    Waymo objects to Instruction No. 12 to the extent that it calls for Waymo to conclude that

22  Waymo has no responsive documents in Waymo's possession, custody, or control.  If Waymo is

23  unable to locate responsive documents through a reasonably diligent search, Waymo will so state.

24    Waymo's responses are not to be construed as an admission that any of the requested

25  information exists, that any information is admissible, relevant or proportional to the needs of the

26  case, or that any contention or assumption contained in the requests, whether implicit or explicit,

27  is correct.

28

1    Waymo responds to these requests based upon its current understanding and reserves the

2  right to supplement its responses at a later time.

3    Waymo incorporates by reference its General Objections in each of the specific responses

4  set forth below.

5              **SPECIFIC OBJECTIONS AND RESPONSES**

6    Waymo objects and responds as follows to Defendants' document requests:

7

8  **REQUEST FOR PRODUCTION NO. 52:**

9    All documents discussing, constituting, or relating to any competitive intelligence,

10  investigation, research or analysis relating to other companies' self-driving or LiDAR technology,

11  products or systems, including, but not limited to, any self-driving or LiDAR technology, products

12  or systems of the Defendants or of any other third party including Velodyne, Tyto and any of the

13  "dozens of established companies and start-ups" You claimed in Your Motion for Preliminary

14  Injunction "are in a frenzied race, vying to commercialize self-driving technology."

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

17    Waymo objects to this request as overbroad and not proportional to the needs of the case,

18  considering the importance of the issues at stake in the action, the amount in controversy, the

19  parties' relative access to relevant information, the parties' resources, the importance of the

20  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

21  outweighs its likely benefit.  Waymo objects to this request as compound.  Waymo objects to this

22  request to the extent it calls for documents beyond those of Project Chauffeur.

23    Waymo objects to this request as overlapping with Uber/Otto RFP No. 1, seeking

24  "Documents sufficient to show Waymo's knowledge of Defendants' autonomous vehicle program,

25  including Defendants' design and development of LiDAR sensors (including LiDAR sensors from

26  entities acquired by Defendants, such as Tyto LIDAR, LLC), Defendants' testing of autonomous

27  vehicles, and Defendants' attempts to commercialize autonomous vehicle technology," in response

28  to which Waymo agreed to "produce documents sufficient to show Waymo's knowledge of

Defendants' autonomous vehicle program, including Defendants' design and development of LiDAR sensors (including LiDAR sensors from entities acquired by Defendants, such as Tyto LIDAR, LLC), Defendants' testing of autonomous vehicles, and Defendants' attempts to commercialize autonomous vehicle technology, as located after a diligent search of custodial documents."

Waymo objects to this request as overlapping with Uber/Otto RFP No. 19, seeking "All documents relating to any efforts by Waymo to reverse engineer any third party's LiDAR technology (e.g., Velodyne's), including all documents concerning the time Waymo took to reverse engineer the third party's LiDAR technology," in response to which Waymo agreed to "produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents and non-custodial document repositories storing documents relating to the development of Waymo's self-driving car technology, including documents relating to any efforts by Waymo to reverse engineer any third party's LiDAR technology."

To the extent that this request calls for documents beyond those relating to Waymo's existing production of documents showing Waymo's analysis of Defendants' LiDAR technology and attempts to commercialize, and to the extent that this request calls for documents beyond Waymo's existing production showing Waymo's analysis of competitors and Waymo's efforts to reverse engineer any LiDAR technology, Waymo will produce all documents relating to any competitive intelligence, investigation, research or analysis relating to other companies' self-driving or LiDAR technology, products or systems, as located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 53:**

All documents discussing, constituting, or relating to comparisons between Waymo's self-driving or LiDAR technology, products and systems and the self-driving or LiDAR technology, products, or systems of the Defendants or of any other third party, including the "dozens of

1  established companies and start-ups" You claimed in Your Motion for Preliminary Injunction "are
2  in a frenzied race, vying to commercialize self-driving technology."

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

5         Waymo objects to this request as subsumed by Otto Trucking RFP No. 52.
6         *See* Waymo's response to request No. 52.

