# EXHIBIT A

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC<br><br>　　　　　　Defendants. | Case No. 3:17-cv-00939-JCS<br><br>**PLAINTIFF WAYMO LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**<br><br>Honorable William H. Alsup<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; AND OTTO TRUCKING LLC**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Waymo LLC ("Waymo") requests that Defendants Uber Technologies, Inc. ("Uber"), Ottomotto, LLC ("Ottomotto"), and Otto Trucking LLC ("Otto Trucking") (collectively "Defendants"), produce for inspection and copying within thirty days (30) hereof the documents set forth below at the offices

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "forensic analysis" referred to in entry nos. 7-10 and 17 of DEFENDANTS' privilege log, INCLUDING but not limited to all underlying forensic data related to that analysis.

**REQUEST FOR PRODUCTION NO. 67:**

STROZ's August 5, 2016 due diligence report, including all exhibits, attachments, and appendices thereto.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS and COMMUNICATIONS REGARDING the attestations that DEFENDANTS first required employees to sign in April 2016 (referred to in the Declaration of Rhian Morgan, paragraphs 13-16).

**REQUEST FOR PRODUCTION NO. 69:**

All versions of any employment agreements, confidentiality agreements, assignment agreements, or other agreements that DEFENDANTS require or have ever required employees to execute as a condition of employment, including the dates during which DEFENDANTS required each version to be executed.

**REQUEST FOR PRODUCTION NO. 70:**

All executed Employee Attestations, Employee Invention Assignment and Confidentiality Agreements, and Offer Letters (referred to by the Declaration of Rhian Morgan, paragraphs 5-16), for any former employee of WAYMO or its corporate affiliates.

**REQUEST FOR PRODUCTION NO. 71:**

DOCUMENTS sufficient to show the measures taken by DEFENDANTS to ensure that former employees of WAYMO or its corporate affiliates hired by DEFENDANTS did not retain confidential WAYMO information.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS REGARDING DEFENDANTS' policies regarding employees' use of personal computers or other devices while working at or for DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS AND COMMUNICATIONS REGARDING the MISAPPROPRIATED MATERIALS, INCLUDING but not limited to (i) DOCUMENTS containing any information derived from the MISAPPROPRIATED MATERIALS, (ii) any electronic media that contains or contained the MISAPPROPRIATED MATERIALS, and (iii) any DOCUMENTS REGARDING any meetings or discussions REGARDING the substance of the MISAPPROPRIATED MATERIALS outside of WAYMO.

**REQUEST FOR PRODUCTION NO. 74:**

[REDACTED]

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "forensic examination" of KSHIRSAGAR's personal phone, work-issued phone, and work-issued laptop (referred to in the Declaration of Sameer Kshirsagar).

**REQUEST FOR PRODUCTION NO. 76:**

DOCUMENTS sufficient to show the hit counts for each of the Court-ordered 135 search terms (120 proposed by DEFENDANTS, and 15 proposed by WAYMO) for each custodial (e.g., LEVANDOWSKI) and non-custodial (e.g., Git repository) source encompassed by the Court's Order After Hearing Re Discovery Letter Dated April 3, 2017, with a per-term, per-source level of specificity.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS and COMMUNICATIONS REGARDING any consideration of an ethical wall or policy regarding LEVANDOWSKI's participation or input into DEFENDANTS'

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

All DOCUMENTS and COMMUNICATIONS REGARDING any compensation-related agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS cited by and/or referred to by DEFENDANTS in their Opposition to Motion to Compel (Dkt. 369) and supporting declarations thereto.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS provided to STROZ by DEFENDANTS or LEVANDOWSKI REGARDING LEVANDOWSKI, Lior Ron, OTTO, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS

**REQUEST FOR PRODUCTION NO. 88:**

DOCUMENTS sufficient to show all PERSONS other than UBER that negotiated with OTTOMOTTO and/or OTTO TRUCKING REGARDING a potential acquisition.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS and COMMUNICATIONS REGARDING negotiations between OTTOMOTTO and/or OTTO TRUCKING, on the one hand, and PERSONS other than UBER, on the other, REGARDING a potential acquisition of OTTOMOTTO and/or OTTO TRUCKING.

**REQUEST FOR PRODUCTION NO. 90:**

[REDACTED]

**REQUEST FOR PRODUCTION NO. 91:**

[REDACTED]