QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>      vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>              Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF FELIPE CORREDOR IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO THEIR MOTION TO COMPEL WAYMO TO SUPPLEMENT RFA & INTERROGATORY RESPONSES AND TO PRODUCE UNREDACTED DOCUMENT** |

I, Felipe Corredor, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Defendants' Uber Technologies, Inc. and Ottomotto LLC's Administrative Motion to File Under Seal Exhibits to Their Motion to Compel Waymo to Supplement RFA & Interrogatory Responses and to Produce Unredacted Document (the "Administrative Motion"). The Administrative Motion seeks an order sealing highlighted portions of Uber's Letter Brief to Compel RFA & Interrogatory Responses ("Uber's Motion") and the entirety of Exhibits 1-3 and 5-8 to the Pritt Declaration.

3. The portions of Uber's Motion highlighted in green, the entirety of Exhibits 1-2 and 5, and the portions of Exhibits 3 and 6-8 highlighted in green contain or refer to confidential business information, which Waymo seeks to seal.

4. Uber's Motion (green highlighted portions), Exhibit 2 (entire document), and Exhibits 3, 6, and 8 (portions highlighted in green in version filed herewith), contain, reference, and/or describe Waymo's highly confidential and sensitive business information. The information Waymo seeks to seal regards confidential internal investigations. I understand that this confidential business information is maintained by Waymo as secret. The public disclosure of this information would give Waymo's competitors access to Waymo's strategy for and steps taken when conducting internal investigations. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed. Uber's Motion (green highlighted portions) additionally contains an internal email alias composed of numerous Google employees, the disclosure of which would cause Waymo, Google, and those employees substantial harm due to the high public profile of this litigation. Exhibit 3 further includes confidential analysis of Waymo's business and competition, including licensing and financial details, and Exhibit 8 further contains confidential hyperlinks and employee headcount numbers. I understand that this confidential business information is maintained by Waymo as secret. The public disclosure of this information would give Waymo's competitors

access to in-depth insight into—and analysis of—Waymo's business strategy for its autonomous vehicle system.

5. Exhibit 1 (entire document) contains, references, and/or describes and Waymo's asserted trade secrets and Waymo's highly confidential and sensitive business information. The information Waymo seeks to seal includes the confidential design and functionality of Waymo's proprietary autonomous vehicle system, including its LiDAR designs, which Waymo maintains as secret. I understand that these trade secrets are maintained as secret by Waymo (Dkt. 25-47) and that the trade secrets are valuable to Waymo's business (Dkt. 25-31). The public disclosure of this information would give Waymo's competitors access to descriptions of the functionality or features of Waymo's autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed. The information Waymo seeks to seal also includes confidential analysis of Waymo's business and competition, including financial details and employee compensation details. I understand that this confidential business information is maintained by Waymo as secret. The public disclosure of this information would give Waymo's competitors access to in-depth insight into—and analysis of—Waymo's business strategy for its autonomous vehicle system.

6. Exhibit 5 (entire document) contains, references, and/or describes Waymo's highly confidential and sensitive business information. The information Waymo seeks to seal regards confidential business strategy, including mergers and acquisitions-related details. I understand that this confidential business information is maintained by Waymo as secret. The public disclosure of this information would give Waymo's competitors access to Waymo's strategy for and steps taken when conducting internal investigations. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed. The public disclosure of this information would give Waymo's competitors access to in-depth insight into—and analysis of—Waymo's business strategy for its autonomous vehicle system.

7. Exhibit 7 (green highlighted portions) contains Waymo or Google employee emails and phone numbers and an internal email alias composed of numerous Google employees, the disclosure

of which would cause Waymo, Google, and those employees substantial harm due to the high public profile of this litigation.

8. Waymo's request to seal is narrowly tailored to those portions of Uber's Motion and Exhibits 1-3 and 5-8 that merit sealing.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on September 5, 2017.

By */s/ Felipe Corredor*
Felipe Corredor
Attorneys for WAYMO LLC

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Felipe Corredor.

By: */s/ Charles K. Verhoeven*
Charles K. Verhoeven