# EXHIBIT 3
# ENTIRE EXHIBIT SUBMITTED UNDER SEAL

| | |
|---|---|
| **From:** | Jeff Nardinelli <jeffnardinelli@quinnemanuel.com> |
| **Sent:** | Tuesday, August 29, 2017 9:54 AM |
| **To:** | Maxwell Pritt; John Cooper (JCooper@fbm.com); QE-Waymo |
| **Cc:** | UberWaymoMoFoAttorneys; DG-GP Otto Trucking Waymo; BSF_EXTERNAL_UberWaymoLit; Matthew Cate (MCate@fbm.com) |
| **Subject:** | RE: Waymo/Uber - Request for Meet and Confer |

Max,

Responses to the some of the document-related requests inline in red; we're still looking into a couple and should have a response today.

Jeff

---

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Sunday, August 27, 2017 6:33 PM
**To:** John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; Matthew Cate (MCate@fbm.com) <MCate@fbm.com>
**Subject:** Waymo/Uber - Request for Meet and Confer

Dear John and Counsel,

I write to request a meet and confer on the following issues related to Waymo's responses to Uber's Fifth Set of Interrogatories, Ten Interrogatories Selected Pursuant to Court Order, Fifth Set of RFAs, and Uber's Eighth Set of Requests for Production, and certain other document-related issues.

**Document-related Requests:**

- WAYMO-UBER-00084600 – Please confirm that the "rough initial investigation plan" hyperlinked in this document is WAYMO-UBER-00084602.  Confirmed.

  Please also confirm that WAYMO-UBER-00014703 is the "timeline" hyperlinked at page -84602.  Confirmed.

  We have been unable to locate the other hyperlinked documents on pages 1, 2, and 7.  If they have been produced, please identify the Bates numbers.  If they haven't been produced, please do so immediately.  Still looking.

- WAYMO-UBER-00056880 contains a privilege redaction.  It is an "industry info" email thread, so it was generally accessible by all Googlers and widely disseminated.  (*See, e.g.*, Harrison Tr. at 64:15-65:5.)  It is not privileged.  Please produce an unredacted version immediately.  Ted Lazarus is an attorney, providing legal advice to the       entire thread.

**ROGs:**

- **ROGs 20 and 24.**  Waymo provides ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Please supplement your responses

1

to these ROGs to confirm whether  Moreover, for ROG 20, please supplement your response to explain how often the "regular" and "ongoing" employee trainings occur.

- **ROG 29** directed Waymo to "explain with specificity the basis for [its] denial" in response to any RFA "including any facts or documents which [Waymo] believe[s] support[s its] position." Waymo denied **RFAs 20, 40, 43 and 44**. However, in response to ROG 29, Waymo failed to address these RFAs and has not supplemented its response. The local rules do not require a separate interrogatory for each RFA denial. Please supplement your response immediately, or we will ask the court to deem these RFAs admitted.

**RFAs Set Five:**

- **RFA 40** requested Waymo "[a]dmit that after Anthony Levandowski signed his employment agreement with Uber in August 2016 (UBER00017083), he did not download any files from Waymo or Google." Waymo denied the request on the ground that it "lacks sufficient knowledge to either admit or deny" the request. But "[a] party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him." *K.C.R. v. Cty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *5 (C.D. Cal. July 14, 2014). FRCP Rule 36 "requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts." *Id.*; *see also Lauter v. Anoufrieva*, No. CV 07-6811 JVS(JC), 2009 WL 10672595, at *2 (C.D. Cal. Mar. 30, 2009) ("A party who responds by claiming an inability to admit or deny must also state that he or she has made 'reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.'") (quoting FRCP 36(a)(4)). Waymo's response does not state that it has conducted any inquiry, let alone a reasonable one, and the relevant information would be in Waymo's possession. Thus, Waymo has no basis to deny this RFA based on a lack of knowledge.

**RFPs Set Eight:**

- **RFPs 185, 186, 189 and 204.** It was unclear from several of Waymo's responses whether Waymo is refusing to produce documents in the possession, custody or control of Google or Alphabet.

    - RFP 185 requests "Documents sufficient to show Your strategic hiring initiatives, in particular initiatives pertaining to LiDAR or self-driving technology." Waymo's response does not indicate whether its search included Google/Alphabet's strategic hiring initiatives pertaining to LiDAR or self-driving technology. Please confirm that Waymo has searched for and produced those documents.  <span style="color:red">The answer should be yes but we are re-confirming.</span>

    - RFP 186 requests documents sufficient to show "employee hiring and turnover analyses, reports, and other related documentation, including those prepared by third parties." Waymo's limited its response to "Waymo, the self-driving car program from inception through present." Please confirm that Waymo will produce any documents prepared by or for Google/Alphabet in response to this request. <span style="color:red">Confirmed.</span>

    - RFP 189 requests "All Documents and Communications calling into question the secrecy or value of, demeaning the quality or value of, disparaging, or negatively commenting about any aspect of Waymo's

    LiDAR technology or any of Waymo's asserted trade secrets." Please confirm that Waymo has searched for and produced all responsive documents located in Google/Alphabet's possession.  Confirmed.

