MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:    202.237.2727
Facsimile:    202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>           Defendants. | Case No.     3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS RESPONSE TO UBER'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STRIKE VAGUE AND OVERBROAD TRADE SECRET CLAIMS AND EXHIBITS THERETO (DKT. 1449)** |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Plaintiff's Administrative Motion to File under Seal Portions of Its Response to Uber's Supplemental Brief in Support of Motion to Strike Vague and Overbroad Trade Secret Claims and Exhibits Thereto (Dkt. 1449).

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Waymo's Response to Uber's Supplemental Brief in Support of Motion to Strike ("Response") | Red-outlined Boxes |
| Exhibit 1 | Entirety |
| Exhibit 2 | Entirety |
| Exhibit 3 | Entirety |

3. Some of the red-outlined boxes in the Response contain highly confidential information regarding the technical features and development of Uber's LiDAR. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. I understand that disclosure of this information would allow Uber's competitors to obtain a competitive advantage by understanding Uber's technical information and development timeline. Competitors could utilize this knowledge to advance their own sensor technology or adjust their development strategy, such that Uber's competitive standing could be significantly harmed.

4. The entirety of Exhibit 1, as well as some of the red-outlined boxes in the Response, contains highly confidential information regarding a business relationship with a confidential vendor regarding the custom design relating to Uber's LiDAR development, including the negotiation and evaluation of terms and conditions of this business relationship.

1  This highly confidential information is not publicly known, and its confidentiality is strictly
2  maintained.  Disclosure of this information could allow Uber's competitors and potential vendors
3  to obtain a competitive advantage by understanding how Defendants negotiates with vendors
4  regarding technical features and LiDAR design, such that they could tailor their own negotiation
5  strategy and Uber's competitive standing could be significantly harmed.

6       5.      Exhibit 1 also contains highly confidential information regarding the identity of a
7  confidential third-party vendor for a custom design relating to LiDAR.  This highly confidential
8  information is not publicly known and its confidentiality is strictly maintained.  Defendants
9  request this information be kept under seal to protect the confidentiality of a business agreement
10 with this confidential vendor.  Disclosure of the identity of this confidential vendor would allow
11 Uber's competitors to understand the design input and technical features relating to a custom
12 LiDAR design of Uber's, such that they could tailor their own development of LiDAR and Uber's
13 competitive standing could be significantly harmed..

14      6.      The entirety of Exhibit 2, as well as some of the red-outlined boxes in the
15 Response, contains highly confidential information regarding a decision about a technical design
16 choice.  This highly confidential information is not publicly known, and its confidentiality is
17 strictly maintained.  Disclosure of this information could allow competitors to obtain a
18 competitive advantage over Uber by allowing them to gain insight into the technical features of
19 Uber's LiDAR sensors, such that Uber's competitive standing could be significantly harmed.

20      7.      The entirety of Exhibit 3 is an email exchange between members of Uber's self-
21 driving team, containing highly confidential information regarding the evaluation of various
22 technical options for specific features in Uber's LiDAR sensors.  This highly confidential
23 information is not publicly known, and its confidentiality is strictly maintained.  I understand that
24 disclosure of this information would allow Uber's competitors to obtain a competitive advantage
25 by learning how Uber approaches the technical challenges of LiDAR and evaluates possible
26 solutions to these challenges, such that they can tailor their own LiDAR development to counter
27 Uber and Uber's competitive standing could be significantly harmed.
28

8. In addition, some portions of Exhibits 1-3 contains the email addresses, phone numbers, and other contact information of high-ranking current and former company executives and employees, whose email accounts and numbers may still become compromised if disclosed to the public. Defendants seek to seal this information in order to protect the privacy of these current and former employees executives, as prominent individuals at the company are currently the subject of extensive media coverage. Disclosure of this information could expose these individuals to harm or harassment.

9. Defendants' request to seal is narrowly tailored to the portions of Waymo's Response and its supporting papers that merit sealing.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of September, 2017 in Washington, D.C.

*/s/ Michelle Yang*
Michelle Yang

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated:  September 5, 2017

*/s/ Michael A. Jacobs*
MICHAEL A. JACOBS