IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

  v.

UBER TECHNOLOGIES, INC.;
OTTOMOTTO LLC; and OTTO
TRUCKING LLC,

    Defendants.

No. C 17-00939 WHA

**ORDER GRANTING IN PART
AND DENYING IN PART
ADMINISTRATIVE MOTION
TO FILE UNDER SEAL**

In connection with defendants' motion to strike certain trade secret claims, plaintiff Waymo LLC moves to redact portions of two Court orders concerning asserted trade secret number 96 (Dkt. Nos. 1408, 1416) on the basis that "there is a high likelihood that this information tends to reveal Waymo's trade secrets" (Dkt. Nos. 1428 at 2; 1428-1 ¶¶ 3–4). Waymo's proposed redactions, however, are not "narrowly tailored" as required by Civil Local Rule 79-5 to seek sealing only of asserted trade secrets. The breadth of the proposed redactions is especially troubling given that defendants' underlying motion to strike contends Waymo failed to disclose its asserted trade secrets with reasonable particularity (*see* Dkt. No. 1108 at 4–8). In response, Waymo insists that asserted trade secret number 96 was adequately disclosed because it remains "directed to ***specific implementations*** of Waymo's trade secret LiDAR designs" as opposed to general concepts (*see* Dkt. No. 1160 at 6–7 (emphasis in original)). Yet Waymo seeks to redact Court orders that reveal nothing about its specific implementations. If those orders could reveal what Waymo disclosed in its asserted trade secret number 96, then Waymo may have disclosed no trade secret at all.

Nevertheless, Waymo's administrative motion to file under seal is **GRANTED** with respect to the highlighted portions shown in Exhibit A to this order and is otherwise **DENIED**. The orders in question will be redacted and filed on the public docket unless Waymo obtains emergency relief from the Federal Circuit by **SEPTEMBER 27**.

**IT IS SO ORDERED.**

Dated: September 6, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE