QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | CASE NO. 3:17-cv-00939-WHA |
| Plaintiff, | **PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OPPOSITION TO OTTO TRUCKING'S MOTION TO COMPEL** |
| vs. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal information in its September 7, 2017 Opposition to Otto Trucking's Motion to Compel ("Waymo's Opposition"). Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Exhibit 1 to Waymo's Opposition | Portions highlighted in red | Waymo |

## I. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

## II. THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the information identified by Waymo in the table above. Certain red-highlighted portions of Exhibit 1 disclose Waymo's confidential technical information. *See* Cooper Dec. ¶ 3. Confidential business information that, if released, may "harm a litigant's competitive standing" merits sealing. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978). Waymo seeks to seal confidential business information squarely within this category. Cooper Dec. ¶ 3. Waymo has narrowly tailored its requests to only information meriting sealing. *Id.* Other portions of Exhibit 1 contain information that is highly confidential to Kitty Hawk, and also merit sealing for similar reasons. *See* Cooper Dec. ¶ 4. Thus, the Court should grant Waymo's administrative motion to seal.

## III. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion. For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's Administrative Motion.

DATED: September 7, 2017           QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                   By */s/ Charles Verhoeven*
                                       Charles Verhoeven
                                       Attorneys for WAYMO LLC