**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94101 | TEL (415) 875-6600

September 7, 2017

Magistrate Judge Jacqueline Scott Corley

Re:     *Waymo LLC v. Uber Technologies, Inc., et al.*, N.D. Cal., Case 3:17-cv-00939-WHA
        <u>**Waymo's Opposition to Otto Trucking's Motion to Compel Four Depositions**</u>

Dear Judge Corley:

Please find below Waymo's Opposition to Otto Trucking's Motion to compel additional depositions (Dkt. 1438).

Sincerely,

*<u>/s/ Charles K. Verhoeven</u>*

Charles K. Verhoeven

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

In clear violation of the Court's directive, Otto Trucking seeks to leverage a document, produced because it relates to the forensics investigation by Gary Brown and his team, to take discovery into a separate investigation by the security team (the "Security Investigation") that is referenced by that document but nonetheless remains privileged. Specifically, Otto Trucking moves to take four depositions concerning one aspect of the Security Investigation involving Anthony Levandowski's prior involvement with separate companies called Tyto LiDAR and Odin Wave. The Court has already ruled that the Security Investigation, conducted by investigator Leah Bijnens, is separate and apart from the forensics investigation conducted by Gary Brown and his team, and was *not* waived. Yet, Otto Trucking's motion does not acknowledge that the Security Investigation is privileged, or argue that the privilege has been waived. For that reason alone, the motion fails.

Even more, Otto Trucking has not shown how the Security Investigation is relevant to the case. Contrary to Otto Trucking's assertions, Waymo has not placed in issue its internal investigation into Tyto or Odin Wave. Otto Trucking's attempt to show otherwise is deliberately misleading. As explained further below, Otto Trucking's only "evidence" that Waymo has put that investigation in issue is an excerpt from an April 10 brief describing the claims at issue in the separate *arbitrations*. While Otto Trucking doctored the excerpt to make it appear as though it references this litigation, it does not.

In addition, Otto Trucking's motion is untimely because it has been on notice of the Security Investigation involving Tyto and Odin Wave for months, but failed to seek discovery until now. Finally, although Otto Trucking's motion should be denied in its entirety, Otto Trucking has failed to show in any event that it is entitled to four additional depositions, including a second apex deposition of Waymo's CEO. Once again, Otto Trucking's motion is "a discovery motion [brought] just for the sake of bringing a discovery motion." (Dkt. 1123, at 2.) It should be denied.

## I.       The Security Investigation is Privileged (And Not Waived)

Under the Federal Rules parties are not entitled to take discovery into privileged subject matter. *See* Fed. R. Civ. P. 26(b)(1) ("[T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter…."); *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (parties may obtain discovery into matter that is "not privileged"). Because Otto Trucking's motion seeks discovery exclusively into the privileged Security Investigation, the motion fails.

As the Court has recognized, "there were different investigations of Mr. Levandowski. The one they've waived is the forensic," meaning the investigation of Gary Brown and his team. (8/31 Tr. at 32:12-18; *id.* at 20:19-20 ["I made that ruling in my Order. Right? So that's the scope of the waiver. That's done. And that's decided."].) The Court also recognized that, in the course of producing documents about the forensic investigation, Waymo would sometimes be unable to slice and dice documents to include only material within scope. (*See, e.g.,* 8/31 Tr. at 15:4-19.) The Court stated that in producing such documents, Waymo would *not* be expanding the scope of the waiver to include other, separate investigations. (8/31 Tr. at 37:2-11; *see id.* at 37:15-22 ["No, no, no, no, no. I'm not saying that the results of the attorneys' e-mail investigation have

1

been waived.  I'm not saying that.  You hear that, Mr. Lin?  I'm saying this document, give them in unredacted form."].)

