MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

September 7, 2017

Writer's Direct Contact
+1 (415) 268.7020
AGonzalez@mofo.com

The Honorable Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse
Courtroom F - 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:    *Waymo LLC v. Uber Technologies, Inc. et al.,* Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Defendants Uber Technologies, Inc. and Ottomotto LLC ("Uber") submit this response to Waymo's letter brief in support of its motion to compel Uber to produce all documents regarding Uber's search for the allegedly misappropriated files (Dkt. 1439).

Waymo's contention that it is entitled to all such documents because Uber allegedly intentionally waived privilege as to Uber's search suffers from a fundamental and fatal flaw: Waymo fails to identify *any* waiver of privilege entitling it to anything, much less to all documents regarding Uber's search.  Waymo's "sword and shield" argument fails for lack of a "sword."

Waymo's motion – filed on the last day to submit discovery motions – concerns matters Waymo has known about since at least July 2017.  On July 10, 2017, Waymo moved in limine ("MIL #4") to exclude any evidence regarding Uber's efforts to try to locate the "downloaded materials," including reference to the numerous witness interviews Uber and its counsel conducted to identify any such materials.  (Dkt. 851.)  In a nutshell, Waymo sought to tell the jury that Uber misappropriated the "downloaded materials," but wanted to prevent Uber from telling the jury that Uber looked for but did not find any of the "downloaded materials" at Uber.

In response, Uber's opposition to MIL #4 (Dkt. 978 at 2) set forth the three specific categories of evidence it plans to offer regarding its search:

> 1.  Uber's forensics expert looked for the "downloaded files" in Uber's servers and computers using search terms (including some provided by Waymo), and also conferred with Waymo's forensics consultant for search suggestions. None of the

la-1359964

MORRISON | FOERSTER

The Honorable Jacqueline Scott Corley
September 7, 2017
Page Two

> "downloaded files" were found. There were a few unrelated Google documents found and they were returned to Waymo.
>
> 2. Uber asked Anthony Levandowski to return any "downloaded materials" he might have to Uber's counsel, who would provide them to Waymo's lawyers. When he did not do so, he was fired.
>
> 3. Uber has allowed Waymo lawyers and experts to personally inspect four of its facilities for dozens of cumulative hours over ten separate visits and they have found nothing. During those inspections, certain Uber computers and devices that were requested by Waymo were made available for review.

Uber confirmed at the July 26, 2017 hearing on Waymo's MIL #4 that it would offer only those three categories of evidence on the subject of Uber's investigation. (Dkt. 1050 at 72:15-73:4.) Waymo did not contend at the hearing that such evidence would result in a waiver of privilege as to Uber's investigation. Waymo instead sat on its hands, filing this motion as an afterthought on the last day for discovery motions. The passage of time has not helped Waymo – it still has not identified any privilege waiver by Uber. As explained below, Waymo's motion is without merit and should be denied.

**Uber's termination of Mr. Levandowski following his failure to deny the alleged downloading or return any downloaded materials.**

Waymo asserts that Uber must produce all documents regarding Uber's efforts to get Mr. Levandowski to return any downloaded materials, regardless of privilege, yet it identifies no privilege waiver that would entitle it to such documents. Waymo cites Uber's May 15, 2017 letter to Mr. Levandowski asking him to return any downloaded materials and its May 26, 2017 letter terminating his employment. Mr. Levandowski publicly filed both letters with the Court on May 18 and May 30, 2017, respectively, in connection with his motion to intervene and to modify the Court's provisional relief order. (Dkt. Nos. 466-2, 519-2.) No one – including Waymo – has asserted that those letters are privileged. Waymo instead merely points out that Uber has asserted privilege over other, different communications and documents pertaining to its investigation. Importantly, Waymo does not dispute that such communications and documents are privileged. This situation thus bears no resemblance to the facts underlying the March 29 "bonus discussion," which this Court adjudicated. Waymo is free to conduct cross-examination or to argue that Uber's efforts to locate the downloaded materials were insufficient. However, Waymo has not – and cannot – offer any authority to support the notion that if Uber relies on non-privileged

la-1359964

MORRISON | FOERSTER

The Honorable Jacqueline Scott Corley
September 7, 2017
Page Three

evidence at trial, Waymo is somehow entitled to production of all privileged documents that concern the same subject matter.[1]

**Forensic expert evidence of search for allegedly misappropriated materials.**

For several reasons, Waymo is not broadly entitled to all communications between Uber's counsel or others and Uber's retained forensic expert.

