# EXHIBIT 9
# REDACTED

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:     415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:     202.237.2727
Facsimile:     202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>               Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>               Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 1-9)**<br><br>Trial Date: October 2, 2017 |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1. A MacBook Pro (15-inch, 2016) computer provided to Mr. Levandowski by Uber
2. A personal MacBook Pro (not issued by Uber)

**INTERROGATORY NO. 4:**

Describe the ownership of TYTO and/or ODIN WAVE, INCLUDING the identity of all PERSONS with current or former ownership interests in TYTO and/or ODIN WAVE, that PERSON's current or former ownership interest(s), and the agreements creating or modifying those ownership interests.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to this interrogatory to the extent it seeks information that is not known or available to Defendants. Defendants further object to this interrogatory as seeking information that is neither relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

[REDACTED]

**INTERROGATORY NO. 5:**

Describe all compensation (whether actual or conditional) discussed, conveyed or promised by DEFENDANTS to LEVANDOWSKI at any time, INCLUDING (without limitation) the DEFENDANT who discussed, conveyed or promised the compensation, the nature of the compensation, the date the compensation was promised and/or conveyed, the amount of the