# EXHIBIT 22

1  Neel Chatterjee (SBN 173985)
   *nchatterjee@goodwinlaw.com*
2  **GOODWIN PROCTER LLP**
   135 Commonwealth Drive
3  Menlo Park, California 94025
   Tel.: +1 650 752 3100
4  Fax.: +1 650 853 1038

5  Brett Schuman (SBN 189247)
   *bschuman@goodwinlaw.com*
6  Rachel M. Walsh (SBN 250568)
   *rwalsh@goodwinlaw.com*
7  **GOODWIN PROCTER LLP**
   Three Embarcadero Center
8  San Francisco, California 94111
   Tel.: +1 415 733 6000
9  Fax.: +1 415 677 9041

10 *Attorneys for Defendant*
   Otto Trucking LLC

11

12                    **UNITED STATES DISTRICT COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

14                       **SAN FRANCISCO DIVISION**

15 WAYMO LLC,                          | Case No. 3:17-cv-00939

16              Plaintiff,             | **DEFENDANT OTTO TRUCKING LLC'S**
                                       | **INITIAL DISCLOSURES PURSUANT TO**
17     v.                             | **FEDERAL RULE OF CIVIL PROCEDURE**
                                       | **26(a)(1)**
18 UBER TECHNOLOGIES, INC.;
   OTTOMOTTO LLC; OTTO TRUCKING        | Trial Date:  October 10, 2017
19 LLC,

20              Defendants.

21

22

23        Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Otto Trucking

24 LLC ("Otto Trucking") hereby provides the following initial disclosures to Plaintiff Waymo LLC

25 ("Waymo") based on information that is reasonably available to Otto Trucking at this time and at

26 this stage of the proceedings.  As such, the individuals and documents disclosed herein are not

27 necessarily exhaustive of whom and what Otto Trucking may identify as discovery progresses.  As

28 additional information becomes available, Otto Trucking reserves the right to supplement these

initial disclosures and/or use documents not described herein.  By making these disclosures, Otto

Trucking does not admit that any subject matter identified with respect to any particular individual

or category of documents is relevant to this matter, nor likely to lead to the discovery of admissible

evidence.  These disclosures are made without prejudice or waiver of any right to modify or

supplement the present disclosures or to present any evidence or witness at trial, object to any

witnesses or the admissibility of any evidence, and/or take discovery in accordance with the Federal

Rules of Civil Procedure.  Otto Trucking does not waive the right to object to producing any

document or thing on the basis of any applicable privilege or immunity, relevancy, undue burden, or

any other valid objections.

**A. PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION (Fed. R. Civ. P. 26(a)(1)(A)(i))**

Pursuant to Rule 26(a)(1)(A)(i), Otto Trucking identifies the following individuals known to

it at this time who are likely to have discoverable, non-privileged information that Otto Trucking

may use to support its defenses, and for each individual, Otto Trucking identifies the subject of the

information.  Otto Trucking objects to Waymo contacting any individuals currently or formerly

associated with Otto Trucking.  All contact for such individuals should be made through counsel for

Otto Trucking, Goodwin Procter LLP.  Otto Trucking also does not waive its right to object to

discovery of information from any such individuals on the basis of attorney-client privilege, work

product immunity, or any other applicable privilege or immunity.

1. **James Haslim**— Contact through counsel for Uber – Mr. Haslim is a Senior Manager, Engineering for the Advanced Technologies Group at Uber Technologies, Inc. ("Uber") and is responsible for the technical development of Uber's LiDAR sensors.  He was previously associated with Tyto LiDAR LLC ("Tyto LiDAR") and Ottomotto LLC ("Ottomotto") during which time he was tasked with leading the team at Ottomotto in developing a light detecting and ranging ("LiDAR") solution for

autonomous trucks.  Mr. Haslim is knowledgeable about the development of LiDAR

technologies at Tyto LiDAR, Ottomotto, and Uber, and also has technical knowledge

regarding LiDAR, including aspects of LiDAR design, specifications,

implementation, and limitations.  Further and upon information and belief, Mr.

Haslim is knowledgeable about business or corporate aspects of Tyto LiDAR and

Ottomotto, including but not limited to its structure and aspects of Ottomotto's

acquisition of Tyto LiDAR.

2. **Eric Meyhofer**— Contact through counsel for Uber – Mr. Meyhofer is the Head of

the Advanced Technologies Group at Uber.  Previously, he was the Director of

Engineering at Uber and Co-Founder of Carnegie Robotics LLC.  Mr. Meyhofer is

knowledgeable about the development of LiDAR technologies at Uber, and also has

technical knowledge regarding LiDAR, including aspects of LiDAR design,

specifications, implementation, and limitations.

3. **Scott Boehmke**— Contact through counsel for Uber – Mr. Boehmke is a Robotics

Engineer at the Advanced Technologies Group at Uber and leads aspects of Uber's

development of LiDAR technologies.  As such Mr. Boehmke is knowledgeable about

the development of LiDAR technologies at Uber, and also has technical knowledge

regarding LiDAR, including aspects of LiDAR design, specifications,

implementation, and limitations.

