

Todd A. Boock
+1 213 426 2560
TBoock@goodwinlaw.com

Goodwin Procter LLP
601 S Figueroa Street
41st Floor
Los Angeles, CA 90017

goodwinlaw.com
+1 213 426 2500

September 8, 2017

**VIA ECF**

The Honorable Jacqueline Scott Corley
United States Magistrate Judge
United States District Court for the Northern District of California
Phillip Burton United States Courthouse
450 Golden Gate Avenue
Courtroom F - 15th Floor
San Francisco, CA 94102

Re:   *Waymo LLC v. Uber Technologies, LLC, et al.* (**Case No. 3:17-cv-00939-WHA**)

Dear Magistrate Judge Corley:

With the Special Master's permission, Otto Trucking LLC ("OT") submits this letter brief in reply to Waymo's Opposition to OT's Motion to Compel the depositions of witnesses and Google employees Nathaniel Fairfield, Leah Bijnens, John Krafcik and Andrew Barton Sweeney.  In its Opposition, Waymo wrongly argues that "Otto Trucking falsely suggests that Waymo has put the privileged investigation in issue," contending that Waymo's allegations about Anthony Levandowski's relationship to Tyto/Odin wave are solely at issue in the arbitration and not this litigation.  The **same day** that Waymo made this argument in its Opposition, it subsequently filed a brief in which it argued the exact opposite – specifically, that Mr. Levandowski's ownership and relationship to Tyto LiDAR (formerly known as Odin Wave) is a "***key fact***" in this litigation.  Dkt. 1494 at p.6, fn. 5 (emphasis added).

While the parties have not generally filed replies in support of their discovery motions, Otto Trucking thought it necessary to correct the record in this specific situation, due to the erroneous arguments raised by Waymo.  OT raised the issue at a meet and confer after receiving the Opposition and requested the opportunity to file a reply brief.  Although Waymo opposed OT filing a reply, Special Master Cooper allowed OT to do so and gave Waymo the opportunity to file a sur-reply on the same issues.

Respectfully submitted,

 */s/ Todd A. Boock*

Todd A. Boock
GOODWIN PROCTER LLP

*Attorneys for Defendant*
Otto Trucking LLC

cc:  Counsel of Record (via ECF); Special Master Cooper

1



Todd A. Boock
+1 213 426 2560
TBoock@goodwinlaw.com

Goodwin Procter LLP
601 S Figueroa Street
41st Floor
Los Angeles, CA 90017

goodwinlaw.com
+1 213 426 2500

In its Motion to Compel depositions of witnesses and Google employees Nathaniel Fairfield, Leah Bijnens, John Krafcik and Andrew Barton Sweeney ("Motion"), OT cut and pasted from a portion of Waymo's Opposition to Defendants' Motion to Compel Arbitration of, And to Stay, Trade Secret and UCL Claims (Dkt. 204) and argued that Anthony Levandowski's side projects, such as Odin Wave and Tyto, are issues that Waymo has deemed important and relevant to its case against defendants.  Dkt. 1438 at 3.  Among other reasons, OT contends that Waymo's focus on this issue, and the very late disclosure of certain witnesses' involvement in an investigation of Tyto/Odin Wave, subjects those witnesses to deposition.  These witnesses' *direct involvement in that investigation* (not the Tyto/Odin Wave issue itself, as conflated by Waymo in its Opposition) was disclosed 3 hours before the close of fact discovery.  Only Mr. Krafcik was deposed previously, and his response on the issue was vague at best.  *See* Dkt. 1438 at 4.

In its Opposition, Waymo argues that the quoted passage in OT's Motion "describes allegations in the arbitration and specifically *distinguishes those from Waymo's allegations in this action*."  Dkt. 1486 at 2 (emphasis added).  Waymo also contends that, "Waymo has not placed in issue its internal investigation into Tyto or Odin Wave." *Id*. At 1.  In making these arguments, Waymo falsely suggests that the Tyto/Odin Wave issue is not relevant to Waymo's claims in this litigation, when it made the exact opposite argument in a brief filed later the same day.  Specifically, in Waymo's Supplemental Brief In Support Of Its Motion For Order To Show Cause Why Defendants Should Not Be Held In Contempt Of The Preliminary Injunction Order And Expedited Discovery Order, Waymo contends that Mr. Levandowski's ownership and control of Tyto/Odin Wave is a "***key fact***," one in which "Waymo was forced to serve more than a dozen subpoenas on a variety of entities" to purportedly uncover.  Dkt. 1494 at 6, fn. 5 (emphasis added).  Consequently, Waymo's argument – that OT attempted to create a "false impression" or inaccurately described Waymo's allegations in this case – is categorically false.

Waymo has most definitely included allegations pertaining to Mr. Levandowski's relationship to Tyto/Odin Wave in *this* litigation.  Examples of this are included throughout pleadings Waymo has filed in this case, as recently as September 7, 2017.  *See, e.g.,* Dkt. 1494 at 6, fn. 5 (Mr. Levandowski's ownership and control of Tyto is a "key fact"); Dkt. 1160 at 9:1-11 ("Waymo has previously shown that Mr. Levandowski was personally disclosing Trade Secret 90 to engineers at Tyto, a company Ottomotto acquired after entering into a term sheet with Uber, well before he left Google"); Dkt. 682-2 at 6 (Interrogatory No. 4:  "Describe the ownership of TYTO and/or ODIN WAVE, INCLUDING the identity of all PERSONS with current or former ownership interests in TYTO and/or ODIN WAVE, that PERSON's current or former ownership interest(s), and the agreements creating or modifying those ownership interests.").

Due to the nature of Waymo's claims in its opposition brief, OT raised this issue on a meet and confer on September 8, 2017, requesting the opportunity to file a reply and correct the record.  Although Waymo opposed the filing, Special Master John Cooper granted the request, as well as granting Waymo the opportunity to file a sur-reply in response.

For these and the foregoing reasons, OT respectfully requests that the Court grant this motion to compel and allow the requested depositions to proceed forthwith.  Alternatively, if Waymo contends that the Tyto/Odin Wave matter is not in issue, OT requests that the Court preclude Waymo from raising it at trial.

1



Todd A. Boock
+1 213 426 2560
TBoock@goodwinlaw.com

Goodwin Procter LLP
601 S Figueroa Street
Los Angeles, CA 90017

goodwinlaw.com
+1 213 426 2500

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on September 8, 2017. I further certify that all participants in the case are registered CM/ECF users and that service of the redacted version of this discovery letter brief, including public and redacted attachments will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 8th day of September 2017.

                                                   /s/ Todd A. Boock
                                                   Todd A. Boock