**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94101 | TEL (415) 875-6600

September 8, 2017

Magistrate Judge Jacqueline Scott Corley

Re:   *Waymo LLC v. Uber Technologies, Inc., et al.*, N.D. Cal., Case 3:17-cv-00939-WHA
      **Waymo's Opposition to Otto Trucking's Motion to Compel Four Depositions**

Dear Judge Corley:

Please find below Waymo's Sur-Reply to Otto Trucking's Reply in Support of Motion to compel additional depositions (Dkt. 1497).

As Waymo stated in its opposition, Waymo has not put the privileged Security Investigation at issue in this case. Waymo has sought and obtained evidence regarding Levandowski's relationship with Tyto and Odin Wave via discovery in this case, but that is not the privileged Security Investigation. Accordingly, that evidence is unrelated to Otto Trucking's motion to compel discovery into the Security Investigation.

Waymo opposed additional briefing, but submits this sur-reply to answer Otto Trucking's reply.

Sincerely,

*/s/ Charles K. Verhoeven*

Charles K. Verhoeven

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

Otto Trucking ("OT") is improperly conflating a privileged Waymo internal investigation with discovery properly obtained in this litigation.  It is ludicrous to suggest that Waymo is not entitled to rely on discovery in this litigation concerning Tyto because Waymo previously conducted a privileged investigation (on which it does **not** rely) touching the same subject. Obviously, a prior privileged investigation (which has not been and will not be relied upon or used in any way) does not then preclude a party from relying on information on the same subject matter obtained through discovery.  Nor does discovery into a subject waive a privileged investigation covering that same subject.  Under OT's warped reasoning, Defendants' entire 3,500+ privilege log is waived because they are relying on discovery taken in this litigation on the subjects that they previously investigated.  This is not a good faith argument.

Through its August 31 motion, OT moved to compel discovery into a privileged, non-waived Security Investigation. (Dkt. 1438.)  In its opposition (Dkt. 1486-3), Waymo pointed out that OT's lone citation purporting to show Waymo's reliance on the privileged Security Investigation was in fact an excerpt from a list of allegations at issue in Waymo's arbitrations against Mr. Levandowski and Mr. Ron. (*Id.* at 2-3.)  Waymo concluded by stating: "Otto Trucking's cited passage fails to demonstrate that Waymo has put at issue, in this litigation, ***Waymo's privileged Security Investigation*** into Tyto and Odin Wave." (*Id.* at 3 (emphasis added).)

Referring to Waymo's opposition and its subsequent Supplemental Brief in Support of an OSC against Defendants filed yesterday, OT's reply falsely accuses Waymo of duplicity, stating:

> "The *same day* that Waymo made this argument in its Opposition, it subsequently filed a brief in which it argued the exact opposite – specifically, that Mr. Levandowski's ownership and relationship to Tyto LiDAR (formerly known as Odin Wave) is a '***key fact***' in this litigation. Dkt. 1494 at p.6, fn. 5 (emphasis added)." (Dkt. 1497, at 1.)

OT intentionally fails to inform the Court that the referenced argument in the Supplemental OSC Brief concerned evidence obtained through discovery in this case.  It was ***not*** obtained from, and does ***not*** concern, "Waymo's privileged Security Investigation" discussed in Waymo's Opposition.  Evidence from Waymo's non-privileged discovery of third parties in this case plainly does not waive the privilege that applies to a previous internal investigation. (Dkt. 1494 at 6 n.5.)  Waymo has stated, and represents again, that it is ***not*** relying on, and has no intention to rely on, its ***privileged Security Investigation***.  *See* Dkt. 1486-3 at 1 ("Waymo has not placed in issue its internal investigation into Tyto or Odin Wave."); *id.* ("The Security Investigation is Privileged (And Not Waived)"); *id.* at 3 ("Otto Trucking's cited passage fails to demonstrate that Waymo has put at issue, in this litigation, Waymo's privileged Security Investigation into Tyto and Odin Wave."); *id.* ("Waymo has not, as charged by Otto Trucking, introduced work product concerning the August 2016 Security Investigation."); *id.* at 4 ("Waymo has not relied on the investigation.").

In sum, Waymo's evidence relating to Levandowski and Tyto / Odin Wave does not come from the privileged Security Investigation; it comes from non-privileged discovery that Waymo obtained in this case.  And Waymo's reliance on non-privileged discovery is not a basis on which Otto Trucking can properly seek discovery into privileged material, even if the privileged material may be related to the same subject matter.  Otto Trucking's motion should be denied in its entirety.