QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S PROPOSED JURY INSTRUCTION REGARDING DEFENDANTS' VIOLATION OF THE COURT'S EXPEDITED DISCOVERY ORDER [Dkt. 61] AND PRELIMINARY INJUNCTION ORDER [Dkt. 426]**<br><br>**REDACTED VERSION OF DOCUMENT SUBMITTED UNDER SEAL**<br><br>Judge: The Honorable William Alsup<br><br>Trial Date: October 10, 2017 |

## I. The Court's Directive Concerning a Jury Instruction as a Possible Remedy for Defendants' Failure to Comply with the Court's Orders

At the August 16 hearing on Plaintiff Waymo LLC's ("Waymo") Motions for an Order to Show Cause, the Court stated:

> But I am inclined -- but I won't rule that yet -- to tell the jury exactly this scenario. That he was ordered to come clean, did not come clean. Ordered to come clean again, did not come clean. And finally, in June and July, comes clean. These big firms, these big companies, they -- I can't regulate everything, but I can do this. I can tell the jury what they're up against, what we're up against in this – this -- where people hide the ball. I don't know if Mr. González -- I know Mr. González. He is an honorable guy. Maybe his firm did this; maybe Uber did it. I don't know. But I'm inclined to let the jury know what happened here. And they can take this into account in evaluating the bona fides of both sides here … **THE COURT:** Here's one thing that would be useful to me. After the hearing, I would like for Waymo to write out a proposed jury instruction that would say in non-argumentative terms what happened on this whole sequence in chronological order, so that we can begin the process of considering whether to give such an instruction to the jury. And then give that to the other side. And in due course, the judge is going to decide whether to give some instruction along those lines. I have not decided that yet. But that does seem to be the most likely, if any, relief. I have not decided that yet.

(Dkt. 1261 at 27:2-15 and 33:8-18.)

In accordance with the Court's directive, Waymo submits this proposed jury instruction regarding Defendants' violations of the Court's Expedited Discovery Order and Preliminary Injunction Order.

## II. Proposed Jury Instruction

This Court issued an Order requiring Defendants Uber, Ottomotto, and Otto Trucking to return to Waymo, by no later than March 31, 2017, all documents relating to any Waymo files taken by Anthony Levandowski from Waymo. The Court's Order also required Defendants to disclose whether any of those documents had been destroyed. Defendants disobeyed that Order.

Uber and Ottomotto had in their control documents relating to the Waymo files taken by Anthony Levandowski from Waymo, but did not disclose to Waymo or the Court that these documents existed. All three Defendants also knew that other documents relating to the taken Waymo files had been destroyed, but did not disclose that to Waymo or the Court.

This Court issued a second Order requiring Defendants to return to Waymo, by no later than May 31, all documents relating to any Waymo files taken by Anthony Levandowski from Waymo. Uber and

Ottomotto disobeyed that Order as well. As of the May 31 deadline, Uber and Ottomotto had in their control documents relating to files taken by Anthony Levandowski from Waymo, but did not disclose to either Waymo or the Court that these files existed.

On July 3, 2017, this Court issued a third Order, this time requiring Uber and Ottomotto's agents at the law firm of Morisson & Foerster and their consulting firm Stroz Friedberg to show "why they are not in violation of orders herein" requiring production of documents relating to Waymo files taken by Mr. Levandowski from Waymo. In response to that Order, for the first time Uber and Ottomotto's agent Morrison & Foerster revealed that it had possessed since March 2017, before the deadline of the Court's first Order, documents relating to Waymo files taken by Anthony Levandowski from Waymo. Morrison & Foerster said that it had received these documents from Uber and Ottomotto's other agent, Stroz Friedberg, which had been in possession of them since March 2016. Morrison & Foerster's possession of those documents should have been disclosed in response to the Court's prior Orders, and Defendants disobeyed those Orders by failing to do so.

In addition, as part of its first Order, this Court also required Defendants Uber, Ottomotto, and Otto Trucking to provide to Waymo and the Court, by no later than June 23, a complete and chronologically organized log of all oral and written communications – including meetings, phone calls, emails, and text messages – in which Anthony Levandowski discussed LiDAR with any of Defendants' employees. Defendants disobeyed that Order too. As of the June 23 deadline, Defendants failed to disclose the existence of hundreds of communications between Defendants and Mr. Levandowski relating to LiDAR that Defendants knew or should have known existed.

Finally, on August 22, 2017, Uber and Ottomotto's agent Stroz Friedberg revealed for the first time that it was storing ████████████████████████████████ from Mr. Levandowski that should have been disclosed much earlier. This late disclosure violated the Court's prior Orders and the information should have been disclosed in response to the Court's July 3, 2017 Order.

In determining the trustworthiness of Defendants' witnesses, attorneys, and agents, you may, but are not required to, consider the fact that Defendants and their agents disobeyed these Court Orders to disclose the existence and destruction of documents relating to Waymo files that Anthony

1  Levandowski took from Waymo and to disclose the existence of communications between Mr.
2  Levandowski and Defendants' employees relating to LiDAR.
3  DATED: September 7, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP
4                                           By  */s/ Charles K. Verhoeven*
5                                               Charles K. Verhoeven
                                                 Attorneys for WAYMO LLC