UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>        Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**ORDER RE: WAYMO'S MOTION TO COMPEL UBER TO PRODUCE PRIVILEGED MATERIAL**<br><br>Re: Dkt. No. 1439 |

Waymo seeks to compel Uber to produce material withheld on grounds of attorney-client and attorney work-product privilege. (Dkt. No. 1439.) Specifically, Waymo contends that Uber has waived any privilege as to (1) privileged communications related to Uber's termination of Anthony Levandowski, (2) Uber's analysis of whether Waymo materials ended up at Uber, and (3) Waymo's inspections of Uber. Waymo's motion is DENIED in part and GRANTED in part.

Uber bears the burden of proving that it has not waived any privilege. *Weil v. Investment/Indicators, Research and Management, Inc*., 647 F.2d 18, 25 (9th Cir. 1981). "[V]oluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject." *Id.* at 24. Further, "[w]here a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived. *Chevron Corp. v. Pennzoil Co.,* 974 F.2d 1156, 1162 (9th Cir. 1992). For example, when a party claims that his conduct was reasonable because he relied on the advice of counsel, he implicitly waives the privilege as to his communications with counsel. *See id.*

### *1) The Termination of Anthony Levandowski*

Two documents have been disclosed regarding the termination of Mr. Levandowski: (1) a

May 11, 2017 letter from Uber to Mr. Levandowski confirming a decision made on April 27, 2017 to prohibit Mr. Levandowski from working on LiDAR and also directing him to cooperate with Uber's investigation, (Dkt. No. 466-2), and a May 26 letter to Mr. Levandowski terminating his employment with Waymo. (Dkt. No. 519-2.) Waymo does not contend that either letter is privileged; thus, neither is a voluntary disclosure of a privileged communication. The May 11 letter does, however, disclose an April 27 communication. To the extent any documents are being withheld as to the April 27 communication to Mr. Levandowski, they shall be disclosed. Similarly, the May 26 letter discloses an April 20 written directive from Uber in-house counsel Angela Padilla to Mr. Levandowski. This communication, too, should be produced. Uber does not address either communication, let alone meet its burden of showing why the disclosure of their contents in the May 11 and May 26 letters is not a waiver.

Waymo's insistence that it is entitled to all privileged communications regarding Uber's efforts to get Mr. Levandowski to return Waymo's files is unpersuasive and unsupported by citation to any authority. Under Waymo's reasoning, Uber would be entitled to all of Waymo's privileged communications regarding its efforts to discover if Mr. Levandowski downloaded Waymo's materials. Waymo, however, has maintained that it need only disclose documents related to its forensic analysis (over which it has intentionally waived the privilege) and not, for example, its discovery analysis, even though they were all part of its efforts to learn what Mr. Levandowski did.

### 2) *Uber's Internal Analyses*

Waymo has not identified any disclosure of privileged communications. It contends, instead, that Uber may have fact witnesses testify in addition to its expert. But apparently Uber has of now not relied on such testimony; thus, there is nothing in the record that supports a finding of waiver. Waymo's speculation that Uber may attempt to rely on other analyses at trial that had been withheld on grounds of privilege is meritless given that the deadline to waive the privilege has long passed.

### 3) *Waymo's Inspections of Uber*

Again, Waymo has not identified any disclosure of privileged communications by Uber.

Nor has it identified any testimony or argument that by implication waives the privilege. No disclosure of privileged communications is required.

This Order disposes of Docket No. 1439.

**IT IS SO ORDERED.**

Dated: September 11, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge