UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br>　　　　Plaintiff,<br>　　v.<br>UBER TECHNOLOGIES, INC., et al.,<br>　　　　Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**ORDER RE: UBER'S MOTION TO COMPEL**<br><br>Dkt. No. 1435 |

Uber moves to compel responses to Request for Admission No. 40 and Interrogatory Nos. 20, 24, and 29, and to require Waymo to unredact a document. (Dkt. No. 1435.)

**1.　　REQUEST FOR ADMISSION No. 40** asks Waymo to admit "that after Anthony Levandowski signed his employment agreement with Uber in August 2016 (UBER00017083), he did not download any files from Waymo or Google." Waymo responded that it "lacks sufficient knowledge to either admit or deny." Uber insists that this response is not credible. Waymo counters that its answer is appropriate because "Waymo is not aware of any evidence that Levandowski downloaded files from Waymo or Google after Levandowski became an Uber employee, but that does not mean that Waymo knows that he did not, and Uber has not shown otherwise." (Dkt. No. 1489 at 2.) Uber's motion to compel is DENIED. All that Waymo could truthfully admit is that it does not have evidence that Mr. Levandowski downloaded documents after he became an Uber employee, but only Mr. Levandowski can admit or deny whether he did.

**2.　　INTERROGATORIES 20 & 24** ask Waymo to describe efforts it has taken to prevent other companies' confidential, proprietary or trade secret information from entering

Waymo, including any investigations or forensic analysis Waymo performed at any time, including in connection with M&A transactions and employee hires, and any instances in which such information entered Waymo. The Court previously ordered Waymo to provide responses related to its driverless car program. (Dkt. No. 1276.) In response to the Court's Order, Waymo identified two investigations of current employees. Uber contends that this is "astonishing" and "Waymo should be ordered to amend its responses to state that neither it nor Alphabet/Google takes any measures during M&A transactions or when hiring employees to prevent the entrance of another companies' confidential, proprietary or trade secret information." (Dkt. No. 1434-4 at 3.) Likewise, in response to ROG 20, Uber argues that if Alphabet/Google has not performed forensic due diligence, in any context, then it should say so in its response. Further, to the extent that Waymo has conducted other investigations, Uber insists that Waymo should be required to set forth all of the steps it took in these investigations, whether the information it discovered was proprietary or trade secret, and what Waymo did with that information (i.e., whether it was retained, destroyed, or returned). Uber also maintains that these responses also should not be limited to Waymo and should be as to Alphabet/Google generally.

Uber' motion to compel is DENIED. Waymo answered the interrogatories as ordered by the Court. Uber is asking Waymo to make Uber's arguments for it, but the interrogatories do not require it to do so. Interrogatories are admissible at trial and Uber can argue whatever inferences it deems appropriate from Waymo's responses.

**3.  INTERROGATORY 29** asks Waymo to explain the basis for the denial of any RFAs. Uber contends Waymo's response only covers one of the four denials. At a minimum, Uber seeks a response re: RFA 43 which asks Waymo to admit "that during it on-site inspections at Uber, Waymo found no evidence that Uber has misappropriated Google or Waymo trade secrets." Waymo responds that the ROG is over the limit and there is no reason to extend the interrogatory limit.

Uber's motion to compel a response as to RFA 43 is GRANTED. Waymo's denial goes to the heart of its case. It is not unduly burdensome to require Waymo to explain its liability

position; to the contrary, it is what the Federal Rules of Civil Procedure are designed to uncover in advance of trial.

**4.     PRIVILEGE ISSUE**: Uber challenges Waymo's assertion of privilege over an email produced on August 23 that was sent to, among others, the distribution list industryinfo@google.com, which has more than 23,000 members and can be accessed by all full-time employees of Waymo and Google/Alphabet. Uber insists that because Waymo has not disclosed the identities and job descriptions of the persons on the distribution list it has not shown that it is entitled to invoke privilege over this widely disseminated communication. Waymo argues that the document is clearly privileged because it was from an attorney providing legal advice to the recipients, all full-time employees of Waymo/Google/Alphabet who were "within the sphere of corporate privilege."

Waymo shall provide the Court with an unredacted copy of the email on or before 3:00 p.m. on Tuesday, September 12, 2017 for the Court's *in camera* review.

This Order disposes of Docket Number 1435.

**IT IS SO ORDERED.**

Dated: September 11, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge