QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>    vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF FELIPE CORREDOR IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER THEIR RESPONSES TO COURT'S QUESTIONS 1-2 AND 5-8 FOR FURTHER HEARING ON MOTION TO STRIKE ASSERTED TRADE SECRET NUMBER 96** |

I, Felipe Corredor, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Defendants Uber Technologies, Inc. and Ottomotto, LLC's Administrative Motion to File Under Their Responses to Court's Questions 1-2 and 5-8 for Further Hearing on Motion to Strike Asserted Trade Secret Number 96 (the "Administrative Motion"). The Administrative Motion seeks an order sealing highlighted portions of Uber's Responses to Court's Questions 1-2 and 5-8 for Further Hearing on Motion to Strike ("Uber's Responses"), as well as the entirety of Exhibits A and B thereto.

3. The portions of Uber's Responses marked in red boxes and the entirety of Exhibits A and B contain or refer to trade secret information, which Waymo seeks to seal.

4. Uber's Responses (portions marked in red boxes in version filed herewith) and Exhibits A and B (entire documents) contain, reference, and/or describe Waymo's asserted trade secrets or information that, from context, tends to disclose Waymo's asserted secrets. The information Waymo seeks to seal includes the confidential design and functionality of Waymo's proprietary autonomous vehicle system, including its LiDAR designs, which Waymo maintains as secret. I understand that these trade secrets are maintained as secret by Waymo (Dkt. 25-47) and that the trade secrets are valuable to Waymo's business (Dkt. 25-31). The public disclosure of this information would give Waymo's competitors access to descriptions of the functionality or features of Waymo's autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

5. Waymo's request to seal is narrowly tailored to those portions of Uber's Responses and Exhibits A and B that merit sealing.

1  I declare under penalty of perjury under the laws of the State of California and the United
2  States of America that the foregoing is true and correct, and that this declaration was executed in San
3  Francisco, California, on September 11, 2017.

By  */s/ Felipe Corredor*
Felipe Corredor
Attorneys for WAYMO LLC

### ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Felipe Corredor.

By:  */s/ Charles K. Verhoeven*
Charles K. Verhoeven
