# REDACTED VERSION SOUGHT TO BE FILED UNDER SEAL

Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
Todd A. Boock (SBN 181933)
tboock@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.: +1 213 426 2500
Fax.: + 1 213 623 1673

Attorneys for Defendant,
Otto Trucking LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**OTTO TRUCKING LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS RE: MOTIONS TO QUASH AND FOR PROTECTIVE ORDER; AND SCOPE OF PRIVILEGE WAIVER (DKT. NO. 1391)**<br><br>Courtroom:   8, 19th Floor<br>Judge:          Honorable William Alsup<br>Trial Date:    October 10, 2017<br><br>Filed/Lodged Concurrently with:<br>1.  Declaration of Todd A. Boock<br>2.  [Proposed] Order |

1    Defendant Otto Trucking LLC ("OT") seeks to enforce its document subpoena, while
2 reserving the right to take a deposition, and respectfully objects and moves to vacate Judge
3 Corley's August 28, 2017 oral Minute Order re: Plaintiff Waymo LLC's ("Waymo") and non-
4 party Keker, Van Nest & Peters LLP's ("KVN") Motions to Quash Subpoena and KVN's Motion
5 for Protective Order; and Order re Scope of Waymo's Privilege Waiver.  *See* Dkt. No. 1391 (the
6 "August 28 Order"); Declaration of Todd A. Boock ("Boock Decl."), Ex. 1 (Transcript of August
7 28, 2017 proceedings).  On August 18, 2017, Judge Corley granted OT's Motion to Compel and
8 found Waymo's "waiver of work product over the [forensic] investigation did waive the attorney-
9 client privilege as to counsel communications with Mr. [Gary] Brown and anyone else involved in
10 the investigations at issue as in fairness such communications should be disclosed."  *See* Dkt. No.
11 1272) (the "Waiver Order"); Dkt. No. 1163 (OT's Motion to Compel).  After receiving the Waiver
12 Order, OT promptly issued a subpoena to KVN, the law firm that directed Waymo's forensic
13 investigation, and sought testimony and documents pertaining to that investigation.  *See* Dkt. No.
14 1378 at 1–2 (OT's Letter Brief in Opposition to Motion to Quash and for Protective Order).
15    KVN produced nothing in response to the subpoena; Waymo and KVN moved to quash
16 the subpoena; and KVN also sought a protective order.  Dkt. Nos. 1347, 1349.  Despite finding
17 that the investigation is the "centerpiece" of Waymo's case, Judge Corley granted the motions,
18 stating, "Okay.  So I'll quash the Keker subpoena for now.  I understand what you may see.
19 Something may come up.  But for now—well, it's quashed"  Boock Decl., Ex. 1 at 16:7–9; *see*
20 *also id.* at 14:25–15:2, 25:1–4; *see also* Dkt. No. 1391.  Judge Corley also held that the privilege
21 waiver did not apply to Waymo's counsel:  "We're not doing counsel.  We were doing the people
22 that did the investigation, the non-lawyers that did the investigation; right?"  Boock Decl., Ex. 1 at
23 27:3–5; *see also id.* at 9:10–15.  No formal written order was issued.  *See* Dkt. No. 1391.
24    Judge Corley's August 28 Order should be vacated.  Judge Corley ordered a <u>subject matter</u>
25 waiver as to the forensic investigation.  OT should not be precluded from obtaining documents
26 from the law firm that directed that very investigation (not "another investigation," as Judge
27 Corley indicated).  OT objects to the Court's Order and requests that the Court order production of
28 responsive documents, a privilege log and a declaration authenticating the documents in the

1

production.

**I.    KVN DIRECTED AND CONTROLLED THE FLAWED INVESTIGATION.**

Waymo has made its investigation of Mr. Levandowski and the contention that he wrongfully downloaded 14,000 files the "centerpiece" of its case. Waymo's counsel has gone so far as to describe these files as its "crown jewels." Boock Decl., Ex. 2 (Transcript of August 16, 2017 proceedings) at 71:1–12. Since the Waiver Order (and several discovery conferences with Judge Corley[1]), newly-disclosed documents revealed that Waymo (and its counsel) knew that allegations about the 14,000 files were a sham. Sasha Zbrozek, the engineer responsible for setting up the SVN repository for the 14,000 files and a prolific user of the document repository himself, told Waymo's counsel that the files were ▮▮▮▮ Boock Decl., Ex. 3 at -00086886. This comment led Waymo's counsel to acknowledge that they ▮▮▮▮ the exact opposite of what Waymo's counsel told this Court. Boock Decl., Ex. 4 at -00084497 (emphasis added). Moreover, Mr. Zbrozek informed counsel that Mr. Levandowski's access of the SVN server and downloading the full repository of documents ▮▮▮▮ Boock Decl., Ex. 3 at -00086886. Indeed, Mr. Zbrozek could not have been any clearer: ▮▮▮▮ Boock Decl., Ex. 5 at -00086936.

