MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendants. | Case No.　3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE (DKT. 1501 (CORRECTING DKT. 1493))** |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Plaintiff's Administrative Motion to File under Seal Its Supplemental Brief in Support of Its Motion for Order to Show Cause (Dkt. 1501 (correcting Dkt. 1493)).

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
| --- | --- |
| Waymo's Supplemental Brief in Support of Motion for Order to Show Cause ("Brief") | Red-outlined Boxes |
| Exhibit 2 | Entirety |
| Exhibit 3 | Entirety |
| Exhibit 5 | Entirety |
| Exhibit 6 | Entirety |
| Exhibit 9 | Red-outlined boxes |
| Exhibit 13 | Entirety |
| Exhibit 14 | Red-outlined boxes |
| Exhibit 15 | Red-outlined boxes |
| Exhibit 16 | Red-outlined boxes |
| Exhibit 17 | Entirety |
| Exhibit 18 | Entirety |
| Exhibit 24 | Red-outlined boxes |
| Exhibit 25 | Entirety |

3. The red-outlined boxes in the Brief contain highly confidential information regarding the analysis and development of various technical features in Uber's LiDAR sensors,

information regarding vendors. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. I understand that disclosure of this information would allow Uber's competitors to obtain a competitive advantage by learning how Uber approaches the technical challenges of LiDAR and evaluates possible solutions to these challenges, such that they can tailor their own LiDAR development to counter Uber and Uber's competitive standing could be significantly harmed.

4. Exhibit 1 and the Proposed Jury Instruction were clawed back by Anthony Levandowski's counsel under an assertion of privilege, so Defendants do not know the information these documents contain. Depending on their content, they may require sealing if filed publicly at a later date.

5. The entirety of Exhibit 2 contains highly confidential information regarding analysis of and strategy for the self-driving car market, including discussions of objectives and priorities. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. I understand that disclosure of this information would give Uber's competitors insight into how Uber evaluates the self-driving car market, its strategies, and priorities, such that these competitors could tailor their development and Uber's competitive standing could be significantly harmed.

6. The entirety of Exhibits 3 and 5, and the red-outlined boxes of Exhibit 9, contain highly confidential information regarding a business agreement, including detailed terms and conditions such as the specific obligations and responsibilities of each party, which reveal how Uber structures its business agreements. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. I understand that disclosure of this information could allow competitors and counterparties to gain insight into how Uber structures its business agreements, allowing them to tailor their own negotiation strategy, such that Uber's competitive standing could be significantly harmed.

7. The entirety of Exhibit 6 is a document acquired by Uber in connection with a business agreement, containing highly confidential information regarding a company's operations and structure. This highly confidential information is not publicly known, and its confidentiality

1  is strictly maintained. I understand that disclosure of tis information would allow potential

2  competitors and counterparties to obtain an advantage by allowing them to tailor their own

3  operations.

4      8.    The entirety of Exhibits 13, 17, and 18, as well as some of the red-outlined boxes

5  in Exhibits 14-16 and the entirety in Exhibit 25, contain highly confidential information regarding

6  the evaluation and development of various technical features in Uber's LiDAR sensors, including

7  the identity of confidential third party vendors and information revealing Uber's LiDAR

8  development timeline, internal consideration of various technical features, and priorities. This

9  highly confidential information is not publicly known, and its confidentiality is strictly

10 maintained. I understand that disclosure of this information would allow Uber's competitors to

11 obtain a competitive advantage by learning how Uber approaches the technical challenges of

12 LiDAR and evaluates possible solutions to these challenges, such that they can tailor their own

13 LiDAR development to counter Uber and Uber's competitive standing could be significantly

14 harmed.

15     9.    In addition, a red-outlined box in the Brief and the entirety of Exhibits 13-18 also

16 contain the email addresses, phone numbers, or other contact information of high-ranking current

17 and former company executives and employees, whose email accounts and numbers may still

18 become compromised if disclosed to the public. In Exhibits 14-16, this personally identifying

19 contact information is marked in red boxes. Defendants seek to seal this information in order to

20 protect the privacy of these current and former employees executives, as prominent individuals at

21 the company are currently the subject of extensive media coverage. Disclosure of this

22 information could expose these individuals to harm or harassment.

23     10.    The entirety of Exhibit 24 also contains highly confidential information regarding

24 the phone numbers and passwords of conference call lines and IP numbers of Defendants'

25 company office spaces. In addition, they also contains the email addresses of high-ranking

26 current and former company executives and employees, whose email accounts may still become

27 compromised if disclosed to the public. Defendants request that these portions be kept sealed to

28

1  preserve Defendants' company and individual privacy and prevent the company's internal
2  communications systems from being compromised.

3  11. The entirety of Exhibit 25 also contains highly confidential information regarding
4  the identities of confidential third-party vendors for custom technical designs relating to LiDAR.
5  This highly confidential information is not publicly known and its confidentiality is strictly
6  maintained.  Defendants request this information be kept under seal to protect the confidentiality
7  of business agreements with these confidential vendors.  Disclosure of their identities would
8  allow Uber's competitors to understand the design input and technical features relating to a
9  custom LiDAR design of Uber's, such that they could tailor their own development of LiDAR or
10 interfere in Uber's business relationships, such that Uber's competitive standing could be
11 significantly harmed.

12 12. The entirety of Exhibit 25 also contains names of current employees who are not
13 involved in this litigation, and disclosure of these names would threaten the privacy of individuals
14 at a company that is currently the subject of extensive media coverage.

15 13. Defendants' request to seal is narrowly tailored to the portions of Waymo's Brief
16 and its supporting papers that merit sealing.

17 I declare under penalty of perjury that the foregoing is true and correct.  Executed this
18 11th day of September, 2017 in Washington, D.C.

*/s/ Michelle Yang*
Michelle Yang

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. Gonzalez, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated: September 11, 2017

*/s/ Arturo J. Gonzalez*
ARTURO J. GONZALEZ