Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant: Otto Trucking LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Waymo LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>            Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATON OF HONG-AN VU IN SUPPORT OF DEFENDANTS' OPPOSITION TO WAYMO'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:            September 20, 2017<br>Time:           8:00 a.m.<br>Courtroom:  8<br>Judge:          Hon. William Alsup |

ACTIVE/92572471.2

DECLARATION OF HONG-AN VU IN SUPPORT OF DEFENDANTS' OPPOSITION
TO WAYMO'S MOTION FOR PARTIAL SUMMARY JUDGMENT            Case No. 3:17-CV-00939-WHA

# DECLARATION OF HONG-AN VU

I, Hong-An Vu, declare as follows:

1. I am an associate at the law firm of Goodwin Procter, LLP, representing defendant Otto Trucking LLC ("Otto Trucking") in this matter. I am a member in good standing of the State Bar of California. I make this declaration in support of Defendants' Opposition to Waymo's Motion for Partial Summary Judgment. Unless otherwise stated, I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.

2. Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the August 16, 2017 hearing transcript in the above-captioned matter.

3. Attached hereto as Exhibit 2 is a true and correct copy of WAYMO-UBER-00086885.

4. Attached hereto as Exhibit 3 is a true and correct copy ofWAYMO-UBER-00086893.

5. Attached hereto as Exhibit 4 is a true and correct copy of WAYMO-UBER-00086932.

6. Attached hereto as Exhibit 5 is a true and correct copy of Waymo's initial disclosures served on April 3, 2017.

7. Attached hereto as Exhibit 6 is a true and correct copy of Waymo's supplemental initial disclosures served on June 21, 2017.

8. Attached hereto as Exhibit 7 is a true and correct copy of Waymo's corrected initial disclosures served on June 22, 2017.

9. Attached hereto as Exhibit 8 is a true and correct copy of WAYMO-UBER-00011805.

10. Attached hereto as Exhibit 9 is a true and correct copy of WAYMO-UBER-00086809.

11. Attached hereto as Exhibit 10 is a true and correct copy of WAYMO-UBER-00086907.

1  12. Attached hereto as Exhibit 11 is a true and correct copy of WAYMO-UBER-
2  00086800.

3  13. Attached hereto as Exhibit 12 is a true and correct copy of WAYMO-UBER-
4  00086812.

5  14. Attached hereto as Exhibit 13 is a true and correct copy of WAYMO-UBER-
6  00084600.

7  15. Attached hereto as Exhibit 14 is a true and correct copy of WAYMO-UBER-
8  83662.

9  16. Attached hereto as Exhibit 15 is a true and correct copy of WAYMO-UBER-
10 00035458.

11 17. Attached hereto as Exhibit 16 is a true and correct copy of WAYMO-UBER-
12 00086817.

13 18. Attached hereto as Exhibit 17 is a true and correct copy of WAYMO-UBER-
14 00084551.

15 19. Attached hereto as Exhibit 18 is a true and correct copy of WAYMO-UBER-
16 00084575.

17 20. Attached hereto as Exhibit 19 is a true and correct copy of the Declaration of
18 Michael Janosko, dated March 9, 2017.

19 21. Attached hereto as Exhibit 20 are excerpts from the deposition of Chelsea Bailey
20 dated August 1, 2017.

21 22. Attached hereto as Exhibit 21 are excerpts from the deposition of Chris Urmson,
22 dated August 24, 2017.

23 23. Attached hereto as Exhibit 22 are excerpts from the deposition of Kristinn
24 Gudjonnsson, dated July 28, 2017.

25 24. Attached hereto as Exhibit 23 are excerpts from the deposition of Kristinn
26 Gudjonsson, dated September 8, 2017.

27
28

25. Attached hereto as Exhibit 24 are excerpts from the deposition of Michael Janosko, dated August 25, 2017 based on the local date and time in Sydney, Australia, August 24, 2017 based on Los Angeles local date and time.

26. Attached hereto as Exhibit 25 are excerpts from the deposition of Alexander Sasha Zbrozek, dated September 6, 2017.

27. Attached hereto as Exhibit 26 are excerpts from the deposition of Gary Brown dated March 24, 2017.

28. Attached hereto as Exhibit 27 are excerpts from the deposition of Gary Brown dated August 8, 2017.

29. Attached hereto as Exhibit 28 are excerpts from the expert report of Erik Laykin dated September 7, 2017.

30. I participated in several meet and confer calls regarding Waymo's proposed custodians once Waymo decided to include Otto Trucking in meet and confer discussions on this issue. Sasha Zbrozek, Nick Vines, and Tom Gorman are not custodians whose documents Waymo search and I am not aware if they were ever discussed as custodians as none of these individuals appears on Waymo's initial disclosures.

