# REDACTED VERSION OF EXHIBIT 22 SOUGHT TO BE FILED UNDER SEAL

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1              UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3               SAN FRANCISCO DIVISION

4

5    WAYMO LLC,                        )

6              Plaintiff,       )

7         vs.                    ) Case No.

8    UBER TECHNOLOGIES, INC.;       ) 3:17-cv-000939-WHA

9    OTTOMOTTO LLC; OTTO TRUCKING, )

10   INC.,                          )

11             Defendants.      )

12   _____)

13      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

14

15    VIDEOTAPED DEPOSITION OF KRISTINN GUDJONSSON

16                Palo Alto, California

17                Friday, July 28, 2017

18                   Volume I

19

20   Reported by:

21   CARLA SOARES

22   CSR No. 5908

23   JOB No. 2665814

24

25   PAGES 1 - 242

                                        Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1   BY MR. TAKASHIMA:                                      11:13:08

 2       Q    Do you understand that what used to be

 3   Project Chauffeur has become Waymo?

 4       A    Yes.

 5       Q    If I use the term "Waymo," will you           11:13:13

 6   understand that to include Project Chauffeur before?

 7       A    Yes.

 8            MR. BAKER:  Let me just clarify, also,

 9   Counsel, for the record, that my previous objections

10   were attorney-client privilege and work product.      11:13:22

11            MR. TAKASHIMA:  Thank you.

12       Q    Was the investigation of Anthony

13   Levandowski ███████████████████████████

14   ███████████████████████████████████████?

15            MR. BAKER:  You can answer that yes or no.    11:13:52

16            THE WITNESS:  Yes.

17   BY MR. TAKASHIMA:

18       Q    Are you aware of any investigations of

19   █████████████████████████████████████████

20   ████████████?                                          11:14:08

21            MR. BAKER:  You can answer that yes or no.

22            THE WITNESS:  No.

23   BY MR. TAKASHIMA:

24       Q    What was your first involvement in the

25   investigation of Anthony Levandowski?                  11:14:22
```

Page 48

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



1                                                        14:54:57

2          Do you see that?

3      A   Yes.

4      Q   What does that mean?

5      A   It means that                                 14:54:59

6

7

8

9

10                                                       14:55:17

11

12

13      Q

14

15                                                       14:55:33

16

17

18

19

20                                                       14:55:48

21

22

23

24

25                                                       14:56:09

Page 172

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



```
 1                                          14:56:10

 2

 3

 4

 5                                          14:56:25

 6

 7

 8

 9

10                                          14:56:43

11

12

13

14

15                                          14:57:02

16

17

18

19

20                                          14:57:20

21

22

23        Q    And is that typically examined during

24   forensic investigations?

25        A    Yes.                         14:57:33
```

Page 173

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



```
 1        Q    Why?                                    14:57:33

 2        █    ███████████████████████████████

 3   ███████████████████████████████████████

 4   ████████████████████

 5              ████████████████████████████████████   14:57:44

 6   ███████████████████████████████████████

 7   ██████████████████████████████████████████

 8        █    ████████████████████████████████████

 9   █████

10        █    █████                                    14:57:59

11        █    ██████████████████████

12        █    ████████████████████████████████████

13   ███████████

14        █    █████████████████

15        █    █████                                    14:58:08

16        █    ██████████████████████████████

17   █████████████████████████

18        █    █████████████████

19        Q    Very logical.

20             Moving down to paragraph 10, there's a  14:58:25

21   reference to ████.

22        A    Yes.

23        Q    What is ████?

24        █    █████████████████████████████

25   █████     ████████████████████████████████        14:58:33
```

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



```
 1                                                          14:58:43

 2

 3

 4        Q    So Mr. Brown's declaration says that

 5                                                          14:59:08

 6

 7             Is that the -- can you explain what that

 8   means?

 9

10                                                          14:59:24

11

12

13

14

15                                                          14:59:38

16

17

18

19

20                                                          14:59:54

21

22

23

24

25                                                          15:00:06
```

Page 175

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Veritext Legal Solutions
866 299-5127



Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    today, you are not aware of any evidence that            15:29:57

 2    Mr. Levandowski copied files off the computer before

 3    it was reimaged?

 4           MR. BAKER:  Objection to form.

 5           THE WITNESS:  I can only tell you what's         15:30:06

 6    in the declaration here, what we see here.

 7    BY MR. TAKASHIMA:

 8        Q   To your knowledge, has there been any

 9    investigation of Mr. Levandowski's e-mail account at

10    Google?                                                 15:30:53

11        A   I'm not sure.

12        Q   To your knowledge, has anybody connected

13    with an investigation reviewed the contents of

14    Mr. Levandowski's e-mail account at Google?

15        A   I'm not sure.                                   15:31:05

16        Q   Who would know?

17        A   Lawyers.

18        Q   Would anybody else in digital forensics

19    know?

20        A   Potentially, but probably not.  It             15:31:22

21    probably would have been me if that check was made.

22        Q   Have you conducted -- been involved in any

23    review of Mr. Levandowski's workstation from Google?

24        A   The workstation, no.

25        Q   Has anybody else from digital forensics        15:31:42
```

Page 198

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    conducted that investigation?                         15:31:44

 2         A    No.

 3         Q    Has anybody looked at Mr. Levandowski's

 4    workstation?

 5         A    Not to my knowledge.                         15:31:49

 6         Q    Has the workstation been preserved?

 7         A    Not to my knowledge.

 8         Q    Okay.  Has it been deleted?

 9         A    I'm not sure.  I would have to go check.

10         Q    Did you ever discuss with anybody          15:32:07

11    investigating Mr. Levandowski's workstation?

12              MR. BAKER:  Again, I just want to caution

13    the witness not to disclose any communications that

14    he's had with attorneys.

15              If you have a question, we can go outside.   15:32:22

16              MR. TAKASHIMA:  Do you want to take a

17    break?

18              THE WITNESS:  Yes.  Let's do that.

19              THE VIDEO OPERATOR:  We are now going off

20    the record, and the time is 3:32.                      15:32:31

21              (Recess, 3:32 p.m. - 3:39 p.m.)

22              THE VIDEO OPERATOR:  We're now going back

23    on the record, and the time is 3:39.

24    BY MR. TAKASHIMA:

25         Q    Did you ever discuss with anybody whether    15:39:05
```

Page 199

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          I, the undersigned, a Certified Shorthand

2    Reporter of the State of California, do hereby

3    certify:

4          That the foregoing proceedings were taken

5    before me at the time and place herein set forth;

6    that any witnesses in the foregoing proceedings,

7    prior to testifying, were administered an oath; that

8    a record of the proceedings was made by me using

9    machine shorthand which was thereafter transcribed

10   under my direction; that the foregoing transcript is

11   a true record of the testimony given.

12          Further, that if the foregoing pertains to

13   the original transcript of a deposition in a Federal

14   Case, before completion of the proceedings, review

15   of the transcript [ ] was [X] was not requested.

16          I further certify I am neither financially

17   interested in the action nor a relative or employee

18   of any attorney or any party to this action.

19          IN WITNESS WHEREOF, I have this date

20   subscribed my name.

21        Dated: 7/29/2017

22

23

          *Carla Soares*

24        CARLA SOARES

25        CSR No. 5908

Veritext Legal Solutions
866 299-5127