QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>    vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 1423)** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal portions of its Opposition to Defendants' Motion for Summary Judgment (Dkt. 1423) ("Waymo's Opposition") and exhibits thereto. Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Opposition | Highlighted portions | Waymo (green highlighting), Defendants (blue highlighting), third party Velodyne (yellow highlighting) |
| Exhibit 1 to Jaffe Declaration | Entire document | Waymo and Defendants |
| Exhibit 3 to Jaffe Declaration | Entire document | Defendants; Waymo (green highlighting) |
| Exhibits 4-6 to Jaffe Declaration | Entire documents | Third party Velodyne |
| Exhibit 7 to Jaffe Declaration | Highlighted portions | Waymo (green highlighting) |
| Exhibit 8 to Jaffe Declaration | Entire document | Waymo |
| Exhibit 9 to Jaffe Declaration | Entire document | Waymo and Defendants |
| Exhibit 10 to Jaffe Declaration | Entire document | Waymo |
| Exhibit 11 to Jaffe Declaration | Entire document | Waymo |
| Exhibit 12 to Jaffe Declaration | Entire document | Waymo and Defendants |
| Exhibit 13 to Jaffe Declaration | Entire document | Waymo and Defendants |
| Exhibits 14-16 to Jaffe Declaration | Highlighted portions | Waymo (green highlighting) |
| Exhibit 18 to Jaffe Declaration | Entire document | Waymo and Defendants |
| Exhibit 21 to Jaffe Declaration | Highlighted portions | Waymo (green highlighting) |
| Exhibits 22-23 to Jaffe Declaration | Entire documents | Third party Velodyne |
| Exhibit 24 to Jaffe Declaration | Entire document | Third party Velodyne |
| Exhibit 25 to Jaffe Declaration | Highlighted portions | Waymo (green highlighting); Defendants (blue |

|  |  | highlighting) |
|---|---|---|
| Exhibit 26 to Jaffe Declaration | Entire document | Third party Lior Ron; Defendants (red highlighting) |
| Exhibit 27 to Jaffe Declaration | Entire document | Waymo and Defendants |
| Exhibits 28-30 to Jaffe Declaration | Highlighted portions | Defendants (blue highlighting) |
| Exhibit 31 to Jaffe Declaration | Entire document | Defendants |

## I. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II. THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the portions of Waymo's Opposition and exhibits thereto identified by Waymo in the table above. Waymo seeks to file this information under seal because it discloses Waymo's trade secrets. *See* Declaration of Felipe Corredor ("Corredor Decl.") ¶¶ 3-5. Courts have determined that trade secret information merits sealing. *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets"). Confidential business information that, if released, may "harm a litigant's competitive standing" also merits sealing. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978). Waymo seeks to seal trade secrets that fit squarely within these categories. Corredor Decl. ¶¶ 3-5. Waymo maintains this information as a trade secret

(*see* Dkt. 25-31) and ensures the information remains secret with strict secrecy and security protocols (*see* Dkt. 25-47; Dkt. 25-49.).  *See* Corredor Decl. ¶ 4.  Waymo has narrowly tailored its requests to only information meriting sealing.  *Id.* ¶ 5.  In fact, both *Music Group* and *Brocade* found the confidential information at issue in those cases met the heightened "compelling reasons" standard for sealing.  *Music Grp.*, 2015 WL 3993147, at *1; *Brocade*, 2013 WL 211115, at *1, *3.  The information that Waymo seeks to seal, therefore, also meets this heightened standard.  The disclosure of Waymo's trade secret information would harm Waymo.  Corredor Decl. ¶ 4.  Moreover, the scope of information that Waymo is seeking to seal is consistent with other administrative motions to seal that have already been granted by the Court in this case.  (*See, e.g.*, Dkt. 416, 414, 406, 393, 392.)  Thus, the Court should grant Waymo's administrative motion to seal.

### III. DEFENDANTS' CONFIDENTIAL INFORMATION

Waymo only seeks to seal the portions of Waymo's Opposition and Exhibits 3-6, 22-26, and 28-31 identified in the table above because Waymo believes such information is considered confidential or non-public by Defendants or by certain third parties.  Corredor Decl. ¶ 6.  Waymo takes no position as to the merits of sealing any of designated material, and expects Defendants to file declarations in accordance with the Local Rules.

### IV. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion.  For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's administrative motion to file under seal.

DATED:  September 12, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles Verhoeven*
Charles Verhoeven
Attorneys for WAYMO LLC