IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

  v.

UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; and OTTO TRUCKING LLC,

    Defendants.

No. C 17-00939 WHA

**ORDER RE GROUND RULES FOR TESTIMONY BY ANTHONY LEVANDOWSKI**

Since both sides intend to ask the jury to draw adverse inferences based on non-party Anthony Levandowski's expected assertion of his Fifth Amendment privilege at trial (*see* Dkt. Nos. 829-4, 835), the Court is inclined to adopt the following ground rules concerning Levandowski's testimony at trial, subject to the recommendations of counsel:

    1.    Neither side shall make any reference to Levandowski testifying at trial (or not) in its opening statement.

    2.    Plaintiff Waymo LLC shall call Levandowski, if at all, very close to the end of its case-in-chief so that the Court will be in a position to assess whether or not the trial record before the jury includes corroborating evidence to support the adverse inferences sought.

    3.    Defendants may opt to either ask their questions based on the corroborating evidence already included in the trial record before the jury at the end of Waymo's case-in-chief, or postpone their examination of Levandowski and require him to return at the end of defendants' case-in-chief for further questioning. If defendants choose the latter option, then

Waymo will be permitted to ask further questions based on any additional corroborating evidence introduced during defendants' case-in-chief.

4. As the undersigned judge explained during a hearing on July 26 (*see* Dkt. No. 1050 at 99:1–13), the jury will be instructed, if the Fifth Amendment is invoked, that it may, but is not required to, draw inferences adverse to *Levandowski* based on his assertion of his Fifth Amendment privilege. If any such adverse inference is drawn against Levandowski, then it will remain up to the jury to decide, as a separate question and based on all the other evidence in the case, whether the fact inferred is also adverse to one or more parties herein.

Any objections to these ground rules must be made in writing at least 24 hours before the final pretrial conference.

**IT IS SO ORDERED.**

Dated: September 13, 2017.   
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2