Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant: Otto Trucking LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 26 TO EXCLUDE REFERENCE TO DOWNLOADING OF 14,000 FILES**<br><br>Courtroom:　8, 19th Floor<br>Judge:　　　The Honorable William Alsup<br>Hearing Date:　September 20, 2017<br>Hearing Time:　8:00 a.m.<br><br>Trial:　　　　October 10, 2017<br><br>Filed/Lodged Concurrently with:<br>1. Declaration<br>2. Proposed Order<br><br>[Redacted Version of Document Sought to be Sealed] |

1  From the beginning, Waymo has made its misappropriation of trade secrets claim about Mr.
2  Levandowski's alleged improper downloading of 14,000 files from Waymo's SVN server. *See*
3  Compl. at ¶¶4, 44.  It has called them the "crown jewels of the kind of technology that we are talking
4  about [autonomous driving]." 8/16/17 Hr'g at 71:1-12. This was a lie and part of Google's attempt to
5  eliminate a competitor in the self-driving automobile space.

6  Sasha Zbrozek, the engineer responsible for setting up the repository for the 14,000 files and
7  a prolific user of the SVN repository himself, told Waymo's counsel that the SVN files are "low-
8  value." Vu Decl. Ex. 1. This comment led Waymo's counsel to acknowledge that they ▮▮▮▮
9  ▮▮▮▮ the exact opposite of what Waymo's counsel told this Court. *Id*. at Ex. 2 at 84497
10 (emphasis added).  Moreover, Mr. Zbrozek informed counsel that Mr. Levandowski's access of the
11 SVN server and downloading the full repository of documents "[d]oesn't ring the alarm bells for
12 me." Vu Decl., Ex. 2. Indeed, Mr. Zbrozek could not have been any clearer:



13
14
15  Vu Decl., Ex. 4 at 86936.

16  Waymo ignored the statements by Mr. Zbrozek and filed this lawsuit. It went so far as to
17 successfully move for a preliminary injunction based on the alleged downloading of the 14,000 files.
18 At the same time, Waymo hid Mr. Zbrozek's identity—submitting declarations by witnesses with no
19 personal knowledge of the SVN server; failing to disclose Mr. Zbrozek in the initial disclosures (or
20 any other discovery), failing to search his documents; and asserting privilege over communications
21 with Mr. Zbrozek.  Otto Trucking only received in unredacted form the communications between
22 Waymo's counsel and Mr. Zbrozek on September 2, 2017—after discovery closed and multiple
23 proceedings to compel Waymo's production of documents relating to its investigation due to its
24 selective waiver of privilege.

25  This case has been based on a lie.  The 14,000 files are not trade secrets.  Their downloading
26 was not evidence of misconduct.  Waymo has tried to hide a key witness and documents that
27 contradict its narrative. The Court should preclude Waymo from referencing Mr. Levandowski's
28 downloading of 14,000 files.  In the alternative, the Court should prohibit Waymo from introducing

evidence or argument that the downloading activity was anomalous.

## I. THE 14,000 FILES CONTAIN "LOW-VALUE" INFORMATION AND THE DOWNLOAD WAS NOT UNUSUAL

Anthony Levandowski left Google on January 27, 2016. Google initiated an investigation on February 3, 2016, but did not implement preservation protocols, including turning off the SVN server's automatic destruction policy. *See* Vu Decl. Ex. 5; Ex. 6; *see also* Ex.10. This resulted in the loss of SVN data from before September 19, 2015 for Anthony Levandowski and other employees from before May 2016. *See* Ex. 10. Google's investigators analyzed images of Mr. Levandowski's laptops, but did not find that its trade secrets had been compromised. *See id*. Ex. 14.

After outside litigation counsel from Keker & Van Nest ("KVN") joined the investigation, Waymo analyzed activity log data, including log data associated with the SVN server. When Tom Gorman, an attorney at KVN, discovered that Mr. Levandowski accessed the SVN server on December 15 and downloaded the repository of documents, he began to seek corroboration of his conclusion that misconduct had occurred. In response to Mr. Gorman's questions about files at issue and whether Mr. Levandowski's alleged downloading of the entire repository was suspicious, Mr. Zbrozek, the former SVN administrator who set up the SVN server, responded:

- "It's all electronics designs – schematics and PCB layouts, and the component library for their creation. It was considered low-value enough that we even considered hosting it off of Google infrastructure." *Id.*
- "It's not particularly surprising that he might check things out once . . . .Doesn't ring alarm bells for me." *Id.*
- "The hardware (at all levels) was a second class citizen." *Id*.

