QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>       vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 26 TO EXCLUDE REFERENCE TO DOWNLOADING OF 14,000 FILES**<br><br>Date:         September 27, 2017<br>Time:         8:00 a.m.<br>Ctrm:         8, 19th Floor<br>Judge:       Honorable William H. Alsup<br>Trial Date:  October 10, 2017 |

Defendants' motion rests on the unsound proposition that where there are disputed facts about a key issue, the issue should be decided summarily (and in Defendants' favor) and hidden from the jury rather than tried before it.  Defendants provide no rationale or case law for this remarkable proposition.  Instead, Defendants' motion mostly consists of their theory of the case that the 14,000 files were supposedly not valuable.  Obviously, this interpretation is hotly contested.  Waymo will demonstrate to the jury the significant value of the files, which is an obvious conclusion from Levandowski's secret theft of them.  As the Court observed early on, "why would he take them if they didn't have some valuable information in there?"  (Dkt. 160, 4/5 Hr'g at 12:6-10.)  Defendants provide no basis for why the Court should adopt Defendants' position wholesale and bar Waymo's evidence of Levandowski's download and the value of those materials.  Lacking reasoned legal argument, Defendants instead make groundless allegations of misconduct such as "stonewalling" and bringing a case "based on a lie."  The Court should deny the motion in its entirety.

## BACKGROUND

On March 10, 2017, in support of its PI motion, Waymo submitted Gary Brown's declaration detailing the forensic evidence against Levandowski.  (Dkt. 25-29.)  At Mr. Brown's deposition two weeks later, counsel for Waymo made clear, over Defendants' objection, that Waymo waived privilege only to the extent that Mr. Brown disclosed his investigation in his declaration.  (Ex. 01, Brown PI Dep. at 39:3-41:12.)  During a meet-and-confer on April 10, Waymo reiterated that it claimed privilege over "any other investigation beyond the scope of [Mr. Brown's] declaration."  (Ex. 02, 4/10 email.)  Defendants did not challenge this scope for more than four months, then on August 11 moved to compel additional communications relating to Waymo's forensic investigation of Levandowski.  (Dkt. 1163.)  On August 18, the Court found a narrowly-tailored subject-matter waiver and ordered production of documents concerning the forensic investigation.  (Dkt. 1272.)  Waymo produced those documents, and when Otto Trucking complained that Waymo had delayed, the Court dismissed the timing issue as a creature of Defendants' own making: "Mr. Chatterjee, the reason we are [at the close of fact discovery] is

because you didn't bring this motion [to compel privileged documents] to my attention until later, so that I don't want to hear." (Dkt 1414, 8/28 Tr. at 13:20-24.)

Waymo's production included emails from Waymo engineer Sasha Zbrozek, a radar engineer who knew nothing substantive of Mr. Brown's investigation. The emails contained statements that Otto Trucking reads as casting doubt on Waymo's case, but Mr. Zbrozek has explained that Otto Trucking misunderstands the context of the emails. At his September 6 deposition, Mr. Zbrozek clarified that by "low-value" he meant only that the SVN database held data "considered of lesser value" than personal user data and Google source code. (Ex. 04, Zbrozek Dep. at 208:18-209:11.) He testified that a bulk download "in absence of context" may not be suspicious, but that "someone pulling information and putting that information somewhere else and then leaving the company, maybe that's suspicious. Maybe just looking at the log files on their own isn't enough to tell that story." (*Id.* at 230:2-16.) He also stated his expressed concerns about ascribing suspicion lacked "context" surrounding Levandowski's download, and that his concern was only "about setting a precedent for that one action in isolation being in and of itself a marker of suspicion." (*Id.* at 238:23-25, 239:23-25.) Defendants omit this testimony in their one-sided presentation of the "evidence" at issue.

## ARGUMENT

### I. THE JURY MUST DECIDE EVIDENTIARY CONFLICTS

Defendants contend that because of isolated statements about Levandowski's download without context of clarifying testimony about those very statements by their author, Waymo ought to be precluded from making *any* references to the download at trial. Defendants articulate no ground for such preclusion. Where evidence is in conflict, it is for the jury to resolve that conflict. The relief Otto Trucking seeks would not be appropriate by summary judgement much less a motion in limine.

Instead of purporting to show an absence of evidentiary conflict, Defendants fill the first two pages of their brief with jury argument about the meaning of Mr. Zbrozek's emails. (Br. 1-2.) But jury argument is just that. Defendants intend to present the emails as evidence that the 14,000 files are supposedly of low value, and Waymo will offer evidence that the 14,000 files contain

Waymo's trade-secret design information, which Waymo valued because it represented Waymo's large technological head-start, a primary competitive advantage in the nascent market for self-driving car services.  Defendants do not articulate why conflicting evidence about the value of stolen material should obliterate all trial evidence of the theft itself.  At most, Defendants state without support that "the downloading of the 14,000 files is irrelevant," apparently on the basis that Mr. Zbrozek's statements prove that the 14,000 files do not contain Waymo's trade secrets.  (Br. 3-4.)  The statements prove no such thing, however, as confirmed by Mr. Zbrozek himself.

