# Exhibit 11

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| WAYMO LLC, | CASE NO. 3:17-cv-00939-WHA |
|---|---|
| Plaintiff, | **PLAINTIFF WAYMO LLC'S INITIAL DISCLOSURES** |
| vs. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure Plaintiff Waymo LLC ("Waymo") hereby provides the following Initial Disclosures to Defendants Uber Technologies, Inc. ("Uber"), Ottomotto LLC ("Ottomotto"), and Otto Trucking LLC ("Otto") (individually or collectively, "Defendants").

**GENERAL OBJECTIONS AND LIMITATIONS**

Waymo makes these Initial Disclosures based on the information reasonably available to it as of the present date.  Waymo reserves the right to supplement, amend, modify, or alter these disclosures as new information becomes available.  These disclosures represent a good-faith effort to identify information that Waymo reasonably believes it may use to support one or more of its various claims or defenses.  By making the following disclosures, Waymo does not represent that every individual or entity identified herein necessarily possesses such information or that the individual or entity possesses relevant information.  Nor does Waymo represent that it is identifying every document, tangible thing, or witness it may use to support its claims or defenses.  Waymo employees may only be contacted through Waymo's counsel.  Waymo reserves the right to amend these disclosures as additional information becomes available, through discovery or otherwise.  Waymo also reserves the right to call any witness, including the right to identify expert witnesses, or present any exhibit or item at trial not listed herein but determined through discovery, investigation, or otherwise to support its claims or defenses.

By making these Initial Disclosures, Waymo does not waive its right to object to discovery of any information based on disclosures herein on the grounds of the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity, law, or rule.  Nor does Waymo waive its right to assert any other objection authorized by the Federal Rules of Civil Procedure or any other applicable rule or law in response to interrogatories, requests for admission, requests for production of documents, questions at depositions, or any other discovery requests involving or relating to the subject matter of these disclosures.

All of the disclosures set forth below are made subject to the above objections and qualifications.

## I. Individuals (Fed. R. Civ. P. 26(a)(1)(A)(i))

Waymo identifies the following individuals likely to have discoverable information that Waymo may use to support its claims or defenses. Waymo reserves the right to supplement or amend this disclosure pursuant to Rule 26(e) of the Federal Rules of Civil Procedure if additional individuals or subjects are identified. The following list shall not be interpreted to be an admission that any of the listed individuals will have discoverable information.

All communications with the individuals listed below for which "Quinn Emanuel Urquhart & Sullivan, LLP; 50 California Street, 22nd Floor; San Francisco, California 94111" is listed as the address should be made through Waymo's counsel of record. To the extent that Waymo currently is aware of the contact information for any disclosed individual, it has been provided below.

By indicating the general subject matter of information these individuals may possess, Waymo is in no way limiting its right to call any individual listed to testify concerning other subjects.

