# Exhibit 12

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>         Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S<br>SUPPLEMENTAL INITIAL<br>DISCLOSURES** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure Plaintiff Waymo LLC ("Waymo") hereby provides the following Supplemental Initial Disclosures to Defendants Uber Technologies, Inc. ("Uber"), Ottomotto LLC ("Ottomotto"), and Otto Trucking LLC ("Otto") (individually or collectively, "Defendants").

## GENERAL OBJECTIONS AND LIMITATIONS

Waymo makes these Initial Disclosures based on the information reasonably available to it as of the present date.  Waymo reserves the right to supplement, amend, modify, or alter these disclosures as new information becomes available.  These disclosures represent a good-faith effort to identify information that Waymo reasonably believes it may use to support one or more of its various claims or defenses.  By making the following disclosures, Waymo does not represent that every individual or entity identified herein necessarily possesses such information or that the individual or entity possesses relevant information.  Nor does Waymo represent that it is identifying every document, tangible thing, or witness it may use to support its claims or defenses.  Waymo employees may only be contacted through Waymo's counsel.  Waymo reserves the right to amend these disclosures as additional information becomes available, through discovery or otherwise.  Waymo also reserves the right to call any witness, including the right to identify expert witnesses, or present any exhibit or item at trial not listed herein but determined through discovery, investigation, or otherwise to support its claims or defenses.

By making these Initial Disclosures, Waymo does not waive its right to object to discovery of any information based on disclosures herein on the grounds of the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity, law, or rule.  Nor does Waymo waive its right to assert any other objection authorized by the Federal Rules of Civil Procedure or any other applicable rule or law in response to interrogatories, requests for admission, requests for production of documents, questions at depositions, or any other discovery requests involving or relating to the subject matter of these disclosures.

All of the disclosures set forth below are made subject to the above objections and qualifications.

## I.      Individuals (Fed. R. Civ. P. 26(a)(1)(A)(i))

Waymo identifies the following individuals likely to have discoverable information that Waymo may use to support its claims or defenses.  Waymo reserves the right to supplement or amend this disclosure pursuant to Rule 26(e) of the Federal Rules of Civil Procedure if additional individuals or subjects are identified.  The following list shall not be interpreted to be an admission that any of the listed individuals will have discoverable information.

All communications with the individuals listed below for which "Quinn Emanuel Urquhart & Sullivan, LLP; 50 California Street, 22nd Floor; San Francisco, California 94111" is listed as the address should be made through Waymo's counsel of record.  To the extent that Waymo currently is aware of the contact information for any disclosed individual, it has been provided below.

By indicating the general subject matter of information these individuals may possess, Waymo is in no way limiting its right to call any individual listed to testify concerning other subjects.

| Name | Contact Information | Connection to the Case | Subject |
|------|---------------------|------------------------|---------|
| Gary Brown | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Google Inc. ("Google") employee | Matters that concern the forensic investigation into misappropriation of trade secrets by Defendants via Anthony Levandowski, Sameer Kshirsagar, and Radu Raduta. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Pierre-Yves Droz | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee; named inventor | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; the design and development of certain of Waymo's asserted trade secrets; conception, reduction to practice, and patenting of the inventions of U.S. Patent Nos. 8,836,922 ("the '922 patent"), 9,285,464 ("the '464 patent"), 9,368,936 ("the '936 patent"), and 9,086,273 ("the '273 patent"). |
| William Grossman | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern Waymo's accidental receipt of an email containing an Otto LiDAR PCB. |
| Michael Janosko | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Google employee | Matters that concern reasonable measures to protect the security of Google and Waymo's enterprise infrastructure. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Tim Willis | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern Waymo's supply chain operations, including reasonable steps taken to protect confidential and proprietary information shared with suppliers and misappropriation of trade secrets by Defendants via Sameer Kshirsagar and Radu Raduta. |
| Gregory Kintz | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Technical expert for Waymo | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| Ron Medford | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern Waymo's regulatory submissions and safety of its self-driving cars. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Daniel Chu | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern Waymo, including investment in, development of, and management of Waymo's self-driving cars and autonomous vehicle technology; the current and future nature of the relevant markets and competition in the relevant markets, and other issues related to irreparable harm and damages suffered by Waymo. |
| Ben Ingram | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; , the design and development of certain of Waymo's asserted trade secrets. |
| Luke Wachter | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; the design and development of certain of Waymo's asserted trade secrets. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Sean Noyce | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern Waymo's supply chain operations, including reasonable steps taken to protect confidential and proprietary information shared with suppliers and misappropriation of trade secrets by Defendants via Sameer Kshirsagar and Radu Raduta. |
| Jai Krishnan | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern Waymo's supply chain operations, including reasonable steps taken to protect confidential and proprietary information shared with suppliers and misappropriation of trade secrets by Defendants via Anthony Levandowski, Sameer Kshirsagar, and Radu Raduta. |

