# EXHIBIT 1

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
 2                   SAN FRANCISCO DIVISION
 3
 4      _____
                                       )
 5      WAYMO LLC,                     )
                                       )
 6                    Plaintiff,       )
                                       )
 7            vs.                      )  Case No.
                                       )  3:17-cv-00939-WHA
 8      UBER TECHNOLOGIES, INC.,       )
        OTTOMOTTO LLC; OTTO            )
 9      TRUCKING LLC,                  )
                                       )
10                    Defendants.      )
        _____)
11
12
13
14
15       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
16          VIDEOTAPED DEPOSITION OF GARY T. BROWN
17               San Francisco, California
18                Friday, March 24, 2017
19                       Volume I
20
21
22
        Reported by:  SUZANNE F. GUDELJ
23      CSR No. 5111
24      Job No. 2577644
25      PAGES 1 - 65
```

Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1    other Uber employee who may have taken information

 2    from Google?

 3           MR. HOLMES:  Same instruction.  To the

 4    extent that he's asking about anybody other than the

 5    three individuals identified in your declaration,        12:31:47

 6    which is why we're here, I'm instructing you not to

 7    answer.

 8           MR. GONZALEZ:  Okay.  We're here for more

 9    than just that.

10    BY MR. GONZALEZ:                                         12:32:17

11      Q   With respect to Mr. Raduta and the three

12    documents that you identify in paragraph 29, those

13    three documents were exported to his company

14    computer, right?

15      A   I'm uncertain.                                     12:32:42

16      Q   You don't have any reason to dispute that,

17    do you?

18           MR. HOLMES:  Objection to form.

19           THE WITNESS:  Not currently.

20    BY MR. GONZALEZ:                                         12:33:00

21      Q   Is there some ongoing work that you're

22    doing to try to figure that part out?

23           MR. HOLMES:  Objection.  You don't have to

24    answer that.  That's attorney work product.

25    BY MR. GONZALEZ:                                         12:33:10
```

Page 39

```
 1      Q    Is there a way to figure that out?
 2           MR. HOLMES:  Objection to form.
 3           THE WITNESS:  Possibly.
 4   BY MR. GONZALEZ:
 5      Q    What way would that be?                    12:33:25
 6      A    Some ways include forensic analysis of the
 7   hard drive; correlation of logs that contain a
 8   machine certificate with these logs and looking for
 9   similar device fingerprints.
10      Q    Have you done any of that analysis for     12:34:02
11   these three documents?
12           MR. HOLMES: Objection.  Calls for attorney
13   work product.  I instruct you not to answer.
14           MR. GONZALEZ:  Wow.  Okay.
15           MR. HOLMES: All right.  Look --            12:34:12
16           MR. GONZALEZ: All right.  I get it.  We're
17   going to move to strike this stuff.  I'm just going
18   to tell you, we're going to file an administrative
19   motion to strike all of these allegations because
20   you're instructing him not to answer questions that 12:34:23
21   go right to the heart of what's in his declaration.
22   You cannot do that.  You can't use a privilege as a
23   sword and a shield.  I mean --
24           MR. HOLMES:  If you want to -- listen, I'll
25   let you -- I'll let you -- I'll let you ask that    12:34:33
```

```
 1   last question, and I'll let him answer that last
 2   question 'cause that goes -- you're right.  I don't
 3   disagree that that goes to the analysis in his
 4   declaration.
 5           MR. GONZALEZ:  That's what I'm trying to        12:34:42
 6   focus on.
 7           MR. HOLMES:  My apologies.  I'll withdraw
 8   that -- that last instruction, and you can ask
 9   him --
10           MR. GONZALEZ:  All right.
11           MR. HOLMES:  -- specific because that
12   relates to this declaration.
13           MR. GONZALEZ:  Exactly.
14   BY MR. GONZALEZ:
15       Q   The analysis that you just mentioned, have    12:34:50
16   you done that analysis with respect to these three
17   devices in paragraph 29?
18       A   Yes.
19       Q   What did you find?
20       A   Some of them -- not exhaustively.  My         12:35:05
21   existing analysis suggests it was downloaded on the
22   work laptop.
23       Q   Do you have any basis for believing that
24   Mr. Raduta downloaded that information to anything
25   other than his work laptop?                            12:35:26
```

Page 41

1       I, the undersigned, a Certified Shorthand
2  Reporter of the State of California, do hereby
3  certify:
4       That the foregoing proceedings were taken
5  before me at the time and place herein set forth;
6  that any witnesses in the foregoing proceedings,
7  prior to testifying, were duly sworn; that a record
8  of the proceedings was made by me using machine
9  shorthand which was thereafter transcribed under my
10 direction; that the foregoing transcript is a true
11 record of the testimony given.
12      Further, that if the foregoing pertains to
13 the original transcript of a deposition in a Federal
14 Case, before completion of the proceedings, review
15 of the transcript [ ] was [X] was not requested.
16      I further, certify I am neither financially
17 interested in the action nor a relative or employee
18 of any attorney or party to this action.
19      IN WITNESS WHEREOF, I have this date
20 subscribed my name.
21 Dated: 3/27/17

                                _____
                                SUZANNE F. GUDELJ
24                              CSR No. 5111
25

                                                Page 65