# EXHIBIT 4

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
                                                          Page 178
 1            UNITED STATES DISTRICT COURT
 2           NORTHERN DISTRICT OF CALIFORNIA
 3              SAN FRANCISCO DIVISION
 4                    --oOo--
 5   WAYMO LLC,
 6              Plaintiff,
                                    Case
 7   vs.                            No. 3:17-cv-00939-WHA
 8   UBER TECHNOLOGIES, INC.;
     OTTOMOTTO LLC; OTTO TRUCKING LLC,
 9
                Defendants.
10   _____/
11
12      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
13
14    VIDEOTAPED DEPOSITION OF ALEXANDER (SASHA) ZBROZEK
15                    VOLUME II
16            WEDNESDAY, SEPTEMBER 6, 2017
17
18
19
20   Reported by:
21   Anrae Wimberley
22   CSR No. 7778
23   Job No.  2693569
24
25   Pages 178 - 317
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 208

| | | |
|---|---|---|
| 1 | A.   In hindsight, there is a very small amount of | 14:37:00 |
| 2 | code in there. | 14:37:01 |
| 3 | Q.   And how do you know that? | 14:37:03 |
| 4 | A.   I don't know if it was true in 2015, but I | 14:37:07 |
| 5 | know that, at least today, there is some amount of | 14:37:12 |
| 6 | code in there that I committed, and so my own code is | 14:37:16 |
| 7 | in there. | 14:37:17 |
| 8 | Q.   And you put that in when? | 14:37:19 |
| 9 | A.   I don't remember. | 14:37:21 |
| 10 | Q.   This year? | 14:37:22 |
| 11 | A.   I don't remember. | 14:37:23 |
| 12 | Q.   At least at the time that you wrote this, as | 14:37:27 |
| 13 | far as you knew, there was no code or user data; is | 14:37:31 |
| 14 | that right? | 14:37:34 |
| 15 | A.   I would say that it was not exhaustive. It's | 14:37:36 |
| 16 | possible that there was some code in there. I don't | 14:37:40 |
| 17 | think there was any user data in there. | 14:37:42 |
| 18 | Q.   And then you say "it's pretty low value." | 14:37:45 |
| 19 | Do you see that? | 14:37:46 |
| 20 | A.   I do see that. | 14:37:47 |
| 21 | Q.   And that was true, wasn't it? | 14:37:49 |
| 22 | MR. BAKER:   Objection to form. | 14:37:50 |
| 23 | THE WITNESS:   What do you mean? | 14:37:51 |
| 24 | BY MR. GONZALEZ: | 14:37:51 |
| 25 | Q.   Do you want me to define "true"? | 14:37:53 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 209

| | | |
|---|---|---|
| 1 | A. No. I am asking you to define "low value." | 14:38:00 |
| 2 | Q. Those are your words. | 14:38:03 |
| 3 | A. So I will say that this is a very relative | 14:38:06 |
| 4 | thing. And Google data policies were designed with | 14:38:14 |
| 5 | code and user data in mind and were perhaps not the | 14:38:18 |
| 6 | greatest fit for the kind of data that we wanted to | 14:38:20 |
| 7 | store and that relative to instantly Google ending | 14:38:28 |
| 8 | data breaches, that the data that was in the | 14:38:32 |
| 9 | Subversion server would be considered of lesser value. | 14:38:36 |
| 10 | But by how much, I don't know; and in absolute terms, | 14:38:40 |
| 11 | I have no idea. | 14:38:41 |
| 12 | Q. All right. Bryan Salesky was your boss at | 14:38:45 |
| 13 | the time? | 14:38:45 |
| 14 | A. I don't think so. | 14:38:47 |
| 15 | Q. Who was Bryan Salesky to you at that time? | 14:38:50 |
| 16 | MR. BAKER: Objection to form. | 14:38:51 |
| 17 | THE WITNESS: I don't remember for sure, but I | 14:38:53 |
| 18 | think he was my skip-level manager. | 14:38:57 |
| 19 | BY MR. GONZALEZ: | 14:38:57 |
| 20 | Q. Somebody that you reported to? | 14:38:59 |
| 21 | A. Not quite. I had a manager that I reported | 14:39:03 |
| 22 | to. Bryan was not that manager. I don't remember the | 14:39:08 |
| 23 | org. chart exactly, especially in 2015, but I think | 14:39:13 |
| 24 | that my -- I think that Bryan was my manager's | 14:39:22 |
| 25 | manager, but that is all researchable. | 14:39:25 |

| | | |
|---|---|---|
| 1 | BY MR. GONZALEZ: | 15:04:39 |
| 2 | Q.  And then you wrote, "Doesn't ring the alarm | 15:04:43 |
| 3 | bells for me"; right? | 15:04:44 |
| 4 | A.  I did write that. | 15:04:47 |
| 5 | Q.  And it didn't ring the alarm bells for you, | 15:04:51 |
| 6 | did it? | 15:04:52 |
| 7 | A.  I will say that, on its own, as a single | 15:04:58 |
| 8 | action in absence of context, pulling the Subversion | 15:05:03 |
| 9 | repository is not suspicious, but that as part of a | 15:05:09 |
| 10 | larger narrative, you know, suspicion may or may not | 15:05:12 |
| 11 | come into play, right.  You know, if the logs -- if | 15:05:18 |
| 12 | the logs showed, you know, someone pulling information | 15:05:23 |
| 13 | and putting that information somewhere else and then | 15:05:27 |
| 14 | leaving the company, maybe that's suspicious.  Maybe | 15:05:29 |
| 15 | just looking at the log files on their own isn't | 15:05:34 |
| 16 | enough to tell that story. | 15:05:36 |
| 17 | Q.  Did you ask for any changes to be made to the | 15:05:39 |
| 18 | maintenance of the data after your investigation? | 15:05:44 |
| 19 | MR. BAKER:  Objection to form. | 15:05:45 |
| 20 | THE WITNESS:  I don't remember. | 15:05:48 |
| 21 | BY MR. GONZALEZ: | 15:05:48 |
| 22 | Q.  Did you at any point up until today recommend | 15:05:51 |
| 23 | that there be any changes -- security measures to the | 15:05:54 |
| 24 | information contained on the SVN repository? | 15:06:00 |
| 25 | MR. BAKER:  Objection to form. | 15:06:02 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 238

