QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S MOTION IN LIMINE 15**<br><br>Date:          September 27, 2017<br>Time:         8:00 a.m.<br>Ctrm:         8, 19th Floor<br>Judge:        Honorable William H. Alsup<br>Trial Date:  October 10, 2017 |

01980-00104/9537876.2

The Court should preclude Defendants from presenting argument about Waymo's purported motivations for filing this lawsuit against Defendants. Specifically, the Court should prohibit any evidence, argument, or assertion that this lawsuit is an attempt by Waymo to slow down a competitor, or that Waymo should have included Anthony Levandowski as a defendant. Defendants are faced with the reality that they have no substantive response on the merits of Waymo's trade secret misappropriation claims, and are resorting to impugning Waymo's motives for seeking to protect its intellectual property. However, Defendants have never asserted an unfair competition claim and have obtained no evidence of any motive other than Waymo's claims having merit. To the extent that Waymo's motive has any relevance at all, its desire to exercise and protect its rights under federal and state trade secret law is the only motive on which evidence exists. Setting aside Defendants' lack of a basis to present such an argument, Waymo's motivation is simply not relevant to its misappropriation claims, and any arguments to the contrary would be nothing more than a confusing side show that would be unduly prejudicial to Waymo's rightful vindication of its trade secret claims by the jury.

With respect to the first issue, Defendants are not now asserting, nor have they ever asserted, any unfair competition claims or defenses as part of this case. Nevertheless, Defendants have repeatedly asserted to the press various iterations of a refrain that this lawsuit is a "baseless attempt" by Waymo to slowdown a competitor.[1] Defendants have repeatedly attempted to develop this narrative throughout discovery but to no avail. For example, at the start of discovery, Defendants questioned a Waymo witness about whether slowing Uber down through litigation would be "beneficial to Waymo." Ex. 1 at 11:8-12:7. The witness' response, however, was that Waymo's

---

[1] *E.g.* https://www.recode.net/2017/2/23/14717432/waymo-otto-uber-anthony-levandowski-lawsuit ("We have reviewed Waymo's claims and determined them to be a baseless attempt to slow down a competitor and we look forward to vigorously defending against them in court."); https://www.wired.com/2017/04/uber-waymo-lawsuit-injunction/ ("Uber calls the suit 'a baseless attempt to slow down a competitor.'"); https://www.cnbc.com/2017/02/24/uber-on-alphabet-lawsuit-a-baseless-attempt-to-slow-down-a-competitor.html ("Uber on Alphabet lawsuit: 'A baseless attempt to slow down a competitor'"); https://www.theatlantic.com/technology/archive/2017/03/the-fight-between-waymo-and-uber-intensifies/519285/ ("An Uber spokesperson on Friday reduced Waymo's claims to a 'baseless attempt to slow down a competitor,' in the ridesharing giant's strongest public response yet to a federal lawsuit filed in February.")

1  interest is in maintaining protection over its technology. *Id.* Defendants have also recently questioned
2  Waymo's witnesses about whether its forensic investigation was driven by the closing of Uber's
3  acquisition of Ottomotto. *See* Ex. 2. However, Waymo's forensic investigation was for the simple
4  purpose of determining whether and to what extent Mr. Levandowski had stolen Waymo's trade
5  secrets and was intending to use that information at Otto/Uber. *Id.*
6
7  ). In sum, there is no evidence that Waymo brought its claims here for any other
8  purpose than because they have merit.

9  Even if Defendants had a valid basis for presenting to the jury its theories on Waymo's
10 motivations in bringing this suit (it does not), Waymo's purported motivations for bringing this
11 lawsuit bears no relevance and offers no probative value at trial. *See Haught v. U.S. Eng'g*
12 *Contractors Corp.*, No. 07-80436-CIV, 2009 WL 36591, at *3 (S.D. Fla. Jan. 6, 2009) (holding the
13 nature of plaintiff's motivation for filing action was irrelevant); *Square D Co. v. Breakers Unlimited,*
14 *Inc.*, No. 1:07-CV-806-WTL-JMS, 2009 WL 1625505, at *1 (S.D. Ind. June 4, 2009) (granting motion
15 *in limine* on grounds that motive for bringing the lawsuit was irrelevant); *Allstate Ins. Co. v. Nassiri*,
16 No. 2:08-CV-369 JCM GWF, 2013 WL 2394116, at *5 (D. Nev. May 30, 2013) (same); *Wright v.*
17 *BNSF Ry. Co.*, No. 4:13-CV-24-JED-FHM, 2016 WL 1637276, at *2 (N.D. Okla. Apr. 25, 2016)
18 (references to a plaintiff's motivation for bringing suit "are unduly prejudicial and will not be allowed
19 at trial"). Indeed, as shown above Defendants can point to no claim or defense in this case that would
20 require an inquiry into Waymo's motivation or state of mind. Because Waymo's motivation for filing
21 this lawsuit is irrelevant and lacks any probative value, pursuant to FRE 402 and 403, Waymo
22 requests that the Court preclude any argument or evidence related to the same.

23 As to the second issue, the Court has already found that Waymo's "decision to bring separate
24 claims against defendants in court was not only reasonable but also the only course available, since
25 Waymo had no arbitration agreement with defendants." Dkt. 425 at 9; *see also* 4-27 Hrg. Tr. at 34:23-
26 25 ("So everything they've done right is perfectly above-board. And you're trying to make it sound
27 like they are trying to game the system, but that's just not true."). Any argument to the contrary would
28 be wrong, would confuse the issues, and would cause prejudice to Waymo.

1   There is no evidence that Waymo brought this case for any reason other than because Waymo's
2   claims have merits. That said, Waymo's motivations for bringing this lawsuit against the named
3   Defendants (as opposed to any individuals) are irrelevant to Waymo's claims of Uber's
4   misappropriation and ongoing use of Waymo's trade secrets. Arguments on these subjects are likely
5   to cause unfair prejudice and confusion. Any argument, or any attempt to elicit evidence from
6   Waymo by Defendants, concerning Waymo's motivations should be prohibited. Motion in Limine
7   No. 15 should be granted.

11  DATED: August 7, 2017           QUINN EMANUEL URQUHART & SULLIVAN, LLP

    By */s/ Charles K. Verhoeven*
       Charles K. Verhoeven
       Attorneys for WAYMO LLC