QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS MOTION IN LIMINE #13 AND DEFENDANTS' RESPONSE** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal information in its exhibits in support of its Motion in Limine #13, as well as Defendants' Response and supporting materials ("Waymo's Motion in Limine #13 Packet"). Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
| --- | --- | --- |
| Waymo's Exhibit 2 | Entire document | Defendants |
| Defendants' Response to Waymo's MIL #13 | Portions highlighted in green with red boxes | Waymo |
| | Portions highlighted in blue | Defendants |
| Defendants Ex. 31-32, 41, 47, 53, 54 | Entire document | Waymo |
| Defendants Ex. 33, 45 | Entire document | Defendants |

## I. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

## II. UBER'S CONFIDENTIAL INFORMATION

Waymo seeks to seal Waymo's Ex. 2, Defendants' Response to Waymo's MIL #13 (portions highlighted in blue) and Defendants' Ex. 33 and 45 because Defendants have designated the information confidential and/or highly confidential. Declaration of Lindsay Cooper ("Cooper Dec."), ¶ 3. Waymo expects Defendants to file one or more declarations in accordance with the Local Rules. *Id.*

## III. THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the portions of Defendants' Response to Waymo's MIL #13 (portions highlighted in green) and Defendants' Exs. 31-32, 41, 47, 53, 54 because it discloses Waymo's confidential business information, including Waymo's highly confidential analysis of competitors and

Waymo's highly confidential future business plans.  *See* Cooper Dec., ¶ 4.  Confidential business information that, if released, may "harm a litigant's competitive standing" merits sealing.  *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978).  Waymo seeks to seal confidential business information that fits squarely within these categories.  Cooper Dec. ¶ 4.  Waymo maintains this information with strict secrecy and security protocols (*see* Dkt. 25-47; Dkt. 25-49.).  *Id.*  Waymo has narrowly tailored its requests to only information meriting sealing.  *Id.*  The disclosure of Waymo's confidential business information would harm Waymo.  Cooper Dec. ¶ 4.  Thus, the Court should grant Waymo's administrative motion to seal.

## IV. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion.  For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's Administrative Motion.

DATED:  September 13, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles Verhoeven*
     Charles Verhoeven
     Attorneys for WAYMO LLC