MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel:    415.268.7000 / Fax:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P. M. HUME
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Tel:    202.237.2727 / Fax:    202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.:    212.336.8330 / Fax.:    212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC

NEEL CHATTERJEE (SBN 173985)
nchatterjee@goodwinlaw.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Tel.:    650.752.3100 / Fax.:    650.853.1038

Attorneys for Defendant OTTO TRUCKING LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS' RENEWED MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING OVERRULED PRIVILEGE ASSERTIONS**<br><br>Judge:   The Honorable William Alsup<br>Trial Date: October 10, 2017 |

Defendants renew their motion *in limine* to exclude argument or evidence about assertions of attorney-client privilege or work product in light of the Court's exception for assertions that have been overruled.

## I. Introduction

The Court overruled Uber's privilege and work product (collectively, "privilege") assertions over the Stroz Report and its exhibits, and ordered Uber to produce those and related documents. Dkts. 566, 621, and 685. The Court recognized the privilege issues were "complicated" issues of "first impression." 6/23 Hr'g Tr. at 40:11-12. Uber did not appeal, but Anthony Levandowski did, and the Federal Circuit stayed the Court's orders. Dkt. 838. Uber then moved to exclude argument or evidence regarding Uber's assertions of privilege. Dkt. 855 at 1; *see* Dkt. 641 at 1-3. The Court tentatively granted Uber's motion "except as to assertions of privilege that, at the time of trial, have been deemed invalid by a final order of this Court or the Federal Circuit." Dkt. 874 at 3. Uber respectfully asks that the Court reconsider that exception.

The remedy for an overruled privilege claim is disclosure of the underlying information. Informing the jury that a party's claim was overruled is an impermissible sanction where the party has not refused to obey the court-ordered production. Such a sanction is also unduly prejudicial because there is no probative value in telling the jury about an overruled privilege assertion, but only risk that the jury will improperly speculate about the motives of the party that asserted privilege. There is no permissible inference the jury could draw from such speculation. Of course, this motion works both ways by also preventing Uber from mentioning Waymo's overruled privilege claims.

## II. Informing the Jury That the Court Overruled Certain of Uber's Privilege Claims Is an Impermissible Sanction Because Uber Has Not Refused To Produce Documents.

Waymo's only purpose in presenting evidence or argument to the jury that Uber asserted privilege over the Stroz Report and related documents would be to invite the jury to speculate that Uber wrongfully sought to hide those documents due to their contents. But it is well established that "no adverse inference shall arise from invocation of the attorney-client privilege and/or work product privilege." *Knorr-Bremse Sys. Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d

1

1337, 1344 (Fed. Cir. 2004); *see also Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-371, 2016 WL 3902447, at *1 (E.D. Tex. Feb. 1, 2016) (precluding "any argument, evidence, or testimony, or reference during trial relating to the parties' privilege logs or assertions of privilege"); Dkt. 641 at 1-2 (citing caselaw). That precedent holds true even if a court overrules a party's invocation of privilege and the party then discloses pursuant to court order. Where "a purported invocation of privilege is invalid, the court has the authority to compel a response, thus ensuring that the jury is not deprived of relevant evidence." *Prime Media Grp., LLC v. Acer Am. Corp.*, No. 12-CV-05020-BLF, 2015 WL 527836, at *4 (N.D. Cal. Feb. 6, 2015); *see also* Fed. R. Civ. P. 37(a)(3)(B)(iv), (a)(5)(A)(ii) (authorizing motions to compel production of documents and prohibiting monetary sanctions if a party's nondisclosure was substantially justified). The "relevant evidence" is the underlying information itself, not the fact of the privilege invocation. Once the underlying information is disclosed, there can be no permissible sanction or inference relating to the party's invocation of privilege over the information.

In contrast, if a court has ruled against a claim of privilege "but the client *continues* to refuse to disclose the information," the court may impose sanctions. Paul R. Rice *et al.*, 2 ATTORNEY-CLIENT PRIVILEGE IN THE U.S. § 10:8 (Dec. 2016) (emphasis added); *see Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009) (parties that "defy a disclosure order" may "incur court-imposed sanctions"); *see also* Cal. Evid. Code § 914 ("No person may be held in contempt for failure to disclose information claimed to be privileged *unless* he has failed to comply with an order of a court that he disclose such information.") (emphasis added). Even where a party continues to refuse to disclose the information, however, and a court makes the requisite findings to impose sanctions, "allowing the jury to be informed of the fact of nondisclosure," Fed. R. Civ. P. 37, Adv. Comm. Notes, 1993 Amend., is permissible only "'in those rare cases where there has been clear and sanctionable conduct by one of the parties.'" *Interactive Health LLC v. King Kong USA, Inc.*, No. CV 06-1902-VBF (PLAX), 2008 WL 11342905, at *3 (C.D. Cal. July 23, 2008) (quoting and distinguishing *Network Computing Servs. Corp. v. Cisco Sys., Inc.*, 223 F.R.D. 392, 400 (D.S.C. 2004) (instructing the jury about discovery

conduct where the offending party repeatedly represented that documents did not exist and then manipulated them to make it appear as if they had been produced previously, and the court had imposed monetary sanctions to no avail)); *see also* Edna Selan Epstein, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK-PRODUCT DOCTRINE, at 1276 (5th ed. 2007) ("it is rare indeed to have the court grant sanctions for the assertion of privilege, even when that assertion is not sustained").

