MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel:   415.268.7000 / Fax:   415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P. M. HUME
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Tel:   202.237.2727 / Fax:   202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.:  212.336.8330 / Fax.:  212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>              Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF MARTHA L. GOODMAN IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL MOTION *IN LIMINE* NO. 22 AND WAYMO'S BRIEF IN OPPOSITION THERETO**<br><br>Judge:    The Honorable William Alsup<br>Trial Date: October 10, 2017 |

I, Martha L. Goodman, declare as follows:

1. I am an attorney with the law firm of Boies Schiller Flexner LLP representing Defendants Uber Technologies Inc. and Ottomotto LLC (collectively, "Uber") in this matter. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Defendants' administrative motion for an order to file under seal portions of the briefing and certain exhibits to Defendants' Motions *in Limine* No. 22 and Waymo's Brief in Opposition to Defendants' Motions *in Limine* No. 22.

2. I have reviewed the following exhibits and only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| **DEFENDANTS' OPENING MIL MATERIALS** | | |
| Defendants' Motion *in Limine* No. 22 ("MIL 22") | Highlighted Portions | Defendants (blue) |
| Exhibit 6 | Entire Document | Third-Party Benchmark Capital Partners; Defendants (blue) |
| Exhibit 13 | Highlighted Portions | Defendants (blue) |
| **WAYMO'S OPPOSITION MATERIALS** | | |
| Plaintiff Waymo LLC's Opposition to Defendants' Motion In Limine No. 24 ("Waymo's Opposition to Defendants' MIL 22") | Highlighted Portions | Defendants (blue) |
| Exhibit 1 to the Declaration of Jeff Nardinelli ("Nardinelli Decl.") | Highlighted Portions | Defendants (blue) |

**DEFENDANTS' MIL MATERIALS**

3. The highlighted portions of MIL 22 and of Exhibit 13, contain confidential or highly confidential information regarding Uber's LiDAR development and autonomous vehicle business strategy and information about Uber's internal deliberative processes regarding the same. This information is not publicly known, and its confidentiality is strictly maintained. Disclosure of this information could allow competitors to obtain a competitive advantage over Uber by giving them details into Uber's internal development of LiDAR and business plans for autonomous ridesharing, which would allow competitors to understand Uber's LiDAR development and autonomous vehicle

1  business strategy, and allow them to tailor their own strategy. If such information were made public,
2  Uber's competitive standing could be significantly harmed.

3      4.    The highlighted portions of Exhibits 6 and 13 also contain Uber employee names and
4  confidential information regarding Uber's former CEO, the disclosure of which would threaten the
5  privacy of individuals at a company that is currently the subject of extensive media coverage.

## WAYMO'S OPPOSITION MATERIALS

7      5.    The blue highlighted portions of Waymo's Opposition to Defendants' MIL 22 and
8  Exhibit 1 to the Nardinelli Declaration contain confidential or highly confidential information
9  regarding Uber's LiDAR development and autonomous vehicle business strategy and information
10 about Uber's internal deliberative processes regarding the same.  This information is not publicly
11 known, and its confidentiality is strictly maintained.  Disclosure of this information could allow
12 competitors to obtain a competitive advantage over Uber by giving them details into Uber's internal
13 development of LiDAR and business plans for autonomous ridesharing, which would allow
14 competitors to understand Uber's LiDAR development and autonomous vehicle business strategy, and
15 allow them to tailor their own strategy. If such information were made public, Uber's competitive
16 standing could be significantly harmed. The blue highlighted portions of Exhibit 1 also contain Uber
17 employee names and confidential information regarding Uber's former CEO, the disclosure of which
18 would threaten the privacy of individuals at a company that is currently the subject of extensive media
19 coverage.

20     ***

22     6.    Uber's request to seal is narrowly tailored to the portions of Defendants' motions
23 *in limine* and its supporting papers, as well as to the portions of Waymo's briefs in opposition to
24 Defendants' motions in limine and Waymo's supporting papers, that merit sealing.

25     I declare under penalty of perjury that the foregoing is true and correct.  Executed this
26 13th day of September, 2017 at Washington, D.C.

| | |
|---|---|
| Dated: September 13, 2017 | BOIES SCHILLER FLEXNER LLP |
| | By: /s/ _____ |
| | Martha L. Goodman |

**ATTESTATION OF E-FILED SIGNATURE**

I, Karen L. Dunn, am the ECF User whose ID and password are being used to file this document. In compliance with General Order 45, X.B., I hereby attest that Martha L. Goodman has concurred in this filing.

Dated: September 13, 2017

*/s/ Karen L. Dunn*
Karen L. Dunn