1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Tel:   415.268.7000 / Fax:   415.268.7522
5
   KAREN L. DUNN (*Pro Hac Vice*)
6  kdunn@bsfllp.com
   HAMISH P. M. HUME
7  hhume@bsfllp.com
   BOIES SCHILLER FLEXNER LLP
8  1401 New York Avenue, N.W.
   Washington, D.C.  20005
9  Tel:   202.237.2727 / Fax:   202.237.6131

10  WILLIAM CARMODY (*Pro Hac Vice*)
    bcarmody@susmangodfrey.com
11  SUSMAN GODFREY LLP
    1301 Avenue of the Americas, 32nd Floor
12  New York, NY 10019-6023
    Tel.:   212.336.8330 / Fax.:   212.336.8340
13

14  Attorneys for Defendants
    UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC
15
    NEEL CHATTERJEE (SBN 173985)
16  nchatterjee@goodwinlaw.com
    GOODWIN PROCTER LLP
17  135 Commonwealth Drive
    Menlo Park, California 94025
18  Tel.:   650.752.3100 / Fax.:   650.853.1038

19  Attorneys for Defendant OTTO TRUCKING LLC

20                      UNITED STATES DISTRICT COURT
21                     NORTHERN DISTRICT OF CALIFORNIA
                              SAN FRANCISCO DIVISION
22

| WAYMO LLC, | Case No. 3:17-cv-00939-WHA |
|---|---|
| Plaintiff, | **DEFENDANTS' MOTION *IN LIMINE* NO. 22 TO EXCLUDE EVIDENCE REGARDING BENCHMARK LAWSUIT AND TESTIMONY OF BILL GURLEY** |
| v. | |
| UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | Judge:  The Honorable William Alsup<br>Trial Date: October 10, 2017 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1    Defendants move *in limine* to exclude (i) evidence and argument regarding the suit filed
2    by Benchmark Capital Partners ("Benchmark"), an Uber investor, against Uber's former CEO,
3    Travis Kalanick; (ii) the testimony of Uber's former board member, Bill Gurley, to the extent it is
4    based on anything other than personal knowledge, and (iii) Gurley's speculative testimony about
5    what Benchmark would or would not have done had it known about the Stroz report.

**I.     Introduction**

On August 10, 2017, Benchmark filed a lawsuit against Kalanick in Delaware Chancery Court. Ex. 7, Goodman Decl. Uber was named as a party "for the sole purpose of ensuring that the Court can grant appropriate relief." *Id* at 1. The lawsuit involves an internal dispute regarding Uber's board that has been referred to a confidential arbitration. Ex. 14. Quinn Emanuel, the law firm representing Waymo in this case, filed the motion demanding that the Delaware case be sent to confidential arbitration. Ex. 16. That motion characterized the Benchmark complaint as an "inflammatory lawsuit publicly maligning Uber's founder" and part of an effort to "garner enormous publicity and vilify Kalanick." *Id*. at 2, 6. Before the lawsuit was sent to arbitration, in its 38-page complaint, Benchmark alleged Kalanick "failed to disclose his gross mismanagement and other misconduct at Uber." Ex. 7 ¶ 5. The complaint cites several examples, including allegations regarding "the Waymo Litigation," *id*. ¶¶ 31-40, the "India Rape Incident," *id*. ¶¶ 41-46, "Sexual Harassment and Gender Discrimination," *id*. ¶¶ 47-53, "Greyball," *id*. ¶¶ 54-57, and an unidentified "host of other inappropriate and unethical directives issued by Kalanick," *id*. ¶ 5.

On the same day Quinn filed a motion to send the Benchmark suit to arbitration, it was trying to capitalize on this internal, confidential dispute by deposing Bill Gurley. There, with the Benchmark complaint as an exhibit, Quinn lawyers asked Gurley questions about Benchmark's allegations related to the Waymo lawsuit and framed questions using the allegations of the Benchmark complaint as reference. Gurley made clear throughout his testimony that ***Benchmark's allegations regarding the Waymo litigation are not based on Gurley's personal knowledge***, but are based on ***public filings*** in this lawsuit. Ex. 13, Dep. Tr. 163:1-9; 163:22-25; 166:16-167:1; 171:17-21. Under further questioning regarding Benchmark's allegations, Gurley also offered speculative testimony about what Benchmark would or would not have done had it

1

known about the Stroz report. *Id*. at 160:3-19.

