# EXHIBIT 3

| | |
|---|---|
| **From:** | David Perlson |
| **Sent:** | Wednesday, June 28, 2017 6:46 PM |
| **To:** | UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); DG-GPOttoTruckingWaymo@goodwinlaw.com; John Cooper (JCooper@fbm.com); Matthew Cate (MCate@fbm.com) |
| **Cc:** | QE-Waymo |
| **Subject:** | Waymo v. Uber Deposition Scheduling |

John and counsel,

As part of our continuing efforts to work cooperatively and proactively on deposition scheduling to avoid disputes and to get depositions done in a timely manner, we suggest the parties exchange a list of remaining witnesses they presently intend to depose with the goal of working together on a schedule for these depositions within the next week.  Exchange of these lists, and the planning of these depositions now, would be without prejudice to making revisions to the lists based upon information, including identification of people whose relevant knowledge a party is not aware of, learned in discovery or otherwise, including but not limited to: further supplemental Initial Disclosures, document productions, responses to Interrogatories and Requests for Admission, and deposition testimony.  Obviously, the production of the Due Diligence report could impact whom Waymo deposes, and may warrant depositions of one or all of the witnesses that Defendants have identified as have received the Due Diligence Report and/or its exhibits.  Additionally, we note that Defendants have identified over seventy-five potential witnesses in their disclosures, and that Judge Alsup has indicated that "everyone of those people [on Defendants' Initial Disclosures] ought to be deposed."  (6/7/2016 Hearing Tr. at 68:24-25.)  However, we do not want to waste the parties' and witnesses' time on witnesses that are not relevant and whom Defendants do not intend to call at trial.  We suggest the parties discuss how to address this on our next meet and confer.

To get the ball rolling on this process the following is the list of additional the witnesses whose depositions Waymo presently intends to take.  Please provide your list tomorrow afternoon so we can work on getting the remaining depositions scheduled.

| Deponent | Location |
|---|---|
| Uber (30(b)(6)) | San Francisco |
| Otto Trucking (30(b)(6)) | San Francisco |
| Ottomotto (30)(b)(6) | San Francisco |
| Radu Raduta | San Francisco |
| John Bares | Pittsburgh |
| Daniel Gruver | San Francisco |
| Don Burnette | San Francisco |
| James Haslim | San Francisco |
| Soren Juelsgaard | San Francisco |
| Colin Sebern | San Francisco |
| Scott Boehmke | Pittsburgh |
| Eric Friedberg | New York |
| Lior Ron | San Francisco |
| Stefanie Olsen | San Francisco |
| Rudy Kim | San Francisco |
| Bill Gurley | San Francisco |
| Jeff Holden | San Francisco |

| Deponent | Location |
|---|---|
| Gaetan Pennecot | San Francisco |
| Cameron Poetzscher | San Francisco |
| Nina Qi | San Francisco |

David



David Perlson
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Direct: (415) 875-6344
Main Phone: (415) 875-6600
Main Fax:  (415) 875-6700
E-mail: davidperlson@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.