# EXHIBIT 1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
1                UNITED STATES DISTRICT COURT
2              NORTHERN DISTRICT OF CALIFORNIA
3                    SAN FRANCISCO DIVISION
4
5   WAYMO LLC,
6          Plaintiff,
7   vs.                               Case No.
8   UBER TECHNOLOGIES, INC.;          3:17-cv-00939-WHA
9   OTTOMOTTO LLC; OTTO TRUCKING,
10  INC.,
11         Defendants.
12  _____/
13
14      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
15
16    VIDEOTAPED DEPOSITION OF ANTHONY LEVANDOWSKI
17              SAN FRANCISCO, CALIFORNIA
18               TUESDAY, AUGUST 22, 2017
19
20
21  BY:  ANDREA M. IGNACIO, CSR, RPR, CRR, CCRR, CLR ~
22  CSR LICENSE NO. 9830
23  JOB NO. 2684906
24
25  PAGES 1 - 302
```

Page 1

| | | |
|---|---|---|
| 1 | my counsel, I respectfully decline to answer, and I | 18:04 |
| 2 | assert the rights guaranteed to me under the Fifth | 18:04 |
| 3 | Amendment to the Constitution of the United States. | 18:04 |
| 4 |       MS. DUNN:  Q.  Mr. Levandowski, if you told | 18:04 |
| 5 | the truth about what you did, that would make clear | 18:04 |
| 6 | that your downloading while at Google had nothing to | 18:04 |
| 7 | do with Uber; correct? | 18:04 |
| 8 |       MR. PERLSON:  Objection; form. | 18:04 |
| 9 |       THE WITNESS:  On the advice and direction of | 18:04 |
| 10 | my counsel, I respectfully decline to answer, and I | 18:04 |
| 11 | assert the rights guaranteed to me under the Fifth | 18:04 |
| 12 | Amendment to the Constitution of the United States. | 18:04 |
| 13 |       MS. DUNN:  Q.  But you would not cooperate | 18:04 |
| 14 | with Uber's investigation in this case; right? | 18:04 |
| 15 |       MR. EHRLICH:  Object to form. | 18:04 |
| 16 |       MR. PERLSON:  Objection.  I think I asked | 18:04 |
| 17 | that question and got an instruction from earlier, but | 18:04 |
| 18 | maybe I'm misremembering.  Go ahead and ask that | 18:04 |
| 19 | question. | 18:04 |
| 20 |       But you ask him that -- if you ask him that | 18:04 |
| 21 | question, everything involved in terms of your -- of | 18:05 |
| 22 | his involvement in the investigation you've waived, | 18:05 |
| 23 | because you're -- you are now -- by asking that | 18:05 |
| 24 | question, you are now eliciting the same information | 18:05 |
| 25 | that you've been not allowing us to go into for weeks | 18:05 |

| | | |
|---|---|---|
| 1 | and weeks.  But go ahead. | 18:05 |
| 2 |     MS. DUNN:  David -- | 18:05 |
| 3 |     MR. RADKE:  I'll go ahead and instruct not to | 18:05 |
| 4 | answer to the extent that this would involve | 18:05 |
| 5 | communication protected by the common interest | 18:05 |
| 6 | privilege. | 18:05 |
| 7 |     MS. DUNN:  That's fine. | 18:05 |
| 8 |     MR. EHRLICH:  And I would join into that | 18:05 |
| 9 | instruction. | 18:05 |
| 10 |     But, to the extent you can answer the | 18:05 |
| 11 | question without reference to communications with any | 18:05 |
| 12 | counsel, or common interest protected discussions, you | 18:05 |
| 13 | can give your answer. | 18:05 |
| 14 |     THE WITNESS:  On the advice and direction of | 18:05 |
| 15 | my counsel, I respectfully decline to answer, and I | 18:05 |
| 16 | assert the rights guaranteed to me under the | 18:05 |
| 17 | Fifth Amendment to the Constitution of the United | 18:05 |
| 18 | States. | 18:05 |
| 19 |     MS. DUNN:  I want to put one thing on the | 18:06 |
| 20 | record, which is, David, I don't -- I don't think I | 18:06 |
| 21 | instructed on this question, first of all. | 18:06 |
| 22 |     And second of all, in the letter terminating | 18:06 |
| 23 | Mr. Levandowski, it explains that he did not cooperate | 18:06 |
| 24 | with Uber's investigation in this case. | 18:06 |
| 25 |     And I think that that is just one | 18:06 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
1           UNITED STATES DISTRICT COURT
2          NORTHERN DISTRICT OF CALIFORNIA
3             SAN FRANCISCO DIVISION
4
5   WAYMO LLC,
6        Plaintiff,
7   vs.                          Case No.
8   UBER TECHNOLOGIES, INC.;     3:17-cv-00939-WHA
9   OTTOMOTTO LLC; OTTO TRUCKING,
10  INC.,
11       Defendants.
12  _____/
13
14      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
15
16    VIDEOTAPED DEPOSITION OF ANTHONY LEVANDOWSKI
17              SAN FRANCISCO, CALIFORNIA
18              TUESDAY, AUGUST 22, 2017
19
20
21  BY:  ANDREA M. IGNACIO, CSR, RPR, CRR, CCRR, CLR ~
22  CSR LICENSE NO. 9830
23  JOB NO. 2684906
24
25  PAGES 1 - 302
```

