# EXHIBIT 56

## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1            UNITED STATES DISTRICT COURT
 2          NORTHERN DISTRICT OF CALIFORNIA
 3              SAN FRANCISCO DIVISION
 4
 5  WAYMO LLC,
 6         Plaintiff,
 7  vs.                              Case No.
 8  UBER TECHNOLOGIES, INC.;         3:17-cv-00939-WHA
 9  OTTOMOTTO LLC; OTTO TRUCKING,
10  INC.,
11         Defendants.
12  _____/
13
14      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
15
16    VIDEOTAPED DEPOSITION OF ANTHONY LEVANDOWSKI
17             SAN FRANCISCO, CALIFORNIA
18              TUESDAY, AUGUST 22, 2017
19
20
21  BY:  ANDREA M. IGNACIO, CSR, RPR, CRR, CCRR, CLR ~
22  CSR LICENSE NO. 9830
23  JOB NO. 2684906
24
25  PAGES 1 - 302
```

Page 1

| | | |
|---|---|---|
| 1 | question. | 15:06 |
| 2 | THE REPORTER: 636. | 15:07 |
| 3 | (Document marked Exhibit 636 | 15:07 |
| 4 | for identification.) | 15:07 |
| 5 | MR. PERLSON: You've been handed what's been | 15:07 |
| 6 | marked as Exhibit 636, WAYMO-UBER-33638 to '39. | 15:07 |
| 7 | Q   You see this is an invi- -- invitation to a | 15:08 |
| 8 | Chauffeur plan update on November 17, 2015?  You see | 15:08 |
| 9 | that? | 15:08 |
| 10 | A   I see that's what it says, yeah. | 15:08 |
| 11 | Q   Okay.  And at this meeting, do you recall | 15:08 |
| 12 | Chris Urmson announcing the valuation of Project | 15:08 |
| 13 | Chauffeur? | 15:08 |
| 14 | A   On the advice and direction of my counsel, I | 15:08 |
| 15 | respectfully decline to answer, and I assert the | 15:08 |
| 16 | rights guaranteed to me under the Fifth Amendment to | 15:08 |
| 17 | the Constitution of the United States. | 15:08 |
| 18 | Q   You see on the second page, you're the | 15:08 |
| 19 | second-to-last person that was invited, or at least | 15:08 |
| 20 | second-to-last person on the list of those invited? | 15:08 |
| 21 | A   Yeah, I see my name on there. | 15:09 |
| 22 | Q   And at that meeting, isn't it correct that | 15:09 |
| 23 | Chris Urmson announced to the team that the valuation | 15:09 |
| 24 | was ▮▮▮▮▮▮▮▮? | 15:09 |
| 25 | MS. DUNN:  Objection to form. | 15:09 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | MR. RADKE: Join. | 15:09 |
| 2 | THE WITNESS: On the advice and direction of | 15:09 |
| 3 | my counsel, I respectfully decline to answer, and I | 15:09 |
| 4 | assert the rights guaranteed to me under the Fifth | 15:09 |
| 5 | Amendment to the Constitution of the United States. | 15:09 |
| 6 | THE REPORTER: 637. | 15:09 |
| 7 | (Document marked Exhibit 637 | 15:09 |
| 8 | for identification.) | 15:09 |
| 9 | MR. PERLSON: You've been handed what's been | 15:09 |
| 10 | marked as Exhibit 637, WAYMO-UBER-33665. | 15:09 |
| 11 | Q   Do you see, this is an e-mail from Chris | 15:10 |
| 12 | Urmson?  You see that? | 15:10 |
| 13 | A   I do see that. | 15:10 |
| 14 | Q   And you see on the third line down, you are | 15:10 |
| 15 | listed as a recipient of the e-mail? | 15:10 |
| 16 | A   Yep. | 15:10 |
| 17 | Q   And it indicates the sent time of this e-mail | 15:10 |
| 18 | is Saturday, December 5th, 2015. | 15:10 |
| 19 | Do you see that? | 15:10 |
| 20 | A   I see that. | 15:10 |
| 21 | Q   And it says: | 15:10 |
| 22 | "Gang, we've got a signed agreement.  We have | 15:10 |
| 23 | agreed to a ( ▮▮▮▮▮▮▮ ) valuation.  Google will be | 15:10 |
| 24 | making the first payout on December 31st, and it will | 15:10 |
| 25 | include the contribution from your 2015 annual bonus. | 15:10 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | Congratulations." | 15:10 |
| 2 |     Do you see that? | 15:10 |
| 3 | A  I see that. | 15:10 |
