MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Tel:     415.268.7000 / Fax:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P. M. HUME
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C.  20005
Tel:     202.237.2727 / Fax:    202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.:    212.336.8330 / Fax.:   212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL MOTION *IN LIMINE* NO. 23 AND WAYMO'S BRIEF IN OPPOSITION THERETO**<br><br>Judge:     The Honorable William Alsup<br>Trial Date: October 10, 2017 |

Pursuant to N.D. Cal. Civil Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") submit this administrative motion for an order to file under seal portions of the briefing and certain exhibits to Defendants' Motions *in Limine* No. 23 and Waymo's Brief in Opposition to Defendants' Motions *in Limine* No. 23. Specifically, Uber requests an order granting leave to file under seal the confidential portions of the following:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| **DEFENDANTS' OPENING MIL MATERIALS** | | |
| Defendants' Motion *in Limine* No. 23 ("MIL 23") | Highlighted Portions | Defendants (blue) |
| Exhibit 1 | Entire Document | Defendants |
| Exhibit 2 | Entire Document | Defendants |
| Exhibit 9 | Highlighted Portions | Defendants (blue) |
| Exhibit 11 | Entire Document | Plaintiff |
| Exhibit 15 | Entire Document | Defendants |
| **WAYMO'S OPPOSITION MATERIALS** | | |
| Exhibit A to the Declaration of Jeff Nardinelli ("Nardinelli Decl.") | Highlighted Portions | Defendants (blue) |
| Exhibit B to the Nardinelli Decl. | Entire Document | Plaintiff Defendants |
| Exhibit C to the Nardinelli Decl. | Entire Document | Defendants |
| Exhibit D to the Nardinelli Decl. | Entire Document | Defendants |
| Exhibit E to the Nardinelli Decl. | Entire Document | Plaintiff Defendants |
| Exhibit F to the Nardinelli Decl. | Highlighted Portions | Defendants (blue) |
| Exhibit G to the Nardinelli Decl. | Highlighted Portions | Defendants (blue) |
| Exhibit H to the Nardinelli Decl. | Highlighted Portions | Defendants (blue) |

**DEFENDANTS' MIL MATERIALS**

The highlighted portions of MIL 23 and of Exhibit 9 and the entirety of Exhibits 1, 2, 15, contain confidential or highly confidential information regarding Uber's LiDAR development and autonomous vehicle business strategy. This information is not publicly known, and its confidentiality is strictly maintained. Disclosure of this information could allow competitors to obtain a competitive advantage over Uber by giving them details into Uber's internal development of LiDAR and business plans for autonomous ridesharing, which would allow competitors to understand Uber's LiDAR development and autonomous vehicle business strategy, and allow them to tailor their own strategy. If

such information were made public, Uber's competitive standing could be significantly harmed. (*See* Goodman Decl. ISO Uber's Administrative Motion to File Documents Under Seal ("Goodman Decl.") ¶ 3.)

The entirety of Exhibit 11 contains information that Waymo designated or considers "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this case, or that Waymo asked Uber to file under seal. (*See* Goodman Decl. ¶ 4.)

## WAYMO'S OPPOSITION MATERIALS

The blue highlighted portions of Exhibits A, F, G, and H, and the entirety of Exhibits B, C, D, and E to the Nardinelli Declaration contain confidential or highly confidential information regarding Uber's LiDAR development and autonomous vehicle business strategy. This information is not publicly known, and its confidentiality is strictly maintained. Disclosure of this information could allow competitors to obtain a competitive advantage over Uber by giving them details into Uber's internal development of LiDAR and business plans for autonomous ridesharing, which would allow competitors to understand Uber's LiDAR development and autonomous vehicle business strategy, and allow them to tailor their own strategy. If such information were made public, Uber's competitive standing could be significantly harmed. (*See* Goodman Decl. ISO Uber's Administrative Motion to File Documents Under Seal ("Goodman Decl.") ¶ 5.)

Exhibits C and D also contain confidential terms regarding Uber's employment practices and terms of individual's employment, the disclosure of which could allow competitors to gain a competitive advantage over Uber by giving them details into Uber's employment practices, including compensation information and terms and conditions of employment. (*See* Goodman Decl. ¶ 6.)

Exhibit F also contains the names of individual employees of Uber, whose privacy could be impaired if their disclosure is made public in this case which is garnering substantial media attention. (*See* Goodman Decl. ¶ 7.)

The entirety of Exhibits B and E to the Nardinelli Declaration contain information that Waymo designated or considers "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this case, or that Waymo asked Uber to file under seal.

(*See* Goodman Decl. ¶ 8.)  Pursuant to the parties' agreement regarding confidentiality of meet-and-confer correspondence, Uber also asks that Exhibits B and E be filed under seal. (*See* Goodman Decl. ¶ 9.)

Pursuant to Civil Local Rule 79-5(d)(2), Uber will lodge with the Clerk the documents at issue, with accompanying chamber copies.

Defendants served Waymo LLC with this Administrative Motion to File Documents Under Seal on September 13, 2017.

For the foregoing reasons, Defendants request that the Court enter the accompanying Proposed Order granting Defendants' Administrative Motion to File Documents Under Seal and designate the service copies of these documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Dated: September 13, 2017              BOIES SCHILLER FLEXNER LLP

By: */s/ Karen L. Dunn*
          Karen L. Dunn

*Counsel for Defendants*
UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC