MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Tel:     415.268.7000 / Fax:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P. M. HUME
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C.  20005
Tel:     202.237.2727 / Fax:    202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.:    212.336.8330 / Fax.:   212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>  Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF MARTHA L. GOODMAN IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL MOTION *IN LIMINE* NO. 23 AND WAYMO'S BRIEF IN OPPOSITION THERETO**<br><br>Judge:     The Honorable William Alsup<br>Trial Date: October 10, 2017 |

I, Martha L. Goodman, declare as follows:

1. I am an attorney with the law firm of Boies Schiller Flexner LLP representing Defendants Uber Technologies Inc. and Ottomotto LLC (collectively, "Uber") in this matter. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Defendants' administrative motion for an order to file under seal portions of the briefing and certain exhibits to Defendants' Motions *in Limine* No. 23 and Waymo's Brief in Opposition to Defendants' Motions *in Limine* No. 23.

2. I have reviewed the following exhibits and only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| **DEFENDANTS' OPENING MIL MATERIALS** | | |
| Defendants' Motion *in Limine* No. 23 ("MIL 23") | Highlighted Portions | Defendants (blue) |
| Exhibit 1 | Entire Document | Defendants |
| Exhibit 2 | Entire Document | Defendants |
| Exhibit 9 | Highlighted Portions | Defendants (blue) |
| Exhibit 11 | Entire Document | Plaintiff |
| Exhibit 15 | Entire Document | Defendants |
| **WAYMO'S OPPOSITION MATERIALS** | | |
| Exhibit A to the Declaration of Jeff Nardinelli ("Nardinelli Decl.") | Highlighted Portions | Defendants (blue) |
| Exhibit B to the Nardinelli Decl. | Entire Document | Plaintiff Defendants |
| Exhibit C to the Nardinelli Decl. | Entire Document | Defendants |
| Exhibit D to the Nardinelli Decl. | Entire Document | Defendants |
| Exhibit E to the Nardinelli Decl. | Entire Document | Plaintiff Defendants |
| Exhibit F to the Nardinelli Decl. | Highlighted Portions | Defendants (blue) |
| Exhibit G to the Nardinelli Decl. | Highlighted Portions | Defendants (blue) |
| Exhibit H to the Nardinelli Decl. | Highlighted Portions | Defendants (blue) |

**DEFENDANTS' MIL MATERIALS**

3. The highlighted portions of MIL 23 and of Exhibit 9 and the entirety of Exhibits 1, 2, 15, contain confidential or highly confidential information regarding Uber's LiDAR development and

1

DECLARATION OF MARTHA L. GOODMAN ISO DEFS' ADMIN. MOTION TO FILE UNDER SEAL THEIR MOTION *IN LIMINE* NO. 23 AND WAYMO'S BRIEF IN OPPOSITION THERETO
CASE NO. 3:17-CV-00939-WHA

autonomous vehicle business strategy.  This information is not publicly known, and its confidentiality is strictly maintained.  Disclosure of this information could allow competitors to obtain a competitive advantage over Uber by giving them details into Uber's internal development of LiDAR and business plans for autonomous ridesharing, which would allow competitors to understand Uber's LiDAR development and autonomous vehicle business strategy, and allow them to tailor their own strategy. If such information were made public, Uber's competitive standing could be significantly harmed.

4. The entirety of Exhibit 11 contains information that Waymo designated or considers "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this case, or that Waymo asked Uber to file under seal.

## WAYMO'S OPPOSITION MATERIALS

5. The blue highlighted portions of Exhibits A, F, G, and H, and the entirety of Exhibits B, C, D, and E to the Nardinelli Declaration contain confidential or highly confidential information regarding Uber's LiDAR development and autonomous vehicle business strategy.  This information is not publicly known, and its confidentiality is strictly maintained.  Disclosure of this information could allow competitors to obtain a competitive advantage over Uber by giving them details into Uber's internal development of LiDAR and business plans for autonomous ridesharing, which would allow competitors to understand Uber's LiDAR development and autonomous vehicle business strategy, and allow them to tailor their own strategy. If such information were made public, Uber's competitive standing could be significantly harmed.

6. Exhibits C and D also contain confidential terms regarding Uber's employment practices and terms of individual's employment, the disclosure of which could allow competitors to gain a competitive advantage over Uber by giving them details into Uber's employment practices, including compensation information and terms and conditions of employment.

7. Exhibit F also contains the names of individual employees of Uber, whose privacy could be impaired if their disclosure is made public in this case which is garnering substantial media attention.

8. The entirety of Exhibits B and E to the Nardinelli Declaration contain information that Waymo designated or considers "Confidential" and/or "Highly Confidential – Attorneys'

Eyes Only" pursuant to the Protective Order in this case, or that Waymo asked Uber to file under seal.

9. I understand that the parties have, on at least one occasion, agreed to treat their meet-and-confer correspondence as confidential under the terms of the protective order. I believe Waymo is seeking to seal Exhibits B and E based on that agreement, and, pursuant to that agreement, Uber also asks that Exhibits B and E be filed under seal.

10. Uber's request to seal is narrowly tailored to the portions of Defendants' motions *in limine* and its supporting papers, as well as to the portions of Waymo's briefs in opposition to Defendants' motions in limine and Waymo's supporting papers, that merit sealing.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of September, 2017 at Washington, D.C.

Dated: September 13, 2017                         BOIES SCHILLER FLEXNER LLP

                                                  By:   */s/ Martha L. Goodman*
                                                        Martha L. Goodman

### ATTESTATION OF E-FILED SIGNATURE

I, Karen L. Dunn, am the ECF User whose ID and password are being used to file this document. In compliance with General Order 45, X.B., I hereby attest that Martha L. Goodman has concurred in this filing.

Dated: September 13, 2017

                                                        */s/Karen L. Dunn*
                                                        Karen L. Dunn