# EXHIBIT F
# REDACTED

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1            UNITED STATES DISTRICT COURT
 2         FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4                       - - -
 5   WAYMO, LLC,                      )
                                      )
 6                  Plaintiff,        )
                                      )
 7           vs.                      ) No. 3:17-CV-00939
                                      )
 8   UBER TECHNOLOGIES; INC.;         )
     OTTOMOTTO, LLC; and OTTO         )
 9   TRUCKING, LLC,                   )
                                      )
10                  Defendants.       )
11   _____
12
13       ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL
14
15      The videotaped 30(b)(6) deposition of ERIC
     MEYHOFER, called as a witness by the Plaintiff,
16   pursuant to notice and the Federal Rules of Civil
     Procedure pertaining to the taking of depositions,
17   taken before me, the undersigned, Rebecca L. Schnur,
     Notary Public in and for the Commonwealth of
18   Pennsylvania, at the offices of Reed Smith, LLP,
     225 Fifth Avenue, Pittsburgh, Pennsylvania  15222,
19   commencing at 9:20 a.m. on FRIDAY, AUGUST 18, 2017.
20
21
22
23
24   Job No. 2681788B
25   Pages 1 - 259
```

Page 1

| | | |
|---|---|---|
| 1 | Mr. Levandowski provide to Uber in the entries | 12:57:44 |
| 2 | reflected in this log before January 25, 2016? | 12:57:47 |
| 3 |     A.   What technical contributions did Anthony give | 12:57:55 |
| 4 | to Uber before -- | 12:57:58 |
| 5 |     Q.   Technical information. | 12:58:01 |
| 6 |     Let me be more specific.  What technical | 12:58:04 |
| 7 | information regarding lidar did Mr. Levandowski provide | 12:58:06 |
| 8 | to Uber before January 25, 2016? | 12:58:09 |
| 9 |     MR. HUME:  Objection to the form. | 12:58:16 |
| 10 |     A.   So I don't see him talking to ▇ at this | 12:58:23 |
| 11 | time, before then.  So at this point it's ▇ So he | 12:58:27 |
| 12 | would have been receiving information from Uber about | 12:58:40 |
| 13 | specifications and agreeing or disagreeing as to | 12:58:47 |
| 14 | whether or not he thought he could meet them. | 12:58:52 |
| 15 |     Q.   Okay.  So before January 25, 2016, which are | 12:58:58 |
| 16 | the first ▇ -- let's make it January 27, 2016, which | 12:59:13 |
| 17 | are the first ▇ntries on this lidar log, Anthony | 12:59:20 |
| 18 | Levandowski provided no technical information regarding | 12:59:26 |
| 19 | lidar.  Is that right? | 12:59:30 |
| 20 |     A.   I think he would -- I don't -- I don't know | 12:59:38 |
| 21 | exactly what he said with all of these people, but | 12:59:41 |
| 22 | these aren't people he would have been designing | 12:59:44 |
| 23 | anything with.  So I would assume that he was providing | 12:59:46 |
| 24 | no technical information about the design of lidar.  He | 12:59:48 |
| 25 | would have been remarking on whether or not he could | 12:59:52 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | build lidar that ▮ would have been describing to | 12:59:54 |
| 2 | him. | 12:59:57 |
| 3 | Q.  I want to break that down, but before I do, | 12:59:58 |
| 4 | when we have those words again, where it's "assume" and | 13:00:01 |
| 5 | "probably" -- | 13:00:05 |
| 6 | So I want to ask my question again.  Before | 13:00:07 |
| 7 | January 27, 2016, which are the first ▮ entries on | 13:00:12 |
| 8 | this lidar log, did Anthony Levandowski provide | 13:00:16 |
| 9 | technical information regarding lidar to Uber? | 13:00:20 |
| 10 | A.  Not that I know of. | 13:00:24 |
| 11 | Q.  Do you know?  Did you check, in preparation | 13:00:25 |
