MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Tel:    415.268.7000 / Fax:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P. M. HUME
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C.  20005
Tel:    202.237.2727 / Fax:    202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.:    212.336.8330 / Fax.:    212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC

NEEL CHATTERJEE (SBN 173985)
nchatterjee@goodwinlaw.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Tel.:    650.752.3100 / Fax.:    650.853.1038

Attorneys for Defendant OTTO TRUCKING LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | Case No. 3:17-cv-00939-WHA <br><br> **DEFENDANTS' MOTION *IN LIMINE* NO. 23 TO EXCLUDE THE PARAGRAPH 5 COMMUNICATIONS LOG** <br><br> Judge:   The Honorable William Alsup <br> Trial Date: October 10, 2017 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

As preliminary injunctive relief, in early May 2017, the Court ordered Uber to log all communications in which Anthony Levandowski mentioned the concept of LiDAR in any way, Dkt. 426 at 25 (the "LiDAR Log"), presumably to aid Waymo in conducting discovery into whether Levandowski disclosed any Waymo trade secrets to Uber. Uber complied with the order and logged more than 1,100 emails, calendar invites, calendar declines, text messages, meetings, and phone conversations in which Levandowski might have mentioned a LiDAR-related concept, regardless of its length, depth, substance, or whether it concerned Uber's in-house LiDAR.

The issue for trial is whether Uber acquired or used nine alleged Waymo trade secrets relating to discrete design and testing specifications for Uber's in-house LiDAR. The LiDAR Log has little or no probative value in resolving these questions because it is so overbroad. It was never intended to determine—and cannot be used to determine—the level of Levandowski's involvement with any specific aspects of Uber's in-house LiDAR design, let alone any aspects Waymo alleges incorporate its asserted trade secrets. The LiDAR Log was a discovery tool and it has served its purpose. Waymo had the benefit of the log throughout discovery and had plentiful means to follow up on any communications it believed were relevant to its claims. Yet despite finding no evidence that Uber actually acquired any Waymo trade secrets from Levandowski, Waymo intends at trial to fill this huge evidentiary gap by simply tallying up the entries of the LiDAR Log and effectively confusing and misleading the jury about the extent of Levandowski's involvement with Uber's in-house LiDAR program. Waymo should not be permitted to short-circuit the truth-seeking process and mislead and confuse the jury by substituting actual testimony and evidence about its asserted trade secrets with the prepared-for-discovery LiDAR Log.

**I.  Legal Standard**

Under Rule 403, a district court "may exclude evidence when its probative value is substantially outweighed by the dangers of, among other things, confusing the issues, misleading the jury, or causing undue delay." *Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1431 (9th Cir. 1986). Among other factors, a court should consider whether the proponent of admission has other evidence on the same subject of similar probative value. *See Old Chief v. U.S.*, 519 U.S. 172, 182-83 (1997).

## II. Argument

### A. The Log's Probative Value is Outweighed by the Risk it will Mislead or Confuse.

Simply tallying up or referring to entries on the LiDAR Log does not provide any probative information about Levandowski's work on Uber's in-house LiDAR. Paragraph 5 of the Court's Order on Preliminary Relief required Defendants to submit a "log of all oral and written communications—including, without limitation, conferences, meetings, phone calls, one-on-one conversations, texts, emails, letters, memos, and voicemails—wherein Anthony Levandowski mentioned LiDAR to any officer, director, employee, agent, supplier, or consultant of defendants." At Waymo's insistence and out of an abundance of caution, Defendants searched for not only topics where Levandowski mentioned LiDAR explicitly, but also any related terms or suppliers. *See* Goodman Decl., Ex. 15 ("LiDAR Log"). The resulting log includes:

- Hundreds of communications with/about third-party vendors trying to sell Uber LiDARs, such as an introduction to a new laser vendor sent to Levandowski ▓▓▓▓

- Duplicative entries that log each member of an email family. For example, Levandowski introduced by email ▓▓▓▓ x. 1. The email appears four more times on the log (entries 175, 176, 179, 180) as Boehmke and Gruver work out the details of where they will meet;

- 140 calendar invitations where LiDAR was either mentioned or could have come up, even generally, given the nature of the meeting. For example, there are 35 invitations for weekly ▓▓▓▓ x. 9 184:23-186:7. LiDAR vendors would come up "from time to time," *id.*, but because determining whether they came up at any specific ▓▓▓▓ meeting is impractical, all are included on the log; and

- 32 declined invitations to meetings that include LiDAR or a related concept in the subject, *e.g.*, Ex. 5.

