QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S MOTION *IN LIMINE* NO. 16**<br><br>Date:     September 27, 2017<br>Time:    8:00 a.m.<br>Ctrm:    8, 19th Floor<br>Judge:   Honorable William H. Alsup<br><br>Trial Date:  October 10, 2017 |

Waymo requests that the Court preclude any argument, testimony, or evidence about earrings that were not disclosed to Waymo until August 22, 2017. Late-produced text messages make clear that Anthony Levandowski solicited this "evidence" from a third party, and then it ended up in the hands of Otto Trucking's counsel who did not produce it to Waymo before using it at a deposition two days before the close of fact discovery. Defendants should be precluded from relying on this evidence that was obtained from Levandowski and that was not appropriately disclosed in discovery.

## I.  STATEMENT OF RELEVANT FACTS

On August 22, at the second deposition of Waymo witness Pierre-Yves Droz, two days before the close of fact discovery, Otto Trucking ambushed Waymo and the witness by introducing as an exhibit a pair of earrings that were not previously produced or made available for inspection. (Ex. A, 8/22/17 Droz 30(b)(6) Depo. Tr. 34:11-19, Ex. 2.) The earrings, allegedly a gift to former Google employee Seval Oz upon her departure from the company, were in the form of early versions of the GBr2 transmit boards. (*Id.*, 35:1-36:14.) Waymo's counsel asked if the earrings were made available in discovery, and Otto Trucking's counsel responded "It is now." (*Id.*, 34:11-19.) Otto Trucking's counsel refused to disclose how he got the earrings and said he received them a day earlier, and said "You'll find out soon enough." (*Id.*)

Following the deposition, the parties discussed this issue on an August 24 meet and confer, hours before the close of fact discovery. Levandowski's counsel also participated in that meet and confer. Afterwards, Levandowski produced a series of text messages between himself and Ms. Oz that were not previously produced by Levandowski or Otto Trucking. On July 30, Levandowski tried to schedule a time to meet Ms. Oz the following day and said "I'd at least like to get the earrings." (Ex. B - LEV_005019.) Ms. Oz responded that day: "I have earrings So no issues." (*Id.*) On July 31, Levandowski sent a text to schedule a meet up for the following day (August 1) and again said: "Just want to make sure I don't forget to grab the ear rings." (Ex. C - LEV_005018.) Ms. Oz responded: "They are in my purse already from wknd." (*Id.*) The next (and last) text message produced by Levandowski is dated August 17, and he says to Ms. Oz: "Do you mind bringing the ear ring clips tomorrow? I'd like to get those pieces from you while I'm coming by." (Ex. D - LEV_005017.) She responded: "I looked for them…will look against Again*." (*Id.*) Based on these late-produced texts,

it appears Levandowski got the earrings from Ms. Oz on August 1 and got the "ear ring clips" from her on August 18. Otto Trucking says it does not need to tell Waymo how it got the earrings because that is work product. Otto Trucking also questioned former Waymo employee Chris Urmson about the earrings on August 24. (Ex. E, 8/24/17 Urmson Dep. at 274:17-275:8.)

## II. ARGUMENT

These late-produced earrings make clear that, contrary to Otto Trucking's representations to the Court, Levandowski is cooperating with Otto Trucking in this case. (Dkt. 881.) Judge Corley previously denied a motion to compel filed by Waymo seeking to compel Otto Trucking to get information from Levandowski to respond to interrogatories, saying "As Waymo is well aware, Mr. Levandowski has refused to cooperate with any discovery in this matter on Fifth Amendment grounds." (*Id.*) Based on that ruling, in responding to Waymo's interrogatories and RFPs, Otto Trucking was not required to ask Levandowski for information or search his documents. (*Id.*) The text messages Levandowski produced on August 24, however, make clear that he is cooperating with Otto Trucking. He solicited evidence from third party Seval Oz that then ended up in the hands of Otto Trucking's counsel to be used in the litigation. Put another way, the text messages and earrings prove that Levandowski is cooperating in the litigation when it is helpful to his company, but not when it comes to responding to Waymo's discovery requests. That is not how discovery is supposed to work. Defendants should not be allowed to rely on information and evidence obtained from Levandowski when it claimed he would not cooperate in responding to Waymo's discovery.

