# Exhibit F

| | |
|---|---|
| Neel Chatterjee (SBN 173985)<br>nchatterjee@goodwinlaw.com<br>James Lin (SBN 310440)<br>jlin@goodwinlaw.com<br>**GOODWIN PROCTER LLP**<br>135 Commonwealth Drive<br>Menlo Park, California 94025<br>Tel.: +1 650 752 3100<br>Fax.: +1 650 853 1038<br><br>Brett Schuman (SBN 189247)<br>bschuman@goodwinlaw.com<br>Shane Brun (SBN 179079)<br>sbrun@goodwinlaw.com<br>Rachel M. Walsh (SBN 250568)<br>rwalsh@goodwinlaw.com<br>Hayes P. Hyde (SBN 308031)<br>hhyde@goodwinlaw.com<br>**GOODWIN PROCTER LLP**<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Tel.: +1 415 733 6000<br>Fax.: +1 415 677 9041<br><br>Hong-An Vu (SBN 266268)<br>hvu@goodwinlaw.com<br>**GOODWIN PROCTER LLP**<br>601 S Figueroa Street, 41st Floor<br>Los Angeles, California  90017<br>Tel.: +1 213 426 2500<br>Fax.: +1 213 623 1673 | **CONTAINS WAYMO'S HIGHLY CONFIDENTIAL INFORMATION– ATTORNEYS EYES ONLY** |

*Attorneys for Defendant: Otto Trucking LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Waymo LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF COMMON INTERROGATORIES**<br><br>Courtroom:   8<br>Judge:            Hon. William Alsup |

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff: WAYMO LLC |
| RESPONDING PARTY: | Defendant: OTTO TRUCKING LLC |
| SET NO.: | Second Set of Common Interrogatories |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Otto Trucking LLC ("Otto Trucking") hereby provides objections and responses ("Objections" and "Responses") to Plaintiff Waymo LLC's ("Waymo") Second Set of Common Interrogatories (the "Interrogatories") served by Waymo on Otto Trucking on June 30, 2017.

## PRELIMINARY STATEMENT

Otto Trucking states that it is responding to the Interrogatories to the best of its present ability.  While these Responses are based upon appropriate investigation by Otto Trucking and its counsel, they reflect the current state of Otto Trucking's knowledge respecting the matters about which inquiry is made.  Thus, the information contained herein remains subject to further review, and, in making these Responses, Otto Trucking reserves the right to amend, supplement, and/or otherwise change its Responses to these Interrogatories as further investigation and discovery may make appropriate in accordance with Otto Trucking's obligations under the Federal Rules of Civil Procedure.  Furthermore, Otto Trucking has prepared this Response based on its good faith interpretation and understanding of each individual Interrogatory, but Otto Trucking reserves its right to correct any errors or omissions.

Otto Trucking does not waive or intend to waive any objections that it may have regarding the use of any information provided, and Otto Trucking expressly reserves the rights to:  (a) object to Waymo's use of any information provided on the ground of inadmissibility; and (b) object on any and all proper grounds, at any time, to any other discovery involving or relating to any information produced.  No incidental or implied admissions are intended by the Responses set forth herein. These Responses are made solely for the purpose of this action.  Nothing herein shall be construed as an admission respecting the admissibility or the relevance of any facts, documents, or information, as an admission that documents or information exist, or as an admission as to the truth or accuracy of any characterization or assertion contained in any Interrogatory.  Each Response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all

other objections on grounds that would require the exclusion of any statement herein if any of the Interrogatories were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

## SPECIFIC RESPONSES AND OBJECTIONS

**COMMON INTERROGATORY NO. 4:**

Identify each alleged WAYMO trade secret from "Plaintiff's List of Asserted Trade Secrets Pursuant to Cal. Code Civ. Proc. Section 2019.210," served on March 10, 2017, that YOU contend is not MISAPPROPRIATED by DEFENDANTS, and identify all facts and DOCUMENTS (by Bates number) that YOU believe support YOUR contention.

