Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant: Otto Trucking LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANT OTTO TRUCKING'S OPPOSITION TO PLAINTIFF WAYMO LLC'S MOTION *IN LIMINE* NO. 16**<br><br>Hearing Date:　September 20, 2017<br>Hearing Time:　8:00 a.m.<br>Courtroom:　　8 (19th Floor)<br>Judge:　　　　The Honorable William Alsup<br><br>Trial:　　　　October 10, 2017<br><br>Filed/Lodged Concurrently with:<br>1. Chatterjee Declaration<br>2. Gruver Declaration<br><br>REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED |

1   Plaintiff Waymo, LLC ("Waymo") seeks to preclude defendants from putting on testimony
2   from one of its own former employees regarding its public disclosure of Waymo's purported trade
3   secrets. Leaving aside the undisputed record that defendant Otto Trucking LLC ("Otto Trucking")
4   disclosed Ms. Seval Oz and the earrings made from printed circuit boards during fact discovery,
5   Waymo should have disclosed this information itself. Otto Trucking respectfully requests that
6   Waymo's Motion *In Limine* No. 16 be denied.

7   **I.   STATEMENT OF FACTS.**

8   Ms. Oz was an employee of Google's Self-Driving Car Program (Project Chauffeur) from
9   approximately March of 2011 through August of 2014. Declaration of Neel Chatterjee in Support
10  of Opposition to Waymo's Motion *in Limine* No. 16 ("Chatterjee Decl."), Ex. 1. She currently
11  works at Aurima, Inc., an artificial intelligence startup focused on autonomous vehicles, funded by
12  Waymo's parent company, Alphabet, through its venture fund, Gradient Ventures. *See id.*

13  The printed circuits boards that ultimately became Ms. Oz's earrings were not stored in
14  any locked or secured location, and were available in many places throughout Project Chauffeur's
15  offices. Declaration of Daniel Gruver, ¶ 5. Daniel Gruver, then-technical program manager on
16  Project Chauffeur's LiDAR team, had a number of printed circuit boards on his desk located in a
17  common area accessible to other employees. *Id.* Mr. Gruver recalls that Ms. Oz had suggested
18  that the boards could make good earrings. *Id.* at ¶ 7. He did not recall anyone at Project
19  Chauffeur expressing concern about Ms. Oz receiving the printed circuit boards. *Id.* at ¶ 8.

20  At no point during discovery has Waymo disclosed Ms. Oz, or the more general practice at
21  Google and Project Chauffeur of letting employees retain mementos that included its LiDAR
22  systems. Indeed, in its responses to Defendants' interrogatories, Waymo stated that it was not
23  aware of any instances where its purported trade secrets were publicly or otherwise disclosed to
24  third parties. Chatterjee Decl., Ex. 2 (Response to Interrogatory No. 6). While taking the
25  depositions of several of its former employees, Waymo did not ask them about public disclosure
26  of trade secrets aside from a few patents and publications.

27  Otto Trucking listed Ms. Oz as a person likely having discoverable information in its
28  Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), served on June 21, 2017. Ex. H to

1  Waymo's Motion *in Limine* No. 16 ("Waymo Ex.") at 21-22.  At all times since then, Ms. Oz has
2  been on Otto Trucking's witness list.  Given the accelerated schedule in this case, on or about
3  August 2, 2017, the Special Master requested that the parties pare down their lists of witnesses and
4  eliminate anyone that they did not intend to rely on at trial.  Ms. Oz remained on Otto Trucking's
5  witness list, and counsel identified her as a third party who would need to be subpoenaed.
6  Chatterjee Decl., Ex. 3 (H. Vu email to service lists, 8/10/17).  At no point did Otto Trucking
7  remove Ms. Oz from its witness lists, and at no point did Waymo attempt to subpoena Ms. Oz or
8  further pursue her deposition.  *See id.* at Ex. 4  (H. Vu email to service lists, 8/12/17).

