# Exhibit 2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>       Plaintiffs,<br><br>       v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC,<br><br>       Defendants. | Case No. 17-cv-00939-JCS<br><br>**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO OTTO TRUCKING, LLC'S INTERROGATORY NOS. 1-9** |

| 113 | *See supra*, Trade Secret No. 9. |
|-----|----------------------------------|
| 114 | *See supra*, Trade Secret No. 9. |
| 115 | *See supra*, Trade Secret No. 9. |
| 116 | *See supra*, Trade Secret No. 9. |
| 117 | *See supra*, Trade Secret No. 9. |
| 118 | *See supra*, Trade Secret No. 9. |
| 119 | *See supra*, Trade Secret No. 9. |
| 120 | *See supra*, Trade Secret No. 9. |
| 121 | *See supra*, Trade Secret No. 9. |

Discovery is ongoing and Waymo reserves the right to supplement this response after further discovery and investigation.

INTERROGATORY NO. 6:

Separately for each alleged Waymo trade secret identified Waymo's 2019 Disclosure, describe all instances in which the trade secret (or any Waymo LiDAR device utilizing the trade secret) was publicly or otherwise disclosed to third parties, and identify all Documents (by Bates number) concerning such disclosure.

RESPONSE TO INTERROGATORY NO. 6:

Waymo incorporates by reference its General Objections. Waymo further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and oppressive, including to the extent that it asks Waymo to respond separately for each alleged Waymo trade secret. Waymo further objects to this request to the extent it is compound, complex, and contains multiple subparts. Waymo further objects to this interrogatory to the extent it seeks information subject to a non-disclosure agreement or claim of third-party confidentiality.

Subject to and without waiving the foregoing General and Specific Objections, Waymo responds as follows: Waymo hereby incorporates by reference its Response to Uber's Interrogatory No. 8. Waymo further responds:

| 113 | *See supra*, Trade Secret No. 9. |
|---|---|
| 114 | *See supra*, Trade Secret No. 9. |
| 115 | *See supra*, Trade Secret No. 9. |
| 116 | *See supra*, Trade Secret No. 9. |
| 117 | *See supra*, Trade Secret No. 9. |
| 118 | *See supra*, Trade Secret No. 9. |
| 119 | *See supra*, Trade Secret No. 9. |
| 120 | *See supra*, Trade Secret No. 9. |
| 121 | *See supra*, Trade Secret No. 9. |

Discovery is ongoing and Waymo reserves the right to supplement this response after further discovery and investigation.

INTERROGATORY NO. 6:

Separately for each alleged Waymo trade secret identified Waymo's 2019 Disclosure, describe all instances in which the trade secret (or any Waymo LiDAR device utilizing the trade secret) was publicly or otherwise disclosed to third parties, and identify all Documents (by Bates number) concerning such disclosure.

RESPONSE TO INTERROGATORY NO. 6:

Waymo incorporates by reference its General Objections. Waymo further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and oppressive, including to the extent that it asks Waymo to respond separately for each alleged Waymo trade secret. Waymo further objects to this request to the extent it is compound, complex, and contains multiple subparts. Waymo further objects to this interrogatory to the extent it seeks information subject to a non-disclosure agreement or claim of third-party confidentiality.

Subject to and without waiving the foregoing General and Specific Objections, Waymo responds as follows: Waymo hereby incorporates by reference its Response to Uber's Interrogatory No. 8. Waymo further responds:

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Waymo is not aware of any instances in which Waymo's asserted trade secrets or any Waymo LiDAR device utilizing the trade secrets was publicly or otherwise disclosed to third parties.

Discovery is ongoing and Waymo reserves the right to supplement this response after further discovery and investigation.

FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:

Waymo objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and oppressive, including to the extent that it asks Waymo to respond separately for each alleged Waymo trade secret.  Waymo further objects to this request to the extent it is compound, complex, and contains multiple subparts.  Waymo further objects to this interrogatory to the extent it seeks information subject to a non-disclosure agreement or claim of third-party confidentiality.

Subject to and without waiving the foregoing objections, Waymo responds as follows:

Waymo is not aware of any instances in which Waymo's asserted trade secrets or any Waymo LiDAR device utilizing the trade secrets was publicly or otherwise disclosed to third parties.

Discovery is ongoing and Waymo reserves the right to supplement this response after further discovery and investigation.

SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:

Waymo incorporates by reference its prior Responses to Interrogatory No. 6, including objections.

Waymo further responds as follows:

Waymo incorporates the Opening Expert Report of Lambertus Hesselink, Ph.D. and its Second Supplemental Response to Uber's Interrogatory No. 3 as if set forth in full herein.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DATED:  August 24, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Charles K. Verhoeven
Charles K. Verhoeven
Attorneys for WAYMO LLC