# EXHIBIT 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC §<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>§<br>UBER TECHNOLOGIES, INC.; §<br>OTTOMOTTO LLC; OTTO §<br>TRUCKING LLC §<br>§<br>Defendants. §<br>§<br>§ | CASE NO. 3:17-cv-00939-WHA |

---

## REBUTTAL EXPERT REPORT OF WALTER BRATIC

---

September 7, 2017

Respectfully submitted,

*[signature]*

_____

Walter Bratic

CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████ [45] Mr. Wagner multiplied the estimates from the Qi Slide by a proportional factor of an estimated amount of time Waymo contends it would have taken for Uber to independently develop the Waymo Purported Trade Secrets.[46]

22.     According to the Court's operative Case Management Order, "[a]s to damages studies, the cut-off date for *past damages* will be as of the expert report (or such earlier date as the expert may select)."[47]  The Court's order also stated that "the experts may try to project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for future damages can be met."[48]  Mr. Wagner has not identified any actual past damages that Waymo suffered or any actual unjust profits that Uber realized as of August 24, 2017, the date the Wagner Report was issued.  Given that Mr. Wagner's opinion of purported unjust profits is premised on a projection of future profits discounted to present value, per the Court's order, Mr. Wagner's opinion must be analyzed under the substantive standards applicable to the calculation of future damages.

23.     In order to analyze the validity of Mr. Wagner's unjust profits opinion, I first examined the Qi Slide, which serves as the premise of Mr. Wagner's opinion of purported unjust profits.  Given that Mr. Wagner's opinion relied so heavily on a single projection, it is critical to understand the purpose for which it was created, the analytical rigor, if any, that went into developing it, the extent to which others reviewed and critiqued it, and the extent to which it was actually relied upon and used for business decision-making purposes.  Furthermore, when relying on a projection as the basis of an opinion, it is necessary to independently test the analysis to ensure that the assumptions are reasonable and that it is free of methodological errors.

---

[44] The Wagner Report, ¶¶ 271-281; and UBER00069030 – 033, at 033.
[45] UBER00069030 – 033, at 033.
[46] The Wagner Report, ¶¶ 282 – 285.
[47] Case 3:17-cv-00939-WHA, Document 563.
[48] Case 3:17-cv-00939-WHA, Document 563.

24.     Even if the Qi Slide employed a reasonable methodology and reasonable assumptions in January 2016, Mr. Wagner's opinion of purported unjust profits is as of August 24, 2017.[49]  As a result, the extent to which, if at all, Mr. Wagner undertook an analysis to substantiate that the assumptions underlying the Ms. Qi's analysis remained reasonable 18 months after she performed her analysis must be examined.  I analyzed whether, ignoring the methodological flaws of the Qi Slide and the fact that Ms. Qi performed her analysis 18 months prior to Mr. Wagner issuing his opinion, Ms. Qi's analysis is speculative and unreliable in light of uncertainties surrounding the autonomous vehicle ("AV") market and the subject technology.  Finally, I examined the relationship between the projected incremental profits and the Waymo Purported Trade Secrets to determine if Mr. Wagner properly apportioned ███████████████ specifically attributable to the Waymo Purported Trade Secrets.

25.     My conclusions regarding the foregoing are summarized as follows:

- The Qi Slide is an inadequate, speculative and unreliable basis upon which to base an opinion of damages.  It underwent no peer review, and was never used or relied upon by Uber.  Mr. Wagner has not indicated that he independently tested or re-created Ms. Qi's methodology, nor has he indicated that he independently tested the assumptions Ms. Qi utilized in her analysis to assess validity and/or reasonableness.  Certain of Ms. Qi's key assumptions, such as a ███████████ , are unreasonable;

- Mr. Wagner failed to account for the fact that Ms. Qi prepared the analysis underlying the Qi Slide 18 months prior to the issuance of Mr. Wagner's opinions, and that assumptions it is premised upon have been disproven in real life;

- Even ignoring methodological flaws and the fact that it was prepared 18 months prior to the issuance of Mr. Wagner's opinions, the Qi Slide, and Mr. Wagner's opinion by extension, are speculative and unreliable in light of the nature of the AV technology market and uncertainties regarding its regulatory status and commercial viability; and

- Mr. Wagner's apportionment is flawed and he fails to establish a causal link between the Waymo Purported Trade Secrets and purported unjust profits.

---

[49] The Wagner Report.

### i. Mr. Wagner's Unjust Profit Analysis Is Based on a Single Slide Summarizing an Analysis that Uber Never Used

26. Mr. Wagner's opinion of purported unjust profits is premised on the results shown on the Qi Slide, which is a summary slide from January 2016 that shows ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Given that Mr. Wagner's opinion is so heavily reliant on this single document, it was necessary for Mr. Wagner to fully examine the context in which the Qi Slide was created and independently test the data Ms. Qi relied upon and the assumptions she used in the underlying analysis. Based on the discussion provided in the Wagner Report, Mr. Wagner has not undertaken these analyses.

27. As an initial matter, and contrary to Mr. Wagner's assertion, Ms. Qi's analysis did not ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬[50] Ms. Qi testified, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (emphasis added).[51] To the extent that Mr. Wagner is suggesting that the Qi Slide represents Uber's valuation of Ottomotto (or the Waymo Purported Trade Secrets), this is rebutted by the evidence and testimony.[52]

28. Ms. Qi described the genesis of her exercise as follows:[53]

[redacted block quote]

---

[50] The Wagner Report, ¶ 273.
[51] Deposition of Ningjun Qi, June 22, 2017, pg. 222; *see also id.* at pgs. 217 and 222 – 223 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬).
[52] For example: Deposition of Ningjun Qi, June 22, 2017, pg. 217, and 222 – 223; Deposition of Ningjun Qi, August 10, 2017, pgs. 402 – 403, 406, and 433.
[53] Deposition of Ningjun Qi, June 22, 2017, pg. 216.