1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Tel:    415.268.7000 / Fax:   415.268.7522
5
    KAREN L. DUNN (*Pro Hac Vice*)
6   kdunn@bsfllp.com
    HAMISH P. M. HUME
7   hhume@bsfllp.com
    BOIES SCHILLER FLEXNER LLP
8   1401 New York Avenue, N.W.
    Washington, D.C.  20005
9   Tel:    202.237.2727 / Fax:   202.237.6131

10  WILLIAM CARMODY (*Pro Hac Vice*)
    bcarmody@susmangodfrey.com
11  SUSMAN GODFREY LLP
    1301 Avenue of the Americas, 32nd Floor
12  New York, NY 10019-6023
    Tel.:   212.336.8330 / Fax.:   212.336.8340
13
    Attorneys for Defendants
14  UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC

15

16                    UNITED STATES DISTRICT COURT
17                  NORTHERN DISTRICT OF CALIFORNIA
                        SAN FRANCISCO DIVISION
18  WAYMO LLC,                              Case No. 3:17-cv-00939-WHA

19              Plaintiff,                  **DECLARATION OF MARTHA L.
                                            GOODMAN IN SUPPORT OF
20       v.                                 DEFENDANTS' ADMINISTRATIVE
                                            MOTION TO FILE UNDER SEAL
21  UBER TECHNOLOGIES, INC.,                THEIR MOTION *IN LIMINE* NO. 25
    OTTOMOTTO LLC; OTTO TRUCKING LLC,       AND WAYMO'S BRIEF IN
22                                          OPPOSITION THERETO**
                Defendants.
23                                          Judge:     The Honorable William Alsup
24                                          Trial Date: October 10, 2017

25

26

27

28

I, Martha L. Goodman, declare as follows:

1.     I am an attorney with the law firm of Boies Schiller Flexner LLP representing Defendants Uber Technologies Inc. and Ottomotto LLC (collectively, "Uber") in this matter.  I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.  I make this declaration in support of Defendants' administrative motion for an order to file under seal portions of the briefing and certain exhibits to Defendants' Motion *in Limine* No. 25 and Waymo's Brief in Opposition to Defendants' Motion *in Limine* No. 25.

2.     I have reviewed the following exhibits and only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| **DEFENDANTS' OPENING MIL MATERIALS** | | |
| Defendants' Motion *in Limine* No. 25 ("MIL 25") | Highlighted Portions | Plaintiff |
| Exhibit 11 | Entire Document | Plaintiff |
| Exhibit 17 | Highlighted Portions | Plaintiff |
| Exhibit 18 | Highlighted Portions | Plaintiff |
| Exhibit 19 | Entire Document | Plaintiff |
| Exhibit 20 | Entire Document | Plaintiff |
| Exhibit 21 | Entire Document | Defendants |
| Exhibit 27 | Highlighted Portions | Defendants |
| **WAYMO'S OPPOSITION MATERIALS** | | |
| Plaintiff Waymo LLC's Response to Defendants' Motion In Limine No. 25 to Exclude Reference to the 14,000 Downloaded Files Or, In The Alternative, For A Rule 104 Hearing And/Or Rule 105 Instruction ("Waymo's Opposition to Defendants' MIL 25") | Highlighted Portions | Plaintiff |
| Exhibit 3 to the Declaration of Jeff Nardinelli ("Nardinelli Decl.") | Highlighted Portions | Plaintiffs (green) Defendants (blue) |

**DEFENDANTS' MIL MATERIALS**

3.     The blue highlighted portions of Exhibit 27 and the entirety of Exhibit 21, contain confidential or highly confidential information regarding Uber's LiDAR development and autonomous vehicle business strategy.  This information is not publicly known, and its confidentiality

is strictly maintained.  Disclosure of this information could allow competitors to obtain a competitive

advantage over Uber by giving them details into Uber's internal development of LiDAR and business

plans for autonomous ridesharing, which would allow competitors to understand Uber's LiDAR

development and autonomous vehicle business strategy, and allow them to tailor their own strategy. If

such information were made public, Uber's competitive standing could be significantly harmed.

4.      The green highlighted portions of MIL 25 and of Exhibits 17, 18, and 20, and the

entirety of Exhibits 11 and 19, contain information that Waymo designated or considers

"Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective

Order in this case, or that Waymo asked Uber to file under seal.

**WAYMO'S OPPOSITION MATERIALS**

5.      The blue highlighted portions of Exhibit 3 to the Nardinelli Declaration contain

confidential or highly confidential information regarding Uber's LiDAR development and

autonomous vehicle business strategy.  This information is not publicly known, and its confidentiality

is strictly maintained.  Disclosure of this information could allow competitors to obtain a competitive

advantage over Uber by giving them details into Uber's internal development of LiDAR and business

plans for autonomous ridesharing, which would allow competitors to understand Uber's LiDAR

development and autonomous vehicle business strategy, and allow them to tailor their own strategy. If

such information were made public, Uber's competitive standing could be significantly harmed.

6.      The green highlighted portions of Waymo's Opposition to Defendants' MIL 25 and

of Exhibit 3to the Nardinelli Declaration, contain information that Waymo designated or

considers "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" pursuant to the

Protective Order in this case, or that Waymo asked Uber to file under seal.

***

7.      Uber's request to seal is narrowly tailored to the portions of Defendants' motions

*in limine* and its supporting papers, as well as to the portions of Waymo's briefs in opposition to

Defendants' motions in limine and Waymo's supporting papers, that merit sealing.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this

13th day of September, 2017 at Washington, D.C.

1    Dated: September 13, 2017                    BOIES SCHILLER FLEXNER LLP

2
                                                  By:  */s/ Martha L. Goodman*
3                                                      Martha L. Goodman

4

5

6                       **ATTESTATION OF E-FILED SIGNATURE**

7         I, Karen L. Dunn, am the ECF User whose ID and password are being used to file this

8    document.  In compliance with General Order 45, X.B., I hereby attest that Martha L. Goodman

9    has concurred in this filing.

10   Dated: September 13, 2017

11                                      */s/ Karen L. Dunn*
                                            Karen L. Dunn
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28