# EXHIBIT 22

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
1            UNITED STATES DISTRICT COURT
2          NORTHERN DISTRICT OF CALIFORNIA
3              SAN FRANCISCO DIVISION
4            Case No. 17-cv-00939-WHA
5    ---------------------------------------x
6    WAYMO LLC,
7                  Plaintiff,
8         - against -
9    UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC;
10   OTTO TRUCKING LLC,
11                 Defendants.
12   ---------------------------------------x
13
14     HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
15
16              Videotaped 30(b)(6) Deposition
17   of GARY BROWN, taken by Defendants, held
18   at the offices of Morrison & Foerster LLP,
     250 West 55th Street, at 9:59 a.m. on August
19   8, 2017, New York, New York, before Jineen
     Pavesi, a Registered Professional Reporter,
20   Registered Merit Reporter, Certified Realtime
     Reporter and Notary Public of the State of New York.
21
22
23
24   Job No. 2671217A
25   Pages 1 - 305
```

Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | THE VIDEO TECHNICIAN: Good | 09:57:49AM |
| 2 | morning. | 09:57:49AM |
| 3 | We are now recording and on the | 09:57:49AM |
| 4 | record on August 8, 2017, at 9:59 a.m. | 09:57:51AM |
| 5 | Please note that the | 09:57:56AM |
| 6 | microphones are sensitive and may pick up | 09:58:00AM |
| 7 | whispering, private conversations, and | 09:58:02AM |
| 8 | cellular interference; please turn off all | 09:58:04AM |
| 9 | cell phones or place them away from the | 09:58:07AM |
| 10 | microphones as they can interfere with the | 09:58:09AM |
| 11 | deposition audio. | 09:58:11AM |
| 12 | Recording will continue until | 09:58:11AM |
| 13 | all parties agree to go off the record. | 09:58:14AM |
| 14 | This is video 1 in the | 09:58:16AM |
| 15 | deposition of Gary Brown taken by counsel | 09:58:19AM |
| 16 | for the defendant in the matter of Waymo | 09:58:21AM |
| 17 | LLC versus Uber Technologies, Inc., et | 09:58:24AM |
| 18 | al., this case is filed in the U.S. | 09:58:28AM |
| 19 | District Court, Northern District of | 09:58:31AM |
| 20 | California, San Francisco Division. | 09:58:33AM |
| 21 | This deposition is being held | 09:58:38AM |
| 22 | at Morrison & Foerster LLP, located at 250 | 09:58:39AM |
| 23 | West 55th Street, New York, New York. | 09:58:43AM |
| 24 | My name is George Libbares, the | 09:58:46AM |
| 25 | certified legal video specialist, the | 09:58:49AM |

Page 7

| | | |
|---|---|---|
| 1 | court reporter is Jineen Pavesi, and we're | 09:58:51AM |
| 2 | here from Veritext California. | 09:58:53AM |
| 3 | Counsel will now state their | 09:58:55AM |
| 4 | appearances and the court reporter will | 09:58:57AM |
| 5 | administer the oath. | 09:58:59AM |
| 6 | MS. GOODMAN: Martha Goodman | 09:59:02AM |
| 7 | for defendants Uber and Ottomotto from the | 09:59:04AM |
| 8 | firm Boies, Schiller. | 09:59:09AM |
| 9 | MR. NORRIS: Cain Norris, | 09:59:10AM |
| 10 | Boies, Schiller, Flexner for Uber and | 09:59:10AM |
| 11 | Ottomotto. | 09:59:14AM |
| 12 | MR. CHATTERJEE: Neel Chatterjee | 09:59:14AM |
| 13 | from Goodwin for Otto Trucking and I also | 09:59:16AM |
| 14 | have a consultant with me, Larry Gagnon, | 09:59:18AM |
| 15 | from Duff & Phelps. | 09:59:20AM |
| 16 | MR. BAKER: Jim Baker from | 09:59:22AM |
| 17 | Quinn Emanuel for Waymo. | 09:59:23AM |
| 18 | MS. PUCKETT: Nora Puckett from | 09:59:25AM |
| 19 | Google. | |
| 20 | G A R Y   B R O W N, | |
| 21 | having first been duly sworn by a Notary | |
| 22 | Public of the State of New York, was | |
| 23 | examined and testified as follows: | |
| 24 | EXAMINATION BY | |
| 25 | MS. GOODMAN: | 09:59:34AM |

Veritext Legal Solutions
866 299-5127

| | | | |
|---|---|---|---|
| 1 | Q. | Good morning, Mr. Brown. | 09:59:34AM |
| 2 | A. | Good morning. | 09:59:50AM |
