# EXHIBIT 1

```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN FRANCISCO DIVISION
 4   WAYMO LLC,
 5        PLAINTIFF,
 6                                    CASE NO.
 7     VS.                            3:17-CV-00939-WHA
 8   UBER TECHNOLOGIES, INC.,
     OTTOMOTTO LLC; OTTO
 9   TRUCKING LLC,
10        DEFENDANTS.
11   _____
12
13        HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
14          VIDEOTAPED DEPOSITION OF KEVIN FAULKNER
15                SAN FRANCISCO, CALIFORNIA
16                 MONDAY, APRIL 17, 2017
17                       VOLUME I
18
19
20   Reported By:
21   MEGAN F. ALVAREZ,
22   RPR, CSR No. 12470
23   Job No. 2594030
24
25   PAGES 1 - 35
```

Page 1

| | | |
|---|---|---|
| 1 | either wasn't available or wasn't cooperative, and | 13:26:53 |
| 2 | so we were able to do full, thorough investigations | 13:26:56 |
| 3 | looking at the devices rather than the people. | 13:27:00 |
| 4 | Q.   Has Mr. Levandowski been cooperative in | 13:27:03 |
| 5 | this investigation? | 13:27:06 |
| 6 | A.   I don't know.  Again, I understand that my | 13:27:07 |
| 7 | team spoke with him and that he provided | 13:27:09 |
| 8 | information, but I don't know whether I'd consider | 13:27:11 |
| 9 | him cooperative or not. | 13:27:14 |
| 10 | Q.   Have you asked to see Mr. Levandowski's | 13:27:16 |
| 11 | personal devices, such as a personal cellular phone? | 13:27:18 |
| 12 | A.   I believe we asked about devices that he | 13:27:22 |
| 13 | used, and there was a device which he claimed was | 13:27:25 |
| 14 | personal.  But I don't believe it was a cell phone; | 13:27:32 |
| 15 | I think it was a computer. | 13:27:34 |
| 16 | Q.   And did you search that computer? | 13:27:37 |
| 17 | A.   No.  That computer was not provided to us. | 13:27:40 |
| 18 | That computer, he claimed, was personal.  And since | 13:27:43 |
| 19 | we are retained by Uber and work for Uber, we have | 13:27:47 |
| 20 | access only to the computers owned by Uber or | 13:27:51 |
| 21 | willingly provided by any of the employees. | 13:27:54 |
| 22 | Q.   So to be clear, you did ask | 13:27:57 |
| 23 | Mr. Levandowski to see that computer? | 13:27:59 |
| 24 | A.   We asked him, number one, if that computer | 13:28:00 |
| 25 | was an Uber device and, number two, to see it when | 13:28:03 |

Page 11

| | | |
|---|---|---|
| 1 | he -- he maintained that it was not a Uber device; | 13:28:06 |
| 2 | it was a personal device. | 13:28:11 |
| 3 | Q.   And he did not allow you to search that | 13:28:13 |
| 4 | computer? | 13:28:15 |
| 5 | A.   No, he did not turn over that computer | 13:28:16 |
| 6 | and, therefore, we couldn't search it. | 13:28:18 |
| 7 | Q.   Have you seen the due diligence report | 13:28:20 |
| 8 | prepared by a third party in connection with Uber's | 13:28:22 |
| 9 | acquisition of Otto? | 13:28:25 |
| 10 | A.   No. | 13:28:26 |
| 11 | Q.   Are you aware of that due diligence | 13:28:26 |
| 12 | report? | 13:28:28 |
| 13 | A.   No. | 13:28:28 |
| 14 | Q.   This is the first time that you've heard | 13:28:29 |
| 15 | of it? | 13:28:30 |
| 16 | A.   Yeah, I've heard that there's some | 13:28:32 |
| 17 | questions around due diligence, but I have no | 13:28:34 |
| 18 | knowledge of what that is in this matter. | 13:28:36 |
| 19 | Q.   In the course of your forensic | 13:28:40 |
| 20 | investigation, your firm searched Uber's computer | 13:28:42 |
| 21 | systems for file names matching the file names of | 13:28:45 |
| 22 | the 14,000 downloaded files, correct? | 13:28:47 |
| 23 | A.   Among other things, yes. | 13:28:50 |
| 24 | Q.   You also searched Uber's computer systems | 13:28:52 |
| 25 | for file names matching file names of some | 13:28:54 |

```
 1                CERTIFICATE OF REPORTER
 2           I, the undersigned, a Certified Shorthand
 3   Reporter of the State of California, do hereby
 4   certify:
             That the foregoing proceedings were taken
 5   before me at the time and place herein set forth;
 6   that any witnesses in the foregoing proceedings,
 7   prior to testifying, were administered an oath; that
 8   a verbatim record of the proceedings was made by me
     using machine shorthand, which was thereafter
 9   transcribed under my direction; and that the
10   foregoing is an accurate transcription thereof.
11           Further, that if the foregoing pertains to
12   the original transcript of a deposition in a federal
     case, before completion of the proceedings, review
13   of the transcript [ ] was [X] was not requested.
14           I further certify that I am neither
15   financially interested in the action, nor a relative
16   or employee of any attorney of any party to this
17   action.
18           IN WITNESS WHEREOF, I have this date
19   subscribed my name.
20           DATED: April 17, 2017
21
22
23
24   _____
              MEGAN F. ALVAREZ
25            CSR No. 12470, RPR
```

Page 35