# EXHIBIT 2

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 178

1                  UNITED STATES DISTRICT COURT

2                 NORTHERN DISTRICT OF CALIFORNIA

3                   SAN FRANCISCO DIVISION

4                         --oOo--

5    WAYMO LLC,

6                  Plaintiff,

                              Case

7    vs.                     No. 3:17-cv-00939-WHA

8    UBER TECHNOLOGIES, INC.;

     OTTOMOTTO LLC; OTTO TRUCKING LLC,

9

                   Defendants.

10   _____/

11

12       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

13

14    VIDEOTAPED DEPOSITION OF ALEXANDER (SASHA) ZBROZEK

15                     VOLUME II

16             WEDNESDAY, SEPTEMBER 6, 2017

17

18

19

20   Reported by:

21   Anrae Wimberley

22   CSR No. 7778

23   Job No.  2693569

24

25   Pages 178 - 317

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 208

1       A.    In hindsight, there is a very small amount of    14:37:00

2   code in there.                                             14:37:01

3       Q.    And how do you know that?                        14:37:03

4       A.    I don't know if it was true in 2015, but I       14:37:07

5   know that, at least today, there is some amount of         14:37:12

6   code in there that I committed, and so my own code is      14:37:16

7   in there.                                                  14:37:17

8       Q.    And you put that in when?                        14:37:19

9       A.    I don't remember.                                14:37:21

10      Q.    This year?                                       14:37:22

11      A.    I don't remember.                                14:37:23

12      Q.    At least at the time that you wrote this, as     14:37:27

13  far as you knew, there was no code or user data; is        14:37:31

14  that right?                                                14:37:34

15      A.    I would say that it was not exhaustive.  It's    14:37:36

16  possible that there was some code in there.  I don't       14:37:40

17  think there was any user data in there.                    14:37:42

18      Q.    And then you say "it's pretty low value."        14:37:45

19            Do you see that?                                 14:37:46

20      A.    I do see that.                                   14:37:47

21      Q.    And that was true, wasn't it?                    14:37:49

22      MR. BAKER:  Objection to form.                         14:37:50

23      THE WITNESS:  What do you mean?                        14:37:51

24  BY MR. GONZALEZ:                                           14:37:51

25      Q.    Do you want me to define "true"?                 14:37:53

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 209

1    A.    No.  I am asking you to define "low value."      14:38:00

2    Q.    Those are your words.      14:38:03

3    A.    So I will say that this is a very relative      14:38:06

4   thing.  And Google data policies were designed with      14:38:14

5   code and user data in mind and were perhaps not the      14:38:18

6   greatest fit for the kind of data that we wanted to      14:38:20

7   store and that relative to instantly Google ending      14:38:28

8   data breaches, that the data that was in the      14:38:32

9   Subversion server would be considered of lesser value.   14:38:36

10   But by how much, I don't know; and in absolute terms,   14:38:40

11   I have no idea.      14:38:41

12    Q.    All right.  Bryan Salesky was your boss at      14:38:45

13   the time?      14:38:45

14    A.    I don't think so.      14:38:47

15    Q.    Who was Bryan Salesky to you at that time?      14:38:50

16    MR. BAKER:  Objection to form.      14:38:51

17    THE WITNESS:  I don't remember for sure, but I      14:38:53

18   think he was my skip-level manager.      14:38:57

19   BY MR. GONZALEZ:      14:38:57

20    Q.    Somebody that you reported to?      14:38:59

21    A.    Not quite.  I had a manager that I reported      14:39:03

22   to.  Bryan was not that manager.  I don't remember the   14:39:08

23   org. chart exactly, especially in 2015, but I think      14:39:13

24   that my -- I think that Bryan was my manager's      14:39:22

25   manager, but that is all researchable.      14:39:25

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 317

1           FEDERAL CERTIFICATE OF DEPOSITION OFFICER
2           I, ANRAE WIMBERLEY, CSR NO. 7778, do hereby
    declare:
3           That, prior to being examined, the witness named
    in the foregoing deposition was by me duly sworn
4    pursuant to Section 30(f)(1) of the Federal Rules of
    Civil Procedure and the deposition is a true record of
5    the testimony given by the witness;
            That said deposition was taken down by me in
6    shorthand at the time and place therein named and
    thereafter reduced to text under my direction;
7           -----    That the witness was requested to
8    review the transcript and make any changes to the
    transcript as a result of that review pursuant to
9    Section 30(e) of the Federal Rules of Civil Procedure;
            -----    No changes have been provided by the
10   witness during the period allowed;
11          -----    The changes made by the witness are
12   appended to the transcript;
            --X---    No request was made that the transcript
13   be reviewed pursuant to Section 30(e) of the Federal
14   Rules of Civil Procedure.
            I further declare that I have no interest in the
15   event of the action.
16          I declare under penalty of perjury under the laws
17   of the United States of America that the foregoing is
    true and correct.
18          WITNESS my hand this 7th day of September, 2017.
19
20
21
22
23
24                    <%signature%>
25             ANRAE WIMBERLEY, CSR NO. 7778