# EXHIBIT C

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:     415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:     202.237.2727
Facsimile:     202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.      3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES**<br><br>Judge:  Honorable William H. Alsup<br><br>Trial Date:  October 10, 2017 |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

1

**PRELIMINARY STATEMENT**

Pursuant to Federal Rules of Civil Procedure 26(a)(1), Defendants Uber Technologies, Inc. ("Uber") and Ottomotto LLC ("Ottomotto") (collectively, "Defendants") hereby amend and supplement its initial disclosures to Plaintiff Waymo LLC.

Defendants provide these disclosures subject to and without waiving any applicable privilege, doctrine, or right, including without limitation the attorney-client privilege, the joint defense/common interest privilege, the work product doctrine, and all other rights and privileges recognized under the laws of the United States, the State of California, and all relevant jurisdictions.  By these disclosures, Defendants do not concede the relevance or admissibility of any particular information.  Defendants make these disclosures based on information currently available to them.  Defendants reserve the right to amend or supplement these disclosures and to present additional evidence to support their defenses with any filing or during any proceeding in this action, including trial, in accordance with the Court's Case Management Order (Dkt. 562).

A.   **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION [Fed. R. Civ. P. 26(a)(1)(A)(i)]**

Defendants identify the following individuals who may have discoverable information that Defendants may use to support their defenses in this case.  Waymo[1] should contact any current or former employee, agent, or other representative of Defendants only through Defendants' counsel of record, unless otherwise specified.  Additionally, individuals described as having knowledge of the "Stroz due diligence for the Uber/Ottomotto acquisition" are noted with an asterisk (*) because these individuals would be used to support Defendants' defenses in this case, or would testify about that subject, if and only if that subject is found not to be privileged.

---

[1] "Waymo" refers to Waymo LLC (previously Project Chauffeur), Google Inc., and Alphabet Inc.

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

1

| Persons | Address | Knowledge |
|---|---|---|
| Travis Kalanick | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Defendants' business model and strategy for autonomous vehicles; Defendants' non-misappropriation of Waymo's trade secrets; Uber's decision to acquire Ottomotto; steps taken by Defendants to prevent trade secrets from prior employers coming to Defendants; Defendants' autonomous vehicle program; March 11, 2016 meeting with Anthony Levandowski; knowledge of Waymo's discussions with Defendants regarding a partnership with Defendants in the self-driving vehicle/ride-sharing space; Defendants' employment of Anthony Levandowski; Defendants' termination of Anthony Levandowski |
| Jeff Holden | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Defendants' business model and strategy for autonomous vehicles; Defendants' autonomous vehicle program; Uber's decision to acquire Ottomotto; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

2

| Persons | Address | Knowledge |
|---------|---------|-----------|
| Anthony Levandowski | Contact Mr. Levandowski's counsel:<br><br>Ismail Ramsey or Miles Ehrlich<br>Ramsey & Ehrlich LLP<br>803 Hearst Avenue<br>Berkeley, CA 94710 | Nature of employment at Waymo and Defendants; design and development of Defendants' LiDAR; Defendants' autonomous vehicle program; Defendants' non-misappropriation of Waymo's trade secrets; the inventions disclosed and claimed in the '922 and '464 patents, including conception and reduction to practice; the preparation and filing of the '922 and '464 patents; business of Otto Trucking LLC; knowledge of Odin Wave LLC and Tyto LiDAR LLC; Waymo's employee policies concerning confidential and trade secret information, including with respect to hardware; knowledge of the Project Chauffeur bonus program; March 11, 2016 meeting with Anthony Levandowski; Stroz due diligence for the Uber/Ottomotto acquisition* |
| Radu Raduta | Contact Mr. Raduta's counsel:<br><br>Mary McNamara<br>Swanson & McNamara LLP<br>300 Montgomery Street, Suite 1100<br>San Francisco, CA 94104<br>Phone: (415) 477-3800<br>Fax: (415) 477-9010<br>Email: mary@smllp.law | Nature of employment at Waymo and Defendants; Defendants' non-misappropriation of Waymo's trade secrets |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

