# EXHIBIT 49

## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                SAN FRANCISCO DIVISION
 4   _____
 5   WAYMO LLC,                              )
                                             )
 6              Plaintiff,                   )
        vs.                                  ) Case No.
 7                                           ) 17-cv-00939-WHA
     UBER TECHNOLOGIES, INC.;                )
 8   OTTOMOTTO, LLC; OTTO TRUCKING LLC,      )
                                             )
 9              Defendants.                  )
                                             )
10                                           )
     _____)
11
12        HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
13
14             UNDER THE PROTECTIVE ORDER
15              VIDEOTAPED DEPOSITION OF
16                   GAETAN PENNECOT
17              San Francisco, California
18              Thursday, August 9, 2017
19                     Volume IV
20
21
22   Reported by:
     MARY J. GOFF
23   CSR No. 13427
24   Job No. 2675906
25   PAGES 479 - 763
```

Page 479

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4   _____
 5   WAYMO LLC,                              )
 6                                           )
 7            Plaintiff,                     )
        vs.                                  )  Case No.
 8                                           )  17-cv-00939-WHA
     UBER TECHNOLOGIES, INC.;                )
 9   OTTOMOTTO, LLC; OTTO TRUCKING LLC,      )
                                             )
10            Defendants.                    )
                                             )
11                                           )
     _____)
12
13       Highly Confidential Videotaped Deposition of
14   GAETAN PENNECOT, Volume IV, taken on behalf of
15   Plaintiff Waymo LLC, at Quinn Emanuel Urquhart &
16   Sullivan, LLP, 50 California Street, 22nd Floor, San
17   Francisco, California 94111m, beginning at
18   9:46 a.m. and ending at 6:52 p.m., on August 9,
19   2017, before MARY GOFF, Certified Shorthand Reporter
20   No. 13427.
21
22
23
24
25
```

```
 1      █████                                              01:59:09
 2      Q    What was he referring to?                     01:59:11
 3      A    I think the valuation of Chauffeur.           01:59:17
 4      Q    Do you know what he meant by ████████  ██████ 01:59:21
 5      ████████                                           01:59:21
 6      A    I don't know.                                 01:59:23
 7      Q    Did you respond to his text message?          01:59:24
 8      A    I didn't.                                     01:59:26
 9      Q    Did you talk to him about this?               01:59:27
10      A    I may have.                                   01:59:29
11      Q    And what did you talk about?                  01:59:31
12      A    I think I talked about fact that I            01:59:34
13  received my bonus at that time.                        01:59:37
14      Q    Do you have an idea of what                   01:59:50
15  Mr. Levandowski is referring to here?                  01:59:51
16      A    I don't know.                                 01:59:55
17      Q    Do you have any understanding what he's       01:59:57
18  talking about in Exhibit 537?                          01:59:58
19      A    I think he's talking about the valuation      02:00:01
20  of Chauffeur.                                          02:00:03
21      Q    And what was going on with the valuation      02:00:04
22  of Chauffeur in October 2016?                          02:00:07
23      A    I have no clue.                               02:00:09
24      Q    So what's your basis to say -- well, okay.    02:00:10
25           After he sent this text message --            02:00:16
```

| | | | |
|---|---|---|---|
| 1 | A | Yeah. | 02:00:19 |
| 2 | Q | -- did you call him? | 02:00:19 |
| 3 | A | I don't think so.  I -- | 02:00:24 |
| 4 | Q | And you didn't respond? | 02:00:26 |
| 5 | A | So Anthony at that time was in the -- in | 02:00:29 |
| 6 | | the office, so I probably waited until he stopped | 02:00:30 |
| 7 | | by. | 02:00:35 |
| 8 | Q | And what did you say? | 02:00:36 |
| 9 | A | I don't remember. | 02:00:38 |
| 10 | Q | What did he say? | 02:00:39 |
| 11 | A | I don't remember.  I think I -- I | 02:00:41 |
| 12 | | express -- so what probably triggered that text was | 02:00:49 |
| 13 | | that I was very concerned at some point that I was | 02:00:52 |
| 14 | | not going to get my bonus.  Because my understanding | 02:00:55 |
| 15 | | of the plan was that it was depending on the | 02:01:00 |
| 16 | | valuation. | 02:01:04 |
| 17 | | And I -- and the valuation ▮▮▮ | |
| | | ▮▮▮ | |
| | | ▮▮▮ And I probably | 02:01:11 |
| 20 | | expressed my concerns to Anthony at this point, | 02:01:14 |
| 21 | | because I didn't have any understanding of the | 02:01:16 |
| 22 | | Chauffeur plan.  And I thought Anthony had a better | 02:01:20 |
| 23 | | understanding than I did. | 02:01:24 |
| 24 | Q | So wait.  Your understanding was that your | 02:01:27 |
| 25 | | bonus six months after you left would be based on | 02:01:29 |

