KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
RACHAEL E. MENY - # 178514
rmeny@keker.com
JENNIFER A. HUBER - # 250143
jhuber@keker.com
JO W. GOLUB - # 246224
jgolub@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
W. HAMILTON JORDAN - # 295004
wjordan@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Non-Party
Keker, Van Nest & Peters LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>   Plaintiff,<br><br> v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>   Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**NON-PARTY KEKER, VAN NEST & PETERS LLP'S BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM ORDER GRANTING MOTION TO QUASH SUBPOENA**<br><br>Judge:  Hon. William Alsup<br><br>Date Filed: February 23, 2017<br><br>Trial Date: October 2, 2017 |

1
NON-PARTY KEKER, VAN NEST & PETERS LLP'S BRIEF IN OPPOSITION TO MOTION FOR
RELIEF FROM ORDER GRANTING MOTION TO QUASH SUBPOENA
Case No. 17-cv-00939-WHA (JSC)

1189815

## I. INTRODUCTION

On August 28, 2017, Judge Corley quashed Otto Trucking's subpoena to non-party attorneys Keker, Van Nest & Peters LLP ("KVP"). That order was correct. Otto Trucking ("OT") has filed a motion challenging Judge Corley's ruling, but OT's motion never identifies any "clear error" in the order. Indeed, OT does not even try to argue that the order was erroneous or contrary to law, as it is required to do. Rather, OT spends most of its brief attempting to reargue discretionary points that Judge Corley considered and rejected. This does not satisfy the required clear-error standard and therefore, this Court should deny OT's Motion for Relief.

## II. BACKGROUND

### A. Otto Trucking has known about for months about non-party KVP's involvement in the relevant investigation.

In this litigation, KVP is a non-party law firm. KVP is also counsel of record for Google Inc. in the pending arbitration against Anthony Levandowski and Lior Ron. On March 23, 2017, more than five months ago, Waymo served a privilege log that identified numerous communications between Google's in-house security analysts and KVP attorneys. One of those in-house analysts, Gary Brown, testified on March 24, 2017 that a specific KVP attorney was the person who initially "told [him] that Mr. Levandowski had access to the [SVN] server and downloaded 14,000 files." Dkt. 1378-6 at 36:9–13. Despite this testimony, OT did not seek to take any discovery from KVP at that time, or indeed, at any time until four days before the close of fact discovery, on the evening of Sunday, August 20, 2017.

### B. OT's motion to compel did not seek discovery from KVP, and Judge Corley's August 18, 2017 order did not discuss such discovery.

In mid-August 2017, OT finally decided to challenge Waymo's assertion of attorney-client privilege over the communications between Google and KVP that OT had known about since March 2017. At that time, OT asked Judge Corley to compel *Waymo* (not KVP) to: (**1**) produce documents and communications relating to Waymo's forensic investigation of Messrs. Levandowski, Raduta, and Kshirsagar, and (**2**) to make specific Waymo employees available to answer questions about their communications with attorneys. Dkt. 1163 at 1, 3. OT's motion

2

NON-PARTY KEKER, VAN NEST & PETERS LLP'S BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM ORDER GRANTING MOTION TO QUASH SUBPOENA
Case No. 17-cv-00939-WHA (JSC)

1189815

never mentioned the possibility of any third-party subpoenas, let alone subpoenas to Google's outside counsel at KVP. *See id.* Thus, none of the briefing addressed the relevance, burden, or privileged nature of KVP's documents and mental impressions, and the Court did not issue a ruling on those issues. *See e.g.*, Dkt. 1163 (OT's motion); 1227 (Waymo's opposition); 1272 (August 18 order).

Instead, on August 18, 2017, Judge Corley issued an order compelling Waymo (not KVP) to produce a limited set of additional information regarding the forensic investigation into three former employees: Levandowski, Raduta, and Kshirsagar. Dkt. 1272 at 1:13–19. Specifically, the Court found that OT was entitled to discover "anything counsel may have said, directly or indirectly, to Mr. Brown and others regarding his investigation," and "what Mr. Brown was told regarding his investigation." *Id.* at 1:17-19. Further, Judge Corley found that OT was entitled to discovery of "counsel communications with Mr. Brown and anyone else involved in the investigations at issue"—meaning the forensic investigations of those three employees. *Id.* at 2:11–12, 2:21–25.

### C. OT improperly attempted to expand the Court's ruling to take broad discovery into protected issues from Google's outside counsel.

