QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | CASE NO. 3:17-cv-00939 <br><br> **PLAINTIFF WAYMO LLC'S RESPONSE TO OTTO TRUCKING'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS RE: MOTIONS TO QUASH AND FOR PROTECTIVE ORDER; AND SCOPE OF PRIVILEGE WAIVER (DKT. 1391)** <br><br> Judge: The Honorable William Alsup <br><br> Trial Date: October 10, 2017 |

In its Motion For Relief from Magistrate Judge Corley's nondispositive pretrial order quashing Otto Trucking's subpoena to Keker, Van Nest & Peters LLP ("KVP") and further ruling on the scope of Waymo's privilege waiver (Dkt. 1391), Otto Trucking does not argue that Magistrate Judge Corley's rulings were "clearly erroneous or contrary to law." *See* Dkt. 1520-3 ("Motion"). Nor can it. Over the course of several hearings the Court carefully considered the issues concerning Waymo's waiver of privilege related to its forensic investigation, including lengthy *in camera* reviews of Waymo's documents, properly delineated the scope of the asserted waiver, and determined that the challenged subpoena to KVP is outside of that scope. Otto Trucking's characterizations in its Motion of the discovery obtained from Waymo as a result of the Court's rulings are not only irrelevant for purposes of evaluating the present motion, but also incomplete and inaccurate. There is nothing "clearly erroneous" about the Court's rulings, and the cases Otto Trucking cites demonstrate that the rulings are also not "contrary to law" concerning privilege waivers.

Under FRCP 72, a district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Id.* (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cr. 1988). Even if the district court would have ruled differently if considering the motion in the first instance, the party seeking review must still demonstrate that the magistrate's ruling was erroneous, in order to get relief. *See Patrick Caldwell v. Facet Retiree Med. Plan*, No. C 13-00385 WHA, Dkt. 86 at 3 (March 31, 2014) (Alsup, J.) ("Had this issue been before the assigned judge *ab initio*, he would have allowed the depositions to go forward. That, however, is not the standard of review. Defendants have simply not met their burden to prove that the discovery order was clearly erroneous or contrary to law.").

On August 18, the Court held: "While the waiver of work product does not *necessarily* waive attorney-client privileged communications, here the waiver of work product over the investigation did waive the attorney-client privilege as to counsel communications with Mr. Brown and anyone else involved in the investigations at issue as in fairness such communications should be disclosed." Dkt. 1272 at 2 (the "Order"). Pursuant to this carefully-tailored subject-matter waiver, the Court ordered

production of documents concerning Waymo's forensic investigation, including communications between the forensic investigation team at Waymo and outside counsel at KVP. *Id.* Waymo has produced those documents, with the assistance of the Court in navigating the precise scope of the waiver through *in camera* review. Dkt. 1441, 8/31 Tr. at 6-8, 61-113. Contrary to Otto Trucking's insinuation that Waymo has avoided complying with the Court's order (Motion at 2 n.1), the Court itself has expressly recognized Waymo's compliance and good faith in the exact hearings Otto Trucking references. During the August 31 *in camera* review of documents, the Court repeatedly found Waymo's stance to be proper, denying Otto Trucking's repeated requests to broaden the scope of the waiver. Dkt. 1441, 8/31 Tr. at 61-113. Further, while the Court did order some production, the Court recognized "the difficulty of the line-drawing" exercise and found that Waymo was not "trying to hide super-material information." *Id.* at 9:10-16, 68:7-13. The Court made clear: "I'm not faulting you, at all." *Id.* at 40:16-17. Otto Trucking's complaint that Waymo did not produce privileged communications until the late stages of this litigation are baseless. Indeed, when Otto Trucking complained that Waymo had delayed, the Court dismissed the timing issue as a creature of Defendants' own making: "Mr. Chatterjee, the reason we are [at the close of fact discovery] is because you didn't bring this motion [to compel privileged documents] to my attention until later, so that I don't want to hear." Dkt 1414, 8/28 Tr. at 13:20-24.

Otto Trucking's complaint that Waymo is withholding unfavorable documents and "selectively disclosing" favorable ones is simply untrue. Motion at 3-4. Waymo has produced the documents that it previously withheld as privileged but that come within the scope of the Court's Order. Waymo applies no other criteria. Further, the Court has conducted extensive *in camera* review of these documents, ruling on dozens (which Otto Trucking does not challenge in its Motion), and Waymo has complied with those rulings. The Court's continued involvement throughout this process to ensure that the waiver is properly adhered to, and not unduly broadened, is not only appreciated, but in line with the Ninth Circuit's guidance in the case cited by Otto Trucking concerning purported the scope of the waiver at issue. *See Bittaker v. Woodford*, 331 F.3d 715, 720-21 (9th Cir. 2003) ("[T]he court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it . . . if a party complies with the court's conditions and turns over privileged materials, it is entitled to rely on

the contours of the waiver the court imposes, so that it will not be unfairly surprised in the future by learning that it actually waived more than it bargained for in pressing its claims.").[1]  Waymo has also served updated privilege logs, which provide the Bates numbers corresponding to prior privilege log entries that have now been produced.  Otto Trucking's motion does not detail a single additional entry on these logs that should be produced.

