# REDACTED VERSION OF EXHIBIT 22 SOUGHT TO BE FILED UNDER SEAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WAYMO LLC, )
Plaintiff, )
vs. ) Case No.
UBER TECHNOLOGIES, INC.; ) 3:17-cv-000939-WHA
OTTOMOTTO LLC; OTTO TRUCKING, )
INC., )
Defendants. )
_____________________________)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION OF KRISTINN GUDJONSSON

Palo Alto, California

Friday, July 28, 2017

Volume I

Reported by:
CARLA SOARES
CSR No. 5908
JOB No. 2665814

PAGES 1 - 242

BY MR. TAKASHIMA: 11:13:08

Q Do you understand that what used to be Project Chauffeur has become Waymo?

A Yes.

Q If I use the term "Waymo," will you understand that to include Project Chauffeur before? 11:13:13

A Yes.

MR. BAKER: Let me just clarify, also, Counsel, for the record, that my previous objections were attorney-client privilege and work product. 11:13:22

MR. TAKASHIMA: Thank you.

Q Was the investigation of Anthony Levandowski [REDACTED] [REDACTED]?

MR. BAKER: You can answer that yes or no. 11:13:52

THE WITNESS: Yes.

BY MR. TAKASHIMA:

Q Are you aware of any investigations of [REDACTED] [REDACTED]? 11:14:08

MR. BAKER: You can answer that yes or no.

THE WITNESS: No.

BY MR. TAKASHIMA:

Q What was your first involvement in the investigation of Anthony Levandowski? 11:14:22

14:54:57

Do you see that?

A Yes.

Q What does that mean?

A It means that 14:54:59

14:55:17

Q

14:55:33

14:55:48

14:56:09

14:56:10

14:56:25

14:56:43

14:57:02

14:57:20

Q And is that typically examined during forensic investigations?

A Yes. 14:57:33

Q Why? 14:57:33
[redacted] 14:57:44 [redacted] 14:57:59 [redacted] 14:58:08 [redacted]
Q Very logical.
Moving down to paragraph 10, there's a 14:58:25
reference to [redacted].
A Yes.
Q What is [redacted]?
[redacted] 14:58:33

[redacted] 14:58:43

Q So Mr. Brown's declaration says that [redacted] 14:59:08

Is that the -- can you explain what that means?

[redacted] [redacted] 14:59:24

[redacted] 14:59:38

[redacted] [redacted] 14:59:54

[redacted] [redacted] 15:00:06

15:00:09

15:00:24

15:00:34

15:00:52

15:01:09

15:01:21

[redacted] 15:01:24
[redacted] 15:01:39
[redacted] 15:01:54
[redacted] 15:02:10
[redacted] 15:02:24
[redacted] 15:02:46

[redacted] 15:02:51
[redacted]
[redacted] [redacted] [redacted]
[redacted]
[redacted] [redacted] 15:03:03
[redacted]
[redacted]
[redacted] [redacted]
[redacted]
[redacted] [redacted] 15:03:20
[redacted] [redacted] [redacted]
[redacted]
[redacted] [redacted]
[redacted] [redacted]
[redacted] [redacted] 15:03:35
[redacted] [redacted]
[redacted]
[redacted] [redacted]
[redacted] [redacted]
[redacted] [redacted] 15:03:44
[redacted] [redacted]
[redacted] [redacted]
[redacted] [redacted]
[redacted]
[redacted] [redacted] 15:04:05

today, you are not aware of any evidence that Mr. Levandowski copied files off the computer before it was reimaged? 15:29:57

MR. BAKER: Objection to form.

THE WITNESS: I can only tell you what's in the declaration here, what we see here. 15:30:06

BY MR. TAKASHIMA:

Q To your knowledge, has there been any investigation of Mr. Levandowski's e-mail account at Google? 15:30:53

A I'm not sure.

Q To your knowledge, has anybody connected with an investigation reviewed the contents of Mr. Levandowski's e-mail account at Google?

A I'm not sure. 15:31:05

Q Who would know?

A Lawyers.

Q Would anybody else in digital forensics know?

A Potentially, but probably not. It probably would have been me if that check was made. 15:31:22

Q Have you conducted -- been involved in any review of Mr. Levandowski's workstation from Google?

A The workstation, no.

Q Has anybody else from digital forensics 15:31:42

conducted that investigation? 15:31:44

A No.

Q Has anybody looked at Mr. Levandowski's workstation?

A Not to my knowledge. 15:31:49

Q Has the workstation been preserved?

A Not to my knowledge.

Q Okay. Has it been deleted?

A I'm not sure. I would have to go check.

Q Did you ever discuss with anybody 15:32:07 investigating Mr. Levandowski's workstation?

MR. BAKER: Again, I just want to caution the witness not to disclose any communications that he's had with attorneys.

If you have a question, we can go outside. 15:32:22

MR. TAKASHIMA: Do you want to take a break?

THE WITNESS: Yes. Let's do that.

THE VIDEO OPERATOR: We are now going off the record, and the time is 3:32. 15:32:31

(Recess, 3:32 p.m. - 3:39 p.m.)

THE VIDEO OPERATOR: We're now going back on the record, and the time is 3:39.

BY MR. TAKASHIMA:

Q Did you ever discuss with anybody whether 15:39:05

I, the undersigned, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were administered an oath; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is a true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [ ] was [X] was not requested.

I further certify I am neither financially interested in the action nor a relative or employee of any attorney or any party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: 7/29/2017

Carla Soares

CARLA SOARES

CSR No. 5908