1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone:    415.268.7000
5   Facsimile:    415.268.7522

6   KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
7   HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
8   BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
9   Washington DC  20005
    Telephone:    202.237.2727
10  Facsimile:    202.237.6131

11  WILLIAM CARMODY (*Pro Hac Vice*)
    bcarmody@susmangodfrey.com
12  SHAWN RABIN (*Pro Hac Vice*)
    srabin@SusmanGodfrey.com
13  SUSMAN GODFREY LLP
    1301 Avenue of the Americas, 32nd Floor
14  New York, NY  10019-6023
    Telephone:    212.336.8330
15  Facsimile:    202.336.8340

16  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
17  and OTTOMOTTO LLC

18                  UNITED STATES DISTRICT COURT

19                 NORTHERN DISTRICT OF CALIFORNIA

20                    SAN FRANCISCO DIVISION

21  WAYMO LLC,                          Case No.      3:17-cv-00939-WHA

22              Plaintiff,              **DECLARATION OF ARTURO J.
                                        GONZÁLEZ IN RESPONSE TO**
23      v.                              **COURT'S ORDER REQUIRING
                                        DECLARATIONS (DKT. 1536)**
24  UBER TECHNOLOGIES, INC.,
    OTTOMOTTO LLC; OTTO TRUCKING LLC,   Judge:  Honorable William Alsup
25                                      Trial Date: October 10, 2017
                Defendants.
26

27       **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

28

1  I, Arturo J. González, declare as follows:

2      1.      I am a partner with the law firm of Morrison & Foerster LLP, counsel of record for

3  Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Uber") in this action.  I

4  am a member in good standing of the Bar of the State of California.  I make this declaration in

5  response to this Court's Order Requiring Declarations.  (Dkt. 1536.)  I have personal knowledge

6  of the facts contained in this declaration and, if called as a witness, could and would testify

7  competently thereto.

8                              **THE 14,000 FILES**

9      2.      In its Complaint in this case, Waymo alleged that Anthony Levandowski

10  misappropriated "14,000 highly confidential and proprietary files."  (Dkt. 1 at 3:12.)  Waymo

11  used that allegation in support of its successful effort to obtain preliminary injunctive relief and

12  an expedited discovery and trial schedule.

13                **DOCUMENTS PRODUCED LAST DAY OF DISCOVERY**

14      3.      On the last day of discovery, August 24, 2017, Waymo produced approximately

15  7,350 documents, which represents roughly 33% of its total document production to date of

16  approximately 22,572 documents.  Since the close of fact discovery, Waymo has produced

17  approximately 1,679 documents.  These document totals are based on the documents from

18  Waymo's productions uploaded by Uber's discovery vendor.

19                **SASHA ZBROZEK: "DOESN'T RING ALARM BELLS"**

20      4.      In its August 24, 2017 production, Waymo produced documents that it had

21  previously withheld as privileged.  Those documents include emails between Google engineers

22  who were asked to assist in the investigation regarding Mr. Levandowski, and lawyers for Google

23  (both in house lawyers and lawyers from Keker, Van Nest, & Peters).  In one of the email chains,

24  a Google engineer (Sasha Zbrozek) advises one of the Google lawyers from the Keker firm that

25  the 14,000 files that were accessed by Mr. Levandowski are "low-value" files.  (WAYMO-

26  UBER-00086885 at 86.)  He goes on to say that it was not "particularly surprising" that Mr.

27  Levandowski may have accessed those files and summarized his views by saying:  "Doesn't ring

28  the alarm bells for me."  (*Id.*)  A true and correct copy of this email chain is attached hereto as

GONZALEZ DECLARATION IN RESPONSE TO COURT'S ORDER REQUIRING DECLARATIONS (DKT. 1536)
Case No. 3:17-cv-00939-WHA
pa-1802028

1

1   Exhibit 1 at WAYMO-UBER-00086885. We applied redactions to be in compliance with

2   Magistrate Judge Corley's Order denying in part Waymo's sealing motion. (Dkt. 1444.)

3        5.     The email chain also shows that Google investigated eight former employees who

4   had joined Uber, and that six of them had never accessed the repository where the 14,000 files

5   were allegedly downloaded.  (*See* Ex. 1 at 86888.)

6        6.     A second Google engineer on the email chain stated that it "wouldn't be out of

7   normal operation" for the entire folder to be "sync'd" if someone accessed the repository to sync

8   files "locally for work."  (Ex. 1 at 86890.)

