Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
Todd A. Boock (SBN 181933)
tboock@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendant
Otto Trucking LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC, and OTTO TRUCKING, LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**OTTO TRUCKING LLC'S REPLY TO WAYMO'S (DKT. NO. 1572) AND NON-PARTY KEKER, VAN NEST & PETERS, LLP'S (DKT. NO. 1570) OPPOSITIONS TO MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS (DOCKET NO. 1391)**<br><br>Courtroom:　8, 19th Floor<br>Judge:　　　Hon. William H. Alsup<br>Trial:　　　　October 10, 2017 |

In their Opposition briefs, Plaintiff Waymo, LLC ("Waymo") and Non-party Keker, Van Nest & Peters LLP ("KVN") miss the point of defendant Otto Trucking, LLC's ("OT") Objection to Magistrate Judge Corley's Orders quashing the subpoena to Keker and narrowing Waymo's privilege waiver (the "Order").  As explained in OT's opening brief, Judge Corley's Order incorrectly narrowed the subject matter waiver to the forensic investigation to Waymo only, and not its counsel (Dkt. No. 1272).  This subject matter waiver was not limited to Waymo only – it covered the subject matter of the forensic investigation which KVN directed.  There is simply no legal basis to quash a subpoena to percipient witnesses who directed an investigation for which all privilege has been waived.  The fact that KVN was Waymo's counsel does not absolve it of the requirement to comply.  The Court should sustain OT's Objection for the following reasons:

*First*, the August 18 waiver order was as to the subject matter of the forensic investigation, the "centerpiece" of Waymo's case, and OT is absolutely entitled to seek discovery from all percipient witnesses, including the attorneys who directed that investigation.  *Second,* KVN likely possesses documents that will continue to unravel Waymo's narrative that Mr. Levandowski downloaded important trade secrets.  Waymo has engaged in a pattern of stonewalling and delay, forcing OT to seek relief from Judge Corley multiple times, and OT has no way of knowing that Waymo has produced all responsive documents related to the investigation.  *Third*, KVN has no standing to contest the waiver or oppose OT's efforts to conduct this discovery, because the privilege was Waymo's and Waymo waived that privilege.  *Fourth*, KVN's argument as to the timing of the subpoenas is frivolous.  While OT may have known that KVN was involved before the subpoena, it could not conduct this discovery until after the August 18 privilege waiver order.  KVN admits that OT served its subpoenas two days after the order, which is certainly not undue delay.  *Fifth*, Judge Corley's ruling was error, and neither KVN nor Waymo have met their burden to show the subpoenas should have been quashed.  Waymo (and by extension, its counsel KVN) cannot use privilege as a sword and a shield.  Its counsel must either produce documents, or Waymo should be precluded from presenting allegations related to the downloaded files.

## I. THE PRIVILEGE WAIVER WAS AS TO THE ENTIRE SUBJECT MATTER OF THE FORENSIC INVESTIGATION

KVN and Waymo argue that OT is not entitled to documents from KVN, because the August 18 order was in response to a Motion to Compel *Waymo* to produce documents. This argument ignores the wording of the August 18 order, and KVN and Waymo seem to be under the mistaken impression that the privilege waiver was as to Waymo alone, but they are wrong. As Waymo correctly points out in its Opposition brief ("Waymo Opp."), the waiver was "***as to counsel communications with Mr. Brown and anyone else involved in the investigations at issue as in fairness such communications should be disclosed***.'" Waymo Opp. at 1:24-27 (emphasis added). Nothing in this Order suggests that it only applies to Waymo or that it is somehow a one-sided privilege waiver. This was a subject matter waiver as to the forensic investigation. OT moved to compel only Waymo, because Waymo's refusal to produce documents and position as to the forensic investigation was what led to the waiver. OT could not have moved to compel KVN, because it had no discovery pending to KVN, nor could it, because privilege had not yet been deemed waived. KVN's attempt to characterize the waiver as anything less than a subject matter waiver is based on circular reasoning and has no legal foundation.

KVN and Waymo fail to address this important point in their Opposition briefs. Rather, KVN merely states that the Magistrate's decision to quash was based on factors other than the waiver. *See* KVN Opp. at 5–6. But as previously stated, Ninth Circuit law is clear that express and implied waiver results in a waiver as to the *entire subject matter*. *See Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003); *see also* Fed. R. Evid. 502(a). Waymo has put KVN's involvement in the investigation of former employees squarely at issue. By doing so, Waymo has inserted KVN into the underlying facts of this matter that waived the privilege and made KVN a percipient witness.[1] Thus, to the extent KVN possesses information or documents pertaining to its communications and conclusions regarding the investigation and alleged downloading activity, privilege as to those materials has been waived and is discoverable. *United States v. Nobles*, 422 U.S. 225, 239 (1975); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577–78 (9th Cir.

