# EXHIBIT 1

| | |
|---|---|
| **From:** | Andrea P Roberts <andreaproberts@quinnemanuel.com> |
| **Sent:** | Wednesday, August 23, 2017 10:07 PM |
| **To:** | JCooper@fbm.com; MCate@fbm.com; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo |
| **Cc:** | QE-Waymo |
| **Subject:** | Waymo v. Uber: Meet and Confer Request |

- External Email -

John and Counsel,

We have a few questions regarding various issues, listed below. John, we would like to meet and confer about these issues tomorrow.

1. We are in receipt of the substantial production of documents and text messages from numerous witnesses who have already been deposed. The timing of this production is obviously troubling for that reason. Additionally, we note from our initial review that this in part seems to be a production of documents, the night before the last day of discovery, that Uber intends to rely on to corroborate its (previously withheld) "bonus" theory in relation to Levandowski's downloading of Waymo's confidential, trade secret materials and information. We noted the lack of corroboration (beyond the alleged March 29 conversation that Uber will be unable to rely on anyway) at Mr. Levandowski's deposition yesterday and were told corroboration exists beyond the March 29 conversation. It appears us that, now that it will not be able to rely on the alleged March 29 conversation, that Uber has sought to fill this gap but dumping documents on us in the 11th hour. We intend to raise this with the Court.

2. Additionally, we would like to discuss privilege issues stemming from Mr. Levandowki's deposition. For example, counsel for Uber asked Mr. Levandowski, "But you would not cooperate with Uber's investigation in this case; right?" Yet, Uber instructed Mr. Levandowski not to answer questions that went to the very same issue when asked by Waymo: "Q Was -- what specifically did you tell Uber you would not do in relation to Uber's investigation in relation to this litigation?" and "what specifically did Uber's lawyers tell you to do in relation to Uber's investigation, in relation to this litigation, that you refused to do?" This is more of the same improper sword and shield use of privilege by Uber.

3. Judge Corley's Order today says "The district court left Waymo the option of nonetheless offering the March 29 conversation into evidence. Discovery closes on August 24, 2017. If Waymo wishes to challenge Mr. Levandowski's assertion of an individual attorney-client privilege in the March 29 and related conversations it must do so before discovery closes. Should Waymo decide not to do so, this Court will not revisit the scope of Uber's waiver." We would like to discuss Levandowski's separate privilege claim in reference to the Court's Order.

4. Please produce all communications with Seval Oz. Based upon questioning at Mr. Droz's deposition this week, it appears that at least Otto Trucking has had communications with Ms. Oz that have not been produced. Please promptly produce those documents, and any communications with other third parties covering issues that are addressed in Waymo's RFPs.

5. At the July 26 hearing, Mr. Gonzalez indicated that Uber intends to present testimony at trial regarding the inspections conducted by Waymo, and the investigation Uber conducted to determine whether the

14,000 files made it to Uber.  Uber has not produced documents relating to either, including communications with counsel.  If Uber has produced such documents, please identify them by Bates number.  If Uber has not done so, please promptly produce them, or provide the basis for Uber's refusal to do so.  We would also like to discuss the scope of the privilege waiver in relation to this.

6.   We have not been able to locate the document titled NewCo Plan referenced in UBER00065026.  Please provide the Bates number of where we can find this document in Uber's production.

7.   We ask that Otto Trucking confirm that it searched its members' personal email accounts for documents responsive to all of Waymo's RFPs, and not just the sets that were at issue in the motion to compel that Judge Corley granted.

8.   We have not received a response to John McCauley's August 20 email regarding the Palomar deposition.

9.   We have not received a response to Jordan Jaffe's August 23 email regarding the "Dragonfly" study.

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.