# Exhibit 9

```
 1                  UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN FRANCISCO DIVISION

 4      WAYMO LLC,

 5            PLAINTIFF,

 6                                       CASE NO.

 7          VS.                          3:17-CV-00939-WHA

 8      UBER TECHNOLOGIES, INC.,

        OTTOMOTTO LLC; OTTO

 9      TRUCKING LLC,

10            DEFENDANTS.

11     _____

12                           CONFIDENTIAL

13            VIDEOTAPED DEPOSITION OF RHIAN MORGAN

14                   SAN FRANCISCO, CALIFORNIA

15                     FRIDAY, APRIL 14, 2017

16                            VOLUME I

17

18

19

20

21

22      Reported By:

23      MEGAN F. ALVAREZ, RPR, CSR No. 12470

24      Job No. 2594028

25      PAGES 1 - 28

                                                          Page 1
```

```
1    BY MS. COOPER:                                          13:10:18
2        Q.   Were you involved in a due diligence           13:10:23
3    investigation in the spring of 2016?                    13:10:26
4        A.   No.                                            13:10:28
5        Q.   Have you ever heard of such an                 13:10:29
6    investigation?                                          13:10:31
7        A.   No.                                            13:10:35
8        Q.   You've never heard of a due diligence          13:10:37
9    investigation conducted by Uber in the spring of        13:10:39
10   2016?                                                   13:10:43
11            MR. TATE:  Objection.  Form.                   13:10:44
12   BY MS. COOPER:                                          13:10:44
13       Q.   Is that correct?                               13:10:46
14       A.   I remember there being some interviews         13:10:49
15   that happened for some of our early employees.  I'm     13:10:51
16   not sure if that counts under due diligence or -- or    13:10:55
17   not.                                                    13:10:59
18       Q.   Who was conducting the interview?              13:10:59
19            MR. TATE:  I'm going to object on the          13:11:01
20   basis of attorney-client privilege, joint defense,      13:11:02
21   common interest.                                        13:11:08
22            And instruct the witness not to answer any     13:11:10
23   further questions regarding any due diligence that      13:11:11
24   you're talking about.                                   13:11:15
25   ///
```

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | BY MS. COOPER: | 13:11:18 |
| 2 | Q.   Was the employee attestation a product of | 13:11:19 |
| 3 | the due diligence investigation? | 13:11:21 |
| 4 | MR. TATE:  Again, same objection. | 13:11:23 |
| 5 | I'm going to instruct the witness not to | 13:11:25 |
| 6 | answer any questions on the basis of attorney-client | 13:11:26 |
| 7 | privilege, joint defense, common interest, and work | 13:11:30 |
| 8 | product, we'll add that. | 13:11:33 |
| 9 | BY MS. COOPER: | 13:11:36 |
| 10 | Q.   Were any of Otto's HR policies affected by | 13:11:42 |
| 11 | the results of the due diligence report? | 13:11:46 |
| 12 | A.   Not that I know. | 13:11:52 |
| 13 | Q.   You were the head of HR.  If you don't | 13:11:53 |
| 14 | know, who would know? | 13:11:55 |
| 15 | A.   I wasn't involved in the due diligence | 13:11:57 |
| 16 | process. | 13:11:59 |
| 17 | Q.   Who from Otto was involved? | 13:12:01 |
| 18 | A.   I don't know. | 13:12:04 |
| 19 | MR. TATE:  Okay.  Again, respectfully, | 13:12:05 |
| 20 | Counsel, I instructed twice and I guess I'll do it | 13:12:06 |
| 21 | one more time.  I'm objecting on the basis that the | 13:12:11 |
| 22 | inquiry into this due diligence violates -- it goes | 13:12:15 |
| 23 | into attorney-client privilege, common interest, | 13:12:23 |
| 24 | work product, joint defense communications, and I'm | 13:12:26 |
| 25 | instructing the witness not to answer.  And I'd | 13:12:31 |

Page 18