QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S MOTION TO EXCLUDE OTTO TRUCKING'S DAMAGES EXPERT JAMES MALACKOWSKI PURSUANT TO RULE 702 AND *DAUBERT***<br><br>Date:　　　September 27, 2017<br>Time:　　　8:00 a.m.<br>Ctrm:　　　8, 19th Floor<br>Judge:　　　Honorable William H. Alsup<br>Trial Date:　October 10, 2017 |

**INTRODUCTION**

Under Rule 702 and *Daubert*, expert testimony is only admissible if it is the product of reliable principles and methods, and is the result of applying those principles and methods reliably to the facts of the case. The central opinion from Otto Trucking's damages expert James E. Malackowski – that Otto Trucking owes no damages in this case – fails to meet those standards and therefore should be excluded in its entirety.[1]

In response to Waymo's damages claims, Otto Trucking relies on Mr. Malackowski for his opinion that Otto Trucking owes no damages because "Otto Trucking has made no use of the Asserted Trade Secrets" and because "regardless of the outcome of this litigation, Waymo's claim against Otto Trucking will be resolved through its claim against Uber." (Ex. 1, Report at 3.) Uber, Ottomotto, and Otto Trucking, however, are jointly and severally liable for the misappropriation of Waymo's trade secrets, and Otto Trucking is vicariously liable for all of Anthony Levandowski's actions; any testimony by Mr. Malackowski that Otto Trucking has failed to use Waymo's trade secrets or that Waymo will be fully compensated by any damages award against Uber would constitute an improper legal conclusion and would only serve to confuse the jury. As a result, Mr. Malackowski's opinion that Otto Trucking owes no damages should be excluded under Rule 702 and *Daubert*.

**BACKGROUND**

Otto Trucking is one of the corporate vehicles that Anthony Levandowski used to misappropriate Waymo's trade secrets for the benefit of Uber. Mr. Levandowski, the central figure in the misappropriation, is Otto Trucking's Executive Chairman, co-Managing Member, and ███████████. As the Court has already noted, "[a]ll guilty knowledge attributable to Levandowski is attributable to Otto Trucking . . . . it's his company, for goodness' sakes." Dkt.

---

[1] Although Mr. Malackowski's opinions regarding irreparable harm and the Uber-Otto transaction are similarly without merit, Waymo is not challenging those opinions at this time. And although it is improper for Uber, Ottomotto and Otto Trucking to "team up" by presenting multiple damages experts to the jury on overlapping issues, Waymo is also not challenging Mr. Malackowski on that basis at this time. However, Waymo intends to raise this issue at the pretrial conference on September 27.

775 at 65:18-24.  The Court has likewise observed that Otto Trucking is "soaked" with liability, *id*., and the Court's view is correct; Otto Trucking has failed to come forward with any credible evidence to absolve itself of liability.

Virtually all Otto Trucking "members" are Uber employees, and Otto Trucking and Uber are actively collaborating on a " ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ " (Dkt. 1526-36 at 117:19-129:14.)  Otto Trucking does not need any employees of its own because it has outsourced all of its autonomous vehicle work to Uber, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at 117:19-129:14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ see also Dkt. 1526-39 at 1-3.)  Otto Trucking ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* (" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "); Dkt. 1526-38 at 24:20-25:9 ("Q. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ").

Finally, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 1526-38 at 14:2-12; 23:2-16; 84:17-85:3.)

Despite this, Otto Trucking's damages expert plans to tell the jury that there are no damages for Otto Trucking.  (Ex. 1, Report at 41-42, 50.)  The Court should not allow him to do so because such testimony does not meet the standards of Rule 702 or *Daubert*.

# ARGUMENT

## I. MR. MALACKOWSKI SHOULD NOT BE ALLOWED TO TESTIFY THAT OTTO TRUCKING OWES NO DAMAGES.

Mr. Malackowski's opinion that Otto Trucking owes no damages constitutes an improper legal conclusion and would only serve to confuse the jury.  Despite the fact that damages experts are supposed to *assume* trade secret misappropriation for purposes of calculating damages, Mr. Malackowski argues that "Waymo provides no evidence that any of its alleged trade secrets have been disclosed to Otto Trucking, or that Otto Trucking has acquired, used or disclosed to a third party any of those alleged trade secrets."  (Ex. 1, Report at 41.)  Mr. Malackowski also argues, without any evidentiary support, that recovery against Uber and Ottomotto will "satisfy Waymo's claim against Otto Trucking."  (*Id.* at 42.)  Based on this, Mr. Malackowski concludes that "the Wagner Report provides no basis for reaching a conclusion concerning the monetary recovery due Waymo for Otto Trucking's alleged potential future use of the Asserted Trade Secrets."  (*Id.* at 50.)  These contentions ignore Waymo's damages theories, misrepresent the relationship between Otto Trucking and Uber, and are at best improper legal conclusions couched as expert testimony.  Allowing Mr. Malackowski to testify that there can be no recovery from Otto Trucking would be improper under Rule 702 and *Daubert*.

