Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant: Otto Trucking LLC*

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Waymo LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. HESSELINK REGARDING PROTECTIONS OF WAYMO'S ALLEGED TRADE SECRETS**<br><br>Date:　　　　September 27, 2017<br>Time:　　　　8:00 a.m.<br>Courtroom:　8 (19th Floor)<br>Judge:　　　Hon. William Alsup<br><br>Filed/Lodged Concurrently with:<br>　1. Declaration of Hong-An Vu; and<br>　2. [Proposed] Order<br><br>Trial:　　　　October 10, 2017 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................1

II. BACKGROUND ..................................................................................................................1

    A. Waymo's Trade Secret Claim Is Based on The Downloading of Files from the SVN Server.................................................................................................1

    B. Dr. Hesselink's Opinion of the SVN Server is Based on The Unsupported Declaration of Michael Janosko. ..............................................................................2

    C. Dr. Hesselink Opines on Google/Waymo Protections that Do Not Apply to the SVN Server........................................................................................................4

    D. Dr. Hesselink Parrots the Declarations of Pierre Yves-Droz and Tim Willis. ...........6

III. THE COURT SHOULD EXCLUDE DR. HESSELINK'S TESTIMONY REGARDING WAYMO'S ALLEGED REASONABLE EFFORTS TO PROTECT ITS PURPORTED TRADE SECRETS. ...............................................................................6

    A. The Court Should Exclude Dr. Hesselink's Opinion on the SVN Server as Inaccurate and Unsupported. ....................................................................................7

    B. Dr. Hesselink's Opinion on Google's Infrastructure Should be Excluded as Irrelevant and Merely a Summary of Documents. ....................................................8

    C. The Court Should Exclude any Testimony by Dr. Hesselink that is Merely a Recital of Information Found in Declarations...........................................................9

IV. CONCLUSION .....................................................................................................................9

i

MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. HESSELINK
RE PROTECTIONS OF WAYMO'S ALLEGED TRADE SECRETS            Case No. 3:17-cv-00939-WHA

Case 3:17-cv-00939-WHA   Document 1610   Filed 09/16/17   Page 3 of 14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Claar v. Burlington N. R. Co.*,
  29 F.3d 499 (9th Cir. 1994) ........................................................................................................6, 7

*Daubert v. Merrell Dow Pharm., Inc.*,
  43 F.3d 1311 (9th Cir. 1995) ...........................................................................................................8

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ......................................................................................................................6, 7

*Kumho Tire Co., Ltd. v. Carmichael*,
  526 U.S. 137 (1999) .........................................................................................................................7

*Ollier v. Sweetwater Union High Sch. Dist.*,
  768 F.3d 843 (9th Cir. 2014) .......................................................................................................7, 9

*Pooshs v. Phillip Morris USA, Inc.*,
  287 F.R.D. 543 (N.D. Cal. 2012) .............................................................................................6, 7, 9

*United States v. Filler*,
  210 F.3d 386 (9th Cir. 2000) .......................................................................................................6, 8

**Other Authorities**

Fed. R. Evid. 401 ..............................................................................................................................1, 8

Fed. R. Evid. 403 ....................................................................................................................................1

Fed. R. Evid. 702 ..............................................................................................................................1, 6

MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. HESSELINK
RE PROTECTIONS OF WAYMO'S ALLEGED TRADE SECRETS          Case No. 3:17-cv-00939-WHA

## I.     INTRODUCTION

Waymo has submitted an unreliable expert report from Dr. Lambertus Hesselink opining, in paragraphs 65-72 of his report, that the Waymo has reasonably protected its trade secrets. Dr. Hesselink's opinion is flawed and should not be admitted at trial. His opinion is based in large part on the declaration of Michael Janosko, a Google security engineer. Mr. Janosko admitted in deposition that he did not have personal knowledge of the SVN server —the repository in which the 14,000 files were kept—in order to speak on Waymo's protections of that server. Indeed, Mr. Janosko testified what he knew about the server was provided to him entirely by Sasha Zbrozek. Mr. Zbrozek, on the other hand, considered the files kept on the SVN server to be "low-value" such that Google decided to host the entire server off of Google's security infrastructure. In addition, Dr. Hesselink's opinion about other protections Google has in place to protect confidential information is irrelevant as Michael Janosko expressly stated that those protections did not apply to the SVN server.

