MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel.: 415.268.7000/Fax: 415.268.7522

KAREN L. DUNN (Admitted *Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (Admitted *Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Tel.: 202.237.2727/Fax: 202.237.6131

WILLIAM C. CARMODY (Admitted *Pro Hac Vice*)
bcarmody@SusmanGodfrey.com
SHAWN J. RABIN (Admitted *Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 212.336.8330/Fax: 212.336.8340

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WAYMO LLC,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,

Defendants.

Case No. 3:17-cv-00939-WHA

**DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO LLC'S MOTION TO EXCLUDE ONE OF THREE OPINIONS PROFFERED BY WAYMO EXPERT JIM TIMMINS**

Judge: Hon. William H. Alsup
Trial Date: October 10, 2017

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

By this motion, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") seek to exclude one of the three opinions offered in the Expert Report of Jim Timmins. Goodman Decl., Ex. 1 (Excerpts of August 24, 2017 Opening Expert Report of Jim Timmins, ¶¶ 21-22, 66-69, App. A). Timmins is not an attorney, and does not purport to have any experience with the law of trusts. Yet, he (improperly) opines that [REDACTED]. This is a legal conclusion, and it is well-settled that an "expert witness cannot give an opinion as to her *legal conclusion, i.e.*, an opinion on an ultimate issue of law." *Mukhtar v. California State Univ., Hayward*, 319 F.3d 1073, 1066 n.10 (9th Cir. 2003) (emphasis in original) *overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014). Even if this opinion *were* permissible expert testimony (which it is not) it still should be excluded because Timmins is not qualified to render it.

## BACKGROUND

In his Expert Report, Timmins states that he was "retained to provide an opinion" on, *inter alia*, [REDACTED]. The following constitutes the entirety of Timmins' analysis on the issue:

> "[REDACTED]



Mr. Timmins concludes that:

## ARGUMENT

**I. The Opinion at Issue Constitutes Impermissible Legal Conclusions.**

The Ninth Circuit has made clear that "expert testimony is not proper for issues of law." *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996). An "expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Mukhtar*, 319 F.3d at 1066 n.10 (emphasis in original); *see also Aguilar v. Int'l Longshoremen's Union*

*Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("matters of law" are "for the court's determination" and are "inappropriate subjects for expert testimony"); *Pokorny v. Quixtar Inc.*, 2007 WL 1932922 at *2 (N.D. Cal. June 29, 2007) ("The prohibition against experts offering legal conclusions is clear[.]") (citations omitted).

Yet expert testimony regarding legal conclusions is precisely what Timmins offers. For example, he opines on:

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

There can be no dispute that such conclusions are legal in nature and inappropriate subject of expert testimony. *See, e.g.*, *In re Downey Reg'l Med. Ctr.-Hosp., Inc.*, 441 B.R. 120, 129 (9th Cir. 2010) (proposed expert testimony was inappropriate because it involved interpretation of contract); *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir.1999) (expert testimony "cannot be used to provide legal meaning or interpret" contracts).

[redacted]

[redacted] For this reason alone, Timmins' opinion should be excluded.

**II. Timmins is Not Qualified to Offer the Contested Opinion**

An expert may testify only to matters about which "the witness is qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Timmins' entire opinion is premised on the notion that [redacted]. But Timmins does not even purport to have knowledge, skill, experience, training, or education about [redacted] He is not even an attorney. For example, his "General Qualifications" state that he has experience with:

> business damages, business valuation, management, director, and partner compensation and equity incentives, fairness, fiduciary duty, intellectual property valuation, legal malpractice, lost profits, reasonable royalty, transfer pricing, investment banking practice and analysis of merger and acquisition (M&A) transactions, venture capital and private equity practice and analysis of investment transactions, and similar matters.

Ex. 1 at App. A. [redacted] Thus, even if the opinion at issue were appropriately offered by an expert (which it is not), it certainly is not appropriately offered by *this* expert.

**CONCLUSION**

For the above reasons, Uber respectfully requests that the Court exclude the above-described opinion of Jim Timmins as inappropriate and unreliable under the Federal Rules of Evidence and *Daubert*.

Dated: September 16, 2017

MORRISON & FOERSTER LLP
BOIES SCHILLER FLEXNER LLP

By: */s/ Karen L. Dunn*
Karen L. Dunn

*Counsel for Defendants*
UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC