1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone:     415.268.7000
5   Facsimile:     415.268.7522

6   KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
7   HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
8   BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
9   Washington DC  20005
    Telephone:     202.237.2727
10  Facsimile:     202.237.6131

11  WILLIAM CARMODY (*Pro Hac Vice*)
    bcarmody@susmangodfrey.com
12  SHAWN RABIN (*Pro Hac Vice*)
    srabin@SusmanGodfrey.com
13  SUSMAN GODFREY LLP
    1301 Avenue of the Americas, 32nd Floor
14  New York, NY 10019-6023
    Telephone:     212.336.8330
15  Facsimile:     212.336.8340

16  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
17  and OTTOMOTTO LLC

18                  UNITED STATES DISTRICT COURT

19                NORTHERN DISTRICT OF CALIFORNIA

20                    SAN FRANCISCO DIVISION

21  WAYMO LLC,                          Case No.      3:17-cv-00939-WHA

22              Plaintiff,              **DEFENDANTS UBER
                                        TECHNOLOGIES, INC. AND
23       v.                             OTTOMOTTO LLC'S
                                        ADMINISTRATIVE MOTION TO
24  UBER TECHNOLOGIES, INC.,            FILE UNDER SEAL THEIR
    OTTOMOTTO LLC; OTTO TRUCKING LLC,   OPPOSITION TO WAYMO'S
25                                      MOTION FOR CONTINUANCE OF
              Defendants.               TRIAL DATE**
26

27

28

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc. and Ottomotto LLC ("Defendants") submit this motion for an order to file under seal portions of their Opposition to Waymo's Motion for Continuance of Trial Date.  Specifically, Defendants request an order granting leave to file under seal the confidential portions of the following documents:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Opposition to Waymo's Motion for Continuance of Trial Date ("Opposition") | Highlighted Portions | Defendants (Blue)<br>Plaintiff (Green)<br>Anthony Levandowski (Yellow) |
| Declaration of Arturo J. Gonzalez | Highlighted Portions | Anthony Levandowski (Yellow) |
| Exhibit 1 | Highlighted Portions | Defendants (Blue) |
| Exhibit 2 | Entirety | Defendants<br>Anthony Levandowski |
| Exhibits 3-7 | Entireties | Anthony Levandowski |
| Exhibits 10-14, 16 | Entireties | Plaintiff |
| Exhibit 15 | Highlighted Portions | Plaintiff (Green) |

The blue-highlighted portions of the Opposition contain highly confidential information regarding technical details of and development plans for Uber's LiDAR systems.  This highly confidential information is not publicly known, and its confidentiality is strictly maintained.  Disclosure of this information could allow competitors to obtain a competitive advantage over Uber by giving them details into the technical components and development plans of Uber's LiDAR sensors, such that Uber's competitive standing could be significantly harmed.  (Declaration of Michelle Yang in Support of Defendants' Administrative Motion to File Documents Under Seal ("Yang Decl.") ¶ 3.)

The blue-highlighted portions of Exhibit 1 contain the same sealable portions the Court granted at Dkt. 653, which Defendants had filed at Dkt. 600-2, and contain the financial and

1   timing terms for the Indemnification Agreement.  This is highly confidential business information

2   relating to the terms of Uber's agreements that is not publicly known, and this information's

3   confidentiality is strictly maintained.  This information could be used by competitors to Uber's

4   detriment, including in the context of negotiating business deals.  If this information were

5   disclosed, for example, competitors could obtain a competitive advantage by offering better terms

6   than Uber, such that Uber's competitive standing would be harmed.  Some of the other marked

7   portions contain personal addresses, telephone numbers, and email addresses of Anthony

8   Levandowski and Lior Ron.  This case has been the subject of much public and media interest,

9   and disclosure of this personal information could harm the privacy interests of these individuals

10   and their families.  For example, if these personal addresses and contact information were

11   disclosed publicly, Messrs. Levandowski and Ron and their families could be exposed to harm or

12   harassment.  (Yang Decl. ¶ 4.)

13       The entirety of Exhibit 2 contains highly confidential information regarding a business

14   agreement of Uber's, including detailed terms and conditions.  This information is not publicly

15   known, and its confidentiality is strictly maintained.  I understand that this information could be

16   used by competitors to Uber's detriment, including in the context of negotiating business deals.  If

17   this information were disclosed, competitors could gain insight into how Uber structures its

18   business agreements, such that Uber's competitive standing would be harmed.  (Yang Decl. ¶ 5.)

19       The yellow-highlighted portions of the Opposition and Declaration of Arturo J. Gonzalez,

20   as well as the entireties of Exhibits 2-7, contain information designated confidential by counsel

21   for non-party Anthony Levandowski.  (Yang Decl. ¶ 6.)  Defendants expect this non-party to file

22   supporting declarations as needed.

23       The green-highlighted portions of the Opposition and Exhibit 15, as well as the entireties

24   of Exhibits 10-14 and 16-17, contain information that has been designated "Highly Confidential –

25   Attorneys' Eyes Only" by Waymo in accordance with the Patent Local Rule 2-2 Interim Model

26   Protective Order ("Protective Order"), which the parties have agreed governs this case (Transcript

27   of 3/16/2017 Hearing, page 6).  Defendants file this material under seal in accordance with

28   Paragraph 14.4 of the Protective Order.  (Yang Decl. ¶ 7.)

1    Pursuant to Civil Local Rule 79-5(d)(2), Defendants will lodge with the Clerk the

2 documents at issue, with accompanying chamber copies.

3    Defendants served Waymo with this Administrative Motion to File Documents Under

4 Seal on September 18, 2017.

5    For the foregoing reasons, Defendants request that the Court enter the accompanying

6 Proposed Order granting Defendants' Administrative Motion to File Documents Under Seal and

7 designate the service copies of these documents as "HIGHLY CONFIDENTIAL –

8 ATTORNEYS' EYES ONLY."

9 Dated:  September 18, 2017                    MORRISON & FOERSTER LLP

10

11                                               By:  */s/ Arturo J. Gonzalez*
                                                      ARTURO J.GONZALEZ

12                                                    Attorneys for Defendants
                                                      UBER TECHNOLOGIES, INC. and
13                                                    OTTOMOTTO LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28