# EXHIBIT 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WAYMO LLC,                          )
       Plaintiff             )
       vs.                   ) Case No.
UBER TECHNOLOGIES, INC.;            ) 3:17-cv-00939-WHA
OTTOMOTTO LLC; OTTO TRUCKING        )
INC.                                )
       Defendants            )
_____)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION OF RHIAN MORGAN

San Francisco, California

Friday, August 18, 2017

Reported by:

JOANNE M. FARRELL, RPR, CRR

CSR Nos. 4838(CA)  506(HI)  507(NM)

Job No. 2681035

PAGES 1 - 220

Page 143

| | | |
|---|---|---|
| 1 | A.  No. | 1:19:29PM |
| 2 | Q.  Were you aware that in relation to the | |
| 3 | acquisition by Uber, certain Ottomotto employees | |
| 4 | were being forensically due-diligenced? | |
| 5 | MS. DEARBORN:  Object as to form. | 1:20:30PM |
| 6 | And I would instruct you only to answer | |
| 7 | only that question as to "yes" or "no." | |
| 8 | MR. BOOCK:  And I join in that instruction. | |
| 9 | THE WITNESS:  No. | |
| 10 | BY MS. EPSTEIN: | 1:20:41PM |
| 11 | Q.  Have you ever heard of "Stroz Friedburg"? | |
| 12 | MS. DEARBORN:  Again, you can answer that | |
| 13 | question "yes" or "no." | |
| 14 | MR. BOOCK:  Same. | |
| 15 | THE WITNESS:  Yes. | 1:20:48PM |
| 16 | BY MS. EPSTEIN: | |
| 17 | Q.  In what context? | |
| 18 | MS. DEARBORN:  Okay.  I would instruct the | |
| 19 | witness not to answer the question if answering the | |
| 20 | question would reveal information that you only know | 1:20:57PM |
| 21 | from lawyers for Uber, for Ottomotto, for Otto | |
| 22 | Trucking, or for yourself. | |
| 23 | MR. BOOCK:  Join in that instruction. | |
| 24 | MS. EPSTEIN:  I would say I don't think | |
| 25 | that's not an appropriate instruction, given -- | 1:21:09PM |

                                                                Page 147

1    BY MS. EPSTEIN:                                            1:24:33PM

2        Q.  Other than through discussion with your

3    counsel in this action or Uber's counsel in this

4    action, were you ever aware that Anthony Levandowski

5    was being interviewed by a forensic investigation          1:24:49PM

6    firm?

7            MS. DEARBORN:  Okay.  And, as limited, you

8    can answer that question "yes" or "no."

9            THE WITNESS:  Yes.

10   BY MS. EPSTEIN:                                            1:24:57PM

11       Q.  How were you aware?

12           MS. DEARBORN:  And, again, please set aside

13   any information that you know only through

14   conversations with lawyers.

15           MR. BOOCK:  Join and object as to form.            1:25:05PM

16           MS. DEARBORN:  Join in that objection.

17           THE WITNESS:  Okay.  When I was responsible

18   for filing away the documents when they came back.

19   BY MS. EPSTEIN:

20       Q.  Sorry.  Filing away what documents?                1:25:21PM

21       A.  Oh, sorry.  The document that I referenced

22   earlier that I said had the word "Stroz" on it.

23       Q.  And when it came back from where?

24           MS. DEARBORN:  Again, object as to form.

25           And I would caution the witness not to             1:25:35PM

Page 148

| | | |
|---|---|---|
| 1 | reveal information that you know only through | 1:25:37PM |
| 2 | conversations with lawyers. | |
| 3 |     MR. BOOCK:  Join. | |
| 4 |     THE WITNESS:  When the documents came back | |
| 5 | from Stroz. | 1:25:46PM |
| 6 | BY MS. EPSTEIN: | |
| 7 |     Q.  Did you read the documents when they came | |
| 8 | back from Stroz? | |
| 9 |     MS. DEARBORN:  I would object. | |
| 10 |     And I would caution the witness not to | 1:25:52PM |
| 11 | reveal the contents of any such documents. | |
| 12 |     MR. BOOCK:  Join. | |
| 13 |     MS. EPSTEIN:  What's the basis for that | |
| 14 | objection? | |
| 15 |     MS. DEARBORN:  Well, it's the appeal that's | 1:25:59PM |
| 16 | currently on appeal to the federal circuit. | |
| 17 |     MS. EPSTEIN:  So you're going to instruct | |
| 18 | her not to answer based on the appeal? | |
| 19 |     MS. DEARBORN:  I would instruct her not to | |
| 20 | answer based on privilege on an issue that is | 1:26:06PM |
| 21 | currently on appeal. | |
| 22 |     MR. BOOCK:  Join. | |
| 23 | BY MS. EPSTEIN: | |
| 24 |     Q.  So -- | |
| 25 |     A.  So I don't remember if I read the document. | 1:26:17PM |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    I, the undersigned, a Certified Shorthand
2    Reporter of the State of California, do hereby
3    certify:
4    That the foregoing proceedings were taken
5    before me at the time and place herein set forth;
6    that any witnesses in the foregoing proceedings,
7    prior to testifying, were administered an oath; that
8    a record of the proceedings was made by me using
9    machine shorthand which was thereafter transcribed
10   under my direction; that the foregoing transcript is
11   a true record of the testimony given.
12   Further, that if the foregoing pertains to the
13   original transcript of a deposition in a Federal
14   Case, before completion of the proceedings review of
15   the transcript { } was {x} was not requested.
16   I further certify I am neither financially
17   interested in the action nor a relative or employee
18   of any attorney or any party to this action.
19   IN WITNESS WHEREOF, I have this date
20   subscribed my name.
21   Dated:  August 19, 2017
22
23
24   *[signature: Joanne M. Farrell]*
25   Joanne M. Farrell, CSR No. 4838

Page 220