IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

  v.

UBER TECHNOLOGIES, INC.;
OTTOMOTTO LLC; and OTTO
TRUCKING LLC,

    Defendants.

No. C 17-00939 WHA

**ORDER REQUIRING REPLY RE MOTION TO CONTINUE TRIAL DATE**

    A hearing on plaintiff Waymo LLC's motion to continue the trial date (Dkt. No. 1604) is set for **SEPTEMBER 20 AT 8:00 A.M.** Waymo shall reply to defendants' opposition thereto (Dkt. No. 1623-4) by **TOMORROW AT 5:00 P.M.** The reply shall include a sworn declaration by counsel that (1) quotes each of the following statements from defendants' opposition in full, and (2) admits the full extent, if any, to which said statements are correct. Please make these admissions to the full extent required by counsel's duty of candor.

    1.    Page 1:7–10 (regarding the "critical information [that] had never previously been disclosed to Uber, or to this Court").

    2.    Page 1:13–16 (regarding what "Waymo fails to point out" about evidence in the due diligence report by Stroz Friedberg).

    3.    Page 3:3–6 (regarding how "Uber did not receive any confidential or proprietary Google information identified by Stroz," including the information "that Waymo makes a centerpiece of its brief"). Specifically explain under oath what evidence Waymo has, if any, to show that said information ever made its way into defendants' LiDAR development efforts.

    4.    Page 4:21–24 (regarding how the due diligence report "confirms that [the 14,000 files] could not have come to Uber").

5. Page 5:2–5 (regarding how "no one at Uber ever received access to" the two specific alleged trade secrets mentioned in Waymo's motion).

6. Page 5:6–25 (regarding the comparison of certain deposition testimony against the due diligence report).

7. Page 6:8–11 (regarding "Waymo's assertion that the 'Report states plainly that Levandowski took trade-secret information from Waymo'"). Please explain under oath where the due diligence report states that the information in question qualifies as trade secret(s).

8. Page 7:4–6 (regarding how "Uber has provided deposition dates for five deponents" but "Waymo has rejected these dates," and "Stroz has provided a date for its deponents" but "Waymo has not responded to Stroz's proposal").

9. Page 13:22–23 (regarding how "Waymo cannot possibly try 120+ trade secrets at once").

No continuance has been granted yet, and perhaps none will be granted. Before a final decision, counsel would be well-advised to take advantage of any deposition dates or other discovery cooperation offered by the opposing side. While Waymo's motion to continue will be given complete and fair consideration, our trial date has long been set for October 10, and both sides should diligently continue to prepare for trial on that date.

**IT IS SO ORDERED.**

Dated: September 18, 2017.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2