QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br>      v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CERTAIN AFFIRMATIVE DEFENSES**<br><br><u>**Hearing:**</u><br>**Date: September 20, 2017**<br>**Time: 8:00 a.m.**<br>**Place: 8, 19th Floor**<br>**Judge: The Honorable William Alsup** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................2

I.   DEFENDANTS' OPPOSITION RELIES ON AN INCOMPLETE VERSION OF "UNDISPUTED FACTS" AND MISCHARACTERIZES THE RECORD EVIDENCE AND PROCEDURAL HISTORY IN THIS CASE ..........................................2

   A.   Defendants Claims of Delay In Bringing Suit are Baseless ......................................3

   B.   Defendants Assertions of Litigation Misconduct Are False ......................................4

   C.   Defendants Repeatedly Mischaracterize And Omit The Discovery Obtained In Response to Judge Corley's Orders ......................................................................7

II.  SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST DEFENDANTS' FAILURE-TO-MITIGATE DEFENSE ..........................................................................9

III. SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST OTTO TRUCKING'S UNCLEAN HANDS DEFENSE ................................................................10

CONCLUSION ....................................................................................................................10

## INTRODUCTION

Having now conceded that there is no evidence to support the bulk of the affirmative defenses pled in their respective Answers, Defendants now seek to shoehorn an incomplete and mischaracterized set of purportedly "undisputed facts" as supporting evidence in an attempt to salvage two affirmative defenses—the unclean hands defense asserted by Otto Trucking and the failure to mitigate damages defenses pled by all Defendants. In doing do, Defendants take a very different approach than what was originally presented in their oppositions to Waymo's précis to the support for the two remaining affirmative defenses at issue. Moreover, Defendants' arguments in support of these two defenses rely on inconsistent positions that, on the one hand, Waymo should have never brought the case in the first place, but, on the other, should have brought its case sooner. Setting aside the flaws in Defendants' positions, nothing in Defendants' opposition or the attached exhibits supports a claim to either defense. Defendants' continued efforts to place Waymo's litigation conduct at issue, and place this incomplete set of facts in front of the court, should be rejected here as well. There is simply no evidence that supports Defendants' claims that Waymo either failed to mitigate its damages by improperly delaying the filing this lawsuit, or engaged in any misconduct after doing so. Thus, in addition to the defenses previously waived by Defendants, Waymo is entitled to summary judgment on the unclean hands defense pled by Otto Trucking and the failure to mitigate damages defenses pled by all Defendants in order to properly focus this case for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**I.   DEFENDANTS' OPPOSITION RELIES ON AN INCOMPLETE VERSION OF "UNDISPUTED FACTS" AND MISCHARACTERIZES THE RECORD EVIDENCE AND PROCEDURAL HISTORY IN THIS CASE**

In their summary judgment opposition brief, Defendants ignore their prior bases for asserting the two remaining defenses at issue and instead spend the bulk of their brief discussing what they represent as "undisputed facts." *Compare* Dkt. 1332-4, Dkt. 1336-4 *with* Dkt. 1524-3. Waymo agrees that the facts are undisputed, but disagrees with Defendants' mischaracterization of them. Defendants' opposition consists largely of incomplete and/or inaccurate statements concerning the procedural history of this case and the discovery Defendants obtained after a belated challenge to

Waymo's claims of privilege over its forensic investigation.[1]  In response to Defendants' repeated attempts to argue that Waymo has acted improperly during the course of this litigation, Waymo has supplied the surrounding context for the false narrative Defendants have spun (*see, e.g.*, Dkt. 1540-24, Dkt. 1572, Dkt. 1589), and it does so again here to demonstrate that Defendants have no basis for either an unclean hands or a failure to mitigate defense.  As shown in more detail below, the complete set of relevant facts establishes that Waymo neither delayed in filing this lawsuit nor engaged in any misconduct after doing so, and that there is no ***genuine*** issue of material fact with respect to either of these defenses.  *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

### A. Defendants Claims of Delay In Bringing Suit are Baseless

Defendants' claims that Waymo improperly delayed in filing suit ring hollow because, as Waymo has repeatedly shown, Waymo did not have evidence that ***Defendants*** were using its trade secrets at least until ***December*** 2016, when Waymo was inadvertently copied on an email from one of Uber's LiDAR component vendors showing a printed circuit board embodying several of Waymo's trade secrets. Dkt. 24 at 10-11; Dkt. 25-46; Dkt. 245-3 at 13-14.  Waymo filed suit just nine weeks later – hardly an unreasonable length of time in which to authorize, prepare, and file a complex and high-stakes lawsuit, a detailed trade secret list and a motion for preliminary injunction.  Indeed, the Court previously found that Defendants' delay argument "impeaches itself" in its Preliminary Injunction Order, finding further "that Waymo reasonably refrained from bringing suit until it discovered evidence indicating use, and that nothing about this course of action suggests a lack of urgency . . . ."  Dkt. 433 at 20.

