# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

```
_____
                              )
WAYMO LLC,                    )
                              )
              Plaintiff,      )
                              )
        vs.                   )  Case No.
                              )  3:17-cv-00939-WHA
UBER TECHNOLOGIES, INC.,      )
OTTOMOTTO LLC; OTTO           )
TRUCKING LLC,                 )
                              )
              Defendants.     )
_____)
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION OF GARY T. BROWN

San Francisco, California

Friday, March 24, 2017

Volume I

Reported by:  SUZANNE F. GUDELJ
CSR No. 5111

Job No. 2577644

PAGES 1 - 65

1    A    A different time period.

2    Q    When did you begin doing your work with

3  respect to Mr. Levandowski?

4    A    Around March 2016.

5    Q    So the information that is contained in the    11:41:37

6  paragraphs pertaining to Mr. Levandowski, let's say

7  paragraphs 12 through paragraphs 22 of your

8  declaration, that is information that you obtained

9  in approximately March of 2016?

10         MR. HOLMES:  Objection to form.    11:41:58

11         THE WITNESS:  Between March 2016 and

12  February 2017.

13  BY MR. GONZALEZ:

14    Q    All right.  So let's try it this way:  Of

15  the information that is in your declaration in    11:42:21

16  paragraphs 12 through 23, what information did you

17  uncover, if you will, or learn about in March of

18  2016?

19    A    Very little, if any.

20    Q    What work did you do in March of 2016    11:42:58

21  pertaining to Mr. Levandowski?

22    A    I received the laptop -- laptops I should

23  say.

24    Q    The laptops that he was assigned at Google?

25    A    Yes.    11:43:27

Page 14

1    that Kristinn learned information from the lawyers

2    that they relayed to you, I don't want you to answer

3    that.

4              THE WITNESS:  To determine what had

5    happened on them.                                    11:45:58

6    BY MR. GONZALEZ:

7        Q    Why was that an issue?

8              MR. HOLMES:  Again, same cautionary -- to

9    the extent that you learned that information from

10   lawyers --                                           11:46:09

11   BY MR. GONZALEZ:

12       Q    Let me back up and ask you -- let me make

13   this a little easier.

14              When is the first time that you can

15   remember ever talking to a lawyer yourself about Mr.  11:46:15

16   Levandowski?

17       A    July or August of 2016.

18       Q    All right.  So whenever you're doing --

19   whatever work you're doing in March of 2016, you

20   personally had not spoken to any attorney about Mr.   11:46:39

21   Levandowski; is that right?

22       A    I don't believe so.

23       Q    How is it that the laptops ended up in your

24   possession?  Where did you get them from?

25       A    Kristinn had received them from another      11:47:01

Page 22

1      Q      What were you asked to do?

2             MR. HOLMES:  Same caution.

3             THE WITNESS:  Investigate a laptop.

4  BY MR. GONZALEZ:

5      Q      For what?                              11:55:59

6             MR. HOLMES:  Same caution.

7             THE WITNESS:  To determine what had

8  occurred on them.

9  BY MR. GONZALEZ:

10     Q      Such as?                               11:56:17

11     A      Indications of policy violation.

12     Q      Did you find any indication of policy

13  violation?

14     A      I'm unsure.

15     Q      Approximately how many hours did you spend   11:57:03

16  in March of 2016 working on this event pertaining to

17  Mr. Levandowski?

18            MR. HOLMES:  Objection to form.

19            THE WITNESS:  Zero hours.

20  BY MR. GONZALEZ:                                 11:57:28

21     Q      When did you spend your first hour working

22  on anything pertaining to Mr. Levandowski?

23     A      July or August, 2016.

24     Q      If there is an indication of policy

25  violation, is it your practice to fill out a form   11:57:45

1    attorney?

2            MR. HOLMES:  Pardon me?

3            MR. GONZALEZ:  Yeah, which -- which

4    attorney are you referring to?

5            MR. HOLMES:  Google and/or Waymo counsel   12:15:25

6    generally.

7    BY MR. GONZALEZ:

8        Q    Your declaration --  your declaration makes

9    reference to 14,000 files; do you recall that?

10       A    Yes.                                       12:15:40

11       Q    When did you -- are you the person who

12   discovered that there were 14,000 files allegedly

13   downloaded?

14       A    No.

15       Q    Who discovered that?                       12:15:50

16           MR. HOLMES:  Caution you not to disclose

17   any attorney-client communications or work product.

18           MR. GONZALEZ:  Well, I'm telling you it's

19   a -- it's a waiver once it makes its way into a

20   declaration filed in federal court.  So let me do it  12:16:09

21   this way.

22   BY MR. GONZALEZ:

23       Q    You say in your declaration, paragraph 17,

24   that based on your review of logs, Mr. Levandowski

25   alledgedly downloaded over 14,000 files.  Do you see   12:16:30

Page 36

1            MR. HOLMES:  -- the question he has.

2            MR. GONZALEZ:  Let's go off the record.

3            VIDEO OPERATOR:  We are off the record at

4     12:24 p.m.

5            (Recess.)                              12:27:59

6            VIDEO OPERATOR:  We are back on the record

7     at 12:27 p.m.

8     BY MR. GONZALEZ:

9        Q    Who told you that Mr. Levandowski had

10    access to the server and downloaded 14,000 files?   12:28:07

11       A    A lawyer.

12       Q    Which lawyer?

13       A    Tom Gorman.

14       Q    And did you then seek to confirm that by

15    your analysis?                                 12:28:22

16       A    Yes.

17       Q    And did you confirm that in October of

18    2016?

19       A    I corroborated the download with network

20    traffic.                                       12:28:43

21       Q    So you looked at the network traffic to

22    corroborate that 14,000 files were downloaded onto

23    what device?

24       A    Anthony Levandowski's work laptop.

25       Q    The work laptop that was issued to him by   12:29:00

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1        I, the undersigned, a Certified Shorthand

2    Reporter of the State of California, do hereby

3    certify:

4        That the foregoing proceedings were taken

5    before me at the time and place herein set forth;

6    that any witnesses in the foregoing proceedings,

7    prior to testifying, were duly sworn; that a record

8    of the proceedings was made by me using machine

9    shorthand which was thereafter transcribed under my

10   direction; that the foregoing transcript is a true

11   record of the testimony given.

12       Further, that if the foregoing pertains to

13   the original transcript of a deposition in a Federal

14   Case, before completion of the proceedings, review

15   of the transcript [ ] was [X] was not requested.

16       I further, certify I am neither financially

17   interested in the action nor a relative or employee

18   of any attorney or party to this action.

19       IN WITNESS WHEREOF, I have this date

20   subscribed my name.

21   Dated:3/27/17

22

23

          SUZANNE F. GUDELJ

          CSR No. 5111

24

25

                                        Page 65