# EXHIBIT 10

**From:** Lindsay Cooper
**To:** Maxwell Pritt
**Cc:** QE-Waymo
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059
**Date:** Friday, September 08, 2017 4:37:59 PM

Max,

We're looking into it.

Lindsay

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Friday, September 08, 2017 3:41 PM
**To:** Lindsay Cooper <lindsaycooper@quinnemanuel.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Thanks, Lindsay.

We first requested this metadata in our RFP instructions, including creation and last modified dates. I understand you interpreted my follow-up asking for this metadata since it wasn't produced as asking only for custodian information, and I appreciate you providing some of the additional metadata once that was clarified. I'm not sure why you state that metadata wouldn't include document activity and revision history (which I now understand that Waymo could produce notwithstanding your earlier email); it does, and courts and others have explained why it's important. *E.g.*, *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 646 (D. Kan. 2005) ("Metadata, commonly described as 'data about data,' is defined as 'information describing the history, tracking, or management of an electronic document.'"); *Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2014 WL 3496514, at *4 n.3 (D.S.C. July 14, 2014) (quoting 4th Circuit) ("Metadata may reveal who worked on a document, the name of the organization that created or worked on it, information about prior versions of the document, recent revisions, and comments inserted in the document during drafting or editing."); DISCOVERY OF DIGITAL INFORMATION, SL088 ALI-ABA 197 , 204 ("Metadata: Metadata is information about a particular data set which describes how, when and by whom it was collected, created, accessed, and modified and how it is formatted."). Again, I've only asked for this complete metadata for 10 documents, so it might be less burdensome to just produce it rather than continuing this back-and-forth and taking it to John. For the forensic investigation documents, the revision and activity history is important to understanding who accessed/revised those documents, and of course what they revised and when; such information provides context and explanation for parts of the investigation. Those same types of information are important for understanding what went into the other documents listed below.

Best,
Max

**From:** Lindsay Cooper [mailto:lindsaycooper@quinnemanuel.com]
**Sent:** Friday, September 08, 2017 2:38 PM
**To:** Maxwell Pritt
**Cc:** QE-Waymo
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Max,

Producing this information, and responding to your repeated requests for more metadata, is burdensome.  Every time you ask for a new piece of metadata, we are investigating on a piecemeal basis and pulling the requested information manually.

As I said below, we have already gone above and beyond to respond to your repeated requests.  You initially requested "metadata."  We provided custodian and file name information.  You then requested information about the creation date and last modified date.  We produced that too.  Contrary to your implication below, asking for "metadata" generally would never have captured your current request for activity and revision history.  And your request for activity and revision history is unprecedented for this case; although both sides have produced Google Docs, neither side has ever produced activity and revision history.

You claim that activity and revision history is necessary to "show who accessed and made edits to documents, and when."  We understand what activity and revision history would show, if produced, but you have still not provided any explanation for why you are entitled to it.

Lindsay

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Friday, September 08, 2017 11:20 AM
**To:** Lindsay Cooper <lindsaycooper@quinnemanuel.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Thanks for the response, Lindsay.  As for my metadata request, I originally asked for all metadata and custodian info, so there's no seriatim requests; the reason I have to follow-up is because Waymo hasn't produced all metadata as originally requested.  Activity and revision history is necessary to, among other things, show who accessed and made edits to documents, and when.  If this information can be produced as the links below indicate (despite your previous emails), please produce it.  At your request and representation that it would be burdensome to go back and produce complete metadata and custodian information for all Google/Google Drive documents where it wasn't produced in the first instance, I identified only a handful of documents for which we're requesting this information.

Best,
Max

**From:** Lindsay Cooper [mailto:lindsaycooper@quinnemanuel.com]

**Sent:** Friday, September 08, 2017 11:13 AM
**To:** Maxwell Pritt
**Cc:** QE-Waymo
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Max,

The versions that we produced yesterday represent all major historical versions of these documents.  We did not produce minor versions (i.e., where Drive saves a version of a document every few seconds as someone is actively editing a document).

As for the second item, your ongoing, seriatim requests for more and more metadata are not well-taken.  We have already gone above and beyond to accommodate your requests for metadata on these documents, and your new request for activity and revision history goes beyond anything we've produced so far in this case.  We also do not see how activity and revision history would be relevant, nor have you ever articulated a reason.

