Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant:*
*Otto Trucking LLC*

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>       Defendants. | Case No. 3:17-cv-00939-WHA<br><br>***CORRECTED*** **DEFENDANT OTTO TRUCKING'S OPPOSITION AND NOTICE TO JOIN AND ADOPT DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO LLC'S OPPOSITION TO PLAINTIFF WAYMO LLC'S MOTION FOR CONTINUANCE OF TRIAL DATE**<br><br>Courtroom:    8<br>Judge:           Hon. William Alsup<br>Trial Date:    October 10, 2017 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Otto Trucking, LLC ("Otto Trucking") hereby opposes Plaintiff Waymo LLC's ("Waymo") Motion for Continuance of Trial Date (the "Motion") (Dkt. No. 1604) and joins and adopts Co-Defendants Uber Technologies, Inc.'s ("Uber") and Ottomotto LLC's ("Ottomotto") Opposition to Waymo's Motion for Continuance of Trial Date (the "Opposition") (Dkt 1623).

Waymo knows its trade secrets case is in shambles. Because its case is in such dire straits, Waymo wants to be able to continue this case indefinitely and maintain the clouds over Otto Trucking's future. This is not fair, and Waymo should not be allowed to continue its fruitless fishing expedition. The Federal Circuit's order does not change the simple fact that despite exhaustive discovery of Otto Trucking, Waymo has found absolutely nothing to support a trade secrets claim.

Waymo's Motion should be denied for the following four reasons:

1. None of the discovery concerns raised in Waymo's Motion is relevant to Otto Trucking. Whether or not the Stroz investigation occurred, Waymo has failed to set forth any evidence that any of the 121 trade secrets were ever used, disclosed or acquired by Otto Trucking. Otto Trucking does not and has never used the Uber LiDAR systems that allegedly misappropriated Waymo's purported trade secrets. Indeed, Otto Trucking is not involved in the development of LiDAR and has only used off-the-shelf LiDAR systems developed by a third party. As set forth in Otto Trucking's summary judgment motion, Waymo's legal liability theories are entirely devoid of facts. ███████████ ████████████████████████████████████████████████████ ██████████

2. Waymo's trade secret claims are meritless. The materials in question are not trade secrets, and Waymo cannot show misappropriation. First, the "centerpiece" of Waymo's case is its allegation that Anthony Levandowski downloaded 14,000 files from Google's SVN server which allegedly housed its "crown jewels" of self-driving technology. 8/16/17 Hr'g at 71:1-12. However, Sasha Zbrozek, the SVN server's administrator who set up the SVN server has repeatedly disputed the value of these alleged trade secrets,

1

OTTO TRUCKING'S OPPOSITION AND NTC TO JOIN AND ADOPT UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO'S OPPOSITION TO WAYMO'S MOTION FOR CONTINUANCE    Case No. 3:17-cv-00939-WHA

calling them "low-value" and "second class citizens." *See* Dkt 1124-5, Ex. 2 at 86886; *see also* Dkt 1610-4, Ex. 4 (calling the SV materials "low-value" in February 2015 when selecting a host for the SVN server). He has also repeatedly told counsel for Waymo downloading of the entire SVN repository did not "ring the alarm bells" for him and that checking out the entire repository was ordinary practice. *See* Dkt 1124-5, Ex.2; Ex. 4. Indeed, the day before the Waymo filed its complaint, Mr. Zbrozek told counsel for Waymo,

> "I'm a little leery because both of those numbers [14,000 files or 9.7 GBs] aren't really meaningful in any narrative. It also has a chilling effect on being a hardware engineer - <u>we do full checkouts and it makes me uncomfortable to think that lawyers are trying to ascribe suspicion to it</u>." Dkt 1524-5, Ex. 4 at 86936 (emphasis added).

Second, Waymo cannot show misappropriation. As set forth in Uber's opposition, the Stroz report concluded that there was no evidence that Mr. Levandowski retained information from Google. *See* Dkt. 1623, at 1; 1604-1 (Stroz Report) at 12.

3. Waymo should not be able to seek a continuance to cover up its misconduct. Waymo attempted to shield the identify of Mr. Zbrozek and his damaging opinion from discovery by submitting declarations from individuals without personal knowledge of the SVN server in support of its preliminary injunction instead of from Mr. Zbrozek, failing to disclose him on its three rounds of initial disclosures, and selectively waiving privilege over its investigation such that only the information helpful to Waymo was produced until the end of discovery. Mr. Zbrozek's communications to counsel during the investigation were not produced until 8:54 p.m. on the last day of discovery, after Mr. Zbrozek's deposition, and after Otto Trucking had to move to compel Waymo's production of these materials. Even after the close of discovery, Otto Trucking had to repeatedly seek Judge Corley's assistance in compelling Waymo's compliance with the Court's order to produce the documents and communications relating to its investigation. After the late production of these materials, Otto Trucking deposed Mr. Zbrozek again, who confirmed what was reflected in the documents—that Waymo's attorneys did not

2

OTTO TRUCKING'S OPPOSITION AND NTC TO JOIN AND ADOPT UBER TECHNOLOGIES, INC.'S AND
OTTOMOTTO'S OPPOSITION TO WAYMO'S MOTION FOR CONTINUANCE   Case No. 3:17-cv-00939-WHA

care about Mr. Zbrozek's opinions.  *See* Dkt 1524-5, Ex. 25.

