1  Neel Chatterjee (SBN 173985)
   *nchatterjee@goodwinlaw.com*
2  **GOODWIN PROCTER LLP**
   135 Commonwealth Drive
3  Menlo Park, California 94025
   Tel.: +1 650 752 3100
4  Fax.: +1 650 853 1038

5  Brett Schuman (SBN 189247)
   *bschuman@goodwinlaw.com*
6  Shane Brun (SBN 179079)
   *sbrun@goodwinlaw.com*
7  Rachel M. Walsh (SBN 250568)
   *rwalsh@goodwinlaw.com*
8  Hayes P. Hyde (SBN 308031)
   *hhyde@goodwinlaw.com*
9  **GOODWIN PROCTER LLP**
   Three Embarcadero Center
10 San Francisco, California 94111
   Tel.: +1 415 733 6000
11 Fax.: +1 415 677 9041

12 Hong-An Vu (SBN 266268)
   *hvu@goodwinlaw.com*
13 **GOODWIN PROCTER LLP**
   601 S Figueroa Street, 41st Floor
14 Los Angeles, California  90017
   Tel.: +1 213 426 2500
15 Fax.: +1 213 623 1673

16 Attorneys for Defendant
   Otto Trucking LLC

17

18              **UNITED STATES DISTRICT COURT**
             **NORTHERN DISTRICT OF CALIFORNIA**
19              **SAN FRANCISCO DIVISION**

20 Waymo LLC,                          | Case No. 3:17-cv-00939-WHA

21         Plaintiff,                   | **DECLARATION OF HAYES P. HYDE IN SUPPORT OF PLAINTIFF'S**
22         v.                           | **ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS**
                                        | **OPPOSITION TO DEFENDANTS'**
23 Uber Technologies, Inc.; Ottomotto LLC; Otto | **MOTION FOR SUMMARY JUDGMENT**
   Trucking LLC,                        | **[DKT. 1526]**
24
          Defendants.
25                                       Courtroom:     8
                                         Judge:         Hon. William Alsup
26                                       Trial:         October 10, 2017

27

28

1        I, Hayes P. Hyde, declare as follows:

2        1.        I am an attorney at the law firm of Goodwin Procter, LLP.  I make this declaration

3    based upon matters within my own personal knowledge and if called as a witness, I could and

4    would competently testify to the matters set forth herein. I make this declaration in support of

5    Plaintiff's Administrative Motion to File Under Seal Portions of Its Opposition to Defendants'

6    Motion for Summary Judgment ("Opposition") and Exhibits 26, 29, 30, and 31 attached thereto

7    [Dkt. No. 1526].

8        2.        I have reviewed the following documents and confirmed that only the portions

9    identified below merit sealing:

| Dkt. No. | Document | Portions to Be Filed Under Seal |
|---|---|---|
| 1526 | Waymo's Opposition | Portions Highlighted in blue |
| | Exhibit 26 to Jaffe Declaration | Portions Highlighted in yellow and red |
| | Exhibit 29 to Jaffe Declaration | Portions Highlighted in blue |
| | Exhibit 30 to Jaffe Declaration | Portions Highlighted in red |
| | Exhibit 31 to Jaffe Declaration | Entire Document |

        3.        The highlighted portions of the Opposition include highly confidential, sensitive

ACTIVE/92611594.2                                    1

HYDE DECLARATION ISO WAYMO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL                          CASE NO. 3:17-CV-00939-WHA

1  business information relating to negotiations of the terms of Otto Trucking's agreements, its

2  corporate structure, and sensitive financial and business information. This information is not

3  publicly known, and its confidentiality is strictly maintained. I understand that this information

4  could be used by competitors to Otto Trucking's detriment, including in the context of negotiating

5  business deals. If such information were made public, I understand Otto Trucking's competitive

6  standing could be significantly harmed.

