1

2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
   David A. Perlson (Bar No. 209502)
   davidperlson@quinnemanuel.com
   Melissa Baily (Bar No. 237649)
   melissabaily@quinnemanuel.com
   John Neukom (Bar No. 275887)
   johnneukom@quinnemanuel.com
   Jordan Jaffe (Bar No. 254886)
   jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

3

4

5

6

7

8

9

Attorneys for WAYMO LLC

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12

13

14

15

16

17

18

| WAYMO LLC, | CASE NO. 3:17-cv-00939-WHA |
|---|---|
| Plaintiff, | **DECLARATION OF FELIPE CORREDOR IN SUPPORT OF DEFENDANT OTTO TRUCKING'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO WAYMO'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

19

20

21

22

23

24

25

26

27

28

I, Felipe Corredor, declare as follows:

1.      I am an attorney licensed to practice in the State of California and am admitted to practice before this Court.  I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo").  I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2.      I make this declaration in support of Defendant Otto Trucking's Administrative Motion to File Under Seal Portions of Its Opposition to Waymo's Motion for Partial Summary Judgment (the "Administrative Motion").  The Administrative Motion seeks an order sealing highlighted portions of Otto Trucking's Opposition to Waymo's Motion for Partial Summary Judgment ("Otto Trucking's Opposition") and of Exhibits 2 and 22 to the Vu Declaration, as well as the entirety of Exhibits 3-4, 8-19, 23, 25, and 28-29 thereto.

3.      Otto Trucking's Opposition and Exhibit 22 (portions marked in green boxes in versions filed herewith), Exhibits 2-4, 9, 17-19, and 25 (green highlighted portions in versions filed herewith), and Exhibits 8, 10-14, 16, and 28 (entire documents) contain, reference, and/or describe Waymo's highly confidential and sensitive business information.  Such information includes details regarding Waymo's security measures and protocols (including staffing of Google's security team), the scope of forensic investigations conducted (including the identity of non-public targets of those investigations), and detailed computer forensics regarding access to Waymo's trade secrets.  I understand that Waymo maintains this information as confidential.  The public disclosure of this information would cause significant competitive harm to Waymo, as its security measures and computer forensics methods would become known to competitors who could use such information to Waymo's disadvantage.

4.      Exhibits 2-4, 8-9, 11, and 13-18 also contain email addresses and/or phone numbers of Waymo employees and former employees involved in this case, the disclosure of which would cause Waymo and those employees substantial harm due to the high public profile of this litigation.

5.      Exhibits 2-4, 13, 16-18, and 25 additionally contain highly sensitive information that Waymo seeks to seal.  Specifically, those portions contain the domains that host Waymo's highly confidential SVN repository and other computer systems. Public disclosure of such information will

1    give bad actors seeking to hack Waymo's databases a target to attack.  Further, there is no public

2    purpose served by disclosing the precise web or IP address at which the servers reside.

3           6.       Exhibit 11 additionally contains, discusses, or refers to confidential details regarding

4    prototype development and testing of Kitty Hawk and/or related entities, which Waymo understands

5    are highly confidential to Kitty Hawk, and disclosure of such information would inflict serious and

6    irreparable damage to Kitty Hawk's business.  (*See* Dkt. 1115 ¶ 3.)

7           7.       Exhibit 17 additionally contains, references, and/or describes Waymo's confidential

8    technical information.  The information Waymo seeks to seal includes the confidential design and

9    functionality of Waymo's proprietary autonomous vehicle system, which Waymo maintains as secret.

10   I understand that these designs are maintained as secret by Waymo (Dkt. 25-47) and that the designs

11   are valuable to Waymo's business (Dkt. 25-31).  The public disclosure of this information would give

12   Waymo's competitors access to descriptions of the functionality or features of Waymo's autonomous

13   vehicle system.  If such information were made public, I understand that Waymo's competitive

14   standing would be significantly harmed.

15          8.       Waymo's request to seal is narrowly tailored to those portions of Otto Trucking's

16   Opposition and Exhibits 2-4, 8-19, 22, 25, and 28 that merit sealing.  The request is consistent with

17   previous sealing requests granted by the Court.  (*See, e.g.*, Dkt. 1444.)

18

19          I declare under penalty of perjury under the laws of the State of California and the United

20   States of America that the foregoing is true and correct, and that this declaration was executed in San

21   Francisco, California, on September 18, 2017.

22                                          By  */s/ Felipe Corredor*
                                                 _____
23                                                Felipe Corredor
                                                  Attorneys for WAYMO LLC

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Felipe Corredor.

By: */s/ Charles K. Verhoeven*
Charles K. Verhoeven