MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 1526)** |

1  I, Michelle Yang, declare as follows:

2  1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this

3  declaration based upon matters within my own personal knowledge and if called as a witness, I

4  could and would competently testify to the matters set forth herein. I make this declaration in

5  support of Plaintiff's Administrative Motion to File under Seal Its Opposition to Defendants'

6  Motion for Summary Judgment (Dkt. 1526).

7  2. I have reviewed the following documents and confirmed that only the portions

8  identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Waymo's Opposition to Defendants' Motion for Summary Judgment ("Opposition") | Red Boxes |
| Exhibit 1 | Entirety |
| Exhibit 3 | Entirety |
| Exhibit 9 | Entirety |
| Exhibit 12 | Entirety |
| Exhibit 13 | Entirety |
| Exhibit 18 | Entirety |
| Exhibit 25 | Blue-Highlighted Portions |
| Exhibit 26 | Red Boxes |
| Exhibit 27 | Entirety |
| Exhibit 28 | Blue-Highlighted Portions |
| Exhibit 29 | Red Boxes |
| Exhibit 30 | Red Boxes |
| Exhibit 31 | Entirety |

3. The red boxes on pages 1-13 of the Opposition, the entireties of Exhibits 3, 12, 13, and the blue-highlighted portions of Exhibit 25 and Exhibit 28 contain highly confidential

information regarding the technical features and development of technical features of Uber's LiDAR systems.  This highly confidential information is not publicly known, and its confidentiality is strictly maintained.  I understand that disclosure of this information could allow competitors to obtain a competitive advantage over Uber through insight into the technical features and design considerations of Uber's LiDAR, such that they could tailor their own LiDAR development.  Uber's competitive standing could be significantly harmed.

4. The entireties of Exhibits 1, 9, and 27 are selected excerpts from expert reports containing highly confidential information regarding the technical features and specifications of Uber's LiDAR systems.  This highly confidential information is not publicly known, and its confidentiality is strictly maintained.  I understand that disclosure of this information could allow competitors to obtain a competitive advantage over Uber through insight into the technical features of Uber's LiDAR sensors, such that they could tailor their own LiDAR development.  Uber's competitive standing could be significantly harmed.

5. The entirety of Exhibit 18 contains highly confidential information regarding the technical features, development details, and design considerations regarding Uber's LiDAR sensors, as well as the identity of a confidential third party vendor and purchase order terms.  This highly confidential information is not publicly known, and its confidentiality is strictly maintained.  I understand that disclosure of this information would allow Uber's competitors to obtain a competitive advantage through understanding technical information and supply information relating to Uber's LiDAR, such that they can tailor their own LiDAR development and Uber's competitive standing could be significantly harmed.

6. The red boxes on pages 19-23 of the Opposition and the red boxes in Exhibits 26, 29, and 30, as well as the entirety of Exhibit 31, contain highly confidential information regarding various business agreements, including detailed terms and conditions such as the specific obligations and responsibilities of each party and highly confidential financial details.  This information is not publicly known, and its confidentiality is strictly maintained.  I understand that disclosure of this information could allow competitors and counterparties to gain insight into how

1  Uber structures its business agreements, including specific financial terms, allowing them to tailor
2  their own negotiation or business strategy to the detriment of Uber.
3       7.   Defendants' request to seal is narrowly tailored to the portions of Waymo's Brief
4  and its supporting papers that merit sealing.
5       I declare under penalty of perjury that the foregoing is true and correct.  Executed this
6  18th day of September, 2017 in San Francisco, California.

                                        */s/ Michelle Yang*
                                          Michelle Yang

## ATTESTATION OF E-FILED SIGNATURE

I, Arturo J. Gonzalez, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated:  September 18, 2017                */s/ Arturo J. Gonzalez*
                                          ARTURO J. GONZALEZ