# EXHIBIT 19
# ENTIRE EXHIBIT SUBMITTED UNDER SEAL

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 17-cv-00939-JCS<br><br>**PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO UBER'S INTERROGATORY NOS. 1, 3, 4, 9, 10, 25, 26, 30, AND 34** |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Waymo LLC ("Waymo") hereby supplements its responses and objections to Defendant Uber Technologies, Inc.'s ("Uber") Interrogatory Nos. 1, 3, 4, 9, 10, 25, 26, 30, and 34.  These objections and responses are made based on its current understanding and on information reasonably available to Waymo at the present time.  Waymo reserves the right to supplement these responses if and when additional information becomes available.

## GENERAL OBJECTIONS

Waymo makes the following General Objections, whether or not separately set forth in response, to each and every instruction, definition, and question posed in the interrogatories.  By responding to any of the interrogatories or failing to specifically refer to or specify any particular General Objection in response to a particular interrogatory, Waymo does not waive any of these General Objections, or admit or concede the appropriateness of any purported interrogatory or any assumptions contained therein.

1. Waymo objects to each interrogatory, and to the Definitions and Instructions, to the extent that they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup.

2. Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment.

3. Waymo objects to each interrogatory to the extent that they seek information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

4. Waymo objects to each interrogatory to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this action and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5. Waymo objects to each interrogatory to the extent that they are compound, complex, and contain multiple subparts.

6. Waymo objects to each interrogatory to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

7. Waymo objects to each interrogatory to the extent that they seek information that does not already exist, or that is not in Waymo's possession, custody, or control.

8. Waymo objects to each interrogatory to the extent that they require Waymo to provide information beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents and from a reasonable inquiry of its present employees.

9. Waymo objects to each interrogatory to the extent that they seek confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, or trade secrets.  Subject to its other General Objections, and to any specific objections set forth below, Waymo will only provide relevant information in a manner consistent with the Protective Order entered by the Court in this matter.

10. Waymo objects to each interrogatory to the extent that they seek information that Waymo is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

11. Waymo objects to each interrogatory to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

12. Waymo objects to each and every interrogatory to the extent that they call for a legal conclusion.

13. Waymo objects to each and every interrogatory to the extent that they call for responses that are the subject of expert testimony. Waymo will provide its expert reports pursuant to deadlines to be set by the Court for the exchange of such reports and will supplement or amend those reports as appropriate and as permitted by the Court.

14. Waymo objects to each and every interrogatory to the extent that they call for information that is publicly available and therefore as accessible to Defendants as to Waymo.

15. Waymo objects to these interrogatories to the extent that they are premature. Discovery is ongoing and Waymo has not yet completed its investigation of the matters at issue in this action. Waymo reserves the right to modify, supplement, change or amend its responses once Waymo has conducted the necessary discovery and investigation.

16. Waymo objects to Instruction No. 5 as overbroad, unduly burdensome, vague, and ambiguous to the extent that it refers to "Provision 1(d) of the Default Standard for Discovery in this judicial district."

17. Waymo responds to each and every interrogatory based on its knowledge, information and belief based on its investigation as of the date of the response; however, Waymo's investigation into the issues of this action remains ongoing. Waymo reserves the right to supplement or amend its responses without prejudice pursuant to Rule 26(e).

18. Waymo's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the interrogatories, whether implicit or explicit, is correct.

19. Waymo incorporates by reference its General Objections in each of the specific responses set forth below.

identified in response to Uber's Interrogatory No. 10 and the revision history maintained in the SVN server.

**INTERROGATORY NO. 9:**

Separately for each alleged Waymo trade secret identified in response to Interrogatory No. 1, state why you contend it is not generally known in light of the public disclosures referenced in the Declarations of Paul McManamon and Michael Lebby submitted in this case.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Waymo incorporates by reference its prior Response to Interrogatory No. 9, including objections.

