MILES EHRLICH (Bar No. 237954)
miles@ramsey-ehrlich.com
ISMAIL RAMSEY (Bar No. 189820)
izzy@ramsey-ehrlich.com
AMY CRAIG (Bar No. 269339)
amy@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | Case No.: 3:17-cv-00939-WHA<br><br>**NON-PARTY ANTHONY LEVANDOWSKI'S MOTION FOR PROTECTIVE ORDER** |

　　　　Given the absence of a final merits decision from the Federal Circuit resolving his attorney-client privilege and Fifth Amendment claims, Anthony Levandowski hereby moves for a protective order to ensure that his Fifth Amendment rights in regard to the Stroz Report and related materials remain protected during the pendency of this civil case.

　　　　This Court rejected Mr. Levandowski's privilege claims. And on appeal, the Federal Circuit declined to issue a writ of mandamus that would overturn the orders compelling production. But in doing so, the Federal Circuit applied the heightened mandamus standard of review and emphasized (a) that Mr. Levandowski may still seek appellate review of the compulsion orders under the ordinary standards of review by means of a post-judgment challenge and (b) that, during the civil proceedings, this Court has the authority to issue a protective order to

1

preserve Mr. Levandowski's claimed Fifth Amendment rights in connection with any possible criminal investigation or prosecution. Fed. Cir. No. 17-2235, Dkt. No. 62-2 at 6, 8, 10, 11, and 20.

Put simply, the Federal Circuit has not foreclosed the possibility that Mr. Levandowski will later be deemed to have valid Fifth Amendment rights (and other privileges) with respect to the Stroz materials. Thus, Mr. Levandowski requests that, in the interests of prudence and caution, this Court issue a protective order maintaining strict confidentiality over the Stroz Report and the records produced by Mr. Levandowski to Stroz in its investigation and assuring that these materials: 1) are used only in this federal *civil* proceeding; 2) are not publicly disclosed; 3) are not produced to any governmental authorities who may be investigating Mr. Levandowski; and 4) are not used with any witnesses who will be testifying about the existence, authenticity, or possession of records by Mr. Levandowski—so as to ensure, consistent with *Kastigar v. United States,* that these materials not be used, directly or indirectly, by the government in any criminal investigation or prosecution of Mr. Levandowski until Mr. Levandowski's Fifth Amendment claims have been finally adjudicated.

## ARGUMENT

After this Court denied Mr. Levandowski's claim that the Stroz Report and records related to the Stroz investigation are protected from disclosure by Mr. Levandowski's Fifth Amendment privilege against self-incrimination under *Fisher v. United States*, 425 U.S. 391 (1975), and *United States v. Sideman & Bancroft, LLP*, 704 F.3d 1197 (9th Cir. 2013), as well as by the common interest/joint defense, attorney-client and attorney work product privileges, he sought review in the Federal Circuit. Notably, in its Order denying Mr. Levandowski's two appeals, Fed. Cir. No. 17-2235, Dkt. No. 62-2, the Federal Circuit found that it did not have jurisdiction to consider the matter as an interlocutory appeal. *Id*. at 4-6, 23-25. Rather, the appellate court treated the matter as a request for a writ of mandamus and refused to grant such a writ under the exacting mandamus standard. *Id*. at 6-23. The court did *not* purport to resolve Mr. Levandowski's claims as a final matter. Instead, it expressly found that Mr. Levandowski may

still protect his privileges with a post-judgment appeal, *id*. at 8, and denied mandamus only because it found no "exceptional circumstances amounting to a judicial usurpation of power[ ] or a clear abuse of discretion." *Id*. at 11 (quoting *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004)).

In light of the fact that the court has not finally adjudicated Mr. Levandowski's claims that the Stroz Report and the records he provided to Stroz are protected from disclosure by his Fifth Amendment privilege against self-incrimination, the Federal Circuit left open the possibility of a protective order as a means of preserving Mr. Levandowski's privileges in advance of any possible criminal action. And it specifically held that this Court has the authority to take such a precautionary measure:

> Whether the information Mr. Levandowski provided for the Stroz Report is relevant to and admissible in any criminal action is not before us. Nor is it before us to decide whether the District Court may choose to preserve the Stroz Report's confidentiality until its status in any criminal proceeding is resolved. . . . [T]he District Court has authority to ensure that any appropriate protective order is applied.

Fed. Cir. No. 17-2235, Dkt. No. 62-2, at 20. *See also id.* at 10.

Following the Federal Circuit's holding, this Court should issue a protective order as a prudent prophylactic measure. If an appellate court—or a future district court confronted with a criminal action arising from the same general set of facts and circumstances—ultimately determines that, under *Fisher,* the Fifth Amendment ***does*** protect the Stroz Report and the records provided by Mr. Levandowski to Stroz, in light of the compelled disclosure of these materials here, the prosecution would be barred from making any evidentiary or nonevidentiary use of these materials in a criminal proceeding. *See Kastigar v. United States*, 406 U.S. 441, 460 (1972); *United States v. Oliver North*, 910 F.2d 843, 856 (D.C. Cir. 1990). In that event, to assure that Mr. Levandowski's constitutional rights are not compromised, the government would be required to show that it did not use the compelled testimony in any way to build its criminal case. *See Kastigar*, 406 U.S. at 461-62 (where testimony has been compelled, the government must prove

that "all of the evidence it proposes to use was derived from legitimate independent sources"), *United States v. Danielson*, 325 F.3d 1054, 1072 (9th Cir. 2003) (clarifying that, in the Ninth Circuit, "we have interpreted *Kastigar*'s prohibition on use to include both direct and indirect use").

Thus, to avoid this possible infringement on Mr. Levandowski's Fifth Amendment rights, while still allowing use by the parties in the pending civil action, this Court should issue a protective order that aims to prevent any potentially improper use in the criminal investigation. Specifically, the order should require that the Stroz Report and the records provided by Mr. Levandowski to Stroz remain confidential and that these materials: 1) only be used in this federal *civil* proceeding; 2) not be publicly disclosed; 3) not be produced to any prosecutorial authorities who may be investigating Mr. Levandowski; and 4) not be used with any witnesses who will be testifying about the existence, authenticity, or possession of records by Mr. Levandowski. Such an order is necessary to ensure that these materials not be used, directly or indirectly, by the government in any criminal investigation or prosecution of Mr. Levandowski until Mr. Levandowski's Fifth Amendment claims have been finally adjudicated.

Dated: September 19, 2017

Respectfully Submitted,

*/s/ Ismail Ramsey*
Miles Ehrlich
Ismail Ramsey
Amy Craig
Ramsey & Ehrlich LLP
803 Hearst Ave.
Berkeley, CA 94710
Tel: (510) 548-3600
*Counsel to Non-Party Anthony Levandowski*

4
NON-PARTY ANTHONY LEVANDOWSKI'S MOTION FOR PROTECTIVE ORDER
Case No. 3:17-cv-00939-WHA