1  JONATHAN A. PATCHEN (SBN 237346)
   TAYLOR & PATCHEN, LLP
2  One Ferry Building, Suite 355
   San Francisco, California  94111
3  Telephone:  (415) 788-8200
   Facsimile:   (415) 788-8208
4  E-mail: jpatchen@taylorpatchen.com

5  Attorneys for Non-Party LIOR RON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO, LLC, | Case No.: 3:17-CV-00939 (WHA) |
| Plaintiff, | **NON-PARTY LIOR RON'S NOTICE OF MOTION AND MOTION TO INTERVENE, MOTION FOR A PROTECTIVE ORDER; AND [PROPOSED] ORDER** |
| vs. | |
| UBER TECHNOLOGIES, INC; OTTOMOTTO LLC; and OTTO TRUCKING LLC, | |
| Defendants. | Honorable William Alsup |

1.
NON-PARTY LIOR RON'S NOTICE OF MOTION & MOTION TO INTERVENE
AND MOTION FOR PROTECTIVE ORDER:  CASE NO.  3:17-CV-00939 (WHA)

TAYLOR & PATCHEN, LLP

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that non-party Lior Ron seeks to intervene pursuant to Fed. R. Civ. P. 24 and 26(c) for a protective order for good cause shown to maintain the confidentiality of portions of the due diligence report that have no bearing on the adjudication of the issues in this case. This motion is based on this notice of motion and motion, the below memorandum of points and authorities, the pleadings, files, and records in this case, as well as other written or oral argument which may be presented at the hearing.

Dated: September 19, 2017         Respectfully submitted,

TAYLOR & PATCHEN, LLP


By:      */s/ Jonathan A. Patchen*
              Jonathan A. Patchen
Attorneys for Non-Party LIOR RON

TAYLOR & PATCHEN, LLP

2.
NON-PARTY LIOR RON'S NOTICE OF MOTION & MOTION TO INTERVENE
AND MOTION FOR PROTECTIVE ORDER: CASE NO. 3:17-CV-00939 (WHA)

## MEMORANDUM OF POINTS AND AUTHORITIES

Lior Ron was one of several Ottomotto employees who participated in a confidential due diligence process in connection with Uber's acquisition of Ottomotto. He did so under a written agreement providing that the discussions and resultant report were confidential and privileged. The due diligence process involved inquiries into those employees' activities in areas that are entirely unrelated to and have no bearing on the asserted claims in this case. Indeed, Mr. Ron and the other "diligenced employees" are not parties to this action, and Waymo has not accused Mr. Ron of committing patent infringement and/or trade secret misappropriation. This makes sense, as Mr. Ron was not part of the Chauffeur team at Google and was not working on developing LiDAR technology at Google, Otto, Otto Trucking, or Uber. Accordingly, large portions of the due diligence summary report—including those portions involving Mr. Ron—are not relevant to the case and are unnecessary for the adjudication of the issues before the Court. If those irrelevant portions of the report are made publicly available, however, Mr. Ron would be subject to unnecessary attention and scrutiny causing cognizable harm that could not possibly be outweighed by the nonexistent benefits of disclosure. Given that these portions of the report would not benefit any party or a trier of fact in resolving Waymo's claims, Mr. Ron seeks permission to intervene to respectfully request that—to the extent the Court determines that any portions of the report should not be confidential—the Court issue an order sealing the parts of the report irrelevant to the litigation.

### I. THE COURT SHOULD ALLOW MR. RON TO INTERVENE TO PREVENT THE PUBLIC DISCLOSURE OF IRRELEVANT, HARMFUL INFORMATION

Mr. Ron moves to intervene in order to litigate this motion for a protective order pursuant to Federal Rule of Civil Procedure 24 and in response to the Court's September 15, 2017 Order requesting the filing of any motion for a protective order by noon on September 19th. *See* Dkt. 1596. Mr. Ron's motion is made in the interest of protecting, among other things, Mr. Ron's reputational interests, which the parties to the action cannot adequately represent. Because Mr. Ron's motion is timely per the Court's Order and because Mr. Ron's interests will be impaired if he is not allowed to intervene, mandatory intervention is appropriate. *See State ex rel Lockyer v.*

*United States*, 450 F.3d 436, 440 (9th Cir. 2006) (stating the factors for mandatory intervention). To the extent that the Court finds that mandatory intervention is not appropriate, however, it should grant Mr. Ron permissive intervention on this narrow issue. *See Spangler v. Pasadena City Bd. of Ed.*, 522 F.2d 1326, 1329 (9th Cir. 1997) (noting a trial court's broad discretion to grant permissive intervention). That is particularly true here where the Court's Order states that anyone who does not submit a motion by noon today is deemed to have waived his or her right to argue that any portions of the due diligence report should be kept confidential. *See* Dkt. 1596.

