1

2  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
3   David A. Perlson (Bar No. 209502)
    davidperlson@quinnemanuel.com
4   Melissa Baily (Bar No. 237649)
    melissabaily@quinnemanuel.com
5   John Neukom (Bar No. 275887)
    johnneukom@quinnemanuel.com
6   Jordan Jaffe (Bar No. 254886)
    jordanjaffe@quinnemanuel.com
7  50 California Street, 22nd Floor
   San Francisco, California 94111-4788
8  Telephone:     (415) 875-6600
   Facsimile:     (415) 875-6700
9
   Attorneys for WAYMO LLC
10
                         UNITED STATES DISTRICT COURT
11
            NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
12

13 | WAYMO LLC, | CASE NO. 3:17-cv-00939-WHA |

14              Plaintiff,          **DECLARATION OF FELIPE
                                    CORREDOR IN SUPPORT OF
15        vs.                       DEFENDANT OTTO TRUCKING'S
                                    ADMINISTRATIVE MOTION TO FILE
16 UBER TECHNOLOGIES, INC.;         UNDER SEAL PORTIONS OF ITS
   OTTOMOTTO LLC; OTTO TRUCKING     RESPONSE TO WAYMO'S
   LLC,                             SUPPLEMENTAL BRIEF IN SUPPORT
17                                  OF ITS MOTION FOR ORDER TOE
              Defendants.           SHOW CAUSE**
18

19

20

21

22

23

24

25

26

27

28

01980-00104/9556311.1
                                                    CASE NO. 3:17-cv-00939-WHA
                    CORREDOR DECLARATION ISO DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL

I, Felipe Corredor, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Defendant Otto Trucking's Administrative Motion to File Under Seal Portions of Its Response to Waymo's Supplemental Brief in Support of its Motion for Order to Show Cause ("Administrative Motion"). The Administrative Motion seeks an order sealing highlighted portions of Otto Trucking's Response to Waymo's Supplemental Brief in Support of its Motion for Order to Show Cause ("Otto Trucking's Response") and of Exhibits 2 and 22 to the Vu Declaration, as well as the entirety of Exhibits 3-4, 8-19, 23, 25, and 28-30 thereto.

3. Otto Trucking's Response and Exhibit 22 (portions marked in red boxes in versions filed herewith), Exhibits 2-4, 9, 17-19, 25, and 30 (green highlighted portions in versions filed herewith), and Exhibits 8, 10-16, and 28 (entire documents) contain, reference, and/or describe Waymo's highly confidential and sensitive business information. Such information includes details regarding Waymo's security measures and protocols (including staffing of Google's security team), the scope of forensic investigations conducted (including the identity of non-public targets of those investigations), and detailed computer forensics regarding access to Waymo's trade secrets. I understand that Waymo maintains this information as confidential. The public disclosure of this information would cause significant competitive harm to Waymo, as its security measures and computer forensics methods would become known to competitors who could use such information to Waymo's disadvantage. Otto Trucking's Response further contains highly confidential and sensitive business information. The information Waymo seeks to seal regards confidential analysis of Waymo's business and competition. I understand that this confidential business information is maintained by Waymo as secret. The public disclosure of this information would give Waymo's competitors access to in-depth insight into—and analysis of—Waymo's business strategy for its autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed

1       4.     Exhibits 2-4, 8-9, 11, and 13-18, and 30 also contain email addresses and/or phone

2   numbers of Waymo employees and former employees involved in this case, the disclosure of which

3   would cause Waymo and those employees substantial harm due to the high public profile of this

4   litigation.

5       5.     Exhibits 2-4, 13, 16-18, 25, and 30 additionally contain highly sensitive information

6   that Waymo seeks to seal.  Specifically, those portions contain the domains that host Waymo's highly

7   confidential SVN repository and other computer systems.  Public disclosure of such information will

8   give bad actors seeking to hack Waymo's databases a target to attack.  Further, there is no public

9   purpose served by disclosing the precise web or IP address at which the servers reside.

10      6.     Exhibit 11 additionally contains, discusses, or refers to confidential details regarding

11  prototype development and testing of Kitty Hawk and/or related entities, which Waymo understands

12  are highly confidential to Kitty Hawk, and disclosure of such information would inflict serious and

13  irreparable damage to Kitty Hawk's business.  (*See* Dkt. 1115 ¶ 3.)

14      7.     Exhibit 17 additionally contains, references, and/or describes Waymo's confidential

15  technical information.  The information Waymo seeks to seal includes the confidential design and

16  functionality of Waymo's proprietary autonomous vehicle system, which Waymo maintains as secret.

17  I understand that these designs are maintained as secret by Waymo (Dkt. 25-47) and that the designs

18  are valuable to Waymo's business (Dkt. 25-31).  The public disclosure of this information would give

19  Waymo's competitors access to descriptions of the functionality or features of Waymo's autonomous

20  vehicle system.  If such information were made public, I understand that Waymo's competitive

21  standing would be significantly harmed.

22      8.     Waymo's request to seal is narrowly tailored to those portions of Otto Trucking's

23  Response and Exhibits 2-4, 8-19, 22, 25, 28, and 30 that merit sealing.  The request is consistent with

24  previous sealing requests granted by the Court.  (*See, e.g.*, Dkt. 1444.)

25

26

27

28

01980-00104/9556311.1

-3-                CASE No. 3:17-cv-00939-WHA

CORREDOR DECLARATION ISO DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL

1     I declare under penalty of perjury under the laws of the State of California and the United

2  States of America that the foregoing is true and correct, and that this declaration was executed in San

3  Francisco, California, on September 19, 2017.

4                            By */s/ Felipe Corredor*
                                     Felipe Corredor

5                                     Attorneys for WAYMO LLC

6

7

8                            **ATTESTATION**

9     In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

10  document has been obtained from Felipe Corredor.

11

12                             By: */s/ Charles K. Verhoeven*
                                  Charles K. Verhoeven

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28