Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendant
Otto Trucking LLC

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| Waymo LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF HAYES P. HYDE IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS MOTION TO EXCLUDE OTTO TRUCKING'S DAMAGES EXPERT JAMES MALACKOWSKI PURSUANT TO RULE 702 [DKT. 1606]**<br><br>Courtroom:    8<br>Judge:    Hon. William Alsup<br>Trial:    October 10, 2017 |

1    I, Hayes P. Hyde, declare as follows:

2    1. I am an attorney at the law firm of Goodwin Procter, LLP.  I make this declaration
3    based upon matters within my own personal knowledge and if called as a witness, I could and
4    would competently testify to the matters set forth herein. I make this declaration in support of
5    Plaintiff's Administrative Motion to File Under Seal Its Motion to Exclude Otto Trucking's
6    Damages Expert James Malackowski Pursuant to Rule 702 ("Motion"), and Exhibit 1 attached
7    thereto [Dkt. 1606].

8    2. I have reviewed the following documents and confirmed that only the portions
9    identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Motion | Portions highlighted in blue |
| Exhibit 1 to Waymo's Motion | Portions highlighted in blue |

17   3. The highlighted portions of the Motion include highly confidential, sensitive
18   business information relating to the terms of Otto Trucking's agreements, its corporate structure,
19   and sensitive financial and business information. This information is not publicly known, and its
20   confidentiality is strictly maintained. I understand that this information could be used by
21   competitors to Otto Trucking's detriment, including in the context of negotiating business deals. If
22   such information were made public, I understand Otto Trucking's competitive standing could be
23   significantly harmed.

24   4. I believe that at least portions of the Motion also contain references to highly
25   confidential sensitive financial and business information and highly confidential technical
26   information of co-defendants Uber and Ottomotto. I understand this information is not publicly
27   known, and its confidentiality is strictly maintained.  I further understand that co-defendant Uber
28   has filed or will file a supporting declaration regarding the sealing of the Motion.

ACTIVE/92679726.1                                    1

HYDE DECLARATION ISO WAYMO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL                                                      CASE NO. 3:17-CV-00939-WHA

5. The highlighted portions of Exhibit 1 include highly confidential, sensitive business information relating to negotiations of the terms of Otto Trucking's agreements, and its corporate structure. This information is not publicly known, and its confidentiality is strictly maintained. I understand that this information could be used by competitors to Otto Trucking's detriment, including in the context of negotiating business deals. If such information were made public, I understand Otto Trucking's competitive standing could be significantly harmed.

6. I also understand that the last sentence of the first paragraph of page 42 in Exhibit 1, following the sentence ending with footnote 299 contains a typographical error that will be corrected. I believe this information should remain under seal because the correct information is highly confidential, technical information and the typographical error would be confusing to the public if unsealed. I further understand that co-defendant Uber has filed or will file a supporting declaration regarding the sealing of the Motion.

7. I believe that at least portions of Exhibit 1 also contain references to highly confidential sensitive financial and business information of co-defendants Uber and Ottomotto. I understand that this information could be used by competitors to Uber's and Ottomotto's detriment, including in the context of negotiating business deals. If such information were made public, I understand Uber's and Ottomotto's competitive standing could be significantly harmed.

8. Defendant's request to seal is narrowly tailored to those portions of the Motion and Exhibit 1 that merit sealing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 20th day of September, 2017 in San Francisco, California.

/s/ Hayes P. Hyde
Hayes P. Hyde

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on September 20, 2017. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 20th day of September 2017.

/s/ Hayes P. Hyde
Hayes P. Hyde