QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF FELIPE CORREDOR IN SUPPORT OF DEFENDANT OTTO TRUCKING'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION IN LIMINE TO EXCLUDE TESTIMONY OF MR. BROWN AND MR. GUDJONSSON REGARDING PROTECTIONS OF WAYMO'S ALLEGED TRADE SECRETS** |

I, Felipe Corredor, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Defendant Otto Trucking's Administrative Motion to File Under Seal Portions of Its Motion in Limine to Exclude Testimony of Mr. Brown and Mr. Gudjonsson Regarding Protections of Waymo's Alleged Trade Secrets (the "Administrative Motion"). The Administrative Motion seeks an order sealing highlighted portions of Otto Trucking's Brown and Gudjonsson Motion ("Otto Trucking's Motion") and of Exhibits 9-10 and 13-14 to the Vu Declaration, as well as the entirety of Exhibits 1-8, 12, 15-20, and 23 thereto.

3. Exhibits 1, 3, 7, 9, and 12 (green highlighted portions in versions filed herewith), Exhibit 13 (red and green highlighted portions in version filed herewith), Exhibit 14 (red highlighted portions), and Exhibits 18-19 and 23 (green highlighted portions in version filed herewith), as well as the entirety of Exhibits 5-6, 8, and 20 contain, reference, and/or describe Waymo's highly confidential and sensitive business information. Such information includes details regarding Waymo's security measures and protocols, the scope of forensic investigations conducted (including the identity of non-public targets of those investigations), and detailed computer forensics regarding access to Waymo's trade secrets. I understand that Waymo maintains this information as confidential. The public disclosure of this information would cause significant competitive harm to Waymo, as its security measures and computer forensics methods would become known to competitors who could use such information to Waymo's disadvantage.

4. Otto Trucking's Motion (portions marked in red boxes in version filed herewith), Exhibit 10 (yellow highlighted portions), as well as Exhibits 8, 18-20, and 23, contain email addresses and/or phone numbers of Waymo employees and former employees involved in this case, the disclosure of which would cause Waymo and those employees substantial harm due to the high public profile of this litigation.

5. Exhibit 16 (green highlighted portions in version filed herewith), as well as Exhibits 9-10, 13, 19, and 23, contain highly sensitive information that Waymo seeks to seal. Specifically, those portions contain the domains that host Waymo's highly confidential SVN repository and other computer systems. Public disclosure of such information will give bad actors seeking to hack Waymo's databases a target to attack. Further, there is no public purpose served by disclosing the precise web or IP address at which the servers reside.

6. Exhibit 20 additionally contains, discusses, or refers to confidential details regarding prototype development and testing of Kitty Hawk and/or related entities, which Waymo understands are highly confidential to Kitty Hawk, and disclosure of such information would inflict serious and irreparable damage to Kitty Hawk's business. (*See* Dkt. 1115 ¶ 3.)

7. Exhibits 7 and 18 additionally contain, reference, and/or describe Waymo's confidential technical information. The information Waymo seeks to seal includes the confidential design and functionality of Waymo's proprietary autonomous vehicle system, which Waymo maintains as secret. I understand that these designs are maintained as secret by Waymo (Dkt. 25-47) and that the designs are valuable to Waymo's business (Dkt. 25-31). The public disclosure of this information would give Waymo's competitors access to descriptions of the functionality or features of Waymo's autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

8. Waymo's request to seal is narrowly tailored to those portions of Otto Trucking's Opposition and Exhibits 1, 3, 5-10, 12-14, 16, 18-19, 20, and 23 that merit sealing. The request is consistent with previous sealing requests granted by the Court. (*See, e.g.*, Dkt. 1444.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on September 20, 2017.

By */s/ Felipe Corredor*
Felipe Corredor
Attorneys for WAYMO LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Felipe Corredor.

By: */s/ Charles K. Verhoeven*
    Charles K. Verhoeven