# EXHIBIT 1

## UNREDACTED VERSION
## OF DOCUMENT
## SOUGHT TO BE SEALED

# EXHIBIT 1

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>           Plaintiff,<br><br>      vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>           Defendants. | CASE NO. 3:17-CV-00939-WHA<br><br>**PLAINTIFF WAYMO'S DISCLOSURE OF GARY BROWN PURSUANT TO FRCP 26(a)(2)(C)** |

Case No. 3:17-CV-00939-WHA

DISCLOSURE OF WITNESS PURSUANT TO FRCP 26(a)(2)(C)

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1    Pursuant to Fed. R. Civ. P. 26(a)(2)(C), Plaintiff Waymo LLC hereby discloses Gary

2   Brown as a potential expert witness for trial.  As explained in Waymo's List of Opinions and

3   Testimony Depending on Specialized Knowledge for Cases-in-Chief at Trial (Dkt. 770) and

4   Waymo's List of Issues on Which It Will Present Expert Testimony During Its Case-in Chief at

5   Trial, Waymo does not expect Mr. Brown to offer opinion testimony at this time, but rather will

6   testify to the forensic investigation, and the conclusions drawn from that investigation, as

7   disclosed in his March 9, 2017 Declaration.  In an abundance of caution, and to the extent the

8   Court deems Mr. Brown's testimony at trial as opinion testimony, Waymo hereby submits this

9   disclosure pursuant to Rule 26(a)(2)(C).

10  **Witness:**

11      Gary Brown
        Security Engineer, Google
12      111 8th Ave.
        New York, NY 10011
13

14  **Subject Matter:**

15      Pursuant to Fed. R. Civ. P. 26(a)(2)(C)(i), Waymo expects Mr. Brown to present evidence

16  at trial concerning the forensic investigation into Anthony Levandowski, Sameer Kshirsagar and

17  Radu Raduta, and the conclusions drawn from the results of the forensic investigation.   In

18  presenting this evidence to the jury, Mr. Brown is expected to rely on his professional experience

19  and expertise, and the materials he generated, reviewed and/or relied on during the course of the

20  forensic investigation, including but not limited to log materials produced at WAYMO-UBER-

21  00000648-944.

22      Mr. Brown is expected to testify as to the analysis of Google's networks and hardware,

23  including but not limited to two laptops issued to Anthony Levandowski, as well as various sets of

24  log data and machine analyses concerning Mr. Levandowski's download of more than 14,000 files

25  and trade-secret Google Drive documents, subsequent reformatting and erasure of the computer

26  used to perform those downloads, subsequent insertion and removal of a USB card-reader and

27  related activities.  In the course of this testimony, Mr. Brown may discuss his experience and

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1    familiarity with various log sources, data sources, and security investigation tools, including but

2    not limited to: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

3    Waymo expects Mr. Brown to testify consistent with his March 9, 2017 Declaration in Support of

4    Waymo's Motion for Preliminary Injunction (Dkt. 24-2); March 24, 2017 deposition; and August

5    8, 2017 deposition, and hereby incorporates those materials by reference, including all exhibits

6    and/or documents attached thereto or referenced therein.

7    **Summary of Facts:**

8         Pursuant to Fed. R. Civ. P. 26(a)(2)(C)(ii), Waymo also provides the below summary of

9    facts to which Waymo expects Mr. Brown may testify at trial:

10        Mr. Brown may testify as to his own credentials as a Security Engineer and digital

11   forensics expert.  Mr. Brown holds an M.S. in Enterprise Computing and a B.S. in Cybersecurity

12   from the Stevens Institute of Technology.  Prior to his work at Google, Mr. Brown built and

13   investigated signals that could be used to identify malicious activity as an Intrusion Analyst at the

14   Federal Reserve.  In his current position as a Security Engineer in Forensics at Google, Mr.

15   Brown's role is to gather evidence from logs and hosts to confirm or refute suspected compromise

16   or abuse.  Mr. Brown may explain the nature and purpose of his work at Google, and describe how

17   it is informed by his background and education.

