# *E*XHIBIT *12*

*UNREDACTED VERSION*
*OF DOCUMENT*
*SOUGHT TO BE SEALED*

# *E*XHIBIT *12*

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
1                UNITED STATES DISTRICT COURT
2              NORTHERN DISTRICT OF CALIFORNIA
3                   SAN FRANCISCO DIVISION
4                          --oOo--
5    WAYMO LLC,
6                  Plaintiff,
                                        Case
7    vs.                        No. 3:17-cv-00939-WHA
8    UBER TECHNOLOGIES, INC.;
     OTTOMOTTO LLC; OTTO TRUCKING LLC,
9
                   Defendants.
10   _____/
11
12      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
13
14      VIDEOTAPED 30(b)(6) DEPOSITION OF GARY BROWN
15                        VOLUME II
16             WEDNESDAY, SEPTEMBER 6, 2017
17
18
19
20   Reported by:
21   Anrae Wimberley
22   CSR No. 7778
23   Job No.  2693569
24
25   Pages 306 - 534
```

Page 306

| | | |
|---|---|---|
| 1 | this deposition. | 10:18:54 |
| 2 | Is that clear? | 10:18:55 |
| 3 | THE WITNESS: Yes. | 10:18:56 |
| 4 | MR. BAKER: Okay. | 10:18:57 |
| 5 | THE WITNESS: Jack provided details, like | 10:19:03 |
| 6 | Subversion retention, how it was 52 weeks and was | 10:19:10 |
| 7 | currently indefinite. I think that was -- that's the | 10:19:22 |
| 8 | only thing that comes to mind that I had asked him | 10:19:24 |
| 9 | about in preparation. There may have been others. | 10:19:28 |
| 10 | And to that I would reference my previous deposition | 10:19:34 |
| 11 | where my response would be discussions with Jack | 10:19:37 |
| 12 | Brown. | 10:19:39 |
| 13 | BY MS. GOODMAN: | 10:19:39 |
| 14 | Q. So if I understand your testimony, you're | 10:19:42 |
| 15 | saying that Mr. Brown told you the SVN system logs are | 10:19:48 |
| 16 | retained for 52 weeks; correct? | 10:19:51 |
| 17 | A. They were. | 10:19:52 |
| 18 | Q. And for what period of time were the SVN logs | 10:19:56 |
| 19 | retained for 52 weeks? | 10:19:59 |
| 20 | A. That part was unclear. And then I was shown | 10:20:03 |
| 21 | an e-mail from Jeff Nardinelli that specified specific | 10:20:09 |
| 22 | dates and retention lengths based on those dates. | 10:20:13 |
| 23 | Q. And do you recall what that e-mail said, as | 10:20:16 |
| 24 | to retention dates? | 10:20:20 |
| 25 | A. I can give a pretty definite ballpark right | 10:20:25 |

Page 323

| | | |
|---|---|---|
| 1 | now.  If you have that on hand, I will -- up to you. | 10:20:31 |
| 2 | Q.   What's the pretty decent ballpark that you | 10:20:34 |
| 3 | can give right now? | 10:20:36 |
| 4 | A.   I believe the initial pull of Anthony | 10:20:39 |
| 5 | Levandowski ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ was done | 10:20:44 |
| 6 | for a period of September 19th, 2015 through September | 10:20:51 |
| 7 | 19th, 2016.  I believe that's the date.  And then the | 10:20:56 |
| 8 | second date that comes to mind is there was an | 10:20:59 |
| 9 | additional request, March 27th, I think -- and, again, | 10:21:06 |
| 10 | I defer to the e-mail that I was shown in the last | 10:21:08 |
| 11 | deposition, if I'm mistaken -- at which point | 10:21:13 |
| 12 | indefinite retention was attempted.  But due to a | 10:21:17 |
| 13 | glitch that was discovered sometime in the middle of | 10:21:20 |
| 14 | May, there is an outage for a period of March 27th, | 10:21:28 |
| 15 | 2017 through, I think, a date in May 2017.  But, | 10:21:32 |
| 16 | again, I defer to the e-mail. | 10:21:34 |
| 17 | Q.   So you said that the log data was pulled for | 10:21:41 |
| 18 | Anthony Levandowski ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is that | 10:21:44 |
| 19 | correct? | 10:21:44 |
| 20 | A.   That is correct. | 10:21:45 |
| 21 | Q.   And the log data showed activity -- the log | 10:21:50 |
| 22 | data pulled ▓▓▓▓▓▓▓▓▓▓▓ showed activity dated | 10:21:54 |
| 23 | between September 19, 2015 and September 19, 2016; | 10:21:59 |
| 24 | correct? | 10:21:59 |
| 25 | A.   I believe that is correct. | 10:22:00 |

Page 324

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1        MR. BAKER:  Objection to form.                      13:33:57
 2        THE WITNESS:  I don't recall.                       13:33:59
 3   BY MS. GOODMAN:                                          13:33:59
 4        Q.   Did anybody ever tell you that the contents    13:34:05
 5   of the SVN repository were second-class citizens?        13:34:09
 6        MR. BAKER:  Objection to form.                      13:34:10
 7        THE WITNESS:  I don't think I've ever heard that.   13:34:32
 8   BY MS. GOODMAN:                                          13:34:32
 9        Q.   Did anybody ever tell you that engineers       13:34:35
10   routinely check out -- download the entire content of    13:34:39
11   the SVN repository in their normal course of work?       13:34:43
12        MR. BAKER:  Objection to form.                      13:34:51
13        THE WITNESS:  I don't think so.  And the only       13:34:53
14   thing that comes to mind is I feel like -- I think in    13:35:00
15   the last deposition, it was mentioned on the page that   13:35:05
16   I was shown for the Chauffeur Subversion instructions    13:35:11
17   that if those instructions were followed, it would       13:35:14
18   check out the entire repository.  But I don't think I    13:35:22
19   heard that outside of these depositions.                 13:35:26
20   BY MS. GOODMAN:                                          13:35:26
21        Q.   And I think you said at your last deposition   13:35:37
22   that if you had known that at the time of reaching       13:35:41
23   your conclusions about Anthony's download, it wouldn't   13:35:46
24   have changed your conclusion that it was suspicious      13:35:49
25   behavior; is that right?                                 13:35:51
```

