MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:	415.268.7000
Facsimile:	415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:	202.237.2727
Facsimile:	202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019-6023
Telephone:	212.336.8330
Facsimile:	202.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | Case No. 3:17-cv-00939-WHA |
| Plaintiff, | |
| v. | **SPECIAL VERDICT FORM** |
| UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, | Judge:   The Honorable William Alsup |
| Defendants. | Trial Date: October 10, 2017 |

We, the jury in the above-entitled action, find the following Special Verdict on the questions submitted to us.

**I.     MISAPPROPRIATION OF TRADE SECRETS**

1. Has Waymo proven that, at the time of the alleged misappropriation, the items identified below were neither publicly known nor readily ascertainable through proper means by those with relevant skills or training in this area?

- ▮▮▮▮▮▮▮▮▮▮

    Yes ____     No ____

- ▮▮▮▮▮▮

    Yes ____     No ____

- ▮▮▮▮

    Yes ____     No ____

- ▮▮

    Yes ____     No ____

- ▮▮▮

    Yes ____     No ____

- ▮▮▮▮

    Yes ____     No ____

- ▮▮▮▮▮▮▮

    Yes ____     No ____

- ▮▮▮▮▮▮▮▮▮▮▮

    Yes ____     No ____

- ▮▮▮▮▮▮▮▮

    Yes ____     No ____

*If you answered "No" for all items, please skip to question No. 13.  If you answered "Yes" for any item, please answer No. 2 only for any item for which you answered "Yes."*

2. Has Waymo proven that, at the time of the alleged of misappropriation, the item was subject to reasonable efforts on the part of Google (or Waymo) to keep it a secret?

- ███████████████████████

  Yes ____    No ____

- ███████████████

  Yes ____    No ____

- ███████████

  Yes ____    No ____

- ████

  Yes ____    No ____

- ██████

  Yes ____    No ____

- █████████

  Yes ____    No ____

- ████████████████

  Yes ____    No ____

- ███████████████████████████

  Yes ____    No ____

- ████████████████████

  Yes ____    No ____

*If you answered "Yes" for any item, please answer No. 3 only for any item for which you answered "Yes." If you don't answer "Yes" for any item, please skip to question No. 13.*

3.  Has Waymo proven that, at the time of the alleged of misappropriation, the item had independent economic value by virtue of being kept secret?

- ███████████████████████

    Yes ____    No ____

- ███████████

    Yes ____    No ____

- █████████████

    Yes ____    No ____

- ██████

    Yes ____    No ____

- ████████

    Yes ____    No ____

- ████████████

    Yes ____    No ____

- ███████████████████

    Yes ____    No ____

- ██████████████████████████

    Yes ____    No ____

- ███████████████████████

    Yes ____    No ____

*If you answered "Yes" for any item, please answer No. 4 <u>only</u> for any item for which you answered "Yes." If you don't answer "Yes" for any item, please skip to question No. 13.*

4. For each item(s) for which you answered "Yes" in question No. 3, has Waymo proven that the item related to a product or service used in, or intended for use in, interstate or foreign commerce?

- ███████████████

    Yes ____   No ____

- ████████

    Yes ____   No ____

- ██████

    Yes ____   No ____

- ███

    Yes ____   No ____

- ████

    Yes ____   No ____

- ██████

    Yes ____   No ____

- ███████████

    Yes ____   No ____

- ████████████████

    Yes ____   No ____

- █████████████

    Yes ____   No ____

5. Has Waymo proven that the defendants, addressed separately, improperly acquired one or more of the item(s) for which you answered "Yes" in question No. 3? If you answer "Yes," please identify which item.[1]

    Uber Technologies, Inc.   Yes ____   No ____

    Item(s):_____

---

[1] Uber reserves the right to withdraw this and all other proposed jury verdict form questions and jury instructions on acquisition.

|   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|
|   | Ottomotto, LLC | Yes | ___ | No | ___ |   |
|   | Item(s): _____ |   |   |   |   |   |
|   | Otto Trucking, LLC | Yes | ___ | No | ___ |   |
|   | Item(s): _____ |   |   |   |   |   |

*If you answered "Yes" for any defendant, please answer No. 6 <u>only</u> for the defendant(s) for whom you answered "Yes." If you answered "No" for all defendants, please skip to question No. 13.*

6. Has Waymo proven that it is more likely than not that the defendants knew or had reason to know that it acquired one or more of the item(s) for which you answered "Yes" in question No. 5 by improper means? If you answer "Yes," please identify which item.

