# APPENDIX B

# REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Charles K. Verhoeven (Bar No. 170151)
2     charlesverhoeven@quinnemanuel.com
      David A. Perlson (Bar No. 209502)
3     davidperlson@quinnemanuel.com
      Melissa Baily (Bar No. 237649)
4     melissabaily@quinnemanuel.com
      John Neukom (Bar No. 275887)
5     johnneukom@quinnemanuel.com
      Jordan Jaffe (Bar No. 254886)
6     jordanjaffe@quinnemanuel.com
    50 California Street, 22nd Floor
7   San Francisco, California 94111-4788
    Telephone:    (415) 875-6600
8   Facsimile:    (415) 875-6700

9   Attorneys for WAYMO LLC

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                       SAN FRANCISCO DIVISION

13   WAYMO LLC,                        CASE NO. 3:17-cv-00939

14              Plaintiff,             **PLAINTIFF WAYMO LLC'S RULE
                                       26(a)(3) WITNESS LIST**
15        vs.

16   UBER TECHNOLOGIES, INC.;
     OTTOMOTTO LLC; OTTO TRUCKING
17   LLC,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

Plaintiff Waymo LLC ("Waymo") hereby provides its witness list pursuant to Fed. R. Civ. P., 26(a)(3) and paragraphs 1 and 2(a) of the Guidelines for Trial and Final Pre-Trial Conference in Civil Jury Cases Before the Honorable William Alsup.

Waymo identifies the name and, if not previously provided, the address, telephone number, and anticipated testimony of each witness it may present at trial other than solely for impeachment — separately identifying those the party expects to present and those it may call if the need arises. Waymo further reserves the right to call any witness on any of Defendant's witness lists, further including any of the witnesses identified by Defendants or Waymo on any subjects identified by either Defendants or Waymo.

Waymo reserves the right to supplement this list based on discovery not yet taken in the case, including relating to the production of the Stroz report and other materials produced as a result of the Federal Circuit's dismissal of the appeals relating thereto.[1]

## I.    WITNESSES WAYMO WILL PRESENT AT TRIAL

| Name | Contact Information | Substance of Testimony |
|------|--------------------|-----------------------|
| John Bares | May be reached through counsel for Uber | Mr. Bares will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; acquisition of Otto; and Mr. Levandowski's employment milestones. |
| Gary Brown | May be reached through counsel for Waymo | Mr. Brown will provide non-cumulative testimony concerning Google/Waymo's forensic investigation into misappropriation of trade secrets, particularly analysis of log data and hardware; Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories, and computer networks, including but not limited to the SVN server.  Waymo further identifies |

---

[1]   Waymo's list includes witnesses who may be offered in rebuttal.

| | | |
|---|---|---|
| | | the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. |
| Dan Chu | May be reached through counsel for Waymo | Mr. Chu will provide non-cumulative testimony regarding matters that concern Waymo, including investment in, development of, and management of Waymo's self-driving cars and autonomous vehicle technology; the current and future nature of the relevant markets and competition in the relevant markets, and other issues related to irreparable harm and damages suffered by Waymo, Waymo's short-term and long-term business plans, Waymo's early rider program in Phoenix, Waymo's launch of its TaaS service, and Waymo's understanding of the TaaS market (including competition in that market and Waymo's competitive advantages). Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. |
| Dmitri Dolgov | May be reached through counsel for Waymo | Dr. Dolgov will provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and associated self-driving vehicle software development; the development of certain of Waymo's trade secrets, Waymo's engineering practices, and the Chauffeur Bonus Plan. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. |
| Pierre-Yves Droz | May be reached through counsel for Waymo | Mr. Droz will provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and the development of Waymo's trade secrets, time to develop Waymo's LIDAR designs and trade secrets, engineering practices of Waymo and the LIDAR team regarding the confidentiality of its designs and measures to keep them secret, the contents of Waymo's SVN server, and communications with Anthony Levandowski regarding Uber and |

