# **Appendix F**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                 Plaintiff,<br><br>          vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>                 Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S<br>OBJECTIONS TO DEFENDANTS' RULE<br>26(a)(3) WITNESS LIST** |

1    Plaintiff Waymo LLC ("Waymo") hereby objects to the following witnesses on

2   Defendants' Uber, Ottomotto, and Otto Trucking's respective witness lists.

3    **Seval Oz (Otto Trucking's Witness List):**  Otto Trucking discloses Seval Oz as a trial

4   witness to testify "about Waymo's disclosures of its purported trade secrets.  She will authenticate

5   earrings that were made out of certain printed circuit boards."  Waymo objects to Ms. Oz as a trial

6   witness because the full scope of her testimony falls within Waymo's Motion *In Limine* No. 16 to

7   preclude any argument, testimony, or evidence about earrings that were not disclosed to Waymo

8   until August 22, 2017.  (Dkt. 1556-0.)  As set forth in Waymo's Motion *In Limine*, late-produced

9   text messages make clear that Anthony Levandowski solicited this "evidence" from Ms. Oz, and

10   then it ended up in the hands of Otto Trucking's counsel who did not produce it to Waymo before

11   using it at a deposition two days before the close of fact discovery.  (*Id.*)  Defendants should be

12   precluded from relying on this evidence that was obtained from Levandowski and that was not

13   appropriately disclosed in discovery for the reasons set forth in Waymo's Motion *In Limine*.  (*Id.*)

14   Given that the subject matter of Ms. Oz's expected testimony should be precluded, Otto Trucking

15   should not be permitted to rely on Ms. Oz's testimony at trial.

16    **Waymo's Experts Michael Wagner, Lambertus Hesselink, Gregory Kintz, Paul**

17   **French, Bruce Hartley, and Jim Timmins (Uber's Witness List):**  Uber discloses on its

18   Witness List the five expert witnesses who submitted expert reports on Waymo's behalf and upon

19   whom Waymo intends to rely at trial (Wagner, Hesselink, Timmins, French, and Hartley)[1], as well

20   as the expert upon whom Waymo relied during the preliminary injunction phase (Kintz) and upon

21   whom Waymo does not intend to rely at trial.  Uber should not be permitted to call Waymo's

22   experts as witnesses in Uber's case because doing so would be unduly prejudicial to Waymo.

23    Permitting Uber to call Waymo's experts at trial will substantially prejudice the jury

24   against Waymo.  Forcing Waymo's experts to testify fails Federal Rule of Evidence 403's

25   balancing test.  Allowing a party to call the retained expert of the opposing party should only

26   occur when there is no other expert who can provide the jury with similar evidence.  *See*

27    [1]   French and Hartley are rebuttal witnesses.

28

1    *e.g. Agron v. Trustees of Columbia Univ. in City of New York*, 176 F.R.D. 445, 450 (S.D.N.Y.

2    1997) (distinguishing its decision to require only a limiting instruction restricting the defendant

3    from mentions of the expert's prior retention by the plaintiff on the basis that the expert's

4    testimony was unique).  Where, as here, Uber has its own retained experts that have offered

5    opinions on the same issues as Waymo's experts, the issues on which Uber would offer Waymo's

6    experts to testify about would be duplicative of the issues Defendants' experts will testify about.

7    The fact that a particular expert was originally retained by Waymo is far too prejudicial to risk a

8    limiting instruction.  "It may be possible to keep this explosive fact from the jury at trial, but there

9    seems little reason to require the effort if other expert witnesses are available."*Rubel v. Eli Lilly &*

10   *Co.*, 160 F.R.D. 458, 461 (S.D.N.Y. 1995) (citing 8 C. Wright, A. Miller & R. Marcus, Federal

11   Practice and Procedure: Civil § 2032, at 447 (1994)); see also *Jasty v. Wright Med. Tech., Inc.*,

12   528 F.3d 28 (1st Cir. 2008)(upholding the district court's decision to not compel defendant's

13   expert to testify because there was an "absence of any showing of a need for [the plaintiff] to call

14   the witness"); *Peterson v. Willie*, 81 F.3d 1033, n.4 (11th Cir. 1996) ("While it may generally be

15   possible to permit a party to call a witness without disclosing the fact of his or her prior

16   engagement by the opposing party, there may be little reason to require this effort if other expert

17   witnesses are readily available.).  Here, Uber's own expert witnesses are available to testify.  It

18   would be unduly prejudicial for Uber to call Waymo's experts as witnesses and inform the jury

19   that they are Waymo's witnesses.  If they have already testified in Waymo's case, then this will

20   already be clear to the jury.  Since Uber has its own experts opining on these same issues—albeit

21   taking differing views—there is no substantial need for Uber to rely on Waymo's experts.  Uber

22   should be precluded from doing so.

