Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant: Otto Trucking LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Waymo LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**OTTO TRUCKING PROPOSED SPECIAL VERDICT FORM**<br><br>Date:       Thursdays<br>Time:       8:00 a.m.<br>Courtroom:  8<br>Judge:      Hon. William Alsup |

1  We, the jury in the above-entitled action, find the following Special Verdict on the questions submitted to us.

**I.     DIRECT MISAPPROPRIATION OF TRADE SECRETS**

1. Has Waymo proven that, at the time of the alleged misappropriation, the items identified below were neither publicly known nor readily ascertainable through proper means by those with relevant skills or training in this area?

- ███████████████████

     Yes ____     No ____

- ██████████

     Yes ____     No ____

- ████████

     Yes ____     No ____

- ████

     Yes ____     No ____

- ████

     Yes ____     No ____

- ████████

     Yes ____     No ____

- ██████████████

     Yes ____     No ____

- ████████████████████

     Yes ____     No ____

- ████████████████

     Yes ____     No ____

*If you answered "No" for all items, please skip to question No. 19.  If you answered "Yes" for any item, please answer No. 2 only for any item for which you answered "Yes."*

---

1

OTTO TRUCKING PROPOSED SPECIAL VERDICT FORM CASE NO. 3:17-CV-00939-WHA

2. Has Waymo proven that, at the time of the alleged of misappropriation, the item was subject to reasonable efforts on the part of Google (or Waymo) to keep it a secret?

- ████████████████

    Yes ____    No ____

- ██████████

    Yes ____    No ____

- ████████

    Yes ____    No ____

- ████

    Yes ____    No ____

- ████

    Yes ____    No ____

- ██████████

    Yes ____    No ____

- ████████████

    Yes ____    No ____

- ████████████████

    Yes ____    No ____

- ██████████████

    Yes ____    No ____

*If you answered "Yes" for any item, please answer No. 3 only for any item for which you answered "Yes."  If you don't answer "Yes" for any item, please skip to question No. 13.*

2

OTTO TRUCKING PROPOSED SPECIAL VERDICT FORM CASE NO. 3:17-CV-00939-WHA

3. Has Waymo proven that, at the time of the alleged of misappropriation, the item had independent economic value by virtue of being kept secret?

- █████████████████████

    Yes ____   No ____

- ██████████████

    Yes ____   No ____

- ███████████████

    Yes ____   No ____

- ██████

    Yes ____   No ____

- ████████

    Yes ____   No ____

- ███████████████

    Yes ____   No ____

- ████████████████████

    Yes ____   No ____

- ████████████████████████████

    Yes ____   No ____

- ████████████████████████

    Yes ____   No ____

*If you answered "Yes" for any item, please answer No. 4 <u>only</u> for any item for which you answered "Yes." If you don't answer "Yes" for any item, please skip to question No. 13.*

4. For each item(s) for which you answered "Yes" in question No. 3, has Waymo proven that the item related to a product or service used in, or intended for use in, interstate or foreign commerce?

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

    Yes _____   No _____

- ▇▇▇▇▇▇▇▇▇

    Yes _____   No _____

- ▇▇▇▇▇▇

    Yes _____   No _____

- ▇▇▇

    Yes _____   No _____

- ▇▇

    Yes _____   No _____

- ▇▇▇▇▇

    Yes _____   No _____

- ▇▇▇▇▇▇▇▇▇▇▇

    Yes _____   No _____

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

    Yes _____   No _____

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

    Yes _____   No _____

5. Has Waymo proven that the following defendants, addressed separately, improperly acquired one or more of the item(s) for which you answered "Yes" in question No. 3? If you answer "Yes," please identify which item.[1]

   Uber Technologies, Inc.    Yes _____   No _____

   Item(s):_____

   Ottomotto, LLC             Yes _____   No _____

---

[1] Uber reserves the right to withdraw this and all other proposed jury verdict form questions and jury instructions on acquisition.

1          Item(s):  _____

*If you answered "Yes" for any defendant, please answer No. 5 only for the defendant(s) for whom you answered "Yes."  If you answered "No" for all defendants, please skip to question No. 13.*

6. Has Waymo proven that it is more likely than not that the following defendants knew or had reason to know that it acquired one or more of the item(s) for which you answered "Yes" in question No. 3 by improper means? If you answer "Yes," please identify which item.

        Uber Technologies, Inc.      Yes  ____    No  ____

        Item(s):_____

        Ottomotto, LLC         Yes  ____    No  ____

        Item(s):  _____

*If you answered "Yes" for any defendant, please answer No. 7 only for the defendant(s) for which you answered "Yes."  If you answered "No" for all defendants, please skip to question No. 13.*

7. Has Waymo proven that it is more likely than not that the defendant improperly used one or more of the item(s) for which you answered "Yes" in question No. 3? If you answer "Yes," please identify which item.

        Uber Technologies, Inc.      Yes  ____    No  ____

        Item(s):_____

        Ottomotto, LLC         Yes  ____    No  ____

        Item(s):  _____

*If you answered "Yes" for any defendant, please answer No. 8 only for the defendant(s) for whom you answered "Yes."  If you answered "No" for all defendants, please skip to question No. 13.*

8. Has Waymo proven that, at the time of use of one or more of the item(s) for which you answered "Yes" in question No. 3, that the defendants had either acquired them by improper means or knew or had reason to know that they came from Anthony

5
OTTO TRUCKING PROPOSED SPECIAL VERDICT FORM CASE NO. 3:17-CV-00939-WHA

Levandowski and he had acquired them by improper means?  If you answer "Yes," please identify which item.

