QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>      vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S OMNIBUS OPPOSITION TO MOTIONS FOR PROTECTIVE ORDER REGARDING THE STROZ DUE DILIGENCE REPORT** |

Pursuant to the Court's September 15, 2017 Order (Dkt. 1596), Plaintiff Waymo LLC ("Waymo") submits this Omnibus Opposition to the Motions for Protective Order filed by Defendants Uber Technologies, Inc. ("Uber") and Ottomotto LLC ("Otto") (together, "Defendants") (Dkt. 1685); Non-Party Anthony Levandowski ("Levandowski") (Dkt. 1684); and Non-Party Lior Ron ("Ron") (Dkt. 1686).

## INTRODUCTION

Prior to Uber's acquisition of Otto, Uber and Otto retained Stroz to conduct a due diligence investigation and prepare a report (the "Due Diligence Report") on the "Bad Acts" of Otto's personnel. (Dkt. 566 at 2-3.) After extensive motion practice, the Court rejected claims by Defendants and Levandowski that the contents of the Due Diligence Report are somehow privileged, and held that the Report is relevant and discoverable in this case. (Dkt. 566, 685.) The Federal Circuit denied Levadowski's Petition for Writ of Mandamus. *Waymo LLC v. Uber Technologies, Inc.*, --- F.3d ---, 2017 WL 4018406, at *4 (Fed. Cir. Sept. 13, 2017).

As a result of these proceedings, the Due Diligence Report has now been produced, and the Court has allowed the parties to discuss its contents in open court on the public record. (9/20/2017 Hr'g Tr. at 11:16-19 ("[W]e can't go through life in this case on saying that anything that's in the due diligence report is confidential. So when we have the trial, it's going to be public. Period.").) The only issue before the Court now is whether and to what extent the Court should enter a protective order to maintain the confidentiality of certain aspects of the Due Diligence Report. As discussed below, Defendants, Levandowski, and Ron fail to establish any basis for shielding this Report from the view of the public, and fail to offer a reasonable, narrowly tailored proposal for a protective order. Accordingly, other than the narrow confidentiality designations that Waymo requested over certain exhibits to the Due Diligence Repot (Dkt. 1682), the Court should rule that the Report is public in all respects.

## ARGUMENT

**1.    Defendants Fail To Make A Proper Motion For Protective Order.**

Although Defendants Uber and Otto have filed a self-styled "Motion for Protective Order," they make no Motion at all, and they raise no argument regarding the confidentiality of the Due

Diligence Report.  Instead, Defendants use their one-paragraph filing to raise an evidentiary issue, arguing to the Court that the Due Diligence Report should only be provided to the jury in "slightly redacted" form.  (Dkt. 1685 at 1.)  This is improper.  Defendants previously attempted a motion *in limine* to exclude "references to the Stroz report as a proxy for misappropriated trade secrets."  (Dkt. 850-4.)  The Court denied this motion "without prejudice to renewal via targeted objections raised against specific items of evidence *at trial*."  (Dkt. 874 (emphasis added).)  If Defendants wish to object to make an evidentiary objection to the Due Diligence Report, they should do so contemporaneously at trial as the Court previously instructed.

Because Defendants make no argument to maintain the confidentiality of the Due Diligence Report, Waymo understands that they have waived this right, including their current designation of the Report and its exhibits under the existing protective order.

**2.     Levandowski's Request For A Protective Order Is Unjustified And Overbroad.**

Levandowski provides no proper basis under Federal Rule of Civil Procedure 26(c) for the protective order he seeks.  Moreover, Levandowski does not even address, much less make any effort to meet the proper legal standard.  *See Nelson v. Matrixx Initiatives, Inc.*, Case No. No. C 09-02904-WHA, 2012 WL 1380259, at *2 (N.D. Cal. April 20, 2012) (setting forth the pre-requisites for obtaining a protective order).  For example, Levandowski fails to cite a *particularized* harm that may result from any specific disclosure of any portion of the Due Diligence Report.  He fails to consider the public interest in viewing non-confidential materials that the Court has already deemed discoverable in this action.  And, he fails to justify his request for a blanket protective order over the entire Due Diligence Report and its supporting exhibits as narrowly tailored to protect his interests.  This, alone, justifies denial of his Motion.

