1  JONATHAN A. PATCHEN (SBN 237346)
   TAYLOR & PATCHEN, LLP
2  One Ferry Building, Suite 355
   San Francisco, California  94111
3  Telephone:  (415) 788-8200
   Facsimile:   (415) 788-8208
4  E-mail: jpatchen@taylorpatchen.com

5  Attorneys for Non-Party LIOR RON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| WAYMO, LLC, | Case No.: 3:17-CV-00939 (WHA) |
|---|---|
| Plaintiff, | **NON-PARTY LIOR RON'S REPLY IN SUPPORT OF MOTION TO INTERVENE AND MOTION FOR A PROTECTIVE ORDER** |
| vs. | |
| UBER TECHNOLOGIES, INC; OTTOMOTTO LLC; and OTTO TRUCKING LLC, | Honorable William Alsup |
| Defendants. | |

TAYLOR & PATCHEN, LLP

NON-PARTY LIOR RON'S REPLY IN SUPPORT OF MOTION TO INTERVENE
AND MOTION FOR PROTECTIVE ORDER:  CASE NO.  3:17-CV-00939 (WHA)

Mr. Ron's requested protective order will not interfere with the Court's management of the case, the parties' resolution of the merits, or the public's right-of-access to relevant information. Instead, in line with the Court's directive, the requested protective order preserves the Court's and the parties' ability to openly discuss those portions of the due diligence report necessary to resolve the claims at issue while maintaining the needed level of confidentiality. The Court has been clear that portions of the due diligence report are going to be discussed openly at trial. Declaration of Jonathan Patchen, Ex. A, ¶ 2 (Excerpt from 9/20/2017 Hr'g Tr.) at 11:23. But, the Court has also explained that the parties "ought to keep it, quote, at the low-level confidential, among yourselves, and not give it to the *New York Times* and everybody else, at that low level." *Id.* at 11:20-22. Mr. Ron's requested protective order acknowledges those uses and limits. In fact, Mr. Ron only objects to the disclosure of the particularly identified irrelevant portions of the due diligence report that are unnecessary to resolve the issues in this case. The only possible use Waymo has for those irrelevant portions—and the wholesale de-designation of the due diligence report—is exactly what the Court has forbidden: widespread dissemination to the public for extra-judicial purposes. The Court should therefore grant Mr. Ron's request for a narrow, limited protective order.[1]

Waymo concedes that maintaining the confidentiality of certain parts of the report is appropriate given the particular content. *See* Dkt. 1732, Waymo Opp. Br. at 2 (requesting confidentiality designations for certain exhibits to the report). The question, then, is not whether to seal the report, but what portions. And, in that regard, Waymo fails to explain why the specific portions of the report that Mr. Ron identified as irrelevant in his opening brief have any bearing on this case. Indeed, Waymo completely ignores Mr. Ron's identification of specific portions of the report and instead overreaches by broadly asserting that the entire report is relevant because it relates in various ways to the formation of Otto "and its subsequent acquisition by Uber." Dkt. 1732, Waymo Opp. Br. at 5. Mr. Ron agrees that there are certain aspects of Otto's acquisition by Uber—and the report—that likely do have a bearing on the issues in this case and, accordingly,

---

[1] Waymo did not oppose Mr. Ron's request to intervene and so waived any argument in opposition to that request. *See, e.g.*, *Pecover v. Elecs. Arts Inc.*, 633 F. Supp. 2d 976, 984 (N.D. Cal. 2009)

TAYLOR & PATCHEN, LLP

1.

NON-PARTY LIOR RON'S REPLY IN SUPPORT OF MOTION TO INTERVENE
AND MOTION FOR PROTECTIVE ORDER: CASE NO. 3:17-CV-00939 (WHA)

Mr. Ron did not seek to maintain the confidentiality of the whole report and did not seek to maintain the confidentiality of those particular sections. But it is absurd to suggest that everything and anything pertaining to Otto is relevant to Waymo's claims of trade secret misappropriation. Waymo itself acknowledges that there are portions of the report that evaluate the Defendants' potential liability for claims other than those asserted in the litigation. *Id.* (noting that the report evaluates Defendants' potential liability for a variety of claims, including *but not limited to* those asserted in the litigation). Waymo does not explain how the evaluation of the potential liability for those other claims could possibly be or is relevant here. Instead, Waymo relies solely on attorney argument to incorrectly assert that Mr. Ron has failed to meet his burden.

