1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
     David A. Perlson (Bar No. 209502)
3    davidperlson@quinnemanuel.com
     Melissa Baily (Bar No. 237649)
4    melissabaily@quinnemanuel.com
     John Neukom (Bar No. 275887)
5    johnneukom@quinnemanuel.com
     Jordan Jaffe (Bar No. 254886)
6    jordanjaffe@quinnemanuel.com
   50 California Street, 22nd Floor
7  San Francisco, California 94111-4788
   Telephone:     (415) 875-6600
8  Facsimile:     (415) 875-6700

9  Attorneys for WAYMO LLC

10                 UNITED STATES DISTRICT COURT

11      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12  WAYMO LLC,                            CASE NO. 3:17-cv-00939-WHA

13            Plaintiff,                  **PLAINTIFF WAYMO LLC'S**
                                          **ADMINISTRATIVE MOTION TO FILE**
14       vs.                             **UNDER SEAL ITS OPPOSITION TO**
                                          **DEFENDANTS' MOTION IN LIMINE TO**
15  UBER TECHNOLOGIES, INC.;              **EXCLUDE TESTIMONY OF GARY**
    OTTOMOTTO LLC; OTTO TRUCKING          **BROWN AND KRISTINN GUDJONSSON**
16  LLC,

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal information in its Opposition to Defendants' Motion in Limine to Exclude Testimony of Gary Brown and Kristinn Gudjonsson concurrently herewith. Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Opposition to Defendants' Motion in Limine to Exclude Testimony of Gary Brown and Kristinn Gudjonsson ("Waymo's Opposition") | Highlighted in green | Waymo |
| Exhibit 1 to Waymo's Opposition | Highlighted in green | Waymo |
| Exhibit 5 to Waymo's Opposition | Highlighted in green | Waymo |

## I.     LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

## II.     THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the portions of Waymo's Opposition and Exhibits 1 and 5 (highlighted in green) identified by Waymo in the table above.  Waymo seeks to file this information under seal because it contains highly sensitive information that Waymo seeks to seal. *See* Cooper Declaration ¶ 3. Specifically, those portions contains regarding Waymo's security measures and protocols (including staffing of Google's security team), the scope of forensic investigations conducted (including the identity of non-public targets of those investigations), and detailed computer forensics regarding access to Waymo's trade secrets. Confidential business information that, if released, may "harm a litigant's competitive standing" merits sealing. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978). And the public disclosure of this information would cause significant competitive harm to Waymo, as its security measures and computer forensics methods would become known to competitors who could use such information to Waymo's disadvantage.  Further, the documents sought to be sealed contains email addresses and/or phone numbers of Waymo employees

1    and former employees involved in this case, the disclosure of which would cause Waymo and those

2    employees substantial harm due to the high public profile of this litigation. Waymo has narrowly

3    tailored its requests to only information meriting sealing.  The information that Waymo seeks to seal,

4    therefore, also meets this heightened standard. Thus, the Court should grant Waymo's administrative

5    motion to seal.

6    **III.    CONCLUSION**

7         In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the

8    above listed documents accompany this Administrative Motion.  For the foregoing reasons,

9    Waymo respectfully requests that the Court grant Waymo's Administrative Motion.

10   DATED:  September 22, 2017              QUINN EMANUEL URQUHART & SULLIVAN,
                                            LLP

11

12                                          By  */s/ Charles K. Verhoeven*
                                                Charles K. Verhoeven
13                                              Attorneys for WAYMO LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28