QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>              Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF FELIPE CORREDOR IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL THEIR OPPOSITION TO WAYMO'S MOTION FOR CONTINUANCE OF TRIAL DATE** |

the

I, Felipe Corredor, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Defendants' Uber Technologies, Inc. and Ottomotto LLC's Administrative Motion to File Under Seal Their Opposition to Waymo's Motion for Continuance of Trial Date (the "Administrative Motion"). The Administrative Motion seeks an order sealing highlighted portions of Defendants' Opposition to Waymo's Motion for Continuance of Trial Date ("Uber's Opposition"), the Declaration of Arturo J. Gonzalez, and Exhibits 1 and 15 thereto, as well as the entirety of Exhibits 2-7, 10-14, and 16 thereto.

3. The portions of Uber's Opposition marked in red boxes, the portions of Exhibit 15 highlighted in green, and the entirety of Exhibits 10-14 and 16 contain or refer to trade secrets and confidential business information, which Waymo seeks to seal.

4. Uber's Opposition (portions marked in red boxes in version filed herewith) and Exhibit 11 (entire document) contain, reference, and/or describe Waymo's highly confidential and sensitive business information. The information Waymo seeks to seal regards confidential analysis of Waymo's business, including financial details. I understand that this confidential business information is maintained by Waymo as secret. The public disclosure of this information would give Waymo's competitors access to Waymo's business strategy for its autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

5. Uber's Opposition (portions marked in red boxes in version filed herewith), Exhibits 12-14 and 16 (entire documents), and Exhibit 15 (green highlighted portions) contain, reference, and/or describe Waymo's asserted trade secrets. The information Waymo seeks to seal includes the confidential design and functionality of Waymo's proprietary autonomous vehicle system, including its LiDAR designs, which Waymo maintains as secret. I understand that these trade secrets are maintained as secret by Waymo (Dkt. 25-47) and that the trade secrets are valuable to Waymo's

business (Dkt. 25-31).  The public disclosure of this information would give Waymo's competitors access to descriptions of the functionality or features of Waymo's autonomous vehicle system.  If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

6. Exhibit 10 (entire document) contains, references, and/or describes Waymo's highly confidential and sensitive business information.  Such information includes internal confidential policies and details regarding Waymo's security measures and protocols.  I understand that Waymo maintains this information as confidential.  The public disclosure of this information would cause significant competitive harm to Waymo, as its security measures would become known to competitors who could use such information to Waymo's disadvantage.

7. Waymo's request to seal is narrowly tailored to those portions of Uber's Opposition and Exhibits 10-16 that merit sealing.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on September 22, 2017.

By */s/ Felipe Corredor*
Felipe Corredor
Attorneys for WAYMO LLC

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Felipe Corredor.

By: */s/ Charles K. Verhoeven*
Charles K. Verhoeven