QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>           Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>           Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. HESSELINK REGARDING PROTECTIONS OF WAYMO'S ALLEGED TRADE SECRETS AND EXHIBIT THERETO** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal portions of its Opposition to Defendants' Motion in Limine to Exclude Testimony of Dr. Hesselink Regarding Protections of Waymo's Alleged Trade Secrets ("Waymo's Opposition") and exhibit thereto. Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Opposition | Highlighted Portions | Waymo (green highlighting) |
| Exhibit 1 to Newton Declaration | Highlighted Portions | Waymo (green highlighting) |

## I. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II. THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the portions of Waymo's Opposition and exhibit thereto identified by Waymo in the table above. Waymo seeks to file this information under seal because it discloses Waymo's confidential business information. *See* Declaration of Felipe Corredor ("Corredor Decl.") ¶ 3. Confidential business information that, if released, may "harm a litigant's competitive standing" merits sealing. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978). Specifically, those portions contains regarding Waymo's security measures and protocols (including staffing of Google's security team), the scope of forensic investigations conducted (including the identity of non-public targets of those investigations), and detailed computer forensics regarding access to Waymo's trade secrets. The public disclosure of this information would cause significant competitive harm to

1  Waymo, as its security measures and computer forensics methods would become known to
2  competitors who could use such information to Waymo's disadvantage. Waymo has narrowly tailored
3  its requests to only information meriting sealing. Thus, the Court should grant Waymo's
4  administrative motion to seal.

### III. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion. For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's administrative motion to file under seal.

DATED: September 22, 2017         QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                   By  */s/ Charles Verhoeven*
                                       Charles Verhoeven
                                       Attorneys for WAYMO LLC