# *EXHIBIT 1*

## *REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED*

# *EXHIBIT 1*



# OCEAN TOMO
INTELLECTUAL CAPITAL EQUITY

## WAYMO LLC

## V.

## UBER TECHNOLOGIES INC, ET AL.

Civil Action No. 3:17-cv-00939

## EXPERT REBUTTAL REPORT OF JAMES E. MALACKOWSKI

**September 07, 2017**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## 11  NO RECOVERY AGAINST OTTO TRUCKING

### 11.1  No Evidence that Otto Trucking Has Utilized the Asserted Trade Secrets

Otto Trucking is a separate legal entity from Uber and Ottomotto.[292] 

Accordingly, Waymo offers no measure or amount of monetary recovery that is applicable to Otto Trucking. According to Waymo, "there is nothing improper about the fact that Waymo's damages contentions do not disclose an Otto Trucking-specific damages theory and do not (yet) disclose an Otto Trucking-specific damages number."[297]

Waymo provides no evidence that any of its alleged trade secrets have been disclosed to Otto Trucking, or that Otto Trucking has acquired, used or disclosed to a third party any of those alleged trade secrets.[298]

---

[292] Otto Trucking's Supplemental Responses to Waymo's 3rd Set of Expedited Interrogatories, July 7, 2017, pp. 3 – 6.

Mr. Ron testified that Otto Trucking ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Deposition of Lior Ron, April 19, 2017, p. 13.

Mr. Poetzscher also stated in his deposition that Otto Trucking is just ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Deposition of Cameron Poetzscher, June 19, 2017, p. 370.

[293] Mr. Schwarz testified that Otto Trucking ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Deposition of Brent Schwarz, August 15, 2017, p. 292.

Mr. Ron also testified that Otto Trucking does not have any employees doing any work in relation to any trucking-related technologies. Deposition of Lior Ron, April 19, 2017, p. 48.

[294] Mr. Ron testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Deposition of Lior Ron, April 19, 2017, pp. 13, 15, 48.

[295] OTTOTRUCKING00002902;

Mr. Schwarz, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Deposition of Brent Schwarz, August 15, 2017, pp. 121-122.

[296] Otto Trucking's Responses to Waymo's 1st Set of Common Interrogatories, July 28, 2017, pp. 4, 6.

Mr. Schwarz testified that Otto Trucking ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Deposition of Brent Schwarz, August 15, 2017, pp. 114, 148, 291.

[297] Waymo's Opposition to Otto Trucking's Motion to Enforce the Court's June 7, 2017 Order (Dkt. 563) and to Join and Adopt Co-Defendants Uber and Ottomotto's Motion to Enforce the Court's June 7, 2017 Order (Dkt. 563), July 21, 2017, p. 1.

[298] Defendants' Motion for Summary Judgement, August 31, 2017, p. 19.

In addition, Dr. Hesselink, Waymo's technical expert, offers no opinion that Otto Trucking has used either the Spider or Fuji LiDAR system, or that Otto Trucking otherwise obtained or made use of any Waymo's alleged trade secrets.[299] 

"[301]

Furthermore, ts.

### 11.2   Waymo's Claim Against Uber/Ottomotto Will Resolve All Misappropriation Claims

In this litigation, Waymo's unjust enrichment claim against Uber is based on the alleged entire value of the asserted trade secrets to Uber. Waymo asserts that

Furthermore, Waymo's reasonable royalty claim is derived by simply increasing the alleged for each asserted trade secret by 10 percent. Alternatively, Waymo seeks an injunction precluding Uber's alleged future use of the asserted trade secrets.

---

[299] Defendants' Motion for Summary Judgement, August 31, 2017, p. 19.

[300] Otto Trucking's Responses to Waymo's 1st Set of Common Interrogatories, July 28, 2017, p. 4; Otto Trucking's Supplemental Responses to Waymo's 3rd Set of Expedited Interrogatories, July 7, 2017, pp. 3 – 6; Declaration of Brent Schwarz in Support of Defendants' Motion for Summary Judgment, August 31, 2017, p. 1.

[301] Otto Trucking's Corrected Objections and Responses to Waymo's 4th Set of Common Interrogatories, August 17, 2017, p. 2.

[302] Sealed Exhibit 1, DI988.

[303] OTTOTRUCKING00000945; OTTOTRUCKING00000951; OTTOTRUCKING00000964. Deposition of Rhian Morgan, August 8, 2017, at pp. 165-66. Vasumathi Raman was a former Uber and Otto employee. Id. at p. 167.

