Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant: Otto Trucking LLC*

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Waymo LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC,<br><br>　　　　　Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANT OTTO TRUCKING LLC'S OPPOSITION TO PLAINTIFF WAYMO LLC'S MOTION TO EXCLUDE OTTO TRUCKING'S DAMAGES EXPERT JAMES MALACKOWSKI PURSUANT TO RULE 702 AND *DAUBERT***<br><br>Date:　　　　September 27, 2017<br>Time:　　　　8:00 a.m.<br>Courtroom:　8 (19th Floor)<br>Judge:　　　Hon. William Alsup<br>Trial:　　　　October 10, 2017<br><br>Filed/Lodged Concurrently with:<br>1.　Declaration of Neel Chatterjee |

I. **INTRODUCTION**

Otto Trucking respectfully requests that the Court deny Waymo's motion to exclude Otto Trucking's damages expert, James Malackowski. Mr. Malackowski is a preeminent licensing and damages expert with 30 years of experience. Waymo does not challenge Mr. Malackowski's qualifications. Nor does Waymo even attempt to discuss the record evidence and reasoning that support Mr. Malackowski's damages opinions. Instead, Waymo asks the Court to exclude Mr. Malackowski's damages opinions related to Otto Trucking based solely on the ground that his opinions are allegedly improper legal conclusions.[1] Waymo is incorrect.

In this litigation — indeed, in its current motion — Waymo has openly admitted that it has no specific damages theory as related to Otto Trucking. *See* Waymo's Motion to Exclude Otto Trucking's Damages Expert James Malackowski Pursuant to Rule 702 and *Daubert* ("Mot."). at 4. Consistent with this admission, Waymo's expert, Michael Wagner, sets forth damages opinions for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ based only on facts relating to Uber and Ottomotto — not Otto Trucking. For Otto Trucking, Mr. Wagner readily admits ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In response to Mr. Wagner's report, Mr. Malackowski explains that (1) there should be no separate damages against Otto Trucking for any alleged misappropriation and, relatedly, (2) Mr. Wagner has failed to address any separate recovery from Otto Trucking. These are not legal conclusions, and there really should be no dispute that Mr. Malackowski is permitted to analyze and criticize the methodology of Waymo's experts.

Despite no evidence of any calculation by Mr. Wagner, Waymo nevertheless takes issue with Mr. Malackowski's opinions because he does not address its purported damages theories based on joint and several liability and vicarious liability. *See id.* Oddly enough, these liability issues are legal issues that Mr. Malackowski properly did not address (and that have already been presented to the Court, *see* Dkt. No. 1423 at 19-20; Dkt. No. 1637 at 8-14) (briefing on Otto Trucking's summary

---

[1] Mr. Malackowski's report contains additional opinions relating to (a) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (b) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and (c) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Jim Timmins. Waymo has not sought to exclude any of these opinions.

1

judgment motion)). Indeed, Waymo's own expert Mr. Wagner does not discuss joint and several liability or vicarious liability in his report.  It thus appears that Waymo, through this motion, is improperly attempting to have these legal liability issues adjudged in its favor.  But it is well-settled that a *Daubert* motion cannot be used in this fashion.  *See, e.g.*, *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("[M]otions *in limine* should not be used as disguised motions for summary judgment.").

In short, Mr. Malackowski's opinions are both based on the specific facts of this case and responsive to Mr. Wagner's report.  These opinions are within the purview of Rule 702 and should be heard by a jury in open court.  Waymo's motion should be denied.

## II. MR. MALACKOWSKI'S OPINIONS

Mr. Malackowski sets forth two opinions in his expert report related to damages as to Otto Trucking: (1) there should be no separate damages recovery from Otto Trucking, *see* Declaration of Neel Chatterjee ("Chaterjee Decl."), Ex. 1 ("Malackowski Rept.") at 41-43; and (2) Waymo's expert, Mr. Wagner, fails to separately address monetary recovery from Otto Trucking, *see id.* at 43-50.

First, Mr. Malackowski opines that there should be no separate recovery against Otto Trucking.  He explains that, under the facts of this case, any recovery against Uber or Ottomotto will resolve Waymo's claims such that Waymo will be fully compensated for any alleged misappropriation.  In particular, Mr. Malackowski discusses three possible factual scenarios in the case:

> Regardless of the outcome of this litigation, it will satisfy Waymo's claim against Otto Trucking.  First, should Waymo prevail on the merits of this case and be granted an injunction, Uber will be precluded from utilizing the subject matter of the asserted trade secrets ███████████████████████████████████████████████████████████ .
>
> Second, if Waymo prevails on the merits of this case but is denied an injunction, the monetary recovery Waymo receives from Uber would satisfy Waymo with respect to all uses Uber makes of the alleged trade secrets, ██████████████████████ ████████████████████. As set forth above, there is no record evidence that Otto Trucking has or will achieve any cost savings of its own relating to the alleged use of the asserted trade secrets.

2

DEFENDANT OTTO TRUCKING'S OPPOSITION TO WAYMO LLC'S          CASE NO. 3:17-CV-00939
MOTION TO EXCLUDE OTTO TRUCKING'S DAMAGES EXPERT

1   Third, if Waymo loses on the merits of this case, then the fact finder would have
2   concluded that neither Uber or Otto Trucking misappropriated the alleged trade
    secrets, and no recovery will be due Waymo from Uber or Otto Trucking.

*Id.* at 43.

Second, Mr. Malackowski details how Mr. Wagner failed to address separate monetary recovery from Otto Trucking. Mr. Malackowski first directs attention to Mr. Wagner's assertion that there are certain measures of damages for Otto Trucking that ▉▉▉▉:

The Wagner Report fails to address monetary recovery from Otto Trucking. According to Mr. Wagner:

*Id.* at 43 (quoting Wagner Rept. at 121). Mr. Malackowski further explains that, in addition to these excluded calculations, Mr. Wagner's ▉▉▉ do not take into account any facts related to Otto Trucking. *See id.* at 43 ▉▉▉ 44 ("▉▉▉.]"). As Mr. Malackowski points out, "[t]he introduction to Mr. Wagner's unjust enrichment analysis in fact confirms that his analyses do not relate to Otto Trucking":

*Id.* at 43-44 (quoting Wagner Rept. at 103-104; emphasis in Malackowski Rept.).

Mr. Wagner has since confirmed at deposition that ▉▉▉. *See* Chatterjee Decl., Ex. 2 (Wagner Rough Dep. Tr.) at 123:25–124:4 ("▉▉▉"), 135:7-11 ▉▉▉

3

DEFENDANT OTTO TRUCKING'S OPPOSITION TO WAYMO LLC'S    CASE NO. 3:17-CV-00939
MOTION TO EXCLUDE OTTO TRUCKING'S DAMAGES EXPERT

[redacted] 131:7-11 [redacted]

## III. ARGUMENT

Mr. Malackowski's expert opinions are based upon his extensive prior experience, tied directly to facts of the case, and directly responsive to Mr. Wagner's damages opinions. Moreover, Mr. Malackowski's responsive opinions are precisely the types of opinions contemplated by the Federal Rules. *See, e.g.*, *Nehara v. California*, No. 1:10-CV-00491 JLT, 2013 WL 5670867, at *2 (E.D. Cal. Oct. 16, 2013) ("A party may file a 'rebuttal' expert report to 'contradict or rebut evidence' offered by another party in its initial expert disclosures.") (citing Fed. R. Civ. P. 26(a)(2)(D)(ii)). Mr. Malackowski should be permitted to testify before the jury as to these opinions, as such testimony will assist the jury in understanding Mr. Wagner's opinions as well as the evidence (or lack thereof) that Waymo sets forth to support its damages against Otto Trucking. *See* Fed. R. Evid. 702.

Setting aside its broad complaints of improper legal conclusions, Waymo fails to provide any specific analysis as to how Mr. Malackowski's opinions constitute legal conclusions. Waymo's single cited case, *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051 (9th Cir. 2008), highlights the deficiencies in its "legal conclusion" argument. In that case, the expert's excluded testimony all related to improper recitations and applications of the law. The district court excluded the following legal explanations and conclusions :

> (1) sections that discuss the UCC and/or apply the UCC to the facts of this case; (2) sections that discuss non-UCC law and/or apply non-UCC law to the facts of this case; (3) sections that discuss agency law and/or apply agency law to the facts of this case; (4) sections that discuss the parties' legal rights, duties, and obligations under the law; (5) sections that label the parties' actions as "wrongful" or "intentional" under the law; and (6) sections that discuss the appropriate formula to calculate damages under the law.

*Id.* at 1058. Here, in contrast, Mr. Malackowski does not recite or explain any laws in his expert report, nor does he attempt to apply any laws. And Waymo certainly has not identified any such

4

DEFENDANT OTTO TRUCKING'S OPPOSITION TO WAYMO LLC'S   CASE NO. 3:17-CV-00939
MOTION TO EXCLUDE OTTO TRUCKING'S DAMAGES EXPERT

1  laws in its motion.  To the contrary, as discussed above, Mr. Malackowski's report is limited to
2  interpretation of the facts of this case and the theories presented in the Wagner report.
3      Waymo's arguments related to joint and several liability and vicarious liability can be
4  summarily dismissed.  *See* Mot. at 4-5.  Those legal issues are not discussed by either parties'
5  damages expert and are entirely unrelated to Mr. Malackowski's qualifications or the soundness of
6  his methodology under Rule 702 or *Daubert*.  Waymo can litigate the merits of its liability theories
7  outside the context of a *Daubert* motion.

## IV. CONCLUSION

For the reasons set forth above, Waymo's motion to exclude Mr. Malackowski should be denied.

Dated:   September 22, 2017          Respectfully submitted,

By:   /s/   Neel Chatterjee
Neel Chatterjee
*nchatterjee@goodwinlaw.com*
Brett Schuman
*bschuman@goodwinlaw.com*
Shane Brun
*sbrun@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
Hong-An Vu
*hvu@goodwinlaw.com*
**GOODWIN PROCTER LLP**

*Attorneys for Defendant: Otto Trucking LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document including all of its attachments with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **September 22, 2017**.  I further certify that all participants in the case are registered CM/ECF users and that service of the publicly filed documents will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on **September 22, 2017**.

                                          /s/   Neel Chatterjee
                                          NEEL CHATTERJEE