MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:     415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:     202.237.2727
Facsimile:     202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019-6023
Telephone:     212.336.8330
Facsimile:     202.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>                    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER<br>TECHNOLOGIES, INC. AND<br>OTTOMOTTO LLC'S MOTION TO<br>QUASH AND MOTION FOR<br>PROTECTIVE ORDER REGARDING<br>SUBPOENAS TO YOO AND<br>GONZALEZ**<br><br>Trial Date: October 10, 2017 |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................... 1

II.     LEGAL STANDARDS.................................................................................................... 1

    A.      The Court Has Broad Discretion to Issue Protective Orders and Quash
        Subpoenas ............................................................................................................ 1

    B.      Waymo Bears the Burden of Overcoming a Strong Presumption Against
        Attorney Depositions .......................................................................................... 2

    C.      Under the Apex Doctrine, the Witness Must Have First-Hand,
        Non-Repetitive Knowledge, and Other Discovery Must Be Exhausted ................. 3

III.    ARGUMENT .................................................................................................................. 3

    A.      THE COURT SHOULD ISSUE A PROTECTIVE ORDER
        PROHIBITING SALLE YOO'S DEPOSITION .................................................. 3

        1.      Other Means Exist to Obtain the Testimony Waymo Seeks to Elicit
               from Ms. Yoo ......................................................................................... 4

        2.      Waymo Cannot Show that Ms. Yoo's Testimony Is Non-Privileged ......... 5

        3.      Waymo Cannot Show that Ms. Yoo's Testimony Is Crucial ..................... 5

        4.      Waymo Cannot Show that Ms. Yoo's Deposition Is Proper Under
               the Apex Doctrine .................................................................................. 5

    B.      WAYMO'S TRIAL SUBPOENA TO SALLE YOO SHOULD BE
        QUASHED.......................................................................................................... 6

    C.      WAYMO'S TRIAL SUBPOENA TO ARTURO GONZÁLEZ SHOULD
        BE QUASHED .................................................................................................... 6

IV.     CONCLUSION ............................................................................................................... 7

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*,
5
    No. C 12-80192 EJD (PSG), 2012 WL 12898829 (N.D. Cal. Oct. 19, 2012)...........................6

6

*Affinity Labs v. Apple, Inc.*,
    No. C 09-4436 CW (JL), 2011 WL 1753982 (N.D. Cal. May 9, 2011) ....................................3
7

*Apple Inc. v. Samsung Elecs. Co.*,
8
    282 F.R.D. 259 (N.D. Cal. 2012) ............................................................................................3

9

*ATS Prods., Inc v. Champion Fiberglass, Inc.*,
10
    No. 13-CV-02403-SI (DMR), 2015 WL 3561611 (N.D. Cal. June 8, 2015) ........................1, 2

11

*Fed. Trade Comm'n v. Directv, Inc.*,
    No. 15-CV-01129-HSG(MEJ), 2016 WL 1741137 (N.D. Cal. May 3, 2016) ......................1, 2
12

*Fed. Trade Comm'n v. Directv, Inc.*,
13
    No. 15-CV-01129-HSG (MEJ), 2016 WL 4154851 (N.D. Cal. Aug. 5, 2016).............1, 2, 4, 7

14

*Flotsam of Cal., Inc. v. Huntington Beach Conference & Visitors Bureau*,
15
    No. C06-7028 MMC MEJ, 2007 WL 4171136 (N.D. Cal. Nov. 26, 2007) .............................2

16

*In re Google Litig.*,
    No. C 08-03172 RMW (PSG), 2011 WL 4985279 (N.D. Cal. Oct. 19, 2011)..........................3
17

*Gruenbaum v. Werner Enters., Inc.*,
18
    270 F.R.D. 298 (S.D.Ohio 2010) ............................................................................................2

19

*GSI Tech., Inc. v. United Memories, Inc.*,
20
    No. 5:13-CV-01081-PSG, 2015 WL 12942202 (N.D. Cal. Oct. 23, 2015)................................2

21

*Kirschner v. Klemons*,
    No. 99 CIV. 4828 (RCC), 2005 WL 1214330 (S.D.N.Y. May 19, 2005) ................................6
22

*Mehmet v. PayPal, Inc.*,
23
    No. 5:08 CV 1961, 2009 WL 921637 (N.D. Cal. Apr. 3, 2009)................................................3

24

*Townsend v. Imperial Cty.*,
    No. 12-CV-2739-WQH PCL, 2014 WL 2090689 (S.D. Cal. May 19, 2014) ...........................2
25

26

27

28

**Statutes and Other Authorities**

Fed. R. Civ. P.

26 ........................................................................................................................................... 4
26(c) ...................................................................................................................................... 1
26(c)(1) ................................................................................................................................. 1
30(b)(6) ................................................................................................................................. 4
45 ........................................................................................................................................... 7
45(c)(3)(A) ....................................................................................................................... 1, 6
45(c)(3)(A)(iv) ..................................................................................................................... 6

## I.   INTRODUCTION

Waymo seeks to call at trial Uber's Chief Legal Officer, Salle Yoo, and MoFo's lead trial counsel, Arturo González.  Waymo further seeks the deposition of Ms. Yoo in connection with the Stroz report.  Waymo cannot support its purported need for testimony from either Ms. Yoo or Mr. González.  To the contrary, there is ample good cause for the Court to prohibit Waymo from calling these individuals to testify at deposition or at trial.  Uber therefore respectfully requests that the Court quash these individuals' trial subpoenas, and issue a protective order prohibiting the deposition of Ms. Yoo.

## II.   LEGAL STANDARDS

### A.   The Court Has Broad Discretion to Issue Protective Orders and Quash Subpoenas

Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Fed. Trade Comm'n v. Directv, Inc.*, No. 15-CV-01129-HSG (MEJ), 2016 WL 1741137, at *1 (N.D. Cal. May 3, 2016).  "A court 'must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules' if 'the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'"  *ATS Prods., Inc v. Champion Fiberglass, Inc.*, No. 13-CV-02403-SI (DMR), 2015 WL 3561611, at *6 (N.D. Cal. June 8, 2015) (citing Fed. R. Civ. P. 26(b)(2)(C)).

Courts may issue protective orders to protect any party or witness from "annoyance, embarrassment, oppression, or undue burden or expense," including by "prohibiting disclosure or discovery."  Fed. R. Civ. P. 26(c)(1); *Fed. Trade Comm'n v. Directv, Inc.*, No. 15 CV-01129-HSG(MEJ), 2016 WL 4154851, at *1 (N.D. Cal. Aug. 5, 2016).  A protective order may issue upon a showing of good cause for its issuance.  *Id.*  In the case of a party seeking to depose opposing counsel, however, the burden of proof shifts to the party seeking the deposition.  *Fed. Trade Comm'n*, 2016 WL 1741137, at *2.

Additionally, Fed. R. Civ. P. 45(c)(3)(A) provides that "the court … must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no

exception or waiver applies; or (iv) subjects a person to undue burden."

### B.     Waymo Bears the Burden of Overcoming a Strong Presumption Against Attorney Depositions

Courts in this district agree that attorney depositions should be permitted only where the party seeking the deposition shows that (1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case. *Fed. Trade Comm'n*, 2016 WL 1741137, at *2 ("In considering whether to permit testimony by an opposing party's attorney-witness, courts in this District utilize the standard set out by the Eighth Circuit in *Shelton*") (listing cases); *ATS Prods., Inc*, 2015 WL 3561611, at *5 ("The Ninth Circuit has not issued a published decision governing depositions of opposing counsel either in the context of soliciting testimony about a pending case or about a concluded case. Courts in this district have followed the demanding three-factor test laid out in *Shelton*…"). The *Shelton* standard applies to both outside and in-house counsel. *Gruenbaum v. Werner Enters., Inc.,* 270 F.R.D. 298, 309–10 (S.D. Ohio 2010) (holding, *inter alia,* that *Shelton* applies to protective orders for depositions of in-house counsel); *GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-CV-01081-PSG, 2015 WL 12942202, at *1 (N.D. Cal. Oct. 23, 2015); *Townsend v. Imperial Cty.*, No. 12-CV-2739-WQH (PCL), 2014 WL 2090689, at *2 (S.D. Cal. May 19, 2014).

Courts apply a "strong presumption" against allowing attorney depositions, and the burden is on the party seeking the deposition to show why it should go forward. *Fed. Trade Comm'n*, 2016 WL 1741137, at *2 (N.D. Cal. May 3, 2016) ("Applying the *Shelton* factors, the Court finds DIRECTV has not met its burden to overcome the strong presumption against deposing counsel during active litigation."); *see also Flotsam of Cal., Inc. v. Huntington Beach Conference & Visitors Bureau*, No. C 06-7028 MMC MEJ, 2007 WL 4171136, at *1 (N.D. Cal. Nov. 26, 2007) ("The burden is on the party seeking the discovery [from opposing counsel] to demonstrate its propriety and need."). "[T]he practice of forcing trial counsel to testify as a witness . . . has long been discouraged." *Fed. Trade Comm'n*, 2016 WL 4154851, at *3 (citing *Shelton*).

1

**C.      Under the Apex Doctrine, the Witness Must Have First-Hand,
Non-Repetitive Knowledge, and Other Discovery Must Be Exhausted**

2

3      "When a party seeks the deposition of a high-level executive (a so-called 'apex'

4   deposition), courts have 'observed that such discovery creates a tremendous potential for abuse or

5   harassment." *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (citing

6   *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 WL 205067, at *3

7   (N.D. Cal. Jan. 25, 2007)).  Accordingly, "[w]hen a party seeks the deposition of a high-level

8   executive . . . the court may exercise its discretion under the federal rules to limit discovery."

9   *Affinity Labs v. Apple, Inc.*, No. C 09-4436 CW (JL), 2011 WL 1753982, at *15 (N.D. Cal. May 9,

10   2011).  "In determining whether to allow an apex deposition, courts consider (1) whether the

11   deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and

12   (2) whether the party seeking the deposition has exhausted other less intrusive discovery

13   measures." *In re Google Litig.*, No. C 08-03172 RMW (PSG), 2011 WL 4985279, at *2 (N.D.

14   Cal. Oct. 19, 2011).  Courts in this district apply the apex standard when evaluating requests to

15   depose the general counsel of a corporation.  *Mehmet v. PayPal, Inc.*, No. 5:08 CV 1961, 2009

16   WL 921637, at *2 (N.D. Cal. Apr. 3, 2009).

17      **III.    ARGUMENT**

18      **A.      THE COURT SHOULD ISSUE A PROTECTIVE ORDER
PROHIBITING SALLE YOO'S DEPOSITION**

19

20      Ms. Yoo is Uber's Chief Legal Officer.  Thus, both the *Shelton* test and the apex doctrine

21   govern whether Waymo may seek her deposition.  Waymo cannot identify (1) any testimony she

22   could provide that could not be obtained by questioning any of the five other attorneys it will be

23   deposing in the next two weeks, (2) any non-privileged facts to which she could testify, and

24   (3) any reason that her testimony is crucial to the preparation of its case, thus failing the *Shelton*

25   test on all three fronts.  Waymo is similarly unable to satisfy the requirements of the apex

26   doctrine.  The Court should therefore issue a protective order prohibiting Ms. Yoo's deposition

27   pursuant to Rule 26.

28

1.     **Other Means Exist to Obtain the Testimony Waymo Seeks to Elicit from Ms. Yoo**

Waymo's primary reason for seeking testimony from Ms. Yoo is that she was "involved in the Stroz due diligence process."  Waymo supports this assertion by referencing emails between MoFo attorney Eric Tate, Anthony Levandowski's attorney John Gardner, Uber executive Cameron Poetzscher, and Ms. Yoo.  Five days from now, Waymo will be deposing every other individual on these emails.  Waymo offers no explanation why those depositions will not be sufficient for Waymo to obtain the information it seeks about these emails and the Stroz due diligence.

Waymo also refers to Ms. Yoo's receipt of copies of the diligence questionnaire, the draft Levandowski memorandum, and status updates on parts of Stroz's investigation.  None of these facts constitute a showing that Waymo cannot obtain the information it seeks about Uber's knowledge of the Stroz investigation from other witnesses.  First, Waymo will be deposing Uber's head of litigation Angela Padilla and Uber legal director Justin Suhr, who both also received these documents and updates.  Moreover, Waymo itself recognizes that the information it seeks from Mr. Suhr is the same as the information it seeks from Ms. Yoo (Arturo Gonzalez Decl, Ex. 1, J. Judah 9/21/17 email, "Suhr- He was obviously quite involved in the due diligence process").  Indeed, this week Uber will be offering Mr. Suhr as its 30(b)(6) deponent on "the Stroz due diligence investigation, including its origins and any affect the results of the investigation may have had on Uber's acquisition of Ottomotto."  The availability of a 30(b)(6) witness on the topic about which a party seeks to depose opposing counsel obviates any claimed need for the opposing counsel's deposition. *Fed. Trade Comm'n*, 2016 WL 4154851, at *4 (refusing to compel attorney deposition, noting that "[w]hile [the attorney] likely possesses relevant knowledge as to [defendant's] MSA compliance program, so would a Rule 30(b)(6) designee.").

Finally, Waymo cites an email from Ms. Padilla to Mr. Levandowski regarding Uber's requests for cooperation from Mr. Levandowski, on which Ms. Yoo is merely copied.  As Waymo will be deposing the actual author of this email, there is no need to question Ms. Yoo about it as

1   well.

2        Waymo's failure to show that it cannot obtain the information it seeks from Ms. Yoo

3   elsewhere is itself sufficient good cause for the Court to grant Uber's motion for a protective

4   order over Ms. Yoo.

5               **2.**     **Waymo Cannot Show that Ms. Yoo's Testimony Is**

6                     **Non-Privileged**

7        Waymo has not identified any non-privileged, unique facts that Ms. Yoo could testify to,

8   nor can it.  The only documents Waymo references in support of Ms. Yoo's involvement with the

9   Stroz report simply underscore the fact that Ms. Yoo's knowledge about this topic is privileged or

10   redundant; the communications involving Ms. Yoo are either (1) redacted in their entirety or (2)

11   written by or sent directly to one of the five other lawyers Waymo will be deposing.  (*See*

12   González Decl. Exs. 2-3, in which all communications involving Ms. Yoo following Stroz's

13   update on the investigation are amongst counsel and wholly redacted for privilege.)   In the

14   absence of any non-privileged, unique facts to which Ms. Yoo could testify, there is no basis for

15   this deposition to go forward.

16               **3.**     **Waymo Cannot Show that Ms. Yoo's Testimony Is Crucial**

17        As detailed above, Waymo cannot point to any information it seeks to obtain from

18   Ms. Yoo that it could not obtain from any of the numerous upcoming depositions of Uber

19   witnesses.  Her individual testimony is therefore not crucial to this case.   Similarly, given that

20   Waymo cannot identify any non-privileged unique facts to which she could testify, Waymo

21   cannot identify *any* non-duplicative, "crucial" testimony she could provide.

22        While an attorney deposition must be prohibited where the party seeking to take the

23   deposition fails to satisfy even one prong of the *Shelton* test, Waymo fails to satisfy each of the

24   three prongs.

25               **4.**     **Waymo Cannot Show that Ms. Yoo's Deposition Is Proper**

26                     **Under the Apex Doctrine**

27        Ms. Yoo's deposition is equally improper under the apex doctrine.  Waymo plainly cannot

28   show that Ms. Yoo has "unique first-hand, non-repetitive knowledge of the facts at issue in the

1   case" or that Waymo "exhausted other less intrusive discovery measures."  Indeed, Waymo will

2   be taking the depositions of two other MoFo partners (Eric Tate and Rudy Kim), Uber's head of

3   litigation (Angela Padilla), an Uber Legal Director (Justin Suhr), and Mr. Levandowski's personal

4   lawyer (John Gardner) in the next two weeks.  There is no basis for Waymo to depose more

5   lawyers.  Five is enough.

6   **B.      WAYMO'S TRIAL SUBPOENA TO SALLE YOO SHOULD BE
            QUASHED**

7

8         Waymo cannot provide a justification for even the deposition of Ms. Yoo, much less a

9   basis to call her as a trial witness.  The court should therefore quash Ms. Yoo's trial subpoena

10  under Rule 45's "privilege" and "undue burden" provision.

11        First, as described above, there are no non-privileged, unique facts to which Ms. Yoo can

12  testify.  Second, "[w]hether a subpoena subjects a witness to undue burden within the meaning of

13  Rule 45(c)(3)(A)(iv) depends upon such factors as relevance ..."  *Kirschner v. Klemons*, No. 99

14  Civ. 4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (internal citations omitted).

15  "A subpoena that pursues material with little apparent or likely relevance to the subject matter ...

16  is likely to be quashed as unreasonable even where the burden of compliance would not be

17  onerous."  *Id*; *see also Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. C 12-

18  80192 EJD (PSG), 2012 WL 12898829, at *3 (N.D. Cal. Oct. 19, 2012) ("Rule 45(c)(3)(A)

19  requires court to consider such factors as relevance") (internal citations omitted).  Here,

20  Ms. Yoo's testimony is irrelevant because her knowledge is redundant in light of the numerous

21  witnesses named above with knowledge of the exact same subject matter.  It is further irrelevant

22  because there are no non-privileged, non-duplicative facts to which Ms. Yoo could testify.  There

23  is simply no basis to call Ms. Yoo as a trial witness, and her subpoena should be quashed.

24  **C.      WAYMO'S TRIAL SUBPOENA TO ARTURO GONZÁLEZ
            SHOULD BE QUASHED**

25

26        Arturo González is MoFo's lead trial counsel.  The only purported basis for calling

27  Mr. González as a trial witness is to ask about documents related to the Stroz investigation that

28  MoFo obtained *after* Google filed arbitration claims against Mr. Levandowski, in MoFo's prior

1  capacity as counsel for Mr. Levandowski.  However, the Court has already suggested that as trial

2  counsel, Mr. González should not be associated with the legal work done in connection with the

3  Uber-Otto transaction.  (7/26/2017 Hr'g. Tr. at 15-16.)  Indeed, Mr. González had nothing to do

4  with the Stroz due diligence.   That MoFo received records *after* Google's filing of the

5  Levandowski actions is irrelevant to any of the issues in this case.  Thus, Mr. González can

6  provide no relevant testimony that would justify calling him at trial.

7      Moreover, even if MoFo's receipt of these documents were relevant, there are other

8  witnesses who could testify about that fact.   Two other MoFo partners, Eric Tate and Rudy Kim,

9  will be deposed this week.  To the extent Waymo has any questions about those records (which

10  have all been produced to Waymo), they can ask Mr. Tate or Mr. Kim.

11      "The practice of forcing trial counsel to testify as a witness . . . has long been

12  discouraged," *Fed. Trade Comm'n,* 2016 WL 4154851, at *3 (citing *Shelton*), and Waymo cannot

13  provide any justification to force Mr. González to testify here.  For the reasons stated above, any

14  testimony Mr. González could provide would be irrelevant or duplicative.  Accordingly, the Court

15  should quash Mr. González's subpoena as an undue burden pursuant to Rule 45.

16      **IV.   CONCLUSION**

17      For the foregoing reasons, Defendants Uber and Ottomotto respectfully request that

18  pursuant to its authority under Rules 26 and 45, the Court quash the trial subpoenas to

19  Mr. González and Ms. Yoo, and issue a protective order prohibiting the deposition of Ms. Yoo.

20

21  Dated:  September 24, 2017                    MORRISON & FOERSTER LLP

22

23                                      By:  _____*/s/ Arturo J. González*_____
                                           ARTURO J. GONZÁLEZ
24
                                           Attorneys for Defendants
25                                         UBER TECHNOLOGIES, INC.
                                           and OTTOMOTTO LLC
26

27

28