# Exhibit 8

# James Judah

| | |
|---|---|
| **From:** | Rivera, Sylvia <SRivera@mofo.com> |
| **Sent:** | Sunday, September 24, 2017 8:41 PM |
| **To:** | James Judah; QE-Waymo |
| **Cc:** | UberWaymoMoFoAttorneys; bsf_external_uberwaymolit@bsfllp.com; dg-gpottotruckingwaymo@goodwinlaw.com; Uber-sg@LISTS.SUSMANGODFREY.COM; jcooper@fbm.com; mcate@fbm.com |
| **Subject:** | RE: Waymo v Uber - discovery correspondence |

James,

Thank you for agreeing to Uber's proposal, which Uber offered in the spirit of compromise, to further depositions of Travis Kalanick and Adam Bentley of three hours. Uber objects to the remaining additional discovery sought in your email below. Waymo does not get a "do-over" on discovery. Waymo is already taking 15 fact witness depositions that will include Stroz-related issues, including the depositions of three Uber in-house counsel (one of whom was outside counsel for Ottomotto and then in-house counsel at Ottomotto during the relevant time period) and two Morrison partners. Waymo is not entitled to cumulative testimony from three additional Uber in-house lawyers, another outside lawyer for Ottomotto (Mr. Amdursky), and Mr. Ron's counsel (Ms. Baker), particularly where Waymo has known about their involvement in the due diligence investigation since April 2017 and could have accounted for their depositions before fact discovery closed. As I noted yesterday, Uber does not control Mr. Amdursky or Ms. Baker and could not produce them for deposition in any event. The requested depositions of Max Levandowski, Dan Gruver, Dan Ratner, and Asheem Linaval also are inappropriate, for the reasons discussed in the parties' correspondence last Friday and on yesterday's call.

Further, the parties did not agree that Waymo could "reserve" interrogatories to be served after the close of fact discovery. And we already produced a witness on Topic 3. I will provide an update on UBER_154 and the billing records under separate cover, since they are otherwise unrelated to the issues discussed herein.

Finally, I feel compelled to respond to certain of the preambles to your email as they pertain to Uber or its counsel. As you know, the "approximately 70,000 files produced by MoFo within the past 48 hours" have been available to Waymo for inspection since September 14; Epiq is neither Uber's nor Morrison's agent; and Uber is not withholding UBER_158 – that production volume is simply taking longer to prepare because it contains password-protected documents that are being troubleshooted.

Regards,
Sylvia

---

**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Sunday, September 24, 2017 2:50 PM
**To:** jcooper@fbm.com; mcate@fbm.com; UberWaymoMoFoAttorneys; bsf_external_uberwaymolit@bsfllp.com; dg-gpottotruckingwaymo@goodwinlaw.com
**Cc:** QE-Waymo
**Subject:** Waymo v Uber - discovery correspondence

Counsel and John –

I write to follow up on yesterday's meet and confer call.

First, for the continued depositions of Mr. Kalanick on October 2 and Mr. Bentley on September 27, as a compromise to avoid motion practice Waymo will agree to a time limit of 3 hours.  However, as noted on the call and in prior correspondence, discovery – including Waymo's review of the over 7000 documents produced by Defendants, Stroz, Lior Ron, and John Gardner within the past week and a half, the ongoing search and review of the 1.5 million files made available for review by Stroz, the unknown TB volume of information on additional devices provided by Mr. Levandowski to Stroz whose contents Waymo has still not had the opportunity to review, in addition to thousands of withheld files based on improper "privacy" screenings and privilege assertions that Waymo has not had the opportunity to review, the approximately 70,000 files produced by MoFo within the past 48 hours, not to mention the unknown volume of documents not yet produced by Defendants and their agents (including but not limited to the still-withheld Uber 158 production and Epiq materials) – is still ongoing, and Waymo obviously cannot and does not agree not to seek additional time with these or any other deponents.  Waymo therefore, as a compromise to avoid motion practice before Judge Corley, reserves all rights to seek additional depositions of Mr. Kalanick, Mr. Bentley, and all other deponents, including but not limited to after October 3.

Second, for the disputed depositions, as a compromise and in the interest of avoiding motion practice, and subject to the reservations of rights discussed above, Waymo proposes the following time limitations for these depositions provided they take place before October 3:

      Max Levandowski – 2 hours
      Dan Gruver – 2 hour
      Dan Ratner – 2 hours
      Asheem Linaval – 2 hours
      Salle Yoo – 5 hours
      Andrew Glickman – 7 hours
      Christian Lymn – 7 hours
      Eric Amdursky – 7 hours
      Alisa Baker – 7 hours

Please let us know by 6 PM whether these limitations obviate the need for motion practice on any of these depositions.

Third, we have yet to receive a response to Waymo's request for a new Uber and Ottomotto designee on Topic No. 3.  Unless we hear a written agreement by 6 PM to make those corporate representatives available before October 3, we will include this issue in our motion to compel tonight.

Fourth, please confirm that Defendants are refusing to agree to more than 3 new interrogatories and to any expedited schedule for responses.

Fifth, for existing interrogatories, please confirm whether Defendants will be supplementing their responses as appropriate based on the significant discovery that has been produced (and will continue to be produced) in light of the Federal Circuit's order.

Sixth, please provide an update on the missing metadata for Uber 154, as well as the yet-unproduced Kalanick billing records.

Best,
James


**James Judah**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6420 Direct

415.875.6600 Main Office Number
415.875.6700 FAX
jamesjudah@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.