# EXHIBIT B

| | |
|---|---|
| **From:** | Jonathan Patchen |
| **Sent:** | Thursday, August 10, 2017 10:08 AM |
| **To:** | 'John Cooper' |
| **Cc:** | QE-Waymo; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); UberWaymoMoFoAttorneys; nchatterjee@goodwinlaw.com; sbrun@goodwinlaw.com; rwalsh@goodwinlaw.com; Matthew Cate |
| **Subject:** | RE: Waymo v. Uber - L. Ron Motion to Quash |

Dear Master Cooper --

We write to follow up on the parties' meet-and-confer yesterday regarding Mr. Ron's motion to quash certain aspects of a subpoena served on Stroz by Waymo.  (Dkt. 805)  We understand the parties agreed Waymo would be allowed to inspect, under AEO protection, using a stand-alone computer, the materials provided by Mr. Ron to Stroz and identify which documents it wished to be produced (subject to objection by Mr. Ron on relevance, privacy, or other applicable grounds).

We do have one issue to raise with you and Waymo.  We anticipate that Mr. Ron's documents, as collected by Stroz, will include a substantial amount of attorney-client or common interest privileged communications that should not be included in the inspection.  We would propose that (1) the material to be inspected be filtered, pre-inspection, using a list of attorney and law firm names and (2) that any privileged communication that slips through such filtering be deemed an inadvertent disclosure, not constituting a waiver, with standard clawback rights.

We are available to meet and confer with you and Waymo if there are any concerns regarding this suggested approach.

Jonathan

**Taylor & Patchen, LLP**
One Ferry Building, Suite 355
San Francisco, CA  94111
T:  (415) 788-8200
F:  (415) 788-8208
www.taylorpatchen.com

**From:** John Cooper [mailto:JCooper@fbm.com]
**Sent:** Wednesday, August 09, 2017 12:56 PM
**To:** Jonathan Patchen
**Cc:** QE-Waymo; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); UberWaymoMoFoAttorneys; nchatterjee@goodwinlaw.com; sbrun@goodwinlaw.com; rwalsh@goodwinlaw.com; Matthew Cate
**Subject:** Re: Waymo v. Uber - L. Ron Motion to Quash

Counsel

We will meet and confer this afternoon at 4:00 pm.  Call in 888 759 6039 access 425 954 4410. Mr. Patchen please join this call. Thank you.

John

John L. Cooper
Farella Braun + Martel LLP

Direct: 415 954 4410
jcooper@fbm.com

On Aug 9, 2017, at 11:22 AM, Jonathan Patchen <jpatchen@taylorpatchen.com> wrote:

Dear Master Cooper:

On July 5, 2017, on behalf of non-party Lior Ron we filed a motion to quash certain aspects of a subpoena served on Stroz Friedberg by Waymo.  (Dkt. 805, attached).  On July 13, 2017, Waymo filed its opposition.  (Dkt. 892, attached).

I appeared this morning before Judge Corley, pursuant to her Aug. 7 order (Dkt. 1093) requesting oral argument on "any other submitted and not yet decided discovery motions."  At the hearing, Judge Corley directed that we address with you first the issue presented in Mr. Ron's motion.  By this email, with a copy to opposing counsel, we are raising the motion with you and seeking your guidance on how you would like us to proceed.

Thank you,

Jonathan Patchen

**Taylor & Patchen, LLP**
One Ferry Building, Suite 355
San Francisco, CA  94111
T:  (415) 788-8200
F:  (415) 788-8208
www.taylorpatchen.com

>>>>>Notice<<<<<
The information contained in this e-mail message may be privileged, confidential, and protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.  If you receive this e-mail message in error, please e-mail the sender at <mailto:jpatchen@taylorpatchen.com> and destroy the message.

<2017-07-05 (ECF 805) Ron - Letter Brief to Judge Corley re Stroz Subpoen....pdf>

<2017-07-13 (ECF 892) Waymo - Response to Ron's Letter Brief.pdf>

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP