# EXHIBIT J

**From:** Hanley Chew <HChew@StrozFriedberg.com>
**Sent:** Wednesday, March 30, 2016 4:51 PM
**To:** John F. Gardner
**Subject:** RE: Preliminary Draft List of Search Terms for Lior Ron and Anthony Levandowski

John,

My apologies for the oversight.

Hanley

---

**From:** John F. Gardner [mailto:JGardner@Donahue.com]
**Sent:** Wednesday, March 30, 2016 4:24 PM
**To:** Hanley Chew
**Subject:** FW: Preliminary Draft List of Search Terms for Lior Ron and Anthony Levandowski

Hanley,

Please note that the Engagement Protocol, a full copy of which is attached, provides in part as follows:

*For purposes of this Protocol, the term "O'Melveny" means O'Melveny & Meyers and if applicable, any separate counsel retained by the Diligenced Employee. All deliverables and folder access under this Protocol pertaining to "O'Melveny" shall be delivered or made available concurrently to such counsel, and any required authorizations or approvals of "O'Melveny" shall be issued jointly by such counsel.*

Please confirm that Stroz will provide all future deliverables and folder access concurrently to Donahue Fitzgerald LLP and O'Melveny & Myers.

Thank for you for your anticipated courtesy and cooperation.

John

---

**From:** Amdursky, Eric [mailto:eamdursky@omm.com]
**Sent:** Wednesday, March 30, 2016 11:38 AM
**To:** lioron@gmail.com; John F. Gardner
**Cc:** Bentley, Adam; Sieben, Paul; Schultz, Sam
**Subject:** Fwd: Preliminary Draft List of Search Terms for Lior Ron and Anthony Levandowski

Lior and John,

Here is the initial draft of the proposed search terms that Stroz has sent for our initial review and comment. In particular, we should note any terms that we believe should not be disclosed to MoFo because the search terms themselves reveal Former Employer's confidential information (e.g. project names). Please let me know if the two of you and Anthony have any comments.

Sent from my iPhone

Begin forwarded message:

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

DF00022837

**From:** Hanley Chew <HChew@StrozFriedberg.com>
**Date:** March 30, 2016 at 8:17:32 AM HST
**To:** "Amdursky, Eric" <eamdursky@omm.com>, "abentley@omm.com" <abentley@omm.com>, "psieben@omm.com" <psieben@omm.com>
**Subject: Preliminary Draft List of Search Terms for Lior Ron and Anthony Levandowski**

Attached please find the preliminary draft lists of search terms for Lior Ron and Anthony Levandowski.

Thank you.


Hanley Chew
*Vice President*

**STROZ FRIEDBERG**
101 Montgomery Street, Suite 2450, San Francisco, CA 94104

T: +1 415.671.4722
M: +1 415.316.2807
F: +1 310.623.3277
HChew@StrozFriedberg.com   www.strozfriedberg.com

This message and/or its attachments may contain information that is confidential and/or protected by privilege from disclosure. If you have reason to believe you are not the intended recipient, please immediately notify the sender by reply e-mail or by telephone, then delete this message (and any attachments), as well as all copies, including any printed copies. Thank you.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER					DF00022838

**From:** John F. Gardner
**Sent:** Thursday, March 31, 2016 11:23 AM
**To:** Hanley Chew
**Cc:** Eric Friedberg; Tate, Eric Akira; 'eamdursky@omm.com'; Mary Fulginiti
**Subject:** RE: Project Unicorn

Confirmed, thanks

**From:** Hanley Chew [mailto:HChew@StrozFriedberg.com]
**Sent:** Thursday, March 31, 2016 11:22 AM
**To:** John F. Gardner
**Cc:** Eric Friedberg; Tate, Eric Akira; 'eamdursky@omm.com'; Mary Fulginiti
**Subject:** Project Unicorn

John,

Unicorn has asked us to share information concerning the metadata analysis of the Aspen folders found on one of the custodian's devices in an interim report on our 11:00 conference call on March 31, 2016. Do you authorize us to provide the information?

Thank you.

Hanley Chew
*Vice President*

**STROZ FRIEDBERG**
101 Montgomery Street, Suite 2450, San Francisco, CA 94104

T: +1 415.671.4722
M: +1 415.316.2807
F: +1 310.623.3277
HChew@StrozFriedberg.com   www.strozfriedberg.com

This message and/or its attachments may contain information that is confidential and/or protected by privilege from disclosure. If you have reason to believe you are not the intended recipient, please immediately notify the sender by reply e-mail or by telephone, then delete this message (and any attachments), as well as all copies, including any printed copies. Thank you.

**From:** John F. Gardner
**Sent:** Thursday, March 31, 2016 6:13 PM
**To:** Hanley Chew
**Subject:** RE: Aspen Information

Approved, thanks for confirming.

**From:** Hanley Chew [mailto:HChew@StrozFriedberg.com]
**Sent:** Thursday, March 31, 2016 6:08 PM
**To:** John F. Gardner
**Subject:** Aspen Information

John,

I am emailing to confirm that you have authorized, and are authorizing, us to disclose to the parties information about the DropBox account of one of the custodians on our 5:45 conference call on March 31, 2016. Is this correct?

Hanley Chew
*Vice President*

**STROZ FRIEDBERG**
101 Montgomery Street, Suite 2450, San Francisco, CA 94104

T: +1 415.671.4722
M: +1 415.316.2807
F: +1 310.623.3277
HChew@StrozFriedberg.com   www.strozfriedberg.com

This message and/or its attachments may contain information that is confidential and/or protected by privilege from disclosure. If you have reason to believe you are not the intended recipient, please immediately notify the sender by reply e-mail or by telephone, then delete this message (and any attachments), as well as all copies, including any printed copies. Thank you.

**From:** John F. Gardner
**Sent:** Saturday, April 09, 2016 11:35 AM
**To:** Eric Friedberg
**Cc:** Hanley Chew; Mary Fulginiti; Judith Branham; Melanie Maugeri
**Subject:** Stroz Examination/Reconfirmation
**Attachments:** Letter Agreement re ASL Documents/Confirmation

Eric,

We appreciate your team's extraordinary efforts on the Stroz Examination. The engagement protocol does not permit interim reporting or disclosures, but specifically contemplates an independent third party investigation followed by a single final report. As this matter has moved forward, and as an accommodation to your clients, we have approved specific interim reports and disclosures on a case-by-case basis.

We are mindful that your clients may be forgetful of the Examination Protocol attached to your Engagement Letter, which is identical to the Examination Protocol attached to our letter agreement. To avoid any confusion, and for purposes of our letter agreement, we are reiterating that Stroz must seek prior written approval for disclosures or communications not specifically contemplated in the Examination Protocol.

Thanks,

John


John F. Gardner | Partner

Donahue Fitzgerald LLP


cid:image003.jpg@01CFC2CB.355200F0

Growers Square, 1646 N. California Blvd, Ste. 250

Walnut Creek, CA  94596

Tel:  925.296.1322 | Fax: 925.746.7776

Walnut Creek||Oakland||Marin

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER                                                                                       DF00022906

**From:** John F. Gardner
**Sent:** Wednesday, March 23, 2016 10:54 PM
**To:** Eric Friedberg
**Cc:** Julie Zawislak
**Subject:** Letter Agreement re ASL Documents/Confirmation
**Attachments:** Letter to Stroz re ASL Documents with Friedberg signature 032216.pdf

Privileged and Confidential Communication

Eric,

We are in receipt of your counterpart signature of the letter agreement with respect to the terms of Anthony Levandowski's participation in the Stroz Examination. We take Stroz's covenants seriously, and wish to emphasize both that Stroz has direct contractual obligations to Mr. Levandowski, and the limitations on Stroz's receipt and use of the Aspen Information (as defined).

We would also emphasize that Stroz has been engaged by its Clients as an independent third party to provide a confidential and independent review of the Aspen Information, subject to a final examination report. The examination must be conducted on an independent, third party basis and without the involvement or interference of O'Melveny & Meyers or Morrison and Foerster, as attorneys for Ottomotto Inc and Uber Technologies.

We also wish to ensure that Stroz does not inadvertently violate the terms of its contractual arrangements with Mr. Levandowski. Please ensure that your staff is apprised of the limitations of the Examination Protocol, attached for your ease of reference. Stroz has agreed not to disclose the Aspen Information to OMM or Morrison, other their respective clients, except as provided in the Examination Protocol. The Protocol does not permit disclosure of any information expect as expressly provided. The permitted disclosures under the Protocol are subject to the prior approval of Donahue Fitzgerald LLP.

We trust that Stroz has complied with these terms and will continue to do so in connection with our client's continued participation in the Stroz Examination. In the event Stroz has any question regarding what may be discussed or disclosed to its Clients, including telephonic or written disclosures, we encourage you to clear those issues with us in advance in order to avoid an unnecessary complications.

Best regards,

John

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER                                                                                       DF00022907

From: Julie Zawislak [mailto:JZawislak@StrozFriedberg.com]
Sent: Tuesday, March 22, 2016 6:29 AM
To: John F. Gardner
Cc: Eric Friedberg
Subject: Letter re ASL Documents

John,

Attached please find the ASL letter with Eric's signature.

Warm regards,

Julie

Julie Zawislak

Chief of Staff

STROZ FRIEDBERG

32 Avenue of the Americas, 4th Floor, New York, NY 10013

T: +1 212.542.3174

M: +1 917.510.4811

F: +1 212.981.6545

JZawislak@StrozFriedberg.com   www.strozfriedberg.com

This message and/or its attachments may contain information that is confidential and/or protected by privilege from disclosure. If you have reason to believe you are not the intended recipient, please immediately notify the sender by reply e-mail or by telephone, then delete this message (and any attachments), as well as all copies, including any printed copies. Thank you.



JOHN F. GARDNER
jgardner@donahue.com

1999 Harrison Street, 25th Floor, Oakland, CA 94612-3520
tel: (510) 451-3300  fax: (510) 451-1527
www.donahue.com

March 21, 2016

*Via E-mail*

Stroz Friedberg, LLC
Eric Friedberg, Executive Chairman
101 Montgomery St
Suite 2450
San Francisco, CA 94104

Dear Mr. Friedberg,

    We represent Anthony Levandowski, individually, with respect to a proposed examination by Stroz Friedberg, LLC ("Stroz") of Mr. Levandowski's electronic media, personal accounts and related materials, all as described in your joint engagement letter with Morrison & Foerster LLP and its client Uber USA, LLC, and O'Melveny & Myers LLP and its client Ottomotto Inc. (collectively, "Clients"), dated March 4, 2016 ("Stroz Examination").

    In connection with the Stroz Examination, Stroz has requested that Mr. Levandowski provide certain devices, access to personal accounts, electronic files, and hard copy documentation which may reflect or contain information associated with business interactions between Mr. Levandowski, 510 Systems, LLC, and Anthony's Robots, on the one hand, and Google, Inc., on the other hand ("Aspen Information"). To confirm our understanding, Stroz has requested the Aspen Information solely for the purpose of assisting Stroz in a forensic examination of whether Mr. Levandowski has improperly retained confidential information belonging to former employers, or breached any fiduciary duty, duty of loyalty, or other confidentiality, non-solicitation, non-competition or other obligations based in contract, statute or otherwise, as such obligations are defined by Clients ("Document Usage Purpose"), and for no other purpose.

    Mr. Levandowski's disclosure of the Aspen Information is highly sensitive, and we wish to ensure that the information will be used solely by Stroz and only for the Document Usage Purpose.

    As a condition to providing Stroz the Aspen Information, and as a condition to Stroz's receipt, review and usage of the Aspen Information, we are therefore requesting that Stroz agree to the below terms of such disclosure:

- Stroz will use the Aspen Information solely for the Document Usage Purpose.

DONAHUE FITZGERALD LLP      OAKLAND      WALNUT CREEK      MARIN

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Stroz Friedberg, LLC
March 21, 2016
Page 2

- Stroz will not disclose the Aspen Information, or any portion thereof, nor the contents of the Aspen Information, to any third party whatsoever, including without limitation its Clients, or any of them, or any law firm representing Uber USA, LLC or Ottomotto Inc., except as provided in the attached Examination Protocol.

- Upon Mr. Levandowski's written request, Stroz will promptly return or destroy all hard copies the Aspen Information, will permanently delete all electronic files containing or referencing the Aspen Information or any portion thereof, and will certify such destruction to Mr. Levandowski; provided that Stroz may keep one archival copy for purposes of documenting its forensic examination under the protocol used in the Stroz Examination.

Nothing in this letter shall be deemed or construed as a waiver of any right or privilege held by Mr. Levandowski with respect to the Stroz Examination or the Aspen Information provided to Stroz. Mr. Levandowski and Ottomotto Inc. share a common legal interest in the subject matter of the Stroz Examination, and in Stroz's retention through O'Melveny & Meyers, as counsel for Ottomotto Inc., as a related party to Mr. Levandowski. All attorney-client, work product and joint defense privileges are reserved with respect to this letter, the Aspen Information or any other materials, information and documentation delivered to Stroz.

Notwithstanding the foregoing, but subject to the Examination Protocol, nothing in this letter prohibits Stroz from reporting to its Clients, if applicable, at the end of the Stroz Examination, any portion of the Aspen Information which Stroz, in the opinion of Stroz, believes constitutes factual information which may relate to or be relevant to a potential breach any fiduciary duty, duty of loyalty, or other confidentiality, non-solicitation, non-competition or other obligations based in contract, statute or otherwise, as defined by Clients.

If the foregoing meets with your approval, please indicate your acceptance by signing and returning a copy of this letter. The Aspen Information is prepared and ready for distribution upon receipt of a signed counterpart.

Sincerely,

John Gardner

AGREED AND ACCEPTED:

STROZ FRIEDBERG, LLC

By: _____
Eric Friedberg
Executive Chairman

Dated: ___March 22, 2016___

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

DF00010163

Stroz Friedberg, LLC
March 21, 2016
Page 3

## PROTOCOL FOR REVIEW OF DATA AND DEVICES

This protocol shall govern the review of the data that has been collected from the email accounts, online repositories, laptops, desktops, hard drives, flash drives, thumb drives, mobile devices, CD's, and any other electronic or digital media owned or in the custody, control, or possession of the Diligenced Employees (referred to herein as the "In-Scope Digital Media"), as well as, the digital forensic analysis of the devices collected from the Diligenced Employees.

As part of its independent investigation, Stroz Friedberg will forensically collect the In-Scope Digital Media, load and process the active (i.e. non-deleted), user-created documents and communications identified on the In-Scope Digital Media into Stroz Friedberg's Stroz Review platform. In the event that there are user-created documents that cannot be processed/decrypted, the Stroz team will attempt to clear those exceptions, including through manual QC, password-cracking, and obtaining passwords from the Diligenced Employees. A proposed final list of exceptions that cannot be cleared will be initially provided to O'Melveny & Myers and if applicable, any separate counsel retained by the Diligenced Employee (jointly for all purposes under this protocol, "O'Melveny") for review. O'Melveny will have the right to include annotations and explanatory comments to the exceptions. Upon receiving written authorization from O'Melveny, Stroz will provide a final list of exceptions to O'Melveny and Morrison & Foerster ("Morrison"), together with any annotations or comments separately identified as provided by O'Melveny.

As part of its independent investigation, Stroz Friedberg will also examine forensic images of smartphones, tablets, and computers, where applicable, belonging to the Diligenced Employees. Stroz Friedberg will analyze these images for evidence of copying, transfer, ongoing possession, or deletion of sensitive information from a prior employer, and for evidence of breaches of non-solicitation, non-compete, and fiduciary obligations to former employer(s). Stroz Friedberg will analyze active files, deleted files, unallocated space, and the host controlled area for relevant information.

Stroz Friedberg will use its understanding of the goal of the investigation, its interviews with the Diligenced Employees, and input from O'Melveny and Morrison, given their familiarity with the matter, to create search criteria. Stroz Friedberg will also use Pure Discovery early case assessment/concept searching technology to develop the search criteria. Stroz Friedberg will then use the final search criteria as approved by O'Melveny and Morrison to search the user-created documents from the In-Scope Digital Media for relevant documents. Identified documents of interest may lead to additional interviews of the Diligenced Employees.

At the end of its investigation, if Stroz Friedberg believes that non-privileged[1], relevant documents or communications – whether active, deleted, or fragments -- should be shared with O'Melveny

---

[1] O'Melveny has provided Stroz Friedberg with some criteria to aid Stroz Friedberg in its classification of privileged documents. Specifically, O'Melveny has included a list of attorney client names, firms, domains, addresses and

Stroz Friedberg, LLC
March 21, 2016
Page 4

and Morrison, it will first place those documents in a folder (the "Proposed Disclosure Folder") on Stroz Review for review by O'Melveny, but shall not provide Morrison access to the Proposed Disclosure Folder. If O'Melveny claims that any of the documents subject to proposed disclosure are subject to attorney-client privilege, attorney work-product privilege, or other restriction on disclosure O'Melveny will produce a privilege log to Morrison regarding such documents, and Stroz Friedberg will, unless and until the documents are cleared for disclosure by O'Melveny, remove the documents from the Proposed Disclosure Folder. In addition, if O'Melveny identifies any documents in the Proposed Disclosure Folder to be "outside counsel-eyes-only" or "attorneys-eyes-only" (as such terms are defined below), Stroz Friedberg will move those documents to an outside counsel-eyes-only or attorneys-eyes-only folder. Upon receiving written authorization from O'Melveny, and only upon receiving such authorization, Stroz Friedberg will make the Proposed Disclosure Folder and the outside counsel-eyes-only or attorneys-eyes-only folder available to Morrison. If the parties agree that Unicorn or Zing executives should have access to the Proposed Disclosure Folder, Stroz Friedberg will arrange for such access. Unicorn executives will not have access to the outside counsel or attorneys-eyes-only folder. Stroz Friedberg will not create for Unicorn executives user credentials that have access to the outside counsel or attorneys-eyes-only documents. Morrison attorneys will not give to Unicorn executives credentials to, or otherwise give access to the documents in, the outside counsel or attorneys eyes only folder. The only documents and communications that Stroz Friedberg's independent report will rely on or reference will be documents contained in the approved Proposed Disclosure Folder, except to the extent that privileged communications contain substantive content that is relevant, in which case Stroz Friedberg may reference such substantive content in a manner that the parties mutually agree (or an arbitrator, if the parties cannot agree, determines) reasonably addresses the parties' respective concerns. Stroz Friedberg will issue its final report reflecting the materials contained in the Final Disclosure Folder only upon written authorization from both O'Melveny and Morrison..

For purposes of this Protocol, the term "outside counsel eyes only" means O'Melveny, Morrison or any other law firm that is mutually identified by Unicorn and Zing as outside counsel to Unicorn, Zing or the Diligenced Employees who may have access to documents marked as outside counsel eyes only.

For purposes of this Protocol, the term "attorneys eyes only" means in-house counsel of Unicorn and Zing who may have access to documents marked as attorneys eyes only.

For purposes of this Protocol, the term "O'Melveny" means O'Melveny & Meyers and if applicable, any separate counsel retained by the Diligenced Employee. All deliverables and folder access under this Protocol pertaining to "O'Melveny" shall be delivered or made available

---

telephone numbers for Stroz Friedberg to use in identifying potentially privileged documents and communications. Stroz Friedberg will use this list, its own manual review, and its proprietary privilege-identifying algorithms to identify privileged documents and e-mails that relate to the subject matter of the investigation. Stroz Friedberg will create a folder on Stroz Review that contains such documents and e-mails – whether active, deleted, or fragments – and O'Melveny will create and deliver to Morrison a privilege list relating to those documents.

Stroz Friedberg, LLC
March 21, 2016
Page 5

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

concurrently to such counsel, and any required authorizations or approvals of "O'Melveny" shall be issued jointly by such counsel.

Any dispute between Unicorn, Zing or the Diligenced Employees regarding this Protocol, including whether documents should be excluded from disclosure pursuant to this Protocol on the grounds that such documents are subject to attorney-client privilege, attorney work-product privilege, or other restriction on disclosure, shall be subject to final and binding expedited arbitration in accordance with the terms of this paragraph. Any such arbitration shall be held in San Francisco, California, under the Comprehensive Arbitration Rules and Procedures of JAMS ("JAMS") and each of Parent or Unicorn, on the one hand, and Zing or the Diligenced Employees (as applicable), on the other, agree to appear at and be bound by such arbitration proceeding. With respect to any matter submitted to arbitration, such arbitration shall be settled by an arbitration conducted by one arbitrator mutually agreeable to by the parties to the arbitration. In the event that, within fifteen (15) days after submission of any dispute to arbitration, the parties to the arbitration cannot mutually agree on one arbitrator, then, JAMS shall within seven (7) days thereafter submit to the parties a list of seven proposed arbitrators and each party shall have the right to the arbitration to strike three names from the list and rank the remaining four proposed arbitrators in order of preference. Within seven (7) days after such submission, JAMS shall identify the arbitrator with the highest combined ranking in terms of preference. Unicorn shall pay all Expenses (as such term is defined in the Indemnification Agreement) relating to the arbitration. The arbitrator, as the case may be, shall set a limited time period that shall exceed no more than 60 days after the demand for arbitration is filed and establish procedures designed to reduce the cost and time for discovery while allowing the parties an opportunity, adequate in the sole judgment of the arbitrator or majority of the arbitrator, as the case may be, to discover relevant information from the opposing parties about the subject matter of the dispute. The decision of the arbitrator as to the validity of any claim submitted to arbitration shall be final, binding, and conclusive upon the parties to this Protocol pursuant to the Federal Arbitration Act ("FAA"). Such decision shall be written and shall be supported by written findings of fact and conclusions which shall set forth the award, judgment, decree or order awarded by the arbitrator(s). Judgment upon any award rendered by the arbitrator(s) may be entered in any court having jurisdiction.

DF00010166