MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel:   415.268.7000 / Fax:   415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P. M. HUME
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Tel:   202.237.2727 / Fax:   202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.:   212.336.8330 / Fax.:   212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO, LLC'S RESPONSE TO COURT'S ORDER RE GROUND RULES FOR TESTIMONY BY ANTHONY LEVANDOWSKI (DKT. 1535)**<br><br>Judge:   The Honorable William Alsup<br>Trial Date: October 10, 2017 |

1    Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") agrees to the
2 procedures the Court identified in its Order Re Ground Rules for Testimony by Anthony
3 Levandowski (Dkt. 1535). Uber writes separately only to clarify a few matters.

4    First, Uber agrees that "Neither side shall make any reference to Levandowksi testifying
5 at trial (or not) in its opening statement." (Dkt. 1535, ¶ 1.) To clarify, Uber understands this to
6 include that neither side should refer to Levandowski's Fifth Amendment invocations at all in
7 opening statement.

8    Second, Uber agrees with the Court's procedure that ensures that Levandowski's
9 testimony occur at the end of each parties' case-in-chief, as applicable, so that the Court may
10 "assess whether or not the trial record before the jury includes corroborating evidence to support
11 the adverse inferences sought." (Dkt. 1535, ¶ 2.) Uber seeks guidance on the procedure that the
12 Court envisions using to make that assessment. One proposal would be to require both parties to
13 submit the questions that they intend to ask Levandowski 48 hours in advance of that testimony,
14 with appropriate citations to evidence that is in the trial record. That way, the parties could move
15 to strike any improper or unsupported questions before Levandowski's testimony. This could be a
16 sensible way to ensure that there is sufficient corroborating evidence for every inference sought.
17 *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000); *Sun Microsystems,*
18 *Inc. v. Hynix Semiconductor, Inc.*, 622 F. Supp. 2d 890, 907–08 (N.D. Cal. 2009).

21  Dated: September 25, 2017                MORRISON & FOERSTER LLP
                                             BOIES SCHILLER FLEXNER LLP
22                                           SUSMAN GODFREY LLP

24                                           By: */s/ Karen L. Dunn*
                                                  KAREN L. DUNN

25                                           Attorneys for Defendants
26                                           UBER TECHNOLOGIES, INC. and
                                             OTTOMOTTO LLC

1

UBER'S RESPONSE TO ORDER RE LEVANDOWSKI GROUND RULES
Case No. 3:17-cv-00939-WHA