QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>            vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>                    Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF ANIL PATEL IN SUPPORT OF PLAINTIFF WAYMO LLC'S MOTION TO CLOSE COURTROOM**<br><br><br>**Hearing:**<br>**Date:  TBD**<br>**Time:  TBD**<br>**Place:  Courtroom 8, 19th Floor**<br>**Judge:  The Honorable William H. Alsup** |

1.     I, Anil Patel, declare as follows:

2.     I am a Director of Corporate Development at Google, where I have been employed since June, 2011. As part of my duties at Google, I am responsible for surfacing, negotiating and executing potential mergers and acquisitions.

3.     I am providing this declaration to describe the extraordinarily sensitive and valuable nature of the terms of Google's acquisitions and potential acquisitions of DeepMind, Waze, SCHAFT, Redwood Robotics, Apportable, JustSpotted and Path. This declaration is based on my personal knowledge.

4.     I understand that Waymo produced confidential documents relating to Google's acquisitions and potential acquisitions of DeepMind, Waze, SCHAFT, Redwood Robotics, Apportable, JustSpotted and Path, Google's negotiations relating to those deals and potential deals, and Google's internal analyses of the negotiations and deal terms. I understand that some of these documents also reference deals or potential deals other than the seven listed above. I understand that some of the produced documents are included on the parties' Trial Exhibit List.

5.     Google and these entities have not publicly disclosed the terms of their deals or negotiations. Nor does Google publicly disclose its internal analyses of the deals or negotiations. Even after a deal is closed, Google does not publicly disclose this information or disclose it internally beyond those who need to know.

6.     A lack of Court protection of the aforementioned information would severely harm Google because the information could be used by Google's competitors and those that might negotiate with Google in the future adversely to Google. For example, knowledge of the deal terms and Google's analyses could be used by third parties as leverage in negotiating deals with Google. Knowledge of the deal terms and Google's analyses could also give competitors insight into Google's confidential corporate development strategy and an unfair competitive advantage.

7.     Only by keeping the terms of these deals or potential deals, the parties' negotiations, and Google's analyses in strictest confidence can Google protect itself from

1  adverse exploitation of its deals and analyses by its competitors and third parties with whom it

2  may negotiate in the future.

3          8.          I declare under penalty of perjury under the laws of the United States of America

4  that the foregoing is true and correct to the best of my knowledge.

5

6  Executed this 26 day of September 2017 in Mountain View, CA .

7

8

9

10                                                        Anil Patel

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28