QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>          Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF GERARD DWYER IN SUPPORT OF PLAINTIFF WAYMO LLC'S MOTION TO CLOSE COURTROOM**<br><br>**Hearing:**<br>**Date:  TBD**<br>**Time: TBD**<br>**Place:  Courtroom 8, 19th Floor**<br>**Judge:  The Honorable William H. Alsup** |

I, Gerard Dwyer, declare as follows:

1. I am Head of Finance and Business Systems at Waymo LLC, where I have been employed since January 2017.

2. I am providing this declaration to describe the extraordinarily sensitive and valuable nature of Waymo's confidential financial information, projections, and business plans, the terms of Waymo's partnership agreement with Lyft and negotiations or term sheet with Ford, and employee personnel information. This declaration is based on my personal knowledge.

**Financial Information, Projections, and Business Plans**

3. I understand that Waymo produced confidential financial information and projections in this litigation in response to Defendants' requests, including Waymo's long term P&L model. I further understand that Waymo produced confidential business plans in response to Defendants' requests. I understand that this information was discussed in depositions and expert reports and that some of these documents are included on the parties' Trial Exhibit List.

4. Waymo does not provide publically the detailed financial information, projections, and business plans that have been produced in this litigation.

5. A lack of Court protection of the aforementioned information would severely harm Waymo because the information could be used by Waymo's competitors adversely to Waymo. For example, knowledge of how much, when, or where, Waymo is spending on development or projections of the same could provide competitors with an advantage by giving them insight into Waymo's strategy and focus. The same is true of Waymo's business plans which directly lay out Waymo's strategies and plans. This would allow competitors to adjust their own plans to better compete with Waymo.

6. Only by keeping Waymo's financial information, projections, and business plans in strictest confidence can Waymo protect itself from adverse exploitation of its financial information and business plans by its competitors.

**Lyft Partnership and Ford Negotiations**

7. I additionally understand that Waymo produced confidential documents relating to its agreement to partner with Lyft and its internal analyses and diligence regarding the same in this litigation. I further understand that Waymo produced documents relating to negotiations with Ford, including a term sheet. I understand that some of these documents are included on the parties' Trial Exhibit List.

8. Waymo and Lyft have not publicly disclosed the terms of their partnership agreement. Nor does Waymo publicly disclose its internal analysis of the deal. Similarly, Waymo and Ford have not publicly disclosed the terms of their negotiations or their term sheet.

9. A lack of Court protection of the aforementioned information would severely harm Waymo because the information could be used by Waymo's competitors and third parties with whom Waymo may negotiate in the future adversely to Waymo. For example, knowledge of the deal terms could provide competitors with ideas of how to compete with Waymo. Knowledge of the deal terms and Waymo's internal analysis of the deal could also provide third parties negotiating with Waymo on future deals with insight into Waymo's negotiating strategy, which would negatively impact Waymo's bargaining power.

10. Only by keeping the terms of the Waymo-Lyft partnership, Waymo's analyses of that deal, and the negotiations and terms of a deal with Ford, in strictest confidence can Waymo protect itself from adverse exploitation of its deals and analyses by its competitors and entities with whom it may negotiate in the future.

**Employee Personnel Information**

11. I further understand that Waymo produced confidential documents reflecting bonus payments and other compensation information for members of the Chauffeur team, including participants in the Chauffeur Bonus Plan, other than Anthony Levandowski. I am also aware that Waymo produced documents relating to its forensic investigation of Anthony Levandowski, which reference confidential investigations of other Waymo employees or former employees. I understand that some such documents are included on the Trial Exhibit List.

1    12.    Waymo does not publicly disclose compensation or bonus information for specific employees. Waymo respects the privacy information of its employees and does not openly share this information either outside of Waymo/Alphabet, or within Waymo/Alphabet beyond those who need to know. Sharing such information would both breach the privacy rights of employees, and have the potential to negatively impact employee morale within Waymo, and potentially cause Waymo financial harm as it will negatively impact Waymo's bargaining power in compensation negotiations with other employees.

2    13.    Waymo also does not disclose internal investigations including, in some cases, to the employees who are investigated. Thus, in some cases, employees who have been investigated may not be aware of that investigation. This information should not be publicly disseminated because those employees, their colleagues, and the public, would then know that they were under investigation at some point in time. Further, this information could have an negative impact on employee morale within Waymo.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 25th day of September, 2017 in Mountain View, California.

Gerard Dwyer