# EXHIBIT 2

```
                                                   Pages 1 - 23

                 UNITED STATES DISTRICT COURT

               NORTHERN DISTRICT OF CALIFORNIA

         BEFORE MAGISTRATE JACQUELINE SCOTT CORLEY


WAYMO, LLC,                        )
                                   )
            Plaintiff,             )
                                   )
  vs.                              ) No. C 17-00939 WHA (JSC)
                                   )
UBER TECHNOLOGIES, LLC., OTTO      )
TRUCKING, LLC, and OTTOMOTTO, LLC, )
                                   ) San Francisco, California
            Defendants.            ) Monday
                                   ) September 18, 2017
_____) 1:00 p.m.
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

**For Plaintiff:**          QUINN, EMANUEL, URQUHART, OLIVER
                              & Sullivan, LLP
                            50 California Street
                            22nd Floor
                            San Francisco, California 94111
                      **BY: DAVID ANDREW PERLSON, ESQ.**
                           **CHARLES KRAMER VERHOEVEN, ESQ.**
                           **JORDAN R. JAFFE, ESQ.**
                           **MELISSA J. BAILY, ESQ.**
                           **JEFFREY WILLIAM NARDINELLI, ESQ.**


**For Defendants**          MORRISON & FOERSTER, LLP
**Uber and Ottomotto:**     425 Market Street
                            San Francisco, California 94105
                      **BY: ARTURO J. GONZALEZ, ESQ.**


             **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**


*Reported By:*   Debra L. Pas, CSR 11916, CRR, RMR, RPR
                 *Official Reporter - US District Court*
                 *Computerized Transcription By Eclipse*

```
 1            Is everyone in agreement with that?
 2                 MR. GONZALEZ:  That's fine, your Honor.
 3                 THE COURT:  Okay.  All right.
 4            Is there anything else then we should discuss?
 5                 MR. GONZALEZ:  Have a safe trip.
 6                 THE COURT:  Thank you.
 7                 MS. BLUNSCHI:  I guess the only -- we have the review
 8   of the native devices on hold.
 9                 THE COURT:  Oh, yes.  Right.  So what do you want to
10   do with that?  The review of the native?
11                 MR. PERLSON:  We'll get our people in there to look
12   at them and take them.
13                 THE COURT:  But when?  So you already have -- you
14   have the documents at Uber.
15                 MR. PERLSON:  Right.
16                 THE COURT:  I mean, at MoFo, that no one is there
17   looking at, right?
18                 MR. PERLSON:  They are there looking.
19                 THE COURT:  I thought they were at Stroz.
20                 MR. GONZALEZ:  No.
21                 THE COURT:  What about the documents Mr. Gonzalez was
22   talking about that Mr. Judah looked at, right?
23                 MR. PERLSON:  Oh, those documents.  Understood.
24                 THE COURT:  So I --
25                 MR. PERLSON:  Those aren't the native devices.
```

```
 1              THE COURT:  No, no, no.  I understand.  I'm just
 2   trying to figure out.  The issue with the native devices was
 3   the privacy, right?
 4              MS. BLUNSCHI:  Yes.
 5              THE COURT:  This is what I want you to do.  I want
 6   you to review the relativity first.  I want you to review that.
 7        I want you to take Mr. Friedberg's deposition, and then I
 8   want you to give me a -- and it may not be hard to do, but some
 9   inkling why you have reason to believe what's on those native
10   is different from there.  That's all.  Just something.  And I
11   just don't think you can do that until you've done these other
12   things first.
13              MR. PERLSON:  Understood, your Honor.
14              THE COURT:  All right.  But they are there and they
15   are ready to go.
16              MS. BLUNSCHI:  It will probably take about 24 hours
17   to get that set up in the review room, to have the native
18   devices, you know, brought in, plugged in, things like that,
19   but that can obviously be done.
20              THE COURT:  All right.
21      Mr. Ehrlich?
22              MR. EHRLICH:  Just on the issue of the native
23   devices.  It's not just a privacy issue.  It has all the
24   privileged documents.
25              THE COURT:  I know.  And part of that is just going
```

```
 1   to be why it's happening now with the relativity and some stuff
 2   is just going to have to be clawed back.  It just -- it is what
 3   it is.
 4            MR. EHRLICH:  Understood.
 5            THE COURT:  All right.  And those other devices are
 6   being imaged now, correct?
 7            MS. BLUNSCHI:  The additional hundred that were not
 8   part of the review are being imaged.
 9            THE COURT:  Okay.
10            MS. BLUNSCHI:  We would presume that those would
11   probably follow, obviously, the native devices that are ready.
12            MR. EHRLICH:  And to the extent they weren't part of
13   the Stroz review, it is hard to understand how in this case
14   it's relevant to claims of what MoFo or Uber --
15            THE COURT:  That Uber, maybe.  But Otto Trucking is
16   also a defendant, right?
17            MR. EHRLICH:  Yes.  So --
18            THE COURT:  And Otto Trucking is essentially
19   Mr. Levandowski.
20            MR. EHRLICH:  Well, I'll let their counsel speak to
21   that, but he's certainly an important part of it.
22       But perhaps if they can make a showing of relevance there,
23   it would justify the extraordinary amount of time that it would
24   take to review 100 native devices, particularly if we have to
25   be there to monitor --
```