MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Telephone: 212.336.8330
Facsimile: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No.    3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THEIR OPPOSITION TO WAYMO'S MOTION TO COMPEL FURTHER DEPOSITIONS AND INTERROGATORIES** |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Defendants' Administrative Motion to File Under Seal Their Opposition to Waymo's Motion To Compel Further Depositions and Interrogatories.

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Opposition to Waymo's Motion to Compel ("Opposition") | Highlighted Portions | Defendants (Blue) <br> Plaintiff (Green) <br> Non-parties Anthony Levandowski and/or Lior Ron (Yellow) <br> Non-parties Sandstone Group, Tyto LiDAR, and Ognen Stojanovski (Yellow) |
| Exhibit 1 | Highlighted Portions | Defendants (Blue) <br> Plaintiff (Green) <br> Non-parties Anthony Levandowski and/or Lior Ron (Yellow) |
| Exhibit 2 | Highlighted Portions | Plaintiff (Green) |
| Exhibit 3 | Highlighted Portions | Defendants (Blue) |
| Exhibit 4 | Entirety | Non-parties Sandstone Group, Tyto LiDAR, and Ognen Stojanovski |
| Exhibit 6 | Highlighted Portions | Defendants (Blue) |
| Exhibit 8 | Highlighted Portions | Defendants (Blue) |
| Exhibit 9 | Entirety | Non-parties Anthony |

| | | Levandowski and/or Lior Ron |
|---|---|---|
| | | |

3. The blue-highlighted portions of Exhibits 1 and 3 contain highly confidential information regarding the technical features, development, evolution, and design considerations of Uber's LiDAR systems. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. I understand that disclosure of this information could allow competitors to obtain a competitive advantage over Uber by giving them details into the technical development of Uber's LiDAR sensors, such that Uber's competitive standing could be significantly harmed.

4. The blue-highlighted portions of the Opposition and Exhibit 6 contain confidential information regarding financial and commercial terms of Uber's business agreements, and correspond to terms for which the Court granted sealing in the Draft Term Sheet; the Court found that this confidential business information merited sealing. (Dkt. 550 at 3.) They also identify business terms with respect to Otto Trucking for which the Court granted sealing in the draft Term Sheet. In addition, the blue-highlighted portions of Exhibit 8 contain confidential information regarding business agreement terms of a Merger Agreement for which the Court has granted sealing. If this information were disclosed, I understand that competitors and counterparties could obtain a competitive advantage by tailoring their negotiation or business strategy such that Uber's competitive standing could be harmed.

5. The yellow-highlighted portions of the Opposition and Exhibit 1, as well as the entirety of Exhibit 9, contain information designated confidential by counsel for non-parties Anthony Levandowski and/or Lior Ron. Defendants expect these non-parties to file supporting declarations as needed.

6. The yellow-highlighted portions of the Opposition and entirety of Exhibit 4 may contain confidential information of non-parties Sandstone Group, Tyto LiDAR, and Ognen Stojanovski, who have requested that their confidentiality interests be respected in this proceeding. (Dkt. 1533.) Defendants expect these non-parties to file supporting declarations if needed.

7. The green-highlighted portions of the Opposition and Exhibits 1-2 contain information that has been designated "Highly Confidential – Attorneys' Eyes Only" by Waymo in accordance with the Patent Local Rule 2-2 Interim Model Protective Order ("Protective Order"), which the parties have agreed governs this case (Transcript of 3/16/2017 Hearing, page 6). Defendants file this material under seal in accordance with Paragraph 14.4 of the Protective Order.

8. Defendants' request to seal is narrowly tailored to the portions of the Opposition and its supporting papers that merit sealing.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of September, 2017 in San Francisco, California.

*/s/ Michelle Yang*
Michelle Yang

## ATTESTATION OF E-FILED SIGNATURE

I, Arturo J. González am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated: September 26, 2017

*/s/ Arturo J. González*
ARTURO J. GONZÁLEZ