# EXHIBIT 6

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

| | |
|---|---|
| **From:** | Tate, Eric Akira |
| **Sent:** | Tuesday, February 16, 2016 7:23 PM |
| **To:** | Andrew Glickman |
| **Cc:** | Cameron Poetzscher; Nina Qi; Kim, Rudy Y.; Leigh, Jamie; Beerle, Ben; Todd Hamblet; Christian Lymn; Angela Padilla; Justin Suhr |
| **Subject:** | Re: For Discussion |

On Feb 16, 2016, at 7:04 PM, Andrew Glickman <andrew.glickman@uber.com> wrote:

—

Andrew Glickman
Corporate Counsel
Uber Technologies, Inc.
E-mail: andrew.glickman@uber.com
Mobile:

**From:** Cameron Poetzscher [mailto: ]
**Sent:** Tuesday, February 16, 2016 7:02 PM
**To:** Andrew Glickman
**Cc:** Nina Qi; Tate, Eric Akira; Kim, Rudy Y.; Leigh, Jamie; Beerle, Ben; Todd Hamblet; Christian Lymn; Angela Padilla; Justin Suhr
**Subject:** Re: FW: For Discussion

On Tue, Feb 16, 2016 at 6:48 PM, Andrew Glickman <andrew.glickman@uber.com> wrote:

—

Andrew Glickman

Corporate Counsel

Uber Technologies, Inc.

1

E-mail: andrew.glickman@uber.com

Mobile: ▇▇▇▇

**From:** Andrew Glickman [mailto:andrew.glickman@uber.com]
**Sent:** Tuesday, February 16, 2016 6:47 PM
**To:** Cameron Poetzscher; Nina Qi; 'Tate, Eric Akira'; 'Kim, Rudy Y.'; 'Leigh, Jamie'; 'Beerle, Ben'; Todd Hamblet; Christian Lymn; Angela Padilla; Justin Suhr
**Subject:** RE: FW: For Discussion

▇▇▇▇

—

Andrew Glickman

Corporate Counsel

Uber Technologies, Inc.

E-mail: andrew.glickman@uber.com

Mobile ▇▇▇▇

**From:** Cameron Poetzscher [▇▇▇▇]
**Sent:** Tuesday, February 16, 2016 6:46 PM
**To:** Andrew Glickman; Nina Qi; Tate, Eric Akira; Kim, Rudy Y.; Leigh, Jamie; Beerle, Ben; Todd Hamblet; Christian Lymn; Angela Padilla; Justin Suhr
**Subject:** Re: FW: For Discussion

▇▇▇▇

-------- Original Message --------
**Subject:** FW: For Discussion
**From:** Andrew Glickman <andrew.glickman@uber.com>
**To:** Cameron Poetzscher ▇▇▇▇, Nina Qi ▇▇▇▇ Tate, Eric Akira <ETate@mofo.com>, Kim, Rudy Y. <RudyKim@mofo.com>, Leigh, Jamie <jleigh@cooley.com>, Beerle, Ben <bbeerle@cooley.com>, Todd Hamblet ▇▇▇▇, Christian Lymn <clymn@uber.com>, Angela Padilla <angela.padilla@uber.com>, Justin Suhr ▇▇▇▇
**CC:** Andrew Glickman <andrew.glickman@uber.com>
**Date:** 2/16/2016 11:06 AM

▇▇▇▇

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                                                                                                UBER00017250



3

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
UBER00017251



—

Andrew Glickman

Corporate Counsel

Uber Technologies, Inc.

E-mail: andrew.glickman@uber.com

Mobile:

**From:** Bentley, Adam [mailto:abentley@omm.com]
**Sent:** Tuesday, February 16, 2016 10:32 AM
**To:** Andrew Glickman; Nina Qi
**Cc:** Leigh, Jamie; Christian Lymn; Sieben, Paul; Lior Ron; Cameron Poetzscher; Todd Hamblet; Aaron Melville; Julie Xu; Dolak, Andrew; Beerle, Ben; Tate, Eric Akira; Kim, Rudy Y.; Angela Padilla; Justin Suhr
**Subject:** RE: For Discussion

All - Please find attached revised cleans and redlines of all five term sheet documents. We look forward to discussing with you.

**From:** Andrew Glickman [mailto:andrew.glickman@uber.com]
**Sent:** Monday, February 15, 2016 2:55 PM

4


**To:** Bentley, Adam; Nina Qi
**Cc:** Leigh, Jamie; Christian Lymn; Sieben, Paul; Lior Ron; Cameron Poetzscher; Todd Hamblet; Aaron Melville; Julie Xu; Dolak, Andrew; Beerle, Ben; Tate, Eric Akira; Kim, Rudy Y.; Angela Padilla; Justin Suhr
**Subject:** RE: For Discussion

All – attached please find our comments to (i) Term Sheet, (ii) Indemnity Construct, (iii) Post-Signing Specified Bad Acts and (iv) IP License. We are available to discuss at your convenience.

Just a quick note on the Indemnity Construct and the "loss of indemnity" by Diligenced Employees. In light of your concern regarding the "truck driver" example, we are willing to accommodate this by providing that the Diligenced Employees only lose their indemnity in the event that they commit a Post-Signing Specified Bad Act (and they would not lose their indemnity for a PSSBA committed by any other employee). Because we are willing to narrow to the scope of the "loss of indemnity" to acts of Diligenced Employees, we do not believe the materiality qualifier is appropriate or necessary, as it is a legal interpretation, which is something we are all looking to avoid in coming up with a black and white list. We view these two items as going hand-in-hand.

Best,

Andrew

—

Andrew Glickman

Corporate Counsel

Uber Technologies, Inc.

E-mail: andrew.glickman@uber.com

Mobile: ▮▮▮▮▮▮▮

---

**From:** Bentley, Adam [mailto:abentley@omm.com]
**Sent:** Saturday, February 13, 2016 8:27 PM
**To:** Andrew Glickman; Nina Qi
**Cc:** Leigh, Jamie; Christian Lymn; Sieben, Paul; Lior Ron; Cameron Poetzscher; Todd Hamblet; Aaron Melville; Julie Xu; Dolak, Andrew; Beerle, Ben; Tate, Eric Akira; Kim, Rudy Y.; Angela Padilla; Justin Suhr
**Subject:** RE: For Discussion

All - Please find attached revised drafts and marked versions of the (i) Term Sheet, (ii) Indemnity Construct, (iii) PSSBA List and (iv) Trucking License.  With respect to the Commercial Agreement term sheet, please note that the timeline and related specifics in the attachment remain under review.  Thanks, Adam

---

**From:** Andrew Glickman [mailto:andrew.glickman@uber.com]
**Sent:** Saturday, February 13, 2016 9:47 AM

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                    UBER00017253

**To:** Nina Qi
**Cc:** Leigh, Jamie; Bentley, Adam; Christian Lymn; Sieben, Paul; Lior Ron; Cameron Poetzscher; Todd Hamblet; Aaron Melville; Julie Xu; Dolak, Andrew; Beerle, Ben; Tate, Eric Akira; Kim, Rudy Y.; Angela Padilla; Justin Suhr
**Subject:** RE: For Discussion

All – attached please find our comments to the (i) Term Sheet, (ii) Indemnity Construct and (iii) IP License, reflecting business discussions last night.

Please let us know when you expect to deliver the revisions to the list of Post-Signing Specified Bad Acts.

We are available late afternoon/early evening for a call to hopefully close out any remaining issues.

Thanks,

Andrew

—

Andrew Glickman

Corporate Counsel

Uber Technologies, Inc.

E-mail: andrew.glickman@uber.com

Mobile: [redacted]

**From:** Andrew Glickman [mailto:andrew.glickman@uber.com]
**Sent:** Friday, February 12, 2016 10:46 PM
**To:** Nina Qi
**Cc:** Leigh, Jamie; Bentley, Adam; Christian Lymn; Sieben, Paul; Lior Ron; Cameron Poetzscher; Todd Hamblet; Aaron Melville; Julie Xu; Dolak, Andrew; Beerle, Ben
**Subject:** Re: For Discussion

All - business principals met tonight and we believe resolved all open items (subject to any final language tweaks). By tomorrow morning we will send you back revised drafts of the Term Sheet, Indemnity Construct and IP License terms, reflecting those discussions.

We will still expect a revised list of Post Signing Bad Acts from you.

6

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

UBER00017254

We look forward to finalizing the term sheet over the weekend.

Thanks

Andrew

On Feb 12, 2016, at 5:20 PM, Nina Qi <■■■■■■■■■■> wrote:

All - See attached our revised draft of the commercial agreement. This reflects our comments from the call today regarding US GAAP.

Best,

Nina

On Fri, Feb 12, 2016 at 11:50 AM, Leigh, Jamie <jleigh@cooley.com> wrote:

Team, can we please include Ben Beerle from Cooley on these threads?  Oh perhaps start a new one....

Thanks.

**From:** Bentley, Adam [mailto:abentley@omm.com]
**Sent:** Friday, February 12, 2016 10:53 AM
**To:** Nina Qi
**Cc:** Andrew Glickman; Christian Lymn; Sieben, Paul; Lior Ron; Cameron Poetzscher; Leigh, Jamie; Todd Hamblet; Aaron Melville; Julie Xu; Dolak, Andrew
**Subject:** RE: For Discussion

Attached is a revised Exhibit B and redline.  We also note that Lior and Anthony are validating the exact timeline for deliverables in the Attachment 1 and they will be completing that process as soon as possible.

**From:** Nina Qi [mailto■■■■■■■■■■■]
**Sent:** Wednesday, February 10, 2016 5:26 PM
**To:** Bentley, Adam
**Cc:** Andrew Glickman; Christian Lymn; Sieben, Paul; Lior Ron; Cameron Poetzscher; Leigh, Jamie; Todd Hamblet; Aaron Melville; Julie Xu; Dolak, Andrew
**Subject:** Re: For Discussion

7

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

UBER00017255

All - see attached our markup on the commercial term sheet.

Best,

Nina

On Tue, Feb 9, 2016 at 11:09 PM, Bentley, Adam <abentley@omm.com> wrote:

All - Please find attached revised and marked versions of the Term Sheet and Exhibit B (Commercial Agreement).  We look forward to discussing tomorrow.

**From:** Nina Qi [mailto:██████████]
**Sent:** Tuesday, February 09, 2016 9:16 PM
**To:** Andrew Glickman
**Cc:** Christian Lymn; Sieben, Paul; Bentley, Adam; Lior Ron; Cameron Poetzscher; Leigh, Jamie; Todd Hamblet; Aaron Melville; Julie Xu
**Subject:** Re: For Discussion

All,

Here's a summary of Unicorn's takeaways from today's discussion on the commercial terms.

1. Payment terms in Purpose: Unicorn proposes to change to ███████████████ of delivery, applicable to production orders (not Attachment A amounts).
2. ██████████████████████████████████████████████████████████████████████████████████
3. ██████████████████████████████████████████████████████████████████████████████████
4. ███████████████████████████████████████████████████
5. Pricing: Per John Bares:

   - Long range: no change
   - Mid range: see table below

     <image001.png>

6. Prepayment: Ok as is.
7. Laser Device Data: Unicorn will use reasonable efforts to get consents.
8. ████████████████████████████████████████████████████
9. ██████████████████████████████████████████████████████████████████████████████████

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                                                                                                        UBER00017256

███████████████████████████████████████████████████

11. Attachments: Per John Bares:

- Deliverable #13 in Attachment 1: change to ███████
- No other changes to Attachment 1

Best,
Nina

On Tue, Feb 9, 2016 at 6:37 PM, Andrew Glickman <andrew.glickman@uber.com> wrote:

All – attached please find our comments to the indemnity construct.

Thanks,

Andrew

—

Andrew Glickman

Corporate Counsel

Uber Technologies, Inc.

E-mail: andrew.glickman@uber.com

Mobile: ███████████

**From:** Christian Lymn [mailto:clymn@uber.com]
**Sent:** Tuesday, February 09, 2016 2:37 PM
**To:** Andrew Glickman; Sieben, Paul; Bentley, Adam; Lior Ron
**Cc:** Cameron Poetzscher; Leigh, Jamie; Todd Hamblet; Nina Qi; Aaron Melville; Julie Xu
**Subject:** Re: For Discussion

Attached is a draft of the List of Post-Signing Bad Acts.

9

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                                                                                                         UBER00017257

Following up on a couple of logistical items:

1. OMM team - When you markup the main body of the term sheet, please go ahead and fold in the trucking spin-out/▮▮▮▮▮ piece.

2. Also, we'd like to confirm that 10 am to noon tomorrow works best for our side.  Our preference is to have this meeting in person so we'd encourage everyone to make themselves available to the extent possible.

Thanks,

Christian

Christian Lymn

Director, Corporate

Uber Technologies, Inc.

email:  clymn@uber.com

mobile: ▮▮▮▮▮▮▮

---

**From:** Andrew Glickman <andrew.glickman@uber.com>
**Date:** Tuesday, February 9, 2016 at 1:48 PM
**To:** "Sieben, Paul" <psieben@omm.com>, "Bentley, Adam" <abentley@omm.com>, Lior Ron <lioron@gmail.com>
**Cc:** Cameron Poetzscher <▮▮▮▮▮▮▮▮>, "Leigh, Jamie" <jleigh@cooley.com>, Christian Lymn <clymn@uber.com>, Todd Hamblet <▮▮▮▮▮▮▮▮>, Nina Qi <▮▮▮▮▮▮▮▮>, Aaron Melville <▮▮▮▮▮▮▮▮>, Julie Xu <▮▮▮▮▮▮▮▮>
**Subject:** RE: For Discussion

Thanks all for the time today. We will meet either 10 am – noon or 4-6 pm (depending on Cam schedule).

Additionally – annotations are below on next steps.

—

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY     UBER00017258

Andrew Glickman

Corporate Counsel

Uber Technologies, Inc.

E-mail: andrew.glickman@uber.com

Mobile: ███████

---

**From:** Andrew Glickman [mailto:andrew.glickman@uber.com]
**Sent:** Monday, February 08, 2016 12:04 PM
**To:** 'Sieben, Paul'; 'Bentley, Adam'; 'Lior Ron'
**Cc:** Cameron Poetzscher; 'Leigh, Jamie'; Christian Lymn; Todd Hamblet; Nina Qi
**Subject:** RE: For Discussion


Hi all – just wanted to take a status check on a few items, so that we can keep everything in order:

1) Indemnity – when will you be in a position to discuss our edits? **UNICORN TO SEND MARKUP TODAY**

2) List of Specified Post-Signing Bad Acts – goal is to have to you later today. **UNICORN TO SEND TODAY.**

3) Trucking Spin-Out Rights – we are working on getting sign off on a proposal internally. Will get back to you ASAP. **NEWCO TO REVERT**

4) Commercial Agreement – I understand there is a call scheduled at 2 pm. **NEWCO TO SEND MARKUP TODAY**

5) RSU tax call – scheduled at 5 pm today. **NO ACTION ITEM**

6) Tax structure call – I believe Cooley tax/corporate will reach out to OMM for a tax/corporate outside counsel call to discuss. **NEWCO TO REVERT**

7) Term Sheet – remaining changes (closing conditions, etc. and reference to Indemnity rider). **NEWCO TO SEND MARKUP TODAY**


Is there anything else that I am missing?


Thanks,
Andrew


---

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                                                                                UBER00017259

Andrew Glickman

Corporate Counsel

Uber Technologies, Inc.

E-mail: andrew.glickman@uber.com

Mobile

**From:** Andrew Glickman [mailto:andrew.glickman@uber.com]
**Sent:** Sunday, February 07, 2016 2:57 PM
**To:** 'Sieben, Paul'; 'Bentley, Adam'; 'Lior Ron'
**Cc:** Cameron Poetzscher; 'Leigh, Jamie'; Christian Lymn; Todd Hamblet
**Subject:** RE: For Discussion

All – attached is a revised indemnity construct, clean and blacklined. Please let us know when you would like to discuss.

Thanks

—

Andrew Glickman

Corporate Counsel

Uber Technologies, Inc.

E-mail: andrew.glickman@uber.com

Mobile:

**From:** Andrew Glickman [mailto:andrew.glickman@uber.com]
**Sent:** Saturday, February 06, 2016 5:50 PM
**To:** Sieben, Paul; Bentley, Adam; Lior Ron
**Cc:** Cameron Poetzscher; Leigh, Jamie; Christian Lymn
**Subject:** Re: For Discussion

We will send you a revised indemnity word version markup incorporating the below and any other Uber positions. We hope to get to you tomorrow.

12

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

UBER00017260

Thanks

On Feb 5, 2016, at 5:30 PM, Andrew Glickman <andrew.glickman@uber.com> wrote:

Timing of Indemnity / Closing Conditions

? Indemnity (subject to exclusions set forth below) will kick in as of signing of the Put Call Agreement.

? If Unicorn elects not to close and terminates the Put Call Agreement for any reason, other than a Specified Bad Act (as defined below), then indemnity coverage remains unaffected.

? However, if Unicorn elects not to close and terminates the Put Call Agreement because of a Specified Bad Act, Newco and Diligenced Employees will lose all indemnity (and will have to pay back Unicorn for any advanced expenses prior to termination).

List of Specified Bad Acts

"Specified Bad Acts" will be defined to mean the following: **[Actual exhaustive list to be provided by Unicorn by Monday]**.

Example list of Specified Bad Acts:

IP

? Taking of hardware of ACME

? Downloading or re-writing from memory code of ACME

? Downloading of files of ACME

Solicitation / Confidentiality

? Directly or indirectly (through another Newco employee or other agent), make verbal or written offer to employees of ACME or otherwise       encourage employees of ACME to leave ACME

? Do not disclose material confidential information (e.g. trade secrets) subject to former employer confidentiality agreement

Hiring

? Hiring any non-Diiligenced Employee who does not sign an attestation

13

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                                                                                                                                    UBER00017261

?   Hiring any Diligenced Employee without our consent.

Indemnity

?   In all instances, Indemnity will cover all Bad Acts (which such definition will cover claims related to IP, trade secret, fiduciary duty, non-solicit), except for the following:

    Claims related to Bad Acts of any Employee, other than a Diligenced Employee

    Claims related to any Pre-Signing Bad Acts of any Diligenced Employee to the extent the facts underlying such Bad Act are not disclosed in the report by the forensic DD expert

    Claims related to any Post-Signing Bad Acts by any Diligenced Employee

---

Andrew Glickman

Corporate Counsel

Uber Technologies, Inc.

E-mail: andrew.glickman@uber.com

Mobile: [redacted]

--

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

UBER00017262

&lt;image001.jpg&gt;   Nina Qi
Corporate Development

--

&lt;image001.jpg&gt;   Nina Qi
Corporate Development

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

--

&lt;image001.jpg&gt;   Nina Qi
Corporate Development

&lt;Revised Exhibit B (Unicorn external draft 2-12-16).docx&gt;

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

UBER00017263

--
Cameron Poetzscher
Head of Corporate Development
█████████

--
Cameron Poetzscher
Head of Corporate Development
█████████

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

UBER00017264