# EXHIBIT 8

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

| | |
|---|---|
| From: | Tate, Eric Akira |
| Sent: | Thursday, April 07, 2016 3:40 PM |
| To: | Andrew Glickman; Beerle, Ben |
| Cc: | clymn@uber.com; juliexu@uber.com; Justin Suhr; Angela L. Padilla (angela.padilla@uber.com); Kim, Rudy Y.; Ferrari, Anna; Crandall-Whittom, Elizabeth J.; Cameron Poetzscher; Nina Qi |
| Subject: | RE: Section 5.8 of the Merger Agreement and 5.7(c) and DE Attestation - Current status |

# Redacted

Eric A. Tate || Partner || Morrison Foerster LLP
425 Market Street || San Francisco, CA 94105
E-Mail etate@mofo.com || Tel. 415.268.6915 || Desktop fax 415.276.7272



**From:** Andrew Glickman [mailto:andrew.glickman@uber.com]
**Sent:** Thursday, April 07, 2016 8:33 AM
**To:** Beerle, Ben
**Cc:** Tate, Eric Akira; clymn@uber.com; juliexu@uber.com; Justin Suhr; Angela L. Padilla (angela.padilla@uber.com); Kim, Rudy Y.; Ferrari, Anna; Crandall-Whittom, Elizabeth J.; Cameron Poetzscher; Nina Qi
**Subject:** Re: Section 5.8 of the Merger Agreement and 5.7(c) and DE Attestation - Current status

**Redacted**

On Apr 7, 2016, at 8:28 AM, Beerle, Ben <bbeerle@cooley.com> wrote:

# Redacted

**Ben W. Beerle**
Cooley LLP
4401 Eastgate Mall
San Diego, CA  92121-1909
Direct: +1 858 550 6190 • Fax: +1 858 550 6420
Email: bbeerle@cooley.com • www.cooley.com

**From:** Andrew Glickman [mailto:andrew.glickman@uber.com]
**Sent:** Thursday, April 07, 2016 8:16 AM
**To:** Tate, Eric Akira

1

**Cc:** Beerle, Ben; clymn@uber.com; juliexu@uber.com; Justin Suhr; Angela L. Padilla (angela.padilla@uber.com); Kim, Rudy Y.; Ferrari, Anna; Crandall-Whittom, Elizabeth J.; Cameron Poetzscher; Nina Qi
**Subject:** Re: Section 5.8 of the Merger Agreement and 5.7(c) and DE Attestation - Current status

# Redacted

On Apr 7, 2016, at 7:31 AM, Tate, Eric Akira <ETate@mofo.com> wrote:

# Redacted

Eric A. Tate || Partner || Morrison Foerster LLP
425 Market Street || San Francisco, CA 94105
E-Mail etate@mofo.com || Tel. 415.268.6915 || Desktop fax 415.276.7272



**From:** Amdursky, Eric [mailto:eamdursky@omm.com]
**Sent:** Thursday, April 07, 2016 1:00 AM
**To:** Tate, Eric Akira

2

CONFIDENTIAL                                                                                                          UBER00321506

**Cc:** Kim, Rudy Y.; Ferrari, Anna
**Subject:** RE: Section 5.8 of the Merger Agreement and 5.7(c) and DE Attestation

Eric,

[REDACTED]

As for Section 5.7(c), let me know if the following is acceptable (which is akin to a standard rep and warranty regarding that requires a seller to acknowledge that it has complied with all applicable laws "in all material respects"). Once again, these employees will not have an opportunity to review and revise transcripts or their summaries of their interviews with Stroz, so we believe this change is fair and appropriate:

[5.7(c)] If a proposed Employee is required to be subject to a Diligence Review in accordance with Section 5.7(b), the Company shall not hire or commit to hire such Employee until (i) such individual has completed a Diligence Review conducted by the Outside Expert at Parent's expense to determine whether such individual has committed any Bad Acts (which Diligence Review shall be completed by the Outside Expert promptly, but in any event within three (3) Business Days of such proposed Employee satisfying all requirements of the Outside Expert to complete such Diligence Review), (ii) such individual certifies to the Company in a form mutually acceptable to the Company and Purchaser (which consent shall not be unreasonably withheld) as to the good faith, complete and truthful completion of such Diligence Review by such individual and that such individual has provided good faith, complete and truthful responses in all material respects [to such person's best knowledge] to all inquiries of [any material and relevant facts of][1] the Outside Expert and (iii) Purchaser delivers a written notice to the Company indicating that Purchaser is satisfied with the results of such Diligence Review, which satisfaction shall not be unreasonably delayed or denied. If Purchaser delivers a written notice to the Company in accordance with the foregoing subclause (iii), the Company hires such Employee, and such Employee thereafter executes a joinder to the Indemnification Agreement, such Employee shall be deemed a Diligenced Employee for all purposes under this Agreement and Exhibit [__] shall be amended to include the name of such Employee

---

**From:** Tate, Eric Akira [mailto:ETate@mofo.com]
**Sent:** Thursday, April 07, 2016 12:52 AM
**To:** Amdursky, Eric
**Cc:** Kim, Rudy Y.; Ferrari, Anna
**Subject:** RE: Section 5.8 of the Merger Agreement and 5.7(c) and DE Attestation



Apparently, 5.7(c) also is outstanding. We are fine with the first highlighted addition, but not the second.

CONFIDENTIAL                                                                                         UBER00321507

[5.7(c)] If a proposed Employee is required to be subject to a Diligence Review in accordance with Section 5.7(b), the Company shall not hire or commit to hire such Employee until (i) such individual has completed a Diligence Review conducted by the Outside Expert at Parent's expense to determine whether such individual has committed any Bad Acts (which Diligence Review shall be completed by the Outside Expert promptly, but in any event within three (3) Business Days of such proposed Employee satisfying all requirements of the Outside Expert to complete such Diligence Review), (ii) such individual certifies to the Company in a form mutually acceptable to the Company and Purchaser (which consent shall not be unreasonably withheld) as to the good faith, complete and truthful completion of such Diligence Review by such individual and that such individual has provided good faith, complete and truthful responses [to such person's best knowledge] to all inquiries of [any material and relevant facts of][1] the Outside Expert and (iii) Purchaser delivers a written notice to the Company indicating that Purchaser is satisfied with the results of such Diligence Review, which satisfaction shall not be unreasonably delayed or denied. If Purchaser delivers a written notice to the Company in accordance with the foregoing subclause (iii), the Company hires such Employee, and such Employee thereafter executes a joinder to the Indemnification Agreement, such Employee shall be deemed a Diligenced Employee for all purposes under this Agreement and Exhibit [__] shall be amended to include the name of such Employee.

Attached is a further mark-up to the Attestation. We still do not see that more than a knowledge qualifier is needed. The knowledge qualifier seems to be a reasonable compromise from the original unqualified true and correct statement and avoids potential ambiguity over what is material or not. Also attached is a prior version of the Attestation that shows the prospective statements we recall John objected to if the Attestation was coming from Stroz. But we understand that it is not coming from Stroz, so it should be fine to stet them back in. Happy to further discuss if we are missing anything. Thanks.

Eric A. Tate || Partner || Morrison Foerster LLP
425 Market Street || San Francisco, CA 94105
E-Mail etate@mofo.com || Tel. 415.268.6915 || Desktop fax 415.276.7272



**From:** Amdursky, Eric [mailto:eamdursky@omm.com]
**Sent:** Thursday, April 07, 2016 12:04 AM
**To:** Tate, Eric Akira
**Cc:** Kim, Rudy Y.; Ferrari, Anna
**Subject:** RE: Section 5.8 of the Merger Agreement

**From:** Tate, Eric Akira [mailto:ETate@mofo.com]
**Sent:** Thursday, April 07, 2016 12:02 AM

4

**To:** Amdursky, Eric
**Cc:** Kim, Rudy Y.; Ferrari, Anna
**Subject:** RE: Section 5.8 of the Merger Agreement

The first part about the JDA is fine. We do not have the background and wondered if you could you explain the rationale behind the second part regarding the subpoena? Seems like it might be addressed or could be addressed in (c) perhaps. Thanks.

Eric A. Tate || Partner || Morrison Foerster LLP
425 Market Street || San Francisco, CA 94105
E-Mail etate@mofo.com || Tel. 415.268.6915 || Desktop fax 415.276.7272



---

**From:** Amdursky, Eric [mailto:eamdursky@omm.com]
**Sent:** Wednesday, April 06, 2016 11:43 PM
**To:** Tate, Eric Akira
**Subject:** Section 5.8 of the Merger Agreement

Eric:

My corporate folks said that Unicorn has asked me to check in with you to see if you had any objection to the language highlighted in yellow below in Section 5.8 of the Merger Agreement that I had included to (a) preserve the Joint Defense Agreement that the parties have agreed to enter into as part of the transaction and



5

CONFIDENTIAL
UBER00321509



Eric J. Amdursky
O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, California 94025
Tel. (650) 473-2644
Fax (650) 473-2601

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ETate@mofo.com, and delete the message.

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ETate@mofo.com, and delete the message.

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ETate@mofo.com, and delete the message.

---

[1] Note to Draft: Subject to review and discussion of the attorneys working on the indemnification diligence process.
[1] Note to Draft: Subject to review and discussion of the attorneys working on the indemnification diligence process.
[1] Note to Draft: Subject to review and discussion of the attorneys working on the indemnification diligence process.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

CONFIDENTIAL                                                                                                                              UBER00321511