# Exhibit 1

**Melanie M. Blunschi**
Direct Dial: 1.415.395.8129
Melanie.Blunschi@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600 Fax: +1.415.395.8095
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Barcelona, Beijing, Boston, Brussels, Century City, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Moscow, Munich, New York, Orange County, Paris, Riyadh, Rome, San Diego, San Francisco, Seoul, Shanghai, Silicon Valley, Singapore, Tokyo, Washington, D.C.

September 22, 2017

**VIA E-MAIL**

Charles K. Verhoeven
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
charlesverhoeven@quinnemanuel.com

Re: *Waymo LLC v. Uber Technologies, Inc., et al.*, Case No. 3:17-cv-00939-WHA (N.D. Cal) – Third Party Stroz Friedberg, LLC's Production of Documents

Dear Mr. Verhoeven:

Stroz Friedberg LLC ("Stroz") is producing via a secure link certain documents responsive to Waymo LLC's ("Waymo") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises, dated May 10, 2017 (the "Waymo Subpoena"). The documents are marked with Bates numbers ranging from STROZ_R_000003715 – STROZ_R_000006236 and have been marked "Confidential" in accordance with the protective order in the above-captioned action.

As you know, beginning on September 18, 2017, Waymo's counsel and Uber Technology, Inc.'s ("Uber") counsel began reviewing certain documents or files located on devices that Messrs. Anthony Levandowski, Lior Ron, Don Burnette, Soren Juelsgaard, and Colin Sebern (the "Diligenced Employees") provided to Stroz in 2016.[1] This review occurred on a Stroz-hosted Relativity database. Today's production consists of documents that either Waymo's counsel or Uber's counsel selected for production as a result of their review; Stroz has not had any role in determining which documents should be produced, and does not make any representation regarding the relevance of the produced documents to the claims and defenses at issue in the above-captioned action.

This production will be made partially available to counsel for the Diligenced Employees. In particular, in order to allow counsel for the Diligenced Employees to determine whether the production contains privileged or private information, each Diligenced Employee's counsel will receive the produced files to the extent that their client is listed as a custodian of the

[1] Waymo's and Uber's counsel reviewed forensically imaged copies of these files and documents located on the devices provided to Stroz.

produced document. If the Diligenced Employees' counsel objects to the production of a certain document or file, they will seek to claw the document or file back, following procedures established by the parties.

The production is made subject to and without waiving Stroz's Responses and Objections to the Waymo Subpoena.

Please do not hesitate to contact me if you have any questions.

Sincerely,

Melanie M. Blunschi
of LATHAM & WATKINS LLP

cc: Counsel for Parties