# Exhibit 3

| | |
|---|---|
| **From:** | Monica Tarazi |
| **Sent:** | Sunday, September 24, 2017 12:12 AM |
| **To:** | David Perlson; 'Karan Dhadialla'; James Judah; Jonathan Patchen; 'John Cooper'; 'MCate@fbm.com'; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; Susman Godfrey (uber-sg@lists.susmangodfrey.com) |
| **Cc:** | QE-Waymo |
| **Subject:** | RE: Waymo v Uber - Ron Subpoena |

John and Counsel,

John, we request a meet and confer on Sunday regarding the many deficiencies in Mr. Ron's privilege log.

First, it is impossible to ascertain the basis for your privilege assertions from the entirely boilerplate document descriptions used for every document listed. For example, hundreds of logged documents are vaguely described as "[c]ommunication concerning legal advice on corporate matters" or "[c]ommunication from counsel concerning legal advice on employment matters." Such descriptions fail to meet even the FRCP's baseline requirement that withheld documents must be described "in a manner that … will enable other parties to assess the claim." See FRCP 26(b)(5); see also Judge Alsup's Standing Order (privilege logs must be "sufficiently detailed and informative to justify the privilege"). This is particularly problematic as for many entries it is not even clear whether the attorneys listed actually represent Mr. Ron. As just one example, numerous entries reflect communications between Mr. Ron and John Gardner, who was Anthony Levandowski's – not Mr. Ron's – personal counsel. See, e.g., Entry Nos. 0017-0018 and 0055. No information explaining why the attorney-client privilege covers those communications is provided in the document description. Pursuant to Judge Alsup's Standing Order, such failure to provide sufficient detail as to each entry "at the time of the assertion" is "deemed a waiver of the privilege or protection."

Second, the log asserts that attorney-client privilege applies to communications between Mr. Ron and Uber personnel and/or counsel prior to April 11, 2016. See, e.g., Entry No. 0448, 0515, 0520. But Judge Corley, Judge Alsup, and the Federal Circuit have already decisively rejected this very proposition. No privilege attaches to these communications, and they must be produced immediately.

Third, the log appears to assert attorney-client privilege over dozens of communications involving Ognen Stojanovski predating May 2016 that relate to Tyto LiDAR – which Mr. Stojanovski managed and which was not acquired by Ottomotto until May 5, 2016. (Because Mr. Ron has provided grossly deficient descriptions of these logged communications, Waymo has attempted to determine the subject matter of these withheld communications based, not on the log itself, but on documents or logs provided by others.) For example, Mr. Ron's log appears to list an April 20, 2016 email chain between Mr. Ron and Mr. Stojanovski regarding Tyto – that was produced in unredacted form by Tyto. Compare TYTO-001850 with Entry Nos. 0026, and 0029-0032; see also Entry Nos. 0129, 0131, 0135, 0258, 0410, 0415-0419, 0433, 0436, 0455, 0641-0643, 0646-0652, 0655, 0698-0702, 0774, 0776, 0778, 0831, 0895-0897, and 0926. Mr. Ron has denied having any relationship with Tyto prior the acquisition, or any knowledge that it was owned and controlled by his Ottomotto business partner, Mr. Levandowski. So we do not understand how Mr. Ron can assert that he and Mr. Stojanovski had attorney-client privileged communications regarding Tyto prior to that date.

Fourth, Mr. Ron does not appear to have provided a privilege log for any redacted documents. Please provide any redacted documents and a corresponding privilege log immediately.

Finally, the privilege log is 423 pages long and contains over 1600 entries. The documents are not sorted in any coherent manner (such as by date). In its current format the log is therefore unwieldy, which impedes Waymo's efficient review. Please provide a native version.

Note that Waymo is still reviewing this voluminous log and this email is not intended to be an exhaustive catalog of its deficiencies.

Thank you,
Monica

**Monica Tarazi**
212-849-7187 Direct
monicatarazi@quinnemanuel.com

---

**From:** David Perlson
**Sent:** Thursday, September 21, 2017 11:13 PM
**To:** 'Karan Dhadialla' <kdhadialla@taylorpatchen.com>; James Judah <jamesjudah@quinnemanuel.com>; Jonathan Patchen <jpatchen@taylorpatchen.com>; 'John Cooper' <JCooper@fbm.com>; 'MCate@fbm.com' <MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; Susman Godfrey (uber-sg@lists.susmangodfrey.com) <Uber-sg@LISTS.SUSMANGODFREY.COM>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v Uber - Ron Subpoena

Karen, please advise what time tomorrow they will be produced.  And we need a time certain tomorrow for the log.

John, please add this to the meet and confer at 10 am tomorrow.

David

---

**From:** Karan Dhadialla [mailto:kdhadialla@taylorpatchen.com]
**Sent:** Thursday, September 21, 2017 8:11 PM
**To:** James Judah <jamesjudah@quinnemanuel.com>; Jonathan Patchen <jpatchen@taylorpatchen.com>; 'John Cooper' <JCooper@fbm.com>; 'MCate@fbm.com' <MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; Susman Godfrey (uber-sg@lists.susmangodfrey.com) <Uber-sg@LISTS.SUSMANGODFREY.COM>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v Uber - Ron Subpoena

James,

There isn't a large volume of documents that fall into this category, but those documents are currently being processed by our vendor and we will be able to produce them tomorrow.  We are also working on preparing an amended privilege log and will serve that promptly.

Best,

Karan

**Karan Singh Dhadialla**
Attorney

**Taylor & Patchen, LLP**
One Ferry Building, Suite 355
San Francisco, CA  94111

T:  (415) 788-8200
F:  (415) 788-8208
www.taylorpatchen.com

>>>>>Notice<<<<<
The information contained in this e-mail message may be privileged, confidential, and protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.  If you receive this e-mail message in error, please e-mail the sender at kdhadialla@taylorpatchen.com and destroy the message.

---

**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Thursday, September 21, 2017 1:34 PM
**To:** Jonathan Patchen; 'John Cooper'; 'MCate@fbm.com'; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; Susman Godfrey (uber-sg@lists.susmangodfrey.com); Karan Dhadialla
**Cc:** QE-Waymo
**Subject:** Waymo v Uber - Ron Subpoena

Counsel and John –

Now that the Federal Circuit has affirmed Judge Corley and Judge Alsup's Orders, please confirm that Mr. Ron will be producing all withheld documents and communications affected by that ruling today, as well as an amended privilege log identifying which newly produced document corresponds with which affected entry.  These materials should all have been provided already.  To the extent Mr. Ron will not agree, we request a meet and confer this afternoon.

Best,
James


**James Judah**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6420 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jamesjudah@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.