1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone:     415.268.7000
5  Facsimile:     415.268.7522

6  KAREN L. DUNN (*Pro Hac Vice*)
   kdunn@bsfllp.com
7  HAMISH P.M. HUME (*Pro Hac Vice*)
   hhume@bsfllp.com
8  BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, N.W.
9  Washington DC  20005
   Telephone:     202.237.2727
10 Facsimile:     202.237.6131

11 WILLIAM CARMODY (*Pro Hac Vice*)
   bcarmody@susmangodfrey.com
12 SHAWN RABIN (*Pro Hac Vice*)
   srabin@SusmanGodfrey.com
13 SUSMAN GODFREY LLP
   1301 Avenue of the Americas, 32nd Floor
14 New York, NY  10019-6023
   Telephone:     212.336.8330
15 Facsimile:     212.336.8340

16 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
17 and OTTOMOTTO LLC

18                    UNITED STATES DISTRICT COURT

19                   NORTHERN DISTRICT OF CALIFORNIA

20                      SAN FRANCISCO DIVISION

21 WAYMO LLC,                          | Case No.     3:17-cv-00939-WHA

22            Plaintiff,               | **NOTICE OF CASES EXCLUDING**
                                       | **TESTIMONY OF WAYMO'S**
23      v.                             | **DAMAGES EXPERT**
                                       | **MICHAEL J. WAGNER**
24 UBER TECHNOLOGIES, INC.,            |
   OTTOMOTTO LLC; OTTO TRUCKING        | Trial Date: October 10, 2017
25 LLC,                               |
26            Defendants.             |

27

28

As directed by the Court at today's pretrial conference, Defendants Uber and Ottomotto hereby provide a list of cases in which courts have excluded the opinions of Waymo's damages expert, Michael Wagner, along with copies of the relevant opinions.

1.      *Intellectual Ventures I LLC v. Xilinx, Inc.*, No. 10-1065, 2014 U.S. Dist. LEXIS 62882, *12 (D. Del. Apr. 14, 2014) (Stark, J.) (excluding Mr. Wagner's testimony because "Mr. Wagner's failure even to account for the reality that at one point IV was willing to license **all** of Xilinx's alleged infringement — and obviate this litigation — for a cap of about $2 million, and the absence of any reasonable explanation for why this reality is irrelevant, renders his analysis unreliable."). (Attachment 1.)

2.      *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, No. C11-5503, 2015 U.S. Dist. LEXIS 182558, *7-8 (W.D. Wash. Mar. 9, 2015) (Settle, J.) (excluding Mr. Wagner's testimony in part, regarding his ultimate conclusion on damages for accused feature APA, as "pure speculation regarding actual use of the APA.  While liability may be based on such circumstantial evidence, damages may not."). (Attachment 2.)

3.      *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, No. C11-5503, 2015 U.S. Dist. LEXIS 33108, *3-4 (W.D. Wash. Mar. 16, 2015) (Settle, J.) (excluding Mr. Wagner's testimony in part, regarding his reasonable royalty analysis, as Mr. Wagner's trial exhibits disclosed multiple possible dates of first infringement but Mr. Wagner's calculation was only based on one, and the "assumption is pure speculation" that the parties could have been in the same bargaining position at the various dates; instead, "Mr. Wagner should have conducted a hypothetical negotiation for each possible date of first infringement."). (Attachment 3.)

4.      *Cybergym Research LLC v. Icon Health & Fitness, Inc.*, No. 2:05-cv-527, 2007 U.S. Dist. LEXIS 102194, *13 (E.D. Tex. Oct. 7, 2007) (Folsom, J.) (excluding Mr. Wagner's testimony in part, regarding his application of a royalty rate to retail level margins for inducement infringement because, "revenues at the retail level were already taken into account when calculating the royalty rate for direct infringement.  Such 'double dipping' cannot be allowed"). (Attachment 4.)

5.      *Mattel, Inc. v. MGA Entm't, Inc.*, No. CV 04-9049, 2011 U.S. Dist. LEXIS 26995,

at *20 (C.D. Cal. Mar. 4, 2011) (Carter, J.) (excluding Mr. Wagner's testimony in part, regarding his lost license fee and reasonable royalty opinion, because it is both "unreliable" and "irrelevant to the damages calculation entrusted to the fact-finder"). (Attachment 5.)

6.      *Apple, Inc. v. Motorola, Inc.*, No. 1:11-cv-08540, 2012 U.S. Dist. LEXIS 105387, at *22 (N.D. Ill. May 22, 2012) *aff'd in part and rev'd in part on other grounds*, 757 F3d 1286 (Fed. Cir. 2014) (Posner, J.) (excluding Mr. Wagner's testimony because he did not "use the same approach (if it is feasible for him to do so) that he would use outside the litigation context"). (Attachment 6.)

7.      *Freeny v. Murphy Oil Corp.*, No. 2:13-CV-791, 2015 WL 11089607 at *3 (E.D. Tex.) (Payne, J.) (excluding Mr. Wagner's testimony in part, to the extent that it (1) relied on documents created after the close of fact discovery based on undisclosed data, (2) included a design-around option that was not disclosed during discovery, and (3) included pre-suit damages, where"[t]he record is devoid of any evidence suggesting any products were produced that required marking"). (Attachment 7.)

8.      *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846, 2012 WL 2571332, at *6 (N.D. Cal. June 30, 2012) (Koh, J.) (excluding Mr. Wagner's testimony in part, on the issues of apportionment and demand, because (1) his "apportionment of damages with respect to Apple's design patent infringement claims is contrary to law, it is unreliable under FRE 702 and *Daubert* and unduly prejudicial under FRE 403," raising "serious doubts about the reliability of Mr. Wagner's arithmetic, the flaws of which are apparent even on the face of some of his calculations," and (2) his opinion "that demand for the patented feature must be addressed under the first *Panduit* factor is contrary to law, and therefore will not assist the trier of fact."). (Attachment 8.)

1    Dated:  September 27, 2017          MORRISON & FOERSTER LLP

2

3                                        By:      /s/ Arturo J. González
                                                 ARTURO J. GONZÁLEZ
4
                                         Attorneys for Defendants
5                                        UBER TECHNOLOGIES, INC.
                                         and OTTOMOTTO LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28