# ATTACHMENT 2


Shepard's® report available
As of: September 27, 2017 4:30 PM Z

# Eagle Harbor Holdings, LLC v. Ford Motor Co.

United States District Court for the Western District of Washington

March 9, 2015, Decided; March 9, 2015, Filed

CASE NO. C11-5503 BHS

**Reporter**
2015 U.S. Dist. LEXIS 182558 *

EAGLE HARBOR HOLDINGS, LLC, and MEDIUSTECH, LLC, Plaintiffs, v. FORD MOTOR COMPANY, Defendant.

**Prior History:** *Eagle Harbor Holdings LLC v. Ford Motor Co., 2012 U.S. Dist. LEXIS 14804 (W.D. Wash., Feb. 7, 2012)*

**Counsel:** [*1] For Eagle Harbor Holdings, LLC, Plaintiff, Counter Defendant: Parker C Folse, III, LEAD ATTORNEY, SUSMAN GODFREY LLP, SEATTLE, WA; Erin Lindsay Calkins, Floyd G Short, Genevieve Vose Wallace, Ian B Crosby, Jordan Connors, Patrick C Bageant, SUSMAN GODFREY (WA), SEATTLE, WA.

For Mediustech LLC, Plaintiff, Counter Defendant: Parker C Folse, III, LEAD ATTORNEY, SUSMAN GODFREY LLP, SEATTLE, WA; Erin Lindsay Calkins, Floyd G Short, Genevieve Vose Wallace, Ian B Crosby, Jordan Connors, Patrick C Bageant, SUSMAN GODFREY (WA), SEATTLE, WA.

For Ford Motor Company, Defendant: Parker C Folse, III, LEAD ATTORNEY, SUSMAN GODFREY LLP, SEATTLE, WA; Erin Lindsay Calkins, Floyd G Short, Genevieve Vose Wallace, Ian B Crosby, Patrick C Bageant, SUSMAN GODFREY (WA), SEATTLE, WA.

For Ford Motor Company, Defendant: Duncan Manville, LEAD ATTORNEY, SAVITT BRUCE & WILLEY LLP, SEATTLE, WA; Peter Thomas Petrich, LEAD ATTORNEY, DAVIES PEARSON PC, TACOMA, WA; Robert J Gunther, Jr, LEAD ATTORNEY, PRO HAC VICE, WILMER CUTLER PICKERING HALE & DORR (NY), NEW YORK, NY; Alexandra Amrhein, Gregory P Teran, Jonathan Woodard, Marissa Lalli, Michael Heyison, Michael Summersgill, Michaela P Sewall, Rebecca Izzo, Sarah Petty, [*2] William Lee, PRO HAC VICE, WILMER CUTLER PICKERING HALE & DORR (MA), BOSTON, MA; Amy C Leshan, Frank A. Angileri, John S. LeRoy, Jonathan D Nikkila, PRO HAC VICE, BROOKS KUSHMAN P.C., SOUTHFIELD, MI; David Smith, PRO HAC VICE, WILMER CUTLER PICKERING HALE & DOOR LLP (CA), PALO ALTO, CA; Elise Miller, Elise Miller, Nina S Tallon, Stuart Allen, Todd Zubler, PRO HAC VICE, WILMER CUTLER PICKERING HALE & DORR (DC), WASHINGTON, DC.

For Ford Motor Company, Counter Claimant: Duncan Manville, LEAD ATTORNEY, SAVITT BRUCE & WILLEY LLP, SEATTLE, WA; Jonathan D Nikkila, LEAD ATTORNEY, PRO HAC VICE, BROOKS KUSHMAN PC, SOUTHFIELD, MI; Peter Thomas Petrich, LEAD ATTORNEY, DAVIES PEARSON PC, TACOMA, WA; Robert J Gunther, Jr, LEAD ATTORNEY, PRO HAC VICE, WILMER CUTLER PICKERING HALE & DORR (NY), NEW YORK, NY; Alexandra Amrhein, Gregory P Teran, Jonathan Woodard, Marissa Lalli, Michael Heyison, Michael Summersgill, Michaela P Sewall, Rebecca Izzo, Sarah Petty, William Lee, PRO HAC VICE, WILMER CUTLER PICKERING HALE & DORR (MA), BOSTON, MA; Amy C Leshan, Frank A. Angileri, John S. LeRoy, PRO HAC

VICE, BROOKS KUSHMAN P.C., SOUTHFIELD, MI; David Smith, PRO HAC VICE, WILMER CUTLER PICKERING HALE & DOOR LLP **[*3]**  (CA), PALO ALTO, CA; Elise Miller, Elise Miller, Nina S Tallon, Stuart Allen, Todd Zubler, PRO HAC VICE, WILMER CUTLER PICKERING HALE & DORR (DC), WASHINGTON, DC.

For Flextronics Automotive USA, Inc., Mike Osterhoff, Dan McGregor, Interested Partys: Jeremy E Roller, YARMUTH WILSDON PLLC, SEATTLE, WA; Robert E Chudakoff, PRO HAC VICE, ULMER & BERNE (CLEVELAND), CLEVELAND, OH.

**Judges:** BENJAMIN H. SETTLE, United States District Judge.

**Opinion by:** BENJAMIN H. SETTLE

## Opinion

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT

This matter comes before the Court on Defendant Ford Motor Company's ("Ford") *Daubert* motion to exclude the testimony of Plaintiffs' damages expert Michael Wagner (Dkt. 419). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

### I. PROCEDURAL HISTORY

On February 10, 2014, Plaintiffs Eagle Harbor Holdings, LLC, and Mediustech LLC ("Eagle Harbor") served Mr. Wagner's expert report on damages. *See* Dkt. 421 at 2-200. On December 5, 2014, Ford deposed Mr. Wagner. *Id.* at 202.

On January 22, 2015, Ford filed the instant **[*4]** motion seeking to exclude Mr. Wagner as a trial witness. Dkt. 419. On February 2, 2015, Eagle Harbor responded. Dkt. 448. On February 6, 2015, Ford replied. Dkt. 478.

On March 9, 2015, the Court held a hearing regarding Mr. Wagner's report and proposed testimony.

### II. DISCUSSION

*Federal Rule of Evidence 702* allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Expert testimony is admissible pursuant to *Rule 702* if it is both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)*. A district court's decision to admit expert testimony under *Daubert* in a patent case follows the law of the regional circuit. *Micro Chem., Inc. v. Lextron, Inc., 317 F.3d 1387, 1390-91 (Fed. Cir. 2003)*.

In the Ninth Circuit, the trial court acts as a "gatekeeper" by assessing the soundness of the expert's methodology to exclude junk science. *Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 463 (9th Cir. 2014)*. The inquiry into admissibility of expert opinion is a "flexible one," where "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook, 598 F.3d 558, 564 (9th Cir. 2010)* (citing *Daubert, 509 U.S. at 594, 596)*. "Under *Daubert*, the district judge is 'a gatekeeper, not a fact finder.' When an expert meets the threshold established by *Rule 702* as explained in *Daubert*, the **[*5]** expert may testify and the jury decides how much weight to give that testimony." *Id.* (quoting *United States v. Sandoval-Mendoza, 472 F.3d 645, 654 (9th Cir. 2006)*).

In this case, Ford moves to exclude Mr. Wagner's testimony on both accused features, APA and SYNC. Dkt. 419.

### A. APA

Ford moves to dismiss Mr. Wagner's testimony on the APA feature because (1) Mr. Wagner failed to apportion the non-patented features of APA, (2) he failed to adequately explain his opinion, and (3) he failed to account for actual infringement of the asserted method claim. *Id.* at 6-9.

### 1. Apportionment

In *Virnetx, Inc. v. Cisco Sys., Inc., 767 F.3d 1308 (Fed. Cir. 2014)*, the Federal Circuit held that "a patentee must be reasonable (though may be approximate) when seeking to identify a patent-practicing unit, tangible or intangible, with a close relation to the patented feature." *Id. at 1329*. "To assess how much value each patented and non-patented component individually contributes to the overall end product—e.g., a personal computer—can be an exceedingly difficult and error-prone task." *LaserDynamics, Inc. v. Quanta Computer, Inc., 694 F.3d 51, 66 (Fed. Cir. 2012)*.

In this case, Ford argues that the Court should exclude Mr. Wagner's testimony because he failed to properly apportion patent practicing features from non-patent practicing features in the APA system. It is undisputed that Mr. Wagner did not apportion non-patentable **[*6]** aspects of APA. Ford, however, has failed to show that Mr. Wagner's determination of the SSPPU is unreasonable or an approximation that borders on speculation. Mr. Wagner at least engaged in the exceedingly difficult and error-prone task in limiting the patent-practicing unit to the APA system. While Ford may have identified numerous errors in Mr. Wagner's opinion, such alleged errors do not rise to a level warranting exclusion. The evidence is at most "[s]haky but admissible . . . ." *Primiano, 598 F.3d at 564* (citing *Daubert, 509 U.S. at 594, 596)*. Therefore, the Court denies Ford's motion on this issue.

### 2. Expert's "Blackbox"

Ford moves to exclude Mr. Wagner's testimony because he failed to adequately explain his hypothetical negotiation analysis. If there is one area of law that requires professional judgment, it is an opinion on a hypothetical negotiation that was to have occurred many years ago. While the Court agrees that an expert should be precluded from pulling a number out of thin air, Ford has failed to show that Mr. Wagner's analysis is either unreliable or irrelevant. Therefore, the Court denies the motion on this issue.

### 3. Actual Usage

In this case, Ford moves to exclude Mr. Wagner's report because he failed to account for the fact **[*7]** that APA allegedly infringes a method claim and Ford asserts that there is a lack of evidence regarding the actual usage rate of the APA system among Ford customers. This argument is well taken and is based on *Lucent Technologies, Inc. v. Gateway, Inc., 580 F.3d 1301 (Fed. Cir. 2009)*. In *Lucent*, the Federal Circuit upheld liability for induced infringement based on circumstantial evidence that at least one of the alleged inducer's customers directly infringed the method claim. The court, however, vacated the damage portion of the verdict because, beyond the circumstantial evidence of at least one infringing use, "all the jury had was speculation." *Id. at 1334*. There was an absence of any evidence describing "how many Microsoft Outlook users had ever performed the patented method or how many times." *Id. at 1334-35*. On remand, plaintiffs immediately conducted a user survey. *Lucent Technologies, Inc. v. Gateway, Inc.*, Cause No. 7-2000CAB, Dkt. 1034-1 (S.D. CA. Dec. 7, 2010). Moreover, the jury instruction for the new damages trial provided that plaintiff was required to prove its damages to a "reasonable certainty." *Id.*, Dkt. 1392 at 33.

Under this standard, Mr. Wagner has, prior to today, failed to cite any evidence of actual use of the APA feature. Instead, he simply multiplies his **[*8]** reasonable royalty by the number of sales to reach his ultimate opinion on damages for the APA. This is pure speculation regarding actual use of the APA. While liability may be based on such circumstantial evidence, damages may not. In an

effort to correct this omission in his reports, Eagle Harbor introduced new evidence at the hearing. *See Hearing Exhibits D-1 & D-2*. Regardless of what this evidence shows, it is too late in the game to supplement Mr. Wagner's opinion with any evidence that was available for years before this hearing. It is simply too prejudicial to introduce and disclose to Ford such evidence the day before trial. Therefore, the Court grants Ford's motion on this issue and excludes Mr. Wagner's ultimate conclusion on APA damages. It appears that his conclusion as to royalty rate may still be relevant and admitted, and the Court will reserve ruling on this issue.

## B. SYNC

Ford moves to dismiss Mr. Wagner's testimony on the SYNC feature because (1) Mr. Wagner's conclusion is based on an improper 50/50 profit split, (2) he failed to apportion the non-patented features of APA, and (3) he made an improper conclusion regarding a relevant license. Dkt. 419 at 9-16.

### 1. 50/50 [*9] Split

It is undisputed that Mr. Wagner deleted the portion of his report that explicitly relied on the parties' 50/50 split. Ford, however, argues that Mr. Wagner's ultimate conclusion as to damages is essentially the same and, therefore, he must have relied on the 50/50 profit split in his new report. This is pure speculation. Moreover, Mr. Wagner has been asked to deliver an opinion on a hypothetical negotiation, which is far from a hard science. In this circumstance, Mr. Wagner's report is neither unreliable nor irrelevant. Therefore, the Court denies Ford's motion on this issue.

### 2. Apportionment

As set forth above, Ford fails to show that Mr. Wagner's report should be excluded for failure to properly apportion different aspects of the SYNC system. The Federal Circuit has provided that an apportionment may be approximate, but must be reasonable and that apportionment is an exceedingly difficult and error-prone task. *See Virnetx, 767 F.3d at 1329*; *LaserDynamics, 694 F.3d at 66*. The apportionment rule is an "evidentiary principle demanding an appropriate balance between the probative value of admittedly relevant damages evidence and the prejudicial impact of such evidence caused by the potential to mislead the jury into awarding an unduly high [*10] royalty." *Ericsson, Inc. v. D-Link Sys., Inc., 773 F.3d 1201, 1227 (Fed. Cir. 2014)*. Moreover,

> district courts must assess the extent to which the proffered testimony, evidence, and arguments would skew unfairly the jury's ability to apportion the damages to account only for the value attributable to the infringing features.

*Id. at 1228*. "[C]ourts must insist on a more realistic starting point for the royalty calculations by juries- often, the smallest salable unit and, at times, even less. *Id. at 1227* (citing *VirnetX, 767 F.3d at 1327-28*).

With regard to SYNC, Ford argues that the smallest salable unit is the Microsoft Auto software. Dkt. 419 at 13. Ford's argument is based largely on *VirnetX* where the Federal Circuit vacated a damages award because the patentee's damages theory was based on the sale of the entire device rather than the incremental benefit of a particular application. *See VirnetX, 767 F.3d at 1327-28*. As applied to this case, Mr. Wagner does not base his opinion on sales of Ford cars. Instead, he has based his calculations on SYNC being the smallest salable device. While Ford has shown by way of cross examination that portions of the SYNC system may provide value independent of the alleged infringing technology, Ford has failed to show that Mr. Wagner's starting point is unrealistic or that his testimony will have a prejudicial [*11] impact on the jury. Unlike the situation the court addressed in *VirnetX*, SYNC is not a personal computer or smart phone that is designed to run hundreds, if not thousands, of applications. SYNC is an embedded infotainment system and it is within

the realm of reasonableness to start with this system to evaluate infringement damages. Therefore, the Court denies Ford's motion on this issue.

### 3. Hemmelstein License

Ford argues that Mr. Wagner's opinion that the Hemmelstien license does not cover similar technology should be excluded because he improperly relied on the expert testimony of Dr. Paul Min. The parties dispute whether Dr. Min actually provided any opinion on the issue of comparable technology. The Court concludes that this issue shall be reserved for trial. If Dr. Min does provide the requisite foundational testimony, then Mr. Wagner may rely upon that testimony. Otherwise, Mr. Wagner will not be allowed to discuss the absence of any license for comparable technology. Therefore, the Court denies Ford's motion without prejudice on this issue.

### III. ORDER

Therefore, it is hereby **ORDERED** that Ford's *Daubert* motion to exclude the testimony of Mr. Wagner (Dkt. 419) is **GRANTED in part** and **[*12] DENIED in part** as stated herein.

Dated this 9th day of March, 2015.

/s/ Benjamin H. Settle

BENJAMIN H. SETTLE

United States District Judge

**End of Document**