# ATTACHMENT 3


Shepard's® report available
As of: September 27, 2017 6:32 PM Z

# Eagle Harbor Holdings, LLC v. Ford Motor Co.

United States District Court for the Western District of Washington

March 16, 2015, Decided; March 16, 2015, Filed

CASE NO. C11-5503 BHS

**Reporter**
2015 U.S. Dist. LEXIS 33108 *

EAGLE HARBOR HOLDINGS, LLC, and MEDIUSTECH, LLC, Plaintiffs, v. FORD MOTOR COMPANY, Defendant.

**Prior History:** *Eagle Harbor Holdings LLC v. Ford Motor Co., 2012 U.S. Dist. LEXIS 14804 (W.D. Wash., Feb. 7, 2012)*

**Counsel: [*1]** For Eagle Harbor Holdings, LLC, Mediustech LLC, Plaintiffs, Counter Defendants: Parker C Folse, III, LEAD ATTORNEY, SUSMAN GODFREY LLP, SEATTLE, WA; Erin Lindsay Calkins, Floyd G Short, Genevieve Vose Wallace, Ian B Crosby, Jordan Connors, Patrick C Bageant, SUSMAN GODFREY (WA), SEATTLE, WA.

For Ford Motor Company, Defendant, Counter Claimant: Duncan Manville, LEAD ATTORNEY, SAVITT BRUCE & WILLEY LLP, SEATTLE, WA; Peter Thomas Petrich, LEAD ATTORNEY, DAVIES PEARSON PC, TACOMA, WA; Alexandra Amrhein, Gregory P Teran, Jonathan Woodard, Marissa Lalli, Michael Heyison, Michael Summersgill, Michaela P Sewall, Rebecca Izzo, Sarah Petty, William Lee, PRO HAC VICE, WILMER CUTLER PICKERING HALE & DORR (MA), BOSTON, MA; Amy C Leshan, Frank A. Angileri, John S. LeRoy, Jonathan D Nikkila, PRO HAC VICE, BROOKS KUSHMAN PC, SOUTHFIELD, MI; Cosmin Maier, PRO HAC VICE, WILMER CUTLER PICKERING HALE & DORR (NY), NEW YORK, NY; David Smith, PRO HAC VICE, WILMER CUTLER PICKERING HALE & DOOR LLP (CA), PALO ALTO, CA; Elise Miller, Grant Rowan, Nina S Tallon, Todd Zubler, PRO HAC VICE, WILMER CUTLER PICKERING HALE & DORR (DC), WASHINGTON, DC.

For Flextronics Automotive USA, Inc., Mike Osterhoff, Dan McGregor, **[*2]** Interested Parties: Jeremy E Roller, YARMUTH WILSDON PLLC, SEATTLE, WA; Robert E Chudakoff, PRO HAC VICE, ULMER & BERNE (CLEVELAND), CLEVELAND, OH.

**Judges:** BENJAMIN H. SETTLE, United States District Judge.

**Opinion by:** BENJAMIN H. SETTLE

## Opinion

ORDER SUSTAINING DEFENDANT'S OBJECTION

This matter comes before the Court on Defendant Ford Motor Company's ("Ford") objection to Plaintiffs Eagle Harbor Holdings, LLC and MediusTech, LLC's ("Eagle Harbor") offer of expert testimony and trial exhibits. The Court has considered the pleadings filed in support of and in opposition to the objection and the remainder of the file and hereby sustains the objection for the reasons stated herein.

### I. PROCEDURAL HISTORY

On February 10, 2014, Eagle Harbor served Michael Wagner's ("Mr. Wagner") expert report on

damages. *See* Dkt. 421 at 2-200. On December 5, 2014, Ford deposed Mr. Wagner. *Id*. at 202.

On March 13, 2015, Ford made an oral objection to parts of Mr. Wagner's expected testimony and trial exhibits. The Court requested briefing from the parties. On March 16, 2015, both parties filed briefs. Dkts. 600, 604.

## II. DISCUSSION

Expert testimony is admissible pursuant to *Rule 702* if it is both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)*. In the Ninth Circuit, the trial court acts **[\*3]** as a "gatekeeper" by assessing the soundness of the expert's methodology to exclude junk science. *Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 463 (9th Cir. 2014)*. With regard to the relevant patent principle at issue, the date of the hypothetical negotiation is sometime on or around the date of first infringement. *Unisplay, S.A. v. Am. Elec. Sign Co., 69 F.3d 512, 517 (Fed. Cir. 1995)*; Dkt. 450 ("Wagner Report") ¶ 26.

In this case, Ford objects to Eagle Harbor's evidence because it involves multiple dates of possible infringement and Mr. Wagner only calculated his royalty rate based on one possible date of first infringement. Dkt. 600. In his report, Mr. Wagner provides that, for the alleged infringement by Ford's SYNC system, "the hypothetical negotiation date is on or around 2007 Q2." Wagner Report ¶ 60. Mr. Wagner's trial exhibits, however, disclose three other possible dates for the date of first infringement. Dkt. 602 at 2 (Plaintiffs' exhibit 2122). These additional dates are based on the issuance of two of the continuation patents—the '739 Patent and the '119 Patent—and the possibility that Eagle Harbor's damages may be limited for failure to mark. *Id*. The new dates are March 23, 2010, August 17, 2010, and August 23, 2011. *Id*. Mr. Wagner did not provide a hypothetical negotiation for any of these new dates. *See* Wagner Report. This **[\*4]** is a fundamental flaw and is improper as a matter of law because it undermines Mr. Wagner's methodology. Therefore, the Court sustains Ford's objection and excludes any reasonable royalty Mr. Wagner may offer for any date other than the second quarter of 2007.

While it may be true that the parties could have been in the same bargaining position in 2011 as they were in 2007, this assumption is pure speculation. In fact, Mr. Wagner documents significant changes that occurred in the market during the period of infringement such as Ford's revenue per unit, the contribution cost per unit, and the commercial success of the allegedly infringing product. *See id*.

Finally, Eagle Harbor argues that Ford is not prejudiced by Mr. Wagner's late disclosure. Dkt. 604 at 9. The issue, however, is that Mr. Wagner should have conducted a hypothetical negotiation for each possible date of first infringement. In that sense, Ford is highly prejudiced because Mr. Wagner only disclosed a quarter of what was required and the error cannot be fixed by merely supplying a different royalty base. Moreover, this is a flaw that cannot be cured by cross-examination.

## III. ORDER

Therefore, it is hereby **ORDERED** that Ford's **[\*5]** objection to Mr. Wagner's testimony and exhibits is **SUSTAINED**.

Dated this 16 day of March, 2015.

/s/ Benjamin H. Settle

BENJAMIN H. SETTLE

United States District Judge

**End of Document**