# ATTACHMENT 7

2015 WL 11089607
Only the Westlaw citation is currently available.
United States District Court,
E.D. Texas, Marshall Division.

Freeny, et al.

v.

Murphy Oil Corporation, et al.

Case No. 2:13-CV-791-RSP
|
Signed 06/03/2015
|
Filed 06/04/2015

## ORDER

ROY S. PAYNE, UNITED STATES MAGISTRATE JUDGE

**\*1** Currently before the Court is Plaintiffs' Motion to Strike Portions of the Damages Expert Report and Testimony of Michael J. Wagner (Dkt. No. 93, "Motion to Exclude").

## APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 149 (1999); Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. Kumho Tire, 526 U.S. at 152 ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go

about determining whether particular expert testimony is reliable."). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry-whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. United States v. Valencia, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under Daubert is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. See Micro Chem., Inc. v. Lextron, Inc., 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); Pipitone v. Biomatrix, Inc., 288 F.3d 239, 249–50 (5th Cir. 2002) (" '[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' ... Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a Daubert hearing into a trial on the merits," quoting FED. R. EVID. 702 advisory committee note). As the Supreme Court explained in Daubert, 509 U.S. at 596, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." See Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002).

## DISCUSSION

**\*2** In their Motion to Exclude, Plaintiffs sets forth three grounds for which to exclude the testimony of Mr. Michael J. Wagner ("Mr. Wagner").

First, Plaintiffs argue Mr. Wagner's report improperly relies on Murphy documents regarding: (a) the cost of the design-around options; (b) the exclusion of diesel and ethanol fuel sales; and (c) a breakeven analysis; which Murphy failed to produce. (Mot. at 4.) Specifically,

2015 WL 11089607

Plaintiffs argue Murphy created several documents after the close of fact discovery that were not produced until more than three months after that deadline expired. (*See id.* at 4–5) (referring to a document entitled "Murphy USA, Inc. Project Estimates: Fuel Price File Handling Changes," two spreadsheets entitled "Financials for Diesel – Sites with no electronic signs 2007-2014" and "Financials for E85-E15 Stores (2007-2015)," and a analysis spreadsheet entitled "BE for fuel after tax 201503" (collectively, "Disputed Documents")). Plaintiffs conclude Defendant's use of the Disputed Documents would be unfair and prejudicial to them and that the Court should strike them as untimely produced. (*Id.* at 5–6.)

Defendant argues the Disputed Documents did not even exist prior to the close of the fact discovery deadline and such documents were timely rebuttal evidence submitted in response to Plaintiffs' damages report. (Opp. at 1–2.) Further, Defendant argues neither the underlying data nor the Disputed Documents themselves were relevant to the pleaded claims and defenses involved until Mr. Wagner requested the information to aid in his rebuttal of the Hoeberlein Report. (*Id.* at 4.) The Court disagrees.

The Federal Rules of Civil Procedure and this Court's Local Rules impose broad discovery obligations on all parties in civil matters. For example, pursuant to the Federal Rules,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.... Relevant information need not be admissible at the trial **if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.**

FED. R. CIV. P. 26(b)(1) (emphasis added).

Moreover, this Court's practice does not require the parties' specific requests for the production of documents and underlying data throughout the fact discovery process. Rather, the Court requires the parties to freely disclose those documents and data deemed either relevant to a party's claims and defenses or reasonably calculated to lead to the discovery of admissible evidence. Despite now conceding at this late stage that the underlying, unproduced data used to generate the Disputed Documents is indeed relevant to the claims and defenses, Defendant cannot credibly claim that it was unaware of the potential relevance of the underlying data used to construct the Disputed Documents prior to Plaintiffs' service of their expert reports. Specifically, these data have the potential to limit the sales of product through the accused systems and, thus, could potentially affect the overall damages in this case. Plaintiffs were entitled to reasonable notice of these documents and data during the fact discovery period. Such notice would provide Plaintiffs the opportunity to adequately assess the reliability of these data and the potential impact on their claims. Defendant elected to produce them outside of fact discovery and, therefore, Plaintiffs were not accorded such opportunity.

**\*3** Finally, Defendant's attempt to shift the onus onto Plaintiffs for not utilizing the proper discovery channels to obtain this information is equally unavailing. (*See, e.g.*, Opp. at 1) (arguing Plaintiffs did not bother to depose Mr. Wagner); (Sur-Reply at 1) ("[I]t was Plaintiffs who chose not to depose Mr. Wagner or Mr. Cole and question them on any of these issues.") Indeed, requiring the party seeking discovery to obtain the information through deposition—outside of the fact discovery process—does not comport with this Court's discovery procedures or local practice. Accordingly, Plaintiffs' Motion to Exclude is granted as to this ground and Mr. Wagner shall be precluded from testifying as to matters as they relate to the Disputed Documents or their underlying data.

Second, Plaintiffs argue portions of Mr. Wagner's expert report regarding a Cisco design-around option should be excluded because this theory was not disclosed during discovery. (Mot. at 6.) At the outset, the Court notes the basis for which Plaintiffs seek to exclude Mr. Wagner on this ground was subject of Plaintiffs' Motion in *Limine* Number 5. (Dkt. No. 112 at 4.) On May 26, 2015, the Court heard argument on the same and granted Plaintiffs' motion. (*See* Dkt. No. 146 at 2) ("**GRANTED** as to the modifications of the accused systems with Cisco components. Such modifications were fairly covered by Plaintiffs' Interrogatory No. 8 and Defendant failed to supplement or offer a reasonable excuse for not providing this information throughout discovery. **GRANTED** as to the cost analysis documents.") (emphasis in original). Accordingly, Plaintiffs' Motion to Exclude is granted as to this ground for the reasons set forth during the May 26, 2015 hearing.

Case 3:17-cv-00939-WHA   Document 1852-7   Filed 09/27/17   Page 4 of 4

Third and finally, Plaintiffs argue Mr. Wagner's opinion regarding pre-suit damages should be excluded because it is improper, unsupported, and unreliable. (Mot. at 7.) Specifically, Plaintiffs' arguments rest on the issue of proper marking under 35 U.S.C. § 287. (*Id.* at 7–10.) The Court observes the basis for which Plaintiffs seek to exclude Mr. Wagner on this ground was subject of Plaintiffs' Motion in *Limine* Number 6. (Dkt. No. 112 at 7.) On May 26, 2015, the Court heard argument on the same and granted Plaintiffs' motion. (*See* Dkt. No. 146 at 2) ("**GRANTED.** The record is devoid of any evidence suggesting any products were produced that required marking.") (emphasis in original). Accordingly, Plaintiffs' Motion to Exclude is granted as to this ground as well for the reasons set forth during the May 26, 2015 hearing.

## CONCLUSION

Having considered all of Plaintiffs' objections, Plaintiffs' Motion to Strike Portions of the Damages Expert Report and Testimony of Michael J. Wagner (Dkt. No. 93) is **GRANTED** as set forth in accordance with this Order.

**SIGNED this 3rd day of June, 2015.**

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 11089607

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.