IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; and OTTO<br>TRUCKING LLC,<br><br>  Defendants. | No. C 17-00939 WHA<br><br>**ORDER DENYING MOTIONS<br>FOR PROTECTIVE ORDER<br>OVER DUE DILIGENCE<br>REPORT** |

Plaintiff Waymo LLC, non-party Anthony Levandowski, defendants Uber Technologies, Inc., and Ottomotto LLC (collectively, "Uber"), and non-party Lior Ron have filed motions for a protective order over the due diligence report prepared by non-party Stroz Friedberg. The transparency of that due diligence report is crucial to the public's ability to understand the merits of this case, particularly on dispositive motions and at trial. No movant has shown sufficient reason to override the public interest factor here.

*First*, Waymo's motion seems to request the Court's blessing to designate certain exhibits to the due diligence report as "confidential" or "highly confidential — attorney's eyes only" pursuant to the stipulated protective order in this action (*see* Dkt. No. 1681-4). No such blessing will be given. Waymo remains free to put in place confidentiality designations that it believes are appropriate under the stipulated protective order and in light of the Court's views on the importance of the public's interest in the due diligence report. But if any party attempts to file parts of the due diligence report under seal, or to keep it under seal at trial, such attempt

will be denied except as to trade secret (and other truly sealable) information. Except as stated herein, Waymo's motion for a protective order is **DENIED**.

*Second*, Levandowski moves to keep the entire due diligence report and related materials concealed from the public and the government, and to limit their use at trial. The basis for this motion is Levandowski's contention that "the Federal Circuit has not foreclosed the possibility that [he] will later be deemed to have valid Fifth Amendment rights (and other privileges) with respect to the Stroz materials" (Dkt. No. 1684 at 2). This order disagrees. The Federal Circuit's opinion made very clear — notwithstanding that it reached the issue on a petition for writ of mandamus — that Levandowski "is not entitled to Fifth Amendment privilege with respect to disclosure in this civil case" and also "cannot invoke attorney-client privilege or work-product protection" (Dkt. No. 1733 at 8, 19). Levandowski has proffered no other rationale for his motion, much less any rationale that justifies the sweeping relief he seeks. His motion for a protective order is **DENIED**.

*Third*, Uber moves to show the jury a "slightly redacted" version of the due diligence report that omits as irrelevant "any reference to potential solicitation," among other unspecified things Uber considers "unrelated to the nine trade secrets at issue" (Dkt. No. 1685). Contrary to Uber, it is not a foregone conclusion that parts of the due diligence report that reference "potential solicitation" will have no relevance to the case. Uber's motion is essentially an evidentiary objection and will not be sustained in the form of a protective order. Its motion for a protective order is **DENIED** without prejudice to targeted objections in response to specific evidence proffered at trial.

*Fourth*, and in a similar vein, Ron moves to intervene and for a protective order to prevent public disclosure of most of the due diligence report — which he claims is "irrelevant" to Waymo's misappropriation claims — to protect his own "reputational interests" and position in a separate arbitration proceeding against him (Dkt. No. 1686). The Court has already instructed the parties to keep the due diligence report "low-level confidential, among [themselves], and not give it to the *New York Times* and everybody else" (Dkt. No. 1723 at 11:20–22). Beyond that, it is not a foregone conclusion that "the majority" of the due diligence

report is irrelevant to the merits of this case, and Ron's reputational concerns do not trump the public's interest in understanding the merits. Insofar as Ron's motion essentially amounts to a relevance objection, defendants are perfectly capable of raising that objection in response to specific evidence proffered at trial. Except as stated herein, Ron's motion to intervene and for a protective order is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 28, 2017.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE