QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa J. Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan R. Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>              Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S RESPONSE TO DEFENDANTS' NOTICE OF CASES REGARDING TESTIMONY OF WAYMO'S DAMAGES EXPERT MICHAEL J. WAGNER** |

Uber submits eight cases in which courts have allegedly excluded testimony of Waymo's damages expert, Mr. Michael Wagner. As a preliminary matter, these cases represent a miniscule fraction of Wagner's career given that he has testified at trial 140 times, including in six of the eight cases that Defendants identify. Wagner's methodologies have also been affirmed by the Federal Circuit several times. *CardiAQ Valve Tech., Inc.*, 2017 WL 3833209, at *9 (Fed. Cir. 2017) (affirming Wagner's damages model for trade secret misappropriation which was based on the fact that "it took CardiAQ around twenty months to develop its secrets" and testimony that it would have taken the defendant "at least 18 months to get from scratch to where [CardiaqAQ] had gotten to during that period"); *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 856 (Fed. Cir. 2010) (affirming that Wagner based his calculations on facts meeting the "standards of relevance and reliability" required by Rule 702).

Uber studiously omits that at least two of the opinions it cites have been overturned on appeal. Uber contends that the court in *Apple, Inc. v. Motorola, Inc.*, No. 1:11-cv-08540, 2012 U.S. Dist. LEXIS 105387, at *22 (N.D. Ill. May 22, 2012), excluded Wagner because he "did not use the same approach (if it is feasible for him to do so) that he would use outside the litigation context." (Notice at 2 (internal quotations omitted)). In that case, Judge Posner prevented ***both sides'*** damages experts from relying on information provided to them by technical experts because "in both cases the party's damages expert obtained the essential information . . . from an agent of the party rather than from a disinterested source." *Id.* The Federal Circuit squarely rejected this reasoning on appeal:

> The district court's decision states a rule that neither exists nor is correct. Experts routinely rely upon other experts hired by the party they represent for expertise outside of their field. . . . Rule 703 explicitly allows an expert to rely on information he has been made aware of 'if experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject.' This Rule does not predicate admissibility on the source of the facts or data or, in particular, on whether the source is employed by either of the parties." Consistent with Rule 703, patent damages experts often rely on technical expertise

outside of their field when evaluating design around options or valuing the importance of the specific, infringing features in a complex device.

*Apple v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014).

Uber similarly contends that the *Apple, Inc. v. Samsung Elecs., Co., Ltd.*, No. 11-cv-01846, 2012 WL 2571332, at *6 (N.D. Cal. June 30, 2012) court rejected Wagner's analysis "on the issues of apportionment and demand" because his "apportionment of damages with respect to Apple's design patent infringement claims is contrary to law, it is unreliable under FRE 702 and *Daubert* and unduly prejudicial under FRE 403." (Notice at 2.)  However, the issue of apportionment for design patent damages was appealed all the way to the Supreme Court in that case, and the Supreme Court ruled that apportionment of damages for design patent infringement *is* allowed -- and indeed, likely required.  *Samsung Electronics Co., Ltd. v. Apple Inc.*, 137 S.Ct. 429, 436 (U.S. 2016).  The precise scope of the Supreme Court's ruling is a live issue on remand to the district court now.

None of Uber's remaining cases suggest that Wagner's methodologies are flawed in any way and, in fact, support the opposite conclusion.  In *Freeny v. Murphy Oil Corp.*, No. 2:13-CV-791, 2015 WL 11089607 at *3 (E.D. Tex. June 4, 2015), the court merely prevented Wagner from using late-produced documents and an undisclosed design around theory.  In *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, No. C11-5503, 2015 U.S. Dist. LEXIS 182558, *7-8 (W.D. Wash. Mar. 9, 2015), the court excluded Wagner's royalty base because plaintiff failed to prove usage of the asserted method patent for one of several accused products.  In the same opinion, the court specifically approved of Wagner's apportionment methodology over defendant's objection. *Id.* at *5.  In *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, No. C11-5503, 2015 U.S. Dist. LEXIS 33108, *3-4 (W.D. Wash. Mar. 16, 2015), the court simply concluded that because Wagner performed a hypothetical negotiation for one date, he could not say that his concluded royalty applied to other potential hypothetical negotiation dates.  The court did not find any fault with the substance of Wagner's reasonable royalty analysis.  In *Cybergym Research LLC v. Icon Health & Fitness, Inc.*, No. 2:05-

cv-527, 2007 U.S. Dist. LEXIS 102194, *13 (E.D. Tex. Oct. 7, 2007), the court precluded plaintiff from "double dipping" by trying to collect some damages for direct infringement from one defendant, and additional damages for indirect infringement from another defendant.  Waymo is not trying to do the same thing here, and Defendants do not argue otherwise.  In fact, Otto Trucking is moving to sever in part because Mr. Wagner has ***not*** calculated damages specifically for Otto Trucking.  (Dkt. 1841.)  In *Mattel, Inc. v. MGA Entm't, Inc.*, No. CV 04-9049, 2011 U.S. Dist. LEXIS 26995 at *20 (C.D. Cal. Mar. 4, 2011), the court prevented Wagner from presenting a *Georgia-Pacific* analysis to the jury under CUTSA because it was concerned that the *Georgia-Pacific* framework would confuse the jury.  There was a particular risk of confusion in that case because the jury was determining damages both for trade secret misappropriation under CUTSA (where "any reasonable royalty must be imposed by the Court, and only after the fact-finder fails to award either lost profits or unjust enrichment to the trade secret plaintiff") and copyright infringement damages (which are supposed to be based on "objective market value of the copyrighted work, as opposed to *Georgia-Pacific*").  *Id.*

In short, none of the cases Defendants have identified support the total exclusion of Wagner as an expert in this case.[1]

---

[1] To the extent Uber is implying that its own damages expert has been immune to *Daubert* challenges, they are wrong.  Courts have excluded or rejected the testimony of Uber's damages expert, Mr. Walter Bratic, many times.  *See e.g., XpertUniverse Inc. v. Cisco Sys.*, 597 Fed. Appx. 630 (Fed. Cir.) (affirming JMOL reversing jury verdict of $70 million for a fraudulent concealment claim in part because "Bratic's testimony was predicated upon the irrationally exuberant revenue projections furnished by XpertUniverse management, [which] provided an inadequate evidentiary foundation for the claim that XpertUniverse had a market value of $70 million in April 2006"); *Intelligent Verification Sys. LLC v. Microsoft Corp.*, 2015 WL 1518099 (E.D. Va. Mar. 31, 2017) (excluding Bratic's opinion because "Mr. Bratic improperly apportioned the royalty base by failing to apportion the value of the patented feature beyond his identification of the SSPPU" and because "Mr. Bratic's reliance on the Immersion/Sony verdict and license as a comparable license [is] flawed"); *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 WL 4065465 (S.D. Tex. Oct. 9, 2010) (striking Bratic's report because "Plaintiff is required to do more than simply identify the Infringing Stores and designate all revenue from those stores as a

| | | |
|---|---|---|
| DATED: September 28, 2017 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By | */s/Charles K. Verhoeven* |
| | | Charles K. Verhoeven |
| | | Attorneys for WAYMO LLC |

---

result of the alleged infringement"); *Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd.,* 2007 WL 801886 (N.D. Cal. Mar. 14, 2007) ("Mr. Bratic's theory of recovery is contrary to California Supreme Court's decisions as to what is recoverable under the Unfair Competition Law and, if this case goes to trial, shall not be heard by a jury").