IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

      Plaintiff,

  v.

UBER TECHNOLOGIES, INC.;
OTTOMOTTO LLC; and OTTO
TRUCKING LLC,

      Defendants.

                              /

No. C 17-00939 WHA

**FINAL PRETRIAL ORDER**

**FOR GOOD CAUSE** and after a final pretrial conference, the following constitutes the final pretrial order and rulings on motions *in limine*:

1. This case shall go to a **JURY TRIAL** on **OCTOBER 10, 2017**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by orders *in limine*. This final pretrial order supersedes the complaint and answer. Only issues expressly identified for trial remain in the case.

2. Rulings on the motions *in limine* are set forth later in this order.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed pretrial order less any excluded or limited by orders *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the Federal Rules of Evidence.

1    4.    The stipulations of facts set forth in the joint proposed pretrial order are

2    approved and binding on all parties.

3    5.    A jury of **TEN PERSONS** shall be used.

4    6.    Each side shall have **SIXTEEN HOURS** to examine witnesses (including direct

5    examination, cross-examination, re-direct examination, re-cross examination, etc.).  Each side

6    shall also have **ONE HOUR AND TEN MINUTES** to present opening statements.  Time allocated for

7    closing arguments shall not count against these limits.  If one side runs out of time despite being

8    efficient, non-duplicative, and non-argumentative in the use of the allotted time, and it would be

9    a miscarriage of justice to hold that side to these limits, then more time will be allotted.

10    7.    The parties shall follow the Court's current *Guidelines for Trial and*

11    *Final Pretrial Conference in Civil Jury Cases*, separately provided and available on the Internet

12    at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

13    *************************

14    **RULINGS ON PLAINTIFF'S MOTIONS *IN LIMINE***[*]

15    •    **MIL NO. 1 RE BONUS THEORY (DKT. NO. 1566).**

16    Based on briefing and counsel's argument during the final pretrial conference, the

17    evidence at issue, even if believed, *see United States v. Evans*, 728 F.3d 953, 962–63 (9th Cir.

18    2013), at best suggests Levandowski may have had some concerns about his bonus.  Under FRE

19    403, the probative value of this evidence — even if believed — as to the very different question

20    of whether Levandowski undertook the actions at issue in this case *as a result* of those concerns

21    is substantially outweighed by the danger it would create of confusing the issues, misleading the

22    jury, or wasting time.  This motion is **GRANTED**.

23

24

25

26

---

27    [*] The non-sequential numbering of these motions *in limine* results from previous submissions wherein
     both sides proposed other motions *in limine* for early adjudication.  The undersigned judge made tentative
28    rulings as to most of those proposed early motions *in limine*, some of which were renewed — with their original
     numbering — in advance of the final pretrial conference.

1  • **MIL NO. 13 RE DAVID DRUMMOND (DKT. NO. 1547).**

2  Based on briefing and counsel's argument during the final pretrial conference, the

3  proposed evidence and argument about Drummond would be a waste of time and should be

4  excluded under FRE 403.  This motion is therefore **GRANTED**.

5  • **MIL NO. 14 RE LEVANDOWSKI'S COOPERATION (DKT. NO. 1552).**

6  The Court **DEFERS** ruling on this motion pending the deposition of Attorney Angela

7  Padilla next week.  Both sides may submit supplemental briefs no more than **FIVE PAGES** in

8  length regarding the significance, if any, of that deposition.

9  • **MIL NO. 15 RE WAYMO'S MOTIVATIONS FOR THIS LAWSUIT (DKT. NO. 1543).**

10  This motion is **DENIED**.

11  • **MIL NO. 16 RE SEVAL OZ'S EARRINGS (DKT. NO. 1556).**

12  Based on briefing and counsel's argument during the final pretrial conference, any delay

13  between when Otto Trucking obtained the earrings and when it made them available to Waymo

14  was *de minimis*.  Moreover, Oz was Google's own employee, and there is no indication that she

15  was in any way unavailable to Waymo during this litigation.  Finally, Waymo — for all its

16  complaints — has not diligently pursued discovery concerning the earrings despite having had

17  opportunities to do so.  In short, any deficiency in Otto Trucking's disclosures under Federal

18  Rule of Civil Procedure 26 was harmless.  This motion is **DENIED**.

19  • **MIL NO. 17 RE UBER'S DESIGN-AROUNDS (DKT. NO. 1560).**

20  This motion was withdrawn at the final pretrial conference (Dkt. No. 1863 at 151:3–7).

21  • *DAUBERT* **MOTION RE JAMES MALACKOWSKI (DKT. NO. 1607).**

22  This motion is related to and will be decided together with Otto Trucking's pending

23  motion for summary judgment (Dkt. No. 1423) in a separate order.

24  \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

25

26

27

28

3

1              **RULINGS ON DEFENDANTS' MOTIONS *IN LIMINE***

2 •      **MIL NO. 2 RE OVERRULED CLAIMS OF PRIVILEGE (DKT. NO. 1546).**

3          This motion is **GRANTED** without prejudice to either side seeking leave of the Court at

4 trial to present specific evidence or argument regarding the other side's overruled claims of

5 attorney-client or work-product privilege.

6 •      **MIL NO. 22 RE BENCHMARK (DKT. NO. 1549).**

7          Bill Gurley may testify as to his own percipient knowledge regarding his tenure as a

8 member of Uber's board of directors (and possibly other facts) but may not speculate about

9 matters outside of his percipient knowledge. No evidence or argument about Benchmark's

10 lawsuit against Travis Kalanick will be permitted, except that defendants may use that lawsuit

11 for impeachment purposes. To the extent stated herein, this motion is **GRANTED**.

12 •      **MIL NO. 23 RE COMMUNICATIONS LOG (DKT. NO. 1554).**

13          This motion is **DENIED**.

14 •      **MIL NO. 24 RE FINANCIAL INFORMATION (DKT. NO. 1559).**

15          This motion is related to and will be decided together with defendants' motions to strike

16 (Dkt. Nos. 797, 942) and *Daubert* motion against Waymo's damages expert, Michael Wagner

17 (Dkt. Nos. 1619, 1653), in a separate order.

18 •      **MIL NO. 25 RE LEVANDOWSKI'S DOWNLOADING (DKT. NO. 1564).**

19          This motion is **DENIED**.

20 •      **MIL NO. 26 RE LEVANDOWSKI'S DOWNLOADING (DKT. NO. 1541).**

21          This motion is **DENIED**.

22 •      ***DAUBERT* MOTION RE LAMBERTUS HESSELINK (DKT. NO. 1610).**

23          This motion is **DENIED** (1) on the condition that Waymo call Sasha Zbrozek as a

24 foundational witness before calling Hesselink at trial, as discussed at the final pretrial

25 conference, and (2) without prejudice to defendants renewing their objections to Hesselink's

26 proffered opinion after hearing Zbrozek's foundational testimony at trial.

27

28

• *DAUBERT* MOTION RE JIM TIMMINS (DKT. NO. 1612).

The Court DEFERS ruling on this motion pending review of supplemental briefing from both sides.

• *DAUBERT* MOTION RE MICHAEL WAGNER (DKT. NO. 1619).

This motion is related to and will be decided together with defendants' motions to strike (Dkt. Nos. 797, 942) and motion *in limine* number 24 regarding financial information (Dkt. No. 1559) in a separate order.

• *DAUBERT* MOTION RE GARY BROWN AND KRISTINN GUDJONSSON (DKT. NO. 1620).

This motion will be decided in a separate order.

IT IS SO ORDERED.

Dated: September 28, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5