QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | CASE NO. 3:17-cv-00939 |
| Plaintiff, | **PLAINTIFF WAYMO LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES INC.'S AND OTTMOTTO LLC'S MOTION TO EXCLUDE ONE OF THREE OPINIONS PROFFERED BY WAYMO EXPERT JIM TIMMINS** |
| vs. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

At the Pretrial Conference Counsel for Uber suggested that the deposition testimony of Mr. Timmins established that he was not qualified to analyze the document trail related to the ownership and control of Tyto LiDAR LLC's ("Tyto") and render an opinion that Mr. Levandowski, through a series of shell companies and a trust, had control over Tyto's assets. Counsel for Uber made clear at the hearing that there is no dispute as to the substance of Mr. Timmins's analysis or conclusion, just Mr. Timmins's qualifications for rendering them. As shown in detail below, Mr. Timmins is more than qualified to analyze the subject documents and render an opinion as to the control of Tyto's assets.

Uber based its *Daubert* motion and its argument at the Pretrial Conference on a faulty premise that an expert with 35 years of experience in investment banking, venture capital, and business consulting, which includes analyzing corporate ownership and control documents, cannot analyze these very same types of documents and provide an opinion as to their import because it is purportedly a legal opinion and Mr. Timmins lacks a law degree. (Dkt. 1863 at 131:15-18 ("[W]e only brought this because it seems so facially evident that this expert, this M&A expert should not be allowed to offer this legal opinion at all.").) However, in conceding that he was not a lawyer Mr. Timmins made clear that he was not here, nor has he ever, provided a legal opinion. (Ex. 1 at 32:7-33:3 ("I'm not an attorney. And as such, I've not rendered an opinion about a question of law.").) Instead, the opinion Mr. Timmins offered, from a business perspective rather than a legal one, is well within the extensive business acumen and expertise analyzing these same types of documents in the course of his work. Indeed, Mr. Timmins has previously offered opinions related to entity control in the context of fiduciary duties of a shareholder, as well as the ownership of shares of a company through a trust and issues of control arising therefrom. (Ex. 1 at 252:24-254:6.) Moreover, Mr. Timmins made clear that issues of entity control also arise in areas of his work outside of the context of litigation consulting, such as valuation and allocation of company securities. (*Id.* at 255:22-256:11 ("When we're performing valuation of securities of companies and then allocating that down to valuation of securities, we're often looking at the nature of the shareholder who holds the securities. And as you're probably aware, many times wealthy individuals own securities individually -- I'm sorry -- indirectly through a trust, through a limited partnership often called a

family limited partnership, or a FLIP. Those are the primary instances in which it -- in which trusts enter into our work.").)

As it indicated at the hearing, Uber is presumably focusing on Mr. Timmins's testimony that he has never been asked to provide opinion testimony on the narrow issues of the powers of settlors and substitutors of a trust, or that Mr. Timmins has never personally set up a trust or advised others to do so. (*See, e.g. id.* at 256:12-257:6; 258:16-259:2.) But these facts are irrelevant to the opinion Mr. Timmins offered in this case that Uber challenged in its *Daubert* motion. As made clear in his deposition, the opinion Mr. Timmins rendered was primarily based on his review of the ***entire chain*** documenting the shell companies and trust that form the direct link from Tyto to Mr. Levandowski, and his understanding of the operation of Limited Liability Companies and trusts through his own work experience. (*Id.* at 255:22-256:11, 257:18-258:6; 260:9-264:13.) Uber's myopic focus on one link of the chain, the trust documentation, ignores the actual substance of the Mr. Timmins's opinion that analyzed the implications and connections between each document in this chain. (*See* Dkt. 1611-6.)

For the reasons set forth above and more fully in Waymo's Opposition, the Court should deny Uber and Ottomotto's motion to exclude the opinion of Jim Timmins concerning the ownership and control of Tyto. However, given that the parties do not dispute the underlying facts and the conclusion arising therefrom, as further demonstrated by Uber's counsel's statements at the Pretrial Conference, Waymo reiterates its alternative request for the Court to instruct the jury that Mr. Levandowski, through the operation of a series of shell companies and trusts, owned and controlled Tyto.

DATED:  September 16, 2017         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
   Charles K. Verhoeven
   Attorneys for WAYMO LLC