1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Tel.: 415.268.7000/Fax: 415.268.7522
5
   KAREN L. DUNN (Admitted *Pro Hac Vice*)
6  kdunn@bsfllp.com
   HAMISH P.M. HUME (Admitted *Pro Hac Vice*)
7  hhume@bsfllp.com
   BOIES SCHILLER FLEXNER LLP
8  1401 New York Avenue, N.W.
   Washington, D.C. 20005
9  Tel.: 202.237.2727/Fax: 202.237.6131

10 WILLIAM C. CARMODY (Admitted *Pro Hac Vice*)
   bcarmody@SusmanGodfrey.com
11 SHAWN J. RABIN (Admitted *Pro Hac Vice*)
   srabin@SusmanGodfrey.com
12 SUSMAN GODFREY LLP
   1301 Avenue of the Americas, 32nd Floor
13 New York, New York 10019
   Tel: 212.336.8330/Fax: 212.336.8340
14
   *Counsel for Defendants*
15 UBER TECHNOLOGIES, INC.
   and OTTOMOTTO LLC

16

17                     UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                          SAN FRANCISCO DIVISION

20 WAYMO LLC,                              Case No.   3:17-cv-00939-WHA
                  Plaintiff,               **SUPPLEMENTAL BRIEF ON
21        v.                               DEFENDANTS UBER
   UBER TECHNOLOGIES, INC.,                TECHNOLOGIES, INC.'S AND
22 OTTOMOTTO LLC; OTTO TRUCKING LLC,       OTTOMOTTO LLC'S MOTION TO
                  Defendants.              EXCLUDE ONE OF THREE
23                                         OPINIONS PROFFERED BY
                                           WAYMO EXPERT JIM TIMMINS
24                                         [Dkt. 1612]**

25                                         Judge:      Hon. William H. Alsup
                                           Trial Date: October 10, 2017
26
            **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**
27

28

**INTRODUCTION**

Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") submit this supplemental brief in support of Uber's motion to exclude one of Waymo expert Jim Timmins' opinions. Dkt. 1612. Timmins' deposition testimony confirms that his opinion that ▮▮▮▮ Zappala Decl. Ex. 1 (Opening Expert Report of Jim Timmins) ¶ 69, is a legal conclusion that is not properly the subject of expert testimony, and furthermore is incorrect. Timmins' testimony also makes clear that he is not qualified to render this opinion, because he admitted that ▮▮▮▮ It cannot be seriously argued that this meets the *Daubert* standard. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993).

**ARGUMENT**

**I.   TIMMINS' IMPERMISSIBLE AND INCORRECT LEGAL CONCLUSIONS**

   **A. Timmins' Opinion that ▮▮▮▮ is Improper and Wrong**

In his report, Timmins opines that ▮▮▮▮ Ex. 1 ¶ 66. At deposition, Timmins testified that he based this opinion on (1) ▮▮▮▮ Ex. 2 at 257:11-12, 260:20-261:25, 263:3-9.

Legal interpretation is not the proper subject of expert opinion, and, in any case, Timmins is not a lawyer. Ex. 2 at 33:1. Thus, Timmins' interpretation of the trust document is impermissible. Whether "a trustee has power to control trust property is an issue of construction of the terms of the trust instrument, or of a statute if applicable" and therefore "is a question of law, not of fact." *City of Phoenix, Ariz. v. Garbage Servs. Co.*, 827 F. Supp. 600, 607 n.8 (D.

1

SUPP. BRIEF ISO UBER *DAUBERT* MTN TO EXCLUDE ONE OF THREE OPINIONS PROFFERED BY
WAYMO EXPERT JIM TIMMINS [DKT. 1612]
CASE NO. 3:17-CV-00939-WHA

1  Ariz. 1993); *see also McHugh v. United Serv. Auto. Ass'n,* 164 F.3d 451, 454 (9th Cir.1999)
2  (expert testimony "cannot be used to provide legal meaning or interpret" contracts); *United States*
3  *v. Cohen*, 2012 WL 289769 at *3 (C.D. Ill. Jan. 31, 2012) (excluding expert testimony about "the
4  powers and duties of trustees, without reference to any facts" because it was an interpretation of
5  "the legal significance of documents which are relevant to this case."); Dkt. 1612 (citing cases).

6       Timmins' opinion is also incorrect. As the Court noted, typically "the settlor does not get
7  to control" the property of a trust, but rather "it's the trustee that controls" it. 9/27/2017 Hr'g Tr.
8  at 133:18-21; *see also* RESTATEMENT (THIRD) OF TRUSTS § 35 (the "person who creates a trust is
9  the settlor," while the "person holding property in trust is the trustee"); *id.* § 85 (the trustee has
10 "all of the powers over trust property that a legally competent, unmarried individual has with
11 respect to individually owned property"). Timmins nonetheless concludes that ▇▇▇▇
12 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
13 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Timmins' opinion is
14 contradicted by both the law and the plain language of the trust document, ▇▇▇▇▇▇▇▇
15 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
16 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
17 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
18 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *see also* RESTATEMENT (THIRD) OF TRUSTS § 3 cmt. b
19 (the term "trust estate" refers to "the trust property as a whole"). Timmins' opinion is thus
20 unreliable and should be excluded.

21      **B.  Timmins' Opinion that** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ **is Improper and Wrong**
22      Timmins' conclusion that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
23 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is likewise
24 both an inadmissible legal conclusion and simply incorrect. Timmins testified that ▇▇▇
25 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
26 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex 2 at 262:1-20. Once again,
27 Timmins' exercise of interpreting legal documents is classic improper legal opinion, and outside
28 the scope of his expertise. *E.g., McHugh*, 164 F.3d at 454.

1    And again, Timmins' opinion is wrong. ■■■
2    ■■■
3    ■■■. In
4    his deposition, Timmins ■■■
5    ■■■
6    ■■■ Ex. 2 at 263:18-
7    264:2. Timmins has also now admitted that ■■■
8    ■■■ *Id.*
9    at 265:10-267:9. This is consistent with ■■■ deposition testimony, which Timmins
10   failed to consider in rendering his opinion. *See* Ex. 5 ■■■) at 48:2-49:16; Ex. 1 App.
11   B.  Timmins should not be permitted to present this impermissible, incorrect opinion to the jury.

**C.  Timmins' Opinion that ■■■ is Improper and Wrong**

13   Timmins' opinion that ■■■
14   ■■■
15   ■■■ is just an extrapolation of his prior impermissible opinion: "turtles all the way down." *Cf.*
16   *Rapanos v. United States*, 547 U.S. 715, 754 n. 14 (2006). In addition to being based on flawed
17   and impermissible premises, Timmins again erred in his reading of the documents. For example,
18   Timmins states ■■■
19   ■■■
20   ■■■
21   ■■■
22   ■■■
23   ■■■
24   Moreover, Timmins' report entirely fails to mention that the ■■■
25   contains an identical provision to that in ■■■
26   ■■■
27   ■■■ As Timmins acknowledged at his deposition,
28   while members control LLCs by default, a company's operating agreement can expressly

3

1  provide— ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ —that the company shall instead be
2  "managed by a manager." Unlike member-managed LLCs, in a manager-managed LLC, "any
3  matter related to the activities and affairs of the company is decided exclusively by the manager."
4  UNIFORM LIMITED LIABILITY COMPANY ACT § 407 (2013). Moreover, the "actual authority of an
5  LLC's manager or managers is a question of agency law and depends fundamentally on the
6  contents of the operating agreement" and the applicable "common law of agency." *Id.* cmt. c.
7  After reviewing the relevant documents at his deposition, Timmins admitted that ▓▓▓▓▓▓
8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
10 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12 ▓▓▓▓ This renders Timmins' contrary opinion (Ex. 1 ¶ 69) unreliable.

13 **II.      TIMMINS IS NOT QUALIFIED TO OFFER THE OPINIONS AT ISSUE**

14 Even setting aside the fact that legal opinions are not appropriate, and that Timmins, a
15 non-lawyer, is not qualified to offer legal opinions, Timmins is not qualified to opine on ▓▓
16 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ trusts if those are somehow deemed to be non-legal issues. Timmins
17 testified that, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
18 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
19 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
25 Timmins also acknowledged that trust law, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
26 ▓▓▓▓▓▓▓▓▓, varies by state, but he did not recall in which state ▓▓▓▓▓▓▓▓▓▓▓▓▓
27 Ex. 2 at 259:3-19. Timmins testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
28 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

[REDACTED]

Nor does Timmins' "extensive experience in transactions, including debt and equity financings, M&A, and spin-offs," or his involvement in "terms negotiation, transaction structuring, due diligence review, and closing of" transactions render Timmins qualified to render the legal opinions he renders. Dkt. 1774 at 4 (citing Ex. 1). As the Court explained, a "corporation is not the same as a trust." 9/27 Hr'g Tr. at 135:16.

## III. JAMES HASLIM DID NOT CONCEAL ANY FACTS

While immaterial to the admissibility of Timmins's improper legal opinion, Uber briefly responds to the exchange at yesterday's hearing about James Haslim's relationship with Levandowski. First, even Waymo admits that [REDACTED] that Haslim disclosed what he did know of Levandowski's interactions with Tyto. 9/27 Hrg. Tr. at 126:16–18 (Ms. Cooper: "He didn't actually know that Levandowski was connected to the company [REDACTED] but he said…Levandowski was around all the time."). Haslim and Levandowski met when Haslim was at Velodyne and Levandowski was at Google, which was one of Velodyne's customers. Ex. 7 (8/9 Haslim Dep.) at 493:12–25. Second, Waymo explored Haslim's knowledge of Levandowski's interactions with Tyto during each of Haslim's three depositions. *E.g.*, *id.* at 501:19–505:11; Ex. 8 (4/18 Haslim Dep.) at 17:2–21:10; Ex. 9 (5/4 Haslim Dep.) at 127:9–129:18. Waymo chose not to bring Haslim's acquaintance with Levandowski to the Court's attention at any time before yesterday, but neither Uber nor Haslim ever hid it. The simple fact is that neither Haslim, nor Uber, nor anyone else at Uber, Otto, or Tyto knew of [REDACTED]

## CONCLUSION

Uber respectfully requests that the Court exclude the above-described opinion of Jim Timmins as inappropriate and unreliable under the Federal Rules of Evidence and *Daubert*.

| | | |
|---|---|---|
| 1 | Dated: September 28, 2017 | MORRISON & FOERSTER LLP<br>BOIES SCHILLER FLEXNER LLP<br>SUSMAN GODFREY LLP |
| 2 | | |
| 3 | | By: */s/ Karen L. Dunn*<br>       Karen L. Dunn |
| 4 | | *Counsel for Defendants*<br>UBER TECHNOLOGIES, INC. AND<br>OTTOMOTTO LLC |
| 5 | | |