MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel.: 415.268.7000/Fax: 415.268.7522

KAREN L. DUNN (Admitted *Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (Admitted *Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Tel.: 202.237.2727/Fax: 202.237.6131

WILLIAM C. CARMODY (Admitted *Pro Hac Vice*)
bcarmody@SusmanGodfrey.com
SHAWN J. RABIN (Admitted *Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 212.336.8330/Fax: 212.336.8340

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br>            Defendants. | Case No.    3:17-cv-00939-WHA<br>**SUPPLEMENTAL BRIEF ON DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO LLC'S MOTION TO EXCLUDE ONE OF THREE OPINIONS PROFFERED BY WAYMO EXPERT JIM TIMMINS [Dkt. 1612]**<br><br>Judge:     Hon. William H. Alsup<br>Trial Date: October 10, 2017 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**INTRODUCTION**

Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") submit this supplemental brief in support of Uber's motion to exclude one of Waymo expert Jim Timmins' opinions. Dkt. 1612. Timmins' deposition testimony confirms that his opinion that ▓▓▓ ▓▓▓ Zappala Decl. Ex. 1 (Opening Expert Report of Jim Timmins) ¶ 69, is a legal conclusion that is not properly the subject of expert testimony, and furthermore is incorrect. Timmins' testimony also makes clear that he is not qualified to render this opinion, because he admitted that ▓▓▓ ▓▓▓ ▓▓▓ ▓▓▓ It cannot be seriously argued that this meets the *Daubert* standard. *See Daubert v. Merrell Dow Pharm.*, *Inc.*, 509 U.S. 579, 592 (1993).

**ARGUMENT**

**I.   TIMMINS' IMPERMISSIBLE AND INCORRECT LEGAL CONCLUSIONS**

**A. Timmins' Opinion that ▓▓▓ is Improper and Wrong**

In his report, Timmins opines that ▓▓▓ ▓▓▓ Ex. 1 ¶ 66. At deposition, Timmins testified that he based this opinion on (1) ▓▓▓ ▓▓▓ ▓▓▓ Ex. 2 at 257:11-12, 260:20-261:25, 263:3-9.

Legal interpretation is not the proper subject of expert opinion, and, in any case, Timmins is not a lawyer. Ex. 2 at 33:1. Thus, Timmins' interpretation of the trust document is impermissible. Whether "a trustee has power to control trust property is an issue of construction of the terms of the trust instrument, or of a statute if applicable" and therefore "is a question of law, not of fact." *City of Phoenix, Ariz. v. Garbage Servs. Co.*, 827 F. Supp. 600, 607 n.8 (D.

Ariz. 1993); *see also McHugh v. United Serv. Auto. Ass'n,* 164 F.3d 451, 454 (9th Cir.1999) (expert testimony "cannot be used to provide legal meaning or interpret" contracts); *United States v. Cohen*, 2012 WL 289769 at *3 (C.D. Ill. Jan. 31, 2012) (excluding expert testimony about "the powers and duties of trustees, without reference to any facts" because it was an interpretation of "the legal significance of documents which are relevant to this case."); Dkt. 1612 (citing cases).

Timmins' opinion is also incorrect. As the Court noted, typically "the settlor does not get to control" the property of a trust, but rather "it's the trustee that controls" it. 9/27/2017 Hr'g Tr. at 133:18-21; *see also* RESTATEMENT (THIRD) OF TRUSTS § 35 (the "person who creates a trust is the settlor," while the "person holding property in trust is the trustee"); *id.* § 85 (the trustee has "all of the powers over trust property that a legally competent, unmarried individual has with respect to individually owned property"). Timmins nonetheless concludes that ▮▮▮ ▮▮▮ ▮▮▮ Timmins' opinion is contradicted by both the law and the plain language of the trust document, ▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮ *see also* RESTATEMENT (THIRD) OF TRUSTS § 3 cmt. b (the term "trust estate" refers to "the trust property as a whole"). Timmins' opinion is thus unreliable and should be excluded.

**B. Timmins' Opinion that ▮▮▮ is Improper and Wrong**

Timmins' conclusion that ▮▮▮ ▮▮▮ is likewise both an inadmissible legal conclusion and simply incorrect. Timmins testified that ▮▮▮ ▮▮▮ ▮▮▮ Ex 2 at 262:1-20. Once again, Timmins' exercise of interpreting legal documents is classic improper legal opinion, and outside the scope of his expertise. *E.g., McHugh,* 164 F.3d at 454.

2

1 | And again, Timmins' opinion is wrong. ▮▮▮
2 | ▮▮▮
3 | ▮▮▮. In
4 | his deposition, Timmins ▮▮▮
5 | ▮▮▮
6 | ▮▮▮ Ex. 2 at 263:18-
7 | 264:2. Timmins has also now admitted that ▮▮▮
8 | ▮▮▮ *Id.*
9 | at 265:10-267:9. This is consistent with ▮▮▮ deposition testimony, which Timmins
10 | failed to consider in rendering his opinion. *See* Ex. 5 ▮▮▮) at 48:2-49:16; Ex. 1 App.
11 | B. Timmins should not be permitted to present this impermissible, incorrect opinion to the jury.
12 | **C. Timmins' Opinion that ▮▮▮ is Improper and Wrong**
13 | Timmins' opinion that ▮▮▮
14 | ▮▮▮
15 | ▮▮▮ is just an extrapolation of his prior impermissible opinion: "turtles all the way down." *Cf.*
16 | *Rapanos v. United States*, 547 U.S. 715, 754 n. 14 (2006). In addition to being based on flawed
17 | and impermissible premises, Timmins again erred in his reading of the documents. For example,
18 | Timmins states ▮▮▮
19 | ▮▮▮
20 | ▮▮▮
21 | ▮▮▮
22 | ▮▮▮
23 | ▮▮▮
24 | Moreover, Timmins' report entirely fails to mention that the ▮▮▮
25 | contains an identical provision to that in ▮▮▮
26 | ▮▮▮
27 | ▮▮▮ As Timmins acknowledged at his deposition,
28 | while members control LLCs by default, a company's operating agreement can expressly

provide— ▮▮▮▮▮▮▮▮▮▮ —that the company shall instead be "managed by a manager." Unlike member-managed LLCs, in a manager-managed LLC, "any matter related to the activities and affairs of the company is decided exclusively by the manager." UNIFORM LIMITED LIABILITY COMPANY ACT § 407 (2013). Moreover, the "actual authority of an LLC's manager or managers is a question of agency law and depends fundamentally on the contents of the operating agreement" and the applicable "common law of agency." *Id.* cmt. c. After reviewing the relevant documents at his deposition, Timmins admitted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This renders Timmins' contrary opinion (Ex. 1 ¶ 69) unreliable.

## II.    TIMMINS IS NOT QUALIFIED TO OFFER THE OPINIONS AT ISSUE

Even setting aside the fact that legal opinions are not appropriate, and that Timmins, a non-lawyer, is not qualified to offer legal opinions, Timmins is not qualified to opine on ▮▮▮▮▮▮▮▮▮▮ trusts if those are somehow deemed to be non-legal issues. Timmins testified that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Timmins also acknowledged that trust law, ▮▮▮▮▮▮▮▮▮▮ , varies by state, but he did not recall in which state ▮▮▮▮▮▮ Ex. 2 at 259:3-19. Timmins testified that ▮▮▮▮▮▮▮▮▮▮▮▮

1  ██████████████████████████████████████
2  ██████████████████████████████

3  Nor does Timmins' "extensive experience in transactions, including debt and equity financings, M&A, and spin-offs," or his involvement in "terms negotiation, transaction structuring, due diligence review, and closing of" transactions render Timmins qualified to render the legal opinions he renders. Dkt. 1774 at 4 (citing Ex. 1). As the Court explained, a "corporation is not the same as a trust." 9/27 Hr'g Tr. at 135:16.

### III. JAMES HASLIM DID NOT CONCEAL ANY FACTS

While immaterial to the admissibility of Timmins's improper legal opinion, Uber briefly responds to the exchange at yesterday's hearing about James Haslim's relationship with Levandowski. First, even Waymo admits that ████████████████████████ ████████████████ that Haslim disclosed what he did know of Levandowski's interactions with Tyto. 9/27 Hrg. Tr. at 126:16–18 (Ms. Cooper: "He didn't actually know that Levandowski was connected to the company ████████████████ but he said…Levandowski was around all the time."). Haslim and Levandowski met when Haslim was at Velodyne and Levandowski was at Google, which was one of Velodyne's customers. Ex. 7 (8/9 Haslim Dep.) at 493:12–25. Second, Waymo explored Haslim's knowledge of Levandowski's interactions with Tyto during each of Haslim's three depositions. *E.g.*, *id.* at 501:19–505:11; Ex. 8 (4/18 Haslim Dep.) at 17:2–21:10; Ex. 9 (5/4 Haslim Dep.) at 127:9–129:18. Waymo chose not to bring Haslim's acquaintance with Levandowski to the Court's attention at any time before yesterday, but neither Uber nor Haslim ever hid it. The simple fact is that neither Haslim, nor Uber, nor anyone else at Uber, Otto, or Tyto knew of ████████████████████████████████ ██████████████████████████████████████

### CONCLUSION

Uber respectfully requests that the Court exclude the above-described opinion of Jim Timmins as inappropriate and unreliable under the Federal Rules of Evidence and *Daubert*.

Dated: September 28, 2017

MORRISON & FOERSTER LLP
BOIES SCHILLER FLEXNER LLP
SUSMAN GODFREY LLP

By: */s/ Karen L. Dunn*
      Karen L. Dunn

*Counsel for Defendants*
UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC