UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**ORDER RE: WAYMO'S MOTION FOR ADDITIONAL DEPOSITIONS AND INTERROGATORIES**<br><br>Dkt. No. 1790 |

1.　Waymo's motion to depose Uber attorneys Andrew Glickman and Christian Lymn, Ottomotto's prior attorney Eric Amdursky, and Lior Ron's prior attorney Alissa Baker is DENIED. Its claim that these attorneys involvement in the Stroz due diligence process was concealed until Uber's recent productions that followed the Federal Circuit ruling is meritless. Uber's supplemental initial disclosures of June 21, 2017—two months before the close of fact discovery—explicitly identified Amdursky, Glickman and Baker as having knowledge of the Stroz due diligence for the Ottomotto acquisition. (Dkt. No. 1832-16 at 17, 33.) While Lymn was not identified in the initial disclosures, Waymo has not demonstrated that Lymn has any non-cumulative, let alone significant, knowledge.

2.　The Court has already ordered the deposition of Uber Chief Legal Officer Sallie Yoo to proceed, for not more than four hours. Waymo has shown good cause based on newly disclosed documents.

3.　Waymo's motion to require Uber to designate a 30(b)(6) designee on Topic No. 3 is DENIED. The newly-disclosed documents do not justify Waymo's request as Waymo's lawsuit was initiated based on the premise that Anthony Levandowski had downloaded Waymo proprietary information to his devices.

4. Waymo's request for additional interrogatories is DENIED. Waymo does not even identify the interrogatories, let alone show good cause.

5. Waymo may depose Asheem Linaval, Dan Gruver, Max Levandowski, and Dan Ratner for no more than two hours each. While Waymo certainly had notice of their involvement in LiDAR, newly-disclosed documents reveal their purported involvement in the invention of specific concepts that Waymo could not have reasonably anticipated. These depositions shall occur on or before October 6, 2017.

6. Any objections to this Order shall be filed with the district court on or before noon on Monday, October 2, 2017.

This Order disposes of Docket No. 1790.

**IT IS SO ORDERED.**

Dated: September 29, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge