MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel:    415.268.7000 / Fax:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel:    202.237.2727 / Fax:    202.237.6131

WILLIAM CARMODY (Pro Hac Vice)
bcarmody@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.:   212.336.8330 / Fax.:   212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No.     3:17-cv-00939-WHA<br><br>**DECLARATION OF KEVIN FAULKNER REGARDING GOOGLE DRIVE AND GMAIL MIGRATION**<br><br>Trial Date: October 10, 2017 |

**DECLARATION OF KEVIN FAULKNER**

I, Kevin Faulkner, declare as follows:

FAULKNER DECL. ISO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL
Case No. 3:17-cv-00939-WHA
sf-3762003

1

1.     I am a Managing Director and head of the New York digital forensics lab at Stroz Friedberg. I make this declaration based on personal knowledge and information developed during the course of investigation and, if called as a witness, I would testify to the facts listed below.

2.     My April 7, 2017 declaration in support of Uber's Opposition to Waymo's Motion for Preliminary Injunction, as well as my September 7, 2017 expert report, set forth Stroz Friedberg's work to determine, to the extent possible, whether any Waymo confidential material was placed on Uber's computer systems, and my background and experience in digital forensics.

3.     I understand the Court has asked Uber to provide certain information regarding the Google Drive and Gmail accounts assigned to Anthony Levandowski at Otto prior to their acquisition by Uber. The specific account names are ▮▮▮▮ and ▮▮▮▮▮▮ (the "Levandowski Otto Accounts").

4.     I have confirmed with the Uber information technology team, their understanding that the ▮▮▮▮▮ account was migrated to the ▮▮▮ account in March 2016, prior to Ubers' acquisition of Otto. I examined the data from the ▮▮▮ account and found that the information is consistent with Uber's understanding that the ▮▮▮▮▮ account was migrated to the ▮▮▮ account in March 2016.

5.     Specifically, the email evidence shows that the earliest email in the ▮▮▮ account referencing the email address ▮▮▮ is an account setup email sent automatically by Google when the email account was created, dated March 11, 2016. The oldest email in the ▮▮▮ account referencing the email address ▮▮▮▮▮ is dated February 23, 2016. The ottomotto.com messages present in the ▮▮▮ account, dating from prior to the account's creation, are consistent with email from the ▮▮▮▮▮ account having been migrated into the ▮▮▮ account.

6.     In the course of preparing for my September 28, 2017 deposition, my team worked with Uber to re-confirm the disposition of certain accounts formerly used by Anthony Levandowski discussed in the expert report of Paul French, submitted on behalf of Waymo.

7.     When my team originally discussed available accounts for Anthony Levandowski with Uber earlier this year, the Levandowski Otto Accounts were among those identified by Uber. At that time, Uber's information technology team informed us of their understanding that the Levandowski Otto Accounts had been migrated into Uber's email and Google Drive systems.

8.     On September 27, 2017, my team requested that Uber re-confirm that all Levandowski Otto Accounts were successfully migrated into Uber's email and Google Drive systems. That evening Uber informed Stroz Friedberg that the ███████ account contained data that had not been migrated to Uber's systems.

9.     Uber informed Stroz Friedberg that in response to our September 27, 2017 inquiry, it examined Anthony Levandowski's robot@uber.com account and determined that it did not contain data migrated from the ███████ account. Uber investigated further and identified that the ot.to Google customer account remained in an inactive state. Uber contacted Google to reactivate the customer account, and identified the ███████ email and Google Drive data.

10.    Stroz Friedberg understands that Uber engaged an outside vendor to perform the migration of data from the ot.to domain into the Uber.com domain, including both email and Google Drive data, in November 2016. Uber informed me that it was notified by the vendor, when the migration completed, that the data had been successfully migrated.

11.    Uber IT provided Stroz Friedberg with a spreadsheet that mapped each Otto account that the outside vendor was to migrate to an Uber account. That spreadsheet shows that the ███████ account was to be migrated to Uber's domain.

12.    Stroz Friedberg understands from discussions with Uber IT, that during the migration, all email routing to the ot.to domain was first directed to the Uber.com domain. Then, the information in the old ot.to account was migrated to Uber.com. Stroz Friedberg understands that a placeholder domain, ███████", was used as part of the migration process. The domain ███████ was configured on the old ot.to account as a placeholder, since a domain must be specified, but the ot.to domain had been moved to the Uber.com account.

13.    On September 27, 2017, Uber contacted their migration vendor, who subsequently reviewed its records from the November 2016 migration. I have reviewed those records which

1  show that the migration of Mr. Levandowski's account, depicted with the placeholder domain as,

2  ███████████, to the Uber domain failed.

3      14.    We understand through conversations with Uber that the vendor has no record of

4  previously notifying Uber of this migration failure.

6  I declare under the penalty of perjury under the laws of the United States of America that

7  the foregoing is true and correct. Executed this 29th day of September, 2017, in San Francisco,

8  California.

                                         _____
                                            */s/ Kevin Faulkner*
                                              Kevin Faulkner

ATTESTATION OF E-FILED SIGNATURE

I, Arturo J. González am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Kevin Faulkner has concurred in this filing.

Dated: September 29, 2017                */s/ Arturo J. González*
                                          ARTURO J. GONZALEZ