MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (Pro Hac Vice)
bcarmody@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: 212.336.8330 / Fax.: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF SYLVIA RIVERA IN RESPONSE TO ORDER RE: DECLARATION FROM UBER REGARDING LATE-PRODUCED LEVANDOWSKI EMAILS AND DOCUMENTS**<br><br>Trial Date: October 10, 2017 |

I, Sylvia Rivera, declare as follows:

1. I am a partner with the law firm of Morrison & Foerster LLP, counsel of record for Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Uber") in this action. I am a member in good standing of the Bar of the State of California and am admitted to practice before this Court. I submit this declaration in response to the Court's Order Re: Declaration from Uber Regarding Late-Produced Levandowski Emails and Documents (Dkt. 1929). I am one of the attorneys at Morrison & Foerster that oversaw discovery efforts in this litigation. I make this declaration based on personal knowledge and, where indicated, based on my communications with my colleagues or our e-discovery vendors, and my inspection of document production records. If called as a witness, I could and would testify competently to the matters set forth herein.

2. We have been working diligently to gather information to prepare the declarations requested in the Order, which issued after 5:00 p.m. on Friday. We are providing this attorney declaration, as the Court requested. Because the explanation for why documents from Mr. Levandowski's Otto Accounts were not produced earlier involves technical issues, we are also concurrently filing the declaration of Jesse Murray, Uber's Senior eDiscovery manager. We could not reach all of the relevant individuals needed to provide more complete information in sufficient time over the weekend. With some additional time, we could present additional information. For example, over the weekend I had multiple discussions with an engineer and business manager from Promevo, the migration vendor discussed in Mr. Murray's concurrently-filed declaration, and they tentatively agreed to submit a declaration that we have completed. This morning they informed me that they have not yet had sufficient time to review the matter with Legal, but expect to do so later today. On Friday I also had a conversation with Eric Berdinis, a former Otto employee currently employed with Uber, and he confirmed to me that he handled the merger or migration of ottomotto.com accounts to ot.to in or around March 2016, such that a@ottomotto.com emails would have migrated to a@ot.to. With additional time, we could obtain Mr. Berdinis's declaration, as well as that of Tucker Perry, who is discussed in Mr. Murray's declaration. Thus, if the Court would like further information than that provided below

1   and in the Murray and Kevin Faulkner declarations, Uber stands ready to provide it, but needs
2   additional time beyond the weekend.

3       3.      On the evening of September 27, 2017, I learned for the first time that data from
4   Mr. Levandowski's a@ot.to account may not have been collected for the litigation.  I learned that
5   from Jesse Murray, Senior eDiscovery Manager for Uber.  Prior to that, I believed that Mr.
6   Levandowski's Otto account, along with Otto accounts for all other pertinent Otto personnel, had
7   been migrated into Uber's system in connection with the acquisition by Uber.  I relied on the
8   knowledge and expertise of Mr. Murray and his colleagues in Uber's Technology Services group.
9   I also was aware that Stroz Friedberg had communicated with Uber's Technology Services group
10  about the migration of data from Otto accounts to Uber (as discussed in the September 29, 2017
11  Declaration of Kevin Faulkner), though I do not recall how I learned that.  In connection with
12  preparing this declaration, I asked all other counsel of record for Uber and no one responded that
13  they were aware that data from Mr. Levandowski's Otto account may not have been migrated to
14  Uber's system.

15      4.      During the litigation Uber produced approximately 2,500 emails and attachments
16  that were sent to or from the email addresses for the Levandowski Otto Accounts, "a@ot.to" or
17  "a@ottomotto.com."  And based on database searches that I requested Uber's e-discovery vendor
18  prepare, which I spot-checked, the email collection in our database included over 30,000, non-de-
19  duplicated emails and attachments sent to or from "a@ot.to" or "a@ottomotto.com."  The
20  composition of Uber's document collection and production, in which the Levandowski Otto
21  Accounts were well-represented, therefore did not reveal to us the possibility that not all of the
22  data from Mr. Levandowski's a@ot.to account was collected.  Instead, it appeared to us that Mr.
23  Levandowski's Otto data was in fact collected.

24      5.      Upon learning of the problem for the first time the night of September 27, 2017, I
25  promptly emailed counsel for Waymo to inform them that there may be emails and documents
26  from an Anthony Levandowski Otto account that was not migrated to Uber.

27      6.      On September 28, 2017, we produced to Waymo the emails from Mr.
28  Levandowski's Otto Accounts, which Mr. Murray had provided to our vendor, with Bates

identifiers via FTP transfer.  The Google Drive data could not be transmitted via FTP transfer, and because it was late evening we had it hand-delivered on hard drive the next morning.  I received confirmation of delivery by our vendor shortly after 9:00 a.m.  To expedite delivery, we produced those data sets to Waymo without first reviewing them and separating responsive documents from non-responsive documents.

7. We do not yet know the degree to which the emails and Google Drive data from the Levandowski Otto Accounts is responsive to issues in the case, or duplicative of other custodians' data.  As reflected in Mr. Murray's declaration, Mr. Levandowski "owned" fewer than 50 Google Drive documents, so it stands to reason that many of the Google Drive documents that Mr. Murray exported are documents that were shared with Mr. Levandowski by others and therefore reside in the accounts of those custodians.  Further, given that we already had several thousand emails sent to or from Mr. Levandowski's Otto email addresses in our database (and in fact produced approximately 2,500), it stands to reason that many of the emails Mr. Murray exported are duplicative of emails that reside in the accounts of other custodians.

I declare under the penalty of perjury that the foregoing is true and correct.  Executed this 2nd day of October, 2017, at Los Angeles, California.

                                        */s/ Sylvia Rivera*
                                        Sylvia Rivera

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Sylvia Rivera has concurred in this filing.

Dated:  October 2, 2017                             /s/  Arturo J. González
                                                                   ARTURO J. GONZALEZ