MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel:    415.268.7000 / Fax:   415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel:    202.237.2727 / Fax:   202.237.6131

WILLIAM CARMODY (Pro Hac Vice)
bcarmody@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.:   212.336.8330 / Fax.:   212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No.      3:17-cv-00939-WHA<br><br>**DECLARATION OF JESSE MURRAY REGARDING GOOGLE DRIVE AND GMAIL MIGRATION**<br><br>Trial Date: October 10, 2017 |

**DECLARATION OF JESSE MURRAY**

I, Jesse Murray, declare as follows:

1. I am Senior eDiscovery Manager at Uber Technologies, Inc. ("Uber"). I make this declaration based on personal knowledge and, if called as a witness, I would testify to the facts listed below.

2. I was hired as eDiscovery Manager at Uber in June 2015. I work in Uber's Legal group. Last month, I was promoted to Senior eDiscovery Manager. In my position, I am responsible for assisting counsel with the collection, processing, and review of electronic data in connection with litigation matters. In order to perform my work, I need to know and understand Uber's IT structure, including being knowledgeable about company data and internal systems.

3. In November 2016, and in connection with Uber's acquisition of Ottomotto, Uber worked with an outside vendor, Promevo, to migrate data from the ot.to domain to Uber's domain. The migration was intended to include the migration of all email and Google Drive data from the ot.to domain to Uber's domain. I have examined email data from various ot.to email accounts and have confirmed that they contain emails originating from ottomotto.com accounts.

4. I assisted counsel for Uber with e-discovery efforts throughout the *Waymo v. Uber* litigation. I performed that work based on my belief that all email and Google Drive data from the ot.to domain was migrated successfully to Uber's domain in November 2016, including the accounts a@ot.to and a@ottomotto.com (the "Levandowski Otto Accounts"). That belief was based on confirmation I received from colleagues in Uber's Technology Services Group, including Tucker Perry and Mona Arora, that the data migration was completed. I received that confirmation multiple times, including in November 2016, March 2017, and August 2017.

5. On September 27, 2017, the legal team requested additional information about certain Anthony Levandowski accounts.

6. Upon examining the contents of Mr. Levandowski's primary Uber account, robot@uber.com, I noticed that it did not contain emails migrated from the a@ot.to account. That was the first time that I learned that there was any problem with the migration of the Levandowski Otto Accounts.

7. In follow up communications with personnel at Promevo, including engineer Mike Schlanser, on September 28, 2017, I received confirmation, for the first time, that email data from a@ot.to failed to migrate successfully.  Promevo also indicated that the a@ot.to account owned around 40 Google Drive files, and most migrated without error.  I independently confirmed the number of Google Drive files owned by the account.  I understand based on communications with Tucker Perry and Promevo that Promevo's records use the placeholder domain, "ottomoto.me", which was created during the migration, instead of "ot.to", but in the parlance of the migration, a@ottomoto.me is a@ot.to.  I have not found any indication that anyone at Uber knew before September 27 that the migration of a@ot.to was not successful.

8. Upon learning of the migration error on September 27, 2017, Tucker Perry alerted me that the account for the ot.to domain was still available.  I requested access, and he provided me access so that I could immediately export out the contents of the a@ot.to account for use in the *Waymo* litigation.  To ensure completeness, I exported all Google Drive files associated with the user, even if not owned by the user.  Based on my understanding of Google Drive, and the fact Mr. Levandowski owned a small number of Google Drive documents, I expect that most of the Google Drive documents exported reside in the accounts of other users within the company.

9. In September 2016, I initiated the placement of the a@ot.to account on a legal hold for an unrelated matter.  On September 27, 2017, I confirmed that the hold was still intact when I exported the contents.

I declare under the penalty of perjury that the foregoing is true and correct.  Executed this 2nd day of October, 2017, in San Francisco, California.

                                              */s/ Jesse Murray*
                                                Jesse Murray

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Jesse Murray has concurred in this filing.

Dated: October 2, 2017    */s/ Arturo J. González*
ARTURO J. GONZALEZ