# Exhibit 13

# James Judah

| | |
|---|---|
| **From:** | James Judah |
| **Sent:** | Monday, October 02, 2017 3:48 PM |
| **To:** | John Cooper; Gonzalez, Arturo J. |
| **Cc:** | Samuel Kitchens; Rivera, Sylvia; Melanie.Blunschi@lw.com; DG-GPOttoTruckingWaymo@goodwinlaw.com; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit@BSFLLP.com; Uber-sg@LISTS.SUSMANGODFREY.COM; Matthew Cate; QE-Waymo |
| **Subject:** | RE: Waymo v. Uber - Slack Access |

Counsel –

On our meet and confer this afternoon, Uber indicated that it is still trying to determine whether the Ottomotto Slack materials, referenced repeatedly in the Stroz Report, still exist.  Uber said it would provide an update later today.  Uber confirmed that it did not collect or produce any Ottomotto Slack materials in this litigation.

Best,
James

---

**From:** John Cooper [mailto:JCooper@fbm.com]
**Sent:** Monday, October 02, 2017 1:01 PM
**To:** James Judah <jamesjudah@quinnemanuel.com>; Gonzalez, Arturo J. <AGonzalez@mofo.com>
**Cc:** Samuel Kitchens <samuelkitchens@quinnemanuel.com>; Rivera, Sylvia <SRivera@mofo.com>; Melanie.Blunschi@lw.com; DG-GPOttoTruckingWaymo@goodwinlaw.com; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit@BSFLLP.com; Uber-sg@LISTS.SUSMANGODFREY.COM; Matthew Cate <MCate@fbm.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Waymo v. Uber - Slack Access

Counsel

We can have a meet and confer session on this at 3:00 pm this afternoon.   Call in 888 759 6039 access 415 954 4410.  Please send an email in the event such a call is no longer necessary.  John

---

**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Monday, October 02, 2017 12:57 PM
**To:** Gonzalez, Arturo J.; Cooper, John (19) x4410
**Cc:** Samuel Kitchens; Rivera, Sylvia; Melanie.Blunschi@lw.com; DG-GPOttoTruckingWaymo@goodwinlaw.com; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit@BSFLLP.com; Uber-sg@LISTS.SUSMANGODFREY.COM; Cate, Matthew (20) x4469; QE-Waymo
**Subject:** RE: Waymo v. Uber - Slack Access

Counsel and John –

We still have not heard back regarding Uber's access to the Ottomotto Slack materials, and whether any of that material has been searched and produced for this litigation.  John, we request a call to discuss this issue.

Also, please provide the Stroz invoices, and/or the verified and admissible invoice information, by close of business today.

Best,
James

---

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Thursday, September 28, 2017 9:53 PM
**To:** John Cooper <JCooper@fbm.com>
**Cc:** James Judah <jamesjudah@quinnemanuel.com>; Samuel Kitchens <samuelkitchens@quinnemanuel.com>; Rivera, Sylvia <SRivera@mofo.com>; Melanie.Blunschi@lw.com; DG-GPOttoTruckingWaymo@goodwinlaw.com; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit@BSFLLP.com; Uber-sg@LISTS.SUSMANGODFREY.COM; Matthew Cate <MCate@fbm.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Waymo v. Uber - Slack Access

John,

We will contact the client regarding this issue but are unlikely to have a response by 10:00 am

Arturo

Sent from my iPhone

On Sep 28, 2017, at 9:18 PM, John Cooper <JCooper@fbm.com> wrote:

> **- External Email -**
>
> ---
>
> Counsel
>
> We can address this issue at 10:00 also if Stroz is not necessary.  John
>
> John L. Cooper
> Farella Braun + Martel LLP
> Direct: 415 954 4410
> jcooper@fbm.com
>
> On Sep 28, 2017, at 9:15 PM, James Judah <jamesjudah@quinnemanuel.com> wrote:
>
>> John –
>>
>> Similarly, we would request discussing Uber's access to the Slack channel (which is separate from the issue of Stroz's) on the 10 AM call.
>>
>> James
>>
>> **From:** John Cooper [mailto:JCooper@fbm.com]
>> **Sent:** Thursday, September 28, 2017 9:02 PM
>> **To:** Samuel Kitchens <samuelkitchens@quinnemanuel.com>
>> **Cc:** SRivera@mofo.com; Melanie.Blunschi@lw.com; DG-GPOttoTruckingWaymo@goodwinlaw.com; UberWaymoMoFoAttorneys@mofo.com; BSF_EXTERNAL_UberWaymoLit@BSFLLP.com; Uber-sg@LISTS.SUSMANGODFREY.COM; Matthew Cate <MCate@fbm.com>; QE-Waymo <qewaymo@quinnemanuel.com>
>> **Subject:** Re: Waymo v. Uber - Slack Access

Counsel

This will be added to the session at 1:00 pm.

John

John L. Cooper
Farella Braun + Martel LLP
Direct: 415 954 4410
jcooper@fbm.com

On Sep 28, 2017, at 8:54 PM, Samuel Kitchens <samuelkitchens@quinnemanuel.com> wrote:

> Counsel and John,
>
> The Stroz report references a Slack channel accessed by Ottomotto employees in 2015 and 2016. It appears based upon these references that Stroz had access to this Slack channel and reviewed it as part of its investigation. *See* pg. 12, 19 (noting that review showed when Levandowski and Ron accessed Slack). Could you each please confirm whether Uber or Stroz currently have, or previously had, access to this Slack channel, and, if so, whether the information from that Slack channel has been collected and made available to Waymo, either through a production or on Stroz's Relativity database?
>
> We'd ask that this be added to tomorrow's 10 AM meet and confer.
>
> Best,
>
> Sam
>
> **Samuel Kitchens**
> *Associate*
> **Quinn Emanuel Urquhart & Sullivan, LLP**
>
> 51 Madison Avenue, 22nd Floor
> New York, NY 10010
> 212-849-7437 Direct
> 212-849-7000 Main Office Number
> 212-849-7100 FAX
> samuelkitchens@quinnemanuel.com
> www.quinnemanuel.com
>
> NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited.

If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.