QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S OPPOSITION TO DEFENDANT OTTO TRUCKING LLC'S MOTION FOR A SEPARATE TRIAL**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL** |

**PRELIMINARY STATEMENT**

The night before the long-scheduled Pretrial Conference, Defendant Otto Trucking filed a motion for a separate trial or an evidentiary hearing in support of the same. Otto Trucking would have this Court believe that it has nothing to do with Uber and Ottomotto and there are no overlapping issues between Waymo's case against Uber and Ottomotto and Waymo's case against Otto Trucking, such that a separate trial would be efficient. Not so. The facts asserted against all three Defendants significantly overlap, and all three Defendants are very much intertwined. Anthony Levandowski downloaded Waymo trade secrets on the same days he had meetings with Uber about the latter's potential acquisition of both Ottomotto and Otto Trucking. Although Uber has not yet acquired Otto Trucking, it entered into an agreement under which it can exercise the right to do so, and that agreement was ███████████████████████████████ ███████████████. And Levandowski, Otto Trucking's founder, was one of the targets of the Stroz forensic investigation, meaning that any findings relating to Levandowski would be relevant to Otto Trucking as well as Ottomotto. These facts and the details surrounding Uber's negotiations with Levandowski are relevant to Waymo's claims against all three Defendants. Otto Trucking does not and cannot meet its burden of proving that a separate trial would "promote judicial economy, and avoid jury confusion or unfair prejudice" under these circumstances, nor can it show that an evidentiary hearing on these issues would be fruitful (or fair to Waymo). This Court should deny Otto Trucking's last-minute motion.

**ARGUMENT**

**I. OTTO TRUCKING BEARS THE BURDEN OF PROVING THAT A SEPARATE TRIAL IS NECESSARY.**

A district court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims for convenience, to avoid prejudice, or to expedite and

economize. Fed. R. Civ. P. 42(b).[1] But "[a]bsent some experience demonstrating the worth of bifurcation, separation of issues for trial is not to be routinely ordered." *Afshar v. City of Sacramento*, No. CIV S-04-1088 LKK/JFB, 2007 WL 779748, at *1 (E.D. Cal. Mar. 14, 2007) (citation omitted). Instead, "[t]he moving party has the burden of *proving* that the bifurcation will promote judicial economy, and avoid jury confusion or unfair prejudice." *Santa Clara Valley Hous. Grp., Inc. v. United States*, No. C 08-05097 WHA, 2012 WL 3235334, at *4 (N.D. Cal. Aug. 6, 2012) (Alsup, J.) (emphasis added) (citation omitted). And "[i]t is the interest of efficient judicial administration that is to be controlling under the rule, rather than the wishes of the parties." *Netflix, Inc. v. Blockbuster, Inc.*, No. C06-02361 WHA, 2006 WL 2458717, at *9 (N.D. Cal. Aug. 22, 2006) (Alsup, J.) (citing Wright & Miller, *Federal Practice and Procedure,* § 2388 (2d ed. pocket part 2006)). Otto Trucking has failed to meet its burden to prove that a single, consolidated trial will impede judicial economy, cause it prejudice, or confuse the jury.

## II. JUDICIAL ECONOMY STRONGLY FAVORS A SINGLE TRIAL.

### A. Separate Trials Would Require Duplication Of Effort As The Facts Overlap Substantially.

Otto Trucking's motion (the "Motion," Dkt. 1841) should be denied because holding two separate trials involving largely the same issues would impede, not enhance judicial economy. A single trial inherently saves significant judicial resources, and this Court has rejected separate trials where the issues to be tried overlap. *See, e.g.*, *Santa Clara Valley Hous. Grp.*, 2012 WL 3235334, at *4; *Netflix, Inc.*, 2006 WL 2458717, at *10; *see also Il Fornaio (Am.) Corp. v. Lazzari Fuel Co., LLC*, No. C 13-05197 WHA, 2014 WL 806203, at *3 (N.D. Cal. Feb. 27, 2014) (Alsup, J.) (consolidating two separate actions for trial because "the parties have not articulated any persuasive

---

[1] Although Otto Trucking styles its Motion as one "to sever," this title does not match the relief sought—namely, bifurcation under Fed. R. Civ. P. 42(b). *See Khanna v. State Bar of Cal.*, No. C-07-2587 EMC, 2007 WL 2288116, at *2 n.1 (N.D. Cal. Aug. 7, 2007) ("The difference between Rule 21, which allows a court to *sever* claims, and Rule 42(b), which allows for the *separate trial* of any claim, often is obscured in practice. Separate trials usually will result in one judgment, but severed claims become entirely independent actions to be tried and judgment entered thereon independently.") (emphasis in original) (internal citations and quotation marks omitted).

reasons for ordering separate trials. . . . If anything, separate trials in these related . . . actions would increase . . . costs and unnecessarily complicate case management").

Here, the factual issues to be tried against Defendants Uber and Ottomotto and against Defendant Otto Trucking substantially overlap:

- Levandowski, Otto Trucking's Executive Chairman, Managing Member, and ███ ███, is the central figure in the misappropriation.[2]
- Levandowski was negotiating with Uber regarding the potential acquisition of a company he had not yet founded months before Levandowski left Google.
- The evidence shows that Levandowski downloaded Waymo trade secrets on days that he had meetings with Uber executives.
- Levandowski then took Waymo trade secrets and founded his two new companies: Ottomotto and Otto Trucking.
- The Stroz report confirms that while he was Executive Chairman of Otto Trucking, Levandowski possessed stolen Google documents. (Dkt. 1603-5.) Indeed, Stroz identified files that appear to contain Google confidential information that had last access dates after Levandowski started running Otto Trucking.
- The Stroz report also states that Otto Trucking's head of HR, Rhian Morgan, helped Levandowski destroy at least some—but nowhere near all—of those documents. *Id.*
- Virtually all of Otto Trucking's "members" are Uber employees. (Dkt. 1528 - Opp. to OT Motion for SJ ("Opp.") at 19.)



Given the overlapping factual issues relating to Levandowski's negotiations with Uber and his unauthorized possession of Waymo trade secrets, a separate trial for Otto Trucking would entail enormous duplication of effort for the parties, witnesses, and the Court in rehashing the same issues. *See Afshar*, 2007 WL 779748, at *1 (describing as an additional factor in the bifurcation analysis

---

[2] Otto Trucking's claim that it "is a limited liability company that has no employees or operations" is irrelevant as Levandowski was its founder and former employee. (Mot. at 3; *see also* Dkt. 775 at 65:18-24 (THE COURT: "[a]ll guilty knowledge attributable to Levandowski is attributable to Otto Trucking . . . . it's his company, for goodness' sakes").)

1  "whether the issues are essentially independent of each other so that there will be no need to
2  duplicate the presentation of significant areas of the evidence in the separated proceedings.")
3  (citation omitted).  Accordingly, this case is distinguishable from those on which Otto Trucking
4  relies.  *See, e.g., Bassett v. City of Burbank*, No. 14-CV-01348-SVW (CWx), 2014 WL 12573410, at
5  *5 (C.D. Cal. Nov. 5, 2014) ("Jeremy Bassett's federal claims arise from Officer Valento's false
6  reports and extortion.  The plaintiffs' state claims, however, arise from distinct hogtying incidents
7  and broader evidence of misconduct at the police department.  *Because they arise from separate
8  factual transactions*, the sets of claims should be tried separately.") (emphasis added); *Arredondo v.
9  Delano Farms Co.*, No. CV F 09-01247-LJO, 2012 WL 2358594, at *12 (E.D. Cal. June 20, 2012)
10 (noting that "an order for separate, piecemeal trials on issues in one action is the exception rather
11 than the rule," but granting bifurcation of a class action in part because "the factual and legal issues
12 are distinct"); *Fahmy v. Jay Z*, No.2:07-CV-05715-CAS(PJWx), 2015 WL 5680299, at *24 (C.D.
13 Cal. Sept. 24, 2015) (similar).  Where, as here, the issues are not distinct, but overlap significantly, a
14 second trial will not conserve resources.

**B.     Otto Trucking's Arguments as to Judicial Efficiency are Meritless.**

Otto Trucking's arguments that it would be more efficient to try this case twice—once for Uber and Ottomotto and once for Otto Trucking—each fail.  First, Otto Trucking argues that Waymo's theory of liability against Otto Trucking is different than its theory of liability for Uber. (Mot. at 1, 3.)  Initially, this is not true; Waymo asserts misappropriation against all Defendants. Although Waymo does not assert "use" by Otto Trucking, Waymo asserts theories of disclosure and improper acquisition against all Defendants.  Any trial against Otto Trucking would thus still require presentation of similar evidence as against Uber and Ottomotto.  And importantly, the question in deciding severance is not whether there are different claims, but whether the claims rely on overlapping evidence, as they do here.

Otto Trucking similarly argues that Waymo has a distinct theory of liability based upon Otto Trucking's improper acquisition of trade secrets. (Mot. at 3.)  That theory, however, exists for the other Defendants as well.  For example, the Stroz report states that Levandowski accessed files

containing Google confidential information, during the period he working for both Ottomotto and Otto Trucking. (Dkt. 1603-5 at 11-12.) Otto Trucking also claims that Waymo has not supplemented the summary judgment record on this issue. (Mot. at 3.) But Otto Trucking is well aware that Waymo only gained access to the Stroz report a short time ago, is attempting to review in a very short period over 1.4 million documents that were improperly withheld, and is cramming numerous fact depositions relating to these previously withheld materials into the last two weeks before the October 10 trial date. Waymo has not supplemented the summary judgment record because it is still digesting the mass of material improperly withheld by Defendants and Stroz for the entirety of this case. Waymo can hardly be blamed for Defendants' recalcitrance.

Otto Trucking's parallel arguments that it has unique defenses and will present some unique witnesses fare no better. (Mot. at 5-6.) The presence of different claims and theories and a few additional witnesses does not change that a significant body of evidence—for instance, concerning Uber's negotiations with Levandowski, Levandowski's theft, and Waymo's investigation of Levandowski's theft—is the same for Otto Trucking as it is for Uber and Ottomotto. Otto Trucking's assertion that it was not the target of the Stroz investigation is irrelevant for the same reason. (Mot. at 6.) While Otto Trucking was not the target of the Stroz investigation, Levandowski was, and his conduct included acts performed while he was Otto Trucking's employee and ▮▮▮▮▮▮▮▮▮. Moreover, Otto Trucking is incorrect in claiming a lack of overlapping witnesses because it ignores Waymo's witness list. Waymo intends to call several witnesses against both Uber/Ottomotto and Otto Trucking—for example, Waymo witnesses to testify regarding Waymo's trade secrets, its forensic investigation, and Levandowski's downloads, as well as Uber witnesses to testify about Levandowski's negotiations relating to his not-yet-founded compan(ies), and the findings in the Stroz report. It would be a waste of judicial resources (as well as Waymo's) to repeat similar testimony and other evidence in two separate trials.

That Waymo's expert did not calculate damages against Otto Trucking also does not warrant a separate trial. Damages are just one piece of the case that is different among the Defendants. But defendants need not be identically situated to be tried together, *see, e.g.*, *Il Fornaio (Am.) Corp.*,

1  2014 WL 806203, at *3 (consolidating defendants from two separate actions for trial), and as
2  demonstrated above, Otto Trucking has not articulated sufficient distinct issues to overcome the
3  judicial preference for a single trial where the facts substantially overlap.  Further, in addition to
4  damages, Waymo's request for injunctive relief would only be effective if the Court keeps Otto
5  Trucking in the case so any injunction would apply to it too.  Having separate trials would thus
6  undermine the Court's ability to fashion uniform and effective injunctive relief, and could result in a
7  situation where an entity under Levandowski's control is not bound by an injunction.

8  Last, Otto Trucking incorrectly argues that discovery applicable to Waymo and Uber is not
9  relevant to Otto Trucking, and claims without support that Otto Trucking is done with discovery.
10 Mot. at 6.  As Otto Trucking well knows, discovery relating to the Stroz report is ongoing and
11 Levandowski, Otto Trucking's former employee and ▮▮▮▮▮▮▮▮▮▮▮, was the target of Stroz's
12 investigation.  Waymo may very well learn additional facts relevant to its claims against Otto
13 Trucking in its ongoing discovery relating to the Stroz investigation, as Otto Trucking admits that
14 Waymo already has.  Otto Trucking is wrong that discovery relating to it is over, and in any event,
15 the ongoing nature of discovery does not warrant separate trials.

16 **III.    THERE IS NO RISK OF PREJUDICE OR JURY CONFUSION.**

17 Otto Trucking provides no support for its conclusory argument that the introduction of
18 evidence against Uber will prejudice Otto Trucking. (Mot. at 9.)  Otto Trucking does not point to
19 any specific evidence that it claims would prejudice it.  But even if it did, proper jury instructions
20 can and will ensure that the jury will determine Otto Trucking's liability separately from that of Uber
21 and Ottomotto.  *See, e.g.*, *Santa Clara Valley Hous. Grp.*, 2012 WL 3235334, at *5 (rejecting
22 separate trials on liability and damages because "[w]ith proper instructions, the jury will understand
23 that penalties are only at issue if they first find that plaintiffs understated their tax liabilities").
24 Courts typically permit bifurcation only where the particular evidence cited is uniquely prejudicial,
25 such as (in the sole case cited by Otto Trucking) a criminal conviction against a co-defendant. *See*
26 *S.E.C. v. Prevett*, No. C-01-21069-JW, 2003 WL 25686538, at *2 (N.D. Cal. Mar. 17, 2003)
27 (considering separate trials because only one of the defendants was convicted of insider trading, and
28

finding that if S.E.C. chose not to introduce that evidence, "then there would be no need to conduct separate trials.") (cited in Mot. at 9). Otto Trucking does not cite any such evidence here, and there is no risk that Otto Trucking's able counsel will fail to distinguish Otto Trucking from the other Defendants before the jury.

Otto Trucking's ominous warnings of jury confusion are also groundless. (Mot. at 9.) Otto Trucking contends that the jury just will not be able to keep all of the facts straight. But Otto Trucking neither substantiates this concern, nor explains why, given all of the facts that overlap among Defendants, they should *not* be tried together. Otto Trucking was involved in the conduct at issue, which in turn involved each of (1) Uber, (2) Ottomotto, and (3) Anthony Levandowski. *See supra*. A jury will thus have to consider Otto Trucking's relationship to Uber and Ottomotto regardless of whether Otto Trucking receives its own trial. But the parties in a separate trial for Otto Trucking alone will have to re-educate the jury on that distinction—separating trials would thus introduce inefficiencies and potential confusion where none presently exist. Nor will the jury have to answer individualized questions as to liability and remedies requiring different types of evidence, as Otto Trucking unconvincingly argues by citing a class action case. *See Bates v. United Parcel Serv.*, 204 F.R.D. 400, 448-49 (N.D. Cal. 2001) (separating the damages phase was appropriate because the amount depended on individualized questions appropriate to each individual class member) (cited in Mot. at 9). Here, the jury will need to consider the facts—many of which are overlapping—and consider the liability of only three defendants. Juries routinely sift through far more complex facts than these.

Finally, Otto Trucking's claim that it is differently situated from Uber and Ottomotto does not merit a separate trial, as its assertion simply raises factual issues to be determined at trial. *See Fifty-Six Hope Rd. Music, Ltd. v. Kokob Printing*, No. CIV.05CV1226-L(NLS), 2007 WL 1241607, at *3 (S.D. Cal. Apr. 26, 2007) ("Worku argues [for] a separate trial … [suggesting] he is 'unique' from the other Defendants, because his actions were 'not done for profit.' According to Plaintiffs, however, documents obtained pursuant to a seizure order suggest otherwise. This is a matter to be determined at trial.").

-7-   CASE NO. 3:17-cv-00939-WHA
WAYMO'S OPPOSITION TO OTTO TRUCKING LLC'S MOTION FOR A SEPARATE TRIAL

## IV. SEPARATE TRIALS RISK PREJUDICING WAYMO'S RIGHTS DUE TO THE OPERATION OF THE SEVENTH AMENDMENT.

Otto Trucking's Motion also fails to address the serious and irreparable harm to Waymo that could result from separate trials. The Reexamination Clause of the Seventh Amendment provides that "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII, § 1. Accordingly, when a court bifurcates a case, it must "divide issues between separate trials in such a way that the same issue is not reexamined by different juries." *In the Matter of Rhone–Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995). Here, as demonstrated above, separate trials against Uber/Ottomotto and Otto Trucking would necessarily require two separate juries to resolve common factual issues. For instance, Otto Trucking argues that both trials would involve a "dispositive" issue of whether Waymo's technology is a trade secret. (Mot. at 8.) Thus, Otto Trucking concedes that bifurcated trials would require separate juries to make overlapping findings on the same issue, which gives rise to a violation of Waymo's rights under the Seventh Amendment. *C.f.* Fed. R. Civ. P. 42(b) ("When ordering a separate trial, the court must preserve any right to a jury trial."). The Court should not cast in doubt the legality of the trial by raising serious constitutional questions for the convenience of a party which has otherwise failed to make the showing necessary for a bifurcated trial.

## V. OTTO TRUCKING'S UNSUPPORTED AND BELATED REQUEST FOR AN EVIDENTIARY HEARING SHOULD BE DENIED

Otto Trucking's alternative request for an evidentiary hearing "regarding the nature of Otto Trucking's business, and whether Levandowski could have been acting on behalf of Otto Trucking" should be denied for three reasons. (Mot. at 2.) First, Otto Trucking's request comes far too late. Waymo has already begun preparation for a single trial, and a decision bifurcating the same one week before the anticipated trial date of October 10 would cause it substantial prejudice.

Second, Otto Trucking has neither disclosed that what it really seeks is summary judgment, nor met the standard for the same. Otto Trucking requests a hearing to determine whether "Waymo's theory that Otto Trucking improperly acquired Waymo's alleged trade secrets" is "viable," because if it "is not viable, there is no need to present such evidence to a jury." (Mot. at

8.) Summary judgment is the procedure by which a court determines whether a claim is "viable" and should or should not be presented to the jury. *See* Fed. R. Civ. P. 56(a). Otto Trucking has not and cannot explain how its request for a hearing differs from a request for summary judgment, or alternately, how its request has complied with the procedures detailed for summary judgment in, among other things, the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(c).

Third, an evidentiary hearing would demand a massive effort for little result. Otto Trucking has not shown how any assessment of whether "Otto Trucking improperly acquired Waymo's alleged trade secrets" can be resolved without a lengthy inquiry into the facts surrounding Levandowski's actions and his relationship with Otto Trucking, the entity he controlled. Similarly, Otto Trucking has not pointed, even in a perfunctory way, to any evidence showing that that it will be able to meet the high standard to resolve such an issue before trial. *See* Fed. R. Civ. P. 56(a) (movant must show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"). And Otto Trucking has not detailed how the Court could address the viability of Waymo's trade secrets themselves without resolving the entire action. Otto Trucking's request for an "evidentiary hearing" is thus merely a distraction to the parties' efforts to prepare for trial.[3]

---

[3] Otto Trucking cannot square its request for an evidentiary hearing/summary judgment with its opposition to continuing a trial scheduled to start one week after its Motion will be heard.

## CONCLUSION

For the foregoing reasons, Waymo respectfully requests that the Court deny the Motion's request to try separately the claims against Otto Trucking, and alternately, to hold an evidentiary hearing.

DATED: October 2, 2017              Respectfully submitted,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Attorneys for WAYMO LLC