MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: 212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF ESTHER KIM CHANG IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSE TO WAYMO'S SUPPLEMENTAL MOTION FOR CONTINUANCE AND RESPONSE TO REQUEST FOR INPUT ON PENDING MOTION TO CONTINUE TRIAL DATE**<br><br>Trial Date: October 10, 2017 |

I, Esther Kim Chang, declare as follows:

1. I am an attorney with the law firm of Morrison & Foerster LLP. I am a member in good standing of the Bar of the State of California. I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein. I make this declaration in support of Defendants Uber Technologies, Inc. and Ottomotto LLC's Response to Waymo's Supplemental Motion for Continuance and Response to Request for Input on Pending Motion to Continue Trial Date.

2. The Ottomotto software modules were first made available for inspection on August 17, 2017. Counsel and experts for Waymo inspected the Ottomotto source code on August 17, 2017. Waymo, however, did not inspect this source code again until September 27, 2017. Since September 27, 2017, source code experts retained by Waymo have inspected the Ottomotto software modules for more than 45 hours over six consecutive dates: Wednesday, September 27; Thursday, September 28; Friday, September 29; Saturday, September 30; Sunday, October 1; and Monday, October 2.

3. Over the course of three days, counsel for Uber twice asked counsel for Waymo whether it had located any Waymo confidential information during its inspection of the Ottomotto software modules. Attached hereto as **Exhibit A** is true and correct copy of an email from Wendy Ray (counsel for Uber) to Jordan Jaffe (counsel for Waymo), dated October 2, 2017, regarding Waymo's inspection of the Ottomotto software modules.

4. After the Federal Circuit's decision regarding the Stroz report, Waymo has taken the depositions of 11 witnesses since September 26 and will be taking at least 12 additional depositions this week, including five depositions pursuant to Court order—all relating to the Stroz due diligence.

5. Upon realizing that Anthony Levandowski's Ottomotto emails and Google Drive documents had not been migrated to Uber's servers, Uber engaged Stroz Friedberg to search Levandowski's Ottomotto emails and Google Drive documents for file names, hash values, and keyword searches, which were designed to identify data from the 14,000 files allegedly downloaded from Levandowski as well as other Waymo materials. Based upon its analysis, Stroz

1  determined that there were two file name hits, zero hash value hits, and 709 keyword search term
2  hits from Levandowski's Google Drive data.  Similarly, Stroz determined that there were zero file
3  name hits, zero hash value hits, and 905 keyword search term hits from Levandowski's email
4  files.  Contract attorneys or Morrison & Foerster attorneys reviewed all documents that hit on file
5  names or keyword search terms to assess if these documents contained any Google confidential
6  information.  This review determined that none of those documents contained any Google
7  confidential information.

8        6.      Upon receiving Waymo's supplemental motion for continuance, which indicated
9  that there were 1.2 million documents in Levandowski's Google Drive data (Mot. at 8), Uber
10 asked Stroz Friedberg to analyze the number of documents in Levandowski's Google Drive data
11 prior to de-duplication.  Stroz determined that there were in fact a total of only
12 177,770 documents within Levandowski's Google Drive.

13       7.      Attached hereto as **Exhibit B** is true and correct copy of an email from
14 John Cooper to Arturo Gonzalez (counsel for Uber) and David Perlson (counsel for Waymo),
15 dated October 2, 2017, regarding the review of documents from the Stroz database by
16 Mr. Cooper.

17 I declare under penalty of perjury that the foregoing is true and correct.  Executed this
18 3rd day of October, 2017 at San Francisco, California.

                                                      */s/   Esther Kim Chang*
                                                      ESTHER KIM CHANG

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Esther Kim Chang has concurred in this filing.

Dated: October 3, 2017                    */s/ Arturo J. González*
                                           ARTURO J. GONZÁLEZ