1  Neel Chatterjee (SBN 173985)
   *nchatterjee@goodwinlaw.com*
2  James Lin (SBN 310440)
   *jlin@goodwinlaw.com*
3  **GOODWIN PROCTER LLP**
   135 Commonwealth Drive
4  Menlo Park, California 94025
   Tel.: +1 650 752 3100
5  Fax.: +1 650 853 1038

6  Brett Schuman (SBN 189247)
   *bschuman@goodwinlaw.com*
7  Shane Brun (SBN 179079)
   *sbrun@goodwinlaw.com*
8  Rachel M. Walsh (SBN 250568)
   *rwalsh@goodwinlaw.com*
9  Hayes P. Hyde (SBN 308031)
   *hhyde@goodwinlaw.com*
10 **GOODWIN PROCTER LLP**
   Three Embarcadero Center
11 San Francisco, California 94111
   Tel.: +1 415 733 6000
12 Fax.: +1 415 677 9041

13 Hong-An Vu (SBN 266268)
   *hvu@goodwinlaw.com*
14 Todd A. Boock (SBN 181933)
   *tboock@goodwinlaw.com*
15 **GOODWIN PROCTER LLP**
   601 S. Figueroa Street, 41st Floor
16 Los Angeles, California 90017
   Tel.: +1 213 426 2500
17 Fax.: +1 213 623 1673

18 *Attorneys for Defendant:*
   Otto Trucking LLC

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC, | Case No. 3:17-cv-00939-WHA |
| Plaintiff, | **DECLARATION OF TODD A. BOOCK IN SUPPORT OF OTTO TRUCKING LLC'S OPPOSITION TO WAYMO'S MOTION FOR SANCTIONS** |
| v. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | Courtroom: 8 (19th Floor)<br>Judge: Hon. William Alsup<br>Trial Date: October 10, 2017 |
| Defendants. | |

1      I, Todd A. Boock, declare as follows:

2      1.    I am Counsel at the law firm of Goodwin Procter, LLP, counsel of record for
defendant Otto Trucking LLC ("Otto Trucking").  I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Otto Trucking's Opposition to Waymo's Motion for Sanctions.

2.    In preparing for the depositions of Waymo experts Bruce Hartley and Paul French, I reviewed their expert reports for materials I could use as part of their examination.  On September 25 or 26, just prior to the deposition of Dr. Hartley, I noticed that Dr. Hartley had based his opinion on the sufficiency of the protections of the SVN server in part on the claim that the domain name was not publicly known.

3.    I believed this statement to be in error, as the domain name had been publicly filed in several filings since September 6, in what I believed to be in accordance with the Court's directive, and Waymo had not raised any issue regarding those filings.

4.    I believed the statement in Dr. Hartley's report to be in error, like many others I had encountered in his report.  For example, he opined that the contents of the SVN server was "Confidential" according to Google's data classification policy, but that Waymo had alleged in the Complaint and First Amended Complaint that the information was kept on a "need-to-know" basis, an elevated classification within Waymo.  *See* Dkt. 1 ¶¶ 43, 70; Dkt. 23 ¶¶ 43, 71.

5.    Similarly, in the report of Paul French, in responding to Otto Trucking's expert's criticism that no chain of custody document had been created, Mr. French stated, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

6.    When I asked Dr. Hartley about the public disclosure of the domain name, counsel for Waymo, James Baker, attempted to ambush me on the record, demanded that I confirm whether the domain name had been publicly filed and insisted that I take corrective measures

1

DECLARATION OF TODD A. BOOCK                                    CASE NO. 3:17-CV-00939-WHA

immediately. When this issue was raised, I had approximately one hour of time remaining for my deposition of Dr. Hartley. Mr. Baker insisted on discussing the domain name issue on the record and initially did not appear willing to move on from this unless I confirmed that corrective measures had been taken, which wasted valuable deposition time. The September 6, 2017 filing had nothing to do with my examination of Dr. Hartley, and Waymo's interruption of the deposition was inappropriate and a violation of Paragraph 21 of Judge Alsup's Standing Order. The matter could have been handled off the record or at the end of the deposition.

7. This was the first time Waymo had ever alerted me or anyone on my team that it had an issue with the filing we submitted on September 6, 2017.

8. I informed Mr. Baker that I had alerted my team and that we were looking into the issue. I also explained that our understanding was that the domain was not confidential. However, I was not really in a position to take action, since I was in the middle of taking a deposition.

9. However, instead of allowing me to proceed with my examination of the witness, Mr. Baker continued to demand that we discuss this issue on the record.

10. During the deposition, Mr. Baker attempted to forward me a September 1 e-mail he had sent to Arturo Gonzalez (to which I had not been copied). In the e-mail, which I viewed on my cell phone – as I was in the middle of taking a deposition – it appeared to me that it reflected a dispute between Messrs. Baker and Gonzalez regarding whether Waymo's motion to seal had been granted or denied (my understanding was that the motion had been denied, at least in part). It also appeared to relate to a discussion of what Mr. Gonzalez wanted to show his client, and not what was intended to be filed. However, the e-mail contained no attachments nor anything else reflecting redactions, nor did it mention the domain name. Attached hereto as Exhibit "8" is a true and correct copy of the e-mail that Mr. Baker forwarded to me at 5:48 pm on September 27, 2017, during my deposition of Dr. Hartley.

11. I was not copied on any of the September 1 emails between Mr. Gonzalez and Mr. Baker regarding the redactions and was not aware of any dispute involving the domain name. Mr. Chatterjee was the only person from Goodwin Procter included in that discussion as counsel failed

1  to use the distribution list email that would include all of Otto Trucking's counsel agreed to by the
2  parties.
3      12.    I was not directly involved in the filing of Exhibit 10 on September 6, 2017. I
4  understand that members of the Goodwin Procter Otto Trucking team who filed Exhibit 10 did not
5  know about any discussions with Waymo and believed that the redaction and filing of that
6  document was done consistent with Judge Corley's order denying the sealing of the vast majority
7  of that document.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 4th day of October, 2017 in San Francisco, California.

                                    /s/ Todd A. Boock
                                        Todd A. Boock

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

DECLARATION OF TODD A. BOOCK                                    CASE NO. 3:17-CV-00939-WHA

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document including all of its attachments with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **October 4, 2017**. I further certify that all participants in the case are registered CM/ECF users and that service of the publicly filed documents will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **October 4, 2017**.

/s/    *Neel Chatterjee*
         NEEL CHATTERJEE