Neel Chatterjee (SBN 173985)
*nchatterjee@goodwinlaw.com*
James Lin (SBN 310440)
*jlin@goodwinlaw.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
*bschuman@goodwinlaw.com*
Shane Brun (SBN 179079)
*sbrun@goodwinlaw.com*
Rachel M. Walsh (SBN 250568)
*rwalsh@goodwinlaw.com*
Hayes P. Hyde (SBN 308031)
*hhyde@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
*hvu@goodwinlaw.com*
Todd Boock (SBN 181933)
*tboock@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant:*
Otto Trucking LLC

REDACTED VERSION OF DOCUMENT
SOUGHT TO BE SEALED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | Case No. 3:17-cv-00939-WHA |
| Plaintiff, | **DEFENDANT OTTO TRUCKING'S OPPOSITION TO WAYMO LLC'S MOTION FOR SANCTIONS (DKT. NO. 1910)** |
| v. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | Courtroom:  8 (19th Floor)<br>Judge:  Hon. William Alsup<br>Trial Date:  October 10, 2017 |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................... 1

II.    FACTS ...................................................................................................... 1

    A.    Waymo Has Repeatedly Over-Designated Exhibit 10. ........................................... 1

    B.    The Court Denied The Sealing Motion To Most Of Exhibit 10. .......................... 3

    C.    Waymo Files Multiple Declarations In Support Of Otto Trucking's Publicly Filed Version Of Exhibit 10. ....................................... 4

    D.    Waymo Fails To Designate Multiple Depositions Discussing █████████ Under The Protective Order. .......................... 5

    E.    Waymo First Challenges The Sufficiency Of Otto Trucking's Redactions To Exhibit 10 On September 27, 2017 And The Filings Are Provisionally Locked And Replaced. ....................................... 5

III.    ████████████ IS NOT AEO – OR EVEN CONFIDENTIAL - INFORMATION. .......................................................... 7

IV.    WAYMO'S REQUEST FOR SANCTIONS SHOULD BE DENIED FOR ADDITIONAL REASONS. ................................................. 8

    1.    Otto Trucking Made A Good Faith Attempt To Comply With the Court's Sealing Order. ............................................ 9

    2.    Waymo Waived Any Legitimate Complaints It May Have Had About The Public Filing Of The Name █████████ ...................... 10

    3.    Waymo Waived Any Complaints It May Have Had By Failing To Designate Multiple Deposition Transcripts Discussing █████████ with Any Confidentiality At All. .................... 10

    4.    Waymo Fails to Show How the Remedies It Seeks are Warranted. ......... 11

V.    CONCLUSION ..................................................................................... 12

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

5
*Aevoe Corp. v. AE Tech. Co.*,
   No. 2:12-CV-00053-GMN, 2014 WL 551563 (D. Nev. Feb. 7, 2014).......................................7

6
*Amersham Pharmacia Biotech, Inc. v. Perkin–Elmer Corp.*,
   190 F.R.D. 644 (N.D. Cal. 2000) (Infante, Mag. J.) ................................................................8

7

8
*Contratto v. Ethicon, Inc.*,
   227 F.R.D. 304 (N.D. Cal. 2005) ........................................................................................7, 8

9
*FormFactor, Inc v. Micro-Probe, Inc.*,
   No. C-10-03095 PJH JCS, 2012 WL 1575093 (N.D. Cal. May 3, 2012) ................................11

10

11
*Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*,
   No. 5:11-CV-03786-PSG, 2013 WL 6199629 (N.D. Cal. Nov. 27, 2013) ................................7

12

13
*Kamakana v. City & Cty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006)............................................................................................6, 7

14

15
*Layer 2 Communications Inc. v . Flexera Software LLC*,
   No. C–13–02131 DMR, 2014 WL 2536993 (N.D. Cal. June 5, 2014)....................................10

16
*Linex Techs., Inc. v. Hewlett-Packard Co.*,
   No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) ..........................................7, 8

17

18
*Lofton v. Verizon Wireless (VAW) LLC*,
   308 F.R.D. 276 (N.D. Cal. 2015) ..........................................................................................8

19

20
*Mendez v. Cty. of San Bernardino*,
   540 F.3d 1109 (9th Cir. 2008)...............................................................................................8

21
*Rooney v. Sierra Pac. Windows*,
   No. 10-CV-00905-LHK, 2011 WL 2149097 (N.D. Cal. June 1, 2011)...............................8, 11

22

23
*United States v. Gurtner*,
   474 F.2d 297 (9th Cir. 1973)...............................................................................................10

24

25

26

27

28

## I.      INTRODUCTION

This is a motion for sanctions over the public disclosure of a domain name.  The motion is meritless.  Waymo's motion for sanctions should be denied for at least the following reasons.

*First*, the version of Exhibit 10 that Otto Trucking LLC ("Otto Trucking") publicly filed does not on its face violate the Court's September 1, 2017 sealing order (Dkt. #1444).  Furthermore, Otto Trucking's redactions represent a good faith attempt to comply with the Court's order, notwithstanding the parties' present disagreement.

*Second*, Waymo waived any confidentiality with respect to the domain name in multiple ways.  Waymo filed multiple declarations in support of sealing the version of Exhibit 10 that it now complains is improper.  ***To repeat:  Waymo filed multiple declarations affirmatively supporting the sealing of the version of Exhibit 10 that publicly disclosed the domain name for the SVN server***.  Waymo also failed to designate portions of multiple deposition transcripts discussing the domain name under the Protective Order.  Indeed, even while it is moving for sanctions against Otto Trucking, Waymo *still* has not tried to designate portions of the these depositions transcripts as confidential under the Protective Order.  Waymo has not sought reconsideration of any of the Court's previous sealing orders.  It has merely insisted that the entire document be locked down until its motion for sanctions is resolved.

*Third*, Waymo unreasonably delayed raising any issue with Otto Trucking's redacted version of Exhibit 10 until September 27, 2017, when Waymo first raised an issue during the deposition of a witness.  But by this point, multiple Waymo witnesses already had been questioned about the SVN server domain name in depositions that Waymo did not designate as confidential.  It was perfectly reasonable for Otto Trucking to believe that it could question more witnesses about the domain name.

## II.     FACTS

### A.      Waymo Has Repeatedly Over-Designated Exhibit 10.

Waymo has consistently overstated the confidential designations of its documents, using blanket designations to tag documents wholly confidential, rather than tailoring redactions as

1

1  required under the protective order.  Dkt. No. 1910-2 (Protective Order) ¶ 5.1.  Indeed, the Court

2  has commented several times on Waymo's over-designation of confidentiality, most recently on

3  September 6, 2017, stating, "Waymo's proposed redactions, however, are not "narrowly tailored"

4  as required by Civil Local Rule 79-5 to seek sealing only of asserted trade secrets. With respect to

5  Exhibit 10, Defendants have raised this issue of Waymo's over-designations to the Court on at

6  least three separate occasions.

7          On August 27, 2017, Otto Trucking filed an administrative motion to seal (the "Sealing

8  Motion") in connection with its opposition to Waymo's motion to quash subpoenas.  Dkt. 1377.

9  During the Court's August 28, 2017 hearing on the underlying motion, Defendants explained that

10  Waymo has been using indiscriminate assertions of confidentiality in designating otherwise public

11  information.  Otto Trucking raised the issue with Exhibit 10 specifically and noted for the Court

12  that Waymo had designated the entirety of this document as confidential.  The Court agreed it did

13  not believe that "any of this [was] confidential," and instructed Waymo to amend its designations:

14  "*I will give [Waymo] some advice because maybe this will help.  I don't see why any of this is*

15  *confidential, but I understand.  Everything is designated confidential—*").  Lin Decl. Exh. 1 at

16  17:6–18:6 (emphasis added).

17          At a second hearing two days later on August 30, the Court reminded Waymo of its

18  obligations to submit its declarations with appropriate tailored redactions:  "I guess I said, Mr.

19  Baker, that tomorrow is Waymo's deadline to submit a declaration, if it can, just define the

20  confidentiality or AEOs of the emails that Otto Trucking submitted in connection with Docket No.

21  1377.  And I'm just telling you because I'm going to get on it right tomorrow because Judge Alsup

22  has asked me to."  Lin Decl. Exh. 2 at 16:7–15.

23          At the third hearing the next day on August 31, the Court explained again, "[Waymo is]

24  going to submit their [sealing] declaration, and it will be done.  So either they've justified it, or

25  they haven't.  *For some of them, I'm assuming they're not going to even try because it was so*

26  *obvious that it wasn't.*"  Lin Decl. Exh. 3 at 59:10–60:1 (emphasis added).

27

28

2

1

**B.      The Court Denied The Sealing Motion To Most Of Exhibit 10.**

2      In an Order dated September 1, the Court granted in part and denied in part the Sealing

3   Motion (the "Sealing Order").  Dkt. No. 1444.  The Court found good cause to file under seal

4   Exhibits 3–9 and 11–12 of the Sealing Motion.  *Id.*  However as to the letter brief and most of

5   Exhibit 10, the Court instructed these documents be filed publicly.  *Id.*  As to Exhibit 10 only, the

6   Court ordered public filing "except for the email addresses, the technical information on the first

7   and sixth pages (id. at 2, 7), and the IP address on the third page (id. at 4)."  *Id.*  As the Court

8   explained:  "This information [was] not properly sealable as it contain[ed] neither trade secret

9   information nor information otherwise subject to sealing."  *Id.*

10      Otto Trucking prepared a redacted Exhibit 10 as instructed.  As to the email addresses

11   throughout the Exhibit and the IP address on the third page (*id.* at 4), they were sealed.  The same

12   is true of the technical information on the first (*id.* at 2) and sixth pages (*id.* at 7) of the Exhibit.

13   The only technical term found on the first and sixth pages of the Exhibit is the term, "███████

14   referring to the ███████████████████████████████████████████████████

15   Furthermore, in the same as where "█████" is found on the first page, Mr. Zbrozek explains that

16   █████" is Waymo's ████████████████.  Out of an abundance of caution, Otto Trucking

17   redacted both ████████" and █████ in accordance with the instructions from the Court.  Otto

18   Trucking filed the public versions of both the letter brief and Exhibit 10 on September 6.

19   Dkt. No. 1481; Lin Decl. Exh. 4.

20      On September 1, counsel for Waymo and defendants communicated about redactions to

21   Exhibit 10 following Judge Corley's order.  Even given the Court's guidance, Waymo took a

22   generous view of the order and extensively redacted Exhibit 10.  Uber and Waymo engaged in a

23   meet and confer and only included one counsel from Otto Trucking instead of the agreed-upon

24   email distribution for the Otto Trucking legal team.  Uber and Waymo agreed to include the

25   domain name in the redactions for purposes of sharing the information with the client, even

26   though it was not covered by the Court's sealing order.  On September 6, Otto Trucking filed the

27   version of Exhibit 10 that is at issue now.   Lin Decl. ¶¶ 10, 11.  Because the entire Otto Trucking

28

3

team had not been cc'd on the email, Otto Trucking filed a different version of the document from the document that was discussed between Uber and Waymo.  *Id.* ¶ 9.  This confusion is understandable, as one conversation was reaching agreement to share with a client on shortened time and another was to comply with the Court's order.  To the extent there was a misunderstanding, Waymo could have easily remedied the situation.  However, unlike so many other instances where Waymo has not hesitated to immediately identify a faulty redaction in a filing, Waymo never noticed this error.  Instead, it accepted that the public disclosure was proper and even endorsed it (as set forth below).

### C.      Waymo Files Multiple Declarations In Support Of Otto Trucking's Publicly Filed Version Of Exhibit 10.

During the month of September there were numerous disputes between Waymo and Uber/Ottomotto regarding the public filing of allegedly confidential information.  But Waymo did not raise any issues with Otto Trucking's version of Exhibit 10 until September 27, 2017.

Between September 6 and September 27, 2017, Otto Trucking publicly filed and served Exhibit 10 in seven other subsequent filings the same way as it did for its September 6 Notice of Refiling.  *See* Waymo's Motion for Sanctions ("Mot.") at 6–7.  In each of these seven subsequent filings, Otto Trucking filed administrative motions to seal corresponding to each of the exhibit lists, which included Exhibit 10.  Waymo did not object to the filing of Exhibit 10 in any of these seven subsequent filings.

To the contrary, Waymo affirmatively filed four declarations in support of these seven subsequent filings by Otto Trucking.[1]  In each of these declarations, Waymo says it reviewed the exhibits in the corresponding Otto Trucking sealing motion, and filed a declaration in support of sealing.  *See, e.g.*, Dkt. No. 1659 at ¶ 1 ("I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters."); *see also*

---

[1] (1) Waymo's sealing declaration at Dkt. No. 1659 in support of Otto Trucking's sealing motion at Dkt. No. 1540; (2) Waymo's sealing declaration at Dkt. No. 1698 in support of Otto Trucking's sealing motion at Dkt. No. 1585; (3) Waymo's sealing declaration at Dkt. No. 1718 in support of Otto Trucking's sealing motion at Dkt. No. 1618; (4) Waymo's sealing declaration at Dkt. No. 1719 in support of Otto Trucking's sealing motion at Dkt. No. 1609.

4

Dkt. No. 1698 (same); Dkt. No. 1718 (same); Dkt. No. 1719 (same).  This is the same procedure Waymo used in filing a declaration in support of Otto Trucking's August 27 Sealing Motion. Waymo did not object to the filing of Exhibit 10 in the course of filing any of these four Waymo sealing declarations.

> **D.     Waymo Fails To Designate Multiple Depositions Discussing ███████ Under The Protective Order.**

Waymo also admitted that the "███████" domain name was public through two depositions in this case.  While the general approach of the parties has been to designate a whole transcript as confidential at the outset, the parties have agreed that each party has 9 days from the date of a deposition to designate portions of a deposition under the Interim Protective Order.  All other portions will be automatically de-designated.  *See* Lin Decl. Exhs. 5, 6, 7.

In both the depositions of Sasha Zbrozek and Gary Brown, the ███████ domain and its applicability to the SVN server were discussed and designated.   Mr. Zbrozek was deposed on September 6 and these terms were used extensively.  At no point has Waymo ever designated any of Mr. Zbrozek's deposition under the Interim Protective Order.  Mr. Baker was present for the entirety of Mr. Zbrozek's deposition.

Similarly, Mr. Brown's deposition on September 6 also included discussion of the term, ███████"  It too appears in the final transcript, as does his testimony of other information relating to the SVN server and Waymo security.  Again, Waymo did not designate the portions of Mr. Brown's deposition discussing ███████ under the Interim Protective Order.   Mr. Baker was also present for the entirety of this deposition.

> **E.     Waymo First Challenges The Sufficiency Of Otto Trucking's Redactions To Exhibit 10 On September 27, 2017 And The Filings Are Provisionally Locked And Replaced.**

Waymo first notified Otto Trucking of its objection to the filing of Exhibit 10 at the deposition of Bruce Hartley on September 27.  *See* Boock Decl. at ¶¶ 2-12.  Near the end of the deposition, when counsel for Otto Trucking questioned Mr. Hartley about an incorrect statement in his report that the SVN's domain name was not publicly known, for the first time, counsel for

5

Waymo objected to the public filing of ████████ and demanded immediate action.  *Id.* at ¶¶ 6-7.[2]  Counsel for Otto Trucking stated that he had alerted the team and that they were looking into the matter.  *Id.* at 8.  Later, in a 6:09 p.m. email, Waymo accused Otto Trucking of "violat[ing] the Court's order," and demanded that Otto Trucking immediately lock all ECF entries of the Exhibit 10 filing.  *See* Dkt. No. 1910-11 at 3.  The email cited to Waymo's Sealing Declaration that the Court had already considered, and nothing further.  *See id.*  Otto Trucking replied at 7:56 p.m. stating that this Court had already ruled on this issue, and it was confused by Waymo's belated objection.  *Id.*  Otto Trucking sought the basis for Waymo's demand 21 days later, explaining that this information was already public pursuant to the parties' agreement to designate transcripts.  *Id.*

In subsequent emails and telephone conferences, Waymo continued to demand that Otto Trucking take corrective measures, without explaining why the information should be sealed, why Waymo waited 21 days to raise this issue, or why Waymo did not timely serve confidentiality designations to address this issue.  *See id.*  Waymo also failed to explain how the Protective Order has been violated given that it is silent on how to the parties should proceed where 1) the Court has already ruled on confidentiality and 2) where a party has waived confidentiality of that information in other ways.

After receiving direction from the Court to provisionally lock Exhibit 10 and re-file redacted versions pending motion practice by the parties as to whether this information should be sealed, Otto Trucking locked down the filings at issue and re-filed redacted versions of Exhibit 10.

On October 1, 2017, Waymo filed a motion for sanctions.  Dkt. 1909.  Waymo does not seek reconsideration of any of the Court's sealing orders.  In fact, Waymo provides no explanation for why the SVN server's domain name—which is essentially a web address—is confidential,

---

[2] Contrary to Waymo's contention, there was no withholding of the public filing of the SVN domain name for strategic purposes.  Indeed, Otto Trucking had duly served all of the filings that referenced the web address on Waymo, and Waymo filed sealing declarations in support of Otto Trucking's redactions.  Counsel for Otto Trucking believed that Waymo's expert had incorrectly stated that ████████ was not public similar to other errors found in the expert reports.  See Boock Decl. at 2-5.

1    much less AEO.  Waymo also does not provide any explanation for why it failed to served

2    confidentiality designations to protect the name of its SVN server or raise the public filing of the

3    name of the server for 21 days despite having someone review the filings and submit sealing

4    declarations.  It did not file any declaration from Waymo or Google attesting to the confidential

5    nature of the SVN server's domain name.  Instead, Waymo moved for sanctions against

6    Defendants for publicly filing information that Waymo failed to designate as confidential.

7    **III.    ██████████        IS NOT AEO – OR EVEN CONFIDENTIAL -**

8        **INFORMATION.**

9        As a prerequisite to proving sanctions, Waymo first must show that the domain name

10   ████████   is confidential.  It has repeatedly not done so, as set forth above, and has not done

11   so here.  Further, because the filings include briefing on Waymo's motion for partial summary

12   judgment, Waymo must show a compelling reason for protection.  *See e.g.*, *Kamakana v. City &*

13   *Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).  Under the compelling reason standard,

14   the party must "articulate compelling reasons supported by specific factual findings" that outweigh

15   the public's right to access of the judicial record.  *Id.* General assertions that competitors and the

16   public should not gain access to the information because it is "confidential" and contains

17   "sensitive business information" fails to meet the standard.  *Aevoe Corp. v. AE Tech. Co*., No.

18   2:12-CV-00053-GMN, 2014 WL 551563, at *2 (D. Nev. Feb. 7, 2014) (denying motion to seal);

19   *see also Guzik Tech. Enterprises, Inc. v. W. Digital Corp*., No. 5:11-CV-03786-PSG, 2013 WL

20   6199629, at *8 (N.D. Cal. Nov. 27, 2013) (A declaration stating a document "makes reference to

21   'the structure and function of the Accused Products' containing 'highly sensitive confidential

22   financial and business information' do not point out with particularity why these documents must

23   be sealed).  Even  under the less stringent "good cause" standard—applied under Rule 26(c) for

24   non-dispositive motions—broad, conclusory allegations of harm will not suffice; the showing

25   must be supported by "specific demonstrations of fact, supported where possible by affidavits and

26   concrete examples."  *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 307–08 (N.D. Cal. 2005).  For

27   instance, a declaration claiming that "releasing the materials to the public record would

28

7

competitively disadvantage HP [ ] in negotiating future fee agreements with firms or clients" does not constitute the necessary "particularized showing."  *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014).

Waymo has never even met the lower good cause standard.  Waymo's motion for sanctions has provided no argument or factual support that ██████████ should be sealed.  Waymo has not accounted for its failure to designate this information as confidential and has submitted no declaration from either Waymo or Google attesting to the confidential nature of this web address. In fact, it has repeatedly endorsed the redaction approach shown on Exhibit 10 in several court filings.

Waymo's prior sealing declarations repeatedly declared in boilerplate language that certain exhibits contain "highly sensitive information," containing "domains that host Waymo's highly confidential SVN repository and other computer systems," where public access would "give bad actors seeking to hack Waymo's databases a target to attack."  *See e.g.*, Dkt. No. 1659 ¶ 5;  Dkt. No. 1698 ¶ 5;  Dkt. No. 1718 ¶ 5;  Dkt. No. 1719 ¶ 5.  This is merely a broad conclusory statement, devoid of "specific demonstrations of fact, supported where possible by affidavits and concrete examples."  *See Contratto*, 227 F.R.D. at 307–08.  Waymo's assertion that public access would lead to hackers attacking Waymo's databases is completely unsubstantiated, like the deficient showing in *Linex* stating that disclosure would "completely disadvantage HP [ ] in negotiating future fee agreements with firms or clients."  Waymo's circular labeling of the SVN repository as "highly confidential" information cannot overcome the public's right of access to judicial records, especially as to dispositive motions as trial is approaching. Indeed, the Court has already rejected the sufficiency of this language as Waymo used it to seal Exhibit 10, and the Court only ordered that email addresses, "technical" information, and an IP address found on a different page be sealed with no mention of the domain name. *See* Dkt. 1433; 1444.

## IV.   WAYMO'S REQUEST FOR SANCTIONS SHOULD BE DENIED FOR ADDITIONAL REASONS.

A court's "inherent power" to issue sanctions must be made based on a specific finding of

8

1    "bad faith."  *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 285 (N.D. Cal. 2015).  The

2    bad faith requirement is a "high threshold."  *Id.* at 285.  It encompasses more than mere negligence

3    or even recklessness, *Mendez v. Cty. of San Bernardino*, 540 F.3d 1109, 1131–32 (9th Cir. 2008),

4    but rather "willful misconduct or recklessness that is coupled with an improper purpose," or

5    conduct "tantamount to bad faith."  *Lofton*, 308 F.R.D. at 285.

6         Under Rule 37, the moving party bears the burden to make the threshold showing of what

7    discovery order has been violated.  *See Rooney v. Sierra Pac. Windows*, No. 10-CV-00905-LHK,

8    2011 WL 2149097, at *3 (N.D. Cal. June 1, 2011).  The movant's failure to meet that threshold is

9    grounds to deny the motion.  *Id.*  Where the movant seeks preclusion of evidence under Rule 37,

10   this Court has explained that "[e]xclusion sanctions based on alleged discovery violations are

11   generally improper absent undue prejudice to the opposing side."  *Amersham Pharmacia Biotech,*

12   *Inc. v. Perkin–Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2000) (Infante, Mag. J.) (citing *Wendt*

13   *v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997)).

14            **1.      Otto Trucking Made A Good Faith Attempt To Comply With the**
                         **Court's Sealing Order.**
15

16        After "carefully consider[ing] the narrowed redactions," the Court denied sealing Exhibit

17   10 "except for the email addresses, the technical information on the first and sixth pages (id. at 2,

18   7), and the IP address on the third page (id. at 4)."  *Id.*  Sealing of the domain name

19   ▮▮▮▮▮▮▮ was not mentioned at all in the order.  "This information [was] not properly

20   sealable as it contain[ed] neither trade secret information nor information otherwise subject to

21   sealing."  *Id.*

22        As a result, Otto Trucking made amended redactions to Exhibit 10.  As understood, the

23   only technical terms that is common on both the first page (*id.* at 2) and the sixth page (*id.* at 7), is

24   the term, ▮▮▮▮▮.  Because the term, "▮▮▮▮ appears in the same paragraph immediately

25   following ▮▮▮▮," out of an abundance of caution Otto Trucking redacted this term as well.  In

26   addition, Otto Trucking redacted the email addresses on all pages of the Exhibit were redacted, as

27   was the IP address listed on page 3 (Dkt. No. 1433-16 at 4).  While Uber and Waymo may have

28

9

agreed to interim redactions associated with what could be shared with the client, this does not change the Court's order.

Nevertheless,  once Waymo belatedly raised an issue with Otto Trucking's publicly filed version of Exhibit 10, the Court ordered that the publicly filed version was locked and replaced with a newly redacted version of Exhibit 10.  No further remedy or relief is warranted.[3]

### 2.    Waymo Waived Any Legitimate Complaints It May Have Had About The Public Filing Of The Name ████████.

Waymo had known about Otto Trucking's publicly filed version of redacted Exhibit 10 since September 6.  Moreover, it has also known about Exhibit 10 from the seven other subsequent sealing motions that included Exhibit 10.  Finally, Waymo has known about this public filing because Waymo filed four declarations in support of those sealing motions and in each, stated under oath that Waymo counsel had personal knowledge of the contents of the motion.  Through these declarations, ***Waymo endorsed the very version of Exhibit 10 it now challenges***.   Indeed, Waymo has consistently raised issues with defendants where it believed its  1659 at ¶ 1 ("I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testifyof Refiling, (2) Otto Trucking's seven other filings of Exhibit 10, and (3) Waymo's four sealing declarations, Waymo did not raise any objections to the filing of Exhibit 10 until September 27.

### 3.    Waymo Waived Any Complaints It May Have Had By Failing To Designate Multiple Deposition Transcripts Discussing ████████ with Any Confidentiality At All.

Here, Mr. Zbrozek's and Mr. Brown's final deposition transcripts were served on September 8.  Both discussed the SVN server, and both discussed ████████ in particular. Waymo had until September 17, 2017 to designate portions of these transcripts as confidential

---

[3] Waymo complaints ring hollow given Waymo's own improper filing of confidential information in the public record.  For example, on October 2, Waymo publicly filed the entire Stroz report publicly despite the language in the Federal Circuit's recent opinion and the district judge's order to "keep it, quote, at the low-level confidential, among yourselves, and not give it to the New York Times and everybody else."   9/20/17 Hr'g Tr. 11:20-22.  Shortly after Waymo's filing, a media storm about the Stroz report ensued.

10

under the Protective Order and the parties' agreed-to shortened 9 day designation deadline.

Waymo did not do so with respect to the portions of the transcripts discussing ████████.

Thus, the domain name ████████ has already been designated as non-confidential.  *See*

*Layer 2 Communications Inc. v . Flexera Software LLC*, No. C–13–02131 DMR, 2014 WL

2536993, at *6-7 (N.D. Cal. June 5, 2014) (failure to designate deposition excerpts as confidential

constituted waiver of both confidentiality and privilege); *see also United States v. Gurtner*, 474

F.2d 297, 299 (9th Cir. 1973) (A party must assert privilege when the evidence is first presented,

or it waives the right to claim privilege.).

Indeed, Waymo ***still*** has not served any designations for either Mr. Zbrozek's or Mr.

Brown's deposition transcripts.  Therefore, at trial of this matter, or in future public filings, any

party can safely file the portions of Mr. Zbrozek's or Mr. Brown's depositions discussing

████████ in the public record without violating the Protective Order.

**4.      Waymo Fails to Show How the Remedies It Seeks are Warranted.**

Waymo fails to show how any of the sanctions it requests are appropriate.  In particular,

sanctions that prohibit a party from introducing evidence requires the movant to clear a high bar,

as they "are typically reserved only for flagrant discovery abuses." *FormFactor, Inc v. Micro-

Probe, Inc.*, No. C-10-03095 PJH JCS, 2012 WL 1575093, at *2 (N.D. Cal. May 3, 2012)

(citation omitted).   Waymo has not shown how Otto Trucking violated the Sealing Order, how

Waymo has been prejudiced, or how the domain name is not non-confidential based on Waymo's

failure to designate this information under the Protective Order. Waymo's own failures to

designate confidentiality and review the filings it was submitting declarations to seal are what has

led to this dispute. Sanctions are not appropriate. *See Rooney v. Sierra Pac. Window*s, No. 10-CV-

00905-LHK, 2011 WL 2149097 (N.D. Cal. June 1, 2011) (sanctions not warranted where there

was no prejudice or the conduct at issue was substantially justified).

Finally, monetary damages and fees should be denied.  Waymo should not get to profit off

of its attempt to foist its own oversight onto Defendants, especially where Waymo has not

demonstrated why ████████ is confidential in the first instance, and has failed to provide

OTTO TRUCKING'S OPPOSITION TO WAYMO'S
MOTION FOR SANCTIONS (DKT. NO. 1910)                              CASE NO. 3:17-CV-00939-WHA

1    any explanation for its failure to raise this issue for three weeks after the filing of Exhibit 10 or its

2    refusal to serve confidentiality designations.

3    **V.      CONCLUSION**

4            For the foregoing reasons, the Court should DENY Waymo's Motion for Sanctions.

5    Dated:   October 4, 2017                    Respectfully submitted,

6

7                                        By:    */s/ Neel Chatterjee*
                                                Neel Chatterjee
8                                               *nchatterjee@goodwinlaw.com*
                                                Brett Schuman
                                                *bschuman@goodwinlaw.com*
9                                               Shane Brun
                                                *sbrun@goodwinlaw.com*
10                                              Rachel M. Walsh
                                                *rwalsh@goodwinlaw.com*
11                                              Hong-An Vu
                                                *hvu@goodwinlaw.com*
12                                              Hayes P. Hyde
                                                *hhyde@goodwinlaw.com*
13                                              James Lin
                                                *jlin@goodwinlaw.com*
14                                              **GOODWIN PROCTER** LLP

15                                              *Attorneys for Defendant:*
                                                Otto Trucking LLC
16

17

18

19

20

21

22

23

24

25

26

27

28
                                          12

OTTO TRUCKING'S OPPOSITION TO WAYMO'S
MOTION FOR SANCTIONS (DKT. NO. 1910)                    CASE NO. 3:17-CV-00939-WHA

1

## CERTIFICATE OF SERVICE

2     I hereby certify that I electronically filed the foregoing  document including all of its

3 attachments with the Clerk of the Court for the United States District Court for the Northern

4 District of California by using the CM/ECF system on **October 4, 2017**.  I further certify that all

5 participants in the case are registered CM/ECF users and that service of the publicly filed

6 documents will be accomplished by the CM/ECF system.

7     I certify under penalty of perjury that the foregoing is true and correct.  Executed on

8 **October 4, 2017**.

9                                             /s/         *Neel Chatterjee*
                                              NEEL CHATTERJEE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OTTO TRUCKING'S OPPOSITION TO WAYMO'S
MOTION FOR SANCTIONS (DKT. NO. 1910)                    CASE NO. 3:17-CV-00939-WHA