# *E*XHIBIT  *2*

*E*XHIBIT  *2*

```
                                              Pages 1 - 17
                     UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
   Before The Honorable Jacqueline Scott Corley, Magistrate Judge

   WAYMO, LLC,                      )
                                    )
               Plaintiff,           )
                                    )   No. CV 17-0939 WHA (JSC)
        vs.                         )
                                    )
   UBER TECHNOLOGIES, INC.,         )
   et al.,                          )
                                    )   Telephonic Discovery Hearing
               Defendants.          )
   _____    )

                                    San Francisco, California
                                    Wednesday, August 30, 2017
                                    FTR 2:02 p.m. - 2:19 p.m.
                      TRANSCRIPT OF PROCEEDINGS OF
                 THE OFFICIAL ELECTRONIC SOUND RECORDING
   APPEARANCES:
   Special Master:          FARELLA BRAUN & MARTEL LLP
                            Russ Building, 30th Floor
                            235 Montgomery Street
                            San Francisco, California 94104
                       BY:  JOHN L. COOPER, ATTORNEY AT LAW

   For Plaintiff:           QUINN EMANUEL URQUHART & SULLIVAN, LLP
                            50 California Street, 22nd Floor
                            San Francisco, California 94111
                       BY:  DAVID A. PERLSON, ATTORNEY AT LAW

           (APPEARANCES CONTINUED ON FOLLOWING PAGE)

   Transcribed By:  Sarah Goekler, CSR No. 13446, RMR, CRR, CCRR
```

```
   APPEARANCES: (CONTINUED)

   For Plaintiff:            QUINN EMANUEL URQUHART & SULLIVAN, LLP
                             51 Madison Avenue
                             New York, New York 10010
                        BY:  JAMES E. BAKER, ATTORNEY AT LAW

   For Defendant Uber Technologies, Inc.:
                             MORRISON & FOERSTER, LLP
                             425 Market Street
                             San Francisco, California 94105
                        BY:  ARTURO J. GONZALEZ, ATTORNEY AT LAW
                             ESTHER KIM CHANG, ATTORNEY AT LAW

                             BOIES, SCHILLER & FLEXNER, LLP
                             1999 Harrison Street, Suite 900
                             Oakland, California 94612
                        BY:  MAXWELL V. PRITT, ATTORNEY AT LAW

   For Defendant Otto Trucking, LLC:
                             Goodwin Procter, LLP
                             135 Commonwealth Drive
                             Menlo Park, California 94025
                        BY:  JAMES LIN, ATTORNEY AT LAW

                             Goodwin Procter, LLP
                             601 S. Figueroa Street
                             Los Angeles, California 90017
                        BY:  TODD A. BOOCK, ATTORNEY AT LAW

   For Intervenor Defendant Anthony Levandowski:
                             RAMSEY & EHRLICH, LLP
                             803 Hearst Avenue
                             Berkeley, California 94710
                        BY:  ISMAIL J. RAMSEY, ATTORNEY AT LAW
```

---

3

```
1    Wednesday, August 30, 2017          FTR 2:02 p.m. - 2:19 p.m.
2                           P R O C E E D I N G S
3                                ---oOo---
4         THE CLERK:  17-0939, Waymo vs. Uber.
5         THE COURT:  All right.  Good afternoon.  This is
6    Judge Corley.  You don't have to make your appearances.  We are
7    recording this.
8         How can I help you?
9         Maybe, Mr. Cooper, you should tell me how I can help.
10        MR. COOPER:  Well, I think the first conversation
11   should involve the use or the practice of mock trials or mock
12   juries in a trade secret case.  And I believe this is Arturo
13   Gonzalez and David Perlson.
14        THE COURT:  Okay.
15        MR. GONZALEZ:  Good afternoon, Your Honor.  Thank you
16   for taking a few minutes.  This is Arturo Gonzalez for Uber.
17        The protective order in this case allows us to use AEO
18   information with jury consultants.  It does not speak to
19   whether or not that jury consultant can share that information
20   with mock jurors, and that's why we wanted to have an informal
21   discussion with the Court.  We think that a mock jury would be
22   contemplated within the jury consultant designation.
23        We conferred with Waymo on the topic, and we have not been
24   able to reach agreement as to whether we can use AEO or
25   confidentiality information with mock jurors.
```

4

```
1    Just very briefly, we've told Waymo that we're willing to
2    exclude anybody who is in any way associated with autonomous
3    vehicles, have every mock juror sign a protective order, and be
4    told specifically what it is and how important it is and not
5    give anyone any documentation of any kind.  So it will simply
6    be a matter of displaying something and having the lawyers
7    argue.
8         THE COURT:  Okay.  So let me -- let me tell you what
9    my view is on hearing that.  And Mr. Cooper had -- I had gotten
10   a little bit of a preview, so I had thought about that.
11        I didn't know what -- I don't think a mock jury comes
12   within a jury consultant.  A jury consultant is hired by a
13   particular party and signs onto the protective order.  And the
14   issue is normally, obviously, the jury is going to have to hear
15   this information, but that's in the confines of the courtroom,
16   supervised by the district court judge, and with all the
17   parties present.  And we don't have that in the case of a mock
18   jury.  Nobody, of course, has a right to a mock jury to use all
19   that material; it's a tool that you have.
20        Certainly, if the parties agreed, I don't think that's a
21   problem at all, as long as they agreed on both sides.  So
22   hopefully maybe there's room for compromise, but I think if
23   there's not an agreement, I would not be inclined.
24        I'm giving you my informal response to modify the
25   protective order over parties' objection.
```

the waiver.  We unredacted documents that we believe fell within the waiver.  And we took a fresh look as well.

And with Your Honor's -- with the scope of the waiver in mind, we believe that we have fully complied and produced all the documents that fall within the scope of the waiver.  And so, you know, there's nothing more, in our view, for us to do.

Now, I did say to Mr. Boock, that we're happy to take a look at whatever documents, if there's a privilege log entry that he wants us to look at because he believes that we missed something, I'm happy to take a look at that.  So far, they've only identified one document for us.  We went back and took a look, and the document -- it's not a communication with the forensics team, so -- and, therefore, it doesn't fall within the scope of the waiver.

The only communication in that email thread that was with the forensics team has been unredacted.  But if they're -- if they want to point out additional log entries for us to take a look at, we're happy to do that, but I do think that we've fully complied.

**THE COURT:**  Okay.  So you're not withholding on temporal grounds communications with the forensic team?

**MR. BAKER:**  We are not.

I mean, the issue that they have raised is that -- you know, our view is the investigation ended on a given date, and they are now asking for certain documents on our privilege logs that were generated after that date --

**THE COURT:**  Okay.  So --

**MR. BAKER:**  -- and we don't think that those fall within the scope of --

**THE COURT:**  This is why I disagree with you, Mr. Baker, because Mr. Brown is actually a testifying witness and perhaps the other people as well.  And so what they were told in their understanding goes to their -- their testimony, and so I don't agree with that line at all.

**MR. BAKER:**  The temporal line --

**THE COURT:**  Correct.

**MR. BAKER:**  -- Your Honor?

**THE COURT:**  Correct.

Whatever date you claim the investigation ended -- and, by the way, I mean, from the emails now that were only disclosed after my order on the motion to compel, it's clear that a lot of this was happening just before the lawsuit was filed.  So I don't know how you draw the line in terms of when -- you know, when investigation ended, didn't end.  It's sort of ongoing in that sense.

And, in any event, Mr. Brown is -- is -- you've designated him as an expert.  He's a witness in the case.  And so what he's been told in connection with that shapes -- is relevant to his testimony.

**MR. BAKER:**  The documents, Your Honor, that I think

that they are referring to on our privilege log right before the complaint was drafted are documents that just go to, you know, communications with Mr. Brown about, you know, drafting our -- what was going into our complaint.  They're not -- there's no additional, you know, facts that were uncovered as part of the investigation, as far as I understand it.  It's just communications where, you know, we were preparing to file our complaint.

**THE COURT:**  Okay.  Well, so what I think, Mr. Boock, you should do, if you think they're about 200, identify those 200 and see what you can work out before 10:00 -- what time did I say?  10:30? --

**THE CLERK:**  10:30, Your Honor.

**THE COURT:**  -- tomorrow.  But bring them here, and I can look at them.

**MR. BAKER:**  Thank you.  We will do that.

The one other thing we would ask, because this clearly seems to be a pending issue, is that just for this one issue -- the motion to compel deadline is tomorrow at midnight.  And, if we're coming to a hearing to the court tomorrow at 10:30, that may resolve the issue, but we still would have documents to be produced, we would ask for that date to be extended and also depositions that are dependent on the document production to be extended a brief period of time to allow that to happen because, like I said, I think if we're coming to court tomorrow and, while I would love to resolve these issues, I obviously can't guarantee them, and --

**THE COURT:**  Okay.  Let's talk about it at court tomorrow.

**MR. BOOCK:**  Okay.  Thank you, Your Honor.

**MR. BAKER:**  Thank you, Your Honor.

**THE COURT:**  Okay.  Anything else?

Oh, the other thing -- I guess I said, Mr. Baker, that tomorrow is Waymo's deadline to submit a declaration, if it can, just define the confidentiality or AEOs of the emails that Otto Trucking submitted in connection with Docket No. 1377.  And I'm just telling you because I'm going to get on it right tomorrow because Judge Alsup has asked me to.

**MR. BAKER:**  Understood.  Thank you.

**THE COURT:**  Okay.  Thank you.

**MR. BOOCK:**  Thank you, Your Honor.

**THE COURT:**  You're welcome.

**UNIDENTIFIED SPEAKER:**  Thank you.

**UNIDENTIFIED SPEAKER:**  Thank you.

(Proceedings adjourned at 2:19 p.m.)

---oOo---

**CERTIFICATE OF TRANSCRIBER**

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Dated: August 31, 2017

_____Sarah G. Hoekler_____
SARAH GOEKLER, TRANSCRIBER