# *EXHIBIT 5*

# *EXHIBIT 5*

| | |
|---|---|
| **From:** | Chang, Esther Kim |
| **To:** | Felipe Corredor; UberWaymoMoFoAttorneys; ""BSF_EXTERNAL_UberWaymoLit@bsfllp.com" (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)"; DG-GP Otto Trucking Waymo; John Cooper (JCooper@fbm.com); Matthew Cate (MCate@fbm.com) |
| **Cc:** | QE-Waymo |
| **Subject:** | Waymo: MEET & CONFER REQUESTED - Deadline for confidentiality designations |
| **Date:** | Tuesday, August 01, 2017 11:48:18 AM |
| **Attachments:** | Waymo v. Uber - Challenge to Designation under Para. 6.2 of Interim Protective Order.msg |

John, we request a meet and confer on this issue. For everyone's reference, I am attaching the parties' current agreement (three days after receipt of the rough transcript).

Felipe,
Your proposal to wait until the close of fact discovery or letting the confidentiality process play out as part of sealing motions is unworkable for several reasons.

- First, almost every brief filed in this case has deposition cites. As you know, briefs with deposition citations are often filed days after the deposition takes place. Thus, there is an urgency in designating what each party deems to be confidential information. Under your proposal, essentially every brief would require a sealing motion. We do not think Judge Corley or Alsup would appreciate an increase in the number of filings (especially if unnecessary), in an already taxed docket. In fact, even with the current load of sealing motions (which are currently being filed only when necessary), the Court has yet to rule on 20 of the sealing motions. Including a sealing motion with every filing would only increase the backlog.

- Second, it would put the attorneys filing the declarations that *accompany* the motion to file under seal (as opposed to the attorney filing the declaration four days later) in the difficult position of swearing, under the local rules, to the need to seal information that the attorney has no real basis to believe may ultimately be sealed. We doubt that Judge Corley or Alsup would appreciate such vague declarations with the sealing motion.

- Third, without prompt designations, the parties would be denied the ability to challenge the confidentiality designation of deposition testimony that the parties might want to use elsewhere, outside a filing (e.g., the press).

- Finally, regarding your example of the Cam Poetzscher designations, those were over-designated because Judge Corley had yet to define her position on the sealing of business information at the time we made that sealing motion. As the case progresses and the parties continue to receive more clarity on what is appropriately sealed in this, such over-designation will become less of an issue.

As I stated previously, the parties' current agreement is to provide confidentiality designations within three days of receiving the rough transcript (see attached email), but we agree with you that it makes sense to designate the final transcript. You had proposed seven days after receipt of the final transcript. We had counter-proposed four days after receipt of the final transcript. Given the expedited nature of the case, which is something that Waymo insisted on, it is important for the parties to promptly understand what the other party considers to be its confidential information. Please let us know if you agree to our counter-proposal of four days after receipt of the final transcript.

Esther
Tel: (415) 268-7562

**From:** Felipe Corredor [mailto:felipecorredor@quinnemanuel.com]
**Sent:** Monday, July 31, 2017 9:16 PM
**To:** Chang, Esther Kim; UberWaymoMoFoAttorneys; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'; DG-GPOttoTruckingWaymo@goodwinlaw.com; John Cooper (JCooper@fbm.com); Matthew Cate (MCate@fbm.com)
**Cc:** QE-Waymo
**Subject:** RE: Waymo: Deadline for confidentiality designations

**- External Email -**

Esther,

The Interim Protective Order in force in this case allows for confidentiality designations within 21 days of the deposition; nevertheless, we have been serving our designations within 7 days of receipt of the final transcript. However, given the large number of upcoming depositions, we propose either suspending line-by-line confidentiality designations until after the close of fact discovery or suspending such designations entirely, letting the confidentiality narrowing process play out as part of administrative motions to file under seal. Line-by-line confidentiality designations on entire deposition transcripts are of limited value given that the parties do not know exactly what will end up being filed with the Court, and context can often make a difference on the scope of designations. This is exemplified by, for example, Defendants' over-designations on certain sections of the transcript of Cameron Poetzscher that Defendants ultimately did not support sealing before the Court (*see* Dkt. Nos. 936, 994, 1053-3).

Please let us know if you are amenable to either proposal. To the extent you do not agree, we request a call with Special Master Cooper to resolve this.

Regards,
Felipe

**From:** Chang, Esther Kim [mailto:echang@mofo.com]
**Sent:** Monday, July 31, 2017 4:14 PM
**To:** Felipe Corredor <felipecorredor@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; DG-GPOttoTruckingWaymo@goodwinlaw.com; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate (MCate@fbm.com) <MCate@fbm.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Waymo: Deadline for confidentiality designations

+John and Matt

Felipe,

As depositions are in full force, we need to come to agreement regarding the deadline for serving confidentiality designations. The current agreement is within three days of receiving the rough transcript (see attached), but we agree with you that it makes sense to designate the final transcript. You had proposed seven days after receipt of the final transcript. We had counter-proposed four days after receipt of the final transcript. It is important for the parties to have clarity on designations for motion practice as well as circulation to those who cannot view AEO information. Please let us know if you agree to our counter-proposal.

Esther
Tel: (415) 268-7562

**From:** Chang, Esther Kim
**Sent:** Monday, July 24, 2017 11:11 AM
**To:** Felipe Corredor; UberWaymoMoFoAttorneys; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'; DG-GPOttoTruckingWaymo@goodwinlaw.com
**Cc:** QE-Waymo
**Subject:** RE: Waymo v. Uber - Pennecot and Bares confidentiality designations

Felipe,

See attached response, dated June 30.

Esther
Tel: (415) 268-7562

**From:** Felipe Corredor [mailto:felipecorredor@quinnemanuel.com]
**Sent:** Monday, July 24, 2017 11:05 AM
**To:** UberWaymoMoFoAttorneys; ''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'; DG-GPOttoTruckingWaymo@goodwinlaw.com
**Cc:** QE-Waymo
**Subject:** RE: Waymo v. Uber - Pennecot and Bares confidentiality designations

**- External Email -**

Counsel,

I don't believe I received a response to my proposal of designations within 7 days of receipt of the final transcript, but both parties have been serving designations within that timeline. Please confirm that Defendants agree that confidentiality designations on deposition transcripts under the Protective Order are to be served within 7 days of receipt of the final transcript.

Thanks,
Felipe

**From:** Felipe Corredor
**Sent:** Friday, June 23, 2017 3:42 PM
**To:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>;
''BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'
<BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; DG-GPOttoTruckingWaymo@goodwinlaw.com
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Waymo v. Uber - Pennecot and Bares confidentiality designations

Counsel,

Attached are Waymo's PO designations on Pennecot and Bares' deposition transcripts. I note that, under the Interim Protective Order and each party's respective proposed PO, the period to designate is 21 days from the date of the deposition. Given the fast schedule set for this case, we would propose that the parties agree to designate within 7 days of receipt of the final transcript going forward. Please let us know if this is agreeable.

Regards,
Felipe

**Felipe Corredor**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6448 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
felipecorredor@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.