MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel.: 415.268.7000/Fax: 415.268.7522

KAREN L. DUNN (Admitted *Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (Admitted *Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Tel.: 202.237.2727/Fax: 202.237.6131

WILLIAM C. CARMODY (Admitted *Pro Hac Vice*)
bcarmody@SusmanGodfrey.com
SHAWN J. RABIN (Admitted *Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 212.336.8330/Fax: 212.336.8340

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES INC.'S AND OTTOMOTTO LLC'S NOTICE OF JOINDER IN OPPOSITION TO PLAINTIFF WAYMO LLC'S MOTION FOR SANCTIONS**<br><br>Judge: Hon. William H. Alsup<br>Trial Date: October 10, 2017 |

1  TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT Defendants Uber Technologies, Inc. and Ottomotto LLC (together, "Uber") hereby join and adopt co-Defendant Otto Trucking, LLC's ("Otto Trucking") Opposition to Waymo's Motion for Sanctions (Dkt. 1910). In support Uber states as follows:

1. Uber joins and adopts, as if set out verbatim herein, the arguments, authorities, conditions, and prayers of Otto Trucking set forth in Docket 1956 and supporting materials therein, because Waymo seeks sanctions against all defendants and Otto Trucking's opposition is applicable to Uber.

2. Uber joins and adopts Otto Trucking's opposition to best serve the interest of justice and avoid unnecessary or duplicative effort, time, or expense to the Court and the parties involved.

3. Uber makes the following additional argument in opposition to Waymo's motion for sanctions:

**WAYMO'S MOTION FOR SANCTIONS AGAINST UBER IS FRIVOLOUS**

Waymo's motion as to Uber is based on the assertion that Uber's conduct was "knowing and intentional" and "repeated." (Mot. at 1, 4). That assertion is baseless and the motion should be denied.

As the Court recognized in *Lofton v. Verizon Wireless (VAW), LLC*, the bad-faith requirement for imposing sanctions under the Court's inherent powers "sets a high threshold, which may be met by willful misconduct, or recklessness that is coupled with an improper purpose." 308 F.R.D. 276, 285 (N.D. Cal. 2015) (quotation marks and citations omitted); *see also id.* (holding the Court's inherent powers "must be exercised with restraint and discretion") (quotation marks omitted). Waymo does not even try to meet its "burden to demonstrate that [Uber] acted with the requisite bad faith or improper purpose." *Id.* Instead, it just lumps the defendants together and mentions Uber only once in a footnote buried on page six of its motion. (Mot. at 6 n.3). Waymo submits no evidence whatsoever that Uber acted in bad faith or with an improper purpose.

Waymo also fails to show how any sanctions could possibly be authorized against Uber under Rule 37. Waymo acknowledges that only one of the ten docket entries that publicly disclosed the domain name of Waymo's SVN repository was filed by Uber. (Mot. 6 at n.3). Waymo omits from its motion, however, that the sole supposedly offending docket entry from Uber—Dkt. 1546-2—was an exhibit that had been filed previously. (Declaration of Martha Goodman ISO Opposition ("Goodman Decl.") ¶ 2). While Uber could have cited to the prior docket entry for that document, it re-filed the document as an exhibit to a motion *in limine* for the Court's and the parties' convenience. (*Id.* ¶ 3). Waymo makes no attempt to explain how Uber's filing of a previously-filed exhibit violated the Protective Order or the Court's sealing order. It cannot.

Further, Waymo fails to inform the Court that Uber contacted the ECF Help Desk and locked Dkt. 1546-2 the same day Waymo identified it and asked that it be corrected. (*Id.* ¶ 4). Even if the Court finds that the SVN domain name should have been sealed, Uber's mere re-filing of another filing and its immediate compliance with Waymo's request cannot support sanctioning Uber.

The reason for Waymo's desire to shoehorn Uber into its sanctions motion against Otto Trucking is abundantly plain when considering the relief Waymo seeks: an order "precluding Defendants from arguing that Waymo does not adequately protect its SVN server." (Mot. at 1). Without meeting and conferring, Waymo manufactured a dispute with Uber around a single filing of an already publicly-filed exhibit because Waymo recognizes that it faces an uphill battle at trial to prove that it takes reasonable efforts to protect the secrecy of the "low-value" files on SVN server. Waymo's attempt to use this motion as a vehicle to obtain partial summary judgment on an element of its misappropriation claim is improper. Accordingly, Waymo's motion should be denied.

**WAYMO'S MOTION AS TO UBER SHOULD BE DENIED FOR FAILURE TO MEET AND CONFER**

Waymo's motion for sanctions against Uber is also improper because Waymo did not meet and confer with Uber; it only conferred with Otto Trucking. The motion should be denied on

this basis alone.

"Counsel are required to meet and confer, or attempt to meet and confer, in good faith prior to filing a discovery motion." *Use Techno Corp. v. Kenko USA, Inc.*, No. C-06-02754 EDL, 2007 WL 3045996, at *1 (N.D. Cal. Oct. 18, 2007) (citing Fed. R. Civ. Proc. 37(2)(B); Civil L.R. 37-1(a)); *see also* Civil Standing Order for Magistrate Judge Corley ("Upon referral from a District Judge or upon the development of an impasse with respect to discovery in a pending case assigned to Judge Corley, the parties must first meet and confer."). This standard requires "direct dialogue and discussion" between counsel for the parties. Civil L.R. 1-5(n). This meet-and-confer rule preserves the resources of all parties involved since "[t]he court does not have enough time or resources to oversee all discovery, and . . . . to promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking Court intervention." *Haddix v. Burris*, No. C-12-1674 EMC (PR), 2014 WL 6983287, at *1 (N.D. Cal. Dec. 9, 2014). The meet and confer process is "of even greater importance" when a party is seeking "discovery sanctions for failure to comply with Court orders," as Waymo does here. *Satchell v. FedEx Exp.*, No. C03-2659 SI, 2006 WL 3507914, at *2 (N.D. Cal. Dec. 5, 2006). For these reasons, courts in this District routinely deny motions for failing to meet and confer. *See e.g. Haddix*, 2014 WL 6983287, at *2 ("The motion to compel will be denied because plaintiff failed to engage in a good faith effort to meet and confer to resolve the discovery dispute."); *Las Virgenes Mun. Water Dist.-Triunfo Sanitation Dist. v. McCarthy*, No. C 14-1392 SBA, 2014 WL 5297806, at *2 (N.D. Cal. Oct. 15, 2014) ("As a threshold matter, Plaintiff concedes that it did not meet and confer prior to the filing of the instant motion. On that basis alone, the Court finds that Plaintiff's motion is subject to denial."); *J & J Sports Prods., Inc. v. Jernegan*, No. C 11-02095, 2013 WL 450382, at *1 (N.D. Cal. Feb. 5, 2013) ("Defendants argue . . . that Plaintiff's motion should be denied for failing to meet and confer prior to the filing of the motion. The Court agrees."); *Use Techno Corp. v. Kenko USA, Inc.*, No. C-06-02754 EDL, 2007 WL 3045996, at *1 (N.D. Cal. Oct. 18, 2007) ("This Order denies Defendants' motion based on counsel's failure to meet and confer.").

In this case, Waymo did not meet and confer with *Uber* before filing this motion, and the motion as to Uber should be denied outright. The first time the parties held a meet and confer with the Special Master concerning the purported confidentiality of the domain name of Waymo's SVN server was on Friday September 29. (Declaration of Kaitlyn Murphy ISO Opposition ("Murphy Decl.") ¶ 2). While counsel for Uber attended the meet and confer to discuss other issues on the agenda, Waymo never claimed that Uber had done anything improper with respect to the SVN domain name, and Uber's counsel did not participate in the discussion between Waymo, Otto Trucking, and the Special Master about the issue or the briefing schedule for Waymo's motion. (*Id.*). Waymo did not inform Uber that it would move for sanctions *against Uber* or identify the grounds on which such relief would be sought, let alone meet and confer with Uber prior to filing its motion; Uber learned about it for the first time when Waymo's motion was filed on Sunday night at 11:51 p.m. The parties met and conferred the next day, on October 2, about Waymo's improvident filing as it pertained to Uber, and the Special Master said he also left the September 29 meet and confer with the understanding that the dispute over the confidentiality of the SVN's domain name was between Waymo and Otto Trucking only. (*Id.* ¶¶ 3-4). The Special Master granted Uber leave to file a brief and instructed Waymo to re-notice its motion and inform the Court that there had been uncertainty about whether Waymo also sought sanctions against Uber and to inform the court that the deadline to file oppositions was now 3:00 p.m. on October 4, 2017. (*Id.*, ¶ 4). Waymo's amended notice stated only: "Following a meet and confer with Special Master Cooper, Waymo is filing an Amended Notice to clarify that all Defendants will file their opposition by 3:00 p.m. on October 4, 2017." (Dkt. 1932 at 1).

Waymo's counsel stated during the October 2 conference with the Special Master that Waymo satisfied its meet-and-confer obligation because Uber's counsel was on the September 29 call to discuss other issues when Waymo's counsel discussed the SVN issue with Otto Trucking's counsel and the Special Master. Putting aside whether that post-hoc justification is credible, Waymo's September 29 discussion with Otto Trucking and the Special Master without addressing Uber or its counsel once cannot be considered "direct dialogue," Civil L.R. 1-5(n), or be seen to have occurred in good faith since even the Special Master was not able to detect Waymo's

supposed intention to also have met and conferred with Uber. Accordingly, Waymo's motion should be denied.

WHEREFORE, Uber hereby joins and adopts Otto Trucking's opposition to Waymo's motion.

Dated: October 4, 2017                    Respectfully submitted,

SUSMAN GODFREY LLP
MORRISON & FOERSTER LLP
BOIES SCHILLER FLEXNER LLP

By:  */s/ Karen L. Dunn*
        Karen L. Dunn

*Counsel for Defendants*
UBER TECHNOLOGIES, INC. AND
OTTOMOTTO LLC