Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
Todd A. Boock (SBN 181933)
tboock@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant:*
Otto Trucking LLC

UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANT OTTO TRUCKING LLC'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO WAYMO LLC'S MOTION FOR SANCTIONS [DKT. NO. 1910]**<br><br>Courtroom:  8 (19th Floor)<br>Judge:      Hon. William Alsup<br>Trial Date: December 4, 2017 |

This Sur-Reply addresses Waymo's Reply concerning Otto Trucking's ("OT") assertions regarding the declarations Waymo submitted in support of OT's redacted version of Exhibit 10. Nothing in Waymo's Reply changes the lack of merit of Waymo's motion for sanctions. OT's filings were made in good faith and sought to keep items confidential in accordance with this Court's Orders. OT also made no untrue statements in its Opposition. The motion for sanctions should be denied.

Waymo makes the incorrect claim that OT misrepresented Waymo's position on sealing. OT did not. OT's Opposition states: "Waymo filed multiple declarations in support of sealing the version of Exhibit 10 that it now complains is improper. ***To repeat: Waymo filed multiple declarations affirmatively supporting the sealing of the version of Exhibit 10 that publicly disclosed the domain name for the SVN server.***" Opp. at 1:9-10 (emphasis in original). This assertion is consistent with Waymo's own words. For example, Waymo's declaration in support of OT's September 13 sealing motion states as follows:

> **I make this declaration *in support of* Defendant Otto Trucking's Administrative Motion to File Under Seal** Portions of Defendants' Motion in Limine No. 26 (the "Administrative Motion")**.** The Administrative Motion seeks **an order sealing *highlighted portions* of** Defendants' Motion in Limine No. 26 ("Defendants' Motion") and of **Exhibits 1** and 3 **to the Vu Declaration**, as well as the entirety of Exhibits 2, 4-10 thereto.

Dkt. No. 1659, ¶¶ 1, 2 (emphases added). Exhibit 1 to the Vu Declaration was OT's version of Exhibit 10, without the domain redacted. OT's Administrative Motion, to which the declaration refers, sought to have Exhibit 10 filed that way. Waymo made virtually identical statements in three additional declarations in support of OT's sealing motions. *See* Dkt. No. 1698, Dkt. No. 1718, and Dkt. No. 1719. Waymo's argument lacks merit due to the sworn statements submitted by Waymo attorneys. OT also provided the Court with the full citation to the docket entries (which included the exhibits), as well as the quotes, so that the Court could fully assess the evidence. Waymo's suggestion that OT was trying to hide something is false.

Further, OT's Opposition disclosed that Waymo discussed the SVN domain name in its filings, quoted the filings and cited to the docket entries. As stated in the Opposition:

1

> Waymo's prior sealing declarations repeatedly declared in boilerplate language that certain exhibits contain "highly sensitive information," containing "domains that host Waymo's highly confidential SVN repository and other computer systems," where public access would "give bad actors seeking to hack Waymo's databases a target to attack." See e.g., Dkt. No. 1659 ¶ 5; Dkt. No. 1698 ¶ 5; Dkt. No. 1718 ¶ 5; Dkt. No. 1719 ¶ 5.

Dkt. 1955-4 (Opposition brief) at 8:10-14; see also id. at 8:14-24.

Waymo's new argument is that Waymo highlighted "▓▓▓▓▓▓▓▓" in attachments to its declarations. Waymo appears to be arguing that the quoted sentence refers to an exhibit attached to its own declarations, even though the declarations refer to OT's Administrative Motion and exhibit. Nowhere in the declarations did Waymo indicate that there was a conflict in the exhibits or that OT's version needed to be changed. Indeed, Waymo's exhibit is <u>non-compliant</u> with the Court's Order (Dkt. 1444), which denied the sealing motion, "except for the email addresses, the technical information on the first and sixth pages. . . and the IP address on the third page." Waymo, for example, redacted non-technical information on the 3rd and 4th page. See, e.g., Dkt. 1659. If Waymo truly had an issue with the discrepancy, it should have immediately alerted OT and the Court, but it did not do so.

The lack of merit to Waymo's motion is further evidenced by Waymo's failure to try to re-designate the domain name to protect it. Waymo did not, and *still has not*, designated the disclosures of the domain name as confidential. Since OT first re-filed the public version of Exhibit 10, Waymo's counsel repeatedly complained about other parties' inadvertent public filings (quickly remedied), to the point that counsel demanded that Uber provide it with a filing protocol. Declaration of Todd A. Boock, Exs. 1-3. Despite Waymo's apparent focus on this issue, it did not object to Exhibit 10 in the Notice of Refiling, nor any other time it was subsequently filed (nor has Waymo designated the recent Zbrozek and Brown deposition transcripts). Waymo allowed filings of the now-disputed Exhibit 10 repeatedly over many weeks without a peep.

If Waymo *truly* wanted the domain name sealed, it had a few options: (1) timely designate; (2) style the current motion to have the court reconsider its prior sealing orders; or (3) attempt to designate the domain name as soon as it learned of the issue. Waymo has done none of the above. Waymo's Motion has no merit and it should be <u>DENIED</u>.

Dated:   October 6, 2017          Respectfully submitted,

By:   /s/ *Neel Chatterjee*
Neel Chatterjee
*nchatterjee@goodwinlaw.com*
Brett Schuman
*bschuman@goodwinlaw.com*
Shane Brun
*sbrun@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
Hong-An Vu
*hvu@goodwinlaw.com*
Todd A. Boock
*tboock@goodwinlaw.com*
Hayes P. Hyde
*hhyde@goodwinlaw.com*
James Lin
*jlin@goodwinlaw.com*
**GOODWIN PROCTER LLP**

*Attorneys for Defendant:*
Otto Trucking LLC

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document including all of its attachments with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **October 6, 2017**. I further certify that all participants in the case are registered CM/ECF users and that service of the publicly filed documents will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **October 6, 2017**.

/s/     *Neel Chatterjee*
NEEL CHATTERJEE