# *EXHIBIT 3*

*EXHIBIT 3*

| | |
|---|---|
| **From:** | David Perlson <davidperlson@quinnemanuel.com> |
| **Sent:** | Monday, September 25, 2017 5:02 PM |
| **To:** | Chang, Esther Kim; QE-Waymo; DG-GP Otto Trucking Waymo |
| **Cc:** | UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Uber-sg@LISTS.SUSMANGODFREY.COM; John Cooper (JCooper@fbm.com); MCate@fbm.com; miles@ramsey-ehrlich.com; izzy@ramsey-ehrlich.com; Chatterjee, Neel; jpatchen@taylorpatchen.com; kdhadialla@taylorpatchen.com; mpernick@mkwllp.com; jbartlett@mkwllp.com; dbrownstein@fbj-law.com; wfarmer@fbj-law.com; af@annefokstuen.com; Melanie.Blunschi@lw.com |
| **Subject:** | RE: Waymo v. Uber: Inadvertently filed document (Dkt. 1780) |

Esther, I write to follow up on this morning's meet and confer regarding Uber's public filing of Dkt. 1780. As we have articulated, Waymo is extremely concerned regarding the filing of photographs that reveal Waymo's trade secrets claimed in this case. Uber knows that, given the claims and allegations in this case, Waymo contends that Uber's Fuji design embodies and discloses Waymo's trade secrets and confidential information. On our call you indicated that the filing was a result of a miscommunication. Specifically, you indicated the person who filed the document thought there was approval to file the document, when in fact it had not been approved. And given that the filing had not been approved, the normal protocol for filings were not followed. You indicated that your team has taken steps to prevent this from happening again, including further reducing the number of people who can do filings on your team.

We appreciate your discussing the matter, but Waymo remains concerned that there have been two weekend filings within a week that both disclose Waymo confidential information. As you will recall, last week, Uber filed Exhibit G to our Renewed MIL 1 publicly. It clearly reflects bonus information for a number of individuals. As a result, these individuals private financial information was made public. And that was just one part of the filing. Other exhibits were not filed under seal as well as they should have been, including a rog response that revealed the highly confidential valuation of Waymo that formed the basis of the bonus payments**.** As part of preparing supporting sealing declarations, we also discovered last weekend a previous Uber misfiling on September 13, in which Uber improperly filed a deposition transcript that disclosed another of our trade secrets with specificity. Uber reached out to ECF to get the documents locked, but they were publicly available for hours before that happened because the ECF Help Desk was closed. The same thing happened again this weekend. Accordingly, Waymo was forced to spend a great deal of time and cost this weekend and last weekend tracking down third party sites that may contain the information and, as needed, requesting they take down these confidential materials.

Given this has happened multiple times in such a short period of time, please provide us in writing the protocol Uber is following when filing confidential documents, and provide the specific extra steps/restrictions you indicated you made on our call today regarding the most recent incident to ensure this does not happen again. We ask that Uber provide this no later than tomorrow morning.

Finally, to determine whether the photographs from Dkt. 1780 are still publically available outside of ECF, we intend to have search engineers at Google, who are part of Google's security team that address potential leaks of confidential information, use the photographs to do searches. We wanted to alert you of this given that the photographs are Uber PCB boards. Under the circumstances, we think this is very reasonable and appropriate, and to the extent that Uber feels the boards contain Uber information, something Uber itself should welcome. Please promptly confirm today this is acceptable.

John, we would ask for a meet and confer later to the extent we are unable to reach agreement on above.

Waymo reserves all rights on this issue.

David

---

**From:** Chang, Esther Kim [mailto:echang@mofo.com]
**Sent:** Sunday, September 24, 2017 2:17 PM
**To:** David Perlson <davidperlson@quinnemanuel.com>; QE-Waymo <qewaymo@quinnemanuel.com>; Otto Trucking at Goodwin (DG-GPOttoTruckingWaymo@goodwinlaw.com) <DG-GPOttoTruckingWaymo@goodwinlaw.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; Uber-sg@LISTS.SUSMANGODFREY.COM; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; MCate@fbm.com; miles@ramsey-ehrlich.com; izzy@ramsey-ehrlich.com; nchatterjee@goodwinlaw.com; jpatchen@taylorpatchen.com; kdhadialla@taylorpatchen.com; mpernick@mkwllp.com; jbartlett@mkwllp.com; dbrownstein@fbj-law.com; wfarmer@fbj-law.com; af@annefokstuen.com; Melanie.Blunschi@lw.com
**Subject:** RE: Waymo v. Uber: Inadvertently filed document (Dkt. 1780)

David,

We contacted the ECF Help Desk and PacerPro last night immediately after the filing, asking them to immediately take down or lock the filing. PacerPro has already taken down the filing from its site. The ECF Help Desk does not open until Monday morning. We will follow up with the ECF Help Desk first thing tomorrow morning to take down the filing.

In addition to notifying the Quinn, Goodwin, MoFo, Susman, and Boies aliases, I also notified counsel for all diligenced employees and John Cooper and Matt Cate.

We take our confidentiality obligations seriously, as Waymo does. This filing was a mistake, and we have taken remedial measures to prevent recurrence.

Despite our best efforts, mistakes occur from time to time. Waymo, for example, has also recently filed its AEO publicly, including values for its diodes. (See attached August 19 email from Felipe Corredor notifying parties of the inadvertent public filing of Waymo's discovery responses.)

I am available for a meet and confer tomorrow to discuss additional protocols the parties may want to implement to prevent future inadvertent filings.

Of course, on the merits, and separate from the protective order question, we disagree that these photographs contain Waymo confidential information.

Esther
Tel: (415) 268-7562

---

**From:** David Perlson [mailto:davidperlson@quinnemanuel.com]
**Sent:** Sunday, September 24, 2017 1:39 PM
**To:** Chang, Esther Kim; QE-Waymo; Otto Trucking at Goodwin (DG-GPOttoTruckingWaymo@goodwinlaw.com)

2

**Cc:** UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Uber-sg@LISTS.SUSMANGODFREY.COM; John Cooper (JCooper@fbm.com); MCate@fbm.com; miles@ramsey-ehrlich.com; izzy@ramsey-ehrlich.com; nchatterjee@goodwinlaw.com; jpatchen@taylorpatchen.com; kdhadialla@taylorpatchen.com; mpernick@mkwllp.com; jbartlett@mkwllp.com; dbrownstein@fbj-law.com; wfarmer@fbj-law.com; af@annefokstuen.com; Melanie.Blunschi@lw.com
**Subject:** RE: Waymo v. Uber: Inadvertently filed document (Dkt. 1780)

**- External Email -**

Esther,

While the photographs that were filed last night may be the Fuji design, that design embodies and discloses Waymo's trade secrets . They need to be taken down immediately. Please explain the steps you are taking to ensure the filing is locked today and anyone who has downloaded the photographs has been notified and asked to destroy them. This should include not just ECF or Pacer but third parties as well who may have downloaded these files. We intend to seek all appropriate relief in relation to Uber's filing of Waymo's trade secret information and reserve all rights in relation thereto.

Also, John we would like to have a meet and confer tomorrow to discuss the measures in place by defendants to prevent this from happening and what can be done to prevent this from happening again.


David


**From:** Chang, Esther Kim [mailto:echang@mofo.com]
**Sent:** Sunday, September 24, 2017 7:49 AM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>; Otto Trucking at Goodwin (DG-GPOttoTruckingWaymo@goodwinlaw.com) <DG-GPOttoTruckingWaymo@goodwinlaw.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; Uber-sg@LISTS.SUSMANGODFREY.COM; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; MCate@fbm.com; miles@ramsey-ehrlich.com; izzy@ramsey-ehrlich.com; nchatterjee@goodwinlaw.com; jpatchen@taylorpatchen.com; kdhadialla@taylorpatchen.com; mpernick@mkwllp.com; jbartlett@mkwllp.com; dbrownstein@fbj-law.com; wfarmer@fbj-law.com; af@annefokstuen.com; Melanie.Blunschi@lw.com
**Subject:** RE: Waymo v. Uber: Inadvertently filed document (Dkt. 1780)

Adding counsel for the diligenced employees and John Cooper.

Esther
Tel: (415) 268-7562

**From:** Chang, Esther Kim
**Sent:** Sunday, September 24, 2017 12:25 AM
**To:** QE-Waymo (qewaymo@quinnemanuel.com) (qewaymo@quinnemanuel.com); Otto Trucking at Goodwin (DG-GPOttoTruckingWaymo@goodwinlaw.com)

3

**Cc:** UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Uber-sg@LISTS.SUSMANGODFREY.COM
**Subject:** Waymo v. Uber: Inadvertently filed document (Dkt. 1780)

Counsel,

We inadvertently filed a document at Dkt. 1780.  Among other issues with the filing, the filing includes photographs of the Fuji transmit board that should have been filed under seal.  We have contacted the ECF Help Desk and PacerPro.  We will follow up with both on Monday morning.  In addition, we will be filing a motion to remove an incorrectly filed document.  Please delete all copies of Dkt. 1780 and do not forward to those not under the protective order.

Best regards,

**Esther Kim Chang**
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
Tel: (415) 268.7562 | Fax: (415) 276.7308
EChang@mofo.com | www.mofo.com

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.