MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Tel.: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (Admitted *Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (Admitted *Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C.  20005
Tel.: 202.237.2727 / Fax: 202.237.6131

WILLIAM C. CARMODY (Admitted *Pro Hac Vice*)
bcarmody@SusmanGodfrey.com
SHAWN J. RABIN (Admitted *Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 212.336.8330 / Fax: 212.336.8340

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                Plaintiff,<br><br>        v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                Defendants. | Case No.      3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO LLC'S SUR-REPLY IN OPPOSITION TO PLAINTIFF WAYMO LLC'S MOTION FOR SANCTIONS**<br><br>Judge:    Hon. William H. Alsup<br>Trial Date: October 10, 2017 |

1 | Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Uber") submit this Sur-Reply in Opposition to Plaintiff Waymo LLC's Motion for Sanctions (Dkt. 1910).

Uber joined Otto Trucking's opposition brief (Dkt. 1956) in good faith and with no intent whatsoever to mislead the Court. Otto Trucking explains why its representation of Waymo's sealing papers in the opposition brief was correct, and as such the reasons for any misunderstanding, in its sur-reply brief. (Dkt. 1967). At bottom, Uber's re-filing of the at-issue exhibit (at Dkt. 1546-2)—re-filed a week after Otto Trucking filed it, and approximately two weeks before Waymo identified that docket entry as containing its allegedly confidential information—was done in good faith and sought to keep items confidential in accordance with this Court's sealing order (Dkt. 1444). When Waymo alerted Uber that it filed an exhibit with its allegedly confidential information, Uber immediately locked the filing. (Dkt. 1957 at 3). On these facts, there is no basis for sanctioning Uber.

Waymo's motion should be denied.

Dated: October 6, 2017

Respectfully submitted,

SUSMAN GODFREY LLP
MORRISON & FOERSTER LLP
BOIES SCHILLER FLEXNER LLP

By:  */s/ Karen L. Dunn*
        Karen L. Dunn

*Counsel for Defendants*
UBER TECHNOLOGIES, INC. AND
OTTOMOTTO LLC