IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; and OTTO TRUCKING LLC, <br><br> Defendants. | No. C 17-00939 WHA <br><br> **ORDER DENYING MOTION FOR RELIEF FROM JUDGE CORLEY'S NONDISPOSITIVE PRETRIAL ORDER RE MOTION TO QUASH** |

**INTRODUCTION**

The magistrate judge overseeing discovery in this action quashed one defendant's subpoena to a non-party law firm. Defendant moves for relief from that order pursuant to Civil Local Rule 72. The motion is **DENIED**.

**STATEMENT**

On August 18, per the discovery referral in this action, Magistrate Judge Jacqueline Corley granted in part defendant Otto Trucking LLC's motion to compel certain discovery into plaintiff Waymo LLC's forensic investigation of former employees, overruling Waymo's claims of privilege in the process (Dkt. No. 1272). Otto Trucking then issued a subpoena to non-party Keker, Van Nest & Peters LLP in connection with KVP's role in that investigation. Waymo and KVP moved to quash that subpoena (Dkt. Nos. 1347, 1349).

During a hearing on August 28, Judge Corley heard from both sides and developed a detailed plan for proceeding with further discovery into Waymo's investigation. Her plan took into account, among other things, the tardiness of the KVP subpoena relative to the discovery schedule, the prioritization of discovery from Waymo itself, and the "sensitive" nature of subpoenaing KVP given its representation of Waymo in a separate arbitration. Judge Corley also clarified that her August 18 order was about "non-attorneys" who had conducted Waymo's investigation, and that she had not intended to necessarily authorize a subpoena to KVP. As part of her plan, Judge Corley quashed the KVP subpoena "for now" with the caveat that "[s]omething may come up" to warrant revisiting the issue (*see* Dkt. No. 1414 at 6:12–30:23).

As far as the record shows, the parties completed Judge Corley's plan for discovery into Waymo's forensic investigation. On September 11, however, and in lieu of bringing any further issues involving KVP to Judge Corley's attention, Otto Trucking moved pursuant to Civil Local Rule 72 for relief from her August 28 order quashing the KVP subpoena (Dkt. No. 1520-3). This order follows full briefing.

**ANALYSIS**

**1. STANDARD OF REVIEW.**

Under FRCP 72, a district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Ibid.* (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

**2. OTTO TRUCKING'S MOTION FOR RELIEF.**

In its motion, Otto Trucking never attempts to argue that Judge Corley's August 28 order was clearly erroneous or contrary to law (although it insists that her order was "incorrect" (*see* Dkt. No. 1588 at 5)). Nor does it attempt to criticize her broader plan for discovery into Waymo's forensic investigation, which provides crucial context for her decision to quash the KVP subpoena at that time. Otto Trucking does not suggest, for example, that Judge Corley erred in insisting that it prioritize discovery from Waymo "for now." Instead, Otto Trucking's

2

thesis seems to be that Judge Corley categorically could not prevent it from subpoenaing KVP because doing so "incorrectly narrowed the privilege waiver" found in her own prior August 18 order (*see* Dkt. Nos. 1520-3 at 1, 5; 1588 at 2–3). Otto Trucking is wrong.

Judge Corley clarified that her August 18 order had not contemplated the KVP issue and proceeded to develop a plan that accounted for multiple discovery considerations never addressed by Otto Trucking, including that other venues of discovery should be prioritized before revisiting the KVP issue if necessary. Otto Trucking could have made its arguments to Judge Corley while she was developing that plan, but did not. It could have immediately objected to Judge Corley's interpretation of her own prior order and resulting discovery plan — before anyone invested time and effort into executing that plan — but did not. It could have completed Judge Corley's discovery plan and then revisited the KVP issue with her — as Judge Corley indicated it should — but did not. Instead, Otto Trucking inexplicably attempts to selectively unwind one part of her decision after the fact and without regard for the broader context for that decision. This order finds no reason to undermine Judge Corley's discretionary management of discovery priorities here.

In short, Otto Trucking's motion is not a substitute for timely raising discovery issues, including the need for further discovery beyond what had already been authorized, before Judge Corley in the first instance. Nor has it shown that Judge Corley's August 28 order — and the broader discovery plan that informed it — was "clearly erroneous or contrary to law."

**CONCLUSION**

For the foregoing reasons, defendant's motion for relief from Judge Corley's August 28 order is **DENIED**. All stated objections thereto are **OVERRULED**.

**IT IS SO ORDERED.**

Dated: October 6, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3