**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6301**

WRITER'S EMAIL ADDRESS
**charlesverhoeven@quinnemanuel.com**

October 6, 2017

**VIA ECF**

Magistrate Judge Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   *Waymo LLC v. Uber Technologies, Inc., et al*., N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Pursuant to Dkt. 1964, Plaintiff Waymo LLC ("Waymo") submits this list of additional discovery requested from Defendants or third parties relating to the Stroz Friedberg ("Stroz") report.[1]

- Waymo asked for clarification that Uber's searches for documents that should be produced pursuant to the Federal Circuit order included O'Melveny documents. Documents relating to the acquisition that were in O'Melveny's possession, would be in Otto's possession, custody, and control, and then ultimately in Uber's possession, custody, or control. Waymo understands that Uber provided privilege logs from O'Melveny. Given that Uber previously provided a log for O'Melveny documents, Waymo hopes this request is not controversial.

- Waymo requested that Stroz provide an inventory of the 118 additional devices for which they are providing images, which were provided to Discovia on a rolling basis, so that Waymo can confirm it has received everything. Stroz provided a response and Waymo will work with Stroz regarding any follow-up questions on this issue.

---

[1] Waymo understood the 5 p.m. deadline tonight for making requests based on the Stroz Report to mean any such requests must be made to Defendants/third parties by that deadline. This afternoon, however, Defendants informed Waymo that they view Defendants must make these requests from the Court by 5 p.m. tonight. In the abundance of caution, Waymo files this request for the items listed below. Given the timeframe, not all of these issues have been the subject of meet and confers with the Special Master but Waymo will still endeavor to resolve as many of these disputes as possible without Court intervention.

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

- Waymo is serving a subpoena on Dropbox. According to the Stroz report, Levandowski stored Google-related data and information in his Dropbox folder.

- Waymo is serving a subpoena on Slack, as discussed with the Court.

- Waymo deposed Angela Padilla on October 2. It is Waymo's understanding from Ms. Padilla's April 20 letter to Mr. Levandowski, that Uber requested that Levandowski return the two laptops he used for work at Uber. It is unclear however from Ms. Padilla's testimony whether Uber has those laptops. Waymo asked Uber to clarify whether it has the two requested laptops and if Uber does, to make them available for inspection immediately. If they are not in Uber's possession, Waymo asked for an explanation of who does have possession of those laptops. Waymo has not yet received a response. The contents of laptops in Mr. Levandowski's laptops is of critical importance to this case.

- Waymo asked Uber which of Levandowski's devices the "sliver" of 69,000 documents in MoFo's possession came from. This is necessary to understand what they are and to prioritize review if they are duplicative of other material stemming from the Stroz investigation.

- Waymo requested to inspect Levandowski's Dropbox account referenced in the Stroz report so that Waymo can review it in native form. Defendants have not yet confirmed they will make it available for inspection. Like Slack, this is important to understand what Waymo confidential information Ottomotto and Mr. Levandowski possessed and used.

- It is not clear from the Stroz report and related documents which devices and accounts were returned to the Diligenced Employees after they were turned over to Stroz. Waymo asked Defendants to provide a list of those devices and accounts and to confirm that Defendants searched those devices and accounts in response to Waymo's discovery requests in this case, and if not to explain why not. This is relevant to Defendants' recent assertions that devices with Waymo confidential information were put in a "vault" so they could not be used.

- During the October 6 deposition of former Stroz employee Hanley Chew, he testified that Levandowski's personal attorney, John Gardner, gave Stroz some hard copy documents. The Stroz report does not reference such hard copy documents and so Waymo will follow up with Stroz and/or Defendants regarding such documents.

- Waymo requests design and specification documents relating to planner code or algorithms at Otto and at Uber.

- Waymo requests the source code repository at Otto, including the logs of check-in/check-out, identity of the person performing check-in/check-out, and changes to the code

- Waymo requests demonstrations or any test results from executing planner or self-driving code, both in simulations and road tests if any

- Waymo requests for Don Burnette work performance reviews, considerations for promotion, awards or recognition, or similar documents showing their progress and/or accomplishments at Otto and at Uber.

2

- As Waymo analyzes the native devices provided by Stroz, Waymo is providing notice to the Diligenced Employees on an ongoing basis, pursuant to the agreed upon protocol. Waymo is further asking for information from Stroz as needed.

- Waymo requests all versions of the Stroz Due Diligence Report. Recently-produced evidence suggests that there are at least 14 versions even though Defendants stated they were withholding no drafts.

- It is not clear from the Stroz report whether Stroz analyzed corporate devices from Ottomotto. Waymo requests those corporate devices if they were not searched already by Uber.

- Several recently-produced files are password protected. Waymo requests the passwords to all such files.

- Multiple recently-produced emails, including UBER_AL_00013288, reference "Slack Archives." Waymo requests those archives, consistent with the Court's ruling on Slack.

- Waymo requests the list of search terms used to search the In-Scope Digital Media that were not shared with MoFo, the list of search terms that were shared with MoFo, and the list of search terms that were actually used to search the In-Scope Digital Media. (Stroz Report p. 7).

- Waymo requests the 4-terabyte Synology drive provided by Don Burnette to Stroz, but not analyzed, if it is not among the materials already ordered.

- Waymo requests documents from all accounts suggested by Lior Ron at Exhibit 117 to the Stroz report, to the extent those accounts exist and have not already been searched.

- Documents produced from the Stroz Relativity database indicate that the diligenced employees purchased prepaid SIM cards from an Israeli company called Big Talk. Waymo seeks discovery into communications involving these SIM cards or the devices with which they were used.

Respectfully,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
cc:    All counsel of record; Special Master John Cooper

01980-00104/9604972.1