Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
Todd A. Boock (SBN 181933)
tboock@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant:*
Otto Trucking LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>              Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**OTTO TRUCKING LLC'S OBJECTION TO WAYMO'S DECLARATION IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL [DKT. 1980]**<br><br>Courtroom:  8 (19th Floor)<br>Judge:          Hon. William Alsup<br>Trial Date:   December 4, 2017 |

1    Otto Trucking LLC ("Otto Trucking") hereby objects to Waymo's Declaration of Felipe Corredor in Support of Defendant Otto Trucking's Administrative Motion to File Under Seal Portions of Its Opposition to Waymo LLC's Motion for Sanctions (Dkt. 1955) ("Corredor Declaration"). [Dkt. 1980].

Waymo's Declaration and the exhibits thereto do not comply with the requirements of United States District Court, Northern District of California, Local Rule 79-5, particularly Rule 79-5(d)(1)(a), or this Court's Order Re: Administrative Motion to Seal [Dkt. 1444]. *First*, the Corredor Declaration states that it is in support of Otto Trucking's Administrative Motion and the redacted exhibits thereto, yet Waymo has attached a different version of Exhibit 4 (Dkt. 1980-6) than that which was attached to the Declaration of James Lin ("Lin Declaration") (Dkt. 1955-5). The Corredor Declaration includes boilerplate language regarding sealing and does not specify that the exhibits are inconsistent, or that the Lin exhibit is somehow improper. *Second*, Exhibit 4 to the Corredor Declaration is over-redacted and is non-compliant with the Court's Order Re: Administrative Motion to Seal (Dkt. 1444). *Third*, the Corredor Declaration seeks to redact information that is already non-confidential under the protective order.

Local Rule 79-5(e)(1) provides that, "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." This rule does not provide for what Waymo has done, which is to file a declaration in support of Otto Trucking's Administrative Motion, yet redact more items than Otto Trucking did.

The Corredor Declaration states:

> I make this declaration *in support of* Defendant Otto Trucking's Administrative Motion to File Under Seal Portions of Its Opposition to Waymo LLC's Motion for Sanctions ("Administrative Motion"). The Administrative Motion seeks an order sealing the highlighted portions of Otto Trucking's Opposition to Waymo LLC's Motion for Sanctions ("Otto Trucking's Opposition"), Exhibit 4 to the Lin Declaration, and the Declaration of Todd Boock in Support of Opposition to Motion to Sanctions, as well as the entirety of Exhibit 8 to the Boock Declaration.

Dkt. 1980, 2:6-11 (emphasis added.)

1

OTTO TRUCKING'S OBJECTION TO WAYMO'S DECL. IN
SUPPORT OF ADMIN. MOT. TO FILE UNDER SEAL (DKT. 1980)          CASE NO. 3:17-CV-00939-WHA

Even though Waymo ostensibly has filed the Corredor Declaration "in support of" Otto Trucking's Administrative Motion and the exhibits thereto, Waymo has attempted to redact the following items on its Exhibit 4 (Dkt. 1980-6), which were not redacted and were publicly filed in Otto Trucking's version of Exhibit 4 (Dkt. 1955-5):

- "GCE Instance" – page 1
- "service" – page 1
- "mess of Google drive and" – page 1
- "(an internal file sharing tool)" – page 1
- "There isn't an encryption or time out on the files either. csaint@" – page 6
- "540.338.3022" – page 8

If Waymo believed that the above items should have been kept confidential, its counsel should have immediately contacted Otto Trucking and requested that these items be pulled from the public docket as it has done in the past with respect to other filings.  *See, e.g.*, Dkts. 1967-2, 1967-3 and 1967-4.  Waymo opted not to do so and instead filed the inherently inconsistent Corredor Declaration, which purports to support Otto Trucking's Administrative Motion to Seal, including Exhibit 4 to the Lin Declaration, yet attaches a different exhibit.  This does not comply with Rule 79-5.

In addition, Waymo's purported redactions in its Exhibit (Dkt. 1980-6) also fail to comply with this Court's Order Re: Administrative Motion to Seal (Dkt. 1444).  In that Order, the Court granted in part and denied in part Waymo's request to have certain items sealed.  The Court ruled in relevant part that, "[t]he motion is DENIED as to the redactions in the letter brief itself (Dkt. 1433-2) and as to the redactions in Exhibit 10 (Dkt. 1433-16) except for the email addresses, the technical information on the first and sixth pages (*id*. at 2, 7), and the IP address on the third page (*id*. at 4).  This information is not properly sealable as it contains neither trade secret information nor information otherwise subject to sealing."[1]  Dkt. 1444 at 1:16-20.  Despite this Order, Waymo's exhibit reflects redactions on non-technical information throughout the document.  None of the

---

[1] The Exhibit 10 to which the Court referred in its Order is the same document as Exhibit 4 to the Lin Declaration.

2

OTTO TRUCKING'S OBJECTION TO WAYMO'S DECL. IN
SUPPORT OF ADMIN. MOT. TO FILE UNDER SEAL (DKT. 1980)           CASE NO. 3:17-CV-00939-WHA

bullet points discussed above would be considered "technical information on the first and sixth pages" and should not be redacted. Indeed, the Declaration of Felipe Corredor does not state that the information it seeks to seal is even "technical information," as contemplated by the Court's Order.

Finally, Waymo is attempting to redact non-confidential information that has not previously been filed under seal. Waymo has inconsistently redacted portions of the same document at issue here – Exhibit 4 to the Lin declaration – on multiple occasions and now seeks to seal information that it has previously not sought to seal before. For example, the following has not been sought to be sealed, and thus has been made public, on at least four occasions:

- "service"
- "mess of Google Drive and"
- "(an internal file sharing tool)"
- "There isn't an encryption or time out on the files either"

*See* Dkt. Nos. 1659, 1698, 1718, 1719.

The above-referenced material was repeatedly made public in exhibits to declarations filed by Waymo in support of Otto Trucking's administrative motions to file under seal. Waymo cannot now belatedly claim this information is confidential after regularly failing to do so.

For the foregoing reasons, Otto Trucking objects to Waymo's Corredor Declaration, requests that Waymo's Exhibit 4 (Dkt. 1980-6) be stricken and that the exhibits to Otto Trucking's Administrative Motion be sealed as specified in its redacted exhibit.

Dated:   October 10, 2017                    Respectfully submitted,

By:   /s/ *Todd A. Boock*
Neel Chatterjee
*nchatterjee@goodwinlaw.com*
Brett Schuman
*bschuman@goodwinlaw.com*
Shane Brun
*sbrun@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
Hong-An Vu
*hvu@goodwinlaw.com*
Todd A. Boock
*tboock@goodwinlaw.com*

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hayes P. Hyde
*hhyde@goodwinlaw.com*
James Lin
*jlin@goodwinlaw.com*
**GOODWIN PROCTER LLP**

*Attorneys for Defendant:*
Otto Trucking LLC

4

OTTO TRUCKING'S OBJECTION TO WAYMO'S DECL. IN
SUPPORT OF ADMIN. MOT. TO FILE UNDER SEAL (DKT. 1980)          CASE NO. 3:17-CV-00939-WHA

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document including all of its attachments with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **October 10, 2017**. I further certify that all participants in the case are registered CM/ECF users and that service of the publicly filed documents will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **October 10, 2017**.

/s/   *Todd A. Boock*
TODD A. BOOCK