# EXHIBIT 5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WAYMO LLC

    Plaintiff,

        vs.          Case No.

UBER TECHNOLOGIES,INC.;   17-cv-00939-WHA

OTTOMOTTO, LLC; OTTO

TRUCKING LLC,

    Defendants.

_____

\*\*ATTORNEYS' EYES ONLY\*\*

VIDEOTAPED DEPOSITION OF TRAVIS KALANICK

San Francisco, California

Thursday, July 27, 2017

Volume I

REPORTED BY:

REBECCA L. ROMANO, RPR, CSR No. 12546

JOB NO. 2665725

PAGES 1 - 329

| | | |
|---|---|---|
| 1 | or after the meeting about his admission that he | 08:28:53 |
| 2 | downloaded files? | |
| 3 |     MS. DUNN:  Objection to form. | |
| 4 |     THE DEPONENT:  I don't remember a | |
| 5 | specific discussion, but I do -- I do remember like | 08:28:58 |
| 6 | hearing that, Did any files get to Uber?  And doing | |
| 7 | everything we can to make sure they didn't. | |
| 8 |     Q.  (By Mr. Verhoeven)  Were you aware prior | |
| 9 | to the meeting that Mr. Levandowski had Google | |
| 10 | files that he'd taken with him? | 08:29:19 |
| 11 |     MS. DUNN:  Objection to form. | |
| 12 |     THE DEPONENT:  We had -- we had -- there | |
| 13 | was a discussion during -- during the deal phase in | |
| 14 | the March time frame -- this is 2016 -- where he | |
| 15 | had -- where he had told a group of people, and I | 08:29:41 |
| 16 | was in that meeting, that he had some discs and | |
| 17 | some content from his previous employer. | |
| 18 |     Q.  (By Mr. Verhoeven)  What did he -- | |
| 19 |     A.  Backup discs, or something like that. | |
| 20 |     Q.  Did he say "backup discs"? | 08:29:59 |
| 21 |     A.  I think so. | |
| 22 |     Q.  And what did he say about what was on | |
| 23 | those discs? | |
| 24 |     A.  He didn't. | |
| 25 |     Q.  Did he -- did he indicate that those | 08:30:08 |

| | | |
|---|---|---|
| 1 | discs contained Google files? | 08:30:10 |
| 2 | A.  He indicated that they had some kind of | |
| 3 | content from his previous employer. | |
| 4 | Q.  Okay.  He didn't say they have some kind | |
| 5 | of content, did he? | 08:30:20 |
| 6 | A.  I don't know what his specific words | |
| 7 | were. | |
| 8 | Q.  Okay.  And did you say anything in | |
| 9 | response to that? | |
| 10 | A.  I did. | 08:30:30 |
| 11 | Q.  What did you say? | |
| 12 | A.  I said that he -- we -- that we, as a | |
| 13 | whole, need to make sure that that content does not | |
| 14 | make it to Uber, and that he needs to talk to | |
| 15 | attorneys to figure out how to make sure that's | 08:30:43 |
| 16 | done properly. | |
| 17 | Q.  But you don't remember at this meeting | |
| 18 | asking him what is it that's on the files? | |
| 19 | A.  No. | |
| 20 | Q.  You don't remember asking him about any | 08:31:11 |
| 21 | of the circumstances surrounding the files? | |
| 22 | A.  No, I do not.  I just wanted to make sure | |
| 23 | that files from his previous employer or anywhere | |
| 24 | else were not making it to Uber. | |
| 25 | Q.  Did anyone -- who else was at the | 08:31:27 |

Page 24

```
 1  meeting?                                                        08:31:28
 2       A.   Cameron.  I am trying to think who else.
 3  Nina.  Anthony was there.  I was there.
 4            There may have been others.  I don't -- I
 5  don't remember.                                                  08:31:47
 6       Q.   This was an in-person meeting?
 7       A.   Yeah.
 8       Q.   Where was it?
 9       A.   It was at Uber HQ, 1455 Market Street.
10       Q.   Why would Mr. Levandowski tell you at                  08:32:03
11  this meeting that he had had five discs of Google
12  files?
13            MS. DUNN:  Objection to form.
14            THE DEPONENT:  I don't know why he told
15  us.  But it's important when you do a deal that                  08:32:15
16  people sort of disclose if there's any -- any
17  things that need to be discussed before a deal is
18  consummated.
19       Q.   (By Mr. Verhoeven)  Were there some
20  circumstances that made it appropriate at this                   08:32:30
21  meeting for him to disclose that, that you're aware
22  of?
23       A.   I don't remember.  I don't remember
24  anything specific.
25       Q.   What was the purpose of the meeting?                   08:32:38
```

Page 25

| | | |
|---|---|---|
| 1 | A.   You know, I think as we get closer to | 08:32:45 |
| 2 | deals, we have to have discussions about, Okay, | |
| 3 | what are the things we need to do to get a deal | |
| 4 | done? | |
| 5 | I don't -- I don't know the specific | 08:32:53 |
| 6 | purpose though. | |
| 7 | Q.   You don't remember? | |
| 8 | A.   No. | |
| 9 | Q.   Going back to the all-hands meeting -- | |
| 10 | A.   Yeah. | 08:33:05 |
| 11 | Q.   -- you don't remember having a discussion | |
| 12 | with Mr. Levandowski after he made his | |
| 13 | presentation? | |
| 14 | A.   I mean, I've had many discussions with | |
| 15 | Levandowski like over the years. | 08:33:19 |
| 16 | Q.   I meant -- I meant -- let me -- | |
| 17 | A.   Yeah. | |
| 18 | Q.   I'm sorry.  The question was vague. | |
| 19 | A.   Yeah. | |
| 20 | Q.   You don't remember any conversation | 08:33:26 |
| 21 | during the meeting, after he made the presentation, | |
| 22 | with Mr. Levandowski? | |
| 23 | A.   Well, the meeting was -- I mean, the | |
| 24 | meeting wasn't a discussion between him and me. | |
| 25 | The meeting was us sort of speaking to the company. | 08:33:38 |

1    I, Rebecca L. Romano, a Certified Shorthand
2    Reporter of the State of California, do hereby
3    certify:
4    That the foregoing proceedings were taken
5    before me at the time and place herein set forth;
6    that any witnesses in the foregoing proceedings,
7    prior to testifying, were administered an oath;
8    that a record of the proceedings was made by me
9    using machine shorthand which was thereafter
10   transcribed under my direction; that the foregoing
11   transcript is true record of the testimony given.
12   Further, that if the foregoing pertains to the
13   original transcript of a deposition in a Federal
14   Case, before completion of the proceedings, review
15   of the transcript [ ] was [x] was not requested.
16   I further certify I am neither financially
17   interested in the action nor a relative or employee
18   of any attorney or any party to this action.
19   IN WITNESS WHEREOF, I have this date
20   subscribed my name.
21   Dated: July 28, 2017
22
23   _____
24   Rebecca L. Romano, RPR,
25   CSR. No 12546

Page 329