QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Waymo LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | CASE NO. 3:17-cv-00939-WHA <br><br> **PLAINTIFF WAYMO'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL UBER SOURCE CODE** |

In just the few days since Waymo filed its motion to compel, yet more information has come to light regarding Uber's misappropriation of Waymo's proprietary software. Yesterday, Friday, October 13, Waymo took the continued deposition of Don Burnette, a former Waymo employee and current technical lead for software autonomy at Uber. (Ex. 1 (Burnette 10/13 Tr.) at 8:17-20.) Because Mr. Burnette was a "Diligenced Employee," Waymo reserved four hours of his deposition time to continue his deposition after production of the Stroz Report and related materials.

At the deposition, it became clear that Mr. Burnette's initial deposition testimony was not accurate and left out key—if not the most relevant—facts concerning the provenance of Uber's motion planner software that is the subject of Waymo's motion to compel. When confronted with materials uncovered as a result of the production of the Stroz report and related materials, including handwritten notes, a document from his personal Gmail account and source code files on the forensic image of his Otto computer, Mr. Burnette was forced to admit new facts that support Waymo's new allegations of software misappropriation and the need for production of Uber's current code:

- Burnette originally testified that Otto arrived at its motion planner differently: ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ (Ex. 2 at 53:20-23.) Yesterday, Mr. Burnette was confronted with handwritten notes found on his laptop and stored at Stroz. (Ex. 3 (Burnette Notes).) The notes were dated **February 10**. (*Id.*) Burnette's last day at Waymo was **February 9**. (Ex. 1 at 75:9-10.) Far from going to the drawing board, Burnette admitted he ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ (*Id.* at 201:6-202:1.) Contrary to his prior testimony that ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ (*Id.* at 76:16-20; Ex. 2 at 53:9-54:5.) These notes detail ▓▓▓▓▓▓▓▓▓▓ Otto created and Uber now uses for its motion planner. (Ex. 3.) Burnette confirmed that he worked on the same techniques for Waymo in 2015. (Ex. 1. at 77:17-78:10.)

- Waymo located two source code files on the forensic image of Burnette's computer at Stroz in a folder titled "▮▮▮▮" (*Id.* at 39:15-43:3.) These files were last modified February 12, three days after Mr. Burnette left Waymo. (*Id.* at 44:1-10.) He testified the files ▮▮▮▮ (*Id.* at 41:19-20.) Confronted with these files, Mr. Burnette ▮▮▮▮ Instead, he testified one of the files "▮▮▮▮ (*Id.* at 42:22-43:3.) He further testified: ▮▮▮▮ (*Id.* at 41:21-42:1.) He had no explanation where this source code came from or how it got on his computer: ▮▮▮▮ (*Id.* at 43:23-25.)

- Burnette also originally testified that the Otto approach was "▮▮▮▮ than Waymo's approach. (Ex. 2 (Burnette 8/18 Tr.) at 54:24-56:21.) When confronted with his own self-review at Waymo, located via Stroz in his personal Gmail account, Burnette admitted that the ▮▮▮▮ (Ex. 1 at 89:16-90:13; 93:3-8.) In other words, Otto's ▮▮▮▮ approach that Mr. Burnette testified about in his first deposition was in fact the same one that Mr. Burnette developed earlier at Waymo. (Ex. 1 at 128:7-25.)

- Mr. Burnette admitted that ▮▮▮▮ (*Compare* Ex. 1 at 29:12-22, *with* Ex. 3 at 2.)

    Uber argues that Waymo is on a "fishing expedition" and seeks a "do-over." To the contrary, Waymo already has discovered willful misappropriation of multiple hardware trade secrets, and Waymo is diligently tracking down Uber's recently discovered theft of its autonomous vehicle software. Uber hid enormous amounts of data behind the Stroz Report beyond the discovery deadline. Uber hid the fact that it copied a critical portion of Waymo's software, in clear violation of multiple court orders. And Uber's former Waymo employee, Mr. Burnette, who is now the

1. technology head of software autonomy at Uber, lied about it before being forced, reluctantly to
2. admit it after getting caught based on information from the Stroz production.
3.     Uber now continues to obfuscate, apparently (improperly) arguing "futility" by speculating
4. that certain snippets of Waymo's source code were publicly disclosed, which is belied by the
5. prominent "Google[x] Confidential" stamps on the very documents Uber cites, and at any rate,
6. obviously fails to address the clearly proprietary source code files and evidence that Mr. Burnette
7. lied about.  Uber's attempt to throw down yet another blocking move, citing Section 2019.230.
8. (Dkt. 1990-10 at 2), also cannot be accepted.  This 11th hour request to force Waymo to stop
9. discovery ignores the October 23 deadline set by the District Court for Waymo to simultaneously
10. complete discovery, submit revised expert reports and move for leave to amend its trade secret list.
11. Given the District Court's prospective denial of a further continuance, granting Uber's request will
12. bar Waymo from confirming Mr. Burnette's admission that ████████████████████
13. ████████████████████████████████████████████████████████████████████
14. ████████████████████████████████████████████████████████████████████
15. ████████████████████████████████████████████████████████████ (*Compare*
16. Ex. 1 at 29:12-22 *with* Ex. 3 at 2.)
17.     Mr. Burnette's testimony is the exact type of evidence that Waymo suspected the Stroz
18. Report might uncover and a reason why Waymo stated as part of its motion for continuance: "Now,
19. suppose we look at those and we can tie those back into the software they provided so there's
20. absolutely no question that he took some software and copied it and put it in.  We might bring that
21. up to the Court and we might say we want to add that claim." (Dkt. 1723, Sept. 20 Hr'g Tr. at 77:7-
22. 18.)  In granting Waymo's motion, the Court recognized that Waymo may want to amend its list of
23. asserted trade secrets in light of the Stroz materials, setting a deadline of October 23. (Dkt. 1954;
24. Oct. 3 Tr. at 42:5-19.)  Review and production of Uber's current source code is precisely the type
25. of new discovery warranted by the recently uncovered evidence of software related trade secret
26. misappropriation.  Waymo asks the Court to order Uber to produce its current code to confirm Mr.
27. Burnette's testimony.
28.

| | | |
|---|---|---|
| 1 | DATED:  October 14, 2017 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By  */s/ Charles K. Verhoeven*
   Charles K. Verhoeven
   Attorneys for WAYMO LLC