MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: 212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S SUR-REPLY TO MOTION TO COMPEL UBER SOURCE CODE**<br><br>Trial Date: December 4, 2017 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I.   INTRODUCTION

Waymo's reply brief adds nothing to its failed attempt to justify new discovery and, in fact, further undermines its motion. Waymo's new argument is that former Waymo engineer Don Burnette developed the *Ottomotto* motion planner source code with a ■■■ planning architecture that uses ■■■ controls, which Waymo claims are also found in the current Uber code. But Waymo has had access to the Ottomotto code using ■■■ controls, for *nearly two months*, and it identified no trade secrets derived from Waymo code. Waymo fails to show why *Uber's* current source code (which was not written by Mr. Burnette) should be produced when Waymo has already reviewed the ■■■ controls in the Ottomotto code and failed to find any alleged trade secrets.

Further, Waymo has no answer to the controlling legal principle under Cal. Civ. Proc. Code § 2019.210, that it cannot take discovery of Uber source code and then subsequently invent trade secrets to match. Tellingly, Waymo still has not identified any claimed trade secrets in connection with its motion planner software. Waymo touts two source code files from Mr. Burnette's computer as "clearly proprietary" to Waymo, but these files are not Waymo's code. Waymo could easily have compared the two files to its own code, but it has provided no such evidence. Moreover, Waymo makes no effort to establish that the files even contain information that would qualify as trade secret. Even a cursory search shows that ■■■ are common physics concepts used in motion planning. Waymo's motion should be denied.

## II.   ARGUMENT

Mr. Burnette's recent deposition testimony does not support Waymo's motion to compel production of Uber source code. To the contrary, Mr. Burnette's testimony confirms that the ■■■ controls on which Waymo is now focusing are in the *Ottomotto* planner code that Waymo has had for nearly two months. All the testimony cited by Waymo relates to Mr. Burnette's work on "the *Otto* motion planning approach," specifically a ■■■ that uses ■■■ control techniques. (Reply at 1-2 (emphasis added).) Mr. Burnette has not written any *Uber* source code. (Ex. 1, 8/18/17 Burnette Dep. 53:1-3; Ex. 2, Burnette Rough 8:2-8.) Waymo already learned from Mr. Burnette's August 18 deposition that

DEFENDANTS UBER AND OTTOMOTTO'S SUR-REPLY TO MOTION TO COMPEL UBER SOURCE CODE
Case No. 3:17-cv-00939-WHA
WASHINGTON_DC- 903282

1

1  Ottomotto's planner used a ▇▇▇▇ where all variables are ▇▇▇▇
2  ▇▇ (Ex. 1, 8/18/17 Burnette Dep. 55:25-56:21.)  The Ottomotto source code, which Waymo
3  has inspected for over 134 hours since August 17, implements the ▇▇▇ controls
4  discussed in Mr. Burnette's testimony.  (Burnette Decl. ¶ 4 (excerpting Ottomotto planner code).)
5  Waymo did not identify any of its alleged trade secrets in the Ottomotto code or claim that ▇▇
6  ▇▇ are Waymo proprietary concepts. (Dkt. 1976-4, Mot. at 4.)  Nor does Waymo make
7  any attempt in its reply brief to establish that those concepts are Waymo trade secrets.  But in any
8  event, even were Waymo to claim that ▇▇▇ or ▇▇▇▇
9  were its trade secrets, such allegations would not support discovery of *Uber's* current source code
10  when Waymo already has access to the Ottomotto code implementing those concepts.

11       Waymo does not dispute that it seeks to review Uber's source code first and then draft
12  new trade secrets to match, but it has no answer to Section 2019.210's prohibition against
13  "commencing discovery relating to the trade secret" before plaintiff has identified the actual trade
14  secret.  Cal. Civ. Proc. Code § 2019.210; *compare* Dkt. 1990-10 at 2-3, *with* Reply at 3.
15  Waymo's reply brief does not fix this fatal flaw, as it does not identify any alleged trade secrets
16  within the code at issue.

17       Waymo argues that Mr. Burnette "evaded" admissions on two files on his computer from
18  after Mr. Burnette left Google, but these files are not Waymo source code.  (Reply at 2.)  The two
19  files are short header files that bear no Waymo markings and do not contain any actual
20  algorithms.  (Ex. 2, Burnette Rough, 184:25-186:4; Burnette Decl. Exs. A and B (attaching
21  files).)  Though it touted retaining experts to compare Waymo code to code at Stroz "almost
22  every day" since October 2, Waymo cites no evidence that the two files on Mr. Burnette's
23  computer were, in fact, Waymo's source code.  Waymo offers no comparison between actual
24  Waymo source code and these two files, and makes no showing that these files contain trade
25  secrets.  (*Cf.* Mot. at 3.)  The variables in one header file refer to general physics concepts used to
26  define trajectory for any robotic system, such as ▇▇▇▇
27  ▇▇▇▇ (Ex. 2, Burnette Rough, 97:10-22; 186:5-187:8; Burnette
28  Decl. ¶ 5.)  A cursory search shows textbooks and self-driving software courses that use ▇▇

DEFENDANTS UBER AND OTTOMOTTO'S SUR-REPLY TO MOTION TO COMPEL UBER SOURCE CODE
Case No. 3:17-cv-00939-WHA                                                                                        2
WASHINGTON_DC- 903282

1   ▓▓▓ in motion planning. (*Id..*) Waymo offers no expert or engineer testimony that the
2   publicly known concepts ▓▓▓ are Waymo trade secrets, rather than basic physics.
3        Waymo also argues that Mr. Burnette's February 10 handwritten notes showed that he
4   "created" the Ottomotto motion planning approach a day after leaving Waymo, contending
5   Mr. Burnette "admitted" that Uber's current planner uses the same technique he created at
6   Waymo. (Reply at 1-2.) This argument is contrary to Mr. Burnette's testimony. Mr. Burnette
7   said he jotted down some ideas for a plan controller implementation before going on vacation, so
8   that Ottomotto colleague Jur van den Berg could consider them in his absence. (Ex. 2, Burnette
9   Rough, 75:13-76:1.) He testified that Uber's motion planner uses ▓▓▓ variables, as
10  did Waymo's, but explained that these variables are basic physics dynamics variables for
11  describing trajectory. (*Id.* 29:9-25, 77:17-78:4.) Waymo offers no evidence that the basic
12  concepts in these notes contain Waymo trade secrets.
13       Waymo quibbles with Mr. Burnette's previous testimony that Ottomotto's planner was
14  fundamentally different from Waymo's, despite no contrary evidence (e.g., code comparison), by
15  pointing to Mr. Burnette's work at Waymo on an abandoned ▓▓▓ planner. (Reply at 2;
16  Ex. 2, Burnette Rough, 94:2-17.) Mr. Burnette explained, however, that the general concept of a
17  ▓▓▓ planner is well-known. (Ex. 2, Burnette Rough, 26:1-10; 89:9-15.) Waymo makes no
18  showing that the broad concept of a ▓▓▓ planner is trade secret.
19       Finally, to revive its "source code snippets" basis for discovery, Waymo argues that
20  presentations to outside ▓▓▓ visitors were "stamped" confidential, but it has
21  produced no evidence of NDAs that would actually preserve confidentiality. (*Cf.* Reply at 3;
22  Opp'n at 5.) Nor has it shown that anything in those code snippets qualifies as a trade secret.
23  **III.   CONCLUSION**
24       Waymo continues to be in fishing expedition mode, with its newest basis for discovery
25  being the publicly known ▓▓▓ variables that were in the Ottomotto source code
26  Waymo has had for two months. Waymo's accusations of copying are unsupported by any
27  evidence, its demands for carte blanche discovery before identifying even one software trade
28  secret are improper, and any new discovery into Uber's source code should be denied.

DEFENDANTS UBER AND OTTOMOTTO'S SUR-REPLY TO MOTION TO COMPEL UBER SOURCE CODE
Case No. 3:17-cv-00939-WHA
WASHINGTON_DC- 903282

3

Dated: October 15, 2017  
MORRISON & FOERSTER LLP

By:  */s/ Michael A. Jacobs*  
MICHAEL A. JACOBS

Attorneys for Defendants  
UBER TECHNOLOGIES, INC.  
and OTTOMOTTO LLC

DEFENDANTS UBER AND OTTOMOTTO'S SUR-REPLY TO MOTION TO COMPEL UBER SOURCE CODE  
Case No. 3:17-cv-00939-WHA  
WASHINGTON_DC- 903282

4