CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
carolyn.luedtke@mto.com
MARJA-LIISA OVERBECK (State Bar No. 261707)
mari.overbeck@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for Non-Party Lyft, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | Case No. 3:17-cv-00939-WHA <br><br> **LYFT, INC.'S NOTICE OF MOTION AND MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF SUPPORTING WAYMO'S MOTION TO CLOSE COURTROOM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:   November 28, 2017 <br> Time:   8:00 a.m. <br> Crtrm.:   8 – 19th Floor <br> Judge:   The Hon. William H. Alsup |

PLEASE TAKE NOTICE that on November 28, 2017 at 8:00 a.m., Non-Party Lyft, Inc. ("Lyft") will and hereby does move to intervene under Rule 24(b) of the Federal Rules of Civil Procedure in the above-captioned action for the limited purpose of joining in Waymo LLC's Motion to Close Courtroom (ECF No. 1822) as it relates to Lyft's confidential collaboration agreement with Waymo, or, alternatively, for an order placing reasonable limitations on the manner in which Lyft's confidential document may be used by the parties at trial. This motion is based on this notice of motion, the accompanying memorandum, the accompanying Declaration of Taggart Matthiesen, Lyft's earlier-filed pleadings in this action, and such other written and other oral argument as may be presented at or before the time this motion is taken under submission by the Court.

DATED: October 16, 2017

MUNGER, TOLLES & OLSON LLP
   CAROLYN H. LUEDTKE
   MARJA-LIISA OVERBECK

By: */s/ Carolyn H. Luedtke*
   CAROLYN H. LUEDTKE
Attorneys for Non-Party Lyft, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Through this motion, non-party Lyft, Inc. ("Lyft") seeks permission to intervene in this action for the limited purpose of supporting Plaintiff Waymo LLC's Motion to Close Courtroom, ECF No. 1822 ("Motion to Close"), as it relates to Lyft's confidential collaboration agreement with Waymo.  (*See* Motion to Close at 2:11-12, 2:22, 3:24-4:8.)  Specifically, Lyft seeks permission to intervene and to request that the Court protect from public disclosure Lyft's confidential business information contained in the Lyft-Waymo partnership agreement that Lyft understands has been disclosed as Defendants' Trial Exhibits 3550 and 4987.  If this confidential information is disclosed to the public and to a courtroom of representatives from its business rival Uber, it would cause Lyft substantial competitive harm.  (*See* Declaration of Taggart Matthiesen ("Matthiesen Decl.") ¶ 4; *see also* ECF No. 646-2, Declaration of Taggart Matthiesen In Support of Non-Party Lyft, Inc.'s Motion for Protective Order and To Quash Subpoenas ¶¶ 3-6.)

Lyft has worked diligently to maintain the confidential nature of its business agreement with Waymo, including by filing a motion to quash a subpoena seeking this information served on it by Uber in this litigation.  Magistrate Judge Corley granted Lyft's motion to quash, and found that Uber failed to show that it has a "substantial need for the requested information . . . that outweighs the confidential and commercial nature of the information requested."  (ECF No. 832 at 6.)  The Court ultimately ordered some of the information regarding the Lyft-Waymo partnership to be produced by Waymo—including the partnership agreement—but on an "outside attorneys' eyes only" basis. (ECF No. 832 at 3.)  Now that Waymo has produced the agreement as "outside attorneys' eyes only" and Defendants disclosed it as a trial exhibit, Lyft asks this Court to protect this confidential information by closing the courtroom and sealing the record during any testimony about it.

In the alternative, if the Court determines that the courtroom will not be closed during reference to the Lyft-Waymo agreement, Lyft respectfully requests that measures be taken to protect any confidential business terms from being disclosed.  Specifically, Lyft requests that if the agreement is displayed, that screens facing the public in the courtroom be turned off and that

any copy of the agreement admitted into evidence be placed in the record under seal. Lyft further requests that any testimony about the Lyft-Waymo agreement provided in open court be abstracted so as to not reveal the specific confidential deal terms. Lyft has not been informed how Defendants intend to use the Lyft-Waymo agreement at trial, but Lyft requests that it be provided reasonable advance notice prior to any testimony about any specific confidential deal terms so as to work cooperatively with Defendants about how the agreement could be discussed in open court without revealing confidential information.

## II.  ARGUMENT

### A.  Intervention Is Proper Here.

Under Rule 24 of the Federal Rules of Civil Procedure, courts permit non-parties to intervene for a limited purpose, such as to close the courtroom or to seal the record. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2013 WL 3958232, at *2 (N.D. Cal. July 29, 2013) (permitting non-party to intervene for limited purpose of sealing portions of its patent license agreement); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) ("[T]here is wide approval of Rule 24(b) intervention as a method for seeking to modify a protective order."). In evaluating whether intervention should be granted, courts consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).[1]

Here, Lyft moves to intervene for a limited purpose. It does not move to intervene for purposes of litigating any claim on the merits. Rather, it seeks to intervene only to ensure that references to its confidential business information are protected from public disclosure and maintained under seal during the upcoming trial in this matter. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (acknowledging that order to seal may be warranted to protect confidential "business information that might harm a litigant's competitive standing.").

Furthermore, this motion is timely made. Lyft moved to intervene soon after learning that

---

[1] Additional requirements for permissive intervention are relaxed or waived where, as here, the proposed intervention is for the limited purpose of closing the courtroom and sealing the record. *See, e.g.*, *Beckman Indus.*, 966 F.2d at 473 (noting that if an intervenor does not seek to litigate a claim on the merits, "an independent jurisdictional basis is not required.").

-2-

its confidential information was reflected on Defendant Otto Trucking's trial exhibit list (*see* Motion to Close at 4:1), and well in advance of the November 28 hearing on Waymo's Motion to Close. There is no prejudice that will result from the Court considering the instant motion during the November 28 hearing.

### B. Compelling Reasons Exist for the Court To Close the Courtroom and Seal the Record.

Lyft asks this Court to close the courtroom and seal the trial record for the limited purpose of protecting information about the Lyft-Waymo partnership from public disclosure. This Court is empowered to protect the confidential and competitively sensitive information of non-party Lyft, as the sealing of judicial records is part of the inherent supervisory power of the courts. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-1434 (9th Cir. 1995). Courts have discretion to seal judicial records where they could be used for improper purposes, such as to disclose "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598-99; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding pricing terms, royalty rates, and guaranteed minimum payment terms found in a licensing agreement subject to sealing order); *Microsoft Corp. v. Motorola, Inc.*, No. 10-cv-1823JLR, 2012 WL 5476846, at *3 (W.D. Wash. Nov. 12, 2012) ("[D]uring testimony related to confidential source code, settlement negotiations, and technical information, the court will close the courtroom to unauthorized persons.").

There is no dispute that the Lyft-Waymo partnership agreement is highly confidential—the confidential and proprietary nature of the document has not been disputed, and the Court recognized the highly sensitive nature of the document in granting Lyft's motion to quash. (*See* ECF No. 832 at 6.) The news of the Lyft-Waymo collaboration was first reported by the press on May 14, 2017, but the details of the collaboration remain confidential and are subject to a non-disclosure agreement between Lyft and Waymo. (Matthiesen Decl. ¶¶ 3-4; ECF No. 646-2 ¶¶ 2-6.) Aside from confirming the existence of the collaboration, Lyft has made no other public statements about the deal, and the details of the Lyft-Waymo collaboration are not public. (*See* Mathieson Decl. ¶ 3; ECF No. 646-2 ¶¶ 5-6.) In fact, Lyft has taken measures internally to protect the terms of the deal, limiting dissemination of the deal documents even among its own

1  employees.  (ECF No. 646-2 ¶¶ 4-6.)

2  Recognizing its confidential and proprietary nature, Judge Corley ordered that when
3  Waymo produced the Lyft-Waymo agreement, it could be produced "outside attorneys' eyes
4  only."  (ECF No. 832 at 3.)[2]  Now that the parties are headed to trial, Lyft requests a similar level
5  of protection for trial.  Defendants have apparently placed the Lyft-Waymo agreement on the trial
6  exhibit list and thus appear to seek to enter that agreement into evidence and to have a witness
7  discuss it at trial.  If that happens, the best way to protect Lyft's confidential, sensitive business
8  information is to close the courtroom for that portion of the trial and to seal the record.  The
9  confidentiality of the information, and the risk that exposure of the deal terms will cause harm to
10 Lyft by providing the opportunity for competitors to obtain an advantage through gaining
11 exposure to the proprietary deal terms, present the requisite compelling reason to close the
12 courtroom.  *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see
13 also* Motion to Close at 7-8 (citing case law); Mathieson Decl. ¶ 4.  The motion by the media to
14 intervene and oppose the closing of the courtroom (ECF No. 1919) does not address the Lyft
15 documents raised in the Motion to Close.

16 **C.     Even if the Court Declines To Close the Courtroom, the Court Should Take
         Other Reasonable Measures To Protect Lyft's Confidential Information.**
17

18 If the Court decides not to close the courtroom and seal the trial record for any discussion
19 of the Lyft-Waymo agreement, Lyft respectfully requests that the Court adopt a less restrictive
20 alternative that will still provide some protection for Lyft's confidential information.  Specifically,
21 Lyft requests:

22 1.     An order that any screens facing the public in the courtroom be turned off
23 when displaying the Lyft-Waymo agreement produced as "outside attorneys' eyes only."

24 2.     If the Lyft-Waymo agreement produced as "outside attorneys' eyes only" is
25 admitted at trial or quoted in any trial briefs or orders, that the document or the quotes be filed in
26 the court record under seal.

27 ---
28 [2] To Lyft's knowledge, Defendants never sought to de-designate the "outside attorneys' eyes only" status of the documents under the terms of the operative Protective Order.

3. If any party wishes to use the Lyft-Waymo agreement during trial for purposes of live testimony in a manner that will describe or reveal any of the terms of the agreement, that party shall give Lyft three business days' notice of the potential use of the information in open court. Lyft and the parties will then meet and confer in good faith to try to establish a protocol for trial that avoids confidential information being disclosed in open court and on the public record. For instance, the parties could meet and confer to agree on a redacted version of the agreement to include in the public trial record. If the parties are not able to reach a protocol, the Court can determine at that time whether to close the courtroom for a short duration or whether to instruct the witness to testify at a level of abstraction.

## III. CONCLUSION

For the foregoing reasons, Lyft respectfully requests that the Court grant its motion to intervene and enter an order maintaining the confidentiality of Lyft's proprietary business documents (Trial Exhibits 3550 and 4987) during trial.

DATED: October 16, 2017

MUNGER, TOLLES & OLSON LLP
CAROLYN HOECKER LUEDTKE
MARJA-LIISA OVERBECK

By: */s/ Carolyn H. Luedtke*
CAROLYN HOECKER LUEDTKE
Attorneys for Non-Party Lyft, Inc.