United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br>    Plaintiff,<br>v.<br>UBER TECHNOLOGIES, INC., et al.,<br>    Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**ORDER DENYING WAYMO'S MOTION FOR UBER'S CURRENT SOURCE CODE**<br><br>Re: Dkt. No. 1977 |

Discovery closed on August 24, 2017. Any new discovery sought by Waymo must be approved by this Court, unless stipulated to by the parties. (Dkt. No. 1954.) Waymo seeks production of Uber's current source code, without limitation. (Dkt. No. 1977.) The Court denies the request.

First, the request is profoundly overbroad. Waymo's showing focuses on a need for Uber's source code with respect to motion planning and lane change decisions. Even though Waymo had previously been given access to Ottomotto's source code, Waymo contends that the source code for motion planning and lane change decisions was not included. Yet Waymo's motion seeks *all* of Uber's current source code without limitation. (Dkt. No. 1977 at 2 ("The Court should order Uber to immediately make available its current source code repository"), 4 ("Waymo thus requests the current source code to compare Uber's implementation to Waymo's source code"), 8 ("the Court should order Uber to produce the current . . . version of its source code"). It is too late in the litigation for a party to make a broad, unsupported discovery request on the assumption that if its broad request is not granted the Court will narrow it to an appropriate scope. For this reason alone Waymo's motion is denied.

Second, even if the Court were to limit Waymo's request to Uber's current source code for

motion planning and lane change decisions, Waymo has not shown sufficient cause for this new discovery. A week after Waymo received the Stroz Report, it argued to the district court that the material Anthony Levandowski downloaded included more than the LiDAR hardware on which Waymo's trade secret case had focused and that the Stroz Report shows that Mr. Levandowski took hundreds of software files. (Dkt. No. 1723 at 77:7-13.) Waymo thus argued to the district court that if it could tie what software Mr. Levandowski took to what Defendants produced in this litigation "so that there's absolutely no question that he took some software and copied it and put it in" Waymo might attempt to amend its trade secret list to include such a claim. (*Id.* at 77:14-18.)

Waymo's current request, however, is untethered to the "hundreds of software files" that the Stroz Report supposedly showed Mr. Levandowski took. Instead, Waymo now contends that Ex. 37 to the Stroz Report identifies what Stroz referred to as a "snippet" of source code related to route planning and lane changing that was found on Mr. Levandowski's laptop and cloud account. (Dkt. No. 1977 at 3, Ex. 1.) Waymo wants Uber's current source code to compare it to this snippet and determine if this snippet made its way into Uber's source code (actually Waymo wants all of Uber's source code, but this snippet is its justification). But as Uber's opposition highlights, this snippet is taken from a presentation that Waymo made to two different third parties. (Dkt. No. 1991-1, Exs. 1-3.) The evidence suggests the snippets were used to illustrate to these third-parties Google's code revision process. (*Id.*, Ex. 3.) In light of this evidence, and the lack of any evidence from Waymo as to the significance of these "snippets," Waymo has not persuaded the Court that opening discovery into Uber's current source code (and thus potentially into Waymo's as well) is warranted at this late stage.

Waymo's reference to Otto Diligenced Employee Don Burnette does not tip the scale in favor of Waymo's request. Waymo has not identified any Waymo source code that Mr. Burnette took from Waymo, other than a copy of his performance review in his gmail account that discussed his source code work. This evidence does not support opening up source code discovery, especially since Waymo again offers no persuasive evidence of its significance. It is thus unsurprising that Waymo's reply focuses on different Burnette evidence. It argues that his

continued deposition testimony and additional uncovered evidence supports Waymo's belief that Uber—through Burnette—used Waymo's source code to quickly develop its own motion planning and lane changing code, code that it lacked before its Ottomotto acquisition. However, there is no evidence that the files Waymo questioned Mr. Burnette about contain Waymo's trade secrets. That Mr. Burnette testified that he did not know whether they were Waymo's source code is not evidence that they are. Waymo would know that information, but Waymo does not offer any such evidence. Similarly, as to the notes Mr. Burnette made the day after his Waymo departure, Waymo has not shown that the notes contain Waymo's trade secrets. There is thus no need to compare them with Uber's current source code.

## CONCLUSION

Waymo seeks discovery related to an undefined source code trade secret that was not included on its original list of more than 120 trade secrets. (Dkt. No. 25-7.) Waymo's evidence and argument do not persuade this Court that production of Uber's current source code is warranted. Waymo's motion is therefore DENIED. Any objections to this Order shall be filed with the district court on or before noon on Tuesday, October 17, 2017.

This Order disposes of Docket No. 1977.

**IT IS SO ORDERED.**

Dated: October 16, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge