IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

v.

UBER TECHNOLOGIES INC., OTTOMOTTO, LLC, and OTTO TRUCKING LLC,

    Defendants.

No. C 17-00939 WHA

**TENTATIVE JURY INSTRUCTIONS ON TRADE SECRET MISAPPROPRIATION**

Please find below tentative jury instructions and a special verdict form on the misappropriation issue. By **NOON ON OCTOBER 24**, counsel shall please submit a critique plus any proposed additions. By **NOON ON OCTOBER 27**, each side shall please submit a "counter critique." Please quote the *entire* paragraph of any authority you contend supports or contradicts each tentative instruction or verdict question and highlight the key language from within the quote. Quote only authority that remains good law (please double check). The critique shall be limited to ten pages (no attachments) and the counter critique to five pages (no attachments), limits intended to encourage concentration on the items of most concern. Opportunity will be allowed later to make all other objections. Use normal font (12) and only double spacing except block quotations may be single-spaced. Counsel are invited to please meet and confer to iron out differences and to stipulate that the instructions shall, to avoid jury confusion, cover both federal and state law without distinction. Refer to the proposals as, for example, "TJI#2," meaning "Tentative Jury Instruction No. 2."

I.

This trial concerns Alleged Trade Secrets Numbers 2, 7, 9, 13, 14, 25, 90, 96 and 111, which are described in TX _____.

II.

To succeed on its claim that a defendant misappropriated one or more trade secrets, Waymo must prove all of the following:

1. That the Alleged Trade Secret qualified as an enforcible trade secret at the time it was allegedly misappropriated;
2. That defendant improperly acquired, then used or disclosed the Alleged Trade Secret;
3. That defendant was thereby unjustly enriched; and
4. That such use or disclosure was a substantial factor in unjustly enriching the defendant.

No defendant may be held liable as to any Alleged Trade Secret unless all of these elements of proof are satisfied as to that defendant and as to that Alleged Trade Secret. I will now explain these elements of proof in more detail.

III.

Turning to the first element of proof for a misappropriation claim, Waymo must prove that each Alleged Trade Secret qualified as an enforcible trade secret at the time of alleged misappropriation. To do so, Waymo must prove all of the following:

1. That Waymo owned the Alleged Trade Secret;
2. That the Alleged Trade Secret was secret at that time;
3. That the Alleged Trade Secret had actual or potential independent economic value at that time because it was secret; and
4. That Waymo made reasonable efforts up to the alleged misappropriation to keep the Alleged Trade Secret.

I will now explain these factors in more detail.

IV.

The secrecy required to prove that something is a trade secret does not have to be absolute secrecy in the sense that no one else in the world possessed the information. It may have been disclosed to employees involved in the owner's use of the trade secret as long as they were instructed to keep the information secret. It may also have been disclosed to nonemployees if they were obligated to keep it secret. However, it must not have been generally known to the public or to people who could have obtained value from knowing it.

V.

Generalized knowledge and skill that an employee learns on the job cannot qualify as a trade secret. Matters of general knowledge in a trade or special knowledge of persons who are skilled in a trade cannot be claimed as trade secrets.

VI.

Information that is readily ascertainable by proper means at the time of the alleged misappropriation cannot qualify as a trade secret. There is no fixed standard for determining what is "readily ascertainable by proper means." In general, information is readily ascertainable if it can be obtained, discovered, developed, or compiled without significant difficulty, effort, or expense. For example, information is readily ascertainable if it is available in trade journals, reference books, or published materials. On the other hand, the more difficult information is to obtain, and the more time and resources that must be expended in gathering it, the less likely it is that the information is readily ascertainable by proper means.

VII.

A trade secret has independent economic value if it would have given the owner an actual or potential business advantage over others who did not know the information and who could have obtained economic value from its disclosure or use. In determining whether the information had actual or potential independent economic value because it was secret, you may consider the following:

    1.    The extent to which the owner obtained or could have obtained economic value from the information in keeping it secret;

  2. The extent to which others could have obtained economic value from the information if it were not secret;

  3. The amount of time, money, or labor that the owner expended in developing the information; and

  4. The amount of time, money, or labor that defendant saved by using the information.

The presence or absence of any one or more of these factors is not necessarily determinative.

## VIII.

Reasonable efforts to keep the information secret are the efforts that would have been made by a reasonable business in the same situation with the same knowledge and resources as the alleged owner, exercising due care to protect important information of the same kind. This requirement applies separately to each item that claimed to be a trade secret.

In determining whether or not the owner made reasonable efforts to keep the information secret, the following factors should be considered, among any other factors pertinent to the issue:

  1. Whether products, hardware, documents or computer files containing the information were marked with confidentiality warnings;

  2. Whether the owner instructed its employees to treat the information as confidential;

  3. Whether the owner unreasonably over-classified information as confidential, even publicly known information, such that employees might be unsure of what genuinely needed confidentiality;

  4. Whether the owner restricted access to the information to persons who had a business reason to know the information;

  5. Whether the owner kept the information in a restricted or secured area;

  6. Whether the owner required employees or others with access to the information to sign confidentiality or nondisclosure agreements;

7.  Whether the owner took any action to protect the specific information, or whether it relied on general measures taken to protect its business information or assets;

8.  The extent to which any general measures taken by the owner would prevent the unauthorized disclosure of the information; and

9.  Whether there were other reasonable measures available to the owner that it did not take.

The presence or absence of any one or more of these factors is not necessarily determinative.

IX.

Turning to the third element of proof for a misappropriation claim, a defendant misappropriates an Alleged Trade Secret if that defendant used it or disclosed it without the owner's consent and either acquired knowledge of the trade secret by improper means or at the time of use, knew or had reason to know that its knowledge of the trade secret came through persons who had acquired it by improper means.

X.

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, theft, misrepresentation, breach or inducing a breach of a duty to maintain secrecy. It is not improper, however, to acquire a trade secret or knowledge of the trade secret by any of the following:

1.  Independent efforts to invent or discover the information;
2.  Reverse engineering; that is, examining or testing a product to determine how it works by a person who has a right to possess the product;
3.  Observing the information in public use or on public display; or
4.  Obtaining the information from published literature, such as trade journals, reference books, the Internet, or other publicly available sources.

XI.

Misappropriation by use requires actual use. It is not enough to speculate that employees of the accused would inevitably have used the claimed trade secret in their work.

XII.

You have heard evidence that the law firm of Morrison & Foerster and/or the forensic analytics firm of Stroz Friedberg LLC received Alleged Trade Secrets in connection with Uber's acquisition of Ottomotto LLC. Under the law, if Waymo proves that one or both of these firms acquired such a trade secret as an agent of a defendant, then you must treat that trade secret as having been acquired by that defendant unless it is proven that such firm was under an obligation not to disclose the trade secret to that defendant.

XIII.

You have heard testimony that employees of Uber, Ottomotto, and Otto Trucking once worked for Google and/or Waymo. The mere fact that employees left Google or Waymo to work for a defendant does not mean that they used Waymo's trade secrets after they left Google or Waymo. Employees have the right to change employers and to apply their talents and skills in their new jobs. Doing so is lawful as long as they don't reveal or use information qualifying as a trade secret of a prior employer.

XIV.

Turning to the fourth element of proof of a misappropriation claim, unjust enrichment occurs whenever a defendant reaps an undeserved benefit such as accelerating its own development timeline by taking improper advantage of someone else's trade secrets. Unjust enrichment does not occur, however, where the benefit would have been realized anyway.

XV.

A substantial factor in causing unjust enrichment means a factor that a reasonable person would consider to have contributed to the unjust enrichment. It must be more than a remote or trivial factor. It does not have to be the only cause. Conduct is not a substantial factor in causing unjust enrichment if the same enrichment would have occurred without that conduct.

## XVI.

If you find any defendant misappropriated one or more Alleged Trade Secrets, then you must decide whether Waymo has proven a dollar value for the unjust enrichment by that defendant.

## XVII.

Measure of recovery (counsel to supply).

## XVIII.

If you find any defendant misappropriated one or more Alleged Trade Secrets and you decide that that defendant was able to shorten its development timeline by reason of the misappropriation, then please determine the number of days by which Waymo has proven, if it has, the timeline was shortened.

## XIX.

If you find any defendant misappropriated one or more Alleged Trade Secrets, then you must decide whether that defendant's conduct was willful and malicious. If you so find, then you must determine what amount of exemplary damages Waymo should recover from that defendant. Exemplary damages are intended to punish the defendant and to deter misappropriation of trade secrets. You may determine an amount of exemplary damages up to two times the amount awarded as the unjust enrichment.

**IT IS SO ORDERED.**

Dated: October 17, 2017.

DRAFT
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

v.

UBER TECHNOLOGIES INC.,
OTTOMOTTO, LLC, and
OTTO TRUCKING, LLC,

    Defendants.

No. C 17-00939 WHA

**TENTATIVE SPECIAL VERDICT FORM (ON MISAPPROPRIATION CLAIMS)**

*In answering this special verdict form, please refer to the Alleged Trade Secrets by their numbers as assigned in Trial Exhibit _____. Your answers must be unanimous to all applicable questions.*

1. Has Waymo proven defendants improperly acquired one or more of the Alleged Trade Secrets? Answer separately as to each defendant. If you answer "Yes" below as to any defendant, please specify which Alleged Trade Secret(s) by number were misappropriated by that defendant.

**UBER TECHNOLOGIES, INC.**

_____ YES, UBER TECHNOLOGIES, INC., ACQUIRED IMPROPERLY THE FOLLOWING ALLEGED TRADE SECRET(S): _____
_____.

_____ NO, NOT PROVEN AS TO UBER TECHNOLOGIES, INC.

**OTTOMOTTO, LLC**

\_\_\_\_\_ YES, OTTOMOTTO, LLC, ACQUIRED IMPROPERLY THE FOLLOWING ALLEGED TRADE SECRET(S): _____

_____.

\_\_\_\_\_ NO, NOT PROVEN AS TO OTTOMOTTO, LLC.

**OTTO TRUCKING, LLC**

\_\_\_\_\_ YES, OTTO TRUCKING, LLC, ACQUIRED IMPROPERLY THE FOLLOWING ALLEGED TRADE SECRET(S): _____

_____.

\_\_\_\_\_ NO, NOT PROVEN AS TO OTTO TRUCKING, LLC.

*If you answer "No" as to all defendants, you are done — go to the end and sign and date the Special Verdict Form. Otherwise, go to the next question. If you answer "No" as to only some defendants, then you should ignore those defendants for the rest of the form.*

2. With respect to any defendant for whom you answered "Yes" in the prior question and only as to the Alleged Trade Secret(s) you listed beside their name(s), has Waymo proven that any such defendant used or disclosed such Alleged Trade Secret(s)? If you answer "Yes" as to any defendant(s), please identify which Alleged Trade Secret(s) so used or disclosed by that defendant(s).

**UBER TECHNOLOGIES, INC.**

\_\_\_\_\_ YES, UBER TECHNOLOGIES, INC., USED OR DISCLOSED THE FOLLOWING ALLEGED TRADE SECRET(S): _____

_____.

\_\_\_\_\_ NO, NOT PROVEN AS TO UBER TECHNOLOGIES, INC.

9

**OTTOMOTTO, LLC**

_____ YES, OTTOMOTTO, LLC, USED OR DISCLOSED THE FOLLOWING ALLEGED TRADE SECRET(S): _____
_____
.
_____ NO, NOT PROVEN AS TO OTTOMOTTO, LLC.

**OTTO TRUCKING, LLC**

_____ YES, OTTO TRUCKING, LLC, USED OR DISCLOSED THE FOLLOWING ALLEGED TRADE SECRET(S): _____
_____.

_____ NO, NOT PROVEN AS TO OTTO TRUCKING, LLC.

*If you answered "No" for all defendants, you are done and should go to the end and sign and date the Special Verdict Form. Otherwise, go to the next question.*

3. As to each Alleged Trade Secret you find was used or disclosed by any defendant(s) in answer to the prior question and only as to those (leave the others blank), has Waymo proven that, at the time of the alleged misappropriation, they qualified as enforcible trade secrets?

|  | YES | NO |
|---|---|---|
| ALLEGED TRADE SECRET NO. 2 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 7 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 9 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 13 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 14 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 25 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 90 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 96 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 111 | _____ | _____ |

*If you answer "No" as to all Alleged Trade Secrets, then you are done — go to the end and sign and date the Special Verdict Form. Otherwise, go to the next question. If you answer "No" as to only some Alleged Trade Secret(s), then you should ignore those Alleged Trade Secret(s) for the rest of this form.*

4. As to any defendant marked "Yes" in the previous answer and as to all enforcible Alleged Trade Secrets disclosed or used by that defendant, state whether Waymo has proven both that such misappropriation unjustly enriched that defendant and that its misappropriation was a substantial factor in unjustly enriching that defendant.

|  | YES | NO |
|---|---|---|
| UBER TECHNOLOGIES, INC. | _____ | _____ |
| OTTOMOTTO, LLC | _____ | _____ |
| OTTO TRUCKING, LLC | _____ | _____ |

*If you answered "No" to all applicable defendants, then you are done and should go to the end and sign and date the Special Verdict Form. Otherwise, go to the next question.*

5. As to any defendant marked "Yes" in Question No. 4, state the dollar amount by which Waymo has proven that any such defendant was unjustly enriched by reason of its misappropriation of enforcible trade secrets.

| | |
|---|---|
| UBER TECHNOLOGIES, INC. | $_____ |
| OTTOMOTTO, LLC | $_____ |
| OTTO TRUCKING, LLC | $_____ |

11

6. As to any defendant marked "Yes" in Question No. 4, state the number of days saved in its development timeline by such defendant by reason of its misappropriation of enforcible trade secrets.

                                                                             NUMBER OF DAYS

| | |
|---|---|
| UBER TECHNOLOGIES, INC. | _____ |
| OTTOMOTTO, LLC | _____ |
| OTTO TRUCKING, LLC | _____ |

**[NOTE TO COUNSEL: THE PURPOSE OF THIS TENTATIVE QUESTION IS TO FACILITATE AN INJUNCTION SHUTTING DOWN WORK ON UBER'S LiDAR DEVELOPMENT IN THE EVENT AN INJUNCTION IS WARRANTED. THE JURY'S ANSWER COULD INFORM US AS TO THE APPROXIMATE LENGTH OF THE SHUTDOWN IN ORDER TO TAKE AWAY ANY UNJUST ENRICHMENT BY REASON OF A SHORTENED PATH OF DEVELOPMENT.]**

7. As to any defendant marked "Yes" in Question No. 4, has Waymo proven that said defendant(s) acted willfully and maliciously in misappropriating any enforcible Alleged Trade Secret(s)? If "Yes," state the dollar amount of any exemplary damages you award.

| | YES | NO | AMOUNT |
|---|---|---|---|
| UBER TECHNOLOGIES, INC. | _____ | _____ | $_____ |
| OTTOMOTTO, LLC | _____ | _____ | $_____ |
| OTTO TRUCKING, LLC | _____ | _____ | $_____ |

*Your answer to all of the foregoing questions must be unanimous.*

Dated: _____

FOREPERSON