Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER** LLP
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER** LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER** LLP
601 S. Figueroa Street, 41st Floor
Los Angeles, California  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant:*
Otto Trucking LLC

REDACTED VERSION OF DOCUMENT
SOUGHT TO BE SEALED

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | Case No. 3:17-cv-00939-WHA |
| Plaintiff, | **DEFENDANT OTTO TRUCKING'S MOTION TO EXCLUDE REPORT AND TESTIMONY OF DR. LAMBERTUS HESSELINK** |
| v. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | Courtroom:   8 (19th Floor)<br>Judge:   Hon. William Alsup<br>Trial Date:   December 4, 2017 |
| Defendants. | Hearing Date: October 26, 2017 |

## I.     INTRODUCTION

The Court should exclude Dr. Hesselink's report and testimony as it relates to Otto Trucking.  At his deposition on Tuesday, September 29, Waymo's trade secret expert, Dr. Lambertus Hesselink, disclosed for the first time that he did no separate analysis whatsoever of trade secret misappropriation as to Otto Trucking.  Instead, Dr. Hesselink explained that his opinion about Otto Trucking's liability was based *solely* on statements given to him by his lawyers.  This Court has held that this is an invalid basis to form an expert opinion, and is contrary to the Federal Rules of Evidence.  Indeed in the past, another District Court has barred Dr. Hesselink's on exactly this basis.  The fact that his expert opinion regarding Otto Trucking was not based on any investigation was not previously made known to Otto Trucking or to the Court.

Because Dr. Hesselink drew *legal conclusions based solely on information from his attorney*, and because *he otherwise made no investigation as to Otto Trucking whatsoever*, the Court should strike Dr. Hesselink's report and testimony to the extent Dr. Hesselink opines on Otto Trucking's liability.

## II.    FACTS

### A.  Dr. Hesselink lumps all Defendants together without distinction as to what parts of his opinion, if any, apply to Otto Trucking.

Dr. Hesselink's report nowhere separately mentions Otto Trucking.  Instead throughout it, Dr. Hesselink lumps Uber, Ottomotto, and Otto Trucking together without distinction.  As an example with respect to Trade Secret No. 25 he concludes:

117. I understand that *Defendants* contend to have independently developed their LiDAR sensors by relying on the Dragonfly project and "a set of test scenarios and the parameters required for a LiDAR sensor to satisfy those scenarios." (*Defendants'* First Supplemental Response to Waymo Interrogatory No. 7, at 43.) I have reviewed the Dragonfly Concept Review document (UBER00071655) cited in support of this assertion, and I disagree.

. . . .

123. It is thus my opinion that *Defendants* misappropriated (and

OTTO TRUCKING'S MOTION TO EXCLUDE
REPORT AND TESTIMONY OF DR. LAMBERTUS HESSELINK          CASE NO. 3:17-CV-00939-WHA

received the significant benefits of) Waymo's Trade Secret No. 25.

Exh. 1 ¶ 117–23 (emphasis added). But Otto Trucking simply does not develop any LiDAR technology, has not based any development on the Dragonfly project, and does not run any "███ ███████████████████████████████████████████████████." Waymo knows this because Otto Trucking has made this clear to Waymo now for months.

The same collective references to "Defendants" are made throughout the entirety of report. Again for instance, Dr. Hesselink also writes with respect to Trade Secret No. 13 and then concludes:



319. It is my opinion that *Defendants* have misappropriated Waymo's use of ███████████████████████████████████████████. Photographs of *Defendants'* Fuji LiDAR device show that ██████████████████████████████████████████████

. . . .

324. A comparison of machine drawings for ████████████ in Waymo's GBr3 ███████ with the drawing for *Defendant's* ████████ for the Fuji ████ shows that Defendants are even using ████████████

*Id.* ¶¶ 319–24 (emphasis added). Otto Trucking does not develop any LiDAR technology, much less the Fuji LiDAR device Dr. Hesselink references here. And again, Waymo knows this because Otto Trucking has made this clear to Waymo now for months.

At no point in Dr. Hesselink's opening report does it make any distinction as to Otto Trucking as a separate and distinct entity against whom his opinions of trade secret misappropriation might apply. As discussed further below, Dr. Hesselink's reply report parrots the exact same *legal conclusions* for Otto Trucking as to all nine of the trade secrets.

**B. Dr. Hesselink testified he did not separately consider Otto Trucking.**

In concluding that Defendants misappropriated Waymo's trade secrets, Dr. Hesselink confirmed at his deposition that he made no investigation as to Otto Trucking specifically, and no

conclusions in his report as to Otto Trucking as a separate and distinct Defendant.  When asked

where he specifically opined on Otto Trucking's liability based on the use of Waymo's alleged

trade secrets, Dr. Hesselink could point to only boilerplate conclusions in his reply report.  For

instance, for Trade Secret No. 25 he pointed to Paragraph 23 of his reply report which reads:

> 23. Dr. Shaw contends that there is no evidence that Defendant Otto Trucking has misappropriated Trade Secret No. 25 because Otto Trucking's vehicles currently only use a third-party Velodyne LiDAR. (Shaw Report ¶¶ 94-95.) *My understanding, however, is that Defendants need not be currently practicing Trade Secret No. 25 on their deployed vehicles to be liable for trade secret misappropriation. To the extent Otto Trucking is legally liable for the use of Trade Secret No. 25 in connection with the Fuji project it is my opinion that they have misappropriated Trade Secret No. 25 for the same reasons already stated.*

Exh. 2 ¶ 23 (emphasis added).  There is no explanation at all for the basis of Dr. Hesselink's

opinion of Otto Trucking's liability. Identically for Trade Secret No. 13, Dr. Hesselink pointed to

Paragraph 159 of his reply report which reads:

> 159. Dr. Shaw contends that there is no evidence that Defendant Otto Trucking has misappropriated Trade Secret No. 13 because Otto Trucking's vehicles currently only use a third-party Velodyne LiDAR. (Shaw Report ¶ 77.) *My understanding, however, is that Defendants need not be currently practicing Trade Secret No. 13 on their deployed vehicles to be liable for trade secret misappropriation. To the extent Otto Trucking is legally liable for the use of Trade Secret No. 13 in connection with the Fuji project it is my opinion that they have misappropriated Trade Secret No. 13 for the same reasons already stated.*

Exh. 2 ¶ 159 (emphasis added).  This boilerplate language opining on Otto Trucking's liability

under Dr. Hesselink's theories of trade secret misappropriation are repeated for all of the 9 trade

secrets.  Dr. Hesselink has given no basis whatsoever to give the legal conclusions of liability as to

Otto Trucking.

### C.   Dr. Hesselink drew legal conclusions as to Otto Trucking based solely on information from his attorneys.

In addition, Dr. Hesselink recently testified at his deposition that he reached this ultimate

conclusion based *solely* on the information given to him by his attorneys.  He did no independent

investigation whatsoever to reach his opinion as to Otto Trucking's use liability:

> QUESTION:  So in—in that paragraph you state, My understanding, however, is that Defendants need not be currently practicing Trade Secret No. 13 on their deployed vehicles to be liable for trade secret misappropriation, end quote.
>
> What's the basis of your understanding?
>
> DR. HESSELINK:  *I'm not a lawyer, so this is on the basis of legal information that I have received.*
>
> . . . .
>
> QUESTION:   Okay.  Did you take an—undertake an independent investigation about Otto Trucking's misappropriation of trade secrets outside of those discussions that you had with your attorney, again, as it only pertains to your opinion in this report?
>
> DR. HESSELINK:  *I did not separately look at Otto Trucking.*

Exh. 3 at 277:17–24; 281:24–282:5 (emphasis added).  Dr. Hesselink confirmed that his expert reports lumped Defendants all together.  When pressed on how Otto Trucking could have been liable under Waymo's theory of trade secret misappropriation, Dr. Hesselink could not articulate a basis for that except "on the basis of legal information that [he] received."  *Id.*

### III.    DISCUSSION

#### a.  Dr. Hesselink's opinion of Otto Trucking's liability is inadmissible.

Dr. Hesselink's opinion of use liability as to Otto Trucking fails to pass muster under the Federal Rules of Evidence and case law from this Circuit.   For instance, in *EEOC v. United Parcel Services*, this Court excluded the opinion of the expert where the attorneys improperly influenced the expert's conclusions.  149 F. Supp. 2d 1115 (N.D. Cal. 2000), *aff'd in part, rev'd in part on other grounds*, 306 F.3d 794 (9th Cir. 2002).  As the Court explained, "[i]n context, it seems clear that [the expert] lost his independence and objectivity.  He simply became part of the UPS advocacy team."  *Id.* at 1139; *see also Mfg. Admin. and Mgmt. Sys., Inc. v. ICT Group, Inc.*, 212 F.R.D. 110, 116 (E.D.N.Y. 2002) (stating that "[t]he modern attorney-expert relationship provides fertile ground for improper influence"); *Musselman v. Phillips*, 176 F.R.D. 194, 200 (D. Md. 1997) (finding it "essential" to discover the manner in which experts arrived at opinions

1   and whether "done as a result of an objective consideration of the facts, or directed by an attorney

2   advocating a particular position").

3          Waymo attempts to use Dr. Hesselink's expert opinion in the same way sanctioned by this

4   Court in *United Parcel Services*.  Dr. Hesselink's opinion of use liability as it pertains to Otto

5   Trucking is based *solely* on information given to him by his attorneys, *and nothing else*.  In his

6   testimony, Dr. Hesselink testified that he made no independent investigation of Otto Trucking or

7   whether Otto Trucking used any of the alleged trade secrets.  Dr. Hesselink's testimony and report

8   lack any separate analysis at all about how his technical opinions may apply to Otto Trucking.

9   Rather, his opinion lumps all Defendants together under the premise that any trade secret

10  misappropriation as to either Uber or Ottomotto apply without exception and in full force to Otto

11  Trucking.  This legal conclusion, he explained, was based *solely* on the information given to him

12  by his attorneys.   This is prohibited under the Federal Rules of Evidence and case law from this

13  Circuit.

### b.  Another District Court has previously barred Dr. Hesselink's opinion on the same grounds here.

16          Another District Court has found Dr. Hesselink's testimony invalid under a *Daubert*

17  motion for resting his opinions on exactly the same basis here—that is, solely on the information

18  conveyed to him by his lawyer.  In *Toshiba Corporation v. Imation Corporation*, the defendants

19  argued that Dr. Hesselink's opinion of their knowledge of prior patents-in-suit "should be

20  excluded because Dr. Hesselink has no basis to offer that opinion, insofar as he testified *that his*

21  *only evidence of knowledge came from Toshiba's counsel*."  No. 09-CV-305-SLC, 2013 WL

22  7157854, at *1 (W.D. Wis. Apr. 5, 2013) (emphasis added).  The Court agreed and excluded this

23  portion of Dr. Hesselink's opinion:

24                  As discussed in the previous order on the motions *in limine*, I agree
                    that Dr. Hesselink is not qualified to offer his opinion on the legal
25                  issue of the proper level of knowledge required to constitute
                    inducement, nor may he testify on the ultimate issues of what
26                  defendants knew or whether they possessed the specific intent
                    necessary to be found liable for inducement.
27

28  *Id.*

5

1    Yet in spite of a court's previous admonitions that Dr. Hesselink may not offer testimony

2  solely based on information conveyed to him by his attorneys, he has done so again here.  As Dr.

3  Hesselink testified, his report opines on legal conclusions unsupported by any independent legal

4  analysis or investigation.  The reasons for barring his testimony and report in *Toshiba Corporation*

5  apply in full force here.  Otto Trucking requests an Order from this Court doing the same because

6  Dr. Hesselink drew *legal conclusions based solely on information from his attorney*, and because

7  *he otherwise made no investigation as to Otto Trucking whatsoever*.  The Court should strike Dr.

8  Hesselink's report and testimony to the extent Dr. Hesselink opines on Otto Trucking's liability.

9    **IV.    CONCLUSION**

10    For the foregoing reasons, Otto Trucking respectfully requests an Order from the Court

11  GRANTING the Motion.

12  Dated:   October 2, 2017                      Respectfully submitted,

13

14                                    By:    /s/ *Neel Chatterjee*
                                           Neel Chatterjee
15                                         *nchatterjee@goodwinlaw.com*
                                           Brett Schuman
16                                         *bschuman@goodwinlaw.com*
                                           Shane Brun
17                                         *sbrun@goodwinlaw.com*
                                           Rachel M. Walsh
18                                         *rwalsh@goodwinlaw.com*
                                           Hong-An Vu
19                                         *hvu@goodwinlaw.com*
                                           Hayes P. Hyde
20                                         *hhyde@goodwinlaw.com*
                                           James Lin
21                                         *jlin@goodwinlaw.com*
                                           **GOODWIN PROCTER** LLP
22
                                           *Attorneys for Defendant:*
23                                         Otto Trucking LLC

24

25

26

27

28

6

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that I electronically filed the foregoing  document including all of its

3

attachments with the Clerk of the Court for the United States District Court for the Northern

4

District of California by using the CM/ECF system on **October 2, 2017**.  I further certify that all

5

participants in the case are registered CM/ECF users and that service of the publicly filed

6

documents will be accomplished by the CM/ECF system.

7

     I certify under penalty of perjury that the foregoing is true and correct.  Executed on

8

**October 2, 2017**.

9

                       /s/         *Neel Chatterjee*

10

                            NEEL CHATTERJEE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OTTO TRUCKING'S MOTION TO EXCLUDE
REPORT AND TESTIMONY OF DR. LAMBERTUS HESSELINK        CASE NO. 3:17-CV-00939-WHA