QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S OPPOSITION TO DEFENDANT OTTO TRUCKING'S MOTION TO EXCLUDE REPORT AND TESTIMONY OF DR. LAMBERTUS HESSELINK**<br><br>Ctrm:         8, 19th Floor<br>Judge:        Honorable William H. Alsup<br>Trial Date:   December 4, 2017<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL** |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................................. 1

II.  OTTO TRUCKING'S MOTION IS UNTIMELY .............................................................. 1

III. THERE IS NO REAL DISPUTE, AND OTTO TRUCKING'S MOTION LACKS BASIS IN THE RULES AND CASE LAW ....................................................................... 3

IV.  CONCLUSION .................................................................................................................... 6

**I.   INTRODUCTION**

On October 2, five days after the final pretrial conference at which motions in limine and *Daubert* motions were argued and four days after the Court denied a prior motion to exclude testimony from Prof. Hesselink filed by Otto Trucking, Otto Trucking filed a second motion to exclude Prof. Hesselink's report and testimony "to the extent Dr. Hesselink opines on Otto Trucking's liability." Dkt. 1926-3 ("Mot.") at 1. It did so notwithstanding the parties' agreement to file such motions no later than September 16, sufficiently in advance of the final pretrial conference so as to complete briefing prior to the conference.

On its merits, Otto Trucking's motion only attempts to manufacture a dispute that does not exist, as Waymo has never offered testimony from Prof. Hesselink regarding Otto Trucking's contribution—as opposed to Ottomotto or Uber's contributions—to the accused Fuji and Spider LiDAR systems. The legal question of who contributed and/or is liable for the development of Fuji and Spider are not within the scope of Prof. Hesselink's opinions. In addition, Otto Trucking's motion never specifically states its basis beyond loosely invoking "the Federal Rules of Evidence." And, perhaps more troubling, Otto Trucking's characterizations of its cited case law are not completely accurate.

Accordingly, the Court should deny Otto Trucking's motion, whether as untimely or on the merits of its requested relief.

**II.   OTTO TRUCKING'S MOTION IS UNTIMELY**

Otto Trucking's motion should be denied for being filed late. Though the basis for Otto Trucking's motion is unclear, the parties had agreed that motions in limine were to be served on September 7 (Ex. 1[1] at 9) and that *Daubert* motions were to be filed on September 16 (*id.* at 2) in order for briefing to be completed in time for the parties to be able to argue such motions at the September 27 final pretrial conference. The parties had come to this agreement notwithstanding the fact that reply expert reports were not due until September 14 and that expert depositions

---

[1] Bare exhibit citations refer to exhibits to the contemporaneously filed declaration of Felipe Corredor.

would potentially not be completed until September 28.  *See* Dkt. 563 ¶ 5.  Nevertheless, Otto Trucking's motion was filed on October 2—25 days after the deadline for motions in limine, 16 days after the deadline for *Daubert* motions, 5 days after the final pretrial conference, and a mere 8 days before the date on which trial was then scheduled.

Indeed, despite the deposition of Prof. Hesselink having taken place on September 26,[2] the day before the final pretrial conference, at that conference, Otto Trucking did not give any indication that any issues relevant to the admissibility of Prof. Hesselink's testimony had first come to light at his deposition.  Instead, Otto Trucking argued its previous *Daubert* motion against Prof. Hesselink without mentioning any newly discovered issues arising from Prof. Hesselink's deposition.  Sept. 27, 2017 Hr'g Tr. at 115:23-124:1.  Yet Defendants *did* raise issues from the recent expert witness depositions in another context: for example, in the context of their *Daubert* motion to exclude part of the expert testimony of Jim Timmins.  *Id.* at 130:10-18, 135:25-136:6.  And, having done so, Defendants were granted leave to file supplemental briefing in support of their Timmins *Daubert* after the final pretrial conference (*id.* at 136:7-14), which they then did (Dkt. 1887-4).

The reason why Otto Trucking did not raise purported new issues arising from Prof. Hesselink's deposition at the final pretrial conference is clear.  Despite Otto Trucking framing the issue it is moving on as something "disclosed for the first time" at Prof. Hesselink's deposition (Mot. at 1), Prof. Hesselink's opening and reply reports, cited in Otto Trucking's motion, make clear that Prof. Hesselink's expert technical analysis applies equally to all Defendants, which is the issue on which Otto Trucking now moves.  *See* Mot. at 1-3 (citing Dkt. 1926-6 Ex. 1 ("Opening Report") ¶¶ 117, 123, 319, 324 and Dkt. 1926-7 Ex. 2 ("Reply Report") ¶¶ 23, 159).  Indeed, of almost three pages devoted to the factual background of its motion, Otto Trucking devoted more than two of those pages to discussing the relevant sections of Prof. Hesselink's expert reports.  To

---

[2]  Otto Trucking's Motion mistakenly states that Prof. Hesselink's deposition took place on Tuesday, September 29.  Mot. at 1.  It actually took place on Tuesday, September 26.  Dkt. 1926-8 Ex. 3.

1  the extent Otto Trucking took issue with Prof. Hesselink's lumping together all Defendants in his
2  analysis based on his understanding of what would happen if Otto Trucking were to be found
3  legally liable for trade secret misappropriation, the proper time to raise the issue was on or before
4  the agreed-upon deadline of September 16.  At that time, Otto Trucking already had Prof.
5  Hesselink's opening and reply reports, which will circumscribe the scope of his testimony at trial
6  absent leave of court to supplement the reports, and it could have made the same argument it
7  makes now.

8  Instead of including this issue as part of its prior (timely) motion against Prof. Hesselink or
9  bringing the purported new issue raised in Otto Trucking's second motion to exclude testimony
10 from Prof. Hesselink to the Court's attention promptly, Otto Trucking chose to lie in wait to see
11 how its first motion to exclude Prof. Hesselink would go.  The Court denied that motion subject to
12 foundational factual testimony first being presented at trial.  Dkt. 1885 at 4.  Having lost that
13 motion, Otto Trucking is now attempting to take a second, belated bite at the apple.  The Court
14 should not permit such gamesmanship.  Indeed, by ignoring the parties' agreed-upon deadlines,
15 failing to raise a purported new issue at the final pretrial conference, and filing its motion the day
16 before the Court was to decide Waymo's motion to continue trial, Otto Trucking also managed to
17 avoid the Court's instruction at the October 3 hearing to first file a precis before filing any further
18 motions.  Oct. 3, 2017 Hr'g Tr. at 50:3-11.

19  In sum, because Otto Trucking's motion is untimely, the Court should deny it.

20 **III.   THERE IS NO REAL DISPUTE, AND OTTO TRUCKING'S MOTION LACKS BASIS IN THE RULES AND CASE LAW**
21
22 Even if the Court considers Otto Trucking's motion on its merits, the Court should deny it
23 because there is no real dispute between the parties.  Otto Trucking asks that the Court "strike Dr.
24 Hesselink's report and testimony to the extent Dr. Hesselink opines on Otto Trucking's liability."
25 Mot. at 1.  But Prof. Hesselink does not opine on Otto Trucking's liability.  His opinion, as
26 outlined in both his opening and reply reports, is that the evidence relied on by Prof. Hesselink
27 shows use by the Fuji and (for one of the trade secrets) Spider LiDAR devices.  Prof. Hesselink
28 did not analyze Otto Trucking's contribution—as opposed to Ottomotto or Uber's contributions—

1  to the accused Fuji and Spider LiDAR systems.  Prof. Hesselink therefore appropriately framed
2  his opinions in terms of use by Defendants, "to the extent" each defendant (including Otto
3  Trucking) is legally liable for the use of Waymo trade secrets in the Fuji and Spider LiDAR
4  systems.  *E.g.*, Reply Report ¶ 23, 159.  In other words, assuming that Otto Trucking is legally
5  liable for the development of Fuji and Spider, Prof. Hesselink opines on use of the trade secrets in
6  those LiDAR devices.  *See, e.g.*, Opening Report ¶¶ 117, 123, 319, 324.  For an expert to assume
7  liability in rendering his opinions is unremarkable, and ▬▬▬▬▬▬▬▬▬▬▬▬
8  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
9  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
10 ▬▬▬▬▬▬▬▬▬▬▬▬▬  The question of Otto Trucking's legal liability is to be resolved
11 either by the Court on Otto Trucking's pending motion for summary judgment regarding its
12 liability (Dkt. 1423) or, as argued in Waymo's opposition, given the existence of disputed issues
13 of material fact, by the jury at trial (Dkt. 1526-4 at 19-25).  Bringing a motion to exclude expert
14 testimony is not the proper vehicle for Otto Trucking's repeated attempt to escape liability.

15      That Otto Trucking's motion is completely misplaced is evident from the numerous
16 inaccuracies that infuse Otto Trucking's motion and, in particular, its citations to case law.
17 Despite purporting to base its motion on "the Federal Rules of Evidence" (Mot. at 1), nowhere
18 does Otto Trucking cite to any Federal Rule of Evidence that would support its position that "Dr.
19 Hesselink's opinion of use liability as to Otto Trucking fails to pass muster under the Federal
20 Rules of Evidence and case law from this Circuit."  *Id.* at 4.  Neither does its cited case law
21 support this position.

22      First, Otto Trucking cites to this Court's opinion in *EEOC v. United Parcel Services, Inc.*
23 ("*UPS*"), 149 F. Supp. 2d 1115 (N.D. Cal. 2000), *aff'd in part, rev'd in part on other grounds*, 306
24 F.3d 794 (9th Cir. 2002), asserting that "this Court ***excluded the opinion*** of the expert where the
25 attorneys improperly influenced the expert's conclusions" (Mot. at 4 (emphasis added)), citing to
26 the Court's opinion explaining that "[i]n context, it seems clear that Dr. Good lost his
27 independence and objectivity.  He simply became part of the UPS advocacy team."  *Id.* at 1139.
28 In that case, however, this Court did not exclude the expert's opinion.  Rather, this Court

discussed the expert's opinion in its findings of fact and conclusions of law after a bench trial at which the expert in fact testified, and the Court concluded its discussion of Dr. Good by noting that "[t]he Court has not rejected all of Dr. Good's conclusions but has evaluated them critically in light of his strong prejudice in favor of UPS." *Id.* at 1140. The Court's skeptical view of the experts in that case led it to consistently discount the credibility of various experts who testified at the bench trial, but nowhere did it exclude any opinion of any expert. *See id.* at 1138-41. In fact, nowhere did *UPS* make any evidentiary rulings or cite to the Federal Rules of Evidence in any way—which makes sense, given that the cited opinion constituted the Court's findings of fact and conclusions of law after bench trial (together with an injunction with temporary stay pending appeal). *Id.* at 1121.

Second, Otto Trucking cites to a pair of out-of-circuit cases that also have nothing to do with admissibility of an expert's testimony under any Federal Rule of Evidence. Mot. at 4-5 (citing *Mfg. Admin. & Mgmt. Sys., Inc. v. ICT Grp., Inc.*, 212 F.R.D. 110 (E.D.N.Y. 2002); *Musselman v. Phillips*, 176 F.R.D. 194 (D. Md. 1997)). These cases arose in the context of motions to compel discovery under the pre-2010 Federal Rule of Civil Procedure 26(a)(2) governing expert discovery. For example, in *ICT*, the Court ruled that the mandatory disclosure principles espoused in the pre-2010 Rule 26(a)(2) supported the magistrate judge's decision to grant a motion to compel production of the expert's notes of conversations with counsel. 212 F.R.D. at 111-12.[3] Similarly, in *Musselman*, the Court addressed "a dispute regarding the discoverability of certain information communicated by plaintiff's counsel to two experts who have been retained to testify at trial on behalf of the plaintiff." 176 F.R.D. at 194. Extensively discussing the disclosure requirements of pre-2010 Rule 26(a)(2) and the work-product protection of Rule 26(b)(3), as well as the evidentiary rules underlying expert testimony, the Court held that

---

[3] The only Federal Rule of Evidence discussed in *ICT* is Rule 612, which deals with writings used by a witness to refresh his recollection during or before testifying. Though Otto Trucking's basis for its motion is unclear, Rule 612 cannot possibly support it.

most of the withheld materials were actually discoverable and granted the motion to compel. *Id.* at 196-202.

Finally, Otto Trucking cites to *Toshiba Corp. v. Imation Corp.*, No. 09-CV-305, 2013 WL 7157854 (W.D. Wis. Apr. 5, 2013), arguing that "[a]nother District Court has found Dr. Hesselink's testimony invalid under a *Daubert* motion." Mot. at 5.  Quoting out-of-context language from that case, Otto Trucking further argues that the court excluded a portion of Prof. Hesselink's opinion.  *Id.*  To the contrary, however, the court in *Toshiba* actually held that "[h]aving reviewed Toshiba's proffer of Dr. Hesselink's expected testimony, I find that it passes muster under *Daubert*."  2013 WL 7157854, at *1.  Indeed, the reason given by the court in *Toshiba* for declining to exclude Prof. Hesselink's opinion is equally applicable here: though the defendant in that case argued that Prof. Hesselink's testimony should be excluded "because Dr. Hesselink has no basis to offer that opinion, insofar as he testified that his only evidence of knowledge came from Toshiba's counsel," the court noted that "Toshiba, however, does not intend to solicit such testimony from Dr. Hesselink." *Id.*  Similarly, here, Prof. Hesselink will not opine as to whether Otto Trucking is legally liable for the actions of the other Defendants but instead will merely opine that Defendants have used Waymo's asserted trade secrets.  To the extent the jury finds that Otto Trucking is legally liable for the actions of its co-defendants, it may then consider the testimony to be presented by Prof. Hesselink in assessing whether Otto Trucking, as well as the other Defendants, has used Waymo's asserted trade secrets and thereby misappropriated them through use.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Otto Trucking's second, belated motion to exclude report and testimony from Dr. Hesselink.

DATED:  October 16, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                        By */s/ Charles K. Verhoeven*
                                           Charles K. Verhoeven
                                           Attorneys for WAYMO LLC