MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: 212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**DECLARATION OF SYLVIA RIVERA IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OPPOSITION TO WAYMO'S MOTION TO COMPEL STROZ-RELATED DISCOVERY**<br><br>Trial Date: December 4, 2017 |

I, Sylvia Rivera, declare as follows:

1. I am a member of the bar of the State of California and a partner with Morrison & Foerster LLP, counsel of record for Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Uber") in this action. I am admitted to practice before this Court. I submit this declaration in support of Defendants' Opposition to Motion to Compel Stroz-Related Discovery. I am one of the attorneys at Morrison & Foerster that oversaw discovery efforts in this litigation. I make this declaration based on personal knowledge, my communications with my colleagues, clients, and e-discovery vendors, and my inspection of our document production records. If called as a witness, I could and would testify competently to the matters set forth herein.

2. In the course of this litigation, Uber investigated and identified numerous devices of relevant personnel to be searched for purposes of trying to locate the 14,000 files and to comply with its discovery obligations. As part of that effort, MoFo attorneys participated in interviews with numerous Uber personnel, including former Ottomotto personnel, regarding their computer use. In the course of that investigation, we learned that Ottomotto computers became Uber computers as a result of Uber's acquisition of Ottomotto. In consultation with our vendor, all such computers for in-scope personnel were imaged for searching for purposes of the litigation. We are not aware of the existence of Ottomotto-owned computers that were within Uber's (or Ottomotto's) possession, custody, or control that were withheld.

3. With specific regard to the devices collected for the Diligenced Employees (Anthony Levandowski, Lior Ron, Don Burnette, Soren Juelsgaard, and Colin Sebern), Uber searched them for the 14,000 files and ran search terms for responsiveness to document requests.

4. Our collection of imaged devices does not include the two Levandowski personal computers that are the subject of part I of Waymo's motion. We do not know the whereabouts of those computers. Based on our investigation, Uber also does not know the whereabouts of those computers.

5. The concurrently-filed Declaration of Arturo Gonzalez discusses searches of those computers that we understand Goodwin Procter LLP performed. On or about June 19, 2017,

RIVERA DECL. ISO DEFENDANTS' OPP'N TO WAYMO'S MOTION TO COMPEL STROZ-RELATED DISCOVERY
Case No. 3:17-cv-00939-WHA
sf-3832443

1

1  Uber produced to Waymo responsive documents from the search results provided to us by
2  Goodwin Procter.

3       6.     Uber also made the Relativity workspace containing all files (responsive and non-
4  responsive) hitting on Uber's and Waymo's search terms for the 14,000-plus files identified in
5  Waymo's preliminary injunction papers available for inspection by Waymo, including any hits
6  from the search results received from Goodwin Procter.

7       7.     A true and correct copy of an excerpt from the September 28, 2017 deposition of
8  Kevin Faulkner is attached as **Exhibit A**.

9       8.     In August 2017, Stroz made available to MoFo, as Uber's counsel in this litigation,
10 thousands of documents that Stroz had identified for proposed production in response to
11 Waymo's subpoena. We engaged contract attorneys, supervised by MoFo attorneys, to review
12 the documents to identify any that are privileged. We then prepared a privilege log for the
13 documents in Stroz's possession over which Uber is asserting privilege. We served that privilege
14 log just hours after Stroz transmitted its document production on September 16, 2017. In the
15 course of reviewing those thousands of documents in Stroz's possession, we came across drafts of
16 the Stroz Report for the first time and placed them on the privilege log.

17      9.     Attached hereto as **Exhibit G** is a true and correct copy of an email sent by Nancy
18 Hoang on September 17, 2017, serving the privilege log.

19      10.     Waymo did not request revisions to the privilege log that Uber served on
20 September 17 for documents in Stroz's possession over which Uber asserted privilege. We
21 served an amended version of that privilege log on September 27 primarily to remove entries that
22 pre-dated April 12, 2016 that we had identified as being included inadvertently.

23      11.     I am familiar with the circumstances under which MoFo received the MoFo Sliver
24 of Mr. Levandowski's files from Stroz, in our capacity as counsel for Mr. Levandowski in the
25 arbitration proceedings. At the time, MoFo did not inform Uber of our receipt of the MoFo
26 Sliver. MoFo informed Uber of the MoFo Sliver only in connection with MoFo's disclosure of
27 the sliver in this litigation.

28

RIVERA DECL. ISO DEFENDANTS' OPP'N TO WAYMO'S MOTION TO COMPEL STROZ-RELATED DISCOVERY
Case No. 3:17-cv-00939-WHA
sf-3832443

2

12. MoFo received the MoFo Sliver of documents from Stroz because the types of materials contained therein—largely photographs, images, and videos—are cumbersome to review in a Relativity review platform. MoFo did not select the materials because of their source, and does not have first-hand knowledge of the original source of the materials.

13. I conferred with Melanie Blunschi, counsel for Stroz in this litigation, regarding the origin of the MoFo Sliver of files. I understand from Ms. Blunschi that the sliver of files at MoFo came from the MacBook Mr. Levandowski provided to Stroz during the diligence investigation.

14. Attached hereto as **Exhibit K** is a true and correct copy of an email dated October 10, 2017, from Melanie Blunschi, Stroz's counsel.

15. Today Waymo deposed a third representative from Stroz, Mary Fulginiti. We understand it will be deposing a fourth, Melanie Maugeri, later this week.

16. Attached hereto as **Exhibit B** is a true and correct copy of portions of the deposition transcript of Lior Ron's deposition taken on June 19, 2017.

17. Attached hereto as **Exhibit C** is a true and correct copy of portions of the deposition transcript of Rhian Morgan's deposition taken on August 18, 2017.

18. Attached hereto as **Exhibit D** is a true and correct copy of a portion of the deposition transcript of Don Burnette's deposition taken on August 18, 2017.

19. Attached hereto as **Exhibit E** is a true and correct copy of interrogatory no. 2 of Waymo's expedited interrogatories, served June 5, 2017.

20. Attached hereto as **Exhibit F** is a true and correct copy of portions of the deposition transcript of Colin Sebern's deposition taken on August 22, 2017.

21. Attached hereto as **Exhibit H** is a true and correct copy of an email sent by Arturo Gonzalez dated September 21, 2017.

22. Attached hereto as **Exhibit I** is a true and correct copy of portions of the deposition transcript of Eric Friedberg's deposition taken on September 28, 2017.

23. Attached hereto as **Exhibit J** is a true and correct copy of portions of the deposition transcript of Hanley Chew's deposition taken on October 6, 2017.

RIVERA DECL. ISO DEFENDANTS' OPP'N TO WAYMO'S MOTION TO COMPEL STROZ-RELATED DISCOVERY
Case No. 3:17-cv-00939-WHA
sf-3832443

3

24. Attached hereto as **Exhibit L** is a true and correct copy of portions of the deposition transcript of Don Burnette's deposition taken on October 13, 2017.

I declare until penalty of perjury that the foregoing is true and correct. Executed this 17th day of October, 2017, in Los Angeles, California.

                                                */s/ Sylvia Rivera*
                                                Sylvia Rivera

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Sylvia Rivera has concurred in this filing.

Dated: October 17, 2017                                     */s/ Arturo J. González*
                                                            Arturo J. González

RIVERA DECL. ISO DEFENDANTS' OPP'N TO WAYMO'S MOTION TO COMPEL STROZ-RELATED DISCOVERY
Case No. 3:17-cv-00939-WHA
sf-3832443

4