# EXHIBIT C

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WAYMO LLC,                            )
       Plaintiff              )
       vs.                     ) Case No.
UBER TECHNOLOGIES, INC.;              ) 3:17-cv-00939-WHA
OTTOMOTTO LLC; OTTO TRUCKING          )
INC.                                  )
       Defendants             )
_____)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION OF RHIAN MORGAN

San Francisco, California

Friday, August 18, 2017

Reported by:

JOANNE M. FARRELL, RPR, CRR

CSR Nos. 4838(CA)  506(HI)  507(NM)

Job No. 2681035

PAGES 1 - 220

| | | |
|---|---|---|
| 1 | A. Yes. | 12:47:47PM |
| 2 | Q. And I believe you said that the majority of | |
| 3 | the employees had laptops; some may have had | |
| 4 | desktops. | |
| 5 | Do you recall that? | 12:47:56PM |
| 6 | A. Yes. | |
| 7 | Q. Were these company-issued computers? | |
| 8 | A. Yes. | |
| 9 | Q. Did anybody use a personal computer at that | |
| 10 | time for their work? | 12:48:08PM |
| 11 | A. Not as far as I know. | |
| 12 | There is one exception there. That would | |
| 13 | be mine, until I got a work computer. So I should | |
| 14 | clarify that. | |
| 15 | Q. Roughly, when was that? | 12:48:29PM |
| 16 | A. I used my personal computer for probably | |
| 17 | the first three weeks? two weeks? Until we | |
| 18 | purchased computers and began hiring people and | |
| 19 | issuing company laptops. | |
| 20 | Q. During this time period, January, | 12:48:52PM |
| 21 | February 2016, did the company issue anybody any | |
| 22 | cell phones? | |
| 23 | A. I don't recall. | |
| 24 | Q. Did the company ever issue anybody any cell | |
| 25 | phones? | 12:49:09PM |

Page 121

1     A.   We have purchased phones for people before.    12:49:12PM

2     Q.   Who have you purchased phones for?

3     A.   I remember Sameer Kshirsagar,

4  K-S-H-I-R-S-A-G-A-R.  He requested -- he requested

5  that we purchase him a cell phone so that he could    12:49:39PM

6  keep his work and personal separate.

7     Q.   So did -- to the best of your knowledge,

8  did everybody else just have one device for work and

9  personal?

10          MS. DEARBORN:  Objection to form.             12:50:02PM

11          MR. BOOCK:  Join.

12          THE WITNESS:  Yeah, as far as I remember.

13  As far as I recall.

14  BY MS. EPSTEIN:

15     Q.   Were those personally purchased devices?     12:50:09PM

16          MS. DEARBORN:  Object as to form.

17          MR. BOOCK:  Join.

18          THE WITNESS:  Yes.

19  BY MS. EPSTEIN:

20     Q.   Did Otto ever pay for anybody's cell phone   12:50:19PM

21  subscriptions, plans, or data?  Strike that.

22          Did Otto ever pay for anybody's cell phone

23  subscriptions?

24          MS. DEARBORN:  Object as to form.

25          MR. BOOCK:  Join.                            12:50:35PM

| | | |
|---|---|---|
| 1 | THE WITNESS: Yes. I believe so. I was | 12:50:38PM |
| 2 | not responsible for setting those accounts up, but I | |
| 3 | have knowledge of people having their phones paid | |
| 4 | for. | |
| 5 | BY MS. EPSTEIN: | 12:50:54PM |
| 6 | Q. Okay. Who do you know that had their | |
| 7 | phones paid for? | |
| 8 | A. With that phone that we bought for Sameer, | |
| 9 | we put him on a plan also. Daniel Gruber used to | |
| 10 | submit an expense for a part of his cell phone that | 12:51:11PM |
| 11 | he had had signed off for the expense through his | |
| 12 | manager. Those are the two cases that I directly | |
| 13 | recall. | |
| 14 | Q. Do you recall who was responsible for | |
| 15 | setting those up? | 12:51:34PM |
| 16 | A. Mason Feldman. | |
| 17 | Q. Apart from you during the two- or | |
| 18 | three-week period we were discussing, were you aware | |
| 19 | of anybody else at Otto using their personal | |
| 20 | computer for work purposes? | 12:51:56PM |
| 21 | A. No, not that I know of. | |
| 22 | MS. EPSTEIN: Could I have tab 11? | |
| 23 | BY MS. EPSTEIN: | |
| 24 | Q. ███████████████████████████ | |
| | ███████████████ | 12:52:27PM |

1    I, the undersigned, a Certified Shorthand
2    Reporter of the State of California, do hereby
3    certify:
4    That the foregoing proceedings were taken
5    before me at the time and place herein set forth;
6    that any witnesses in the foregoing proceedings,
7    prior to testifying, were administered an oath; that
8    a record of the proceedings was made by me using
9    machine shorthand which was thereafter transcribed
10   under my direction; that the foregoing transcript is
11   a true record of the testimony given.
12   Further, that if the foregoing pertains to the
13   original transcript of a deposition in a Federal
14   Case, before completion of the proceedings review of
15   the transcript { } was {x} was not requested.
16   I further certify I am neither financially
17   interested in the action nor a relative or employee
18   of any attorney or any party to this action.
19   IN WITNESS WHEREOF, I have this date
20   subscribed my name.
21   Dated:  August 19, 2017

*Joanne M. Farrell*

Joanne M. Farrell, CSR No. 4838

Page 220