# EXHIBIT E

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1 | MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2 | ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3 | ERIC A. TATE (CA SBN 178719)
    ETate@mofo.com
4 | RUDY Y. KIM (CA SBN 199426)
    RKim@mofo.com
5 | MORRISON & FOERSTER LLP
    425 Market Street
6 | San Francisco, California  94105-2482
    Telephone:     415.268.7000
7 | Facsimile:      415.268.7522

8 | KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
9 | HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
10 | BOIES SCHILLER FLEXNER LLP
     1401 New York Avenue, N.W.
11 | Washington DC  20005
     Telephone:     202.237.2727
12 | Facsimile:      202.237.6131

13 | Attorneys for Defendants
     UBER TECHNOLOGIES, INC.
14 | and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>               Plaintiff,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>               Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 1-9)**<br><br>Trial Date: October 2, 2017 |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Defendants further object to the extent this interrogatory calls for information beyond Defendants' possession, custody, or control. Defendants further object because Interrogatory No. 1 is actually two discrete interrogatories, not one.

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

As Waymo knows, Defendants have conducted a diligent and extensive search of their files, servers, and systems (including Mr. Levandowski's Uber-issued computer) and have discovered no Downloaded Materials in any such files, servers, or systems. Defendants are not now, and have not been, in possession of any Downloaded Materials. Uber directed Mr. Levandowski to return allegedly downloaded files (if any) in his possession and to instruct every person that he has reason to believe may be in possession to do the same; however, to date, he has not complied and has therefore been terminated.

Prior to the Uber acquisition of Ottomotto, the lawyers representing Uber and Ottomotto, acting on behalf of Uber and Ottomotto, retained the forensics firm Stroz Friedberg LLC ("Stroz") to undertake an investigation in anticipation of possible litigation, and for the purposes of providing Uber and Ottomotto with facts needed to obtain legal advice. Uber and Ottomotto therefore have asserted privilege over that investigation and object to this interrogatory to the extent it seeks to obtain information about what information may be in Stroz's possession.

On or about March 11, 2016, Mr. Levandowski reported to Mr. Kalanick, Nina Qi and Cameron Poetzscher at Uber as well as Lior Ron that he had identified five discs in his possession containing Google information. Mr. Kalanick conveyed to Mr. Levandowski in response that Mr. Levandowski should not bring any Google information into Uber and that Uber did not want any Google information. Shortly thereafter, Mr. Levandowski communicated to Uber that he had destroyed the discs. Uber never received those discs, and does not know whether those discs contained any of the "DOWNLOADED MATERIALS."

**INTERROGATORY NO. 2:**

IDENTIFY all Diligenced Employees and the date(s) they became Diligenced Employees (as that term is used in the OTTOMOTTO MERGER AGREEMENT).

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this interrogatory as vague and ambiguous as to the meaning of "the date(s) they became Diligenced Employees."

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

The Diligenced Employees are:

1. Anthony Levandowski
2. Lior Ron
3. Colin Sebern
4. Don Burnette
5. Soren Juelsgaard

These five individuals became Diligenced Employees on or around April 11, 2016.

**INTERROGATORY NO. 3:**

IDENTIFY all Uber Devices and Non-Uber Devices (as those terms are defined in UBER00006444) that LEVANDOWSKI has used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444), or that LEVANDOWSKI could have used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444).

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this interrogatory because it implicates information protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-defense privileges. Defendants further objects to this interrogatory to the extent it purports to require expert opinion. Defendants further object to the interrogatory as vague, ambiguous, and overbroad because it asks for the identity of any device that Levandowski "could have used" to access Defendants' networks, which is infinite in scope.

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

To Defendants' knowledge, Mr. Levandowski used two devices to access Uber's networks:

| | | |
|---|---|---|
| 1 | Dated: June 5, 2017 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ Arturo J. González*<br>ARTURO J. GONZÁLEZ |
| 4 | | Attorneys for Defendants<br>UBER TECHNOLOGIES, INC.<br>and OTTOMOTTO LLC |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## VERIFICATION

I, Eric Meyhofer, declare:

1. I am Head of ATG for Defendant Uber Technologies, Inc. ("Uber") in the above-captioned action, and I am authorized to execute this verification on behalf of Uber and Ottomotto LLC.

2. I have read Defendants Uber Technologies, Inc. and Ottomotto LLC's Responses to Waymo's First Set of Expedited Interrogatories (the "Responses"), and know the contents thereof.

3. I am informed and believe that the matters stated in the Responses are true and correct and, on that ground, allege that the matters stated therein are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of June, 2017, at Pittsburgh, Pennsylvania.

_____
Eric Meyhofer