# EXHIBIT K

| From: | Melanie.Blunschi@lw.com |
|---|---|
| To: | JCooper@fbm.com; jamesjudah@quinnemanuel.com |
| Cc: | MCate@fbm.com; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; DG-GPOttoTruckingWaymo@goodwinlaw.com; miles@ramsey-ehrlich.com; izzy@ramsey-ehrlich.com; amy@ramsey-ehrlich.com; jpatchen@taylorpatchen.com; jbartlett@mkwllp.com; mpernick@mkwllp.com; Whitney.Weber@lw.com; John.Eastly@LW.com; qewaymo@quinnemanuel.com |
| Subject: | RE: Waymo v Uber - Request for Meet and Confer |
| Date: | Tuesday, October 10, 2017 1:15:55 PM |

- External Email -

John & James,
I am on the road today but can join for 30 minutes at 2:30. Given the small fraction of this long list that pertains to Stroz (as opposed to the parties), I would be grateful if we could address the Stroz issues first.

By way of update as to the only two open Stroz issues I see below:

- The "Sliver": I have provided Morrison & Foerster with the information Stroz has about the delivery from which we understand the 69K photos/videos came. That delivery included more than 69K items for more than one person, so we do not know which specific items were provided to Waymo, but I understand Morrison & Foerster is looking into this and will provide an update. To the extent the items were Levandowski photos/videos, they came from his MacBook. As previously discussed, photos/videos were generally not imported into Relativity, but they would be on the forensic image of the MacBook that Waymo has.

- The Folder: We have not been able to locate any additional hard-copy documents, and no one we have spoken to has any more specific recollection than Mr. Chew (who could not identify anything other than Levandowski's Google employment contract and Stroz questionnaire as potential hard-copy materials). To the extent relevant hard-copy documents were received, the practice would have been to scan them and include them as exhibits to the interview memos or report. The two documents that Mr. Chew identified are exhibits to Levandowski's interview memo, which is an exhibit to the Stroz Report. If we are able to identify any additional information on this issue, we will relay it promptly, but at this point, we believe we have investigated the likely sources of information at Stroz.

Best regards,
Melanie

--------------------------------------------------------------------------------

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.


Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements.


Latham & Watkins LLP

--------------------------------------------------------------------------------