IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

       Plaintiff,

  v.

UBER TECHNOLOGIES, INC.;
OTTOMOTTO LLC; and OTTO
TRUCKING LLC,

       Defendants.

                            /

No. C 17-00939 WHA

**ORDER DENYING MOTION
FOR RELIEF FROM JUDGE
CORLEY'S NONDISPOSITIVE
PRETRIAL ORDER RE
SOURCE CODE**

**INTRODUCTION**

The magistrate judge overseeing discovery in this action denied plaintiff's motion to compel production of defendants' source code. Plaintiff moves for relief from that order pursuant to Civil Local Rule 72. The motion is **DENIED**.

**STATEMENT**

Plaintiff Waymo LLC brought this action against defendants Uber Technologies, Inc., Ottomotto LLC (collectively, "Uber"), and Otto Trucking LLC based on accusations of trade secret misappropriation "primarily related to hardware" in Light Detection and Ranging ("LiDAR") sensors (*see, e.g.*, Dkt. No. 1977 at 1). After months of accelerated discovery and motion practice, Waymo moved to continue the trial date originally set for October 10. A prior order granted Waymo's motion in part and continued the trial date to December 4 (Dkt. No. 1954). On October 9, Waymo moved to compel Uber to produce its current source code (Dkt. No. 1977). On October 16, per the discovery referral in this action, Magistrate Judge

1   Jacqueline Corley denied the motion, finding it "profoundly overbroad" and "untethered" to the

2   Stroz Friedberg due diligence report that Waymo recently obtained (Dkt. No. 2006). Pursuant

3   to Civil Local Rule 72, Waymo then filed a motion for relief from Judge Corley's order (Dkt.

4   No. 2012). No further briefing is necessary to decide this motion.

5                                           **ANALYSIS**

6          **1.     STANDARD OF REVIEW.**

7          Under FRCP 72, a district judge considering timely objections to a magistrate judge's

8   nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law."

9   *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing

10  court may not simply substitute its judgment for that of the deciding court." *Ibid.* (citing *United

11  States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

12         **2.     WAYMO'S MOTION FOR RELIEF.**

13         Waymo points to the due diligence report and a recent deposition of Don Burnette, a

14  former Waymo employee and Uber's technical lead for software autonomy, as new evidence

15  that Uber may be using certain specific portions of Waymo's source code (*see* Dkt. No. 2011-4

16  at 1–4). On the instant motion, Waymo attempts to tailor its request to portions of source code

17  implicated by this new evidence (*see id.* at 4 & n.2, 5), but it proposed no such limitation in its

18  initial sweeping request to Judge Corley. Waymo's after-the-fact attempt to cure the

19  unreasonableness of its request does not translate to error on Judge Corley's part. If Waymo

20  wishes to submit a modified request for discovery, then it must do so before Judge Corley in the

21  first instance if it still can. This motion is not an appropriate vehicle for that request.

22         Waymo does not dispute Judge Corley's finding that it had provided no actual evidence

23  of the presence of its trade secrets in Burnette's files (*see* Dkt. No. 2006 at 2–3). It nevertheless

24  argues that she committed clear error because that finding constituted "a Magistrate Judge's

25  opinion about the merits," which "is not included in the Rule 26 balance of interests," and "[i]t

26  is unreasonable to expect Waymo to have taken that [Burnette] evidence and marshalled all the

27  facts for a complete trade secret claim in less than 24 hours" since Burnette's deposition (Dkt.

28  No. 2011-4 at 4). There is nothing improper about requiring Waymo to make some showing

                                                  2

1    that Burnette actually took its source code in the first place before attempting to use Burnette as

2    an excuse for pawing through Uber's source code without limitation.  Nor is it "unreasonable"

3    to expect Waymo to justify its own discovery motion at the time that Waymo chose to bring it.

4    Judge Corley's ruling that Waymo's new Burnette evidence did not warrant giving it *carte*

5    *blanche* to fish around in Uber's source code was neither clearly erroneous nor contrary to law.

6        Waymo has suggested, both on the instant motion (*see* Dkt. No. 2011-4 at 4–5) and

7    before Judge Corley (*see* Dkt. No. 1977 at 2), that the Court continued the trial date specifically

8    so that Waymo could seek discovery on new trade secret misappropriation claims that had not

9    been the subject of this litigation thus far.  Waymo is wrong.  As explained at the hearing on

10   Waymo's motion to continue the trial date, the apparent strength of Waymo's claims has

11   deteriorated as this litigation has progressed and, given the late production of the due diligence

12   report, it was appropriate to grant Waymo a brief continuance so it could attempt to shore up its

13   case (*see* Dkt. No. 1965 at 36:22–41:4).  This action has been and remains about the 121

14   asserted trade secrets that Waymo identified at the outset (*see* Dkt. No. 25-7), and the

15   continuance in no way endorsed any fishing expedition for unknown and unlitigated claims.

16       In a similar vein, Waymo hints at an underlying assumption that it will be permitted to

17   amend its complaint to add brand-new trade secret misappropriation claims based on software

18   (*see* Dkt. Nos. 1977 at 1–2, 7–8; 2011-4 at 1, 4–5).  To be clear, Waymo may move to do so

19   (and has indicated that it will), but that motion would have to fully justify changing the scope of

20   litigation at this late stage and there is no guarantee that it would be granted.  For the same

21   reason, this order rejects Waymo's suggestion to defer ruling on this motion "until [the Court]

22   has reviewed Waymo's Motion to Amend and heard oral argument" (Dkt. No. 2011-4 at 5).

23       Finally, Waymo asserts that the due diligence report's "repeated references to source

24   code retention generally, including Google source code, more than justify Waymo's original

25   request" (*ibid.*).  This order disagrees.  Judge Corley considered the specific portions of source

26   code referenced in the due diligence report and found that Waymo's "profoundly overbroad"

27   request was "untethered" to those references (Dkt. No. 2006 at 1–2).  She also explained that

28   "[i]t is too late in the litigation for a party to make a broad, unsupported discovery request on

3

1  the assumption that if its broad request is not granted the Court will narrow it to an appropriate

2  scope." Her ruling on this point was neither clearly erroneous nor contrary to law.

3  **CONCLUSION**

4  For the foregoing reasons, plaintiff's motion for relief from Judge Corley's October 16

5  order is **DENIED**. All stated objections thereto are **OVERRULED**.

6

7  **IT IS SO ORDERED.**

8

9  Dated: October 19, 2017.

    WILLIAM ALSUP
10   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4