MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:   415.268.7000
Facsimile:   415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:   202.237.2727
Facsimile:   202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Telephone:   212.336.8330
Facsimile:   212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>              Defendants. | Case No.     3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 2011)** |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Plaintiff Waymo LLC's Administrative Motion to File Under Seal Its Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge (Dkt. 2011).

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
| --- | --- |
| Exhibits 5, 7, 8, and 9 | Entire Documents |
| Exhibit 6 | Red Boxes |

3. The entirety of Exhibit 5 contains highly confidential technical information considered by an Ottomotto software engineer. Disclosure of this information could allow competitors to obtain a competitive advantage over Defendants by understanding this technical information.

4. The red boxes of Exhibit 6 contain contact information, including personal email addresses and personal phone numbers, of current and former company employees, whose electronic communications may become compromised if this information were disclosed to the public. Defendants seek to seal this information in order to protect the privacy of these individuals because this lawsuit is currently the subject of extensive media coverage. Disclosure of this information could expose these individuals to harm or harassment.

5. The entirety of Exhibit 7 contains highly confidential information from an email communication discussing and attaching Ottomotto source code. The confidentiality of this information has been maintained. Disclosure of this information could allow competitors to obtain a competitive advantage over Defendants by giving them insight into the development of Ottomotto source code, such that they could tailor their own software development.

6. The entirety of Exhibit 8 is an email communication containing highly confidential information regarding Uber's self-driving car development strategy, including specific timeline, goals, and market information, and employee recruiting strategy. This information is highly confidential, and its confidentiality is strictly maintained. Disclosure of this information could allow competitors to acquire detailed and specific knowledge into various elements of Uber's self-driving car and recruiting strategy, such that they could tailor their own development goals and job offers when recruiting, and Uber's competitive standing could be significantly harmed.

7. The entirety of Exhibit 9 contains highly confidential internal notes containing Defendants' development , market, organizational and business strategy information. Disclosure of this information could allow competitors to gain insight into Defendants' development goals and strategy, such that Uber's competitive standing could be significantly harmed.

8. Defendants' request to seal is narrowly tailored to the portions of Waymo's Motion and its supporting papers that merit sealing.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of October, 2017 in Washington, District of Columbia.

                                                    */s/ Michelle Yang*
                                                      Michelle Yang

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Michelle Yang has concurred in this filing.

Dated: October 20, 2017                              */s/ Michael A. Jacobs*
                                                      MICHAEL A. JACOBS