# EXHIBIT  1

# EXHIBIT  1

**Pages 1 - 88**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jacqueline Scott Corley, Judge

WAYMO, LLC,                          )
                                     )
          Plaintiff,                 )
                                     )
   VS.                               )      **NO. CV 17-00939-WHA**
                                     )
UBER TECHNOLOGIES, INC., ET          )
AL.,                                 )
                                     )
          Defendants.                )
_____    )

                              San Francisco, California
                              Monday, August 28, 2017

                    **TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:
                         QUINN EMANUEL URQUHART & SULLIVAN, LLP
                         50 California Street -- 22nd Floor
                         San Francisco, CA  94111
                    BY:  **MELISSA J. BAILY, ESQUIRE**
                         **JEFFREY NARDINELLI, ESQUIRE**
                         **DAVID PERLSON, ESQUIRE**
                         **JAMES JUDAH, ESQUIRE**

                         QUINN EMANUEL URQUHART & SULIVAN, LLP
                         51 Madison Avenue
                         New York, NY  10010
                    BY:  **JAMES BAKER, ESQUIRE**


     (Appearances continued on the next page)

Reported By:        Pamela A. Batalo, CSR No. 3593, RMR, FCRR
                    Official Reporter

1    to an investigation.  You've done that.  It's actually the

2    centerpiece of your case.

3         So that waiver needs to encompass all the communications

4    to Mr. Brown.  That's out.  That's out.  Or Ms. Johnson or

5    whoever it is as well.

6         And if there are other things in there, well, if you're

7    going -- I think you should meet and confer.  I think you

8    should err on the side of disclosure.  It doesn't mean it's

9    relevant.  It doesn't mean whatever.

10        And then if you have to bring it to me, I will review them

11   in camera, and I will do it quickly.  But some things just

12   can't be sliced out.  And if it was there -- especially, I

13   think -- and I understand what their argument is.  If it's the

14   same thing -- if it's something different that's being

15   communicated about the -- actually, if it's something different

16   that's being communicated about the forensic investigation of

17   these other employees, I think they're entitled to know that

18   because that goes to the investigation that was done of

19   Mr. Levandowski and the other two.

20        So I guess what I'm saying is I haven't seen and I don't

21   know.  I really think probably you should be disclosing, to the

22   extent it's in the same communication, rather than redacting.

23        **MR. BAKER:**  Understood, Your Honor.  We will attempt

24   to work it out with Mr. Chatterjee and bring any outstanding

25   issues to Your Honor or the Special Master.

1          **THE COURT:**  And what we could do, because I know we're

2     on a tight timeline here, is rather than briefing, we could

3     just set a hearing and you can bring the documents here and we

4     can sit here and talk about them and do it in realtime that

5     way.

6          **MR. CHATTERJEE:**  That's fine with me, Your Honor.

7          **THE COURT:**  Okay.  So I'll quash the Keker subpoena

8     for now.  I understand what you may see.  Something may come

9     up.  But for now -- well, it's quashed --

10          **MR. CHATTERJEE:**  We would like to have a 30(b)(6) of

11     Mr. Gorman testifying about his conversations because he was

12     talking to numerous different people involved with this

13     investigation.

14          **THE COURT:**  At Waymo?

15          **MR. CHATTERJEE:**  At Waymo.

16          **THE COURT:**  Yeah.  So talk to the people at Waymo.

17          I anticipated with my order that Mr. Brown would be

18     redeposed because they -- Waymo instructed him not to answer.

19          **MR. CHATTERJEE:**  And, Your Honor, if you -- in the

20     investigation of the documents that have been produced, it's

21     not just Mr. Brown; it's numerous people that Mr. Gorman was

22     regularly interacting with, some of which is completely

23     exonerated in this entire 14,000 file issue they have been

24     pounding so hard on.

25          **THE COURT:**  Where is that, because I don't see that in

1

2

3                    CERTIFICATE OF REPORTER

4          I certify that the foregoing is a correct transcript

5   from the record of proceedings in the above-entitled matter.

6

7   DATE:   Tuesday, August 29, 2017

8

9   *Pamela A. Batalo*
    _____
10  Pamela A. Batalo, CSR No. 3593, RMR, FCRR
    U.S. Court Reporter
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25