# EXHIBIT 11

# EXHIBIT 11

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1            UNITED STATES DISTRICT COURT
 2           NORTHERN DISTRICT OF CALIFORNIA
 3               SAN FRANCISCO DIVISION
 4                      --oOo--
 5   WAYMO LLC,
 6              Plaintiff,
                                   Case
 7   vs.                           No. 3:17-cv-00939-WHA
 8   UBER TECHNOLOGIES, INC.;
     OTTOMOTTO LLC; OTTO TRUCKING LLC,
 9
                Defendants.
10   _____/
11
12      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
13
14      VIDEOTAPED 30(b)(6) DEPOSITION OF GARY BROWN
15                     VOLUME II
16            WEDNESDAY, SEPTEMBER 6, 2017
17
18
19
20   Reported by:
21   Anrae Wimberley
22   CSR No. 7778
23   Job No.  2693569
24
25   Pages 306 - 534
```

Page 306

```
 1        MR. BAKER:  You can answer that yes or no.       10:13:52
 2        THE WITNESS:  No.                                10:13:55
 3   BY MS. GOODMAN:                                       10:13:55
 4        Q.  Is there a reason that you are questioning   10:13:59
 5   the yes or no -- the "no" answer that you just gave to 10:14:03
 6   that question?                                        10:14:04
 7        MR. BAKER:  You can answer that yes or no, I     10:14:08
 8   suppose.                                              10:14:10
 9        THE WITNESS:  Can you repeat the question.       10:14:12
10   BY MS. GOODMAN:                                       10:14:12
11        Q.  You answered that you did not have a         10:14:14
12   conversation with in-house counsel, Ms. Shana Stanton, 10:14:16
13   to prepare for today's deposition.  You seemed to     10:14:22
14   express confusion with regard to your answer.         10:14:25
15            My question is, is there a reason you're    10:14:29
16   confused to your "no" answer to that question?        10:14:32
17        MR. BAKER:  Object to form.                      10:14:32
18            You can answer that yes or no.               10:14:35
19        THE WITNESS:  Originally --                      10:14:37
20        MR. BAKER:  You can answer yes or no, just yes or 10:14:39
21   no.                                                   10:14:40
22        THE WITNESS:  Then, no.                          10:14:41
23   BY MS. GOODMAN:                                       10:14:41
24        Q.  Okay.  Have you had conversations with       10:14:44
25   in-house counsel, Ms. Shana Stanton, about your       10:14:47
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | forensic investigation since the filing of this | 10:14:50 |
| 2 | complaint? | 10:14:51 |
| 3 | A. Yes. | 10:14:56 |
| 4 | Q. How many? | 10:14:58 |
| 5 | A. I don't recall. | 10:14:59 |
| 6 | Q. Numerous? | 10:15:00 |
| 7 | A. Yes. | 10:15:02 |
| 8 | Q. More than ten? | 10:15:02 |
| 9 | A. I don't know. | 10:15:12 |
| 10 | Q. More than five? | 10:15:12 |
| 11 | A. I would say yes. | 10:15:19 |
| 12 | Q. So more than ten perhaps as well? | 10:15:22 |
| 13 | A. It's possible. | 10:15:24 |
| 14 | Q. Somewhere between five and ten or something | 10:15:28 |
| 15 | more than ten? | 10:15:29 |
| 16 | A. I'm unsure. | 10:15:31 |
| 17 | Q. Did you speak with anybody other than | 10:15:36 |
| 18 | attorneys to prepare for today's deposition? | 10:15:39 |
| 19 | MR. BAKER: You can answer that yes or no. | 10:15:41 |
| 20 | THE WITNESS: No. | 10:15:47 |
| 21 | BY MS. GOODMAN: | 10:15:47 |
| 22 | Q. Since the filing of the complaint in this | 10:15:49 |
| 23 | case, have you spoken with anybody other than | 10:15:51 |
| 24 | attorneys about your forensic investigation? | 10:15:54 |
| 25 | A. Yes. | 10:16:01 |

Page 319

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | correct? | 11:03:12 |
| 2 | MR. BAKER: Again, for the record, when we're | 11:03:13 |
| 3 | talking about "other engineers," we're allowing him to | 11:03:16 |
| 4 | answer pursuant to the judge's orders and instructions | 11:03:19 |
| 5 | in court from a few days ago. | 11:03:21 |
| 6 | THE WITNESS: Yes. | 11:03:25 |
| 7 | BY MS. GOODMAN: | 11:03:25 |
| 8 | Q. Did you know -- strike that. | 11:03:36 |
| 9 | Are you aware that Waymo announced an | 11:03:40 |
| 10 | acquisition of Otto in August 2016? | 11:03:44 |
| 11 | A. That sounds right. | 11:03:49 |
| 12 | Q. What is your understanding -- strike that. | 11:03:58 |
| 13 | Did Waymo's acquisition of Otto precipitate | 11:04:02 |
| 14 | the investigation into Mr. Levandowski and other | 11:04:06 |
| 15 | former Waymo engineers? | 11:04:07 |
| 16 | A. I don't know. | 11:04:08 |
| 17 | Q. So it's your testimony you have no idea about | 11:04:14 |
| 18 | whether the Otto -- Waymo's acquisition of Otto formed | 11:04:19 |
| 19 | a basis for the investigation into Mr. Levandowski and | 11:04:22 |
| 20 | other Waymo engineers? | 11:04:23 |
| 21 | A. That is correct. | 11:04:24 |
| 22 | MR. CHATTERJEE: Jim, Judge Corley wants us to | 11:04:49 |
| 23 | call him at noon. | 11:04:51 |
| 24 | MR. BAKER: Yeah, I saw that. | 11:04:53 |
| 25 | MR. CHATTERJEE: Do you want to take a break now? | 11:04:55 |

Page 352

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | MR. BAKER:  Object to form. | 11:15:49 |
| 2 | THE WITNESS:  As I understood it -- can I have a | 11:15:53 |
| 3 | time frame? | 11:15:54 |
| 4 | BY MS. GOODMAN: | 11:15:54 |
| 5 | Q.   When you began -- you began your forensic | 11:15:58 |
| 6 | investigation into Mr. Levandowski in August 2016; | 11:16:02 |
| 7 | right? | 11:16:02 |
| 8 | A.   Yes. | 11:16:03 |
| 9 | Q.   And then you submitted the declaration in | 11:16:05 |
| 10 | this case of March -- in March of 2017 setting forth | 11:16:08 |
| 11 | the results of your investigation; correct? | 11:16:09 |
| 12 | A.   Yes. | 11:16:11 |
| 13 | Q.   So in that seven-month period or | 11:16:16 |
| 14 | beginning -- strike that. | 11:16:18 |
| 15 | In August 2016, what were you asked to prove? | 11:16:21 |
| 16 | MR. BAKER:  Object to form. | 11:16:24 |
| 17 | THE WITNESS:  I believe we were asked to determine | 11:16:26 |
| 18 | whether or not intellectual property had been taken. | 11:16:32 |
| 19 | BY MS. GOODMAN: | 11:16:32 |
| 20 | Q.   And who asked you to determine whether | 11:16:37 |
| 21 | intellectual property had been taken? | 11:16:39 |
| 22 | MR. BAKER:  Object to form. | 11:16:41 |
| 23 | THE WITNESS:  I don't specifically recall.  It | 11:16:44 |
| 24 | could have been a few different people. | 11:16:47 |
| 25 | BY MS. GOODMAN: | 11:16:47 |

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | list of search terms that were used by you and | 11:19:51 |
| 2 | Mr. Gudjonnson in the previous analysis of | 11:19:56 |
| 3 | Mr. Levandowski and Mr. Burnette? | 11:19:59 |
| 4 |     A.   That sounds reasonable. | 11:20:02 |
| 5 |     Q.   And this mentions a list from | 11:20:04 |
| 6 | Keker & Van Nest. | 11:20:06 |
| 7 |     Were you provided with a list of search terms | 11:20:08 |
| 8 | from Keker & Van Nest? | 11:20:10 |
| 9 |     A.   I don't recall. | 11:20:11 |
| 10 |     MS. GOODMAN: I'm handing the court reporter to | 11:20:33 |
| 11 | mark as Exhibit 2212 WAYMO-UBER 86812. | 11:20:39 |
| 12 |     (Defendants' Exhibit 2212 was marked.) | 11:20:55 |
| 13 | BY MS. GOODMAN: | 11:20:55 |
| 14 |     Q.   Have you ever seen this document before? | 11:20:57 |
| 15 |     A.   I don't believe so, no. | 11:21:06 |
| 16 |     Q.   Okay. You can put that aside. | 11:21:23 |
| 17 |     Did you understand that -- in August 2016, | 11:21:35 |
| 18 | did you understand there to be an urgency to your | 11:21:38 |
| 19 | investigation? | 11:21:39 |
| 20 |     MR. BAKER: Object to form. | 11:21:42 |
| 21 |     THE WITNESS: I assume there's an urgency to all | 11:21:44 |
| 22 | of my investigations. | 11:21:46 |
| 23 | BY MS. GOODMAN: | 11:21:46 |
| 24 |     Q.   Did you understand, with respect to your | 11:21:48 |
| 25 | investigation into Mr. Levandowski and other Waymo | 11:21:51 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | MR. BAKER: Object to form. | 11:44:15 |
| 2 | THE WITNESS: Yes, it was possible. | 11:44:16 |
| 3 | BY MS. GOODMAN: | 11:44:16 |
| 4 | Q. Who told you that was a possible reason for | 11:44:26 |
| 5 | the investigation? | 11:44:27 |
| 6 | MR. BAKER: Object to form. | 11:44:28 |
| 7 | THE WITNESS: I inferred it as a possibility based | 11:44:31 |
| 8 | on my reading of blogs. As we all know, I just get my | 11:44:35 |
| 9 | news off the Internet. | 11:44:37 |
| 10 | BY MS. GOODMAN: | 11:44:37 |
| 11 | Q. Did you infer it as a possibility based on | 11:44:40 |
| 12 | reading an e-mail like the one in front of, Exhibit | 11:44:44 |
| 13 | 2214? | 11:44:45 |
| 14 | MR. BAKER: Object to form. | 11:44:45 |
| 15 | THE WITNESS: This points to one of the articles | 11:44:47 |
| 16 | that I would have seen in that time frame. | 11:44:49 |
| 17 | BY MS. GOODMAN: | 11:44:49 |
| 18 | Q. Did any attorneys tell you that one of the | 11:44:55 |
| 19 | reasons you were conducting an investigation into | 11:44:58 |
| 20 | Mr. Levandowski and former Waymo engineers was because | 11:45:04 |
| 21 | of Uber's acquisition of Otto? | 11:45:07 |
| 22 | MR. BAKER: Object to form. | 11:45:08 |
| 23 | THE WITNESS: I don't know. I don't recall. | 11:45:09 |
| 24 | BY MS. GOODMAN: | 11:45:09 |
| 25 | Q. You don't recall. | 11:45:12 |

Page 378

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1            Did Mr. Gorman at Keker & Van Nest ever        11:45:14
 2    indicate that to you?                                  11:45:18
 3          MR. BAKER:  Object to form.                      11:45:19
 4          THE WITNESS:  I don't recall that specifically.  11:45:22
 5    BY MS. GOODMAN:                                        11:45:22
 6       Q.   Do you recall it generally?                    11:45:24
 7          MR. BAKER:  Object to form.                      11:45:25
 8          THE WITNESS:  I don't know.                      11:45:26
 9    BY MS. GOODMAN:                                        11:45:26
10       Q.   So you understood your investigation into      11:45:33
11    Mr. Levandowski and former Waymo engineers to be based 11:45:39
12    on Uber's acquisition of Otto because of what you read 11:45:43
13    in the press?                                          11:45:44
14          MR. BAKER:  Object to form.                      11:45:45
15          THE WITNESS:  Can you rephrase that.  That seems 11:45:47
16    very complicated and like it's trying to get me to     11:45:50
17    agree to saying something I didn't say.                11:45:53
18    BY MS. GOODMAN:                                        11:45:53
19       Q.   I'm trying to understand on what -- trying to  11:46:00
20    understand based -- you understood that one of the --  11:46:06
21    a reason you were conducting your investigation was    11:46:08
22    because of Uber's acquisition of Otto.                 11:46:12
23       A.   A reason we were conducting the investigation  11:46:14
24    may have been -- may have been, it's a possibility.    11:46:19
25    Don't know for certain.  Don't know for sure.          11:46:24
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | MR. CHATTERJEE: Did you say "corp." or "court"? | 13:12:52 |
| 2 | THE WITNESS: Corp., so corporate. Sorry for the | 13:12:58 |
| 3 | Google speak. It's just reflex. | 13:13:01 |
| 4 | BY MS. GOODMAN: | 13:13:01 |
| 5 | Q. For clarity, I want to talk about these | 13:13:08 |
| 6 | affected users, but I want to leave Anthony | 13:13:10 |
| 7 | Levandowski, Sameer Kshirsagar and Radu out for a | 13:13:15 |
| 8 | moment because you've talked about them in your | 13:13:18 |
| 9 | declaration. | 13:13:18 |
| 10 | A. Okay. | |
| 11 | Q. Can we have that understanding? | 13:13:20 |
| 12 | A. Sure. | 13:13:21 |
| 13 | Q. So Mr. Gorman told you that a subset of these | 13:13:25 |
| 14 | folks were of interest. | 13:13:31 |
| 15 | Did that subset include anybody other than | 13:13:35 |
| 16 | Anthony, Radu or Sameer? | 13:13:40 |
| 17 | A. I don't recall. | 13:13:40 |
| 18 | Q. After pulling Google Drive reports for the | 13:13:48 |
| 19 | folks we've listed, other than Anthony, Radu or | 13:13:53 |
| 20 | Sameer, were you asked to do any follow-up work on | 13:13:56 |
| 21 | those individuals? | 13:13:57 |
| 22 | A. In addition to the host-based work that was | 13:14:06 |
| 23 | tracked in that team tracking doc that we discussed | 13:14:11 |
| 24 | earlier? | 13:14:11 |
| 25 | MR. CHATTERJEE: That's the Mater doc? | 13:14:18 |

Page 401

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1      Q.   So when you say "IP," you're referring to an      13:21:17
 2   IP address, not to intellectual property?                 13:21:20
 3      A.   Yes.  Yes, an IP address.                         13:21:23
 4      Q.   You said you did not discuss complete             13:21:33
 5   specifics with Mr. Gorman about the SVN log.              13:21:37
 6           So I just want to know, what did Mr. Gorman       13:21:39
 7   tell you about Anthony's activity with respect to         13:21:46
 8   documents in the SVN server?                              13:21:49
 9      MR. BAKER:  Objection to form.                         13:21:51
10      THE WITNESS:  I think that there was only one          13:21:54
11   occurrence of activity, that a lot of files were          13:21:58
12   downloaded.  I'm unsure if he gave the number.  But       13:22:03
13   the log wasn't shared with me at that time.               13:22:05
14   BY MS. GOODMAN:                                           13:22:05
15      Q.   Did he express to you that that behavior was      13:22:08
16   suspicious?                                               13:22:09
17      A.   It seemed interesting, yes.                       13:22:13
18      Q.   Mr. Gorman expressed to you that it seemed        13:22:17
19   interesting, or that was a conclusion you formed?         13:22:19
20      A.   I think that was a conclusion I formed.           13:22:21
21      Q.   What did Mr. Gorman express to you about that     13:22:23
22   behavior?                                                 13:22:25
23      MR. BAKER:  Objection to form.                         13:22:25
24      THE WITNESS:  I don't recall.                          13:22:26
25   BY MS. GOODMAN:                                           13:22:26
```

Page 406

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | Q.   You don't recall whether he told you it was | 13:22:30 |
| 2 | suspicious? | 13:22:32 |
| 3 | A.   That is correct. | 13:22:33 |
| 4 | Q.   Do you recall whether he told you it was part | 13:22:37 |
| 5 | of Anthony's normal work flow? | 13:22:40 |
| 6 | MR. BAKER:  Objection to form. | 13:22:43 |
| 7 | THE WITNESS:  I don't recall that.  And when I say | 13:22:47 |
| 8 | that like I deemed it interesting, I figured he | 13:22:53 |
| 9 | wouldn't be asking us to resolve the IP or wouldn't | 13:22:57 |
| 10 | mention it if it wasn't interesting. | 13:23:00 |
| 11 | BY MS. GOODMAN: | 13:23:00 |
| 12 | Q.   So you were relying on what Mr. Gorman -- | 13:23:06 |
| 13 | A.   On the fact that he e-mailed us about it.  I | 13:23:10 |
| 14 | don't recall specifically what words he used, if any, | 13:23:13 |
| 15 | that would fall under suspicious or interesting or | 13:23:16 |
| 16 | anything like that. | 13:23:19 |
| 17 | Q.   Who told Mr. Gorman that Anthony downloaded | 13:23:22 |
| 18 | the entire content of the SVN repository? | 13:23:25 |
| 19 | MR. BAKER:  Objection to form. | 13:23:28 |
| 20 | THE WITNESS:  I believe it was Sasha Zbrozek. | 13:23:33 |
| 21 | BY MS. GOODMAN: | 13:23:33 |
| 22 | Q.   Why do you believe that? | 13:23:35 |
| 23 | A.   I think Tom mentioned it at one point or | 13:23:41 |
| 24 | another.  I don't know if he mentioned it that day or | 13:23:45 |
| 25 | at another time, but at some point I think he | 13:23:49 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1            FEDERAL CERTIFICATE OF DEPOSITION OFFICER
 2        I, ANRAE WIMBERLEY, CSR NO. 7778, do hereby
   declare:
 3        That, prior to being examined, the witness named
   in the foregoing deposition was by me duly sworn
 4 pursuant to Section 30(f)(1) of the Federal Rules of
   Civil Procedure and the deposition is a true record of
 5 the testimony given by the witness;
          That said deposition was taken down by me in
 6 shorthand at the time and place therein named and
   thereafter reduced to text under my direction;
 7        -----    That the witness was requested to
 8 review the transcript and make any changes to the
   transcript as a result of that review pursuant to
 9 Section 30(e) of the Federal Rules of Civil Procedure;
          -----    No changes have been provided by the
10 witness during the period allowed;
11        -----    The changes made by the witness are
12 appended to the transcript;
          --X---    No request was made that the transcript
13 be reviewed pursuant to Section 30(e) of the Federal
14 Rules of Civil Procedure.
          I further declare that I have no interest in the
15 event of the action.
16        I declare under penalty of perjury under the laws
17 of the United States of America that the foregoing is
   true and correct.
18        WITNESS my hand this 7th day of September, 2017.
19
20
21
22
23
24
25            ANRAE WIMBERLEY, CSR NO. 7778
```

Page 534

Veritext Legal Solutions
866 299-5127