QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S's SUPPLEMENTAL BRIEF REGARDING MOTION *IN LIMINE* 4**<br><br>**UNREDACTED VERSION OF DOCUMENT TO BE FILED UNDER SEAL**<br><br>Date:        TBD<br>Time:       TBD<br>Ctrm:       8, 19th Floor<br>Judge:      Honorable William H. Alsup<br>Trial Date: December 4, 2017 |

Pursuant to the Court's October 16 Order (Dkt. 2009), Waymo respectfully submits a supplemental brief in support of Waymo's Motion *In Limine* No 4 (Dkt. 913).

## BACKGROUND

In its Motion *In Limine* No. 4, Waymo asked that the Court preclude any argument, testimony, or evidence about efforts taken in response to the Court's Preliminary Injunction Order. (*Id.*) Uber responded that it plans to rely on three "facts" to show that the "downloaded materials" did not make it to Uber: (1) Uber's forensics expert conducted searches for the "downloaded files;" (2) Uber fired Levandowski when he did not return "downloaded materials"[1]; and (3) Uber "allowed" Waymo to inspect Uber's facilities and Uber contends (incorrectly) that Waymo "found nothing." (Dkt. 978.) At the July 26 hearing, Waymo argued that Uber should not be permitted to rely on its post-litigation purported "good citizenship" in allegedly trying to find the "downloaded materials" because that would open the door to Waymo explaining that Uber was ordered to allow Waymo to inspect its ongoing LiDAR work and to Waymo presenting evidence of Uber's discovery misconduct. (Dkt. 1050 - 7/26/17 Hearing Tr., 61:8-65:10, 69:2-73:2.) The Court permitted Waymo to submit a list of two dozen instances of Uber's discovery misconduct for the Court to consider. (*Id.*, 72:6-14; Dkt. 1356.) The Court has not ruled on whether Waymo may introduce the misconduct at trial. In the meantime, further discovery revealed that, in addition to the bases set forth in Waymo's Motion (Dkt. 913) and at the July 26 hearing, evidence of Defendants' post-litigation efforts to find the "downloaded materials" should be precluded because Defendants are improperly using the privilege as a sword and a shield, and the probative value of the evidence is outweighed by the danger of unfair prejudice, delay, waste of time, misleading the jury, and confusion of the issues.

## ARGUMENT

The Court should reject Defendants' attempt to cherry-pick and produce only facts they deem favorable to their case and on which they want to rely. Courts have broad discretion to preclude testimony from parties who have attempted to use attorney-client privilege as "both [] a sword and a shield." *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d

---

[1] This evidence is addressed in Waymo's Motion *In Limine* No. 14.

1186, 1196 (9th Cir. 2001) (district court precluded advice of counsel defense where defendant "refused to answer questions regarding his interactions with counsel at his deposition"). Although Uber wants to show it searched for Waymo's stolen files and none ended up at Uber, through privilege objections, Uber denied Waymo the chance to fully test the breadth and adequacy of Uber's searches.

**I.     THE COURT SHOULD PRECLUDE EVIDENCE OF UBER'S SEARCHES.**

    **A.     Uber Withheld Information About the Searches as Privileged and So Cannot Rely Upon Them.**

Uber is withholding facts about its searches for the "downloaded materials." Waymo deposed Uber in-house attorney, Angela Padilla, on October 2. Ms. Padilla is identified on Uber's Trial Witness List as testifying regarding "confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order." (Dkt. 1725-4.) Describing Uber's purported efforts to find Waymo's stolen files, Ms. Padilla used generalizations like moving "heaven and earth", looking "under every rock", and leaving "no stone unturned." (Ex. A - Padilla Depo., 45:3-25; 49:6.) But when Waymo asked her specific questions about the details of what Uber did, she was routinely instructed not to answer based on privilege. For example, she was instructed not to answer questions on the following topics:

- ████████████████████████████████████████
- ████████████████████████████████████████
- ████████████████████████████████████████
- ████████████████████████████████████████

Other Uber witnesses were similarly instructed not to answer questions about these efforts on privilege grounds. (Ex. B - Suhr Depo., 347:6-348:8 (████████████████████████████████████████, a topic on which he was designated to testify at trial); Ex. C - Yoo Depo., 120:24-121:2 (████████████████████████████████████████).)

1  Uber will likely argue that it is not using privilege as a sword and a shield because it will
2  introduce this evidence through its forensic expert.  Uber certainly should not be permitted to
3  introduce this evidence through Ms. Padilla, Mr. Suhr, or Ms. Yoo, based on their deposition
4  testimony.  But, Uber also should not be permitted to use an expert as an end-run around the rule
5  against using privilege as a sword and a shield.  Uber should not be allowed to argue to the jury
6  that it left "no stone unturned" in searching for Waymo's stolen documents, when Uber denied
7  Waymo the ability to test the veracity of that statement.  Put another way, Uber is withholding
8  facts as privileged that could undermine Uber's generic claim that it moved "heaven and earth" to
9  try to find the "downloaded materials."  Uber should not be allowed to discuss its purportedly
10 "thorough" search efforts when it refused to discuss the details of those efforts.

### B. Uber's Forensics Searches Are More Prejudicial Than Probative.

12 The Court should additionally exclude evidence or argument regarding Defendants'
13 searches for the "downloaded materials" because its probative value is "substantially outweighed"
14 by danger of unfair prejudice, confusing the issues, and misleading the jury.  Fed. R. Evid. 403.
15 As noted in Waymo's prior briefing and as argued at the July 26 hearing, it will be unduly
16 prejudicial to Waymo to allow Defendants to argue that they went to great lengths to search for the
17 "downloaded materials" if Waymo cannot explain why Defendants did so—*i.e.*, because they were
18 ordered to do so—or that Defendants engaged in discovery misconduct throughout the case.  (Dkt.
19 913; Dkt. 1050 - 7/26/17 Hearing Tr., 61:8-65:10, 69:2-73:2.)  There is also a significant danger of
20 confusing the issues and misleading the jury because of the many deficiencies in Uber's expert's
21 searches, and Waymo's inability to take discovery on the full scope of Uber's efforts due to
22 privilege objections.  ████████████████████████████████
23 ████████████████████████████████████████
24 ████████████████████████████████████
25 ████████████████████████████████████████
26 Moreover, he was not able to fully search the most likely location of the stolen files—
27 Levandowski's own computers—having only searched a <u>partial</u> back-up of one of his personal
28 laptops and obtained search results that <u>Levandowski's counsel</u> ran on Levandowski's personal

1  laptops. (*Id.*, 74:10-16, 76:23-77:6.) Those laptops were not made available to Waymo, even
2  though they were indirectly available to Uber's expert via Levandowski's counsel's searches.
3  Although Waymo has ample cross-examination fodder for Uber's expert, there is a significant
4  danger of confusing the issues and misleading the jury given Uber's withholding of information
5  about its searches. Evidence of only a partially disclosed forensic search should be precluded.

## II. THE COURT SHOULD PRECLUDE RELIANCE ON WAYMO'S INSPECTIONS.

Defendants similarly should be precluded from introducing evidence or argument that Waymo conducted inspections at Uber and, according to Defendants, did not find evidence of misappropriation. Defendants do not have admissible evidence from a witness with personal knowledge who can testify about Waymo's inspections, Defendants are again improperly using privilege as a sword and shield, and this information should be precluded under Rule 403.

### A. Defendants Do Not Have Witnesses to Testify About the Inspections.

As Waymo explained in its Motion, the only persons with personal knowledge about the inspections are trial counsel from MoFo or Quinn Emanuel, and they are not on either side's trial witness lists.[2] (Dkt. 1725-2, 1725-4, 1725-5.) In response, Uber argued that "Angela Padilla and other Uber witnesses who were present at the inspections" would testify on this issue. (Dkt. 978, 5.) Defendants cannot rely on Ms. Padilla's testimony on this topic. She was not present at the inspections. (Ex. A - Padilla Depo., 71:7-9) ("███████████████████████████████████████████") All of the information she knows about the inspections is second-hand or privileged. (*Id.*, 72:6-11) ("███████████████████████████████████████████████████████████████████████████████████████████████████") She confirmed that "███████████████████████████████████████████████████████████████" would be privileged. (*Id.*, 73:13-17.) Because the witness Uber identified as having knowledge of the inspections does not have first-hand or non-

---

[2] Mr. Gonzalez is on Waymo's Trial Witness List, but was not present for Waymo's inspections.

privileged information, Uber cannot present this evidence or argument at trial.

Other witnesses on which Uber might have relied to testify about the inspections also cannot do so.  Uber's Adam Kenvarg was the only non-lawyer involved in Waymo's inspections. But, he is not on Uber's Trial Witness List. (Dkt. 1725-4.)  Ms. Yoo testified that she did not have any non-privileged information regarding the inspections. (Ex. C - Yoo Depo., 120:24-121:6.) Waymo's counsel asked Mr. Suhr if he had information about the purported absence of evidence through and during compliance with the Preliminary Injunction Order, and he responded that he had been instructed not to answer. (Ex. B - Suhr Depo., 347:25-348:6.)  No other witnesses on Defendants' Trial Witness Lists attended Waymo's inspections, or know what Waymo's counsel looked at and what Waymo's counsel identified as evidence of misappropriation.

**B.     Evidence of Waymo's Inspections Should be Precluded Under Rule 403.**

Even if Uber tries to introduce this evidence through other means, such as discovery responses[3], evidence or argument about the inspections should be precluded pursuant to Rule 403. Fed. R. Evid. 403.  The danger of delay and wasting time, misleading the jury and confusing the issues, greatly outweighs the probative value of the evidence.  If Defendants introduce evidence of the inspections, that will open the door to Waymo explaining that the Court ordered Defendants to allow them and why.  Waymo will also have to explain how discovery proceeds and that Waymo was not obligated to identify to Uber during the inspections which information is evidence of misappropriation.  Waymo disclosed the evidence it will rely on; the form of discovery that uncovered it is not probative of any issue.  All that is relevant is whether Waymo has evidence of misappropriation, not how or when Waymo discovered it.  Explaining this to the jury will delay and waste time.  There is also danger that the jury will be misled and be confused into thinking that Waymo must prove its evidence was discovered in the inspections.  Thus, Defendants should be precluded from introducing evidence or argument about Waymo's inspections.

For the foregoing reasons and those set forth in Waymo's Motion and at the July 26 hearing, this Court should grant Waymo's Motion *in Limine* No. 4.

---

[3]   Uber propounded RFAs regarding whether evidence was discovered at the inspections.

| | |
|---|---|
| DATED:  October 23, 2017 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>By  */s/ Jordan Jaffe*<br>    Jordan Jaffe<br>    Attorneys for WAYMO LLC |