MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: 212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S NOTICE OF SUBSEQUENT CASE HISTORY IN SUPPORT OF PENDING MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF WAYMO'S DAMAGES EXPERT MICHAEL A. WAGNER**<br><br>Trial Date: December 4, 2017 |

Defendants Uber Technologies, Inc. and Ottomotto LLC hereby submit subsequent case history in support of their pending motion to strike the report and opinions of Michael A. Wagner.

Waymo has taken the position that a jury could base an unjust enrichment award based on the defendants' expected gain at the time of misappropriation rather than its actual gain. (*See* Pl.'s Opp. to Defs.' Mtn. to Exclude Testimony and Opinions of Michael Wagner (Dkt. 1777-3) at 7-8.)

The Federal Circuit has squarely rejected Waymo's position in a case applying California law. The primary case cited by Waymo to support its argument is *Litton Sys., Inc. v. Ssangyong Cement Indus. Co.*, No. C-89-3832 VRW, 1993 WL 317266 (N.D. Cal. Aug. 19, 1993). In *Litton*, the trial court concluded that the appropriate measure for unjust enrichment was the defendant's expected gain at the time of misappropriation rather than its actual gain. *Id.* at *4. Waymo cited this case in support of its position—the only case from this Circuit it cited for this point. However, the Federal Circuit reversed on this very point,[1] expressly rejecting the "expectation" approach to unjust enrichment:

> In cases of trade secret misappropriation, unjust enrichment is normally measured by the defendant's profits on sales attributable to the use of the trade secret. *See Restatement of Unfair Competition* § 45 cmt. f (1995); 1 Melvin F. Jager, *Trade Secrets Law* § 3.03[6][b][i] (1995). The defendant's gain has also been measured by the cost saving that the defendant has realized from using the trade secret. *Id.*; *see also Salsbury Labs., Inc. v. Merieux Labs., Inc.*, 908 F.2d 706, 714 (11th Cir. 1990). **The district court's theory of unjust enrichment as encompassing unrealized expected gain, however, is unsupported in the law of unfair competition and cannot serve as a valid basis for an award of damages in this case.**

*Litton Sys., Inc. v. Ssangyong Cement Indus. Co.*, 107 F.3d 30 (Fed. Cir. 1997) (unpublished) (emphasis added). The Federal Circuit noted that the damages award was based on an erroneous legal principle:

---

[1] The Federal Circuit reversed the *Litton* decision in 1997, and because the expedited briefing schedule did not provide for reply *Daubert* briefs, Uber respectfully submits this supplement to its motion to strike to notify the Court of the Federal Circuit decision.

DEFENDANTS NOTICE OF SUBSEQUENT CASE HISTORY ISO MOTION TO EXCLUDE WAGNER TESTIMONY
Case No. 3:17-cv-00939-WHA
sf-3834231

1

> The parties dispute the state of the record with respect to the evidence regarding saved development costs, and we decline Litton's invitation to uphold the judgment in this case on the theory that the amount of the award was less than the district court could have granted under a different theory. **The district court based its award on an erroneous principle of law**, and we do not attempt to resolve the disputes among the parties regarding whether other, alternative damages theories could validly support a judgment in Litton's favor and how large such a judgment might be.

*Id.* (emphasis added).

This decision is logical. A party cannot account for or return a benefit that it did not actually receive, even if it had previously expected to receive a benefit.

Dated:  October 23, 2017                MORRISON & FOERSTER LLP


                                        By:  */s/ Arturo J. González*
                                             ARTURO J. GONZÁLEZ

                                             Attorneys for Defendants
                                             UBER TECHNOLOGIES, INC.
                                             and OTTOMOTTO LLC

DEFENDANTS NOTICE OF SUBSEQUENT CASE HISTORY ISO MOTION TO EXCLUDE WAGNER TESTIMONY
Case No. 3:17-cv-00939-WHA
sf-3834231

2