QUINN EMANUEL URQUHART & SULLIVAN, LLP
 Charles K. Verhoeven (Bar No. 170151)
 charlesverhoeven@quinnemanuel.com
 David A. Perlson (Bar No. 209502)
 davidperlson@quinnemanuel.com
 Melissa Baily (Bar No. 237649)
 melissabaily@quinnemanuel.com
 John Neukom (Bar No. 275887)
 johnneukom@quinnemanuel.com
 Jordan Jaffe (Bar No. 254886)
 jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>       vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S's PRÉCIS IN SUPPORT OF REQUEST TO FILE MOTION FOR AN ADVERSE INFERENCE JURY INSTRUCTION ON ACCOUNT OF DEFENDANTS' SPOLIATION**<br><br>Date:        TBD<br>Time:       TBD<br>Ctrm:       8, 19th Floor<br>Judge:      Honorable William H. Alsup<br>Trial Date: December 4, 2017 |

Plaintiff Waymo LLC ("Waymo") submits this précis requesting permission to file a motion for an adverse inference jury instruction based on the intentional spoliation of evidence by Defendants Uber, Ottomotto, and Otto Trucking. The record in this case demonstrates numerous instances of Defendants' intentional and bad faith deleting of files and communications relating to Waymo's claims for trade secret misappropriation. As admitted by Defendants themselves, this destruction was done at a time when litigation was reasonably foreseeable. Courts have given adverse inference jury instructions in similar circumstances.

"Spoliation occurs when one destroys or materially alters evidence or fails to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Hynix Semiconductor Inc. v. Rambus, Inc.*, 897 F. Supp. 2d 939, 975 (N.D. Cal. 2012). "When litigation is `reasonably foreseeable' is a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry." *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1326 (Fed. Cir. 2011). "[A] trial court… has the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). The appropriate remedy for the spoliation of relevant evidence is an adverse inference jury instruction. *See, e.g., Cyntegra, Inc. v. IDEXX Labs, Inc.*, 322 Fed. Appx. 569, 572 (9th Cir. 2009) (district court did not abuse discretion in imposing adverse jury instruction for spoliation where party suffered prejudice by being deprived of relevant and non-cumulative evidence to support its case). This remedy is appropriate where (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed, (2) the records were destroyed with a culpable state of mind, and (3) the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Hynix Semiconductor*, 897 F. Supp. 2d at 989-90.

All three elements are met here. Each Defendant had an obligation to preserve evidence by no later than January 2016. Defendants intentionally destroyed evidence after that date in bad faith. And the destroyed evidence was highly relevant to Waymo's trade secret misappropriation claims. Defendants' wide-ranging spoliation warrants an adverse inference instruction.

## I. DEFENDANTS HAVE REPEATEDLY REPRESENTED THAT THEY ANTICIPATED LITIGATION AS FAR BACK AS JANUARY 2016

Defendants had a duty to preserve evidence by no later than January 2016. As Judge Corley recognized, "Uber has told me, since January 2016, they thought this litigation would be coming so everybody knew this litigation would be coming, and sure enough, here it is." (Dkt. 1414 [8/28/2017 Hearing Tr.] at 82:4-6.) Defendants have taken this position repeatedly. (*See*, *e.g.*, Dkt 378 [Suhr Decl.], ¶ 2 ("In late January 2016, Uber contacted Morrison & Foerster ('Mofo') seeking to retain MoFo … Uber retained MoFo for the purpose of obtaining legal advice regarding potential litigation exposure arising out of the transaction, including and in particular, claims that could potentially be brought by Google"); 4/10/2017 Uber Privilege Log at Entry Nos. 2055-2060 (withholding communications from January 2016 because they were made "in anticipation of litigation").)

As courts in this district have recognized, litigation may be reasonably foreseeable when certain claims are specifically contemplated by the parties. *See, e.g., ILWU-PMA Welfare Plan Board Of Trustees v. Connecticut General Life Insurance Company,* No. C 15-02965 (N.D. Cal. January 24, 2017). Here, there can be no doubt that Defendants reasonably foresaw by January 2016 not only litigation generally, but trade secret misappropriation claims from Waymo specifically.

## II. DEFENDANTS SPOLIATED EVIDENCE IN BAD FAITH

A party acts in bad faith when it can be shown that the spoliating party "intended to impair the ability of the potential defendant to defend itself." *Micron*, 645 F.3d at 1326 (quoting *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 80 (3d Cir. 1994)). "The fundamental element of bad faith spoliation is advantage-seeking behavior by the party with superior access to information necessary for

-2-

the proper administration of justice." *Id.* That fundamental element is present in Defendants' spoliation here. Set forth below are just a few examples of Defendants' intentional destruction of evidence. If permitted to file the requested motion, Plaintiff will identify additional acts of spoliation.

First, former Uber CEO Travis Kalanick destroyed evidence. Until just weeks before his deposition, Kalanick had his iPhone on a setting wherein all text messages would automatically delete from the phone after 30 days. (7/27/2017 Kalanick Dep. Tr., at 160:9-161:3.) This led to the destruction of at least 100 text messages between Kalanick and Levandowski. According to the Stroz Report, Kalanick exchanged over 200 text messages with Levandowski prior to March 22, 2016 (Dkt. 1928-24 [Stroz Report] at 9) – but Defendants have produced fewer than 40 of these. Moreover, Nina Qi, a member of Uber's Business Development Group, testified that she deleted all text messages of conversations with Levandowski "which related to the acquisition of Otto," and that she did so at Levandowski's request. (6/22/2017 Qi Dep. Tr., 61:17-63:5; 178:22-23.)

Second, Levandowski claims (without any verification) that he intentionally destroyed evidence in March of 2016 - when he was running Defendants Ottomotto and Otto Trucking – and did so at defendant Uber's direction. In an interview with Stroz, Levandowski stated that he discovered "Google proprietary information" on five disks in his Drobo 5D, and informed Uber of this fact in mid-March 2016. (Dkt. 1928-24 [Stroz Report] at 10.) In response, "[Cameron] Poetzscher instructed Levandowski not to destroy the disks and to preserve them for record keeping purposes." (*Id.*) Kalanick, however, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Stroz Report, Ex. 5 at 15.) The exhibit to the Stroz Report recites that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*) If Levandowski's

statements are to be believed, Uber told him to destroy evidence of misappropriated Waymo information despite anticipating litigation with Waymo about trade secret misappropriation. And in any event, it has not been produced to Waymo. *C.f., Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1056 (S.D. Cal. 2015) (finding that where party willfully failed to produce recording it "has effectively lost or destroyed relevant evidence.").

Third, Defendants Ottomotto and Otto Trucking intentionally destroyed communications relating to the destruction of files. For instance, there are numerous accounts of text messages and chats instructing that files be deleted, such as a March 1, 2016 text from Levandowski to an unknown recipient stating, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Stroz Report, Ex. 31), and a March 9, 2016 deleted message from Levandowski to Ron instructing him to "Make sure you delete all the messages tonight on both your PC and iPhone." (Dkt. 1928-24 [Stroz Report] at 20). The Stroz Report also found that Lior Ron's MacBook Laptop, iPad, and iCloud Backup contained deleted communications with Levandowski "regarding wiping and deleting data." (*Id.* at 19.) So not only was information about downloaded Google files (such as on the Drobo 5D) hidden or destroyed, but Defendants deliberately tried to hide that fact.

Fourth, Defendants have deliberately failed to preserve evidence even after the filing of the complaint. Goodwin Procter, counsel for Otto Trucking (and also Levandowski) obtained from Levandowski in April and/or May of this year two of his personal laptops, and searched them at defendant Uber's direction for this case. (*See*, e.g., Dkt. 2108-3 [10/17/2017 A. Gonzalez Declaration] at 1.) Yet, Defendants did not preserve those laptops so they can be produced to Waymo. Goodwin Procter claims it no longer has them, and all Defendants disclaim any knowledge of where they are or how evidence on them could be made available to Waymo. It is bad faith to search the laptops for Defendants' own benefit, but fail to preserve and produce them to Waymo.

## III. THE EVIDENCE DESTROYED WAS RELEVANT TO WAYMO'S CLAIMS

"In the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it." *Apple*, 888 F. Supp. 2d at 993 (internal citation omitted).  This is true here.  The record is replete with examples showing the evidence destroyed was relevant.  For instance, Levandowski admitted that the 5 disks he purportedly destroyed contained ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ specifically ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉ Stroz Report, Ex. 5 (UBER00312523).  Similarly, Lior Ron deleted a document titled "Chauffeur win plan.docx" shortly before his Stroz interview.  Stroz Report (UBER00312469).  Numerous messages were deleted by employees involved in the Ottomotto acquisition in the time period during which an investigation was conducted to determine if Google proprietary information was taken.  For example, the Stroz Report identified three deleted chat messages between Levandowski and Rhian Morgan, Ottomotto's head of human resources, between February 26 and March 1, 2016, relating to the Shred Works facility (where Levandowski claimed to have gone to destroy the five discs), "and/or the destruction of 'stuff.'" *Id.* at UBER00312461.

## IV. DEFENDANTS' SPOLIATION REQUIRES AN ADVERSE INFERENCE

The appropriate remedy in this case of bad faith spoliation of relevant evidence is an adverse inference jury instruction.  Waymo asks that it be permitted to submit language for a proposed instruction.  *In re Napster*, 462 F.Supp.2d 1060, 1078 (N.D. Cal. 2006) (imposing adverse inference instruction).  At a minimum, the adverse inference should be directed to the existence of the aforementioned files, as well as communications regarding Defendants' destruction of those materials, and their presumed relevance to Waymo's trade secret misappropriation claims.

Accordingly, Waymo requests that this Court grant it permission to file a motion for an adverse inference jury instruction.

1  DATED: October 23, 2017           QUINN EMANUEL URQUHART & SULLIVAN, LLP

2                                                        By : */s/ Melissa Baily*
                                                              Melissa Baily
3                                                             Attorneys for WAYMO LLC