# Exhibit 1

| | |
|---|---|
| **From:** | Gonzalez, Arturo J. <AGonzalez@mofo.com> |
| **Sent:** | Friday, March 31, 2017 9:43 PM |
| **To:** | QE-Waymo |
| **Cc:** | Waymo Internal - Attorneys; Karen Dunn (KDunn@BSFLLP.com); Hamish Hume (hhume@BSFLLP.com) |
| **Subject:** | Today's Production |

Quinn Team,

We will soon be producing documents in compliance with Judge Alsup's order. As we noted in Court, we do not believe that the Google files at issue were brought to or used by Uber. Thus, our production will be relatively light. I want to explain what we did, and what we are producing. First, we spoke with every Uber employee who works in the autonomous vehicle space and who formerly worked at Waymo or Google. Second, we retained a forensics vendor to examine the Uber computer records of the three individuals mentioned in your motion. As you know, one of those individuals no longer works at Uber and left Uber's employment months before this lawsuit was filed. We also examined (1) Uber's Git system used for autonomous development, and (2) the computer records of seven other randomly selected Uber employees who work in the autonomous vehicle space, and who formerly worked at Google and/or Waymo on Chauffeur or LiDAR. Our search was based on the file names and MD5 hash values you have provided, and additional search terms. As a result of these efforts, we were able to locate some documents that may or may not be Google records. In an abundance of caution, we are producing the documents AEO. We ask that you tell us (a) whether the documents are Google/Waymo documents, and (b) whether you contend that they are trade secrets. To the extent that any of the documents are considered by Google/Waymo to be proprietary or trade secret, our preference would be to delete the originals from our client's records. But we did not want to do that without your knowledge and consent. Please let us know if you consent to the permanent deletion of any such records.

As I advised Judge Alsup, we have not reviewed any documents or files that belong to Mr. Levandowski personally.

Finally, pursuant to the order issued today by Judge Alsup, Mr. Levandowski has until noon on Tuesday to serve a motion addressing a privilege log. If he does not file such a motion, we will serve our log on Tuesday. If he does, we will await the Court's ruling and produce a log in compliance with whatever ruling the Court might make.

**Arturo J. González**
Chair, Commercial Litigation and Trial Practice Group
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
P: 415.268.7020 | F: 415.276.7020 | C: 415.425.9548
AGonzalez@mofo.com | www.mofo.com

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.