1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Charles K. Verhoeven (Bar No. 170151)
2     charlesverhoeven@quinnemanuel.com
      David A. Perlson (Bar No. 209502)
3     davidperlson@quinnemanuel.com
      Melissa Baily (Bar No. 237649)
4     melissabaily@quinnemanuel.com
      John Neukom (Bar No. 275887)
5     johnneukom@quinnemanuel.com
      Jordan Jaffe (Bar No. 254886)
6     jordanjaffe@quinnemanuel.com
    50 California Street, 22nd Floor
7   San Francisco, California 94111-4788
    Telephone:     (415) 875-6600
8   Facsimile:     (415) 875-6700

9   Attorneys for WAYMO LLC

10                       UNITED STATES DISTRICT COURT

11         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12  WAYMO LLC,                             CASE NO. 3:17-cv-00939-WHA

13              Plaintiff,                 **PLAINTIFF WAYMO LLC'S
                                           ADMINISTRATIVE MOTION TO FILE
14        vs.                              UNDER SEAL PORTIONS OF ITS
                                           SUPPLEMENTAL OFFER OF PROOF
15  UBER TECHNOLOGIES, INC.;               REGARDING OTTO TRUCKING, AND
    OTTOMOTTO LLC; OTTO TRUCKING           SUPPLEMENTAL BRIEF IN SUPPORT
16  LLC,                                   OF BOTH ITS OPPOSITION TO OTTO
                                           TRUCKING'S MOTION FOR SUMMARY
17              Defendants.                JUDGMENT (DKT. 1526-4) AND ITS
                                           OPPOSITION TO OTTO TRUCKING'S
18                                         MOTION FOR A SEPARATE TRIAL
                                           (DKT. 1934)**

19

20

21

22

23

24

25

26

27

28

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal portions of its Supplemental Offer of Proof Regarding Otto Trucking, and Supplemental Brief in support of both its Opposition to Otto Trucking's Motion for Summary Judgment (Dkt. 1526-4) and its Opposition to Otto Trucking's Motion for a Separate Trial (Dkt. 1934) (collectively, "Supplemental Otto Trucking Brief") and exhibits thereto.  Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Supplemental Otto Trucking Brief | Highlighted Portions | Waymo (green highlighting); Defendants (blue highlighting) |
| Exhibit 1 to the Nardinelli Declaration | Entire Document | Defendants and/or Stroz Friedberg |
| Exhibit 2 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 3 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 4 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 5 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 6 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 7 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 8 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 9 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 10 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 11 to the Nardinelli Declaration | Entire Document | Waymo (green highlighting); Defendants |
| Exhibit 12 to the Nardinelli Declaration | Entire Document | Waymo (green highlighting); Defendants |
| Exhibit 13 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 14 to the Nardinelli | Entire Document | Defendants |

| Declaration | | |
|---|---|---|
| Exhibit 15 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 16 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 17 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 18 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 19 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 20 to the Nardinelli Declaration | Entire Document | Defendants |

## I.   LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*  In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II.   THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the portions of Waymo's Motion and exhibits 11-12 (highlighted green) identified by Waymo in the table above.  Waymo seeks to file this information under seal because it discloses Waymo's trade secrets.  *See* Declaration of Lindsay Cooper ("Cooper Decl.") ¶¶ 3-5.  Courts have determined that trade secret information merits sealing.  *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets").  Confidential business information that,

if released, may "harm a litigant's competitive standing" also merits sealing.  *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978).  Waymo seeks to seal trade secrets that fit squarely within these categories.  Cooper Decl. ¶ 3.  Waymo maintains this information as a trade secret (*see* Dkt. 25-31) and ensures the information remains secret with strict secrecy and security protocols (*see* Dkt. 25-47; Dkt. 25-49.).  *See* Cooper Decl. ¶ 3.  Waymo has narrowly tailored its requests to only information meriting sealing.  *Id.* ¶ 4.  In fact, both *Music Group* and *Brocade* found the confidential information at issue in those cases met the heightened "compelling reasons" standard for sealing.  *Music Grp.*, 2015 WL 3993147, at *1; *Brocade*, 2013 WL 211115, at *1, *3.  The information that Waymo seeks to seal, therefore, also meets this heightened standard.  The disclosure of Waymo's trade secret information would harm Waymo.  Cooper Decl. ¶ 3.  Moreover, the scope of information that Waymo is seeking to seal is consistent with other administrative motions to seal that have already been granted by the Court in this case.  (*See, e.g.*, Dkt. 416, 414, 406, 393, 392.)  Thus, the Court should grant Waymo's administrative motion to seal.

## III.   DEFENDANTS' CONFIDENTIAL INFORMATION

Waymo seeks to seal the portions of Waymo's Motion (highlighted blue) and the entirety of Exhibits 1-20 as identified in the table above, because Waymo believes such information is considered confidential or non-public by Defendants and/or by certain third parties.  Cooper Decl. ¶ 5.  Waymo takes no position as to the merits of sealing any of designated material, and expects Defendants to file declarations in accordance with the Local Rules.

IV.     **CONCLUSION**

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion.  For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's administrative motion to file under seal.


DATED:  October 23, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                        By _/s/ Melissa J. Baily_
                                           Melissa J. Baily
                                           Attorneys for WAYMO LLC