QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

WAYMO LLC,

Plaintiff,

vs.

UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,

Defendants.

CASE NO. 3:17-cv-00939-WHA

**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR LEAVE TO FILE AMENDED LIST OF ELECTED TRADE SECRETS, AMENDED COMPLAINT, SUPPLEMENTAL EXPERT REPORTS AND REVISED WITNESS AND EXHIBIT LISTS**

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal portions of its Motion for Leave to File Amended List of Elected Trade Secrets, Amended Complaint, Supplemental Expert Reports and Revised Witness and Exhibit Lists ("Waymo's Motion") and exhibits thereto. Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Motion | Highlighted Portions | Waymo (green highlighting); Defendants (blue highlighting) |
| Exhibit 1 to the Nardinelli Declaration | Entire Document | Waymo; Defendants |
| Exhibit 2 to the Nardinelli Declaration | Entire Document | Waymo |
| Exhibit 3 to the Nardinelli Declaration | Entire Document | Waymo |
| Exhibit 4 to the Nardinelli Declaration | Entire Document | Waymo; Stroz Friedberg |
| Exhibit 5 to the Nardinelli Declaration | Entire Document | Waymo |
| Exhibit 6 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 7 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 8 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 9 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 11 to the Nardinelli Declaration | Entire Document | Waymo; Defendants |
| Exhibit 12 to the Nardinelli Declaration | Entire Document | Waymo; Defendants |
| Exhibit 13 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 16 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 17 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 18 to the Nardinelli Declaration | Entire Document | Waymo; Defendants |
| Exhibit 19 to the Nardinelli Declaration | Entire Document | Defendants and/or Stroz Friedberg |

| | | |
|---|---|---|
| Exhibit 20 to the Nardinelli Declaration | Entire Document | Anthony Levandowski |
| Exhibit 22 to the Nardinelli Declaration | Entire Document | Waymo; Defendants |
| Exhibit 23 to the Nardinelli Declaration | Entire Document | Waymo; Defendants |
| Exhibit 24 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 25 to the Nardinelli Declaration | Entire Document | Waymo; Defendants |
| Exhibit 28 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 29 to the Nardinelli Declaration | Entire Document | Defendants |
| Exhibit 30 to the Nardinelli Declaration | Entire Document | Defendants and/or Stroz Friedberg |
| Exhibit 31 to the Nardinelli Declaration | Entire Document | Waymo |
| Exhibit 33 to the Nardinelli Declaration | Entire Document | Waymo; Defendants |

## I. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II. THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the portions of Waymo's Motion and exhibits thereto (highlighted green) identified by Waymo in the table above. Waymo seeks to file this information under seal because it discloses Waymo's trade secrets and confidential business information. *See* Declaration of Felipe Corredor ("Corredor Decl.") ¶¶ 3-5. Courts have determined that trade secret information

merits sealing. *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets"). Confidential business information that, if released, may "harm a litigant's competitive standing" also merits sealing. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978). Waymo seeks to seal trade secrets that fit squarely within these categories. Corredor Decl. ¶¶ 3-5. Waymo maintains this information as a trade secret (*see* Dkt. 25-31) and ensures the information remains secret with strict secrecy and security protocols (*see* Dkt. 25-47; Dkt. 25-49.). *See* Corredor Decl. ¶ 4. Waymo has narrowly tailored its requests to only information meriting sealing. *Id.* ¶ 5. In fact, both *Music Group* and *Brocade* found the confidential information at issue in those cases met the heightened "compelling reasons" standard for sealing. *Music Grp.*, 2015 WL 3993147, at *1; *Brocade*, 2013 WL 211115, at *1, *3. The information that Waymo seeks to seal, therefore, also meets this heightened standard. The disclosure of Waymo's trade secret information would harm Waymo. Corredor Decl. ¶ 4. Moreover, the scope of information that Waymo is seeking to seal is consistent with other administrative motions to seal that have already been granted by the Court in this case. (*See, e.g.*, Dkt. 416, 414, 406, 393, 392.) Thus, the Court should grant Waymo's administrative motion to seal.

## III. DEFENDANTS' AND/OR THIRD PARTIES' CONFIDENTIAL INFORMATION

Waymo only seeks to seal the portions of Waymo's Motion and exhibit thereto identified as designated by Defendants and/or third parties identified in the table above because Waymo believes such information is considered confidential or non-public by Defendants and/or by certain third parties. Corredor Decl. ¶ 6. Waymo takes no position as to the merits of sealing any of designated material, and expects Defendants and/or third parties to file declarations in accordance with the Local Rules.

## IV. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion. For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's administrative motion to file under seal.

DATED: October 23, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *<u>/s/ Charles Verhoeven</u>*
Charles Verhoeven
Attorneys for WAYMO LLC