# EXHIBIT D

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
1              UNITED STATES DISTRICT COURT
2            NORTHERN DISTRICT OF CALIFORNIA
3                 SAN FRANCISCO DIVISION
4
5    WAYMO LLC,
6         Plaintiff,
7              vs.              Case No.
8    UBER TECHNOLOGIES, INC.;   17-cv-00939-WHA
9    OTTOMOTTO, LLC; OTTO
10   TRUCKING LLC,
11        Defendants.
     _____
12
13      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
14
15         VIDEOTAPED DEPOSITION OF PAUL FRENCH
16              San Francisco, California
17              Tuesday, October 3, 2017
18                      Volume I
19
20
21   REPORTED BY:
22   REBECCA L. ROMANO, RPR, CSR No. 12546
23   JOB NO. 2715705
24
25   PAGES 1 - 276
```

Page 1

| | | |
|---|---|---|
| 1 | meeting with Stroz and Uber's counsel? | 11:49:44 |
| 2 |     A.   I would -- | |
| 3 |         MR. BAKER:  Counsel, again, please let | |
| 4 | the witness finish his answer. | |
| 5 |         MS. RAY:  I believe I did. | 11:49:50 |
| 6 |         MR. BAKER:  I think he was still going. | |
| 7 | Just for the benefit of the court reporter, too, | |
| 8 | you guys have started talking over each other a | |
| 9 | little bit. | |
| 10 |     Q.  (By Ms. Ray)  So you were aware of this | 11:49:57 |
| 11 | meeting between Mr. Beller and Stroz and Uber's | |
| 12 | counsel, correct? | |
| 13 |     A.   Correct. | |
| 14 |     Q.  And you also were aware that Uber's | |
| 15 | systems were available for inspection, correct? | 11:50:17 |
| 16 |         MR. BAKER:  Objection to form. | |
| 17 |         THE DEPONENT:  I was not aware, no. | |
| 18 |     Q.  (By Ms. Ray)  Okay.  If you could turn to | |
| 19 | page 6 of Exhibit 2997, Mr. Faulkner's report. | |
| 20 |     A.   I'm sorry.  Page 6. | 11:50:49 |
| 21 |     Q.  Yes, please.  This is part of | |
| 22 | section III of his report, "Materials Considered." | |
| 23 |         Do you see at the top bullet there it | |
| 24 | says "Systems at Uber made available for inspection | |
| 25 | (Available for further inspection upon Waymo's | 11:51:04 |

| | | |
|---|---|---|
| 1 | request)." | 11:51:07 |
| 2 | Do you see that? | |
| 3 | A. I do. | |
| 4 | Q. You didn't ask to see any of the systems | |
| 5 | that were available for inspection, correct? | 11:51:12 |
| 6 | A. Not as it relates to evaluating this | |
| 7 | report, no. | |
| 8 | Q. Even though you saw that that was among | |
| 9 | the materials that Mr. Faulkner considered, | |
| 10 | correct? | 11:51:25 |
| 11 | MR. BAKER: Objection to form. | |
| 12 | THE DEPONENT: Well, I -- that's the way | |
| 13 | I took that statement. I just took a statement as | |
| 14 | open-ended. If in the future they wanted | |
| 15 | additional inspections or additional work done, | 11:51:46 |
| 16 | they could request it. Waymo could request it. | |
| 17 | Q. (By Ms. Ray) But you didn't ask Waymo to | |
| 18 | request inspections so that you could look at Uber | |
| 19 | systems, correct? | |
| 20 | A. Not for this report, no. | 11:51:59 |
| 21 | Q. And if you look at page 5 of | |
| 22 | Exhibit 2997, Mr. Faulkner's report. | |
| 23 | A. I'm sorry. What -- what was that again? | |
| 24 | Q. Page 5. | |
| 25 | A. Page 5. | 11:52:12 |

Page 82

| | | |
|---|---|---|
| 1 | Q.  The last bullet point, it says | 11:52:16 |
| 2 | "Relativity instance hosted by Stroz Friedberg," | |
| 3 | and then it names the relativity instance, | |
| 4 | "(Available for further inspection upon Waymo's | |
| 5 | request)." | 11:52:26 |
| 6 | Do you see that? | |
| 7 | A.  I do. | |
| 8 | Q.  You didn't ask to see that relativity | |
| 9 | instance, did you? | |
| 10 | A.  I did not, no. | 11:52:32 |
| 11 | Q.  And then you see there's another | |
| 12 | relativity instance listed above that was also | |
| 13 | available for inspection upon Waymo's request. | |
| 14 | You also didn't ask to inspect that, | |
| 15 | correct? | 11:52:44 |
| 16 | A.  Correct.  I wasn't sure if that was | |
| 17 | already done or not. | |
| 18 | Q.  Okay.  When you say you weren't sure | |
| 19 | whether that was done or not, you mean by Waymo's | |
| 20 | counsel? | 11:52:53 |
| 21 | A.  Correct. | |
| 22 | Q.  Did you ask Waymo's counsel whether it | |
| 23 | had been done or not? | |
| 24 | A.  I did not, no. | |
| 25 | Q.  And you see on page 5, the sixth bullet | 11:53:01 |

1    I, Rebecca L. Romano, a Certified Shorthand
2    Reporter of the State of California, do hereby
3    certify:
4    That the foregoing proceedings were taken
5    before me at the time and place herein set forth;
6    that any witnesses in the foregoing proceedings,
7    prior to testifying, were administered an oath;
8    that a record of the proceedings was made by me
9    using machine shorthand which was thereafter
10   transcribed under my direction; that the foregoing
11   transcript is true record of the testimony given.
12    Further, that if the foregoing pertains to the
13   original transcript of a deposition in a Federal
14   Case, before completion of the proceedings, review
15   of the transcript [ ] was [x] was not requested.
16    I further certify I am neither financially
17   interested in the action nor a relative or employee
18   of any attorney or any party to this action.
19    IN WITNESS WHEREOF, I have this date
20   subscribed my name.
21    Dated:  October 4, 2017
22
23   *[signature: Rebecca L. Romano]*
24    Rebecca L. Romano, RPR,
25    CSR. No 12546