# EXHIBIT D

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3               SAN FRANCISCO DIVISION

4

5    WAYMO LLC,

6         Plaintiff,

7              vs.           Case No.

8    UBER TECHNOLOGIES, INC.; 17-cv-00939-WHA

9    OTTOMOTTO, LLC; OTTO

10   TRUCKING LLC,

11        Defendants.

     _____

12

13      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

14

15        VIDEOTAPED DEPOSITION OF PAUL FRENCH

16             San Francisco, California

17            Tuesday, October 3, 2017

18                   Volume I

19

20

21   REPORTED BY:

22   REBECCA L. ROMANO, RPR, CSR No. 12546

23   JOB NO. 2715705

24

25   PAGES 1 - 276

                                        Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | meeting with Stroz and Uber's counsel? | 11:49:44 |
| 2 | A.   I would -- | |
| 3 | MR. BAKER:  Counsel, again, please let | |
| 4 | the witness finish his answer. | |
| 5 | MS. RAY:  I believe I did. | 11:49:50 |
| 6 | MR. BAKER:  I think he was still going. | |
| 7 | Just for the benefit of the court reporter, too, | |
| 8 | you guys have started talking over each other a | |
| 9 | little bit. | |
| 10 | Q.   (By Ms. Ray)  So you were aware of this | 11:49:57 |
| 11 | meeting between Mr. Beller and Stroz and Uber's | |
| 12 | counsel, correct? | |
| 13 | A.   Correct. | |
| 14 | Q.   And you also were aware that Uber's | |
| 15 | systems were available for inspection, correct? | 11:50:17 |
| 16 | MR. BAKER:  Objection to form. | |
| 17 | THE DEPONENT:  I was not aware, no. | |
| 18 | Q.   (By Ms. Ray)  Okay.  If you could turn to | |
| 19 | page 6 of Exhibit 2997, Mr. Faulkner's report. | |
| 20 | A.   I'm sorry.  Page 6. | 11:50:49 |
| 21 | Q.   Yes, please.  This is part of | |
| 22 | section III of his report, "Materials Considered." | |
| 23 | Do you see at the top bullet there it | |
| 24 | says "Systems at Uber made available for inspection | |
| 25 | (Available for further inspection upon Waymo's | 11:51:04 |

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    request)."                                           11:51:07

2          Do you see that?

3       A.   I do.

4       Q.   You didn't ask to see any of the systems

5    that were available for inspection, correct?        11:51:12

6       A.   Not as it relates to evaluating this

7    report, no.

8       Q.   Even though you saw that that was among

9    the materials that Mr. Faulkner considered,

10   correct?                                             11:51:25

11          MR. BAKER:  Objection to form.

12          THE DEPONENT:  Well, I -- that's the way

13   I took that statement.  I just took a statement as

14   open-ended.  If in the future they wanted

15   additional inspections or additional work done,     11:51:46

16   they could request it.  Waymo could request it.

17      Q.   (By Ms. Ray)  But you didn't ask Waymo to

18   request inspections so that you could look at Uber

19   systems, correct?

20      A.   Not for this report, no.                     11:51:59

21      Q.   And if you look at page 5 of

22   Exhibit 2997, Mr. Faulkner's report.

23      A.   I'm sorry.  What -- what was that again?

24      Q.   Page 5.

25      A.   Page 5.                                       11:52:12

Page 82

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1      Q.   The last bullet point, it says                    11:52:16

2   "Relativity instance hosted by Stroz Friedberg,"

3   and then it names the relativity instance,

4   "(Available for further inspection upon Waymo's

5   request)."                                                 11:52:26

6           Do you see that?

7      A.   I do.

8      Q.   You didn't ask to see that relativity

9   instance, did you?

10     A.   I did not, no.                                     11:52:32

11     Q.   And then you see there's another

12  relativity instance listed above that was also

13  available for inspection upon Waymo's request.

14          You also didn't ask to inspect that,

15  correct?                                                   11:52:44

16     A.   Correct.  I wasn't sure if that was

17  already done or not.

18     Q.   Okay.  When you say you weren't sure

19  whether that was done or not, you mean by Waymo's

20  counsel?                                                   11:52:53

21     A.   Correct.

22     Q.   Did you ask Waymo's counsel whether it

23  had been done or not?

24     A.   I did not, no.

25     Q.   And you see on page 5, the sixth bullet           11:53:01

Page 83

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1     I, Rebecca L. Romano, a Certified Shorthand

2   Reporter of the State of California, do hereby

3   certify:

4     That the foregoing proceedings were taken

5   before me at the time and place herein set forth;

6   that any witnesses in the foregoing proceedings,

7   prior to testifying, were administered an oath;

8   that a record of the proceedings was made by me

9   using machine shorthand which was thereafter

10  transcribed under my direction; that the foregoing

11  transcript is true record of the testimony given.

12     Further, that if the foregoing pertains to the

13  original transcript of a deposition in a Federal

14  Case, before completion of the proceedings, review

15  of the transcript [ ] was [x] was not requested.

16     I further certify I am neither financially

17  interested in the action nor a relative or employee

18  of any attorney or any party to this action.

19     IN WITNESS WHEREOF, I have this date

20  subscribed my name.

21     Dated:  October 4, 2017

22

23

24     Rebecca L. Romano, RPR,

25     CSR. No 12546

Page 276

Veritext Legal Solutions
866 299-5127