Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant: Otto Trucking LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | Case No. 3:17-cv-00939-WHA <br><br> **OTTO TRUCKING'S OPPOSITION TO WAYMO'S PRÉCIS RE: ADVERSE INFERENCE INSTRUCTION [DKT. 2052]** <br><br> Date : October 26, 2017 <br> Courtroom: 8-19th Floor <br> Judge: Hon. William H. Alsup <br> Trial: October 10, 2017 |

The Court should deny Plaintiff Waymo, LLC's ("Waymo") Précis in Support of Request to File Motion for an Adverse Inference Jury Instruction (the "Précis").  Dkt. No. 2052.  This is for at least four reasons:  *First*, Waymo's Précis is not permitted by the Court's Orders, and is untimely.  *Second*, the Précis does not refer to any conduct relating to *Otto Trucking* in this litigation.  *Third*, Otto Trucking could not have spoliated evidence relating to Anthony Levandowski's laptops because Otto Trucking never had Mr. Levandowski's laptop.  And *fourth*, Waymo has suffered no prejudice warranting the adverse inference here.

I.  **This Précis Was Not Permitted By The Court's Orders And Is Untimely.**

The Court's October 4 Order is not an open invitation for Waymo to bring endless motions seeking to revisit already rejected motions.  Dkt. No. 1954.  But Waymo's Précis—one of seven motions it filed on October 23—seeks to do exactly that.  The Précis once again seeks an adverse inference instruction for spoliation based on the Stroz report.  No such inference is warranted, and Waymo's recidivist motion should be denied.

Waymo's Précis was not permitted by the Court's Orders and, on that basis alone, should be denied.  The Court's October 4 Order permitted Waymo to file motions relating to "[a]ny request by Waymo to amend its list of asserted trade secrets for trial, expert reports, or lineup of trial exhibits and witnesses must be made via a formal motion."  *Id.*  Moreover, by the Court's October 16 Order, the parties were allowed to supplement any "currently-pending motion based on newly-discovered evidence," by October 23.  Dkt. No. 2009.  The Court's order did not authorize the wholesale filing of *entirely new* motions based on discovery in this late stage of the litigation. Dkt. No. 1954 at 2 ("[E]xcept for discovery disputes, no new motion (or supplement to any pending motion) may be filed in this action without the Court's advance permission.").  Notwithstanding the Court's October 4 and 16 Orders, Waymo seeks in this submission to explore evidentiary issues it never raised before, despite the fact that it sat on this information for months.

The issues Waymo identifies in its Précis are all things it has known for quite some time and could have raised in earlier motion practice.  Otto Trucking addresses just a few of Waymo's untimely assertions below.

1

Waymo complains about deleted text messages and the destruction of the Drobo 5D discs, but it has known about these facts since long before the Stroz discovery occurred. Waymo was aware of an auto-delete function on Mr. Kalanick's cell phone as early as July 27, 2017, during Mr. Kalanick's deposition. *See* Précis at 3 (citing to 07/27/17 transcript of Mr. Kalanick's deposition). And, Waymo knew about Nina Qi's cell phone activity as early as June 22, 2017. *Id.* (citing to 06/22/17 transcript of Ms. Qi's deposition). The same pertains to the Drobo 5D discs, which Waymo now claims was new information learned through the Stroz report. *See id.* at 3–4. Not so. Waymo has known about these five discs for months, since at least as early as July 27 during Mr. Kalanick's deposition, and it examined Mr. Kalanick about this very issue. *See* 07/27/17 Kalanick Dep. Tr. at 22:8–25:8.

Waymo also claims that Defendants in bad faith failed to preserve evidence related to Anthony Levandowski's laptops. Précis at 4. Goodwin Procter has repeatedly explained to Waymo that Otto Trucking never possessed these laptops. Dkt. No. 2019-1 ¶ 5. But Waymo knew about Mr. Levandowski's laptops since at least September 7. That is the date when Uber's expert witness Kevin Faulkner served his expert report on Waymo, and disclosed to Waymo the existence of the computers, as well as Goodwin Procter's search of them, now more than a month and a half ago. *See id.* ¶ 7. In response to this information, Waymo again did nothing.

Rather than act on this months-old information, Waymo has unreasonably delayed until October 23 to file this Précis. This Précis is an attempt to get around the limits the Court put in place surrounding motions such as this one. The Court did not permit Waymo to seek open-ended motion practice. It is clear that Waymo intends to try to use the Court's October 4 and October 16 Orders as a discovery "do-over"—to seek an adverse inference again as a catch-all for what it failed to do before.

## II.   There Is No Evidence Of Any Spoliation By Otto Trucking.

Waymo's Précis also fails to set forth any facts attributable to Otto Trucking. Waymo's Précis wrongly suggests—again—that *Otto Trucking* spoliated evidence because *Anthony Levandowski* has asserted his Fifth Amendment rights and, prior to litigation, allegedly destroyed a hard drive. *See* Précis at 3 ("Levandowski claims (without any verification) that he intentionally

2

destroyed evidence in March of 2016—when he was running Defendants Ottomotto and Otto Trucking—and did so at defendant Uber's direction."). Waymo's Précis fails to offer *any* indication or evidence that suggests Mr. Levandowski acted on behalf of Otto Trucking when he took these actions. *See generally id.* at 2–4.

During the Court's September 20 hearing, it gave Waymo one more opportunity to sift through the recently produced Stroz information and show that Mr. Levandowski was "wearing his Otto Trucking hat." 09/20/17 Hearing Tr. at 67. Over a month of discovery later, Waymo has proffered no evidence that any of the accusations against Mr. Levandowski were done while he was "wearing his Otto Trucking hat." In fact, the only evidence adduced is from Lior Ron who squarely rejected such an assertion. Mr. Levandowski did not have any Otto Trucking hat, because Otto Trucking had no business operations—a fact that is undisputed at this late point in the litigation.

### III.     There Was No Spoliation Of Anthony Levandowski's Laptops.

Waymo incorrectly suggests that Goodwin Procter acted in bad faith by searching Mr. Levandowski's laptops "for Defendants' own benefit, but fail[ed] to preserve and produce them to Waymo." Précis at 4. Goodwin Procter was acting as Mr. Levandowski's personal counsel when it took temporary custody of, and searched, Mr. Levandowski's laptops. Dkt. No. 2019-1 ¶¶ 5–6. It was not as Otto Trucking's counsel. *Id.* Otto Trucking could not have spoliated evidence relating to the laptops because Otto Trucking never had, and does not have Mr. Levandowski's laptops. *Id.* ¶ 5. Otto Trucking has repeatedly stated this fact to Waymo's counsel. *Id.*

Despite having clear knowledge of Goodwin Procter's representation of Mr. Levandowski in pending arbitration proceedings initiated by Google, Waymo stubbornly refuses to recognize that Mr. Levandowski and Otto Trucking are separate. Otto Trucking does not have access to Mr. Levandowski's materials and, as a result, Waymo subpoenaed him. As the Court is well aware, to the extent Waymo moved to compel against Mr. Levandowski, he properly asserted his Fifth Amendment rights against production. Waymo cannot circumvent Mr. Levandowski's assertion by simply alleging Otto Trucking was a custodian of devices it never had.

Waymo appears to complain that Mr. Levandowski chose to provide Uber documents back

3

to Uber after they fired him.  Précis at 4–5.  But this too has been explained to Waymo multiple times.  At Uber's request, Goodwin ran searches of Mr. Levandowski's devices and provided the results to Uber on behalf of Mr. Levandowski.  *See* Dkt. Nos. 2018-3 ¶¶ 2–3; 2019-1 ¶ 6.  Mr. Levandowski maintains his Fifth Amendment rights as to the devices.  None of this has anything to do with Otto Trucking.

Waymo's Précis is just an attempt to rehash the same argument that the Court soundly rejected.  As it noted in its July 12, 2017 Order, "Waymo's complaint that Mr. Levandowski knows where the material he downloaded from Waymo is located, and therefore Otto Trucking must know, is disingenuous.  As Waymo is well aware, Mr. Levandowski has refused to cooperate with any discovery in this matter on Fifth Amendment grounds."  Dkt. No. 881 at 3.

### IV.    Waymo Cannot Point To Any Prejudice It Suffered In Connection With The Alleged Acts Of Spoliation.

Waymo fails to establish any prejudice from the alleged spoliation.  "In considering what spoliation sanction to impose, if any, courts generally consider the degree of prejudice suffered by the opposing party."  *Nursing Home Pension Fund v. Oracle Corp.*, 254 F.R.D. 559, 563 (N.D. Cal. 2008) (quoting *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)); *see In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1066–67 (N.D. Cal. 2006).  Consistent with this principle, some courts have denied requests for an adverse inference instruction even where the three-part test for spoliation was satisfied, upon concluding that the degree of fault and level of prejudice were insufficient to justify imposition of the sanction.  *See, e.g.*, *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 161–62 (2d Cir.2012) (holding that district court did not abuse its discretion in denying an adverse inference instruction notwithstanding a finding of spoliation); *Hamilton v. Signature Flight Support Corp.*, No. C 05–0490 CW(MEJ), 2005 WL 3481423, at *6–9 (N.D. Cal. Dec. 20, 2005).

Here, Waymo has not shown how an adverse inference jury instruction is the appropriate remedy because it fails to show how it was prejudiced by any alleged spoliation by Otto Trucking.  Indeed, Waymo does not even state with any precision what specific fact it seeks to apply an adverse inference to.  The Précis instead states in generalized claims that Defendants acted in bad

4

faith which warrant an adverse inference instruction, without any reference to how the act is attributable to Otto Trucking, and what disputed issue of fact the adverse inference should be applied to.

The fact is Waymo cannot show prejudice because it has not suffered any. At the time the five Drobo 5D discs and certain text messages were deleted, all of these actions involving Anthony Levandowski or Lior Ron predated the Uber-Ottomotto acquisition. *See, e.g.*, Dkt. No. 1928-24. In fact, these actions occurred during, and some in connection with, the due diligence investigation to ensure that none of Waymo's confidential information found its way to Uber's self-driving technology. *Id.* To the extent any Waymo confidential information was destroyed in the course of Uber negotiating an acquisition with Ottomotto and Otto Trucking, Waymo was not prejudiced for the simple reason that the information did not reach Uber.

The same conclusion pertains to Waymo's argument about Mr. Levandowski's laptops. Waymo claims that "Defendants did not preserve those laptops so they can be produced to Waymo." Précis at 4. But the laptops would not have been produced to Waymo because Mr. Levandowski has asserted his Fifth Amendment rights. *See* Dkt. No. 881 at 3. To the extent that there were any relevant materials on the laptops, they would have been part of Mr. Levandowski's *in camera* Fifth Amendment privilege review in response to Waymo's subpoenas to Mr. Levandowski, and not accessible to Waymo. *See* Dkt. 802 (order denying Waymo's motion to compel following *in camera* review of log of materials subject to Fifth Amendment rights). But this is not an issue for Otto Trucking in this Précis seeking adverse inference instructions. It is an issue to be resolved in Waymo's pending Motion to Compel. *See* Dkt. Nos. 1994, 2019.

And even so, whatever may have been on Mr. Levandowski's laptops, Waymo has been unable to show any of it was communicated or used by Otto Trucking. The absence of such corroborating evidence is unsurprising because Otto Trucking develops no technologies, uses neither Fuji nor Spider, and has no employees. 10/02/17 Ron Dep. Tr. at 80:8–87:2. It exists solely as a company to hold physical trucks. *Id.* at 84:18–85:9. Without any corroborating evidence of what confidential Waymo information Otto Trucking may have used, Waymo has no basis to argue prejudice.

5

**V.      Conclusion**

For the foregoing reasons, Defendant Otto Trucking LLC respectfully requests an Order from the Court DENYING Waymo's Précis in Support of Request to File Motion for an Adverse Inference Jury Instruction on Account of Defendants' Spoliation.

Dated:  October 25, 2017             Respectfully submitted,

By:      */s/   Brett Schuman*
Neel Chatterjee
*nchatterjee@goodwinlaw.com*
Brett Schuman
*bschuman@goodwinlaw.com*
Shane Brun
*sbrun@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
Hong-An Vu
*hvu@goodwinlaw.com*
Hayes P. Hyde
*hhyde@goodwinlaw.com*
James Lin
*jlin@goodwinlaw.com*
**GOODWIN PROCTER LLP**

*Attorneys for Defendant:* Otto Trucking LLC

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document including all of its attachments with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **October 25, 2017**. I further certify that all participants in the case are registered CM/ECF users and that service of the publicly filed documents will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **October 25, 2017**.

/s/   *Brett Schuman*
           Brett Schuman