Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant: Otto Trucking LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANT OTTO TRUCKING'S RESPONSE TO WAYMO'S SUPPLEMENTAL OPPOSITION TO OTTO TRUCKING'S MOTION FOR A SEPARATE TRIAL [DKT. 2056]**<br><br>Date : October 25, 2017<br>Courtroom: 8, 19th Floor<br>Judge: Hon. William H. Alsup<br>Trial: December 4, 2017 |

## I. THE COURT SHOULD GRANT OTTO TRUCKING'S MOTION FOR SEPARATE TRIAL

No "newly discovered details regarding the scope of the Stroz investigation" alter or in any way diminish the fact that Waymo's theories of liability against Otto Trucking have nothing to do with Uber.  Waymo still pins all of its claims against Otto Trucking on an imputation theory based on actions by Otto Trucking's principals.  The claims against Otto Trucking should be tried separately to simplify the proceedings as to Uber, to reduce juror confusion, and to avoid prejudice to Otto Trucking.

As Otto Trucking has stated in this brief and in its original motion for a new trial, Otto Trucking does not develop LiDAR and does not use any of the original nine Elected Trade Secrets.  Declaration of Shane Brun ("Brun Decl.") Ex. 1, *Motion for Separate Trial* at 6; *see also* Brun Decl. Ex. 2, *Otto Trucking's Supplement to Motion for Summary Judgment* at 2.  Nothing in the Stroz materials changes these facts, nor does the addition of two new trade secrets by Waymo.  Otto Trucking owns and leases trucks.  It does no development.  *Supplement* at 2 (Q.  So during the same time period that I just asked about in my prior question, did Otto Trucking do any work on developing any LiDAR systems?. . . THE WITNESS: No, I don't believe so.  As I said before, Otto Trucking didn't have any employees, didn't engage in any R&D activities and, as pertains to both, didn't have any LiDAR activity whatsoever."  Brun Decl. Ex. 3, Dep. of Lior Ron dated 10/2/17 at 376:12-377:6).  Any work performed on trucks owned or leased by Otto Trucking is conducted by Uber employees installing LiDAR equipment purchased from third-party Velodyne LiDAR that have not been alleged to contain any of Waymo's alleged trade secrets.  This includes any work relating to the "planner" that Waymo now contends is at issue.  Dkt. 1423 *Defendants' Motion for Summary Judgment* at 17.  All software work is also performed by Uber—not Otto Trucking.

Consequently, Waymo has no theory of misappropriation by use against Otto Trucking and thus, Otto Trucking should be separately tried.  Indeed, the directions for use for the applicable CACI instructions on misappropriation state that to avoid confusion, the jury should only be

1

DEFENDANT OTTO TRUCKING'S RESP. TO WAYMO'S SUPP. OPP TO OTTO TRUCKING'S MOTION FOR A SEPARATE TRIAL CASE NO.  3:17-CV-00939-WHA

instructed as to the applicable theories of misappropriation. *See* CACI 4401, 4405. These directions weigh in favor of a separate trial for Otto Trucking.

Waymo's theory that Otto Trucking is liable for misappropriation by acquisition through the actions of some of its shareholders is unique to Otto Trucking and distinct from Waymo's use liability theories against Uber and Ottomotto. *See Ex. 1, Motion for Separate Trial* at 3. After originally arguing that Otto Trucking was vicariously liable for the alleged downloading of 14,000 files by Mr. Levandowski before Otto Trucking was formed, at the summary judgment hearing on September 20, Waymo argued for the first time that Otto Trucking could be liable because an exhibit to the Stroz Report indicated Mr. Levandowski allegedly viewed documents after Otto Trucking's formation. *Id.* (citing 9/20 hearing). While Waymo still bases its claims against Otto Trucking on Exhibit 16, this theory in no way weighs in favor of denying Otto Trucking's motion for a separate trial as this narrow and discrete issue is entirely distinct from the theory of use as to Uber. *Id.* This singular exhibit in the Stroz report should not force Otto Trucking to participate in a trial that has nearly nothing to do with it. A separate trial would be less confusing for a jury and less prejudicial to Otto Trucking, and is not likely to require the repeat appearance of a large number of witnesses as Waymo contends.

In addition, Stroz cannot be a significant factor as to Otto Trucking as Waymo has successfully argued that Otto Trucking had nothing to do with the Stroz report and had no standing to object to its disclosure. *See Ex. 1, Motion for Separate Trial* at 6 (citing Dkt. No. 670 at 6–7; Dkt. No. 745). Mr. Levandowski and Mr. Ron did not participate in the Stroz investigation ""in their capacity as Otto Trucking executives." Brief at 14. In fact, Levandowski and Ron "do not assert that [they] gave documents and interviews to Stroz in their capacity as Otto Trucking executives." Brun Decl. Ex. 4, Dkt. 670 at7. Waymo is judicially estopped from now arguing that Uber's (and [Uber's] lawyers') reactions to the Stroz findings" somehow implicates Otto Trucking and should not now be allowed to take the position that the Stroz materials should play a significant role as to Otto Trucking which would warrant a trial with Uber. Keeping Otto Trucking in a jury trial with Uber and Ottomotto, wholly separate and distinct entities, will only serve to confuse the jury, lead to conflation of the issues, and prejudice Otto Trucking.

2

**II.    CONCLUSION**

For the foregoing reasons, the Court should grant Otto Trucking's motion for a separate trial to promote efficiency, reduce jury confusion, and avoid prejudice to Otto Trucking.

Dated:  October 25, 2017                                    Respectfully submitted,

By:    */s/    Hong-An Vu*
Neel Chatterjee
*nchatterjee@goodwinlaw.com*
Brett Schuman
*bschuman@goodwinlaw.com*
Shane Brun
*sbrun@goodwinlaw.com*
Rachel M. Walsh
*rwalsh@goodwinlaw.com*
Hong-An Vu
*hvu@goodwinlaw.com*
Hayes P. Hyde
*hhyde@goodwinlaw.com*
James Lin
*jlin@goodwinlaw.com*
**GOODWIN PROCTER LLP**

*Attorneys for Defendant:* Otto Trucking LLC

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document including all of its attachments with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **October 25, 2017**. I further certify that all participants in the case are registered CM/ECF users and that service of the publicly filed documents will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **October 25, 2017**.

/s/            *Hong-An Vu*

1

DEFENDANT OTTO TRUCKING'S OPP. TO WAYMO'S SUPP. OPP TO OTTO TRUCKING'S MSJ, AND SUPP. OPP. TO OTTO TRUCKING'S MOTION FOR A SEPARATE TRIAL    CASE NO. 3:17-CV-00939-WHA