# *EXHIBIT 3*

# *EXHIBIT 3*

```
 1            UNITED STATES DISTRICT COURT

 2           NORTHERN DISTRICT OF CALIFORNIA

 3              SAN FRANCISCO DIVISION

 4                    --oOo--

 5   WAYMO LLC,

 6              Plaintiff,

 7

     vs.                          Case No. 3:17-cv-00939-WHA

 8

 9   UBER TECHNOLOGIES, INC.;

     OTTOMOTTO LLC; OTTO TRUCKING LLC,

10              Defendants.

11   _____/

12

13     HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

14

15         30(b)(6) VIDEOTAPED DEPOSITION OF

16              LIOR RON, VOLUME II

17             MONDAY, OCTOBER 2, 2017

18

19

20   Reported by:

21   Anrae Wimberley

22   CSR No. 7778

23   Job No. 2716667A

24

25   Pages 312 - 616

                                            Page 312
```

```
 1   BY MR. CHERNY:                                              10:25:17

 2       Q.   When you say "preparing for," right now I

 3   just want to make it clear.

 4            I'm focusing on the decision to commission

 5   the Stroz report, not the preparation for the               10:25:25

 6   report.

 7            Do you understand the clarification?

 8       A.   I do now.  Thanks for clarifying.

 9       Q.   Okay.  Did Lior Ron have any part in the

10   conversations that led to the commissioning of the          10:25:36

11   Stroz report?

12       A.   I don't recall exactly.  I believe this

13   was raised from the lawyers.  And my contribution

14   was following up and preparing for that process.

15       Q.   Did you have any participation in choosing         10:25:54

16   Stroz versus any other forensics organization?

17       A.   No, I did not.

18       Q.   Okay.  Did you know anyone prior to that

19   time at Stroz Friedberg?

20       A.   No, I did not.                                     10:26:10

21       Q.   Did Ottomotto have any interactions or

22   business with Stroz Friedberg?

23       A.   I do not believe so.

24       Q.   Okay.  So we know that you've already

25   looked at the report.  So there's no issues, I take         10:26:21
```

Page 376

```
 1    it, in terms of confidentiality with looking at the        10:26:23

 2    report; is that correct?

 3            You raised the --

 4       A.   I'm not a legal expert, but I've looked at

 5    the report before.                                          10:26:34

 6       Q.   Okay.  Did you look at the re- -- when was

 7    the first time you saw the report?

 8       A.   I believe near the time it was published

 9    or shared.

10       Q.   Okay.  Why, from Ottomotto's perspective,           10:26:45

11    would you have been looking at that report?

12       A.   Well, at first I was looking at the report

13    for my personal capacity to see the section that

14    pertained to me.

15       Q.   Okay.  That was first.  That suggests               10:27:02

16    there was another thing that was going to follow

17    first.

18       A.   That's how --

19       MR. RABIN:  Just give me a second.

20            Objection; form.                                    10:27:10

21       MR. CHERNY:  And I really don't mind if you go

22    slowly and help Mr. Rabin out.

23    BY MR. CHERNY:

24       Q.   So I asked you, again, from Ottomotto's

25    perspective, why you were looking at it.                    10:27:17
```

Page 377

```
 1         FEDERAL CERTIFICATE OF DEPOSITION OFFICER
 2         I, ANRAE WIMBERLEY, CSR NO. 7778, do hereby
 3   declare:
           That, prior to being examined, the witness
 4   named in the foregoing deposition was by me duly
     sworn pursuant to Section 30(f)(1) of the Federal
 5   Rules of Civil Procedure and the deposition is a
 6   true record of the testimony given by the witness;
           That said deposition was taken down by me in
 7   shorthand at the time and place therein named and
 8   thereafter reduced to text under my direction;
 9         --X---    That the witness was requested to
     review the transcript and make any changes to the
10   transcript as a result of that review pursuant to
11   Section 30(e) of the Federal Rules of Civil
     Procedure;
12         -----    No changes have been provided by the
13   witness during the period allowed;
14         -----    The changes made by the witness are
     appended to the transcript;
15         -----    No request was made that the
16   transcript be reviewed pursuant to Section 30(e) of
     the Federal Rules of Civil Procedure.
17         I further declare that I have no interest in
18   the event of the action.
           I declare under penalty of perjury under the
19   laws of the United States of America that the
20   foregoing is true and correct.
21         WITNESS my hand this 3rd day of October, 2017.
22
23
24                  [signature: Anrae Wimberley]

25         ANRAE WIMBERLEY, CSR NO. 7778


                                                  Page 616
```