MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: 212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OPPOSITION TO WAYMO'S SUPPLEMENTAL BRIEF IN SUPPORT OF WAYMO'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OF UBER'S SEARCH FOR THE DOWNLOADED FILES**<br><br>Trial Date: December 4, 2017 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Defendants' Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") submit this opposition to Waymo's supplemental brief in support of Waymo's motion *in limine* seeking to preclude evidence or argument about Uber's search for the downloaded files (Dkt. 2044-4).

Waymo's supplemental brief contends that evidence of Uber's efforts should be precluded because Uber is improperly using privilege as a sword and a shield, and the probative value of the evidence is outweighed by the danger of unfair prejudice or related concerns. Waymo's contentions lack merit. *First,* Uber has no intention of using privileged material to demonstrate that its search for the downloaded materials located nothing or that Waymo conducted extensive inspections of Uber's facilities, files, and devices. It will rely on the detailed testimony of its forensics expert, Waymo's own discovery responses, and the non-privileged testimony of percipient witnesses. Therefore, it is not using privilege as a "sword." *Second,* the fact the downloaded files have not made their way to Uber is critical evidence whose highly probative value far outweighs any imagined prejudice or related concern. Waymo's attempt to preclude Uber from putting on such a defense is baseless. Accordingly, the Court should deny Waymo's motion.

## ARGUMENT

### I. THERE IS NO BASIS FOR EXCLUDING EVIDENCE OF UBER'S SEARCH FOR THE DOWNLOADED MATERIALS

#### A. Waymo Has Had a Full Opportunity to Explore the Evidence Regarding Uber's Search, and Uber Has Not Improperly Asserted Privilege

Uber will offer evidence of its search primarily through the testimony of its forensics expert, Kevin Faulkner. Uber will not offer any privileged material in support of its position. Mr. Faulkner performed an extensive investigation, submitted a written expert report on September 7, 2017, and has been deposed twice by Waymo, in April and September 2017. Mr. Faulkner testified that he was engaged to locate at Uber the 14,000 files allegedly downloaded by Mr. Levandowski and the additional files identified by Waymo in its preliminary injunction papers. (Rivera Decl. Ex. 1 (9/28/17 Faulkner Dep. at 51:2-20, 207:16-20).) Mr. Faulkner testified at length about the scope of his search, including that it covered at least

DEFENDANTS UBER AND OTTOMOTTO'S OPPOSITION TO WAYMO'S SUPPLEMENTAL BRIEF ISO MIL NO. 4
Case No. 3:17-cv-00939-WHA
la-1364291

1

60 LiDAR personnel, laptop and desktop computers, mobile devices, central servers, Cloud-based storage (email and Google Drive), and log information from a number of different sources.  (*Id.* at 59:16 – 60:5, 98:1-2.)  He further testified about the search parameters he used, including searching for file names and hash values for the downloaded materials, fuzzy hashes, and keywords negotiated between the parties.  (*Id.* at 100:18-21, 176:17 – 177:3.)  Importantly, during five hours of testimony, not once did Uber's counsel instruct Mr. Faulkner not to answer a question on privilege grounds.

Moreover, all of the search "hits" from the investigation performed by Mr. Faulkner have been available for inspection by Waymo since September 2017.  Waymo has not bothered to inspect them. (Rivera Decl. Ex. 5 (10/3/17 French Dep. at 82:21 – 83:24 (Waymo's rebuttal expert testifying that he did not inspect the Relativity workspace considered by Mr. Faulkner)).) On that record, Waymo's protestations about a lack of insight into Uber's search is disingenuous, at best.  Waymo has had a full opportunity to explore the details of Uber's search for the downloaded materials and the resulting evidence.

Ignoring Mr. Faulkner's detailed testimony, Waymo instead focuses on deposition testimony from Uber's in-house counsel, Salle Yoo, Angela Padilla, and Justin Suhr, and contends that "through privilege objections, Uber denied Waymo the chance to fully test the breadth and adequacy of Uber's searches."  (Dkt. 2044-4 at 2.)  There is nothing wrong, however, with asserting privilege over in-house counsel's privileged communications concerning Uber's search for the downloaded materials.  The "principal purpose of the doctrine of waiver of the attorney-client privilege 'is to protect against the unfairness that would result from a privilege holder *selectively disclosing* privileged communications to an adversary.'"  *Marilley v. Bonham*, No. C-11-02418, DMR 2013 WL 896755, at *3 (N.D. Cal. Mar. 8, 2013) (emphasis in original) (quoting *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 341 (9th Cir. 1996)).  The doctrine does not apply where, as here, a party is not using privilege as a sword, but rather seeks only to protect privileged communications.  *See Marilley*, 2013 WL 896755, at *3 (finding "no waiver of the attorney-client privilege" where the disclosure of proposed legislative amendments did not include "any attorney-client privileged communications" and thus did "not waive the attorney-

DEFENDANTS UBER AND OTTOMOTTO'S OPPOSITION TO WAYMO'S SUPPLEMENTAL BRIEF ISO MIL NO. 4
Case No. 3:17-cv-00939-WHA
la-1364291

2

client privilege for all communications relating to those amendments 'any more than the filing of a pleading in court waives all attorney-client communications regarding the substance of that pleading'"); *Avocent Redmond Corp. v. Rose Elecs., Inc.*, 516 F. Supp. 2d 1199, 1202 (W.D. Wash. 2007) (concluding that a party "need not be concerned" that its opponent "will effectively use the invoices as both a sword and a shield" where the disclosure at issue did not "contain attorney-client privileged information").

Waymo cites no authority to support the notion that in order to rely on non-privileged facts regarding Uber's search, Uber also must divulge privileged communications involving its counsel. Waymo made a similar argument in its failed bid to compel production of privileged communications regarding Uber's attempts to get Mr. Levandowski to turn over any downloaded material. The Court soundly rejected Waymo's contention as "unpersuasive and unsupported by citation to any authority." (Dkt. 1506 at 2 ("Under Waymo's reasoning, Uber would be entitled to all of Waymo's privileged communications regarding its efforts to discover if Mr. Levandowski downloaded Waymo's materials. Waymo, however, has maintained that it need only disclose documents related to its forensic analysis (over which it has intentionally waived the privilege) and not, for example, its discovery analysis, even though they were all part of its efforts to learn what Mr. Levandowski did.").) The outcome here should be no different.

### B. The Fact That the Downloaded Files Did Not Make It to Uber is Highly Probative and Not Unduly Prejudicial

Waymo's reliance on Federal Rule of Evidence 403 to exclude evidence that Uber's forensic search failed to turn up the downloaded materials at Uber is misplaced. *First,* evidence that the downloaded materials did not make their way to Uber is highly probative and important to Uber's defense. It would be fundamentally unfair to allow Waymo to introduce evidence that Mr. Levandowski downloaded the material without allowing Uber to defend itself by demonstrating that the materials never came to Uber. *Second,* Waymo's criticism of Mr. Faulkner's testimony goes only to the weight of his testimony and is not a basis for precluding his testimony under Rule 403. Indeed, Waymo's critiques are largely refuted by other excerpts of Mr. Faulkner's testimony.

DEFENDANTS UBER AND OTTOMOTTO'S OPPOSITION TO WAYMO'S SUPPLEMENTAL BRIEF ISO MIL NO. 4
Case No. 3:17-cv-00939-WHA
la-1364291

3

1
2
3
4                                                      *id.* Ex. 1 at 184:1-8 (searches for keywords could pick
up documents whose text was modified).) Waymo is free to cross-examine Mr. Faulkner or
adduce evidence from other sources that it believes bear on the weight of his testimony, but it
cannot squelch his testimony because his opinion is unfavorable. *Third,* allowing Uber to offer
evidence of the non-privileged facts concerning its efforts to locate the downloaded materials at
Uber would not open the door either to Waymo arguing that the search was performed pursuant to
a Preliminary Injunction order or that Uber engaged in unrelated alleged discovery misconduct.
*Why* Uber performed the search is irrelevant – the point is that it did not locate the downloaded
materials. Uber has already responded to Waymo's allegations of discovery misconduct. (Dkt.
1534.) What matters here is that none of that bears on the forensic investigation undertaken to
locate any of the downloaded materials on Uber's systems or devices. There are no grounds for
precluding Uber from introducing such evidence.

## II. THERE IS NO BASIS FOR EXCLUDING EVIDENCE REGARDING WAYMO'S INSPECTIONS OF UBER'S FACILITIES, FILES, AND DEVICES

### A. Uber Has Admissible, Non-Privileged Evidence of Waymo's Inspections

Contrary to Waymo's contention, Uber has ample admissible evidence of the 60-plus hours of inspections that Waymo's counsel and experts performed of Uber's facilities, devices, and files in search of evidence to bolster Waymo's deteriorating case. Waymo's supplemental brief focuses only on the deposition testimony of in-house counsel and argues that because they cannot offer any non-privileged, percipient testimony about the inspections, Uber must be precluded from offering any evidence of the inspections. In so doing, Waymo ignores its numerous discovery responses concerning the inspections. Those responses are admissible evidence of the broad scope of materials that were inspected, as well as what, if anything, Waymo identified. (*E.g.*, Rivera Decl. Exs. 2 & 3, responses and supplemental responses to RFA Nos. 12, 14, 20 (Waymo inspected Uber's design files and source code); RFA No. 13 (Waymo inspected

Uber's facilities at 737 Harrison Street, 120 Perry Street, and 777 Harrison Street in San Francisco, and 50 33rd Street in Pittsburgh); RFA No. 15, 16,19 (Waymo inspected emails belonging to Uber engineers and technical documents); RFP No. 17, 18, 21 (Waymo inspected Mr. Levandowski's work station, Uber-issued computer, Uber-issued smartphone, and a partial backup of a computer belonging to Mr. Levandowski); RFA No. 18, 20, 22 (Waymo inspected Uber-issued computers of Gaetan Pennecot, Daniel Gruver, Max Levandowski, Will Treichler, Scott Boehmke, John Bares); *id.* Ex. 4 (9/19/17 Plf.'s Suppl. Obj. and Responses to Uber's Eighth Set of Interrogatories (No. 29) (setting forth inspection results)).)

Uber therefore has ample admissible evidence of the full scope of Waymo's inspections. In addition, James Haslim, Rudy Kim, Michael Lebby, and Lambertus Hesselink, all of whom may testify at trial, witnessed certain of the inspections and thus have percipient knowledge about them. Waymo's contention that Uber lacks non-privileged evidence concerning the inspections is baseless.

**B.   Any Risk of Undue Prejudice, Delay, or Jury Confusion is Dwarfed By the Highly Probative Value of Evidence of Waymo's Inspections**

That Waymo conducted extensive and unfettered inspections of Uber's LiDAR-related activities, yet found no copies of the downloaded materials, and no "smoking gun," is highly probative evidence that Uber must be allowed to present to the jury. Waymo's concerns about delay and jury confusion ring hollow – they certainly do not outweigh the probative value of this evidence. *First*, it is irrelevant that the inspections took place pursuant to the Preliminary Injunction order, so Waymo will not have to explain that to the jury. *Second*, the notion that the jury may be confused into thinking all of Waymo's evidence must be derived from an inspection is absurd. *Third*, although Waymo was not obligated to identify to Uber during the inspections whether it believed it located the downloaded materials or other evidence of misappropriation, by Court order it was obligated to do so in its subsequent discovery responses. (Dkt. 1504-2 (ordering compliance with interrogatory seeking identification of any proof of misappropriation identified during inspections).)  There is no basis for precluding Uber from offering evidence or argument concerning Waymo's inspections. The Court should deny the motion.

DEFENDANTS UBER AND OTTOMOTTO'S OPPOSITION TO WAYMO'S SUPPLEMENTAL BRIEF ISO MIL NO. 4
Case No. 3:17-cv-00939-WHA
la-1364291

5

| | | |
|---|---|---|
| Dated: October 25, 2017 | | MORRISON & FOERSTER LLP |

By:   */s/ Arturo J. González*
ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

DEFENDANTS UBER AND OTTOMOTTO'S OPPOSITION TO WAYMO'S SUPPLEMENTAL BRIEF ISO MIL NO. 4
Case No. 3:17-cv-00939-WHA
la-1364291

6