# EXHIBIT 3

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>             Plaintiffs,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC,<br><br>             Defendants. | Case No. 17-cv-00939-JCS<br><br>**PLAINTIFF'S SUPPLEMENTAL REPONSES AND OBJECTIONS TO DEFENDANT UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S THIRD SET OF REQUESTS FOR ADMISSION (NO. 20)** |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Waymo LLC ("Waymo") hereby responds and objects to Defendant Uber Technologies, Inc. ("Uber") and Ottomotto LLC's ("Ottomotto") Third Set of Requests for Admission (Nos. 9-23).  These responses and objections are made based on its current understanding and on information reasonably available to Waymo at the present time.  Waymo reserves the right to supplement these responses if and when additional information becomes available.

**GENERAL OBJECTIONS**

Waymo makes the following General Objections, whether or not separately set forth in response, to each and every instruction, definition, and question posed in the interrogatories.  By responding to any of the requests or failing to specifically refer to or specify any particular General Objection in response to a particular request, Waymo does not waive any of these General Objections, or admit or concede the appropriateness of any purported request or any assumptions contained therein.

1. Waymo objects to each request, and to the Definitions and Instructions, to the extent that they purport to impose any obligations upon Waymo beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup.

2. Waymo objects to the definitions of "Waymo," "Plaintiff," "You," and "Your" on the grounds the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include Alphabet Inc. or any Waymo subsidiary, subcontractor, partnership, joint venture, or other business cooperation involving Waymo LLC, Google Inc., and/or Alphabet Inc., the present and former officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys or other persons owned or controlled by Waymo LLC, Google Inc., and/or Alphabet Inc., regardless of their affiliation or employment.

3. Waymo objects to each request to the extent that they seek information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

4. Waymo objects to each request to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this action and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5. Waymo objects to each request to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

6. Waymo objects to each request to the extent that they seek information that does not already exist, or that is not in Waymo's possession, custody, or control.

7. Waymo objects to each request to the extent that they require Waymo to provide information beyond what is available to Waymo at present from a reasonable search of its own files likely to contain relevant or responsive documents and from a reasonable inquiry of its present employees.

8. Waymo objects to each request to the extent that they seek confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, or trade secrets. Subject to its other General Objections, and to any specific objections set forth below, Waymo will only provide relevant information in a manner consistent with the Protective Order entered by the Court in this matter.

9. Waymo objects to each request to the extent that they seek information that Waymo is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

10. Waymo objects to each request to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the patents-in-suit, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

11. Waymo objects to each and every request to the extent that they call for a legal conclusion.

12. Waymo objects to each and every request to the extent that they call for responses that are the subject of expert testimony. Waymo will provide its expert reports pursuant to deadlines to be set by the Court for the exchange of such reports and will supplement or amend those reports as appropriate and as permitted by the Court.

13. Waymo objects to each and every request to the extent that they call for information that is publicly available and therefore as accessible to Defendants as to Waymo.

14. Waymo objects to these requests to the extent that they are premature. Discovery is ongoing and Waymo has not yet completed its investigation of the matters at issue in this action. Waymo reserves the right to modify, supplement, change or amend its responses once Waymo has conducted the necessary discovery and investigation.

15. Waymo responds to each and every request based on its knowledge, information and belief based on its investigation as of the date of the response; however, Waymo's investigation into the issues of this action remains ongoing. Waymo reserves the right to supplement or amend its responses without prejudice pursuant to Rule 26(e).

16. Waymo's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the interrogatories, whether implicit or explicit, is correct.

17. Waymo incorporates by reference its General Objections in each of the specific responses set forth below.

**SPECIFIC REPONSES AND OBJECTIONS**

Waymo expressly incorporates the above objections as though set forth fully in response to each of the following individual interrogatories, and, to the extent that they are not raised in the particular response, Waymo does not waive those objections.

**REQUEST FOR ADMISSION NO. 20:**

Admit that on June 20, 2017, a lawyer for Waymo inspected Uber's facility at 50 33rd Street in Pittsburgh, Pennsylvania, including the computers of Scott Boehmke and John Bares, and the work spaces of several LiDAR hardware engineers, including Scott Boehmke and Jim Gasbarro.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Subject to and without waiving its objections, Waymo responds as follows:

Waymo admits that on June 20, 2017, a lawyer representing Waymo inspected Uber's facility at 50 33rd Street in Pittsburgh, Pennsylvania, including the computers of Scott Boehmke and John Bares, and the work spaces of certain LiDAR hardware engineers, including Scott Boehmke. Waymo otherwise denies the request.

DATED: August 30, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Attorneys for WAYMO LLC