# EXHIBIT 5

Page 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WAYMO LLC,

    Plaintiff,

        vs.              Case No.

UBER TECHNOLOGIES, INC.;  17-cv-00939-WHA

OTTOMOTTO, LLC; OTTO

TRUCKING LLC,

    Defendants.

_____

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION OF PAUL FRENCH

San Francisco, California

Tuesday, October 3, 2017

Volume I

REPORTED BY:

REBECCA L. ROMANO, RPR, CSR No. 12546

JOB NO. 2715705

PAGES 1 - 276

Page 82

```
 1   request)."
 2           Do you see that?
 3      A.   I do.
 4      Q.   You didn't ask to see any of the systems
 5   that were available for inspection, correct?
 6      A.   Not as it relates to evaluating this
 7   report, no.
 8      Q.   Even though you saw that that was among
 9   the materials that Mr. Faulkner considered,
10   correct?
11           MR. BAKER:  Objection to form.
12           THE DEPONENT:  Well, I -- that's the way
13   I took that statement.  I just took a statement as
14   open-ended.  If in the future they wanted
15   additional inspections or additional work done,
16   they could request it.  Waymo could request it.
17      Q.   (By Ms. Ray)  But you didn't ask Waymo to
18   request inspections so that you could look at Uber
19   systems, correct?
20      A.   Not for this report, no.
21      Q.   And if you look at page 5 of
22   Exhibit 2997, Mr. Faulkner's report.
23      A.   I'm sorry.  What -- what was that again?
24      Q.   Page 5.
25      A.   Page 5.
```

1        Q.    The last bullet point, it says
2   "Relativity instance hosted by Stroz Friedberg,"
3   and then it names the relativity instance,
4   "(Available for further inspection upon Waymo's
5   request)."
6              Do you see that?
7        A.    I do.
8        Q.    You didn't ask to see that relativity
9   instance, did you?
10       A.    I did not, no.
11       Q.    And then you see there's another
12  relativity instance listed above that was also
13  available for inspection upon Waymo's request.
14             You also didn't ask to inspect that,
15  correct?
16       A.    Correct.  I wasn't sure if that was
17  already done or not.
18       Q.    Okay.  When you say you weren't sure
19  whether that was done or not, you mean by Waymo's
20  counsel?
21       A.    Correct.
22       Q.    Did you ask Waymo's counsel whether it
23  had been done or not?
24       A.    I did not, no.
25       Q.    And you see on page 5, the sixth bullet

```
 1        I, Rebecca L. Romano, a Certified Shorthand
 2   Reporter of the State of California, do hereby
 3   certify:
 4        That the foregoing proceedings were taken
 5   before me at the time and place herein set forth;
 6   that any witnesses in the foregoing proceedings,
 7   prior to testifying, were administered an oath;
 8   that a record of the proceedings was made by me
 9   using machine shorthand which was thereafter
10   transcribed under my direction; that the foregoing
11   transcript is true record of the testimony given.
12        Further, that if the foregoing pertains to the
13   original transcript of a deposition in a Federal
14   Case, before completion of the proceedings, review
15   of the transcript [ ] was [x] was not requested.
16        I further certify I am neither financially
17   interested in the action nor a relative or employee
18   of any attorney or any party to this action.
19        IN WITNESS WHEREOF, I have this date
20   subscribed my name.
21        Dated:  October 4, 2017
22
23        _____
24        Rebecca L. Romano, RPR,
25        CSR. No 12546
```

Page 276