Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER** LLP
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER** LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER** LLP
601 S. Figueroa Street, 41st Floor
Los Angeles, California  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant:  Otto Trucking LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>            Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**OTTO TRUCKING'S RESPONSE TO WAYMO'S SUPPLEMENTAL OFFER OF PROOF REGARDING OTTO TRUCKING, AND SUPPLEMENTAL OPPOSITION TO OTTO TRUCKING'S MOTION FOR SUMMARY JUDGMENT [DKT. 2056]**<br><br>Date :       October 25, 2017<br>Courtroom:  8,19th Floor<br>Judge:     Hon. William H. Alsup<br>Trial:      December 4, 2017 |

1

2   **I.      BACKGROUND**

3         This memorandum responds to Waymo's supplemental offer of proof and its supplemental

4   opposition to Otto Trucking's motion for summary judgment.

5         Waymo's supplemental papers change nothing with respect to Otto Trucking.  Otto

6   Trucking does not belong in this case.  After months of expedited discovery with nearly 150

7   depositions, hundreds of requests for production, and dozens of interrogatories, and a final bite at

8   the Stroz apple, Waymo has provided no evidence that Otto Trucking ever used or acquired any

9   Waymo trade secret.  Waymo's misappropriation claims are solely focused on Uber's Spider and

10  Fuji LiDAR system.  The undisputed facts are that Otto Trucking has never been involved in the

11  development of, and has never used, either the Spider or Fuji system.

12        Waymo did not dispute this fact at the September 20, 2017 hearing on Otto Trucking's

13  motion for summary judgment. Instead, Waymo argued that the Stroz due diligence materials may

14  lead to evidence of Otto Trucking's use of Waymo's alleged trade secrets.  The Court allowed

15  Waymo the opportunity to review the Stroz documents for evidence that Mr. Levandowski was

16  accessing or using Waymo trade secrets while "wearing his Otto Trucking hat." Waymo's

17  supplemental filing does not identify any new facts that impute liability to Otto Trucking.

18        Waymo's supplemental filings boil down to three meritless arguments:

19        1.      Waymo reargues its position with respect to indirect liability.

20        2.      Waymo reargues that Mr. Levandowski's, and now Mr. Ron's, actions
                  personally should be somehow attributed to Otto Trucking without any
21                indication that their actions were for the benefit of Otto Trucking or were
                  done while "wearing a Otto Trucking hat."

22        3.      Waymo contends that Otto Trucking uses Waymo route planning software
                  on its trucks when all uses have been by Uber, not Otto Trucking.

23
24        The first and second arguments have been previously briefed extensively – Otto

25  Trucking's previous arguments regarding Mr. Levandowski's alleged actions apply equally to the

26  alleged actions by Mr. Ron Waymo raises in its supplemental papers.  Further, Mr. Ron was not a

27  member of Project Chauffeur and Waymo cannot show that he had any access to its alleged trade

28  secrets.  Other than discussing three cases it could have discussed in its earlier papers, Waymo

1

1   adds nothing new in its arguments.  As to these points, Otto Trucking will discuss the three cases

2   cited and not burden the court with rehashing its previous arguments.  As to the route planning

3   software, this issue has not been previously discussed and will be discussed below.

4   **II.**     **WAYMO'S SUPPLEMENTAL OFFER OF PROOF CHANGES NOTHING**

5          **A.     OTTO TRUCKING DOES NOT USE WAYMO'S PLANNING SOFTWARE**

6          Waymo offers one new argument about Otto Trucking.  Specifically, Waymo claims that

7   "[t]he Stroz investigation has also revealed that Don Burnette, a third Diligenced Employee,

8   founder and shareholder in Otto Trucking, misappropriated Waymo trade secrets related to route

9   planning."  Waymo's Supplemental Offer of Proof [Dkt. 2056] ("Brief") at 9.  This new allegation

10  does not change anything.

11         First, The alleged route planning software is not currently at issue in this case and has been

12  known to Waymo since before the Stroz materials were produced.  This software is not even on

13  Waymo's trade secret list. Waymo's effort to add this allegation is untimely.  It has had access to

14  Otto planner modules for the source code throughout this litigation and even deposed Mr. Burnette

15  earlier in this case. *See* Declaration of Shane Brun ("Brun Decl.") Ex. 1, Defendants' Uber and

16  Ottomotto's Opposition to Motion to Compel Source Code [Dkt. 1990] at 3-4. Had this source

17  code claim been an issue, Waymo surely could have identified it earlier yet it did not do so.

18  Unless the Court permits Waymo's untimely amendment of the trade secrets, this assertion has no

19  bearing on Otto Trucking's summary judgment motion.  *See* Dkt. 2062.

20         Second, the route planning software is tied to Mr. Burnette, not Mr. Levandowski or Mr.

21  Ron.  This is an independent reason not to impute anything related to the route planning software

22  to Otto Trucking.  Mr. Burnette is a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  He is not an employee,

23  ▮▮▮▮▮▮▮▮▮▮ of Otto Trucking.   There is no evidence he has ever worn any "Otto

24  Trucking" hat in performing any job responsibilities.  To the contrary, to the extent Mr. Burnette

25  used the route planning software as alleged by Waymo, he did so in his capacity as an Ottomotto

26  and then Uber employee.  *See* Brun Decl. Ex. 2, Declaration of Don Burnette ISO Uber's Sur-

27  Reply to Waymo's Motion to Compel Source Code (Dkt. 2001-5) ¶ 3 ("After leaving Google and

28

---

2

1  before starting at **Ottomotto**, I had started thinking about how to build the **Ottomotto** motion

2  planner and wrote down in a header file…").

3         Third, Waymo has not shown any use by Otto Trucking of the route planning software.

4  Waymo points to a truck used for a Budweiser delivery.  However, Otto Trucking did not own the

5  truck used in the Budweiser delivery.  *See* Brun Decl. Exhibit 3, [UBER00214549].  That truck

6  was owned by Ottomotto at the time of the use of the route planning software that allegedly made

7  use of Waymo trade secrets. *Id.*  All other uses on Otto Trucking trucks were by Uber, not Otto

8  Trucking.  As set forth in earlier briefing, Uber employees have installed Velodyne LiDAR

9  systems (including software) on Otto Trucking trucks, and Uber employees then drive those trucks

10  to gather data from the LiDAR systems on the trucks.  Brun Decl. Ex. 4. Otto Trucking's Motion

11  for Summary Judgment [Dkt. 1423]at 17.  These activities are by Uber/Ottomotto employees in

12  furtherance of Uber's business.  Otto Trucking has no role in such activities.  To the extent the

13  route planning software is used in the operation of an Otto Trucking truck, such use would also be

14  by an Uber/Ottomotto employee for Uber/Ottomotto purposes and are not used by Otto Trucking.

15  *See* Brun Decl. Ex. 5 Dep. of Don Burnette dated 10/13/17 at 400:18-401:12 (Q. (By Mr. Jaffe)

16  And [the Otto Trucking trucks] use the --Otto and Uber planner that we were just talking about

17  today, right?  THE DEPONENT: No, they do not.  Q. (By Mr. Jaffe) What do they use?  A. They -

18  - we, back in November of last year, 2016, switched away from the Otto code entirely and run the

19  same hardware and software setup on both the cars and the trucks at Uber).

20  ### III.    <u>WAYMO STILL CANNOT PROVE INDIRECT LIABILITY</u>

21

22         Waymo discusses three cases in its supplemental filing that were previously not discussed,

23  *Farmers Ins. Grp. v. Cnty. of Santa Clara*, 11 Cal. 4th 992, 1009 (1995), *Yamaguchi*, 106 Cal.

24  App. 4th 472, 481–82 (Cal. Ct. App. 2003), and *Heffner*, 916 F. Supp. 1010, 1013 (S. D. Cal.

25  1996).  *Brief* at 12-13. .  Waymo offers no explanation for its failure to discuss these decades-old

26  cases in previous briefing.  None of these cases change the conclusion that summary judgment in

27  favor of Otto Trucking is warranted.  They are each discussed below.

28

DEFENDANT OTTO TRUCKING'S RESP. TO WAYMO'S SUPP. OPP TO OTTO TRUCKING'S MSJ, AND
SUPP. OPP. TO OTTO TRUCKING'S MOTION FOR A SEPARATE TRIAL    CASE NO. 3:17-CV-00939-WHA

**A.   OTTO TRUCKING IS NOT VICARIOUSLY LIABLE FOR THE ACTIONS OF MESSRS. RON AND LEVANDOWSKI**

Waymo cites *Farmers Ins.* and *Yamaguchi* in an attempt to bolster its "respondeat superior" theory.   Neither case is applicable here.   *Yamaguchi* and *Farmers Ins.* – both presume, and take as fact, that an employer-employee relationship existed at the time of the employee's act. *See Yamaguchi*, 106 Cal. App. 4th 472, 481–82 (Cal. Ct. App. 2003); *Farmers*, 11 Cal. 4th  at 1009.  In *Yamaguchi*, the plaintiff sought to hold restaurant owners liable for the torts of their employee.  Citing *Farmers*, Waymo argues that "California courts ask whether the employee's conduct was 'foreseeable' such that 'in the context of the particular enterprise[,] an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Brief* at 12.  As set forth in earlier briefing, an employer-employee relationship is quite different than the LLC relationships here.  In addition, Waymo disregards the fairness question central to the inquiry in *Farmers*. *Brief* at 12. By any objective measure, it would be patently *unfair* to hold Otto Trucking, and its ███████████████, liable for the alleged misconduct of Mr. Levandowski that has nothing to do with Otto Trucking's trucks. *See also* Brun Decl. Ex. 6, Otto Trucking's Reply ISO Motion for Summary Judgment [Dkt 1637] at 12. (discussing reverse veil piercing and the threshold requirement of showing no harm to innocent shareholders).

Citing *Heffner*, Waymo incorrectly argues that "courts have already rejected [the] argument" that California law prohibits principal liability for tortious acts of an agent committed prior to the principal's existence. *Brief* at 13.  *Heffner* was decided before *Postal Instant Press, Inc. v. Kaswa Corp.*, 162 Cal.App. 4th 1510 (2008). *United States v. Hefner*, 916 F. Supp. 1010 (S.D. Cal. 1996), . *Postal Instant Press* expressly rejected the "reverse veil piercing" theory that Waymo now espouses through its application of *Heffner*.  In addition, *Heffner* is inapplicable here. *Heffner* was limited to criminal bank fraud and conspiracy to commit bank fraud.  Waymo does not allege, and Otto Trucking cannot be a part of, an ongoing "scheme" to misappropriate trade secrets, as the court in *Hefner* held.  Nor has Waymo introduced any evidence that Otto Trucking has "come aboard" any potential schemes. *Hefner*, 916 at 1013. Otto Trucking only owns and

4

DEFENDANT OTTO TRUCKING'S RESP. TO WAYMO'S SUPP. OPP TO OTTO TRUCKING'S MSJ, AND SUPP. OPP. TO OTTO TRUCKING'S MOTION FOR A SEPARATE TRIAL      CASE NO. 3:17-CV-00939-WHA

leases trucks; it does not participate in any development of LiDAR or software that allegedly contain trade secrets.

**IV.      CONCLUSION**

     For the above-stated reasons, the Court should grant Otto Trucking's Motion for Summary Judgment.

Dated:  October 25 2017                    Respectfully submitted,

                                           By:      */s/   Shane Brun*
                                         Neel Chatterjee
                                         *nchatterjee@goodwinlaw.com*
                                         Brett Schuman
                                         *bschuman@goodwinlaw.com*
                                         Shane Brun
                                         *sbrun@goodwinlaw.com*
                                         Rachel M. Walsh
                                         *rwalsh@goodwinlaw.com*
                                         Hong-An Vu
                                         *hvu@goodwinlaw.com*
                                         Hayes P. Hyde
                                         *hhyde@goodwinlaw.com*
                                         James Lin
                                         *jlin@goodwinlaw.com*
                                         **GOODWIN PROCTER** LLP

                                         *Attorneys for Defendant:* Otto Trucking LLC

DEFENDANT OTTO TRUCKING'S RESP. TO WAYMO'S SUPP. OPP TO OTTO TRUCKING'S MSJ, AND SUPP. OPP. TO OTTO TRUCKING'S MOTION FOR A SEPARATE TRIAL      CASE NO. 3:17-CV-00939-WHA

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that I electronically filed the foregoing  document including all of its

3

attachments with the Clerk of the Court for the United States District Court for the Northern

4

District of California by using the CM/ECF system on **October 25, 2017**.  I further certify that

5

all participants in the case are registered CM/ECF users and that service of the publicly filed

6

documents will be accomplished by the CM/ECF system.

7

     I certify under penalty of perjury that the foregoing is true and correct.  Executed on

8

**October 25, 2017**.

9

                        /s/            *Shane Brun*

10

                              SHANE BRUN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT OTTO TRUCKING'S OPP. TO WAYMO'S SUPP. OPP TO OTTO TRUCKING'S MSJ, AND
SUPP. OPP. TO OTTO TRUCKING'S MOTION FOR A SEPARATE TRIAL     CASE NO. 3:17-CV-00939-WHA