Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
James Lin (SBN 310440)
jlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant:  Otto Trucking LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**JOINDER IN DEFENDANTS' UBER AND OTTOMOTTO'S OPPOSITION [DKT. NO. 2103] TO WAYMO'S MOTION FOR LEAVE TO FILE AMENDED LIST OF ELECTED TRADE SECRETS, SUPPLEMENTAL EXPERT REPORTS, AND REVISED WITNESS AND EXHIBIT LISTS [DKT. NO. 2062]**<br><br>Date :             October 26, 2017<br>Courtroom:    8-19th Floor<br>Judge:            Hon. William H. Alsup<br>Trial:              December 4, 2017 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Otto Trucking, LLC ("Otto Trucking") hereby joins and adopts Co-Defendants Uber Technologies, Inc.'s ("Uber") and Ottomotto, LLC's ("Ottomotto") Opposition to Waymo's Motion for Leave to File Amended List of Elected Trade Secrets, Supplemental Expert Reports, and Revised Witness and Exhibit Lists (the "Opposition") (Dkt. 2103). In support, Otto Trucking states as follows:

1. On September 12, 2017, the Court ordered the parties to jointly submit a list of "all potential trial witnesses." Dkt. No. 1527.

2. On September 22, 2017, the parties submitted the joint list of trial witnesses pursuant to the Court's September 12 Order. Dkt. No. 1753.

3. On October 3, 2017, the Court ordered a continuance of the trial date (the "October 3 Order") to December 4, 2017 on the basis that Waymo should have "a brief continuance so it could attempt to shore up its case" "given the late production of ***the due diligence report***." Dkt. No. 2026 (emphasis added); *see also* Dkt. No. 1965 at 36:22–41:4.

4. Following the October 3 Order, on October 4, 2017, the Court issued an Order After Hearing on Motion to Continue Trial Date (the "October 4 Order"). Dkt. No. 1954. The October 4 Order required that "[a]ny request by Waymo to amend its list of asserted trade secrets for trial, expert reports, or lineup of trial exhibits and witnesses must be made via a formal motion to be filed by **OCTOBER 23 AT NOON**, with any response due by **OCTOBER 25 AT NOON** and a hearing on **OCTOBER 26 AT 8:00 A.M.**" *Id.*

5. On October 23, 2017, Waymo filed a Motion for Leave to File Amended List of Elected Trade Secrets, Supplemental Expert Reports and Revised Witness and Exhibit Lists (the "Motion"). Dkt. No. 2062. The Motion seeks to leave to amend its witness list to add witnesses unrelated to the due diligence report.

6. On October 25, 2017, Co-Defendants Uber and Ottomotto filed an Opposition to Waymo's Motion for Leave to File Amended List of Elected Trade Secrets, Supplemental Expert Reports, and Revised Witness and Exhibit Lists. Dkt. No. 2103.

1

7. Otto Trucking joins and adopts, as if set out verbatim herein, the arguments, authorities, contentions, and prayers of Co-Defendants Uber and Ottomotto set forth in Docket No. 2103 for the reason that said response is equally applicable to Otto Trucking in the above-captioned matter.

8. Waymo's motion and the new discovery do not implicate Otto Trucking in any way. Waymo has offered no evidence that Otto Trucking has ever had employees, or conducted any research and development. Dkt. No. 1637 at 8. Any allegations that Otto Trucking worked on or developed any of Waymo's Elected Trade Secrets has no factual support whatsoever because Otto Trucking has no research and development capabilities and no plans to develop any LiDAR technology in the future. *Id.* Instead, all research and development activities are conducted by Uber. *Id.*

**Waymo's Motion Seeking To Designate Neel Chatterjee As Trial Witness Should Be Denied, And Any Such Subpoena Issued On Mr. Chatterjee Should Be Quashed.**

9. Waymo's Motion to add Otto Trucking's lead counsel, Neel Chatterjee, as a trial witness should be denied. Any subpoena associated with such a request should be quashed.

10. This request to designate Mr. Chatterjee as trial witness has nothing to do with the due diligence report, and violates the Court's Orders. The Court's September 12 Order required the parties to submit a joint list of potential witnesses they may call at trial. Dkt. No. 1527. After extensive negotiations, the parties submitted a list of 117 potential witnesses on September 22. Dkt. No. 1753. On October 3 and October 4, the Court continued the trial date to December 4, "given the late production of *the due diligence report*," and granted Waymo limited motion practice to that end. Dkt. No. 2026 (emphasis added) (setting limited discovery for ""[a]ny request by Waymo to amend its list of asserted trade secrets for trial, expert reports, or lineup of trial exhibits and witnesses [to] be made via a formal motion"). But despite the Court's specific Orders limiting amendments to the trial witness list, *supra*, Waymo's Motion now seeks amendments totally unrelated to the due diligence report.

11. Waymo seeks Mr. Chatterjee's testimony about Anthony Levandowski's laptops. Mot. at 25. But the laptop issue has nothing to do with the due diligence report. The due

diligence *exclusively* concerned the work Mr. Levandowski did at Google and Ottomotto—that is, during the time before he joined Uber.  The laptop issue, in contrast, concerns computers Mr. Levandowski used *while* working at Uber.  The laptop issue is completely untethered to the due diligence report.

12. In addition, "the practice of forcing trial counsel to testify as a witness . . . has long been discouraged," *Fed. Trade Comm'n v. Directv, Inc.*, No. 15CV01129HSGMEJ, 2016 WL 4154851, at *3 (N.D. Cal. Aug. 5, 2016), and Waymo cannot provide any justification to force Mr. Chatterjee to testify here.  The only purported basis for calling Mr. Chatterjee as a trial witness is to ask about actions taken with respect to Anthony Levandowski's *personal* laptops.  But as Otto Trucking already explained, these laptops relate *solely* to Goodwin Procter's representation of Anthony Levandowski in his personal capacity in the pending arbitration also involving Waymo.  These devices were the subject to discussion by Ms. Padilla *after* this litigation commenced.  Further, Mr. Chatterjee did not personally run any searches of Anthony Levandowski's devices and therefore has no personal knowledge.  In any event, as counsel to Mr. Levandowski, Mr. Chatterjee is required by law to honor Mr. Levandowski's assertion of the Fifth Amendment.  *See Cal. R. of Prof. Conduct* 3-100 and Cal. Bus. & Prof. Code 6068(e)(1).

13. Otto Trucking never had possession of these devices.  Dkt. No. 2019-1 ¶ 5.  Moreover, the Court has already suggested that as Mr. Levandowski's personal counsel in the arbitration, neither Goodwin Procter nor Mr. Chatterjee is associated with the legal work done in connection with this district court case. (10/23/2017 Hr'g. Tr. at 29:10–12 ("The Court: *Well, I understand why you're [Waymo] conflating this, but Goodwin was representing Mr. Levandowski individually in the arbitration at the time, not Otto Trucking.*") (emphasis added)).  As already stated numerous times in meet and confers with opposing counsel, in Ms. Walsh's declaration, and during the October 23 discovery hearing before Judge Corley, Otto Trucking has never had the laptops, never performed any search of the laptops, and indeed has no knowledge whatsoever of what was contained on the laptops.  *See id.*; Dkt. No. 2019-1.  Otto Trucking has nothing to do with the laptop issue.  This is merely another attempt to play games rather than present actual facts to the jury.

3

14. Otto Trucking joins and adopts Co-Defendants' Opposition to Waymo's Motion for Leave to File Amended List of Elected Trade Secrets, Supplemental Expert Reports, and Revised Witness and Exhibit Lists to best serve justice and avoid unnecessary or duplicative effort, time, or expense to the parties involved.

WHEREFORE, Defendant Otto Trucking LLC hereby joins and adopts Co-Defendants' Opposition to Waymo's Motion for Leave to File Amended List of Elected Trade Secrets, Supplemental Expert Reports, and Revised Witness and Exhibit Lists.

Dated: October 25, 2017                    Respectfully submitted,

                                            By:  */s/  Neel Chatterjee*
                                                 Neel Chatterjee
                                                 *nchatterjee@goodwinlaw.com*
                                                 Brett Schuman
                                                 *bschuman@goodwinlaw.com*
                                                 Shane Brun
                                                 *sbrun@goodwinlaw.com*
                                                 Rachel M. Walsh
                                                 *rwalsh@goodwinlaw.com*
                                                 Hong-An Vu
                                                 *hvu@goodwinlaw.com*
                                                 Hayes P. Hyde
                                                 *hhyde@goodwinlaw.com*
                                                 James Lin
                                                 *jlin@goodwinlaw.com*
                                                 **GOODWIN PROCTER LLP**

                                            *Attorneys for Defendant:* Otto Trucking LLC

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document including all of its attachments with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **October 25, 2017**. I further certify that all participants in the case are registered CM/ECF users and that service of the publicly filed documents will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **October 25, 2017**.

/s/   *Neel Chatterjee*
Neel Chatterjee