

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

**Rachael E. Meny**
(415) 676-2245
rmeny@keker.com

October 26, 2017

The Honorable Jacqueline Scott Corley
United States District Court for the Northern District of California
Phillip Burton United States Courthouse
450 Golden Gate Avenue
Courtroom F – 15th Floor
San Francisco, CA 94102

Re: Letter brief in opposition to Otto Trucking's motion to compel documents from Keker, Van Nest & Peters LLP.
*Waymo LLC v. Uber Technologies, Inc. et al.* (N.D. Cal. 3:17-cv-00939-WHA (JSC)

Dear Judge Corley:

Please find the attached letter brief in opposition to Otto Trucking's motion to compel (Dkt. 2036).

Very truly yours,

*/s/ Rachael E. Meny*

Rachael E. Meny

REM:srg

1200530

## I.   INTRODUCTION

Three days before the close of fact discovery, Otto Trucking LLC ("OT") sought expedited, burdensome discovery into the privileged and work-product protected files of Google's outside counsel at Keker, Van Nest & Peters ("KVP").  *See* Dkt. No. 1349 at 3-4.  This Court quashed those discovery requests, and Judge Alsup affirmed this Court's order.  *See* Dkt. 1970.  Now, two months *after* the close of discovery, and barely a month before trial, OT files a vague motion to "compel KVP to produce documents wrongfully withheld and not available from Waymo."  Dkt. 2036 at 1.  Although OT asks this Court for extraordinary relief, OT strikingly fails to specify what it is looking for from KVP or why it needs to rummage through counsel's files.  Instead, OT points to just a few questions that it contends Waymo's witnesses could not answer, all of which involve irrelevant issues, none of which relate to KVP documents, and most of which do not relate to KVP at all.  *Id.* at 5.  OT has not justified its attempt to fish through counsel's protected files.

OT's motion fails for several other reasons.  Although OT's motion is, in essence, a motion for reconsideration, OT has utterly ignored the requirements for seeking reconsideration by failing to bring its motion promptly and by failing to identify new, critical facts that justify reconsideration.  OT's motion also fails because its August subpoena still suffers the same defects that led this Court to quash it before—OT seeks privileged and protected discovery from Google's outside counsel that is burdensome to produce, but OT has not even tried to (**1**) to its requests to the relevant issues, or (**2**) remove the burden of requiring KVP to individually review documents to make difficult privilege and work-product determinations.  And OT's motion is untimely.  OT's motion is premised on a handful of questions that Waymo's witnesses were allegedly unable to answer in *early* September, but if such questions were truly material, OT should have filed this motion then.

It is important to remember how this dispute began.  Waymo, to support its motion for a preliminary injunction, submitted a declaration from Gary Brown, an in-house forensic-security analyst.  Although Waymo did not intend to waive privilege over the analyst's communications with attorneys, this Court ruled that—in fairness—defendants should be allowed to obtain some privileged communications related to that specific forensic investigation.  OT, with its nose under the tent, has repeatedly tried to exploit this Court's original order to seek more and more discovery on increasingly irrelevant issues.  For example, OT now seeks discovery into Google's August 2015 suspicion that Levandowski was soliciting colleagues or its later searches for evidence of solicitation, even though such information has no bearing on Waymo's assertion (two years later) that Uber, Ottomotto, and OT were misappropriating Google's trade secrets.  OT (which is owned by Levandowski) and its counsel (which represents Levandowski in the arbitration) are apparently trying to use this Court to obtain discovery for that arbitration and to burden Google's arbitration counsel.  The Court should deny OT's motion.

## II.   BACKGROUND

KVP is a non-party to this litigation.  OT—despite taking Mr. Brown's deposition in March 2017—chose not to challenge Waymo's assertion of privilege or seek discovery from KVP until the very end of discovery.  *See* Dkt. 1163 (OT motion filed 13 days before close of discovery); Dkt. 1350-2 (OT subpoena on KVP served three days before close of discovery).  This Court quashed that KVP subpoena—in full—but allowed OT to take the depositions of three Waymo employees

(Gary Brown, Sasha Zbrozek and Kristinn Gudjonsson). Dkt. 1522-3. These three additional depositions were completed **almost two months ago**, on September 6 and 7. Dkt. 2036 at 6.

OT has repeatedly tried to expand the scope of this Court's waiver order. *See* Dkt. 1522. Each time, the Court has clarified that its waiver finding is limited to Waymo's forensic investigation into the devices of three former employees: Levandowski, Raduta, and Kshirsagar. Dkt. 1272 at 1:13–19. OT's latest motion again seeks to expand the scope of the Court's waiver order, and to obtain discovery from KVP, this time by claiming that Waymo's witnesses were unable to answer certain questions in early September. But OT's motion does not explain how any of those questions are relevant to a material, disputed issue in this case. Instead, the cited testimony relates to irrelevant or unimportant issues such as: (**1**) unspecified conversations with in-house counsel or lawyers who were never identified as working at KVP;[1] (**2**) witnesses who did not know or could not recall if they were told "x" about the investigation, although they generally testified about what they knew on the topic and did not testify that KVP possessed additional documents;[2] (**3**) a witness who did not recall having seen any list of search terms;[3] and (**4**) witnesses who did not recall the specific words a KVP attorney may have used in specific communications, although they testified about their understanding of those communications.[4] Similarly, OT focuses on a stray comment from expert Paul French's deposition. Dkt. 2036 at 5. In this deposition, OT showed Mr. French an exhibit indicating that a KVP attorney was relaying facts from Mr. Zbrozek to Mr. Brown and then OT tried to imply that there was something improper about an attorney relaying information from a system administrator to an in-house security analyst. Dkt. 2036–11 at 221. In response, Mr. French testified that there was nothing improper about KVP "getting access to information that Mr. Brown may not have access to or may not even know about. . . ." *Id.* at 221–22. Although Mr. French was testifying about the specific exhibit in front of him, and although he testified that the only materials that he reviewed were listed in an appendix to his expert report, OT now misconstrues his testimony to claim that it shows "that KVP has factual information relating to Waymo's investigation that has been improperly withheld." Dkt. 2036 at 5–6.

On this weak record, OT seeks discovery from outside counsel KVP, but OT still fails to make clearly identify exactly what it is requesting.[5] If OT wants this Court to compel KVP to produce all documents responsive to the August 21 subpoena that was previously quashed,[6] OT seeks:

---

[1] *See* Dkt. 2036-12 at 318–19 (in-house); Dkt. 2036-13 at 198–201 (unidentified "legal team"), 216 (same); Dkt. 2036–14 at 279–82 (unidentified "legal side").

[2] *See* Dkt. 2036-12 at 378–79; Dkt. 2036-13 at 190–91, 213, 216; Dkt. 2036–14 at 347, 379.

[3] *See* Dkt. 2036-12 at 364.

[4] *See* 2036-12 at 401, 406–07; Dkt. 2036–14 at 335–36, 448–49.

[5] OT initially asks for unspecified documents if they are "not available from Waymo." Dkt. 2036 at 1. OT later asks for "materials subject to Waymo's privilege waiver that is [sic] in KVP's possession that should be produced," in particular, "documents requested by the subpoena it issued to KVP that was in its request for relief from the granting of the motion to quash." *Id.* at 5. Even later, OT asks for "all documents and communications containing fact work product relating to Waymo's investigation." *Id.* at 6.

1. Any documents relating to any investigation of former Waymo employees, including, but not limited to Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar.

2. All communications between KEKER…*and ALPHABET* regarding the SVN logs pertaining to any computers used by" Levandowski, Raduta, and Kshirsagar.

3. All communications between KEKER…*and ALPHABET* regarding any computer or log data related to computers used by" Levandowski, Raduta, and Kshirsagar.

4. All documents referring or relating to *any* conclusion by KEKER that Anthony Levandowski downloaded 14,000 files.

Dkt. 1350-2 (emphasis added). OT's broad topics (far outside the scope of waiver or relevance) implicate many privileged and work-product-protected documents in KVP's attorney files (as well as many irrelevant documents). Thus, any production would require KVP to do a document-by-document analysis for relevance, privilege, and work product.

### III.   ARGUMENT

####   A.   OT has not met its burden to justify reconsideration of the prior orders.

Although OT's motion does not clearly identify what it is seeking, OT appears to be asking the Court to reverse its order that quashed its August 21 subpoena. Under the Local Rules, OT should have: sought leave to file a motion for reconsideration, demonstrated "reasonable diligence in bringing the motion" promptly, identified material differences in fact or law, and **not** repeated prior arguments. N.D. Cal. L.R. 7-9. OT has ignored all of those requirements.

OT claims that, in September, Waymo's witnesses were unable to "recall a number of factual aspects" about Waymo's forensic investigation. Dkt. 2036 at 5. But none of the cited testimony supports this claim. Of the 18 testimony excerpts identified by OT, only 5 of them even mention KVP (and in one more, the witness simply could not recall *ever* speaking to a particular KVP lawyer). *See* Dkt. 2036-12 at 364, 401, 406–07; Dkt. 2036–14 at 335–36, 347, 448–49. Of the five KVP-related excerpts, three appear to relate to oral conversations between a KVP lawyer and the witness (with no indication that any corresponding written record exist) and two relate to words used in OT's exhibits. *Id.*. Moreover, **none** of the cited testimony appears to be important or even particularly relevant to any disputed issue in this litigation. This is especially true here, where no defendant disputes that Mr. Levandowski downloaded a large number of Waymo's proprietary files at the same time that he was negotiating a lucrative deal to transfer a team of his colleagues to Uber (to replicate similar [if not identical] technology). In addition, the Stroz Report, as well as the devices and data held by Stroz, now confirm Levandowski's acts. In that context, what does it matter "which KVP attorneys provided search terms"? Dkt. 2036 at 5.

---

[6] The portion of OT's motion addressing KVP seeks only "documents." Dkt. 2036 at 1, 5–6. Thus OT is no longer seeking KVP's deposition, the burdens of which were addressed in KVP's prior motion and properly quashed.

### B. The subpoena to KVP should remain quashed.

#### 1. OT did not bring its discovery requests in a timely fashion.

The Court previously quashed OT's subpoena to KVP, finding that it was served "too late" and that OT "certainly could have subpoenaed [KVP] a long time ago." *See* Dkt. 1522-3 at 6:19–20, 6:25–7:2. Now, the fact-discovery period has been closed for two months. OT bases its motion almost entirely on depositions that took place in early September, so OT has no excuse for waiting until October 20 to re-raise its subpoena requests. OT's motion should be denied for this reason alone. Moreover, a subpoena "must" be quashed if it "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). OT's August subpoena sought documents and testimony on only three days' notice, which falls far short of satisfying this reasonableness requirement. OT now conspicuously avoids offering a compliance deadline but—given the upcoming trial date—OT presumably wants a burdensome, accelerated production.

#### 2. OT has not shown that it needs documents from KVP, much less the overbroad information sought here.

The Federal Rules protect against "undue burden," and the Court must limit third-party discovery if it could "be obtained from some other source that is more convenient, less burdensome, or less expensive," or if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 45(d)(1); Fed. R. Civ. P. 26(b)(2)(C)(i), (b)(1). Moreover—and more importantly—where a subpoena seeks "disclosure of privileged or otherwise protected matter, if no exception or waiver applies," the Court *shall* issue an order quashing or modifying the subpoena. Fed. R. Civ. P. 45(d)(3)(A)(iii); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i). OT's subpoena to KVP is a fishing expedition into privileged materials held by third-party counsel. Instead of tying its broad requests to specific information that is relevant and that OT was unable to obtain from Waymo, OT vaguely claims that its broad subpoena to KVP is justified because OT could not obtain information from Waymo about unspecified (though allegedly "significant") aspects of the investigation. Dkt. 2036 at 5. But the cited testimony does not support OT's request to rummage through counsel's files, and it does not support the breadth of OT's subpoena requests. *See* above at III.A. This is fatal under FRCP 26 and 45.

### C. If the Court allows discovery from KVP, it must be narrowly tailored.

#### 1. OT cannot obtain internal KVP communications or documents.

OT is ***not*** entitled to any KVP communications, documents, or other work product that was ***never*** shared with Waymo LLC. "[T]he attorney or the client, expressly or by conduct, can waive or forfeit [work-product protection], but **only as to himself**." *In re Doe*, 662 F.2d 1073, 1079 (4th Cir. 1981) (emphasis added). Even if the Court were to find that Waymo had waived work-product protection, such a waiver necessarily stops short of internal-law-firm documents. For example, in *City of Glendale v. Nat'l Union Fire Ins. Co.*, 2013 WL 1797308 (D. Ariz. Apr. 29, 2013), the court held that a litigant's subject-matter waiver did not extend to "documents contained in outside counsel's files that were not communicated to" the litigant. *Id.* at *18. Here, too, any waiver cannot reach materials in outside counsel's files that were never shared with Waymo because Waymo's employees could not possibly have relied on those materials when carrying out any

portion of its investigations.  These materials do not implicate any conceivable sword-and-shield concerns since Waymo did not rely (nor *could* it have relied) on KVP's internal documents.

### 2.     KVP's opinion work product is not discoverable.

In prior filings, OT argued that it was entitled to discover KVP's core-mental processes and impressions, including attorney "impressions and opinions of the results and methodology of the investigation."  *See* Dkt. 1378 at 7.  Although OT's motion now says that it seeks only "fact work product," at other times it states that it is seeking to enforce all aspects of its previous subpoena, including its request for attorney "conclusions."  *See* Dkt. 1350-2 at RFP 4.  Thus, if the Court grants OT *any* discovery from KVP, it must specify that *opinion* work product is off limits.  *See Informatica Corp. v. Bus. Objects Data Integration, Inc.*, 454 F. Supp. 2d 957, 963 (N.D. Cal. 2006) ("[W]ork-product waiver only extends to 'factual' or 'non-opinion' work product.").  *See also Wi-LAN, Inc. v. LG Elecs., Inc.*, No. C-10-80254-JF-PSG, 2011 WL 500072, at *5 (N.D. Cal. Feb. 8, 2011), *vacated on other grounds and remanded*, 684 F.3d 1364 (Fed. Cir. 2012).  Indeed, the Ninth Circuit has held that opinion work product may only be discovered "when mental impressions are *at issue* in a case and the need for the material is compelling."  *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (emphasis in original).  Neither KVP nor Waymo has ever put KVP's mental impressions at issue, and thus OT is not entitled to that core-opinion-work product.

### 3.     Any discovery from KVP must be narrowly tailored.

If the Court were to allow OT to proceed with a document subpoena on KVP, the scope must be very narrowly tailored.  For example, since OT based its motion on a handful of (irrelevant) questions that it claims could not be answered by Waymo's witnesses, KVP should not be required to do anything more than search for documents that appear to answer the specific questions referenced in OT's motion (such as OT's claim that it needs to know *which* attorney forwarded a list of potential search terms to Waymo).  Similarly, the Court should limit KVP's responses to information that OT previously sought, but could not obtain, from Waymo (i.e., information that is within the scope of the prior waiver) because OT is not allowed to seek discovery from a third party that it could obtain from a party.  Fed. R. Civ. P. 45(d)(1); Fed. R. Civ. P. 26(b)(2)(C)(i), (b)(1).  If OT's overbroad subpoena were enforced as written, KVP would be forced to conduct a large-scale, document-by-document review to ensure that no privileged or work-product-protected material is produced accidentally.  OT has pointed to only a few irrelevant questions that allegedly could not be answered, so it has failed to justify a burdensome review of all documents related in any way to any "investigation" or "conclusions."

## IV.    CONCLUSION

The Court should deny OT's latest attempt to collect irrelevant, privileged, and burdensome discovery from KVP.  If any such discovery is allowed, it must be narrowly tailored to relevant, important material that can be appropriately sought from a third party, both to protect against OT's fishing expedition and to protect the privileged information at issue here.