[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>　　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**DEFENDANTS' COUNTER-CRITIQUE OF PLAINTIFF WAYMO LLC'S CRITIQUE OF AND PROPOSED ADDITIONS TO TENTATIVE JURY INSTRUCTIONS ON TRADE SECRET MISAPPROPRIATION AND TENTATIVE SPECIAL VERDICT FORM (ON MISAPPROPRIATION CLAIMS) (DKT. 2010)**<br><br>Trial Date: December 4, 2017 |

**TJI#2**

TJI#2 is substantively correct, and appropriately tailored to this trial with the relatively minor modifications that Defendants have proposed. (Dkt. 2076 at 1-2.) All of Waymo's theories hinge on Uber's alleged use of the trade secrets. To the extent improper acquisition is at issue, its elements are entirely incorporated in the applicable definitions of improper use. Thus, the Court's instruction is a correct statement of law and is appropriately tailored to the evidence that will be presented.

Waymo does not claim damages that flow from acquisition alone. Instead, Waymo's damages expert calculates unjust enrichment solely based on the amount by which the defendant that used the Alleged Trade Secret benefitted by *using* it—for example, to shorten the development timeline—along with a reasonable royalty alternative that is based on his estimate of unjust enrichment. These calculations are not based on mere acquisition (or disclosure) of a trade secret. Notably, nowhere in Waymo's critique, nor in the cited Joint [Proposed] Pretrial Order (Dkt. 1725), nor in its damages expert reports, does Waymo identify any facts or theory that base its claimed damages on a defendant merely acquiring Alleged Trade Secrets as opposed to using them. Pursuant to CACI, the jury should thus not be instructed on acquisition or disclosure:

> Civil Code section 3426.1(b)(1) defines "misappropriation" as improper "[a]cquisition" of a trade secret, and subsection (b)(2) defines it as improper "[d]isclosure or use" of a trade secret. In some cases, the mere acquisition of a trade secret, as distinguished from a related disclosure or use, will not result in damages and will only be relevant to injunctive relief. **Because generally the jury should only be instructed on matters relevant to damage claims, this instruction should not be given unless there is evidence that the acquisition resulted in damages, other than damages from related disclosure or use.**

CACI 4405 (Misappropriation by Acquisition), Directions for Use (emphasis added).

Waymo cites cases that stand for the unremarkable proposition that improper acquisition, use, and disclosure may provide independent avenues to liability under some circumstances. (Dkt. 2077 at 1–2.) Further, each of the cited cases was decided on summary judgment or a motion to dismiss. None of the cases concern a jury instruction. *San Jose Constr., Inc. v. S.B.C.C., Inc.*, 155 Cal. App. 4th 1528, 1544 (Cal. Ct. App. 2007) (order reversing grant of

DEFS' COUNTER-CRITIQUE OF WAYMO'S CRITIQUE OF TENTATIVE JI ON TRADE SECRET MISAPPROPRIATION
Case No. 3:17-cv-00939-WHA
sf- 3835076

1

summary judgment); *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, No. C13-02403 SI, 2014 WL 466016 (N.D. Cal. Feb. 3, 2014) (order granting in part and denying in part motion to dismiss); *Source Prod. & Equip. Co. v. Schehr*, No. 16-17528, 2017 WL 3721543, at *4 (E.D. La. Aug. 29, 2017) (order granting in part and denying in part motion to dismiss).

To the extent Waymo is seeking injunctive relief based on acquisition, TJI#2 and the Tentative Jury Verdict Form provide everything Waymo needs. If Waymo seeks an injunction from alleged improper acquisition, the equitable nature of that relief means that Waymo has no right to have a jury find facts that go only to acquisition. *Spinelli v. Gaughan*, 12 F.3d 853, 857 (9th Cir. 1993) (holding that the equitable nature of the relief, as opposed to the nature of the right, is dispositive when determining whether the right to a jury trial exists under the Seventh Amendment). In any event, even though Waymo has no right to it, the Court's proposed instructions and verdict form allow the jury to make a predicate factual finding on acquisition that the Court could later use to craft an appropriate injunction.

**REASONABLE ROYALTY INSTRUCTION**

Waymo argues that the jury should be instructed regarding a reasonable royalty. (Dkt. 2077 at 4:19-5:11.) As Uber has previously explained, the Court—not the jury—decides the issue of reasonable royalty. (*See* Dkt. 1735 at 65-66.) But the Court can defer this issue until the charge conference because the issue of reasonable royalty damages is unlikely to arise in this action for at least two reasons.

First, there is a pending motion to exclude Waymo's damages expert Michael Wagner, including his opinion on reasonable royalty. (*See* Dkt. 1619.) If the Court grants the motion, Waymo will have no admissible evidence to establish a reasonable royalty, and therefore would not be entitled to a reasonable royalty instruction for that reason.

Second, the issue of reasonable royalty should not arise in this action because it is a remedy of last resort that is considered only if unjust enrichment damages cannot be established. *See* Cal. Civ. Code § 3426.3(b) ("If ***neither*** damages nor unjust enrichment caused by misappropriation are ***provable***, the court ***may*** order payment of a reasonable royalty . . . .") (emphasis added); 18 U.S.C. § 1836(b)(3)(B)(ii) ("***in lieu of damages measured by any other***

DEFS' COUNTER-CRITIQUE OF WAYMO'S CRITIQUE OF TENTATIVE JI ON TRADE SECRET MISAPPROPRIATION
Case No. 3:17-cv-00939-WHA
sf- 3835076

2

*methods*, the damages caused by the misappropriation measured by imposition of liability for a reasonable royalty . . . .") (emphasis added).  Indeed, committees in both houses recorded that "[t]he Committee notes that courts interpreting the UTSA's analogous provision have held that the award of reasonable royalties is a remedy of last resort."  H.R. Rep. No. 114-529, at § 1961 n.13 (2016); *see also* S.R. Rep. No. 114-220, at 9 n.3 (2016) (same).

Thus, Waymo is entitled to a reasonable royalty remedy only if it cannot establish unjust enrichment.  Yet under Waymo's damages theory, if Waymo cannot establish unjust enrichment it also will be unable to establish a reasonable royalty.  That is because Mr. Wagner's reasonable royalty opinion relies on unjust enrichment damages as the baseline royalty. To calculate the amount of a reasonable royalty, Mr. Wagner simply increases his baseline royalty (which is his unjust enrichment amount) for each trade secret by 10%. (*See* Dkt. 1614-4 at 11-12.)  If the Court or a jury determines that Waymo has failed to prove the amount by which defendants were unjustly enriched, then by definition Waymo will have failed to prove the amount of a reasonable royalty because there would be no unjust enrichment, and therefore no baseline royalty, to increase.  Accordingly, there are no circumstances under which the reasonable royalty instruction would be given.

## TJI#11

TJI#11 accurately reflects the law on misappropriation by use.  *E.g., Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp. 2d 1111, 1120 (N.D. Cal. 1999) (emphasis added):

> In sum, the Court holds that California trade-secrets law does not recognize the theory of inevitable disclosure; indeed, such a rule would run counter to the strong public policy in California favoring employee mobility. **A trade-secrets plaintiff must show an actual use or an actual threat.** Once a nontrivial violation is shown, however, a court may consider all of the factors considered by the jurisdictions allowing the theory in determining the possible extent of the irreparable injury. In other words, once the employee violates the trade-secrets law in a nontrivial way, the employee forfeits the benefit of the protective policy in California. For example, that a high-level employee takes a virtually identical job at the number one competitor in a fiercely competitive industry would be a factor militating in favor of a broader injunction once sufficient evidence of a nontrivial violation is shown. In the present case, however, sufficient evidence of such a nontrivial violation has not been shown.

DEFS' COUNTER-CRITIQUE OF WAYMO'S CRITIQUE OF TENTATIVE JI ON TRADE SECRET MISAPPROPRIATION
Case No. 3:17-cv-00939-WHA
sf- 3835076

3

(*See also* Dkt. 1735 at 31-32.)  Waymo's cases in support of its proposed new instruction are irrelevant.  In those cases, the alleged uses were internal experimentation and modifications to a trade secret methodology.  Here, Waymo alleges Defendants used Waymo's trade secrets in Defendants' self-driving technology (*e.g.* Dkt. 1926-6, Opening Expert Report of Lambertus Hesselink, Ph.D. at ¶¶ 319-326 (discussing purported misappropriation of trade secret 12 via Uber's use of Waymo's trade secret in Uber's LiDAR).)  Thus, the dicta in Waymo's cases about what could constitute use in certain scenarios is not relevant to the facts at issue here, and would only serve to introduce ambiguity.

Waymo also proposes to add language that is not relevant to the facts of this case.  "Actual use"—the term used in TJI#11—encompasses everything that Waymo has alleged that resulted in any alleged unjust enrichment or damages.

Waymo's proposed instruction also is overreaching in a more subtle respect.  Waymo previously proposed an instruction saying "Misappropriation by use of trade secrets occurs even if the defendants' **product** differs in some respects from the trade secret." (Dkt. 1728 at 52 (emphasis added).)  That instruction was not adopted in the Tentative Jury Instructions, but Waymo's Critique proposes a new instruction which replaces the word "product" from its original proposal with the word "use." (*Compare* Dkt. 1728 at 52 *with* Dkt. 2077 at 3:13-15.)  That makes the proposal even more objectionable, because it would suggest that a defendant's use of technology could be trade secret misappropriation even if it differs from the claimed trade secret.  This would defeat the purpose of requiring that plaintiffs identify their trade secrets with reasonable particularity.

**TJI#14**

Defendants agree that the Court can wait to see how the evidence comes in at trial before determining whether to include the "accelerating" language.  TJI#14 properly includes language about benefits that would have been realized anyway, as this is the law on unjust enrichment.  In contrast to Waymo's statement that this "departs significantly from the definition offered by the parties themselves" (Dkt. 2077 at 10:1-2), both parties suggested a significantly similar definition. (Dkt. 1728 at Disputed Instruction 47 (Waymo's proposed instruction: "…to receive a benefit that

DEFS' COUNTER-CRITIQUE OF WAYMO'S CRITIQUE OF TENTATIVE JI ON TRADE SECRET MISAPPROPRIATION
Case No. 3:17-cv-00939-WHA
sf- 3835076

4

they otherwise would not have achieved"; Defendants' proposed instruction: "…that they otherwise would not have achieved").) This is also consistent with CACI 4410 ("…benefit that would not have been achieved except for [his/her/its] misappropriation.")

**TJI#16**

Waymo purports to ask the Court to cut out an "artificial step" by removing TJI#16 altogether. That step, however, is an element of Waymo's claim and is Waymo's burden of proof. *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 220 (Cal. Ct. App. 2010), *overruled on other grounds by Kwikset Corp. v. Super. Ct.,* 51 Cal. 4th 310 (Cal. Ct. App. 2011) (including proof of injury as an element for a cause of action for monetary relief under CUTSA). Waymo also states that TJI#16 is problematic because the "jury cannot be permitted to find liability, but then find that Waymo has failed to 'prove' a particular dollar amount and stop there." (Dkt. 2077 at 10.) In fact, they can. *See* Model Civ. Jury Instr. 9th Cir. 5.1 (2017) (damages must be proven with evidence, not speculation, conjecture or guesswork); *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 959 (9th Cir. 2001) (affirming judgment of district court dismissing case because plaintiff's damages could not be proven with "reasonable certainty").

**TJI#17**

Defendants submitted their proposed instruction on the measure of recovery (Dkt. 2076 at 7) and assert it is an appropriate instruction regarding the proper measurement of unjust enrichment. Depending on how the evidence comes in at trial, Defendants may agree that this instruction should be revisited at the charge conference.

DEFS' COUNTER-CRITIQUE OF WAYMO'S CRITIQUE OF TENTATIVE JI ON TRADE SECRET MISAPPROPRIATION
Case No. 3:17-cv-00939-WHA
sf- 3835076

5

Dated: October 27, 2017                MORRISON & FOERSTER LLP

By: /s/ Arturo J. González
ARTURO J. GONZÁLEZ

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzález@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (Pro Hac Vice)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone:    202.237.2727
Facsimile:    202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Telephone:    212.336.8330
Facsimile:    212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

| | |
|---|---|
| Dated: October 27, 2017 | GOODWIN PROCTER LLP |

By  */s/ Neel Chatterjee*
    NEEL CHATTERJEE

Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
Brett Schuman (SBN 189247)
bschuman@goodwinlaw.com
Shane Brun (SBN 179079)
sbrun@goodwinlaw.com
Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
Hong-An Vu (SBN 266268)
hvu@goodwinlaw.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Attorneys for Defendant
OTTO TRUCKING LLC

DEFS' COUNTER-CRITIQUE OF WAYMO'S CRITIQUE OF TENTATIVE JI ON TRADE SECRET MISAPPROPRIATION
Case No. 3:17-cv-00939-WHA
sf- 3835076

7

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Neel Chatterjee has concurred in this filing.

Dated: October 27, 2017                    */s/ Arturo J. González*
                                            Arturo J. González

DEFS' COUNTER-CRITIQUE OF WAYMO'S CRITIQUE OF TENTATIVE JI ON TRADE SECRET MISAPPROPRIATION
Case No. 3:17-cv-00939-WHA
sf- 3835076

8