1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzález@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Tel:  415.268.7000 / Fax:  415.268.7522
5
   KAREN L. DUNN (*Pro Hac Vice*)
6  kdunn@bsfllp.com
   HAMISH P.M. HUME (*Pro Hac Vice*)
7  hhume@bsfllp.com
   BOIES SCHILLER FLEXNER LLP
8  1401 New York Avenue, N.W.
   Washington DC  20005
9  Tel:  202.237.2727 / Fax:  202.237.6131

10 WILLIAM CARMODY (*Pro Hac Vice*)
   bcarmody@susmangodfrey.com
11 SHAWN RABIN (*Pro Hac Vice*)
   srabin@susmangodfrey.com
12 SUSMAN GODFREY LLP
   1301 Avenue of the Americas, 32nd Floor
13 New York, NY  10019-6023
   Tel:  212.336.8330 / Fax:  212.336.8340
14

15 Attorneys for Defendants
   UBER TECHNOLOGIES, INC.
16 and OTTOMOTTO LLC

17                     UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                        SAN FRANCISCO DIVISION

20

| | |
|---|---|
| WAYMO LLC, | Case No.   3:17-cv-00939-WHA |
| Plaintiff, | **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 2128) AND REQUEST FOR STAY OF ORDER** |
| v. | |
| UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | Trial Date: December 4, 2017 |

Pursuant to Local Civil Rule 72-2, Defendants Uber Technologies, LLC and Ottomotto LLC ("Uber") respectfully submit the following Objections to the Magistrate Judge's Order Re: Discovery Disputes (Dkt. 2128) ("Order") insofar as it holds that Uber waived work product protection over drafts of the due diligence report prepared by Stroz Friedberg LLC ("Stroz Report") that were not in Uber's possession.

Upon timely objection to a non-dispositive order of the Magistrate Judge, this Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). Here, the Order erroneously concludes that Uber waived work product protection over drafts of the Stroz Report because the drafts were not on Uber's privilege logs as of June 21, 2017. However, the Order acknowledges that Stroz never shared these drafts with Uber or Uber's counsel. The Order is therefore erroneous because it purports to require Uber to log documents that Uber did not have. As Uber had never seen the drafts, it would have been impossible for Uber to prepare a log with the "bone-crushing" detail required by this Court. Accordingly, this Court should vacate the portion of the Order requiring production of the drafts and in the meantime stay that portion of the Order requiring production by tomorrow at noon.

**RELEVANT BACKGROUND**

Waymo previously served on Stroz a subpoena for documents from Stroz's due diligence investigation. Uber (and others) moved to quash certain categories of the subpoena and Waymo moved to compel compliance. On June 21, 2017, the Magistrate Judge granted Waymo's motion and denied Uber's motion to quash ("Stroz Subpoena Order") (Dkt. 670). Uber specifically objected to the Stroz Subpoena Order to the extent it could be read to imply that Uber had waived privilege over documents in Stroz's possession that Uber had never seen and that therefore were not on Uber's own privilege logs. (Dkt. 727 at 2-3.) This Court overruled Uber's objection, but in so doing expressly ruled that the Stroz Subpoena Order had no "preclusive effect" on "new claims of privilege that Uber has had no opportunity to assert" because "the challenged part of [the] order did not contemplate, much less decide, the waiver issue Uber is now objecting over." (Dkt. 745 at 3-4.) The Court's orders concerning the production of the Stroz Report and

DEFS. UBER AND OTTOMOTTO'S MOT. FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER (DKT. 2128)
Case No. 3:17-cv-00939-WHA
la-1364654

1

compliance with the Stroz subpoena were stayed pending the outcome of proceedings before the Federal Circuit.

This motion for relief concerns drafts of the Stroz Report over which Uber previously "had no opportunity to assert" privilege. It is undisputed that Uber and Uber's counsel never received drafts of the Stroz Report, which were in Stroz's sole possession until August 2017. (Dkt. 2018-4 ¶ 5; Dkt. 2018-1 ¶ 6; Dkt. 2020 ¶ 8.) While the appeal was pending before the Federal Circuit, Stroz collected documents from its custodians and determined which were responsive to Waymo's subpoena. (10/23/17 Hr'g Tr. at 57:5-13.) In August 2017, Stroz made available to Uber's counsel over 10,000 documents Stroz had identified for proposed production. Uber invested substantial resources to review the documents to identify any that are privileged and served a privilege log just hours after Stroz transmitted its document production to Waymo on September 16, 2017. (Dkt. 2020 ¶ 8; 10/23/17 Hr'g Tr. at 56:11-13.) The log included entries for drafts of the Stroz Report – which Uber never received – that post-date the signing of the merger agreement on April 11, 2016. Those drafts thus generally constitute protected attorney work product, barring a waiver. (*See* Dkt. 731 at 3-4 (concluding that common interest privilege exists as of the signing of the merger agreement on April 11, 2016); Dkt. 949 at 3-5 (overruling Waymo's objections to June 26, 2017 order finding a common interest as of April 11, 2016).)

On October 12, Waymo moved to compel production of the Stroz Report drafts, which are in Stroz's possession but over which Uber has asserted privilege and placed on a privilege log. On October 27, the Magistrate Judge ruled that Uber waived its attorney work product privilege in drafts of the Stroz Report because Uber should have placed any such drafts on a privilege log by June 21, 2017, the date of the Stroz Subpoena Order. (Order at 4.)

I.   **THE HOLDING THAT UBER WAIVED ITS ATTORNEY WORK PRODUCT PRIVILEGE IN DRAFTS OF THE STROZ REPORT IS CLEARLY ERRONEOUS**

The Order's conclusion that Uber should have logged drafts of the Stroz Report by June 21 is erroneous. (*Id*.) The Magistrate Judge found that Uber had not received copies of any drafts of the Stroz Report (*id*.), yet still concluded that Uber should have prepared a log for documents neither it nor its counsel had ever seen. That holding is fundamentally unfair.

DEFS. UBER AND OTTOMOTTO'S MOT. FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER (DKT. 2128)
Case No. 3:17-cv-00939-WHA
la-1364654

2

*First,* the Order erroneously holds that because drafts of the Stroz Report were not on any of Uber's privilege logs as of June 21, 2017 – the date of the Stroz Subpoena Order – then "under the [Stroz Subpoena] Order's plain language, any privilege with respect to the drafts was waived." (Order at 4.) While it is true that the Stroz Subpoena Order "held that Uber had waived the privilege for any responsive documents not on Uber's privilege log" (*id.*), as this Court clarified, the Stroz Subpoena Order has no "preclusive effect" on "*new claims of privilege that Uber has had no opportunity to assert*" (Dkt. 745 at 3-4 (emphasis added)). As detailed below, Uber "had no opportunity to assert" privilege over drafts of the Stroz Report in June 2017. Therefore, Uber did not waive under the plain language of the Stroz Subpoena Order.

*Second,* the Order erroneously concludes that Uber *should have known* there were drafts and therefore logged them earlier. However, as of June 2017, it was far from obvious that drafts existed. For example, the Stroz Report could easily have existed on a document management platform at Stroz in the form of a final document with predecessor "versions" that were each replaced by the newest version. In that instance, there would be no drafts to produce or log. Uber did not know that personnel at Stroz exchanged drafts of the Stroz Report by email, such that drafts existed as email attachments. The Order's conclusion that Uber should have known about or inquired about drafts of the Stroz Report because Stroz is Uber's agent is also erroneous because there is no requirement in the Court's standing order, or in Fed. R. Civ. P. 26(b)(5), that obligates a party to inquire with its agents about the existence of draft documents. Moreover, Waymo did not properly litigate whether Stroz was Uber's agent in the underlying motion, instead only stating as much without any evidence. (Dkt. 1995 at 4.) The evidence shows Stroz was the joint agent of MoFo and OMM, not of Uber. (Dkt. 824-1 at Exs. A, F (Stroz engagement letters).)

Furthermore, without access to actual copies of the drafts, Uber could not have prepared a privilege log, certainly not one with the "bone-crushing detail" this Court demands. *See San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 15cv1401-BEN-MDD, 2017 WL 3877730, at *3 (S.D. Cal. Sept. 5, 2017) (asserting privilege "is worthless without . . . a description of the documents . . . ."). This Court has rejected "generalized claims of

DEFS. UBER AND OTTOMOTTO'S MOT. FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER (DKT. 2128)
Case No. 3:17-cv-00939-WHA
la-1364654

3

privilege or work-product protection," (Suppl. Order to Order Setting CMC ¶ 18), such that Uber could not have included catchall boilerplate language referencing any drafts which may exist. Instead, this Court requires privilege logs to identify the dates of the communications and all authors/senders and recipients, as well as affirm that no unauthorized persons received the communication. (*Id.*) Uber could not have provided *any* of that information until it obtained access to and reviewed the documents, beginning in August 2017. The log Uber served on September 17 for documents in Stroz's possession has over 6,000 detailed entries, including entries for drafts of the Stroz Report that set forth document dates and the names of the authors/senders and recipients. (*See* Dkt. 1994-8 (9/16/17 Privilege Log prepared by Uber for documents possessed by Stroz custodians) entries 3692, 3734, 3796, 3802, 3821).) Uber could not have logged such information until Stroz first determined what documents were responsive and then gave Uber's counsel access to the documents.

    ***Third,*** the Order erroneously concludes that Uber's assertion of privilege over the drafts is untimely pursuant to this Court's standing order. (Order at 5.) Initially, the Court's standing order seems to require the party who received a document request to provide a privilege log "at the time of assertion" of the privilege for documents it is withholding from production. It does not appear to apply to a party filing a motion to quash a subpoena served on a third party, particularly as it pertains to documents in the third party's sole possession. In any event, Uber did provide a privilege log "at the time of assertion" of its privilege. Uber did not and was under no obligation to serve written objections and responses to the Stroz subpoena. It asserted privilege over the drafts after its counsel was afforded an opportunity to review the 10,000+ documents Stroz made available for review in August 2017 and promptly furnished a privilege log. Contrary to the Order's conclusion, Uber did not wait "until after the Federal Circuit ruling" to inquire whether drafts existed. (*Id.*) Uber acted diligently to furnish a log as soon as it determined Stroz possessed drafts over which Uber was asserting privilege.

## CONCLUSION

    For the foregoing reasons, Uber requests that the Court vacate lines 7 through 28 on page 4, and lines 1 through 5 on page 5 of the Order, including the order that Uber shall produce

DEFS. UBER AND OTTOMOTTO'S MOT. FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER (DKT. 2128)
Case No. 3:17-cv-00939-WHA
la-1364654

4

any drafts of the Stroz Report by noon on Tuesday, October 31, 2017.  Uber further requests that the Court stay that portion of the Order until this objection is resolved.

Dated: October 30, 2017                    MORRISON & FOERSTER LLP

                                           By:   */s/ Arturo J. González*
                                                 ARTURO J. GONZÁLEZ

                                           Attorneys for Defendants
                                           UBER TECHNOLOGIES, INC.
                                           and OTTOMOTTO LLC

DEFS. UBER AND OTTOMOTTO'S MOT. FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER (DKT. 2128)
Case No. 3:17-cv-00939-WHA
la-1364654

5