QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ORDER RE MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO STRIKE ASSERTED TRADE SECRET NUMBER 96** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal a small amount of limited additional portions of the Court's Order Re Motions for Partial Summary Judgment and Motion to Strike Asserted Trade Secret Number 96 ("Court's Order").  Specifically, Waymo requests an order granting leave to file under seal the portions of the document as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
| --- | --- | --- |
| Court's Order | Highlighted Portions | Waymo (yellow and green highlighting) |

## I. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*  In the context of dispositive motions, materials may be sealed so long as the party seeking sealing makes a showing that "'compelling reasons' support secrecy."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

## II. THE COURT SHOULD SEAL WAYMO'S TRADE SECRET INFORMATION

In addition to the yellow sealing highlights provided by the Court, Waymo requests the Court seal the limited portions of the Court's Order (highlighted in green) identified by Waymo in the attached proposed redacted version.  Waymo agrees that the portions proposed to be redacted by the Court (highlighted yellow) contain Waymo's trade secret information.  While heeding the Court's instructions to keep redactions to a minimum, Waymo proposes very limited additional redactions (highlighted green) of trade secret information or information that, from context, would tend to disclose Waymo's trade secrets.

Waymo seeks to file this information under seal because it discloses Waymo's trade secrets.  *See* Declaration of Felipe Corredor ("Corredor Decl.") ¶¶ 3-5.  Courts have determined that trade

secret information merits sealing. *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets"). Waymo seeks to seal trade secrets that fit squarely within this category. Corredor Decl. ¶¶ 3-5. Waymo maintains this information as a trade secret (*see* Dkt. 25-31) and ensures the information remains secret with strict secrecy and security protocols (*see* Dkt. 25-47; Dkt. 25-49.). *See* Corredor Decl. ¶ 4. Waymo has narrowly tailored its requests to only information meriting sealing. *Id.* ¶ 5. both *Music Group* and *Brocade* found the confidential information at issue in those cases met the heightened "compelling reasons" standard for sealing. *Music Grp.*, 2015 WL 3993147, at *1; *Brocade*, 2013 WL 211115, at *1, *3. The information that Waymo seeks to seal, therefore, meets this heightened standard. The disclosure of Waymo's trade secret information would harm Waymo. Corredor Decl. ¶ 4. Moreover, the scope of information that Waymo is seeking to seal is consistent with other administrative motions to seal that have already been granted by the Court in this case. (*See, e.g.*, Dkt. 416, 414, 406, 393, 392.) Thus, the Court should grant Waymo's administrative motion to seal.

### III. CONCLUSION

Because other parties have until 11 pm to propose additional redactions of their confidential information under the Court's Order Re Sealing of Order Re Motions for Summary Judgment and Motion to Strike Asserted Trade Secret Number 96 (Dkt. 2153), only an unredacted version of the above listed document accompanies this Administrative Motion. For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's administrative motion to file under seal.

DATED:  October 31, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles Verhoeven*
Charles Verhoeven
Attorneys for WAYMO LLC