1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

        Plaintiff,

  v.

UBER TECHNOLOGIES INC.,
OTTOMOTTO LLC, and
OTTO TRUCKING LLC,

        Defendants.

_____/

No. C 17-00939 WHA

**NOTICE OF HEARING
RE INSTRUCTIONS
AND OFFERS OF PROOF**

     On **NOVEMBER 14, 2017, AT 8:00 A.M.**, we will have a hearing on the following jury

instruction issues:

            1.     The agency issue concerning Stroz and Morrison

(TJI#12).  In addition to the general issue, be prepared on these

subparts:  (a)  When a company wants to hire an engineer but

wants to make sure she is not bringing trade secrets of her prior

employer, what are the judicially-approved procedure(s) to vet the

potential employee?  (b)  If the new employer accepts the new

employee on the condition and promise to return all files to the

prior employer, will that precaution immunize the new employer

from liability if it turns out that the new employee fails to do so?

(c)  If the engineer possesses trade secrets files of the first

employer, isn't she already under a legal duty to return them to the first employer?  (d)  Can this duty be eliminated by her physically delivering the files to a third party (like Stroz or Morrison) for storage?  (e)  By what authority, moreover, can the third party knowingly retain such "stolen property"?  (f)  Is the third party acting as the agent for the acquiring company, such that principal is charged with possession of the files?  *Bring authorities on point and set forth your proposed instructions on all subparts.*

2.      If the jury finds that the *only* acquisition of trade secrets by Uber was via Stroz and/or Morrison, what damages will the evidence at trial support?  What is Waymo's specific offer of proof?

3.      What is Waymo's specific offer of proof that any defendant "disclosed" any trade secret?

4.      When an engineer cleanly moves from one employer to another (without any files of any type), how can she be expected to forget the engineering lessons learned in her earlier jobs?  Is she really expected to repeat trial and error to re-validate lessons already learned?  Should the jury be instructed as per Section 1.8 entitled "3.  General Knowledge And Skill Versus Trade Secrets" in CEB, *Trade Secrets Practice in California (2016)*?  Bring authorities on point and highlight the passage on point.

5.      Does the judge or the jury decide reasonable royalty?  Bring authorities on point and highlight the passage on point.  With Wagner excluded, what evidence at trial will now bear on reasonable royalty?

6.      Definitions for "willful" and "malicious" (TJI#19).

Can't counsel agree on this?

7.      Why do we need Ottomotto LLC in this case?

Can't counsel tidy this up for the jury via a stipulation?

Please, no booklets, no slides, no briefs but file the above-required specific offers of proof in writing 48 hours before the hearing.  To the hearing, bring every possible authority of relevance (official reports preferred) with highlighted copies to hand the judge for anything that could come up.  Also bring all evidence to the courtroom that bears on the issues above, including exhibits and deposition testimony, including those for which an advance offer of proof isn't required.  Please present authority *on point* (or concede none exists) and candidly acknowledge contrary authority.

Counsel will please meet-and-confer and try to agree upon instructions for items 1 and 4 in particular.  Those two items are of importance to engineers and the industries that employ them.  Counsel could provide a great service in agreeing upon forms of instructions that could hereafter serve as a template.

**IT IS SO ORDERED.**

Dated:  November 3, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3