UNREDACTED VERSION OF EXHIBIT 2 SOUGHT TO BE FILED UNDER SEAL IT ITS ENTIRETY

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4                       --oOo--
 5   WAYMO LLC,
 6              Plaintiff,
                                    Case
 7   vs.                            No. 3:17-cv-00939-WHA
 8   UBER TECHNOLOGIES, INC.;
     OTTOMOTTO LLC; OTTO TRUCKING LLC,
 9
                Defendants.
10   _____/
11
12
13       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
14
15      VIDEOTAPED DEPOSITION OF KRISTINN GUDJONSSON
16              VOLUME II (Pages 243 to 467)
17                FRIDAY, SEPTEMBER 8, 2017
18
19
20
21
22   Reported by:
23   Anrae Wimberley
24   CSR No. 7778
25   Job No. 2703751
     Pages 243 - 467
```

Page 243

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | A.   It's an e-mail. | 11:46:59 |
| 2 | Q.   It's an e-mail from Michael Pfyl to you and | 11:47:05 |
| 3 | Heather Adkins; correct? | 11:47:09 |
| 4 | A.   Yes. | 11:47:09 |
| 5 | Q.   Dated August 1st, 2015? | 11:47:13 |
| 6 | A.   Yes. | 11:47:13 |
| 7 | Q.   Is it fair to say that Mr. Pfyl is adding you | 11:47:16 |
| 8 | to a chain, e-mail chain, discussing an investigation | 11:47:21 |
| 9 | into Otto employees? | 11:47:25 |
| 10 | A.   He's talking about an ongoing investigation | 11:47:28 |
| 11 | into former -- | 11:47:30 |
| 12 | (Reporter seeks clarification.) | |
| 13 | A.   -- Chauffeur or Waymo employees. | 11:47:35 |
| 14 | Q.   And specifically if you look two e-mails | 11:47:38 |
| 15 | down, starting with Mr. Pfyl's e-mail on July 29th, he | 11:47:47 |
| 16 | writes, "Specifically, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| 17 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and leadership has | 11:47:53 |
| 18 | expressed concerns that Otto may be poaching our IP"; | 11:47:57 |
| 19 | correct? | |
| 20 | A.   That is what the e-mail says. | 11:48:02 |
| 21 | Q.   And above that, there's an e-mail from Kevin | 11:48:06 |
| 22 | Vosen? | 11:48:06 |
| 23 | A.   Yes. | 11:48:06 |
| 24 | Q.   Who is Kevin Vosen? | 11:48:08 |
| 25 | A.   I believe he's the general counsel of Waymo. | 11:48:10 |

| | | |
|---|---|---|
| 1 | A.   Sorry.  29415.R. | 16:47:24 |
| 2 | -- that it got reimaged on 2015-10-16.  So | 16:47:37 |
| 3 | not the day before.  Sorry about that. | 16:47:41 |
| 4 | Q.   It was actually reimaged in -- | 16:47:45 |
| 5 | A.   In October. | 16:47:47 |
| 6 | Q.   Of 2015? | 16:47:48 |
| 7 | A.   Yes.  That's when it was reimaged as a | 16:47:52 |
| 8 | laptop.  This is the final conclusion.  The other one | 16:48:00 |
| 9 | is still a work in progress. | 16:48:02 |
| 10 | Q.   This is kind of what I was getting at. | 16:48:04 |
| 11 | A.   Yeah. | 16:48:05 |
| 12 | Q.   Let me make sure the record is clear on this. | 16:48:07 |
| 13 | Your original suspicion -- let me restate. | 16:48:12 |
| 14 | Your original belief that the G laptop had | 16:48:15 |
| 15 | been reformatted on the day Anthony Levandowski left | 16:48:19 |
| 16 | you determined was incorrect; is that right? | 16:48:23 |
| 17 | MR. BAKER:  Objection to form. | 16:48:25 |
| 18 | THE WITNESS:  That was one original hypothesis | 16:48:28 |
| 19 | that, yes, got later disproved.  It looks like that. | 16:48:34 |
| 20 | MR. BAKER:  For the record, can you point out, | 16:48:36 |
| 21 | Mr. Gudjonsson, what you're looking at right now. | 16:48:39 |
| 22 | THE WITNESS:  I'm looking at page 29415 and 29416 | 16:48:44 |
| 23 | of the host forensic records, Exhibit 2260, which is | 16:48:47 |
| 24 | the detailed timeline of Anthony L. G laptop. | 16:48:55 |
| 25 | BY MR. CHATTERJEE: | 16:48:55 |

Page 460

```
 1        Q.   When you made your final conclusion, you         16:48:58
 2   realized that Mr. Levandowski's G laptop had not been      16:49:04
 3   reformatted on the day that he left Google, but            16:49:07
 4   instead had been reformatted on October 16th, 2015; is     16:49:13
 5   that right?                                                16:49:14
 6        A.   Yes.                                             16:49:14
 7        Q.   Can you tell me what page you're looking at      16:49:21
 8   there.                                                     16:49:22
 9        A.   29416.  We can see the detailed timeline.        16:49:32
10        Q.   Let me ask you one question about this page.    16:49:35
11   If you look at the 18:15:10 time entry.                    16:49:41
12        A.   Sorry.  Which time?                              16:49:42
13        Q.   It's the second-to-the-last box.                 16:49:44
14        A.   Okay.  On the 31st.                              16:49:47
15        Q.   It says, "Last syslog entries from               16:49:50
16   anthonyl-glaptop's machine."                               16:49:53
17        A.   Yes.                                             16:49:54
18        Q.   What is "syslog"?                                16:49:54
19        A.   Syslog is the main logs from a Linux system.    16:50:02
20   It's the system logs.                                      16:50:04
21        Q.   Is that stored locally or is that also --        16:50:06
22        A.   It's stored locally and then centrally           16:50:10
23   collected.                                                 16:50:11
24        Q.   So there is a central place --                   16:50:?? 
25        A.   Yes --
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1        FEDERAL CERTIFICATE OF DEPOSITION OFFICER
 2        I, ANRAE WIMBERLEY, CSR NO. 7778, do hereby
    declare:
 3
          That, prior to being examined, the witness named
 4  in the foregoing deposition was by me duly sworn
    pursuant to Section 30(f)(1) of the Federal Rules of
 5  Civil Procedure and the deposition is a true record of
    the testimony given by the witness;
 6
          That said deposition was taken down by me in
 7  shorthand at the time and place therein named and
    thereafter reduced to text under my direction;
 8
          -----   That the witness was requested to
 9  review the transcript and make any changes to the
    transcript as a result of that review pursuant to
10  Section 30(e) of the Federal Rules of Civil Procedure;
11        -----   No changes have been provided by the
    witness during the period allowed;
12
          -----   The changes made by the witness are
13  appended to the transcript;
14        --X---   No request was made that the transcript
    be reviewed pursuant to Section 30(e) of the Federal
15  Rules of Civil Procedure.
16        I further declare that I have no interest in the
    event of the action.
17
          I declare under penalty of perjury under the laws
18  of the United States of America that the foregoing is
    true and correct.
19
          WITNESS my hand this 9th day of September, 2017.
20
21
22
23              [signature: Anrae Wimberley]
                ANRAE WIMBERLEY
24              CSR NO. 7778
25
```

Page 467