MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzález@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: 212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | Case No.   3:17-cv-00939-WHA <br><br> **RESPONSE TO WAYMO'S CRITIQUE OF FURTHER JURY INSTRUCTION ON TRADE SECRET MISAPPROPRIATION [DKT. 2171]** <br><br> Trial Date: December 4, 2017 |

The Court's proposed jury instruction is an accurate statement of the law, as noted in Defendants' previous submission (Dkt. 2169). Waymo's proposed edits to the instruction would add unnecessary complexity and in some respects misstate the law.

As a preliminary matter, the parties appear to have differing views of the purpose of this instruction. The instruction proposed by the Court correctly instructs the jury on how to differentiate between trade secrets and those skills and information acquired by former employees that are not trade secrets. To that end, the instruction is a correct statement of the law. *See, e.g., Metro Traffic Control, Inc. v. Shadow Traffic Network*, 22 Cal. App. 4th 853, 862 (Cal. Ct. App. 1994) (the training and talents of employees are not an employer's trade secret); Trade Secrets Practice in California, § 1.8 (2d Ed. 2016) (plaintiff must show that the alleged trade secrets are not the same as the employee's general knowledge or skills). The instruction will be helpful to the jury in light of Waymo's expected proof. It is also especially important because of California's strong public policy in favor of employee mobility and open competition. *E.g., Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp. 2d 1111, 1119 (N.D. Cal. 1999) (California public policy favors employee mobility); *see also Applied Materials, Inc. v. Advanced Micro-Fabrication Equip. (Shanghai) Co.*, 630 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) (same); *see also* Trade Secrets Practice in California, § 1.8 (2d ed. 2016) (noting that an employer cannot use trade secret law to improperly restrict employee mobility). Waymo, on the other hand, incorrectly approaches this one instruction as if it needs to be a self-contained statement of the entire law of trade secret misappropriation. If Waymo's edits were approved, an otherwise straightforward jury instruction on a single issue would be transformed into an unmanageable—and legally suspect—statement of Waymo's case.

While Uber objects to all of Waymo's proposed revisions as unnecessary for the reason cited above, Uber also specifically objects to the following three additions: (1) the term "general" before "skills," (2) the clause "regardless of whether contained in a document or retained in the engineer's memory," and (3) the clause "or research indicating that a certain process or approach will not work."

The first addition ("general" before "skills") is unnecessary because the skills at issue are

RESPONSE TO CRITIQUE OF FURTHER JURY INSTRUCTION ON TRADE SECRET MISAPPROPRIATION [DKT. 2171]
Case No. 3:17-cv-00939-WHA
sf-3838505

1

correctly defined in the instruction as "those known in [the] field." No qualifier is necessary. Waymo's proposed limitation of skills to only those that are "general" is an incorrect statement of the law. Trade secrets law cannot prevent an employee from using specific skills known in the field that she may have learned in a prior job or training where those specific skills do not constitute trade secrets under the statutory requirements. *E.g. Agency Solutions.com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (general and special knowledge of those skilled in a trade are not trade secrets). Waymo's proposed addition would also conflict with Tentative Instruction V, which states properly that matters of special knowledge of persons who are skilled in a trade cannot be claimed as trade secrets.

The second addition (adding "regardless of whether contained in a document or retained in the engineer's memory") would make the instruction unnecessarily difficult to follow by creating conflict where none exists. Uber does not dispute that a trade secret may be kept in the mind of a former employee. But nothing in the instruction as originally written or in any of the Court's other TJIs suggest otherwise. Adding Waymo's proposal would complicate an issue that is otherwise clear.

The third addition (adding "or research indicating that a certain process or approach will not work") is unnecessary and incorrect. First, Defendants do not understand this instruction to be intended to define the term "trade secrets" (other instructions do that), but rather to explain to the jury that an engineer will almost always learn certain things at his prior job that do not qualify as trade secrets. Adding vague words and phrases like those Waymo proposes will only serve to muddle this instruction. Moreover, Waymo's third addition is too broad; while some "negative know-how" may be protectable as a trade secret, not all such "blind alleys" will qualify, and any relief based on Waymo's proposed instruction would therefore be overbroad. In *Winston Research Corp. v. Minn. Mining & Mfg. Co.*, 350 F.2d 134, 143–44 (9th Cir. 1965), for example, the Ninth Circuit upheld the issuance of an injunction but specifically rejected the portion of the injunction that parallels Waymo's proposed instruction:

> We agree with Winston that in one respect the district court's injunction was unenforceably broad. As we have noted, the district court found that 'knowledge of the reasons for' the particular specifications of the Mincom machine, and

RESPONSE TO CRITIQUE OF FURTHER JURY INSTRUCTION ON TRADE SECRET MISAPPROPRIATION [DKT. 2171]
Case No. 3:17-cv-00939-WHA
sf-3838505

2

> 'knowledge of what not to do * * * and how not to make the same mistakes' as Mincom made in arriving at these specifications were Mincom trade secrets. Disclosure or use of these 'trade secrets' was enjoined. Winston argues that these provisions of the decree are too broad and indefinite, prohibit use by former Mincom employees of their personal knowledge and skill, and render these employees substantially unemployable in the work for which their specialized training and experience have equipped them.  Mincom responds that the provisions are to be read narrowly as applying only to knowledge of the reasons for the particular specifications of the Mincom machine which the court held to be protectable trade secrets, and of mistakes to be avoided in developing these specifications.
>
> Even so read, the provisions cannot stand, for their necessary effect is to prohibit conduct by Tobias, Johnson, and the other former Mincom employees in which they have a right to engage. As we have said, the general approach adopted by Mincom in the development of its machine and the basic mechanical elements incorporated in that machine were not protectible 'trade secrets,' since they were generally known. Mincom's former employees—and Winston—are free to utilize both in their efforts to build a machine equal or superior to the Mincom machine, so long as they do not, within the time covered by the injunction, utilize the particular specifications of the Mincom machine or their substantial equivalents. Moreover, Mincom's former employees cannot be denied the right to use their general skill, knowledge, and experience, even though acquired in part during their employment by Mincom. But the only practical way of enforcing the broad injunctive provisions here challenged would be to prohibit former Mincom employees from engaging in any development work in this area at all. They simply could not exclude their knowledge 'of what not to do' and of why Mincom's machine was built as it was from any development work they might now attempt involving the general approach and basic mechanical elements of the Mincom machine.

Thus, Waymo's proposed instruction would overstate the bounds of trade secrets law.

Waymo's cited authority does not support the broad proposition that Waymo advocates. *Courtesy Temp. Serv., Inc. v. Camacho*, 222 Cal. App. 3d 1278, 1287 (Cal. Ct. App. 1990) includes the quote that Waymo cites, but it does not support Waymo's blanket statement that an employee "may not bring to a new employer trade secrets embodying specific lessons about what *not* to do." (Dkt. 2171 at 2:28–3:1 (emphasis in original).)  Rather, *Courtesy Temp.* closely evaluated the customer lists at issue in that case and concluded that the plaintiff had met its burden of proof to show that the lists were trade secrets:

> Here, the evidence established that Courtesy's customer list and related information was the product of a substantial amount of time, expense and effort on the part of Courtesy. Moreover, the nature and character of the subject customer information, i.e., billing rates, key contacts, specialized requirements and markup rates, is sophisticated information and irrefutably of commercial value and not readily ascertainable to other competitors.  Thus, Courtesy's

RESPONSE TO CRITIQUE OF FURTHER JURY INSTRUCTION ON TRADE SECRET MISAPPROPRIATION [DKT. 2171]
Case No. 3:17-cv-00939-WHA
sf-3838505

3

customer list and related proprietary information satisfy the first prong of the definition of "trade secret" under section 3426.1.

*Courtesy Temp.*, 222 Cal. App. 3d at 1288.  Thus the court properly evaluated whether the "lessons about what not to do" qualified as part of protectable trade secrets, rather than assuming that they were trade secrets.

Similarly, *Morton v. Rank Am., Inc.*, 812 F. Supp. 1062, 1073-74 (C.D. Cal. 1993) merely held that, at the motion to dismiss stage, "certain 'negative' information" may constitute a trade secret.  This is made clear in the full paragraph from which Waymo pulled its quoted sentence:

> Focusing only on that information that might be generally observable by members of the general public that visited a Hard Rock Cafe (i.e., buildings, decor, fixtures, menu prices etc.), the Defendants argue that the Plaintiffs have failed to allege *anything* that would constitute a protectable trade secret.  However, the Plaintiffs have cited to facts that could be inaccessible to the general public.  For example, the Plaintiffs may have expended substantial time and expense in developing its supplier lists.  *See Courtesy Temporary Serv. v. Camacho*, 222 Cal. App. 3d 1278, 272 Cal. Rptr. 352, 358 (1990).  Certain "negative" research may also result in the creation of protectable information.  *See id.,* 272 Cal. Rptr. at 357.  In sum, this court cannot now state that the Plaintiffs cannot prove any set of facts that would establish the existence of "information ... that derives *1074 independent economic value ... from not being generally known to the public...." Cal. Civ. Code § 3426.1(d)(1).  The Defendants' motion, therefore, cannot succeed on this basis.

*Id.* (emphasis in original).  Again, nothing in the case suggests that "lessons about what not to do," standing on their own, are trade secrets as Waymo's proposed additions would suggest.

In short, Waymo's proposed additions are contrary to law and to California's strong policy favoring employee mobility and open competition.

Dated: November 7, 2017                    MORRISON & FOERSTER LLP


By:  */s/ Arturo J. González*
     ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and
OTTOMOTTO LLC

RESPONSE TO CRITIQUE OF FURTHER JURY INSTRUCTION ON TRADE SECRET MISAPPROPRIATION [DKT. 2171]
Case No. 3:17-cv-00939-WHA
sf-3838505

4