November 8, 2017

**VIA ECF**

Magistrate Judge Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:     *Waymo LLC v. Uber Technologies, Inc., et al*., N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Plaintiff Waymo LLC ("Waymo") submits this brief to enforce the Court's October 6 Order (Dkt. 1964) and/or compel Defendants Uber Technologies, Inc. and Ottomotto LLC (together "Uber") to provide an executed Authorization and Consent Form for the 280technologies.slack.com site used by Lior Ron and other then-Ottomotto employees and executives in early 2016.

The Court ordered Uber to "cooperate with Waymo's efforts to subpoena information prior to April 2016 regarding the Ottomotto team Slack site." (Dkt. 1964 [10/6/2017 Order Re: Slack Discovery Dispute and Any Further Discovery Disputes].)

Waymo brings this motion to enforce that Order. Subsequent to the Court's Order, it was revealed that "the Ottomotto team Slack site" is actually three separate sites: Ottomotto.slack.com, 280systems.slack.com, and 280technologies.slack.com. The consent form that Uber provided to Slack on October 10, however, only authorized Slack to produce responsive materials from one of those three sites (Ottomotto.slack.com). Slack has stated that user content for one of the remaining Ottomotto team Slack sites (280technologies.slack.com) still exists and can be produced – **provided** Uber executes the necessary consent form. However, Uber is refusing to provide that consent.

There is no dispute that this Ottomotto team Slack site, 280techonologies.slack.com, is responsive to Waymo's subpoena. There is also no dispute that the user content from this site – which was created by Lior Ron in late January 2016, and used by him and other Ottomotto executives and employees – contains highly relevant discovery. Slack is ready and willing to produce the user content. And there is no undue burden on Uber because all it has to do to authorize Slack's production is execute a two page consent form including a signature from Mr. Ron (who is currently Uber's Senior Director of Engineering). Accordingly, the Court should enforce its October 6 Order and compel Uber to execute the authorization form so that this Slack discovery can finally be produced.

I.  **Background**

The Stroz Report, withheld from Waymo until September 13, identifies "an Ottomotto team site on the Slack collaboration platform (www.slack.com)" accessed by Anthony Levandowski, Lior Ron, and "other Ottomotto employees[.]" (Dkt. 1928-24 at 13.) A footnote states that "[t]he team name indicated in the URL is '280systems' which was set up on Novmber [sic] 10, 2015. At some point thereafter, the team site name was changed to Ottomotto." (*Id.* at 13 n.8.) According to the Stroz Report, "Levandowski was added as a user to this team site on November 18, 2015" and "accessed [it] twice on January 12, 2016, and again on March 10, 2016." (*Id.* at 13.) The Stroz Report also states that Mr. Ron "first accessed this site on November 17, 2015." (*Id.* at 20.) Among other relevant activity, the Stroz Report relates that Mr. Ron accessed the "Ottomotto team site on Slack" on January 1, 2016, "during which time a file or folder labelled 'Chauffeur_next_steps_-_we_need_team_Mac' was accessed." (*Id.*)

On September 28, Waymo requested from Uber discovery related to the "Slack channel accessed by Ottomotto employees in 2015 and 2016" referenced in the Stroz Report. (Ex. 1 [9/28/2017 S. Kitchens email].) Uber refused, arguing that the request was untimely. (Ex. 2 [10/4/2017 S. Rivera email] ("I declined the request on the ground that the Court specifically stated at yesterday's hearing that no new discovery is allowed, and incorporated that prohibition into today's order.").) The Court held a telephonic hearing on the dispute on October 5. As explained by counsel for Waymo, "the issue is the Ottomotto team site for Slack, which was, according to the Stroz report, was set up as a 280 systems Slack site on November 10th, 2015, and then it's referenced repeatedly in the Stroz report that both Mr. Levandowski and Mr. Ron were using Slack in the time period prior to -- I guess the time that Stroz took the devices[.]" (Dkt. 1975 at 3:9-16.) Waymo also noted that Slack could only produce user content in response to a subpoena with the consent of the "owner" of the Slack team site, and that "it's possible the owner is someone like Lior Ron, or it's possible it's someone at Uber, but we don't know, and we need that in order to get a consent form to Slack so that they could produce the user data":

1

> But the other thing I would just add, your Honor, is, in order to get user data, my informed understanding is that we would need the consent of the team owner.
>
> So I don't know -- I haven't heard representation from Uber that if they -- if they or someone they control, the team owner, that we would get that consent. So I just don't want to have to delay this process and then come back in front of you, you know, tomorrow or the day after, on the same issue.

(*Id.* at 12:3-9; 14:9-17.) After hearing argument from both sides, the Court ruled that "I'm going to order Uber to cooperate with Waymo to get the information they need in order to subpoena the information as to the deleted, or no longer available to Uber, information as to the Slack site." (*Id.* at 16:1-4.) The Court also noted that "I'm sure that Uber will give the consent, I'm sure that Mr. Levandowski will not, and I don't know who else is there. I'm sure probably Mr. Ron would, I don't know[.]" (*Id.* at 14:18-22.) The following day, the Court issued a written order providing that " Uber shall cooperate with Waymo's efforts to subpoena information prior to April 2016 regarding the Ottomotto team Slack site." (Dkt. 1964.)

Waymo issued its subpoena to Slack on October 6, seeking (*inter alia*) all documents and communications "stored in OTTOMOTTO's WORKSPACE on YOUR PLATFORM during any time between November 2015 and April 1, 2016" – with 'OTTOMOTTO' broadly defined to include Ottomotto LLC's "officers, directors, [and] current and former employees" as well as "all former names under which OTTOMOTTO has operated, including without limitation 280 Systems, Inc., 280 Systems, LLC, and Ottomotto, Inc." (Ex. 3 at Attachment A.)

Uber provided an executed consent form to Slack on October 10, which purported to authorize production of records "[f]or the Ottomotto.slack.com site **and any predecessor site**, for the time period from November 1, 2015 through March 31, 2016[.]" (Ex. 4 at 1 (emphasis added).) However, that consent form was signed by Tucker Perry, who was current "owner" of the team site for Ottomotto.slack.com, but not for any predecessor Ottomotto team Slack sites. As Waymo subsequently learned, the owner of the predecessor sites was Lior Ron – who was also the original owner of the Ottomotto.slack.com site.

On October 13, Slack informed Waymo that the Ottomotto.slack.com site was created on February 20, 2016, and that the production authorized by Uber's consent form would therefore be limited to the date range between February 20 and March 31. (Judah Decl. ¶ 2.) When Waymo inquired regarding the evidence of earlier Ottomotto team Slack activity, extending back to November 2015, Slack disclosed that a separate Slack site, 280systems.slack.com, was created on November 10, 2015 but had subsequently been "disabled" – effectively deleting all user content. (Judah Decl. ¶ 3.) Slack indicated that responsive non-user content could be produced related to that Ottomotto team Slack site without consent from the team owner (Lior Ron), and pursuant to the subpoena produced those records to Waymo as raw files on October 19.[1]

Upon review of the Slack production related to the 280systems.slack.com site, Waymo discovered that that Ottomotto team site had been deleted by Lior Ron on January 21, 2016. (Ex. 6 [SLACK-00000108.] Other documents recovered from the Stroz materials, however, indicated that Slack

---

[1] Waymo added Bates Numbers and produced these documents to Uber on October 23. (Ex. 5 [10/12/2016 J. Leroy email].)

activity occurred between January 21 (the date of the deletion of the 280systems.slack.com site) and February 20 (the date of the creation of the ottomotto.slack.com site). Further, a footnote to an exhibit to the Stroz Report indicated that "[t]he Slack site titled '280systems' was deleted or renamed '280technologies' on or around 01/21/2016 and a new Slack team site titled 'ottomotto' was created on or around 02/28/2016." (Ex. 7 [Stroz Report Exhibit 18] at 5 n.1.)

Accordingly, Waymo reached out to Slack on October 27, asking them to confirm that Slack's production in response to the subpoena included records relating to any "280technologies" Slack team. (Judah Decl. ¶ 4.) Slack informed Waymo that its search had not included 280technologies, which was in fact a completely separate Slack team and not, as suggested by the Stroz Report exhibit, a renaming of the 280systems.slack.com site. (Judah Decl. ¶ 4.) Three days later, on October 30, Slack confirmed that unlike the 280systems.slack.com site, the 280technologies.slack.com had not been deleted by Mr. Ron and that user content could be produced if Uber provided the necessary consent from the team owner. (Judah Decl. ¶ 5.) That same day, Slack sent the consent form to Uber, noting that the 280technologies.slack.com site was responsive to the subpoena and that "[t]he consent for the 280technologies team needs to be executed by Lior Ron[.]" (Ex. 8 [10/30/2017 Liebeskind email].)

Uber refused to execute the consent form, or even to respond to Waymo's follow-up emails, leading to a meet and confer with the Special Master on November 7. On that call, the Special Master agreed with Waymo that Uber should cooperate with this discovery and execute the consent form (provided Mr. Ron was willing to sign it). Uber nevertheless refused to execute the consent form, or even (as far as Waymo is aware) inquire with Mr. Ron as to whether he would consent. (Ex. 9 [11/8/2017 Rivera email].)

## II.     Consistent with the Court's October 6 Order, Uber Should Be Compelled to Execute the Consent Form for the 280technologies.slack.com Site

Uber does not contest that the 280technologies.slack.com site was used for Ottomotto business as an Ottomotto team Slack site. Nor could it. Documents discovered by Waymo from the Stroz materials indicate that this Slack site was used by Ottomotto executives and employees in January 2016. (*See*, *e.g.*, Ex. 10 [STROZ_R_000250656] (1/29/2016 invitation from Lior Ron to Anthony Levandowski to join "280technologies on Slack"); *see also* Ex. 11 [STROZ_R_000250667] (1/29/2016 invitation to Colin Sebern to join "280technologies on Slack"). Nor does Uber dispute that user content from the 280technologies.slack.com site is relevant. And Uber does not contend that executing the consent form so that Slack can produce the discovery to Waymo would be unduly burdensome. Rather, Uber's only excuse for stonewalling this highly relevant discovery is that the request is somehow untimely. It is not.

Waymo diligently pursued discovery into the Ottomotto team Slack sites based on information available to it at the time. First, Waymo did not obtain the Stroz Report until September 13 – after the close of fact discovery. Second, Waymo did not learn that the consent form that Uber provided on October 10 was incomplete until October 16, and it was not until October 27 that Waymo uncovered the existence of the third Ottomotto team Slack site (280technologies.slack.com) with not-yet-deleted user content that Slack could produce to Waymo. Uber argues that Waymo should have sought discovery into the 280technologies.slack.com site earlier, but if any party should have been on notice about that Slack site it was **Uber**, not Waymo. All three Ottomotto team Slack sites, including 280technologies.slack.com, were created by Lior Ron, who was an Ottomotto executive

3

and remains to this day Uber's Senior Director of Engineering. Yet in response to Waymo's requests and the Court's October 6 Order, Uber failed to provide the necessary consent for the 280technologies.slack.com site. Uber apparently never asked Mr. Ron (or Mr. Sebern, or any other early Ottomotto employee) for clarification of which Slack site or sites were used by Ottomotto before April 1, 2016 – or if Uber did, they withheld that information from Waymo. Therefore, to the extent there is any delay in seeking this discovery that delay is Uber's fault, not Waymo's.

Finally, Waymo notes that that the relief it is seeking is timely because it was sought from this Court in early October – and was in fact ordered at that time. In the instant motion, Waymo is simply asking for application of the Court's prior ruling – that "Uber shall cooperate with Waymo's efforts to subpoena information prior to April 2016 regarding the Ottomotto team Slack site" – to the recently uncovered additional Ottomotto team Slack site at 280technologies.slack.com.

Accordingly, Waymo requests that its motion be granted in full and that Uber be compelled to execute the Authorization and Consent Form for the 280technologies.slack.com site.

Respectfully,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
cc:     All counsel of record; Special Master John Cooper

01980-00104/9672418.1