QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>        Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF JAMES D. JUDAH** |

I, James DuBois Judah, hereby declare as follows.

1. I am a member of the bar of the State of California and an attorney with Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Waymo LLC ("Waymo"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently as follows.

2. On or about October 13, 2017 counsel for Slack informed me that the Ottomotto.slack.com site was created on February 20, 2016.

3. On or about October 16, 2017, counsel for Slack informed me that a separate Slack site, 280systems.slack.com, was created on November 10, 2015. Counsel for Slack also informed me that this site had subsequently been "disabled" and that therefore Slack did not have any user content for the 280systems.slack.com site. Counsel for Slack did not indicate when the 280systems.slack.com site had been disabled.

4. On or about October 27, I asked counsel for Slack to confirm that the search Slack conducted for the 280systems.slack.com site included any site for "280technologies". That same day, counsel for Slack informed me that the search it conducted in response to the subpoena did not include any site for "280technologies".

5. On or about October 30, counsel for Slack informed me that the site 280technologies.slack.com had been created by Lior Ron and had never been disabled. Accordingly, counsel for Slack informed me that Slack had access to user content for that site that could be produced in response to Waymo's subpoena. However, counsel for Slack also informed me that the "owner" of the 280technologies.slack.com site was Lior Ron, from whom Uber had not provided an executed consent form. Counsel for Slack indicated that Slack was willing to produce user content from the 280technologies.slack.com site provided Uber provided the necessary consent form executed by Lior Ron.

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  November 8, 2017

/s James D. Judah
James D. Judah

### **SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from James D. Judah.

/s/ Charles K. Verhoeven
Charles K. Verhoeven