# Exhibit 1

| | |
|---|---|
| **From:** | Samuel Kitchens |
| **Sent:** | Thursday, September 28, 2017 8:54 PM |
| **To:** | 'SRivera@mofo.com'; 'Melanie.Blunschi@lw.com'; DG-GPOttoTruckingWaymo@goodwinlaw.com; UberWaymoMoFoAttorneys@mofo.com; BSF_EXTERNAL_UberWaymoLit@BSFLLP.com; Uber-sg@LISTS.SUSMANGODFREY.COM; MCate@fbm.com; JCooper@fbm.com |
| **Cc:** | QE-Waymo |
| **Subject:** | Waymo v. Uber - Slack Access |

Counsel and John,

The Stroz report references a Slack channel accessed by Ottomotto employees in 2015 and 2016.  It appears based upon these references that Stroz had access to this Slack channel and reviewed it as part of its investigation.  *See* pg. 12, 19 (noting that review showed when Levandowski and Ron accessed Slack).  Could you each please confirm whether Uber or Stroz currently have, or previously had, access to this Slack channel, and, if so, whether the information from that Slack channel has been collected and made available to Waymo, either through a production or on Stroz's Relativity database?

We'd ask that this be added to tomorrow's 10 AM meet and confer.

Best,

Sam

**Samuel Kitchens**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7437 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
samuelkitchens@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.