MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

November 9, 2017

Writer's Direct Contact
+1 (415) 268.7020
AGonzalez@mofo.com

The Honorable Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse
Courtroom F - 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Waymo LLC v. Uber Technologies, Inc. et al.,* Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Defendants Uber Technologies, Inc. and Ottomotto LLC ("Uber") hereby respond to Waymo's motion to enforce the Court's October 6, 2017 order or to compel Uber to provide another consent form for the production of records from a different Slack site, 280technologies.slack.com (Dkt. 2183).  Waymo's motion is an unfair attempt to get additional discovery long after the deadline set by this Court, when it is undisputed that the 280technologies site was *expressly disclosed* in the Stroz Report materials that Waymo has had *since September 13, 2017*.  As explained below, Uber already has fully complied with the Court's order by consenting to the release of Slack's records for the Ottomotto team Slack site, as Waymo requested.  Waymo's new request regarding 280technologies, made a month after the October 6 deadline set by the Court for additional Stroz Report-related discovery, and just three and a half weeks before trial, is woefully untimely.  If Waymo wanted records for that site, it should have sought them by October 6.  Waymo is not entitled to a "do over."  The Court should deny the motion.

Uber already provided its complete and timely cooperation in compliance with the Court's October 6, 2017 order regarding the Ottomotto team Slack site (Dkt. 1964).  Within two business days, on October 10, Uber provided Slack with an executed and notarized consent form for the production of records from the Ottomotto team Slack site, exactly as Waymo requested.  (Dkt. 2182-4, Judah Ex. 4 (consent form authorizing production of records for the "Ottomotto.slack.com site and any predecessor site, for the time period from November 1, 2015 through March 31, 2016").)  Waymo voiced no objection to the executed form.  (Dkt. 2182-7, Judah Ex. 8 (copying J. Judah on October 10 email transmitting consent form).)  Uber fully complied with the Court's order.  Nothing further is required.

la-1365565

MORRISON | FOERSTER

The Honorable Jacqueline Scott Corley
November 9, 2017
Page Two


What Waymo now seeks is discovery for a different Slack site, 280technologies.slack.com, which is identified in the Stroz Report and which Waymo failed to request by October 6.[1] During the October 5 telephonic hearing with the Court, Waymo confirmed that it sought messages from "the Ottomotto team site for Slack, which was, according to the Stroz report, was set up as a 280 systems Slack site on November 10th, 2015." (Dkt. 1975 at 3:9-16.) Neither during the October 5 hearing nor during the parties' preceding conferrals did Waymo ever identify 280technologies as an additional Slack site for which it sought records.

Yet Waymo was on notice of the existence of the 280technologies Slack site since September 13, 2017, when it received the Stroz Report and exhibits. Exhibit 18 to the Stroz Report, entitled "Lior Ron Preliminary Forensic Findings," identified the site. (Dkt. 2182-6, Judah Ex. 7 (Stroz Report Ex. 18 at 5 n.1) ("The Slack site titled '280systems' was deleted or renamed '280technologies' on or around 01/21/2016 and a new Slack team site titled 'ottomotto'' was created on or around 02/28/2016.").) October 6 was the deadline for Waymo to seek any additional discovery resulting from the production of the Stroz Report. (Dkt. 1964.) Therefore, if Waymo wanted any discovery pertaining to a Slack site for the team 280technologies, it was required to request it by that date. It failed to do so.

Waymo's arguments to the contrary lack merit. Its contention that it did not discover the 280technologies Slack site until it reviewed Slack's document production and conferred with Slack's counsel (Dkt. 2183 at 2) flies in the face of Exhibit 18.

Waymo's attempt to pin its lack of diligence on Uber is equally unavailing. Waymo essentially argues that Uber should have voluntarily suggested to Waymo that Waymo also seek consent for the production of 280technologies.slack.com records. (Dkt. 2183 at 3-4.) That is not how discovery works, particularly where fact discovery already closed and the District Court has prohibited any further discovery absent court order. The 280technologies Slack site is explicitly disclosed in the Stroz Report. It was Waymo's duty to identify what it wanted.[2]

---

[1] Yet another Slack site, 280systems.slack.com, existed previously, but Uber understands from Slack's counsel that content for that site no longer was available, so there was no content to produce. Waymo confirms that is its understanding too. (Dkt. 2183-1 ¶ 3.)

[2] Waymo wrongly contends that the relevance of content from 280technologies.slack.com is undisputed. (Dkt. 2183 at 2, 3.) Waymo cites two emails that merely reflect that employees were invited to join 280technologies.slack.com. (Dkts. 2182-8 and 2182-9, Judah Exs. 10 and 11.) The parties do not know what Slack's records for 280technologies.slack.com contain or whether they are relevant.

la-1365565

MORRISON | FOERSTER

The Honorable Jacqueline Scott Corley
November 9, 2017
Page Three

Trial is less than a month out.  Discovery must end.  The Court should deny Waymo's untimely request to compel Uber to provide consent for the production of records for a Slack site that Waymo has known about since it obtained the Stroz Report eight weeks ago.

Respectfully submitted,

Arturo J. González

la-1365565