QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | CASE NO. 3:17-cv-00939 <br><br> **PLAINTIFF WAYMO LLC'S RESPONSE TO THE COURT'S NOTICE OF HEARING RE INSTRUCTIONS AND OFFERS OF PROOF (DKT. 2168)** <br><br> **Hearing:** <br> **Date: November 14, 2017** <br> **Time: 8:00 am** <br> **Place: Courtroom 8, 19th Floor** <br> **Judge: The Honorable William Alsup** <br><br> Trial Date: December 4, 2017 |

Plaintiff Waymo LLC ("Waymo") submits the following response to the seven issues (each, an "Issue") raised in this Court's Notice of Hearing re: Instructions and Offers of Proof (the "Notice").[1]

## I. ISSUE #1: JURY INSTRUCTIONS REGARDING STROZ AND/OR MORRISON AGENCY

The parties are continuing to meet and confer regarding this issue and Waymo will be prepared to address its position at the hearing.

## II. ISSUE #2: OFFER OF PROOF WITH RESPECT TO ACQUISITION OF TRADE SECRETS BY STROZ AND/OR MORRISON

Waymo will not seek damages at trial from Uber and Ottomotto accruing solely from Stroz's and/or MoFo's wrongful acquisition of Waymo's trade secrets. The evidence at trial, however, will show actual use by both Uber and Ottomotto and damages resulting from such use. Moreover, separate and apart from damages and based solely on Stroz's and/or MoFo's wrongful acquisition of Waymo's trade secrets, Waymo is entitled to injunctive relief requiring Uber and Ottomotto (and their agents' Stroz and MoFo) to return Waymo's trade secrets and preventing Uber and Ottomotto (and Otto Trucking) from using Waymo's trade secrets in the future.

## III. ISSUE #3: OFFER OF PROOF THAT DEFENDANTS "DISCLOSED" TRADE SECRETS

In Exhibit 1 to this response, Waymo sets forth its evidentiary proof that Defendants disclosed Waymo's Asserted Trade Secret Nos. 2, 7, 9, 25, 13, 14, and 90. Waymo reserves its rights to offer additional and/or different evidence, through witness testimony and documentary evidence, on this issue during trial.

## IV. ISSUE #4: JURY INSTRUCTIONS REGARDING EMPLOYEE MOBILITY

The parties are continuing to meet and confer regarding this issue and Waymo will be prepared to address its position at the hearing.

## V. ISSUE #5: OFFER OF PROOF REGARDING REASONABLE ROYALTY EVIDENCE

For the reasons set forth in Waymo's Critique of and Proposed Additions to Tentative Jury

---

[1] Unless otherwise noted, capitalized terms are as defined in Waymo's (i) Critique of the TJIs and Form (Dkt. 2077), (ii) Counter-Critique of the TJIs and Form (Dkt. 2130), and (iii) Critique of the Further TJI (Dkt. 2171).

Instructions on Trade Secret Misappropriation and Tentative Special Verdict Form (*see* Dkt. 2077 at 4-9), the jury should decide reasonable royalty damages.

In Exhibit 2 to this response, Waymo sets forth its evidentiary proof that bears on the reasonable royalty damages to which Waymo is entitled as a result of Defendants' trade secret misappropriation. Waymo reserves its rights to offer additional and/or different evidence, through witness testimony and documentary evidence, on this issue during trial.

## VI.   ISSUE #6:  DEFINITIONS OF "WILLFUL" AND "MALICIOUS"

The parties are continuing to meet and confer regarding this issue and Waymo will be prepared to address its position at the hearing.

## VII.   ISSUE #7:  OTTOMOTTO LLC

The parties are continuing to meet and confer regarding this issue and Waymo will be prepared to address its position at the hearing.

DATED:  November 12, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Attorneys for WAYMO LLC