# Exhibit 1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4
 5   WAYMO LLC,
 6        Plaintiff,
 7            vs.                  Case No.
 8   UBER TECHNOLOGIES, INC.;    17-cv-00939-WHA
 9   OTTOMOTTO, LLC; OTTO
10   TRUCKING LLC,
11        Defendants.
     _____
12
13      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
14
15    CONTINUED VIDEOTAPED DEPOSITION OF TRAVIS KALANICK
16                San Francisco, California
17                Monday, October 2, 2017
18                      Volume II
19
20
21   REPORTED BY:
22   REBECCA L. ROMANO, RPR, CSR No. 12546
23   JOB NO. 2716673
24
25   PAGES 330 - 503
```

Page 330

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
1              UNITED STATES DISTRICT COURT
2            NORTHERN DISTRICT OF CALIFORNIA
3                 SAN FRANCISCO DIVISION
4
5   WAYMO LLC,
6        Plaintiff,
7            vs.                Case No.
8   UBER TECHNOLOGIES, INC.;    17-cv-00939-WHA
9   OTTOMOTTO, LLC; OTTO
10  TRUCKING LLC,
11       Defendants.
12  _____
13
14
15
16       CONTINUED VIDEOTAPED DEPOSITION OF TRAVIS
17  KALANICK, taken on behalf of the Plaintiff, at Orrick,
18  Herrington & Sutcliffe LLP, The Orrick Building,
19  405 Howard Street, 10th Floor, San Francisco,
20  California, commencing at 9:15 a.m., Monday,
21  October 2, 2017 before Rebecca L. Romano,
22  Certified Shorthand Reporter No. 12546
23
24
25
```

Page 331

| | | |
|---|---|---|
| 1 | THE DEPONENT: I don't see anything by -- | 12:02:24 |
| 2 | I don't see anything -- any reference to Stroz | |
| 3 | here. | |
| 4 | Q. (By Mr. Verhoeven) You didn't know the | |
| 5 | diligence was being done by Stroz? | 12:02:28 |
| 6 | MS. DUNN: Objection to form. | |
| 7 | THE DEPONENT: I just -- I kind of | |
| 8 | empowered the business team and the -- and the | |
| 9 | legal team to do that. | |
| 10 | Q. (By Mr. Verhoeven) Is it your testimony | 12:02:37 |
| 11 | that on March 21st, 2016, you did not know that the | |
| 12 | diligence was being run by Stroz and MoFo? | |
| 13 | A. I may not know the specific company | |
| 14 | names, but I knew diligence was going on. | |
| 15 | Q. What was your understanding of what that | 12:02:51 |
| 16 | diligence was? | |
| 17 | MS. DUNN: I will instruct the witness to | |
| 18 | exclude from his answer anything that he would know | |
| 19 | solely based on conversations that are privileged | |
| 20 | with counsel. | 12:03:00 |
| 21 | THE DEPONENT: I -- I think all -- I | |
| 22 | think information to that question was only | |
| 23 | obtained through counsel. | |
| 24 | Q. (By Mr. Verhoeven) Which counsel? | |
| 25 | MS. DUNN: You can answer who -- who you | 12:03:10 |

| | | |
|---|---|---|
| 1 | Q.   And on the left top column, it says, | 12:07:50 |
| 2 | "Pre-signing due diligence." | |
| 3 | Do you see that? | |
| 4 | A.   Yes. | |
| 5 | Q.   And the first bullet says, "Third-party | 12:07:57 |
| 6 | forensic expert performed DD on Anthony, Lior and 3 | |
| 7 | other key employees." | |
| 8 | Do you see that? | |
| 9 | A.   I do. | |
| 10 | Q.   And then the second -- third bullet down | 12:08:07 |
| 11 | says, "Uber received report from both forensic | |
| 12 | expert and outside counsel." | |
| 13 | Do you see that? | |
| 14 | A.   Yes, I do. | |
| 15 | Q.   What was that report? | 12:08:26 |
| 16 | MS. DUNN:  I'll instruct the witness to | |
| 17 | exclude from his answer anything that he knows | |
| 18 | solely based on conversations that may be | |
| 19 | privileged that he had with counsel. | |
| 20 | THE DEPONENT:  I am not sure what that | 12:08:35 |
| 21 | report is. | |
| 22 | Q.   (By Mr. Verhoeven)  Did you receive a | |
| 23 | report from the forensic expert? | |
| 24 | A.   I did not. | |
| 25 | Q.   Did Mr. Cameron Poetzscher receive a | 12:08:42 |

```
1      Q.   It says on the last bullet in this              12:10:37

2  column, under pre-signing due diligence, "Based on

3  our review of the facts, Uber decided to move

4  forward with signing of the Put Call Agreement."

5           Aren't you saying to the board there that       12:10:49

6  the review of the forensic expert report and ▓▓▓▓

7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓) and,

8  therefore, Uber decided to move forward?

9           MS. DUNN:  Objection to form.

10          THE DEPONENT:  So I certainly -- in order        12:11:03

11 to move forward on the deal, I certainly believe

12 that diligence was in a good enough place for us to

13 move forward.

14     Q.   (By Mr. Verhoeven)  And did you tell that

15 to anyone?                                                12:11:20

16     A.   I may have.  I don't remember.

17     Q.   So you may have said that at the board

18 meeting?

19     A.   I don't remember saying anything about --

20 about diligence.                                          12:11:29

21     Q.   And what did you base -- what facts did

22 you base your opinion at the time that the

23 diligence was good enough to move forward?

24          MS. DUNN:  I will instruct the witness to

25 exclude from his answer anything that he would know      12:11:38
```

Page 469

| | | |
|---|---|---|
| 1 | solely based on privileged conversations with | 12:11:40 |
| 2 | counsel. | |
| 3 |       THE DEPONENT:  I empowered the attorneys | |
| 4 | to do the diligence process and to get to a place | |
| 5 | where we were -- we were okay, sort of going from | 12:11:53 |
| 6 | pre-signing to signing on our way to close.  Right. | |
| 7 |    Q.   (By Mr. Verhoeven)  Are you saying the | |
| 8 | attorneys made the decision of whether to move | |
| 9 | forward? | |
| 10 |       MS. DUNN:  Again, same instruction.  I | 12:12:05 |
| 11 | will ask you to exclude from your answer anything | |
| 12 | that you know solely based on your conversations | |
| 13 | with counsel. | |
| 14 |       THE DEPONENT:  Yeah.  What I'm saying is | |
| 15 | that in a transaction like this there's dozens, if | 12:12:14 |
| 16 | not hundreds, of moving parts.  Diligence is an | |
| 17 | effort that's run by legal and by the business | |
| 18 | team.  They are empowered to go and complete that | |
| 19 | and provided a green light to move forward. | |
| 20 |    Q.   (By Mr. Verhoeven)  You represented on | 12:12:33 |
| 21 | these slides that based on "our review of the | |
| 22 | facts, Uber decided to move forward with signing of | |
| 23 | the Put Call Agreement," correct? | |
| 24 |       MS. DUNN:  Objection to form. | |
| 25 |       THE DEPONENT:  I didn't make this slide | 12:12:43 |

| | | |
|---|---|---|
| 1 | and I didn't present it. | 12:12:46 |
| 2 |     Q.  (By Mr. Verhoeven)  Well, who did? | |
| 3 |     A.  I am not sure anybody presented it. | |
| 4 |     Q.  Did the board not have this? | |
| 5 |     A.  Well, again, I am not saying they didn't. | 12:12:54 |
| 6 | I am just telling you facts. | |
| 7 |     Q.  Isn't this bullet saying that the report | |
| 8 | was clean?  Isn't it implying that by saying "Uber | |
| 9 | decided to move forward"? | |
| 10 |     MS. DUNN:  Objection to form. | 12:13:10 |
| 11 |     THE DEPONENT:  I think it says, "Based on | |
| 12 | our review of facts, Uber decided to move forward | |
| 13 | with the signing of the Put Call Agreement." | |
| 14 |     Q.  (By Mr. Verhoeven)  And doesn't that | |
| 15 | imply that the facts came up clean? | 12:13:17 |
| 16 |     MS. DUNN:  Objection to form. | |
| 17 |     THE DEPONENT:  I mean, it -- it implies | |
| 18 | that they are in a -- that based on our processes | |
| 19 | and the review that exists, that it's -- we're at a | |
| 20 | place where we can move forward. | 12:13:31 |
| 21 |     Q.  (By Mr. Verhoeven)  And that doesn't | |
| 22 | have -- that doesn't mean anything about what the | |
| 23 | results were of the report? | |
| 24 |     MS. DUNN:  Objection.  Form. | |
| 25 |     THE DEPONENT:  Again, I -- I empower the | 12:13:40 |

Page 471

| | | |
|---|---|---|
| 1 | business team and the legal team to sort of green | 12:13:43 |
| 2 | light that. | |
| 3 |     Q.  (By Mr. Verhoeven)  Did you ever receive | |
| 4 | an interim report from Stroz about the results of | |
| 5 | its due diligence before signing the April 11th | 12:13:52 |
| 6 | deal terms? | |
| 7 |     A.  I did not. | |
| 8 |     THE VIDEOGRAPHER:  Half an hour left on | |
| 9 | the record, Counsel. | |
| 10 |     Q.  (By Mr. Verhoeven)  Well, who -- did | 12:14:00 |
| 11 | anyone? | |
| 12 |     MS. DUNN:  I will ask the witness to | |
| 13 | exclude from his answer anything that he knows | |
| 14 | solely based on conversations with counsel. | |
| 15 |     THE DEPONENT:  It's possible, but I just | 12:14:07 |
| 16 | don't know. | |
| 17 |     Q.  (By Mr. Verhoeven)  Weren't you | |
| 18 | interested in finding out whether the report came | |
| 19 | up clean? | |
| 20 |     MS. DUNN:  Objection to form. | 12:14:15 |
| 21 |     THE DEPONENT:  I wasn't aware of a | |
| 22 | report. | |
| 23 |     Q.  (By Mr. Verhoeven)  Weren't you | |
| 24 | interested to find out if the -- the forensic | |
| 25 | diligence came up clean or not? | 12:14:23 |

Page 472

| | | |
|---|---|---|
| 1 | MS. DUNN: Objection to form. | 12:14:27 |
| 2 | THE DEPONENT: I -- I -- again, I | |
| 3 | empowered the legal team to go and -- go through | |
| 4 | our diligence processes and give a green light when | |
| 5 | it was time. | 12:14:37 |
| 6 | My main objective that I gave to the | |
| 7 | legal team was, no content whatsoever comes over to | |
| 8 | Uber. If it comes from a previous employer, it | |
| 9 | doesn't make it to Uber. | |
| 10 | Q. (By Mr. Verhoeven) That wasn't my | 12:14:50 |
| 11 | question. | |
| 12 | My question was, weren't you interested | |
| 13 | in finding out if the forensic diligence came up | |
| 14 | clean? | |
| 15 | MS. DUNN: Objection to form. | 12:14:59 |
| 16 | Q. (By Mr. Verhoeven) Yes or no? | |
| 17 | A. Not tech -- no. I was interested -- no, | |
| 18 | I was interested in the legal team going through a | |
| 19 | full diligence process and interested in whether | |
| 20 | they gave us the green light or not. | 12:15:18 |
| 21 | Q. So for the record, it's your testimony | |
| 22 | here today that you were not interested in knowing | |
| 23 | whether or not the results of the diligence report | |
| 24 | done by Stroz came up clean? | |
| 25 | MS. DUNN: Objection to form. | 12:15:31 |