# Exhibit 4

# John McCauley

| | |
|---|---|
| **From:** | Karen Dunn <KDunn@BSFLLP.com> |
| **Sent:** | Monday, July 10, 2017 1:41 PM |
| **To:** | James Judah; jcooper@fbm.com; MCate@fbm.com; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo |
| **Cc:** | QE-Waymo |
| **Subject:** | Re: Waymo v Uber - Defendants' Paragraph 4 Accountings |
| | |
| **Categories:** | Waymo |

Dear John,

Although I was not on Friday's call, I write to respond to questions I understand were raised about our Statement in response to Paragraph 7 of the Order re Early Motions In Limine and Related Matters, Dkt. 823.

First, Paragraph 7 required disclosure of "every board member, in-house counsel, or other officer or director of Uber who read or received any part of the due diligence report or its exhibits" (emphasis added). Neither Mr. Levandowski nor Mr. Ron were included in Uber's Statement in Response to Paragraph 7 because neither one of them has ever been an officer or director of Uber. Uber is a Delaware corporation and under Delaware law, a corporate officer is created and appointed by the Board of Directors. Del. Code Ann. tit. 8, §§ 142(a), (b). A corporate director is a member of the Board of Directors. Id. §§ 141(a), (b). California law is in accord on both points. Cal. Corp. Code §§ 312(a)(4), 312(b); id. §§ 301(a), 302. Neither Mr. Levandowski nor Mr. Ron was ever appointed an officer by Uber's Board of Directors, and neither ever held a seat on the Board. The suggestion that Mr. Ron is a "director of Uber" because his job title is "Senior Director" is just incorrect. Hundreds of Uber employees, including many far removed from executive leadership, have titles including the word "Director," but they plainly are not directors of Uber.

Second, the inclusion of Mr. Poetzscher in the Statement was not necessary to comply with the Court's Order. He too has never been an officer or director of Uber.

Third, Waymo has known for some time that both Mr. Levandowski and Mr. Ron had seen the due diligence report.

All that said, we certainly have no issue with providing the following information in addition to the information requested by the Court:


· Anthony Levandowski: Mr. Levandowski's personal attorney, John Gardner, received a redacted interview memorandum that was later designated as an exhibit to the due diligence report, along with two attachments to that memorandum, on approximately April 2, 2016. Mr. Gardner earlier received an unredacted copy of that memorandum and all of its attachments from Stroz Friedberg for the purpose of proposing redactions. Mr. Gardner received the final due diligence report on or about August 6, 2016. While we know that Mr. Levandowski has read the report, we do not know when he read or received any part of the due diligence report or its exhibits, because neither Mr. Levandowski nor Mr. Gardner are cooperating with our investigation. Mr. Levandowski did not receive any part of the due diligence report or its exhibits from Uber or its counsel.

· Lior Ron: We have learned from Mr. Ron's personal counsel that Mr. Ron received three draft interview memoranda that were later designated as exhibits to the due diligence report, along with attachments to those memoranda, on approximately April 16, 2016; an additional draft interview memorandum that was later designated as an exhibit to the due diligence report, on approximately April 22, 2016; and the final due diligence report, without exhibits, on approximately August 8, 2016.

· Nina Qi: As reflected on Uber's privilege log, on approximately April 3, 2016, Ms. Qi received a redacted interview memorandum that was later designated as an exhibit to the due diligence report, along with two attachments to that memorandum. She also received drafts of select documents that memorialized the parties' agreements relating to the conduct of the diligence process itself and that were later designated as exhibits to the due diligence report, between approximately February 1, 2016, and April 11, 2016.
For the avoidance of doubt, and to the best of our knowledge, no current or former officer, director, in-house counsel, or employee of Uber apart from those included in the Statement and those discussed in this email ever received any part of the due diligence report or its exhibits, whether in final or draft form.

Now that Waymo has information well beyond the information requested by the Court, I trust we can put this issue to rest without further use of the meet and confer process as a forum for baseless accusations that simply waste everyone's time.

Thanks very much,

Karen


From: James Judah <jamesjudah@quinnemanuel.com<mailto:jamesjudah@quinnemanuel.com>>
Date: Friday, July 7, 2017 at 4:20 PM
To: "jcooper@fbm.com<mailto:jcooper@fbm.com>" <jcooper@fbm.com<mailto:jcooper@fbm.com>>, "MCate@fbm.com<mailto:MCate@fbm.com>" <MCate@fbm.com<mailto:MCate@fbm.com>>, "UberWaymoMoFoAttorneys@mofo.com<mailto:UberWaymoMoFoAttorneys@mofo.com>" <UberWaymoMoFoAttorneys@mofo.com<mailto:UberWaymoMoFoAttorneys@mofo.com>>, BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com<mailto:BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>>, DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com<mailto:DG-GPOttoTruckingWaymo@goodwinlaw.com>>
Cc: QE-Waymo <qewaymo@quinnemanuel.com<mailto:qewaymo@quinnemanuel.com>>
Subject: Waymo v Uber - Defendants' Paragraph 4 Accountings

John and Counsel –

The Court's PI Order required Defendants to "identify the complete chains of custodians for every copy of any downloaded materials or due diligence report referencing downloaded materials." Further, the Court's Order re Early Motions in Limine and Related Matters (Dkt. 784) ordered Karen Dunn to "file an accurate and complete statement identifying every board member, in-house counsel, or other officer or director of Uber who read or received any part of the due diligence report or its exhibits, whether in final or draft form, as well as the approximate date(s) that each such individual read or received it." Neither of Defendants' Paragraph 4 accountings, nor Uber's Statement in Response to the Court's Order re Early Motions in Limine and Related Matters ("Statement"), identify chain of custody information for Mr. Levandowski or Mr. Ron's receipt of the due diligence report. Uber's most recent supplemental Paragraph 4 accounting identifies Mr. Levandowski and Mr. Ron as "individuals [who] received copies of the due diligence report without exhibits," but fails to provide

chain of custody information as to when they received copies and from whom. (Dkt. 762 at 7-8.) Uber's Statement does not even mention Mr. Levandowski or Mr. Ron, despite the fact Mr. Levandowski is a former Uber officer (Vice President of Engineering) and Mr. Ron is a current director (Senior Director), and Uber has repeatedly represented under oath that they had received copies of the due diligence report. (See, e.g., Dkt. 715 at 5; Dkt. 762 at 8). Therefore Ms. Dunn's sworn representation, in Uber's Statement, that "[t]o the best of Uber's and its counsel's knowledge after a good faith investigation, no other current or former Uber officer or director read or received the due diligence report or any of its exhibits, whether in final or draft form" (emphasis added), contradicts other sworn representations by Uber attorneys (Aaron Bergstrom).

Further, the PI Order required Defendants to "provide a detailed accounting under oath setting forth every person who has seen or heard any part of the any downloaded materials, what they saw or heard, when they saw or heard it, and for what purpose." (Dkt. 426 at 24.) In Uber's Opposition to Waymo's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge, Uber states that "Uber's belief that Levandowski downloaded the files to ensure payment of $120 million bonus … arose only after filing of this litigation, when Levandowski revealed to Uber's then-CEO Travis Kalanick this reason for the downloads." (Dkt. 800 at 2 n.1.) However, this communication from Mr. Levandowski to Mr. Kalanick about the downloaded materials is not identified on any of Defendants' Paragraph 4 accountings. Also, according to media reports, at "an internal Uber meeting following the lawsuit," Mr. Levandowski communicated that "[h]e downloaded files related to [LiDAR] while at Google in order to work from home." (See, e.g., http://www.businessinsider.com/anthony-levandowski-says-he-did-not-steal-waymo-self-driving-technology-2017-3<http://www.businessinsider.com/anthony-levandowski-says-he-did-not-steal-waymo-self-driving-technology-2017-3>.) However, this communication also appears to be missing from Defendants' Paragraph 4 accountings.

We request that these issues be added to this afternoon's meet and confer.

Best,
James


James Judah
Associate,
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6420 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jamesjudah@quinnemanuel.com<mailto:jamesjudah@quinnemanuel.com>
www.quinnemanuel.com<http://www.quinnemanuel.com>

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

The information contained in this electronic message is confidential information intended only for the use of the

named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]