# Exhibit 13

```
 1            IN THE UNITED STATES DISTRICT COURT FOR THE
 2                 NORTHERN DISTRICT OF CALIFORNIA
 3                       SAN FRANCISCO DIVISION
 4
 5   WAYMO, LLC,                    )
 6            Plaintiffs,           )
 7            - vs -                ) Case  No.
 8   UBER TECHNOLOGIES, INC.,       ) 3:17-cv-00939
 9   OTTOMOTTO LLC; OTTO            )
10   TRUCKING, LLC,                 )
11            Defendants.           )
12   _____
13
14
15        VIDEOTAPED DEPOSITION OF JOHN BARES,
16   a witness, called by the Plaintiff for examination,
17   in accordance with the Federal Rules of Civil
18   Procedure, taken by and before Tammie Elias, RPR and
19   Notary Public in and for the Commonwealth of
20   Pennsylvania, at the office of Reed Smith, 225 Fifth
21   Avenue, Suite 1200, Pittsburgh, Pennsylvania, on
22   Friday, June 16, 2017, commencing at 9:05 a.m.
23
24   JOB No. 2640097
25   PAGES 1 - 317
```

Page 1

| | | |
|---|---|---|
| 1 | week of May, yes, May of 2017. | 09:24a |
| 2 | BY MR. JUDAH: | 09:24a |
| 3 | Q.    You referred earlier to consulting work | 09:24a |
| 4 | Mr. Levandowski did starting in late April, | 09:24a |
| 5 | early May 2016; is that correct? | 09:24a |
| 6 | A.    Correct. | 09:24a |
| 7 | Q.    Before that time, had Mr. Levandowski done any | 09:24a |
| 8 | work for Uber? | 09:25a |
| 9 | A.    Not that I'm aware of. | 09:25a |
| 10 | Q.    Can you elaborate on the consulting work | 09:25a |
| 11 | Mr. Levandowski did between late April, early | 09:25a |
| 12 | May and August 2016? | 09:25a |
| 13 | A.    It was quite comprehensive.  He would -- in | 09:25a |
| 14 | his role he examined everything we were doing, | 09:25a |
| 15 | from sensors to automotive OEM partners to | 09:25a |
| 16 | software design, to mapping, to labeling, | 09:25a |
| 17 | everything in the self-driving effort. | 09:25a |
| 18 | Reviewed all of those pieces, gave comments | 09:25a |
| 19 | and suggested, suggested change of direction, | 09:25a |
| 20 | paths forward, how to improve what we were | 09:25a |
| 21 | doing and gain higher speed. | 09:26a |
| 22 | Q.    Was Mr. Levandowski's consulting work, that | 09:26a |
| 23 | included Lidar; correct? | 09:26a |
| 24 | A.    Yes.  Yes, it did.  ███████████████████ | 09:26a |
| 25 | ███████████████████████████████ | 09:26a |

Page 19

| | | | |
|---|---|---|---|
| 1 | | ████████████████████████████████. | 09:26a |
| 2 | Q. | And what contract are you referring to? | 09:26a |
| 3 | A. | A contract that I believe -- well, sorry, not | 09:26a |
| 4 | | at that time. I'm off by several months. So | 09:26a |
| 5 | | maybe rephrase the question. | 09:26a |
| 6 | Q. | Well, I was following up on you said that at | 09:26a |
| 7 | | the time Uber was under contract ███████ | 09:26a |
| 8 | | ██████████████████? | 09:26a |
| 9 | A. | So that -- correct. ████████████████ | 09:26a |
| 10 | | ████████████████████████████████ | 09:26a |
| 11 | | ██████████████████████████████████ | 09:27a |
| 12 | | ████████████████████████████████████ | 09:27a |
| 13 | | ██████████████████████████████ | 09:27a |
| 14 | | ████████████████████████████. | 09:27a |
| 15 | Q. | Have you seen that contract? | 09:27a |
| 16 | A. | I've not seen the final contract, no. | 09:27a |
| 17 | Q. | You have seen drafts of that contract? | 09:27a |
| 18 | A. | I have. | 09:27a |
| 19 | Q. | Do you know what was signed? | 09:27a |
| 20 | A. | I have not seen it, so I guess I don't know if | 09:27a |
| 21 | | it was signed. I certainly assume it was. | 09:27a |
| 22 | Q. | What else can you tell me about that contract? | 09:27a |
| 23 | | MR. BRILLE: Objection, form. | 09:27a |
| 24 | A. | So I don't know the final form. I know when I | 09:27a |
| 25 | | last saw the substantive contract would have | 09:27a |

Page 20

| | | |
|---|---|---|
| 1 | technical person ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 09:35a |
| 2 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 09:35a |
| 3 | ▮▮▮▮ and as we got into April, that was | 09:35a |
| 4 | pretty much locked. | 09:35a |
| 5 | They would ask me every once in | 09:35a |
| 6 | awhile for a question and what was left was | 09:35a |
| 7 | the terms of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 09:35a |
| 8 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 09:36a |
| 9 | and for whatever reason my involvement tapered | 09:36a |
| 10 | down at that point.  And it's similar to what | 09:36a |
| 11 | I have seen before in other agreements, it's | 09:36a |
| 12 | sort of the last few huge business discussions | 09:36a |
| 13 | are made at that final hours of the agreement | 09:36a |
| 14 | and I just wasn't part of that. | 09:36a |
| 15 | Q.   So getting back to the question I asked a | 09:36a |
| 16 | moment ago.  Has Anthony Levandowski ever been | 09:36a |
| 17 | an advisor to Travis Kalanick? | 09:36a |
| 18 | MR. BRILLE:  Objection, form. | 09:36a |
| 19 | A.   I believe, yes. | 09:36a |
| 20 | BY MR. JUDAH: | 09:36a |
| 21 | Q.   In what capacity and when was he an advisor to | 09:36a |
| 22 | Travis Kalanick? | 09:36a |
| 23 | MR. BRILLE:  Same objection. | 09:36a |
| 24 | A.   I believe he was provided advice to Travis | 09:36a |
| 25 | from sometime in December or January, December | 09:36a |

| | | | |
|---|---|---|---|
| 1 | | 2015 to January 2016, and subsequently since | 09:37a |
| 2 | | then. | 09:37a |
| 3 | BY MR. JUDAH: | | 09:37a |
| 4 | Q. | Have you ever deleted an e-mail while you were | 09:37a |
| 5 | | an Uber employee? | 09:37a |
| 6 | | MR. BRILLE:  Objection, form. | 09:37a |
| 7 | A. | Yes. | 09:37a |
| 8 | BY MR. JUDAH: | | 09:37a |
| 9 | Q. | Why have you deleted e-mails while you were an | 09:37a |
| 10 | | Uber employee? | 09:37a |
| 11 | A. | I might get 4 or 500 e-mails a day and my way | 09:37a |
| 12 | | of processing e-mails is I delete everything | 09:37a |
| 13 | | that I don't need.  Of course it's not | 09:37a |
| 14 | | permanently deleted, I mean I delete it out of | 09:37a |
| 15 | | my inbox.  I mean you can go to the delete | 09:37a |
| 16 | | folder and it's all there. | 09:37a |
| 17 | Q. | So when you say it's not permanently deleted, | 09:37a |
| 18 | | where would those e-mails be? | 09:37a |
| 19 | A. | I assume that you can go on our Gmail server | 09:37a |
| 20 | | and just look in the deleted items folder. | 09:37a |
| 21 | Q. | Have you ever been subject to a litigation | 09:37a |
| 22 | | hold while you have been an Uber employee? | 09:38a |
| 23 | A. | I have. | 09:38a |
| 24 | Q. | Have you ever deleted an e-mail while you were | 09:38a |
| 25 | | subject to a litigation hold? | 09:38a |

Page 27

Veritext Legal Solutions
866 299-5127