1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

        Plaintiff,

  v.

UBER TECHNOLOGIES, INC.;
OTTOMOTTO LLC; and OTTO
TRUCKING LLC,

        Defendants.

———————————————————/

No. C 17-00939 WHA

**ORDER DENYING MOTION
FOR RELIEF FROM JUDGE
CORLEY'S NONDISPOSITIVE
PRETRIAL ORDER RE DUE
DILIGENCE REPORT DRAFTS**

**INTRODUCTION**

     The magistrate judge overseeing discovery in this action granted plaintiff's motion to compel production of any drafts of a due diligence report. Defendants move for relief from that order pursuant to Civil Local Rule 72. The motion is **DENIED**.

**STATEMENT**

     On October 27, per the discovery referral in this action, Magistrate Judge Jacqueline Corley granted plaintiff Waymo LLC's motion to compel production of any drafts of the due diligence report prepared by non-party Stroz Friedberg, overruling defendants Uber Technologies, Inc., and Ottomotto LLC's (collectively, "Uber") assertion of privilege in the process (Dkt. No. 2128). Judge Corley found, among other things, that Uber should have asserted privilege over the drafts earlier in the litigation, and rejected its attempt to do so at this late stage (*id.* at 4–5). Uber moves pursuant to Civil Local Rule 72 for relief from that order (Dkt. No. 2152). This order follows full briefing. The motion hearing currently set for November 28 is unnecessary and **VACATED**.

**ANALYSIS**

1. **STANDARD OF REVIEW.**

Under FRCP 72, a district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Ibid.* (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

2. **UBER'S MOTION FOR RELIEF.**

Some procedural background about this litigation informs the instant dispute and warrants brief summary. On March 16 of this year, an expedited discovery order required in part that defendants produce all "emails, memoranda, PowerPoints, text messages, or notes that have forwarded, used, or referred to any part of" the files and documents downloaded and taken by non-party Anthony Levandowski from Waymo (Dkt. No. 61 ¶ 4). Shortly thereafter, on March 28, defendants requested an "in-chambers conference" to discuss a "confidential matter" that turned out to be the first mention of the due diligence report and defendants' intent to assert privilege over said report (*see* Dkt. Nos. 122, 131 at 12:22–13:5). On May 11, a provisional relief order further required, among other things, that defendants cause their "officers, directors, employees, and agents" to return the downloaded materials "and all copies, excerpts, and summaries thereof," conduct a thorough investigation, and provide a detailed accounting and communications log regarding said materials. That order expressly called out Stroz Friedberg and its due diligence report (*see* Dkt. No. 433 ¶¶ 2, 4–5).

The subsequent debate over defendants' and Levandowski's assertions of privilege over the due diligence report and related materials — a more detailed summary of which is included in Judge Corley's order and need not be repeated here (*see* Dkt. No. 2128 at 2–5) — featured as a central issue in this litigation for months. That debate persisted until September 13 of this year, when the Federal Circuit affirmed this Court's rejection of said assertions.

Uber now complains that it "had no opportunity to assert" privilege over drafts of the due diligence report, and that Judge Corley clearly erred in finding (*see id.* at 4–5):

> Even though the drafts were not shared with Uber, it could not
> have been a surprise that drafts existed. Stroz was and is Uber's
> agent. Uber had to have known or at least should have inquired if
> drafts existed. Apparently it did not do so until after the Federal
> Circuit ruling. Under the district court's standing order, this
> assertion of privilege came too late.

Given the history of this litigation, including prior orders entered herein, this order finds no clear error in Judge Corley's decision. Uber's arguments to the contrary are unpersuasive.

Uber contends "it was far from obvious that drafts existed" as of June 2017. By then, however, Uber was already well aware of the due diligence report and its significance and had already declared its intent to assert privilege over the report and related materials. Moreover, by that time Uber was already subject to both the expedited discovery and provisional relief orders. Uber apparently suggests that, in the midst of all its production and investigation obligations, and while immersed in contentious litigation over issues of privilege surrounding the due diligence report and related materials, it had no reason whatsoever to wonder if drafts of that report existed. Under these circumstances, the suggestion strains credulity.

In a similar vein, Uber's reply brief suggests that Judge Corley may have been correct if Waymo had just served a narrower subpoena on Stroz Friedberg (Dkt. No. 2170 at 1–2). This suggestion ignores both the broader history of this litigation and the prominent role of the due diligence report therein. Even assuming for the sake of argument that Uber could not have reasonably known to inquire about the entire universe of items potentially implicated by Stroz Friedberg's role in this case, drafts of the crucial due diligence report would not fall on the outer peripheries of that universe. They would sit near the very center, one obvious step away from the due diligence report itself. Uber's hand-wringing over the amount of material it had to go through is thus beside the point. There is simply no reason to believe that Uber could not have known or inquired about the draft reports earlier than it did.

A prior order dated June 27, cited in Uber's motion, actually highlights this point. Uber cites that order for the proposition that there would be no "preclusive effect" on "*new claims of privilege that Uber has had no opportunity to assert*" (Dkt. No. 2152 at 3 (emphasis added in original)). Actually, the quoted portion, read in full, stated (Dkt. No. 745 at 3):

> [I]t remains a mystery what responsive "documents and communications" could fall outside the scope of both the expedited discovery order and the privilege issues that have been litigated thus far in connection with Stroz Friedberg's due diligence investigation and report. Uber offered no details about this theoretical category of "documents and communications" before Judge Corley or in its instant motion for relief. Supposing for the sake of argument, however, that this theoretical category exists and truly implicates new claims of privilege that Uber has had no opportunity to assert, it does not appear that Judge Corley intended her order to have any preclusive effect on such claims.

Judge Corley found that drafts of the due diligence report did not fall into this "theoretical category" or truly implicate "new claims of privilege that Uber has had no opportunity to assert" (*see* Dkt. No. 2128 at 4–5). This finding was not clearly erroneous. Nor did Judge Corley err in concluding, based on this finding, that Uber had waived its privilege over the draft reports by failing to timely assert it.

## CONCLUSION

For the foregoing reasons, defendants' motion for relief from Judge Corley's October 27 order is **DENIED**. All stated objections thereto are **OVERRULED**. Uber shall produce the draft reports by **NOVEMBER 20 AT NOON**.

**IT IS SO ORDERED.**

Dated: November 15, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4