MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzález@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: 212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.    3:17-cv-00939-WHA<br><br>**DEFENDANTS' RESPONSE TO REVISED TENTATIVE SPECIAL VERDICT FORM**<br><br>Trial Date: December 4, 2017 |

1        Pursuant to the Court's minute entry (Dkt. 2213), Defendants Uber Technologies, Inc. and
2   Ottomotto LLC (collectively "Uber") hereby submit further objections to the Revised Tentative
3   Special Verdict Form provided by the Court at the November 14, 2017 hearing.
4        For question #1, Uber respectfully submits that, if the jury is to be instructed about both
5   improper "use" and improper "disclosure," then there should be separate columns for the jury to
6   determine "use" and "disclosure" separately.  Importantly, Waymo's proof for each theory is
7   different—and any alleged unjust enrichment caused by each theory is likely to be different as
8   well.  For example, Waymo's theory for use relates to Uber's purported use of trade secrets in its
9   LiDAR technology, while its theory for disclosure appears to be about Uber's purported
10  disclosure to vendors.  Having the jury decide these issues separately is additionally important
11  should the Court or any appellate court overrule the jury's findings of liability or damages on one
12  theory of misappropriation but not the other.  Defendants continue to believe that the jury should
13  not decide "disclosure," as that is not a valid theory in this case, nor was it properly disclosed.
14       For question #7, the last sentence and "amount" column should be removed, as the
15  amount of exemplary damages, if any, is a question for the judge rather than the jury. *See*
16  Dkt. 1735 at 70; Dkt. 2076 at 8; *see also* Cal. Civ. Code § 3426.3(c): "If willful and malicious
17  misappropriation exists, **the court may** award exemplary damages in an amount not exceeding
18  twice any award made under subdivision (a) or (b)" (emphasis added); 18 U.S.C. 1836 (b)(3)(C)
19  ("in a civil action brought under this subsection with respect to the misappropriation of a trade
20  secret, **a court may** … if the trade secret is willfully and maliciously misappropriated, award
21  exemplary damages in an amount not more than 2 times the amount of the damages awarded
22  under subparagraph (B)") (emphasis added); *Mattel, Inc. v. MGA Entm't, Inc.*, 801 F. Supp. 2d
23  950, 952–953 (C.D. Cal. 2011) ("Though the existence of willful and malicious misappropriation
24  is ordinarily considered a fact that a jury must find by clear and convincing evidence, the court
25  calculates the amount of exemplary damages").
26       Waymo has previously argued that the structure of the DTSA indicates the amount of
27  exemplary damages is a jury question because the prefatory language also precedes the award of
28  damages.  But the same language ("a court may . . .") also precedes the ability to "grant an

DEFENDANTS' RESPONSE TO REVISED TENTATIVE SPECIAL VERDICT FORM
Case No. 3:17-cv-00939-WHA
sf-3842244

1

injunction" and provide other equitable relief undoubtedly committed to the Court. *See* 18 U.S.C. 1836 (b)(3)(C). The structure of the act therefore does not support Waymo's position.

More importantly, the committee notes to the Uniform Trade Secrets Act, from which the exemplary damages provision of the DTSA is drawn, *see* S. Rep. No. 114-220, at 9 (2016), provide that:

> If willful and malicious misappropriation is found to exist, Section 3(b) authorizes the court to award a complainant exemplary damages in addition to the actual recovery under Section 3(a) an amount not exceeding twice that recovery. This provision follows federal patent law in leaving discretionary trebling to the judge even though there may be a jury, *compare* 35 U.S.C. Section 284 (1976).

Nat'l Conference of Comm'rs on Uniform State Laws, Uniform Trade Secrets Act with 1985 Amendments, p. 11 (1986).

Dated: November 17, 2017              MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
    ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and
OTTOMOTTO LLC