QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | CASE NO. 3:17-cv-00939 <br><br> **PLAINTIFF WAYMO LLC'S CRITIQUE OF REVISED SPECIAL JURY VERDICT FORM** <br><br> Judge: The Honorable William Alsup <br><br> Trial Date: December 4, 2017 |

Pursuant to the Court's November 14, 2017 Minute Entry (Dkt. 2213), Plaintiff Waymo LLC ("Waymo") submits the following critique of the Court's revised Special Verdict Form.[1]

### JURY QUESTIONS 1 AND 2:

**I.   LIABILITY FOR IMPROPER ACQUISITION:** Question 1 should be revised to reflect that Defendants' improper acquisition of Waymo trade secrets alone is sufficient to support a finding of trade secret misappropriation.

As drafted, Question 1 excludes the possibility that Defendants Uber Technologies Inc. and Ottomotto LLC (collectively, "Defendants") may be liable for trade secret misappropriation solely based on Defendants' improper acquisition of Waymo's trade secrets. Question 1 requires that the jury find *both* (a) improper acquisition *and* (b) use or disclosure. These dual hurdles are contrary to the law. As Waymo previously explained, the plain language of both the CUTSA and DTSA provides that improper acquisition by itself is sufficient to support a finding of misappropriation. *See* Dkt. 2077 at 1:17 -2:26 (analyzing Cal. Civ. Code § 3426.1(b) and 18 U.S.C. § 1839(5)).

Case law construing the statutes' plain language confirms this understanding. *See* Dkt. 2077 at 1:17-2:26. As the California Court of Appeals has previously held, improper acquisition of a trade secret alone can support a misappropriation finding—it is not necessary to show use or disclosure. *San Jose Const., Inc. v. S.B.C.C., Inc.*, 155 Cal. App. 4th 1528, 1544 (Cal. Ct. App. 2007); *see also ATS Products, Inc. v. Champion Fiberglass, Inc.,* C 13-02403 SI, 2014 WL 466016, at *3 (N.D. Cal. Feb. 3, 2014) (relying on *San Jose Const.* to allow CUTSA claim based purely on acquisition theory). The same is true under the DTSA. While no cases have addressed this issue in the DTSA context given its recent enactment, the DTSA's plain language makes clear that improper acquisition of a trade secret alone constitutes misappropriation. *See* 18 USC § 1839(5)(A)("the term 'misappropriation' means (A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or…").

---

[1] Waymo reserves its right to propose additional revisions to the Court's proposed Special Verdict Form based on the evidence introduced during trial and/or further rulings by the Court.

Waymo, therefore, proposes that the Court modify Question 1 to reflect that improper acquisition alone can form the basis for a finding of trade secret misappropriation.  Specifically, Waymo proposes that Columns 2 and 3 be combined into a single column.

**II.     UNJUST ENRICHMENT AND REASONABLE ROYALTY DAMAGES:**  Question 1 should be revised to reflect that (a) unjust enrichment and (b) reasonable royalties are independent measures of damages that the jury can award if it finds Defendants liable for trade secret misappropriation.

As set forth in Waymo's prior briefing, *see* Dkt. 2077 at 4-9, and during the November 13, 2017 hearing, Waymo has a Seventh Amendment right to a jury trial on both unjust enrichment and reasonable royalty damages.  In its November 14, 2017 Order Re Reasonable Royalty Instructions (Dkt. 2221), the Court directed the parties to submit agreed-upon jury instructions on the reasonable royalty issue.  Assuming the Court therefore intends to instruct the jury on both unjust enrichment and reasonable royalty damages, Waymo proposes that Column 4 ("Unjustly Enriched?") in Question 1 be removed to reflect the fact that unjust enrichment is not the only measure of damages for Defendants' trade secret misappropriation.  Waymo then proposes that the Court's conclusion to Question 1 be moved into the body of Question 2, and modified to include a discussion of both unjust enrichment and reasonable royalty damages.

Accordingly, Waymo proposes that the Court modify Questions 1 and 2 to read as follows:

> 1.     Separately as to each Alleged Trade Secret, state whether or not Waymo LLC ("Waymo") has proven its claim for misappropriation against Uber Technologies, Inc. ("Uber"). Answer "Yes" or "No."  To sustain such a claim as to any Alleged Trade Secret, you must find Waymo has proven all of the elements in the two columns below—meaning "Yes" in the columns labeled (1) and (2).  If you answer "No" as to any column, then you need not consider and need not answer whether the other column for that particular Alleged Trade Secret is met (although you may do so if you wish).  You are free to consider the Alleged Trade Secrets and the columns in any sequence or order you prefer.  In any answer, you must follow the instructions of law for that issue

|  | (1) ENFORCEABLE TRADE SECRET? | (2) IMPROPERLY ACQUIRED, USED, AND/OR DISCLOSED? |
|---|---|---|
| ALLEGED TRADE SECRET NO. 2 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 7 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 9 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 13 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 14 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 25 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 90 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 111 | _____ | _____ |

For each Alleged Trade Secret as to which you answered "Yes" in both columns, proceed to Question 2. For each Alleged Trade Secret as to which you answered "No" in at least one column, you are done with that particular trade secret, and for that trade secret, there is no need to provide a dollar amount in Question 2 below.

2. With respect to each Alleged Trade Secret you found Uber misappropriated in Question 1, state the dollar amount by which Waymo has proven that Uber was unjustly enriched or, if there was no unjust enrichment, the dollar amount Waymo has proven Uber should pay as a reasonable royalty.

DOLLAR AMOUNT

| ALLEGED TRADE SECRET NO. 2 | $_____ |
| ALLEGED TRADE SECRET NO. 7 | $_____ |
| ALLEGED TRADE SECRET NO. 9 | $_____ |
| ALLEGED TRADE SECRET NO. 13 | $_____ |
| ALLEGED TRADE SECRET NO. 14 | $_____ |
| ALLEGED TRADE SECRET NO. 25 | $_____ |
| ALLEGED TRADE SECRET NO. 90 | $_____ |
| ALLEGED TRADE SECRET NO. 111 | $_____ |

### JURY QUESTION 3:

**III.     POTENTIAL DOUBLE COUNTING:** The language in Question 3 regarding potential "double counting" of damages should be clarified for the jury.

Waymo understands that Question 3 is meant to ensure the jury is not "double counting" by adding up the damages for each individual trade secret where Waymo does not argue that the individual trade secret damages are additive. However, Question 3's reference to "deducting for any double or multiple countings" suggests that the jury affirmatively should be subtracting one sum from another sum to properly arrive at the grand total. This reference is unduly confusing and could result in juror error, especially where Waymo does not contend that its damages for individual trade secrets are additive.

Accordingly, Waymo proposes that the Court simplify Question 3 to read as follows:

> 3.    If you found misappropriation of more than one Alleged Trade Secret by Uber, state the grand total of all damages for all trade secret misappropriation by Uber without double or multiple counting.
>
> $ _____

### JURY QUESTION 7:

**IV.     EXEMPLARY DAMAGES:** Question 7 should be revised to reflect that exemplary damages are not limited to unjust enrichment cases.

As currently drafted, Question 7 is unduly narrow in that it requires the jury to find unjust enrichment before it allows the jury to consider exemplary damages. The question should be modified to account for Waymo's reasonable royalty damages theory. The plain language of both the CUTSA and DTSA permit an award of exemplary damages for willful and malicious trade secret misappropriation. *See* Cal. Civ. Code § 3426.3(c); 18 U.S.C. § 1836(b)(3)(C). Neither statute limits an award of exemplary damages to cases in which the jury awarded unjust enrichment (as opposed to reasonable royalty) damages. Moreover, case law confirms that

exemplary damages are recoverable under CUTSA where reasonable royalties were awarded as compensatory damages. *See 02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1077-79 (N.D. Cal. 2005) (awarding plaintiff a reasonable royalty and exemplary damages, despite lack of unjust enrichment). Question 7, therefore, should be modified to make clear that exemplary damages are available regardless of the specific theory on which compensatory damages are based.

Accordingly, Waymo proposes that the Court modify Question 7 to read as follows:

> 7. As to any defendant against which you have awarded damages by reason of trade secret misappropriation, has Waymo proven that said defendant acted willfully and maliciously in such misappropriation? If "Yes," state the dollar amount of any exemplary damages you award.
>
> |  | YES | NO | AMOUNT |
> |---|---|---|---|
> | UBER TECHNOLOGIES, INC. | _____ | _____ | $ _____ |
> | OTTOMOTTO LLC | _____ | _____ | $ _____ |

**CONCLUSION**

For the foregoing reasons, Waymo respectfully requests that the Court modify the Special Verdict Form as set forth in the full copy of the Special Verdict Form attached to this critique as Exhibit 1 (redline version) and Exhibit 2 (clean version).

DATED: November 17, 2017          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Charles K. Verhoeven
   Charles K. Verhoeven
   Attorneys for WAYMO LLC