# Exhibit 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,,

    Plaintiff,

  vs.

UBER TECHNOLOGIES INC.,
and OTTOMOTTO LLC,

    Defendant.

No. C 17-00939 WHA

**SPECIAL VERDICT FORM**

*In answering this special verdict form, please refer to the Alleged Trade Secrets by their numbers as assigned in Trial Exhibit _____ . Your answers must be unanimous.*

    1.    Separately as to each Alleged Trade Secret, state whether or not Waymo LLC ("Waymo") has proven its claim for misappropriation against Uber Technologies, Inc. ("Uber"). Answer "Yes" or "No." To sustain such a claim as to any Alleged Trade Secret, you must find Waymo has proven all of the elements in the two columns below—meaning "Yes" in the columns labeled (1) and (2). If you answer "No" as to any column, then you need not consider and need not answer whether the other column for that particular Alleged Trade Secret is met (although you may do so if you wish). You are free to consider the Alleged Trade Secrets and the columns in any sequence or order you prefer. In any answer, you must follow the instructions of law for that issue.

|  | (1) ENFORCEABLE TRADE SECRET? | (2) IMPROPERLY ACQUIRED, USED, AND/OR DISCLOSED? |
|---|---|---|
| ALLEGED TRADE SECRET NO. 2 | | |
| ALLEGED TRADE SECRET NO. 7 | | |
| ALLEGED TRADE SECRET NO. 9 | | |
| ALLEGED TRADE SECRET NO. 13 | | |
| ALLEGED TRADE SECRET NO. 14 | | |
| ALLEGED TRADE SECRET NO. 25 | | |
| ALLEGED TRADE SECRET NO. 90 | | |
| ALLEGED TRADE SECRET NO. 111 | | |

*For each Alleged Trade Secret as to which you answered "Yes" in both columns, proceed to Question 2. For each Alleged Trade Secret as to which you answered "No" in at least one column, you are done with that particular trade secret, and for that trade secret, there is no need to provide a dollar amount in Question 2 below.*

2. With respect to each Alleged Trade Secret you found Uber misappropriated in Question 1, state the dollar amount by which Waymo has proven that Uber was unjustly enriched or, if there was no unjust enrichment, the dollar amount Waymo has proven Uber should pay as a reasonable royalty.

|  | DOLLAR AMOUNT |
|---|---|
| ALLEGED TRADE SECRET NO. 2 | $_____ |
| ALLEGED TRADE SECRET NO. 7 | $_____ |
| ALLEGED TRADE SECRET NO. 9 | $_____ |
| ALLEGED TRADE SECRET NO. 13 | $_____ |
| ALLEGED TRADE SECRET NO. 14 | $_____ |
| ALLEGED TRADE SECRET NO. 25 | $_____ |
| ALLEGED TRADE SECRET NO. 90 | $_____ |
| ALLEGED TRADE SECRET NO. 111 | $_____ |

3. If you found misappropriation of more than one Alleged Trade Secret by Uber, state the grand total of all damages for all trade secret misappropriation by Uber without double or multiple counting.

$ _____

Questions four through six will be the same as questions one through three, but as to defendant Ottomotto LLC.

2

7. As to any defendant against which you have awarded damages by reason of trade secret misappropriation, has Waymo proven that said defendant acted willfully and maliciously in such misappropriation? If "Yes," state the dollar amount of any exemplary damages you award.

|  | YES | NO | AMOUNT |
|---|---|---|---|
| UBER TECHNOLOGIES, INC. | _____ | _____ | $ _____ |
| OTTOMOTTO LLC | _____ | _____ | $ _____ |

*Your answer to all of the foregoing questions must be unanimous.*

Dated:  December ___, 2017

                                                                            FOREPERSON

3