MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Tel:  202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel:  212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.      3:17-cv-00939-WHA<br><br>**DECLARATION OF THOMAS J. PARDINI IN SUPPORT OF PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS MOTION FOR JURY INSTRUCTION BASED ON SPOLIATION (DKT. 2197)** |

I, Thomas J. Pardini, declare as follows:

1.      I am a member of the Bar of the State of California and an attorney at the law firm of Morrison & Foerster LLP.  I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.  I make this declaration in support of Plaintiff Waymo LLC's Administrative Motion to File Under Seal Its Motion for Jury Instruction Based on Spoliation (Dkt. 2197).

2.      I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Waymo's Motion for Jury Instruction Based on Spoliation ("Motion") | Red Boxes |
| Exhibit 1 | Entire Document |
| Exhibit 3 | Red Boxes |
| Exhibit 4 | Red Boxes |
| Exhibit 7 | Red Boxes |
| Exhibit 10 | Entire Document |
| Exhibit 12 | Entire Document |
| Exhibit 15 | Red Boxes |
| Exhibits 18-19 | Red Boxes |
| Exhibits 23-25 | Entire Documents |
| Exhibits 26-27 | Red Boxes |
| Exhibit 28 | Entire Document |

3.      The entirety of Exhibit 1 is an internal Uber document containing highly confidential information regarding strategic business considerations for Uber's self-driving car program.  This information is not publicly known, and its confidentiality is strictly maintained.  I understand that disclosure of this information could allow competitors to acquire knowledge into

Uber's business strategy, including technical and market considerations.  Uber's competitive standing could be significantly harmed.

4. The red boxes in Exhibits 3, 4, 7, 15, 18, 19, 26, and 27 contain contact information of current and former company employees, including personal phone numbers, email addresses, and home addresses.  Similarly, the entirety of Exhibit 10 contains confidential information regarding cell phone information of a former Uber executive, including detailed configuration information.  These individuals' electronic communications may become compromised if this information were disclosed to the public.  Defendants seek to seal this information in order to protect the privacy of these individuals because this lawsuit is currently the subject of extensive media coverage.  Disclosure of this information could expose these individuals to harm or harassment.

5. The entirety of Exhibit 12 contains references to highly confidential third party vendors, some of whom have NDAs with Uber, interspersed throughout the communications log. Defendants request this information be sealed to protect these confidential business relationships from disclosure and possible interference from competitors.

6. The entirety of Exhibit 23 is an email exchange among individuals involved in negotiations with Uber over a draft business agreement, including an analysis of the detailed terms and conditions of that draft agreement.  The entirety of Exhibit 24 contains a draft of that same business agreement, including terms and conditions such as the specific obligations and responsibilities of each party, detailed commercial and financial terms, and comments and edits from various reviewers.  The red boxes in Waymo's Motion contain references and citations to these two exhibits.  This information is not publicly known, and its confidentiality is strictly maintained.  I understand that disclosure of this information could allow competitors and counterparties to gain insight into how Uber has negotiated its business agreements, allowing them to tailor their own negotiation or business strategy to the detriment of Uber.

7. In addition, portions of Exhibit 23 contain the personal email addresses of current and former company employees.  These individuals' electronic communications may become compromised if this information were disclosed to the public.  Defendants seek to seal this

1   information in order to protect the privacy of these individuals because this lawsuit is currently

2   the subject of extensive media coverage.  Disclosure of this information could expose these

3   individuals to harm or harassment.

4       8.      The entirety of Exhibit 25 is an email exchange containing information regarding

5   the structure of investments among certain companies, including detailed financial information.

6   Defendants understand that similar information has previously been designated confidential by

7   counsel for the Sandstone Group, Tyto LiDAR, and/or Ognen Stojanovski.

8       9.      The entirety of Exhibit 28 is a business agreement that contains highly confidential

9   information regarding terms and conditions, such as the specific obligations and responsibilities

10  of each party, financial terms related to ongoing third-party contracts, compensation information

11  for specific employees, and pricing information for various technology services and equipment.

12  This information is not publicly known, and its confidentiality is strictly maintained.  I understand

13  that disclosure of this information could allow competitors and counterparties to gain insight into

14  how Defendants structure their business agreements, as well as specific third-party contract terms

15  and pricing information, allowing them to tailor their own negotiation or business strategy to the

16  detriment of Defendants.

17      10.     Defendants' request to seal is narrowly tailored to the portions of Waymo's

18  Motion and supporting exhibits that merit sealing.

19      I declare under penalty of perjury that the foregoing is true and correct.  Executed this

20  17th day of November, 2017 at San Francisco, California.

21

22                                          */s/ Thomas J. Pardini*
                                             Thomas J. Pardini

23

24

25

26

27

28