UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-00939-WHA  (JSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br>Re: Dkt. Nos. 1237, 1278, 1280, 1291, 1316, 1328, 1352, 1354, 1367, 1374, 1434, 1437 |

The parties in this action have sought to file voluminous information under seal, only a portion of which is properly sealable. This Order addresses the parties' Administrative Motions to File under Seal] at Docket Nos. 1237, 1278, 1280, 1291, 1316, 1328, 1352, 1354, 1367, 1374, 1434, and 1437. After carefully considering the parties' submissions, the motions to seal are GRANTED in part and DENIED in part as set forth in the table below.

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* Any request for sealing must be supported by a declaration "establishing that the document sought to be filed under seal, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A). If the party filing the motion is not the party who designated the material at issue as confidential, then the designating party has four days to file a declaration in support of sealing or the motion to seal will be denied. Civil L.R. 79-5(e).

| Dkt. No. | | Ruling |
|---|---|---|
| **Dkt. No. 1237** | **Dkt. No. 1237-4** | The Court DENIES the motion to seal because Plaintiff has failed to show that the highlighted portion contains confidential information. |
| **Dkt. No. 1278** | **Dkt. No. 1278-4** | The Court DENIES the motion to seal the highlighted portions except as to the named companies on pages 2 and 3 and the amount of the June 2015 valuation on page 4. |
| | **Dkt. No. 1278-6** | The Court GRANTS the motion to seal the highlighted portions of the Deposition of Larry Page. The deposition would otherwise reveal non-public information on Kitty Hawk's internal leadership, research, and prototype development. |
| | **Dkt. No. 1278-7 to Dkt. No. 1278-10** | The Court GRANTS the motion to seal Exhibits 3-5 in their entirety because the exhibits discuss or refer to confidential details regarding the corporate ownership, corporate leadership, business models, prototype development and testing, and employee recruitment efforts of Kitty Hawk. |
| | **Dkt. No. 1278-12** | The Court DENIES the motion to seal except as to the highlighted portion at page 5[1], lines 17, 19-25; page 6, lines 1-12, 21-25; and page 7, line 1, 5-14, 21-23. |
| | **Dkt. No. 1278-14** | The Court GRANTS the motion to seal the highlighted portions except for references to Kitty Hawk, which is publicly known. |
| | **Dkt. No. 1278-16** | The Court DENIES the motion to seal the highlighted portions except as to page 3, lines 2-4,10-14; and page 5, lines 2, 9-10, 13-24. |
| | **Dkt. No. 1278-17** | The Court DENIES the motion as to the date of the bonus and GRANTS as to amount of the bonus. |
| | **Dkt. No. 1278-18 to Dkt. No. 1278-20** | The Court GRANTS the motion to seal the documents in their entirety because the exhibits discuss, or refer to Waymo's confidential business information, including internal Waymo documents describing its market analyses, plans, forecasts, and financial information, as well as confidential valuations of Waymo, disclosure of which could harm Waymo's competitive standing. |
| **Dkt. No. 1280** | **Dkt. No. 1280-3** | The Court DENIES the motion to seal because the highlighted portions do not contain confidential information. |

---

[1] Page numbers throughout this Order refer to the ECF page number.

2

| | | |
|---|---|---|
| **Dkt. No. 1291** | **Dkt. No. 1291-4** | The Court DENIES the motion to seal because Plaintiff has not sufficiently demonstrated that the highlighted portions contain confidential information. |
| | **Dkt. No. 1291-6** | The Court DENIES the motion to seal the highlighted portions except as to page 8, lines 4-10; page 10, lines 17-25; and page 11, lines 2-10, which discuss Waymo's confidential business information, including internal valuations. |
| **Dkt No. 1316**[2] | **Dkt. No. 1395-2** | The Court DENIES the motion to seal because the highlighted portions do not contain confidential information. |
| | **Dkt. No. 1395-4** | The Court DENIES the motion to seal because the outlined portions do not contain confidential information. |
| | **Dkt. No. 1395-6** | The Court DENIES the motion to seal because the highlighted portions do not contain confidential information. |
| | **Dkt. No. 1395-8** | The Court DENIES the motion to seal as to the text of the email on page 2. The Court GRANTS the motion to seal as to the highlighted portions of the chart on pages 3-6 except as to the second highlighted row because the chart discusses Waymo's security measures and protocols and detailed computer forensics. |
| | **Dkt. No. 1395-10** | The Court DENIES the motion to seal the highlighted portions except for the name of the database on page 8. |
| | **Dkt. No. 1395-12** | The Court DENIES the motion to seal the highlighted portions except as to employee email addresses on pages 2-3. |
| | **Dkt. No. 1395-14** | The Court DENIES the motion to seal except as to the highlighted portion of ¶ 15 and the chart at ¶ 18, which discuss Waymo's computer forensics and employee email addresses. |
| | **Dkt. No. 1395-16** | The Court DENIES the motion to seal because the highlighted portions do not contain confidential information. |
| | **Dkt. No. 1395-20** | The Court DENIES the motion to seal except as to the highlighted portion of ¶ 15 and the chart of ¶ 18, which discuss Waymo's computer forensics and employee email addresses. |
| | **Dkt. No. 1395-22** | The Court DENIES the motion to seal the highlighted portions except as to the employee email addresses and the URL address. |
| | **Dkt. No. 1395-28** | The Court GRANTS the motion to seal the highlighted portions because the redactions are narrowly tailored to information regarding Google's computer forensics. |

---

[2] Docket No. 1316 is revised by Docket. No. 1365. This order applies to both docket numbers, as revised by Docket No. 1365.

| | | |
|---|---|---|
| **Dkt. No. 1328** | **Dkt. No. 1328** | The Court DENIES the motion to file under seal because Defendants did not file a supporting declaration. |
| **Dkt. No. 1352**[3] | **Dkt. No. 1404-2** | The Court GRANTS the motion to seal the outlined boxes because they contain information related to the timeline of Uber's LiDAR sensors. |
| | **Dkt. No. 1404-4** | The Court GRANTS the motion to seal the outlined boxes except as to pages 10, 11, and 12 lines 6-9 because the portions are narrowly tailored to the technology's commercialization schedule. |
| **Dkt. No. 1354** | **Dkt. No. 1354** | The Court DENIES the motion to file under seal because Defendants did not file a supporting declaration. |
| **Dkt. No. 1367** | **Dkt. No. 1367-10** | The Court GRANTS the motion to seal except as to rows 15 and 19.  The sealed portions are narrowly tailored to descriptions of internal Google security tools used to detect and investigate wrongdoing. |
| | **Dkt. No. 1367-13** | The Court GRANTS the motion to seal the exhibit in its entirety, which contains investigative steps taken by Google's security engineers. |
| | **Dkt. No. 1367-15** | The Court DENIES the motion to seal because the highlighted portions do not contain confidential information. |
| | **Dkt. No. 1367-16** | The Court GRANTS the motion to seal the document in its entirety because the document is from Google's internal, Google-only intranet server and contains Waymo's highly confidential business strategy and planning. |
| **Dkt. No. 1374** | **Dkt. No. 1374-4** | The Court DENIES the motion except as to the highlighted portions at the bottom of page 4, which discuss Uber's autonomous vehicle commercialization schedule. |
| | **Dkt. No. 1374-6** | The Court DENIES the motion to file under seal because Defendants have not sufficiently demonstrated that the highlighted portions contain confidential information. |
| | **Dkt. No. 1374-8** | The Court DENIES the motion to file under seal because the highlighted portion does not contain confidential information. |

---

[3] Docket No. 1352 is revised by Docket No. 1404.  This order applies to both docket numbers, as revised by Docket No. 1404.

| | | |
|---|---|---|
| **Dkt. No. 1434** | Dkt. No. 1434-4 | The Court DENIES the motion to file under seal because the highlighted portion does not contain confidential information. |
| | Dkt. No. 1434-6 | The Court DENIES the motion to file under seal because the parties have failed to sufficiently demonstrate that the exhibit contains confidential information. |
| | Dkt. No. 1434-8 | The Court DENIES the motion to file under seal because the parties have failed to sufficiently demonstrate that the exhibit contains confidential information. |
| | Dkt. No. 1434-10 (1471-4) | The Court DENIES the motion to file under seal because the highlighted portion does not contain confidential information. |
| | Dkt. No. 1434-12 | The Court DENIES the motion to file under seal because the exhibit does not contain confidential information. |
| | Dkt. No. 1434-14 (1471-4) | The Court DENIES the motion to file under seal because the parties have failed to demonstrate that the highlighted portions contain confidential information. |
| | Dkt. No. 1434-16 (1471-6) | The Court GRANTS the motion to file under seal because the redactions are narrowly tailored to employee email addresses. |
| | Dkt. No. 1434-18 (1471-8) | The Court DENIES the motion to file under seal except as to the URL links on page 2. |
| **Dkt. No. 1437[4]** | Dkt. No. 1437-3 | The Court DENIES the motion to file under seal because the highlighted portion does not contain confidential information. |
| | Dkt. No. 1437-5 | The Court DENIES the motion to file under seal because the highlighted portion does not contain confidential information. |
| | Dkt. No. 1437-9 | The Court DENIES the motion to file under seal except as to the URL addresses on pages 3 and 7. |
| | Dkt. No. 1437-10/Dkt. No. 1472-2 | The Court GRANTS the motion to seal the highlighted portions, which are narrowly tailored to email addresses and phone numbers of Waymo employees. |
| | Dkt. No. 1437-11/Dkt. No. 1472-4 | The Court DENIES the motion to file under seal because the highlighted portion does not contain confidential information. |

This Order disposes of Docket No. 1237, 1278, 1280, 1291, 1316, 1328, 1352, 1354, 1367, 1374, 1434, and 1437.

---

[4] Docket No. 1437 is revised by Docket No. 1472. This order applies to both docket numbers, as revised by Docket No. 1472.

**IT IS SO ORDERED.**

Dated: November 20, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge