QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>       vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 27 TO EXCLUDE PROF. HESSELINK'S SAVED DEVELOPMENT TIME OPINIONS** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal portions of its Opposition to Defendants' Motion in Limine to Exclude Prof. Hesselink's Saved Development Time Opinions ("Waymo's Opposition") and exhibits thereto. Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
| --- | --- | --- |
| Waymo's Opposition | Highlighted portions | Waymo |
| Exhibit 2 to Waymo's Opposition | Entire document | Waymo and Defendant |
| Exhibit 3 to Waymo's Opposition | Highlighted portions | Waymo |
| Exhibit 4 to Waymo's Opposition | Entire document | Defendants |
| Exhibit 5 to Waymo's Opposition | Entire document | Waymo and Defendant |
| Exhibit 7 to Waymo's Opposition | Entire document | Waymo and Defendants |
| Exhibit 8 to Waymo's Opposition | Entire document | Waymo and Defendants |

## I. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II. DEFENDANTS' CONFIDENTIAL INFORMATION

Waymo seeks to seal identified portions of these documents because Defendants have designated the information confidential and/or highly confidential. Declaration of Felipe Corredor ("Corredor Decl.") ¶ 3. Waymo takes no position on the merits of sealing the designated material, and expects Defendants to file one or more declarations in accordance with the Local Rules.

## III. THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the portions of Waymo's Opposition and exhibits thereto as identified by Waymo in the table above. Waymo seeks to file this information under seal because it discloses Waymo's trade secrets and confidential business information. *See* Corredor Dec., ¶ 4. Courts have determined that trade secret information merits sealing. *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14–cv–03078–JSC, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets."). Waymo seeks to seal trade secret information that fit squarely within these categories. Corredor Dec. ¶ 4. Waymo maintains this information as a trade secret (*see* Dkt. 25-31) and ensures the information remains secret with strict secrecy and security protocols (*see* Dkt. 25-47; Dkt. 25-49.). *Id.* Waymo has narrowly tailored its requests to only information meriting sealing. *Id.* The disclosure of Waymo's trade secrets would harm Waymo. Corredor Dec. ¶ 4. Moreover, the scope of information that Waymo is seeking to seal is consistent with other administrative motions to seal that have already been granted by the Court in this case. (*See* Dkt. 681.) Thus, the Court should grant Waymo's administrative motion to seal.

## IV. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion. For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's administrative motion to file under seal.

DATED: November 20, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles Verhoeven*
Charles Verhoeven
Attorneys for WAYMO LLC