# EXHIBIT 2

| | |
|---|---|
| **From:** | Andrea P Roberts <andreaproberts@quinnemanuel.com> |
| **Sent:** | Wednesday, November 15, 2017 3:29 PM |
| **To:** | Gonzalez, Arturo J.; Chang, Esther Kim; David Perlson |
| **Cc:** | UberWaymoMoFoAttorneys; 'Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)'; 'Joseph S. Grinstein (jgrinstein@susmangodfrey.com)'; 'bcarmody@SusmanGodfrey.com'; 'Shawn J. Rabin (srabin@SusmanGodfrey.com)'; 'John Cooper (JCooper@fbm.com)'; 'Matthew Cate'; 'Uber-sg@LISTS.SUSMANGODFREY.COM'; QE-Waymo |
| **Subject:** | RE: Proposed Stipulation Regarding Trial Witnesses |

- External Email -

Arturo:

I write in response to your November 10 email.

First, as I noted yesterday we'll provide a narrowed "will call" list today, and Uber will provide theirs by November 17. We already explained in my November 10 email what we agree do to in the narrowed lists and there is not a further need to keep repeating it.

Second, for disclosure of witnesses to be called at trial, we continue to think that 2:00 pm is too soon after trial ends each day. We should be able to reach a compromise here. How about 3:30 pm? In other words, witnesses will be disclosed by 3:30 pm two days before they will be called to testify, and will be disclosed in the order in which they will be called. We don't agree to disclose earlier the witnesses that will be called on the first day of trial because there is no reason why you should be entitled to that information earlier, and there is no mutuality in the request.

Third, with respect to disclosure of exhibits to be used on direct examination, we do not believe that exhibits to be used in an adverse direct examination should be disclosed. The parties agree that cross-examination documents need not be disclosed, and that should apply to those used in an adverse direct as well. Let us know if you'll reconsider your position on that. With respect to demonstratives, can we agree to exchange them at 6 pm the day before they'll be used in court?

Fourth, we agree to the schedule you propose for objections and meeting and conferring. That is, the parties will identify any objections to exhibits by 8:00 pm and meet and confer by phone every evening at 9:00 pm. This should apply to demonstratives as well. To make sure we're on the same page, the disclosure of objections at 8:00 pm can be via email and is intended to put the parties on notice of what will be discussed on the 9:00 pm meet and confer so they can be prepared and efficient on the call. We're not envisioning formal, captioned objections. If you have something else in mind, please let us know.

Finally, for deposition designations and written discovery requests, we'd prefer to stick with Judge Alsup's rule. Judge Alsup seems to have realized that when attorneys designate deposition testimony long before it will actually be played, they over-designate to ensure they'll have what they need while they continue to prepare for trial. The closer we exchange deposition designations and discovery responses to when they'll be used at trial, the less likely the parties waste time and resources fighting over testimony or discovery responses that may not ultimately be introduced at trial. Accordingly, we'd like to proceed under Judge Alsup's rule.

Thanks,

Andrea

---

**From:** Andrea P Roberts
**Sent:** Tuesday, November 14, 2017 5:21 PM
**To:** Gonzalez, Arturo J. <AGonzalez@mofo.com>; Chang, Esther Kim <echang@mofo.com>; David Perlson <davidperlson@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; 'Joseph S. Grinstein (jgrinstein@susmangodfrey.com)' <jgrinstein@susmangodfrey.com>; 'bcarmody@SusmanGodfrey.com' <bcarmody@SusmanGodfrey.com>; 'Shawn J. Rabin (srabin@SusmanGodfrey.com)' <srabin@SusmanGodfrey.com>; 'John Cooper (JCooper@fbm.com)' <JCooper@fbm.com>; 'Matthew Cate' <MCate@fbm.com>; 'Uber-sg@LISTS.SUSMANGODFREY.COM' <Uber-sg@LISTS.SUSMANGODFREY.COM>; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** RE: Proposed Stipulation Regarding Trial Witnesses

Arturo,

We will be providing the list tomorrow, but not at noon.  We will respond separately on the other issues in your email.

Additionally, please make sure that you are including our distribution list on correspondence.

Thanks,
Andrea

---

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Tuesday, November 14, 2017 5:09 PM
**To:** Chang, Esther Kim <echang@mofo.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>; David Perlson <davidperlson@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; 'Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com)' <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; 'Joseph S. Grinstein (jgrinstein@susmangodfrey.com)' <jgrinstein@susmangodfrey.com>; 'bcarmody@SusmanGodfrey.com' <bcarmody@SusmanGodfrey.com>; 'Shawn J. Rabin (srabin@SusmanGodfrey.com)' <srabin@SusmanGodfrey.com>; 'John Cooper (JCooper@fbm.com)' <JCooper@fbm.com>; 'Matthew Cate' <MCate@fbm.com>; 'Uber-sg@LISTS.SUSMANGODFREY.COM' <Uber-sg@LISTS.SUSMANGODFREY.COM>
**Subject:** Proposed Stipulation Regarding Trial Witnesses

Andrea,

We assume you will be providing us with a reduced witness list by noon tomorrow and await your response to the other issues in my email below.  We will provide you with our reduced witness list by noon on Friday.

**ARTURO J. GONZÁLEZ**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7020

mofo.com | LinkedIn | Twitter

---

**From:** Gonzalez, Arturo J.
**Sent:** Friday, November 10, 2017 5:39 PM
**To:** Chang, Esther Kim; Andrea P Roberts; David Perlson
**Cc:** UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Joseph S. Grinstein (jgrinstein@susmangodfrey.com); bcarmody@SusmanGodfrey.com; Shawn J. Rabin (srabin@SusmanGodfrey.com); John Cooper (JCooper@fbm.com); Matthew Cate; Uber-sg@LISTS.SUSMANGODFREY.COM
**Subject:** Proposed Stipulation Regarding Trial Witnesses

Andrea:

Thank you for your email.

This confirms that we agree that Waymo will provide us with a revised "will call" list by noon on November 15 and Uber will provide a revised "will call" list by noon on November 17. The lists will be good faith exchanges of people that the two sides believe they will actually call at trial. The idea is to reduce the amount of unnecessary work that our firms have to do when there are people on the "will call" list who likely will not be called at trial.

With respect to Judge Alsup's two day rule, given how fast this trial is going to move, we would like to stick with the 2:00 p.m. deadline for disclosing names two days before the witnesses testify with the exception of the first day of trial. We ask as a professional courtesy that you tell us on Friday, December 1, who you will call on the first day of trial. Since we will start with opening statements, we suspect that no more than three witnesses will testify that first day.

With respect to documents, the objective of the Court's order is to try to resolve disputes before trial, if possible. Thus, we believe that all documents that the parties plan to use on direct be disclosed, whether that direct is of an opposing party or not. Thus, we would tell you in advance what exhibits we plan to use with Larry Page or any other Google witness. No documents would be exchanged for cross-examination (since that will vary depending on the direct) or for impeachment. In other words, you would not have to tell us what exhibits you will use when crossing witnesses we call. If you agree about adverse witnesses, then we agree to your proposal that exhibits will be disclosed by 5:00 the day before they are used. We suggest a slightly later deadline (7:00 p.m.) for demonstratives, since those documents are frequently being edited the day before they are used.

We suggest that the parties exchange written objections to exhibits by 8:00 p.m. and meet and confer about objections to exhibits by phone every evening at 9:00 p.m.

One thing not mentioned in your email is deposition testimony and written discovery requests. I continue to think we should exchange designations sooner to give us more time to counter and object. How about exchanging depo testimony one week before we plan to play it, counters and objections 48 hours later, any additional redirect and objections to counters 48 hours later, and the parties confer the next day during the same 9:00 call? With respect to discovery designations, those would be designated by 5:00 two days before a party wants to use them.

**ARTURO J. GONZÁLEZ**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
P: +1 (415) 268-7020
mofo.com | LinkedIn | Twitter

---

**From:** Chang, Esther Kim
**Sent:** Friday, November 10, 2017 3:00 PM
**To:** Andrea P Roberts; Gonzalez, Arturo J.; David Perlson
**Cc:** UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Joseph S. Grinstein

(jgrinstein@susmangodfrey.com); bcarmody@SusmanGodfrey.com; Shawn J. Rabin (srabin@SusmanGodfrey.com); John Cooper (JCooper@fbm.com); Matthew Cate; Uber-sg@LISTS.SUSMANGODFREY.COM
**Subject:** RE: Proposed Stipulation Regarding Trial Witnesses

*Adding the Susman team alias to the distribution*

Andrea,

Thank you for your counter-proposal.  We are considering your proposal and will respond later today.  Since, under your proposal, we will be providing a revised witness list next week, we will not be serving a revised witness list today.  Please note, however, that Defendants will be adding Mary Fulginiti to our trial witness list as a "may call" witness.

Esther
Tel: (415) 268-7562

---

**From:** Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent:** Friday, November 10, 2017 12:52 PM
**To:** Gonzalez, Arturo J.; David Perlson
**Cc:** UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Joseph S. Grinstein (jgrinstein@susmangodfrey.com); bcarmody@SusmanGodfrey.com; Shawn J. Rabin (srabin@SusmanGodfrey.com); John Cooper (JCooper@fbm.com); Matthew Cate
**Subject:** RE: Proposed Stipulation Regarding Trial Witnesses

- External Email -

---

Arturo,

I write in response to your November 7 proposal regarding the parties' witness lists.

Proposals 1 and 2 in your email below are different than what we understood you to be proposing on Tuesday's call.  During that call, you didn't mention anything about narrowing the list to "a number that reasonably could appear at a trial in 16 hours of trial."  It is not reasonable for Uber to expect Waymo to commit to its witness list for trial with that level of detail this far in advance of trial, particularly since there are MILs and other issues still pending before the Court, based on your November 3 email, Uber may be pursuing a theory the Court already excluded (the bonus theory), and Uber refused to engage in connection with its complaints about the number of exhibits.  Nor do we think Proposal 3 is workable as it seems overly complicated and could create more work and possible disputes than simply following Judge Alsup's rule would.

That said, we propose that Waymo will identify to Uber by November 15 our then-current thoughts on which witnesses on our "will call" list will be called at trial.  Uber will then do the same by November 17.  This is without prejudice to either sides' ability to make changes as they continue their trial preparations, and the parties will still need to abide by Judge Alsup's rule regarding witness disclosures before they are actually called.  Please let us know if this is agreeable.  Note that Judge Alsup's rule says that "all counsel are entitled to written firm notice of the order of witnesses for the next court day," but he encourages two days' notice, "i.e. written notice by 2:00 pm on the *second* calendar day before the witnesses testify or the exhibit is used."  We suggest that such notice be given by 5:00 pm two days before the witness will be called.  In other words, if a witness will be called on Wednesday, that witness must be disclosed by 5:00 pm on Monday.  We suggest the later exchange time so that counsel who are in court each day have time after they return from Court to weigh in on disclosures.

Additionally, your proposal does not address the disclosure of exhibits to be used at trial.  We are willing to proceed with the rule in Judge Alsup's Standing Order that exhibits to be used must be disclosed "at a minimum

4

. . . no later than 2:00 p.m. on the calendar day *immediately* preceding" when they will be used.  We again propose that exchange be made at 5:00 pm, rather than 2:00 pm.  We propose that this disclosure requirement apply to exhibits to be used on direct examination.  We do not believe this should apply to exhibits to be used in an adverse direct examination or on cross examination.  Please confirm that you agree.

Further, Judge Alsup's Standing Order says that the rule applies to "illustrative exhibits."  We interpret that to refer to demonstrative exhibits.  Please let us know if you interpret it differently.  In any event, we propose that demonstratives (excluding those to be used on cross or adverse direct) be closed by 5:00 pm. the day before they will be used at trial.

Lastly, after exhibits are disclosed, we suggest that the parties agree to a time by which they will raise any objections they will assert to the disclosed exhibits and when they will conduct a daily meet and confer on those issues.  We'll give it some thought and make a proposal.

Thanks,
Andrea

---

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Tuesday, November 07, 2017 5:55 PM
**To:** David Perlson <davidperlson@quinnemanuel.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; Joseph S. Grinstein (jgrinstein@susmangodfrey.com) <jgrinstein@susmangodfrey.com>; bcarmody@SusmanGodfrey.com; Shawn J. Rabin (srabin@SusmanGodfrey.com) <srabin@SusmanGodfrey.com>; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>
**Subject:** Proposed Stipulation Regarding Trial Witnesses

David/Andrea:

You asked me to make a written proposal regarding witnesses to address our concern that Waymo has an unrealistic number of "will call" witnesses, and to provide each other with more notice of who the specific witnesses will be on a given day at trial.  Our proposal is below.  Please let me know if you would like to discuss.

1. Waymo cuts down its "will call" list to a number that reasonably could appear at a trial in 16 hours of trial (also considering Waymo's cross-examination) time by 11/10.
2. Uber cuts down its "will call" list to a number that reasonably could appear at a trial in 16 hours of trial (also considering Uber's cross-examination) time by 11/14, and that "will call" list will assume that Waymo in fact calls all its will calls, such that Uber would only need to call those same witnesses if there is a need to question them beyond the scope of their direct.
3.  The parties agree to give notice, on a rolling basis, of who they will probably call:  (1) five days before the trial day on which the witnesses will be called, as suggested by the Special Master, and (2) then two days before the trial day on which the witnesses will be called, confirm who they will call (pursuant to Judge Alsup's standing order), including the order of presentation.

**ARTURO J. GONZÁLEZ**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7020
mofo.com | LinkedIn | Twitter

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.