# APPENDIX C

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:     415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:     202.237.2727
Facsimile:     202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019-6023
Telephone:     212.336.8330
Facsimile:     212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | Case No. 3:17-cv-00939-WHA <br><br> **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS TO PLAINTIFF WAYMO LLC'S THIRD AMENDED RULE 26(A)(3) WITNESS LIST** <br><br> Trial Date: December 4, 2017 |

Waymo's witness list includes many witnesses not included on its Rule 26(a)(1) disclosures. For most of the witnesses whom Waymo did disclose under Rule 26, Waymo has drastically expanded the topics on which those witnesses are expected to testify beyond that which was timely disclosed. Defendants' specific objections are summarized below and a chart is attached as Exhibit A to assist the Court. [1]

## **Witnesses Not Previously Disclosed**

### *Prabir Adarkar*

Defendants object to the calling of Mr. Adarkar, an Uber employee who was never previously disclosed in any of Waymo's Rule 26 disclosures. Mr. Adarkar was not timely disclosed, in violation of FRCP 26(a)(1), and should be excluded pursuant to FRCP 37(c)(1).

### *Shawn Bananzadeh*

Defendants object to the calling of Mr. Bananzadeh, a Waymo employee who was never previously disclosed in any of Waymo's Rule 26 disclosures. Mr. Bananzadeh was not timely disclosed, in violation of FRCP 26(a)(1), and should be excluded pursuant to FRCP 37(c)(1). Waymo improperly added him to its "will call" list even though this Court has made it clear that if he is allowed to testify at all, if would only be in rebuttal: "If they use the 30(b)(6) deposition in any way before the jury, through an expert or directly read in, then he gets to come back and explain it in your rebuttal case, but not in your case-in-chief. In other words, you can't use him in your case-in-chief because he's a new witness." Tr., 10/26/17, 12:1-7.

### *Kristin Gudjonsson[2], Travis Bellanger, David Lawee, John Krafcik, Chelsea Bailey, Gerard Dwyer, Don Harrison, Jennifer Haroon, and Sasha Zbrozek*

Defendants object to the calling of these Waymo employees because they were not timely

---

[1] These objections do not impact Defendants' ability to call any of the following witnesses that it has disclosed in its initial disclosures or learned about through Waymo's discovery on the topics that Defendants have identified in their witness lists.

[2] See below regarding objections to Mr. Brown as an "expert."

disclosed, in violation of FRCP 26(a)(1), and should be excluded pursuant to FRCP 37(c)(1). Waymo's failure to disclose them was not substantially justified.  Moreover, Waymo knew that many of these employees were centrally involved in Mr. Levandowski's termination or the ensuing investigation yet failed to timely disclose them.  In fact, the failure to disclose some employees involved in the investigation, such as Sasha Zbrozek, is notable, considering the evidence they possess undercutting Waymo's case.

*Bill Gurley*

If Mr. Gurley is permitted to testify, the Court has limited his testimony pursuant to Docket No. 1885, as follows:  "Bill Gurley may testify as to his own percipient knowledge regarding his tenure as a member of Uber's board of directors (and possibly other facts) but may not speculate about matters outside of his percipient knowledge. No evidence or argument about Benchmark's lawsuit against Travis Kalanick will be permitted, except that defendants may use that lawsuit for impeachment purposes."  Dkt. No. 1885 at 4.

*Arturo Gonzalez*

Defendants object to the calling of Mr. Gonzalez because he was not timely disclosed, in violation of FRCP 26(a)(1), and should be excluded pursuant to FRCP 37(c)(1).

Defendants further object to the anticipated testimony of Mr. Gonzalez pursuant to FRE 403 because the prejudice his presence as a witness would cause Uber and Ottomotto substantially outweighs any probative value of his testimony.  The Court has already suggested that as trial counsel, Mr. Gonzalez should not be associated with the legal work done in connection with the Uber-Otto transaction.  Tr., 7/26/17, at 15-16.  Moreover, Mr. Gonzalez should be excluded under FRE 602 because he was not involved in the underlying events of the dispute and therefore any testimony he could offer would not be relevant under FRE 402.

*Neel Chatterjee*

Defendants object to the calling of Mr. Chatterjee because he was not timely disclosed, in violation of FRCP 26(a)(1), and should be excluded pursuant to FRCP 37(c)(1).

Defendants further object to the anticipated testimony of Mr. Chatterjee, because the

prejudice his presence as a witness would cause Uber and Ottomotto substantially outweighs any probative value of his testimony.  Otto Trucking is no longer a defendant in this case, and Goodwin Procter has never been *Uber*'s or *Ottomotto*'s counsel.  Moreover, Waymo seeks to call Mr. Chatterjee on litigation-related topics such as the "chain of custody of Anthony Levandowski's personal laptops," which is unrelated to the underlying events of the dispute and would pose a danger of confusing the issues before the jury.

*Matthew Blattmachr*

Defendants object to the calling of Mr. Blattmachr because he was not timely disclosed, in violation of FRCP 26(a)(1).  The proposed subject of his testimony is Mr. Levandowski's ownership of other companies, including presumably including any links to Tyto LiDAR.  But Waymo has been pursuing Mr. Levandowski's links to Tyto LiDAR since close to the inception of this case (if not prior to it) and its failure to disclose Mr. Blattmachr is not substantially justified.

*Gautam Gupta*

Defendants object to the calling of Mr. Gupta because he was not timely disclosed, in violation of FRCP 26(a)(1).  Moreover any testimony about Uber's acquisition of Ottomotto is unnecessarily cumulative and Uber's funding of Otto Trucking's business activities is irrelevant. *See* FRE 402, 403.

**<u>Witnesses For Whom Waymo Seeks to Introduce New Topics</u>**

*John Bares*

Defendants object to the calling of Mr. Bares on the subject of "the acquisition of Otto; and Mr. Levandowski's employment milestones" because these subjects were not identified by Waymo in its initial disclosures.  The omission is not substantially justified.  In fact, Waymo took Mr. Bares's deposition prior to the deadline for initial disclosures and questioned him on the very topics it now seeks to include in his trial testimony.

*Gary Brown[3]*

Defendants object to the questioning of Mr. Brown on the subject of "Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories, and computer networks, including but not limited to the SVN server."   Brown is Waymo's employee and it chose to only disclose him on the topic of Waymo's forensic investigation into Mr. Levandowsi, Mr. Kshirsagar, and Mr. Raduta, while choosing to disclose another witness on the topic of its efforts to maintain secrecy, Mr. Janosko.  Waymo's failure to disclose Mr. Brown on this topic is not substantially justified.  Moreover, Mr. Brown's deposition testimony reflects that he lacks personal knowledge about many of these subjects.

*Dmitri Dolgov*

Defendants object to the calling of Mr. Dolgov on the subject of "the Chauffeur Bonus Plan."   Mr. Dolgov is Waymo's employee and it chose to only disclose him for other topics.  Waymo's failure to disclose this topic is not substantially justified.

*Pierre-Yves Droz*

Defendants object to the calling of Mr. Droz regarding "the confidentiality of its designs and measures to keep them secret, the contents of Waymo's SVN server, and communications with Anthony Levandowski regarding Uber and formation of Otto."   Mr. Droz is a Waymo employee and Waymo only disclosed Mr. Droz on the topics of Waymo's "development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; [and] the design and development of certain of Waymo's asserted trade secrets."   The newly proposed topics were known as subjects of this litigation to Waymo at the time of the disclosures and the failure to disclose them is not substantially justified.

*John Gardner*

Defendants object to Waymo questioning Mr. Gardner about "Ottomotto and Otto Trucking; the Uber-Otto acquisition; [and] Mr. Levandowski's businesses," or about "destruction of relevant evidence."   Before the initial disclosures were due, Waymo knew that Mr. Gardner

---

[3] See below regarding objections to Mr. Brown as an "expert."

served as counsel for Mr. Levandowski in connection with the Otto acquisition and related due diligence and as a personal attorney for Mr. Levandowski. Its failure to disclose these new topics is not substantially justified. Moreover, testimony about Mr. Levandowski's "businesses" should be excluded to the extent it is irrelevant or unfairly prejudicial. *See* FRE 402, 403.

Defendants also object to Waymo questioning Mr. Gardner about "Tyto LiDAR," a topic disclosed for this witness for the first time on November 15, 2017. Waymo has been pursuing the issue of Mr. Levandowski's links to Tyto since at least April 2017—well before the initial disclosures were due. Its failure to disclose Mr. Gardner on the topic is not substantially justified.

*Dan Gruver, Gaetan Pennecot, Asheem Linaval, Don Burnette, Soren Juelsgaard, and Colin Sebern*

These witnesses are current Uber engineers who formerly worked at Waymo. They were initially disclosed as potential witnesses by Waymo only concerning "matters that concern misappropriation of trade secrets." Waymo now seeks to add for each of these witnesses testimony about "the development of Waymo's self-driving car technology, including its LIDAR." Waymo should be precluded from eliciting testimony beyond the disclosed topic of the specific trade secrets alleged to have been misappropriated. Had Waymo wanted to question its former employees about their work for Waymo, it timely could have and should have disclosed that subject. Waymo's failure to disclose these topics is not substantially justified.

Defendants further object to the inclusion of testimony about Waymo's "planner software" with respect to Mr. Burnette and "software" with respect to Mr. Juelsgaard and Mr. Sebern. Software is not at issue in this case; permitting testimony on this topic would cause unfair prejudice and pose a danger of confusing the issues before the jury.

*Jeff Holden*

Defendants object to Waymo's questioning of Mr. Holden regarding Uber's "autonomous vehicle program before the Otto acquisition; negotiations with Mr. Levandowski regarding the acquisition; Mr. Levandowski's consulting work; facts surrounding Mr. Levandowksi's continued employment with Uber and termination" because these were not timely identified in Waymo's initial disclosures. Waymo only disclosed Mr. Holden on the topic of "matters that concern

misappropriation of trade secrets" but was aware of Mr. Holden's role as a business person involved with the Otto acquisition well before the deadline for initial disclosures. Waymo's failure to disclose these topics is not substantially justified.

*Travis Kalanick*

Defendants object to Waymo questioning Mr. Klanick regarding the following topics:

> Uber's solicitation of Google and Waymo employees; discussions with, knowledge about, Levandowksi, discussions with the Board and Benchmark partners concerning the Otto acquisition, Mr. Levandowski, and the relationship between the facts surrounding this case and his termination; negotiations with Mr. Levandowski regarding the founding of Ottomotto and Otto Trucking, and Otto acquisition; the Uber-Otto acquisition; solicitation of Google/Waymo employees; . . . Levandowski's employment and continued employment at Uber; and destruction of relevant evidence.

Waymo only disclosed Mr. Kalanick as a potential source of testimony regarding the broad and unhelpful topic of "matters that concern misappropriation of trade secrets." Certainly, given his role, Waymo knew or should have known Mr. Kalanick's involvement in the acquisition of Otto and his negotiations with Mr. Levandowski. Waymo's failure to disclose these topics is not substantially justified.

Moreover, any testimony regarding solicitation of Google/Waymo employees should also be excluded under Rules 402 and 403 because it is irrelevant, unfairly prejudicial, and will tend to confuse the jury.

Moreover, any testimony about Benchmark should be excluded pursuant to FRE 403 for the reasons stated in Defendants' motion *in limine* (No. 24). Dkt. No. 1548.

*Anthony Levandowski*

In addition to Defendants' already-briefed objections to the calling of Mr. Levandowski as unfairly prejudicial, Defendants object to Waymo questioning Mr. Levandowski on the following topics for which he was not disclosed in Waymo's initial disclosures:

> development of Waymo's self-driving car technology, including its LIDAR designs and the development of Waymo's trade secrets, engineering practices of Waymo and the LIDAR team regarding the confidentiality of its designs and measures to keep them secret, his

performance at Waymo, the contents of Waymo's SVN server, and communications with Google employees regarding Uber and formation of Otto; Uber's driverless car program; Uber's solicitation of Google and Waymo employees; the relationship between the facts surrounding this case and his termination; negotiations regarding the founding of Ottomotto and Otto Trucking, and Otto acquisition; the Uber-Otto acquisition;  .  .  .  Levandowski's employment and continued employment at Uber; and destruction of relevant evidence. Waymo further identifies those subjects identified in Waymo's Statement Regarding Questions it Intends to Ask Anthony Levandowski at Trial. Dkt. 835.

Waymo only identified Mr. Levandowski as a potential source of testimony regarding "matters that concern misappropriation of trade secrets."  Given its allegations against Mr. Levandowski in the Complaint and Motion for Preliminary Injunction, Dkts. 23 & 24, Waymo knew that Mr. Levandowski had potentially relevant information about these other topics.  Waymo's failure to disclose these topics is not substantially justified.

Moreover, any testimony regarding solicitation of Google/Waymo employees should also be excluded under Rules 402 and 403 because it is irrelevant, unfairly prejudicial, and will tend to confuse the jury.

*Brian McClendon, Emil Michael, Cameron Poetszcher, and Nina Qi*

Defendants object to the questioning of these witnesses regarding any topics that do not directly concern "matters concerning the misappropriation of trade secrets," the only disclosed subject for these witnesses.  Although the new subjects for each witness identified by Waymo vary slightly, they have been all generally designated to testify about such topics as:

- "Negotiations with Levandowski regarding founding Ottomotto and Otto Trucking";

- "Contacts between Uber and Mr. Levandowski regarding the formation of Ottomotto/Otto Trucking";

- "Uber's solicitation of Google/Waymo employees";

- "The benefits Uber would obtain via those acquisitions";

- "the Uber-Otto acquisition";

- "Levandowski's employment and continued employment at Uber";

1      • "discussions with, knowledge about, Levandowksi";

2      • "discussions with the Board and Benchmark partners concerning the Otto
        acquisition, Mr. Levandowski"; and

3

4      • "the relationship between the facts surrounding this case and his termination."

5    From well before the date initial disclosures were due, Waymo knew that each of these

6    individuals was involved in a business role and the Otto acquisition.  Its failure to timely identify

7    these topics is not substantially justified.

8          Moreover, any testimony regarding solicitation of Google/Waymo employees should also

9    be excluded under Rules 402 and 403 because it is irrelevant, unfairly prejudicial, and will tend to

10   confuse the jury.

11         Moreover, any testimony about Benchmark should be excluded pursuant to FRE 403 for

12   the reasons stated in Defendants' motion *in limine* (No. 24).  Dkt. No. 1548.

13      *Rhian Morgan*

14         Defendants object to Waymo's questioning Ms. Morgan regarding the "founding and

15   business of Ottomotto and Otto Trucking [and] Uber's acquisition of Otto."  Waymo only

16   disclosed Ms. Morgan as a potential source of testimony regarding "matters that concern

17   misappropriation of trade secrets."  Waymo's failure to disclose these topics is not substantially

18   justified.

19      *Lior Ron*

20         Defendants object to Waymo questioning Mr. Ron about the "founding of Ottomotto and

21   Otto Trucking; the Uber-Otto acquisition" and "the business and product development of

22   Ottomotto and Otto trucking."  Before the initial disclosures were due, Waymo knew Mr. Ron

23   was a co-founder of Otto and Otto Trucking and should have disclosed these topics then.

24   Waymo's failure to disclose these topics is not substantially justified.

25      *Brent Schwarz and Ognen Stojanovski*

26         Defendants object to Waymo's questioning these witnesses about Tyto LiDAR, Otto's

27   acquisition of Tyto, or communications with Mr. Levandowski about Tyto.  Waymo did not

28

disclose these topics in its initial disclosures.   Waymo has been pursuing the issue of Mr. Levandowski's links to Tyto since at least April 2017.  Waymo's failure to disclose these topics for these witnesses is not substantially justified.

*Bryan Salesky*

Defendants object to the calling of Mr. Salesky regarding "Mr. Levandowski's performance as a Google/Waymo employee" and "certain of Mr. Levandowski's communications with Uber prior to his departure from Google/Waymo."   Mr. Salesky was only disclosed by Waymo as a witness having information about "matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology" and "matters that concern misappropriation of trade secrets by Defendants."   Mr. Salesky was a senior Waymo employee during the events in question and the newly proposed topics were known as subjects of this litigation to Waymo at the time its initial disclosures were due.  Waymo's failure to disclose these topics is not substantially justified.

*Chris Urmson*

Defendants object to the calling of Mr. Urmson regarding "Mr. Levandowski's performance as a Google/Waymo employee and circumstances surrounding his termination from Google; Chauffer Bonus Plan" and "Waymo valuation(s)."   Mr. Urmson was only disclosed by Waymo as a witness having information about "matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology"  Mr. Urmson was a senior Waymo employee—for a period the most senior—during the events in question, and the newly proposed topics were known as subjects of this litigation to Waymo at the time its initial disclosures were due.  Waymo's failure to disclose these topics is not substantially justified.

*Salle Yoo*

Defendants object to Waymo's questioning Ms. Yoo about the "continued employment and termination of Anthony Levandowski."  Waymo did not include this as a topic for Ms. Yoo in its initial disclosures despite being aware as of May 30, 2017, that Ms. Yoo signed the letter

terminating Mr. Levandowski.[4]   Waymo's failure to disclose this topic is not substantially justified.   Moreover, any proposed testimony on the topic of the Stroz Report would be unnecessarily cumulative under Rule 403.

*Rudy Kim and Eric Tate*

Defendants object to the calling of Mr. Kim and Mr. Tate because their testimony will be cumulative and waste the jury's time.  *See* FRE 403.

*Adam Bentley*

Defendants object to Mr. Bentley's testimony as unduly cumulative and likely to waste the jury's time.  *See* FRE 403.

*Max Levandowski and Daniel Ratner*

Defendants object to the calling of Mr. Levandowksi and Mr. Ratner for any subjects beyond the scope permitted by the Court in its October 26, 2017 ruling on Waymo's Motion to Amend.  *See* 10/26/2017 Hr'g at 13:9-14 ("You can add them to your list for trial, but it's limited to testimony that came out of the Stroz report or something that was newly produced in that time period after the Stroz report. And you cannot get off into other subjects in your case-in-chief.").

*Undisclosed Damages Testimony*

Waymo's November 12, 2017 Offer of Proof Regarding Reasonable Royalty Damages suggests that ten witnesses who were either not disclosed or disclosed for other purposes by Waymo will now become Waymo's damages witnesses.  These witnesses include John Krafcik, Dmitry Dolgov, Jennifer Haroon, Dan Chu, Nina Qi, Prabir Adarkar, Pierre-Yves Droz, Lambertus Hesselink, and Jeff Holden.   Defendants object to any such testimony that goes beyond the witnesses and subjects timely disclosed pursuant to FRCP 26(a)(1).

*30(b)(6) Witnesses*

Defendants also object to any of Waymo's witnesses testifying about "the subjects of the Rule 30(b)(6) topic(s) for which [they were] designated as Waymo's corporate witness" to the

---

[4] In addition to being produced in this case, the termination and letter were widely reported in news.  *See* https://www.washingtonpost.com/news/the-switch/wp/2017/05/30/uber-fires-star-engineer-anthony-levandowski-at-the-center-of-self-driving-car-battle/?utm_term=.58c08e1e3232

1   extent those topics go beyond the subjects disclosed in Waymo's initial disclosures.  In addition

2   to being untimely, there is no guarantee that these witnesses even have personal knowledge over

3   those subjects.  *See Cooper v. United Air Lines, Inc.*, 82 F. Supp. 3d 1084, 1096 (N.D. Cal. 2015).

4   The witnesses for which these subjects were added are Gary Brown, Dan Chu, Dmitri Dolgov,

5   Pierre-Yves Droz, David Lawee, and Jennifer Harroon.

6      *Destruction of Relevant Evidence*

7     Waymo has added as a topic for numerous witnesses "the destruction of relevant

8   evidence."  Any suggestion that an Uber witness destroyed relevant evidence should be excluded

9   under FRE 403.  In the alternative, the Court should require Waymo to submit an offer of proof

10   before any such questioning and permit Uber the chance to respond.

11                 **Experts**

12      *Paul French and Bruce Hartley*

13     Defendants object to any testimony from Waymo's "rebuttal" expert reports from French

14   and Hartley because their purpose is not "solely to contradict or rebut evidence on the same

15   subject matter identified by another [party's expert]."  Fed. R. Civ. P. 26(a)(2)(D)(ii).  Rebuttal

16   expert reports "are not . . . the proper place for presenting new arguments" and must be limited to

17   the opposition report's subject matter.  *R&O Const. Co. v. Rox Pro Int'l Grp., Ltd*., No. 2:09-CV-

18   01749-LRH-LR, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011).  But instead of rebutting

19   Laykin's report, French's and Hartley's reports present new arguments on Google's reasonable

20   efforts to protect the alleged trade secrets' secrecy; a necessary element to trade secret

21   misappropriation.  *Kirola v. City & Cty. of San Francisc*o, No. C-07-3685 SBA (EMC), 2010 WL

22   373817, at *2 (N.D. Cal. Jan. 29, 2010) ("[T]his expert opinion could not be considered rebuttal

23   evidence because its purpose was to support an element of the plaintiffs' . . . claim.").  They also

24   provide additional information regarding the reliability of the forensic investigation conducted by

25   Gary Brown and Kristinn Gudjonsson and the soundness of the conclusions Mr. Brown and Mr.

26   Gudjonsson reached.  Any testimony concerning these opinions, on which Waymo bears the

27   burden of proof, should have been disclosed in Waymo's opening reports and are untimely on

28

rebuttal.  Preclusion of the French and Hartley's testimony on these topics is "automatic and mandatory" since Waymo cannot show that their failure to comply was "justified or harmless." *R&O*, 2011 WL 2923703, at *3.

>       *Jim Timmins*

Defendants object to the aspects of Mr. Timmons's proposed testimony as set forth in their *Daubert* Motion to Exclude One of Three Opinions Offered by Waymo Expert Jim Timmons.  Dkt. No. 1612.  The Court reserved ruling on this *Daubert* Motion.  Dkt. No. 1885 at 5.

>       *Lambertus Hesselink*

Defendants object to Dr. Hesselink's testimony found in paragraphs 65 to 72 of his expert report as set forth in Otto Trucking's *Daubert* motion found at Docket No. 1610.  Dr. Hesselink's opinion on Waymo's protections of its trade secrets is merely a recitation of information found in the declarations of fact witnesses, one of whom admits that he does not have any personal knowledge of the SVN server and that the other information he attested to does not apply to that server.

>       *Gary Brown and Kristinn Gudjonsson*

In addition to the objections stated above, Defendants object to any expert testimony by Gary Brown or Kristinn Gudjonsson for the reasons stated in Otto Trucking's *Daubert* motion found at Docket No. 1620.  Mr. Brown and Mr. Gudjonsson's opinions are unreliable and misleading, and they do not have the requisite expertise to opine and testify about the SVN server.

### Testimony by Deposition

Waymo has listed all or nearly all of the non-Waymo witnesses as potential witnesses to be called by deposition.  Defendants object to each and every witness to the extent they do not meet the requirements of Federal Rule of Civil Procedure 32

1

2    Dated: November 21, 2017            MORRISON & FOERSTER LLP
                                        BOIES SCHILLER FLEXNER LLP

3                                        SUSMAN GODFREY LLP

4

5                                        By:  _/s/ William Carmody_____ _

6                                          WILLIAM CARMODY

7                                      Attorneys for Defendants
                                        UBER TECHNOLOGIES, INC. and

8                                        OTTOMOTTO LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**EXHIBIT A TO DEFENDANTS' OBJECTIONS TO WAYMO'S WITNESS LIST**

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---------|-------------------------------|----------------------------|------------|
| **Will Call List** | | | |
| Prabir Adarkar | Not Disclosed | Mr. Adarkar may be asked to provide non-cumulative testimony regarding Uber's financial forecasts for autonomous vehicles, and Uber's competitive relationship with Waymo, including its willingness to cut prices to compete with Waymo. | FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| Shawn Bananzadeh | Not Disclosed | Mr. Bananzadeh will provide noncumulative testimony regarding costs of development of, and management of Waymo's self-driving cars and autonomous vehicle technology. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. | Per Court's ruling, if Mr. Bananzadeh is allowed to testify at all, it will be as a rebuttal witness *only*—not in Waymo's case-in-chief. *See* Tr. 10/26/17; 12:1-7. FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| John Bares | Matters that concern misappropriation of trade secrets. | Mr. Bares will be asked to provide noncumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; ==acquisition of Otto; and Mr. Levandowski's employment milestones.==[1] | FRCP 26(a)(1) & 37(c)(1) |

---

[1] Where only a portion of a witnesses' testimony is subject to objection, the objectionable portions are highlighted in yellow.

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Gary Brown | Matters that concern the forensic investigation into misappropriation of trade secrets by Defendants via Anthony Levandowski, Sameer Kshirsagar, and Radu Raduta. | Mr. Brown will provide non-cumulative testimony concerning Google/Waymo's forensic investigation into misappropriation of trade secrets, particularly analysis of log data and hardware; Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories, and computer networks, including but not limited to the SVN server. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. | FRCP 26(a)(1) & 37(c)(1) FRE 602 FRE 702 |
| Dan Chu | Matters that concern Waymo, including investment in, development of, and management of Waymo's self-driving cars and autonomous vehicle technology; the current and future nature of the relevant markets and competition in the relevant markets, and other issues related to irreparable harm and damages suffered by Waymo. | Mr. Chu will provide non-cumulative testimony regarding matters that concern Waymo, including investment in, development of, and management of Waymo's self-driving cars and autonomous vehicle technology; the current and future nature of the relevant markets and competition in the relevant markets, and other issues related to irreparable harm and damages suffered by Waymo, Waymo's short-term and long-term business plans, Waymo's early rider program in Phoenix, Waymo's launch of its TaaS service, and Waymo's understanding of the TaaS market (including competition in that market and Waymo's competitive advantages). Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |
| Dmitri Dolgov | Matters that concern Waymo, including the history, development, and management of Waymo's self-driving cars and autonomous vehicle technology; the design and development of certain of Waymo's asserted trade secrets | Dr. Dolgov will provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and associated self-driving vehicle software development; the development of certain of Waymo's trade secrets, Waymo's engineering practices, and the Chauffeur Bonus Plan. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Pierre-Yves Droz | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; the design and development of certain of Waymo's asserted trade secrets; conception, reduction to practice, and patenting of the inventions of U.S. Patent Nos. 8,836,922 ("the '922 patent"), 9,285,464 ("the '464 patent"), 9,368,936 ("the '936 patent"), and 9,086,273 ("the '273 patent"). | Mr. Droz will provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and the development of Waymo's trade secrets, time to develop Waymo's LIDAR designs and trade secrets, engineering practices of Waymo and the LIDAR team regarding the confidentiality of its designs and measures to keep them secret, the contents of Waymo's SVN server, and communications with Anthony Levandowski regarding Uber and formation of Otto. Waymo further identifies the subjects of Mr. Droz's prior declarations submitted in this matter, Dkt. 25-31, 453-3 as subject he may testify about as well as the Rule 30(b)(6) topics for which he was designated as Waymo's corporate witness. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |
| John Gardner | Matters that concern misappropriation of trade secrets. | Mr. Gardner will be asked to provide noncumulative testimony regarding Ottomotto and Otto Trucking; the Uber-Otto acquisition; Mr. Levandowski's businesses; the Stroz due diligence analysis, investigation, and report; the misappropriation of Waymo trade secrets; destruction of relevant evidence; and Tyto LiDAR. | FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| Dan Gruver | Matters that concern misappropriation of trade secrets and patent infringement by Defendants; conception, reduction to practice, and patenting of the inventions of the '922, '464, and '273 patents. | Mr. Gruver will be asked to provide noncumulative testimony regarding Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; and the development of Waymo's self-driving car technology, including its LIDAR designs. | FRCP 26(a)(1) & 37(c)(1) |

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Bill Gurley | Not Disclosed | Mr. Gurley will be asked to provide noncumulative testimony regarding Uber's acquisition of Otto; board meetings, discussions, and knowledge concerning the Otto acquisition including Mr. Kalanick and others' representations; facts surrounding Mr. Kalanick and board discussions concerning his termination; negotiations with Mr. Kalanick concerning the Otto acquisition and his resignation; Stroz due diligence report; and representations made by Mr. Kalanick regarding the Stroz report and Otto acquisition; and Benchmark's claim that Mr. Kalanick committed fraud and breached his fiduciary duty with respect to the Otto acquisition. | FRCP 26(a)(1) & 37(c)(1)<br>FRE 402<br>FRE 403<br>MIL 24 |
| Jeff Holden | Matters that concern misappropriation of trade secrets. | Mr. Holden will be asked to provide noncumulative testimony regarding the state of Uber's autonomous vehicle program before the Otto acquisition; negotiations with Mr. Levandowski regarding the acquisition; Mr. Levandowski's consulting work; facts surrounding Mr. Levandowski's continued employment with Uber and termination; and Defendants' misappropriation of Waymo's trade secrets. | FRCP 26(a)(1) & 37(c)(1) |
| Travis Kalanick | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. | Mr. Kalanick will be asked to provide non-cumulative testimony regarding Uber's driverless car program; Uber's solicitation of Google and Waymo employees; discussions with, knowledge about, Levandowksi, discussions with the Board and Benchmark partners concerning the Otto acquisition, Mr. Levandowski, and the relationship between the facts surrounding this case and his termination; negotiations with Mr. Levandowski regarding the founding of Ottomotto and Otto Trucking, and Otto acquisition; the Uber-Otto acquisition; solicitation of Google/Waymo employees; the Stroz due diligence analysis, investigation, and report; Uber's knowledge of stolen documents, understanding, and activity related to misappropriation of Google/Waymo trade secret and proprietary information; Levandowski's employment and continued employment at Uber; and destruction of relevant evidence. | FRCP 26(a)(1) & 37(c)(1)<br>FRE 402<br>FRE 403<br>MIL 24 |

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| John Krafcik | Not Disclosed | Mr. Krafcik will provide non-cumulative testimony regarding Waymo's business; Anthony Levandowski, and his departure from Google; the relationship between Waymo and Google; and Waymo's development of its TaaS service, and valuations of Chauffeur. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |
| Anthony Levandowski | Matters that concern misappropriation of trade secrets and patent infringement by Defendants; conception, reduction to practice, and patenting of the inventions of the '922 and '464 patents | Mr. Levandowski will be asked to provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and the development of Waymo's trade secrets, engineering practices of Waymo and the LIDAR team regarding the confidentiality of its designs and measures to keep them secret, his performance at Waymo, the contents of Waymo's SVN server, and communications with Google employees regarding Uber and formation of Otto; Uber's driverless car program; Uber's solicitation of Google and Waymo employees; the relationship between the facts surrounding this case and his termination; negotiations regarding the founding of Ottomotto and Otto Trucking, and Otto acquisition; the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; Uber's knowledge of stolen documents, understanding, and activity related to misappropriation of Google/Waymo trade secret and proprietary information; Levandowski's employment and continued employment at Uber; and destruction of relevant evidence. Waymo further identifies those subjects identified in Waymo's Statement Regarding Questions it Intends to Ask Anthony Levandowski at Trial. Dkt. 835. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 |
| Brian McClendon | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. | Mr. McClendon will be asked to provide non-cumulative testimony regarding solicitation of and negotiations with Levandowski regarding founding Ottomotto and Otto Trucking; and the Uber-Otto acquisition, the development of Uber's self-driving technology, including before the Otto acquisition, Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development. | FRCP 26(a)(1) & 37(c)(1) FRE 403 FRE 402 |

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Gaetan Pennecot | Matters that concern misappropriation of trade secrets and patent infringement by Defendants; conception, reduction to practice, and patenting of the inventions of the '922, '464, and '273 patents. | Mr. Pennecot will be asked to provide non-cumulative testimony regarding Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. | FRCP 26(a)(1) & 37(c)(1) |
| Cameron Poetzscher | Matters that concern misappropriation of trade secrets | Mr. Poetzcher will be asked to provide non-cumulative testimony regarding Uber's negotiations with Mr. Levandowski regarding the formation of Ottomotto/Otto Trucking; and the acquisition; solicitation of Google/Waymo employees; destruction of relevant evidence; and the Stroz due diligence analysis investigation, and report. | FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| Nina Qi | Matters that concern misappropriation of trade secrets. | Ms. Qi will be asked to provide noncumulative testimony regarding Uber's decision to acquire Ottomotto (and to enter into an option to acquire Otto Trucking); contacts between Uber and Mr. Levandowski regarding the formation of Ottomotto / Otto Trucking, Uber's acquisition of those entities, and the benefits that Uber would obtain via those acquisitions; Uber's solicitation of Google/Waymo employees; and Uber's internal views on those subjects, destruction of relevant evidence; and the Stroz due diligence analysis, investigation, and report. | FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| Lior Ron | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. | Mr. Ron will be asked to provide noncumulative testimony regarding the misappropriation of Waymo trade secrets; founding of Ottomotto and Otto Trucking; the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and the business and product development of Ottomotto and Otto Trucking, destruction of relevant evidence. | FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| Eric Tate | Matters that concern misappropriation of trade secrets | Mr. Tate will be asked to provide noncumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and destruction of relevant evidence. | FRE 403 |

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Salle Yoo | Matters that concern misappropriation of trade secrets | Ms.Yoo will be asked to provide noncumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis investigation, and report; continued employment and termination of Anthony Levandowski; and Defendants misappropriation of Waymo's trade secrets, destruction of relevant evidence. | FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| Sasha Zbrozek | Not Disclosed | Mr. Zbrozek will provide non-cumulative testimony concerning Google/Waymo's forensic investigation, particularly the SVN server and related log data, including Mr. Levandowski's download of the 14,000 files from the SVN server; Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories, and computer networks. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |
| **May Call List** | | | |
| Chelsea Bailey | Not Disclosed | Ms. Bailey will provide noncumulative testimony regarding the Chauffeur Bonus Plan; Mr. Levandowski's departure from Google, including Google's collection of Levandowski's laptops and delivery of those laptops to the Google forensics team; and Mr. Levandowski's performance as a Google/Waymo employee | FRCP 26(a)(1) & 37(c)(1) |
| Travis Bellanger | Not Disclosed | Mr. Bellanger will provide non-cumulative testimony concerning Google/Waymo's forensic investigation into the activities of Anthony Levandowski, including Google's collection of Levandowski's laptops and delivery of those laptops to the Google forensics team | FRCP 26(a)(1) & 37(c)(1) |
| Adam Bentley | Matters that concern misappropriation of trade secrets | Mr. Bentley will be asked to provide non-cumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and destruction of relevant evidence. | FRE 403 |

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Matthew Blattmachr | Not Disclosed | Mr. Blattmachr will be asked to provide non-cumulative testimony regarding the ownership of Levandowski's companies | FRCP 26(a)(1) & 37(c)(1) |
| Don Burnette | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. | Mr. Burnette will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs and planner software; due diligence by Stroz for Otto acquisition by Uber; and destruction of relevant evidence. | FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| Neel Chatterjee | Not Disclosed | Mr. Chatterjee will be asked to provide non-cumulative testimony regarding Goodwin Procter's possession of misappropriated materials; destruction of relevant evidence; chain of custody of Anthony Levandowski's personal laptops, and searches thereof. | FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| Gerard Dwyer | Not Disclosed | Mr. Dwyer will provide noncumulative testimony regarding inputs to Waymo's current P&L. He may also provide testimony regarding Waymo's current business plan. | FRCP 26(a)(1) & 37(c)(1) |
| Arturo Gonzalez | Not Disclosed | Mr. Gonzalez will be asked to provide non-cumulative testimony regarding MoFo's possession of misappropriated materials; destruction of relevant evidence; and Defendants' knowledge of same. As Waymo previously advised Uber, Waymo does not intend to call Mr. Gonzalez as a witness unless Defendants open the door by claiming that they complied with their discovery obligations. | FRCP 26(a)(1) & 37(c)(1) FRE 403 FRE 402 FRE 602 |
| Kristin Gudjonsson | Not Disclosed | Mr. Gudjonsson will provide noncumulative testimony concerning Google/Waymo's forensic investigation into misappropriation of trade secrets, particularly analysis of hardware; Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories, and computer networks, including but not limited to | FRCP 26(a)(1) & 37(c)(1) FRE 602 FRE 702 |

8

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| | | the SVN server | |
| Gautam Gupta | Not Disclosed | Mr. Gupta will be asked to provide non-cumulative testimony regarding Uber's acquisition of Ottomotto and Uber's funding of Otto Trucking's business activities. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 |
| Don Harrison | Not Disclosed | Mr. Harrison will provide noncumulative testimony regarding Google's mergers and acquisitions, including the negotiation and drafting of Google's merger and acquisition agreements, the process of conducting valuations, and Waymo's valuations. | FRCP 26(a)(1) & 37(c)(1) |
| Jennifer Haroon | Not Disclosed | Ms. Haroon will provide noncumulative testimony regarding details of Waymo's first P&L, the negotiation of the valuation used in connection with the Chauffeur Business Plan, the timing of payments made under the Chauffeur Business Plan, and the 409(a) valuation conducted when Waymo was spun off from Google. Ms. Haroon may also provide testimony regarding the evolution of Waymo's business plan over time. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which she was designated as Waymo's corporate witness. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |
| Soren Juelsgaard | Matters that concern misappropriation of trade secrets and patent infringement by Defendants | Mr. Juelsgaard will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs and software; due diligence by Stroz for Otto acquisition by Uber; and destruction of relevant evidence. | FRCP 26(a)(1) & 37(c)(1) |
| Rudy Kim | Matters that concern misappropriation of trade secrets. | Mr. Kim will be asked to provide noncumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and destruction of relevant evidence. | FRE 403 |

9

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Asheem Linaval | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. | Mr. Linaval will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. | FRCP 26(a)(1) & 37(c)(1) |
| David Lawee | Not Disclosed | Mr. Lawee will provide noncumulative testimony regarding Google's mergers and acquisitions, including the negotiation and drafting of Google's merger and acquisition agreements, the process of conducting valuations, Waymo's valuations, and the Chauffeur Bonus Plan. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |
| Max Levandowski | Matters that concern misappropriation of trade secrets and patent infringement by Defendants | Mr. Levandowski will be asked to provide noncumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. | 10/26/2017 Hr'g at 13:9-14 |
| Emil Michael | Matters that concern misappropriation of trade secrets | Mr. Michael will be asked to provide noncumulative testimony regarding the negotiations with Levandowski regarding founding Ottomotto and Otto Trucking; the Uber-Otto acquisition; Levandowski's employment and continued employment at Uber; discussions with, knowledge about, Levandowksi, discussions with the Board and Benchmark partners concerning the Otto acquisition, Mr. Levandowski, and the relationship between the facts surrounding this case and his termination. | FRCP 26(a)(1) & 37(c)(1) FRE 403 FRE 402 MIL 24 |
| Rhian Morgan | Matters that concern misappropriation of trade secrets. | Ms. Morgan will be asked to provide noncumulative testimony regarding the founding and business of Ottomotto and Otto Trucking; Uber's acquisition of Otto; and the Stroz due diligence analysis, investigation, report; Defendants misappropriation of Waymo's trade secrets, destruction of relevant evidence. | FRCP 26(a)(1) & 37(c)(1) |

10

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Daniel Ratner | Not Disclosed | Mr. Ratner will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. | 10/26/2017 Hr'g at 13:9-14 |
| Bryan Salesky | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology; matters that concern misappropriation of trade secrets by Defendants. | Mr. Salesky will provide non-cumulative testimony regarding the history of Google/Waymo's self-driving-car development efforts; Mr. Levandowski's performance as a Google/Waymo employee; certain of Mr. Levandowski's communications with Uber prior to his departure from Google/Waymo | FRCP 26(a)(1) & 37(c)(1) |
| Brent Schwarz | Matters that concern misappropriation of trade secrets. | Mr. Schwarz will be asked to provide non-cumulative testimony regarding Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; regarding Tyto LiDAR and Otto's acquisition of Tyto. | FRCP 26(a)(1) & 37(c)(1) |
| Colin Sebern | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. | Mr. Sebern will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs and software; due diligence by Stroz for Otto acquisition by Uber. | FRCP 26(a)(1) & 37(c)(1) |
| Ognen Stojanovski | Matters that concern misappropriation of trade secrets | Mr. Stojanovski will be asked to provide non-cumulative testimony regarding Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; regarding Tyto LiDAR and Otto's acquisition of Tyto; regarding communications with Mr. Levandowski regarding Tyto LIDAR and other businesses related to Mr. Levandowski. | FRCP 26(a)(1) & 37(c)(1) |
| Chris Urmson | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; matters | Mr. Urmson will provide non-cumulative testimony regarding the history and development of Waymo's self-driving car technology, including its LIDAR designs; Mr. Levandowski's performance at Google and circumstances surrounding his | FRCP 26(a)(1) & 37(c)(1) |

11

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| | that concern misappropriation of trade secrets by Defendants. | termination from Google; Chauffeur Bonus Plan; Waymo valuation(s). | |