1    QUINN EMANUEL URQUHART & SULLIVAN, LLP
       Charles K. Verhoeven (Bar No. 170151)
2      charlesverhoeven@quinnemanuel.com
       David A. Perlson (Bar No. 209502)
3      davidperlson@quinnemanuel.com
       Melissa Baily (Bar No. 237649)
4      melissabaily@quinnemanuel.com
       John Neukom (Bar No. 275887)
5      johnneukom@quinnemanuel.com
       Jordan Jaffe (Bar No. 254886)
6      jordanjaffe@quinnemanuel.com
     50 California Street, 22nd Floor
7    San Francisco, California 94111-4788
     Telephone:    (415) 875-6600
8    Facsimile:    (415) 875-6700

9    Attorneys for WAYMO LLC

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13   WAYMO LLC,                            CASE NO. 3:17-cv-00939

14           Plaintiff,                    **PLAINTIFF WAYMO LLC'S PRECIS
                                           FOR LEAVE TO FILE A MOTION TO
15       vs.                               SUPPLEMENT ITS TRIAL WITNESS
                                           LIST**
16   UBER TECHNOLOGIES, INC.;
     OTTOMOTTO LLC; OTTO TRUCKING
17   LLC,                                  Trial Date:  December 4, 2017

18           Defendants.

19

20

21

22

23

24

25

26

27

28

With its damages expert Michael Wagner excluded, Waymo will have to spend a significant amount of trial time authenticating and laying foundation for documents that the jury can use to evaluate the extent to which Defendants have been unjustly enriched from their misappropriation of Waymo's trade secrets or, alternatively, to evaluate the Georgia-Pacific factors to determine reasonable royalty damages resulting from Defendants' misappropriation. If Mr. Wagner had not been excluded, Waymo would otherwise have introduced this evidence through Mr. Wagner under Fed. R. Evid. 703. Given the Court's order excluding Wagner and these changed circumstances, Waymo respectfully seeks leave to add three additional witnesses to its trial exhibit list: Shawn Banazedeh, Prabir Adarkar, and an Uber Custodian of Records. Waymo also seeks leave to depose Uber's Custodian of Records for a half day in advance of trial.

## I.    BACKGROUND

### A.    Waymo is Entitled To Present a Damages Case to the Jury

On November 2, the Court granted Uber's motion to exclude Wagner's testimony. (Dkt. 2166.) In its Order, the Court confirmed that Waymo can still present a damages theory through fact witnesses. (*Id.* at 9) ("Insofar as the Qi slide and other evidence in this case may turn out to be good barometers of Uber's expectations going into the Ottomotto acquisition, that evidence can stand on its own for the jury's consideration."); *id.* at 10 ("Again, the documents cited by Wagner can independently come into evidence and counsel can make the argument as well as Wagner").) At the November 14 hearing, Waymo's counsel responded to arguments from Uber by arguing to the Court: "you were very clear in your order that we would still get to put on a damages case based upon documents and witness testimony. And we intend to do that." (Dkt. 2222, 11/14/17 Hearing Tr., 86:15-17.) Consistent with the Court's prior acknowledgement that damages experts are not required for damages questions to be put to the jury, the Court did not disagree with Waymo's understanding of its Order.

### B.    Waymo Served its Initial Witness List Before the Court's Order Excluding Wagner

Waymo served its initial trial witness list on September 16, before the Court issued its Order excluding the testimony of Michael Wagner. (Dkt. 2166.) After the Court issued its order

excluding Wagner on November 2, Waymo sought to add Shawn Banazedeh and Prabir Adarkar to its trial witness list on November 15, and informed Uber on November 22 that it will seek leave to add an Uber Custodian of Records witness as well.  As Waymo has explained to Uber, Waymo is seeking leave to add these witnesses to support certain aspects of its damages case that Waymo otherwise would have introduced through Wagner pursuant to Fed. R. Evid. 703.

Waymo did seek leave to add Mr. Banazedeh to its trial witness list before the Court issued its Order on Wagner, informing Uber on October 23 that it may call Mr. Banazedeh to provide "non-cumulative testimony regarding costs of development of, and management of Waymo's self-driving cars and autonomous vehicle technology" should the need arise.  (Dkt. 2062-9.)  Although the Court ruled on October 26 that Waymo may only rely on Mr. Banazadeh as a rebuttal witness if Uber relies on his testimony first, that ruling was before the Court issued its order excluding Wagner and Waymo respectfully requests reconsideration of that order now.

## II.  ARGUMENT

The Court should grant Waymo's motion because Waymo has shown good cause.  The fact that Waymo may need to introduce testimony and evidence through fact witnesses is the logical result of the Court's Order excluding Wagner.  And Waymo's request is a modest one:  Waymo is only seeking to add three witnesses, all of whom are known to Uber.  It would be unfair for the Court to exclude Wagner, prohibit Wagner from amending his report, and then *also* deny Waymo's reasonable request to add three fact witnesses that it needs to support its damages case.

There is also no prejudice to Uber.  Of the three witnesses Waymo seeks to add, only one is a Waymo witness; the other two are Uber witnesses.  Mr. Banazedeh, the lone Waymo witness, is well-known to Uber:  Mr. Banazedeh was Waymo's 30(b)(6) witness on Waymo's cost to develop the asserted trade secrets, and Uber spent a full day deposing him in both his 30(b)(6) and personal capacity during fact discovery.  Mr. Adarkar is Head of Strategic Finance at Uber, and Uber's acting CFO.  He is an Uber witness and therefore Uber has access to him and his knowledge throughout the case.  Waymo also deposed Mr. Adarkar during fact discovery, meaning that Uber has been on notice that his testimony is relevant since Waymo requested his deposition in August.  Finally, Mr. Wagner cited to and relied on Mr. Adarkar's deposition

1  testimony in his opening report, so Uber has also been aware that Waymo would rely on Mr.

2  Adarkar's testimony to support its damages case since at least August 24.

3      Waymo also seeks leave to add an Uber Custodian of Records to its trial witness list, and

4  to depose Uber's Custodian of Records for a half day in advance of trial.  As Waymo has

5  explained to Uber, Waymo seeks leave to add this witness so it can efficiently authenticate and lay

6  a foundation for documents that the jury can use to evaluate damages resulting from Defendants'

7  misappropriation.  This is an accepted and allowable approach.  *Mc Asset Recovery, LLC v. Castex*

8  *Energy, Inc*., No. 4:07-CV-076-Y, 2013 WL 12171724, at *2 (N.D. Tex. Jan. 7, 2013) (granting a

9  trial subpoena to a records custodian since "one of the primary purposes behind the subpoena is to

10  procure a records custodian to authenticate certain documents for introduction at trial.");

11  *Commodity Futures Trading Comm'n v. Amerman*, No. 1:07-CV-2280-HTW, 2011 WL 13121207,

12  at *1 (N.D. Ga. Oct. 7, 2011) ("[T]he Court hereby orders Defendant Amerman to identify and

13  authenticate the corporate records of DVG he has already produced, as a custodian of DVG, to the

14  Plaintiff in this case.").  Waymo has already provided a preliminary list of the Uber-produced

15  documents that it would ask Uber's Custodian of Records to authenticate.

16  **III.     CONCLUSION**

17      For the foregoing reasons, the Court should allow Waymo to file a motion for leave to add

18  three additional witnesses to its trial exhibit list, and a motion to depose Uber's Custodian of

19  Records for a half day in advance of trial.

20

21  DATED:  November 26, 2017         QUINN EMANUEL URQUHART & SULLIVAN,
                                      LLP
22

23                          By */s/ Charles K. Verhoeven*
                                      _____
                                      Charles K. Verhoeven
24                                    Attorneys for WAYMO LLC

25

26

27

28