# EXHIBIT A

| | |
|---|---|
| 1 | MICHAEL A. JACOBS (CA SBN 111664) |
|   | MJacobs@mofo.com |
| 2 | ARTURO J. GONZÁLEZ (CA SBN 121490) |
|   | AGonzalez@mofo.com |
| 3 | ERIC A. TATE (CA SBN 178719) |
|   | ETate@mofo.com |
| 4 | MORRISON & FOERSTER LLP |
|   | 425 Market Street |
| 5 | San Francisco, California 94105-2482 |
|   | Telephone: 415.268.7000 |
| 6 | Facsimile: 415.268.7522 |

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | Case No.   3:17-cv-00939-WHA |
| Plaintiff, | **UBER TECHNOLOGIES, INC., OTTOMOTTO LLC, AND OTTO TRUCKING LLC'S INITIAL DISCLOSURES** |
| v. | |
| UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, | [Fed. R. Civ. P. 26(a)(1)] |
| Defendants. | Judge:  Honorable William H. Alsup |
| | Complaint Filed: February 23, 2017 |
| | First Am. Compl. Filed: March 10, 2017 |
| | Trial Date: October 2, 2017 |

**PRELIMINARY STATEMENT**

Defendants Uber Technologies, Inc. ("Uber"), Ottomotto LLC ("Ottomotto"), and Otto Trucking LLC hereby make the Initial Disclosures mandated by Fed. R. Civ. P. 26(a)(1) based on information that is reasonably available to Defendants at present.

Defendants' investigation is ongoing, and Defendants accordingly reserve the right to present witnesses, documents, and evidence in addition to the information that is disclosed and identified herein. Defendants recognize their continuing obligation under Fed. R. Civ. P. 26(e)(1) to supplement these Initial Disclosures at appropriate intervals, and will do so in a timely manner as Defendants become aware of and/or receive additional relevant information during the course of discovery in this case.

The categories of documents identified in these Initial Disclosures may include documents protected by the attorney-client privilege, the work product doctrine, and/or other applicable legal privileges and protections. Similarly, prospective witnesses who are identified in these Initial Disclosures may possess information or knowledge protected by these or other privileges and protections. By identifying documents and listing prospective witnesses, Defendants do not waive the right to assert any applicable privilege or protection at an appropriate time.

**A.    WITNESSES [Fed. R. Civ. P. 26(a)(1)(A)]**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A) and subject to and incorporating its Preliminary Statement, Defendants identify the below-listed individuals as persons who may have discoverable information that Defendants may use to support its defenses in this case. Plaintiff should contact any current or former employee, agent, or other representative of Defendants only through Defendants; counsel of record, unless otherwise specified.

| Persons | Address | Knowledge |
|---|---|---|
| Jeff Holden | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Defendants' businesses; Defendants' autonomous vehicle program. |

| Persons | Address | Knowledge |
|---|---|---|
| Anthony Levandowski | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Nature of employment at Google and Defendants; design and development of Defendants' LiDAR; Defendants' autonomous vehicle program; Defendants' non-misappropriation of Waymo's trade secrets; the inventions disclosed and claimed in the '922 and '464 patents, including conception and reduction to practice; the preparation and filing of the '922 and '464 patents; business of Otto Trucking LLC. |
| Radu Raduta | Contact Mr. Raduta's counsel:<br><br>Mary McNamara<br>Swanson & McNamara LLP<br>300 Montgomery Street, Suite 1100<br>San Francisco, CA 94104<br>Phone:  (415) 477-3800<br>Fax:  (415) 477-9010<br>Email:  mary@smllp.law | Nature of employment at Google and Defendants; and Defendants' non-misappropriation of Waymo's trade secrets. |
| Sameer Kshirsagar | Contact Mr. Kshirsagar's counsel:<br><br>Mark Punzalan<br>Punzalan Law, P.C.<br>600 Allerton Street, Suite 201<br>Redwood City, CA 94063<br>Phone:  (650) 481-8112<br>Fax:  650.362.4151<br>Email:  markp@punzalanlaw.com | Nature of employment at Google and Defendants; and Defendants' non-misappropriation of Waymo's trade secrets. |
| James Haslim | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Design and development of Defendants' LiDAR; and Defendants' non-misappropriation of Waymo's trade secrets. |
| Scott Boehmke | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>Advanced Technologies Center<br>100 32nd St, Pittsburgh, PA 15201 | Design and development of Defendants' LiDAR; and Defendants' non-misappropriation of Waymo's trade secrets. |

| Persons | Address | Knowledge |
|---|---|---|
| Eric Meyhofer | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>Advanced Technologies Center<br>100 32nd St, Pittsburgh, PA 15201 | Design and development of Defendants' LiDAR; and Defendants' non-misappropriation of Waymo's trade secrets. |
| Lior Ron | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Nature of employment at Google and Defendants; Defendants' non-misappropriation of Waymo's trade secrets; business of Otto Trucking LLC. |
| Rhian Morgan | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | Hiring and onboarding process for Ottomotto, including hiring agreements. |
| Kevin Faulkner | Stroz Friedberg<br>32 Avenue of the Americas, Floor 4<br>New York, NY 10013<br>(212) 903-2847 | Forensic examination of Uber-issued devices and data. |
| Dorel Ionut Iordache | Waymo LLC<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | The inventions disclosed and claimed in the '273 patent, including conception and reduction to practice; the preparation and filing of the '273 patent; and the design and development of Waymo's LiDAR and purported trade secrets. |
| Samuel William Lenius | Waymo LLC<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | The inventions disclosed and claimed in the '936 patent, including conception and reduction to practice; the preparation and filing of the '936 patent; and the design and development of Waymo's LiDAR and purported trade secrets. |

| Persons | Address | Knowledge |
|---|---|---|
| Zachary Morriss | Waymo LLC<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | The inventions disclosed and claimed in the '922, '273, and '464 patents, including conception and reduction to practice; the preparation and filing of the '922, '273, and '464 patents; and the design and development of Waymo's LiDAR and purported trade secrets. |
| Drew Eugene Ulrich | Waymo LLC<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | The inventions disclosed and claimed in the '922 and '464 patents, including conception and reduction to practice; the preparation and filing of the '922 and '464 patents; and the design and development of Waymo's LiDAR and purported trade secrets. |
| John Krafcik | Waymo LLC<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | Waymo's autonomous vehicle program; Waymo's business plans |
| Larry Page | Alphabet Inc.<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | Development of Waymo's autonomous vehicle program; departure of Anthony Levandowski from Google |
| Sergey Brin | Alphabet Inc.<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | Development of Waymo's autonomous vehicle program; departure of Anthony Levandowski from Waymo |
| Eric Schmidt | Alphabet Inc.<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | Development of Waymo's autonomous vehicle program; departure of Anthony Levandowski from Waymo |
| Sebastian Thrun | Udacity<br>2465 Latham Street<br>Mountain View, CA 94040 | Development of Waymo's autonomous vehicle program |
| David Drummond | Alphabet Inc.<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | Waymo's knowledge of Defendants' autonomous vehicle program |
| Chris Urmson | [redacted] | Development of Google's autonomous vehicle program; departure of Anthony Levandowski from Google |

| Persons | Address | Knowledge |
|---|---|---|
| Brian Salesky | Argo AI<br>40 24th Street<br>Pittsburgh, PA 14222 | Development of Google's autonomous vehicle program; departure of Anthony Levandowski from Google |
| Pierre-Yves Droz | Waymo LLC<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | The inventions disclosed and claimed in the '922, '464, '273 and '936 patents, including conception and reduction to practice; the preparation and filing of the '922, '464, '273 and '936 patents; and the design and development of Waymo's LiDAR and purported trade secrets. |
| Daniel Chu | Waymo LLC<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | Estimates and forecasts of ride-sharing market and Waymo's share of ride-sharing market; Waymo's business, strategic, or other plans for ride-sharing market, including projections for revenue generation and profitability. |
| Gary Brown | Waymo LLC<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | Waymo's first awareness of alleged trade secret misappropriation |
| William Grossman | Waymo LLC<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | Waymo's knowledge of Defendants' LiDAR design; employee policies concerning confidential and trade secret information |
| Ron Medford | Waymo LLC<br>1600 Amphitheatre Pkwy<br>Mountain View, CA | Waymo's filings, submissions, applications, or certifications made to public entities pertaining to the use of lasers in autonomous vehicles. |

Defendants believe that Waymo's current and former employees and consultants are likely to have knowledge of: (1) the design and development of Waymo's LiDAR and purported trade secrets; (2) the '922, '464, '273, and '936 patents ("the Asserted Patents"); and (3) Waymo's analyses or plans concerning the ride-sharing market, including projections for revenue

generation and profitability.  The identities of such individuals are known to Waymo but not to Defendants as of the date of this disclosure.  Defendants reserve the right to supplement this list as additional facts are disclosed in discovery.

In addition, Defendants identify the following persons who may have knowledge of facts relevant to this suit:

1. Any custodian of records or other person who may be required to establish authenticity of documents;
2. Any and all persons identified by Waymo in its initial disclosures; and
3. Any and all persons whose depositions are taken or who provide written testimony in this action.

Additionally, Defendants have retained and intend to retain expert witnesses to testify on its defenses, including non-misappropriation of Waymo's trade secrets, non-infringement, invalidity, and lack of damages.

**B.  DOCUMENTS [Fed. R. Civ. P. 26(a)(1)(B)]**

Pursuant to Fed. R. Civ. P. 26(a)(1)(B), and subject to and incorporating its Preliminary Statement, Defendants identify the following categories of documents, electronically stored information, and tangible things in its possession, custody, or control that it may use to support its claims and defenses, unless solely for impeachment:

- Documents concerning Defendants' autonomous vehicle program;
- Documents concerning Defendants' design and development of LiDAR;
- Documents concerning Defendants' efforts to commercialize autonomous vehicle technology;
- Drawings or photographs of Defendants' LiDAR;
- Documents concerning Defendants' hiring process, including hiring agreements;
- The Asserted Patents, their prosecution histories, and prior art to the Asserted Patents;
- Documents in the public domain relating to Waymo's purported trade secrets;
- Documents concerning third-party suppliers of LiDAR components; and

- Waymo's filings, submissions, applications, or certifications made to public entities pertaining to the use of lasers in autonomous vehicles.

To the extent the above-identified documents are within the possession, custody, or control of Defendants, such documents are generally located at Defendants' offices at 1455 Market Street, Floor 4, San Francisco, CA 94103.

Defendants' search for documents is ongoing, and Defendants reserve the right to supplement this disclosure under Federal Rule of Civil Procedure 26(e).  Additionally, pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), Defendants may use any documents produced by any party in this litigation.

Defendants reserve the right to object to the production of any documents described herein on any basis permitted by the Federal Rules of Civil Procedure.

**C.   DAMAGES [Fed. R. Civ. P. 26(a)(1)(C)]**

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), Defendants may seek attorneys' fees and costs in defending this action, but are unable at this time to estimate the amount.

**D.   INSURANCE [Fed. R. Civ. P. 26(a)(1)(D)]**

Pursuant to Fed. R. Civ. P. 26(a)(1)(D), Defendants are currently unaware of any insurance contracts applicable to any claim in this action.

**CERTIFICATION**

To the best of my knowledge, information and belief, formed after an inquiry that is reasonable under the circumstances, this disclosure is complete and correct as of the date set forth below.

Dated: April 3, 2017                           MORRISON & FOERSTER LLP

By: /s/ Arturo J. González
     ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
OTTOMOTTO LLC, and OTTO TRUCKING LLC