# EXHIBIT 8

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   David Perlson (Cal. Bar No. 209502)
3  davidperlson@quinnemanuel.com
   Melissa J. Baily (Cal. Bar No. 237649)
4  melissabaily@quinnemanuel.com
   John Neukom (Cal. Bar No. 275887)
5  johnneukom@quinnemanuel.com
   Jordan R. Jaffe (Cal. Bar No. 254886)
6  jordanjaffe@quinnemanuel.com
   50 California Street, 22nd Floor
7  San Francisco, California  94111-4788
   (415) 875-6600
8  (415) 875-6700 facsimile

9  Attorneys for Plaintiff WAYMO LLC

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC | Case No. 17-cv-00939-JCS |
| Plaintiffs, | **PLAINTIFF'S OBJECTIONS AND RESPONSES TO UBER'S FIRST SET OF INTERROGATORIES (NOS. 1-11)** |
| v. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

1  Access Control ("NAC") procedures, Access Control Lists ("ACLs"), and restricted access
2  privileges.  Janosko Decl. ¶¶ 13-16.

3        Google employs a variety of security mechanisms to prevent network intruders or attackers
4  who may compromise Waymo's trade secret information.  Google also secures employees'
5  devices and credentials against attacks through monitoring and logging practices, as well as
6  regular security updates.  *Id*. ¶¶ 7-12, 20.

7        Google secures its production infrastructure in progressive layers starting from the physical
8  security of data centers, continuing on to the security of the hardware and software that underlie
9  the infrastructure, and finally, the technical constraints and processes in place to support
10 operational security.  Google employees many hundreds of engineers dedicated to security and
11 privacy distributed across all of Google, including many who are recognized industry authorities.
12 These engineers work to protect Google's production servers from malware utilizing tools such as
13 binary verification.  Google also has an incident management process for security events that may
14 affect the confidentiality, integrity, or availability of systems or data *Id*. ¶¶ 17-21.

15       Discovery is ongoing and Waymo reserves the right to supplement this response after
16 further discovery and investigation.

17

18 **INTERROGATORY NO. 8:**

19       Separately for each alleged Waymo trade secret identified in response to Interrogatory No.
20 1, describe all instances in which the trade secret (or any Waymo LiDAR device utilizing the trade
21 secret) was publicly or otherwise disclosed to third parties, and identify all Documents (by Bates
22 number) Concerning such disclosure.

23

24 **RESPONSE TO INTERROGATORY NO. 8:**

25       Waymo incorporates by reference its General Objections.  Waymo further objects to this
26 interrogatory on the grounds that it is overbroad, unduly burdensome, and oppressive, including to
27 the extent that it asks Waymo to respond separately for each alleged Waymo trade secret.  Waymo
28 further objects to this request to the extent it is compound, complex, and contains multiple

1  subparts. Waymo further objects to this interrogatory to the extent it seeks information subject to

2  a non-disclosure agreement or claim of third-party confidentiality.

3  Subject to and without waiving the foregoing General and Specific Objections, Waymo

4  responds as follows:

5  Waymo is not aware of any instances in which the trade secrets identified in Response to

6  Interrogatory No. 1 or any Waymo LiDAR device utilizing the trade secrets was publicly or

7  otherwise disclosed to third parties.

8  Discovery is ongoing and Waymo reserves the right to supplement this response after

9  further discovery and investigation.

10

11  **INTERROGATORY NO. 9:**

12  Separately for each alleged Waymo trade secret identified in response to Interrogatory No.

13  1, state why you contend it is not generally known in light of the public disclosures referenced in

14  the Declarations of Paul McManamon and Michael Lebby submitted in this case.

15

16  **RESPONSE TO INTERROGATORY NO. 9:**

17  Waymo incorporates by reference its General Objections. Waymo further objects to this

18  interrogatory on the grounds that it is overbroad, unduly burdensome, and oppressive, including to

19  the extent that it asks Waymo to respond separately for each alleged Waymo trade secret. Waymo

20  further objects to this request to the extent it is compound, complex, and contains multiple

21  subparts. Waymo further objects to this interrogatory as premature to the extent it calls for

22  information that is subject to expert testimony. Waymo will provide expert testimony in

23  accordance with the Court's procedural schedule.

24  Subject to and without waiving the foregoing General and Specific Objections, Waymo

25  responds as follows:

26  The following paragraphs address the specific portions of the public disclosures referenced

27  in the Declarations of Paul McManamon and Michael Lebby submitted in this case. To the extent

28

- Trade Secret No. 104: SVN schematic repository folders ▬▬▬▬▬▬ ▬▬▬▬▬▬
- Trade Secret No. 105: SVN schematic repository folder ▬▬▬▬▬
- Trade Secret No. 106: SVN schematic repository folders ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬
- Trade Secret No. 107: SVN schematic repository folder ▬▬▬▬▬
- Trade Secret No. 108: SVN schematic repository folder ▬▬▬
- Trade Secret No. 109: SVN schematic repository.

**INTERROGATORY NO. 11:**

For the past five years, identify every Waymo executive (with a title of Senior Vice President or Executive Vice President or above) who has had a separate Side Business during any part of the time that he or she has worked at Waymo.

**RESPONSE TO INTERROGATORY NO. 11:**

Waymo incorporates by reference its General Objections. Waymo further objects to this interrogatory on the grounds that it seeks information that is not relevant to the parties' claims and defenses nor proportional to the needs of the case.

DATED: June 16, 2017        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for WAYMO LLC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

<u>VERIFICATION</u>

I, Pierre-Yves Droz, declare:

I am a Principal Hardware Engineer at Waymo LLC ("Waymo"). I am authorized to execute this verification on behalf of Waymo. I have read the foregoing Plaintiff's Objections and Responses to Uber's First Set of Interrogatories (Nos. 1-11), excluding information designated by another party under the Protective Order that I am not authorized to see. For the relevant portion of the responses that I have reviewed, I have personal knowledge of some, but not all, of the facts stated therein. The Responses contain information based on the composite knowledge of Waymo based on a reasonable investigation, and I hereby acknowledge that, based on my personal knowledge, Waymo's knowledge, and Waymo's counsel's knowledge, the facts stated in the Responses are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12 day of July, 2017, at Diemoz, France.

_____
Pierre-Yves Droz