BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Non-party
Richard Jacobs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., <br><br> Defendant. | Case No. 17-cv-0939-WHA <br><br> **NON-PARTY RICHARD JACOBS' MOTION TO DESIGNATE MAY 5, 2017, HALUNEN LAW LETTER AS CONFIDENTIAL PURSUANT TO STIPULATED PROTECTIVE ORDER** |

## INTRODUCTION

Non-Party Richard Jacobs hereby moves to designate an unredacted version of the May 5, 2017 letter from Clayton Halunen to Uber (hereinafter the "Halunen Letter") as "CONFIDENTIAL," pursuant to the operative protective order in this action.  This motion is in response to the Court's directive that Mr. Jacobs submit, by 5:00 pm this evening, his objections to the Court's proposal to publicly disclose the Halunen Letter, which was a demand letter sent by Mr. Jacobs' employment lawyer in the context of an employment dispute between Uber and Mr. Jacobs.  Producing the unredacted Halunen Letter with a "CONFIDENTIAL" designation fairly strikes the balance between protecting the various privacy, safety, and reputational interests at stake and allowing the parties ample room to investigate relevant allegations and facts in the letter, and ultimately publicly disclosing those relevant facts when appropriate.

Alternatively, given the short amount of time counsel was given for this submission, and the specific balancing the Court must do when determining whether specific information ought to be protected from public disclosure, counsel respectfully requests that if the Court is not inclined to grant Mr. Jacobs' request at this time to designate the entire letter as CONFIDENTIAL, that counsel be provided an opportunity to fully brief and be heard on the matter before any portions the Halunen Letter are publicly disclosed.

To be clear, Mr. Jacobs has no objection to Waymo receiving an unredacted version of the Halunen Letter with the "CONFIDENTIAL" designation, and Mr. Jacobs has no objection to the letter being used by counsel for the parties for the purposes authorized under Rule 408.

## ARGUMENT

While the public is generally permitted "access to litigation documents and information produced during discovery," the Court may, under Federal Rule of Civil Procedure 26, "for good cause," issue an order protecting a party or person from "annoyance, embarrassment, oppression, or undue burden or expense."  *In re Roman Catholic Archbishop of Portland in Oregon,* 661 F.3d 417, 424 (9th Cir. 2011).  If the party seeking protection makes specific allegations of harm, and the court

concludes that the harm outweighs the public or private interests in disclosure, then the information should be protected. *Id*.

The "CONFIDENTIAL" designation is appropriate here because specific harm will result from disclosure of the allegations in the Halunen Letter. The specific harms are set forth below to justify designation of the entire letter as CONFIDENTIAL under the protective order. If the Court is inclined to publicly disclose the Halunen Letter without providing counsel an opportunity to fully brief the matter, Mr. Jacobs requests that the redactions made by Uber remain redacted, and that certain additional information be redacted.[1] The specific grounds for the CONDIFENTIAL designation and for each requested redaction are set forth below

    1) <u>Safety and Security</u>. The Halunen Letter contains information about the conduct of Uber employees and vendors in a number of foreign countries – including Russia, China, Turkey, and other countries – that, if disclosed, would create serious safety risks for Uber employees who remain in those countries. Many of the countries in which Uber employees work have legal and security regimes that place those Uber employees at an increased risk of harm, including harassment and actual violence. Even if specific employees are not named in the letter, the simple reference to the alleged conduct in those countries could subject current and former Uber employees to serious risk of violence and harassment. Redactions 1-6, 8, 10-17, 20-27, 29-32, and 34 are supported by this specific harm;

    2) <u>Third Party Privacy and Reputation</u>. The Halunen Letter contains *allegations* about individuals and entities that have yet to be fully investigated or proven, and premature disclosure of those allegations would needlessly jeopardize the privacy and reputational interests of those individuals. *See, e.g.,* 11 U.S.C. § 107 (protective order may be issued to protect a person from "scandalous" matter). Redactions 3, 7-9, 13-14, 17-21, 24-26, 28-32, and 34 are supported by this specific harm;

---

[1] Mr. Jacobs' proposed redactions, numbered sequentially, are attached as Exhibit A to the Declaration of Martha Boersch In Support of Motion For Administrative Relief to File Under Seal, filed herewith. Exhibit A is conditionally filed under seal.

2   MOTION TO DESIGNATE HALUNEN
LAW LETTER AS CONFIDENTIAL PURSUANT
TO STIPULATED PROTECTIVE ORDER
Case No. 17-cv-0939-WHA

3) <u>Obstruction of Law Enforcement Investigations</u>. There are ongoing investigations by state and federal authorities of some or all of the allegations in the letter. Disclosure of the allegations in the Halunen Letter runs the risk of facilitating obstruction of those investigations by informing the public and others of the specific allegations, and enabling evidence to be altered, destroyed or manipulated. Furthermore, disclosure of the specific allegations made in confidence by Mr. Jacobs, and thereby subjecting him to unwanted notoriety and harassment, will chill or at least discourage cooperation by potential witnesses. If witnesses believe that information provided in confidence to report potentially illegal activity will be made public without any prior notice to or the consent or knowledge of the witness, very few witnesses will come forward. All redactions containing specific allegations of unlawful conduct are supported by this specific harm;

4) <u>Jacobs' Personal Privacy</u>. The Halunen Letter contains personal information about Mr. Jacobs' background and employment dispute, disclosure of which invades his personal right to privacy in such a manner that is not outweighed by the public's interest in understanding the dispute between Uber and Waymo (much less related to the dispute among the parties here). As Mr. Jacobs testified today, Mr. Jacobs brought his allegations forward to Uber in hopes that Uber would correct what Mr. Jacobs perceived as inappropriate behavior. Publishing an otherwise confidential letter, particularly in such a widely publicized case, punishes Mr. Jacobs' efforts to correct perceived company wrongs. Redactions 1, 2, and 37 are supported by this specific harm; and

5) <u>Federal Rule of Evidence 408</u>. The letter was written by Mr. Jacobs' employment attorney in the context of settlement negotiations with Uber, and Mr. Jacobs expected the letter to remain confidential and protected by Federal Rule of Evidence 408. The confidentiality of the Halunen Letter has been important from Mr. Jacobs' perspective from the start because he was concerned that disclosure of his allegations could jeopardize the privacy, reputation, and security of named and unnamed Uber employees. All

redactions containing specific allegations of unlawful or unethical conduct are supported by the specific harm.

## CONCLUSION

Non-party Mr. Jacobs requests that the unredacted Halunen Letter be designated CONFIDENTIAL pursuant to the operative protective order. If the Court is not inclined to grant Mr. Jacobs request, Mr. Jacobs asks that the Court allow briefing and argument and, before anything is publicly disclosed, that Mr. Jacobs and his attorneys be given sufficient notice to determine whether any order requiring disclosure should be appealed.

Dated: November 28, 2017

BOERSCH SHAPIRO LLP

*/s/ Martha Boersch*
MARTHA BOERSCH
Attorney for Richard Jacobs