BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Non-party
Richard Jacobs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | Case No. 17-cv-0939-WHA |
| Plaintiff, | |
| v. | **NON-PARTY RICHARD JACOBS' MOTION FOR ADMINISTRATIVE RELIEF TO FILE CORRESPONDENCE UNDER SEAL** |
| UBER TECHNOLOGIES, INC., | |
| Defendant. | |

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Non-party Richard Jacobs respectfully submits this Motion for Administrative Relief to File Correspondence Under Seal.  Mr. Jacobs requests to file under seal unredacted and redacted versions of the May 5, 2017 letter from Clayton Halunen to Uber (hereinafter the "Halunen Letter"), and attached to the Declaration of Martha Boersch as Exhibits A and B respectively.

A document or portions thereof may be filed under seal if "privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civ. L. R. 79-5(b).  Good cause exists to seal for the following reasons:

1) <u>Safety and Security</u>.  The Halunen Letter contains information about the conduct of Uber employees and vendors in a number of foreign countries – including Russia, China, Turkey, and other countries – that, if disclosed, would create serious safety risks for Uber employees who remain in those countries.  Many of the countries in which Uber employees work have legal and security regimes that place those Uber employees at an increased risk of harm, including harassment and actual violence.  Even if specific employees are not named in the letter, the simple reference to the alleged conduct in those countries could subject current and former Uber employees to serious risk of violence and harassment;

2) <u>Third Party Privacy and Reputation</u>.  The Halunen Letter contains *allegations* about individuals and entities that have yet to be fully investigated or proven, and premature disclosure of those allegations would needlessly jeopardize the privacy and reputational interests of those individuals.  *See, e.g.,* 11 U.S.C. § 107 (protective order may be issued to protect a person from "scandalous" matter);

3) <u>Obstruction of Law Enforcement Investigations</u>. There are ongoing investigations by state and federal authorities of some or all of the allegations in the letter.  Disclosure of the allegations in the Halunen Letter runs the risk of facilitating obstruction of those investigations by informing the public and others of the specific allegations, and enabling evidence to be altered, destroyed or manipulated.  Furthermore, disclosure of the specific allegations made in confidence by Mr. Jacobs, and thereby subjecting him to unwanted

MOTION TO FILE UNDER SEAL
Case No. 17-cv-0939-WHA

notoriety and harassment, will chill or at least discourage cooperation by potential witnesses.  If witnesses believe that information provided in confidence to report potentially illegal activity will be made public without any prior notice to or the consent or knowledge of the witness, very few witnesses will come forward;

4) <u>Jacobs' Personal Privacy</u>.  The Halunen Letter contains personal information about Mr. Jacobs' background and employment dispute, disclosure of which invades his personal right to privacy in such a manner that is not outweighed by the public's interest in understanding the dispute between Uber and Waymo (much less related to the dispute among the parties here).  As Mr. Jacobs testified today, Mr. Jacobs brought his allegations forward to Uber in hopes that Uber would correct what Mr. Jacobs perceived as inappropriate behavior.  Publishing an otherwise confidential letter, particularly in such a widely publicized case, punishes Mr. Jacobs' efforts to correct perceived company wrongs; and

5) <u>Federal Rule of Evidence 408</u>.  The letter was written by Mr. Jacobs' employment attorney in the context of settlement negotiations with Uber, and Mr. Jacobs expected the letter to remain confidential and protected by Federal Rule of Evidence 408.  The confidentiality of the Halunen Letter has been important from Mr. Jacobs' perspective from the start because he was concerned that disclosure of his allegations could jeopardize the privacy, reputation, and security of named and unnamed Uber employees.

For the foregoing reasons, Mr. Jacobs requests that the Court grant his Administrative Motion to Seal.

Dated: November 28, 2017                              BOERSCH SHAPIRO LLP


                                                      */s/ Martha Boersch*
                                                      MARTHA BOERSCH
                                                      Attorney for Richard Jacobs

MOTION TO FILE UNDER SEAL
                                                      Case No. 17-cv-0939-WHA