IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

  v.

UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; and OTTO TRUCKING LLC,

    Defendants.

No. C 17-00939 WHA

**CASE MANAGEMENT ORDER AFTER EVIDENTIARY HEARING**

As stated on the record during this week's evidentiary hearing, plaintiff Waymo LLC's request to continue the trial date is **GRANTED**. The final pretrial conference is continued to **JANUARY 30, 2018, AT 8:00 A.M.** Jury selection will begin on **JANUARY 31 AT 7:30 A.M.** Trial will start on **FEBRUARY 5 AT 7:30 A.M.**

Waymo is also granted supplemental discovery to get to the bottom of new evidence that has come to light as a result of the letter dated November 22, 2017, from the Office of the United States Attorney. As before, discovery disputes must be brought to the special master before they are brought to Magistrate Judge Jacqueline Corley. Supplemental discovery may extend to any new subject matter previously unknown to Waymo's counsel that has arisen as a result of Richard Jacobs's letter, email, or settlement agreement that were the subject of this week's evidentiary hearing. This includes, without limitation:

- Defendants' use of non-attributable devices, Wickr, and other ephemeral communications;

- Defendants' internal investigation regarding the aforementioned practices, as well as Jacobs's specific allegations regarding the merits of this civil action (including, without limitation, special counsel's report, documents collected, and interviews taken);

- The justification for Jacobs's settlement (including, without limitation, for any compensation to Jacobs's attorney — *e.g.*, hours billed — by subpoena if necessary);

- Defendants' systemic attempts to avoid creating a paper trail and to conceal facts under contrived claims of attorney-client and other privileges;

- Defendants' discovery practices and procedures bearing on their failure to produce Jacobs's letter or email or disclose the information therein earlier in this litigation (including, without limitation, the various explanations to which Attorney Angela Padilla testified this week, the specific search terms used, whether and to what extent hard copies of Jacobs's letter or email existed and were responsive to requests for paper documents, and if so, why they were not produced earlier);

- The accuracy of testimony given by defense witnesses this week, including Attorney Padilla's testimony about Jacobs, and the identities of all defendants' personnel who were aware of Jacobs's letter or email before November 22;

- Defendants' recent decision to discontinue their use of Wickr and other ephemeral communications, and the steps leading to that decision;

- Jacobs's knowledge or information reasonably necessary to test the accuracy of his allegations relevant to this civil action (including, without limitation, allegations regarding the trips to Pittsburgh and other subjects discussed at this week's evidentiary hearing); and

- Surveillance conducted by defendants or at their direction on any counsel or witnesses in this civil action.

Supplemental discovery may also extend to further inquiries specific to relevant issues raised by Jacobs's email or letter even if such inquiries also touch on subject matters previously known to Waymo's counsel.

Waymo may notice depositions and propound written discovery immediately but defendants need not actually produce or appear until Waymo has answered the questions posed by the Court regarding the full extent, if any, of Waymo's use of non-attributable devices, Wickr, or other ephemeral communications; any agreed-upon search terms that should have

picked up Jacobs's letter or email; and any discovery efforts, including document requests, interrogatories, and deposition questions, that should have picked up the information therein.

This order does not alter the ordinary rules of discovery, including the requirement that any supplemental discovery taken be proportional.  This order in no way limits Judge Corley's authority to manage the course of supplemental discovery.

**IT IS SO ORDERED.**

Dated:  December 1, 2017.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3