QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | CASE NO. 3:17-cv-00939 <br><br> **PLAINTIFF WAYMO LLC'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. 2237)** <br><br> Trial Date: February 5, 2018 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date and time to be scheduled by the Court, before the Honorable Jacqueline Scott Corley, U.S. Magistrate Judge, Plaintiff Waymo LLC ("Waymo") will and hereby does move the Court for reconsideration of limited parts of the Order Granting in Part and Denying in Part Administrative Motion to File Under Seal (Dkt. 2237). Specifically, Waymo seeks an order:

1. Sealing portions of Plaintiff's Responses and Objections to Ten Interrogatories Elected Pursuant to Order Granting in Part Motion to Compel Interrogatory Responses, Dkt. 1173 (Nos. 26, 28, 29-34, 48-49) (previously filed as Exhibit 1 at Dkt. 1434-6 ) highlighted in green on pages 4-9, 14, 24-28, 32, 34-35, 39-42, and 45-46 of the sealed version filed concurrently herewith as Exhibit A;

2. Sealing portions of the August 18, 2017 30(b)(6) Deposition Transcript of Eric Meyhofer (previously filed as Exhibit 2 at Dkt. 1374-6) marked in red boxes in the sealed version filed concurrently herewith as Exhibit B (specifically, at deposition pages and lines 162:11,14-18; 163:1,4; 164:1; and 167:2-3,11-12);

3. Sealing portions of Uber's compilation of deposition transcripts (previously filed as Exhibit 3 at Dkt. 1374-8) marked in red boxes in the sealed version filed concurrently herewith as Exhibit C (specifically, at the following deposition pages and lines:  4/17 Boehmke at 35:4-5,17; 36:15,19; 40:1; 43:24-25;  8/4 Gruver at 250:1-4,6-9; 251:23-25; 359:6,12-15,24;  5/4 Haslim at 280:24-25;  4/14 Kshirsagar at 34:3; 35:18; 36:1;  6/14 Pennecot at 202:10;  and 8/15 Schwarz at 179:5-7,11-16,23; 182:3,7,17; 183:2-5,12-13,19-22);

4. Sealing portions of the July 26, 2017 Deposition Transcript of Jennifer Haroon (previously filed as Exhibit 3 at Dkt. 1291-6) marked in red boxes in the sealed version filed concurrently herewith as Exhibit D (specifically, at deposition pages and lines 210:13-14, 212:1-12, 212:21-25, 213:1, 213:5-14, 213:21-23, in addition to passages previously granted sealing).

5. Sealing portions of Anthony Levandowski's June 17, 2015 Project Chauffeur Bonus Statement used as Deposition Exhibit 1085 (previously filed as Exhibit 9 at Dkt. 1278-17) marked in red boxes in the sealed version filed concurrently herewith as Exhibit E.

6. Sealing portions of the July 26, 2017 Deposition Transcript of Jennifer Haroon (previously filed as Exhibit 6 at Dkt. 1278-12) marked in red boxes in the sealed version filed concurrently herewith as Exhibit F (specifically, at deposition page and lines 210:13-14, in addition to passages previously granted sealing).

Waymo brings this Motion pursuant to the Stipulation Regarding Public Refiling of Documents Pursuant to Local Rule 79.5 and Order Granting in Part and Denying in Part Administrative Motion to File Under Seal (Dkt. 2287). The Motion is supported by this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying attorney declaration, the pleadings and papers on file in this action, and such arguments and authorities as may be presented to the Court.

Waymo respectfully requests reconsideration of limited parts of the order filed as Dkt. 2237 in the form of an order sealing trade secret information and highly sensitive detailed financial information. Waymo's request is narrow, and encompasses only the specific portions of documents that would explicitly disclose its asserted trade secrets, detailed technical and supplier information related to those trade secrets, and detailed confidential financial information.

## I.   LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II.   WAYMO'S TRADE SECRETS SHOULD REMAIN SEALED

It is clearly established that trade secret information merits sealing. *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets"). Without sealing, Waymo's trade secrets would be destroyed through publication. Accordingly, courts regularly grant sealing of asserted trade secrets, even over objections from defendants. *See, e.g.*, *Fortinet, Inc. v. Sophos, Inc.*, No. 13-cv-5831, 2015 U.S. Dist. LEXIS 151930, at *6-7 (granting sealing motion, noting that "the Court is not in a position to make this judgment at this time").

Accordingly, Waymo's asserted trade secrets should remain sealed. Specifically, the portions of Plaintiff's Responses and Objections to Ten Interrogatories Elected Pursuant to Order Granting in Part Motion to Compel Interrogatory Responses, Dkt. 1173 (Nos. 26, 28, 29-34, 48-

49) (previously filed as Exhibit 1 at Dkt. 1434-6) highlighted in green on pages 4-9, 25-28, 32, 34-35, and 39-42 of the sealed version filed concurrently herewith as Exhibit A, should remain sealed. Though the Court denied sealing of Dkt. 1434-6 "because the parties have failed to sufficiently demonstrate that the exhibit contains confidential information" (Dkt. 2237 at 5), Waymo hereby narrows its sealing request even further and respectfully clarifies that the portions highlighted in the version filed herewith either explicitly disclose Waymo's asserted trade secrets or detailed technical and supplier information from which key aspects of the asserted trade secrets could be inferred. (Corredor Decl. ¶ 3; *see also* Dkt. 1471 ¶ 5.) Public disclosure of these portions could destroy Waymo's asserted trade secrets and amount to an unjustified terminating sanction with respect to this litigation. (*See* Corredor Decl. ¶ 3.)

In addition, the portions of the August 18, 2017 30(b)(6) Deposition Transcript of Eric Meyhofer (previously filed as Exhibit 2 at Dkt. 1374-6) marked in red boxes in the sealed version filed concurrently herewith as Exhibit B (specifically, at deposition pages and lines 162:11,14-18; 163:1,4; 164:1; and 167:2-3,11-12), should remain sealed. Though the Court denied sealing of Dkt. 1374-6 "because Defendants have not sufficiently demonstrated that the highlighted portions contain confidential information" (Dkt. 2237 at 4), Waymo had filed a declaration supporting sealing on the basis of trade secret information. (*See* Dkt. 1417 ¶ 4.) Waymo hereby narrows its sealing request even further and respectfully clarifies that the portions marked in red boxes in the version filed herewith contain detailed technical and supplier information misappropriated by Defendants and from which key aspects of at least Trade Secret Nos. 25 and 90 could be inferred. (Corredor Decl. ¶ 4; *see also* Dkt. 1417 ¶ 4.) Public disclosure of these portions could destroy at least Waymo's Trade Secret Nos. 25 and 90 and amount to an unjustified terminating sanction with respect to those trade secrets. (*See* Corredor Decl. ¶ 4.)

Similarly, the portions of Uber's compilation of deposition transcripts (previously filed as Exhibit 3 at Dkt. 1374-8) marked in red boxes in the sealed version filed concurrently herewith as

Exhibit C[1] should remain sealed.  Though the Court denied sealing of Dkt. 1374-8 "because the highlighted portion does not contain confidential information" (Dkt. 2237 at 5), Waymo hereby narrows its sealing request beyond what it had previously requested (*see* Dkt. 1417 ¶ 4) and respectfully clarifies that the portions marked in red boxes in the version filed herewith contain detailed technical and supplier information misappropriated by Defendants and from which key aspects of at least Trade Secret Nos. 9, 14, 90, and 96 could be inferred.  (Corredor Decl. ¶ 5; *see also* Dkt. 1417 ¶ 4.)  Public disclosure of these portions could destroy at least Waymo's Trade Secret Nos. 9, 14, 90, and 96 and amount to an unjustified terminating sanction with respect to those trade secrets.  (*See* Corredor Decl. ¶ 5.)

### III. WAYMO'S DETAILED CONFIDENTIAL FINANCIAL INFORMATION SHOULD REMAIN SEALED

Confidential business information that, if released, may "harm a litigant's competitive standing" also merits sealing.  *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978).  In particular, disclosure of detailed confidential financial information would result in competitive harm.  *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) (reversing district court's refusal to seal the parties' confidential financial information).

Accordingly, Waymo's detailed confidential financial information should remain sealed.  Specifically, the portions of the July 26, 2017 Deposition Transcript of Jennifer Haroon (previously filed as Exhibit 3 at Dkt. 1291-6) marked in red boxes in the sealed version filed concurrently herewith as Exhibit D (specifically, at deposition pages and lines 210:13-14, 212:1-12, 212:21-25, 213:1, 213:5-14, 213:21-23, in addition to passages previously granted sealing), should remain sealed.  Though the Court granted in part and denied in part sealing of Dkt. 1291-6 (Dkt. 2237 at 3), the Court granted sealing of the same subject matter, including many of the same

---

[1] Specifically, at the following deposition pages and lines:  4/17 Boehmke at 35:4-5,17; 36:15,19; 40:1; 43:24-25;  8/4 Gruver at 250:1-4,6-9; 251:23-25; 359:6,12-15,24;  5/4 Haslim at 280:24-25;  4/14 Kshirsagar at 34:3; 35:18; 36:1;  6/14 Pennecot at 202:10;  and 8/15 Schwarz at 179:5-7,11-16,23; 182:3,7,17; 183:2-5,12-13,19-22.

deposition transcript pages and lines, as part of Dkt. 1278-12 (*see* Dkt. 2237 at 2).  Waymo's narrow sealing request here makes the sealing of Dkt. 1291-6 consistent with Dkt. 1278-12, which was properly granted sealing by the Court given that the portions cited above disclose detailed financial projections, compensation information, and valuation information.  (Corredor Decl. ¶ 6; *see also* Dkt. 1291-1 ¶ 3.)  Public disclosure of such detailed financial information could enable competitors to unfairly tailor their investment efforts based on Waymo's confidential financial valuations of the company as a whole based on confidential competitive analyses, which would cause Waymo significant competitive harm.  (*See* Corredor Decl. ¶ 6.)

In addition, the portions of Plaintiff's Responses and Objections to Ten Interrogatories Elected Pursuant to Order Granting in Part Motion to Compel Interrogatory Responses, Dkt. 1173 (Nos. 26, 28, 29-34, 48-49) (previously filed as Exhibit 1 at Dkt. 1434-6) highlighted in green on pages 14, 24, and 45-46 of the sealed version filed concurrently herewith as Exhibit A, should remain sealed.  Though the Court denied sealing of Dkt. 1434-6 "because the parties have failed to sufficiently demonstrate that the exhibit contains confidential information" (Dkt. 2237 at 5), Waymo hereby narrows its sealing request even further and respectfully clarifies that the portions highlighted in the version filed herewith disclose detailed financial projections, compensation information, and valuation information.  (Corredor Decl. ¶ 3; *see also* Dkt. 1471 ¶ 5.)  Public disclosure of such detailed financial information could enable competitors to unfairly tailor their investment and recruiting efforts based on Waymo's confidential financial projections, compensation of its engineers, and valuations of the company as a whole, which would cause Waymo significant competitive harm.  (*See* Corredor Decl. ¶ 3.)

The portions of Anthony Levandowski's June 17, 2015 Project Chauffeur Bonus Statement used as Deposition Exhibit 1085 (previously filed as Exhibit 9 at Dkt. 1278-17) marked in red boxes in the sealed version filed concurrently herewith as Exhibit E should remain sealed.  The Court denied sealing "as to the date of the bonus" and granted sealing "as to amount of the bonus" based (Dkt. 2237 at 2) likely based on highlighting that was part of the document and unrelated to Waymo's sealing request, which was made for the entire document (*see* Dkt. 1346 ¶¶ 2-3).  Waymo hereby narrows its sealing request consistent with the intent of the Court's order, and

seeks sealing only of the financial compensation details.  (Corredor Decl. ¶ 7; *see also* 1346 ¶ 3.)  Public disclosure of such detailed financial information could enable competitors to unfairly tailor their recruiting efforts based on Waymo's confidential compensation of its engineers, which would cause Waymo significant competitive harm.  (*See* Corredor Decl. ¶ 7.)

Finally, the portions of the July 26, 2017 Deposition Transcript of Jennifer Haroon (previously filed as Exhibit 6 at Dkt. 1278-12) marked in red boxes in the sealed version filed concurrently herewith as Exhibit F (specifically, at deposition page and lines 210:13-14, in addition to passages previously granted sealing) should remain sealed.  Though the Court granted in part and denied in part sealing of Dkt. 1278-12 (Dkt. 2237 at 1), the Court granted sealing of the same subject matter (the identity of competitors used in its confidential valuation analysis) as part of that same document.  Waymo's narrow sealing request here makes the sealing of Dkt. 1278-12 internally consistent in order to protect Waymo's detailed financial and valuation information, including the identity of competitors used in its confidential valuation analysis.  (Corredor Decl. ¶ 8; *see also* Dkt. 1291-1 ¶ 3.)  Public disclosure of such detailed financial information could enable competitors to unfairly tailor their investment efforts based on Waymo's confidential financial valuations of the company as a whole based on confidential competitive analyses, which would cause Waymo significant competitive harm.  (*See* Corredor Decl. ¶ 8.)

## IV.   CONCLUSION

For the foregoing reasons, the Court should reconsider sealing the limited portions of Dkt. 2237 discussed above and grant sealing of Waymo's trade secrets and confidential financial information.

DATED:  December 1, 2017               QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for WAYMO LLC