QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | CASE NO. 3:17-cv-00939-WHA <br><br> **DECLARATION OF FELIPE CORREDOR IN SUPPORT OF PLAINTIFF WAYMO LLC'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. 2237)** |

the

I, Felipe Corredor, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Plaintiff Waymo LLC's Motion for Reconsideration of Order Granting in Part and Denying in Part Administrative Motion to File Under Seal (Dkt. 2237) ("Motion for Reconsideration"). The Motion for Reconsideration seeks an order sealing limited portions of exhibits for which the Court denied sealing.

3. The portions of Plaintiff's Responses and Objections to Ten Interrogatories Elected Pursuant to Order Granting in Part Motion to Compel Interrogatory Responses, Dkt. 1173 (Nos. 26, 28, 29-34, 48-49) (previously filed as Exhibit 1 at Dkt. 1434-6 ) highlighted in green on pages 4-9, 25-28, 32, 34-35, and 39-42 of the sealed version filed concurrently herewith as Exhibit A either explicitly disclose Waymo's asserted trade secrets or detailed technical and supplier information from which key aspects of the asserted trade secrets could be inferred. I understand that public disclosure of these portions could destroy Waymo's asserted trade secrets. In addition, the portions highlighted in green on pages 14, 24, and 45-46 of the sealed version filed concurrently herewith as Exhibit A disclose detailed financial projections, compensation information, and valuation information. I understand that public disclosure of such detailed financial information could enable Waymo's competitors to unfairly tailor their investment and recruiting efforts based on Waymo's confidential financial projections, compensation of its engineers, and valuations of the company as a whole, which would cause Waymo significant competitive harm.

4. The portions of the August 18, 2017 30(b)(6) Deposition Transcript of Eric Meyhofer (previously filed as Exhibit 2 at Dkt. 1374-6) marked in red boxes in the sealed version filed concurrently herewith as Exhibit B (specifically, at deposition pages and lines 162:11,14-18; 163:1,4; 164:1; and 167:2-3,11-12) contain detailed technical and supplier information misappropriated by Defendants and from which key aspects of at least Trade Secret Nos. 25 and 90 could be inferred. I

understand that public disclosure of these portions could destroy at least Waymo's Trade Secret Nos. 25 and 90.

5. The portions of Uber's compilation of deposition transcripts (previously filed as Exhibit 3 at Dkt. 1374-8) marked in red boxes in the sealed version filed concurrently herewith as Exhibit C[1] contain detailed technical and supplier information misappropriated by Defendants and from which key aspects of at least Trade Secret Nos. 9, 14, 90, and 96 could be inferred. I understand that public disclosure of these portions could destroy at least Waymo's Trade Secret Nos. 9, 14, 90, and 96.

6. The portions of the July 26, 2017 Deposition Transcript of Jennifer Haroon (previously filed as Exhibit 3 at Dkt. 1291-6) marked in red boxes in the sealed version filed concurrently herewith as Exhibit D (specifically, at deposition pages and lines 210:13-14, 212:1-12, 212:21-25, 213:1, 213:5-14, 213:21-23) disclose detailed financial projections, compensation information, and valuation information. I understand that public disclosure of such detailed financial information could enable competitors to unfairly tailor their investment efforts based on Waymo's confidential financial valuations of the company as a whole based on confidential competitive analyses, which would cause Waymo significant competitive harm.

7. The portions of Anthony Levandowski's June 17, 2015 Project Chauffeur Bonus Statement used as Deposition Exhibit 1085 (previously filed as Exhibit 9 at Dkt. 1278-17) marked in red boxes in the sealed version filed concurrently herewith as Exhibit E contain financial compensation details. I understand that public disclosure of such detailed financial information could enable competitors to unfairly tailor their recruiting efforts based on Waymo's confidential compensation of its engineers, which would cause Waymo significant competitive harm.

---

[1] Specifically, at the following deposition pages and lines:  4/17 Boehmke at 35:4-5,17; 36:15,19; 40:1; 43:24-25;  8/4 Gruver at 250:1-4,6-9; 251:23-25; 359:6,12-15,24;  5/4 Haslim at 280:24-25;  4/14 Kshirsagar at 34:3; 35:18; 36:1;  6/14 Pennecot at 202:10;  and 8/15 Schwarz at 179:5-7,11-16,23; 182:3,7,17; 183:2-5,12-13,19-22.

8.  The portions of the July 26, 2017 Deposition Transcript of Jennifer Haroon (previously filed as Exhibit 6 at Dkt. 1278-12) marked in red boxes in the sealed version filed concurrently herewith as Exhibit F (specifically, at deposition pages and lines 210:13-14) disclose detailed financial and valuation information, including the identity of competitors used in its confidential valuation analysis.  I understand that public disclosure of such detailed financial information could enable competitors to unfairly tailor their investment efforts based on Waymo's confidential financial valuations of the company as a whole based on confidential competitive analyses, which would cause Waymo significant competitive harm.

9.  Waymo's current request to seal is more narrowly tailored than its prior sealing requests with respect to Exhibits A to F.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on December 1, 2017.

By */s/ Felipe Corredor*
Felipe Corredor
Attorneys for WAYMO LLC

### **ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Felipe Corredor.

By: */s/ Charles K. Verhoeven*
Charles K. Verhoeven