# EXHIBIT 2

# FILED UNDER SEAL

# James Judah

| | |
|---|---|
| **From:** | Amy Craig <amy@ramsey-ehrlich.com> |
| **Sent:** | Tuesday, August 22, 2017 4:46 PM |
| **To:** | Melanie.Blunschi@lw.com |
| **Cc:** | James Judah; James Baker; Whitney.Weber@lw.com; Ismail Ramsey; Miles Ehrlich |
| **Subject:** | Re: Waymo/Uber/Stroz - additional Levandowski devices |

Melanie - absent a ruling from the Federal Circuit, all information regarding information and materials provided by or communicated by Mr. Levandowski remains privileged. Stroz is not at liberty to disclose any details regarding its communications with Mr. Levandowski. The information in the below email needs to be clawed back.

Sent from my iPhone

On Aug 22, 2017, at 4:14 PM, "Melanie.Blunschi@lw.com" <Melanie.Blunschi@lw.com> wrote:

> James, Jim, Amy –
> In the course of preparing the diligenced employees' materials for review, we just discovered that Stroz also has a number of devices that were collected from Mr. Levandowski but not imaged or analyzed. Specifically, there are 9 desktops and 18 servers containing approximately 100 hard drives total, which are presumably responsive to Waymo's request for all communications with Mr. Levandowski. We do not know what is on them and never accessed them, but they are sitting in a Stroz storage locker in San Francisco and could be made available. I apologize for the short notice; we learned this in the last hour or so, since our focus had been on the materials that were actually reviewed (or at least imaged/processed) for the due diligence project. Happy to hop on a call with you all to discuss. We assume these materials should also be addressed in Waymo's and Levandowski's briefing to the Court.
>
> Best regards,
> Melanie
>
> ---
>
> **From:** Blunschi, Melanie (SF)
> **Sent:** Tuesday, August 22, 2017 10:16 AM
> **To:** 'James Judah'; James Baker; 'Amy Craig'
> **Cc:** Weber, Whitney (SF)
> **Subject:** FW: Waymo v. Uber - Request for a Meet and Confer re Protocol
>
> Hi all – let me know when we can collectively discuss. I assume the Levandowski deposition and the various filing deadlines Amy referenced may affect your various availabilities today, but I'll try to accommodate whatever works for you all, as we would like to work something out as soon as practicable. Also, if you need us to sign the protective order, please send it on over and we will do so.
>
> Thanks,
> Melanie
>
> **From:** Blunschi, Melanie (SF)
> **Sent:** Tuesday, August 22, 2017 9:16 AM
> **To:** 'Amy Craig'; JCooper@fbm.com
> **Cc:** Weber, Whitney (SF); davidcooper@quinnemanuel.com; UberWaymoMoFoAttorneys@mofo.com;

1

BSF_EXTERNAL_UberWaymoLit@bsfllp.com; DG-GPOttoTruckingWaymo@goodwinlaw.com; MCate@fbm.com; qewaymo@quinnemanuel.com; jpatchen@taylorpatchen.com; Miles Ehrlich; Ismail Ramsey
**Subject:** RE: Waymo v. Uber - Request for a Meet and Confer re Protocol

Thank you, Amy.  We look forward to discussing with everyone on the 9:30 call this morning.  In the meantime, allow me to clarify that my email did not reflect my or Stroz's proposal; rather, after I explained to this group via email and prior meet-and-confer calls what materials were in Stroz's possession, Waymo requested that, if the Federal Circuit affirms, we (1) decrypt, restore, and provide access to the forensic images of the devices and repositories obtained from the diligenced employees and (2) provide access to the master, de-duplicated Relativity database of due diligence materials.  As the only objection came from Miles on behalf of Mr. Levandowski, the Special Master directed us to start restoring the other diligenced employees' devices and repositories and to prepare to make the database available, and we are following his instruction.  Stroz's objective here is to timely comply with the Court's orders while, of course, seeking to minimize burden, since Stroz is a non-party too.  We will comply with whatever direction we receive from the Special Master and/or Court regarding Mr. Levandowski's materials, so if the parties and Mr. Levandowski reach an alternative arrangement that the Special Master and/or Court endorses, we will absolutely proceed accordingly.

The master database includes materials obtained from all five diligenced employees, including Mr. Levandowski, but a filter could be applied to restrict access to his materials.  As noted, videos are not viewable in that database and source code generally is not included.   There are tens of thousands of videos in the various devices and repositories, as well as some source code, although at this point I do not know how much of either came from Mr. Levandowski.  A separate native production of those materials would be necessary if not provided via the forensic images of the devices.  If the parties and Mr. Levandowski settle on that option, I will check with Stroz as to how long it would take to collect and separately produce those materials.

Best regards,
Melanie


**Melanie M. Blunschi**
**LATHAM & WATKINS** LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8129
Fax: +1.415.395.8095
Email: melanie.blunschi@lw.com
http://www.lw.com

---

**From:** Amy Craig [mailto:amy@ramsey-ehrlich.com]
**Sent:** Monday, August 21, 2017 11:45 PM
**To:** Blunschi, Melanie (SF); JCooper@fbm.com
**Cc:** Weber, Whitney (SF); davidcooper@quinnemanuel.com; UberWaymoMoFoAttorneys@mofo.com; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; DG-GPOttoTruckingWaymo@goodwinlaw.com; MCate@fbm.com; qewaymo@quinnemanuel.com; jpatchen@taylorpatchen.com; Miles Ehrlich; Ismail Ramsey
**Subject:** RE: Waymo v. Uber - Request for a Meet and Confer re Protocol

Melanie:

2

Thank you for sending around your proposal, which we understand (and appreciate) is not intended to capture Mr. Levandowski's materials. As an initial matter, however, we want to ensure that the "master" Relativity database Stroz would be making available to Waymo after the Federal Circuit ruling would **not** include any material received from Mr. Levandowski. Given our objections, this database should only include material taken from the other diligenced employees who have agreed to the protocol you have proposed.

So, would you please confirm that Stroz will not include any materials collected from Mr. Levandowski in the Relativity database it is now preparing to make available to Waymo. Thank you.

Special Master Cooper and Counsel:

We initiated a conversation on the morning of August 14, 2017 in the hopes of developing an appropriate and efficient protocol that would provide Waymo with Mr. Levandowski's documents in Stroz's possession (should the Federal Circuit uphold the lower court's decision), while also protecting Mr. Levandowski's privacy and unrelated attorney-client privileges.

In the meet and confer that occurred on the afternoon of August 14th, Miles Ehrlich asked Waymo to provide search terms that would allow us to get a jump-start on screening responsive documents for privacy and separate privilege concerns, so that Stroz could be in a position to produce materials immediately, if necessary. Waymo refused to provide any search terms. Then again, on the meet and confer earlier today, August 21, 2017, Waymo still declined to provide any search terms that would enable us to begin this screening process.

Waymo's position that it should be permitted to rifle through the entire digital life of a non-party is inconsistent with the norms of discovery. Adversaries in civil cases are not permitted unfettered access to fish around in their opponent's computers and other materials – particularly where the opponent is its own competitor in a fiercely competitive industry. Instead, parties are permitted to demand and receive documents that are responsive to search terms that are designed to collect materials that are truly responsive to specific subpoena requests and relevant to the issues presented in the litigation.

Indeed, this is the process that Waymo agreed to follow earlier in this litigation. Waymo provided Uber with a comprehensive list of 14,106 search terms (14,000 file names, 91 terms and/or phrases, and 15 additional search terms) to use to identify documents it believes Mr. Levandowski may have had in his possession.

There is no sound reason why we should not follow that same protocol and use Waymo's own search terms to identify the documents Stroz should prepare for production to Waymo in response to Waymo's subpoena. We can also apply additional search terms culled from Waymo's subpoena to Mr. Levandowski to broadly collect all potentially responsive materials. We would then screen the documents that "hit" on those terms for any remaining privilege or privacy concerns.

To be clear, should the Federal Circuit affirm the district court's holding, we would have no basis to invoke Mr. Levandowski's Fifth Amendment privilege over the Stroz materials (nor any common interest privilege objections). Our screening process would be narrow in scope, intended only to address documents that are protected by a separate attorney-client privilege

or privacy concerns that were not addressed in the litigation now pending before the Federal Circuit.

We are prepared to share with Waymo the complete list of search terms that we believe Stroz should begin running immediately.  Again, these are all of the search terms Waymo asked us to run – 14,106 in total – plus the terms we culled from Waymo's subpoenas to Mr. Levandowski.  We could do that as soon as tomorrow.  If Waymo would like to add additional terms to our list, we can certainly discuss the inclusion of additional terms, provided they are tailored to collecting relevant and responsive materials, rather than a wide-ranging fishing expedition.

On today's call, Waymo raised a concern that it would not be able to adequately review graphic or video files.  To address that concern, we propose providing any responsive video and graphic files in native form so that they can be viewed in full.  Even if a document is not viewable on a Relativity database, the same document can be viewed in its native form as long as the reviewer has the appropriate tool for viewing it. We assume Google's counsel can access the appropriate tools to review any such native files.

Further, to the extent it is necessary for Waymo to understand a document's origins, we are also willing to have Stroz produce all responsive material with its metadata intact.

In sum, if the Federal Circuit affirms the district court's holding, we want Stroz to be in a position to quickly produce the materials Waymo has requested.  We believe the most fair and efficient way to achieve this objective is to apply Waymo's own search terms against the materials in Stroz's database.

In short, we propose a protocol that would:

- use Waymo's own search terms - more than 14,106 in all – to collect materials responsive to Waymo's document requests
- allow Waymo to suggest additional terms designed to collect relevant and responsive materials
- ensure that Waymo receives responsive video and graphic files in a form that is readily reviewable
- provide Waymo with metadata for materials produced
- provide Mr. Levandowski's counsel the opportunity to screen for material protected by privacy and privilege rights, to avoid the inadvertent disclosure of confidential material not relevant to the litigation

As we noted in our April 14 email, we are prepared to immediately get started on this process in order to enable Stroz to make a quick production should the Federal Circuit rule against us.  We are just waiting for Waymo.

Best regards,

Amy

**Amy E. Craig** | Ramsey & Ehrlich LLP | 803 Hearst Avenue | Berkeley, CA 94710 | Tel:  (510) 548-3600 | Fax: (510) 291-3060 | amy@ramsey-ehrlich.com | www.ramsey-ehrlich.com

4

This e-mail message is for the sole use of the intended recipient(s) and contains confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**From:** Melanie.Blunschi@lw.com [mailto:Melanie.Blunschi@lw.com]
**Sent:** Monday, August 21, 2017 3:38 PM
**To:** JCooper@fbm.com; Amy Craig <amy@ramsey-ehrlich.com>; davidcooper@quinnemanuel.com; UberWaymoMoFoAttorneys@mofo.com; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; DG-GPOttoTruckingWaymo@goodwinlaw.com; MCate@fbm.com; qewaymo@quinnemanuel.com; jpatchen@taylorpatchen.com; Miles Ehrlich <miles@ramsey-ehrlich.com>; Ismail Ramsey <izzy@ramsey-ehrlich.com>
**Cc:** Whitney.Weber@lw.com
**Subject:** RE: Waymo v. Uber - Request for a Meet and Confer re Protocol

Dear Special Master Cooper and Counsel,

   Based on the meet-and-confer call today, Stroz will begin work to decrypt and restore the forensic images for all diligenced employees other than Mr. Levandowski.  Given the time sensitivity, if Stroz finishes restoring the non-Levandowski materials before we receive guidance from the Court on any objections or counterproposal Mr. Levandowski's counsel may offer, we will let this group know so that we can convene to consider appropriate next steps.  The forensic images will be viewable through EnCase and, depending on the number of people attending the review and the hours, we can either conduct that review at Stroz's facility in San Francisco or set up work stations in Latham's San Francisco office.  We will also prepare to make the master, de-duplicated Relativity database available to Waymo simultaneously with the forensic images.  Nothing will be produced unless and until the Federal Circuit affirms that a production is required, but, as the Special Master directed, we will begin preparations right away so that we are ready to move quickly in the event of such a ruling.

   So that we can plan for appropriate facilities, we ask that the parties, intervenors, and counsel for the non-intervening diligenced employees (which we understand to be MoFo/Boies) let us know as soon as possible how many people they expect to participate in the review.

Best regards,
Melanie

**Melanie M. Blunschi**
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8129
Fax: +1.415.395.8095
Email: melanie.blunschi@lw.com
http://www.lw.com


**From:** Blunschi, Melanie (SF)
**Sent:** Tuesday, August 15, 2017 9:10 PM
**To:** 'John Cooper'; 'amy@ramsey-ehrlich.com'; 'davidcooper@quinnemanuel.com'; 'UberWaymoMoFoAttorneys@mofo.com'; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com'; 'DG-GPOttoTruckingWaymo@goodwinlaw.com'; 'Matthew Cate'; 'qewaymo@quinnemanuel.com'; 'jpatchen@taylorpatchen.com'; 'miles@ramsey-ehrlich.com'; 'izzy@ramsey-ehrlich.com'
**Cc:** Weber, Whitney (SF)
**Subject:** RE: Waymo v. Uber - Request for a Meet and Confer re Protocol

Dear Special Master Cooper and Counsel,

   We have conferred with the ediscovery and forensic experts at Stroz about the options for making available the original devices and repositories that were provided to Stroz as part of the due diligence project.  Each of the possibilities has pros and cons in terms of speed, search functionality, comprehensiveness, and access to certain file types.  As noted on our call yesterday, Stroz has forensic images of the materials; these forensic images would offer the most complete collection of materials, but the materials are encrypted and would have to be decrypted and indexed for review.  It would take a minimum of 2-3 days before we could begin providing materials on a rolling basis, and it would require approximately one week to process everything, assuming no unexpected challenges.  In addition, special software would be necessary if the parties desired search features beyond each device's build-in capabilities (e.g., if the parties wanted more advanced search functions than the tools iPhones and iPads normally have), and the searching would still have to occur on a device-by-device basis.

   Stroz also has an existing Relativity database that contains a de-duplicated set of the materials collected for the due diligence project; access to this database could likely be arranged fairly quickly, but not all files were loaded into the database or would be available for review.  Among other things, it does not allow users to view video files, and we understand that it would be very difficult to enable a Relativity database to handle the video files; we are still attempting to determine how many video files were on the underlying media.  Additionally, to the extent that the parties are interested in videos, pictures, or other documents that cannot have text extracted, search functionality will be limited (most likely to file names).  That said, it would be easier to apply search terms to the Relatively database, if the parties and diligenced employees prefer that route.  Given the large number of items (approximately 2 million files), and depending on the complexity of the search terms, we expect that it would take 2-3 days to populate a database that is restricted by search terms.

   We suggest a further call among the parties and intervenors as soon as practicable to address the best protocol for these materials, bearing in mind that either option will impose very significant burdens on non-party Stroz.

Best regards,

**Melanie M. Blunschi**
**LATHAM & WATKINS** LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8129
Fax: +1.415.395.8095
Email: melanie.blunschi@lw.com
http://www.lw.com

---

**From:** John Cooper [mailto:JCooper@fbm.com]
**Sent:** Monday, August 14, 2017 1:29 PM
**To:** Blunschi, Melanie (SF)
**Cc:** amy@ramsey-ehrlich.com; davidcooper@quinnemanuel.com; UberWaymoMoFoAttorneys@mofo.com; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; DG-GPOttoTruckingWaymo@goodwinlaw.com; Matthew Cate; qewaymo@quinnemanuel.com; jpatchen@taylorpatchen.com; Weber, Whitney (SF); miles@ramsey-ehrlich.com; izzy@ramsey-ehrlich.com
**Subject:** Re: Waymo v. Uber - Request for a Meet and Confer re Protocol

Counsel

6

We have a scheduled meet and confer today at 4:00 pm.  Call in 888 759 6039 access 415 954 4410.

John

Sent from my iPhone; dictated to Siri

On Aug 14, 2017, at 1:09 PM, "Melanie.Blunschi@lw.com" <Melanie.Blunschi@lw.com> wrote:

> Dear Counsel and Special Master Cooper:
>    On behalf of Stroz, we appreciate Ms. Craig's raising these issues.  We are available to meet and confer tomorrow after 8:30 am, except from 12-1:30 pm.   In light of the importance and time-sensitivity of these matters, if 12-1:30 pm is the only window of time that works for others, we will endeavor to reschedule our current commitment to make that time work.
>
> Best regards,
> Melanie
>
> **Melanie M. Blunschi**
> **LATHAM & WATKINS LLP**
> 505 Montgomery Street, Suite 2000
> San Francisco, CA 94111-6538
> Direct Dial: +1.415.395.8129
> Fax: +1.415.395.8095
> Email: melanie.blunschi@lw.com
> http://www.lw.com
>
> ---
>
> **From:** Amy Craig [mailto:amy@ramsey-ehrlich.com]
> **Sent:** Monday, August 14, 2017 10:57 AM
> **To:** David Cooper; 'UberWaymoMoFoAttorneys';
> 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com'; 'DG-GP Otto Trucking Waymo'; 'John Cooper'; 'Matthew Cate'; QE-Waymo; jpatchen@taylorpatchen.com; Blunschi, Melanie (SF); Weber, Whitney (SF)
> **Cc:** Miles Ehrlich; Ismail Ramsey
> **Subject:** Waymo v. Uber - Request for a Meet and Confer re Protocol
>
> Dear Counsel and Special Master Cooper:
>
> As many of you know, the oral argument before the Federal Circuit in our consolidated appeal took place on Friday.  Although we cannot predict when the Federal Circuit will rule, or what the outcome might be, we thought it would be prudent for us be proactive in developing an appropriate and efficient protocol to follow to protect Mr. Levandowski's privacy and unrelated attorney-client privileges, etc., in the event that the Federal Circuit affirms the decisions below and requires production of the materials from Mr. Levandowski and others in Stroz's possession.
>
> As you may recall, Judge Corley explicitly reserved ruling on this separate issue in her order granting Waymo's motion to compel Stroz documents.  See Dkt. 670 at 9.  So in an effort to avoid any further delay, we wanted to engage with the parties now to reach agreement on a protocol to be followed to protect the significant privacy interests at

stake, and perhaps a briefing schedule for Judge Corley in the event that we cannot reach agreement on the approach.

We would like to propose a meet and confer tomorrow on this issue.  Please let us know if you have availability.

Best regards,

Amy

**Amy E. Craig** | Ramsey & Ehrlich LLP | 803 Hearst Avenue | Berkeley, CA 94710 | Tel:  (510) 548-3600 | Fax: (510) 291-3060 | amy@ramsey-ehrlich.com | www.ramsey-ehrlich.com

*This e-mail message is for the sole use of the intended recipient(s) and contains confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.*

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements.

Latham & Watkins LLP

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole

use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements.

Latham & Watkins LLP

---