August 25, 2017

**VIA ECF**

Magistrate Judge Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:  *Waymo LLC v. Uber Technologies, Inc., et al*., N.D. Cal. Case No. 3:17-cv-00939-WHA

Dear Magistrate Judge Corley:

Pursuant to the Court's Order re: Scope of Uber's Subject Matter Waiver (Dkt. 1311), Plaintiff Waymo LLC ("Waymo") submits this supplemental brief on Anthony Levandowski's assertion of an individual attorney-client privilege and the scope of Uber's waiver.

In its Order re: Scope of Uber's Subject Matter Waiver, the Court directed that "[i]f Waymo wishes to challenge Mr. Levandowski's assertion of an individual attorney-client privilege in the March 29 and related conversations it must do so before discovery closes." (Dkt. 1311 at 2.)  Waymo hereby brings that challenge.

**Mr. Levandowski Has No Individual Attorney-Client Privilege in the "Minneapolis" Meeting and Related March 26 and March 29 Meetings**

As stated in Waymo's August 17 supplemental brief on the scope of Uber's waiver, Anthony Levandowski does not have an individual attorney-client privilege in any communications with Uber relating to his downloading of Waymo files or decision to invoke the Fifth Amendment. (Dkt. 1248 at 1.)  Mr. Levandowski has never directly disputed that fact.  His August 17 letter brief studiously avoids answering the Court's first question ("whether … Mr. Levandowski has an **individual** attorney-client privilege in communications that would be swept within the scope of Uber's subject matter waiver" (Dkt. 1172 at 10, emphasis added)), and instead asserts that he shared a common interest and/or joint defense privilege in those communications.  (*See generally* Dkt. 1246 at 3-5.)  But as this Court has recognized, "[t]he common interest/joint defense doctrine does not make a document or communication privileged; rather, it is a doctrine that prevents waiver of a pre-existing privilege if the privileged information is shared only with those with a common legal interest." (Dkt. 566 at 12.)  Unless his own personal lawyers were also present, Mr. Levandowski could not have an **individual** attorney-client privilege in communications with Uber lawyers acting solely in their capacity as Uber lawyers – and the common interest doctrine cannot create such a privilege where none existed in the first place.

Yet such an improper expansion of the common interest doctrine is exactly what Mr. Levandowski is attempting to do here.  Mr. Levandowski claims a common interest privilege over the March 29 "Minneapolis" conversation between himself, Mr. Kalanick, and Angela Padilla, Uber's Associate General Counsel for Litigation and Employment.  As Mr. Levandowski's counsel agreed on this morning's meet and confer with the Special Master, Ms. Padilla was acting at that meeting as Uber's lawyer – and Uber's lawyer **only.  There is no dispute** that Ms. Padilla did not, and does not, represent Mr. Levandowski himself.  Thus, there is no "individual" privilege he can claim beyond Uber's (already waived) privilege.

The cases cited by Mr. Levandowski in his August 17 brief, such as *United States v. Schwimmer* (Dkt. 1246 at 4), are inapposite for the same reasons they were inapposite the last time Mr. Levandowski tried to exploit the common interest doctrine to create new privileges:

> Levandowski nonetheless cites *United States v. Schwimmer*, 892 F.2d 237, 241 (2d Cir. 1989), for the proposition that Levandowski could personally communicate with a third party's agent and have those communications protected by the attorney-client privilege.  *Schwimmer*, however, says no such thing.  *Schwimmer* held that the defendant's communications to an accountant hired by an attorney *on behalf of Schwimmer* and the attorney's client were privileged; that is, that the joint nature of the retention of the accountant led to a non-waiver of the privilege.  *Id.* at 243.

(Dkt. 670 at 2-3.)  Mr. Levandowski cites no case even remotely similar to the instant facts.  Ms. Padilla was neither Mr. Levandowski's attorney nor retained on Mr. Levandowski's behalf.  Because Uber executive Anthony Levandowski had no **personal** attorney-client privilege in his communications with Uber's head of litigation and Uber's CEO in the "Minneapolis" meeting, the

common interest privilege's non-waiver doctrine is irrelevant. The only privilege that ever applied to that meeting was Uber's, and it has been waived. The same analysis applies to the March 26 meeting (attended by Mr. Kalanick, Mr. Levandowski, and ten in-house and outside Uber counsel) and the first of the three March 29 meetings (attended exclusively by Uber personnel, including Ms. Padilla and General Counsel Salle Yoo), as everyone present was there on behalf of Uber. Uber can waive its privilege over those meetings, and in fact has.[1]

**Mr. Levandowski Has No Individual Attorney-Client Privilege in Earlier Meetings with Uber Counsel**

Just yesterday, Waymo learned from the deposition of Adam Bentley – a former O'Melveny & Myers attorney who worked on the Otto deal and then joined Ottomotto/Uber, and who has received the Stroz Report – that Mr. Levandowski had communications with Uber attorneys in late February and early March 2017 related his downloading of Waymo files. Specifically, Mr. Bentley testified that he had "several" privileged conversations with Mr. Levandoswki on that subject matter. (Ex. 1 at 13:1-14:2.) Mr. Bentley remembered "three or four" such meetings with Mr. Levandowski in the late February and early March 2017 time frame at either Uber's Harrison Street location and MoFo's offices. (Ex. 1 at 14:3-15:11.) Mr. Bentley testified that one of these meetings, also attended by MoFo partner Eric Tate and Uber attorney Nicole Bartow, was "really focused on the topic" where "Anthony discuss[ed] his reasons regarding that allegation." (Ex. 1 at 15:21-23:1.) According to Mr. Bentley, Rudy Kim from MoFo and Aaron Bergstrom from Uber also attended some of these meetings with Mr. Levandowski (in addition to Mr. Tate and Ms. Bartow). (Ex. 1 at 23:19-24:17.)

The scope of Uber's subject matter waiver extends to these meetings (as well as any others on the topics of Mr. Levandowski's downloading of Waymo files or his decision to plead the Fifth Amendment).[2] Mr. Levandowski cannot meet his burden of showing an individual privilege protects any of these communications – indeed, Mr. Levandowski's brief suggested in a footnote that they didn't even exist. (Dkt. 1246 at 5 and n.2 (representing with respect to Mr. Levandowski's "other statements regarding the same subjects to Uber employees or attorneys" that "[w]e are not presently aware of any such communications.").) Moreover, these communications occurred before Mr. Levandowski had even **contacted** personal counsel (on March 19) let alone retained them (on March 25). (Dkt. 1246 at 1.) The common interest privilege cannot apply, and Uber can – and has – waived its own privilege over these communications through its tactical, selective waiver of the March 29 meeting.

---

[1] The only March 29 meeting for which Mr. Levandowski has a colorable claim of common interest protection is the third one, which was also attended by Mr. Levandowski's personal attorneys. Because there is a pre-existing privilege over Mr. Levandowski's communications with his own attorneys, the non-waiver doctrine of the common interest privilege could apply even though the communications were disclosed to Uber. (*See*, *e.g.*, Dkt. 56 at 11-12.) For purposes of this motion, Waymo is not challenging Mr. Levandowski's assertion of a common interest privilege over that meeting.

[2] Waymo tried to question Mr. Bentley about the substance of these meetings, but Uber objected and instructed the witness not to answer on grounds of privilege. (*See generally* Ex. 1 at 13:1-26:19.) In light of Judge Alsup's ruling that "Waymo is entitled to look into the subject matter over which Uber has waived privilege," if the Court concludes that Uber has waived privilege over these conversations, Waymo should be permitted to re-open Mr. Bentley's deposition.

2

For the foregoing reasons, Waymo respectfully requests that the Court overrule Mr. Levandowski's assertion of an individual attorney-client privilege in the March 29 conversation, related conversations, and any other meetings between Mr. Levandowski and Uber counsel that were not attended by Mr. Levandowski's personal attorneys.

Respectfully,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
cc:    All counsel of record; Special Master John Cooper

01980-00104/9512806.1

3