# EXHIBIT 1
# FILED UNDER SEAL

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

```
1                UNITED STATES DISTRICT COURT

2               NORTHERN DISTRICT OF CALIFORNIA

3                   SAN FRANCISCO DIVISION

4    _____

5    WAYMO LLC,                          )

6                                        )

              Plaintiff,                 )

7      vs.                               )  Case No.

                                         )  17-cv-00939-WHA

8    UBER TECHNOLOGIES, INC.;            )

     OTTOMOTTO, LLC; OTTO TRUCKING LLC,  )

9                                        )

              Defendants.                )

10   _____)

11

12

13    HIGHLY CONFIDENTIAL--OUTSIDE COUNSEL'S EYES ONLY

14

15              VIDEOTAPED  DEPOSITION of

16                ADAM BENTLEY, ESQ.

17            San Francisco, California

18            Tuesday, August 22, 2017

19                    Volume I

20

21

22   Reported by:

     MARY J. GOFF

23   CSR No. 13427

24   Job No. 2684904C

25   PAGES 1 - 85
```

                                                    Page 1

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

```
 1              UNITED STATES DISTRICT COURT

 2             NORTHERN DISTRICT OF CALIFORNIA

 3               SAN FRANCISCO DIVISION

 4   _____

 5   WAYMO LLC,                          )

 6                                       )

 7              Plaintiff,               )

        vs.                              )  Case No.

 8                                       )  17-cv-00939-WHA

     UBER TECHNOLOGIES, INC.;            )

 9   OTTOMOTTO, LLC; OTTO TRUCKING LLC,  )

                                         )

10              Defendants.              )

     _____)

11

12

13        Highly Confidential Videotaped Deposition of

14   ADAM BENTLEY, ESQ., Volume I, taken on behalf of

15   Plaintiff Waymo LLC, at Quinn Emanuel Urquhart &

16   Sullivan, LLP, California Street, 21st Floor,

17   beginning at 4:13 p.m. and ending at 6:25 p.m., on

18   August 22, 2017, before MARY GOFF, Certified

19   Shorthand Reporter No. 13427.

20

21

22

23

24

25
```

Page 2

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

```
 1    APPEARANCES:

 2

 3   For Plaintiff Waymo

 4        Quinn Emanuel Urquhart & Sullivan, LLP

 5        BY:  JAMES D. JUDAH

 6        Attorneys at Law

 7        50 California Street

 8        22nd Floor

 9        San Francisco, California 94111

10        jamesjudah@quinnemanuel.com

11        415-875-6600

12

13   For Adam Bentley, Esq.

14        Long & Levit LLP

15        BY:  KATHLEEN M. EWINS

16        Attorneys at Law

17        465 California Street

18        5th Floor

19        San Francisco, California 94104

20        kewins@longlevit.com

21        415-438-4569

22

23

24

25
```

                                              Page  3

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

```
 1    APPEARANCES CONTINUED:

 2

 3    For Defendant Otto Trucking LLC

 4         Goodwin Procter LLP

 5         BY:  BRETT SCHUMAN

 6         Attorney at Law

 7         Three Embarcadero Center

 8         28th Floor

 9         San Francisco, California 94111

10         bschuman@goodwinlaw.com

11         415-733-6021

12

13    For Defendants Uber and Ottomotto

14         Boies Schiller Flexner LLP

15         BY:  CAIN NORRIS

16         Attorney at Law

17         1401 New York Avenue, NW

18         Washington, D.C. 20005

19         cnorris@bsfllp.com

20         202-237-2727

21

22

23

24

25
```

Page 4

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

```
1    APPEARANCES CONTINUED:

2

3    For Defendants Uber and Ottomotto

4         Boies Schiller Flexner LLP

5         BY:  EDWARD H. TAKASHIMA

6         Attorney at Law

7         401 Wilshire Boulevard

8         Suite 850

9         Santa Monica, California 90401

10        etakashima@bsfllp.com

11        310-752-2408

12

13   ALSO PRESENT:

14   Aaron Bergstrom, In-house Senior

15        Counsel, Uber

16

17   Videographer:

18        Robert Talbot

19

20

21

22

23

24

25
```

Page 5

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

| | | |
|---|---|---|
| 1 | Q    And I will not repeat them now.  Can you | 04:14:09 |
| 2 | briefly describe your educational background? | 04:14:13 |
| 3 | A    I went to Duke University for an undergrad | 04:14:17 |
| 4 | and University of Virginia for law school. | 04:14:19 |
| 5 | Q    What year did you graduate from law | 04:14:21 |
| 6 | school? | 04:14:23 |
| 7 | A    2007. | 04:14:24 |
| 8 | Q    What was your first job after law school? | 04:14:25 |
| 9 | A    Corporate associate at Simpson & Thacher. | 04:14:29 |
| 10 | Q    How long were you there? | 04:14:32 |
| 11 | A    Approximately seven years. | 04:14:33 |
| 12 | Q    What city was that in? | 04:14:34 |
| 13 | A    In Palo Alto. | 04:14:36 |
| 14 | Q    What did you do after you left Simpson | 04:14:37 |
| 15 | Thacher. | 04:14:42 |
| 16 | A    Went to O'Melveny & Myers LLP as corporate | 04:14:43 |
| 17 | counsel. | 04:14:47 |
| 18 | Q    How long were you at O'Melveny? | 04:14:49 |
| 19 | A    Approximately two years. | 04:14:51 |
| 20 | Q    And then you joined Ottomotto; is that | 04:14:53 |
| 21 | right? | 04:14:56 |
| 22 | A    That's right. | 04:14:57 |
| 23 | Q    When did you first meet Anthony | 04:14:58 |
| 24 | Levandowksi? | 04:15:00 |
| 25 | A    I first met him in probably March of 2016. | 04:15:03 |

Page 10

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

| | | |
|---|---|---|
| 1 | Q    And that was in connection with the Newco | 04:15:11 |
| 2 | deal? | 04:15:18 |
| 3 | A    That was in connection with the | 04:15:20 |
| 4 | transaction we were negotiating with Uber, yes. | 04:15:22 |
| 5 | Q    Since you became an Uber employee, have | 04:15:27 |
| 6 | you ever had a conversation with Anthony Levandowksi | 04:15:31 |
| 7 | relating to his indication of the Fifth Amendment? | 04:15:34 |
| 8 | MR. TAKASHIMA:  Objection.  I'm going to | 04:15:38 |
| 9 | caution the witness not to disclose anything | 04:15:40 |
| 10 | discussed in an privileged communication. | 04:15:43 |
| 11 | MR. JUDAH:  I will note there has been a | 04:15:44 |
| 12 | finding of privilege -- a subject matter waiver over | 04:15:46 |
| 13 | this.  So I'll let the witness answer based on that | 04:15:47 |
| 14 | instruction if he chooses, but I don't think there's | 04:15:51 |
| 15 | any basis to object on privilege. | 04:15:54 |
| 16 | MR. TAKASHIMA:  I'm going to note that | 04:15:56 |
| 17 | there's still a briefing on the scope of the subject | 04:15:57 |
| 18 | matter waiver.  In the meantime, I will repeat my | 04:15:59 |
| 19 | objection. | 04:16:01 |
| 20 | A    I have not had a conversation with Anthony | 04:16:03 |
| 21 | about that. | 04:16:05 |
| 22 | Q    (BY MR. JUDAH) Have you ever had a | 04:16:09 |
| 23 | conversation with Mr. Levandowski since you became | 04:16:09 |
| 24 | an Uber employee on the subject matter of his | 04:16:12 |
| 25 | reasons for downloading files from Google? | 04:16:18 |

Page 11

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

```
1              MR. TAKASHIMA:  Again, I'm going to object        04:16:22

2     on the grounds of privilege.  I caution the witness       04:16:23

3     not discuss -- discuss anything disclosed in a            04:16:27

4     privileged communication.  I think you can answer         04:16:30

5     that "yes" or "no."                                       04:16:32

6              MS. EWINS:  Do you want the question read        04:16:38

7     back?                                                     04:16:40

8         A    Actually, I would like to confer with           04:16:40

9     counsel about a privilege question.                       04:16:43

10        Q    (BY MR. JUDAH) Which counsel do you want         04:16:44

11    to confer with?                                           04:16:46

12        A    Uber counsel.                                    04:16:47

13             MR. JUDAH:  Okay.  We can go off the             04:16:50

14    record.                                                   04:16:51

15             THE VIDEOGRAPHER:  The time is 4:17 p.m.,        04:16:52

16    and we are off the record.                                04:16:53

17             (A break was taken from 4:17 p.m. to            04:16:54

18    4:22 p.m.)                                                04:16:54

19             THE VIDEOGRAPHER:  The time is 4:22 p.m.        04:22:03

20    We are back on the record.                                04:22:04

21        Q    (BY MR. JUDAH) So we had a question             04:22:06

22    pending, and I'm not sure whether you want to answer      04:22:07

23    it or whether counsel wants to --                         04:22:08

24             MR. TAKASHIMA:  No.  If you want to re-ask       04:22:10

25    it, I think --                                            04:22:11
```

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

| | | |
|---|---|---|
| 1 | Q    (BY MR. JUDAH) Sure.  So, Mr. Bentley, | 04:22:13 |
| 2 | have you ever had a conversation with | 04:22:18 |
| 3 | Mr. Levandowski since you became an Uber employee on | 04:22:20 |
| 4 | the subject matter of his reasons for downloading | 04:22:23 |
| 5 | files from Google? | 04:22:25 |
| 6 | MR. TAKASHIMA:  I'm going to object to the | 04:22:27 |
| 7 | extent that calls for privileged communications and | 04:22:28 |
| 8 | caution the witness not to divulge the substance of | 04:22:31 |
| 9 | any privileged communications.  And I believe you | 04:22:33 |
| 10 | can answer that "yes" or "no." | 04:22:36 |
| 11 | A    Yes. | 04:22:39 |
| 12 | Q    (BY MR. JUDAH) And what were the substance | 04:22:39 |
| 13 | of those communications? | 04:22:40 |
| 14 | MR. TAKASHIMA:  I'm going to instruct the | 04:22:41 |
| 15 | witness not to answer on privilege grounds. | 04:22:42 |
| 16 | Q    (BY MR. JUDAH) How many different | 04:22:44 |
| 17 | conversations are we talking about? | 04:22:46 |
| 18 | MR. TAKASHIMA:  Again, I'm going to | 04:22:49 |
| 19 | caution the witness not to divulge the substance of | 04:22:50 |
| 20 | any privileged communications.  If there's a number | 04:22:52 |
| 21 | you can give, you can. | 04:22:57 |
| 22 | A    It was perhaps a few meetings. | 04:22:58 |
| 23 | Q    (BY MR. JUDAH) How many meetings do you | 04:23:03 |
| 24 | remember specifically? | 04:23:04 |
| 25 | MR. TAKASHIMA:  Same instruction. | 04:23:06 |

Page 13

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

| | | |
|---|---|---|
| 1 | A    To the best that I can recall, it would be | 04:23:09 |
| 2 | around three or four.  Several. | 04:23:11 |
| 3 | Q    (BY MR. JUDAH) When did those meetings | 04:23:16 |
| 4 | take place? | 04:23:18 |
| 5 | MR. TAKASHIMA:  Same objection and same | 04:23:20 |
| 6 | caution to not divulge the substance of any | 04:23:22 |
| 7 | privileged communications. | 04:23:25 |
| 8 | A    Generally in late February and early | 04:23:27 |
| 9 | March 2017. | 04:23:30 |
| 10 | Q    (BY MR. JUDAH) So focusing on the first of | 04:23:36 |
| 11 | those conversations, what do you remember about the | 04:23:37 |
| 12 | location of that meeting? | 04:23:44 |
| 13 | MR. TAKASHIMA:  Objection, form. | 04:23:46 |
| 14 | A    What do I remember about the location? | 04:23:51 |
| 15 | Q    (BY MR. JUDAH) Yeah.  Where -- where did | 04:23:53 |
| 16 | that conversation take place? | 04:23:54 |
| 17 | MR. TAKASHIMA:  Objection, form. | 04:23:57 |
| 18 | A    So I can remember generally the locations | 04:24:00 |
| 19 | where those meetings were held, but not necessarily | 04:24:03 |
| 20 | the order of them. | 04:24:07 |
| 21 | Q    (BY MR. JUDAH) So -- what so -- so I -- so | 04:24:11 |
| 22 | I understand what you're saying.  And I'm just | 04:24:13 |
| 23 | trying to get your best recollection based on what | 04:24:16 |
| 24 | you remember of the meetings. | 04:24:19 |
| 25 | What were the locations you remember these | 04:24:21 |

Page 14

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

```
1    meetings taking place?                              04:24:23

2            MR. TAKASHIMA:  Objection, form.            04:24:25

3    A    In this late February and early March 2017     04:24:30

4    time frame that I'm talking about, I recall meetings 04:24:33

5    generally at the Harrison Street location that Otto  04:24:38

6    and Uber were using at that time, and also at        04:24:46

7    offices of a law firm.                               04:24:53

8    Q    (BY MR. JUDAH) Which law firm?                  04:24:54

9            MR. TAKASHIMA:  Objection, form.  But you    04:25:00

10   can answer the question.                             04:25:02

11   A    MoFo.                                           04:25:03

12   Q    (BY MR. JUDAH) Do you remember how many of      04:25:03

13   these conversations happened at the Harrison Street  04:25:05

14   location and how many happened at Morrison           04:25:09

15   Foerster's offices?                                  04:25:12

16           MR. TAKASHIMA:  Objection, form.  Just so    04:25:15

17   the record clear, can you be more specific about     04:25:17

18   these meetings or these conversations?              04:25:21

19   A    To the best of my recollection, it may          04:25:25

20   have been one or two at each of those two locations. 04:25:26

21   Q    (BY MR. JUDAH) And what do you remember         04:25:30

22   about the people who -- that were present at any of  04:25:30

23   these meetings you had where the subject matter of   04:25:36

24   Anthony Levandowksi's reasons for downloading Waymo  04:25:39

25   files was discussed?                                 04:25:43
```

Page 15

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

```
1              MR. TAKASHIMA:  Objection to the extent        04:25:45
2    that it calls for privileged communications.  I will     04:25:48
3    caution the witness again not to divulge the             04:25:49
4    substance of any privileged communications, but you      04:25:53
5    can identify the people involved in conversations,       04:25:55
6    if you recall.                                           04:25:58
7         A    To the best of my recollection, the            04:26:14
8    meeting that would have most focused on that, I          04:26:15
9    believe it was Eric Tate from MoFo; I believe Nicole     04:26:17
10   Bartow from Uber.                                        04:26:25
11        Q    (BY MR. JUDAH) So that -- you're -- you're     04:26:31
12   now referring to a specific meeting you recollect on     04:26:34
13   the subject matter attended by Mr. Tate and              04:26:36
14   Ms. Bartow?                                              04:26:40
15        A    Yes.                                           04:26:41
16        Q    Focusing on that specific meeting, where       04:26:42
17   did that take place?                                     04:26:44
18        A    That meeting was at MoFo's offices.            04:26:48
19        Q    What do you -- well, do you remember --        04:26:54
20   let me ask you this:  Focusing on that meeting in        04:26:56
21   Morrison & Foerster's offices attended by Mr. Tate       04:27:00
22   and Ms. Bartow, do you remember anyone else being        04:27:02
23   present at any time?                                     04:27:05
24        A    Oh, Anthony and myself.                        04:27:06
25        Q    Do you remember how long that meeting          04:27:14
```

Page 16

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

| | | |
|---|---|---|
| 1 | lasted? | 04:27:16 |
| 2 | A    No.  It wasn't particularly long or short. | 04:27:21 |
| 3 | Maybe a half an hour to an hour. | 04:27:23 |
| 4 | Q    Was that a scheduled meeting? | 04:27:25 |
| 5 | A    So it was scheduled in that people knew | 04:27:31 |
| 6 | what time we were meeting and where to meet. | 04:27:33 |
| 7 | MR. JUDAH:  So I understand you're | 04:27:37 |
| 8 | instructing him not to answer the contents of that | 04:27:39 |
| 9 | meeting on the subject matter.  I'll note that, you | 04:27:43 |
| 10 | know, Judge Alsup overruled a motion for relief and | 04:27:47 |
| 11 | ruled that Waymo is entitled to ask these questions. | 04:27:51 |
| 12 | So you know, we'll be seeking relief | 04:27:54 |
| 13 | accordingly, but I'll just for the record that we'll | 04:27:57 |
| 14 | be moving the compel, and we understand your | 04:28:00 |
| 15 | position about the instruction. | 04:28:03 |
| 16 | Q    (BY MR. JUDAH) So, Mr. Bentley, now, | 04:28:04 |
| 17 | focusing on the next meeting you can remember where | 04:28:07 |
| 18 | you discussed the subject matter of | 04:28:10 |
| 19 | Mr. Levandowski's reasons for downloading Google | 04:28:12 |
| 20 | files, who attended that meeting? | 04:28:15 |
| 21 | MR. SCHUMAN:  Objection as to form. | 04:28:18 |
| 22 | MR. TAKASHIMA:  Objection as to form.  And | 04:28:23 |
| 23 | I'm going to caution the witness again not to | 04:28:25 |
| 24 | disclose the substance of any privileged | 04:28:27 |
| 25 | communications. | 04:28:29 |

Page 17

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

```
 1        A     The meeting I just described was the only     04:28:31

 2   meeting that I recall getting into that specific        04:28:34

 3   issue, in substance.                                    04:28:37

 4        Q     (BY MR. JUDAH) Well, okay.  Well, were       04:28:41

 5   there any other meetings where Mr. Levandowski's        04:28:43

 6   reasons for downloading the files was discussed at      04:28:45

 7   all?                                                    04:28:48

 8             MR. SCHUMAN:  Objection as to form.           04:28:52

 9             MR. TAKASHIMA:  And the same caution.          04:28:54

10        A     For those handful of meetings that I         04:28:56

11   attended in late February, early March 2017, I don't    04:28:59

12   recall any other meetings where the substantive         04:29:06

13   reasons may have been provided.                         04:29:09

14        Q     (BY MR. JUDAH) So I just want to --          04:29:13

15        A     And I would extend on that.  Other than      04:29:15

16   in -- in a nonprivileged meeting that Anthony had       04:29:17

17   with all -- a number of employees, it was a -- I        04:29:19

18   believe it was an ATG all-hands meeting where my        04:29:23

19   recollection of what he said was that he would          04:29:27

20   sometimes work from home and take, you know, Google     04:29:31

21   resources with him and work from home.                  04:29:37

22             And I understood that to be an explanation    04:29:40

23   for why he may have downloaded materials.  But I        04:29:42

24   don't know that it was specific to that specific        04:29:47

25   allegation.                                             04:29:52
```

Page 18

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

| | | |
|---|---|---|
| 1 | Q    So I just want to make sure I understand | 04:29:54 |
| 2 | your testimony, because I -- I thought when I asked | 04:29:56 |
| 3 | you a few minutes ago, you said you remembered maybe | 04:29:58 |
| 4 | three to four different conversations you had. | 04:30:02 |
| 5 | A    Right.  So I was referring there to | 04:30:03 |
| 6 | privileged meetings that I attended.  And I want it | 04:30:06 |
| 7 | to be clear there was separately this ATG all-hands | 04:30:09 |
| 8 | meeting where Anthony addressed in some way the | 04:30:12 |
| 9 | Waymo litigation. | 04:30:19 |
| 10 | Q    So I understand.  So you told me about one | 04:30:21 |
| 11 | of these privileged discussions that you had.  And | 04:30:24 |
| 12 | that's the one attended by Mr. Tate, and | 04:30:30 |
| 13 | Mr. Levandowski, Ms. Bartow, and you. | 04:30:34 |
| 14 | So now my question is:  What do you | 04:30:35 |
| 15 | remember in terms of attendance from -- from any of | 04:30:37 |
| 16 | the other privileged conversations that you had on | 04:30:41 |
| 17 | the subject matter of Anthony Levandowksi 's reasons | 04:30:44 |
| 18 | for downloading Waymo files? | 04:30:46 |
| 19 | MR. TAKASHIMA:  Objection to form. | 04:30:49 |
| 20 | A    So the handful of privileged meetings that | 04:30:52 |
| 21 | we were just discussing, there's only one meeting | 04:30:55 |
| 22 | that I can recall a real discussion on that topic. | 04:31:00 |
| 23 | Outside of the privileged meetings, there | 04:31:04 |
| 24 | was an ATG all-hands meeting where Anthony explained | 04:31:06 |
| 25 | to a large number of Uber employees that he would | 04:31:11 |

Page 19

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

| | | |
|---|---|---|
| 1 | sometimes work from home; and in doing so, would | 04:31:14 |
| 2 | access Google resources from home. | 04:31:17 |
| 3 | Q    (BY MR. JUDAH) So, Mr. Bentley, I asked | 04:31:20 |
| 4 | you earlier -- around 4:22 p.m., I said, | 04:31:37 |
| 5 | Mr. Bentley, have you ever had a conversation with | 04:31:42 |
| 6 | Mr. Levandowski since you became an Uber employee on | 04:31:44 |
| 7 | the subject matter of his reasons for downloading | 04:31:47 |
| 8 | files from Uber? | 04:31:49 |
| 9 | And after some objections, your answer | 04:31:51 |
| 10 | was, I do.  It was perhaps a few meetings. | 04:31:55 |
| 11 | And then I asked:  How many meetings do | 04:31:58 |
| 12 | you remember specifically? | 04:31:59 |
| 13 | And you said, To the best that I can | 04:32:01 |
| 14 | recall, it would be around three or four.  Several. | 04:32:02 |
| 15 | Do you remember testifying to that? | 04:32:05 |
| 16 | A    Yes. | 04:32:08 |
| 17 | Q    So now what I'm trying to get is | 04:32:09 |
| 18 | information -- you have told me about one meeting | 04:32:11 |
| 19 | that you say was privileged. | 04:32:14 |
| 20 | Now you have mentioned this all-hands | 04:32:16 |
| 21 | meeting.  So now I'm asking about all the other | 04:32:17 |
| 22 | meetings you remember where you discussed with | 04:32:20 |
| 23 | Mr. Levandowski, the subject matter of his reasons | 04:32:22 |
| 24 | for downloading files from Waymo. | 04:32:26 |
| 25 | A    So -- | 04:32:29 |

Page 20

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

```
 1           MR. TAKASHIMA:  Objection, form.         04:32:31

 2      A    -- yeah, and just let me --              04:32:33

 3           MR. TAKASHIMA:  Can you just restate the 04:32:33

 4  question?                                         04:32:35

 5      Q    (BY MR. JUDAH) So other than this meeting 04:32:39

 6  that you have testified about with Mr. Tate,      04:32:41

 7  Ms. Bartow, Mr. Levandowski, and you where the    04:32:45

 8  subject matter of Mr. Levandowski's reasons for   04:32:51

 9  downloading Waymo files were discussed and the    04:32:53

10  all-hands ATG meeting, what other meetings have you 04:32:55

11  had that you can remember that involved           04:33:00

12  Mr. Levandowski and that involved the subject matter 04:33:03

13  of his reasons for downloading files from Waymo?  04:33:05

14           MR. TAKASHIMA:  Objection to the extent it 04:33:10

15  calls for privileged communications.  But if you can 04:33:11

16  recall any such meetings, you can identify them.  04:33:14

17      A    I don't recall any other such meetings.  04:33:18

18      Q    (BY MR. JUDAH) So -- so earlier when     04:33:21

19  you -- you testified that there were several, and 04:33:22

20  you thought maybe three or four, what you're saying 04:33:24

21  now is that what you really meant was you could   04:33:27

22  think of two?                                     04:33:29

23      A    So there were --                         04:33:30

24           MR. TAKASHIMA:  Objection, form.         04:33:31

25      A    -- there were three or four meetings that 04:33:32
```

Page 21

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

| | | |
|---|---|---|
| 1 | were privileged.  One of those meetings I would | 04:33:33 |
| 2 | consider to be really focused on the topic you were | 04:33:36 |
| 3 | asking about. | 04:33:41 |
| 4 | And the others were, in my mind, more | 04:33:41 |
| 5 | generally related to the Waymo litigation and not as | 04:33:44 |
| 6 | such specifically to that -- the topic you were | 04:33:47 |
| 7 | asking about. | 04:33:48 |
| 8 | Outside of the privileged context, I can | 04:33:49 |
| 9 | recall the ATG all-hands meeting where he kind of | 04:33:51 |
| 10 | gave an explanation potentially around that topic. | 04:33:54 |
| 11 | Q    (BY MR. JUDAH) So, Mr. Bentley, I just | 04:33:58 |
| 12 | want to make sure I'm clear in my questioning.  I'm | 04:33:59 |
| 13 | not asking you about meetings that were really | 04:34:02 |
| 14 | focused on the subject matter of Mr. Levandowski's | 04:34:06 |
| 15 | reasons for downloading Waymo files. | 04:34:09 |
| 16 | I'm asking:  Do you remember attending any | 04:34:12 |
| 17 | meetings with Mr. Levandowski that addressed at all | 04:34:16 |
| 18 | the subject matter of Mr. Levandowski's reasons for | 04:34:20 |
| 19 | downloading Waymo files? | 04:34:23 |
| 20 | MR. TAKASHIMA:  Again, objection to the | 04:34:26 |
| 21 | extent it calls for privileged communications, but | 04:34:27 |
| 22 | you can answer that "yes" or "no." | 04:34:31 |
| 23 | A    My only recollection of Anthony discussing | 04:34:33 |
| 24 | his reasons regarding that allegation would be in -- | 04:34:36 |
| 25 | in the one privileged meeting I can recall and in | 04:34:42 |

Page 22

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

```
 1    the all-hands meeting that I mentioned.              04:34:45

 2        Q    (BY MR. JUDAH) Do you remember any          04:34:49

 3    conversations -- let me ask this way:  Do you        04:34:50

 4    remember any meetings with Mr. Levandowski,          04:34:53

 5    regardless of who said it, where anyone discussed    04:34:56

 6    the subject matter of Mr. Levandowski's reasons for  04:35:03

 7    downloading files from Waymo?                        04:35:05

 8            MR. TAKASHIMA:  Objection, form.  Again,     04:35:08

 9    I'm going to caution the witness not to divulge any  04:35:10

10    privileged communications.                           04:35:12

11        A    That's --                                   04:35:14

12            MR. TAKASHIMA:  You can answer that "yes"    04:35:15

13    or "no."                                             04:35:16

14        A    -- I don't recall the specifics of the      04:35:18

15    other few privileged conversations that I had, but   04:35:23

16    it's likely there would be -- would have been some   04:35:26

17    discussion by some person in that meeting on that    04:35:29

18    topic.                                               04:35:31

19        Q    (BY MR. JUDAH) So focusing on the first of  04:35:32

20    those other meetings that you can remember, who      04:35:34

21    attended that meeting?                               04:35:37

22        A    So of the other meetings other than the     04:35:38

23    one I described at the MoFo office, generally the    04:35:41

24    attendees at these meetings would have included      04:35:45

25    Nicole Bartow and Aaron from Uber.  Eric Tate and    04:35:50
```

Page 23

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

| | | |
|---|---|---|
| 1 | Rudy Kim from MoFo. | 04:35:57 |
| 2 | Q    Do you remember anyone else attending any | 04:36:02 |
| 3 | of those meetings that you attended where | 04:36:04 |
| 4 | Mr. Levandowski also attended and the subject matter | 04:36:07 |
| 5 | of communications related in any way to | 04:36:12 |
| 6 | Mr. Levandowski's reasons for downloading Waymo | 04:36:16 |
| 7 | files? | 04:36:19 |
| 8 | MR. TAKASHIMA:  Objection, form.  Again, | 04:36:19 |
| 9 | I'm going to caution the witness not to divulge any | 04:36:23 |
| 10 | privileged communications.  If you understand that | 04:36:25 |
| 11 | question, you can answer it yes or no. | 04:36:28 |
| 12 | A    So the only meetings that I can recall | 04:36:31 |
| 13 | where that topic may have come up are those handful | 04:36:33 |
| 14 | of privileged meetings that I attended along with | 04:36:37 |
| 15 | Anthony and the others I have mention -- I have | 04:36:41 |
| 16 | mentioned in that time period following the | 04:36:43 |
| 17 | commencement of the litigation. | 04:36:46 |
| 18 | Q    (BY MR. JUDAH) Do you remember whether | 04:36:49 |
| 19 | there were -- well, let me -- let me go back one. | 04:36:51 |
| 20 | So with respect to this meeting that | 04:36:56 |
| 21 | you -- that you testified was kind of -- | 04:37:00 |
| 22 | Mr. Levandowski had some focused conversation on | 04:37:02 |
| 23 | this topic, you said it was a scheduled meeting, to | 04:37:05 |
| 24 | the best of your recollection, right? | 04:37:10 |
| 25 | A    What do you mean by "scheduled"? | 04:37:12 |

Page 24

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

```
1        Q     Well, that's what I'm trying to find out.      04:37:14

2   And so here's -- here's kind of the nub of the            04:37:16

3   question:  Is -- is -- was there any sort of e-mail       04:37:18

4   invitation or calendar invitation that you can            04:37:23

5   remember for that meeting?                                04:37:28

6             MR. TAKASHIMA:  Objection, form.                04:37:29

7        A     I don't recall how that meeting was            04:37:31

8   scheduled.                                                04:37:33

9        Q     (BY MR. JUDAH) So there -- there may have      04:37:35

10  been a calendar invite, but there may not have been;      04:37:36

11  you just don't remember?                                  04:37:39

12            MR. TAKASHIMA:  Objection, form.                04:37:41

13       A     And so I don't remember how that meeting       04:37:43

14  was scheduled, so I -- I -- I don't know.                 04:37:44

15       Q     (BY MR. JUDAH) But -- but one of the ways      04:37:47

16  that meetings are scheduled that you attend in your       04:37:49

17  work at Uber is through calendar invitations, right?      04:37:52

18       A     That is one way that meetings are             04:37:55

19  scheduled.                                                04:37:57

20       Q     So that meeting could have been through a     04:37:57

21  calendar invitation, but you just don't remember one     04:37:59

22  way or the other?                                         04:38:04

23            MR. TAKASHIMA:  Objection, form.                04:38:05

24       A     Yeah, I don't remember.                        04:38:06

25       Q     (BY MR. JUDAH) And now focusing on those      04:38:08
```

Page 25

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

| | | |
|---|---|---|
| 1 | other meetings that you mentioned, the ones that you | 04:38:10 |
| 2 | remember Ms. Bartow, Mr. Bergstrom, Mr. Tate, and | 04:38:15 |
| 3 | Mr. Kim attended, and Mr. Levandowski, do you | 04:38:19 |
| 4 | remember any of those had calendar invitations or | 04:38:22 |
| 5 | e-mails that scheduled them? | 04:38:28 |
| 6 | MR. TAKASHIMA:  Objection, form. | 04:38:29 |
| 7 | A    No, I don't remember how those meetings | 04:38:32 |
| 8 | were scheduled. | 04:38:34 |
| 9 | Q    (BY MR. JUDAH) So focusing now on the time | 04:38:37 |
| 10 | period -- well, I'll just ask this for form sake. | 04:38:39 |
| 11 | What do you remember about the subject | 04:38:43 |
| 12 | matter being discussed at those -- any of those | 04:38:44 |
| 13 | meetings relating to Mr. Levandowski's reasons for | 04:38:48 |
| 14 | downloading Waymo files? | 04:38:53 |
| 15 | MR. TAKASHIMA:  I'm going to instruct the | 04:38:55 |
| 16 | witness not to answer based on privilege. | 04:38:56 |
| 17 | Q    (BY MR. JUDAH) Are you going to follow | 04:38:57 |
| 18 | that instruction? | 04:38:59 |
| 19 | A    Yes. | 04:39:00 |
| 20 | Q    So now focusing on the time period before | 04:39:00 |
| 21 | you became an Uber employee, have you ever had any | 04:39:02 |
| 22 | conversations with Mr. Levandowski relating to the | 04:39:05 |
| 23 | subject matter of his reasons for downloading Waymo | 04:39:08 |
| 24 | files? | 04:39:13 |
| 25 | MR. TAKASHIMA:  Objection, form.  And I'm | 04:39:15 |

Page 26

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

1    I, MARY J. GOFF, CSR No. 13427, Certified

2  Shorthand Reporter of the State of California,

3  certify;

4    That the foregoing proceedings were taken

before me at the time and place herein set forth, at

5  which time the witness declared under penalty of

6  perjury; that the testimony of the witness and all

7  objections made at the time of the examination were

recorded stenographically by me and were thereafter

8  transcribed under my direction and supervision; that

9  the foregoing is a full, true, and correct

10  transcript of my shorthand notes so taken and of the

testimony so given;

11    That before completion of the deposition,

12  review of the transcript (   ) was (XX) was not

13  requested:    (    ) that the witness has failed or

refused to approve the transcript.

14    I further certify that I am not financially

15  interested in the action, and I am not a relative or

16  employee of any attorney of the parties, nor of any

17  of the parties.

18    I declare under penalty of perjury under the

19  laws of California that the foregoing is true and

20  correct, dated this 24th day of August 2017.

21

22

23

24  _____

25    MARY J. GOFF, CSR No. 13427

Page 85