# EXHIBIT 9
# FILED UNDER SEAL

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
1            UNITED STATES DISTRICT COURT
2           NORTHERN DISTRICT OF CALIFORNIA
3              SAN FRANCISCO DIVISION
4             Case No. 17-cv-00939-WHA
5   --------------------------------------x
6   WAYMO LLC,
7                Plaintiff,
8        - against -
9   UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC;
10  OTTO TRUCKING LLC,
11               Defendants.
12  --------------------------------------x
13
14    HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
15
16              Videotaped 30(b)(6) Deposition
17  of GARY BROWN, taken by Defendants, held
18  at the offices of Morrison & Foerster LLP,
    250 West 55th Street, at 9:59 a.m. on August
19  8, 2017, New York, New York, before Jineen
    Pavesi, a Registered Professional Reporter,
20  Registered Merit Reporter, Certified Realtime
    Reporter and Notary Public of the State of New York.
21
22
23
24  Job No. 2671217A
25  Pages 1 - 305
```

Page 1

```
 1  correct?                                      12:13:05PM
 2      A.      You would have to ask Kristinn    12:13:06PM
 3  that.                                         12:13:09PM
 4      Q.      Does Waymo know who gave          12:13:09PM
 5  Mr. Gudjonsson the laptops?                   12:13:14PM
 6      A.      Presumably either Chelsea or      12:13:18PM
 7  Leah had delivered it.                        12:13:26PM
 8      Q.      But you don't know -- strike      12:13:28PM
 9  that.                                         12:13:30PM
10              Waymo does not know if it was     12:13:30PM
11  Chelsea or Leah who gave Gudjonsson the       12:13:32PM
12  laptops?                                      12:13:36PM
13      A.      No.                               12:13:37PM
14      Q.      I would like to direct your       12:13:45PM
15  attention to 29419, the next page, listed     12:13:46PM
16  under CAMP devices, you see the second        12:13:52PM
17  bullet point, Asset No. 1028251, do you       12:13:55PM
18  see that?                                     12:14:00PM
19      A.      I do.                             12:14:00PM
20      Q.      And that asset being listed       12:14:02PM
21  there is a Hewlett-Packard workstation,       12:14:05PM
22  correct?                                      12:14:08PM
23      A.      Yes.                              12:14:09PM
24      Q.      And that workstation was issued   12:14:10PM
25  to Mr. Levandowski on November 7, 2012,       12:14:12PM
```

Page 96

```
1    correct?                                          12:14:17PM
2        A.      That seems accurate.                  12:14:17PM
3        Q.      And it was returned on February       12:14:19PM
4    9, 2016, is that correct?                         12:14:24PM
5        A.      That means it was collected and       12:14:28PM
6    brought back by the inventory people on           12:14:30PM
7    February 9, 2016, yes.                            12:14:33PM
8        Q.      And then approximately 15 days        12:14:36PM
9    later, on February 24, 2016, that                 12:14:41PM
10   workstation was reallocated to an                 12:14:44PM
11   individual named Jerry Anderson, is that          12:14:48PM
12   correct?                                          12:14:51PM
13       A.      That's what this says.                12:14:51PM
14       Q.      And Waymo performed no forensic       12:14:53PM
15   investigation into the workstation                12:14:56PM
16   assigned to Mr. Levandowski for an over           12:14:59PM
17   three-year period during his employment at        12:15:03PM
18   Waymo, is that correct?                           12:15:06PM
19               MR. BAKER:  Objection to form.        12:15:07PM
20       A.      When an employee is terminated,       12:15:09PM
21   tickets are generated for inventory               12:15:12PM
22   management individuals to collect their           12:15:15PM
23   assets, check if that individual is               12:15:18PM
24   currently on a hold that would forbid             12:15:25PM
25   reimage, and then the asset is either             12:15:30PM
```

Page 97

```
 1  retired or refurbished and redeployed if         12:15:37PM
 2  deemed still within its life span.               12:15:44PM
 3      Q.      Waymo performed no forensic          12:15:51PM
 4  investigation into the Hewlett-Packard           12:15:52PM
 5  workstation assigned to Mr. Levandowski          12:15:55PM
 6  for an over three-year period during his         12:15:58PM
 7  employment at Waymo, is that correct?            12:16:00PM
 8              MR. BAKER:  Objection to form.       12:16:02PM
 9      A.      That is correct.                     12:16:07PM
10      Q.      The Hewlett-Packard workstation      12:16:11PM
11  assigned to Mr. Levandowski from 2012 to         12:16:13PM
12  2016 is a computer --  is it a desktop           12:16:19PM
13  computer?                                        12:16:26PM
14      A.      It appears to be, yes.               12:16:27PM
15      Q.      And that would have existed in       12:16:28PM
16  his office at Waymo, right?                      12:16:31PM
17      A.      Presumably.                          12:16:34PM
18      Q.      And it would have been               12:16:35PM
19  something he used in the three-and-a-half        12:16:36PM
20  year period that it was assigned to him in       12:16:40PM
21  his office at Waymo, correct?                    12:16:43PM
22              MR. BAKER:  Objection to form.       12:16:44PM
23      A.      Possibly, but not necessarily.       12:16:46PM
24      Q.      But you don't know one way or        12:16:51PM
25  the other if he used it?                         12:16:52PM
```

| | | |
|---|---|---|
| 1 | A.    No. | 12:16:53PM |
| 2 | Q.    And nobody asked you to | 12:16:54PM |
| 3 | inquire, to conduct a forensic review of | 12:16:58PM |
| 4 | that device to determine if he did | 12:17:00PM |
| 5 | anything improper with it, correct? | 12:17:07PM |
| 6 | A.    That is correct, but with the | 12:17:13PM |
| 7 | caveat that the lack of analysis of | 12:17:17PM |
| 8 | another machine does not wash away the | 12:17:22PM |
| 9 | wrongdoings on another machine, that's no | 12:17:25PM |
| 10 | indication of not doing something. | 12:17:28PM |
| 11 | Q.    In order to determine the full | 12:17:35PM |
| 12 | scope of potential wrongdoing, in your | 12:17:39PM |
| 13 | opinion should Waymo have conducted a | 12:17:43PM |
| 14 | forensic investigation of the | 12:17:46PM |
| 15 | Hewlett-Packard workstation? | 12:17:47PM |
| 16 | MR. BAKER:  Objection to form. | 12:17:49PM |
| 17 | A.    All feasible rocks should be | 12:17:57PM |
| 18 | turned over, but there have been multiple | 12:18:02PM |
| 19 | occurrences where inventory management | 12:18:07PM |
| 20 | personnel reimaged devices before forensic | 12:18:12PM |
| 21 | analysis could take place. | 12:18:18PM |
| 22 | Q.    And in your opinion, one | 12:18:22PM |
| 23 | feasible rock that should have been turned | 12:18:29PM |
| 24 | over was a review of the Hewlett-Packard | 12:18:30PM |
| 25 | workstation assigned to Mr. Levandowski, | 12:18:34PM |

Page 99

1  is that correct?                                  12:18:37PM
2           MR. BAKER:  Objection to form.           12:18:37PM
3      A.   As a forensic analyst, the more          12:18:42PM
4  information, the better.                          12:18:44PM
5           But as I said before, it                 12:18:47PM
6  doesn't undo other indicators that were           12:18:50PM
7  positively found.                                 12:18:55PM
8      Q.   As a forensic analyst, wouldn't          12:19:02PM
9  you want to know if the card reader was           12:19:07PM
10 attached to the workstation?                      12:19:09PM
11          MR. BAKER:  Objection to form.           12:19:11PM
12     A.   Yes.                                     12:19:18PM
13     Q.   But you don't know the answer            12:19:19PM
14 to that question, right?                          12:19:21PM
15     A.   Not currently.                           12:19:24PM
16     Q.   Waymo would never know the               12:19:26PM
17 answer to that question, correct?                 12:19:29PM
18          MR. BAKER:  Objection to form.           12:19:31PM
19     A.   That's uncertain.                        12:19:43PM
20     Q.   Why is that uncertain?                   12:19:45PM
21     A.   Depending on retention and host          12:19:50PM
22 monitoring agents, it could potentially be        12:20:00PM
23 determined whether some classes of USB            12:20:08PM
24 devices were connected to these machines,         12:20:12PM
25 but I also would not feel comfortable             12:20:16PM

```
1   saying that an absence of this evidence         12:20:19PM
2   means that it didn't happen.                    12:20:22PM
3        Q.      But you don't know one way or      12:20:25PM
4   the other if it happened?                       12:20:27PM
5        A.      As I sit here today, no.           12:20:28PM
6                MR. BAKER:  Objection to form.     12:20:29PM
7        Q.      Sorry, I didn't catch your         12:20:30PM
8   answer to that question.                        12:20:31PM
9        A.      As I sit here right now, no.       12:20:32PM
10       Q.      And Waymo doesn't know one way     12:20:35PM
11  or the other if a card reader was attached      12:20:37PM
12  to the workstation, correct?                    12:20:40PM
13               MR. BAKER:  Same objection.        12:20:42PM
14       A.      No.                                12:20:43PM
15       Q.      Has Waymo attempted to conduct     12:20:56PM
16  any forensic investigation into the             12:20:58PM
17  Hewlett-Packard workstation since it was        12:21:00PM
18  reassigned to Jerry Anderson?                   12:21:04PM
19       A.      I don't believe so.                12:21:13PM
20       Q.      So --                              12:21:18PM
21       A.      And also, so these machines are    12:21:19PM
22  full disk encrypted, that is to say, as         12:21:24PM
23  they are reimaged and redeployed there is       12:21:26PM
24  no evidence left on the hard drive, much        12:21:31PM
25  like when you take your Windows laptop and      12:21:33PM
```

Page 101

```
 1           UNITED STATES DISTRICT COURT

 2         NORTHERN DISTRICT OF CALIFORNIA

 3              SAN FRANCISCO DIVISION

 4

 5   WAYMO LLC,                        )

 6              Plaintiff,             )

 7         vs.                         ) Case No.

 8   UBER TECHNOLOGIES, INC.;          ) 3:17-cv-000939-WHA

 9   OTTOMOTTO LLC; OTTO TRUCKING,     )

10   INC.,                             )

11              Defendants.            )

12   _____)

13      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

14

15     VIDEOTAPED DEPOSITION OF KRISTINN GUDJONSSON

16               Palo Alto, California

17               Friday, July 28, 2017

18                    Volume I

19

20   Reported by:

21   CARLA SOARES

22   CSR No. 5908

23   JOB No. 2665814

24

25   PAGES 1 - 242
```

Page 1

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | today, you are not aware of any evidence that | 15:29:57 |
| 2 | Mr. Levandowski copied files off the computer before | |
| 3 | it was reimaged? | |
| 4 |     MR. BAKER:  Objection to form. | |
| 5 |     THE WITNESS:  I can only tell you what's | 15:30:06 |
| 6 | in the declaration here, what we see here. | |
| 7 | BY MR. TAKASHIMA: | |
| 8 |     Q  To your knowledge, has there been any | |
| 9 | investigation of Mr. Levandowski's e-mail account at | |
| 10 | Google? | 15:30:53 |
| 11 |     A  I'm not sure. | |
| 12 |     Q  To your knowledge, has anybody connected | |
| 13 | with an investigation reviewed the contents of | |
| 14 | Mr. Levandowski's e-mail account at Google? | |
| 15 |     A  I'm not sure. | 15:31:05 |
| 16 |     Q  Who would know? | |
| 17 |     A  Lawyers. | |
| 18 |     Q  Would anybody else in digital forensics | |
| 19 | know? | |
| 20 |     A  Potentially, but probably not.  It | 15:31:22 |
| 21 | probably would have been me if that check was made. | |
| 22 |     Q  Have you conducted -- been involved in any | |
| 23 | review of Mr. Levandowski's workstation from Google? | |
| 24 |     A  The workstation, no. | |
| 25 |     Q  Has anybody else from digital forensics | 15:31:42 |

Page 198

| | | |
|---|---|---|
| 1 | conducted that investigation? | 15:31:44 |
| 2 | A    No. | |
| 3 | Q    Has anybody looked at Mr. Levandowski's | |
| 4 | workstation? | |
| 5 | A    Not to my knowledge. | 15:31:49 |
| 6 | Q    Has the workstation been preserved? | |
| 7 | A    Not to my knowledge. | |
| 8 | Q    Okay.  Has it been deleted? | |
| 9 | A    I'm not sure.  I would have to go check. | |
| 10 | Q    Did you ever discuss with anybody | 15:32:07 |
| 11 | investigating Mr. Levandowski's workstation? | |
| 12 | MR. BAKER:  Again, I just want to caution | |
| 13 | the witness not to disclose any communications that | |
| 14 | he's had with attorneys. | |
| 15 | If you have a question, we can go outside. | 15:32:22 |
| 16 | MR. TAKASHIMA:  Do you want to take a | |
| 17 | break? | |
| 18 | THE WITNESS:  Yes.  Let's do that. | |
| 19 | THE VIDEO OPERATOR:  We are now going off | |
| 20 | the record, and the time is 3:32. | 15:32:31 |
| 21 | (Recess, 3:32 p.m. - 3:39 p.m.) | |
| 22 | THE VIDEO OPERATOR:  We're now going back | |
| 23 | on the record, and the time is 3:39. | |
| 24 | BY MR. TAKASHIMA: | |
| 25 | Q    Did you ever discuss with anybody whether | 15:39:05 |