# EXHIBIT 4

# Bill Dunseth

| | |
|---|---|
| **From:** | owner-uber-sg@lists.susmangodfrey.com on behalf of Lindsay Cooper <lindsaycooper@quinnemanuel.com> |
| **Sent:** | Wednesday, November 22, 2017 5:46 PM |
| **To:** | Gonzalez, Arturo J. |
| **Cc:** | UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; Uber-sg@LISTS.SUSMANGODFREY.COM; QE-Waymo |
| **Subject:** | RE: Waymo v. Uber - Supplementing Trial Witness List |

Arturo,

Your colleague agreed that the jurors should be instructed on the Georgia-Pacific factors at the November 14 hearing, and the tentative jury instructions that Judge Alsup issued yesterday also contemplate that the jurors will be instructed on, and evaluate, the Georgia-Pacific factors if they cannot reach agreement on an unjust enrichment number for damages.

Our current witness list provides an overview of the testimony we are seeking from each witness.  The witness list says that we expect Mr. Bananzadeh to provide non-cumulative testimony regarding costs of development of, and management of Waymo's self-driving cars and autonomous vehicle technology.  It also says that we expect Mr. Adarkar to provide non-cumulative testimony regarding Uber's financial forecasts for autonomous vehicles, and Uber's competitive relationship with Waymo, including its willingness to cut prices to compete with Waymo.

A non-exhaustive list of the documents that we intend to admit through the custodian is below.  Of course, we reserve the right to edit or supplement this list.

- TX-821
- TX-822
- TX-4749
- TX-4442
- TX-883
- TX-9147
- TX-7304

Lindsay

---

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Wednesday, November 22, 2017 10:47 AM
**To:** Lindsay Cooper <lindsaycooper@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; Uber-sg@LISTS.SUSMANGODFREY.COM; QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Waymo v. Uber - Supplementing Trial Witness List

Lindsay,

What specific trial exhibits would you seek to admit through a custodian?

What specific testimony would you seek to elicit through the three witnesses?

1

What is your legal authority in support of this request, and in support of your contention that jurors should evaluate the Georgia-Pacific standards in this case?

Arturo

Sent from my iPhone

On Nov 22, 2017, at 9:24 AM, Lindsay Cooper <lindsaycooper@quinnemanuel.com> wrote:

> **- External Email -**
>
> Counsel,
>
> Since the Court has excluded Waymo's damages expert Mr. Wagner, Waymo will have to spend a significant amount of trial time authenticating and laying foundation for documents that the jury can use to evaluate the extent to which Defendants have been unjustly enriched from their misappropriation of Waymo's trade secrets or, alternatively, to evaluate the Georgia-Pacific factors to determine reasonable royalty damages resulting from Defendants' misappropriation.  If Mr. Wagner had not been excluded, Waymo would otherwise have introduced this evidence through Mr. Wagner under Fed. R. Evid. 703.
>
> In light of the Court's order and these changed circumstances, and as Waymo noted in its proposed pretrial order last night, Waymo is planning to seek leave to add three witnesses to its trial witness list:  (1) an Uber custodian of records; (2) Shawn Bananzadeh; and (3) Prabir Adarkar.  We assume Defendants oppose this request given your position on Messrs. Bananzadeh and Adarkar, but if you would like to meet and confer, we are available to do so today.
>
> Thank you,
> Lindsay
>
> **Lindsay Cooper**
> *Associate,*
> Quinn Emanuel Urquhart & Sullivan, LLP
>
> 50 California Street, 22nd Floor
> San Francisco, CA 94111
> 415-875-6449 Direct
> 415.875.6600 Main Office Number
> 415.875.6700 FAX
> lindsaycooper@quinnemanuel.com
> www.quinnemanuel.com
>
> NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

---

This e-mail contains communication that may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

To unsubscribe from the UBER-SG list, click here