# Exhibit 1

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>          Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC<br><br>          Defendants. | Case No. 3:17-cv-00939-JCS<br><br>**PLAINTIFF WAYMO LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**<br><br>Honorable William H. Alsup<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; AND OTTO TRUCKING LLC**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Waymo LLC ("Waymo") requests that Defendants Uber Technologies, Inc. ("Uber"), Ottomotto, LLC ("Ottomotto"), and Otto Trucking LLC ("Otto Trucking") (collectively "Defendants"), produce for inspection and copying within thirty days (30) hereof the documents set forth below at the offices

1 behalf of any of the foregoing, and STROZ's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by STROZ, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by STROZ.

14. "KSHIRSAGAR" means Sameer Kshirsagar.

15. "RADUTA" means Radu Raduta.

16. "MISAPPROPRIATED MATERIALS" refers to all GOOGLE and WAYMO DOCUMENTS and materials, whether digital or physical, and regardless of the manner stored, for which any current or former employee of DEFENDANTS retained possession, without authorization of either GOOGLE or WAYMO, after the employee ended his or her employment with GOOGLE/WAYMO. Without limitation, MISAPPROPRIATED MATERIALS includes at least: (i) each of the more than 14,000 digital files downloaded by LEVANDOWSKI on or about December 11, 2015 from the SVN repository; (ii) each file copied by LEVANDOWSKI from his GOOGLE laptop to an RDF5 USB 3.0 card reader on or about December 14, 2015; (iii) each of the five files titled: ▮▮▮ that were exported by LEVANDOWSKI from Google Drive to a personal device on or about January 4, 2016; (iv) the file titled: Chauffer TL weekly updates – Q4 2015 exported by LEVANDOWSKI from Google Drive to a personal device on or about January 11, 2016; (v) the file titled ▮▮▮ that was exported by LEVANDOWSKI from Google Drive to a personal device on or about November 19, 2016; (vi) the file titled ▮▮▮ that was exported by LEVANDOWSKI from Google Drive to a personal device on or about November 4, 2016; each of the five files titled: ▮▮▮ that were exported by KSHIRSAGAR from Google Drive in or around June and July 2016; (vii) each of the three files titled: ▮▮▮ and

Consultants List; and automation vendors that were exported by RADUTA from Google Drive on or around July 28, 2016.

17. "LiDAR" means Light Detection and Ranging.

18. "DOCUMENTS" shall INCLUDE, without limitation, all written, graphic or otherwise recorded material, INCLUDING without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, INCLUDING e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, INCLUDING by the addition of handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically INCLUDES information stored in a computer database and capable of being generated in documentary form, such as electronic mail, text messages (i.e., SMS messages), other electronic messages including messages sent or received via Slack, WhatsApp, Google Hangouts, Facebook Messenger, and the like.

19. "COMMUNICATIONS" shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

20. "THING" means any tangible object, other than a DOCUMENT.

21. "PERSON" means to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to show the reasons behind UBER's decision to acquire OTTOMOTTO.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS REGARDING UBER's due diligence of OTTOMOTTO.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS REGARDING negotiations over UBER's acquisition of OTTOMOTTO.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS REGARDING any consulting work by LEVANDOWSKI for UBER before August 18, 2016.

**REQUEST FOR PRODUCTION NO. 31:**

All COMMUNICATIONS between LEVANDOWSKI and UBER before August 18, 2016.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS REGARDING work performed by OTTOMOTTO, OTTO TRUCKING, ODIN WAVE, and/or TYTO for UBER before August 18, 2016.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS REGARDING work performed by APPARATE INTERNATIONAL, POUCH HOLDINGS, and/or DOGWOOD LEASING for UBER before August 18, 2016.

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS sufficient to show the reasons behind OTTOMOTTO's decision to acquire TYTO and/or ODIN WAVE.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "forensic analysis" referred to in entry nos. 7-10 and 17 of DEFENDANTS' privilege log, INCLUDING but not limited to all underlying forensic data related to that analysis.

**REQUEST FOR PRODUCTION NO. 67:**

STROZ's August 5, 2016 due diligence report, including all exhibits, attachments, and appendices thereto.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS and COMMUNICATIONS REGARDING the attestations that DEFENDANTS first required employees to sign in April 2016 (referred to in the Declaration of Rhian Morgan, paragraphs 13-16).

**REQUEST FOR PRODUCTION NO. 69:**

All versions of any employment agreements, confidentiality agreements, assignment agreements, or other agreements that DEFENDANTS require or have ever required employees to execute as a condition of employment, including the dates during which DEFENDANTS required each version to be executed.

**REQUEST FOR PRODUCTION NO. 70:**

All executed Employee Attestations, Employee Invention Assignment and Confidentiality Agreements, and Offer Letters (referred to by the Declaration of Rhian Morgan, paragraphs 5-16), for any former employee of WAYMO or its corporate affiliates.

**REQUEST FOR PRODUCTION NO. 71:**

DOCUMENTS sufficient to show the measures taken by DEFENDANTS to ensure that former employees of WAYMO or its corporate affiliates hired by DEFENDANTS did not retain confidential WAYMO information.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS REGARDING DEFENDANTS' policies regarding employees' use of personal computers or other devices while working at or for DEFENDANTS.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS AND COMMUNICATIONS REGARDING the MISAPPROPRIATED MATERIALS, INCLUDING but not limited to (i) DOCUMENTS containing any information derived from the MISAPPROPRIATED MATERIALS, (ii) any electronic media that contains or contained the MISAPPROPRIATED MATERIALS, and (iii) any DOCUMENTS REGARDING any meetings or discussions REGARDING the substance of the MISAPPROPRIATED MATERIALS outside of WAYMO.

**REQUEST FOR PRODUCTION NO. 74:**

DOCUMENTS sufficient to show the number of times LEVANDOWSKI has accessed any of DEFENDANTS' servers or networks (INCLUDING but not limited to CloudForge, SolidWorks, Google Drive, ███████████ ███████████ ███████████, Git repository, and any Wi-Fi network provided by DEFENDANTS at any of their offices) from a personal device.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "forensic examination" of KSHIRSAGAR's personal phone, work-issued phone, and work-issued laptop (referred to in the Declaration of Sameer Kshirsagar).

**REQUEST FOR PRODUCTION NO. 76:**

DOCUMENTS sufficient to show the hit counts for each of the Court-ordered 135 search terms (120 proposed by DEFENDANTS, and 15 proposed by WAYMO) for each custodial (e.g., LEVANDOWSKI) and non-custodial (e.g., Git repository) source encompassed by the Court's Order After Hearing Re Discovery Letter Dated April 3, 2017, with a per-term, per-source level of specificity.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS and COMMUNICATIONS REGARDING any consideration of an ethical wall or policy regarding LEVANDOWSKI's participation or input into DEFENDANTS'

All DOCUMENTS and COMMUNICATIONS REGARDING any compensation-related agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS cited by and/or referred to by DEFENDANTS in their Opposition to Motion to Compel (Dkt. 369) and supporting declarations thereto.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS provided to STROZ by DEFENDANTS or LEVANDOWSKI REGARDING LEVANDOWSKI¸ Lior Ron, OTTO, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS

**REQUEST FOR PRODUCTION NO. 88:**

DOCUMENTS sufficient to show all PERSONS other than UBER that negotiated with OTTOMOTTO and/or OTTO TRUCKING REGARDING a potential acquisition.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS and COMMUNICATIONS REGARDING negotiations between OTTOMOTTO and/or OTTO TRUCKING, on the one hand, and PERSONS other than UBER, on the other, REGARDING a potential acquisition of OTTOMOTTO and/or OTTO TRUCKING.

**REQUEST FOR PRODUCTION NO. 90:**

DOCUMENTS sufficient to show all of LEVANDOWSKI's past and present "Authorized Devices" (as that term is defined in UBER00006444, Section 7), INCLUDING (without limitation) all of LEVANDOWSKI's "Uber Devices" (Section 7.1) and "Non-Uber Devices" (Sections 7.1 and 7.2).

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS AND COMMUNICATIONS REGARDING any of LEVANDOWSKI's past and present "Authorized Devices" (as that term is defined in UBER00006444, Section 7), INCLUDING (without limitation) any request for approval in

1 connection with Section 7.2 or any de-authorization (whether contemplated or effecutated) under Section 7.3.

DATED: May 9, 2017                     QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                       By:   */s/ Charles K. Verhoeven*
                                             Charles K. Verhoeven
                                             Attorneys for Plaintiff WAYMO LLC.