# EXHIBIT 2

# FILED UNDER SEAL

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>            Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC<br><br>            Defendants. | Case No. 3:17-cv-00939-JCS<br><br>**PLAINTIFF WAYMO LLC'S FIRST SET EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 1-9)**<br><br>Honorable William H. Alsup |

**PLAINTIFF'S FIRST SET OF EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2015 PRELIMINARY INJUNCTION ORDER (DKT. 433)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's order granting further expedited discovery (Dkt. 433 at 25 ¶ 6), Plaintiff Waymo LLC ("Waymo") requests that Defendants Uber Technologies, Inc. ("Uber"), Ottomotto, LLC ("Ottomotto"), and Otto Trucking LLC ("Otto Trucking") (collectively "Defendants") answer under oath the following interrogatories within fourteen (14) calendar days of service.  Defendants are subject to

successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by APPARATE INTERNATIONAL.

14. "STROZ" means Stroz Friedberg, LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and STROZ's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by STROZ, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by STROZ.

15. "KSHIRSAGAR" means Sameer Kshirsagar.

16. "RADUTA" means Radu Raduta.

17. "MISAPPROPRIATED MATERIALS" refers to all GOOGLE and WAYMO DOCUMENTS and materials, whether digital or physical, and regardless of the manner stored, for which any current or former employee of DEFENDANTS retained possession, without authorization of either GOOGLE or WAYMO, after the employee ended his or her employment with GOOGLE/WAYMO. Without limitation, MISAPPROPRIATED MATERIALS includes at least: (i) each of the more than 14,000 digital files downloaded by LEVANDOWSKI on or about December 11, 2015 from the SVN repository; (ii) each file copied by LEVANDOWSKI from his GOOGLE laptop to an RDF5 USB 3.0 card reader on or about December 14, 2015; (iii) each of the five files titled: PBR Intensity Calibration; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that were exported by LEVANDOWSKI from Google Drive to a personal device on or about January 4, 2016; (iv) the file titled: Chauffer TL weekly updates – Q4 2015 exported by LEVANDOWSKI from Google Drive to a personal device on or about January 11, 2016; (v) the file titled ▓▓▓▓▓▓▓▓▓ that was exported by LEVANDOWSKI from Google Drive to a personal device on or about November 19, 2016; (vi) the file titled ▓▓▓▓▓▓▓▓▓ that was exported by LEVANDOWSKI from Google Drive to a personal device on or about November 4, 2016; each of the five files titled: ▓▓▓▓▓▓▓▓▓

1  ███████████████████████████████████████████████
2  ████ that were exported by KSHIRSAGAR from Google Drive in or around June and July
3  2016; (vii) each of the three files titled: ████████████████████████████ and
4  Consultants List; and automation vendors that were exported by RADUTA from Google Drive on
5  or around July 28, 2016.

6      18.    "LiDAR" means Light Detection and Ranging.

7      19.    "OTTOMOTTO MERGER AGREEMENT" is the DOCUMENT produced at
8  UBER00016453 and all DOCUMENTS appurtenant to that agreement including the
9  OTTOMOTTO DISCLOSURE SCHEDULES produced at UBER00016983.

10      20.    "OTTO TRUCKING MERGER AGREEMENT" is the DOCUMENT produced at
11  UBER00016757 and all DOCUMENTS appurtenant to that agreement including the OTTO
12  TRUCKING DISCLOSURE SCHEDULES produced at UBER00016974.

13      21.    "INDEMNITY CONSTRUCT" is the DOCUMENT produced at UBER00016432.

14      22.    ACQUISITION DOCUMENTS are the OTTOMOTTO MERGER AGREEMENT,
15  the OTTO TRUCKING MERGER AGREEMENT, the INDEMNITY CONSTRUCT, and other
16  DOCUMENTS REGARDING UBER'S acquisition of OTTOMOTTO and OTTO TRUCKING.

17      23.    "DUE DILIGENCE REPORT" is the due diligence report prepared by STROZ in
18  connection with UBER's acquisition of OTTO and OTTO TRUCKING, and all DOCUMENTS or
19  exhibits attached thereto.

20      24.    "DOCUMENTS" shall INCLUDE, without limitation, all written, graphic or
21  otherwise recorded material, INCLUDING without limitation, electronically stored information
22  regardless of the form of storage medium, microfilms or other film records or impressions, tape
23  recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films,
24  recordings, memoranda, books, records, accounts, communications, letters, telegrams,
25  correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office
26  memoranda or written communications of any nature, recordings of conversations either in
27  writings or upon any mechanical or electrical recording devices, INCLUDING e-mail, notes,
28  papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings,

   a. the basis on which the privilege is claimed;

   b. the names and positions of the author of the document and all other persons participating in the preparation of the document;

   c. the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

   d. the date of the document;

   e. a description of any accompanying material transmitted with or attached to such document;

   f. the number of pages in such document;

   g. the particular Interrogatory to which such document is responsive; and

   h. whether any business or non-legal matter is contained or discussed in such document.

34. DEFENDANTS' obligation to respond to these interrogatories is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY the locations and custody of all known copies of THE DOWNLOADED MATERIALS, or any documents describing THE DOWNLOADED MATERIALS. If any of the copies have no longer exist, explain DEFENDANTS' full knowledge as to the destruction.

**INTERROGATORY NO. 2:**

IDENTIFY all Diligenced Employees and the date(s) they became Diligenced Employees (as that term is used in the OTTOMOTTO MERGER AGREEMENT).

**INTERROGATORY NO. 3:**

IDENTIFY all Uber Devices and Non-Uber Devices (as those terms are defined in UBER00006444) that LEVANDOWSKI has used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444), or that LEVANDOWSKI could have used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444).

**INTERROGATORY NO. 4:**

Describe the ownership of TYTO and/or ODIN WAVE, INCLUDING the identity of all PERSONS with current or former ownership interests in TYTO and/or ODIN WAVE, that PERSON's current or former ownership interest(s), and the agreements creating or modifying those ownership interests.

**INTERROGATORY NO. 5:**

Describe all compensation (whether actual or conditional) discussed, conveyed or promised by DEFENDANTS to LEVANDOWSKI at any time, INCLUDING (without limitation) the DEFENDANT who discussed, conveyed or promised the compensation, the nature of the compensation, the date the compensation was promised and/or conveyed, the amount of the compensation, any conditions, contingencies, clawback rights or reservations associated with the compensation.

**INTERROGATORY NO. 6:**

Describe DEFENDANTS' efforts to preserve evidence relevant to THIS CASE, INCLUDING (without limitation) when DEFENDANTS instituted any litigation hold(s) REGARDING THIS CASE, how DEFENDANTS implemented any litigation hold, all PERSONS who received any litigation hold, when each PERSON received each litigation hold, which PERSON(S) was responsible for monitoring compliance with each litigation hold, and any instances of non-compliance with such litigation hold.

**INTERROGATORY NO. 7:**

For each of DEFENDANTS' past and present officers, directors, and employees identified in response to the Court's April 4, 2017 Order (Dkt. 144) as having had LiDAR-related responsibilities or projects, identify all LiDAR-related projects that the PERSON has worked on, INCLUDING (without limitation) any LiDAR-related projects involving third parties.

**INTERROGATORY NO. 8:**

Describe all consulting work performed by LEVANDOWSKI for UBER before August 18, 2016, INCLUDING the terms of the consulting and any compensation arrangements.