QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | CASE NO. 3:17-cv-00939-WHA <br><br> **PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL WAYMO'S RESPONSE TO COURT INQUIRY RE ANY USE BY WAYMO OF EPHEMERAL COMMUNICATIONS AND NON-ATTRIBUTABLE DEVICES** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal information in its Response to Court Inquiry Re Waymo Re Any Use By Waymo of Ephemeral Communications and Non-Attributable Devices ("Waymo's Response"), filed concurrently herewith. Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Response | Highlighted in blue | Defendants |
|  | Highlighted in green | Waymo |
| Exhibit 3 to Waymo's Response | Entire document | Waymo |
| Exhibit 4 to Waymo's Response | Entire document | Waymo |
| Exhibit 5 to Waymo's Response | Entire document | Waymo |
| Exhibit 6 to Waymo's Response | Entire document | Waymo |
| Exhibit 7 to Waymo's Response | Entire document | Waymo |
| Exhibit 8 to Waymo's Response | Entire document | Defendants |
| Exhibit 11 to Waymo's Response | Entire document | Waymo |

## I. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II. THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the portions of Waymo's Response and exhibits thereto identified by Waymo in the table above. Waymo seeks to file this information under seal because it discloses Waymo's confidential business information. *See* Declaration of Lindsay Cooper ("Cooper Decl.") ¶ 3. Confidential business information that, if released, may "harm a litigant's competitive standing" merits sealing. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978).

1  Specifically, those portions contain information regarding Waymo's internal security policies and
2  security guidelines for employees. *Id.* The public disclosure of this information would reveal
3  Google's confidential security priorities, causing heightened vulnerability of Google's internal
4  servers and systems to increased threats of unauthorized access. *Id.* Furthermore, disclosure of
5  such information would also cause significant competitive harm to Waymo, as its security
6  measures would become known to competitors who could use such information to Waymo's
7  disadvantage. *Id.* Waymo has narrowly tailored its requests to only information meriting sealing.
8  *Id.* Thus, the Court should grant Waymo's administrative motion to seal.

## III.   DEFENDANTS' CONFIDENTIAL INFORMATION

Waymo seeks to seal identified portions of these documents because Defendants have designated the information confidential and/or highly confidential.  Cooper Decl. ¶ 4.  In addition, portions of the Response (highlighted in yellow) contain references to a letter submitted to the Court by the United States Attorney, which the Court has held shall remain sealed until December 13 at noon. (*Id.* at ¶ 5; Dkt. 2307). Waymo takes no position on the merits of sealing the designated material, and expects Defendants to file one or more declarations in accordance with the Local Rules. Cooper Decl. ¶ 6.

## IV.   CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion.  For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's Administrative Motion.

DATED:  December 4, 2017          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorney for WAYMO LLC