MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:   415.268.7000
Facsimile:   415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C.  20005
Telephone:   202.237.2727
Facsimile:   202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                  Plaintiff,<br><br>        v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                  Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S SUPPLEMENTAL BRIEF ON JURY INSTRUCTIONS**<br><br>Judge:   The Honorable William Alsup<br><br>Trial Date: February 5, 2018 |

**I.    A Reasonable Royalty Is Not Available for Acquisition Alone**

The Court asked whether a party can recover a reasonable royalty if the jury finds that the defendant only acquired a trade secret but did not use or disclose it. It cannot. The CUTSA and DTSA provide for an award of reasonable royalties only when either use or disclosure is proven. The California statute limits reasonable royalties as a remedy for use of a trade secret:

> If neither damages nor unjust enrichment caused by misappropriation are provable, the court may order payment of a reasonable royalty **for no longer than the period of time the use could have been prohibited.**

Cal. Civ. Code § 3426.3(b) (emphasis added). Likewise, the federal statute limits a reasonable royalty to situations in which disclosure or use is present:

> [I]n lieu of damages measured by any other methods, the damages caused by the misappropriation measured by imposition of liability for a reasonable royalty for the misappropriator's unauthorized **disclosure or use of the trade secret**.

18 U.S.C. § 1836(b)(3)(B)(ii) (emphasis added). Perhaps because of the clear statutory language, Defendants have been unable to find any case that even addresses the question of whether a reasonable royalty is available based on acquisition alone.

The rationale underpinning a reasonable royalty demonstrates that it is available only in cases of use or disclosure. According to the Restatement (Third) of the Law of Unfair Competition:

> The fourth method awards to the plaintiff a reasonable royalty for the defendant's **use** of the trade secret. A reasonable royalty is the price that would be agreed upon by a willing buyer and a willing seller for the **use made** of the trade secret by the defendant. The method is not limited to a percentage of the defendant's sales or profits and may instead rely on any appropriate measure of the fair market value of the defendant's **use**. Selection of the appropriate method of measuring monetary relief depends on the facts and circumstances of the particular case.

Restatement (Third) of Unfair Competition § 45 cmt. G (emphasis added). The concept of a reasonable royalty and the application of the *Georgia Pacific* factors is entirely dependent on the idea that one party would be willing to pay for license so that it could *use* the trade secrets. *See generally* 35 U.S.C. § 284 (Patent Act authorizing a reasonable royalty "for the use made of the invention by the infringer"). No reasonable party would enter into a license to acquire but in no way use or disclose to another (so that they could use) the trade secrets.

**II.     Waymo Must Prove Defendants Were Unjustly Enriched to Recover Damages**

The Court inquired whether the jury must find that Defendants were unjustly enriched before awarding a reasonable royalty. In this case, the answer is clearly yes. Waymo has chosen to disclose and pursue a reasonable royalty calculation premised on first proving that Defendants were unjustly enriched: the only disclosed reasonable royalty methodology is Waymo's expert's "decision to simply raise his unjust enrichment numbers by ten percent across the board." Dkt. 2220, at 14 ("Wagner's reasonable royalty calculation is premised on his unjust enrichment (measured by incremental future profits)"). Mr. Wagner has now been excluded, and Waymo has offered no other computation regarding a reasonable royalty. Even if Waymo now tries to offer that testimony through lay witnesses, unjust enrichment is still a necessary predicate to any reasonable royalty based on Waymo's own chosen methodology.

Setting aside Waymo's specific theories of liability in this case, a reasonable royalty exists to remedy unquantifiable harm to the plaintiff or unjust benefit gained by a defendant and would be inappropriate, absent proof of at least the *fact* of such harm caused or benefit obtained. California courts, however, have not confronted the issue of whether such a jury finding is a prerequisite to an award of a reasonable royalty because, historically, the question of whether to award a reasonable royalty was reserved for the Court.

   A.   Waymo Has Only Pursued a Reasonable Royalty Calculation Dependent on Proving Unjust Enrichment

Waymo has disclosed only one reasonable royalty theory in this case, and it depends on Waymo proving that Defendants were unjustly enriched. *See* Dkt. 2220 at 13–14. As the Court is aware, Defendants repeatedly sought disclosure of Waymo's reasonable royalty calculation as required by Rule 26 by interrogatory and by motion. Waymo repeatedly rebuffed Uber, telling it that its calculation would come from its damages expert:

> Waymo's damages expert will analyze and compute the amount of reasonable royalty damages payable to Waymo by Defendants due to the misappropriation of the trade secrets based on the documents and information produced by Waymo, Defendants and third parties during discovery, as well as independent research conducted by Waymo's damages expert. Specifically, Waymo's expert will,

among other things, opine as to the appropriate reasonable royalty, either in the form of a lump sum payment or a running royalty rate, or a combination of both.

Plaintiff's Third Supplemental Objections and Responses to Uber's Third Set of Interrogatories (No. 13) at 14, 39, 60, Dkt. 2254-7.  The reasonable royalty calculation that Waymo ultimately disclosed through Mr. Wagner is premised on unjust enrichment as a royalty base:

> To quantify a reasonable royalty that defendants would have paid for Waymo's allegedly misappropriated trade secrets, Wagner began with a hypothetical negotiation in the December 2015 to August 2016 period and a "baseline royalty" equal to the unjust enrichment (measured by incremental future profits) that he had calculated earlier (*id.* ¶¶ 383–85). He ran through the Georgia-Pacific factors, concluding that fourteen were either "neutral" or would tend to increase the reasonable royalty by some unspecified amount while the fifteenth "in essence synthesizes the fourteen" other factors (*id.* ¶¶ 386–438). *See generally Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (listing fifteen factors pertinent to reasonable royalty calculations for a patent license). After summing up these "neutral" or "increase" factors, Wagner then simply concluded, "In my opinion, based on all the considerations described above, the reasonable royalty that would be agreed to by the parties is a ten percent (10%) increase over the Baseline Royalty" (Dkt. No. 1615 ¶ 439).

Order Excluding Michael Wagner, Restricting Use of Financial Evidence At Trial, and Denying Other Relief, Dkt. 2220.  This remains Waymo's only disclosed computation of a reasonable royalty and therefore the only one it should be permitted to present at trial under Rule 26.[1]  If Waymo cannot prove unjust enrichment, then there is nothing to adjust upward by a 10% multiplier:  0 x 10% = 0.

    B. <u>To Obtain a Reasonable Royalty, a Plaintiff Must Either Be Harmed or a Defendant Benefited</u>

Setting aside the specifics of this case and Waymo's disclosed reasonable royalty calculation, proving that a plaintiff was harmed or that defendants obtained some benefit, even if unquantifiable, is a necessary aspect of any reasonable royalty award.  California courts have never confronted whether a jury needs to make specific findings about unquantifiable harm or

---

[1] As Defendants explained elsewhere, Waymo should not be permitted to put any other methodology for calculating a reasonable royalty before the jury at trial.  No such methodology has *ever* been disclosed in this case—in Waymo's Rule 26 disclosures, in its interrogatory responses, or anywhere else.  *See* Dkt. 2253 at 8–9.

benefit obtained before rendering a reasonable royalty award because that role, in California, was traditionally reserved for the court. *See* Cal. Civ. Code § 3426.3(b). California courts have, however, held that courts are free to exercise their discretion to award a reasonable royalty even where juries had rejected the *specific* theories of unjust enrichment or actual loss offered at trial. But even these cases presume or rely on the presence of some unquantifiable harm or unjust benefit in order to award a reasonable royalty.

Waymo cites two cases for the proposition that a reasonable royalty may be appropriate even when no unjust enrichment has occurred. *See Atlantic Inertial Systems, Inc. v. Condor Pacific Indus. of California*, 545 F. App'x 600, 601 (9th Cir. 2013); *Ajaxo Inc. v. E*Trade Fin. Corp.*, 187 Cal. App. 4th 1295, 1313 (2010). These cases, however, stand for the proposition that, when a jury rejects the *computation* of unjust enrichment or harm to a plaintiff, the Court was still free to fashion a reasonable royalty to compensate the plaintiff for the unquantified damage it suffered or benefit a defendant received. Both cases in fact make clear that the point of a reasonable royalty is to provide compensation where the actual loss or benefit is difficult or impossible to quantify. For example, on remand in *Atlantic Inertial*, Judge Snyder explained that a reasonable royalty was appropriate, in part, because "defendants plainly obtained a benefit from their use of plaintiff's trade secrets":

> Further, **defendants plainly obtained a benefit from their use of plaintiff's trade secrets**: a government contract to produce and repair gyroscopes. Defendants resist this conclusion, likewise on the basis that the government's approval of Condor II as a supplier was premised primarily on Condor II's willingness to become a supplier. Defendants effectively contend that the submission of the gyroscopic drawings was not the proximate cause of the government's approval decision. The Court finds no support in defendants' briefing or otherwise for the proposition that the benefit accrued by a defendant through the use of a misappropriated trade secret must accrue from the use of the trade secret in isolation. To the contrary, as the University Computing court explained, the reasonable royalty standard historically was used "to deal with the situation where the misappropriated idea is used either to improve the defendant's manufacturing process, or is used as part of a larger manufactured product." 504 F.2d at 536.

*Atlantic Inertial Sys,, Inc. v. Condor Pacific Indus. of California*, No. 08-cv-02947-CAS (PJWx), 2015 WL 3825318, at *8 (C.D. Cal. June 18, 2015) (emphasis added); s*ee also Ajaxo Inc.*, 187 Cal. App. 4th at 1312 (discussing benefits that the defendant received).

4

Moreover, the nature of the reasonable royalty remedy defeats any argument that unjust enrichment is not intimately connected with a reasonable royalty. To determine the measure of a reasonable royalty, a "court calculates what the parties would have agreed to as a fair licensing price at the time that the misappropriation occurred." *Ajaxo*, 187 Cal. App. 4th at 1308. No reasonable defendant would pay money if it did not believe it was obtaining a benefit by the use or disclosure of a trade secret.

### C.  Waymo's Wholesale Modifications to RTJI III Are Unwarranted

Even if the Court were disinclined to require a jury to render specific findings on unjust enrichment and substantial factor as predicates to awarding a reasonable royalty, the RTJI would not need the major edits suggested by Waymo. *See* Dkt. 2278. The parties have already agreed, consistent with the CUTSA and the DTSA, that a reasonable royalty is only available once the jury has considered and rejected awarding damages based on Waymo's unjust enrichment theory. *See* Joint Proposed Jury Instruction on Reasonable Royalty, Dkt. 2229. RTJI XIX already follows the parties' agreement by instructing the jury that a reasonable royalty is a remedy of last resort that may be available if no unjust enrichment damages are awarded and will be accompanied by further instructions. The Court could modify the instruction slightly to inform the jury that it need not make specific findings as to unjust enrichment in order to be able to award a reasonable royalty:

> If you find, as to any Alleged Trade Secret, that Defendants used or disclosed it ~~it was misappropriated~~ but that Waymo has failed to prove either that Defendants were unjustly enriched or the amount by which they were unjustly enriched, ~~a non-speculative amount of unjust enrichment~~, meaning on Special Verdict Question Nos. 2 and 6 you either found no unjust enrichment or awarded zero~~answer Yes and Zero~~, then we may have a short supplemental instruction and supplemental closing argument to assist you in arriving at an alternative form of award.

Following this path would properly instruct the jury on the requirements of making a monetary award based on unjust enrichment and leave the Court flexibility in fashioning an instruction on reasonable royalty that conforms to the evidence.

### III.  Damages is an Element of a Monetary Trade Secret Misappropriation Claim

Waymo's argument that the Court should simply remove damages as an element of the misappropriation claim in the RTJIs should be rejected. *See* Dkt. 2278. California law makes

5

proving entitlement to damages an essential element of a trade secret claim seeking monetary relief. *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 220 (2010), which CACI cites for this point, identifies "actual or threatened injury" as an element of a claim under the CUTSA:

> A cause of action for monetary relief under CUTSA may be said to consist of the following elements: (1) possession by the plaintiff of a trade secret; (2) the defendant's misappropriation of the trade secret, meaning its wrongful acquisition, disclosure, or use; and (3) **resulting or threatened injury to the plaintiff**. (3426.3; *see id.*, §§ 3426.1, 3426.2.) The first of these elements is typically the most important, in the sense that until the content and nature of the claimed secret is ascertained, it will likely be impossible to intelligibly analyze the remaining issues.

*Id.* at 1295 (emphasis added). Similarly, in *Unilogic v. Burroughs Corp.*, 10 Cal. App. 4th 612 (1992), the court, despite finding that the plaintiff had established defendants had taken its trade secrets, granted a non-suit on its trade secret claims because the plaintiff had not provided sufficient evidence of the quantum of damages:

> In this case, the amount of restitution based upon an unjust enrichment theory depends upon the degree to which Unilogic was enriched by retention and use of Burroughs's proprietary information. And that enrichment, if any, is not necessarily equivalent to Burroughs's loss, if any. While Still's testimony may have served as a starting point, neither his valuations nor any other evidence introduced by Burroughs directly addressed the degree to which Unilogic was enriched. **There was no point in submitting the liability issue to the jury when there was no basis for a determination of damages.**
>
> Nor was it necessary to submit the liability issue to the jury in order to allow the trial court thereafter to determine a reasonable royalty or to impose an injunction. **Just as Burroughs presented no evidence of the degree of Unilogic's enrichment, Burroughs likewise presented no evidence that would allow the court to determine what royalty, if any, would be reasonable under the circumstances**. And the court was obviously not willing to grant injunctive relief, regardless of the jury's decision on liability. As noted above, the court had already denied injunctive relief under Burroughs's eleventh cause of action, based in part on Burroughs's unclean hands. Burroughs has not briefed that ruling on appeal and has not explained why a request for injunctive relief under its tenth cause of action for misappropriation of trade secrets would have fared better or why a denial of such relief would have constituted error.

*Id.* at 628 (emphasis added). This conclusion is further supported by other jury instructions in CACI, which instruct that, to avoid jury confusion, the Court should only instruct the jury on live theories of liability for which a plaintiff has offered proof of damages:

> To avoid confusion, instruct the jury only on the particular theory of misappropriation applicable under the facts of the case. For example, the jury

should not be instructed on misappropriation through "use" if the plaintiff does not assert that the defendant improperly used the trade secrets. Nor should the jury be instructed on a particular type of "use" if that type of "use" is not asserted and supported by the evidence.

CACI 4401, Directions for Use. RTJI III thus properly reflects the law that, when seeking an award premised on unjust enrichment, a plaintiff must prove both unjust enrichment and that the use or disclosure was a substantial factor in causing the unjust enrichment.

Even if the Court were disinclined to include unjust enrichment as an element of Waymo's claim, it should modify RTJI III so that it was clear that Waymo must prove its entitlement to some type of damages—be it unjust enrichment or reasonable royalty—in order for it to prevail on its claim.

Dated: December 7, 2017                MORRISON & FOERSTER LLP
                                       BOIES SCHILLER FLEXNER LLP
                                       SUSMAN GODFREY LLP


                                       By: */s/ William Christopher Carmody*
                                           William Christopher Carmody

                                       Attorneys for Defendants
                                       UBER TECHNOLOGIES, INC. and
                                       OTTOMOTTO LLC

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Supplemental Brief.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that William Christopher Carmody has concurred in this filing.

Dated:  December 7, 2017                         */s/ Michael A. Jacobs*
                                                                    Michael A. Jacobs