MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P. M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM C. CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN J. RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>  Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF SYLVIA RIVERA IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO LLC'S RESPONSE TO WAYMO'S SUBMISSION TO SPECIAL MASTER COOPER REGARDING THE JACOBS DOCUMENTS**<br><br>Judge: Hon. William H. Alsup<br>Trial Date: February 5, 2018 |

I, Sylvia Rivera, declare as follows:

1. I am a partner with the law firm of Morrison & Foerster LLP representing Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") in this matter. I am a member in good standing of the Bar of the State of California. I make this declaration in support of Uber's Response to Waymo's Submission to Special Master Cooper Regarding The Jacobs Documents. I make this declaration based on personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.

2. Pursuant to the Court's May 11, 2017 order, Waymo served 26 expedited document requests on Uber. Waymo's requests were served on May 22 and May 26, 2017. Uber timely responded on June 5 and June 9, 2017. Uber worked diligently to produce responsive documents. Taking into account those and prior productions, Uber had produced more than 20,000 documents by the time it began responding to Waymo's non-expedited document requests.

3. In general, where it would not make sense to use search terms to search for documents responsive to a particular document request, Uber performed a targeted collection. For example, it specifically collected minutes from meetings of the Board of Directors, documents from the virtual data room for the Uber - Ottomotto deal, lab notebooks, and documents from personnel files in response to document requests seeking such material.

4. Waymo served Requests for Production ("RFPs") 1-91 ("RFPs") on Uber on May 9, 2017. The time for Uber to respond was tolled, however, as a result of the Court's intervening May 11, 2017 order, which granted Waymo expedited discovery and required it to exhaust such discovery before proceeding to non-expedited discovery.

5. Waymo served RFPs 92-152 on Uber on May 11, 2017. The time for Uber to respond was similarly tolled.

6. Waymo served RFPs 153-265 on Uber on May 31, 2017.

7. Waymo did not serve any discovery requests seeking complaints or allegations made by any current or former employees against Uber or any of its employees in connection

RIVERA DECL. ISO UBER'S RESPONSE TO WAYMO'S SUBMISSION TO SPECIAL MASTER COOPER RE THE JACOBS DOCUMENTS; Case No. 3:17-cv-00939-WHA
la-1367590

1

with Waymo, any alleged theft of trade secrets, or the use of non-attributable devices or ephemeral messaging platforms.

8. Uber timely objected and responded to Waymo's RFPs 1-91 on June 23, 2017. Attached as **Exhibit A** is a true and correct copy of Uber's objections and responses to Waymo's RFPs 1-91. Uber objected generally to RFPs 1-91 to the extent they required Uber "to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage."

   a. RFP 29: RFP 29 asked for all documents and communications regarding "*negotiations*" over Uber's acquisition of Ottomotto. Uber objected to RFP 29 as, among other things, irrelevant, overbroad, and not proportional, and stated that it was "willing to meet and confer with Plaintiff to narrow the scope, subject matter, and time frame of this Request."

   b. RFP 72: RFP 72 asked for all documents regarding Uber's *policies* on employees' use of *personal computers or other devices* while working at or for Uber. Uber objected to RFP 72 as, among other things, irrelevant, overbroad, and not proportional, and stated that it had already produced Uber's Network & Device Acceptable Use Policy, and would produce "further relevant, responsive non-privileged DOCUMENTS located through a reasonably diligent search."

   RFP 73: RFP 73 asked for all documents and communications regarding the "MISAPPROPRIATED MATERIALS," defined as Google/Waymo documents for which any current or former Uber employee "retained possession" after he or she left Google/Waymo. The definition goes on to describe specific Google/Waymo documents allegedly downloaded and/or exported by Anthony Levandowski, Sameer Kshirsagar, and Radu Raduta. Uber objected to the definition of "MISAPPROPRIATED MATERIALS" as "overbroad, vague and ambiguous to the extent it includes material unknown to Defendants or that are otherwise not relevant to the issues in

RIVERA DECL. ISO UBER'S RESPONSE TO WAYMO'S SUBMISSION TO SPECIAL MASTER COOPER RE THE JACOBS DOCUMENTS; Case No. 3:17-cv-00939-WHA
la-1367590

2

this litigation." Uber also objected to RFP 73 as, among other things, irrelevant, overbroad, unduly burdensome and not proportional, and stated that Uber has "not located any of the 14,000 digital files allegedly downloaded by LEVANDOWSKI on or about December 11, 2015 from the SVN repository except for common files that are not proprietary to Waymo and have not located any documents that contain information from those Waymo files using the search terms provided by Waymo in connection with the search for those files."

    c. <u>RFP 91</u>: RFP 91 asked for all documents and communications about Levandowski's "Authorized Devices" which is defined as being "limited to Uber Devices, Non-Uber Devices mobile for which Mobile Device Management software ("MDM") has been installed." (UBER00006444, Section 7.) Uber responded: "After a diligent search and reasonable inquiry, Defendants respond that there are no non-privileged documents responsive to this Request."

9. Uber timely served objections and responses to RFPs 153-265 on June 30, 2017. Attached as **Exhibit B** is a true and correct copy of Uber's objections and responses to Waymo's RFPs 153-265.

    a. <u>RFP 168</u>: RFP 168 asked specifically for all "minutes of meetings" of Uber's Board of Directors or any committee of the Board during which LiDAR was discussed. Uber responded it would "produce non-privileged Board of Directors meeting minutes responsive to this Request located through a reasonably diligent search."

10. On July 1, 2017, I participated in a meet-and-confer telephone call with the Special Master and counsel for Waymo, among others. During that call, the parties and the Special Master agreed that the parties would exchange the search terms, date ranges, custodians, and non-custodial sources that the parties were utilizing to search for relevant documents that were responsive to the parties' respective discovery requests.

RIVERA DECL. ISO UBER'S RESPONSE TO WAYMO'S SUBMISSION TO SPECIAL MASTER COOPER RE THE JACOBS DOCUMENTS; Case No. 3:17-cv-00939-WHA
la-1367590

3

11.     On July 3, 2017, Uber and Waymo exchanged the search protocols that they had been utilizing to search for relevant documents that were responsive to each other's respective discovery requests.

12.     Attached as **Exhibit C** is a true and correct copy of an email I sent to Waymo's counsel, among others, on July 3, 2017, attaching Uber's search protocol in response to Waymo's discovery requests.

13.     Attached as **Exhibit D** is a true and correct copy of an email I received from Waymo's counsel, Andrea Roberts, on July 3, 2017, attaching Waymo's search protocol "in response to Uber's 1st and 2nd Sets of RFPs."

14.     Attached as **Exhibit E** is a true and correct copy of an email I sent to Waymo's counsel, among others, on July 7, 2017, summarizing the meet-and-confer negotiations regarding Uber's responses to Waymo's document requests that took place during multiple telephone calls earlier that week, as well as responding to certain pending meet-and-confer issues. In an effort to narrow the overbroad scope of RFP 29 to something reasonable, I confirmed that Uber agreed "to produce non-privileged, responsive documents pertaining to the negotiation of the consideration for the Uber-Otto transaction, the IP acquired, and the satisfaction of certain closing conditions (the parties to confer on which closing conditions as described below at RFP No. 27)."

15.     Attached as **Exhibit F** is a true and correct copy of an email I sent to Waymo's counsel, among others, on July 10, 2017, stating that in response to RFP 72 Uber agreed "to produce non-privileged, responsive documents regarding Anthony Levandowski's use of personal computers or other devices, to the extent it locates such documents." Waymo's counsel, James Judah, stated during a meet-and-confer call with the Special Master on July 10, 2017, that the "dispute on 72 is resolved." Brimer Decl., Ex. D at 2.

16.     Attached as **Exhibit G** is a true and correct copy of an email I received from Waymo counsel James Judah on July 18, 2017.

17.     Attached as **Exhibit H** is a true and correct excerpt of the definitions of "Documents", "Communications", and "Regarding" for Waymo's RFPs 1-91.

18.     Attached as **Exhibit I** is a true and correct copy of a document produced by

RIVERA DECL. ISO UBER'S RESPONSE TO WAYMO'S SUBMISSION TO SPECIAL MASTER COOPER RE THE JACOBS DOCUMENTS; Case No. 3:17-cv-00939-WHA
la-1367590

4

Defendants bearing Bates number UBER00006444 – UBER00006450.

19. Attached as **Exhibit J** is a true and correct copy of a document produced by Defendants bearing Bates number UBER00330793.

20. Attached as **Exhibit K** is a true and correct copy of the Privilege Log Relating to First Communications with Outside Waymo Litigation Counsel produced by Wilmer Hale on December 5, 2017.

21. Attached as **Exhibit L** is a true and correct copy of Plaintiff Waymo's Submission to Special Master Cooper Regarding Uber's Obligation to Produce Jacobs Letter and Related Documents, dated December 5, 2017.

22. Attached as **Exhibit M** is a true and correct copy of Exhibit 4 to Plaintiff Waymo's Submission to Special Master Cooper Regarding Uber's Obligation to Produce Jacobs Letter and Related Documents, dated December 5, 2017.

23. Attached as **Exhibit N** is a true and correct copy of Exhibit 5 to Plaintiff Waymo's Submission to Special Master Cooper Regarding Uber's Obligation to Produce Jacobs Letter and Related Documents, dated December 5, 2017.

24. Attached as **Exhibit O** is a true and correct copy of Exhibit 7 to Plaintiff Waymo's Submission to Special Master Cooper Regarding Uber's Obligation to Produce Jacobs Letter and Related Documents, dated December 5, 2017.

25. Attached as **Exhibit P** is a true and correct copy of Exhibit 9 to Plaintiff Waymo's Submission to Special Master Cooper Regarding Uber's Obligation to Produce Jacobs Letter and Related Documents, dated December 5, 2017.

26. Attached as **Exhibit Q** is a true and correct copy of an email from Randall Lee of Wilmer Hale regarding Waymo v. Uber – Log of First Communications, dated December 7, 2017.

27. Attached as **Exhibit R** is a true and correct copy of an email from Karen Dunn of Boies Schiller regarding Waymo v. Uber: Boies Schiller log, dated December 8, 2017.

RIVERA DECL. ISO UBER'S RESPONSE TO WAYMO'S SUBMISSION TO SPECIAL MASTER COOPER RE THE JACOBS DOCUMENTS; Case No. 3:17-cv-00939-WHA
la-1367590

5

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of December, 2017, in Los Angeles, California.

*/s/ Sylvia Rivera*
Sylvia Rivera

RIVERA DECL. ISO UBER'S RESPONSE TO WAYMO'S SUBMISSION TO SPECIAL MASTER COOPER RE THE JACOBS DOCUMENTS; Case No. 3:17-cv-00939-WHA
la-1367590

6

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Sylvia Rivera has concurred in this filing.

*/s/ Arturo J. González*
Arturo J. González

RIVERA DECL. ISO UBER'S RESPONSE TO WAYMO'S SUBMISSION TO SPECIAL MASTER COOPER RE THE JACOBS DOCUMENTS; Case No. 3:17-cv-00939-WHA
la-1367590

7