# EXHIBIT H

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>             Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC<br><br>             Defendants. | Case No. 3:17-cv-00939-JCS<br><br>**PLAINTIFF WAYMO LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**<br><br>Honorable William H. Alsup<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; AND OTTO TRUCKING LLC**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Waymo LLC ("Waymo") requests that Defendants Uber Technologies, Inc. ("Uber"), Ottomotto, LLC ("Ottomotto"), and Otto Trucking LLC ("Otto Trucking") (collectively "Defendants"), produce for inspection and copying within thirty days (30) hereof the documents set forth below at the offices

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1 Consultants List; and automation vendors that were exported by RADUTA from Google Drive on or around July 28, 2016.

17. "LiDAR" means Light Detection and Ranging.

18. "DOCUMENTS" shall INCLUDE, without limitation, all written, graphic or otherwise recorded material, INCLUDING without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, INCLUDING e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, INCLUDING by the addition of handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically INCLUDES information stored in a computer database and capable of being generated in documentary form, such as electronic mail, text messages (i.e., SMS messages), other electronic messages including messages sent or received via Slack, WhatsApp, Google Hangouts, Facebook Messenger, and the like.

19. "COMMUNICATIONS" shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

20. "THING" means any tangible object, other than a DOCUMENT.

21. "PERSON" means to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and

agencies.  The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

22. "REGARDING," shall mean relating to, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

23. "INCLUDE" and "INCLUDING" shall mean including without limitation.

24. Use of the singular also INCLUDES the plural and vice-versa.

25. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests for Production.

26. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

27. The term "any" shall include "all" and "all" shall include "any."

## INSTRUCTIONS

The following instructions shall apply to each of the Requests herein:

1. In answering the following Requests, furnish all available information, including information in the possession, custody or control of any of DEFENDANTS' attorneys, directors, officers, agents, employees, representatives, associates, investigators, divisions, affiliates, partnerships, parents, subsidiaries and PERSONS under DEFENDANTS' control, who have the best knowledge, not merely information known to DEFENDANTS based on DEFENDANTS own personal knowledge.  If DEFENDANTS cannot fully respond to the following Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Request that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Request cannot be answered fully and completely; and state what