1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Tel:   415.268.7000 / Fax:   415.268.7522
5
   KAREN L. DUNN (*Pro Hac Vice*)
6  kdunn@bsfllp.com
   HAMISH P. M. HUME (*Pro Hac Vice*)
7  hhume@bsfllp.com
   BOIES SCHILLER FLEXNER LLP
8  1401 New York Avenue, N.W.
   Washington, D.C. 20005
9  Tel:   202.237.2727 / Fax:   202.237.6131

10 WILLIAM C. CARMODY (*Pro Hac Vice*)
   bcarmody@susmangodfrey.com
11 SHAWN J. RABIN (*Pro Hac Vice*)
   srabin@susmangodfrey.com
12 SUSMAN GODFREY LLP
   1301 Avenue of the Americas, 32nd Floor
13 New York, New York 10019
   Tel:   212.336.8330 / Fax:   212.336.8340
14
   Attorneys for Defendants
15 UBER TECHNOLOGIES, INC.
   and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>  Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF MAXWELL V. PRITT IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC.'S AND OTTOMOTTO LLC'S RESPONSE TO WAYMO'S SUBMISSION TO SPECIAL MASTER COOPER REGARDING THE JACOBS DOCUMENTS**<br><br>Judge:   Hon. William H. Alsup<br>Trial Date: February 5, 2018 |

I, Maxwell V. Pritt, declare as follows:

1. I am Counsel with the law firm Boies Schiller Flexner LLP representing Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") in this matter. I am a member in good standing of the Bar of the State of California. I make this declaration in support of Uber's Response to Waymo's Submission to Special Master Cooper Regarding Jacobs Documents. I make this declaration based on personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.

2. On June 12, 2017, Waymo served its objections and responses to Uber's requests for production ("RFPs") 1-146. Among other objections, Waymo objected to all of the RFPs "to the extent that they require Waymo to provide documents beyond what is available to Waymo at present from a reasonable search of its own files." Waymo objected to all of Uber's subsequent RFPs on this same ground. I repeatedly asked, and Special Master Cooper directed, counsel for Waymo during meet-and-confer telephone calls to explain the searches Waymo conducted to collect and produce responsive documents. Waymo refused, simply repeating that Waymo "conducted a reasonable investigation of Waymo, Google and Alphabet, and searched, collected and produced documents from those sources as appropriate." Attached as **Exhibit A** is a true and correct copy of an email I received from Waymo counsel Jeff Nardinelli on July 25, 2017. Waymo counsel refused to provide an explanation on grounds of privilege. *See, e.g.*, Declaration of Marcie Brimer ("Brimer Decl."), Ex. E at 2 ("J. Baker: We can answer general questions, but I have concerns about committing to telling what we did specifically for our doc collection.").

3. On July 1, 2017, I received an email from Waymo counsel Andrea Roberts in which she wrote: "Following up on today's call, Waymo agrees to disclose to Uber by noon on Monday the custodial and non-custodial sources searched in response to Defendants' document requests, and the date ranges and search terms used." Attached as **Exhibit B** is a true and correct copy of the email I received from Ms. Roberts on July 1, 2017. Ms. Roberts also wrote in that email that Waymo "hope[d] that this mutual exchange will *narrow the issues in dispute going forward and not be used to create more disputes*," despite the fact that Waymo "would have

PRITT DECL. ISO UBER'S RESPONSE TO WAYMO'S SUBMISSION TO SPECIAL MASTER COOPER RE THE JACOBS DOCUMENTS; Case No. 3:17-cv-00939-WHA

1

preferred to have these discussions" earlier in the case.

4. On July 3, 2017, I received an email from Waymo counsel Andrea Roberts in which she reiterated that Waymo believed that the purpose of exchanging and negotiating search terms and custodians was "*to reduce future disputes*, not create more of them. The best way to accomplish this is by agreeing to bounds of ESI discovery." Rivera Decl. Ex. P at 1 (emphasis added).

5. On July 6, 2017, I emailed Waymo's counsel, among others, "regarding some initial concerns and deficiencies in the custodial and non-custodial sources Waymo searched in response to Uber's and Ottomotto's first and second sets of document requests, and the date ranges and search terms Waymo used, which Waymo disclosed on Monday, July 3." Rivera Decl., Ex. M at 1. I pointed out in my email some of the numerous deficiencies in the search terms and custodians Waymo had exchanged with Uber. Because Waymo unilaterally applied restrictive search terms—and the parties had not yet agreed upon terms—to capture documents responsive to numerous RFPs, I explained that Waymo had "not satisfied its obligation produce all documents responsive to Uber's requests to the extent Waymo agreed to produce [them]—not just ones that hit on Waymo's restrictive search terms." *Id.* (emphasis added).

6. I attended a telephonic meet and confer with Waymo counsel and Special Master Cooper on July 7, 2017. During that call, Waymo counsel Andrea Roberts stated that it was Waymo's position that the parties should "come to some sort of protocol"—"an agreement on the number of custodians and the number of search terms *so that we don't have this ongoing litigation about ESI*." Brimer Decl., Ex. C at 16 (emphasis added). Ms. Roberts reiterated that Waymo wanted "boundaries" and "to come to an *agreement limiting what one side can demand of the other*." *Id.* at 18, 19 (emphasis added); *see also id.* at 18 (stating that Waymo wanted "finality" over the scope of discovery, which the Special Master agreed with).

7. On July 8, 2017, I received an email from Waymo counsel Jeff Nardinelli, which stated: "Waymo hereby repeats its offer *to agree to a set of search terms sufficient to meet both parties' needs*. Ms. Roberts circulated again yesterday the ESI order that Waymo proposed on May 30. We request that Defendants either *agree to the boundaries for electronic searches*

PRITT DECL. ISO UBER'S RESPONSE TO WAYMO'S SUBMISSION TO SPECIAL MASTER COOPER RE THE JACOBS DOCUMENTS; Case No. 3:17-cv-00939-WHA

2

therein, or make a counter-proposal. *The list Uber circulated last night is a useful starting point, but also makes clear that any exchange of search terms must include reasonable negotiation* (which is anticipated in Waymo's proposed ESI order); some of Uber's suggested terms are much more reasonable than others." Rivera Decl., Ex. N at 13 (emphasis added). I responded to Mr. Nardinelli's email on July11, agreeing that the search term negotiations were "*an effort to reach agreement on the scope of further discovery in this case*." *Id.* at 6-7 (emphasis added).

8.    On July 20, 2017, I wrote Waymo counsel Andrea Roberts and Special Master Cooper regarding the parties' ongoing search term and custodian negotiations. Like my July 6, 2017 email, I explained that because "Waymo's search terms were overly restrictive and inconsistently applies across custodians"—and because the parties' had not yet agreed upon terms and custodians—"Waymo has an obligation to conduct a reasonable search for responsive documents separate and apart from any search term negotiations. To the extent Waymo failed to conduct a proper search for responsive documents by using overly restrictive terms and inconsistently applying them, that is a reasonable basis for further depositions." *Id.* at 1. I then wrote: "Nonetheless, attached are Uber's responses on the proposed search terms and custodians," and continued to attempt to reach agreement on the scope of discovery. *Id.*

9.    I attended a telephonic meet and confer with Waymo counsel and Special Master Cooper on July 25, 2017. During that call, the parties continued discussing search terms and custodians, and the Special Master reiterated his position that the purpose of the parties' negotiations was "to get the best possible search protocol, not just an order." Declaration of Samuel C. Cortina ("Cortina Decl."), Ex. A at 5.

10.   I attended a telephonic meet and confer with Special Master Cooper and counsel for Waymo on July 25, 2017. During that conference, the Special Master said the goal of the search term and custodian negotiations was "to get to the best possible search protocol, not just an order." Cortina Decl., Ex. A at 5.

11.   I attended a telephonic meet and confer with Waymo counsel and Special Master Cooper on July 26, 2017. During that conference, the parties discussed Waymo's request that

PRITT DECL. ISO UBER'S RESPONSE TO WAYMO'S SUBMISSION TO SPECIAL MASTER COOPER RE THE JACOBS DOCUMENTS; Case No. 3:17-cv-00939-WHA

3

Uber search all of Anthony Levandowski's emails without applying search terms. Special Master Cooper responded: "Andrea, listening to this, my reaction is that that [Uber's proposal to search for responsive documents in Levandowski's email by applying agreed-upon search terms and searching for communications with specified individuals] sounds like a reasonable request, and *searching beyond the search terms in hopes that you hit something sounds like casting a net, didn't want to say fishing*." Cortina Decl., Ex. B at 4 (emphasis added).  Special Master Cooper also stated again that his "goal" for the parties' search terms and custodians "is to get an agreement about the best possible procedure. I think it's better if we agree." *Id.* at 6.

12. I attended a telephonic meet and confer with Waymo counsel and Special Master Cooper on August 3, 2017. During that conference, the parties continued negotiating search terms and custodians. Waymo counsel Andrea Roberts stated that Waymo's searches were "not limited to relying on electronic search terms" to the extent "there are RFPs not captured by search terms." Cortina Decl., Ex. C at 7. During the parties' discussion of the scope of discovery, Special Master Cooper also stated that "*we aren't going scorched earth*, we are trying to work out what is reasonable between reasonable people and good lawyers, I don't standing alone see an answer but it's not scorched earth." *Id.* at 8 (emphasis added).

13. On August 6, 2017, I emailed Waymo counsel and others requesting a meet and confer regarding some of Waymo's objections and responses to Uber's RFPs sets 4 and 5. Rivera Decl., Ex. O at 1-3. Waymo counsel Jeff Nardinelli responded on August 8, 2017, stating: "Responses inline in bold, but as an initial matter, *for many of the issues you list below, it seems sufficient to produce documents located by running the agreed-upon search terms over the agreed-upon custodians and producing responsive documents*. Is Uber asking that Waymo run additional search terms over additional custodians in addition to the parties' agreement and Judge Corley's order? (Dkt. 1094). If so please provide your basis for doing so in light of *the parties' extensive negotiations of terms*." (*Id.* at 1) (emphasis added).

14. I attended a telephonic meet and confer with Waymo counsel and Special Master Cooper on August 10, 2017. During the conference, I asked Waymo to run the agreed-upon searches on the RFPs that Uber had issued after the parties' initially exchanged proposed search

PRITT DECL. ISO UBER'S RESPONSE TO WAYMO'S SUBMISSION TO SPECIAL MASTER COOPER RE THE JACOBS DOCUMENTS; Case No. 3:17-cv-00939-WHA

4

terms and custodians, and Waymo counsel Jeff Nardinelli refused to run any additional search terms.  Cortina Decl., Ex. D at 7-8 ("Jeff – I'm not going to convince you and you won't convince me, apparently the exhaustive search terms were only for 1-165, really want to go back through that exercise?  Max – I'm not asking you to run new search terms, just saying that those search terms are for first two sets, but asking you to run search terms for later sets.  Jeff – ***not going to run new search terms***.") (emphasis added).  I then asked Waymo also search for responsive documents "to the extent we have RFPs that wouldn't be captured by these search terms," *id.*, and the parties proceeded to discuss specific Uber RFPs not captured by search terms.

        I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 8th day of December, 2017, in Oakland, California.

                                                  */s/ Maxwell V. Pritt*
                                                   Maxwell V. Pritt

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Maxwell V. Pritt has concurred in this filing.

*/s/ Arturo J. González*
Arturo J. González
