IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC, | No. C 17-00939 WHA |
| Plaintiff, | |
| v. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; and OTTO TRUCKING LLC, | **ORDER REQUIRING FURTHER RESPONSES ON JURY INSTRUCTIONS RE DAMAGES** |
| Defendants. | |

The Court has reviewed both sides' supplemental briefs on jury instructions regarding damages (Dkt. Nos. 2350–51). By **DECEMBER 15 AT NOON**, both sides shall please submit further responses to the following questions:

 1. Cite and explain all decisions wherein acquisition only (without any use or disclosure by the defendant) was held to be enough under either CUTSA or DTSA to sustain a damages award (rather than an injunction) against that defendant. Be clear as to whether such a damages award was actually rendered in such a case.

 2. The judge can imagine scenarios wherein a trade secret plaintiff might easily suffer "actual loss" even though nothing more than acquisition was provable. For example, if a defendant acquired a plaintiff's list of employee passwords, then the plaintiff would surely incur expense in changing them and in hiring a security firm to advise on precautions to take. This out-of-pocket actual loss would be real whether or not the defendant used or disclosed the passwords. Does CUTSA or DTSA allow recovery of such "actual loss" even in the absence of use or disclosure (or unjust enrichment)? Is the recovery via the judge or the jury? Develop fully your analysis and cite all decisions on point.

3. Waymo shall set forth its specific offer of proof as to "actual loss" (apart from unjust enrichment or reasonable royalty) and shall quote all FRCP 26 disclosures at the initial and trial stages wherein such "actual loss" damages were preserved. Defendants shall supply all places wherein any such recovery was not preserved.

4. To receive a reasonable royalty, CUTSA expressly requires "use" and DTSA requires "use" or "disclosure." What decisions hold expressly to the contrary, meaning that acquisition alone is enough for a reasonable royalty?

5. Cite and explain all CUTSA or DTSA decisions wherein a jury awarded a reasonable royalty over the objection that the issue was for the judge to decide (and vice versa).

6. Cite and explain all CUTSA or DTSA decisions that expressly hold that only a judge can award a reasonable royalty and those that expressly hold that the issue is for the jury.

7. CUTSA allows a reasonable royalty only for the period of time during which the use could have been enjoined. Since the judge decides injunction issues, why shouldn't the judge also decide the reasonable royalty issue as ancillary to equitable relief? How can the jury determine the appropriate period of time during which the use could have been enjoined?

8. Respond to every citation and item of analysis set forth by the other side in the most recent supplemental briefs.

The parties' submissions shall not exceed **TWELVE PAGES** in length and shall quote each question in full before setting forth the response thereto. Each side shall please quote the *entire* paragraph of any authority it contends supports or contradicts its position and highlight the key language from within the quote. Please quote only authority that remains good law (please double check). The Court also insists that each side answer every question fully, including with any authority adverse to that side's position.

**IT IS SO ORDERED.**

Dated: December 11, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2