QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. 2326)**<br><br>Trial Date: February 5, 2018 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date and time to be scheduled by the Court, before the Honorable Jacqueline Scott Corley, U.S. Magistrate Judge, Plaintiff Waymo LLC ("Waymo") will and hereby does move the Court for reconsideration of limited parts of the Order Granting in Part and Denying in Part Administrative Motion to File Under Seal (Dkt. 2326). Specifically, Waymo seeks an order:

1. Sealing portions of Plaintiff's Responses and Objections to Uber's Fifth Set of Interrogatories (Nos. 18-24) (previously filed as Exhibit 1 at Dkt. 1214-6/1294-4) marked in red boxes on page 12, lines 20-24 of the sealed version filed concurrently herewith as Exhibit A (in addition to passages previously granted sealing).

2. Sealing portions of the July 30, 2017 email from Andrea P. Roberts to counsel for Defendants (previously filed as Exhibit 6 at Dkt. 1214-16/1294-14) marked in red boxes on pages 20-21 and 24-28 of the sealed version filed concurrently herewith as Exhibit B.

This Motion is supported by this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying attorney declaration, the pleadings and papers on file in this action, and such arguments and authorities as may be presented to the Court.

Waymo respectfully requests reconsideration of limited parts of the order filed as Dkt. 2326 in the form of an order sealing trade secret information and confidential acquisition-related information. Waymo's request is narrow, and encompasses only the specific portions of documents that would explicitly disclose its trade secrets or confidential acquisition-related information.

## I.   LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II.   WAYMO'S TRADE SECRETS SHOULD REMAIN SEALED

It is clearly established that trade secret information merits sealing. *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428, 2013 WL 211115, at *1 n.15, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets"). Without sealing, Waymo's trade secrets would be destroyed through publication. Accordingly, courts regularly grant sealing of asserted trade secrets, even over objections from defendants. *See, e.g.*, *Fortinet, Inc. v. Sophos, Inc.*, No. 13-cv-5831, 2015 U.S. Dist. LEXIS 151930, at *6-7 (granting sealing motion, noting that "the Court is not in a position to make this judgment at this time").

Accordingly, Waymo's asserted trade secrets should remain sealed. Specifically, the portions of the July 30, 2017 email from Andrea P. Roberts to counsel for Defendants (previously filed as Exhibit 6 at Dkt. 1214-16/1294-14) marked in red boxes on pages 20-21 and 24-28 of the

sealed version filed concurrently herewith as Exhibit B should remain sealed.  The Court denied sealing of Dkt. 1214-16/1294-14 "because the request is not narrowly tailored to include only confidential information."  (Dkt. 2326 at 5.)  Waymo hereby respectfully narrows its sealing request and clarifies that the portions marked in red boxes in the version filed herewith reflect proposed search terms that would disclose Waymo's trade secrets or detailed technical information from which key aspects of those trade secrets could be inferred.  (Corredor Decl. ¶ 4; *see also* Dkt. 1294 ¶ 4.)  Public disclosure of these portions could destroy Waymo's asserted trade secrets, causing Waymo significant competitive harm and amounting to an unjustified terminating sanction with respect to this litigation.  (*See* Corredor Decl. ¶ 4.)

### III. WAYMO'S CONFIDENTIAL INFORMATION REGARDING CONTEMPLATED ACQUISITIONS SHOULD REMAIN SEALED

Confidential business information that, if released, may "harm a litigant's competitive standing" also merits sealing.  *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978).  This Court has already recognized that information regarding acquisitions, whether actual or contemplated, merit sealing.  (*See* Dkt. 2326 at 5 (granting sealing of portions of Dkt. 1214-6/1294-4 "which refer to Waymo acquisitions"); *id.* at 6 (granting sealing of portions of Dkt. 1214-18/1294-16 and Dkt. 1214-24/1294-18 that refer to Waymo acquisitions).)

Accordingly, Waymo's confidential information related to its acquisitions, both actual or contemplated, should remain sealed.  Specifically, the portions of Plaintiff's Responses and Objections to Uber's Fifth Set of Interrogatories (Nos. 18-24) (previously filed as Exhibit 1 at Dkt. 1214-6/1294-4) marked in red boxes on page 12, lines 20-24 of the sealed version filed concurrently herewith as Exhibit A (in addition to passages previously granted sealing) should remain sealed.  Though the Court granted in part and denied in part sealing of Dkt. 1214-6/1294-4 (Dkt. 2326 at 5), the Court granted sealing of the same information related to the same Waymo acquisitions as part of Dkt. 1214-18/1294-16 and Dkt. 1214-24/1294-18 (*see* Dkt. 2326 at 6).  Accordingly, Waymo's narrow sealing request here makes the sealing of Dkt. 1214-6/1294-4 consistent with Dkt. 1214-18/1294-16 and Dkt. 1214-24/1294-18, which were properly granted sealing by the Court given those documents' disclosure of confidential information regarding actual and

contemplated Waymo acquisitions.  (*See* Dkt. 1294 ¶ 4.)

## IV. CONCLUSION

For the foregoing reasons, the Court should reconsider sealing the limited portions of Dkt. 2326 discussed above and grant sealing of Waymo's trade secrets and confidential acquisition-related information.

DATED:  December 11, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for WAYMO LLC