# EXHIBIT 3

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:      (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>                   Plaintiff,<br><br>          vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO, LLC; OTTO TRUCKING<br>LLC<br><br>                   Defendants. | Case No. 3:17-cv-00939-JCS<br><br>**PLAINTIFF WAYMO LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**<br><br>Honorable William H. Alsup<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; AND OTTO TRUCKING LLC**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Waymo LLC ("Waymo") requests that Defendants Uber Technologies, Inc. ("Uber"), Ottomotto, LLC ("Ottomotto"), and Otto Trucking LLC ("Otto Trucking") (collectively "Defendants"), produce for inspection and copying within thirty days (30) hereof the documents set forth below at the offices

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

of Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor, San Francisco, California, 94111, or at a place and time as may be agreed to by counsel.

## **DEFINITIONS**

1.      "WAYMO" means Waymo LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and WAYMO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by WAYMO, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by WAYMO.

2.      "GOOGLE" means Google Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and GOOGLE's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by GOOGLE, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by GOOGLE.

3.      "UBER" means Uber Technologies, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and UBER's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by UBER, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by UBER.

4.      "OTTOMOTTO" means Ottomotto LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and OTTOMOTTO's affiliates, parents, divisions, joint ventures,

01980-00104/9267690.1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities,

2  whether foreign or domestic, that are owned or controlled by OTTOMOTTO, and all predecessors

3  and successors in interest to such entities, and any entity owned in whole or in part by, affiliated

4  with, or controlled in whole or in part by OTTOMOTTO.   For the avoidance of doubt,

5  OTTOMOTTO includes all former names under which OTTOMOTTO operated, including

6  without limitation 280 Systems, Inc., 280 Systems, LLC, and Ottomotto, Inc.

7       5.     "OTTO TRUCKING" means Otto Trucking LLC and its officers, directors,

8  current and former employees, counsel, agents, consultants, representatives, and any other persons

9  acting on behalf of any of the foregoing, and OTTO TRUCKING's affiliates, parents, divisions,

10  joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any

11  other legal entities, whether foreign or domestic, that are owned or controlled by OTTO

12  TRUCKING, and all predecessors and successors in interest to such entities, and any entity owned

13  in whole or in part by, affiliated with, or controlled in whole or in part by OTTO TRUCKING.

14       6.     "DEFENDANTS" means UBER, OTTOMOTTO, and OTTO TRUCKING.

15       7.     "ODIN WAVE" means Odin Wave, LLC and its officers, directors, current and

16  former employees, counsel, agents, consultants, representatives, and any other persons acting on

17  behalf of any of the foregoing, and ODIN WAVE's affiliates, parents, divisions, joint ventures,

18  licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities,

19  whether foreign or domestic, that are owned or controlled by ODIN WAVE, and all predecessors

20  and successors in interest, and any entity owned in whole or in part by, affiliated with, or

21  controlled in whole or in part by ODIN WAVE.

22       8.     "TYTO" means Tyto Lidar LLC, and its officers, directors, current and former

23  employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of

24  any of the foregoing, and TYTO's affiliates, parents, divisions, joint ventures, licensees,

25  franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether

26  foreign or domestic, that are owned or controlled by TYTO, and all predecessors and successors in

27

28  01980-00104/9267690.1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by TYTO.

9.   "LEVANDOWSKI" means Anthony Levandowski.

10.   "POUCH HOLDINGS" means Pouch Holdings LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and POUCH HOLDING's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by POUCH HOLDINGS, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by POUCH HOLDINGS.

11.   "DOGWOOD LEASING" means Dogwood Leasing, LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and DOGWOOD LEASING's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by DOGWOOD LEASING, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by DOGWOOD LEASING.

12.   "APPARATE INTERNATIONAL" means Apparate International C.V., and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and APPARATE INTERNATIONAL's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by APPARATE INTERNATIONAL, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by APPARATE INTERNATIONAL.

13.   "STROZ" means Stroz Friedberg, LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

behalf of any of the foregoing, and STROZ's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by STROZ, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by STROZ.

14.    "KSHIRSAGAR" means Sameer Kshirsagar.

15.    "RADUTA" means Radu Raduta.

16.    "MISAPPROPRIATED MATERIALS" refers to all GOOGLE and WAYMO DOCUMENTS and materials, whether digital or physical, and regardless of the manner stored, for which any current or former employee of DEFENDANTS retained possession, without authorization of either GOOGLE or WAYMO, after the employee ended his or her employment with GOOGLE/WAYMO.  Without limitation, MISAPPROPRIATED MATERIALS includes at least: (i) each of the more than 14,000 digital files downloaded by LEVANDOWSKI on or about December 11, 2015 from the SVN repository; (ii) each file copied by LEVANDOWSKI from his GOOGLE laptop to an RDF5 USB 3.0 card reader on or about December 14, 2015; (iii) each of the five files titled: ███████████████████████████████████████ ████████████████████████████████████ that were exported by LEVANDOWSKI from Google Drive to a personal device on or about January 4, 2016; (iv) the file titled: Chauffer TL weekly updates – Q4 2015 exported by LEVANDOWSKI from Google Drive to a personal device on or about January 11, 2016; (v) the file titled ████████████ ████████ that was exported by LEVANDOWSKI from Google Drive to a personal device on or about November 19, 2016; (vi) the file titled ████████████████ that was exported by LEVANDOWSKI from Google Drive to a personal device on or about November 4, 2016; each of the five files titled: ████████████████████████████████████████ ██████████ that were exported by KSHIRSAGAR from Google Drive in or around June and July 2016; (vii) each of the three files titled: ███████████████████

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    ███████████████████████████ that were exported by RADUTA from Google Drive on

2    or around July 28, 2016.

3        17.    "LiDAR" means Light Detection and Ranging.

4        18.    "DOCUMENTS" shall INCLUDE, without limitation, all written, graphic or

5    otherwise recorded material, INCLUDING without limitation, electronically stored information

6    regardless of the form of storage medium, microfilms or other film records or impressions, tape

7    recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films,

8    recordings, memoranda, books, records, accounts, communications, letters, telegrams,

9    correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office

10   memoranda or written communications of any nature, recordings of conversations either in

11   writings or upon any mechanical or electrical recording devices, INCLUDING e-mail, notes,

12   papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings,

13   time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone

14   bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal,

15   informal or otherwise, as well as copies of the foregoing which differ in any way, INCLUDING

16   by the addition of handwritten notations or other written or printed matter of any nature, from the

17   original.  The foregoing specifically INCLUDES information stored in a computer database and

18   capable of being generated in documentary form, such as electronic mail, text messages (i.e., SMS

19   messages), other electronic messages including messages sent or received via Slack, WhatsApp,

20   Google Hangouts, Facebook Messenger, and the like.

21       19.    "COMMUNICATIONS" shall mean, without limitation, any transmission,

22   conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction,

23   information, demand or question by any medium, whether by written, oral or other means,

24   including but not limited to, electronic communications and electronic mail ("e-mail").

25       20.    "THING" means any tangible object, other than a DOCUMENT.

26       21.    "PERSON" means to any individual, corporation, proprietorship, association, joint

27   venture, company, partnership or other business or legal entity, including governmental bodies and

28   01980-00104/9267690.1

Case No. 3:17-cv-00939-JCS
PLAINTIFF WAYMO'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

agencies.  The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

22.     "REGARDING," shall mean relating to, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

23.     "INCLUDE" and "INCLUDING" shall mean including without limitation.

24.     Use of the singular also INCLUDES the plural and vice-versa.

25.     The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests for Production.

26.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

27.     The term "any" shall include "all" and "all" shall include "any."

## INSTRUCTIONS

The following instructions shall apply to each of the Requests herein:

1.     In answering the following Requests, furnish all available information, including information in the possession, custody or control of any of DEFENDANTS' attorneys, directors, officers, agents, employees, representatives, associates, investigators, divisions, affiliates, partnerships, parents, subsidiaries and PERSONS under DEFENDANTS' control, who have the best knowledge, not merely information known to DEFENDANTS based on DEFENDANTS own personal knowledge.  If DEFENDANTS cannot fully respond to the following Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Request that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Request cannot be answered fully and completely; and state what

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

knowledge, information or belief DEFENDANTS have concerning the unanswered portion of any such Request.

2.     All documents must be produced in accordance with the requirements of Federal Rule of Civil Procedure 34(b).

3.     Electronic records and computerized information shall be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4.     Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document can be determined.

5.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

6.     Documents attached to each other shall not be separated. All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

7.     If DEFENDANTS' response to a particular Request is a statement that DEFENDANTS lack the ability to comply with that Request, DEFENDANTS shall specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer in DEFENDANTS' possession, custody or control, in which case DEFENDANTS shall identify the name and address of any person or entity known or believed by DEFENDANTS to have possession, custody or control of that information or category of information.

8.     DEFENDANTS' obligation to respond to these Requests is continuing, and their responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All agreements between STROZ and any DEFENDANT REGARDING LEVANDOWSKI, Lior Ron, OTTO, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between STROZ and any DEFENDANT REGARDING LEVANDOWSKI, Lior Ron, OTTO, OTTOMOTTO, GOOGLE, WAYMO, or the MISAPPROPRIATED MATERIALS.

**REQUEST FOR PRODUCTION NO. 3:**

All agreements between STROZ and LEVANDOWSKI.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between STROZ and LEVANDOWSKI.

**REQUEST FOR PRODUCTION NO. 5:**

All agreements between LEVANDOWSKI and any DEFENDANT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between LEVANDOWSKI and any DEFENDANT.

**REQUEST FOR PRODUCTION NO. 7:**

All agreements between UBER, on the one hand, and OTTOMOTTO and/or OTTO TRUCKING, on the other.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between UBER and OTTOMOTTO and/or OTTO TRUCKING.

**REQUEST FOR PRODUCTION NO. 9:**

All agreements between OTTOMOTTO and OTTO TRUCKING.

01980-00104/9267690.1

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between OTTOMOTTO and OTTO TRUCKING.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show the relationship between OTTOMOTTO and OTTO TRUCKING.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to show the relationship between UBER and OTTO TRUCKING.

**REQUEST FOR PRODUCTION NO. 13:**

All agreements between LEVANDOWSKI and TYTO and/or ODIN WAVE.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between LEVANDOWSKI and TYTO and/or ODIN WAVE.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS sufficient to show the relationship between LEVANDOWSKI and TYTO and/or ODIN WAVE.

**REQUEST FOR PRODUCTION NO. 16:**

All agreements between LEVANDOWSKI and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to show the relationship between LEVANDOWSKI and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between LEVANDOWSKI and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 19:**

All agreements between any DEFENDANT and TYTO and/or ODIN WAVE.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between any DEFENDANT and TYTO and/or ODIN WAVE.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to show the relationship between any DEFENDANT and TYTO and/or ODIN WAVE.

**REQUEST FOR PRODUCTION NO. 22:**

All agreements between any DEFENDANT and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between any DEFENDANT and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL.

**REQUEST FOR PRODUCTION NO. 24:**

All agreements between TYTO and/or ODIN WAVE, on the one hand, and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL, on the other.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements between TYTO and/or ODIN WAVE, on the one hand, and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL, on the other.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to show the relationship between TYTO and/or ODIN WAVE, on the one hand, and DOGWOOD LEASING, POUCH HOLDINGS, and/or APPARATE INTERNATIONAL, on the other.

01980-00104/9267690.1

Case No. 3:17-cv-00939-JCS
PLAINTIFF WAYMO'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to show the reasons behind UBER's decision to acquire OTTOMOTTO.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS REGARDING UBER's due diligence of OTTOMOTTO.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS REGARDING negotiations over UBER's acquisition of OTTOMOTTO.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS REGARDING any consulting work by LEVANDOWSKI for UBER before August 18, 2016.

**REQUEST FOR PRODUCTION NO. 31:**

All COMMUNICATIONS between LEVANDOWSKI and UBER before August 18, 2016.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS REGARDING work performed by OTTOMOTTO, OTTO TRUCKING, ODIN WAVE, and/or TYTO for UBER before August 18, 2016.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS REGARDING work performed by APPARATE INTERNATIONAL, POUCH HOLDINGS, and/or DOGWOOD LEASING for UBER before August 18, 2016.

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS sufficient to show the reasons behind OTTOMOTTO's decision to acquire TYTO and/or ODIN WAVE.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS REGARDING OTTOMOTTO's due diligence of TYTO and/or ODIN WAVE.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS REGARDING UBER's due diligence of TYTO and/or ODIN WAVE.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS and COMMUNICATIONS REGARDING negotiations over OTTOMOTTO's acquisition of TYTO and/or ODIN WAVE.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS REGARDING negotiations over UBER's potential acquisition of TYTO and/or ODIN WAVE.

**REQUEST FOR PRODUCTION NO. 39:**

The "Mutual Non-Disclosure Agreement, dated as of February 1, 2016," (referred to in Dkt. 147-1, paragraph 17), and any amendments thereto.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "Mutual Non-Disclosure Agreement, dated as of February 1, 2016," (referred to in Dkt. 147-1, paragraph 17), and any amendments thereto.

**REQUEST FOR PRODUCTION NO. 41:**

The ███████ ████████ ████████ ████████ ███████ ████████ ████████████████████████████████████████████████████ (referred to in UBER00016410), and any amendments thereto.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS and COMMUNICATIONS REGARDING the ████████ ████████████████████████████████████████

01980-00104/9267690.1

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1 ███████████████████████████ (referred to in UBER00016410), and any amendments

2 thereto.

3 **REQUEST FOR PRODUCTION NO. 43:**

4     The "Merger Agreement entered into among Ottomotto, the Company and certain other

5 parties thereto as of April 11, 2016" (referred to in UBER00016410), and any amendments

6 thereto.

7 **REQUEST FOR PRODUCTION NO. 44:**

8     All DOCUMENTS and COMMUNICATIONS REGARDING the "Merger Agreement

9 entered into among Ottomotto, the Company and certain other parties thereto as of April 11, 2016"

10 (referred to in UBER00016410), and any amendments thereto.

11 **REQUEST FOR PRODUCTION NO. 45:**

12     All COMMUNICATIONS between any DEFENDANT and TYTO and/or ODIN WAVE.

13 **REQUEST FOR PRODUCTION NO. 46:**

14     All COMMUNICATIONS between any DEFENDANT and DOGWOOD LEASING.

15 **REQUEST FOR PRODUCTION NO. 47:**

16     All COMMUNICATIONS between any DEFENDANT and APPARATE

17 INTERNATIONAL.

18 **REQUEST FOR PRODUCTION NO. 48:**

19     All COMMUNICATIONS between any DEFENDANT and POUCH HOLDINGS.

20 **REQUEST FOR PRODUCTION NO. 49:**

21     All COMMUNICATIONS between LEVANDOWSKI and TYTO and/or ODIN WAVE

22 prior to OTTOMOTTO'S acquisition of TYTO and/or ODIN WAVE.

23 **REQUEST FOR PRODUCTION NO. 50:**

24     DOCUMENTS sufficient to show the identity of any PERSON with an ownership interest

25 in OTTOMOTTO, at any time, and the amount of that PERSON's ownership interest.

26

27

28

01980-00104/9267690.1

Case No. 3:17-cv-00939-JCS

PLAINTIFF WAYMO'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   **REQUEST FOR PRODUCTION NO. 51:**

2         DOCUMENTS sufficient to show the identity of any PERSON with an ownership interest

3   in OTTO TRUCKING, at any time, and the amount of that PERSON's ownership interest.

4   **REQUEST FOR PRODUCTION NO. 52:**

5         DOCUMENTS sufficient to show the identity of any PERSON with an ownership interest

6   in TYTO at any time, and the amount of that PERSON's ownership interest.

7   **REQUEST FOR PRODUCTION NO. 53:**

8         DOCUMENTS sufficient to show the identity of any PERSON with an ownership interest

9   in ODIN WAVE, at any time, and the amount of that PERSON's ownership interest.

10  **REQUEST FOR PRODUCTION NO. 54:**

11        All DOCUMENTS and COMMUNICATIONS REGARDING the ownership of and/or

12  relationship between ODIN WAVE, TYTO, APPARATE INTERNATIONAL, DOGWOOD

13  LEASING, and/or POUCH HOLDINGS.

14  **REQUEST FOR PRODUCTION NO. 55:**

15        All business formation DOCUMENTS, business plans, and solicitations of investment

16  capital for OTTOMOTTO.

17  **REQUEST FOR PRODUCTION NO. 56:**

18        All DOCUMENTS and COMMUNICATIONS REGARDING the formation of

19  OTTOMOTTO.

20  **REQUEST FOR PRODUCTION NO. 57:**

21        All business formation DOCUMENTS, business plans, and solicitations of investment

22  capital for OTTO TRUCKING.

23  **REQUEST FOR PRODUCTION NO. 58:**

24        All DOCUMENTS and COMMUNICATIONS REGARDING the formation of OTTO

25  TRUCKING.

26

27

28  01980-00104/9267690.1

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 59:**

All business formation DOCUMENTS, business plans, and solicitations of investment capital for TYTO and/or ODIN WAVE.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS and COMMUNICATIONS REGARDING the formation of TYTO and/or ODIN WAVE.

**REQUEST FOR PRODUCTION NO. 61:**

All business formation DOCUMENTS, business plans, and solicitations of investment capital for APPARATE INTERNATIONAL, DOGWOOD LEASING, and/or POUCH HOLDINGS

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS and COMMUNICATIONS REGARDING the formation of APPARATE INTERNATIONAL, DOGWOOD LEASING, and/or POUCH HOLDINGS.

**REQUEST FOR PRODUCTION NO. 63:**

DOCUMENTS sufficient to identify all current and former officers, employees, contractors, and consultants of ODIN WAVE and/or TYTO, and the title and/or role of each such officer, employee, contractor, and consultant.

**REQUEST FOR PRODUCTION NO. 64:**

DOCUMENTS sufficient to identify all current and former officers, employees, contractors, and consultants of OTTOMOTTO, and the title and/or role of each such officer, employee, contractor, and consultant.

**REQUEST FOR PRODUCTION NO. 65:**

DOCUMENTS sufficient to identify all current and former officers, employees, contractors, and consultants of OTTO TRUCKING, and the title and/or role of each such officer, employee, contractor, and consultant.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "forensic analysis" referred to in entry nos. 7-10 and 17 of DEFENDANTS' privilege log, INCLUDING but not limited to all underlying forensic data related to that analysis.

**REQUEST FOR PRODUCTION NO. 67:**

STROZ's August 5, 2016 due diligence report, including all exhibits, attachments, and appendices thereto.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS and COMMUNICATIONS REGARDING the attestations that DEFENDANTS first required employees to sign in April 2016 (referred to in the Declaration of Rhian Morgan, paragraphs 13-16).

**REQUEST FOR PRODUCTION NO. 69:**

All versions of any employment agreements, confidentiality agreements, assignment agreements, or other agreements that DEFENDANTS require or have ever required employees to execute as a condition of employment, including the dates during which DEFENDANTS required each version to be executed.

**REQUEST FOR PRODUCTION NO. 70:**

All executed Employee Attestations, Employee Invention Assignment and Confidentiality Agreements, and Offer Letters (referred to by the Declaration of Rhian Morgan, paragraphs 5-16), for any former employee of WAYMO or its corporate affiliates.

**REQUEST FOR PRODUCTION NO. 71:**

DOCUMENTS sufficient to show the measures taken by DEFENDANTS to ensure that former employees of WAYMO or its corporate affiliates hired by DEFENDANTS did not retain confidential WAYMO information.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS REGARDING DEFENDANTS' policies regarding employees' use of personal computers or other devices while working at or for DEFENDANTS.

01980-00104/9267690.1

PLAINTIFF WAYMO'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS AND COMMUNICATIONS REGARDING the MISAPPROPRIATED MATERIALS, INCLUDING but not limited to (i) DOCUMENTS containing any information derived from the MISAPPROPRIATED MATERIALS, (ii) any electronic media that contains or contained the MISAPPROPRIATED MATERIALS, and (iii) any DOCUMENTS REGARDING any meetings or discussions REGARDING the substance of the MISAPPROPRIATED MATERIALS outside of WAYMO.

**REQUEST FOR PRODUCTION NO. 74:**

DOCUMENTS sufficient to show the number of times LEVANDOWSKI has accessed any of DEFENDANTS' servers or networks (INCLUDING but not limited to ███████ ████████ ████ ███ ████ █████ ████████ █████████████ Git repository, and any Wi-Fi network provided by DEFENDANTS at any of their offices) from a personal device.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS and COMMUNICATIONS REGARDING the "forensic examination" of KSHIRSAGAR's personal phone, work-issued phone, and work-issued laptop (referred to in the Declaration of Sameer Kshirsagar).

**REQUEST FOR PRODUCTION NO. 76:**

DOCUMENTS sufficient to show the hit counts for each of the Court-ordered 135 search terms (120 proposed by DEFENDANTS, and 15 proposed by WAYMO) for each custodial (e.g., LEVANDOWSKI) and non-custodial (e.g., Git repository) source encompassed by the Court's Order After Hearing Re Discovery Letter Dated April 3, 2017, with a per-term, per-source level of specificity.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS and COMMUNICATIONS REGARDING any consideration of an ethical wall or policy regarding LEVANDOWSKI's participation or input into DEFENDANTS'

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

LiDAR designs or other self-driving car technology, and REGARDING the reasons for any such policy.

**REQUEST FOR PRODUCTION NO. 78:**

All side letter agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS and COMMUNICATIONS REGARDING any side letter agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**REQUEST FOR PRODUCTION NO. 80:**

All employment agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS and COMMUNICATIONS REGARDING any employment agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**REQUEST FOR PRODUCTION NO. 82:**

All consulting agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS and COMMUNICATIONS REGARDING any consulting agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**REQUEST FOR PRODUCTION NO. 84:**

All compensation-related agreements between any DEFENDANT and any founder of OTTOMOTTO, including any amendment thereto.

**REQUEST FOR PRODUCTION NO. 85:**

01980-00104/9267690.1

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1      All DOCUMENTS and COMMUNICATIONS REGARDING any compensation-related

2  agreements between any DEFENDANT and any founder of OTTOMOTTO, including any

3  amendment thereto.

4  **REQUEST FOR PRODUCTION NO. 86:**

5      All DOCUMENTS cited by and/or referred to by DEFENDANTS in their Opposition to

6  Motion to Compel (Dkt. 369) and supporting declarations thereto.

7  **REQUEST FOR PRODUCTION NO. 87:**

8      All DOCUMENTS provided to STROZ by DEFENDANTS or LEVANDOWSKI

9  REGARDING LEVANDOWSKI, Lior Ron, OTTO, OTTOMOTTO, GOOGLE, WAYMO, or the

10  MISAPPROPRIATED MATERIALS

11  **REQUEST FOR PRODUCTION NO. 88:**

12      DOCUMENTS sufficient to show all PERSONS other than UBER that negotiated with

13  OTTOMOTTO and/or OTTO TRUCKING REGARDING a potential acquisition.

14  **REQUEST FOR PRODUCTION NO. 89:**

15      All DOCUMENTS and COMMUNICATIONS REGARDING negotiations between

16  OTTOMOTTO and/or OTTO TRUCKING, on the one hand, and PERSONS other than UBER, on

17  the other, REGARDING a potential acquisition of OTTOMOTTO and/or OTTO TRUCKING.

18  **REQUEST FOR PRODUCTION NO. 90:**

19      DOCUMENTS sufficient to show all of LEVANDOWSKI's past and present "Authorized

20  Devices" (as that term is defined in  UBER00006444, Section 7), INCLUDING (without

21  limitation) all of LEVANDOWSKI's "Uber Devices" (Section 7.1) and "Non-Uber Devices"

22  (Sections 7.1 and 7.2).

23  **REQUEST FOR PRODUCTION NO. 91:**

24      All DOCUMENTS AND COMMUNICATIONS REGARDING any of

25  LEVANDOWSKI's past and present "Authorized Devices" (as that term is defined in

26  UBER00006444, Section 7), INCLUDING (without limitation) any request for approval in

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  connection with Section 7.2 or any de-authorization (whether contemplated or effecutated) under

2  Section 7.3.

3

4  DATED: May 9, 2017                  QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
5

6

7                                      By:   */s/ Charles K. Verhoeven*
                                             Charles K. Verhoeven
8                                            Attorneys for Plaintiff WAYMO LLC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

## PROOF OF SERVICE

2  I, James D. Judah, am employed in the County of San Francisco, State of California.  I am

3  over the age of eighteen years and not a party to the within action.  My business address is

4  50 California Street, 22nd Floor, San Francisco, California  94111-4788.

5  On May 9, 2017, I served true copies of the following document(s) described as

6  "Plaintiff's First Set of Requests for Production to Defendants Uber Technologies, Inc.;

7  Ottomotto, LLC; and Otto Trucking LLC" on the interested parties in this action as follows:

8

| Recipient | Email Address: |
|---|---|
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105 | UberWaymo@mofo.com |
| Michelle Ching Youn Yang<br>MORRISON FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006 | |
| Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304 | |
| Wendy Joy Ray<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017 | |
| Michael Darron Jay<br>BOIES SCHILLER & FLEXNER LLP<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401 | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| Meredith Richardson Dearborn<br>BOIES SCHILLER FLEXNER | |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

01980-00104/9267690.1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  LLP
   435 Tasso Street
2  Suite 205
   Palo Alto, CA 94301
3

4  Hamish Hume
   Jessica E Phillips
5  Karen Leah Dunn
   Kyle N. Smith
6  Martha Lea Goodman
   BOIES SCHILLER FLEXNER
7  LLP
   1401 New York Ave., NW
8  Washington, DC 20005
9  I. Neel Chatterjee (SBN 173985)        nchatterjee@goodwinlaw.com
   GOODWIN PROCTER LLP
10 135 Commonwealth Drive
   Menlo Park, CA 94025
11 Tel.: +1 650 752 3100
   Fax: +1 650 853 1038
12 Brett M. Schuman (SBN 189247)         bschuman@goodwinlaw.com
13 Shane Brun (SBN 179079)               sbrun@goodwinlaw.com
   Rachel M. Walsh (SBN 250568)          rwalsh@goodwinlaw.com
14 GOODWIN PROCTER LLP
   Three Embarcadero Center
15 San Francisco, California 94111
   Tel.: +1 415 733 6000
16 Fax.: +1 415 677 9041
17

18 **BY ELECTRONIC MAIL TRANSMISSION:** by electronic mail transmission from

19 jamesjudah@quinnemanuel.com on May 9, 2017, by transmitting a PDF format copy of such

20 document(s) to each such person at the e mail address listed above.  The document(s) was/were

21 transmitted by electronic transmission and such transmission was reported as complete and

22 without error.

23          Executed on May 9, 2017, at San Francisco, California.

24

25                              ___/s/ James D. Judah_____

26                                 James D. Judah

27

28

01980-00104/9267690.1