# EXHIBIT 6

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5023**

WRITER'S EMAIL ADDRESS
**andreaproberts@quinnemanuel.com**

July 25, 2017

Maxwell Pritt
Boies Schiller Flexner LLP
1999 Harrison Street
Suite 900
Oakland, CA 94612

Re:     Waymo v. Uber – Electronic Search Terms

Dear Max and John:

I write in response to Max's July 20 email regarding electronic search terms.

First, as we've repeatedly stated, while we agree to negotiate search terms, we do not agree that Uber's delay in engaging in such negotiations warrants Uber being able to bring back already-deposed Waymo witnesses based upon documents located and produced pursuant to agreed upon search terms.  We conducted a reasonably diligent search in response to Defendants' document requests using appropriate search terms, as well as additionally searching for responsive documents in various custodial and non-custodial repositories without the use of electronic search terms.  In addition to those searches, we were willing to run additional custodial email searches using terms proposed by Defendants, and proposed that the parties negotiate an ESI Order on May 30.  Despite repeated suggestions from Mr. Cooper and repeated follow-up from Waymo, Defendants ignored Waymo's invitation to meet and confer regarding an ESI order and electronic search terms.  It was not until Saturday, July 1—a full month after Waymo's first proposal—that Uber demanded an immediate exchange of electronic search protocols.  Although the urgency of this exchange was clearly fabricated by Uber given its month-long delay, Waymo disclosed its electronic search protocols by noon on Monday, July 3.  Uber followed up a few days later with complaints about Waymo's search terms, proposed additional terms to run, and also warned that Uber reserved its rights to come back and demand more belated searches be run.  Waymo promptly responded to Uber and suggested again that the parties agree on an ESI order that would govern the scope of what the parties could demand of each other.  Uber outright refused to engage in any such negotiation.  Accordingly, in an effort to try to resolve the dispute,

Waymo agreed to negotiate search terms without the benefit of having an ESI order. Contrary to the arguments in your email, there is no delay here on the part of Waymo. It is further worth noting, again, that Waymo conducted a reasonably diligent search to identify documents responsive to Defendants' RFPs. Although Uber complains that Waymo used "overly restrictive terms" and applied them "inconsistently," other than complaining about the overall volume of Waymo's production, Uber has not articulated why it thinks that Waymo's searches for responsive documents—which again were not limited to using electronic search terms on custodial data—were insufficient.

Next, we proposed a limit of 48 search terms that each side can propose be run by the other side. The Special Master asked Uber to include in its response a proposal for the number of terms and how to define a term. Your July 20 email refuses to do so, and cites several reasons. First, you say that you don't speak for Otto Trucking. You should consult with Otto Trucking's counsel. They have been included on all of the correspondence between Waymo and Uber and have not participated in any of the negotiations. We do not want to be in a position in which we come to an agreement with Uber and then Otto Trucking comes in later and wants to start its own negotiations. If there is a limit, it should be per side so you should coordinate with Otto Trucking.

Second, you say that you assume we meant 48 terms that were not originally applied by the other side. Our suggestion was intended to be consistent with the proposal in our May 30 proposed ESI order: a limitation on the number of search terms per custodian, which relates to your third point that our proposal does not take into account search terms proposed to be run for a limited number of custodians. In response to that concern, and again consistent with our May 30 proposed ESI order, we suggest that the parties agree on a number of search terms per custodian.

**Technical Search Terms**

With respect to specific search terms, we agree to run Technical Search Terms on the Technical Custodians, <u>except for</u> Brian Salesky, Sam Lenius, Will McCann, and Zach Morriss, who were already deposed or are being deposed this week. For the remaining eight (Levandowski, Asheem Linaval, Ben Ingram, Bernard Fidric, Blaise Gassend, Chris Urmson, Gaetan Pennecot, and Pierre Droz), <u>subject to overall agreement to our proposals herein</u>, we will agree to run the Technical Search Terms across custodial emails, <u>except for</u>:

No. 2 - ███████████████████████████████████████████████ his term hits on nearly 3,400 unique documents for all Technical Custodians. As we previously stated, the proximity limiter should be reduced to 5.[1]

---

[1] Where we give hit counts herein, those counts are not the final count based on Uber's proposals. The terms were tested against documents already collected and ingested into our vendor's database. To the extent that Uber is demanding that we search emails covering longer periods of time, we were not able to test all of those periods for all of those custodians because of the time it takes to ingest additional data into the system. The hit counts, however, will only increase with more documents to be searched; they won't go down.

2

No. 9 - ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  This term hits on over 12,000 unique documents for all Technical Custodians.  Again, because GBr is a project name more narrowing terms or proximity limiters need to be used.

No. 18 - ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Initially, Uber expanded this term since its initial proposal.  This term hits on over 27,000 unique documents for all Technical Custodians.  Again, AND should be replaced with a proximity limiter.

As numbered by Uber, this means that Waymo is agreeing to run 20 search terms (in addition to those Waymo already ran) on the Technical Custodians whose depositions were not this week or earlier, subject to completion of our testing of the volume of documents that hit on these terms.  We will search their emails from 1/1/2010 through 1/31/2016.

**Business Search Terms**

We will not run additional search terms proposed by Defendants for Bryan Salesky, Jennifer Haroon, Larry Page, Kristin Gundjonsson, or Chelsea Bailey, or the Technical Custodians identified above, because they have already been deposed or will be deposed this week or early next week.  For the remaining Technical Custodians, Business Custodians and Senior Business Custodians, <u>subject to overall agreement to our proposals herein</u>, we will agree to run the Business Terms <u>except for</u> those listed below across custodial emails**.**  We note that the proposed Business Terms hit on almost 1.4 million documents.  That is not reasonable, nor is it feasible to search and review such documents before the upcoming depositions.

We don't agree to run the following terms:

No. 1 - (otto* OR uber* OR Travis OR Kalanick).  Even limited to running this term on only Senior Business Custodians, it hits on over 50,000 unique documents.  As we previously explained, the terms are too broad.  For example, "Uber" by itself is much too broad given the company and its business.  This search term would hit on emails in which the sender said he/she was calling an Uber—having nothing to do with the issues in the case.  Similarly, "Travis" by itself is overbroad.  It could hit on emails discussing Travises other than Travis Kalanick.  Although we previously raised these concerns, Uber did not address them, only suggesting that this search be limited to the eleven Senior Business Custodians.  That did not sufficiently address our concerns.

No. 2 - (anthony OR levandowski) AND (newco OR sue OR suit OR lawsuit OR (trade /5 secret*) OR "14,000" OR 14k OR "Project Eleven" OR "Team Mac").  This string does not include an appropriate proximity limiter.  We would agree to run this term if AND were replaced with /25.

No. 5 – Uber split this proposed search string into two:

(Uber OR otto* OR "odin wave" OR tyto OR truck*) AND (SDC OR "self-driving" OR "self driving" OR driverless OR selfdriving OR autonom* or AV OR lidar OR velodyne OR PCB)

and

(truck* /15 (SDC OR "selfdriving" OR "self driving" OR driverless OR selfdriving OR autonom* or AV OR lidar OR velodyne OR PCB)).

The first phrase hits on nearly 10,000 unique documents and the second hits on almost 16,000. As we previously explained, given the nature of both parties' businesses, these terms are too broad without at least adding proximity connectors. Uber's revisions did not sufficiently address this problem.

No. 6A - (Anthony OR Levandowski OR Ron OR Lior) AND (Newco OR Uber* OR sdc OR "self-driving" OR "self driving" OR driverless OR selfdriving OR autonom* OR av OR lidar OR velodyne OR pcb OR truck*). Even when limited to Senior Business Custodians, this term hits on over 23,000 unique documents.

No. 6B - (Levandowski OR Lior) and (Newco or Uber* or SDC OR "self-driving" OR "self driving" OR driverless OR selfdriving OR autonom* or AV OR lidar OR velodyne OR PCB). This is overbroad, as it would call for any communication with Levandowski or Lior Ron regarding self-driving cars.

No. 6C - (Anthony OR Levandowski OR Ron or Lior) and truck*. As we previously indicate, Ron and truck are such common terms that they do not make for good search terms.

No. 6D - (Anthony OR Levandowski OR Lior OR Ron) and (Zee* or KittyHawk or "Kitty Hawk" or *aero or tiramisu). This term appears to seek documents that are not relevant to the parties' claims or defenses. Searching for such irrelevant documents is not proportional to the needs of the case.

No. 7 - (side OR personal) /5 (business* OR invest* OR project* OR venture*)). The Court ordered Waymo to produce documents relating to side businesses and it did so. Waymo ran a search for the email addresses of every single Waymo employee for emails sent to or from the email alias that oversees side businesses. Waymo's search for side business documents was reasonable and Uber has not identified any deficiencies, so further searches are not warranted. Moreover, this search string hits on over 8,700 unique documents.

No. 8 – Uber split this search into two:

((((bonus* OR milestone*) OR (payment OR valu* OR "exchange date")) AND (Chauff* or Chaff*))

and

((((bonus* OR milestone*) OR (payment OR valu* OR "exchange date")) /15 (* or SDC OR "self-driving" OR "self driving" OR driverless OR selfdriving OR autonom* or AV )).

The former hits on over 789,000 unique documents. The second hits on over 2,000 unique documents. Although comparatively small, that is still a large number for one search string given the number of search strings being discussed.

4

No. 9 - (TaaS OR Lyft* OR rideshar* OR ridesharing OR (ride /5 shar*) OR carpool* OR (Waze /10 Ride*)) w/15 (market or compet* OR partner* OR entr* OR enter* OR collab* OR Chauff* OR Chaff*).  The types of information Uber is seeking with this search term are more likely to be in non-email documents and (with the exception of Lyft), we conducted targeted searches for such documents.  Further, this term hits on nearly 21,000 unique documents.

No. 10 - (resign* OR leav* OR quit* OR terminat* OR transfer* OR ((giv* or gave) /2 notice) OR PIP or "performance improvement plan")) /15 (Waymo OR Google OR

Chauff* or Chaff*).  Pursuant to the Court's order, we produced documents relating to why Waymo employees left in the year prior to Levandowski's departure.  We produced a spreadsheet that is an export of exit interview responses.  Thus, additional searching is not warranted.  Moreover, this term hits on over 151,000 unique documents.

No. 12 – (Chaff* OR Chauf* OR Waymo OR Self-driving OR selfdriving OR autonom* OR AV OR SDC) AND /25 (Projection* OR forecas* OR ridership OR "business plan" OR roadmap* OR viab* OR gantt OR valu* OR commercial* OR perform*).  The types of information Uber is seeking with this search string are more likely to be in non-email documents and we conducted targeted searches for such documents.  This term hits on nearly 40,000 unique documents.

Very truly yours,

*/s/ Andrea Pallios Roberts*

Andrea Pallios Roberts

APR:wpc
01980-00104/9438426.2

5