# EXHIBIT 12

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Cal. Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David Perlson (Cal. Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa J. Baily (Cal. Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Cal. Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan R. Jaffe (Cal. Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>              Plaintiff,<br><br>        vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO, LLC; OTTO TRUCKING<br>LLC<br><br>              Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S THIRD SET OF COMMON INTERROGATORIES TO DEFENDANTS**<br><br>Honorable William H. Alsup |

<u>**PLAINTIFF'S THIRD SET OF COMMON INTERROGATORIES TO DEFENDANTS**</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Waymo LLC ("Waymo") requests that Defendant Uber Technologies, Inc. ("Uber"), Ottomotto, LLC ("Otto), and Otto Trucking LLC ("Otto Trucking") (collectively "Defendants") answer under oath the following interrogatories within thirty (30) calendar days of service.  Defendants are subject to a duty to timely supplement all responses to these interrogatories in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

# **DEFINITIONS**

1.      "WAYMO" means Waymo LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and WAYMO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by WAYMO, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by WAYMO.

2.      "GOOGLE" means Google Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and GOOGLE's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by GOOGLE, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by GOOGLE.

3.      "UBER" means Uber Technologies, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and UBER's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by UBER, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by UBER.

4.      "OTTOMOTTO" means Ottomotto, LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and OTTOMOTTO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by OTTOMOTTO, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated

1  with, or controlled in whole or in part by OTTOMOTTO.   For the avoidance of doubt,
2  OTTOMOTTO includes all former names under which OTTOMOTTO operated, including
3  without limitation 280 Systems, Inc., 280 Systems, LLC, and Ottomotto, Inc.

4      5.   "OTTO TRUCKING" means Otto Trucking LLC and its officers, directors,
5  current and former employees, counsel, agents, consultants, representatives, and any other persons
6  acting on behalf of any of the foregoing, and OTTO TRUCKING's affiliates, parents, divisions,
7  joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any
8  other legal entities, whether foreign or domestic, that are owned or controlled by OTTO
9  TRUCKING, and all predecessors and successors in interest to such entities, and any entity owned
10 in whole or in part by, affiliated with, or controlled in whole or in part by OTTO TRUCKING.

11     6.   "DEFENDANTS" means UBER, OTTOMOTTO, and OTTO TRUCKING.

12     7.   "YOU" or "YOUR" means UBER, OTTOMOTTO, or OTTO TRUCKING.

13     8.   "ODIN WAVE" means Odin Wave, LLC and its officers, directors, current and
14 former employees, counsel, agents, consultants, representatives, and any other persons acting on
15 behalf of any of the foregoing, and ODIN WAVE's affiliates, parents, divisions, joint ventures,
16 licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities,
17 whether foreign or domestic, that are owned or controlled by ODIN WAVE, and all predecessors
18 and successors in interest, and any entity owned in whole or in part by, affiliated with, or
19 controlled in whole or in part by ODIN WAVE.

20     9.   "TYTO" means Tyto Lidar LLC, and its officers, directors, current and former
21 employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of
22 any of the foregoing, and TYTO's affiliates, parents, divisions, joint ventures, licensees,
23 franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether
24 foreign or domestic, that are owned or controlled by TYTO, and all predecessors and successors in
25 interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in
26 part by TYTO.

27     10.   "LEVANDOWSKI" means Anthony Levandowski.

28     11.   "THIS CASE" means *Waymo LLC v. Uber Technologies, Inc., Ottomotto, LLC,*

3
Case No. 3:17-cv-00939-WHA
PLAINTIFF WAYMO LLC'S THIRD SET OF COMMON INTERROGATORIES TO DEFENDANTS

12.     *and Otto Trucking LLC*, No. 3:17-cv-00939-JCS, filed in the Northern District of California.

13.     "GORILLA CIRCUITS" means Gorilla Circuits, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and GORILLA CIRCUITS' affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by GORILLA CIRCUITS, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by GORILLA CIRCUITS.

14.     "POUCH HOLDINGS" means Pouch Holdings LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and POUCH HOLDING's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by POUCH HOLDINGS, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by POUCH HOLDINGS.

15.     "DOGWOOD LEASING" means Dogwood Leasing, LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and DOGWOOD LEASING's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by DOGWOOD LEASING, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by DOGWOOD LEASING.

16.     "APPARATE INTERNATIONAL" means Apparate International C.V., and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and APPARATE INTERNATIONAL's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic,

that are owned or controlled by APPARATE INTERNATIONAL, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by APPARATE INTERNATIONAL.

17.    "STROZ" means Stroz Friedberg, LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and STROZ's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by STROZ, and all predecessors and successors in interest, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by STROZ.

18.    "KSHIRSAGAR" means Sameer Kshirsagar.

19.    "RADUTA" means Radu Raduta.

20.    "MISAPPROPRIATED MATERIALS" refers to all GOOGLE and WAYMO DOCUMENTS and materials, whether digital or physical, and regardless of the manner stored, for which any current or former employee of DEFENDANTS retained possession, without authorization of either GOOGLE or WAYMO, after the employee ended his or her employment with GOOGLE/WAYMO.  Without limitation, MISAPPROPRIATED MATERIALS includes at least: (i) each of the more than 14,000 digital files downloaded by LEVANDOWSKI on or about December 11, 2015 from the SVN repository; (ii) each file copied by LEVANDOWSKI from his GOOGLE laptop to an RDF5 USB 3.0 card reader on or about December 14, 2015; (iii) each of the five files that were exported by LEVANDOWSKI from Google Drive to a personal device on or about January 4, 2016; (iv) the file exported by LEVANDOWSKI from Google Drive to a personal device on or about January 11, 2016; (v) the file that was exported by LEVANDOWSKI from Google Drive to a personal device on or about November 19, 2016; (vi) the file that was exported by LEVANDOWSKI from Google Drive to a personal device on or about November 4, 2016; each of the five files that were exported by KSHIRSAGAR from Google Drive in or around June and July 2016; (vii) each of the three files that were exported by RADUTA from Google Drive on or around July 28, 2016.

21.    "LiDAR" means Light Detection and Ranging.

22.    "OTTOMOTTO MERGER AGREEMENT" is the DOCUMENT produced at UBER00016453 and all DOCUMENTS appurtenant to that agreement   including the OTTOMOTTO DISCLOSURE SCHEDULES produced at UBER00016983.

23.    "OTTO TRUCKING MERGER AGREEMENT" is the DOCUMENT produced at UBER00016757 and all DOCUMENTS appurtenant to that agreement including the OTTO TRUCKING DISCLOSURE SCHEDULES produced at UBER00016974.

24.    "INDEMNITY CONSTRUCT" is the DOCUMENT produced at UBER00016432.

25.    ACQUISITION DOCUMENTS are the OTTOMOTTO MERGER AGREEMENT, the OTTO TRUCKING MERGER AGREEMENT, the INDEMNITY CONSTRUCT, and other DOCUMENTS REGARDING UBER'S acquisition of OTTOMOTTO and OTTO TRUCKING.

26.    "DUE DILIGENCE REPORT" is the due diligence report prepared by STROZ in connection with UBER's acquisition of OTTOMOTTO, and all DOCUMENTS or exhibits attached thereto.

27.    "DILIGENCED EMPLOYEE" are the employees who are identified as "Diligenced Employees" in the ACQUISITION DOCUMENTS.

28.    "FORMER GOOGLE/WAYMO EMPLOYEE" refers to any current or former employee of UBER or OTTOMOTTO that previously worked at GOOGLE or WAYMO.

29.    "MISAPPROPRIATED" refers to the definition of misappropriation as defined in 18 U.S.C. § 1839 and Cal. Civ. Code Section 3426.1(b), inclusive of both.

30.    "DOCUMENTS" shall INCLUDE, without limitation, all written, graphic or otherwise recorded material, INCLUDING without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, INCLUDING e-mail, notes,

papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, INCLUDING by the addition of handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically INCLUDES information stored in a computer database and capable of being generated in documentary form, such as electronic mail, text messages (i.e., SMS messages), other electronic messages including messages sent or received via Slack, WhatsApp, Google Hangouts, Facebook Messenger, and the like.

31.   "COMMUNICATIONS" shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

32.   "THING" means any tangible object, other than a DOCUMENT.

33.   "PERSON" means to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.  The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

34.   "REGARDING," shall mean relating to, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

35.   "INCLUDE" and "INCLUDING" shall mean including without limitation.

36.   Use of the singular also INCLUDES the plural and vice-versa.

37.   The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests for Production.

38.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

39.     The term "any" shall include "all" and "all" shall include "any."

## INSTRUCTIONS

The following Instructions apply to each interrogatory:

1.     In answering the following interrogatories, furnish all available information, including information in the possession, custody, or control of any of DEFENDANTS' attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and PERSONS under DEFENDANTS' control, who have knowledge, not merely information known to DEFENDANTS based on DEFENDANTS' own personal knowledge.

2.     If DEFENDANTS cannot fully respond to the following interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the interrogatories cannot be answered fully and completely; and state what knowledge, information or belief DEFENDANTS have concerning the unanswered portion of any such interrogatory.

3.     If DEFENDANTS' response to a particular Interrogatory is a statement that DEFENDANTS lack the ability to comply with that Interrogatory, specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in DEFENDANTS' possession, custody, or control, in which case the name and address of any person or entity known or believed by DEFENDANTS to have possession, custody, or control of that information or category of information must be identified.

4.     If any information requested is claimed to be privileged or otherwise immune from discovery, provide all information falling within the scope of the interrogatory which is not privileged, and for each item of information contained in a document to which a claim of privilege

is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    a.   the basis on which the privilege is claimed;

    b.   the names and positions of the author of the document and all other persons participating in the preparation of the document;

    c.   the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

    d.   the date of the document;

    e.   a description of any accompanying material transmitted with or attached to such document;

    f.   the number of pages in such document;

    g.   the particular Interrogatory to which such document is responsive; and

    h.   whether any business or non-legal matter is contained or discussed in such document.

    40.    DEFENDANTS' obligation to respond to these interrogatories is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## **INTERROGATORIES**

**COMMON INTERROGATORY NO. 8:**

Describe in detail YOUR policies and practices with respect to the retention and/or destruction of DOCUMENTS (including without limitation emails, instant messages, electronically stored information, and hard copies), from 2014 to the present.

**COMMON INTERROGATORY NO. 9:**

Describe all facts supporting YOUR contentions regarding LEVANDOWSKI's reasons for downloading and/or retaining the MISAPPROPRIATED MATERIALS and all facts supporting those contentions.

1    DATED: July 14, 2017                    QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
2

3

4                                       By:    /s/ Charles K. Verhoeven
                                             Charles K. Verhoeven
5                                            Attorneys for Plaintiff WAYMO LLC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF WAYMO LLC'S THIRD SET OF COMMON INTERROGATORIES TO DEFENDANTS

1

**PROOF OF SERVICE**

2      I, Lindsay Cooper, am employed in the County of San Francisco, State of California.  I am

3 over the age of eighteen years and not a party to the within action.  My business address is 50

4 California, 22nd Floor, San Francisco, CA 94111.

5      On July 14, 2017, I served true copies of the following document(s) described as

6 PLAINTIFF WAYMO LLC'S THIRD SET INTERROGATORIES TO DEFENDANTS on the

7 interested parties in this action as follows:

| Recipient | Email Address: |
|---|---|
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Edward Takashima<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br><br>Michelle Ching Youn Yang<br>MORRISON FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006<br><br>Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br><br>Sylvia Rivera<br>Wendy Joy Ray<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017 | UberWaymoMoFoAttorneys@mofo.com |
| Michael Darron Jay<br>BOIES SCHILLER & FLEXNER LLP<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401<br><br>Meredith Richardson Dearborn<br>BOIES SCHILLER FLEXNER LLP<br>435 Tasso Street<br>Suite 205 | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| Palo Alto, CA 94301<br><br>Hamish Hume<br>Jessica E Phillips<br>Karen Leah Dunn<br>Kyle N. Smith<br>Martha Lea Goodman<br>Michael A. Brille<br>BOIES SCHILLER FLEXNER LLP<br>1401 New York Ave., NW<br>Washington, DC 20005 | |
| I. Neel Chatterjee<br>James Lin<br>GOODWIN PROCTER LLP<br>135 Commonwealth Drive<br>Menlo Park, CA 94025<br>Tel.: +1 650 752 3100<br>Fax: +1 650 853 1038<br><br>Hong-An Vu<br>GOODWIN PROCTER LLP<br>601 S. Figueroa St<br>41St Floor<br>Los Angeles, CA 90017<br>213.426.2500<br>Fax: 213.623.1673<br><br>Brett M. Schuman<br>Hayes Phillips Hyde<br>Shane Brun<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Tel.: +1 415 733 6000<br>Fax.: +1 415 677 9041 | DG-GPOttoTruckingWaymo@goodwinlaw.com |
| John L. Cooper<br>FARELLA   BRAUN   +   MARTEL<br>LLP<br>235 Montgomery Street<br>17th Floor<br>San Francisco, California 94104<br>415.954.4410<br>415.954.4480 | JCooper@fbm.com |

01980-00104/9423025.2

2

**BY ELECTRONIC MAIL TRANSMISSION:** by electronic mail transmission from grantmargeson@quinnemanuel.com on July 14, 2017, by transmitting a PDF format copy of such document(s) to each such person at the e mail address listed above.  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

Executed on July 14, 2017, at San Francisco, California.


*/s/ Lindsay Cooper*
Lindsay Cooper

01980-00104/9423025.2