# EXHIBIT 15

HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

_____

WAYMO LLC,                                )

           Plaintiff,            )

  vs.                                     ) Case No.

UBER TECHNOLOGIES, INC.;                  ) 17-cv-00939-WHA

OTTOMOTTO, LLC; OTTO TRUCKING LLC, )

          Defendants.           )

_____)

HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION OF ANGELA L. PADILLA, ESQ.

San Francisco, California

Monday, October, 2017

Volume I

Reported by:

MARY J. GOFF

CSR No. 13427

JOB No. 2716665

PAGES 1-111

Page 1

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | subject? | 10:34:28 |
| 2 |     A   Truly, I do not. | 10:34:29 |
| 3 |     Q   So you can't testify as to what sources | 10:34:45 |
| 4 | within Uber were searched or not searched in -- to | 10:34:47 |
| 5 | comply with the court's order; is that right? | 10:34:55 |
| 6 |     A   I don't know if that impinges on privilege | 10:35:03 |
| 7 | or not. | 10:35:05 |
| 8 |     Q   Okay.  What sources did Uber search within | 10:35:05 |
| 9 | Uber to comply with the court's order? | 10:35:11 |
| 10 |     A   As far as I recall, everywhere.  Meaning | 10:35:16 |
| 11 | we took this order very, very seriously and put a | 10:35:21 |
| 12 | ton of people power on the direction here in | 10:35:28 |
| 13 | paragraph 4. | 10:35:34 |
| 14 |         And I believe we also retained outside | 10:35:36 |
| 15 | experts to help us and moved heaven and earth to | 10:35:38 |
| 16 | look under every rock and understand the answer to | 10:35:46 |
| 17 | paragraph 4. | 10:35:50 |
| 18 |     Q   Okay.  So who did -- who did you retain? | 10:35:53 |
| 19 |     A   I don't recall the name of the forensic | 10:35:59 |
| 20 | expert that was retained. | 10:36:01 |
| 21 |     Q   Do you recall the -- the entity? | 10:36:02 |
| 22 |     A   Hum-um.  I don't.  I'm sorry. | 10:36:04 |
| 23 |     Q   Do you know what specifically that entity | 10:36:06 |
| 24 | did to search within Uber? | 10:36:10 |
| 25 |     A   I'm sure -- sorry.  Is your question done? | 10:36:16 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | to mind right now. | 10:38:15 |
| 2 | Q   (BY MR. PERLSON) Okay. | 10:38:16 |
| 3 | A   And speak to the individuals named here, | 10:38:17 |
| 4 | Anthony, Sameer, Radu. | 10:38:19 |
| 5 | The idea was to -- to leave no stone | 10:38:24 |
| 6 | unturned.  The idea was scorched-earth approach. | 10:38:26 |
| 7 | Q   But you didn't search everywhere -- Uber | 10:38:34 |
| 8 | didn't search everywhere within -- let me start over | 10:38:37 |
| 9 | again. | 10:38:41 |
| 10 | Uber did not search every electronic | 10:38:42 |
| 11 | source of data within Uber in response to the | 10:38:44 |
| 12 | court's March 16 order?  Would you agree with that? | 10:38:53 |
| 13 | A   I don't have a basis to agree or not | 10:38:59 |
| 14 | agree.  I'm sure that what we searched was based on | 10:39:01 |
| 15 | identifying the most likely places where any of this | 10:39:06 |
| 16 | information would -- would be found, if it was there | 10:39:13 |
| 17 | at all. | 10:39:16 |
| 18 | Q   Okay.  What areas were searched | 10:39:17 |
| 19 | specifically? | 10:39:19 |
| 20 | A   For that, you would have to ask others on | 10:39:20 |
| 21 | the team or outside counsel and the vendor that | 10:39:22 |
| 22 | helped us. | 10:39:26 |
| 23 | Q   Okay. You don't -- you don't know that -- | 10:39:28 |
| 24 | you don't have any personal knowledge of that | 10:39:30 |
| 25 | yourself? | 10:39:32 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | A    I really don't. | 10:39:33 |
| 2 | Q    Okay.  And so you don't know specifically | 10:39:33 |
| 3 | what outside counsel did in terms of trying to | 10:39:37 |
| 4 | obtain -- obtain any information responsive to | 10:39:44 |
| 5 | paragraph 4 of the March 16 order; is that fair? | 10:39:48 |
| 6 | A    I mean, that's fair to say.  I know in | 10:39:52 |
| 7 | general how one would search for this kind of | 10:39:54 |
| 8 | information, but I don't know specifically what they | 10:39:57 |
| 9 | did. | 10:40:01 |
| 10 | Q    Okay.  And as to the in-house counsel that | 10:40:01 |
| 11 | was tasked to assist with Uber's response to | 10:40:08 |
| 12 | paragraph 4 of the court's March 16 order, you don't | 10:40:12 |
| 13 | know specifically what -- what they did; is that | 10:40:16 |
| 14 | fair? | 10:40:20 |
| 15 | A    I know they spent a ton of time over at | 10:40:20 |
| 16 | Otto in trying to find any of this information, if | 10:40:24 |
| 17 | any of it existed, and interviewing people and | 10:40:28 |
| 18 | reviewing forensic material that had been acquired. | 10:40:33 |
| 19 | But -- but in terms of telling you detail | 10:40:37 |
| 20 | by detail, no, I can't do that. | 10:40:39 |
| 21 | Q    Okay.  And -- and how did you know that | 10:40:42 |
| 22 | the -- that your in-house team was -- was doing | 10:40:43 |
| 23 | investigations or talking to people at Ottomotto? | 10:40:52 |
| 24 | A    I was told so. | 10:40:56 |
| 25 | Q    Okay.  By your in-house -- | 10:40:57 |

Page 48