# EXHIBIT B

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:     415.268.7000
Facsimile:     415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone:     202.237.2727
Facsimile:     202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | Case No.       3:17-cv-00939-WHA |
| Plaintiff, | **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 153-265)** |
| v. | |
| UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | Trial Date: October 2, 2017 |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Defendants") object and respond to Plaintiff Waymo LLC's Third Set of Requests for Production of Documents, served on May 31, 2017.

## GENERAL OBJECTIONS

Defendants make the following general responses and objections ("General Objections") to each definition, instruction, and request propounded in Waymo's Requests for Production of Documents. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to the individual requests does not waive any of Defendants' General Objections.

1. Defendants object to each Request, Definition, or Instruction to the extent it seeks or purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the applicable rules and orders of this Court.

2. Nothing in these responses is an admission by Defendants of the existence, relevance, or admissibility of any information, for any purpose. Defendants reserve all objections as to competency, relevance, materiality, privilege, or admissibility related to the use of its responses and any document or thing identified in its responses as evidence for any purpose whatsoever in any subsequent proceeding in this trial or any other action.

3. Defendants object to each Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in their ordinary course of business. Defendants will provide only relevant, non-privileged information that is within their present possession, custody, or control and available after a reasonable investigation.

4. Defendants object to these Requests insofar as they purport to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage.

5. Defendants object to each Request to the extent that it is not limited in time. Defendants will produce information from a reasonable time period as it relates to this case.

6. Defendants object to each Request to the extent it seeks a response from persons or

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

1

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1   entities that are not parties to the lawsuit and over whom Defendants have no control.  Defendants

2   respond to the Requests on Defendants' own behalf.

3           7.       To the extent any Request, Instruction, or Definition may be construed as calling

4   for disclosure of information subject to the attorney-client privilege, work-product immunity,

5   joint defense or common interest, or any other applicable privilege or protection, Defendants

6   hereby claim such privileges and immunities and object on such grounds.  Defendants do not

7   waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint

8   defense or common-interest privilege or any other privilege, immunity, or other protection that

9   may be asserted to protect information from disclosure.

10          8.       Defendants object to the Requests to the extent that they are compound, complex

11  and contain multiple subparts.

12          9.       Defendants object to the definitions of "WAYMO," "GOOGLE," and "OTTO

13  TRUCKING," as overbroad, vague, and ambiguous because Defendants do not know, for

14  example, all "current and former employees, counsel, agents, consultants, representatives, and

15  any other persons acting on behalf of" each entity.

16          10.      Defendants object to Instruction No. 1 as overbroad, unduly burdensome, and not

17  proportional to the needs of the case to the extent it purports to impose duties greater than those

18  set forth in Paragraphs 12 and 13 of the Court's Supplemental Order to Order Setting Initial Case

19  Management Conference in Civil Cases Before Judge William Alsup ("Supplemental Order").

20          11.      Defendants object to Instruction Nos. 3 through 5 as overbroad, unduly

21  burdensome, and not proportional to the needs of the case to the extent they purport to impose

22  duties greater than those set forth in Paragraph 14 of the Court's Supplemental Order.

23          12.      Defendants object to Instruction No. 7 as overbroad, unduly burdensome, and not

24  proportional to the needs of the case, including to the extent it purports to impose duties greater

25  than those set forth in Paragraph 12 to the Court's Supplemental Order.

26          13.      Although Defendants have diligently complied with their discovery obligations at

27  this stage, their investigations in connection with this litigation are continuing.  These responses

28  are limited to information obtained to date and are given without prejudice to Defendants' right to

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1  amend or supplement their responses after considering information obtained through further

2  discovery or investigation.

3      Subject to without waiving its General Objections, Defendants object and respond to the

4  Requests as follow:

5                    **SPECIFIC OBJECTIONS AND RESPONSES**

6  **REQUEST FOR PRODUCTION NO. 153:**

7      All DOCUMENTS and COMMUNICATIONS REGARDING the Project Chauffeur

8  Bonus Program.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

10     Defendants will produce responsive, non-privileged DOCUMENTS, if such

11  DOCUMENTS exist, can be located through a reasonably diligent search, and concern

12  Mr. Levandowski.

13     Defendants object to this Request to the extent that it seeks information protected by the

14  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

15  from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

16  proportional to the needs of the case to the extent that it seeks "all" documents.  Defendants also

17  object that the term "Project Chauffeur Bonus Program" is undefined.

18

19  **REQUEST FOR PRODUCTION NO. 154:**

20     All agreements between any DEFENDANT and Nevada ATCF LLC.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

22     Pursuant to the telephone conference with Special Master John L. Cooper on June 30,

23  2017, this Request has been withdrawn.

24

25  **REQUEST FOR PRODUCTION NO. 155:**

26     All DOCUMENTS and COMMUNICATIONS REGARDING any agreements between

27  any DEFENDANT and Nevada ATCF LLC.

28

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

2        Pursuant to the telephone conference with Special Master John L. Cooper on June 30,

3  2017, this Request has been withdrawn.

4

5  **REQUEST FOR PRODUCTION NO. 156:**

6        All COMMUNICATIONS between LEVANDOWSKI and any PERSON (INCLUDING

7  DEFENDANTS) REGARDING Nevada ATCF LLC.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

9        Defendants will produce non-privileged COMMUNICATIONS responsive to this

10  Request, if any, located through a reasonably diligent search.

11        Defendants object to this Request to the extent that it seeks information protected by the

12  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

13  from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

14  proportional to the needs of the case to the extent that it seeks "all" documents and

15  communications.  Defendants further object to this Request on the grounds that the term

16  "REGARDING" is vague and ambiguous in the context of this Request.

17

18  **REQUEST FOR PRODUCTION NO. 157:**

19        DOCUMENTS sufficient to show the reasons behind DEFENDANTS' and/or OTTO

20  TRUCKING's decision not to deploy self-driving trucks in Texas.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

22        Pursuant to the telephone conference with Special Master John L. Cooper on June 30,

23  2017, this Request has been withdrawn.

24

25  **REQUEST FOR PRODUCTION NO. 158:**

26        DOCUMENTS sufficient to show DEFENDANTS' past, present, and future plans to test

27  self-driving trucks in any state, INCLUDING (without limitation) Ohio, Nevada, Texas,

28  Colorado, Pennsylvania, Arizona, and California.

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

4

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Defendants will produce a non-privileged DOCUMENT or DOCUMENTS responsive to this Request, if any, located through a reasonably diligent search.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.

**REQUEST FOR PRODUCTION NO. 159:**

DOCUMENTS sufficient to show the total number of miles DEFENDANTS' self-driving trucks have traveled each month in each state, broken out by month and by state.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Defendants object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.  Defendants additionally object that responding to this Request would be oppressive and unduly burdensome, including because it would require research, investigation, and compilation of data.

Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 160:**

DOCUMENTS sufficient to show DEFENDANTS' past, present, and future plans to test self-driving trucks in any state, INCLUDING (without limitation) Ohio, Nevada, Texas, Colorado, Pennsylvania, Arizona, and California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Defendants refer Plaintiff to their response to Request No. 158.

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

5

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1   Defendants object to this Request to the extent that it seeks information protected by the

2   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

3   from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

4   proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

5   as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

6   case to the extent it calls for the production of documents that are unrelated to this litigation.

7   Defendants additionally object that responding to this Request would be oppressive and unduly

8   burdensome.

9

10  **REQUEST FOR PRODUCTION NO. 161:**

11  All DOCUMENTS and COMMUNICATIONS REGARDING the naming of FUJI.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

13  Defendants will produce non-privileged documents sufficient to show the naming of FUJI,

14  if any, located through a reasonably diligent search.

15  Defendants object to this Request as irrelevant, overbroad, and not proportional to the

16  needs of the case; specifically, Defendants object that the Request is overbroad as to scope,

17  subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

18  extent it calls for the production of documents that are unrelated to this litigation.  Defendants

19  further object to this request as irrelevant, overbroad, and not proportional to the needs of the case

20  to the extent that it seeks "all" documents and communications.

21

22  **REQUEST FOR PRODUCTION NO. 162:**

23  All DOCUMENTS and COMMUNICATIONS REGARDING the naming of SPIDER.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

25  Defendants will produce non-privileged documents sufficient to show the naming of

26  SPIDER, if any, located through a reasonably diligent search.

27  Defendants object to this Request as irrelevant, overbroad, and not proportional to the

28  needs of the case; specifically, Defendants object that the Request is overbroad as to scope,

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

6

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1   subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

2   extent it calls for the production of documents that are unrelated to this litigation.  Defendants

3   further object to this request as irrelevant, overbroad, and not proportional to the needs of the case

4   to the extent that it seeks "all" documents and communications.

5

6   **REQUEST FOR PRODUCTION NO. 163:**

7        All DOCUMENTS and COMMUNICATIONS REGARDING the naming of OWL.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

9        Defendants will produce non-privileged documents sufficient to show the naming of

10  OWL, if any, located through a reasonably diligent search.

11       Defendants object to this Request as irrelevant, overbroad, and not proportional to the

12  needs of the case; specifically, Defendants object that the Request is overbroad as to scope,

13  subject matter, and time, and is irrelevant and not proportional to the needs of the case to the

14  extent it calls for the production of documents that are unrelated to this litigation.  Defendants

15  further object to this request as irrelevant, overbroad, and not proportional to the needs of the case

16  to the extent that it seeks "all" documents and communications.

17

18  **REQUEST FOR PRODUCTION NO. 164:**

19       All COMMUNICATIONS between Brian McClendon and any PERSON REGARDING

20  LiDAR, OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSI.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

22       Defendants have already produced COMMUNICATIONS responsive to this Request,

23  including, without limitation, in Production Volume 52.  Defendants will produce additional

24  responsive, non-privileged COMMUNICATIONS between Brian McClendon and any person

25  regarding Ottomotto, Otto Trucking, or Anthony Levandowski before August 23, 2016, and

26  regarding Mr. Levandowski after August 23, 2016, if such COMMUNICATIONS exist and can

27  be located through a reasonably diligent search.

28

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

7

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1   Defendants object to this Request to the extent that it seeks information protected by the

2   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

3   from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

4   proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

5   as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

6   case to the extent it calls for the production of documents that are unrelated to this litigation.

7   Defendants further object to this request as irrelevant, overbroad, and not proportional to the

8   needs of the case to the extent that it seeks "all" documents and communications.  Defendants

9   additionally object that responding to this Request would be oppressive and unduly burdensome.

10

11   **REQUEST FOR PRODUCTION NO. 165:**

12   All COMMUNICATIONS between Travis Kalanick and any PERSON REGARDING

13   LiDAR, OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSI.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

15   Defendants have already produced COMMUNICATIONS responsive to this Request,

16   including, without limitation, in Production Volume 52, which included all communications

17   between Travis Kalanick and Anthony Levandowski; communications between Mr. Kalanick and

18   anyone regarding LiDAR; and communications between Mr. Kalanick and anyone regarding

19   Mr. Levandowski, Ottomotto, or Otto Trucking before August 23, 2016.  Defendants will produce

20   additional responsive, non-privileged COMMUNICATIONS between Mr. Kalanick and anyone

21   regarding Mr. Levandowski after August 23, 2016, if such COMMUNICATIONS exist and can

22   be located through a reasonably diligent search.

23   Defendants object to this Request to the extent that it seeks information protected by the

24   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

25   from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

26   proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

27   as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

28   case to the extent it calls for the production of documents that are unrelated to this litigation.

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

8

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1   Defendants further object to this request as irrelevant, overbroad, and not proportional to the

2   needs of the case to the extent that it seeks "all" documents and communications.  Defendants

3   additionally object that responding to this Request would be oppressive and unduly burdensome.

4

5   **REQUEST FOR PRODUCTION NO. 166:**

6         All COMMUNICATIONS between John Bares and any PERSON REGARDING

7   OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSI.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

9         Defendants have already produced COMMUNICATIONS responsive to this Request,

10   including, without limitation, in Production Volumes 22 and 51.  Defendants will produce

11   additional responsive, non-privileged COMMUNICATIONS between John Bares and any person

12   regarding Ottomotto, Otto Trucking, or Anthony Levandowski before August 23, 2016, and

13   regarding Mr. Levandowski after August 23, 2016, if such COMMUNICATIONS exist and can

14   be located through a reasonably diligent search.

15         Defendants object to this Request to the extent that it seeks information protected by the

16   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

17   from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not

18   proportional to the needs of the case; specifically, Defendants object that the Request is overbroad

19   as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the

20   case to the extent it calls for the production of documents that are unrelated to this litigation.

21   Defendants further object to this request as irrelevant, overbroad, and not proportional to the

22   needs of the case to the extent that it seeks "all" documents and communications.  Defendants

23   additionally object that responding to this Request would be oppressive and unduly burdensome.

24

25   **REQUEST FOR PRODUCTION NO. 167:**

26         All COMMUNICATIONS between Cameron Poetzscher and any PERSON

27   REGARDING LiDAR, OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSI.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

9

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Defendants will produce responsive, non-privileged COMMUNICATIONS between Cameron Poetzscher and any person regarding LiDAR or Anthony Levandowski.

Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants have already furnished privilege logs for documents that potentially could be responsive to the Court's March 16, 2017 order.  To the extent this Request seeks additional documents, Defendants object that it is overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks "all" documents and communications. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case; specifically, Defendants object that the Request is overbroad as to scope, subject matter, and time, and is irrelevant and not proportional to the needs of the case to the extent it calls for the production of documents that are unrelated to this litigation.  To the extent this request seeks all communications between Mr. Poetzscher and anyone regarding Ottomotto or Otto Trucking, it is overbroad, unduly burdensome, and not proportional to the needs of the case.  Such documents are subsumed within Waymo's Request for Production No. 28 and 29 regarding negotiations over Uber's acquisition of Ottomotto and due diligence related to same, about which the parties are presently conferring.  Defendants additionally object that responding to this Request would be oppressive and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 168:**

All minutes of meetings of any of DEFENDANTS' Board of Directors, or any committee thereof, during which LiDAR was discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

Defendants will produce non-privileged Board of Directors meeting minutes responsive to this Request located through a reasonably diligent search.

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

10

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1   Defendants object to this Request to the extent that it seeks information protected by the

2   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

3   from discovery.

4

5   **REQUEST FOR PRODUCTION NO. 169:**

6   All minutes of meetings of UBER's Board of Directors, or any committee thereof, during

7   which OTTOMOTTO, OTTO TRUCKING, or LEVANDOWSKI was discussed.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

9   Defendants will produce non-privileged Board of Directors meeting minutes responsive to

10  this Request located through a reasonably diligent search.

11  Defendants object to this Request to the extent that it seeks information protected by the

12  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

13  from discovery.

14

15  **REQUEST FOR PRODUCTION NO. 170:**

16  All DOCUMENTS REGARDING LiDAR that were prepared for or received by any of

17  DEFENDANTS' Board of Directors, or any committee thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

19  Defendants will produce non-privileged DOCUMENTS that were sent or presented to

20  Uber's Board of Directors or any committee thereof responsive to this Request, if any, located

21  through a reasonably diligent search.

22  Defendants object to this Request to the extent that it seeks information protected by the

23  attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

24  from discovery.  Defendants further object to this Request on the grounds that the term

25  "REGARDING" is vague and ambiguous in the context of this Request.

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1

**REQUEST FOR PRODUCTION NO. 171:**

2

All DOCUMENTS REGARDING OTTOMOTTO, OTTO TRUCKING, or

3

LEVANDOWSKI that were prepared for or received by UBER's Board of Directors, or any

4

committee thereof.

5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

6

Defendants will produce non-privileged DOCUMENTS that were sent or presented to

7

Uber's Board of Directors or any committee thereof responsive to this Request, if any, located

8

through a reasonably diligent search.

9

Defendants object to this Request to the extent that it seeks information protected by the

10

attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

11

from discovery.  Defendants further object to this Request on the grounds that the term

12

"REGARDING" is vague and ambiguous in the context of this Request.

13

14

**REQUEST FOR PRODUCTION NO. 172:**

15

All roadmaps, timelines, and development schedules REGARDING LiDAR.

16

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

17

Defendants have made available for inspection Uber's facilities, email, computers,

18

documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In

19

doing so, Uber has made available for inspection over 383,000 emails and documents; the devices

20

of Scott Boehmke, John Bares, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, and

21

James Haslim; and all four locations at which there is ongoing LiDAR development.  To date,

22

Waymo has conducted approximately 55 hours of inspection, with additional requests for

23

investigation.

24

In addition, Defendants have already produced other non-privileged documents responsive

25

to this Request, including, for example, drafts of the milestones document.

26

Defendants will produce additional non-privileged documents responsive to this Request,

27

if such documents exist and can be located through a reasonably diligent search.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

12

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1    To the extent this Request seeks anything other than the previously described information,

2    Defendants object to the portion of this Request seeking "all" such documents as overbroad,

3    unduly burdensome, and not proportional to the needs of the case.  Defendants further object to

4    this Request to the extent that it seeks information protected by the attorney-client privilege or the

5    work product doctrine or that is otherwise privileged or protected from discovery.  Defendants

6    object to this Request as unreasonably overbroad to the extent that it requests information about

7    third-party LiDAR designs and/or implicates non-disclosure agreements with third parties.

8    Defendants further object to this Request on the ground that the terms "roadmaps," "timelines,"

9    and "development schedules" are vague and ambiguous.

10

11   **REQUEST FOR PRODUCTION NO. 173:**

12   All roadmaps, timelines, and development schedules REGARDING self-driving vehicles.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

14   Defendants have made available for inspection Uber's facilities, email, computers,

15   documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In

16   doing so, Uber has made available for inspection over 383,000 emails and documents; the devices

17   of Scott Boehmke, John Bares, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, and

18   James Haslim; and all four locations at which there is ongoing LiDAR development.  To date,

19   Waymo has conducted approximately 55 hours of inspection, with additional requests for

20   investigation.

21   In addition, Defendants have already produced other non-privileged documents responsive

22   to this Request, including, for example, drafts of the milestones document.

23   Defendants will produce additional non-privileged documents, if such documents exist

24   and can be located through a reasonably diligent search, sufficient to show roadmaps, timelines,

25   and development schedules for Defendants' self-driving vehicles using LiDAR sensors.

26   Defendants object to this Request to the extent that it seeks information protected by the

27   attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

28   from discovery.  Defendants object to the portion of this Request seeking "all" such documents as

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendants object

to "self-driving vehicles" as overbroad, unduly burdensome, and not proportional to the needs of

the case.  Defendants further object to this Request on the ground that the terms "roadmaps,"

"timelines," and "development schedules" are vague and ambiguous.


**REQUEST FOR PRODUCTION NO. 174:**

      All forecasts, market analyses, or market projects REGARDING self-driving vehicles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

      Defendants have made available for inspection Uber's facilities, email, computers,

documents, design files, and source code in San Francisco and Pittsburgh on eight occasions.  In

doing so, Uber has made available for inspection over 383,000 emails and documents; the devices

of Scott Boehmke, John Bares, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, and

James Haslim; and all four locations at which there is ongoing LiDAR development.  To date,

Waymo has conducted approximately 55 hours of inspection, with additional requests for

investigation.

      Defendants will produce additional non-privileged documents, if such documents exist

and can be located through a reasonably diligent search, sufficient to show forecasts and market

analyses for Defendants' self-driving vehicles using LiDAR sensors.

      Defendants object to this Request to the extent that it seeks information protected by the

attorney-client privilege or the work product doctrine or that is otherwise privileged or protected

from discovery.  Defendants object to the portion of this Request seeking "all" such documents as

overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendants object

to "self-driving vehicles" as overbroad, unduly burdensome, and not proportional to the needs of

the case.  Defendants further object to this Request on the ground that the term "market project" is

vague, ambiguous, and incomprehensible.

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

14

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1

**REQUEST FOR PRODUCTION NO. 175:**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

15

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**REQUEST FOR PRODUCTION NO. 176:**



DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

16

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 177:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

17

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 178:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

18

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 179:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

19



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17 **REQUEST FOR PRODUCTION NO. 180:**
18
19
20
21
22
23
24
25
26
27
28

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

20

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 181:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

21

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 182:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

22

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 183:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

23

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 184:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

24

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 185:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

25

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 186:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

26

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 187:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

27

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 188:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

28

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**REQUEST FOR PRODUCTION NO. 189:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

29

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**REQUEST FOR PRODUCTION NO. 190:**

**REQUEST FOR PRODUCTION NO. 191:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

30

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 192:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

31

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 193:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

32

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14   **REQUEST FOR PRODUCTION NO. 194:**

15

16

17

18

19

20

21

22

23

24

25

26

27

28



DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

33

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 195:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

34

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 196:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

35

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 197:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

36

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1

2  **REQUEST FOR PRODUCTION NO. 198:**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

37

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**REQUEST FOR PRODUCTION NO. 199:**

**REQUEST FOR PRODUCTION NO. 200:**

DOCUMENTS sufficient to show all self-driving car test scenarios that informed, drove, or influenced any LiDAR design considered or implemented by DEFENDANTS.

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

38

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 200:**

2         Defendants have already produced documents responsive to this Request, including

3   without limitation, documents produced in connection with Notices of Deposition for Asheem

4   Linaval.  Specifically, Defendants produced PowerPoint presentations, notes, and calculations

5   from the custodial files of Scott Boehmke.

6         In addition, Defendants have made available for inspection Uber's facilities, email,

7   computers, documents, design files, and source code in San Francisco and Pittsburgh on eight

8   occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

9   documents; the devices of Scott Boehmke, John Bares, Anthony Levandowski, Gaetan Pennecot,

10   Daniel Gruver, and James Haslim; and all four locations at which there is ongoing LiDAR

11   development.  To date, Waymo has conducted approximately 55 hours of inspection, with

12   additional requests for investigation.

13         Defendants will produce additional non-privileged documents, if such documents exist

14   and can be located through a reasonably diligent search, sufficient to show additional self-driving

15   test scenarios used for Defendants' LiDAR designs.

16         To the extent this Request seeks anything other than the previously described information,

17   Defendants also object to this Request as unreasonably overbroad, irrelevant, outside the scope of

18   this litigation, harassing, and not proportional to the needs of the case, including to the extent that

19   it requests information about LiDAR designs developed by third-parties and/or implicates non-

20   disclosure agreements with third parties.  Defendants also object to this Request as overbroad,

21   unduly burdensome, and not proportional to the needs of the case to the extent that it seeks "all"

22   "self-driving car test scenarios[.]"  Defendants further object to this Request to the extent that it

23   seeks information protected by the attorney-client privilege or the work product doctrine or that is

24   otherwise privileged or protected from discovery.  Defendants further object to the use of the

25   phrases "self-driving car test scenarios," "informed, drove, or influenced," and "considered or

26   implemented" are vague and ambiguous.

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1   **REQUEST FOR PRODUCTION NO. 201:**

23

24   **REQUEST FOR PRODUCTION NO. 202:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

40

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 203:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

41

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 204:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

42

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1  ███████████████████████████████

2  ████████████████████████████████████████████

3  ██████████████████████████████████████████████████

4  ████████████████████████████████████████████████████

5  █████████████████████████████████████████████

6  ███████████████████████████████████████████████

7  ████████████████████████████████████████████

8  █████████

9  ██████████████████████████████████████████████████

10 ███████████████████████████████████████████████████

11 ██████████████████████████████████████████████

12 █████████

13 ████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 ████████████████████████████████████████████████

16 ██████████████████████████████████████████████████

17 ███████████████████████████████████████████████████

18 █████████████████████████████████████████████████████

19 █████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████

22 █████████████████████████████████████████████████

23 █████████████████████████████████████████████████████

24 ██████████████████████████████████

25

26 **REQUEST FOR PRODUCTION NO. 205:**

27 ████████████████████████████████████████████

28 ███████████████████████████████

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

43

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 206:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

44

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 207:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

45

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 208:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

46

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 209:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

47

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16   **REQUEST FOR PRODUCTION NO. 210:**

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

48



HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 211:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

49

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**REQUEST FOR PRODUCTION NO. 212:**

**REQUEST FOR PRODUCTION NO. 213:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

50



**REQUEST FOR PRODUCTION NO. 214:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

51

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 215:**

**REQUEST FOR PRODUCTION NO. 216:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

52

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 217:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

53

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 218:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

54

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 219:**

**REQUEST FOR PRODUCTION NO. 220:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

55

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 221:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

56

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 222:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

57

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 223:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

58

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1
2
3
4
5
6
7   **REQUEST FOR PRODUCTION NO. 224:**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

59

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**REQUEST FOR PRODUCTION NO. 225:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

60

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1  **REQUEST FOR PRODUCTION NO. 226:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

61

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1    **REQUEST FOR PRODUCTION NO. 227:**

2    ███████████████████████████████████████████████

3    ███████████████████████

4    ██████████████████████████

5    ██████████████████████████████████████

6    ███████████████████████████████████████████

7    ████████████████████████████████████████████████

8    ██████████████████████████████████████████

9    ███████████████████████████████████████████

10   ████████████████████████████████████████

11   ████

12   ███████████████████████████████████████████

13   ██████████████████████████████████████

14   ██████████████████████████

15   ████████████████████████████████████████████████

16   ███████████████████████████████████████████████

17   ██████████████████████████████████████████

18   ██████████████████████████████████████████

19   ███████████████████████████████████████████

20   ████████████████████████████████████████████████

21   █████████████████████████████████████

22   ██████████████████████████████████████

23

24   **REQUEST FOR PRODUCTION NO. 228:**

25   ██████████████████████████████████████

26   ████████████████████████

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 228:**

**REQUEST FOR PRODUCTION NO. 229:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

63

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16   **REQUEST FOR PRODUCTION NO. 230:**

17

18

19

20

21

22

23

24

25

26

27

28



DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

64

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 231:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

65

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 232:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

66

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 233:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

67

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1

2

3

4      **REQUEST FOR PRODUCTION NO. 234:**

5

6

7

8

9

10

11

12

13      **REQUEST FOR PRODUCTION NO. 235:**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 236:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

69

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 237:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

70

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████████

3

4 **REQUEST FOR PRODUCTION NO. 238:**

5 ████████████████████████████████████████████

6 ██████████████████████████

7 ████████████████████████████

8 ████████████████████████████████████████████

9 ██████████████████

10

11 **REQUEST FOR PRODUCTION NO. 239:**

12 ████████████████████████████████████████████

13 ██████████████████████

14 ████████████████████████

15 ████████████████████████████████████████

16 ███████████████████████████████████████████████

17 █████████████████████████████████████████████████

18 ███████████████████████████████████████████████

19 ████████████████████████████████████████

20 ██████████████████████████████████████████

21 ██████████████████

22 ████████████████████████████████████████

23 ███████████████████████████████████████████████

24 ██████████████████████████████████████████

25 ████████████████████████████████████████████████

26 ████████████████████████████████████████████████

27 ███████████████████████████████████████████████

28 ████████████████████████████████████████████

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

71

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1  ██████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████

3  ███████████████████████████████████████████████████

4  ██████████████████████████████████████████████████████

5

6  **REQUEST FOR PRODUCTION NO. 240:**

7  ████████████████████████████████████████████████████

8  ████████████████████████████████

9  ████████████████████████████████

10 ████████████████████████████████████████████████

11 ██████████████████████

12

13 **REQUEST FOR PRODUCTION NO. 241:**

14 ████████████████████████████████████████████████████

15 ████████████████████████████████

16 ████████████████████████████████

17 ████████████████████████████████████████████████████

18 ██████████████████████

19

20 **REQUEST FOR PRODUCTION NO. 242:**

21 ████████████████████████████████████████████████████

22 ██████████████████████

23 ████████████████████████████████

24 ████████████████████████████████████████████████

25 ██████████████████████████████████████████████████████

26 ██████████████████████████████████████████████████████

27 ██████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

72

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 243:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

73

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 244:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

74

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 245:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

75

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**REQUEST FOR PRODUCTION NO. 246:**

**REQUEST FOR PRODUCTION NO. 247:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

76

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22    **REQUEST FOR PRODUCTION NO. 248:**

23

24

25

26

27

28



DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

77

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 249:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

78

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 250:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

79

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 251:**

Defendants' Objections and Responses to Third Set of Requests for Production (Nos. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

80

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13  **REQUEST FOR PRODUCTION NO. 252:**

14      DOCUMENTS sufficient to show all PCB design schematics for LiDAR transmit boards

15  considered or implemented by DEFENDANTS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 252:**

17      Defendants have already produced documents responsive to this Request, including

18  without limitation schematics, assembly drawings, and CAD files of Fuji transmit boards and

19  communications with Gorilla Circuits.

20      Defendants have made also available for inspection the Fuji device, Owl device, and

21  Spider components.  In addition, Defendants have made available for inspection Uber's facilities,

22  email, computers, documents, design files, and source code in San Francisco and Pittsburgh on

23  eight occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

24  documents; the devices of Scott Boehmke, John Bares, Anthony Levandowski, Gaetan Pennecot,

25  Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is

26  ongoing LiDAR development.  To date, Waymo has conducted approximately 55 hours of

27  inspection, with additional requests for investigation.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

81

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1         Defendants will produce additional non-privileged documents and communications, if

2   such documents exist and can be located through a reasonably diligent search, sufficient to show

3   PCB design schematics for LiDAR transmit boards in LiDAR designs developed by Defendants.

4         To the extent this Request seeks anything other than the previously described information,

5   Defendants object to this Request as unreasonably overbroad, irrelevant, outside the scope of this

6   litigation, harassing, and not proportional to the needs of the case, including to the extent that it

7   requests information about LiDAR designs developed by third-parties and to the extent that it

8   seeks "all PCB design schematics."  Defendants further object to this Request to the extent that it

9   seeks information protected by the attorney-client privilege or the work product doctrine or that

10  is otherwise privileged or protected from discovery.  Defendants further object to this Request on

11  the ground that the phrase "considered or implemented" is vague and ambiguous.

12

13  **REQUEST FOR PRODUCTION NO. 253:**

14        DOCUMENTS sufficient to show all PCB design schematics for LiDAR receive boards

15  considered or implemented by DEFENDANTS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 253:**

17        Defendants have already produced documents responsive to this Request, including

18  without limitation documents produced in connection with Expedited Request for Production No.

19  1 and Expedited Interrogatory No. 22.  Specifically, Defendants have produced circuit designs for

20  the receive board, email correspondences with Gorilla Circuits and █████ regarding the receive

21  board and/or circuitry.

22        Defendants have made also available for inspection the Fuji device, Owl device, and

23  Spider components.  In addition, Defendants have made available for inspection Uber's facilities,

24  email, computers, documents, design files, and source code in San Francisco and Pittsburgh on

25  eight occasions.  In doing so, Uber has made available for inspection over 383,000 emails and

26  documents; the devices of Scott Boehmke, John Bares, Anthony Levandowski, Gaetan Pennecot,

27  Daniel Gruver, James Haslim, and Asheem Linaval; and all four locations at which there is

28

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1   ongoing LiDAR development.  To date, Waymo has conducted approximately 55 hours of

2   inspection, with additional requests for investigation.

3          Defendants will produce additional non-privileged documents, if such documents exist

4   and can be located through a reasonably diligent search, sufficient to show PCB design

5   schematics for LiDAR receive boards in LiDAR designs developed by Defendants.

6          To the extent this Request seeks anything other than the previously described information,

7   Defendants object to this Request as unreasonably overbroad, irrelevant, outside the scope of this

8   litigation, harassing, and not proportional to the needs of the case, including to the extent that it

9   requests information about LiDAR designs developed by third-parties and to the extent that it

10  seeks "all PCB design schematics."  Defendants further object to this Request to the extent that it

11  seeks information protected by the attorney-client privilege or the work product doctrine or that is

12  otherwise privileged or protected from discovery.  Defendants further object to this Request on

13  the ground that the phrase "considered or implemented" is vague and ambiguous.

14

15  **REQUEST FOR PRODUCTION NO. 254:**

16  ██████████████████████████████████████████████████

17  ██████████████████████████

18  ███████████████████████████

19  ███████████████████████████████████████████

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████████

22  ████████████████████████████████████████

23  ████████████████████████████████████████████████

24  ███████████████████████████████████████████

25  ███████████████████████████████████████████

26  ████████████████████████

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 255:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

84

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1  ██████████████████████████████████████████████████

2  ████████████████████████████████████████████████████

3  ████████████████████████████████████████████████

4  ███████████████████████████████████████████████

5  ████████████████████████████████████████████████████

6  █████████████████████████████████████████████████████

7  █████████████████████████████████████████████████

8  ████████████████████████████████████████

9

10  **REQUEST FOR PRODUCTION NO. 256:**

11       DOCUMENTS sufficient to show all PCB design schematics for radar sensors considered

12  or implemented by DEFENDANTS.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 256:**

14       Defendants object to this Request as unreasonably overbroad, irrelevant, outside the scope

15  of this litigation, harassing, and not proportional to the needs of the case, including to the extent

16  that it requests "all" PCB design schematics for "radar sensors" designs.  Defendants further

17  object to this Request to the extent that it seeks information protected by the attorney-client

18  privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

19  Defendants further object to this Request on the ground that the phrase "considered or

20  implemented" is vague and ambiguous.

21       Defendants will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 257:**

23  ████████████████████████████████████████████████

24  ███████████████████

25  ████████████████████████████████

26  ██████████████████████████████████████████

27  ████████████████████████████████████████████████████

28  ██████████████████████████████████████████████████████

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

85

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 258:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

86

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13  **REQUEST FOR PRODUCTION NO. 259:**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

87

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 260:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

88

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1

2

3

4

5 **REQUEST FOR PRODUCTION NO. 261:**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

89

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**REQUEST FOR PRODUCTION NO. 262:**

██████████████████████████████████
████████████████
████████████████████
███████████████████████████████
██████████████████████████████████████
███████████████████████████████████
█████████████████████████████████
██████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████
████████████████████████████████
█████████████████████████████████████
██████████████████████████████
██████████████████████████████████
█████████████████████████████████████
███████████████████████████████████
██████████████████████████████████
███████████████████████████████████
██████████████████████████████████████
███████████████████████████
███████████████████████████████████████

**REQUEST FOR PRODUCTION NO. 263:**

██████████████████████████████████
██████████████████████

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 264:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

91

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



**REQUEST FOR PRODUCTION NO. 265:**

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

92

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY



Dated: June 30, 2017                    MORRISON & FOERSTER LLP


                                        By:  /s/ Arturo J. González
                                             ARTURO J. GONZÁLEZ

                                        Attorneys for Defendants
                                        UBER TECHNOLOGIES, INC.
                                        and OTTOMOTTO LLC

va-497849

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**APPENDIX**

**Information on Document Collections and**

**Production Under Supplemental Order ¶ 13**

Defendants further provide information on their collection efforts under Paragraph 13 of the Supplemental Order.  As of June 30, 2017, Defendants have searched the following sources of information that may contain material responsive to Waymo's requests for production:

- Defendants' custodial document repositories (e.g., email repositories, Google Docs, locally stored electronic documents)
- Defendants' internal non-custodial document repositories (e.g., Slack channels, Git repository, LiDAR-related servers, personnel files)
- Publicly available websites on the Internet
- Data room for the Uber – Ottomotto acquisition transaction

As of June 30, 2017, the following individuals employed by Defendants have searched for documents that may contain material responsive to Waymo's requests for production:

- Niranjan Arigai (Operations Program Manager) – documents relating to LiDAR designs and development
- John Bares (Operations Director) – documents and email communications
- Ben Becker (Software Engineer) – documents relating to LiDAR designs and development
- Marlon Bocalan (Engineer) – documents relating to LiDAR designs and development
- Scott Boehmke (Engineering Manager) – documents and email communications relating to LiDAR designs and development
- Felipe Caldeira (Supply Chain Engineer) – documents relating to LiDAR designs and development
- Prashant Chouta (Global Supply Management) – documents and email communications relating to LiDAR designs and development
- Melanie Day (Software Engineer) – documents relating to LiDAR designs and

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

94

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

1       development

2     • Robert Doll (Senior Engineer) – documents and email communications relating to
3       LiDAR designs and development

4     • Carolyn Finney (Mechanical Design Engineer) – documents relating to LiDAR
5       designs and development

6     • Jim Gasbarro (Hardware Engineer) – documents and email communications
7       relating to LiDAR designs and development

8     • Andrew Glickman (Senior Counsel) – electronic documents and email data

9     • Daniel Gruver (Engineer, Program Manager) – documents and email
10       communications relating to LiDAR designs and development

11     • James Haslim (Senior Engineering Manager) – documents and email
12       communications relating to LiDAR designs and development

13     • Jeff Holden (Chief Product Officer) – electronic documents and email data

14     • Florin Ignatescu (Electrical Engineer) – documents and email communications
15       relating to LiDAR designs and development

16     • Travis Kalanick (former Chief Executive Officer) – email data and text messages

17     • Mike Karasoff (Software Engineer) – documents relating to LiDAR designs and
18       development

19     • Adam Kenvarg (Mechanical Engineer) – documents and email communications
20       relating to LiDAR designs and development

21     • George Lagui (Engineer) – documents and email communications relating to
22       LiDAR designs and development

23     • Anthony Levandowski (former Head of Advanced Technologies Group) – email
24       data and text messages

25     • Max Levandowski (Mechanical Engineer) – documents and email communications
26       relating to LiDAR designs and development

27     • Asheem Linaval (Hardware Engineer) – documents and email communications
28       relating to LiDAR designs and development

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

95

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

- Tri Luong (Electrical Engineer) – documents relating to LiDAR designs and development
- Christian Lymn (Director, Corporate Legal Affairs) – electronic documents and email data
- Mark Marzona (Test Engineer) – documents relating to LiDAR designs and development
- Brian McClendon (former Vice President) – email data
- Eric Meyhofer (Head of Advanced Technologies Group) – documents and email communications relating to LiDAR designs and development
- Matthew Palomar (Hardware Engineer) – documents relating to LiDAR designs and development
- Gaetan Pennecot (Optical Engineer) – documents and email communications relating to LiDAR designs and development
- Cameron Poetzscher (Vice President, Corporate Development) – electronic documents and email data
- Nina Qi (Senior Manager, Corporate Development) – electronic documents and email data
- Daniel Ratner (Mechanical Engineer) – documents and email communications relating to LiDAR designs and development
- Ana Rayo (Engineer) – documents relating to LiDAR designs and development
- Ognen Stojanovski (Government Relations) – electronic documents and email data
- John Tobias (Software Engineer) – documents relating to LiDAR designs and development
- William Treichler (Layout Engineer) – documents relating to LiDAR designs and development
- Filip Trojanek (Engineer) – documents and email communications relating to LiDAR designs and development
- Vitaly Winter (Senior Test Development Engineer) – documents relating to

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

96

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

LiDAR designs and development

- Steven Wu (Global Product Operations) – documents and email communications relating to LiDAR designs and development

- Jessica Yox (Mechanical Engineer) – documents relating to LiDAR designs and development

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

97

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, CA 94304.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on June 30, 2017, I served true and correct copies of the following documents:

- **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| Recipient | Email Address: |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA  94111-4788 | qewaymo@quinnemanuel.com |
| Leo P. Cunningham<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA  94304-1050<br><br>*Attorneys for Plaintiff Waymo LLC* | lcunningham@wsgr.com |

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

| | |
|---|---|
| I. Neel Chatterjee<br>GOODWIN PROCTER LLP<br>135 Commonwealth Drive<br>Menlo Park, CA 94025<br><br>Brett M. Schuman<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center<br>San Francisco, CA  94111<br><br>*Attorneys for Defendant Otto Trucking LLC* | nchatterjee@goodwinlaw.com<br>bschuman@goodwinlaw.com<br>rwalsh@goodwinlaw.com |
| John L. Cooper<br>Farella Braun + Martel LLP<br>Russ Building<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA  94104<br><br>*Special Master* | JCooper@fbm.com<br>MCate@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Palo Alto, California, this 30th day of June 2017.

| Ethel Villegas | */s/ Ethel Villegas* |
|:---:|:---:|
| (typed) | (signature) |