# EXHIBIT M

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# EXHIBIT 4

**Andrea P Roberts**

| | |
|---|---|
| **From:** | Maxwell Pritt <mpritt@BSFLLP.com> |
| **Sent:** | Thursday, July 06, 2017 1:17 AM |
| **To:** | Andrea P Roberts; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; John Cooper; Matthew Cate |
| **Cc:** | QE-Waymo |
| **Subject:** | RE: Waymo v. Uber: Exchange of ESI Search Information |

Dear John and Counsel,

We write regarding some initial concerns and deficiencies in the custodial and non-custodial sources Waymo searched in response to Uber's and Ottomotto's first and second sets of document requests, and the date ranges and search terms Waymo used, which Waymo disclosed on Monday, July 3. We understand that these issues will be discussed on the 10:00 a.m. meet and confer.

1. Waymo identified **thirteen** individuals as custodians that were not disclosed in Waymo's initial disclosures (Mark Burton, Laurens Feenstra, Donald Harrison, Raghav Kohli, Amy Lambert, Christian Lauterbach, Amar Mehta, Julien Mercay, Nabeel Mian, Alex Ondik, Andrew Price, Shaun Stewart, and Stacey Sullivan). Waymo must explain who each of these individuals are, including their job title and description, and what categories of information they may have relevant to any claims or defenses.

2. Waymo apparently has not searched for responsive documents from 14 current or former Waymo employees it identified in its initial disclosures (Gary Brown, Michael Janosko, Ron Medford, Sean Noyce, Jai Krishnan, Darel Iordache, Sameer Kshirsagar, Blaise Gassend, and Dan McCloskey), including one individual Waymo is already planning to depose (Brian McClendon) and four individuals Waymo has identified as deponents (Daniel Gruver, Radu Raduta, Colin Sebern, Soren Juelsgaard). Waymo also apparently has not searched for responsive documents from 16 current or former Waymo employees that Uber identified in its initial disclosures (Dave Ferguson, Jiajin Zho, David Lu, Meiling Tan, Chelsea Bailey, Kristinn Gudjansson, Jennifer Haroon, Gerard Dwyer, Ryan Andrade, Mark Shand, Rahim Pardhan, Andrew Chatham, and Nathaniel Fairfield), including David Krane and Eric Schmidt, whose depositions Waymo has sought to quash on the grounds that they have "no unique or personal knowledge of the matters identified for each." It is difficult to understand how Waymo can make that representation to the Court when they have not even searched their files. Waymo should immediately search the files of Messrs. Krane, Schmidt, McClendon, Gruver, Raduta, Sebern, and Juelsgaard for responsive information and explain why it has not searched files of the other individuals to determine whether they have responsive information. If Waymo no longer has any former employee's files, it should state so as to each employee and explain why not.

3. The non-technical search terms Waymo provided for custodians who are current employees are overly restrictive and inconsistently applied (which explains the less than 4,000 documents Waymo has produced compared to Uber's roughly 24,000). Indeed, it appears that Waymo applied broad search terms only when convenient or helpful to Waymo.

    As an initial example of Waymo's unduly restrictive and selective application of search terms, Waymo searched only for the terms "Otto" and "Ottomotto" in *Anthony Levandowski's* emails and searched for "Otto" only across four *former* employees' "Docs" and "Drive" (two of whom were Messrs. Levandowski and Ron). In contrast, Uber's RFP 83 asks for "All documents relating to Waymo's view of or reaction to the formation of Ottomotto." Waymo has no excuse for failing to apply "Otto*", "Truck*" and other relevant terms in response to RFP 83. Another example of Waymo's restrictive search terms is the search of the phrase "entering the TaaS

market" in Daniel Chu's files.  This search is unreasonably narrow and should be expanded to "TaaS" or 'Uber" or "rideshar*" or "ride-shar*" or "carpool*" or (Waze /5 Rider) or (Waze w/5 Carpool) or (ride /5 shar*).

Waymo also searched the files of Levandowski, Ron, Thrun, Urmson for "bonus" but limited its search of current employees like Page to "(Anthony OR Levandowski) /25 (bonus* OR (Chauffeur /10 (bonus* OR payment)))" (and didn't use any variations on "Chauffer" like "Chaffeur" to account for common misspellings of the word).  Further, Waymo searched the files of some individuals for "((side /5 business*) OR (side /5 invest*))" but limited others like Page and Brin to "(side /5 business*)."  *Compare* Waymo Excel Line 38 (Krafcik) and Line 50 (Levandowski) *with* Line 8 and Line 66 (Page).  Waymo also inconsistently used "autonomous" for some custodians and "self-driving" for others.  Waymo should apply the same terms it applied to its former employees to its current employees, and the same terms it applied to some current employees to all employees, or explain why it cannot apply terms equally for each custodian.

These and numerous other deficiencies in Waymo's non-technical search terms must be addressed, and Uber reserves the right to request additional search terms to overcome Waymo's obfuscation.

4. Waymo was also inconsistent in its application of technical search terms, in some cases applying different date ranges to the same search terms.  At a minimum, Waymo should consistently apply tech-related search terms and date ranges across all similarly-situated custodians.

   For example, Waymo did not search ██████████████████████████ for Pierre-Yves Droz, even though Waymo filed a declaration from him explaining ████████████ to the Court.  Likewise, Waymo only applied the term for "FAC Lens" for Mr. Droz and Gaetan Pennecot, but is not searching for "((fast /2 axis) /2 collimat*)."  As another example, for Drew Ulrich, Waymo applied inconsistent date restrictions of 01/01/2013 - 01/31/2016 and 06/01/2013 - 01/31/2016 for some search terms, such as ██████████████████████ ████████████████████████████████.

   A further example of Waymo's unreasonable and prejudicial use of search terms is the fact that Waymo has only searched for "LiDAR"—the primary technology and alleged trade secret issue in this trade secret case—with three search strings that have nothing to do with *Waymo's* LiDAR technology.  Waymo's LiDAR related search terms are restricted only to references to LiDAR *and* "Uber," "Otto," "Owl" (Tyto's technology), or "Herschel" (the meaning or relevance of which Waymo must explain immediately).  Waymo's search terms fail to respond in good faith to RFPs 19, 20, 21, 98, 99, 100, 101, 102, 103, and 104, all of which seek documents relating to Waymo's work on LiDAR.  To begin with, Waymo should immediately search custodial files for the following search strings:

   - (LiDAR OR ladar OR GBr* OR PBr*) AND ████████████ AND ██████████████████ ████████
   - (LiDAR OR LADAR OR GBr* OR PBr*) AND (roadmap OR timeline OR schedule OR manufactur* OR schedule OR market)
   - ████████████████████████████████████████████████████████████████████████ ████████

   Waymo's additional tech-related search terms are likewise deficient.  To prevent further prejudice to Uber, Waymo should—at a minimum—apply the following search terms to all tech-related custodians.  These terms supplement or modify (in red) Waymo's overly-restrictive search terms.  Uber reserves the right to modify or request further search terms.

   - Search for "PBr", based on your claims relating to fiber-related trade secrets
   - All search strings that contain "transmit" or "tx" should include both terms (e.g. (transmit* or tx))
   - Include "tx" in searches for "board" or "PCB"
   - Search for "GBr*" and not just "GBr3"

2

- o Search also for "Mopa" with respect to fiber-related terms
  - ▪ ███████████████████████████████████████████████████
  - ▪ ████████████████████████████████████████
- o Remove all distance-related limitations to applicable search strings ████████████████████ and expand those searches to a wider range or replace all such limitations with "and".

5. Waymo's unduly restrictive and inconsistent application of search terms will prejudice Uber in its upcoming depositions. For instance, Bryan Salesky—a witness who *Waymo* listed as a top-ten deposition, who served as a former Director in Google's self-driving car division, supervised Anthony Levandowski, and was employed with Google for over five years—likely has hundreds if not thousands of documents relevant to this litigation. Yet Waymo has only 17 documents where Salesky was a unique custodian, and only 157 documents even hitting on Salesky's name. Waymo's failure to produce all responsive documents prejudices Uber's ability to effectively depose Salesky

   In particular, Uber cannot gauge Salesky's knowledge of LiDAR while he was employed at Google because Waymo has failed to apply the basic term "LiDAR" to Salesky's files. LiDAR is the center of this case. Uber has sought substantial discovery concerning Waymo's LiDAR efforts (as described above), and the fact that Waymo has not applied LiDAR as a search term in connection with Waymo's own technology can only be characterized as deliberate stonewalling. It appears that Waymo has limited its searches for "LiDAR" in Salesky's documents to target only documents related to non-Google/Waymo LiDAR programs. Waymo Excel Line 82 (listing (Herschel AND Lidar) OR (OWL /5 (lidar OR sensor)). Waymo notably has not searched for (or identified) any code names that Waymo has used or currently uses for its various LiDAR projects or components—code names that only Waymo knows and for which Waymo is obligated to search.

   As another example, Waymo limited its search terms for Salesky relating to Anthony Levandowski to the following restrictive searches, which could not possibly have captured the range of relevant documents for Uber's first and second sets of document requests:

   a. (levandowski /10 (otto* or uber))
   b. ((anthony OR levandowski) /10 newco)
   c. (Anthony OR Levandowski OR Ron OR Lior) /25 (Newco OR Uber OR ((self /2 driving) /5 truck*) OR (side /5 business*) OR ZeeArrow OR KittyHawk)
   d. (Levandowski OR Ron OR Lior OR Burnette OR Delaunay) /25 ((Newco) OR Uber))
   e. (Anthony OR Levandowski) /25 ( bonus* OR (Chauffeur /10 (bonus* OR payment)))

   These search terms do not capture Uber's requests in connection with RFPs 44, 45, 47, 51, 53, 58, 58, 70, 85, 135, 136, 137, 138, 139, 141, 163, 166. Waymo apparently has not satisfied its obligation produce *all documents* responsive to Uber's requests to the extent Waymo agreed to produce—not just ones that hit on Waymo's restrictive search terms. Waymo must search for and produce all responsive documents for Mr. Salesky and all other deponents.

   Waymo must produce all of documents relating to Mr. Salesky that are responsive to Uber's outstanding requests (including those responsive to Uber's RFP Sets 3, 4, and 5) no later than Friday, July 7, at 12:00 pm to avoid further prejudice to Uber in advance of his currently-scheduled deposition next Tuesday, July 11. We understand Waymo has proposed to reschedule Mr. Salesky's first deposition, but Waymo cannot use this as an excuse for not producing responsive documents. Waymo must produce documents promptly so that Uber will not be further prejudiced if the parties are not able to reach an agreement.

6. Likewise, for two other depositions that Uber is slated to take next week, Waymo's productions are facially inadequate. Only 56 docs have been produced that hit on William McCann, who is scheduled to be deposed a week from today. Only 89 documents hit on Drew Ulrich, who is scheduled to be deposed on July 13. If Waymo

does not immediately supplement and complete these productions as described above, Uber will be further prejudiced.

7. In addition, fewer than 10 documents have been produced for Larry Page, who is scheduled to be deposed on July 17. This is clearly deficient. For example, RFP 141 requires "all documents relating to communications between Anthony Levandowski and Waymo," which includes all communications between Page and Levandowski. One of Page's documents clearly shows that he corresponded with Levandowski on a one-on-one basis. Waymo must produce all documents relating to communications between Page and Levandowski immediately. Page's document production is also deficient in numerous other respects, including but not limited to the various concerns raised above.

8. Waymo should apply tech-related search terms for Soren Juelsgaard, Gassend Blaise, Dan McCloskey, Dmitri Dolgov, and Daniel Gruver—all of whom are current or former employees of Waymo identified in Waymo's initial disclosures from June 21.

9. Waymo must explain whether it limited any non-custodial sources to sources at Waymo and, if so, whether similar sources exist at Google or Alphabet (and any of their affiliates, subsidiaries, etc.).

10. Waymo must explain what "patent-related email boxes" are, who has access to them, and if there are any "email boxes" for alleged trade secrets, LiDAR-related subjects, or other relevant subjects.

11. As for non-custodial sources, Waymo must provide a list of all LiDAR servers, explain whether such servers have been searched, and describe the character and purpose of each server.

12. Waymo must explain what the custodial sources "Email," Docs," "EmailDocs" and "Drive" encompass.

13. It appears that Waymo only searched through the "Docs" and "Drive" of four *former* Waymo employees: Ron, Levandowski, Thrun, and Urmson. Waymo has provided no explanation of why no other custodians' "Docs" and "Drive"—including any current Waymo employees—were not searched. Waymo must also explain why it searched "EmailDocs" only for Daniel Chu but not any other custodian.

We are continuing to evaluate the date ranges and search terms Waymo applied in light of Uber's document requests, and reserve the right to raise additional concerns regarding these and other issues.

Regards,
Max

---

**From:** Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent:** Monday, July 03, 2017 12:01 PM
**To:** UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; John Cooper; Matthew Cate
**Cc:** QE-Waymo
**Subject:** Waymo v. Uber: Exchange of ESI Search Information

Counsel,

Pursuant to Uber and Waymo's agreement, attached please find Waymo's disclosure of the custodial and non-custodial sources searched in response to Defendants' document requests, and the date ranges and search terms used. This disclosure relates to the searches in response to Uber's 1st and 2nd Sets of RFPs. This agreement is based on the representation by Uber that it will provide the same information at the same time. This disclosure is designated AEO and should be treated accordingly.

4

Otto Trucking has not yet agreed to be part of this mutual exchange and so its counsel is not included on this email.

Thanks,
Andrea


**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]