December 12, 2017

The Honorable Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse
Courtroom F - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. 3:17-cv-00939-WHA
      **Letter Brief Regarding Jacobs-Related Discovery**

Dear Judge Corley:

Please find below Waymo's letter brief concerning Jacobs-related discovery.

Sincerely,

*/s/ Charles K. Verhoeven*

Charles K. Verhoeven

The Honorable Jacqueline Scott Corley
December 12, 2017

Once again, to borrow Judge Alsup's words, Uber is refusing to "come clean."

At the November 28 evidentiary hearing on the Jacobs allegations, Uber's counsel Arturo Gonzalez represented: "This letter that we're discussing, this demand letter from this lawyer, **nobody on this defense team knew about that letter** before we got your order and the letter from the U.S. Attorney." (Dkt. 2309 [11/28/17 Hr'g Tr.] at 150:5-19.)  This careful statement, limited to "this defense team" and to "the demand letter," was highly misleading.

At a follow-up hearing on December 4, Mr. Gonzalez admitted that "on May 5th [the day it was written] the 37-page [demand] letter was sent to my partner Chuck Duross and to Stacey Sprenkel." (Dkt. 2342 [12/4 Hr'g Tr.] at 47:9-10.)  With respect to the similar resignation email, Mr. Gonzalez admitted that Mr. Duross had "forwarded that resignation email to seven partners at MoFo, myself included, in April of this year and Eric Tate, who has been deposed." (*Id.* at 46:6-47, 147:2-5.)  Nevertheless, Mr. Gonzalez protested that he did not remember the resignation email, stating: "I didn't know anything about that.  Nobody in my team did.  Nobody on the Defense team did." (*Id.*)  But discovery shows that, on the same day that Mr. Tate received an "email concerning legal advice regarding 4/14/17 resignation email from Richard Jacobs," he emailed Sylvia Rivera and Wendy Ray (also both counsel of record in this case) about "legal advice and work product regarding Uber's ediscovery systems." (Ex. 5 [Uber Privilege Log].)  Ms. Rivera and Ms. Ray then had multiple communications "regarding Uber's ediscovery systems regarding potential investigation into Jacobs' resignation." (*Id.* at 1-2.)  That is, Uber's defense team was discussing the relevance of the Jacobs allegations to this very litigation, while hiding the allegations from Waymo—in April, with the PI motion pending.

Moreover, Karen Dunn, lead counsel from Boies, is listed in nine privilege log entries as an author or recipient of "correspondence" "relating to allegations in the Jacobs matter," as are other Boies attorneys.  (Ex. 6 [WilmerHale Log].)  Boies Schiller failed to disclose any of this correspondence; we learned it from WilmerHale, one of the firms tasked with investigating the Jacobs' allegations.  The timing of Ms. Dunn's communications regarding the Jacobs allegations coincides exactly with Uber's decision to disclose the Jacobs letter to the U.S. Attorney.  (*Compare id.* [Dunn communications on June 25-28] *and* Dkt. 2309 [11/28/17 Hr'g Tr.] at 27:20-28:3 (Uber sent Jacobs letter to U.S. Attorney on June 27).)  Yet, just like Mr. Gonzalez, Ms. Dunn claims ignorance of the Jacobs allegations.  (Ex. 7 [12/11/17 K. Dunn Email] at 1.)

Waymo urgently needs assistance from the Court to get full disclosures regarding the Uber defense team's involvement with the Jacobs documents and to get full discovery regarding the Jacobs allegations.  With Waymo having already been prejudiced by Uber's obstruction and delay – indeed, depositions have already begun – Waymo respectfully requests a Court Order requiring Uber to satisfy four of its discovery obligations as described below.

The Honorable Jacqueline Scott Corley
December 12, 2017

1. **Uber Should Be Ordered To Provide Logs Describing All Communications Involving Uber's Outside Defense Team Regarding The Jacobs Documents**

Uber refuses to produce a complete log of communications relating to the Jacobs allegations. Special Master Cooper has repeatedly directed MoFo to provide such a log of their pre-November 22 communications regarding the Jacobs documents.  (Roberts Decl. ¶¶ 2-5; Roberts Decl. Ex. 1 [12/4/17 J. Judah Email]; Ex. 2 [12/7/17 W. Ray Email]; Ex. 3 [12/8/17 D. Perlson Email].)  This log was to describe **all** such communications involving MoFo, regardless whether those communications were made by members of the defense team or other MoFo attorneys and regardless whether those communications were among MoFo attorneys only, MoFo attorneys and Uber, or MoFo attorneys and any other firm representing Uber (except for WilmerHale, which would provide its own log).  (Exs. 2-4.)

Despite Special Master Cooper's directive that Uber provide the log by now past deadlines (Exs. 2-3), MoFo did not comply.  MoFo provided a subset of the information required – namely, a log of "Communications **with Trial Team** Re Jacobs Documents pre November 22, 2017."  (Ex. 5.) This log does not include any of MoFo's communications with Uber or other law firms regarding the Jacobs documents; nor does it include any communications among MoFo attorneys who are not on the "trial team."[1]  (*Id.*)

2. **Uber Should Be Ordered To Finish Producing Documents Responsive To The Court's Orders And Waymo's Requests By December 14**

Special Master Cooper directed Uber to complete its document production in response to the Court's Orders and Waymo's discovery requests by Friday, December 8.  (Exs. 2-3.)  Despite representing that it would comply with his directive (Ex. 3), Uber did not do so.  Instead, Uber has continued to make substantial rolling productions – one on the afternoon of December 10, two in the late evening of December 10, and another close to midnight on December 11.  (Ex. 8 [production emails].)  Uber has refused even to tell Waymo whether and when its production will actually be  complete.  These late productions have significantly prejudiced Waymo's ability to identify witnesses that need to be deposed and to prepare for those depositions, which began today.  The Court should order Uber to complete its production by December 14.

3. **Uber Should Be Ordered To Provide Logs Detailing Documents Withheld From Production On Privilege Grounds**

Uber has resisted providing a comprehensive log of documents that are responsive to the Court's Orders and/or to Waymo's requests but that Uber is withholding on privilege grounds.  The Court made clear that the "ordinary rules" apply with respect to this phase of discovery.  (Dkt. 2315 at 3.)  Those rules include the requirement that documents being withheld on privilege grounds be logged.  (Supp. Order at 4, 5.)  There is no basis to waive such a requirement

---

[1]  Waymo received another log from Uber shortly before filing but has not had time to review it.

The Honorable Jacqueline Scott Corley
December 12, 2017

here.  To the contrary, as demonstrated above, the information provided in a detailed privilege log will constitute meaningful evidence regarding who at Uber knew what with respect to specific allegations in the Jacobs Letter.  Such evidence is directly relevant to the story Uber plans to tell the jury regarding its conduct during the period that Mr. Levandowski was consulting for Uber while still a Google employee, the period of the acquisition and the "due diligence," and the post-litigation period when Uber supposedly searched "everywhere" for Waymo's files.  And the Special Master already directed Uber to provide this log by December 13.  Uber should be ordered to provide its privilege log on a rolling basis, with sizeable installments to be provided at noon each day until the log is completed by December 15.

### 4. Uber Should Be Ordered To Produce Documents (Or Privilege Logs) From The Uber Special Matters Committee

On June 22, 2017, Uber's Board established "a Special Matters Committee [SMC] to oversee the Company's investigations relating to the Waymo litigation, [redacted], and the allegations of Ric Jacobs with respect to the Company's Security Group."  (Ex. 9 [Uber meeting minutes] at 5.)  Uber cannot and does not dispute the relevance of SMC documents.  Yet, Uber claims the SMC documents are not in Uber's control.  (Ex. 10 [Defs. Resps. And Objections to Waymo's RFPs Nos. 1-40].)  Uber apparently has not produced its SMC documents, notwithstanding Judge Alsup's November 28 Order that Uber "supply all documents in the entire company that have anything to do with ephemeral, anything to do with non-attributable devices, or anything to do with using contrived attorney-client privilege."  (Dkt. 2309 at 147:10-15.)

Although Uber has offered to conduct some inadequate email searches, it refuses full production and claims it has no obligation to produce SMC documents in the first place.  Uber has provided no authority to support its position.  Notably, Uber did not claim it "lacked control" in prior rounds of discovery, during which Uber produced Board minutes and other Board documents.  Uber has also argued that a special committee set up to do an internal investigation may maintain attorney-client privileges that are separate from the rest of the company.  Waymo, however, is not contending that the SMC should produce truly privileged documents—but the SMC's lawyers must prepare appropriate privilege logs.

Uber's failure to produce SMC documents is prejudicing Waymo's ability to move forward with the depositions of the members of the Committee, scheduled for December 15 and 19, and of other high-level Uber executives.  Uber should be ordered to produce all documents responsive to Judge Alsup's inquiries and Waymo's discovery requests that reside with the SMC by 9:30 a.m. on the morning of December 14, 24 hours before the first deposition of a Committee member.