1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com

2

   David A. Perlson (Bar No. 209502)
   davidperlson@quinnemanuel.com

3

   Melissa Baily (Bar No. 237649)
   melissabaily@quinnemanuel.com

4

   John Neukom (Bar No. 275887)
   johnneukom@quinnemanuel.com

5

   Jordan Jaffe (Bar No. 254886)
   jordanjaffe@quinnemanuel.com

6

50 California Street, 22nd Floor
San Francisco, California 94111-4788

7

Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

8

Attorneys for WAYMO LLC

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12

WAYMO LLC,

                    Plaintiff,

13

            vs.

14

UBER TECHNOLOGIES, INC.;
OTTOMOTTO LLC; OTTO TRUCKING
LLC,

15

16

                    Defendants.

17

18

19

CASE NO. 3:17-cv-00939-WHA

**DECLARATION OF ANDREA PALLIOS ROBERTS IN SUPPORT OF PLAINTIFF WAYMO'S LETTER BRIEF RE JACOBS-RELATED DISCOVERY**

Judge:          Hon. William H. Alsup
Trial Date:     February 5, 2018

20

21

22

23

24

25

26

27

28

1       I, Andrea Pallios Roberts, hereby declare as follows.

2       1.      I am a member of the bar of the State of California and Counsel with Quinn

3   Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Waymo LLC ("Waymo"). I make this

4   declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and

5   would testify competently as follows.

6       2.      I attended a telephonic meet and confer on December 4, 2017, during which the

7   Special Master instructed Uber to provide a log of each attorney at MoFo who received the Jacobs

8   documents, with the date and time he or she received it, and entries of all written communications

9   to or from the attorneys about the Jacobs documents.  Attached as Exhibit 1 is a true and correct

10  copy of an email from James Judah dated December 4, 2017, which memorialized the meet and

11  confer.

12      3.      I attended a telephonic meet and confer on December 6, during which the Special

13  Master directed Uber to produce a log of all pre-November 22 communications among MoFo

14  attorneys on the *Waymo* litigation team, or between those attorneys and Uber, or between those

15  attorneys and any other law firm (excluding WilmerHale) that has represented Uber in this matter,

16  regarding the Jacobs documents by midnight that day.  No log was provided by that deadline.  The

17  Special Master also directed Uber to produce a log of all pre-November 22 communications

18  involving the three Jacobs documents among any MoFo attorneys, whether or not on the Waymo

19  litigation team, by December 11.  Attached hereto as Exhibit 2 is a true and correct copy of an

20  email from Wendy Ray to counsel in this action, which memorialized the December 6 meet and

21  confer.

22      4.      I attended another telephonic meet and confer on December 7, during which the

23  Special Master reiterated his directive regarding the logs.  After that meet and confer, Uber

24  provided a summary, which stated that MoFo was only required to "provide a log of

25  communications of MoFo attorneys on the Waymo trial team involving the three Jacobs

26  documents up until November 22."  Waymo responded to that summary with edits in red,

27  clarifying that MoFo was to provide "a log of all communications that includes a separate entry for

28

DECLARATION OF ANDREA P. ROBERTS

1  every communication by or to any MoFo attorneys, whether on the Waymo trial team or not,

2  involving the three Jacobs documents or any allegations in the three Jacobs documents up until

3  November 22." Attached as Exhibit 3 is a true and correct copy of an email from David Perlson to

4  counsel in this matter, which memorialized the December 7 meet and confer.

5          5.      I attended a telephonic meet and confer on December 11, during which MoFo

6  contended it was never ordered to produce a log of all communications by or to any MoFo

7  attorneys, whether or not on the trial team, involving the three Jacobs documents or allegations set

8  forth therein and refused to do so.

9          6.      Attached hereto as Exhibit 4 is a true and correct copy of a an email from David

10  Perlson to counsel in this action, dated December 10, 2017.

11          7.      Attached hereto as Exhibit 5 is a true and correct copy of "Uber's Privilege Log Re

12  Communications with Trial Team Re Jacobs Documents pre November 22, 2017," served by Uber

13  to Waymo on December 10.

14          8.      Attached hereto as Exhibit 6 is a true and correct copy of WilmerHale's "Log of

15  Communication with Trial Counsel Firms Through November 21, 2017," served by counsel for

16  WilmerHale on December 8, 2017.

17          9.      Attached hereto as Exhibit 7 is a true and correct copy of an email from Karen

18  Dunn to counsel in this action, dated December 11, 2017.

19          10.     Attached hereto as Exhibit 8 are a true and correct copies of emails sent from Ethel

20  Villegas to counsel in this action, dated December 10 and 11, 2017.

21          11.     Attached hereto as Exhibit 9 is a true and correct copy of a document produced by

22  Uber and bearing Bates number UBER00335085, which disclose meeting minutes from an Uber

23  Board of Directors meeting dated June 22, 2017.

24          12.     Attached hereto as Exhibit 10 is a true and correct copy of Defendants' Objections

25  and Responses to Plaintiff's Requests for Production Relating to Issues in Jacobs Letter, dated

26  December 11, 2017.

27

28

DECLARATION OF ANDREA P. ROBERTS

1     13.     I declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true and correct.

3   DATED:  December 12, 2017

    */s Andrea Roberts*

4   Andrea Pallios Roberts

5

6                             **SIGNATURE ATTESTATION**

7

8        Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the
         filing of this document has been obtained from Andrea P. Roberts.

9

10                            /s/ Charles K. Verhoeven

11                            Charles K. Verhoeven

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28