# EXHIBIT 1

# Jocelyn Ma

| | |
|---|---|
| **From:** | James Judah |
| **Sent:** | Monday, December 04, 2017 7:09 PM |
| **To:** | Andrea P Roberts; UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Uber-sg@LISTS.SUSMANGODFREY.COM; John Cooper (JCooper@fbm.com); Matthew Cate (MCate@fbm.com) |
| **Cc:** | QE-Waymo |
| **Subject:** | RE: Waymo v. Uber |

Arturo and John –

To follow up on our call, the disclosure you'll be providing at 8:30 AM tomorrow morning should provide the information requested in Andrea's email below – specifically, the identification, in writing, of each attorney at MoFo who received either the Jacobs Letter or the Jacobs resignation email, along with the date and time when he or she received it, and a log identifying all written communications to or from these attorneys about either document.

Given that our brief is due tomorrow night, we need this information tomorrow morning. And given the representations in Court today, this should not be much work.

Further, we request that you identify the date(s) when Randall Lee and Heather Tewkesbury received the Jacobs Letter and Jacobs resignation email.

We note that at the November 29 evidentiary hearing, Ms. Padilla was asked, "Why didn't you give [the Jacobs letter] to MoFo?" and she responded, "A. Because the company's plan was to give it to WilmerHale, to the two former federal prosecutors to have it internally investigated by an outside independent firm to ascertain whether anything in the letter was even remotely true or not as there were so many allegations, some of which were quite fantastical." (11/29/2017 Hearing Tr. at 17:15-21.) Ms. Padilla did not mention that any of these materials were provided to MoFo, and we are trying to get an understanding as to what exactly was provided to MoFo and when vis a vis Uber's plan "to give it to WilmerHale."

Again, given Uber's repeated assertions that "we have nothing to hide" (*see, e.g.,* 11/28/2017 Hearing Tr. at 151:4-5; 11/29/2017 Hearing Tr. at 132:8-9 and 168:12-13) this should not be controversial, but please let us know as soon as possible if Uber will not be providing all of this information.

Best,
James

---

**From:** Andrea P Roberts
**Sent:** Monday, December 04, 2017 2:12 PM
**To:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; Uber-sg@LISTS.SUSMANGODFREY.COM; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate (MCate@fbm.com) <MCate@fbm.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>
**Subject:** Waymo v. Uber

Counsel,

1

In light of today's representations about MoFo attorneys who received the Jacobs letter and/or resignation email, in contrast to the representations made at the November 28 hearing that "nobody on this defense team knew about that letter" (*see* 11/28/2017 Hearing Tr. at 150:5-19), please identify in writing each attorney at MoFo who received either document, along with the date and time when they received it.  Please also confirm you will provide a  log identifying all written communications about either document.  Please provide this information by 2:30 pm so that we have it before our 3:00 pm call with the Special Master.  We reserve our right to take depositions of the MoFo attorneys who received these documents.

Thanks,
Andrea

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.