# EXHIBIT 3

# Jocelyn Ma

| | |
|---|---|
| **From:** | David Perlson |
| **Sent:** | Friday, December 08, 2017 12:04 PM |
| **To:** | Chang, Esther Kim; QE-Waymo; John Cooper (JCooper@fbm.com); Matthew Cate (MCate@fbm.com) |
| **Cc:** | UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Uber-sg@LISTS.SUSMANGODFREY.COM |
| **Subject:** | RE: Waymo v. Uber: Summary of Thursday 12/7 meet and confer |

Folks, added another point at end of 2.

David

**From:** David Perlson
**Sent:** Friday, December 08, 2017 11:45 AM
**To:** Chang, Esther Kim <echang@mofo.com>; QE-Waymo <qewaymo@quinnemanuel.com>; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate (MCate@fbm.com) <MCate@fbm.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; Uber-sg@LISTS.SUSMANGODFREY.COM
**Subject:** RE: Waymo v. Uber: Summary of Thursday 12/7 meet and confer

John,

Since you mentioned this format was helpful, we have added our edits to Esther's email summarizing yesterday's meet-and-confer and included some missing topics that were discussed.

**From:** Chang, Esther Kim [mailto:echang@mofo.com]
**Sent:** Thursday, December 07, 2017 9:35 PM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; Uber-sg@LISTS.SUSMANGODFREY.COM
**Subject:** Waymo v. Uber: Summary of Thursday 12/7 meet and confer

Counsel and John,

Below is our summary of today's meet and confer.

1. ~~Tomorrow~~ This evening, Wilmer will provide a log of communications with outside litigation counsel in the Waymo matter that occurred before Judge Alsup's order was entered. This log will exclude communications with Uber and communications with firms other than MoFo, Boies, and Susman.

    We discussed Wilmer's clarification email, and Waymo expressed concern that the communications logs would not include adequate subject matter information for each entry. Regarding the first communication that Wilmer had with Karen Dunn of BSF, Wilmer would only state that the *contents* of the Jacobs letter were not discussed – and, due to privilege concerns, could not confirm that the communication was about *allegations set forth* in that letter. To be clear, this log (and the MoFo and BSF log) should not be limited to discussions of the Jacobs documents themselves, but should include all communications with outside litigation counsel about the

1

underlying allegations in the Jacobs documents.  Waymo expects that the log due today includes entries that discuss the *allegations set forth* in the Jacobs documents, and requested that Wilmer confirm this by this morning. Otherwise Waymo asked that the issue be discussed during the 3 p.m. meet-and-confer.  Given the "client" that Wilmer indicated it need to discuss this was Uber we think it is reasonable to get an answer on our call by 3.

2. Arturo stated the only communications involving MoFo's Waymo v. Uber litigation team before 11/22 was the email in which Arturo and Eric Tate received Jacobs' resignation letter, an email that should have been provided on the log Esther sent out on Wednesday night (12/6).  On Sunday, MoFo will provide a log of all communications that includes a separate entry for *every* communication by or to any ~~of~~ MoFo attorneys, whether on the Waymo trial team or not, involving the three Jacobs documents or any *allegations* in the three Jacobs documents up until November 22.  The parties agreed that the logs will be not limited to communications about the Jacobs documents themselves, but will include all communications about the underlying Jacobs allegations.  MoFo will also include the first communication when members of its compliance team first received any of the three documents.  Note that we had already summarized this in previous emails this week as to what the Special Master *already* had ordered on Tuesday.

    Although we were focused on MoFo during the call, prior to the call we requested that BSF also provide a log.  Both MoFo and BSF should provide these logs by Sunday.

    Further, just to avoid any ambiguity, the Special Master separately ordered that Uber email Waymo a list by Sunday of the lawyers at MoFo who saw the documents, the dates, for what purpose, and whether they sent it to anyone else but did not make any findings. We maintain that we are entitled to ask relevant questions to the MoFo lawyers under oath and will follow up separately.  (as confirmed in my Wendy's emails confirming the Tuesday call)

3. Uber asked Waymo whether it turned the "off the record" feature off in Google Hangouts as part of its litigation hold in this case.  Waymo was concerned that revealing that information would waive privilege and asked for a stipulation that disclosure of this information would not constitute a waiver.  The Special Master requested that Waymo aim to circulate a stipulation by ~~9 am~~ noon this morning ~~tomorrow morning~~.

4. Waymo agreed to provide a 30(b)(6) witness on Wednesday 12/13 on ephemeral messaging and another 30(b)(6) witness on Thursday 12/14 on non-attributable devices.  Waymo further agreed to identify the topics on which it would produce a witness and any limitation on scope by noon today ~~tomorrow~~. We indicated that we would aim to do so, understanding we will discuss on the 3 pm meet and confer.  Uber requests that Waymo provide the names of these deponents at the same time.  This request was not raised on the meet and confer, but we will provide names in due course.

5. Uber requested production of communications related to ephemeral messaging of all Waymo and Google trial witnesses (i.e., on the parties' trial witness list), limited to the last two years.  The Special Master suggested that Waymo produce documents for the "will call" witnesses on the parties' trial witness lists and ~~later~~ for a certain period of time produce documents for any Google employees that are called from the parties' "may call" lists.  Uber expressed concern with having Waymo produce new documents in the middle of trial.  By ~~tomorrow's~~ today's meet and confer, Uber agreed to review the number of Google witnesses on each side's "may call" trial list and to propose a compromise.  The Special Master asked that Waymo be prepared to discuss how voluminous a fully responsive production would be.

6. Uber requested production of Waymo's email document retention policy.  Waymo objected to this request on the ground of relevance to the Jacobs documents and timeliness given that Waymo's email policy is not a new development but rather something Uber should have requested during the ordinary discovery period, but the

Special Master disagreed.  Although Waymo disagrees that email is relevant to "ephemeral" communications.  Waymo will confer with its client and revert.

7. Uber requested ~~information~~ another deposition of ~~about~~ the domain administrator in charge of determining for Waymo how long chats are saved when the off-the-chat setting is turned off and how that decision was made.  Waymo objected given that Judge Alsup has only permitted Uber to request a 30(b)(6) deposition at this time and has not authorized any other further discovery by Uber.  The Special Master ruled that Waymo's 30(b)(6) witness should be prepared to answer the questions mentioned on the meet and confer, including "who is the Administrator who made this decision for the chats sent by Waymo?"; "How long are the chats saved?"; and "Why was that length of time chosen?".

8. Uber served an RFP asking for documents sufficient to show how many chat messages were retained before and after Google changed its retention policy in 2008.  Waymo objected as a request for chats from a decade ago has absolutely no relevance to the Jacobs letter but rather is intended solely to turn this into a discussion about spoliation, but the Special Master disagreed and asked Waymo to either produce documents sufficient to show or to respond as if the RFP were an interrogatory.  The Special Master clarified that Waymo should made an educated guess by someone who would be able to make an educated guess as to how many chats were retained before and after 2008.  Waymo indicated that it was not certain how burdensome it would be to get such information, if it exists.  The Special Master acknowledged the potential burden and asked Waymo to look into it.  The Special Master asked Waymo to inform Uber what it would do in response on ~~tomorrow's~~ today's meet and confer.

9. Waymo requested ~~28~~ 26 depositions, including 5 outside counsel attorneys, even though Judge Alsup had ordered that Waymo may take fewer than 20.  Waymo offered a potential compromise to take outside counsel off its list and instead ask written questions of those counsel.  Waymo is to provide Uber with four or five written questions before today's ~~tomorrow's~~ meet and confer.  The Special Master ruled that Waymo should limit the number of depositions to 18 and should provide that list sufficiently before tomorrow's meet and confer.  Arturo also suggested that Uber may have some of its employees who were ex-Googlers testify, and that Waymo should save some of its deposition slots for those potential witnesses. We refused this blatant attempt at detracting from Waymo's ability to take 18 legitimate depositions.  Uber further requests that if Waymo decides to substitute a witness on its list of 18 with another witness who appears in the documents to be produced Friday night, that Waymo provide as much notice as possible for that substitution.  This was not discussed on the meet and confer.  Waymo notes that when it provides its list today, it will be subject to change given that we do not yet have Uber's full production.

    Waymo further notes that while it will endeavor to provide a list of 18 witnesses today as directed, that list will necessarily be non-binding and subject to change given we do not yet have Uber's full production or logs and that additional information may come to light.

10. We asked Uber for an update on the status of Uber's document production and privilege logs.  Uber confirmed that it will complete its production by Friday.  Although we served our RFPs on November 30, Uber has not served any objections or identified any issues with making full productions in response to our requests.  Accordingly, we are expecting that the Uber's production will include documents responsive to all of our requests.  As for the privilege log, Arturo indicated that it is too early to discuss it and that what we really need is the documents.  We disagree and made clear that we need privilege logs too. The Special Master directed that By 3 p.m. today, Uber must provide an estimate for when it will be producing privilege logs and also notify Waymo the extent to which they have been unable to produce all ordered documents and documents requested by Waymo.

11. By noon today, Uber is to provide Craig Clark's last known address unless Clark's attorney responds to Waymo with that information first.

3

12. We reiterated throughout the call that this additional discovery was ordered by Judge Alsup as a result of Uber's failure to disclose the Jacobs letter to Waymo or the Court. Uber, however, is turning this on its head and seeking to obtain significantly more discovery from Waymo than we think Judge Alsup envisioned. To avoid a dispute, we are providing more than what we believe Judge Alsup ordered us to do. We have further noted that while Waymo provided a notice on December 4 outlining the extent of its use of ephemeral communications or non-attributable devices, Uber has provided no such written explanation and refuses to do so.

---

**From:** Chang, Esther Kim [mailto:echang@mofo.com]
**Sent:** Thursday, December 07, 2017 9:36 PM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>; John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate (MCate@fbm.com) <MCate@fbm.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; Uber-sg@LISTS.SUSMANGODFREY.COM
**Subject:** RE: Waymo v. Uber: Summary of Thursday 12/7 meet and confer

Recirculating with John Cooper now added.

Esther
Tel: (415) 268-7562

---

**From:** Chang, Esther Kim
**Sent:** Thursday, December 07, 2017 9:35 PM
**To:** QE-Waymo (qewaymo@quinnemanuel.com)
**Cc:** UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Uber-sg@LISTS.SUSMANGODFREY.COM
**Subject:** Waymo v. Uber: Summary of Thursday 12/7 meet and confer

Counsel and John,

Below is our summary of today's meet and confer.

1. Tomorrow evening, Wilmer will provide a log of communications with outside litigation counsel in the Waymo matter that occurred before Judge Alsup's order was entered. This log will exclude communications with Uber and communications with firms other than MoFo, Boies, and Susman.

2. On Sunday, MoFo will provide a log of all communications of MoFo attorneys on the Waymo trial team involving the three Jacobs documents up until November 22. MoFo will also include the first communication when members of its compliance team first received any of the three documents.

3. Uber asked Waymo whether it turned the "off the record" feature off in Google Hangouts as part of its litigation hold in this case. Waymo was concerned that revealing that information would waive privilege and asked for a stipulation that disclosure of this information would not constitute a waiver. The Special Master requested that Waymo circulate a stipulation by 9 am tomorrow morning.

4. Waymo agreed to provide a 30(b)(6) witness on Wednesday 12/13 on ephemeral messaging and another 30(b)(6) witness on Thursday 12/14 on non-attributable devices. Waymo further agreed to identify the topics on which it would produce a witness and any limitation on scope by noon tomorrow. Uber requests that Waymo provide the names of these deponents at the same time.

5. Uber requested production of communications related to ephemeral messaging of all Waymo and Google trial witnesses (i.e., on the parties' trial witness list), limited to the last two years.  The Special Master suggested that Waymo produce documents for the "will call" witnesses on the parties' trial witness lists and later produce documents for any Google employees that are called from the parties' "may call" lists.  Uber expressed concern with having Waymo produce new documents in the middle of trial.  By tomorrow's meet and confer, Uber agreed to review the number of Google witnesses on each side's "may call" trial list and to propose a compromise.  The Special Master asked that Waymo be prepared to discuss how voluminous a fully responsive production would be.

6. Uber requested production of Waymo's email document retention policy.  Waymo objected to this request on the ground of relevance, but the Special Master disagreed.  Waymo will confer with its client and revert.

7. Uber requested information about the domain administrator in charge of determining for Waymo how long chats are saved when the off-the-chat setting is turned off and how that decision was made.  Waymo objected.  The Special Master ruled that Waymo's 30(b)(6) witness should be prepared to answer the questions mentioned on the meet and confer, including "who is the Administrator who made this decision for the chats sent by Waymo?"; "How long are the chats saved?"; and "Why was that length of time chosen?".

8. Uber served an RFP asking for documents sufficient to show how many chat messages were retained before and after Google changed its retention policy in 2008.  Waymo objected, but the Special Master disagreed and asked Waymo to either produce documents sufficient to show or to respond as if the RFP were an interrogatory.  The Special Master asked Waymo to inform Uber what it would do in response on tomorrow's meet and confer.

9. Waymo requested 28 depositions even though Judge Alsup had ordered that Waymo may take fewer than 20.  Waymo offered to take outside counsel off its list and instead ask written questions of those counsel.  Waymo is to provide Uber with four written questions before tomorrow's meet and confer.  The Special Master ruled that Waymo should limit the number of depositions to 18 and should provide that list sufficiently before tomorrow's meet and confer.  Uber further requests that if Waymo decides to substitute a witness on its list of 18 with another witness who appears in the documents to be produced Friday night, that Waymo provide as much notice as possible for that substitution.


**Esther Kim Chang**
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
Tel: (415) 268.7562 | Fax: (415) 276.7308
EChang@mofo.com | www.mofo.com


================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.