# EXHIBIT 10

1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzález@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Tel: 415.268.7000 / Fax: 415.268.7522
5
    KAREN L. DUNN (*Pro Hac Vice*)
6   kdunn@bsfllp.com
    HAMISH P.M. HUME (*Pro Hac Vice*)
7   hhume@bsfllp.com
    BOIES SCHILLER FLEXNER LLP
8   1401 New York Avenue, N.W.
    Washington DC  20005
9   Tel:  202.237.2727 / Fax: 202.237.6131

10  WILLIAM CARMODY (*Pro Hac Vice*)
    bcarmody@susmangodfrey.com
11  SHAWN RABIN (*Pro Hac Vice*)
    srabin@susmangodfrey.com
12  SUSMAN GODFREY LLP
    1301 Avenue of the Americas, 32nd Floor
13  New York, NY  10019-6023
    Tel: 212.336.8330 / Fax: 212.336.8340

14

15  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
16  and OTTOMOTTO LLC

17              UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA

19               SAN FRANCISCO DIVISION

20  WAYMO LLC,                          | Case No.     3:17-cv-00939-WHA

21            Plaintiff,                | **DEFENDANTS UBER
                                        | TECHNOLOGIES, INC. AND
22       v.                             | OTTOMOTTO LLC'S OBJECTIONS
                                        | AND RESPONSES TO WAYMO'S
23  UBER TECHNOLOGIES, INC.,            | REQUESTS FOR PRODUCTION
    OTTOMOTTO LLC; OTTO TRUCKING LLC,   | RELATING TO ISSUES IN JACOBS
24                                      | LETTER (NOS. 1-40)**
            Defendants.                 |
25                                      | Trial Date: February 5, 2018

26

27

28

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, and pursuant to the orders of the Court, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Defendants") object and respond to Plaintiff Waymo LLC's ("Plaintiff") Requests for Production to Defendants Relating to Issues in Jacobs Letter, served at 10:55 p.m. November 30, 2017 (as appropriate, "Requests for Production," "Requests," or "Request").

## GENERAL OBJECTIONS

Defendants make the following general objections ("General Objections") to each definition, instruction, and request propounded in Plaintiff's Requests for Production. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to the individual requests does not waive any of Defendants' General Objections.

1.      Defendants object to each Request, Definition, or Instruction to the extent it seeks or purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or the applicable rules and orders of this Court.

2.      Nothing in these responses is an admission by Defendants of the existence, relevance, or admissibility of any information, for any purpose. Defendants reserve all objections as to competency, relevance, materiality, privilege, or admissibility related to the use of their responses and any document or thing identified in their responses as evidence for any purpose whatsoever in any subsequent proceeding in this action or any other action.

3.      Defendants object to each Request to the extent that it is overbroad and not proportional to the needs of the case, considering the importance of the issues in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.      Defendants object to each Request to the extent it seeks a response from persons or entities that are not parties to the lawsuit and over whom Defendants have no control. Defendants respond to the Requests on Defendants' own behalf.

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

1

5.      To the extent any Request, Instruction, or Definition may be construed as calling for disclosure of information subject to the attorney-client privilege, work product immunity, joint defense or common interest, or any other applicable privilege or protection, Defendants hereby claim such privileges and immunities and object on such grounds.  Defendants do not waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint defense or common-interest privilege or any other privilege, immunity, or other protection that may be asserted to protect information from disclosure.

8.      Defendants object to the Requests to the extent that they are compound, complex and contain multiple subparts.

9.      Defendants object to the definitions of "WAYMO" and "GOOGLE" as overbroad, vague, and ambiguous because Defendants do not know, for example, all "current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of" each entity.

10.      Defendants object to the definition of "UBER" as overbroad, circular, and indecipherable in purporting to include all "officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing," and all "affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by UBER, and all predecessors and successors interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by UBER."  Uber responds to these Requests on its own behalf.

11.      Defendants object to the definition of "OTTOMOTTO" as overbroad, circular, and indecipherable in purporting to include all "officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing," and all "affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by OTTOMOTTO, and all predecessors and successors interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

2

or in part by OTTOMOTTO." Ottomotto responds to these Requests on its own behalf.

12.     Defendants object to the definitions of "DOCUMENTS" AND "COMMUNICATIONS" to the extent they are overbroad, not reasonably particularized, and seek or purport to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or the applicable rules and orders of this Court, including in seeking material that is not reasonably accessible.

13.     Defendants object to the definitions of "REGARDING" as overbroad and not reasonably particularized.

14.     Defendants object to Instruction No. 1 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to impose duties greater than those set forth in the Federal Rules and the Court's orders, including to the extent it purports to require the production of documents or information not in the Defendants' possession, custody, or control.

15.     Defendants object to Instruction Nos. 2 and 4 through 7 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to impose duties greater than those set forth in the Federal Rules and the Court's orders.

16.     Defendants object to Instruction No. 8 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to impose duties greater than those set forth in the Federal Rules and the Court's orders.

17.     Defendants object to Instruction No. 9 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to impose duties greater than those set forth in the Court's Supplemental Order and the Federal Rules of Civil Procedure.

18.     Defendants object to "definition" nos. 14-17 because they violate the rules of grammar and create nonsensical and unintelligible Requests. Defendants will respond to each Request by applying the normal rules of grammar and generally-accepted meanings of undefined terms.

Subject to without waiving its General Objections, Defendants object and respond to the Requests as follow:

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

3

1

**SPECIFIC OBJECTIONS AND RESPONSES**

2

**REQUEST FOR PRODUCTION NO. 1:**

3

All DOCUMENTS and COMMUNICATIONS REGARDING the following subject

4

matters described in the JACOBS LETTER:

5

a.      Richard Jacobs advocated for a secure and encrypted centralized database to

6

ensure confidentiality and recordkeeping but provide access to intelligence for Threat Operations

7

personnel;

8

b.      UBER has efforts to evade current and future discovery requests, court orders, and

9

government investigations;

10

c.      Craig Clark devised training and provided advice intended to impede, obstruct, or

11

influence the investigation of lawsuits against UBER and in relation to or contemplation of other

12

matters within the jurisdiction of the United States;

13

d.      UBER conceals, covers-up and falsifies records through the abuse of attorney-

14

client privilege designations;

15

e.      UBER's use of HUMINT data gathering;

16

f.      UBER's alteration of software on competitors' systems;

17

g.      UBER's acquisition of competitors' trade secrets, codebase, and competitive

18

intelligence.

19

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

20

Defendants will produce responsive, non-privileged documents, to the extent they exist,

21

within the custody, possession, or control of Defendants located through a reasonably diligent

22

search in view of the extraordinarily expedited schedule for supplemental discovery.

23

Defendants object that they were provided only six business days to identify, collect, and

24

produce documents responsive to Waymo's forty broad document requests. Any production that

25

is made and all searches performed are limited to what is possible to do in such a short amount of

26

time.  Defendants further object to this Request to the extent that it seeks information protected by

27

the attorney-client privilege or the work product doctrine or that is otherwise privileged or

28

protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

4

1  not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

2  COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and

3  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

4  described in the JACOBS LETTER that have nothing to do with the allegations of trade secret

5  misappropriation at issue in this case.  Defendants further object to this Request to the extent it

6  mischaracterizes the allegations in the JACOBS LETTER.  Defendants further object to this

7  Request to the extent it seeks documents that are protected by the right of privacy under the

8  California Constitution, United States Constitution, or other applicable law.  Defendants further

9  object to this Request to the extent it seeks information not within Defendants' possession,

10  custody, or control and not kept by Defendants in the ordinary course of business.  Defendants

11  further object to this Request insofar as it purports to require Defendants to search for information

12  beyond that which is available after a reasonable search as it relates to this case and the scope of

13  discovery at this stage.  Defendants further object to this Request because it is not limited in time,

14  and will produce information from a reasonable time period as it relates to this case and the

15  specific issues that are the focus of this Request.

16  **REQUEST FOR PRODUCTION NO. 2:**

17      All DOCUMENTS or COMMUNICATIONS regarding the JACOBS LETTER, including

18  but not limited to DOCUMENTS or COMMUNICATIONS regarding Travis Kalanick's,

19  Salle Yoo's, Angella Padilla's, Aaron Bergstrom's, Nicole Bartow's, Bill Gurley's, Bill Gurley's

20  counsel's, Matt Cohler's, Matt Cohler's counsel, David Bonderman's, David Bonderman's

21  counsel's, David Trujillo's, David Trujillo's counsel's, Ariana Huffington's, and

22  Ariana Huffington's counsel's, UBER Board of Directors' or individual Directors', or the

23  corporate lawyers for the Board of Directors', knowledge of and discussions regarding the

24  JACOBS LETTER.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

26      Defendants will produce responsive, non-privileged documents, to the extent they exist,

27  within the custody, possession, or control of Defendants located through a reasonably diligent

28  search in view of the extraordinarily expedited schedule for supplemental discovery.

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

5

1    Defendants object that they were provided only six business days to identify, collect, and

2  produce documents responsive to Waymo's forty broad document requests. Any production that

3  is made and all searches performed are limited to what is possible to do in such a short amount of

4  time.  Defendants further object to this Request to the extent that it seeks information protected by

5  the attorney-client privilege or the work product doctrine or that is otherwise privileged or

6  protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

7  not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

8  COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and

9  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

10  described in the JACOBS LETTER that have nothing to do with the allegations of trade secret

11  misappropriation at issue in this case.  Defendants further object to this Request to the extent it

12  seeks documents that are protected by the right of privacy under the California Constitution,

13  United States Constitution, or other applicable law.  Defendants further object to this Request to

14  the extent it seeks information not within Defendants' possession, custody, or control and not

15  kept by Defendants in the ordinary course of business, including to the extent it purports to

16  require production from Board members or committees or their counsel.  Defendants further

17  object to this Request insofar as it purports to require Defendants to search for information

18  beyond that which is available after a reasonable search as it relates to this case and the scope of

19  discovery at this stage.

20  **REQUEST FOR PRODUCTION NO. 3:**

21    All DOCUMENTS or COMMUNICATIONS regarding UBER's decision not to produce

22  the JACOBS LETTER in THIS CASE, including but not limited to the UBER Board of

23  Directors' or individual Directors' knowledge of and discussions regarding whether to produce

24  the JACOBS LETTER and Travis Kalanick's, Salle Yoo's, Angella Padilla's, Aaron Bergstrom's,

25  Nicole Bartow's, Bill Gurley's, Bill Gurley's counsel's, Matt Cohler's, Matt Cohler's counsel,

26  David Bonderman's, David Bonderman's counsel's, David Trujillo's, David Trujillo's counsel's,

27  Ariana Huffington's, Ariana Huffington's counsel's, UBER Board of Directors' or individual

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

6

Directors', or the corporate lawyers for the Board of Directors', knowledge of and discussions regarding whether to produce the JACOBS LETTER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, regarding knowledge of the Jacobs Letter and any discussions regarding whether to produce it (if any took place), within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that this Request is argumentative and based on a false factual predicate – that Uber made a decision not to produce the Jacobs Letter in this action.  Defendants further object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business, including to the extent it purports to require production from Board members or committees or their counsel.  Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage.

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

7

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS regarding any consulting service(s) Richard Jacobs provided to UBER or any person or entity acting on UBER'S behalf since he left UBER's employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time.  Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case.  Defendants further object to this Request as confusing and vague, specifically the phrase "any person or entity acting on UBER'S behalf."  Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business.  Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS relating to any investigation undertaken by UBER or any person or entity acting on UBER'S behalf into any of the allegations in the JACOBS LETTER, including but not limited to any reports made to UBER and/or its Board of

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

8

Directors or committees of the Board of Directors, and the factual materials on which any such reports are based.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants will produce responsive, non-privileged documents, to the extent they exist and pertain to the allegations in the Jacobs Letter regarding use of non-attributable devices, ephemeral communications, Waymo's trade secrets or other confidential information, the Uber-Otto acquisition, Uber's document retention policies, and the use of attorney client and work product privileges, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and COMMUNICATIONS. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects described in the JACOBS LETTER that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request as confusing and vague, specifically the phrases "any person or entity acting on UBER'S behalf" and "the factual materials on which any such reports are based." Defendants further object to this Request to the extent it seeks documents that are protected by the right of privacy under the California Constitution, United States Constitution, or other applicable law. Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business, including to the extent it purports to require production from Board members or committees or their counsel. Defendants

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

9

1    further object to this Request insofar as it purports to require Defendants to search for information

2    beyond that which is available after a reasonable search as it relates to this case and the scope of

3    discovery at this stage.

4    **REQUEST FOR PRODUCTION NO. 6:**

5         All DOCUMENTS and COMMUNICATIONS REGARDING COMMUNICATIONS

6    from or to or with Richard Jacobs or anyone acting on his behalf in relation to any of the issues

7    described in the JACOBS LETTER either before or after his employment at UBER ended.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

9         Defendants will produce responsive, non-privileged documents from or to or with Richard

10   Jacobs that pertain to the allegations in the Jacobs Letter regarding use of non-attributable

11   devices, ephemeral communications, Waymo's trade secrets or other confidential information, the

12   Uber-Otto acquisition, Uber's document retention policies, and the use of attorney client and

13   work product privileges, to the extent they exist, within the custody, possession, or control of

14   Defendants located through a reasonably diligent search in view of the extraordinarily expedited

15   schedule for supplemental discovery.

16        Defendants object that they were provided only six business days to identify, collect, and

17   produce documents responsive to Waymo's forty broad document requests. Any production that

18   is made and all searches performed are limited to what is possible to do in such a short amount of

19   time.  Defendants further object to this Request to the extent that it seeks information protected by

20   the attorney-client privilege or the work product doctrine or that is otherwise privileged or

21   protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

22   not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

23   COMMUNICATIONS REGARDING COMMUNICATIONS.  Defendants further object to this

24   Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it

25   seeks documents relating to subjects described in the JACOBS LETTER that have nothing to do

26   with the allegations of trade secret misappropriation at issue in this case.  Defendants further

27   object to this Request as confusing and vague, specifically the phrase "anyone acting on [Richard

28   Jacobs'] behalf" and "in relation to any of the issues."  Defendants further object to this Request

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

10

1   to the extent it seeks information not within Defendants' possession, custody, or control and not

2   kept by Defendants in the ordinary course of business. Defendants further object to this Request

3   insofar as it purports to require Defendants to search for information beyond that which is

4   available after a reasonable search as it relates to this case and the scope of discovery at this stage.

5   **REQUEST FOR PRODUCTION NO. 7:**

6        All COMMUNICATIONS with UBER employees or former employees in which the

7   employees or former employees raised concerns about issues discussed in the JACOBS LETTER.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

9        Defendants will produce responsive, non-privileged documents, to the extent they exist

10  and pertain to the allegations in the Jacobs Letter regarding use of non-attributable devices,

11  ephemeral communications, Waymo's trade secrets or other confidential information, the Uber-

12  Otto acquisition, Uber's document retention policies, and the use of attorney client and work

13  product privileges, within the custody, possession, or control of Defendants located through a

14  reasonably diligent search in view of the extraordinarily expedited schedule for supplemental

15  discovery.

16       Defendants object that they were provided only six business days to identify, collect, and

17  produce documents responsive to Waymo's forty broad document requests. Any production that

18  is made and all searches performed are limited to what is possible to do in such a short amount of

19  time. Defendants further object to this Request to the extent that it seeks information protected by

20  the attorney-client privilege or the work product doctrine or that is otherwise privileged or

21  protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and

22  not proportional to the needs of the case to the extent that it seeks "all" COMMUNICATIONS.

23  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the

24  needs of the case to the extent that it seeks documents relating to subjects described in the

25  JACOBS LETTER that have nothing to do with the allegations of trade secret misappropriation at

26  issue in this case. Defendants further object to this Request as confusing and vague, specifically

27  the phrases "raised concerns" and "issues discussed." Defendants further object to this Request to

28  the extent it seeks documents that are protected by the right of privacy under the California

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

11

Constitution, United States Constitution, or other applicable law.  Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business.  Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage.  Defendants further object to this Request because it is not limited in time, and will produce information from a reasonable time period as it relates to this case and the specific issues that are the focus of this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS regarding Richard Jacobs' separation from UBER, including but not limited to any reports made to UBER and/or its Board of Directors or committees of the Board of Directors regarding any misconduct purportedly committed by Richard Jacobs, and the factual materials on which any such reports are based.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants will produce responsive, non-privileged documents, to the extent they exist and pertain to the allegations in the Jacobs Letter regarding use of non-attributable devices, ephemeral communications, Waymo's trade secrets or other confidential information, the Uber-Otto acquisition, Uber's document retention policies, and the use of attorney client and work product privileges, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time.  Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

12

COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request as confusing and vague, specifically the phrase "the factual materials on which any such reports are based."  Defendants further object to this Request to the extent it seeks documents that are protected by the right of privacy under the California Constitution, United States Constitution, or other applicable law.  Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business, including to the extent it purports to require production from Board members or committees or their counsel.  Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage.  Defendants further object to this Request because it is not limited in time, and will produce information from a reasonable time period as it relates to this case and the specific issues that are the focus of this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS regarding Richard Jacobs' settlement with UBER, including but not limited to any reports made to UBER and/or its Board of Directors or committees of the Board of Directors regarding any misconduct purportedly committed by Richard Jacobs, and the factual materials on which any such reports are based.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time.  Defendants further object to this Request to the extent that it seeks information protected by

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

13

the attorney-client privilege or the work product doctrine or that is otherwise privileged or

protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and

not proportional to the needs of the case to the extent that it seeks documents relating to subjects

that have nothing to do with the allegations of trade secret misappropriation at issue in this case.

Defendants further object to this Request as confusing and vague, specifically the phrases "any

misconduct purportedly committed by Richard Jacobs," and "the factual materials on which any

such reports are based."  Defendants further object to this Request to the extent it seeks

documents that are protected by the right of privacy under the California Constitution, United

States Constitution, or other applicable law.  Defendants further object to this Request to the

extent it seeks information not within Defendants' possession, custody, or control and not kept by

Defendants in the ordinary course of business, including to the extent it purports to require

production from Board members or committees or their counsel.  Defendants further object to this

Request insofar as it purports to require Defendants to search for information beyond that which

is available after a reasonable search as it relates to this case and the scope of discovery at this

stage.  Defendants further object to this Request because it is not limited in time, and will produce

information from a reasonable time period as it relates to this case and the specific issues that are

the focus of this Request.

**REQUEST FOR PRODUCTION NO. 10:**

        All DOCUMENTS and COMMUNICATIONS REGARDING arbitration proceedings

involving WARD SPANGENBERG.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

        Defendants will produce documents filed in the Spangenberg arbitration and the San

Francisco Superior Court case located through a reasonably diligent search in view of the

extraordinarily expedited schedule for supplemental discovery.

        Defendants object that they were provided only six business days to identify, collect, and

produce documents responsive to Waymo's forty broad document requests. Any production that

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

14

1   is made and all searches performed are limited to what is possible to do in such a short amount of

2   time.  Defendants further object to this Request to the extent that it seeks information protected by

3   the attorney-client privilege or the work product doctrine or that is otherwise privileged or

4   protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

5   not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

6   COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and

7   not proportional to the needs of the case to the extent that it seeks documents that have nothing to

8   do with the allegations of trade secret misappropriation at issue in this case.  Defendants further

9   object to this Request to the extent it seeks documents that are protected by the right of privacy

10   under the California Constitution, United States Constitution, or other applicable law.  Defendants

11   further object to this Request to the extent it seeks information not within Defendants' possession,

12   custody, or control and not kept by Defendants in the ordinary course of business.  Defendants

13   further object to this Request insofar as it purports to require Defendants to search for information

14   beyond that which is available after a reasonable search as it relates to this case and the scope of

15   discovery at this stage.

16   **REQUEST FOR PRODUCTION NO. 11:**

17       All DOCUMENTS and COMMUNICATIONS REGARDING Uber's firing of two

18   inhouse attorneys "after they turned to outside attorneys for advice on proposed changes to the

19   company's document- and data-retention policy" as reported in

20   http://www.corpcounsel.com/topstories/id=1202786179042/Ubers-Firing-of-2-InHouse-Lawyers-

21   Raises-Questions-About-Legal-Culture?mcode=1202614998472&curindex=0

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

23       Defendants will produce responsive, non-privileged documents, to the extent they exist,

24   within the custody, possession, or control of Defendants located through a reasonably diligent

25   search in view of the extraordinarily expedited schedule for supplemental discovery.

26       Defendants object that they were provided only six business days to identify, collect, and

27   produce documents responsive to Waymo's forty broad document requests. Any production that

28   is made and all searches performed are limited to what is possible to do in such a short amount of

Defendants' Objections and Responses to RFPs Relating to Issues in Jacobs Letter (Nos. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

15

1    time.  Defendants further object to this Request to the extent that it seeks information protected by

2    the attorney-client privilege or the work product doctrine or that is otherwise privileged or

3    protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

4    not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

5    COMMUNICATIONS REGARDING.  Defendants further object to this Request as irrelevant,

6    overbroad, and not proportional to the needs of the case to the extent that it seeks documents

7    relating to subjects that have nothing to do with the JACOBS LETTER or the allegations of trade

8    secret misappropriation at issue in this case.  Defendants further object to this Request to the

9    extent it seeks documents that are protected by the right of privacy under the California

10   Constitution, United States Constitution, or other applicable law.  Defendants further object to

11   this Request to the extent it seeks information not within Defendants' possession, custody, or

12   control and not kept by Defendants in the ordinary course of business.  Defendants further object

13   to this Request insofar as it purports to require Defendants to search for information beyond that

14   which is available after a reasonable search as it relates to this case and the scope of discovery at

15   this stage.  Defendants further object to this Request because it is not limited in time, and will

16   produce information from a reasonable time period as it relates to this case and the specific issues

17   that are the focus of this Request.

18   **REQUEST FOR PRODUCTION NO. 12:**

19       DOCUMENTS sufficient to identify any anonymous servers used by UBER employees in

20   their work for UBER.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

22       Defendants will produce responsive, non-privileged documents, to the extent they exist,

23   within the custody, possession, or control of Defendants located through a reasonably diligent

24   search in view of the extraordinarily expedited schedule for supplemental discovery and sufficient

25   to identify any "anonymous servers" used by Uber ATG, Marketplace Analytics, or Strategic

26   Services Group employees in their work for Uber.

27       Defendants object that they were provided only six business days to identify, collect, and

28   produce documents responsive to Waymo's forty broad document requests. Any production that

1  is made and all searches performed are limited to what is possible to do in such a short amount of

2  time.  Defendants further object to this Request to the extent that it seeks information protected by

3  the attorney-client privilege or the work product doctrine or that is otherwise privileged or

4  protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

5  not proportional to the needs of the case to the extent that it seeks documents regarding every

6  Uber employee, which number more than 15,000.  Defendants further object to this Request as

7  irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks

8  documents relating to subjects that have nothing to do with the allegations of trade secret

9  misappropriation at issue in this case.  Defendants further object to this Request as confusing and

10  vague, specifically the phrase "anonymous servers."  Defendants further object to this Request to

11  the extent it seeks information not within Defendants' possession, custody, or control and not

12  kept by Defendants in the ordinary course of business.  Defendants further object to this Request

13  insofar as it purports to require Defendants to search for information beyond that which is

14  available after a reasonable search as it relates to this case and the scope of discovery at this stage.

15  Defendants further object to this Request because it is not limited in time, and will produce

16  information from a reasonable time period as it relates to this case and the specific issues that are

17  the focus of this Request.

18  **REQUEST FOR PRODUCTION NO. 13:**

19      DOCUMENTS sufficient to identify any anonymous servers accessed by

20  ANTHONY LEVANDOWSKI.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

22      Defendants will produce responsive, non-privileged documents, to the extent they exist,

23  within the custody, possession, or control of Defendants located through a reasonably diligent

24  search in view of the extraordinarily expedited schedule for supplemental discovery and sufficient

25  to identify any "anonymous servers" accessed by Anthony Levandowski in his work for

26  Ottomotto or Uber.

27      Defendants object that they were provided only six business days to identify, collect, and

28  produce documents responsive to Waymo's forty broad document requests. Any production that

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

17

1  is made and all searches performed are limited to what is possible to do in such a short amount of

2  time.  Defendants further object to this Request to the extent that it seeks information protected by

3  the attorney-client privilege or the work product doctrine or that is otherwise privileged or

4  protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

5  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

6  that have nothing to do with the allegations of trade secret misappropriation at issue in this case.

7  Defendants further object to this Request as confusing and vague, specifically the phrase

8  "anonymous servers."  Defendants further object to this Request to the extent it requests

9  production of documents outside Defendants' custody, possession, or control.  Defendants further

10  object to this Request insofar as it purports to require Defendants to search for information

11  beyond that which is available after a reasonable search as it relates to this case and the scope of

12  discovery at this stage.

13  **REQUEST FOR PRODUCTION NO. 14:**

14       DOCUMENTS sufficient to identify any anonymous servers accessed by any member of

15  UBER ATG.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

17       Defendants will produce responsive, non-privileged documents, to the extent they exist,

18  within the custody, possession, or control of Defendants located through a reasonably diligent

19  search in view of the extraordinarily expedited schedule for supplemental discovery and sufficient

20  to identify any "anonymous servers" accessed by any member of Uber ATG as part of their work

21  for Uber ATG.

22       Defendants object that they were provided only six business days to identify, collect, and

23  produce documents responsive to Waymo's forty broad document requests. Any production that

24  is made and all searches performed are limited to what is possible to do in such a short amount of

25  time.  Defendants further object to this Request to the extent that it seeks information protected by

26  the attorney-client privilege or the work product doctrine or that is otherwise privileged or

27  protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

28  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

18

1   that have nothing to do with the allegations of trade secret misappropriation at issue in this case.

2   Defendants further object to this Request as confusing and vague, specifically the phrase

3   "anonymous servers." Defendants further object to this Request to the extent it seeks information

4   not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary

5   course of business. Defendants further object to this Request insofar as it purports to require

6   Defendants to search for information beyond that which is available after a reasonable search as it

7   relates to this case and the scope of discovery at this stage. Defendants further object to this

8   Request because it is not limited in time, and will produce information from a reasonable time

9   period as it relates to this case and the specific issues that are the focus of this Request.

10  **REQUEST FOR PRODUCTION NO. 15:**

11      All DOCUMENTS and COMMUNICATIONS regarding the use of anonymous servers

12  by UBER employees in their work for UBER, including but not limited to COMMUNICATIONS

13  with any third parties.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

15      Defendants will produce responsive, non-privileged documents, to the extent they exist,

16  within the custody, possession, or control of Defendants located through a reasonably diligent

17  search in view of the extraordinarily expedited schedule for supplemental discovery regarding the

18  use of "anonymous servers" by Uber ATG, Marketplace Analytics, or Strategic Services Group

19  employees in their work for Uber.

20      Defendants object that they were provided only six business days to identify, collect, and

21  produce documents responsive to Waymo's forty broad document requests. Any production that

22  is made and all searches performed are limited to what is possible to do in such a short amount of

23  time. Defendants further object to this Request to the extent that it seeks information protected by

24  the attorney-client privilege or the work product doctrine or that is otherwise privileged or

25  protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and

26  not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

27  COMMUNICATIONS and seeks documents regarding every Uber employee, which number

28  more than 15,000. Defendants further object to this Request as irrelevant, overbroad, and not

1   proportional to the needs of the case to the extent that it seeks documents relating to subjects that

2   have nothing to do with the allegations of trade secret misappropriation at issue in this case.

3   Defendants further object to this Request as confusing and vague, specifically the phrase

4   "anonymous servers."  Defendants further object to this Request to the extent it seeks information

5   not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary

6   course of business.  Defendants further object to this Request insofar as it purports to require

7   Defendants to search for information beyond that which is available after a reasonable search as it

8   relates to this case and the scope of discovery at this stage.  Defendants further object to this

9   Request because it is not limited in time, and will produce information from a reasonable time

10  period as it relates to this case and the specific issues that are the focus of this Request.

11  **REQUEST FOR PRODUCTION NO. 16:**

12      All DOCUMENTS and COMMUNICATIONS REGARDING policies, instructions,

13  advice or guidance provided to UBER employees REGARDING the use of anonymous servers.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

15      Defendants will produce responsive, non-privileged documents, to the extent they exist,

16  within the custody, possession, or control of Defendants located through a reasonably diligent

17  search in view of the extraordinarily expedited schedule for supplemental discovery.

18      Defendants object that they were provided only six business days to identify, collect, and

19  produce documents responsive to Waymo's forty broad document requests. Any production that

20  is made and all searches performed are limited to what is possible to do in such a short amount of

21  time.  Defendants further object to this Request to the extent that it seeks information protected by

22  the attorney-client privilege or the work product doctrine or that is otherwise privileged or

23  protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

24  not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

25  COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and

26  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

27  that have nothing to do with the allegations of trade secret misappropriation at issue in this case.

28  Defendants further object to this request as being vague and confusing, specifically its use of the

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

20

1  undefined terms "anonymous servers" and "advice or guidance."  Defendants further object to

2  this Request to the extent it seeks information not within Defendants' possession, custody, or

3  control and not kept by Defendants in the ordinary course of business.  Defendants further object

4  to this Request insofar as it purports to require Defendants to search for information beyond that

5  which is available after a reasonable search as it relates to this case and the scope of discovery at

6  this stage.  Defendants further object to this Request because it is not limited in time, and will

7  produce information from a reasonable time period as it relates to this case and the specific issues

8  that are the focus of this Request.

9  **REQUEST FOR PRODUCTION NO. 17:**

10      All non-attributable devices used by LEVANDOWSKI.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

12      After a reasonably diligent search in view of the extraordinarily expedited schedule for

13  supplemental discovery, Defendants have found no non-attributable devices used by Anthony

14  Levandowski within Defendants' custody, possession, or control.

15      Defendants object that they were provided only six business days to identify, collect, and

16  produce documents responsive to Waymo's forty broad document requests. Any production that

17  is made and all searches performed are limited to what is possible to do in such a short amount of

18  time.  Defendants further object to this Request to the extent it seeks information not within

19  Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of

20  business.  Defendants further object to this Request as irrelevant, overbroad, and not proportional

21  to the needs of the case because it contains no time limitation.  Defendants further object to the

22  use of the undefined terms "non-attributable devices" and "used by" in this Request as vague and

23  confusing.  Defendants further object to this Request insofar as it purports to require Defendants

24  to search for information beyond that which is available after a reasonable search as it relates to

25  this case and the scope of discovery at this stage.   Defendants further object to this Request

26  because it is not limited in time, and will produce information from a reasonable time period as it

27  relates to this case and the specific issues that are the focus of this Request.

28

1   **REQUEST FOR PRODUCTION NO. 18:**

2        DOCUMENTS sufficient to identify the ephemeral communications systems used by

3   anyone at UBER to communicate with LEVANDOWSKI or Lior Ron at any time.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

5        Defendants respond that they have produced voluminous documents during the course of

6   this litigation, including documents that contain information responsive to this Request.  To the

7   extent Defendants locate additional responsive, non-privileged documents within the custody,

8   possession, or control of Defendants located through a reasonably diligent search in view of the

9   extraordinarily expedited schedule for supplemental discovery and sufficient to identify

10  ephemeral communications systems used by any Uber employees to communicate with Anthony

11  Levandowski or Lior Ron, they will produce them.

12       Defendants object that they were provided only six business days to identify, collect, and

13  produce documents responsive to Waymo's forty broad document requests. Any production that

14  is made and all searches performed are limited to what is possible to do in such a short amount of

15  time.  Defendants further object to this Request to the extent that it seeks information protected by

16  the attorney-client privilege or the work product doctrine or that is otherwise privileged or

17  protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

18  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

19  that have nothing to do with the allegations of trade secret misappropriation at issue in this case.

20  Defendants further object to this Request to the extent it seeks information not within Defendants'

21  possession, custody, or control and not kept by Defendants in the ordinary course of business.

22  Defendants further object to this Request insofar as it purports to require Defendants to search for

23  information beyond that which is available after a reasonable search as it relates to this case and

24  the scope of discovery at this stage.   Defendants further object to this Request because it is not

25  limited in time, and will produce information from a reasonable time period as it relates to this

26  case and the specific issues that are the focus of this Request.

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

22

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS REGARDING the use of virtual machines that wipe clean upon closing the session by UBER employees in their work for UBER, including but not limited to COMMUNICATIONS with any third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants regarding the use of virtual machines that wipe clean upon closing the session by Uber ATG, Marketplace Analytics, or Strategic Services Group employees in their work for Uber, located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time.  Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request as confusing and vague, specifically the undefined term "virtual machines that wipe clean upon closing the session."   Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business.  Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage.   Defendants further object to this Request because it is not limited in time, and will

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

23

1  produce information from a reasonable time period as it relates to this case and the specific issues

2  that are the focus of this Request.

3  **REQUEST FOR PRODUCTION NO. 20:**

4      DOCUMENTS sufficient to identify any virtual machines that wipe clean upon closing

5  the session used by UBER employees in their work for UBER.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7      Defendants will produce responsive, non-privileged documents, to the extent they exist,

8  within the custody, possession, or control of Defendants located through a reasonably diligent

9  search in view of the extraordinarily expedited schedule for supplemental discovery and sufficient

10  to identify any virtual machines that wipe clean upon closing the session used by Uber ATG,

11  Marketplace Analytics, or Strategic Services Group employees in their work for Uber.

12      Defendants object that they were provided only six business days to identify, collect, and

13  produce documents responsive to Waymo's forty broad document requests. Any production that

14  is made and all searches performed are limited to what is possible to do in such a short amount of

15  time.  Defendants further object to this Request to the extent that it seeks information protected by

16  the attorney-client privilege or the work product doctrine or that is otherwise privileged or

17  protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

18  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

19  that have nothing to do with the allegations of trade secret misappropriation at issue in this case.

20  Defendants further object to this Request as vague and confusing, specifically the undefined term

21  "virtual machines that wipe clean upon closing the session."  Defendants further object to this

22  Request to the extent it seeks information not within Defendants' possession, custody, or control

23  and not kept by Defendants in the ordinary course of business.  Defendants further object to this

24  Request insofar as it purports to require Defendants to search for information beyond that which

25  is available after a reasonable search as it relates to this case and the scope of discovery at this

26  stage.  Defendants further object to this Request because it is not limited in time, and will produce

27  information from a reasonable time period as it relates to this case and the specific issues that are

28  the focus of this Request.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to identify any virtual machines that wipe clean upon closing the session accessed or used by LEVANDOWSKI in his work for UBER or OTTOMOTTO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery and sufficient to identify any virtual machines that wipe clean upon closing the session accessed or used by Anthony Levandowski in his work for Uber or Ottomotto.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time.  Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects described in the JACOBS LETTER that have nothing to do with the allegations of trade secret misappropriation at issue in this case.  Defendants further object to this Request as vague and confusing, specifically the undefined term "virtual machines that wipe clean upon closing the session."  Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business.  Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to identify any virtual machines that wipe clean upon closing the session used or accessed by any member of UBER ATG in their work for UBER or OTTOMOTTO.

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

25

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery and sufficient to identify any virtual machines that wipe clean upon closing the session accessed or used by any member of Uber ATG in their work for Uber or Ottomotto.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time.  Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request as vague and confusing, specifically the undefined term "virtual machines that wipe clean upon closing the session."  Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business.  Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS REGARDING policies, instructions, advice, or guidance provided to UBER employees REGARDING methods or strategies to decrease the probability that documents are not discoverable in litigation or government investigations.

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

26

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

2    After a reasonably diligent search in view of the extraordinarily expedited schedule for

3  supplemental discovery, Defendants have found no responsive documents.

4    Defendants object that they were provided only six business days to identify, collect, and

5  produce documents responsive to Waymo's forty broad document requests. Any production that

6  is made and all searches performed are limited to what is possible to do in such a short amount of

7  time.  Defendants further object to this Request to the extent that it seeks information protected by

8  the attorney-client privilege or the work product doctrine or that is otherwise privileged or

9  protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

10  not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

11  COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and

12  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

13  that have nothing to do with the JACOBS LETTER or the allegations of trade secret

14  misappropriation at issue in this case.  Defendants further object to this Request as vague and

15  confusing with regard to the undefined terms "guidance or advice," "methods or strategies," and

16  "not discoverable," and inintelligbile with regard to meaning of "decrease the probability that

17  documents are not discoverable."  Defendants further object to this Request to the extent it seeks

18  information not within Defendants' possession, custody, or control and not kept by Defendants in

19  the ordinary course of business.  Defendants further object to this Request insofar as it purports to

20  require Defendants to search for information beyond that which is available after a reasonable

21  search as it relates to this case and the scope of discovery at this stage.  Defendants further object

22  to this Request because it is not limited in time, and will produce information from a reasonable

23  time period as it relates to this case and the specific issues that are the focus of this Request.

24  **REQUEST FOR PRODUCTION NO. 24:**

25    All DOCUMENTS and COMMUNICATIONS REGARDING any presentation, training,

26  instructions, advice, or guidance provided by SSG to UBER ATG, including but not limited to

27  LEVANDOWSKI.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

27

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and COMMUNICATIONS. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request as vague and confusing, specifically the undefined terms "instructions, advice, or guidance." Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business. Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage. Defendants further object to this Request because it is not limited in time, and will produce information from a reasonable time period as it relates to this case and the specific issues that are the focus of this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS REGARDING any presentation, training, instructions, advice, or guidance provided by SI to UBER ATG, including but not limited to LEVANDOWSKI.

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and COMMUNICATIONS. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request as vague and confusing, specifically the undefined terms "instructions, advice, or guidance." Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business. Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage. Defendants further object to this Request because it is not limited in time, and will produce information from a reasonable time period as it relates to this case and the specific issues that are the focus of this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and COMMUNICATIONS REGARDING any presentation, training, instructions, advice, or guidance provided by MA to UBER ATG, including but not limited to LEVANDOWSKI.

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

29

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and COMMUNICATIONS. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request as vague and confusing, specifically the undefined terms "instructions, advice, or guidance." Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business. Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage. Defendants further object to this Request because it is not limited in time, and will produce information from a reasonable time period as it relates to this case and the specific issues that are the focus of this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS REGARDING any presentation, training, instructions, advice, or guidance provided by Threat Operations to UBER ATG, including but not limited to LEVANDOWSKI.

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

30

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and COMMUNICATIONS REGARDING. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request as vague and confusing, specifically the undefined terms "instructions, advice, or guidance." Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business. Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage. Defendants further object to this Request because it is not limited in time, and will produce information from a reasonable time period as it relates to this case and the specific issues that are the focus of this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS REGARDING the collection of any competitive intelligence on WAYMO or PROJECT CHAUFFEUR by UBER or any person or entity acting on UBER'S behalf.

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

31

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants will produce or make available for inspection responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and COMMUNICATIONS REGARDING. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request as vague and confusing, specifically the undefined terms "competitive intelligence" and "any person or entity acting on UBER'S behalf." Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business. Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage. Defendants further object to this Request because it is not limited in time, and will produce information from a reasonable time period as it relates to this case and the specific issues that are the focus of this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS REGARDING the acquisition of or attempted acquisition of non-public autonomous vehicle technology of any UBER competitor.

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

32

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

2      Defendants will produce responsive, non-privileged documents, to the extent they exist,

3   within the custody, possession, or control of Defendants located through a reasonably diligent

4   search in view of the extraordinarily expedited schedule for supplemental discovery.

5      Defendants object that they were provided only six business days to identify, collect, and

6   produce documents responsive to Waymo's forty broad document requests. Any production that

7   is made and all searches performed are limited to what is possible to do in such a short amount of

8   time.  Defendants further object to this Request to the extent that it seeks information protected by

9   the attorney-client privilege or the work product doctrine or that is otherwise privileged or

10  protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

11  not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

12  COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and

13  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

14  that have nothing to do with the allegations of trade secret misappropriation at issue in this case.

15  Defendants further object to this Request as vague and confusing, specifically the undefined

16  terms "attempted acquisition," "non-public autonomous vehicle technology," and "UBER

17  competitor."  Defendants further object to this Request to the extent it seeks information not

18  within Defendants' possession, custody, or control and not kept by Defendants in the ordinary

19  course of business.  Defendants further object to this Request insofar as it purports to require

20  Defendants to search for information beyond that which is available after a reasonable search as it

21  relates to this case and the scope of discovery at this stage.  Defendants further object to this

22  Request because it is not limited in time, and will produce information from a reasonable time

23  period as it relates to this case and the specific issues that are the focus of this Request.

24  **REQUEST FOR PRODUCTION NO. 30:**

25      All DOCUMENTS and COMMUNICATIONS REGARDING the preservation or

26  deletion of information, including intelligence data, at UBER.

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

33

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery and sufficient to show any policies regarding the preservation or deletion of information at Uber.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all DOCUMENTS and COMMUNICATIONS regarding the preservation or deletion of information" at Uber; that is, any information whatsoever, without regard to subject matter or scope, in all of Uber. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request as vague and confusing, specifically the undefined terms "information" and "intelligence data." Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business. Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage. Defendants further object to this Request because it is not limited in time, and will produce information from a reasonable time period as it relates to this case and the specific issues that are the focus of this Request.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS REGARDING any trips made by Jake Nocon, Nick Gicinto, or Ed Russo, or any other member of SSG, SI, or MA, to meet with

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

34

anyone from UBER ATG, including but not limited to any such trips to Pittsburgh, PA to meet with UBER ATG.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and COMMUNICATIONS. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request vague and confusing, specifically the undefined term "trips" and phrase "to meet with." Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business. Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage. Defendants further object to this Request because it is not limited in time, and will produce information from a reasonable time period as it relates to this case and the specific issues that are the focus of this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS REGARDING information exchanged between LEVANDOWSKI or Lior Ron and any person within SSG, SI, or MA, or Threat Operations.

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

35

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

2   Defendants will produce responsive, non-privileged documents, to the extent they exist,

3   within the custody, possession, or control of Defendants located through a reasonably diligent

4   search in view of the extraordinarily expedited schedule for supplemental discovery.

5   Defendants object that they were provided only six business days to identify, collect, and

6   produce documents responsive to Waymo's forty broad document requests. Any production that

7   is made and all searches performed are limited to what is possible to do in such a short amount of

8   time.  Defendants further object to this Request to the extent that it seeks information protected by

9   the attorney-client privilege or the work product doctrine or that is otherwise privileged or

10  protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

11  not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

12  COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and

13  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

14  that have nothing to do with the allegations of trade secret misappropriation at issue in this case.

15  Defendants further object to this Request because it is vague, specifically with its use of the

16  undefined terms "information" and "exchanged."  Defendants further object to this Request to the

17  extent it seeks information not within Defendants' possession, custody, or control and not kept by

18  Defendants in the ordinary course of business.  Defendants further object to this Request insofar

19  as it purports to require Defendants to search for information beyond that which is available after

20  a reasonable search as it relates to this case and the scope of discovery at this stage.  Defendants

21  further object to this Request because it is not limited in time, and will produce information from

22  a reasonable time period as it relates to this case and the specific issues that are the focus of this

23  Request.

24  **REQUEST FOR PRODUCTION NO. 33:**

25  All COMMUNICATIONS between Travis Kalanick and any person within SSG, SI, MA,

26  or Threat Operations.

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

36

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and COMMUNICATIONS. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request because it is vague, specifically with its use of the undefined term "any person within SSG, SI, MA, or Threat Operations." Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business. Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage. Defendants further object to this Request because it is not limited in time, and will produce information from a reasonable time period as it relates to this case and the specific issues that are the focus of this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS and COMMUNICATIONS REGARDING SSG's or SI's VOC (virtual operations capability).

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

37

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

2         Defendants will produce responsive, non-privileged documents, to the extent they exist,

3    within the custody, possession, or control of Defendants located through a reasonably diligent

4    search in view of the extraordinarily expedited schedule for supplemental discovery.

5         Defendants object that they were provided only six business days to identify, collect, and

6    produce documents responsive to Waymo's forty broad document requests. Any production that

7    is made and all searches performed are limited to what is possible to do in such a short amount of

8    time.  Defendants further object to this Request to the extent that it seeks information protected by

9    the attorney-client privilege or the work product doctrine or that is otherwise privileged or

10   protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

11   not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

12   COMMUNICATIONS REGARDING.  Defendants further object to this Request as irrelevant,

13   overbroad, and not proportional to the needs of the case to the extent that it seeks documents

14   relating to subjects that have nothing to do with the allegations of trade secret misappropriation at

15   issue in this case.  Defendants further object to this Request to the extent it seeks information not

16   within Defendants' possession, custody, or control and not kept by Defendants in the ordinary

17   course of business.  Defendants further object to this Request as vague and confusing, specifically

18   the undefined terms "virtual operations capability."  Defendants further object to this Request

19   insofar as it purports to require Defendants to search for information beyond that which is

20   available after a reasonable search as it relates to this case and the scope of discovery at this stage.

21   Defendants further object to this Request because it is not limited in time, and will produce

22   information from a reasonable time period as it relates to this case and the specific issues that are

23   the focus of this Request.

24   **REQUEST FOR PRODUCTION NO. 35:**

25        All DOCUMENTS and COMMUNICATIONS REGARDING any involvement of SSG,

26   SI, MA, or Threat Operations in UBER'S acquisition of OTTOMOTTO, including but not limited

27   to the negotiations between LEVANDOWSKI or Lior Ron and UBER.

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

38

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided only six business days to identify, collect, and produce documents responsive to Waymo's forty broad document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and COMMUNICATIONS. Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request as vague and confusing, specifically with its use of the undefined term "involvement of." Defendants further object to this Request to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in the ordinary course of business. Defendants further object to this Request insofar as it purports to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case and the scope of discovery at this stage. Defendants further object to this Request because it is not limited in time, and will produce information from a reasonable time period as it relates to this case and the specific issues that are the focus of this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS regarding the creation, purpose, branding, and rebranding of Threat Operations, SSG, SI, and MA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

39

1   search in view of the extraordinarily expedited schedule for supplemental discovery and sufficient

2   to show the creation, purpose, branding, and rebranding of Threat Operations, SSG, SI, and MA.

3       Defendants object that they were provided only six business days to identify, collect, and

4   produce documents responsive to Waymo's forty broad document requests. Any production that

5   is made and all searches performed are limited to what is possible to do in such a short amount of

6   time.  Defendants further object to this Request to the extent that it seeks information protected by

7   the attorney-client privilege or the work product doctrine or that is otherwise privileged or

8   protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

9   not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

10  COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and

11  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

12  that have nothing to do with the allegations of trade secret misappropriation at issue in this case.

13  Defendants further object to this Request as vague and confusing, specifically the undefined

14  terms "creation, purpose, branding, and rebranding."  Defendants further object to this Request to

15  the extent it seeks information not within Defendants' possession, custody, or control and not

16  kept by Defendants in the ordinary course of business.  Defendants further object to this Request

17  insofar as it purports to require Defendants to search for information beyond that which is

18  available after a reasonable search as it relates to this case and the scope of discovery at this stage.

19  Defendants further object to this Request because it is not limited in time, and will produce

20  information from a reasonable time period as it relates to this case and the specific issues that are

21  the focus of this Request.

22  **REQUEST FOR PRODUCTION NO. 37:**

23      All DOCUMENTS and COMMUNICATIONS regarding the budgets, headcounts, and

24  financial resources provided to Threat Operations, SSG, SI, and MA.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

26      Defendants will produce responsive, non-privileged documents, to the extent they exist,

27  within the custody, possession, or control of Defendants located through a reasonably diligent

28  search in view of the extraordinarily expedited schedule for supplemental discovery and sufficient

1    to show the budgets, headcounts, and financial resources provided to Threat Operations, SSG, SI,

2    and MA, and the allocation of those resources by project or task over time.

3           Defendants object that they were provided only six business days to identify, collect, and

4    produce documents responsive to Waymo's forty broad document requests. Any production that

5    is made and all searches performed are limited to what is possible to do in such a short amount of

6    time.  Defendants further object to this Request to the extent that it seeks information protected by

7    the attorney-client privilege or the work product doctrine or that is otherwise privileged or

8    protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

9    not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

10    COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and

11    not proportional to the needs of the case to the extent that it seeks documents relating to subjects

12    that have nothing to do with the allegations of trade secret misappropriation at issue in this case,

13    and includes no relevant time period.  Defendants further object to this Request to the extent it

14    seeks information not within Defendants' possession, custody, or control and not kept by

15    Defendants in the ordinary course of business.  Defendants further object to this Request insofar

16    as it purports to require Defendants to search for information beyond that which is available after

17    a reasonable search as it relates to this case and the scope of discovery at this stage.    Defendants

18    further object to this Request because it is not limited in time, and will produce information from

19    a reasonable time period as it relates to this case and the specific issues that are the focus of this

20    Request.  The parties have agreed to limit this request as reflected in Defendants' response.

21    **REQUEST FOR PRODUCTION NO. 38:**

22           DOCUMENTS sufficient to identify the complete organizational structure of UBER'S

23    Threat Operations, SSG, SI, and MA divisions or teams from January 1, 2015 to present.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

25           Defendants will produce responsive, non-privileged documents, to the extent they exist,

26    within the custody, possession, or control of Defendants located through a reasonably diligent

27    search in view of the extraordinarily expedited schedule for supplemental discovery and sufficient

28

1   to identify the organizational structure of Uber's Threat Operations, SSG, SI, and MA divisions

2   or teams from January 1, 2015 to present.

3         Defendants object that they were provided only six business days to identify, collect, and

4   produce documents responsive to Waymo's forty broad document requests. Any production that

5   is made and all searches performed are limited to what is possible to do in such a short amount of

6   time.  Defendants further object to this Request to the extent that it seeks information protected by

7   the attorney-client privilege or the work product doctrine or that is otherwise privileged or

8   protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

9   not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

10  COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and

11  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

12  that have nothing to do with the allegations of trade secret misappropriation at issue in this case.

13  Defendants further object to this Request as vague and confusing, specifically the undefined

14  terms "complete organizational structure."  Defendants further object to this Request to the extent

15  it seeks information not within Defendants' possession, custody, or control and not kept by

16  Defendants in the ordinary course of business.  Defendants further object to this Request insofar

17  as it purports to require Defendants to search for information beyond that which is available after

18  a reasonable search as it relates to this case and the scope of discovery at this stage.

19  **REQUEST FOR PRODUCTION NO. 39:**

20        All DOCUMENTS and COMMUNICATIONS REGARDING the statements made in

21  Tony West's and Dara Khosrowshahi's emails regarding subjects referenced in the JACOBS

22  LETTER (as reported at https://www.recode.net/2017/11/30/16721676/uber-security-tony-

23  westdara-khosrowshahi-security-practices-alphabet), including all statements related to the

24  JACOBS LETTER itself (including "there is more than enough there to merit serious concern")

25  and the statements that "we showed poor judgment in our approach to competitors and our use of

26  ephemeral communication for business purposes," "I'm learning about practices we followed

27  here in the past that are simply unacceptable," and "Another I've just learned about in the last

28

1   couple of days involves Uber security personnel engaging in the human surveillance of

2   individuals who work for competitors."

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

4       Defendants will produce responsive, non-privileged documents, to the extent they exist,

5   within the custody, possession, or control of Defendants located through a reasonably diligent

6   search in view of the extraordinarily expedited schedule for supplemental discovery.

7       Defendants object that they were provided only six business days to identify, collect, and

8   produce documents responsive to Waymo's forty broad document requests. Any production that

9   is made and all searches performed are limited to what is possible to do in such a short amount of

10  time.  Defendants further object to this Request to the extent that it seeks information protected by

11  the attorney-client privilege or the work product doctrine or that is otherwise privileged or

12  protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

13  not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

14  COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and

15  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

16  described in the JACOBS LETTER that have nothing to do with the allegations of trade secret

17  misappropriation at issue in this case.  Defendants further object to this Request as vague and

18  confusing, specifically its use of the undefined phrase "all statements related to."  Defendants

19  further object to this Request to the extent it seeks information not within Defendants' possession,

20  custody, or control and not kept by Defendants in the ordinary course of business.  Defendants

21  further object to this Request insofar as it purports to require Defendants to search for information

22  beyond that which is available after a reasonable search as it relates to this case and the scope of

23  discovery at this stage.  Defendants further object to this Request because it is not limited in time,

24  and will produce information from a reasonable time period as it relates to this case and the

25  specific issues that are the focus of this Request.

26  **REQUEST FOR PRODUCTION NO. 40:**

27      All DOCUMENTS AND COMMUNICATIONS REGARDING issues raised to the

28  "Hotline" referenced in Tony West's November 29, 2017 email (as reported at

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

43

1   https://www.recode.net/2017/11/30/16721676/uber-security-tony-west-dara-

2   khosrowshahisecurity-practices-alphabet) and that relate to the issues raised in the JACOBS

3   LETTER.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

5          After a reasonably diligent search in view of the extraordinarily expedited schedule for

6   supplemental discovery, Defendants respond that no other related complaints have been received

7   through the hotline.

8          Defendants object that they were provided only six business days to identify, collect, and

9   produce documents responsive to Waymo's forty broad document requests. Any production that

10  is made and all searches performed are limited to what is possible to do in such a short amount of

11  time.  Defendants further object to this Request to the extent that it seeks information protected by

12  the attorney-client privilege or the work product doctrine or that is otherwise privileged or

13  protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, and

14  not proportional to the needs of the case to the extent that it seeks "all" DOCUMENTS and

15  COMMUNICATIONS.  Defendants further object to this Request as irrelevant, overbroad, and

16  not proportional to the needs of the case to the extent that it seeks documents relating to subjects

17  described in the JACOBS LETTER that have nothing to do with the allegations of trade secret

18  misappropriation at issue in this case.  Defendants further object to this Request as vague and

19  confusing, specifically its use of the undefined phrase "relate to the issues."  Defendants further

20  object to this Request to the extent it seeks information not within Defendants' possession,

21  custody, or control and not kept by Defendants in the ordinary course of business.  Defendants

22  further object to this Request insofar as it purports to require Defendants to search for information

23  beyond that which is available after a reasonable search as it relates to this case and the scope of

24  discovery at this stage.  Defendants further object to this Request because it is not limited in time,

25  and will produce information from a reasonable time period as it relates to this case and the

26  specific issues that are the focus of this Request.

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

44

1    Dated: December 10, 2017          MORRISON & FOERSTER LLP

2

3                                      By:  /s/ Arturo J. González
                                            ARTURO J. GONZÁLEZ
4
                                       Attorneys for Defendants
5                                      UBER TECHNOLOGIES, INC.
                                       and OTTOMOTTO LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Los Angeles CA 90017-3543.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on December 11, 2017, I served a true and correct copy of:

**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S REQUESTS FOR PRODUCTION RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)**

☒    **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| Recipient | Email Address: |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788<br><br>*Attorneys for Plaintiff Waymo LLC* | qewaymo@quinnemanuel.com |
| John L. Cooper<br>Farella Braun + Martel LLP<br>Russ Building<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA  94104<br><br>*Special Master* | JCooper@fbm.com<br>MCate@fbm.com |

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

46

1      I declare under penalty of perjury that the foregoing is true and correct.

2      Executed at Los Angeles, California, this 11th day of December, 2017.

3

4

5    _____          _____
           Sylvia Rivera                      */s/ Sylvia Rivera*
            (typed)                              (signature)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO RFPS RELATING TO ISSUES IN JACOBS LETTER (NOS. 1-40)
Case No. 3:17-cv-00939-WHA
sf- 3846564

47