December 13, 2017

  The Honorable Jacqueline Scott Corley
  USDC, Northern District of California
  San Francisco Courthouse
  Courtroom F - 15th Floor
  450 Golden Gate Avenue
  San Francisco, CA 94102


Re:   *Waymo LLC v. Uber Technologies, Inc. et al.*, Case No. 3:17-cv-00939-WHA
      **Response to Uber Letter Brief Regarding Jacobs-Related Discovery**

Dear Judge Corley:

Please find below Waymo's response to Uber's letter brief concerning Jacobs-related discovery and a short correction/addendum to the letter brief Waymo submitted last evening (Dkt. 2376).


Sincerely,

*/s/ Charles K. Verhoeven*

Charles K. Verhoeven

The Honorable Jacqueline Scott Corley
December 13, 2017

30(b)(6) Depositions:

First, Uber's contention that Waymo should be compelled to produce a 30(b)(6) witness on the topic of "[t]he surveillance, if any, that Waymo or Project Chauffeur has conducted of its autonomous vehicle competitors" to "balance … evidence" that may be provided by Uber's witnesses is wrong.  Judge Alsup did not order the same discovery from Waymo that he ordered from Uber.  This topic – Uber's ninth – is well-outside of the limited scope of discovery of Waymo ordered by Judge Alsup, and Uber neglects to inform the Court that its request for testimony on any "surveillance" was set forth in its *second* 30(b)6) notice, sent this past Sunday, December 10, well after the parties had already met and conferred over the scope of Uber's *first* notice, and well after Waymo had already agreed to produce two 30(b)(6) witnesses to testify as to the non-privileged information requested in Uber's first eight 30(b)(6) topics.  Further, Judge Alsup's December 1 order specifically permits Waymo to conduct discovery into "[s]urveillance conducted by defendants or at their direction on any counsel or witnesses in this civil action" (Dkt. 2315) based on the allegations of misconduct revealed by Mr. Jacobs.  Not only is this a different topic than the one Uber improperly escalates to the Court now, but Uber also neglects to mention that Waymo offered to drop its request prior to Uber sending its 30(b)(6) notice on Sunday and Uber refused that offer.  And, the parties have not even had a chance to meet and confer on Uber's new request for testimony.  It is now clear that it refused that compromise in the hope of shoehorning the inappropriate and irrelevant discovery into Waymo's activities that it now requests.  Regardless, Uber's request is a blatant fishing expedition that seeks information entirely unrelated to either the allegations made in the Jacobs Letter (which were obviously directed entirely at Uber's conduct) or the claims and defenses at issue in this action.  Uber is not entitled to re-open general discovery to seek information on such broad and irrelevant topics at this late stage in the proceedings merely because the Court has been made aware of further evidence of Uber's own malfeasance.

Second, Uber informs the Court that it served Waymo with a request to produce a witness on "[t]he identity of any litigation matter where Waymo or Google has disclosed the 'off the record' default within Google Talk or Google Hangouts."  Again, Uber neglects to inform the Court that this topic – Uber's tenth – was noticed just this past Sunday and the parties have not yet had a chance to meet and confer on it.  If the parties had met and conferred, Uber would know that it already has the information it seeks, and no witness is needed to address this.  Waymo has already produced declarations submitted by Google witnesses in the only two matters in which this issue has been briefed.  Uber is not entitled to conduct a fishing expedition into every previous case in which Google has ever disputed or discussed these issues.

Third, as is evident from the face of the document attached as Exhibit 1 to Uber's letter, Google did not change its default settings for Google Talk in 2008 "so to avoid having to produce chats in connection with legal and regulatory matters it would face in the future" as Uber falsely asserts.  In any event, Uber does not inform that Court that it will have the opportunity to

The Honorable Jacqueline Scott Corley
December 13, 2017

question a Waymo witness on this very topic tomorrow.  Additional discovery into a decision by Waymo's parent almost a decade ago is not warranted.

Document Requests:  As an initial matter, the Court did not order Waymo to produce documents at this stage in the proceedings.  Instead, the Court requested that Waymo notify the Court as to its use of ephemeral communications platforms and non-attributable devices – which Waymo did (Dkt. 2336-3) – and ordered that Uber may take a single 30(b)(6) witness deposition on the topic of ephemeral communications and could only take further discovery with "good cause."  (Dkt. 2342 [12/4/17 Hr'g Tr.] at 61:19-21).  Waymo nonetheless conducted reasonable searches in a good faith effort to respond to Uber's document requests.

RFP 208:  Uber's document request requested "[d]ocuments sufficient to show who proposed the change in policy in September 2008 to use 'Off the Record' as the default, and why that change was made."  This request demands information from Google – a non-party to this action – despite the Court's express statement that the only discovery he was ordering was into Waymo.  (Dkt. 2310 [11/29 Hr'g Tr.] at 7:25-8:3 ("THE COURT:  I'm not going to go -- I'm going to definitely go to Waymo, but I'm not necessarily going to go with you -- you-all negotiate over that. I'm not ordering anything on Google.")  Nonetheless, Waymo produced the document attached to Uber's own submission; an explanation for the reasons why the policy was adopted is also set forth in the declarations produced from the previous cases in which this very issue was litigated.  Uber will have an opportunity to pose questions on this topic at the 30(b)(6) deposition tomorrow.  Further discovery into who was involved in a discussion that took place at a non-party almost a decade ago is outside the scope of the limited discovery ordered by Judge Alsup, irrelevant, and not warranted at this stage in the proceedings.

RFP 213:  Waymo has produced the documents it identified in a good faith reasonable search. As we have informed Uber, we are not currently aware of "training materials" specifically directed at employees' "use of instant message chats or ephemeral messaging platforms, including any formal or informal encouragement not to discuss certain topics in non-ephemeral settings."  The fact that Uber appears to have instructed its employees to only discuss certain topics on ephemeral platforms does not mean Waymo did the same.

RFP 217:  Uber is incorrect: in its objections and responses to Uber's document requests Waymo expressly objected to this request as "vague, overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case," amongst other objections.  At a subsequent meet and confer, counsel also informed Uber that no documents on this topic exist.  As Waymo has repeatedly noted, this request is also plainly out of the scope of discovery ordered by Judge Alsup.  Google – a non-party to this action -- should not be required to undertake burdensome investigations to determine whether this information can be derived and documents created to satisfy Uber's curiosity about a topic that is irrelevant to the claims and defenses at issue in this action.

Correction To Waymo's Opening Letter Brief:  In connection with Waymo's opening letter brief filed last night (Dkt. 2376), Waymo attached a WilmerHale Log as Exhibit 6.  Waymo

The Honorable Jacqueline Scott Corley
December 13, 2017

inadvertently neglected to also attach a prior log prepared by WilmerHale.  That prior log is submitted herewith as Exhibit 11 to the Supplemental Declaration of Andrea Roberts.  Exhibit 11 refers to communications between WilmerHale and Karen Dunn "relating to allegations in the Jacobs matter" (as described on page 1 of Waymo's opening letter brief).