UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>        Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**ORDER**<br><br>Re: Dkt. Nos. 1670, 1784, 1893, 1994, 2017 |

    This Order addresses the parties' Administrative Motions to File under Seal at Docket Nos. 1670, 1784, 1893, 1994, and 2017. After carefully considering the parties' submissions, the motions to seal are GRANTED in part and DENIED in part as set forth in the table below.

    Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* Any request for sealing must be supported by a declaration "establishing that the document sought to be filed under seal, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A). If the party filing the motion is not the party who designated the material at issue as confidential, then the designating party has four days to file a declaration in support of sealing or the motion to seal will be denied. Civil L.R. 79-5(e).

//

//

| Dkt. No. | | Ruling |
|---|---|---|
| **Dkt. No. 1670[1]** | **Dkt. No. 1672-2** | The Court GRANTS this motion to seal because the redacted portions contain the email addresses of high-ranking company executives. |
| **Dkt. No. 1784** | **Dkt. No. 1784-3** | The Court DENIES the motion to file Waymo's Letter Brief in Support of its Motion to Compel Forensic Images under seal because Defendants did not file a supporting declaration and the non-parties' declaration does not make any particularized showing with respect to sealing of the letter brief, and instead, simply asserts that the information is "confidential." (Dkt. No. 1881 at ¶ 3.) |
| | **Dkt. No. 1784-5** | The Court DENIES the motion to file Exhibit 1 to Waymo's Letter Brief under seal because neither Defendants nor the non-parties filed a declaration in support of sealing Exhibit 1. |
| | **Dkt. No. 1784-6** | The Court DENIES the motion to file Exhibit 2 to Waymo's Letter Brief under seal. The declaration in support of sealing seeks sealing of third-parties Sandstone Group and Tyto LiDar's "ownership information"; however, Exhibit 2 is an email about the hit-count for search terms by custodian and no ownership information is apparent. |
| | **Dkt. No. 1784-7** | The Court DENIES the motion to file Exhibit 3 to Waymo's Letter Brief under seal because neither Defendants nor the non-parties filed a declaration in support of sealing Exhibit 3. |
| **Dkt. No. 1893** | **Dkt. No. 1893** | The Court GRANTS the motion to file the highlighted portions of the Declaration of Kevin Faulkner under seal because they contain the contact information of former employees and a placeholder domain name used for migration of electronic information, disclosure of which could allow others to attempt to compromise the security of Uber's internal electronic information system. |
| **Dkt. No. 1994[2]** | **Dkt. No. 2022-1** | The Court DENIES the motion to seal the portion of Exhibit 2 outlined in red boxes because it does not contain confidential information. |
| | **Dkt. No. 2022-2** | The Court GRANTS the motion to seal the portions of Exhibit 10 outlined in red boxes because these portions contain the personal email addresses of Uber executives and employees whose contact information would be compromised if disclosed to the public. |

---

[1] Docket No. 1670 is revised by Docket No. 1672. This order applies to both docket numbers, as revised by Docket No. 1672.
[2] Docket No. 1994 is revised by Docket No. 2022. This order applies to both docket numbers, as revised by Docket No. 2022.

| Dkt. No. 2017 | Dkt. No. 2017-5 | The Court GRANTS the motion to seal the entirety of Exhibit B to the Walsh Declaration. The Exhibit contains confidential information regarding the names and details of Uber servers, and host names and serial numbers of company and personal devices. |

**IT IS SO ORDERED.**

Dated: December 13, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge