BOERSCH SHAPIRO LLP
ATTORNEYS AT LAW

DAVID W. SHAPIRO
MARTHA BOERSCH
LARA KOLLIOS
FARHA RIZVI

December 15, 2017

*Via CM/ECF*
The Honorable Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse
Courtroom F – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re: *Waymo LLC v. Uber Technologies, Inc., et al.*, Case no. 17-cv-00939-WHA (JSC)

Dear Magistrate Judge Corley:

      Non-party Richard Jacobs respectfully seeks reconsideration of this Court's apparent ruling that Mr. Jacobs sit for nine hours of recorded deposition. Counsel for Mr. Jacobs was given no notice of or opportunity to be heard on this matter, and requests a telephonic hearing prior to Mr. Jacobs' scheduled deposition on December 20, 2017, if the Court deems appropriate. For the reasons described below, Mr. Jacobs objects that any deposition of him exceed the seven hours permitted by Federal Rule of Civil Procedure 30(d)(1).

*Background*

      Mr. Jacobs resigned from Uber on April 14, 2017, based in part on his views that Uber's security team was engaged in unethical and potentially illegal activity. During a subsequent employment dispute with Uber, on May 5, 2017, Mr. Jacobs' lawyers, Clay Halunen, sent a demand letter to Uber's Associate General Counsel, Angela Padilla, that contained allegations concerning Uber's conduct (the "Halunen Letter"). Much of that letter does not relate to the dispute between Waymo and Uber, but instead focuses on Uber's security team's conduct abroad. In August 2017, Uber and Mr. Jacobs reached a settlement with respect to his employment claims. Part of that settlement requires Mr. Jacobs to cooperate with any internal or external investigation by Uber or any governmental authority.

      In November 2017, Mr. Jacobs voluntarily met with representatives from the United

State's Attorney's Office and the Department of Justice regarding their respective investigations of Uber. This meeting lasted all day. Without notice to Mr. Jacobs or his counsel, on November 22, 2017, the United States Attorney's Office for the Northern District of California notified Judge Alsup that Mr. Jacobs provided information to its office regarding Uber's use of "non-attributable electronic devices to store and transmit information that they wished to separate from Uber's official systems," and had information concerning a presentation describing a "hypothetical scenario" involving meetings between two CEO's that Mr. Jacobs believed concerned meetings between Travis Kalanick and Anthony Levandowski. *See* Dkt. No. 2383.

In response to this filing, on November 23, 2017 (Thanksgiving Day), Judge Alsup ordered Mr. Jacobs to appear in Court on November 28, 2017, to testify regarding the contents of the Halunen Letter. Dkt. No. 2261. Given the holiday, Mr. Jacobs and his counsel did not receive notice of this order until November 26.

With less than 48 hours' notice, Mr. Jacobs flew from Seattle to San Francisco, and testified for approximately two-and-a-half hours (from 8:20-10:50) at the November 28, 2017 pretrial conference. Waymo's counsel, Mr. Verhoeven, examined Mr. Jacobs for a majority of that time, while Uber's counsel conducted a brief cross-examination.

Today counsel for Waymo sent counsel for Mr. Jacobs email correspondence between the Special Master John Cooper and the parties in which Mr. Cooper informed the parties that this Court ruled that "the Jacobs deposition will be taken over one or two days for a total of nine hours of which Waymo will have seven hours and Uber will have two hours to question him." Counsel for Mr. Jacobs was not given notice of or given an opportunity to be heard before this ruling was made.

***Mr. Jacobs' December 20, 2017 Deposition Should be Limited to Seven Hours***

Mr. Jacobs is not a party to this action, and as shown above, has gone above and beyond to satisfy the Court's prior order requiring his testimony in this matter. That testimony made clear that he has little direct knowledge concerning the Uber/Otto acquisition or Uber's alleged theft of trade secrets. *See, e.g.*, Nov. 28, 2017 TR 29:8-9 ("I can't recall firsthand knowledge of the acquisition of trade secrets."); TR 52:3-15 (Mr. Jacobs testified he does not have information that "Uber used the M.A. team to steal trade secrets at least from Waymo in the United States."); TR 58-23-25 ("Q: What were you aware of with respect to Uber's use of the M.A. team to steal trade secrets from Waymo? A: Nothing.") Mr. Jacobs does have information about Uber's use of ephemeral communications, non-attributable devices, and the attorney-client designation on documents, and has already testified on this point under oath for over two hours.

As a non-party, Mr. Jacobs has already endured a tremendous burden being pulled into this case without notice and without wrongdoing. In addition to the interruption in his life and the stress of testifying without preparation in front of a room full of reporters and lawyers, Mr. Jacobs continues to incur legal fees responding to the parties' various discovery requests. He has

agreed to come to San Francisco for his December 20, 2017 deposition, in the middle of the holiday season. His travel plans require that deposition to end by 5:00 pm.

      Given the burden and expense related to Mr. Jacobs' deposition, the limited information that Mr. Jacobs has relevant to this case, as well as the testimony Mr. Jacobs has already given under oath, Mr. Jacobs respectfully request that his deposition be restricted to the seven-hour limit imposed by Rule 30(d)(1). Mr. Jacobs proposes that Waymo be permitted five hours of examination and Uber be permitted two hours. If Uber does not use the full two hours, Waymo may use any remaining time, to the extent it has additional questions for Mr. Jacobs at that point.

      Very truly yours,

      Martha Boersch