MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzález@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Tel:  415.268.7000 / Fax:  415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C.  20005
Tel:  202.237.2727 / Fax:  202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel:  212.336.8330 / Fax:  212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>       v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S FURTHER RESPONSE REGARDING UNJUST ENRICHMENT**<br><br>Trial Date: February 5, 2018 |

Defendants Uber Technologies, Inc. and Ottomotto LLC ("Uber") respectfully submit the following response to the Court's December 15, 2017 Order (Dkt. 2404), which asks:

> *"Do both sides agree that acquisition alone can be enough to support an unjust enrichment award under both CUTSA and DTSA? The Court had understood that Waymo's unjust enrichment theory in our case depended on use or disclosure. Has Waymo preserved an unjust enrichment theory based on acquisition alone?"*

While Uber agrees that the statutory text of the CUTSA and DTSA does not expressly preclude an unjust enrichment award based on acquisition alone, no case has ever granted such an award, and Uber cannot envision any scenario in which acquisition alone would be legally sufficient to support such an award.  To succeed on any unjust enrichment damages theory based on acquisition alone, a party would have to show an enrichment of some type and prove that such enrichment was proximately caused by acquisition alone.  *See* Cal. Civ. Code § 3426.3(a) ("A complainant also may recover for the unjust enrichment <u>caused</u> by misappropriation that is not taken into account in computing damages for actual loss.") (emphasis added); 18 U.S.C. § 1836(b)(3)(B)(i) (limiting recovery to "damages for any unjust enrichment <u>caused</u> by the misappropriation of the trade secret that is not addressed in computing damages for actual loss") (emphasis added).  Unlike with actual loss, it is not possible to envision a scenario where unjust enrichment would be caused by mere acquisition without any type of use or disclosure.

In any event, the Court need not decide whether there is a theoretical possibility that some plaintiff under a different set of facts might be able to prove unjust enrichment based solely on acquisition, because Waymo clearly cannot.  Waymo's unjust enrichment theory in this case has always been premised on use (including future use).  Waymo has never disclosed even a general unjust enrichment theory based solely on acquisition, let alone any type of computation.  The jury should not be instructed on a theory that no evidence supports and which was not properly preserved.  *See* CACI 4401, Misappropriation of Trade Secrets—Essential Factual Elements, Directions for Use ("To avoid confusion, instruct the jury only on the particular theory of misappropriation applicable under the facts of the case. For example, the jury should not be instructed on misappropriation through 'use' if the plaintiff does not assert that the defendant improperly used the trade secrets.  Nor should the jury be instructed on a particular type of 'use'

if that type of 'use' is not asserted and supported by the evidence.").

### A. Waymo's Initial Disclosures Fail to Preserve Acquisition Damages Theory

To have preserved an unjust enrichment theory based on acquisition alone, Waymo was required to have disclosed "a computation" of those damages. Fed. R. Civ. P. 26(a)(1)(A)(iii); *see also Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*, No. C 12-01669 WHA, 2012 WL 5504036, at *1-2 (N.D. Cal. Nov. 13, 2012); *Easton v. Asplundh Tree Experts, Co.*, No. C16-1694, 2017 WL 5483769, at *4 (W.D. Wash. Nov. 15, 2017) (excluding damages evidence for violating Rule 26 because "making certain documents available and promising that someone (in this case Plaintiff) will testify regarding damages is not a 'computation' and fails to apprise Defendant of the extent of its exposure in this case"); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179-80 (9th Cir. 2008) (affirming preclusion of evidence of undisclosed damages where plaintiff failed to provide a Rule 26 computation: "Finally, we reject the notion that the district court was required to make a finding of willfulness or bad faith to exclude the damages evidence. To the contrary, the portion of Rule 37 relied on by the district court has been described as 'a self-executing, automatic sanction to provide a strong inducement for disclosure of material.'") (citation omitted).

To this day, Waymo has not disclosed even a general theory of unjust-enrichment-by-acquisition, let alone a computation of such enrichment. Waymo served its initial disclosures on April 3, 2017, supplemented on June 21, 2017, and then served a "corrected" disclosure on June 22, 2017. This is the entirety of Waymo's final Rule 26 damages disclosure:

> Waymo believes it has suffered and is suffering irreparable harm as a result of Defendants' trade secret misappropriation and patent infringement. In addition, Waymo believes it is entitled to damages for Defendants' trade secret misappropriation, as well as Defendants' patent infringement, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty. In connection with these calculations, Waymo may rely on its estimates of future profits and cash flows; its assessments and projections regarding the relevant markets, competition therein, and its competitive position; and its investment in LiDAR technology (in time, capital, engineering costs, and other expenditures). Waymo also expects to rely on materials that are being or will be produced by Uber and third parties.

Waymo further seeks a judgment that this case is exceptional and an award of

> Waymo's costs and reasonable attorneys' fees. Waymo also seeks an accounting of all sales and revenues, together with pre-judgment and post-judgment interest. Waymo further seeks enhanced damages for Defendants' willful and malicious conduct in misappropriating Waymo's trade secrets, punitive damages, ***and other relief including but not limited to disgorgement of profits from unjust enrichment***. Waymo seeks any other relief available under applicable law. It would be premature to estimate the amount of damages at this time.

Dkt. 797-3 at 19-20 (emphasis added).

Waymo's generalized request for a "disgorgement of profits from unjust enrichment" is both (i) plainly inadequate to disclose and preserve a claim of unjust enrichment based on acquisition alone and (ii) inconsistent with an acquisition-based claim, since autonomous vehicle profits would necessarily be based on actual use of the trade secrets.

**B. Waymo's Interrogatory Responses Fail to Preserve Acquisition Damages Theory**

Uber also served a damages interrogatory asking Waymo to "describe in the detail the complete basis for any damages You contend You have suffered or will suffer." Dkt. 2252-4 at 4. Waymo responded on July 17, supplemented on August 10, and supplemented again on August 24. None of these interrogatory responses disclose an unjust enrichment damages theory based on acquisition alone, describe acts upon which such a theory could be based, or provide any computation of such enrichment. *See, e.g., id.* at 4-22, 32-46, 53-68. To the contrary, the responses make clear that Waymo is seeking unjust enrichment based on use. *See id.* at 56 ("Another measure of unjust enrichment to Defendants is the expected cost savings to Defendants from using Waymo's trade secrets in Uber's LiDAR systems.") (emphasis added); *id.* at 57 ("Another measure of unjust enrichment to Defendants is the expected cost savings due to reduced development expenses from using Waymo's trade secrets in Uber's LiDAR systems.") (emphasis added); *id.* at 60 ("Waymo suspects that a substantial portion of the unjust enrichment would be attributable to the most valuable trade secrets. Since Uber and Waymo are racing to commercialize autonomous vehicles, accelerating the development timeline was important to Uber. [] Thus, Waymo presumes that Defendants made use of the most important and most valuable trade secrets first.") (emphasis added).

### C. Waymo's Damages Expert Confirmed No Acquisition Damages Theory

Waymo's damages expert, Michael Wagner, confirmed both in his report and at his deposition that Waymo is not seeking unjust enrichment damages based on acquisition alone. Both his opening and reply reports made no mention of any unjust enrichment by acquisition, and his unjust enrichment theory was premised on use (including future use) of the trade secrets.

As Mr. Wagner confirmed at his deposition, all of his damages theories would no longer be applicable if Uber jettisoned its Fuji project (i.e., if Uber did not use the trade secrets):

> Q   [] And if Uber does, in fact, does not go to market with the Fuji LiDAR, your opinion is they are not applicable, right?
>
> MR. EISEMAN:   Objection as to form.
>
> A   Incomplete hypothetical. <u>If they then do something else that has no use of the trade secrets, the answer would be yes.</u>
>
> Q   (BY MR. BERRY) <u>For example, if Uber were to go back to -- and use Velodyne and go to market with Velodyne LiDAR, there would be no damages, right?</u>
>
> MR. EISEMAN:   Objection as to form.
>
> A   <u>Again, as a damage expert, that would be my opinion, if you asked me.</u>

*See* Dkt. 1786-3 (Wagner Dep.) at 143:6-19 (emphasis added). Mr. Wagner's confirmation that there would be no damages if Uber were to use Velodyne demonstrates that Waymo is not seeking unjust enrichment damages based on acquisition alone.

***

In short, Waymo has not preserved an unjust enrichment theory based on acquisition alone, and its damages expert confirmed that Waymo's unjust enrichment theories are not premised on acquisition alone.

Dated: December 18, 2017

MORRISON & FOERSTER LLP
BOIES SCHILLER FLEXNER LLP
SUSMAN GODFREY LLP

By: /s/ William Christopher Carmody
WILLIAM CHRISTOPHER CARMODY

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and
OTTOMOTTO LLC

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Further Response Re Unjust Enrichment. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that William Christopher Carmody has concurred in this filing.

Dated: December 18, 2017

/s/ *Arturo J. González*
ARTURO J. GONZÁLEZ