UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-00939-WHA  (JSC)<br><br>**ORDER REGARDING DISCOVERY DISPUTES** |

The district court granted Waymo supplemental discovery "to get to the bottom of new evidence that has come to light" as a result of the so-called Jacobs letter. (Dkt. No. 2315.) The district court also ruled that Uber is entitled to discovery of Waymo's use of ephemeral communications. (Dkt. No. 2342 at 11-12.) In particular, the district court ruled that because Waymo is "trying to blame [Uber] for ephemeral" communications, Uber gets "to show that [Waymo] do[es] it just as badly as they do it." (*Id.* at 12.)

The Special Master has forwarded to the Court letter briefs from the parties regarding outstanding discovery requests related to the additional ordered discovery. Upon review, the Court rules as set forth below.

**Uber's Requests**

1.  Waymo/Google shall produce all documents that show its disclosure of its use of "Off the Record" in any other litigation during 2017, if any such documents exist. If they do not exist, then Waymo shall represent in writing in an admissible form that no such documents exist.

2.  As Google sells "Off the Record" capability to companies throughout the world, Waymo shall produce documents sufficient to show the marketing materials used by Google to discuss the benefits of the "Off the Record" feature to delete or not preserve chats.

3. Waymo shall also produce all Google pleadings filed in litigation during the past two years which discuss the "Off the Record" feature.

Waymo shall produce all of these documents/responses by December 22, 2017—the close of discovery.

**Waymo's Requests**

1, Uber shall produce a fully complaint privilege log for documents that Uber is withholding that involve communications with Ms. Padilla (as an author, recipient, or copied) and discuss the Jacobs letters, any investigations being done as a result of Mr. Jacobs' accusations, and the settlement with Mr. Jacobs. The log shall be produced by 5:00 p.m. on December 21, 2017.

2. Waymo may take Ms. Padilla's further deposition for up to four hours.

3. Uber shall produce the Jacobs documents described in Waymo's letter in category "3." These documents are relevant to the veracity of Mr. Jacobs' allegations. Uber shall produce these documents by December 22, 2017.

4. The Court declines to find that Uber has waived the attorney-client privilege with respect to the 60 newly logged documents given the expedited time frame it has had to respond to Waymo's discovery requests. Having reviewed the highlighted privilege log, the Court is not concerned that any of the logged documents has been improperly withheld; indeed, Waymo does not point to anything that suggests these documents are not privileged.

\*\*\*

The parties shall file their letter briefs on the public docket on or before 5:00 p.m. today.

**IT IS SO ORDERED.**

Dated: December 20, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2