# EXHIBIT 3

# FILED UNDER SEAL

| | |
|---|---|
| **From:** | James Judah |
| **Sent:** | Friday, September 22, 2017 11:39 PM |
| **To:** | dbrownstein@fbj-law.com; Kathleen Hartnett; Chang, Esther Kim; Gonzalez, Arturo J.; David Perlson; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; Susman Godfrey; jpatchen@taylorpatchen.com; Cheryl Cauley (ccauley@taylorpatchen.com); Amy Craig (amy@ramsey-ehrlich.com); Isamil ("Izzy") Ramsey (izzy@ramsey-ehrlich.com); Miles Ehrlich (miles@ramsey-ehrlich.com); Anne Fokstuen; Jason Bartlett |
| **Cc:** | QE-Waymo; 'John Cooper'; 'MCate@fbm.com' |
| **Subject:** | RE: Waymo v Uber - Request for Depositions and Confirmation of Dates Today |

Counsel –

Following up on the meet and confer regarding the native images of the Diligenced Employees' devices:

We are discussing issues related to digital forensic review with our forensic consultants, and will follow up separately regarding that proposed protocol.

Here is Waymo's proposed protocol for content review, which Waymo believes is more than reasonable accommodation to any privilege or privacy concerns. Waymo provides counsel for the Diligenced Employees reasonable notice of content inspections of native versions of their client's devices, taking into account good faith black-out dates provided in advance. Counsel for the Diligenced Employees are invited to attend the inspections and monitor what content is being accessed on the natives. If content is accessed that they believe implicates privilege or privacy concerns, then they will direct the reviewer away from that content, and the reviewer will not access that content any further pending the resolution of disputes (if any) with the Special Master.

Please let us know if you agree to this proposed protocol for content review, or whether Waymo should include your client in its motion to compel.

James

---

**From:** James Judah
**Sent:** Friday, September 22, 2017 4:29 PM
**To:** dbrownstein@fbj-law.com; Kathleen Hartnett <khartnett@BSFLLP.com>; Chang, Esther Kim <echang@mofo.com>; Gonzalez, Arturo J. <AGonzalez@mofo.com>; David Perlson <davidperlson@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; Susman Godfrey <IMCEAEX-_O=FIRMMAIL_OU=First+20Administrative+20Group_cn=Recipients_cn=SusmanGodfrey@BSFLLP.com>; jpatchen@taylorpatchen.com; Cheryl Cauley (ccauley@taylorpatchen.com) <ccauley@taylorpatchen.com>; Amy Craig (amy@ramsey-ehrlich.com) <amy@ramsey-ehrlich.com>; Isamil ("Izzy") Ramsey (izzy@ramsey-ehrlich.com) <izzy@ramsey-ehrlich.com>; Miles Ehrlich (miles@ramsey-ehrlich.com) <miles@ramsey-ehrlich.com>; Anne Fokstuen <af@annefokstuen.com>; Jason Bartlett <jbartlett@mkwllp.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; 'John Cooper' <JCooper@fbm.com>; 'MCate@fbm.com' <MCate@fbm.com>
**Subject:** RE: Waymo v Uber - Request for Depositions and Confirmation of Dates Today

To be clear, these images are ready for inspection, so we need an answer on this as soon as possible.

1

**From:** James Judah
**Sent:** Friday, September 22, 2017 4:28 PM
**To:** dbrownstein@fbj-law.com; Kathleen Hartnett <khartnett@BSFLLP.com>; Chang, Esther Kim <echang@mofo.com>; Gonzalez, Arturo J. <AGonzalez@mofo.com>; David Perlson <davidperlson@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; Susman Godfrey <IMCEAEX-_O=FIRMMAIL_OU=First+20Administrative+20Group_cn=Recipients_cn=SusmanGodfrey@BSFLLP.com>; jpatchen@taylorpatchen.com; Cheryl Cauley (ccauley@taylorpatchen.com) <ccauley@taylorpatchen.com>; Amy Craig (amy@ramsey-ehrlich.com) <amy@ramsey-ehrlich.com>; Isamil ("Izzy") Ramsey (izzy@ramsey-ehrlich.com) <izzy@ramsey-ehrlich.com>; Miles Ehrlich (miles@ramsey-ehrlich.com) <miles@ramsey-ehrlich.com>; Anne Fokstuen <af@annefokstuen.com>; Jason Bartlett <jbartlett@mkwllp.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; 'John Cooper' <JCooper@fbm.com>; 'MCate@fbm.com' <MCate@fbm.com>
**Subject:** RE: Waymo v Uber - Request for Depositions and Confirmation of Dates Today

Call in number is 888 759 6039 access 415 954 4410.

**From:** dbrownstein@fbj-law.com [mailto:dbrownstein@fbj-law.com]
**Sent:** Friday, September 22, 2017 4:28 PM
**To:** James Judah <jamesjudah@quinnemanuel.com>; Kathleen Hartnett <khartnett@BSFLLP.com>; Chang, Esther Kim <echang@mofo.com>; Gonzalez, Arturo J. <AGonzalez@mofo.com>; David Perlson <davidperlson@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; Susman Godfrey <IMCEAEX-_O=FIRMMAIL_OU=First+20Administrative+20Group_cn=Recipients_cn=SusmanGodfrey@BSFLLP.com>; jpatchen@taylorpatchen.com; Cheryl Cauley (ccauley@taylorpatchen.com) <ccauley@taylorpatchen.com>; Amy Craig (amy@ramsey-ehrlich.com) <amy@ramsey-ehrlich.com>; Isamil ("Izzy") Ramsey (izzy@ramsey-ehrlich.com) <izzy@ramsey-ehrlich.com>; Miles Ehrlich (miles@ramsey-ehrlich.com) <miles@ramsey-ehrlich.com>; Anne Fokstuen <af@annefokstuen.com>; Jason Bartlett <jbartlett@mkwllp.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; 'John Cooper' <JCooper@fbm.com>; 'MCate@fbm.com' <MCate@fbm.com>
**Subject:** RE: Waymo v Uber - Request for Depositions and Confirmation of Dates Today

Yes, what is the dial-in?

## David Brownstein



235 Montgomery Street, Suite 835
San Francisco, CA 94104-2733
Office: 415.962.2873 (direct line)
Mobile: 415.385.2362
email: dbrownstein@fbj-law.com
website: www.fbj-law.com

**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Friday, September 22, 2017 4:26 PM
**To:** dbrownstein@fbj-law.com; Kathleen Hartnett <khartnett@BSFLLP.com>; Chang, Esther Kim <echang@mofo.com>; Gonzalez, Arturo J. <AGonzalez@mofo.com>; David Perlson <davidperlson@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; Susman Godfrey <IMCEAEX-_O=FIRMMAIL_OU=First+20Administrative+20Group_cn=Recipients_cn=SusmanGodfrey@BSFLLP.com>; jpatchen@taylorpatchen.com; Cheryl Cauley (ccauley@taylorpatchen.com) <ccauley@taylorpatchen.com>; Amy Craig (amy@ramsey-ehrlich.com) <amy@ramsey-ehrlich.com>; Isamil ("Izzy") Ramsey (izzy@ramsey-ehrlich.com) <izzy@ramsey-ehrlich.com>; Miles Ehrlich (miles@ramsey-ehrlich.com) <miles@ramsey-ehrlich.com>; Anne Fokstuen <af@annefokstuen.com>; Jason Bartlett <jbartlett@mkwllp.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; 'John Cooper' <JCooper@fbm.com>; 'MCate@fbm.com' <MCate@fbm.com>
**Subject:** RE: Waymo v Uber - Request for Depositions and Confirmation of Dates Today

David –

We are discussing this issue now on the call with the Special Master. Can you please dial in?

James

**From:** dbrownstein@fbj-law.com [mailto:dbrownstein@fbj-law.com]
**Sent:** Friday, September 22, 2017 4:06 PM
**To:** Kathleen Hartnett <khartnett@BSFLLP.com>; James Judah <jamesjudah@quinnemanuel.com>; Chang, Esther Kim <echang@mofo.com>; Gonzalez, Arturo J. <AGonzalez@mofo.com>; David Perlson <davidperlson@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; Susman Godfrey <IMCEAEX-_O=FIRMMAIL_OU=First+20Administrative+20Group_cn=Recipients_cn=SusmanGodfrey@BSFLLP.com>; jpatchen@taylorpatchen.com; Cheryl Cauley (ccauley@taylorpatchen.com) <ccauley@taylorpatchen.com>; Amy Craig (amy@ramsey-ehrlich.com) <amy@ramsey-ehrlich.com>; Isamil ("Izzy") Ramsey (izzy@ramsey-ehrlich.com) <izzy@ramsey-ehrlich.com>; Miles Ehrlich (miles@ramsey-ehrlich.com) <miles@ramsey-ehrlich.com>; Anne Fokstuen <af@annefokstuen.com>; Jason Bartlett <jbartlett@mkwllp.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; 'John Cooper' <JCooper@fbm.com>; 'MCate@fbm.com' <MCate@fbm.com>
**Subject:** RE: Waymo v Uber - Request for Depositions and Confirmation of Dates Today

James:

Does your proposal include any way to respect the privacy exclusions that Magistrate Corley has permitted the diligenced employees to make? We'd like to know how you propose to handle that before we can respond to your message below about the native images of Colin Sebern's devices.

Best,

David

David Brownstein



235 Montgomery Street, Suite 835
San Francisco, CA 94104-2733
Office: 415.962.2873 (direct line)
Mobile: 415.385.2362
email: dbrownstein@fbj-law.com
website: www.fbj-law.com

---

**From:** Kathleen Hartnett [mailto:khartnett@BSFLLP.com]
**Sent:** Friday, September 22, 2017 3:31 PM
**To:** James Judah <jamesjudah@quinnemanuel.com>; Chang, Esther Kim <echang@mofo.com>; Gonzalez, Arturo J. <AGonzalez@mofo.com>; David Perlson <davidperlson@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; Susman Godfrey <IMCEAEX-_O=FIRMMAIL_OU=First+20Administrative+20Group_cn=Recipients_cn=SusmanGodfrey@BSFLLP.com>; jpatchen@taylorpatchen.com; Cheryl Cauley (ccauley@taylorpatchen.com) <ccauley@taylorpatchen.com>; Amy Craig (amy@ramsey-ehrlich.com) <amy@ramsey-ehrlich.com>; Isamil ("Izzy") Ramsey (izzy@ramsey-ehrlich.com) <izzy@ramsey-ehrlich.com>; Miles Ehrlich (miles@ramsey-ehrlich.com) <miles@ramsey-ehrlich.com>; Anne Fokstuen <af@annefokstuen.com>; dbrownstein@fbj-law.com; Jason Bartlett <jbartlett@mkwllp.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; 'John Cooper' <JCooper@fbm.com>; 'MCate@fbm.com' <MCate@fbm.com>
**Subject:** RE: Waymo v Uber - Request for Depositions and Confirmation of Dates Today

Adding counsel for Soren Juelsgaard, Colin Sebern and Don Burnette.

---

**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Friday, September 22, 2017 3:26 PM
**To:** Chang, Esther Kim; Gonzalez, Arturo J.; David Perlson; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; Susman Godfrey (uber-sg@lists.susmangodfrey.com); jpatchen@taylorpatchen.com; Cheryl Cauley (ccauley@taylorpatchen.com); Amy Craig (amy@ramsey-ehrlich.com); Isamil ("Izzy") Ramsey (izzy@ramsey-ehrlich.com); Miles Ehrlich (miles@ramsey-ehrlich.com)
**Cc:** QE-Waymo; 'John Cooper'; 'MCate@fbm.com'
**Subject:** RE: Waymo v Uber - Request for Depositions and Confirmation of Dates Today

Counsel and John –

We'd also like to discuss the native images at Stroz – both those of the previously imaged devices and those of the never-before-imaged devices – that we understand are ready to be inspected. To the extent any party or Diligenced Employee objects to Waymo's immediate inspection of the forensic images of those devices, we request a briefing schedule so that Judge Corley can decide on Wednesday.

Best,
James

---

**From:** James Judah
**Sent:** Friday, September 22, 2017 3:12 PM
**To:** Chang, Esther Kim <echang@mofo.com>; Gonzalez, Arturo J. <AGonzalez@mofo.com>; David Perlson

<davidperlson@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; Susman Godfrey (uber-sg@lists.susmangodfrey.com) <Uber-sg@LISTS.SUSMANGODFREY.COM>; jpatchen@taylorpatchen.com; Cheryl Cauley (ccauley@taylorpatchen.com) <ccauley@taylorpatchen.com>; Amy Craig (amy@ramsey-ehrlich.com) <amy@ramsey-ehrlich.com>; Isamil ("Izzy") Ramsey (izzy@ramsey-ehrlich.com) <izzy@ramsey-ehrlich.com>; Miles Ehrlich (miles@ramsey-ehrlich.com) <miles@ramsey-ehrlich.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; 'John Cooper' <JCooper@fbm.com>; 'MCate@fbm.com' <MCate@fbm.com>
**Subject:** RE: Waymo v Uber - Request for Depositions and Confirmation of Dates Today

Counsel and John –

Here's an update on outstanding discovery. We would like to discuss on the 4 PM meet and confer.

Additional Interrogatories

Waymo still has three interrogatories reserved. Given the volume and relevance of the newly produced documents, Waymo requests an additional five interrogatories for a total of eight. Also, given the urgency of completing discovery to prepare for an October 10 trial date, Waymo requests expedited response times of seven days instead of thirty. Please confirm that Defendants agree to the additional interrogatories and the expedited responses.

Additional Rule 30(b)(6) designees

Uber and Ottomotto:
Topic No. 3 ("UBER's or OTTOMOTTO'S efforts to prevent LEVANDOWSKI from using or referring to any MISAPPROPRIATED MATERIALS, including but not limited to efforts to prevent LEVANDOWSKI from using personal devices to access UBER or OTTOMOTTO servers and networks.")
Topic No. 7 ("The Stroz due diligence investigation, including its origins and any affect the results of the investigation may have had on UBER'S acquisition of OTTOMOTTO.")

Additional Depositions

We requests the following additional depositions. Before we propose dates, please confirm that these (party) witnesses will be made available before October 3.

Christian Lymn
Salle Yoo
Alisa Baker
Andrew Glickman
Eric Amdursky

Agreed-Upon Depositions

We agree to the dates and time of the witnesses provided in Esther's September 21 email, with two exceptions.

Adam Bentley was designated by all three defendants on a total of more than ten Rule 30(b)(6) topics, and his personal deposition was barely two hours long. Waymo needs at least 4 hours on the record for this continued individual deposition.

Travis Kalanick is a central witness, whose text messages and January 3 whiteboard meeting (among other highly relevant documents) were withheld until after his deposition. Waymo needs at least 4 hours on the record for this continued deposition.

Depositions That Uber is Refusing to Provide

As requested, here are explanations for the depositions Max Levandowski, Dan Ratner, Dan Gruver, Asheem Linaval, and Salle Yoo. We note that the below is by no means exhaustive, and Waymo's review of literally hundreds of thousands of newly produced documents is ongoing, but what we provide below demonstrates highly relevant issues that these witnesses possess knowledge about that Waymo – through no fault of its own – was denied during the discovery period.

**Max Levandowski, Dan Ratner, Dan Gruver, Asheem Linaval**
As the Court has previously ruled, "Assets on the table during the Otto acquisition are relevant to Waymo's theory that Otto's price tag could not have been justified without misappropriated trade secrets in the bargain (*see* Dkt. Nos. 682 at 5, 971 at 2)." (Dkt. 1188.) Key assets on the table included the mid-range and long-range laser designs that Otto disclosed to Uber as part of the diligence process. Waymo attempted to obtain discovery on these designs and Uber's knowledge of them before April 11, 2016 during the discovery period, but witnesses either pled ignorance, were instructed not to answer on grounds of privilege, or both. (*See, e.g.*, John Bares Deposition Tr. at 366:19-374:7.) Yet the results of that purported IP diligence review was reported to the Board by Travis Kalanick as part of the April 12 presentation that approved the deal. (*See* UBER00109871 ("Pre-Signing Due Diligence" / "Outside counsel performed patent diligence on Ottomotto's medium-range and long-range laser concept … Based on our review of facts, Uber decided to move forward with signing of the Put Call Agreement").) It was not until just days ago that Uber finally produced the crucial documents showing the laser concepts disclosed by Ottomotto in the diligence period.
In response to Uber's "Questions for Understanding Overall Product Concepts" for "Long range laser," Ottomotto provided a three page response that discloses a fiber laser concept purportedly invented by "Max Levandowski, Dan Gruver, Anthony Levandowski, and Dan Ratner" that was first conceived in "[a]pproximately February 2010." (UBER00323660.) Mr. Levandowski, Mr. Gruver, and Mr. Ratner were all Google and/or 510 Systems employees at that time, as Uber well knew. And Max Levandowski was supposedly obtaining an architecture degree in Brussels in February 2010. This document and the specific laser design it discusses is obviously extremely relevant, but Waymo was denied the opportunity to examine any witness about it – let alone the four purported inventors.
Similarly, in response to Uber's "Questions for Understanding Overall Product Concepts" for "Medium range laser," Ottomotto provided a four page response that discloses a diode laser concept purportedly invented by "Dan Gruver, Max Levandowski, Asheem Linaval, and Anthony Levandowski" in "[s]ome time in early 2014 or late 2013." (UBER00323120.) Mr. Gruver and Mr. Levandowski were both Google employees at that time. Max Levandowski worked for Nautilus Group, and Mr. Linaval was being contracted out by Anthony Levandowski to his other LiDAR company, Odin Wave/Tyto. This withheld document even discloses to Uber that "Google has developed a similar sensor[.]" But Waymo was prevented from deposing any of these witnesses about the document or the laser concept as a result of Uber's bogus privilege assertions.

**Salle Yoo**
Documents previously withheld by Uber, and only produced earlier this week, show that Salle Yoo was heavily involved in the Stroz due diligence process, including discussions directly with Stroz and with John Gardner, Mr. Levandowski's personal counsel. For example, MoFo partner Eric Tate emailed Ms. Yoo on April 9, subject "RE: April 8, 2016 Stroz Diligence Update (A/C Privilege) – Gardner refusing to allow the follow-up questions you requested" because "You had indicated that you wanted to know if Gardner was being a problem again." (UBER00320112.) The next day, Mr. Gardner emailed Cameron Poetzscher and Mr. Tate that "Cam, if you and Salle are available let's just call Mary [Fulginiti of Stroz] and get her on the phone." (UBER00315509.) Mr. Poetzscher responded, "OK. Let me see if Salle is available," and Mr. Gardner then replied, "She responded and will pick up now." (*Id.*) Other documents produced this week show that Ms. Yoo received copies of the diligence questionnaire (UBER00324346) and the draft Levandowski interview memorandum (UBER00324350; UBER00322292), and was kept updated on the status of the Shred Works investigation (UBER00315458; UBER00319670).

As another example, an email that was ordered produced on September 11 but withheld until yesterday (UBER00324612) from Angela Padilla to Anthony Levandowski, cc-ing Ms. Yoo, shows her participation in communications over Mr. Levandowski's purported non-cooperation with Uber. In that email, Ms. Padilla wrote that "I understand that there are two laptop computers in your possession that you've used for Uber work that have not yet been provided to us for inspection in the Waymo litigation … It is essential for our lawyers to identify and retrieve any Uber business records or electronic media that belong to the company and that have potential relevance to the litigation." Mr. Levandowski apparently refused to cooperate with this request, yet remained in full control of Uber' self-driving car program (including LiDAR) for more than a week, was working with Uber's lawyers on litigation strategy for at least another two weeks (see, e.g., UBER00065191, calendar invite to Mr. Levandowski and in-side and outside counsel regarding "Alsup's order, 10 questions") and was not fired for over a month. In turn, the newly produced April 20 email sheds further light on earlier produced documents, such as the May 15 letter requesting Mr. Levandowski's cooperation with PI Compliance (Dkt. 466-2) and the May 26 letter firing Mr. Levandowski (Dkt. 519-2) – both of which were signed by Ms. Yoo herself.

James

**From:** Chang, Esther Kim [mailto:echang@mofo.com]
**Sent:** Thursday, September 21, 2017 7:50 PM
**To:** Gonzalez, Arturo J. <AGonzalez@mofo.com>; James Judah <jamesjudah@quinnemanuel.com>; David Perlson <davidperlson@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; Susman Godfrey (uber-sg@lists.susmangodfrey.com) <Uber-sg@LISTS.SUSMANGODFREY.COM>; jpatchen@taylorpatchen.com; Cheryl Cauley (ccauley@taylorpatchen.com) <ccauley@taylorpatchen.com>; Amy Craig (amy@ramsey-ehrlich.com) <amy@ramsey-ehrlich.com>; Isamil ("Izzy") Ramsey (izzy@ramsey-ehrlich.com) <izzy@ramsey-ehrlich.com>; Miles Ehrlich (miles@ramsey-ehrlich.com) <miles@ramsey-ehrlich.com>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; 'John Cooper' <JCooper@fbm.com>; 'MCate@fbm.com' <MCate@fbm.com>
**Subject:** RE: Waymo v Uber - Request for Depositions and Confirmation of Dates Today

James,

Further to Arturo's email, we confirm the below requested dates. For witnesses for which Waymo kept the previous deposition open and reserved time, we note the time remaining on the record. Please note that we ask that Don Burnette's deposition on Monday 10/2 begin at 1 pm.

| Witness | Deposition Date | Time Remaining |
|---|---|---|
| Rudy Kim | Tuesday, September 26, 2017 | |
| Adam Bentley (Reserved time) | Wednesday, September 27, 2017 | 0:13 |
| Justin Suhr | Wednesday, September 27, 2017 | |
| Eric Friedberg | Thursday, September 28, 2017 | |
| Eric Tate | Friday, September 29, 2017 | |
| Angela Padilla | Monday, October 02, 2017 | |
| Don Burnette (Reserved time) | Monday, October 02, 2017, **at 1 pm** | 3:53 |
| Lior Ron | Monday, October 02, 2017 | |
| Travis Kalanick (Reserved time) | Monday, October 02, 2017 | 0:42 |

The individuals below were unavailable on the dates requested by Waymo. We offer the below dates. Please let us know tonight if Waymo will accept these dates. We similarly note the time remaining on the record for these individuals.

| Witness | Deposition Date | Time Remaining |
|---|---|---|
| Soren Juelsgaard (Reserved time) | Friday, September 29, 2017 | 3:46 |
| Cameron Poetzscher (Reserved time) | Friday, September 29, 2017 | 5:21 |
| Colin Sebern (Reserved time) | Monday, October 02, 2017 | 4:28 |
| Nina Qi (Reserved time) | Saturday, September 30, 2017 | 4:06 |

In addition, there was a typo in Arturo's email below, which I have corrected (see highlighted portion).

Esther
Tel: (415) 268-7562

---

**From:** Gonzalez, Arturo J.
**Sent:** Thursday, September 21, 2017 6:31 PM
**To:** James Judah; David Perlson; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; Susman Godfrey (uber-sg@lists.susmangodfrey.com); jpatchen@taylorpatchen.com
**Cc:** QE-Waymo; 'John Cooper'; 'MCate@fbm.com'
**Subject:** Waymo v Uber - Request for Depositions and Confirmation of Dates Today

James,

We will agree to produce Justin Suhr on Wednesday as requested.

Rhian's grandmother passed away and she will be out of the country from Saturday through October 3.

We will not agree to produce the other four. Gruver and Linaval were each deposed twice, Max has been deposed, and although Ratner was not deposed, he has come up repeatedly in deposition. I am told he was first referenced in deposition in April as someone who worked on LiDAR. We do not believe there is good cause to depose any of these individuals.

**ARTURO J. GONZÁLEZ**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7020
mofo.com | LinkedIn | Twitter

---

**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Thursday, September 21, 2017 4:51 PM
**To:** Gonzalez, Arturo J.; David Perlson; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; Susman Godfrey (uber-sg@lists.susmangodfrey.com); jpatchen@taylorpatchen.com
**Cc:** QE-Waymo; 'John Cooper'; 'MCate@fbm.com'
**Subject:** RE: Waymo v Uber - Request for Depositions and Confirmation of Dates Today

Arturo, see below:

Ratner, Gruver, Linaval, and M. Levandowski—They are listed as "inventors" of Ottomotto mid-range and long-range laser designs based on documents shared with MoFo/Stroz in March 2016, but previously withheld from us. See, for example, the attached.

Morgan—Our Motion to Continue shows the need for her additional deposition

Suhr—He was obviously quite involved in the due diligence process, as Uber itself contends, and as reflected in his May 8 declaration (Dkt. 378) and dozens of documents produced in response to the Federal Circuit's ruling. And he is on *Uber's* witness list but you never gave us any dates for his deposition.

While not the only bases for needing these depositions, above is certainly sufficient enough to justify them. Please confirm today you will provide these witnesses on the dates listed below.

James

---

**From:** Gonzalez, Arturo J. [mailto:AGonzalez@mofo.com]
**Sent:** Thursday, September 21, 2017 2:24 PM
**To:** David Perlson <davidperlson@quinnemanuel.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; Susman Godfrey (uber-sg@lists.susmangodfrey.com) <Uber-sg@LISTS.SUSMANGODFREY.COM>; jpatchen@taylorpatchen.com
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; 'John Cooper' <JCooper@fbm.com>; 'MCate@fbm.com' <MCate@fbm.com>
**Subject:** Waymo v Uber - Request for Depositions and Confirmation of Dates Today

David,

We write to confer regarding your list below. We understand that we will have to produce certain witnesses for deposition and that you had previously reserved time for some of these witnesses. However, there should be an offer of proof with respect to the new names that you added to your list. Specifically, please provide us with your basis for wanted to depose Ratner, Morgan, Suhr, Gruver, Linaval, and M. Levandowski. We will check on availability of the other Uber names on your list that we have not already confirmed.

**ARTURO J. GONZÁLEZ**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
P: +1 (415) 268-7020
mofo.com | LinkedIn | Twitter

---

**From:** David Perlson [mailto:davidperlson@quinnemanuel.com]
**Sent:** Thursday, September 21, 2017 1:15 PM
**To:** UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; DG-GP Otto Trucking Waymo; Susman Godfrey (uber-sg@lists.susmangodfrey.com); jpatchen@taylorpatchen.com
**Cc:** QE-Waymo; 'John Cooper'; 'MCate@fbm.com'
**Subject:** RE: Waymo v Uber - Request for Depositions and Confirmation of Dates Today

**- External Email -**

---

Jonathan, see below regarding Mr. Ron's deposition. We ask for confirmation of Mr. Ron's deposition in the same timeframe and with the same reservations as below.

David

**From:** David Perlson
**Sent:** Thursday, September 21, 2017 12:44 PM
**To:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit <BSF_EXTERNAL_UberWaymoLit@BSFLLP.com>; DG-GP Otto Trucking Waymo <DG-GPOttoTruckingWaymo@goodwinlaw.com>; Susman Godfrey (uber-sg@lists.susmangodfrey.com) <Uber-sg@LISTS.SUSMANGODFREY.COM>
**Cc:** QE-Waymo <qewaymo@quinnemanuel.com>; 'John Cooper' <JCooper@fbm.com>; 'MCate@fbm.com' <MCate@fbm.com>
**Subject:** Waymo v Uber - Request for Depositions and Confirmation of Dates Today

Counsel, given the Court's directive at the Court's hearing please confirm the following witnesses will be made available on the following dates by close of business today.  It is essential that we get prompt confirmation of these depositions, on the listed dates, given the schedule.  Obviously, these depositions will be taken without the full production and/or review of a massive number of documents and materials.  We reserve our right to seek (and will likely seek) further depositions of these deponents if new documents relevant documents or information comes to our attention and/or after we have had sufficient time to actually review and digest all these materials, which we will not be able to do in the next two weeks.  That said, we have set the dates these depositions in a manner to best utilize the massive amount of newly produced materials that continue to be reviewed so we ask these witnesses be  provided on these dates.  We will be contacting the third parties listed below in parallel as needed.  Please note that as we continue to review the materials we will likely be requesting further depositions beyond below.

| | |
|---|---|
| Juelsgaard | 9/26 |
| Ratner | 9/26 |
| Kim | 9/26 |
| Morgan | 9/27 |
| Suhr | 9/27 |
| Bentley | 9/27 |
| Sebern | 9/28 |
| Gruver | 9/28 |
| Friedberg 1 | 9/28 |
| Tate | 9/29 |
| Qi | 9/29 |
| Gurley | 9/29 |
| Linaval | 9/29 |
| Levandowski | 9/30 |
| Gardner | 9/29 |
| Poetzcher | 10/2 |
| Burnette | 10/2 |
| Levandowski | 10/2 |

| | |
|---|---|
| Ron | 10/2 |
| Padilla | 10/2 |
| TK | 10/2 |
| Friedberg 2 | 10/2 |

David Perlson
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Direct: (415) 875-6344
Main Phone: (415) 875-6600
Main Fax:  (415) 875-6700
E-mail: davidperlson@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]