# EXHIBIT 10

**Patrick Schmidt**

| | |
|---|---|
| **From:** | Rivera, Sylvia <SRivera@mofo.com> |
| **Sent:** | Monday, December 18, 2017 10:51 PM |
| **To:** | QE-Waymo |
| **Cc:** | John Cooper; Matthew Cate; UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Uber-sg@LISTS.SUSMANGODFREY.COM |
| **Subject:** | Waymo v. Uber |

Quinn Team,

I write in follow up to this afternoon's meet and confer call.  Uber declines to produce all of the documents that Ric Jacobs impermissibly downloaded from Uber and Waymo's request for all documents provided to the Department of Justice or any U.S. Attorney in connection with any investigation concerning the allegations made in the Jacobs resignation email or Jacobs Letter is overbroad and not proportional to the needs of the case.  Nor does Uber agree to produce Angela Padilla for deposition in response to Waymo's 11th hour request for her deposition, conveyed for the first time today.  Uber has been forthcoming and cooperative in responding to a substantial amount of discovery on a very compressed schedule, and Waymo cannot continue to make ongoing broad demands this close to the December 22 close of supplemental discovery.

Since November 30, Uber has responded to 42 RFPs from Waymo, produced more than 4,200 documents, and identified another 4,000+ responsive but privileged documents.  Waymo has known that Mr. Jacobs impermissibly took documents from Uber since Ms. Padilla testified about it at the November 29 evidentiary hearing.  It has known about the government's involvement even longer.  Yet Waymo did not serve RFPs specifying the production of all such documents.  It is too late to demand that Uber go back to the well and effectively respond to two additional RFPs – in addition to Waymo's original 42 RFPs.  This is especially so given that, as Magistrate Judge Corley noted, the discovery Waymo seeks is about a "collateral issue[] to begin with."  (12/13/17 Hr'g Tr. 27:10-11.)  The request for all documents downloaded by Mr. Jacobs is particularly "collateral" because Uber has represented that it will not argue at trial that it terminated Mr. Jacobs for stealing documents.  Waymo's request for all documents provided to the DOJ or any U.S. Attorney is also objectionable because it is grossly overbroad.  The allegations in the Jacobs Letter are far-flung, concerning operations in various foreign countries and business lines that have no relevance to the claims or defenses in this action.  Waymo's request for all materials exchanged with the DOJ or any U.S. Attorney on such topics is thus overbroad and not proportional to the needs of the case.

Waymo's last minute demand for Ms. Padilla's deposition is even more objectionable.  Waymo has taken six depositions during this round of supplemental discovery; by the end of this week, it will have taken 18 depositions.  Today Waymo stated it no longer wished to proceed with the deposition of Shawnee Delaney – a witness whose deposition has been scheduled since December 3 – and instead requested that Ms. Padilla sit for a deposition on just three or four days' notice (Dec. 21 or 22).  Had Waymo identified Ms. Padilla as one of its 18 deponents in the normal course, Uber would have made her available for deposition, as it has done with the other current Uber employees Waymo has sought to depose in this round.  Waymo's last minute attempt to substitute deponents reflects either a lack of diligence in selecting its deponents or a bad faith effort to force Uber to prepare needlessly for Delaney's deposition and then have insufficient time to prepare for Ms. Padilla's deposition.  Either way, Waymo is not entitled to simply substitute Ms. Padilla for Ms. Delaney.

Regards,
Sylvia

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.