**REDACTED VERSION OF DOCUMENT FILED UNDER SEAL**

December 20, 2017

The Honorable Jacqueline Scott Corley
USDC, Northern District of California
San Francisco Courthouse
Courtroom F - 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:     *Waymo LLC v. Uber Technologies, Inc. et al.,* Case No. 3:17-cv-00939

Dear Special Master Cooper and Magistrate Judge Corley:

This letter briefly addresses two issues:  (1) Waymo's failure to produce a 30(b)(6) witness for Topic 10 and (2) Waymo's failure to produce documents in response to three related document requests (Nos. 223-225).  For context, Waymo has produced only 12 documents in connection with this wave of discovery and produced three 30(b)(6) witnesses for only a total of four hours of deposition.

As this Court knows, ephemeral communication is one of the issues raised by the Jacobs letter.  Uber has now learned that for the past decade, Google has been systematically destroying nearly all of its internal "chat" messages by using the "Off the Record" setting as the default.  All chats are destroyed unless the user affirmatively decides to save a particular chat.  This key fact was never disclosed by Waymo until Judge Alsup ordered Waymo to submit a document regarding its own use of ephemeral communications.

Waymo has adopted Google's long-standing policy of using "Off the Record" as the default setting.  The importance of this fact cannot be overstated.  Waymo's 30(b)(6) witness confirmed that the [REDACTED]

**Uber's 30(b)(6) Topic 10**:  Because Waymo did not disclose to Uber that it has a practice of destroying all chats by using "Off the Record" as the default setting (unless the user chooses to save a particular chat), Uber has asked Waymo to produce a witness to testify regarding whether Google or Waymo have disclosed its use of "Off the Record" in any other litigation.  During a meet and confer with Waymo and the Special Master, Uber agreed to limit its request to active lawsuits during the past year.  This information is relevant because if, as Uber suspects, Waymo did not disclose this practice in its other litigation matters, then it shows a pattern of hiding from adverse litigants its systematic destruction of chat messages, as it did with Uber here.  On the other hand, if Waymo does disclose its use of "Off the Record" in other cases when it did not disclose it to Uber, then it shows an intentional withholding of this fact from Uber.

Waymo has informed Uber that the issue of its destruction of chats has been "briefed" in two other matters, but that does not address the issue raised in Topic 10, which asks whether Google or

**REDACTED VERSION OF DOCUMENT FILED UNDER SEAL**

Waymo has "disclosed" this automatic destruction policy in other matters.  It is a fair question that Waymo should answer and to discovery to which Uber is entitled.

**Document Requests**:  Not only does Waymo default to the destruction of its chat messages, it also sells this product with "Off the Record" capability to companies throughout the world.  Uber has asked Waymo to produce documents *sufficient to show* the marketing materials used by Waymo to "discuss the benefits of the 'Off the Record' feature" (RFP No. 223), any written motions pertaining to Google's use of the "Off the Record" feature to delete/not preserve chats (RFP 224), and any deposition transcripts pertaining to the use of the "Off the Record" feature (RFP 225).

Waymo has produced three declarations filed by Google describing the "Off the Record" feature, but some of Google's briefs in those matters relevant to the issues here have been sealed at Google's request, and Google refuses to produce them to Uber.  Waymo should be required to produce the briefs, so that Uber can analyze what Google has stated about its use of the "Off the Record" feature in those cases, compared to what Waymo has said here.  In particular, in one of the cases, the opposing party sought an adverse inference jury instruction based on Google's destruction of chat messages, and Google successfully opposed that motion.  The irony, of course, is that, here, Waymo has sought an adverse jury instruction in this case against Uber, based in part on Mr. Kalanick using a 30-day default for his text messages.  The sealed briefs in those two cases should be produced.

With respect to depositions, Waymo refuses to state even whether there are any deposition transcripts that discuss the use of the "Off the Record" feature.  Waymo's refusal to do so suggests that such transcripts exists.  Indeed, Uber believes that Judge Alsup would be very interested in what Google or Waymo has represented under oath pertaining to its use of the "Off the Record" setting as the default as a way to systematically destroy all chat messages.

Respectfully submitted,

Arturo J. González