QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>      vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. 2393)**<br><br>Trial Date:  February 5, 2018 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date and time to be scheduled by the Court, before the Honorable Jacqueline Scott Corley, U.S. Magistrate Judge, Plaintiff Waymo LLC ("Waymo") will and hereby does move the Court for reconsideration of limited parts of the Order Granting in Part and Denying in Part Administrative Motion to File Under Seal (Dkt. 2393). Specifically, Waymo seeks an order:

1. Sealing portions of Waymo's Opposition to Uber's Motion to Compel Production of Documents (previously filed at Dkt. 1048-4) marked in red boxes on page 1 of the sealed version filed concurrently herewith as Exhibit A (in addition to passages previously granted sealing).

2. Sealing portions of the July 26, 2017 Deposition Transcript of Jennifer Haroon (previously filed as Exhibit 3 at Dkt. 1048-9) marked in red boxes in the sealed version filed concurrently herewith as Exhibit B (specifically, at deposition pages and lines 108:6,25; 124:1,6, in addition to passages previously granted sealing).

3. Sealing portions of the July 17, 2017 Deposition Transcript of Larry Page (previously filed as Exhibit 1 at Dkt. 1114-2/1068-5) marked in red boxes in the sealed version filed concurrently herewith as Exhibit C (specifically, at deposition pages and lines 97:5,25; 108:19; 183:10; 214:21,25; 215:6, in addition to passages previously granted sealing).

4. Sealing portions of the July 24, 2017 and July 25, 2017 Deposition Transcripts of Bryan Salesky (previously filed as Exhibit 4 at Dkt. 1114-5/1068-10) marked in red boxes in the sealed version filed concurrently herewith as Exhibit D (specifically, at deposition pages and lines 145:2; 146:2,5; 148:6,12; 151:1,3,7-8; 247:2).

5. Sealing portions of the document bearing bates stamp WAYMO-UBER-00026174 (previously filed as Exhibit 5 at Dkt. 1068-11) marked in red boxes in the sealed version filed concurrently herewith as Exhibit E.

6. Sealing portions of the document bearing bates stamps WAYMO-UBER-00008935

to WAYMO-UBER-00008939 (previously filed as Exhibit 4 at Dkt. 1105-4/1080-10) marked in red boxes in the sealed version filed concurrently herewith as Exhibit F (specifically, at pages WAYMO-UBER-00008937 to WAYMO-UBER-00008938).

7.  Sealing portions of the August 2, 2017 Deposition Transcript of John Krafcik (previously filed as Exhibit 6 at Dkt. 1105-8/1080-14) marked in green boxes in the sealed version filed concurrently herewith as Exhibit G (specifically, at deposition page and lines 51:10; 253:4, in addition to passages previously granted sealing).

8.  Sealing portions of the document bearing bates stamp WAYMO-UBER-00026185 (previously filed as Exhibit 2 at Dkt. 1098-4) marked in red boxes in the sealed version filed concurrently herewith as Exhibit H.

This Motion is supported by this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying attorney declaration, the pleadings and papers on file in this action, and such arguments and authorities as may be presented to the Court.

Waymo respectfully requests reconsideration of limited parts of the order filed as Dkt. 2393 in the form of an order sealing Waymo and related third parties' highly sensitive and confidential business information.  Waymo's request is narrow, and encompasses only the specific portions of documents that would explicitly disclose confidential business information, which would cause Waymo significant competitive harm.

## I.  LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*  In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II.  WAYMO'S HIGHLY SENSITIVE AND CONFIDENTIAL BUSINESS INFORMATION SHOULD REMAIN SEALED

Confidential business information that, if released, may "harm a litigant's competitive standing" also merits sealing.  *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978).  In particular, disclosure of detailed confidential financial information would result in competitive harm.  *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) (reversing district court's refusal to seal the parties' confidential financial information).  Likewise, this Court has already recognized that information regarding confidential business transactions, whether actual or contemplated, merit sealing.  (*See* Dkt. 2326 at 5 (granting sealing of portions of Dkt. 1214- 6/1294-4 "which refer to Waymo acquisitions"); *id.* at 6 (granting sealing of portions of Dkt. 1214-18/1294-16 and Dkt. 1214-24/1294-18 that refer to Waymo acquisitions).)  Accordingly, Waymo's highly sensitive and confidential information regarding its business plans and financial valuations should remain sealed.

Specifically, the portions of Waymo's Opposition to Uber's Motion to Compel Production

of Documents (previously filed at Dkt. 1048-4) marked in red boxes on page 1 of the sealed version filed concurrently herewith as Exhibit A (in addition to passages previously granted sealing) should remain sealed.  Though the Court granted in part and denied in part sealing of Dkt. 1048-4, noting that part of it "is properly sealable because that portion contains Waymo's confidential projections and financial information" (Dkt. 2393 at 2), Waymo hereby narrows its sealing request further and respectfully clarifies that the portions identified above disclose highly sensitive and confidential information about its potential business models as well as its current and potential business and partnership plans.  (Corredor Decl. ¶ 3; *see also* Dkt. 1048-1 ¶ 3.)  Public disclosure of such specific business strategy information would enable competitors to unfairly tailor their own business strategy based on Waymo's confidential business strategy and plans, which would cause Waymo significant competitive harm.  (*See* Corredor Decl. ¶ 3.)

Similarly, the portions of the July 26, 2017 Deposition Transcript of Jennifer Haroon (previously filed as Exhibit 3 at Dkt. 1048-9) marked in red boxes in the sealed version filed concurrently herewith as Exhibit B (specifically, at deposition pages and lines 108:6,25; 124:1,6, in addition to passages previously granted sealing) should remain sealed.  Though the Court granted in part and denied in part sealing of Dkt. 1048-9, noting that part of it "contain[s] Waymo's confidential project names" (Dkt. 2393 at 2), Waymo hereby narrows its sealing request further and respectfully clarifies that the portions identified above disclose highly sensitive and confidential information about its current and potential business models and plans.  (Corredor Decl. ¶ 4; *see also* Dkt. 1048-1 ¶ 3.)  Public disclosure of such specific business strategy information would enable competitors to unfairly tailor their own business strategy based on Waymo's confidential business models and plans, which would cause Waymo significant competitive harm.  (*See* Corredor Decl. ¶ 4.)

The portions of the July 17, 2017 Deposition Transcript of Larry Page (previously filed as Exhibit 1 at Dkt. 1114-2/1068-5) marked in red boxes in the sealed version filed concurrently

herewith as Exhibit C (specifically, at deposition pages and lines 97:5,25[1]; 108:19; 183:10; 214:21,25; 215:6, in addition to passages previously granted sealing) should remain sealed. Though the Court granted in part and denied in part sealing of Dkt. 1114-2/1068-5, noting that part of it contained "confidential valuation information and financial data" as well as "confidential projects, strategy, and bonus information" (Dkt. 2393 at 3), Waymo hereby narrows its sealing request further and respectfully clarifies that the portions identified above disclose highly sensitive and confidential information about its potential business models as well as its current and potential business and partnership plans.  (Corredor Decl. ¶ 5; *see also* Dkt. 1114 ¶ 4.)  Public disclosure of such detailed business strategy information would enable competitors to unfairly tailor their own business strategy based on Waymo's confidential business strategy and plans, which would cause Waymo significant competitive harm.  (*See* Corredor Decl. ¶ 5.)

In addition, the portions of the July 24, 2017 and July 25, 2017 Deposition Transcripts of Bryan Salesky (previously filed as Exhibit 4 at Dkt. 1114-5/1068-10) marked in red boxes in the sealed version filed concurrently herewith as Exhibit D (specifically, at deposition pages and lines 145:2; 146:2,5; 148:6,12; 151:1,3,7-8; 247:2) should remain sealed.  Though the Court denied sealing of Dkt. 1114-5 "because the request is not narrowly tailored to include only confidential information" (Dkt. 2393 at 3-4), Waymo hereby narrows its sealing request further and respectfully clarifies that the portions identified above disclose highly sensitive and confidential information about its financial valuation as well as its current and potential business and partnership plans, including the confidential identities of third parties involved in those plans. (Corredor Decl. ¶ 6; *see also* Dkt. 1114 ¶ 4.)  Public disclosure of such detailed business strategy information would enable competitors to unfairly tailor their own business strategy based on Waymo's confidential business strategy and plans, which would cause Waymo significant

---

[1]   Waymo includes deposition page 97 lines 5 and 25 in this motion out of an abundance of caution.  The Court granted sealing of page 98 lines 5 and 25, but those lines contained no confidential information.  Waymo believes that the Court intended to grant sealing of page 97 lines 5 and 25, consistent with information granted sealing in other places.

competitive harm.  (*See* Corredor Decl. ¶ 6.)

The portions of the document bearing bates stamp WAYMO-UBER-00026174 (previously filed as Exhibit 5 at Dkt. 1068-11) marked in red boxes in the sealed version filed concurrently herewith as Exhibit E should remain sealed.  Though the Court denied sealing of Dkt. 1068-11 "because the request is not narrowly tailored to include only confidential information" (Dkt. 2393 at 4), Waymo hereby narrows its sealing request further and respectfully clarifies that the portions identified above disclose the confidential email address of a senior Google executive.  (Corredor Decl. ¶ 7; *see also* Dkt. 1114 ¶ 4.)  Public disclosure of such email addresses would cause Waymo and that executive substantial harm due to the high public profile of this litigation (*see* Corredor Decl. ¶ 7), and the Court has granted sealing of similar information (*see, e.g.*, Dkt. 2393 at 7).

The portions of the document bearing bates stamps WAYMO-UBER-00008935 to WAYMO-UBER-00008939 (previously filed as Exhibit 4 at Dkt. 1105-4/1080-10) marked in red boxes in the sealed version filed concurrently herewith as Exhibit F (specifically, at pages WAYMO-UBER-00008937 to WAYMO-UBER-00008938) should remain sealed.  Though the Court denied sealing of Dkt. 1105-4 "because they contain no confidential information" (Dkt. 2393 at 4), Waymo hereby narrows its sealing request further and respectfully clarifies that the portions identified above disclose highly sensitive and confidential information about its business plans and policies.  (Corredor Decl. ¶ 8; *see also* Dkt. 1105 ¶ 4.)  Public disclosure of such detailed business strategy information would enable competitors to unfairly tailor their own business strategy based on Waymo's confidential business plans and policies, which would cause Waymo significant competitive harm.  (*See* Corredor Decl. ¶ 8.)

The portions of the August 2, 2017 Deposition Transcript of John Krafcik (previously filed as Exhibit 6 at Dkt. 1105-8/1080-14) marked in green boxes in the sealed version filed concurrently herewith as Exhibit G (specifically, at deposition page and lines 51:10; 253:4, in addition to passages previously granted sealing) should remain sealed.  Though the Court granted in part and denied in part sealing of Dkt. 1105-8, noting that "it contains confidential valuation information and project names" (Dkt. 2393 at 4), the Court granted sealing of the same subject matter in the passages identified above (Waymo's internal and confidential valuations) as part of

that same document.  Waymo's narrow sealing request here makes the sealing of Dkt. 1105-8 internally consistent in order to protect Waymo's detailed financial and valuation information. (Corredor Decl. ¶ 9; *see also* Dkt. 1105 ¶ 4.)  Public disclosure of such detailed financial information could enable competitors to unfairly tailor their investment efforts based on Waymo's confidential financial valuations of the company as a whole based on confidential competitive analyses, which would cause Waymo significant competitive harm.  (*See* Corredor Decl. ¶ 9.)

Finally, the portions of the document bearing bates stamp WAYMO-UBER-00026185 (previously filed as Exhibit 2 at Dkt. 1098-4) marked in red boxes in the sealed version filed concurrently herewith as Exhibit H should remain sealed.  Though the Court denied sealing of Dkt. 1098-4 "because the request is not narrowly tailored to include only confidential information" (Dkt. 2393 at 7), Waymo hereby narrows its sealing request further and respectfully clarifies that the portions identified above disclose the confidential email address of a senior Google executive. (Corredor Decl. ¶ 10; *see also* Dkt. 1098-1 ¶ 4.)  Public disclosure of such email addresses would cause Waymo and that executive substantial harm due to the high public profile of this litigation (*see* Corredor Decl. ¶ 10), and the Court has granted sealing of similar information (*see, e.g.*, Dkt. 2393 at 7).  In addition, the portions identified above also disclose confidential email addresses of Kitty Hawk employees as well as the confidential and proprietary research, development, commercial, and business information belonging to Kitty Hawk, including confidential details regarding corporate strategy, business models, and prototype development and testing.  (Voronov Decl. ¶¶ 3-4; *see also* Dkt. 1098-1 ¶ 4.)  Public disclosure of such information would give Kitty Hawk's competitors and potential competitors access to sensitive information that could be used to Kitty Hawk's disadvantage and inflict serious and irreparable damage to Kitty Hawk's business. (*See* Voronov Decl. ¶ 4.)

## III.   CONCLUSION

For the foregoing reasons, the Court should reconsider sealing the limited portions of Dkt. 2393 discussed above and grant sealing of Waymo's highly sensitive and confidential business information.

1

DATED:  December 21, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

2

3

By  */s/ Charles K. Verhoeven*

Charles K. Verhoeven
Attorneys for WAYMO LLC

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28