QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>       vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>              Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF FELIPE CORREDOR IN SUPPORT OF PLAINTIFF WAYMO LLC'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. 2393)** |

I, Felipe Corredor, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Plaintiff Waymo LLC's Motion for Reconsideration of Order Granting in Part and Denying in Part Administrative Motion to File Under Seal (Dkt. 2393) ("Motion for Reconsideration"). The Motion for Reconsideration seeks an order sealing limited portions of exhibits for which the Court denied sealing.

3. The portions of Waymo's Opposition to Uber's Motion to Compel Production of Documents (previously filed at Dkt. 1048-4) marked in red boxes on page 1 of the sealed version filed concurrently herewith as Exhibit A (in addition to passages previously granted sealing) disclose highly sensitive and confidential information about Waymo's potential business models as well as its current and potential business and partnership plans. I understand that public disclosure of such specific business strategy information would enable competitors to unfairly tailor their own business strategy based on Waymo's confidential business strategy and plans, which would cause Waymo significant competitive harm.

4. The portions of the July 26, 2017 Deposition Transcript of Jennifer Haroon (previously filed as Exhibit 3 at Dkt. 1048-9) marked in red boxes in the sealed version filed concurrently herewith as Exhibit B (specifically, at deposition pages and lines 108:6,25; 124:1,6, in addition to passages previously granted sealing) disclose highly sensitive and confidential information about its current and potential business models and plans. I understand that public disclosure of such specific business strategy information would enable competitors to unfairly tailor their own business strategy based on Waymo's confidential business models and plans, which would cause Waymo significant competitive harm.

5. The portions of the July 17, 2017 Deposition Transcript of Larry Page (previously filed as Exhibit 1 at Dkt. 1114-2/1068-5) marked in red boxes in the sealed version filed concurrently herewith as Exhibit C (specifically, at deposition pages and lines 97:5,25; 108:19; 183:10; 214:21,25;

215:6, in addition to passages previously granted sealing) disclose highly sensitive and confidential information about its potential business models as well as its current and potential business and partnership plans. I understand that public disclosure of such detailed business strategy information would enable competitors to unfairly tailor their own business strategy based on Waymo's confidential business strategy and plans, which would cause Waymo significant competitive harm.

6. The portions of the July 24, 2017 and July 25, 2017 Deposition Transcripts of Bryan Salesky (previously filed as Exhibit 4 at Dkt. 1114-5/1068-10) marked in red boxes in the sealed version filed concurrently herewith as Exhibit D (specifically, at deposition pages and lines 145:2; 146:2,5; 148:6,12; 151:1,3,7-8; 247:2) disclose highly sensitive and confidential information about its financial valuation as well as its current and potential business and partnership plans, including the confidential identities of third parties involved in those plans. I understand that public disclosure of such detailed business strategy information would enable competitors to unfairly tailor their own business strategy based on Waymo's confidential business strategy and plans, which would cause Waymo significant competitive harm.

7. The portions of the document bearing Bates stamp WAYMO-UBER-00026174 (previously filed as Exhibit 5 at Dkt. 1068-11) marked in red boxes in the sealed version filed concurrently herewith as Exhibit E disclose the confidential email address of a senior Google executive. I understand that public disclosure of such email addresses would cause Waymo and that executive substantial harm due to the high public profile of this litigation.

8. The portions of the document bearing Bates stamps WAYMO-UBER-00008935 to WAYMO-UBER-00008939 (previously filed as Exhibit 4 at Dkt. 1105-4/1080-10) marked in red boxes in the sealed version filed concurrently herewith as Exhibit F (specifically, at pages WAYMO-UBER-00008937 to WAYMO-UBER-00008938) disclose highly sensitive and confidential information about its business plans and policies. I understand that public disclosure of such detailed business strategy information would enable competitors to unfairly tailor their own business strategy based on Waymo's confidential business plans and policies, which would cause Waymo significant competitive harm.

9. The portions of the August 2, 2017 Deposition Transcript of John Krafcik (previously filed as Exhibit 6 at Dkt. 1105-8/1080-14) marked in green boxes in the sealed version filed concurrently herewith as Exhibit G (specifically, at deposition page and lines 51:10; 253:4, in addition to passages previously granted sealing) disclose Waymo's detailed financial and valuation information. I understand that public disclosure of such detailed financial information could enable competitors to unfairly tailor their investment efforts based on Waymo's confidential financial valuations of the company as a whole based on confidential competitive analyses, which would cause Waymo significant competitive harm.

10. The portions of the document bearing Bates stamp WAYMO-UBER-00026185 (previously filed as Exhibit 2 at Dkt. 1098-4) marked in red boxes in the sealed version filed concurrently herewith as Exhibit H disclose the confidential email address of a senior Google executive. I understand that public disclosure of such email addresses would cause Waymo and that executive substantial harm due to the high public profile of this litigation.

11. Waymo's current requests to seal are more narrowly tailored than its prior sealing requests with respect to Exhibits A-H.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on December 21, 2017.

By */s/ Felipe Corredor*
Felipe Corredor
Attorneys for WAYMO LLC

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Felipe Corredor.

By: */s/ Charles K. Verhoeven*
Charles K. Verhoeven