# Exhibit 4
# FILED UNDER SEAL

MILES EHRLICH (Bar No. 237954)
miles@ramsey-ehrlich.com
ISMAIL RAMSEY (Bar No. 189820)
izzy@ramsey-ehrlich.com
AMY CRAIG (Bar No. 269339)
amy@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>               Plaintiffs,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>               Defendants. | Case No.: 3:17-cv-00939-WHA<br><br>**NON-PARTY ANTHONY LEVANDOWSKI'S OBJECTIONS AND RESPONSES TO WAYMO'S JULY 17, 2017 SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

Under Rule 45 of the Federal Rules of Civil Procedure, Anthony Levandowski, a non-party to this lawsuit, hereby provides the following objections and responses to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") directed to Anthony Levandowski served by Plaintiff Waymo LLC ("Waymo"), dated July 17, 2017.

## I.     GENERAL OBJECTIONS

Mr. Levandowski specifically incorporates each of the following general objections into his responses to each of Waymo's document requests and topics for testimony, whether or not each such general objection is expressly referred to in Mr. Levandowski's response to a specific

request or topic.

1.     Mr. Levandowski objects to every request in Waymo's July 17, 2017 subpoena, Waymo's third subpoena to Mr. Levandowski for documents, as the requests in the Subpoena are neither relevant nor proportional to the needs of the case, and instead constitute a fishing expedition wholly unrelated to the claims at issue in Waymo's complaint.  The Federal Rules of Civil Procedure limit the scope of discovery to that which is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Mr. Levandowski objects to every request in the Subpoena as they purport to impose upon Mr. Levandowski duties or obligations inconsistent with the obligations imposed by the Federal Rules.

2.     Mr. Levandowski objects to any request to the extent that it is vague, overbroad, unduly burdensome, or oppressive, or to the extent it purports to impose upon Mr. Levandowski any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure or the Local Rules.  The Federal Rules of Civil Procedure obligate the "court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1 advisory committee's note.  Mr. Levandowski will not comply with any attempt to impose obligations not required by the Federal and Local Rules.

3.     Mr. Levandowski objects to the Subpoena as overbroad and burdensome in that it fails to place any temporal limitation on the scope of the documents requested.

4.     Mr. Levandowski objects to any request to the extent it seeks information and documents protected from discovery under the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.

5.      Mr. Levandowski objects to any instruction or request to the extent that it would impose a duty on Mr. Levandowski to undertake a search for, or an evaluation of, information, documents, or things for which Waymo is equally able to search for and evaluate, including documents that are publicly available, in the possession of parties to this litigation, and/or are already in the possession of Waymo.

6.      Mr. Levandowski objects to any request to the extent it seeks information and documents outside of Mr. Levandowski's possession, custody, or control.  Documents possessed by another entity or person are not within the possession, custody, or control of Mr. Levandowski.

7.      Mr. Levandowski objects to any request that seeks confidential and/or proprietary information, as well as material impinging on the privacy interests of Mr. Levandowski.

8.      Mr. Levandowski objects to any request that seeks material protected from disclosure by Mr. Levandowski's Fifth Amendment privilege. The requests for documents here are so broad as to constitute a fishing expedition and would require Mr. Levandowski to make testimonial acts of production to make a document-by-document response. *See, e.g., United States v. Hubbell*, 530 U.S. 27 (2000).

9.      Mr. Levandowski objects to any request that seeks information that is subject to confidentiality or non-disclosure agreements with third parties.

10.     Mr. Levandowski objects to any request that seeks "all" documents relating to the subject matter of the request as overly broad, unduly burdensome, and oppressive when documents sufficient to show the requested information would satisfy any reasonable discovery need.

11.     Mr. Levandowski objects to each request and instruction to the extent that it is vague, ambiguous, and unclear.

12.     Mr. Levandowski objects to each request to the extent it requires disclosure from which Mr. Levandowski is entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden and expense.

13.     Mr. Levandowski objects to each request and instruction to the extent they call for

NON-PARTY ANTHONY LEVANDOWSKI'S OBJECTIONS AND RESPONSES TO WAYMO'S JULY 17, 2017
SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER

legal conclusions in order to provide a response and/or produce documents or information.

14.     Mr. Levandowski objects to each paragraph of the section labeled "Definitions" and to each and every request to the extent they purport to give meaning or legal significance to a document, fact, or purported fact whose meaning or significance is subject to dispute between the parties.  Mr. Levandowski further objects to Waymo's "Definitions" to the extent they (1) render any request vague, overbroad, or unduly burdensome; (2) seek information that is neither relevant to the subject matter of this litigation nor proportional to the needs of the case; or (3) impose obligations or demands on Mr. Levandowski beyond those contemplated by the Federal Rules of Civil Procedure and the applicable Local Rules.

15.     Mr. Levandowski objects to each paragraph of the section labeled "Instructions" to the extent the instructions (1) render any request vague, overbroad, or unduly burdensome; (2) seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; or (3) impose obligations and demands on Mr. Levandowski beyond those contemplated by the Federal Rules of Civil Procedure and the applicable Local Rules.  Mr. Levandowski will not comply with any attempt to impose obligations not required by those rules.

16.     Mr. Levandowski reserves the right to assert additional objections to Waymo's requests, as appropriate.

## II.     SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

DOCUMENTS sufficient to show every PERSON who has ever had an ownership interest in BISMUTH, and the amount of that PERSON's ownership interest.

**RESPONSE TO REQUEST NO. 1:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and

4

documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks confidential information.

**REQUEST NO. 2:**

All DOCUMENTS showing any financial or ownership interest that YOU have in BISMUTH.

**RESPONSE TO REQUEST NO. 2:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks confidential information.

**REQUEST NO. 3:**

DOCUMENTS sufficient to show all of BISMUTH's current and former trustees, members, directors, officers, employees, consultants, agents, and representatives.

**RESPONSE TO REQUEST NO. 3:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper

5

fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks confidential information.

**REQUEST NO. 4:**

DOCUMENTS sufficient to show all payments, compensation, or transfers (whether actual or conditional) made by BISMUTH to any PERSON.

**RESPONSE TO REQUEST NO. 4:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks confidential information.

**REQUEST NO. 5:**

DOCUMENTS sufficient to show all payments, compensation, or transfers (whether actual or conditional) made by any PERSON to BISMUTH.

**RESPONSE TO REQUEST NO. 5:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request because it is not relevant to any party's

NON-PARTY ANTHONY LEVANDOWSKI'S OBJECTIONS AND RESPONSES TO WAYMO'S JULY 17, 2017
SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER

claim or defense, nor is it proportional to the needs of the case, and constitutes an improper

fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and

documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the

attorney-client privilege, the work-product doctrine, the common-interest and joint-defense

doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request

as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the

subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks

confidential information.

**REQUEST NO. 6:**

All of BISMUTH's Declarations of Trust, INCLUDING without limitation the

Declaration of Trust dated October 23, 2012.

**RESPONSE TO REQUEST NO. 6:**

Mr. Levandowski incorporates his General Objections above as though set forth in this

response.  Mr. Levandowski further objects to this request because it is not relevant to any party's

claim or defense, nor is it proportional to the needs of the case, and constitutes an improper

fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and

documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the

attorney-client privilege, the work-product doctrine, the common-interest and joint-defense

doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request

as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the

subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks

confidential information.

**REQUEST NO. 7:**

All of BISMUTH's formation DOCUMENTS.

**RESPONSE TO REQUEST NO. 7:**

Mr. Levandowski incorporates his General Objections above as though set forth in this

response.  Mr. Levandowski further objects to this request because it is not relevant to any party's

claim or defense, nor is it proportional to the needs of the case, and constitutes an improper

fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and

documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the

attorney-client privilege, the work-product doctrine, the common-interest and joint-defense

doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request

as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the

subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks

confidential information.

**REQUEST NO. 8:**

All COMMUNICATIONS between YOU and BISMUTH.

**RESPONSE TO REQUEST NO. 8:**

Mr. Levandowski incorporates his General Objections above as though set forth in this

response.  Mr. Levandowski further objects to this request because it is not relevant to any party's

claim or defense, nor is it proportional to the needs of the case, and constitutes an improper

fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and

documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the

attorney-client privilege, the work-product doctrine, the common-interest and joint-defense

doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request

as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the

subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks

confidential information.

**REQUEST NO. 9:**

All DOCUMENTS REGARDING BISMUTH.

**RESPONSE TO REQUEST NO. 9:**

Mr. Levandowski incorporates his General Objections above as though set forth in this

response.  Mr. Levandowski further objects to this request because it is not relevant to any party's

claim or defense, nor is it proportional to the needs of the case, and constitutes an improper

NON-PARTY ANTHONY LEVANDOWSKI'S OBJECTIONS AND RESPONSES TO WAYMO'S JULY 17, 2017
SUBPOENA TO PRODUCE DOCUMENTS, Case No. 3:17-cv-00939-WHA
CONFIDENTIAL, ATTORNEY'S EYES ONLY under PROTECTIVE ORDER

fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks confidential information.

**REQUEST NO. 10:**

All COMMUNICATIONS between YOU and ALASKA.

**RESPONSE TO REQUEST NO. 10:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks confidential information.

**REQUEST NO. 11:**

All DOCUMENTS REGARDING ALASKA.

**RESPONSE TO REQUEST NO. 11:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and

documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks confidential information.

**REQUEST NO. 12:**

All COMMUNICATIONS between YOU and Matthew Blattmachr.

**RESPONSE TO REQUEST NO. 12:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks confidential information.

**REQUEST NO. 13:**

All DOCUMENTS REGARDING Matthew Blattmachr.

**RESPONSE TO REQUEST NO. 13:**

Mr. Levandowski incorporates his General Objections above as though set forth in this response.  Mr. Levandowski further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper fishing expedition.  Mr. Levandowski objects to this request to the extent it seeks information and documents protected from discovery under Mr. Levandowski's Fifth Amendment privilege, the

10

attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.  Mr. Levandowski objects to this request as vague, overly broad, and unduly burdensome, in that it contains no limitations as to time or the subject matter of this litigation.  Mr. Levandowski objects to this request to the extent that it seeks confidential information.

Dated:  July 31, 2017                              Respectfully Submitted,

                                                   /s/ Ismail Ramsey
                                                   Miles Ehrlich
                                                   Ismail Ramsey
                                                   Amy Craig
                                                   Ramsey & Ehrlich LLP
                                                   803 Hearst Ave.
                                                   Berkeley, CA 94710
                                                   Tel:  (510) 548-3600
                                                   *Counsel to Non-Party Anthony Levandowski*