# EXHIBIT 9

# FILED UNDER SEAL

WAYMO & UBER CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4                       ---oOo---
 5
 6   WAYMO LLC,
 7         Plaintiff,
 8   vs.                         No. 3:17-cv-00939-WHA
 9   UBER TECHNOLOGIES, INC.;
     OTTOMOTTO LLC; OTTO TRUCKING,
10   INC.,
11         Defendants.
     _____/
12
13      WAYMO & UBER CONFIDENTIAL ATTORNEYS' EYES ONLY
14
15       VIDEOTAPED DEPOSITION OF CAMERON POETZSCHER
16                 SAN FRANCISCO, CALIFORNIA
17                   MONDAY, JUNE 19, 2017
18
19
20   BY:  ANDREA M. IGNACIO,
21   CSR, RPR, CRR, CCRR, CLR
22   CSR LICENSE NO. 9830
23   JOB NO. 2642012
24
25   Pages 1 - 374
```

Page 1

Veritext Legal Solutions
866 299-5127

1      sense to us, were too easy, weren't aligned with our           15:44

2      interests.                                                      15:44

3              You know, for any number of reasons; right?            15:44

4      If we didn't like the terms or conditions, we wouldn't         15:44

5      have signed, same as any other deal.                           15:44

6          Q   The term sheet was signed on February 22nd,            15:44

7      2016, and the acquisition agreement was signed on              15:45

8      April 11th, 2016.                                              15:45

9              When did Uber decide that it was going to go           15:45

10     ahead with the transaction?                                    15:45

11         A   I mean, on or about April 11th we got final            15:45

12     board approval.  Obviously, we didn't do all this work         15:45

13     and make a last-minute, you know, flippant decision.           15:45

14     But clearly, we made a final decision on or about              15:45

15     April 11th.  We got board approval, and we signed the          15:45

16     transaction.                                                   15:45

17         Q   How long did it take to get board approval?            15:45

18         A   I mean, we had a board meeting.  We had a              15:45

19     discussion at the -- with the board.  I can't recall           15:45

20     how long it was.  It was a serious discussion.  And            15:45

21     then after that, we signed.  I don't remember the              15:45

22     exact day of the board meeting, whether it's the same          15:45

23     day or previously.                                             15:45

24         Q   Did you attend that board meeting?                     15:45

25         A   Yes.                                                   15:45

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | Q   Who else was there? | 15:45 |
| 2 | A   The members of the Board of Directors.  I | 15:45 |
| 3 | don't recall exactly who was there. | 15:45 |
| 4 | Q   Were all of the members of the Board of | 15:45 |
| 5 | Directors there? | 15:45 |
| 6 | A   I don't recall. | 15:45 |
| 7 | Q   Do you recall any missing? | 15:45 |
| 8 | A   I recall there were some on the phone, so | 15:45 |
| 9 | there were definitely some who weren't in the room.  I | 15:45 |
| 10 | don't know if between phone and room, there were still | 15:46 |
| 11 | some who were not in attendance at all.  I don't know. | 15:46 |
| 12 | Q   Were there any discussions about whether -- | 15:46 |
| 13 | whether the acquisition should be brought to the | 15:46 |
| 14 | entire board versus only a portion of the board? | 15:46 |
| 15 | A   I believe it was brought to a regular board | 15:46 |
| 16 | meeting where all of the board members were invited. | 15:46 |
| 17 | Whether they all attended, again, I can't recall. | 15:46 |
| 18 | Q   But, as far as you know, all of the board | 15:46 |
| 19 | members were invited to that meeting? | 15:46 |
| 20 | A   As far as I know.  The only caveat I would | 15:46 |
| 21 | say is that I don't recall whether David Drummond, who | 15:46 |
| 22 | was a Google executive, was still a member of the | 15:46 |
| 23 | board.  So, to the extent he was, I'm sure we would | 15:46 |
| 24 | have not invited him or had him recuse himself. | 15:46 |
| 25 | Obviously, we had great concerns about having | 15:46 |

Veritext Legal Solutions
866 299-5127

```
 1   a Google -- senior Google executive on our Board of      15:46
 2   Directors.                                               15:46
 3       Q   Were there board meetings discussing the         15:46
 4   acquisition of Otto, or NewCo before it became Otto,     15:47
 5   prior to the one getting approval to go through with     15:47
 6   the agreement?                                           15:47
 7       A   I don't recall for sure.  I do believe we had    15:47
 8   some discussions with the board in advance.  I don't     15:47
 9   believe they were suddenly notified of this deal and     15:47
10   approved it immediately on the same day.  I think       15:47
11   there was some lead-up.                                  15:47
12       Q   And was David Drummond included on that --       15:47
13   included in those discussions?                           15:47
14       A   Not that I recall.  And I doubt he would have    15:47
15   been, if he were even on the board at that time,         15:47
16   again.                                                   15:47
17       Q   Do you know if David Drummond was                15:47
18   specifically asked to recuse himself from board          15:47
19   meetings discussing this potential acquisition?          15:47
20       A   I don't know.  You'd have to ask our general     15:47
21   counsel or someone else who deals with board             15:47
22   practices.                                               15:47
23       Q   Before we start talking about Exhibit 81, I'm    15:48
24   going to hand you the other pieces of the document I     15:48
25   previously gave you.                                     15:48
```

WAYMO & UBER CONFIDENTIAL - ATTORNEYS EYES ONLY

1  J U R A T

2

3       I, Cameron Poetzscher, do hereby certify

4  under penalty of perjury, that I have read the

5  foregoing transcript of my deposition in the matter of

6  Waymo LLC vs. Uber Technologies, Inc., et al., taken

7  on June 19, 2017, that I have made such corrections as

8  appear noted herein in ink, initialed by me; that my

9  testimony as contained herein, as corrected, is true

10  and correct.

11

12

13       DATED this ____ day of _____, 2017,

14  at _____.

15

16

17       _____

18              SIGNATURE OF WITNESS

19

20

21

22

23

24

25

Page 373