MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzález@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Tel:  415.268.7000 / Fax:  415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Tel:  202.237.2727 / Fax:  202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel:  212.336.8330 / Fax:  212.336.8340
Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.    3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART ADMINSTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 2393)**<br><br>Date:    January 25, 2018<br>Time:    9:00 a.m.<br>Ctrm:    F, 15th Floor<br>Judge:   Hon. Jacqueline Scott Corley<br><br>Trial Date: February 5, 2018 |

I, Michelle Yang, declare as follows:

1.      I am an attorney at the law firm of Morrison & Foerster LLP.  I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.  I make this declaration in support of Defendants Uber Technologies, Inc., and Ottomotto LLC's ("Uber") Motion for Reconsideration of Order Denying-In-Part Administrative Motion to File Under Seal (Dkt. No. 891).

2.      The attached Exhibit 1 to this Declaration is a true and correct copy of Ex. 3 to Waymo's Discovery Letter Brief (Dkt. 1168-4/Dkt. 1096-7), with the narrow portions that are the subject of Uber's request marked in red boxes on Bates pages UBER00101501-UBER00101504.

3.      The attached Exhibit 2 to this Declaration is a true and correct copy of Ex. 1 to Waymo's Discovery Letter Brief (Dkt. 1101-1/Dkt. 1096-5), with the narrow portions that are the subject of Uber's request marked in red boxes on Bates pages UBER00109872-UBER00109873 and UBER00109875.

4.      Exhibit 3 to Waymo's Discovery Letter Brief (Dkt. 1059-10) is the identical document to Ex. 1 to Waymo's Discovery Letter Brief (Dkt. 1101-1/Dkt. 1096-5).

5.      The narrowed portions marked in red boxes on UBER00101501-UBER00101504 in Ex. 3 to Waymo's Discovery Letter Brief contain highly confidential business information from minutes to a Board of Directors meeting that show the internal discussions and resolutions that form the genesis of the internal corporate governance and methodologies for conducting Board responsibilities corresponding to information for which the Court granted sealing in Ex. 5 to Waymo's Discovery Letter Brief (Dkt. 1168-6).  Uber is a private company, and its Board of Directors keeps its internal discussions highly confidential.  Disclosure of these discussions from a confidential Board meeting, particularly in light of extensive media coverage, would harm Uber's competitive standing.  Uber's request is narrowed only to the highly confidential business information that would reveal the information in Dkt. 1168-6 for which the Court has already granted sealing.

6.      The marked portions on Bates page UBER00109872-UBER00109873 of Ex. 1 to Waymo's Discovery Letter Brief (Dkt. 1101-1/Dkt. 1096-5) and of Exhibit 3 to Waymo's Discovery Letter Brief (Dkt. 1059-10) identify business terms with respect to Otto Trucking for which the Court granted sealing of earlier versions of these terms in the draft Term Sheet.  The marked portions refer to a sealed section of the Term Sheet, of which the existence has not become public knowledge.  If this information were disclosed, I understand that competitors and counterparties could obtain a competitive advantage by tailoring their negotiation strategy to offer or demand similar business terms, such that Uber's competitive standing would be harmed.

7.      The marked portions on Bates page UBER00109875 of Ex. 1 to Waymo's Discovery Letter Brief (Dkt. 1101-1/Dkt. 1096-5) and of Exhibit 3 to Waymo's Discovery Letter Brief (Dkt. 1059-10) contain financial and commercial terms corresponding to terms for which the Court granted sealing in the Draft Term Sheet; the Court found that this confidential business information merited sealing.  (Dkt. 550 at 3.)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 21st day of December, 2017, at Washington, District of Columbia.

_____
*/s/ Michelle Yang*
Michelle Yang

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Michelle Yang has concurred in this filing.

Dated:  December 21, 2017

_____
*/s/  Arturo J. González*
Arturo J. González