1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzález@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Tel: 415.268.7000 / Fax: 415.268.7522
5

6   KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
7   HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
8   BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
9   Washington DC  20005
    Tel: 202.237.2727 / Fax: 202.237.6131

10  WILLIAM CARMODY (*Pro Hac Vice*)
    bcarmody@susmangodfrey.com
11  SHAWN RABIN (*Pro Hac Vice*)
    srabin@susmangodfrey.com
12  SUSMAN GODFREY
    1301 Avenue of the Americas, 32nd Floor
13  New York, NY 10019-6023
    Tel: 212.336.8330 / Fax: 212.336.8340
14  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
15  and OTTOMOTTO LLC

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                     SAN FRANCISCO DIVISION

19  WAYMO LLC,                          Case No.      3:17-cv-00939-WHA

20              Plaintiff,              **UBER TECHNOLOGIES, INC. AND
                                        OTTOMOTTO LLC'S MOTION FOR
21       v.                             RECONSIDERATION OF ORDER
                                        GRANTING IN PART AND
22  UBER TECHNOLOGIES, INC.,            DENYING IN PART
    OTTOMOTTO LLC; OTTO TRUCKING LLC,   ADMINSTRATIVE MOTION TO
23                                      FILE UNDER SEAL (DKT. NO. 2393)**
                Defendants.
24                                      Date:     January 25, 2018
                                        Time:     9:00 a.m.
25                                      Ctrm:     F, 15th Floor
                                        Judge:   Hon. Jacqueline Scott Corley
26
                                        Trial Date: February 5, 2018
27

28

1

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on January 25, 2018, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA, in Courtroom 8 before the Honorable Jacqueline Scott Corley, Defendants Uber Technologies, Inc., and Ottomotto LLC ("Uber") will, and hereby do, jointly move the Court, for an order granting the relief sought in its motion for reconsideration of the Court's December 14, 2017 Order Granting in Part and Denying In Part Administrative Motion to File Under Seal ("Order"), Docket No. 2393.  Specifically, Uber seeks an order:

1. Sealing narrowed portions marked in red boxes in Ex. 3 to Waymo's Discovery Letter Brief (Dkt. 1168-4) containing highly confidential business information from minutes to a Board of Directors meeting, corresponding to information for which the Court granted sealing in Ex. 5 to Waymo's Discovery Letter Brief (Dkt. 1168-6); and

2. Sealing narrowed portions marked in red boxes in Ex. 1 to Waymo's Discovery Letter Brief (Dkt. 1101-1) and corresponding portions in the identical document at Exhibit 3 to Waymo's Discovery Letter Brief (Dkt. 1059-10), corresponding to business terms with respect to Otto Trucking for which the Court granted sealing in the draft Term Sheet and financial terms corresponding to terms for which the Court also granted sealing in the draft Term Sheet.  (Dkt. 707 at 3; Dkt. 550 at 3.)

For the Court's convenience, Uber has marked the portions subject to this motion in Exhibits 1 and 2 to the Declaration of Michelle Yang ("Yang Exhibit 1 and 2").

Uber's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the Declaration of Michelle Yang ("Yang Declaration"), any matters of which this Court may take judicial notice, and on such other written and oral argument as may be presented to the Court.

1

2

Dated: December 21, 2017

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORRISON & FOERSTER LLP

By:  /s/ Arturo J. González
        ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Uber respectfully requests an order sealing certain narrowed portions of minutes to a Board of Directors meeting containing highly confidential business information and certain narrowed portions of a presentation containing business terms with respect to Otto Trucking and financial terms in the draft Term Sheet, and corresponding portions in the identical document at Dkt. 1059-10. Uber's request is narrowed only to the following portions, which correspond to information for which the Court has previously granted sealing:

1.      Sealing narrowed portions marked in red boxes on UBER00101501-UBER00101504 in Ex. 3 to Waymo's Discovery Letter Brief (Yang Exhibit 1, revising red boxes in Dkt. 1168-4/Dkt. 1096-7); and

2.      Sealing narrowed portions marked in red boxes on UBER00109872-UBER00109873 and UBER00109875 in Ex. 1 to Waymo's Discovery Letter Brief (Yang Ex. 2, revising Dkt. 1101-1/Dkt. 1096-5), and corresponding portions in the identical document at Exhibit 3 to Waymo's Discovery Letter Brief (Dkt. 1059-10).[1]

The Ninth Circuit has explained that "[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City of Cnty. of Honolulu*, 477 F.3d 1172, 1180 (9th Cir. 2009).

The narrowed portions marked in red boxes on UBER00101501-UBER00101504 in Ex. 3 to Waymo's Discovery Letter Brief (Yang Ex. 1, revised Dkt. 1168-4) contain highly confidential business information from minutes to a Board of Directors meeting, corresponding to information for which the Court granted sealing in Ex. 5 to Waymo's Discovery Letter Brief (Dkt. 1168-6). Specifically, the Court granted sealing of highly confidential business information regarding internal corporate governance and the Board of Directors' methodologies for conducting Board responsibilities in Dkt. 1168-6. (Dkt. 2393, Order at 6 (granting sealing of Dkt. 1168-6).) The narrowed portions in Yang Exhibit 1 show the internal discussions and resolutions that form the

---

[1] The Court previously granted sealing of UBER00109876 and UBER00109877 in Dkt. 1059-10 and Dkt. 1101-1 because they contain Uber's confidential business information. (Dkt. 2393, Order at 3, 6.)

1    genesis of the internal corporate governance and methodologies in Dkt. 1168-6.  Uber is a private

2    company, and its Board of Directors keeps its internal discussions highly confidential. Disclosure

3    of these discussions from a confidential Board meeting, particularly in light of extensive media

4    coverage, would harm Uber's competitive standing.  Uber's request is narrowed only to the

5    highly confidential business information that would reveal the information in Dkt. 1168-6 for

6    which the Court has already granted sealing.  (Declaration of Michelle Yang in Support of

7    Defendants' Motion for Reconsideration ("Yang Decl.") ¶ 5.)

8    The narrowed portions marked in red boxes on UBER00109872-UBER00109873 in Ex. 1

9    to Waymo's Discovery Letter Brief (Yang Ex. 2, revising Dkt. 1101-1), and corresponding

10    portions in the identical document at Exhibit 3 to Waymo's Discovery Letter Brief (Dkt. 1059-10)

11    identify business terms with respect to Otto Trucking, and the Court granted sealing of earlier

12    versions of these terms in the draft Term Sheet.  (Dkt. 707; *compare* Yang Ex. 2 at

13    UBER00109872-UBER00109873, *with* Dkt. 488-1 at 7-10 (under "Trucking Company" in

14    redacted version); Dkt. 488-2 at 7-10 (unredacted version).)  The marked portions refer to a

15    sealed section of the Term Sheet, of which the existence has not become public knowledge.  If

16    this information were disclosed, for example, competitors and counterparties could obtain a

17    competitive advantage by tailoring their negotiation strategy to offer or demand similar business

18    terms, such that Uber's competitive standing would be harmed.  (Yang Decl. ¶ 6.)

19    The narrowed portions marked in red boxes on UBER00109875 in Ex. 1 to Waymo's

20    Discovery Letter Brief (Yang Ex. 2, revising Dkt. 1101-1/Dkt. 1096-5), and corresponding

21    portions in the identical document at Exhibit 3 to Waymo's Discovery Letter Brief (Dkt. 1059-10)

22    contain financial terms corresponding to terms for which the Court granted sealing in the

23    "indented paragraph on page 2 [of the Indemnification Agreement] beginning with 'If the Closing

24    occurs . . . ."  (*Compare* Yang Ex. 2 at UBER00109875, with Dkt. 510-3 at 51 ("If the Closing

25    occurs . . . .".)  The Court had found that this confidential business information merited sealing.

26    (Dkt. 550 at 3.)  The Court also granted sealing of corresponding terms in the Indemnification

27    Agreement upon Uber's motion for reconsideration.  (Dkt. 653.)

28    For the foregoing reasons, Uber respectfully requests that the Court grant its motion for

1   reconsideration and grant the sealing of: (1) the identified portions on UBER00101501-

2   UBER00101504 in Ex. 3 to Waymo's Discovery Letter Brief (Yang Exhibit 1, revising red boxes

3   in Dkt. 1168-4/Dkt. 1096-7); and (2) the identified poritons on UBER00109872-UBER00109873

4   and UBER00109875 in Ex. 1 to Waymo's Discovery Letter Brief (Yang Ex. 2, revising Dkt.

5   1101-1/Dkt. 1096-5); and the corresponding portions on UBER00109872-UBER00109873 and

6   UBER00109875 in the identical document at Exhibit 3 to Waymo's Discovery Letter Brief (Dkt.

7   1059-10).

8
    Dated: December 21, 2017                 MORRISON & FOERSTER LLP
9

10                                           By:   /s/ Arturo J. González
                                                   ARTURO J. GONZÁLEZ
11
                                             Attorneys for Defendants
12                                           UBER TECHNOLOGIES, INC.
                                             and OTTOMOTTO LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28