1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Tel: 415.268.7000 / Fax:  415.268.7522
5

6   KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
7   HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
8   BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
9   Washington DC  20005
    Tel:  202.237.2727 / Fax:  202.237.6131

10  WILLIAM CARMODY (*Pro Hac Vice*)
    bcarmody@susmangodfrey.com
11  SHAWN RABIN (*Pro Hac Vice*)
    srabin@susmangodfrey.com
12  SUSMAN GODFREY
    1301 Avenue of the Americas, 32nd Floor
13  New York, NY 10019-6023
    Tel: 212.336.8330 / Fax: 212.336.8340
14

15  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
16  and OTTOMOTTO LLC

17              UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA

19                SAN FRANCISCO DIVISION

20  WAYMO LLC,                          Case No.      3:17-cv-00939-WHA

21              Plaintiff,              **DECLARATION OF MICHELLE
                                        YANG IN SUPPORT OF PLAINTIFF
22       v.                             WAYMO LLC'S ADMINISTRATIVE
                                        MOTION TO FILE UNDER SEAL ITS
23  UBER TECHNOLOGIES, INC.,            REPLY TO SPECIAL MASTER
    OTTOMOTTO LLC; OTTO TRUCKING LLC,   COOPER REGARDING UBER'S
24                                      OBLIGATION TO PRODUCE
                Defendants.             JACOBS LETTER AND RELATED
25                                      DOCUMENTS (DKT. 2425)**

26

27

28

I, Michelle Yang, declare as follows:

1.     I am an attorney at the law firm of Morrison & Foerster LLP.  I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.  I make this declaration in support of Plaintiff Waymo LLC's Administrative Motion to File Under Seal Its Reply to Special Master Cooper Regarding Uber's Obligation to Produce Jacobs Letter and Related Documents (Dkt. 2425).

2.     I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Waymo's Reply | Red Boxes |
| Exhibit 17 | Entire Document |
| Exhibit 19 | Red Boxes |
| Exhibit 22 | Entire Document |
| Exhibit 23 | Red Boxes |

3.     The red boxes in Waymo's Reply Submission, as well as the entirety of Exhibit 17, contain highly confidential business information from internal notes to a Board of Directors meeting, corresponding to information for which the Court granted sealing in Ex. 5 to Waymo's Discovery Letter Brief (Dkt. 1168-6).  Specifically, the Court granted sealing of highly confidential business information regarding internal corporate governance and the Board of Directors' methodologies for conducting Board responsibilities in Dkt. 1168-6. (Dkt. 2393, Order at 6 (granting sealing of Dkt. 1168-6).)  The red boxes contain information that likewise show the internal discussions that relate to the internal corporate governance and methodologies in Dkt. 1168-6.  Uber is a private company, and its Board of Directors keeps its internal discussions highly confidential.  Disclosure of these discussions from a confidential Board meeting, particularly in light of extensive media coverage, would harm Uber's competitive standing.

4.      The red boxes in Exhibit 19 contain current and former employee names relating to non-attributable devices. Uber requests this list be kept confidential in order to protect the privacy of individuals currently or formerly at a company that is subject of extensive media coverage, in order to protect them from harm or harassment.  Uber's request is narrowly tailored to names that have not been made public with respect to this subject matter.

5.      The entirety of Exhibit 22 contains highly confidential information regarding Uber's internal analysis of self-driving industry activity and developments, including specific quantitative metrics.  This information has been maintained as confidential.  Disclosure of this information could allow competitors to understand how Uber analyzes and evaluates the self-driving industry, such that Uber's competitive standing could be significantly harmed.

6.      The red boxes in Exhibit 23 contain the email addresses of current and former company employees, whose electronic communications may become compromised if this information were disclosed to the public.  Defendants seek to seal this information in order to protect the privacy of these individuals because this lawsuit is currently the subject of extensive media coverage.  I understand that disclosure of this information could expose these individuals to harm or harassment.

7.      Defendants' request to seal is narrowly tailored to the portions of Waymo's Reply and supporting exhibits that merit sealing.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 26th day of December, 2017 at Washington, District of Columbia.

*/s/ Michelle Yang*

Michelle Yang