# EXHIBIT J

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa J. Baily (Cal. Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Cal. Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan R. Jaffe (Cal. Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for Plaintiff WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC<br><br>                  Plaintiff,<br><br>         vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC; OTTO TRUCKING LLC,<br><br>                  Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S REQUESTS FOR PRODUCTION TO DEFENDANTS RELATING TO ISSUES IN JACOBS LETTER**<br><br>Honorable William H. Alsup<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

**PLAINTIFF'S REQUESTS FOR PRODUCTION
TO DEFENDANTS UBER TECHNOLOGIES, INC.; OTTOMOTTO, LLC RELATING
TO ISSUES IN JACOBS LETTER**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Waymo LLC ("Waymo") request that Defendants Uber Technologies, Inc. ("Uber") and Ottomotto, LLC ("Ottomotto"), (collectively "Defendants"), produce for inspection and copying by Monday, December 4 the documents set forth below at the offices of Quinn Emanuel Urquhart & Sullivan,

01980-00104/9710827.10

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

LLP, 50 California Street, 22nd Floor, San Francisco, California, 94111, or at a place and time as may be agreed to by counsel. Certain of the documents requested below may be deemed to overlap with documents that the Court has already ordered Defendants to produce. To be clear, these requests are not intended to limit the obligations of Defendants under the Court's Orders in any way. These requests are intended, in some instances, to expand Defendants' production obligations beyond what the Court has already ordered. These requests are also intended to serve as an organizational tool for the production that Defendants will be making, as they require that production documents responsive to these specific requests be segregated by request number/sub-number.

## DEFINITIONS

1. "WAYMO" means Waymo LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and WAYMO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by WAYMO, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by WAYMO.

2. "GOOGLE" means Google Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and GOOGLE's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by GOOGLE, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by GOOGLE.

3. "UBER" means Uber Technologies, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and UBER's affiliates, parents, divisions, joint ventures, licensees,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by UBER, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by UBER.

4. "OTTOMOTTO" means Ottomotto LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and OTTOMOTTO's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by OTTOMOTTO, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by OTTOMOTTO.  For the avoidance of doubt, OTTOMOTTO includes all former names under which OTTOMOTTO operated, including without limitation 280 Systems, Inc., 280 Systems, LLC, and Ottomotto, Inc.

5. "DEFENDANTS" means UBER and OTTOMOTTO.

6. "LEVANDOWSKI" means Anthony Levandowski.

7. "COMPLAINT" means Plaintiff's First Amended in THIS CASE filed on March 10, 2017 (Dkt. No. 23).

8. "DOCUMENTS" shall INCLUDE, without limitation, all written, graphic or otherwise recorded material, INCLUDING without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, INCLUDING e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, INCLUDING by the addition of handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically INCLUDES information stored in a computer database and capable of being generated in documentary form, such as electronic mail, text messages (i.e., SMS messages), other electronic messages including messages sent or received via Slack, WhatsApp, Google Hangouts, Facebook Messenger, and the like.

9. "COMMUNICATIONS" shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

10. "THING" means any tangible object, other than a DOCUMENT.

11. "PERSON" means to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.  The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

12. "REGARDING," shall mean relating to, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

13. "INCLUDE" and "INCLUDING" shall mean including without limitation.

14. Use of the singular also INCLUDES the plural and vice-versa.

15. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests for Production.

16. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

17. The term "any" shall include "all" and "all" shall include "any."

18. "THIS CASE" means *Waymo LLC v. Uber Technologies, Inc., Ottomotto, LLC, and Otto Trucking LLC*, No. 3:17-cv-00939-JCS, filed in the Northern District of California.

19. JACOBS LETTER shall mean the document bearing Bates number UBER00326369.

20. "UBER ATG" shall mean Uber's autonomous vehicle group, including the group formerly known as ATC.

21. "SSG" shall mean Uber's Strategic Services Group (SSG) and any successor or predecessor groups.

22. "MA" shall mean Uber's Marketplace Analytics Group, previously known as COIN, and currently known as MI.

23. "SI" shall mean Uber's Strategic Intelligence group.

## INSTRUCTIONS

The following instructions shall apply to each of the Requests herein:

1. In answering the following Requests, furnish all available information, including information in the possession, custody or control of any of DEFENDANTS' attorneys, directors, officers, agents, employees, representatives, associates, investigators, divisions, affiliates, partnerships, parents, subsidiaries and PERSONS under Defendants' control, who have the best knowledge, not merely information known to DEFENDANTS based on DEFENDANTS own personal knowledge. If DEFENDANTS cannot fully respond to the following Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Request cannot be answered fully and completely; and state what knowledge, information or belief DEFENDANTS have concerning the unanswered portion of any such Request.

01980-00104/9710827.10

5   Case No. 3:17-cv-00939-WHA
PLAINTIFF WAYMO'S REQUESTS FOR PRODUCTION TO DEFENDANTS RELATING TO ISSUES IN JACOBS LETTER

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

2. Documents responsive to each request should be segregated and identified/labeled as responsive to a particular request and subpart if applicable. Documents responsive to the Court's orders but not to a particular request included herein need not be so segregated and identified.

3. All documents must be produced in accordance with the requirements of Federal Rule of Civil Procedure 34(b).

4. Electronic records and computerized information shall be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

5. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document can be determined.

6. File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

7. Documents attached to each other shall not be separated. All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

8. If any information requested is claimed to be privileged or otherwise exempt from discovery, provide all information falling within the scope of the Request which is not privileged or otherwise exempt from discovery, and for each item of information contained in a DOCUMENT to which a claim of privilege or other exemption from discovery is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    a. the basis on which the privilege or other exemption is claimed;

    b. the names and positions of the author of the document and all other persons participating in the preparation of the document;

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

  c. the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

  d. the date of the document;

  e. a description of any accompanying material transmitted with or attached to such document;

  f. the number of pages in such document;

  g. the particular Request to which such document is responsive; and

  h. whether any business or non-legal matter is contained or discussed in such document.

 9. If DEFENDANTS' response to a particular Request is a statement that DEFENDANTS lack the ability to comply with that Request, DEFENDANTS shall specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer in DEFENDANTS' possession, custody or control, in which case DEFENDANTS shall identify the name and address of any person or entity known or believed by DEFENDANTS to have possession, custody or control of that information or category of information.  DEFENDANTS shall further identify in as much detail as possible each individual item or category of information that never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer in DEFENDANTS' possession, custody or control.

 10. DEFENDANTS' obligation to respond to these Requests is continuing, and their responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS and COMMUNICATIONS REGARDING the following subject matters described in the JACOBS LETTER:

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

      a.    Richard Jacobs advocated for a secure and encrypted centralized database to ensure confidentiality and recordkeeping but provide access to intelligence for Threat Operations personnel;

      b.    UBER has efforts to evade current and future discovery requests, court orders, and government investigations;

      c.    Craig Clark devised training and provided advice intended to impede, obstruct, or influence the investigation of lawsuits against UBER and in relation to or contemplation of other matters within the jurisdiction of the United States;

      d.    UBER conceals, covers-up and falsifies records through the abuse of attorney-client privilege designations;

      e.    UBER's use of HUMINT data gathering;

      f.    UBER's alteration of software on competitors' systems;

      g.    UBER's acquisition of competitors' trade secrets, codebase, and competitive intelligence.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS or COMMUNICATIONS regarding the JACOBS LETTER, including but not limited to DOCUMENTS or COMMUNICATIONS regarding Travis Kalanick's, Salle Yoo's, Angella Padilla's, Aaron Bergstrom's, Nicole Bartow's, Bill Gurley's, Bill Gurley's counsel's, Matt Cohler's, Matt Cohler's counsel, David Bonderman's, David Bonderman's counsel's, David Trujillo's, David Trujillo's counsel's, Ariana Huffington's, and Ariana Huffington's counsel's, UBER Board of Directors' or individual Directors', or the corporate lawyers for the Board of Directors', knowledge of and discussions regarding the JACOBS LETTER.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS or COMMUNICATIONS regarding UBER's decision not to produce the JACOBS LETTER in THIS CASE, including but not limited to the UBER Board of Directors' or individual Directors' knowledge of and discussions regarding whether to produce the JACOBS

01980-00104/9710827.10

8  Case No. 3:17-cv-00939-WHA
PLAINTIFF WAYMO'S REQUESTS FOR PRODUCTION TO DEFENDANTS RELATING TO ISSUES IN JACOBS LETTER

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

LETTER and Travis Kalanick's, Salle Yoo's, Angella Padilla's, Aaron Bergstrom's, Nicole Bartow's, Bill Gurley's, Bill Gurley's counsel's, Matt Cohler's, Matt Cohler's counsel, David Bonderman's, David Bonderman's counsel's, David Trujillo's, David Trujillo's counsel's, Ariana Huffington's, Ariana Huffington's counsel's, UBER Board of Directors' or individual Directors', or the corporate lawyers for the Board of Directors', knowledge of and discussions regarding whether to produce the JACOBS LETTER.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS regarding any consulting service(s) Richard Jacobs provided to UBER or any person or entity acting on UBER'S behalf since he left UBER's employment.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS relating to any investigation undertaken by UBER or any person or entity acting on UBER'S behalf into any of the allegations in the JACOBS LETTER, including but not limited to any reports made to UBER and/or its Board of Directors or committees of the Board of Directors, and the factual materials on which any such reports are based.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS REGARDING COMMUNICATIONS from or to or with Richard Jacobs or anyone acting on his behalf in relation to any of the issues described in the JACOBS LETTER either before or after his employment at UBER ended.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS with UBER employees or former employees in which the employees or former employees raised concerns about issues discussed in the JACOBS LETTER.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS regarding Richard Jacobs' separation from UBER, including but not limited to any reports made to UBER and/or its Board of Directors or committees of the Board of Directors regarding any misconduct purportedly committed by Richard Jacobs, and the factual materials on which any such reports are based.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS regarding Richard Jacobs' settlement with UBER, including but not limited to any reports made to UBER and/or its Board of Directors or committees of the Board of Directors regarding any misconduct purportedly committed by Richard Jacobs, and the factual materials on which any such reports are based.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS REGARDING arbitration proceedings involving WARD SPANGENBERG.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS REGARDING Uber's firing of two in-house attorneys "after they turned to outside attorneys for advice on proposed changes to the company's document- and data-retention policy" as reported in http://www.corpcounsel.com/top-stories/id=1202786179042/Ubers-Firing-of-2-InHouse-Lawyers-Raises-Questions-About-Legal-Culture?mcode=1202614998472&curindex=0

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to identify any anonymous servers used by UBER employees in their work for UBER.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS sufficient to identify any anonymous servers accessed by ANTHONY LEVANDOWSKI.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to identify any anonymous servers accessed by any member of UBER ATG.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS and COMMUNICATIONS regarding the use of anonymous servers by UBER employees in their work for UBER, including but not limited to COMMUNICATIONS with any third parties.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS REGARDING policies, instructions, advice or guidance provided to UBER employees REGARDING the use of anonymous servers.

**REQUEST FOR PRODUCTION NO. 17:**

All non-attributable devices used by LEVANDOWSKI.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS sufficient to identify the ephemeral communications systems used by anyone at UBER to communicate with LEVANDOWSKI or Lior Ron at any time.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS REGARDING the use of virtual machines that wipe clean upon closing the session by UBER employees in their work for UBER, including but not limited to COMMUNICATIONS with any third parties.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to identify any virtual machines that wipe clean upon closing the session used by UBER employees in their work for UBER.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to identify any virtual machines that wipe clean upon closing the session accessed or used by LEVANDOWSKI in his work for UBER or OTTOMOTTO.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to identify any virtual machines that wipe clean upon closing the session used or accessed by any member of UBER ATG in their work for UBER or OTTOMOTTO.

01980-00104/9710827.10

11   Case No. 3:17-cv-00939-WHA
PLAINTIFF WAYMO'S REQUESTS FOR PRODUCTION TO DEFENDANTS RELATING TO ISSUES IN JACOBS LETTER

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS REGARDING policies, instructions, advice, or guidance provided to UBER employees REGARDING methods or strategies to decrease the probability that documents are not discoverable in litigation or government investigations.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS REGARDING any presentation, training, instructions, advice, or guidance provided by SSG to UBER ATG, including but not limited to LEVANDOWSKI.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS REGARDING any presentation, training, instructions, advice, or guidance provided by SI to UBER ATG, including but not limited to LEVANDOWSKI.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and COMMUNICATIONS REGARDING any presentation, training, instructions, advice, or guidance provided by MA to UBER ATG, including but not limited to LEVANDOWSKI.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS REGARDING any presentation, training, instructions, advice, or guidance provided by Threat Operations to UBER ATG, including but not limited to LEVANDOWSKI.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS REGARDING the collection of any competitive intelligence on WAYMO or PROJECT CHAUFFEUR by UBER or any person or entity acting on UBER'S behalf.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS REGARDING the acquisition of or attempted acquisition of non-public autonomous vehicle technology of any UBER competitor.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS and COMMUNICATIONS REGARDING the preservation or deletion of information, including intelligence data, at UBER.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS REGARDING any trips made by Jake Nocon, Nick Gicinto, or Ed Russo, or any other member of SSG, SI, or MA, to meet with anyone from UBER ATG, including but not limited to any such trips to Pittsburgh, PA to meet with UBER ATG.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS REGARDING information exchanged between LEVANDOWSKI or Lior Ron and any person within SSG, SI, or MA, or Threat Operations.

**REQUEST FOR PRODUCTION NO. 33:**

All COMMUNICATIONS between Travis Kalanick and any person within SSG, SI, MA, or Threat Operations.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS and COMMUNICATIONS REGARDING SSG's or SI's VOC (virtual operations capability).

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS REGARDING any involvement of SSG, SI, MA, or Threat Operations in UBER'S acquisition of OTTOMOTTO, including but not limited to the negotiations between LEVANDOWSKI or Lior Ron and UBER.

01980-00104/9710827.10

13                                 Case No. 3:17-cv-00939-WHA
PLAINTIFF WAYMO'S REQUESTS FOR PRODUCTION TO DEFENDANTS RELATING TO ISSUES IN JACOBS LETTER

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS regarding the creation, purpose, branding, and rebranding of Threat Operations, SSG, SI, and MA.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS and COMMUNICATIONS regarding the budgets, headcounts, and financial resources provided to Threat Operations, SSG, SI, and MA.

**REQUEST FOR PRODUCTION NO. 38:**

DOCUMENTS sufficient to identify the complete organizational structure of UBER'S Threat Operations, SSG, SI, and MA divisions or teams from January 1, 2015 to present.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and COMMUNICATIONS REGARDING the statements made in Tony West's and Dara Khosrowshahi's emails regarding subjects referenced in the JACOBS LETTER (as reported at https://www.recode.net/2017/11/30/16721676/uber-security-tony-west-dara-khosrowshahi-security-practices-alphabet), including all statements related to the JACOBS LETTER itself (including "there is more than enough there to merit serious concern") and the statements that "we showed poor judgment in our approach to competitors and our use of ephemeral communication for business purposes," "I'm learning about practices we followed here in the past that are simply unacceptable," and "Another I've just learned about in the last couple of days involves Uber security personnel engaging in the human surveillance of individuals who work for competitors."

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS AND COMMUNICATIONS REGARDING issues raised to the "Hotline" referenced in Tony West's November 29, 2017 email (as reported at https://www.recode.net/2017/11/30/16721676/uber-security-tony-west-dara-khosrowshahi-security-practices-alphabet) and that relate to the issues raised in the JACOBS LETTER.

01980-00104/9710827.10
14
Case No. 3:17-cv-00939-WHA
PLAINTIFF WAYMO'S REQUESTS FOR PRODUCTION TO DEFENDANTS RELATING TO ISSUES IN JACOBS LETTER

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DATED: November 30, 2017      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  /s/ *Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for Plaintiff WAYMO LLC.

01980-00104/9710827.10

15      Case No. 3:17-cv-00939-WHA
PLAINTIFF WAYMO'S REQUESTS FOR PRODUCTION TO DEFENDANTS RELATING TO ISSUES IN JACOBS LETTER

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## PROOF OF SERVICE

I, Andrea Pallios Roberts, am employed in the County of San Mateo, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.

On November 30, 2017, I served true copies of the following document(s) described as "PLAINTIFF WAYMO LLC'S REQUESTS FOR PRODUCTION TO DEFENDANTS RELATING TO ISSUES IN JACOBS LETTER"

on the interested parties in this action as follows:

| Recipient | Email Address: |
|---|---|
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105 | UberWaymo@mofo.com |
| Michelle Ching Youn Yang<br>MORRISON FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006 | |
| Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304 | |
| Wendy Joy Ray<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017 | |
| Michael Darron Jay<br>BOIES SCHILLER & FLEXNER LLP<br>401 Wilshire Boulevard, Suite 850<br>Santa Monica, CA 90401 | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |

01980-00104/9710827.10

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

| | |
|---|---|
| 1 | Meredith Richardson Dearborn |
| | BOIES SCHILLER FLEXNER LLP |
| 2 | 435 Tasso Street |
| 3 | Suite 205 |
| | Palo Alto, CA 94301 |
| 4 | |
| 5 | Hamish Hume |
| | Jessica E Phillips |
| 6 | Karen Leah Dunn |
| 7 | Kyle N. Smith |
| | Martha Lea Goodman |
| 8 | BOIES SCHILLER FLEXNER LLP |
| 9 | 1401 New York Ave., NW |
| | Washington, DC 20005 |
| 10 | Bill Carmody            Uber-sg@LISTS.SUSMANGODFREY.COM |
| 11 | Shawn Rabin |
| | Susman Godfrey LLP |
| 12 | 32nd Floor |
| | 1301 Avenue of the Americas |
| 13 | New York, NY 10019 |

**BY ELECTRONIC MAIL TRANSMISSION:** by electronic mail transmission from andreaproberts@quinnemanuel.com on November 30, 2017, by transmitting a PDF format copy of such document(s) to each such person at the e mail address listed above.  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

　　　　Executed on November 30, 2017, at Redwood Shores, California.


　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Andrea Pallios Roberts_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Andrea Pallios Roberts

01980-00104/9710827.10