1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzález@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Tel:  415.268.7000 / Fax:  415.268.7522
5
    KAREN L. DUNN (*Pro Hac Vice*)
6   kdunn@bsfllp.com
    HAMISH P.M. HUME (*Pro Hac Vice*)
7   hhume@bsfllp.com
    BOIES SCHILLER FLEXNER LLP
8   1401 New York Avenue, N.W.
    Washington DC  20005
9   Tel:  202.237.2727 / Fax:  202.237.6131

10  WILLIAM CARMODY (*Pro Hac Vice*)
    bcarmody@susmangodfrey.com
11  SHAWN RABIN (*Pro Hac Vice*)
    srabin@susmangodfrey.com
12  SUSMAN GODFREY
    1301 Avenue of the Americas, 32nd Floor
13  New York, NY 10019-6023
    Tel: 212.336.8330 / Fax: 212.336.8340
14

15  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
16  and OTTOMOTTO LLC

17              UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA

19                SAN FRANCISCO DIVISION

20  WAYMO LLC,                          | Case No.      3:17-cv-00939-WHA

21              Plaintiff,              | **DECLARATION OF**
                                        | **THOMAS J. PARDINI IN SUPPORT**
22        v.                            | **OF PLAINTIFF WAYMO LLC'S**
                                        | **ADMINISTRATIVE MOTION TO**
23  UBER TECHNOLOGIES, INC.,            | **FILE UNDER SEAL WAYMO'S**
    OTTOMOTTO LLC; OTTO TRUCKING LLC,   | **LETTER BRIEF REGARDING ITS**
24                                      | **MOTION TO COMPEL (DKT. 2441)**
            Defendants.
25

26

27

28

PARDINI DECLARATION ISO PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 3:17-cv-00939-WHA
sf-3854696

1    I, Thomas J. Pardini, declare as follows:

2    1.    I am a member of the Bar of the State of California and an attorney at the law firm

3    of Morrison & Foerster LLP.  I make this declaration based upon matters within my own personal

4    knowledge and if called as a witness, I could and would competently testify to the matters set

5    forth herein.  I make this declaration in support of Plaintiff Waymo LLC's Administrative Motion

6    to File Under Seal Waymo's Letter Brief Regarding its Motion to Compel (Dkt. 2441).

7    2.    I have reviewed the following documents and confirmed that only the portions

8    identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit B | Red Boxes |
| Exhibit F | Red Boxes |
| Exhibit G | Entire Document |
| Exhibit H | Red Boxes |
| Exhibit O | Red Boxes |

17    3.    The red boxes in Exhibit B contain a list of current and former employee names

18    relating to certain internal communications.  Similarly, the red boxes on page 3 of Exhibit F and

19    page 3 of Exhibit O contain the name of an Uber employee relating to the inventory of non-

20    attributable devices.  Uber requests these names be kept confidential in order to preserve the

21    privacy of current and former employees of a company that is the subject of extensive media

22    coverage, and to protect these individuals from harm or harassment.  Uber's request is narrowly

23    tailored to names that have not been made public with respect to this subject matter.

24    4.    The red boxes on page 2 of Exhibit F and page 2 of Exhibit O contain the names of

25    two former employees, who were involved in confidential negotiations with Uber relating to the

26    possible implementation of a program that was never implemented at Uber and which was not the

27    subject of the allegations by Richard Jacobs (and thus not directly relevant to the issues here).

28    Their names have been maintained as confidential by Uber in relation to these confidential

1   proceedings.  Uber requests that these names be kept confidential in accordance with the

2   confidential proceedings and in order to protect the privacy of these former employees.

3       5.      The entirety of Exhibit G contains an Uber employee's draft internal document on

4   potential objectives considered by the employee for competitor research.  This information has

5   been maintained as highly confidential.  Disclosure of this information could allow competitors to

6   understand potential research objectives and options considered by an employee, indicating

7   specific information that Uber does and does not have about the self-driving industry, such that

8   Uber's competitive standing could be significantly harmed.

9       6.      The red boxes in Exhibit H contain references to a confidential third party vendor

10  Uber used to conduct open-source research.  Defendants request this information be sealed to

11  protect this confidential business relationship from disclosure and this third party vendor from

12  possible harassment.

13      7.      Defendants' request to seal is narrowly tailored to the portions of exhibits to

14  Waymo's Letter Brief that merit sealing.

15          I declare under penalty of perjury that the foregoing is true and correct.  Executed this 2nd

16  day of January, 2018 at San Francisco, California.

17

18                                          */s/ Thomas J. Pardini*
                                            Thomas J. Pardini

19

20

21

22

23

24

25

26

27

28