**JANUARY 3, 2018.**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

  v.

UBER TECHNOLOGIES, INC.,
and OTTOMOTTO LLC,

    Defendants.
_____/

No. C 17-00939 WHA

**SPECIAL VERDICT FORM
[PROPOSED]**

*In answering this special verdict form, please refer to the Alleged Trade Secrets as defined and numbered in Trial Exhibit _____. Your answers must be unanimous.*

    1.    Separately as to each Alleged Trade Secret, state whether or not Waymo has proven the following parts of its claim for misappropriation against Uber Technologies, Inc. Answer "Yes" or "No." To sustain such a claim as to any Alleged Trade Secret, you must find Waymo has proven all of the elements in the three columns below, meaning "Yes" in all three columns. If you answer "No" as to any column, then you need not consider and need not answer as to the other columns for that particular Alleged Trade Secret, although you may do so if you wish. You are free to consider the Alleged Trade Secrets and the columns in any sequence or order you prefer. In any answer, you must follow the instructions of law.

|  | ENFORCIBLE TRADE SECRET? | IMPROPERLY ACQUIRED? | USED OR DISCLOSED? |
|---|---|---|---|
| ALLEGED TRADE SECRET NO. 2 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 7 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 9 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 13 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 14 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 25 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 90 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 111 | _____ | _____ | _____ |

*If you have answered "No" in at least one column for all eight Alleged Trade Secrets, then skip ahead to Question No. 5. Otherwise, meaning you have answered "Yes" as to all three columns for at least one Alleged Trade Secret, continue to the next three questions.*

2. Only with respect to any Alleged Trade Secret for which you answered "Yes" in all three columns in the previous question, state whether or not Waymo has proven that Uber was unjustly enriched and that such use or disclosure was a substantial factor in bringing about such unjust enrichment. If you answer "Yes," then further state the dollar amount by which Waymo has proven that Uber was unjustly enriched (or, if such amount is not calculable, then enter "Zero" in the dollar amount column). If you answer "No," then leave the dollar amount column blank:

|  | UNJUST ENRICHMENT/ SUBSTANTIAL FACTOR? | DOLLAR AMOUNT |
|---|---|---|
| ALLEGED TRADE SECRET NO. 2 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 7 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 9 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 13 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 14 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 25 | _____ | _____ |

|  | UNJUST ENRICHMENT/ SUBSTANTIAL FACTOR? | DOLLAR AMOUNT |
|---|---|---|
| ALLEGED TRADE SECRET NO. 90 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 111 | _____ | _____ |

Remember, as I said in the jury instructions, if you answer "Yes" and "Zero" as to any Alleged Trade Secret, we may have supplemental proceedings as to that Alleged Trade Secret with respect to an alternative form of award.

3. If you entered dollar amounts greater than zero in two or more blanks in the preceding question, then, in order to eliminate any possibility of double or multiple counting, state the grand total of all such unjust enrichment to Uber without any double or multiple countings:

$_____

4. Has Waymo proven that Uber acted willfully and maliciously with respect to any misappropriation found by you? If "Yes," state the dollar amount of any exemplary damages you award.

| YES | NO | AMOUNT |
|---|---|---|
| _____ | _____ | $_____ |

\*       \*       \*

*The next group of questions concerns Ottomotto LLC and parallels the questions above.*

3

5. Separately as to each Alleged Trade Secret, state whether or not Waymo has proven the following parts of its claim for misappropriation against Ottomotto LLC. Answer "Yes" or "No." To sustain such a claim as to any Alleged Trade Secret, you must find Waymo has proven all of the elements in the three columns below, meaning "Yes" in all three columns. If you answer "No" as to any column, then you need not consider and need not answer as to the other columns for that particular Alleged Trade Secret, although you may do so if you wish. You are free to consider the Alleged Trade Secrets and the columns in any sequence or order you prefer. In any answer, you must follow the instructions of law for that issue.

|  | ENFORCIBLE TRADE SECRET? | IMPROPERLY ACQUIRED? | USED OR DISCLOSED? |
|---|---|---|---|
| ALLEGED TRADE SECRET NO. 2 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 7 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 9 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 13 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 14 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 25 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 90 | _____ | _____ | _____ |
| ALLEGED TRADE SECRET NO. 111 | _____ | _____ | _____ |

*If you have answered "No" in at least one column for all eight Alleged Trade Secrets, then you are done — go to the end of the form and sign and date it. Otherwise, meaning you have answered "Yes" as to all three columns for at least one Alleged Trade Secret, continue to the next three questions.*

6. Only with respect to any Alleged Trade Secret for which you answered "Yes" in all three columns in the previous question, state whether or not Waymo has proven that Ottomotto was unjustly enriched and that such use or disclosure was a substantial factor in bringing about such unjust enrichment. If you answer "Yes," then further state the dollar amount by which Waymo has proven that Ottomotto was unjustly enriched (or, if such amount

4

is not calculable, then enter "Zero" in the dollar amount column).  If you answer "No," then leave the dollar amount column blank:

|  | UNJUST ENRICHMENT/ SUBSTANTIAL FACTOR? | DOLLAR AMOUNT |
|---|---|---|
| ALLEGED TRADE SECRET NO. 2 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 7 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 9 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 13 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 14 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 25 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 90 | _____ | _____ |
| ALLEGED TRADE SECRET NO. 111 | _____ | _____ |

Remember, as I said in the jury instructions, if you answer "Yes" and "Zero" as to any Alleged Trade Secret, we may have supplemental proceedings as to that Alleged Trade Secret with respect to an alternative form of award.

7.   If you entered a dollar amount greater than zero in two or more blanks in the preceding question, then, in order to eliminate any possibility of double or multiple counting, state the grand total of all such unjust enrichment to Ottomotto without any double or multiple countings:

$_____

8. Has Waymo proven that Ottomotto acted willfully and maliciously with respect to any misappropriation found by you? If "Yes," state the dollar amount of any exemplary damages you award.

| YES | NO | AMOUNT |
|-----|-----|--------|
| _____ | _____ | $_____ |

*Your answer to all of the foregoing questions must be unanimous.*

Dated: February ___, 2018.

_____
FOREPERSON