# Exhibit A

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
1              UNITED STATES DISTRICT COURT
2            NORTHERN DISTRICT OF CALIFORNIA
3                 SAN FRANCISCO DIVISION
4
5   WAYMO LLC,
6        Plaintiff,
7
              vs.             Case No. 17-cv-00939-WHA
8
9   UBER TECHNOLOGIES, INC.;
10  OTTOMOTTO, LLC; OTTO
    TRUCKING LLC,
11       Defendants.
12  _____
13
14      HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY
15         VIDEO DEPOSITION OF TRAVIS KALANICK
16              San Francisco, California
17             Thursday, December 14, 2017
18                      Volume III
19
20
21  REPORTED BY:
22  REBECCA L. ROMANO, RPR, CSR No. 12546
23  JOB NO. 2771242
24
25  PAGES 504 - 668
```

Page 504

| | | |
|---|---|---|
| 1 | generally, was -- you know, we had a -- you know, a | 12:45:18 |
| 2 | former AUSA, a former prosecutor in Joe Sullivan | |
| 3 | sort of overseeing -- you know, there are a lot of | |
| 4 | groups in his -- you know, in his domain, but that | |
| 5 | was one of them, and felt pretty confident that, | 12:45:31 |
| 6 | you know, he sort of knew how to manage that kind | |
| 7 | of -- that kind of effort. | |
| 8 |     Q.   Okay.  At some point in time, you did -- | |
| 9 | became aware of allegations that Ric Jacobs, now | |
| 10 | former Uber employee, made; is that -- is that | 12:45:53 |
| 11 | right? | |
| 12 |     A.   Yeah.  There was an email that was -- | |
| 13 | that, I think, he sent when he resigned, and I | |
| 14 | would -- I -- I received that email. | |
| 15 |     Q.   Okay.  What -- how did you react to that | 12:46:02 |
| 16 | email when you saw it? | |
| 17 |     A.   Well, look, I mean, it was a -- it was a | |
| 18 | serious email.  So I took it seriously and | |
| 19 | forwarded it to Joe Sullivan, who runs security.  I | |
| 20 | was obviously concerned; like, hey, is any of this | 12:46:21 |
| 21 | true? | |
| 22 |     Q.   Is that something that you asked him, or | |
| 23 | it's just you're -- that's just the reaction, which | |
| 24 | is what I -- | |
| 25 |     A.   Well, that's certainly -- | 12:46:31 |

Page 522

| | | |
|---|---|---|
| 1 | Q.  (By Mr. Perlson)  Okay.  But counsel for | 12:49:42 |
| 2 | Uber was present at the interview? | |
| 3 | A.  I don't remember. | |
| 4 | Q.  Okay. | |
| 5 | A.  I don't remember anybody -- sorry.  I | 12:49:48 |
| 6 | don't remember any Uber internal counsel being | |
| 7 | there.  There was Uber external counsel. | |
| 8 | Q.  Right. | |
| 9 | A.  Yeah. | |
| 10 | Q.  Wilmer was the firm that Uber had | 12:49:58 |
| 11 | retained, right? | |
| 12 | A.  Correct.  Yeah. | |
| 13 | Q.  Af- -- subsequent to your email -- I'm | |
| 14 | sorry, not your email.  Sorry. | |
| 15 | A.  Yeah. | 12:50:11 |
| 16 | Q.  Subsequent to the email that Mr. Jacobs | |
| 17 | sent you in April, there was a -- he sent a demand | |
| 18 | letter to -- to Uber.  Do you -- did -- in May. | |
| 19 | Did you see -- receive that? | |
| 20 | A.  I did not. | 12:50:19 |
| 21 | Q.  Okay.  And have you ever seen that? | |
| 22 | A.  No. | |
| 23 | Q.  Have you ever discussed the -- the | |
| 24 | contents of -- of that letter? | |
| 25 | A.  At a very high level in prep for this | 12:50:28 |

| | | |
|---|---|---|
| 1 | deposition. | 12:50:31 |
| 2 | Q. Okay. Had -- prior to your preparation | |
| 3 | for this deposition, had anyone ever told you what | |
| 4 | the contents of the allegation of the -- the May | |
| 5 | demand letter were? | 12:50:46 |
| 6 | A. No. | |
| 7 | Q. Did you know that it existed before your | |
| 8 | prep for your deposition? | |
| 9 | A. At -- at -- | |
| 10 | MS. DUNN: Objection to form. | 12:50:56 |
| 11 | THE DEPONENT: -- at some point I knew | |
| 12 | that some kind of letter existed, but I didn't know | |
| 13 | what it was. | |
| 14 | Q. (By Mr. Perlson) Did you ever ask to see | |
| 15 | it? | 12:51:04 |
| 16 | A. I don't remember if I asked to see it. I | |
| 17 | know I never got to saw -- see it, and it may have | |
| 18 | been because there was an independent | |
| 19 | investigation. I -- I don't remember specifically | |
| 20 | asking for it. | 12:51:16 |
| 21 | Q. Did you ever ask for the results of the | |
| 22 | investigation into the allegations made by | |
| 23 | Mr. Jacobs? | |
| 24 | A. Yes. | |
| 25 | Q. When was that? | 12:51:30 |

Page 527

1      I, Rebecca L. Romano, a Certified Shorthand
2  Reporter of the State of California, do hereby
3  certify:
    That the foregoing proceedings were taken
4  before me at the time and place herein set forth;
5  that any witnesses in the foregoing proceedings,
6  prior to testifying, were administered an oath;
7  that a record of the proceedings was made by me
using machine shorthand which was thereafter
8  transcribed under my direction; that the foregoing
9  transcript is true record of the testimony given.
10      Further, that if the foregoing pertains to the
11  original transcript of a deposition in a Federal
12  Case, before completion of the proceedings, review
13  of the transcript [ ] was [x] was not requested.
14      I further certify I am neither financially
interested in the action nor a relative or employee
15  of any attorney or any party to this action.
16      IN WITNESS WHEREOF, I have this date
17  subscribed my name.
18
19  Dated:  December 15, 2017
20
21
22
23
24      _____
    Rebecca L. Romano, RPR,
25        CSR. No 12546