# Exhibit C

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4
 5   WAYMO LLC,                        )
                                       )
 6               Plaintiff,            )
                                       ) Case No.
 7            vs.                      ) 3:17-cv-000939-WHA
                                       )
 8   UBER TECHNOLOGIES, INC.;          )
     OTTOMOTTO LLC; OTTO TRUCKING,     )
 9   INC.,                             )
                                       )
10               Defendants.           )
     _____    )
11
12     *** HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY ***
13
14        VIDEOTAPED DEPOSITION OF SIDNEY MAJALYA
15               San Francisco, California
16             Wednesday, December 20, 2017
17                      Volume I
18
19
20
21   Reported by:
22   CARLA SOARES
     CSR No. 5908
23   Job No. 2779413
24
25   Pages 1 - 267
```

Page 1

| | | |
|---|---|---|
| 1 | don't -- but Salle may have already been on it.  So | 13:47:27 |
| 2 | I don't exactly remember who she forwarded the | |
| 3 | e-mail to. | |
| 4 |     Q   Do you know if Mr. Kalanick forwarded | |
| 5 | Mr. Jacobs' e-mail to anyone? | 13:47:40 |
| 6 |     A   I don't. | |
| 7 |     Q   Do you know if Ms. Hazelbaker forwarded it | |
| 8 | to anybody? | |
| 9 |     A   I didn't even recall that she received it. | |
| 10 |     Q   If you look at the bottom of Exhibit 9659, | 13:47:49 |
| 11 | you'll see that she's on the e-mail from Mr. Jacobs, | |
| 12 | right? | |
| 13 |     A   Yes. | |
| 14 |     Q   Do you see that Ms. Hornsey is also on the | |
| 15 | e-mail? | 13:47:57 |
| 16 |     A   I do. | |
| 17 |     Q   Do you know if Ms. Hornsey forwarded | |
| 18 | Mr. Jacobs' resignation e-mail to anybody? | |
| 19 |     A   I do not. | |
| 20 |     Q   When you received Mr. Jacobs' resignation | 13:48:07 |
| 21 | e-mail, who did you discuss it with, other than | |
| 22 | Mr. Spiegler and Ms. Yoo? | |
| 23 |     A   I think I already testified that I | |
| 24 | discussed it at some point with Ms. Padilla. | |
| 25 |     Q   Anybody else? | 13:48:22 |

Page 135

| | | |
|---|---|---|
| 1 | A   I do. | 14:07:01 |
| 2 | Q   So he was forwarding Mr. Jacobs' lawyer's | |
| 3 | demand letter to those people on the e-mail chain, | |
| 4 | right? | |
| 5 | MS. DUNN:  Objection.  Foundation. | 14:07:12 |
| 6 | THE WITNESS:  Apparently.  So it appears. | |
| 7 | BY MR. EISEMAN: | |
| 8 | Q   And who are those people that he forwarded | |
| 9 | the e-mail to? | |
| 10 | A   I have no idea, other than Stacey | 14:07:21 |
| 11 | Sprenkel, who I said earlier was working with us on | |
| 12 | our assessment.  I don't know any of the other | |
| 13 | individuals. | |
| 14 | Q   Well, you know Arturo Gonzalez, don't you? | |
| 15 | A   I know who he is. | 14:07:34 |
| 16 | Q   Right. | |
| 17 | A   But I -- I know that he represents Uber in | |
| 18 | the Waymo case. | |
| 19 | Q   Do you have any information as to why | |
| 20 | Mr. Duross sent the April 19th Jacobs demand letter | 14:07:43 |
| 21 | to this group of people? | |
| 22 | MS. DUNN:  Objection.  Form. | |
| 23 | THE WITNESS:  I do not. | |
| 24 | BY MR. EISEMAN: | |
| 25 | Q   Were these some of the people who were | 14:07:53 |

| | | |
|---|---|---|
| 1 | A   I don't -- that's an excellent question. | 14:51:13 |
| 2 | I don't exactly know. | |
| 3 | Q   Did you interact with O'Melveny & Myers in | |
| 4 | connection with any of Mr. Jacobs' allegations? | |
| 5 | A   I've interacted with O'Melveny & Myers, | 14:51:29 |
| 6 | but I would not say it was specifically related to | |
| 7 | the allegations in the Jacobs letter. | |
| 8 | Q   What about Mr. Jacobs' allegations | |
| 9 | generally, not just limited to the letter?  Did you | |
| 10 | interact with O'Melveny & Myers? | 14:51:43 |
| 11 | MS. DUNN:  Form. | |
| 12 | THE WITNESS:  Not with respect to Jacobs. | |
| 13 | BY MR. EISEMAN: | |
| 14 | Q   Did you interact with Shearman & Sterling | |
| 15 | with regard to Mr. Jacobs' allegations? | 14:51:52 |
| 16 | A   We may have had one meeting, one or two | |
| 17 | conversations with Patrick Robbins about the Jacobs | |
| 18 | matter. | |
| 19 | Q   When you say "we," do you mean you and Joe | |
| 20 | Spiegler? | 14:52:14 |
| 21 | A   Joe Spiegler and myself.  Yeah. | |
| 22 | Q   Do you know when that meeting took place? | |
| 23 | A   I don't.  Likely it would have been in the | |
| 24 | June time frame at some point, but I don't have a | |
| 25 | specific recollection. | 14:52:29 |

| | | |
|---|---|---|
| 1 | those are the people that I recall having any | 15:06:08 |
| 2 | knowledge or interaction about the Jacobs letter and | |
| 3 | allegations. | |
| 4 |     Q   Do you know if anybody besides Ms. Padilla | |
| 5 | and the litigation group at Uber knew about the | 15:06:18 |
| 6 | letter? | |
| 7 |     A   Oh, let me -- I'm sorry.  Let me add one | |
| 8 | more person to my prior answer. | |
| 9 |     I believe Candace Kelly at some time also | |
| 10 | knew. | 15:06:31 |
| 11 |     Q   Right.  Okay.  Anybody else? | |
| 12 |     A   No.  I'm sorry.  If you could repeat your | |
| 13 | last question. | |
| 14 |     Q   Yeah. | |
| 15 |     Do you know if anybody within the Uber | 15:06:40 |
| 16 | litigation group knew about the Jacobs issues? | |
| 17 |     A   Other than Angela, I don't think so. | |
| 18 |     And again, when you say "the litigation | |
| 19 | group," the litigation and employment group are both | |
| 20 | under Angela's auspices, but I'm separating them for | 15:07:04 |
| 21 | purposes of this response. | |
| 22 |     MR. EISEMAN:  All right.  Let's mark as | |
| 23 | Exhibit 9664 the next document. | |
| 24 |     (Exhibit 9664 was marked for | |
| 25 |     identification and is attached hereto.) | 15:07:21 |

Page 186

1     I, the undersigned, a Certified Shorthand
2  Reporter of the State of California, do hereby
3  certify:
         That the foregoing proceedings were taken
4  before me at the time and place herein set forth;
5  that any witnesses in the foregoing proceedings,
6  prior to testifying, were administered an oath; that
7  a record of the proceedings was made by me using
   machine shorthand which was thereafter transcribed
8  under my direction; that the foregoing transcript is
9  a true record of the testimony given.
10         Further, that if the foregoing pertains to
11 the original transcript of a deposition in a Federal
   Case, before completion of the proceedings, review
12 of the transcript [ ] was [X] was not requested.
13         I further certify I am neither financially
14 interested in the action nor a relative or employee
15 of any attorney or any party to this action.
16         IN WITNESS WHEREOF, I have this date
   subscribed my name.
17
18 Dated: December 21, 2017
19
20
21
22
23              *Carla Soares*
24              CARLA SOARES
25              CSR No. 5908

                                      Page 267