# Exhibit D

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1            UNITED STATES DISTRICT COURT
 2           NORTHERN DISTRICT OF CALIFORNIA
 3              SAN FRANCISCO DIVISION
 4
 5   WAYMO LLC,
 6        Plaintiff,
 7           vs.              Case No.
 8   UBER TECHNOLOGIES,INC.;   17-cv-00939-WHA
 9   OTTOMOTTO, LLC; OTTO
10   TRUCKING LLC,
11        Defendants.
     _____
12
13     HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
14
15       VIDEOTAPED DEPOSITION OF JOE SPIEGLER
16              San Francisco, California
17              Friday, December 22, 2017
18                      Volume I
19
20
21   REPORTED BY:
22   REBECCA L. ROMANO, RPR, CSR No. 12546
23   JOB NO. 2771356
24
25   PAGES 1 - 307
```

Page 1

| | | |
|---|---|---|
| 1 | conversation with Kalanick, so I just want to be | 10:51:55 |
| 2 | sure what -- where we are. | |
| 3 |     MR. EISEMAN: Right.  Let me try to ask a | |
| 4 | different question then. | |
| 5 |     Q.  (By Mr. Eiseman)  Prior to June 22nd, did | 10:52:03 |
| 6 | you have any discussions with anybody who was the | |
| 7 | subject of Mr. Jacobs' allegations in his | |
| 8 | resignation email or his lawyer's later letter? | |
| 9 |     A.  Yes. | |
| 10 |     Q.  Who did you speak with? | 10:52:16 |
| 11 |     A.  I spoke with Joe Sullivan. | |
| 12 |     Q.  Anybody else? | |
| 13 |     A.  I don't recall other individuals.  I | |
| 14 | believe Mat Henley, I believe Jeff Jones, in the | |
| 15 | context of a meeting with the security leadership | 10:52:36 |
| 16 | team to give them -- at the direction of my boss, | |
| 17 | Salle Yoo -- an update and report to the extent | |
| 18 | I -- not report, a -- a status on the -- the | |
| 19 | process in consultation with lawyers from | |
| 20 | WilmerHale.  This was at Joe Sullivan's request and | 10:53:02 |
| 21 | at Salle's direction. | |
| 22 |     I also recall a videoconference, I -- I | |
| 23 | believe perhaps all the parties were in person, but | |
| 24 | with -- with Salle, with Joe, perhaps Angela, | |
| 25 | perhaps Sidney, which preceded the meeting that I | 10:53:26 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | just described.  It's possible our outside counsel | 10:53:31 |
| 2 | was on that call as well, from WilmerHale, so | |
| 3 | that's... | |
| 4 |     Q.   Other than the one meeting that you had | |
| 5 | with Mr. Sullivan, Mr. Henley, Mr. Jones, and | 10:53:43 |
| 6 | perhaps others from the security group, did you | |
| 7 | have any other discussions with members of the | |
| 8 | security group regarding Mr. Jacobs' allegations? | |
| 9 |     A.   I don't believe so. | |
| 10 |     Q.   Did -- in that meeting, did you ask any | 10:54:01 |
| 11 | members of the security group to provide you with | |
| 12 | documents relating to Mr. Jacobs' allegations? | |
| 13 |     A.   No. | |
| 14 |     Q.   And by the time you had that meeting to | |
| 15 | talk about process, you had retained WilmerHale. | 10:54:14 |
| 16 |     A.   Yes. | |
| 17 |     Q.   But you don't think the WilmerHale | |
| 18 | lawyers were at the meeting? | |
| 19 |     A.   So at the meeting that I described | |
| 20 | with -- with Joe Sullivan, with Mat Henley, with | 10:54:24 |
| 21 | Jeff Jones -- and there were probably three or four | |
| 22 | other people, I just can't recall their names, | |
| 23 | maybe Rod -- Ross Worden was on the calls -- or on | |
| 24 | the -- it was -- excuse me -- some people were in | |
| 25 | person and others were by Zoom. | 10:54:37 |

| | | |
|---|---|---|
| 1 | instruct you not to answer. | 11:01:36 |
| 2 | THE DEPONENT: Okay. Okay. Okay. | |
| 3 | Q. (By Mr. Eiseman) I don't want you to | |
| 4 | tell me anything that might have been discussed, | |
| 5 | but did you, yes or no, discuss the substance of | 11:01:51 |
| 6 | Mr. Jacobs claims at that meeting? | |
| 7 | A. No. | |
| 8 | Q. Did you ever discuss the substance of | |
| 9 | Mr. Jacobs claims with anybody from the security | |
| 10 | group? | 11:02:03 |
| 11 | A. No. | |
| 12 | Q. You left that to WilmerHale? | |
| 13 | MR. JACOBS: Objection. Form. | |
| 14 | THE DEPONENT: I -- when you mean | |
| 15 | "discuss," do you mean interview them, or do you | 11:02:16 |
| 16 | mean update them? | |
| 17 | Q. (By Mr. Eiseman) No, I -- | |
| 18 | A. Let -- let me just try and clarify. | |
| 19 | I -- I don't know what Wilmer's | |
| 20 | conversations with the security team were, | 11:02:27 |
| 21 | period -- | |
| 22 | Q. Right. | |
| 23 | A. -- I don't believe that WilmerHale would | |
| 24 | discuss the allegations with the implicated | |
| 25 | parties, if that's what you were suggesting with | 11:02:35 |

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1        I, Rebecca L. Romano, a Certified Shorthand
2   Reporter of the State of California, do hereby
3   certify:
4        That the foregoing proceedings were taken
5   before me at the time and place herein set forth;
6   that any witnesses in the foregoing proceedings,
7   prior to testifying, were administered an oath;
8   that a record of the proceedings was made by me
9   using machine shorthand which was thereafter
10  transcribed under my direction; that the foregoing
11  transcript is true record of the testimony given.
12       Further, that if the foregoing pertains to the
13  original transcript of a deposition in a Federal
14  Case, before completion of the proceedings, review
15  of the transcript [X] was [ ] was not requested.
16       I further certify I am neither financially
17  interested in the action nor a relative or employee
18  of any attorney or any party to this action.
19       IN WITNESS WHEREOF, I have this date
20  subscribed my name.
21       Dated:  December 26, 2017
22
23       *[signature: Rebecca S. Romano]*
24       Rebecca L. Romano, RPR,
25       CSR. No 12546

Page 307