UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>   Defendants. | Case No. 17-cv-00939-WHA (JSC)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 2442, 2450 |

Following an evidentiary hearing regarding the Richards Jacob's letter, the district court reopened discovery "to get to the bottom of new evidence" that came to light as a result of the letter. (Dkt. No. 2315.) The time for this supplemental discovery closed on December 22, 2017. (Dkt. No. 2310 at 159.) Seven days later, on the last day possible to bring a discovery dispute to this Court's attention, Waymo filed a discovery letter brief raising several issues with its supplemental discovery. The Court ordered Uber to respond by 10:00 a.m. on January 4, 2018 (Dkt. No. 2248.) Upon review of Waymo's letter and exhibits and Uber's opposition and exhibits, the Court rules as set forth below.

**1. Interrogatory No. 1**

Uber shall supplement its response to Waymo's Interrogatory No. 1 on or before January 8, 2018. There is no justification for Uber's limiting its response to only those personnel who received an actual copy of the Jacobs letter, especially in light of the district court's explicit command that the supplemental discovery include "the identities of all defendants' personnel who were aware of Jacob's letter or email before November 22." (Dkt. No. 2315 at 2.) Uber's lament that the interrogatory is vague as to whether aware means aware of the allegations in the letter and, if so, which allegations is not well taken. The interrogatory asks for the identities of personnel

aware of the letter or email, not for persons merely aware of the allegations made.

**2.** *In Camera* **Review**

Waymo's request for *in camera* review of a subset of documents or redactions withheld on privilege grounds is granted in part and denied in part. As Uber emphasizes, given the compressed time frame it had for production it is unsurprising that some documents would have been initially improperly withheld or inconsistently redacted. That means, however, that there is a concern that some documents may not be properly redacted. On the other hand, despite several weeks of targeted discovery, including many depositions and document productions, Waymo does not identify any particular information that such redactions, if improper, are likely to reveal that are relevant to a claim or defense in this action. Thus, the random *in camera* review requested by Waymo is not proportional to the needs of the case. Instead, Waymo may identify for Uber 50 pages by bates number that it wants the Court to review *in camera*. It shall provide those bates numbers to Uber by 5:00 p.m. on January 5, 2018. Uber shall provide the Court with unredacted copies of those Waymo-identified 50 pages that identify the redacted portions by 5:00 p.m. on Monday, January 9, 2018.

**3.   Documents Regarding Vendor 1**

The Court is satisfied that Uber is not withholding responsive documents.

**4.   Chat Application Default Settings**

Unless the parties reach a different agreement, on or before 5:00 p.m. on January 5, 2018 each shall provide the other in the form of a verified interrogatory response the default retention settings that were generally approved for use at Uber/Google.

This Order disposes of Docket Nos. 2442 and 2450. As more than a week has passed since the close of discovery, no further discovery disputes may be brought to the Court's attention.

**IT IS SO ORDERED.**

Dated: January 4, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2