QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Lindsay Cooper (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>          Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF LINDSAY COOPER IN SUPPORT OF WAYMO'S ADMINISTRATIVE MOTION TO SEAL PLAINTIFF WAYMO'S OFFER OF PROOF REGARDING DEFENDANTS' DISCOVERY MISCONDUCT** |

I, Lindsay Cooper, declare as follows:

1.  I am an attorney licensed to practice in the State of California and am admitted to practice before this Court.  I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo").  I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2.  I make this declaration in support of Waymo's Administrative Motion to File Under Seal ("Waymo's Administrative Motion") confidential information in its Offer of Proof Regarding Defendant's Discovery Misconduct  ("Offer of Proof").  Waymo's Administrative Motion seeks an order sealing the following materials:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Offer of Proof | Highlighted in blue | Defendants |
|  | Highlighted in green | Waymo |
| Exhibit 1 | Entire document | Defendants |
| Exhibit 2 | Entire document | Defendants |
| Exhibit 3 | Entire document | Defendants |
| Exhibit 4 | Entire document | Defendants |
| Exhibit 5 | Entire document | Defendants |
| Exhibit 6 | Entire document | Defendants |
| Exhibit 7 | Entire document | Defendants |
| Exhibit 8 | Entire document | Defendants |
| Exhibit 9 | Entire document | Defendants |
| Exhibit 10 | Entire document | Defendants |
| Exhibit 12 | Entire document | Defendants |
| Exhibit 13 | Entire document | Defendants |
| Exhibit 14 | Entire document | Defendants |
| Exhibit 15 | Entire document | Defendants |
| Exhibit 16 | Entire document | Defendants |
| Exhibit 17 | Entire document | Defendants |
| Exhibit 18 | Entire document | Defendants |
| Exhibit 19 | Entire document | Defendants |
| Exhibit 20 | Entire document | Defendants |
| Exhibit 21 | Entire document | Defendants |
| Exhibit 22 | Entire document | Defendants |
| Exhibit 23 | Entire document | Defendants |
| Exhibit 24 | Entire document | Defendants |
| Exhibit 27 | Entire document | Defendants |
| Exhibit 32 | Entire document | Defendants |
| Exhibit 33 | Entire document | Waymo |
| Exhibit 34 | Entire document | Defendants |

| | | |
|---|---|---|
| Exhibit 35 | Entire document | Defendants |
| Exhibit 36 | Entire document | Defendants |
| Exhibit 37 | Entire document | Defendants |
| Exhibit 38 | Entire document | Defendants |
| Exhibit 40 | Entire document | Defendants |
| Exhibit 41 | Entire document | Defendants |
| Exhibit 42 | Entire document | Defendants |
| Exhibit 43 | Entire document | Defendants |
| Exhibit 44 | Entire document | Defendants |
| Exhibit 45 | Entire document | Defendants |
| Exhibit 48 | Entire document | Defendants |
| Exhibit 49 | Entire document | Defendants |
| Exhibit 50 | Entire document | Defendants |
| Exhibit 51 | Entire document | Defendants |
| Exhibit 52 | Entire document | Defendants |
| Exhibit 53 | Entire document | Defendants |
| Exhibit 54 | Entire document | Defendants |
| Exhibit 56 | Entire document | Defendants and/or third-parties |
| Exhibit 57 | Entire document | Defendants and/or third-parties |
| Exhibit 58 | Entire document | Defendants and/or third-parties |
| Exhibit 60 | Entire document | Defendants and/or third-parties |
| Exhibit 61 | Entire document | Defendants |
| Exhibit 62 | Entire document | Defendants |
| Exhibit 63 | Entire document | Defendants |
| Exhibit 64 | Entire document | Defendants |
| Exhibit 65 | Entire document | Defendants |
| Exhibit 66 | Entire document | Defendants |
| Exhibit 67 | Entire document | Defendants |
| Exhibit 68 | Entire document | Defendants |
| Exhibit 69 | Entire document | Defendants |
| Exhibit 70 | Entire document | Defendants |
| Exhibit 71 | Entire document | Defendants and/or third-parties |
| Exhibit 72 | Entire document | Defendants and/or third-parties |
| Exhibit 73 | Entire document | Defendants and/or third-parties |
| Exhibit 75 | Entire document | Defendants and/or third-parties |
| Exhibit 76 | Entire document | Defendants |
| Exhibit 77 | Entire document | Defendants |
| Exhibit 78 | Entire document | Defendants |

| | | |
|---|---|---|
| Exhibit 83 | Entire document | Defendants |
| Exhibit 84 | Entire document | Defendants |
| Exhibit 85 | Entire document | Defendants |
| Exhibit 86 | Entire document | Defendants |
| Exhibit 87 | Entire document | Defendants |
| Exhibit 88 | Entire document | Defendants |
| Exhibit 90 | Entire document | Defendants |
| Exhibit 93 | Entire document | Defendants |
| Exhibit 94 | Entire document | Defendants |
| Exhibit 95 | Entire document | Defendants and/or third-parties |
| Exhibit 96 | Entire document | Defendants and/or third-parties |
| Exhibit 97 | Entire document | Defendants and/or third-parties |
| Exhibit 99 | Entire document | Third-parties |
| Exhibit 100 | Entire document | Defendants and/or third-parties |
| Exhibit 101 | Entire document | Defendants and/or third-parties |
| Exhibit 102 | Entire document | Defendants |
| Exhibit 103 | Entire document | Defendants |
| Exhibit 104 | Entire document | Defendants |
| Exhibit A | Entire document | Defendants |
| Exhibit B | Entire document | Defendants |
| Exhibit C | Entire document | Defendants |
| Exhibit D | Entire document | Defendants |
| Exhibit E | Entire document | Defendants |
| Exhibit F | Entire document | Defendants |
| Exhibit G | Entire document | Defendants |
| Exhibit H | Entire document | Defendants |
| Exhibit I | Entire document | Defendants |
| Exhibit J | Entire document | Defendants |
| Exhibit K | Entire document | Defendants |
| Exhibit L | Entire document | Defendants and/or third-parties |
| Exhibit M | Entire document | Waymo |
| Exhibit N | Entire document | Defendants and/or third-parties |
| Exhibit P | Entire document | Defendants |
| Exhibit Q | Entire document | Defendants and/or third-parties |
| Exhibit R | Entire document | Defendants and/or third-parties |
| Exhibit S | Entire document | Defendants and/or third-parties |

| Exhibit T | Entire document | Defendants |
|---|---|---|
| Exhibit U | Entire document | Defendants |
|  | Highlighted in green | Waymo |
| Exhibit V | Entire document | Defendants |
|  | Highlighted in green | Waymo |
| Exhibit W | Entire document | Defendants |
| Exhibit X | Entire document | Defendants |
| Exhibit Y | Entire document | Defendants |
| Exhibit Z | Entire document | Defendants |
| Exhibit AA | Entire document | Defendants |

3.  Waymo's Offer of Proof, Exhibit 33, and Exhibits M, U, and V, contain, reference, and/or describe highly confidential trade secret and and sensitive business information. Portions of Waymo's Offer of Proof and Exhibits U & V (portions highlighted in green) contain, reference, and/or describe Waymo's asserted trade secrets. I understand that these trade secrets are maintained as secret by Waymo (Dkt. 25-47) and are valuable as trade secrets to Waymo's business (Dkt. 25-31). The public disclosure of this information would give Waymo's competitors access to in-depth descriptions—and analysis—of the functionality of Waymo's autonomous vehicle system. Portions of Waymo's Offer of Proof (portions highlighted in green), Exhibit 33, and Exhibit M also details confidential internal policies regarding off-the-record communication systems. I understand that this confidential business information is maintained by Waymo as secret. The public disclosure of this information would give Waymo's competitors access to information about Waymo's business practices, and if such information were made public, I understand that Waymo's competitive standing would be significantly harmed. Exhibit 33 is also privileged attorney work product, which is only disclosed to the court and opposing counsel in this litigation pursuant to Rule 502, Fed R. Evid. (*See* Dkt. 2363). Waymo's request to seal is narrowly tailored to only this information that merits sealing.

4.  Waymo's Offer of Proof and exhibits thereto also contain information that Defendants and/or third-parties have designated as confidential and/or highly confidential. Waymo takes no position on the merits of sealing the material designated by Defendants and/or third-parties, and expects Defendants and/or third-parties to file one or more declarations in accordance with the Local Rules.

1    I declare under penalty of perjury under the laws of the State of California that the
2 foregoing is true and correct, and that this declaration was executed in San Francisco, California, on
3 January 12, 2018.

By <i>/s/ Lindsay Cooper</i><br>
Lindsay Cooper<br>
Attorneys for WAYMO LLC

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Lindsay Cooper.

<i>/s/ Charles K. Verhoeven</i><br>
Charles K. Verhoeven