# EXHIBIT 46

**James Judah**

| | |
|---|---|
| **From:** | Rivera, Sylvia <SRivera@mofo.com> |
| **Sent:** | Thursday, November 30, 2017 1:32 PM |
| **To:** | Andrea P Roberts; QE-Waymo |
| **Cc:** | UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; Uber-sg@LISTS.SUSMANGODFREY.COM; 'John Cooper'; Matthew Cate |
| **Subject:** | RE: Waymo v. Uber Discovery |

Counsel,

Further to today's meet and confer call, we write to lay out Uber's proposal for its response to the Court's requests reflected in your 3rd and 5th bullet points below, focusing on the tasks concerning ephemeral messaging services. This proposal is intended to provide Waymo with any potentially relevant information without requiring a search of 15,000+ personnel, which simply is not possible to execute within the time frame contemplated by the Court.

1. Scope of Uber Personnel to be Queried/be Subject to Search:
   - Persons on the agreed-upon custodian list for search and production in response to RFPs
   - The additional personnel identified in Kevin Faulkner's September 7, 2017 report as having been searched
   - SSG and MA personnel

2. Methodology for obtaining inventory of "ephemeral" users:
   - Consult any available list of registered users of enterprise service (e.g., Wickr enterprise service)  -AND-
   - Survey the personnel listed above ("Scope of Uber Personnel") to determine what ephemeral messaging platforms they have used for business purposes
     - During this morning's call, the Special Master suggested we also inquire of them who else at the company uses such messaging platforms. We are concerned that that may delay our ability to obtain complete information by this Monday, but are open to discussing that.
   - We would like to exclude from the list persons who use a particular app purely for personal purposes – we do not think the limited time available is best used investigating apps used for messaging with family and friends, and thus propose this limitation

3. Ephemeral messaging services covered by inquiry in #2 above and to be covered by document search:
   - Wickr, Telegram, Allo, Gchat/Hangouts (set to "incognito," "off the record" or auto-delete),  Confide, Blink, Cyber Dust, Viber Wink, Facebook Messenger

We look forward to discussing this afternoon.

Sylvia

**From:** Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent:** Wednesday, November 29, 2017 10:52 PM
**To:** UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; Uber-sg@LISTS.SUSMANGODFREY.COM; 'John Cooper'; Matthew Cate
**Cc:** QE-Waymo
**Subject:** Waymo v. Uber Discovery

- External Email -

Counsel:

1

I write regarding the Court's orders of yesterday and today regarding additional discovery. The Court ordered Uber to provide the following by Monday at noon:

- Ed Russo's presentation that he testified about on November 27, or confirmation that it does not exist. (11/27/17 Hearing Tr., 114:16-22) As we noted previously, Mr. Russo indicated that he may have shown the presentation to his boss or bosses boss so, at a minimum, they should be consulted as to whether they have it.

- A list of all of the Uber vendors "who had anything to do with non-attributable devices or had anything to do with ephemeral anything." (11/27/17 Hearing Tr., 147:1-4)

- "All documents in the entire company that have anything to do with ephemeral, anything to do with non-attributable devices, or anything to do with using contrived attorney-client privilege." (11/27/17 Hearing Tr., 147:10-15)

- An inventory of all of the non-attributable devices and who had them from December 1, 2015 to the present. (11/27/17 Hearing Tr., 153:21-155:8)

- An inventory of the Wickr accounts and who had them from December 1, 2015 to the present, as well as any other self-deleting communication system. (11/27/17 Hearing T., 153:21-156:10)

- Mr. Jacobs' personnel file, including his performance review (11/28/17 Hearing Tr., 156:10-11)

We expect that, to the extent Uber uses electronic searches to search for responsive documents, those searches will include everyone in the SSG and MA groups (including their predecessor groups), as well as other appropriate custodians. Please provide us with the list of custodians and any search terms Uber intends to use. Uber's searches, however, should not be limited to only search terms.

We will have additional document requests as well.

As for depositions, we will take depositions of at least the following individuals:

Richard Jacobs
Clayton Halunen
Ed Russo
Matt Henley
Nick Gicinto
Joe Sullivan
Craig Clark
Kevin Maher
Jake Nocon
Shawnee Delaney
Salle Yoo
Travis Kalanick
Lior Ron
Joe Spiegler
David Bonderman
Ariana Huffington

By tomorrow, please let us know which of these individuals are represented by Uber's counsel and which we should contact directly. For those not represented by Uber's counsel, please provide any contact information

2

you have for them, including the contact information of any counsel Uber is aware that they have. We will meet and confer regarding the scheduling of these depositions. We also intend to serve a 30(b)(6) notice for a deposition of Uber relevant to the topics revealed in the Jacobs letter. We will provide that separately.

This list of discovery and depositions is not exhaustive, but given the expedited schedule we are providing our preliminary list of discovery now.

Thanks,
Andrea


**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.