# EXHIBIT 47

**Patrick Schmidt**

| | |
|---|---|
| **From:** | Ray, Wendy J. <WRay@mofo.com> |
| **Sent:** | Thursday, December 07, 2017 10:37 AM |
| **To:** | David Perlson; John Cooper; UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Uber-sg@LISTS.SUSMANGODFREY.COM; Matthew Cate |
| **Cc:** | QE-Waymo |
| **Subject:** | RE: Waymo v. Uber |

David,

We appreciate Waymo's effort to summarize the results of yesterday's meet and confer, but note that there were several substantive issues discussed on the call that are not included in your summary. For example, while Waymo's summary includes the Special Master's timeline for the completion of Uber's document production, it omits the reciprocal deadline for Waymo's production. To the extent Waymo circulates meet and confer summaries going forward, we ask that Waymo make a good faith effort to provide complete and accurate summaries. We will do the same.

Because the summary provided in your email of 5:08PM was at times incomplete or inaccurate based on my recollection, I annotated that summary below to reflect a more complete record of the topics discussed.

Thank you,
Wendy

**From:** David Perlson [mailto:davidperlson@quinnemanuel.com]
**Sent:** Wednesday, December 06, 2017 5:08 PM
**To:** John Cooper; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit; Uber-sg@LISTS.SUSMANGODFREY.COM; Matthew Cate
**Cc:** QE-Waymo
**Subject:** Waymo v. Uber

John and Counsel,

Especially after the back and forth this morning, we thought it would be useful for all of us to summarize what was discussed on yesterday's meet-and-confer:

~~Uber~~ Document Production. As confirmed in today's correspondence, the Special Master ordered ~~Uber~~ all parties to produce all documents responsive to ~~Waymo's~~ outstanding RFPs ~~on a rolling basis to be completed~~ by Friday at midnight.   Uber indicated it has already begun the process of responding to Waymo's document requests and will not withhold any documents that are available for production before Friday.

Communication logs. WilmerHale agreed to provide log of the *first* communications it had with Uber or any law firm acting on behalf of Uber, regarding the Jacobs email, the Jacobs letter, and the Jacobs settlement agreement by yesterday night. The Special Master also told WilmerHale to provide a complete log of *all* communications regarding the three Jacobs documents between WilmerHale and Uber or any law firm that represented Uber ~~on a rolling basis, with completion~~ by Friday.  Uber indicated that MoFo would not provide its own log regarding any communications with Wilmer, but instead would correct any missing entries by Sunday. The Special Master approved of this procedure to avoid make-work because MoFo's log on this issue would duplicate Wilmer's log.  The Special Master also agreed that the cut-off date for these logs would be communications occurring before the Court's notice sent to the parties on 11/22.

We explained that MoFo still would need to provide a complete log of its communications regarding the three documents with Uber, as well as with anyone other than Wilmer Hale, including internally at MoFo. Arturo represented that this would be a small number. The Special Master then directed Uber to produce a log of communications amongst MoFo's Waymo v. Uber litigation team attorneys, or between those attorneys and Uber or any law firm, excluding WilmerHale, that has represented Uber in this matter, by last night. The Special Master also instructed Uber to provide a full communications log for all other MoFo attorneys by Sunday.

<u>Depositions</u>. Waymo requested depositions of the four MoFo lawyers who received the Jacobs letter.  As we mentioned, we believe that inquiring about the discovery practices and procedures bearing on the failure to produce from these four lawyers, as we have inquired from Uber's in-house counsel, is directly within the scope of what Judge Alsup has permitted Waymo to request. <span style="color:red">Uber laid out its opposition to Waymo's position and the Special Master indicated that if Waymo wanted to pursue this request, Waymo would need to bring the issue to Magistrate Judge Corley.</span>

The Special Master ordered that Arturo email Waymo list by Sunday of the lawyers at MoFo who saw the documents, the dates, for what purpose, and whether they sent it to anyone else but did not make any findings. We maintain that we are entitled to ask relevant questions to the MoFo lawyers under oath and will follow up separately.

<span style="color:red">The parties also discussed the 30(b)(6) topics Uber served to Waymo, and the Special Master stated Waymo needs to agree to produce at least its first witness to address the topics by this Monday.</span>

<u>Hard copy of letter.</u> Although Uber represented at the hearing that it would inquire into whether there was a printed copy of the Jacobs letter, Uber refused to do so on the call yesterday. Uber indicated it would not argue that Uber had not been obligated to produce the letter solely because a printed copy did not exist. As we noted yesterday, we cannot understand how this can be reconciled with Uber's assertion that it was only obligated to produce documents responsive to the agreed-upon search terms. <span style="color:red">The Special Master indicated that whether there were hard copies of the letter or only electronic copies would have no impact on his charge as stated by Judge Alsup and declined Waymo's request to require that Uber further investigate this issue.</span>

<u>Redactions</u>. During the November 29 evidentiary hearing, Waymo requested the subject matter of several redactions on two sets of Board meeting minutes. Uber agreed to provide them. Uber also requested the subject matter of a redaction in an email <span style="color:red">which appears to relate to ephemeral communications</span>, but Uber agreed to first check Waymo's privilege log for that information. <span style="color:red">Uber's counsel asked counsel for Waymo on the call what the privilege log entry for that document stated and Waymo's counsel on the call was not prepared to defend the designations substantively and could not state the reason Waymo believed the redactions to be appropriate.</span>

<u>Uber's response and production in response to Court Orders:</u>  On November  29, Andrea Roberts set forth an email outlining <span style="color:red">Waymo's position regarding</span> what the Court ordered Uber to provide at the November 28 and 29 hearings.   On November 30, Sylvia sent an e-mail proposing Uber's plan to comply with that order since searching all Uber personnel was "simply not possible to execute." In that e-mail, Uber suggested it would narrow the scope of personnel to be searched to (1) agreed-upon custodians for responses to RFPs, (2) additional personnel identified in Kevin Faulkner's September 7, 2017 report as having been searched, and (3) SSG and MA personnel. On the call yesterday, Sylvia confirmed that Uber's productions in response to the Court's order have followed that proposal, ~~as opposed to everything the Court ordered~~. Uber also indicated that it planned to supplement the productions as not all employees have responded to its inquiries, with the exception of the list of everyone who used Wickr, which is complete.

~~Waymo discovery.  Jim Baker has provided in email responses regarding the discovery to Waymo.~~

<span style="color:red"><u>Privilege Redactions Related to the Special Matters Committee:</u> Counsel for Uber stated that they reached out to counsel for Waymo over the phone to discuss logistics concerning privilege redactions to documents coming from the committee. Waymo agreed to respond and discuss the issue separately.</span>

David Perlson
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Direct: (415) 875-6344
Main Phone: (415) 875-6600
Main Fax:  (415) 875-6700
E-mail: davidperlson@quinnemanuel.com
Web:  www.quinnemanuel.com

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.