1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   David A. Perlson (Bar No. 209502)
3  davidperlson@quinnemanuel.com
   Melissa Baily (Bar No. 237649)
4  melissabaily@quinnemanuel.com
   John Neukom (Bar No. 275887)
5  johnneukom@quinnemanuel.com
   Jordan Jaffe (Bar No. 254886)
6  jordanjaffe@quinnemanuel.com
   50 California Street, 22nd Floor
7  San Francisco, California 94111-4788
   Telephone:    (415) 875-6600
8  Facsimile:    (415) 875-6700

9  Attorneys for WAYMO LLC

10                 UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13  WAYMO LLC,                          CASE NO. 3:17-cv-00939

14              Plaintiff,              **PLAINTIFF WAYMO LLC'S PRÉCIS IN
                                        SUPPORT OF ITS REQUEST TO FILE A**
15       vs.                            **MOTION FOR RELIEF BASED ON
                                        DEFENDANTS' LITIGATION**
16  UBER TECHNOLOGIES, INC.;            **MISCONDUCT**
    OTTOMOTTO LLC; OTTO TRUCKING
17  LLC,
                                        Date:       TBD
18              Defendants.             Time:       TBD
                                        Ctrm:       8, 19th Floor
19                                      Judge:      Honorable William H. Alsup
                                        Trial Date: February 5, 2018
20

21

22

23

24

25

26

27

28

1    Plaintiff Waymo LLC ("Waymo") submits this précis requesting permission to file a motion

2  for relief based on the rampant discovery and litigation misconduct set forth in Waymo's Offer of

3  Proof.   Waymo has previously moved for a variety of remedial jury instructions and adverse

4  inferences to address some, but not all, of these abuses.  In connection with ordering Waymo to

5  provide its Offer of Proof, the Court indicated that it is considering how to holistically address the

6  "constellation of problems" created by this misconduct.  (Dkt. 2310 [11/29/2017 Hr'g Tr.] at 162:25-

7  163:1.)  Waymo would like the opportunity to provide its own authorities and positions on these

8  issues so that the Court may consider them in devising the appropriate relief.  Below, Waymo

9  summarizes some of the remedies that it would like to brief in its motion, all of which are warranted

10  in these unique circumstances, including: 1) terminating sanctions; 2) remedial jury instructions and

11  adverse inferences; 3) other evidentiary sanctions; and 4) time sanctions at trial.

12  **I.    THE COURT HAS BROAD AUTHORITY TO SANCTION DEFENDANTS FOR
13         LITIGATION MISCONDUCT**

14    Litigation discovery rules are intended to provide parties with the ability "to obtain the fullest

15  possible knowledge of the issues and facts before trial."  *Hickman v. Taylor*, 329 U.S. 495, 501

16  (1947).  Consequently, Rule 37 of the Federal Rules of Civil Procedure expressly permits a court to

17  enter sanctions against parties who violate orders, fail to make required disclosures or cooperate

18  with the discovery process, or spoliate evidence.  Fed. R. Civ. Pro. 37.  The Ninth Circuit has also

19  "recognized as part of a district court's inherent powers the broad discretion to make discovery and

20  evidentiary rulings conducive to the conduct of a fair and orderly trial."  *Unigard Sec v. Lakewood*

21  *Eng'g*, 982 F.2d 363, 368 (9th Cir. 1992) (internal quotation marks omitted).

22    As the Court has recognized (and as summarized in Waymo's Offer of Proof), Defendants'

23  litigation misconduct in this case has been exceptional in its pervasiveness and prejudice to Waymo.

24  (Dkt. 2310 [11/29/2017 Hr'g Tr.] at 162:7-163:1 ("I've never seen a case where there were so many

25  bad things that – like Uber has done in this case.  So many.  Usually it's more evenly divided.").)

26  The Court should therefore use all of its authority, both statutory and inherent, in fashioning the

27  appropriate remedy so that Waymo can present its case on a level playing field at trial.

28  **II.   DEFENDANTS' MISCONDUCT JUSTIFIES TERMINATING SANCTIONS AS TO
         LIABILITY FOR TRADE SECRET MISAPPROPRIATION**

1   Case-dispositive sanctions for discovery and litigation abuses are rare, but are warranted

2   here given the scope and severity of Defendants' misconduct.  To be clear, Waymo is not seeking a

3   default judgment, but rather a ruling on the issue of liability for Waymo's trade secret

4   misappropriation claims.  The Ninth Circuit has instructed courts considering such sanctions to

5   balance the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the

6   court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public

7   policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

8   *Atl. Inertial Sys. v. Condor Pac.*, 2010 WL 11459794, at *3 (C.D. Cal. 2010) (quoting *Conn. Gen.*

9   *Life Ins. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007)  "What is most critical

10   … is whether the discovery violations threaten to interfere with the rightful decision of the case."  *Id.*

11   (quoting *Conn. Gen.*, 482 F.3d at 1097).  "In evaluating the propriety of sanctions, we look at all

12   incidents of a party's misconduct."  *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990).

13   Here, the totality of Defendants' misconduct warrants a ruling in Waymo's favor on the issue of liability.

14   **(1) The public's interest in expeditious resolution of litigation and (2) the court's need to**

15   **manage its dockets.**  Given the value of the technology at issue, and the grievousness of the trade secret

16   theft that Waymo seeks to remedy and permanently enjoin, Waymo had no choice but to vigorously

17   enforce its property rights.  However, Waymo is not insensitive to the substantial resources that this

18   Court has already expended in this case.  To date, Defendants are responsible for two continuances of

19   the trial date, one of which has been determined to have resulted from the intentional concealment of

20   evidence.  Resolving liability before trial will greatly streamline the issues to be presented to the jury

21   (limiting them to willfulness and damages), as well as narrow issues before trial and through any appeals.

22   **(3) The risk of prejudice to the party seeking sanctions.**  Waymo has been denied a large

23   volume of material evidence as a result of Defendants' array of spoliation, privilege assertions, and

24   concealment.  The prejudice to Waymo is significant, because the "pattern of deception and discovery

25   abuse [makes] it impossible for the district court to conduct a trial with any reasonable assurance that

26   the truth [is] available.'"  *Valley Eng'rs. v. Elec. Eng'g*, 158 F.3d 1051, 1057 (9th Cir. 1998) (internal

27   quotations and citation omitted).  And that prejudice is not eliminated simply because some of the

28   improperly concealed discovery, such as the Jacobs Letter or Levandowski Ottomotto emails, were

ultimately produced. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (affirming default judgment based on discovery violations and rejecting argument that sanctions were inappropriate where documents were eventually produced because the "[l]ast-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts"); *Henry v. Gill Indus.*, 983 F.2d 943, 947 (9th Cir. 1993) (rejecting plaintiff's argument that belated compliance with discovery obligations precluded imposition of case-dispositive sanctions).

**(4) The public policy favoring disposition of cases on their merits.**  While public policy favors the resolution of cases on their merits, "that will be true in every case where the Court considers case-dispositive action." *Atl. Inertial Sys.*, 2010 WL 11459794, at *5.  And here, Waymo is seeking a merits ruling by the factfinder on important issues, including willfulness and damages.

**(5) The availability of less drastic sanctions.**  Lesser sanctions, such as those presented below may be available, but are not sufficient to sanction Defendants, remedy the prejudice to Waymo, or to deter Uber (and other defendants) from seeking to benefit from similar misconduct in the future.  Uber has already been on notice of the Court's concerns for months.  Moreover, imposing a sanction as to the facts establishing Defendants' liability, while permitting other issues such as willfulness and damages to be decided by a jury, "falls within the category of less-severe sanctions" that may be appropriately issued on these facts.  *See*, *e.g.*, *Alexsam, Inc. v. IDT Corp.*, 715 F.3d 1336, 1343 (Fed. Cir. 2013).

## III.   <u>WAYMO IS ENTITLED TO REMEDIAL JURY INSTRUCTIONS</u>

As set forth in Waymo's Offer of Proof, Defendants have violated Court Orders, improperly withheld discovery, and intentionally destroyed large swaths of evidence relevant to Waymo's trade secret misappropriation claims.  Waymo has already submitted proposed remedial jury instructions regarding Defendants' violation of the Expedited Discovery Order and Provisional Relief Order (Dkt. 1501-6) and spoliation (Dkt. 2197-4 at 23).  Waymo has also asked the Court to sanction Defendants by ruling that the adverse inference against Levandowski's assertion of the Fifth Amendment also apply to Defendants.  (Dkt. 818-3.)  These sanctions and remedial instructions are all warranted.  But based on the full scope of Defendants' misconduct, including (but not limited to) more recent concealment in connection with the Jacobs Letter, Waymo is entitled to additional

relief.  For example, the jury should be informed more broadly of the pattern of misconduct by both Defendants and their attorneys, and instructed that they may take all of this into account in determining the trustworthiness of Defendants' witnesses, attorneys, and agents.

## IV.   <u>WAYMO IS ENTITLED TO EVIDENTIARY SANCTIONS</u>

Defendants' concealment of evidence in this case has been far-ranging and not limited to collateral issues.  It is well-established that a district court "may direct that matters encompassed by discovery failures shall be taken as established as a penalty for [a party] failing to comply with Rules 26(a) or 26(e)."  *USACM Liquidating Trust v. Monaco*, 2010 WL 1849291, at *7 (D. Nev. 2010), *aff'd sub nom. In re USA Commercial Mortg. Co.*, 462 F. App'x 677 (9th Cir. 2011); *see also Stanton v. Iver Johnson's Arms, Inc.*, 88 F.R.D. 290, 292 (D. Mont. 1980) (recognizing that "Rule 37(b)(2)(A) gives this court the power to establish any of the facts plaintiff has requested be established" and collecting cases).  Courts may also sanction discovery abuses by precluding the introduction of argument or evidence that was improperly withheld.  *See, e.g.*, *Cheng v. AIM Sports, Inc.*, 2011 WL 13175663, at *12 (C.D. Cal. 2011) (awarding evidentiary sanctions, including the preclusion of testimony related to the withheld information, to remedy prejudice caused by defendants' discovery abuses); *Parker v. Witasick*, 2009 WL 2710191, at *6 (D. Ariz. 2009) (ordering preclusion of evidence to remedy discovery violations).  Here, Defendants' numerous willful and bad faith discovery violations warrant evidentiary sanctions.

First, Defendants' discovery failures have compromised Waymo's evaluation of their purported "independent development" of the accused technology.  Critical evidence has been spoliated.  Defendants failed to provide a complete and timely log of Levandowski's LiDAR communications in violation of Paragraph 5 of the Court's PI Order.  And Defendants' success in blocking access to the Stroz materials – materials that identified key trade secret documents that Levandowski retained after leaving Waymo – until after the close of fact discovery impeded Waymo's ability to cross examine the purported independent development engineers (James Haslim and Scott Boehmke) on the true origins of Defendants' technology.  As a sanction, the Court should preclude Defendants' from arguing that they "independently developed" the technology at issue.

1    Second, Defendants have repeatedly prevented Waymo from obtaining full and fair

2    discovery into devices used in the development of the accused technology, and whether they contain

3    (or have ever contained) Waymo trade secret documents.  This includes destroyed evidence at Tyto

4    and Ottomotto, use of ephemeral communications by Levandowski and others, and the never-

5    examined non-Uber laptops Levandowski used "for Uber work."  Accordingly, Defendants should

6    be precluded from arguing that the files "never made it to Uber's servers."

7    **V.    WAYMO SHOULD BE ALLOCATED ADDITIONAL TIME AT TRIAL**

8    Defendants' obstruction, spoliation, and misconduct has not only impeded Waymo's pursuit of

9    the truth in discovery, but has greatly and unnecessarily complicated Waymo's ability to present its case

10   to the jury.  Issues that should be simple to explain through a single witness or a few exhibits, must now

11   be pieced together across multiple witnesses and scattered pieces of circumstantial evidence.  The Stroz

12   due diligence process, the fragmentary surviving paper trail of Defendants' competitive intelligence

13   efforts against Waymo, the convoluted transactional history of Ottomotto and Tyto's integration into

14   Uber, and missing evidence related to Defendants' development of the accused technology (and in

15   particular Levandowksi's role in that development) are just examples of a problem that Waymo is facing

16   across virtually every issue it will need to explain to a jury that depends on evidence from Defendants.

17   District courts are permitted broad discretion to decide issues related to the management of trials.

18   *See Graves v. Arpaio*, 623 F.3d 1043, 1047 (9th Cir. 2010) ("District courts have broad discretion when

19   it comes to trial management.").  Because Waymo has been prejudiced by problems that are entirely

20   attributable to Defendants and their attorneys, the appropriate remedy here is to award Waymo additional

21   time and to dock time from Defendants.  *See, e.g.*, *Juniper Networks, Inc. v. Toshiba Am., Inc.*, 2007

22   WL 2021776, at *4 (E.D. Tex. 2007) (sanctioning defendants for discovery abuses by, *inter alia*, cutting

23   defendants' time for voir dire to half of the time awarded to plaintiff, removing two juror strikes, cutting

24   defendants' time for opening statements to half of the time awarded to plaintiff, and cutting defendants

25   time for closing statements to a third of the time awarded to plaintiff); *Fuqua v. Horizon/CMS*

26   *Healthcare Corp.*, 199 F.R.D. 200, 206 (N.D. Tex. 2000) (revising trial time allocations to sanction

27   discovery abuses and remedy the prejudice caused by discovery misconduct).  Accordingly, Waymo

28   should be allocated an additional two hours of time at trial, and Defendants should be docked two hours.

1

# # #

2

Accordingly, Waymo requests that this Court grant it permission to file a motion for relief.

3

DATED:  January 12, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP

4

5

By */s/ Charles K. Verhoeven*

Charles K. Verhoeven
Attorneys for WAYMO LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

01980-00104/9798835.1