QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                Plaintiff,<br><br>       vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 2454, 2458)**<br><br>Judge: The Honorable William Alsup<br><br>Trial Date: February 5, 2018 |

Pursuant to Civil L.R. 72-2, Plaintiff Waymo LLC ("Waymo") respectfully submits this Motion for Relief from the Magistrate Judge's January 4, 2018 Discovery Order ("January 4 Order") (Dkt. 2454) and January 8, 2018 Order Regarding Waymo's Identification of Documents for the Court's In Camera Review ("January 8 Order") (Dkt. 2458).

In this latest round of Jacobs related discovery, Uber is withholding approximately 4,000 documents in their entirety. Uber has further redacted for privilege hundreds of pages in produced documents. Yet, Uber was not required to provide a privilege log for the vast majority of these documents or redactions. Given Jacobs' (previously withheld) allegations that Uber has a practice of hiding materials from discovery by using improper privilege designations and Defendants' conduct in the Jacobs discovery (and throughout this case) of shifting and incorrect privilege claims, Waymo requested the Magistrate Judge order that the Special Master be permitted to review, as he agreed to do, about 1/4th of these documents to determine whether Uber is improperly withholding and redacting documents. Yet, the Magistrate Judge in her January 4 Order only granted *in camera* review for 50 pages of redacted documents, ignoring Waymo's request for further review of documents that were withheld in their entirety. This Order was clearly erroneous because, as detailed further below, Waymo's request was soundly grounded in legitimate concerns that Uber was improperly shielding documents with privilege as it has throughout the case and would be of no burden to Uber whatsoever.

Waymo further objects to the January 8 Order because it erroneously holds that the Court will only review *in camera* documents that were "logged or produced as part of the supplemental post-November 2017 discovery". (Dkt. 2458.) Waymo's Motion to Compel was not so limited, and Mr. Jacobs' allegations regarding misuse of the attorney-client privilege as well as documents produced in the post-November 2017 discovery raised questions about redactions in earlier productions as well.

**Factual Background**

Following disclosure of Mr. Jacobs' May 5, 2017 letter to Uber, Waymo served additional document requests. During a December 13 discovery hearing before the Magistrate Judge, Uber represented that it was withholding 4,000 documents responsive to Waymo's document requests. (Dkt. 2395 [12/13/17 Hearing Tr.] at 23:22-24:1.) Based on this representation, the Magistrate Judge

declined to order Uber to provide a complete privilege log as it would otherwise be required to do,[1] but left open the possibility that Uber would be required to provide additional information upon a showing of relevance to a claim or defense in the case. (*Id.* at 27:17-28:3.) Subsequent events and facts showed further information and review of Uber's privilege claims was needed as detailed below.

For example, in advance of the December 22 deposition of Angela Padilla, Waymo requested a privilege log of certain of her communications to "provide insight into when and how broadly disseminated throughout Uber responsive Jacobs documents were circulated during the relevant period" and to allow Waymo to "test and meaningfully challenge Uber's claims of privilege during the period when Uber was investigating the merits of the Jacobs allegations." (Dkt. 2419-3 at 4.) The Court granted Waymo's request and ordered Uber to "produce a fully compliant privilege log for documents that Uber is withholding that involve communications with Ms. Padilla . . . and discuss the Jacobs letters, any investigation being done as a result of Mr. Jacobs' accusations, and the settlement with Mr. Jacobs." (Dkt. 2415 at 2.) On December 21, Uber provided the ordered log, which comprised ▮ entries. (Dkt. 2441-6.) Uber also produced ▮ Padilla documents it previously improperly withheld as privileged—approximately ▮ of the then-withheld Padilla documents.[2] So only after the Court ordered Uber to go through the process of justifying its privilege claims on an item-by-item basis did Uber determine that many withheld documents should have been produced. Subsequently, after 11 pm on January 11—three weeks after Uber's deadline to provide a Padilla privilege log—Uber supplemented the log to add ▮ new entries, bringing the total to ▮.[3] Uber's redactions for privilege were also inconsistent and improper. For example, redactions of the same email message were inconsistent such that the same language in one document would be redacted, but not redacted in another document. (*Compare, e.g.* Dkt. 2441-7 *with* Dkt. 2441-8.)

When the parties met and conferred, Uber did not deny that it erred in certain of its privilege

---

[1] Supplemental Order to Order Setting Case Management Conference, ¶ 18

[2] The Court had ordered Uber to complete its production of documents responsive to Waymo's RFPs by December 14. (Dkt. 2395 [12/13/17 Hearing Tr.] at 21:22-22:9.)

[3] Uber had notified Waymo that it discovered un-reviewed documents and that it expected to produce approximately 20 documents and may supplement the Padilla log. (Dkt. 2470, Ex. 59.)

1  assertions. Rather, Uber argued that mistakes were inevitable due to the truncated discovery period
2  set by this Court, which was a result of *Uber's* withholding of the Jacobs' allegations. (Dkt. 2450.)
3  Nevertheless, given the limited time to resolve outstanding discovery issues, Waymo
4  suggested a compromise to address these issues. Waymo proposed that the Special Master conduct a
5  limited *in camera* review, to which he agreed to do, of the following categories of allegedly privileged
6  documents:

> (i) a set of less than 300 documents selected by Waymo whose redactions appear suspiciously overbroad;
>
> (ii) a set of 200 documents randomly selected by the Special Master from those currently being withheld from the custodial files of Craig Clark;
>
> (iii) a set of 200 documents randomly selected by the Special Master from those currently being withheld from the custodial files of Joe Sullivan;[4] and
>
> (iv) a set of 200 documents randomly selected by the Special Master from the files of all remaining custodians.

(Dkt. 2441-9.) Instead, the Magistrate Judge ordered that she would conduct an *in camera* review of only 50 <u>pages</u> of Uber's redactions identified by Waymo. (Dkt. 2454.) The Magistrate Judge declined to order any further review of the ▮ documents Uber withheld in their entirety. (*Id.*)

Uber objected to Waymo's identification of some pages from Uber's production that were produced earlier in the case. The Special Master found this objection unfounded because the Court "reopened discovery 'to get to the bottom of new evidence' that came to light as a result of the [Jacobs] letter," and the "'new evidence' included assertions of improper claims of privilege without regard to time." (Ex. 1.) Nevertheless, the Magistrate Judge clarified in its January 8 Order that the documents Waymo identified for *in camera* review must be "from documents

---

[4] Clark and Sullivan are former Uber employees who are specifically identified in the Jacobs letter. (Dkt. 2401-1.) As relevant here, the Jacobs letter states Clark helped implement the use of improper privilege designations to avoid discovery and trained others at Uber to do so. (*Id.* at 6-9). Sullivan was Uber's Chief Security Officer. (*Id.* at 3.) Though a lawyer, he was not part of Uber's legal department and did not act in a legal capacity in his security role. (Ex. 2 - Sullivan Depo. Tr., 45:1-24.) Recently produced documents reveal that Sullivan used improper privilege designations to conceal evidence of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Ex. 3.) Uber initially produced this document in redacted form, and produced an un-redacted version after the Magistrate Judge's *in camera* review and ruling that it is not privileged. (*Compare* Ex. 4; Dkt. 2461.)

logged or produced as part of the supplemental post-November 2017 discovery."[5] (Dkt. 2458.)

**Argument**

**I. THE MAGISTRATE JUDGE ERRED IN EXCLUDING DOCUMENTS UBER IS WITHHOLDING IN THEIR ENTIRETY FROM FURTHER REVIEW.**

The January 4 Order only addresses further review of <u>redacted</u> documents. (Dkt. 2454.) In doing so it ignores 3 of the 4 categories of documents that Waymo requested be reviewed by the Special Master: (ii, iii) a set of 200 documents randomly selected by the Special Master from those currently being withheld from the custodial files of each of Craig Clark and Joe Sullivan; and (iv) a set of 200 documents randomly selected by the Special Master from the files of all remaining custodians. (Dkt. 2441-4.) As set forth above and in Waymo's Motion to Compel, however, Uber has shown, through, for example, its production of ▇ previously withheld Padilla documents only after being ordered to provide a partial privilege log of withheld Padilla documents and concession that errors in privilege claims were to be expected given the abbreviated schedule for discovery concerning the Jacobs allegations that, in lieu of a full privilege log, further review of these withheld documents (whether by the Special Master or *in camera*) of a subset of documents withheld in their entirety is appropriate. The Jacobs allegations—which led to the U.S. Attorney taking the unusual step of sending a letter to this Court, the delay of trial a second time, and the launch of this latest round of discovery—also show that Uber uses improper privilege designations to hide materials from discovery. (Dkt. 2401-1, at 8-9.) Recently produced documents do as well, such as the direction by former CEO Travis Kalanick in an email to "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇," concerning a <u>non-privileged</u> document that Uber produced. (Ex. 5 [UBER00342026]) Under these circumstances, Waymo and the Court should not be forced to simply "take Uber's word for it" when Uber claims that everything withheld in its entirety is privileged.

Nevertheless, the Magistrate Judge denied the full review Waymo requested as "not proportional to the needs of the case." (Dkt. 2454.) But especially in light of the Magistrate Judge's prior ruling that Uber need not provide a complete privilege log for the ▇ documents that this

---

[5] Waymo identified replacement documents in response to the January 8 Order.

Court's Order otherwise requires, this is clearly erroneous. The only supposed burden Uber pointed to in complying with Waymo's request was the compressed schedule for discovery (Dtk. 2450, at 3), which is now complete. Yet, Uber simply needs to give the Special Master access to 300 redacted documents identified by Waymo and the other documents the Special Master will randomly select.

### II. THE MAGISTRATE ERRED IN LIMITING REVIEW OF UBER REDACTED DOCUMENTS TO ONLY 50 PAGES

Waymo also requested the Special Master review "a set of less than 300 documents selected by Waymo whose redactions appear suspiciously overbroad," as the Special Master agreed to do as well. Yet, the Court limited the review to only 50 <u>pages</u> it would review in camera. Here too, there is no proportionality issue. Uber would not have to do anything other than provide the documents identified by Waymo to the Special Master. And there can be no doubt that Waymo's concerns regarding redactions are legitimate. Indeed, Judge Corley found that Uber improperly redacted 4 pages out of the 50 Waymo identified, nearly 10%. (Dkt. 2461.) Thus, here too, Waymo has shown that there are likely to be other improper claims of privilege by Uber in its remaining un-reviewed redactions.

### III. THE MAGISTRATE JUDGE ERRED IN LIMITING *IN CAMERA* REVIEW TO DOCUMENTS FROM THE POST-NOVEMBER 2017 DISCOVERY.

The January 8 Order precluding *in camera* review of documents produced before the Jacobs-related discovery is also clearly erroneous. (Dkt. 2458.) The Jacobs allegations, recently produced documents, and Uber conduct described above and in Waymo's Letter Brief raise concerns about Uber's privilege claims not limited to documents withheld or redacted during the Jacobs-related discovery. This why Waymo's requested relief was not so limited. It is clearly erroneous to not take a second look at those redactions simply because the documents were produced before the Jacobs letter was disclosed to the Court and Waymo, especially when Waymo could not have used the Jacobs letter and subsequent productions and Uber conduct in requesting further review of Uber's privilege claims.

### Conclusion

For the foregoing reasons, this Court should grant Waymo relief from the Magistrate Judge's January 4 and 8 Orders and require Uber to submit documents for *in camera* review by the Special Master as requested in Waymo's Motion To Compel.

DATED: January 12, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for WAYMO LLC