# Exhibit 1

**Andrea P Roberts**

| | |
|---|---|
| **From:** | John Cooper <JCooper@fbm.com> |
| **Sent:** | Sunday, January 07, 2018 2:04 PM |
| **To:** | Rivera, Sylvia |
| **Cc:** | QE-Waymo; Matthew Cate; UberWaymoMoFoAttorneys; Uber-sg@LISTS.SUSMANGODFREY.COM; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) |
| **Subject:** | Re: Waymo v. Uber REQUEST FOR MEET AND CONFER |

Counsel

We can meet and confer tomorrow at 9:30 am.  Call in 888-759-6039 access 415-954-4410.

Order 2454 dated 1/4/18 notes that "Following an evidentiary hearing regarding the Richards Jacob's letter, the district court reopened discovery "to get to the bottom of new evidence" that came to light as a result of the letter.  (Dkt. No. 2315.)".  In light of "reopened discovery" I do not view that there were time limitations on the documents Waymo could designate for in camera review.  The "new evidence" included assertions of improper claims of privilege without regard to time.

We can discuss this further at 9:30 am tomorrow.

John

John L. Cooper
Farella Braun + Martel LLP
Direct: 415 954 4410
jcooper@fbm.com

On Jan 7, 2018, at 1:19 PM, Rivera, Sylvia <SRivera@mofo.com> wrote:

> John:
>
> Uber requests a meet-and-confer this afternoon to resolve this issue so that it can provide to Judge Corley the appropriate set of documents tomorrow for *in camera* review.
>
> James:
>
> December 29, 2017, was the deadline for discovery motions concerning the Jacobs-related supplemental discovery that closed on December 22, 2017.  August 31, 2017, was the deadline for any motions regarding discovery that closed on August 24.  Thus, the time to seek *in camera* review of documents that Uber produced in July and August 2017 – such as the sixteen pages in question – expired four months ago.
>
> It is clear that both Waymo's motion and the Court's order were directed at the supplemental discovery, not to re-opening the book on discovery that took place before the close of regular discovery on August 24.  Waymo's motion repeatedly refers to the 4,000+ documents Uber deemed responsive but privileged as to Waymo's 42 supplemental discovery RFPs.  (Dkt. 2441-4 at 2 "as Waymo feared, Uber has failed to adequately analyze the 4,000 responsive documents that it is withholding").  The two Salle Yoo emails Waymo cited in support of its "inconsistent redaction" argument (*id.* at 3) were produced in response to Waymo's supplemental, Jacobs-related RFPs on December 8, 2017.  In addition, the list of

1

nearly 300 redacted documents for *in camera* review that Waymo emailed to Uber and the Special Master on December 28 at 9:33 p.m. was comprised exclusively of documents produced by Uber in response to Waymo's 42 Jacobs-related RFPs. Indeed, in its motion, Waymo attempted to justify its request for an *in camera* review by asserting that "Uber has submitted no privilege log at all, and thus Waymo carries no burden" for requiring an *in camera* review (Dkt. 2441-4 at n.3). Uber obviously has submitted numerous privilege logs throughout the litigation, several of which were the subject of motion practice. If, as Waymo now contends, its motion to compel pertained to all redacted or withheld documents, regardless of time, then it *falsely represented* to the Court that Uber had not provided a privilege log.

The Court's January 4, 2018 Discovery Order further confirms that it is limited to Waymo's supplemental discovery requests. The order explains that "Waymo filed a discovery letter brief raising several issues with its supplemental discovery." (Dkt. 2454 at 1.) In granting *in camera* review, the Court referred to the "compressed time frame [Uber] had for production" in response to Waymo's supplemental requests and noted that it thus "is unsurprising that some documents would have been initially improperly withheld or inconsistently redacted." (*Id.* at 2.) Thus, contrary to Waymo's current position, the Order was directed at documents redacted (or withheld) during the supplemental discovery that just closed, not to documents from earlier discovery for which the time for motions has long passed.

Finally, there is nothing in the Jacobs letter about redactions to documents produced in litigation. Thus, even if Waymo had brought a motion for *in camera* review of documents produced during regular discovery – which it did not – there would have been no good cause to support it.

Regards,
Sylvia

---

**From:** James Judah [mailto:jamesjudah@quinnemanuel.com]
**Sent:** Sunday, January 07, 2018 10:46 AM
**To:** Rivera, Sylvia; QE-Waymo
**Cc:** UberWaymoMoFoAttorneys; Uber-sg@LISTS.SUSMANGODFREY.COM; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); JCooper@fbm.com; MCate@fbm.com
**Subject:** RE: Waymo v. Uber

- External Email -

Sylvia –

The Court's Order (which you fail to quote or even cite to) is not limited to documents produced after July and August 2017. Rather, the Court ruled that:

> Waymo may identify for Uber 50 pages by bates number that it wants the Court to review *in camera*. It shall provide those bates numbers to Uber by 5:00 p.m. on January 5, 2018. Uber shall provide the Court with unredacted copies of those Waymo-identified 50 pages that identify the redacted portions by 5:00 p.m. on Monday, January 9, 2018.

(Dkt. 2454 at 2.) Waymo's Motion was similarly not limited in scope to recently produced documents, but included a request "that Uber be immediately ordered to provide to the Special Master unredacted copies of all withheld documents, organized by custodian" so that the Special Master could conduct an in camera review of "a set of 200 documents randomly selected by the Special Master from the files of all remaining custodians." (Waymo Letter Brief at 4.) The relief that Waymo sought, and the relief that the Court granted in part, is expressly within the scope of Judge Alsup's Case Management Order After Evidentiary Hearing, which provided that supplemental discovery would extend to, among other topics,

2

"Defendants' systemic attempts to avoid creating a paper trail and **to conceal facts under contrived claims of attorney-client and other privileges.**"  (Dkt. 2315 at 2 (emphasis added.)

Waymo has complied with the Court's Order by identifying for Uber 50 pages by bates number that it wants the Court to review *in camera*.  Accordingly, "Uber shall provide the Court with unredacted copies of those Waymo-identified 50 pages that identify the redacted portions by 5:00 p.m. on Monday, January 9, 2018" or it will be in violation of yet another Court Order.

Best,
James

**James Judah**
*Partner,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6420 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jamesjudah@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Rivera, Sylvia [mailto:SRivera@mofo.com]
**Sent:** Saturday, January 06, 2018 6:01 PM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Uber-sg@LISTS.SUSMANGODFREY.COM; 'BSF_EXTERNAL_UberWaymoLit@bsfllp.com' (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; JCooper@fbm.com; MCate@fbm.com
**Subject:** Waymo v. Uber

Counsel,

We have reviewed Waymo's Notice of Redacted Pages for *In Camera* Review.  The following 16 pages from that list are from documents that Uber produced in July and August 2017, during regular discovery, for which the time for motions has long expired:

UBER00099182
UBER00099283
UBER00101505-06
UBER00109837-40
UBER00109846-48
UBER00109878
UBER00246796-97
UBER00256937
UBER00258199

By tomorrow at 11:00 a.m., please identify 16 replacement pages from the round of supplemental discovery that was the subject of Waymo's motion and the Court's January 4, 2018 discovery order.  Uber will include those replacement pages in its submission to the Court on Monday.

Sylvia

=================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

=================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

_____
This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP