# EXHIBIT I

                                                                    1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE EASTERN DISTRICT OF TEXAS

 3                          MARSHALL DIVISION

 4    FUNCTION MEDIA, LLC,      )(

 5                               )(    CIVIL DOCKET NO.

 6                               )(    2:07-CV-279-CE

 7    VS.                        )(    MARSHALL, TEXAS

 8                               )(

 9    GOOGLE, INC, ET AL         )(    AUGUST 19, 2010

10                               )(    9:00 A.M.

11                            MOTIONS HEARING

12           BEFORE THE HONORABLE JUDGE CHAD EVERINGHAM

13                   UNITED STATES MAGISTRATE JUDGE

14

15    APPEARANCES:

16

17    FOR THE PLAINTIFF:    (See attached sign-in sheet.)

18
      FOR THE DEFENDANTS:   (See attached sign-in sheet.)
19

20
      COURT REPORTER:       MS. SHELLY HOLMES, CSR
21                          Deputy Official Court Reporter
                            2593 Myrtle Road
22                          Diana, Texas  75640
                            (903) 663-5082
23

24

25    (Proceedings recorded by mechanical stenography,
```

transcript produced on a CAT system.)

2

```
 1                        I N D E X

 2

 3   August 19, 2010

 4                                              Page

 5       Appearances                              1

 6       Hearing                                  3

 7       Court Reporter's Certificate           180

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Case 2:07-cv-00279-RSP Document 483 Filed 10/21/10 Page 4 of 181 PageID #: 34596
Case 3:17-cv-00939-WHA Document 2478-10 Filed 01/14/18 Page 5 of 8

3

```
 1                  LAW CLERK:  All rise.
 2                  THE COURT:  Please be seated.
 3                  All right.  We've got a hearing on some
 4      post-trial motions in Case 2:07-CV-279, Function Media
 5      against Google.
 6                  What says the plaintiff?
 7                  MR. TRIBBLE:  Your Honor, Max Tribble.  I'm
 8      here with Joe Grinstein, Justin Nelson, Stacy Schultz,
 9      Warren Burns, Calvin Capshaw, and Chris Bunt.  Plaintiff
10      is ready to proceed, Your Honor.
11                  THE COURT:  All right.  For Google?
12                  MR. DEFRANCO:  Good morning, Your Honor.
13      Ed DeFranco for Defendant Google.  I'm here with Patrick
14      Curran and Amy Candido.  Also with me is Melissa Smith,
15      Your Honor, and John Labar from Google.
16                  THE COURT:  All right.
17                  MR. DEFRANCO:  Mr. Verhoeven sends his
18      apologies, Your Honor.  He had a long-planned family
19      vacation in between trials, or otherwise he would be
20      here.
21                  THE COURT:  All right.  Well, you can do his
22      time for him and --
23                  MR. DEFRANCO:  That's why I'm here, Your
24      Honor.
25                  THE COURT:  I'm being facetious.  Well, good
```

Case 2:07-cv-00279-RSP Document 483 Filed 10/21/10 Page 155 of 181 PageID #: 34747
Case 3:17-cv-00939-WHA Document 2478-10 Filed 01/14/18 Page 6 of 8

154

 1                    So it's not the case where we just sort of
 2     switched everybody to off the record and said, "You
 3     know, oh, well, that's our new policy."  Those people
 4     were told to preserve instant messages that were
 5     relevant by putting them on the record.
 6                    It's in the record that Theresa Beaumont's
 7     first declaration makes it clear, Google can't change --
 8     the setting has to be the same -- the default setting
 9     across the entire, like, 30,000 Google employees.  So
10     it's not an instance where we could have just said,
11     "Okay, let's put Sergey Brin or Susan Wojcicki or
12     whomever's IMs on -- on the record default and everybody
13     else is on off the record."  Everybody's had to either
14     be on or off.
15                    You know, and for larger data management
16     and policy reasons, Google made the decision to switch
17     to off the record -- and because they couldn't put those
18     people individually on -- on the record, they told them
19     for pertinent communications related to this litigation
20     hold, you need to put them on the record.
21                    Now, those witnesses --
22                    THE COURT:  How was that communicated?
23                    MS. CANDIDO:  Excuse me?
24                    THE COURT:  How was that communicated to
25     these employees?

Case 2:07-cv-00279-RSP Document 483 Filed 10/21/10 Page 156 of 181 PageID #: 34748
Case 3:17-cv-00939-WHA Document 2478-10 Filed 01/14/18 Page 7 of 8

155

```
 1              MS. CANDIDO:  I believe that that was
 2   communicated to those employees -- at least in the first
 3   instance, with the policy change, as part of the
 4   announcement of the policy change.  And then I think
 5   also in connection with document -- so the
 6   communications they have with individuals at the
 7   beginning of a lawsuit about collecting documents and
 8   things like that, I believe those were orally -- well, I
 9   don't want to reveal privilege, but I -- I think they
10   were additional reinforcements about policy --
11              THE COURT:  But you swore out an affidavit
12   that said that.
13              MS. CANDIDO:  Yes, there -- there's a sworn
14   affidavit right here that they were told that.
15              THE COURT:  I just was interested in how
16   that was communicated.
17              MS. CANDIDO:  Well, I know that it was
18   communicated in connection with the policy change when
19   it took place.
20              You know, I just want to refer, too, to that
21   Malletier case where the Court specifically says that
22   a -- the claim that a defendant was required to log
23   every chat was, quote, akin to a demand that a party to
24   litigation install a system to monitor and record phone
25   calls coming into its office on the hypothesis that some
```

Case 2:07-cv-00279-RSP Document 483 Filed 10/21/10 Page 157 of 181 PageID #: 34749
Case 3:17-cv-00939-WHA Document 2478-10 Filed 01/14/18 Page 8 of 8

156

1   of them may contain relevant information.

2            There's no such requirement.  And really
3   it's just the same hypothesis that -- that Mr. Nelson is
4   putting forth here that there might -- there just --
5   there might be these chats or by putting chats off the
6   record, it enables people to have secret chats about
7   things that aren't -- well, I mean, you can have a
8   hallway conversation, you can have a phone call
9   conversation.  It's no different than that.

10           And to the extent they want discovery with
11  respect to those things, that's what depositions are
12  for.  At depositions, they were free to ask all these
13  witnesses, "What did you communicate with people in the
14  hallway about X subject or did you have telephone
15  communications about Y subject?  Did you have instant
16  message communications?  What did you say?  When did you
17  have them?"  I mean, they can ask all the same questions
18  they could ask about phone calls or hallway
19  communications with respect to -- to IM messages.

20           And I think it's important to -- to note
21  that despite the existence of two snippets of IMs that
22  were pasted into e-mails that are non -- that are in
23  some ways substantive, Mr. Brin, Ms. Wojcicki -- they've
24  all testified that they use IMs very different than what
25  plaintiff is hypothesizing.