# EXHIBIT B
# FILED UNDER SEAL

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSES TO WAYMO'S FIRST SET OF INTERROGATORIES RELATING TO ISSUES IN JACOBS LETTER (NO. 1)**<br><br>Trial Date: February 5, 2018 |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Defendants") hereby object and respond to Plaintiff Waymo LLC's First Set of Expedited Interrogatories, served on December 8, 2017.

## GENERAL OBJECTIONS

Defendants make the following general responses and objections ("General Objections") to each definition, instruction, and question posted in Waymo's Interrogatories.  These General Objections are hereby incorporated into each specific response.  The assertion of the same, similar or additional objections or partial responses to the individual Interrogatories does not waive any of Defendants' General Objections.

1. Defendants object to each Interrogatory, Definition, or Instruction to the extent it seeks or purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the applicable rules and orders of this Court.  In particular, but without limitation, Defendants object that the purported deadline for responding to the Interrogatories is inconsistent with the Federal Rules of Civil Procedure and is unreasonable and unduly burdensome.

2. Nothing in these responses is an admission by Defendants of the existence, relevance, or admissibility of any information, for any purpose.  Defendants reserve all objections as to competency, relevance, materiality, privilege, or admissibility related to the use of its responses and any document or thing identified in its responses as evidence for any purpose whatsoever in any subsequent proceeding in this trial or any other action.

3. Defendants object to each Interrogatory to the extent it seeks information not within Defendants' possession, custody, or control and not kept by Defendants in their ordinary course of business.  Defendants will provide only relevant, non-privileged information that is within its present possession, custody, or control and available after a reasonable investigation.

4. Defendants object to these Interrogatories insofar as they purport to require Defendants to search for information beyond that which is available after a reasonable search as it relates to this case, the expedited schedule for this discovery, and the limited scope of discovery at this stage.

DEFENDANTS' RESPONSES TO WAYMO'S FIRST SET OF INTERROGATORIES RE ISSUES IN JACOBS LETTER
Case No. 3:17-cv-00939-WHA
sf-3849527

1

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

5. Defendants object to each Interrogatory to the extent that it is not limited in time. Defendants will produce information from a reasonable time period as it relates to this case.

6. Defendants object to each Interrogatory to the extent it seeks a response from persons or entities who are not parties to the lawsuit and over whom Defendants have no control. Defendants respond to the Interrogatories on Defendants' own behalf.

7. To the extent any Interrogatory, Instruction, or Definition may be construed as calling for disclosure of information subject to the attorney-client privilege, work product immunity, joint defense or common interest, or any other applicable privilege or protection, Defendants hereby claim such privileges and immunities and object on such grounds. Defendants do not waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint defense or common-interest privilege or any other privilege, immunity, or other protection that may be asserted to protect information from disclosure.

8. Defendants object to the definitions of "WAYMO" and "GOOGLE" as overbroad, vague, and ambiguous because Defendants do not know, for example, all "current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of" each entity.

9. Defendants object to the definition of "UBER" as overbroad, circular, and indecipherable in purporting to include all "officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing," and all "affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by UBER, and all predecessors and successors interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by UBER." Uber responds to these Requests on its own behalf.

10. Defendants object to the definition of "OTTOMOTTO" as overbroad, circular, and indecipherable in purporting to include all "officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing," and all "affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns,

DEFENDANTS' RESPONSES TO WAYMO'S FIRST SET OF INTERROGATORIES RE ISSUES IN JACOBS LETTER
Case No. 3:17-cv-00939-WHA
sf-3849527

2

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by OTTOMOTTO, and all predecessors and successors interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by OTTOMOTTO." Ottomotto responds to these Requests on its own behalf.

11. Defendants object to the definitions of "DOCUMENTS" AND "COMMUNICATIONS" to the extent they are overbroad, not reasonably particularized, and seek or purport to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or the applicable rules and orders of this Court, including in seeking material that is not reasonably accessible.

12. Defendants object to the definitions of "REGARDING" as overbroad and not reasonably particularized.

13. Defendants object to Instruction No. 1 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to impose duties greater than those set forth in the Federal Rules and the Court's orders, including to the extent it purports to require the production of documents or information not in the Defendants' possession, custody, or control.

14. Defendants object to Instruction Nos. 2 through 4 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to impose duties greater than those set forth in the Federal Rules and the Court's orders.

15. Although Defendants have diligently complied with their discovery obligations at this stage, their investigations in connection with this litigation are continuing. These responses are limited to information obtained to date and are given without prejudice to Defendants' right to amend or supplement their responses after considering information obtained through further discovery or investigation.

Subject to and without waiving its General Objections, Uber objects and responds to the Interrogatories as follows:

DEFENDANTS' RESPONSES TO WAYMO'S FIRST SET OF INTERROGATORIES RE ISSUES IN JACOBS LETTER
Case No. 3:17-cv-00939-WHA
sf-3849527

3

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:**

For each UBER current or former employee that was aware of the JACOBS LETTER or the JACOBS EMAIL prior to November 22, 2017, identify the name of the current or former employee, whether that person is a current or former employee, and the date on which he or she became aware of the JACOBS LETTER or the JACOBS EMAIL.

**RESPONSE TO INTERROGATORY NO. 1:**

Following a reasonably diligent search given the extraordinarily expedited schedule permitted to respond to this Request, Defendants have identified the following individuals who, at the time of their employment with Uber but prior to November 22, 2017, first received the letter dated May 5, 2017, addressed to Angela Padilla from Clayton D. Halunen:

| Name | First Receipt | Current or Former Employee |
|---|---|---|
| Angela Padilla | 05/06/2017 | Current |
| Joe Spiegler | 05/06/2017 | Former |
| Salle Yoo | 05/06/2017 | Former |
| [redacted] | 05/06/2017 | Former |
| [redacted] | 05/06/2017 | Current |
| [redacted] | 05/25/2017 | Current |
| [redacted] | 06/08/2017 | Current |
| [redacted] | 06/22/2017 | Current |
| [redacted] | 06/22/2017 | Current |
| [redacted] | 08/01/2017 | Current |
| [redacted] | 09/26/2017 | Current |

DEFENDANTS' RESPONSES TO WAYMO'S FIRST SET OF INTERROGATORIES RE ISSUES IN JACOBS LETTER
Case No. 3:17-cv-00939-WHA
sf-3849527

4

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Following a reasonably diligent search given the extraordinarily expedited schedule permitted to respond to this Request, Defendants have identified the following individuals who, at the time of their employment with Uber but prior to November 22, 2017, first received the email sent from Richard Jacobs on April 14, 2017, at 10:38 a.m. announcing his resignation:

| Name | First Receipt | Current or Former Employee |
|---|---|---|
| Travis Kalanick | 4/14/2017 | Former |
|  | 4/14/2017 | Current |
| Salle Yoo | 4/14/2017 | Former |
|  | 4/14/2017 | Current |
|  | 4/14/2017 | Former |
| Angela Padilla | 4/14/2017 | Current |
| Joe Sullivan | 4/14/2017 | Former |
| Craig Clark | 4/14/2017 | Former |
|  | 4/14/2017 | Current |
|  | 4/14/2017 | Current |
| Joe Spiegler | 4/14/2017 | Former |
|  | 4/14/2017 | Current |
|  | 4/28/2017 | Former |
|  | 6/9/2017 | Current |
|  | 6/22/2017 | Current |
|  | 8/1/2017 | Current |

Defendants object to the terms "aware," "JACOBS LETTER," and "JACOBS EMAIL" as undefined and vague. Defendants further object that they were provided less than the time allotted in the federal rules of civil procedure to conduct their investigation and respond to this Request. Any response that is made and all searches performed are limited to what is possible to do in such a short amount of time. Defendants will provide only relevant, non-privileged

DEFENDANTS' RESPONSES TO WAYMO'S FIRST SET OF INTERROGATORIES RE ISSUES IN JACOBS LETTER
Case No. 3:17-cv-00939-WHA
sf-3849527

5

1  information that is within their present possession, custody, or control and available after a
2  reasonable investigation.

3
4  Dated: December 22, 2017                MORRISON & FOERSTER LLP

5                                          By: */s/ Arturo J. González*
6                                              ARTURO J. GONZÁLEZ

7                                          Attorneys for Defendants
                                           UBER TECHNOLOGIES, INC.
8                                          and OTTOMOTTO LLC

DEFENDANTS' RESPONSES TO WAYMO'S FIRST SET OF INTERROGATORIES RE ISSUES IN JACOBS LETTER
Case No. 3:17-cv-00939-WHA
sf-3849527

6

# CERTIFICATE OF SERVICE

I declare that I, Samuel Cortina, am employed with the law firm of Morrison & Foerster LLP, whose address is 12531 High Bluff Drive, San Diego, CA 92130. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on December 22, 2017, I served true and correct copies of the following documents:

- **DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSES TO WAYMO'S FIRST SET OF INTERROGATORIES RELATING TO ISSUES IN JACOBS LETTER (NO. 1)**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| Recipient | Email Address: |
| --- | --- |
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788<br><br>*Attorneys for Plaintiff Waymo LLC* | qewaymo@quinnemanuel.com |
| John L. Cooper<br>Farella Braun + Martel LLP<br>Russ Building<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA  94104<br><br>*Special Master* | JCooper@fbm.com<br>MCate@fbm.com |

1  I declare under penalty of perjury that the foregoing is true and correct.  Executed at San
2  Diego, California, this 22nd day of December, 2017.

| Samuel Cortina | */s/ Samuel Cortina* |
|---|---|
| (typed) | (signature) |

CERTIFICATE OF SERVICE
Case No. 3:17-cv-00939-WHA
sf-3849527

2