# EXHIBIT I
# FILED UNDER SEAL

# Patrick Schmidt

| | |
|---|---|
| **From:** | Patrick Schmidt |
| **Sent:** | Tuesday, December 26, 2017 5:23 PM |
| **To:** | 'John Cooper'; Matthew Cate |
| **Cc:** | BSF_EXTERNAL_UberWaymoLit@bsfllp.com; Uber-sg@LISTS.SUSMANGODFREY.COM; UberWaymoMoFoAttorneys; QE-Waymo |
| **Subject:** | Waymo v. Uber: Discovery Items |

John and Counsel—

We write to follow-up on several outstanding discovery items. John, we request a meet and confer tomorrow to discuss these issues.

1.) In response to item number 1 in the 12/21 email from Jonathan Francis, Uber states that it has "not located earlier versions" of the document produced as UBER00342067.  Please confirm that Uber has conducted a reasonably diligent search for all prior versions of this document.  If earlier versions of this document are no longer in existence, please provide an explanation for their deletion including an explanation of any policy within Uber that would explain why documents such as these have been deleted or destroyed.

2.) In response to item number 2 in the 12/21 email from Jonathan Francis, Uber states that it has produced the "various versions" of the lawyer dog presentation that it has located.  We have located only one version in your production, beginning at Bates number UBER00340305.  If there are others, please identify them or explain why others have not been located.  Also, as we noted in our original email, Mr. Jacobs confirmed at his deposition that this was not the version of the presentation that he was shown at Uber.  Please either produce the version that Mr. Jacobs was shown in 2016 or confirm that it is no longer in existence and provide an explanation as to why this earlier version was deleted or destroyed.

3.) In item number 3 of Mr. Francis' 12/21 email, we requested documents related to "Vendor 1" referenced in UBER00336627.  Specifically, we requested "documents sufficient to show the identity of Vendor 1" and "any documents relevant to any work that Vendor 1 has done for Uber . . . ."  Your 12/26 response does not address these requests.  Regardless of whether Vendor 1 was ever hired by Google, we demand that you immediately produce the requested documents.

4.) In response to item number 4 in the 12/21 email from Jonathan Francis, Uber states that "no additional SSG reports regarding Waymo or Google have been located."  Please confirm that you have searched all sources in which such reports would likely be stored, including any SSG Dropbox accounts, NextCloud accounts, and the personal document sources of SSG employees including Nick Gincinto.  If there are reports that are no longer in existence, please provide an explanation for their deletion including an explanation of any policy within Uber that would explain why documents such as these are deleted or destroyed.

5.) Last week, Nicholas Gicinto testified at his deposition that a document exists that contains a key for what the various "Iden" and "Vendor" references in Exhibit 9206 mean.  See Gicinto Rough Tr., at 132:15-133:5; 168:21-169:10.  Please produce any such documents as soon as possible, as they pertain to Uber's competitive intelligence efforts, and accordingly are responsive to RFP 1 of Waymo's 11/30 Requests.

6.) We are in receipt of document production volumes UBER_195, UBER_196, and your accompanying 12/22 privilege log.  First, these categories of documents were the topic of multiple meet and confer conferences with the Special Master and were the subject of motion practice before Judge Corley last week.  But, never once during this process did Uber indicate that it intended to claim privilege over any portion of the

documents.  Uber's failure to raise the privilege at the time these documents became the subject of dispute is a waiver of the privilege, and we reserve the right to argue as such.  In the meantime, so that we can assess you claim of privilege, please identify which documents in your 12/22 log were provided to the U.S. Attorney's Office or the Department of Justice.  Also, please provide any authority that would support Uber's assertion of privilege over documents provided to the government.  Finally, please confirm that your 12/22 log accounts for all documents (whether redacted, or withheld entirely) responsive to Judge Corley's 12/21 order over which Uber is claiming a privilege.

7.) During the 12/23 deposition of Craig Clark, Uber examined Mr. Clark using a document (UBER00355965) that was not produced to us until later that evening after the deposition had concluded.  Please provide an explanation as to why this document was not produced earlier and why Uber relied on unproduced documents during Mr. Clark's deposition.  We reserve the right to move to strike Mr. Clark's testimony regarding this document for Uber's late production or seek further testimony.

8.) We have noted that Uber appears to be taking an inconsistent approach to redacting emails produced under different Bates number.  (*Compare, e.g.* UBER00334409, *with* UBER00334437.)  Please provide an explanation for these inconsistent redactions, including an explanation of the criteria that Uber used in determining which communications from in-house attorneys were redacted.  Uber's inconsistent treatment of email messages is troubling, and it reinforces why a complete privilege log supporting Uber's recent document productions and *in camera* review is necessary.  We reiterate our request that Uber provide by January 3 a complete privilege log to justify all withheld/redacted documents that have not already been logged.

**Patrick Schmidt**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3191 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
patrickschmidt@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Rivera, Sylvia [mailto:SRivera@mofo.com]
**Sent:** Friday, December 22, 2017 11:45 PM
**To:** Jonathan Francis <jonathanfrancis@quinnemanuel.com>; QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** Matthew Cate <MCate@fbm.com>; UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) <BSF_EXTERNAL_UberWaymoLit@bsfllp.com>; Uber-sg@LISTS.SUSMANGODFREY.COM; John Cooper <JCooper@fbm.com>
**Subject:** RE: Discovery Issues

Counsel:

Responses to Waymo's inquiries are interlineated below in red.

Regards,
Sylvia

**From:** Jonathan Francis [mailto:jonathanfrancis@quinnemanuel.com]
**Sent:** Thursday, December 21, 2017 2:08 PM
**To:** John Cooper
**Cc:** Matthew Cate; QE-Waymo; UberWaymoMoFoAttorneys; Boies Service (BSF_EXTERNAL_UberWaymoLit@bsfllp.com) (BSF_EXTERNAL_UberWaymoLit@bsfllp.com); Uber-sg@LISTS.SUSMANGODFREY.COM
**Subject:** RE: Discovery Issues

- External Email -

Counsel and John-

Yes, there are a few issues we need answers to:

1. In response to previous emails, Uber produced a spreadsheet it says was associated with the email chain in UBER00342026. However, it is unclear whether the spreadsheet is the one initially attached to the first email from Marin Hedevag or is the version that was corrected subsequent to Mr. Kalanick's instruction to "add language about attorney client privileged to all documents." Please clarify and also produce the original presentation if that was not the one produced as UBER00342067 as well as all other communications and attachments that were part of or sent in response (directly or indirectly) to this email sting. Also, please explain why the document produced does not contain the 2016-03-28 report.

   To clarify, there is no document "attached" to the email in UBER00342026 that reads "Please find the latest update here." That email instead includes an embedded link to another document. UBER00342067 is the currently-available version of that other document. We have not located earlier versions.

2. The "lawyer dog" presentation that was produced is not the presentation that Mr. Jacobs witnessed according to his testimony. Please produce all versions of the presentation.

   Uber produced the various versions of that presentation that it located.

3. UBER00336627 identifies a "Vendor 1" who will conduct surveillance of Giraffe – aka Google. Please immediately produce documents sufficient to show identity of Vendor 1 and any produce any documents relevant to any work that Vendor 1 has done for Uber, including but not limited to any reports prepared by that Vendor in connection with any surveillance of Waymo/Google and any communications between SSG and that vendor. Relatedly, we have some documents that show SSG agents and vendors conducted surveillance of Waymo/Google, but the production seems incomplete given the apparent breadth of this activity. Please produce all documents related to any surveillance of Waymo/Google by any SSG person, or any Vendor working on behalf of SSG, as well as documents sufficient to identify all such vendors.

   Consistent with Mr. Gicinto's testimony yesterday, we have not located any documents that indicate a "Vendor 1" was ever hired to conduct surveillance of Google. Likewise, we have not identified any additional documents regarding surveillance of Waymo/Google and we disagree with the unfounded characterization regarding the "apparent breadth" of such activity.

4. UBER00336628 references "finished intelligence reports" prepared by SSG analysts. Please immediately produce all such "intelligence reports" that relate to Waymo, including any such reports that are stored in "off-Uber" sources such as Nextcloud and Dropbox, or personal sources of SSG personnel used for work.

   As noted above, no additional SSG reports regarding Waymo or Google have been located.

5. Mr. Majalya testified that Uber's Competitive Intelligence Policy became effective on August 19, 2017. We have not received a copy of the CIP with this effective date – the most recent version produced identifies an August 11, 2017 effective date. Please immediately produce the final version of the CIP that was approved by the Board and became effective on August 19, 2017.

<span style="color:red">The communication at UBER00335010 circulated the final version of the competitive intelligence policy (UBER00335011) that was approved by the Board and SMC.</span>

John – we request the above be added to the meet and confer scheduled for today at 5:00 PM.

Best,
Jonathan

**Jonathan Francis**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6369 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jonathanfrancis@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.