# EXHIBIT L
# FILED UNDER SEAL

## Patrick Schmidt

| | |
|---|---|
| **From:** | Patrick Schmidt |
| **Sent:** | Friday, December 29, 2017 5:31 PM |
| **To:** | 'Rivera, Sylvia'; QE-Waymo |
| **Cc:** | John Cooper (JCooper@fbm.com); Matthew Cate; UberWaymoMoFoAttorneys; BSF_EXTERNAL_UberWaymoLit@bsfllp.com; Uber-sg@LISTS.SUSMANGODFREY.COM |
| **Subject:** | RE: Waymo v. Uber; "Vendor 1" |

Sylvia,

What do you mean that you haven't located "additional documents for production" that discuss the subject matter we spoke about?  Are there documents or aren't there?  If so, why wouldn't they be produced?

Also, as we mentioned on yesterday's call, in light of the description of "Vendor 1" in the collection plan we have seen, any documents concerning the hypothetical work should be produced regardless of whether they happen to mention Waymo expressly.

Below is precisely what we are asking for in tonight's motion to compel.  If you can clearly represent to us in writing before 6:30 p.m. that no such documents exist, we will drop this request from our motion.  Otherwise we will move forward as planned:

> (i) the actual or potential entities considered to fulfill the role of "Vendor 1"; (ii) the "existing capabilities or sources" that Uber contemplated "Vendor 1" would use for Uber to gather competitive intelligence; and (iii) the "new sources" that Uber contemplated "Vendor 1" would develop, as necessary, to further Uber's intelligence gathering efforts.

**Patrick Schmidt**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3191 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
patrickschmidt@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Rivera, Sylvia [mailto:SRivera@mofo.com]
**Sent:** Friday, December 29, 2017 4:10 PM
**To:** QE-Waymo <qewaymo@quinnemanuel.com>
**Cc:** John Cooper (JCooper@fbm.com) <JCooper@fbm.com>; Matthew Cate <MCate@fbm.com>;
UberWaymoMoFoAttorneys <UberWaymoMoFoAttorneys@mofo.com>; BSF_EXTERNAL_UberWaymoLit@bsfllp.com;
Uber-sg@LISTS.SUSMANGODFREY.COM
**Subject:** Waymo v. Uber; "Vendor 1"

Counsel,

I write in follow up to our discussion about "Vendor 1." Ed Russo testified that, to the best of his recollection, Vendor 1 was a hypothetical entity. (12/20/17 Russo Tr. 320:25 – 321:1 ("As I recall, they were hypothetical. They weren't specific vendors.").) Mr. Russo and Mr. Gicinto both testified that the proposal involving a "Vendor 1" and Waymo was never implemented. We have investigated further and have located no documents that reflect that Vendor 1 was an actual, known entity, rather than a hypothetical one. Nor have we located any additional documents for production that discuss the hypothetical work that the hypothetical Vendor 1 could do for Uber as it concerns Waymo.

In response to Waymo's request, we also have searched for a document that would constitute a codename key for "Iden A" and "Iden B" in Ex. 9206, but have not located such a document.

Regards,
Sylvia


=========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.