MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Tel:  415.268.7000 / Fax:  415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Tel:  202.237.2727 / Fax:  202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel:  212.336.8330 / Fax:  212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                   Plaintiff,<br><br>         v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                   Defendants. | Case No.      3:17-cv-00939-WHA<br><br>**DECLARATION OF MICHELLE YANG IN SUPPORT OF PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL WAYMO'S OFFER OF PROOF REGARDING DEFENDANTS' DISCOVERY MISCONDUCT (DKT. 2466)** |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Plaintiff Waymo LLC's Administrative Motion to File Under Seal Waymo's Offer of Proof Regarding Defendants' Discovery Misconduct (Dkt. 2466) and the accompanying exhibits to the Declaration of Jeff Nardinelli ("Exhibits").

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Waymo's Offer of Proof | Red Boxes |
| Exhibit 1 | Yellow highlights |
| Exhibit 2 | Redacted portions in public refiling at Dkt. 2401-2 |
| Exhibits 4, 19, 20, 32, 34, 35, 38, and 49 | Email addresses |
| Exhibit 5 | Entire Document |
| Exhibit 6 | Red Boxes |
| Exhibit 13 | Entire Document |
| Exhibit 14 | Entire Document |
| Exhibit 15 | Entire Document |
| Exhibit 16 | Entire Document |
| Exhibit 17 | Red Boxes |
| Exhibit 18 | Entire Document |
| Exhibit 21 | Entire Document |
| Exhibit 22 | Entire Document |
| Exhibit 23 | Entire Document |

| | |
|---|---|
| Exhibit 24 | Entire Document |
| Exhibit 26 | Entire Video |
| Exhibit 37 | Entire Document |
| Exhibit 40 | Entire Document |
| Exhibit 41 | Entire Document |
| Exhibit 42 | Entire Document |
| Exhibit 43 | Entire Document |
| Exhibit 44 | Entire Document |
| Exhibit 45 | Entire Document |
| Exhibit 48 | Red Boxes |
| Exhibit 54 | Entire Document |
| Exhibit 56 | Red Boxes |
| Exhibit 57 | Red boxes |
| Exhibit 60 | Red Boxes |
| Exhibit 65 | Red Boxes |
| Exhibit 68 | Email addresses, telephone numbers, and page UBER00218401 |
| Exhibit 69 | Entire Document |
| Exhibits 73, 75, 97 | Entire Documents |
| Exhibits 83, 84, 85, 86 | Entire Documents |
| Exhibit 94 | Portions corresponding to redactions in Dkt. 790 |
| Exhibit 95 | Entire Document |
| Exhibits 66, 67, 76, 77, 93, and 99 | Email addresses, telephone numbers |
| Exhibits 70, 71, 72, and 102 | Email addresses, telephone numbers |

| Exhibit 100 | Telephone number |
|---|---|
| Exhibit A | Red Boxes |
| Exhibit B | Red Boxes |
| Exhibit E | Red Boxes |
| Exhibit G | Red Boxes |
| Exhibit H | Red Boxes |
| Exhibit I | Red Boxes |
| Exhibit J | Red Boxes |
| Exhibit K | Red Boxes |
| Exhibit N | Red Boxes |
| Exhibit Q | Red Boxes |
| Exhibit U | Red Boxes |
| Exhibit Z | Red Boxes |

3. The yellow-highlighted portions of Exhibit 1 contain references to the same type of confidential material for which the Court granted sealing in its November 29, 2017 Order and December 13, 2017 Order, which are reflected in the public refiling of Exhibit B to Dkt. 2307-2 at Dkt. 2401-2.  (Dkt. 2307-2; Dkt. 2382; Dkt. 2401-2.)  I understand that the yellow-highlighted portions of Exhibit 1 similarly contain information that implicates the safety, privacy, and reputational interests of former and current Uber employees and vendors, as well as various third-party individuals and entities.

4. The yellow-highlighted portions of Exhibit 1 also contain the email addresses and telephone number of a former Uber employee, which include personal contact information.  Uber requests that this contact information be kept confidential in order to protect this former Uber employee from harm or harassment.

5. I understand that Exhibit 2 to Waymo's Offer of Proof is the same document as Exhibit B to the Court's November 29, 2017 Order (Dkt. 2307-2), for which the Court has already

1  granted sealing with respect to the green-highlighted portions of that document. (Dkt. 2307 at 2.)
2  The Court's December 13, 2017 Order granted additional redactions to this document (Dkt.
3  2382), which are reflected in the Court's public re-filing at Dkt. 2401-2. Exhibit 2 to Waymo's
4  Offer of Proof contains information that implicates the safety, privacy, and reputational interests
5  of former and current Uber employees and vendors, as well as various third party individuals and
6  entities. Defendants support sealing of the same redacted portions of this document reflected in
7  Dkt. 2307-2 and Dkt. 2401-2.

8      6.    The red boxes on page 22 of Waymo's Offer of Proof, the entireties of Exhibit 5
9  and Exhibit 54 contain highly confidential information regarding internal communications among
10 company employees relating to internal investigations. Similar to the names sealed in Exhibit 2
11 in accordance with the Court's November 29, 2017 and December 13, 2017 Orders, these exhibits
12 contain information that could implicate the safety, privacy, and reputational interests of former
13 and current Uber employees. Defendants request sealing of these documents to protect these
14 interests.

15     7.    The red boxes in Exhibit 6 contain telephone numbers of Uber employees, which
16 include personal contact information. Uber requests that this contact information be kept
17 confidential in order to protect Uber employees from harm or harassment.

18     8.    The entirety of Exhibit 13 contains highly confidential information regarding an
19 Uber employee's draft internal document on potential objectives considered by the employee for
20 competitor research, and the entirety of Exhibit 14 contains a list of competitor identities. The
21 entirety of Exhibit 15 contains a compilation of research results regarding certain third party
22 competitors, and the entirety of Exhibit 18 contains a presentation regarding competitor research
23 and strategic considerations. The entirety of Exhibit 37 contains an internal email communication
24 regarding competitor research in the context of Uber's business strategy and app security. All of
25 this information has been maintained as highly confidential. Disclosure of this information could
26 allow competitors to understand Uber's potential strategic goals and research objectives,
27 indicating specific information that Uber does and does not have about the self-driving industry.
28

1  Competitors could tailor their own business strategy to the detriment of Uber's competitive
2  standing.

3      9.    The entirety of Exhibit 16 contains highly confidential information regarding an
4  email exchange between two Uber engineers evaluating various technical considerations for
5  Uber's LiDAR sensors.  I understand that disclosure of this information could allow competitors
6  to gain detailed insight into the specifics of Uber's technical development and strategy.

7      10.    Some of the red boxes of Exhibit 17 contain references to foreign intelligence
8  objectives, relating to the same general subject matter the Court allowed to be sealed in the Jacobs
9  letter at Dkt. 2401-2.  (*See supra,* ¶ 5.)  Some of the red boxes also contain contact information of
10 Uber employees, which Defendants request sealed to protect privacy interests.  The remaining red
11 boxes of Exhibit 17 are addressed in ¶ 26.

12     11.    The entireties of Exhibits 21 and 22 are internal notes containing confidential
13 information regarding strategic evaluations of the requirements for the self-driving car market,
14 including analysis of the competition.  Disclosure of this information could allow competitors to
15 acquire knowledge into how Uber evaluates its place in the market and formulates its business
16 strategy, such that Uber's competitive standing could be significantly harmed.

17     12.    The red boxes on pages 15 and 23 of Waymo's Offer of Proof, the entireties of
18 Exhibits 23, 24, and 45 contain confidential information regarding Uber's evaluation of the
19 priorities of the self-driving car market and analysis of the competition.  In addition, Exhibits 23,
20 24, and 45 contain the same type of specific sensitive material that the Court allowed to be sealed
21 in its November 29, 2017 Order and December 13, 2017 Order, which are reflected in the public
22 refiling of Exhibit B to Dkt. 2307-2 at Dkt. 2401-2.  (Dkt. 2307-2; Dkt. 2382; Dkt. 2401-2.)
23 Similarly, Exhibits 23, 24, and 45 contain information implicating the safety and privacy interests
24 of various third-party individuals and entities.

25     13.    The entireties of Exhibits 40 and 41 are letters containing confidential information
26 regarding two former employees' claims against Uber.  The entireties of Exhibits 42 and 43
27 contain confidential information regarding the proceedings of these claims, and the entirety of
28 Exhibit 44 contains confidential information regarding a performance review of one of these

employees. The details regarding these former employees' claims and proceedings have been maintained as confidential by Uber. Uber requests that this information be kept sealed in accordance with agreements between parties to these proceedings, and in order to protect the privacy of these former employees.

14. The red boxes in Exhibits 56 and 57 contain the mailing address of a former Uber employee and tax information associated with a law firm. Defendants request this information be kept sealed in order to protect safety and privacy interests.

15. The red boxes in Exhibit 60 contain contact information of former company employees, including personal email addresses, as well as the names of certain Waymo employees. Defendants seek to seal this information in order to protect the privacy of these individuals because this lawsuit is currently the subject of extensive media coverage.

16. The red boxes in Exhibit 65 contain highly confidential information regarding various LiDAR projects in which Uber employees participated, including projects with confidential third party vendors. I understand that disclosure of this information could allow competitors to gain insight into the technical projects Uber has considered and undertaken, such that Uber's competitive standing could be harmed.

17. Page UBER00218401 of Exhibit 68 contains highly confidential information relating to the proposed operating plan of Ottomotto, including specific financial projections. This information has been maintained as confidential. Disclosure of this information would allow competitors to understand Defendants' business plans and financial projections, to the detriment of Defendants' competitive standing.

18. The entirety of Exhibit 69 is the Company Disclosure Schedules (Ottomotto) document for which Judge Corley granted sealing. (Dkt. 707 at 2, 4 (sealing Dkt. 515-11).) The entirety of Exhibit 94 is a draft version of the Agreement and Plan of Merger (Ottomotto) for which Judge Corley granted sealing with respect to the portions highlighted in Exhibit B to the declaration of Jeff Nardinelli in support Waymo's Opposition to Defendants' Administrative Motion to File Documents Under Seal (Dkt. 526-7) except for portions challenged by Waymo's Opposition. (Dkt. 707 at 2, 4 (sealing-in-part Dkt. 515-3); Dkt. 790 (public filing of revised

1  redacted version of Dkt. 515-3).)  The entirety of Exhibit 95 contains communications discussing

2  potential revisions to the draft Agreement and Plan of Merger.  Defendants seek to seal the red

3  boxes on page 46 of Waymo's Offer of Proof, the entireties of Exhibit 69 and Exhibit 95, and the

4  portions of Exhibit 94 corresponding to redactions in Dkt. 790.  These acquisition documents

5  contain non-public, highly confidential information relating to acquisition agreements of Uber,

6  including highly confidential business information relating to Uber's (a privately held

7  corporation) corporate structure and highly confidential information relating to terms of the

8  agreements. The documents contain highly sensitive business information that is not publicly

9  known, such as specific employees' salary numbers, stock agreements, and their confidentiality is

10 strictly maintained.  This information could be used by competitors to Uber's detriment, including

11 in the context of negotiating business deals.

12    19.    The red boxes on page 46 of Waymo's Offer of Proof, the entirety of Exhibits 73,

13 75, and 97 contain highly confidential information relating to an agreement between Defendants

14 and third party Tyto, including specific business terms to the agreement, specific financial

15 numbers relating to business expenses, invoices, assets, and employee salaries and payments.

16 The red boxes on page 45 of Waymo's Offer of Proof and the red boxes in Exhibit U contain

17 highly confidential information relating to employee payments.  This information is maintained as

18 confidential.  This information could be used by competitors to Uber's detriment, including in the

19 context of negotiating business deals.

20    20.    The red boxes on pages 16-17 of Waymo's Offer of Proof, the entirety of Exhibits

21 26, 83, 84, 85, 86, and the red boxes in Exhibits I, G, and Z contain highly confidential

22 information concerning the identity of certain third party competitors, specific data inputs and

23 outputs, research objectives, research results, financial numbers regarding research budgets, and

24 confidential business negotiations.  This information has been maintained as confidential.

25 Disclosure of this information would allow competitors to understand Uber's business strategy in

26 the self-driving industry, including what information Uber has and does not have or consider,

27 such that they could tailor their own business strategy to the detriment of Uber's competitive

28 standing.

21. Exhibits 68, 83, 84, 85, 86, 95, and 100 contain email addresses and/or telephone numbers, including personal telephone numbers, of current and former Uber employees. Uber requests that this contact information be kept confidential in order to protect current and former Uber employees from harm or harassment.

22. The red boxes on page 176 of Exhibit I contain references to a confidential third party vendor Uber used to conduct open-source or public research. Defendants request this information be sealed to protect this confidential business relationship from disclosure and this third party vendor from possible harassment.

23. The red boxes on pages 69 and 205 of Exhibit I contain references to information for which the Court has already granted sealing with respect to the green-highlighted portions of Exhibit B to the Court's November 29, 2017 Order. (*See* Dkt. 2307 at 2, Dkt. 2382, Dkt. 2401-1.) The red boxes on page 17 of Exhibit H contain confidential information of the same type as that which the Court granted sealing with respect to Exhibit B to the Court's November 29, 2017 Order. This information implicates the safety, privacy, and reputational interests of former and current Uber employees and vendors, as well as various third party individuals and entities.

24. The red boxes on pages 346 in Exhibit A, the red boxes of Exhibit K, and the red boxes in Exhibit N contain highly confidential information regarding internal communications among company employees relating to internal investigations. Similar to the information sealed in accordance with the Court's November 29, 2017 and December 13, 2017 Orders, this exhibit contains information that could implicate the safety, privacy, and reputational interests of former and current Uber employees. Defendants request sealing of this document to protect these interests.

25. The red boxes on pages 24-26 of Waymo's Offer of Proof, the red boxes in Exhibit A, the red boxes in Exhibit B, the red boxes in Exhibit N contain highly confidential information relating to a data governance program that was never implemented at Uber but which was intended to effectively manage the data, documents, and email generated by the company and to identify what information needed to be retained. This information has been maintained as

confidential. Public disclosure of this information would reveal internal technology and confidential business procedures, to the detriment of Uber's competitive standing.

26. The red boxes on pages 13 and 24 fn. 19 of Waymo's Offer of Proof, the red boxes in Exhibit 17, the red boxes in Exhibit 48, the red boxes in Exhibit Q, and the red boxes on pages 204-206 in Exhibit B contain current and former employee names and identities, and Uber requests that this information be kept confidential in order to protect the privacy of individuals currently or formerly at a company that is subject of extensive media coverage, in order to protect them from harm or harassment. Uber's request is narrowly tailored to names and identities that have not been made public with respect to this subject matter.

27. The red boxes on pages 25-26 of Waymo's Offer of Proof, the red boxes in Exhibit A, the red boxes in Exhibit B, the red boxes in Exhibit E, the red boxes on page 203 of Exhibit G, the red boxes in Exhibit J, and the red boxes in Exhibit N discuss confidential information relating to certain confidential proceedings between Uber and certain former employees, which should be maintained as confidential subject to agreements between parties to those proceedings.

28. Exhibits 4, 19, 20, 32, 34, 35, 38, 49, 66, 67, 76, 77, 93, and 99 contain email addresses and telephone numbers, including personal telephone numbers, of current and former Uber employees. Uber does not seek to seal the contents of these documents, but requests that this contact information be kept confidential in order to protect Uber employees from harm or harassment.

29. Exhibits 70, 71, 72, and 102 contain text messages with personal telephone numbers and email addresses of current and former Uber employees. Uber does not seek to seal the contents of these documents, but requests that this contact information be kept confidential in order to protect current and former Uber employees from harm or harassment.

30. Defendants' request to seal is narrowly tailored to the portions of Waymo's Offer of Proof and supporting exhibits that merit sealing.

1  I declare under penalty of perjury that the foregoing is true and correct. Executed this
2  16th day of January, 2018 at Washington, District of Columbia.

                                      */s/ Michelle Yang*
                                        Michelle Yang