QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>        Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS PRÉCIS IN SUPPORT OF ITS REQUEST TO FILE A MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING UBER'S USE OF EPHEMERAL COMMUNICATIONS, NON-ATTRIBUTABLE DEVICES OR IMPROPER PRIVILEGE DESIGNATIONS** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal information in its Précis in Support of its Request to File a Motion in Limine to Preclude Evidence or Argument Regarding Uber's Use of Ephemeral Communications, Non-attributable Devices or Improper Privilege Designations ("Waymo's Précis), filed concurrently herewith. Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Précis | Highlighted in blue | Defendants |

## I. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II. DEFENDANTS' CONFIDENTIAL INFORMATION

Waymo seeks to seal the above-identified portions of these documents because Defendants have designated the information confidential and/or highly confidential. Declaration of Jonathan Francis ("Francis Decl.") ¶ 3. Waymo takes no position on the merits of sealing the designated material, and expects Defendants to file one or more declarations in accordance with the Local Rules. Francis Decl. ¶ 4.

## III. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion. For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's Administrative Motion.

1  DATED: January 17, 2018            QUINN EMANUEL URQUHART & SULLIVAN, LLP

     By  */s/ Charles K. Verhoeven*
         Charles K. Verhoeven
         Attorneys for WAYMO LLC

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| WAYMO LLC,<br><br>                Plaintiff,<br><br>        vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF JONATHAN FRANCIS IN SUPPORT OF PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS PRÉCIS IN SUPPORT OF ITS REQUEST TO FILE A MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING UBER'S USE OF EPHEMERAL COMMUNICATIONS, NON-ATTRIBUTABLE DEVICES OR IMPROPER PRIVILEGE DESIGNATIONS** |
|---|---|

I, Jonathan Francis, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Waymo's Administrative Motion to File Under Seal ("Waymo's Administrative Motion") confidential information in Waymo's Précis In Support Of Its Request to File A Motion *in Limine* to Preclude Evidence or Argument Regarding Uber's Use of Ephemeral Communications, Non-attributable Devices or Improper Privilege Designations ("Waymo's Motion"). Waymo's Administrative Motion seeks an order sealing the following materials:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Précis | Highlighted in blue | Defendants |

3. Waymo's Précis contains information that Defendants have designated as confidential and/or highly confidential.

4. Waymo takes no position on the merits of sealing the designated material, and expects Defendants to file one or more declarations in accordance with the Local Rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on January 17, 2018.

By */s/ Jonathan Francis*
Jonathan Francis
Attorneys for WAYMO LLC

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Jonathan Francis.

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS PRÉCIS IN SUPPORT OF ITS REQUEST TO FILE A MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING UBER'S USE OF EPHEMERAL COMMUNICATIONS, NON-ATTRIBUTABLE DEVICES OR IMPROPER PRIVILEGE DESIGNATIONS** |

1    Plaintiff Waymo LLC ("Waymo") has filed an Administrative Motion to File Under Seal
2 ("Waymo's Administrative Motion") certain information in its Précis in Support of its Request to
3 File a Motion in Limine to Preclude Evidence or Argument Regarding Uber's Use of Ephemeral
4 Communications, Non-attributable Devices or Improper Privilege Designations  ("Waymo's
5 Précis).

6    Having considered Waymo's Administrative Motion, and good cause to seal having been
7 shown, the Court **GRANTS** Waymo's Administrative Motion and **ORDERS** sealed the
8 documents listed below:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Waymo's Précis | Highlighted in blue |

**IT IS SO ORDERED.**

Dated:  _____, 2018

HON. WILLIAM ALSUP
United States District Court Judge

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| WAYMO LLC, | CASE NO. 3:17-cv-00939 |
|---|---|
| Plaintiff, | **PLAINTIFF WAYMO LLC'S PRÉCIS IN SUPPORT OF ITS REQUEST TO FILE A MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING UBER'S USE OF EPHEMERAL COMMUNICATIONS, NON-ATTRIBUTABLE DEVICES OR IMPROPER PRIVILEGE DESIGNATIONS** |
| vs. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |
| | Date:        TBD<br>Time:        TBD<br>Ctrm:       8, 19th Floor<br>Judge:      Honorable William H. Alsup<br>Trial Date: February 5, 2018 |

01980-00104/9797477.6

Case No. 3:17-cv-00939
WAYMO'S PRECIS IN SUPPORT OF REQUEST TO FILE MOTION *IN LIMINE* REGARDING USE OF EPHEMERAL COMMUNICATIONS, NON-ATTRIBUTABLE DEVICES, OR PRIVILEGE CLAIMS

Plaintiff Waymo LLC ("Waymo") submits this précis requesting permission to file a motion *in limine* to preclude evidence or argument that Uber does not use ephemeral communications, non-attributable devices, or improper privilege designations for the purpose of avoiding discovery. Waymo expects that Uber will make this argument if Waymo introduces Richard Jacobs' allegations about such conduct because Uber asserted in a written response to one of Waymo's 30(b)(6) topics that Uber does "not improperly 'use . . . methods or strategies to conceal facts from discovery by external parties in litigation or government investigation." Uber, however, should be precluded from presenting such testimony and argument—which goes to the heart of the issues on which this Court granted additional discovery after continuing trial a second time—because Uber's 30(b)(6) witness on these issues was unprepared to testify as to Uber's knowledge on these issues.

## I.  BACKGROUND

After Mr. Jacobs' May 5, 2017 letter ("Jacobs Letter") came to light, this Court continued the trial date in this matter. The Jacobs Letter included allegations that Uber uses ephemeral and encrypted communications, non-attributable devices, improper attorney-client privilege designations, anonymous servers, and other methods, to conceal facts from discovery in litigation. (Dkt. 2401-1.) Mr. Jacobs alleges, for example, that "Henley and Clark implemented this program of ephemeral and encrypted communications for the express purpose of destroying evidence of illegal or unethical practices to avoid discovery in actual or potential litigation." (*Id.* at 6.) He further asserts "Clark and Henley directly instructed Jacobs to conceal documents . . . by attempting to 'shroud' them with attorney-client privilege or work product protections." (*Id.* at 6-7.) Regarding the use of Wickr by Uber for business purposes, the Court remarked:

> So it would be a way for someone to – Levandowski or someone communicating with him to say: By the way, how did we do that back at Waymo? How did we solve that problem? Well, easy, we used "X" instead of "Y." And all that vanishes in 30 seconds. You don't have to have a blueprint. You just ask the question: How did we do it at Waymo?"

(11/29/17 Hr'g Tr. 153:17-22.) The Court predicted that the allegations in the Jacobs Letter are "probably going to be a substantial issue at trial." (*Id.*, 154:13-14.) The Court further ordered

Uber to produce evidence regarding its employees' use of ephemeral communications, non-attributable devices, and false privilege assertions. (*Id.*, 147:10-15, 149:3-5.)[1]

On December 7, 2017, Waymo served a Notice of Rule 30(b)(6) Deposition on Uber. The notice included the following Topics:

> **Topic 2:** DEFENDANTS' use of methods or strategies to conceal facts from discovery by external parties in litigation or government investigations, including use of improper attorney-client and other privilege designations, ephemeral or encrypted communications, non-attributable devices, or anonymous servers, and any policies, instructions, advice, or guidance provided to UBER employees REGARDING these methods or strategies.
>
> **Topic 3:** DEFENDANTS' use of improper attorney-client and other privilege designations in connection with (1) UBER's acquisition of OTTOMOTTO and the negotiations that led to the acquisition; (2) DEFENDANTS' development of LiDAR; and (3) GOOGLE or WAYMO.

Uber asserted objections to these topics, but agreed, in response to Topic 2, to produce a witness to testify "regarding [its] document retention policies and their policies and practices relating to the preservation of evidence in connection with litigation and government investigations during the time period relevant to this litigation, including any related guidance provided to employees regarding such matters;" and in response to Topic 3, to produce a witness to testify that Uber does not use improper privilege designations in connection with the subject matter therein.

Uber designated Randy Haimovici to testify on Topic 2 and Topic 3(3). He was not prepared to do so. Specifically, Mr. Haimovici was not prepared to testify about Uber employees' practices regarding use of improper attorney-client and other privilege designations and ephemeral or encrypted communications (Topic 2). He admitted that he was only prepared to testify regarding Uber's "official" corporate practices, saying: "███████████████████████████████████████" (Randy Haimovici 12/21/17 Depo. 149:24-150:11) (emphasis added). But, even if the company does not have a formal "policy" of using ephemeral communications for the purpose of concealing evidence in discovery, for example, a practice of doing so by employees, bears on whether this strategy was <u>used</u>. Mr. Haimovici ███████████████████████████████████████. (*Id.*, 21:23-

---

[1] As explained in Waymo's Offer of Proof, Uber did not fully comply with this Order. (Dkt. 2466 at 19, 20.)

1  24:5 (explaining ▮
2  ▮
3  ▮
4  ▮); *id.*, 113:22-114:5, 114:11-115:2.) ▮
5  ▮
6  (*Id.*, 99:20-100:1, 129:10-25.)  As a result, Mr. Haimovici was not prepared to testify on the full
7  scope of Topic 2 and did not know the answers to very basic questions, such as whether
8  employees use ephemeral communications because they would not be retained for long periods of
9  time (*id.*, 95:1-11); whether employees use ephemeral communications so that a paper trail
10 wouldn't be created (*id.*, 95:12-20); whether, excluding instances where there is a litigation hold in
11 place, Uber employees use ephemeral communications to avoid discovery in litigation (*id.*, 96:9-
12 19); whether Uber employees include attorneys in the "to" line of emails so that Uber can argue
13 that the email is privileged (*id.*, 132:17-25); and whether employees are moved to different
14 departments to conceal facts (*id.*, 186:23-187:4).  Additionally, with respect to Topic 3 part 3, Mr.
15 Haimovici admitted that ▮
16 ▮.  (*Id.*, 148:4-12, 148:21-149:7.)

17 **II.      ARGUMENT**

18         Federal Rule of Civil Procedure 37 grants this Court the authority to impose sanctions—
19 including preclusion sanctions—when a party violates a discovery order.  *FormFactor, Inc v.*
20 *Micro-Probe, Inc.*, No. C-10-03095 PJH JCS, 2012 WL 1575093, at *2 (N.D. Cal. May 3, 2012);
21 Fed. R. Civ. P. 37(b).  Sanctions are also available for failure to provide information or identify a
22 witness under Federal Rule of Civil Procedure 26(a) or (e), or for failing to produce an adequately
23 prepared 30(b)(6) witness where such failure is tantamount to a failure to appear.  *FormFactor*,
24 2012 WL 1575093, at *3; Fed. R. Civ. P. 37(c)(1) and (d).  Where a corporation withholds
25 evidence under the guise of its 30(b)(6) designee's ignorance, the appropriate remedy is to
26 preclude the corporation from later producing evidence on the topic.  *Vnus Med. Techs., Inc. v.*
27 *Diomed Holdings, Inc.*, 2007 WL 3096586, at *2 (N.D. Cal. Oct. 22, 2007) (granting motion *in*
28 *limine* precluding testimony on topics on which corporate designee could not testify during

1  deposition). Federal courts have consistently instructed that a corporation cannot designate a
2  30(b)(6) representative who disclaims corporate knowledge of a subject during discovery, but then
3  later introduces evidence on that subject at trial. *See id.; Avago Techs., Inc. v. IPtronics Inc.,* No.
4  5:10-CV-02863-EJD, 2015 WL 2395941, at *1 (N.D. Cal. May 19, 2015) (explaining the purpose
5  of Rule 30(b)(6) is to avoid a situation where the corporation engages in "bandying"—where an
6  individual designee disclaims knowledge on a topic clearly known to persons within the
7  organization); *Ierardi v. Lorillard, Inc.*, 1991 WL 158911, at *3 (E.D. Pa. Aug. 13, 1991) ("Under
8  Rule 30(b)(6), [the organization] has an obligation to prepare its designee to be able to give
9  binding answers on behalf of [the organization]. If the designee testifies that [the organization]
10 does not know the answer to [the deposing attorney]'s questions, [the organization] will not be
11 allowed to effectively change its answer by introducing evidence during trial. The very purpose of
12 discovery is to avoid trial by ambush.'")

13 　　　　Here, Uber should be precluded from introducing any evidence or testimony claiming that
14 its employees <u>do not</u> use ephemeral communications, non-attributable devices, improper privilege
15 designations, anonymous servers, or other strategies or methods to avoid discovery because its
16 30(b)(6) witness was not prepared to testify on this topic. Mr. Haimovici was only prepared to
17 testify regarding official company policies, and not prepared to testify regarding Uber employees'
18 practices as to use of ephemeral communications, non-attributable devices, improper privilege
19 designations, or other methods, to avoid discovery. This is tantamount to failure to appear in light
20 of the noticed topics and their importance to the issues in the Jacobs Letter. Given the witness'
21 lack of knowledge of these topics, Uber should not be permitted to present evidence or argument
22 on these topics at trial.

23 　　　　To hold otherwise will prejudice Waymo's ability to put on its case. Testimony regarding
24 Topic 2 in particular would be prejudicial to Waymo if offered at trial, because Uber's
25 withholding of discovery leaves Waymo subject to trial by ambush. Whether Uber's employees
26 used ephemeral communications, non-attributable devices, false privilege designations,
27 anonymous servers, or other methods or strategies for the purpose of avoiding discovery is likely
28 to be a "substantial issue at trial." (11/29/17 Hr'g Tr., 154:13-14.) As the Court recognized when

1  continuing the trial date for a second time, Uber may have used such practices to hide evidence of
2  trade secret theft.  (*Id.*, 153:17-22.)  Given the importance of this issue—and Uber's failure to
3  produce an adequately prepared witness—Uber should not be permitted to argue that its
4  employees do not use and did not use these evasive tactics.  Instead, Uber should be precluded
5  from offering any evidence or testimony regarding Topics 2 and 3(3).

## **CONCLUSION**

For the foregoing reasons, Waymo requests leave to file a motion *in limine* on this issue.

DATED:  January 17, 2018            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
　　　Charles K. Verhoeven
　　　Attorneys for WAYMO LLC