1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Charles K. Verhoeven (Bar No. 170151)
2     charlesverhoeven@quinnemanuel.com
      David A. Perlson (Bar No. 209502)
3     davidperlson@quinnemanuel.com
      Melissa Baily (Bar No. 237649)
4     melissabaily@quinnemanuel.com
      John Neukom (Bar No. 275887)
5     johnneukom@quinnemanuel.com
      Jordan Jaffe (Bar No. 254886)
6     jordanjaffe@quinnemanuel.com
   50 California Street, 22nd Floor
7  San Francisco, California 94111-4788
   Telephone:    (415) 875-6600
8  Facsimile:    (415) 875-6700

9  Attorneys for WAYMO LLC

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13  WAYMO LLC,                          CASE NO. 3:17-cv-00939

14              Plaintiff,              **PLAINTIFF WAYMO LLC'S PRÉCIS IN
                                        SUPPORT OF ITS REQUEST TO FILE A
15       vs.                            MOTION *IN LIMINE* TO PRECLUDE
                                        EVIDENCE OR ARGUMENT
16  UBER TECHNOLOGIES, INC.;            REGARDING UBER'S USE OF
    OTTOMOTTO LLC; OTTO TRUCKING        EPHEMERAL COMMUNICATIONS,
17  LLC,                               NON-ATTRIBUTABLE DEVICES OR
                                        IMPROPER PRIVILEGE
18              Defendants.             DESIGNATIONS**

19

20                                      Date:       TBD
                                        Time:       TBD
21                                      Ctrm:       8, 19th Floor
                                        Judge:      Honorable William H. Alsup
22                                      Trial Date: February 5, 2018

23

24

25

26

27

28

Plaintiff Waymo LLC ("Waymo") submits this précis requesting permission to file a motion *in limine* to preclude evidence or argument that Uber does not use ephemeral communications, non-attributable devices, or improper privilege designations for the purpose of avoiding discovery. Waymo expects that Uber will make this argument if Waymo introduces Richard Jacobs' allegations about such conduct because Uber asserted in a written response to one of Waymo's 30(b)(6) topics that Uber does "not improperly 'use . . . methods or strategies to conceal facts from discovery by external parties in litigation or government investigation." Uber, however, should be precluded from presenting such testimony and argument—which goes to the heart of the issues on which this Court granted additional discovery after continuing trial a second time—because Uber's 30(b)(6) witness on these issues was unprepared to testify as to Uber's knowledge on these issues.

## I.     **BACKGROUND**

After Mr. Jacobs' May 5, 2017 letter ("Jacobs Letter") came to light, this Court continued the trial date in this matter. The Jacobs Letter included allegations that Uber uses ephemeral and encrypted communications, non-attributable devices, improper attorney-client privilege designations, anonymous servers, and other methods, to conceal facts from discovery in litigation. (Dkt. 2401-1.) Mr. Jacobs alleges, for example, that "Henley and Clark implemented this program of ephemeral and encrypted communications for the express purpose of destroying evidence of illegal or unethical practices to avoid discovery in actual or potential litigation." (*Id.* at 6.) He further asserts "Clark and Henley directly instructed Jacobs to conceal documents . . . by attempting to 'shroud' them with attorney-client privilege or work product protections." (*Id.* at 6-7.) Regarding the use of Wickr by Uber for business purposes, the Court remarked:

> So it would be a way for someone to – Levandowski or someone communicating with him to say: By the way, how did we do that back at Waymo? How did we solve that problem? Well, easy, we used "X" instead of "Y." And all that vanishes in 30 seconds. You don't have to have a blueprint. You just ask the question: How did we do it at Waymo?"

(11/29/17 Hr'g Tr. 153:17-22.) The Court predicted that the allegations in the Jacobs Letter are "probably going to be a substantial issue at trial." (*Id.*, 154:13-14.) The Court further ordered

1   Uber to produce evidence regarding its employees' use of ephemeral communications, non-

2   attributable devices, and false privilege assertions.  (*Id.*, 147:10-15, 149:3-5.)[1]

3          On December 7, 2017, Waymo served a Notice of Rule 30(b)(6) Deposition on Uber.  The

4   notice included the following Topics:

5          **Topic 2:** DEFENDANTS' use of methods or strategies to conceal facts from
           discovery by external parties in litigation or government investigations, including

6          use of improper attorney-client and other privilege designations, ephemeral or
           encrypted communications, non-attributable devices, or anonymous servers, and

7          any policies, instructions, advice, or guidance provided to UBER employees
           REGARDING these methods or strategies.

8
           **Topic 3:** DEFENDANTS' use of improper attorney-client and other privilege

9          designations in connection with (1) UBER's acquisition of OTTOMOTTO and the
           negotiations that led to the acquisition; (2) DEFENDANTS' development of

10         LiDAR; and (3) GOOGLE or WAYMO.

11  Uber asserted objections to these topics, but agreed, in response to Topic 2, to produce a witness

12  to testify "regarding [its] document retention policies and their policies and practices relating to

13  the preservation of evidence in connection with litigation and government investigations during

14  the time period relevant to this litigation, including any related guidance provided to employees

15  regarding such matters;" and in response to Topic 3, to produce a witness to testify that Uber does

16  not use improper privilege designations in connection with the subject matter therein.

17         Uber designated Randy Haimovici to testify on Topic 2 and Topic 3(3).  He was not

18  prepared to do so.  Specifically, Mr. Haimovici was not prepared to testify about Uber employees'

19  practices regarding use of improper attorney-client and other privilege designations and ephemeral

20  or encrypted communications (Topic 2).  He admitted that he was only prepared to testify

21  regarding Uber's "official" corporate practices, saying: "████████████████████████████████

22  ████████████████████████████████████████"  (Randy Haimovici 12/21/17 Depo. 149:24-150:11)

23  (emphasis added).  But, even if the company does not have a formal "policy" of using ephemeral

24  communications for the purpose of concealing evidence in discovery, for example, a practice of

25  doing so by employees, bears on whether this strategy was <u>used</u>.  Mr. Haimovici ████████████

26  ████████████████████████████████████████████████████████████████████.  (*Id.*, 21:23-

27  _____

28         [1] As explained in Waymo's Offer of Proof, Uber did not fully comply with this Order.  (Dkt.
    2466 at 19, 20.)

01980-00104/9797477.6

1   24:5 (explaining ████████████████████████████████████████

2   ████████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████████

4   ██████████████████); *id.*, 113:22-114:5, 114:11-115:2.) ████████████████

5   ████████████████████████████████████████████████████████

6   (*Id.*, 99:20-100:1, 129:10-25.)  As a result, Mr. Haimovici was not prepared to testify on the full

7   scope of Topic 2 and did not know the answers to very basic questions, such as whether

8   employees use ephemeral communications because they would not be retained for long periods of

9   time (*id.*, 95:1-11); whether employees use ephemeral communications so that a paper trail

10  wouldn't be created (*id.*, 95:12-20); whether, excluding instances where there is a litigation hold in

11  place, Uber employees use ephemeral communications to avoid discovery in litigation (*id.*, 96:9-

12  19); whether Uber employees include attorneys in the "to" line of emails so that Uber can argue

13  that the email is privileged (*id.*, 132:17-25); and whether employees are moved to different

14  departments to conceal facts (*id.*, 186:23-187:4).  Additionally, with respect to Topic 3 part 3, Mr.

15  Haimovici admitted that ████████████████████████████████████████████

16  ██████████████████████████. (*Id.*, 148:4-12, 148:21-149:7.)

17  ## II.   <u>**ARGUMENT**</u>

18       Federal Rule of Civil Procedure 37 grants this Court the authority to impose sanctions—

19  including preclusion sanctions—when a party violates a discovery order.  *FormFactor, Inc v.*

20  *Micro-Probe, Inc.*, No. C-10-03095 PJH JCS, 2012 WL 1575093, at *2 (N.D. Cal. May 3, 2012);

21  Fed. R. Civ. P. 37(b).  Sanctions are also available for failure to provide information or identify a

22  witness under Federal Rule of Civil Procedure 26(a) or (e), or for failing to produce an adequately

23  prepared 30(b)(6) witness where such failure is tantamount to a failure to appear.  *FormFactor*,

24  2012 WL 1575093, at *3; Fed. R. Civ. P. 37(c)(1) and (d).  Where a corporation withholds

25  evidence under the guise of its 30(b)(6) designee's ignorance, the appropriate remedy is to

26  preclude the corporation from later producing evidence on the topic.  *Vnus Med. Techs., Inc. v.*

27  *Diomed Holdings, Inc.*, 2007 WL 3096586, at *2 (N.D. Cal. Oct. 22, 2007) (granting motion *in*

28  *limine* precluding testimony on topics on which corporate designee could not testify during

1    deposition).  Federal courts have consistently instructed that a corporation cannot designate a

2    30(b)(6) representative who disclaims corporate knowledge of a subject during discovery, but then

3    later introduces evidence on that subject at trial.  *See id.; Avago Techs., Inc. v. IPtronics Inc.,* No.

4    5:10-CV-02863-EJD, 2015 WL 2395941, at *1 (N.D. Cal. May 19, 2015) (explaining the purpose

5    of Rule 30(b)(6) is to avoid a situation where the corporation engages in "bandying"—where an

6    individual designee disclaims knowledge on a topic clearly known to persons within the

7    organization); *Ierardi v. Lorillard, Inc.*, 1991 WL 158911, at *3 (E.D. Pa. Aug. 13, 1991) ("Under

8    Rule 30(b)(6), [the organization] has an obligation to prepare its designee to be able to give

9    binding answers on behalf of [the organization].  If the designee testifies that [the organization]

10   does not know the answer to [the deposing attorney]'s questions, [the organization] will not be

11   allowed to effectively change its answer by introducing evidence during trial.  The very purpose of

12   discovery is to avoid trial by ambush.'')

13       Here, Uber should be precluded from introducing any evidence or testimony claiming that

14   its employees <u>do not</u> use ephemeral communications, non-attributable devices, improper privilege

15   designations, anonymous servers, or other strategies or methods to avoid discovery because its

16   30(b)(6) witness was not prepared to testify on this topic.  Mr. Haimovici was only prepared to

17   testify regarding official company policies, and not prepared to testify regarding Uber employees'

18   practices as to use of ephemeral communications, non-attributable devices, improper privilege

19   designations, or other methods, to avoid discovery.  This is tantamount to failure to appear in light

20   of the noticed topics and their importance to the issues in the Jacobs Letter.  Given the witness'

21   lack of knowledge of these topics, Uber should not be permitted to present evidence or argument

22   on these topics at trial.

23       To hold otherwise will prejudice Waymo's ability to put on its case.  Testimony regarding

24   Topic 2 in particular would be prejudicial to Waymo if offered at trial, because Uber's

25   withholding of discovery leaves Waymo subject to trial by ambush.  Whether Uber's employees

26   used ephemeral communications, non-attributable devices, false privilege designations,

27   anonymous servers, or other methods or strategies for the purpose of avoiding discovery is likely

28   to be a "substantial issue at trial." (11/29/17 Hr'g Tr., 154:13-14.)  As the Court recognized when

1    continuing the trial date for a second time, Uber may have used such practices to hide evidence of

2    trade secret theft.  (*Id.*, 153:17-22.)  Given the importance of this issue—and Uber's failure to

3    produce an adequately prepared witness—Uber should not be permitted to argue that its

4    employees do not use and did not use these evasive tactics.  Instead, Uber should be precluded

5    from offering any evidence or testimony regarding Topics 2 and 3(3).

**CONCLUSION**

6

7        For the foregoing reasons, Waymo requests leave to file a motion *in limine* on this issue.

8    DATED:  January 17, 2018              QUINN EMANUEL URQUHART & SULLIVAN,
                                          LLP
9

10                                        By  */s/ Charles K. Verhoeven*
                                              _____
11                                            Charles K. Verhoeven
                                              Attorneys for WAYMO LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28