QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>          Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS PRÉCIS IN SUPPORT OF ITS REQUEST TO FILE A MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT CHARACTERIZING MR. JACOBS' ALLEGATIONS** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal information in its Précis in Support of its Request to File a Motion in Limine to Preclude Evidence or Argument Characterizing Mr. Jacobs' Allegations ("Waymo's Précis"), filed concurrently herewith.  Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Précis | Highlighted in blue | Defendants |

## I.   LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*   In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II.   DEFENDANTS' CONFIDENTIAL INFORMATION

Waymo seeks to seal the above-identified portions of these documents because Defendants have designated the information confidential and/or highly confidential.  Declaration of Jonathan Francis ("Francis Decl.") ¶ 3.  Waymo takes no position on the merits of sealing the designated material, and expects Defendants to file one or more declarations in accordance with the Local Rules. Francis Decl. ¶ 4.

## III.   CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion.  For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's Administrative Motion.

1

DATED:  January 17, 2018

QUINN EMANUEL URQUHART & SULLIVAN,
LLP

2

3

By */s/ Charles K. Verhoeven*

Charles K. Verhoeven
Attorneys for WAYMO LLC

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

01980-00104/9805223.1

-3-

1    QUINN EMANUEL URQUHART & SULLIVAN, LLP
       Charles K. Verhoeven (Bar No. 170151)
2      charlesverhoeven@quinnemanuel.com
       David A. Perlson (Bar No. 209502)
3      davidperlson@quinnemanuel.com
       Melissa Baily (Bar No. 237649)
4      melissabaily@quinnemanuel.com
       John Neukom (Bar No. 275887)
5      johnneukom@quinnemanuel.com
       Jordan Jaffe (Bar No. 254886)
6      jordanjaffe@quinnemanuel.com
     50 California Street, 22nd Floor
7    San Francisco, California 94111-4788
     Telephone:     (415) 875-6600
8    Facsimile:     (415) 875-6700

9    Attorneys for WAYMO LLC

10                          UNITED STATES DISTRICT COURT

11          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12   WAYMO LLC,                              CASE NO. 3:17-cv-00939-WHA

13              Plaintiff,

14        vs.                                **DECLARATION OF JONATHAN
                                             FRANCIS IN SUPPORT OF PLAINTIFF
15   UBER TECHNOLOGIES, INC.;                WAYMO LLC'S ADMINISTRATIVE
     OTTOMOTTO LLC; OTTO TRUCKING            MOTION TO FILE UNDER SEAL ITS
16   LLC,                                    PRÉCIS IN SUPPORT OF ITS REQUEST
                                             TO FILE A MOTION *IN LIMINE* TO
17              Defendants.                  PRECLUDE EVIDENCE OR ARGUMENT
                                             CHARACTERIZING MR. JACOBS'
18                                           ALLEGATIONS**

19

20

21

22

23

24

25

26

27

28

I, Jonathan Francis, declare as follows:

1.      I am an attorney licensed to practice in the State of California and am admitted to practice before this Court.  I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo").  I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2.      I make this declaration in support of Waymo's Administrative Motion to File Under Seal ("Waymo's Administrative Motion") confidential information in its Précis in Support of its Request to File a Motion in Limine to Preclude Evidence or Argument Characterizing Mr. Jacobs' Allegations ("Waymo's Précis").  Waymo's Administrative Motion seeks an order sealing the following materials:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Waymo's Précis | Highlighted in blue | Defendants |

3.      Waymo's Motion and exhibits thereto contain information that Defendants have designated as confidential and/or highly confidential.

4.      Waymo takes no position on the merits of sealing the designated material, and expects Defendants to file one or more declarations in accordance with the Local Rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on January 17, 2018.

By  */s/ Jonathan Francis*
Jonathan Francis
Attorneys for WAYMO LLC

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Jonathan Francis.

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

| | |
|---|---|
| WAYMO LLC, | CASE NO. 3:17-cv-00939-WHA |
| Plaintiff, | **[PROPOSED] ORDER GRANTING PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS PRÉCIS IN SUPPORT OF ITS REQUEST TO FILE A MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT CHARACTERIZING MR. JACOBS' ALLEGATIONS** |
| vs. | |
| UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Waymo LLC ("Waymo") has filed an Administrative Motion to File Under Seal

2 ("Waymo's Administrative Motion") certain information in its Précis in Support of its Request to

3 File a Motion in Limine to Preclude Evidence or Argument Characterizing Mr. Jacobs'

4 Allegations ("Waymo's Précis").

5    Having considered Waymo's Administrative Motion, and good cause to seal having been

6 shown, the Court **GRANTS** Waymo's Administrative Motion and **ORDERS** sealed the

7 documents listed below:

8

| Document | Portions to Be Filed Under Seal |
|----------|--------------------------------|
| Waymo's Précis | Highlighted in blue |

9

10

11    **IT IS SO ORDERED.**

12 Dated: _____, 2018

13

14    HON. WILLIAM ALSUP
     United States District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
2     charlesverhoeven@quinnemanuel.com
    David A. Perlson (Bar No. 209502)
3     davidperlson@quinnemanuel.com
    Melissa Baily (Bar No. 237649)
4     melissabaily@quinnemanuel.com
    John Neukom (Bar No. 275887)
5     johnneukom@quinnemanuel.com
    Jordan Jaffe (Bar No. 254886)
6     jordanjaffe@quinnemanuel.com
  50 California Street, 22nd Floor
7   San Francisco, California 94111-4788
  Telephone:    (415) 875-6600
8   Facsimile:    (415) 875-6700

9   Attorneys for WAYMO LLC

10                 UNITED STATES DISTRICT COURT

11      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| 12   WAYMO LLC, | CASE NO. 3:17-cv-00939 |
| 13           Plaintiff, | **PLAINTIFF WAYMO LLC'S PRÉCIS IN SUPPORT OF ITS REQUEST TO FILE A** |
| 14       vs. | **MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT** |
| 15   UBER TECHNOLOGIES, INC.;<br>  OTTOMOTTO LLC; OTTO TRUCKING | **REGARDING UBER'S INVESTIGATION INTO MR. JACOBS' ALLEGATIONS** |
| 16   LLC, | |
| 17           Defendants. | Judge: The Honorable William Alsup<br>Trial Date: February 5, 2018 |

18

19

20

21

22

23

24

25

26

27

28

01980-00104/9807225.1

1    Plaintiff Waymo LLC ("Waymo") submits this précis requesting permission to file a motion

2  *in limine* to preclude Uber from introducing evidence or argument regarding its investigation and/or

3  evaluation of the merits of the allegations in Richard Jacobs' May 5, 2017 letter to Angela Padilla

4  (the "Jacobs Letter").   Uber has once again improperly used the privilege as both a sword and a

5  shield.   During the latest round of discovery—ordered by the Court in response to the U.S.

6  Attorney's disclosure of the existence of the Jacobs Letter on the eve of trial—Uber witnesses sought

7  to characterize the allegations in the Jacobs Letter with terms such as "fantastical" and "extortion."

8  However, when Waymo inquired about the details of Uber's lengthy investigation into Mr. Jacobs'

9  allegations, Uber and its witnesses repeatedly hid behind the attorney-client and work-product

10  privilege, blocking Waymo from obtaining evidence to test Uber's characterizations of Mr. Jacobs'

11  allegations.   Similarly, although Uber asserted a "mediation" privilege over certain of the Jacobs

12  mediation materials, Uber and its counsel affirmatively used or volunteered other communications

13  that would seemingly fall within that same privilege.   This Court should accordingly preclude Uber

14  from introducing any evidence or argument regarding Uber and its counsel's or the mediator's

15  investigation or evaluation of the merits of Mr. Jacobs' allegations.

16                                          **BACKGROUND**

17    Since the Jacobs Letter and allegations therein were revealed to the Court and Waymo, Uber

18  has repeatedly sought to minimize Mr. Jacobs' claims.   Uber witness Angela Padilla initially

19  claimed that Mr. Jacobs' allegations were "fantastical" (11/29/17 Hr'g Tr. at 17:16-21), and that

20  Mr. Jacobs was an extortionist trying to extract a quick payday (*id.* at 31:1-21).   In deposition, Ms.

21  Padilla testified about communications with mediator Tony Piazza and volunteered that he and

22  Uber's counsel were "███████████████████████████████████████████████

23  ███████████████████████████████████████████████.'"   (Padilla 12/22/17

24  Depo., 145:20-25.)   Uber's counsel, Arturo Gonzalez, similarly implied at the parties' December 12

25  hearing before Special Master Cooper—which was before Ms. Padilla's deposition—that there was

26  information beneficial to Uber that came out at the mediation, explaining:

27         [Ms. Padilla] didn't go to [the U.S. Attorney with the Jacobs Letter] because she
           thought that there was damning evidence against Uber, or because it showed that
28         we stole Waymo trade secrets.   She said quite the contrary.   She didn't believe that.

1    And if she had – if she had been asked more questions about what was said at the
     mediation, you would have gotten more information about why she does not
2    believe strongly that this has anything to do with us stealing stuff.

3    (12/12/17 Tr. of Hr'g Before Special Master Cooper, 101:19-102:3.)  Ms. Padilla further claimed

4    in deposition that Mr. Piazza told Uber: "████████████████████████████████

5    ████████████████████████████████████████████████████████████████████████████

6    ██████████████████████████████"" (Padilla 12/22/17 Depo., 147:9-14, 165:17-166:10, and

7    167:2-17.)  She also repeatedly testified that she knew that most of Mr. Jacobs' allegations were

8    "██████" and "████" (*see*, *e.g.*, *id.* at 141:23-142:10; 228:22-230:11) based on, *inter alia*, ████

9    █████████████████████████████████████████████ (*id.* at 229:10-15),

10   as well as █████████████████████████████████████████ (*id.* at

11   229:16-22).  Ms. Padilla also affirmatively relied on these interviews to assert that ████████

12   ███████████████████████████████ (*id.* at 203:15-205:20).

13       However, when Waymo sought discovery about the Jacobs investigation, and what Uber's

14   months-long investigation determined about the Jacobs allegations, Uber repeatedly objected.  Ms.

15   Padilla was instructed not to answer many questions regarding the details of Uber's investigation.

16   (*See e.g.*, Padilla 12/22/17 Depo., 213:21-214:3 (instructing Ms. Padilla not to answer questions

17   regarding "████████████████████████████████████" based on attorney-client privilege);

18   *id.* at 225:16-24 (████████████████████████████████████████████████████████████

19   ████████); so were several other Uber witnesses.  (*See e.g.*, Joe Spiegler 12/22/17 Depo., 89:6-

20   22 (refusing to answer whether he has personal knowledge of the veracity or substance of the

21   allegations in the Jacobs letter); *id.* at 191:22-192:10 (██████████████████████████████████

22   ████████████████████████████████████████████████████████████████████████████████);

23   Sidney Majalya 12/20/17 Depo., 146:23-147:7 (instructing witness not to answer any questions

24   regarding "actions taken by Wilmer Hale to investigate [Jacobs' allegations] and the substance of

25   the investigation"); *id.* at 139:16-139:25 (Majalya explaining he was "instructed not to respond" to

26   questions regarding the Jacobs investigation); *id.* at 49:23-50:5 (refusing to discuss the use of

27   nonattributable devices at Uber); Salle Yoo 12/14/17 Depo., 247:24-248:5 (refusing to answer

28   whether the the Jacobs investigation ████████████████████████████████████████████

1   ████████████████████████████████████); *id.* at 253:9-23 (refusing to answer whether Ms.

2   Padilla was █████████████████████████████████████████).[1]

3        With respect to mediation communications, such as the mediation statements submitted by

4   either side or written communications with Mr. Piazza, Uber invoked the mediation privilege.

5   (12/29/2017 S. Rivera email) ("Uber does not believe that Ms. Padilla's deposition testimony

6   effected a waiver of the mediation privilege").  On that basis, Uber withheld an unknown volume

7   of documents related to the mediation, including at least mediation statements, presentations made

8   at the mediation, and communications with Mr. Piazza.

9                                          **ARGUMENT**

10       The propriety of Uber's privilege assertions are irrelevant to this precis, and Waymo does

11  not challenge them at this time.  Uber is not, however, entitled to use privilege as both a sword and

12  a shield; it cannot rely at trial on its investigation and/or evaluation of the merits of the allegations

13  in the Jacobs Letter, having refused to provide Waymo with the necessary information to evaluate

14  those assertions.  The Court should therefore preclude Defendants from presenting evidence or

15  argument regarding their investigation and/or evaluation of the merits of Mr. Jacobs' allegations, as

16  well as any comments purportedly made by the mediator.

17       Uber has repeatedly attempted to use privilege as both a sword and a shield in this litigation.

18  Early in the case, the Court gave Uber a deadline of June 1 to waive privilege if it was going to do

19  so.  (Dkts. 438, 447.)  Uber chose not to do so.  (Dkt. 531.)  Nevertheless, Uber continues to try to

20  rely on privileged information when it suits Uber's purposes.  Sometimes Uber's selective disclosure

21  resulted in waiver.  (Dkt. 1506).  In other instances, it was remedied by preclusion.  (Dkt. 1172

22  (holding that Defendants cannot selectively waive privilege with respect to Anthony Levandowski's

23  reasons for pleading the Fifth Amendment, and noting that "[u]nder Uber's theory all a party would

24  have to do is cherry pick the communications they want the opposing party to see and identify those

25  as not privileged, all the while being able to shield other not so favorable communications from

26  disclosure even if they are about the very same topic by claiming those communications privileged.

27  ─────────────────

28  [1]  Additional examples of Uber witnesses' hiding behind privilege are readily available.

The law of privilege is not that unfair."); Dkt. 1267 (denying motion for relief from Magistrate Judge's Order regarding same).)  This Court characterized Uber's attempt to shroud conversations in the attorney-client privilege by having an attorney present for conversations, but then relying on those conversations that are helpful to Uber, a "slick practice."  (Dkt. 1267.)  Other courts similarly preclude parties from using privilege as a sword and shield at the *in limine* stage.  *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (affirming district court's *in limine* ruling prohibiting defendant from using attorney-client communications as both a sword and a shield); *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 576 (1st Cir. 1989) (affirming district court's decision to bar defendant from testifying at trial due to his previous refusal to testify during discovery); *Galaxy Comp. Serv'cs, Inc. v. Baker*, 325 B.R. 544, 559 (E.D.Va. 2005) (granting motion *in limine* to prevent witness from testifying about issues she refused to answer during her deposition on attorney-client privilege grounds); *Engineered Prods. Co. v. Donaldson Co., Inc.,* 313 F.Supp. 2d 951, 1022–23 (N.D. Iowa 2004) (barring plaintiff from introducing testimony at trial on issues it prevented defendant from exploring during deposition by invoking the attorney-client privilege).  Uber cannot, for example, pick and choose when the Jacobs investigation's details are protected by privilege on the one hand, yet on the other hand reveal information when it is helpful to Uber.  Uber similarly cannot pick and choose purported comments from the mediator about the claims, but withhold communications with the mediator about the claims.  Instead, the information should be excluded altogether.

Allowing Uber to characterize the merits of Mr. Jacobs' claims based on their investigation and/or evaluation of the merits of the allegations in the Jacobs Letter would also prejudice Waymo. Under FRE 403, evidence should be excluded if its probative value is substantially outweighed by a danger of "confusing the issues" and "wasting time."  Here, if admitted, the jury could be confused about why it is hearing about the Jacobs Letter and an investigation that took place, but not the details or results of the investigation.  The parties would need to waste time explaining to the jury why it will not hear all about the investigation: Uber's privilege assertions.

## CONCLUSION

For the foregoing reasons, Waymo requests leave to file a motion *in limine* on this issue.

1

2   DATED:  January 17, 2018                QUINN EMANUEL URQUHART & SULLIVAN,
                                             LLP
3

4                                           By /s/ Charles Verhoeven
                                                Charles Verhoeven
5                                               Attorneys for WAYMO LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28