IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; and OTTO TRUCKING LLC,<br><br>  Defendants.<br> / | No. C 17-00939 WHA<br><br>**ORDER RE MOTION TO CLOSE COURTROOM** |

After two continuances of the trial date and in advance of the third final pretrial conference in this action for trade secret misappropriation, this order **DENIES** plaintiff's motion to close the courtroom for trial, subject to the conditions described herein.

Plaintiff Waymo LLC previously moved to close the courtroom for trial during presentation of (1) the actual substance of Waymo's alleged trade secrets; (2) the terms of Google Inc.'s mergers and acquisitions and Waymo's collaboration with Lyft, Inc.; (3) Waymo's non-public financial information, projections, and business plans; and (4) confidential information of Waymo's current and former employees (Dkt. No. 1822). A coalition of media organizations then moved to intervene for the limited purpose of opposing Waymo's motion (Dkt. No. 1919). Lyft also moved to intervene for the limited purpose of supporting Waymo's motion (Dkt. No. 2004). Both requests to intervene were unopposed and granted (*see* Dkt. No. 2309 at 160:13–18, 172:22–24).

In its response to the media coalition, Waymo stated that it would narrow its request prior to trial and would ask to close the courtroom only where absolutely necessary. For example, Waymo agreed with the media coalition that limited closure to protect trade secrets should extend only to the actual *substance* of alleged trade secrets, not to any and all references thereto. Waymo also committed to meet and confer with defendants to come up with ways to minimize the use of information that might necessitate courtroom closure. For example, Waymo proposed redacting the names of its employees from exhibits dealing with employee compensation and bonus information. Waymo also offered to work with the media coalition and defendants to come up with a procedure for prompt availability of a redacted public trial transcript (*see* Dkt. No. 2005 at 3–4, 8–9).

In a similar spirit of compromise, Lyft proposed less drastic measures of protecting sensitive business information without closing the courtroom. For example, Lyft suggested that the actual text of confidential agreements be displayed only to the jury while relevant arguments and testimony are limited to a level of abstraction that would get the point across without revealing specific confidential terms. Lyft also offered to meet and confer with the parties to come up with an appropriate protocol (*see* Dkt. No. 2004 at 1–2, 5). The media coalition did not object to the suggestion of less drastic measures (*see* Dkt. No. 2049 at 4).

Having considered Waymo and the intervenors' arguments on this matter, the Court **ORDERS** as follows:

1. The screens in the courtroom for this trial can accommodate three different levels of visibility controlled by the Courtroom Deputy. *First*, evidence can be displayed to the witness on the stand. *Second*, evidence can be displayed to the jury. *Third*, evidence can be displayed to the gallery. These screens can also be used in combination, *e.g.*, evidence can be displayed to both the witness and the jury but not to the gallery. In the Court's view, these safeguards will suffice to protect most, if not all, of the truly sealable information that will be presented at trial without necessitating total closure of the courtroom. In all

events, counsel will be responsible for informing the Courtroom Deputy when and how to limit the visibility of evidence displayed on courtroom screens.

2. The parties shall **MEET AND CONFER** and agree on protocols to ensure that, wherever possible, counsel and witnesses refer to truly sealable information at a level of abstraction that will allow the public to remain in the courtroom while more detailed information is shown on screens to witnesses or the jury. This includes alleged trade secrets that, for example, can be referred to by designated numbers and subject matter for most purposes.

3. Both sides and Lyft shall identify with particularity each specific item of evidence or argument for which they contend courtroom closure remains truly necessary, according to the following protocol:

(a) A prior order required each side to maintain a rolling, written list of witnesses it intends to call at trial (Dkt. No. 2340). The same lists shall note when, according to the proffering side, items of evidence or argument to be presented with the named witnesses might require courtroom closure.

(b) The Court will review the rolling lists of proffered evidence or argument, if any, for which the parties or Lyft contend courtroom closure remains truly necessary and determine on a case-by-case basis if closure will be required.

(c) Witnesses whose testimony will truly necessitate courtroom closure must be called first or last on any given day of trial unless a better way to deal with the problem can be found.

Except to the extent stated herein, Waymo's motion to close the courtroom is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 18, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3