IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; and OTTO<br>TRUCKING LLC,<br><br>            Defendants. | No. C 17-00939 WHA<br><br>**ORDER ON *DAUBERT*<br>MOTION RE JIM TIMMINS<br>AND MOTION *IN LIMINE* RE<br>DUE DILIGENCE** |

After two continuances of the trial date and in advance of the third final pretrial conference in this action for trade secret misappropriation, this order **DENIES** defendants' *Daubert* motion to exclude plaintiff's corporate transactions expert and also **DENIES** plaintiff's motion *in limine* to exclude evidence of a third-party due diligence investigation and report.

   **1.    UBER'S *DAUBERT* MOTION RE JIM TIMMINS.**

Defendants Uber Technologies, Inc., and Ottomotto LLC (collectively, "Uber") move to exclude plaintiff Waymo LLC's corporate transactions expert Jim Timmins from opining that Anthony Levandowski controls and indirectly owns Tyto through a trust, on the basis that Timmins is not an attorney with experience in the law of trusts (Dkt. No. 1612). Timmins is the managing director of a business valuation and financial advisory firm and has worked for over 35 years in investment banking, venture capital investing, and valuation services. He has specialized experience in corporate transactions and is "familiar with documents for corporate, pass-through, and trust entities and transactions involving them" (*see* Dkt. No. 1774-11 ¶¶

1–13). His opinion is essentially a succinct summary of the paper trail between Levandowski and Tyto and will assist the jury in understanding this complicated issue. He will therefore be permitted to explain this issue from a *corporate* perspective, without prejudice to targeted objections at trial if he veers off into improper legal opinions beyond the scope of his expertise. Furthermore, on direct examination, Waymo is **ORDERED** to have Timmins come to grips with Uber's accusations that his opinion is simply incorrect and contradicts the actual documentary evidence (*see* Dkt. No. 1887-4 at 1–4). Except as stated herein, Uber's motion is **DENIED**.

### 2. WAYMO'S MIL NO. 18 RE DUE DILIGENCE.

Waymo moves to preclude Uber from introducing evidence or arguing that Uber relied on the Stroz Friedberg due diligence investigation and report to prevent trade secret misappropriation (Dkt. No. 2194). *First*, Waymo contends Uber has no evidence of such reliance because it asserted privilege over communications concerning the due diligence investigation and report. In its response, however, Uber clearly identifies non-privileged evidence — including the due diligence report itself — that could potentially support either side's narrative (*see* Dkt. No. 2245 at 2–4). *Second*, Waymo contends that, in light of its assertions of privilege, Uber is precluded from relying on an advice-of-counsel defense, but Uber expressly disclaims reliance on any such defense in its response (*see id.* at 4–5). Waymo remains free to raise targeted sword-and-shield objections at trial if Uber attempts to selectively use *privileged* evidence in its defense. The sweeping preclusion sought by Waymo's motion, however, is unwarranted. The due diligence investigation and report are crucial evidence at the heart of this case. Both sides will be able to make their arguments to the jury based on that evidence. Waymo's motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: January 18, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE