IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

v.

UBER TECHNOLOGIES, INC.;
OTTOMOTTO LLC; and OTTO
TRUCKING LLC,

    Defendants.

No. C 17-00939 WHA

**ORDER DENYING MOTION FOR RELIEF FROM JUDGE CORLEY'S NONDISPOSITIVE PRETRIAL ORDER**

## INTRODUCTION

The magistrate judge overseeing discovery in this action granted in part and denied in part plaintiff's request for *in camera* review of a subset of documents or redactions withheld on privilege grounds. Plaintiff moves for relief from that order pursuant to Civil Local Rule 72. The motion is **DENIED**.

## STATEMENT

On December 29, plaintiff Waymo LLC filed a discovery letter brief seeking to compel defendants Uber Technologies, Inc., and Ottomotto LLC (collectively, "Uber") to turn over certain categories of documents to the special master for *in camera* review (Dkt. No. 2441-3). Pursuant to the discovery referral in this action, Magistrate Judge Jacqueline Corley issued an order on January 4 allowing Waymo to select fifty pages for her to review *in camera* but denying Waymo's request for random *in camera* review as disproportional to the needs of the

case (Dkt. No. 2454). Following a dispute between the parties concerning which fifty pages Waymo could select for *in camera* review, Judge Corley issued a second order on January 8 to clarify that Waymo had to select its fifty pages from the documents logged or produced during supplemental discovery stemming from the Jacobs materials (Dkt. No. 2458). Waymo moves for relief from both orders pursuant to Civil Local Rule 72 (Dkt. No. 2473-4). No further briefing is needed to decide this motion.

**ANALYSIS**

**1. STANDARD OF REVIEW.**

Under FRCP 72, a district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Ibid*. (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

**2. WAYMO'S MOTION FOR RELIEF.**

**A. January 4 Order.**

Waymo requested *in camera* review for a "set of less than 300" redacted documents and now protests Judge Corley's decision to limit her review to fifty pages, complaining that it had legitimate concerns regarding the possibility of improper redactions. Judge Corley did not ignore Waymo's concerns. Indeed, she granted Waymo's request in part because of those concerns (Dkt. No. 2454 at 2). Waymo's objection essentially amounts to disagreement with Judge Corley's judgment of how much *in camera* review was appropriate under the circumstances. This falls short of showing clear error as required by FRCP 72.

Waymo further objects to Judge Corley's decision to deny its additional requests for random *in camera* review of documents withheld as privileged. Judge Corley denied those requests as disproportional to the needs of the case. Waymo contends proportionality was not a concern because ordering Uber to turn over documents to the special master would not have imposed a significant burden on Uber. Incredibly, Waymo seems to assume that the burden on Uber was the only factor in determining proportionality. Waymo ignores, for example, the

burdens its request would have imposed on the special master and the Court. Additionally, as Judge Corley noted, Waymo did not identify any relevant information that it expected random *in camera* review to reveal. Judge Corley remains well-situated to determine how much *in camera* review is appropriate. Under these circumstances, her decision to deny what appeared to be an unwarranted fishing expedition was not clearly erroneous.

### B. January 8 Order.

Finally, Waymo objects to Judge Corley's supplemental order requiring it to select its fifty pages from documents produced during supplemental discovery stemming from the Jacobs materials. Waymo argues that this limitation was clearly erroneous because its concerns over improperly-redacted documents extend to documents produced over the entire course of discovery (Dkt No. 2473-4). This argument ignores the glaring fact that Waymo has repeatedly and vocally expressed those concerns over the course of this litigation. There has been no shortage of contentious discovery disputes over documents withheld or redacted prior to this stage. Waymo's submissions to Judge Corley made no showing that yet another round of scrutiny over previously withheld or redacted documents was necessary. Under these circumstances, Judge Corley's decision to limit her *in camera* review to documents produced during supplemental discovery stemming from the Jacobs materials was not clearly erroneous.

## CONCLUSION

For the foregoing reasons, Waymo's motion for relief from Judge Corley's January 4 and January 8 orders is **DENIED**. All stated objections to said orders are **OVERRULED**.

**IT IS SO ORDERED.**

Dated: January 19, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE