1    MICHAEL A. JACOBS (CA SBN 111664)
     MJacobs@mofo.com
2    ARTURO J. GONZÁLEZ (CA SBN 121490)
     AGonzález@mofo.com
3    MORRISON & FOERSTER LLP
     425 Market Street
4    San Francisco, California  94105-2482
     Tel: 415.268.7000 / Fax: 415.268.7522
5
     KAREN L. DUNN (*Pro Hac Vice*)
6    kdunn@bsfllp.com
     HAMISH P.M. HUME (*Pro Hac Vice*)
7    hhume@bsfllp.com
     BOIES SCHILLER FLEXNER LLP
8    1401 New York Avenue, N.W.
     Washington DC  20005
9    Tel: 202.237.2727 / Fax: 202.237.6131

10   WILLIAM CARMODY (*Pro Hac Vice*)
     bcarmody@susmangodfrey.com
11   SHAWN RABIN (*Pro Hac Vice*)
     srabin@susmangodfrey.com
12   SUSMAN GODFREY LLP
     1301 Avenue of the Americas, 32nd Floor
13   New York, NY 10019-6023
     Tel: 212.336.8330 / Fax: 212.336.8340
14

15   Attorneys for Defendants
     UBER TECHNOLOGIES, INC.
16   and OTTOMOTTO LLC

17                  UNITED STATES DISTRICT COURT

18               NORTHERN DISTRICT OF CALIFORNIA

19                   SAN FRANCISCO DIVISION

20   WAYMO LLC,                         Case No.     3:17-cv-00939-WHA

21                  Plaintiff,          **DEFENDANTS UBER
                                        TECHNOLOGIES, INC. AND
22         v.                           OTTOMOTTO LLC'S
                                        ADMINISTRATIVE MOTION TO
23   UBER TECHNOLOGIES, INC.,           FILE UNDER SEAL THEIR
     OTTOMOTTO LLC; OTTO TRUCKING LLC,  RESPONSE TO WAYMO'S OFFER
24                                      OF PROOF**
                    Defendants.
25

26

27

28

1
2
3
4

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc. and Ottomotto LLC ("Defendants") submit this motion for an order to file under seal their Response to Waymo's Offer of Proof.  Specifically, Defendants request an order granting leave to file under seal the following confidential documents:

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Response to Waymo's Offer of Proof ("Response") | Highlighted Portions | Defendants (Blue) Plaintiff (Green) |
| Exhibit 2 | Blue highlights | Defendants |
| Exhibit 3 | Green highlights | Plaintiff |
| Exhibit 5 | Blue highlights | Defendants |
| Exhibit 6 | Blue highlights | Defendants |
| Exhibit 7 | Blue highlights | Defendants |
| Exhibit 8 | Blue highlights | Defendants |
| Exhibit 10 | Entire document | Plaintiff |
| Exhibit 17 | Blue highlights | Defendants |
| Exhibit 18 | Blue highlights | Defendants |
| Exhibit 22 | Blue highlights | Defendants |
| Exhibit 24 | Entire document | Plaintiff |
| Exhibit 25 | Blue highlights | Defendants |
| Exhibit 27 | Blue highlights | Defendants |
| Exhibit 28 | Entire document | Collier Law Firm Defendants (blue highlights) |
| Exhibit 29 | Entire document | Defendants |
| Exhibit 31 | Entire document | Defendants |
| Exhibit 33 | Blue highlights | Defendants |

| Exhibit 37 | Blue highlights | Defendants |
|---|---|---|
| Exhibits 38-49 | Entire documents | Plaintiff |
| Exhibit 50 | Entire document | Defendants |
| Exhibit 56 | Blue highlights | Defendants |
| Exhibits 55, 57, 59 | Entire documents | Plaintiff |
| Exhibits 65-66 | Entire document | Defendants |
| Exhibit 68 | Entire document | Defendants |
| Exhibit 69 | Entire document | Defendants |
| Exhibit 71 | Entire document | Plaintiff |
| Exhibit 72 | Blue highlights | Defendants |
| Response to Waymo's Appendix A | Blue highlights | Defendants |

The blue highlights on page 146 of Exhibit 2 and page 173 of Exhibit 5 contain references to confidential third party vendors or consultants Uber used to conduct analysis. Defendants request this information be sealed to protect this confidential business relationship from disclosure and these third party vendors or consultants from possible harassment. (Declaration of Michelle Yang in Support of Defendants' Administrative Motion to File Documents Under Seal ("Yang Decl.") ¶ 3.)

The blue highlights on pages 46, 58, 81, and 172 of Exhibit 5, page 126 of Exhibit 7, page 240 of Exhibit 22, and the entireties of Exhibits 29, 31, 50, 65, 66, 68, and 69 contain highly confidential information concerning Defendants' self-driving industry business strategy, the identity of certain third party competitors, research objectives, research results, financial numbers regarding research budgets, and confidential business negotiations. This information has been maintained as confidential. Disclosure of this information would allow competitors to understand Uber's business strategy in the self-driving industry, including what information Uber possesses

1  and considers, such that competitors could tailor their own business strategy to the detriment of

2  Uber's competitive standing.  (Yang Decl. ¶ 4.)

3  　　　The blue highlights on on page 16 of the Response, page 196 of Exhibit 5, pages 65 and

4  125-126 of Exhibit 8, pages 135, 143, 148, 240, and 313 of Exhibit 22, and page 4 of Exhibit 28

5  contain references to the same type of confidential material for which the Court granted sealing in

6  its November 29, 2017 Order and December 13, 2017 Order, which are reflected in the public

7  refiling of Exhibit B to Dkt. 2307-2 at Dkt. 2401-2.  (Dkt. 2307-2; Dkt. 2382; Dkt. 2401-2.)

8  These blue highlights in all these exhibits similarly contain information that implicates the safety,

9  privacy, and reputational interests of former and current Uber employees and vendors, as well as

10 various third-party individuals and entities.  (Yang Decl. ¶ 5.)

11 　　　The blue highlights on pages iii and 63-64 of the Response, pages 154-165 of Exhibit 6,

12 pages 245-290 of Exhibit 18, and the Response to Waymo's Appendix A contain highly

13 confidential information relating to a data governance program that was never implemented at

14 Uber but which was intended to effectively manage the data, documents, and email generated by

15 the company and to identify what information needed to be retained.  This information has been

16 maintained as confidential.  Public disclosure of this information would reveal internal

17 technology and confidential business procedures, to the detriment of Uber's competitive standing.

18 (Yang Decl. ¶ 6.)

19 　　　The blue highlights on page 235 of Exhibit 17, pages 169, 170, 204, 205, and 207 of

20 Exhibit 18, and page 226 of Exhibit 27 contain current and former employee names and identities,

21 and Uber requests that this information be kept confidential in order to protect the privacy of

22 individuals currently or formerly at a company that is subject of extensive media coverage, in

23 order to protect them from harm or harassment.  Uber's request is narrowly tailored to names and

24 identities that have not been made public with respect to this subject matter.  (Yang Decl. ¶ 7.)

25 　　　The blue highlights on pages 237-241 of Exhibit 17, and page 346 of Exhibit 27 contain

26 highly confidential information regarding internal communications among company employees

27 relating to internal investigations.  Similar to the information sealed in accordance with the

28 Court's November 29, 2017 and December 13, 2017 Orders, these exhibits contain information

1   that could implicate the safety, privacy, and reputational interests of former and current Uber

2   employees.  Defendants request sealing of this information to protect these interests.  (Yang Decl.

3   ¶ 8.)

4          The blue highlights on pages 38 and 63-64 of the Response, pages 256-290 of Exhibit 18

5   and blue highlights of Exhibit 72 contain confidential information regarding certain confidential

6   proceedings between Uber and certain former employees.  The details regarding these

7   proceedings have been maintained as confidential by Uber.  Uber requests that this information be

8   kept sealed in accordance with agreements between parties to these proceedings, and in order to

9   protect the privacy of these former employees.  (Yang Decl. ¶ 9.)

10         The blue highlights on page 374 of Exhibit 2, blue highlights in Exhibit 33, blue

11   highlights in Exhibit 37, and parts of Exhibits 29, 33, 65, 66, 68, and 69 contain email addresses

12   and/or telephone numbers, including personal telephone numbers, of current and former Uber

13   employees.  The blue highlights of Exhibit 25 contain an address of a company that is not public

14   knowledge.  Uber requests that this contact information be kept confidential in order to protect

15   current and former Uber employees from harm or harassment.  (Yang Decl. ¶ 10.)

16         The blue highlights of Exhibit 56 contain highly confidential information regarding

17   references to third party vendors, including those under NDAs with Uber.  Defendants request

18   this information be kept sealed in order to protect the confidentiality of these business

19   relationships.  (Yang Decl. ¶ 11.)

20         The entirety of Exhibit 28 was designated confidential by the Collier Law Firm.  The

21   green-highlighted portions of the Response and Exhibit 3, and the entireties of Exhibits 10, 24,

22   38-49, 55, 57, 59, and 71 contain information that has been designated "Highly Confidential –

23   Attorneys' Eyes Only" or "Confidential" by Waymo in accordance with the Patent Local Rule 2-

24   2 Interim Model Protective Order ("Protective Order"), which the parties have agreed governs

25   this case (Transcript of 3/16/2017 Hearing, page 6).  Defendants file all this material under seal in

26   accordance with Paragraph 14.4 of the Protective Order.  (Yang Decl. ¶ 12.)

27         Defendants do not believe that the green-highlighted portions of page 15-16 of the

28   Response and the entireties of  Exhibits 10, 24, 42, 43, 44, 45, 47, 59, and 71 merit sealing, but

Defendants file this material under seal in order to provide Waymo the opportunity to justify sealing pursuant to Local Rule 79-5.  (Yang Decl. ¶ 13.)

Pursuant to Civil Local Rule 79-5(d)(2), Defendants will lodge with the Clerk the documents at issue, with accompanying chamber copies.

Defendants served Waymo with this Administrative Motion to File Documents Under Seal on January 19, 2018.

For the foregoing reasons, Defendants request that the Court enter the accompanying Proposed Order granting Defendants' Administrative Motion to File Documents Under Seal and designate the service copies of these documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Dated:  January 19, 2018                              MORRISON & FOERSTER LLP

                                                                     By:   */s/ Arturo J. González*
                                                                              Arturo J. González

                                                                              Attorneys for Defendants
                                                                              UBER TECHNOLOGIES, INC. and
                                                                              OTTOMOTTO LLC