| | |
|---|---|
| 1 | MICHAEL A. JACOBS (CA SBN 111664) |
| | MJacobs@mofo.com |
| 2 | ARTURO J. GONZÁLEZ (CA SBN 121490) |
| | AGonzalez@mofo.com |
| 3 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 4 | San Francisco, California  94105-2482 |
| | Tel:  415.268.7000 / Fax:  415.268.7522 |
| 5 | |
| | KAREN L. DUNN (*Pro Hac Vice*) |
| 6 | kdunn@bsfllp.com |
| | HAMISH P.M. HUME (*Pro Hac Vice*) |
| 7 | hhume@bsfllp.com |
| | BOIES SCHILLER FLEXNER LLP |
| 8 | 1401 New York Avenue, N.W. |
| | Washington DC  20005 |
| 9 | Tel:  202.237.2727 / Fax:  202.237.6131 |
| 10 | WILLIAM CARMODY (*Pro Hac Vice*) |
| | bcarmody@susmangodfrey.com |
| 11 | SHAWN RABIN (*Pro Hac Vice*) |
| | srabin@susmangodfrey.com |
| 12 | SUSMAN GODFREY |
| | 1301 Avenue of the Americas, 32nd Floor |
| 13 | New York, NY 10019-6023 |
| | Tel: 212.336.8330 / Fax:  212.336.8340 |
| 14 | |
| 15 | Attorneys for Defendants |
| | UBER TECHNOLOGIES, INC. |
| 16 | and OTTOMOTTO LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | Case No.   3:17-cv-00939-WHA |
| Plaintiff, | **DECLARATION OF MICHELLE YANG IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL THEIR RESPONSE TO WAYMO'S OFFER OF PROOF** |
| v. | |
| UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC, | |
| Defendants. | |

I, Michelle Yang, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of Defendants' Administrative Motion to File Under Seal Their Response to Waymo's Offer of Proof.

2. I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Response to Waymo's Offer of Proof ("Response") | Highlighted Portions | Defendants (Blue) Plaintiff (Green) |
| Exhibit 2 | Blue highlights | Defendants |
| Exhibit 3 | Green highlights | Plaintiff |
| Exhibit 5 | Blue highlights | Defendants |
| Exhibit 6 | Blue highlights | Defendants |
| Exhibit 7 | Blue highlights | Defendants |
| Exhibit 8 | Blue highlights | Defendants |
| Exhibit 10 | Entire document | Plaintiff |
| Exhibit 17 | Blue highlights | Defendants |
| Exhibit 18 | Blue highlights | Defendants |
| Exhibit 22 | Blue highlights | Defendants |
| Exhibit 24 | Entire document | Plaintiff |
| Exhibit 25 | Blue highlights | Defendants |
| Exhibit 27 | Blue highlights | Defendants |
| Exhibit 28 | Entire document | Collier Law Firm Defendants (blue |

| | | highlights) |
|---|---|---|
| Exhibit 29 | Entire document | Defendants |
| Exhibit 31 | Entire document | Defendants |
| Exhibit 33 | Blue highlights | Defendants |
| Exhibit 37 | Blue highlights | Defendants |
| Exhibits 38-49 | Entire documents | Plaintiff |
| Exhibit 50 | Entire document | Defendants |
| Exhibit 56 | Blue highlights | Defendants |
| Exhibits 55, 57, 59 | Entire documents | Plaintiff |
| Exhibits 65-66 | Entire document | Defendants |
| Exhibit 68 | Entire document | Defendants |
| Exhibit 69 | Entire document | Defendants |
| Exhibit 71 | Entire document | Plaintiff |
| Exhibit 72 | Blue highlights | Defendants |
| Response to Waymo's Appendix A | Blue highlights | Defendants |

3. The blue highlights on page 146 of Exhibit 2 and page 173 of Exhibit 5 contain references to confidential third party vendors or consultants Uber used to conduct analysis. Defendants request this information be sealed to protect this confidential business relationship from disclosure and these third party vendors or consultants from possible harassment.

4. The blue highlights on pages 46, 58, 81, and 172 of Exhibit 5, page 126 of Exhibit 7, page 240 of Exhibit 22, and the entireties of Exhibits 29, 31, 50, 65, 66, 68, and 69 contain highly confidential information concerning Defendants' self-driving industry business strategy, the identity of certain third party competitors, research objectives, research results, financial numbers regarding research budgets, and confidential business negotiations. This information has been maintained as confidential. Disclosure of this information would allow competitors to

1  understand Uber's business strategy in the self-driving industry, including what information Uber
2  possesses and considers, such that competitors could tailor their own business strategy to the
3  detriment of Uber's competitive standing.

4       5.     The blue highlights on page 16 of the Response, page 196 of Exhibit 5, pages 65
5  and 125-126 of Exhibit 8, pages 135, 143, 148, 240, and 313 of Exhibit 22, and page 4 of Exhibit
6  28 contain references to the same type of confidential material for which the Court granted
7  sealing in its November 29, 2017 Order and December 13, 2017 Order, which are reflected in the
8  public refiling of Exhibit B to Dkt. 2307-2 at Dkt. 2401-2.  (Dkt. 2307-2; Dkt. 2382; Dkt. 2401-
9  2.)  These blue highlights in all these exhibits similarly contain information that implicates the
10 safety, privacy, and reputational interests of former and current Uber employees and vendors, as
11 well as various third-party individuals and entities.

12      6.     The blue highlights on pages iii and 63-64 of the Response, pages 154-165 of
13 Exhibit 6, pages 245-290 of Exhibit 18, and the Response to Waymo's Appendix A contain
14 highly confidential information relating to a data governance program that was never
15 implemented at Uber but which was intended to effectively manage the data, documents, and
16 email generated by the company and to identify what information needed to be retained.  This
17 information has been maintained as confidential.  Public disclosure of this information would
18 reveal internal technology and confidential business procedures, to the detriment of Uber's
19 competitive standing.

20      7.     The blue highlights on page 235 of Exhibit 17, pages 169, 170, 204, 205, and 207
21 of Exhibit 18, and page 226 of Exhibit 27 contain current and former employee names and
22 identities, and Uber requests that this information be kept confidential in order to protect the
23 privacy of individuals currently or formerly at a company that is subject of extensive media
24 coverage, in order to protect them from harm or harassment.  Uber's request is narrowly tailored
25 to names and identities that have not been made public with respect to this subject matter.

26      8.     The blue highlights on pages 237-241 of Exhibit 17, and page 346 of Exhibit 27
27 contain highly confidential information regarding internal communications among company
28 employees relating to internal investigations.  Similar to the information sealed in accordance

with the Court's November 29, 2017 and December 13, 2017 Orders, these exhibits contain information that could implicate the safety, privacy, and reputational interests of former and current Uber employees. Defendants request sealing of this information to protect these interests.

9. The blue highlights on pages 38 and 63-64 of the Response, pages 256-290 of Exhibit 18 and blue highlights of Exhibit 72 contain confidential information regarding certain confidential proceedings between Uber and certain former employees. The details regarding these proceedings have been maintained as confidential by Uber. Uber requests that this information be kept sealed in accordance with agreements between parties to these proceedings, and in order to protect the privacy of these former employees.

10. The blue highlights on page 374 of Exhibit 2, blue highlights in Exhibit 33, blue highlights in Exhibit 37, and parts of Exhibits 29, 33, 65, 66, 68, and 69 contain email addresses and/or telephone numbers, including personal telephone numbers, of current and former Uber employees. The blue highlights of Exhibit 25 contain an address of a company that is not public knowledge. Uber requests that this contact information be kept confidential in order to protect current and former Uber employees from harm or harassment.

11. The blue highlights of Exhibit 56 contain highly confidential information regarding references to third party vendors, including those under NDAs with Uber. Defendants request this information be kept sealed in order to protect the confidentiality of these business relationships.

12. The entirety of Exhibit 28 was designated confidential by the Collier Law Firm. The green-highlighted portions of the Response and Exhibit 3, and the entireties of Exhibits 10, 24, 38-49, 55, 57, 59, and 71 contain information that has been designated "Highly Confidential – Attorneys' Eyes Only" or "Confidential" by Waymo in accordance with the Patent Local Rule 2-2 Interim Model Protective Order ("Protective Order"), which the parties have agreed governs this case (Transcript of 3/16/2017 Hearing, page 6). Defendants file all this material under seal in accordance with Paragraph 14.4 of the Protective Order.

13. Defendants do not believe that the green-highlighted portions of page 15-16 of the Response and the entireties of Exhibits 10, 24, 42, 43, 44, 45, 47, 59, and 71 merit sealing, but

Defendants file this material under seal in order to provide Waymo the opportunity to justify sealing pursuant to Local Rule 79-5.

14.   Defendants' request to seal is narrowly tailored to the portions of their Response to Waymo's Offer of Proof and supporting exhibits that merit sealing.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of January, 2018 at San Francisco, California.

<i>/s/ Michelle Yang</i><br>
Michelle Yang

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. Gonzalez, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Michelle Yang has concurred in this filing.

Dated: January 19, 2018               */s/ Arturo J. González*
                                       ARTURO J. GONZÁLEZ