# APPENDIX A

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**<u>Defendants' Response to Appendix A of Waymo's Offer of Proof</u>**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

As a preliminary matter, Waymo failed to comply with this Court's order to "***specifically explain*** the practical details of how it will implement its offer of proof." (Dkt. 2447 (emphasis added).) Throughout Appendices A and B to its Offer of Proof, Waymo sets forth nothing more than a mere list of potential hearsay exceptions without any legal or factual support for why those exceptions may apply. Providing a list of evidentiary rules without any explanation does not satisfy the Court's instruction to explain with specificity how Waymo will overcome hearsay objections. Waymo's failure to comply with the Court's order improperly places the burden on Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") to explain the inapplicability of an exception without notice of how Waymo intends to satisfy its evidentiary burden. *See PixArt Imaging, Inc. v. Avago Tech. Gen. IP (Singapore) Pte. Ltd.*, No. C 10-00544 JW, 2011 WL 5417090, at *9 (N.D. Cal. Oct. 27, 2011) ("A party seeking to admit a hearsay statement on the grounds that it falls into one of these exceptions bears the burden of proving that the exception is applicable by a preponderance of the evidence.").

For example, Waymo cites to the residual exception of Federal Rule of Evidence 807 in several places to overcome hearsay objections. To be admissible under Rule 807, a hearsay statement must satisfy several requirements: (1) have "equivalent circumstantial guarantees of trustworthiness"; (2) be "offered as evidence of a material fact"; (3) be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts"; and (4) "admitting it will best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807(a). Waymo makes no attempt to satisfy its burden of showing these requirements are met for any of the 100+ exhibits in its Appendices A and B. In any event, the exhibits Waymo intends to use the residual exception for do not meet these requirements, and the exception does not apply.

Waymo also cites to hearsay objections that are plainly inapplicable. For example, Waymo cites to the exception for statements by an employee/agent of a party opponent on several occasions where the declarant was not an employee or agent of Uber when the statement was made. And Waymo makes no attempt to overcome the problem that few, if any, of the documents it cites could be admissible against Ottomotto under that exception, even though, with the exception of litigation documents, none involve statements made by Ottomotto employees or agents. As another example, Waymo also cites, on occasion, to Fed. R. Evid. 801(d)(2)(E)—the exception for co-conspirator statements. Waymo appears to be arguing that a conspiracy exists between Uber and its outside counsel. Waymo cites to these exceptions even though they clearly do not apply, demonstrating that Waymo has no valid argument for overcoming the hearsay and other evidentiary hurdles.

In addition to its failure to show with specificity how Waymo would overcome hearsay objections, Waymo does not even attempt to address any other evidentiary objections that may apply to the exhibits included in Appendices A and B. Nor does Waymo grapple with its failure to move to amend its witness and exhibit lists to add the dozens of new witnesses and exhibits included in these appendices, let alone the subject matter deficiencies in Waymo's Rule 26 disclosures for many of the potential sponsoring witnesses here. (*See* Defts' Trial Br., Dkt. 2253, at 3-8.) In responding to Waymo's offer of proof, Uber reserves its right to object to each exhibit on the basis of any and all applicable evidentiary objections.

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| 1 | April 14, 2017 Jacobs Email | Richard Jacobs Travis Kalanick Salle Yoo Angela Padilla Joe Spiegler | **FRE 801(d)(2)(B)**: adoptive admission based on Uber's subsequent investigation and remedial action<br><br>**FRE 807**: residual exception<br><br>The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(B)**:  Waymo has made no showing that Uber manifested an adoption or belief in the truth of any statement in Mr. Jacobs's resignation email as required under FRE 801(d)(2)(B).  *First*, Waymo has failed to comply with the Court's order that it "specifically explain" how it would overcome the hearsay objection.  Mr. Jacobs's resignation email makes assertions about a variety of topics, but Waymo makes no identification of what supposed "remedial action" allegedly constituted an adoption of any particular allegation in Mr. Jacobs's resignation email.  *Second*, Waymo's theory that Uber's mere *investigation* of the Jacobs allegations constituted an adoption is flatly absurd. FRE 801(d)(2)(B) applies only to a statement that a "party manifested that it adopted or believed to be true." Uber undertook an independent investigation of the Jacobs allegations because Uber believed the allegations might or might not be true.  A party does not manifest a belief that a statement is true merely by seeking to learn whether or not the statement is true.  The Ninth Circuit has discussed with approval an out-of-circuit case where FRE 801(d)(2)(B) was applied to investigative reports when a party acted on the report's recommendations, *after investigation*, as to the veracity of allegations leading to the investigation.  *Transbay Auto Serv., Inc. v. Chevron USA Inc.*, 807 F.3d 1113, 1119 (9th Cir. 2015) (citing *Pilgrim v. Trs. of Tufts Coll.*, 118 F.3d 864, 870 (1st Cir. 1997)).  The Ninth Circuit similarly approved admission under FRE 801(d)(2)(B) when "defendant corporation manifested an adoption of a study conducted by an affiliated, non-employee doctor by submitting it to the |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | | | | FDA in an effort to obtain approval of a drug," *id.* (citing *Grundberg v. Upjohn Co.*, 137 F.R.D. 365, 366 (D. Utah 1991)), and held admission proper where a party had submitted a third-party appraisal in support of a loan application. *Id.* In all of these cases, a party either asserted or assumed that the third-party document *was* true, not merely that parts of it *might be* true, meriting investigation.<br><br>**FRE 807:** Waymo has made no showing that the requirements of FRE 807 are satisfied. For example, Waymo has not shown that this document has circumstantial guarantees of trustworthiness. *See* Fed. R. Evid. 807(a)(1). Contrary to other forms of evidence that have been admitted under this exception, the statements within this document were not made under oath, nor were they recorded in any way that would allow the Court or jury an opportunity to view the declarant's demeanor. *See In re Mbunda*, 604 F. App'x 552, 554-55 (9th Cir. 2015); *U.S. v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012); *Estate of Naharro v. Cty. of Santa Clara*, No. 14-cv-04570-BLF, 2016 WL 6248957, at *2 n.3 (N.D. Cal. Oct. 26, 2016) (holding that statements in police interview did not make requisite showing of trustworthiness). Additionally, Mr. Jacobs refused to answer whether he wrote the resignation email on attorney-client privilege grounds but confirmed he had consulted with legal counsel when it was prepared. (Chang Decl. Ex. 9, Jacobs Dep. at 181:13-182:9.) Mr. Jacobs also testified that assertions in his attorney's demand letter were false (e.g. Dkt. 2309 [11/28/2017 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13), and his lawyer acknowledged that |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
|         |             |                               |                              | the assertion about stealing trade secrets from Waymo was a baseless "miscommunication." (Chang Decl. Ex. 28 at CFL000300.) <br><br> Further, Waymo has not shown how these statements are "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(3). <br><br> Waymo has made no showing that this email is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. The "state of mind" of the lawyer who wrote this email for Mr. Jacobs is not relevant, and it is unclear what "intent" or "notice" Waymo refers to. To the extent it is notice of receipt by someone, such notice is irrelevant to any of the claims or issues to be tried to the jury. <br><br> Also, Waymo has not moved to amend its trial witness list to add Richard Jacobs or Joe Spiegler, or moved to amend its Rule 26 subject matter disclosures for the other sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). <br><br> **FRE 402/403:** The exhibit is irrelevant, confuses the issues, misleading to the jury, and cumulative of other testimony to be offered at trial. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|----------------|
| | | | | |
| 2 | May 5, 2017 Jacobs Letter | Richard Jacobs Angela Padilla Salle Yoo Joe Spiegler | **FRE 801(d)(2)(B)**: adoptive admission based on Uber's subsequent investigation and remedial action<br><br>**FRE 807**: residual exception<br><br>The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(B)**: Waymo has made no showing that Uber manifested an adoption or belief in the truth of any statement in the Jacobs demand letter as required under FRE 801(d)(2)(B). *First*, Waymo has failed to comply with the Court's order that it "specifically explain" how it would overcome the fact that this attorney demand letter "is not evidence. It's hearsay." (11/29/17 Hr'g Tr. at 158:10-19.) The Jacobs demand letter makes assertions about a variety of topics, but Waymo makes no identification of what supposed "remedial action" allegedly constituted an adoption of any particular allegation in the Jacobs demand letter. *Second*, Waymo's theory that Uber's mere *investigation* of the Jacobs allegations constituted an adoption is flatly absurd. FRE 801(d)(2)(B) applies only to a statement that a "party manifested that it adopted or believed to be true." Uber undertook an independent investigation of the Jacobs allegations because Uber believed the allegations might or might not be true. A party does not manifest a belief that a statement is true merely by seeking to learn whether or not the statement is true. The Ninth Circuit has discussed with approval an out-of-circuit case where FRE 801(d)(2)(B) was applied to investigative reports when a party acted on the report's recommendations, *after investigation*, as to the veracity of allegations leading to the investigation. *Transbay Auto Serv., Inc. v. Chevron USA Inc.*, 807 F.3d 1113, 1119 (9th Cir. 2015) (citing *Pilgrim v. Trs. of Tufts Coll.*, 118 F.3d 864, 870 (1st Cir. 1997)). The Ninth Circuit similarly approved admission under FRE 801(d)(2)(B) when |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | | | | "defendant corporation manifested an adoption of a study conducted by an affiliated, non-employee doctor by submitting it to the FDA in an effort to obtain approval of a drug," *id.* (citing *Grundberg v. Upjohn Co.*, 137 F.R.D. 365, 366 (D. Utah 1991)), and held admission proper where a party had submitted a third-party appraisal in support of a loan application.  *Id.*  In all of these cases, a party either asserted or assumed that the third-party document *was* true, not merely that parts of it *might be* true, meriting investigation.<br><br>**FRE 807:**  Waymo has made no showing that the requirements of FRE 807 are satisfied.  For example, Waymo has not shown that this document has circumstantial guarantees of trustworthiness.  *See* Fed. R. Evid. 807(a)(1).  Contrary to other forms of evidence that have been admitted under this exception, the statements within this document were not made under oath, nor were they recorded in any way that would allow the Court or jury an opportunity to view the declarant's demeanor.  *See In re Mbunda*, 604 F. App'x 552, 554-55 (9th Cir. 2015); *U.S. v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012); *Estate of Naharro v. Cty. of Santa Clara*, No. 14-cv-04570-BLF, 2016 WL 6248957, at *2 n.3 (N.D. Cal. Oct. 26, 2016) (holding that statements in police interview did not make requisite showing of trustworthiness).  Mr. Jacobs also testified that assertions in his attorney's demand letter were false (e.g. Dkt. 2309 [11/28/2017 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13), and his lawyer acknowledged that the assertion about stealing trade secrets from Waymo was a |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | | | | baseless "miscommunication." (Chang Decl. Ex. 28 at CFL000300.)<br><br>Further, Waymo has not shown how these statements are "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(3).<br><br>Waymo has made no showing that this letter is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. The "state of mind" of the lawyer who wrote this letter for Mr. Jacobs is not relevant, and it is unclear what "intent" or "notice" Waymo refers to. To the extent it is notice of receipt by someone, such notice is irrelevant to any of the claims or issues to be tried to the jury.<br><br>Also, Waymo has not moved to amend its trial witness list to add Richard Jacobs or Joe Spiegler, or moved to amend its Rule 26 subject matter disclosures for the other sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.").<br><br>**FRE 402/403:** The exhibit is irrelevant, confuses the issues, misleading to the jury, and cumulative of other testimony to be offered at trial. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | | | | |
| 3 | June 14, 2017 email | Angela Padilla Salle Yoo | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D)**:  Statement not made pursuant to any agency relationship. This is a demand for money from Mr. Jacobs's lawyer. It also contains hearsay within hearsay, contains legal conclusions, lacks foundation, and is inadmissible under FRE 401 and 403.  Moreover, neither Angela Padilla nor Salle Yoo could sponsor this email.<br><br>Additionally, Waymo has made no showing that this email is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything.  The "state of mind" of the lawyer who wrote this email is irrelevant, and it is unclear what "intent" or "notice" Waymo refers to.  To the extent it is notice of receipt by Padilla and/or Yoo, such notice is irrelevant to any of the remaining trade secret claims or issues to be tried to the jury in this case.<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for Ms. Padilla and Ms. Yoo.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 4 | June 22, 2017 email | Angela Padilla | **FRE 801(d)(2)(D)**: Admission of party opponent agent | **FRE 801(d)(2)(D)**: No objection.<br><br>**FRE 402/403**:  Irrelevant and a waste of time because the |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | | | The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.)<br><br>Further, Waymo has made no showing that this email is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything.  To the extent it is notice of receipt of the Jacobs demand letter, intent to self-report, or belief that Mr. Jacobs was trying to extort Uber, that is irrelevant to any of the trade secret claims or issues to be tried to the jury.<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosure for Ms. Padilla.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 5 | June 22, 2017 email | Angela Padilla<br>Salle Yoo<br>Mat Henley | **FRE 801(d)(2)(D):** Admission of party opponent agent<br><br>The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D):**  This exception does not apply to the statements in Mr. Henley's email because they were not made regarding matters within scope of employment, *see Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986), but rather by a declarant with conflicting interests and litigating position. S*ee Vardanyan v. Close-Up Int'l, Inc.*, No. CV-06-2243 (DGT), 2007 WL 4591821, at *2 (E.D.N.Y. Dec. 28, 2007) (citing *SEC v. Geon Indus., Inc.*, 531 F.2d 39, 43 n.3 (2d Cir. 1976)). |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | **FRE 402/403**:  Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Jacobs Dep  at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.)<br><br>Further, Waymo has made no showing that this email is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything.  Because the email relates to the Jacobs allegations, any notice, intent or state of mind is irrelevant to any of the remaining trade secret claims or issues to be tried to the jury.<br><br>Moreover, Waymo has not moved to amend its trial witness list to add Mat Henley, or moved to amend its Rule 26 subject matter disclosures for the other sponsoring witnesses.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 6 | July 12, 2017 email | Angela Padilla Salle Yoo | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>The document also has relevance for issues other than | **FRE 801(d)(2)(D)**:  Statement not made pursuant to any agency relationship.  This is a demand for money from Mr. Jacobs's lawyer.  It also contains hearsay within hearsay, contains legal conclusions, lacks foundation, and is inadmissible under FRE 401 and 403.  Moreover, neither Angela Padilla nor Salle Yoo could sponsor these emails. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | | | the truth of its contents such as notice, intent, and state of mind | Further, Waymo has made no showing that this email is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. The "state of mind" of the lawyer who wrote this email is irrelevant, and it is unclear what "intent" or "notice" Waymo refers to.  To the extent it is notice of receipt by Padilla and/or Yoo, such notice is irrelevant to any of the remaining trade secret claims or issues to be tried to the jury in this case.<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for Ms. Padilla and Ms. Yoo.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 7 | August 23, 2017 email | Angela Padilla | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D)**:  Statement not made pursuant to any agency relationship. Mr. Jacobs's lawyer is not and has never been Uber's agent.<br><br>Also, Ms. Padilla cannot sponsor Randall Lee's email because she was not included on it.<br><br>**FRE 402/403**:  Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Jacobs Dep. at 179:11– |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | 180:13; Chang Decl. Ex. 28 at CFL000300.)<br><br>Further, Waymo has made no showing that this email is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. The "state of mind" of the lawyers who wrote these emails is irrelevant, and any "intent" or "notice" is irrelevant to any of the remaining trade secret claims or issues in this case.<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosure for Ms. Padilla.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 8 | December 21, 2017 log of Angela Padilla communications | *Court ordered response— No witness necessary* | **FRE 801(d)(2)(A):** Admission of party opponent | **FRE 801(d)(2)(A):**  Privilege logs are not evidence.  *Old Republic Ins. Co.v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, No. 03-c-5238, 2006 WL 3782994, at *12-13 (N.D. Ill. Dec. 21, 2006); *see also Knorr-Bremse Sys. Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) ("no adverse inference shall arise from invocation of the attorney-client and/or work product privilege").<br><br>Additionally, Waymo provides no authority or argument for the proposition that a court-ordered response is admissible or that no sponsoring witness is necessary.<br><br>**Precluded by Uber MIL 2.**  (Dkt. 874 at 3, ¶ 9.) |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | **FRE 402/403**:  Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Also unfair prejudice and misleading the jury because the jury should not be speculating about what was in privileged communications.  Moreover, the Special Master found that the Jacobs resignation email and settlement agreement were not responsive to any document request. (Dkt. 2396 at 2-3, 18.) |
| 9 | December 12, 2017 log of MoFo communications | *Court ordered response— No witness necessary* | **FRE 801(d)(2)(A)**: Admission of party opponent | **FRE 801(d)(2)(A)**:  Privilege logs are not evidence. *Old Republic Ins. Co.v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, No. 03-c-5238, 2006 WL 3782994, at *12-13 (N.D. Ill. Dec. 21, 2006); *see also Knorr-Bremse Sys. Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) ("no adverse inference shall arise from invocation of the attorney-client and/or work product privilege"). <br><br>Additionally, Waymo provides no authority or argument for the proposition that a court-ordered response is admissible or that no sponsoring witness is necessary. <br><br>**Precluded by Uber MIL 2.**  (Dkt. 874 at 3, ¶ 9.) <br><br>**FRE 402/403**:  Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Also unfair prejudice and misleading the jury because the jury should not be speculating about what was in privileged communications. Moreover, the Special Master found that the Jacobs resignation email and settlement agreement were not responsive to any document request. (Dkt. 2396 at 2-3, 18.) |
| 10 | December 16, 2017 log of MoFo communications | *Court ordered response— No witness necessary* | **FRE 801(d)(2)(A)**: Admission of party opponent | **FRE 801(d)(2)(A)**: Privilege logs are not evidence. *Old Republic Ins. Co.v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, No. 03-c-5238, 2006 WL 3782994, at *12-13 (N.D. Ill. Dec. 21, 2006); *see also Knorr-Bremse Sys. Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) ("no adverse inference shall arise from invocation of the attorney-client and/or work product privilege").<br><br>Additionally, Waymo provides no authority or argument for the proposition that a court-ordered response is admissible or that no sponsoring witness is necessary.<br><br>**Precluded by Uber MIL 2.** (Dkt. 874 at 3, ¶ 9.)<br><br>**FRE 402/403**: Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Jacobs Dep. at 179:11– |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | 180:13; Chang Decl. Ex. 28 at CFL000300.) Also unfair prejudice and misleading the jury because the jury should not be speculating about what was in privileged communications. Moreover, the Special Master found that the Jacobs resignation email and settlement agreement were not responsive to any document request. (Dkt. 2396 at 2-3, 18.) |
| 11 | Waymo's Interrogatory No. 1. | *Written Discovery— No witness necessary* | The document has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | Waymo has made no showing that this response is admissible under the Federal Rules of Evidence. *See* Fed. R. Civ. P. 33(c) ("An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence."). <br><br> **FRE 402/403**: Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) The Special Master also found that the resignation email and settlement agreement were not responsive to any document request. (Dkt. 2396 at 2-3, 18.) <br><br> Waymo has made no showing that this interrogatory is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. Regardless, any "state of mind," "intent" or "notice" is irrelevant to any of the remaining trade secret claims or issues in this case. |
| 12 | Defendants' | *Court ordered* | **FRE 801(d)(2)(A)**: | Responses to document requests are not evidence. *See* |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | Responses and Objections to Waymo's RFPs | *response— No witness necessary* | Admission of party opponent | *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("arguments and statements of counsel are not evidence")(internal quotation marks omitted); Weinstein & Berger, Weinstein's Evid. Manual § 15.02[2] (2017) ("an attorney's arguments generally are not statements of a party opponent under Rule 801(d)(2)"). <br><br> **FRE 402/403**: Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) |
| 13 | Competitive intelligence collection document | Mat Henley Ed Russo Nick Gicinto Jake Nocon Craig Clark | **FRE 801(d)(2)(D)**: Admission of party opponent agent <br><br> **FRE 803(6)**: Business record | **FRE 805**: This document contains **multiple layers of hearsay** as it includes third-party quotations and summarizes publicly-available information of unspecified provenance. *See U.S. v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006) (excluding as hearsay "summaries, notes, and memoranda" of interviews done as part of an internal investigation by third party law firm as "hearsay-upon-hearsay"). <br><br> **FRE 801(d)(2)(D)**: No objection as to the document itself. The embedded hearsay statements are not admissions of party opponent agents. <br><br> **FRE 803(6)**: No objection as to the document itself. The embedded hearsay statements are not business records. <br><br> **FRE 402/403**: Irrelevant, confusing the issues, misleading |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case.<br><br>Also, Waymo has not moved to amend its trial witness list to add any of its proposed sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 14 | Autonomous vehicle market aliases | Mat Henley Ed Russo Nick Gicinto Jake Nocon Craig Clark | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>**FRE 803(6)**: Business record<br><br>No truth asserted by document | **FRE 801(d)(2)(D)**: No objection.<br><br>**FRE 803(6)**: No objection.<br><br>**FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | nothing to do with the trade secret claims and issues to be tried to the jury in this case. <br><br> Contrary to Waymo's claim, the document *does* assert truths and is only relevant, even accepting Waymo's position that the Jacobs allegations in general are relevant, for the truth of the matter asserted. Waymo will rely on the document, if at all, only to establish that Uber in fact used aliases for competitors as asserted on the face of the document. <br><br> Moreover, unlike other documents in Appendix A, Waymo does not claim that this "document has relevance for issues other than the truth of its contents such as notice, intent, and state of mind." Having taken the position that this document does not assert any truth, but having *not* taken the position that this document is relevant for something other than the truth of the matter asserted, Waymo has conceded that the document is irrelevant and thus inadmissible. F. R. Evid. 402 ("Irrelevant evidence is not admissible."). <br><br> Also, Waymo has not moved to amend its trial witness list to add any of its proposed sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 15 | Email chain: [ATC] | Lior Ron <br> Eric Meyhofer | **FRE 801(d)(2)(D):** Admission of party opponent | **FRE 805:** This email contains **multiple layers of hearsay** as it summarizes publicly-available articles and websites. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | Competitive Intelligence Update: Week Ending 10/21/2016 | | agent | *See, e.g., Asetek Danmark A/S v. CMI USA, Inc.*, No. 13-CV-00457-JST, 2014 WL 12644295, at *2 (N.D. Cal. Nov. 19, 2014) ("Statements reported in magazine articles and newspapers are hearsay if offered to prove the truth of the matter asserted. Similarly, statements taken from the internet are hearsay when offered to prove the truth of the matter asserted.") (internal citations omitted). <br><br> **FRE 801(d)(2)(D)**: No objection as to the document itself. The embedded hearsay statements are not admissions of party opponent agents. <br><br> **FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case. <br><br> Moreover, Waymo has not moved to amend its Rule 26 subject matter disclosures for Messrs. Ron or Meyhofer. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| 16 | October 26, 2016 email | Scott [Boehmke] | [FRE 801(d)(2)(D): Admission of party opponent agent] | [FRE 801(d)(2)(D): No objection.]<br><br>Uber objects to this document because Waymo has not advanced any admission plan for it. For the Court's benefit, Uber has responded to what it guesses Waymo's admission plan would be, if Waymo had provided one.<br><br>FRE 402/403: Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case.<br><br>Moreover, "Uber objects on the basis that this exhibit has nothing to do with the Jacobs allegations and is therefore irrelevant to the issues presently before the Court. |
| 17 | Email chain: Strategic Intel | Richard Jacobs | FRE 801(d)(2)(D): Admission of party opponent agent | FRE 801(d)(2)(D): No objection.<br><br>FRE 402/403: Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case.<br><br>Additionally, Waymo has not moved to amend its trial witness list to add Richard Jacobs. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 18 | December 2016 SSG competitive intelligence update | Mat Henley Ed Russo Nick Gicinto Jake Nocon Craig Clark | **FRE 801(d)(2)(D):** Admission of party opponent agent | **FRE 801(d)(2)(D)**: No objection.<br><br>**FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case.<br><br>Additionally, Waymo has not moved to amend its trial witness list to add these sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 19 | January 27, 2017 | Lior Ron<br>Mat Henley | FRE 801(d)(2)(D): Admission of party opponent agent | **FRE 801(d)(2)(D)**: No objection.<br><br>**FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case.<br><br>Also, Waymo has not moved to amend its trial witness list to add Mr. Henley, or to amend its Rule 26 subject matter disclosure for Mr. Ron. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 20 | Calendar Invite | Lior Ron<br>Mat Henley<br>Nick Gicinto | FRE 801(d)(2)(D): Admission of party opponent agent | **FRE 801(d)(2)(D)**: No objection.<br><br>**FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case.<br><br>Also, Waymo has not moved to amend its trial witness list to add Messrs. Henley or Gicinto, or to amend its Rule 26 subject matter disclosure for Mr. Ron. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 21 | February 7, 2017 memorandum | Lior Ron<br>Mat Henley<br>Craig Clark<br>Nick Gicinto<br>Ed Russo | **FRE 801(d)(2)(D):** Admission of party opponent agent<br><br>**FRE 803(6):** Business record | **FRE 801(d)(2)(D):**  No objection.<br><br>**FRE 803(6):**  No objection.<br><br>**FRE 402/403:**  Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | | | | nothing to do with the trade secret claims and issues to be tried to the jury in this case. Also, Waymo has not moved to amend its trial witness list to add Messrs. Henley, Clark, Gicinto, or Russo, or to amend its Rule 26 subject matter disclosure for Mr. Ron. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 22 | February 15, 2017 memorandum | Lior Ron Mat Henley Nick Gicinto | **FRE 801(d)(2)(D)**: Admission of party opponent agent **FRE 803(6)**: Business record | **FRE 801(d)(2)(D)**: No objection. **FRE 803(6)**: No objection. **FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case. Also, Waymo has not moved to amend its trial witness list to add Messrs. Henley, or Gicinto, or to amend its Rule 26 subject matter disclosure for Mr. Ron. *See* Fed. R. Civ. P. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 23 | Priorities of effort document | Mat Henley<br>Ed Russo<br>Nick Gicinto<br>Jake Nocon | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>**FRE 803(6)**: Business record | **FRE 801(d)(2)(D)**:  No objection.<br><br>**FRE 803(6)**:  No objection.<br><br>**FRE 402/403**:  Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case.<br><br>Also, Waymo has not moved to amend its trial witness list to add Messrs. Henley, Russo, Gicinto, or Nocon. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| 24 | January 18, 2017 memorandum | Mat Henley<br>Ed Russo<br>Nick Gicinto<br>Jake Nocon | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>**FRE 803(6)**: Business record | **FRE 805**: This document contains **multiple layers of hearsay** as it recounts statements attributed to third parties and embeds documents created by third parties. *See U.S. v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006) (excluding as hearsay "summaries, notes, and memoranda" of interviews done as part of an internal investigation by third party law firm as "hearsay-upon-hearsay").<br><br>**FRE 801(d)(2)(D)**: No objection as to the document itself. The embedded hearsay statements are not admissions of party opponent agents.<br><br>**FRE 803(6)**: No objection as to the document itself. The embedded hearsay statements are not business records.<br><br>**FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case.<br><br>Also, Waymo has not moved to amend its trial witness list to add any of its proposed sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 25 | SSG video | Mat Henley<br>Ed Russo<br>Nick Gicinto<br>Jake Nocon | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>**FRE 803(3)**: Present sense impression<br><br>**FRE 803(6)**: Business record | **FRE 805**: This video contains **multiple layers of hearsay** as it depicts identifying markings, signage, etc. that are themselves assertive statements.<br><br>**FRE 801(d)(2)(D)**: No objection as to the video itself and the competent statements of Uber employees on matters within the scope of their employment. The embedded hearsay statements and speculation on topics outside the scope of the speakers' employment are not admissions of party opponent agents.<br><br>**FRE 803(3)**: No objection as to the limited portions of the video's audio track that contain contemporaneous descriptions of things being perceived. The video itself is not a present sense impression.<br><br>**FRE 803(6)**: No objection as to the video itself. The embedded hearsay statements and admissions are not business records.<br><br>**FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case.  The risk of prejudice to Uber is heightened—and the probative value vastly diminished—as to the speculative commentary included in the video's audio track.  Waymo's Offer of Proof makes no substantive reference to this video, yet highlights such irrelevant speculation in Exhibit 26, demonstrating that Waymo intends to rely on these videos specifically for their prejudicial rather than probative value. (Dkt. 2466-3 at 17:3-16.)<br><br>Also, Waymo has not moved to amend its trial witness list to add any of its proposed sponsoring witnesses.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.").  Further, without these witnesses, Waymo is unable to authenticate this exhibit. |
| 26 | SSG video | Mat Henley<br>Ed Russo<br>Nick Gicinto<br>Jake Nocon | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>**FRE 803(3)**: Present sense impression<br><br>**FRE 803(6)**: Business record | **FRE 805**:  This video contains **multiple layers of hearsay** as it depicts identifying markings, signage, etc. that are themselves assertive statements.<br><br>**FRE 801(d)(2)(D)**:  No objection as to the video itself and the competent statements of Uber employees on matters within the scope of their employment.  The embedded hearsay statements and speculation on topics outside the scope of the speakers' employment are not admissions of |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | party opponent agents.<br><br>**FRE 803(3)**: No objection as to the limited portions of the video's audio track that contain contemporaneous descriptions of things being perceived. The video itself is not a present sense impression.<br><br>**FRE 803(6)**: No objection as to the video itself. The embedded hearsay statements and admissions are not business records.<br><br>**FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case. The risk of prejudice to Uber is heightened—and the probative value vastly diminished—as to the speculative commentary included in the video's audio track. Waymo has already highlighted such irrelevant speculation in its Offer of Proof, demonstrating that Waymo intends to rely on this video specifically for its prejudicial rather than probative value. (Dkt. 2466-3 at 17:3-16.)<br><br>Also, Waymo has not moved to amend its trial witness list to add any of its proposed sponsoring witnesses. *See* Fed. R. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.").  Further, without these witnesses, Waymo is unable to authenticate this exhibit. |
| 27 | Virtual Ops capability playbook | Mat Henley Nick Gicinto Jake Nocon | **FRE 801(d)(2)(D)**: Admission of party opponent agent  **FRE 803(6)**: Business record | **FRE 801(d)(2)(D)**:  No objection.  **FRE 803(6)**:  No objection.  **FRE 402/403**:  Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case.  Additionally, Waymo has not moved to amend its trial witness list to add these sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| 28 | December 4, 2017: Uber Inventory of Non-Attributable Devices | *Court ordered response— No witness necessary* | **FRE 801(d)(2)(A):** Admission of party opponent | **FRE 801(d)(2)(A):** No objection.<br><br>However, Waymo provides no authority that a court-ordered response is admissible or that no sponsoring witness is necessary.<br><br>**FRE 402/403:** Irrelevant, substantially more prejudicial than probative, confusing the issues, misleading, and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, it is undisputed that there is no evidence that any non-attributable devices were used by Uber's self-driving car team. (*See* Waymo OOP at 19-20.) |
| 29 | December 22, 2017: Uber Inventory of Non-Attributable Devices | *Court ordered response— No witness necessary* | **FRE 801(d)(2)(A):** Admission of party opponent | **FRE 801(d)(2)(A):** No objection.<br><br>However, Waymo provides no authority that a court-ordered response is admissible or that no sponsoring witness is necessary.<br><br>**FRE 402/403:** Irrelevant, substantially more prejudicial than probative, confusing the issues, misleading, and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | | | | 28 at CFL000300.)  Moreover, it is undisputed that there is no evidence that any non-attributable devices were used by Uber's self-driving car team.  (*See* Waymo OOP at 19-20.) |
| 30 | December 4, 2017: Uber Inventory of Ephemeral Messaging Users | *Court ordered response— No witness necessary* | **FRE 801(d)(2)(A)**: Admission of party opponent | **FRE 801(d)(2)(A)**:  No objection.<br><br>However, Waymo provides no authority that a court-ordered response is admissible or that no sponsoring witness is necessary.<br><br>**FRE 402/403**:  Irrelevant, substantially more prejudicial than probative, confusing the issues, misleading, and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.)  Moreover, there is no evidence that ephemeral messaging was used to discuss Ottomotto, LiDAR, or anything else relevant to the claims or issues to be tried to the jury in this case.  (Chang Decl. Ex. 20, Ron 30(b)(6) 12/12/2017 Dep. at 342:21–25, 354:7–22, 378:5–379:9; Chang Decl. Ex. 6, Haimovici 30(b)(6) Dep. at 20:20–7, 183:19–184:6.) |
| 31 | December 22, 2017: Uber Inventory of Ephemeral | *Court ordered response— No witness necessary* | **FRE 801(d)(2)(A)**: Admission of party opponent | **FRE 801(d)(2)(A)**:  No objection.<br><br>However, Waymo provides no authority that a court-ordered response is admissible or that no sponsoring witness is |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | Messaging Users | | | necessary.<br><br>**FRE 402/403**:  Irrelevant, substantially more prejudicial than probative, confusing the issues, misleading, and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.)  Moreover, there is no evidence that ephemeral messaging was used to discuss Ottomotto, LiDAR, or anything else relevant to the claims or issues to be tried to the jury in this case. (Chang Decl. Ex. 20, Ron 30(b)(6) 12/12/2017 Dep. at 342:21–25, 354:7–22, 378:5–379:9; Chang Decl. Ex. 6, Haimovici 30(b)(6) Dep. at 20:20–7, 183:19–184:6.) |
| 32 | January 9, 2017 email | Lior Ron<br>Travis Kalanick<br>Angela Padilla<br>Salle Yoo | **FRE 801(d)(2)(D)**: Admission of party opponent agent | **FRE 801(d)(2)(A)**:  No objection.<br><br>**FRE 402/403**:  Irrelevant, substantially more prejudicial than probative, confusing the issues, misleading, and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.)  Moreover, there is no evidence that ephemeral messaging was used to discuss Ottomotto, LiDAR, or anything else relevant to the claims or issues to be tried to the jury in this case. (Chang Decl. Ex. 20, Ron |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | 30(b)(6) 12/12/2017 Dep. at 342:21–25, 354:7–22, 378:5–379:9; Chang Decl. Ex. 6, Haimovici 30(b)(6) Dep. at 20:20–7, 183:19–184:6.)<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosure for these witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 33 | January 5, 2017: Defendant Uber Technologies, Inc.'s [*sic*] Response To Court Ordered Interrogatory | *Court ordered response— No witness necessary* | **FRE 801(d)(2)(A)**: Admission of party opponent | **FRE 801(d)(2)(A)**: This is Waymo's response to Judge Corley's January 4, 2018 order (Dkt. 2454); it is not a statement by a party opponent. Waymo cannot introduce its own discovery into evidence. |
| 34 | February 21, 2017 email | Lior Ron Mat Henley | **FRE 801(d)(2)(D)**: Admission of party opponent agent | **FRE 801(d)(2)(A)**: No objection.<br><br>**FRE 402/403**: Irrelevant, substantially more prejudicial than probative, confusing the issues, misleading, and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | | | | Ex. 28 at CFL000300.)  Moreover, there is no evidence that ephemeral messaging was used to discuss Ottomotto, LiDAR, or anything else relevant to the claims or issues to be tried to the jury in this case.  (Chang Decl. Ex. 20, Ron 30(b)(6) 12/12/2017 Dep. at 342:21–25, 354:7–22, 378:5–379:9; Chang Decl. Ex. 6, Haimovici 30(b)(6) Dep. at 20:20–7, 183:19–184:6.)<br><br>Also, Waymo has not moved to amend its trial witness list to add Mr. Henley, or to amend its Rule 26 subject matter disclosure for Mr. Ron.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 35 | February 21, 2017 email | Lior Ron | **FRE 801(d)(2)(D)**: Admission of party opponent agent | **FRE 801(d)(2)(A)**:  No objection.<br><br>**FRE 402/403**:  Irrelevant, substantially more prejudicial than probative, confusing the issues, misleading, and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.)  Moreover, there is no evidence that ephemeral messaging was used to discuss Ottomotto, LiDAR, or anything else relevant to the claims or issues to be tried to the jury in this case.  (Chang Decl. Ex. 20, Ron 30(b)(6) 12/12/2017 Dep. at 342:21–25, 354:7–22, 378:5– |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | | | | 379:9; Chang Decl. Ex. 6, Haimovici 30(b)(6) Dep. at 20:20–7, 183:19–184:6.)<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosure for Mr. Ron. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 36 | Legal Overview Presentation | Richard Jacobs<br>Craig Clark<br>Angela Padilla<br>Mat Henley<br>Nick Gicinto<br>Ed Russo<br>Jake Nocon | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>**FRE 803(6)**: Business record | **FRE 801(d)(2)(D)**:  No objection.<br><br>**FRE 803(6)**:  No objection.<br><br>**FRE 402/403**:  Irrelevant, substantially more prejudicial than probative, confusing the issues, misleading, and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.)  This exhibit also contains findings from other lawsuits at UBER00340316 to -319 that should be excluded as irrelevant, unfairly prejudicial, confusing, and misleading. Indeed, these issues have already been excluded. (Dkt. 775, 6/29/17 Hr'g Tr. at 4:8-5:6 ("We're not going to tell the jury that Uber is plagued with all of these problems that it has from sexual harassment, to Greyball, and all of those other bad acts, unless Uber opens the door by saying that it's a good corporate citizen. . . . That's very clear. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | We're not going to waste your time and my time on that. We've got more important fish to fry.").)<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosure for Ms. Padilla, or to amend its trial witness list to add these other witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 37 | February 19, 2016 email | Mat Henley<br>Joe Sullivan<br>Travis Kalanick | **FRE 801(d)(2)(D)**: Admission of party opponent agent | **FRE 805**: This document contains multiple layers of hearsay as it recounts statements attributed to third parties and embeds documents created by third parties. *See U.S. v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006) (excluding as hearsay "summaries, notes, and memoranda" of interviews done as part of an internal investigation by third party law firm as "hearsay-upon-hearsay").<br><br>**FRE 801(d)(2)(D)**: No objection.<br><br>**FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | tried to the jury in this case.<br><br>Additionally, Waymo has not moved to amend its trial witness list to add Messrs. Henley or Sullivan, or to amend its Rule 26 subject matter disclosure for Mr. Kalanick. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 38 | March 25, 2016 email | Travis Kalanick<br>Salle Yoo | **FRE 801(d)(2)(D):** Admission of party opponent agent | **FRE 801(d)(2)(D):** No objection.<br><br>**FRE 402/403:** Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.)<br><br>Additionally, Waymo has not moved to amend its Rule 26 subject matter disclosures for Mr. Kalanick or Ms. Yoo. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| 39 | Calendar Invite | Mat Henley<br>Nick Gicinto<br>Lior Ron | FRE 801(d)(2)(D): Admission of party opponent agent<br><br>The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | FRE 801(d)(2)(D): No objection.<br><br>FRE 402/403: Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case.<br><br>Additionally, Waymo has not moved to amend its trial witness list to add Messrs. Henley or Gincinto as witnesses, or to amend its Rule 26 subject matter disclosure for Mr. Ron. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.").<br><br>Waymo has made no showing that this calendar invite is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. To the extent it is notice of receipt of this calendar invite, such notice is irrelevant to any of the remaining trade secret claims or issues to be tried to the jury in this case. |
| 40 | Former in-house | Angela Padilla | FRE 801(d)(2)(B): adoptive | FRE 805: This demand letter contains **multiple layers of** |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | attorney demand letter | Salle Yoo<br>Travis Kalanick | admission based on Uber's subsequent investigation and remedial action<br><br>**FRE 807**: residual exception<br><br>The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **hearsay** as it contains the former in-house attorney's personal lawyer's hearsay summary of the former in-house attorney's own hearsay statements to her personal lawyer. *See U.S. v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006) (excluding as hearsay "summaries, notes, and memoranda" of interviews done as part of an internal investigation by third party law firm as "hearsay-upon-hearsay").<br><br>**FRE 801(d)(2)(B)**: Waymo has made no showing that Uber manifested an adoption or belief in the truth of any statement in the former in-house attorney's personal lawyer's demand letter as required under FRE 801(d)(2)(B). *First*, Waymo has failed to comply with the Court's order that it "specifically explain" how it would overcome the hearsay objection. The former in-house attorney's personal lawyer's demand letter makes assertions about a variety of topics, but Waymo makes no identification of what supposed "remedial action" allegedly constituted an adoption of any particular allegation in the former in-house attorney's personal lawyer's demand letter. *Second*, Waymo's theory that Uber's mere *investigation* of the former in-house attorney's personal lawyer's allegations constituted an adoption is flatly absurd—and Waymo does not even identify any such investigation. FRE 801(d)(2)(B) applies only to a statement that a "party manifested that it adopted or believed to be true."<br><br>**FRE 807**: Waymo has made no showing that the requirements of FRE 807 are satisfied. For example, Waymo has not shown that this document has circumstantial |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | guarantees of trustworthiness. *See* Fed. R. Evid. 807(a)(1). Contrary to other forms of evidence that have been admitted under this exception, the statements within this document were not made under oath, nor were they recorded in any way that would allow the Court or jury an opportunity to view the declarant's demeanor. *See In re Mbunda*, 604 F. App'x 552, 554-55 (9th Cir. 2015); *U.S. v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012); *Estate of Naharro v. Cty. of Santa Clara*, No. 14-cv-04570-BLF, 2016 WL 6248957, at *2 n.3 (N.D. Cal. Oct. 26, 2016) (holding that statements in police interview did not make requisite showing of trustworthiness). Moreover, the former in-house attorney's personal lawyer's demand letter is just that: a demand letter. It is adversarial and persuasive writing grounded largely in speculation, wholly lacking circumstantial guarantees of trustworthiness. <br><br> Further, Waymo has not shown how these statements are "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(3). <br><br> **FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the former in-house attorney's allegations have nothing to do with the trade secret claims and issues to be tried to the jury in this case. This is especially the case here where ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ was not raised in the Jacobs demand letter. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | Waymo has made no showing that this demand letter is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything.  The "state of mind" of the lawyer who wrote this letter is not relevant, and it is unclear what "intent" or "notice" Waymo refers to.  To the extent it is notice of receipt by someone, such notice is irrelevant to any of the claims or issues to be tried to the jury.<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for the sponsoring witnesses.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 41 | Former in-house attorney demand letter | Angela Padilla Salle Yoo Travis Kalanick | **FRE 801(d)(2)(B)**: adoptive admission based on Uber's subsequent investigation and remedial action<br><br>**FRE 807**: residual exception<br><br>The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 805**:  This demand letter contains **multiple layers of hearsay** as it contains the former in-house attorney's personal lawyer's hearsay summary of the former in-house attorney's own hearsay statements to her personal lawyer.  *See U.S. v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006) (excluding as hearsay "summaries, notes, and memoranda" of interviews done as part of an internal investigation by third party law firm as "hearsay-upon-hearsay").<br><br>**FRE 801(d)(2)(B)**:  Waymo has made no showing that Uber manifested an adoption or belief in the truth of any statement in the former in-house attorney's personal lawyer's demand letter as required under FRE 801(d)(2)(B).  *First*, Waymo has failed to comply with the Court's order that it |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
|  |  |  |  | "specifically explain" how it would overcome the hearsay objection.  The former in-house attorney's personal lawyer's demand letter makes assertions about a variety of topics, but Waymo makes no identification of what supposed "remedial action" allegedly constituted an adoption of any particular allegation in the former in-house attorney's personal lawyer's demand letter.  *Second*, Waymo's theory that Uber's mere *investigation* of the former in-house attorney's personal lawyer's allegations constituted an adoption is flatly absurd—and Waymo does not even identify any such investigation. FRE 801(d)(2)(B) applies only to a statement that a "party manifested that it adopted or believed to be true."<br><br>**FRE 807:**  Waymo has made no showing that the requirements of FRE 807 are satisfied.  For example, Waymo has not shown that this document has circumstantial guarantees of trustworthiness.  *See* Fed. R. Evid. 807(a)(1).  Contrary to other forms of evidence that have been admitted under this exception, the statements within this document were not made under oath, nor were they recorded in any way that would allow the Court or jury an opportunity to view the declarant's demeanor.  *See In re Mbunda*, 604 F. App'x 552, 554-55 (9th Cir. 2015); *U.S. v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012); *Estate of Naharro v. Cty. of Santa Clara*, No. 14-cv-04570-BLF, 2016 WL 6248957, at *2 n.3 (N.D. Cal. Oct. 26, 2016) (holding that statements in police interview did not make requisite showing of trustworthiness).  Moreover, the former in-house attorney's personal lawyer's demand letter is just that: a demand letter. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
|  |  |  |  | It is adversarial and persuasive writing grounded largely in speculation, wholly lacking circumstantial guarantees of trustworthiness. <br><br> Further, Waymo has not shown how these statements are "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(3). <br><br> **FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the former in-house attorney's allegations have nothing to do with the trade secret claims and issues to be tried to the jury in this case. This is especially the case here where ▇▇▇▇▇ was not raised in the Jacobs demand letter. <br><br> Waymo has made no showing that this demand letter is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. The "state of mind" of the lawyer who wrote this letter is not relevant, and it is unclear what "intent" or "notice" Waymo refers to. To the extent it is notice of receipt by someone, such notice is irrelevant to any of the claims or issues to be tried to the jury. <br><br> Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for the sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 42 | Settlement agreement with former in-house attorney | Angela Padilla Salle Yoo Travis Kalanick | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>**FRE 803(6)**: Business record<br><br>The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D)**: Waymo has made no showing that a settlement agreement is an admission. No objection to the limited extent that the agreement contains factual assertions.<br><br>**FRE 803(6)**: No objection.<br><br>**FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the former in-house attorney's allegations and the resulting settlement have nothing to do with the trade secret claims and issues to be tried to the jury in this case. This is especially the case here where ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was not raised in the Jacobs demand letter.<br><br>Waymo has made no showing that this agreement is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. The "state of mind" of the lawyers who wrote this agreement is not relevant, and it is unclear what "intent" or "notice" Waymo refers to. To the extent it is notice of receipt by someone, such notice is irrelevant to any of the claims or issues to be tried to the jury.<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for the sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 43 | Settlement agreement with former in-house attorney | Angela Padilla Salle Yoo Travis Kalanick | **FRE 801(d)(2)(D)**: Admission of party opponent agent <br><br>**FRE 803(6)**: Business record <br><br>The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D)**:  Waymo has made no showing that a settlement agreement is an admission. No objection to the limited extent that the agreement contains factual assertions. <br><br>**FRE 803(6)**:  No objection. <br><br>**FRE 402/403**:  Irrelevant, confusing the issues, misleading the jury, and wasting time because the former in-house attorney's allegations and the resulting settlement have nothing to do with the trade secret claims and issues to be tried to the jury in this case.  This is especially the case here where ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was not raised in the Jacobs demand letter. <br><br>Waymo has made no showing that this agreement is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything.  The "state of mind" of the lawyers who wrote this agreement is not relevant, and it is unclear what "intent" or "notice" Waymo refers to.  To the extent it is notice of receipt by someone, such notice is irrelevant to any of the claims or issues to be tried to the jury. <br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for the sponsoring witnesses.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | | | | evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 44 | Performance review of former in-house attorney | Angela Padilla Salle Yoo | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>**FRE 803(6)**: Business record<br><br>The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D)**:  No objection.<br><br>**FRE 803(6)**:  No objection.<br><br>**FRE 402/403**:  Irrelevant, confusing the issues, misleading the jury, and wasting time because the former in-house attorney's allegations and related issues have nothing to do with the trade secret claims and issues to be tried to the jury in this case.  This is especially the case here where ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ was not raised in the Jacobs demand letter.<br><br>Waymo has made no showing that this agreement is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything.  The "state of mind" of the personnel who wrote this review is not relevant, and it is unclear what "intent" or "notice" Waymo refers to.  To the extent it is notice of receipt by someone, such notice is irrelevant to any of the claims or issues to be tried to the jury.<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for the sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| 45 | Competitive intelligence report | Joe Sullivan<br>Richard Jacobs<br>Craig Clark<br>Mat Henley<br>Nick Gicinto<br>Ed Russo<br>Jake Nocon | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>**FRE 803(6)**: Business record | **FRE 805**:  This document contains **multiple layers of hearsay** to the extent that it summarizes information gathered from public sources.  It also embeds photographs that require additional authentication.<br><br>**FRE 801(d)(2)(D)**:  No objection as to the document itself. The embedded hearsay statements are not admissions of party opponent agents.<br><br>**FRE 803(6)**:  No objection as to the document itself. The embedded hearsay statements are not business records.<br><br>**FRE 402/403**:  Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case.<br><br>Also, Waymo has not moved to amend its trial witness list to add any of its proposed sponsoring witnesses.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| 48 | Supplemental Response to Waymo Interrogatory No. 1 | *Court ordered response— No witness necessary* | **FRE 801(d)(2)(A)**: Admission of party opponent | Waymo has made no showing that this response is admissible under the Federal Rules of Evidence.  *See* Fed. R. Civ. P. 33(c) ("An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence."). <br><br> **FRE 402/403**:  Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.)  The Special Master also found that the resignation email and settlement agreement were not responsive to any document request.  (Dkt. 2396 at 2-3, 18.) |
| 49 | January 26, 2017 email | Joe Sullivan Mat Henley Craig Clark | **FRE 801(d)(2)(D)**: Admission of party opponent agent <br><br> The document also relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D)**:  No objection. <br><br> **FRE 402/403**:  Irrelevant, confusing the issues, misleading the jury, and wasting time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.)  Moreover, Uber's competitive intelligence gathering has nothing to do with the trade secret claims and issues to be tried to the jury in this case. <br><br> Also, Waymo has not moved to amend its trial witness list to add any of its proposed sponsoring witnesses.  *See* Fed. R. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). <br><br> Waymo has made no showing that this email is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. Regardless, any such state of mind, intent or notice is irrelevant to any of the remaining trade secret claims or issues to be tried to the jury in this case. <br><br> Additionally, Waymo has not moved to amend its trial witness list to add these sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 50 | August 18, 2016 email | Eric Friedberg Mary Fulginiti John Gardner | **FRE 801(d)(2)(D)**: Admission of party opponent agent <br><br> **FRE 801(d)(2)(E)**: Admission authorized by party opponent agent <br><br> The document also relevance for issues other than the truth | **FRE 801(d)(2)(D)**:  No objection. <br><br> **FRE 801(d)(2)(E)**:  Waymo has made no showing that the requirements of this exception are met. *See U.S. v. Fielding*, 645 F.2d 719, 726 (9th Cir. 1981) (this exception "requires a foundation to be laid to show that (1) the declaration was in furtherance of the conspiracy, (2) it was made during the pendency of the conspiracy, and (3) there is independent proof of the existence of the conspiracy and of the defendant's connection with the conspiracy"); *Sanai v.* |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | of its contents such as notice, intent, and state of mind | *Sanai*, No. C02-2165Z 2005 WL 1172437, at *11 (W.D. Wash. May 18, 2005) (801(d)(2)(E) does not permit introduction of statements justified by "conclusory allegations" of conspiracy "unsupported by evidence or facts"). <br><br> **FRE 402/403**: Irrelevant, substantially more prejudicial than probative, confusing the issues, misleading, and a waste of time. <br><br> Waymo has made no showing that this email is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. Regardless, any such state of mind, intent or notice is irrelevant to any of the remaining trade secret claims or issues to be tried to the jury in this case. <br><br> Mary Fulginiti cannot be a sponsoring witness because she is not within the Court's subpoena power and was not asked about this document at her deposition. John Gardner also cannot be a sponsoring witness for this exhibit because he only received the first email in the chain. |
| 51 | Amended privilege log associated with Stroz Friedberg production | *Court ordered response— No witness necessary*; | **FRE 801(d)(2)(A)**: Admission of party opponent <br><br> The document also relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(A)**: Privilege logs are not evidence. *Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, No. 03-c-5238, 2006 WL 3782994, at *12-13 (N.D. Ill. Dec. 21, 2006); *see also Knorr-Bremse Sys. Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) ("no adverse inference shall arise from invocation of the attorney-client and/or work product privilege"). There are also no party admissions in this log. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | Additionally, Waymo provides no authority or argument for the proposition that a court-ordered response is admissible or that no sponsoring witness is necessary.<br><br>**Precluded by Uber MIL 2.** (Dkt. 874 at 3, ¶ 9.)<br><br>**FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time.<br><br>Waymo has made no showing that this privilege log is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything in the 6,509 entries in this log. |
| 52 | Eric Tate Declaration | *Court ordered response— No witness necessary*; alternatively Arturo Gonzalez or Eric Tate | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>**FRE 801(d)(2)(E)**: Admission authorized by party opponent agent | **FRE 801(d)(2)(D)**: Waymo has made no showing that this declaration is a party admission. To the contrary, the declaration was provided by the lawyer in his personal capacity in lieu of a personal deposition. Hearsay does not become admissible just because it is placed in a declaration. *See Tongil Co. v. Vessel "Hyundai Innovator"*, 968 F.2d 999, 999 (9th Cir. 1992) (holding it was an abuse of discretion for the trial court to allow a party to use declarations to authenticate business records because the declarations were hearsay).<br><br>**FRE 801(d)(2)(E)**: Waymo has made no showing that the requirements of this exception are met. *See U.S. v. Fielding*, 645 F.2d 719, 726 (9th Cir. 1981) (this exception "requires a foundation to be laid to show that (1) the declaration was in furtherance of the conspiracy, (2) it was made during the |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|--------------------------------|------------------------------|---------------|
|  |  |  |  | pendency of the conspiracy, and (3) there is independent proof of the existence of the conspiracy and of the defendant's connection with the conspiracy"); *Sanai v. Sanai*, No. C02-2165Z 2005 WL 1172437, at *11 (W.D. Wash. May 18, 2005) (801(d)(2)(E) does not permit introduction of statements justified by "conclusory allegations" of conspiracy "unsupported by evidence or facts"). <br><br> **FRE 402/403**:  Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Also unfair prejudice and misleading the jury because the jury should not be speculating about what was in privileged communications. Moreover, the Special Master found that the Jacobs resignation email and settlement agreement were not responsive to any document request.  (Dkt. 2396 at 2-3, 18.) <br><br> Additionally, Waymo provides no authority or argument for the proposition that a court-ordered response is admissible or that no sponsoring witness is necessary.  Waymo has not moved to amend its Rule 26 subject matter disclosure for Messrs. Gonzalez or Tate.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | | | | unless the failure was substantially justified or is harmless."). |
| 53 | Chuck Duross Declaration | *Court ordered response— No witness necessary*; alternatively Arturo Gonzalez or Eric Tate | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>**FRE 801(d)(2)(E)**: Admission authorized by party opponent agent | **FRE 801(d)(2)(D):** Waymo has made no showing that this declaration is a party admission. To the contrary, the declaration was provided by the lawyer in his personal capacity in lieu of a personal deposition. Hearsay does not become admissible just because it is placed in a declaration. *See Tongil Co. v. Vessel "Hyundai Innovator"*, 968 F.2d 999, 999 (9th Cir. 1992) (holding it was an abuse of discretion for the trial court to allow a party to use declarations to authenticate business records because the declarations were hearsay).<br><br>**FRE 801(d)(2)(E):** Waymo has made no showing that the requirements of this exception are met. *See U.S. v. Fielding*, 645 F.2d 719, 726 (9th Cir. 1981) (this exception "requires a foundation to be laid to show that (1) the declaration was in furtherance of the conspiracy, (2) it was made during the pendency of the conspiracy, and (3) there is independent proof of the existence of the conspiracy and of the defendant's connection with the conspiracy"); *Sanai v. Sanai*, No. C02-2165Z, 2005 WL 1172437, at *11 (W.D. Wash. May 18, 2005) (801(d)(2)(E) does not permit introduction of statements justified by "conclusory allegations" of conspiracy "unsupported by evidence or facts").<br><br>**FRE 402/403**: Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Also unfair prejudice and misleading the jury because the jury should not be speculating about what was in privileged communications. Moreover, the Special Master found that the Jacobs resignation email and settlement agreement were not responsive to any document request.  (Dkt. 2396 at 2-3, 18.)<br><br>Additionally, Waymo provides no authority or argument for the proposition that a court-ordered response is admissible or that no sponsoring witness is necessary.  Waymo has not moved to amend its trial witness list to add Mr. Duross, or to amend its Rule 26 subject matter disclosure for Messrs. Gonzalez or Tate. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 54 | June 22, 2017 email | Angela Padilla<br>Salle Yoo<br>Mat Henley | **FRE 801(d)(2)(D):** Admission of party opponent agent<br><br>The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D):**  This exception does not apply to the statements in Mr. Clark's email because they were not made regarding matters within scope of employment, *see Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986), but rather by a declarant with conflicting interests and litigating position. S*ee Vardanyan v. Close-Up Int'l, Inc.*, No. CV-06-2243(DGT), 2007 WL 4591821, at *2 (E.D.N.Y. Dec. 28, 2007) (citing *SEC v. Geon Indus., Inc.*, 531 F.2d 39, 43 n.3 (2d Cir. 1976)). |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | **FRE 402/403**: Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.)<br><br>Further, Waymo has made no showing that this email is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. Because the email relates to the Jacobs allegations, any notice, intent or state of mind is irrelevant to any of the remaining trade secret claims or issues to be tried to the jury.<br><br>Moreover, Waymo has not moved to amend its trial witness list to add Mat Henley, or moved to amend its Rule 26 subject matter disclosures for the other sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 55 | Halunen Declaration | Angela Padilla Salle Yoo Richard Jacobs | **FRE 801(d)(2)(B)**: adoptive admission based on Uber's subsequent investigation and remedial action<br><br>**FRE 807**: residual exception | **FRE 801(d)(2)(B)**: Waymo has made no showing that Uber manifested an adoption or belief in the truth of any statement in the former in-house attorney's personal lawyer's declaration, as required under FRE 801(d)(2)(B). *First,* Waymo has failed to comply with the Court's order that it "specifically explain" how it would overcome the hearsay |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | objection.  The Halunen declaration relates solely to Mr Halunen's billing arrangement with Mr. Jacobs and Mr. Halunen's time expended on behalf of Mr. Jacobs. Waymo makes no identification of what supposed "remedial action" allegedly constituted an adoption of any particular statement in the Halunen declaration.  *Second*, Waymo has made no showing that Uber has undertaken any "subsequent investigation and remedial action" of Mr. Halunen's time and billing in the eight days since Mr. Halunen made his declaration. More fundamentally, Waymo's theory that Uber's mere *investigation* of allegations constituted an adoption is flatly absurd.  FRE 801(d)(2)(B) applies only to a statement that a "party manifested that it adopted or believed to be true."  A party does not manifest a belief that a statement is true merely by seeking to learn whether or not the statement is true—a step that Uber has not even taken here.  The Ninth Circuit has discussed with approval an out-of-circuit case where FRE 801(d)(2)(B) was applied to investigative reports when a party acted on the report's recommendations, *after investigation*, as to the veracity of allegations leading to the investigation.  *Transbay Auto Serv., Inc. v. Chevron USA Inc.*, 807 F.3d 1113, 1119 (9th Cir. 2015) (citing *Pilgrim v. Trs. of Tufts Coll.*, 118 F.3d 864, 870 (1st Cir. 1997)).  The Ninth Circuit similarly approved admission under FRE 801(d)(2)(B) when "defendant corporation manifested an adoption of a study conducted by an affiliated, non-employee doctor by submitting it to the FDA in an effort to obtain approval of a drug," *id.* (citing *Grundberg v. Upjohn Co.*, 137 F.R.D. 365, 366 (D. Utah 1991)), and held admission proper where a party had |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | submitted a third-party appraisal in support of a loan application. *Id.* In all of these cases, a party either asserted or assumed that the third-party document *was* true, not merely that parts of it *might be* true, meriting investigation— which again, has not occurred here.<br><br>**FRE 807:** Waymo has made no showing that the requirements of FRE 807 are satisfied. For example, Waymo has not shown that this document has circumstantial guarantees of trustworthiness. *See* Fed. R. Evid. 807(a)(1). Contrary to other forms of evidence that have been admitted under this exception, the statements within this document were not recorded in any way that would allow the Court or jury an opportunity to view the declarant's demeanor. *See In re Mbunda*, 604 F. App'x 552, 554-55 (9th Cir. 2015); *U.S. v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012); *Estate of Naharro v. Cty. of Santa Clara*, No. 14-cv-04570-BLF, 2016 WL 6248957, at *2 n.3 (N.D. Cal. Oct. 26, 2016) (holding that statements in police interview did not make requisite showing of trustworthiness).<br><br>Further, Waymo has not shown how these statements are "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(3).<br><br>**FRE 402/403**: Irrelevant, confusing the issues, misleading the jury, and wasting time because the former in-house attorney's allegations have nothing to do with the trade secret claims and issues to be tried to the jury in this case. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | | Waymo has made no showing that this declaration is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. The "state of mind" of the lawyer who wrote this declaration is not relevant, and it is unclear what "intent" or "notice" Waymo refers to.<br><br>Also, Waymo has not moved to amend its trial witness list to add Richard Jacobs, or moved to amend its Rule 26 subject matter disclosures for the other sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). Waymo also has made no showing that there is any foundation to introduce the document through the proposed sponsoring witnesses. |
| 56 | Jacobs settlement agreement | Angela Padilla Salle Yoo Travis Kalanick Richard Jacobs | **FRE 801(d)(2)(A):** Admission of party opponent<br><br>**FRE 801(d)(2)(D):** Admission of party opponent agent<br><br>**FRE 803(6):** Business record<br><br>The document also has relevance for issues other than the truth of its contents such | **FRE 801(d)(2)(A):** Waymo has made no showing that a settlement agreement is an admission. No objection to the limited extent that the agreement contains factual assertions.<br><br>**FRE 801(d)(2)(D):** Waymo has made no showing that a settlement agreement is an admission. No objection to the limited extent that the agreement contains factual assertions.<br><br>**FRE 803(6):** No objection.<br><br>**FRE 402/403:** Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | | | as notice, intent, and state of mind | as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.)<br><br>Further, Waymo has made no showing that this agreement is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything.  Because the agreement relates to the Jacobs allegations, any notice, intent or state of mind is irrelevant to any of the remaining trade secret claims or issues to be tried to the jury.<br><br>Moreover, Waymo has not moved to amend its trial witness list to add Richard Jacobs, or moved to amend its Rule 26 subject matter disclosures for the other sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 57 | Jacobs consulting agreement | Angela Padilla<br>Salle Yoo<br>Travis Kalanick<br>Richard Jacobs | **FRE 801(d)(2)(A)**: Admission of party opponent<br><br>**FRE 801(d)(2)(D)**: Admission of party opponent agent<br><br>**FRE 803(6)**: Business record | **FRE 801(d)(2)(A)**: Waymo has made no showing that a consulting agreement is an admission. No objection to the limited extent that the agreement contains factual assertions.<br><br>**FRE 801(d)(2)(D)**:  Waymo has made no showing that a consulting agreement is an admission. No objection to the limited extent that the agreement contains factual assertions.<br><br>**FRE 803(6)**:  No objection. |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
**Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence**

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 402/403**: Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) <br><br> Further, Waymo has made no showing that this agreement is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. Because the agreement relates to the Jacobs allegations, any notice, intent or state of mind is irrelevant to any of the remaining trade secret claims or issues to be tried to the jury. <br><br> Moreover, Waymo has not moved to amend its trial witness list to add Richard Jacobs, or moved to amend its Rule 26 subject matter disclosures for the other sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 58 | Jacobs confidentiality agreement | Angela Padilla Salle Yoo Travis Kalanick Richard Jacobs | **FRE 801(d)(2)(A)**: Admission of party opponent <br><br> **FRE 801(d)(2)(D)**: Admission of party opponent agent | **FRE 801(d)(2)(A)**: Waymo has made no showing that a confidentiality agreement is an admission. No objection to the limited extent that the agreement contains factual assertions. <br><br> **FRE 801(d)(2)(D)**: Waymo has made no showing that a |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---|---|---|---|---|
| | | | **FRE 803(6)**: Business record<br><br>The document also has relevance for issues other than the truth of its contents such as notice, intent, and state of mind | confidentiality agreement is an admission. No objection to the limited extent that the agreement contains factual assertions.<br><br>**FRE 803(6)**: No objection.<br><br>**FRE 402/403**: Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case. (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.)<br><br>Further, Waymo has made no showing that this agreement is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. Because the agreement relates to the Jacobs allegations, any notice, intent or state of mind is irrelevant to any of the remaining trade secret claims or issues to be tried to the jury.<br><br>Moreover, Waymo has not moved to amend its trial witness list to add Richard Jacobs, or moved to amend its Rule 26 subject matter disclosures for the other sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). |
| 104 | January 11, 2018 | *Court ordered* | **FRE 801(d)(2)(A)**: | **FRE 801(d)(2)(A)**: Privilege logs are not evidence. *Old* |

**Defendants' Response to Appendix A of Waymo's Offer of Proof**
Sponsoring Witnesses and Admissibility for Jacobs-Related Documentary Evidence

| Exhibit | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber Response |
|---------|-------------|-------------------------------|------------------------------|---------------|
| | supplemental log of Angela Padilla communications | *response— No witness necessary* | Admission of party opponent | *Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, No. 03-c-5238, 2006 WL 3782994, at *12-13 (N.D. Ill. Dec. 21, 2006); *see also Knorr-Bremse Sys. Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) ("no adverse inference shall arise from invocation of the attorney-client and/or work product privilege"). Additionally, Waymo provides no authority or argument for the proposition that a court-ordered response is admissible or that no sponsoring witness is necessary. **Precluded by Uber MIL 2.**  (Dkt. 874 at 3, ¶ 9.) **FRE 402/403**:  Irrelevant and a waste of time because the allegations of Mr. Jacobs and his attorney have proven false as to the trade secrets claims and issues to be tried to the jury in this case.  (Dkt. 2309 [11/28/17 Hr'g Tr.] at 29:7-11, 30:6-10, 57:3-17, 58:23-25, 60:11-13; Chang Decl. Ex. 9, Jacobs Dep. at 179:11–180:13; Chang Decl. Ex. 28 at CFL000300.) Also unfair prejudice and misleading the jury because the jury should not be speculating about what was in privileged communications. Moreover, the Special Master found that the Jacobs resignation email and settlement agreement were not responsive to any document request.  (Dkt. 2396 at 2-3, 18.) |