# APPENDIX B

<u>**Defendants' Response to Appendix B of Waymo's Offer of Proof**</u>:
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

As a preliminary matter, Waymo failed to comply with this Court's order to "***specifically explain*** the practical details of how it will implement its offer of proof."  (Dkt. 2447 (emphasis added).)  Throughout Appendices A and B to its Offer of Proof, Waymo sets forth nothing more than a mere list of potential hearsay exceptions without any legal or factual support for why those exceptions may apply.  Providing a list of evidentiary rules without any explanation does not satisfy the Court's instruction to explain with specificity how Waymo will overcome hearsay objections.  Waymo's failure to comply with the Court's order improperly places the burden on Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") to explain the inapplicability of an exception without notice of how Waymo intends to satisfy its evidentiary burden.  *See PixArt Imaging, Inc. v. Avago Tech. Gen. IP (Singapore) Pte. Ltd.*, No. C 10-00544 JW, 2011 WL 5417090, at *9 (N.D. Cal. Oct. 27, 2011) ("A party seeking to admit a hearsay statement on the grounds that it falls into one of these exceptions bears the burden of proving that the exception is applicable by a preponderance of the evidence.").

For example, Waymo cites to the residual exception of Federal Rule of Evidence 807 in several places to overcome hearsay objections.  To be admissible under Rule 807, a hearsay statement must satisfy several requirements:  (1) have "equivalent circumstantial guarantees of trustworthiness"; (2) be "offered as evidence of a material fact"; (3) be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts"; and (4) "admitting it will best serve the purposes of these rules and the interests of justice."  Fed. R. Evid. 807(a).  Waymo makes no attempt to satisfy its burden of showing these requirements are met for any of the 100+ exhibits in its Appendices A and B.  In any event, the exhibits Waymo intends to use the residual exception for do not meet these requirements, and the exception does not apply.

Waymo also cites to hearsay objections that are plainly inapplicable.  For example, Waymo cites to the exception for statements by an employee/agent of a party opponent on several occasions where the declarant was not an employee or agent of Uber when the statement was made.  And Waymo makes no attempt to overcome the problem that few, if any, of the documents it cites could be admissible against Ottomotto under that exception, even though, with the exception of litigation documents, none involve statements made by Ottomotto employees or agents.  As another example, Waymo also cites, on occasion, to Fed. R. Evid. 801(d)(2)(E)—the exception for co-conspirator statements.  Waymo appears to be arguing that a conspiracy exists between Uber and its outside counsel.  Waymo cites to these exceptions even though they clearly do not apply, demonstrating that Waymo has no valid argument for overcoming the hearsay and other evidentiary hurdles.

In addition to its failure to show with specificity how Waymo would overcome hearsay objections, Waymo does not even attempt to address any other evidentiary objections that may apply to the exhibits included in Appendices A and B.  Nor does Waymo grapple with its failure to move to amend its witness and exhibit lists to add the dozens of new witnesses and exhibits included in these appendices, let alone the subject matter deficiencies in Waymo's Rule 26 disclosures for many of the potential sponsoring witnesses here.  (*See* Defts' Trial Br., Dkt. 2253, at 3-8.)  In responding to Waymo's offer of proof, Uber reserves its right to object to each exhibit on the basis of any and all applicable evidentiary objections.

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| 60 | Stroz Summary Interview Memorandum of Anthony Levandowski | Eric Friedberg Hanley Chew Mary Fulginiti Eric Tate | **FRE 801(d)(2)(B)**: adoptive admission<br>**FRE 801(d)(2)(C):** Statement authorized by a party opponent<br>**FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 801(5)**: Recorded recollection<br>**FRE 803(6)**: Business record<br>**FRE 804(b)(3)**: statement against interest<br>**FRE 807**: residual exception<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 805**:  The memorandum contains multiple layers of hearsay as it purports to present what Mr. Kalanick and Mr. Poetzscher told Levandowski, as characterized by Levandowski in his statements to Stroz Friedberg, as charactierized by Stroz Friedberg.  *See U.S. v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006) (excluding as hearsay "summaries, notes, and memoranda" of interviews done as part of an internal investigation by third party law firm as "hearsay-upon-hearsay").<br><br>**FRE 801(d)(2)(B):**  Waymo does not cite to any evidence demonstrating that Uber manifested an adoption or belief that the statements in this exhibit as true. *See* Fed. R. Evid. 801(d)(2)(B).  Uber has never made such a manifestation; therefore, the exception does not apply.<br><br>**FRE 801(d)(2)(C):**  Waymo does not cite to any evidence demonstrating this exception applies.  This exception "requires the declarant to have *specific authority* from a party to make a statement concerning a particular subject."  *U.S. v. Bonds*, 608 F.3d 495, 502 (9th Cir. 2010).  Uber never provided Stroz or Levandowski the specific authority to make the statements contained in this exhibit.  Waymo cannot make the "foundational showing" needed to show this exception applies. *Buckheit v. Dennis*, No. 09-cv-5000 JCS, 2011 WL 835468, at *6 (N.D. Cal. Mar. 4, 2011).<br><br>**FRE 801(d)(2)(D):**  Levandowski's statements are not party admissions because Levandowski did not make |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | the statements "within the scope of an employment or agency relationship." *U.S. v. Bonds*, 608 F.3d 495, 502 (9th Cir. 2010).  As this Court has found, the diligenced employees (such as Levandowski) participated in the diligence process in their individual capacity.  (*See* Dkt. 566 at 7-8 (affirmed, Dkt. 685) (rejecting Levandowski's argument that the Stroz report is privileged because the record shows counsel for Uber and Ottomotto, not for Levandowski, directed the investigation); Dkt. 670 at 2 (affirmed, Dkt. 745) ("The Court previously found that Stroz was the agent of Otto and Uber, not Levandowski, and therefore Levandowski had voluntarily disclosed the information to an unrelated third party.").) <br><br> **FRE 803(5):**  Waymo does not provide any support for applying this exception.  Levandowski's statements to Stroz cannot be admitted as a recorded recollection because the exhibit was not made or adopted by Levandowski, let alone when the matter was fresh in Levandowski's memory. <br><br> **FRE 803(6):**  Waymo does not cite to any evidence demonstrating this exception applies. There is no evidence that Stroz regularly conducted investigations or generated written reports like the one reflected in this document.  *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 (9th Cir. 1984) (holding special audit report was not a business record despite the accounting firm regularly keeping records of audits); *In re Homestore.com, Inc.*, No. 01-cv-11115 RSWL |

<u>Defendants' Response to Appendix B of Waymo's Offer of Proof</u>:
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | (CWx), 2011 WL 291176, at *6 (C.D. Cal. Jan. 25, 2011) (excluding law firm's audit report containing, *inter alia*, interviews of Homestore employees because the report was not a record of regularly conducted business activity); *FTC v. AMG Servs., Inc.*, No. 2:12-cv-00536-GMN-VCF, 2016 WL 5791416, at *4 (D. Nev. Sept. 30, 2016) (excluding report containing individual's statements because it was not a regular report, but a "special investigation" conducted by a third party).  Further, the exhibit is not a business record because it was prepared, in part, in anticipation of litigation.  Documents prepared in anticipation of litigation do not qualify as business records.  *See U.S. v. Olano*, 62 F.3d 1180, 1205-06 (9th Cir. 1995) (affirming exclusion of documents appearing to be prepared in anticipation of litigation for failing to qualify as business records); *Paddack*, 745 F.2d at 1258-59; *In re Homestore.com, Inc.*, No. 01-cv-11115 RSWL (CWx), 2011 WL 291176, at *6.<br><br>**FRE 804(b)(3):** A statement against interest is one that "a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability." Fed. R. Evid. 804(b)(3)(A).  The proponent must establish the declarant "knew," when making the statements, they "would tend to subject him to criminal or civil liability or to harm his financial |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | interests." *U.S. v. Bonds*, No. 07-CR-00732 SI, 2009 WL 416445, at *7 (N.D. Cal. Feb. 19, 2009).  Waymo has provided no support for the idea that the statements made in this exhibit were against Stroz's interest or Levandowski's interest.  Levandowski's statements to Stroz were in his interest, particularly as he sought to close a deal with Uber for the purchase of Ottomotto.<br><br>**FRE 807:** Waymo has made no showing that the requirements of FRE 807 are satisfied. For example, Waymo has not shown that this document has circumstantial guarantees of trustworthiness.  *See* Fed. R. Evid. 807(a)(1).  Contrary to other forms of evidence that have been admitted under this exception, the statements within this document were not made under oath, nor were they recorded in any way that would allow the Court or jury an opportunity to view the declarant's demeanor.  *See In re Mbunda*, 604 F. App'x 552, 554-55 (9th Cir. 2015); *U.S. v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012); *Estate of Naharro v. Cty. of Santa Clara*, No. 14-cv-04570-BLF, 2016 WL 6248957, at *2 n.3 (N.D. Cal. Oct. 26, 2016) (holding that statements in police interview did not make requisite showing of trustworthiness).  In fact, Waymo has speculated repeatedly that things Levandowski told Stroz were false.  (*See, e.g.*, Chang Decl. Ex. 57, Crain Rpt. ¶¶ 55-57.)  Further, Waymo has not shown how these statements are "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(3). |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | Further, it is unclear what "state of mind", "intent" or "notice" Waymo refers to. The "state of mind" of the individual writing this document is irrelevant.  Waymo also fails to provide with the requisite specificity whose intent or notice it intends to establish through use of this document.<br><br>**FRE 402/403:** The exhibit is irrelevant, confuses the issues, misleading to the jury, and cumulative of other testimony to be offered at trial.<br><br>Lastly, Mary Fulginiti is an improper sponsoring witness as she has not been subpoenaed by Waymo and is outside the subpoena power of the Court. |
| 61 | Email chain: FW: Stroz Day 2 Download by Stroz with OMM (Amdursky and Bentley) – EAT Notes – Why X to Unicorn's attention? | Eric Tate | **FRE 801(d)(2)(B)**: adoptive admission<br>**FRE 801(d)(2)(C):**  Statement authorized by a party opponent<br>**FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 801(5)**: Recorded recollection<br>**FRE 803(6)**: Business record<br>**FRE 804(b)(3)**: statement against interest<br>**FRE 807**: residual exception<br>The document also relevant for issues | **FRE 805**: The email contains multiple layers of hearsay as it purports to present what Levandowski and Lior Ron told Stroz Friedberg, as characterized by Stroz Friedberg.  *See U.S. v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006) (excluding as hearsay "summaries, notes, and memoranda" of interviews done as part of an internal investigation by third party law firm as "hearsay-upon-hearsay").<br><br>**FRE 801(d)(2)(B):** Waymo does not cite to any evidence demonstrating that Uber manifested an adoption or belief that the statements in this exhibit as true.  *See* Fed. R. Evid. 801(d)(2)(B).  Uber has never made such a manifestation; therefore, the exception |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | other than the truth of its contents such as notice, intent, and state of mind | does not apply.<br><br>**FRE 801(d)(2)(C):**  Waymo does not cite to any evidence demonstrating this exception applies.  This exception "requires the declarant to have ***specific authority*** from a party to make a statement concerning a particular subject."  *U.S. v. Bonds*, 608 F.3d 495, 502 (9th Cir. 2010).  Uber never provided Stroz, Lior Ron, or Levandowski the specific authority to make the statements contained in this exhibit.  Waymo cannot make the "foundational showing" needed to show this exception applies.  *Buckheit v. Dennis*, No. 09-cv-5000 JCS, 2011 WL 835468, at *6 (N.D. Cal. Mar. 4, 2011).<br><br>**FRE 801(d)(2)(D):**  Levandowski's and Ron's statements are not party admissions because Levandowski and Ron did not make the statements "within the scope of an employment or agency relationship."  *U.S. v. Bonds*, 608 F.3d 495, 502 (9th Cir. 2010).  As this Court has found, the diligenced employees (such as Levandowski) participated in the diligence process in their individual capacity.  (*See* Dkt. 566 at 7-8 (affirmed, Dkt. 685) (rejecting Levandowski's argument that the Stroz report is privileged because the record shows counsel for Uber and Ottomotto, not for Levandowski, directed the investigation); Dkt. 670 at 2 (affirmed, Dkt. 745) ("The Court previously found that Stroz was the agent of Otto and Uber, not Levandowski, and therefore Levandowski had voluntarily disclosed the information to an unrelated third party.").) |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | **FRE 803(5):**  Waymo does not provide any support for applying this exception.  Levandowski's and Ron's statements to Stroz cannot be admitted as a recorded recollection because the exhibit was not made or adopted by Levandowski or Ron, let alone when the matter was fresh in their memories.  *See* Fed. R. Evid. 803(5).<br><br>**FRE 803(6):**  Waymo does not cite to any evidence demonstrating this exception applies. There is no evidence that Stroz regularly conducted investigations or generated written reports like the one reflected in this document.  *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 (9th Cir. 1984) (holding special audit report was not a business record despite the accounting firm regularly keeping records of audits); *In re Homestore.com, Inc.*, No. 01-cv-11115 RSWL (CWx), 2011 WL 291176, at *6 (C.D. Cal. Jan. 25, 2011) (excluding law firm's audit report containing, *inter alia*, interviews of Homestore employees because the report was not a record of regularly conducted business activity); *FTC v. AMG Servs., Inc.*, No. 2:12-cv-00536-GMN-VCF, 2016 WL 5791416, at *4 (D. Nev. Sept. 30, 2016) (excluding report containing individual's statements because it was not a regular report, but a "special investigation" conducted by a third party).  Further, the exhibit is not a business record because it was prepared, in part, in anticipation of litigation. Documents prepared in anticipation of litigation do not qualify as business records.  *See U.S.* |

<u>**Defendants' Response to Appendix B of Waymo's Offer of Proof**</u>:
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|-----|-------------|-------------------------------|------------------------------|----------------------------------------|
|  |  |  |  | *v. Olano*, 62 F.3d 1180, 1205-06 (9th Cir. 1995) (affirming exclusion of documents appearing to be prepared in anticipation of litigation for failing to qualify as business records); *Paddack*, 745 F.2d at 1258-59; *In re Homestore.com, Inc.*, No. 01-cv-11115 RSWL (CWx), 2011 WL 291176, at *6.<br><br>**FRE 804(b)(3):** A statement against interest is one that "a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability." Fed. R. Evid. 804(b)(3)(A). The proponent must establish the declarant "knew," when making the statements, they "would tend to subject him to criminal or civil liability or to harm his financial interests." *U.S. v. Bonds*, No. 07-CR-00732 SI, 2009 WL 416445, at *7 (N.D. Cal. Feb. 19, 2009). Waymo has provided no support for the idea that the statements made in this exhibit were against Stroz's interest, Ron's interest, or Levandowski's interest. Levandowski's and Ron's statements to Stroz were in their interest, particularly as they sought to close a deal with Uber for the purchase of Ottomotto.<br><br>**FRE 807:** Waymo has made no showing that the requirements of FRE 807 are satisfied. For example, Waymo has not shown that this document has circumstantial guarantees of trustworthiness. *See* Fed. |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|-----|-------------|-------------------------------|------------------------------|----------------------------------------|
| | | | | R. Evid. 807(a)(1).  Contrary to other forms of evidence that have been admitted under this exception, the statements within this document were not made under oath, nor were they recorded in any way that would allow the Court or jury an opportunity to view the declarant's demeanor.  *See In re Mbunda*, 604 F. App'x 552, 554-55 (9th Cir. 2015); *U.S. v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012); *Estate of Naharro v. Cty. of Santa Clara*, 14-cv-04570-BLF, 2016 WL 6248957, at *2 n.3 (N.D. Cal. Oct. 26, 2016) (holding that statements in police interview did not make requisite showing of trustworthiness).  In fact, Waymo has speculated repeatedly that things Levandowski told Stroz were false.  (*See, e.g.*, Chang Decl. Ex. 57, Crain Rpt. ¶¶ 55-57.)  Further, Waymo has not shown how these statements are "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts."  Fed. R. Evid. 807(a)(3). <br><br> Further, it is unclear what "state of mind", "intent" or "notice" Waymo refers to.  The "state of mind" of the individual writing this document is irrelevant.  Waymo also fails to provide with the requisite specificity whose intent or notice it intends to establish through use of this document. <br><br> **FRE 402/403:**  The exhibit is irrelevant, confuses the issues, misleading to the jury, and cumulative of other testimony to be offered at trial. |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
|  |  |  |  | **Not Timely Disclosed:**  The exhibit was not timely disclosed. |
| 62 | Stroz Memorandum: Follow-Up Investigation regarding Shred Works Facility | Eric Friedberg Hanley Chew Mary Fulginiti Eric Tate | **FRE 801(d)(2)(B)**: adoptive admission  **FRE 801(d)(2)(C):**  Statement authorized by a party opponent  **FRE 801(d)(2)(D)**: Admission of party opponent agent  **FRE 801(5)**: Recorded recollection  **FRE 803(6)**: Business record  **FRE 804(b)(3)**: statement against interest  **FRE 807**: residual exception  The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 805:**  The memorandum contains multiple layers of hearsay as it purports to present what Levandowski and Shred Works employees told Stroz Friedberg, as characterized by Stroz Friedberg. *See U.S. v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006) (excluding as hearsay "summaries, notes, and memoranda" of interviews done as part of an internal investigation by third party law firm as "hearsay-upon-hearsay").  **FRE 801(d)(2)(B):**  Waymo does not cite to any evidence demonstrating that Uber manifested an adoption or belief that the statements in this exhibit as true. *See* Fed. R. Evid. 801(d)(2)(B).  Uber has never made such a manifestation; therefore, the exception does not apply.  **FRE 801(d)(2)(C):**  Waymo does not cite to any evidence demonstrating this exception applies.  This exception "requires the declarant to have *specific authority* from a party to make a statement concerning a particular subject." *U.S. v. Bonds*, 608 F.3d 495, 502 (9th Cir. 2010).  Uber never provided Stroz or Levandowski the specific authority to make the statements contained in this exhibit.  And Uber certainly never provided any authority to Shred Works employees to make any statement on Uber's behalf. Waymo cannot make the "foundational showing" needed to show this exception applies. *Buckheit v.* |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|-----|-------------|-------------------------------|------------------------------|----------------------------------------|
|  |  |  |  | *Dennis*, No. 09-cv-5000 JCS, 2011 WL 835468, at \*6 (N.D. Cal. Mar. 4, 2011).<br><br>**FRE 801(d)(2)(D):**  Levandowski's statements are not party admissions because Levandowski did not make the statements "within the scope of an employment or agency relationship."  *U.S. v. Bonds*, 608 F.3d 495, 502 (9th Cir. 2010).  As this Court has found, the diligenced employees (such as Levandowski) participated in the diligence process in their individual capacity.  (*See* Dkt. 566 at 7-8 (affirmed, Dkt. 685) (rejecting Levandowski's argument that the Stroz report is privileged because the record shows counsel for Uber and Ottomotto, not for Levandowski, directed the investigation); Dkt. 670 at 2 (affirmed, Dkt. 745) ("The Court previously found that Stroz was the agent of Otto and Uber, not Levandowski, and therefore Levandowski had voluntarily disclosed the information to an unrelated third party.").)  Further, Waymo cannot show that any statement made by a Shred Works employee was made as Uber's agent.<br><br>**FRE 803(5):**  Waymo does not provide any support for applying this exception.  Levandowski's statements to Stroz cannot be admitted as a recorded recollection because the exhibit was not made or adopted by Levandowski, let alone when the matter was fresh in Levandowski's memory. *See* Fed. R. Evid. 803(5).  Additionally, there is no evidence suggesting Shred Works employees made or adopted the document in the exhibit. |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|-----|-------------|-------------------------------|------------------------------|----------------------------------------|
|     |             |                               |                              | **FRE 803(6):**  Waymo does not cite to any evidence demonstrating this exception applies.  There is no evidence that Stroz regularly conducted investigations or generated written reports like the one reflected in this document.  *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 (9th Cir. 1984) (holding special audit report was not a business record despite the accounting firm regularly keeping records of audits); *In re Homestore.com, Inc.*, No. 01-cv-11115 RSWL (CWx), 2011 WL 291176, at *6 (C.D. Cal. Jan. 25, 2011) (excluding law firm's audit report containing, *inter alia*, interviews of Homestore employees because the report was not a record of regularly conducted business activity); *FTC v. AMG Servs., Inc.*, No. 2:12-cv-00536-GMN-VCF, 2016 WL 5791416, at *4 (D. Nev. Sept. 30, 2016) (excluding report containing individual's statements because it was not a regular report, but a "special investigation" conducted by a third party).  Further, the exhibit is not a business record because it was prepared, in part, in anticipation of litigation. Documents prepared in anticipation of litigation do not qualify as business records.  *See U.S. v. Olano*, 62 F.3d 1180, 1205-06 (9th Cir. 1995) (affirming exclusion of documents appearing to be prepared in anticipation of litigation for failing to qualify as business records); *Paddack*, 745 F.2d at 1258-59; *In re Homestore.com, Inc.*, No. 01-cv-11115 RSWL (CWx), 2011 WL 291176, at *6. <br><br> **FRE 804(b)(3):**  A statement against interest is one |

<u>Defendants' Response to Appendix B of Waymo's Offer of Proof</u>:
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | that "a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability." Fed. R. Evid. 804(b)(3)(A). The proponent must establish the declarant "knew," when making the statements, they "would tend to subject him to criminal or civil liability or to harm his financial interests." *U.S. v. Bonds*, No. 07-CR-00732 SI, 2009 WL 416445, at *7 (N.D. Cal. Feb. 19, 2009). Waymo has provided no support for the idea that the statements made in this exhibit were against Stroz's interest or Levandowski's interest. Levandowski's statements to Stroz were in his interest, particularly as he sought to close a deal with Uber for the purchase of Ottomotto. As for statements made by employees of Shred Works, there is no evidence suggesting the statements were made against their personal interest or the interest of Shred Works.<br><br>**FRE 807:** Waymo has made no showing that the requirements of FRE 807 are satisfied. For example, Waymo has not shown that this document has circumstantial guarantees of trustworthiness. *See* Fed. R. Evid. 807(a)(1). Contrary to other forms of evidence that have been admitted under this exception, the statements within this document were not made under oath, nor were they recorded in any way that would allow the Court or jury an opportunity to view |

<u>Defendants' Response to Appendix B of Waymo's Offer of Proof</u>:
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|-----|-------------|-------------------------------|------------------------------|----------------------------------------|
| | | | | the declarant's demeanor.  *See In re Mbunda*, 604 F. App'x 552, 554-55 (9th Cir. 2015); *U.S. v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012); *Estate of Naharro v. Cty. of Santa Clara*, No. 14-cv-04570-BLF, 2016 WL 6248957, at \*2 n.3 (N.D. Cal. Oct. 26, 2016) (holding that statements in police interview did not make requisite showing of trustworthiness).  In fact, Waymo has speculated repeatedly that things Levandowski told Stroz were false.  (*See, e.g.*, Chang Decl. Ex. 57, Crain Rpt. ¶¶ 55-57.) Further, Waymo has not shown how these statements are "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts."  Fed. R. Evid. 807(a)(3). <br><br> Further, it is unclear what "state of mind", "intent" or "notice" Waymo refers to. The "state of mind" of the individual writing this document is irrelevant.  Waymo also fails to provide with the requisite specificity whose intent or notice it intends to establish through use of this document. <br><br> **FRE 402/403:**  The exhibit is irrelevant, confuses the issues, misleading to the jury, and cumulative of other testimony to be offered at trial. <br><br> Lastly, Mary Fulginiti is an improper sponsoring witness as she has not been subpoenaed by Waymo and is outside the subpoena power of the Court. |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| 63 | Email: Fw: AL computers | Angela Padilla<br><br>Travis Kalanick | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record<br>**FRE 807**: residual exception<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | No objection to admissibility under FRE 801(d)(2)(D). The email, however, is not admissible as a business record under FRE 803(6) or admissible under the residual exception in FRE 807.<br><br>Waymo has not moved to amend its Rule 26 subject matter disclosure for Mr. Kalanick to include the subject in this exhibit. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). (*See also* Defts' Trial Br., Dkt. 2253 at 3-8.)<br><br>Waymo has made no showing that this email is relevant to any witness's "state of mind" or "intent," or to show "notice" of anything. The "state of mind" of the lawyer who wrote this email is not relevant, and it is unclear what "intent" or "notice" Waymo refers to. To the extent it is notice of receipt by someone, such notice is irrelevant to any of the claims or issues to be tried to the jury. |
| 66 | Email chain: Re: FW: Thank You for Visiting Us Last Night (Tyto LiDAR & Uber) | Brian McClendon<br><br>John Bares<br><br>Cameron Poetzscher | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record<br>The document also relevant for issues other than the truth of its contents | **FRE 801(d)(2)(D):** Waymo provides no support for applying this exception. Specifically, Waymo fails to identify any agency relationship of the individuals involved in this correspondence, nor any indication that the matters discussed therein were within the scope of any agency relationship. This is especially so with |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|-----|-------------|-------------------------------|------------------------------|----------------------------------------|
|  |  |  | such as notice, intent, and state of mind | regard to any statements by Ognen Stojanovski, who as of his email on January 12, 2016, was not an employee of Uber and was not serving in any agency relationship on Uber's behalf.  Instead, as shown in the exhibit itself, Mr. Stojanovski was working with Tyto and discussing an interest in selling Tyto to Uber.<br><br>**FRE 803(6):**  Waymo does not cite to any evidence demonstrating this exception applies.  "In the Ninth Circuit, emails are not automatically admissible under the business records exception to the hearsay rule." *Venture Corp. v. Barrett*, No. 5:13-cv-03384-PSG, 2015 WL 2088999, at *2 (N.D. Cal. May 5, 2012).  Further, Waymo bears the burden of establishing this exception applies.  *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception.").  Waymo has made no showing that the emails in this exhibits were "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that activity."  Fed. R. Evid. 803(6).  Given that all of the emails relate to a potential acquisition of Tyto, rather than the regularly conducted activities of Uber or Tyto, Waymo cannot satisfy the foundational requirements of this exception.<br><br>Further, it is unclear what "state of mind", "intent" or "notice" Waymo refers to.  The "state of mind" of the individual writing this document is irrelevant.  Waymo also fails to provide with the requisite specificity whose |

<u>**Defendants' Response to Appendix B of Waymo's Offer of Proof**</u>:
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | intent or notice it intends to establish through use of this document.<br><br>Finally, the subject matter of this exhibit was not disclosed in Waymo's Rule 26 disclosures for these witnesses.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). (*See also* Defts' Trial Br., Dkt. 2253 at 3-8.) |
| 67 | Email chain: Tyto | John Bares<br>Cameron Poetzscher<br>Nina Qi | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **Not Timely Disclosed:**  To date, this document, which was produced prior to the most recent round of discovery, is not listed on Waymo's exhibit list.<br><br>**Foundation:**  The document lacks foundation regarding Levandowski's desire to purchase Tyto or at what price.  To the extent it is based on statements made by Levandowski, the email contains multiple layers of hearsay as it purports to present what Levandowski told Mr. Bares, as characterized by Mr. Bares.  *See U.S. v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006) (excluding as hearsay "summaries, notes, and memoranda" of interviews done as part of an internal investigation by third party law firm as "hearsay-upon-hearsay").<br><br>**FRE 801(d)(2)(D):**  Waymo bears the burden of demonstrating this exception applies, but fails to |

<u>**Defendants' Response to Appendix B of Waymo's Offer of Proof**</u>:
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | identify any employee or agency relationship, or that such the matters discussed were within the scope of that relationship while it existed.<br><br>**FRE 803(6):**  Waymo does not cite to any evidence demonstrating this exception applies.  "In the Ninth Circuit, emails are not automatically admissible under the business records exception to the hearsay rule." *Venture Corp. v. Barrett*, No. 5:13-cv-03384-PSG, 2015 WL 2088999, at *2 (N.D. Cal. May 5, 2012).  Further, Waymo bears the burden of establishing this exception applies.  *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception.").  Waymo has made no showing that the emails in this exhibits were "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that activity."  Fed. R. Evid. 803(6).  Given that the email relates to a potential acquisition of Tyto, rather than the regularly conducted activities of Uber or Tyto, Waymo cannot satisfy the foundational requirements of this exception.<br><br>Further, it is unclear what "state of mind", "intent" or "notice" Waymo refers to. The "state of mind" of the individual writing this document is irrelevant.  Waymo also fails to provide with the requisite specificity whose intent or notice it intends to establish through use of this document. |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | **FRE 402/403:** The email is irrelevant to the claims in the case as it is not probative of misappropriation of the currently-asserted trade secrets. Further, the email is likely to be confusing the issues at trial and be cumulative of other evidence. |
| 68 | Email chain: Newco operating plan; and attachment | Nina Qi<br>Cameron Poetzcher | **FRE 801(d)(2)(D):** Admission of party opponent agent<br>**FRE 803(6):** Business record<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **Not Timely Disclosed:** To date, this document, which was produced prior to the most recent round of discovery, is not listed on Waymo's exhibit list.<br><br>**FRE 801(d)(2)(D):** Waymo bears the burden of demonstrating this exception applies, but fails to identify any employee or agency relationship, or that such the matters discussed were within the scope of that relationship while it existed.<br><br>**FRE 803(6):** Waymo does not cite to any evidence demonstrating this exception applies. "In the Ninth Circuit, emails are not automatically admissible under the business records exception to the hearsay rule." *Venture Corp. v. Barrett*, No. 5:13-cv-03384-PSG, 2015 WL 2088999, at *2 (N.D. Cal. May 5, 2012). Further, Waymo bears the burden of establishing this exception applies. *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception."). Waymo has made no showing that the emails in this exhibits were "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | practice of that activity." Fed. R. Evid. 803(6).  Given that all of the emails relate to a potential acquisition of Tyto, rather than the regularly conducted activities of Uber or Tyto, Waymo cannot satisfy the foundational requirements of this exception.<br><br>Further, it is unclear what "state of mind", "intent" or "notice" Waymo refers to. The "state of mind" of the individual writing this document is irrelevant.  Waymo also fails to provide with the requisite specificity whose intent or notice it intends to establish through use of this document.<br><br>**FRE 402/403:**  The email is irrelevant to the claims in the case as it is not probative of misappropriation of the currently-asserted trade secrets.  Further, the email is likely to be confusing the issues at trial and be cumulative of other evidence. |
| 69 | Ottomotto Company Disclosure Schedules | Travis Kalanick<br>Cameron Poetzscher<br>Lior Ron<br>Adam Bentley | **FRE 801(d)(2)(A)**: Admission of party opponent<br>**FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record<br>**FRE 803(14)**: Property record<br>**FRE 803(15)**: Document that affects an interest in property<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of | No objection to admissibility under FRE 803(6). |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | mind | |
| 70 | Text message | Travis Kalanick | **FRE 801(d)(2)(D)**: Admission of party opponent agent | **Not Timely Disclosed:**  To date, this document, which was produced prior to the most recent round of discovery, is not listed on Waymo's exhibit list.<br><br>**FRE 801(d)(2)(D):**  Waymo provides no support for applying this exception.  Specifically, Waymo fails to identify any agency or employment relationship of the declarant, nor any indication that the matters discussed therein were within the scope of any agency relationship.  The text message in this exhibit is dated April 18, 2016.  But Levandowski did not begin his employment at Uber until August 2016.  (*See* Chang Decl. Ex. 30, TX-0008 (UBER00006435).)  As a result, no employment or agency relationship existed at the time of this statement.<br><br>**FRE 402/403:** The text message is irrelevant to the claims in the case as it is not probative of misappropriation of the currently-asserted trade secrets.  Further, the email is likely to be confusing the issues at trial and be cumulative of other evidence. |
| 71 | Text message | Lior Ron | **FRE 801(d)(2)(D)**: Admission of party opponent agent | **FRE 801(d)(2)(D):**  Waymo provides no support for applying this exception.  Specifically, Waymo fails to identify any agency or employment relationship of the declarant, nor any indication that the matters discussed therein were within the scope of any agency relationship.  The text message in this exhibit is dated |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | April 18, 2016.  But Levandowski and Mr. Ron did not begin their employment at Uber until August 2016. (*See, e.g.*, Chang Decl. Ex. 30, TX-0008 (UBER00006435).)  As a result, no employment or agency relationship existed at the time of this statement.<br><br>**FRE 402/403:**  The text message is irrelevant to the claims in the case as it is not probative of misappropriation of the currently-asserted trade secrets.  Further, the email is likely to be confusing the issues at trial and be cumulative of other evidence. |
| 72 | Text message | Lior Ron | **FRE 801(d)(2)(D)**: Admission of party opponent agent | **Not Timely Disclosed:**  To date, this document, which was produced prior to the most recent round of discovery, is not listed on Waymo's exhibit list.<br><br>**FRE 801(d)(2)(D):**  Waymo provides no support for applying this exception.  Specifically, Waymo fails to identify any agency or employment relationship of the declarant, nor any indication that the matters discussed therein were within the scope of any agency relationship.  The text message in this exhibit is dated April 18, 2016.  But Levandowski and Mr. Ron did not begin their employment at Uber until August 2016. (*See, e.g.*, Chang Decl. Ex. 30, TX-0008 (UBER00006435).)  As a result, no employment or agency relationship existed at the time of this statement.<br><br>**FRE 402/403:**  The text message is irrelevant to the |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | claims in the case as it is not probative of misappropriation of the currently-asserted trade secrets. Further, the email is likely to be confusing the issues at trial and be cumulative of other evidence. |
| 73 | Tyto Term Sheet | Lior Ron<br>Adam Bentley<br>Ognen Stojanovski | **FRE 801(d)(2)(A)**: Admission of party opponent<br>**FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record<br>**FRE 803(14)**: Property record<br>**FRE 803(15)**: Document that affects an interest in property<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | No objection to admissibility under FRE 803(6).<br><br>**FRE 402/403:** The exhibit is irrelevant to the issues in the case as it is not probative of misappropriation of the currently-asserted trade secrets. Further, the exhibit's probative value is outweighed by the prejudice it may cause. The exhibit also confuses the issues in the case, is a waste of time, and is misleading to the jury. |
| 75 | Email chain: Tyto's Asset Purchase Agreement | Travis Kalanick<br>Cameron Poetzcher<br>Lior Ron | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D):** Not admission of party opponent agent because Mr. Ron is author of email and he was not Uber's agent when he sent this email, which was prior to his employment at Uber.<br><br>**FRE 803(6):** This email and the draft purchase agreement attached to it are not business records. "In the Ninth Circuit, emails are not automatically admissible under the business records exception to the hearsay rule." *Venture Corp. v. Barrett*, No. 5:13-cv-03384-PSG, 2015 WL 2088999, at *2 (N.D. Cal. May 5, 2012). Further, Waymo bears the burden of |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | establishing this exception applies. *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception."). Waymo has made no showing that the emails in this exhibits were "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that activity." Fed. R. Evid. 803(6). <br><br> The exhibit is not relevant for issues other than the truth of its contents because it is being offered to show Ottomotto was ready to move forward and secure immediately. <br><br> **BER and FRE 402**: A draft agreement is not the best evidence of the Asset Purchase Agreement and is not relevant. <br><br> **FRE 403**: The exhibit is a draft agreement and therefore would confuse the issues and mislead the jury. <br><br> **Not Timely Disclosed**: The document was not timely disclosed. |
| 76 | Email chain: Re: Tyto's Asset Purchase Agreement | Travis Kalanick <br><br> Cameron Poetzcher | **FRE 801(d)(2)(D)**: Admission of party opponent agent <br> **FRE 803(6)**: Business record | **FRE 801(d)(2)(D)**: Not admission of party opponent agent because L. Ron is author of bottom email and he was not Uber's agent when he sent this email, which |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | Lior Ron | The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | was prior to his employment at Uber.<br><br>**FRE 803(6)**:  This email not a business record.  "In the Ninth Circuit, emails are not automatically admissible under the business records exception to the hearsay rule."  *Venture Corp. v. Barrett*, No. 5:13-cv-03384-PSG, 2015 WL 2088999, at *2 (N.D. Cal. May 5, 2012).  Further, Waymo bears the burden of establishing this exception applies.  *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception.").  Waymo has made no showing that the emails in this exhibits were "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that activity."  Fed. R. Evid. 803(6).<br><br>The bottom email is not relevant for issues other than the truth of its contents because it is being offered to show Ottomotto was ready to move forward and secure immediately.<br><br>**Not Timely Disclosed:**  To date, this document, which was produced prior to the most recent round of discovery, is not listed on Waymo's exhibit list. |
| 77 | Email chain: Tyto | Travis Kalanick<br>Cameron Poetzscher | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record | **FRE 402/403:**  The exhibit is irrelevant to the issues in the case as it is not probative of misappropriation of the currently-asserted trade secrets.  Further, the exhibit's probative value is outweighed by the prejudice it may |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | cause. The exhibit also confuses the issues in the case, is a waste of time, and is misleading to the jury. |
| 78 | Notes re: January 3 meeting | Travis Kalanick<br>Jeff Holden | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 801(5)**: Recorded recollection<br>**FRE 803(6)**: Business record<br>**FRE 807**: residual exception<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **Lacks foundation.** Waymo has not identified the author of these notes and whether the author was recording his/her own thoughts or recording hearsay.<br><br>**FRE 801(d)(2)(D)**: Waymo has not identified the author and hasn't established that the author is an agent of Uber.<br><br>**FRE 803(5)**: Not all notes qualify as a recorded recollection. Waymo has not established when the notes were taken, that the witness once knew the information but now cannot recall well enough to testify fully and accurately, or whether the notes accurately reflects the witness's knowledge.<br><br>**FRE 803(6)**: Waymo has made no showing that these notes satisfy any of the FRE 803(6) business records requirements. Waymo bears the burden of establishing this exception applies. *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception."). Waymo has made no showing that the notes in this exhibits were "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that activity." Fed. R. Evid. 803(6). |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | **FRE 807:** Waymo has made no showing that these notes satisfy the residual exception. For example, Waymo has not shown that the statement has equivalent circumstantial guarantees of trustworthiness, that it is being offered as evidence of a material fact, that it is more probative e on the point for which it is offered than any other evidence that Waymo can obtain through reasonable efforts, or that admitting it will serve the purposes of the FREs and the interests of justice.<br><br>**FRE 901:** Waymo failed to establish authenticity or even identify the author.<br><br>**FRE 403:** The document should also be excluded under FRE 403 as unfairly prejudicial and confusing. |
| 87 | Stroz Freidberg Engagement Letter | Eric Tate<br>Eric Friedberg | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record<br>**FRE 807**: residual exception<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **Not Timely Disclosed:** To date, this document, which was produced prior to the most recent round of discovery, is not listed on Waymo's exhibit list.<br><br>**FRE 801(d)(2)(D):** Waymo has made no showing that Stroz Friedberg was an agent of Uber at the time of this document, which is not the fully executed version of the engagement letter. Only at the time of signing the executed version of the engagement letter was an agency relationship formed.<br><br>**FRE 803(6):** Waymo has made no showing that it can |

<u>Defendants' Response to Appendix B of Waymo's Offer of Proof</u>:
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | satisfy the foundational requirements for this exhibit to be admitted as a business record.<br><br>**FRE 807:**  To be applicable, Rule 807 requires a proposed piece of evidence to be "material."  Fed. R. Evid. 807.  The engagement letter with Stroz is a collateral issue and immaterial to the issues at trial.  Further, Waymo has subpoenaed the signatories of the agreement to trial that may testify as to the engagement without resorting to the engagement letter itself. |
| 88 | Stroz Freidberg Engagement Letter | Eric Tate<br>Eric Friedberg | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record<br>**FRE 807**: residual exception<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D):**  Waymo has made no showing that Stroz Friedberg was an agent of Uber at the time of this document, which is not the fully executed version of the engagement letter.  Only at the time of signing the executed version of the engagement letter was an agency relationship formed.<br><br>**FRE 803(6):**  Waymo has made no showing that it can satisfy the foundational requirements for this exhibit to be admitted as a business record.<br><br>**FRE 807:**  To be applicable, Rule 807 requires a proposed piece of evidence to be "material."  The engagement letter with Stroz is a collateral issue and immaterial to the issues at trial. Further, Waymo has subpoenaed the signatories of the agreement to trial that may testify as to the engagement without resorting to the engagement letter itself. |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | |
| 93 | Email chain: Fwd: Put Call Merger Agreement | Lior Ron Ognen Stojanovski | **FRE 801(d)(2)(D)**: Admission of party opponent agent **FRE 803(6)**: Business record The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D)**:  Lior Ron and Adam Bentley were not agents of Uber when they sent these emails. **FRE 803(6)**:  Waymo has made no showing of how this document qualifies as a business record.  "In the Ninth Circuit, emails are not automatically admissible under the business records exception to the hearsay rule."  *Venture Corp. v. Barrett*, No. 5:13-cv-03384-PSG, 2015 WL 2088999, at *2 (N.D. Cal. May 5, 2012).  Further, Waymo bears the burden of establishing this exception applies.  *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception.").  Waymo has made no showing that the emails in this exhibit were "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that activity."  Fed. R. Evid. 803(6). Waymo also has made no showing of how this document is relevant for issues other than the truth of its contents, and Waymo has not identified those purported issues. **FRE 402**:  The exhibit is not relevant to any disputed issues. |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | **FRE 106/403:**  The exhibit is misleading, would confuse the jury, and is unduly prejudicial because the attachment to the bottom email is missing and because a redline of the put/call merger agreement is not relevant.  In addition, there is a Bates numbering gap between Exhibits 93 and 94, which renders both documents, even taken together, incomplete.<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for the sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a)…, the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless."). |
| 94 | Redlined Put Call Agreement | Lior Ron<br><br>Ognen Stojanovski | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D):**  Lior Ron and Adam Bentley were not agents of Uber when they sent the email attaching this redline.<br><br>**FRE 803(6):**  Waymo has made no showing of how this document qualifies as a business record.  Waymo bears the burden of establishing this exception applies. *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception.").  Waymo has made no showing that the email attaching this exhibit was "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | activity." Fed. R. Evid. 803(6). Waymo also has made no showing of how this document is relevant for issues other than the truth of its contents, and Waymo has not identified those purported issues. **FRE 402:** The exhibit is not relevant to any disputed issues. **FRE 106/403:** The exhibit is misleading, would confuse the jury, and is unduly prejudicial because the cover email is missing and because a redline of the put call merger agreement is not relevant. In addition, there is a Bates numbering gap between Exhibits 93 and 94, which renders both documents, even taken together, incomplete. Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for the sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a)…, the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless."). |
| 95 | Email chain: Fwd: Put Call Merger Agreement | Lior Ron Ognen Stojanovski | **FRE 801(d)(2)(D):** Admission of party opponent agent **FRE 803(6):** Business record | **FRE 801(d)(2)(D):** Lior Ron, Adam Bentley, and the others on the email chain were not agents of Uber when they sent the emails. |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 803(6)**:  Waymo has made no showing of how this document qualifies as a business record.  "In the Ninth Circuit, emails are not automatically admissible under the business records exception to the hearsay rule."  *Venture Corp. v. Barrett*, No. 5:13-cv-03384-PSG, 2015 WL 2088999, at *2 (N.D. Cal. May 5, 2012).  Further, Waymo bears the burden of establishing this exception applies. *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception.").  Waymo has made no showing that the emails in this exhibit were "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that activity."  Fed. R. Evid. 803(6). <br><br> Waymo also has made no showing of how this document is relevant for issues other than the truth of its contents, and Waymo has not identified those purported issues. <br><br> **FRE 402:**  The exhibit is not relevant to any disputed issues. <br><br> **FRE 106/403:**  The exhibit is misleading, would confuse the jury, and is unduly prejudicial because the attachment to the bottom email is missing and because comments on a draft of the put/call merger agreement |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|-----|-------------|-------------------------------|------------------------------|-----------------------------------------|
| | | | | are not relevant.<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for the sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a)…, the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless."). |
| 96 | Email chain: topics | Lior Ron | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D)**:  Lior Ron was not an agent of Uber when he sent this email.<br><br>**FRE 803(6)**:  Waymo has made no showing of how this document qualifies as a business record.  "In the Ninth Circuit, emails are not automatically admissible under the business records exception to the hearsay rule." *Venture Corp. v. Barrett*, No. 5:13-cv-03384-PSG, 2015 WL 2088999, at *2 (N.D. Cal. May 5, 2012).  Further, Waymo bears the burden of establishing this exception applies.  *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception.").  Waymo has made no showing that the email in this exhibit were "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that activity."  Fed. R. Evid. 803(6). |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | Waymo also has made no showing of how this document is relevant for issues other than the truth of its contents, and Waymo has not identified those purported issues.<br><br>**FRE 402:** The exhibit is not relevant to any disputed issues.<br><br>**FRE 403:** The exhibit is misleading, would confuse the jury, and is unduly prejudicial.<br><br>**FRE 901:** There is no Bates number on the email.<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for the sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a)…, the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless."). |
| 97 | Email chain: Re: Asset Purchase Agreement | Lior Ron | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of | **FRE 801(d)(2)(D):** Lior Ron and Ognen Stojanovski were not agents of Uber in April 2016.<br><br>**FRE 803(6):** Waymo has made no showing of how this document qualifies as a business record. "In the Ninth Circuit, emails are not automatically admissible |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|-----|-------------|-------------------------------|------------------------------|----------------------------------------|
|  |  |  | mind | under the business records exception to the hearsay rule." *Venture Corp. v. Barrett*, No. 5:13-cv-03384-PSG, 2015 WL 2088999, at *2 (N.D. Cal. May 5, 2012).  Further, Waymo bears the burden of establishing this exception applies.  *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception.").  Waymo has made no showing that the emails in this exhibit were "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that activity."  Fed. R. Evid. 803(6). <br><br> Waymo also has made no showing of how this document is relevant for issues other than the truth of its contents, and Waymo has not identified those purported issues. <br><br> **FRE 402:**  The exhibit is not relevant to any disputed issues. <br><br> **FRE 403:**  The exhibit is misleading, would confuse the jury, and is unduly prejudicial.  It discusses draft agreements and retaining in-counsel counsel that are simply not relevant. <br><br> **Not Timely Disclosed:**  To date, this document, which was produced prior to the most recent round of |

<u>**Defendants' Response to Appendix B of Waymo's Offer of Proof**</u>:
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | discovery, is not listed on Waymo's exhibit list.<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for the sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a)…, the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless."). |
| 100 | Tyto Invoice | Ognen Stojanovski James Haslim | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D)**:  Ognen Stojanovski, James Haslim, and Thorlabs, Inc. were not agents of Uber or Ottomotto when this document was created.<br><br>**FRE 803(6)**:  Waymo has made no showing of how this document qualifies as a business record.  Waymo bears the burden of establishing this exception applies. *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception.").  Waymo has made no showing that invoice was "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that activity."  Fed. R. Evid. 803(6).<br><br>Waymo also has made no showing of how this document is relevant for issues other than the truth of its contents, and Waymo has not identified those |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | purported issues.<br><br>**FRE 402, 403:** A 2012 invoice issued to Anthony Levandowski when he worked at Google is not relevant and is unduly prejudicial to Uber.<br><br>Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for the sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a)…, the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless."). |
| 101 | Tyto Invoice | Ognen Stojanovski James Haslim | **FRE 801(d)(2)(D)**: Admission of party opponent agent<br>**FRE 803(6)**: Business record<br>The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | **FRE 801(d)(2)(D):** Waymo identifies no evidence that Ognen Stojanovski and James Haslim (the identified sponsors) were agents of Uber or Ottomotto when this document was created.<br><br>**FRE 803(6):** Waymo has made no showing of how this document qualifies as a business record. Waymo bears the burden of establishing this exception applies. *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception."). Waymo has made no showing that the emails in this exhibit were "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | | activity." Fed. R. Evid. 803(6). Waymo also has made no showing of how this document is relevant for issues other than the truth of its contents, and Waymo has not identified those purported issues. **FRE 402, 403:** This is a Tyto produced document, and Waymo has not identified how it is relevant to any issue in this trial. In addition, admitting it would be unfairly prejudicial to Uber and cause juror confusion, including because the jury could attribute what's discussed in the notes to Uber (rather than Tyto pre-acquisition). **FRE 901:** Waymo has not identified the author of this document. Also, Waymo has not moved to amend its Rule 26 subject matter disclosures for the sponsoring witnesses. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a)…, the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless."). |
| 102 | Text Messages | James Haslim | **FRE 801(d)(2)(D):** Admission of party opponent agent **FRE 803(6):** Business record | **FRE 801(d)(2)(D):** James Haslim, Daniel Gruver, Anthony Levandowski and the others who created the messages were not agents of Uber or Ottomotto when |

<u>**Defendants' Response to Appendix B of Waymo's Offer of Proof**</u>:
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | | | The document also relevant for issues other than the truth of its contents such as notice, intent, and state of mind | they made these statements.<br><br>**FRE 803(6)**:  Waymo has made no showing of how this document qualifies as a business record.  Waymo bears the burden of establishing this exception applies.  *U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception.").  Waymo has made no showing that the text messages in this exhibit were "kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that activity."  Fed. R. Evid. 803(6).<br><br>Waymo also has made no showing of how this document is relevant for issues other than the truth of its contents, and Waymo has not identified those purported issues.<br><br>**FRE 106, 402, 403:**  These are text messages/chats from 2012, long before the issues in this litigation arose.  This is also an improper compilation of chats and texts pieced together from many years, which could confuse the jury.  For that reason, they are also incomplete because they do not always include the responses and other relevant messages that provide context. |
| **103** | Legal Overview | Richard Jacobs | **FRE 801(d)(2)(D)**: Admission of | Ex. 103 is Anthony Levandowski's Stroz attestation – |

**Defendants' Response to Appendix B of Waymo's Offer of Proof:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|---|---|---|---|---|
| | Presentation | Craig Clark<br>Angella Padilla<br>Mat Henley<br>Nick Gincinto<br>Ed Russo<br>Jake Nocon | party opponent agent<br>**FRE 803(6)**: Business record | not a legal overview presentation.  The Legal Overview Presentation is Ex. 36.  Below are objections to Levandowski's attestation.<br><br>**FRE 801(d)(2)(D):**  Levandowski's statements are not party admissions because Levandowski did not make the statements "within the scope of an employment or agency relationship."  *U.S. v. Bonds*, 608 F.3d 495, 502 (9th Cir. 2010).  As this Court has found, the diligenced employees (such as Levandowski) participated in the diligence process in their individual capacity.  *See* Dkt. 566 at 7-8 (affirmed, Dkt. 685) (rejecting Levandowski's argument that the Stroz report is privileged because the record shows counsel for Uber and Ottomotto, not for Levandowski, directed the investigation); Dkt. 670 at 2 (affirmed, Dkt. 745) ("The Court previously found that Stroz was the agent of Otto and Uber, not Levandowski, and therefore Levandowski had voluntarily disclosed the information to an unrelated third party.").<br><br>**FRE 803(6):**  Waymo does not cite to any evidence demonstrating this exception applies.  There is no evidence that Stroz regularly conducted investigations or generated written reports like the one reflected in this document.  *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 (9th Cir. 1984) (holding special audit report was not a business record despite the accounting firm regularly keeping records of audits); *In re Homestore.com, Inc.*, 2011 WL 291176, at *6 (C.D. Cal. Jan. 25, 2011) (excluding law firm's audit report |

**<u>Defendants' Response to Appendix B of Waymo's Offer of Proof</u>:**
**Sponsoring Witnesses and Admissibility for Non-Jacobs Related Documentary Evidence**

| Ex. | Description | Potential Sponsoring Witnesses | Potential Hearsay Exceptions | Uber's Responses to Hearsay Exceptions |
|-----|-------------|-------------------------------|------------------------------|----------------------------------------|
|     |             |                               |                              | containing, *inter alia*, interviews of Homestore employees because the report was not a record of regularly conducted business activity); *FTC v. AMG Servs., Inc.*, No. 2:12-cv-00536-GMN-VCF, 2016 WL 5791416, at *4 (D. Nev. Sept. 30, 2016) (excluding report containing individual's statements because it was not a regular report, but a "special investigation" conducted by a third party). Further, the exhibit is not a business record because it was prepared, in part, in anticipation of litigation.  Documents prepared in anticipation of litigation do not qualify as business records.  *See U.S. v. Olano*, 62 F.3d 1180, 1205-06 (9th Cir. 1995) (affirming exclusion of documents appearing to be prepared in anticipation of litigation for failing to qualify as business records); *Paddack*, 745 F.2d at 1258-59; *In re Homestore.com, Inc.*, No. 01-cv-11115 RSWL (CWx), 2011 WL 291176, at *6.<br><br>Also, Waymo has not moved to amend its trial witness list or to amend its Rule 26 subject matter disclosures for the sponsoring witnesses.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a)…, the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless."). |