MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzález@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: 212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**DECLARATION OF ERIC A. TATE IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSE TO WAYMO'S OFFER OF PROOF**<br><br>Trial Date: February 5, 2018 |

I, Eric A. Tate, declare as follows:

1. I am a member of the bar of the State of California and a partner with Morrison & Foerster LLP, counsel of record for Defendants Uber Technologies, Inc. and Ottomotto LLC in this action. I am admitted to practice before this Court. I submit this declaration in support of Defendants Uber Technologies, Inc. and Ottomotto LLC's Response to Waymo's Offer of Proof. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently as to these facts.

2. When this Court issued its Notice regarding the Jacobs demand letter on November 22, 2017, I did not have any recollection or knowledge of who Richard Jacobs was, nor had I ever heard of a 37-page demand letter being written by Clayton Halunen, counsel for Mr. Jacobs.

3. On subsequent investigation, I learned that on April 26, 2017, at 7:19 p.m., I had received an email from one of my partners, Chuck Duross, in our Washington D.C. office. That email was an email forwarding an email from Joe Spiegler, in-house counsel at Uber, which included the resignation email from Mr. Jacobs, dated April 14, 2017.

4. I received the April 26 email from Mr. Duross, but I do not recall reading the April 14, 2017 resignation email from Mr. Jacobs at that time. My work schedule during that time period was extremely heavy. On April 26, I was working on the sur-reply to the preliminary injunction motion as well as on document production in this litigation, a motion to dismiss and document production tasks in the *Google v. Anthony Levandowski and Lior Ron* arbitration ("Levandowski arbitration"), and a motion to dismiss in an arbitration for another client venued in another state. Similarly, the next day, on April 27, I spent much of the day handling a whistleblower issue for a client in another state on a rush basis. I also continued to work on the sur-reply to the preliminary injunction motion and on document production in this litigation, as well as a motion to dismiss and document production in the Levandowski arbitration. In addition, I also handled several employment law counseling and compliance issues for multiple clients over the course of the day.

5. Mr. Duross's emails related to a separate project Mr. Duross and his compliance team were performing for Uber. Another partner on the compliance team, Stacey Sprenkel, sent an email at 9:10 p.m. on April 26, 2017, asking for a resource for general information to assist in preparing for document review in this separate compliance matter. I replied to Ms. Sprenkel's email at 9:33 p.m. the same day and referenced the primary contact for eDiscovery at Uber. I further noted in my email that two other partners, Sylvia Rivera and Wendy Ray, might have more helpful information regarding general e-discovery issues. I was then dropped from the email chain.

6. From February 23, 2017, to October 31, 2017, I have billed time almost every day (including holidays and weekends) to this matter and have received dozens of emails each day on this matter alone. My work schedule during that time period was extremely heavy. In addition to my work on this litigation, I was handling discovery and motion practice in the Levandowski arbitration; trade secrets misappropriation and employee raiding matters for other clients in New York, Virginia, and California; whistleblower matters for other clients in Florida and Tennessee; a nationwide federal wage and hour collective action for another client; and a number of non-litigation matters for clients in California and elsewhere.

7. I did not see the 37-page Jacobs demand letter until after this Court issued its November 22, 2017 Notice. Similarly, I did not know about any mediation involving Mr. Jacobs until after this Court issued its Notice. I never intended to hide Mr. Jacobs's resignation email, the Jacobs demand letter, or the Jacobs mediation from this Court or from Waymo.

I declare until penalty of perjury that the foregoing is true and correct. Executed this 19th day of January, 2018 in San Francisco, California.

*/s/ Eric A. Tate*
Eric A. Tate

TATE DECLARATION ISO DEFENDANTS' RESPONSE TO WAYMO'S OFFER OF PROOF
Case No. 3:17-cv-00939-WHA
sf-3855001

2

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Eric A. Tate has concurred in this filing.

Dated: January 19, 2018

*/s/ Arturo J. González*
Arturo J. González