# EXHIBIT B

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzález@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: 212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S SECOND SET OF REQUESTS FOR PRODUCTION RELATING TO ISSUES IN JACOBS LETTER (NOS. 41-42)**<br><br>Trial Date: February 5, 2018 |

1  In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, and pursuant to the orders of the Court, Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively "Defendants") object and respond to Plaintiff Waymo LLC's ("Plaintiff") Requests for Production to Defendants Relating to Issues in Jacobs Letter, served at 2:49 p.m., on December 8, 2017 (as appropriate, "Requests for Production," "Requests," or "Request").

**GENERAL OBJECTIONS**

Defendants make the following general objections ("General Objections") to each definition, instruction, and request propounded in Plaintiff's Requests for Production. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to the individual requests does not waive any of Defendants' General Objections.

1. Defendants object to each Request, Definition, or Instruction to the extent it seeks or purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or the applicable rules and orders of this Court. In particular, but without limitation, Defendants object that the purported deadline for responding to the Requests is inconsistent with the Federal Rules of Civil Procedure and is unreasonable and unduly burdensome.

2. Nothing in these responses is an admission by Defendants of the existence, relevance, or admissibility of any information, for any purpose. Defendants reserve all objections as to competency, relevance, materiality, privilege, or admissibility related to the use of their responses and any document or thing identified in their responses as evidence for any purpose whatsoever in any subsequent proceeding in this action or any other action.

3. Defendants object to each Request to the extent that it is overbroad and not proportional to the needs of the case, considering the importance of the issues in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. Defendants object to each Request to the extent it seeks a response from persons or

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF RFPS RE ISSUES IN JACOBS LETTER (NOS. 41-42)
Case No. 3:17-cv-00939-WHA
sf-3849522

1

1  entities that are not parties to the lawsuit and over whom Defendants have no control.  Defendants
2  respond to the Requests on Defendants' own behalf.
3        5.      To the extent any Request, Instruction, or Definition may be construed as calling
4  for disclosure of information subject to the attorney-client privilege, work product immunity,
5  joint defense or common interest, or any other applicable privilege or protection, Defendants
6  hereby claim such privileges and immunities and object on such grounds.  Defendants do not
7  waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint
8  defense or common-interest privilege or any other privilege, immunity, or other protection that
9  may be asserted to protect information from disclosure.
10        8.      Defendants object to the Requests to the extent that they are compound, complex
11  and contain multiple subparts.
12        9.      Defendants object to the definitions of "WAYMO" and "GOOGLE" as overbroad,
13  vague, and ambiguous because Defendants do not know, for example, all "current and former
14  employees, counsel, agents, consultants, representatives, and any other persons acting on behalf
15  of" each entity.
16        10.      Defendants object to the definition of "UBER" as overbroad, circular, and
17  indecipherable in purporting to include all "officers, directors, current and former employees,
18  counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the
19  foregoing," and all "affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns,
20  predecessors and successors in interest, and any other legal entities, whether foreign or domestic,
21  that are owned or controlled by UBER, and all predecessors and successors interest to such
22  entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in
23  part by UBER."  Uber responds to these Requests on its own behalf.
24        11.      Defendants object to the definition of "OTTOMOTTO" as overbroad, circular, and
25  indecipherable in purporting to include all "officers, directors, current and former employees,
26  counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the
27  foregoing," and all "affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns,
28  predecessors and successors in interest, and any other legal entities, whether foreign or domestic,

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF RFPS RE ISSUES IN JACOBS LETTER (NOS. 41-42)
Case No. 3:17-cv-00939-WHA
sf-3849522

2

1  that are owned or controlled by OTTOMOTTO, and all predecessors and successors interest to
2  such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole
3  or in part by OTTOMOTTO." Ottomotto responds to these Requests on its own behalf.

4     12.    Defendants object to the definitions of "DOCUMENTS" AND
5  "COMMUNICATIONS" to the extent they are overbroad, not reasonably particularized, and seek
6  or purport to impose obligations beyond or inconsistent with those imposed by the Federal Rules
7  of Civil Procedure, Federal Rules of Evidence, or the applicable rules and orders of this Court,
8  including in seeking material that is not reasonably accessible.

9     13.    Defendants object to the definitions of "REGARDING" as overbroad and not
10  reasonably particularized.

11     14.    Defendants object to Instruction No. 1 as overbroad, unduly burdensome, and not
12  proportional to the needs of the case to the extent it purports to impose duties greater than those
13  set forth in the Federal Rules and the Court's orders, including to the extent it purports to require
14  the production of documents or information not in the Defendants' possession, custody, or
15  control.

16     15.    Defendants object to Instruction Nos. 2 and 4 through 7 as overbroad, unduly
17  burdensome, and not proportional to the needs of the case to the extent they purport to impose
18  duties greater than those set forth in the Federal Rules and the Court's orders.

19     16.    Defendants object to Instruction No. 8 as overbroad, unduly burdensome, and not
20  proportional to the needs of the case to the extent it purports to impose duties greater than those
21  set forth in the Federal Rules and the Court's orders.

22     17.    Defendants object to Instruction No. 9 as overbroad, unduly burdensome, and not
23  proportional to the needs of the case to the extent it purports to impose duties greater than those
24  set forth in the Court's Supplemental Order and the Federal Rules of Civil Procedure.

25     18.    Defendants object to the proposed Definitions because they violate the rules of
26  grammar and create nonsensical and unintelligible Requests. Defendants will respond to each
27  Request by applying the normal rules of grammar and generally-accepted meanings of undefined
28  terms.

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF RFPS RE ISSUES IN JACOBS LETTER (NOS. 41-42)
Case No. 3:17-cv-00939-WHA
sf-3849522

3

Subject to and without waiving its General Objections, Defendants object and respond to the Requests as follow:

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS and COMMUNICATIONS REGARDING any decision by UBER to stop using Wickr, Telegram or any other ephemeral communications system, including but not limited to the decision referenced in Dara Khosrowshahi's tweet at 9:58 AM on November 29, 2017: "True that Wickr, Telegram were used often at Uber when I came in. As of Sept 27th I directed my teams NOT to use such Apps when discussing Uber-related business." (https://twitter.com/dkhos/status/935930977196548096).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendants will produce responsive, non-privileged documents, to the extent they exist, within the custody, possession, or control of Defendants located through a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery.

Defendants object that they were provided two business days to identify, collect, and produce documents responsive to Waymo's additional document requests. Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request as irrelevant, overbroad, not reasonably particular, and not proportional to the needs of the case to the extent that it seeks "ALL DOCUMENTS and COMMUNICATIONS REGARDING any decision . . . ." Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the JACOBS LETTER or the allegations of trade secret misappropriation at issue in this case. Defendants further object to this Request as vague and confusing with regard to the undefined terms "stop using," and "any other ephemeral communications system." Defendants further object to this Request to the extent it seeks information not within Defendants' possession,

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF RFPS RE ISSUES IN JACOBS LETTER (NOS. 41-42)
Case No. 3:17-cv-00939-WHA
sf-3849522

4

custody, or control and not kept by Defendants in the ordinary course of business.  Defendants further object to this Request because it is not limited in time, and will produce information from a reasonable time period as it relates to this case and the specific issues that are the focus of this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS and COMMUNICATIONS REGARDING policies, instructions, advice, or guidance provided to OTTOMOTTO employees, or any person acting on behalf of UBER or OTTOMOTTO REGARDING methods or strategies to decrease the probability that documents are discoverable in litigation or government investigations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

After a reasonably diligent search in view of the extraordinarily expedited schedule for supplemental discovery, Defendants have found no responsive documents.

Defendants object that they were provided two business days to identify, collect, and produce documents responsive to Waymo's additional document requests, if any.  Any production that is made and all searches performed are limited to what is possible to do in such a short amount of time.  Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.  Defendants further object to this Request as irrelevant, overbroad, not reasonably particular, and not proportional to the needs of the case to the extent that it seeks "ALL DOCUMENTS and COMMUNICATIONS REGARDING . . . ." Defendants further object to this Request as irrelevant, overbroad, and not proportional to the needs of the case to the extent that it seeks documents relating to subjects that have nothing to do with the JACOBS LETTER or the allegations of trade secret misappropriation at issue in this case.  Defendants further object to this Request as vague and confusing with regard to the undefined terms "policies," "instructions," "advice," "guidance," "provided to," "employees," "any person acting on behalf of," "methods," "strategies," and "decrease the probability that documents are discoverable in litigation or governmental investigations."  Defendants further object to this Request to the extent it seeks information not within Defendants' possession,

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF RFPS RE ISSUES IN JACOBS LETTER (NOS. 41-42)
Case No. 3:17-cv-00939-WHA
sf-3849522

5

custody, or control and not kept by Defendants in the ordinary course of business.  Defendants further object to this Request because it is not limited in time, and will produce information from a reasonable time period as it relates to this case and the specific issues that are the focus of this Request.

Dated: December 12, 2017              MORRISON & FOERSTER LLP

                                      By: */s/ Arturo J. González*
                                          ARTURO J. GONZÁLEZ

                                          Attorneys for Defendants
                                          UBER TECHNOLOGIES, INC.
                                          and OTTOMOTTO LLC

DEFENDANTS' OBJECTIONS AND RESPONSES TO SECOND SET OF RFPS RE ISSUES IN JACOBS LETTER (NOS. 41-42)
Case No. 3:17-cv-00939-WHA
sf-3849522

6

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, CA 94304-1018. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on December 12, 2017, I served a true and correct copy of:

**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S SECOND SET OF REQUESTS FOR PRODUCTION RELATING TO ISSUES IN JACOBS LETTER (NOS. 41-42)**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| Recipient | Email Address: |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>James D. Judah<br>John W. McCauley<br>Felipe Corredor<br>Grant Margeson<br>Andrew M. Holmes<br>Jeff Nardinelli<br>Lindsay Cooper<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788<br><br>*Attorneys for Plaintiff Waymo LLC* | qewaymo@quinnemanuel.com |
| John L. Cooper<br>Farella Braun + Martel LLP<br>Russ Building<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br><br>*Special Master* | JCooper@fbm.com<br>MCate@fbm.com |

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Palo Alto, California, this 12th day of December, 2017.

| | |
|---|---|
| Ethel Villegas | */s/ Ethel Villegas* |
| (typed) | (signature) |

CERTIFICATE OF SERVICE
Case No. 3:17-cv-00939-WHA
sf-3849522
2