1    MICHAEL A. JACOBS (CA SBN 111664)
     MJacobs@mofo.com
2    ARTURO J. GONZÁLEZ (CA SBN 121490)
     AGonzález@mofo.com
3    MORRISON & FOERSTER LLP
     425 Market Street
4    San Francisco, California  94105-2482
     Tel: 415.268.7000 / Fax: 415.268.7522
5
     KAREN L. DUNN (*Pro Hac Vice*)
6    kdunn@bsfllp.com
     HAMISH P.M. HUME (*Pro Hac Vice*)
7    hhume@bsfllp.com
     BOIES SCHILLER FLEXNER LLP
8    1401 New York Avenue, N.W.
     Washington DC  20005
9    Tel:  202.237.2727 / Fax: 202.237.6131

10   WILLIAM CARMODY (*Pro Hac Vice*)
     bcarmody@susmangodfrey.com
11   SHAWN RABIN (*Pro Hac Vice*)
     srabin@susmangodfrey.com
12   SUSMAN GODFREY LLP
     1301 Avenue of the Americas, 32nd Floor
13   New York, NY  10019-6023
     Tel: 212.336.8330 / Fax: 212.336.8340
14

15   Attorneys for Defendants
     UBER TECHNOLOGIES, INC.
16   and OTTOMOTTO LLC

17                  UNITED STATES DISTRICT COURT

18                NORTHERN DISTRICT OF CALIFORNIA

19                   SAN FRANCISCO DIVISION

20

21   WAYMO LLC,                         Case No.    3:17-cv-00939-WHA

22              Plaintiff,              **DECLARATION OF WENDY J. RAY IN
                                        SUPPORT OF DEFENDANTS UBER**
23         v.                           **TECHNOLOGIES, INC. AND
                                        OTTOMOTTO LLC'S RESPONSE TO**
24   UBER TECHNOLOGIES, INC.,           **WAYMO'S OFFER OF PROOF**
     OTTOMOTTO LLC; OTTO TRUCKING
25   LLC,                               Trial Date: February 5, 2018

26              Defendants.

27

28

I, Wendy J. Ray, declare as follows:

1.      I am a member of the bar of the State of California and a partner with Morrison & Foerster LLP, counsel of record for Defendants Uber Technologies, Inc. and Ottomotto LLC in this action.  I am admitted to practice before this Court.  I submit this declaration in support of Defendants Uber Technologies, Inc. and Ottomotto LLC's Response to Waymo's Offer of Proof. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently as to these facts.

2.      When this Court issued its Notice regarding the Jacobs demand letter on November 22, 2017, I did not have any knowledge of who Richard Jacobs was, nor had I ever heard of a 37-page demand letter being written by Clayton Halunen, counsel for Mr. Jacobs.

3.      On subsequent investigation, I learned that on April 26, 2017, at 9:33 p.m., I was copied on an email from Eric Tate to Stacey Sprenkel, one of my partners in San Francisco, with the subject matter "Re: Criminal and Unethical Activities in Security," which generally addressed Uber e-discovery practices.  On April 27, 2017, at 5:55 a.m., I received a follow-up email from Stacey Sprenkel regarding the same subject matter.  I read the two emails with the e-discovery questions and responded at 6:18 a.m. with my input on that issue.  My partner Sylvia Rivera also exchanged emails with Stacey Sprenkel, on which I was copied, at 7:00 a.m., 7:02 a.m., and 10:05 a.m., all of which pertained to Uber's e-discovery practices.  I never scrolled down past the emails with the e-discovery questions and did not know that Mr. Jacobs's resignation email was in the chain until one of the associates preparing Morrison & Foerster's privilege log asked me a question about the email chain on December 8, 2017.

4.      Since joining the Uber trial team for this matter shortly after it was filed, I have billed time almost every single day (including holidays and weekends) to this matter and have received dozens of emails each day on this matter alone.  In addition, I also was handling discovery for two other busy large matters, as well as other smaller matters.  My work schedule during that time period was extremely heavy.  On subsequent investigation, I learned that on the days that I received the email chains containing the Jacobs resignation email, i.e., April 26 and 27, 2017, I was handling significant aspects of the preliminary injunction sur-reply, continued

RAY DECLARATION ISO DEFENDANTS' RESPONSE TO WAYMO'S OFFER OF PROOF
Case No. 3:17-cv-00939-WHA
la-1369665

1

1   forensic searching, document review and production issues, and the joint case management

2   statement for this matter.  In addition, on April 26, I prepared a witness for deposition in one of

3   my two other large matters and negotiated an ESI order in the other.  On April 27, I was handling

4   discovery for these other matters.

5        5.      I did not see the Jacobs resignation email or 37-page Jacobs demand letter until

6   after this Court issued its November 22, 2017 Notice.  Similarly, I did not know about any

7   mediation involving Mr. Jacobs until after this Court issued its Notice.  I never intended to—and

8   could not have had the intention to—hide Mr. Jacobs's resignation email, the Jacobs demand

9   letter, or the Jacobs mediation from this Court or from Waymo.

10

11        I declare until penalty of perjury that the foregoing is true and correct.  Executed this

12   19th day of January, 2018 in Los Angeles, California.

13

14                                              _____
                                                  /s/Wendy J. Ray
                                                  Wendy J. Ray

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION OF E-FILED SIGNATURE**

I, Arturo J. González, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Wendy J. Ray has concurred in this filing.

Dated:  January 19, 2018                    _/s/ Arturo J. González_
                                              Arturo J. González