MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzález@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: 212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**DECLARATION OF ARTURO J. GONZALEZ IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSE TO WAYMO'S OFFER OF PROOF**<br><br>Trial Date: February 5, 2018 |

1  I, Arturo J. Gonzalez, declare as follows:

2  1.  I am a member of the bar of the State of California and a partner with Morrison & Foerster LLP, counsel of record for Defendants Uber Technologies, Inc. and Ottomotto LLC in this action. I am a Fellow with the American Board of Trial Advocates and the International Academy of Trial Lawyers and am an Associate with the American Board of Trial Advocates. I am admitted to practice before all state and federal courts in California. I submit this declaration in support of Defendants Uber Technologies, Inc. and Ottomotto LLC's Response to Waymo's Offer of Proof. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently as to these facts.

2.  When this Court issued its Notice regarding the Jacobs demand letter on November 22, 2017, I did not have any recollection or knowledge of who Richard Jacobs was, nor had I ever heard of a 37-page demand letter being written by Clayton Halunen, counsel for Mr. Jacobs.

3.  On subsequent investigation, I learned that on April 26, 2017, at 7:19 p.m., I had received an email from one of my partners, Chuck Duross, in our Washington D.C. office. That email was an email forward of an email from Joe Spiegler, in-house counsel at Uber, which included the resignation email from Mr. Jacobs, dated April 14, 2017. Later that evening, after 9:00 p.m., I was copied on two other emails between partners in my firm that generally addressed Uber e-discovery issues. I was then dropped from the chain. I do not believe that I read the April 26 emails from Mr. Duross, or either of the subsequent emails addressing e-discovery issues. My work schedule during that time period was extremely heavy, and I had delegated e-discovery tasks to two of my partners, Sylvia Rivera and Wendy Ray.

4.  On the day that I received the Jacobs resignation email, i.e., April 26, 2017, I attended a lengthy (almost all-day) settlement conference before Judge Laporte in this litigation. I also met and conferred with Waymo's counsel regarding discovery disputes, prepared a letter brief on discovery issues, worked on the sur-reply opposition to Waymo's motion for preliminary injunction, and prepared for a discovery hearing before Judge Corley. The following day, on April 27, 2017, I attended a lengthy hearing (approximately three hours long) in this Court on

Uber's motion to compel arbitration, attended a discovery hearing before Judge Corley, and was involved in numerous email exchanges regarding discovery issues.  In addition, I worked four hours on pretrial filings for a matter that I tried for VMware in June 2017 before Judge Haywood Gilliam.

5. Since assuming the role as trial counsel for Uber in this matter shortly after it was filed, I have billed time almost every single day (including holidays and weekends) and have received dozens of emails each day on this matter alone.  In addition to trying the VMware matter in June 2017, I also served as lead trial counsel on a number of other matters for other clients during 2017, including a matter that was scheduled to be tried in Los Angeles Superior Court in September, but which was continued.

6. I did not see the 37-page Jacobs demand letter until after this Court issued its November 22, 2017 Notice.  Similarly, I did not know about any mediation involving Mr. Jacobs until after this Court issued its Notice.  I never intended to hide Mr. Jacobs's resignation email, the Jacobs demand letter, or the Jacobs mediation from this Court or from Waymo.

7. Attached hereto as **Exhibit A** is a declaration that was signed by my partner, Chuck Duross, last month and provided to Waymo in lieu of a deposition, as suggested by the Special Master.

8. In an Order dated January 3, 2018 (Dkt. 2447), this Court asked whether it was true that Waymo knew before the release of the Jacobs materials that Uber had used ephemeral communications.  Lior Ron from Uber was deposed on June 19, 2017, and testified that he and Mr. Levandowski both used Telegram.  In addition, on August 18, 2017, Eric Meyhofer from Uber also testified that he had communicated with Mr. Levandowski using Telegram.  True and correct excerpts from these two depositions are attached hereto as **Exhibits B and C**, respectively.

I declare until penalty of perjury that the foregoing is true and correct. Executed this 19th day of January, 2018 in Honolulu, Hawaii.

<em>/s/Arturo J. González</em><br>
Arturo J. González