MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzález@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel:   415.268.7000 / Fax:   415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel:   202.237.2727 / Fax:   202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019-6023
Tel: 212.336.8330 / Fax:  212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                    Defendants. | Case No.       3:17-cv-00939-WHA<br><br>**DECLARATION OF**<br>**KEVIN FAULKNER IN SUPPORT OF**<br>**DEFENDANTS UBER**<br>**TECHNOLOGIES, INC. AND**<br>**OTTOMOTTO'S RESPONSE TO**<br>**WAYMO'S OFFER OF PROOF**<br><br>Trial:       February 5, 2018 |

I, Kevin Faulkner, declare as follows:

1. I am a Managing Director and head of the national digital forensics and incident response practice at Stroz Friedberg. I make this declaration based on personal knowledge and information developed during the course of investigation and, if called as a witness, I would testify to the facts listed below.

2. Stroz Friedberg conducted further investigation due to the allegations made by Richard Jacobs in his April 14, 2017 resignation email and May 5, 2017 demand letter from his attorney about the use of non-attributable devices, anonymous servers, and virtual machines.

3. Stroz Friedberg previously identified all data sources for LiDAR custodians and former Google employees at Uber. There were no non-attributable devices or anonymous servers identified in this process. There were some virtual machines located in the process, which were all harvested, processed, searched, and reviewed. After learning of the Jacobs allegations, Stroz Friedberg interviewed ten ATG custodians to check again whether they used non-attributable devices or anonymous servers, and confirmed that they and other members of ATG did not.

4. Stroz Friedberg collected data from all non-attributable devices from members of the Strategic Services Group ("SSG") and Marketing Analytics ("MA") team, (collectively, the "MA/SSG custodians"), which were the groups identified by Mr. Jacobs as using these types of devices and servers. In addition, Stroz Friedberg collected the Amazon Web Services environment used by the MA/SSG custodians and the virtual machines that it contained. In total, Stroz Friedberg collected 28.7 terabytes of data from the MA/SSG custodians. This collection of data included 20 Uber corporate devices, 36 non-attributable devices, 8 external storage devices, 10 restorations of computer backups, 102 cloud-based servers, data from the Uber corporate Google Mail and Drive accounts of the MA/SSG custodians, and a non-attributable group Google Mail and Drive account.

5. Stroz Friedberg searched all the collected data using the file names, hash values, and keywords previously used to search for the 14,000 files taken by Mr. Levandowski plus additional keywords based on Mr. Jacobs' allegations, including "Waymo" and code names used

by the MA/SSG custodians for Google and Waymo. Stroz Friedberg found no Waymo or Google confidential material in any of the 28.7 terabytes of data collected for the MA/SSG custodians.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 19th day of January, 2018 in Las Vegas, Nevada.

_____
Kevin Faulkner