1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzález@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Tel: 415.268.7000 / Fax: 415.268.7522
5

6   KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
7   HAMISH P.M. HUME (*Pro Hac Vice*)
    hhume@bsfllp.com
7   BOIES SCHILLER FLEXNER LLP
8   1401 New York Avenue, N.W.
    Washington DC  20005
9   Tel:  202.237.2727 / Fax: 202.237.6131

10  WILLIAM CARMODY (*Pro Hac Vice*)
    bcarmody@susmangodfrey.com
11  SHAWN RABIN (*Pro Hac Vice*)
    srabin@susmangodfrey.com
12  SUSMAN GODFREY LLP
    1301 Avenue of the Americas, 32nd Floor
13  New York, NY  10019-6023
    Tel:  212.336.8330 / Fax: 212.336.8340
14

15  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
16  and OTTOMOTTO LLC

17              UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA

19              SAN FRANCISCO DIVISION

20

| | |
|---|---|
| 21  WAYMO LLC, | Case No.      3:17-cv-00939-WHA |
| 22            Plaintiff, | **DECLARATION OF ESTHER KIM CHANG IN SUPPORT OF** |
| 23         v. | **DEFENDANTS UBER TECHNOLOGIES, INC. AND** |
| 24  UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING | **OTTOMOTTO LLC'S RESPONSE TO WAYMO'S OFFER OF PROOF** |
| 25  LLC, | Trial Date: February 5, 2018 |
| 26            Defendants. | |

27

28

I, Esther Kim Chang, declare as follows:

1.      I am an attorney with the law firm of Morrison & Foerster LLP.  I am a member in good standing of the Bar of the State of California.  I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.  I make this declaration in support of Defendants Uber Technologies, Inc. and Ottomotto LLC's Response to Waymo's Offer of Proof.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently as to these facts.

2.      Attached hereto as **Exhibit 1** are relevant pages from the deposition of Don Burnette, taken on October 13, 2017.

3.      Attached hereto as **Exhibit 2** are relevant pages from the deposition of Craig Clark, taken on December 22, 2017.

4.      Attached hereto as **Exhibit 3** are relevant pages from the deposition of Alex Cooper, taken on August 23, 2017.

5.      Attached hereto as **Exhibit 4** are relevant pages from the deposition of Eric Friedberg, taken on September 28, 2017.

6.      Attached hereto as **Exhibit 5** are relevant pages from the deposition of Nicholas Gicinto, taken on December 21, 2017.

7.      Attached hereto as **Exhibit 6** are relevant pages from the 30(b)(6) deposition of Randy Haimovici, taken on December 22, 2017.

8.      Attached hereto as **Exhibit 7** are relevant pages from the individual deposition of Mathew Henley, taken on December 22, 2017.

9.      Attached hereto as **Exhibit 8** are relevant pages from the 30(b)(6) deposition of Mathew Henley, taken on December 22, 2017.

10.      Attached hereto as **Exhibit 9** are relevant pages from the deposition of Richard Jacobs, taken on December 20, 2017.

11.      Attached hereto as **Exhibit 10** are relevant pages from the deposition of Scott Johnston, taken on December 14, 2017.

1    12.    Attached hereto as **Exhibit 11** are relevant pages from the deposition of

2  Travis Kalanick, taken on December 14, 2017.

3    13.    Attached hereto as **Exhibit 12** are relevant pages from the deposition of

4  Kevin Maher, taken on December 12, 2017.

5    14.    Attached hereto as **Exhibit 13** are relevant pages from the deposition of

6  Sidney Majalya, taken on December 20, 2017.

7    15.    Attached hereto as **Exhibit 14** are relevant pages from the deposition of

8  Eric Meyhofer, taken on August 18, 2017.

9    16.    Attached hereto as **Exhibit 15** are relevant pages from the deposition of

10  Rhian Morgan, taken on October 4, 2017.

11    17.    Attached hereto as **Exhibit 16** are relevant pages from the deposition of

12  Rhian Morgan, taken on November 21, 2017.

13    18.    Attached hereto as **Exhibit 17** are relevant pages from the deposition of

14  Jake Nocon, taken on December 19, 2017.

15    19.    Attached hereto as **Exhibit 18** are relevant pages from the deposition of

16  Angela Padilla, taken on December 22, 2017.

17    20.    Attached hereto as **Exhibit 19** are relevant pages from the deposition of Lior Ron,

18  taken on June 19, 2017.

19    21.    Attached hereto as **Exhibit 20** are relevant pages from the 30(b)(6) deposition of

20  Lior Ron, taken on December 12, 2017.

21    22.    Attached hereto as **Exhibit 21** are relevant pages from the individual deposition of

22  Lior Ron, taken on December 12, 2017.

23    23.    Attached hereto as **Exhibit 22** are relevant pages from the deposition of

24  Edward Russo, taken on December 20, 2017.

25    24.    Attached hereto as **Exhibit 23** are relevant pages from the deposition of

26  Joe Spiegler, taken on December 22, 2017.

27    25.    Attached hereto as **Exhibit 24** are relevant pages from the deposition of

28  Shaun Stewart, taken on December 19, 2017.

26.     Attached hereto as **Exhibit 25** are relevant pages from the deposition of Ognen Stojanovski, taken on July 20, 2017.

27.     Attached hereto as **Exhibit 26** are relevant pages from the deposition of Joe Sullivan, taken on December 14, 2017.

28.     Attached hereto as **Exhibit 27** are relevant pages from the deposition of Salle Yoo, taken on December 14, 2017.

29.     Attached hereto as **Exhibit 28** is a true and correct copy of a document produced in this litigation bearing Bates numbers CFL000297 to CFL000300.

30.     Attached hereto as **Exhibit 29** is a true and correct copy of a document produced in this litigation bearing Bates numbers UBER00063696 to UBER00063698.

31.     Attached hereto as **Exhibit 30** is a true and correct copy of a document produced in this litigation bearing Bates numbers UBER00006435 to UBER00006443.

32.     Attached hereto as **Exhibit 31** is a true and correct copy of a document produced in this litigation bearing Bates number UBER00330899 to UBER00330901.

33.     **Exhibit 32 Intentionally Not Used**.

34.     Attached hereto as **Exhibit 33** is a true and correct copy of a document produced in this litigation bearing Bates number UBER00338417.

35.     Attached hereto as **Exhibit 34** is a true and correct copy of a document produced in this litigation bearing Bates numbers UBER00340331 to UBER00340359.

36.     Attached hereto as **Exhibit 35** is a true and correct copy of a document produced in this litigation bearing Bates numbers UBER00340360 to UBER00340390.

37.     Attached hereto as **Exhibit 36** is a true and correct copy of a document produced in this litigation bearing Bates numbers UBER00340391 to UBER00340416.

38.     Attached hereto as **Exhibit 37** is a true and correct copy of a document produced in this litigation bearing Bates numbers UBER00355965 to UBER00355967.

39.     Attached hereto as **Exhibit 38** is a true and correct copy of a document produced in this litigation bearing Bates numbers WAYMO-UBER-00006373.

1    40.    Attached hereto as **Exhibit 39** is a true and correct copy of a document produced

2    in this litigation bearing Bates numbers WAYMO-UBER-00009646 to

3    WAYMO-UBER-00009647.

4    41.    Attached hereto as **Exhibit 40** is a true and correct copy of a document produced

5    in this litigation bearing Bates numbers WAYMO-UBER-00027031 to

6    WAYMO-UBER-00027033.

7    42.    Attached hereto as **Exhibit 41** is a true and correct copy of a document produced

8    in this litigation bearing Bates numbers WAYMO-UBER-00034071 to

9    WAYMO-UBER-00034073.

10    43.    Attached hereto as **Exhibit 42** is a true and correct copy of a document produced

11    in this litigation bearing Bates numbers WAYMO-UBER-00145114 to

12    WAYMO-UBER-00145127.

13    44.    Attached hereto as **Exhibit 43** is a true and correct copy of a document produced

14    in this litigation bearing Bates numbers WAYMO-UBER-00145156 to

15    WAYMO-UBER-00145157.

16    45.    Attached hereto as **Exhibit 44** is a true and correct copy of a document produced

17    in this litigation bearing Bates numbers WAYMO-UBER-00145158 to

18    WAYMO-UBER-00145159.

19    46.    Attached hereto as **Exhibit 45** is a true and correct copy of a document produced

20    in this litigation bearing Bates number WAYMO-UBER-00145215.

21    47.    Attached hereto as **Exhibit 46** is a true and correct copy of a document produced

22    in this litigation bearing Bates numbers WAYMO-UBER-00145216 to

23    WAYMO-UBER-00145217.

24    48.    Attached hereto as **Exhibit 47** is a true and correct copy of a document produced

25    in this litigation bearing Bates number WAYMO-UBER-00145218.

26    49.    Attached hereto as **Exhibit 48** is a true and correct copy of a document produced

27    in this litigation bearing Bates numbers WAYMO-UBER-00145160 to

28    WAYMO-UBER-00145214.

1    50.    Attached hereto as **Exhibit 49** is a true and correct copy of Exhibit 2305 to the

2    deposition of Shaun Stewart, taken on December 19, 2017.

3    51.    Attached hereto as **Exhibit 50** is a true and correct copy of Exhibit 9002 to the

4    deposition of Lior Ron, taken on December 12, 2017

5    52.    Attached hereto as **Exhibit 51** is a true and correct copy of an email from Arturo

6    González to James Judah, dated November 19, 2017.

7    53.    Attached hereto as **Exhibit 52** is a true and correct copy of an email from Andrea

8    Roberts to Uber counsel, dated November 29, 2017.

9    54.    Attached hereto as **Exhibit 53** is a true and correct copy of the June 3, 2010 Stroz

10   Friedberg Source Code Analysis Report prepared for Google, available at

11   https://www.google.com/googleblogs/pdfs/friedberg_sourcecode_analysis_060910.pdf.

12   55.    Attached hereto as **Exhibit 54** is a true and correct copy of relevant pages from

13   Defendant Uber Technologies, Inc. and Ottomotto LLC's Responses to Waymo's First Set of

14   Expedited Interrogatories Pursuant to Paragraph Six of the May 11, 2017 Preliminary Injunction

15   Order (Nos. 1-9), dated June 5, 2017.

16   56.    Attached hereto as **Exhibit 55** is a true and correct copy of relevant pages from

17   Defendants Uber Technologies, Inc. and Ottomotto LLC's Responses to Waymo's Third Set

18   Common Interrogatories (Nos. 8-9), dated August 14, 2017.

19   57.    Attached hereto as **Exhibit 56** is a true and correct copy of the September 5, 2017

20   Supplemental Log Pursuant to Orders on Motion for Preliminary Relief Special Master's

21   Protocol.

22   58.    Attached hereto as **Exhibit 57** is a true and correct copy of relevant pages from the

23   Expert Report of Andy Crain, dated October 23, 2017.

24   59.    Attached hereto as **Exhibit 58** is a true and correct copy of relevant pages from

25   Plaintiff Waymo's Submission to Special Master Cooper Regarding Uber's Obligation to Produce

26   Jacobs Letter and Related Documents, dated December 5, 2017.

27

28

60.     Attached hereto as **Exhibit 59** is a true and correct copy of relevant pages from Plaintiff's Responses and Objections to Uber's Interrogatory Nos. 51-56, dated December 19, 2017.

61.     Attached hereto as **Exhibit 60** is a true and correct copy of Uber's "Inventory of Non-Attributable Devices," as revised on January 16, 2018.

62.     Attached hereto as **Exhibit 61** is a true and correct copy of relevant pages from Docket Entry No. 483, dated October 21, 2010, from *Function Media, LLC v. Google, Inc.,* Case No. 2007-cv-279 (E.D. Texas).

63.     Attached hereto as **Exhibit 62** is a true and correct copy of Docket Entry No. 416, dated January 26, 2010, from *Function Media, LLC v. Google, Inc.,* Case No. 2007-cv-279 (E.D. Texas).

64.     Attached hereto as **Exhibit 63** is a true and correct copy of an excerpt of Uber's litigation hold relating to chat applications or instant messaging applications.

65.     Attached hereto as **Exhibit 64** is a true and correct copy of an article entitled "Rivals Chasing Velodyne in Lidar Race," available at https://www.eetimes.com/document.asp?doc_id=1330321, dated August 18, 2016.

66.     Attached hereto as **Exhibit 65** is a true and correct copy of a document produced in this litigation bearing Bates numbers UBER00218222 to UBER00218227.

67.     Attached hereto as **Exhibit 66** is a true and correct copy of a document produced in this litigation bearing Bates numbers UBER00218250 to UBER00218255.

68.     Attached hereto as **Exhibit 67** is a true and correct copy of a document produced in this litigation bearing Bates numbers UBER00074666.

69.     Attached hereto as **Exhibit 68** is a true and correct copy of a document produced in this litigation bearing Bates numbers UBER00285865.

70.     Attached hereto as **Exhibit 69** is a true and correct copy of a document produced in this litigation bearing Bates numbers UBER00337037 to UBER00337039.

71.     Attached hereto as **Exhibit 70** is a true and correct copy of an email from Sylvia Rivera, counsel for Uber, to counsel for Waymo, dated December 29, 2017.

72.     Attached hereto as **Exhibit 71** is a true and correct copy of relevant pages from Plaintiff's Fourth Supplemental Objections and Responses to Uber's Fifth Set of Interrogatories (Nos. 20, 24), dated August 30, 2017.

73.     Attached hereto as **Exhibit 72** is a true and correct copy of an email from Sylvia Rivera, counsel for Uber, to Andrea Roberts, counsel for Waymo, dated December 22, 2017.

74.     Attached hereto as **Exhibit 73** is a true and correct copy of an article entitled "Waymo's Self-Driving Chrysler Pacifica Begins Testing in San Francisco," available at https://techcrunch.com/2018/01/12/waymos-self-driving-chrysler-pacifica-begins-testing-in-san-francisco/, dated January 12, 2018.

75.     Attached hereto as **Exhibit 74** is a true and correct copy of an article entitled "Waymo's Self-Driving Minivan Spotted in San Francisco," available at https://www.theverge.com/2018/1/12/16884064/waymo-self-driving-car-spotted-san-francisco.

76.     Attached hereto as **Exhibit 75** is a true and correct copy of the Order Granting Uber's Petition to Vacate Arbitration Discovery Order, from *Uber Technologies, Inc. v. Google, Inc.*, Case No. CPF-17-515960 (Super. Ct. Cal. Jan. 16, 2018).

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 19th day of January, 2018 in San Francisco, California.


                                                        */s/ Esther Kim Chang*
                                                        ESTHER KIM CHANG

1

**ATTESTATION OF E-FILED SIGNATURE**

2

  I, Arturo J. Gonzalez, am the ECF User whose ID and password are being used to file this

3

Declaration.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Esther Kim Chang has

4

concurred in this filing.

5

Dated:  January 19, 2018         <u>   */s/ Arturo J. González*   </u>

6

                 ARTURO J. GONZÁLEZ

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28