# EXHIBIT 4

Page 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

```
_____
WAYMO LLC,                          )
                                    )
            Plaintiff,              )
                                    )
    vs.                             ) Case No.
                                    )
UBER TECHNOLOGIES, INC.;            ) 17-cv-00939-WHA
                                    )
OTTOMOTTO, LLC; OTTO TRUCKING LLC,  )
                                    )
            Defendants.             )
_____ )
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION OF ERIC FRIEDBERG

New York, New York

Thursday, September 28, 2017

Volume I

Reported by:

DANIELLE GRANT

Job No. 2714978

PAGES 1 - 304

 1   retained Google confidential information

 2   after they left Google.  And those exhibits

 3   speak to those issues.

 4           Q    When you were retained to

 5   conduct this investigation, did you have

 6   reason to believe that -- well, strike that.

 7                Who were you retained by to

 8   conduct this investigation?

 9           A    Counsel for Uber and counsel

10   for Ottomotto.

11           Q    And who were the law firms?

12           A    Morrison and Foerster, and

13   O'Melveny & Myers.

14           Q    And your understanding is that

15   you were retained by counsel and not Uber and

16   Ottomotto themselves?

17           A    I think the clients as set

18   forth in the engagement letter are the

19   outside counsel accounting on behalf of their

20   respective corporate clients.

21           Q    So in conducting the

22   investigation, was your understanding that

23   outside counsel was the client or that Uber

24   and Ottomotto were the clients?

25           A    The way we structure our

1    engagement letters in general, and as in this
2    case, our clients were the outside counsel
3    acting on behalf of their corporate clients
4    in order to give their corporate clients
5    legal advice.
6             Q    And this is a joint retention
7    by O'Melveny & Myers and Morrison and
8    Foerster?
9             A    Yes, sir.
10            Q    When you were retained to
11   conduct the investigation you described
12   earlier, were you told that Morrison and
13   Foerster and O'Melvney and Myers had reason
14   to believe, for example, that the diligence
15   employees had improperly retained Google
16   information after they left Google?
17            A    No.
18            Q    Did you have any understanding
19   at all as to why they were conducting this
20   investigation?
21            A    My understanding was that they
22   wanted to perform diligence before the
23   diligence employees either came to Ottomotto
24   or were potentially acquired by Uber into
25   whether or not the diligence employees had

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                    CERTIFICATE
 2   STATE OF NEW YORK )
 3                    )ss:
 4   COUNTY OF RICHMOND)
 5         I, DANIELLE GRANT, a Certified Shorthand
 6      Reporter, and Notary Public within and
 7      for the State of New York, do hereby
 8      certify:
 9      That ERIC FRIEDBERG, the witness whose
10      deposition is hereinbefore set forth,
11      was duly sworn by me and that such
12      deposition is a true record of the
13      testimony given by such witness.
14      I further certify that I am not related
15      to any of the parties to this action by
16      blood or marriage and that I am in no
17      way interested in the outcome of this
18      matter.
19      In witness whereof, I have hereunto set
20      my hand this 2nd day of October, 2017.
21
22
23
24      [signature: Danielle Grant]
25      DANIELLE GRANT
```

Page 304