# EXHIBIT 13

Page 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

```
WAYMO LLC,                         )
                                   )
            Plaintiff,             )
                                   ) Case No.
        vs.                        ) 3:17-cv-000939-WHA
                                   )
UBER TECHNOLOGIES, INC.;           )
OTTOMOTTO LLC; OTTO TRUCKING,      )
INC.,                              )
                                   )
            Defendants.            )
_____)
```

\*\*\* HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY \*\*\*

VIDEOTAPED DEPOSITION OF SIDNEY MAJALYA

San Francisco, California

Wednesday, December 20, 2017

Volume I

Reported by:

CARLA SOARES
CSR No. 5908
Job No. 2779413

Pages 1 - 267

```
                                                          Page 51
 1   BY MR. EISEMAN:                                     10:56:29
 2       Q   To the extent that you learned about the
 3   use of nonattributable devices at Uber, who did you
 4   have conversations with that provided that
 5   knowledge?                                          10:56:38
 6           MS. DUNN:  Objection to form.
 7           Actually, David, maybe we should take a
 8   break because I want to figure out if you can get
 9   what you need through an alternative means.
10           MR. EISEMAN:  Okay.                         10:56:58
11           THE VIDEO OPERATOR:  Going off the record.
12   The time is 10:56 a.m.
13           (Recess, 10:56 a.m. - 11:03 a.m.)
14           THE VIDEO OPERATOR:  Back on the record.
15   The time is 11:03 a.m.                              11:03:54
16           MS. DUNN:  So here's a suggestion:  If you
17   were to ask the witness, yes or no, whether he's
18   aware of any allegations apart from the allegations
19   brought by Mr. Jacobs with regard to nonattributable
20   devices or ephemeral messaging, you would probably  11:04:12
21   get the answers that you want.
22   BY MR. EISEMAN:
23       Q   Separate and apart from the allegations
24   that Mr. Jacobs has made, are you aware of any
25   allegations regarding the use of ephemeral          11:04:25
```

Page 52

1  communications or nonattributable devices at Uber?          11:04:27
2       A   No.  The reason I'm pausing is because it
3  was kind of a compound question asking about two
4  things.  But I'm aware of neither.
5       Q   You said you received a litigation hold in          11:04:54
6  this case, correct?
7       A   I believe so, yes.
8       Q   Do you know if the litigation hold
9  addressed the issue of ephemeral communications or
10 nonattributable devices?                                     11:05:06
11      A   I don't know.  I don't remember.
12      Q   Has Uber discontinued the use of ephemeral
13 communications as part of its business practices?
14      A   I believe a directive has been sent out
15 to -- instructing everyone at the company not to use         11:05:42
16 these types of devices or communication methods.
17      Q   When was that directive sent?
18      A   I don't recall.  It would have been
19 sometime in the last couple of months, I believe.
20      Q   Who sent out the directive?                         11:06:11
21      A   I don't remember.  It was either our new
22 CEO, Dara, or Tony West.
23      Q   That was by way of a written communication
24 to the entire company, correct?
25      A   That's my recollection, yes.                        11:06:58

Page 54

```
 1       Q   Other than those two meetings, have you         11:08:46
 2   had any -- or have you done any work related to ATG?
 3       A   I don't believe so.
 4       Q   To your knowledge, has anyone at Uber ever
 5   given instructions on designating documents as          11:09:11
 6   attorney-client privileged that you believe were
 7   inappropriate?
 8           MS. DUNN:  Objection to form.
 9           THE WITNESS:  Are you talking about
10   outside of the allegations in the Jacobs letter?        11:09:34
11   BY MR. EISEMAN:
12       Q   Let me ask a different question.
13           Mr. Majalya, are you aware of anyone at
14   Uber instructing other Uber employees to designate
15   documents as privileged that you did not believe        11:09:52
16   were privileged?
17           MS. DUNN:  Objection to form.
18           THE WITNESS:  I don't believe I'm aware of
19   that.
20   BY MR. EISEMAN:                                         11:10:19
21       Q   Are you aware of any situations -- let me
22   start again.
23           Are you aware of any Uber employees
24   marking documents as being covered by the
25   attorney-client privilege where you didn't actually     11:10:29
```

1    I, the undersigned, a Certified Shorthand
2    Reporter of the State of California, do hereby
3    certify:

     That the foregoing proceedings were taken
4    before me at the time and place herein set forth;
5    that any witnesses in the foregoing proceedings,
6    prior to testifying, were administered an oath; that
7    a record of the proceedings was made by me using
     machine shorthand which was thereafter transcribed
8    under my direction; that the foregoing transcript is
9    a true record of the testimony given.

10   Further, that if the foregoing pertains to
11   the original transcript of a deposition in a Federal
     Case, before completion of the proceedings, review
12   of the transcript [ ] was [X] was not requested.

13   I further certify I am neither financially
14   interested in the action nor a relative or employee
15   of any attorney or any party to this action.

16   IN WITNESS WHEREOF, I have this date
     subscribed my name.

17

18   Dated: December 21, 2017

19
20
21
22
23              *Carla Soares*
24              CARLA SOARES
25              CSR No. 5908

Page 267