# EXHIBIT 15

Page 221

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WAYMO LLC,

        Plaintiff,

vs.                           Case No.

UBER TECHNOLOGIES, INC.;      3:17-cv-00939-WHA

OTTOMOTTO LLC; OTTO TRUCKING LLC,

        Defendants.

_____/

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

CONTINUED VIDEOTAPED DEPOSITION OF

RHIAN MORGAN, VOLUME III

WEDNESDAY, OCTOBER 4, 2017

Reported by:

Anrae Wimberley

CSR No. 7778

Job No. 2720767

PAGES 221 - 377

```
                                                          Page 267
1        Q.   Ms. Morgan, do you recognize the facility       09:40:34
2   that is photographed in this document?
3        A.   I do.
4        Q.   What is it?
5        A.   It's Shred Works.                               09:40:39
6        Q.   Who would you deal with when you went to
7   Shred Works?
8        A.   Who would I deal with, as in who would do
9   my shredding or --
10       Q.   Do you remember the names of the employees     09:40:56
11  who would conduct the shredding for you at Shred
12  Works?
13       A.   Yes, there's a woman at the front desk
14  named Princessa, who would usually take my payment,
15  depending on who was working.  I was -- recalled in     09:41:07
16  the e-mail, that I believe we produced to you
17  yesterday, that this guy Ricardo would usually be
18  in -- inside of the actual -- like the machine is
19  through this door right here, and he would be the
20  one usually there to shred the stuff for me.            09:41:25
21       MS. McKESSAR:  For the record, the witness is
22  pointing to page 1 in the photograph on the
23  right-hand side of the exhibit that is marked as
24  8401.
25  BY MS. McKESSAR:                                        09:41:40
```

Page 268

1    Q.   Is it normal in your everyday life to know   09:41:44
2 people by their first name?
3    MS. DEARBORN:  Objection to form.
4 BY MS. McKESSAR:
5    Q.   That you --   09:41:50
6    A.   Yeah.  I mean, I work with people, right.
7 So it's -- it's valuable to my work to know people's
8 names.
9    Q.   If someone performs a service for you
10 three or four times, is it ordinary for you to   09:42:06
11 remember their name?
12    A.   Totally depends on the context.
13    Q.   When you made payment to Princessa at
14 Shred Works, did she issue you with a receipt?
15    MS. DEARBORN:  Objection to form.   09:42:30
16    THE WITNESS:  Yes.
17 BY MS. McKESSAR:
18    Q.   What did you do with those receipts?
19    A.   Probably threw them away.
20    Q.   Why would you throw those receipts away?   09:42:42
21    A.   Do you keep every receipt?  I don't keep
22 every receipt that I use once I had reimbursed
23 myself or had Anthony reimburse me.  I didn't think
24 I'd ever need them again.
25    Q.   So before you threw those receipts away,   09:42:56

```
                                                        Page 269
1    you first showed them to Anthony Levandowski for          09:42:58
2    reimbursement purposes; is that correct?
3         MS. DEARBORN:  Objection to form.
4         THE WITNESS:  I don't recall.  And I don't
5    think I showed him any receipts.  He trusts me to        09:43:05
6    say, Hey, you owe me 50 bucks, and that was that.
7    BY MS. McKESSAR:
8         Q.   So you have not provided any receipts from
9    Shred Works to counsel in this case; is that
10   correct?                                                  09:43:16
11        MS. DEARBORN:  Objection to form.
12        THE WITNESS:  I provided one that I found in my
13   house.
14   BY MS. McKESSAR:
15        Q.   Do you remember the date of that receipt?      09:43:27
16        A.   That the receipt was generated or that I
17   provided it to counsel?
18        Q.   The date that the receipt was generated.
19        A.   I don't remember.
20        Q.   Do you remember the date that you provided    09:43:41
21   that receipt to counsel?
22        MS. DEARBORN:  You can say the date.
23        THE WITNESS:  I don't remember.
24   BY MS. McKESSAR:
25        Q.   Can you estimate how long ago that was?        09:43:47
```

```
                                                         Page 270
1       A.   I don't remember.                           09:43:50
2       Q.   Was it months, weeks, days?
3       A.   Maybe two months ago.
4       Q.   What was the highest amount of money that
5    you ever paid in cash at Shred Works?               09:44:06
6       A.   I don't recall.
7       Q.   Can you give me an estimate, if it was in
8    the thousands or the hundreds or even less?
9       A.   Probably hundreds.
10      Q.   When would you use your credit card as      09:44:20
11   opposed to cash to pay at Shred Works?
12      A.   If I had gone to get cash or not gone to
13   get cash.
14      Q.   What was the highest amount that you can
15   recall placing on your credit card for shredding at 09:44:33
16   Shred Works?
17      A.   I don't recall.
18      Q.   Can you give me an estimate if it was in
19   the thousands or the hundreds?
20      A.   Hundreds.  Maybe 100.                       09:44:44
21      Q.   Would you sign the receipt that Shred
22   Works provided you?
23      MS. DEARBORN:  Objection to form.
24      THE WITNESS:  I believe so.
25   BY MS. McKESSAR:                                    09:45:06
```

```
 1         FEDERAL CERTIFICATE OF DEPOSITION OFFICER
 2
           I, ANRAE WIMBERLEY, CSR NO. 7778, do hereby
 3    declare:
 4         That, prior to being examined, the witness
      named in the foregoing deposition was by me duly
 5    sworn pursuant to Section 30(f)(1) of the Federal
      Rules of Civil Procedure and the deposition is a
 6    true record of the testimony given by the witness;
 7         That said deposition was taken down by me in
      shorthand at the time and place therein named and
 8    thereafter reduced to text under my direction;
 9         -----   That the witness was requested to
      review the transcript and make any changes to the
10    transcript as a result of that review pursuant to
      Section 30(e) of the Federal Rules of Civil
11    Procedure;
12         -----   No changes have been provided by the
13    witness during the period allowed;
           -----   The changes made by the witness are
14    appended to the transcript;
15         --X---   No request was made that the
      transcript be reviewed pursuant to Section 30(e) of
16    the Federal Rules of Civil Procedure.
17         I further declare that I have no interest in
18    the event of the action.
           I declare under penalty of perjury under the
19    laws of the United States of America that the
20    foregoing is true and correct.
21         WITNESS my hand this 5th day of October, 2017.
22
23         [signature: Anrae Wimberley]
24
25         ANRAE WIMBERLEY, CSR NO. 7778
```

Page 377