# EXHIBIT 34

# Legal Overview

Craig Clark, Legal Director I



2017

PRIVILEGED & CONFIDENTIAL

CONFIDENTIAL

UBER00340331



PRIVILEGED & CONFIDENTIAL

UBER00340332





PRIVILEGED & CONFIDENTIAL

UBER00340333

# Law !== Science

PRIVILEGED & CONFIDENTIAL



UBER00340335



PRIVILEGED & CONFIDENTIAL

UBER00340336



From:        Uber
To:              U      V  of Global Opera tio
cc:              Joh    y L    Senior C    el

Subject:   Quarte    Report        ly Confi    ntial

Attached are the    mb    or last     ter  We need to
discuss asap.  I a    m  king this attor  y-    ent privileged
due to sensitivity

PRIVILEGED & CONFIDENTIAL

From: Legal Bud

To: Johnny L y, enior Counsel

Re: Operations pdate ey-Clien Privileged

I am happy to re rt th e me for partment performance are o Our $ spend side counsel declined in Q1. also created new tool increase our efficiencies.

PRIVILEGED & CONFIDENTIAL

UBER00340338

From:     Bus Dev, Uber for Business

To:            Johnny Lau         el

Re:     Need your A

I am concerned abo                    e deal.  Is the
indemnity provision o

PRIVILEGED & CONFIDENTIAL

CONFIDENTIAL

UBER00340339

"My company needs uncapped indemnity."

"Fido, We need your advice. Can we give our vendor uncapped indemnity?"

    

"FYI – in case you are interested"

"Here's my advice & very sensitive strategy…."





PRIVILEGED & CONFIDENTIAL

UBER00340340



From:

"Is there legal risk if we do XYZ? My team and I need to know."





CC:



"Here's my sweet legal opinion & advice."











PRIVILEGED & CONFIDENTIAL

CONFIDENTIAL

UBER00340341



**THE VERGE**

TRENDING NOW
Amazon's full on-demand streaming music service launches today

**23** NEW ARTICLES

LOG IN | SIGN UP   LONGFORM ·   REVIEWS ·   VIDEO ·   TECH ·   CIRCUIT BREAKER ·   SCIENCE ·   ENTERTAINMENT ·   CARS ·   TL;DR ·   FORUMS ·

PREVIOUS STORY
New Suicide Squad trailer shows the Joker having a good time

NEXT STORY
Armed robbers used Pokémon Go to target victims in Missouri

TECH   TRANSPORTATION   REPORT   UBER

**58 COMMENTS**

# How Uber secretly investigated its legal foes — and got caught

*Faced with a class action suit, the company hired a CIA-linked intelligence firm to look into the plaintiffs and their lawyer, but a judge says they may have gone too far*

By Russell Brandom and Andrew Hawkins on July 10, 2016 05:00 pm   ✉ Email   🐦 @russellbrandom

PRIVILEGED & CONFIDENTIAL

☰ **The Intercept_**

## FEDERAL JUDGE RIPS UBER APART OVER DIRT-DIGGING INVESTIGATION



San Riddle
July 29 2016, 12:15 p.m.

**IN DECEMBER OF** last year, Yale environmental researcher Spencer Meyer filed suit against Uber, alleging price fixing by Uber's drivers and founder in violation of federal antitrust law. Hardly the first person to accuse Uber of corporate malfeasance, Meyer nonetheless became the target of private investigators, working for a security company hired by Uber, who attempted to dig up derogatory information — an act the district judge hearing the case, Jed Rakoff, has now, in a 31-page order, called "blatantly fraudulent and arguably criminal."

Emails turned over by Uber on the judge's instructions and summarized in the order show that on the day Meyer filed suit, Uber counsel Salle Yoo contacted the company's chief security officer, asking, "Could we find out a little more about this plaintiff?"

Uber investigations chief Mat Henley then selected a New York-based private investigative firm called Ergo, also known as Global Precision Research, and began working with one of its executives, Todd Egeland, Henley said in a sworn deposition. Egeland's online bios state openly that he is a 28-year veteran of the CIA with experience in counterintelligence and cyberthreats.

CONFIDENTIAL

UBER00340342

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

7/25/16

------------------------------------x
SPENCER MEYER, individually and on    :
behalf of those similarly situated,   :
                                      :
        Plaintiff,                    :        15 Civ. 9796
                                      :
        -v-                           :        OPINION AND ORDER
                                      :
TRAVIS KALANICK and                   :
UBER TECHNOLOGIES, INC.,              :
                                      :
        Defendants.                   :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

        It is a sad day when, in response to the filing of a

commercial lawsuit, a corporate defendant feels compelled to

hire unlicensed private investigators to conduct secret personal

background investigations of both the plaintiff and his counsel.

It is sadder yet when these investigators flagrantly lie to

friends and acquaintances of the plaintiff and his counsel in an

(ultimately unsuccessful) attempt to obtain derogatory

information about them. The questions here presented, however,

are whether such dubious practices result in waiver of attorney-

client privilege and work-product protection, and whether

disciplinary action is warranted.

PRIVILEGED & CONFIDENTIAL

UBER00340343

subpoenas' parameters. See id. at 4-5. In response to the subpoenas, Uber and Ergo claimed attorney-client privilege and/or work-product protection over numerous documents and voice recordings, and the Court indicated that it would need to review these materials in camera to determine whether privilege was correctly asserted and/or whether the "crime-fraud" exception to the privilege applied. See id. at 5. The Court further stated that in camera review would also be needed to determine whether plaintiff would be authorized to depose Uber's General Counsel Salle Yoo. See id. at 4-5.

PRIVILEGED & CONFIDENTIAL

CONFIDENTIAL



Message

From: Joe Sullivan ▆▆▆▆ @uber.com>
Sent: 12/16/2015 9:52:32 PM
To: Mat Henley ▆▆▆ @uber.com]
Subject: FW: Antitrust Lawsuit in SDNY Against Travis
Attachments: 2015-12-16 Case No. 15-cv-09796 Spencer Meyer v. Travis Kalanick (Uber Complaint).pdf

Please do a careful check on this plaintiff (the person who is the driver/named party in the case).

From: Salle Yoo < ▆▆ @uber.com>
Date: Wednesday, December 16, 2015 at 1:42 PM
To: Joe Sullivan < ▆▆▆▆ @uber.com>
Subject: Fwd: Antitrust Lawsuit in SDNY Against Travis

ATTY CLIENT COMMUNICATION - PRIVILEGE

Joe,

Could we find out a little more about this plaintiff?

Thanks,

Salle

PRIVILEGED & CONFIDENTIAL

Eddy, has
and
rrorism at
ring the
assador
senior
nan.
rtment's

# Emails were encrypted to "avoid potential discovery issues."



FIRST EMAIL RECEIVED REGARDING PROJECT #2
12/17/15 @ 9:04 AM MST
EMAIL FROM MAT HENLEY TO TODD EGELAND AND MATTHEW MONEYHON

0000059. Mr. Henley sent the report to Mr. Sullivan, Uber's Chief Security Officer, and to Craig Clark, Esq., Uber's Legal Director of Security and Enforcement. See id.; see also Letter dated May 20, 2016, Dkt. 79. Mr. Sullivan, in turn, passed on the report to Uber's General Counsel Salle Yoo. See Hanna Decl., Exhibit H, at UBER-0000059.

matter, on May 20, 2016 and May 27, 2016, respectively. As a result of these hearings and associated telephone conferences, the Court authorized plaintiff to depose Uber's Joe Sullivan, Craig Clark, and Mat Henley, and Ergo's Todd Egeland and Miguel Santos-Neves. See Memorandum Order dated June 7, 2016, Dkt. 76,

PRIVILEGED & CONFIDENTIAL

CONFIDENTIAL

UBER00340346

# Crime-fraud exception to attorney-client privilege – Facebook's lawsuit

**Blog**  From the Sidebar

## Cozen O'Connor

 



**USA** | December 18 2014

The crime-fraud exception to attorney-client privilege: As an attorney, you may not anticipate it applying to your emails, your letters or your advice to your client. But even if you never see it coming, your client's intentions in obtaining legal advice may expose your communications to disclosure. A law firm is experiencing this problem firsthand in a series of high-profile cases involving Facebook, Mark Zuckerberg and a former business partner. The cases present an interesting study in how the crime-fraud exception can operate.

PRIVILEGED & CONFIDENTIAL

CONFIDENTIAL



UBER00340348



PRIVILEGED & CONFIDENTIAL

CONFIDENTIAL

UBER00340349

TECH

# Uber Data And ==Leaked Docs== Provide A Look At How Much Uber Drivers Make

Uber data suggests that drivers overall in three major U.S. markets — Denver, Detroit, and Houston — earned less than $13.25 an hour after expenses in late 2015, according to calculations based on more than a million trips.

posted on Jun. 22, 2016, at 3:37 p.m.



**Caroline O'Donovan**
BuzzFeed News Reporter



**Jeremy Singer-Vine**
BuzzFeed News Data Editor

PRIVILEGED & CONFIDENTIAL



PRIVILEGED & CONFIDENTIAL

CONFIDENTIAL

UBER00340351

**Examples of Legal Conclusions**

- Company...

  - ...is (or is not) doing something illegal.

  - ...will (or will not) be sued if it [insert conduct].

  - ...is (or is not) breaching a contract.

  - ...does (or does not) need a license for certain technology.

  - ...does (or does not) have a patent on certain technology.

PRIVILEGED & CONFIDENTIAL

UBER00340352

# Best Practices

- **Talk**
- **Zoom**
- **Phone (voice)**
- **Appropriate security**
- **Extreme care**
- **NYT/WSJ test**
- **Don't speculate**
- **Use legal**

PRIVILEGED & CONFIDENTIAL



PRIVILEGED & CONFIDENTIAL

UBER00340354



PRIVILEGED & CONFIDENTIAL

UBER00340355









PRIVILEGED & CONFIDENTIAL



UBER00340356



PRIVILEGED & CONFIDENTIAL

CONFIDENTIAL

UBER00340357



PRIVILEGED & CONFIDENTIAL

UBER00340358

