# EXHIBIT 54

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:   415.268.7000
Facsimile:   415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone:   202.237.2727
Facsimile:   202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S RESPONSES TO WAYMO'S FIRST SET OF EXPEDITED INTERROGATORIES PURSUANT TO PARAGRAPH SIX OF THE MAY 11, 2017 PRELIMINARY INJUNCTION ORDER (NOS. 1-9)**<br><br>Trial Date: October 2, 2017 |

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this interrogatory as vague and ambiguous as to the meaning of "the date(s) they became Diligenced Employees."

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

The Diligenced Employees are:

1. Anthony Levandowski
2. Lior Ron
3. Colin Sebern
4. Don Burnette
5. Soren Juelsgaard

These five individuals became Diligenced Employees on or around April 11, 2016.

**INTERROGATORY NO. 3:**

IDENTIFY all Uber Devices and Non-Uber Devices (as those terms are defined in UBER00006444) that LEVANDOWSKI has used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444), or that LEVANDOWSKI could have used to access any of DEFENDANTS' Networks (as that term is defined in UBER00006444).

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this interrogatory because it implicates information protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-defense privileges. Defendants further objects to this interrogatory to the extent it purports to require expert opinion. Defendants further object to the interrogatory as vague, ambiguous, and overbroad because it asks for the identity of any device that Levandowski "could have used" to access Defendants' networks, which is infinite in scope.

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

To Defendants' knowledge, Mr. Levandowski used two devices to access Uber's networks:

1. A MacBook Pro (15-inch, 2016) computer provided to Mr. Levandowski by Uber
2. A personal MacBook Pro (not issued by Uber)

**INTERROGATORY NO. 4:**

Describe the ownership of TYTO and/or ODIN WAVE, INCLUDING the identity of all PERSONS with current or former ownership interests in TYTO and/or ODIN WAVE, that PERSON's current or former ownership interest(s), and the agreements creating or modifying those ownership interests.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to this interrogatory to the extent it seeks information that is not known or available to Defendants. Defendants further object to this interrogatory as seeking information that is neither relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence.

Subject to and without waiving the general and specific objections above, Defendants respond as follows:

Ottomotto LLC entered into an asset purchase agreement with Tyto Lidar, LLC ("Tyto") on May 5, 2016, in which Ottomotto LLC obtained certain enumerated assets from Tyto. That agreement, including the corresponding exhibits and schedules, is being produced in response to Waymo's First Set of Expedited Document Requests. Ottomotto LLC was subsequently acquired by Uber. Defendants understand that, at the time Ottomotto LLC entered into the asset purchase agreement with Tyto, Tyto was a California Limited Liability Company, whose sole member was the Sandstone Group, LLC, also a California Limited Liability Company. Defendants further understand that Tyto was originally incorporated as Odin Wave, LLC, but changed its name to "Tyto Lidar, LLC" on February 10, 2014.

**INTERROGATORY NO. 5:**

Describe all compensation (whether actual or conditional) discussed, conveyed or promised by DEFENDANTS to LEVANDOWSKI at any time, INCLUDING (without limitation) the DEFENDANT who discussed, conveyed or promised the compensation, the nature of the compensation, the date the compensation was promised and/or conveyed, the amount of the

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Dated: June 5, 2017    MORRISON & FOERSTER LLP

By: */s/ Arturo J. González*
    ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC