# EXHIBIT 75

BOIES SCHILLER FLEXNER LLP
Meredith Dearborn (SBN 268312) (mdearborn@bsfllp.com)
Juan P. Valdivieso (SBN 307650) (jvaldivieso@bsfllp.com)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000; Fax: (510) 874-1460

Hamish Hume (*Pro Hac Vice* pending) (hhume@bsfllp.com)
Jessica Phillips (*Pro Hac Vice* pending) (jphillips@bsfllp.com)
Ross P. McSweeney (*Pro Hac Vice* pending) (rmcsweeney@bsfllp.com)
1401 New York Avenue, N.W.
Washington, DC 20005
Tel: (202) 274-1122; Fax: (202) 237-2727

*Attorneys for Petitioner/Plaintiff* UBER TECHNOLOGIES, INC.

**FILED**
San Francisco County Superior Court

JAN 16 2018

CLERK OF THE COURT
BY: _____
              Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| UBER TECHNOLOGIES, INC., <br><br> Petitioner/Plaintiff, <br><br> v. <br><br> GOOGLE, INC., <br><br> Respondent/Defendant, <br><br> ANTHONY LEVANDOWSKI; LIOR RON, <br><br> *Real Parties in Interest.* | Case No. CPF-17-515960 <br><br> **[PROPOSED] ORDER GRANTING UBER'S PETITION TO VACATE ARBITRATION DISCOVERY ORDER** <br><br> Petition Filed: November 30, 2017 |

[PROPOSED] ORDER GRANTING UBER'S PETITION TO VACATE
Case No. CPF-17-515960

On November 30, 2017, Plaintiff/Petitioner Uber Technologies, Inc. ("Uber") filed a Petition to Vacate Arbitration Discovery Order and Memorandum and Points and Authorities in Support Thereof. Google, LLC ("Google")[1] answered and opposed Uber's Petition on December 14, 2017. Uber filed a reply on December 21, 2017.

The Court held an *in camera* hearing on January 11, 2018. The Court has jurisdiction to hear this petition pursuant to *Berglund v. Arthroscopic & Laser Surgery Center of San Diego, L.P.* (2008) 44 Cal. 4th 528.

Having considered the Parties' filings and oral argument and the materials cited therein, and having reviewed the materials at issue *in camera*, the Court rules as follows:

1. The Court VACATES the November 15, 2017, decision of the arbitration panel in *Google, Inc. v. Levandowski and Ron*, JAMS Ref. No. 1100086069 (the "Arbitration"), as well the October 24, 2017, order by Justice Panelli that it summarily affirmed and adopted (together, the "Arbitration Order"), and which compelled Uber to produce the following "Stroz-related materials": "(1) the final Stroz Report and all exhibits thereto; (2) any draft or intermediate versions of the Stroz Report, including any interim summaries, findings, or analyses by Stroz; and (3) all interview memoranda or summaries related to the 'diligenced' former Google employees" (collectively, the "Stroz Materials").

2. The Court holds that the Stroz Materials are protected under the California law of attorney-client privilege, and this privilege was not waived or lost by the sharing of these materials by and among Uber, Otto, Anthony Levandowski, Lior Ron, and the respective counsel of those parties because those parties shared a common interest in evaluating and preparing for potential litigation that might be brought against them by Google. *See* Cal. Evid. Code §§ 912, 952, 954.

Accordingly, the Arbitration Order is VACATED as contrary to California law.

IT IS SO ORDERED.

---

[1] On September 30, 2017, Google, Inc. changed its name and corporate format, becoming a limited liability company named Google LLC, the proper name for Respondent to this Petition.

Case 3:17-cv-00939-WHA   Document 2510-47   Filed 01/19/18   Page 4 of 4

Dated: January 16, 2018

_____
HONORABLE HAROLD E. KAHN
JUDGE OF THE SUPERIOR COURT

2
[P~~ROPOSED~~] ORDER GRANTING UBER'S PETITION TO VACATE
Case No. CPF-17-515960