ROGERS JOSEPH O'DONNELL
Merri A. Baldwin (State Bar No. 141957)
mbaldwin@rjo.com
Si Eun Amber Lee (State Bar 197329)
slee@rjo.com
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Non-Parties
DONAHUE FITZGERALD LLP AND
JOHN GARDNER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES INC., OTTOMOTTO LLC, OTTO TRUCKING LLC,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**NOTICE OF MOTION AND MOTION TO INTERVENE BY NON-PARTY JOHN GARDNER PURSUANT TO FRCP 24(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; PROPOSED ORDER**<br><br>Date:   To be determined by the Court<br>Time:  To be determined by the Court<br>Dept.:  Courtroom 12, 19th Fl.<br>Judge: The Honorable William H. Alsup<br><br>Trial Date: February 5, 2018 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a date and time selected by this Court, in the courtroom of the Honorable William H. Alsup, San Francisco Courthouse, Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94109, non-party John Gardner will and hereby does bring a motion for permissive intervention under Federal Rule of Civil Procedure 24(b) in the above-entitled matter. The limited purpose of the requested intervention is to allow Mr. Gardner, who has been served with a Rule 45 trial subpoena, to move the Court for an order requiring disclosure, in advance of direct examination, of the questions the parties plan to ask of him at trial, as set forth in the separate accompanying motion, filed concurrently herewith.

This motion is supported by this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers filed in this action, and such further evidence or argument as may be presented at or prior to any hearing on this matter.

Dated: January 19, 2018                ROGERS JOSEPH O'DONNELL

By:   /s/ Merri A. Baldwin
MERRI A. BALDWIN
Attorneys for Non-Parties DONAHUE FITZGERALD LLP and JOHN GARDNER

**MEMORANDUM OF POINTS AND AUTHORITIES**

John Gardner, a non-party witness, files concurrently with this motion a motion for an order requiring plaintiff Waymo to disclose in advance of the trial direct examination questions the parties seek to present at trial, in order to expeditiously deal with the attorney-client privilege issues that are likely to arise during Mr. Gardner's trial testimony.

By the present motion, Mr. Gardner requests that this Court grant him permissive intervention under Rule 24(b) so he may fully litigate that motion.  Under Rule 24(b), the district court has discretion to grant permissive intervention where the proposed intervenor's "claim or defense and the main action have a question of law or fact in common." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), *abrogated on other gds. by Wilderness Society v. U.S. Forest Service*, 630 F.3d 1173, 1178 (9th Cir. 2011).  The rule is liberal – "If there is a common question of law or fact, the requirement of the rule has been satisfied and it is then discretionary with the court whether to allow intervention. *Id*. at 1109, *quoting* 7C Wright. Miller & Kane, Federal Practice and Procedure, section 1191, 357-63 (2d ed. 1986).  *See also Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) ("Rule 24 traditionally receives liberal construction in favor of applicants for intervention. [Citation omitted.] Courts are guided primarily by practical and equitable considerations.").

Under this liberal standard, the proposed intervenor's common "claim or defense" need not be an actual "claim" in the sense of a claim on the merits asserted in a complaint or a "defense" raised in an answer.  *See, e.g., Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 472-73 (9th Cir. 1992) (rejecting opponent's argument that Rule 24(b) "only permits intervention for the purpose of litigating a claim on the merits in a pending action" and affirming order allowing non-party to intervene for limited purpose of seeking to modify a protective order), *cert. denied*, 506 U.S. 470, 113 S. Ct. 197 (1992).  The other applicable requirements for permissive intervention – that the motion be timely and will not cause undue delay or prejudice – are satisfied here.  As detailed in the accompanying motion, Waymo served the Rule 45 trial subpoena on Mr. Gardner on January 12, 2018, and Mr. Gardner promptly filed both motions after his counsel's attempts to resolve the issue by meeting and

conferring failed.[1]  Waymo is able to avoid any undue delay or prejudice by promptly providing Mr. Gardner with its proposed questions, which it has to prepare in any event.  Any "delay" that this may cause will be more than offset by the expedited direct examination that will result from Mr. Gardner and this Court obtaining a preview of the anticipated questions.

Further, the grant of limited permissive intervention will protect Mr. Gardner's right to appeal orders of this Court: "An intervenor may appeal from 'all interlocutory and final orders that affect him … whether the right under which he intervened was originally absolute or discretionary." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 376 (1987) *quoting* Moore & J. Kennedy, Moore's Federal Practice, par. 24-15, pp. 24-169 to 24-170 (2d 3d. 1985).

Because Mr. Gardner seeks to obtain an order that will protect his right and obligation to assert the attorney-client privilege on behalf of his client without creating undue burden on himself or undue delay in the conduct of the trial, this Court should grant the present motion for permissive intervention.  A grant of permissive intervention will allow Mr. Gardner to fully litigate this issue.

For all the foregoing reasons, the Court should grant the present motion to intervene under Rule 24(b).

Dated:  January 19, 2018                    ROGERS JOSEPH O'DONNELL


By:     /s/ Merri A. Baldwin
        MERRI A. BALDWIN

        Attorneys for Non-Party
        JOHN GARDNER

---

[1] Two other usual requirements for permissive intervention, independent jurisdictional grounds and a pleading setting forth the proposed claim or defense, are also dispensed with when, as here, the intervention sought is for a limited purpose, and does not seek to litigate a claim on the merits.  *Beckman*, 966 F.2d at 473-474.

# [PROPOSED] ORDER

For the reasons stated above, non-party John Gardner may intervene pursuant to Federal Rule of Civil Procedure 24(b) in the above-captioned matter.

DATE: _____          _____

                                                                         WILLIAM H. ALSUP
                                                                         UNITED STATES DISTRICT JUDGE