1  ROGERS JOSEPH O'DONNELL
   Merri A. Baldwin (State Bar No. 141957)
2  mbaldwin@rjo.com
   S. Amber Lee (State Bar 197329)
3  slee@rjo.com
   311 California Street
4  San Francisco, California 94104
   Telephone:  415.956.2828
5  Facsimile:   415.956.6457

6  Attorneys for Non-Parties
   DONAHUE FITZGERALD LLP AND
7  JOHN GARDNER

8

9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11

12 | WAYMO LLC,                              | Case No. 3:17-cv-00939-WHA
13 |         Plaintiff,                      | **NOTICE OF MOTION AND MOTION BY NON-PARTY WITNESS JOHN**
14 |    vs.                                  | **GARDNER PURSUANT TO FRE 611 and the COURT'S INHERENT POWER;**
15 | UBER TECHNOLOGIES INC.,                 | **MEMORANDUM OF POINTS AND**
   | OTTOMOTTO LLC, OTTO TRUCKING            | **AUTHORITIES IN SUPPORT**
16 | LLC,
17 |         Defendants.                     | Date:  To be set by the Court
                                              Time:  To be set by the Court
18                                            Dept.: Courtroom 12, 19th Fl.
                                              Judge: The Honorable William H. Alsup
19
                                              Trial Date: February 5, 2018
20

21

22

23

24

25

26

27

28

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at a date and time selected by this Court, in the courtroom of the Honorable William H. Alsup at the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, non-party witness John Gardner will and hereby does move the Court for an order requiring disclosure in advance of direct examination questions the parties seek to present at trial.  This motion is made under Federal Rule of Evidence 611, Federal Rule of Civil Procedure 16(a), and the Court's inherent power, on the grounds that such relief is necessary to avoid disrupting the trial proceedings to resolve privilege objections which could be resolved in advance and to protect Mr. Gardner from harassment and undue burden that would occur if he were forced to make complex privilege determinations while testifying.

As required by the Court's Standing Order, before filing this motion, counsel for Mr. Gardner met and conferred with counsel for Waymo in an attempt to address the issues raised by this motion.  This motion is supported by this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Merri A. Baldwin filed concurrently herewith, the pleadings and papers filed in this action, and such further evidence or argument as may be presented at or prior to any hearing on this matter.

Dated: January 19, 2018                     ROGERS JOSEPH O'DONNELL

By:     /s/ Merri A. Baldwin
        MERRI A. BALDWIN
        Attorneys for Non-Parties DONAHUE
        FITZGERALD LLP and
        JOHN GARDNER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Waymo has issued a Rule 45 trial subpoena for Anthony Levandowski's personal attorney, John Gardner.  Due to the complex issues in this matter there is a significant likelihood that Waymo's examination of Mr. Gardner will implicate privileged information.  Mr. Gardner's legal and ethical obligations to his clients, and the difficulty of making privilege determinations *ad hoc* while testifying as a witness, create an unavoidable risk of disruption to the trial proceedings and undue burden on Mr. Gardner unless this Court orders the parties to disclose in advance their direct examination questions.  Such an order will allow the parties to introduce the admissible evidence that they may seek from Mr. Gardner while minimizing the otherwise unavoidable risk of disruption at trial.

## II. FACTUAL BACKGROUND

Waymo and Uber took the deposition of Mr. Gardner on September 29, 2017.  Declaration of Merri A. Baldwin dated January 18, 2018 ("Baldwin decl."), ¶ 2.  During the course of that deposition, counsel was forced to assert over seventy objections based on the attorney-client privilege, and common interest and work product doctrines, and the witness asserted additional privilege objections.  Neither party challenged any of those objections.  *Id.*

On January 12, 2018, Mr. Gardner's counsel accepted on his behalf service of a Rule 45 subpoena from Waymo requiring Mr. Gardner to appear and give testimony at trial.  Baldwin Decl., ¶ 3,  Exh. A.

On January 12, 2018, counsel for Mr. Gardner contacted counsel for Waymo to meet and confer concerning the Rule 45 subpoena.  Mr. Gardner's counsel noted the complex privilege issues that are likely to arise at trial, Mr. Gardner's legal and ethical obligations to assert the privilege where applicable, and the significant and unavoidable risk of disruption of the trial proceedings because of the need to assert privilege objections.  To avoid such disruption, counsel requested that Waymo provide ahead of time the questions expected to be asked of Mr. Gardner on direct examination.  Baldwin Decl. at ¶ 4.  Waymo's counsel said she would consult the team and respond.  *Id.*  Gardner's counsel followed up again with

Waymo on January 16, 2018, asking for a response. *Id.* at ¶ 5. On January 17, Waymo's counsel responded and denied the request to provide the direct examination questions in advance. *Id.* Waymo's counsel stated that in light of time restrictions at trial, they "do not expect [privilege] will be a significant issue." *Id.*, Exh. B. However, Waymo did not provide further information as to the intended scope of its questioning.

## III.   LEGAL STANDARD

Federal Rule of Evidence 611(a) provides that the court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:

(1)   make those procedures effective for determining the truth;

(2)   avoid wasting time; and

(3)   protect witnesses from harassment or undue embarrassment."

## IV.   ARGUMENT

### A.   The Court Should Exercise Its Discretion to Limit the Significant Risk of Disruption at Trial Caused by Otherwise Avoidable Privilege Objections and Determinations

Under both Fed. R. Evid. 611(a) and the federal rules of civil procedure, particularly Fed. R. Civ. P. 16, the district courts are authorized to adopt measures to ensure that trials are fair and efficient.

Rule 611(a) gives the district court "wide latitude" over the questioning of witnesses and the presentation of evidence. *Santos v. Posadas de P.R. Assocs.*, 452 F.3d 59, 62 (1st Cir. 2006). *See also In re Adair*, 965 F.2d 777, 779 (9th Cir. 1992) (bankruptcy court's requiring parties to present direct testimony by written narrative declaration "is a permissible 'mode' of presenting direct testimony evidence under Rule 611(a)."); *Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coalition of Life Activists*, 290 F.3d 1058, 1083, n. 18 (9th Cir. 2002) (district court's requiring that deposition testimony be presented in summaries in lieu of transcripts was within "sound discretion" of court "to regulate the conduct of civil trials" under Rule 611(a)). The rule specifically provides that the Court should take those steps necessary to avoid wasting time at trial, and protect witnesses from undue harassment. As such it has been described as an "embodiment" of the district court's "inherent power" to

1   control cases before it. *United States v. Hildebrand*, 928 F. Supp. 841, 845 (N.D. Iowa
2   1996).

3   Fed. R. Civ. P. 16(a), governing pretrial conferences, likewise encourages the Court to
4   adopt procedures for streamlining the action and the trial.[1] Under Rule 16(a), the Ninth
5   Circuit has approved of orders requiring a party to provide in advance of trial a list of
6   questions intended to be asked of a witnesses and the anticipated response, where the order
7   was intended to avoid disruption and delay of the trial. *Malone v. United States Postal
8   Service*, 833 F.2d 128 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988). In *Malone*, the
9   plaintiff appealed the dismissal of her action as a sanction for her failure to comply with a
10  pretrial order that required both sides to provide a list of witnesses and a "'through and
11  complete list of each and every' direct question and anticipated response." *Id*. at 129. (The
12  district court had issued the pretrial order after a mistrial had been declared in a prior trial
13  "because of lack of preparation on the part of [plaintiff's] attorney." *Id*.).  Among other
14  grounds, the plaintiff argued that the dismissal should be reversed because the pretrial order
15  was invalid. *Id*. at 133.  The Ninth Circuit disagreed, holding that the order was appropriate
16  under Rule 16, "which basically enables trial courts to take steps to improve the efficiency of
17  trials." *Id*.

18  The court in *Malone* relied on *Miller v. Los Angeles County Bd. of Ed*., 799 F.2d 486
19  (9th Cir. 1986), in which the Ninth Circuit upheld the trial court's order requiring a pro se
20  plaintiff in a section 1983 case to "submit to the court, and opposing counsel, the questions he
21  intended to ask witnesses on direct examination." *Id*. at 487.  The district court then received
22  objections from the defendants so that it could rule upon them in advance of trial. *Id*.  The
23  district court believed that the plaintiff "was likely to pose questions at trial that would
24  warrant continuous objection by his adversary" and "feared that constant objections, many of
25  which might be meritorious, would not only lengthen the trial unnecessarily, but would also

---

[1] Rule 16(a) describes the purposes of a pretrial conference as including "expediting disposition of the action" and "improving the quality of the trial through more thorough preparation."

work to [plaintiff's] ultimate detriment." *Id*. at 488. The Ninth Circuit held that the district court's order was a proper exercise of its broad discretion under Rule 16, "based upon the flexibility of our rules in encouraging courts to develop new strategies for dealing with litigation problems…." *Id*.[2] *See also Chapman v. Pac. Tel. & Tel. Co*., 613 F.2d 193, 194, 197 (9th Cir. 1979) (upholding order requiring plaintiffs' counsel to submit "a written narrative statement of the direct testimony of each witness whom plaintiffs intended to call at the trial" as a "laudable effort to save trial time and to assure adequate representation by counsel.").

At various times, Mr. Gardner has represented Mr. Levandowski, Ottomotto LLC, Tyto Lidar LLC, Sandstone Group LLC, Dogwood Leasing LLC, and other entities. These entities have also had common interests during time periods relevant to this litigation which extended the attorney–client privilege. Some of these privilege and common interest issues have been litigated in this case, while others remain in dispute. Mr. Gardner owes each of his clients an ethical and legal duty to assert the attorney-client privilege where applicable. *VIA Technologies, Inc. v. SONICBlue Claims, LLC*, 782 F. Supp. 2d 843, 867 (N.D. Cal. 2011) ("[a]n attorney has an affirmative duty to claim the privilege if he is present when a privileged communication is sought to be disclosed," *citing* Cal. Evid. Code section 955 and Cal. Bus. & Prof. Code section 6068(e)(1)); *Zorek v. CVS Caremark Corp*., 2014 U.S. Dist. LEXIS 127742, at *8-*9 (M.D. Pa. Sept. 11, 2014) ("[u]nder the Model Rules of Professional Conduct, counsel owes the client a duty of confidentiality and has an obligation to assert attorney-client privilege on the client's behalf."). Not only are the factual issues in this case complex, but the privilege issues and the application of the common interest doctrine are similarly complex. Since Mr. Gardner's role was limited to acting as legal counsel to these individuals and entities, it is likely that any examination of Mr. Gardner will implicate privileges held by those parties, as well as privilege issues pursuant to the common interest doctrine and the attorney work product doctrine. The fact that counsel was required to object

---

[2] The Ninth Circuit was construing an earlier version of Rule 16.

over seventy times at Mr. Gardner's deposition in this action, without subsequent challenge by Waymo or Uber, demonstrates the significant likelihood that Waymo will seek to elicit information that is subject to one or more privileges.

As a witness testifying at trial, Mr. Gardner will be in a difficult position if forced to make judgments on the spot as to whether questions implicate privileged information, with the direct and foreseeable risk of disruption and delay to the trial proceedings.  Rule 611 and Rule 16(a), as well as the Court's inherent power, authorize the Court to take steps to minimize such disruptive impacts.

### B. Disclosure in Advance of Direct Examination Questions Would Allow Privilege Issues to be Resolved In a Less Disruptive Way While Preserving the Waymo's Opportunity to Introduce Mr. Gardner's Testimony at Trial

To best accommodate Waymo's desire to call Mr. Gardner as a witness and introduce his testimony at trial, Waymo should disclose to Mr. Gardner and the Court in advance the direct examination questions it intends to ask him.  This is a reasonable remedy within the Court's discretion that will minimize the significant risk of disruption and possible adverse impact at trial, while at the same time providing the means for Waymo to introduce any nonprivileged testimony sought from Mr. Gardner.[3]

The remedy sought here is a narrowly tailored form of relief designed to protect the trial proceedings, avoid wasting time, and protect Mr. Gardner from undue harassment as a witness by forcing him to make complex judgments as to the applicability and scope of

---

[3] Federal courts have recognized that invocation of the attorney-client privilege in front of the jury may cause unwarranted prejudice.  *See, e.g., Broyles v. Cantor Fitzgerald & Co.*, 2016 U.S. Dist. LEXIS 122625, at *9-*10 (M.D. La. Sept. 8, 2016) (because "calling the jury's attention to [the assertion of the attorney-client] privilege would only serve to imply that the jury should draw an adverse inference, which this Court finds to be improper," court granted defendants' motion in limine to preclude plaintiff from offering any evidence or argument concerning defendants' assertion of the privilege and "prohibit[ing] [plaintiffs] from asking any question of [defendants'] witnesses where it would be reasonable to conclude that the question would elicit an invocation of the attorney client privilege."); *Goldberg v. 401 North Wabash Venture LLC*, 2013 U.S. Dist. LEXIS 60447, at *20-*21 (N.D. Ill. April 29, 2013) (since defendants' invocation of the attorney-client privilege was not relevant to any issue in the action, court granted defendants' motion in limine barring plaintiff from mentioning that defendants had asserted the privilege and from "ask[ing] any question which [plaintiff] reasonably expect will cause Defendants to assert the attorney-client privilege.").

privilege while on the stand as a witness.[4]  Mr. Gardner is not seeking to avoid testifying, but does not want to disrupt the trial with privilege objections that could be resolved in advance.

## V.     CONCLUSION

For the foregoing reasons, Mr. Gardner respectfully requests that this Court order Waymo to disclose a list of the questions it seeks to ask Mr. Gardner on direct examination at trial.

Dated:  January 19, 2018          ROGERS JOSEPH O'DONNELL

By:     /s/ Merri A. Baldwin
        MERRI A. BALDWIN

        Attorneys for Non-Party
        JOHN GARDNER

---

[4] An alternative would be to quash the subpoena, but Mr. Gardner is not seeking to avoid testifying. *See, e.g., GSI Tech., Inc. v. United Memories, Inc.*, 2015 U.S. Dist. LEXIS 145140, at *3-*4 (N.D. Cal. Oct. 23, 2015) (granting plaintiff's motion to quash trial subpoenas issued to plaintiff's outside counsel where defendant could not show "(1) no other means exist to obtain the information; (2) the information is relevant and not privileged; and (3) the information is crucial to the preparation of the case."); *Century Sur. Co. v. Saidian*, 2015 U.S. Dist. LEXIS 186794, at *4-*5 (C.D. Cal. July 28, 2015) (defendant would not be permitted to call plaintiff's counsel as trial where "the gravamen of [attorney's] testimony, if not all of his testimony, is likely to be protected from disclosure by the attorney-client privilege" and defendant could not show "substantial need" for attorney's testimony).

ROGERS JOSEPH O'DONNELL
Merri A. Baldwin (State Bar No. 141957)
mbaldwin@rjo.com
Si Eun Amber Lee (State Bar 197329)
slee@rjo.com
311 California Street, 10th Fl.
San Francisco, California 94104
Telephone:  415.956.2828
Facsimile:  415.956.6457

Attorneys for Non-Party JOHN GARDNER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES INC., et al.,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF MERRI A. BALDWIN IN SUPPORT OF MOTION BY NON-PARTY WITNESS JOHN GARDNER PURSUANT TO FRE 611 and the COURT'S INHERENT POWER**<br><br>Date:  To be set by the Court<br>Time:  To be set by the Court<br>Dept.:  Courtroom 12, 19th Fl.<br>Judge:  The Honorable William H. Alsup<br><br>Trial Date:  February 5, 2018 |

I, Merri A. Baldwin, declare as follows:

1. I am a shareholder with Rogers Joseph O'Donnell and counsel of record for Non-Party John F. Gardner. I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could testify competently to them.

2. Waymo and Uber took the deposition of Mr. Gardner on September 29, 2017. During the course of that deposition, I had to assert over seventy objections based on the attorney-client privilege, and common interest and work product doctrines; Mr. Gardner asserted additional privilege objections. Neither party challenged any of those objections.

3. On January 12, 2018, I accepted on Mr. Gardner's behalf service of a Rule 45 subpoena from Waymo requiring Mr. Gardner to appear and give testimony at trial. Attached hereto as **Exhibit A** is a true and correct copy of that subpoenas.

4. On January 12, 2018, I contacted counsel for Waymo to meet and confer concerning the Rule 45 subpoena. I acknowledged the complex privilege issues that are likely to arise at trial, Mr. Gardner's legal and ethical obligations to assert the privilege where applicable, and the significant and unavoidable risk of disruption of the trial proceedings because of the need to assert privilege objections. To avoid such disruption, I requested that Waymo provide in advance the questions expected to be asked of Mr. Gardner on direct examination. Waymo's counsel advised she would consult the team and respond.

5. On January 16, 2018, I followed up with counsel for Waymo and asked for a response to the pending request. On January 17, Waymo's counsel denied the request to provide the direct examination questions in advance. Waymo's counsel stated that in light of significant time restrictions at trial, they "do not expect [privilege] will be a significant issue." Attached hereto as **Exhibit B** is a true and correct copy of the email correspondence. Waymo has not provide further information as to the intended scope of its questioning.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct.

Executed on January 19, 2018 in San Francisco, California

_____
Merri A. Baldwin

# EXHIBIT A

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Waymo LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:17-cv-00939-WHA |
| Uber Technologies, Inc., et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO APPEAR AND TESTIFY
AT A HEARING OR TRIAL IN A CIVIL ACTION**

To: John Gardner, c/o Merri Baldwin, Rogers Joseph O'Donnell, PC
311 California Street, 10th Floor, San Francisco, CA 94104

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Phillip Burton Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Courtroom No.: 8 |
|---|---|
| | Date and Time: 02/05/2018 7:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/09/2018

*CLERK OF COURT*

OR

/s/ Andrea Pallios Roberts

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Waymo LLC , who issues or requests this subpoena, are:

Andrea Pallios Roberts, 555 Twin Dolphin Dr., 5th Floor, Redwood Shores, California 94065
andreaproberts@quinnemanuel.com (650) 801-5000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:17-cv-00939-WHA

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

**Subject:** FW: Waymo: Follow-Up

On Jan 17, 2018, at 5:12 PM, Andrea P Roberts <andreaproberts@quinnemanuel.com> wrote:

Merri,

This confirms that by telephone on January 12, you confirmed that you accepted service of the updated trial subpoena for Mr. Gardner.

In response to your request that Waymo provide you with the questions that Mr. Gardner will be asked in advance of trial, we do not agree. Given the limited time we have for trial, it is in our interest to avoid taking up time with privilege objections as well. Accordingly, we do not expect that this will be a significant issue.

Thanks,
Andrea

**From:** Merri A. Baldwin [mailto:MBaldwin@rjo.com]
**Sent:** Tuesday, January 16, 2018 2:56 PM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Subject:** Waymo: Follow-Up

Andrea-

I have not heard back from you in response to our request for a list of the questions Waymo seeks to ask John Gardner at trial. Mr. Gardner's deposition testimony was replete with complex privilege objections and related common interest issues. We continue to be concerned that any trial testimony would face similar problems, and we do not wish those issues to cause disruption during the Waymo trial. Moreover, Mr. Gardner should not be required to make ad hoc privilege and common interest determinations on a witness stand. We again request that Waymo provide a list of questions in advance of the trial so that these issues can be resolved. If Waymo will not agree, we will have no alternative but to take protective action.

I look forward to your response.

Merri

**Merri A. Baldwin** | Shareholder
**ROGERS JOSEPH O'DONNELL** | a Professional Law Corporation
311 California Street, 10th fl | San Francisco, CA 94104
415.956.2828 main | 415.956.6457 fax
mbaldwin@rjo.com | www.rjo.com

Notice to recipient: This email is meant for only the intended recipient(s) of the transmission and may be privileged by law. If you receive this email in error, please notify us immediately. Do not print, copy, or disseminate it. Please delete the email from your system. Thank you.