# APPENDIX B

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>       Plaintiff,<br><br>    vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>       Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S FOURTH AMENDED RULE 26(a)(3) WITNESS LIST** |

Plaintiff Waymo LLC ("Waymo") hereby provides its fourth amended witness list pursuant to Fed. R. Civ. P., 26(a)(3) and paragraphs 1 and 2(a) of the Guidelines for Trial and Final Pre-Trial Conference in Civil Jury Cases Before the Honorable William Alsup.

Waymo identifies the name and, if not previously provided, the address, telephone number, and anticipated testimony of each witness it may present at trial other than solely for impeachment — separately identifying those the party expects to present and those it may call if the need arises. Waymo further reserves the right to call any witness on any of Defendants' witness lists, further including any of the witnesses identified by Defendants or Waymo on any subjects identified by either Defendants or Waymo.[1]

## I.  WITNESSES WAYMO WILL PRESENT AT TRIAL

| Name | Contact Information | Substance of Testimony |
|------|--------------------|------------------------|
| Prabir Adarkar | May be reached through counsel for Uber | Mr. Adarkar may be asked to provide non-cumulative testimony regarding Uber's financial forecasts for autonomous vehicles, and Uber's competitive relationship with Waymo, including its willingness to cut prices to compete with Waymo. |
| Shawn Bananzadeh | May be reached through counsel for Waymo | Mr. Bananzadeh will provide non-cumulative testimony regarding costs of development of, and management of Waymo's self-driving cars and autonomous vehicle technology.  Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. |
| John Bares | May be reached through counsel for Uber | Mr. Bares will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; acquisition of Otto; and Mr. |

---

[1]  Waymo's list includes witnesses who may be offered in rebuttal.

| | | |
|---|---|---|
| | | Levandowski's employment milestones. |
| Gary Brown | May be reached through counsel for Waymo | Mr. Brown will provide non-cumulative testimony concerning Google/Waymo's forensic investigation into misappropriation of trade secrets, particularly analysis of log data and hardware; Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories, and computer networks, including but not limited to the SVN server. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. |
| Scott Boehmke | May be reached through counsel for Uber | Mr. Boehmke will provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development. |
| Dan Chu | May be reached through counsel for Waymo | Mr. Chu will provide non-cumulative testimony regarding matters that concern Waymo, including investment in, development of, and management of Waymo's self-driving cars and autonomous vehicle technology; the current and future nature of the relevant markets and competition in the relevant markets, and other issues related to irreparable harm and damages suffered by Waymo, Waymo's short-term and long-term business plans, Waymo's early rider program in Phoenix, Waymo's launch of its TaaS service, and Waymo's understanding of the TaaS market (including competition in that market and Waymo's competitive advantages). Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. |
| Andy Crain | May be reached through counsel for Waymo | Mr. Crain will provide expert testimony pertaining to forensic analysis of the devices the Diligenced Employees provided to Stroz Friedberg, including flaws in the Stroz due diligence process; devices not provided to Stroz; device connections and activity on Levandowski's MacBook computer; and |

| | | |
|---|---|---|
| | | browser history and download history on Levandowski's MacBook computer. |
| Dmitri Dolgov | May be reached through counsel for Waymo | Dr. Dolgov will provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and associated self-driving vehicle software development; the development of certain of Waymo's trade secrets, Waymo's engineering practices, and the Chauffeur Bonus Plan. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. |
| Pierre-Yves Droz | May be reached through counsel for Waymo | Mr. Droz will provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and the development of Waymo's trade secrets, time to develop Waymo's LIDAR designs and trade secrets, engineering practices of Waymo and the LIDAR team regarding the confidentiality of its designs and measures to keep them secret, the contents of Waymo's SVN server, and communications with Anthony Levandowski regarding Uber and formation of Otto. Waymo further identifies the subjects of Mr. Droz's prior declarations submitted in this matter, Dkt. 25-31, 453-3 as subject he may testify about as well as the Rule 30(b)(6) topics for which he was designated as Waymo's corporate witness. |
| Eric Friedberg | May be reached through counsel for Stroz Friedberg:<br><br>Melanie Blunschi<br><br>Latham & Watkins<br><br>505 Montgomery Street, Suite 2000<br><br>San Francisco, CA 94111-6538 | Mr. Friedberg will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report, and the Uber-Otto acquisition; Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure. |

| | | Direct Dial: +1.415.395.8129<br><br>Email:<br>melanie.blunschi@lw.com | |
|---|---|---|---|
| | John Gardner | May be reached through counsel:<br><br>Merri Baldin<br><br>Rogers Joseph O'Donnell<br><br>311 California Street, 10th fl \| San Francisco, CA 94104 415.956.2828 main \| mbaldwin@rjo.com | Mr. Gardner will be asked to provide non-cumulative testimony regarding Ottomotto and Otto Trucking; the Uber-Otto acquisition; Mr. Levandowski's businesses; the Stroz due diligence analysis, investigation, and report; the misappropriation of Waymo trade secrets; destruction of relevant evidence; and Tyto LiDAR. |
| | William Grossman | May be reached through counsel for Waymo | Mr. Grossman will provide non-cumulative testimony regarding Waymo's accidental receipt of an email containing an Otto LiDAR PCB. |
| | Dan Gruver | May be reached through counsel for Uber | Mr. Gruver will be asked to provide non-cumulative testimony regarding Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; and the development of Waymo's self-driving car technology, including its LIDAR designs. |
| | Mary Fulginiti | May be reached through counsel for Stroz Friedberg | Ms. Fulginiti will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| | Bill Gurley | May be reached through counsel:<br><br>Martin Flumenbaum<br><br>1285 Avenue of the Americas<br><br>New York, NY 10019<br><br>(212) 373-3191<br><br>mflumenbaum@paulweiss.com | Mr. Gurley will be asked to provide non-cumulative testimony regarding Uber's acquisition of Otto; board meetings, discussions, and knowledge concerning the Otto acquisition including Mr. Kalanick and others' representations; facts surrounding Mr. Kalanick and board discussions concerning his termination; negotiations with Mr. Kalanick concerning the Otto acquisition and his resignation; Stroz due diligence report; and representations made by Mr. Kalanick regarding the Stroz report and Otto acquisition; and Benchmark's claim that Mr. Kalanick committed fraud and breached his fiduciary duty with respect |

-4-

| | | |
|---|---|---|
| | | to the Otto acquisition. |
| James Haslim | May be reached through counsel for Uber | Mr. Haslim will be asked to provide non-cumulative testimony regarding Defendants misappropriation of Waymo's trade secrets (including but not limited to through Tyto LIDAR), including their acquisition, use and disclosure, and the lack of independent development. |
| Mat Henley | May be contacted through counsel:<br><br>Jennifer LaGrange<br>Matthew Umhofer<br>Spertus, Landes & Umhofer, LLP<br>1990 South Bundy Drive<br>Suite 705<br>Los Angeles, CA 90025<br>310.826.4700<br>jennifer@spertuslaw.com<br>matthew@spertuslaw.com | Mr. Henley will be asked to provide non-cumulative testimony regarding the allegations made by Richard Jacobs, including the use of ephemeral communications, non-attributable devices, and improper privilege designations to avoid discovery; Uber's investigation into the Jacobs allegations and settlement with Jacobs; and Uber's competitive intelligence efforts and practices |
| Lambertus Hesselink | May be reached through counsel for Waymo | Professor Hesselink will provide expert testimony pertaining to optics as it relates to a LiDAR system for a self-driving vehicle; general optics and LiDAR principles, background state of the art; explain Waymo's disclosed trade secrets relating to LiDAR optical systems and components and is expected to provide opinions regarding the level of skill and effort required to derive such trade secrets based on the available evidence in this case. Retained Prof. Hesselink is expected to also opine that Waymo's LiDAR systems embody certain of Waymo's disclosed trade secrets.<br><br>Prof. Hesselink is expected to further offer opinions that (i) Waymo undertook reasonable efforts to maintain certain disclosed trade secrets in relative secrecy; (ii) such trade secrets are not generally known by individuals within the relevant filed and/or are not readily ascertainable; and (iii) such trade secrets derive independent economic value by virtue of their not being generally known in the relevant field. Additionally, Prof. Hesselink is expected to opine regarding Defendants' misappropriation of certain of Waymo's disclosed trade secrets based on (i) contemporaneous technical |

| | | |
|---|---|---|
| | | evidence reflecting Defendants' acquisition, use, and/or disclosure of Waymo's disclosed trade secret concepts; (ii) the similarity of Defendants' technology to Waymo's disclosed trade secrets and/or Waymo's implementation of such trade secrets in Waymo's commercial products; and/or (iii) the lack of evidence supporting Defendants' independent development of their own technology. |
| Jeff Holden | May be reached through counsel for Uber | Mr. Holden will be asked to provide non-cumulative testimony regarding the state of Uber's autonomous vehicle program before the Otto acquisition; negotiations with Mr. Levandowski regarding the acquisition; Mr. Levandowski's consulting work; facts surrounding Mr. Levandowski's continued employment with Uber and termination; and Defendants' misappropriation of Waymo's trade secrets. |
| Richard Jacobs | May be contacted through counsel:<br><br>Martha Boersch<br>Boersch Shapiro LLP<br>1611 Telegraph Avenue, Suite 806<br>Oakland, California 94612-2147<br>(415) 500-6640<br>mboersch@boerschshapiro.com | Mr. Jacobs will be asked to provide non-cumulative testimony regarding the allegations he made and Uber's reactions thereto, including the use of ephemeral communications, non-attributable devices, and improper privilege designations to avoid discovery, and Uber's competitive intelligence efforts and practices; Jacobs' settlement with Uber, and consulting services provided to Uber. |
| Michael Janosko | May be reached through counsel for Waymo | Mr. Janosko will provide non-cumulative testimony regarding reasonable measures to protect security at Google and Waymo, including Google's enterprise infrastructure. |
| Travis Kalanick | May be reached through counsel:<br><br>Melinda Haag<br><br>Orrick<br><br>405 Howard Street<br>San Francisco, CA 94105-2669<br><br>+1 415 773 5495 | Mr. Kalanick will be asked to provide non-cumulative testimony regarding Uber's driverless car program; Uber's solicitation of Google and Waymo employees; discussions with, knowledge about, Levandowksi, discussions with the Board and Benchmark partners concerning the Otto acquisition, Mr. Levandowski, and the relationship between the facts surrounding this case and his termination; negotiations with Mr. Levandowski regarding the founding of Ottomotto and Otto Trucking, and Otto |

-6-

| | | |
|---|---|---|
| | **mhaag@orrick.com** | acquisition; the Uber-Otto acquisition; solicitation of Google/Waymo employees; the Stroz due diligence analysis, investigation, and report; Uber's knowledge of stolen documents, understanding, and activity related to misappropriation of Google/Waymo trade secret and proprietary information; Levandowski's employment and continued employment at Uber; destruction of relevant evidence; and allegations made by Richard Jacobs, Uber's investigation into the Jacobs allegations and settlement with Jacobs. |
| Anthony Levandowski | May be reached through counsel:<br><br>Miles Erlich<br><br>Ramsey & Ehrlich LLP<br><br>803 Hearst Avenue<br><br>Berkeley, CA 94710<br>Tel:  (510) 548-3600<br>miles@ramsey-ehrlich.com | Mr. Levandowski will be asked to provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and the development of Waymo's trade secrets, engineering practices of Waymo and the LIDAR team regarding the confidentiality of its designs and measures to keep them secret, his performance at Waymo, the contents of Waymo's SVN server, and communications with Google employees regarding Uber and formation of Otto; Uber's driverless car program; Uber's solicitation of Google and Waymo employees; the relationship between the facts surrounding this case and his termination; negotiations regarding the founding of Ottomotto and Otto Trucking, and Otto acquisition; the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; Uber's knowledge of stolen documents, understanding, and activity related to misappropriation of Google/Waymo trade secret and proprietary information; Levandowski's employment and continued employment at Uber; and destruction of relevant evidence.  Waymo further identifies those subjects identified in Waymo's Statement Regarding Questions it Intends to Ask Anthony Levandowski at Trial.  Dkt. 835. |
| John Krafcik | May be reached through counsel for Waymo | Mr. Krafcik will provide non-cumulative testimony regarding Waymo's business; Anthony Levandowski, and his departure from Google; the relationship between Waymo and Google; and Waymo's development of its TaaS service, and |

| | | | |
|---|---|---|---|
| 1 | | | valuations of Chauffeur. |
| 2 | Melanie Maugeri | May be reached through counsel for Stroz Friedberg | Ms. Maugeri will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| 3 | | | |
| 4 | | | |
| 5 | Brian McClendon | May be reached through counsel for Uber | Mr. McClendon will be asked to provide non-cumulative testimony regarding solicitation of and negotiations with Levandowski regarding founding Ottomotto and Otto Trucking; and the Uber-Otto acquisition, the development of Uber's self-driving technology, including before the Otto acquisition, Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development. |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | Angela Padilla | May be reached through counsel for Uber | Ms. Padilla will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report; Levandowski's employment and continued employment at Uber; the relationship between the facts surrounding this case and his termination; and the Uber-Otto acquisition, Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; destruction of relevant evidence; and allegations made by Richard Jacobs, Uber's investigation into the Jacobs allegations and settlement with Jacobs. |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | Gaetan Pennecot | May be reached through counsel for Uber | Mr. Pennecot will be asked to provide non-cumulative testimony regarding Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | Cameron Poetzcher | May be reached through counsel for Uber | Mr. Poetzcher will be asked to provide non-cumulative testimony regarding Uber's negotiations with Mr. Levandowski regarding the formation of Ottomotto/Otto Trucking; and the acquisition; solicitation of Google/Waymo employees; destruction of relevant evidence; and the Stroz due diligence analysis, investigation, and |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

| | | |
|---|---|---|
| | | report. |
| Nina Qi | May be reached through counsel for Uber | Ms. Qi will be asked to provide non-cumulative testimony regarding Uber's decision to acquire Ottomotto (and to enter into an option to acquire Otto Trucking); contacts between Uber and Mr. Levandowski regarding the formation of Ottomotto / Otto Trucking, Uber's acquisition of those entities, and the benefits that Uber would obtain via those acquisitions; Uber's solicitation of Google/Waymo employees; Uber's internal views on those subjects, destruction of relevant evidence; and the Stroz due diligence analysis, investigation, and report. |
| Lior Ron | May be reached through counsel:<br><br>Taylor & Patchen, LLP<br>One Ferry Building, Suite 355<br>San Francisco, CA 94111<br>T: (415) 788-8200 | Mr. Ron will be asked to provide non-cumulative testimony regarding the misappropriation of Waymo trade secrets; founding of Ottomotto and Otto Trucking; the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and the business and product development of Ottomotto and Otto Trucking, destruction of relevant evidence; Uber ATG's use of ephemeral communications and non-attributable devices and its relationship with Uber's Threat Operations division; and allegations made by Richard Jacobs, Uber's investigation into the Jacobs allegations and settlement with Jacobs. .. |
| Joe Spiegler | May be contacted through counsel:<br><br>Dave Resnicoff<br>Erin Gasparka<br>Riley Safer Holmes & Cancila LLP<br>70 W. Madison Street<br>Suite 2900<br>Chicago, Illinois 60602<br>(312) 471-8700<br>dresnicoff@rshc-law.com<br>egasparka@rshc-law.com | Mr. Spiegler will be asked to provide non-cumulative testimony regarding the Richard Jacobs letter and resignation email and allegations therein, investigation into Jacobs' allegations, and settlement with Jacobs; and Uber management's lack of deference to the legal department or legal advice. |
| Justin Suhr | May be reached through counsel for Uber | Mr. Suhr will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report; and allegations made by Richard Jacobs, Uber's investigation into the Jacobs allegations and settlement with |

| | | | |
|---|---|---|---|
| | | | Jacobs . |
| | Eric Tate | May be reached through counsel for MoFo | Mr. Tate will be asked to provide non-cumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report;destruction of relevant evidence; Uber's counsel's awareness of the Jacobs resignation email and letter and allegations therein; and Uber's investigation into the Jacobs allegations and settlement with Jacobs. . |
| | Jim Timmins | May be reached through counsel for Waymo | Mr. Timmins will provide expert testimony regarding customary practices with respect to M&A transactions (including regarding indemnification) and the consideration paid by Uber to acquire Ottomotto (including relative to other acquisitions). |
| | Salle Yoo | May be reached through counsel for Uber | Ms.Yoo will be asked to provide non-cumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis investigation, and report; continued employment and termination of Anthony Levandowski; and Defendants misappropriation of Waymo's trade secrets; destruction of relevant evidence; the Richard Jacobs letter and resignation email and allegations therein, investigation into Jacobs' allegations, and settlement with Jacobs; and Uber management's lack of deference to the legal department or legal advice. |
| | Sasha Zbrozek | May be reached through counsel for Waymo | Mr. Zbrozek will provide non-cumulative testimony concerning Google/Waymo's forensic investigation, particularly the SVN server and related log data, including Mr. Levandowski's download of the 14,000 files from the SVN server; Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories , and computer networks |

## II.    <u>WITNESSES WAYMO MAY PRESENT AT TRIAL IF THE NEED ARISES</u>

| Name | Contact Information | Substance of Testimony |
|---|---|---|
| Rey Allie | Unknown | Matters that concern the allegations made by Richard Jacobs, and Uber's reactions thereto, including the use of ephemeral communications, non-attributable devices, and improper privilege designations to avoid discovery, and Uber's competitive intelligence efforts and practices. |
| Chelsea Bailey | May be reached through counsel for Waymo | Ms. Bailey will provide non-cumulative testimony regarding the Chauffeur Bonus Plan; Mr. Levandowski's departure from Google, including Google's collection of Levandowski's laptops and delivery of those laptops to the Google forensics team; and Mr. Levandowski's performance as a Google/Waymo employee |
| Travis Bellanger | May be reached through counsel for Waymo | Mr. Bellanger will provide non-cumulative testimony concerning Google/Waymo's forensic investigation into the activities of Anthony Levandowski, including Google's collection of Levandowski's laptops and delivery of those laptops to the Google forensics team |
| Adam Bentley | May be reached through counsel for Uber | Mr. Bentley will be asked to provide non-cumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and destruction of relevant evidence. |
| Mattew Blattmachr | Bismuth Trust; May be reached through counsel: | Mr. Battmachr will be asked to provide non-cumulative testimony regarding the ownership of Levandowski's |

| | | Diane F. Vallentine<br><br>Jermain, Dunnagan & Owens, PC<br><br>3000 A Street, Suite 300<br><br>Anchorage, AK 99503 | companies |
|---|---|---|---|
| 7 | Don Burnette | May be reached through<br><br>counsel for Uber | Mr. Burnette will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs and planner software; due diligence by Stroz for Otto acquisition by Uber; and destruction of relevant evidence. |
| | Neel Chatterjee | May be reached through counsel for Otto Trucking | Mr. Chatterjee will be asked to provide non-cumulative testimony regarding Goodwin Procter's possession of misappropriated materials; destruction of relevant evidence; chain of custody of Anthony Levandowski's personal laptops, and searches thereof. |
| | Hanley Chew | May be reached through counsel for Stroz Friedberg | Mr. Chew will be asked to provide non-cumulative testimony regarding the Stroz due diligence analysis, investigation, and report. |
| | Gerard Dwyer | May be reached through counsel for Waymo | Mr. Dwyer will provide non-cumulative testimony regarding inputs to Waymo's current P&L. He may also provide testimony regarding Waymo's current business plan. |
| | Paul French | May be reached through | Rebuttal of expert testimony of Kevin Faulkner, including |

| | | |
|---|---|---|
| | counsel for Waymo | opinions related to the various flaws and errors in Stroz's search for Waymo confidential information at Uber; rebuttal of expert testimony of Erik Laykin, including opinions related to the Waymo forensic investigation, Anthony Levandowski's download of the 14,000 files, Radu Raduta's download of confidential documents from Google Drive and Sameer Kshirsagar's download of confidential documents from Google Drive |
| Nick Gicinto | May be contacted through counsel:<br><br>Jennifer LaGrange<br>Matthew Umhofer<br>Spertus, Landes & Umhofer, LLP<br>1990 South Bundy Drive<br>Suite 705<br>Los Angeles, CA 90025<br>310.826.4700<br>jennifer@spertuslaw.com<br>matthew@spertuslaw.com | Mr. Gicinto will be asked to provide non-cumulative testimony regarding the allegations made by Richard Jacobs, including the use of ephemeral communications, non-attributable devices, and improper privilege designations to avoid discovery, and Uber's competitive intelligence efforts and practices; and Uber's investigation into the Jacobs allegations and settlement with Jacobs. |
| Arturo Gonzalez | MoFo; May be reached through counsel for Uber | Mr. Gonzalez will be asked to provide non-cumulative testimony regarding MoFo's possession of misappropriated materials; destruction of relevant evidence; and Defendants' knowledge of same; Uber's counsel's awareness of the Jacobs resignation email and letter and allegations therein; and Uber's investigation into the Jacobs allegations and settlement with Jacobs. As Waymo previously advised Uber, Waymo does not intend to call Mr. González as a witness unless Defendants open the door by claiming that they complied with their discovery obligations. |

| | | |
|---|---|---|
| Kristin Gunjonsson | May be reached through counsel for Waymo | Mr. Gudjonsson will provide non-cumulative testimony concerning Google/Waymo's forensic investigation into misappropriation of trade secrets, particularly analysis of hardware; Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories, and computer networks, including but not limited to the SVN server |
| Bruce Hartley | May be reached through counsel for Waymo | Rebuttal of expert testimony of Erik Laykin, including opinions related to security measures taken by Google/Waymo to protect their confidential and proprietary information, including but not limited to materials stored in Waymo's SVN repository |
| Don Harrison | May be reached through counsel for Waymo | Mr. Harrison will provide non-cumulative testimony regarding Google's mergers and acquisitions, including the negotiation and drafting of Google's merger and acquisition agreements, the process of conducting valuations, and Waymo's valuations. |
| Jennifer Haroon | May be reached through counsel for Waymo | Ms. Haroon will provide non-cumulative testimony regarding details of Waymo's first P&L, the negotiation of the valuation used in connection with the Chauffeur Business Plan, the timing of payments made under the Chauffeur Business Plan, and the 409(a) valuation conducted when Waymo was spun off from Google. Ms. Haroon may also provide testimony regarding the evolution of Waymo's business plan over time. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for |

| | | which she was designated as Waymo's corporate witness. |
|---|---|---|
| Ben Ingram | May be reached through counsel for Waymo | Mr. Ingram will provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and associated self-driving vehicle software development; the development of certain of Waymo's trade secrets. |
| Scott Johnston | May be reached through counsel for Waymo.<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>415-875-660 | Mr. Johnston will provide non-cumulative testimony regarding the use of Google Hangouts and related proprietary chat applications, including Google and Waymo's own use of and default settings for such applications. |
| Rudy Kim | MoFo<br><br>May be reached through counsel for Uber | Mr. Kim will be asked to provide non-cumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and destruction of relevant evidence. |
| Asheem Linaval | May be reached through counsel for Uber | Mr. Linaval will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. |
| David Lawee | May be reached through counsel for Waymo | Mr. Lawee will provide non-cumulative testimony regarding Google's mergers and acquisitions, including the negotiation and drafting of Google's merger and acquisition agreements, the process of conducting |

| | | |
|---|---|---|
| | | valuations, Waymo's valuations, and the Chauffeur Bonus Plan. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. |
| Max Levandowski | May be reached through counsel for Uber | Mr. Levandowski will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. |
| Rhian Morgan | May be reached through counsel for Uber | Ms. Morgan will be asked to provide non-cumulative testimony regarding the founding and business of Ottomotto and Otto Trucking; Uber's acquisition of Otto; and the Stroz due diligence analysis, investigation, report; Defendants misappropriation of Waymo's trade secrets, destruction of relevant evidence. |
| Jake Nocon | May be contacted through counsel:<br><br>Jennifer LaGrange<br>Matthew Umhofer<br>Spertus, Landes & Umhofer, LLP<br>1990 South Bundy Drive<br>Suite 705<br>Los Angeles, CA 90025<br>310.826.4700<br>jennifer@spertuslaw.com<br>matthew@spertuslaw.com | Mr. Nocon will be asked to provide non-cumulative testimony regarding the allegations made by Richard Jacobs, including the use of ephemeral communications, non-attributable devices, and improper privilege designations to avoid discovery, and Uber's competitive intelligence efforts and practices; and Uber's investigation into the Jacobs allegations and settlement with Jacobs. |
| Daniel Ratner | May be reached through counsel for Uber | Mr. Ratner will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, |

| | | |
|---|---|---|
| | | including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. |
| Ed Russo | May be contacted through counsel:<br><br>Jennifer LaGrange<br>Matthew Umhofer<br>Spertus, Landes & Umhofer, LLP<br>1990 South Bundy Drive<br>Suite 705<br>Los Angeles, CA 90025<br>310.826.4700<br>jennifer@spertuslaw.com<br>matthew@spertuslaw.com | Mr. Russo will be asked to provide non-cumulative testimony concerning the allegations made by Richard Jacobs, including the use of ephemeral communications, non-attributable devices, and improper privilege designations to avoid discovery, and Uber's competitive intelligence efforts and practices; and Uber's investigation into the Jacobs allegations and settlement with Jacobs. |
| Bryan Salesky | May be contacted through counsel:<br><br>Stacy North<br><br>Pierce & Shearer LLP<br><br>snorth@pierceshearer.com<br><br>650-843-1900 | Mr. Salesky will provide non-cumulative testimony regarding the history of Google/Waymo's self-driving-car development efforts; Mr. Levandowski's performance as a Google/Waymo employee; certain of Mr. Levandowski's communications with Uber prior to his departure from Google/Waymo |
| Ognen Stojanovski | May be reached through counsel for Uber | Mr. Stojanovski will be asked to provide non-cumulative testimony regarding Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; regarding Tyto LiDAR and Otto's acquisition of Tyto; regarding communications with Mr. Levandowski regarding Tyto LIDAR and other businesses related to Mr. Levandowski. |
| Joe Sullivan | May be contacted through counsel: | Mr. Sullivan will be asked to provide non-cumulative testimony regarding the |

| | | Alan B. Exelrod<br>RUDY EXELROD ZIEFF &<br>LOWE LLP<br>351 California Street<br>Suite 700<br>San Francisco, CA 94104<br>415.434.9800<br>abe@rezlaw.com | allegations made by Richard Jacobs, including the use of ephemeral communications, non-attributable devices, and improper privilege designations to avoid discovery, and Uber's competitive intelligence efforts and practices; and Uber's investigation into the Jacobs allegations and settlement with Jacobs. |
|---|---|---|---|
| | Chris Urmson | May be reached through counsel:<br><br>Benjamin L. Singer<br><br>601 Montgomery St.<br>Suite 1950<br>San Francisco, CA 94111<br><br><u>415-500-6080</u> | Mr. Urmson will provide non-cumulative testimony regarding the history and development of Waymo's self-driving car technology, including its LIDAR designs; Mr. Levandowski's performance at Google and circumstances surrounding his termination from Google; Chauffeur Bonus Plan; Waymo valuation(s). |
| | Tim Willis | May be reached through counsel for Waymo | Mr. Willis will provide non-cumulative testimony regarding Waymo's supply chain operation, including reasonable steps taken to protect confidential and proprietary information shared with suppliers. |

## III.  <u>WITNESSES WHO MAY TESTIFY BY DEPOSITION</u>

The following witnesses may testify by deposition:

Anthony Levandowski

Travis Kalanick

Nina Qi

Bill Gurley

Jeff Holden

John Bares

Gaetan Pennecot

1. Dan Gruver

2. James Haslim

3. Cameron Poetzcher

4. Scott Boehmke

5. Lior Ron

6. Adam Bentley

7. Rhian Morgan

8. Don Burnette

9. Ognen Stojanovski

10. Salle Yoo

11. Asheem Linaval

12. Angela Padilla

13. Justin Suhr

14. Eric Tate

15. Rudy Kim

16. John Gardner

17. Chris Urmson

18. Brian McClendon

19. Bryan Salesky

20. Eric Friedberg

21. Hanley Chew

22. Mary Fulginiti

23. Melanie Maugeri

24. Richard Jacobs

25. Joe Sullivan

26. Joe Spiegler

27. Mat Henley

28. Ed Russo

1      Craig Clark

2      Nick Gicinto

3      Jake Nocon

4   DATED:  January 19, 2018          QUINN EMANUEL URQUHART & SULLIVAN,
                                       LLP
5
                                       By /s/ Charles K. Verhoeven
6                                         Charles K. Verhoeven
                                          Attorneys for WAYMO LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28