# APPENDIX C

1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone:    415.268.7000
5   Facsimile:    415.268.7522

6   KAREN L. DUNN (*Pro Hac Vice*)
    kdunn@bsfllp.com
7   MICHAEL BRILLE (*Pro Hac Vice*)
    mbrille@bsfllp.com
8   BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
9   Washington DC  20005
    Telephone:    202.237.2727
10  Facsimile:    202.237.6131

11  WILLIAM CARMODY (*Pro Hac Vice*)
    bcarmody@susmangodfrey.com
12  SHAWN RABIN (*Pro Hac Vice*)
    srabin@SusmanGodfrey.com
13  SUSMAN GODFREY LLP
    1301 Avenue of the Americas, 32nd Floor
14  New York, NY  10019-6023
    Telephone:    212.336.8330
15  Facsimile:    212.336.8340

16  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
17  and OTTOMOTTO LLC

18              **UNITED STATES DISTRICT COURT**

19             **NORTHERN DISTRICT OF CALIFORNIA**

20                **SAN FRANCISCO DIVISION**

21  WAYMO LLC,                          Case No. 3:17-cv-00939-WHA

22              Plaintiff,              **DEFENDANTS UBER
                                        TECHNOLOGIES, INC. AND
23      v.                              OTTOMOTTO LLC'S OBJECTIONS TO
                                        WAYMO'S FOURTH AMENDED
24  UBER TECHNOLOGIES, INC.,            WITNESS LIST**
    OTTOMOTTO LLC; OTTO TRUCKING
25  LLC,
                                        Trial Date: February 5, 2018
26              Defendants.

27

28

1    Waymo's witness list includes many witnesses not included on any of its timely

2    Rule 26(a)(1) disclosures.[1]  For most of the witnesses whom Waymo did disclose under Rule 26,

3    Waymo has drastically expanded the topics on which those witnesses are expected to testify

4    beyond that which was timely disclosed.  Defendants' specific objections are summarized below

5    and a chart is attached as Exhibit A to assist the Court.[2]

6    **Witnesses Not Previously Disclosed**

7    *Prabir Adarkar*

8    Defendants object to the calling of Mr. Adarkar, an Uber employee who was never

9    previously disclosed in any of Waymo's timely Rule 26 disclosures. Mr. Adarkar was not timely

10   disclosed, in violation of FRCP 26(a)(1), and should be excluded pursuant to FRCP 37(c)(1).

11   *Shawn Bananzadeh*

12   Defendants object to the calling of Mr. Bananzadeh, a Waymo employee who was never

13   previously disclosed in any of Waymo's timely Rule 26 disclosures. Mr. Bananzadeh was not

14   timely disclosed, in violation of FRCP 26(a)(1), and should be excluded pursuant to FRCP

15   37(c)(1). Waymo improperly added him to its "will call" list even though this Court has made it

16   clear that if he is allowed to testify at all, if would only be in rebuttal: "If they use the 30(b)(6)

17   deposition in any way before the jury, through an expert or directly read in, then he gets to come

18   back and explain it in your rebuttal case, but not in your case-in-chief.  In other words, you can't

19   use him in your case-in-chief because he's a new witness." (Tr., 10/26/17, 12:1-7.)  Waymo's

20   motion to supplement its witness list with Mr. Adarkar and Mr. Bananzadeh, and Defendants'

21   opposition thereto, are pending before the Court.

22

23

24   _____

25   [1] Waymo served a new set of initial disclosures on January 19, 2018---the same day it
     served its Fourth Amended Witness list and two weeks before trial.  These disclosures are
26   untimely, as they come almost seven months after the Court's June 21, 2017 deadline for all
     initial disclosures, and should be stricken.  *See* Dkt. 625 at 71-72.

27   [2] These objections do not impact Defendants' ability to call any of the following witnesses
     that it has disclosed in its initial disclosures or learned about through Waymo's discovery on the
28   topics that Defendants have identified in their witness lists.

*Kristin Gudjonsson[3], Travis Bellanger, David Lawee, John Krafcik, Chelsea Bailey, Gerard Dwyer, Don Harrison, Jennifer Haroon, and Sasha Zbrozek*

Defendants object to the calling of these Waymo employees because they were not timely disclosed, in violation of FRCP 26(a)(1), and should be excluded pursuant to FRCP 37(c)(1). Waymo's failure to disclose them was not substantially justified.  Moreover, Waymo knew that many of these employees were centrally involved in Mr. Levandowski's termination or the ensuing investigation yet failed to timely disclose them.  In fact, the failure to disclose some employees involved in the investigation, such as Sasha Zbrozek, is notable, considering the evidence they possess undercutting Waymo's case.

*Bill Gurley*

If Mr. Gurley is permitted to testify, the Court has limited his testimony pursuant to Docket No. 1885, as follows: "Bill Gurley may testify as to his own percipient knowledge regarding his tenure as a member of Uber's board of directors (and possibly other facts) but may not speculate about matters outside of his percipient knowledge. No evidence or argument about Benchmark's lawsuit against Travis Kalanick will be permitted, except that defendants may use that lawsuit for impeachment purposes."  Dkt. No. 1885 at 4.

*Arturo Gonzalez*

Defendants object to the calling of Mr. Gonzalez because he was not timely disclosed, in violation of FRCP 26(a)(1), and should be excluded pursuant to FRCP 37(c)(1).

Defendants further object to the anticipated testimony of Mr. Gonzalez pursuant to FRE 403 because the prejudice his presence as a witness would cause Uber and Ottomotto substantially outweighs any probative value of his testimony.  The Court has already suggested that as trial counsel, Mr. Gonzalez should not be associated with the legal work done in connection with the Uber-Otto transaction.  July 26, 2017 Hr'g. Tr. at 15-16.  Moreover, Mr. Gonzalez should be excluded under FRE 602 because he was not involved in the underlying

---

[3] See below regarding objections to Mr. Brown as an "expert."

1   events of the dispute and therefore any testimony he could offer would not be relevant under FRE

2   402.

3         *Neel Chatterjee*

4         Defendants object to the calling of Mr. Chatterjee because he was not timely disclosed, in

5   violation of FRCP 26(a)(1), and should be excluded pursuant to FRCP 37(c)(1).

6         Defendants further object to the anticipated testimony of Mr. Chatterjee, because the

7   prejudice his presence as a witness would cause Uber and Ottomotto substantially outweighs any

8   probative value of his testimony.  Otto Trucking is no longer a defendant in this case, and

9   Goodwin Procter has never been *Uber*'s or *Ottomotto*'s counsel.  Moreover, Waymo seeks to call

10  Mr. Chatterjee on litigation-related topics such as the "chain of custody of Anthony

11  Levandowski's personal laptops," which is unrelated to the underlying events of the dispute and

12  would pose a danger of confusing the issues before the jury.

13        *Matthew Blattmachr*

14        Defendants object to the calling of Mr. Blattmachr because he was not timely disclosed, in

15  violation of FRCP 26(a)(1).  The proposed subject of his testimony is Mr. Levandowski's

16  ownership of other companies, including presumably including any links to Tyto LiDAR.  But

17  Waymo has been pursuing Mr. Levandowski's links to Tyto LiDAR since close to the inception

18  of this case (if not prior to it) and its failure to disclose Mr. Blattmachr is not substantially

19  justified.

20              **Witnesses For Whom Waymo Seeks to Introduce New Topics**

21        *John Bares*

22        Defendants object to the calling of Mr. Bares on the subject of "the acquisition of Otto;

23  and Mr. Levandowski's employment milestones" because these subjects were not identified by

24  Waymo in its timely initial disclosures.  The omission is not substantially justified.  In fact,

25  Waymo took Mr. Bares's deposition prior to the deadline for initial disclosures and questioned

26  him on the very topics it now seeks to include in his trial testimony.

27

28

*Gary Brown.[4]*

Defendants object to the questioning of Mr. Brown on the subject of "Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories, and computer networks, including but not limited to the SVN server." Brown is Waymo's employee and it chose to only disclose him on the topic of Waymo's forensic investigation into Mr. Levandowsi, Mr. Kshirsagar, and Mr. Raduta, while choosing to disclose another witness on the topic of its efforts to maintain secrecy, Mr. Janosko. Waymo's failure to disclose Mr. Brown on this topic is not substantially justified. Moreover, Mr. Brown's deposition testimony reflects that he lacks personal knowledge about many of these subjects.

*Dmitri Dolgov*

Defendants object to the calling of Mr. Dolgov on the subject of "the Chauffeur Bonus Plan." Mr. Dolgov is Waymo's employee and it chose to only disclose him for other topics. Waymo's failure to disclose this topic is not substantially justified.

*Pierre-Yves Droz*

Defendants object to the calling of Mr. Droz regarding "the confidentiality of its designs and measures to keep them secret, the contents of Waymo's SVN server, and communications with Anthony Levandowski regarding Uber and formation of Otto." Mr. Droz is a Waymo employee and Waymo only disclosed Mr. Droz on the topics of Waymo's "development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; [and] the design and development of certain of Waymo's asserted trade secrets." The newly proposed topics were known as subjects of this litigation to Waymo at the time of the disclosures and the failure to disclose them is not substantially justified.

*John Gardner*

Defendants object to Waymo questioning Mr. Gardner about "Ottomotto and Otto Trucking; the Uber-Otto acquisition; [and] Mr. Levandowski's businesses," or about "destruction of relevant evidence." Before the initial disclosures were due, Waymo knew that Mr. Gardner

---

[4] See below regarding objections to Mr. Brown as an "expert."

1   served as counsel for Mr. Levandowski in connection with the Otto acquisition and related due

2   diligence and as a personal attorney for Mr. Levandowski.  Its failure to disclose these new topics

3   is not substantially justified.  Moreover, testimony about Mr. Levandowski's "businesses" should

4   be excluded to the extent it is irrelevant or unfairly prejudicial.  *See* FRE 402, 403.

5        Defendants also object to Waymo questioning Mr. Gardner about "Tyto LiDAR," a topic

6   disclosed for this witness for the first time on November 15, 2017.  Waymo has been pursuing the

7   issue of Mr. Levandowski's links to Tyto since at least April 2017—well before the initial

8   disclosures were due. Its failure to disclose Mr. Gardner on the topic is not substantially justified.

9        *Dan Gruver, Gaetan Pennecot, Asheem Linaval, and Don Burnette*

10        These witnesses are current Uber engineers who formerly worked at Waymo.  They were

11   initially disclosed as potential witnesses by Waymo only concerning "matters that concern

12   misappropriation of trade secrets."  Waymo now seeks to add for each of these witnesses

13   testimony about "the development of Waymo's self-driving car technology, including its

14   LIDAR."  Waymo should be precluded from eliciting testimony beyond the disclosed topic of the

15   specific trade secrets alleged to have been misappropriated.  Had Waymo wanted to question its

16   former employees about their work for Waymo, it timely could have and should have disclosed

17   that subject.  Waymo's failure to disclose these topics is not substantially justified.

18        Defendants further object to the inclusion of testimony about Waymo's "planner

19   software" with respect to Mr. Burnette.  Software is not at issue in this case; permitting testimony

20   on this topic would cause unfair prejudice and pose a danger of confusing the issues before the

21   jury.  *See* 10/26/2017 Hr'g Tr. at 40 (THE COURT: "When we get into code, it's going to be

22   harder and harder for the jury to put their arms around this case.").

23        *Jeff Holden*

24        Defendants object to Waymo's questioning of Mr. Holden regarding Uber's "autonomous

25   vehicle program before the Otto acquisition; negotiations with Mr. Levandowski regarding the

26   acquisition; Mr. Levandowski's consulting work; facts surrounding Mr. Levandowksi's continued

27   employment with Uber and termination" because these were not timely identified in Waymo's

28   initial disclosures.  Waymo only disclosed Mr. Holden on the topic of "matters that concern

1  misappropriation of trade secrets" but was aware of Mr. Holden's role as a business person

2  involved with the Otto acquisition well before the deadline for initial disclosures. Waymo's

3  failure to disclose these topics is not substantially justified.

4  *Travis Kalanick*

5  Defendants object to Waymo questioning Mr. Klanick regarding the following topics:

6        Uber's solicitation of Google and Waymo employees; discussions
          with, knowledge about, Levandowksi, discussions with the Board
7        and Benchmark partners concerning the Otto acquisition,
          Mr. Levandowski, and the relationship between the facts
8        surrounding this case and his termination; negotiations with
          Mr. Levandowski regarding the founding of Ottomotto and Otto
9        Trucking, and Otto acquisition; the Uber-Otto acquisition;
          solicitation of Google/Waymo employees; . . . Levandowski's
10       employment and continued employment at Uber; and destruction of
          relevant evidence.

11

12  Waymo only disclosed Mr. Kalanick as a potential source of testimony regarding the broad and

13  unhelpful topic of "matters that concern misappropriation of trade secrets." Certainly, given his

14  role, Waymo knew or should have known Mr. Kalanick's involvement in the acquisition of Otto

15  and his negotiations with Mr. Levandowski. Waymo's failure to disclose these topics is not

16  substantially justified.

17        Moreover, any testimony regarding solicitation of Google/Waymo employees should also

18  be excluded under Rules 402 and 403 because it is irrelevant, unfairly prejudicial, and will tend to

19  confuse the jury.

20        Moreover, any testimony about Benchmark should be excluded pursuant to FRE 403 for

21  the reasons stated in Defendants' motion *in limine* (No. 24). Dkt. No. 1548.

22  *Anthony Levandowski*

23        In addition to Defendants' already-briefed objections to the calling of Mr. Levandowski as

24  unfairly prejudicial, Defendants object to Waymo questioning Mr. Levandowski on the following

25  topics for which he was not disclosed in Waymo's timely initial disclosures:

26       development of Waymo's self-driving car technology, including its
          LIDAR designs and the development of Waymo's trade secrets,
27       engineering practices of Waymo and the LIDAR team regarding the
          confidentiality of its designs and measures to keep them secret, his
28       performance at Waymo, the contents of Waymo's SVN server, and

communications with Google employees regarding Uber and formation of Otto; Uber's driverless car program; Uber's solicitation of Google and Waymo employees; the relationship between the facts surrounding this case and his termination; negotiations regarding the founding of Ottomotto and Otto Trucking, and Otto acquisition; the Uber-Otto acquisition; . . . Levandowski's employment and continued employment at Uber; and destruction of relevant evidence. Waymo further identifies those subjects identified in Waymo's Statement Regarding Questions it Intends to Ask Anthony Levandowski at Trial. Dkt. 835.

Waymo only identified Mr. Levandowski as a potential source of testimony regarding "matters that concern misappropriation of trade secrets."  Given its allegations against Mr. Levandowski in the Complaint and Motion for Preliminary Injunction, Dkts. 23 & 24, Waymo knew that Mr. Levandowski had potentially relevant information about these other topics.  Waymo's failure to disclose these topics is not substantially justified.

Moreover, any testimony regarding solicitation of Google/Waymo employees should also be excluded under Rules 402 and 403 because it is irrelevant, unfairly prejudicial, and will tend to confuse the jury.

*Brian McClendon, Cameron Poetszcher, and Nina Qi*

Defendants object to the questioning of these witnesses regarding any topics that do not directly concern "matters concerning the misappropriation of trade secrets," the only disclosed subject for these witnesses.  Although the new subjects for each witness identified by Waymo vary slightly, they have been all generally designated to testify about such topics as:

- "Negotiations with Levandowski regarding founding Ottomotto and Otto Trucking";
- "Contacts between Uber and Mr. Levandowski regarding the formation of Ottomotto/Otto Trucking";
- "Uber's solicitation of Google/Waymo employees";
- "The benefits Uber would obtain via those acquisitions";
- "the Uber-Otto acquisition";
- "Levandowski's employment and continued employment at Uber";
- "discussions with, knowledge about, Levandowksi";
- "discussions with the Board and Benchmark partners concerning the Otto acquisition, Mr. Levandowski"; and

- "the relationship between the facts surrounding this case and his termination." From well before the date initial disclosures were due, Waymo knew that each of these individuals was involved in a business role and the Otto acquisition.  Its failure to timely identify these topics is not substantially justified.

Moreover, any testimony regarding solicitation of Google/Waymo employees should also be excluded under Rules 402 and 403 because it is irrelevant, unfairly prejudicial, and will tend to confuse the jury.

Moreover, any testimony about Benchmark should be excluded pursuant to FRE 403 for the reasons stated in Defendants' motion *in limine* (No. 24).  Dkt. No. 1548.

### Rhian Morgan

Defendants object to Waymo's questioning Ms. Morgan regarding the "founding and business of Ottomotto and Otto Trucking [and] Uber's acquisition of Otto."  Waymo only disclosed Ms. Morgan as a potential source of testimony regarding "matters that concern misappropriation of trade secrets."  Waymo's failure to disclose these topics is not substantially justified.

### Lior Ron

Defendants object to Waymo questioning Mr. Ron about the "founding of Ottomotto and Otto Trucking; the Uber-Otto acquisition" and "the business and product development of Ottomotto and Otto trucking."  Before the initial disclosures were due, Waymo knew Mr. Ron was a co-founder of Otto and Otto Trucking and should have disclosed these topics then. Waymo's failure to disclose these topics is not substantially justified.

### Ognen Stojanovski

Defendants object to Waymo's questioning Mr. Stojanovski about Tyto LiDAR, Otto's acquisition of Tyto, or communications with Mr. Levandowski about Tyto.  Waymo did not disclose these topics in its timely initial disclosures.  Waymo has been pursuing the issue of Mr. Levandowski's links to Tyto since at least April 2017.  Waymo's failure to disclose these topics for Mr. Stojanovski is not substantially justified.

*Bryan Salesky*

Defendants object to the calling of Mr. Salesky regarding "Mr. Levandowski's performance as a Google/Waymo employee" and "certain of Mr. Levandowski's communications with Uber prior to his departure from Google/Waymo." Mr. Salesky was only disclosed by Waymo as a witness having information about "matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology" and "matters that concern misappropriation of trade secrets by Defendants." Mr. Salesky was a senior Waymo employee during the events in question and the newly proposed topics were known as subjects of this litigation to Waymo at the time its initial disclosures were due. Waymo's failure to disclose these topics is not substantially justified.

*Chris Urmson*

Defendants object to the calling of Mr. Urmson regarding "Mr. Levandowski's performance as a Google/Waymo employee and circumstances surrounding his termination from Google; Chauffer Bonus Plan" and "Waymo valuation(s)." Mr. Urmson was only disclosed by Waymo as a witness having information about "matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology." Mr. Urmson was a senior Waymo employee—for a period the most senior—during the events in question, and the newly proposed topics were known as subjects of this litigation to Waymo at the time its initial disclosures were due. Waymo's failure to disclose these topics is not substantially justified.

*Salle Yoo*

Defendants object to Waymo's questioning Ms. Yoo about the "continued employment and termination of Anthony Levandowski." Waymo did not include this as a topic for Ms. Yoo in its timely initial disclosures despite being aware as of May 30, 2017, that Ms. Yoo signed the letter terminating Mr. Levandowski.[5] Waymo's failure to disclose this topic is not substantially justified. Moreover, any proposed testimony on the topic of the Stroz Report would be

---

[5] In addition to being produced in this case, the termination and letter were widely reported in news. *See* https://www.washingtonpost.com/news/the-switch/wp/2017/05/30/uber-fires-star-engineer-anthony-levandowski-at-the-center-of-self-driving-car-battle/?utm_term=.58c08e1e3232

1  unnecessarily cumulative under Rule 403.  Finally, Defendants object to the newly-disclosed

2  topic for Ms. Yoo of "Uber management's lack of deference to the legal department or legal

3  advice."  Not only was this topic not timely disclosed, but it would almost certainly seek to

4  invade and improperly draw objections regarding the attorney-client privilege and should

5  therefore be excluded under FRE 403.

6       *Rudy Kim and Eric Tate*

7       Defendants object to the calling of Mr. Kim and Mr. Tate because their testimony will be

8  cumulative and waste the jury's time.  *See* FRE 403.

9       *Adam Bentley*

10      Defendants object to Mr. Bentley's testimony as unduly cumulative and likely to waste

11 the jury's time.  *See* FRE 403.

12      *Max Levandowski and Daniel Ratner*

13      Defendants object to the calling of Mr. Levandowksi and Mr. Ratner for any subjects

14 beyond the scope permitted by the Court in its October 26, 2017 ruling on Waymo's Motion to

15 Amend.  *See* 10/26/2017 Hr'g at 13:9-14 ("You can add them to your list for trial, but it's limited

16 to testimony that came out of the Stroz report or something that was newly produced in that time

17 period after the Stroz report. And you cannot get off into other subjects in your case-in-chief.").

18      *Undisclosed Damages Testimony*

19      Waymo's November 12, 2017 Offer of Proof Regarding Reasonable Royalty Damages

20 suggests that ten witnesses who were either not disclosed or disclosed for other purposes by

21 Waymo will now become Waymo's damages witnesses.  These witnesses include John Krafcik,

22 Dmitry Dolgov, Jennifer Haroon, Dan Chu, Nina Qi, Prabir Adarkar, Pierre-Yves Droz,

23 Lambertus Hesselink, and Jeff Holden.  Defendants object to any such testimony that goes

24 beyond the witnesses and subjects timely disclosed pursuant to FRCP 26(a)(1).

25      *30(b)(6) Witnesses*

26      Defendants also object to any of Waymo's witnesses testifying about "the subjects of the

27 Rule 30(b)(6) topic(s) for which [they were] designated as Waymo's corporate witness" to the

28 extent those topics go beyond the subjects disclosed in Waymo's timely initial disclosures.  In

1   addition to being untimely, there is no guarantee that these witnesses even have personal

2   knowledge over those subjects.  *See Cooper v. United Air Lines, Inc.*, 82 F. Supp. 3d 1084, 1096

3   (N.D. Cal. 2015).  The witnesses for which these subjects were added are Gary Brown, Dan Chu,

4   Dmitri Dolgov, Pierre-Yves Droz, David Lawee, and Jennifer Harroon.

5            *Destruction of Relevant Evidence*

6            Waymo has added as a topic for numerous witnesses "the destruction of relevant

7   evidence."  Any suggestion that an Uber witness destroyed relevant evidence should be excluded

8   under FRE 403.

9            **New Witnesses and Topics from December Discovery**

10           ***Richard Jacobs' Allegations***

11           Defendants object to Waymo's efforts to inject the Richard Jacobs' allegations into a trial

12   about 8 specific alleged trade secrets.  For the reasons set forth in Defendants' response to

13   Waymo's Offer of Proof regarding the Jacobs' allegations, evidence and testimony about his

14   allegations, including those relating to ephemeral communications, non-attributable devices, the

15   improper use of the attorney client privilege, Uber's competitive intelligence practices, Uber's

16   knowledge of Jacobs' allegations, Uber's investigation into Jacobs' allegations, and Uber's

17   settlement with Jacobs, should be excluded under FRE 402 and 403 and because of the significant

18   evidentiary problems with much of the evidence supporting Waymo's Offer of Proof. *See* Dkt.

19   No. 2503 & Appendix A.   The new witnesses added for the Jacobs' allegations include Mat

20   Henley, Richard Jacobs, Joe Spiegler, Rey Allie, Nick Gicinto, Jake Nocon, Ed Russo, Joe

21   Sullivan, and Craig Clark.  The previously disclosed witnesses for which the new topics were

22   added include Travis Kalanick, Angela Padilla, Lior Ron, Justin Suhr, Eric Tate, Salle Yoo, and

23   Arturo Gonzalez.

24           ***Ephemeral Messaging***

25           Defendants further object to Waymo's efforts to add new witnesses and expand the topics

26   for existing witnesses on the subject of Uber's use of ephemeral messaging.  Waymo was aware

27   in June 2017 that Uber used ephemeral communications but chose not to make it an issue in this

28   litigation.  Dkt.  No. 2503 at 2-3, 12-13.  The new witnesses on the topic of ephemeral messaging

1   include Mat Henley, Richard Jacobs, Rey Allie, Nick Gicinto, Jake Nocon, Ed Russo, Joe

2   Sullivan, and Craig Clark. The previously disclosed witness for which the topic of ephemeral

3   communications was added is Lior Ron.  Mr. Ron was even asked about his use of ephemeral

4   communications to communicate with Mr. Levandowski at his deposition in June before the

5   deadline for amendment of initial disclosures.  *See* Dkt. No. 2503 at 13.  Waymo's failure to

6   disclose these witnesses and the topic of ephemeral communications violates FRCP 26(a)(1) and

7   should be excluded pursuant to FRCP 37(c)(1).

8          For the same reasons, Defendants object to Waymo's attempt to add one of its own

9   employees, Scott Johnston, as a witness to talk about Waymo's use of ephemeral

10  communications.  Waymo had an opportunity to make ephemeral communications an issue in this

11  case as far back as June 2017 and chose not to do so.  Its failure to disclose Mr. Johnston violates

12  FRCP 26(a)(1) and he should be excluded pursuant to FRCP 37(c)(1).

## Experts

### Paul French and Bruce Hartley

15         Defendants object to any testimony from Waymo's "rebuttal" expert reports from French

16  and Hartley because their purpose is not "solely to contradict or rebut evidence on the same

17  subject matter identified by another [party's expert]."  Fed. R. Civ. P. 26(a)(2)(D)(ii).  Rebuttal

18  expert reports "are not . . . the proper place for presenting new arguments" and must be limited to

19  the opposition report's subject matter.  *R&O Const. Co. v. Rox Pro Int'l Grp., Ltd.*, No. 2:09-CV-

20  01749-LRH-LR, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011).  But instead of rebutting

21  Laykin's report, French's and Hartley's reports present new arguments on Google's reasonable

22  efforts to protect the alleged trade secrets' secrecy; a necessary element to trade secret

23  misappropriation.  *Kirola v. City & Cty. of San Francisc*o, No. C-07-3685 SBA (EMC), 2010 WL

24  373817, at *2 (N.D. Cal. Jan. 29, 2010) ("[T]his expert opinion could not be considered rebuttal

25  evidence because its purpose was to support an element of the plaintiffs' . . . claim.").  They also

26  provide additional information regarding the reliability of the forensic investigation conducted by

27  Gary Brown and Kristinn Gudjonsson and the soundness of the conclusions Mr. Brown and

28  Mr. Gudjonsson reached.  Any testimony concerning these opinions, on which Waymo bears the

1    burden of proof, should have been disclosed in Waymo's opening reports and are untimely on

2    rebuttal.  Preclusion of the French and Hartley's testimony on these topics is "automatic and

3    mandatory" since Waymo cannot show that their failure to comply was "justified or harmless."

4    *R&O*, 2011 WL 2923703, at *3.

5              *Lambertus Hesselink*

6              Defendants object to Dr. Hesselink's testimony found in paragraphs 65 to 72 of his expert

7    report as set forth in Otto Trucking's *Daubert* motion found at Docket No. 1610.  Dr. Hesselink's

8    opinion on Waymo's protections of its trade secrets is merely a recitation of information found in

9    the declarations of fact witnesses, one of whom admits that he does not have any personal

10   knowledge of the SVN server and that the other information he attested to does not apply to that

11   server.

12             *Gary Brown and Kristinn Gudjonsson*

13             In addition to the objections stated above, Defendants object to any expert testimony by

14   Gary Brown or Kristinn Gudjonsson for the reasons stated in Otto Trucking's *Daubert* motion

15   found at Docket No. 1620.  Mr. Brown and Mr. Gudjonsson's opinions are unreliable and

16   misleading, and they do not have the requisite expertise to opine and testify about the SVN

17   server.

18                          **Testimony by Deposition**

19             Waymo has listed all or nearly all of the non-Waymo witnesses as potential witnesses to

20   be called by deposition.  Defendants object to each and every witness to the extent they do not

21   meet the requirements of Federal Rule of Civil Procedure 32.

22

23

24

25

26

27

28

1    Dated: January 23, 2018                  MORRISON & FOERSTER LLP
                                              BOIES SCHILLER FLEXNER LLP
2                                             SUSMAN GODFREY LLP

3

4                                             By:  /s/ William Carmody
                                                   WILLIAM CARMODY
5
                                              Attorneys for Defendants
6                                             UBER TECHNOLOGIES, INC. and
                                              OTTOMOTTO LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A TO DEFENDANTS' OBJECTIONS TO WAYMO'S FOURTH AMENDED WITNESS LIST**

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| **Will Call List** | | | |
| Prabir Adarkar | Not Disclosed | Mr. Adarkar may be asked to provide non-cumulative testimony regarding Uber's financial forecasts for autonomous vehicles, and Uber's competitive relationship with Waymo, including its willingness to cut prices to compete with Waymo. | FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| Shawn Bananzadeh | Not Disclosed | Mr. Bananzadeh will provide noncumulative testimony regarding costs of development of, and management of Waymo's self-driving cars and autonomous vehicle technology. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. | Per Court's ruling, if Mr. Bananzadeh is allowed to testify at all, it will be as a rebuttal witness *only*—not in Waymo's case-in-chief. *See* Tr. 10/26/17; 12:1-7. FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| John Bares | Matters that concern misappropriation of trade secrets. | Mr. Bares will be asked to provide noncumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; acquisition of Otto; and Mr. Levandowski's employment milestones. [1] | FRCP 26(a)(1) & 37(c)(1) |
| Gary Brown | Matters that concern the forensic investigation into misappropriation of trade secrets by Defendants via Anthony Levandowski, Sameer Kshirsagar, and Radu Raduta. | Mr. Brown will provide non-cumulative testimony concerning Google/Waymo's forensic investigation into misappropriation of trade secrets, particularly analysis of log data and hardware; Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories, and computer networks, including but not limited to the SVN server. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. | FRCP 26(a)(1) & 37(c)(1) FRE 602 FRE 702 |

---

[1] Where only a portion of a witnesses' testimony is subject to objection, the objectionable portions are highlighted in yellow. If there is no yellow highlighting, Defendants object to the entirety of the proposed trial testimony.

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Dan Chu | Matters that concern Waymo, including investment in, development of, and management of Waymo's self-driving cars and autonomous vehicle technology; the current and future nature of the relevant markets and competition in the relevant markets, and other issues related to irreparable harm and damages suffered by Waymo. | Mr. Chu will provide non-cumulative testimony regarding matters that concern Waymo, including investment in, development of, and management of Waymo's self-driving cars and autonomous vehicle technology; the current and future nature of the relevant markets and competition in the relevant markets, and other issues related to irreparable harm and damages suffered by Waymo, Waymo's short-term and long-term business plans, Waymo's early rider program in Phoenix, Waymo's launch of its TaaS service, and Waymo's understanding of the TaaS market (including competition in that market and Waymo's competitive advantages). Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |
| Dmitri Dolgov | Matters that concern Waymo, including the history, development, and management of Waymo's self-driving cars and autonomous vehicle technology; the design and development of certain of Waymo's asserted trade secrets | Dr. Dolgov will provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and associated self-driving vehicle software development; the development of certain of Waymo's trade secrets, Waymo's engineering practices, and the Chauffeur Bonus Plan. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |
| Pierre-Yves Droz | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; the design and development of certain of Waymo's asserted trade secrets; conception, reduction to practice, and patenting of the inventions of U.S. Patent Nos. 8,836,922 ("the '922 patent"), 9,285,464 ("the '464 patent"), 9,368,936 ("the '936 patent"), and 9,086,273 ("the '273 patent"). | Mr. Droz will provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and the development of Waymo's trade secrets, time to develop Waymo's LIDAR designs and trade secrets, engineering practices of Waymo and the LIDAR team regarding the confidentiality of its designs and measures to keep them secret, the contents of Waymo's SVN server, and communications with Anthony Levandowski regarding Uber and formation of Otto. Waymo further identifies the subjects of Mr. Droz's prior declarations submitted in this matter, Dkt. 25-31, 453-3 as subject he may testify about as well as the Rule 30(b)(6) topics for which he was designated as Waymo's corporate witness. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |

2

sf-3861016

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| John Gardner | Matters that concern misappropriation of trade secrets. | Mr. Gardner will be asked to provide noncumulative testimony regarding Ottomotto and Otto Trucking; the Uber-Otto acquisition; Mr. Levandowski's businesses; the Stroz due diligence analysis, investigation, and report; the misappropriation of Waymo trade secrets; destruction of relevant evidence; and Tyto LiDAR. | FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| Dan Gruver | Matters that concern misappropriation of trade secrets and patent infringement by Defendants; conception, reduction to practice, and patenting of the inventions of the '922, '464, and '273 patents. | Mr. Gruver will be asked to provide noncumulative testimony regarding Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; and the development of Waymo's self-driving car technology, including its LIDAR designs. | FRCP 26(a)(1) & 37(c)(1) |
| Bill Gurley | Not Disclosed | Mr. Gurley will be asked to provide noncumulative testimony regarding Uber's acquisition of Otto; board meetings, discussions, and knowledge concerning the Otto acquisition including Mr. Kalanick and others' representations; facts surrounding Mr. Kalanick and board discussions concerning his termination; negotiations with Mr. Kalanick concerning the Otto acquisition and his resignation; Stroz due diligence report; and representations made by Mr. Kalanick regarding the Stroz report and Otto acquisition; and Benchmark's claim that Mr. Kalanick committed fraud and breached his fiduciary duty with respect to the Otto acquisition. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 MIL 24 |
| Mat Henley | Not Disclosed | Mr. Henley will be asked to provide noncumulative testimony regarding the allegations made by Richard Jacobs, including the use of ephemeral communications, non-attributable devices, and improper privilege designations to avoid discovery; Uber's investigation into the Jacobs allegations and settlement with Jacobs; and Uber's competitive intelligence efforts and practices. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |

3

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---------|------------------------------|----------------------------|------------|
| Jeff Holden | Matters that concern misappropriation of trade secrets. | Mr. Holden will be asked to provide noncumulative testimony regarding the state of Uber's autonomous vehicle program before the Otto acquisition; negotiations with Mr. Levandowski regarding the acquisition; Mr. Levandowski's consulting work; facts surrounding Mr. Levandowski's continued employment with Uber and termination; and Defendants' misappropriation of Waymo's trade secrets. | FRCP 26(a)(1) & 37(c)(1) |
| Richard Jacobs | Not Disclosed | Mr. Jacobs will be asked to provide noncumulative testimony regarding the allegations he made and Uber's reactions thereto, including the use of ephemeral communications, non-attributable devices, and improper privilege designations to avoid discovery, and Uber's competitive intelligence efforts and practices; Jacobs' settlement with Uber, and consulting services provided to Uber. | FRCP 26(a)(1) & 37(c)(1)<br>FRE 402<br>FRE 403<br>Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |
| Travis Kalanick | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. | Mr. Kalanick will be asked to provide non-cumulative testimony regarding Uber's driverless car program; Uber's solicitation of Google and Waymo employees; discussions with, knowledge about, Levandowksi, discussions with the Board and Benchmark partners concerning the Otto acquisition, Mr. Levandowski, and the relationship between the facts surrounding this case and his termination; negotiations with Mr. Levandowski regarding the founding of Ottomotto and Otto Trucking, and Otto acquisition; the Uber-Otto acquisition; solicitation of Google/Waymo employees; the Stroz due diligence analysis, investigation, and report; Uber's knowledge of stolen documents, understanding, and activity related to misappropriation of Google/Waymo trade secret and proprietary information; Levandowski's employment and continued employment at Uber; and destruction of relevant evidence; and allegations made by Richard Jacobs, Uber's investigation into the Jacobs allegations and settlement with Jacobs. | FRCP 26(a)(1) & 37(c)(1)<br>FRE 402<br>FRE 403<br>MIL 24<br>Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |

sf-3861016

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| John Krafcik | Not Disclosed | Mr. Krafcik will provide non-cumulative testimony regarding Waymo's business; Anthony Levandowski, and his departure from Google; the relationship between Waymo and Google; and Waymo's development of its TaaS service, and valuations of Chauffeur. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |
| Anthony Levandowski | Matters that concern misappropriation of trade secrets and patent infringement by Defendants; conception, reduction to practice, and patenting of the inventions of the '922 and '464 patents | Mr. Levandowski will be asked to provide non-cumulative testimony regarding the development of Waymo's self-driving car technology, including its LIDAR designs and the development of Waymo's trade secrets, engineering practices of Waymo and the LIDAR team regarding the confidentiality of its designs and measures to keep them secret, his performance at Waymo, the contents of Waymo's SVN server, and communications with Google employees regarding Uber and formation of Otto; Uber's driverless car program; Uber's solicitation of Google and Waymo employees; the relationship between the facts surrounding this case and his termination; negotiations regarding the founding of Ottomotto and Otto Trucking, and Otto acquisition; the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; Uber's knowledge of stolen documents, understanding, and activity related to misappropriation of Google/Waymo trade secret and proprietary information; Levandowski's employment and continued employment at Uber; and destruction of relevant evidence. Waymo further identifies those subjects identified in Waymo's Statement Regarding Questions it Intends to Ask Anthony Levandowski at Trial. Dkt. 835. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 |
| Brian McClendon | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. | Mr. McClendon will be asked to provide non-cumulative testimony regarding solicitation of and negotiations with Levandowski regarding founding Ottomotto and Otto Trucking; and the Uber-Otto acquisition, the development of Uber's self-driving technology, including before the Otto acquisition, Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development. | FRCP 26(a)(1) & 37(c)(1) FRE 403 FRE 402 |

5

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Angela Padilla | Not Disclosed | Ms. Padilla will be asked to provide noncumulative testimony regarding the Stroz due diligence analysis, investigation, and report; Levandowski's employment and continued employment at Uber; the relationship between the facts surrounding this case and his termination; and the Uber-Otto acquisition, Defendants' misappropriation of Waymo' s trade secrets, including their acquisition, use and disclosure, and the lack of independent development; destruction of relevant evidence; and allegations made by Richard Jacobs, Uber's investigation into the Jacobs allegations and settlement with Jacobs. | FRCP 26(a)(1) & 37(c)(1) FRE 403 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |
| Gaetan Pennecot | Matters that concern misappropriation of trade secrets and patent infringement by Defendants; conception, reduction to practice, and patenting of the inventions of the '922, '464, and '273 patents. | Mr. Pennecot will be asked to provide non-cumulative testimony regarding Defendants' misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. | FRCP 26(a)(1) & 37(c)(1) |
| Cameron Poetzscher | Matters that concern misappropriation of trade secrets | Mr. Poetzcher will be asked to provide non-cumulative testimony regarding Uber's negotiations with Mr. Levandowski regarding the formation of Ottomotto/Otto Trucking; and the acquisition; solicitation of Google/Waymo employees; destruction of relevant evidence; and the Stroz due diligence analysis investigation, and report. | FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| Nina Qi | Matters that concern misappropriation of trade secrets. | Ms. Qi will be asked to provide noncumulative testimony regarding Uber's decision to acquire Ottomotto (and to enter into an option to acquire Otto Trucking); contacts between Uber and Mr. Levandowski regarding the formation of Ottomotto / Otto Trucking, Uber's acquisition of those entities, and the benefits that Uber would obtain via those acquisitions; Uber's solicitation of Google/Waymo employees; and Uber's internal views on those subjects, destruction of relevant evidence; and the Stroz due diligence analysis, investigation, and report. | FRCP 26(a)(1) & 37(c)(1) FRE 403 |

6

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Lior Ron | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. | Mr. Ron will be asked to provide noncumulative testimony regarding the misappropriation of Waymo trade secrets; founding of Ottomotto and Otto Trucking; the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and the business and product development of Ottomotto and Otto Trucking, destruction of relevant evidence; Uber ATG's use of ephemeral communications and nonattributable devices and its relationship with Uber's Threat Operations division; and allegations made by Richard Jacobs, Uber's investigation into the Jacobs allegations and settlement with Jacobs. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |
| Joe Spiegler | Not Disclosed | Mr. Spiegler will be asked to provide non-cumulative testimony regarding the Richard Jacobs letter and resignation email and allegations therein, investigation into Jacobs' allegations, and settlement with Jacobs; and Uber management's lack of deference to the legal department or legal advice. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |
| Justin Suhr | Not Disclosed | Mr. Suhr will be asked to provide noncumulative testimony regarding the Stroz due diligence analysis, investigation, and report; and allegations made by Richard Jacobs, Uber's investigation into the Jacobs allegations and settlement with Jacobs. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |
| Eric Tate | Matters that concern misappropriation of trade secrets | Mr. Tate will be asked to provide noncumulative testimony regarding the Uber- Otto acquisition; the Stroz due diligence analysis, investigation, and report; and destruction of relevant evidence; Uber's counsel's awareness of the Jacobs resignation email and letter and allegations therein; and Uber's investigation into the Jacobs allegations and settlement with Jacobs. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Salle Yoo | Matters that concern misappropriation of trade secrets | Ms. Yoo will be asked to provide noncumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis investigation, and report; continued employment and termination of Anthony Levandowski; and Defendants misappropriation of Waymo's trade secrets, destruction of relevant evidence; the Richard Jacobs letter and resignation email and allegations therein, investigation into Jacobs' allegations, and settlement with Jacobs; and Uber management's lack of deference to the legal department or legal advice. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |
| Sasha Zbrozek | Not Disclosed | Mr. Zbrozek will provide non-cumulative testimony concerning Google/Waymo's forensic investigation, particularly the SVN server and related log data, including Mr. Levandowski's download of the 14,000 files from the SVN server; Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories, and computer networks. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |
| **May Call List** | | | |
| Rey Allie | Not Disclosed | Matters that concern the allegations made by Richard Jacobs, and Uber's reactions thereto, including the use of ephemeral communications, non-attributable devices, and improper privilege designations to avoid discovery, and Uber's competitive intelligence efforts and practices. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |
| Chelsea Bailey | Not Disclosed | Ms. Bailey will provide noncumulative testimony regarding the Chauffeur Bonus Plan; Mr. Levandowski's departure from Google, including Google's collection of Levandowski's laptops and delivery of those laptops to the Google forensics team; and Mr. Levandowski's performance as a Google/Waymo employee | FRCP 26(a)(1) & 37(c)(1) |
| Travis Bellanger | Not Disclosed | Mr. Bellanger will provide non-cumulative testimony concerning Google/Waymo's forensic investigation into the activities of Anthony Levandowski, including Google's collection of Levandowski's laptops and delivery of those laptops to the Google forensics team | FRCP 26(a)(1) & 37(c)(1) |

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Adam Bentley | Matters that concern misappropriation of trade secrets | Mr. Bentley will be asked to provide non-cumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and destruction of relevant evidence. | FRE 403 |
| Matthew Blattmachr | Not Disclosed | Mr. Blattmachr will be asked to provide non-cumulative testimony regarding the ownership of Levandowski's companies | FRCP 26(a)(1) & 37(c)(1) |
| Don Burnette | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. | Mr. Burnette will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs and planner software; due diligence by Stroz for Otto acquisition by Uber; and destruction of relevant evidence. | FRCP 26(a)(1) & 37(c)(1) FRE 403 10/26/2017 Hr'g Tr. at 40. |
| Neel Chatterjee | Not Disclosed | Mr. Chatterjee will be asked to provide non-cumulative testimony regarding Goodwin Procter's possession of misappropriated materials; destruction of relevant evidence; chain of custody of Anthony Levandowski's personal laptops, and searches thereof. | FRCP 26(a)(1) & 37(c)(1) FRE 403 |
| Gerard Dwyer | Not Disclosed | Mr. Dwyer will provide noncumulative testimony regarding inputs to Waymo's current P&L. He may also provide testimony regarding Waymo's current business plan. | FRCP 26(a)(1) & 37(c)(1) |
| Nick Gicinto | Not Disclosed | Mr. Gicinto will be asked to provide non-cumulative testimony regarding the allegations made by Richard Jacobs, including the use of ephemeral communications, non-attributable devices, and designations to avoid discovery, and Uber's competitive intelligence efforts and practices; and Uber's investigation into the Jacobs allegations and settlement with Jacobs. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Arturo Gonzalez | Not Disclosed | Mr. Gonzalez will be asked to provide non-cumulative testimony regarding MoFo's possession of misappropriated materials; destruction of relevant evidence; and Defendants' knowledge of same; Uber's counsel's awareness of the Jacobs resignation email and letter and allegations therein; and Uber's investigation into the Jacobs allegations and settlement with Jacobs.  As Waymo previously advised Uber, Waymo does not intend to call Mr. Gonzalez as a witness unless Defendants open the door by claiming that they complied with their discovery obligations. | FRCP 26(a)(1) & 37(c)(1) FRE 403 FRE 402 FRE 602 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |
| Kristin Gudjonsson | Not Disclosed | Mr. Gudjonsson will provide noncumulative testimony concerning Google/Waymo's forensic investigation into misappropriation of trade secrets, particularly analysis of hardware; Google/Waymo's reasonable efforts to maintain the secrecy of its electronic systems, digital document storage repositories, and computer networks, including but not limited to the SVN server. | FRCP 26(a)(1) & 37(c)(1) FRE 602 FRE 702 |
| Don Harrison | Not Disclosed | Mr. Harrison will provide noncumulative testimony regarding Google's mergers and acquisitions, including the negotiation and drafting of Google's merger and acquisition agreements, the process of conducting valuations, and Waymo's valuations. | FRCP 26(a)(1) & 37(c)(1) |
| Jennifer Haroon | Not Disclosed | Ms. Haroon will provide noncumulative testimony regarding details of Waymo's first P&L, the negotiation of the valuation used in connection with the Chauffeur Business Plan, the timing of payments made under the Chauffeur Business Plan, and the 409(a) valuation conducted when Waymo was spun off from Google. Ms. Haroon may also provide testimony regarding the evolution of Waymo's business plan over time. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which she was designated as Waymo's corporate witness. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |

10

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---------|-------------------------------|----------------------------|------------|
| Scott Johnston | Not Disclosed | Mr. Johnston will provide noncumulative testimony regarding the use of Google Hangouts and related proprietary chat applications, including Google and Waymo's own use of and default settings for such applications. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |
| Rudy Kim | Matters that concern misappropriation of trade secrets. | Mr. Kim will be asked to provide noncumulative testimony regarding the Uber-Otto acquisition; the Stroz due diligence analysis, investigation, and report; and destruction of relevant evidence. | FRE 403 |
| Asheem Linaval | Matters that concern misappropriation of trade secrets and patent infringement by Defendants. | Mr. Linaval will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. | FRCP 26(a)(1) & 37(c)(1) |
| David Lawee | Not Disclosed | Mr. Lawee will provide noncumulative testimony regarding Google's mergers and acquisitions, including the negotiation and drafting of Google's merger and acquisition agreements, the process of conducting valuations, Waymo's valuations, and the Chauffeur Bonus Plan. Waymo further identifies the subjects of the Rule 30(b)(6) topic(s) for which he was designated as Waymo's corporate witness. | FRCP 26(a)(1) & 37(c)(1) FRE 602 |
| Max Levandowski | Matters that concern misappropriation of trade secrets and patent infringement by Defendants | Mr. Levandowski will be asked to provide noncumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. | 10/26/2017 Hr'g at 13:9-14 |

11

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Rhian Morgan | Matters that concern misappropriation of trade secrets. | Ms. Morgan will be asked to provide noncumulative testimony regarding the founding and business of Ottomotto and Otto Trucking; Uber's acquisition of Otto; and the Stroz due diligence analysis, investigation, report; Defendants misappropriation of Waymo's trade secrets, destruction of relevant evidence. | FRCP 26(a)(1) & 37(c)(1) |
| Jake Nocon | Not Disclosed | Mr. Nocon will be asked to provide non-cumulative testimony regarding the allegations made by Richard Jacobs, including the use of ephemeral communications, non-attributable devices, and improper privilege designations to avoid discovery, and Uber's competitive intelligence efforts and practices; and Uber's investigation into the Jacobs allegations and settlement with Jacobs. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |
| Daniel Ratner | Not Disclosed | Mr. Ratner will be asked to provide non-cumulative testimony concerning Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; the development of Waymo's self-driving car technology, including its LIDAR designs. | 10/26/2017 Hr'g at 13:9-14 |
| Ed Russo | Not Disclosed | Mr. Russo will be asked to provide non-cumulative testimony concerning the allegations made by Richard Jacobs, including the use of ephemeral communications, non-attributable devices, and improper privilege designations to avoid discovery, and Uber's competitive intelligence efforts and practices; and Uber's investigation into the Jacobs allegations and settlement with Jacobs. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |
| Bryan Salesky | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology; matters that concern misappropriation of trade secrets by Defendants. | Mr. Salesky will provide non-cumulative testimony regarding the history of Google/Waymo's self-driving-car development efforts; Mr. Levandowski's performance as a Google/Waymo employee; certain of Mr. Levandowski's communications with Uber prior to his departure from Google/Waymo | FRCP 26(a)(1) & 37(c)(1) |

12

| Witness | Subject of Initial Disclosure | Subject of Trial Testimony | Objections |
|---|---|---|---|
| Ognen Stojanovski | Matters that concern misappropriation of trade secrets | Mr. Stojanovski will be asked to provide non-cumulative testimony regarding Defendants misappropriation of Waymo's trade secrets, including their acquisition, use and disclosure, and the lack of independent development; regarding Tyto LiDAR and Otto's acquisition of Tyto; regarding communications with Mr. Levandowski regarding Tyto LIDAR and other businesses related to Mr. Levandowski. | FRCP 26(a)(1) & 37(c)(1) |
| Joe Sullivan | Not Disclosed | Mr. Sullivan will be asked to provide non-cumulative testimony regarding the allegations made by Richard Jacobs, including the use of ephemeral communications, non-attributable devices, and improper privilege designations to avoid discovery, and Uber's competitive intelligence efforts and practices; and Uber's investigation into the Jacobs allegations and settlement with Jacobs. | FRCP 26(a)(1) & 37(c)(1) FRE 402 FRE 403 Defendants' Response to Waymo's Offer of Proof re Jacobs Allegations |
| Chris Urmson | Matters that concern the development and operation of Waymo's self-driving cars and autonomous vehicle technology, including LiDAR; matters that concern misappropriation of trade secrets by Defendants. | Mr. Urmson will provide non-cumulative testimony regarding the history and development of Waymo's self-driving car technology, including its LIDAR designs; Mr. Levandowski's performance at Google and circumstances surrounding his termination from Google; Chauffeur Bonus Plan; Waymo valuation(s). | FRCP 26(a)(1) & 37(c)(1) |

13