# APPENDIX D

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:     415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC  20005
Telephone:     202.237.2727
Facsimile:     202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@SusmanGodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019-6023
Telephone:     212.336.8330
Facsimile:     202.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>                    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S SECOND AMENDED FED. R. CIV. P. 26(A)(3) WITNESS LIST**<br><br>Judge:   The Honorable William Alsup<br><br>Trial Date: February 5, 2018 |

Defendants Uber Technologies, Inc. and Ottomotto LLC ("Uber") hereby submit their witness list for trial, pursuant to Fed. R. Civ. P. 26(a)(3) and the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases.

Uber identifies the name, contact information, and substance of the testimony of each witness it expects to present or may present at trial, other than solely for impeachment.  Pursuant to the Court's Guidelines, non-cumulative testimony is identified below in italics.

## I.    LIVE WITNESSES

Uber expects to present live testimony from the following witnesses:

| Witness | Contact Information | Substance of Trial Testimony |
|---|---|---|
| Boehmke, Scott | [Contact through counsel of record]<br><br>Uber Technologies, Inc. Advanced Technologies Center 100 32nd St, Pittsburgh, PA 15201 | *Mr. Boehmke is an engineering manager within Uber's Advanced Technologies Group, responsible for hardware development and application in the self-driving vehicle project.  He was previously a project engineer at Carnegie Mellon where he designed LiDAR and Radar sensors.  He may testify regarding design and development of Defendant's LiDAR*, Defendant's non-misappropriation of Waymo's trade secrets; inspections pursuant to the Court's provisional remedy order; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| Epstein, Michael | Waymo LLC 1600 Amphitheatre Parkway Mountain View, CA 94043 | *Mr. Epstein is a product manager at Waymo.  He is expected to testify regarding Waymo's decision to enter the Transportation as a Service ("TaaS") market, estimates and forecasts of the ride-sharing market and Waymo's share of the ride-sharing market and *Waymo's business and strategic plans (and plans generally) for the ride-sharing market,* including projections for revenue generation and profitability and *including TaaS, and competition with Uber.* |

| Witness | Contact Information | Substance of Trial Testimony |
|---------|---------------------|------------------------------|
| Faulkner, Kevin | [Contact through counsel of record]<br><br>Stroz Friedberg<br>32 Avenue of the Americas, Floor 4<br>New York, NY 10013<br>Phone:  (212) 981-6540 | *Mr. Faulkner is Managing Director at Stroz Friedberg and is an expert retained by Uber and Ottomotto to testify regarding the forensic examination of Uber-issued devices and data and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order.  He will testify regarding the matters disclosed in his expert reports of September 7, 2017, November 17, 2017, and January 19, 2018\*.* |
| Friedberg, Eric | Stroz Friedberg<br>32 Avenue of the Americas, Floor 4<br>New York, NY 10013<br>Phone:  (212) 981-6540 | *Mr. Friedberg is a co-founder of Stroz Friedberg and currently serves as the co-President.*  He will testify regarding Stroz Friedberg's investigation and due diligence for Uber's potential acquisition of Ottomotto and Otto Trucking, LLC, including with respect to the deletion of the 14,000 downloaded files. |
| Haslim, James | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mr. Haslim is a senior engineering manager at Uber, responsible for the technical development of Uber's LiDAR sensors, and previously worked at Tyto. He may testify regarding design and development of Defendants' LiDAR*; Defendants' non-misappropriation of Waymo's trade secrets; knowledge of Odin Wave LLC and Tyto LiDAR LLC; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |

| Witness | Contact Information | Substance of Trial Testimony |
|---|---|---|
| Kalanick, Travis | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mr Kalanick is Uber's co-founder and former Chief Executive Officer.  He may testify regarding Defendants' business model and strategy for autonomous vehicles; Defendants' non-misappropriation of Waymo's trade secrets; Uber's decision to acquire Ottomotto; steps taken by Defendants to prevent trade secrets from prior employers coming to Defendants; Defendants' autonomous vehicle program; March 11, 2016 meeting with Anthony Levandowski; knowledge of Waymo's discussions with Defendants regarding a partnership with Defendants in the self-driving vehicle/ride-sharing space; Defendants' employment of Anthony Levandowski; and Defendants' termination of Anthony Levandowski.* |
| Krafcik, John | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Krafcik is Waymo's Chief Executive Officer.  He is expected to testify regarding development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; Waymo's business plans; knowledge of discussions with Defendants regarding a partnership with Defendants in the self-driving vehicle/ride-sharing space; and knowledge of the Project Chauffeur bonus program.* |
| Lebby, Michael | [Contact through counsel of record]<br><br>█████████████████<br>Email: lebby@usc.edu | *Dr. Lebby is an expert retained by Uber and Ottomotto to testify regarding non-misappropriation of Waymo's trade secrets. He will testify regarding the matters disclosed in his expert report of September 7, 2017.* |

| Witness | Contact Information | Substance of Trial Testimony |
|---------|--------------------|------------------------------|
| McManamon, Paul | [Contact through counsel of record]<br><br>University of Dayton<br>300 College Park<br>Fitz Hall Room 580Q<br>Dayton, OH 45469<br>Phone: (937) 344-3921 | *Dr. McManamon is an expert retained by Uber and Ottomotto to testify regarding non-misappropriation of Waymo's trade secrets. He will testify regarding the matters disclosed in his expert report of September 7, 2017, and his declaration of April 7, 2017.* |
| Meyhofer, Eric | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>Advanced Technologies Center<br>100 32nd St<br>Pittsburgh, PA 15201 | *Mr. Meyhofer is Head of Uber's Advanced Technologies Group.*  He may testify regarding the design and development of Defendants' LiDAR; Defendants' autonomous vehicle program; Defendants' non-misappropriation of Waymo's trade secrets; Defendants' business model and strategy for autonomous vehicles; Uber's decision to acquire Ottomotto; termination of Anthony Levandowski; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order; steps taken by Defendants to prevent trade secrets from prior employers of Defendants' employees coming to Defendants; and the use or non-use of ephemeral communications, non-attributable devices, and attorney-client privileged designations within Uber's ATG*. |
| Nestinger, Stephen | 345 Digital Drive<br>Morgan Hill, CA 95037<br>Phone: (408) 465-2800<br><br>Contact through counsel:<br><br>John V. Picone III, Esq.<br>Hopkins & Carley<br>The Letitia Building<br>70 South First Street<br>San Jose CA 95113<br>Phone: (408) 286-9800<br>Email:<br>jpicone@hopkinscarley.com | *Mr. Nestinger is Director of Mechanical Engineering at Velodyne.* He is expected to testify regarding the technologies in LiDAR sensors that Velodyne has made or sold, including VLP-16, HDL-32E, HDL64E, Puck Hi-Res, and Puck Lite. |

| Witness | Contact Information | Substance of Trial Testimony |
|---------|--------------------|-----------------------------|
| Page, Larry | Alphabet Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Page is Google's co-founder and Chief Executive Office of Google's parent company, Alphabet Inc.*<br>He is expected to testify regarding development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; Waymo's business plans; knowledge of discussions with Defendants regarding a partnership with Defendants in the self-driving vehicle/ride-sharing space; and knowledge of the Project Chauffeur bonus program, and his concerns about competition from Uber and Anthony Levandowski. |
| Poetzscher, Cam | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mr. Poetzscher is Uber's Vice President of Corporate Development.*<br>He may testify regarding Defendants' non-misappropriation of Waymo's trade secrets; business of Otto Trucking LLC; Uber's decision to acquire Ottomotto; Uber's indemnification agreement with Ottomotto; Uber's meetings with Anthony Levandowski, Ottomotto and/or Otto Trucking before April 11, 2016; Stroz due diligence for the Uber/Ottomotto acquisition; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |

| Witness | Contact Information | Substance of Trial Testimony |
|---------|--------------------|-----------------------------|
| Ron, Lior | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mr. Lior is Senior Director at OttoFreight, was a co-founder of Ottomotto, and previously worked at Google.* He may testify regarding the nature of employment at Waymo and Defendants; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; knowledge of the Project Chauffeur bonus program; steps taken by Defendants to prevent trade secrets from prior employers of Defendants' employees coming to Defendants; Defendants' non-misappropriation of Waymo's trade secrets; formation, purpose, and business of Otto Trucking LLC; formation, purpose, and business of Ottomotto; Ottomotto's decision to be acquired by Uber; March 11, 2016 meeting with Anthony Levandowski; Stroz due diligence for the Uber/Ottomotto acquisition; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order; design and development of Ottomotto's LiDAR; Uber's security group (including SSG, MA, and Threat Operations) as it relates to Uber's ATG*; Uber's competitive intelligence practices*; and the use or non-use of non-attributable devices, ephemeral communications, and attorney-client privileged designations within Uber's ATG*. |

| Witness | Contact Information | Substance of Trial Testimony |
|---|---|---|
| Sullivan, Stacy | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Ms. Sullivan is Vice President for People Operations and Chief Culture Officer at Google.  She is expected to testify regarding communication with Larry Page regarding Anthony Levandowski*, Mr. Levandowski's alleged recruitment of Waymo employees, the Chauffeur bonus plan, friction on the Chauffeur team, a meeting with Anthony Levandowski and Chelsea Bailey after Mr. Levandowksi left Google, the competition for talent, investigation (or lack thereof) of personal devices of new Google employees, and Larry Page's concerns about competition from Anthony Levandowski. |
| Urmson, Chris | ████████████████ | *Mr. Urmson was Waymo's former Chief Technology Officer.  He is* expected to testify regarding development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; and knowledge of the Project Chauffeur bonus program. |

| Witness | Contact Information | Substance of Trial Testimony |
|---------|---------------------|------------------------------|
| Zbrozek, Sasha | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Zbrozek is an electrical hardware engineer on Waymo's, and before that, Google's, self-driving car project.* He is expected to testify regarding Waymo's measures to protect the security of Waymo's confidential documents, servers, and SVN repository; Waymo's employee policies concerning confidential and trade secret information; his development of instructions for logging into the SVN repository and the fact that following his instructions downloads the entire database; that the documents in that database are "low value" and that he was concerned that the lawyers were ascribing suspicion to Anthony Levandowski's alleged downloading; and his participation in Waymo's forensic investigation into alleged misappropriation of trade secrets. |
| Clark, Craig* | Stumphauzer & Sloman<br>One SE Third Avenue<br>Suite 1820<br>Miami, FL 33131 | *Craig Clark is a former legal director at Uber who worked with its security team.* Mr. Clark is expected to testify about Uber's security group's practices regarding non-attributable devices, ephemeral communications, and attorney-client privileged designations; Uber's competitive intelligence practices; and relationship and interaction with Uber ATG. |
| Facciola, John* | Georgetown University Law Center<br>600 New Jersey Avenue NW<br>Washington, DC 20001 | *John Facciola is a professor of law at Georgetown with substantial experience with and knowledge about data retention who advised Uber on issues related to data retention.* He is expected to testify about his involvement in and knowledge of Uber's data retention policies and programs; and knowledge of best practices in data retention. |
| Oot, Patrick* | Shook, Hardy & Bacon<br>1155 F Street NW, Suite 200<br>Washington, DC 20004 | *Patrick Oot is a partner at Shook Hardy & Bacon with substantial experience with and knowledge about data retention who advised Uber on issues related to data retention.* He is expected to testify about his involvement in and knowledge of Uber's data retention policies and programs; and knowledge of best practices in data retention. |

Uber may present live testimony from the following witnesses:

| Witness | Contact Information | Trial Testimony |
|---|---|---|
| Bailey, Chelsea | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Ms. Bailey is a human resources business partner at Google[x].*  She is expected to testify regarding Waymo's policies concerning confidential and trade secret information; Waymo employment and compensation issues; and the Project Chauffeur bonus program. |
| Bares, John | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>Advanced Technologies Center<br>100 32nd St, Pittsburgh, PA 15201 | *Mr. Bares is the former Operations Director at Uber's Advanced Technologies Group.*  He may testify regarding design and development of Defendants' LiDAR; Defendants' autonomous vehicle program; Defendants' non-misappropriation of Waymo's trade secrets; Defendants' business model and strategy for autonomous vehicles; Uber's  decision to acquire Ottomotto; steps taken by Defendants to prevent trade secrets from prior employers of Defendants' employees coming to Defendants; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| Bratic, Walter | [Contact through counsel of record]<br><br>OverMont<br>3737 Buffalo Speedway<br>Suite 1600<br>Houston, Texas 77098<br>Phone: (713) 403-3307<br>Email: walter.bratic@whitleypenn.com | *Mr. Bratic is an expert retained by Uber and Ottomotto to testify regarding damages.  He will testify regarding the matters disclosed in his expert report of September 7, 2017.* |

| Witness | Contact Information | Trial Testimony |
|---------|---------------------|-----------------|
| Brin, Sergey | Alphabet Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Brin is a co-founder of Google and President of Google's parent company, Alphabet Inc.*  He is expected to testify regarding development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; and knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski. |
| Brown, Gary | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Brown is a Forensics Security Engineer at Google.*  He is expected to testify about Waymo's first awareness of alleged trade secret misappropriation; Waymo's forensic investigation into alleged misappropriation of trade secret misappropriation, including the conclusions drawn from that investigation; and Waymo's measures to protect the security of Waymo's confidential documents, servers, and SVN repository. |

| Witness | Contact Information | Trial Testimony |
|---------|---------------------|-----------------|
| Burnette, Don | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mr. Burnette is a technical lead for software at Uber, and previously worked at Google prior to co-founding Otto.* He may testify regarding the nature of employment at Waymo and Defendants; Defendants' non-misappropriation of Waymo's trade secrets; formation, purpose, and business of Ottomotto; Ottomotto's decision to be acquired by Defendants; Development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses; knowledge of the Project Chauffeur bonus program; Stroz due diligence for the Uber/Ottomotto acquisition; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| Chu, Dan | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Chu is Director of Product at Waymo.* He is expected to testify regarding estimates and forecasts of the ride-sharing market and Waymo's share of the ride-sharing market and Waymo's business and strategic plans (and plans generally) for the ride-sharing market, including projections for revenue generation and profitability and including Transportation as a Service (TaaS), and the creation of documents that analyzed competition with Uber. |

| Witness | Contact Information | Trial Testimony |
|---------|--------------------|-----------------|
| Dolgov, Dmitri | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Dolgov is Vice President of Engineering at Waymo.*  He is expected to testify regarding design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; and knowledge of the Project Chauffeur bonus program. |
| Droz, Pierre-Yves | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Droz is Principal Hardware Engineer at Waymo, serving as technical lead on Waymo's LiDAR project since its inception.*  He is expected to testify about Waymo's employee policies concerning confidential and trade secret information, including with respect to hardware; the design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; whether and to what extent the allegedly misappropriated files contain Waymo's alleged trade secrets; Waymo's awareness of the extent to which each of the alleged Waymo trade secrets selected for trial other than trade secret 25, or elements thereof, are known or practiced outside of Waymo; and Waymo's knowledge of Odin Wave. |
| Fidric, Bernard | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Fidric is a hardware engineer at Waymo.*  He is expected to testify regarding design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets and Waymo's employee policies concerning confidential and trade secret information. |

| Witness | Contact Information | Trial Testimony |
|---------|---------------------|-----------------|
| French, Paul | 465 California Street<br>Suite 1400<br>San Francisco, CA 94104<br>Phone: 415-321-8206<br>Email: paul@discovia.com | *Mr. French is an expert retained by Waymo to testify regarding:  (1) the forensic examination of Uber-issued devices and data and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order and (2) Waymo's forensic investigation of Anthony Levandowski, Radu Raduta, and Sameer Kshirsagar and Waymo's methods to protect its confidential information and intellectual property (including trade secrets).  He is expected to testify regarding the matters disclosed in his expert reports of September 14, 2017, November 17, 2017, and January 13, 2018\*.* |
| Fulginiti, Mary | c/o Melanie M. Blunschi<br>Latham & Watkins LLP<br>505 Montgomery Street<br>Suite 2000<br>San Francisco, California 94111<br>(415) 391-0600 | *Ms. Fulginiti was a managing director at Stroz Friedberg.  She will testify regarding Stroz Friedberg's investigation and due diligence for Uber's potential acquisition of Ottomoto and Otto Trucking, LLC, including with respect to the deletion of the 14,000 downloaded files.* |
| Gardner, John | c/o Rogers Joseph O'Donnell<br>311 California Street, 10th Floor<br>San Francisco, CA | *Mr. Gardner is an attorney at Donahue Fitzgerald.  He is expected to testify regarding representation of Anthony Levandowski*; knowledge of Odin Wave LLC, Tyto LiDAR LLC, and Sandstone Group LLC; and Stroz due diligence for the Uber/Ottomotto acquisition. |
| Gassend, Blaise | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Gassend is a software engineer at Waymo.  He is expected to testify regarding design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets and Waymo's employee policies concerning confidential and trade secret information.* |

| Witness | Contact Information | Trial Testimony |
|---|---|---|
| Grossman, William | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Grossman is a mechanical engineer at Waymo.*  He is expected to testify regarding Waymo's knowledge of Defendants' LiDAR design; Waymo's employee policies concerning confidential and trade secret information; and Waymo's receipt of correspondence containing Defendants' LiDAR design. |
| Gruver, Dan | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mr. Gruver is a senior program manager at Uber, responsible for sensing systems for self-driving vehicle, and was formerly employed by Google.* He may testify regarding the design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; nature of employment at Waymo; Waymo's employee policies concerning confidential and trade secret information, including with respect to hardware; knowledge of the Project Chauffeur bonus program; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| Gudjunsson, Kristinn | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Gudjunsson is Manager of Digital Forensics and Incident Management at Google.*  He is expected to testify regarding Waymo's measures to protect the security of Waymo's confidential documents, servers, and SVN repository; Waymo's employee policies concerning confidential and trade secret information; and Waymo's forensic investigation into alleged misappropriation of trade secret misappropriation, *including his role in the investigation* and the conclusions drawn from that investigation. |

| Witness | Contact Information | Trial Testimony |
|---------|---------------------|-----------------|
| Hesselink, Lambertus | Spilker Building, Room 301 Stanford University Stanford, California 94305 Phone: 415-269-7102 Email: Bert@kaos.stanford.edu | *Dr. Hesselink is an expert retained by Waymo to testify regarding Defendants' alleged misappropriation of Waymo's trade secrets.  He is expected to testify regarding the matters disclosed in his expert reports of August 24, 2017, and September 14, 2017, and his declaration of September 5, 2017.* |
| Holden, Jeff | [Contact through counsel of record]<br><br>Uber Technologies, Inc. 1455 Market Street, Floor 4 San Francisco, CA 94103 | *Mr. Holden is Chief Product Officer at Uber, responsible for product development.*  He may testify regarding defendants' business model and strategy for autonomous vehicles; Defendants' autonomous vehicle program; Uber's decision to acquire Ottomotto; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| Ingram, Ben | Waymo LLC 1600 Amphitheatre Parkway Mountain View, CA 94043 | *Mr. Ingram is a systems engineer at Waymo.*  He is expected to testify regarding the design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; Waymo's employee policies concerning confidential and trade secret information; and Waymo's awareness of the extent to which alleged Waymo trade secret 25, or elements thereof, is known or practiced outside of Waymo. |
| Janosko, Michael | Waymo LLC 1600 Amphitheatre Parkway Mountain View, CA 94043 | *Mr. Janosko is a Security Engineering Manager at Google.*  He is expected to testify regarding Waymo's measures to protect the security of Waymo's confidential documents, servers, and SVN repository and Waymo's employee policies concerning confidential and trade secret information. |

| Witness | Contact Information | Trial Testimony |
|---|---|---|
| Juelsgaard, Soren | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mr. Juelshaard is a senior engineer at Uber and previously worked at 510 Systems.* He may testify regarding Stroz due diligence for the Uber/Ottomotto acquisition; Defendants' non-misappropriation of Waymo's trade secrets; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| Kim, Rudy | Morrison & Foerster LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>Phone: (650) 813-5600 | *Mr. Kim is a partner at Morrison & Foerster LLP. He may testify regarding the intellectual property due diligence for the Uber/Ottomotto acquisition* and inspection pursuant to the Court's provisional remedy order. |
| Kintz, Gregory | ██████████████ | *Mr. Kintz is an expert retained by Waymo to testify regarding Defendants' alleged misappropriation of Waymo's trade secrets. He is expected to testify regarding the matters disclosed in his declarations of March 10, 2017, and April 21, 2017.* |

| Witness | Contact Information | Trial Testimony |
|---------|-------------------|-----------------|
| Levandowski, Anthony | Contact through counsel:<br><br>Ismail Ramsey or Miles Ehrlich<br>Ramsey & Ehrlich LLP<br>803 Hearst Avenue<br>Berkeley, CA 94710 | *Mr. Levandowski was former Vice President of Engineering at Uber, co-founder of Ottomotto, and founder of 510 Systems.  He was also formerly employed by Waymo.*  He is expected to testify regarding the nature of his employment at Waymo and Defendants; design and development of Defendants' LiDAR; Defendants' autonomous vehicle program; Defendants' non-misappropriation of Waymo's trade secrets; business of Otto Trucking LLC; knowledge of Odin Wave LLC and Tyto LiDAR LLC; Waymo's employee policies concerning confidential and trade secret information, including with respect to hardware; knowledge of the Project Chauffeur bonus program; March 11, 2016 meeting with Anthony Levandowski; Stroz due diligence for the Uber/Ottomotto acquisition; and Uber's security group (including SSG, MA, and Threat Operations) as it relates to Uber's ATG*; Uber's competitive intelligence practices*; and the use of non-attributable devices, ephemeral communications, and attorney-client privileged designations within Uber's ATG*. |
| Linaval, Asheem | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mr. Linaval is an electrical engineer at Uber and previously worked at 510 Systems, Google, Odin Wave, and Tyto.*  He may testify regarding Defendants' autonomous vehicle program and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| McCann, William | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. McCann is a mechanical engineer at Waymo.*  He is expected to testify regarding design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets; and Waymo's employee policies concerning confidential and trade secret information. |

| Witness | Contact Information | Trial Testimony |
|---------|--------------------|--------------------|
| Medford, Ron | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Medford is Waymo's Director for Safety.* He is expected to testify regarding safety assessments, public policy, and regulatory work relating to autonomous vehicles, and involvement in safety-related matters. |
| Morgan, Rhian | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Ms. Rhian is the Team Engagement Coordinator at Uber and was formerly the human resources lead at Ottomotto.* She may testify regarding hiring and onboarding process for Uber and Ottomotto, including hiring agreements; steps taken by Defendants to prevent trade secrets from prior employers of Defendants' employees coming to Defendants; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| Morriss, Zachary | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Morriss is a mechanical engineer at Waymo and previously worked at Anthony's Robots.* He is expected to testify regarding Waymo's employee policies concerning confidential and trade secret information; and the design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets. |

| Witness | Contact Information | Trial Testimony |
|---------|---------------------|-----------------|
| Padilla, Angela | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Ms. Padilla is Associate General Counsel for Litigation and Employment at Uber.* She may testify regarding the termination of Anthony Levandowski; Stroz due diligence for the Uber/Ottomotto acquisition; confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order; Anthony Levandowski's claim that he downloaded and retained alleged misappropriated materials to facilitate bonus payment(s) from Waymo; the investigation and her knowledge of allegations in the April 14, 2017 resignation email from Richard Jacobs and May 5, 2017 demand letter from his attorney*; Uber's practices regarding non-attributable devices, competitive intelligence, ephemeral communications, and attorney-client privileged designations*; and involvement in and knowledge of Uber's data retention policies and programs.* |
| Palomar, Matthew | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mr. Palomar is a hardware engineer at Uber and was previously an engineer at Tyto.* He may testify regarding the design and development of Defendants' LiDAR; Defendants' non-misappropriation of Waymo's trade secrets; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |

| Witness | Contact Information | Trial Testimony |
|---------|-------------------|-----------------|
| Pennecot, Gaetan | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mr. Pennecot is a hardware engineer at Uber.  He formerly worked as a hardware engineer at 510 Systems and Google.  He may testify regarding the design and development of Defendants' LiDAR;* Defendants' non-misappropriation of Waymo's trade secrets; nature of employment at Waymo; Waymo's employee policies concerning confidential and trade secret information, including with respect to hardware; knowledge of the Project Chauffeur bonus program; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| Qi, Nina | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Ms. Qi is the former Senior Manager of Corporate Development at Uber.  She may testify regarding defendants' non-misappropriation of Waymo's trade secrets; business of Otto Trucking LLC;* Uber's decision to acquire Ottomotto; March 11, 2016 meeting with Anthony Levandowski; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| Sebern, Colin | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mr. Sebern works on vehicle-building and calibration at Uber and previously worked at Ottomotto and Google.  He may testify regarding Stroz due diligence for the Uber/Ottomotto acquisition;* Defendants' non-misappropriation of Waymo's trade secrets; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| Stojanowski, Ognen | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mr. Stojanowski is Head of Policy and Government Relations at Uber.  He may testify regarding knowledge of Odin Wave LLC, Tyto LiDAR LLC, and Sandstone Group LLC,* and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |

| Witness | Contact Information | Trial Testimony |
|---------|---------------------|-----------------|
| Suhr, Justin | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mr. Suhr is a Legal Director at Uber, specializing in employment issues.*  He may testify regarding Stroz due diligence for the Uber/Ottomotto acquisition; Uber's decision to acquire Ottomotto and structure of the acquisition; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| Tate, Eric | Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105<br>Phone: (415) 268-7000 | *Mr. Tate is a partner at Morrison & Foerster LLP.*  He may testify regarding the Stroz due diligence for the Uber/Ottomotto acquisition* and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| Thrun, Sebastian | ████████████████<br><br>Contact through counsel:<br>Christopher B. Hockett<br>Davis Polk & Wardwell LLP<br>1600 El Camino Real<br>Menlo Park, CA 94025<br>Phone: (650) 752-2009<br>Email:<br>chris.hockett@davispolk.com | *Mr. Thrun is Chief Executive Officer of Kitty Hawk Corporation and formerly head of Waymo and Google[x].*  He is expected to testify regarding development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's employee policies concerning confidential and trade secret information; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; knowledge of the Project Chauffeur bonus program, and *his introduction of Travis Kalanick to Mr. Levandowski.* |
| Ulrich, Drew | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Ulrich is a mechanical engineer at Waymo, and previously work at 510 Systems.*  He is expected to testify regarding Waymo's employee policies concerning confidential and trade secret information and the design, development, and operation of Waymo's LiDAR systems and self-driving car project. |

| Witness | Contact Information | Trial Testimony |
|---|---|---|
| Wachter, Luke | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Wachter is a software engineer at Waymo and previously worked at 510 Systems.* He is expected to testify regarding the design, development, and operation of Waymo's LiDAR systems, self-driving car project, and purported trade secrets and Waymo's employee policies concerning confidential and trade secret information. |
| Willis, Tim | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Willis is Head of Global Supply at Waymo.* He is expected to testify regarding Waymo's supply chain operations and Waymo's employee policies concerning confidential and trade secret information. |
| Adkins, Heather* | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Heather Adkins is the director of information security and privacy at Google.* Ms. Adkins may testify regarding Google and Waymo's use of non-attributable or mis-attributable devices; and Google and Waymo's competitive intelligence gathering and market analysis. |
| Gicinto, Nick* | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Nick Gicinto works in Uber's security group.* Mr. Gicinto may testify regarding Uber's security group's practices regarding non-attributable devices, ephemeral communications, and attorney-client privileged designations; Uber's competitive intelligence practices; relationship and interaction with Uber ATG. |
| Haimovici, Randy* | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Randy Haimovici is a director in Uber's litigation department.* Mr. Haimovici may testify regarding the investigation and his knowledge of allegations in the April 14, 2017 resignation email from Richard Jacobs and May 5, 2017 demand letter from his attorney; Uber's practices regarding non-attributable devices, competitive intelligence, ephemeral communications, and attorney-client privileged designations; and Uber's data retention policies and programs. |

| Witness | Contact Information | Trial Testimony |
|---------|---------------------|-----------------|
| Henley, Mathew* | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Mathew Henley works in Uber's security group.* Mr. Henley may testify regarding Uber's security group's practices regarding non-attributable devices, ephemeral communications, and attorney-client privileged designations; Uber's competitive intelligence practices; relationship and interaction with Uber ATG. |
| Jacobs, Richard* | Boersch Shapiro<br>1611 Telegraph Avenue, Suite 806<br>Oakland, CA 94612 | *Richard Jacobs previously worked in Uber's security group.* Mr. Jacobs may testify concerning the allegations in his April 14, 2017 resignation email and the May 5, 2017 demand letter from his attorney; security group's practices regarding non-attributable devices, ephemeral communications, and attorney-client privileged designations; Uber's competitive intelligence practices; relationship and interaction with Uber ATG. |
| Johnston, Scott* | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Scott Johnston is the Director of Product Management at Google.* Mr. Johnston may testify regarding Waymo and Google's use of and policy regarding ephemeral communications, including "off the record" chats in electronic chat programs and apps; and Google and Waymo's policies regarding the retention of electronic communications. |
| Majalya, Sidney* | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Sidney Majalya is a director in Uber's compliance group.* Mr. Majalya may testify regarding the investigation and his knowledge of allegations in the April 14, 2017 resignation email from Richard Jacobs and May 5, 2017 demand letter from his attorney; Uber's practices regarding non-attributable devices, competitive intelligence, ephemeral communications, and attorney-client privileged designations. |

| Witness | Contact Information | Trial Testimony |
|---------|--------------------|-----------------|
| Maher, Kevin* | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Kevin Maher works in Uber's security group.*  Mr. Maher may testify regarding Uber's security group's practices regarding non-attributable devices, ephemeral communications, and attorney-client privileged designations; Uber's competitive intelligence practices; relationship and interaction with Uber ATG. |
| Nocon, Jake* | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Jake Nocon works in Uber's security group.*  Mr. Nocon may testify regarding Uber's security group's practices regarding non-attributable devices, ephemeral communications, and attorney-client privileged designations; Uber's competitive intelligence practices; relationship and interaction with Uber ATG. |
| Russo, Edward* | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Edward Russo works in Uber's security group.*  Mr. Russon may testify regarding Uber's security group's practices regarding non-attributable devices, ephemeral communications, and attorney-client privileged designations; Uber's competitive intelligence practices; relationship and interaction with Uber ATG. |
| Spiegler, Joe* | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Joe Spiegler was previously Uber's Chief Compliance Officer.*  Mr. Spiegler may testify regarding the investigation and his knowledge of allegations in the April 14, 2017 resignation email from Richard Jacobs and May 5, 2017 demand letter from his attorney; Uber's practices regarding non-attributable devices, competitive intelligence, ephemeral communications, and attorney-client privileged designations. |
| Stewart, Shaun* | Waymo LLC<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Shaun Stewart is Waymo's Director of Operations.  Mr. Stewart may testify regarding Google and Waymo's surveillance of competitors.* |

| Witness | Contact Information | Trial Testimony |
|---|---|---|
| Sullivan, Joe* | Angeli Law Group LLC<br>121 SW Morrison Street<br>Suite 400<br>Portland, OR 97204 | *Joe Sullivan was previously the Chief Security Officer at Uber.* Mr. Sullivan may testify regarding Uber's security group's practices regarding non-attributable devices, ephemeral communications, and attorney-client privileged designations; Uber's competitive intelligence practices; relationship and interaction with Uber ATG. |
| Yoo, Salle* | [Contact through counsel of record]<br><br>Uber Technologies, Inc.<br>1455 Market Street, Floor 4<br>San Francisco, CA 94103 | *Salle Yoo is the former Chief Legal Officer, General Counsel, and Corprate Secretary for Uber.* Ms. Yoo may testify regarding the investigation and her knowledge of allegations in the April 14, 2017 resignation email from Richard Jacobs and May 5, 2017 demand letter from his attorney; Uber's practices regarding non-attributable devices, competitive intelligence, ephemeral communications, and attorney-client privileged designations; Involvement in and knowledge of Uber's data retention policies and programs. |

Uber reserves the right to call any witness identified by Waymo. The above descriptions are not intended to cover every possible topic or sub-topic on which these witnesses may testify and are made without prejudice to Uber eliciting other testimony, including without limitation testimony regarding matters addressed during the deposition of a given witness.

## II.     DEPOSITION TESTIMONY

Uber reserves the right to present the deposition testimony of Waymo's managing agents and 30(b)(6) designees (i.e., Gary Brown, Pierre-Yves Droz, Dmitri Dolgov, Michael Xing, Joanne Chin, David Lawee, Jennifer Haroon, Ben Ingram, Aslan (Shawn) Bananzadeh, Shaun Stewart, Scott Johnston, and Heather Adkins), in addition to or in lieu of their live testimony. Uber also reserves the right to present the deposition testimony of any witnesses listed above to the extent permitted by Federal Rule of Civil Procedure 32.

Uber may present testimony from the following additional witnesses by deposition:

| Witness | Contact Information | Trial Testimony |
|---|---|---|
| Bares, John | [Contact through counsel of record]<br><br>Uber Technologies, Inc. Advanced Technologies Center<br>100 32nd St, Pittsburgh, PA 15201 | Mr. Bares is the former Operations Director at Uber's Advanced Technologies Group.  Uber may present his deposition testimony regarding design and development of Defendants' LiDAR; Defendants' autonomous vehicle program; Defendants' non-misappropriation of Waymo's trade secrets; Defendants' business model and strategy for autonomous vehicles; Uber's  decision to acquire Ottomotto; steps taken by Defendants to prevent trade secrets from prior employers of Defendants' employees coming to Defendants; and confirmation of the absence of evidence of trade secret misappropriation through and during compliance with the Court's provisional remedy order. |
| Brin, Sergey | Alphabet Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Brin is a co-founder of Google and President of Google's parent company, Alphabet Inc.*  Uber may present his deposition testimony regarding development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; and knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski. |
| Drummond, David | Alphabet Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Drummond is Senior Vice President of Corporate Development at Alphabet Inc., Google's parent company, and previously served on Uber's board of directors while employed by Alphabet Inc.* Uber may present his deposition testimony regarding Waymo's knowledge of Defendants' autonomous vehicle program; knowledge of Waymo's discussions with Defendants regarding a partnership with Defendants in the self-driving vehicle/ride-sharing space. |

| Witness | Contact Information | Trial Testimony |
|---|---|---|
| Page, Larry | Alphabet Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | *Mr. Page is Google's co-founder and Chief Executive Office of Google's parent company, Alphabet Inc.*<br>Uber may present his deposition testimony regarding development and operation of Waymo's autonomous vehicle program; Anthony Levandowski's departure from Waymo; Waymo's policies surrounding side projects and side businesses; knowledge of Waymo employee involvement in side projects and side businesses, including that of Anthony Levandowski; Waymo's business plans; knowledge of discussions with Defendants regarding a partnership with Defendants in the self-driving vehicle/ride-sharing space; and knowledge of the Project Chauffeur bonus program, and his concerns about competition from Uber and Anthony Levandowski. |

Uber reserves the right to designate testimony from any witness identified by Waymo.

The above descriptions are not intended to cover every possible topic or sub-topic on which Uber may offer deposition excerpts and are made without prejudice to Uber offering other testimony.

Dated:  January 19, 2018                                 MORRISON & FOERSTER LLP

By:  _____/s/ Arturo J. González_____
ARTURO J. GONZÁLEZ

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

---

* As explained in Defendants' Response to Waymo's Offer of Proof, Defendants object to Waymo offering evidence regarding the allegations made by Richard Jacobs. Defendants only identify the witnesses and trial testimony marked with an asterisk to the extent the Court disagrees and to the extent the topics fall within the subjects the Court permits at trial.