QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC, <br><br> Defendants. | CASE NO. 3:17-cv-00939 <br><br> **PLAINTIFF WAYMO LLC'S RESPONSE TO NON-PARTY WITNESS JOHN GARDNER'S MOTION PURSUANT TO FRE 611** <br><br> Judge: The Honorable William Alsup <br><br> Trial Date: February 5, 2018 |

## I.  INTRODUCTION

Non-party witness John Gardner asks this Court to order Waymo to reveal to an adverse trial witness Waymo's examination questions ahead of trial.  (Dkt. 2512.)  There is no need for this extraordinary relief requiring Waymo to reveal its trial strategy and work product before Mr. Gardner's examination.  As Waymo advised Mr. Gardner's counsel when the parties met and conferred, Waymo has no intention of seeking privileged information from Mr. Gardner.  Waymo does not plan to ask questions that were asked at Mr. Gardner's deposition in response to which he refused to answer on the basis of privilege or that his counsel instructed him not to answer on the basis of privilege.  As such, there should be no issue here, much less one that warrants the extreme relief of requiring a party to provide an advance copy of examination questions to an adverse witness.  Moreover, neither the law nor the facts support the extreme relief Mr. Gardner seeks.  Indeed, Mr. Gardner's cited cases are not only factually distinguishable from this case, they do not even grant the relief Mr. Gardner requests—providing examination questions to an adverse trial *witness* before trial.  Put simply, the Court should deny Mr. Gardner's request for a sneak-peek of the questions he will be asked at trial.

## II.  ARGUMENT

### A.  Waymo Should Not Be Required To Provide an Advance Copy of its Examination Questions to Mr. Gardner Before Trial.

Waymo is under no obligation to provide advance notice of questions that will be asked of a trial witness.  The circumstances here do not create such an obligation.  The parties met and conferred and Waymo explained to Mr. Gardner's counsel again that Waymo has no intention of seeking privileged information from Mr. Gardner.  In response to Mr. Gardner's counsel's request that Waymo identify the issues on which Mr. Gardner would be questioned at trial, Waymo explained that it expects to question him about issues that were covered during his deposition.  Specifically, Waymo questioned him about facts relating to his involvement in the Stroz investigation and negotiation with Uber of the acquisition agreement and related documents, as

well as non-privileged corporate documents of some of Mr. Levandowski's other entities.[1] Waymo does not plan to ask questions at trial that were asked at Mr. Gardner's deposition and in response to which he refused to answer on the basis of privilege or that his counsel instructed him not to answer on the basis of privilege.  With these assurances, Mr. Gardner should not be concerned that Waymo will try to elicit privileged information, and Waymo should not be required to provide Mr. Gardner with an advance copy of its trial examination questions.

### B. There Is No Support For Mr. Gardner's Request.

Mr. Gardner styles his motion as being pursuant to Fed. R. Evid. 611 which allows courts to "exercise reasonable control over the mode and order of examining witnesses."  He, however, does not cite a single case in which a court, pursuant to Rule 611, required a party to disclose examination questions to an adverse witness before trial as Mr. Gardner requests here.  Waymo similarly has not located any federal district court case that has *ever* relied on Rule 611 to grant the relief Mr. Gardner seeks.

Mr. Gardner further argues that Fed. R. Civ. P. 16(a), which provides that the Court may adopt procedures to supervise and "improv[e] the quality of the trial[,]"supports his request. Again, it does not.  The cases from the 1980s that Mr. Gardner relies upon are inapposite.  Dkt. 2512 at 4-5 (*citing Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Cir. 1987); *Miller v. Los Angeles County Bd. of Ed.*, 799 F.2d 486 (9th Cir. 1986)).  Neither *Miller* nor *Malone* stands for the proposition that examination questions should be provided to a witness or even the Court simply because the witness is an attorney and has privileged information—the only basis for Mr. Gardner's request here.  Nor did either case order examination questions to be revealed to *the witness* as Mr. Gardner now seeks.  They required a plaintiff to submit examination questions *to the court*.

---

[1] When the parties met and conferred, Waymo asked if Uber would stipulate to the admissibility of these documents and that Waymo does not need a sponsoring witness, i.e. Mr. Gardner, to introduce them.  Waymo subsequently identified the specific documents to Uber and Mr. Gardner's counsel.  As of the filing of this brief, Uber has not yet agreed to so stipulate.

-2-
WAYMO'S RESPONSE TO NON-PARTY WITNESS JOHN GARDNER'S MOTION PURSUANT TO FRE 611

But these orders came in circumstances not remotely comparable to this case, with the courts essentially checking the plaintiffs' homework after the plaintiffs proved to be unprepared for trial.  *Miller* involved a pro se Section 1983 plaintiff whose lack of legal training caused the court to worry that trial would be replete with objectionable lines of questioning.  *Miller v. Los Angeles County Bd. of Ed.*, 799 F.2d 486, 488 (9th Cir. 1986).  There, the court feared that "constant objections . . . would work to [the pro se plaintiff's] ultimate detriment."  *Id*.  To avoid a situation in which a pro se plaintiff asked improper questions while representing himself at trial, the court ordered the plaintiff to submit his questions to the court ahead of time.  Thus, in *Miller*, the court was checking the work of a pro se plaintiff.  It was giving a pro se plaintiff "needed [] guidance" (*id.* at 489, n.2), and ensuring that he would not suffer "unnecessary expense, confusion and embarrassment."  *Id.* at 487.  In *Malone*, the plaintiff's attorney was previously unprepared for trial, which resulted in a mistrial.  *Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Cir. 1987).  Thereafter, to manage "a very disorganized case," the court ordered the plaintiff's attorney to submit his questions *to the court* ahead of trial.  *Id.* at 134.  The court did not require the plaintiff to reveal his questions to *the witness*.  Again, like in *Miller*, the court in *Malone* was essentially checking the plaintiff's homework and ensuring that the plaintiff's attorney would not be unprepared again.  It was not giving the witness a sneak-peek at the questions to be asked at trial.[2]  Mr. Gardner does not suggest that Waymo's attorneys have somehow been unprepared in a manner requiring judicial oversight.

### III.  CONCLUSION

For the foregoing reasons, the Court should deny Mr. Gardner's request that Waymo provide an advance copy of its trial examination questions.

DATED: January 24, 2018              QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
     Charles K. Verhoeven
     Attorneys for WAYMO LLC

---

[2]  While the Ninth Circuit upheld the district court's orders in *Miller* and *Malone*, the Ninth Circuit warned against issuing similar orders in a "manner that the pretrial procedure itself is more difficult and time consuming than the actual trial." *Malone*, 833 F.2d at 134.