ROGERS JOSEPH O'DONNELL
Merri A. Baldwin (State Bar No. 141957)
mbaldwin@rjo.com
Si Eun Amber Lee (State Bar 197329)
slee@rjo.com
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Non-Parties
DONAHUE FITZGERALD LLP AND
JOHN GARDNER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>    vs.<br><br>UBER TECHNOLOGIES INC., OTTOMOTTO LLC, OTTO TRUCKING LLC,<br><br>            Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**REPLY OF NON-PARTY WITNESS JOHN GARDNER IN SUPPORT OF MOTION PURSUANT TO FRE 611 AND THE COURT'S INHERENT POWER**<br><br>Date:   January 30, 2018<br>Time:  8:00 a.m.<br>Dept.:  Courtroom 12, 19th Fl.<br>Judge: The Honorable William H. Alsup<br><br>Trial Date: February 5, 2018 |

## I.     INTRODUCTION

Waymo opposes non-party John Gardner's motion seeking advance disclosure of Waymo's proposed trial questions, characterizing such relief as "extraordinary" and "extreme," and arguing that the rules cited by Mr. Gardner (FRE 611 and FRCP 16(a)) do not authorize the Court to grant such relief.  Rather, the relief sought is narrowly tailored to ensure that Mr. Gardner can provide orderly testimony, and that the Court's trial proceedings are not unnecessarily disrupted by privilege determinations which could be resolved by the parties in advance.  Rule 611 codifies the Court's broad authority to manage the conduct of trials over which it presides, including the relief sought in this motion.  Waymo's attempts to distinguish the Rule 16(a) cases cited by Mr. Gardner are inapposite, and side-step the court's inherent authority to fashion procedures to protect witnesses and to make trials fairer and more efficient.

Waymo has provided no substantive assurance that it will not seek privileged information at trial, saying only that it "does not plan to ask questions that were asked" at Mr. Gardner's deposition and objected to on grounds of privilege.  That leaves open a vast universe of possible questioning that could touch upon privilege rights held by one or more of Mr. Gardner's clients and common interest issues that have not yet been litigated in this proceeding.  Waymo has not explained how the presentation of its case will be harmed by the relief sought.  Under these circumstances, Waymo should provide its questions to counsel for Mr. Gardner in advance so that the parties may resolve any potential privilege and common interest issues before trial.

## II.    ARGUMENT

### A.    **Waymo Fails to Provide Sufficient Assurances That It Will Not Seek Privileged Information In Its Questioning**

Mr. Gardner's representation of Anthony Levandowski as well as Ottomotto LLC, Tyto Lidar LLC, Sandstone Group LLC, Dogwood Leasing LLC and other entities creates a significant risk that Waymo's questioning will implicate privileged information, or which is protected by the common interest doctrine, including common interest issues not yet litigated

before this Court.  Waymo states only that it "does not plan to ask questions at trial that were asked at Mr. Gardner's deposition and in response to which he refused to answer on the basis of privilege or that his counsel instructed him not to answer on the basis of privilege."  (Dkt. 2523 at 3)  Waymo provides no other information as to the intended scope of its examination of Mr. Gardner.  (Dkt. at 2, 3)  Since Waymo did not agree to limit its examination to questions asked at Mr. Gardner's deposition, its proffered assurance that it will not seek privileged information is cold comfort and is insufficient to demonstrate that Mr. Gardner will not be asked questions on the stand that will require him to attempt to make complex privilege determinations during his testimony.

### B. The Court Has Authority to Order Waymo to Provide its Direct Examination Questions in Advance of Trial

First, Waymo argues that Mr. Gardner's request for an order compelling Waymo to provide his counsel with its proposed questions should be denied because no reported case relies on FRE 611 as the basis for such relief.  Rule 611(a) is not narrowly drafted, but rather grants the Court broad flexibility in dealing with the myriad issues that may arise in the course of the examination of witnesses at trial.[1]  As the Advisory Committee Notes to Rule 611(a) put it:

> Spelling out detailed rules to govern the mode and order of interrogating witnesses presenting evidence is neither desirable nor feasible.  The ultimate responsibility for the effective working of the adversary system rests with the judge.  The rule sets forth the objectives which he should seek to attain.

The order Mr. Gardner requests falls squarely within the policy objectives of Rule

---

[1] Rule 611(a) provides:

**"Control by the Court; Purposes.**  The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:

(1)  make those procedures effective for determining the truth;

(2)  avoid wasting time; and

(3)  protect witnesses from harassment or undue embarrassment."

611(a).  The proposed order will (i) avoid wasting trial time with questions requiring Mr. Gardner to make repeated privilege assertions and interrupting Mr. Gardner's testimony in order for the Court to make privilege rulings, and (ii) protect the witness from harassment in making difficult and complex privilege determinations during the course of his testimony. The relief requested is plainly within the Court's authority under Rule 611(a).

Next, Waymo quibbles with the two Ninth Circuit cases dealing with Fed. R. Civ. P. 16(a) cited by Mr. Gardner, pointing to minor factual distinctions, and arguing that in those cases the party was ordered to submit its planned examination questions to the court rather than to the witness.  In one of the cases, however, the Ninth Circuit described the order as requiring the plaintiff "to submit to the court, *and opposing counsel*, the questions he intended to ask witnesses on direct examination."  *Miller v. Los Angeles County Bd. of Ed.*, 799 F.2d 486, 487 (9th Cir. 1986) (emphasis added).  In the other, it is not clear from the Ninth Circuit's description of the order whether or not opposing counsel was also given advance notice of the questions, along with the court.  *Malone v. U.S. Postal Service*, 833 F.2d 128, 129, 133 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988).

By the same token, whether the underlying factual circumstances justifying the orders in *Malone* and *Miller* differ somewhat from those here is equally immaterial, because the motivating rationale is the same.  In *Malone* and *Miller*, the circumstances threatening to waste trial time and impair efficiency were, respectively, a plaintiff's counsel with a demonstrated history of trying the case in an "inefficient manner" (833 F.2d at 129) and a *pro se* plaintiff, whom the district court had concluded, "… was likely to pose questions at trial that would warrant continuous objection by his adversary." (799 F.2d at 488).  In this case, the circumstance threatening trial time and efficiency is the significant likelihood that Waymo's questioning at trial will implicate information that is subject to one or more privileges held by Mr. Gardner's multiple clients in this complex case, placing Mr. Gardner in the position of repeatedly invoking the privilege in front of the jury as he tries to ensure that he makes all legitimate assertions of any applicable privileges – privilege not held by Mr. Gardner but held by his clients. Requiring Waymo to submit its planned questions in advance

of trial will avoid the likely disruption and delay at trial and the undue burden on Mr. Gardner.

FRE 611(a) and Fed. R. Civ. P. 16(a) simply codify the Court's inherent power to manage trials, an independent basis for this order that Waymo does not address. *Cf. Luce v. United States*, 469 U.S. 38, 41, fn. 4 (1984) ("the district court's inherent authority to manage the course of trials" gives it the power to issue in limine rulings, even though the federal rules of evidence "do not explicitly authorize" them); *United States v. Lynch*, 2016 U.S. Dist. LEXIS 116160, at *5-*6 (W.D. Pa. Aug. 30, 2016) ("the inherent power of a district court to manage cases before it in a just and efficient manner is codified" in FRE 611(a) and other rules governing procedure in federal court and allowed district court to impose time limits on parties' presentation time at trial).

### III.   CONCLUSION

For the foregoing reasons, Mr. Gardner respectfully requests that this Court order Waymo to disclose the questions it intends to ask Mr. Gardner on direct examination at trial.

Dated: January 26, 2018                         ROGERS JOSEPH O'DONNELL


By:   /s/ Merri A. Baldwin
      MERRI A. BALDWIN
      Attorneys for Non-Parties DONAHUE
      FITZGERALD LLP and
      JOHN GARDNER