# EXHIBIT 4

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

```
 1            UNITED STATES DISTRICT COURT
 2           NORTHERN DISTRICT OF CALIFORNIA
 3               SAN FRANCISCO DIVISION
 4                     ---oOo---
 5
 6  WAYMO LLC,
 7         Plaintiff,
 8  vs.                        No. 3:17-cv-00939-WHA
 9  UBER TECHNOLOGIES, INC.;
    OTTOMOTTO LLC; OTTO TRUCKING,
10  INC.,
11         Defendants.
                                /
12
13       HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY
14
15              WAYMO LLC RULE 30(b)(6)
16      VIDEOTAPED DEPOSITION OF PIERRE-YVES DROZ
17                PALO ALTO, CALIFORNIA
18               THURSDAY, AUGUST 3, 2017
19
20
21  REPORTED BY:
22  ANDREA M. IGNACIO, CSR, RPR, CRR, CCRR, CLR ~
23  CSR LICENSE NO. 9830
24  JOB NO. 2663199
25  PAGES 1 - 371
```

Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4                       ---oOo---
 5   WAYMO LLC,
 6           Plaintiff,
 7   vs.                              No. 3:17-cv-00939-WHA
 8   UBER TECHNOLOGIES, INC.;
     OTTOMOTTO LLC; OTTO TRUCKING,
 9   INC.,
10           Defendants.
                                     /
11
12
13         Videotaped Deposition of Pierre-Yves Droz
14      taken on behalf of the Defendant, on August 3,
15      2017, at Morrison & Foerster LLP, 950 Page Mill
16      Road, Palo Alto, California, beginning 9:27 a.m.,
17      and commencing at 7:25 p.m., Pursuant to Notice,
18      and before me, ANDREA M. IGNACIO, CSR, RPR, CRR,
19      CLR ~ License No. 9830.
20
21
22
23
24
25
```

Veritext Legal Solutions
866 299-5127

```
 1   ███████████████████████████████████████  ██
     ██ ████████████████                      ██
     ██  █ ██████████████████████████████     ██
     ██ ███████████████████████████████████   ██
     ██    ████████████ ███████████████████   ██
     ██ ███ █                                 ██
     ██     ██████████ █████████████          ██
     ██ ██████████████████████████████████    ██
     ██ █████████████████████████ ████        ██
     ██████████████████████████████████████   ██
     ███ █                                    13:33
13           MR. KIM:  All right.             13:33
14       Q   So I -- I don't understand why you're saying   13:33
15   from your personal knowledge.  You know, we -- we      13:33
16   looked earlier at your deposition topics.              13:33
17       A   Yep.  Okay.                                    13:33
18       Q   And Exhibit 1273 specifically asks for the     13:33
19   time cost and specific people involved in developing   13:33
20   each of the alleged trade secrets.                     13:33
21           MR. JAFFE:  Which topic are you reading from?  13:33
22           MR. KIM:  Deposition Topic No. 9.              13:33
23       Q   And so I'm asking you about the -- the cost    13:33
24   to implement ███████████████████████ --                13:33
25       A   So, are you asking what --                     13:34
```

Page 154

| | | |
|---|---|---|
| 1 | THE WITNESS: Sorry. Go ahead. | 13:34 |
| 2 | MR. JAFFE: One -- one second here. | 13:34 |
| 3 | THE WITNESS: Yes. | 13:34 |
| 4 | MR. JAFFE: So, Mr. Droz is here subject to | 13:34 |
| 5 | our objections. As I stated at the outset of this | 13:34 |
| 6 | deposition, he's designated on the development of the | 13:34 |
| 7 | asserted trade secrets other than 25. So I just want | 13:34 |
| 8 | to make that clear for the record. | 13:34 |
| 9 | Go ahead. | 13:34 |
| 10 | THE WITNESS: ████████████████████ | ██ |
| | ████████ ████████████████████████ | ██ |
| | ████████████████████████ | ██ |
| | ████████████████████ | ██ |
| | ████████████████████████████ | ██ |
| | ████████████████████████ | ██ |
| | ████████████████████████ | ██ |
| | ██████████████████████████████ | ██ |
| | ████████████████████████████ | ██ |
| | ██████████████████████████████ | ██ |
| | ██████ | ██ |
| | ████████ ████████████████ | ██ |
| | ██████████████ | ██ |
| | █ ██████████████████████████ | ██ |
| | ████████████████████ | 13:35 |
| 25 | MR. JAFFE: Objection; form; outside the | 13:35 |

Page 155

Veritext Legal Solutions
866 299-5127

```
 1  scope.                                                      13:35
 2          THE WITNESS:  ███████████████████                    ██
    ██  ████████████████████████████████                         ██
    ██  ████████████████████████████████████                     ██
    ██  ██████████████████████████                               ██
    ██       ████████████████████████                            ██
    ██  ██████████████████████████████████████                   ██
    ██  ████████████████████████████████                         ██
    ██  █████████████████████                                    13:35
10          MR. KIM:  Q.  So, you're not prepared to talk        13:35
11  about the cost of development of Trade Secret No. 2 as      13:35
12  Waymo's corporate designated witness; is that correct?      13:35
13      A   I'm not.                                             13:35
14          (Document marked Exhibit 1278                        13:36
15           for identification.)                                13:36
16          THE VIDEOGRAPHER:  1278.                             13:36
17          THE WITNESS:  Thank you.                             13:36
18          MR. KIM:  So I've marked for identification,         13:36
19  as Exhibit No. 1278, an e-mail from John McCauley at         13:36
20  Quinn Emanuel, dated Wednesday, August 2nd, 2017, at         13:36
21  7:56 p.m.                                                    13:36
22      Q   And, if you look at the second paragraph, it         13:36
23  says:                                                        13:36
24          "Waymo designates Mr. Droz to testify with           13:36
25  regard to Topics 9 and 10 of Uber's second 30(b)(6)          13:37
```

Page 156