# EXHIBIT 4

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN FRANCISCO DIVISION
 4                         ---oOo---
 5
 6   WAYMO LLC,
 7           Plaintiff,
 8   vs.                              No. 3:17-cv-00939-WHA
 9   UBER TECHNOLOGIES, INC.;
     OTTOMOTTO LLC; OTTO TRUCKING,
10   INC.,
11           Defendants.
                                    /
12
13        HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY
14
15              WAYMO LLC RULE 30(b)(6)
16      VIDEOTAPED DEPOSITION OF PIERRE-YVES DROZ
17                 PALO ALTO, CALIFORNIA
18                THURSDAY, AUGUST 3, 2017
19
20
21   REPORTED BY:
22   ANDREA M. IGNACIO, CSR, RPR, CRR, CCRR, CLR ~
23   CSR LICENSE NO. 9830
24   JOB NO. 2663199
25   PAGES 1 - 371
```

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                  SAN FRANCISCO DIVISION
 4                       ---oOo---
 5   WAYMO LLC,
 6          Plaintiff,
 7   vs.                             No. 3:17-cv-00939-WHA
 8   UBER TECHNOLOGIES, INC.;
     OTTOMOTTO LLC; OTTO TRUCKING,
 9   INC.,
10          Defendants.
                                  /
11
12
13          Videotaped Deposition of Pierre-Yves Droz
14      taken on behalf of the Defendant, on August 3,
15      2017, at Morrison & Foerster LLP, 950 Page Mill
16      Road, Palo Alto, California, beginning 9:27 a.m.,
17      and commencing at 7:25 p.m., Pursuant to Notice,
18      and before me, ANDREA M. IGNACIO, CSR, RPR, CRR,
19      CLR ~ License No. 9830.
20
21
22
23
24
25
```

```
 1   ████████████████████████████████████  █████
     ██████████████                        █████
      █ ████████████████████████████       █████
     ████████████████████████████████████  █████
       ████████████  ███████████████████   █████
     █████                                 █████
       ██████████  █████████████           █████
     █████████████████████████████████████ █████
     ████████████████████████████████ ████ █████
     ████████████████████████████████████  █████
     ████████████████████████████████████  █████
     █████                                 13:33
13            MR. KIM:  All right.                     13:33
14        Q   So I -- I don't understand why you're saying   13:33
15   from your personal knowledge.  You know, we -- we       13:33
16   looked earlier at your deposition topics.               13:33
17        A   Yep.  Okay.                                    13:33
18        Q   And Exhibit 1273 specifically asks for the     13:33
19   time cost and specific people involved in developing    13:33
20   each of the alleged trade secrets.                      13:33
21            MR. JAFFE:  Which topic are you reading from?  13:33
22            MR. KIM:  Deposition Topic No. 9.              13:33
23        Q   And so I'm asking you about the -- the cost    13:33
24   to implement ████████████████████████ --               13:33
25        A   So, are you asking what --                     13:34
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | THE WITNESS: Sorry.  Go ahead. | 13:34 |
| 2 | MR. JAFFE: One -- one second here. | 13:34 |
| 3 | THE WITNESS: Yes. | 13:34 |
| 4 | MR. JAFFE: So, Mr. Droz is here subject to | 13:34 |
| 5 | our objections.  As I stated at the outset of this | 13:34 |
| 6 | deposition, he's designated on the development of the | 13:34 |
| 7 | asserted trade secrets other than 25.  So I just want | 13:34 |
| 8 | to make that clear for the record. | 13:34 |
| 9 | Go ahead. | 13:34 |
| 10 | THE WITNESS: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| | ▮▮▮▮▮▮ | |
| | ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| | ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 13:35 |
| 25 | MR. JAFFE: Objection; form; outside the | 13:35 |

```
 1   scope.                                                    13:35
 2           THE WITNESS:  ███████████████████                  ██
     ███████████████████████████████████████                    ██
     ███████████████████████████████████████                    ██
     ███████████████████████████████████                        ██
     ███████████████████████████                                ██
     █████████████████████████████████████████                  ██
     ███████████████████████████████████                        ██
     ███████████████████████                                    13:35
10           MR. KIM:  Q.  So, you're not prepared to talk      13:35
11   about the cost of development of Trade Secret No. 2 as    13:35
12   Waymo's corporate designated witness; is that correct?    13:35
13      A    I'm not.                                           13:35
14           (Document marked Exhibit 1278                      13:36
15            for identification.)                              13:36
16           THE VIDEOGRAPHER:  1278.                           13:36
17           THE WITNESS:  Thank you.                           13:36
18           MR. KIM:  So I've marked for identification,       13:36
19   as Exhibit No. 1278, an e-mail from John McCauley at      13:36
20   Quinn Emanuel, dated Wednesday, August 2nd, 2017, at      13:36
21   7:56 p.m.                                                  13:36
22      Q    And, if you look at the second paragraph, it      13:36
23   says:                                                      13:36
24           "Waymo designates Mr. Droz to testify with        13:36
25   regard to Topics 9 and 10 of Uber's second 30(b)(6)       13:37
```

Page 156