<u>Exhibit A</u>

Proposed Edits to PenJIs and SVF

## PenJI IV

To succeed on its claim for ~~unjust enrichment based on alleged~~ misappropriation of any given ~~Alleged~~**Claimed** Trade Secret, ~~therefore,~~ Waymo must prove all of the following:

1. That the ~~Alleged~~**Claimed** Trade Secret qualified as an enforcible trade secret at the time it was allegedly misappropriated; **and**
2. That the defendant improperly acquired, ~~then~~ used or disclosed the ~~Alleged~~**Claimed** Trade Secret~~.~~
~~3. That the defendant was thereby unjustly enriched; and~~
~~4. That such use or disclosure was a substantial factor in unjustly enriching the defendant.~~

No defendant may be held liable ~~for a damage award~~ as to any given ~~Alleged~~**Claimed** Trade Secret unless all of these elements of proof are satisfied as to that defendant and as to that given ~~Alleged~~**Claimed** Trade Secret.  It is for you, the jury, to decide whether or not all of these elements have been proven for all of the ~~Alleged~~**Claimed** Trade Secrets, for some of them, or for none of them.  **I will address damages available to Waymo if you find liability, but first** I will ~~now~~ explain these elements of proof in more detail.

## PenJI V

Turning to the first element of proof for a misappropriation claim, Waymo must prove that each ~~Alleged~~**Claimed** Trade Secret qualified as an enforcible trade secret at the time of ~~alleged~~**claimed** misappropriation.  To do so, Waymo must prove all of the following:
1. That Waymo owned the ~~Alleged~~**Claimed** Trade Secret;
2. That the ~~Alleged~~**Claimed** Trade Secret was secret at that time;
3. That the ~~Alleged~~**Claimed** Trade Secret had actual or potential independent economic value at that time because it was secret; and
4. That Waymo made reasonable efforts up to the ~~alleged~~**claimed** misappropriation to keep secret the ~~Alleged~~**Claimed** Trade Secret.
I will now explain these factors in more detail.

## PenJI X

The secrecy required to prove that something is a trade secret does not have to be absolute secrecy in the sense that no one else in the world possessed the information at the relevant time. It may have been disclosed to employees involved in the owner's use of the trade secret as long as they were instructed to keep the information secret.  It may also have been disclosed to nonemployees if they were obligated to keep it secret.  However, it must not have been generally known to the public or to others who could have obtained value from knowing it.  **In addition, combinations of public information from a variety of different sources can be a trade secret when combined in a way that is not generally known.   It does not matter if a portion of the trade secret is generally known, or even that every individual portion of the trade secret is generally known, as long as the combination of all such information is not generally known.**

### PenJI IX

Everyone has the right to use or to disclose information that they independently develop on their own without the benefit of someone else's trade secrets.  Therefore, even if one company has a protectable trade secret in certain information, other companies are free to independently develop and use similar information on their own.  They cannot, however, improperly acquire and then use or disclose someone else's trade secrets in doing so.  **Nor can they use or disclose someone else's trade secrets if they know or have reason to know the trade secrets were acquired under circumstances giving rise to a duty to maintain their secrecy or limit their use, or they know or have reason to know the trade secrets were derived through a person owing a duty to another to maintain their secrecy or limit their use**.

### PenJI XIII

Turning to the second element of proof for a misappropriation claim ~~for damages~~, Waymo must ~~also~~ prove that the ~~Alleged~~**Claimed** Trade Secret was used or disclosed by a defendant without Waymo's consent and that said defendant either acquired knowledge of the trade secret by improper means or at the time of **disclosure or** use, knew or had reason to know that its knowledge of the trade secret **(i)** came through persons who had acquired it by improper means~~.~~**; (ii) was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or (iii) was derived from or through a person who owed a duty to Waymo to maintain its secrecy or limit its use.**

### PenJI XVI

**Actual** use is not limited to direct copying but includes studying and consulting.  For example, if someone took a copy of a secret design with him to his next employer and studied the copy while working on the next employer's own design, such studying would constitute **actual** use even though the two designs differed.  **Actual use does not require using all features, characteristics or elements of the trade secret.  Actual use would also occur where a company used its competitor's designs to accelerate its own research and development process.  Actual use involves not just direct copying but also using a competitor's design to modify or improve one's own design.  Experimenting internally with a stolen design counts as actual use, even if those experiments do not result in a marketable product.**

**Former PenJI III moved to [Proposed] PenJI XVI Part 1**

If you find one or more of the defendants liable for trade secret misappropriation, our trade secret laws allow recovery of damages.  The measure of damages that Waymo seeks is called unjust enrichment.  In this case, Waymo's theory of recovery requires it to prove that Uber and/or Ottomotto was unjustly enriched by their use or disclosure of the Claimed Trade Secrets.  ~~Although our trade secret laws allow recovery of "actual damages," once misappropriation is proven, Waymo has chosen to proceed on a measure of damages called unjust enrichment, a measure that is recognized under our trade secret laws. Furthermore, although our trade secret laws allow recovery for unjust enrichment based on improper acquisition, use or disclosure of trade secrets, Waymo proceeds in this trial on a theory of recovery that requires it to prove unjust enrichment by reason of use or disclosure of trade secrets.~~ Acquisition alone will not be enough to recover damages.

**Former PenJI IV moved to [Proposed] PenJI XVI Part 2**

To succeed on its claim for unjust enrichment **damages** based on ~~alleged~~ misappropriation of any given ~~Alleged~~**Claimed** Trade Secret, ~~therefore,~~ Waymo must prove all of the following:

~~1. That the Alleged Trade Secret qualified as an enforcible trade secret at the time it was allegedly misappropriated;~~
~~2. That the defendant improperly acquired, then used or disclosed the Alleged Trade Secret.~~
1~~3~~. That the defendant was ~~thereby~~ unjustly enriched **by its use or disclosure of the Claimed Trade Secret**; and
2~~4~~. That such use or disclosure was a substantial factor in unjustly enriching the defendant.

No defendant may be held liable for a damage award as to any given ~~Alleged~~**Claimed** Trade Secret unless all of these elements of proof are satisfied as to that defendant and as to that given ~~Alleged~~**Claimed** Trade Secret. It is for you, the jury, to decide whether or not all of these elements have been proven for all of the ~~Alleged~~**Claimed** Trade Secrets, for some of them, or for none of them. I will now explain these elements of proof in more detail.

**PenJI XVII**

Turning to the ~~third and fourth~~ elements of proof of Waymo's ~~misappropriation~~ claim **for unjust enrichment damages**, unjust enrichment occurs whenever a defendant reaps an undeserved benefit such as accelerating its own development timeline and/or saving on development costs by taking improper advantage of someone else's trade secrets.  Unjust enrichment does not occur, however, where the benefit would have been realized anyway.  The use or disclosure must have been a substantial factor in causing the unjust enrichment.  A substantial factor in causing unjust enrichment means a factor that a reasonable person would consider to have contributed to the unjust enrichment.  It must be more than a remote or trivial factor. It does not have to be the only cause.  ~~Conduct is not a substantial factor in causing unjust enrichment if the same benefit would have occurred without that conduct.~~

**PenJI XVIII**

~~Acquiring someone else's enforcible trade secret may (or may not) unjustly enrich the acquirer. In this case, however, Waymo's theory of recovery depends, as stated, on proving use or disclosure of its Alleged Trade Secret.~~

**PenJI XX**

If Waymo proves that any defendant used or disclosed one or more ~~Alleged~~**Claimed** Trade Secrets, then Waymo is entitled to recover damages if the use or disclosure was a substantial factor in causing that defendant to be unjustly enriched.

To decide the dollar amount of any unjust enrichment to a defendant, first determine the dollar value of that defendant's actual benefit that would not have been achieved except for its use or disclosure. ~~Then subtract from that amount that defendant's reasonable expenses, including the dollar value of its own independent research and development.~~ ***Alternative:* Then subtract from that amount that defendant's reasonable expenses, including any independent research and development expenses, unless such expenses have already been subtracted.**

Your award must be based upon evidence, and not upon speculation, guesswork, or conjecture.

If you find, as to any ~~Alleged~~**Claimed** Trade Secret, that it was used or disclosed *~~but that Waymo has failed to prove a calculable dollar amount of unjust enrichment~~*, meaning on Special Verdict Question Nos. ~~2~~ **[Proposed] 3** and ~~6~~ **[Proposed] 8** you answer "Yes**,**" ~~*and "Zero,"*~~ then we may have a short supplemental instruction and supplemental closing argument to assist you in arriving at an alternative form of award.

**PenJI XXVI**

When Anthony Levandowski testified at our trial, he invoked his right not to incriminate himself under the Fifth Amendment in our Bill of Rights. This was his right to do so. Nevertheless, you may but are not required to find that the questions called for answers that would have incriminated him and that these answers would have been adverse to his position. **In addition, you also may find that any answers provided by Levandowski would have been adverse to the defendants in this case, but you are not required to do so.** ~~That, however, would not necessarily be the same as being adverse to the position of Uber or Ottomotto or Waymo. Before finding that the answer would have also been adverse to another party in the case, you should consider all of the other evidence and circumstances. You are not required to find that any answer by him would have been adverse to him or to any party herein.~~ **You should consider all of the other evidence and circumstances in determining whether to find that Levandowski's answers would have been adverse to the defendants.**

**PenJI XXVII**

For reasons not relevant to your decision here, Waymo is suing Anthony Levandowski in a separate proceeding, not in this case.  This trial is against only Uber and Ottomotto. That Levandowski himself might be separately liable to Waymo is not, by itself, enough to make Uber or Ottomotto liable to Waymo in this trial.   To hold them liable, or either of them, for misappropriation of any ~~Alleged~~**Claimed** Trade Secret, Waymo must prove the elements of proof set forth in these instructions.  You should not consider any recovery that Waymo might obtain from Levandowski in the other proceeding, as this will not compensate Waymo for its losses arising from any trade secret misappropriation.

**PenJI XXVIII**

**Waymo and Uber are corporations and Ottomotto is a limited liability company.**

**Under the law, corporations and limited liability companies are considered to be persons, but they can only act through their employees, directors, officers, or other agents.  A corporation or limited liability company is responsible for the acts of its employees, directors, officers, or other agents performed within the scope of their authority.  This authority may be shown by words or may be implied by the parties' conduct.**

**In this case, Uber and Ottomotto are liable for any trade secret misappropriation by any employee, director, officer or other agent if that individual was acting within the scope of his or her authority at the time that he or she misappropriated any Claimed Trade Secret.**

**Former SVF 1, 5 – [Proposed] SVF 1**

Separately as to each **Claimed** Trade Secret, state whether or not Waymo has proven **that the following Claimed Trade Secret is an enforcible trade secret.** ~~the following parts of its claim for misappropriation against [the relevant defendant].~~ Answer "Yes" or "No." ~~To sustain such a claim as to any Alleged Trade Secret, you must find Waymo has proven all of the elements in the three columns below, meaning "Yes" in both all three columns. If you answer "No" as to the any column, then you need not consider and need not answer as to the other columns for that particular Alleged Trade Secret, although you may do so if you wish. You are free to consider the Alleged Trade Secrets and the columns in any sequence or order you prefer.~~ In any answer, you must follow the instructions of law.

| | ENFORCIBLE TRADE SECRET? | ~~IMPROPERLY ACQUIRED?~~ | ~~USED OR DISCLOSED?~~ |
|---|---|---|---|
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 2 | _____ | ~~_____~~ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 7 | _____ | ~~_____~~ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 9 | _____ | ~~_____~~ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 13 | _____ | ~~_____~~ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 14 | _____ | ~~_____~~ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 25 | _____ | ~~_____~~ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 90 | _____ | ~~_____~~ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 111 | _____ | ~~_____~~ | ~~_____~~ |

*If you have answered "No" ~~in at least one  column~~ for all eight ~~Alleged~~**Claimed** Trade Secrets, ~~then skip ahead to Question No. 5~~ then you are done—go to the end of the form and sign and date it. Otherwise, meaning you have answered "Yes" ~~as to all three columns~~ for at least one ~~Alleged~~**Claimed** Trade Secret, continue to the next three questions.*

**Former SVF 1, 5 – [Proposed] SVF 2, 7**

Separately as to each ~~Alleged~~**Claimed** Trade Secret, state whether or not Waymo has proven **that [Uber/Ottomotto] improperly acquired the Claimed Trade Secret in question.** ~~the following parts of its claim for misappropriation against [the relevant defendant].~~ Answer "Yes" or "No." ~~To sustain such a claim as to any Alleged Trade Secret, you must find Waymo has proven all of the elements in the three columns below, meaning "Yes" in all three columns. If you answer "No" as to the any column, then you need not consider and need not answer as to the other columns for that particular Alleged Trade Secret, although you may do so if you wish. You are free to consider the Alleged Trade Secrets and the columns in any sequence or order you prefer. In any answer, you must follow the instructions of law.~~

6

|  | ~~ENFORCIBLE TRADE SECRET?~~ | IMPROPERLY ACQUIRED? | ~~USED OR DISCLOSED?~~ |
|---|---|---|---|
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 2 | ~~_____~~ | _____ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 7 | ~~_____~~ | _____ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 9 | ~~_____~~ | _____ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 13 | ~~_____~~ | _____ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 14 | ~~_____~~ | _____ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 25 | ~~_____~~ | _____ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 90 | ~~_____~~ | _____ | ~~_____~~ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 111 | ~~_____~~ | _____ | ~~_____~~ |

~~If you have answered "No" in at least one  column for all eight Alleged Trade Secrets, then skip ahead to Question No. 5. Otherwise, meaning you have answered "Yes" as to all three columns for at least one Alleged Trade Secret, c~~*Continue to the next question.*

**Former SVF 1, 5 – [Proposed] SVF 3, 8**

Separately as to each ~~Alleged~~**Claimed** Trade Secret, state whether or not Waymo has proven **that [Uber/Ottomotto] used or disclosed the Claimed Trade Secret in question.** ~~the following parts of its claim for misappropriation against [the relevant defendant].~~ Answer "Yes" or "No." ~~To sustain such a claim as to any Alleged Trade Secret, you must find Waymo has proven all of the elements in the three columns below, meaning "Yes" in both~~all three ~~columns. If you answer "No" as to the  any column, then you need not consider and need not answer as to the other columns for that particular Alleged Trade Secret, although you may do so if you wish. You are free to consider the Alleged Trade Secrets and the columns in any sequence or order you prefer. In any answer, you must follow the instructions of law.~~

|  | ~~ENFORCIBLE TRADE SECRET?~~ | ~~IMPROPERLY ACQUIRED?~~ | USED OR DISCLOSED? |
|---|---|---|---|
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 2 | ~~_____~~ | ~~_____~~ | _____ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 7 | ~~_____~~ | ~~_____~~ | _____ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 9 | ~~_____~~ | ~~_____~~ | _____ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 13 | ~~_____~~ | ~~_____~~ | _____ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 14 | ~~_____~~ | ~~_____~~ | _____ |

| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 25 | ___ | ___ | ___ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 90 | ___ | ___ | ___ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 111 | ___ | ___ | ___ |

*If you have answered "No" ~~in at least one column~~ for all eight ~~Alleged~~**Claimed** Trade Secrets, then skip ahead to Question No. ~~57~~.  Otherwise, meaning you have answered "Yes" ~~as to all three columns~~ for at least one ~~Alleged~~**Claimed** Trade Secret, continue to the next three questions.*

**Former SVF 2, 6 – [Proposed] SVF 4, 9**

Only with respect to any ~~Alleged~~**Claimed** Trade Secret for which you answered "Yes" ~~in all three columns~~ in the previous question, state whether or not Waymo has proven that Uber[/Ottomotto] was unjustly enriched and that such use or disclosure was a substantial factor in bringing about such unjust enrichment.  If you answer "Yes," then further state the dollar amount by which Waymo has proven that Uber[/Ottomotto] is unjustly enriched (or, if such amount is not calculable, then enter "Zero" in the dollar amount column).  If you answer "No," then leave the dollar amount column blank:

| | UNJUST ENRICHMENT/ SUBSTANTIAL FACTOR? | DOLLAR AMOUNT |
|---|---|---|
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 2 | _____ | _____ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 7 | _____ | _____ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 9 | _____ | _____ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 13 | _____ | _____ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 14 | _____ | _____ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 25 | _____ | _____ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 90 | _____ | _____ |
| ~~ALLEGED~~**CLAIMED** TRADE SECRET NO. 111 | _____ | _____ |

*Remember, as I said in the jury instructions, if you answer "Yes" and "Zero" as to any Alleged Trade Secret, we may have supplemental proceedings as to that Alleged Trade Secret with respect to an alternative form of award.*