# EXHIBIT A

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzález@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
MICHAEL BRILLE (*Pro Hac Vice*)
mbrille@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: 212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-00939<br><br>**DEFENDANTS' STATEMENT OF THE CASE**<br><br>Judge: The Honorable William Alsup<br><br>Trial Date: February 5, 2018 |

1  Pursuant to Paragraph 8 of the Court's Guidelines for Trial and Final Pretrial Conference
2  in Civil Jury Cases (last revised May 8, 2017), Defendants Uber Technologies, Inc. and Ottomotto
3  LLC provide the following joint statement of the case to be read to the jury during voir dire:

## **STATEMENT OF THE CASE**

5  This is a case about trade secrets relating to self-driving car technology.  The plaintiff, the
6  entity that brought this case, is Waymo LLC.  Waymo is a subsidiary of Google's parent company,
7  Alphabet Inc.  During this trial, Waymo may sometimes be referred to as "Google," and the self-
8  driving car project at Google as "Project Chauffeur" or "Chauffeur."  The defendants in this case
9  are Uber Technologies, Inc. and Ottomotto LLC.  During this trial, Ottomotto may sometimes be
10  referred to as "Otto."

11  Waymo asserts that it owns eight separate trade secrets relating to something called
12  LiDAR, which is technology that is used in some self-driving vehicles.  Waymo accuses Uber and
13  Ottomotto of misappropriating those eight Waymo trade secrets.  Waymo asserts that Uber and
14  Ottomotto's misappropriation of its trade secrets damaged Waymo and caused Uber and
15  Ottomotto to be unjustly enriched.  Waymo also claims that Uber and Ottomotto misappropriated
16  its trade secrets willfully and maliciously.

17  Uber and Ottomotto deny Waymo's claims.  Uber and Ottomotto deny that any of
18  Waymo's alleged trade secrets are actual trade secrets.  Uber and Ottomotto also deny that they
19  misappropriated any of the alleged trade secrets.  Uber and Ottomotto further deny that Waymo
20  was damaged or that Uber or Ottomotto were unjustly enriched.

21  To be clear, the claims and defenses just described merely summarize the parties'
22  arguments—the parties themselves will explain their positions at trial and the evidence presented
23  will provide the facts.

24  To succeed on its claim for unjust enrichment based on alleged misappropriation of any
25  given Alleged Trade Secret, Waymo must prove all of the following:

26  [*The following is taken directly from Instruction IV of the Court's Penultimate Jury*
27  *Instructions (Dkt 2449 at 2-3)]*

28  1.  That the Alleged Trade Secret qualified as an enforceable trade secret at the time

-1-  Case No. 3:17-cv-00939-WHA
DEFENDANTS' STATEMENT OF THE CASE

1    it was allegedly misappropriated;

2    2.   That the defendant improperly acquired, then used or disclosed

3         the Alleged Trade Secret;

4    3.   That the defendant was thereby unjustly enriched; and

5    4.   That such use or disclosure was a substantial factor in unjustly enriching the

6         defendant.

No defendant may be held liable for a damage award as to any given Alleged Trade Secret unless all of these elements of proof are satisfied as to that defendant and as to that given Alleged Trade Secret. It is for you, the jury, to decide whether or not all of these elements have been proven for all of the Alleged Trade Secrets, for some of them, or for none of them.

This is only a summary, you will be instructed on the specific questions you should address at the end of the parties' presentations.

Dated: January 29, 2018                MORRISON & FOERSTER LLP
                                       BOIES SCHILLER FLEXNER LLP
                                       SUSMAN GODFREY LLP


                                       By: */s/ William Christopher Carmody*
                                           WILLIAM CHRISTOPHER CARMODY

                                           Attorneys for Defendants
                                           UBER TECHNOLOGIES, INC. and
                                           OTTOMOTTO LLC

-2-                     Case No. 3:17-cv-00939-WHA
                        DEFENDANTS' STATEMENT OF THE CASE