# EXHIBIT B

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>              Plaintiff,<br><br>       vs.<br><br>UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC,<br><br>              Defendants. | CASE NO. 3:17-cv-00939<br><br>**WAYMO'S STATEMENT OF THE CASE**<br><br>Judge: The Honorable William Alsup<br><br>Trial Date: February 5, 2018 |

1    Pursuant to Paragraph 8 of the Court's Guidelines for Trial and Final Pretrial Conference
2 in Civil Jury Cases (last revised May 8, 2017), Plaintiff Waymo LLC provides the following
3 statement of the case to be read to the jury during voir dire:

## STATEMENT OF THE CASE

5    This is a case about trade secrets relating to self-driving car technology.  The plaintiff, the
6 entity that brought this case, is Waymo LLC.  Waymo is a subsidiary of Google's parent company,
7 Alphabet Inc.  During this trial, Waymo may sometimes be referred to as "Google," and the self-
8 driving car project at Google as "Project Chauffeur" or "Chauffeur."  The defendants in this case
9 are Uber Technologies, Inc. and Ottomotto LLC.  During this trial, Ottomotto may sometimes be
10 referred to as "Otto."

11    Waymo asserts that it owns eight separate trade secrets relating to something called
12 LiDAR, which is technology that is used in some self-driving vehicles.  Waymo accuses Uber and
13 Ottomotto of misappropriating those eight Waymo trade secrets.  Waymo asserts that Uber and
14 Ottomotto's misappropriation of its trade secrets damaged Waymo and caused Uber and
15 Ottomotto to be unjustly enriched.  Waymo also claims that Uber and Ottomotto misappropriated
16 its trade secrets willfully and maliciously.

17    Uber and Ottomotto deny Waymo's claims.  Uber and Ottomotto deny that any of
18 Waymo's claimed trade secrets are actual trade secrets.  Uber and Ottomotto also deny that they
19 misappropriated any of the claimed trade secrets.  Uber and Ottomotto further deny that Waymo
20 was damaged or that Uber or Ottomotto were unjustly enriched.

21    To be clear, the claims and defenses just described merely summarize the parties'
22 arguments—the parties themselves will explain their positions at trial and the evidence presented
23 will provide the facts.

24    [*The following paragraph is patterned after the Court's Statement of the Case read to*
25 *the jury during voir dire in Oracle America, Inc. v. Google Inc., Case No. 3:10-cv-03561-WHA.*]

26    Your job at the end of this case will be to decide a number of questions regarding the
27 parties' claims and defenses.  First, you will decide whether Waymo's claimed trade secrets are
28 enforceable and whether Uber and Ottomotto are liable for misappropriating those claimed trade

secrets.  Then, if you find Uber and/or Ottomotto liable for misappropriation, you will decide the damages that Waymo should be awarded and you will decide whether the misappropriation was willful and malicious.  Again this is only a summary, you will be instructed on the specific questions you should address at the end of the parties' presentations.

DATED:  January 29, 2018                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for WAYMO LLC