MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel: 415.268.7000 / Fax: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
MICHAEL BRILLE (*Pro Hac Vice*)
mbrille@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Tel: 202.237.2727 / Fax: 202.237.6131

WILLIAM CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: 212.336.8330 / Fax: 212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**DECLARATION OF THOMAS J. PARDINI IN SUPPORT OF PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OFFER OF PROOF REGARDING ADMISSIBILITY OF CERTAIN MARKET AND FINANCIAL INFORMATION (DKT. 2532)** |

I, Thomas J. Pardini, declare as follows:

1.      I am a member of the Bar of the State of California and an attorney at the law firm of Morrison & Foerster LLP.  I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.  I make this declaration in support of Plaintiff Waymo LLC's Administrative Motion to File Under Seal Its Offer of Proof Regarding Admissibility of Certain Market and Financial Information (Dkt. 2532, correcting Dkt. 2527).

2.      I have reviewed the following documents and confirmed that only the portions identified below merit sealing:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit 4 | Red Boxes |
| Exhibits 5 and 6 | Entire Documents |
| Exhibit 7 | Red Boxes |
| Exhibit 8 | Red Boxes |
| Exhibit 13 | Red Boxes |
| Exhibit 14 | Entire Document |
| Exhibit 15 | Red Boxes |
| Exhibits 16 and 18 | Entire Documents |

3.      The entireties of Exhibits 5 and 6 and the red boxes of Exhibit 15 are internal communications among current and former Uber executives containing confidential information regarding market strategy, business operations, technical development, business partnerships, and evaluations of company priorities.  They also contain the email addresses and phone numbers of current and former Uber employees, which Defendants request be sealed to protect these individuals' privacy.  In addition, pages 2 and 3 of Exhibit 5 contain the same business agreement information for which the Court granted sealing at Dkt. 2463.  I understand that disclosure of this

information would allow competitors to acquire insight into how Uber evaluates its business priorities and technical strategy in the self-driving car industry, such that Uber's competitive standing would be harmed.

4. The red boxes on page 2 of Exhibit 4 and page 122 in Exhibit 7 contain confidential information regarding former Uber executives' estimates of the company's financial details. Disclosure of this information could allow competitors to acquire knowledge into Uber's financial details and tailor their own business strategy to the detriment of Uber's competitive standing.

5. The red boxes on pages 2-3 of Exhibit 13 were granted sealing at Dkt. 2463. They identify business terms with respect to Otto Trucking for which the Court granted sealing of earlier versions of these terms in the draft Term Sheet. The red boxes on page 1 of Exhibit 4 and pages 2 and 3 of Exhibit 5 reference terms from this same business agreement. If this information were disclosed, I understand that competitors and counterparties could obtain a competitive advantage by tailoring their negotiation strategy to offer or demand similar business terms, and acquire knowledge into the details of Uber's confidential partnership arrangements, such that Uber's competitive standing would be harmed.

6. The red boxes on page 5 of Exhibit 13 were granted sealing at Dkt. 2463. They contain financial and commercial terms corresponding to terms for which the Court granted sealing in the draft Term Sheet; the Court found that this confidential business information merited sealing. (Dkt. 550 at 3.) The red boxes on pages 6 and 7 of Exhibit 13 contain highly confidential commercial terms of a business agreement for which the Court granted sealing. (Dkt. 2393 at 6.)

7. The entirety of Exhibit 14 is an internal email exchange among current and former Uber executives containing confidential information regarding the detailed negotiation of financial terms to a business agreement. Exhibit 14 also contains information with respect to the business agreement for which the Court granted sealing at Dkt. 2463 and Dkt. 2393 at 6. In addition, Exhibit 14 contains personal contact information throughout the document, including phone numbers and email addresses. If this information were disclosed, I understand that

competitors and counterparties could obtain a competitive advantage by tailoring their negotiation strategy to offer or demand similar business terms, and acquire knowledge into the financial details of Uber's business agreements, such that Uber's competitive standing would be harmed.

8. The entireties of Exhibits 16 and 18 are almost a hundred pages of detailed personal notes of a former Uber executive, containing highly confidential information regarding market strategy, technical development, business operations, partnerships with vendors, employee evaluations, and other internal considerations. I understand that disclosure of this information would allow competitors to gain insight into detailed aspects of Uber's technical development, business agreements, and market strategy. Uber's competitive standing would be significantly harmed.

9. The red boxes in Exhibit 8 and some of the red boxes in Exhibits 4, 14, and 15 contain the email addresses and phone numbers of current and former company employees, whose communications may become compromised if this information were disclosed to the public. Defendants seek to seal this information in order to protect the privacy of these individuals because this lawsuit is currently the subject of extensive media coverage. I understand that disclosure of this information could expose these individuals to harm or harassment.

10. Defendants' request to seal is narrowly tailored to the portions of Waymo's Offer of Proof and supporting exhibits that merit sealing.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of January, 2018 in San Francisco, California.

                                          */s/ Thomas J. Pardini*
                                            Thomas J. Pardini