QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>               Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>               Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PARTIES' JOINT SUBMISSION REGARDING SHORT DESCRIPTIONS FOR ALLEGED TRADE SECRETS** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal portions of the Second Amended Joint Proposed Pretrial Order. Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
| --- | --- | --- |
| Parties' Joint Submission Regarding Short Descriptions for Alleged Trade Secrets | Highlighted portions | Waymo (green highlights) |
| Exhibit A to Parties' Joint Submission Regarding Short Descriptions for Alleged Trade Secrets | Entire Document | Waymo |

## I.   LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II.   THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal portions of the Second Amended Joint Proposed Pretrial Order and Exhibit A as identified by Waymo in the table above. Waymo seeks to file this information under seal because it discloses Waymo's trade secrets. *See* Declaration of Jonathan Francis ("Francis Decl.") ¶ 2. Courts have determined that trade secret information merits sealing. *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal

document that "consists entirely of descriptions of Brocade's trade secrets"). Waymo seeks to seal trade secrets that fit squarely within these categories. Francis Decl. ¶ 2. Waymo maintains this information as a trade secret (*see* Dkt. 25-31) and ensures the information remains secret with strict secrecy and security protocols (*see* Dkt. 25-47; Dkt. 25-49.). *See* Francis Decl. ¶ 2. Waymo has narrowly tailored its requests to only information meriting sealing. *Id.* ¶ 3. In fact, both *Music Group* and *Brocade* found the confidential information at issue in those cases met the heightened "compelling reasons" standard for sealing. *Music Grp.*, 2015 WL 3993147, at *1; *Brocade*, 2013 WL 211115, at *1, *3. The information that Waymo seeks to seal, therefore, also meets this heightened standard. The disclosure of Waymo's trade secret information would harm Waymo. Francis Decl. ¶ 2. Moreover, the scope of information that Waymo is seeking to seal is consistent with other administrative motions to seal that have already been granted by the Court in this case. (*See, e.g.*, Dkt. 416, 414, 406, 393, 392.) Thus, the Court should grant Waymo's administrative motion to seal.

### III. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion. For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's Administrative Motion.

DATED: February 3, 2018       QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles Verhoeven*
Charles Verhoeven
Attorneys for WAYMO LLC

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| WAYMO LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF JONATHAN FRANCIS IN SUPPORT OF PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PARTIES' JOINT SUBMISSION REGARDING SHORT DESCRIPTIONS FOR ALLEGED TRADE SECRETS** |
|---|---|

I, Jonathan Francis, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

I make this declaration in support of Administrative Motion to File Under Seal Parties' Joint Submission Regarding Short Descriptions for Alleged Trade Secrets ("Administrative Motion"), filed concurrently herewith. The Administrative Motion seeks an order sealing the following materials, also filed concurrently herewith:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Parties' Joint Submission Regarding Short Descriptions for Alleged Trade Secrets | Highlighted portions | Waymo (green highlights) |
| Exhibit A to Parties' Joint Submission Regarding Short Descriptions for Alleged Trade Secrets | Entire Document | Waymo |

2. Specifically, the green highlighted portions of the Parties' Joint Submission Regarding Short Descriptions for Alleged Trade Secrets and the entirety of Exhibit A thereto, contain or refer to Waymo's trade secrets, which Waymo seeks to seal. The information Waymo seeks to seal includes the confidential design and functionality of Waymo's proprietary autonomous vehicle system, including its LiDAR designs, which Waymo maintains as secret. I understand that these trade secrets are maintained as secret by Waymo (Dkt. 25-47) and that the trade secrets are valuable to Waymo's business (Dkt. 25-31). The public disclosure of this information would give Waymo's competitors access to descriptions of the functionality or features of Waymo's autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

3. Waymo's request to seal is narrowly tailored to those portions of the Parties' Joint Submission Regarding Short Descriptions for Alleged Trade Secrets and Exhibit A thereto that merit sealing.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on February 3, 2018.

By <u>*/s/ Jonathan Francis*</u>
Jonathan Franics
Attorneys for WAYMO LLC

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Jonathan Francis.

<u>*/s/ Charles K. Verhoeven*</u>
Charles K. Verhoeven

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PARTIES' JOINT SUBMISSION REGARDING SHORT DESCRIPTIONS FOR ALLEGED TRADE SECRETS** |

Plaintiff Waymo LLC ("Waymo") has filed an Administrative Motion to File Under Seal Parties' Joint Submission Regarding Short Descriptions for Alleged Trade Secrets ("Administrative Motion").

Having considered the Administrative Motion, and good cause to seal having been shown, the Court **GRANTS** Waymo's Administrative Motion and **ORDERS** sealed the documents listed below:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Parties' Joint Submission Regarding Short Descriptions for Alleged Trade Secrets | Highlighted Portions |
| Exhibit A to Parties' Joint Submission Regarding Short Descriptions for Alleged Trade Secrets | Entire Document |

**IT IS SO ORDERED.**

Dated: _____, 2018

_____
HON. WILLIAM ALSUP
United States District Court Judge

[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>　　　　　　Defendants. | Case No.　　3:17-cv-00939-WHA<br><br>**PARTIES' JOINT SUBMISSION REGARDING SHORT DESCRIPTIONS FOR ALLEGED TRADE SECRETS**<br><br>Judge:　The Honorable William Alsup<br><br>Trial Date: February 5, 2018 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1    Plaintiff Waymo LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC
2 (collectively, "Uber") hereby inform the Court that the parties met and conferred concerning a list
3 of asserted trade secrets to be provided to the jury, including the "subject matter" of the alleged
4 trade secrets. (Dkt. 2492.) The parties agreed on short descriptions that can be part of the public
5 record for seven of the eight alleged trade secrets, but were not able to reach agreement on the
6 description for Alleged Trade Secret ("ATS") No. 7. In view of that disagreement, the parties'
7 positions are as follows.

### Waymo's Position

9    Waymo requests that the jury binder simply omit the short descriptions altogether and
10 refer to the asserted trade secrets by number as originally proposed by the Court (Dkt. 2492), in
11 light of the parties' unfortunate failure to agree on short descriptions for all asserted trade
12 secrets. For ATS 7, Waymo proposed the short description, "laser diode positioning," complying
13 with the Court's guidance that the descriptions be non-argumentative and broad enough to be
14 spoken in Court. (1/30/17 H'rg Tr. at 25:25-26:7.) Uber's sole proposal does not comply with
15 the Court's guidance because it discloses part of the substance of the asserted trade secret. Uber
16 refuses to consider any alternatives that do not include the word "███████" or a
17 synonym. While Uber wants to argue that the concept of "███████" in LIDAR
18 systems is generally known, these issues are for the jury to decide, not something to litigate in the
19 context of the parties' effort to agree on the contents of the jury binder. Waymo engaged
20 repeatedly to seek agreement on this topic without troubling the Court. Uber's tactical choice to
21 use this process to argue the merits of the trade secret rather than heed the guidance of the Court
22 should not be rewarded. Waymo's formulation or the Court's original version that omits short
23 descriptions are both acceptable to Waymo.

### Uber's Position

25    Uber proposes the short, easy-to-understand description of "█████████████" for
26 ATS 7. "█████████████" will allow the jury to easily understand which trade secret is
27 being discussed without disclosing Waymo's alleged trade secret. Uber's proposal describes the
28 "subject matter" of the alleged trade secret (Dkt. 2492), without disclosing Waymo's claimed

1  trade secret of a *specific* ███████████. Waymo has conceded that it is no longer
2  claiming the general concept of ███████████ as its trade secret. In its August 1, 2017
3  Notice Regarding Trade Secret Narrowing, Waymo narrowed ATS 7 *from* a "████████
4  ████████████████████████████████████," i.e., the general
5  concept of ███████████, (Dkt. 25-7 at 6) *to* the specific "████████
6  ███████████." (Dkts. 1110-1, 335-4 at 4.) Moreover, as the Court acknowledged
7  (on the public record), there are "*only* three possibilities" for "diodes on printed circuit boards in a
8  LiDAR transmit block"—"overhang, underhang, or exactly flush." (Dkt. 433 at 13 (public PI
9  order).) The April 12, 2017 technology tutorial included public discussion regarding the general
10 concept of ███████████. (4/12/17 Hr'g Tr. at 59-60.) The Court should use language
11 that a jury can easily understand—like "███████████"—rather than that which would
12 confuse and unnecessarily complicate the alleged trade secret (such as the "laser diode
13 positioning" proposed by Waymo, which also describes the subject matter of ATS 13 and 14).

**Joint Conclusion**

The parties attach as **Exhibit A** the list of asserted trade secrets, including the agreed-upon short descriptions and two proposals for ATS 7.[1]

---

[1] The parties will also email the Court a Microsoft Word version of Exhibit A.

| | | |
|---|---|---|
| Dated: February 3, 2018 | | MORRISON & FOERSTER LLP |
| | By: | */s/ Michael A. Jacobs* |
| | | MICHAEL A. JACOBS |
| | | Attorneys for Defendants<br>UBER TECHNOLOGIES, INC.<br>and OTTOMOTTO LLC |
| Dated: February 3, 2018 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By: | */s/ Charles K. Verhoeven* |
| | | CHARLES K. VERHOEVEN |
| | | Attorneys for Plaintiff<br>WAYMO LLC |

Pursuant to stipulation, **IT IS SO ORDERED.**

DATED: _____, 2018    _____
HONORABLE WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**ATTESTATION OF E-FILED SIGNATURE**

I, Charles K. Verhoeven, am the ECF User whose ID and password are being used to file this Joint Submission Regarding Short Descriptions for Alleged Trade Secrets. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Michael A. Jacobs has concurred in this filing.

Dated: February 3, 2018                    /s/ *Charles K. Verhoeven*
                                           CHARLES K. VERHOEVEN