[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                    Defendants. | Case No.    3:17-cv-00939-WHA<br><br>**PARTIES' JOINT SUBMISSION REGARDING SHORT DESCRIPTIONS FOR ALLEGED TRADE SECRETS**<br><br>Judge:   The Honorable William Alsup<br><br>Trial Date: February 5, 2018 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1  Plaintiff Waymo LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC
2  (collectively, "Uber") hereby inform the Court that the parties met and conferred concerning a list
3  of asserted trade secrets to be provided to the jury, including the "subject matter" of the alleged
4  trade secrets. (Dkt. 2492.) The parties agreed on short descriptions that can be part of the public
5  record for seven of the eight alleged trade secrets, but were not able to reach agreement on the
6  description for Alleged Trade Secret ("ATS") No. 7. In view of that disagreement, the parties'
7  positions are as follows.

## Waymo's Position

9  Waymo requests that the jury binder simply omit the short descriptions altogether and
10 refer to the asserted trade secrets by number as originally proposed by the Court (Dkt. 2492), in
11 light of the parties' unfortunate failure to agree on short descriptions for all asserted trade
12 secrets. For ATS 7, Waymo proposed the short description, "laser diode positioning," complying
13 with the Court's guidance that the descriptions be non-argumentative and broad enough to be
14 spoken in Court. (1/30/17 H'rg Tr. at 25:25-26:7.) Uber's sole proposal does not comply with
15 the Court's guidance because it discloses part of the substance of the asserted trade secret. Uber
16 refuses to consider any alternatives that do not include the word "[REDACTED]" or a
17 synonym. While Uber wants to argue that the concept of "[REDACTED]" in LIDAR
18 systems is generally known, these issues are for the jury to decide, not something to litigate in the
19 context of the parties' effort to agree on the contents of the jury binder. Waymo engaged
20 repeatedly to seek agreement on this topic without troubling the Court. Uber's tactical choice to
21 use this process to argue the merits of the trade secret rather than heed the guidance of the Court
22 should not be rewarded. Waymo's formulation or the Court's original version that omits short
23 descriptions are both acceptable to Waymo.

## Uber's Position

25 Uber proposes the short, easy-to-understand description of "[REDACTED]" for
26 ATS 7. "[REDACTED]" will allow the jury to easily understand which trade secret is
27 being discussed without disclosing Waymo's alleged trade secret. Uber's proposal describes the
28 "subject matter" of the alleged trade secret (Dkt. 2492), without disclosing Waymo's claimed

1  trade secret of a ***specific*** ███████████████. Waymo has conceded that it is no longer
2  claiming the general concept of ███████████████ as its trade secret.  In its August 1, 2017
3  Notice Regarding Trade Secret Narrowing, Waymo narrowed ATS 7 ***from*** a "███████████
4  ████████████████████████████████████████████████████," i.e., the general
5  concept of ███████████████, (Dkt. 25-7 at 6) ***to*** the specific "███████████████
6  ███████████████." (Dkts. 1110-1, 335-4 at 4.)  Moreover, as the Court acknowledged
7  (on the public record), there are "*only* three possibilities" for "diodes on printed circuit boards in a
8  LiDAR transmit block"—"overhang, underhang, or exactly flush." (Dkt. 433 at 13 (public PI
9  order).)  The April 12, 2017 technology tutorial included public discussion regarding the general
10 concept of ███████████████. (4/12/17 Hr'g Tr. at 59-60.)  The Court should use language
11 that a jury can easily understand—like "███████████████"—rather than that which would
12 confuse and unnecessarily complicate the alleged trade secret (such as the "laser diode
13 positioning" proposed by Waymo, which also describes the subject matter of ATS 13 and 14).

**Joint Conclusion**

The parties attach as **Exhibit A** the list of asserted trade secrets, including the agreed-upon short descriptions and two proposals for ATS 7.[1]

---

[1] The parties will also email the Court a Microsoft Word version of Exhibit A.

PARTIES' JOINT SUBMISSION RE SHORT DESCRIPTIONS FOR ALLEGED TRADE SECRETS
Case No. 3:17-cv-00939-WHA
sf-3864129

2

Dated: February 3, 2018        MORRISON & FOERSTER LLP

                               By:    /s/ Michael A. Jacobs
                                      MICHAEL A. JACOBS

                               Attorneys for Defendants
                               UBER TECHNOLOGIES, INC.
                               and OTTOMOTTO LLC


Dated: February 3, 2018        QUINN EMANUEL URQUHART & SULLIVAN, LLP

                               By:  /s/ Charles K. Verhoeven
                                    CHARLES K. VERHOEVEN

                               Attorneys for Plaintiff
                               WAYMO LLC


Pursuant to stipulation, **IT IS SO ORDERED.**


DATED: _____, 2018        _____
                                      HONORABLE WILLIAM ALSUP
                                      UNITED STATES DISTRICT JUDGE

**ATTESTATION OF E-FILED SIGNATURE**

I, Charles K. Verhoeven, am the ECF User whose ID and password are being used to file this Joint Submission Regarding Short Descriptions for Alleged Trade Secrets. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Michael A. Jacobs has concurred in this filing.

Dated:  February 3, 2018              */s/  Charles K. Verhoeven*
                                            CHARLES K. VERHOEVEN