1   [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

13

14   WAYMO LLC,

Plaintiff,

15

v.

16

UBER TECHNOLOGIES, INC.,
17   OTTOMOTTO LLC; OTTO TRUCKING
LLC,

18

Defendants.

19

Case No.        3:17-cv-00939-WHA

**PARTIES' JOINT SUBMISSION
REGARDING SHORT DESCRIPTIONS
FOR ALLEGED TRADE SECRETS**

Judge:   The Honorable William Alsup

Trial Date: February 5, 2018

20

21

22

23          **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

24

25

26

27

28

PARTIES' JOINT SUBMISSION RE SHORT DESCRIPTIONS FOR ALLEGED TRADE SECRETS
Case No. 3:17-cv-00939-WHA
sf-3864129

1    Plaintiff Waymo LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC

2  (collectively, "Uber") hereby inform the Court that the parties met and conferred concerning a list

3  of asserted trade secrets to be provided to the jury, including the "subject matter" of the alleged

4  trade secrets.  (Dkt. 2492.)  The parties agreed on short descriptions that can be part of the public

5  record for seven of the eight alleged trade secrets, but were not able to reach agreement on the

6  description for Alleged Trade Secret ("ATS") No. 7.  In view of that disagreement, the parties'

7  positions are as follows.

## Waymo's Position

9    Waymo requests that the jury binder simply omit the short descriptions altogether and

10  refer to the asserted trade secrets by number as originally proposed by the Court (Dkt. 2492), in

11  light of the parties' unfortunate failure to agree on short descriptions for all asserted trade

12  secrets.  For ATS 7, Waymo proposed the short description, "laser diode positioning," complying

13  with the Court's guidance that the descriptions be non-argumentative and broad enough to be

14  spoken in Court.  (1/30/17 H'rg Tr. at 25:25-26:7.)  Uber's sole proposal does not comply with

15  the Court's guidance because it discloses part of the substance of the asserted trade secret.  Uber

16  refuses to consider any alternatives that do not include the word "███████" or a

17  synonym.  While Uber wants to argue that the concept of "███████████" in LIDAR

18  systems is generally known, these issues are for the jury to decide, not something to litigate in the

19  context of the parties' effort to agree on the contents of the jury binder.  Waymo engaged

20  repeatedly to seek agreement on this topic without troubling the Court.  Uber's tactical choice to

21  use this process to argue the merits of the trade secret rather than heed the guidance of the Court

22  should not be rewarded.  Waymo's formulation or the Court's original version that omits short

23  descriptions are both acceptable to Waymo.

## Uber's Position

25    Uber proposes the short, easy-to-understand description of "███████████████" for

26  ATS 7.  "████████████████" will allow the jury to easily understand which trade secret is

27  being discussed without disclosing Waymo's alleged trade secret.  Uber's proposal describes the

28  "subject matter" of the alleged trade secret (Dkt. 2492), without disclosing Waymo's claimed

1  trade secret of a *specific* ███████████. Waymo has conceded that it is no longer

2  claiming the general concept of ███████████ as its trade secret.  In its August 1, 2017

3  Notice Regarding Trade Secret Narrowing, Waymo narrowed ATS 7 *from* a "██████

4  ████████████████████████████████████," i.e., the general

5  concept of ███████████, (Dkt. 25-7 at 6) *to* the specific "██████

6  ████████████." (Dkts. 1110-1, 335-4 at 4.)  Moreover, as the Court acknowledged

7  (on the public record), there are "*only* three possibilities" for "diodes on printed circuit boards in a

8  LiDAR transmit block"—"overhang, underhang, or exactly flush."  (Dkt. 433 at 13 (public PI

9  order).)  The April 12, 2017 technology tutorial included public discussion regarding the general

10  concept of ███████████.  (4/12/17 Hr'g Tr. at 59-60.)  The Court should use language

11  that a jury can easily understand—like "███████████"—rather than that which would

12  confuse and unnecessarily complicate the alleged trade secret (such as the "laser diode

13  positioning" proposed by Waymo, which also describes the subject matter of ATS 13 and 14).

### Joint Conclusion

15  The parties attach as **Exhibit A** the list of asserted trade secrets, including the agreed-upon

16  short descriptions and two proposals for ATS 7.[1]

---

[1] The parties will also email the Court a Microsoft Word version of Exhibit A.

1    Dated:  February 3, 2018              MORRISON & FOERSTER LLP

2

3                                          By:  _____*/s/ Michael A. Jacobs*_____
                                                MICHAEL A. JACOBS

4                                               Attorneys for Defendants
                                                UBER TECHNOLOGIES, INC.
5                                               and OTTOMOTTO LLC

6

7

8    Dated:  February 3, 2018              QUINN EMANUEL URQUHART & SULLIVAN, LLP

9                                          By:  */s/ Charles K. Verhoeven*
                                                CHARLES K. VERHOEVEN
10
                                                Attorneys for Plaintiff
11                                              WAYMO LLC

12

13

14

15

16

17         Pursuant to stipulation, **IT IS SO ORDERED.**

18

19   DATED: _____, 2018            _____

20                                          HONORABLE WILLIAM ALSUP
                                            UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

27

28

1

**ATTESTATION OF E-FILED SIGNATURE**

2      I, Charles K. Verhoeven, am the ECF User whose ID and password are being used to file

3  this Joint Submission Regarding Short Descriptions for Alleged Trade Secrets.  In compliance

4  with Civil L.R. 5-1(i)(3), I hereby attest that Michael A. Jacobs has concurred in this filing.

5

6  Dated:   February 3, 2018                           */s/   Charles K. Verhoeven*
                                                        CHARLES K. VERHOEVEN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A
# FILED UNDER SEAL