[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | CASE NO. 3:17-cv-00939-WHA |
| Plaintiff, | **PARTIES' JOINT PROPOSAL REGARDING REASONABLE ROYALTY DAMAGES** |
| vs. | |
| UBER TECHNOLOGIES, INC.; and OTTOMOTTO LLC, | Judge: The Honorable William Alsup |
| Defendants. | Trial Date: February 5, 2018 |

Plaintiff Waymo LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC (collectively, "Uber") met and conferred regarding the bifurcation of reasonable royalty damages as instructed by the Court. Dkt. 2597. As set forth below, Waymo and Uber maintain their most recent positions on the issue of bifurcation but, in the event the Court decides to address reasonable royalty damages in the manner set forth in the penultimate jury instructions and special verdict form, the parties have reached agreement on a proposal for how the reasonable royalty damages phase should be handled.

### **Waymo's Position**

Waymo maintains its request that the jury be asked to render a decision on reasonable royalty damages regardless of whether it has (i) already awarded unjust enrichment damages, or (ii) found that Uber used or disclosed a trade secret, but was not unjustly enriched. Dkt. 2550 at 13-14; *see also* Dkts. 2351, 2538-4 at 17-18. In federal court, reasonable royalty damages under both CUTSA and DTSA must be decided by the jury pursuant to the Seventh Amendment; moreover, under DTSA, reasonable royalty damages are an equally-available alternative to unjust enrichment damages which Waymo is entitled to elect. Dkt. 2550 at 13. As Defendants admitted in the parties' jointly submitted jury instructions, no finding of unjust enrichment is necessary before the jury awards reasonable royalty damages. Dkt. 2229 at 3 ("If any Defendant misappropriated one or more Alleged Trade Secrets but that misappropriation did not cause that Defendant to be unjustly enriched, Waymo may still be entitled to a reasonable royalty."); *see also* Dkt. 2550 at 13-14, Dkt. 2351 at 6-9, *Atl. Inertial Sys. Inc. v. Condor Pac. Indus.*, 545 Fed. Appx. 600, 601 (9th Cir. 2013) ("The district court erred in ruling, at the damages stage, that the jury's finding of no harm precluded a reasonable royalty."). Failure to have the jury decide reasonable royalty damages (and calculate or recalculate exemplary damages accordingly if the jury finds Uber's misappropriation to have been willful and malicious) under these circumstances denies Waymo its rights under applicable law, while a jury finding in the first instance avoids having to re-try damages to a second jury should any award of unjust enrichment damages be reduced or eliminated post trial, Dkt. 2550 at 14, or should an appeals court later determine that Waymo was entitled to such a determination. Finally, Uber has not shown it will be prejudiced in any way if the Court adopts Waymo's proposal.

**Uber's Position**

Uber agrees with the Court that bifurcation is necessary and appropriate for the reasons set forth in Uber's prior briefings. See Dkts. 2350 & 2398. Waymo does not have a right to a jury trial on reasonable royalty because the future use royalty it seeks is governed by Cal. Civ. Code § 3426.2 and 18 U.S.C. § 1836(b)(3)(A)(3) and is inextricably "intertwined with injunctive relief." *Traxler v. Multnomah City*, 596 F.3d 1007, 1012 (9th Cir. 2010). Any jury verdict on reasonable royalty would be purely advisory and should be part of a separate proceeding to prevent juror confusion. Further, reasonable royalty is a remedy of last resort under both the CUTSA and DTSA. *See* Cal. Civ. Code § 3426.3 (permitting reasonable royalty only "[i]f neither damages nor unjust enrichment caused by misappropriation are provable"); DTSA Senate Judiciary Committee Report at 9 & n.7 ("The Committee notes that courts interpreting the UTSA's analogous provision have held that the award of reasonable royalties is a remedy of last resort."). Indeed, this is consistent with the parties' jointly-submitted jury instructions, which provide that "[i]f any Defendant misappropriated one or more ATS but that misappropriation did not cause that Defendant to be unjustly enriched, Waymo may still be entitled to a reasonable royalty." Dkt. 2229 at 3. Finally, Waymo has not shown it will be prejudiced in any way by bifurcation, whereas Uber will be prejudiced if Waymo is permitted to infect the jury's unjust enrichment deliberations with arguments applicable only to reasonable royalty.

One issue left unaddressed by the Court's order is the extent of evidentiary bifurcation. Uber believes that evidence admissible solely to establish a reasonable royalty should be deferred to a short evidentiary hearing at the supplemental proceeding. At a minimum, Uber requests that the Court address evidentiary objections on a case-by-case basis, weighing the risk of prejudice and jury confusion against the burden, if any, of re-calling any witnesses.

**Joint Proposal**

If, notwithstanding the parties' positions articulated above, the Court addresses reasonable royalty damages consistent with the penultimate jury instructions and special verdict form, Dkt. 2597, the parties propose that any supplemental proceeding to determine the entitlement to and amount of reasonable royalty damages take place the day after the jury returns a verdict requiring such a determination (as described in the penultimate jury instructions and special verdict form, *see* Dkts. 2449 at 9 and 2449-1 at 3 & 5). In any such supplemental proceeding, Waymo proposes that each side be given 60 minutes for closing argument; Uber proposes that each side be given 45 minutes for closing argument.

DATED: February 4, 2018                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Attorneys for Plaintiff WAYMO LLC

DATED: February 4, 2018                    SUSMAN GODFREY LLP

By */s/ William Christopher Carmody*
    William Christopher Carmody
    Attorneys for Defendants
    UBER TECHNOLOGIES, INC. and
    OTTOMOTTO LLC

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

DATED: February 4, 2018             By  */s/ Charles K. Verhoeven*
                                        Charles K. Verhoeven