*Waymo v. Uber*
Case No. 3:17-cv-00939-WHA

# APPENDIX A

# APPENDIX A

| Document | Description | Pre-Litigation Recipient Witnesses | Admissibility |
|---|---|---|---|
| TX-7912 Stroz Report | Summary Report - Project Unicorn Investigation | Adam Bentley; Angela Padilla; Eric Tate; John Gardner; Justin Suhr; Lior Ron<br><br>Uber believes, but cannot confirm, that Anthony Levandowski received the report. | Potentially admissible under Fed. R. Evid. 801(d)(2)(C) as to Stroz's own statements, if Waymo lays appropriate foundation.<br>Not admissible under any other provision of Fed. R. Evid. 801.<br>Not admissible under any provision of Fed. R. Evid. 803.<br>Not admissible under any provision of Fed. R. Evid. 804.<br>Embedded hearsay inadmissible under Fed. R. Evid. 805.<br><br>Because inadmissible embedded hearsay pervades the document, making a limiting instruction ineffective and ensuring jury confusion and unfair prejudice to Uber, the document should not be admitted for its truth to any degree. Fed. R. Evid. 403.<br><br>Potentially admissible for a non-hearsay purpose as to Uber witnesses listed to the left. |
| TX-7111 Exhibit 5 | Anthony Levandowski ("Levandowski") Redacted Interview Memorandum and Exhibits | *Adam Bentley; *Angela Padilla; *Cameron Poetzscher; Eric Tate; John Gardner; *Justin Suhr; *Nina Qi; *Salle Yoo | Potentially admissible under Fed. R. Evid. 801(d)(2)(C) as to Stroz's own statements, if Waymo lays appropriate foundation.<br>Not admissible under any other provision of Fed. R. Evid. 801.<br>Not admissible under any provision of Fed. R. Evid. 803.<br>Not admissible under any provision of Fed. R. Evid. 804.<br>Embedded hearsay inadmissible under Fed. R. Evid. 805.<br><br>Because inadmissible embedded hearsay pervades the document, making a limiting instruction ineffective and ensuring jury confusion and unfair prejudice to Uber, the document should not be admitted for its truth to any degree. Fed. R. Evid. 403.<br><br>Potentially admissible for a non-hearsay purpose as to Uber witnesses listed to the left. Witnesses marked with an asterisk received an identical document prior to the drafting of the Stroz Report, but never received the document as an Exhibit to the Report; questioning must be limited to avoid misleading the jury as to whether these witnesses ever received any of the Exhibts to the Report as such. Fed. R. Evid. 403. |
| TX-5215 Exhibit 6 | Lior Ron ("Ron") Redacted Interview Memorandum and Exhibits | *Adam Bentley; Eric Tate; John Gardner; *Justin Suhr; *Lior Ron | Potentially admissible under Fed. R. Evid. 801(d)(2)(C) as to Stroz's own statements, if Waymo lays appropriate foundation.<br>Not admissible under any other provision of Fed. R. Evid. 801.<br>Not admissible under any provision of Fed. R. Evid. 803.<br>Not admissible under any provision of Fed. R. Evid. 804.<br>Embedded hearsay inadmissible under Fed. R. Evid. 805.<br><br>Because inadmissible embedded hearsay pervades the document, making a limiting instruction ineffective and ensuring jury confusion and unfair prejudice to Uber, the document should not be admitted for its truth to any degree. Fed. R. Evid. 403.<br><br>Potentially admissible for a non-hearsay purpose as to Uber witnesses listed to the left. Witnesses marked with an asterisk received an identical document prior to the drafting of the Stroz Report, but never received the document as an Exhibit to the Report; questioning must be limited to avoid misleading the jury as to whether these witnesses ever received any of the Exhibts to the Report as such. Fed. R. Evid. 403. |
| TX-7418 Exhibit 15 | Last-Access Report re: Levandowski's Self-Identified Data | Eric Tate; John Gardner | Not admissible under any provision of Fed. R. Evid. 801.<br>Not admissible under any provision of Fed. R. Evid. 803.<br>Not admissible under any provision of Fed. R. Evid. 804.<br>Embedded hearsay inadmissible under Fed. R. Evid. 805.<br><br>Inadmissible for any non-hearsay purpose because Uber never received the document. Potentially admissible for a non-hearsay purpose as to Uber's outside counsel, but because the jury cannot be asked to speculate as to what advice Uber's attorneys may have provided, the risk of unfair prejudice substantially outweighs the negligible probative value and the document should be excluded. Fed. R. Evid. 403 |
| TX-7114 Exhibit 16 | Analysis Report of Last-Access Files from Levandowski's Self-Identified Data | Eric Tate; John Gardner | Not admissible under any provision of Fed. R. Evid. 801.<br>Not admissible under any provision of Fed. R. Evid. 803.<br>Not admissible under any provision of Fed. R. Evid. 804.<br>Embedded hearsay inadmissible under Fed. R. Evid. 805.<br><br>Inadmissible for any non-hearsay purpose because Uber never received the document. Potentially admissible for a non-hearsay purpose as to Uber's outside counsel, but because the jury cannot be asked to speculate as to what advice Uber's attorneys may have provided, the risk of unfair prejudice substantially outweighs the negligible probative value and the document should be excluded. Fed. R. Evid. 403. |
| TX-5101 Exhibit 17 | Levandowski Report of Preliminary Forensic Findings | Eric Tate; John Gardner | Potentially admissible under Fed. R. Evid. 801(d)(2)(C) as to Stroz's own statements, if Waymo lays appropriate foundation.<br>Not admissible under any provision of Fed. R. Evid. 801.<br>Not admissible under any provision of Fed. R. Evid. 803.<br>Not admissible under any provision of Fed. R. Evid. 804.<br>Embedded hearsay inadmissible under Fed. R. Evid. 805.<br><br>Inadmissible for any non-hearsay purpose because Uber never received the document. Potentially admissible for a non-hearsay purpose as to Uber's outside counsel, but because the jury cannot be asked to speculate as to what advice Uber's attorneys may have provided, the risk of unfair prejudice substantially outweighs the negligible probative value and the document should be excluded. Fed. R. Evid. 403 |

# APPENDIX A

| Document | Description | Pre-Litigation Recipient Witnesses | Admissibility |
|---|---|---|---|
| TX-5102 Exhibit 23 | Stroz Friedberg's Investigative Report re: Shred Works | Eric Tate; John Gardner | Potentially admissible under Fed. R. Evid. 801(d)(2)(C) as to Stroz's own statements, if Waymo lays appropriate foundation.<br>Not admissible under any provision of Fed. R. Evid. 801.<br>Not admissible under any provision of Fed. R. Evid. 803.<br>Not admissible under any provision of Fed. R. Evid. 804.<br>Embedded hearsay inadmissible under Fed. R. Evid. 805.<br><br>Inadmissible for any non-hearsay purpose because Uber never received the document. Potentially admissible for a non-hearsay purpose as to Uber's outside counsel, but because the jury cannot be asked to speculate as to what advice Uber's attorneys may have provided, the risk of unfair prejudice substantially outweighs the negligible probative value and the document should be excluded. Fed. R. Evid. 403. |