QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa J. Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>　　　　　Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S RESPONSE TO DEFENDANTS' BRIEF ON THE ADMISSIBILITY AND USE OF STROZ FRIEDBERG'S DUE DILIGENCE MATERIALS**<br><br>Judge:　　　Honorable William H. Alsup<br>Trial Date:　February 5, 2018 |

The Stroz Friedberg due diligence materials are, to use the Court's phrase, "crucial evidence at the heart of this case." (Dkt. 2493 [Order on MIL 18], at 2:20-21.) Defendants do not deny the significance this evidence. Instead, they seek to cherry-pick the Stroz evidence that they deem helpful, such as the engagement letter, protocols and side letters with Levandowski (Dkt. 2623 [Defendants Br.], at 4, n 3), while excluding for its truth the substance of the Stroz findings. These arguments are meritless.

**A.   The Stroz Report & Memoranda Exhibits (TX 7912, 7111, 5215, and 5102)**

1. <u>Stroz And The DEs Were Authorized To Make Statements On The Subjects Of The Stroz Investigation And Report</u>

The Stroz Report (TX 7912) and investigators' memoranda (TX 7111, 5215, and 5102) are not hearsay because Stroz, the Diligenced Employees ("DEs"), and other declarants were authorized by to make statements on the subjects of those documents.[1] Rule 801(d)(2)(C) (statements not hearsay where "made by a person whom the party authorized to make a statement on the subject.").

First, an investigative report prepared at the request of a party is not hearsay where the report is offered against that party. *Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292, 1306–07 (9th Cir. 1983) (outside report was not hearsay where it was prepared at the request of defendant's parent company, the author had access to company's books and records, and the report was circulated to officers and managers). Indeed, Defendants concede that Stroz's statements "might be admissible for their truth under Rule 801(d)(2)(C)." (Dkt. 2623 [Defendants Br.], at 3:10-11.) Correct: the record is replete with evidence that Stroz was and is authorized to make statements. (*See, e.g.,* TX 345 [Engagement Letter], at 5-7 (evidencing execution by both Defendants).) The Stroz Report reflects its findings. (TX 7912, at 5.) There can be no dispute that Stroz was "authorized to make a statement on the subject" of the Stroz Report; the Report and attached memoranda are, therefore, not hearsay. *See* Rule 801(d)(2)(C); *see also Marceau v. Int'll Broth. of*

---

[1] Defendants' Rule 403 arguments are similarly meritless. This Court has described evidence of "this whole elaborate contrived artifice called the due diligence investigation" as "part of the res gestae of the case" and made clear that "we cannot try this case without explaining the role of Stroz and the role of MoFo … The jury has to understand that … It may even be -- if it's not Exhibit A, it's Exhibit B…." (Dkt. _ [1/30 Hr'g Tr.], at 127:18-128:13.) None of the evidence Defendants complain of would be properly excluded under Rule 403.

*Elec. Workers*, 618 F. Supp. 2d 1127, 1142–43 (D. Ariz. 2009) (report not hearsay as investigator was "specifically authorized … to investigate the subject matter … then issue the Report").[2]

Second, Defendants' contention that the Report and memoranda contain hearsay within hearsay is simply wrong. Statements made by Levandowski, Ron, and the other DEs recounted in those documents are not hearsay because the DEs were senior Ottomotto personnel "specifically authorized" – indeed, incentivized – by Defendants to make statements on the subjects discussed in those documents. The same is true of statements by Uber personnel Kalanick, Poetzscher, and Qi: because they were specifically authorized to make statements regarding the Stroz investigation, and Uber's acquisition of Ottomotto, pursuant to their authority to negotiate the acquisition deal, their statements are not hearsay either. In short, Defendants point to no hearsay statements in TX 7912, 7111, 5215, and 5102; those exhibits are admissible for their truth under Fed. R . Evid. 801(d)(2)(C).[3]

### 2. Stroz Was Defendants' Agent; DEs Were Ottomotto Employees

TX 7912, 7111 and 5215 are also admissible as non-hearsay under Fed. R . Evid. 801(d)(2)(D), which provides that a statement is not hearsay if offered against a party and made by the party's "agent or employee on a matter within the scope of that relationship and while it existed." *Id.* Stroz was an agent of Defendants when it conducted its investigation and wrote the Report: for example, Stroz worked "under the direction and supervision" of Defendants' counsel. (TX 750 [Stroz Protocol].) The Report sets forth the results of the investigation Stroz was retained to conduct and is therefore within the scope of the agency relationship. It is not hearsay for this reason, too. Similarly, the DEs were employees of Ottomotto; their statements in TX 7912, TX 7111, and TX 5215 concerned "matters within the scope of that [employment] relationship." The statements (and

---

[2] Defendants' cited authority (Dkt. 2623, at 1:18-24) is inapposite, not one case concerned statements offered under Rule 801(d)(2)(C). *United States v. Reyes*, 239 F.R.D. 591, 599 (N.D. Cal. 2006) (motion to quash subpoena, not admit evidence); *Golden v. World Sec. Bureau, Inc.*, 988 F. Supp. 2d 850, 858 (N.D. Ill. 2013) (business records); *see also Hook v. Regents of Univ. of California*, 394 F. App'x 522, 531 n.6 (10th Cir. 2010) (transcripts and notes not business records).

[3] The same is true of the statements by Shred Works employees in TX 5102: they employees were specifically authorized by Stroz (Defendants' agent) to speak on the topics addressed. Even if that were not the case, the statements would be admissible as not offered for their truth but, rather, for the effect of those statements on Stroz and Defendants.

those statements of Uber employees also included) are not hearsay either.[4]

### 3. Defendants Adopted The Stroz Report And Its Exhibits

The Stroz Report and memoranda are also not hearsay because they were adopted by Defendants. Rule 801(d)(2)(B); *Transbay Auto Serv., Inc. v. Chevron USA Inc.*, 807 F.3d 1113, 1121-22 (9th Cir. 2015) (third-party appraisal not hearsay where it was adopted by party who used it in the hope of securing a loan). A party who "is only vaguely aware of the contents of a document manifests an intent to adopt these contents by using the document to accomplish an objective or by acting in conformity with the document." *Id*. at 1120. Defendants adopted the Report and its exhibits "to accomplish an objective"—either they relied on the Stroz process, as they contend, or they used it as a fig leaf to cover-up their trade secret misappropriation. They should not be able to prevent the documents' admission for their truth by disclaiming adoption.

### B. Fulginiti Interview Notes

Defendants' contention that Rules 802 and 805 preclude the admissibility of TX 8854, 8855, 8857 and 8858 (the "Fulginiti Notes") is equally meritless. These documents are handwritten or hand-typed notes of the Stroz investigator's interviews with Anthony Levandowski that were created as the interview was taking place, or shortly thereafter. They are therefore present sense impressions admissible under Rule 803(1). *See, e.g., Cargill, Inc. v. Boag Cold Storage Warehouse, Inc.*, 71 F.3d 545, 555 (6th Cir. 1995) (investigator's notes admissible where he typed up notes shortly after conducting interviews there was no indication that he changed the notes in any way as he did so). Defendants' contention that the notes were taken "at different points of time, sometimes by different authors" is misleading: when deposed, the notes' authors explained that the notes were

---

[4] Defendants' argument that statements by the DEs cannot be considered admissions under 801(d)(2)(D) because "Waymo previously took the position" that Levandowski communicated with Stroz in his individual capacity is misleading, misstates the record and rulings of this Court and, in any event, is entirely beside the point. Whether Levandowski was acting in his personal or corporate capacity was not at issue in the parties' briefing on the privilege issues because Uber never contended that Levandowski was acting in a corporate capacity. This Court recognized as much in rejecting Defendants' Objections to Judge Corley's ruling. (Dkt. 685). Thus, there is no inconsistency between this Court's rejection of Uber's privilege claims, and a finding that Levandowski's statements were admissions of a party opponent.

taken at, or immediately after, Stroz's interview, the circumstances in which the notes were prepared and the different markings.[5] Both authors will testify (Fulginiti by deposition). Further, there are no "embedded hearsay problems": as described above, none of the DE statements contained in those notes are hearsay and, even if they were, the statements would be admissible under Rules 804.

### C. Computer Generated Data Is Not Hearsay

TX 5101 and 7418 are admissible business records. Defendants admit that both exhibits are computer generated data. (Dkt. 2623, at 4:18-26.)[6] It is black letter law that such automatically-generated data is not hearsay because a machine is not a declarant. *See*, *e.g.*, *U.S.A. v. Welton*, 2009 WL 10680850, at *3–4 (C.D. Cal. 2009) (mechanical traces, not hearsay, as there is no human declarant); *Hawkins v. Cavalli*, 2006 WL 2724145, *12 (N.D. Cal. 2006) (same).[7]

### D. Even If It Was Hearsay, This Evidence Should Still Be Admitted For Its Truth
#### 1. Levandowski's Statements Are Admissible Under Rule 804

Even if, *arguendo*, the Levandowski statements were hearsay, they would still be admissible because Levandowski invoked the Fifth Amendment so is legally unavailable. *See Kennedy v. Knowles*, 558 F. Supp. 2d 960, 968 (N.D. Cal. 2008) ("Assertion of the Fifth Amendment privilege against self-incrimination … constitutes unavailability…."); *U.S. v. Holland*, 880 F.2d 1091, 1093 (9th Cir. 1989) (same *citing* Rule 804(a)(1)). Levandowski repeatedly refused to answer questions about his conduct and the Stroz investigation when deposed in this case. (*See, e.g.,* Levandowski 10/22 Tr., at 333:17-334:19 (refusing to answer questions regarding the missing Drobo disks). He is therefore unavailable for purposes of Rule 804.

---

[5] Defendants' professed concern that the current versions of the exhibits are black and white vendor scans (Dkt. 2623, at 4:10-13) of identical color documents can be easily overcome by either substituting color copies or publishing color versions to the jury.

[6] Defendants do not reference TX 7114 in their brief. TX 7114 is an annotated computer-generated spreadsheet. The computer generated data is not hearsay for the same reasons as TX 5101 and 7418; the Stroz annotations are not hearsay for the reasons as TX 7111, 5215, and 5102.

[7] Defendants' attempt to characterize these documents as "forensic findings" is also a mishit: forensic reports are business records and, therefore, admissible under Rule 803(6). *Sec. & Exch. Comm'n v. Yin Nan Michael Wang*, 2015 WL 12656906, at *6 (C.D. Cal. Aug. 18, 2015) (financial forensic report qualified as a business record).

A statement is "against interest" where "a reasonable person in the declarant's position would have made [it] only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency … to expose the declarant to civil or criminal liability." F.R.E. 804(b)(3)(a). A statement is against interest, "when it threatens the loss of employment, or reduces the chances for future employment, or entails possible civil liability." *County of Stanislaus v. Travelers Indem. Co.*, 142 F.Supp.3d 1065, 1076–77 (E.D. Cal. 2015) (citation omitted). Levandowski's statements to Stroz that he had proprietary Google information were against his interests, including because they gave rise to potential civil and criminal liability and could have materially impacted Uber's then-potential indemnification promise or jeopardized the closing of Uber's Ottomotto acquisition. The statements are therefore admissible.

### 2. Other Statements Are Admissible Under Rule 807

Even if the challenged exhibits did contain other hearsay—they do not—all of this evidence is admissible under Rule 807. The challenged evidence "bears circumstantial guarantees of trustworthiness." S.*E.C. v. Daifotis*, 874 F. Supp. 2d 870, 878 (N.D. Cal. 2012). The Report and its exhibits were prepared by a forensic team with every "motivation to be truthful[.]" *See id.* The evidence is offered in furtherance of material facts at the heart of this dispute, including Defendants' knowledge that Levandowski possessed proprietary Google information. The evidence is more probative of the truth regarding the Stroz investigation and findings than other evidence. It also provides information not available elsewhere; the Fulginiti Notes evidence that Levandowski owned *three*, not one, Drobo device—two of which were never turned over to Stroz. (*See* TX 8855 at 7.) Finally, admission of the evidence will serve the interest of justice because Waymo should be permitted to presenting its case based on the Stroz evidence, especially where Defendants' opening made clear they intend to introduce misleading evidence and rely on the Stroz investigation for their own ends. (1/6 Hr'g Tr., at 269:25-270:8) Admitting the challenged evidence furthers the federal rules' paramount goal of making relevant evidence admissible. *See F.T.C. v. Figgie Int'l, Inc.*, 994 F.2d 595, 609 (9th Cir. 1993)). It is admissible for its truth under Rule 807.[8]

---

[8] All of the evidence is admissible as non-hearsay evidence presented other than for its truth.

| | |
|---|---|
| DATED: February 6, 2018 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By */s/ Charles K. Verhoeven* <br> Charles K. Verhoeven <br> Attorneys for WAYMO LLC |