QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa J. Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S RESPONSE TO DEFENDANTS' BRIEF ON BILL GURLEY'S TRIAL TESTIMONY**<br><br>Judge:         Honorable William H. Alsup<br>Trial Date:   February 5, 2018 |

Uber's "Brief in Support of Precluding Waymo from Soliciting Speculative, Irrelevant, and Prejudicial Opinion Testimony from Former Uber Board Member Bill Gurley" imposes unnecessary burdens on this Court and Waymo during trial. As Waymo told Uber in a meet and confer held on February 4, Waymo intends to fully comply with the Court's in limine ruling regarding Mr. Gurley. Uber's other arguments are either moot or irrelevant and, therefore, should be rejected.

I. **WAYMO WILL COMPLY WITH THE COURT'S RULINGS REGARDING MR. GURLEY'S TRIAL TESTIMONY.**

In Uber's brief regarding Mr. Gurley's testimony, Uber cites to a number of questions that Waymo posed during Mr. Gurley's deposition. (Dkt. 2625 at 2:1-4:2.) Uber claims that these questions evince Waymo's intent to ask Mr. Gurley improper questions at trial. But Mr. Gurley's deposition was taken by Waymo on August 25, 2017, and the Court did not rule on Uber's Motion in Limine 22 until September 28, 2017 – over one month later. As such, Waymo deposed Mr. Gurley before it was aware of the Court's stance on Uber's Motion in Limine 22. Waymo has no intention of questioning Mr. Gurley on areas precluded by the Court's ruling.

Uber also argues that Waymo's trial witness list suggests Waymo intends to ask improper questions of Mr. Gurley. (Dkt. 2625 at 4:3-11.) Not so. First, as Waymo explained on the February 4 meet and confer – but not mentioned anywhere in Uber's brief – Waymo had not intended to include the reference to Benchmark's fraud and breach of fiduciary claims. That language was an inadvertent carryover from earlier versions of the witness list that had pre-dated the Court's ruling on Motion in Limine 22. Second, although not expressly prohibited by the Court's rulings, Waymo does not intend to question Mr. Gurley about his receipt of the Stroz Report.

II. **UBER'S ARGUMENT REGARDING FED. R. EVID. 602 IS MOOT.**

Uber argues that the Court properly applied Fed. R. Evid. 602 when it prohibited Waymo from asking Mr. Gurley about questions not within Mr. Gurley's "percipient knowledge." (Dkt. 2625 at 4:12–5:27.) Uber is correct that the Court ruled Mr. Gurley "may not speculate about matters outside of his percipient knowledge." (Dkt. 1885 at 4:7-9.) However, this point does not warrant two pages in a brief that already rehashes irrelevant and moot arguments. Rule 602 applies to **all** witness testimony. With respect to Mr. Gurley, Waymo does not intend to ask about matters that are outside his personal

knowledge.

### III. UBER'S ARGUMENT REGARDING FED. R. EVID. 701 IS SIMILARLY IRRELEVANT.

Uber argues that any opinion testimony by Mr. Gurley should be excluded under Fed. R. Evid. 701 because his opinions will not be "helpful to clearly understanding the witness's testimony or to determining a fact in issue." (Dkt. 2625 at 6:8-10.) Uber speculates that opinion testimony from Mr. Gurley would somehow transmogrify him into "an eleventh juror[.]" (Dkt. 2625 at 6:15-16.) Uber's conclusory prophecy is unsupported by logic or fact. If Uber believes that any questions to Mr. Gurley are improper, it can simply object to those questions when Mr. Gurley is on the witness stand.

Uber also argues that Mr. Gurley's "opinions are inadmissible" because Waymo failed to disclose Mr. Gurley's opinion testimony before trial. In so doing, Uber cites to a hearing held on July 26, 2017, where the Court said that "if it's a present day new opinion that's not part of the fact pattern, you better disclose it. If it's part of the historical story . . . okay, then you can take a chance on it, and it probably will be allowed without disclosure[.]" (Dkt. 1050 at 132:19-25.) In response, Waymo can only say that it has no "present day new opinions" to disclose with regard to Mr. Gurley. As such, this objection too is moot.

### IV. CONCLUSION

For the reasons explained above, Uber's brief regarding Mr. Gurley is unnecessary and wasteful of this Court's and Waymo's resources. To the extent the Court wishes to entertain Uber's request for relief, it should be denied.

DATED: February 6, 2018                     QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
   Charles K. Verhoeven
   Attorneys for WAYMO LLC