QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS NOTICE OF SUBMISSION OF INTERROGATORY DESIGNATIONS PACKETS** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff Waymo LLC ("Waymo") respectfully requests to file under seal portions of its Notice of Submission of Interrogatory Responses. Specifically, Waymo requests an order granting leave to file under seal the portions of the documents as listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Appendix A | Entire Document | Defendants |

## I.  LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*  In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II.  THE COURT SHOULD SEAL WAYMO'S CONFIDENTIAL INFORMATION

The Court should seal the documents identified by Waymo in the table above.  Waymo seeks to file this information under seal because it discloses Waymo's trade secrets.  *See* Declaration of Felipe Corredor ("Corredor Decl.") ¶¶ 3-5.  Courts have determined that trade secret information merits sealing.  *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013) (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets").  Confidential business information that, if released, may "harm a litigant's competitive standing" also merits sealing.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978).  Waymo seeks to seal trade secrets that fit squarely within these categories.  Corredor Decl. ¶¶ 3-5.  Waymo maintains this information as a trade secret (*see* Dkt. 25-31) and ensures the information

remains secret with strict secrecy and security protocols (*see* Dkt. 25-47; Dkt. 25-49.). *See* Corredor Decl. ¶ 4. Waymo has narrowly tailored its requests to only information meriting sealing. *Id.* ¶ 5. In fact, both *Music Group* and *Brocade* found the confidential information at issue in those cases met the heightened "compelling reasons" standard for sealing. *Music Grp.*, 2015 WL 3993147, at *1; *Brocade*, 2013 WL 211115, at *1, *3. The information that Waymo seeks to seal, therefore, also meets this heightened standard. The disclosure of Waymo's trade secret information would harm Waymo. Corredor Decl. ¶ 4. Moreover, the scope of information that Waymo is seeking to seal is consistent with other administrative motions to seal that have already been granted by the Court in this case. (*See, e.g.*, Dkt. 416, 414, 406, 393, 392.) Thus, the Court should grant Waymo's administrative motion to seal.

### III. DEFENDANTS' CONFIDENTIAL INFORMATION

Waymo only seeks to seal the documents identified as designated by Defendants in the table above because Waymo believes such information is considered confidential or non-public by Defendants. Corredor Decl. ¶ 6. Waymo takes no position as to the merits of sealing any of designated material, and expects Defendants to file declarations in accordance with the Local Rules.

### IV. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion. For the foregoing reasons, Waymo respectfully requests that the Court grant Waymo's administrative motion to file under seal.

DATED: February 7, 2018                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles Verhoeven*
Charles Verhoeven
Attorneys for WAYMO LLC

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
John Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF FELIPE CORREDOR IN SUPPORT OF PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS NOTICE OF SUBMISSION OF INTERROGATORY RESPONSES** |

1  I, Felipe Corredor, declare as follows:

2      1.     I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

    2.     I make this declaration in support of Waymo's Administrative Motion to File Under Seal Portions of Its Notice of Submission of Interrogatory Responses, filed concurrently herewith (the "Administrative Motion"). The Administrative Motion seeks an order sealing the following materials filed concurrently herewith:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Appendix A | Entire Document | Waymo; Defendants |

    3.     Specifically, the documents identified in the table above as designated by Waymo contain or refer to trade secret information, which Waymo seeks to seal.

    4.     The documents identified in the table above contain, reference, and/or describe Waymo's trade secrets. The information Waymo seeks to seal includes the confidential design and functionality of Waymo's proprietary autonomous vehicle system, including its technical specifications and/or LiDAR designs, which Waymo maintains as secret. I understand that these trade secrets are maintained as secret by Waymo (Dkt. 25-47) and that the trade secrets are valuable to Waymo's business (Dkt. 25-31). The public disclosure of this information would give Waymo's competitors access to descriptions of the functionality or features of Waymo's autonomous vehicle system. If such information were made public, I understand that Waymo's competitive standing would be significantly harmed.

    5.     Waymo's request to seal is narrowly tailored to those portions of Appendix A that merit sealing.

    6.     Waymo only seeks to seal the documents identified in the table above as designated by Defendants because Waymo believes such information is considered confidential or non-public by Defendants.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on February 7, 2018.

By <u>*/s/ Felipe Corredor*</u>
Felipe Corredor
Attorneys for WAYMO LLC

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Felipe Corredor.

<u>*/s/ Charles K. Verhoeven*</u>
Charles K. Verhoeven

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

WAYMO LLC,

        Plaintiff,

  vs.

UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,

        Defendants.

CASE NO. 3:17-cv-00939-WHA

**[PROPOSED] ORDER GRANTING PLAINTIFF WAYMO LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS NOTICE OF SUBMISSION OF INTERROGATORY RESPONSES**

1    Plaintiff Waymo LLC ("Waymo") has filed an Administrative Motion to File Under Seal
2 Portions of Its Notice of Submission of Interrogatory Responses ("Administrative Motion").
3    Having considered the Administrative Motion, and good cause to seal having been shown,
4 the Court **GRANTS** Waymo's Administrative Motion and **ORDERS** sealed the documents listed
5 below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Appendix A | Entire Document | Defendants |

**IT IS SO ORDERED.**

Dated: _____, 2018

HON. WILLIAM ALSUP
United States District Judge