QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>      vs.<br><br>UBER TECHNOLOGIES, INC.;<br>OTTOMOTTO LLC; OTTO TRUCKING<br>LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF FELIPE<br>CORREDOR IN SUPPORT OF<br>PLAINTIFF WAYMO LLC'S<br>COMPREHENSIVE ADMINISTRATIVE<br>MOTION TO FILE UNDER SEAL AND<br>DEFENDANTS UBER TECHNOLOGIES,<br>INC., OTTOMOTTO LLC, AND OTTO<br>TRUCKING LLC'S COMPREHENSIVE<br>ADMINISTRATIVE MOTION TO FILE<br>UNDER SEAL** |

I, Felipe Corredor, declare as follows:

1.     I am an attorney licensed to practice in the State of California and am admitted to practice before this Court.  I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Waymo LLC ("Waymo").  I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2.     I make this declaration in support of Waymo's Comprehensive Administrative Motion to File Under Seal (Dkt. 2664) and Defendants' Comprehensive Administrative Motion to File Under Seal (Dkt. 2663) (together, the "Comprehensive Administrative Motions").  The Comprehensive Administrative Motions seek orders sealing the materials identified in the charts included in the Comprehensive Administrative Motions.

## Legal Standard

3.     Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*

4.     In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).  Federal Rule of Civil Procedure 26(c) provides in relevant part that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure . . . ; . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed . . . ."  Fed. R. Civ. P. 26(c)(1) (emphases added).

5.     In the context of dispositive motions, materials may be sealed only if the party seeking sealing demonstrates "compelling reasons" to keep the material sealed.  *Kamakana*, 447 F.3d at 1178.  Material should be sealed under the heightened "compelling reasons" standard to prevent "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade

secrets," *id.*, as well as to prevent court records from becoming "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978).

### Waymo's Confidential Information Should Remain Sealed

6.      The documents or portions thereof identified in the charts included in the Comprehensive Administrative Motions contain or refer to information that Waymo believes remains sealable under the applicable legal standards.

7.      Each document or portions thereof identified in the charts included in the Comprehensive Administrative Motions has been carefully reviewed in light of the information that has already become public over the course of this litigation via court filings, orders, public hearings, media publications, at trial, and otherwise.  Based on that review, Waymo's requests to seal in the Comprehensive Administrative Motions are generally more narrowly tailored than its prior requests to seal in individual administrative motions to file under seal and supporting declarations filed throughout this case in order to omit any information that has become public over the course of this litigation.  This review and further narrow tailoring was undertaken in order to comply with this Court's Civil Local Rule 79-5(b) and its Order Denying Administrative Motions to File Under Seal (Dkt. 2653) (the "Sealing Order").

8.      As part of this process, multiple documents reflecting the same information have been grouped together in the charts as contemplated in the Sealing Order.  These groups of documents are identified in the charts by citations to a common paragraph in this comprehensive supporting declaration.  The sections that follow explain why the information underlying each group of documents or portions thereof sought to be sealed remains sealable.

### Waymo's Trade Secrets Should Remain Sealed

9.      Under both the "good cause" standard and the heightened "compelling reasons" standard, courts have determined that trade secret information merits sealing.  *See, e.g.*, *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013); *see also* Fed. R. Civ. P.

26(c)(1)(G) (courts may issue orders "requiring that a trade secret . . . not be revealed").  Indeed, California's Uniform Trade Secrets Act provides in relevant part that, "[i]n an action under this title, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."  Cal. Civ. Code § 3426.5.  Without sealing, trade secrets would be destroyed through publication.  Accordingly, courts regularly grant sealing of asserted trade secrets, even over objections from defendants.  *See, e.g.*, *Fortinet, Inc. v. Sophos, Inc.*, No. 13-cv-5831, 2015 U.S. Dist. LEXIS 151930, at *6-7 (granting sealing motion, noting that "the Court is not in a position to make this judgment at this time").

10.     Documents or portions thereof identified in the charts included in the Comprehensive Administrative Motions with a supporting citation to this paragraph remain sealable because they contain, reference, and/or describe Waymo's asserted LiDAR trade secrets, including as misappropriated by Defendants, or information that, from context, tends to disclose Waymo's asserted LiDAR trade secrets.  I understand that these trade secrets are maintained as secret by Waymo (Dkt. 25-47) and that the trade secrets are valuable to Waymo's business (Dkt. 25-31), as reflected by the value of the settlement in this case.  The information Waymo seeks to seal includes the confidential design and functionality of Waymo's proprietary LiDARs for its autonomous vehicle system and specifically LiDAR designs, specifications, and suppliers, which Waymo maintains as secret.  The public disclosure of this information would destroy Waymo's trade secrets and give Waymo's competitors access to descriptions of the functionality and features of Waymo's proprietary LiDARs. With that information, Waymo's competitors would obtain the ability to short-circuit the normal development process by availing themselves of the fruits of Waymo's research and development efforts while avoiding the significant time and expense of undertaking their own research and development.  Accordingly, if such information were made public, Waymo's competitive standing would be significantly harmed.  Such information remained sealed during the pendency of this case, including at trial, where it was only discussed (if at all) in sealed sessions.  Sealing of this type of trade secret information is thus justified under either the "good cause" or "compelling reasons" standard, and this Court has previously granted sealing of this type of information.  (*See, e.g.*, Dkt. 393 at 1-2; Dkt. 400 at 1; Dkt. 406 at 1-2; Dkt. 412 at 2; Dkt. 414 at 2; Dkt. 416 at 1-2; Dkt. 889 at 2;

1   Dkt. 994 at 3; Dkt. 1076 at 1; Dkt. 1077 at 2; Dkt. 2326 at 2; Dkt. 2389 at 1; Dkt. 2393 at 2; Dkt. 2394

2   at 2.)  For example, this Court has previously sealed Dkt. 933-5 (previously filed under seal as Dkt.

3   946-3, granted sealing at Dkt. 1077 at 2); Dkt. 1107-7 (previously filed as Dkt. 946-5, granted sealing

4   at Dkt. 1077 at 2); and Dkt. 2252-3 (previously sealed as Dkt. 2318-1, sealing granted at Dkt. 2389 at

5   2).

6       11.     Documents or portions thereof identified in the charts included in the Comprehensive

7   Administrative Motions with a supporting citation to this paragraph remain sealable because they

8   contain, reference, and/or describe Waymo's asserted software trade secrets, including as

9   misappropriated by Defendants, or information that, from context, tends to disclose Waymo's asserted

10  software trade secrets.  I understand that these trade secrets are maintained as secret by Waymo (Dkt.

11  25-47) and that these trade secrets are valuable to Waymo's business (Dkt. 25-31), as reflected by the

12  value of the settlement in this case.  The information Waymo seeks to seal includes the confidential

13  design and functionality of Waymo's proprietary autonomous vehicle system and specifically its

14  source code, algorithms, software modules, and code repository locations, which Waymo maintains as

15  secret.  The public disclosure of this information would destroy Waymo's trade secrets and give

16  Waymo's competitors access to descriptions of the functionality or features of Waymo's proprietary

17  software.  With that information, Waymo's competitors would obtain the ability to short-circuit the

18  normal development process by availing themselves of the fruits of Waymo's research and

19  development efforts while avoiding the significant time and expense of undertaking their own research

20  and development.  Accordingly, if this information were made public, Waymo's competitive standing

21  would be significantly harmed.  Such information remained sealed during the pendency of this case.

22  Sealing of this type of trade secret information is thus justified under either the "good cause" or

23  "compelling reasons" standard, and this Court has previously granted sealing of this type of

24  information. (*See, e.g.*, Dkt. 2393 at 6.)  For example, the Court has previously granted sealing of

25  Dkt. 2037-7 (previously filed under seal as Dkt. 1089-12, granted sealing at Dkt. 2393 at 6).

26      12.     Documents or portions thereof identified in the charts included in the Comprehensive

27  Administrative Motions with a supporting citation to this paragraph remain sealable because they

28  contain, reference, and/or describe Waymo's Trade Secret No. 85.  I understand that these trade

secrets are maintained as secret by Waymo (Dkt. 25-47) and that the trade secrets are valuable to Waymo's business (Dkt. 25-31).  The information Waymo seeks to seal includes proprietary information gathered from technical leads across the entire self-driving program, including descriptions and names of software, company goals for its technical development, specific technical design goals, and identification of risks.  The public disclosure of this information would destroy Waymo's trade secrets and give Waymo's competitors access to in-depth descriptions and analysis of the research and development of all aspects of Waymo's autonomous vehicle system.  With that information, Waymo's competitors would obtain the ability to short-circuit the normal development process by availing themselves of the fruits of Waymo's research and development efforts while avoiding the significant time and expense of undertaking their own research and development.  Accordingly, if such information were made public, Waymo's competitive standing would be significantly harmed.  Such information remained sealed during the pendency of this case.  Sealing of this type of trade secret information is thus justified under either the "good cause" or "compelling reasons" standard, and this Court has previously granted sealing of this type of information.  (*See, e.g.*, Dkt. 889 at 2; Dkt. 912 at 1; Dkt. 1075 at 2; Dkt. 1077 at 2.)  For example, the Court has previously granted sealing of Dkt. 929-5/1603-11 (previously filed under seal as Dkt. 748-3, granted sealing at Dkt. 1075 at 2).

**Waymo's Confidential Business Information Should Remain Sealed**

13.     Confidential business information that, if released, may "harm a litigant's competitive standing" also merits sealing.  *See Nixon,* 435 U.S. at 598-99.  In particular, disclosure of detailed confidential business information would result in significant competitive harm and therefore justifies sealing under either the "good cause" or "compelling reasons" standard.  *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1223-26 (Fed. Cir. 2013) (reversing district court's refusal to seal the parties' confidential financial information under either standard).

14.     Documents or portions thereof identified in the charts included in the Comprehensive Administrative Motions with a supporting citation to this paragraph remain sealable because they contain, reference, and/or describe Waymo's highly confidential and sensitive business information.  The information Waymo seeks to seal includes financial valuations and forecasts, as well as details

regarding actual or potential compensation, acquisition, and investment arrangements.  I understand that this confidential business information is maintained by Waymo as secret.  The public disclosure of such detailed confidential business information would enable competitors to unfairly tailor their business strategies (including their own compensation, acquisition, and investment initiatives) based on Waymo's confidential detailed financial-, compensation-, acquisition-, and investment-related information, which would cause Waymo significant competitive harm.  Accordingly, if such information were made public, Waymo's competitive standing would be significantly harmed.  Though Waymo witnesses publicly testified at trial regarding some aspects of Waymo's business, Waymo seeks only to seal information that was not publicly disclosed during the pendency of this case.  (*See supra* ¶ 7.)  Sealing of this type of detailed confidential business information is thus justified under either the "good cause" or "compelling reasons" standard, and this Court has previously granted sealing of this type of information.  (*See, e.g.*, Dkt. 2237 at 2-3; Dkt. 2326 at 5; Dkt. 2389 at 2-3; Dkt. 2393 at 2, 4, 6; Dkt. 2394 at 2.)  For example, the Court has previously granted sealing of Dkt. 917-5/1336-10/1544-11/2045-6/2527-5 (previously filed under seal as Dkt. 280-7 and Dkt. 684-8, granted sealing at Dkt. 417 at 1 and Dkt. 889 at 2); Dkt. 1563-2 (previously filed under seal as Dkt. 1089-6, granted sealing at Dkt. 2393 at 5); Dkt. 1563-3 (previously filed under seal as Dkt. 1089-8, granted sealing at Dkt. 2393 at 5); Dkt. 1563-16 (previously filed under seal as Dkt. 1278-20, granted sealing at Dkt. 2237 at 2); Dkt. 2543-2 (previously filed under seal as Dkt. 1278-19, granted sealing at Dkt. 2237 at 2); Dkt. 1563-19 (previously filed under seal as Dkt. 1089-14, granted sealing at Dkt. 2393 at 6); Dkt. 1563-13 (previously filed under seal as Dkt. 2318-5, granted sealing at Dkt. 2389 at 2-3).

15.     Documents or portions thereof identified in the charts included in the Comprehensive Administrative Motions with a supporting citation to this paragraph remain sealable because they contain, reference, and/or describe Waymo's highly confidential and sensitive business information.  The information Waymo seeks to seal regards the details of confidential analyses of Waymo's business and competition, as well as details of its market and partnership strategies.  I understand that this confidential business information is maintained by Waymo as secret.  The public disclosure of such detailed confidential business information would enable competitors to unfairly tailor their

1    business strategies (including their own approaches to the nascent self-driving market and to actual or

2    potential partners and competitors in that market) based on Waymo's in-depth descriptions—and

3    analyses—of Waymo's business strategy for its autonomous vehicle system.  Accordingly, if such

4    information were made public, Waymo's competitive standing would be significantly harmed.

5    Though Waymo witnesses publicly testified at trial regarding some aspects of Waymo's business,

6    Waymo seeks only to seal information that was not publicly disclosed during the pendency of this

7    case.  (*See supra* ¶ 7.)  Sealing of this type of detailed confidential business information is thus

8    justified under either the "good cause" or "compelling reasons" standard, and this Court has

9    previously granted sealing of this type of information.  (*See, e.g.*, Dkt. 417 at 1; Dkt. 889 at 2; Dkt.

10   912 at 1; Dkt. 1075 at 2; Dkt. 1077 at 2; Dkt. 2237 at 2, 4; Dkt. 2389 at 2-3; Dkt. 2393 at 2-3.)  For

11   example, the Court has previously granted sealing of Dkt. 917-5/1336-10/1544-11/2045-6/2527-5

12   (previously filed under seal as Dkt. 280-7 and Dkt. 684-8, granted sealing at Dkt. 417 at 1 and Dkt.

13   889 at 2); Dkt. 2543-2 (previously filed under seal as Dkt. 1278-19, granted sealing at Dkt. 2237 at 2).

14          16.     Documents or portions thereof identified in the charts included in the Comprehensive

15   Administrative Motions with a supporting citation to this paragraph remain sealable because they

16   contain, reference, and/or describe Waymo and Google's highly confidential and sensitive business

17   information.  The information Waymo seeks to seal regards the details regarding the behavior of

18   customers of Google's business and specifically its G Suite line of products.  I understand that this

19   confidential business information is maintained by Waymo and Google as secret.  The public

20   disclosure of such detailed confidential business information would enable competitors to unfairly

21   tailor their business strategies based on knowledge about Google's confidential customer statistics.

22   Accordingly, if such information were made public, Google's competitive standing would be

23   significantly harmed.  Such information remained sealed during the pendency of this case.  Sealing of

24   this type of detailed confidential business information is thus justified under either the "good cause" or

25   "compelling reasons" standard.

26          **Waymo's Confidential Security-Related Information Should Remain Sealed**

27          17.     Courts have also found that confidential security-related information merits sealing

28   under either the "good cause" or "compelling reasons" standards.  *See, e.g.*, *Bell v. Home Depot*

*U.S.A., Inc.*, No. 2:12-cv-2499, 2015 WL 6082460, at *2 (E.D. Cal. Oct. 15, 2015) (granting sealing of security standard operating procedures containing Home Depot's security protocols); *In re Google Inc. Gmail Litig.*, 13-MD-2430, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013) (granting sealing of "information that if made public Google contends could lead to a breach in the security of the Gmail system").

18.     Documents or portions thereof identified in the charts included in the Comprehensive Administrative Motions with a supporting citation to this paragraph remain sealable because they contain, reference, and/or describe Waymo and related corporate entity Google LLC's ("Google") highly confidential and sensitive business information.  The information Waymo seeks to seal includes details regarding Waymo and Google's security and security investigation measures, protocols, and policies, as well as web and IP addresses, data center locations, and detailed computer forensics methods and techniques.  I understand that Waymo and Google maintain this information as confidential.  The public disclosure of this information would cause significant competitive harm to Waymo and Google, as their security measures, methods, and techniques would become known to competitors and/or to malicious bad actors who could use such information to Waymo and Google's disadvantage.  Accordingly, if such information were made public, Waymo and Google's competitive standing would be significantly harmed.  Though Waymo and Google witnesses publicly testified at trial regarding some aspects of Waymo and Google's security measures and investigations, Waymo seeks only to seal information that is more detailed or more up-to-date than what was publicly disclosed during the pendency of this case.  (*See supra* ¶ 7.)  Sealing of this type of detailed confidential security-related information is thus justified under either the "good cause" or "compelling reasons" standard, and this Court has previously granted sealing of this type of information.  (*See, e.g.*, Dkt. 67 at 2; Dkt. 1444 at 1; Dkt. 2237 at 4; Dkt. 2326 at 5-6.)  For example, the Court has previously granted sealing of Dkt. 1226-6 (previously filed under seal at Dkt. 1161-15, granted sealing at Dkt. 2326 at 5); Dkt. 1618-10/2140-6 (previously filed under seal as Dkt. 1161-16 and Dkt. 1367-13, granted sealing at Dkt. 2237 at 4 and Dkt. 2326 at 5); Dkt. 1524-25/1585-26/1609-7 (previously filed under seal as Dkt. 25-47, granted sealing at Dkt. 67 at 2).

**Waymo's Detailed Human Resources-Related Information Should Remain Sealed**

19.    Courts have also found that confidential human resources-related information merits sealing under either the "good cause" or "compelling reasons" standards.  *See, e.g.*, *Hill v. Xerox Corp.*, No. C12-717,2014 WL 1356212, at *1 (W.D. Wash. Apr. 7, 2014) (granting sealing of "detailed information regarding [Xerox's] employee-compensation plan"); *Seals v. Mitchell*, No. CV 04-3764, 2011 WL 1233650, at *3 (N.D. Cal. Mar. 30, 2011) (granting sealing of "employment records, personnel records, and specific instances of past [employee] conduct").

20.    Documents or portions thereof identified in the charts included in the Comprehensive Administrative Motions with a supporting citation to this paragraph remain sealable because they contain, reference, and/or describe Waymo's confidential business information in the form of detailed human resource records reflecting confidential employee salary information, details regarding employee retention, promotion, and remediation initiatives, and confidential human resources policies. I understand that this confidential business information is maintained by Waymo as secret.  The public disclosure of such detailed human resources information would enable competitors to unfairly tailor their recruiting strategies based on Waymo's confidential business information.  Accordingly, if such information were made public, Waymo's competitive standing would be significantly harmed.  The disclosure of such information regarding specific Waymo employees and former employees would also cause those individuals substantial harm due to the high public profile of this litigation.  Such detailed information remained sealed during the pendency of this case, including at trial.  Sealing of this type of confidential human resources-related information is thus justified under either the "good cause" or "compelling reasons" standard, and this Court has previously granted sealing of this type of information. (*See, e.g.*, Dkt. 2389 at 1-2; Dkt. 2393 at 5-6.)  For example, the Court has previously granted sealing of Dkt. 2037-7 (previously filed under seal as  1089-12, granted sealing at Dkt. 2393 at 6).

**Waymo's Confidential and Privileged Attorney Advice Should Remain Sealed**

21.    Materials that "have traditionally been kept secret for important policy reasons," including "[a]ttorney-client privileged materials," merit sealing.  *See Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012).  Courts have therefore found that confidential and privileged attorney advice

1   merits sealing under the heightened "compelling reasons" standard.  *See, e.g.*, *Williams & Cochrane,*

2   *LLP v. Quechan Tribe of the Fort Yuma Indian Reservation*, No. 3:17-cv-1436, 2017 WL 7362744

3   (S.D. Cal. Nov. 7, 2017) (granting sealing of attorney-client communications and attorney work

4   product); *Hanson v. Wells Fargo Home Mortgage, Inc.*, No. , 2013 WL 5674997, at *1 (W.D. Wash.

5   Oct. 17, 2013) (same).

6         22.      Documents or portions thereof identified in the charts included in the Comprehensive

7   Administrative Motions with a supporting citation to this paragraph remain sealable because they

8   contain, reference, and/or describe Waymo and Google's confidential attorney advice. The

9   information Waymo seeks to seal regards confidential and privileged attorney advice regarding

10   company policy on litigation-related matters, including litigation holds and off-the-record

11   communications.  I understand that this confidential information is maintained by Waymo and Google

12   as secret and that it is subject to Waymo and Google's attorney-client privilege and work product

13   protection—privileges that have not been waived by production to Defendants in this litigation

14   pursuant to the Court's Order Pursuant to Rule 502, Fed. R. Ev. (Dkt. 2363) (the "Court's FRE 502

15   Order").  Public disclosure of this information would be contrary to the Court's FRE 502 Order.  The

16   public disclosure of such detailed human resources information would also enable competitors and

17   other parties involved in litigation against Waymo and Google to unfairly tailor their litigation

18   strategies based on Waymo and Google's confidential attorney advice.   Accordingly, if such

19   information were made public, Waymo and Google's competitive standing would be significantly

20   harmed.  Such information remained sealed during the pendency of this case.  Sealing of this type of

21   confidential and privileged attorney advice is thus justified under either the "good cause" or

22   "compelling reasons" standard.

### Waymo's Employees' Private Information Should Remain Sealed

23         23.      Courts have also found that personal, identifiable information with no bearing on any

24   material issue in the case is sealable under the heightened "compelling reasons" standard.  *See, e.g.*,

25   *Benedict v. Hewlett-Packard Co.*, No. 13-cv-119, 2016 WL 3568922, at *2 (N.D. Cal. July 1, 2016)

26   (granting sealing of plaintiff's "personal contact information, salary offer, and personal account access

27   information" as well as "email addresses"); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-1846, 2012

1   WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (granting sealing of "executives' internal email

2   addresses, which implicate privacy concerns").

3         24.     Documents or portions thereof identified in the charts included in the Comprehensive

4   Administrative Motions with a supporting citation to this paragraph remain sealable because they

5   contain email addresses, phone numbers, private compensation information, and other personally

6   identifiable information of Waymo and Google employees, consultants, and former employees or

7   consultants.  The disclosure of such information would cause Waymo, Google, and those employees

8   or consultants substantial harm due to the high public profile of this litigation. This type of employees'

9   private information remained sealed during the pendency of this case, including at trial, where efforts

10  were made to redact personal contact information from exhibits. Sealing of this type of private

11  information is thus justified under either the "good cause" or "compelling reasons," and this Court has

12  previously granted sealing of this type of information.  (*See, e.g.*, Dkt. 1444 at 1; Dkt. 2237 at 3, 5;

13  Dkt. 2326 at 4; Dkt. 2389 at 2-3; Dkt. 2393 at 5-6.)  For example, the Court has previously granted

14  sealing of  Dkt. 1563-2 (previously filed under seal as Dkt. 1089-6, granted sealing at Dkt. 2393 at 5);

15  Dkt. 1563-19 (previously filed under seal as Dkt. 1089-14, granted sealing at Dkt. 2393 at 6); Dkt.

16  1336-9 (previously filed under seal as Dkt. 1433-6, granted sealing at Dkt. 1444 at 1); Dkt. 1520-

17  6/1524-10/1540-9 (previously filed under seal as Dkt. 1433-14, granted sealing at Dkt. 1444 at 1);

18  Dkt. 1524-23/1585-24/1618-11 (previously filed under seal as Dkt. 1433-12, granted sealing at Dkt.

19  1444 at 1); Dkt. 1524-36/1585-37 (previously filed under seal as Dkt. 1672-2, granted sealing at Dkt.

20  2387 at 2); Dkt. 1540-10 (previously filed under seal as Dkt. 1433-16, granted sealing at Dkt. 1444 at

21  1).

22              **The Names of Individuals Known to Be Minors Should Remain Sealed**

23        25.     Documents or portions thereof identified in the charts included in the Comprehensive

24  Administrative Motions with a supporting citation to this paragraph remain sealable because, under

25  Federal Rule of Civil Procedure 5.2(a), the names of individuals known to be minors are required to

26  be redacted unless the Court orders otherwise.

27

28

1    I declare under penalty of perjury under the laws of the State of California and the United

2   States of America that the foregoing is true and correct, and that this declaration was executed in San

3   Francisco, California, on March 9, 2018.

4                                          By  /s/ Felipe Corredor
                                               _____
5                                              Felipe Corredor
                                               Attorneys for WAYMO LLC
6

7

8                                **SIGNATURE ATTESTATION**

9    Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the

10   filing of this document has been obtained from Felipe Corredor.

11

12                                         /s/ Charles K. Verhoeven
                                           _____
                                           Charles K. Verhoeven
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28