1  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Tel:  415.268.7000 / Fax:  415.268.7522
5
   KAREN L. DUNN (*Pro Hac Vice*)
6  kdunn@bsfllp.com
   HAMISH P.M. HUME (*Pro Hac Vice*)
7  hhume@bsfllp.com
   BOIES SCHILLER FLEXNER LLP
8  1401 New York Avenue, N.W.
   Washington DC  20005
9  Tel:  202.237.2727 / Fax:  202.237.6131

10  WILLIAM CARMODY (*Pro Hac Vice*)
    bcarmody@susmangodfrey.com
11  SHAWN RABIN (*Pro Hac Vice*)
    srabin@susmangodfrey.com
12  SUSMAN GODFREY
    1301 Avenue of the Americas, 32nd Floor
13  New York, NY 10019-6023
    Tel:  212.336.8330 / Fax:  212.336.8340
14
15  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.
16  and OTTOMOTTO LLC

17              UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA

19               SAN FRANCISCO DIVISION

20  WAYMO LLC,                          | Case No.      3:17-cv-00939-WHA

21                 Plaintiff,            | **DECLARATION OF MICHELLE
                                         | YANG IN SUPPORT OF PLAINTIFF'S
22          v.                           | AND DEFENDANTS' RESPECTIVE
                                         | COMPREHENSIVE
23  UBER TECHNOLOGIES, INC.,             | ADMINISTRATIVE MOTIONS TO
    OTTOMOTTO LLC; OTTO TRUCKING LLC,    | FILE DOCUMENTS UNDER SEAL**
24
                   Defendants.
25
26
27
28

I, Michelle Yang, declare as follows:

1.      I am an attorney at the law firm of Morrison & Foerster LLP.  I make this declaration based upon matters within my own personal knowledge and if called as a witness, I could and would competently testify to the matters set forth herein.  I make this declaration in support of Plaintiff's and Defendants' respective Comprehensive Administrative Motion to File Documents Under Seal.

2.      In its February 9, 2018 Order, the Court denied two hundred and five administrative motions to file documents under seal and ordered each side to submit a comprehensive administrative motion to file documents under seal.  (Dkt. 2653.)  Many of the motions at issue were filed in connection with dispositive motions and therefore must be considered under the "compelling reasons" standard.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  The remaining motions were connected with non-dispositive motions and can thus be considered under the "good cause" standard.  *Id.*  Under either standard, the narrowed documents or portions identified herein by Defendants merit sealing.  I have confirmed that all of these documents or portions thereof are "narrowly tailored to seek sealing of only sealable material," in accordance with Civil Local Rule 79-5(b), and that these documents still require sealing "in light of all the information that has already become public over the course of this litigation via court filings, orders, public hearings, media publications, and at trial."  (Dkt. 2653.)  The comprehensive motions each contain a table with (1) a column identifying documents or portions thereof that Defendants seek to seal, and (2) a column identifying documents or portions thereof that plaintiff seeks to seal.   For both comprehensive motions, the column with Defendants' requests to seal includes citations to the below paragraphs of this Declaration.

Defendants' motion includes Waymo's designations of confidentiality, specifically to technical information relating to Defendants' LiDAR design, without prejudice to any of their rights, including Defendants' ability to argue that the technical information is not confidential information reflecting any trade secrets of Waymo and that in any case the dismissal (Dkt. 2651) moots such claims to confidentiality.

YANG DECLARATION ISO PLAINTIFF'S AND DEFENDANTS' RESPECTIVE COMPREHENSIVE ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL
Case No. 3:17-cv-00939-WHA
sf-3875051

1

# I.      CATEGORIES OF SEALABLE INFORMATION

3.      **CONTACT INFORMATION:** These documents or portions thereof include personal contact information of Defendants' current and former employees, as well as other individuals either involved in this litigation or completely unrelated to it.  This personal contact information includes personal email addresses, telephone numbers, and mailing addresses.  The Court has regularly granted sealing of this type of information.  (*See, e.g.* Dkt. 2393 at 9; Dkt. 2387 at 2:18 and 2:22-24.)  There is no public interest in the disclosure of personal contact information, which threatens the privacy interests of these individuals and could lead to harassment or other harm.  In light of the widespread media interest in this litigation, publication of these individuals' contact information would harm their privacy and safety with no corresponding public benefit.

4.      **TECHNICAL INFORMATION:** These documents or portions thereof include technical information regarding Uber's LiDAR development and/or self-driving software development.  In light of information that has already become public, Defendants' requests have been narrowly tailored to detailed schematics, internal analyses of technical design options considered by Uber engineers, technical specifications, excerpts of source code, and descriptions of specific challenges in source code design.  This information has been maintained as highly confidential.  Disclosure of this highly confidential information would allow Uber's competitors in LiDAR or self-driving to acquire insight to Uber's LiDAR and/or software design choices, parameters, and solutions.  This insight would allow competitors to tailor their own technical development and advance their own self-driving car programs, and harm Defendants' competitive standing in the self-driving industry.

5.      **BUSINESS INFORMATION:**  These documents or portions thereof include highly confidential business information, including internal company notes and communications regarding market strategy, organizational logistics, detailed financial reports, business evaluations, research objectives, research results, financial numbers regarding research budgets, and confidential business negotiations.  Defendants' request is narrowly tailored to avoid any business information or communications at the level of specificity that has already been made

Yang Declaration ISO Plaintiff's and Defendants' Respective Comprehensive Administrative Motions to File Documents Under Seal
Case No. 3:17-cv-00939-WHA
sf-3875051

2

1   public through filings, hearings, and trial.  Defendants' requests are focused on detailed

2   information relating to past performance, budgets, or future projections, or granular analysis that

3   has not become public.  The Court has granted sealing of confidential business information of this

4   kind that could benefit the parties' competition.  (Dkt. 2237 at 2:21-24 (granting motion to seal

5   because the exhibits discussed or referred to "Waymo's confidential business information,

6   including internal Waymo documents describing its market analyses, plans, forecasts, and

7   financial information…, disclosure of which could harm Waymo's competitive standing").)  In

8   another matter, this Court granted sealing of "detailed business information,

9   including…proprietary analysis of potential competition."  *Maquet Cardiovascular LLC v.*

10  *Saphena Med., Inc.*, No. C 16-07213 WHA, 2017 U.S. Dist. LEXIS 211613, at *3 (N.D. Cal.

11  Dec. 26, 2017).  Here, this information has been maintained as confidential, and disclosure of this

12  information would allow competitors to analyze, imitate, or obstruct Defendants' business

13  strategy, thus harming Uber's competitive standing in the self-driving car industry.

14          6.      **VENDOR INFORMATION:** These documents or portions thereof include names

15  of or references to confidential third party vendors of Uber, which reveal Uber's internal strategy

16  and efforts for LiDAR development or for research relating to competitive intelligence.  The

17  Court has already granted sealing of information regarding certain of Uber's third party vendors

18  (Dkt. 1075 at 2:12-14 and 2:27), as well as the identity of Waymo's vendors (Dkt. 1076 at 1.)

19  This information has been maintained as confidential and has not become public in this litigation.

20  Defendants request this information be kept sealed in order to protect the confidentiality of these

21  business relationships and to protect these business partnerships from interference from third

22  parties.  Disclosure of this information could allow Uber's competitors to gain a competitive

23  advantage by understanding vendors that Uber uses for LiDAR development or competitive

24  intelligence research and tailoring their own efforts to imitate or bottleneck Uber's efforts, thus

25  harming Uber's competitive standing.

26          7.      **VELODYNE TECHNICAL INFORMATION:**  These documents or portions

27  thereof include technical information contained in documents produced by third party Velodyne

28

Yang Declaration ISO Plaintiff's and Defendants' Respective Comprehensive Administrative Motions to File Documents Under Seal
Case No. 3:17-cv-00939-WHA
sf-3875051

3

1  or in deposition testimony from Velodyne's corporate representative that Velodyne designated as

2  confidential or highly confidential under the Protective Order.

3      8.    **BUSINESS AGREEMENTS**:  These documents or portions thereof include

4  highly confidential information regarding current or potential agreements relating to Defendants,

5  including specific financial details or specific obligations that are subject to ongoing negotiations.

6  This information has been maintained as confidential and has not become in this litigation.  The

7  Court previously granted sealing of information of this kind at Dkt. 1075 at 2:1-3.  (Dkt. 2393,

8  Order at 3:1-3.).  Public disclosure of this information could allow Uber's competitors to obtain

9  an advantage by gaining insight to how Uber made specific or potential business arrangements to

10  address a segment of the self-driving market, such that these competitors could imitate Uber or

11  seek to disrupt Uber's efforts, thus harming Uber's competitive standing.

12      9.    **OTHER PERSONAL OR BUSINESS INFORMATION:**  These documents or

13  portions thereof include specific personal or business information unrelated to the claims in this

14  litigation: (1) personal compensation information that has not become public in this litigation , of

15  which public disclosure would harm privacy interests and/or impede those persons' ability to

16  negotiate future salaries in the employment market; (2) aggregated and granular salary

17  information of various Uber departments that has not formed the basis of either sides' damages

18  theories that were made public in this litigation; (3) details of a business deal unrelated to this

19  litigation; and (4) the name of a former Uber employee, whose practices relating to instructions to

20  employees are unrelated to the claims of this litigation.

21      10.    **SYSTEM SECURITY:** These documents or portions thereof contain details

22  regarding Uber's internal server names and technical system processes, Uber employees' user

23  IDs, user names, and/or computer or phone serial numbers, and the detailed cell phone

24  configuration information of a former Uber executive.  This information has been maintained as

25  confidential and has not become public in this litigation.  The Court has already granted sealing of

26  certain server names and other systems information.  (Dkt. 994 at 2:16-19 and 3:17-18; Dkt. 2387

27  at 3:1-3.)  Disclosure of this information could allow others to compromise the security of Uber's

28

Y ANG DECLARATION ISO PLAINTIFF'S AND DEFENDANTS' RESPECTIVE COMPREHENSIVE ADMINISTRATIVE
MOTIONS TO FILE DOCUMENTS UNDER SEAL
Case No. 3:17-cv-00939-WHA
sf-3875051

4

servers or current or former Uber employees' devices, such as by spoofing Uber employee identities or attempting to access Uber internal systems or electronic communications.

11. **ISSUES RELATING TO JACOBS' ALLEGATIONS:** These documents or portions thereof contain references to the same type of confidential material for which the Court granted sealing in its November 29, 2017 Order and December 13, 2017 Order, which are reflected in the public refiling of the "Jacobs letter" at Dkt. 2401-2. (Dkt. 2307-2; Dkt. 2382; Dkt. 2401-2.) These documents or portions thereof contain information that implicates the safety, privacy, and reputational interests of former and current Uber employees and vendors, as well as various third-party individuals and entities. These issues ultimately played no part in trial and were unrelated to the merits of this case, such that the public's interest in disclosure of this information is low. The Court previously sealed this type of information, and Defendants request that it do so again.

12. **DATA GOVERNANCE INITIATIVE:** These documents or portions thereof contain highly confidential information relating to a data governance program that was never implemented at Uber but which was intended to effectively manage the data, documents, and email generated by the company and to identify what information needed to be retained. This information has been maintained as confidential, and has not become public in this litigation. The Court has recognized this potential data governance program was not relevant to the claims in this litigation. (Dkt. 2557 at 35.) This initiative played no part in trial, was unrelated to the merits of this case, and its disclosure would not improve the public's understanding of this case. Public disclosure of this information would reveal internal technology and confidential business procedures, to the detriment of Uber's competitive standing.

13. **CONFIDENTIAL PROCEEDINGS:** These documents or portions thereof contain information regarding certain confidential proceedings between Uber and certain former employees. The details regarding these proceedings have been maintained as confidential by Uber. These confidential proceedings were unrelated to the merits of this case, and their disclosure would not improve the public's understanding of this case. The Court has recognized that information about these proceedings contain "irrelevant and prejudicial evidence" under

Yang Declaration ISO Plaintiff's and Defendants' Respective Comprehensive Administrative Motions to File Documents Under Seal
Case No. 3:17-cv-00939-WHA
sf-3875051

5

FRE 403.  (*See* Dkt. 2557 at 35:22-24.)  Uber requests that this information be kept sealed in accordance with agreements between parties to these confidential proceedings, and in order to protect the privacy of these former employees.

14.     **BOARD OF DIRECTORS:** These documents or portions thereof contain highly confidential business information from meetings of Uber's Board of Directors, including internal notes, minutes, and testimony on internal discussions.  Uber's request is narrowly tailored to exclude information regarding Board meetings or activities that were the subject of public testimony at trial.  The Court granted sealing of such information as confidential business information regarding internal corporate governance and the Board of Directors' methodologies for conducting Board responsibilities in Dkt. 1168-6. (Dkt. 2393, Order at 6 (granting sealing of Dkt. 1168-6).)  Uber is a private company, and its Board of Directors keeps its internal discussions highly confidential.  Disclosure of these discussions from a confidential Board meeting, particularly in light of extensive media coverage, would harm Uber's competitive standing before investors and the public, with no benefit to the public's understanding of this case.

15.     **INTERNAL INVESTIGATIONS:** These documents or portions thereof contain highly confidential information regarding internal communications among company employees relating to internal investigations related to the "Jacobs letter."  Similar to the information sealed in accordance with the Court's November 29, 2017 and December 13, 2017 orders, this information could implicate the safety, privacy, and reputational interests of former and current Uber employees and other participants in those confidential proceedings.  There is no corresponding public benefit to the disclosure of this information, which was ultimately deemed irrelevant for trial and unrelated to the merits of this case.  Defendants request sealing of this information to protect these interests.

16.     **COMPETITIVE INTELLIGENCE:**  These documents or portions thereof contain highly confidential summaries, drafts, internal communications, and testimony concerning Uber's efforts to gather competitive intelligence.  Disclosure of this information would reveal Defendants' self-driving industry business strategy, the identity of certain third

Yang Declaration ISO Plaintiff's and Defendants' Respective Comprehensive Administrative Motions to File Documents Under Seal
Case No. 3:17-cv-00939-WHA
sf-3875051

6

party competitors that Defendants have focused on, actual and potential research objectives, research results, financial numbers regarding research budgets, and confidential business negotiations.  This information has been maintained as confidential and has not become public in this litigation.  The Court has recognized that this information was "too attenuated from Waymo's misappropriation claims."  (Dkt. 2557 at 33.)  Disclosure of this information would allow competitors to understand Uber's business strategy in the self-driving industry, including what information Uber possesses and considers, such that competitors could tailor their own business strategy to the detriment of Uber's competitive standing.

17.    **INFORMATION RELATING TO FORMER CEO:**  These documents or portions thereof contain highly confidential information regarding Uber's former CEO, including written and oral communications between the former CEO and others relating to his departure from Uber, the disclosure of which would threaten the privacy and reputational interests of individuals currently or formerly at a company that is currently the subject of extensive media coverage.  This information has not become public.  This Court has ruled that certain information relating to the departure of the former CEO, particularly in the context of other lawsuits, would not be permitted at trial, (Dkt. 1885), and public disclosure of this information would not assist the public's understanding of this case.

18.    **ATTORNEY MEET AND CONFER COMMUNICATIONS:** These documents or portions thereof contain notes of communications and negotiations between counsel before the Special Master relating to various discovery disputes.  These conversations were not intended for public disclosure and contain information maintained as confidential by both parties, including technical and business information.  The notes describe lengthy private conversations and negotiations that are naturally more candid and informal than a written email communication, and were not transcribed by a court reporter.  For all these reasons, Defendants request these documents be filed entirely under seal.

19.    Defendants' requests to seal are narrowly tailored to the documents and portions thereof that merit sealing.

YANG DECLARATION ISO PLAINTIFF'S AND DEFENDANTS' RESPECTIVE COMPREHENSIVE ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL
Case No. 3:17-cv-00939-WHA
sf-3875051

7

1    I declare under penalty of perjury that the foregoing is true and correct.  Executed this 9th

2  day of March, 2018 in Washington, D.C.

3

4                                                        _____
                                                             */s/ Michelle Yang*
                                                            Michelle Yang
5

6

7

8

9

10                    **ATTESTATION OF E-FILED SIGNATURE**

11    I, Arturo J. Gonzalez, am the ECF User whose ID and password are being used to file this

12  Declaration.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Michelle Yang has

13  concurred in this filing.

14  Dated:  March 9, 2018                          _____
                                                             */s/ Arturo J.  González*
                                                            ARTURO J. GONZÁLEZ
15

16

17

18

19

20

21

22

23

24

25

26

27

28