MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
agonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel:   415.268.7000 / Fax:   415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P. M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Tel:   202.237.2727 / Fax:   202.237.6131

WILLIAM C. CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN J. RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel:   212.336.8330 / Fax:   212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC,<br><br>          Defendants, | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF MEREDITH R. DEARBORN PURSUANT TO CIVIL LOCAL RULE 6-2(a)** |

I, MEREDITH R. DEARBORN, declare as follows:

1. I am a partner with the law firm Boies Schiller Flexner LLP, representing Defendants Uber Technologies, Inc. and Ottomotto LLC in this matter. I am a member in good standing of the Bar of the State of California.

2. I make this declaration in support of the parties' joint application to extend the deadline to return or destroy evidence imposed by Paragraph 15 of the Interim Model Protective Order.

3. On March 16, 2017, the Honorable William H. Alsup ordered that the parties be bound by the Court's Interim Model Protective Order (the "Protective Order"), a true and correct copy of which is attached as Exhibit A. *See Waymo LLC v. Uber Technologies, Inc., et al.*, 17-cv-00939-WHA, Doc. 63 at 6:22–24.

4. Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material." Protective Order ¶ 15. The Protective Order further requires each Receiving Party to certify in writing by the 60-day deadline (1) that identifies all of the Protected Material that was returned or destroyed, and (2) that affirms that it has not retained copies, abstracts, compilations, or summaries of material subject to the Protective Order. *Id.*

5. The parties settled this lawsuit, and a final disposition was entered on February 9, 2018. *See Waymo v. Uber*, Doc. No. 2650. Each Receiving Party, as defined by Paragraph 2.17 of the Protective Order, has sixty days from that final disposition, until April 10, 2018, to comply with the requirements of Paragraph 15.

6. Given the pendency of related matters that impose document preservation obligations on the parties that conflict with Paragraph 15's requirements, additional time is needed to satisfy conflicting preservation obligations, and it is possible the parties might hereafter request additional time if those obligations have not been satisfied.

7. This is the parties' first request for an extension of the time limits imposed by the Protective Order.

8. The requested extension will affect no other deadlines in this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 6th day of April, 2018, in Oakland, California.

*/s/ Meredith R. Dearborn*
Meredith R. Dearborn