BOSTWICK LAW
GARY L. BOSTWICK (No. 79000)
gbostwick@B1law.com
12400 Wilshire Boulevard, Suite 400
Los Angeles, CA 90025
Telephone: 310.979.6059

DROOZ LEGAL
DEBORAH DROOZ (No. 133355)
Of Counsel
deb@droozlegal.com
5300 Melrose Avenue, Suite B116
Los Angeles, CA 90038
Telephone: 323.960.4520

Attorneys for
RICHARD A. JACOBS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SAN FRANCISO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>          Plaintiff<br><br>  v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>          Defendants | **Case No.: CV 17-00939-WHA**<br><br>**OPPOSITION OF DEFENDANT JACOBS TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**Date:** None set<br>**Judge:** Hon. William A. Alsup<br><br>(Application seeks to relate *Henley et al., v. Jacobs*, Case No. 18-cv-02244-SBA) |

Pursuant to Civil Local Rule 3-12(e), Richard A. Jacobs, the defendant in Case No. CV 18-2244-SBA submits this Opposition to the Administrative Motion to Consider Whether Cases Should Be Related filed by plaintiffs **Matthew Henley, Nicholas Gicinto, Edward Russo and Jacob Nocon, plaintiffs in that matter**.

**I.  Introduction**:

In their administrative motion, plaintiffs Matthew Henley, Nicholas Gicinto, Edward Russo and Jacob Nocon, (collectively, "Movants") ask this court to find that a now-settled trade secrets lawsuit filed by Waymo LLC against Movants' "former" employer Uber Technologies, Inc. is "related" to their personal defamation claims against Richard Jacobs. The Application must fail.

First, the two actions meet no single criterion for "related cases" set forth in Civil Local Rule 3-12(b).  Specifically, the *Waymo v. Uber* case and the defamation case concern no substantially similar parties, property, transactions or events.  The cases involve none of the same parties, arise from unrelated occurrences and raise disparate legal issues.

Second, the adjudication of the defamation case in this courtroom will not prevent conflicting results, undue expense or duplication of labor for the court or for the parties.  On the contrary: It would unduly complicate a relatively straightforward defamation case and would increase expense and burdens for all concerned.  The *Waymo v. Uber* case is effectively over. A finding that this nascent defamation case is "related" to that now dismissed trade secrets case would result in confusion, expense and delay.

Third, Movants have offered no justification for the delay of nearly three months to file their administrative motion.  Pursuant to Civil Local Rule 3-12(b), they were obliged to file "*promptly*" as soon as they became aware that the cases may be related.  This case has been on file since April 13, 2018.  No new facts or circumstances have emerged that would justify such a delay.

**II. Procedural background:**

*Waymo LLC v. Uber Technologies, Inc., et al*, Case No. 3:17-cv-00939-WHA, *("Waymo v. Uber")* a trade secrets battle between corporations, was settled and dismissed with prejudice on

-1-

February 9, 2018. It remains before the court solely to wind up administrative and procedural details. *Henley, et al v. Jacobs*, Case No. 4:18-cv-02244-SBA, a defamation case was filed on *April 13, 2018* by four individuals. The case was assigned to the Honorable Sandra Brown Armstrong.

On Friday, *July 6, 2018*, Jacobs learned the *Henley* plaintiffs' counsel had -- for the first time – attempted to send a notice of waiver of service. On the same day, the *Henley* plaintiffs filed the Administrative Motion Re: Related Cases. Under Civil Local Rule 7-11, opposition papers are due "four days" after filing. On *July 10, 2018*, although no notice of filing of the application in this matter has been served on Jacobs' counsel or appeared on this court's Pacer page, counsel for Jacobs has determined to file this Opposition as a precaution.

III. **Movant's defamation action against Jacobs is unrelated to Waymo, LLC trade secrets case against Uber Technologies, Inc.**

Civil Local Rule 3–12(a) provides:

An action is related to another action when:

(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

In this case, not one of the Rule 3-12(a)(1) criteria is met.

A. **No party to this defamation case was a party in the Waymo v. Uber case**.

No party in the defamation matter before Judge Armstrong was a party in *Waymo v. Uber*. There is *no party* overlap. There is no substantial similarity among the parties to the respective cases.

B. **The cases concern different property or subject matter**.

In *Waymo v. Uber*, the property at issue consisted of, *inter alia*, documents containing proprietary laser technology instrumental to the development of a self-driving vehicle. Waymo alleged that its former engineer, Levandowski, stole that property, started his own company and then sold the company and the property to Uber.

In the *Henley* defamation case, no property is at issue. There is no connection between the theft of technological secrets and the publication of defamatory falsehoods unrelated to that theft.

The Henley complaint makes no reference to the self-driving vehicle technology. More to the point, the statements alleged to be defamatory do not concern or relate to that theft. A true copy of Plaintiff's complaint is attached for the court's ready reference.

**C. The cases concern different transactions and events**.

The *Henley* plaintiffs allege the harm arose when Jacobs sent an email to Uber's General Counsel and other high executives alerting them to unethical or illegal surveillance and data gathering practices within Uber.

A cause of action for theft of trade secrets accrues when the misappropriation is "discovered or by the exercise of reasonable diligence should have been discovered." Cal. Civ. Code § 3426.6. *MedioStream, Inc. v. Microsoft Corp.,* 869 F. Supp. 2d 1095, 1108 (N.D. Cal. 2012). There is no connection between Waymo's claims that its trade secrets were stolen and Uber executives' receipt of Jacobs' email. A point that is glaring and aids the analysis by the court is that the defamation complaint lacks any suggestion or even hint that the Jacobs statements relate to any aspect of the *Waymo v. Uber* case.

**IV.   The trial of the defamation case before another judge will not result in any duplication of labor or expense**.

Civil Local Rule 3-12(a) (2) requires a showing that, "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Plaintiffs have not shown -- or even mentioned – a duplication of labor or expense nor pointed to any potential conflicting results. A quick review of the elements of a defamation tort shows that the crucial facts of the defamation case were never considered by the *Waymo v. Uber* court.

To prevail on their defamation claim, plaintiffs must show that Jacobs made an unprivileged publication of a false statement of fact. *Smith v. Maldonado,* 72 Cal.App.4th 637, 645, 85 Cal.Rptr.2d 397 (1999); *Harkonen v. Fleming*, 880 F. Supp. 2d 1071, 1078 (N.D. Cal. 2012). They must demonstrate that the publication was made with the requisite fault – either negligently or, as defendant contends, with "actual malice." They must demonstrate that their reputations were injured by the publication. *Smith*, 72 Cal App. 4th at 645. None of these issues arose in the *Waymo*

*v. Uber* case. None of the "briefing" in the *Waymo v. Uber* case pertained to these issues. Moreover, contrary to Movants' version of events, Jacobs' testimony in *Waymo v. Uber* did not relate to the allegedly defamatory email but was restricted to his former lawyers' letter.

The *Henley* defamation case involves only the plaintiffs and Jacobs – five individuals. *Waymo v. Uber*, by contrast, involved dozens of corporate parties. The procedural burden resulting from relating the cases would be out of control and pointless – especially given that *Waymo v. Uber* has been dismissed. In short, the resources of the parties and the court will be wasted – not saved -- by a finding that the cases are related.

**V. The Motion Should Be Denied for Failure to Comply with Civil Local Rule 3-12(b)'s "prompt" filing requirement**.

Civil Local Rule 3–12(b) provides:

"Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3–12(a), the party must promptly file in the earliest-filed case an Administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil L.R. 7–11."

Movants have not met Rule 3-12(b)'s "prompt" filing requirement. Movants are plaintiffs in the *Henley* defamation case. Long before that case was filed, they knew of Jacobs' limited involvement as a witness in the *Waymo v. Uber* case. As their administrative motion confirms, all Movants are "former" Uber employees and were actively involved in *Waymo v. Uber*. If that case were "related" to the *Henley* defamation case, Movants and their counsel would have known at the moment they were drafting the complaint.

The Henley defamation case was filed on April 13, 2018. Movants waited three months to seek to have the defamation case designated a "related" matter. Meanwhile, they did not try to serve Jacobs and missed several deadlines established by the Rules and by Judge Armstrong's scheduling order.

For example, June 26, 2018 was the last day to:

meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan; and file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov); and file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference.

July 10, 2018 was the last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement.

The Henley plaintiffs cannot protest that their counsel was not aware that Jacobs testified in the *Waymo v. Uber* case.  Their complaint erases all doubt that counsel knew that Jacobs testified. Plaintiffs could have filed this Administrative Motion at the outset – before Judge Armstrong issued her Scheduling Order and before procedural deadlines were missed. Because they did not file "promptly," their motion should be denied.  See *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, No. C 06-02064 JW, 2009 WL 3458704, at *1 (N.D. Cal. Oct. 23, 2009) (party's knowledge of the existence of the related case prior to filing supports denial of administrative motion).

**VI. Conclusion:**

Because the *Waymo v. Uber* case is not related to the defamation case according to the criteria established by the local rules, and because there has been no offer of a showing that burden will result from denying the application, Jacobs requests that the court deny the Administrative Motion.

Dated: July 10, 201               BOSTWICK LAW

                                  By:  */s/ Gary L. Bostwick*
                                       GARY L BOSTWICK

                                       Attorneys for
                                       RICHARD A. JACOBS