SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
1990 South Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile:  (310) 826-4711
matthew@spertuslaw.com

Attorneys for Mathew Henley, Nicholas Gicinto,
Edward Russo, and Jacob Nocon

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**REPLY RE: NOTICE OF RELATED CASE PURUSANT TO CIVIL L.R. 3-12; ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 7-11**<br><br>Related case: <u>Henley, et al. v. Jacobs</u>, Case No. 4:18-cv-02244-SBA |

Richard Jacobs, the defendant in the related case, <u>Henley, et al. v. Jacobs</u>, Case No. 4:18-cv-02244-SBA, opposes the notice of related case and administrative motion filed by the plaintiffs in that action on the grounds of delay. His objections are not well taken.

Since filing this matter, counsel for plaintiffs have been diligently attempting to settle a dispute with Uber Technologies, Inc. that relates directly to the allegations in the related case, <u>Henley, et al. v. Jacobs</u>. Unable to reach a resolution with Uber—a defendant in this case—plaintiffs began preparing an amended complaint adding Uber and others as defendants in <u>Henley</u> and adding several claims relating to matters considered by this Court during the pendency of this matter. Counsel for plaintiffs then shared a draft amended complaint with Uber. On July 3, 2018, Uber raised privilege concerns about the contents of the amended complaint that require judicial attention before the amended complaint

can be filed. Hence, the circumstances that give rise to the relationship between this case and the Henley matter—the imminent amendment of the complaint to add to Henley a party in this case and additional allegations related to matters considered and addressed by this Court during the pendency of this matter—arose recently, and the notice was filed promptly after those circumstances arose. The delay case cited by defendant is inapposite—the court in that matter denied a related-case motion filed "[o]ver a year into the litigation, [when] discovery is well underway, and Judge Conti has already issued a lengthy order dismissing the First Amended Complaint for failure to plead fraud with particularity." Rezner v. Bayerische Hypo-Und Vereinsbank AG, No. Nos. C 06–02064. 2009 WL 3458704, at *1 (N.D. Cal. Oct. 23, 2009). Here, the plaintiffs filed their notice within months of filing Henley, before any motion or answer has been filed and before discovery has commenced.

    Contrary to the defendant's suggestion, the plaintiffs' notice of related case specifically identified the "duplication of labor" involved in a new judge considering matters already extensively considered by this Court in hearings, depositions, briefing, and orders. Simply put, during this case, this Court became intimately familiar with the parties and facts underlying the allegations in Henley, and therefore would not need to expend the time or judicial resources necessary to learn the underlying facts. Furthermore, during this case, this Court considered privilege concerns raised by defendant Jacobs in this case that are similar to those that require judicial attention prior to the filing of the amended complaint in Henley. A new judge would have to consider Uber-related facts and privilege issues that were already considered by this Court in this case. The Court has the discretion to determine whether the duplication of effort involved in a new

///

3.

judge familiarizing themselves with these facts and issues already familiar by this Court warrants granting the administrative motion.

Dated: July 11, 2018        Respectfully submitted,

SPERTUS, LANDES & UMHOFER, LLP

By: _____
Matthew Donald Umhofer
Attorneys for Plaintiffs

4.

REPLY RE: NOTICE OF RELATED CASE