1
2
3
4
5
6
7
8

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

        Plaintiff,

  v.

UBER TECHNOLOGIES, INC.;
OTTOMOTTO LLC; and OTTO
TRUCKING LLC,

        Defendants.

      No. C 17-00939 WHA

**ORDER ON COMPREHENSIVE
ADMINISTRATIVE MOTIONS
TO FILE UNDER SEAL**

Pursuant to a prior order, each side in this closed action has filed a comprehensive administrative motion (renewing earlier, separately-filed administrative motions) to keep certain portions of the docket under seal (Dkt. Nos. 2663–64, 2667).  In our circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).  To seal records in connection with a "dispositive" motion, or one "more than tangentially related to the merits of a case," requires "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."  *See id.* at 1178–79 (quotations and citations omitted); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  A particularized showing of "good cause" under Federal Rule of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive motion.  *Kamakana*, 447 F.3d at 1179–80.

Civil Local Rule 79-5 requires that administrative motions to file under seal be accompanied by "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable."  For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing.  *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).  Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information because it "is not necessary to the public's understanding of the case."  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221–22 (Fed. Cir. 2013) (applying the law of our circuit).

In our district, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."  Moreover, administrative motions to file under seal must "be narrowly tailored to seek sealing only of sealable material."  C.L.R. 79-5.  The parties have been warned by a prior order that "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard, especially in light of all the information that has already become public over the course of this litigation via court filings, orders, public hearings, media publications, and at trial."  And, "[i]n all events, requests not narrowly tailored to seek sealing only of sealable material as required by Civil Local Rule 79-5 will be denied" (Dkt. No. 2653).

With these principles in mind, this order **GRANTS IN PART** and **DENIES IN PART** the parties' comprehensive administrative motions as stated in the tables below.  To the extent their motions are denied, each movant shall file revised versions of their documents consistent with this order on the public docket by **JANUARY 28, 2019 AT NOON**.

*          *          *

**1.     UBER'S COMPREHENSIVE ADMINISTRATIVE MOTION (DKT. NO. 2663).**

| DKT. NO. | DOCUMENT SOUGHT TO BE SEALED | RULING |
|----------|------------------------------|--------|
| 409-4 | Portions of Uber's response to Waymo's supplemental brief re Haslim's testimony. | Compelling reasons warrant sealing of the portions in question to prevent the disclosure of alleged trade secrets and the name of a confidential third-party vendor which, according to the supporting declaration, could allow competitors to imitate or bottleneck Uber's development or research efforts, thereby causing Uber competitive harm. This request is **GRANTED**. |
| 409-6 | Portions of Haslim deposition transcript dated May 4, 2017. | Compelling reasons warrant sealing of the portions in question to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 409-8 | Portions of Kintz deposition transcript dated April 26, 2017. | Substantial swaths of the portions sought to be sealed redact plainly non-sealable information like — to highlight just one nonexhaustive example — generic terminology used in basic math. This request has not been narrowly tailored as required by Civil Local Rule 79-5 and is accordingly **DENIED**. |
| 409-11 | Entirety of PCB chart. | Compelling reasons warrant sealing of the portions in question to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 409-13 | Portions of Gruver deposition transcript dated April 20, 2017. | Compelling reasons warrant sealing of the portions in question to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 409-14 | Portions of Haslim deposition transcript dated May 4, 2017. | Compelling reasons warrant sealing of the portions in question to prevent the disclosure of alleged trade secrets and the name of a confidential third-party vendor which, according to the supporting declaration, could allow competitors to imitate or bottleneck Uber's development or research efforts, thereby causing Uber competitive harm. This request is **GRANTED**. |

3

| 803-4 | Portions of Otto Trucking's opposition to order to show cause. | Since the underlying motion and its final disposition remain attenuated from the merits, the public has little interest in the information sought to be sealed. The supporting declaration, however, fails to show particularized good cause because it merely concludes in generic terms that this information has been kept confidential and disclosure thereof would threaten economic disadvantage. This request is **DENIED**. |
|---|---|---|
| 803-7 | Entirety of Otto Trucking agreement. | Since the underlying motion and its final disposition remain attenuated from the merits, the public has little interest in the information sought to be sealed. The supporting declaration, however, fails to show particularized good cause because it merely concludes in generic terms that this information has been kept confidential and disclosure thereof would threaten economic disadvantage. Moreover, this request has not been narrowly tailored as required by Civil Local Rule 79-5.  For both reasons, this request is **DENIED**. |
| 803-9 | Entirety of amendment to Otto Trucking agreement. | Since the underlying motion and its final disposition remain attenuated from the merits, the public has little interest in the information sought to be sealed. The supporting declaration, however, fails to show particularized good cause because it merely concludes in generic terms that this information has been kept confidential and disclosure thereof would threaten economic disadvantage. Moreover, this request has not been narrowly tailored as required by Civil Local Rule 79-5.  For both reasons, this request is **DENIED**. |
| 843-7 | Portions of Otto Trucking's responses to Waymo's third set of expedited interrogatories. | Good cause warrants sealing of the portion highlighted in yellow at page 6, line 25, to prevent the disclosure of alleged trade secrets.  This justification does not, however, extend to other portions highlighted in yellow, which describe the technology only in very general terms without revealing specifics.  This order further finds no good cause to seal any of the portions sought to be redacted by Otto Trucking. This request is **GRANTED IN PART** and **DENIED IN PART**. |

4

United States District Court

For the Northern District of California

| 850-8<br>850-9 | Portions of Kim email dated February 13, 2016. | The supporting declaration claims disclosure of the information sought to be sealed could allow competitors to imitate or disrupt Uber's business arrangements.  While that risk seems minimal with respect to this particular information, the public's interest in said information also remains minimal.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| --- | --- | --- |
| 852-4 | Portions of defendants' response to list of facts. | Good cause warrants sealing of the portions in question to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 900-4<br>944-1 | Portions of defendants' response to Levandowski's assertion of Fifth Amendment. | The supporting declaration claims disclosure of the information sought to be sealed could allow competitors to tailor their compensation and incentive strategies to Waymo's competitive disadvantage.  While that risk seems minimal in light of the unusual facts of our case, the public's interest in said information also remains minimal.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 900-6<br>944-3 | Portions of Cooper email dated July 13, 2017. | The supporting declaration claims disclosure of the information sought to be sealed would allow competitors to access sensitive business information.  Although the risk seems minimal here, the public's interest in said information also remains minimal.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 917-5 | Portions of presentation. | The supporting declaration claims that the presentation possesses sensitive business information, including confidential analysis of Waymo's business and market strategy.  Plaintiffs argue that if such information were made public, Waymo's competitive standing would be harmed.  Because of the presentation's non-dispositive nature, sufficient cause has been shown to justify sealing.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| 927-4 | Portions of Otto Trucking's motion for relief. | The supporting declaration claims disclosure of the information could jeopardize Otto Trucking's competitive standing. While that risk seems minimal with respect to this particular information, the public's interest in said information also remains minimal. Under these circumstances, sufficient good cause has been shown to justify sealing. This request is **GRANTED**. |
|---|---|---|
| 929-4 | Portions of defendants' motions for relief. | Since the underlying motion and its final disposition remain attenuated from the merits, the public has little interest in the information sought to be sealed. The supporting declaration, however, fails to show particularized good cause because it merely concludes in generic terms that this information has been kept confidential and disclosure thereof would threaten economic disadvantage. This request is **DENIED**. |
| 929-5 | Entirety of 2015 — Q3 chart. | The supporting declaration claims that the chart possesses sensitive business information. Plaintiffs argue that if such information were made public, Waymo's competitive standing would be harmed. Because of the document's non-dispositive nature, sufficient cause has been shown to justify sealing. This request is **GRANTED**. |
| 982-4 983 | Portions of Otto Trucking's opposition and joinder to opposition to MIL No. 4. | The supporting declaration claims that the highlighted portions of the document includes sensitive business information about Otto Trucking's agreements, corporate structure, and financial information. The declaration claims disclosure could harm Otto Trucking's competitive standing. While that risk seems minimal with respect to this particular information, the public's interest in said information also remains minimal. Under these circumstances, sufficient good cause has been shown to justify sealing. This request is **GRANTED**. |

6

United States District Court

For the Northern District of California

| 995-4 | Portions of Otto Trucking's opposition to order to show cause. | The supporting declaration claims that the information includes terms of Otto Trucking's agreements, corporate structure, and financial information; it claims that disclosure of the information would jeopardize Otto Trucking's competitive standing.  While that risk seems minimal with respect to this particular information, the public's interest in said information also remains minimal.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 997-4 998 | Portions of Otto Trucking's reply in support of motion to compel. | The supporting declaration claims that disclosure of the information would significantly harm Otto Trucking's competitive standing.  While that risk seems minimal with respect to this particular information, the public's interest in said information also remains minimal.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 999-4 | Portions of Defendants' reply in support of motion for relief. | The supporting  declaration claims that the information reveals the structure and negotiations of agreements with parties who have ongoing relationships with defendants.  The declaration asserts that disclosure of the information would significantly harm Uber's competitive standing.  While that risk seems minimal with respect to this particular information, the public's interest in said information also remains minimal.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 999-6 1000-2 | Portions of Poetzscher deposition transcript dated June 19, 2017. | The supporting declaration claims that the information reveals the company's structure, negotiations of agreements with outside parties, and employment strategy.  The declaration asserts that disclosure of the information would significantly harm Uber's competitive standing.  While that risk seems minimal with respect to this particular information, the public's interest in said information also remains minimal.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 1003-8<br>1004-5<br>1046-2 | Portions of Waymo's second supplemental response to first set of interrogatories. | The supporting declaration claims that disclosure of the information would significantly harm plaintiff's competitive standing. While that risk seems minimal with respect to this particular information, the public's interest in said information also remains minimal. Under these circumstances, sufficient good cause has been shown to justify sealing. This request is **GRANTED**. |
|---|---|---|
| 1040-3<br>1043-2<br>1062-3 | Portions of Waymo's first supplemental response to Otto Trucking's first set of interrogatories. | Good cause warrants sealing of personal financial information highlighted in yellow on page 9 as well as vendor and cost information highlighted in blue on pages 9, 12, and 20. This justification does not, however, extend to the other portion highlighted in yellow on page 21, which describes an agreement only in very general terms without revealing specifics. This request is **GRANTED IN PART** and **DENIED IN PART**. |
| 1107-4<br>1166-2 | Portions of defendants' Motion to Strike vague and overbroad trade secret claims. | Good cause warrants sealing of the portions in question to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1107-6 | Portions of Chang declaration in support of defendants' Motion to Strike. | The supporting declaration claims that disclosure of the information would significantly harm plaintiffs as it contains references to trade secrets. While that risk seems minimal with respect to this particular information, the public's interest in said information also remains minimal. Under these circumstances, sufficient good cause has been shown to justify sealing. This request is **GRANTED**. |
| 1107-7 | Waymo's asserted trade secret list. | Good cause warrants sealing the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1107-8<br>1166-4 | Waymo's fourth supplemental objections and responses to Uber's first set of interrogatories. | Good cause warrants sealing of the highlighted portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1107-9 | Sensing Brainstorms chart. | Good cause warrants sealing the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |

| 1107-10 | Sensor worksheet. | Good cause warrants sealing the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
|---|---|---|
| 1107-11 | Requirement hierarchy. | Good cause warrants sealing the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1107-12 | Car Lidar | Good cause warrants sealing the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1107-14 | Portions of Morriss deposition transcript dated July 26, 2017. | Good cause warrants sealing of the highlighted portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1107-16 | Portions of Kintz deposition transcript dated April 26, 2017. | Good cause warrants sealing of the highlighted portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1107-17 | PCB drawing. | Good cause warrants sealing the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1107-18 1166-6 | Portions of Droz deposition transcript dated August 3, 2017. | Good cause warrants sealing of the highlighted portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1107-19 1166-8 | Portions of defendants objections and responses to Waymo's third set of requests for production of documents. | Good cause warrants sealing information highlighted on page 3 of the document.  This justification does not, however, extend to references to "self-driving car test scenarios," a phrase with is at such a high level of generality that, without more, it remains unclear how it could possibly be a reference to a trade secret or exploited to the detriment of Waymo. This request is **GRANTED IN PART** and **DENIED IN PART**. |

| | | |
|---|---|---|
| 1107-20 1166-10 | Portions of Jaffe email dated August 6, 2017. | Good cause warrants sealing highlighted information, with the exception of the vague phrase "design schematics and layouts." This phrase is at such a high level of generality that, without more, it remains unclear how it could possibly be a reference to a trade secret or exploited to the detriment of Waymo.  This request is **GRANTED IN PART** and **DENIED IN PART**. |
| 1174-4 | Portions of defendant's reply in support of motion to strike. | The supporting declaration claims that disclosure of the information would significantly harm plaintiff's competitive standing.  While that risk seems minimal with respect to some highlighted information, the public's interest in said information also remains minimal, while other information is clearly related to alleged trade secret information.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 1174-5 | Portions of Waymo's amended | Good cause warrants sealing the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1220-4 | Portions of precis for motion for summary judgment. | Compelling reasons warrant sealing of the portions highlighted in both green and blue to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1220-6 | Portions of Haslim deposition transcript dated August 9, 2017. | Compelling reasons warrant sealing of the highlighted green portion, at page 3 line 16, to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1220-7 | Full contents of Haslim email dated July 21, 2017. | Compelling reasons warrant sealing of the information contained in the full paragraph of the email to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1220-8 | Portion of Droz deposition transcript dated August 3, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets which are interspersed throughout. This request is **GRANTED**. |

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

| | | |
|---|---|---|
| 1220-9 | Portions of McCann deposition transcript dated July 12, 2017. | Compelling reasons warrant sealing of the portions highlighted in green to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1220-10 | Portions of Ulrich deposition transcript dated July 20, 2017. | Compelling reasons warrant sealing of the portions highlighted in green to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1220-11 | Portions of U.S. Pat. No. 8,836,922. | Compelling reasons warrant sealing of pages 7 and 8 to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1299-4 1389-2 | Defendants precis for motion for summary judgment. | Compelling reasons warrant sealing of the schematic on page 2 and the portions marked in red boxes to prevent the disclosure of alleged trade secrets.  This request is **GRANTED.** |
| 1299-5 | Portion of Droz deposition transcript dated August 3, 2017. | Substantial swaths of the portions sought to be sealed redact plainly non-sealable information like — to highlight just one nonexhaustive example — the use of generic terminology to discuss optics absent discussion of technical specifications.  This request has not been narrowly tailored as required by Civil Local Rule 79-5 and is accordingly **DENIED**. |
| 1299-7 | Portions of McCann deposition transcript dated July 12, 2017. | Compelling reasons warrant sealing of the portions highlighted in green to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1332-7 | Portion containing private phone number in Anthony Levandowski's text messages. | Compelling reasons warrant sealing the personal phone number in the text message thread.  This request is **GRANTED**. |
| 1332-8 1398-4 | Portions of Sullivan email dated January 28, 2016. | Compelling reasons warrant sealing contact information. This justification does not, however, extend to the green highlighted portions in the body of the email.  This request is **GRANTED IN PART** and **DENIED IN PART**. |
| 1332-11 | Entirety of Anthony Levandowski's pay statement | Compelling reasons warrant sealing the pay statement which includes personal contact and confidential compensation information that is not central to the motion.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 1336-5<br>1396-4 | Portions of Bailey email dated January 27, 2016. | Compelling reasons warrant sealing of the portions highlighted in green to prevent the disclosure of confidential business information and private contact information.  This request is **GRANTED**. |
|---|---|---|
| 1336-6<br>1396-6 | Portions of Brin email dated January 27, 2016. | Compelling reasons warrant sealing of the portions highlighted in green to prevent the disclosure of confidential business information and private contact information.  This request is **GRANTED.** |
| 1336-9<br>1396-8 | Portions of Krafcik email dated April 1, 2016. | Compelling reasons warrant sealing of employee contact information.  This justification does not, however, extend to the body of the email which summarizes part of Mr. Levandowski's exit interview.  The circumstances surrounding Mr. Levandowski's departure from Google are central to the issue at hand.  As such, this request is **GRANTED IN PART** and **DENIED IN PART**. |
| 1336-10 | Near entirety of "Entering the TaaS Market" business strategy presentation. | Discrete portions of the presentation, on their own, do not contain information that would warrant sealing. Taken together as a whole, however, compelling reasons warrant sealing the content of the presentation to prevent the disclosure of confidential business strategy.  This request is **GRANTED.** |
| 1336-11<br>1396-10 | Substantial portions of Saleski email dated January 31, 2015. | Compelling reasons warrant sealing of the highlighted portions detailing employee contact information. Substantial swaths of the highlighted portions sought to be sealed, however, plainly contain non-sealable information, much of which is generalized criticism and concern without specific strategy information. The parties are permitted to redact specific project names and vendor information from the body of the email. But, as is, this request has not been narrowly tailored as required by Civil Local Rule 79-5, the entirety of t. This request is **GRANTED IN PART** and **DENIED IN PART**. |

United States District Court

For the Northern District of California

| | | |
|---|---|---|
| 1336-12 | Entirety of "Head Start" charts. | Compelling reasons warrant sealing of the entirety of the document to prevent the disclosure of confidential business information and strategy analysis which is not directly related to the issue at hand.  This request is **GRANTED**. |
| 1336-13 | Entirety of announcement list. | The supporting declaration fails to show a particularized compelling reason because it merely concludes in generic terms that this information has been kept confidential and disclosure thereof would threaten economic disadvantage.  It is unclear how the general announcement of contemporaneous information in the news could possibly be used to Waymo's economic disadvantage.  This request is **DENIED**. |
| 1336-14 | Portions of defendants' first supplemental response to the first set of common interrogatories. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED.** |
| 1337-4 | Portions of defendants' opposition to plaintiff's motion for relief from nondispositive pretrial order. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy.  This request is **GRANTED.** |
| 1337-6<br>1397-2 | Portions of Harrison deposition dated August 17, 2017. | Good cause warrants sealing of private employee information the narrowly tailored highlighted portions to prevent the disclosure of confidential business strategy.  This request is **GRANTED**. |
| 1366-5 | Entirety of defendants' opposition to plaintiff's list of defendants' alleged discovery misconduct. | Good cause warrants sealing of the document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED.** |
| 1369-5 | Entirety of defendants' opposition to plaintiff's list of defendants' alleged discovery misconduct. | Good cause warrants sealing of the document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED.** |
| 1399-4<br>1447-2 | Portions of defendants' supplemental brief in support of motion to strike. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED.** |
| 1399-5 | Portions of Hesselink opening expert report. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |

**United States District Court**
For the Northern District of California

| | | |
|---|---|---|
| 1399-7 | Portions of Kintz deposition dated August 26, 2017. | Substantial swaths of the portions sought to be sealed redact plainly non-sealable information like — to highlight just one nonexhaustive example — generic terminology used in basic math.  This request has not been narrowly tailored as required by Civil Local Rule 79-5.  Good cause, however, warrants the sealing of the highlighted portions at 3: 22–23 and 4:23.  Accordingly this request is **GRANTED IN PART** and **DENIED IN PART**. |
| 1419-4 1470-2 | Portions of defendants' motion for summary judgment. | Compelling reasons warrant sealing of the identified portions in red boxes and blue highlight to prevent the disclosure of alleged trade secrets.  This rationale, however, does not extend to the portions in red and yellow highlighter.  The supporting declaration claims that the motion  possesses sensitive contact and technical information.  The statement "over one hundred members consisting of individuals and IRAs" does not reveal private information, nor do the overview of defendants' lease structure in combination with the use of commercially available  third-party systems — absent specific deal or pricing information — show a compelling reasons for sealing the information within a dispositive motion. Accordingly this request is **GRANTED IN PART** and **DENIED IN PART**. |
| 1420-3 | Schwartz declaration in support of defendants' motion for summary judgment. | Since the underlying motion and its final disposition are central to the merits, a compelling reason must be shown to warrant sealing of the highlighted information.  The supporting declaration, however, fails to show a particularized compelling reason because it merely concludes in generic terms that this information has been kept confidential and disclosure thereof would threaten economic disadvantage.  This request is **DENIED**. |
| 1421 | U.S. Pat. No. 9,368,936 infringement contentions chart. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets which are interspersed throughout.  This request is **GRANTED**. |

**United States District Court**
For the Northern District of California

| | | |
|---|---|---|
| 1421-1 | Portions of Wolfe expert report on defendants' patent infringement. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets which are interspersed throughout. This request is **GRANTED**. |
| 1421-3 | Portions of plaintiff's amended fourth supplemental objections and responses to defendants' first set of interrogatories. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1421-5 | Portions of Droz deposition dated March 31, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1421-7 | Portions of Droz deposition dated August 3, 2017. | While more careful identification by the parties could have been done to limit the extent of the sealing, compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets which are interspersed throughout. This request is **GRANTED**. |
| 1421-9 | Portions of McCann deposition dated July 12, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1421-11 | Portions of Gassend deposition dated August 16, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1421-12 | Entirety of Nestinger deposition dated August 23, 2017. | Compelling reasons warrant sealing of vendor and model information, as well as portions at 8:5-9,11-19,23-25; 9:1-2,4-5,16. The remainder of the document, however, plainly contains non-sealable information, much of which is about what FACs are and general information about how they work. To the extent the defendant requests that the entire document be sealed, the request has not been narrowly tailored as required by Civil Local Rule 79-5. This request is **GRANTED IN PART** and **DENIED IN PART**. |

| 1421-13 | Velodyne Instructions | Compelling reasons warrant sealing of pages 9–24 to prevent the disclosure of alleged trade secrets.  This rationale, however, does not extend to the remainder of the document.  The supporting declaration claims that the document contains confidential technical information.  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."  The request has not been narrowly tailored as required by Civil Local Rule 79-5.  Accordingly, this request is **GRANTED IN PART** and **DENIED IN PART**. |
| --- | --- | --- |
| 1422-1 | Portions of defendant's objection and supplemental responses to plaintiff's third set of expedited interrogatories. | The supporting declaration claims disclosure of the information sought to be sealed would allow competitors to access sensitive business information and cause competitive and economic disadvantage.  While that risk seems minimal, the public's interest in said information also remains minimal.  Under these circumstances, sufficient compelling reasons has been shown to justify sealing.  This request is **GRANTED**. |
| 1422-3 | Portions of defendant's objection and responses to plaintiff's third set of expedited interrogatories. | Compelling reasons warrant sealing of the identified portions at 4:23; 5:7–8, 22–23; 6:11–12; 7:25 to prevent the disclosure of alleged trade secrets and technical information.  This request is **GRANTED**. |
| 1422-4 | Wagner expert report dated August 24, 2017. | The supporting declaration claims that the expert report possesses sensitive business information, namely the physical address of the company.  Defendant argues that if such information were made public, Otto's competitive standing would be harmed.  It remains unclear how such information that is already publically known could possibly cause competitive disadvantage.  Compelling reasons do not justify sealing.  This request is **DENIED**. |

**United States District Court**
For the Northern District of California

| 1422-9 | Plaintiff's supplemental objections and responses to defendant's interrogatory Nos. 1–9. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
|---|---|---|
| 1422-10 | Hesselink opening expert report. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1458-4 1516-2 | Portions of joint responses to court's questions 3 and 4 for further hearing on motion to strike asserted trade secret number 96. | Good cause warrants sealing of the identified portions in red boxes to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1458-5 | Fuji and GBr3 overlay graph. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1461-3 1517-2 | Defendants' responses to courts questions 1–2 and 5–8 for further hearing on motino to strike asserted trade secret number 96. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED.** |
| 1461-4 | Fuji Diodes | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1461-5 | Fuji FOV (Beam Pattern) | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1512-4 | Portions of defendants' motion for summary judgment, motion to strike TS 96, and Daubert motion. | Compelling reasons warrant sealing of the identified sections and quotes from sealed hearings to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1513 | Hesselink opening expert report. | Compelling reasons warrant sealing of the identified sections to prevent the disclosure of alleged trade secrets. This request is **GRANTED.** |
| 1513-2 | Portions of Droz deposition dated August 3, 2017. | Compelling reasons warrant sealing of the identified sections to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1520-5 1602-4 | Portions of Zbrozek email dated October 6, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential security and private employee information. This request is **GRANTED**. |

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| 1520-6<br>1602-6 | Portions of Peterson email dated October 7, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential security and private employee information.  This request is **GRANTED**. |
| 1520-7<br>1602-8 | Portions of Zbrozek email dated February 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential security and private employee information.  This request is **GRANTED**. |
| 1520-8 | Entirety of Keker memo dated August 4, 2016. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal corporate security issues.  This request is **GRANTED**. |
| 1520-9<br>1602-10 | Portions of Pfyl email dated August 1, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private employee information.  This request is **GRANTED**. |
| 1524-8<br>1657-4 | Portions of Zbrozek email dated October 6, 2016. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of confidential security and private employee information.  This request is **GRANTED**. |
| 1524-9<br>1657-6 | Portions of Peterson email dated October 7, 2016. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of confidential security and private employee information.  This request is **GRANTED**. |
| 1524-10<br>1657-8 | Portions of Zbrozek email dated February 22, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of confidential security and private employee information.  This request is **GRANTED**. |
| 1524-14 | Portions of Brin email dated January 27, 2016. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of private employee information.  This request is **GRANTED**. |
| 1524-15<br>1657-10 | Portions of Pfyl email dated August 1, 2016. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of private employee information.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 1524-16 | Entirety of Google Security | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of confidential security and private employee information.  This request is **GRANTED**. |
|---|---|---|
| 1524-17 | Portions of Bijnens emails dated May 3, 2016. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of confidential security and private employee information.  This request is **GRANTED**. |
| 1524-18 | Entirety of Keker memo dated August 4, 2016. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of confidential internal corporate security issues.  This request is **GRANTED**. |
| 1524-19 | Portions of meeting notes dated August 23, 2016. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of confidential internal corporate security issues.  This request is **GRANTED**. |
| 1524-21 | Portions of Urmson email dated February 1, 2015 | The supporting declaration claims that the presentation possesses sensitive business information, including private contact information and confidential analysis of Waymo's business and market strategy.  Plaintiffs argue that if such information were made public, Waymo's competitive standing would be harmed.  Compelling reasons have been shown to justify sealing.  This request is **GRANTED**. |
| 1524-23 1657-12 | Portions of Rizk email dated February 2, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of confidential security and private employee information as well as alleged trade secrets.  This request is **GRANTED**. |
| 1524-24 1657-14 | Portions of Gorman email dated February 23, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of confidential security and private employee information as well as alleged trade secrets.  This request is **GRANTED**. |
| 1524-25 1657-16 | Portions of Janosko declaration dated March 9, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |

19

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| 1524-28<br>1657-18 | Portions of Gudjonsson deposition dated July 28, 2017. | Compelling reasons warrant sealing of the identified portions in green boxes to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 1524-35 | Laykin expert report dated September 7, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of private employee information.  This request is **GRANTED**. |
| 1524-36<br>1672-2 | Portions of Drummond email dated August 23, 2016. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of private employee information.  This request is **GRANTED**. |
| 1540-7<br>1659-2 | Portions of Gorman email dated October 7, 2016. | Compelling reasons warrant sealing of the identified portions in green boxes to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 1540-9<br>1659-4 | Portions of Peterson October 7, 2016. | Compelling reasons warrant sealing of the identified portions in green boxes to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 1540-10<br>1659-6 | Portions of Zbrozek email dated October 6, 2016. | Compelling reasons warrant sealing of the identified portions in green boxes to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 1540-12<br>1659-8 | Portions of Zbrozek email dated February 22, 2017. | Compelling reasons warrant sealing of the identified portions in green boxes to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 1540-13<br>1664-1 | Google Security Team Event_Description | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal corporate security issues.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| 1540-14<br>1664-2 | Portions of Bijnens email dated May 3, 2016 | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential security and private employee information as well as alleged trade secrets. This request is **GRANTED**. |
|---|---|---|
| 1545-4<br>1661-2 | Portions of Peterson email dated October 7, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential security and private employee information. This request is **GRANTED**. |
| 1548-6 | Kalanick Letter dated June 20, 2017. | The supporting declaration fails to show particularized good cause because it merely concludes in generic terms that this information could threaten privacy or reputational interests. This request is **DENIED**. |
| 1548-8 | Portions of Gurley deposition dated August 24, 2017. | The supporting declaration fails to show particularized good cause because it merely concludes in generic terms that this information could threaten privacy or reputational interests, as well as harm Uber's competitive advantage. This request is **DENIED**. |
| 1548-12 | Portions of Gurly deposition dated August 24, 2017. | The supporting declaration fails to show particularized good cause because it merely concludes in generic terms that this information could harm Uber's competitive standing. It is unclear how discussion of — as nonexhaustive examples — the existence and makeup of a committee to watch over the Waymo litigation, the general discussion of getting "the right people on board," that some of the people in Otto were former Google employees, or of the former CEO's exit would pose a danger to Uber's standing or competitive advantage. This request is **DENIED**. |
| 1553-6 | Portions of Gruver email dated May 5, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |

21

United States District Court

For the Northern District of California

| 1553-8 | Portions of Anthony Levandowski email dated September 10, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
|---|---|---|
| 1553-12 | Portions of Hesselink Opening Expert Report. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1553-18 | Portions of Rivera email dated May 24, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 1557-4 1665-2 | Portions of defendants' motion in limine No. 24. | Good cause warrants sealing of the identified portions to prevent the disclosure of future financial valuations and forecasts.  This request is **GRANTED**. |
| 1557-6 | Portions of plaintiff's amended fourth supplemental objections and responses to Uber's first set of interrogatories (Nos. 1–11). | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1557-8 1665-4 | Portions of Bananzadeh deposition dated August 24, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1557-10 | Portions of Wagner expert report. | Good cause warrants sealing of the identified portions to prevent the disclosure of business information, strategy, and alleged trade secrets. This request is **GRANTED**. |
| 1557-12 | Portions of Waymo opposition to motion in limine No. 24. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business information.  This request is **GRANTED**. |
| 1557-20 | Portions of Wagner expert report. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business information.  This request is **GRANTED**. |
| 1562-4 | Defendants' motion in limine No. 25. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |

**United States District Court**
For the Northern District of California

| 1562-6 | Hesselink opening expert report. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
|---|---|---|
| 1562-8 | Raduta deposition dated July 13, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1562-10 | Penecot deposition dated June 14, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1562-12 1674-2 | Waymo's supplemental responses and objections to Uber's interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1562-16 | Lebby responsive expert report dated September 7, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1562-18 1674-4 | Portions of Pennecot declaration dated June 16, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1562-20 | Waymo's response to motion in limine No. 25. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1584-7 | Defendants' first set of request for production. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1584-9 | Portions of Pritt email dated September 13, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1585-7 1698-4 | Portions of Zbrozek email dated October 6, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private security and contact information.  This request is **GRANTED**. |
| 1585-9 1698-6 | Portions of Peterson email dated October 7, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private security and contact information.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| | | |
|---|---|---|
| 1585-10<br>1698-8 | Portions of Zbrozek email dated February 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of private security and contact information.  This request is **GRANTED**. |
| 1585-15 | Portions of Brin email dated January 27, 2016. | The document was not highlighted as indicated by plaintiff.  Good cause warrants sealing of the contact information and portions relating to retention plans.  to prevent the disclosure of private contact and confidential business information.  This request is **GRANTED**. |
| 1585-16<br>1698-10 | Portions of Pfyl email dated August 1, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private security and contact information.  This request is **GRANTED**. |
| 1585-17 | Entire Google incident tracking event. | The supporting declaration claims that disclosure of the information would reveal confidential security related information.  While that risk seems minimal with respect to this particular information, the public's interest in said information also remains minimal.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 1585-18 | Portions of Bijens email dated May 13, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private security, contact information, and alleged trade secrets.  This request is **GRANTED**. |
| 1585-19 | Entirety of Keker memo dated August 4, 2016. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal corporate security issues.  This request is **GRANTED**. |
| 1585-20 | Portions of meeting notes. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal corporate security issues.  This request is **GRANTED**. |
| 1585-22 | Portions of Urmson email dated February 1, 2015. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy and private contact information.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| 1585-23 | Portions of Lu email dated August 23, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private security and contact information.  This request is **GRANTED**. |
| 1585-24 1698-12 | Portions of Rizk email dated | Good cause warrants sealing of the identified portions to prevent the disclosure of private security, contact information, and alleged trade secrets. This request is **GRANTED**. |
| 1585-25 1698-14 | Portions of Gorman email dated February 23, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of private security and contact information.  This request is **GRANTED**. |
| 1585-26 1698-16 | Portions of Janosko declaration dated March 9, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 1585-30 1698-18 | Portions of Gudjonsson deposition dated July 28, 2017. | Good cause warrants sealing of the identified portions in green boxes to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 1585-36 | Portions of Laykin expert report dated September 7, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1585-37 1692-2 | Portions of Drummond email dated August 23, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1585-38 1698-22 | Portions of Zbrozek email dated March 12, 2015. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1609-5 | Portions of Hesselink expert report dated August 24, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 1609-7<br>1719-6 | Portions of Janosko declaration | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
|---|---|---|
| 1609-8<br>1719-8 | Portions of Zbrozek email dated March 12, 2015. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1609-9<br>1719-10 | Portions of Zbrozek email dated October 6, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private security and contact information.  This request is **GRANTED**. |
| 1609-12 | Portions of Laykin expert report dated September 7, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1614-4 | Portions of defendants' motion to exclude Wagner testimony. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information and alleged trade secrets. This request is **GRANTED**. |
| 1615 | Portions of Wagner expert report dated August 24, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business financial, and vendor information, and alleged trade secrets.  This request is **GRANTED**. |
| 1615-1 | Bratic rebuttal expert report dated September 7, 2017. | The supporting declaration claims that the presentation possesses sensitive business information, including confidential analysis of Waymo's business and market strategy. Plaintiffs argue that if such information were made public, Waymo's competitive standing would be harmed. Because of the presentation's non-dispositive nature, sufficient cause has been shown to justify sealing.  This request is **GRANTED**. |

| | | |
|---|---|---|
| 1615-2 | Entirety of Krafcik deposition dated August 2, 2017. | The supporting declaration claims that the presentation possesses sensitive business information, including confidential analysis of Waymo's business and market strategy. Plaintiffs argue that if such information were made public, Waymo's competitive standing would be harmed. Because of the presentation's non-dispositive nature, sufficient cause has been shown to justify sealing.  This request is **GRANTED**. |
| 1616 | Entirety of project overview document. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy and forecasting information. This request is **GRANTED**. |
| 1616-1 | Entirety of Chauffeur risk factors document. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy.  This request is **GRANTED**. |
| 1616-3 | Portions of Su deposition dated August 23, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy and forecasting information. This request is **GRANTED**. |
| 1616-4 | Entirety of Advanced Tech –2019 Vol. Recommendation | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy and forecasting information. This request is **GRANTED**. |
| 1617 | Self-Driving Car: 2016 budget presentation | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy and forecasting information. This request is **GRANTED**. |
| 1617-1 | Portions of Hesselink opening expert report. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1617-2 | Portions of defendants second supplemental response to first set of interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of business cost information and alleged trade secrets.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| 1617-4 | Entirety of financial management strategy document. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy and forecasting information. This request is **GRANTED**. |
|---|---|---|
| 1618-3<br>1718-2 | Portions of motion to exclude Brown and Gudjonsson testimony. | Good cause warrants sealing of the identified portions in red boxes to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1618-9 | Portions of Laykin expert report. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1618-10 | Entirety of machine forensic record. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 1618-11<br>1718-8 | Portions of Rizk email dated February 2, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal security and private contact information.  This request is **GRANTED**. |
| 1618-12 | Portions of Gudjonsson email dated February 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal security and private contact information.  This request is **GRANTED**. |
| 1618-13<br>1718-10 | Portions of Zbrozek email dated October 6, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal security and private contact information.  This request is **GRANTED**. |
| 1618-15 | Zbrozek email dated February 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal security and private contact information.  This request is **GRANTED**. |
| 1618-25<br>1718-16 | Portions of Brown email dated September 21, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets and private contact information.  This request is **GRANTED**. |

| 1618-26 1718-18 | Portions of Gorman email dated February 23, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal security and private contact information.  This request is **GRANTED**. |
|---|---|---|
| 1618-27 | Portions of Bijnens email dated May 3, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets, and confidential internal security and private contact information.  To the extent that sealing is limited to the identified terms (such as the actual "piece of equipment") and not the entire section in which the term resides, this request is **GRANTED**. |
| 1618-28 1718-20 | Portions of Peterson email dated October 7, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal security and private contact information.  This request is **GRANTED**. |
| 1623-4 1767-2 | Portions of opposition to continuance. | Good cause warrants sealing of the identified portions in red boxes to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1623-8 | Portions of indemnification agreement. | Good cause warrants sealing of the portions highlighted on pages 13–14 to prevent the disclosure of private contact information, and portions highlighted on pages 9–10 to prevent disclosure of confidential financial agreements.  This request is **GRANTED**. |
| 1623-9 | Portions of employee attestations. | Good cause warrants sealing of the identified portions on pages 8, 13, 17, 21, and 25 to prevent the disclosure of private contact information.  The supporting declaration, however, fails to show particularized good cause as to section 3(a) on pages 4, 9, 14, 18, and 22 because it merely concludes in generic terms that this information could threaten Otto's economic advantage.  This request is **GRANTED IN PART** and **DENIED IN PART**. |

United States District Court
For the Northern District of California

| 1623-15 | Entirety of Mobile Device Security Guidelines. | The supporting declaration claims disclosure of the information sought to be sealed could cause Google's competitive standing to be harmed. While that risk seems minimal with respect to general best-practices of device security, the public's interest in said information also remains minimal. Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
|---|---|---|
| 1623-17 | Entirety of Gassend email dated January 21, 2016. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets and private contact information.  This request is **GRANTED**. |
| 1623-18 | Entirety of Kshirsagar email dated February 4, 2016. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets and private contact information.  This request is **GRANTED**. |
| 1623-19 | Entirety of Google schematics. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1623-21 | Portion of Pritt email. | Good cause warrants sealing of the portion identified to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1623-22 | Portions of Hesselink reply expert report. | Good cause warrants sealing of the portion identified to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 1636-4 | Defendant's reply in support of motion for summary judgment. | Compelling reasons warrant the sealing of the portions identified in green and yellow highlight to prevent the disclosure of alleged trade secrets. The supporting declaration claims that the reply contains confidential business information, namely agreements and technical information. Defendant argues that if such information were made public, Otto's competitive standing would be harmed. It remains unclear how information that certain work was done by Uber employees or that Otto's intellectual property is owned and controlled by Uber would be detrimental to Otto's standing. Compelling reasons do not justify sealing of the portions highlighted in blue. This request is **GRANTED IN PART** and **DENIED IN PART**. |
|---|---|---|
| 1636-6 | Portions of Bentley deposition dated August 22, 2017. | The supporting declaration claims that the deposition contains sensitive business information that would threaten Otto's economic advantage if released. It remains unclear how the fact that Otto is not exploiting a license would harm their economic advantage. Compelling reasons do not justify sealing the portions identified on pages 3 and 6. Defendant may seal third-party vendor information identified on page 8. This request is **GRANTED IN PART** and **DENIED IN PART**. |
| 1636-9 | Entirety of intellectual property license terms. | The supporting declaration fails to show a particularized compelling reason because it merely concludes in generic terms that this information has been kept confidential and disclosure thereof would threaten defendants' competitive advantage. This request is **DENIED**. |
| 1638-10 | Portions of Nardinelli email dated August 17, 2017. | The supporting declaration claims that disclosure of the information would significantly harm plaintiff's competitive standing. While that risk seems minimal, the public's interest in said information also remains minimal, the request is well tailored to specific terms. Under these circumstances, sufficient good cause has been shown to justify sealing. This request is **GRANTED**. |

| 1770-3<br>1843-1 | Portions of defendants' opposition to exclude Malackowski. | The supporting declaration fails to show good cause because it merely concludes in generic terms that this information has been kept confidential and disclosure thereof would threaten defendants' competitive advantage.  It is unclear how opinions of unjust enrichment relate to corporate structure and agreements.  This request is **DENIED**. |
|---|---|---|
| 1770-5<br>1843-2 | Portions of Malackowski report. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets and confidential financial information.  This request is **GRANTED**. |
| 1770-7<br>1843-3 | Portions of Wagner deposition (rough draft) dated September 22, 2017. | The supporting declaration fails to show good cause because it merely concludes in generic terms that this information has been kept confidential and disclosure thereof would threaten defendants' competitive advantage.  It is unclear how vague statement on internal funding or opinions of unjust enrichment would cause such harm.  This request is **DENIED**. |
| 1781-6 | Portions of Wagner deposition (final) dated September 22, 2017. | Good cause warrants sealing of the portions identified at trade secrets at page 23 (85:8,11,15); page 24 (86:3,13,18; 87:12; 88:3,7-8,10,15,25; 89:2,10,14-15,19-20,24-25); page 25 (91:12); page 30 (111:20,22) to prevent disclosure of alleged trade secrets.  The supporting declaration fails to show good cause as to the remainder of the identified because it merely concludes in generic terms that this information has been kept confidential and disclosure thereof would threaten the parties' competitive advantage.  This request is **GRANTED IN PART** and **DENIED IN PART**. |
| 1786-4 | Portions of Wagner expert report. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets and confidential financial, technical, and strategic business information.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| | | |
|---|---|---|
| 1786-5 | Portions of Wagner expert reply report. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets and confidential valuation, financial, personal shareholder, and vendor information.  This request is **GRANTED**. |
| 1786-6 | Entirety of 2019 volume recommendation presentation. | Good cause warrants sealing of the entire presentation to prevent disclosure of confidential business forecasts and strategy information.  This request is **GRANTED**. |
| 1786-8 | Portions of defendants' second supplemental responses to first set of common interrogatories. | Good cause warrants sealing of the identified portions to prevent disclosure of alleged trade secrets and vendor information.  This request is **GRANTED**. |
| 1786-9 | Entirety of Bares notes. | Good cause warrants sealing of the entire document to prevent disclosure of confidential vendor, cost, and technical information.  This request is **GRANTED**. |
| 1830-4 | Portion of defendants' response to motion to compel additional depositions. | Good cause warrants sealing of the identified portion to prevent disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1830-6 | Portions of Linaval deposition dated April 13, 2017. | Good cause warrants sealing of the identified portion to prevent disclosure of alleged trade secrets and technical information.  This request is **GRANTED**. |
| 1830-8 | Gruver deposition dated April 20, 2017. | Good cause warrants sealing of the identified portion to prevent disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1839-7 1939-2 | Portions of Wagner deposition dated September 22, 2017. | The supporting declaration fails to show good cause because it merely concludes in generic terms that this information has been kept confidential and disclosure thereof would threaten defendants' competitive advantage.  It is unclear how vague statement on internal funding would cause such harm.  This request is **DENIED**. |
| 1839-9 1939-3 | Waymo's supplemental responses to Otto's interrogatories 1–9. | Good cause warrants sealing of the identified portion to prevent disclosure of alleged trade secrets and confidential financial information.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| 1887-20 | Portions of Haslim deposition dated May 4, 2017. | Good cause warrants sealing of the identified portion to prevent disclosure of alleged trade secrets.  This request is **GRANTED**. |
|---|---|---|
| 1990-4 | Entirety of Anthony Levandowski presentation. | Good cause warrants sealing of the entire document to prevent disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1990-5 | entirety of "[X] presentation" | Good cause warrants sealing of the entire document to prevent disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1990-6 | Entirety of Fayet-Lavandowski email dated November 4, 2015. | The supporting declaration fails to show good cause because it merely concludes in generic terms that this email contains trade secrets or other confidential business information.  It is unclear how an email string to arrange the time and place of a meeting is confidential.  The portions of the email that contain personal contact information may be sealed.  This request is **GRANTED IN PART** and **DENIED IN PART**. |
| 1990-7 | Entirety of "Screenshots". | Good cause warrants sealing of the entire document to prevent disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1990-8 | Entirety of "color screenshots". | Good cause warrants sealing of the entire document to prevent disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1990-10 2007-2 | Defendants' opposition to motion to compel Uber source code. | Good cause warrants sealing of the portions at 5:8; 7:4-16; 8:15-23 to prevent disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2001-4 | Portions of defendants' sur-reply to motion to compel Uber source code. | Good cause warrants sealing of the portions identified to prevent disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2001-6 | Portions of Burnette declaration. | Good cause warrants sealing of the portions identified to prevent disclosure of alleged trade secrets and technical information.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| | | |
|---|---|---|
| 2001-7 | Entirety of "Code document". | Good cause warrants sealing of the portions identified to prevent disclosure of alleged trade secrets and technical information.  This request is **GRANTED**. |
| 2001-8 | Entirety of "Code document". | Good cause warrants sealing of the portions identified to prevent disclosure of alleged trade secrets and technical information.  This request is **GRANTED**. |
| 2001-10 | Portions of Burnette deposition dated August 18, 2017. | Good cause warrants sealing of the portions identified to prevent disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2014-5 | Portions of Hesselink opening expert report. | Good cause warrants sealing of the portions identified to prevent disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2014-6 | Hesselink reply expert report. | Good cause warrants sealing of the portions identified to prevent disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2016-4 | Portions of Morgan deposition dated August 18, 2017. | Good cause warrants sealing of the portions identified to prevent disclosure of personal information . This request is **GRANTED**. |
| 2035-5 | Portions of French rebuttal expert report. | Good cause warrants sealing of the portions identified to prevent disclosure of confidential security information.  This request is **GRANTED**. |
| 2035-6 | Entirety of Keker memo dated August 4, 2016. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal corporate security information.  This request is **GRANTED**. |
| 2035-7 2080-4 | Portions of Lu email dated August 23, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information and confidential internal corporate security information.  This request is **GRANTED**. |
| 2035-8 | Portions of departures investigation. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information and confidential internal corporate security information.  This request is **GRANTED**. |

**United States District Court**
For the Northern District of California

| 2035-9 2080-6 | Portions of Lu email dated August 22, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
|---|---|---|
| 2035-10 | Portions of meeting notes. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal corporate security information.  This request is **GRANTED**. |
| 2035-11 2080-8 | Portions of Gorman email dated September 12, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information and confidential internal corporate security information.  This request is **GRANTED**. |
| 2045-4 | Portions of defendants' statements re Lyft information at trial. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy.  This request is **GRANTED**. |
| 2045-5 2137-2 | Portions of Krafcik deposition dated August 2, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy.  This request is **GRANTED**. |
| 2045-6 | Portions of market presentation. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy.  This request is **GRANTED**. |
| 2045-7 | Portions of Wagner reply expert report. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy.  This request is **GRANTED**. |
| 2081-3 | Fuji photos | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2081-4 | Fuji Photos | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2086-6 | Portions of Faulkner expert report. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets and confidential security information.  This request is **GRANTED**. |

36

| 2089-4 | Portions of defendants opposition to request to file motion in limine re Stroz report. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
|---|---|---|
| 2094-4 2146-2 | Portions of Waymo privilege log dated September 1, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 2094-5 2146-4 | Portions of Laykin expert report. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential security information.  This request is **GRANTED**. |
| 2094-8 2146-6 | Portions of Nardinelli email dated October 24, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 2100-6 | Portions of Faulkner deposition dated September 28, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2100-7 | Portions of Waymo's responses to eighth set of interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets and private financial information.  This request is **GRANTED**. |
| 2101-4 2149-2 | Portions of defendants' opposition to motion for leave to file amended trade secret list. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2101-6 2149-6 | Portions of Burnette deposition dated August 18, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2101-7 2149-8 | Portions of Burnette deposition dated August 18, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2101-12 | Burnette declaration | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets which are interspersed throughout. This request is **GRANTED**. |

United States District Court

For the Northern District of California

| 2108-4 | Otto's responses to Waymo's offer of proof. | Good cause warrants sealing of the identified portions to prevent the disclosure of personal financial information.  This request is **GRANTED**. |
|---|---|---|
| 2108-6 | Portions of defendants' opposition to motion to compel Uber source code. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2108-8 | Portions of Burnette declaration | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2108-9 | Entirety of Gigsby email dated August 18, 2016. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential corporate asset information.  This request is **GRANTED**. |
| 2108-11 | Defendants' motion for summary judgment. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2108-12 | Entirety of Burnette deposition dated October 13, 2017. | The supporting declaration claims disclosure of the information could jeopardize Otto Trucking's competitive standing.  While that risk seems minimal with respect to this particular information, the public's interest in said information also remains minimal.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 2108-14 | Portions of defendants' reply motion for summary judgment. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2140-6 | Machine Forensic Record. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential security information.  This request is **GRANTED**. |
| 2187-4 | Defendants' Precis re: Hesselink Opinions. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 2198-4<br>2235-2 | Portions of defendants' motion in limine No. 27. | Good cause warrants sealing of the identified portions in red boxes to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
|---|---|---|
| 2201-3 | Portions of Hesselink deposition dated September 26, 2017. | Good cause warrants sealing of the identified portions in red boxes to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2201-4 | Portions of Hesselink opening expert report. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2201-5 | Portions of reply expert report. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2201-6 | Portions of Wagner reply expert report. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2252-3<br>2286-1 | Waymo's responses to ten interrogatories re motion to compel responses. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets and confidential financial information. This request is **GRANTED**. |
| 2252-4 | Waymo's responses to first set of interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets and confidential business information. This request is **GRANTED**. |
| 2252-5<br>2286-3 | Waymo's responses to first set of interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2322-4<br>2349-2 | Defendants' opposition to motion to supplement trial witness list. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business and financial information.  This request is **GRANTED**. |
| 2325<br>2349-4 | Waymo's amended fourth supplemental responses to first set of interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |

| 2352-5 | Portions of Roberts email dated July 3, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of corporate security information.  This request is **GRANTED**. |
|---|---|---|
| 2352-6 2375-2 | Portions of defendants responses to third set of request for production. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential vendor information and alleged trade secrets. This request is **GRANTED**. |
| 2352-7 2375-4 | Portions of Rivera email dated July 3, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of corporate security information and alleged trade secrets. This request is **GRANTED**. |
| 2352-8 2375-6 | Portions of Roberts email dated July 3, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2352-9 | Portions of Rivera email dated July 7, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of corporate security information.  This request is **GRANTED**. |
| 2352-10 | Portions of Rivera email dated July 10, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of corporate security information.  This request is **GRANTED**. |
| 2352-15 2375-8 | Portions of Pritt email dated July 6, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2352-16 2375-10 | Portions of Pritt email dated July 20, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2352-17 2375-12 | Portions of McCauley email dated December 4, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy.  This request is **GRANTED**. |
| 2353 2375-14 | Portions of Nardinelli email dated July 24, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |

| | | |
|---|---|---|
| 2353-1 | Entirety of meet and confer minutes dated July 25, 2017. | While the risk of exposing information that would harm either party seems minimal with respect to this document, the public's interest in said information also remains minimal as it contains meet and confer minutes of attorney negotiations.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 2353-2 | Entirety of meet and confer minutes dated July 26, 2017. | While the risk of exposing information that would harm either party seems minimal with respect to this document, the public's interest in said information also remains minimal as it contains meet and confer minutes of attorney negotiations.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 2353-3 | Entirety of meet and confer minutes dated August 3, 2017. | While the risk of exposing information that would harm either party seems minimal with respect to this document, the public's interest in said information also remains minimal as it contains meet and confer minutes of attorney negotiations.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 2353-4 | Entirety of meet and confer minutes dated August 10, 2017. | While the risk of exposing information that would harm either party seems minimal with respect to this document, the public's interest in said information also remains minimal as it contains meet and confer minutes of attorney negotiations.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 2353-5 | Entirety of meet and confer minutes dated July 1, 2017. | While the risk of exposing information that would harm either party seems minimal with respect to this document, the public's interest in said information also remains minimal as it contains meet and confer minutes of attorney negotiations.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

| 2353-6 | Entirety of call minutes dated July 1 and 2, 2017. | While the risk of exposing information that would harm either party seems minimal with respect to this document, the public's interest in said information also remains minimal as it contains meet and confer minutes of attorney negotiations.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| --- | --- | --- |
| 2353-7 | Entirety of meet and confer minutes dated July 7, 2017. | While the risk of exposing information that would harm either party seems minimal with respect to this document, the public's interest in said information also remains minimal as it contains meet and confer minutes of attorney negotiations.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 2353-8 | Entirety of meet and confer minutes dated July 10, 2017. | While the risk of exposing information that would harm either party seems minimal with respect to this document, the public's interest in said information also remains minimal as it contains meet and confer minutes of attorney negotiations.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 2353-9 | Entirety of meet and confer minutes dated July 24, 2017. | While the risk of exposing information that would harm either party seems minimal with respect to this document, the public's interest in said information also remains minimal as it contains meet and confer minutes of attorney negotiations.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| 2378-4 | Uber's letter brief dated December 12, 2017. | Good cause warrants sealing of the portions identified at the last two lines of page 2 and the first line of page 3 to prevent disclosure of internal technology and confidential business procedures.  The supporting declaration fails to show good cause for why the first full paragraph on page three discussion mediation statements and quoting the California Evidence Code warrants sealing.  This request is **GRANTED IN PART** and **DENIED IN PART**. |
|---|---|---|
| 2378-5 | Entirety of Coughran email dated September 16, 2008. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential attorney advice on internal policy matters.  This request is **GRANTED**. |
| 2378-6 | Portions of Beaumont supplemental declaration. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential attorney advice on internal policy matters.  This request is **GRANTED**. |
| 2434-4 2437-2 | Portions of defendants response to Special Master recommendation. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential attorney advice on internal policy matters.  This request is **GRANTED**. |
| 2434-7 2437-4 | Portions of Johnston deposition dated December 14, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential attorney advice on internal policy matters.  This request is **GRANTED**. |
| 2434-8 2437-6 | Portions of Beaumont declaration. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential attorney advice on internal policy matters.  This request is **GRANTED**. |
| 2451-3 | Portions of Padilla deposition dated December 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal investigation and policy matters.  This request is **GRANTED**. |
| 2451-4 | Portions of Murphy email dated December 29, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal investigation information.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| | | |
|---|---|---|
| 2451-5<br>2459-2 | Portions of Sorge email dated October 27, 2014. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 2451-6<br>2459-4 | Portions of Bailey email dated October 27, 2014. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 2451-7 | Portions of Rivera email dated December 22, 2017. | Good cause warrants sealing of the identified portions on page 3 to prevent the disclosure of confidential internal information.  This request is **GRANTED**. |
| 2451-8<br>2455-1 | Portions of Padilla email dated June 9, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal and private contact information.  This request is **GRANTED**. |
| 2451-9<br>2455-2 | Portions of Lee email dated April 14, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal and private contact information.  This request is **GRANTED**. |
| 2451-11 | Portions of Gicinto deposition dated December 21, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential vendor information.  This request is **GRANTED**. |
| 2451-12 | Portions of Russo deposition dated December 20, 2017. | The party offers no supporting declaration for why the country name in question should be sealed.  This request is **DENIED**. |
| 2451-13<br>2455-3 | Portions of Padilla email dated April 14, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal and private contact information.  This request is **GRANTED**. |
| 2477-4 | Defendants reponse to Waymo's precis re litigation misconduct. | The supporting declaration fails to show good cause for why the identified portions warrants sealing.  It is unclear how the identified information constitutes confidential attorney advice as claimed.  This request is **DENIED**. |

United States District Court

For the Northern District of California

| 2477-6 | Entirety of Coughran email dated September 16, 2008. | Good cause warrants sealing of the entirety of the document to prevent the disclosure of confidential attorney advice on internal policy matters.  This request is **GRANTED**. |
|---|---|---|
| 2477-7 2496-4 | Portions of Beaumont declaration. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal and private contact information.  This request is **GRANTED**. |
| 2477-9 | Portions of Russo deposition dated December 20, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential vendor information.  This request is **GRANTED**. |
| 2477-11 | Portions of Giconto deposition dated December 21, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential vendor information.  This request is **GRANTED**. |
| 2500-4 2518-1 | Defendants' response to offer of proof. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal information and policy matters not central to the litigation.  This request is **GRANTED**. |
| 2501-2 | Portions of Clark deposition dated December 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal and private contact information.  This request is **GRANTED**. |
| 2501-4 | Portions of Cooper deposition dated August 23, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy.  This request is **GRANTED**. |
| 2501-6 | Portions of Giconto deposition dated December 21, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal investigation and  vendor information. This request is **GRANTED**. |
| 2501-8 | Portions of Haimovici 30(b)(6) deposition dated December 21, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal investigation information.  This request is **GRANTED**. |

45

United States District Court

For the Northern District of California

| 2501-10 | Portions of Henley deposition dated December 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy.  This request is **GRANTED**. |
|---|---|---|
| 2501-12 | Henley 30(b)(6) deposition dated December 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal investigation information.  This request is **GRANTED**. |
| 2501-13 2518-3 | Portions of Johnston 30(b)(6) deposition dated December 14, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal investigation information.  This request is **GRANTED**. |
| 2501-15 | Portions of Nocon deposition dated December 19, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal investigation information.  This request is **GRANTED**. |
| 2501-17 | Portions of Padilla deposition dated December 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal investigation and private employee information.  This request is **GRANTED**. |
| 2501-19 | Portions of Russo deposition dated December 20, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy.  This request is **GRANTED**. |
| 2501-20 2518-5 | Portions of Stewart deposition dated December 19, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal business information and strategy.  This request is **GRANTED**. |
| 2501-22 | Portions of Stojanovski deposition dated July 20, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 2501-24 | Portions of Yoo deposition dated December 14, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal investigation and private contact information.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| 2502 | Portions of Gonzalez email dated December 14, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal business information unrelated to the merits of the case at hand.  This request is **GRANTED**. |
| 2502-6 | Portions of Jacobs email dated April 13, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 2502-7 2518-7 | Portions of Google form. | Good cause warrants sealing of the identified portions to prevent the disclosure of private employee financial information.  This request is **GRANTED**. |
| 2502-8 2518-9 | Portions of Chatham email dated March 19, 2015. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy and private contact information.  This request is **GRANTED**. |
| 2509-9 2518-11 | Portions of Marx email dated December 9, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 2502-10 2518-13 | Portions of Tan email dated May 30, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal business strategy and private contact information.  This request is **GRANTED**. |
| 2502-11 2518-15 | Portions of Beaumont declaration. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal business and private contact information.  This request is **GRANTED**. |
| 2502-12 | Entirety of Coughran email dated September 16, 2008. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential attorney advice on internal policy matters.  This request is **GRANTED**. |

| 2502-13 | Entirety of Google chat document. | While the risk of this limited information would harm the party is minimal, the public's interest in said information also remains minimal. Under these circumstances, sufficient good cause has been shown to justify sealing given that it is confidential attorney advice.  This request is **GRANTED**. |
|---------|-----------------------------------|---|
| 2502-15 | Entirety of Spotter document. | The supporting declaration claims disclosure of the information sought to be sealed could allow competitors to imitate or disrupt Waymo's business strategies.  While that risk seems minimal with respect to this particular information, the public's interest in said information also remains minimal. Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 2502-17 | Entirety of AV startups. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential internal business strategy and private contact information.  This request is **GRANTED**. |
| 2502-18 | Entirety of location/weather chart. | The supporting declaration claims disclosure of the information sought to be sealed could allow competitors to imitate or disrupt Waymo's business strategies.  While that risk seems minimal with respect to this particular information, the public's interest in said information also remains minimal. Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 2502-25 | Entirety of Babcock email dated August 4, 2016. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy information.  This request is **GRANTED**. |
| 2502-26 | Entirety of Babcock email dated May 31, 2016. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy information.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| 2502-27 | Entirety of Ho email dated January 15, 2016. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy information.  This request is **GRANTED**. |
| 2502-28 | Entirety of Craig email dated February 18, 2016. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy information.  This request is **GRANTED**. |
| 2502-31 | Portions of Rivera email dated December 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business information.  This request is **GRANTED**. |
| 2502-33 | Defendants' response to appendix A to Waymo's offer of proof. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business information.  This request is **GRANTED**. |
| 2542-4 2594-2 | Defendants' response to offer of proof re development expenses. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential financial information and alleged trade secrets. This request is **GRANTED**. |
| 2543-1 2594-4 | Portions of Bananzadeh 30(b)(6) deposition dated August 24, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential financial information and alleged trade secrets. This request is **GRANTED**. |
| 2543-2 | Entirety of Chauffer presentation. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential financial and valuation information.  This request is **GRANTED**. |
| 2543-4 2594-6 | Portions of Droz 30(b)(6) deposition dated August 3, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2551-4 2599-2 | Portions of defendant's response to Waymo's trial brief. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2551-5 | Hesselink reply expert report. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |

1               *                    *                    *

2

3        **2.     WAYMO'S COMPREHENSIVE ADMINISTRATIVE MOTION (DKT. NO. 2664).**

4

| DKT. NO. | DOCUMENT SOUGHT TO BE SEALED | RULING |
|---|---|---|
| 453 | Declaration of Pierre-Yves Droz in Response to the Court's Question Regarding Waymo's Asserted Trade Secret #1 & Exhibits Thereto | Compelling reasons warrant sealing of the portions in question to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 453-3 | Unredacted Version of Declaration of Pierre-Yves Droz in Response to the Court's Question re Waymo's Trade Secret #1 | Compelling reasons warrant sealing of the portions in question to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 453-4 | Ex J - GBr3/Pbr Subsystem PDR | Compelling reasons warrant sealing of the portions in question to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 453-5 | Ex. K - V2 Sensing Google Invite | Compelling reasons warrant sealing of the portions in question to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 453-6 | Ex. L - WAYMO-UBER- 0004025 | Compelling reasons warrant sealing of the portions in question to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 483 483-4 | Notice Clarifying Vertical Resolution | Compelling reasons warrant sealing of the portions in question to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 535 535-2 | Revised Joint CMC Statement | Compelling reasons warrant sealing of the portions in question to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 825-4 | Statement of Waymo attorney in response to court order regarding patent claims. | Compelling reasons warrant sealing of the portions in question to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 825-7 | Ex. 2 - '936 Patent Infringement Contentions. | Though the document contain patent information, compelling reasons warrant sealing the entire document to prevent the disclosure of alleged trade secrets of non-patented technology. This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 825-8 | Ex. 3 - UBER00075463 | Compelling reasons warrant sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
|---|---|---|
| 834<br>834-4 | Statement re Questions to Ask AL at Trial. | Good cause warrants sealing of the portions in question to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 846-3<br>906-2 | Portions of motion for order to show cause re preliminary injunction. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential corporate shareholder information.  This request is **GRANTED**. |
| 846-6 | Portions of Cooper email dated May 19, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential corporate shareholder information.  This request is **GRANTED**. |
| 846-7 | Portions of Judah email dated June 27, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential corporate shareholder information.  This request is **GRANTED**. |
| 846-8 | Portions of Brun email dated June 29, 2017. | The supporting declaration claims disclosure of the document sought to be sealed contains confidential corporate structure information.  However, the identified portion merely infers generalized stock ownership of Mr. Levandowski.  This motion seems to be aimed at sealing the party's attempted sharp dealings.  Good cause has not been shown to justify sealing.  This request is **DENIED**. |
| 886<br>886-3 | Portions of reply for motion to show cause re preliminary injunction. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential corporate shareholder information.  This request is **GRANTED**. |
| 896<br>896-4<br>(947-2,<br>948-2) | Portions of response to Defendant's Briefs re AL's Adverse Inferences | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential corporate shareholder information.  This request is **GRANTED**. |
| 933-3/991<br>986-2 | Portions of plaintiff's objections and responses to Uber's third set of interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential vendor and cost information.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

51

United States District Court

For the Northern District of California

| 933-5 | Portions of plaintiff's first supplemental objections and responses to Uber's first set of interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
|---|---|---|
| 970<br>970-4<br>1017-2 | Portions of plaintiff's responses to Uber's motion for relief from emergency motion to stay of non-dispositive pretrial order. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 977-4 | Portions of Pennecot deposition dated June 14, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 987-3<br>1018-2 | Portions of plaintiff's opposition to motion to enforce court order. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential corporate shareholder information.  This request is **GRANTED**. |
| 987-5 | Entirety of Otto shareholder table | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential corporate shareholder information.  This request is **GRANTED**. |
| 1055<br>1055-4<br>1078-2 | Portions of Waymo's reply in support of motion for order to show cause. | The supporting declaration claims disclosure of the document sought to be sealed contains confidential corporate structure information.  However, the identified portion merely notes generalized stock ownership of Mr. Levandowski.  This motion seems to be aimed at sealing the party's attempted sharp dealings.  Good cause has not been shown to justify sealing.  This request is **DENIED**. |
| 1159-4 | Portions of Waymo's opposition to defendants' motion to strike trade secret claims. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1159-6 | Portions of Dolgov deposition dated August 8, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1159-8 | Portions of Uber's responses to Waymo's second set of common interrogatories. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets and vendor information.  This request is **GRANTED**. |

**United States District Court**
For the Northern District of California

| 1159-10 | Portions of Uber's responses to Waymo's second set of common interrogatories. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets and vendor information.  This request is **GRANTED**. |
| --- | --- | --- |
| 1159-12 | Portions of Gruver deposition dated August 4, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1159-14 | Portions of Bagnell email dated March 19, 2016. | Compelling reasons do not justify sealing the identified portion, which is describes technical information at such a high level of generality that, without more, it remains unclear how it could possibly be exploited to the detriment of the defendant.  This request is **DENIED**. |
| 1159-20 | Portions of Haslim deposition dated August 9, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1226-6 | Entirety of  WAYMO-UBER-00029365.C | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential security information.  This request is **GRANTED**. |
| 1341-4 1403-1 | Portions of Waymo's opposition to Uber's and Ottomotto's summary judgment précis. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1341-6 | Portions of Droz 30(b)(6) deposition dated August 3, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1341-8 | Portions of Pennecot deposition dated August 9, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1341-8 | Portions of Gruver deposition dated August 4, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| 1341-12 | Entirety of Levandowski email dated April 30, 2016. | Substantial swaths of the portions sought to be sealed redact plainly non-sealable information like — to highlight just a couple of nonexhaustive examples — the methods of payment, and the weather. This request has not been narrowly tailored as required by Civil Local Rule 79-5.  Compelling reasons, however, warrant sealing the portions identifying contact information.  Accordingly this request is **GRANTED IN PART** and **DENIED IN PART**. |
| 1357<br>1357-3<br>1405-1 | Portions of Waymo's offer of proof regarding defendants' trade secret misappropriation. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets, financial, and private contact information.  This request is **GRANTED**. |
| 1449-4<br>1474-2 | Portions of Waymo's response to defendants' supplemental brief re motion to strike trade secret claims. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1449-5 | Portions of Meyhofer email dated December 10, 2015. | Good cause warrants sealing of the identified portions to prevent the disclosure of vendor information.  This request is **GRANTED**. |
| 1449-6 | Portions of Levandowski message dated June 29, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of vendor and private contact information.  This request is **GRANTED**. |
| 1451-4 | Exhibit A from August 23, 2017 hearing. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1456-3 | Portions of Hesselink declaration re trade secrets. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1486-6 | Portions of opposition Otto's motion to compel. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1493-4<br>1501-4 | Portions of supplemental brief in support of motion for order to show cause. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets and vendor information.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 1501-4<br>1523-2 | Portions of supplemental brief in support of motion for order to show cause. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets and vendor information.  This request is **GRANTED**. |
|---|---|---|
| 1501-9 | Portions of Ex. 3 - UBER00109892 | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential financial information.  This request is **GRANTED**. |
| 1501-11 | Portions of Levandowski deposition dated August 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED** |
| 1501-12 | Portions of EX. 5 - UBER00047823 | Good cause warrants sealing of the identified portions to prevent the disclosure of vendor information.  This request is **GRANTED**. |
| 1501-21 | Portions of Ex. 13 - UBER00199147 | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential technical and alleged trade secrets as well as private contact information.  This request is **GRANTED**. |
| 1501-22<br>1523-6 | Portions of Ex. 14 - UBER00177240 | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1501-23<br>1523-8 | Portions of Ex. 15 - UBER00115396 | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1501-24<br>1523-10 | Portions of Ex. 16 - UBER00236495 | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets and private contact information.  This request is **GRANTED**. |
| 1501-25 | Portions of Ex. 17 - UBER00301109 | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets, vendor and private contact information.  This request is **GRANTED**. |
| 1501-26 | Portions of Ex. 18 - UBER00301139 | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |

| 1501-28 | Portions of Droz 30(b)(6) deposition dated August 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
|---|---|---|
| 1526-4 1673-1 | Portions of Opposition to motion for summary judgment. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets and confidential financial information. This request is **GRANTED**. |
| 1526-5 | Portions of Wolfe opening report. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-6 | Portions of Ex. 3 - UBER00177409. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-7 | Portions of Nestinger Ex. 1973. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-10 | Portions of Droz 30(b)(6) deposition dated August 3, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-11 | Entirety of Droz Ex. 1022. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-12 | Portions of Lebby responsive expert report. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-13 | Entirety of Ex. 10 - WAYMO-UBER-00006314. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-14 | Entirety of Ex. 11 - WAYMO-UBER-00000032560. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-15 | Portions of defendants' responses to Waymo's second set of expedited interrogatories. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 1526-16 | Entirety of Ex. 13 - UBER00011612. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
|---|---|---|
| 1526-18 | Portions of Pennecot deposition dated August 9, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-20 | Portions of Pennecot deposition dated June 14, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-22 | Portions of Pennecot deposition dated June 16, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-23 | Entirety of Levandowski email dated April 30, 2016. | Substantial swaths of the portions sought to be sealed redact plainly non-sealable information like — to highlight just a couple of nonexhaustive examples — the methods of payment, and the weather. This request has not been narrowly tailored as required by Civil Local Rule 79-5. Compelling reasons, however, warrant sealing the portions identifying contact information. Accordingly this request is **GRANTED IN PART** and **DENIED IN PART**. |
| 1526-25 | Portions of McCann deposition dated July 12, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-26 | Portions of Nestinger Ex. 1975. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-27 | Portions of Nestinger Ex. 1968. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1526-28 | Portions of Nestinger deposition dated August 23, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |

| 1526-32 | Portions of Hesselink opening report. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets and vendor information.  This request is **GRANTED**. |
|---|---|---|
| 1526-36 1673-3 | Portions of Schwarz deposition dated August 15, 2017. | The supporting declaration claims disclosure of the information sought to be sealed could allow competitors to tailor their compensation and incentive strategies to Waymo's competitive disadvantage.  While that risk seems minimal in light of the unusual facts of our case, the public's interest in said information also remains minimal.  Under these circumstances, sufficiently compelling reasons have been shown to justify sealing.  This request is **GRANTED**. |
| 1526-38 1673-4 | Portions of Bentley 30(b)(6) deposition dated August 22, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of confidential financial and corporate structure information.  This request is **GRANTED**. |
| 1526-39 | Entirety of Ex. 31 - UBER00022978. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of confidential corporate structure and agreement information.  This request is **GRANTED**. |
| 1542-5 | Portions of Ex. 2 - WAYMO-UBER-00086817. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact and confidential corporate security information.  This request is **GRANTED**. |
| 1542-6 | Portions of Ex. 37 - WAYMO-UBER-00022238. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1542-7 1663-1 | Portions of Ex. 39 - WAYMO-UBER-00086800. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets, private contact, and corporate security information.  This request is **GRANTED**. |
| 1542-8 | Portions of Ex. 40 - WAYMO-UBER-00086815. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 1542-9 | Portions of Ex. 42 - WAYMO-UBER-00084600. | Good cause warrants sealing of the identified portions to prevent the disclosure of corporate security information.  This request is **GRANTED**. |
|---|---|---|
| 1542-10 | Portions of Ex. 43 - WAYMO-UBER-00086836. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 1542-11 | Portions of Ex. 44 - WAYMO-UBER-00086885. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact and confidential corporate security information.  This request is **GRANTED**. |
| 1542-12 | Portions of Ex. 46 - WAYMO-UBER-00086932 w/o attachment. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact and confidential corporate security information.  This request is **GRANTED**. |
| 1544-3 | Portions of Ex. 2 - Depo Ex. 1770; UBER00077210. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 1544-6 | Portions of Urmson email dated November 24, 2014. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential strategy, financial valuation, and private contact information.  This request is **GRANTED**. |
| 1544-7 | Entirety of Ex. 32 - WAYMO-UBER-00001496. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential strategy information.  This request is **GRANTED**. |
| 1544-8 | Portions of Ex. 33 - WAYMO-UBER-00032547. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 1544-9 | Portions of Ex. 41 - WAYMO-UBER-00083658. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact and corporate security information.  This request is **GRANTED**. |
| 1544-10 | Portions of Ex. 45 - UBER00077210. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |

**United States District Court**
For the Northern District of California

| 1544-11 | Portions of Ex. 47 - WAYMO-UBER-00004175. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy and financial information.  This request is **GRANTED**. |
|---|---|---|
| 1551-6 | Portions of Droz deposition dated August 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1551-9 | Portions of Levandowski deposition dated August 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1555-4 | Portions of Droz deposition dated August 22, 2017. | Good cause warrants sealing of the identified portions in red to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1555-6 | Portions of defendant's objections and responses to plaintiff's second set of common interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential security information and alleged trade secrets.  This request is **GRANTED**. |
| 1555-10 | Portions of Xing deposition dated August 17, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential financial/compensation and private employee information.  This request is **GRANTED**. |
| 1555-12 | Portions of Dolgov deposition dated August 8, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential financial/compensation.  This request is **GRANTED**. |
| 1555-14 | Portions of Droz deposition dated August 22, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1867 | Portions of motion in limine No. 17. | Good cause warrants sealing of the identified portions in green to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1558-3 | Portions of defendants' third supplemental responses to Waymo's second set of common interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential vendor information and alleged trade secrets.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| 1558-4 | Portions of defendants' fifth supplemental responses to Waymo's first set of common interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential vendor information and alleged trade secrets. This request is **GRANTED**. |
|---|---|---|
| 1558-6 | Portions of Haslim deposition dated August 9, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1558-8 | Portions of Uber's opposition. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential vendor information and alleged trade secrets. This request is **GRANTED**. |
| 1558-9 | Portions of defendants' responses to Waymo's first set of common interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential vendor information and alleged trade secrets. This request is **GRANTED**. |
| 1558-10 | Portions of defendants' first supplemental responses to Waymo's second set of common interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential vendor information and alleged trade secrets. This request is **GRANTED**. |
| 1562<br>1708 | Portions of defendants' supplemental responses to Waymo's third set of common interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential compensation and valuation information. This request is **GRANTED**. |
| 1563-1<br>1708-1 | Portions of defendants' responses to Waymo's first set of expedited interrogatories. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential vendor information and alleged trade secrets. This request is **GRANTED**. |
| 1563-2 | Entirety of Ex. E -WAYMO-UBER- 00014078 | Good cause warrants sealing of the entire document to prevent the disclosure of confidential financial and private employee information. This request is **GRANTED**. |
| 1563-3 | Portions of Ex. F -WAYMO-UBER- 00033665 | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential financial valuation and private employee information. This request is **GRANTED**. |
| 1563-4<br>1708-2 | Entirety of Ex. G-chart | Good cause warrants sealing of the entire document to prevent the disclosure of confidential compensation and employee information. This request is **GRANTED**. |

| | | |
|---|---|---|
| 1563-6 | Portions of Kragcik deposition dated August 2, 2017 | Incorrectly labeled. |
| 1563-7 | Portions of Page deposition dated September 17, 2017 (Located at 1563-6). | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential compensation. This request is **GRANTED**. |
| 1563-10 | Entirety of Ex. M -WAYMO-UBER-00009503 | Good cause warrants sealing of the entire document to prevent the disclosure of confidential compensation information. This request is **GRANTED**. |
| 1563-11 | Entirety of Ex. N -WAYMO-UBER-00013908 | Good cause warrants sealing of the entire document to prevent the disclosure of confidential employment arrangement information.  This request is **GRANTED**. |
| 1563-12 | Entirety of Ex. O -WAYMO-UBER-00014020 | Good cause warrants sealing of the entire document to prevent the disclosure of confidential compensation information. This request is **GRANTED**. |
| 1563-13 | Entirety of Ex. P -WAYMO-UBER-00014504 | Good cause warrants sealing of the entire document to prevent the disclosure of confidential compensation information. This request is **GRANTED**. |
| 1563-14 | Entirety of Ex. Q -WAYMO-UBER-00026142 | Good cause warrants sealing of the entire document to prevent the disclosure of confidential employment arrangement information.  This request is **GRANTED**. |
| 1563-15 | Entirety of Ex. R -WAYMO-UBER-00026147. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential valuation and private contact information.  This request is **GRANTED**. |
| 1563-16 | Entirety of Ex. S -WAYMO-UBER-00033192 | Good cause warrants sealing of the entire document to prevent the disclosure of confidential compensation information. This request is **GRANTED**. |
| 1563-17 | Portions of Ex. T -WAYMO-UBER-00014099 | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential compensation information.  This request is **GRANTED**. |
| 1563-18 | Entirety of Ex. U -WAYMO-UBER-00014449 | Good cause warrants sealing of the entire document to prevent the disclosure of confidential compensation information. This request is **GRANTED**. |

United States District Court

For the Northern District of California

| 1563-19 | Entirety of Ex. V -WAYMO-UBER- 00014469 | Good cause warrants sealing of the entire document to prevent the disclosure of private contact information.  This request is **GRANTED**. |
|---|---|---|
| 1565-1 | Portions of Ferguson email dated December 18, 2015. | Good cause warrants sealing of the portions reflecting email address and the identity of bonus recipients to prevent the disclosure of private employee information.  This request is **GRANTED**. |
| 1565-2 1708-4 | Portions of Levandowski messages | Good cause warrants sealing of the portions identified to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1565-3 1666-7 | Portions of Sullivan email dated January 4, 2016. | Good cause warrants sealing of the portions reflecting confidential HR/employee information not central to the matter at trial.  This request is **GRANTED**. |
| 1565-4 1666-8 | Portions of Bailey email dated March 24, 2016. | Good cause warrants sealing of the portions reflecting email address and the identity of bonus recipients to prevent the disclosure of private employee information.  This request is **GRANTED**. |
| 1565-12 | Portions of Sorge deposition dated August 21, 2017. | Good cause warrants sealing of the portions highlighted in yellow to prevent disclosure of private employee information.  This request is **GRANTED**. |
| 1565-14 | Portions of Levandowski deposition dated August 22, 2017. | Good cause warrants sealing of the portions highlighted in red to prevent disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1565-16 | Portions of Urmson deposition dated August 24, 2017. | Good cause warrants sealing of the portions highlighted in red to prevent disclosure of confidential financial valuation information.  This request is **GRANTED**. |
| 1603-10 | Portions of Levandowski privacy screen dated September 15, 2017. | Good cause warrants sealing of the portions identified to prevent disclosure of the identities of two minor children.  This request is **GRANTED**. |
| 1603-11 | Entirety of Ex. 14 - Chauffeur Q4 Top-Line Goals | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 1603-12 | Entirety of Ex. 15 - UBER00313106. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
|---|---|---|
| 1603-13 | Entirety of Ex. 16 - SFM00000015. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1603-14 | Entirety of Ex. 17 - SFM00000022 | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1603-15 | Entirety of Ex. 18 - SFM00000039. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1606-3 | Portions of Waymo's motion to exclude Otto Trucking's damages expert. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential financial and shareholder information. This request is **GRANTED**. |
| 1606-5 1717-1 | Portions of Malackowski rebuttal report. | Good cause warrants sealing of the identified portions at 4:2-3, fn. 296, 5:3-6, 5:¶2, fn. 303 to prevent the disclosure of confidential financial and shareholder information. This request is **GRANTED**. |
| 1634-4 1775-1 | Portions of Waymo's opposition to defendant's motion for summary judgment, motion to strike, and Daubert motion. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1634-7 | Entirety of Laser graph. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 1634-8 | Portions of Hesselink reply expert report. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets and confidential vendor information. This request is **GRANTED**. |
| 1634-9 | Portions of Haslim email dated September 29, 2016. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |

| | | |
|---|---|---|
| 1634-10 | Portions of Haslim email dated October 5, 2016. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets and private contact information.  This request is **GRANTED**. |
| 1634-11 | Portions of Levandowski message dated June 29, 2016 | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets and private contact information.  This request is **GRANTED**. |
| 1634-13 | Portions of Ingram deposition dated August 16. 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1634-14 | Entirety of Ex. 12 - UBER00072128. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets and confidential vendor information.  This request is **GRANTED**. |
| 1634-15 | Portions of messages in Ex. 13 - UBER00177353. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets and private contact information.  This request is **GRANTED**. |
| 1634-16 1775-3 | Portions of Haslim message dated July 20, 2016. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of  private contact information.  This request is **GRANTED**. |
| 1634-17 1775-5 | Portions of Levandowski message dated November 16, 2016. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets and private contact information.  This request is **GRANTED**. |
| 1681-8 | Summary report dated August 5, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 1724-4 | Joint proposed pretrial order. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| 1724-5 | Entirety of Appendix A - joint trial exhibit list. | The supporting declaration claims disclosure of the information sought to be sealed would reveal alleged trade secrets.  While that risk seems minimal with respect to this particular information as it merely lists the names of documents, the public's interest in said list also remains minimal.  However, there are references to alleged trade secrets and vendor information throughout.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| --- | --- | --- |
| 1724-9 | Portions of Appendix D - defendants' rule 26(a)(3) witness list. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1724-11 | Uber's proposed special verdict form. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1724-13 | Otto's proposed special verdict form. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1763-7 | Portions of Peterson email dated October 7, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact and corporate security information.  This request is **GRANTED**. |
| 1763-12 | Portions of Gorman email dated October 6, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact and corporate security information.  This request is **GRANTED**. |
| 1773-5 | Portions of Ex. 1 - AL Ex. 633; UBER00047823. | Good cause warrants sealing of the identified portions to prevent the disclosure of employee information.  This request is **GRANTED**. |
| 1777-3 1846- | Portions of Waymo's opposition to defendants' motion to exclude damages expert. | Good cause warrants sealing of the identified portions to prevent the disclosure of valuation information and alleged trade secrets.  This request is **GRANTED**. |
| 1777-8 | Portion of Ex. 4 - Qi Ex. 296; UBER00068982. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 1777-10 | Portions of Wagner expert report. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets and confidential valuation and vendor information.  This request is **GRANTED**. |
|---|---|---|
| 1777-11 | Entirety of project presentation. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential strategic and financial information.  This request is **GRANTED**. |
| 1777-13 | Portions of project Zing presentation. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential strategic information.  This request is **GRANTED**. |
| 1789-4 | Portions of letter to Judge Corley dated September 24, 2017. | Good cause warrants sealing of the identified portions in green to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1789-5 1907-1 | Portions of project Zing presentation. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential vendor and strategic information.  This request is **GRANTED**. |
| 1789-6 | Entirety of Ex. 3 - UBER00323120. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1789-7 | Portions of Ex. 4 - UBER00323660. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1789-9 1907-4 | Portions of email chain dated April 9, 2016. | Good cause warrants sealing of the portions identified to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1834-4 1938-1 | Portions of response to defendants' submission of Wagner's deposition testimony. | Since the underlying motion and its final disposition remain attenuated from the merits, the public has little interest in the information sought to be sealed.  The supporting declaration, however, fails to show particularized good cause for why the information sought to be sealed would threaten an alleged trade secret. The phrases "test scenarios" and "fiber laser design" are too generic to pose such a risk.  This request is **DENIED**. |

| 1928-4 1974-1 | Portions of Waymo's supplemental motion for continuance. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
|---|---|---|
| 1928-6 | Entirety of laser requirements presentation. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1928-7 | Entirety of Google specifications sheet. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1928-8 | Entirety of laser presentation. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1928-10 | Entirety of Ex. 5 - List of Docs with AL as Custodian. | The supporting declaration claims disclosure of the information sought to be sealed would reveal alleged trade secrets.  While that risk seems minimal with respect to this particular information as it merely lists the names of documents, the public's interest in said list also remains minimal.  However, there are references to alleged trade secrets.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 1928-11 | Entirety of file list. | The supporting declaration claims disclosure of the information sought to be sealed would reveal alleged trade secrets.  While that risk seems minimal with respect to this particular information as it merely lists the names of documents, the public's interest in said list also remains minimal.  However, there are references to alleged trade secrets.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 1928-12 1974-2 | Portions of Gardner memorandum dated April 2, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information.  This request is **GRANTED**. |
| 1928-13 | Portions of French rebuttal report. | Good cause warrants sealing of the identified portions to prevent the disclosure of corporate security information.  This request is **GRANTED**. |

68

United States District Court

For the Northern District of California

| 1933-4 1972-1 | Portions of Waymo's opposition to defendant's motion for a separate trial. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential shareholder agreements.  This request is **GRANTED**. |
| --- | --- | --- |
| 1976-4 | Waymo's motion to compel Uber's source code. | Since the underlying motion and its final disposition remain attenuated from the merits, the public has little interest in the information sought to be sealed.  The supporting declaration, however, fails to show particularized good cause for why the information sought to be sealed would threaten an alleged trade secret.  The phrase "state variable" is too generic to pose such a risk.  This request is **DENIED**. |
| 1976-5 | Entirety of Ex. 1 - UBER00312869. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1976-8 | Entirety of Ex. 5 - STROZ_R_000178997. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1998-4 | Portions of Waymo's reply in support of its motion to compel Uber's source code. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1998-5 | Portions of Burnette deposition dated October 13, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1998-6 | Portions of Burnette deposition dated August 18, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 1998-7 | Entirety of Burnette math notes dated February 10, 2016. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2011-4 | Portions of Waymo's motion for relief from non-dispositive pre-trial order. | Good cause warrants sealing of the identified portions in green to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2011-5 | Portions of Burnett deposition dated October 13, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 2011-6 | Portions of Burnette deposition dated August 18, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
|---|---|---|
| 2011-7 | Portions of of Ex. 5 - STROZ_R_000178997. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2011-8 | Portions of Ex. 4 - WAYMO-UBER-00144445. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2011-9 | Entirety of Burnette math notes dated February 10, 2016. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2011-10 | Portions of Ex. 7 - UBER_AL_00015026. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. Waymo's contention that the document should be sealed in its entirety to prevent disclosure of alleged trade secrets has no basis here. This request is **GRANTED IN PART** and **DENIED IN PART**. |
| 2011-12 | Entirety of Holden email dated June 11, 2016. | The supporting declaration claims disclosure of the information sought to be sealed would reveal alleged trade secrets. Not so. It does, however, pertain to internal HR decisionmaking. While that risk seems minimal with respect to this particular information, the public's interest in of internal leadership problems also remains minimal. Under these circumstances, sufficient good cause has been shown to justify sealing. This request is **GRANTED**. |
| 2011-14 | Entirety of Ex. 10 - WAYMO-UBER-00144489. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2037-4 | Portions of Waymo's renewed motion to compel Uber's source code. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2037-5 | Portions of Burnett deposition dated October 13, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 2037-6 | Entirety of Ex. 2 - WAYMO-UBER-00144445. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
|---|---|---|
| 2037-7 | Entirety of Ex. 3 - WAYMO-UBER-00144449. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2053-7 2132-1 2139-1 | Portions of Ex. 5 - UBER00098492. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential employee contact and financial information.  This request is **GRANTED**. |
| 2053-8 | Portions of Ex. 6 - UBER00098538 | Good cause warrants sealing of the identified portions to prevent the disclosure of private employee contact information.  This request is **GRANTED**. |
| 2055-3 2133-1 2135-1 | Portions of Waymo's supplemental offer of proof regarding defendant's motion for summary judgment. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of confidential financial information and alleged trade secrets.  This request is **GRANTED**. |
| 2055-7 | Entirety of Otto Software development process. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2055-8 | Entirety of Otto Trucking expenses chart. | The supporting declaration fails to show a particularized compelling reason because it merely concludes in generic terms that this information has been kept confidential and disclosure thereof would threaten economic disadvantage.  It is unclear how this financial information in aggregate could be used to Otto's economic disadvantage.  This request is **DENIED**. |
| 2055-9 | Entirety of expense list. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of itemized expenses.  This request is **GRANTED**. |
| 2055-10 | Entirety of Ex. 6- OTTOTRUCKING00000035 | Compelling reasons warrant sealing of the entire document to prevent the disclosure of confidential corporate finance information.  This request is **GRANTED**. |

71

United States District Court

For the Northern District of California

| | | |
|---|---|---|
| 2055-11 | Entirety of Ex. 7 - OTTOTRUCKING00000020. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of confidential corporate finance information.  This request is **GRANTED**. |
| 2055-12 | Entirety of Ex. 8 - OTTOTRUCKING00000127. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of confidential corporate finance information.  This request is **GRANTED**. |
| 2055-13 | Entirety of Ex. 9 - UBER00199508. | Compelling reasons do not warrant sealing of the entire document to prevent the disclosure of confidential operations as the information is already public. This request is **DENIED**. |
| 2055-15 | Portions of Burnett deposition dated October 13, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2055-18 | Portions of Poetzcher deposition dated June 19, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of confidential financial structure and agreement information. This request is **GRANTED**. |
| 2055-19 | Entirety of Ex. 15 - UBER00076783. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of internal company notes regarding strategy.  This request is **GRANTED**. |
| 2055-20 | Portions of Ron email dated January 8, 2017. | Compelling reasons warrant sealing of the identified portions at page 3, bullet 2 and page 4, paragraph 1 to prevent the disclosure of confidential financial and employee information.  This request is **GRANTED**. |
| 2055-21 | Entirety of Malackowski deposition dated October 3, 2017. | Compelling reasons do not warrant sealing of the entire document to prevent the disclosure of confidential financial structure or agreement information as the information in the deposition is uncertain and does not go into any detail.  This request is **DENIED**. |
| 2055-22 | Portions of Qi email dated August 24, 2016. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of confidential financial structure, business agreement, and private contact information.  This request is **GRANTED**. |

| 2055-24 | Entirety of Otto Trucking Fully Diluted Ownership - Detailed Chart | Compelling reasons warrant sealing of the entire document to prevent the disclosure of confidential shareholder information.  This request is **GRANTED**. |
| 2057-4 | Portions of Waymo's motion to leave to file amended trade secret list. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2061 | Portions of Hesselink supplemental report. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2061-1 | Entirety of plaintiff's supplemental list of asserted trade secrets. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2061-2 | Portions of How opening expert report. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2061-3 | Entirety of Ex. 4 - STROZ_R_000178997. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2061-4 | Entirety of Ex. 5 - WAYMO-UBER-00144445. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2061-5 | Portions of Ex. 6 - UBER00312509. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2061-14 | Portions of Ex. 18 - UBER00312645. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2061-16 | Entirety of Wagner Supplemental Expert Report. | Compelling reasons warrant sealing of the entire document to prevent the disclosure of confidential strategy, private contact information, and alleged trade secrets which are interspersed throughout.  This request is **GRANTED**. |
| 2061-17 | Portions of Rinard Expert Report. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |

73

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| 2061-19 | Portions of Hesselink reply report. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2061-23 | Portions of Van Den Berg deposition dated August 2, 2017. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2061-24 | Entirety of Waymo's supplemental trial exhibit list. | The supporting declaration claims disclosure of the information sought to be sealed would reveal alleged trade secrets.  While that risk seems minimal with respect to this particular information as it merely lists the names of documents, the public's interest in said list also remains minimal.  However, there are references to alleged trade secrets and vendor information throughout.  Under these circumstances, sealing is justified.  This request is **GRANTED**. |
| 2182-5 2209-3 | Portion of Ex. 6 - SLACK-00000108. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2182-6 2209-4 | Portions of Ex. 7 - UBER00312654. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2182-7 2209-5 | Portions of Liebeskind email dated October 30, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2182-8 2209-6 | Portions of Slack email dated January 1, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2189-3 | Entirety of disclosure offer of proof. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2189-4 2225-1 | Portions of reasonable royalty offer of proof. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets, business strategy and confidential vendor information. This request is **GRANTED**. |

United States District Court
For the Northern District of California

| 2197-8 2236-3 | Portion of Ron email dated September 21, 2015. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
|---|---|---|
| 2197-11 2236-4 | Portions of Poetzcher email dated January 28, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2197-12 | Portions of Schroeder declaration dated | Good cause warrants sealing of the identified portions listing hardware information to prevent the disclosure of confidential security information. This request is **GRANTED**. |
| 2197-17 2236-5 | Portions of memorandum re Lenadowski dated April 2, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2197-19 2236-6 | Portions of Ex. 18 - UBER00312713. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2197-20 2236-7 | Portions of Ex. 19 - UBER00312716. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2197-26 2236-9 | Portions of Ex. 27 - RON0024044. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2197-27 | Portions of Yoo deposition errata dated October 12, 2017. | Good cause warrants sealing of the identified portions to prevent the disclosure of private financial and shareholder information. This request is **GRANTED**. |
| 2206-4 | Portions of Waymo's opposition to Uber and Otto's precis in support of motion in limine. | Good cause warrants sealing of the portions identified in green to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2238-4 | Portions of Waymo's opposition to Uber and Otto's motion in limine No. 27. | Good cause warrants sealing of the portions identified in green to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2238-5 2268-1 | Portions of Hesselink opening report. | Good cause warrants sealing of the portions identified in green to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |

| 2238-8 | Portions of Hesselink opening report. | Good cause warrants sealing of the portions identified in green to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
|---|---|---|
| 2238-10 | Portions of Lebby responsive report. | The supporting declaration claims disclosure of the information sought to be sealed would reveal alleged trade secrets.  While that risk seems minimal with respect to this particular information as it vaguely addresses the alleged trade secrets, the public's interest in this except remains minimal.  Under these circumstances, sufficient good cause has been shown to justify sealing. This request is **GRANTED**. |
| 2238-11 | Portions of McManamon responsive report. | Good cause warrants sealing of the portions identified in green to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2256-4 | Portions of amended joint pretrial order. | Good cause warrants sealing of the portions identified in green to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2256-5 | Entirety of appendix A. | The supporting declaration claims disclosure of the information sought to be sealed would reveal alleged trade secrets.  While that risk seems minimal with respect to this particular information as it merely lists the names of documents, the public's interest in said list also remains minimal.  However, there are references to alleged trade secrets and vendor information throughout.  Under these circumstances, sufficient good cause has been shown to justify sealing.  This request is **GRANTED**. |
| 2256-7 | Portions of appendix D. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2265-5 | Portions (near entirety) of exhibit 1 of Schroeder declaration. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential security information.  This request is **GRANTED**. |
| 2271-6 | Portions of defendants' initial disclosures. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |

United States District Court

For the Northern District of California

| 2271-8 | Portions of defendants' amended initial disclosures. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
|---|---|---|
| 2271-9 | Portions of Hesselink opening report. | Good cause warrants sealing of the portions identified in green to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2275-4 | Portions of Bratic rebuttal expert report. | Good cause warrants sealing of confidential business and financial information and alleged trade secrets identified at paragraphs: 35–36, 74, 89, 94, 151–182, 180 (bullet point 3), 186–187, 189, 201–202, 220–221, and 227 (bullet point 6), as well as the table on page 47, and pages 151 and 160. These justifications do not, however, extend to the other portions identified, which describe information in such vague detail that it is unclear how economic harm would result from disclosure.  This request is **GRANTED IN PART** and **DENIED IN PART**. |
| 2281-5 | Portions of Ex. 1 - UBER0032633. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential information of a matter unrelated to the merits of this case.  This request is **GRANTED**. |
| 2281-11 | Portions of defendants' list of servers. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential security information.  This request is **GRANTED**. |
| 2327-5 | Portions of Waymo's first set of requests for production. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets and confidential security information.  This request is **GRANTED**. |
| 2327-7 | Portions of Waymo's first set of expedited interrogatories. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2327-9 | Portions of Roberts letter re: electronic search terms dated July 25, 2017. | This document is not highlighted as indicated in the motion.  However, sealable information is referenced in the identified portions of pages 3 and 4.  The references on those identified pages may be sealed in a limited fashion to prevent disclosure of alleged trade secrets.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| 2327-10<br>2360-1 | Portions of Rivera email dated July 3, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets and confidential security information.  This request is **GRANTED**. |
| 2327-11<br>2360-2 | Portions of Ex. 8 - UBER00326403. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential information of a matter unrelated to the merits of this case.  This request is **GRANTED**. |
| 2336-5 | Entirety of Google accounts security policy. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 2336-6 | Entirety of corporate services security policy. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 2336-7 | Entirety of mobile device security policy. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 2336-8 | Entirety of Google security kitten - personal computer. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 2336-9 | Entirety of Waymo employee handbook guidelines and policy. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 2339-11 | Entirety of Google third party chat services security guidelines. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal security information.  This request is **GRANTED**. |
| 2367-5 | Portions of Ex. 1 - UBER0032633. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential information relating to a matter unrelated to the merits of this case.  This request is **GRANTED**. |
| 2367-8 | Portions of Waymo's first set of requests for production to defendants. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets and confidential security information.  This request is **GRANTED**. |

78

| 2367-10 | Portions of Pritt email dated July 6, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2367-12 | Portions of Pritt email dated July 20, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2367-14 | Portions of Roberts dated July 25, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2367-16 | Portions of Nardinelli email dated August 8, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2367-18 2403-2 | Portions of Uber document search for regular requests for production. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2367-20 | Portions of defendants' amended initial disclosures. | Good cause warrants sealing of the portions identified to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2367-22 | Waymo's first set of expedited interrogatories pursuant to preliminary injunction order. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2406-2 | Waymo's submission re further response re unjust enrichment. | Good cause warrants sealing of the portions identified at 6:4–5 to prevent the disclosure of alleged trade secrets. This justification, however, does not extend to lines 15–16 or 23 as the information merely references "test scenario" without more detail.  This request is **GRANTED IN PART** and **DENIED IN PART**. |
| 2406-4 2431-1 | Portions of Waymo's third set of objections and responses to Uber's third set of interrogatories. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets and confidential vendor information.  This request is **GRANTED**. |
| 2406-5 2431-2 | Portions of Waymo's supplemental responses and objections to Uber's interrogatories. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets and confidential financial projections.  This request is **GRANTED**. |

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| 2419-5 | Jacobs letter. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential information of a matter unrelated to the merits of this case.  This request is **GRANTED**. |
| 2419-7 | Entirety of Yoo email dated September 13, 2007. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential information of a matter unrelated to the merits of this case.  This request is **GRANTED**. |
| 2419-8 2439-1 | Portions of Ex. 5 - Yoo Ex. 9211; UBER00332471. | Good cause warrants sealing of the portions identified to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2419-12 2439-4 | Portions of Ex. 11 - SMC-0000041. | Good cause warrants sealing of the portions identified to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2425-4 2440-1 | Waymo's reply submission to special master regarding Uber's obligation to produce documents. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential board decisionmaking.  This request is **GRANTED**. |
| 2425-5 | Entirety of Ex. 17 - UBER00334393. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential board decisionmaking.  This request is **GRANTED**. |
| 2425-9 | Entirety of Ex. 22 - UBER00331681. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy.  This request is **GRANTED**. |
| 2466-3 2486-1 | Portions of Waymo's offer of proof of defendants' discovery misconduct. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets and confidential business and personal information.  This request is **GRANTED**. |
| 2466-5 2486-2 | Portions of Jacobs email dated April 14, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of private contact and confidential information of a matter unrelated to the merits of this case.  This request is **GRANTED**. |
| 2466-6 | Portions of Jacobs letter. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential information of a matter unrelated to the merits of this case.  This request is **GRANTED**. |

**United States District Court**
For the Northern District of California

| 2466-9 | Entirety of Ex. 5 - UBER00334501. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential information of a matter unrelated to the merits of this case. This request is **GRANTED**. |
|---|---|---|
| 2466-10 2486-3 | Portions of Ex. 6 - UBER00332471. | Good cause warrants sealing of the portions identified to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2466-16 | Entirety of autonomous vehicle competitive strategy report. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy analysis. This request is **GRANTED**. |
| 2466-17 | Entirety of alias list. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy analysis. This request is **GRANTED**. |
| 2466-18 | Entirety of competitive intelligence email. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy analysis. This request is **GRANTED**. |
| 2466-19 | Entirety of Boehmke email dated October 28, 2016. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2466-20 2486-4 | Portions of Ex. 17 - UBER00338182. | Good cause warrants sealing of the identified portions to prevent the disclosure of private contact information. This request is **GRANTED**. |
| 2466-21 | Entirety of strategy presentation. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy analysis. This request is **GRANTED**. |
| 2466-24 | Entirety of strategy meeting minutes. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy analysis. This request is **GRANTED**. |
| 2466-25 | Entirety of strategy meeting minutes. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy analysis. This request is **GRANTED**. |
| 2466-26 | Entirety of competitive intelligence memorandum. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy analysis. This request is **GRANTED**. |

| 2467-2 | Portions of plaintiff's response to discovery order. | The supporting declaration fails to show a particularized good reason to seal because it merely concludes that this information is confidential attorney advice. The information, however, is a general statement in the form of a response to a court ordered discovery disclosure. It is unclear how the general announcement of contemporaneous information in the news could possibly be used to harm Waymo's standing. This request is **DENIED**. |
|---|---|---|
| 2467-8 | Entirety of Ex. 40 - UBER00340637. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal data governance information unrelated to the merits of this case. This request is **GRANTED**. |
| 2467-9 | Entirety of Ex. 41 - UBER00340616. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal data governance information unrelated to the merits of this case. This request is **GRANTED**. |
| 2467-10 | Entirety of Ex. 42 - UBER00336927. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal data governance information unrelated to the merits of this case. This request is **GRANTED**. |
| 2467-11 | Entirety of Ex. 43 - UBER00336919. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal data governance information unrelated to the merits of this case. This request is **GRANTED**. |
| 2467-12 | Entirety of Ex. 44 - UBER00341463. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential internal data governance information unrelated to the merits of this case. This request is **GRANTED**. |
| 2467-13 | Entirety of competitive intelligence report. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy analysis. This request is **GRANTED**. |
| 2467-20 | Entirety of Padilla email dated June 22, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential internal investigation information of a matter unrelated to the merits of this case. This request is **GRANTED**. |

| | | |
|---|---|---|
| 2467-21 2486-6 | Portions of Ex. 54 - UBER00334507. | Good cause warrants sealing of the portions identified to prevent the disclosure of personal contact and identification information.  This request is **GRANTED**. |
| 2467-22 2486-7 | Portions of Ex. 57 - UBER00326393. | Good cause warrants sealing of the portions identified to prevent the disclosure of personal contact information.  This request is **GRANTED**. |
| 2468 2486-8 | Portions of Ex. 60 - STROZ_0001557. | Good cause warrants sealing of the portions identified to prevent the disclosure of personal contact and identification information.  This request is **GRANTED**. |
| 2468-5 2486-9 | Portions of defendants' response to Waymo's first set of expedited interrogatories. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential vendor information.  This request is **GRANTED**. |
| 2468-6 | Portions of Ex. 66 - UBER00068740. | Good cause warrants sealing of the portions identified to prevent the disclosure of personal contact information.  This request is **GRANTED**. |
| 2468-8 | Portions of Ex. 68 - UBER00218400. | Good cause warrants sealing of the portions identified to prevent the disclosure of personal contact and business strategy  information.  This request is **GRANTED**. |
| 2468-9 | Entirety of Ex. 69 - UBER00016983. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential compensation information.  This request is **GRANTED**. |
| 2468-10 | Portion of Levandowski text message. | Good cause warrants sealing of the portions identified to prevent the disclosure of personal contact information.  This request is **GRANTED**. |
| 2468-11 | Portion of Levandowski text message. | Good cause warrants sealing of the portions identified to prevent the disclosure of personal contact information.  This request is **GRANTED**. |
| 2468-12 | Portion of Ron text message. | Good cause warrants sealing of the portions identified to prevent the disclosure of personal contact information.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| 2468-14 | Portions of Ex. 75 - UBER00109892. | Good cause warrants sealing of the portions identified to prevent the disclosure of private employee compensation information.  This request is **GRANTED**. |
|---------|-----------------------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------|
| 2468-15 | Portions of Ex. 76 - UBER00071397. | Good cause warrants sealing of the portions identified to prevent the disclosure of personal contact information.  This request is **GRANTED**. |
| 2468-16 | Portions of Ex. 77 - UBER00100343. | Good cause warrants sealing of the portions identified to prevent the disclosure of personal contact information.  This request is **GRANTED**. |
| 2468-18 | Entirety of Poetzcher email dated May 10, 2016. | The supporting declaration fails to show a particularized good reason to seal because it merely concludes that this information entails competitive intelligence information.  The entirety of email, however, merely states "it is closed."  Without more, this information poses no risk to Uber.  The portions of the email that disclose personal contact information may be sealed.  This request is **GRANTED IN PART** and **DENIED IN PART**. |
| 2468-19 | Entirety of competitive intelligence report. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy analysis.  This request is **GRANTED**. |
| 2468-20 | Entirety of competitive intelligence report. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy analysis.  This request is **GRANTED**. |
| 2468-21 | Entirety of competitive intelligence report. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential business strategy analysis.  This request is **GRANTED**. |
| 2469-8 | Portions of Levandowski text messages. | Good cause warrants sealing of the identified portions to prevent the disclosure of personal contact information and alleged trade secrets.  This request is **GRANTED**. |
| 2469-11 2486-10 | Portions of Yoo deposition dated December 14, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential internal investigation information of a matter unrelated to the merits of this case.  This request is **GRANTED**. |

| | | |
|---|---|---|
| 2469-13<br>2486-11 | Portions of Padilla deposition dated December 22, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential internal investigation information of a matter unrelated to the merits of this case.  This request is **GRANTED**. |
| 2469-16<br>2486-12 | Portions of Huffington deposition dated December 19, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential internal investigation information of a matter unrelated to the merits of this case.  This request is **GRANTED**. |
| 2469-18<br>2486-13 | Portions of Russo deposition dated December 20, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential business strategy and internal investigation information of a matter unrelated to the merits of this case.  This request is **GRANTED**. |
| 2469-19<br>2486-14 | Portions of Nocon deposition dated December 19, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential business strategy and internal investigation information of a matter unrelated to the merits of this case.  This request is **GRANTED**. |
| 2469-20<br>2486-15 | Portions of Gicinto deposition dated December 21, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential business strategy.  This request is **GRANTED**. |
| 2461-21<br>2486-16 | Portions of Clark deposition dated December 22, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential internal investigation information of a matter unrelated to the merits of this case.  This request is **GRANTED**. |
| 2469-22<br>2486-17 | Portions of Spiegler deposition dated December 22, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential internal investigation information.  This request is **GRANTED**. |
| 2469-25<br>2486-18 | Portions of Kalanick deposition dated December 14, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential internal investigation information.  This request is **GRANTED**. |

| | | |
|---|---|---|
| 2469-31<br>2486-20 | Portiosn of Haslim deposition dated August 9, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential financial information and alleged trade secrets. This request is **GRANTED**. |
| 2469-32 | Portions of Haslim deposition dated May 2, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2469-35 | Portions of Ron deposition dated December 12, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential internal investigation information of a matter unrelated to the merits of this case. This request is **GRANTED**. |
| 2489<br>2489-4 | Portions of precis requesting motion in limine to preclude evidence or argument characterizing Mr. Jacobs allegations. | Good cause warrants sealing of the portions identified to prevent the disclosure of confidential internal investigation information of a matter unrelated to the merits of this case. This request is **GRANTED**. |
| 2519-3 | Portions of amended joint pretrial order. | Compelling reasons warrant sealing of the portions highlighted in green to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2519-5 | Portions of appendix A to amended joint pretrial exhibit list. | The supporting declaration claims disclosure of the information sought to be sealed would reveal alleged trade secrets. While that risk seems minimal with respect to this particular information as it merely lists the names of documents, the public's interest in said list also remains minimal. However, there are references to alleged trade secrets and confidential vendor information throughout. Under these circumstances, sufficiently compelling reasons have been shown to justify sealing. This request is **GRANTED**. |
| 2519-6 | Portions of appendix D to defendants' amended witness list. | Compelling reasons warrant sealing of the identified portions to prevent the disclosure of personal contact information. This request is **GRANTED**. |
| 2527-4<br>2532-3 | Waymo's offer of proof regarding admissibility of certain market financial information. | Good cause warrants sealing of the identified portion in green at 4:10 to prevent the disclosure of confidential financial forecast information. This request is **GRANTED**. |

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| 2527-6 | Near entirety of TaaS presentation. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential forecasting and strategy  information.  This request is **GRANTED**. |
| 2527-7 | Entirety of long term strategy presentation. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential forecasting and strategy  information.  This request is **GRANTED**. |
| 2527-9 | Portions of Ex. 5 - TX-5472; STROZ_R_000003106. | Good cause warrants sealing of the identified portions to prevent the disclosure of personal contact information.  This request is **GRANTED**. |
| 2527-10 | Portions of Holden email dated May 13, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of personal contact information.  This request is **GRANTED**. |
| 2527-17 2584-4 | Portions of project Zing presentation. | Good cause warrants sealing of the identified portions to prevent the disclosure of confidential business strategy and agreements.  This request is **GRANTED**. |
| 2527-18 | Portions of Bares email dated January 20, 2016. | Good cause warrants sealing of the identified portions to prevent the disclosure of personal contact information.  This request is **GRANTED**. |
| 2527-20 | Entirety of Ex. 18 - TX-170; UBER00060321. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets and confidential vendor information.  This request is **GRANTED**. |
| 2528 | Entirety of Chauffeur P&L. | Good cause warrants sealing of the entire document to prevent the disclosure of confidential financial information.  This request is **GRANTED**. |
| 2530-4 | Portions of offer of proof re development expenses. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |
| 2530-7 | Entirety of Ex. 3 - TX-85; UBER00006451. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets.  This request is **GRANTED**. |

United States District Court

For the Northern District of California

| 2530-8 | Entirety of Ex. 4 - TX-124; UBER00059911. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
|---|---|---|
| 2530-9 | Portions of Ingram deposition dated August 16, 2017. | The supporting declaration fails to show a particularized good reason to seal because it concludes that this information divulges alleged trade secrets. Not so. The deposition contains sections discussing "use cases" in vague terms, lacking any detail. Without more, this information poses no risk of divulging alleged trade secrets. The indicated portion at page 3 lines 3 and 19–20 may be sealed as they describe alleged trade secrets in more detail. This request is **GRANTED IN PART** and **DENIED IN PART**. |
| 2530-11 | Entirety of principles of operation. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2602-3 | Portions of parties joint submission regarding short descriptions for alleges trade secrets. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2602-5 | Entirety of exhibit A - list of alleged trade secrets. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2606-4 | Portions of appendix 2 to Bares deposition dated June 16, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2606-6 | Portions of appendix 3B to Bared deposition dated June 16, 2017. | Good cause warrants sealing of the portions identified to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2606-9 | Entirety of Appendix 6 - TX-170; UBER00060321. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2606-10 | Entirety of Appendix 7 - TX-367; UBER00060504. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |

**United States District Court**
For the Northern District of California

| 2606-11 | Entirety of Appendix 8 - TX-459; UBER00018074. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
|---|---|---|
| 2606-12 | Portions of Bagnell email dated March 19, 2016. | The supporting declaration fails to show a particularized good reason to seal. The sentence plaintiff seeks to seal merely states that there are "some diagrams to share." Without more, this information poses no risk of divulging alleged trade secrets. This request is **DENIED**. |
| 2606-13 | Entirety of Appendix 10 - TX-682; UBER00060506. | Good cause warrants sealing of the entire document to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2606-14 | Portions of Appendix 11 - TX-674; UBER00060319. | Good cause warrants sealing of the identified portion at the bottom of page 2 after"Bryan" to prevent the disclosure of private financial information. This request is **GRANTED**. |
| 2628-3 | Portions of responses to defendants' brief re penultimate jury instructions. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2628-5 | Portions of Hesselink opening report. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |
| 2641-2641-3 | Portions of Appendix A to notice of submission of interrogatory responses. | Good cause warrants sealing of the identified portions to prevent the disclosure of alleged trade secrets. This request is **GRANTED**. |

**IT IS SO ORDERED.**

Dated:  December 24, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE