# UNREDACTED VERSION OF EXHIBIT 2 SOUGHT TO BE FILED UNDER SEAL

**FIRST AMENDMENT TO**
**LIMITED LIABILITY COMPANY AGREEMENT**
**OF**
**OTTO TRUCKING LLC**

THIS FIRST AMENDMENT TO LIMITED LIABILITY COMPANY AGREEMENT ("**Amendment**"), dated as of August 17, 2016, of Otto Trucking LLC, a Delaware limited liability company (the "**Company**"), is entered into by and among the Company, Anthony Levandowski and Lior Ron, as the managing members of the Company (the "**Managing Members**").

**RECITALS**

A.  The Company was formed as a limited liability company pursuant to the provisions of the Delaware Limited Liability Company Act, 6 Del. C. § 18-101 et seq., and the Members entered into that certain Limited Liability Company Agreement (the "**Agreement**") dated and effective as of April 6, 2016.

B.  Pursuant to Section 15 of the Agreement, the Agreement may be amended only by the written consent of the Managing Members.

C.  The Managing Members desire to amend the Agreement on the terms and conditions set forth in this Amendment.

**AGREEMENT**

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual promises, covenants, and conditions herein contained, the receipt and sufficiency of which are hereby acknowledged, the Managing Members hereby agree as follows:

1.01  <u>Defined Terms</u>. Capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Agreement.

1.02  <u>Amendment</u>. The following shall be added as subsection (c) to Section 6 of the Agreement:

"(c)  <u>Call Right</u>. The Company may, at any time at the sole discretion of the Managing Members, repurchase in one or more transactions, any Unit from any Member, and such Member shall be obligated to sell such Unit, at the Repurchase Price (as defined below) (the "**Call Right**").

(i)  The price per Unit to be paid by the Company upon settlement of the Company's Call Right (the "**Repurchase Price**") shall equal the fair market value of the Unit determined in good faith by the Managing Members as of the date of the Call Notice (as defined below) in their sole discretion (the "**Fair Market Value**").

(ii)  To exercise the Call Right, the Company must give written notice thereof to such Member (the "**Call Notice**") which must (i) be in writing and signed by an

1

authorized officer of the Company, (ii) set forth the Company's intent to exercise the Call Right and contain the total number of Units the Company intends to repurchase pursuant to the Call Right, and (iii) be mailed or delivered in accordance with Section 21 hereof.

(iii) The closing of any repurchase under this Section 6(c) shall be at a date to be specified by the Managing Members, such date to be no later than 30 days after the date of the Call Notice. The Repurchase Price shall be paid at the closing or within five (5) business days thereafter in the form of a check or by cancellation of money purchase indebtedness against surrender by such Member of any certificate evidencing the Units with duly endorsed unit powers if any. No adjustments shall be made to the Repurchase Price for fluctuations in the Fair Market Value of a Unit after the date of the Call Notice.

(iv) In the event the Company exercises the Call Right pursuant to this Section 6(c) for less than all of the Units beneficially owned by such Member (such uncalled Units, the "**Remaining Units**"), the Company shall irrevocably forfeit, and no longer have, the Call Right with respect to the Remaining Units.

(vi) Notwithstanding anything to the contrary, the Company may assign any or all of its rights under this Section 6(c) to one or more Members of the Company."

1.03  <u>Amendment Controlling</u>.  In the event of any inconsistency between the terms of this Amendment and the terms of the Agreement, the terms of this Amendment shall control. Except to the extent expressly amended pursuant to this Amendment, the terms and provisions of the Agreement shall remain in full force and effect without modification and are hereby ratified by the parties.

1.04  <u>Governing Law</u>. This Amendment shall be construed, enforced, and interpreted in accordance with the laws of the State of Delaware, without regard to conflicts of law provisions and principles thereof.

1.05  <u>Entire Agreement</u>.  This Amendment, together with the Agreement, sets forth all of the promises, agreements, conditions, and understandings between the parties respecting the subject matter hereof and supersedes all prior or contemporaneous negotiations, conversations, discussions, correspondence, memoranda, and agreements between the parties concerning such subject matter.

[Signatures on Following Page]

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                                           OTTOTRUCKING00000002

IN WITNESS WHEREOF, the undersigned hereby execute this Amendment as of the date first written above.

**OTTO TRUCKING LLC,**
a Delaware limited liability company

By: _____
Name:  Anthony Levandowski
Title:  Managing Member

By: _____
Name:  Lior Ron
Title:  Managing Member

**MANAGING MEMBERS:**

**Anthony Levandowski**

_____

**Lior Ron**

_____

3

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                               OTTOTRUCKING00000003