# EXHIBIT 16

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
ERIC A. TATE (CA SBN 178719)
ETate@mofo.com
RUDY Y. KIM (CA SBN 199426)
RKim@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P.M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington DC 20005
Telephone: 202.237.2727
Facsimile: 202.237.6131

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>Defendants. | Case No.   3:17-cv-00939-WHA<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC'S OBJECTIONS AND RESPONSES TO WAYMO'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 153-265)**<br><br>Trial Date: October 2, 2017 |

**REQUEST FOR PRODUCTION NO. 199:**

DOCUMENTS sufficient to show ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

**RESPONSE TO REQUEST FOR PRODUCTION NO. 199:**

Defendants have made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Scott Boehmke, John Bares, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show ████████████████

████████████████████████████████████████████████████████████████████████████

████████

To the extent this Request seeks anything other than the previously described information, Defendants object to this Request as unreasonably overbroad, irrelevant, outside the scope of this litigation, harassing, and not proportional to the needs of the case, including to the extent that it requests information about LiDAR designs developed by third-parties and/or implicates non-disclosure agreements with third parties. Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to this Request on the ground that the phrase "considered or implemented" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 200:**

DOCUMENTS sufficient to show all self-driving car test scenarios that informed, drove, or influenced any LiDAR design considered or implemented by DEFENDANTS.

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

38

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 200:**

Defendants have already produced documents responsive to this Request, including without limitation, documents produced in connection with Notices of Deposition for Asheem Linaval. Specifically, Defendants produced PowerPoint presentations, notes, and calculations from the custodial files of Scott Boehmke.

In addition, Defendants have made available for inspection Uber's facilities, email, computers, documents, design files, and source code in San Francisco and Pittsburgh on eight occasions. In doing so, Uber has made available for inspection over 383,000 emails and documents; the devices of Scott Boehmke, John Bares, Anthony Levandowski, Gaetan Pennecot, Daniel Gruver, and James Haslim; and all four locations at which there is ongoing LiDAR development. To date, Waymo has conducted approximately 55 hours of inspection, with additional requests for investigation.

Defendants will produce additional non-privileged documents, if such documents exist and can be located through a reasonably diligent search, sufficient to show additional self-driving test scenarios used for Defendants' LiDAR designs.

To the extent this Request seeks anything other than the previously described information, Defendants also object to this Request as unreasonably overbroad, irrelevant, outside the scope of this litigation, harassing, and not proportional to the needs of the case, including to the extent that it requests information about LiDAR designs developed by third-parties and/or implicates non-disclosure agreements with third parties. Defendants also object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks "all" "self-driving car test scenarios[.]" Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery. Defendants further object to the use of the phrases "self-driving car test scenarios," "informed, drove, or influenced," and "considered or implemented" are vague and ambiguous.

DEFENDANTS' OBJECTIONS AND RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 153-265)
Case No. 3:17-cv-00939-WHA
pa-1791825

39