QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Jordan Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                Plaintiff,<br><br>        vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>                Defendants. | CASE NO. 3:17-cv-00939<br><br>**PLAINTIFF WAYMO LLC'S MOTION FOR RECONSIDERATION OF ORDER ON COMPREHENSIVE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL (DKT. 2685)** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date and time to be scheduled by the Court, before the Honorable William H. Alsup, U.S. District Court Judge, Plaintiff Waymo LLC ("Waymo") will and hereby does move the Court for reconsideration of limited parts of the Order on Comprehensive Administrative Motions to File Under Seal (Dkt. 2685). Specifically, Waymo seeks an order:

1. Sealing portions of the deposition transcript of Gregory Kintz, dated April 26, 2017 (previously filed at Dkt. 409-8), specifically those portions marked with green highlights at 4:22–23; 5:6–7, 11–12, 14–15; 6:23; 7:18–19; and 8:15–16, 24 in the version filed concurrently herewith as Exhibit A.

2. Sealing portions of the Rule 30(b)(6) deposition transcript of Pierre Yves-Droz, dated August 3, 2017 (previously filed as Dkt. 1299-5), filed concurrently herewith as Exhibit B.

3. Sealing portions of Defendants' Response to Waymo's Précis regrading Defendants' Litigation Misconduct (previously filed as Dkt. 2477-4), specifically the portions marked by the red box at 3:26–27, in the version filed concurrently herewith as Exhibit C.

4. Sealing portions of an email sent by Drew Bagnell, dated March 19, 2016 (previously filed as Dkt. 1159-14), specifically the portions marked with green highlight in the version filed concurrently herewith as Exhibit D.

5. Sealing portions of an email sent by Anthony Levandowski, dated April 30, 2016 (previously filed as Dkt. 1341-12), specifically those portions marked with green highlights in the version filed concurrently herewith as Exhibit E, in addition to passages previously granted sealing.

6. Sealing portions of an email sent by Anthony Levandowski, dated April 30, 2016 (previously filed as Dkt. 1526-23), specifically those portions marked with green highlights in the version filed concurrently herewith as Exhibit F, in addition to passages previously granted sealing.

7. Sealing portions of the Rebuttal Expert Report of Walter Bratic (previously filed as Dkt. 2275-4), specifically those portions marked with green highlight at ¶¶ 35, 48, 55, 108, 119, 211, 213, & 221 in the version filed concurrently herewith as Exhibit G, in addition to passages previously granted sealing.

8. Sealing portions of Plaintiff's Response to Discovery Order" (previously filed as Dkt. 2467-2), specifically the portions marked with green highlights at 4:6–7 in the version filed concurrently herewith as Exhibit H.

9. Sealing portions of an email from Brian Salesky, dated January 31, 2015 (previously filed as Dkt. 1336-11/1396-10), specifically the portions marked with green highlights in the version filed concurrently herewith as Exhibit I, in addition to passages previously granted sealing.

10. Sealing portions of an email sent by Drew Bagnell, dated March 19, 2016 (previously as Dkt. 2606-12), specifically the portions marked with green highlights in the version filed concurrently herewith as Exhibit J.

This Motion is supported by this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying attorney declaration, the pleadings and papers on file in this action, and such arguments and authorities as may be presented to the Court.

Waymo respectfully requests reconsideration of limited parts of the order filed as Dkt. 2685 in the form of an order sealing Waymo's highly sensitive and confidential business information. Waymo's reconsideration requests are narrow, and encompass only the specific portions of documents that would explicitly disclose confidential business information, which would cause Waymo significant competitive harm.

## I.   LEGAL STANDARD

1.   Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). In the context of dispositive motions, materials may be sealed only if the party seeking sealing demonstrates "compelling reasons" to keep the material sealed. *Kamakana*, 447 F.3d at 1178. Material should be sealed under the heightened "compelling reasons" standard to prevent "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," *id.*, as well as to prevent court records from becoming "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978).

## II.   WAYMO'S TRADE SECRETS

Under both the "good cause" standard and the heightened "compelling reasons" standard, courts have determined that trade secret information merits sealing. *See, e.g.*, *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428, 2013 WL 211115, at *1, *3 (N.D. Cal. Jan. 17, 2013); *see also* Fed. R. Civ. P. 26(c)(1)(G) (courts may issue orders "requiring that a trade secret . . . not be revealed"). Indeed, California's Uniform Trade Secrets Act provides in relevant part that, "[i]n an action

under this title, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action." Cal. Civ. Code § 3426.5. Without sealing, trade secrets would be destroyed through publication. Accordingly, courts regularly grant sealing of asserted trade secrets, even over objections from defendants. *See, e.g.*, *Fortinet, Inc. v. Sophos, Inc.*, No. 13-cv-5831, 2015 U.S. Dist. LEXIS 151930, at *6-7 (N.D. Cal., Nov. 9, 2015) (granting sealing motion, noting that "the Court is not in a position to make this judgment at this time").

Specifically portions of the deposition transcript of Gregory Kintz, dated April 26, 2017 (previously filed as Dkt. 409-8), marked with green highlights in the version filed concurrently herewith as Exhibit A, contain descriptions of Waymo's technology that, from context, would disclose specifics of at least Alleged Trade Secret No. 1. In its order, the Court denied sealing of Dkt. 409-8 because it had "not been narrowly tailored." (Dkt. 2685 at 3). As such, Waymo narrows its request for sealing and respectfully identifies only those portions marked with green highlights at 4:22–23; 5:6–7, 11–12, 14–15; 6:23; 7:18–19; and 8:15–16, 24 as those that would disclose its trade secrets should they be made public. (Francis Decl. ¶¶ 3, 7.) Additionally, the requests to seal the portions identified at 4:22–23 and 6:23 correspond to portions of Dkt. 1399-7 [Kintz Dep., April 26, 2017] for which this Court granted sealing in the same order. (*See* Dkt. 2685 at 14.)

Similarly, portions of the transcript of the Rule 30(b)(6) deposition transcript of Pierre Yves-Droz, dated August 3, 2017 (previously filed as Dkt. 1299-5)—filed concurrently herewith as Exhibit B—contain descriptions of Waymo's technology that, from context, would disclose specifics of Alleged Trade Secret No. 9. (Francis Decl. ¶¶ 4, 7.) The Court denied Waymo's initial request to seal this testimony because it had "not been narrowly tailored." (Dkt. 2685 at 11.) Waymo respectfully renews its request. The specific portions of the deposition testimony that Waymo seeks to seal corresponds to portions of other documents for which the Court granted Waymo's request to seal. (*See* Dkt. 2685 at 53) (granting request to seal portions of Droz deposition, including portions corresponding to the same portions requested for 1299-5, because "[c]ompelling reasons warrant sealing of the identified portions to prevent the disclosure of

alleged trade secrets." (*See e.g.*, Dkt. 1341-6)). Waymo respectfully requests that the Court likewise grant sealing of the same information in Dkt. 1299-5.

Waymo respectfully resubmits its request to seal the identified portions in the email sent by Drew Bagnell, dated March 19, 2016 (previously filed as Dkt. 1159-14), specifically the portion marked with green highlights in the sealed version filed concurrently herewith as Exhibit D. The Court denied Waymo's request to seal the identified portion for the stated reason that it "describes technical information at [] a high level of generality." (Dkt. 2685 at 53). Waymo hereby clarifies the precise nature of the limited information Waymo requests remained sealed. Rather than being generalized information that poses no risk of divulging its alleged trade secrets, Waymo contends the sentence that Waymo seeks to seal is derived from and tracks one of the specific self-driving car test scenarios that comprise Alleged Trade Secret No. 25. (Francis Decl. ¶¶ 5, 7.) As such, disclosure of this particular test scenario would in fact publicly disclose a portion of Waymo's alleged trade secrets, destroying the secrecy of the trade secret and giving Waymo's competitors access to the research and development of Waymo's autonomous vehicle system. Accordingly, if such information were made public, Waymo's competitive standing would be significantly harmed. (Francis Decl. ¶ 7.) For this reason, Waymo requests that the Court grant sealing of this specific information.

Likewise, Waymo's other request to seal the same portion in the same email exchange from Drew Bagnell, dated March 19, 2016 (previously filed as Dkt. 2606-12) was denied by the Court. Because of other highlighting that was in the underlying document, the Court may have interpreted Waymo's Comprehensive Administrative Motion to Seal as seeking to seal the sentence "I have some diagrams to share." Waymo hereby clarifies what it intended to seal. Waymo only seeks to keep sealed the same portion of the document, marked with green highlights in the sealed version filed concurrently herewith as Exhibit J, that it was with respect to Dkt. 1159-14—the sentence that describes one of the self-driving car test scenarios in Alleged Trade Secret No. 25. As disclosure of this information would reveal Waymo's trade secret information and harm Waymo's competitive standing, disclosure of this particular test scenario would publicly reveal a portion of Waymo's alleged trade secrets, destroying the secrecy of the trade secret and

giving Waymo's competitors access to the research and development of Waymo's autonomous vehicle system.  (*See* Francis Decl. ¶¶ 5, 7.)  Accordingly, if such information were made public, Waymo's competitive standing would be significantly harmed.  (*See* Francis Decl. ¶ 7.)  Waymo requests that the Court grant sealing of this specific information.

Additionally, certain portions of the Levandowski email, dated April 30, 2016, (previously filed as Dkt. 1341-12 & Dkt. 1526-23)[1] should remain sealed, specifically the portions marked in green highlights in the sealed versions filed concurrently herewith as Exhibits E and F.  Though the Court granted in part and denied in part sealing of both Dkt. 1341-12 and Dkt. 1526-23, it noted that the "request has not been narrowly tailored as required by Civil Local Rule 79-5." (Dkt. 2685 at 54, 57.)  Waymo hereby narrows its sealing request further and respectfully clarifies that the portions identified above disclose specific technical information about Waymo's Alleged Trade Secret No. 9 (FAC lens).  (Francis Decl. ¶ 6.)  As such, disclosure of this information would in effect disclose Waymo's confidential trade secret information to the public and to its competitors, destroying the secrecy of Waymo's FAC development and significantly harming Waymo's competitive standing.  (*See* Francis Decl. ¶¶ 6, 7.)  For this reason, Waymo requests the Court grant sealing of this limited information with respect to both Dkt. 1341-12 and Dkt. 1526-23.

## III.     HIGHLY SENSITIVE AND CONFIDENTIAL BUSINESS INFORMATION SHOULD REMAIN SEALED

Confidential business information that may "harm a litigant's competitive standing" if released also merits sealing.  *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978).  In particular, disclosure of detailed confidential financial information would result in competitive harm.  *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) (reversing district court's refusal to seal the parties' confidential financial information).  Likewise, this Court has already recognized that information regarding confidential business transactions,

---

[1]   The document was filed in identical form and Waymo's request to seal certain portions applies identically to each version filed with the Court.

whether actual or contemplated, merit sealing. (*See* Dkt. 2326 at 5 (granting sealing of portions of Dkt. 1214- 6/1294-4 "which refer to Waymo acquisitions"); *id.* at 6 (granting sealing of portions of Dkt. 1214-18/1294-16 and Dkt. 1214-24/1294-18 that refer to Waymo acquisitions).) Accordingly, Waymo's highly sensitive and confidential information regarding its business plans and financial valuations should remain sealed.

Waymo requests only narrowly tailored portions of the Bratic Rebuttal Expert Report (previously filed at Dkt. 2275-4) should remain sealed where they disclose Waymo's confidential financial information and business plans. Specifically, those portions marked with green highlights at ¶¶ 35, 48, 55, 108,[2] 119, 211, 213, & 221 in the version filed concurrently herewith as Exhibit G should remain sealed. Though the Court granted in part and denied in part sealing of Dkt. 2275-4, noting that part of it "is properly sealable because that portion contains Waymo's confidential projections and financial information" (Dkt. 2393 at 2), Waymo hereby narrows its sealing request further and respectfully clarifies that the portions identified above disclose highly sensitive and confidential information about its potential business models as well as its current and potential business and partnership plans. (Francis Decl. ¶ 8; *see also* Dkt. 1048-1 ¶ 3.) The public disclosure of such specific business strategy information, for example, a list of those priorities that Waymo considers most critical to success in the TaaS space, or an internal assessment of a confidential P&L statement, would enable competitors to unfairly tailor their own business strategy based on Waymo's confidential business strategy and plans, which would cause Waymo significant competitive harm. (*See* Francis Decl. ¶ 8.) For this reason, the Court should grant sealing of the limited portions identified above.

Portions of an email from Brian Salesky, dated January 31, 2015 (previously filed as Dkt. 1336-11/1396-10), and filed concurrently herewith as Exhibit I should also remain sealed as they disclose Waymo's internal business development dealings. The portions Waymo seeks to keep sealed are narrowly tailored to only those portions that discuss confidential business deals with

---

[2] The Court's Order (Dkt. 2685 at 77) granted sealing of paragraph 180 (bullet point 3). Waymo requested sealing of bullet point 3 at paragraph 108, and proceeds accordingly.

third-parties, as well as internal discussions disclosing Google and Waymo's short- and long-term business development plans. Despite the date of the email, the limited information Waymo seeks to seal has continued importance at the current time and going forward, and the public disclosure of this information would harm existing business relationships and give competitors valuable insight into Waymo's current and future plans.  (Francis Decl. ¶ 9). For this reason, the Court should grant sealing of the limited portions identified in the Salesky email.

### IV. CONFIDENTIAL AND PRIVILEGED ATTORNEY ADVICE SHOULD REMAIN SEALED

Materials that "have traditionally been kept secret for important policy reasons," including "[a]ttorney-client privileged materials," merit sealing.  *See Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012).  Courts have therefore found that confidential and privileged attorney advice merits sealing under the heightened "compelling reasons" standard.  *See, e.g.*, *Williams & Cochrane, LLP v. Quechan Tribe of the Fort Yuma Indian Reservation*, No. 3:17-cv-1436, 2017 WL 7362744 (S.D. Cal. Nov. 7, 2017) (granting sealing of attorney-client communications and attorney work product); *Hanson v. Wells Fargo Home Mortgage, Inc.*, No. , 2013 WL 5674997, at *1 (W.D. Wash. Oct. 17, 2013) (same).

Portions of Defendants' Response to Waymo's Précis in support of its Request to File a Motion for Relief Based on Defendants' Litigation Misconduct (previously filed as Dkt. 2477-4), specifically at 3:26–27 and marked by the red box in the version filed concurrently herewith as Exhibit C, should remain sealed as they disclose confidential attorney advice regarding ongoing legal matters at Google. (*See* Francis Decl. ¶ 10.) The limited portion Waymo seeks to seal is a direct quotation from an email from Google counsel to internal recipients containing legal advice regarding company policy on litigation and legal regulatory matters. (*See* Dkt. 2477-6.) In its Order, the Court granted Waymo's request to seal this source documents, noting that "[g]ood cause warrants sealing of the entirety of the document to prevent the disclosure of confidential attorney advice on internal policy matters." (Dkt. 2685 at 45). For the same reason, the Court should grant Waymo's request to seal the portion of Dkt. 2477-4 that directly quotes the sealed source material.

The Court should also grant Waymo's request to seal portions of Plaintiff's Response to Discovery Order (previously filed as Dkt. 2467-2), filed concurrently herewith as Exhibit H. The Court denied Waymo's request to seal, writing that "[t]he information . . . is a general statement in the form of a response to a court ordered discovery disclosure." Dkt. 2685 at 82. However, the portions marked with green highlights at 4:6-7 (version at Dkt. 2467-2 and also in version filed concurrently herewith) describe and quote Google's litigation hold instituted in this matter. (*See* Francis Decl. ¶ 11.) Further, this confidential information was produced in this litigation pursuant to Magistrate Judge Corley's Court Order Pursuant to Rule 502, Fed. R. Evid., which stated that the disclosure of such information contained in the parties respective litigation holds would "not operate as a waiver of any applicable privileges or protections in this litigation or any other federal or state proceedings." (Dkt. 2363 at 2.)  As such, the public disclosure of this information would be inconsistent with Judge Corley's FRE 502 Order. (Francis Decl. ¶ 11.) For these reasons, the Court should grant Waymo's request to seal the portion of Dkt. 2467-4 that describes its litigation hold policy.

**V.  CONCLUSION**

For the foregoing reasons, the Court should reconsider sealing the limited portions of Dkt. 2685 discussed above and grant sealing of Waymo's trade secret information, highly sensitive and confidential business information, and confidential and privileged legal advice.

DATED: January 28, 2019

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Jonathan S.M. Francis*
Jonathan S.M. Francis
Attorneys for WAYMO LLC

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2    Charles K. Verhoeven (Bar No. 170151)
     charlesverhoeven@quinnemanuel.com
3    David A. Perlson (Bar No. 209502)
     davidperlson@quinnemanuel.com
4    Melissa Baily (Bar No. 237649)
     melissabaily@quinnemanuel.com
5    Jordan Jaffe (Bar No. 254886)
     jordanjaffe@quinnemanuel.com
6  50 California Street, 22nd Floor
   San Francisco, California 94111-4788
7  Telephone:     (415) 875-6600
   Facsimile:     (415) 875-6700
8
   Attorneys for WAYMO LLC
9

10

11                       UNITED STATES DISTRICT COURT

12           NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

13  WAYMO LLC,                              CASE NO. 3:17-cv-00939-WHA

14            Plaintiff,                    **DECLARATION OF JONATHAN FRANCIS IN SUPPORT OF PLAINTIFF WAYMO LLC'S MOTION FOR RECONSIDERATION OF ORDER ON COMPREHENSIVE MOTION TO FILE UNDER SEAL (DKT. 2685)**

15       vs.

16  UBER TECHNOLOGIES, INC.;
    OTTOMOTTO LLC; OTTO TRUCKING
17  LLC,

18            Defendants.

I, Jonathan Francis, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Plaintiff Waymo LLC's Motion for Reconsideration of Order on Comprehensive Administrative Motions to File Under Seal (Dkt. 2685) ("Motion for Reconsideration"). The Motion for Reconsideration seeks an order sealing limited portions of exhibits for which the Court denied sealing.

3. The portions of the deposition transcript of Gregory Kintz, dated April 26, 2017 (previously filed as Dkt. 409-8), marked with green highlights in the version filed concurrently herewith as Exhibit A, contain, reference, and/or describe Waymo's asserted LiDAR trade secrets, specifically at least Alleged Trade Secret 1, or information that, from context, tends to disclose at least Alleged Trade Secret 1.

4. The portions of the transcript of the Rule 30(b)(6) deposition transcript of Pierre Yves-Droz, dated August 3, 2017 (previously filed as Dkt. 1299-5) filed concurrently herewith as Exhibit B, contain, reference, and/or describe Waymo's asserted LiDAR trade secrets, specifically Alleged Trade Secret 9, or information that, from context, tends to disclose Alleged Trade Secret 9.

5. The portions of an email sent by Drew Bagnell, dated March 19, 2016 (previously filed as Dkt. 1159-14 & as Dkt. 2606-12), specifically the portions marked with green highlights in the versions filed concurrently herewith as Exhibit D and Exhibit J, contain, reference, and/or describe Waymo's asserted LiDAR trade secrets. More specifically, the portions marked describes one of the specific self-drive test scenarios that comprise Alleged Trade Secret 25, which Waymo alleged was misappropriated by Uber in this litigation.

6. The portions of an email sent by Anthony Levandowksi, dated April 30, 2016 (previously filed as Dkt. 1341-12 & as Dkt. 1526-23), specifically the portions marked with green highlights in the versions filed concurrently herewith as Exhibit E and Exhibit F, contain, reference, and/or describe Waymo's asserted LiDAR trade secrets. More specifically, the portions marked

1  describe technical specifications of Waymo's FAC lens, which was Alleged Trade Secret No. 9 in this
2  litigation. This information describes Waymo's trade secret, and discloses confidential manufacturing
3  information, that from context would disclose Alleged Trade Secret 9.

4       7.    I understand that the trade secrets referenced in ¶¶ 3–6 are maintained as secret by
5  Waymo (Dkt. 25-47) and that each individual trade secrets is valuable to Waymo's business (Dkt. 25-
6  31), as reflected by the value of the settlement in this case. The public disclosure of this information
7  would destroy Waymo's trade secrets and give Waymo's competitors the ability to short-circuit the
8  normal development process by availing themselves of the fruits of Waymo's research and
9  development efforts while avoiding the significant time and expense of undertaking their own research
10 and development.  Accordingly, if such information were made public, Waymo's competitive standing
11 would be significantly harmed.  Such information remained sealed during the pendency of this case,
12 including at trial, where it was only discussed (if at all) in sealed sessions.  Sealing of this type of
13 trade secret information is thus justified under either the "good cause" or "compelling reasons"
14 standard, and this Court has previously granted sealing of this type of information.

15      8.    The portions of the Bratic Rebuttal Expert Report (previously filed at Dkt. 2275-4)
16 contain, or describe Waymo's confidential financial information and business plans.  Specifically,
17 those portions marked with green highlights at ¶¶ 35, 48, 55, 108, 119, 211, 213, & 221 in the version
18 filed concurrently herewith as Exhibit G, disclose confidential and internal financial and business
19 development information, including detailed information regarding the internal assessments for the
20 growth of Waymo's self-driving technology and market.  I understand that public disclosure of such
21 detailed business strategy information would enable competitors to unfairly tailor their own business
22 strategy based on Waymo's confidential business strategy and plans, which would cause Waymo
23 significant competitive harm.

24      9.    The portions of an email from Brian Salesky, dated January 31, 2015 (previously filed as
25 Dkt. 1336-11/1396-10) and filed concurrently herewith as Exhibit I, disclose Waymo's internal
26 business development dealings, as well as confidential discussions with third parties. I understand that
27 the disclosure of this information would cause significant harm to Waymo's ability to engage in these
28 types of business discussions in the future. In addition, I understand that the portions identified

1  disclose current business and financial considerations that Waymo continues to evaluate in the present
2  and for the foreseeable future. The disclosure of this information, even that which was first written in
3  2015, thus would still cause Waymo substantial competitive harm today, should it be made public.

4      10.    The portions of Defendants' Response to Waymo's Précis regarding Defendants'
5  Litigation Misconduct (previously filed as Dkt. 2477-4), specifically the portions marked by the red
6  box at 3:26–27, in the version filed concurrently herewith as Exhibit C, describes or discloses
7  confidential legal advice given by Google counsel to Google employees. This legal advice describes
8  the company's internal policy positions and assessment of ongoing litigation and legal regulatory
9  matters. I understand that Google has maintained this advice as privileged and that the Court has
10  granted sealing of the same information previously in this case. *E.g.*, Dkt. 2685 at 45 (granting sealing
11  of Dkt. 2477-6).

12      11.    The portions of Plaintiff's Response to Discovery Order (previously filed as Dkt. 2467-
13  2), specifically marked with green highlights at 4:6-7 in the version filed concurrently herewith as
14  Exhibit H describe the particulars of Google and/or Waymo's litigation hold policy in this and other
15  matters. I understand that this policy constitutes confidential and privileged legal advice and is
16  maintained as privileged in this litigation and others. I also understand that Waymo only disclosed this
17  information to the Court and in this litigation in response to an order issued pursuant to Fed. Rule.
18  Evid. 502, stating that such disclosure would not operate as a waiver of any asserted privileges.

19      12.    Waymo's current requests to seal are narrowly tailored only to seal that information
20  which merits sealing with respect to Exhibits A-J.

22  I declare under penalty of perjury under the laws of the State of California and the United
23  States of America that the foregoing is true and correct, and that this declaration was executed in San
24  Francisco, California, on January 28, 2019.

By  */s/ Jonathan S.M. Francis*
    Jonathan S.M. Francis
    Attorneys for WAYMO LLC

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

9
10

| | |
|---|---|
| WAYMO LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>          Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF WAYMO LLC'S MOTION FOR RECONSIDERATION OF ORDER ON COMPREHENSIVE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL (DKT. 2685)** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1     Plaintiff Waymo LLC ("Waymo") has filed a Motion for Reconsideration of Order on
2 Comprehensive Administrative Motions for File Under Seal (Dkt. 2685) ("Motion for
3 Reconsideration").
4     Having considered the Motion for Reconsideration, and good cause to seal having
5 been shown, the Court **GRANTS** Waymo's Motion for Reconsideration and **ORDERS** sealed the
6 portions of the documents listed below:
7     1.  Sealing portions of the deposition transcript of Gregory Kintz, dated April 26, 2017
8         (previously filed at Dkt. 409-8), specifically those portions marked with green highlights
9         at 4:22–23; 5:6–7, 11–12, 14–15; 6:23; 7:18–19; and 8:15–16, 24 in the version filed
10        concurrently herewith as Exhibit A.
11    2.  Sealing portions of the Rule 30(b)(6) deposition transcript of Pierre Yves-Droz, dated
12        August 3, 2017 (previously filed as Dkt. 1299-5), filed concurrently herewith as
13        Exhibit B.
14    3.  Sealing portions of Defendants' Response to Waymo's Précis regrading Defendants'
15        Litigation Misconduct (previously filed as Dkt. 2477-4), specifically the portions marked
16        by the red box at 3:26–27, in the version filed concurrently herewith as Exhibit C.
17    4.  Sealing portions of an email sent by Drew Bagnell, dated March 19, 2016 (previously
18        filed as Dkt. 1159-14), specifically the portions marked with green highlight in the
19        version filed concurrently herewith as Exhibit D.
20    5.  Sealing portions of an email sent by Anthony Levandowski, dated April 30, 2016
21        (previously filed as Dkt. 1341-12), specifically those portions marked with green
22        highlights in the version filed concurrently herewith as Exhibit E, in addition to passages
23        previously granted sealing.
24    6.  Sealing portions of an email sent by Anthony Levandowski, dated April 30, 2016
25        (previously filed as Dkt. 1526-23), specifically those portions marked with green
26        highlights in the version filed concurrently herewith as Exhibit F, in addition to passages
27        previously granted sealing.
28    7.  Sealing portions of the Rebuttal Expert Report of Walter Bratic (previously filed as Dkt.

2275-4), specifically those portions marked with green highlight at ¶¶ 35 48, 55, 108, 119, 211, 213, & 221 in the version filed concurrently herewith as Exhibit G, in addition to passages previously granted sealing.

8. Sealing portions of Plaintiff's Response to Discovery Order" (previously filed as Dkt. 2467-2), specifically the portions marked with green highlights at 4:6–7 in the version filed concurrently herewith as Exhibit H.

9. Sealing portions of an email from Brian Salesky, dated January 31, 2015 (previously filed as Dkt. 1336-11/1396-10), specifically the portions marked with green highlights in the version filed concurrently herewith as Exhibit I, in addition to passages previously granted sealing.

10. Sealing portions of an email sent by Drew Bagnell, dated March 19, 2016 (previously as Dkt. 2606-12), specifically the portions marked with green highlights in the version filed concurrently herewith as Exhibit J.

**IT IS SO ORDERED.**

Dated: _____, 2019

WILLIAM H. ALSUP
United States Magistrate Judge