QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
  davidperlson@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for WAYMO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; OTTO TRUCKING LLC,<br><br>            Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF JONATHAN FRANCIS IN SUPPORT OF PLAINTIFF WAYMO LLC'S MOTION FOR RECONSIDERATION OF ORDER ON COMPREHENSIVE MOTION TO FILE UNDER SEAL (DKT. 2685)** |

I, Jonathan Francis, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the Plaintiff Waymo LLC ("Waymo"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Plaintiff Waymo LLC's Motion for Reconsideration of Order on Comprehensive Administrative Motions to File Under Seal (Dkt. 2685) ("Motion for Reconsideration"). The Motion for Reconsideration seeks an order sealing limited portions of exhibits for which the Court denied sealing.

3. The portions of the deposition transcript of Gregory Kintz, dated April 26, 2017 (previously filed as Dkt. 409-8), marked with green highlights in the version filed concurrently herewith as Exhibit A, contain, reference, and/or describe Waymo's asserted LiDAR trade secrets, specifically at least Alleged Trade Secret 1, or information that, from context, tends to disclose at least Alleged Trade Secret 1.

4. The portions of the transcript of the Rule 30(b)(6) deposition transcript of Pierre Yves-Droz, dated August 3, 2017 (previously filed as Dkt. 1299-5) filed concurrently herewith as Exhibit B, contain, reference, and/or describe Waymo's asserted LiDAR trade secrets, specifically Alleged Trade Secret 9, or information that, from context, tends to disclose Alleged Trade Secret 9.

5. The portions of an email sent by Drew Bagnell, dated March 19, 2016 (previously filed as Dkt. 1159-14 & as Dkt. 2606-12), specifically the portions marked with green highlights in the versions filed concurrently herewith as Exhibit D and Exhibit J, contain, reference, and/or describe Waymo's asserted LiDAR trade secrets. More specifically, the portions marked describes one of the specific self-drive test scenarios that comprise Alleged Trade Secret 25, which Waymo alleged was misappropriated by Uber in this litigation.

6. The portions of an email sent by Anthony Levandowksi, dated April 30, 2016 (previously filed as Dkt. 1341-12 & as Dkt. 1526-23), specifically the portions marked with green highlights in the versions filed concurrently herewith as Exhibit E and Exhibit F, contain, reference, and/or describe Waymo's asserted LiDAR trade secrets. More specifically, the portions marked

describe technical specifications of Waymo's FAC lens, which was Alleged Trade Secret No. 9 in this litigation. This information describes Waymo's trade secret, and discloses confidential manufacturing information, that from context would disclose Alleged Trade Secret 9.

7. I understand that the trade secrets referenced in ¶¶ 3–6 are maintained as secret by Waymo (Dkt. 25-47) and that each individual trade secrets is valuable to Waymo's business (Dkt. 25-31), as reflected by the value of the settlement in this case. The public disclosure of this information would destroy Waymo's trade secrets and give Waymo's competitors the ability to short-circuit the normal development process by availing themselves of the fruits of Waymo's research and development efforts while avoiding the significant time and expense of undertaking their own research and development. Accordingly, if such information were made public, Waymo's competitive standing would be significantly harmed. Such information remained sealed during the pendency of this case, including at trial, where it was only discussed (if at all) in sealed sessions. Sealing of this type of trade secret information is thus justified under either the "good cause" or "compelling reasons" standard, and this Court has previously granted sealing of this type of information.

8. The portions of the Bratic Rebuttal Expert Report (previously filed at Dkt. 2275-4) contain, or describe Waymo's confidential financial information and business plans. Specifically, those portions marked with green highlights at ¶¶ 35, 48, 55, 108, 119, 211, 213, & 221 in the version filed concurrently herewith as Exhibit G, disclose confidential and internal financial and business development information, including detailed information regarding the internal assessments for the growth of Waymo's self-driving technology and market. I understand that public disclosure of such detailed business strategy information would enable competitors to unfairly tailor their own business strategy based on Waymo's confidential business strategy and plans, which would cause Waymo significant competitive harm.

9. The portions of an email from Brian Salesky, dated January 31, 2015 (previously filed as Dkt. 1336-11/1396-10) and filed concurrently herewith as Exhibit I, disclose Waymo's internal business development dealings, as well as confidential discussions with third parties. I understand that the disclosure of this information would cause significant harm to Waymo's ability to engage in these types of business discussions in the future. In addition, I understand that the portions identified

1  disclose current business and financial considerations that Waymo continues to evaluate in the present
2  and for the foreseeable future. The disclosure of this information, even that which was first written in
3  2015, thus would still cause Waymo substantial competitive harm today, should it be made public.

4      10.    The portions of Defendants' Response to Waymo's Précis regarding Defendants'
5  Litigation Misconduct (previously filed as Dkt. 2477-4), specifically the portions marked by the red
6  box at 3:26–27, in the version filed concurrently herewith as Exhibit C, describes or discloses
7  confidential legal advice given by Google counsel to Google employees. This legal advice describes
8  the company's internal policy positions and assessment of ongoing litigation and legal regulatory
9  matters. I understand that Google has maintained this advice as privileged and that the Court has
10 granted sealing of the same information previously in this case. *E.g.*, Dkt. 2685 at 45 (granting sealing
11 of Dkt. 2477-6).

12     11.    The portions of Plaintiff's Response to Discovery Order (previously filed as Dkt. 2467-
13 2), specifically marked with green highlights at 4:6-7 in the version filed concurrently herewith as
14 Exhibit H describe the particulars of Google and/or Waymo's litigation hold policy in this and other
15 matters. I understand that this policy constitutes confidential and privileged legal advice and is
16 maintained as privileged in this litigation and others. I also understand that Waymo only disclosed this
17 information to the Court and in this litigation in response to an order issued pursuant to Fed. Rule.
18 Evid. 502, stating that such disclosure would not operate as a waiver of any asserted privileges.

19     12.    Waymo's current requests to seal are narrowly tailored only to seal that information
20 which merits sealing with respect to Exhibits A-J.

22 I declare under penalty of perjury under the laws of the State of California and the United
23 States of America that the foregoing is true and correct, and that this declaration was executed in San
24 Francisco, California, on January 28, 2019.

25                                                             By  */s/ Jonathan S.M. Francis*
26                                                                  Jonathan S.M. Francis
                                                                 Attorneys for WAYMO LLC