1  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
2  ARTURO J. GONZÁLEZ (CA SBN 121490)
   agonzalez@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Tel: 415.268.7000 / Fax: 415.268.7522
5
   KAREN L. DUNN (*Pro Hac Vice*)
6  kdunn@bsfllp.com
   HAMISH P. M. HUME (*Pro Hac Vice*)
7  hhume@bsfllp.com
   BOIES SCHILLER FLEXNER LLP
8  1401 New York Avenue, N.W.
   Washington, D.C. 20005
9  Tel: 202.237.2727 / Fax: 202.237.6131

10 WILLIAM C. CARMODY (*Pro Hac Vice*)
   bcarmody@susmangodfrey.com
11 SHAWN J. RABIN (*Pro Hac Vice*)
   srabin@susmangodfrey.com
12 SUSMAN GODFREY LLP
   1301 Avenue of the Americas, 32nd Floor
13 New York, New York 10019
   Tel: 212.336.8330 / Fax: 212.336.8340
14
   Attorneys for Defendants
15 UBER TECHNOLOGIES, INC.
   and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC, | CASE NO. 3:17-cv-00939-WHA |
| Plaintiff, | **DECLARATION OF MEREDITH R. DEARBORN PURSUANT TO CIVIL LOCAL RULE 6-2(a)** |
| vs. | |
| UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC, | |
| Defendants. | |

I, MEREDITH R. DEARBORN, declare as follows:

1. I am a partner with the law firm Boies Schiller Flexner LLP, representing Defendants Uber Technologies, Inc. and Ottomotto LLC in this matter. I am a member in good standing of the Bar of the State of California.

2. I make this declaration in support of the parties' fourth joint application to extend the deadline to return or destroy evidence imposed by Paragraph 15 of the Interim Model Protective Order.

3. On March 16, 2017, the Honorable William Alsup ordered that the parties be bound by the Court's Interim Model Protective Order (the "Protective Order"), a true and correct copy of which is attached as Exhibit A. *See Waymo LLC v. Uber Technologies, Inc., et al.*, 17-cv-00939-WHA, Doc. 63 at 6:22–24.

4. Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material." Protective Order ¶ 15. The Protective Order further requires each Receiving Party to certify in writing by the 60-day deadline (1) that all of the material subject to the Protective Order was returned or destroyed, and (2) that it has not retained copies, abstracts, compilations, or summaries of material subject to the Protective Order. *Id.*

5. The parties settled this lawsuit, and a final disposition was entered on February 9, 2018. *See Waymo v. Uber*, Doc. No. 2650. Each Receiving Party, as defined by Paragraph 2.17 of the Protective Order, has sixty days from that final disposition, until April 10, 2018, to comply with the requirements of Paragraph 15.

6. On April 6, 2018, the parties filed a stipulation and proposed order extending the deadline to comply with Paragraph 15 until June 11, 2018, citing the pendency of related matters that impose document preservation obligations on the parties that conflict with Paragraph 15's requirements. The parties further indicated that they "might hereafter request additional time if those obligations have not been satisfied."

7. The Court approved the stipulation and entered the proposed order on April 9, 2018. A true and correct copy of the April 9 Order is attached as Exhibit B.

8. On June 7, 2018, the parties filed a second stipulation and proposed order extending the deadline to comply with Paragraph 15 for another 120 days, until October 9, 2018. The Court approved the stipulation and entered the proposed order on June 11, 2018. A true and correct copy of the June 11 Order is attached as Exhibit C.

9. On October 9, 2018, the parties filed a third stipulation and proposed order extending the deadline to comply with Paragraph 15 for another 120 days, until February 6, 2019. The Court approved the stipulation and entered the proposed order on October 9, 2018. A true and correct copy of the October 9 Order is attached as Exhibit D.

10. Related matters that impose document preservation obligations on the parties that conflict with Paragraph 15's requirements are still pending. The parties continue to anticipate that they may request additional time if those obligations have not been satisfied.

11. The parties stipulate and agree to another one-hundred-and-twenty-day extension of the deadline imposed under Paragraph 15 of the Protective Order.

12. This is the parties' fourth request for an extension of the time limits imposed by the Protective Order.

13. The requested extension will affect no other deadlines in this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 4th day of February, 2019, in Oakland, California.

*/s/ Meredith R. Dearborn*
Meredith R. Dearborn