# EXHIBIT B

1 [COUNSEL LISTED ON SIGNATURE PAGE]

2
3
4
5
6
7
8
9

10            UNITED STATES DISTRICT COURT
11            NORTHERN DISTRICT OF CALIFORNIA
12                SAN FRANCISCO DIVISION

13 | WAYMO LLC, | CASE NO. 3:17-cv-00939-WHA
14 |     Plaintiff, | **JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND THE DEADLINE UNDER PARAGRAPH 15 OF THE INTERIM MODEL PROTECTIVE ORDER**
15 |     vs. |
16 | UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC, |
17 |     Defendants, |

Pursuant to Civil Local Rules 6-1(b) and 6-2(a), and upon the accompanying declaration of Meredith R. Dearborn, dated April 6, 2018 ("Dearborn Decl."), Plaintiff Waymo LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC hereby stipulate and agree to the following sixty-day extension, from April 10, 2018 until June 11, 2018, of the deadline to comply with the requirements of Paragraph 15 of the Interim Model Protective Order:

1. On March 16, 2017, the Court ordered that the parties be bound by the Interim Model Protective Order (the "Protective Order"), a true and correct copy of which is attached as Exhibit A to the accompanying declaration of Meredith R. Dearborn, dated April 6, 2018. *See* Dearborn Decl. ¶ 2.

2. Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material," and further requires each Receiving Party to certify in writing by the 60-day deadline (1) that all of the material subject to the Protective Order was returned or destroyed, and (2) that it has not retained copies, abstracts, compilations, or summaries of material subject to the Protective Order. *See* Dearborn Decl., ¶ 3 and Ex. A.

3. The parties settled this lawsuit, and a final disposition was entered on February 9, 2018. *See* Dearborn Decl. ¶ 4.

4. Each Receiving Party, as defined by Paragraph 2.17 of the Protective Order, has sixty days from that final disposition, until April 10, 2018, to comply with the requirements of Paragraph 15. *See* Dearborn Decl. ¶ 4 and Ex. A.

5. The pendency of related matters impose document preservation obligations on the parties that conflict with Paragraph 15's requirements. *See* Dearborn Decl. ¶ 5.

6. The parties agree that additional time is therefore needed to satisfy conflicting preservation obligations, and that it is possible the parties might hereafter request additional time if those obligations have not been satisfied. *See id.*

//
//

1 **IT IS SO STIPULATED**

3 DATED: April 6, 2018    QUINN EMANUEL URQUHART & SULLIVAN LLP

5 By:  /s/ *David A. Perlson*
     David A. Perlson
6    Attorney for Plaintiff WAYMO LLC

8 DATED: April 6, 2018    BOIES SCHILLER FLEXNER LLP

10 By:  /s/ *Meredith R. Dearborn*
     Meredith R. Dearborn
11   Attorney for Defendants UBER TECHNOLOGIES,
     INC. and OTTOMOTTO LLC

15 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

17 DATED:    April 9    , 2018

18                                              The Honorable William H. Alsup

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

DATED: April 6, 2018          By: /s/ *Meredith R. Dearborn*
                                   Meredith R. Dearborn