**WARNING: AT LEAST ONE DOCUMENT COULD NOT BE INCLUDED!**
**You were not billed for these documents.**
**Please see below.**

| Document Number | Document Description | Pages | Document Error |
|---|---|---|---|
| Document 2708 attachment | Attachment | 5 | **DOCUMENT COULD NOT BE RETRIEVED! However, it may still be viewable individually.** |

1    [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11   WAYMO LLC,                          CASE NO. 3:17-cv-00939-WHA

12              Plaintiff,               **SIXTH JOINT STIPULATION AND**
                                         **[PROPOSED] ORDER TO EXTEND**
13        vs.                            **THE DEADLINE UNDER**
                                         **PARAGRAPH 15 OF THE INTERIM**
14   UBER TECHNOLOGIES, INC. and         **MODEL PROTECTIVE ORDER**
     OTTOMOTTO LLC,
15
              Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Civil Local Rules 6-1(b) and 6-2(a), and upon the accompanying declaration of Meredith R. Dearborn, dated October 3, 2019 ("Dearborn Decl."), Plaintiff Waymo LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC hereby stipulate and agree to that the requirements of Paragraph 15 of the Interim Model Protective Order be suspended until there is a final resolution of a related criminal case, *United States v. Levandowski*, N.D. Cal. No. CR 19-377 WHA. Although the Court ordered on June 10, 2019 that "No more extensions will be granted," the parties respectfully submit that new facts have arisen since that time that warrant suspension of the parties' obligations under Paragraph 15. On August 15, 2019, Anthony Levandowski was indicted on criminal charges related to this case. Moreover, the government has advised Uber's counsel that both the government and Mr. Levandowski would prefer that the parties' obligations under Paragraph 15 be suspended until the conclusion of that criminal case. In light of the government's and Mr. Levandowski's request to preserve the status quo, the parties respectfully request suspension of the applicable deadlines to return or destroy documents until no earlier than 60 days after the final resolution of the criminal case.

The parties stipulate as follows.

**<u>Procedural History Prior to Mr. Levandowski's Indictment</u>**

1.      On March 16, 2017, the Court ordered that the parties be bound by the Interim Model Protective Order (the "Protective Order"), a true and correct copy of which is attached as Exhibit A to the accompanying declaration of Meredith R. Dearborn. Dearborn Decl. ¶ 5.

2.      Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material," and further requires each Receiving Party to certify in writing by the 60-day deadline (1) that all of the material subject to the Protective Order was returned or destroyed, and (2) that it has not retained copies, abstracts, compilations, or summaries of material subject to the Protective Order. Dearborn Decl. ¶ 6 and Ex. A.

3.      The parties settled this lawsuit, and a final disposition was entered on February 9, 2018. Dearborn Decl. ¶ 7.

4.      Each Receiving Party, as defined by Paragraph 2.17 of the Protective Order, had sixty days from that final disposition, until April 10, 2018, to comply with the requirements of Paragraph 15. Dearborn Decl. ¶ 7 and Ex. A.

5.      On April 6, 2018, the parties filed a stipulation and proposed order extending the deadline to comply with Paragraph 15 until June 11, 2018, citing the pendency of related matters that impose document preservation obligations on the parties that conflict with Paragraph 15's requirements. The parties further indicated that they "might hereafter request additional time if those obligations have not been satisfied." Dearborn Decl. ¶ 8.

6.      The Court approved the stipulation and signed the proposed order on April 9, 2018. *See* Dearborn Decl. ¶ 9 and Ex. B.

7.      The parties stipulated to four additional extensions of time in the ensuing months, all of which the Court granted. Dearborn Decl. ¶ 10–13; Exs. C, D, E, and F.

8.      In the most recent order granting the parties' stipulations, dated June 10, 2019, the court noted that "[no] more extensions will be granted." Dearborn Decl. ¶ 13 and Exhibit F.

**Recent Events Leading Up to and After Mr. Levandowski's Indictment**

9.      On August 26, 2019, an indictment was unsealed in the United States District Court for the Northern District of California charging Anthony Levandowski with thirty-three counts of theft of trade secrets, in violation of Title 18, United States Code, Sections 1832(a)(1), (2), (3) and (4). The case was initially assigned to the Honorable Lucy H. Koh. *See Levandowski*, CR 19-377 WHA, Dkt. 1; *see also* Dearborn Decl. ¶ 14.

10.     On August 28, 2019, the government filed a Notice of Related Case seeking to reassign Mr. Levandowski's criminal case to this Court. *See Levandowski*, CR 19-377, Dkt. 5; *see also Waymo v. Uber*, CV 17-939 WHA, Dkt. 2704. In the notice, the government explained its view that the Mr. Levandowski's criminal case was related to this case because "Both actions concern one or more of the same alleged events, occurrences, transactions, or property" and "there will be some duplication of labor if the [two cases] are heard by different judges." *Levandowski*, CR 19-377, Dkt. 5 at 2-3. The government further observed that the criminal case was related to this case because, among other things, the indictment "identifies thirty-three specific files alleged

1  to contain trade secrets," and "at least twelve of the files was the subject of litigation" in this case.

2  *Id.* at 2; *see also* Dearborn Decl. ¶ 15.

3  11.    On August 29, 2019, Mr. Levandowski filed a Response to Notice of Related Case

4  in which he concurred that his criminal case is related to this civil case. *Levandowski*, CR 19-377,

5  Dkt. 10; *see also Waymo v. Uber*, CV 17-939 WHA, Dkt. 2705; Dearborn Decl. ¶ 16.

6  12.    On September 3, 2019, the Court entered a Related Case Order finding that

7  Mr. Levandowski's criminal case was related to this case and reassigning the criminal case to this

8  Court. *Levandowski*, CR 19-377 WHA, Dkt. 15; *see also Waymo v. Uber*, CV 17-939 WHA, Dkt.

9  2706; Dearborn Decl. ¶ 17.

10  13.    Following the entry of that Order, counsel for Uber contacted the Assistant United

11  States Attorneys responsible for Mr. Levandowski's criminal case, advised them of the Protective

12  Order and the parties' obligations under Paragraph 15 of that Order, and further advised them of

13  the Court's previous orders extending the deadline to comply with Paragraph 15, culminating with

14  the June 10 Order extending the deadline until October 4 but providing that "No more extensions

15  will be granted." Dearborn Decl. ¶ 18.

16  14.    On September 19, 2019, the government advised Uber's counsel that the

17  government would prefer that the parties' obligations under Paragraph 15 be suspended until the

18  final resolution of the criminal case. On September 24, 2019, the government advised Uber's

19  counsel that counsel for Mr. Levandowski had confirmed that they agreed with the government's

20  request; that is, that they preferred that the parties' objections under Paragraph 15 be suspended

21  until the final resolution of the criminal case. Dearborn Decl. ¶ 19–20.

22  15.    On September 30, 2019, Waymo confirmed that it too consents to a suspension of

23  the parties' obligations under Paragraph 15 until the final resolution of Mr. Levandowski's

24  criminal case. Dearborn Decl. ¶ 21.

25  16.    In light of these new facts, and given the pendency of a criminal case that concerns

26  one or more of the same alleged events, occurrences, transactions, or property as this case, the

27  parties' respectfully request that the time limits imposed under Paragraph 15 of the Protective

28  Order be suspended until no earlier than 60 days after there is a final resolution of Mr.

1   Levandowski's criminal case, *United States v. Levandowski*, N.D. Cal. No. CR 19-377 WHA. *See*

2   Dearborn Decl. ¶ 22.

3

4       **IT IS SO STIPULATED**

5

6   DATED: October 3, 2019          QUINN EMANUEL URQUHART & SULLIVAN LLP

7

8                                   By:     */s/ David A. Perlson*
                                            David A. Perlson
9                                           50 California Street, 22nd Floor
                                            San Francisco, California 94111
10                                          Tel: 415-875-6344
                                            davidperlson@quinnemanuel.com
11                                          Attorneys for Plaintiff WAYMO LLC

12

13  DATED: October 3, 2019          BOIES SCHILLER FLEXNER LLP

14

15                                  By:     */s/ Meredith R. Dearborn*
                                            Meredith R. Dearborn
16                                          44 Montgomery Street, 41st Floor
                                            San Francisco, California 94104
17                                          Tel: 415-293-6800
                                            mdearborn@bsfllp.com
18                                          Attorneys for Defendants UBER TECHNOLOGIES,
                                            INC. and OTTOMOTTO LLC
19

20

21                          **[PROPOSED] ORDER**

22

23  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

24

25  DATED: _____, 2019     _____
                                            Honorable William Alsup
26

27

28

4

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

DATED: October 3, 2019                    By: */s/Meredith R. Dearborn*
                                          Meredith R. Dearborn

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
agonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Tel:      415.268.7000 / Fax:   415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P. M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C.  20005
Tel:      202.237.2727 / Fax:   202.237.6131

WILLIAM C. CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN J. RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel:      212.336.8330 / Fax:   212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>          vs.<br><br>UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC,<br><br>                    Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF MEREDITH R. DEARBORN PURSUANT TO CIVIL LOCAL RULE 6-2(a)** |

1    I, MEREDITH R. DEARBORN, declare as follows:

2    1.    I am a partner with the law firm Boies Schiller Flexner LLP, representing

3    Defendants Uber Technologies, Inc. and Ottomotto LLC in this matter.  I am a member in good

4    standing of the Bar of the State of California.

5    2.    I make this declaration in support of the parties' joint application to suspend the

6    deadline to return or destroy evidence imposed by Paragraph 15 of the Interim Model Protective

7    Order until a final resolution of a related criminal case, *United States v. Levandowski*, N.D. Cal. No.

8    CR 19-377 WHA.

9    3.    Although the Court ordered on June 10, 2019 that "No more extensions will be

10   granted," the parties respectfully submit that new facts have arisen since that time that warrant

11   suspension of the parties' obligations under Paragraph 15.  On August 15, 2019, Anthony

12   Levandowski was indicted on criminal charges related to this case.  Moreover, the government has

13   advised Uber's counsel that both the government and Mr. Levandowski would prefer that the parties'

14   obligations under Paragraph 15 be suspended until the conclusion of that criminal case.  In light of

15   the government's and Mr. Levandowski's request to preserve the status quo, the parties respectfully

16   request suspension of the applicable deadlines to return or destroy documents until no earlier than

17   60 days after a final resolution of the criminal case.

18   **Procedural History Prior to Mr. Levandowski's Indictment**

19   4.    The following section recites facts that have, other than the final paragraph, been

20   included in prior stipulations.  *See* Dkt. 2670, 2673, 2683, 2697, 2701.

21   5.    On March 16, 2017, the Court ordered that the parties be bound by the Court's

22   Interim Model Protective Order (the "Protective Order"), a true and correct copy of which is attached

23   as Exhibit A.  *See Waymo LLC v. Uber Tech., Inc. et al.*, N.D. Cal. No. CV 17-939 WHA ("*Waymo*

24   *v. Uber*"), Dkt. 63 at 6:22–24.

25   6.    Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final

26   disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected

27   Material to the Producing Party or destroy such material."  Protective Order ¶ 15.  The Protective

28   Order further requires each Receiving Party to certify in writing by the 60-day deadline (1) that all

1

of the material subject to the Protective Order was returned or destroyed, and (2) that it has not retained copies, abstracts, compilations, or summaries of material subject to the Protective Order. *Id.*

7.     The parties settled this lawsuit, and a final disposition was entered on February 9, 2018. *See Waymo v. Uber*, Dkt. 2650-51. Each Receiving Party, as defined by Paragraph 2.17 of the Protective Order, had sixty days from that final disposition, until April 10, 2018, to comply with the requirements of Paragraph 15.

8.     On April 6, 2018, the parties filed a stipulation and proposed order extending the deadline to comply with Paragraph 15 until June 11, 2018, citing the pendency of related matters that impose document preservation obligations on the parties that conflict with Paragraph 15's requirements. The parties further indicated that they "might hereafter request additional time if those obligations have not been satisfied."

9.     The Court approved the stipulation and entered the proposed order on April 9, 2018. A true and correct copy of the April 9 Order is attached as Exhibit B.

10.    On June 7, 2018, the parties filed a second stipulation and proposed order extending the deadline to comply with Paragraph 15 for another 120 days, until October 9, 2018. The Court approved the stipulation and entered the proposed order on June 11, 2018. A true and correct copy of the June 11 Order is attached as Exhibit C.

11.    On October 9, 2018, the parties filed a third stipulation and proposed order extending the deadline to comply with Paragraph 15 for another 120 days, until February 6, 2019. The Court approved the stipulation and entered the proposed order on October 9, 2018. A true and correct copy of the October 9 Order is attached as Exhibit D.

12.    On February 4, 2019, the parties filed a fourth stipulation and proposed order extending the deadline to comply with Paragraph 15 for another 120 days, until June 6, 2019. The Court approved the stipulation and entered the proposed order on February 5, 2019. A true and correct copy of the February 5, 2019 Order is attached as Exhibit E.

13.    On June 3, 2019, the parties filed a fifth stipulation and proposed order extending the deadline to comply with Paragraph 15 for another 120 days, until October 4, 2019. The Court

2

Dearborn Decl. ISO Sixth Joint Stipulation To Extend Protective Order Deadline
Case No. 3:17-cv-00939-WHA

approved the stipulation and entered the proposed order on June 10, 2019.  A true and correct copy

of the June 10, 2019 Order is attached as Exhibit F.  In that order, the Court stated that "No more

extensions will be granted."

**Recent Events Leading Up to and After Mr. Levandowski's Indictment**

14.     On August 26, 2019, an indictment was unsealed in the United States District Court

for the Northern District of California charging Anthony Levandowski with thirty-three counts of

theft of trade secrets, in violation of Title 18, United States Code, Sections 1832(a)(1), (2), (3) and

(4).  The case was initially assigned to the Honorable Lucy H. Koh.  *See Levandowski*, CR 19-377

WHA, Dkt. 1.

15.     On August 28, 2019, the government filed a Notice of Related Case seeking to

reassign Mr. Levandowski's criminal case to this Court.  *See Levandowski*, CR 19-377, Dkt. 5; *see

also Waymo v. Uber*, CV 17-939 WHA, Dkt. 2704.  In the notice, the government explained its view

that the Mr. Levandowski's criminal case was related to this case because "Both actions concern one

or more of the same alleged events, occurrences, transactions, or property" and "there will be some

duplication of labor if the [two cases] are heard by different judges."  *Levandowski*, CR 19-377, Dkt.

5 at 2-3.  The government further observed that the criminal case was related to this case because,

among other things, the indictment "identifies thirty-three specific files alleged to contain trade

secrets," and "at least twelve of the files was the subject of litigation" in this case.  *Id.* at 2.

16.     On August 29, 2019, Mr. Levandowski filed a Response to Notice of Related Case

in which he concurred that his criminal case is related to this civil case.  *Levandowski*, CR 19-377,

Dkt. 10; *see also Waymo v. Uber*, CV 17-939 WHA, Dkt. 2705.

17.     On September 3, 2019, the Court entered a Related Case Order finding that

Mr. Levandowski's criminal case was related to this case and reassigning the criminal case to this

Court.  *Levandowski*, CR 19-377 WHA, Dkt. 15; *see also Waymo v. Uber*, CV 17-939 WHA, Dkt.

2706.

18.     Following the entry of that Order, counsel for Uber contacted the Assistant United

States Attorneys responsible for Mr. Levandowski's criminal case, advised them of the Protective

Order and the parties' obligations under Paragraph 15 of that Order, and further advised them of the

Court's previous orders extending the deadline to comply with Paragraph 15, culminating with the June 10 Order extending the deadline until October 4 but providing that "No more extensions will be granted."

19.     On September 19, 2019, I understand that the government advised Uber's counsel in a telephone call that the government would prefer that the parties' obligations under Paragraph 15 be suspended until the final resolution of the criminal case.

20.     On September 24, 2019, I further understand that the government advised Uber's counsel that counsel for Mr. Levandowski had confirmed that they agreed with the government's request; that is, that they preferred that the parties' objections under Paragraph 15 be suspended until the final resolution of the criminal case.

21.     On September 30, 2019, Waymo confirmed that it too consents to a suspension of the parties' obligations under Paragraph 15 until the final resolution of Mr. Levandowski's criminal case.

22.     In light of these new facts and the government's stated preference to suspend any deadlines to destroy documents or other material under the Protective Order, and given the pendency of a criminal case that concerns one or more of the same alleged events, occurrences, transactions, or property as this case, the parties respectfully request that the time limits imposed under Paragraph 15 of the Protective Order be suspended until no earlier than 60 days after there is a final resolution of Mr. Levandowski's criminal case, *United States v. Levandowski*, N.D. Cal. No. CR 19-377 WHA.

23.     The requested extension will affect no other deadlines in this case.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 3rd day of October, 2019, in San Francisco, California.


*/s/ Meredith R. Dearborn*
Meredith R. Dearborn

# EXHIBIT A

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

8
9
10

|  | Case No. C |
| --- | --- |
| Plaintiff, | PATENT LOCAL RULE 2-2 INTERIM MODEL PROTECTIVE ORDER |
| v. | |
| Defendant. | |

11
12
13
14
15
16

17   1.   <u>PURPOSES AND LIMITATIONS</u>

18        Disclosure and discovery activity in this action are likely to involve production of confidential,

19   proprietary, or private information for which special protection from public disclosure and from use for

20   any purpose other than prosecuting this litigation may be warranted. This Order does not confer blanket

21   protections on all disclosures or responses to discovery and the protection it affords from public disclosure

22   and use extends only to the limited information or items that are entitled to confidential treatment under

23   the applicable legal principles. As set forth in Section 14.4 below, this Protective Order does not entitle the

24   Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that

25   must be followed and the standards that will be applied when a party seeks permission from the court to

26   file material under seal.

27   2.   <u>DEFINITIONS</u>

28        2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or

items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

3

disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order

shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this

action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any

motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-

Party that designates information or items for protection under this Order must take care to limit any such

designation to specific material that qualifies under the appropriate standards. To the extent it is practical

to do so, the Designating Party must designate for protection only those parts of material, documents,

items, or oral or written communications that qualify – so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept unjustifiably within the

ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

retard the case development process or to impose unnecessary expenses and burdens on other parties)

expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection at all or do not qualify for the level of protection initially asserted,

that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken

designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g.,

second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

4

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific

portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party

must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3      Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14

days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who

has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;[1]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

---

[1] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.     PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[3] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.     SOURCE CODE

(a)  To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)  Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall

---

[3] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)   Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers

13

(including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[4]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

---

[4] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[5] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must

_____

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the court.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material. Without written permission from the Designating Party or a

16

court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

15.     <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.


DATED: _____  _____
                                                                          [Name of Judge]
                                                                          United States District/Magistrate Judge

17

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of _____

4

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand

5

the Protective Order that was issued by the United States District Court for the Northern District of

6

California on _____ [date] in the case of _____ **[insert formal name of the case and the**

7

**number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms

8

of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to

9

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

10

manner any information or item that is subject to this Protective Order to any person or entity except in

11

strict compliance with the provisions of this Order.

12

I further agree to submit to the jurisdiction of the United States District Court for the

13

Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such

14

enforcement proceedings occur after termination of this action.

15

I hereby appoint _____ [print or type full name] of

16

_____ [print or type full address and telephone number] as my

17

California agent for service of process in connection with this action or any proceedings related to

18

enforcement of this Protective Order.

19

20

Date: _____

21

City and State where sworn and signed: _____

22

Printed name: _____

23

[printed name]

24

Signature: _____

25

[signature]

26

27

28

18

# EXHIBIT B

[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WAYMO LLC,

        Plaintiff,

    vs.

UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC,

        Defendants,

CASE NO. 3:17-cv-00939-WHA

**JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND THE DEADLINE UNDER PARAGRAPH 15 OF THE INTERIM MODEL PROTECTIVE ORDER**

Pursuant to Civil Local Rules 6-1(b) and 6-2(a), and upon the accompanying declaration of Meredith R. Dearborn, dated April 6, 2018 ("Dearborn Decl."), Plaintiff Waymo LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC hereby stipulate and agree to the following sixty-day extension, from April 10, 2018 until June 11, 2018, of the deadline to comply with the requirements of Paragraph 15 of the Interim Model Protective Order:

1.      On March 16, 2017, the Court ordered that the parties be bound by the Interim Model Protective Order (the "Protective Order"), a true and correct copy of which is attached as Exhibit A to the accompanying declaration of Meredith R. Dearborn, dated April 6, 2018.  *See* Dearborn Decl. ¶ 2.

2.      Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material," and further requires each Receiving Party to certify in writing by the 60-day deadline (1) that all of the material subject to the Protective Order was returned or destroyed, and (2) that it has not retained copies, abstracts, compilations, or summaries of material subject to the Protective Order.  *See* Dearborn Decl., ¶ 3 and Ex. A.

3.      The parties settled this lawsuit, and a final disposition was entered on February 9, 2018.  *See* Dearborn Decl. ¶ 4.

4.      Each Receiving Party, as defined by Paragraph 2.17 of the Protective Order, has sixty days from that final disposition, until April 10, 2018, to comply with the requirements of Paragraph 15.  *See* Dearborn Decl. ¶ 4 and Ex. A.

5.      The pendency of related matters impose document preservation obligations on the parties that conflict with Paragraph 15's requirements.  *See* Dearborn Decl. ¶ 5.

6.      The parties agree that additional time is therefore needed to satisfy conflicting preservation obligations, and that it is possible the parties might hereafter request additional time if those obligations have not been satisfied.  *See id.*

//

//

1

**IT IS SO STIPULATED**

DATED:  April 6, 2018                    QUINN EMANUEL URQUHART & SULLIVAN LLP

                                        By:    /s/ David A. Perlson
                                               David A. Perlson
                                               Attorney for Plaintiff WAYMO LLC


DATED:  April 6, 2018                    BOIES SCHILLER FLEXNER LLP

                                        By:    /s/ Meredith R. Dearborn
                                               Meredith R. Dearborn
                                               Attorney for Defendants UBER TECHNOLOGIES,
                                               INC. and OTTOMOTTO LLC


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED:  _____April 9_____, 2018          _____
                                               The Honorable William H. Alsup

# SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.


DATED:  April 6, 2018                    By: /s/ *Meredith R. Dearborn*
                                             Meredith R. Dearborn

# EXHIBIT C

1    [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8

9

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13   WAYMO LLC,                          CASE NO. 3:17-cv-00939-WHA

14            Plaintiff,                 **SECOND JOINT STIPULATION AND
                                         [PROPOSED] ORDER TO EXTEND**
15       vs.                             **THE DEADLINE UNDER
                                         PARAGRAPH 15 OF THE INTERIM**
16   UBER TECHNOLOGIES, INC. and         **MODEL PROTECTIVE ORDER**
     OTTOMOTTO LLC,
17
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

Pursuant to Civil Local Rules 6-1(b) and 6-2(a), and upon the accompanying declaration of Meredith R. Dearborn, dated June 7, 2018 ("Dearborn Decl."), Plaintiff Waymo LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC hereby stipulate and agree to the following one-hundred-and-twenty-day extension, from June 11, 2018 until October 9, 2018, of the deadline to comply with the requirements of Paragraph 15 of the Interim Model Protective Order:

1.      On March 16, 2017, the Court ordered that the parties be bound by the Interim Model Protective Order (the "Protective Order"), a true and correct copy of which is attached as Exhibit A to the accompanying declaration of Meredith R. Dearborn.  *See* Dearborn Decl. ¶ 3.

2.      Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material," and further requires each Receiving Party to certify in writing by the 60-day deadline (1) that all of the material subject to the Protective Order was returned or destroyed, and (2) that it has not retained copies, abstracts, compilations, or summaries of material subject to the Protective Order.  *See* Dearborn Decl. ¶ 4 and Ex. A.

3.      The parties settled this lawsuit, and a final disposition was entered on February 9, 2018.  *See* Dearborn Decl. ¶ 5.

4.      Each Receiving Party, as defined by Paragraph 2.17 of the Protective Order, has sixty days from that final disposition, until April 10, 2018, to comply with the requirements of Paragraph 15.  *See* Dearborn Decl. ¶ 5 and Ex. A.

5.      On April 6, 2018, the parties filed a stipulation and proposed order extending the deadline to comply with Paragraph 15 until June 11, 2018, citing the pendency of related matters that impose document preservation obligations on the parties that conflict with Paragraph 15's requirements.  *See* Dearborn Decl. ¶ 6.  The parties further indicated that they "might hereafter request additional time if those obligations have not been satisfied."  *Id.*

6.     The Court approved the stipulation and signed the proposed order on April 9, 2018. *See* Dearborn Decl. ¶ 7 and Ex. B.

7.     The parties agree that additional time is still needed to satisfy conflicting preservation obligations, and that the parties may still hereafter request additional time if those obligations have not been satisfied. *See* Dearborn Decl. ¶ 8.

**IT IS SO STIPULATED**

DATED: June 7, 2018                    QUINN EMANUEL URQUHART & SULLIVAN LLP

By:    */s/ David A. Perlson*
                                       David A. Perlson
                                       Attorneys for Plaintiff WAYMO LLC

DATED: June 7, 2018                    BOIES SCHILLER FLEXNER LLP

By:    */s/ Meredith R. Dearborn*
                                       Meredith R. Dearborn
                                       Attorneys for Defendants UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____June 11_____, 2018    _____
                                       The Honorable William Alsup

# SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.


DATED:  June 7, 2018                    By:  */s/ Meredith R. Dearborn*
                                             Meredith R. Dearborn

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
agonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Tel:    415.268.7000 / Fax:   415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P. M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C.  20005
Tel:    202.237.2727 / Fax:   202.237.6131

WILLIAM C. CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN J. RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel:    212.336.8330 / Fax:   212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>             Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC. and<br>OTTOMOTTO LLC,<br><br>             Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF MEREDITH R.<br>DEARBORN PURSUANT TO CIVIL<br>LOCAL RULE 6-2(a)** |

I, MEREDITH R. DEARBORN, declare as follows:

1.     I am a partner with the law firm Boies Schiller Flexner LLP, representing Defendants Uber Technologies, Inc. and Ottomotto LLC in this matter.  I am a member in good standing of the Bar of the State of California.

2.     I make this declaration in support of the parties' second joint application to extend the deadline to return or destroy evidence imposed by Paragraph 15 of the Interim Model Protective Order.

3.     On March 16, 2017, the Honorable William Alsup ordered that the parties be bound by the Court's Interim Model Protective Order (the "Protective Order"), a true and correct copy of which is attached as Exhibit A.  *See Waymo LLC v. Uber Technologies, Inc., et al.*, 17-cv-00939-WHA, Doc. 63 at 6:22–24.

4.     Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material."  Protective Order ¶ 15.  The Protective Order further requires each Receiving Party to certify in writing by the 60-day deadline (1) that all of the material subject to the Protective Order was returned or destroyed, and (2) that it has not retained copies, abstracts, compilations, or summaries of material subject to the Protective Order.  *Id.*

5.     The parties settled this lawsuit, and a final disposition was entered on February 9, 2018.  *See Waymo v. Uber*, Doc. No. 2650.  Each Receiving Party, as defined by Paragraph 2.17 of the Protective Order, has sixty days from that final disposition, until April 10, 2018, to comply with the requirements of Paragraph 15.

6.     On April 6, 2018, the parties filed a stipulation and proposed order extending the deadline to comply with Paragraph 15 until June 11, 2018, citing the pendency of related matters that impose document preservation obligations on the parties that conflict with Paragraph 15's requirements.  The parties further indicated that they "might hereafter request additional time if those obligations have not been satisfied."

1

7.     The Court approved the stipulation and entered the proposed order on April 9, 2018, a copy of which is attached hereto as Exhibit B.

8.     Related matters that impose document preservation obligations on the parties that conflict with Paragraph 15's requirements are still pending.  The parties continue to anticipate that they may request additional time if those obligations have not been satisfied.

9.     The parties stipulate and agree to a one-hundred-and-twenty-day extension of the deadline imposed under Paragraph 15 of the Protective Order.

10.    This is the parties' second request for an extension of the time limits imposed by the Protective Order.

11.    The requested extension will affect no other deadlines in this case.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 7th day of June, 2018, in Oakland, California.


_____*/s/ Meredith R. Dearborn*_____
Meredith R. Dearborn

# EXHIBIT A

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          NORTHERN DISTRICT OF CALIFORNIA
10

11 |                                    | Case No. C
12 |                    Plaintiff,      | PATENT LOCAL RULE 2-2 INTERIM
   |                                    | MODEL PROTECTIVE ORDER
13 |          v.                        |
14 |                                    |
15 |                    Defendant.      |

16

17  1.    <u>PURPOSES AND LIMITATIONS</u>

18         Disclosure and discovery activity in this action are likely to involve production of confidential,

19  proprietary, or private information for which special protection from public disclosure and from use for

20  any purpose other than prosecuting this litigation may be warranted. This Order does not confer blanket

21  protections on all disclosures or responses to discovery and the protection it affords from public disclosure

22  and use extends only to the limited information or items that are entitled to confidential treatment under

23  the applicable legal principles. As set forth in Section 14.4 below, this Protective Order does not entitle the

24  Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that

25  must be followed and the standards that will be applied when a party seeks permission from the court to

26  file material under seal.

27  2.    <u>DEFINITIONS</u>

28         2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or

items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

3

disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order

shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this

action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any

motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-

Party that designates information or items for protection under this Order must take care to limit any such

designation to specific material that qualifies under the appropriate standards. To the extent it is practical

to do so, the Designating Party must designate for protection only those parts of material, documents,

items, or oral or written communications that qualify – so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept unjustifiably within the

ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

retard the case development process or to impose unnecessary expenses and burdens on other parties)

expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection at all or do not qualify for the level of protection initially asserted,

that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken

designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g.,

second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

4

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific

portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party

must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14

7

days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who

has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;[1]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts</u>.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

---

[1] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[3] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.    SOURCE CODE

(a)  To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)  Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall

---

[3] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)  Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers

13

(including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[4]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

---

[4] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

11. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[5] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the court.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material. Without written permission from the Designating Party or a

court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

15.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.


DATED: _____ _____
                                              [Name of Judge]
                                              United States District/Magistrate Judge

17

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand

the Protective Order that was issued by the United States District Court for the Northern District of

California on _____ [date] in the case of _____ **[insert formal name of the case and the**

**number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms

of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]

18

# EXHIBIT B

1    [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13   WAYMO LLC,                          CASE NO. 3:17-cv-00939-WHA

14           Plaintiff,                  **JOINT STIPULATION AND
                                         [PROPOSED] ORDER TO EXTEND**
15       vs.                             **THE DEADLINE UNDER
                                         PARAGRAPH 15 OF THE INTERIM**
16   UBER TECHNOLOGIES, INC. and         **MODEL PROTECTIVE ORDER**
     OTTOMOTTO LLC,
17
             Defendants,
18

19

20

21

22

23

24

25

26

27

28

Pursuant to Civil Local Rules 6-1(b) and 6-2(a), and upon the accompanying declaration of Meredith R. Dearborn, dated April 6, 2018 ("Dearborn Decl."), Plaintiff Waymo LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC hereby stipulate and agree to the following sixty-day extension, from April 10, 2018 until June 11, 2018, of the deadline to comply with the requirements of Paragraph 15 of the Interim Model Protective Order:

1. On March 16, 2017, the Court ordered that the parties be bound by the Interim Model Protective Order (the "Protective Order"), a true and correct copy of which is attached as Exhibit A to the accompanying declaration of Meredith R. Dearborn, dated April 6, 2018. *See* Dearborn Decl. ¶ 2.

2. Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material," and further requires each Receiving Party to certify in writing by the 60-day deadline (1) that all of the material subject to the Protective Order was returned or destroyed, and (2) that it has not retained copies, abstracts, compilations, or summaries of material subject to the Protective Order. *See* Dearborn Decl., ¶ 3 and Ex. A.

3. The parties settled this lawsuit, and a final disposition was entered on February 9, 2018. *See* Dearborn Decl. ¶ 4.

4. Each Receiving Party, as defined by Paragraph 2.17 of the Protective Order, has sixty days from that final disposition, until April 10, 2018, to comply with the requirements of Paragraph 15. *See* Dearborn Decl. ¶ 4 and Ex. A.

5. The pendency of related matters impose document preservation obligations on the parties that conflict with Paragraph 15's requirements. *See* Dearborn Decl. ¶ 5.

6. The parties agree that additional time is therefore needed to satisfy conflicting preservation obligations, and that it is possible the parties might hereafter request additional time if those obligations have not been satisfied. *See id.*

//

//

1

**IT IS SO STIPULATED**

DATED: April 6, 2018        QUINN EMANUEL URQUHART & SULLIVAN LLP

By:   /s/ *David A. Perlson*
      David A. Perlson
      Attorney for Plaintiff WAYMO LLC

DATED: April 6, 2018        BOIES SCHILLER FLEXNER LLP

By:   /s/ *Meredith R. Dearborn*
      Meredith R. Dearborn
      Attorney for Defendants UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____April 9_____, 2018       _____
                            The Honorable William H. Alsup

# **SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

DATED: April 6, 2018         By: */s/ Meredith R. Dearborn*　　　　　
                             Meredith R. Dearborn

# EXHIBIT E

[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>        Plaintiff,<br><br>   vs.<br><br>UBER TECHNOLOGIES, INC. and<br>OTTOMOTTO LLC,<br><br>        Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**FOURTH JOINT STIPULATION AND<br>[PROPOSED] ORDER TO EXTEND<br>THE DEADLINE UNDER PARAGRAPH<br>15 OF THE INTERIM MODEL<br>PROTECTIVE ORDER** |

Pursuant to Civil Local Rules 6-1(b) and 6-2(a), and upon the accompanying declaration of Meredith R. Dearborn, dated February 1, 2019 ("Dearborn Decl."), Plaintiff Waymo LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC hereby stipulate and agree to the following one-hundred-and-twenty-day extension, from February 6, 2019 until June 6, 2019, of the deadline to comply with the requirements of Paragraph 15 of the Interim Model Protective Order:

1.     On March 16, 2017, the Court ordered that the parties be bound by the Interim Model Protective Order (the "Protective Order"), a true and correct copy of which is attached as Exhibit A to the accompanying declaration of Meredith R. Dearborn.  *See* Dearborn Decl. ¶ 3.

2.     Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material," and further requires each Receiving Party to certify in writing by the 60-day deadline (1) that all of the material subject to the Protective Order was returned or destroyed, and (2) that it has not retained copies, abstracts, compilations, or summaries of material subject to the Protective Order.  *See* Dearborn Decl., ¶ 4 and Ex. A.

3.     The parties settled this lawsuit, and a final disposition was entered on February 9, 2018.  *See* Dearborn Decl. ¶ 5.

4.     Each Receiving Party, as defined by Paragraph 2.17 of the Protective Order, had sixty days from that final disposition, until April 10, 2018, to comply with the requirements of Paragraph 15.  *See* Dearborn Decl. ¶ 5 and Ex. A.

5.     On April 6, 2018, the parties filed a stipulation and proposed order extending the deadline to comply with Paragraph 15 until June 11, 2018, citing the pendency of related matters that impose document preservation obligations on the parties that conflict with Paragraph 15's requirements.  *See* Dearborn Decl. ¶ 6.  The parties further indicated that they "might hereafter request additional time if those obligations have not been satisfied."  *Id.*

6.     The Court approved the stipulation and signed the proposed order on April 9, 2018.  *See* Dearborn Decl. ¶ 7 and Ex. B.

7.     On June 7, 2018, the parties filed a second stipulation and proposed order extending

1  the deadline to comply with Paragraph 15 for another 120 days, until October 9, 2018.  *See*

2  Dearborn Decl. ¶ 8.

3      8.    The Court approved the stipulation and entered the proposed order on June 11,

4  2018. *See* Dearborn Decl. ¶ 8 and Ex. C.

5      9.    On October 9, 2018, the parties filed a third stipulation and proposed order

6  extending the deadline to comply with Paragraph 15 for another 120 days, until February 6, 2019.

7  *See* Dearborn Decl. ¶ 8.

8      10.    The Court approved the stipulation and entered the proposed order on October 9,

9  2018. *See* Dearborn Decl. ¶ 9 and Ex. D.

10      11.    The parties agree that additional time is still needed to satisfy conflicting

11  preservation obligations, and that the parties may still hereafter request additional time if those

12  obligations have not been satisfied.  *See* Dearborn Decl. ¶ 10.

13      **IT IS SO STIPULATED**

14

15  DATED:  February 4, 2019      QUINN EMANUEL URQUHART & SULLIVAN LLP

16

17            By:    */s/ David A. Perlson*
                David A. Perlson

18                  Attorneys for Plaintiff WAYMO LLC

19

20  DATED:  February 4, 2019      BOIES SCHILLER FLEXNER LLP

21

22            By:    */s/ Meredith R. Dearborn*

23                  Meredith R. Dearborn
                Attorneys for Defendants UBER TECHNOLOGIES,
                INC. and OTTOMOTTO LLC

24

25  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

26

27  DATED:  _____February 5_____, 2019    _____
                        Honorable William Alsup

28

FOURTH JOINT STIPULATION RE EXTENSION OF INTERIM MODEL PROTECTIVE ORDER DEADLINE
CASE NO. 3:17-CV-00939-WHA

## <u>SIGNATURE ATTESTATION</u>

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

DATED:  February 4, 2019                    By:  */s/ Meredith R. Dearborn*____

                                                                     Meredith R. Dearborn

# EXHIBIT F

1   [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8

9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12              SAN FRANCISCO DIVISION

13   WAYMO LLC,                          CASE NO. 3:17-cv-00939-WHA

14          Plaintiff,                   **FIFTH JOINT STIPULATION AND**
                                         **[PROPOSED] ORDER TO EXTEND**
15      vs.                              **THE DEADLINE UNDER**
                                         **PARAGRAPH 15 OF THE INTERIM**
16   UBER TECHNOLOGIES, INC. and         **MODEL PROTECTIVE ORDER**
     OTTOMOTTO LLC,                                   (as modified)
17
            Defendants.
18

19

20

21

22

23

24

25

26

27

28

Pursuant to Civil Local Rules 6-1(b) and 6-2(a), and upon the accompanying declaration of Meredith R. Dearborn, dated June 2, 2019 ("Dearborn Decl."), Plaintiff Waymo LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC hereby stipulate and agree to the following one-hundred-and-twenty-day extension, from June 6, 2019 until October 4, 2019, of the deadline to comply with the requirements of Paragraph 15 of the Interim Model Protective Order:

1.      On March 16, 2017, the Court ordered that the parties be bound by the Interim Model Protective Order (the "Protective Order"), a true and correct copy of which is attached as Exhibit A to the accompanying declaration of Meredith R. Dearborn.  *See* Dearborn Decl. ¶ 3.

2.      Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material," and further requires each Receiving Party to certify in writing by the 60-day deadline (1) that all of the material subject to the Protective Order was returned or destroyed, and (2) that it has not retained copies, abstracts, compilations, or summaries of material subject to the Protective Order.  *See* Dearborn Decl., ¶ 4 and Ex. A.

3.      The parties settled this lawsuit, and a final disposition was entered on February 9, 2018.  *See* Dearborn Decl. ¶ 5.

4.      Each Receiving Party, as defined by Paragraph 2.17 of the Protective Order, had sixty days from that final disposition, until April 10, 2018, to comply with the requirements of Paragraph 15.  *See* Dearborn Decl. ¶ 5 and Ex. A.

5.      On April 6, 2018, the parties filed a stipulation and proposed order extending the deadline to comply with Paragraph 15 until June 11, 2018, citing the pendency of related matters that impose document preservation obligations on the parties that conflict with Paragraph 15's requirements.  *See* Dearborn Decl. ¶ 6.  The parties further indicated that they "might hereafter request additional time if those obligations have not been satisfied."  *Id.*

6.      The Court approved the stipulation and signed the proposed order on April 9, 2018. *See* Dearborn Decl. ¶ 7 and Ex. B.

7.     On June 7, 2018, the parties filed a second stipulation and proposed order extending the deadline to comply with Paragraph 15 for another 120 days, until October 9, 2018.  *See* Dearborn Decl. ¶ 8.

8.     The Court approved the stipulation and entered the proposed order on June 11, 2018. *See* Dearborn Decl. ¶ 8 and Ex. C.

9.     On October 9, 2018, the parties filed a third stipulation and proposed order extending the deadline to comply with Paragraph 15 for another 120 days, until February 6, 2019. *See* Dearborn Decl. ¶ 8.

10.     The Court approved the stipulation and entered the proposed order on October 9, 2018. *See* Dearborn Decl. ¶ 9 and Ex. D.

11.     On February 4, 2019, the parties filed a fourth stipulation and proposed order extending the deadline to comply with Paragraph 15 for another 120 days, until June 6, 2019.  *See* Dearborn Decl. ¶ 10 and Exhibit E.

12.     The Court approved the stipulation and entered the proposed order on February 5, 2019. *See* Dearborn Decl. ¶ 10 and Exhibit E.

13.     The parties agree that additional time is still needed to satisfy conflicting preservation obligations, and that the parties may still hereafter request additional time if those obligations have not been satisfied.  *See* Dearborn Decl. ¶ 11.


**IT IS SO STIPULATED**


DATED:  June 3, 2019                    QUINN EMANUEL URQUHART & SULLIVAN LLP


                                        By:     */s/ David A. Perlson*_____
                                                David A. Perlson
                                                Attorneys for Plaintiff WAYMO LLC

1    DATED:  June 3, 2019                    BOIES SCHILLER FLEXNER LLP

2

3                                      By:    /s/ Meredith R. Dearborn
                                             Meredith R. Dearborn
4                                            Attorneys for Defendants UBER TECHNOLOGIES,
                                             INC. and OTTOMOTTO LLC
5

6

7

8    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
       No more extensions will be granted.
9
     DATED:  _____June 10_____, 2019        _____
10                                                The Honorable William Alsup

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28