MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
ARTURO J. GONZÁLEZ (CA SBN 121490)
agonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel:     415.268.7000 / Fax:    415.268.7522

KAREN L. DUNN (*Pro Hac Vice*)
kdunn@bsfllp.com
HAMISH P. M. HUME (*Pro Hac Vice*)
hhume@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Tel:     202.237.2727 / Fax:    202.237.6131

WILLIAM C. CARMODY (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
SHAWN J. RABIN (*Pro Hac Vice*)
srabin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel:     212.336.8330 / Fax:    212.336.8340

Attorneys for Defendants
UBER TECHNOLOGIES, INC.
and OTTOMOTTO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC,<br><br>　　　　Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**DECLARATION OF MEREDITH R. DEARBORN PURSUANT TO CIVIL LOCAL RULE 6-2(a)** |

I, MEREDITH R. DEARBORN, declare as follows:

1. I am a partner with the law firm Boies Schiller Flexner LLP, representing Defendants Uber Technologies, Inc. and Ottomotto LLC in this matter. I am a member in good standing of the Bar of the State of California.

2. I make this declaration in support of the parties' joint application to suspend the deadline to return or destroy evidence imposed by Paragraph 15 of the Interim Model Protective Order until a final resolution of a related criminal case, *United States v. Levandowski*, N.D. Cal. No. CR 19-377 WHA.

3. Although the Court ordered on June 10, 2019 that "No more extensions will be granted," the parties respectfully submit that new facts have arisen since that time that warrant suspension of the parties' obligations under Paragraph 15. On August 15, 2019, Anthony Levandowski was indicted on criminal charges related to this case. Moreover, the government has advised Uber's counsel that both the government and Mr. Levandowski would prefer that the parties' obligations under Paragraph 15 be suspended until the conclusion of that criminal case. In light of the government's and Mr. Levandowski's request to preserve the status quo, the parties respectfully request suspension of the applicable deadlines to return or destroy documents until no earlier than 60 days after a final resolution of the criminal case.

**Procedural History Prior to Mr. Levandowski's Indictment**

4. The following section recites facts that have, other than the final paragraph, been included in prior stipulations. *See* Dkt. 2670, 2673, 2683, 2697, 2701.

5. On March 16, 2017, the Court ordered that the parties be bound by the Court's Interim Model Protective Order (the "Protective Order"), a true and correct copy of which is attached as Exhibit A. *See Waymo LLC v. Uber Tech., Inc. et al.*, N.D. Cal. No. CV 17-939 WHA ("*Waymo v. Uber*"), Dkt. 63 at 6:22–24.

6. Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material." Protective Order ¶ 15. The Protective Order further requires each Receiving Party to certify in writing by the 60-day deadline (1) that all

1  of the material subject to the Protective Order was returned or destroyed, and (2) that it has not
2  retained copies, abstracts, compilations, or summaries of material subject to the Protective Order.
3  *Id.*

4      7.    The parties settled this lawsuit, and a final disposition was entered on February 9,
5  2018. *See Waymo v. Uber*, Dkt. 2650-51. Each Receiving Party, as defined by Paragraph 2.17 of
6  the Protective Order, had sixty days from that final disposition, until April 10, 2018, to comply with
7  the requirements of Paragraph 15.

8      8.    On April 6, 2018, the parties filed a stipulation and proposed order extending the
9  deadline to comply with Paragraph 15 until June 11, 2018, citing the pendency of related matters
10 that impose document preservation obligations on the parties that conflict with Paragraph 15's
11 requirements. The parties further indicated that they "might hereafter request additional time if those
12 obligations have not been satisfied."

13     9.    The Court approved the stipulation and entered the proposed order on April 9, 2018.
14 A true and correct copy of the April 9 Order is attached as Exhibit B.

15     10.    On June 7, 2018, the parties filed a second stipulation and proposed order extending
16 the deadline to comply with Paragraph 15 for another 120 days, until October 9, 2018. The Court
17 approved the stipulation and entered the proposed order on June 11, 2018. A true and correct copy
18 of the June 11 Order is attached as Exhibit C.

19     11.    On October 9, 2018, the parties filed a third stipulation and proposed order extending
20 the deadline to comply with Paragraph 15 for another 120 days, until February 6, 2019. The Court
21 approved the stipulation and entered the proposed order on October 9, 2018. A true and correct copy
22 of the October 9 Order is attached as Exhibit D.

23     12.    On February 4, 2019, the parties filed a fourth stipulation and proposed order
24 extending the deadline to comply with Paragraph 15 for another 120 days, until June 6, 2019. The
25 Court approved the stipulation and entered the proposed order on February 5, 2019. A true and
26 correct copy of the February 5, 2019 Order is attached as Exhibit E.

27     13.    On June 3, 2019, the parties filed a fifth stipulation and proposed order extending
28 the deadline to comply with Paragraph 15 for another 120 days, until October 4, 2019. The Court

approved the stipulation and entered the proposed order on June 10, 2019. A true and correct copy of the June 10, 2019 Order is attached as Exhibit F. In that order, the Court stated that "No more extensions will be granted."

**Recent Events Leading Up to and After Mr. Levandowski's Indictment**

14. On August 26, 2019, an indictment was unsealed in the United States District Court for the Northern District of California charging Anthony Levandowski with thirty-three counts of theft of trade secrets, in violation of Title 18, United States Code, Sections 1832(a)(1), (2), (3) and (4). The case was initially assigned to the Honorable Lucy H. Koh. *See Levandowski*, CR 19-377 WHA, Dkt. 1.

15. On August 28, 2019, the government filed a Notice of Related Case seeking to reassign Mr. Levandowski's criminal case to this Court. *See Levandowski*, CR 19-377, Dkt. 5; *see also Waymo v. Uber*, CV 17-939 WHA, Dkt. 2704. In the notice, the government explained its view that the Mr. Levandowski's criminal case was related to this case because "Both actions concern one or more of the same alleged events, occurrences, transactions, or property" and "there will be some duplication of labor if the [two cases] are heard by different judges." *Levandowski*, CR 19-377, Dkt. 5 at 2-3. The government further observed that the criminal case was related to this case because, among other things, the indictment "identifies thirty-three specific files alleged to contain trade secrets," and "at least twelve of the files was the subject of litigation" in this case. *Id.* at 2.

16. On August 29, 2019, Mr. Levandowski filed a Response to Notice of Related Case in which he concurred that his criminal case is related to this civil case. *Levandowski*, CR 19-377, Dkt. 10; *see also Waymo v. Uber*, CV 17-939 WHA, Dkt. 2705.

17. On September 3, 2019, the Court entered a Related Case Order finding that Mr. Levandowski's criminal case was related to this case and reassigning the criminal case to this Court. *Levandowski*, CR 19-377 WHA, Dkt. 15; *see also Waymo v. Uber*, CV 17-939 WHA, Dkt. 2706.

18. Following the entry of that Order, counsel for Uber contacted the Assistant United States Attorneys responsible for Mr. Levandowski's criminal case, advised them of the Protective Order and the parties' obligations under Paragraph 15 of that Order, and further advised them of the

1  Court's previous orders extending the deadline to comply with Paragraph 15, culminating with the
2  June 10 Order extending the deadline until October 4 but providing that "No more extensions will
3  be granted."

4      19.    On September 19, 2019, I understand that the government advised Uber's counsel
5  in a telephone call that the government would prefer that the parties' obligations under Paragraph 15
6  be suspended until the final resolution of the criminal case.

7      20.    On September 24, 2019, I further understand that the government advised Uber's
8  counsel that counsel for Mr. Levandowski had confirmed that they agreed with the government's
9  request; that is, that they preferred that the parties' objections under Paragraph 15 be suspended until
10 the final resolution of the criminal case.

11     21.    On September 30, 2019, Waymo confirmed that it too consents to a suspension of
12 the parties' obligations under Paragraph 15 until the final resolution of Mr. Levandowski's criminal
13 case.

14     22.    In light of these new facts and the government's stated preference to suspend any
15 deadlines to destroy documents or other material under the Protective Order, and given the pendency
16 of a criminal case that concerns one or more of the same alleged events, occurrences, transactions,
17 or property as this case, the parties respectfully request that the time limits imposed under Paragraph
18 15 of the Protective Order be suspended until no earlier than 60 days after there is a final resolution
19 of Mr. Levandowski's criminal case, *United States v. Levandowski*, N.D. Cal. No. CR 19-377 WHA.

20     23.    The requested extension will affect no other deadlines in this case.

22 I declare under penalty of perjury under the laws of the United States that the foregoing is
23 true and correct.

24 Executed on this 3rd day of October, 2019, in San Francisco, California.

26                         */s/ Meredith R. Dearborn*
                            Meredith R. Dearborn