[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC,<br><br>    Defendants. | CASE NO. 3:17-cv-00939-WHA<br><br>**SIXTH JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND THE DEADLINE UNDER PARAGRAPH 15 OF THE INTERIM MODEL PROTECTIVE ORDER** |

Pursuant to Civil Local Rules 6-1(b) and 6-2(a), and upon the accompanying declaration of Meredith R. Dearborn, dated October 3, 2019 ("Dearborn Decl."), Plaintiff Waymo LLC and Defendants Uber Technologies, Inc. and Ottomotto LLC hereby stipulate and agree to that the requirements of Paragraph 15 of the Interim Model Protective Order be suspended until there is a final resolution of a related criminal case, *United States v. Levandowski*, N.D. Cal. No. CR 19-377 WHA. Although the Court ordered on June 10, 2019 that "No more extensions will be granted," the parties respectfully submit that new facts have arisen since that time that warrant suspension of the parties' obligations under Paragraph 15. On August 15, 2019, Anthony Levandowski was indicted on criminal charges related to this case. Moreover, the government has advised Uber's counsel that both the government and Mr. Levandowski would prefer that the parties' obligations under Paragraph 15 be suspended until the conclusion of that criminal case. In light of the government's and Mr. Levandowski's request to preserve the status quo, the parties respectfully request suspension of the applicable deadlines to return or destroy documents until no earlier than 60 days after the final resolution of the criminal case.

The parties stipulate as follows.

**Procedural History Prior to Mr. Levandowski's Indictment**

1. On March 16, 2017, the Court ordered that the parties be bound by the Interim Model Protective Order (the "Protective Order"), a true and correct copy of which is attached as Exhibit A to the accompanying declaration of Meredith R. Dearborn. Dearborn Decl. ¶ 5.

2. Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material," and further requires each Receiving Party to certify in writing by the 60-day deadline (1) that all of the material subject to the Protective Order was returned or destroyed, and (2) that it has not retained copies, abstracts, compilations, or summaries of material subject to the Protective Order. Dearborn Decl. ¶ 6 and Ex. A.

3. The parties settled this lawsuit, and a final disposition was entered on February 9, 2018. Dearborn Decl. ¶ 7.

4. Each Receiving Party, as defined by Paragraph 2.17 of the Protective Order, had sixty days from that final disposition, until April 10, 2018, to comply with the requirements of Paragraph 15. Dearborn Decl. ¶ 7 and Ex. A.

5. On April 6, 2018, the parties filed a stipulation and proposed order extending the deadline to comply with Paragraph 15 until June 11, 2018, citing the pendency of related matters that impose document preservation obligations on the parties that conflict with Paragraph 15's requirements. The parties further indicated that they "might hereafter request additional time if those obligations have not been satisfied." Dearborn Decl. ¶ 8.

6. The Court approved the stipulation and signed the proposed order on April 9, 2018. *See* Dearborn Decl. ¶ 9 and Ex. B.

7. The parties stipulated to four additional extensions of time in the ensuing months, all of which the Court granted. Dearborn Decl. ¶ 10–13; Exs. C, D, E, and F.

8. In the most recent order granting the parties' stipulations, dated June 10, 2019, the court noted that "[no] more extensions will be granted." Dearborn Decl. ¶ 13 and Exhibit F.

**Recent Events Leading Up to and After Mr. Levandowski's Indictment**

9. On August 26, 2019, an indictment was unsealed in the United States District Court for the Northern District of California charging Anthony Levandowski with thirty-three counts of theft of trade secrets, in violation of Title 18, United States Code, Sections 1832(a)(1), (2), (3) and (4). The case was initially assigned to the Honorable Lucy H. Koh. *See Levandowski*, CR 19-377 WHA, Dkt. 1; *see also* Dearborn Decl. ¶ 14.

10. On August 28, 2019, the government filed a Notice of Related Case seeking to reassign Mr. Levandowski's criminal case to this Court. *See Levandowski*, CR 19-377, Dkt. 5; *see also Waymo v. Uber*, CV 17-939 WHA, Dkt. 2704. In the notice, the government explained its view that the Mr. Levandowski's criminal case was related to this case because "Both actions concern one or more of the same alleged events, occurrences, transactions, or property" and "there will be some duplication of labor if the [two cases] are heard by different judges." *Levandowski*, CR 19-377, Dkt. 5 at 2-3. The government further observed that the criminal case was related to this case because, among other things, the indictment "identifies thirty-three specific files alleged

to contain trade secrets," and "at least twelve of the files was the subject of litigation" in this case. *Id.* at 2; *see also* Dearborn Decl. ¶ 15.

11. On August 29, 2019, Mr. Levandowski filed a Response to Notice of Related Case in which he concurred that his criminal case is related to this civil case. *Levandowski*, CR 19-377, Dkt. 10; *see also Waymo v. Uber*, CV 17-939 WHA, Dkt. 2705; Dearborn Decl. ¶ 16.

12. On September 3, 2019, the Court entered a Related Case Order finding that Mr. Levandowski's criminal case was related to this case and reassigning the criminal case to this Court. *Levandowski*, CR 19-377 WHA, Dkt. 15; *see also Waymo v. Uber*, CV 17-939 WHA, Dkt. 2706; Dearborn Decl. ¶ 17.

13. Following the entry of that Order, counsel for Uber contacted the Assistant United States Attorneys responsible for Mr. Levandowski's criminal case, advised them of the Protective Order and the parties' obligations under Paragraph 15 of that Order, and further advised them of the Court's previous orders extending the deadline to comply with Paragraph 15, culminating with the June 10 Order extending the deadline until October 4 but providing that "No more extensions will be granted." Dearborn Decl. ¶ 18.

14. On September 19, 2019, the government advised Uber's counsel that the government would prefer that the parties' obligations under Paragraph 15 be suspended until the final resolution of the criminal case. On September 24, 2019, the government advised Uber's counsel that counsel for Mr. Levandowski had confirmed that they agreed with the government's request; that is, that they preferred that the parties' objections under Paragraph 15 be suspended until the final resolution of the criminal case. Dearborn Decl. ¶ 19–20.

15. On September 30, 2019, Waymo confirmed that it too consents to a suspension of the parties' obligations under Paragraph 15 until the final resolution of Mr. Levandowski's criminal case. Dearborn Decl. ¶ 21.

16. In light of these new facts, and given the pendency of a criminal case that concerns one or more of the same alleged events, occurrences, transactions, or property as this case, the parties' respectfully request that the time limits imposed under Paragraph 15 of the Protective Order be suspended until no earlier than 60 days after there is a final resolution of Mr.

Levandowski's criminal case, *United States v. Levandowski*, N.D. Cal. No. CR 19-377 WHA. *See* Dearborn Decl. ¶ 22.   The parties shall comply with Paragraph 15 of the Protective Order within 60 days of the final resolution of Mr. Levandowski's criminal case.

**IT IS SO STIPULATED**

DATED: October 3, 2019          QUINN EMANUEL URQUHART & SULLIVAN LLP

By:   */s/ David A. Perlson*
David A. Perlson
50 California Street, 22nd Floor
San Francisco, California 94111
Tel: 415-875-6344
davidperlson@quinnemanuel.com
Attorneys for Plaintiff WAYMO LLC

DATED: October 3, 2019          BOIES SCHILLER FLEXNER LLP

By:   */s/ Meredith R. Dearborn*
Meredith R. Dearborn
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Tel: 415-293-6800
mdearborn@bsfllp.com
Attorneys for Defendants UBER TECHNOLOGIES, INC. and OTTOMOTTO LLC

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____October 4_____, 2019          _____
Honorable William Alsup