1  [COUNSEL LISTED ON SIGNATURE PAGE]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>WAYMO LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC. AND OTTOMOTTO LLC,<br><br>   Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**SEVENTH JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND THE DEADLINE UNDER PARAGRAPH 15 OF THE INTERIM MODEL PROTECTIVE ORDER** |

Pursuant to Civil Local Rules 6-1(b) and 6-2(a), and upon the accompanying declaration of Debra I. Grassgreen, Plaintiff Waymo LLC ("**Waymo**") and Defendants Uber Technologies, Inc. ("**Uber**") and Ottomotto LLC ("**Ottomotto**") (collectively, the "**Parties**") hereby stipulate and jointly request that the requirements of Paragraph 15 of the Interim Model Protective Order (the "**Protective Order**") be further extended until entry of a final, non-appealable judgment in *Anthony Levandowski v Uber Technologies, Inc.*, N.D. Cal. Bankr., Adv. Pro. No. 20-03050 (HLB) (the "**Adversary Proceeding**").

In particular, because the Parties agree that certain material subject to this Court's Protective Order is relevant to the ongoing Adversary Proceeding, the Parties' evidence preservation obligations in the Adversary Proceeding conflict with the Parties' obligations under Paragraph 15 of this Court's Protective Order. The Parties therefore jointly request that the obligations under

Paragraph 15 of the Protective Order be further extended in order to resolve this conflict and maintain the preservation of evidence.

Although the Court ordered on October 4, 2019 to extend the deadline to follow final resolution in a separate related action, *United States v. Levandowski,* N.D. Cal. No. CR 19-377 WHA, the Parties respectfully submit that new facts have arisen since that time that warrant further extension of the Parties' obligations under Paragraph 15 of this Court's Protective Order.

**The Parties stipulate as follows**:

1.   On March 16, 2017, the Court ordered that the Parties be bound by the Interim Model Protective Order (the "**Protective Order**").  Dkt. 60.

2.   Paragraph 15 of the Protective Order provides that, "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material," and further requires each Receiving Party to certify in writing by the 60-day deadline (1) that all of the material subject to the Protective Order was returned or destroyed, and (2) that it has not retained copies, abstracts, compilations, or summaries of material subject to the Protective Order.

3.   The Parties settled this lawsuit, and a final disposition was entered on February 9, 2018. Grassgreen Decl. ¶ 6.

4.   On April 6, 2018, the Parties filed a stipulation and proposed order extending the deadline to comply with Paragraph 15 until June 11, 2018, citing the pendency of related matters that impose document preservation obligations on the Parties that conflict with Paragraph 15's requirements.  The Parties further indicated that they "might hereafter request additional time if those obligations have not been satisfied." Grassgreen Decl. ¶ 5a; Dkt. 2670.

5.   The Court approved the stipulation and signed the proposed order on April 9, 2018. Grassgreen Decl. ¶ 5b; Dkt. 2671.

6.   The Parties stipulated to five additional extensions of time in the ensuing months, all of which the Court granted. Grassgreen Decl. ¶ 5c; Dkt. 2673, 2674, 2683, 2684, 2696, 2697, 2698, 2699, 2701, 2702.

7. The last stipulation was entered on October 4, 2019. Pursuant to that stipulation (Dkt. 2708), the Court amended the Protective Order to modify the requirements of Paragraph 15 of the Protective Order to require compliance within 60 days of the "final resolution" of *United States v. Levandowski*, N.D. Cal. No. 19-cr-377-WHA. Dkt. 2709.

8. Judgment was entered in the criminal matter on August 6, 2020. Levandowski's time to appeal expired on August 20, 2020. Accordingly, the Parties understand the current deadline to comply with Paragraph 15 of the Protective Order is October 19, 2020.

9. On March 4, 2020, Levandowski filed a chapter 11 petition in the United States Bankruptcy Court for the Northern District of California. *In re Anthony Scott Levandowski*, Bankruptcy Petition No. 20-30242.

10. On July 6, 2020, Uber filed a Proof of Claim in *In re Anthony Scott Levandowski,* Bankruptcy Petition No. 20-30242.

11. On July 16, 2020, Levandowski filed an adversary complaint against Uber seeking declaratory relief, specific performance, and damages, and objecting to Uber's Proof of Claim filed in his Bankruptcy Petition, *Levandowski v. Uber Technologies, Inc.*, N.D. Cal. Bankr. Adv. Pro. No. 20-03050 (the "**Adversary Proceeding**").

12. On September 3, 2020, the bankruptcy court allowed Google LLC to intervene, in part, in the Adversary Proceeding.

13. The Parties understand that certain Protected Material produced in the *Waymo v. Uber* matter and subject to this Court's Protective Order is relevant in the Adversary Proceeding and the destruction of that Protected Material at this time would hinder the ability of the parties to the Adversary Proceeding to discover facts necessary to prosecute and defend that proceeding.

14. In addition, due to the ongoing COVID-19 pandemic, the Parties' outside counsel's physical offices are currently closed. This hinders full compliance with Paragraph 15's provisions, especially with respect to hard copy documents in the Parties' outside counsel's respective offices.

15. In light of these new facts, and given the pendency of the Adversary Proceeding, the Parties respectfully and jointly request that the time limits imposed under Paragraph 15 of the

Protective Order be amended to state that "The parties to this matter shall comply with Paragraph 15 of the Protective Order within 60 days of the entry of a final, non-appealable judgment in *Levandowski v. Uber Technologies, Inc.*, N.D. Cal. Bankr. Adv. Pro. No. 20-03050."

**IT IS SO STIPULATED**

DATED: September 30, 2020	PACHULSKI STANG ZIEHL & JONES LLP

By:*/s/ Debra Grassgreen*

Debra I. Grassgreen (CA Bar No. 169978)
Miriam Manning (CA Bar No. 178584)
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone:	(415) 263-7000
Facsimile:	(415) 263-7010
E-mail:	dgrassgreen@pszjlaw.com
	mmanning@pszjlaw.com

*Counsel for Defendants*
*Uber Technologies, Inc. and Ottomotto LLC*

DATED: September 30, 2020	QUINN EMANUEL URQUHART & SULLIVAN LLP

By:*/s/ Jordan R. Jaffe*

Jordan R. Jaffe
50 California Street, 22nd Floor
San Francisco, California 94111
Tel: 415-875-6344
jordanjaffe@quinnemanuel.com

*Counsel for Plaintiff WAYMO LLC*

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____, 2020

_____
Honorable William Alsup