Debra I. Grassgreen (CA Bar No. 169978)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone:    (415) 263-7000
Facsimile:    (415) 263-7010
E-mail:    dgrassgreen@pszjlaw.com
          mmanning@pszjlaw.com

David J. Bradford (admitted *pro hac vice*)
Terri L. Mascherin (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350
E-mail: dbradford@jenner.com
        tmascherin@jenner.com

*Counsel for Uber Technologies, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYMO LLC,, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., OTTOMOTTO LLC,  OTTO TRUCKING LLC <br><br> Defendants. | Case No. 3:17-cv-00939-WHA <br><br> **DECLARATION OF DEBRA GRASSGREEN IN SUPPORT OF DEFENDANT'S MOTION TO MODIFY THE INTERIM MODEL PROTECTIVE ORDER** <br><br> **Hearing:** <br><br> **Date:   December 10, 2020** <br> **Time:  8:00 AM** <br> **Place:  Courtroom 12, 19th Floor** <br><br> **Judge:  Honorable William H. Alsup** |

I, Debra Grassgreen, hereby declare as follows:

1.       I am co-counsel to defendant Uber Technologies, Inc. ("**Uber**") in the above entitled

action and have personal knowledge of the facts contained in this Declaration, which are true and

correct, and if sworn as a witness, I could and would testify competently thereto.  I am also

bankruptcy counsel to Uber in the bankruptcy case of *Anthony Levandowski*, Case No. 20-30242

(HLB) pending in the United States Bankruptcy Court for the Northern District of California (the

"**Bankruptcy Case**") and in the adversary proceeding pending in the Bankruptcy Case: *Anthony Levandowski v Uber Technologies, Inc.*, N.D. Cal. Bankr., Adv. Pro. No. 20-03050 (HLB) (the "**Adversary Proceeding**").

2.      I submit this declaration in support of the *Defendant's Motion to Modify the Interim Model Protective Order.*[1]

3.      On March 16, 2017, the Court ordered that plaintiff Waymo LLC ("**Waymo**") and Defendants be bound by the Interim Model Protective Order (the "**Protective Order**").  Dkt. 60.

4.      On February 8, 2018, the Litigation was settled through a settlement agreement signed by Defendants, Google, Waymo (the business unit that now runs Google's self-driving car business), and Alphabet, Inc. (the parent company of both Google and Waymo).

5.      Paragraph 7 of the Protective Order provides that "[a] Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case *only for prosecuting, defending, or attempting to settle this litigation.*"  (Dkt. 50, Protective Order ¶ 7.1).  By way of the Motion, Uber requests permission to modify paragraph 7 so as to allow the parties to the Adversary Proceeding to (a) review the Protected Materials for the purpose of evaluating whether they are relevant to the Adversary Proceeding, and (b) use (and produce in discovery) such materials for prosecuting, defending, and attempting to settle the Adversary Proceeding, pursuant to a substantially identical protective order already entered in the Adversary Proceeding.

**The Bankruptcy Proceeding**

6.      On March 4, 2020, Anthony Scott Levandowski ("**Levandowski**") filed a chapter 11 petition in the United States Bankruptcy Court for the Northern District of California (Case No. 20-30242) on the same day that the California Superior Court issued a judgment confirming an arbitration award against Mr. Levandowski and in favor of Google, in the amount of approximately $179 million.

---

[1]  Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

7.      On July 6, 2020, Uber filed a proof of claim in the Bankruptcy Case seeking, among other things, damages for Mr. Levandowski's fraudulent inducement of Uber to enter into a certain Indemnification Agreement, dated April 11, 2016.

8.      On July 16, 2020, Mr. Levandowski commenced the Adversary Proceeding by filing a complaint against Uber seeking declaratory relief, specific performance, damages, and an objection to Uber's proof of claim.  On September 3, 2020, the Bankruptcy Court allowed Google LLC to intervene on a single claim in the Adversary Proceeding.

9.      By way of the Adversary Proceeding, Mr. Levandowski seeks, among other things, contractual indemnification from Uber for the approximate $179 million dollar arbitration award and judgment.  Uber seeks to defend the indemnification claim, in part, by demonstrating (1) that Mr. Levandowski committed certain wrongful acts that constitute an express contractual ground for nullifying the Indemnification Agreement (referred to in the contract as "Post-Signing Specified Bad Acts"), (2) that Mr. Levandowski fraudulently induced Uber into entering into the Indemnification Agreement by concealing and lying about his long-running breaches of duties to Google and his theft of trade secrets, and (3) that the award is not indemnifiable under California law.

10.     Attached hereto as **Exhibit A** is a true and correct copy of Uber's Answer and Counterclaims to First Amended Complaint in Adversary Proceeding.

11.     Many of the same facts and events underlying the Litigation are now at issue in the Adversary Proceeding due to  the fact that Mr. Levandowski's misconduct that was at issue in this Litigation bears on Uber's defenses to Mr. Levandowski's indemnification claim and some of Uber's counterclaims.

12.     On September 16, 2020, the Bankruptcy Court entered a protective order in the Adversary Proceeding that is virtually identical to the Protective Order that was entered in this case. Attached hereto as **Exhibit B** is a true and correct copy of the Protective Order entered in the Adversary Proceeding ("**Adversary Proceeding Protective Order**").  If the Court grants the Motion, the parties' use of the materials from this Litigation will be governed by the Adversary Proceeding Protective Order.

13.     There is considerable overlap between the witnesses who testified and/or produced documents in the Litigation and those who were identified as witnesses in the Adversary Proceeding. Uber identified 35 witnesses in its Rule 26 Disclosures who also testified in this Litigation. Attached hereto as **Exhibit C** is a true and correct copy of Uber's Rule 26 Disclosures.

14.     Levandowski also identified additional witnesses who had testified in the Litigation on his Rule 26 Disclosures. Attached hereto as **Exhibit D** is a true and correct copy of Levandowski's Rule 26 Disclosures.

15.     Uber contends that some of the documents that were produced in this case may be relevant to Uber's claims and defenses asserted in the Adversary Proceeding. Uber therefore issued two subpoenas to Waymo in connection with the Adversary Proceeding requesting that Uber be permitted to review the material that was already in its possession for use in the Adversary Proceeding. While Waymo agreed that Uber may review a very small subset of documents from this case, it objected to Uber's review of substantial portions of the record because of its own confidentiality interests, its position that not all of the materials are relevant to the Adversary Proceeding, and its desire to avoid providing notice to third parties as required by the protective order in this Litigation once a subpoena has been issued.

16.     To resolve the dispute, Uber presented a letter brief to the Bankruptcy Court on October 7, 2020, asking the court to enforce the subpoenas against Waymo.

17.     Waymo, Google and Mr. Levandowski each opposed Uber's position and submitted their own letter briefs to the Bankruptcy Court. Waymo argued (among other things) that the better path—rather than having the bankruptcy court enforce the subpoenas—was for Uber to seek to modify the Protective Order in this Court.

18.     On October 23, 2020, the Bankruptcy Court issued a *Second Order Re Discovery Dispute* in which the court noted that the issue of whether the Protective Order should be modified is "one more properly presented to the judge who entered the Protective Order." (Second Order, Pg. 2; lines 24-26). Attached hereto as **Exhibit E** is a true and correct copy of the Bankruptcy Court order.

19.     To date, Mr. Levandowski has served document requests and two interrogatories in the Adversary Proceeding on Uber. The document requests require Uber to produce, among other

things, materials that it may use or rely upon in the Adversary Proceeding.  The interrogatories request Uber to identify all facts and evidence that support its claim that Mr. Levandowski committed fraud or Post-Signing Specified Bad Acts.  Attached hereto as **Exhibit F** is a true and correct copy of the Document Request and First and Second Sets of Interrogatories propounded on Uber.

20.     Uber expects that testimony and evidence in this Litigation is responsive to both the interrogatories and the document requests.

21.     In light of the Bankruptcy Court's order and in an effort to respond to the discovery propounded on Uber and prepare for trial, Uber seeks permission from this Court to modify paragraph 7 of the Protective Order to allow the parties to the Adversary Proceeding to review the record and discovery from this case and to use such material in the Adversary Proceeding.

I declare under penalty of perjury that the forgoing is true and correct.  Executed on this 5th day of November 2020.

*/s/ Debra I. Grassgreen*
Debra I. Grassgreen