**EXHIBIT D**

(Levandowski's Rule 26 Disclosures)

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California  94108
Telephone: (415) 364-6793
Facsimile: (650) 636-9251

BRETT M. SCHUMAN (SBN 189247)
*bschuman@goodwinlaw.com*
RACHEL M. WALSH (SBN 250568)
*rwalsh@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

HONG-AN VU (SBN 266268)
*hvu@goodwinlaw.com*
**GOODWIN PROCTER** LLP
601 S. Figueroa Street, 41st Flr.
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

Attorneys for Plaintiff and Debtor and
Debtor in Possession Anthony S. Levandowski

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>    Debtor.<br><br>_____<br><br>ANTHONY LEVANDOWSKI, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC.<br><br>    Defendant. | Bankruptcy Case<br>No. 20-30242 (HLB)<br>Chapter 11<br><br>Hon. Hannah L. Blumenstiel<br><br>**Adv. Pro. No. 20-03050 (HLB)**<br>**PLAINTIFF ANTHONY**<br>**LEVANDOWSKI'S INITIAL**<br>**DISCLOSURES PURSUANT TO FEDERAL**<br>**RULE OF CIVIL PROCEDURE 26(a)(1)**<br>**AND FEDERAL RULE OF BANKRUPTCY**<br>**PROCEDURE 7026** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure, Plaintiff Anthony Levandowski ("Mr. Levandowski") hereby provides the following initial disclosures to Defendant Uber Technologies, Inc. ("Uber") based on information that is reasonably available to Mr. Levandowski at this time and at this stage of the proceedings. As such, the individuals and documents disclosed herein are not necessarily exhaustive of whom and what Mr. Levandowski may identify as discovery progresses. As additional information becomes available, Mr. Levandowski reserves the right to supplement these initial disclosures and/or use documents not described herein. By making these disclosures, Mr. Levandowski does not admit that any subject matter identified with respect to any particular individual or category of documents is relevant to this matter, nor likely to lead to the discovery of admissible evidence. These disclosures are made without prejudice or waiver of any right to modify or supplement the present disclosures or to present any evidence or witness at trial, object to any witnesses or the admissibility of any evidence, and/or take discovery in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Parties' Rule 26 Report and Discovery Plan. Mr. Levandowski does not waive the right to object to producing any document or thing on the basis of any applicable privilege or immunity, relevancy, undue burden, or any other valid objections.

## A. PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION (Fed. R. Civ. P. 26(a)(1)(A)(i))

Pursuant to Rule 26(a)(1)(A)(i), Mr. Levandowski identifies the following individuals known to him at this time who are likely to have discoverable, non-privileged information relating to the claims and defenses in this proceeding, and for each individual, Mr. Levandowski identifies the subject of the information. Mr. Levandowski also does not waive his right to object to discovery of information from any such individuals on the basis of attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

1. **Anthony Levandowski**— contact through Goodwin Procter LLP.  Mr. Levandowski has information regarding, among other things, the April 11, 2016 transaction with Uber that included the Indemnification Agreement and the agreements for the acquisitions of Otto and Otto Trucking, the information he disclosed to Uber and its agents (including Uber's counsel and Stroz Friedberg) regarding alleged "bad acts," the Otto Trucking Agreement and his rights under that agreement, Uber's control of Mr. Levandowski's defense, the scope of his plea agreement and criminal sentence, his assertion of the Fifth Amendment, and the harm he has suffered due to Uber's breach of the Indemnification Agreement and the Otto Trucking Agreement, among other topics.

2. **One or more individuals currently or formerly employed by Uber Technologies, Inc.**—contact through counsel for Uber.  Uber, as defendant in these proceedings, has relevant knowledge relating to all claims, affirmative defenses, and counterclaims pled in these proceedings.  Relevant topics include, the April 11, 2016 transaction that included the Indemnification Agreement and the agreements for the acquisitions of Otto and Otto Trucking by Uber, Uber's due diligence as part of the April 11, 2016 transaction, Mr. Levandowski's disclosure and Uber's knowledge of the alleged "bad acts," any alleged Post-Signing Specified Bad Acts, Uber's statements that no trade secrets from Google or Waymo entered Uber's systems, Uber's knowledge of Mr. Levandowski's assertion of the Fifth Amendment, Uber's control of Mr. Levandowski's defense, Uber's knowledge of Tyto LiDAR, the improper termination of Mr. Levandowski's rights under the Otto Trucking Agreement, Uber's merger with Otto Trucking in the New Otto Trucking Agreement, operation and pathway to profitability of Uber Freight, Uber's delay in rescinding the Indemnification Agreement, Uber's ratification of the April 11, 2016 transaction, and Uber's

acceptance of its indemnity obligation without reservation of rights, among other topics.  The individuals affiliated with Uber that have discoverable information include, but are not limited to, Dara Khowsrowshahi, Cameron Poetzscher, Angela Padilla, Tony West, Brian McClendon, Jeff Holden, Lior Ron, John Bares and any former Google employees identified by Mr. Levandowski in the Stroz report as having spoken to him about Otto who joined Uber in 2016 and are still employed by Uber.

3. **One or more individuals currently employed by Google, LLC**– contact through counsel for Google.  Google is knowledgeable about the Google Arbitration proceedings, the Corrected Final Award, its Chauffeur Bonus Plan, and the Waymo Settlement Agreement.  The individuals affiliated with Google that likely have discoverable information include, but are not limited to, Michael Xing, who was Google's 30(b)(6) witness on the Chauffeur Bonus Plan, David Drummond who signed the Waymo Settlement Agreement on behalf of Google Waymo, and Alphabet, and the individuals identified in the Final Award who were found to have been solicited by Mr. Levandowski.  Mr. Levandowski reserves the right to identify additional topics and individuals as more information becomes available.

4. **One or more individuals currently employed by Waymo, LLC**—contract through Andrea Roberts, Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, CA 94065, 650-801-5000, and Jordan Jaffe, Quinn Emanuel Urquhart & Sullivan, LLP,  50 California Street, 22nd Floor. San Francisco, CA 94111, 415-875-6600.  Waymo is knowledgeable about the Waymo Litigation and the Waymo Settlement Agreement.  Individuals with knowledge on these topics include, but is not limited to, John Krafcik, the CEO of Waymo who kept in contact with Mr. Levandowski after he left Google to monitor his actions, and any

individuals who negotiated the Waymo Settlement on behalf of Waymo.  Mr. Levandowski reserves the right to identify additional topics and individuals as more information becomes available.

5. **Lior Ron**— contact through Jonathan Patchen, Baker Botts, 101 California Street, Suite 3600, San Francisco, California 94111, 415-291-6209.  Mr. Ron was the Managing Member of Otto Trucking and is the current head of Uber Freight.  He was also previously associated with Otto and Google.  Mr. Ron has discoverable information regarding, among other things, the April 11, 2016 transaction with Uber that included the Indemnification Agreement and the agreements for the acquisitions of Otto and Otto Trucking, the improper termination of the Otto Trucking Agreement through the Amendment and Termination of the Otto Trucking Agreement, the merger of Uber and Otto Trucking under the New Otto Trucking Agreement, his and Mr. Levandowski's efforts to discuss with Uber settlement possibilities to convey to Google, Uber's control of Mr. Levandowski's defense, and the operation and pathway for profitability of Uber Freight, among other topics.

6. **Travis Kalanick**— contact through Walt Brown, Orrick Herrington & Sutcliffe LLP, The Orrick Bldg., 405 Howard St, San Francisco, CA 94105-2669.  Mr. Kalanick was the founder and former-CEO of Uber who pushed for Uber to work with Mr. Levandowski and to enter into the April 11, 2016 transaction that included the acquisition of Otto, Otto Trucking, and the Indemnification Agreement.  Mr. Kalanick has discoverable information regarding that transaction, as well as, competition between Google and Uber, his and Uber's desire to work with Mr. Levandowski, consideration provided for the acquisition of Otto, Mr. Levandowski's disclosures regarding the threat of litigation with Google, communications with Mr. Levandowski in 2015-2016 about a possible partnership, Mr. Levandowski's

assertion of the Fifth Amendment, Uber's due diligence as part of the April 11, 2016 transaction, and Mr. Levandowski's disclosures regarding alleged "bad acts" he committed, among other topics.

7. **Eric Tate**— Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105, 415-268-6915.  Mr. Tate oversaw the due diligence for Uber and represented Mr. Levandowski and Uber in the Google Arbitration and Waymo Litigation.  Mr. Tate has discoverable information regarding Uber's due diligence as part of the April 11, 2016 transaction, Uber's decision to proceed with the April 11, 2016 transaction before the Stroz investigation was completed, the Stroz report, Uber's decision to proceed with closing the Otto transaction, information disclosed by Mr. Levandowski to Uber relating to Google's arbitration demands, Uber's knowledge of any alleged Post-Signing Specified Bad Acts committed by Mr. Levandowski, Mr. Levandowski's disclosure of information relating to the Waymo Litigation, Mr. Levandowski's assertion of his Fifth Amendment privilege, and Uber's acceptance of its indemnity obligation without reservation of rights, among other topics.

8.  **Arturo Gonzalez**— Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105, 415-268-6915.  Mr. Gonzalez represented Mr. Levandowski and Uber in the Google Arbitration and Waymo Litigation.  Mr. Gonzalez has discoverable information regarding information disclosed by Mr. Levandowski relating to Google's arbitration demands, Uber's knowledge of any alleged Post-Signing Specified Bad Acts committed by Mr. Levandowski, Mr. Levandowski's disclosure of information relating to the Waymo Litigation, Mr. Levandowski's assertion of his Fifth Amendment privilege, Uber's acceptance of its indemnity obligation without reservation of rights, among other topics.

9. **Cameron Poetzscher**— Mr. Poetzcher was Vice President of Corporate Development at Uber.  Mr. Poetzcher was one of the primary negotiators of the transaction involving Uber's acquisition of Otto and Otto Trucking and the Indemnification Agreement.  Mr. Poetzcher has discoverable information about the development, strategic vision, designs, and projects of Uber's autonomous car program during time period most relevant to claims.  He also has discoverable information regarding Mr. Levandowski's divestment of his interest in Otto Trucking, the Amendment and Termination of the Otto Trucking Agreement, and Uber's merger with Otto Trucking pursuant to the New Otto Trucking Agreement.  Further and upon information and belief, Mr. Poetzcher is knowledgeable about business or corporate aspects of Uber, including but not limited to its structure and aspects of discussions, negotiations, and considerations involving Uber's acquisition of Otto and Otto Trucking.

10. **Nina Qi**— contact through Jaime Bartlett, Sidley Austin LLP, 555 California St, Fl 20, San Francisco, CA 94104-1522.  Ms. Qi is a former Uber employee who was one of the primary negotiators of the transaction involving Uber's acquisition of Otto and Otto Trucking and the Indemnification Agreement.  Ms. Qi has discoverable information regarding the development, strategic vision, designs, and projects of Uber's autonomous car program during time period most relevant to claims.  Further and upon information and belief, Ms. Qi is knowledgeable about business or corporate aspects of Uber, including but not limited to its structure and aspects of discussions, negotiations, and considerations involving Uber's acquisition of Otto and Otto Trucking.

11. **Individuals employed by Stroz Friedberg**— contact through Melanie Blunschi, Latham & Watkins LLP, 505 Montgomery St Ste 2000, San Francisco, CA 94111.

Stroz Friedberg was the forensic investigator hired by Uber to conduct due diligence on Mr. Levandowski and others as part of the transaction involving Uber's acquisition of Otto and Otto Trucking and the Indemnification Agreement.  The individuals who have discoverable information include Eric Friedberg, Mary Fulginiti, Hanley Chew, and Melanie Maugeri.  These Stroz-affiliated people have discoverable information regarding Uber's due diligence investigation, Mr. Levandowski's disclosures about alleged "bad acts," Uber's decision to proceed with the April 11, 2016 transaction before the Stroz investigation was complete, information provided to Uber prior to the April 11, 2016 transaction, its August 2016 report to Uber, pressure from Uber to issue a report, revisions to the scope of Stroz's investigations, its collection and retention of Mr. Levandowski's devices and accounts, Stroz's interview of Mr. Levandowski, and its efforts to prevent any information from Mr. Levandowski's devices to enter Uber, among other topics.

12. **Ognen Stojanovski**— contact through Adrian Sawyer, Sawyer & Labar LLP, 201 Mission St Ste 2240, San Francisco, CA 94105-1839.  Mr. Stojanovski is associated with Sandstone, a fund that invested in various companies, including Tyto LiDAR. Mr. Stojanovski has discoverable information regarding his management and control of Sandstone and Otto's acquisition of Tyto with Uber's approval.

13. **Brent Schwarz**— contact through Adrian Sawyer, Sawyer & Labar LLP, 201 Mission St Ste 2240, San Francisco, CA 94105-1839.  Mr. Schwarz was the founder and CEO of Tyto LiDAR and has discoverable information regarding his management of Tyto LiDAR and Otto's acquisition of Tyto with Uber's approval.

14. **Nicole Bartow**—Ms. Bartow was an in-house counsel for Uber who was present for interviews of Mr. Levandowski after Google filed its arbitration demands and oversaw defense of the Waymo Litigation.  Ms. Bartow has discoverable information

regarding the Waymo Settlement Agreement, Uber's direction and control of the defense of the Google v. Levandowski arbitration, Uber's acceptance of its indemnity obligation without reservation of rights, Uber's knowledge of alleged conduct by Anthony Levandowski, Mr. Levandowski's efforts to propose settlement option to Uber to convey to Google, whether Uber conveyed any settlement proposals to Google, Uber's knowledge of Mr. Levandowski's assertion of his Fifth Amendment privilege, Uber's delay in requesting that Mr. Levandowski testify in the Google arbitration, and Uber's decision not to rescind the Indemnity Agreement until after the final arbitration hearing, among other topics.

15. **Justin Suhr**— 777 S Figueroa St Fl 47, Los Angeles, CA 90017-5842.  Mr. Suhr was the former in-house counsel for Uber who was present for interviews of Mr. Levandowski after Google filed its arbitration demands and oversaw Mr. Levandowski's defense in the Google Arbitration. Mr. Suhr has discoverable information regarding Uber's direction and control of the defense of the Google v. Levandowski arbitration, Uber's acceptance of its indemnity obligation without reservation of rights, Uber's knowledge of alleged conduct by Anthony Levandowski, Mr. Levandowski's efforts to settlement options to Uber to convey to Google, whether Uber conveyed any settlement proposals to Google, Uber's knowledge of Mr. Levandowski's assertion of his Fifth Amendment privilege, Uber's delay in requesting that Mr. Levandowski testify in the Google arbitration, Uber's knowledge of facts relating to Tyto LiDAR, and Uber's decision not to rescind the Indemnity Agreement until after the final arbitration hearing, among other topics.

16. **Hamish Hume**—Boies Schiller Flexner LLP, 1401 New York Avenue, NW, Washington D.C. 20005, 202-274-1149.  Mr. Hume was outside counsel for Uber who oversaw Mr. Levandowski's defense in the Google Arbitration.  Mr. Hume has

discoverable information regarding Uber's control of Mr. Levandowski's defense in the Google arbitration, Mr. Levandowski's alleged conduct, Mr. Levandowski's assertion of his Fifth Amendment privilege, Uber's delay in requesting that Mr. Levandowski testify, Uber's decision not to rescind the Indemnity Agreement until after the final arbitration hearing, and Uber's knowledge of facts relating to Tyto LiDAR, among other topics.

17. **Jessica Phillips** – Paul Weiss, 2001 K Street, NW, Washington, DC 20006-1047, 202-223-7338.  While at Boies Schiller, Ms. Phillips was outside counsel for Uber who oversaw Mr. Levandowski's defense in the Google Arbitration.  She has discoverable information regarding Uber's control of Mr. Levandowski's defense in the Google arbitration, Mr. Levandowski's alleged conduct, Mr. Levandowski's assertion of his Fifth Amendment privilege, Uber's delay in requesting that Mr. Levandowski testify, Uber's decision not to rescind the Indemnity Agreement until after the final arbitration hearing, and Uber's knowledge of facts relating to Tyto LiDAR, among other topics

18. **Jonathan Patchen**— Baker Botts, 101 California Street, Suite 3600, San Francisco, California 94111, 415-291-6209.  Mr. Patchen represented Mr. Ron and is knowledgeable about Uber's control over Mr. Levandowski's and Mr. Ron's defense. He is also knowledgeable about the many attempts to discuss settlement with Uber.

19. All individuals who were involved in the Stroz due diligence, negotiation of the transaction that included the Indemnification Agreement and agreements for the acquisition of Otto and Otto Trucking, the Otto Trucking acquisition and agreements relating to that acquisition, and the negotiation of the Waymo Settlement Agreement and Uber's performance thereunder.

20. All witnesses identified by Uber in its Initial Disclosures in this matter.

ACTIVE/104773659.6

Mr. Levandowski reserves the right to disclose additional individuals whom he may use to support his defenses based on information learned during the course of the litigation.

**B. CATEGORIES OF RELEVANT DOCUMENTS (Fed. R. Civ. P. 26(a)(1)(A)(ii))**

Pursuant to Rule 26(a)(1)(A)(ii), Mr. Levandowski identifies the following categories of documents and things that he may use to support his defenses.

1. Documents and communications reflecting Uber's release of Mr. Levandowski from all claims in the Waymo Settlement, including the settlement agreement and communications relating to that settlement;

2. Documents and communications relating to the negotiation of the transaction that included the acquisition by Uber of Otto and Otto Trucking and the Indemnification Agreement;

3. Documents and communications relating to Uber's due diligence concerning Anthony Levandowski and others as part of the transaction that included the acquisition by Uber of Otto and Otto Trucking and the Indemnification Agreement;

4. Documents and communications relating to Uber's statements that no Google or Waymo trade secrets entered Uber's systems and the sufficiency of the Stroz quarantine of Mr. Levandowski's devices and accounts;

5. Documents and communications relating to Uber's decision to proceed with the Otto transaction before the completion of due diligence;

6. Documents and communications relating to Uber's decision to proceed with closing the Otto acquisition after the Stroz Report;

7. Documents and communications relevant to these proceedings from the Google Arbitration;

8. Communications between Mr. Levandowski and lawyers at Morrison & Foerster LLP regarding the Fifth Amendment during the time period when Morrison & Foerster was jointly representing Uber and Mr. Levandowski;

9. Communications between Mr. Levandowski's counsel and Uber's counsel regarding his defense in the Google Arbitration;

10. Documents and communications relating to closing of the Otto Trucking acquisition and the value of the Otto Trucking shares as converted to Uber stock;

11. Documents and communications relating to the purported termination of the April 11, 2016 Otto Trucking Agreement and Plan of Merger;

12. Documents and communications related to Uber's unreasonable delay in seeking to rescind the Indemnification Agreement, including documents and communications demonstrating Uber's knowledge regarding any purported fraud and Post-Signing-Specified Bad Acts;

13. Documents and communications relating to how all agreements relating to Uber's acquisition of Otto and Otto Trucking made up a single transaction;

14. Documents and communications sufficient to show that Uber ratified or waived any alleged fraud by Mr. Levandowski;

15. Documents sufficient to account for all Expenses endured by Mr. Levandowski;

16. Documents sufficient to account for all damages endured by Mr. Levandowski as a result of Uber's breaches, including the cost of the bankruptcy proceedings and Mr. Levandowski's need to liquidate assets during the pandemic;

17. Documents sufficient to account for prejudgment and post-judgment interest, attorney's fees, and other costs; and

18. Any documents referenced in discovery.

Mr. Levandowski reserves the right to assert a claim of privilege or immunity and withhold from production any documents, whether or not included above, that are protected from discovery by the attorney-client privilege, work product immunity, or any other privilege or immunity.  Mr. Levandowski further reserves the right to disclose additional documents that he may use to support his defenses based on information learned during the course of this litigation.

It is Mr. Levandowski's current understanding that the documents described in categories 1– 16 above are currently either in Uber's possession, custody, or control, or are publicly available.

## C.  COMPUTATION OF DAMAGES (Fed. R. Civ. P. 26(a)(1)(A)(iii))

The amount of damages owed to Mr. Levandowski is the $179,523,572 judgment in favor of Google, plus interest, Expenses that Mr. Levandowski continues to incur in defending against the claims brought by Google, LLC through appeal that Uber refuses to advance, damages he has incurred from Uber's breach, including the cost of the bankruptcy proceedings, the losses he suffered from having to liquidate assets during a pandemic, and the value of the Otto Trucking shares that Mr. Levandowski was forced to sell, which can be calculated based on information presently in Uber's possession (specifically, the rate of converting the Otto Trucking stock to Uber stock) but that has not been provided to Mr. Levandowski.  Mr. Levandowski has also been damaged by Uber's refusal to provide him with the IP License to Uber's self-driving technology as required by Section 5.11 of the Otto Trucking Agreement.  While Mr. Levandowski seeks specific performance that Uber grant him the license, to the extent that the Court declines to order specific performance, Mr. Levandowski's damages can be measured by the value of the license for Uber's self-driving technology, including the value of a license to use hundreds of Uber patents in the field of self-driving as applied to trucking.  In addition, Mr. Levandowski seeks damages for Uber's breach of contract and breach of the covenant of good faith and fair dealing with respect to the new trucking company that he had a right to form under Section 5.11.  The damages for these breaches can be measured as the valuation of Uber Freight, which has been publicly disclosed to be $4 billion once

Uber closes on its latest round of financing, and/or the valuation and lost profits of the new trucking company Mr. Levandowski should have been allowed to form and operate but for Uber's breaches.

Mr. Levandowski reserves the right to seek attorney fees and costs incurred in prosecuting this action as permitted by law and will provide information concerning such fees and costs at the appropriate time.

### D.  INSURANCE AGREEMENTS (Fed. R. Civ. P. 26(a)(1)(A)(iv))

Mr. Levandowski is unaware of any insurance agreement within the meaning of this rule.

\*\*\*\*\*

Mr. Levandowski reserves the right to supplement these initial disclosures pursuant to Federal Rule of Civil Procedure 26(e).

Dated: September 25, 2020

Respectfully submitted,

By:   */s/ Brett M. Schuman*
Brett M. Schuman (SBN 189247)
*bschuman@goodwinlaw.com*
Rachel M. Walsh (SBN 250568)
*rwalsh@goodwinlaw.com*
**GOODWIN PROCTER** LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Hong-An Vu (SBN 266268)
*hvu@goodwinlaw.com*
**GOODWIN PROCTER** LLP
601 S. Figueroa Street, 41st Flr.
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

Tobias S. Keller (SBN 151445)
*tkeller@kbkllp.com*
Dara L. Silveira (SBN 274923)
*dsilveira@kbkllp.com*
**KELLER BENVENUTTI KIM LLP**
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 364-6793
Facsimile: (650) 636-9251

*Attorneys for Plaintiff and Debtor and Debtor in Possession*
ANTHONY S. LEVANDOWSKI

ACTIVE/104773659.6

1

**PROOF OF SERVICE**

2

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  601 South Figueroa Street, Floor 41, Los Angeles, CA 90017 .

3

4

    On **September 25, 2020**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

5

**PLAINTIFF ANTHONY LEVANDOWSKI'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7026**

6

7

8

David J. Bradford
Terri L. Mascherin
Katharine R. Ciliberti,
Jenner & Block, LLP
353 N. Clark Street
Chicago, IL 60654-3456

Counsel for: *Uber Technologies, Inc.*
Tel.: (312) 222-9350
Fax: (312) 527-0484

*dbradford@jenner.com*
*TMascherin@jenner.com*
*KCiliberti@jenner.com*

9

10

11

12

13

Debra I. Grassgreen
John William Lucas
Miriam Manning
Pachulski, Stang, Ziehl, and Jones LLP
150 California St. 15th Fl.
San Francisco, CA 94111-4500

Counsel for: *Uber Technologies, Inc.*
Tel.: (415) 263-7000
Fax: (415) 263-7010

*dgrassgreen@pszjlaw.com*
*jlucas@pszjlaw.com*
*mmanning@pszjlaw.com*

14

15

16

17

18

John W. Berry
Seth Goldman
Alexander S. Gorin
Munger, Tolles and Olson, LLP
350 S. Grand Ave., 50th Fl.
Los Angeles, CA 90071

Counsel for: *Google, LLC*
Tel.: (213) 683-9571

*john.berry@mto.com*
*seth.goldman@mto.com*
*alex.gorin@mto.com*

19

20

21

22

Thomas E. Gorman
Keker, Van Nest & Peters LLP
633 Battery St.
San Francisco, CA 94111

Counsel for: *Google, LLC*
Tel.: (415) 391-5400

*tgorman@keker.com*

23

24

25

26

    (E-MAIL or ELECTRONIC TRANSMISSION). Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

27

28

1

   I declare under penalty of perjury that I am employed in the office of a member of the bar
2  of this Court at whose direction this service was made and that the foregoing is true and
   correct.

3     Executed on **September 25, 2020**, at Los Angeles, California.

4

5  _____          */s/ Hong-An Vu*
            Hong-An Vu                     _____
6         (Type or print name)                        (Signature)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28