**EXHIBIT E**

(Bankruptcy Order re Discovery Dispute)

Entered on Docket
October 23, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: October 23, 2020



_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 20-30242 HLB |
| ANTHONY SCOTT LEVANDOWSKI, | Chapter 11 |
| Debtor. | |
| ANTHONY SCOTT LEVANDOWSKI, | Adv. Proc. No. 20-3050 HLB |
| Plaintiff, | |
| v. | |
| UBER TECHNOLOGIES, INC., | |
| Defendant. | |

**SECOND ORDER REGARDING DISCOVERY DISPUTE**

On October 7, 2020, consistent with the court's Practices & Procedures concerning discovery disputes, the court received correspondence from counsel for Defendant Uber Technologies, Inc. ("Uber") requesting assistance in resolving a discovery dispute that has arisen between Uber and third-party Waymo LLC ("Waymo"). The court afforded Waymo, as well as Plaintiff Anthony Levandowski and Intervenor Google LLC ("Google"), the opportunity to respond to Uber's letter, which they did.

Uber asks that the court compel Waymo to consent to Uber's review and use in this action of the entire record from Waymo

-1-

1  LLC v. Uber Technologies, Inc., Case No. 3:17-cv-00939 (N.D.
2  Cal.) (the "Waymo Litigation").  Uber explains that the Waymo
3  Litigation involved many of the same parties as this action,
4  and that many of the issues litigated in the Waymo Litigation
5  are relevant to the issues that will be litigated here.
6  Notably, Uber already possesses the record of the Waymo
7  Litigation, but concedes that a protective order entered in the
8  Waymo Litigation (the "Protective Order") prevents Uber from
9  using that record in this proceeding.
10      Waymo, Google, and Mr. Levandowski object to Uber's
11 request for relief.  They contend that much of the record of
12 the Waymo Litigation is irrelevant to this action, and they
13 point out that any modification of the Protective Order should
14 be made by the judge who entered it.
15      This court has two simple rules for discovery:  Don't be
16 greedy and don't be stingy.  This means that parties seeking
17 discovery should request only relevant, non-privileged
18 information and that parties who possess relevant, non-
19 privileged information should cough it up.  Uber's request runs
20 afoul of the first of these general rules.
21      Uber concedes that the Protective Order prohibits the
22 relief it seeks.  Uber does not, however, offer any authority
23 that might permit this court to modify another court's order.
24 This court is not aware of such authority.  The court views
25 Uber's request as one more properly presented to the judge who
26 entered the Protective Order.
27      And as Waymo, Google, and Mr. Levandowski point out, the
28 entire record of the Waymo Litigation cannot possibly be

1  relevant to this action.  They concede to some overlap of legal
2  and factual issues, but they also credibly point to issues that
3  are not common to both cases.  In order to be entitled to
4  discovery, Uber must prove the relevance of the material it
5  requests.  It has made no such showing here.
6       Accordingly, and for the reasons set forth above, the
7  court respectfully declines to issue an order compelling Waymo
8  to consent to Uber's review and use of the record from the
9  Waymo Litigation in this action.

**\*\*END OF ORDER\*\***

**Court Service List**

[None]