7

8  **REQUEST FOR PRODUCTION NO. 54:**

9         All documents and communications regarding autonomous or self-driving trucks,
10 including, but not limited to, all analysis of technical and market similarities and differences
11 between self-driving cars and self-driving trucks.

12

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

14        Waymo has produced all documents concerning Waymo's interest in self-driving trucking,
15 as located through a reasonably diligent search of Drive repositories hosting documents
16 concerning Project Chauffeur business plans and of email data from custodians inside and outside
17 of Project Chauffeur.

18

19 **REQUEST FOR PRODUCTION NO. 55:**

20        All documents reflecting requests and demands on Mr. Levandowski or other members of
21 Project Chauffeur to work on projects outside the scope of Project Chauffeur, such as the Kitty
22 Hawk flying car project, including but not limited to all communications, including email and text
23 communications, with Mr. Levandowski or other members of Project Chauffer to or from Sergey
24 Brin, Larry Page, Eric Schmidt or Sebastian Thrun, as well as all communications, including email
25 and text communications, among or between any of Mssrs. Brin, Page, Schmidt and Thrun.

26

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Waymo objects to this request to the extent it seeks text messages from Mr. Levandowski on the ground that such text messages are available to Uber, not to Waymo. Waymo objects to this request to the extent it seeks text messages from Mr. Thrun on the ground that Mr. Thrun is not employed at Google. Waymo objects to this request to the extent it seeks text messages from Messrs. Brin, Page, and Schmidt as not proportional to the needs of the case given the burden of discovery and the unlikelihood of locating any responsive materials, and on the ground that text messages are, unless in exceptional cases, beyond the bounds of electronic discovery in this action. Waymo objects to this request to the extent that it calls for documents beyond those ordered for production in this action. *See* Dkt. 808.

Waymo will produce email communications, among or between Messrs. Brin, Page, Schmidt, and Thrun, sufficient to show the knowledge of each concerning Anthony Levandowski's involvement on projects outside the scope of Project Chauffeur.

**REQUEST FOR PRODUCTION NO. 56:**

All documents reflecting Mr. Levandowski's resistance to, complaints about or frustration with his work or other Project Chauffeur team member's work on projects outside the scope of Project Chauffeur.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Waymo objects to this request as vague and unduly burdensome in that it calls broadly for documents concerning "resistance to, complaints about or frustration with … work on projects outside the scope of Project Chauffeur." Waymo objects to this request as calling for irrelevant information.

Waymo has searched for and produced documents sufficient to show Mr. Levandowski's knowledge of his and others' work in work on projects outside the scope of Project Chauffeur, which would include resistance, complaints, or frustration to the extent such documents exist.

1  *See, e.g.,* WAYMO-UBER-00026168, WAYMO-UBER-00029331, WAYMO-UBER-00029334,

2  WAYMO-UBER-00026509.

3

4  **REQUEST FOR PRODUCTION NO. 57:**

5        All documents reflecting or relating to all internal complaints, discussions, and meetings

6  regarding the progress (or lack thereof), direction, and pace of development of Waymo's self-

7  driving technology, including Project Chauffeur, including but not limited to all responsive

8  documents and communications of Chris Urmson and John Krafcik.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

11        Waymo objects to this request as vague and unduly burdensome in that it calls broadly for

12  documents concerning "the progress (or lack thereof), direction, and pace of development."

13  Waymo objects to this request to the extent it calls for Waymo to search for documents beyond

14  those relating to Project Chauffeur.  Waymo objects to this document request on the ground that a

15  similar request by Uber (RFP No. 63, "Documents relating to complaints by or dissatisfaction

16  from Waymo employees regarding Waymo's performance, including but not limited to the

17  development of and progress assessment for any schedules and milestones at Waymo LLC or

18  Project Chauffeur.") has already been denied by the Court.  See Dkt. 923 at 1.

19        Waymo has searched for and produced all documents relating to the full scope of the

20  development of Project Chauffeur's self-driving technology, as located by searching the emails of

21  numerous Project Chauffeur engineers and by searching Drive repositories identified as hosting

22  documents concerning the development.   To the extent these documents include internal

23  complaints, discussions, and pace of development of self-driving technology at Project Chauffeur,

24  Waymo has produced them.

25

26

27

28

**REQUEST FOR PRODUCTION NO. 58:**

All documents referring to or discussing Mr. Levandowski's employment at Waymo, including all responsive documents and communications of Sergey Brin, Larry Page, Eric Schmidt, Sebastian Thrun, Chris Urmson and John Krafcik.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Waymo has produced all documents it has located through a reasonably diligent search concerning Mr. Levandowski's employment at Google, including Mr. Levandowski's initial offer letter from Google and continuing through documents discussing Mr. Levandowski's resignation after it occurred on January 27, 2016.  This production includes communications from Messrs. Brin, Page, Thrun, Urmson, and Krafcik.

**REQUEST FOR PRODUCTION NO. 59:**

A copy of Mr. Levandowski's personnel file for his employment at Google and Waymo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Waymo objects to the term "personnel file" as vague.

Waymo has produced all documents responsive to this request from a number of different sources, including Mr. Levandowski's employment and related agreements, salary and payment information, bonus payment information, and performance reviews and evaluations.  Waymo knows of no other responsive documents that could be considered part of Mr. Levandowski's "personnel file."

**REQUEST FOR PRODUCTION NO. 60:**

All documents relating to Waymo's ownership of each alleged Waymo trade secret from "Plaintiff's List of Asserted Trade Secrets Pursuant to Cal. Code Civ. Proc. Section 2019.210," Dkt. No. 25-7, attached to the Declaration of Jordan Jaffe dated March 10, 2017 ("Waymo's 2019 Disclosure"), and any additional alleged trade secrets that are or become at issue in this case.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

2       Waymo has produced all documents through which Google Inc. assigned the intellectual

3  property covering each alleged Waymo trade secret to Waymo LLC.  See, e.g., WAYMO-UBER-

4  00024125.

5

6  **REQUEST FOR PRODUCTION NO. 61:**

7       For each of the alleged trade secrets disclosed in Waymo's 2019 Disclosure, all documents

8  assigning, or relating to the assignment of and/or ownership of, the alleged trade secrets rights to

9  or by Waymo.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

12       Waymo has produced all documents through which Google Inc. assigned the intellectual

13  property covering each alleged Waymo trade secret to Waymo LLC.  See, e.g., WAYMO-UBER-

14  00024125.

15       Waymo LLC has not assigned its intellectual property relating to its alleged trade secrets.

16

17  **REQUEST FOR PRODUCTION NO. 62:**

18       All licenses to intellectual property, including patents, copyrights, trade secrets, and know-

19  how, executed by Waymo, including for each of the alleged trade secrets disclosed in Waymo's

20  2019 Disclosure.

21

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

23       Waymo LLC has not licensed its intellectual property relating to its alleged trade secrets.

24

25  **REQUEST FOR PRODUCTION NO. 63:**

26       Documents sufficient to show the reasons and business analysis for Your "technical

27  exploration" into and interest in self-driving trucking, including as mentioned in the article titled

28

"Alphabet's Waymo is Also Exploring Self-Driving Trucking" at the following link: https://techcrunch.com/2017/06/02/alphabets-waymo-is-also-exploring-self-driving-trucking/.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Waymo has produced all documents concerning Waymo's interest in self-driving trucking, as located through a reasonably diligent search of Drive repositories hosting documents concerning Project Chauffeur business plans and of email data from custodians inside and outside of Project Chauffeur.

**REQUEST FOR PRODUCTION NO. 64:**

Documents sufficient to show when You began investigating self-driving trucking or considering a move into self-driving trucking.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Waymo has produced all documents concerning Waymo's interest in self-driving trucking, as located through a reasonably diligent search of Drive repositories hosting documents concerning Project Chauffeur business plans and of email data from custodians inside and outside of Project Chauffeur.

**REQUEST FOR PRODUCTION NO. 65:**

Documents sufficient to show that Waymo technology could be integrated into a truck and used in a self-driving trucking application.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Waymo objects to this document request as vague.

Waymo has agreed to produce all documents relating to Waymo's development of the Alleged Waymo Trade Secrets as located through a reasonably diligent search of both custodial documents of Project Chauffeur engineers and of Drive repositories storing documents relating to

the development of Waymo's self-driving car technology.  To the extent any such documents discuss whether Waymo technology could be integrated into a truck and used in a self-driving trucking application, they are included in such production.

**REQUEST FOR PRODUCTION NO. 66:**

Documents sufficient to identify all of Your employees involved in Your exploration of and investigation into self-driving trucking.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Waymo has produced all documents concerning Waymo's interest in self-driving trucking, as located through a reasonably diligent search of Drive repositories hosting documents concerning Project Chauffeur business plans and of email data from custodians inside and outside of Project Chauffeur.  These documents are sufficient to identify those involved in any exploration of and investigation into self-driving trucking.

**REQUEST FOR PRODUCTION NO. 67:**

All business plans and evaluations relating to exploration and investigation of the self-driving trucking business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Waymo has produced all documents concerning Waymo's interest in self-driving trucking, as located through a reasonably diligent search of Drive repositories hosting documents concerning Project Chauffeur business plans and of email data from custodians inside and outside of Project Chauffeur.  These documents include any business plans and evaluations relating to exploration and investigation of the self-driving trucking business.

1 | DATED:  July 17, 2017

2

QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

By  */s/ Charles K. Verhoeven*

4

Charles K. Verhoeven
Attorneys for WAYMO LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# APPENDIX

### Information On Document Collection and
### Production Under Supplement Order ¶ 13

Waymo further provides information on its collection efforts under Paragraph 13 of the Supplemental Order.   As of July 17, 2017, Waymo has searched the following sources of information in response to Defendants' requests for production:

- Waymo custodial document repositories (e.g., email repositories, Google Docs, locally stored electronic documents)

- Waymo non-custodial document repositories (e.g., Drive folders used by various teams at Waymo, personnel files, Google personnel files including policy documents, codes of conduct, employee handbooks, and employment and confidentiality agreements

- Sources listed in Waymo's search list provided July 3, 2017

As of July 17, 2017, the following individuals employed by Waymo or Google have searched for documents in response to Defendants' requests for production:

- Raquel Small-Weikert (Paralegal) – general search responsibility

- Christine Lok (Paralegal) – general search responsibility

- Suzie Gonzalez-Pender (Paralegal) - general search responsibility

- Toni Baker (Discovery Staff Attorney) – general search responsibility

- Margo Maddux (Patent Agent) – search responsibility relating to patent-related documentation

- Michael Lin (People Coordinator) – search responsibility relating to employment documentation and electronic device recovery

- Joanne Chin (Head of People Operations) – search responsibility relating to employment documentation and electronic device recovery

- Jack Brown (Waymo, CAD Data and PLM Program Manager) – search responsibility relating to Waymo secure server access and activity

- Pierre Yves-Droz (Waymo, Principal Hardware Engineer) – search responsibility relating to documents relating to LiDAR development

- Caroline Manchot (Director of Compensation) – search responsibility relating to

documents relating to the bonus plan

- Ron Medford (Waymo, Director of Safety) – search responsibility relating to documents submitted to or discussed with a public entity

- Matt Salwasser (Waymo, Product Manager) – search responsibility relating to documents submitted to or discussed with a public entity

- Gary Brown (Security Engineer, Forensics) – search responsibility relating to forensic investigations and network/server/device activity detection

- Kristinn Gudjonsson (Security Engineer, Forensics) – search responsibility relating to forensic investigations and network/server/device activity detection

- Sasha Zbrozek (Hardware Engineer) - search responsibility relating to download activity of Waymo personnel

- Raghav Kohli (Commercial Counsel) – search responsibility relating to Lyft

- Laurens Feenstra (Product Manager) – search responsibility relating to Lyft

- Min Li Chan (Product Manager) – search responsibility relating to Lyft

- Michael Epstein (Product Manager) – search responsibility relating to "Entering the Taas Market" document

- Gerard Dwyer (Finance Director) – search responsibility for documents concerning Waymo finances

- Andrew Chatham (Software Engineer) – search responsibility for documents for documents concerning market plans

- Annie Wang (Finance Team) - search responsibility for documents concerning Waymo finances

- Andrew Price (Ethics and Compliance Counsel) - search responsibility relating to side businesses