- RFP 204 requests "All Documents reflecting Your information security and network or device usage policies for employees, including without limitation policies governing the installation or reinstallation of operating systems and the use of removable storage devices." Please confirm Waymo's response to this RFP includes production of all policies that apply to Waymo/Chauffeur and its employees regardless of whether they are Waymo, Google or Alphabet policies. Confirmed.

    Also, I never received confirmation that Waymo will produce the previous versions of the policy referred to in WAYMO-UBER-00040326 (referring to the "New Policy"). Please confirm that Waymo has searched for and produced all "old" policies. We were unable to locate any "old" policy specifically corresponding to the "New Policy."

    Please also confirm that you have produced all Waymo or Google policies regarding employees' use of personal devices and working remotely. We had not previously produced all policies concerning personal devices and working remotely. In response to your email we located additional policies concerning working remotely, mobile device security, and use of personal devices, and will produce them all.

- **RFP 187** seeks Waymo's policies and procedures "related to investigations of prospective employees (including employees joining You through acquisitions or acqui-hires), including but not limited to investigations of potential trade secrets that they may have in their possession." Waymo responded it would produce documents relating to the seven acquisitions Uber had identified for its unrelated M&A RFPs (if Judge Alsup affirms Judge Corley's order). This is not responsive to the RFP because it does not address Uber's request for *policies* regarding Waymo's investigations, if any, of prospective employees. It also would not capture any policies that apply to investigations of prospective employees who are not brought on through acquisitions. Please confirm whether there are any policies or procedures related to investigations of whether prospective employees possessed confidential, proprietary, or trade secret information of a former employer, or breached any obligations to a former employer. If so, please produce documents sufficient to show those policies immediately. Other than the employment agreement and code of conduct and related policies, which have been produced and which prohibit new employees from bringing other companies' confidential or trade secret information into Google, there are no policies governing investigations of prospective employees. *See, e.g.,* WAYMO-UBER-00035005 (standard employment agreement language stating "I agree that I will not, during my employment with the Company, improperly use or disclose any proprietary information or trade secrets of any former or concurrent employer or other person or entity, and that I will not bring onto the premises of the Company any unpublished document or proprietary information belonging to any such employer, person or entity unless consented to in writing by such employer, person or entity.").

    If Waymo lacks policies in these areas, please identify any hires or acqui-hires of employees who have worked on tech related to autonomous tech or for competitors in the self-driving space (including Tesla) for which Waymo/Google investigated whether the prospective employee(s) possessed a former employer's confidential, proprietary, or trade secret information. ████████████████████████████████████████████████████

- **RFP 188** seeks production of "Documents and Communications concerning investigations You conducted concerning Anthony Levandowski, Sameer Kshirsagar, and/or Radu Raduta, including any alleged downloading and retention of files or alleged misappropriation of trade secrets." Waymo's response limited its production to "all non-privileged documents." Please confirm that in light of the Court's 8/18 order (Dkt. 1272), Waymo is not withholding any responsive documents as privileged. If Waymo is withholding documents as privileged, please immediately identify which privilege log entries relate to this request so that Uber can properly interrogate the

3

basis for the designation.  We covered this at the hearing yesterday and there's a further meet and confer at 1:30 p.m. today.

- **RFP 198** seeks "All Documents and Communications regarding licenses for technology related to LiDAR or autonomous cars (or previously related to earlier self-driving/autonomous car developments) in which Waymo is the licensee or licensor, including pricing terms, valuation analyses, negotiations, and any documents or data considered in the negotiation of the license." Waymo's response states that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

  If Waymo maintains it has not placed any such restrictions on its response, Uber requests that Waymo explain how this response is consistent with Waymo's document productions to date. For example, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

- **RFP 199** requests "All Documents and Communications related to any IP that Waymo purchased or licensed (either as standalone IP or as part of an acquisition) for purposes of developing LiDAR systems and/or autonomous vehicles, including but not limited to discussions about why the IP was acquired and the pricing of the IP." Waymo responded tha ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

- **RFP 200** seeks "All Documents and Communications relating to offers that Waymo received from any third party to purchase, license, or otherwise obtain Waymo's LiDAR technology and/or autonomous vehicle technology, and all communications and documents about such offers." Waymo limited its response to "term sheets or formal agreements." This limitation is too restrictive because it will not capture all offers from a third party that were never formalized into a term sheet or agreement. Waymo's restriction is unreasonable under the circumstances of this case because the omitted information is highly relevant to show how third parties may have valued Waymo's LiDAR or autonomous technology, which relates to Waymo's claim for a reasonable royalty.  We should meet and confer about this RFP.

- **RFP 202** seeks "All Documents and Communications describing and relating to Your process for identifying what information is considered sensitive, is considered confidential, and is considered trade secret, and how that process has varied over time." Waymo's response is limited to its "process for identifying information as sensitive and confidential," but excludes any process for identifying trade secrets.  Please confirm there is no such process at Waymo or produce the requested documents and communications immediately.  We should meet and confer here as well.

Best,
Max

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any

dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]