Consistent with the Court's Orders, Waymo produced a document that, due to slicing and dicing difficulties noted by the Court, contains references not only to the forensic investigation but to the separate Security Investigation conducted by Leah Bijnens, not by Gary Brown and his team.[1]  Otto Trucking seeks to capitalize on this production to take discovery into the Security Investigation.  Each of Otto Trucking's four citations to the document (Br. at 4) are from portions under the "Security" heading.  (Br. Ex. 7 at -84606-7 ["Security" heading and scope beneath it; *id.* at -84602 [distinguishing the "Security" investigation by Ms. Bijnens from the "Secops" investigation of Gary Brown and the "Discovery" investigation conducted by discovery counsel].).

The Court reviewed this exact document at the 8/31 hearing and confirmed that the Security Investigation remains privileged.  (8/31 Tr. at 90:12-92:20.)  Specifically, the Court stated that the Security Investigation "was a different investigation" and would remain privileged unless and until Otto Trucking moved to broaden the scope of the waiver.  (*Id.*)  Otto Trucking has not brought that motion.  Instead, Otto Trucking demands four additional depositions, including of Waymo's CEO, without explaining how or why it is entitled to take discovery into privileged, non-waived subject matter.  Because Otto Trucking is not entitled to discovery into privileged subject matter, and because Otto Trucking does not dispute that the Security Investigation is privileged, Otto Trucking's motion fails.

## II.    Otto Trucking Falsely Suggests that Waymo Has Put The Privileged Investigation In Issue

Otto Trucking does not actually argue waiver, but suggests that Waymo relies on the privileged investigation in this case.  Otto Trucking cites only one passage in support, from Waymo's opposition to a motion to compel arbitration filed April 10, 2017.  (Br. at 1-2, citing Dkt. 204.)

But Otto Trucking conceals the fact that the cited passage describes allegations in the arbitration and specifically distinguishes those from Waymo's allegations in this action.  (Dkt. 204 at 7; *see id.* at 6 [Heading: "GOOGLE'S PREVIOUSLY FILED ARBITRATIONS AGAINST MR. LEVANDOWSKI INVOLVE DIFFERENT FACTUAL ALLEGATIONS AND DIFFERENT CLAIMS FOR RELIEF"].)  Below is the passage cited by Otto Trucking; in bold is the portion that Otto Trucking omitted to create the false impression that the passage refers to this action:

---

[1]   Because Waymo produced this document on the last day of discovery, Otto Trucking accuses Waymo of trying to "run out the clock" by withholding documents.  (Br. at 1.)  The Court dismissed this same complaint three days before Otto Trucking filed its motion:  "Mr. Chatterjee, the reason we are [at the close of fact discovery] is because you didn't bring this motion to my attention until later, so that I don't want to hear."  (8/28 Tr. at 13:20-24.)  Waymo will not further address Otto Trucking's similar and gratuitous charges of Waymo delay, gamesmanship, etc.

**The same basic allegations are at issue in both Levandowski Arbitrations. In sum,** Google asserts that, while Mr. Levandowski was a Google employee, Mr. Levandowski improperly solicited Google employees and consultants to join another company, and violated his duties and obligations to Google by creating, or participating in, other, unauthorized companies during his Google employment. (See Dkt. 114-7 at 9-17, 114-8 at 9-16.)  Specifically, Google alleges that Mr. Levandowski breached his obligations and duties to Google by building a company (Otto) that would ultimately compete with Google's self driving car project, and by secretly developing at least two other competing companies (Odin Wave, LLC and Tyto Lidar LLC).  (See id.)  Google also alleges that Mr. Levandowski embarked on a campaign to target and recruit valuable Google employees by soliciting them and inducing them to leave Google and join his competing venture, Otto, in part by using Google's confidential salary and compensation information to make targeted and individualized job offers.  (See id.)

(Br. at 1-2; Dkt. 204, 7.)   That is to say, Otto Trucking purported to describe Waymo's allegations *in this action* by quoting a passage describing allegations in *separate arbitrations*, and removing the part of that passage that explains that it refers to the arbitrations.  It is difficult to comprehend how Otto Trucking could make this argument in good faith.  In any event, Otto Trucking's cited passage fails to demonstrate that Waymo has put at issue, in this litigation, Waymo's privileged Security Investigation into Tyto and Odin Wave.

### III.    Otto Trucking Has Long Had Information About Waymo's Knowledge of Tyto and Odin Wave

In 2013, Waymo engineer Pierre Droz exchanged emails with fellow Waymo engineer (now with Uber) Gaetan Pennecot.  (Br. Ex. 9, WAYMO-UBER-00006391.)  In August 2016, Mr. Droz forwarded that email chain to Waymo security investigator Leah Bijnens, who forwarded the thread to attorney Michelle Ybarra.  (*Id.*)  Waymo produced this email thread on June 12, 2017, but redacted for privilege the August 2016 portions involving Ms. Bijnens.  (Ex. 2; Nardinelli Decl. ¶ 3 [verifying June 12 production date].)   Thus Waymo has not, as charged by Otto Trucking, "introduce[d] work product" concerning the August 2016 Security Investigation, but rather withheld it as privileged all along.

Defendants deposed Mr. Droz on August 3.  They were free to question Mr. Droz on his knowledge of Tyto and Odin Wave, including on the 2013 emails with Mr. Pennecot.  Defendants chose not to ask any questions about the -6391 document or about Tyto or Odin Wave.  (Nardinelli Decl. ¶ 4 [verifying no references to Tyto or Odin Wave].)  On August 22, Otto Trucking again deposed Mr. Droz.  This time, Otto Trucking asked Mr. Droz about his knowledge of Tyto and Odin Wave, although it did not use -6391 as an exhibit.  Mr. Droz testified freely about what he knew, such as that Odin Wave was registered by Levandowski's attorney, operated out of Levandowski's building, and was run by Levandowski's friend.  (Ex. 1, Droz Deposition at 281:22 to 284:23.)  Mr. Droz also testified that when he discovered that Odin Wave had tried to copy a custom-designed self-driving car part, Mr. Droz confronted Mr. Levandowski, who denied any involvement.  (*Id.*)  Waymo did not assert privilege over these

disclosures by Mr. Droz, but objected only when Otto Trucking asked Mr. Droz about his participation in the Security Investigation.  (Br. Ex. 10, Droz Deposition excerpts.)  Consistent with Waymo's privilege claim, Mr. Droz testified that outside of privileged communications, he had not spoken with Waymo/Google about his knowledge of Levandowski's involvement with Tyto and Odin Wave.  (*Id.*)  Otto Trucking did not challenge those privilege claims.

Otto Trucking now claims that the -6391 document seemed "not that significant" before, but became "far more pertinent" in light of Waymo's production of a document revealing aspects of its privileged investigation.  This claim is not convincing.  As of June 12, Otto Trucking was on notice that Waymo claimed privilege over Ms. Bijnens' emails concerning Tyto and Odin Wave. Otto Trucking had more than two months to explore that document, but chose not to.

### IV.     Otto Trucking Is Not Entitled to Four Additional Depositions

As explained, Otto Trucking is not entitled to any further discovery into the Security Investigation because the investigation is privileged, because Waymo has not relied on the investigation, and because Otto Trucking has had months to inquire into the investigation but did not do so until the close of fact discovery.  If the Court is inclined to order discovery, however, the Court should not order four additional depositions.  Ms. Bijnens conducted the investigation at issue (not Mr. Krafcik, as Otto Trucking repeatedly but wrongfully suggests), and likely has all pertinent information.  (*See* Br. Ex. 7 at -86402, listing Ms. Bijnens as the lone person on the "Security" team.)  Particularly with respect to Mr. Krafcik, Waymo's CEO, Otto Trucking has made no attempt to meet the apex doctrine requiring that Mr. Krafcik possess unique knowledge unavailable from other deponents (such as Ms. Bijnens, who conducted the investigation).  *See Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) (requiring unique and personal knowledge of facts at issue to justify apex deposition).