*First,* Waymo's motion is premature and speculative.  Uber has not waived any privilege as to its forensic expert's investigation and Waymo does not assert otherwise.  Instead, Waymo speculates that, hypothetically, if Uber seeks to offer at trial testimony from fact witnesses about privileged matters relating to its expert's engagement, then Waymo would be entitled to all communications between Uber's counsel and Uber's forensic expert.  In so doing, Waymo's motion puts the cart before the horse.  Waymo is not entitled to the production of privileged material in anticipation of a hypothetical privilege waiver that it posits.

*Second*, as Uber advised Waymo during the parties' conferral about this proposed motion, Waymo is free to pursue the information it seeks during expert discovery.  That is the proper vehicle for ascertaining what Uber's forensic expert was instructed to do and by whom.

*Third,* contrary to Waymo's suggestion, this situation is nothing like Waymo's selective waiver over the forensic investigation performed by its engineer, Gary Brown.  There, Waymo chose to waive its counsel's attorney work product as to that investigation and allow Mr. Brown to offer deposition testimony regarding the investigation.  Here, no one has offered any testimony about Uber's forensic expert's investigation that could be deemed a selective waiver.  If Waymo wishes to explore the limits of any non-privileged information Angela Padilla may have on this topic, it is free to do so at her deposition, if the deposition occurs, but it is entitled to no relief here.

*Fourth*, Waymo's discussion of the employee interviews Uber performed is a red herring.  That precise issue was resolved in Waymo's MIL #4.  As Uber stated on the record, it does not plan to offer such evidence at trial.  (Dkt. 978 at 3 ("Uber does not need to effect a waiver over privileged material it has no intention of introducing at trial (attorney-client privileged and work-product protected interviews of its employees) in order to show the jury separate non-privileged facts identified above.")  Indeed, as Waymo notes, Uber would need the District Court's permission to introduce a fourth category of evidence, such as evidence

---

[1] To the extent Waymo argues alternatively that "Uber should be precluded from introducing evidence of its efforts to compel Levandowski to return the misappropriated materials," (Dkt. 1439 at 2) that request lacks merit.  In any event, it is not a discovery issue and would instead need to be directed to the trial judge.

la-1359964

MORRISON | FOERSTER

The Honorable Jacqueline Scott Corley
September 7, 2017
Page Four

of the employee interviews.  (Dkt. 1050 at 72:6-73:4.)  Uber has not made any such attempt and does not intend to.  No relief is warranted.

*Finally,* Waymo offers zero authority to support its absurd contention that "[i]f Uber is going to introduce evidence of its attempts to locate the misappropriated materials, it must produce all evidence of its attempts to locate the misappropriated materials."  (Dkt. 1439 at 3.)  There is nothing unfair about offering testimony from a retained forensic expert in the litigation while rightfully asserting privilege over different prongs of Uber's multifaceted search for the allegedly downloaded materials performed at the direction of counsel.  And again, Waymo has not identified any privilege waiver engaged in by Uber that entitles Waymo to such production.

**Waymo's inspections of Uber facilities and devices.**

Waymo's request for the production of all privileged documents relating to the numerous and extensive inspections Waymo's counsel performed of Uber's facilities, computers, and other devices is meritless.  As an initial matter, Waymo's contention that its inspections are "irrelevant" because it allegedly has other, unidentified evidence of alleged use of trade secrets has no bearing on this motion to compel.[2]  Waymo may challenge at trial the admissibility of Uber's evidence that the downloaded materials never made it to Uber, but such arguments are irrelevant here.  More importantly, Waymo offers no support for its blanket request for privileged documents reflecting any "instructions that Uber's attorneys gave to Uber employees, and any reports that Uber employees provided to Uber's attorneys about the Court-ordered inspections."  (Dkt. 1439 at 3.)  Again, Waymo does not contend that Uber has engaged in any privilege waiver, much less one that would warrant such a broad production.  Nor would there be any privilege waiver if Uber personnel were to testify based on their non-privileged, first-hand knowledge about the numerous inspections Waymo performed.  Once again, the Court should deny Waymo's premature and speculative motion.

Respectfully submitted,

*/s/ Arturo J. González*

Arturo J. González

---

[2] Though also not relevant, Waymo's assertion that Uber intends to state that the inspections were performed "pursuant to the Court's Preliminary Injunction Order" (Dkt. 1439 at 3) is wrong.  Uber does not plan to offer evidence regarding the Court's May 11, 2017 provisional relief order.

la-1359964