4. **Gaetan Pennecot**— Contact through counsel for Uber – Mr. Pennecot is an engineer

at the Advanced Technologies Group at Uber.  He was previously associated with

Google/Waymo and 510 Systems including during the period Google acquired 510

Systems.  Mr. Pennecot is knowledgeable about the development of LiDAR

technologies at Google/Waymo, 510 Systems, and Uber, and also has technical

knowledge regarding LiDAR, including aspects of LiDAR design, specifications,

implementation, and limitations.  Further and upon information and belief, Mr. Pennecot is knowledgeable about business or corporate aspects of 510 Systems and Google/Waymo, including but not limited to its structure and aspects of Google's acquisition of 510 Systems.  Mr. Pennecot is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Pennecot is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

5. **Daniel Gruver**— Contact through counsel for Uber – Mr. Gruver is Engineer and Program Manager at the Advanced Technologies Group at Uber.  He was previously associated with 510 Systems, Google/Waymo, and Ottomotto including during the periods Google acquired 510 Systems and Uber acquired Ottomotto.  Mr. Gruver is knowledgeable about the development of LiDAR technologies at 510 Systems, Google/Waymo, Ottomotto, and Uber, and also has technical knowledge regarding LiDAR, including aspects of LiDAR design, specifications, implementation, and limitations.  Further and upon information and belief, Mr. Gruver is knowledgeable about business or corporate aspects of 510 Systems, Google/Waymo, Ottomotto, and Uber, including but not limited to its structure and aspects of Google's acquisition of 510 Systems and Uber's acquisition of Ottomotto.  Mr. Gruver is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Gruver is knowledgeable about policies, procedures, and

guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

6. **Kevin Faulkner**—Mr. Faulkner is Managing Director and head of the New York digital forensics lab at Stroz Friedberg LLC ("Stroz Friedberg").  Mr. Faulkner is knowledgeable about Stroz Friedberg's forensic investigation and analysis of computers, smartphones, or other electronic devices referenced in the claims and defenses in this case, including Stroz Friedberg's factual investigations and impressions or conclusions drawn therefrom.  Further, Mr. Faulkner is knowledgeable about policies, procedures, and guidelines regarding Stroz Friedberg's investigation.

7. **Rhian Morgan**— Contact through counsel for Otto Trucking and/or Uber – Ms. Morgan is an employee of Uber, and was previously associated with Ottomotto and Otto Trucking LLC ("Otto Trucking") as a lead for human resources.  Ms. Morgan is knowledgeable about aspects of  human resources at Ottomotto and Otto Trucking, including recruitment, hiring, on-boarding of new employees, and implementing related company policies.  Further, Ms. Morgan is knowledgeable about the corporate policies, procedures, and guidelines regarding employees at Ottomotto and Otto Trucking, including corporate non-solicitation policies and treatment of proprietary information from other employment.  Further and upon information and belief, Ms. Morgan is knowledgeable about business or corporate aspects of Ottomotto and Otto Trucking, including but not limited to its structure.

8. **Anthony Levandowski**— contract through Ismail Ramsey and Miles Ehrlich, Ramsey & Ehrlich LLP, 803 Hearst Ave, Berkeley, CA 94710, 510-548-3600 – Mr. Levandowski is a Managing Member of Otto Trucking.  He was previously

associated with 510 Systems, Ottomotto, Google/Waymo, and Uber.  Given Mr.

Levandowski's invocation of his Fifth Amendment rights, Otto Trucking does not

anticipate that he will testify.

9. **Sameer Kshirsagar**— contact through counsel for Uber – Mr. Kshirsagar is Director

of Global Product Operations for the Advanced Technologies Group at Uber.  He

previously served the same function for Ottomotto and Otto Trucking prior to Uber's

acquisition of Ottomotto.  In addition, Mr. Kshirsagar was previously Manufacturing

Engineer and Global Supply Manager at the Self-Driving Car division at Google.  Mr.

Kshirsagar is knowledgeable about the development of LiDAR technologies at

Ottomotto and Uber, and also has technical knowledge regarding LiDAR, including

aspects of LiDAR design, specifications, implementation, and limitations.  Mr.

Kshirsagar is knowledgeable about the policies or procedures regarding the treatment

of proprietary or confidential information at Google/Waymo, Ottomotto, Otto

Trucking, and Uber.

10. **Radu Raduta**— Mr. Raduta was previously associated with Ottomotto and was also

a mechanical engineer at Google/Waymo.  Mr. Raduta is knowledgeable about the

development of LiDAR technologies at Ottomotto and Uber, and also has technical

knowledge regarding LiDAR, including aspects of LiDAR design, specifications,

implementation, and limitations.  Mr. Raduta is knowledgeable about the policies or

procedures regarding the treatment of proprietary or confidential information at

Google/Waymo, Ottomotto, Otto Trucking, and Uber.  Mr. Raduta is knowledgeable

about aspects of personnel and staffing at Google's and Waymo's autonomous

driving projects including but not limited to knowledge of bonus compensation plans

and milestones.  Mr. Raduta is knowledgeable about policies, procedures, and

guidelines at Google and Waymo pertaining to the treatment of confidential or

proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

11. **David Meall**— contact through counsel for Uber – Mr. Meall is Senior Recruiting Manager of the Advanced Technologies Group at Uber.  Mr. Meall is knowledgeable about aspects of human resources at the Advanced Technologies Group related to, among other things, recruitment, hiring, and on-boarding of new employees, and implementing the Advanced Technologies Group's related company policies. Mr. Meall is also knowledgeable about employee personnel files, including the forms that document recruiting and hiring processes at the Advanced Technologies Group. Further, Mr. Meall is knowledgeable about the corporate policies, procedures, and guidelines regarding employees at Uber, including corporate non-solicitation policies and treatment of proprietary information from other employment.

12. **Asheem Linaval**— contact through counsel for Uber – Mr. Linaval is an electrical engineer at Uber.  He was previously associated with 280 Systems, Inc., Ottomotto, and Adecco working on Google's autonomous driving projects.   Mr. Linaval is knowledgeable about the development of LiDAR technologies at 280 Systems, Ottomotto, Google/Waymo, and Uber, and also has technical knowledge regarding LiDAR, including aspects of LiDAR design, specifications, implementation, and limitations.  Mr. Linaval is knowledgeable about the policies or procedures regarding the treatment of proprietary or confidential information at Google/Waymo, Ottomotto, and Uber.  Mr. Linaval is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Linaval is knowledgeable about policies, procedures, and guidelines at Google and Waymo

pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

13. **Daniel Chu**— contact through counsel for Waymo – Mr. Chu is a part of the product management team at Waymo.  Upon information and belief, Mr. Chu assists with product strategy and aids Waymo engineers in prioritization of work in the development of autonomous technologies.  Mr. Chu is knowledgeable about business or corporate aspects of Waymo's autonomous driving technology, including strategies, developments, market research and competitor analysis pertaining to LiDAR technologies.

14. **Pierre-Yves Droz**— contact through counsel for Waymo – Mr. Droz is Principal Hardware Engineer at Waymo and has been the technical lead on Waymo's LiDAR project since its inception.  Mr. Droz co-founded 510 Systems in which his role included, among other things, principal responsibility for research and development and eventual development of 510 Systems' in-house LiDAR technologies.  Mr. Droz is knowledgeable about the development of LiDAR technologies at 510 Systems and Google/Waymo, and also has technical knowledge regarding LiDAR, including aspects of LiDAR design, specifications, implementation, and limitations.  Further and upon information and belief, Mr. Droz is knowledgeable about business or corporate aspects of 510 Systems and Google/Waymo, including but not limited to its structure and aspects of Google's acquisition of 510 Systems.

15. **Ron Medford**— contact through counsel for Waymo – Mr. Medford is Director of Safety of the Self-Driving Car Program at Google for which, among other responsibilities, he provides safety assessments for analysis related to the design and

performance of autonomous vehicles.  Mr. Medford is knowledgeable about

Google/Waymo's autonomous driving applications in jurisdictions both within and

outside of California.  Mr. Medford is also knowledgeable about public policy,

regulatory work, and safety matters related to autonomous vehicles.

16. **William Grossman**— contact through counsel for Waymo – Mr. Grossman is a

mechanical engineer at Waymo.  He is knowledgeable about facts pertaining to the

claims or defenses in this case relating to Waymo's allegations of trade secret

misappropriation.

17. **Gary Brown**— contact through counsel for Waymo – Mr. Brown is Security

Engineer, Forensics at Google.  He is knowledgeable about Google's forensic

investigation and analysis of computers, smartphones, or other electronic devices

referenced in the claims and defenses in this case, including the factual investigations

and impressions or conclusions drawn therefrom.  Mr. Brown is knowledgeable about

policies, procedures, and guidelines at Google and as they pertain to the

aforementioned investigation.  Mr. Brown is knowledgeable about policies,

procedures, and guidelines at Google pertaining to the treatment of confidential or

proprietary information such as, but not limited to, encryption, data recovery, data

logging, intrusion, security software, security hardware, and the operation of

Google's servers, networks, or electronic devices including the SVN network and

Tortoise SVN.

18. **Kristinn Gudjonsson**— contact through counsel for Waymo — Mr. Gudjonsson is a

security engineer at Google.  He is knowledgeable about Google's forensic

investigation and analysis of computers, smartphones, or other electronic devices

referenced in the claims and defenses in this case, including the factual investigations

and impressions or conclusions drawn therefrom.  Further, Mr. Gudjonsson is

knowledgeable about policies, procedures, and guidelines at Google and as they pertain to the aforementioned investigation.  Mr. Gudjonsson is knowledgeable about policies, procedures, and guidelines at Google pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of Google's servers, networks, or electronic devices including the SVN network and Tortoise SVN.

19. **Tim Willis**— contact through counsel for Waymo – Mr. Willis is Director of Supply Chain Operations at Waymo.  Upon information and belief, Mr. Willis is knowledgeable about various aspects of supply chain operations at Waymo, including but not limited to sourcing, procurement, and contracts with third parties in support of Waymo's autonomous driving technologies.  In addition, Mr. Willis is knowledgeable about the circumstances relevant to claims or defenses pertaining to Waymo's trade secret misappropriation allegations.  Mr. Willis is knowledgeable about the policies or procedures regarding the treatment of proprietary or confidential information at Waymo.

20. **Michael Janosko**— contact through counsel for Waymo – Mr. Janosko is a security engineering manager at Google.  Mr. Janosko is knowledgeable about policies, procedures, and guidelines at Google pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, security software, security hardware, and the operation of Google's servers, networks, or electronic devices including the SVN network and Tortoise SVN.

21. **Sasha Zbrozec**— contact through counsel for Waymo – Mr. Zbrozec is Staff Hardware Engineer at Waymo.  Mr. Zbrozec is knowledgeable about policies,

procedures, and guidelines at Google pertaining to the treatment of confidential or

proprietary information such as, but not limited to, encryption, data recovery, data

logging, intrusion, security software, security hardware, and the operation of

Google's servers, networks, or electronic devices including the SVN network and

Tortoise SVN.

22. **John Bares**— contact through counsel for Uber – Mr. Bares is Operations Director at

the Advanced Technologies Group at Uber.  He was previously the founder of

Carnegie Robotics LLC.  Mr. Bares is knowledgeable about the development of

LiDAR technologies at Uber, and also has technical knowledge regarding LiDAR,

including aspects of LiDAR design, specifications, implementation, and limitations.

23. **Cameron Poetzscher**— contact through counsel for Uber – Mr. Poetzcher is Vice

President of Corporate Development at Uber.  Mr. Poetzcher is knowledgeable about

the development, strategic vision, designs, and projects of Uber's autonomous car

program during time period most relevant to claims.  Further and upon information

and belief, Mr. Poetzcher is knowledgeable about business or corporate aspects of

Uber, including but not limited to its structure and aspects of discussions,

negotiations, and considerations involving Uber's acquisition of Ottomotto and Otto

Trucking.

24. **John Gardner**—Merri Baldwin, Rogers Joseph O'Donell P.C., 311 California St,

San Francisco, CA 94104, 415-956-2828 – Mr. Gardner is Partner at the law firm

Donahue Fitzgerald LLP.  He is knowledgeable about representation pertaining to

Anthony Levandowski in the course of Uber's corporate transaction with Ottomotto

and Otto Trucking.  Discovery will involve some privileged documents and

conversations.

25. **Velodyne LiDAR**— 345 Digital Dr, Morgan Hill, CA 95037, 408-465-2800 – Velodyne LiDAR ("Velodyne") is a technology company that designs and manufactures LiDAR systems for use in, among other things, autonomous driving vehicles.  Velodyne is knowledgeable about negotiations, discussions, deliberations, and contracts regarding LiDAR technology as they pertain to the parties in this litigation.  Further, Velodyne has technical knowledge regarding LiDAR, including aspects of LiDAR design, specifications, implementation, and limitations.

26. **Eric Berdinis**—Mr. Berdinis is associated with Otto Trucking.  Upon information and belief, Mr. Berdinis may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.  Mr. Berdinis is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones. Mr. Berdinis is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

27. **Don Burnette**— contact through counsel at Uber – Mr. Burnette is Technical Lead at Uber.  He was previously associated with Ottomotto and Google.  Mr. Burnette is knowledgeable about the development of LiDAR technologies at Ottomotto, Google, and Uber, and also has technical knowledge regarding LiDAR, including aspects of LiDAR design, specifications, implementation, and limitations.  Further and upon information and belief, Mr. Burnette is knowledgeable about business or corporate aspects of Ottomotto, including but not limited to its structure and aspects of Uber's acquisition of Ottomotto.  Mr. Burnette is knowledgeable about aspects of personnel

and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Burnette is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

28. **Claire Delaunay**— contact through counsel at Uber — Ms. Delaunay is Director of Engineering at Uber.  She was previously associated with Ottomotto and Google. Ms. Delaunay is knowledgeable about the development of LiDAR technologies at Ottomotto, Google, and Uber, and also has technical knowledge regarding LiDAR, including aspects of LiDAR design, specifications, implementation, and limitations. Further and upon information and belief, Ms. Delaunay is knowledgeable about business or corporate aspects of Ottomotto, including but not limited to its structure and aspects of Uber's acquisition of Ottomotto.  Ms. Delaunay is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Ms. Delaunay is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

29. **Ryan Espinosa**—Mr. Espinosa is associated with Otto Trucking.  Upon information and belief, Mr. Espinosa may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.  Mr. Espinosa is knowledgeable about

aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Espinosa is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

30. **Drew Gray**—Mr. Gray is associated with Otto Trucking.  Upon information and belief, Mr. Gray may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.

31. **Matt Grigsby**—Mr. Grigsby is associated with Otto Trucking.  Upon information and belief, Mr. Grigsby may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.

32. **Soren Juelsgaard**— contact through counsel for Ottomotto – Mr. Juelsgaard is Director of Hardware Engineering at Ottomotto.  He was previously associated with Google.  Mr. Juelsgaard is knowledgeable about the development of LiDAR technologies at Ottomotto, Google, and Uber, and also has technical knowledge regarding LiDAR, including aspects of LiDAR design, specifications, implementation, and limitations.  Further and upon information and belief, Mr. Juelsgaard is knowledgeable about business or corporate aspects of Ottomotto, including but not limited to its structure and aspects of Uber's acquisition of Ottomotto.  Mr. Juelsgaard is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Juelsgaard is knowledgeable about policies, procedures, and guidelines at Google and Waymo

pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

33. **Oleg Khainovski**—Mr. Khainovski is associated with Otto Trucking.  Upon information and belief, Mr. Khainovski may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.

34. **Maxime Levandowski**—Mr. Levandowski is associated with Otto Trucking.  Upon information and belief, Mr. Levandowski may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.

35. **Yevgeni Litvin**—Mr. Litvin is associated with Otto Trucking.  Upon information and belief, Mr. Litvin may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.

36. **Nicolas Munley**—Mr. Munley is associated with Otto Trucking.  Upon information and belief, Mr. Munley may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.  Mr. Munley is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones. Mr. Munley is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

37. **Gillian Nugent**— contact through counsel for Uber – Ms. Nugent is Operations Lead at the Advanced Technologies Group at Uber.  Ms. Nugent was previously is

associated with Ottomotto and Otto Trucking.  Ms. Nugent is knowledgeable about the development of LiDAR technologies at Ottomotto, and Uber, and also has technical knowledge regarding LiDAR, including aspects of LiDAR design, specifications, implementation, and limitations.

38. **Lior Ron**— Jonathan Patchen, Taylor & Patchen LLP, One Ferry Building, Suite 355, San Francisco, CA 94111, 415-788-8200 – Mr. Ron is a Managing Member of Otto Trucking.  He was previously associated with Ottomotto and Google.

39. **Wendnara Phok**—Mr. Phok is associated with Otto Trucking.  Upon information and belief, Mr. Phok may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.  Mr. Phok is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Phok is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

40. **Colin Sebern**— contact through counsel for Uber – Mr. Sebern is Senior Operations Engineer at Uber and Vehicle Engineer at Ottomotto.  He was previously associated with Google.  Upon information and belief, Mr. Sebern is knowledgeable about the development of LiDAR technologies at Ottomotto, Google, and Uber, and also has technical knowledge regarding LiDAR, including aspects of LiDAR design, specifications, implementation, and limitations.  Further and upon information and belief, Mr. Sebern is knowledgeable about business or corporate aspects of Ottomotto, including but not limited to its structure and aspects of Uber's acquisition

of Ottomotto.  Mr. Sebern is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Sebern is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

41. **Vincent Tran**—Mr. Tran is associated with Otto Trucking.  Upon information and belief, Mr. Tran may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.  Mr. Tran is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Tran is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

42. **Jur Van Den Berg**—Mr. Van Den Berg is associated with Otto Trucking.  Upon information and belief, Mr. Van Den Berg may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.  Mr. Van Den Berg is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Van Den Berg is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment

of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

43. **George Lagui**—Mr. Lagui is associated with Otto Trucking.  Upon information and belief, Mr. Lagui may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.  Mr. Lagui is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Lagui is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

44. **Benjamin Butin**—Mr. Butin is associated with Otto Trucking.  Upon information and belief, Mr. Butin may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.  Mr. Butin is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Butin is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

45. **Daniel Ratner**—Mr. Ratner is associated with Otto Trucking.  Upon information and belief, Mr. Ratner may have knowledge regarding claims or defenses pertaining to

Otto Trucking in this case.  Mr. Ratner is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Ratner is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

46. **David Weikersdorfer**—Mr. Weikersdorfer is associated with Otto Trucking.  Upon information and belief, Mr. Weikersdorfer may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.  Mr. Weikersdorfer is knowledgeable about aspects of personnel and staffing at Google's and Waymo's autonomous driving projects including but not limited to knowledge of bonus compensation plans and milestones.  Mr. Weikersdorfer is knowledgeable about policies, procedures, and guidelines at Google and Waymo pertaining to the treatment of confidential or proprietary information such as, but not limited to, encryption, data recovery, data logging, intrusion, software, hardware, and the operation of servers, networks, or electronic devices including the SVN network and Tortoise SVN.

47. **Abram Burkholder**—Mr. Burkholder is associated with Otto Trucking.  Upon information and belief, Mr. Burkholder may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.

48. **Kevin Choi**—Mr. Choi is associated with Otto Trucking.  Upon information and belief, Mr. Choi may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.

49. **Sachin Patil**—Mr. Patil is associated with Otto Trucking.  Upon information and belief, Mr. Patil may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.

50. **Eyal Cohen**—Mr. Cohen is associated with Otto Trucking.  Upon information and belief, Mr. Cohen may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.

51. **Aaron Sellers**—Mr. Sellers is associated with Otto Trucking.  Upon information and belief, Mr. Sellers may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.

52. **Harris Faruqi**—Mr. Faruqi is associated with Otto Trucking.  Upon information and belief, Mr. Faruqi may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.

53. **Richard Blaver**—Mr. Blaver is associated with Otto Trucking.  Upon information and belief, Mr. Blaver may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.

54. **Robert Miller**— contact through counsel for Uber – Mr. Miller is Senior Manager of Self-Driving Operations at the Advanced Technologies Group at Uber.  He was previously associated with 510 Systems, Google, and Ottomotto.  Upon information and belief, Mr. Miller is knowledgeable about the development of LiDAR technologies at Ottomotto, and Uber, and also has technical knowledge regarding LiDAR, including aspects of LiDAR design, specifications, implementation, and limitations.  Further upon information and belief, Mr. Miller may have knowledge regarding claims or defenses pertaining to Otto Trucking in this case.

55. **Seval Oz**—Ms. Oz was previously associated with Project Chauffeur at Google.  She is knowledgeable about circumstances relevant to claims or defenses pertaining to

Waymo's trade secret misappropriation allegations.  Further, Ms. Oz is knowledgeable about the policies or procedures regarding the treatment of proprietary or confidential information at Google.

56. **Chris Urmson**—Mr. Urmson was previously associated with Project Chauffeur at Google.  He is knowledgeable about the circumstances relevant to claims or defenses pertaining to Waymo's trade secret misappropriation allegations.  Further, Mr. Urmson is knowledgeable about the policies or procedures regarding the treatment of proprietary or confidential information at Waymo.

57. **Larry Page**— contact through counsel for Waymo – Mr. Page is Chief Executive Officer of Alphabet, Inc. ("Alphabet").  Mr. Page is knowledgeable about the development, strategic visions, designs, and projects of Google's autonomous car program at its inception and during the time period most relevant to the claims in this litigation.  Further, he is knowledgeable about Google's acquisition of technologies related to the autonomous car program, including but not limited to LiDAR technologies.  Mr. Page is knowledgeable about business and corporate aspects of Alphabet, Google, and Waymo, including but not limited to its business structures and corporate relationships.  Mr. Page is knowledgeable about information pertaining to individuals sought, recruited, or hired in connection with Google/Waymo's autonomous driving project.

58. **Sergey Brin**— contact through counsel for Waymo – Mr. Brin is President of Alphabet.  Mr. Brin is knowledgeable about the development, strategic visions, designs, and projects of Google's autonomous car program at its inception and during the time period most relevant to the claims in this litigation.  Further, he is knowledgeable about Google's acquisition of technologies related to the autonomous car program, including but not limited to LiDAR technologies.  Mr. Brin is

knowledgeable about business and corporate aspects of Alphabet, Google, and Waymo, including but not limited to its business structures and corporate relationships.  Mr. Brin is knowledgeable about information pertaining to the individuals sought, recruited, or hired in connection with Google/Waymo's autonomous driving project.

59. **Eric Schmidt**— contact through counsel for Waymo – Mr. Schmidt is Executive Chairman of Alphabet.  Mr. Schmidt is knowledgeable about the development, strategic visions, designs, and projects of Google's autonomous car program at its inception and during the time period most relevant to the claims in this litigation. Further, he is knowledgeable about Google's acquisition of technologies related to the autonomous car program, including but not limited to LiDAR technologies.  Mr. Schmidt is knowledgeable about business and corporate aspects of Alphabet, Google, and Waymo, including but not limited to its business structures and corporate relationships.  Mr. Schmidt is knowledgeable about information pertaining to the individuals sought, recruited, or hired in connection with Google/Waymo's autonomous driving project.

60. **John Krafcik**— contact through counsel for Waymo – Mr. Krafcik is Chief Executive Officer of Waymo.  Mr. Krafcik is knowledgeable about the development, strategic visions, designs, and projects of Google's autonomous car program at its inception and during the time period most relevant to the claims in this litigation. Further, he is knowledgeable about Google's acquisition of technologies related to the autonomous car program, including but not limited to LiDAR technologies.  Mr. Krafcik is knowledgeable about business and corporate aspects of Alphabet, Google, and Waymo, including but not limited to its business structures and corporate relationships.  Mr. Krafcik is knowledgeable about information pertaining to the

individuals sought, recruited, or hired in connection with Google/Waymo's autonomous driving project.

61. **Sebastian Thrun**—Mr. Thrun is Chairman and co-founder of Udacity.  He was previously associated with Google.  Mr. Thrun is knowledgeable about the development, strategic visions, designs, and projects of Google's autonomous car program.  Further, he is knowledgeable about Google's acquisition of technologies related to the autonomous car program.  Mr. Thrun is knowledgeable about business and corporate aspects of Google, including but not limited to its business structures and corporate relationships.

62. **David Estrada**—Mr. Estrada is General Counsel of Kitty Hawk.  He was previously associated with Project Chauffeur, Google's autonomous driving project.  Upon information and belief, Mr. Estrada is knowledgeable about practices, policies, and procedures regarding Project Chauffeur personnel.  Further and upon information and belief, Mr. Estrada is knowledgeable about business or corporate aspects of Project Chauffeur, including but not limited to the Project's business structure and corporate relationships, and agreements or contracts with third parties.  Discovery will involve some privileged documents and conversations.

63. **Nuro.ai**— 435 N Whisman Rd #100, Mountain View, CA 94043 – namely the individuals Damien Weiss, Christine Marion, Jiajun Zhu, and David Ferguson—upon information and belief have technical knowledge regarding autonomous driving technology.  Upon information and belief, the aforementioned individuals are knowledgeable about the circumstances relevant to claims or defenses pertaining to Waymo's trade secret misappropriation allegations.

64. **Individuals identified as inventors on the '922 patent**—namely Gaetan Pennecot; Pierre-Yves Droz; Drew Eugene Ulrich; Daniel Gruver; Zachary Morriss; Anthony

Levandowski—are believed to have knowledge concerning the subject matter of these patents, preparation and prosecution of the applications that led to these patents; and prior art related to these patents.  Given Mr. Levandowski's invocation of his Fifth Amendment rights, Otto Trucking does not anticipate that he will testify.

65. **Individuals identified as inventors on the '464 patent**—namely Gaetan Pennecot; Pierre-Yves Droz; Drew Eugene Ulrich; Daniel Gruver; Zachary Morriss; Anthony Levandowski—are believed to have knowledge concerning the subject matter of these patents, preparation and prosecution of the applications that led to these patents; and prior art related to these patents.  Given Mr. Levandowski's invocation of his Fifth Amendment rights, Otto Trucking does not anticipate that he will testify.

66. **Individuals identified as inventors on the '936 patent**—namely Samuel William Lenius and Pierre-Yves Droz—are believed to have knowledge concerning the subject matter of these patents, preparation and prosecution of the applications that led to these patents; and prior art related to these patents.

67. **Alejandro Munoz**— 2595 East Bayshore Road, Suite 200, Palo Alto, CA 94303, 650-752-1100.  Mr. Munoz is counsel previously associated with Tyto LiDAR and Odin Wave.  He is knowledgeable about the patenting of certain Tyto LiDAR and Odin Wave technologies.  Discovery will involve some privileged documents and conversations.

68. **Ognen Stojanovski**—Mr. Stojanovski was previously associated with Tyto LiDAR. Upon information and belief, Mr. Stojanovski is knowledgeable about the development of LiDAR technologies at Tyto LiDAR, and also has technical knowledge regarding LiDAR, including aspects of LiDAR design, specifications, implementation, and limitations.  Further and upon information and belief, Mr. Stojanvoski is knowledgeable about business or corporate aspects of Tyto LiDAR,

including but not limited to its structure and aspects of Ottomotto's acquisition of Tyto LiDAR.

Because discovery is still underway, Otto Trucking is not in a position to identify the current or former employees, consultants, or agents of Waymo or other third parties who are likely to have discoverable information that Otto Trucking may use to support its defenses.  Otto Trucking anticipates, however, that the following categories of current or former employees, consultants, or agents of Waymo and other third parties may have discoverable information:

1. Individuals knowledgeable about Waymo's policy, procedure, or guidelines regarding the access or maintenance of Waymo's SVN server, including but not limited to technology support personnel, technology support experts, current and former employees of Waymo may have relevant information that Otto Trucking may use to support its defenses;

2. Individuals who participated in Project Chauffeur, and including but not limited to engineers, designers, business development personnel, and others involved in the development of LiDAR technology that Waymo alleges to be trade secrets, may have relevant information that Otto Trucking may use to support its defenses;

3. Individuals knowledgeable about work done by Mr. Levandowski or other members of the Project Chauffeur team outside the scope of Project Chauffeur at the direction, request, or insistence of Waymo executives, officers, or other managerial personnel may have relevant information that Otto Trucking may use to support its defenses;

4. Individuals knowledgeable about LiDAR technology, specifications, designs, implementations, and prior art who may have relevant information that Otto Trucking may use to support its defenses;

5. Individuals knowledgeable about Ottomotto's supply chain regarding LiDAR components, technologies, and designs proposed, considered, used, and implemented by

Ottomotto, who may have relevant information that Otto Trucking may use to support its defenses;

6. Individuals knowledgeable about any transfer of personnel and property, including any intellectual property, from Google or Alphabet on the one hand to Waymo on the other who may have relevant information that Otto Trucking may use to support its defenses;

7. Individuals knowledgeable about planning and implementation, including any preliminary discussions, regarding the Uber's acquisition of Ottomotto and Otto Trucking, whether such acquisition was realized or not realized, who may have relevant information that Otto Trucking may use to support its defenses;

8. Individuals knowledgeable about claims alleged by Waymo regarding the removal, copying, retention, duplication, or any other transfer, of intellectual property regarding LiDAR technology from Google or Waymo on the one hand to Uber, Ottomotto, or Otto Trucking on the other hand,  who may have relevant information that Otto Trucking may use to support its defenses;

9. Individuals knowledgeable about damages, if any, incurred by Waymo in connection with its claims of patent infringement and trade secret misappropriation as alleged in the Amended Complaint filed March 10, 2017, who may have relevant information that Otto Trucking may use to support its defenses;

10. All individuals identified in Waymo's, Uber's, and Ottomotto's initial disclosures and any amendments or supplements thereto;

11. All individuals identified in Waymo's, Uber's, and Ottomotto's interrogatory responses and any amendments or supplements thereto;

12. All individuals referenced in deposition testimony; and

13. All other individuals not yet known or discoverable.

Otto Trucking reserves the right to disclose additional individuals whom Otto Trucking may use to support its defenses based on information learned during the course of the litigation.

**B. CATEGORIES OF RELEVANT DOCUMENTS (Fed. R. Civ. P. 26(a)(1)(A)(ii))**

Pursuant to Rule 26(a)(1)(A)(ii), Otto Trucking identifies the following categories of documents, data compilations, and tangible things that it may use to support its defenses.

1. Documents reflecting Waymo's policies, procedures, or guidelines regarding the access or maintenance of Waymo's SVN server, and storage of data on Waymo's SVN server;

2. Access logs, records, and metadata regarding who had access to Waymo's SVN server (the "Accessing Individual"), and each Accessing Individual's activities on the server including but not limited to the Accessing Individual's read, write, edit, upload, download, copy, and deletion activity;

3. Documents relating to any forensic investigation and analysis of computers, smartphones, or other electronic devices used by Anthony Levandowski prior to his departure from Waymo;

4. Documents pertaining to the specific LiDAR technology Waymo alleges to be trade secrets, including but not limited to correspondence, memoranda, schematics, patenting or licensing files, reports, logs, or other documents sufficient to describe the development, content, and scope of the trade secret;

5. Documents pertaining to work done by Anthony Levandowski or other members of the Project Chauffeur team outside the scope of Project Chauffeur at the direction, request, or insistence of Waymo executives, officers, or other managerial personnel;

6. Documents sufficient to identify and support any damages Waymo alleges it suffered;

7. Documents pertaining to LiDAR technology, specifications, designs, implementations, and prior art;

8.  Documents relevant to Ottomotto's supply chain regarding LiDAR components, technologies, and designs proposed, considered, used, and implemented by Ottomotto;

9.  Documents pertaining to any transfer of personnel and property, including any intellectual property, from Google or Alphabet on the one hand to Waymo on the other;

10. Documents internal to any of Google's autonomous driving projects or to any of Waymo's projects including and not limited to internal "wikis," intranet pages, and EEE pages;

11. Documents pertaining to public disclosures of the trade secrets at issue in this case including and not limited to presentations at trade shows, displays to the media, and descriptions at conferences;

12. Documents regarding the relationship between Waymo on the one hand and Google and Alphabet on the other, and also regarding Waymo's ownership of intellectual property related to patents and trade secrets at issue in this case;

13. Documents pertaining to planning and implementation, including any preliminary discussions, regarding the Uber's acquisition of Otto and OttoTrucking, whether such acquisition was realized or not realized;

14. Documents shared by Waymo, Google, or Alphabet on the one hand, and any third party or party or parties on the other;

15. Any documents to be produced by the parties, non-parties, and experts, or filed with the courts, including exhibits; and

16. Any documents referenced in discovery;

17. Other documents not yet known or discoverable.

Otto Trucking reserves the right to assert a claim of privilege or immunity and withhold from production any documents, whether or not included above, that are protected from discovery by the attorney-client privilege, work product immunity, or any other privilege or immunity.  Otto Trucking

further reserves the right to disclose additional documents that Otto Trucking may use to support its defenses based on information learned during the course of this litigation.

It is Otto Trucking's current understanding that the documents described in categories 1–17 above are currently either in Waymo's possession, custody, or control or publicly available.

### C.  COMPUTATION OF DAMAGES (Fed. R. Civ. P. 26(a)(1)(A)(iii))

Otto Trucking discloses that, at this point, it does not maintain any claim for damages in this action, and thus Rule 26(a)(1)(A)(iii) is presently inapplicable.  Otto Trucking reserves the right to seek attorney fees and costs incurred in prosecuting this action as permitted by law and will provide information concerning such fees and costs at the appropriate time.

### D.  INSURANCE AGREEMENTS (Fed. R. Civ. P. 26(a)(1)(A)(iv))

Otto Trucking is unaware of any applicable insurance agreement.  Otto Trucking reserves the right to supplement these initial disclosures pursuant to Federal Rule of Civil Procedure 26(e).

Dated: June 21, 2017

Respectfully submitted,

By:  _/s/ Neel Chatterjee_
    Neel Chatterjee (SBN 173985)
    _nchatterjee@goodwinlaw.com_
    **GOODWIN PROCTER LLP**
    135 Commonwealth Drive
    Menlo Park, California 94025
    Tel.: +1 650 752 3100
    Fax.: +1 650 853 1038

    Rachel M. Walsh (SBN 250568)
    _rwalsh@goodwinlaw.com_
    Brett Schuman (SBN 189247)
    _bschuman@goodwinlaw.com_
    **GOODWIN PROCTER LLP**
    Three Embarcadero Center
    San Francisco, California 94111
    Tel.: +1 415 733 6000
    Fax.: +1 415 677 9041

    _Attorneys for Defendant_
    OTTO TRUCKING LLC