OT showed in its Opposition brief that KVN <u>directed</u> the forensic investigation into Anthony Levandowski and other employees, and that KVN was central to that investigation. *See* Dkt. No. 1378 at 2–5, 8–9. On August 4, 2016, KVN issued a memorandum to Waymo (the "KVN Memo"), providing detailed instructions for the investigations into ▮▮▮▮ including sections on ▮▮▮▮. *Id.*

---

[1] Otto Trucking has had to request the Court's assistance four times since the Waiver Order, most recently on September 6, when Waymo improperly continued to shield communications that were part of its privilege waiver. Dkt. No. 1479. Each time OT has sought Court intervention, additional documents (or those with fewer redactions) have been produced. Boock Decl. ¶ 12.

at 8–9[2]; Boock Decl., Ex. 6.  Sometime during the August to October 2016 time period, Tom Gorman, an attorney from KVN, informed Google employee Gary Brown for the first time that he believed Mr. Levandowski had downloaded 14,000 files.  What followed was a results-oriented exercise where Mr. Brown sought information to corroborate Mr. Gorman's conclusion to the exclusion of other evidence.  *See* Dkt. No. 1378 at 2–3.  Correspondence and documents between the KVN lawyers and Google, as well as internal documents from the investigation, show how integral KVN was to the investigation.  *Id*. at 4–5.

## II.  JUDGE CORLEY INCORRECTLY GRANTED THE MOTION TO QUASH.

If at trial Waymo wishes to rely on evidence relating to its forensic investigation, Waymo must allow discovery on all documents and communications relating to the forensic investigation, including the above topics and their concerted investigation of many employees who left Google for Uber.  *Bittaker v. Woodford*, 331 F.3d 715, 719–20 (9th Cir. 2003) ("The Court imposing the waiver does not order the disclosure of the materials categorically; rather, the Court directs the party holding the privilege to produce the privileged materials if it wishes to go forward with its claims implicating them."); *see also Theranos, Inc. v. Fuisz Techs.*, Ltd., No. C 11–5236 PSG, 2013 WL 2153276, at *4 (N.D. Cal. May 16, 2013) (enforcing a "broad waiver" "to prevent the disclosing party from 'cherry-picking the selective communications that [were] favorable to" it); *Walker v. Cty. of Contra Costa*, 227 F.R.D. 529, 533 (N.D. Cal. 2005).  At this point, Waymo must choose:  Provide the materials or waive its allegations regarding the investigation and files.

Here, Waymo has presented to the court its argument that Anthony Levandowski improperly downloaded 14,000 files from Google's servers, has offered quasi-expert testimony to the Court from a party's internal security engineer that was guided by outside counsel.  At the same time, Waymo (and KVN) seek to shield from discovery important aspects of the investigation that would allow OT to fully investigate and test those conclusions.

Ninth Circuit law is clear that express and implied waiver results in a waiver as to the

---

[2] The document referenced in the Opposition is the version that was produced on August 24, 2017, 3 hours before the close of discovery.  A less redacted version was subsequently produced on September 2, 2017, pursuant to Judge Corley's August 31, 2017 Order.  Boock Decl., Ex. 6.

**entire subject matter**. *Theranos*, 2013 WL 2153276, at *4–5; *see also* Fed. R. Evid. 502(a). To conclude otherwise would result in the fundamental unfairness of Waymo selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable. *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575–76 (N.D. Cal. 2008). Waymo "appears primed to employ the favorable communications as a sword while guarding possibly damaging emails with the shield of the privilege, and that position undoubtedly creates an unfair prejudice to" OT. *Theranos*, 2013 WL 2153276, at *4.

If KVN has information or documents pertaining to its conclusions regarding the alleged downloading activity, OT is entitled to that discovery. KVN attorneys were part of the investigative "Team," not mere outside counsel, and they have put their involvement in the investigation in issue, thus waiving privilege. *See, e.g.*, *United States v. Nobles*, 422 U.S. 225, 239 (1975); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577–78 (9th Cir. 1992); *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1302 (Fed. Cir. 2006). There is no legal basis to suggest that the waiver does not apply equally to KVN.[3]

It was KVN's insertion into the underlying facts of this matter that waived the privilege, and if KVN possesses relevant evidence suggesting that its investigation or conclusions were unfair, OT is entitled to that material. Moreover, as KVN noted in its Motion to Quash, there is a difference between "fact" work product and "opinion" work product, and KVN's communications to the investigators related to the underlying investigation should be considered "fact" work product. *See, e.g.*, *Nobles*, 422 U.S. at 239 (holding that the defendant, "by electing to present the investigator as a witness, waived the [work-product] privilege with respect to matters covered in his testimony."); *see also Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577–78 (9th Cir. 1992); *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1302 (Fed. Cir. 2006) ("When faced with the distinction between where that line lies, however, a district court should balance the

---

[3] Indeed, Waymo subpoenaed the depositions of counsel from Morrison Foerster, O'Melveny & Myers and Donahue Fitzgerald based on their involvement in the acquisition by Uber of Ottomotto. Boock Decl., Exs. 7, 8, and 9.

4

OTTO TRUCKING'S MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDERS (DKT. NO. 1391)               Case No. 3:17-CV-00939-WHA

policies to prevent sword-and-shield litigation tactics with the policy to protect work product.") .

### III.   JUDGE CORLEY INCORRECTLY NARROWED THE PRIVILEGE WAIVER.

In addition, Judge Corley incorrectly narrowed the privilege waiver from her original Waiver Order. At the August 28 hearing, Judge Corley stated that the waiver only permitted discovery as to Waymo employees and the subject matter was solely the investigations of Messrs. Levandowski, Raduta, and Kshirsagar (the "3 Employees").[4] Boock Decl., Ex. 1 at 15:17–19, 27:3–5. However, OT showed in its Opposition that the investigation into the 3 Employees was part of a broader investigation into all employees leaving Waymo at the time. *See* Dkt. No. 1378 at 8–9. In fact, documents subsequently produced reveal that Waymo was actually conducting an investigation of its competition in the self-driving automobile space. The KVN Memo, described above, states clearly that Waymo intended to investigate ███████████████  Boock Decl., Ex. 6. Indeed, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Boock Decl., Ex. 10 at -00086809. Clearly, then, the investigation did not only concern the 3 Employees – instead, KVN's August 4, 2016 memo was a set of directives on an investigation of Waymo employees who ███████████████. The result of the investigations into these employees is relevant to OT's defense because it may tend to corroborate the fact that the investigation was a sham and that Mr. Levandowski's computer activity was neither unusual nor improper. The privilege waiver should cover the investigation as a whole, as contemplated by the KVN Memo.

### IV.   CONCLUSION

For the foregoing reasons, Otto Trucking asks that the Court grant this motion, sustain Otto Trucking's objection to Judge Corley's Order, order KVN to produce documents, a privilege log and a declaration authenticating the documents forthwith and broaden the scope of the privilege waiver as noted above.

---

[4] Judge Corley did note, however, that the investigation into other employees may be too "wrapped up" in the investigation of the 3 Employees to avoid production, and that Waymo should act in "favor of disclosure rather than nondisclosure." Boock Decl., Ex. 1 at 13:6–11.

5

Dated: September 11, 2017        Respectfully submitted,

By:   */s/ Neel Chatterjee*
      Neel Chatterjee
      *nchatterjee@goodwinlaw.com*
      Brett Schuman
      *bschuman@goodwinlaw.com*
      Shane Brun
      *sbrun@goodwinlaw.com*
      Rachel M. Walsh
      *rwalsh@goodwinlaw.com*
      Hong-An Vu
      *hvu@goodwinlaw.com*
      Hayes P. Hyde
      *hhyde@goodwinlaw.com*
      James Lin
      *jlin@goodwinlaw.com*
      **GOODWIN PROCTER LLP**

*Attorneys for Defendant: Otto Trucking LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on September 11, 2017. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 11th day of September 2017 in Menlo Park, California.

/s/ Neel Chatterjee
Neel Chatterjee