31. Otto Trucking submitted its opposition to Waymo's precis before noon on August 24, 2017. At that time, Otto Trucking had not yet received the documents referenced in this declaration relating to Waymo's investigation of Mr. Levandowksi because Waymo had withheld them as privileged.

32. After the Court granted Otto Trucking's privilege waiver motion to compel, Waymo produced additional documents subject to that waiver on August 24, 2017 at 8:54 p.m., just over three hours before the fact discovery cutoff. The production related to the privilege waiver included approximately eighty documents, with twenty-nine of them including redactions.

33. In total, on August 24, 2017, the last day of discovery, Waymo produced over 7,200 documents, about one third of its total production up to that date.

1  34.  Waymo has continued to withhold information relating to its investigation of Mr. Levandowski on the basis of privilege by redacting portions of the documents produced on August 24 and withholding others entirely.

35.  On August 28, 2017, Otto Trucking appeared again before Judge Corley and, based on a review of the transcript, discussed, among other issues, Waymo's production of documents subject to the privilege waiver.  According to the transcript, Judge Corley determined that the redactions were too extensive and ordered Waymo to act in "favor of disclosure rather than nondisclosure."  Judge Corley also ordered the depositions of Google employees Gary Brown, Kristinn Gudjonsson and Sasha Zbrozek.

36.  On August 30, 2017, after Waymo had not removed redactions or produced additional documents, Otto Trucking appeared again before Judge Corley and, based on a review of the transcript, Waymo was ordered to appear in court the next day with the redacted documents and its privilege logs for the Court's review.

37.  On August 31, 2017, Otto Trucking appeared again for a hearing before Judge Corley, during which she reviewed Waymo's redactions and privilege logs and ordered numerous additional documents to be produced, almost entirely without redactions.

38.  On September 1, 2017, the day after Judge Corley reviewed documents regarding Waymo's investigation identified on its privilege logs in camera, Waymo produced a privilege log containing more than 1,300 privileged documents not previously disclosed.  Prior to this, Waymo's privilege logs contained a total of 288 documents.

39.  Based upon a review of the transcript, at the hearing, Waymo did not disclose to Otto Trucking or to Judge Corley at the August 31 hearing that a privilege log containing additional documents relating to its investigation was being prepared for production, even though Waymos' assertion of privilege was the primary topic at the hearing.

40.  On September 2, 2017, Waymo produced new documents and mostly undredacted versions of documents it had originally withheld as privileged, re-produced in redacted form, and then produced again with no redactions or fewer redactions pursuant to Judge Corley's order. Included in that production were Exhibits 2-4.

41. On information and belief, on September 6, 2017, during the deposition of Gary Brown, the parties held a conference before Judge Corley due to Waymo's instructions to Mr. Brown not to answer certain questions on the grounds of privilege. On information and belief, Judge Corley ordered the questions answered due to the privilege waiver.

42. After Otto Trucking met and conferred about additional documents on this privilege log, on September 8, Waymo produced two additional documents.

43. Each time Otto Trucking has sought Judge Corley's intervention regarding documents or testimony relating to Waymo's investigation that were being withheld by Waymo, Otto Trucking received additional documents, testimony or information containing additional important information that weakened Waymo's claims.

44. Otto Trucking continues to meet and confer with Waymo regarding its compliance with Judge Corley's orders requiring it to produce documents over which it waived privilege. Since discovery closed on August 24, 2017, Waymo has produced over 1,600 additional documents.

45. Attached hereto as Exhibit 29 is an email and its attachment, UBER00077201-02.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 12th day of September, 2017 in Los Angeles, California.

                                                      */s/ Hong-An Vu*
                                                        Hong-An Vu

ACTIVE/92572471.2     5
DECLARATION OF HONG-AN VU IN SUPPORT OF DEFENDANTS' OPPOSITION
TO WAYMO'S MOTION FOR PARTIAL SUMMARY JUDGMENT    Case No. 3:17-CV-00939-WHA

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document including all of its attachments with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **September 12, 2017**. I further certify that all participants in the case are registered CM/ECF users and that service of the publicly filed documents will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **September 12, 2017**.

/s/   *Neel Chatterjee*
         NEEL CHATTERJEE

**ATTORNEY ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Neel Chatterjee, hereby attest that concurrence in the filing of this document has been obtained from any signatories indicated by a "conformed" signatures (/s/) within this e-filed document.

Dated: September 12, 2017                                             /s/ Neel Chatterjee