When asked by litigation counsel to verify the information downloaded from the SVN one day before Waymo filed its complaint, Mr. Zbrozek conveyed to counsel his concerns with their conclusions of misconduct, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Vu Decl. Ex. 4. Despite Mr. Zbrozek's expressed concerns, Waymo filed its complaint the next day and told the Court a different story.

## II. WAYMO HID MR. ZBROZEK AND KEY DOCUMENTS FROM DISCOVERY

2

On March 11, 2017, Waymo filed a motion for preliminary injunction and did not submit a declaration from Mr. Zbrozek. Instead, Gary Brown and Michael Janosko submitted declarations, but later admitted that they had never accessed the SVN server and lacked personal knowledge. Vu Decl. Ex. 8; Ex 9 ███████████████████████████████████████████████████████████████████████████████████████████████████████████.

Waymo also excluded Mr. Zbrozek from its three initial disclosures, first served on April 3, 2017 and amended twice by June 22, 2017, and did not collect his email or documents. *Id*. at Exs. 11, 12, 13. In response to Otto Trucking' 30(b)(6) Topics regarding the SVN server and preservation of logs generated by the server, instead of designating Mr. Zbrozek, Waymo designated Gary Brown, who was not adequately prepared on SVN server issues. Judge Corley found that Mr. Brown was unprepared and required that he be deposed again on the failure to preserve the SVN logs. *See* 08/28/17 Hr'g Tr. 46:12-20. This situation could have been avoided had Mr. Zbrozek been designated instead of hidden.

Waymo also used the attorney-client privilege as a sword and shield to disclose self-serving aspects of its forensic investigation, while hiding damaging communications, like those with Mr. Zbrozek, from discovery. *See* Dkt. 1272. Defendants did not receive unredacted versions of many critical documents regarding Waymo's investigation until September 2, 2017 (*i.e.* Vu Decl. Exhibits 1-6), after the discovery cut-off, after key depositions had been taken, and after several rounds of motion practice. After Judge Corley found Waymo had waived this privilege on August 18, 2017, Otto Trucking has had to request the Court's assistance in forcing Waymo to comply with the Court's order four additional times, the most recent on September 6, when Waymo improperly continued to shield communications that were part of its privilege waiver. Dkt. 1479.

### III. THE COURT SHOULD EXCLUDE MENTION OF THE DOWNLOADING OF THE 14,000 FILES OR THAT THE DOWNLOADING WAS ANOMALOUS

Discovery has shown that the downloading of the 14,000 files is irrelevant to Waymo's purported trade secret claim. Waymo has admitted that its claims require the taking of trade secrets, not merely confidential or proprietary information. *See* 4/12/17 Hr'g at 116:6-117:4. The

3

administrator of the SVN server had repeatedly informed Waymo that he believed the material to be "low-value." In addition, Mr. Zbrozek made clear that the act of downloading the 14,000 documents itself was not evidence of misconduct, as downloading the entire repository was regular practice. Thus, the Court should exclude reference to the downloading of the 14,000 files as irrelevant, and/or because its probative value is outweighed by a danger of prejudice and confusing the issues. Fed. R. Evid. 401-403; *Mattel, Inc. v. MGA Entertainment, Inc.*, 2011 WL 13128621 at * 3 (C.D. Cal. Jan. 26, 2011) (excluding alleged misappropriation of non-trade secrets as "Mattel's improper argument that the download of non-trade secret information was somehow wrongful.")

Waymo has misrepresented the importance of these 14,000 files all the while hiding a knowledgeable witness who had expressed his discomfort regarding Waymo's contrived narrative. Waymo has also improperly asserted privilege over its investigation and stonewalled after the Court ordered Waymo to produce its privileged communications about its investigation. This stonewalling significantly delayed the discovery of the critical documents including those relating to Mr. Zbrozek's disagreement with Waymo's claim. The Court should prevent further prejudice and the risk of misleading or confusing the jury. Fed. R. Evid. 403; *Monterey Bay Military Housing, LLC v. Pinnacle Monterey LLC*, 2015 WL4593439, at *9 (N.D. Cal. July 30, 2015) (excluding characterization that alleged conduct was harmful as misleading and lacking in foundation).

In the alternative, to the extent that the Court permits reference to the 14,000 files, Waymo should be precluded from any suggestion that this downloading was anomalous. Any such argument is based on incomplete evidence. Waymo failed to preserve SVN log information for Mr. Levandowski or other employees prior to September 19, 2015. Waymo has also refused to produce any other log data for the numerous devices used by Mr. Levandowski. With only four months of SVN data for Mr. Levandowski and no contemporary logs for other engineers, there is insufficient basis to determine whether this behavior was anomalous or worthy of suspicion. *See* Ex. 7. Further, Waymo refused to provide other requested log data for Mr. Levandowski or log data for a sampling of other Waymo employees. Dkt. 1317 at 3. This information is also relevant to determine if Mr. Levandowski's behavior is anomalous. Waymo has refused to provide context for the alleged downloading; it should be precluded from presenting evidence that such conduct was suspicious.

4

| | | | |
|---|---|---|---|
| 1 | | | |
| 2 | Dated: September 7, 2017 | By: | /s/ *Neel Chatterjee* |
| 3 | | | Neel Chatterjee |
| | | | *nchatterjee@goodwinlaw.com* |
| | | | Brett Schuman |
| | | | *bschuman@goodwinlaw.com* |
| | | | Shane Brun |
| | | | *sbrun@goodwinlaw.com* |
| | | | Rachel M. Walsh |
| | | | *rwalsh@goodwinlaw.com* |
| | | | Hong-An Vu |
| | | | *hvu@goodwinlaw.com* |
| | | | Hayes P. Hyde |
| | | | *hhyde@goodwinlaw.com* |
| | | | James Lin |
| | | | *jlin@goodwinlaw.com* |
| | | | **GOODWIN PROCTER LLP** |

*Attorneys for Defendant: Otto Trucking LLC*


# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 601 S Figueroa Street, 41st Floor, Los Angeles, California 90017.

On **September 7, 2017**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**DEFENDANTS' MOTION IN LIMINE NO. 26 TO EXCLUDE REFERENCE TO DOWNLOADING OF 14,000 FILES**

| | |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA  94111-4788 | Counsel for Plaintiff: *Waymo LLC*<br>Telephone: 415.875.6600<br>Facsimile: 415.875.6700<br>QE-Waymo@quinnemanuel.com |
| David Cooper<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor,<br>New York, New York 10010 | Counsel for Plaintiff: *Waymo LLC*<br>Telephone: 212.849.7000<br>Facsimile: 212.849.7100<br>QE-Waymo@quinnemanuel.com |
| Leo P. Cunningham<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | Counsel for Plaintiff: *Waymo LLC*<br>Telephone: 650.493.9300<br>Facsimile: 650.493.6811<br>lcunningham@wsgr.com |
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522<br>UberWaymoMoFoAttorneys@mofo.com |
| Michelle Ching Youn Yang<br>MORRISON FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC  20006 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 202.887.1500<br>Facsimile: 202.887.0763<br>UberWaymoMoFoAttorneys@mofo.com |
| Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 650.813.5600<br>Facsimile: 650.494.0792<br>UberWaymoMoFoAttorneys@mofo.com |

| | | |
|---|---|---|
| 1 | Wendy Joy Ray<br>MORRISON & FOERSTER LLP | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC* |
| 2 | 707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017 | Telephone: 213.892.5200<br>Facsimile: 213.892.5454 |
| 3 | | UberWaymoMoFoAttorneys@mofo.com |
| 4 | Michael Darron Jay<br>BOIES SCHILLER & FLEXNER LLP | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC* |
| 5 | 401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401 | Telephone: 310.752.2400<br>Facsimile: 310.752.2490 |
| 6 | | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| 7 | | |
| 8 | Meredith Richardson Dearborn<br>BOIES SCHILLER FLEXNER LLP | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC* |
| 9 | 435 Tasso Street, Suite 205<br>Palo Alto, CA 94301 | Telephone: 650.445.6400<br>Facsimile: 650.329.8507 |
| 10 | | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| 11 | Hamish Hume<br>Jessica E Phillips | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC* |
| 12 | Karen Leah Dunn<br>Kyle N. Smith | Telephone: 202.237.2727<br>Facsimile: 202.237.6131 |
| 13 | Martha Lea Goodman<br>BOIES SCHILLER FLEXNER LLP | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| 14 | 1401 New York Ave., NW<br>Washington, DC 20005 | |
| 15 | | |
| 16 | John L. Cooper<br>FARELLA BRAUN + MARTEL LLP | Appointed by Court as: *Special Master*<br>Telephone: 415.954.4410 |
| 17 | 235 Montgomery Street, 17th Floor<br>San Francisco, CA  94104 | Facsimile: 415.954.4480<br>jcooper@fbm.com |

☐ (MAIL).  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☐ (OVERNIGHT DELIVERY). I deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☒ (E-MAIL or ELECTRONIC TRANSMISSION). Based on a court order or *an agreement of the parties to accept service by e-mail or electronic transmission*, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

1   I declare under penalty of perjury that the foregoing is true and correct.

2   Executed on **September 7, 2017,** at Los Angeles, California.

| Hong-An Vu | /s/Hong-An Vu |
|---|---|
| (Type or print name) | (Signature) |