## II.    OTTO TRUCKING'S ATTACKS ARE BASELESS AND IRRELEVANT

Lacking any basis in the rules of evidence to exclude references to the download, Defendants instead launch ancillary and baseless attacks against Waymo.  First, Defendants allege that Waymo "hid Mr. Zbrozek and key documents from discovery" and did not collect Mr. Zbrozek's email or documents.  (Br. 2-3.)   This is false.  At Michael Janosko's deposition on March 23, he identified Mr.  Zbrozek's as providing access to the SVN server.   (Ex. 05, Janosko Dep. at 12:5-17.)  Defendants served an RFP seeking Mr. Zbrozek's emails in July, well before Defendants moved for privileged documents, and Waymo complied, serving 559 documents from Mr. Zbrozek's custodial file. (Ex. 06, Waymo Responses to OT RFP No. 82; Nardinelli Decl. ¶ 9.)  As to Waymo's initial disclosures, under Fed. R. Civ. P. 26(a)(1) a party must disclose individuals likely to have discoverable information "that the disclosing party may use to support its claims or defenses."  Waymo did not at the time intend to use information from Mr. Zbrozek to support its claims or defenses.  And Mr. Zbrozek's emails quoted by Defendants were all privileged – and therefore not discoverable, see Fed. R. Civ. P. 26(b)(1) (limiting the scope of discovery to "nonprivileged matter") – until the Court found waiver on August 18.  (Dkt. 1272.)

Next, Defendants repeat the "stonewalling" complaint on the basis that Waymo acted irresponsibly by not producing privileged communications until the late stages of this litigation. (Br. 3-4.)  As stated above, the Court already dismissed that allegation because Defendants waited until August 11 to raise a challenge.  (Dkt 1414, 8/28 Tr. at 13:20-24.)  Furthermore, contrary to Defendants' insinuation that Waymo has avoided complying with the Court's order (Br. 3), the Court itself has expressly recognized Waymo's compliance and good faith.  During an August 31

*in camera* review of documents, the Court repeatedly found Waymo's stance to be proper, denying Otto Trucking's requests for production. (Dkt. 1441, 8/31 Tr. at 61-113.) While the Court did order some production, the Court recognized "the difficulty of the line-drawing" exercise and found that Waymo was not "trying to hide super-material information." (*Id.* at 9:10-16, 68:7-13.) And Waymo timely complied with the Court's production order. (Ex. 03, 9/2 email.)

### III.   OTTO TRUCKING PROVIDES NO BASIS TO PRECLUDE WAYMO FROM ARGUING THAT LEVANDOWSKI'S ACTS WERE SUSPICIOUS

Defendants ask the Court to preclude any suggestion "that this downloading was anomalous" on the lone ground that Waymo has not supplied sufficient log data. (Br. 4.) As the Court has recognized, however, the circumstances surrounding Levandowski's download present cause for alarm without any reference to log data of other Waymo employees: "You take 14,000 files, you wipe the computer clean, and then you leave the company. Doesn't that sound suspicious to you?" (Dkt. 160, 4/5 Tr. at 13:12-14.) Defendants do not explain why the Court was incorrect and why absent additional log data pertaining to other personnel, the Court must exclude all references to the download's anomalous nature rather than allow Waymo to present its case and Defendants to present theirs. Further, Waymo *has* produced extensive log data, including the full SVN log data in its possession for not just Levandowski, but every individual who has accessed the SVN. (Ex. 07, 6/27 email.) Waymo objected to producing other log data as not proportional to the needs of the case, given the burden of collection weighed against the minimal relevance. (Dkt. 1414, 8/28 Tr. at 49:21-50:2.) If Defendants had disagreed with Waymo's position, Defendants could have moved to compel, but as the Court has recognized, Defendants did not: "So now as to the production of the log information, here's the rub: You didn't move to compel it." (*Id.* at 48:17-20.) Even after the Court invited Defendants to move to compel log data, Defendants did not. (*Id.* at 50:20-51:12.) Thus, Defendants cannot be heard to complain of any absence of log data, much less to leverage the absence of data into a ruling from this Court to strike all argument about the anomalous nature of Levandowski's download.

### CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion in Limine No. 26.

1
2  DATED: September 13, 2017            QUINN EMANUEL URQUHART & SULLIVAN, LLP
3
4                                        By  /s/ Charles K. Verhoeven
                                            Charles K. Verhoeven
5                                            Attorneys for WAYMO LLC
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28