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Gary Brown | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Google Inc. ("Google") employee | Matters that concern the forensic investigation into misappropriation of trade secrets by Defendants via Anthony Levandowski, Sameer Kshirsagar, and Radu Raduta. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Pierre-Yves Droz | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee; named inventor | Matters that concern the development and operation of Waymo's self-driving car project and its LiDAR systems; conception, reduction to practice, and patenting of the inventions of U.S. Patent Nos. 8,836,922 ("the '922 patent"), 9,285,464 ("the '464 patent"), 9,368,936 ("the '936 patent"), and 9,086,273 ("the '273 patent"). |
| William Grossman | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern Waymo's accidental receipt of an email containing an Otto LiDAR PCB. |
| Michael Janosko | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Google employee | Matters that concern reasonable measures to protect the security of Google and Waymo's enterprise infrastructure. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Tim Willis | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern Waymo's supply chain operations, including reasonable steps taken to protect confidential and proprietary information shared with suppliers and misappropriation of trade secrets by Defendants via Sameer Kshirsagar and Radu Raduta. |
| Gregory Kintz | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Technical expert for Waymo | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| Ron Medford | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern Waymo's regulatory submissions and safety of its self-driving cars. |
| Daniel Chu | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern irreparable harm and damages suffered by Waymo. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Ben Ingram | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern the development and operation of Waymo's self-driving car project and its LiDAR systems. |
| Luke Wachter | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern the development and operation of Waymo's self-driving car project and its LiDAR systems. |
| Sean Noyce | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern Waymo's supply chain operations, including reasonable steps taken to protect confidential and proprietary information shared with suppliers and misappropriation of trade secrets by Defendants via Sameer Kshirsagar and Radu Raduta. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Jai Krishnan | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern Waymo's supply chain operations, including reasonable steps taken to protect confidential and proprietary information shared with suppliers and misappropriation of trade secrets by Defendants via Anthony Levandowski, Sameer Kshirsagar, and Radu Raduta. |
| Drew Ulrich | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee; named inventor | Matters that concern the development and operation of Waymo's self-driving car project and its LiDAR systems; conception, reduction to practice, and patenting of the inventions of the '922 and '464 patents. |
| Zachary Morriss | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee; named inventor | Matters that concern the development and operation of Waymo's self-driving car project and its LiDAR systems; conception, reduction to practice, and patenting of the inventions of the '922, '464, and '273 patents. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Darel Ionut Iordache | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee; named inventor | Matters that concern the development and operation of Waymo's self-driving car project and its LiDAR systems; conception, reduction to practice, and patenting of the invention of the '273 patent. |
| Sam Lenius | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee; named inventor | Matters that concern the development and operation of Waymo's self-driving car project and its LiDAR systems; conception, reduction to practice, and patenting of the invention of the '936 patent. |
| Bryan Salesky | Argo AI, LLC<br>40 24th St.<br>Pittsburgh, Pennsylvania 15222 | Former Google employee | Matters that concern the development and operation of Waymo's self-driving car project; matters that concern misappropriation of trade secrets and unfair competition by Defendants. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Anthony Levandowski | Unknown | Former Google employee now employed by Defendants; named inventor | Matters that concern misappropriation of trade secrets, patent infringement, and unfair competition by Defendants; conception, reduction to practice, and patenting of the inventions of the '922 and '464 patents. |
| Gaetan Pennecot | Unknown | Former Google employee now employed by Defendants; named inventor | Matters that concern misappropriation of trade secrets, patent infringement, and unfair competition by Defendants; conception, reduction to practice, and patenting of the inventions of the '922, '464, and '273 patents. |
| Daniel Gruver | Unknown | Former Google employee now employed by Defendants; named inventor | Matters that concern misappropriation of trade secrets, patent infringement, and unfair competition by Defendants; conception, reduction to practice, and patenting of the inventions of the '922, '464, and '273 patents. |
| Travis Kalanick | Unknown | Uber Chief Executive Officer | Matters that concern misappropriation of trade secrets, patent infringement, and unfair competition by Defendants. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Sameer Kshirsagar | Unknown | Former Google employee now employed by Defendants | Matters that concern misappropriation of trade secrets, patent infringement, and unfair competition by Defendants. |
| Radu Raduta | May be reached through counsel.<br><br>Ethan Jacobs<br>Holland Law LLP<br>220 Montgomery Street, Suite 800<br>San Francisco, California 94104<br>415-200-4984 | Former Google employee; former employee of Defendants | Matters that concern misappropriation of trade secrets, patent infringement, and unfair competition by Defendants. |
| Individual(s) most knowledgeable about the development and operation of Defendants' self-driving technology, including its LiDAR systems | Unknown | Employees of Defendants | Matters that concern misappropriation of trade secrets, patent infringement, and unfair competition by Defendants. |

In addition to the individuals identified above, Waymo incorporates by reference the witnesses and their possible subjects of testimony disclosed by Defendants in their Initial Disclosures and any amended Initial Disclosures, as well as those individuals identified by Defendants through discovery, declaration, or other means, and those individuals whose names appear on produced documents as if set forth in full herein.  Waymo has not yet identified all expert witnesses upon whose opinions and testimony it may rely in this matter.

## II. Documents, Electronically Stored Information, and Tangible Things (Fed. R. Civ. P. 26(a)(1)(A)(ii))

The categories and locations, where known, of non-privileged documents, electronically stored information, and tangible things in Waymo's possession, custody, or control that Waymo may use to support its claims or defenses include:

| Category | Location(s) |
|---|---|
| Documents relating to and supporting Waymo's claims as set forth in Waymo's Amended Complaint | Waymo LLC<br>Google Inc.<br>Quinn Emanuel Urquhart & Sullivan, LLP |
| Documents relating to the design and operation of the Waymo self-driving project and its LiDAR systems, including technical documents and Waymo's source code, which will be made available for inspection | Waymo LLC<br>Google Inc.<br>Quinn Emanuel Urquhart & Sullivan, LLP |
| Documents relating to the Waymo Asserted Patents (U.S. Patent Nos. 8,836,922, 9,285,464, 9,368,936, and 9,086,273), their prosecution histories, the cited prior art, and design and development documents for the patented inventions | Waymo LLC<br>Google Inc.<br>Quinn Emanuel Urquhart & Sullivan, LLP |
| Documents regarding Defendants' Accused Products, to the extent any are in Waymo's possession | Quinn Emanuel Urquhart & Sullivan, LLP |
| Documents relating to Waymo's trade secrets and confidential information and the policies related thereto | Waymo LLC<br>Google Inc.<br>Quinn Emanuel Urquhart & Sullivan, LLP |
| Documents relating to or created by each Waymo employee who has left Waymo for Defendants, including Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, Sameer Kshirsagar, and Radu Raduta | Waymo LLC<br>Google Inc.<br>Quinn Emanuel Urquhart & Sullivan, LLP |
| Communications between any Waymo employee who has left Waymo for Defendants (including Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, Sameer Kshirsagar, and Radu Raduta) and Defendants or any other current or former Waymo employee relating to Defendants | Waymo LLC<br>Google Inc.<br>Quinn Emanuel Urquhart & Sullivan, LLP |

In addition to the above-identified categories of documents, Waymo incorporates by reference the categories of documents disclosed by Defendants in their Initial Disclosures and any amended Initial Disclosures, and any documents identified by Defendants through discovery, declaration, or other means.

Waymo expressly reserves the right to supplement this response under Rule 26(e) of the Federal Rules of Civil Procedure as its investigation continues.

### III. Damages (Fed. R. Civ. P. 26(a)(1)(A)(iii))

Waymo believes it has suffered and is suffering irreparable harm as a result of Defendants' trade secret misappropriation, patent infringement, and unfair competition in violation of Cal. Bus. & Prof. Code § 17200 et seq. In addition, Waymo believes it is entitled to damages for Defendants' patent infringement, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty, as well as damages from Defendants' trade secret misappropriation, and unfair competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq. Waymo further seeks a judgment that this case is exceptional and an award of Waymo's costs and reasonable attorneys' fees. Waymo also seeks an accounting of all sales and revenues, together with pre-judgment and post-judgment interest. Waymo further seeks enhanced damages for Defendants' willful and malicious conduct in misappropriating Waymo's trade secrets, punitive damages, and other relief including but not limited to disgorgement of profits from unjust enrichment. Waymo seeks any other relief available under applicable law. It would be premature to estimate the amount of damages at this time.

Waymo reserves the right to supplement, modify or add to this response as circumstances dictate and in accordance with the Federal Rules and order issued by the Court.

### IV. Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(A)(iv))

Waymo is not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Waymo expressly reserves the right to supplement its responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure as its investigation continues.

DATED: April 3, 2017           QUINN EMANUEL URQUHART & SULLIVAN, LLP


                               By   */s/ Charles K. Verhoeven*
                                    Charles K. Verhoeven
                                    Attorneys for Plaintiff Waymo LLC