| Name | Contact Information | Connection to the Case | Subject |
|------|---------------------|------------------------|---------|
| Drew Ulrich | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee; named inventor | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; the design and development of certain of Waymo's asserted trade secrets; conception, reduction to practice, and patenting of the inventions of the '922 and '464 patents. |
| Zachary Morriss | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee; named inventor | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; the design and development of certain of Waymo's asserted trade secrets; conception, reduction to practice, and patenting of the inventions of the '922, '464, and '273 patents. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Darel Ionut Iordache | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee; named inventor | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; the design and development of certain of Waymo's asserted trade secrets; conception, reduction to practice, and patenting of the invention of the '273 patent. |
| Bernard Fidric | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; the design and development of certain of Waymo's asserted trade secrets. |
| Blaise Gassend | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; the design and development of certain of Waymo's asserted trade secrets. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Dan McCloskey | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including radar; the design and development of certain of Waymo's asserted trade secrets. |
| Dmitri Dolgov | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee | Matters that concern Waymo, including the history, development, and management of Waymo's self-driving cars and autonomous vehicle technology; the design and development of certain of Waymo's asserted trade secrets. |
| Sam Lenius | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-6600 | Waymo employee; named inventor | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; the design and development of certain of Waymo's asserted trade secrets; conception, reduction to practice, and patenting of the invention of the '936 patent. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Bryan Salesky | Argo AI, LLC<br>40 24th St.<br>Pittsburgh, Pennsylvania 15222 | Former Google employee | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology; matters that concern misappropriation of trade secrets by Defendants. |
| Chris Urmson | Aurora Innovation, Inc.<br>429 Acacia Avenue<br>Palo Alto, California 94306 | Former Google employee | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; matters that concern misappropriation of trade secrets by Defendants. |
| Sebastian Thrun | Computer Science Department<br>Stanford University<br>353 Serra Mall<br>Gates Building 154<br>Stanford, California 94305 | Former Google employee | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; matters that concern misappropriation of trade secrets by Defendants. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Anthony Levandowski | May be contacted through his counsel of record:<br><br>Ramsey & Ehrlich LLP<br>803 Hearst Ave<br>Berkeley, California 94710 | Former Google employee; former employee of Defendants; named inventor | Matters that concern misappropriation of trade secrets and patent infringement by Defendants; conception, reduction to practice, and patenting of the inventions of the '922 and '464 patents. |
| Gaetan Pennecot | May be contacted through Defendant Uber and Otto's counsel of record | Former Google employee now employed by Defendants; named inventor | Matters that concern misappropriation of trade secrets and patent infringement by Defendants; conception, reduction to practice, and patenting of the inventions of the '922, '464, and '273 patents. |
| Daniel Gruver | May be contacted through Defendant Uber and Otto's counsel of record | Former Google employee now employed by Defendants; named inventor | Matters that concern misappropriation of trade secrets and patent infringement by Defendants; conception, reduction to practice, and patenting of the inventions of the '922, '464, and '273 patents. |
| Travis Kalanick | May be contacted through Defendant Uber and Otto's counsel of record | Former Uber Chief Executive Officer; Member, Uber Board of Directors | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |

| Name | Contact Information | Connection to the Case | Subject |
|------|--------------------|-----------------------|---------|
| Sameer Kshirsagar | On information and belief, may be contacted through Defendant Uber and Otto's counsel of record | Former Google employee now employed by Defendants | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| Radu Raduta | May be reached through counsel.<br><br>Ethan Jacobs<br>Holland Law LLP<br>220 Montgomery Street, Suite 800<br>San Francisco, California 94104<br>415-200-4984 | Former Google employee; former employee of Defendants | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| Individual(s) most knowledgeable about the development and operation of Defendants' self-driving technology, including its LiDAR systems | Unknown | Employees of Defendants | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| James Haslim | May be contacted through Defendant Uber and Otto's counsel of record | Employee of Defendants | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| Scott Boehmke | May be contacted through Defendant Uber and Otto's counsel of record | Employee of Defendants | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| Lior Ron | May be contacted through Defendant Uber and Otto's counsel of record | Former Google employee now employed by Defendants | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| Colin Sebern | May be contacted through Defendant Uber and Otto's counsel of record | Former Google employee now employed by Defendants | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Don Burnette | May be contacted through Defendant Uber and Otto's counsel of record | Former Google employee now employed by Defendants | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| Soren Juelsgaard | May be contacted through Defendant Uber and Otto's counsel of record | Former Google employee now employed by Defendants | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| Claire Delauney | May be contacted through Defendant Uber and Otto's counsel of record | Former Google employee now employed by Defendants | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| Max Levandowski | May be contacted through Defendant Uber and Otto's counsel of record | Uber employee | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| Asheem Linaval | May be contacted through Defendant Uber and Otto's counsel of record | Uber employee | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| David Meall | May be contacted through Defendant Uber and Otto's counsel of record | Uber employee | Matters that concern misappropriation of trade secrets. |
| Rhian Morgan | May be contacted through Defendant Uber and Otto's counsel of record | Uber employee | Matters that concern misappropriation of trade secrets. |
| Mason Feldman | May be contacted through Defendant Uber and Otto's counsel of record | Uber employee | Matters that concern misappropriation of trade secrets. |
| John Bares | May be contacted through Defendant Uber and Otto's counsel of record | Uber employee | Matters that concern misappropriation of trade secrets. |

| Name | Contact Information | Connection to the Case | Subject |
|---|---|---|---|
| Cameron Poetzscher | May be contacted through Defendant Uber and Otto's counsel of record | Uber employee | Matters that concern misappropriation of trade secrets. |
| Nina Qi | May be contacted through Defendant Uber and Otto's counsel of record | Uber employee | Matters that concern misappropriation of trade secrets. |
| Rhian Morgan | May be contacted through Defendant Uber and Otto's counsel of record | Uber employee | Matters that concern misappropriation of trade secrets. |
| Brian McClendon | On information and belief:<br><br>30 Coyote Hill<br>Portola Valley, California 94028-8017 | Former Google employee now employed by Defendants | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. |
| John Gardner | May be contacted through counsel.<br><br>Merri A. Baldwin<br>Rogers Joseph O'Donnell, a Professional Law Corporation<br>311 California Street, 10th Floor<br>San Francisco, California 94104 | Anthony Levandowski's attorney, involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern misappropriation of trade secrets. |
| Kevin Faulkner | Stroz Friedberg LLC<br>32 Avenue of the Americas, 4th Floor<br>New York, New York 10013 | Stroz Friedberg employee involved in Uber's forensic investigation in this litigation | Matters that concern the misappropriation of trade secrets. |
| Judith Branham | Stroz Friedberg LLC<br>330 Second Avenue South, Suite 335<br>Minneapolis, Minnesota 55401 | Stroz Friedberg employee involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern the misappropriation of trade secrets. |
| Scott Brown | Stroz Friedberg LLC<br>2 Oliver Street, 11th Floor<br>Boston, Massachusetts 02109 | Stroz Friedberg employee involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern the misappropriation of trade secrets. |

| Name | Contact Information | Connection to the Case | Subject |
|------|--------------------|-----------------------|---------|
| Hanley Chew | Fenwick & West LLP<br>801 California Street<br>Mountain View, California 94041 | Former Stroz Friedberg employee involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern the misappropriation of trade secrets. |
| Eric Friedberg | Stroz Friedberg LLC<br>32 Avenue of the Americas, 4th Floor<br>New York, New York 10013 | Stroz Friedberg employee involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern the misappropriation of trade secrets. |
| Mary Fulginiti | Stroz Friedberg LLC<br>1925 Century Park East, Suite 1350<br>Los Angeles, California 90067 | Stroz Friedberg employee involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern the misappropriation of trade secrets. |
| Melanie Maugeri | Stroz Friedberg LLC<br>101 Montgomery Street, Suite 2200<br>San Francisco, California 94104 | Stroz Friedberg employee involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern the misappropriation of trade secrets. |
| Mitchell Dobi | Stroz Friedberg LLC<br>32 Avenue of the Americas, 4th Floor<br>New York, New York 10013 | Stroz Friedberg employee involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern the misappropriation of trade secrets. |
| Cristina Antalik | Stroz Friedberg LLC<br>2 Oliver Street, 11th Floor<br>Boston, Massachusetts 02109 | Stroz Friedberg employee involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern the misappropriation of trade secrets. |
| Jessica Madore | Stroz Friedberg LLC<br>1925 Century Park East, Suite 1350<br>Los Angeles, California 90067 | Stroz Friedberg employee involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern the misappropriation of trade secrets. |

| Name | Contact Information | Connection to the Case | Subject |
|------|--------------------|------------------------|---------|
| Stroz Friedberg LLC | Stroz Friedberg LLC c/o CSC-Lawyers Incorporating Service 2710 Gateway Oaks Drive, Suite 150N Sacramento, California 95833 | Involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern the misappropriation of trade secrets. |
| Morrison & Foerster LLP | Morrison & Foerster LLP 425 Market Street San Francisco, California 94105 | Involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern the misappropriation of trade secrets. |
| Defendants' Law Firms | May be contacted through Defendants' counsel of record. | Involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern the misappropriation of trade secrets. |
| Individuals identified in Defendants' privilege logs | May be contacted through Defendants' counsel of record | Involved in Uber's acquisition of Otto and the purported due diligence of Otto | Matters that concern the misappropriation of trade secrets. |
| Individuals identified by Defendants in response to Court Ordered Interrogatory No. 2 | May be contacted through Defendants' counsel of record | Involved in LiDAR related discussions with Anthony Levandowski | Matters that concern the misappropriation of trade secrets. |
| Individuals to be identified by Uber in its required accounting pursuant to the Court's preliminary injunction order | May be contacted through Defendants' counsel of record | Involved in Uber's acquisition of Otto, the purported due diligence of Otto, and LiDAR related discussions with Anthony Levandowski | Matters that concern the misappropriation of trade secrets. |

In addition to the individuals identified above, Waymo incorporates by reference the witnesses and their possible subjects of testimony disclosed by Defendants in their Initial Disclosures and any amended Initial Disclosures, as well as those individuals identified by Defendants through discovery, declaration, or other means, those individuals whose names appear on produced documents as if set forth in full herein, and those individuals deposed or to be deposed in this case. Waymo has not yet identified all expert witnesses upon whose opinions and testimony it may rely in this matter.

## II. Documents, Electronically Stored Information, and Tangible Things (Fed. R. Civ. P. 26(a)(1)(A)(ii))

The categories and locations, where known, of non-privileged documents, electronically stored information, and tangible things in Waymo's possession, custody, or control that Waymo may use to support its claims or defenses include:

| Category | Location(s) |
|---|---|
| Documents relating to and supporting Waymo's claims as set forth in Waymo's Amended Complaint | Waymo LLC<br>Google Inc.<br>Quinn Emanuel Urquhart & Sullivan, LLP |
| Documents relating to the design and operation of the Waymo self-driving project and its LiDAR systems, including technical documents and Waymo's source code, which will be made available for inspection | Waymo LLC<br>Google Inc.<br>Quinn Emanuel Urquhart & Sullivan, LLP |
| Documents relating to the Waymo Asserted Patents (U.S. Patent Nos. 8,836,922, 9,285,464, 9,368,936, and 9,086,273), their prosecution histories, the cited prior art, and design and development documents for the patented inventions | Waymo LLC<br>Google Inc.<br>Quinn Emanuel Urquhart & Sullivan, LLP |
| Documents regarding Defendants' Accused Products, to the extent any are in Waymo's possession | Quinn Emanuel Urquhart & Sullivan, LLP |
| Documents relating to Waymo's trade secrets and confidential information and the policies related thereto | Waymo LLC<br>Google Inc.<br>Quinn Emanuel Urquhart & Sullivan, LLP |
| Documents relating to or created by each Waymo employee who has left Waymo for Defendants, including Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, Sameer Kshirsagar, and Radu Raduta | Waymo LLC<br>Google Inc.<br>Quinn Emanuel Urquhart & Sullivan, LLP |
| Communications between any Waymo employee who has left Waymo for Defendants (including Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, Sameer Kshirsagar, and Radu Raduta) and Defendants or any other current or former Waymo employee relating to Defendants | Waymo LLC<br>Google Inc.<br>Quinn Emanuel Urquhart & Sullivan, LLP |

In addition to the above-identified categories of documents, Waymo incorporates by reference the categories of documents disclosed by Defendants in their Initial Disclosures and any amended Initial Disclosures, and any documents identified by Defendants through discovery, declaration, or

1  other means.

2     Waymo expressly reserves the right to supplement this response under Rule 26(e) of the

3  Federal Rules of Civil Procedure as its investigation continues.

4  **III.   Damages (Fed. R. Civ. P. 26(a)(1)(A)(iii))**

5     Waymo believes it has suffered and is suffering irreparable harm as a result of Defendants'

6  trade secret misappropriation and patent infringement.   In addition, Waymo believes it is entitled to

7  damages for Defendants' trade secret misappropriation, as well as Defendants' patent infringement,

8  including damages based on a calculation of lost profits or an amount no less than a reasonable

9  royalty.  In connection with these calculations, Waymo may rely on its estimates of future profits and

10  cash flows; its assessments and projections regarding the relevant markets, competition therein, and its

11  competitive position; and its investment in LiDAR technology (in time, capital, engineering costs, and

12  other expenditures).  Waymo also expects to rely on materials that are being or will be produced by

13  Uber and third parties.

14     Waymo further seeks a judgment that this case is exceptional and an award of Waymo's costs

15  and reasonable attorneys' fees.  Waymo also seeks an accounting of all sales and revenues, together

16  with pre-judgment and post-judgment interest.   Waymo further seeks enhanced damages for

17  Defendants' willful and malicious conduct in misappropriating Waymo's trade secrets, punitive

18  damages, and other relief including but not limited to disgorgement of profits from unjust enrichment.

19  Waymo seeks any other relief available under applicable law.  It would be premature to estimate the

20  amount of damages at this time.

21     Waymo reserves the right to supplement, modify or add to this response as circumstances

22  dictate and in accordance with the Federal Rules and order issued by the Court.

23  **IV.   Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(A)(iv))**

24     Waymo is not aware of any insurance agreement under which any person carrying on an

25  insurance business may be liable to satisfy part or all of a judgment which may be entered in the

26  action or to indemnify or reimburse for payments made to satisfy the judgment.

27     Waymo expressly reserves the right to supplement its responses pursuant to Rule 26(e) of the

28  Federal Rules of Civil Procedure as its investigation continues.

1

2 DATED:  June 21, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4                                      By   _/s/ Charles K. Verhoeven_____

5                                           Charles K. Verhoeven
                                            Attorneys for Plaintiff Waymo LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28