| | | |
|---|---|---|
| 1 | have to have permission to use the system; fair? | 15:15:06 |
| 2 | A.   Any interaction with the server has to be | 15:15:08 |
| 3 | checked against the access control list. | 15:15:12 |
| 4 | Q.   And do you know today how many people are on | 15:15:15 |
| 5 | the access control list for this repository? | 15:15:19 |
| 6 | A.   I don't know. | 15:15:20 |
| 7 | Q.   All those people that you investigated, they | 15:15:26 |
| 8 | were all on the list; right? | 15:15:27 |
| 9 | A.   I don't know, actually.  If I were -- if I | 15:15:32 |
| 10 | were to conjecture, I don't actually think that all of | 15:15:36 |
| 11 | them were. | 15:15:36 |
| 12 | Q.   And then after -- you say, "We all do full | 15:15:40 |
| 13 | checkouts and it makes me uncomfortable to think that | 15:15:43 |
| 14 | lawyers are trying to ascribe suspicion to it." | 15:15:47 |
| 15 | Do you see that? | 15:15:48 |
| 16 | A.   I do see that. | 15:15:49 |
| 17 | Q.   Those words are pretty self-explanatory, but | 15:15:51 |
| 18 | what you meant there was that you don't want lawyers | 15:15:54 |
| 19 | saying that just because somebody downloaded the | 15:15:57 |
| 20 | entire database, that means that there's something | 15:15:58 |
| 21 | fishy going on; right? | 15:16:02 |
| 22 | MR. BAKER:  Objection to form. | 15:16:03 |
| 23 | THE WITNESS:  So, clearly, the lawyers had quite a | 15:16:05 |
| 24 | bit more context than I had at this point in the | 15:16:08 |
| 25 | investigation. | 15:16:09 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 239

| | | |
|---|---|---|
| 1 | BY MR. GONZALEZ: | 15:16:09 |
| 2 |    Q.   Right. | |
| 3 |        But regardless of whatever they knew, your | 15:16:10 |
| 4 | state of mind, when you wrote this e-mail, was that | 15:16:12 |
| 5 | you didn't want lawyers suggesting to anyone that it | 15:16:15 |
| 6 | was suspicious to download the entire database because | 15:16:18 |
| 7 | you knew that that's how you programmed the | 15:16:20 |
| 8 | instructions to operate; correct? | 15:16:21 |
| 9 |    MR. BAKER: Counsel, if you can let the witness | 15:16:24 |
| 10 | finish his answers, please. | 15:16:27 |
| 11 |    MR. GONZALEZ: I thought he did. | |
| 12 |    MR. BAKER: And objection to form. | 15:16:29 |
| 13 |    THE WITNESS: That was long. Could you repeat | 15:16:30 |
| 14 | that, please. | 15:16:32 |
| 15 | BY MR. GONZALEZ: | 15:16:32 |
| 16 |    Q.   Yeah. | 15:16:32 |
| 17 |        The reason why it was making you | 15:16:34 |
| 18 | uncomfortable that lawyers would ascribe suspicion to | 15:16:39 |
| 19 | downloading the entire repository is because you knew | 15:16:42 |
| 20 | that anybody who followed your instructions would | 15:16:46 |
| 21 | automatically download the entire repository; true? | 15:16:50 |
| 22 |    MR. BAKER: Objection to form. | 15:16:51 |
| 23 |    THE WITNESS: I was concerned about setting a | 15:16:55 |
| 24 | precedent for that one action in isolation being in | 15:17:02 |
| 25 | and of itself a marker of suspicion. | 15:17:06 |

```
 1           FEDERAL CERTIFICATE OF DEPOSITION OFFICER
 2        I, ANRAE WIMBERLEY, CSR NO. 7778, do hereby
    declare:
 3        That, prior to being examined, the witness named
    in the foregoing deposition was by me duly sworn
 4  pursuant to Section 30(f)(1) of the Federal Rules of
    Civil Procedure and the deposition is a true record of
 5  the testimony given by the witness;
         That said deposition was taken down by me in
 6  shorthand at the time and place therein named and
    thereafter reduced to text under my direction;
 7       -----    That the witness was requested to
 8  review the transcript and make any changes to the
    transcript as a result of that review pursuant to
 9  Section 30(e) of the Federal Rules of Civil Procedure;
         -----    No changes have been provided by the
10  witness during the period allowed;
11       -----    The changes made by the witness are
12  appended to the transcript;
         --X---   No request was made that the transcript
13  be reviewed pursuant to Section 30(e) of the Federal
14  Rules of Civil Procedure.
         I further declare that I have no interest in the
15  event of the action.
16       I declare under penalty of perjury under the laws
17  of the United States of America that the foregoing is
    true and correct.
18       WITNESS my hand this 7th day of September, 2017.
19
20
21
22
23
24              <%signature%>
25          ANRAE WIMBERLEY, CSR NO. 7778
```