If the Federal Circuit rejects Levandowski's appeal of the Court's Stroz-related orders, Uber stands ready to comply fully and produce. Uber has not refused to comply with any court order (as the Federal Circuit stayed the orders requiring production pending appeal), and thus this is not a rare case of egregious nondisclosure in defiance of court orders that might allow a jury instruction. Moreover, Uber had a legitimate and good-faith basis for previously asserting privilege. The resolution of Uber's privilege claims required the Court to make detailed factual findings and distinguish caselaw on a "complicated issue" of "first impression." 6/23 Hr'g Tr. at 40:11-12; *see* Dkts. 566, 685. The Court also rejected Waymo's contention that Uber had claimed privilege for some improper purpose. Dkt. 731 at 3 (rejecting crime-fraud argument); Dkt. 949. In short, there is no permissible basis to impose sanctions or to otherwise allow argument or evidence regarding Uber's assertions of privilege even if those assertions have been overruled by a final court order.

**III. Evidence and Argument About Uber's Privilege Assertions Is Irrelevant And Unduly Prejudicial.**

The fact of Uber's overruled privilege assertions also should be excluded because it is irrelevant to Waymo's claims under Rule 401. Were Waymo to tell the jury that the Court overruled Uber's assertions over the Stroz Report and related documents, that would leave the jury "to speculate why" Uber had claimed privilege. *McKesson Info. Solutions, Inc. v. Bridge Medical, Inc.*, 434 F.Supp.2d 810, 812 (E.D. Cal. 2006). The only reason for Waymo to introduce such evidence would be to invite the jury to speculate that Uber had a nefarious purpose in asserting privilege, and to draw an impermissible inference against Uber. Such evidence has no probative value, but only risks forbidden speculation and inference. *See id.*; Dkt. 641 at 2 (citing caselaw).

3
DEFENDANTS' RENEWED MOTION *IN LIMINE* NO. 2
CASE NO. 3:17-CV-00939-WHA

Even if Uber's privilege assertions were somehow relevant, that relevance would be vastly outweighed by unfair prejudice to Uber, and should be excluded under Rule 403. Putting this evidence to the jury would require a mini-trial into Uber's counsel's decisions to assert privilege over each document subject to the Court's orders. *See Holland v. City of San Francisco*, No. C10-2603 THE, 2013 WL 1632661, at *3 (N.D. Cal. Apr. 16, 2013) (excluding evidence that would require a "mini trial . . . to provide sufficient proof to the jury"). "Such a penalty for invocation of the privilege would have seriously harmful consequences," *Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 226 (2d Cir. 1999) *abrogated on other grounds by Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418 (2003), regardless of whether the privilege invocation was rejected by a final order.

Finally, if the Court informs the jury about Uber's privilege assertions, the Court should not permit evidence and argument by Waymo, but instead should issue a jury instruction setting forth the pertinent facts and cautioning the jury not to draw any negative inferences. In fairness, the Court also should inform the jury about *Waymo*'s overruled privilege assertions, *see* Dkt. 1272, including the fact that Waymo claimed privilege over information contradicting assertions it made in its Amended Complaint and to this Court. *Compare* 5/3 Hr'g Tr. at 5:3-18 (Verhoeven: "This is an extraordinary case of misappropriation of intellectual property.") *and* Dkt. 23 at 3, 11 ("Levandowski took extraordinary efforts to raid Waymo's design server" and download "Waymo's valuable LiDAR designs" and "9.7 GBs of sensitive, secret, and valuable internal Waymo information") *with* Goodman Decl., Ex. 3 at 1-2 (Zbrozek: "It's not particularly surprising that [Levandowski] might check [the 14,000 files] out once . . . Doesn't ring the alarm bells for me"; those files were "considered low-value enough that we had even considered hosting if off of Google infrastructure"); Ex. 4 at 6 (Gorman, Waymo outside counsel: the 14,000 "aren't the crown jewels").

**IV.   Conclusion**

For the foregoing reasons, Uber respectfully requests that the Court reconsider its partial denial of Uber's motion *in limine* as to privilege assertions overruled by a final court order. In the alternative, Uber requests that the Court limit its ruling to instructing the jury on both parties' overruled assertions and cautioning the jury not to draw negative inferences from the assertions.

| | |
|---|---|
| Dated: September 7, 2017 | MORRISON & FOERSTER LLP<br>BOIES SCHILLER FLEXNER LLP<br>SUSMAN GODFREY LLP |
| | By: */s/ Karen L. Dunn*<br>      KAREN L. DUNN |
| | Attorneys for Defendants<br>UBER TECHNOLOGIES, INC. and<br>OTTOMOTTO LLC |
| | By: */s/ Neel Chatterjee*<br>      NEEL CHATTERJEE |
| | Attorneys for Defendant<br>OTTO TRUCKING LLC |

**ATTESTATION OF E-FILED SIGNATURE**

I, Karen L. Dunn, am the ECF User whose ID and password are being used to file this Motion *in Limine*. In compliance with General Order 45, X.B., I hereby attest that Neel Chatterjee has concurred in this filing.

*/s/ Karen L. Dunn*
Karen L. Dunn