## II. Evidence and Argument Related to Benchmark's Lawsuit Against Kalanick Must Be Excluded under Federal Rules of Evidence 402 and 403.

*First*, the Benchmark complaint is littered with references to a number of well-publicized matters unrelated to this lawsuit. Any evidence of the Benchmark lawsuit must be excluded under the Court's prior ruling that events garnering media attention for Uber are excluded. 6/29/17 Hr'g Tr. 4:8-13; *see also* Dkt. 641. Benchmark's complaint is largely predicated on alleged misstatements and omissions about such already-excluded events. Ex. 7 ¶¶ 30, 41-46 (India rape incident); ¶¶ 47-53 (sexual harassment, gender discrimination); ¶¶ 54-57 (Greyball).

*Second*, to the extent the Benchmark suit is predicated upon allegations and public filings in this lawsuit, that is not evidence based on personal knowledge relevant to any issue in this case. Gurley made explicit that the allegations in the Benchmark complaint with any connection to this case are based on matters in the public record, *i.e.*, the public filings in this case. He explained, "This particular complaint was based on all that information that was in the public record." Ex. 13 at 171:17-18; *id.* at 166:16-18. The existence of the Benchmark lawsuit, as well as its allegations connected to this case, have no relevance here because *what the suit alleges* about what Kalanick or other Uber executives disclosed to the Board does not make it more or less probable that Uber misappropriated any of Waymo's alleged trade secrets. Fed. R. Evid. 402; *In re Homestore.com, Inc.*, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (excluding evidence of party's "involvement in other litigation" as irrelevant); *Pac. Select Fund v. Bank of New York Mellon*, 2012 WL 12886495, at *7 (C.D. Cal. July 2, 2012) (excluding evidence of defendants' involvement in other lawsuits as "irrelevant"); *Kurtz v. Allstate Ins. Co.*, 2010 WL 11515428, at *4 (C.D. Cal. Dec. 3, 2010) ("Evidence of other litigation . . . is irrelevant to the claims at issue in this case."). Benchmark's allegations are simply that – allegations – not facts, and do not and cannot support any element of Waymo's claims. *Cf. Burbach Aquatics, Inc. v. City of Elgin, Ill.*, 2011 WL 148394, at *2 (N.D. Ill. Jan. 18, 2011) ("[T]he outcome of a lawsuit cannot be used in subsequent suits as evidence of underlying facts"; excluding evidence thereof).

*Third*, any reference to the Benchmark suit would unfairly prejudice Uber, would confuse

the issues for the jury, and would waste the Court's and jury's time. The only reason for Waymo to reference the suit would be to improperly influence the jury or taint Kalanick and, by extension, Uber. In doing so, however, Waymo would be asking the jury to credit Benchmark's allegations, which in turn are largely based on Waymo's attorney arguments in this case. Fed. R. Evid. 403; *In re Homestore.com*, 2011 WL 291176, at *1 (excluding evidence of other litigations for carrying "a high risk of prejudice"). If Waymo is allowed to present such evidence, Uber would need to introduce rebuttal evidence, including regarding the merits of the now private and confidential Benchmark suit, inaccuracies in the complaint, and Benchmark's motivations in filing the complaint, all of which would amount to a mini-trial on the merits of that case. Such evidence would also include that other Uber shareholders have vigorously opposed the suit and criticized Benchmark's conduct in making this private dispute public. *E.g.*, Dan Primack, *Uber shareholder group wants Benchmark off board*, Axios (Aug. 11, 2017), https://www.axios.com/exclusive-uber-shareholder-group-wants-benchmark-off-board-2471805592.html; *see also Real v. City of Long Beach*, 2015 WL 12745790, at *3 (C.D. Cal. Sept. 18, 2015) (excluding under Rule 403 results of an investigation because "such mini-trials on insignificant matters would only divert the jury's attention away from material issues"). Such a mini-trial would distract from the issues in this case, confuse the jury, disturb the confidential arbitration, and waste the time and resources the Court and jury will dedicate to this trial.

**III.   Gurley's Testimony Must Be Limited To Relevant Topics Based On His Personal Knowledge, Without Reference to the Allegations of the Benchmark Suit.**

Gurley made clear that his personal knowledge of the facts of this case is very limited. *See* Fed. R. Evid. 602. He has no personal knowledge of most of the events that gave rise to Waymo's claims. He has not talked to Levandowski and does not know about the technology at issue. Ex. 13 at 132:1-5; 35:9-13. His personal knowledge is limited based on what he knows from his role as an Uber board member prior to his June 2017 resignation. *Id.* at 26:12-13; 174:25-175:12.

As to events to which Gurley may testify that are not based on Waymo's allegations in this case, Gurley's deposition testimony was of questionable foundation and has no relevance to the issues to be tried. On the subject of Levandowski's termination, for example, Gurley did not

1  have a direct conversation with Kalanick (the final decision maker), Ex. 13 at 83:13-19; 102:24-
2  103:9, and could not recall details of board meetings about that topic, *id*. at 84:12-18; 94:14-24.
3       Likewise, Gurley's testimony about Kalanick's resignation has even less relevance and
4  would cause even greater prejudice to Uber. ████████████████████████████████████████
5  ████████████████████████████ *id*. at 144:12-17; 152:3-25, so his testimony would be
6  hearsay within hearsay. Moreover, ██████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████████████████████
8  ████s, and those other issues are excluded under the Court's prior ruling discussed above. *Id.*
9  at 145:16-23. Kalanick's resignation has no relevance to whether Uber misappropriated Waymo's
10 alleged trade secrets, and Waymo would offer such evidence to paint its former CEO in a bad
11 light and to suggest the jury draw a negative inference against Uber based on a single reference to
12 this case in a two-page letter (that is itself hearsay and excludable on that basis). Evidence of
13 Kalanick resigning has no probative value, would mislead the jury, and take up valuable time.

14 **IV.  Gurley's Speculation About What Benchmark Would Or Would Not Have Done Had It Known About The Stroz Report Should Be Excluded.**
15
16      At deposition, Gurley offered purely speculative testimony, made with reference to the
17 allegations of the Benchmark lawsuit, that Benchmark would "never have approved the
18 transaction had it known about the Stroz Report." Ex. 13 at 160:3-19. But the Stroz report was
19 not issued until August 2016, five months after the Uber board approved the Otto transaction on
20 April 11, 2016. Such speculative testimony about what Benchmark might have done had it know
21 about a report that did not exist at the time of approving the transaction has zero probative value.
22 Further, the unfair prejudice to Uber from this testimony is obvious: the jury will be left with an
23 impression of the Stroz report based on Gurley's (clearly biased) reading, potentially without
24 having the benefit of being able to review the report themselves if the Federal Circuit reverses, or
25 hear Uber's response to Gurley's statements or characterization. *United States v. Clausen*, 241 F.
26 App'x 424, 425–26 (9th Cir. 2007) (affirming exclusion of speculative testimony under Rule
27 403); *Mims v. Fed. Express Corp.*, 2015 WL 12711651, at *13 (C.D. Cal. Jan. 15, 2015) (granting
28 motion *in limine* to exclude "speculative testimony" not based on personal knowledge).

| | | |
|---|---|---|
| 1 | Dated: September 7, 2017 | MORRISON & FOERSTER LLP |
| 2 | | BOIES SCHILLER FLEXNER LLP |
| | | SUSMAN GODFREY LLP |

By: */s/ Karen L. Dunn*
     KAREN L. DUNN

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and
OTTOMOTTO LLC


GOODWIN PROCTER LLP

By: */s/Neel Chatterjee*
     NEEL CHATTERJEE

Attorneys for Defendant
OTTO TRUCKING LLC

**ATTESTATION OF E-FILED SIGNATURE**

I, Karen L. Dunn, am the ECF User whose ID and password are being used to file this Motion *in Limine*. In compliance with General Order 45, X.B., I hereby attest that Neel Chatterjee has concurred in this filing.

*/s/ Karen L. Dunn*
Karen L. Dunn