Page 1

| | | |
|---|---|---|
| 1 | the... | 18:37 |
| 2 |     I'm going to instruct the witness not to | 18:37 |
| 3 | answer to the extent to which the -- it would call for | 18:37 |
| 4 | privileged communications. | 18:37 |
| 5 |     To the extent it doesn't, of course, as | 18:37 |
| 6 | always, he's free to answer. | 18:37 |
| 7 |     THE WITNESS:  On the advice and direction of | 18:37 |
| 8 | my counsel, I respectfully decline to answer, and I | 18:37 |
| 9 | assert the rights guaranteed to me under the Fifth | 18:37 |
| 10 | Amendment to the Constitution of the United States. | 18:38 |
| 11 |     MR. PERLSON:  Q.  Tell me everything that | 18:38 |
| 12 | you've done to cooperate with Uber's investigation in | 18:38 |
| 13 | relation to this litigation. | 18:38 |
| 14 |   A  On the advice and direction of my counsel, I | 18:38 |
| 15 | respectfully decline to answer, and I assert the | 18:38 |
| 16 | rights guaranteed to me under the Fifth Amendment to | 18:38 |
| 17 | the Constitution of the United States. | 18:38 |
| 18 |   Q  Was there anything that Uber's lawyers asked | 18:38 |
| 19 | you to do in relation to Uber's investigation, in | 18:38 |
| 20 | relation to this litigation, that you actually did? | 18:38 |
| 21 |   A  On the advice and direction of my counsel, I | 18:38 |
| 22 | respectfully decline to answer, and I assert the | 18:38 |
| 23 | rights guaranteed to me under the Fifth Amendment to | 18:38 |
| 24 | the Constitution of the United States. | 18:38 |
| 25 |   Q  Was -- what specifically did you tell Uber | 18:38 |

| | | |
|---|---|---|
| 1 | you would not do in relation to Uber's investigation | 18:38 |
| 2 | in relation to this litigation? | 18:39 |
| 3 |     A   On -- | 18:39 |
| 4 |         MR. EHRLICH:  I'm going to object here, | 18:39 |
| 5 | again, based on the common interest privilege. | 18:39 |
| 6 |         So, I'm going to instruct you not to give an | 18:39 |
| 7 | answer relating to any communications to Uber counsel | 18:39 |
| 8 | in connection with the litigation. | 18:39 |
| 9 |         MR. RADKE:  Otto Trucking joins the | 18:39 |
| 10 | instruction. | 18:39 |
| 11 |         MR. EHRLICH:  But outside of that, to the | 18:39 |
| 12 | extent they're not privileged communications, you can | 18:39 |
| 13 | answer. | 18:39 |
| 14 |         MS. DUNN:  Yeah, and I also will instruct to | 18:39 |
| 15 | the extent that they're privileged communications, to | 18:39 |
| 16 | not reveal the content. | 18:39 |
| 17 |         But, to the extent that there are | 18:39 |
| 18 | non-privileged communications, the witness is free to | 18:39 |
| 19 | answer. | 18:39 |
| 20 |         MR. PERLSON:  Well, what's the line there? | 18:39 |
| 21 |         MS. DUNN:  It's not what this -- I mean, I -- | 18:39 |
| 22 | my instruction is proper. | 18:39 |
| 23 |         MR. PERLSON:  Are there -- well, let me ask | 18:39 |
| 24 | you this:  Are there any conversations that occurred | 18:39 |
| 25 | with lawyers that wouldn't be privileged that he could | 18:39 |

| | | |
|---|---|---|
| 1 | answer the question about that wouldn't be subject to | 18:39 |
| 2 | that instruction? | 18:39 |
| 3 |     MS. DUNN: I -- David, your questions should | 18:39 |
| 4 | be to the witness. | 18:39 |
| 5 |     MR. PERLSON: Well, I don't think it's | 18:39 |
| 6 | possible for him to comply with the -- the scope of it | 18:40 |
| 7 | the way that you've framed it. | 18:40 |
| 8 |     MS. DUNN: I think that's -- | 18:40 |
| 9 |     MR. PERLSON: Perhaps you should talk with | 18:40 |
| 10 | him about it. | 18:40 |
| 11 |     MS. DUNN: I think I've -- I have made my | 18:40 |
| 12 | instruction. His -- | 18:40 |
| 13 |     MR. PERLSON: Are there -- | 18:40 |
| 14 |     MS. DUNN: He doesn't look as confused as you | 18:40 |
| 15 | look. | 18:40 |
| 16 |     MR. PERLSON: Did you have any -- well, I | 18:40 |
| 17 | think his job is a little easier here today than -- | 18:40 |
| 18 | than mine. | 18:40 |
| 19 |   Q  But the -- the -- the -- did you have any | 18:40 |
| 20 | communications -- okay. | 18:40 |
| 21 |     Well, let me -- let me ask you this: Are | 18:40 |
| 22 | there any conversations -- well, that's -- that's what | 18:40 |
| 23 | I asked you, that you objected to. | 18:40 |
| 24 |     What specifically did Uber's lawyers tell you | 18:40 |
| 25 | to do in relation to Uber's investigation, in relation | 18:40 |

```
 1  to this litigation, that you refused to do?              18:40
 2          MS. DUNN:  Same instruction.                     18:40
 3          MR. EHRLICH:  I think that that squarely         18:40
 4  implicates privilege.  So I'm going to instruct the      18:41
 5  client not to answer.                                    18:41
 6          MR. RADKE:  Otto Trucking joins.                 18:41
 7          MR. PERLSON:  Okay.  I'm done for today,         18:41
 8  subject to the various privilege issues and all the      18:41
 9  other discovery issues out there that have yet to be     18:41
10  resolved.                                                18:41
11          MS. DUNN:  I have only one additional            18:41
12  question.                                                18:41
13          MR. PERLSON:  Okay.  Do you want to just ask     18:41
14  it there, or do you want to switch?                      18:41
15          MS. DUNN:  I can ask it from here.               18:41
16          But you should look at the camera --             18:41
17          THE WITNESS:  Okay.  I'll look at the camera.    18:41
18          MS. DUNN:  -- so that we don't mess you up.      18:41
19          THE WITNESS:  I'll pretend that you're asking    18:41
20  the question.                                            18:41
21                                                           18:41
22                  FURTHER EXAMINATION                      18:41
23  BY MS. DUNN:                                             18:41
24      Q   Mr. Levandowski, do you recall that              18:41
25  Mr. Perlson asked you about the relevance of the         18:41
```

Veritext Legal Solutions
866 299-5127