| 4 | Q  So, this e-mail from Mr. Urmson on | 15:11 |
| 5 | December 5th, 2015, doesn't give any indication that | 15:11 |
| 6 | your bonus would be at risk; does it? | 15:11 |
| 7 |     MS. DUNN:  Form. | 15:11 |
| 8 |     MR. RADKE:  Join. | 15:11 |
| 9 |     THE WITNESS:  On the advice and direction of | 15:11 |
| 10 | my counsel, I respectfully decline to answer, and I | 15:11 |
| 11 | assert the rights guaranteed to me under the Fifth | 15:11 |
| 12 | Amendment to the Constitution of the United States. | 15:11 |
| 13 |     MR. PERLSON:  Q.  And so, in fact, it says | 15:11 |
| 14 | that the first payout is going to be December 31st, | 15:11 |
| 15 | less than a month later; right? | 15:11 |
| 16 | A  That's what the e-mail says. | 15:11 |
| 17 | Q  And now, we referred earlier to | 15:11 |
| 18 | December 11th, 2015, which is -- that date is less | 15:12 |
| 19 | than a week after this e-mail from Mr. Urmson. | 15:12 |
| 20 |     Would you agree with that? | 15:12 |
| 21 | A  December 11th is a week -- less than a week | 15:12 |
| 22 | after December 5th, yes. | 15:12 |
| 23 | Q  Okay.  And so the -- when you downloaded | 15:12 |
| 24 | files on December 11, 2015, that was less than a week | 15:12 |
| 25 | after you had received an e-mail from Mr. Urmson | 15:12 |

Page 166

| | | |
|---|---|---|
| 1 | indicating that the first part of the bonus payment | 15:12 |
| 2 | would be paid December 31st; right? | 15:12 |
| 3 |       MS. DUNN:  Form. | 15:12 |
| 4 |       MR. RADKE:  Join. | 15:12 |
| 5 |       THE WITNESS:  On the advice and direction of | 15:12 |
| 6 | my counsel, I respectfully decline to answer, and I | 15:12 |
| 7 | assert the rights guaranteed to me under the Fifth | 15:12 |
| 8 | Amendment to the Constitution of the United States. | 15:12 |
| 9 |       MR. PERLSON:  Q.  As of December 11, 2015, | 15:12 |
| 10 | you had been notified by e-mail that the valuation for | 15:13 |
| 11 | Chauffeur would be [redacted]; is that fair? | 15:13 |
| 12 |       MS. DUNN:  Form. | 15:13 |
| 13 |       MR. RADKE:  Join. | 15:13 |
| 14 |       THE WITNESS:  On the advice and direction of | 15:13 |
| 15 | my counsel, I respectfully decline to answer, and I | 15:13 |
| 16 | assert the rights guaranteed to me under the Fifth | 15:13 |
| 17 | Amendment to the Constitution of the United States. | 15:13 |
| 18 |       MR. PERLSON:  Q.  And of -- and as of | 15:13 |
| 19 | December 11, 2015, you had been notified by e-mail | 15:13 |
| 20 | that the bonus -- first bonus payments would be made | 15:13 |
| 21 | on December 31st, 2015; right? | 15:13 |
| 22 |       MS. DUNN:  Form. | 15:13 |
| 23 |       MR. RADKE:  Join. | 15:13 |
| 24 |       THE WITNESS:  On the advice and direction of | 15:13 |
| 25 | my counsel, I respectfully decline to answer, and I | 15:13 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | assert the rights guaranteed to me under the Fifth | 15:13 |
| 2 | Amendment to the Constitution of the United States. | 15:14 |
| 3 | THE REPORTER:  638. | 15:14 |
| 4 | (Document marked Exhibit 638 | 15:14 |
| 5 | for identification.) | 15:14 |
| 6 | MR. PERLSON:  You've been handed what's been | 15:14 |
| 7 | marked as Exhibit 638, WAYMO-UBER-14099. | 15:14 |
| 8 | Q   You see that there, under "Confidential" and | 15:15 |
| 9 | "Alphabet," it says Anthony Levandowski, Anthony, | 15:15 |
| 10 | Project Chauffeur Plan - Bonus, December 2015. | 15:15 |
| 11 | Do you see that? | 15:15 |
| 12 | A   I see it. | 15:15 |
| 13 | Q   And it refers to -- that your bonus amount | 15:15 |
| 14 | will be $50,617,800. | 15:15 |
| 15 | Do you see that? | 15:15 |
| 16 | A   I see that. | 15:15 |
| 17 | Q   And then it says further down from that, that | 15:15 |
| 18 | you will receive this bonus in your December 31st, | 15:15 |
| 19 | 2015, paycheck. | 15:15 |
| 20 | Do you see that? | 15:15 |
| 21 | A   I see that. | 15:15 |
| 22 | THE REPORTER:  639. | 15:16 |
| 23 | (Document marked Exhibit 639 | 15:16 |
| 24 | for identification.) | 15:16 |
| 25 | MR. PERLSON:  You've been handed Exhibit 639, | 15:16 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | WAYMO-UBER-14449 through '62. | 15:16 |
| 2 | Q   You see that this is a pay statement that | 15:16 |
| 3 | lists your name on it?  You see that? | 15:16 |
| 4 | A   I see that. | 15:16 |
| 5 | Q   And, if you look on the -- a few lines under | 15:16 |
| 6 | your name, it says "Bonus," and then next to it, | 15:17 |
| 7 | "$50,617,800"? | 15:17 |
| 8 | A   I see that. | 15:17 |
| 9 | Q   And that matches the amount in Exhibit 638; | 15:17 |
| 10 | is that right? | 15:17 |
| 11 | A   That's correct. | 15:17 |
| 12 | Q   Now, isn't it correct that, with the | 15:17 |
| 13 | exception of plan participants who had left Google | 15:17 |
| 14 | before then, nobody received bonus payments prior to | 15:17 |
| 15 | December 31st? | 15:17 |
| 16 | MS. DUNN:  Form. | 15:17 |
| 17 | MR. RADKE:  Join. | 15:17 |
| 18 | THE WITNESS:  On the advice and direction of | 15:17 |
| 19 | my counsel, I respectfully decline to answer, and I | 15:17 |
| 20 | assert the rights guaranteed to me under the Fifth | 15:17 |
| 21 | Amendment to the Constitution of the United States. | 15:17 |
| 22 | MR. PERLSON:  Q.  And so you received your | 15:18 |
| 23 | $50-plus million bonus the same time everybody else | 15:18 |
| 24 | did; right? | 15:18 |
| 25 | MS. DUNN:  Form. | 15:18 |

Veritext Legal Solutions
866 299-5127

```
1    right?                                                      18:02
2        A    On the advice and direction of my counsel, I       18:02
3    respectfully decline to answer, and I assert the            18:02
4    rights guaranteed to me under the Fifth Amendment to        18:02
5    the Constitution of the United States.                      18:01
6        Q    And Uber did independently develop the design      18:01
7    in Fuji for ████████████████████████████████ ██████          
8    ██ ████████████████████); isn't that right?                 18:02
9        A    On the advice and direction of my counsel, I       18:02
10   respectfully decline to answer, and I assert the            18:02
11   rights guaranteed to me under the Fifth Amendment to        18:02
12   the Constitution of the United States.                      18:02
13       Q    And Uber did independently develop the ████ ████   
14   ██ ████████████████████████████████); isn't that            18:02
15   right?                                                      18:02
16       A    On the advice and direction of my counsel, I       18:02
17   respectfully decline to answer, and I assert the            18:02
18   rights guaranteed to me under the Fifth Amendment to        18:02
19   the Constitution of the United States.                      18:03
20       Q    And Uber never received information obtained       18:03
21   from Google regarding its LiDAR test scenarios; isn't       18:03
22   that right?                                                 18:03
23       A    On the advice and direction of my counsel, I       18:03
24   respectfully decline to answer -- excuse me -- and I        18:03
25   assert the rights guaranteed to me under the Fifth          18:03
```

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | Amendment to the Constitution of the United States. | 18:03 |
| 2 | Q And, are you aware that Waymo is completely | 18:03 |
| 3 | unable to show any connection between ▓▓▓▓▓▓ and | 18:03 |
| 4 | the 14,000 files that -- that they allege you | 18:03 |
| 5 | downloaded? | 18:03 |
| 6 | MR. PERLSON: Objection; form. | 18:03 |
| 7 | THE WITNESS: On the advice and direction of | 18:03 |
| 8 | my counsel, I respectfully decline to answer, and I | 18:03 |
| 9 | assert the rights guaranteed to me under the Fifth | 18:03 |
| 10 | Amendment to the Constitution of the United States. | 18:03 |
| 11 | MS. DUNN: Okay. | 18:03 |
| 12 | Q And, are you aware that Waymo is also | 18:03 |
| 13 | completely unable to connect the ▓▓▓▓▓▓▓▓ ▓▓ | 18:03 |
| 14 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to the 14,000 | 18:03 |
| 15 | files? | 18:03 |
| 16 | MR. PERLSON: Objection; form. | 18:03 |
| 17 | THE WITNESS: On the advice and direction of | 18:03 |
| 18 | my counsel, I respectfully decline to answer, and I | 18:03 |
| 19 | assert the rights guaranteed to me under the Fifth | 18:03 |
| 20 | Amendment to the Constitution of the United States. | 18:04 |
| 21 | MS. DUNN: Q. And, are you aware that Waymo | 18:04 |
| 22 | is also completely unable to connect its LiDAR test | 18:04 |
| 23 | scenarios with the 14,000 files? | 18:04 |
| 24 | MR. PERLSON: Objection; form. | 18:04 |
| 25 | THE WITNESS: On the advice and direction of | 18:04 |

| | | |
|---|---|---|
| 1 | my counsel, I respectfully decline to answer, and I | 18:04 |
| 2 | assert the rights guaranteed to me under the Fifth | 18:04 |
| 3 | Amendment to the Constitution of the United States. | 18:04 |
| 4 |      MS. DUNN:  Q.  Mr. Levandowski, if you told | 18:04 |
| 5 | the truth about what you did, that would make clear | 18:04 |
| 6 | that your downloading while at Google had nothing to | 18:04 |
| 7 | do with Uber; correct? | 18:04 |
| 8 |      MR. PERLSON:  Objection; form. | 18:04 |
| 9 |      THE WITNESS:  On the advice and direction of | 18:04 |
| 10 | my counsel, I respectfully decline to answer, and I | 18:04 |
| 11 | assert the rights guaranteed to me under the Fifth | 18:04 |
| 12 | Amendment to the Constitution of the United States. | 18:04 |
| 13 |      MS. DUNN:  Q.  But you would not cooperate | 18:04 |
| 14 | with Uber's investigation in this case; right? | 18:04 |
| 15 |      MR. EHRLICH:  Object to form. | 18:04 |
| 16 |      MR. PERLSON:  Objection.  I think I asked | 18:04 |
| 17 | that question and got an instruction from earlier, but | 18:04 |
| 18 | maybe I'm misremembering.  Go ahead and ask that | 18:04 |
| 19 | question. | 18:04 |
| 20 |      But you ask him that -- if you ask him that | 18:04 |
| 21 | question, everything involved in terms of your -- of | 18:05 |
| 22 | his involvement in the investigation you've waived, | 18:05 |
| 23 | because you're -- you are now -- by asking that | 18:05 |
| 24 | question, you are now eliciting the same information | 18:05 |
| 25 | that you've been not allowing us to go into for weeks | 18:05 |

| | | |
|---|---|---|
| 1 | and weeks.  But go ahead. | 18:05 |
| 2 |     MS. DUNN:  David -- | 18:05 |
| 3 |     MR. RADKE:  I'll go ahead and instruct not to | 18:05 |
| 4 | answer to the extent that this would involve | 18:05 |
| 5 | communication protected by the common interest | 18:05 |
| 6 | privilege. | 18:05 |
| 7 |     MS. DUNN:  That's fine. | 18:05 |
| 8 |     MR. EHRLICH:  And I would join into that | 18:05 |
| 9 | instruction. | 18:05 |
| 10 |     But, to the extent you can answer the | 18:05 |
| 11 | question without reference to communications with any | 18:05 |
| 12 | counsel, or common interest protected discussions, you | 18:05 |
| 13 | can give your answer. | 18:05 |
| 14 |     THE WITNESS:  On the advice and direction of | 18:05 |
| 15 | my counsel, I respectfully decline to answer, and I | 18:05 |
| 16 | assert the rights guaranteed to me under the | 18:05 |
| 17 | Fifth Amendment to the Constitution of the United | 18:05 |
| 18 | States. | 18:05 |
| 19 |     MS. DUNN:  I want to put one thing on the | 18:06 |
| 20 | record, which is, David, I don't -- I don't think I | 18:06 |
| 21 | instructed on this question, first of all. | 18:06 |
| 22 |     And second of all, in the letter terminating | 18:06 |
| 23 | Mr. Levandowski, it explains that he did not cooperate | 18:06 |
| 24 | with Uber's investigation in this case. | 18:06 |
| 25 |     And I think that that is just one | 18:06 |

| | | |
|---|---|---|
| 1 | illustration of the fact that you are making things up | 18:06 |
| 2 | that are completely contrary to what has been going on | 18:06 |
| 3 | in this case.  That is in black and white in a public | 18:06 |
| 4 | letter that we have used everywhere, that | 18:06 |
| 5 | Mr. Levandowski has not cooperated. | 18:06 |
| 6 | And by the way, invoking your Fifth Amendment | 18:06 |
| 7 | rights is not cooperating, obviously.  So I don't | 18:06 |
| 8 | really think that has been concealed. | 18:06 |
| 9 | MR. PERLSON:  I've put my position on the | 18:06 |
| 10 | record.  You asked the question.  He pleaded.  We'll | 18:06 |
| 11 | deal with that afterwards. | 18:06 |
| 12 | MS. DUNN:  Q.  Mr. Levandowski, if you told | 18:06 |
| 13 | the truth about what you did, that would make clear | 18:06 |
| 14 | that your downloading while at Google had nothing to | 18:07 |
| 15 | do with Uber; isn't that right? | 18:07 |
| 16 | MR. PERLSON:  Objection; form. | 18:07 |
| 17 | THE WITNESS:  On the advice and direction of | 18:07 |
| 18 | my counsel, I respectfully decline to answer, and I | 18:07 |
| 19 | assert the rights guaranteed to me under the Fifth | 18:07 |
| 20 | Amendment to the Constitution of the United States. | 18:07 |
| 21 | MS. DUNN:  Q.  And you are concerned that, if | 18:07 |
| 22 | you told the truth about what you did, you would | 18:07 |
| 23 | incriminate yourself; isn't that right? | 18:07 |
| 24 | MR. PERLSON:  Objection; form. | 18:07 |
| 25 | THE WITNESS:  On the advice and direction of | 18:07 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | the... | 18:37 |
| 2 | I'm going to instruct the witness not to | 18:37 |
| 3 | answer to the extent to which the -- it would call for | 18:37 |
| 4 | privileged communications. | 18:37 |
| 5 | To the extent it doesn't, of course, as | 18:37 |
| 6 | always, he's free to answer. | 18:37 |
| 7 | THE WITNESS: On the advice and direction of | 18:37 |
| 8 | my counsel, I respectfully decline to answer, and I | 18:37 |
| 9 | assert the rights guaranteed to me under the Fifth | 18:37 |
| 10 | Amendment to the Constitution of the United States. | 18:38 |
| 11 | MR. PERLSON: Q. Tell me everything that | 18:38 |
| 12 | you've done to cooperate with Uber's investigation in | 18:38 |
| 13 | relation to this litigation. | 18:38 |
| 14 | A   On the advice and direction of my counsel, I | 18:38 |
| 15 | respectfully decline to answer, and I assert the | 18:38 |
| 16 | rights guaranteed to me under the Fifth Amendment to | 18:38 |
| 17 | the Constitution of the United States. | 18:38 |
| 18 | Q   Was there anything that Uber's lawyers asked | 18:38 |
| 19 | you to do in relation to Uber's investigation, in | 18:38 |
| 20 | relation to this litigation, that you actually did? | 18:38 |
| 21 | A   On the advice and direction of my counsel, I | 18:38 |
| 22 | respectfully decline to answer, and I assert the | 18:38 |
| 23 | rights guaranteed to me under the Fifth Amendment to | 18:38 |
| 24 | the Constitution of the United States. | 18:38 |
| 25 | Q   Was -- what specifically did you tell Uber | 18:38 |

| | | |
|---|---|---|
| 1 | you would not do in relation to Uber's investigation | 18:38 |
| 2 | in relation to this litigation? | 18:39 |
| 3 |     A   On -- | 18:39 |
| 4 |         MR. EHRLICH:  I'm going to object here, | 18:39 |
| 5 | again, based on the common interest privilege. | 18:39 |
| 6 |         So, I'm going to instruct you not to give an | 18:39 |
| 7 | answer relating to any communications to Uber counsel | 18:39 |
| 8 | in connection with the litigation. | 18:39 |
| 9 |         MR. RADKE:  Otto Trucking joins the | 18:39 |
| 10 | instruction. | 18:39 |
| 11 |         MR. EHRLICH:  But outside of that, to the | 18:39 |
| 12 | extent they're not privileged communications, you can | 18:39 |
| 13 | answer. | 18:39 |
| 14 |         MS. DUNN:  Yeah, and I also will instruct to | 18:39 |
| 15 | the extent that they're privileged communications, to | 18:39 |
| 16 | not reveal the content. | 18:39 |
| 17 |         But, to the extent that there are | 18:39 |
| 18 | non-privileged communications, the witness is free to | 18:39 |
| 19 | answer. | 18:39 |
| 20 |         MR. PERLSON:  Well, what's the line there? | 18:39 |
| 21 |         MS. DUNN:  It's not what this -- I mean, I -- | 18:39 |
| 22 | my instruction is proper. | 18:39 |
| 23 |         MR. PERLSON:  Are there -- well, let me ask | 18:39 |
| 24 | you this:  Are there any conversations that occurred | 18:39 |
| 25 | with lawyers that wouldn't be privileged that he could | 18:39 |

| | | |
|---|---|---|
| 1 | answer the question about that wouldn't be subject to | 18:39 |
| 2 | that instruction? | 18:39 |
| 3 |       MS. DUNN:  I -- David, your questions should | 18:39 |
| 4 | be to the witness. | 18:39 |
| 5 |       MR. PERLSON:  Well, I don't think it's | 18:39 |
| 6 | possible for him to comply with the -- the scope of it | 18:40 |
| 7 | the way that you've framed it. | 18:40 |
| 8 |       MS. DUNN:  I think that's -- | 18:40 |
| 9 |       MR. PERLSON:  Perhaps you should talk with | 18:40 |
| 10 | him about it. | 18:40 |
| 11 |       MS. DUNN:  I think I've -- I have made my | 18:40 |
| 12 | instruction.  His -- | 18:40 |
| 13 |       MR. PERLSON:  Are there -- | 18:40 |
| 14 |       MS. DUNN:  He doesn't look as confused as you | 18:40 |
| 15 | look. | 18:40 |
| 16 |       MR. PERLSON:  Did you have any -- well, I | 18:40 |
| 17 | think his job is a little easier here today than -- | 18:40 |
| 18 | than mine. | 18:40 |
| 19 |    Q   But the -- the -- the -- did you have any | 18:40 |
| 20 | communications -- okay. | 18:40 |
| 21 |       Well, let me -- let me ask you this:  Are | 18:40 |
| 22 | there any conversations -- well, that's -- that's what | 18:40 |
| 23 | I asked you, that you objected to. | 18:40 |
| 24 |       What specifically did Uber's lawyers tell you | 18:40 |
| 25 | to do in relation to Uber's investigation, in relation | 18:40 |

| | | |
|---|---|---|
| 1 | to this litigation, that you refused to do? | 18:40 |
| 2 |     MS. DUNN:  Same instruction. | 18:40 |
| 3 |     MR. EHRLICH:  I think that that squarely | 18:40 |
| 4 | implicates privilege.  So I'm going to instruct the | 18:41 |
| 5 | client not to answer. | 18:41 |
| 6 |     MR. RADKE:  Otto Trucking joins. | 18:41 |
| 7 |     MR. PERLSON:  Okay.  I'm done for today, | 18:41 |
| 8 | subject to the various privilege issues and all the | 18:41 |
| 9 | other discovery issues out there that have yet to be | 18:41 |
| 10 | resolved. | 18:41 |
| 11 |     MS. DUNN:  I have only one additional | 18:41 |
| 12 | question. | 18:41 |
| 13 |     MR. PERLSON:  Okay.  Do you want to just ask | 18:41 |
| 14 | it there, or do you want to switch? | 18:41 |
| 15 |     MS. DUNN:  I can ask it from here. | 18:41 |
| 16 | But you should look at the camera -- | 18:41 |
| 17 |     THE WITNESS:  Okay.  I'll look at the camera. | 18:41 |
| 18 |     MS. DUNN:  -- so that we don't mess you up. | 18:41 |
| 19 |     THE WITNESS:  I'll pretend that you're asking | 18:41 |
| 20 | the question. | 18:41 |
| 21 | | 18:41 |
| 22 |         FURTHER EXAMINATION | 18:41 |
| 23 | BY MS. DUNN: | 18:41 |
| 24 |    Q   Mr. Levandowski, do you recall that | 18:41 |
| 25 | Mr. Perlson asked you about the relevance of the | 18:41 |

```
 1   history that you testified earlier, of things that you      18:41
 2   did before you were at Google?  Do you remember that?       18:41
 3      A    I remember the question, yes.                       18:41
 4      Q    Okay.  Does the history that you went               18:41
 5   through, before you went to work at Google or Uber,         18:41
 6   have any relevance to why Larry Page would have wanted      18:41
 7   you to come to Google?                                      18:42
 8           MR. PERLSON:  Objection; form.                      18:42
 9           THE WITNESS:  So your question is whether or        18:42
10   not the history before I joined Google would affect         18:42
11   whether or not Larry wanted me to join Google?              18:42
12           MS. DUNN:  That's right.                            18:42
13           THE WITNESS:  And the answer is obviously --        18:42
14           MR. EHRLICH:  Objection; form.                      18:42
15           THE WITNESS:  Okay.  And the answer is              18:42
16   obviously yes.  That's why he would want me to come to      18:42
17   Google because he saw what I did.                           18:42
18           MS. DUNN:  That's all I have.                       18:42
19           THE VIDEOGRAPHER:  This concludes today's           18:42
20   deposition of Anthony Levandowski, consisting of            18:42
21   four DVDs.                                                  18:42
22           We are off the record at 6:42 p.m.                  18:42
23           (WHEREUPON, the deposition ended                    18:42
24            at 6:42 p.m.)                                      18:42
25
```

Veritext Legal Solutions
866 299-5127

**YELLOW = CONFIDENTIAL**

CERTIFICATE OF REPORTER

I, ANDREA M. IGNACIO, hereby certify that the witness in the foregoing deposition was by me duly sworn to tell the truth, the whole truth, and nothing but the truth in the within-entitled cause;

That said deposition was taken in shorthand by me, a disinterested person, at the time and place therein stated, and that the testimony of the said witness was thereafter reduced to typewriting, by computer, under my direction and supervision;

That before completion of the deposition, review of the transcript [x] was [ ] was not requested. If requested, any changes made by the deponent (and provided to the reporter) during the period allowed are appended hereto.

I further certify that I am not of counsel or attorney for either or any of the parties to the said deposition, nor in any way interested in the event of this cause, and that I am not related to any of the parties thereto.

Dated: 8/23/2017

ANDREA M. IGNACIO,

RPR, CRR, CCRR, CLR, CSR No. 9830

Page 302