| 12 | for your deposition testimony today? | 13:00:27 |
| 13 | A.  I talked with ▮ and | 13:00:32 |
| 14 | didn't specifically ask them whether or not any | 13:00:40 |
| 15 | technical information was provided to them before | 13:00:42 |
| 16 | January 25 or 27.  But they didn't produce any | 13:00:46 |
| 17 | information that says anything to the contrary.  And | 13:00:56 |
| 18 | ▮ was leading our design effort for all things | 13:01:01 |
| 19 | lidar at that time. | 13:01:07 |
| 20 | Q.  Let me ask my question again because I'm not | 13:01:09 |
| 21 | sure of the answer. | 13:01:13 |
| 22 | Before January 27, 2016, on behalf of Uber | 13:01:16 |
| 23 | and Ottomotto, did Anthony Levandowski provide | 13:01:20 |
| 24 | technical information regarding lidar to Uber or Otto? | 13:01:23 |
| 25 | A.  Not that I know of. | 13:01:28 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | Q.   Did you prepare to answer that question on | 13:01:30 |
| 2 | behalf of the company for your testimony today? | 13:01:32 |
| 3 | A.   No, I did not. | 13:01:35 |
| 4 | Q.   So you're not prepared to answer that | 13:01:36 |
| 5 | question one way or the other.  Is that fair? | 13:01:37 |
| 6 | A.   Aside from the fact that I worked very | 13:01:40 |
| 7 | closely with ▆▆▆▆▆▆ and that is not | 13:01:42 |
| 8 | information that I was ever exposed to. | 13:01:45 |
| 9 | Q.   But you didn't review any of the | 13:01:47 |
| 10 | communications that are reflected on this log.  Right? | 13:01:49 |
| 11 | A.   No, I did not. | 13:01:51 |
| 12 | Q.   You didn't ask any of the individuals that | 13:01:52 |
| 13 | are reflected on this log whether any information was | 13:01:54 |
| 14 | provided, did you? | 13:01:57 |
| 15 | A.   No, I did not. | 13:01:58 |
| 16 | Q.   Isn't it fair to say that you have no idea | 13:01:58 |
| 17 | whether he disclosed information or not? | 13:02:01 |
| 18 | MR. HUME:  Objection to the form. | 13:02:03 |
| 19 | Mischaracterizes testimony. | 13:02:04 |
| 20 | A.   I don't think it's fair to say I have no | 13:02:06 |
| 21 | idea. | 13:02:07 |
| 22 | I think it's fair to say that the questions | 13:02:08 |
| 23 | you asked me I don't have the answer -- the answer is, | 13:02:09 |
| 24 | no. | 13:02:12 |
| 25 | Q.   Because you don't know, you didn't check? | 13:02:13 |

Veritext Legal Solutions
866 299-5127

```
1      A.   Well, I didn't specifically ask those people    13:02:15
2    those questions.  But I worked closely with ████     ████  13:02:21
3    ████    and likely would have known if there was some sort  13:02:21
4    of technical information exchange.                     13:02:24
5      Q.   Okay.  I guess we'll do this another way        13:02:27
6    then.  Let's go to entry 22.                           13:02:30
7      A.   Okay.                                           13:02:44
8      Q.   This is a meeting between Mr ████        ████   13:02:48
9    ████                    regarding lidar.               13:02:48
10           Do you see that?                                13:02:53
11     A.   Regarding lidar supplier deal, yes.             13:02:54
12     Q.   And Mr. Levandowski was at that meeting.        13:02:56
13   Right?                                                 13:02:58
14     A.   Uh-huh.                                         13:02:58
15     Q.   What did Mr. Levandowski contribute at that     13:02:59
16   meeting, if anything?                                  13:03:02
17     A.   I would assume nothing but say yes or no as     13:03:05
18   to whether or not he thought he could supply lidar to  13:03:07
19   these, to --                                           13:03:09
20     Q.   I don't want you to assume, sir.                13:03:10
21     A.   I don't have -- I wasn't there.                 13:03:12
22     Q.   Right.  So let me ask my question:  What did    13:03:13
23   Mr. Levandowski contribute to this lidar meeting       13:03:17
24   reflected here as number 22?                           13:03:19
25     A.   I don't know.                                   13:03:22
```

Page 139

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | Q. Let's go to number 23. What did | 13:03:23 |
| 2 | Mr. Levandowski contribute to meeting number 23, on | 13:03:26 |
| 3 | ▮▮▮▮▮ | 13:03:29 |
| 4 | A. I can read that it says, ▮▮▮▮▮ | |
| 5 | ▮▮▮▮▮" So that's | 13:03:35 |
| 6 | what I would assume was the contribution. | 13:03:38 |
| 7 | Q. So other than reading what's in this | 13:03:40 |
| 8 | document, can you provide me any information, sitting | 13:03:42 |
| 9 | here today, on behalf of Uber and Otto, what | 13:03:45 |
| 10 | Mr. Levandowski said or did or contributed at this | 13:03:48 |
| 11 | meeting? | 13:03:50 |
| 12 | A. No. | 13:03:51 |
| 13 | Q. And you didn't prepare to do that for your | 13:03:52 |
| 14 | testimony today. Right? | 13:03:54 |
| 15 | A. That is correct. | 13:03:56 |
| 16 | Q. All right. So I can go through each one of | 13:03:56 |
| 17 | these entries, but is it fair to say for these first ▮ | 13:03:59 |
| 18 | entries, you don't know what Anthony Levandowski said; | 13:04:02 |
| 19 | you don't know what he contributed? | 13:04:07 |
| 20 | A. Within reason, that is fair to say. | 13:04:11 |
| 21 | Q. All right. Mr. Levandowski [sic], you're | 13:04:16 |
| 22 | designated to testify on behalf of topic number 1. | 13:04:23 |
| 23 | Right? | 13:04:25 |
| 24 | MR. HUME: Objection. You misspoke his name. | 13:04:26 |
| 25 | A. I'm not Anthony. | 13:04:30 |

Veritext Legal Solutions
866 299-5127

```
 1         Q.   I was going to read the topics.  Sorry.  I      13:04:31
 2    realize now -- that makes sense.                           13:04:33
 3              You are designated to testify regarding topic    13:04:36
 4    number 1 regarding Mr. Levandowski's development of        13:04:38
 5    lidar?                                                     13:04:40
 6         A.   Yes.                                             13:04:41
 7         Q.   What did you do to --                            13:04:43
 8              MR. HUME:  I think -- just for the record, I     13:04:44
 9         think he's designated only for Uber, I think.         13:04:44
10         Q.   What are --                                      13:04:50
11              MR. JAFFE:  He's only designated -- I'm          13:04:50
12         sorry.  What did you say?                             13:04:52
13              MR. HUME:  I think he's designated for           13:04:52
14         Levandowski's involvement in the development at       13:04:55
15         lidar at Uber, on behalf of Uber.  I don't know       13:05:01
16         that he can speak to what happened at Ottomotto.      13:05:03
17              MR. JAFFE:  So the designation did not say       13:05:08
18         that.                                                 13:05:11
19              MR. HUME:  I'll check on a break.  Why don't     13:05:12
20         you ask him questions.  We'll see if we have an       13:05:13
21         Ottomotto designee separately.  Maybe not.            13:05:17
22         Q.   Okay.  Mr. Levandowski [sic], what did you       13:05:19
23    do to prepare -- not -- you are not Mr. Levandowski.       13:05:23
24              What did you do to prepare to testify about      13:05:25
25    Mr. Levandowski's development or contributions to          13:05:28
```

Veritext Legal Solutions
866 299-5127