As a result, only a portion of 1,182 entries represent conversations Levandowski had about Uber's in-house LiDAR; an even smaller subset relate to its design and testing specifications; and a vanishingly small number concern the design or testing of any of the features at issue in this lawsuit.

Uber anticipates that Waymo will urge the jury to ignore the lack of any evidence that Levandowski disclosed—and Uber acquired—any of Waymo's asserted trade secrets because Levandowski had more than a "thousand opportunities" to do so.  Waymo has already instructed its experts to fill the gaping holes in its case with this very trick.  Ex. 12 (Hesselink Report) ¶ 116

This is grossly misleading and unfair.  Many if not most of the logged communications have nothing to do with the design or testing specifications of Uber's in-house LiDAR.  The Court should exclude the LiDAR Log because its admission would serve no purpose other than to mislead and confuse the jury, and invite forbidden speculation about the communications—rather than actual evidence of misappropriation—to fill Waymo's evidentiary gap.

### B. Waymo Has Alternative Evidence of Levandowski's LiDAR Communications.

Whatever probative value the LiDAR Log might have must be discounted in light of Waymo's alternative means of offering evidence about Levandowski's role at Uber.  In *Old Chief v. U.S.*, 519 U.S. 172, 182-83 (1997), the Court explained that in evaluating evidence's "probative value" under Rule 403, a judge should consider "evidentiary alternatives": "If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk."

Applying *Old Chief*, the Court should exclude the LiDAR Log.  Waymo will be able to offer evidence about Levandowski's involvement with Uber's in-house LiDAR design and testing through the documents underlying the LiDAR log, the deposition testimony elicited with the benefit of the LiDAR Log, and the cross examination of witnesses at trial.  In other words, Waymo should be required to offer evidence of Levandowski's LiDAR work as it normally

would, using documents, witnesses, and depositions, and not by misusing a *sui generis* log prepared as part of the Court's preliminary relief.

### C. Any Probative Value Derived From the LiDAR Log Is Substantially Outweighed by Unfair Prejudice and Will Unnecessarily Delay the Proceedings.

The circumstances under which the LiDAR Log was created and its introduction will also unfairly prejudice Uber and unnecessarily delay the proceedings, which provide further reasons for it to be excluded. *See Lan v. Allstate*, 127 F. App'x 932, 933 (9th Cir. 2005).

Any reference to the preliminary relief provided in Paragraph 5 should be excluded because it will prejudice the jury. *See WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1041 (8th Cir. 2011). Moreover, juries are prone to give judicial or governmental order or acts undue weight. *See U.S. v. Sine*, 493 F.3d 1021, 1040 (9th Cir. 2007) (court "troubled" by admission of judicial opinion); *McEuin v. Crown Equip. Corp.*, 238 F.3d 1028, 1034 (9th Cir. 2003) (excluding military specifications because official nature could be given undue weight). Here, the jury is prone to believe not only that the Court found Uber at fault, but also that the LiDAR Log should be given considerable weight since the Court ordered it.

Further, if the log is introduced, Defendants will be forced to put on witnesses and introduce documents to demonstrate how many of the log entries have nothing to do with the design and testing of Uber's in-house LiDAR. This will likely include an attorney involved in preparing the log to explain why it was prepared, the necessity to be overbroad in order to comply with Waymo's requests and the Court's order, and what types of communications were included. The resulting prejudice to Uber and delay in the trial would be significant. Each side should be required to present the underlying communications they believe are relevant to the actual trade secrets to be tried, and the jury should weigh the actual evidence—not summaries prepared by lawyers at the direction of the Court to assist one party in conducting discovery.

### III. Conclusion

For the foregoing reasons, Defendants' respectfully request an order excluding any reference to Paragraph 5 of the Court's Order on Preliminary Relief or the resulting LiDAR Log.

Dated: September 7, 2017

MORRISON & FOERSTER LLP
BOIES SCHILLER FLEXNER LLP
SUSMAN GODFREY LLP

By: */s/ Karen L. Dunn*
    KAREN L. DUNN

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and
OTTOMOTTO LLC

By: */s/ Neel Chatterjee*
    NEEL CHATTERJEE

Attorneys for Defendant
OTTO TRUCKING LLC

**ATTESTATION OF E-FILED SIGNATURE**

I, Karen L. Dunn, am the ECF User whose ID and password are being used to file this Motion *in Limine*. In compliance with General Order 45, X.B., I hereby attest that Neel Chatterjee has concurred in this filing.

*/s/ Karen L. Dunn*
Karen L. Dunn