Separate and apart from the disturbing revelation that Levandowski is cooperating with Otto Trucking contrary to its representations otherwise, Otto Trucking's failure to comply with Federal Rule of Civil Procedure 26 warrants, at the very least, preclusion of any argument, testimony, or evidence about the earrings (or any photographs thereof). Rule 26(a) requires a party to disclose all tangible things it may use to support its claims and defenses. "In other words, under Rule 26(a), a party must disclose all documents [and tangible things] which are relevant to [its] claims and defenses." *Estakhrian v. Obenstine*, No. 11 Civ. 3480, 2016 WL 6868178 at *8 (C.D. Cal. Feb. 29, 2016). Otto Trucking obviously considers the earrings to be relevant to its defenses because it questioned two witnesses about them. Despite this, Otto Trucking waited until the eleventh hour to

disclose the earrings and Levandowski produced the tardy text messages only after Waymo pushed for them.  Further, although the earrings appear to be responsive, at a minimum, to Common Interrogatory No. 6 (asking for identification of each trade secret that Otto Trucking contends "is not subject of efforts that are reasonable under the circumstances to maintain its secrecy…"), Otto Trucking did not disclose the earrings or any facts relating to Ms. Oz in its original or supplemental response to that interrogatory. (Ex. F.) Similarly, although the text messages are responsive to at least RFP No. 32 in the document subpoena to Levandowski ("All COMMUNICATIONS with any PERSON REGARDING THIS CASE"), Levandowski did not produce them until prodded on August 24. (Ex. G.)

The automatic exclusion requirement of Federal Rule of Civil Procedure 37(c)(1) was instituted to prevent just this type of discovery chicanery. *See* Rule Fed. R. Civ. P. 37, Advisory Comm. Note (1993) ("Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1)."); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements [of Rule 26] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.")  The only exception to automatic exclusion is for discovery violations that were "substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d at 1106.  The Advisory Committee Notes to Rule 37 indicate that the exception was carved out to avoid "unduly harsh penalties in a variety of situations," which are demonstrably absent here (for example, "the lack of knowledge of a pro se litigant of the requirement to make disclosures"). *See* Rule Fed. R. Civ. P. 37, Advisory Comm. Note (1993). Otto Trucking's abdication of its discovery obligations was neither substantially justified nor harmless, and under these circumstances, exclusion of the earrings would not be unduly harsh.  In making such determinations, courts consider four factors, all of which weigh in Waymo's favor. *See Lanard Toys Ltd. v. Novelty, Inc.,* 375 F. App'x 705, 713 (9th Cir. 2010) (enumerating the following factors: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.").

As to the first factor, Waymo is prejudiced by its inability to conduct any discovery regarding the earrings. The sum total of Waymo's knowledge of the earrings is derived from the leading questions posed by Otto Trucking's counsel at the Droz and Urmson depositions, and from Levandowski's text messages requesting Ms. Oz bring the earrings to a dinner date. Mid-deposition disclosure, two days before the end of discovery, is insufficient to satisfy the requirements of Rule 26 and "does not avoid the Rule 37 sanction." *Goold v. Hilton Worldwide*, 13 Civ. 438, 2014 WL 4968268 at *2 (E.D. Cal. Sept. 29, 2014) (plaintiff prejudiced by its inability to conduct a deposition when new information was disclosed two days before the close of discovery). Without more, Waymo cannot meaningfully prepare to respond to the earrings at trial. Otto Trucking will likely argue that it disclosed Ms. Oz in its initial disclosures on June 21, so Waymo could have deposed her. But, Ms. Oz was disclosed along with 67 other witnesses (Ex. H), and Otto Trucking did not disclose in interrogatory responses or documents how it intended to rely on her. (Ex. F.) As to the second factor, with discovery closed and trial approaching, there is no means for Waymo to cure the prejudice. As to the third factor, the introduction of novel tangible evidence that allegedly contains *outdated* Waymo technology can only serve to disrupt the trial and waste the jury's time making it further inadmissible under Rule 403.

While the court need not consider the fourth factor, because exclusion of the earrings will not "amount to dismissal of a claim," *R & R Sails, Inc. v. Insurance Co. of Pennsylvania,* 673 F.3d 1240, 1247 (9th Cir. 2012), the timing of Otto Trucking's disclosure indicates it intended to prevent Waymo from conducting any discovery about the earrings. Since Levandowski began text messaging Ms. Oz about the earrings at least by July 30, it appears that Otto Trucking knew about them well before Mr. Droz's deposition, and opted to remain silent. It should not benefit from its abdication of its discovery duties.

Introduction of the earrings at trial will unfairly prejudice Waymo, and there is no justification, let alone substantial justification, for Otto Trucking's untimely disclosure. *See Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 499 (9th Cir. 2009) (finding harmful a disclosure made four days before the close of discovery and ten weeks before trial). For these reasons, the Court should exclude any argument, evidence, or testimony regarding the earrings (and any photographs thereof).

DATED: September 7, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Attorneys for WAYMO LLC