**RESPONSE TO COMMON INTERROGATORY NO. 4:**

Otto Trucking objects to this Interrogatory to the extent that it seeks information outside its possession, custody, or control. Otto Trucking will only respond as to Otto Trucking. Otto Trucking also objects to this Interrogatory to the extent that it assumes that Waymo's alleged trade secrets are in fact trade secrets, have not been disclosed to third parties, or were not independently developed by other companies. Subject to and without waiving the foregoing objections, Otto Trucking states:

Neither Otto Trucking nor Otto Transport have been involved in the development or use of any LiDAR technology developed by Uber, including, but not limited to, the Spider and Fuji designs The only LiDAR devices on trucks owned or leased by Otto Trucking and/or Otto Transport use third party Velodyne devices. Accordingly, Otto Trucking states that none of the purported trade secrets identified in Waymo's 2019 Disclosures have been misappropriated by Otto Trucking.

**COMMON INTERROGATORY NO. 5:**

Identify each alleged WAYMO trade secret from "Plaintiff's List of Asserted Trade Secrets Pursuant to Cal. Code Civ. Proc. Section 2019.210," served on March 10, 2017, that YOU contend lacks independent economic value from not being generally known, and identify all facts and DOCUMENTS (by Bates number) that YOU believe support YOUR contention.

1  **RESPONSE TO COMMON INTERROGATORY NO.5:**

2      Otto Trucking objects to this Interrogatory to the extent that it seeks information that is a

3  subject for expert testimony.  Otto Trucking will disclose its expert opinions according to the

4  schedule set forth by the Court.  Otto Trucking also objects to this Interrogatory to the extent that it

5  assumes that Waymo's alleged trade secrets are in fact trade secrets, are not generally known, have

6  not been disclosed to third parties, or were not independently developed by other companies.

7      Subject to and without waiving the foregoing objections, Otto Trucking states:

8      Waymo's identified features are merely design choices that are present in other devices,

9  including devices developed by third parties.  No individual design choice has independent

10 economic value for not being known, and, in many cases, they are known by third parties.

11 [redacted]

12 [redacted]

13 [redacted]

14 [redacted]

15 [redacted]

16 [redacted]

17 [redacted]

18 [redacted]

19 [redacted]

20 [redacted]

21 [redacted]

22 [redacted]

23 [redacted]

24 [redacted]

25 [redacted] A purported trade secret that is generally

26 known thus has no economic value.

27

28

1    Otto Trucking incorporates Uber's and Ottomotto's response to Common Interrogatory 5.
2  Otto Trucking further incorporates its response to Common Interrogatory No. 6 for examples of
3  additional ways in which the purported trade secrets have been disclosed or are generally known.
4    Discovery is ongoing.  Otto Trucking reserves the right to supplement its responses as
5  additional information becomes available.

6  **COMMON INTERROGATORY NO.6:**

7    Identify each alleged WAYMO trade secret from "Plaintiff's List of Asserted Trade Secrets
8  Pursuant to Cal. Code Civ. Proc. Section 2019.210," served on March 10, 2017, that YOU contend is
9  not subject of efforts that are reasonable under the circumstances to maintain its secrecy, including
10  any contention that the trade secret is generally known in the industry, not secret, or readily
11  ascertainable, and identify all facts and DOCUMENTS (by Bates number) that YOU believe support
12  YOUR contention.

13  **RESPONSE TO COMMON INTERROGATORY NO. 6:**

14    Otto Trucking objects to this Interrogatory to the extent that it seeks information that is a
15  subject for expert testimony.  Otto Trucking will disclose its expert opinions according to the
16  schedule set forth by the Court.  Otto Trucking also objects to this Interrogatory to the extent that it
17  seeks information relating to Waymo's security practices, which Waymo has not sufficiently
18  disclosed or identified such that Otto Trucking could contend whether the security practices are
19  sufficient or not.  Otto Trucking also objects to this Interrogatory to the extent that it assumes that
20  Waymo's alleged trade secrets are in fact trade secrets, are not generally known, have not been
21  disclosed to third parties, or were not independently developed by other companies.

22    Subject to and without waiving the foregoing objections, Otto Trucking refers Waymo to the
23  testimony of Gaetan Pennecot at 429:11-431:10 that identifies a number of ways that Waymo's
24  LiDAR has been disclosed to third parties and/or the public.  In addition, Otto Trucking states that
25  testimony provided by Waymo witnesses and Waymo's own interrogatory responses have
26  demonstrated the inadequacy of Waymo's security practices.

27  [REDACTED]
28  [REDACTED]



1
2
3
4
5
6
7
8
9
10
11
12
13   In addition, in the parties' meet and confer discussions regarding Waymo's retention of
14   metadata from its SVN server, Waymo stated that it discovered that Mr. Levandowski allegedly
15   downloaded 14,000 documents containing Waymo trade secrets on September 19, 2016.  This
16   demonstrates that Waymo did not have proper security tools to monitor activity on the SVN server
17   and alert it to unusual activity or significant downloads of files.  Or if it did have these security
18   features, Waymo did not have adequate processes for reviewing and addressing these alerts.
19
20
21
22
23
24
25
26   Moreover,
27   although Otto Trucking believes that Waymo's investigation into Mr. Levandowski began well
28   before September 2016, if indeed Waymo only reviewed the log data as of that date, Otto Trucking

1  contends that Waymo did not have adequate procedures for investigating whether former employees
2  retained any purported trade secrets upon their departure from the company. ████████
3  ████████████████████████████████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████████████████████
7  ███████████████████████████████████████████████████████████████████
8  ██████████████████████████████████████████  Finally, if Waymo indeed discovered the
9  alleged downloading on September 19, 2016, Waymo waited over five months to initiate any action
10 to obtain the return of its purported trade secrets, and to date, has never initiated any action against
11 Mr. Levandowski for misappropriation of trade secrets.  If the information contained in the 14,000
12 files contained trade secrets, this delay was not reasonable and demonstrates Waymo's failure to
13 adequately protect its trade secrets.
14 ████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████████████████████
21 ███████████████████████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████████████████████████████████
23 ████████████████████████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████████████████████████████████
25 ██████████████████████████████████████████████
26      Otto Trucking also incorporates Uber's response to this Interrogatory.
27      Discovery is ongoing.  Otto Trucking reserves the right to supplement its responses as
28 additional information becomes available.

ACTIVE/91808130.3                                          7
OTTO TRUCKING'S RESPONSES TO WAYMO'S
SECOND SET OF COMMON INTERROGATORIES                               CASE NO. 3:17-CV-00939

**COMMON INTERROGATORY NO.7:**

If YOU contend that any of the alleged WAYMO trade secrets disclosed in "Plaintiff's List of Asserted Trade Secrets Pursuant to Cal. Code. Civ. Proc. Section 2019.210" served on March 10, 2017 was derived independently by YOU or a third party, then separately by trade secret state YOUR complete legal and factual basis for that contention.

**RESPONSE TO COMMON INTERROGATORY NO. 7:**

Otto Trucking objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of Waymo or third parties.  Otto Trucking also objects to this Interrogatory to the extent that it assumes that Waymo's alleged trade secrets are in fact trade secrets, have not been disclosed to third parties, were not generally known, or were not independently developed by other companies.  Subject to and without waiving the foregoing objections, Otto Trucking states:

Neither Otto Trucking nor Otto Transport has been involved in the development of LiDAR technology.  The only LiDAR devices on trucks owned or leased by Otto Trucking and/or Otto Transport use third party Velodyne devices.  Accordingly, Velodyne is in the best position to describe its development, not Otto Trucking. ███████████████████████████████
████████████████████████████████████████████████████████████████
████████

By:  /s/ Hong-An Vu
Neel Chatterjee
*nchatterjee@goodwinlaw.com*
Brett Schuman
*bschuman@goodwinlaw.com*
Shane Brun
*sbrun@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
Hong-An Vu
*hvu@goodwinlaw.com*
Hayes P. Hyde
*hhyde@goodwinlaw.com*
James Lin
*jlin@goodwinlaw.com*
**GOODWIN PROCTER LLP**

1                                         *Attorneys for Defendant: Otto Trucking LLC*

## VERIFICATION

I, Rhian Morgan, declare that I have reviewed Otto Trucking LLC's DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF COMMON INTERROGATORIES and know its contents.

I am Corporate Secretary at Otto Trucking LLC, a party to this action, and am authorized to make this verification for and on its behalf. I am informed and believe and on that basis state that the responses provided therein are true and correct.

I have not reviewed information designated by plaintiff Waymo, LLC as "Highly-Confidential – Attorneys' Eyes Only" under the PATENT LOCAL RULE 2-2 INTERIM MODEL PROTECTIVE ORDER, but am informed and believe that the redacted information in these responses contain accurate representations of the materials relating to Waymo, LLC.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of July, 2017 in Pittsburgh, PA

_____
Rhian Morgan, Corporate Secretary
Otto Trucking LLC

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  601 South Figueroa Street, 41st Floor, Los Angeles, California 90017.

On **July 31, 2017**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**DEFENDANT OTTO TRUCKING LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF WAYMO LLC'S SECOND SET OF COMMON INTERROGATORIES**

| | |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA  94111-4788 | Counsel for Plaintiff: *Waymo LLC*<br>Telephone: 415.875.6600<br>Facsimile: 415.875.6700<br>QE-Waymo@quinnemanuel.com |
| Leo P. Cunningham<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | Counsel for Plaintiff: *Waymo LLC*<br>Telephone: 650.493.9300<br>Facsimile: 650.493.6811<br>lcunningham@wsgr.com |
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522<br>UberWaymo@mofo.com |
| Michelle Ching Youn Yang<br>MORRISON FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC  20006 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 202.887.1500<br>Facsimile: 202.887.0763<br>UberWaymo@mofo.com |
| Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 650.813.5600<br>Facsimile: 650.494.0792<br>UberWaymo@mofo.com |
| Wendy Joy Ray<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 213.892.5200<br>Facsimile: 213.892.5454<br>UberWaymo@mofo.com |

| | |
|---|---|
| Michael Darron Jay<br>BOIES SCHILLER & FLEXNER LLP<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401 | Counsel for Defendants: *Uber Technologies Inc.*<br>and *Ottomotto LLC*<br>Telephone: 310.752.2400<br>Facsimile: 310.752.2490<br>BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| Meredith Richardson Dearborn<br>BOIES SCHILLER FLEXNER LLP<br>435 Tasso Street, Suite 205<br>Palo Alto, CA 94301 | Counsel for Defendants: *Uber Technologies Inc.*<br>and *Ottomotto LLC*<br>Telephone: 650.445.6400<br>Facsimile: 650.329.8507<br>BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| Hamish Hume<br>Jessica E Phillips<br>Karen Leah Dunn<br>Kyle N. Smith<br>Martha Lea Goodman<br>BOIES SCHILLER FLEXNER LLP<br>1401 New York Ave., NW<br>Washington, DC 20005 | Counsel for Defendants: *Uber Technologies Inc.*<br>and *Ottomotto LLC*<br>Telephone: 202.237.2727<br>Facsimile: 202.237.6131<br>BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| John L. Cooper<br>FARELLA BRAUN + MARTEL LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA  94104 | Appointed by Court as: *Special Master*<br>Telephone: 415.954.4410<br>Facsimile: 415.954.4480<br>jcooper@fbm.com |

☑ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **July 31, 2017**, at Los Angeles, California.

| Hong-An Vu | */s/ Hong-An Vu* |
|---|---|
| (Type or print name) | (Signature) |

QE-Waymo@quinnemanuel.com; lcunningham@wsgr.com; UberWaymo@mofo.com; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; jcooper@fbm.com; MCate@fbm.com