9  In its interrogatory responses dated July 31, 2017, Otto Trucking expressly disclosed that
10 [REDACTED]
11 [REDACTED] Waymo Ex. F, at p. 4 (Objs. and
12 Resps. to Waymo's Secondd Set Common Rogs).  At least two witnesses mentioned or discussed
13 Ms. Oz during their deposition testimony.  Chatterjee Decl., Ex. 5 (Dep. of Michael Xing at 14:17-
14 33:4); Ex. 6 (Dep. of Dmitri Dolgov at 44:1-45:9).  Ms. Oz's earrings were produced and made
15 available to Waymo's counsel at the deposition of Pierre-Yves Droz on August 22, 2017.  *See Id.*
16 at Ex. 7 (Dep. of Pierre-Yves Droz at 33:22-39:8).  During that deposition, pictures of the earrings
17 were taken and were included as exhibits to the transcript.  Counsel for Otto Trucking has
18 expressly stated that the earrings were available for inspection by Waymo.  *Id.* at 39:5-10.  Otto
19 Trucking has not received any request to inspect the earrings.

20 In response to a request for communications with Ms. Oz, third-party Anthony
21 Levandowski produced text messages with Ms. Oz on August 23, which reflected his
22 conversations with Ms. Oz regarding the earrings.  *See* Waymo Exs. B, C, D.

23 **II.    ARGUMENT**

24 Waymo contends – without citing to any legal authority – that suspected involvement by
25 Mr. Levandowski in locating Ms. Oz's earrings is somehow a basis for precluding this evidence.
26 This amounts to an absurdity – the mere suspicion that Mr. Levandowski provided information to
27 counsel is not grounds for excluding evidence.  Moreover, Waymo's contention that Mr.
28 Levandowski has not cooperated in discovery is not correct, as he has produced documents

2

pursuant to subpoena, including in response to a request regarding Ms. Oz's earrings. In addition, Ms. Oz had discussed the earrings with others at Project Chauffeur. *See* Gruver Decl., ¶¶ 7-9.

To the extent that Waymo argues that any involvement by Mr. Levandowski risks a waiver of any party's privilege or his rights under the Fifth Amendment, the law is clear that a witness may "pick the point beyond which he will not go" and refuse to answer questions about matters already discussed. *See Shendal v. U.S.*, 312 F.2d 564, 566 (9th Cir. 1963); *In re Master Key Litig.*, 507 F.2d 292, 293-94 (9th Cir. 1974) ("The proper inquiry in this case . . . is not whether [the witness] waived his privilege simply by giving incriminating testimony as to certain company practices, but whether, in light of his prior disclosures, the testimony sought could possibly incriminate him further."). Waymo had the opportunity to ask Mr. Levandowski about public disclosures and disclosures to third-parties of Waymo's alleged trade secrets, but it chose not to do so, either through a subpoena or at a deposition. Waymo cannot now use any purported involvement by Mr. Levandowski as a basis for excluding this evidence.

As to Waymo's objections under Fed. R. Civ. P. 26 and 37, Waymo's motion fails because the record shows that Otto Trucking disclosed Ms. Oz as a witness nearly two months before the close of discovery in its initial disclosures. *See* Fed. R. Civ. P. 37(c)(1); *see, e.g., 3Com Corp. v. Realtek Semiconductor Corp.*, No. C 03-2177 VRW, 2008 WL783383, at *5 (N.D. Cal. Mar. 24, 2008) (denying motion where at least one document was produced before close of discovery and finding no prejudice as to the use of others at trial). She remained on Otto Trucking's disclosures even after the parties were asked to pare down their witness lists. As such, Waymo cannot now argue that it had no knowledge of her as a witness, or no reason to depose her.

None of the four factors identified by Waymo – (1) prejudice or surprise to the party against whom evidence is offered; (2) ability to cure any prejudice; (3) likelihood of disruption of trial; and (4) bad faith or willfulness – support excluding Ms. Oz's testimony or the earrings themselves. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010). <u>First</u>, even assuming, *arguendo*, that disclosure of Ms. Oz and the PCB earrings was untimely, Waymo cannot argue prejudice because they were equally in possession of this information as defendants were. *See, e.g., L&L Franchise, Inc. v. Tsai*, 2008 WL 11337594, at *2-3 (S.D. Cal.

3

1  Mar. 7, 2008) (denying motion to exclude where moving party knew of documents and documents
2  were publicly available).  Waymo cannot dispute that Ms. Oz was an employee at Waymo and
3  Project Chauffeur.  Waymo also cannot hide its head in the sand and pretend that it did not know
4  of the practices at Project Chauffeur for departing employees to keep mementos, including parts of
5  Waymo's LiDAR systems.  Because such disclosures and information can constitute public
6  disclosure of Waymo's purported trade secrets, Waymo should have disclosed this information
7  itself during discovery.  *Second*, Waymo had the opportunity to cure any prejudice that would
8  have resulted, as it had the opportunity to depose or subpoena Ms. Oz and to inspect and
9  photograph the earrings.  That Waymo chose not to is no fault of Otto Trucking's.  *Third*, Waymo
10 halfheartedly argues that the earrings and Ms. Oz's testimony will "serve to disrupt trial" by
11 introducing "outdated Waymo technology" that would be inadmissible under Fed. R. Evid. 403.
12 The earrings and Ms. Oz's testimony are relevant to Waymo's public disclosure of its alleged
13 trade secrets and the measures Waymo took to protect its alleged trade secrets.  *See, e.g.*, Cal. Civ.
14 Code § 3426.1(d)(2); *Townsend v. Akamai Techs., Inc.*, 2009 WL 10672745, at *2 (C.D. Cal. May
15 14, 2009) (granting summary judgment and finding "Plaintiff has presented no evidence that he
16 took reasonable steps" to maintain secrecy).  The probative value of this evidence outweighs any
17 potential undue prejudice to Waymo.  *See* Fed. R. Evid. 403.  *Finally*, Waymo admits that the
18 Court need not consider the fourth factor, and as demonstrated above, Otto Trucking cannot be
19 said to have abdicated its discovery duties by including a witness in its initial disclosures.
20         Waymo's meritless accusations appear to rest on the timing of the production of the
21 earrings.  The production, however, occurred before the close of discovery and before a large
22 number of depositions took place.  Given the compressed schedule in this litigation, all of the
23 parties have been supplementing their productions through the close of discovery.  For example,
24 on the last day of fact discovery, Waymo produced over 7200 documents – about one-third of its
25 total production, long after most depositions were completed.  Waymo cannot be heard to
26 complain about Otto Trucking's production – let alone seeking sanctions under Rule 37 – in light
27 of their own repeated and belated supplementation of discovery.
28         For the above-stated reasons, Waymo's Motion *in Limine* No. 16 should be denied.

4

Dated:  September 13, 2017                Respectfully submitted,

                                          By:   */s/   Neel Chatterjee*
                                                Neel Chatterjee
                                                *nchatterjee@goodwinlaw.com*
                                                Brett Schuman
                                                *bschuman@goodwinlaw.com*
                                                Shane Brun
                                                *sbrun@goodwinlaw.com*
                                                Rachel M. Walsh
                                                *rwalsh@goodwinlaw.com*
                                                Hong-An Vu
                                                *hvu@goodwinlaw.com*
                                                Hayes P. Hyde
                                                *hhyde@goodwinlaw.com*
                                                James Lin
                                                *jlin@goodwinlaw.com*
                                                **GOODWIN PROCTER LLP**

                                          *Attorneys for Defendant:* Otto Trucking LLC

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is: Three Embarcadero Street, 28th Floor, San Francisco, California 94111.

On **September 13, 2017**, I electronically served the following document on the persons below as follows:

**DEFENDANT OTTO TRUCKING'S OPPOSITION TO PLAINTIFF WAYMO LLC'S MOTION *IN LIMINE* NO. 16**

| | |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA  94111-4788 | Counsel for Plaintiff: *Waymo LLC*<br>Telephone: 415.875.6600<br>Facsimile: 415.875.6700<br>QE-Waymo@quinnemanuel.com |
| David Cooper<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor,<br>New York, New York 10010 | Counsel for Plaintiff: *Waymo LLC*<br>Telephone: 212.849.7000<br>Facsimile: 212.849.7100<br>QE-Waymo@quinnemanuel.com |
| Michelle W. Fox<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>111 Elizabeth Street, Level 15<br>Sydney NSW 2000, Australia | Counsel for Plaintiff: *Waymo LLC*<br>Telephone: 011.61.2.9146.3500<br>michellefox@quinnemanuel.com |
| Leo P. Cunningham<br>WILSON SONSINI GOODRICH &<br>ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | Counsel for Plaintiff: *Waymo LLC*<br>Telephone: 650.493.9300<br>Facsimile: 650.493.6811<br>lcunningham@wsgr.com |
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105 | Counsel for Defendants: *Uber Technologies Inc.* and *Ottomotto LLC*<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522<br>UberWaymoMoFoAttorneys@mofo.com |

| | | |
|---|---|---|
| 1 | Michelle Ching Youn Yang<br>MORRISON FOERSTER LLP | Counsel for Defendants: *Uber Technologies Inc.*<br>and *Ottomotto LLC* |
| 2 | 2000 Pennsylvania Avenue, NW<br>Washington, DC  20006 | Telephone: 202.887.1500<br>Facsimile: 202.887.0763 |
| 3 | | UberWaymoMoFoAttorneys@mofo.com |
| 4 | Rudolph Kim<br>MORRISON & FOERSTER LLP | Counsel for Defendants: *Uber Technologies Inc.*<br>and *Ottomotto LLC* |
| 5 | 755 Page Mill Road<br>Palo Alto, CA  94304 | Telephone: 650.813.5600<br>Facsimile: 650.494.0792 |
| 6 | | UberWaymoMoFoAttorneys@mofo.com |
| 7 | Wendy Joy Ray<br>MORRISON & FOERSTER LLP | Counsel for Defendants: *Uber Technologies Inc.*<br>and *Ottomotto LLC* |
| 8 | 707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017 | Telephone: 213.892.5200<br>Facsimile: 213.892.5454 |
| 9 | | UberWaymoMoFoAttorneys@mofo.com |
| 10 | Michael Darron Jay<br>BOIES SCHILLER & FLEXNER LLP | Counsel for Defendants: *Uber Technologies Inc.*<br>and *Ottomotto LLC* |
| 11 | 401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401 | Telephone: 310.752.2400<br>Facsimile: 310.752.2490 |
| 12 | | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| 13 | Meredith Richardson Dearborn<br>BOIES SCHILLER FLEXNER LLP | Counsel for Defendants: *Uber Technologies Inc.*<br>and *Ottomotto LLC* |
| 14 | 435 Tasso Street, Suite 205<br>Palo Alto, CA 94301 | Telephone: 650.445.6400<br>Facsimile: 650.329.8507 |
| 15 | | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| 16 | Hamish Hume<br>Jessica E Phillips | Counsel for Defendants: *Uber Technologies Inc.*<br>and *Ottomotto LLC* |
| 17 | Karen Leah Dunn<br>Kyle N. Smith | Telephone: 202.237.2727<br>Facsimile: 202.237.6131 |
| 18 | Martha Lea Goodman<br>BOIES SCHILLER FLEXNER LLP | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| 19 | 1401 New York Ave., NW<br>Washington, DC 20005 | |
| 20 | John P. Lahad | Counsel for Defendants: *Uber Technologies Inc.* |
| 21 | Joseph S. Grinstein<br>SUSMAN GODFREY LLP | and *Ottomotto LLC*<br>Telephone: 713.653.7859 |
| 22 | 1000 Louisiana Street, Suite 5100<br>Houston, TX  77002 | Uber-sg@lists.susmangodfrey.com |
| 23 | William Christopher Carmody | Counsel for Defendants: *Uber Technologies Inc.* |
| 24 | Shawn J. Rabin<br>Cory Buland | and *Ottomotto LLC*<br>Telephone: 212.336.8330 |
| 25 | Halley W. Josephs<br>Ian M. Gore | Uber-sg@lists.susmangodfrey.com |
| 26 | SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd Floor | |
| 27 | New York, NY  10019 | |
| 28 | | |

2

| | |
|---|---|
| Genevieve Vose Wallace<br>Matthew R. Berry<br>SUSMAN GODFREY LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA  98101 | Counsel for Defendants: *Uber Technologies Inc.*<br>and *Ottomotto LLC*<br>Telephone: 206.516.3836<br>Facsimile:<br>Uber-sg@lists.susmangodfrey.com |
| John L. Cooper<br>FARELLA BRAUN + MARTEL LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA  94104 | Appointed by Court as: *Special Master*<br>Telephone: 415.954.4410<br>Facsimile: 415.954.4480<br>jcooper@fbm.com |

☐ (MAIL).  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☐ (OVERNIGHT DELIVERY). I deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☑ (E-MAIL or ELECTRONIC TRANSMISSION). Based on a court order or *an agreement of the parties to accept service by e-mail or electronic transmission*, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **September 13, 2017,** at San Francisco, California.

| | |
|---|---|
| Hayes P. Hyde | /s/ Hayes P. Hyde |
| (Type or print name) | (Signature) |