| 3 | Q. | You understand you're here to | 09:59:51AM |
| 4 | testify on behalf of Waymo LLC, is that | | 09:59:53AM |
| 5 | correct? | | 09:59:57AM |
| 6 | A. | I believe so. | 09:59:57AM |
| 7 | Q. | And you've been designated as a | 09:59:58AM |
| 8 | 30(b)(6) witness on certain topics, is | | 10:00:00AM |
| 9 | that correct? | | 10:00:04AM |
| 10 | A. | Yes. | 10:00:04AM |
| 11 | Q. | What topics are you prepared to | 10:00:05AM |
| 12 | testify to here today? | | 10:00:08AM |
| 13 | A. | I think there was a list -- | 10:00:12AM |
| 14 | could counsel, do you want to show him the | | 10:00:14AM |
| 15 | notice? | | 10:00:16AM |
| 16 | | MS. GOODMAN: Sure. | 10:00:16AM |
| 17 | | We will mark this, Defendant | 10:00:19AM |
| 18 | Uber Technologies, Inc., and Ottomotto | | 10:00:21AM |
| 19 | LLC's Notice of Deposition pursuant to | | 10:00:25AM |
| 20 | Federal Rule Civil Procedure 30(b)(6), | | 10:00:27AM |
| 21 | mark that as Exhibit 1311. | | 10:00:29AM |
| 22 | | ( Exhibit 1311, Defendant Uber | 10:00:29AM |
| 23 | Technologies, Inc., and Ottomotto LLC's | | 10:00:29AM |
| 24 | Notice of Deposition pursuant to Federal | | 10:00:29AM |
| 25 | Rule Civil Procedure 30(b)(6), was marked | | 10:00:29AM |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | for identification, as of this date.) | 10:00:40AM |
| 2 | Q. Based on your review of that | 10:00:40AM |
| 3 | document, what topics -- are you prepared | 10:00:42AM |
| 4 | to testify -- | 10:00:45AM |
| 5 | MR. BAKER: Counsel, we have | 10:00:46AM |
| 6 | sent you an e-mail about the topics that | 10:00:46AM |
| 7 | we have designated Mr. Brown on and those | 10:00:48AM |
| 8 | are the topics that he is prepared to | 10:00:50AM |
| 9 | testify about today. | 10:00:52AM |
| 10 | Q. My question to the witness is, | 10:00:55AM |
| 11 | Mr. Brown, what topics are you prepared to | 10:00:56AM |
| 12 | testify here to today? | 10:00:59AM |
| 13 | MR. BAKER: I don't think | 10:01:00AM |
| 14 | that's a fair question. | 10:01:01AM |
| 15 | He didn't memorize the topics, | 10:01:02AM |
| 16 | we have designated the topics. | 10:01:04AM |
| 17 | You can tell him what topics | 10:01:05AM |
| 18 | that we have designated him for and ask | 10:01:07AM |
| 19 | him questions about those topics. | 10:01:09AM |
| 20 | Q. Can you answer the question, | 10:01:14AM |
| 21 | Mr. Brown. | 10:01:14AM |
| 22 | A. These seem different. | 10:01:19AM |
| 23 | I believe -- | 10:01:32AM |
| 24 | MR. BAKER: I will just state | 10:01:33AM |
| 25 | for the record -- | 10:01:35AM |

Page 10

| | | |
|---|---|---|
| 1 |        MS. GOODMAN:  Can I take my | 10:01:35AM |
| 2 | deposition, I will direct the witness to a | 10:01:36AM |
| 3 | page. | 10:01:38AM |
| 4 |        MR. BAKER:  No, that's not | 10:01:39AM |
| 5 | proper. | 10:01:40AM |
| 6 |        MR. CHATTERJEE:  Actually, Jim, | 10:01:41AM |
| 7 | the judge's standing order allows two | 10:01:43AM |
| 8 | objections, not speaking -- | 10:01:44AM |
| 9 |        MR. BAKER:  I understand that, | 10:01:46AM |
| 10 | but this is not an objection issue, Neel, | 10:01:47AM |
| 11 | this is a 30(b)(6) designation issue and | 10:01:50AM |
| 12 | what she is asking him to do is not | 10:01:53AM |
| 13 | proper. | 10:01:55AM |
| 14 |        We have designated this witness | 10:01:55AM |
| 15 | for topics 1 and 3, we have told you that | 10:01:57AM |
| 16 | and that's what he is prepared to testify | 10:02:00AM |
| 17 | to today. | 10:02:02AM |
| 18 |   Q.   Mr. Brown, are you prepared to | 10:02:05AM |
| 19 | testify to topics 1 and 3 listed on page 3 | 10:02:06AM |
| 20 | of the document in front of you? | 10:02:09AM |
| 21 |   A.   Topic 1 and the first third of | 10:02:11AM |
| 22 | topic 3. | 10:02:15AM |
| 23 |        MR. BAKER:  And I will just | 10:02:16AM |
| 24 | note, also, subject to our objections and | 10:02:17AM |
| 25 | responses in the e-mail I believe that we | 10:02:20AM |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | sent you. | 10:02:22AM |
| 2 | Q. Mr. Brown, as to topic 3, you | 10:02:25AM |
| 3 | have indicated you're not prepared to | 10:02:27AM |
| 4 | testify to Waymo's investigation of any | 10:02:29AM |
| 5 | alleged misconduct by Mr. Levandowski with | 10:02:33AM |
| 6 | regard to setting up a competing company, | 10:02:36AM |
| 7 | is that correct? | 10:02:39AM |
| 8 | A. That's correct. | 10:02:39AM |
| 9 | Q. And same question as to | 10:02:40AM |
| 10 | improperly recruiting Waymo employees? | 10:02:41AM |
| 11 | A. That is correct. | 10:02:43AM |
| 12 | Q. However, you are prepared to | 10:02:45AM |
| 13 | testify to Waymo's investigation that | 10:02:46AM |
| 14 | Anthony Levandowski may have improperly | 10:02:50AM |
| 15 | downloaded or exported Waymo documents, is | 10:02:52AM |
| 16 | that correct? | 10:02:55AM |
| 17 | A. Yes. | 10:02:55AM |
| 18 | Q. Thank you. | 10:02:56AM |
| 19 | What did you do today, what did | 10:02:57AM |
| 20 | you do to prepare to testify as to topics | 10:03:02AM |
| 21 | 1 and 3 with the caveat that we have just | 10:03:05AM |
| 22 | established for the record, what did you | 10:03:08AM |
| 23 | do to prepare to testify as to those | 10:03:11AM |
| 24 | subjects? | 10:03:13AM |
| 25 | A. I spoke with the administrator | 10:03:16AM |

Page 12

```
 1    of Waymo Subversion Server and I met with      10:03:20AM
 2    counsel.                                        10:03:29AM
 3         Q.    Who is the administrator of         10:03:30AM
 4    Waymo Subversion server with whom you          10:03:33AM
 5    spoke?                                          10:03:35AM
 6         A.    Jack Brown.                          10:03:36AM
 7         Q.    For how long did you speak with     10:03:39AM
 8    Mr. Brown?                                      10:03:41AM
 9         A.    Maybe five to ten minutes.          10:03:46AM
10         Q.    When did you speak with             10:03:50AM
11    Mr. Brown?                                      10:03:51AM
12         A.    Yesterday.                           10:03:53AM
13         Q.    Was counsel present?                10:03:55AM
14         A.    Yes.                                 10:03:59AM
15         Q.    What did you and Mr. Brown          10:04:02AM
16    speak about?                                    10:04:03AM
17               MR. BAKER:  I will instruct the    10:04:05AM
18    witness not to answer that question on         10:04:06AM
19    grounds of attorney-client privilege.           10:04:07AM
20         Q.    Are you following your              10:04:09AM
21    counsel's instruction?                          10:04:10AM
22         A.    Yes.                                 10:04:11AM
23         Q.    Did you review any documents to    10:04:16AM
24    prepare for today's deposition?                 10:04:17AM
25               MR. BAKER: And I am going to       10:04:20AM
```

Page 13

| | | |
|---|---|---|
| 1 | misappropriation claim? | 10:14:37AM |
| 2 |       MR. BAKER:  Same objection. | 10:14:39AM |
| 3 |   A.    I can't even speak to what a | 10:14:46AM |
| 4 | trade secret is or isn't. | 10:14:49AM |
| 5 |       I just know what's in my | 10:14:52AM |
| 6 | analysis in my declaration. | 10:14:54AM |
| 7 |   Q.    Well, you are here to provide | 10:14:56AM |
| 8 | testimony about Waymo's investigation into | 10:14:59AM |
| 9 | Mr. Levandowski, correct? | 10:15:01AM |
| 10 |   A.    That is correct. | 10:15:02AM |
| 11 |   Q.    And I'm asking whether that | 10:15:03AM |
| 12 | investigation extends to downloading | 10:15:07AM |
| 13 | events other than those which occurred in | 10:15:11AM |
| 14 | December 2015 or January 2016? | 10:15:13AM |
| 15 |   A.    I can tell you that the results | 10:15:21AM |
| 16 | of my analysis pertain to downloads that | 10:15:22AM |
| 17 | occurred in December 2015 and January | 10:15:24AM |
| 18 | 2016. | 10:15:28AM |
| 19 |   Q.    As part of Waymo's forensic | 10:15:36AM |
| 20 | investigation into Mr. Levandowski, are | 10:15:38AM |
| 21 | there downloading events other than in | 10:15:40AM |
| 22 | December 2015 or January 2016 that were | 10:15:44AM |
| 23 | part of Waymo's forensic investigation? | 10:15:51AM |
| 24 |       MR. BAKER:  Objection to form. | 10:15:56AM |
| 25 |   A.    I don't believe currently. | 10:16:00AM |

| | | |
|---|---|---|
| 1 | Q.      Waymo will not present evidence | 10:16:03AM |
| 2 | at trial of any other downloading event | 10:16:06AM |
| 3 | other than in December 2015 or January | 10:16:08AM |
| 4 | 2016, correct? | 10:16:11AM |
| 5 | MR. BAKER:  Objection to form, | 10:16:13AM |
| 6 | I just caution the witness not to reveal | 10:16:15AM |
| 7 | the substance of any attorney-client | 10:16:17AM |
| 8 | communications. | 10:16:19AM |
| 9 | A.      Not to my knowledge at this | 10:16:35AM |
| 10 | time. | 10:17:05AM |
| 11 | Q.      Waymo's forensic investigation | 10:17:05AM |
| 12 | is based in part on work that you did, | 10:17:06AM |
| 13 | correct? | 10:17:08AM |
| 14 | A.      Yes. | 10:17:11AM |
| 15 | Q.      And Waymo's investigation is | 10:17:13AM |
| 16 | based in part upon opinions that you | 10:17:16AM |
| 17 | formed in the scope --  strike that. | 10:17:19AM |
| 18 | Waymo's forensic investigation | 10:17:24AM |
| 19 | is based in part on work that you did in | 10:17:27AM |
| 20 | the course of your forensic investigation, | 10:17:30AM |
| 21 | correct? | 10:17:33AM |
| 22 | A.      I believe so. | 10:17:37AM |
| 23 | Q.      And the conclusions from -- | 10:17:38AM |
| 24 | the conclusions drawn in Waymo's forensic | 10:17:43AM |
| 25 | investigation are based in part on | 10:17:45AM |

Page 26

| | | |
|---|---|---|
| 1 | opinions that you formed in the course of | 10:17:47AM |
| 2 | your forensic investigation, correct? | 10:17:49AM |
| 3 | MR. BAKER:  Objection, form. | 10:17:52AM |
| 4 | A. They are based on the evidence | 10:17:55AM |
| 5 | I uncovered during my investigation. | 10:17:58AM |
| 6 | Q. And did you draw conclusions | 10:18:02AM |
| 7 | from that evidence from your investigation | 10:18:06AM |
| 8 | -- excuse me. | 10:18:19AM |
| 9 | Did you draw conclusions from | 10:18:19AM |
| 10 | that evidence uncovered in the scope, in | 10:18:21AM |
| 11 | the course of your investigation? | 10:18:25AM |
| 12 | A. In the sense that if the logs | 10:18:27AM |
| 13 | indicate a download occurred, a download | 10:18:29AM |
| 14 | occurred, it is not a matter of opinion, | 10:18:32AM |
| 15 | it happened, it is not up for debate. | 10:18:33AM |
| 16 | Q. You're able to draw that | 10:18:39AM |
| 17 | conclusion based on your knowledge and | 10:18:40AM |
| 18 | expertise in the field of forensic | 10:18:44AM |
| 19 | investigations, correct? | 10:18:45AM |
| 20 | A. Yes. | 10:18:46AM |
| 21 | Q. In other words, a layperson | 10:18:49AM |
| 22 | couldn't look at the logs and determine | 10:18:50AM |
| 23 | that a downloading event had occurred? | 10:18:53AM |
| 24 | MR. BAKER:  Objection to form. | 10:18:56AM |
| 25 | A. You would require some | 10:18:59AM |

```
 1            C E R T I F I C A T I O N
 2
 3      I, Jineen Pavesi, a Registered
 4   Professional Reporter, Registered Merit
 5   Reporter, Certified Realtime Reporter and
 6   a Notary Public, do hereby certify that
 7   the foregoing witness, GARY BROWN, was
 8   duly sworn on the date indicated, and that
 9   the foregoing is a true and accurate
10   transcription of my stenographic notes.
11      I further certify that I am not employed
12   by nor related to any party to this
13   action.
14
15
16
17
18
19
20
21
22
23        JINEEN PAVESI, RPR, RMR, CRR
24
25
```