3

| Persons | Address | Knowledge |
|---|---|---|
| Sameer Kshirsagar | Contact Mr. Kshirsagar's counsel:<br><br>Mark Punzalan<br>Punzalan Law, P.C.<br>600 Allerton Street, Suite 201<br>Redwood City, CA 94063<br>Phone:  (650) 481-8112<br>Fax:  (650) 362-4151<br>Email:  markp@punzalanlaw.com | Nature of employment at Waymo and Defendants; Defendants' non-misappropriation of Waymo's trade secrets |
| James Haslim | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; knowledge of Odin Wave LLC and Tyto LiDAR LLC; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Adam Kenvarg | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order; inspection pursuant to the Court's provisional remedy order |
| William Treichler | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

4

| Persons | Address | Knowledge |
|---------|---------|-----------|
| Florin Ignatescu | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Gaetan Pennecot | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; the inventions disclosed and claimed in the '922 and '464 patents, including conception and reduction to practice; the preparation and filing of the '922 and '464 patents; nature of employment at Waymo; Waymo's employee policies concerning confidential and trade secret information, including with respect to hardware; knowledge of the Project Chauffeur bonus program; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

5

| Persons | Address | Knowledge |
|---|---|---|
| Daniel Gruver | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; the inventions disclosed and claimed in the '922 and '464 patents, including conception and reduction to practice; the preparation and filing of the '922 and '464 patents; nature of employment at Waymo; Waymo's employee policies concerning confidential and trade secret information, including with respect to hardware; knowledge of the Project Chauffeur bonus program; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Scott Boehmke | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>Advanced Technologies Center<br>100 32nd St, Pittsburgh, PA 15201 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; inspection pursuant to the Court's provisional remedy order; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Jim Gasbarro | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>Advanced Technologies Center<br>100 32nd St, Pittsburgh, PA 15201 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |

Defendants' Uber Technologies, Inc. and Ottomotto LLC's Amended Initial Disclosures
Case No. 3:17-cv-00939-WHA
sf-3750758

6

| Persons | Address | Knowledge |
|---------|---------|-----------|
| Robert Doll | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>Advanced Technologies Center<br>100 32nd St, Pittsburgh, PA 15201 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Eric Meyhofer | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>Advanced Technologies Center<br>100 32nd St, Pittsburgh, PA 15201 | Design and development of Defendants' LiDAR; Defendants' autonomous vehicle program; Defendants' non-misappropriation of Waymo's trade secrets; Defendants' business model and strategy for autonomous vehicles; Uber's decision to acquire Ottomotto; termination of Anthony Levandowski; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| John Bares | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>Advanced Technologies Center<br>100 32nd St, Pittsburgh, PA 15201 | Design and development of Defendants' LiDAR; Defendants' autonomous vehicle program; Defendants' non-misappropriation of Waymo's trade secrets; Defendants' business model and strategy for autonomous vehicles; Uber's  decision to acquire Ottomotto; steps taken by Defendants to prevent trade secrets from prior employers of Defendants' employees coming to Defendants; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

7

| Persons | Address | Knowledge |
|---------|---------|-----------|
| Asheem Linaval | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; Waymo's policies as it relates to contractors concerning confidential and trade secret information; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Michael Karasoff | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; knowledge of Odin Wave LLC and Tyto LiDAR LLC; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Matthew Palomar | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Daniel Ratner | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

8

| Persons | Address | Knowledge |
|---|---|---|
| Max Levandowski | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| George Lagui | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

9

| Persons | Address | Knowledge |
|---|---|---|
| Lior Ron | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Nature of employment at Waymo and Defendants; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; knowledge of the Project Chauffeur bonus program; steps taken by Defendants to prevent trade secrets from prior employers of Defendants' employees coming to Defendants; Defendants' non-misappropriation of Waymo's trade secrets; formation, purpose, and business of Otto Trucking LLC; formation, purpose, and business of Ottomotto; Ottomotto's decision to be acquired by Uber; March 11, 2016 meeting with Anthony Levandowski; Stroz due diligence for the Uber/Ottomotto acquisition*; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Brent Schwarz | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Defendants' non-misappropriation of Waymo's trade secrets; knowledge of Odin Wave LLC and Tyto LiDAR LLC; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

10

| Persons | Address | Knowledge |
|---------|---------|-----------|
| Cameron Poetzscher | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Defendants' non-misappropriation of Waymo's trade secrets; business of Otto Trucking LLC; Uber's decision to acquire Ottomotto; March 11, 2016 meeting with Anthony Levandowski; Stroz due diligence for the Uber/Ottomotto acquisition*; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Nina Qi | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Defendants' non-misappropriation of Waymo's trade secrets; business of Otto Trucking LLC; Uber's decision to acquire Ottomotto; March 11, 2016 meeting with Anthony Levandowski; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Adam Bentley | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Formation, purpose, and business of Otto Trucking LLC; formation, purpose, and business of Ottomotto; Ottomotto's decision to be acquired by Defendants and structure of the acquisition; knowledge of Odin Wave LLC and Tyto LiDAR LLC; submissions to the Nevada Department of Motor Vehicles; Stroz due diligence for the Uber/Ottomotto acquisition*; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |

Defendants' Uber Technologies, Inc. and Ottomotto LLC's Amended Initial Disclosures
Case No. 3:17-cv-00939-WHA
sf-3750758

11

| Persons | Address | Knowledge |
|---------|---------|-----------|
| Ognen Stojanovski | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Knowledge of Odin Wave LLC, Tyto LiDAR LLC, and Sandstone Group LLC; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Rhian Morgan | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Hiring and onboarding process for Ottomotto, including hiring agreements; steps taken by Defendants to prevent trade secrets from prior employers of Defendants' employees coming to Defendants; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

12

| Persons | Address | Knowledge |
|---|---|---|
| Don Burnette | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Nature of employment at Waymo and Defendants; Defendants' non-misappropriation of Waymo's trade secrets; formation, purpose, and business of Ottomotto; Ottomotto's decision to be acquired by Defendants; Development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses; knowledge of the Project Chauffeur bonus program; Stroz due diligence for the Uber/Ottomotto acquisition*; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Soren Juelsgaard* | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Stroz due diligence for the Uber/Ottomotto acquisition*; Defendants' non-misappropriation of Waymo's trade secrets; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Colin Sebern* | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Stroz due diligence for the Uber/Ottomotto acquisition*; Defendants' non-misappropriation of Waymo's trade secrets; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

13

| Persons | Address | Knowledge |
|---------|---------|-----------|
| Brian McClendon | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Development and operation of Waymo's autonomous vehicle program; Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; knowledge of the Project Chauffeur bonus program; introduction of Anthony Levandowski to Defendants; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Justin Suhr | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Stroz due diligence for the Uber/Ottomotto acquisition*; Uber's decision to acquire Ottomotto and structure of the acquisition; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Angela Padilla | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Termination of Anthony Levandowski; Stroz due diligence for the Uber/Ottomotto acquisition*; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

14

| Persons | Address | Knowledge |
|---|---|---|
| Andrew Glickman | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Stroz due diligence for the Uber/Ottomotto acquisition*; Uber's decision to acquire Ottomotto and structure of the acquisition; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Eric Friedberg* | Stroz Friedberg<br>32 Avenue of the Americas, Floor 4<br>New York, NY 10013<br>Phone:  (212) 981-6540 | Stroz due diligence for the Uber/Ottomotto acquisition* |
| Mary Fulginiti* | Stroz Friedberg<br>1925 Century Park, East Suite 1350<br>Los Angeles, CA 90067<br>Phone:  (310) 623-3300 | Stroz due diligence for the Uber/Ottomotto acquisition* |
| Judith Branham* | Stroz Friedberg<br>330 Second Avenue South, Suite 335<br>Minneapolis, MN 55401<br>Phone:  (612) 605-3000 | Stroz due diligence for the Uber/Ottomotto acquisition* |
| Melanie Maugeri* | Stroz Friedberg<br>101 Montgomery Street, Suite 2200<br>San Francisco, CA 94104<br>Phone:  (415) 671-4720 | Stroz due diligence for the Uber/Ottomotto acquisition* |
| Eric Amdursky* | [Contact through O'Melveny and Myers LLP General Counsel]<br><br>Martin S. Checov<br>O'Melveny & Myers LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>Phone:  (415) 984-8713 | Stroz due diligence for the Uber/Ottomotto acquisition* |
| Paul Sieben* | [Contact through O'Melveny and Myers LLP General Counsel]<br><br>Martin S. Checov<br>O'Melveny & Myers LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>Phone:  (415) 984-8713 | Stroz due diligence for the Uber/Ottomotto acquisition* |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

15

| Persons | Address | Knowledge |
|---|---|---|
| Eric Tate†[2] | Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105<br>Phone:  (415) 268-7000 | Stroz due diligence for the Uber/Ottomotto acquisition*; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| Rudy Kim† | Morrison & Foerster LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>Phone:  (650) 813-5600 | Intellectual property due diligence for the Uber/Ottomotto acquisition*; inspection pursuant to the Court's provisional remedy order |
| Shouvik Biswas*† | Morrison & Foerster LLP<br>1650 Tysons Boulevard, Suite 400<br>McLean, VA 22102<br>Phone:  (703) 760-7700 | Intellectual property due diligence for the Uber/Ottomotto acquisition* |
| Wendy Ray† | Morrison & Foerster LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017-3543<br>Phone:  (213) 892-5200 | Confirmation of the absence of evidence of trade secret misappropriation; inspection pursuant to the Court's provisional remedy order |
| Daniel Muino† | Morrison & Foerster LLP<br>2000 Pennsylvania Avenue, NW<br>Suite 6000<br>Washington, D.C. 20006<br>Phone:  (202) 887-1500 | Inspection pursuant to the Court's provisional remedy order |
| Esther Kim Chang† | Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105<br>Phone:  (415) 268-7000 | Inspection pursuant to the Court's provisional remedy order |
| Sylvia Rivera† | Morrison & Foerster LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017-3543<br>Phone:  (213) 892-5200 | Confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |

[2] In view of the rapid pace of this litigation and the Court's order requiring initial disclosures by June 21, 2017, Defendants are listing certain outside counsel as potential witnesses out of an abundance of caution.  Such outside counsel are indicated with †.  Defendants expect to resolve, through resolution of pending privilege issues and discussions with opposing counsel and the Court, whether any of these potential witnesses will in fact be called as witnesses at trial.

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

16

| Persons | Address | Knowledge |
| --- | --- | --- |
| Kevin Faulkner | Stroz Friedberg<br>32 Avenue of the Americas, Floor 4<br>New York, NY 10013<br>Phone: (212) 981-6540 | Forensic examination of Uber-issued devices and data; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order |
| John Krafcik | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; Waymo's business plans; knowledge of discussions with Defendants regarding a partnership with Defendants in the self-driving vehicle/ride-sharing space; knowledge of the Project Chauffeur bonus program; |
| Pierre-Yves Droz | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Inventions disclosed and claimed in the '922, '464, and '936 patents, including conception and reduction to practice; the preparation and filing of the '922, '464, and '936 patents; Waymo's employee policies concerning confidential and trade secret information, including with respect to hardware; the design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets. |

Defendants' Uber Technologies, Inc. and Ottomotto LLC's Amended Initial Disclosures
Case No. 3:17-cv-00939-WHA
sf-3750758

17

2c334270be4a3418

| Persons | Address | Knowledge |
|---------|---------|-----------|
| William McCann | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information |
| Ben Ingram | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information |
| Bernard Fidric | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information |
| Luke Wachter | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information |
| Dmitri Dolgov | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

18

| Persons | Address | Knowledge |
|---|---|---|
| Nathaniel Fairfield | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski |
| Andrew Chatham | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski |
| Rahim Pardhan | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information |
| Blaise Gassend | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information |

Defendants' Uber Technologies, Inc. and Ottomotto LLC's Amended Initial Disclosures
Case No. 3:17-cv-00939-WHA
sf-3750758

19

| Persons | Address | Knowledge |
|---------|---------|-----------|
| Mark Shand | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski |
| Andrew Schultz | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information |
| Ryan Andrade | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information |
| Drew Ulrich | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Inventions disclosed and claimed in the '922 and '464 patents, including conception and reduction to practice; the preparation and filing of the '922 and '464 patents; Waymo's employee policies concerning confidential and trade secret information; the design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

20

| Persons | Address | Knowledge |
|---|---|---|
| Zachary Morris | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Inventions disclosed and claimed in the '922 and '464 patents, including conception and reduction to practice; the preparation and filing of the '922 and '464 patents; Waymo's employee policies concerning confidential and trade secret information; the design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets |
| Samuel Lenius | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Invention disclosed and claimed in the '936 patent, including conception and reduction to practice; the preparation and filing of the '936 patent; Waymo's employee policies concerning confidential and trade secret information; the design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets |
| Ionut Dorel Iordache | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information |
| Daniel Chu | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Estimates and forecasts of ride-sharing market and Waymo's share of ride-sharing market; Waymo's business and strategic plans (and plans generally) for the ride-sharing market, including projections for revenue generation and profitability |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

21

| Persons | Address | Knowledge |
|---|---|---|
| Gerard Dwyer | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Estimates and forecasts of ride-sharing market and Waymo's share of ride-sharing market; Waymo's business and strategic plans (and plans generally) for the ride-sharing market, including projections for revenue generation and profitability |
| Jennifer Haroon | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Estimates and forecasts of ride-sharing market and Waymo's share of ride-sharing market; Waymo's business and strategic plans (and plans generally) for the ride-sharing market, including projections for revenue generation and profitability |
| Joanne Chin | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski |
| Gary Brown | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Waymo's first awareness of alleged trade secret misappropriation; Waymo's forensic investigation into alleged misappropriation of trade secret misappropriation |
| Michael Janosko | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Waymo's measures to protect the security of Waymo's confidential documents, servers, and SVN repository; Waymo's employee policies concerning confidential and trade secret information |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

22

| Persons | Address | Knowledge |
|---|---|---|
| Kristinn Gudjonsson | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Waymo's measures to protect the security of Waymo's confidential documents, servers, and SVN repository; Waymo's employee policies concerning confidential and trade secret information; Waymo's forensic investigation into alleged misappropriation of trade secret misappropriation |
| Tim Willis | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Waymo's supply chain operations; Waymo's employee policies concerning confidential and trade secret information |
| Sean Noyce | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Waymo's supply chain operations; Waymo's employee policies concerning confidential and trade secret information |
| Jai Krishnan | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Waymo's supply chain operations; Waymo's employee policies concerning confidential and trade secret information |
| William Grossman | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Waymo's knowledge of Defendants' LiDAR design; Waymo's employee policies concerning confidential and trade secret information; Waymo's receipt of correspondence containing Defendants' LiDAR design |
| Ron Medford | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Waymo's filings, submissions, applications, or certifications made to public entities pertaining to its self-driving cars and the use of lasers in autonomous vehicles |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

23

| Persons | Address | Knowledge |
|---------|---------|-----------|
| Waymo Human Resources Manager | Waymo LLC 1600 Amphitheatre Parkway Mountain View, CA 94043 | Waymo's policies concerning confidential and trade secret information; Waymo employment and compensation issues; Project Chauffeur bonus program |
| Chelsea Bailey | Waymo LLC 1600 Amphitheatre Parkway Mountain View, CA 94043 | Waymo's policies concerning confidential and trade secret information; Waymo employment and compensation issues; Project Chauffeur bonus program |
| Meiling Tan | Waymo LLC 1600 Amphitheatre Parkway Mountain View, CA 94043 | Marketing of Waymo's autonomous vehicle program; Waymo's business plans; Waymo's strategy regarding its business model with respect to self-driving car technology; Waymo's partnerships in the self-driving car space; Waymo's business and strategic plans (and plans generally) for the ride-sharing market, including projections for revenue generation and profitability |
| Individuals most knowledgeable about Waymo's business, confidentiality policies, self-driving vehicle program, LiDAR systems, and employment and compensation policies and practices | Waymo LLC 1600 Amphitheatre Parkway Mountain View, CA 94043 | Development and operation of Waymo's autonomous vehicle program; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; the design, development, and operation of Waymo's LiDAR systems and purported trade secrets |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

24

| Persons | Address | Knowledge |
|---------|---------|-----------|
| David Krane | Google Ventures<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; Waymo's business plans; knowledge of discussions with Defendants regarding a partnership with Defendants in the self-driving vehicle/ride-sharing space |
| David Lu | Google Ventures<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; Waymo's business plans; Waymo's strategy regarding its business model with respect to self-driving car technology; Waymo's business and strategic plans (and plans generally) for the ride-sharing market, including projections for revenue generation and profitability; Waymo's partnerships in the self-driving car space; knowledge of discussions with Defendants regarding a partnership with Defendants in the self-driving vehicle/ride-sharing space |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

25

| Persons | Address | Knowledge |
|---------|---------|-----------|
| Larry Page | Alphabet Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; Waymo's business plans; knowledge of discussions with Defendants regarding a partnership with Defendants in the self-driving vehicle/ride-sharing space; knowledge of the Project Chauffeur bonus program; |
| Sergey Brin | Alphabet Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski |
| Eric Schmidt | Alphabet Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Development of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo |
| David Drummond | Alphabet Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Waymo's knowledge of Defendants' autonomous vehicle program; knowledge of Waymo's discussions with Defendants regarding a partnership with Defendants in the self-driving vehicle/ride-sharing space. |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

26

| Persons | Address | Knowledge |
|---------|---------|-----------|
| Chris Urmson | 1777 Latham Street<br>Mountain View, CA 94041 | Development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; knowledge of the Project Chauffeur bonus program; |
| Bryan Salesky | Argo AI<br>40 24th Street<br>Pittsburgh, PA 15222 | Development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

27

| Persons | Address | Knowledge |
|---|---|---|
| Sebastian Thrun | Udacity, Inc.<br>2465 Latham Street<br>Mountain View, CA 94040 | Development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; knowledge of the Project Chauffeur bonus program; Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski |
| Jiajun Zhu | Nuro, Inc.<br>435 N Whisman Road, Suite 100<br>Mountain View, CA 94043 | Development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski |
| Dave Ferguson | Nuro, Inc.<br>435 N Whisman Road, Suite 100<br>Mountain View, CA 94043 | Development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

28

| Persons | Address | Knowledge |
|---------|---------|-----------|
| Kyle Vogt | Cruise Automation<br>201 11th Street<br>San Francisco, CA 94103 | Public disclosure of Waymo's purported trade secrets |
| Employee of Velodyne LiDAR, Inc. | 5521 Hellyer Avenue<br>San Jose, CA 95138<br>(408) 465-2800 | Public disclosure of Waymo's purported trade secrets |
| Employee of Quanergy Systems, Inc. | 482 Mercury Drive<br>Sunnyvale, CA 94085<br>(408) 245-9500 | Public disclosure of Waymo's purported trade secrets |
| Employee of Cepton Technologies, Inc. | 103 Bonaventura Drive<br>San Jose, CA 95134 | Public disclosure of Waymo's purported trade secrets |
| Employee of Innoviz Technologies Ltd. | 15 Atir Yeda Street<br>Kfar Saba, Israel 4464312<br>Email:  info@innoviz.tech | Public disclosure of Waymo's purported trade secrets |
| Employee of Luminar Technologies, Inc. | 495 Old Spanish Trail<br>Portola Valley, CA 94028 | Public disclosure of Waymo's purported trade secrets |
| Employee of Toyota Motor Sales, U.S.A., Inc. | 19001 South Western Avenue<br>Department WC11<br>Torrance, CA 90501<br>(310) 468-5084 | Public disclosure of Waymo's purported trade secrets |
| Employee of Ford Motor Company | One American Road<br>Dearborn, MI 48126<br>(313) 322-3000 | Public disclosure of Waymo's purported trade secrets |
| Employee of BMW of North America, LLC | 300 Chestnut Ridge Road<br>Woodcliff Lake, NJ 07677-7731 | Public disclosure of Waymo's purported trade secrets |
| Employee of Leddartech USA Inc. | 1209 N. Orange Street<br>Wilmington, DE 19801-1120 | Public disclosure of Waymo's purported trade secrets |
| Employee of Phantom Intelligence Inc. | 2740, Rue Einstein<br>Québec, QC G1P 4S4 Canada<br>(418) 650-6518 | Public disclosure of Waymo's purported trade secrets |
| Employee of DENSO International America | 24777 Denso Drive<br>Southfield, MI 48086<br>(248) 350-7500 | Public disclosure of Waymo's purported trade secrets |
| Employee of Continental Automotive, Inc. | 18030 MacMillan Park Drive<br>Fort Mill, SC 29707<br>(704) 583-8710 | Public disclosure of Waymo's purported trade secrets |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

29

| Persons | Address | Knowledge |
|---|---|---|
| Employee of Valeo Inc. | 150 Stephenson Highway<br>Troy, MI 48083<br>(248) 619-8300 | Public disclosure of Waymo's purported trade secrets |
| Employee of Suteng Innovation Technology Co., Ltd. | Robosense Building, Block 1<br>South of Zhongguan Honghualing Industrial District<br>No. 1213 Liuxian Avenue<br>Taoyuan Street, Nanshan District<br>Shenzhen, China<br>Phone: 400 6325830 / 0755-86325830<br>Email: Service@sz-sti.com | Public disclosure of Waymo's purported trade secrets |
| Employee of Nalux Co., Ltd. | c/o Acme Agent, Inc.<br>41 S. High Street, Suite 2800<br>Columbus, OH 43215 | Public disclosure of Waymo's purported trade secrets; communications and business transactions with Waymo or Defendants regarding the manufacture of the FAC lens; manufacture, availability, and use of FAC lenses |
| Employee of OSRAM Opto Semiconductors Inc. | 1150 Kifer Road, Suite 100<br>Sunnyvale, CA 94086 | Public disclosure of Waymo's purported trade secrets; communications and business transactions with Waymo or Defendants regarding the manufacture of the FAC lens; manufacture, availability, and use of FAC lenses; use and position of laser diodes on printed circuit boards |
| Employee of Gorilla Circuits | Gorilla Circuits<br>c/o CT Corporation<br>818 W. 7th Street, Suite 930<br>Los Angeles, CA 90017 | Communications and business transactions with Waymo or Defendants regarding components for LiDAR sensors; manufacture, availability, and use of such components |

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

30

| Persons | Address | Knowledge |
|---------|---------|-----------|
| Employee of Lyft, Inc. | 185 Berry Street, Suite 500<br>San Francisco, CA 94107 | Waymo's business plans; Waymo's strategy regarding its business model with respect to self-driving car technology; Waymo's partnerships in the self-driving car space; Waymo's business and strategic plans (and plans generally) for the ride-sharing market, including projections for revenue generation and profitability |
| John Gardner | c/o Rogers Joseph O'Donnell<br>311 California Street, 10th Floor<br>San Francisco, CA | Representation of Anthony Levandowski; knowledge of Odin Wave LLC, Tyto LiDAR LLC, and Sandstone Group LLC; Stroz due diligence for the Uber/Ottomotto acquisition* |
| Alisa Baker | Levine & Baker<br>340 Pine St Suite 300,<br>San Francisco, CA 94104 | Representation of Lior Ron; knowledge of Odin Wave LLC, Tyto LiDAR LLC, and Sandstone Group LLC; Stroz due diligence for the Uber/Ottomotto acquisition* |
| Jordan Jaffe† | Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Phone:  (415) 875-6600 | Inspection pursuant to the Court's provisional remedy order |
| Felipe Corredor† | Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Phone:  (415) 875-6600 | Inspection pursuant to the Court's provisional remedy order |
| Jeff Nardinelli† | Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Phone:  (415) 875-6600 | Inspection pursuant to the Court's provisional remedy order |

Defendants' Uber Technologies, Inc. and Ottomotto LLC's Amended Initial Disclosures<br>Case No. 3:17-cv-00939-WHA<br>sf-3750758

31

| Persons | Address | Knowledge |
|---------|---------|-----------|
| John McCauley† | Quinn Emanuel Urquhart & Sullivan, LLP 50 California Street, 22nd Floor San Francisco, California 94111 Phone: (415) 875-6600 | Inspection pursuant to the Court's provisional remedy order |
| Jared Newton† | Quinn Emanuel Urquhart & Sullivan, LLP 777 6th Street NW, 11th floor Washington, D.C. 20001 Phone: (202) 538-8000 | Inspection pursuant to the Court's provisional remedy order |

Defendants believe that Waymo's current and former employees and consultants are likely to have knowledge of: (1) the design and development of Waymo's LiDAR and purported trade secrets, including but not limited to failures to protect the confidentiality of such purported trade secrets; (2) the '922, '464, and '936 patents ("the Asserted Patents"); (3) Waymo's analyses or plans concerning the ride-sharing market, including projections for revenue generation and profitability; (4) Waymo's delay in bringing this lawsuit and motivations for litigating against Defendants; (5) Waymo's practice of allowing competing side businesses; and (6) lack of damages or irreparable harm to Waymo. The identities of all such individuals are known to Waymo but not to Defendants as of the date of this disclosure.[3] Defendants reserve the right to supplement this list as additional facts are disclosed in discovery.

Further, Defendants identify the following persons who may have knowledge of facts relevant to this suit:

1. Any custodian of records or other person who may be required to establish authenticity of documents;

2. Any and all persons identified by Waymo in its initial disclosures; and

[3] As set forth in Defendants' motion to compel (Dkt. 687), Waymo has refused to respond to interrogatories or produce documents fundamental to Defendants' defenses, which Uber needs to proceed with depositions. To date, Waymo has produced only 975 documents in response to Defendants' first and second sets of requests for production, consisting of 162 document requests. If and when Waymo fulfills its interrogatory response and document production obligations, Defendants will supplement these disclosures based on information not currently known to Defendants.

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

32

3.    Any and all persons whose depositions are taken, who provide written testimony in this action, or who contribute to any response to the parties' discovery requests.

Additionally, Defendants have retained and intend to retain expert witnesses to testify on its defenses, including non-misappropriation of Waymo's alleged trade secrets; the culture, customs, and practices in the autonomous vehicle space; non-infringement; invalidity; forensic investigations to locate the allegedly downloaded files; and lack of damages.

**B.     DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS  [Fed. R. Civ. P. 26(a)(1)(A)(ii)]**

Defendants identify the following categories of documents, electronically stored information, and tangible things in its possession, custody, or control that it may use to support its defenses, unless solely for impeachment:

- Documents concerning Defendants' autonomous vehicle program;
- Documents concerning Defendants' design and development of LiDAR;
- Documents concerning Defendants' efforts to commercialize autonomous vehicle technology;
- Drawings or photographs of Defendants' LiDAR;
- Prototypes (or components of prototypes) of Defendants' LiDAR;
- Documents concerning Defendants' hiring process, including hiring agreements;
- Documents concerning Uber's acquisition of Ottomotto;
- The Asserted Patents, their prosecution histories, and prior art to the Asserted Patents;
- Documents in the public domain relating to Waymo's purported trade secrets;
- Documents concerning third-party suppliers of LiDAR components; and
- Waymo's filings, submissions, applications, or certifications made to public entities pertaining to the use of lasers in autonomous vehicles.

To the extent the above-identified documents are within the possession, custody, or control of Defendants, such documents are generally located at Defendants' offices at 1455 Market Street, San Francisco, CA 94103.

Defendants' search for documents is ongoing, and Defendants reserve the right to

DEFENDANTS' UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S AMENDED INITIAL DISCLOSURES
Case No. 3:17-cv-00939-WHA
sf-3750758

33

1   supplement this disclosure under Federal Rule of Civil Procedure 26(e)(1).  Defendants may also

2   rely on documents produced by any party and third party to this litigation, including Defendants

3   themselves and Waymo.

4          Defendants reserve the right to object to the production of any documents described herein

5   on any basis permitted by the Federal Rules of Civil Procedure.

6   **C.      COMPUTATION OF DAMAGES  [Fed. R. Civ. P. 26(a)(1)(A)(iii)]**

7          Pursuant to Fed. R. Civ. P. 26(a)(1)(C), Defendants may seek attorneys' fees and costs in

8   defending this action, but are unable at this time to estimate the amount.

9   **D.      INSURANCE AGREEMENTS  [Fed. R. Civ. P. 26(a)(1)(A)(iv)]**

10         Defendants are currently unaware of any insurance contracts applicable to any claim in

11  this action.

12                         **CERTIFICATION**

13         To the best of my knowledge, information and belief, formed after an inquiry that is

14  reasonable under the circumstances, this disclosure is complete and correct as of the date set forth

15  below.

16

17  Dated:  June 21, 2017                MORRISON & FOERSTER LLP

18

19                                      By:  */s/ Michael A. Jacobs*
                                             MICHAEL A. JACOBS

20
                                        Attorneys for Defendants
21                                      UBER TECHNOLOGIES, INC.
                                        and OTTOMOTTO LLC

22

23

24

25

26

27

28