| | | |
|---|---|---|
| 1 | some subsequent valuation? | 02:01:32 |
| 2 | A    Yes.  So -- | 02:01:35 |
| 3 | Q    Okay.  Is that -- is that still your | 02:01:35 |
| 4 | belief today? | 02:01:39 |
| 5 | A    This is my belief. | 02:01:41 |
| 6 | Q    But when you chose to leave, I believe you | 02:01:43 |
| 7 | testified in one of your previous depositions that | 02:01:53 |
| 8 | you chose to leave because you thought ▮▮▮▮▮ ) ▮▮▮▮ ) | |
| 9 | ▮▮▮▮ )? | 02:01:59 |
| 10 | A    So exactly.  So like, ▮▮▮▮▮ ) ▮▮▮ ) | |
| 11 | ▮ ) ▮▮▮▮▮▮▮▮▮▮▮ ) ▮▮ ) | |
| 12 | ▮ ) ▮▮▮▮▮▮▮▮▮ ) ▮▮ ) | |
| 13 | ▮ ) ▮▮▮▮ ) | 02:02:11 |
| 14 | Like, I had other concerns that were | 02:02:12 |
| 15 | bigger than that.  But that was another way it was | 02:02:15 |
| 16 | indicating to making me leave. | 02:02:18 |
| 17 | Let's say ▮▮▮▮▮▮ ) ▮▮ ) | |
| 18 | ▮ ) ▮▮▮▮▮▮▮▮ ) ▮▮ ) | |
| 19 | ▮ ) ▮▮▮▮▮▮▮▮▮ ) ▮▮ ) | |
| 20 | ▮ ) ▮▮▮ ) ▮▮▮▮▮ ) ▮▮ ) | |
| 21 | ▮ ) ▮▮▮ ) Do you see what I mean?  So -- | 02:02:39 |
| 22 | Q    Okay. | 02:02:46 |
| 23 | A    -- ▮▮▮▮▮▮▮▮ ) ▮▮ ) | |
| 24 | ▮ ) ▮▮▮▮▮▮▮▮ ) ▮▮ ) | |
| 25 | ▮ ) ▮▮▮▮▮▮▮▮ ) | 02:02:53 |

Page 616

1    I, MARY J. GOFF, CSR No. 13427, Certified
2  Shorthand Reporter of the State of California,
3  certify;
4        That the foregoing proceedings were taken
5  before me at the time and place herein set forth, at
   which time the witness declared under penalty of
6  perjury; that the testimony of the witness and all
7  objections made at the time of the examination were
8  recorded stenographically by me and were thereafter
9  transcribed under my direction and supervision; that
   the foregoing is a full, true, and correct
10 transcript of my shorthand notes so taken and of the
11 testimony so given;
12       That before completion of the deposition,
13 review of the transcript () was (XX) was not
14 requested:   (   ) that the witness has failed or
   refused to approve the transcript.
15       I further certify that I am not financially
16 interested in the action, and I am not a relative or
17 employee of any attorney of the parties, nor of any
18 of the parties.
19       I declare under penalty of perjury under the
20 laws of California that the foregoing is true and
21 correct, dated this 11th day of August 2017.
22
23
24  _____
25       MARY J. GOFF, CSR No. 13427