On August 20, 2017, a Sunday evening **four days before the close of fact discovery**, OT's counsel first notified KVP that it intended to serve one subpoena on KVP and a second subpoena on a specific KVP lawyer. Dkt. 1350-1. OT's subpoena to KVP demanded both documents and testimony to be provided **in only three days**. Dkt. 1350-2. On August 21, 2017, KVP provided OT the courtesy of accepting service of the KVP subpoena, but explicitly reserved all of its rights to object to the subpoena or its compliance deadline.[1] Dkt. 1350 at ¶ 5. OT's subpoena to KVP was broad in scope, seeking both documents and testimony on four broad topics. Dkt. 1350-2 (KVP subpoena) at Attachment A. OT's topics expanded significantly on what Judge Corley had defined as the scope of the compelled discovery in her August 18 order

---

[1] KVP never accepted service of the subpoena directed toward an individual KVP attorney, as he was on paternity leave and out of town on the August 24 return date. OT did not serve that subpoena on the attorney or try to serve an amended subpoena with a different return date.

3
NON-PARTY KEKER, VAN NEST & PETERS LLP'S BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM ORDER GRANTING MOTION TO QUASH SUBPOENA
Case No. 17-cv-00939-WHA (JSC)

1189815

and OT sought both privileged and protected information, including internal-work product. For example, the KVP subpoena asked KVP to produce documents and testimony on "any investigation of former Waymo employees," all communications between KVP and Alphabet (not just Waymo) on several topics, and information about "any document referencing or relating to any conclusion by [KVP] that Levandowski downloaded files." *See id.* at Attachment B.

### D. KVP promptly filed a motion to quash the subpoena.

KVP promptly filed a motion to quash on August 24, 2017, just over three days after OT initially attempted service. Dkt. 1349. KVP's motion argued that OT's subpoena was untimely because OT had been aware of KVP's involvement since March 2017, but OT had delayed the subpoena to KVP until five months later, just four days before the close of fact discovery. KVP's motion also noted that OT had unreasonably demanded burdensome compliance on just a few days' notice. *Id.* at 5–6. Further, KVP argued that Judge Corley's August 18 order authorized discovery **only from Waymo**, not from Google's counsel, and that OT was improperly attempting to expand that order to compel burdensome discovery from new parties (and on new topics). *Id.* at 6–7. Finally, KVP argued that OT should not be allowed to invade protected attorney files, including by rummaging through internal KVP communications and core-opinion-work product, especially not when OT's original April 11 motion had sought no such relief, and thus Judge Corley had never been asked to consider such unprecedented discovery. *Id.* at 12–15.

### E. Judge Corley quashes OT's subpoena.

KVP's motion to quash was heard on August 28, and Judge Corley articulated her tentative ruling at the hearing's outset. Dkt. 1522-3. First, Judge Corley explained that OT's subpoena was served "too late." *Id.* at 6:19–20. She held that "Otto Trucking certainly could have subpoenaed [KVP] a long time ago, but four days before the close of discovery I don't think is a reasonable amount of time." *Id.* at 6:25–7:2. Second, Judge Corley explained that her August 18 order had allowed only discovery of attorney communications to Mr. Brown and his in-house colleagues at Waymo (discovery that Waymo could produce itself), but she held that she had not authorized discovery from Google's outside counsel. *Id.* at 7:3–18. In particular, she reasoned that "whenever you're subpoenaing counsel, we always have to be particularly

4

NON-PARTY KEKER, VAN NEST & PETERS LLP'S BRIEF IN OPPOSITION TO MOTION FOR
RELIEF FROM ORDER GRANTING MOTION TO QUASH SUBPOENA
Case No. 17-cv-00939-WHA (JSC)

1189815

sensitive." *Id.* at 7:11–12.  OT then put a series of exhibits in front of Judge Corley to make sure that she understood their assertion that one particular KVP attorney needed to be deposed because he was "the fulcrum" of the forensic investigation.  *Id.* at 11:13–12:7; 13:13–14:1; 17:2–19:16.  But Judge Corley was not convinced that the record supported such invasive discovery, and so she quashed the subpoena to KVP.[2]  *Id.* at 24:25–25:4.

## III. LEGAL STANDARD

Under Federal Rule 72, a district judge should "defer to the magistrate's [nondispositive] orders unless they are clearly erroneous or contrary to law."  *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).  "The reviewing court may not simply substitute its judgment for that of the deciding court."  *Ibid.* (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cr. 1988)).  *See also Patrick Caldwell v. Facet Retiree Med. Plan*, No. C 13-00385 WHA, Dkt. 86 at 3 (N.D. Cal. March 31, 2014) (Alsup, J.) ("Had this issue been before the assigned judge *ab initio*, he would have allowed the depositions to go forward.  That, however, is not the standard of review.  Defendants have simply not met their burden to prove that the discovery order was clearly erroneous or contrary to law.").

## IV. OT HAS NOT SHOWN THAT JUDGE CORLEY'S ORDER WAS CLEARLY ERRONEOUS OR CONTRARY TO LAW.

OT's motion fails to demonstrate—or even to argue—that Judge Corley's order was erroneous.  For that reason alone, its motion must fail.

OT begins its argument with an extended presentation on the law of waiver, but nowhere does OT explain what this has to do with Judge Corley's order quashing the KVP subpoena.  For example, OT asserts that a privilege waiver should extend to the "entire subject matter," and that "to conclude otherwise would result in . . . fundamental unfairness."  Dkt. 1522 at 3-4.  But Judge Corley's order on the KVP motion to quash was not based on any opinion on the scope of any waiver.  Instead, Judge Corley noted that OT had previously moved to compel communications from Waymo, not KVP, and that it had also moved to depose Waymo employees, not KVP.

---

[2] At the hearing, the unserved subpoena directed toward KVP's individual attorney was not discussed by either the Court or by OT.

5
NON-PARTY KEKER, VAN NEST & PETERS LLP'S BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM ORDER GRANTING MOTION TO QUASH SUBPOENA
Case No. 17-cv-00939-WHA (JSC)

1189815

Judge Corley also found (quite correctly) that OT had deliberately waited until the very end of discovery to serve a subpoena on a non-party law firm (one that is counsel of record in another case), and that it had then insisted on compliance within four days. Her ruling—that an untimely, burdensome subpoena should be quashed—was not clearly erroneous or contrary to law.

Judge Corley also held that she needed to be "particularly sensitive" about allowing the deposition of Google's counsel. Dkt. 1522-3 at 7:8–12. Judge Corley was apparently referring to KVP's argument that OT should not be allowed to discover internal KVP work product (that was never shared with Waymo, and therefore could not have affected the forensic investigation), or KVP's communications with in-house counsel (which also could not have affected the investigation), or KVP's core-opinion-work product. Dkt. 1349 at 12–15. Protection of these categories of information is of utmost importance. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 511 (1947). Any attempt to pierce that protection must be extensively briefed and carefully considered. *See* Dkt. 1349 at 12–15 (citing case law on protections for internal-law-firm communications and opinion-work product). OT's Motion for Relief provides no reason to believe that Judge Corley was wrong as a matter of law when she decided to be sensitive to protecting counsel's core mental processes.

OT also argues the Judge Corley "incorrectly narrowed the privilege waiver from her original" August 18 order. Dkt. 1522 at 5. False. Judge Corley explained that her August 18 order may have used words that were "not precise," but that she had not been "thinking about" OT's much broader interpretation—which had never been briefed. Dkt. 1522-3 at 7:13–18. Judge Corley clarified that she always meant for her August 18 order to be limited to attorney communications with the specific in-house forensic employees. *Ibid.* Further, she clarified that she meant for those communications to be produced **by Waymo**. Those conclusions were perfectly sensible, because OT's original motion sought only communications with specific Waymo in-house employees, and depositions of those specific employees. And OT sought those documents and testimony **only from Waymo**. Thus Judge Corley's interpretation of her own order was not a narrowing, but instead was perfectly consistent with OT's own motion.

6
NON-PARTY KEKER, VAN NEST & PETERS LLP'S BRIEF IN OPPOSITION TO MOTION FOR
RELIEF FROM ORDER GRANTING MOTION TO QUASH SUBPOENA
Case No. 17-cv-00939-WHA (JSC)

1189815

OT also apparently argues that Judge Corley should not have clarified her August 18 ruling to make plain that OT could not take discovery on any investigation of irrelevant employees (employees other than Levandowski, Raduta, and Kshirsagar).  But OT's only argument on this point apparently relies on materials that OT never presented to Judge Corley.  *See* Dkt. 1522 at 5 (citing "documents subsequently produced").  This Court should not find that Judge Corley's order was clearly erroneous based on material that OT has never submitted to her.

## V.  CONCLUSION

Otto Trucking has not met their burden of demonstrating that Judge Corley's order was clearly erroneous or contrary to law.  The Court should deny OT's motion for relief.

Respectfully submitted,

Dated:  September 14, 2017                           KEKER, VAN NEST & PETERS LLP

By:  */s/ Rachael E. Meny*
ROBERT A. VAN NEST
RACHAEL E. MENY
JENNIFER A. HUBER
JO W. GOLUB
THOMAS E. GORMAN
W. HAMILTON JORDAN

Attorneys for Non-Party
Keker, Van Nest & Peters LLP