Otto Trucking asks for KVP's "communications to the investigators" (Motion at 4), but Waymo has already produced all communications between the forensic investigators and counsel.  Indeed, Otto Trucking cites to several of them in an extraneous portion of its brief alleging the investigation to be a "sham."  Motion at 2.  In this section, Otto Trucking presents one-sided argument about excerpts from emails that refer to SVN files as "low-value" and to Levandowski's download as not ringing "alarm bells," but as in Defendants' other briefing on the very same emails,[2] Otto Trucking again ignores testimony explaining that these statements do not mean what Otto Trucking claims that they mean.  For instance, Mr. Zbrozek has testified that by "low-value" he meant only that the SVN database held data "considered of lesser value" than personal user data and Google source code that is stored on a different Google server.  Dkt. 1541-21 at 208:18-209:11  Further, he explained that while a bulk download "in absence of context" may not be suspicious, "someone pulling information and putting that information somewhere else and then leaving the company, maybe that's suspicious.  Maybe just looking at the log files on their own isn't enough to tell that story."  *Id.* at 230:2-16; *see also id.* at 238:23-25, 239:23-25.  When the entirety of the discovery Waymo has provided since the Order is read in context, it becomes clear that Otto Trucking misstates the meaning of the emails it cites in its Motion.  At any rate, setting aside the disputed meaning of emails between Waymo's investigators and KVP, the mere existence of the dispute proves the mootness of Otto Trucking's Motion:  Otto Trucking already has communications between the investigators and KVP.

---

[1]  In the underlying opposition to the motions to quash the subpoena, Otto Trucking did not cite *Bittaker* or any of the other cases it now claims support its position on the scope of the subject matter waiver.  *See* Dkt. 1377-4.

[2]  *See, e.g.*, Dkt. 1524-3, 1534, 1540-4, 1562-4.

Having already received the discovery responsive to the Court's Order, it is unclear what more Otto Trucking seeks to compel through this Motion. To the extent that Otto Trucking seeks KVP's internal strategic communications that do not include the forensics team, Otto Trucking has failed to show any entitlement to such work product. Otto Trucking's assertion that KVP was "part of the investigative 'Team,' not mere outside counsel" such that KVP's internal correspondence is now at issue, and should be compelled, relies on inapposite case law that does not carry Defendants' burden to show that Magistrate Judge Corley's rulings were contrary to law. Motion at 4. Two of the three cases concerned the same type of discovery that has already been provided here, *i.e.* the work product of investigators conducted at the direction of counsel. In *United States v. Nobles*, 422 U.S. 225 (1975) the Supreme Court found that a criminal defendant waived work product protection over the report of an outside investigator (not an attorney) after the report and the investigator's own testimony was used by the defense during trial to impeach the prosecution's witnesses. *Id.* at 227, 239 ("In a criminal trial, defense counsel sought to impeach the credibility of key prosecution witnesses **by testimony of a defense investigator** regarding statements previously obtained from the witnesses by the investigator. . . . Respondent, by electing to present the investigator as a witness, waived the privilege with respect to matters covered in his testimony.") (emphasis added). Similarly, in *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573 (9th Cir. 1992), the Ninth Circuit upheld an order compelling production of handwritten memoranda drafted during a litigation by an insurance adjuster (not an attorney) in a bad faith insurance settlement claim case. *Id.* at 576, 577 ("In a bad faith insurance claim settlement case, the strategy, mental impressions and opinion **of the insurer's agents** concerning the handling of the claim are directly at issue.") (emphasis added, internal quotation omitted).

The third case Otto Trucking cites held the **exact opposite** of what Otto Trucking now requests of this Court. *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294 (Fed. Cir. 2006) concerned an advice of counsel defense to a willful patent infringement claim, not any internal "team" that has put its involvement in an investigation at issue. *Id.* at 1297-98. Moreover, the Federal Circuit's holding supports Waymo and KVP's position, not Otto Trucking's. Indeed, the Federal Circuit held that the discovery Otto Trucking appears to seek from its subpoena through the present motion—the internal

impressions of KVP not shared with Waymo—is ***never*** waived, even when work product protection is otherwise deemed waived through an advice of counsel defense. *Id.* at 1303 ("While an accused infringer may waive the immunity for work product that embodies an opinion in letters and memorandum communicated to the client, he does not waive the attorney's own analysis and debate over what advice will be given.").

Judge Corley's orders adhere to these principles by requiring Waymo, having relied upon its forensic investigation into Levandowski, Raduta, and Kshirsagar, to produce all otherwise-privileged communications relating to that investigation. Judge Corley further ordered Waymo to produce documents concerning other individuals and other aspects of the overall investigation when those documents "can't be separated out" from the aspects of the investigation that have been waived. Dkt. 1441, 8/31 Tr. at 28:3-5, 39:20-40:17. Moreover, Judge Corley repeatedly explained that she did not intend Waymo's compliance with her instructions to constitute a broader waiver over separate investigations, and that if Otto Trucking would need to make a separate motion if that was their request. *See id.* at 26:12-16. Indeed, when counsel for Otto Trucking argued that Waymo's waiver should be broader because the overall investigation included employees other than Levandowski, Raduta and Kshirsagar, Judge Corley responded "So what, though?" (*id.* at 21:12-19). To the extent that Waymo conducted separate investigations that Waymo is not presenting or relying on in any way, Waymo has not waived that subject-matter, and any argument from Otto Trucking to the contrary has no basis in the law.

For the foregoing reasons, the Court should deny Defendant Otto Trucking's Motion for Relief From Non-Dispositive Pretrial Orders of Magistrate Judge Corley.

DATED: September 14, 2017                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Attorneys for WAYMO LLC