9                    **ZBROZEK'S EMAIL TO GOOGLE'S IN-HOUSE COUNSEL**

10       7.     There is a related email chain that was produced *after* the close of discovery, on

11  September 2, 2017.  A true and correct copy of this email chain, which Google has marked

12  Attorneys' Eyes Only but has been redacted in order to allow for public filing, is attached hereto

13  as Exhibit 2 at WAYMO-UBER-00086932. That email was written on February 22, 2017, the day

14  before this lawsuit was filed.  In that email, Mr. Zbrozek writes to Shana Stanton, an in-house

15  Google lawyer:

16           Well, Anthony's log speaks to the number of files. It also expresses
             the (rough) filesize for each transaction. Figuring out the totals for
17           both can be done by parsing the log snippet. Do you need assistance
             with that? I'm a little leery because **both of those numbers aren't**
18           **really meaningful to any narrative**. It also has a chilling effect on
             being a hardware engineer - *we all do full checkouts*, and **it makes**
19           **me uncomfortable to think that lawyers are trying to ascribe**
             **suspicion to it**.
20
21  (Exhibit 2 at 86936 (emphasis added).)

22       8.     In response to Mr. Zbrozek's reservations and concerns about what the lawyers

23  were saying, and his statement that the files that were downloaded by Anthony Levandowski

24  were "low value," one of the Google in-house lawyers wrote to him and said:  "Sasha, **we want**

25  **to also be able to say that SVN contains only internal confidential stuff**, which I understand

26  from Pierre is the case."  (Ex. 2 at 86932 (emphasis added).)  SVN is the repository that contained

27  the 14,000 files that were allegedly misappropriated.  It was only after this prodding from

28  Google's lawyer that Mr. Zbrozek modified his position:  "Mostly.  There's a bit of boilerplate

1   and low-value stuff." (*Id.*)  Having circled the wagons, Google filed this lawsuit the next day.

2   　　　9.　　　After these documents were produced, I took Mr. Zbrozek's deposition.  He had

3   been deposed previously, but at his first deposition, he made no mention of these emails, or of his

4   strong concerns pertaining to Google's investigation.  In his second deposition, I asked him about

5   the statement in his email that "we all do full checkouts." (Ex. 2 at 86936.)  He testified that he

6

7

8

9

10

11

12

13

14   A true and correct copy of Sasha Zbrozek's deposition testimony from September 6, 2017, which

15   Google has designated Attorneys' Eyes Only, is attached hereto as Exhibit 3.  (*See* Ex. 3 at

16   Zbrozek Dep. 235:2-9.)  Mr. Zbrozek

17   　　　　　　　　　　　　　　　　　　　　　　　　　　　　(*Id.* at 196:18-21.)

18   　　　10.　　　Mr. Zbrozek confirmed that

19

20

21

22

23

24

25

26   (*Id.* at 236:3-11.)

27   　　　11.　　　Finally, Mr. Zbrozek confirmed that

28

1    ████████████████████████████████████████████████ (*Id.* at 253:5-7, 255:22-

2    256:6.)  That explains why he was so adamant the day before this lawsuit was filed about

3    "lawyers . . . trying to ascribe suspicion" to what Mr. Levandowski had done.  (Ex. 2 at 86936.)

4                                **THE DOCUMENT DUMP**

5           12.    On September 9, over two weeks after fact discovery closed, Waymo produced

6    1,257 documents, subsequently explaining:  "We produced additional M&A-related documents

7    on Saturday via PROD061 and PROD063."  After an inquiry from Uber's counsel, Waymo also

8    stated:  "PROD062 is also M&A related."  Attached as Exhibits 4 and 5 are true and correct

9    copies of Waymo counsel's emails with a link to these productions and responses that they

10    contained additional M&A-related documents.

11          13.    Uber has conducted a preliminary review of the 1,257 documents Waymo

12    produced on September 9, and it appears that the majority of these documents—more than 800—

13    are not M&A-related or responsive to any Order requiring production after the close of discovery.

14    Instead, Waymo's September 9 productions include hundreds of documents and communications

15    relating to LiDAR and Waymo's purported trade secrets, including communications to and from

16    Anthony Levandowski and other witnesses deposed in this litigation.  These documents appear to

17    be responsive to numerous document requests.  (*E.g.*, Attached as Exhibit 6 is a true and correct

18    copy of Defendant Uber and Ottomotto's First Set of Requests for Production of Documents Nos.

19    21, 23, 98-104, 114, dated May 12, 2017.)  Attached as Exhibit 7 is a true and correct copy of an

20    email from Uber counsel to Waymo counsel on September 13, 2017 inquiring why Waymo had

21    produced these documents several weeks after the close of fact discovery and after the parties had

22    exchanged motions *in limine*.  Thus far, we have not received a response.

23                         **CUSTODIAN INFORMATION**

24          14.    Of the documents produced by Waymo in this case, over 2,200 did not properly

25    identify a custodian.  Of these, about 600 identified no custodian at all, and the rest merely

26    referred to "Google" as the custodian.

27

28

1    I declare under the penalty of perjury that the foregoing is true and correct.  Executed this

2    15th day of September, 2017 at San Francisco, California.

3                                          */s/  Arturo J. González*
                                          Arturo J. González

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28