---

[1] Waymo has in fact issued its own subpoenas to counsel. Motion, p.4, fn. 3.

1992).

As the Court initially observed, and as OT has argued all along, Waymo's waiver is as to the *subject matter* of the forensic investigation, and cannot reasonably exclude the central aspects of the investigation itself—including: (1) the KVN attorneys who controlled and directed the investigation;[2] and (2) the departing employees (not just Anthony Levandowski, Sameer Kshirsagar, and Radu Raduta) who Waymo and KVN explicitly identified as the "targets" of the investigation.[3]

## II.    KVN LIKELY POSSESSES EXCULPATORY DOCUMENTS THAT CONTRADICT WAYMO'S FLAWED NARRATIVE

Waymo has premised its entire case on the notion that Mr. Levandowski wrongfully downloaded 14,000 files containing trade secrets before he left the company. Discovery that has very slowly – due to Waymo's failure to timely produce responsive documents[4] – come out since the privilege waiver has shown that not everyone at Waymo believed this narrative. *See* Objection at 2:10 and 2:16-18. Until the privilege waiver, OT was entirely unaware that Waymo was internally making comments about the results of the forensic investigation that were directly at odds with what Waymo was telling this Court. *Id.* At 2:11-13.

Waymo now creatively contests the meaning of its own employees' statements, but that in and of itself justifies discovery from KVN. There is no dispute that documents and information encompassed by the privilege waiver have been potentially exculpatory for OT, and Waymo is now attempting to hide further helpful evidence by hiding behind a privilege that it has waived. KVN very well may possess documents and evidence with further contrast the picture Waymo has

---

[2] *See, e.g.*, Dkt. No. 1378 at 2–5, 8–9; Declaration of Todd Boock (the "Boock Decl."), Exh. 2, Dkt. No. 1522-4 at 71:1-12; *Id.* Exh. 3, Dkt. No. 1522-5 at -00086886; *Id.* Exh. 4, Dkt. No. 1522-6 at -00084497; *Id.* Exh. 5, Dkt. No. 1522-7 at -00086936.

[3] *See, e.g.*, Dkt. No. 1378 at 2–5, 8–9; Declaration of Hong-An Vu (the "Vu Decl."), Exh. 12, Dkt. No. 1525-13 at -00086812; *Id.* Exh. 16, Dkt. No. 1525-17; *Id.* Exh. 29, Dkt. No. 1525-30 at -00077201; *Id.* Exh. 23, Dkt. No. 1525-24.

[4] Waymo attempts to portray its "compliance and good faith" in its Opposition, but the very fact that OT has had to seek court intervention on four separate occasions, in addition to several meet and confers, just to get Waymo to comply with the August 18 order, suggests otherwise. *See* Dkt. Nos. 1391, 1412, 1429 and 1479.

tried to paint in this case.  OT is entitled to subpoena KVN to confirm that all communications within the scope of the Court's order have been produced.  *See Saller v. QVC, Inc.*, No. CV 15-2279, 2016 WL 8716270, at *6 (E.D. Pa. June 24, 2016) ("Defendant is entitled to serve third party subpoenas 'to test the veracity of [the opposing party's] assertion that they have produced all documents they were required to produce.'") (citation omitted); *Med. Tech., Inc. v. Breg, Inc.*, No. 10-MC-00100, 2010 WL 3734719, at *4 (E.D. Pa. Sept. 21, 2010); Fed. R. Evid. 502(a).

### III.     KVN HAS NO STANDING TO CONTEST THE WAIVER.

KVN's Opposition contests the propriety of the Order regarding Waymo's privilege waiver.  Specifically, KVN claims that  OT "attempted to expand the Court's ruling to take broad discovery."  KVN Opp. at 3.  However, KVN does not have standing to contest the scope of the waiver.

Both the attorney-client and work product privileges at issue here belong to Waymo—not KVN—and the privileges are Waymo's alone to either preserve or waive.  *See Marilley v. Bonham*, No. C-11-02418 DMR, 2013 WL 896755, at *2 (N.D. Cal. Mar. 8, 2013); *Schmidt v. Levi Strauss & Co.*, No. C04-01026RMWHRL, 2007 WL 628660, at *4 (N.D. Cal. Feb. 28, 2007).  In this case, the Court found that *Waymo* had waived both attorney-client and work product privileges over Waymo's forensic investigation of Google employees.  Dkt. No. 1272 (the "August 18 Order").  Waymo must live with the consequences of its strategic decisions.

### IV.     OT TIMELY SOUGHT DISCOVERY FROM KVN.

KVN's Opposition suggests that OT should have subpoenaed KVN sooner, because it knewabout KVN's involvement for some time.  This argument has no merit and ignores the fact that OT could not have subpoenaed KVN prior to the August 18 privilege waiver order, because communications between KVN and Waymo would have been deemed privileged.  Once Judge Corley determined that privilege was waived as to the forensic investigation on Friday, August 18, Waymo immediately reached out to KVN on Sunday, August 20 to serve the subpoenas.

Moreover, OT could not have known the extent of KVN's involvement in Waymo's investigation until after Waymo's produced documents that were subject to the waiver.  It was *only* at this point that OT learned KVN was not only *involved* in the forensic investigation, but in

4

1  fact identified its targets, defined its scope, controlled its direction, and suggested to Google
2  investigators the theories of liability it wanted to support.
3        KVN's arguments to the contrary are inapposite.  First, the fact that KVN is counsel of
4  record in the arbitration against Anthony Levandowski and Lior Ron provides no indication at all
5  that it *directed* a forensic investigation of Waymo employees departing to competitors Uber and
6  Otto.  *See* KVN Opp. at 2.  Second, Waymo has served privilege logs totaling more than 1,500
7  entries, including a log with more than 1,300 entries served on September 1, 2017, well after the
8  waiver order.  That OT should have been "tipped off" to KVN's substantial involvement with the
9  investigation based on "numerous communications" identified on the privilege log is
10 unreasonable.  *See id.*  Communicating with Waymo and *controlling* the investigation and its
11 outcome are entirely different things.  *Third*, Mr. Brown's single-sentence statement regarding "a
12 specific KVP attorney" during Mr. Brown's day-long deposition has minimal probative value in
13 understanding the extent of KVN's control and direction of the investigation.  In sum, OT could
14 not have known the extent of KVN's involvement until after Waymo produced documents subject
15 to the privilege waiver.

16 **V.     OT ARGUED THAT THE MAGISTRATE'S RULING WAS ERROR.**

17       Waymo and KVN argue that the Objection should be overrules because OT fails to argue
18 error.  This argument makes no sense – while OT may not have used the word, "error," OT
19 repeatedly argued that the August 28 Order was incorrect.  Moreover, neither KVN nor Waymo
20 met their burden on the Motions to Quash.  A motion to quash a subpoena may be granted if the
21 subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver
22 applies" or "subjects a person to undue burden."  Fed. R. Civ. Pro. 45(c) (3)(iii) and (iv); *see also*
23 *Everflow Tech. Corp. v. Millennium Elecs. Inc.*, No. 07-05795 JF (HRL), 2008 WL 4962688, at *1
24 (N.D. Cal. Nov. 19, 2008).  It is the moving party's burden to show the grounds to quash.  *Sullivan*
25 *v. Personalized Media Commc'ns, LLC*, No. 16-MC-80183-MEJ, 2016 WL 5109994, at *2 (N.D.
26 Cal. Sept. 21, 2016).  Neither KVN nor Waymo addressed this issue in their Motions or
27 Oppositions here.
28

5

**VI. CONCLUSION**

For the foregoing reasons, Otto Trucking respectfully requests an Order from the Court GRANTING the Motion for Relief and GRANTING the prayers for relief therein.

Dated: September 15, 2017          Respectfully submitted,

By:  /s/  *Todd A. Boock*
Neel Chatterjee
*nchatterjee@goodwinlaw.com*
Brett Schuman
*bschuman@goodwinlaw.com*
Shane Brun
*sbrun@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
Hong-An Vu
*hvu@goodwinlaw.com*
Todd A. Boock
*tboock@goodwinlaw.com*
**GOODWIN PROCTER LLP**

*Attorneys for Defendant:*
Otto Trucking LLC

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on September 15, 2017. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 15th day of September 2017 in Los Angeles, California.

/s/ Todd A. Boock<br>
Todd A. Boock