Although experts are generally allowed to offer opinions on ultimate issues, an expert witness cannot give an opinion on an "ultimate issue of law."  *Nationwide Trans. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008); Fed. R. Evid. 702 (requiring that expert opinion evidence "assist the trier of fact to understand the evidence or to determine a fact in issue").  In *Nationwide,* the Ninth Circuit affirmed a district court's decision preventing an expert from presenting legal conclusions to the jury under Rule 702 because the expert's legal conclusions "invaded the province of the trial judge," "constituted erroneous statements of law," and were "not only superfluous but [also] mischievous."  *Id.* at 1058.  Any opinion from Mr. Malackowski on Waymo's ability to collect damages from Otto Trucking – premised on Mr. Malackowski's interpretation of the evidence on liability and on the legal concept of joint and

several liability – would be similarly improper.  Such testimony must be excluded under Rule 702 and *Daubert*.

As Waymo has made clear on multiple occasions, Waymo's damages theories are not "specific" to any Defendant because Waymo is relying on the same basic damages framework (unjust enrichment and reasonable royalty) for all three Defendants.  *See* Dkt. 843-10 at 18 (Rule 26(a) damages disclosures); Dkt. 843-11 (L.R. 3-8 damages disclosures).  This is particularly appropriate given that Uber, Ottomotto, and Otto Trucking are jointly and severally liable for the trade secret misappropriation in this case.  *See Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 873 F. Supp. 2d 1192, 1217-18 (N.D. Cal. 2012) ("trade secret misappropriation is considered an intentional tort, and thus joint tortfeasors are jointly and severally liable . . . . [a]lthough the damages expert has not apportioned damages to each individual defendant, this is not fatal to Plaintiffs' claims . . . ."); *see also Clark v. Bunker*, 453 F.2d 1006, 1010–11 (9th Cir. 1972) ("Turning to damages, appellants' first argument is that no award of compensatory damages could be made against appellants other than Memorial Guardian Plans, Inc., because no other appellant was shown to have received any profits from the [trade secret] misappropriation and use of appellee's plan.  It is sufficient to say that the trial court found appellants to be joint tortfeasors and hence jointly and severally liable for the damage sustained by appellee, and the record supports that finding.")  The interweaving and concerted actions of Uber, Ottomotto, and Otto Trucking in this case only accentuates why joint and several liability is proper, such that Waymo need not articulate a separate damages theory or damages number against each Defendant. *Brocade*, 873 F. Supp. 2d at 1217-18.

Further, because Mr. Levandowski was acting for all three Defendants at various points in time in order to facilitate the misappropriation of Waymo's trade secrets, Otto Trucking is vicariously liable for those actions.  *See, e.g., Extreme Reach, Inc. v. Spotgenie Partners*, LLC, No. CV1307563DMGJCGX, 2013 WL 12081182, at *7 (C.D. Cal. Nov. 22, 2013) ("SpotGenie may be liable for the Sales Managers' misappropriation of trade secrets under the doctrine of *respondeat superior* . . . . California and federal courts have allowed vicarious liability claims under the UTSA.") (citing case law); *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*,

No. C 10-02605 JW, 2010 WL 2764714, at *4 (N.D. Cal. July 13, 2010) (imputing trade secret misappropriation from employees to employer); *Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1147–48 (N.D. Cal. 2003) ("the Court finds that Fujitsu has, nonetheless, stated a claim for misappropriation of trade secrets as to UI by alleging that Competitive was 'acting with and for UI.' In particular, this allegation may be reasonably construed as an allegation that UI ratified or approved Competitive's conduct."). Regardless of whether Otto Trucking utilized the misappropriated Waymo trade secrets or whether Waymo's theories of damages focus on Uber and Ottomotto rather Otto Trucking, the close and continuing relationship between Otto Trucking and Uber means that Waymo is entitled to recover from all three Defendants. Suggesting that Waymo cannot recover from Otto Trucking or that it has presented no damages theory relevant to Otto Trucking will only confuse the jury as to Waymo's legitimate damages claims.

At bottom, Mr. Malackowski's opinions relating to recovery from Otto Trucking are likely to be misinterpreted by the jury as ultimate legal opinions masquerading as expert testimony. This is improper under Rule 702 and *Daubert*.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Waymo's motion to exclude Otto Trucking's damages expert James E. Malackowski under Rule 702 and *Daubert*.

DATED: September 16, 2017           QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Attorneys for WAYMO LLC

-5-
WAYMO'S MOTION TO EXCLUDE MALACKOWSKI