Dr. Hesselink's opinion that the alleged trade secrets have been reasonably protected, found on paragraphs 65-72 of his expert report (Vu Decl. at Ex. 1) should be excluded as inaccurate, unsupported, and irrelevant under Federal Rule of Evidence 702, and 401 and 403

## II.    BACKGROUND

### A.    WAYMO'S TRADE SECRET CLAIM IS BASED ON THE DOWNLOADING OF FILES FROM THE SVN SERVER.

From the beginning, Waymo has made its trade secret claim about the alleged improper downloading of files from the SVN server—a repository that was used to store materials relating to the hardware for Google's self-driving project. Waymo filed its complaint alleging misappropriation of 121 trade secrets based on Mr. Levandowski's "extraordinary efforts to raid Waymo's [SVN] server" and "downloaded 14,000 files, representing approximately 9.7 GB of highly confidential data," Dkt. 23 at 3. It emphasized that having access to these "crown jewels of the kind of technology we are taking about" is the basis for their "big damages number."

1

MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. HESSELINK
RE PROTECTIONS OF WAYMO'S ALLEGED TRADE SECRETS          Case No. 3:17-cv-00939-WHA

B. **DR. HESSELINK'S OPINION OF THE SVN SERVER IS BASED ON THE UNSUPPORTED DECLARATION OF MICHAEL JANOSKO.**

In his expert report, Dr. Hesslink discusses the SVN server in one paragraph that relies almost entirely on the Declaration of Michael Janosko submitted as part of Waymo's Preliminary Injunction motion:

[REDACTED]

Vu Decl. at Ex. 1 (Excerpts from Hesselink Report); Ex. 3 (Janosko Declaration).

Dr. Hesselink's opinion is improper and unreliable. He relied entirely on the declaration of Michael Janosko and there is no indication that he ever accessed or used the SVN server to conduct his own investigation or analysis.

Michael Janosko repeatedly testified in his deposition that he had no personal knowledge of the SVN server.

[REDACTED]

*Id.* at Ex. 2, Janokso Tr. at 20:2-5.

[REDACTED]

*Id.* at 58:9-18

1
2
3

4  *Id*. at 59:19-23.

5
6
7
8
9
10

11  *Id*. at 86:12-22.

12  When asked about details of the information in his declaration, Mr. Janosko could not
13  respond because of his lack of personal knowledge. Dr. Hesselink extolled Waymo's alleged
14  practice of performing ▓▓▓▓ of its access list based on Mr. Janosko's declaration stating
15  that "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." *Id*. at Ex.
16  1 ¶ 69. However, Mr. Janosko testified that he did not know what "▓▓▓▓▓▓" meant
17  and could not provide any details about this procedure because they were not provided by Mr.
18  Zbrozek. Vu Decl. at Ex. 2 at 68:3-14. He did not know the definition of a "▓▓▓" for the
19  SVN server, whether passwords automatically expired, when the ▓▓▓▓▓▓ place, how
20  long departing employees or contractors continued to have access to the SVN server, and how
21  often access control lists were updated. *Id.* at 19:19-20:1, 67:11-70:6). Though he stated
22  affirmatively in his declaration that "▓▓▓▓▓▓▓▓▓▓," which Dr. Hesselink relied on
23  in his report (Ex. 1 at ¶ 69), Mr. Janosko was not aware of any Waymo policy prohibiting users
24  from ▓▓▓▓▓▓. *Id.* at Ex. 2 at 81:4-7.

25  Dr. Hesselink did not speak to Mr. Zbrozek, did not review his deposition testimony, or
26  rely on any documents produced in this case in providing his opinion that Waymo had reasonably
27  protected its electronic information. Documents produced in this case demonstrate that the SVN
28

3

MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. HESSELINK
RE PROTECTIONS OF WAYMO'S ALLEGED TRADE SECRETS         Case No. 3:17-cv-00939-WHA

1  was selected for its speed and efficiency, not security, as the documents contained on this server
2  were low value.
3     For example, in determining how to launch the next SVN repository in February 2015, Mr.
4  Zbrozek stated that his primary considerations were (1
5  
6  ████████████████ Vu Decl. at Ex. 4 WAYMO-UBER-00047580.  Security (other than the
7  encryption in transmissions) was not a requirement or a wish.  *See id.*  Mr. Zbrozek further
8  emphasized that the SVN server was chosen for convenience and not for safety by concluding:
9     "█████████████████████████████████████████
10  ███████████████████████████
11  *Id.*  In October 2016, when Waymo's outside counsel was looking for suspicious activity by Mr.
12  Levandowski, Mr. Zbrozek confirmed his February 2015 statements.  In response to a question
13  from a lawyer about whether Mr. Levandowski's accessing of the SVN server and its contents was
14  "a little strange, isn't it," Mr. Zbrozek responded, "It's all electronics designs – schematics and
15  PCB layouts.  And the component library for their creation.  It was considered low-value enough
16  that we had even considered hosting it off of Google infrastructure . . . Doesn't ring the alarm bells
17  for me."  *Id*. at Ex. 5 WAYM-UBER-00086885.  Dr. Hesselink failed to consider any of this
18  evidence and instead, merely relied on second hand knowledge at best.
19     C.   **DR. HESSELINK OPINES ON GOOGLE/WAYMO PROTECTIONS THAT DO NOT**
20         **APPLY TO THE SVN SERVER.**
21     Dr. Hesselink then spends several paragraphs discussing the security protections for
22  "Waymo's other servers and network infrastructure" which are allegedly shared with Google,
23  again relying on the first four pages of the Declaration of Michael Janosko.  Vu Decl. at Ex. 1,
24  ¶70.  Both Dr. Hesselink and Michael Janosko discuss Google's infrastructure protecting Gmail
25  and Google Drive.  *See id*., at Ex. 1, ¶ 70; Ex. 3 ¶ 13.  But neither mention the SVN server when
26  discussing this network infrastructure.  ████████████████████████
27  ████████████████████████  *Id.* at Ex. 3, ¶ 23 ("[████████████████
28  ████████████████████  Michael Janosko made this clear at his deposition:

4

MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. HESSELINK
RE PROTECTIONS OF WAYMO'S ALLEGED TRADE SECRETS         Case No. 3:17-cv-00939-WHA

1
2
3
4
5

6   *Id.* at Ex. 2, Janosko Tr. 28:1-10.

7       Mr. Janosko also made clear that his security engineer team did not have any direct

8   involvement in monitoring the SVN server. *See id.* at 19:3-10 (

9

10

11                                                    Google's monitoring of login credentials , as referenced by

12  Dr. Hesselink in paragraph 70 of his report,

13                                                                *See Id.* at Ex. 1, ¶ 70; Ex. 2, Janosko Tr. at 25:18-

14  26:13; *see also* Ex. 6, Zbrozek 9/6/17 Tr. 286:15-286:17.

15      Dr. Hesselink's report discusses                                              . *Id.* at Ex.

16  1, ¶ 71. Mr. Janosko corroborated this description, as he testified that merely acquiring Google

17  login credentials is not enough since Google requires                              in order

18  for the credentials to even work. *Id.* at 64:7-23. But he also testified that this

19                                                       because when Mr. Zbrozek's demonstrated

20  accessing the SVN server, the key fob was not necessary. *Id*. at 64:14-65:3.

21
22
23
24
25
26

27      Dr. Hesselink concludes his section on the reasonableness of Waymo's protections of its

28  electronic information by discussing the system of alerts that would notify engineers of potential

5

MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. HESSELINK
RE PROTECTIONS OF WAYMO'S ALLEGED TRADE SECRETS          Case No. 3:17-cv-00939-WHA

breaches. *See* Vu Decl., Ex. 1 at ¶ 72. However, as stated above, none of the engineers on Mr. Janosko's team were responsible for monitoring the SVN server and he did not know whether anyone in his group or the detection response teams would receive alerts about the SVN server. *See id*. at e 2, 33:8-14.

### D. DR. HESSELINK PARROTS THE DECLARATIONS OF PIERRE YVES-DROZ AND TIM WILLIS.

Dr. Hesselink also opines that Waymo has taken reasonable measures to ensure that people protect its trade secrets. This opinion is based almost entirely on the declarations of Pierre Yves-Droz and Tim Willis. *See* Ex. 1 at 23-24. There is no evidence that Dr. Hesselink assessed any of Google or Waymo's security training materials, policies, customer agreements other than the excerpt from the Gorilla Circuits agreement found in the Willis Declaration, or any specifications provided by Waymo to its vendors. *See id*. It is not expert testimony to simply mimic the statements of fact witnesses.

## III. THE COURT SHOULD EXCLUDE DR. HESSELINK'S TESTIMONY REGARDING WAYMO'S ALLEGED REASONABLE EFFORTS TO PROTECT ITS PURPORTED TRADE SECRETS.

Dr. Hesselink's opinion must be excluded under *Daubert* and Rule 702, which requires district courts to act as a gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Courts must assess "whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Claar v. Burlington N. R. Co.*, 29 F.3d 499, 501 (9th Cir. 1994) (emphasis in original), citing *Daubert* at 592-93 (1993). Importantly, courts must "ensure the expert 'employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Pooshs v. Phillip Morris USA, Inc.*, 287 F.R.D. 543, 547 (N.D. Cal. 2012), citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). Furthermore, the expert's specialized knowledge "must also be relevant." *United States v. Filler*, 210 F.3d 386 (9th Cir. 2000), citing *Daubert* at 591.

A.      **THE COURT SHOULD EXCLUDE DR. HESSELINK'S OPINION ON THE SVN SERVER AS UNRELIABLE AND UNSUPPORTED.**

Dr. Hesselink's chosen method to arrive at his conclusions about the SVN server's security protections cannot be characterized as a reliable methodology.  In fact, Dr. Hesselink performed *no* investigation, and his only supporting evidence is from the declaration of a witness who *also* failed to properly investigate the SVN server.  *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 860 (9th Cir. 2014) (affirming the exclusion of the testimony of an expert who submitted a report prior to an "in-person investigation").  Mr. Janosko, whose declaration Dr. Hesselink relies upon, admits that he has never even accessed the SVN server and was merely shown a demonstration of how to access the SVN server and its file structure over WebEx.  Janokso Tr. at 86:12-22.  Mr. Janosko actually testified that he was not aware of Waymo's policies regarding protection or sharing of credentials for the SVN, and was unable to provide any information as to the alleged ▓▓▓▓▓▓ of access to the SVN server.  Because Dr. Hesselink relied on the Janosko Declaration instead of performing his own investigation, Dr. Hesselink's opinion is also unsupported and should be excluded.  *See Claar*, 29 F.3d at 502-3 (experts' method of arriving at a conclusion before doing research is the "antithesis" of the scientific method).

In addition, his mere parroting of Mr. Janosko's declaration can hardly be characterized as a methodology, let alone one that would meet the *Daubert* standard.  Like the expert in *Ollier*, Mr. Janosko and Dr. Hesselink form their conclusions before they even bothered to personally assess the security of the SVN server.  Worse, Mr. Janosko's declaration is the sole basis of Dr. Hesselink's expert testimony Otto Trucking is seeking to exclude.  This does not come close to the "intellectual rigor" contemplated in *Daubert*, *Kumho* and their progeny.  Experts cannot testify "solely as a summarizer of documents," particularly when the substance of those documents have no validity.  *Pooshs*, 287 F.R.D. at 552 (expert testimony excluded because he formed "his opinion primarily by pointing to documents that speak for themselves.").  Thus, Dr. Hesselink's conclusions are clearly based on "personal opinions and speculation rather than on a systematic assessment," and his conclusions must not be admitted.  *Ollier,* 768 F.3d at 861; *see also Claar*,

1  29 F.3d at 503 n.5 (expert improperly signed affidavit containing his findings "prior to reviewing
2  any of the relevant literature.").

### B.  DR. HESSELINK'S OPINION ON GOOGLE'S INFRASTRUCTURE SHOULD BE EXCLUDED AS IRRELEVANT AND MERELY A SUMMARY OF DOCUMENTS.

Dr. Hesselink not only failed to use any verifiable scientific methodology to form his conclusions, his conclusion has no bearing on this case. That Google has protections in place to protect other aspects of its network is irrelevant here because those protections did not apply to the SVN server—the source of the purported trade secrets. For example, Dr. Hesselink's discussion about the ████████████████ used by Google to prevent the access to its network using compromised credentials is irrelevant because that ████████████████ ████████. Indeed, Mr. Janosko testified that the video demonstration explained how to access the SVN server, and ████████████████. Similarly, the ████ ████████████████████████████████████████████████████████████. As such, any testimony on any non-SVN Google security network is not relevant to this dispute. Courts have excluded expert testimony as irrelevant when the testimony does not relate to the issues at hand, and the Court should do so here. *See Filler*, 210 F.3d at 386 (excluding evidence of common law enforcement practices when the issue is not in play); Fed. R. Civ. Proc. 401; *see also Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1321 (9th Cir. 1995) (excluding epidemiologist vague assertions of a statistical relationship when such evidence would not be helpful and only serve to confuse).

If anything, any testimony supporting Google's purported security protections *undermine* any conclusion that the SVN server was adequately protected because such testimony shows that the SVN had significantly *less* security protections and protocols. Such an erroneous line of reasoning can only serve to confuse and would not assist any trier of fact.

C. **THE COURT SHOULD EXCLUDE ANY TESTIMONY BY DR. HESSELINK THAT IS MERELY A RECITAL OF INFORMATION FOUND IN DECLARATIONS.**

To the extent that any of Dr. Hesselink's opinion as to Google's infrastructure is relevant to the allegations against Radu Raduta and Sameer Kshirsagar, who are alleged to have downloaded three and five documents from Google Drive respectively in the last couple months before they left Google, it should also be excluded.  His opinion on Google's systems is merely a summary of the declaration of Mr. Janosko.  Vu Decl. Ex. 1 at 24-26.  Dr. Hesselink performed no analysis or investigation of Google's systems.  As such, his opinion should be excluded as it merely summarizes a document that speaks for itself and fails to meet the scientific standard. *Ollier,* 768 F.3d at 861; *Pooshs*, 287 F.R.D. at 552.

Similarly, Dr. Hesselink performed no independent investigation or assessment of Waymo's/Google's policies, agreements, and vendor specifications to support his opinion that those documents are sufficient measures undertaken by Google to ensure that individuals protect the purported trade secrets.  He merely repeats the information in the Droz and Willis declarations.  As such, his opinion was not based on any methodology and is merely inadmissible opinion testimony.  *Ollier,* 768 F.3d at 861; *Pooshs*, 287 F.R.D. at 552.

**IV. CONCLUSION**

Dr. Hesselink did not use any verifiable methodology to arrive to form his expert opinion, and his conclusions are completely irrelevant.  His testimony must be excluded from this case.

Dated:   September 16, 2017                     Respectfully submitted,

By:  */s/   Neel Chatterjee*
Neel Chatterjee
*nchatterjee@goodwinlaw.com*
Brett Schuman
*bschuman@goodwinlaw.com*
Shane Brun
*sbrun@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
Hong-An Vu
*hvu@goodwinlaw.com*
Hayes P. Hyde
*hhyde@goodwinlaw.com*
James Lin
*jlin@goodwinlaw.com*

**GOODWIN PROCTER LLP**

*Attorneys for Defendant: Otto Trucking LLC*

10

MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. HESSELINK
RE PROTECTIONS OF WAYMO'S ALLEGED TRADE SECRETS         Case No. 3:17-cv-00939-WHA

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document including all of its attachments with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **September 16, 2017**. I further certify that all participants in the case are registered CM/ECF users and that service of the publicly filed documents will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **September 16, 2017**.

*/s/   Neel Chatterjee*
NEEL CHATTERJEE