---

[1] Otto Trucking's assertion that it could not have included its challenge to Waymo's assertion of privilege over the forensic investigation in its opposition to Waymo's précis ignores that Otto Trucking had already filed, and Judge Corley had already ruled on, its motion seeking this discovery. Despite this, Otto Trucking still failed to preserve any argument based on the discovery it was set to receive the same day that it filed its précis opposition.

**B.      Defendants Assertions of Litigation Misconduct Are False**

In support of its motion for a preliminary injunction, Waymo submitted the declaration of Gary Brown, one of the Security Engineers at Google who worked on the forensic investigation into Anthony Levandowski, Radu Raduta and Sameer Kshirsagar. Dkt. 25-29. That investigation – and all such investigations at Google and Waymo – was conducted at the direction of legal counsel and therefore protected as privileged and work product. *Id.* Waymo, in good faith, made the strategic decision to waive work product with respect to the factual information disclosed by Mr. Brown in his declaration as part of its preliminary injunction motion. Dkt. 1589 ¶ 9. Waymo took the position, however, that it had not waived the attorney-client privilege covering Mr. Brown's direct communications with counsel, or work product associated with other aspects of the investigation not disclosed in the Brown Declaration, such as the investigation into individuals other than Levandowski, Raduta and Kshirsagar. *Id.*

Defendants were on notice of Waymo's position concerning waiver as early as March 23 when counsel for Waymo served a privilege log identifying numerous communications between Mr. Brown and outside counsel. Dkt. 1589 ¶ 10. Counsel for Waymo and Defendants also discussed the waiver issue the next day (March 24) during Mr. Brown's deposition after counsel for Waymo instructed him not to answer several questions that he deemed outside the scope of the waiver on the basis of attorney-client privilege and work product. *Id. see also* Dkt. 1540-26 at 39:3-41:12. Counsel for Waymo explained their position again on an April 10 meet and confer and subsequent April 10 and April 12 emails. Dkt. 1589 ¶ 10; Dkt. 1589-1.

Despite being on notice of Waymo's position with respect to its limited waiver as early as March 23, Defendants did not challenge the scope of Waymo's waiver claim until filing a motion to compel on August 11. Dkt. 1163. Waymo opposed the motion, and Judge Corley granted and denied it in part—finding a narrowly-tailored subject-matter waiver—and ordered production of documents concerning the forensic investigation. Dkt. 1272. Judge Corley held that "[w]hile the waiver of work product does not *necessarily* waive attorney-client privileged communications, here the waiver of work product over the investigation did waive the attorney-client privilege as to counsel communications with Mr. Brown and anyone else involved in the investigations at issue as in fairness

such communications should be disclosed." (*Id.* at 2.) On this basis, Judge Corley ordered Waymo to produce "communications regarding the investigation of the Former Employees [Levandowski, Raduta and Kshirsagar]." (*Id.*)

Waymo produced those documents without challenge to Judge Corley's Order on August 24, and also produced unredacted versions of previously redacted documents in further compliance with Judge Corley's Order. Dkt. 1589 ¶ 12. On August 28, Judge Corley conducted a hearing at which several outstanding discovery issues were discussed, including the exact scope of the waiver intended by Judge Corley in her August 18 Order. *See* Dkt. 1414. During the hearing, Judge Corley explained that the waiver only covered communications between counsel and the Waymo forensics team about the investigation of Levandowski, Raduta and Kshirsagar, not communications concerning other aspects of the broader investigation or internal work product that never even involved the forensics team. *Id.* at 6-11. Counsel for Waymo explained that Judge Corley's description of the scope of the waiver was exactly how Waymo had interpreted the Court's August 18 Order *vis a vis* its collection and production of documents on August 24. *Id.* at 10-11. In response to Defendants' assertion that Waymo was still withholding and/or redacting certain documents falling within the scope of the waiver as articulated by Judge Corley, the parties were ordered to meet and confer further and then any remaining disputed documents were to be reviewed *in camera*, rather than waste time on motion practice. *Id.* at 16 ("And what we could do, because I know we're on a tight timeline here, is rather than briefing, we could just set a hearing and you can bring the documents here and we can sit here and talk about them and do it in realtime that way.").

On August 31, after the parties met and conferred for two days with the assistance of the Special Master, Judge Corley and counsel for the parties meticulously reviewed every disputed document and redaction to determine what fell within or outside the scope of the waiver. *See* Dkt. 1441. Judge Corley ruled on every document, and for those that needed to be produced or unredacted ordered Waymo to do so by Saturday, September 2. *Id.* Further, during the August 31 hearing, the Court repeatedly made clear that Waymo's position was reasonable: "I'm not faulting you, at all." *Id.* at 40:16-17. The Court stated that "I don't fault you at all for the line that we're drawing," recognizing that "it's just very hard to do" and that Waymo was not "trying to hide super-material

information." *Id.* at 9:10-16, 71:13-14.  Pursuant to Judge Corley's order at the August 31 hearing, Waymo produced the documents in question on September 2.  Dkt. 1589 ¶ 17.  In addition, Waymo made three witnesses from the forensics team (Gary Brown, Kristin Gudjonsson and Sasha Zbrozek) available for a second round of depositions on September 6 and 8.  *Id.*

Judge Corley repeatedly explained that she did not intend Waymo's compliance with her instructions to constitute a broader waiver over separate investigations, and that Otto Trucking would need to make a separate motion if that was their request.  Dkt. 1441 at 26:12-16.  However, Judge Corley further ordered Waymo to produce certain documents concerning other individuals and other aspects of the overall investigation when those documents "can't be separated out" from the aspects of the investigation that have been waived.  *Id.* at 28:3-5, 39:20-40:17.  Moreover, when counsel for Otto Trucking argued that Waymo's waiver should be broader because the overall investigation included employees other than Levandowski, Raduta and Kshirsagar, Judge Corley responded "So what, though?" (*id.* at 21:12-19).  To the extent that Waymo conducted separate investigations that Waymo is not presenting or relying on in any way, Waymo has not waived that subject-matter, and any argument from Defendants to the contrary has no basis in the law.

The complaint that Waymo is withholding unfavorable documents and "selectively disclosing" favorable ones is also simply untrue.  Dkt. 1524-3 at 9-10.  Waymo has produced the documents that it previously withheld as privileged but that come within the scope of the Court's Order.  Dkt. 1589 ¶¶ 12, 17-18.  Waymo applied no other criteria.  Waymo has also served updated privilege logs, which provide the Bates numbers corresponding to prior privilege log entries that have now been produced.  *Id.* ¶31.  Defendants' Opposition motion does not detail a single additional entry on these logs that should be produced.

Defendants also allege that Waymo "hid" the identities of certain witnesses.  Dkt. 1524-3 at 7-9.  This is false as well.  At Michael Janosko's deposition on March 23, he identified Mr. Zbrozek's as providing access to the SVN server.  Dkt. 1541-23 at 12:5-17.  Mr. Zbrozek is a radar engineer who knew nothing substantive of Mr. Brown's investigation nor of the specifics of the technology at issue.  Defendants served an RFP seeking Mr. Zbrozek's emails in July, well before Defendants moved for privileged documents, and Waymo complied, serving 559 documents from Mr. Zbrozek's

custodial file. Dkt. 1541-18 ¶ 9; Dkt. 1541-24. As to Waymo's initial disclosures, under Fed. R. Civ. P. 26(a)(1) a party must disclose individuals likely to have discoverable information "that the disclosing party may use to support its claims or defenses." Waymo did not at the time intend to use information from Mr. Zbrozek to support its claims or defenses. And Mr. Zbrozek's emails quoted by Defendants were all logged as privileged – and therefore not discoverable, *see* Fed. R. Civ. P. 26(b)(1) (limiting the scope of discovery to "nonprivileged matter") – until the Court found waiver on August 18. Dkt. 1272.

None of the conduct described above constitutes misconduct on the part of Waymo or its counsel, as claimed in Defendants' Opposition. Dkt. 1524-3 at 7-10. As noted by Judge Corley at the August 28 hearing, the only reason for any delay concerning the scope of the waiver was because Defendants waited until August 11 to bring their motion. Dkt. 1414, August 28 Hr'g Tr. at 13-14 ("the reason we are [at the close of discovery] is because you [counsel for Otto Trucking] didn't bring this motion to my attention until later, so that I don't want to hear."). On this record, Defendants should not be heard to accuse Waymo or its counsel of any misconduct. The scope of the investigation, communications with attorneys, and keywords provided by attorneys relating to the search were all subject to good-faith privilege claims and have since been produced after Otto Trucking successfully, but belatedly, challenged those claims.

### C. Defendants Repeatedly Mischaracterize And Omit The Discovery Obtained In Response to Judge Corley's Orders

Waymo's production in response to Magistrate Judge Corley's Order on waiver included emails from Mr. Zbrozek. The emails contained statements that Defendants read as casting doubt on Waymo's case, but Mr. Zbrozek has explained that Defendants misunderstand the context of the emails. At his September 6 deposition, Mr. Zbrozek clarified that by "low-value" he meant only that the SVN database held data "considered of lesser value" than personal user data and Google source code. Dkt. 1541-22 at 208:18-209:11. The fact that Google hosts this information in a different location than other information (such as the 14,000 files) does not mean that such other information is not also highly confidential and proprietary.

Mr. Zbrozek also testified that a bulk download "in absence of context" may not be suspicious, but that "someone pulling information and putting that information somewhere else and then leaving the company, maybe that's suspicious. Maybe just looking at the log files on their own isn't enough to tell that story." *Id.* at 230:2-16. He also stated his expressed concerns about ascribing suspicion lacked "context" surrounding Levandowski's download, and that his concern was only "about setting a precedent for that one action in isolation being in and of itself a marker of suspicion." *Id.* at 238:23-25, 239:23-25. When the entirety of the discovery Waymo has provided since the Order is read in context, it becomes clear that Mr. Zbrozek was only expressing concerns about looking at the download of the SVN server in isolation, not that the actions of Levandowski were not suspicious.

Uber's charge that Waymo and its counsel somehow influenced forensics investigator Gary Brown's investigation and conclusions is also entirely false. Dkt. 1524-3 at 6-7. As Defendants have known since they took his deposition six months ago, Mr. Brown did not review any log data in March 2016, and thus could not possibly have concluded that there had been no download. (Dkt. 1589-2 at 22:15-19 ("Q Approximately how many hours did you spend in March of 2016 working on this event pertaining to Mr. Levandowski. A Zero hours."). In fact, Mr. Brown did not learn of Levandowski's download until October 2016, when attorney Tom Gorman emailed Mr. Brown and others explaining what he had recently learned from Sasha Zbrozek (the Google engineer who provided the log data from the SVN server showing Levandowski's download) and asking for additional help investigating. Dkt. 1589 ¶ 19. Contrary to Defendants' suggestion, Mr. Brown did not follow any "instruction" from Mr. Gorman other than to take up Mr. Gorman's invitation to help figure out what Levandowski had been doing. *Id.* ¶ 19-20. Mr. Brown independently conducted additional research, and determined (using multiple, corroborating data sources) that a computer registered to Levandowski accessed the SVN from a WiFi connection inside a Waymo building on December 11, just minutes after downloading TortoiseSVN software. *Id.* Mr. Brown gathered this information independently, and at no prior point had he ever reached a contrary conclusion. Moreover, Defendants' claim that Mr. Brown "testified that he did not find any misappropriation of trade secrets" blatantly mischaracterizes the cited transcript, in which Mr. Brown said no such thing

but rather confirmed when he first discovered Mr. Levandowski's improper downloads. *See* Dkt. 1524-3 at 3, Dkt. 1525-27 at 31:17-24.

## II. SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST DEFENDANTS' FAILURE-TO-MITIGATE DEFENSE

As shown above, Defendants' argument that Waymo failed to mitigate damages by failing to sue as quickly as it could is unavailing. Waymo brought suit within weeks of obtaining evidence of Defendants' patent infringement and trade secret misappropriation. Because any "delay" in bringing suit was *de minimis* at most, there could be no failure-to-mitigate defense based on any alleged delay. Moreover, as detailed in Waymo's Motion, Waymo's damages case does not involve a damages theory that would yield a different damages number depending on the particular timing of Waymo's suit. Defendants have no response to this point in their Opposition. Instead, Defendants claim that an issue of fact exists "as to Waymo's motive in filing this lawsuit[.]" (Opp at 17.) Setting aside the fact that the evidence Defendants cite creates no such dispute, or the fact that Defendants fail to make a connection between motivation for bringing suit and mitigation of damages, as Waymo has previously shown, Defendants have no valid basis for presenting to the jury its theories on Waymo's motivations in bringing this suit. (Dkt. MIL 15) Moreover, Waymo's purported motivations for bringing this lawsuit should be excluded because it bears no relevance and offers no probative value at trial. *See Haught v. U.S. Eng'g Contractors Corp.*, No. 07-80436-CIV, 2009 WL 36591, at *3 (S.D. Fla. Jan. 6, 2009) (holding the nature of plaintiff's motivation for filing action was irrelevant); *Square D Co. v. Breakers Unlimited, Inc.*, No. 1:07-CV-806-WTL-JMS, 2009 WL 1625505, at *1 (S.D. Ind. June 4, 2009) (granting motion *in limine* on grounds that motive for bringing the lawsuit was irrelevant); *Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-369 JCM GWF, 2013 WL 2394116, at *5 (D. Nev. May 30, 2013) (same); *Wright v. BNSF Ry. Co.*, No. 4:13-CV-24-JED-FHM, 2016 WL 1637276, at *2 (N.D. Okla. Apr. 25, 2016) (references to a plaintiff's motivation for bringing suit "are unduly prejudicial and will not be allowed at trial"). Having failed to articulate a proper basis to assert a mitigation of damages defense, summary judgment is proper.

### III. SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST OTTO TRUCKING'S UNCLEAN HANDS DEFENSE

An unclean hands defense requires Otto Trucking to prove that Waymo engaged in misconduct directly related to the claims that Waymo is asserting. *Hynix Semiconductor Inc. v. Rambus Inc.*, 897 F. Supp. 2d 939, 978 (N.D. Cal. 2012); *Jade Fashion & Co. v. Harkham Indus., Inc.*, 229 Cal. App. 4th 635, 654 (2014). There is no evidence of any such misconduct here. And as shown above, Defendants have failed to establish any grounds for pursuing a claim based on purported litigation misconduct. Given the absence of any litigation misconduct, Defendants' reliance on cases finding an unclean hands defense proper based on such evidence are inapposite. *See Gilead Scis., Inc. v. Merck & Co, Inc.*, No. 13-CV-04057-BLF, 2016 WL 3143943, at *27 (N.D. Cal. June 6, 2016) (finding that misconduct which included lying to the plaintiff's predecessor-in-interest, misusing the plaitniff's predecessor-in-interest's confidential information, breaching confidentiality and firewall agreements, and lying under oath at deposition and trial "unmistakably constitute egregious misconduct that equals or exceeds the misconduct previously found by other courts to constitute unclean hands"); *McCormick v. Cohn*, No. CV 90-0323 H, 1992 WL 687291, at *4 (S.D. Cal. July 31, 1992) (finding application of unclean hands appropriate where the plaintiff "made clear misstatements regarding their ownership of the copyright before and during litigation and have violated a court order involving discovery that was highly relevant to the defense of the copyright claims"); *Intamin, Ltd. v. Magnetar Techs. Corp.*, 623 F. Supp. 2d 1055, 1077–78 (C.D. Cal. 2009) (finding unclean hands where the plaintiff "made materially false statements in connection with its ownership of the the patent-in-suit, both before and during litigation" and never never produced the the documents that bore on its false statements during discovery). Furthermore, an unclean hands defense requires proof that the alleged misconduct caused prejudice. *Hynix*, 897 F. Supp. 2d at 978; *Jeong Soon v. Beckman*, 234 Cal. App. 2d 33, 36 (1965). Defendants have offered no evidence of prejudice. Summary judgment is therefore proper on Otto Trucking's unclean hands defense.

### CONCLUSION

For the foregoing reasons, Waymo respectfully requests that the Court grant summary judgment against the Otto Trucking's unclean hands defense and Defendants' failure to mitigate

defenses in addition to the defenses that Defendants have represented they are waiving.

DATED: September 18, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/Charles K. Verhoeven*
   Charles K. Verhoeven
   Attorneys for WAYMO LLC