Lindsay

---

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Thursday, September 07, 2017 9:36 PM
**To:** Lindsay Cooper <lindsaycooper@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Thanks for providing some additional information earlier today, Lindsay.  We'll take a look at the historic versions you sent in the link in your other email.  A few quick follow-ups:  Are the historic versions you linked all the versions, or just a subset?  Also, these resources seem to suggest that Google can retrieve activity and revision history for specific Google Drive documents: https://developers.google.com/admin-sdk/reports/v1/guides/manage-audit-drive; https://support.google.com/a/answer/4579696?hl=en; https://developers.google.com/google-apps/activity/.  I'm happy to discuss if I'm misreading these resources.  Thanks again.

Best,
Max

---

**From:** Lindsay Cooper [mailto:lindsaycooper@quinnemanuel.com]
**Sent:** Thursday, September 07, 2017 4:01 PM
**To:** Maxwell Pritt
**Cc:** QE-Waymo
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Max,

Your request for activity and revision history goes far beyond what we have been producing in terms of metadata.  We have never produced activity and revision history for any documents in this case.  Once, when Defendants specifically requested it, we manually searched for and produced historic versions of the "Entering the TaaS Market" presentation, but even then we did not produce activity and revision history.

We cannot export activity and revision information "fairly easily," as your email suggests. The only option would be to export historic versions of the documents, as we did with the "Entering the TaaS Market" presentation, but even this would be difficult because Google Drive saves versions of documents multiple times a minute.  Even if we were to limit your request to major versions of each document (as opposed to minor versions documenting small keystroke changes), there would be between 2 and 14 versions of each of the documents you listed below, and each version would have to be manually downloaded.

We are still working on your request to collect the creation date and last modified date, and we are planning to provide that information later today in chart form.  If it would end the dispute, we are also willing to produce major historic versions of the documents, as we did with the "Entering the TaaS Market" presentation.

Lindsay

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Thursday, September 07, 2017 12:00 PM
**To:** Lindsay Cooper <lindsaycooper@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Thanks for the update, Lindsay.  In case it wasn't clear, my request for metadata/custodian info was not limited to the actual custodian and doc creation date.  We need all available metadata and custodian info.  For example, we need the last modified date as well as the creation date.  Also, assuming these are Google Drive documents (they look like it), we need the activity and revision history.  Google Drive ordinarily retains such history, and I'd imagine that Google should be able to export it fairly easily since it was the named custodian.  We need the requested information for the last four documents in advance of tomorrow's deposition.  Thanks very much.

Best,
Max

**From:** Lindsay Cooper [mailto:lindsaycooper@quinnemanuel.com]
**Sent:** Thursday, September 07, 2017 9:55 AM
**To:** Maxwell Pritt
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Max,

I'm told that reproducing these documents with the new metadata is going to be difficult.  Is the information in the chart below enough for you?

We're working on getting creation date information and should have it later today.

Lindsay

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]

**Sent:** Wednesday, September 06, 2017 6:04 PM
**To:** Lindsay Cooper <lindsaycooper@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Thanks very much, Lindsay.  I appreciate you letting me know the status and providing the information below.  I imagine at a minimum there may be additional custodian info/metadata like the creation date that can be pulled and produced once you/the client can run it down.

Best,
Max

**From:** Lindsay Cooper [mailto:lindsaycooper@quinnemanuel.com]
**Sent:** Wednesday, September 06, 2017 5:43 PM
**To:** Jeff Nardinelli; Maxwell Pritt; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GPOttoTruckingWaymo@goodwinlaw.com; John Cooper (JCooper@fbm.com); Matthew Cate
**Cc:** QE-Waymo
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Max,

We're still investigating whether we can reproduce the documents and the timeline for doing so, but in the meantime the metadata that you requested is below.

Lindsay

| Bates | Document Title | Custodian | Owner |
|---|---|---|---|
| WAYMO-UBER-00014703 | AnthonyTimeline.docx | Google | Chelsea Bailey (chelseab@x.team) |
| WAYMO-UBER-00042351 | Thoughts on Chauffeur.docx | Google | Zachary Apter (apter@google.com) |
| WAYMO-UBER-00042374 | Thoughts on Chauffeur, Part III.docx | Google | Zachary Apter (apter@google.com) |
| WAYMO-UBER-00043437 | Oct 7 Chauffeur L-Team Presentation.pptx | Google | Chris Urmson (curmson@google.com) |
| WAYMO-UBER-00075401 | Long term strategy update | Google | Chris Ludwick (ludwick@google.com) |
| WAYMO-UBER-00079254 | [All hands] Survey Response Analyses.pptx | Google | Charlie Johnson (charliej@google.com) |
| WAYMO-UBER-00084594 | PrivilegedChauffeurSearchTerms.docx | Google | Abraham Lu (abrahaml@google.com) |
| WAYMO-UBER-00084600 | 02MaterMeetingNotes.docx | Google | Kristinn Gudjonsson (kiddi@google.com) |
| WAYMO-UBER-00084602 | ChauffeurDeparturesInvestigation-AttorneyClientPrivileged.docx | Google | Michael Pfyl (michaelpfyl@google.com) |
| WAYMO-UBER-00084609 | MaterTrackingDoc-sem217559.docx | Google | Kristinn Gudjonsson (kiddi@google.com) |

**From:** Jeff Nardinelli
**Sent:** Wednesday, September 06, 2017 2:26 PM
**To:** 'Maxwell Pritt' <mpritt@BSFLLP.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GPOttoTruckingWaymo@goodwinlaw.com; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Max,

Lindsay can speak to the metadata, but on the transaction-related production, we expect to make a production today, with at least one follow-on production as soon as it's ready.

Jeff

**From:** Maxwell Pritt [mailto:mpritt@BSFLLP.com]
**Sent:** Wednesday, September 06, 2017 1:56 PM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GPOttoTruckingWaymo@goodwinlaw.com; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Jeff/Lindsay, any update on the production and requests below?

Thanks,
Max

**From:** Maxwell Pritt
**Sent:** Tuesday, September 05, 2017 9:33 AM
**To:** Jeff Nardinelli; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GPOttoTruckingWaymo@goodwinlaw.com; John Cooper (JCooper@fbm.com); Matthew Cate
**Cc:** QE-Waymo
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Hi Jeff and Lindsay,

I haven't received a response to my request below.  Please let me know when we can expect to receive the ordered discovery.

In addition, per the attached email, please investigate and produce the full metadata for the following documents:

WAYMO-UBER-00014703
WAYMO-UBER-00042351

WAYMO-UBER-00042374
WAYMO-UBER-00043437
WAYMO-UBER-00075401
WAYMO-UBER-00079254
WAYMO-UBER-00084594
WAYMO-UBER-00084600
WAYMO-UBER-00084602
WAYMO-UBER-00084609

Thanks,
Max

---

**From:** Maxwell Pritt
**Sent:** Saturday, September 02, 2017 5:00 PM
**To:** 'Jeff Nardinelli'; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GPOttoTruckingWaymo@goodwinlaw.com; John Cooper (JCooper@fbm.com); Matthew Cate
**Cc:** QE-Waymo
**Subject:** RE: Waymo v. Uber - Waymo PROD058 PROD059

Thanks, Jeff.

Please let us know when Waymo will supplement its responses to Interrogatory Nos. 18 and 19, and produce all documents responsive to RFPs 170, 172, and 173, pursuant to the attached orders.

Best,
Max

---

**From:** Jeff Nardinelli [mailto:jeffnardinelli@quinnemanuel.com]
**Sent:** Saturday, September 02, 2017 4:53 PM
**To:** UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GPOttoTruckingWaymo@goodwinlaw.com; John Cooper (JCooper@fbm.com); Matthew Cate
**Cc:** QE-Waymo
**Subject:** Waymo v. Uber - Waymo PROD058 PROD059

Counsel,

Please find Waymo production PROD058 in response to the 8/31 hearings before Judge Corley, and PROD059 containing what we've come to affectionately call Esther's Five Natives, at the link below:

https://sendfile.quinnemanuel.com/pkg?token=a67ee62f-236a-460a-927e-2d1942c77b62

I'll send the passwords separately.

Thanks,

Jeff

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]