4. Otto Trucking was not a party to the Stroz evaluation so the production of the Stroz materials have no effect on Otto Trucking. Waymo successfully argued that Otto Trucking was not a party to the Stroz evaluation and did not have standing to seek protection. Dkt. No. 760 at 6-7; 745.  As a result, Waymo is now judicially estopped from arguing that Otto Trucking is somehow tainted by what Stroz did or did not do. *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597 (9th Cir. 1996) ("Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position").

Waymo's sole reason for a continuance directed to Otto Trucking is that Otto Trucking produced about 1,000 documents relating to communications between counsel for Ottomotto or Otto Trucking on the one hand, and counsel for Uber on the other before the Joint Defense Agreement was signed.[1] This production occurred incident to the Federal Circuit's ruling.  These documents were provided to Otto Trucking by its transaction counsel, O'Melveny & Myers, contain <u>no redactions</u>, primarily concern Ottomotto, and have virtually nothing to with Otto Trucking.  These documents primarily relate to the due diligence effort associated with Ottomotto that were in the possession of counsel common to Ottomotto and Otto Trucking.  To the extent Otto Trucking is mentioned in the documents, they relate to the negotiation of the Otto Trucking agreement.  Other than ten documents that are password protected that Otto Trucking is working on unlocking with assistance from counsel for Stroz Friedberg and immediately producing, Otto Trucking's production is complete.

Waymo next blames Otto Trucking for delay suffered by the appeal because Mr. Levandowski "controls its actions." Motion at 14 n.3.  Waymo chose not to sue Mr. Levandowski and instead chose to sue a company with over 100 shareholders that owns trucks.  Mr. Levandowski asserted his legal rights.  Otto Trucking did not seek to appeal.  Waymo should not be heard to

---

[1] Waymo contends that these documents are likely heavily redacted. Mot. at 12, ln4-6. As set forth herein, Waymo's allegation is false.

3

complaint about Mr. Levandowski's appeal when it chose not to sue him.

Should the Court maintain the October 10 trial date as to Otto Trucking, Otto Trucking respectfully requests the Court maintain its order limiting Waymo's trade secret claims to the nine Waymo identified on August 1, 2017. Dkt. No. 1215. Waymo is incorrect that the Court has no power to narrow the trade secret claims. The Court has the inherent power to narrow the claims in dispute. *See In re Katz Interactive Call Processing Patent Litg*, 639 F.3d 1303, 1311-12 (Fed. Cir. 2011) (holding that district court's requirement that plaintiff narrow its patent claims from 1,975 claims to 16 claims per defendant group was part of the Court's inherent powers to manage complex cases and did not violate due process); *see also Apple, Inc. v. Samsung Elect. Co., Ltd*., 67 F. Supp. 3d 1100 (N.D. Cal. 2014) (rejecting plaintiff's argument that court-ordered procedure narrowing patent claims to five claims deprived it of its right to protect its patents because plaintiff could not show how other claims were not duplicative of the ones already tried). Here, like the plaintiffs in *Katz* and *Apple*, Waymo alleged claims based on 121 alleged trade secrets. In this type of complex intellectual property case, the Court properly exercised its inherent powers to manage the case and ordered that Waymo narrow its claims to eliminate largely duplicative claims. The Court should not reverse its order requiring Waymo to narrow its trade secrets. In addition, Waymo has not articulated any damages theory against Otto Trucking. For this reason, any issues related to Otto Trucking can be decided in a bench trial on the current trial date or via summary judgment. A continuance as to Otto Trucking is unwarranted and should be denied.

Finally, Otto Trucking contends that no court appointed expert is necessary as to Otto Trucking because it has not ever used the Uber LiDAR systems alleged to contain the Waymo trade secrets, and Waymo has no evidence to the contrary.

Dated:  September 18, 2017                        Respectfully submitted,

                                                  By:   /s/   Neel Chatterjee
                                                        Neel Chatterjee
                                                        nchatterjee@goodwinlaw.com
                                                        Brett Schuman
                                                        bschuman@goodwinlaw.com
                                                        D. Shane Brun
                                                        sbrun@goodwinlaw.com

4

          Rachel M. Walsh
          *rwalsh@goodwinlaw.com*
          Hong-An Vu
          *hvu@goodwinlaw.com*
          Hayes P. Hyde
          *hhyde@goodwinlaw.com*

          *Attorneys for Defendant:*
          *Otto Trucking LLC*

5

OTTO TRUCKING'S OPPOSITION AND NTC TO JOIN AND ADOPT UBER TECHNOLOGIES, INC.'S AND
OTTOMOTTO'S OPPOSITION TO WAYMO'S MOTION FOR CONTINUANCE    Case No. 3:17-cv-00939-WHA

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **September 18, 2017**. I further certify that all participants in the case are registered CM/ECF users and that service of the publicly filed document will be accomplished by the CM/ECF system. I certify under penalty of perjury that the foregoing is true and correct.

Executed on **September 18, 2017**, at Menlo Park, California.

/s/  *Neel Chatterjee*
NEEL CHATTERJEE

6

OTTO TRUCKING'S OPPOSITION AND NTC TO JOIN AND ADOPT UBER TECHNOLOGIES, INC.'S AND
OTTOMOTTO'S OPPOSITION TO WAYMO'S MOTION FOR CONTINUANCE    Case No. 3:17-cv-00939-WHA