7       4.      I believe that at least portions of the Opposition also contain references to highly

8  confidential sensitive financial and business information and highly confidential technical

9  information of co-defendants Uber and Ottomotto. I understand that disclosure of this information

10  would allow Uber's competitors to gain detailed knowledge into the technical specifications of

11  Uber's LiDAR sensors and use this knowledge to tailor their own LiDAR development, such that

12  Uber's competitive standing could be significantly harmed.

13       5.      The highlighted portions of Exhibit 26 include highly confidential, sensitive

14  business information relating to negotiations of the terms of Otto Trucking's agreements, and  its

15  corporate structure. This information is not publicly known, and its confidentiality is strictly

16  maintained. I understand that this information could be used by competitors to Otto Trucking's

17  detriment, including in the context of negotiating business deals. If such information were made

18  public, I understand Otto Trucking's competitive standing could be significantly harmed.

19       6.      The highlighted portions of Exhibit 29 include highly confidential, sensitive

20  business information relating to negotiations of the terms of Otto Trucking's agreements, its

21  corporate structure, and sensitive financial and business information relating to its operations. This

22  information is not publicly known, and its confidentiality is strictly maintained. I understand that

23  this information could be used by competitors to Otto Trucking's detriment, including in the

24  context of negotiating business deals. If such information were made public, I understand Otto

25  Trucking's competitive standing could be significantly harmed.

26       7.      I believe that at least portions of Exhibit 29 also contain references to highly

27  confidential sensitive financial and business information of co-defendants Uber and Ottomotto. I

28  understand that this information could be used by competitors to Uber's and Ottomotto's

HYDE DECLARATION ISO WAYMO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL                                      CASE NO. 3:17-CV-00939-WHA

1    detriment, including in the context of negotiating business deals. If such information were made

2    public, I understand Uber's and Ottomotto's competitive standing could be significantly harmed.

3         8.    The highlighted portions of Exhibit 30 include highly confidential, sensitive

4    business information relating to negotiations of the terms of Otto Trucking's agreements, highly

5    confidential sensitive financial information, and  its corporate structure. This information is not

6    publicly known, and its confidentiality is strictly maintained. I understand that this information

7    could be used by competitors to Otto Trucking's detriment, including in the context of negotiating

8    business deals. If such information were made public, I understand Otto Trucking's competitive

9    standing could be significantly harmed.

10        9.    The entirety of Exhibit 31 contains highly confidential, sensitive business

11   information relating to negotiations of the terms of Otto Trucking's agreements, highly

12   confidential sensitive financial information, and  its corporate structure. This information is not

13   publicly known, and its confidentiality is strictly maintained. I understand that this information

14   could be used by competitors to Otto Trucking's detriment, including in the context of negotiating

15   business deals. If such information were made public, I understand Otto Trucking's competitive

16   standing could be significantly harmed.

17        10.   I believe that at least portions of Exhibit 31 also contain references to highly

18   confidential sensitive financial and business information of co-defendants Uber and Ottomotto. I

19   understand that this information could be used by competitors to Uber's and Ottomotto's

20   detriment, including in the context of negotiating business deals. If such information were made

21   public, I understand Uber's and Ottomotto's competitive standing could be significantly harmed.

22        11.   Defendant's request to seal is narrowly tailored to those portions of the Opposition

23   and Exhibits 26, 29, 30, and 31 that merit sealing.

24        I declare under penalty of perjury under the laws of the United States that  the foregoing is

25   true and correct. Executed this 18th day of September, 2017 in San Francisco, California.

26

27                                  /s/ Hayes P. Hyde
                                    Hayes P. Hyde

28

HYDE DECLARATION ISO WAYMO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL                                CASE NO. 3:17-CV-00939-WHA

1

**<u>CERTIFICATE OF SERVICE</u>**

2       I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

3   United States District Court for the Northern District of California by using the CM/ECF system

4   on September 18, 2017. I further certify that all participants in the case are registered CM/ECF

5   users

6   and that service will be accomplished by the CM/ECF system.

7       I certify under penalty of perjury that the foregoing is true and correct. Executed this 18th

8   day of September 2017.

<u>/s/ Hayes P. Hyde</u><br>
Hayes P. Hyde

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HYDE DECLARATION ISO WAYMO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL                              CASE NO. 3:17-CV-00939-WHA