Waymo further responds as follows:

Waymo incorporates the Opening Expert Report of Lambertus Hesselink, Ph.D. as if set forth in full herein.

**INTERROGATORY NO. 10:**

Separately for each alleged Waymo trade secret identified in response to Interrogatory No. 1, identify any and all Allegedly Misappropriated Files that You contend disclose that trade secret and describe how those files disclose the trade secret.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Waymo incorporates by reference its prior Responses to Interrogatory No. 10, including objections.

Waymo further responds as follows:

The trade secrets identified below are disclosed at least in part by, among others, the misappropriated materials listed below.

| Trade Secret No. | Misappropriated Files |
|---|---|
| 2 | SVN schematic repository folders ▮▮▮ |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

|   |   |
|---|---|
|   | ███████████████████████████ |
| 7 | *See supra*, Trade Secret No. 2. |
| 9 | N/A |
| 13 | N/A |
| 14 | *See supra*, Trade Secret No. 2. |
| 25 | N/A. |
| 90 | ███████████████████████████ |
| 96 | SVN schematic repository folder ███████ |
| 111 | N/A |

**INTERROGATORY NO. 25:**

Identify every fact that you have obtained or learned during discovery in this case that you contend shows use by Uber of any of the 14,000 files that you claim were improperly downloaded by Anthony Levandowski.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 25:**

Waymo incorporates by reference its prior Response to Interrogatory No. 25, including objections.

Waymo further responds as follows:

Waymo incorporates the Opening Expert Report of Lambertus Hesselink, Ph.D. as if set forth in full herein.

As set forth in Waymo's Response to Interrogatory No. 1, the head of Defendants' self-driving car program, Anthony Levandowski took from Waymo over 14,000 design files containing Waymo's proprietary information, as well as other proprietary documents describing Waymo's confidential trade secrets. *See* Declaration of Gary Brown ("Brown Decl."); Deposition Transcript of Anthony Levandowski ("Levandowski Dep.") at 20:9-24, 100:9-101:15, 115:3-16. The stolen files describe and contain certain of Waymo's asserted trade secrets including Trade Secret Nos. 1-8, 14-17, 19, 20, 38, 39, 42, 43, 46, 48, 49, 62, 63, and 75-109 from Waymo's List

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

beginning around December 2015, when Anthony Levandowski was still employed at Google; indeed, Anthony Levandowski met with Uber executive Brian McClendon on December 11, 2015, the same day Anthony Levandowski improperly downloaded the 14,000 files. Uber employees who communicated with Anthony Levandowski about LiDAR include key engineers such as Gaetan Pennecot (approximately 44 times), Daniel Gruver (approximately 169 times), James Haslim (approximately 133 times), Scott Boehmke (approximately 112 times), John Bares (approximately 66 times), and Eric Meyhofer (approximately 169 times).

In light of the facts described above, and for the reasons discussed in Waymo's brief regarding adverse inferences (Dkt. 818-4), numerous additional facts responsive to this interrogatory should be drawn as adverse inferences from Anthony Levandowski's pleading of the Fifth Amendment. As one illustrative example of such a fact, Anthony Levandowski went to Uber and used the 14,000 files to build additional LiDAR designs that include information contained in and derived from Waymo's trade secrets. Additional facts that should be drawn as adverse inferences and responsive to this interrogatory are described in detail in Waymo's Statement Regarding Questions It Intends to Ask Anthony Levandowski at Trial (Dkt. 834-4).

To the extent not explicitly referenced in the response above, Waymo hereby incorporates by reference all evidence cited in its Response to Interrogatory No. 1, including all supplements and amendments thereto. Discovery is ongoing and Waymo reserves the right to supplement this response after further discovery and investigation into Uber's use of the 14,000 misappropriated files, including any such use reflected in the Stroz Friedberg due diligence report or associated materials presently being withheld under privilege assertions that have been rejected by the Court.

DATED: August 24, 2017  QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
　　Charles K. Verhoeven
　　Attorneys for WAYMO LLC