## II. A PROTECTIVE ORDER IS APPROPRIATE HERE TO PREVENT THE PUBLIC DISCLOSURE OF IRRELEVANT DISCOVERY MATERIAL

As acknowledged by the Federal Circuit, this Court has the "authority to ensure that any appropriate protective order is applied" in connection with the due diligence report. *Waymo LLC v. Uber Techs., Inc.*, Nos. 2017-2235, 2017-2253, 2017 U.S. App. LEXIS 17668, at *24 (Fed. Cir. Sep. 13, 2017). Rule 26(c) of the Federal Rules of Civil Procedure specifically allows the Court to issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Proc. 26(c). "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quotation omitted). While there exists a strong presumption in favor of access to **court records**, the Ninth Circuit has found that the public is not presumed to have a right of access to discovery. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). This is in large part because "much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action." *Id*. (quotation omitted). The Ninth Circuit, therefore, acknowledges that it is only when this information, contained in or attached to a motion, "is more than tangentially related to the underlying cause of action" that the presumption of public access applies. *Id*. at 1099. The Ninth Circuit's analysis should similarly apply on an intra-document basis: portions of lengthy documents tangentially related to the underlying cause of action should be redacted (i.e., sealed in part) based on the lesser good-cause standard. *See Perez v. TLC Residential, Inc.*, No. C 15-02556

TAYLOR & PATCHEN, LLP

2.

NON-PARTY LIOR RON'S NOTICE OF MOTION & MOTION TO INTERVENE
AND MOTION FOR PROTECTIVE ORDER: CASE NO. 3:17-CV-00939 (WHA)

WHA, 2016 U.S. Dist. LEXIS 52431, at *11-12 (N.D. Cal. April 19, 2016) (J. Alsup) (redacting portions of a document that were tangentially related to the underlying cause of actions for good cause shown and deciding to evaluate whether to reveal that information on a case-by-case basis moving forward).

### A. Much of the Due Diligence Report Is No More Than Tangentially Related to the Issues in This Case.

The current claims in this case relate to the alleged misappropriation of information that Waymo claims constitute trade secrets. Mr. Ron acknowledges that portions of the due diligence report may be relevant to those claims, but the majority of the report is not. Most of the report either summarizes the unrelated activities of individuals against whom, like Mr. Ron, Waymo has not made any accusations against regarding trade secret misappropriation, or involves investigation into other activity that potentially could be claimed to be improper, but did not involve the misappropriation of trade secrets. *See, e.g.*, Dkt. 370 (Declaration of Eric A. Tate ISO Defs' Opp. to Mtn. to Compel) at ¶ 21 (explaining that the report generally reflected "areas of inquiry that OMM and MoFo identified as important to their provision of legal advice regarding their clients' potential litigation exposure"); *see also* Dkt. 375 (Declaration of Alisa J. Baker ISO Defs.' Opp. to Mtn. to Compel) at ¶ 11 (similar). Thus, the parties in this litigation should not be allowed to indiscriminately make any and all portions of the report publicly available. Instead, they should be required first to designate those specific portions of the report that they believe are relevant to the adjudication of the issues in this case and on which they intend to rely for trial so that the Court can properly evaluate the merits of their public disclosure. *See Ctr. for Auto Safety*, 809 F.3d at 1096-97 ("The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret.") (quotation omitted). Because the report mostly focuses on issues wholly unrelated to the case, there is no reason to make those portions—including the majority of those portions pertaining to Mr. Ron—publicly available.

TAYLOR & PATCHEN, LLP

3.

NON-PARTY LIOR RON'S NOTICE OF MOTION & MOTION TO INTERVENE
AND MOTION FOR PROTECTIVE ORDER: CASE NO. 3:17-CV-00939 (WHA)

**B.     The Wholesale, Public Disclosure of the Report Would Cause Mr. Ron Specific Harm**

The specific harms that would result from the wholesale, public disclosure of the due diligence report satisfy the good cause standard for several reasons. *See Phillips v. GMC*, 289 F.3d 1117, 1121 (9th Cir. 2002) ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.")

First, as a non-party whose primary responsibilities never involved and still do not involve the development of LiDAR technology, Mr. Ron should not be subjected to significant reputational scrutiny and harm as a result of the disclosure of information that has little to no bearing on the outcome of this case. *See, e.g.*, *Chloe SAS v. Sawabeh Information Servs. Co.*, No. No. CV-11-04147-MMM, 2015 WL 12734004, at *3 (C.D. Cal. Feb. 4, 2015 ("Non-party privacy interests, particularly those related to sensitive matters such as are at issue here, are sufficient to satisfy the 'good cause' standard for sealing.") Other courts have recognized that where individuals were the subjects of an investigation, the disclosure of "uncharged and unproven conduct" from the investigation can cause those individuals to "face public ridicule and irreparable damage to their reputations." *United States v. Benzer*, No. 2:13-cr-00018-JCM-GWF, 2015 U.S. Dist. LEXIS 169109, at *16-17 (D. Nev. Dec. 15, 2015). Here too, the disclosure of unrelated activities that may suggest, but do not prove, any wrongdoing would bring specific and serious harm to Mr. Ron's reputation.

This reputational concern applies with special force because it appears that there is a substantial likelihood that the due diligence report will be used specifically, and solely, "to gratify private spite or promote public scandal . . . or as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quotations omitted). In fact, Waymo has already started to introduce inferences about the report and its contents at public hearings for improper public relations purposes. *See, e.g.*, Declaration of Jonathan A. Patchen ISO Non-Party Lior Ron's Mtn. to Intervene and Mtn. for Protective Order at ¶ 2, Ex. A (Excerpt from 9/14/2017 Hearing Tr.). The Ninth Circuit has found that discouraging this kind of improper use of information is a sufficient ground to bar the disclosure of court records that are clearly relevant

TAYLOR & PATCHEN, LLP

4.

NON-PARTY LIOR RON'S NOTICE OF MOTION & MOTION TO INTERVENE
AND MOTION FOR PROTECTIVE ORDER: CASE NO. 3:17-CV-00939 (WHA)

to a case. *Id.* Here, where most of the information is not relevant at all, good cause exists for a protective order preventing the parties from disclosing to the public or the news media the contents of irrelevant portions of the due diligence report. *See id.*

Finally, the admissibility of the due diligence report is still at issue in a separate arbitration in which Mr. Ron is a party. The report was prepared pursuant to a series of written and oral agreements that it was confidential and subject to privilege. *See* Dkt. 370 at ¶¶ 11-16, 18-20, 30; *see also* Dkt. 375 at ¶¶ 7-17. This Court has found that the due diligence report is not covered by any applicable privilege under Federal common law. As a non-party to this case, Mr. Ron is not bound by that determination. Moreover, the arbitration is governed by California law and the different issue of the privilege under California state law has not yet been addressed there. Mr. Ron is concerned that if the due diligence report is not subject to a protective order, it will find its way into the arbitration before the arbitration Panel has even considered the issue of privilege and would prejudice his right to litigate that issue.

Mr. Ron therefore specifically requests that the Court maintain the confidentiality of at least the following portions of the due diligence report: pages 9 (the entire page except for the partial paragraph at the top), 15 (the bottom half of the page), 16 (the top half of the page), 17 (the fourth paragraph of the page through the end of the page), 18 (up to the last full paragraph of the page), 19 (the first full paragraph of the page), 20 (in its entirety), 21 (in its entirety), 22 (in its entirety), 23 (in its entirety), 24 (in its entirety), 25 (the second through fifth paragraphs), 27 (the top half of the page), 28 (paragraphs two to four), 31 (paragraphs one to five), and 32 (the top half of the page); the addendum from Mr. Ron; the interview summary of Mr. Ron; all exhibits to Mr. Ron's interview summary; Exhibits 3, 18, and 78-127 of the report, and any other similar portions of the report pertaining to Mr. Ron, many of which Mr. Ron does not have access to, that are also irrelevant to this case, including other employee interviews and exhibits.

## IV. CONCLUSION

For these reasons, Mr. Ron respectfully requests that the Court grant his motion to intervene and his motion for a protective order to prevent the public disclosure of the irrelevant portions of the due diligence report, including those related to Mr. Ron.

TAYLOR & PATCHEN, LLP

5.

NON-PARTY LIOR RON'S NOTICE OF MOTION & MOTION TO INTERVENE
AND MOTION FOR PROTECTIVE ORDER:  CASE NO. 3:17-CV-00939 (WHA)

Dated: September 19, 2017

Respectfully submitted,

TAYLOR & PATCHEN, LLP

By:    */s/ Jonathan A. Patchen*
         Jonathan A. Patchen

Attorneys for Non-Party LIOR RON

TAYLOR & PATCHEN, LLP

6.

NON-PARTY LIOR RON'S NOTICE OF MOTION & MOTION TO INTERVENE
AND MOTION FOR PROTECTIVE ORDER: CASE NO. 3:17-CV-00939 (WHA)