18        Mr. Brown may further testify about the resources he uses to perform a forensic

19   investigation.  Specifically, Mr. Brown may explain that ▉▉▉▉▉▉▉▉▉▉▉▉▉

20   ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

21   ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

22   ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

23   ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

24   ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

25        Mr. Brown also may testify that when performing a forensic investigation, he has access to

26   information related to device hosts from multiple sources.  Mr. Brown may explain that he gleans

27   information about hosts and their hardware through ▉▉▉▉▉▉▉▉▉▉▉▉▉▉

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7    Mr. Brown may also testify about the logged interactions that he reviews when performing

8  a forensic investigation.  Mr. Brown may describe the logs he reviewed during his investigation,

9  which included:

10

11

12

13

14

15

16

17

18    .

19    Mr. Brown may also testify that

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1    Mr. Brown may also testify about how he used the resources and information at his

2 disposal to perform his forensic investigation of Anthony Levandowski, Sameer Kshirsagar and

3 Radu Raduta.  Mr. Brown may identify the devices issued by Google to Anthony Levandowski by

4 their unique identifiers, including their asset tags, MAC addresses, and fingerprints, and describe

5 the metadata and logged information associated with those devices.  Mr. Brown may explain that

6 based on his review of ▇▇▇▇▇▇ an installed Windows operating system on the

7 Levandowski work laptop made no check-ins to ▇▇ between March 2, 2015 and November 25,

8 2015, despite the ▇▇▇▇ being configured to do so every 15 minutes when an internet

9 connection is present.  Mr. Brown may explain that based on his review of Google corporate

10 network logs, the Levandowski work laptop's network interfaces appeared on the Google network

11 a total of three times between March 2, 2015 and November 25, 2015:  for a period of

12 approximately two hours on October 22, 2015, approximately two hours on November 20, 2015,

13 and then briefly on November 25, 2015.  Mr. Brown may testify that, based on his review of ▇▇

14 ▇▇▇▇▇▇▇, the Windows operating system on the Levandowski work laptop was

15 re-installed on November 26, 2015.

16    Mr. Brown may also testify about the searches Levandowski conducted, and the

17 repositories Levandowski accessed in December 2015.  Mr. Brown may explain that based on his

18 review of ▇▇▇▇▇▇ the Levandowski work laptop searched for the strings "chauffeur

19 svn login" and "chauffeur svn eee setup" on December 3, 2015.  Mr. Brown may explain that

20 "Chauffeur" was the name of Google's self-driving car project, and "SVN" refers to a repository

21 used by that project which contains Waymo's design files, schematics and other confidential

22 information.  Mr. Brown may further explain that based on his review of logs of Google corporate

23 network traffic and Bit9 log data, the Levandowski work laptop downloaded and installed

24 TortoiseSVN, which is software that can access the self-driving car project's SVN repository, on

25 December 11, 2015.  Mr. Brown may additionally explain that based on his review of logs from

26 the SVN repository and of Google corporate network traffic, the Levandowski work laptop then

27

28

DISCLOSURE OF WITNESS PURSUANT TO FRCP 26(a)(2)(C)

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1    downloaded over 14,000 files from the SVN repository, also on December 11, 2015, totaling 9.7

2    GBs of data, including 2 GBs from LiDAR subdirectories.

3           Mr. Brown may also testify that based on his review of Bit9 log data, a Transcend RDF5

4    USB 3.0 card reader was attached to the Levandowski work laptop for a period of approximately

5    eight hours on December 14, 2015.  Mr. Brown may further testify that his review of � ▉

6    ▉▉▉▉▉▉▉▉▉  and a timeline of the hard drive of the Levandowski work laptop, the

7    Levandowski work laptop was reformatted from a Windows operating system to a Linux operating

8    system (Goobuntu, Google's custom version of Ubuntu Linux) on December 18, 2015.

9           Mr. Brown may also testify about the Levandowski work laptop's connection to Google's

10   network.  Mr. Brown may explain that based on his review of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉

11   ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉  the Levandowski work laptop

12   maintained a consistent connection on Google's network from the time of reformat on December

13   18th through its last check-in to ▉▉▉▉▉▉▉▉▉▉▉▉▉  on December 21,

14   2015; and that the final appearance of the Levandowski work laptop on Google's corporate

15   network occurred approximately one minute after it obtained the machine certificate on December

16   21, 2015.  Mr. Brown may describe how from that point on, there was no further appearance of the

17   Levandowski work laptop on Google's corporate network, nor any check-ins to ▉▉▉ despite the

18   ▉▉▉▉▉  being configured to check-in every 15 minutes when an internet connection was

19   present.

20          Mr. Brown may additionally testify that based on his review of Google Drive log data, the

21   GALA ID assigned to Levandowski exported six documents to a personal device in January 2016.

22   Mr. Brown may describe those documents.

23          Mr. Brown also may testify about the devices issued by Google to Sameer Kshirsagar and

24   Radu Raduta.  Mr. Brown may identify those devices by their unique identifiers, and describe the

25   metadata and logged information associated with those devices.  Mr. Brown may testify that based

26   on his review of Google Drive log data, Kshirsagar exported five documents from Google Drive in

27   June and July 2016.  Mr. Brown may describe those documents.  Mr. Brown may testify that based

28

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1   on his review of Google Drive log data, Raduta exported three documents from Google Drive in

2   July 2016.  Mr. Brown may describe those documents.

3         Mr. Brown may also testify that, based on the surrounding circumstances and

4   Levandowski's prior network activity patterns, he concluded that Levandowski's network activity

5   in December 2015 and January 2016 was unusual and suspicious.  Mr. Brown also may testify that

6   it was unusual for an employee to reformat the operating system on his or her device.  Mr. Brown

7   may also testify that the timing of the foreign device attachment to the Levandowski laptop

8   indicates to him that files were downloaded to the foreign device.  Mr. Brown may further testify

9   that his conclusion, based on several points of data related to Levandowski's devices and digital

10   footprint, is that of a malicious act or acts.

11

12   DATED: August 24, 2017           QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP

13

14

15                                     By */s/ Charles Verhoeven*

16                                         Charles K. Verhoeven
                                      Attorneys for WAYMO LLC

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that I caused a true and correct copy of the foregoing to be served by

3 electronic mail upon the following:

4

| Recipient | Email Address: |
|---|---|
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105 | UberWaymoMoFoAttorneys@mofo.com |
| Michelle Ching Youn Yang<br>MORRISON FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006 | |
| Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304 | |
| Wendy Joy Ray<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017 | |
| Michael Darron Jay<br>BOIES SCHILLER & FLEXNER LLP<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401 | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| Meredith Richardson Dearborn<br>BOIES SCHILLER FLEXNER LLP<br>435 Tasso Street<br>Suite 205<br>Palo Alto, CA 94301 | |
| Hamish Hume<br>Jessica E Phillips<br>Karen Leah Dunn<br>Kyle N. Smith<br>Martha Lea Goodman<br>BOIES SCHILLER FLEXNER | |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:17-CV-00939-WHA

DISCLOSURE OF WITNESS PURSUANT TO FRCP 26(a)(2)(C)

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

LLP
1401 New York Ave., NW
Washington, DC 20005
I. Neel Chatterjee (SBN 173985)
GOODWIN PROCTER LLP                    DG-GPOttoTruckingWaymo@goodwinlaw.com
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: +1 650 752 3100
Fax: +1 650 853 1038

Brett M. Schuman (SBN 189247)
Shane Brun (SBN 179079)
Rachel M. Walsh (SBN 250568)
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2017, in San Francisco, California.

 */s/ Jeff Nardinelli*
_____
Jeff Nardinelli
Attorney for Waymo LLC

DISCLOSURE OF WITNESS PURSUANT TO FRCP 26(a)(2)(C)