Page 414

```
 1   prior deposition.                                         18:24:09
 2         THE WITNESS:  I may have a privilege question.  Or  18:24:20
 3   is all this --                                            18:24:22
 4         MR. BAKER:  We can talk about it.                   18:24:25
 5         MS. GOODMAN:  Going off the record.                 18:24:26
 6         THE VIDEOGRAPHER:  Going off the record.  The time  18:24:27
 7   is 6:24 p.m.                                              18:24:29
 8             (Recess taken.)                                 18:26:22
 9         THE VIDEOGRAPHER:  Back on the record.  The time    18:26:25
10   is 6:26 p.m.                                              18:26:26
11   BY MS. GOODMAN:                                           18:26:26
12      Q.   Mr. Brown, can you please describe for me         18:26:29
13   everything you have done since your prior deposition      18:26:34
14   to analyze Mr. Levandowski's computer usage behavior.     18:26:41
15      A.   There was a -- I think a production request       18:26:49
16   for -- recently for Drive downloads for, I think, 39      18:26:54
17   users or so.  And I included Anthony Levandowski in       18:27:01
18   that because, as we discussed in the previous             18:27:09
19   deposition, there was an additional identifier that we    18:27:14
20   didn't take into account for the originals.               18:27:18
21             That is the word "secureSC" in the URL.  So     18:27:24
22   including that in this pass is what I did for his         18:27:33
23   Drive download activity.  And then I searched through     18:27:39
24   the Bit9 logs that had been produced for Workstations     18:27:45
25   beginning with "anthonyl" and could find no presence      18:27:53
```

| | | |
|---|---|---|
| 1 | searching ▓▓▓▓ for the term "anthonyl," which I | 19:29:09 |
| 2 | believe is what Aaron did here, and no MacBook was | 19:29:13 |
| 3 | returned. | 19:29:13 |
| 4 | And also common instances where things show | 19:29:19 |
| 5 | up as being used by, but not owned by, could be | 19:29:23 |
| 6 | indicative of shared machines.  And MacBooks are not | 19:29:26 |
| 7 | typically -- I can't think of any instances where | 19:29:29 |
| 8 | MacBooks are shared machines.  It's typically things | 19:29:33 |
| 9 | like lab machines that will be shared. | 19:29:41 |
| 10 | BY MS. GOODMAN: | 19:29:41 |
| 11 | Q.   So are you a thousand percent sure that | 19:29:44 |
| 12 | Mr. Levandowski was not issued a MacBook by Google? | 19:29:48 |
| 13 | A.   Yes. | 19:29:48 |
| 14 | Q.   Looking at 2237, Mr. Rizk is writing to you | 19:29:57 |
| 15 | on February 6th.  "I don't think we've examined it, | 19:30:06 |
| 16 | but we" -- sorry.  Strike that. | 19:30:09 |
| 17 | He's writing to you, "Can you check on | 19:30:12 |
| 18 | whether Anthony's Workstation was taken out of | 19:30:15 |
| 19 | circulation?" | 19:30:16 |
| 20 | Do you see that? | 19:30:17 |
| 21 | A.   Yes. | 19:30:17 |
| 22 | Q.   And you recall that Mr. Levandowski's | 19:30:20 |
| 23 | Workstation was reissued to somebody -- | 19:30:24 |
| 24 | A.   Yes. | 19:30:24 |
| 25 | Q.   -- in February 2016. | 19:30:27 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | A. (Witness nods head affirmatively.) | 19:30:27 |
| 2 | Q. That's "yes"? | 19:30:29 |
| 3 | A. Yes. Sorry. | 19:30:31 |
| 4 | Q. Has anything been collected from that | 19:30:34 |
| 5 | Workstation? | 19:30:35 |
| 6 | A. What do you mean? | 19:30:39 |
| 7 | Q. Has any examination of that Workstation been | 19:30:46 |
| 8 | done with respect to Mr. Levandowski? | 19:30:49 |
| 9 | A. Not that I know of. Because it would have | 19:30:53 |
| 10 | been -- as I say here, it was cleaned and reimaged by | 19:30:59 |
| 11 | the 18th of February 2016. And I believe it was | 19:31:02 |
| 12 | redeployed sometime in the following week. So not | 19:31:08 |
| 13 | only would the contents of it be gone, but it is now | 19:31:12 |
| 14 | in active use -- was in active use by another | 19:31:14 |
| 15 | employee. | 19:31:15 |
| 16 | Q. And nobody asked you to go to that active | 19:31:17 |
| 17 | employee and take the machine back; is that right? | 19:31:21 |
| 18 | A. It wouldn't have made sense. | 19:31:24 |
| 19 | Q. But nobody asked you to do that? | 19:31:27 |
| 20 | A. No. | 19:31:27 |
| 21 | Q. So nothing was collected from that machine as | 19:31:31 |
| 22 | part of an investigation into Mr. Levandowski? | 19:31:34 |
| 23 | A. That is correct because it had been reimaged | 19:31:37 |
| 24 | and redeployed. | 19:31:40 |
| 25 | Q. You can put that one aside. | 19:31:46 |

Page 469

| | | |
|---|---|---|
| 1 | this e-mail about the SVN log data and retention of | 21:45:20 |
| 2 | information is accurate information? | 21:45:24 |
| 3 | A.  Yes. | 21:45:24 |
| 4 | Q.  Did you do any investigation to determine | 21:45:28 |
| 5 | whether, in fact, the statements in here were accurate | 21:45:31 |
| 6 | or not? | 21:45:32 |
| 7 | A.  As I've said multiple times before, I do not | 21:45:36 |
| 8 | have access to the Subversion server.  I did none of | 21:45:42 |
| 9 | the pulls in question.  So it would not be reasonably | 21:45:47 |
| 10 | feasible for me to investigate and confirm the | 21:45:55 |
| 11 | veracity of this e-mail, but I trust our lawyers. | 21:46:01 |
| 12 | Q.  Did you ask Mr. Brown about the accuracy of | 21:46:05 |
| 13 | the statements in this e-mail? | 21:46:07 |
| 14 | MR. BAKER:  He is Mr. Brown. | 21:46:09 |
| 15 | BY MR. CHATTERJEE: | 21:46:09 |
| 16 | Q.  I'm sorry.  Jack Brown. | 21:46:10 |
| 17 | Did you ask Mr. Jack Brown about the accuracy | 21:46:14 |
| 18 | of the statements in this e-mail? | 21:46:15 |
| 19 | A.  I have not spoken to Jack Brown since this | 21:46:18 |
| 20 | e-mail has been made available to me. | 21:46:20 |
| 21 | Q.  Did you talk to Mr. Zbrozek about the | 21:46:22 |
| 22 | accuracy of the statements in this e-mail? | 21:46:25 |
| 23 | A.  I have not talked to Mr. Zbrozek since before | 21:46:27 |
| 24 | this e-mail was made available to me. | 21:46:29 |
| 25 | MR. CHATTERJEE:  Thank you. | 21:46:29 |

Page 532

```
 1         FEDERAL CERTIFICATE OF DEPOSITION OFFICER
 2         I, ANRAE WIMBERLEY, CSR NO. 7778, do hereby
   declare:
 3         That, prior to being examined, the witness named
   in the foregoing deposition was by me duly sworn
 4 pursuant to Section 30(f)(1) of the Federal Rules of
   Civil Procedure and the deposition is a true record of
 5 the testimony given by the witness;
           That said deposition was taken down by me in
 6 shorthand at the time and place therein named and
   thereafter reduced to text under my direction;
 7      -----   That the witness was requested to
 8 review the transcript and make any changes to the
   transcript as a result of that review pursuant to
 9 Section 30(e) of the Federal Rules of Civil Procedure;
        -----   No changes have been provided by the
10 witness during the period allowed;
11      -----   The changes made by the witness are
12 appended to the transcript;
        --X---   No request was made that the transcript
13 be reviewed pursuant to Section 30(e) of the Federal
14 Rules of Civil Procedure.
           I further declare that I have no interest in the
15 event of the action.
           I declare under penalty of perjury under the laws
16
17 of the United States of America that the foregoing is
   true and correct.
18         WITNESS my hand this 7th day of September, 2017.
19
20
21
22
23
24
25    ANRAE WIMBERLEY, CSR NO. 7778
```

*[Signature: Anrae Wimberley]*

Page 534