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| Uber Technologies, Inc. | Yes | ___ | No | ___ |   |
| Item(s):_____ |   |   |   |   |   |
| Ottomotto, LLC | Yes | ___ | No | ___ |   |
| Item(s): _____ |   |   |   |   |   |
| Otto Trucking, LLC | Yes | ___ | No | ___ |   |
| Item(s): _____ |   |   |   |   |   |

7. Has Waymo proven that it is more likely than not that the defendant improperly used one or more of the item(s) for which you answered "Yes" in question No. 3? If you answer "Yes," please identify which item.

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| Uber Technologies, Inc. | Yes | ___ | No | ___ |   |
| Item(s):_____ |   |   |   |   |   |
| Ottomotto, LLC | Yes | ___ | No | ___ |   |
| Item(s): _____ |   |   |   |   |   |
| Otto Trucking, LLC | Yes | ___ | No | ___ |   |
| Item(s): _____ |   |   |   |   |   |

*If you answered "Yes" for any defendant, please answer No. 8 <u>only</u> for the defendant(s)*

8. Has Waymo proven that, at the time of use of one or more of the item(s) for which you answered "Yes" in question No. 7, that the defendants had either acquired them by improper means or knew or had reason to know that they came from Anthony Levandowski and he had acquired them by improper means?  If you answer "Yes," please identify which item.

    Uber Technologies, Inc.    Yes  ____   No  ____

    Item(s):_____

    Ottomotto, LLC    Yes  ____   No  ____

    Item(s):_____

    Otto Trucking, LLC    Yes  ____   No  ____

    Item(s):_____

*If you answered "Yes" for any defendant, please answer No. 9 only for the defendant(s) for whom you answered "Yes."  If you answered "No" for all defendants, please skip to question No. 13.*

9. If you answered "Yes" to Uber, Ottomoto and/or Otto Trucking in question No. 8, has Waymo proven that Uber, Ottomoto and/or Otto Trucking's misappropriation was a substantial factor in causing Uber, Ottomoto and/or Otto Trucking to be unjustly enriched?

    Yes ____    No ____

*If you answered "Yes," please answer No. 10.  If you answered "No," please skip No. 10 and 11.*

10. For each item for which you answered "Yes" in question No. 3, what is the amount that Waymo should recover for Uber, Ottomotto and/or Otto Trucking's unjust enrichment?  You must only include any amounts of unjust enrichment that Waymo has proven are more likely than not.

- ■■■■■■■■■■■■■■■    $_____
- ■■■■■■■■■■■    $_____
- ■■■■■■■■■■■■■■■■■    $_____
- ■■■■■■■■■■■    $_____
- ■■■■■■■■■■■■■    $_____
- ■■■■■■■■■■■■■■■    $_____
- ■■■■■■■■■■■■■■■■■    $_____
- ■■■■■■■■■■■■■■■■■■■    $_____
- ■■■■■■■    $_____

TOTAL    $_____

*If you entered an amount for any item, please answer No. 11.  If you did not enter an amount for any items, please skip to No. 12.*

11. Do the amounts that you entered in No. 10 include any amount by which Uber, Ottomotto, and/or Otto Trucking will be unjustly enriched in the future?

      Yes ____    No ____

12. For each item for which you answered "Yes" in question No. 3, has Waymo proven by clear and convincing evidence that each defendant(s) misappropriation was willful and malicious?

| | | |
|---|---|---|
| Uber Technologies, Inc. | Yes ____ | No ____ |
| Ottomotto, LLC | Yes ____ | No ____ |
| Otto Trucking, LLC | Yes ____ | No ____ |

13. Have defendants proven that Waymo brought any of its claims against Uber, Ottomotto and/or Otto Trucking in bad faith, including any of Waymo's claims that Waymo originally alleged but did not take to trial?

| | | |
|---|---|---|
| Uber Technologies, Inc. | Yes ____ | No ____ |
| Ottomotto, LLC | Yes ____ | No ____ |
| Otto Trucking, LLC | Yes ____ | No ____ |

## II.  DEFENDANTS' AFFIRMATIVE DEFENSES

### A.  Unclean Hands

14. Is it more likely than not that Waymo violated a duty of good faith or acted unconscionably in connection with the events for which Waymo seeks to recover?

      Yes ____    No ____

*If you answered "Yes," please answer No. 15.  If you answered "No," please go to No. 16.*

15. By what amount should Waymo's recovery be reduced because of Waymo's unclean hands?

      $_____

### B.  Mitigation of Damages

16. Is it more likely than not that Waymo could have avoided any of its damages with reasonable efforts or expenditures?

      Yes ____    No ____

*If you answered "Yes," please answer No. 17.  If you answered "No," please sign and date this form.*

17. What amount of damages could Waymo have avoided with reasonable efforts or expenditures?

      $_____

The Foreperson must sign and date below and return this Special Verdict to the Court Clerk.

Dated: _____       _____

FOREPERSON