| | | |
|---|---|---|
| | | formation of Otto.  Waymo further identifies the subjects of Mr. Droz's prior declarations submitted in this matter, Dkt. 25-31, 453-3 as subject he may testify about as well as the Rule 30(b)(6) topics for which he was designated as Waymo's corporate witness. |
| Eric Friedberg | May be reached through counsel for Stroz Friedberg:<br><br>Melanie Blunschi<br><br>Latham & Watkins<br><br>505 Montgomery Street, Suite 2000<br><br>San Francisco, CA 94111-6538<br><br>Direct Dial: +1.415.395.8129<br><br>Email: melanie.blunschi@lw.com | Mr. Friedberg will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report, and the Uber-Otto acquisition; Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure. |
| John Gardner | May be reached through counsel:<br><br>Merri Baldin<br><br>Rogers Joseph O'Donnell<br><br>311 California Street, 10th fl \| San Francisco, CA 94104 415.956.2828 main \| mbaldwin@rjo.com | Mr. Gardner will be asked to provide non-cumulative testimony regarding Ottomotto and Otto Trucking; the Uber-Otto acquisition; Mr. Levandowski's businesses; the Stroz due diligence analysis, investigation, and report; the misappropriation of Waymo trade secrets; and destruction of relevant evidence. |
| William Grossman | May be reached through counsel for Waymo | Mr. Grossman will provide non-cumulative testimony regarding Waymo's accidental receipt of an email containing an Otto LiDAR PCB. |
| Dan Gruver | May be reached through counsel for Uber | Mr. Gruver will be asked to provide non-cumulative testimony regarding Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; and the development of Waymo's self-driving car technology, including its LIDAR designs. |
| Arturo Gonzalez | MoFo; May be reached | Mr. Gonzalez will be asked to provide non-cumulative testimony regarding |

| | | |
|---|---|---|
| | through counsel for Uber | MoFo's possession of misappropriated materials; destruction of relevant evidence; and Defendants' knowledge of same.. |
| Kristin Gunjonsson | May be reached through counsel for Waymo | Mr. Gudjonsson will provide non-cumulative testimony concerning Google/Waymo's forensic investigation into misappropriation of trade secrets, particularly analysis of hardware; Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories, and computer networks, including but not limited to the SVN server |
| Bill Gurley | May be reached through counsel:<br><br>Martin Flumenbaum<br><br>1285 Avenue of the Americas<br><br>New York, NY 10019<br><br>(212) 373-3191<br><br>mflumenbaum@paulweiss.com | Mr. Gurley will be asked to provide non-cumulative testimony regarding Uber's acquisition of Otto; board meetings, discussions, and knowledge concerning the Otto acquisition including Mr. Kalanick and others' representations; facts surrounding Mr. Kalanick and board discussions concerning his termination; negotiations with Mr. Kalanick concerning the Otto acquisition and his resignation; Stroz due diligence report; and representations made by Mr. Kalanick regarding the Stroz report and Otto acquisition; and Benchmark's claim that Mr. Kalanick committed fraud and breached his fiduciary duty with respect to the Otto acquisition. |
| James Haslim | May be reached through counsel for Uber | Mr. Haslim will be asked to provide non-cumulative testimony regarding Defendants misappropriation of Waymo's trade secrets (including but not limited to through Tyto LIDAR), including their acquisition, use and disclosure, and the lack of independent development. |
| Lambertus Hesselink | May be reached through counsel for Waymo | Professor Hesselink will provide expert testimony pertaining to optics as it relates to a LiDAR system for a self-driving vehicle; general optics and LiDAR principles, background state of the art; explain Waymo's disclosed trade secrets relating to LiDAR optical systems and components and is expected to provide opinions regarding the level of skill and effort required to derive such trade secrets |

-4-

| | | |
|---|---|---|
| | | based on the available evidence in this case. Retained Prof. Hesselink is expected to also opine that Waymo's LiDAR systems embody certain of Waymo's disclosed trade secrets.<br><br>Prof. Hesselink is expected to further offer opinions that (i) Waymo undertook reasonable efforts to maintain certain disclosed trade secrets in relative secrecy; (ii) such trade secrets are not generally known by individuals within the relevant filed and/or are not readily ascertainable; and (iii) such trade secrets derive independent economic value by virtue of their not being generally known in the relevant field. Additionally, Prof. Hesselink is expected to opine regarding Defendants' misappropriation of certain of Waymo's disclosed trade secrets based on (i) contemporaneous technical evidence reflecting Defendants' acquisition, use, and/or disclosure of Waymo's disclosed trade secret concepts; (ii) the similarity of Defendants' technology to Waymo's disclosed trade secrets and/or Waymo's implementation of such trade secrets in Waymo's commercial products; and/or (iii) the lack of evidence supporting Defendants' independent development of their own technology. |
| Jeff Holden | May be reached through counsel for Uber | Mr. Holden will be asked to provide non-cumulative testimony regarding the state of Uber's autonomous vehicle program before the Otto acquisition; negotiations with Mr. Levandowski regarding the acquisition; Mr. Levandowski's consulting work; facts surrounding Mr. Levandowski's continued employment with Uber and termination; and Defendants' misappropriation of Waymo's trade secrets. |
| Ben Ingram | May be reached through counsel for Waymo | Mr. Ingram will provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and associated self-driving vehicle software development; the development of certain of Waymo's trade secrets. |
| Michael Janosko | May be reached through | Mr. Janosko will provide non-cumulative testimony regarding reasonable measures |

-5-

| | | |
|---|---|---|
| | counsel for Waymo | to protect security at Google and Waymo, including Google's enterprise infrastructure. |
| Travis Kalanick | May be reached through counsel:<br><br>Melinda Haag<br><br>Orrick<br><br>405 Howard Street<br>San Francisco, CA 94105-2669<br><br>+1 415 773 5495<br><br>**mhaag@orrick.com** | Mr. Kalanick will be asked to provide non-cumulative testimony regarding Uber's driverless car program; Uber's solicitation of Google and Waymo employees; discussions with, knowledge about, Levandowksi, discussions with the Board and Benchmark partners concerning the Otto acquisition, Mr. Levandowski, and the relationship between the facts surrounding this case and his termination; negotiations with Mr. Levandowski regarding the founding of Ottomotto and Otto Trucking, and Otto acquisition; the Uber-Otto acquisition; solitication of Google/Waymo employees; the Stroz due diligence analysis, investigation, and report; Uber's knowledge of stolen documents, understanding, and activity related to misappropriation of Google/Waymo trade secret and proprietary information; Levandowski's employment and continued employment at Uber; and destruction of relevant evidence. |
| Rudy Kim | MoFo<br><br>May be reached through counsel for Uber | Mr. Kim will be asked to provide non-cumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and destruction of relevant evidence. |
| Anthony Levandowski | May be reached through counsel:<br><br>Miles Erlich<br><br>Ramsey & Ehrlich LLP<br><br>803 Hearst Avenue<br><br>Berkeley, CA 94710<br>Tel:  (510) 548-3600<br>miles@ramsey-ehrlich.com | Mr. Levandowski will be asked to provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and the development of Waymo's trade secrets, engineering practices of Waymo and the LIDAR team regarding the confidentiality of its designs and measures to keep them secret, his performance at Waymo, the contents of Waymo's SVN server, and communications with Google employees regarding Uber and formation of Otto; Uber's driverless car program; Uber's solicitation of Google and Waymo employees; the relationship between the facts surrounding this case and his termination; negotiations regarding the founding of Ottomotto and Otto Trucking, and Otto acquisition; the Uber-Otto |

| | | |
|---|---|---|
| | | acquisition; the Stroz due diligence analysis, investigation, and report; Uber's knowledge of stolen documents, understanding, and activity related to misappropriation of Google/Waymo trade secret and proprietary information; Levandowski's employment and continued employment at Uber; and destruction of relevant evidence.  Waymo further identifies those subjects identified in Waymo's Statement Regarding Questions it Intends to Ask Anthony Levandowski at Trial.  Dkt. 835. |
| John Krafcik | May be reached through counsel for Waymo | Mr. Krafcik will provide non-cumulative testimony regarding Waymo's business; Anthony Levandowski, and his departure from Google; the relationship between Waymo and Google; and Waymo's development of its TaaS service, and valuations of Chauffeur. |
| Brian McClendon | May be reached through counsel for Uber | Mr. McClendon will be asked to provide non-cumulative testimony regarding solicitation of and negotiations with Levandowski regarding founding Ottomotto and Otto Trucking; and the Uber-Otto acquisition, the development of Uber's self-driving technology, including before the Otto acquisition, Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development. |
| Emil Michael | May be reached through counsel:

Margaret Tough

Latham & Watkins

505 Montgomery Street

Suite 2000

San Francisco, CA 94111

(415) 391-0600

margaret.tough@lw.com | Mr. Michael will be asked to provide non-cumulative testimony regarding the negotiations with Levandowski regarding founding Ottomotto and Otto Trucking; the Uber-Otto acquisition; Levandowski's employment and continued employment at Uber; discussions with, knowledge about, Levandowksi, discussions with the Board and Benchmark partners concerning the Otto acquisition, Mr. Levandowski, and the relationship between the facts surrounding this case and his termination. |
| Rhian Morgan | May be reached through counsel for Uber | Ms. Morgan will be asked to provide non-cumulative testimony regarding the founding and business of Ottomotto and |

| | | |
|---|---|---|
| | | Otto Trucking; Uber's acquisition of Otto; and the Stroz due diligence analysis, investigation, report; Defendants misappropriation of Waymo's trade secrets, destruction of relevant evidence. |
| Angela Padilla | May be reached through counsel for Uber | Ms. Padilla will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report; Levandowski's employment and continued employment at Uber; the relationship between the facts surrounding this case and his termination; and the Uber-Otto acquisition, Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development, destruction of relevant evidence. |
| Gaetan Pennecot | May be reached through counsel for Uber | Mr. Pennecot will be asked to provide non-cumulative testimony regarding Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. |
| Cameron Poetzcher | May be reached through counsel for Uber | Mr. Poetzcher will be asked to provide non-cumulative testimony regarding Uber's negotiations with Mr. Levandowski regarding the formation of Ottomotto/Otto Trucking; and the acquisition; solicitation of Google/Waymo employees; destruction of relevant evidence. |
| Nina Qi | May be reached through counsel for Uber | Ms. Qi will be asked to provide non-cumulative testimony regarding Uber's decision to acquire Ottomotto (and to enter into an option to acquire Otto Trucking); contacts between Uber and Mr. Levandowski regarding the formation of Ottomotto / Otto Trucking, Uber's acquisition of those entities, and the benefits that Uber would obtain via those acquisitions; Uber's solicitation of Google/Waymo employees; and Uber's internal views on those subjects, destruction of relevant evidence. |
| Lior Ron | May be reached through counsel: | Mr. Ron will be asked to provide non-cumulative testimony regarding the misappropriation of Waymo trade secrets; |

| | | |
|---|---|---|
| | Taylor & Patchen, LLP<br>One Ferry Building, Suite 355<br>San Francisco, CA  94111<br>T:  (415) 788-8200 | founding of Ottomotto and Otto Trucking; the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and the business and product development of Ottomotto and Otto Trucking, destruction of relevant evidence. |
| Bryan Salesky | May be contacted through counsel:<br><br>Stacy North<br><br>Pierce & Shearer LLP<br><br>snorth@pierceshearer.com<br><br>650-843-1900 | Mr. Salesky will provide non-cumulative testimony regarding the history of Google/Waymo's self-driving-car development efforts; Mr. Levandowski's performance as a Google/Waymo employee; certain of Mr. Levandowski's communications with Uber prior to his departure from Google/Waymo |
| Brent Schwarz | May be reached through counsel for Uber | Mr. Schwarz will be asked to provide non-cumulative testimony regarding Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; regarding Tyto LiDAR and Otto's acquisition of Tyto. |
| Ognen Stojanovski | May be reached through counsel for Uber | Mr. Stojanovski will be asked to provide non-cumulative testimony regarding Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; regarding Tyto LiDAR and Otto's acquisition of Tyto; regarding communications with Mr. Levandowski regarding Tyto LIDAR and other businesses related to Mr. Levandowski. |
| Eric Tate | May be reached through counsel for MoFo | Mr. Tate will be asked to provide non-cumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and destruction of relevant evidence. |
| Jim Timmins | May be reached through counsel for Waymo | Mr. Timmins will provide expert testimony regarding customary practices with respect to M&A transactions (including regarding indemnification) and the consideration paid by Uber to acquire Ottomotto (including relative to other acquisitions). |

| Chris Urmson | May be reached through counsel:<br><br>Benjamin L. Singer<br><br>601 Montgomery St.<br>Suite 1950<br>San Francisco, CA 94111<br><br>415-500-6080 | Mr. Urmson will provide non-cumulative testimony regarding the history and development of Waymo's self-driving car technology, including its LIDAR designs; Mr. Levandowski's performance at Google and circumstances surrounding his termination from Google; Chauffeur Bonus Plan; Waymo valuation(s). |
| --- | --- | --- |
| Michael Wagner | May be reached through counsel for Waymo | Mr. Wagner will provide non-cumulative testimony regarding the relevant markets, irreparable harm, and the unjust enrichment and reasonable royalty measures of damages resulting from Defendants' misappropriation of Waymo's trade secrets. |
| Tim Willis | May be reached through counsel for Waymo | Mr. Willis will provide non-cumulative testimony regarding Waymo's supply chain operation, including reasonable steps taken to protect confidential and proprietary information shared with suppliers. |
| Salle Yoo | May be reached through counsel for Uber | Ms. Yoo will be asked to provide non-cumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis investigation, and report; continued employment and termination of Anthony Levandowski; and Defendants misappropriation of Waymo's trade secrets, destruction of relevant evidence. |
| Sasha Zbrozek | May be reached through counsel for Waymo | Mr. Zbrozek will provide non-cumulative testimony concerning Google/Waymo's forensic investigation, particularly the SVN server and related log data, including Mr. Levandowski's download of the 14,000 files from the SVN server; Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories , and computer networks |

## II.   WITNESSES WAYMO MAY PRESENT AT TRIAL IF THE NEED ARISES

| Name | Contact Information | Substance of Testimony |
| --- | --- | --- |

-10-

| | | |
|---|---|---|
| Eric Armursky | O'Melveny<br><br>2765 Sand Hill Road<br><br>Palo Alto, CA 94025<br><br>(650) 473-2644<br><br>eamdursky@omm.com | Mr. Armursky will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Tara Allport | May be reached through counsel for Stroz Friedberg | Ms. Allport will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Cristina Antalik | May be reached through counsel for Stroz Friedberg | Ms. Antalik will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Alisa Baker | Levine & Baker<br><br>466 Green Street<br><br>Suite 303<br><br>San Francisco, CA 94133<br><br>(415) 391-2995 | Ms. Baker will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Chelsea Bailey | May be reached through counsel for Waymo | Ms. Bailey will provide non-cumulative testimony regarding the Chauffeur Bonus Plan; Mr. Levandowski's departure from Google, including Google's collection of Levandowski's laptops and delivery of those laptops to the Google forensics team; and Mr. Levandowski's performance as a Google/Waymo employee |
| Elisabeth Balassone | MoFo; May be reached through counsel for Uber | Ms. Balassone will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Travis Bellanger | May be reached through counsel for Waymo | Mr. Bellanger will provide non-cumulative testimony concerning Google/Waymo's forensic investigation into the |

| | | activities of Anthony Levandowski, including Google's collection of Levandowski's laptops and delivery of those laptops to the Google forensics team |
|---|---|---|
| Adam Bentley | May be reached through counsel for Uber | Mr. Bentley will be asked to provide non-cumulative testimon regarding the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and destruction of relevant evidence. |
| Shouvik Biswas | MoFo; May be reached through counsel for Uber | Mr. Biwas will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Mattew Blattmachr | ███████ May be reached through counsel: Diane F. Vallentine Jermain, Dunnagan & Owens, PC 3000 A Street, Suite 300 Anchorage, AK 99503 | Mr. Battmachr will be asked to provide non-cumulative testimony regarding the ownership of Levandowski's companies |
| Scott Boehmke | May be reached through counsel for Uber | Mr. Boehmke will provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development. |
| Judith Branham | May be reached through counsel for Stroz Friedberg | Mr. Branham will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Don Burnette | May be reached through counsel for Uber | Mr. Burnette will be asked to provide non-cumulative testimony concerning |

| | | |
|---|---|---|
| | | Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs and software; due diligence by Stroz for Otto acquisition by Uber; and destruction of relevant evidence. |
| Hanley Chew | May be reached through counsel for Stroz Friedberg | Mr. Chew will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Mitchell Dobi | May be reached through counsel for Stroz Friedberg | Mr. Dobi will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Gerard Dwyer | May be reached through counsel for Waymo | Mr. Dwyer will provide non-cumulative testimony regarding inputs to Waymo's current P&L.  He may also provide testimony regarding Waymo's current business plan. |
| Anna Ferrari | MoFo; May be reached through counsel for | Mr. Ferrari will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Paul French | May be reached through counsel for Waymo | Rebuttal of expert testimony of Kevin Faulkner, including opinions related to the various flaws and errors in Stroz's search for Waymo confidential information at Uber; rebuttal of expert testimony of Erik Laykin, including opinions related to the Waymo forensic investigation, Anthony Levandowski's download of the 14,000 files, Radu Raduta's download of confidential documents from Google Drive and Sameer Kshirsagar's download of |

| | | confidential documents from Google Drive |
|---|---|---|
| Mary Fulginiti | May be reached through counsel for Stroz Friedberg | Ms. Fulginiti will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Christine Gabitass | May be reached through counsel for Stroz Friedberg | Ms. Gabitass will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Gataum Gupta | May be reached through counsel for Uber | Mr. Gupta will be asked to provide non-cumulative testimony regarding Uber's acquisition of Ottomotto and Uber's funding of Otto Trucking's business activities. |
| Bruce Hartley | May be reached through counsel for Waymo | Rebuttal of expert testimony of Erik Laykin, including opinions related to security measures taken by Google/Waymo to protect their confidential and proprietary information, including but not limited to materials stored in Waymo's SVN repository |
| Don Harrison | May be reached through counsel for Waymo | Mr. Harrison will provide non-cumulative testimony regarding Google's mergers and acquisitions, including the negotiation and drafting of Google's merger and acquisition agreements, the process of conducting valuations, and Waymo's valuations. |
| Jennifer Haroon | May be reached through counsel for Waymo | Ms. Haroon will provide non-cumulative testimony regarding details of Waymo's first P&L, the negotiation of the valuation used in connection with the Chauffeur Business Plan, the timing of payments made under the Chauffeur Business Plan, and the 409(a) valuation conducted when Waymo was spun off |

| | | |
|---|---|---|
| | | from Google.  Ms. Haroon may also provide testimony regarding the evolution of Waymo's business plan over time.  Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which she was designated as Waymo's corporate witness. |
| Soren Juelsgaard | May be reached through counsel for Uber | Mr. Juelsgaard will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs and software; due diligence by Stroz for Otto acquisition by Uber; and destruction of relevant evidence. |
| Asheem Linaval | May be reached through counsel for Uber | Mr. Linaval will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. |
| David Lawee | May be reached through counsel for Waymo | Mr. Lawee will provide non-cumulative testimony regarding Google's mergers and acquisitions, including the negotiation and drafting of Google's merger and acquisition agreements, the process of conducting valuations, Waymo's valuations, and the Chauffeur Bonus Plan.  Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. |

| | | |
|---|---|---|
| Christian Lymn | May be reached through counsel for Uber | Mr. Lymn will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Teresa MacLean | MoFo; May be reached through counsel for | Ms. MacLean will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Jessica Madore | May be reached through counsel for Stroz Friedberg | Ms. Madore will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Melanie Maugeri | May be reached through counsel for Stroz Friedberg | Ms. Maugeri will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Kenneth Mendelson | May be reached through counsel for Stroz Friedberg | Mr. Mendelson will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Colette Reiner Mayer | MoFo; May be reached through counsel for Uber | Ms. Mayer will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Tom Nolan | Nolan Barton Olmos, LLP<br><br>600 University Avenue<br><br>Palo Alto, CA 94301<br><br>Phone: (650) 326-2980 | Mr. Nolan will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Daniel Olmos | Nolan Barton Olmos, LLP<br><br>600 University Avenue<br><br>Palo Alto, CA 94301<br><br>Phone: (650) 326-2980 | Mr. Olmos will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Christine Oropeza | May be reached through counsel for Stroz Friedberg | Ms. Oropeza will be asked to provide non-cumulative testimony regarding the Stroz |

| | | due diligence analysis, investigation, and report. |
|---|---|---|
| Colin Sebern | May be reached through counsel for Uber | Mr. Sebern will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs and software; due diligence by Stroz for Otto acquisition by Uber. |
| Timothy Schirm | May be reached through counsel for Stroz Friedberg | Mr. Schirm will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Joe Shapiro | May be reached through counsel for Stroz Friedberg | Mr. Shapiro will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Sharat Sridhar | May be reached through counsel for Stroz Friedberg | Mr. Sridhar will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Justin Suhr | May be reached through counsel for Uber | Mr. Suhr will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Aditi Tatti | May be reached through counsel for Stroz Friedberg | Mr. Tatti will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Diek Van Nort | MoFo; May be reached through counsel for Uber | Mr. Van Nort will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |

| Michael Xing | May be reached through counsel for Waymo | Mr. Xing will provide non-cumulative testimony concerning the Chauffeur Bonus Plan.  Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. |
| Serenity Wang | Nolan Barton Olmos, LLP  600 University Avenue  Palo Alto, CA 94301  Phone: (650) 326-2980 | Ms. Wang will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Benjamin Williams | MoFo; May be reached through counsel for | Mr. Williams will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Charles Wille | May be reached through counsel for Stroz Friedberg | Mr. Wille will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| Wendy Wu | May be reached through counsel for Stroz Friedberg | Ms. Wu will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |

III.    **WITNESSES WHO MAY TESTIFY BY DEPOSITION**

The following witnesses may testify by deposition:

Anthony Levandowski

Travis Kalanick

Nina Qi

Bill Gurley

Jeff Holden

John Bares

Gaetan Pennecot

1     Dan Gruver

2     James Haslim

3     Cameron Poetzcher

4     Scott Boehmke

5     Lior Ron

6     Adam Bentley

7     Rhian Morgan

8     Don Burnette

9     Soren Julesgaard

10     Ognen Stojanovski

11     Salle Yoo

12     Gataum Gupta

13     Emil Michael

14     Asheem Lineval

15     Colin Sebern

16     Brent Schwarz

17     Angela Padilla

18     Justin Suhr

19     Christian Lymn

20     Eric Tate

21     Rudy Kim

22     Arturo Gonzalez

23     Anna Ferrari

24     Colette Reiner Mayer

25     Teresa MacLean

26     Shouvik Biswas

27     Diek Van Nort

28     Elizabeth Balassone

WAYMO'S WITNESS LIST

1    Benjamin Williams

2    John Gardner

3    Eric Amdursky

4    Alisa Baker

5    Tom Nolan

6    Daniel Olmos

7    Serenity Wang

8    Chris Urmson

9    Brian McClendon

10   Bryan Salesky

11   ███████████ / Mattew Blattmachr

12   Eric Friedberg

13   Tara Allport

14   Cristina Antalik

15   Judith Branham

16   Hanley Chew

17   Mitchell Dobi

18   Mary Fulginiti

19   Christine Gabitass

20   Jessica Madore

21   Melanie Maugeri

22   Kenneth Mendelson

23   Christine Oropeza

24   Timothy Schirm

25   Joe Shapiro

26   Sharat Sridhar

27   Aditi Tatti

28   Charles Wille

WAYMO'S WITNESS LIST

1        Wendy Wu

2

3   DATED:  September 16, 2017          QUINN EMANUEL URQUHART & SULLIVAN,
                                        LLP
4
                                        By  */s/ Charles K. Verhoeven*
5                                           Charles K. Verhoeven
6                                           Attorneys for WAYMO LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28