23        **Justin Suhr (Uber's Witness List):**  Uber discloses Justin Suhr as a trial witness to testify

24   "regarding Stroz due diligence for the Uber/Ottomotto acquisition; Uber's decision to acquire

25   Ottomotto and structure of the acquisition; and confirmation of the absence of evidence of trade

26   secret misappropriation through and during compliance with the Court's provisional remedy

27   order."  Waymo objects to Mr. Suhr as a trial witness to the extent that Uber does not make him

28   available for deposition before trial.  Uber did not make him available for deposition during fact

discovery.  If Uber agrees to make Mr. Suhr available for deposition before trial, Waymo will take his deposition and withdraw its objection.  Indeed, Waymo included Mr. Suhr on its own Witness List and intends to request his deposition in light of the recently-produced Stroz report and related documents.  Uber, however, should not be permitted to affirmatively rely on Mr. Suhr's testimony if he is not deposed before trial.

Because Uber and Otto Trucking in particular disclosed a large number of witnesses in their June 21 Supplemental Initial Disclosures, on August 3, with the assistance of Special Master Cooper, the parties agreed to identify those witnesses on their initial disclosures who they did not intend to rely upon at trial.  Uber identified those witnesses it would not rely on and committed to provide deposition dates for the remaining witnesses.  (Ex. 1 – 8/4/17 Email from E. Takashima.) Uber did not sufficiently narrow its list, however, and Waymo again asked that the list be narrowed so that Waymo could realistically depose all of the witnesses on Uber's initial disclosures.  Waymo further noted that if Uber refused to do so, Waymo would take the position that Uber is precluded from calling those outstanding witnesses at trial.  (Ex. 2 – 8/7/17 Email from A. Roberts.)  Uber responded by offering deposition dates for witnesses not yet deposed, but never offered a date for Mr. Suhr.  Waymo understood that to mean that Uber would not rely on Mr. Suhr at trial.  Accordingly, if Uber intends to do so, it should make Mr. Suhr available for deposition before trial, as he should have been during fact discovery.  Otherwise, Uber should be precluded from affirmatively relying on his testimony at trial.

**Larry Page (Otto Trucking and Uber's Witness Lists):**  Both Otto Trucking and Uber disclosed Larry Page on their Witness Lists.  Defendants should be precluded from calling Alphabet's CEO and Google co-founder as a trial witness.  Mr. Page was deposed in the case and does not have unique and personal knowledge of the facts at issue and the evidence Defendants seek to present can be presented through less intrusive methods.  *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) (explaining the standard for seeking an apex deposition).  The subject matter of the testimony Defendants intend to present from Mr. Page is duplicative of testimony that they can present through other, non-apex

witnesses.  Much of the subject matter of his proposed testimony is also irrelevant and/or within the scope of pending Motions *in Limine*.

Otto Trucking says that Mr. Page will testify regarding development and operation of Waymo's autonomous vehicle program.  All parties have several engineers on their Witness Lists that can cover the same subject matter.  Further, Defendants included on their list Sebastian Thrun, who led the Chauffeur effort at Google, to testify on the same subject matter.  Otto Trucking also says that Mr. Page will testify regarding Levandowski's departure from Waymo; again, several other witnesses on the parties' Witness Lists are identified to provide testimony about this, including several Uber employees, John Krafcik, and Chris Urmson.  And finally, Otto Trucking says that Mr. Page will testify regarding "side businesses."  As Waymo previously explained, argument, evidence, or testimony about "side businesses" should be precluded.  (Dkt. 851.)  It is not relevant and is likely to confuse the jury.  Whether Levandowski was permitted to start "side businesses" has no bearing on whether he stole Waymo trade secrets and whether Defendants misappropriated Waymo trade secrets.  If Defendants are permitted to introduce argument, evidence, or testimony regarding "side businesses", there is a risk that the jury will be misled and confused into thinking Levandowski's conduct at issue in this case was approved—it was not.  Even if permitted, however, Defendants disclosed several other witnesses to testify on this subject matter, including John Krafcik, Sebastian Thrun, Chris Urmson, and Dmitri Dolgov.

Uber says that Mr. Page will testify on this same subject matter, as well as about Waymo's business plans, knowledge of discussions with Defendants regarding a partnership in the self-driving vehicle/ride-sharing space, knowledge of the Chauffeur Bonus Plan, and concerns about competition from others.  Much of this subject matter is subject to pending Motions *in Limine*: Waymo's Renewed Motion *in Limine* No. 1 and Waymo's Motion *in Limine* No. 15.  Even if this subject matter is permitted, however, there are many witnesses on both sides' Witness Lists who can testify about these issues, such as Dan Chu, Defendants' witnesses, and several witnesses with information about the Chauffeur Bonus Plan.  There is no need for Defendants to burden Mr. Page and Alphabet by having Mr. Page called to testify at trial on subject matter that can be provided by any number of witnesses.

1    **Sergey Brin (Uber's Witness List):**  Uber also disclosed Sergey Brin on its Witness List.

2   Defendants should be precluded from calling Alphabet's President and Google-co-founder as a

3   trial witness.  Mr. Brin was also deposed in the case and does not have unique and personal

4   knowledge of the facts at issue and the evidence Defendants seek to present can be presented

5   through less intrusive methods.  *Celerity*, No. C 05-4374, 2007 WL 205067, at *3.  The subject

6   matter of the testimony Defendants intend to present from Mr. Brin is duplicative of testimony

7   that they can present through other, non-apex witnesses.  Indeed, Uber says he will testify on

8   topics that are identical to those disclosed for Mr. Page.  As discussed above, there are other

9   witnesses who can present this testimony.  Further, as discussed above, much of the subject matter

10  of Mr. Brin's proposed testimony is also irrelevant and/or within the scope of pending Motions *in

11  Limine*.  There is no need for Defendants to burden Mr. Brin and Alphabet by having Mr. Brin

12  called to testify at trial on subject matter that can be provided by any number of witnesses.

13    **Anthony Levandowski (Uber's Witness List):**  Uber disclosed Anthony Levandowski to

14  testify on several issues.  Uber cannot use Levandowski's assertion of the Fifth Amendment

15  privilege as a shield and then call Levandowski to trial to try to benefit from an adverse

16  inference.  This has been Uber's *modus operandi* throughout the case—hiding behind both

17  Levandowski's Fifth Amendment privilege and alleged common interest privileges except when

18  beneficial to Uber.  The Court recognized an example of Uber's gamesmanship in this regard at the

19  August 16 hearing on Waymo's motion, related to Defendants' belated disclosure of Mr.

20  Levandowski's purported destruction of the five discs of downloaded Waymo files in March 2016,

21  calling Uber's conduct a "slick" practice.  (Dkt. 1261 at 44:13-45:3.)  Since that hearing,

22  Defendants have continued this improper practice – selectively relying on helpful communications

23  with Mr. Levandowski, while concealing those they decide would hurt their litigation position.

24    As Waymo laid out in its Supplemental Brief on its Motion for Order to Show Cause (Dkt.

25  1502), Uber has coordinated with Levandowski to get help in the case, but relied upon privilege

26  assertions to avoid revealing discovery into the nature or scope of that cooperation.  For example,

27  calendar invitations show that Levandowski participated in meetings with Uber executives and

28  attorneys to discuss litigation strategy well after he plead the Fifth Amendment and purportedly

-5-

1  refused to cooperate with Uber's investigation.  Similarly, at Levandowski's August 22

2  deposition, Uber's counsel asked him questions purporting to demonstrate his refusal to cooperate,

3  and he refused to answer.  But, when **Waymo** asked questions about this purported non-

4  cooperation, Uber instructed him not to answer on privilege grounds.  Uber cannot have it both

5  ways, picking and choosing when its communications with  Levandowski are protected by

6  common interest privileges, and when those communications or non-responses about those

7  communications can be used against Waymo.

8       Now, after a long history of picking and choosing which communications are privileged

9  and which are not, Uber wants to call Levandowski as a witness at trial and ask questions, which

10  will presumably not be answered, so that Uber can get an adverse inference.  This is not fair and

11  another classic example of improperly using a privilege assertion as a sword and a shield.  This

12  Court should not permit Uber to call Levandowski as a witness and affirmatively rely on adverse

13  inferences taken from his refusal to testify.

14       **David Drummond (Uber's Witness List):**  Uber disclosed David Drummond to testify by

15  deposition only.  Waymo reserves the right to call Mr. Drummond in relation to Uber's designated

16  testimony.

17

18  DATED:  September 20, 2017            QUINN EMANUEL URQUHART & SULLIVAN,
                                         LLP
19
                                         By  */s/ Charles K. Verhoeven*
20                                         _____
                                             Charles K. Verhoeven
21                                           Attorneys for WAYMO LLC

22

23

24

25

26

27

28

# Exhibit 1

**Andrea P Roberts**

| | |
|---|---|
| **From:** | Edward Takashima <etakashima@BSFLLP.com> |
| **Sent:** | Friday, August 04, 2017 3:06 PM |
| **To:** | DG-GP Otto Trucking Waymo; QE-Waymo |
| **Cc:** | BSF_EXTERNAL_UberWaymoLit; UberWaymoMoFoAttorneys |
| **Subject:** | Waymo v. Uber: Initial Disclosures and Depositions |

Counsel,

As we agreed yesterday, please see below Uber's and Ottomotto's list of parties on their initial disclosures who (a) have not yet been deposed in general discovery, and whose depositions have not been scheduled or requested; and (b) Uber and Ottomotto do not presently intend to rely on at trial.  As discussed, we reserve our rights to revise this list, with prompt notice to all parties.  We are working on deposition dates for other Uber/Ottomotto witnesses on our disclosures who have not been deposed or scheduled.

Eric Amdursky
Alisa Baker
Shouvik Biwas
Judith Branham
Esther Chang
Felipe Corredor
Robert Doll
Jim Gasbarro
Andrew Glickman
Jordan Jaffe
Sameer Kshirsagar
Melanie Maugeri
John McCauley
Dan Muino
Jeff Nardinelli
Jared Newton
Radu Raduta
Wendy Ray
Sylvia Rivera
Paul Sieben
Lyft

**Edward H. Takashima**
Partner

BOIES SCHILLER FLEXNER LLP
401 Wilshire Blvd, Suite 850
Santa Monica, CA 90401
(t) +1 310 752 2408
(m) +1 213 399 4154
etakashima@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

# Exhibit 2

**Andrea P Roberts**

| | |
|---|---|
| **From:** | Andrea P Roberts |
| **Sent:** | Monday, August 07, 2017 8:41 PM |
| **To:** | John Cooper; Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; DG-GPOttoTruckingWaymo@goodwinlaw.com |
| **Cc:** | QE-Waymo |
| **Subject:** | Waymo v. Uber: Narrowing of Initial Disclosures |

John and Counsel,

I write regarding the remaining deposition schedule and the parties' "narrowing" of their Initial Disclosures on Friday.  Defendants did not meaningfully narrow the list of witnesses they may call at trial.  Defendants should further "narrow" their Initial Disclosures so that we know which witnesses should be deposed.

Of the depositions scheduled/requested in "normal" discovery thus far, 42 were noticed by Uber and 31 (33 including Bonderman and Huffington) were noticed by Waymo.  Following Friday's identification of witnesses on which the parties do not presently intend to rely at trial, there are still 13 witnesses on Uber's Initial Disclosures who are not yet scheduled to be deposed and who Uber says it may rely upon at trial: Adam Kenvarg, William Treichler, Florin Ignatescu, Asheem Linaval, Michael Karasoff, Matthew Palomar, Daniel Ratner, George Lagui, Rhian Morgan, Justin Suhr, Mary Fulginiti, Kevin Faulkner, Jiajun Zhu, and Dave Ferguson, as well as a long list of various third party companies.  There are still 17 witnesses on Otto Trucking's Initial Disclosures who are not yet scheduled to be deposed and who Otto Trucking says it may rely upon at trial: Kevin Faulkner, Rhian Morgan, Sameer Kshirsagar, Asheem Linaval, Velodyne LiDAR, Eric Berdinis, Claire Delauney,  Drew Gray, Matt Grigsby, Oleg Khainovski, Yevgeni Litvin, David Weikersdorfer, Sachin Patil, Eyal Cohen, Robert Miller, Seval Oz, David Estrada, and various other third parties.  By contrast, there are only 3 witnesses on Waymo's Corrected Initial Disclosures who are not yet scheduled to be deposed and who Waymo currently plans to rely on at trial.

Defendants should further narrow their lists.  It is inconceivable that they continue to believe that they will rely on all of these witnesses at trial.  If Defendants refuse to provide a more narrow list so that Waymo can realistically depose all potential trial witnesses before the fact discovery cut off, then we will take the position that Defendants are precluded from calling the witnesses listed above at trial.

John, we would like to address this on a meet and confer tomorrow at 11:30.

Thanks,
Andrea

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.