      Uber Technologies, Inc.    Yes _____    No _____

      Item(s):_____

      Ottomotto, LLC    Yes _____    No _____

      Item(s):_____

*If you answered "Yes" for any defendant, please answer No. 9 only for the defendant(s) for whom you answered "Yes."  If you answered "No" for all defendants, please skip to question No. 13.*

9. If you answered "Yes" to Uber and/or Ottomotto in question No. 7, has Waymo proven that Uber, and/orOttomotto' misappropriation was a substantial factor in causing Uber and/or Ottomotto to be unjustly enriched?

    Yes _____    No _____

*If you answered "Yes," please answer No. 10.  If you answered "No," please skip No. 10 and 11.*

10. For each item for which you answered "Yes" in question No. 3, what is the amount that Waymo should recover for Uber and/or Ottomotto'sunjust enrichment? You must only include any amounts of unjust enrichment that Waymo has proven are more likely than not.

- ████████████████  $_____
- ██████████  $_____
- ████████████  $_____
- ████  $_____
- ██████  $_____
- ████████  $_____
- ██████████████  $_____
- ████████████████  $_____
- ████████████████  $_____

TOTAL  $_____

*If you entered an amount for any item, please answer No. 11.  If you did not enter an amount for any items, please skip to No. 12.*

11. Do the amounts that you entered in No. 10 include any amount by which Uber and/or Ottomotto will be unjustly enriched in the future?

    Yes _____    No _____

12. For each item for which you answered "Yes" in question No. 3, has Waymo proven by clear and convincing evidence that each defendant(s) misappropriation was willful and malicious?

    Uber Technologies, Inc.   Yes ____  No ____
    Ottomotto, LLC   Yes ____  No ____

13. Have defendants proven that Waymo brought any of its claims against Uber, Ottomotto and/or Otto Trucking in bad faith, including any of Waymo's claims that Waymo originally alleged but did not take to trial?

    Uber Technologies, Inc.   Yes ____  No ____
    Ottomotto, LLC   Yes ____  No ____

## II. INDIRECT MISAPPROPRIATION OF TRADE SECRETS

14. Has Waymo proven that any of the alleged nine trade secrets are trade secrets?

*If you answered "No" for Nos. 14, please skip to question No. 19.*

15. F you answered yes to No. 14, has Waymo proven that Otto Trucking is vicariously liable for the indirect misappropriation of any trade secret Waymo has proven?

    Yes ____    No ____

16. Has Waymo proven that Otto Trucking has ratified the misappropriation of any trade secret Waymo has proven?

    Yes ____    No ____

*If you answered "No" for Nos. 15 or 16, please skip to question No. 19.*

17. If you answered "Yes" to question No. 14 or 15, has Waymo proven that Otto Trucking's indirect misappropriation of any of the alleged nine trade secrets identified by Waymo was a substantial factor in causing Otto Trucking to be unjustly enriched?

    Yes ____    No ____

18. If you answered yes to No. 17, what is the amount that Waymo should recover for Otto Trucking's unjust enrichment for each alleged trade secret you have found was indirectly misappropriated? You must only include any amounts of unjust enrichment that Waymo has proven are more likely than not.

- ██████████████████████  $ _____
- ██████████████████  $ _____
- ██████████████  $ _____
- ████████  $ _____
- ██████████  $ _____
- ██████████████  $ _____
- ██████████████████  $ _____

7
OTTO TRUCKING PROPOSED SPECIAL VERDICT FORM CASE NO. 3:17-CV-00939-WHA

|   |   |   |
|---|---|---|
| • ████████████████████████ | | $_____ |
| • ████████████████████████ | | $_____ |
| TOTAL | | $_____ |

### III.   DEFENDANTS' AFFIRMATIVE DEFENSES

19. Have defendants proven that Waymo brought any of its claims against Uber, Ottomotto and/or Otto Trucking in bad faith, including any of Waymo's claims that Waymo originally alleged but did not take to trial?

    Uber Technologies, Inc.   Yes ____   No ____
    Ottomotto, LLC            Yes ____   No ____
    Otto Trucking, LLC        Yes ____   No ____

   **A.   Unclean Hands**

20. Is it more likely than not that Waymo violated a duty of good faith or acted unconscionably in connection with the events for which Waymo seeks to recover?

    Yes ____    No ____

    *If you answered "Yes," please answer No.20.  If you answered "No," please go to No. 21.*

21. By what amount should Waymo's recovery be reduced because of Waymo's unclean hands?

    $_____

   **B.   Mitigation of Damages**

22. Is it more likely than not that Waymo could have avoided any of its damages with reasonable efforts or expenditures?

    Yes ____    No ____

    *If you answered "Yes," please answer No. 21.  If you answered "No," please go to No. 22.*

23. What amount of damages could Waymo have avoided with reasonable efforts or expenditures?

    $_____

The Foreperson must sign and date below and return this Special Verdict to the Court Clerk.

Dated: _____    _____

FOREPERSON

Dated:   September 21, 2017						Respectfully submitted,

								By:	/s/   Neel Chatterjee
									Neel Chatterjee
									*nchatterjee@goodwinlaw.com*
									Brett Schuman
									*bschuman@goodwinlaw.com*
									Shane Brun
									*sbrun@goodwinlaw.com*
									Rachel M. Walsh
									*rwalsh@goodwinlaw.com*
									Hong-An Vu
									*hvu@goodwinlaw.com*
									Hayes P. Hyde
									*hhyde@goodwinlaw.com*
									James Lin
									*jlin@goodwinlaw.com*
									**GOODWIN PROCTER LLP**

									*Attorneys for Defendant: Otto Trucking LLC*