Levandowski argues that a protective order is necessary to "ensure that his Fifth Amendment rights in regard to the Stroz Report and related materials remain protected during the

pendency of this civil case."[1]  (Dkt. 1684 at 1.)  He fails, however, to meet his burden of identifying and explaining how disclosure of *any* portion of the Due Diligence Report would implicate his Fifth Amendment rights.  *United States v. Brown*, 918 F.2d 82, 84 (9th Cir. 1990) (holding that it is the burden of the party asserting the Fifth Amendment privilege to establish its existence).  There is no explanation as to how any specific provision in the Due Diligence Report will create "substantial hazards of self-incrimination that are real and appreciable, not merely imaginary and unsubstantial."  *United States v. Bright*, 596 F.3d 683, 690 (9th Cir. 2010).  Furthermore, insofar as Levandowski's Motion seeks to designate the Due Diligence Report under the existing protective order, it is not even clear how this relief would serve his Fifth Amendment interests.  Levandowski has therefore failed to justify his demand for a blanket protective order.

Levandowski argues that the Court should issue a protective order as a "prudent prophylactic measure" to avoid the Government being precluded from relying on the Due Diligence Report under *Kastigar v. United States*, 406 U.S. 441 (1972).  (Dkt. 1684 at 3-4.)  As an initial matter, *Kastigar* applies in the specific circumstances where the Government attempts to use compelled testimony, given under the grant of immunity, in a subsequent proceeding.  *Id.* at 460.  Levandowski does not explain—and it is not apparent—how *Kastigar* has any relevance to the current situation where Levandowski has not been compelled to do ***anything***.  In any event, *Kastigar* does not support Levandowski's entitlement to a protective order here because even if disclosure now could limit the Government's evidence down the road, that would benefit, rather than harm, Levandowski's interests in a subsequent criminal proceeding.

---

[1]  Levandowski argues that because the Federal Circuit's ruling came in the context of a mandamus petition, it has "not foreclosed the possibility that Mr. Levandowski will later be deemed to have valid Fifth Amendment rights (and other privileges) with respect to the Stroz materials." (Dkt. 1684 at 2.)  But, even the denial of a writ of mandamus can foreclose certain issues that were previously decided "on the merits" rather than as the result of "the special limitations inherent in the writ."  *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1078 (9th Cir. 1988).  Here, the Federal Circuit issued a detailed opinion, finding that it was "apparent" that Levandowski has no valid claim of privilege in the Due Diligence materials.  *Waymo LLC v. Uber Technologies, Inc.*, --- F.3d ---, 2017 WL 4018406, at *4 (Fed. Cir. Sept. 13, 2017).  The Federal Circuit based its reasoning on "undisputed facts," *id.* at *6, and criticized Levandowski's legal arguments as "contrary" to Ninth Circuit precedent, *id.* at *5.  Under these circumstances, the Federal Circuit's determinations as to the privilege issues were likely "on the merits," and Levandowski is foreclosed from reasserting his arguments, even on a second appeal.

The protective order that Levandowski seeks is also overbroad and inappropriate. Besides seeking to conceal the entire Due Diligence Report and all supporting exhibits, Levandowski also seeks to preclude its use "with any witness who will be testifying about the existence, authenticity, or possession of records by Mr. Levandowski." (Dkt. 1684 at 2.) This is unacceptable. If adopted, this prohibition would effectively prevent Waymo from using the Due Diligence Report—which all now admit is admissible—during the cross-examination of Defendants' witnesses to demonstrate their knowledge of the Report's contents and the timing of such knowledge relative to Uber's acquisition of Otto. This would bar a highly relevant use of critical, otherwise discoverable evidence, causing substantial prejudice to Waymo. Such evidentiary limitations on Waymo's use of the Due Diligence Report are particularly inappropriate in the context of this case where Waymo's has an extraordinarily short period of time to seek follow-up discovery regarding the Due Diligence Report.

As part of his requested protective order, Levandowski also asks that the Court limit the use of the Due Diligence Report to "only" this federal civil proceeding. (Dkt. 1684 at 2.) In so doing, Levandowski is asking the Court to do far more than simply maintain the confidentiality of the Report; he is effectively asking the Court to preemptively rule on the discoverability and admissibility of this evidence in other criminal and civil proceedings where this evidence may become relevant. This Court should reject such a sweeping order, which will only risk interference with potential parallel proceedings. For all of these reasons, the protective order requested by Levandowski should be denied.

### 3. Ron's Request For A Protective Order Is Unjustified.

Ron similarly fails to establish grounds for a protective order over any part of the Due Diligence Report. Ron first argues that "the majority" of the due diligence report is not more than tangentially related to the claims at issue in this case. (Dkt. 1686 at 3.) This argument strains credibility. The formation of Otto by Levandowski and Ron, and its subsequent acquisition by Uber is at the heart of this case. It is no secret that the Due Diligence Report was created by Defendants in conjunction with this transaction in order to specifically evaluate Defendants' potential liability for claims including those asserted in this litigation. (Dkt. 566 at 2-4.) Indeed,

the Due Diligence Report is so central to this litigation that in originally granting the Motion to Compel, Magistrate Judge Corley noted that these materials were "relevant" and that Waymo had demonstrated a "substantial need" sufficient to overcome work product protection with respect to the interview memoranda. (Dkt. 566 at 22.) Ron's argument, that the Court Due Diligence Report is largely not relevant, fails.

Unable to meet his burden of demonstrating that *any* portion of the Due Diligence Report lacks the requisite relevance, Ron attempts to shift the burden to the parties, arguing that "they should be required first to designate those specific portions of the report that they believe are relevant to the adjudication of the issues . . . so that the Court can properly evaluate the merits of their public disclosure." (Dkt. 1686 at 3.) This is improper. Ron bears the burden of establishing grounds for the protective order he seeks; if he believes that certain portions of the Due Diligence Report are irrelevant to the issues in this case, it was his responsibility to identify those portions for the consideration of the Court. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.") His failure to do so justifies denial of his Motion.

Ron also fails to establish any particularized harm that would result from the disclosure of the Due Diligence Report. Although Ron's motion vaguely references the possibility of "reputational scrutiny" (Dkt. 1686 at 4), he does not bother to offer any evidence—whether by declaration, or otherwise—that such potential harm is likely to result. Ron speculates that Waymo intends to disclose the Due Diligence Report "to gratify private spite or promote public scandal." (Dkt. 1686 at 4.) But the only "evidence" for this baseless assertion is the transcript of a hearing in this case during which Waymo argued that the parties should develop a procedure to resolve any disputes regarding the designation of the Due Diligence Report under the protective order. This hardly demonstrates that Waymo is seeking to publicize the Due Diligence Report for an improper purpose.

Ron reveals his true motivation in seeking a protective order in the penultimate paragraph of the argument section of his Motion. (Dkt. 1686 at 5.) According to Ron, this Court should

maintain the secrecy of the Due Diligence Report so that Ron may re-litigate this Court's privilege rulings in the pending Arbitration against himself and Levandowski. (Dkt. 1686 at 5.) Ron offers no authority (and Waymo is aware of none) supporting his argument that it is proper for a Court to shield discoverable, relevant evidence from the public eye for such a purpose. Indeed, the relief requested by Ron would actually interfere with the jurisdiction of the Arbitrators, because it would effectively render copies of the Due Diligence Report within the possession of Waymo, Uber, and Otto undiscoverable in the Arbitration *even if* the Arbitrators deem such information non-privileged. This Court should decline Ron's invitation to interfere with the jurisdiction of the Arbitrators and close-off avenues of potentially legitimate discovery in parallel proceedings.

**CONCLUSION**

For the foregoing reasons, Waymo respectfully requests that the Court deny the Motions for Protective Order filed by Defendants, Levandowski, and Ron.

DATED: September 21, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for WAYMO LLC