Mr. Ron has met his burden. Waymo concedes that to obtain a protective order here, Mr. Ron must make a showing of good cause supported by (1) "specific prejudice or harm" (2) "for each particular document [he] seeks to protect." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); Dkt. 1732, Waymo Opp. Br. at 6. Mr. Ron identified two concrete, specific harms that will result if the Court does not grant his protective order for the indicated portions of the report. First, Mr. Ron showed that he stands to suffer significant reputational scrutiny and harm as a result of the disclosure of the "uncharged and unproven conduct" contained in the due diligence report that may suggest wrongdoing. *See, e.g.*, *United States v. Benzer*, No. 2:13-cr-00018-JCM-GWF, 2015 U.S. Dist. LEXIS 169109, at *16–17 (D. Nev. Dec. 15, 2015); *see* Dkt. 1686 at 4. Second, Mr. Ron demonstrated that he stands to suffer prejudice in a separate arbitration governed by California law where a decision has not been reached about the privilege of the report and the opposing party (Google) has already requested a copy. *See* Dkt. 1686 at 4-5.

Waymo does not actually dispute that Mr. Ron will suffer reputational harm or that he will be prejudiced in the arbitration. *See* Dkt. 1732, Waymo Opp. Br. Instead, Waymo argues that Mr. Ron has not adequately demonstrated that "Waymo is seeking to publicize the Due Diligence Report for an improper purpose." *Id.* at 6. Notwithstanding the fact that Waymo has not explained why it requires the entire report to be designated as nonconfidential (except the portions it wants sealed), the reputational harm that Mr. Ron would suffer from irrelevant portions of the report being publicized would occur whether it was Waymo's *intention* to publicize the report or

2.

TAYLOR & PATCHEN, LLP

NON-PARTY LIOR RON'S REPLY IN SUPPORT OF MOTION TO INTERVENE
AND MOTION FOR PROTECTIVE ORDER: CASE NO. 3:17-CV-00939 (WHA)

1 not. Waymo's intent does not mitigate the harm that Mr. Ron would face.

2     Waymo's arguments regarding the harm that Mr. Ron will face in the arbitration if the whole report is made public at this point fare no better. Instead of disputing that Mr. Ron would be harmed by the public disclosure of the due diligence report, Waymo asserts that Mr. Ron is simply trying to "re-litigate th[e] Court's privilege rulings in the pending arbitration." *See* Dkt. 1732, Waymo Opp. Br. at 7. This is incorrect. In fact, as stated in Mr. Ron's opening brief, Mr. Ron did not litigate this issue in District Court, and he has not had the opportunity to litigate the issue under broader California law—both of which would be subverted if Google and/or the Panel were to have public access to the entirety of the due diligence report outright. *See* Dkt. 1686 at 4-5. Further, a protective order will not, as Waymo claims, usurp the Panel's jurisdiction: if the arbitration Panel rules against Mr. Ron's privilege claim, the parties to this litigation can seek to de-designate as confidential the relevant portions of the Report.

    Contrary to Waymo's assertions, Mr. Ron's request is narrowly tailored to prevent the particularized harm that could result from the disclosure of irrelevant materials. Specifically, Mr. Ron requested that the Court maintain as confidential at least the following:

| PAGES TO BE SEALED | PORTION(S) TO BE SEALED | PAGES TO BE SEALED | PORTION(S) TO BE SEALED |
|---|---|---|---|
| 9 | The entire page except for the partial paragraph at the top | 24 | Entire page |
| 15 | The bottom half of the page | 25 | The second through fifth paragraphs |
| 16 | The top half of the page | 27 | The top half of the page |
| 17 | The fourth paragraph of the page through the end of the page | 28 | Paragraphs two and four |
| 18 | Up to the last full paragraph of the page | 31 | Paragraphs one through five |
| 19 | The first full paragraph of the page | 32 | The top half of the page |
| 20 | Entire page | | The addendum from Mr. Ron |
| 21 | Entire page | | The interview summary of Mr. Ron. |

TAYLOR & PATCHEN, LLP

3.

NON-PARTY LIOR RON'S REPLY IN SUPPORT OF MOTION TO INTERVENE
AND MOTION FOR PROTECTIVE ORDER: CASE NO. 3:17-CV-00939 (WHA)

| PAGES TO BE SEALED | PORTION(S) TO BE SEALED | PAGES TO BE SEALED | PORTION(S) TO BE SEALED |
|---|---|---|---|
| 22 | Entire page | | All exhibits to Mr. Ron's interview summary |
| 23 | Entire page | | Exhibits 3, 18, and 78-127 of the report |

For these reasons, Mr. Ron respectfully requests that the Court grant his motion to intervene and his motion for a protective order over at least those parts of the Stroz report identified above.

Dated: September 22, 2017   Respectfully submitted,

TAYLOR & PATCHEN, LLP

By:   */s/ Jonathan A. Patchen*
            Jonathan A. Patchen
Attorneys for Non-Party LIOR RON

TAYLOR & PATCHEN, LLP

4.
NON-PARTY LIOR RON'S REPLY IN SUPPORT OF MOTION TO INTERVENE
AND MOTION FOR PROTECTIVE ORDER:  CASE NO. 3:17-CV-00939 (WHA)