[304] OTTOTRUCKING00000945; OTTOTRUCKING00000951; OTTOTRUCKING00000964.

[305] OTTOTRUCKING00000945.

Regardless of the outcome of this litigation, it will satisfy Waymo's claim against Otto Trucking.  First, should Waymo prevail on the merits of this case and be granted an injunction, Uber will be precluded from utilizing the subject matter of the asserted trade secrets, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Second, if Waymo prevails on the merits of this case but is denied an injunction, the monetary recovery Waymo receives from Uber would satisfy Waymo with respect to all uses Uber makes of the alleged trade secrets.▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  As set forth above, there is no record evidence that Otto Trucking has or will achieve any cost savings of its own relating to the alleged use of the asserted trade secrets.

Third, if Waymo loses on the merits of this case, then the fact finder would have concluded that neither Uber or Otto Trucking misappropriated the alleged trade secrets, and no recovery will be due Waymo from Uber or Otto Trucking.

## 12   MR. WAGNER FAILS TO ADDRESS RECOVERY FROM OTTO TRUCKING

The Wagner Report fails to address monetary recovery from Otto Trucking.  According to Mr. Wagner:



As discussed further below, in addition to these asserted measures of unjust enrichment not quantified by Mr. Wagner, 

The introduction to Mr. Wagner's unjust enrichment analysis in fact confirms that his analyses do not relate to Otto Trucking.

---

[306] The Wagner Report, August 24, 2017, p. 121.  I reserve the right to respond to any opinions Mr. Wagner may offer in the future regarding these alleged "benefits."



Mr. Wagner likewise fails to address Otto Trucking in his reasonable royalty analysis and since his royalty rate is based on Uber's AV savings, they similarly to do not apply to Otto Trucking.

Similarly, the Wagner Report explicitly excludes a calculation that would be relevant to any business which Otto Trucking may conduct in the future. I will discuss the bases of Mr. Wagner's current unjust enrichment calculations and describe their lack of applicability to Otto Trucking in the sections below.

**12.1   Mr. Wagner's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Theory Is Inapplicable to Otto Trucking**

Mr. Wagner's "▮▮▮▮▮▮▮▮▮▮▮▮" theory is derived by multiplying ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**12.1.1   Uber's Projected Annual Operating Expense Savings Are Car Related**

Mr. Wagner's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ opinions are based on projections developed in 2016 by *Uber* employee, Nina Qi. According to Mr. Wagner, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This model is solely focused on savings that Uber could achieve by getting its drivers out of vehicles faster. None of these costs savings would accrue to Otto Trucking.



---

[307] The Wagner Report, August 24, 2017, p. 98.

[308] The Wagner Report, August 24, 2017, Schedule 2.1; Uber and Ottomotto's 2nd Supplemental Responses to Waymo's 1st Set of Common Interrogatories (Nos. 1 – 3), August 11, 2017, pp. 5 – 10. According to the Uber and Ottomotto, "***Uber*** provide[d] time and cost estimates for an independent contractor to redesign the accused features of Fuji." Id. at p. 4.

[309] The Wagner Report, August 24, 2017, pp. 101 – 102.

[310] UBER00069030 – 033 at 033; UBER00069029.

[311] The Wagner Report, August 24, 2017, pp. 103 – 104.



Thus, the component of Mr. Wagner's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ measure of unjust enrichment is based entirely on estimated and projected *Uber* data and potential savings to *Uber* related to its TaaS car service. Conversely stated, no part of Mr. Wagner's conclusions regarding the alleged value of accelerating the AV development schedule considers Otto Trucking in any way.

**12.1.2   The Estimated Number of Accelerated Schedule Days by Asserted Trade Secret**

*Uber* provided Waymo with its assessment of the estimated schedule days needed to independently recreate the Asserted Trade Secrets. *Uber*'s estimates are specific for each Asserted Trade Secret. In interrogatory responses, *Uber* explains that it:



---

[312] UBER00231798 – 807 at 800; The Wagner Report, August 24, 2017, p. 100.

[313] Uber and Ottomotto's 5th Supplemental Responses to Waymo's 1st Set of Common Interrogatories, (Nos. 1 – 3), August 24, 2017, p. 4.

[314] Uber and Ottomotto's 5th Supplemental Responses to Waymo's 1st Set of Common Interrogatories, (Nos. 1 – 3), August 24, 2017, p. 4.



In his report, Mr. Wagner simply relied upon *Uber's* estimated schedule time to quantify the ▮▮▮" and "▮▮▮ measure of *Uber's* unjust enrichment for each Asserted Trade Secret. The Wagner Report contains no assessment of Otto Trucking realizing any acceleration to its development schedule as a result of the alleged misappropriation of the Asserted Trade Secrets.

---

[315] ▮▮▮ Uber and Ottomotto's 5th Supplemental Responses to Waymo's 1st Set of Common Interrogatories, (Nos. 1 – 3), August 24, 2017, p. 18.

[316] Uber and Ottomotto's 5th Supplemental Responses to Waymo's 1st Set of Common Interrogatories, (Nos. 1 – 3), August 24, 2017, p. 8. ▮▮▮

**12.2   Mr. Wagner's ▮▮▮▮▮▮▮▮▮▮▮▮" Theory Is Inapplicable to Otto Trucking**

According to Mr. Wagner, *Uber's* unjust enrichment can alternatively ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Mr. Wagner's ▮▮▮▮▮▮▮▮▮▮▮ unjust enrichment theory is derived by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The Wagner Report references an *Uber* document which indicates that *Uber's* then monthly ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The Wagner Report also references the deposition testimony of *Uber* employee John Bares who testified that: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[320] In no way does this amount relate to Otto Trucking.

Thus, Mr. Wagner's ▮▮▮▮▮▮▮▮▮▮▮ unjust enrichment theory is based on *Uber* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Conversely, no part of Mr. Wagner's conclusions regarding the ▮▮▮▮▮▮▮ measure of unjust enrichment considers Otto Trucking in any way.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**12.3   Mr. Wagner's Reasonable Royalty Conclusions Are Inapplicable to Otto Trucking**

Mr. Wagner's reasonable royalty measure of monetary recovery is inapplicable to Otto Trucking. First, Mr. Wagner utilizes a royalty base for each Asserted Trade Secret that is the exact same amount derived under his unjust enrichment analysis measured by the ▮▮▮▮▮▮▮▮▮▮▮" theory.[322] According to Mr. Wagner, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, for all the reasons

---

[317] The Wagner Report, August 24, 2017, Schedule 2.1; Defendants' 2nd Supplemental Responses to Waymo's 1st Set of Common Interrogatories (Nos. 1 – 3), August 11, 2017, pp. 6 – 10. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ subsection, I merely address the fact that Mr. Wagner's unjust enrichment theory is based entirely upon *Uber* projected cost savings.

[319] UBER00060321 – 347 at 321.

[320] Deposition of John Bares, June 16, 2017, pp. 214 – 215.

[321] The Wagner Report, August 24, 2017, Schedule 2.1.

[322] Based on *Uber's* "Baseline City Coverage" projection.

[323] The Wagner Report, August 24, 2017, p. 143.

set forth in subsections 13.1 and 13.2 above, Mr. Wagner's reasonable royalty conclusions are equally inapplicable to Otto Trucking.

Second, Mr. Wagner ultimately increases these starting points which result in an unrealistic and unreliable conclusion. Despite stating that this would be a willing buyer/seller negotiation, yet concludes that Uber/Ottomotto would pay 110% of their total alleged benefit from the trade secret with no justification or rationale as to why Uber would agree to such a one-sided outcome. The proper outcome of a negotiation would be to split these alleged benefits between the parties, which would result only a portion going to Waymo with Uber retaining some of the benefits.

Third, Mr. Wagner increases the royalty base for each Asserted Trade Secret ▮▮▮▮▮▮▮▮ based on his assessment of the *Georgia-Pacific*[324] factors. Mr. Wagner addresses each of the 15 *Georgia-Pacific* factors in reaching his conclusion. However, Mr. Wagner's assessment of the *Georgia-Pacific* factors is limited to *Uber* and *Ottomotto*.[325] For example:



- Georgia-Pacific Factor No 2 – For this factor, Mr. Wagner considers "the rates paid by the licensee for the use of other technology comparable to the trade secrets." In evaluating this factor, Mr. Wagner simply states, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[6] Thus, Mr. Wagner fails to address Otto Trucking in his evaluation of Factor No. 2.

- Georgia-Pacific Factor No 3 – For this factor, Mr. Wagner considers "the nature and scope of the license, as exclusive or nonexclusive, or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold."[327] In evaluating this factor, Mr. Wagner states, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. Wagner fails to address Otto Trucking in his evaluation of Factor No. 3.

- Georgia-Pacific Factor No 5 – For this factor, Mr. Wagner considers "the commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business or whether they are investor and promotor."[329] In evaluating this factor, Mr. Wagner states in part that:

---

[324] *Georgia-Pacific Corp. v. U.S. Plywood Corporation*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

[325] With only the exception of Georgia Pacific No. 6.

[326] The Wagner Report, August 24, 2017, p. 144.

[327] The Wagner Report, August 24, 2017, p. 145.

[328] The Wagner Report, August 24, 2017, p. 145.

[329] The Wagner Report, August 24, 2017, p. 146.



Thus, Mr. Wagner fails to address Otto Trucking in his evaluation of Factor No. 5.

- <u>Georgia-Pacific Factor No 9</u> – For this factor, Mr. Wagner considers "the utility and advantages of the trade secrets over the old mode or devices, if any, that had been used for working out similar results."[332] In evaluating this factor, Mr. Wagner states in part that: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Thus, Mr. Wagner fails to address Otto Trucking in his evaluation of Factor No. 9.

- <u>Georgia-Pacific Factor No 13</u> – For this factor, Mr. Wagner considers "the portion of the realizable profit that should be credited to the invention as distinguished from other elements, the manufacturing process, business risks or significant features or improvements added by the infringer."[334] In evaluating this factor, Mr. Wagner states in part that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Thus, Mr. Wagner fails to address Otto Trucking in his evaluation of Factor No. 13.

The only *Georgia-Pacific* factor for which Mr. Wagner mentions Otto Trucking is Factor No. 6 which considers "the effect of selling the product embodying the trade secrets in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of sales of his non-trade secret embodying items and the extent of such derivative or convoyed sales."[336] In considering this factor, Mr. Wagner states that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[337] Thus, Mr. Wagner apparently views Otto Trucking as a form of potential convoyed sale. Mr. Wagner further states that he is unaware of any ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[330] Self-driving vehicles.

[331] The Wagner Report, August 24, 2017, p. 146, emphasis added.

[332] The Wagner Report, August 24, 2017, p. 152.

[333] The Wagner Report, August 24, 2017, p. 152, emphasis added.

[334] The Wagner Report, August 24, 2017, p. 155.

[335] The Wagner Report, August 24, 2017, p. 155, emphasis added.

[336] The Wagner Report, August 24, 2017, p. 146.

[337] The Wagner Report, August 24, 2017, p. 147.

▉▉▉▉▉▉' ▉ but concludes it would increase the royalty over his baseline amounts. Again, Mr. Wagner acknowledges that he cannot and has not quantified any amounts related to Otto Trucking.

### 12.4 Conclusion Regarding Otto Trucking

The Wagner Report fails to provide a measure or amount of monetary recovery that is applicable to Otto Trucking. Nowhere in either of Mr. Wagner's alternative unjust enrichment theories does Mr. Wagner discuss or quantify the alleged unjust enrichment of Otto Trucking. In addition, in only one factor,[339] does Mr. Wagner mention Otto Trucking in his reasonable royalty analysis, and he admits he did not quantify any value relating to trucking. Accordingly, the Wagner Report provides no basis for reaching a conclusion concerning the monetary recovery due Waymo for Otto Trucking's alleged potential future use of the Asserted Trade Secrets.

## 13 MR. WAGNER'S OPINIONS ARE ERRONEOUS AND UNRELIABLE

For the reasons set forth below, the opinions and conclusions set forth in the Wagner Report are erroneous and unreliable.

### 13.1 Mr. Wagner's Unjust Enrichment Opinions Are Unreliable

Wagner asserts two alternative measures of Uber's alleged unjust enrichment: the ▉▉▉▉▉▉▉▉▉▉ measure and the ▉▉▉▉▉▉▉▉▉▉ measure. Both of Mr. Wagner's approaches to quantifying Uber's alleged unjust enrichment incorporate unsupported assumptions that are contradicted by the record evidence in this case. Accordingly, Mr. Wagner's unjust enrichment related opinions are unreliable.

#### 13.1.1 Mr. Wagner's ▉▉▉▉▉▉▉▉▉▉ Measure of Unjust Enrichment is Erroneous

For at least the following reasons, Mr. Wagner's quantification of Uber's alleged unjust enrichment based on the ▉▉▉▉▉▉▉▉▉▉ theory is erroneous and unreliable.

---

[338] The Wagner Report, August 24, 2017, p. 147.

[339] In Mr. Wagner's evaluation of Georgia-Pacific Factor No. 6.

Based on the record evidence as well as my professional experience, I have concluded that the indemnification provisions relating to Uber's acquisition of Ottomotto are commercially reasonable.

## 15   SIGNATURE

Respectfully submitted,

_____                              September 7, 2017

James E. Malackowski                                        Date

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY