**EXHIBIT F**

(Document Request and First and Second Sets of Interrogatories Propounded on Uber)

1   **KELLER BENVENUTTI KIM LLP**
    TOBIAS S. KELLER (Cal. Bar No. 151445)
2   (tkeller@kbkllp.com)
    DARA L. SILVEIRA (Cal. Bar No. 274923)
3   (dsilveira@kbkllp.com)
    650 California Street, Suite 1900
4   San Francisco, California  94108
    Telephone: (415) 364-6793
5   Facsimile: (650) 636-9251

6   BRETT M. SCHUMAN (SBN 189247)
    *bschuman@goodwinlaw.com*
7   RACHEL M. WALSH (SBN 250568)
    *rwalsh@goodwinlaw.com*
8   **GOODWIN PROCTER LLP**
    Three Embarcadero Center
9   San Francisco, California 94111
    Tel.: +1 415 733 6000
10  Fax.: +1 415 677 9041

11  HONG-AN VU (SBN 266268)
    *hvu@goodwinlaw.com*
12  **GOODWIN PROCTER** LLP
    601 S. Figueroa Street, 41st Flr.
13  Los Angeles, California  90017
    Tel.: +1 213 426 2500
14  Fax: +1 213 623 1673

15  Attorneys for Plaintiff and Debtor and
    Debtor in Possession Anthony S. Levandowski
16

17              **UNITED STATES BANKRUPTCY COURT**

18              **NORTHERN DISTRICT OF CALIFORNIA**

19                  **SAN FRANCISCO DIVISION**

20  In re:                                    Bankruptcy Case
                                              No. 20-30242 (HLB)
21  ANTHONY SCOTT LEVANDOWSKI,                Chapter 11

22                          Debtor.           **Adv. Pro. No. 20-03050 (HLB)**

23  ANTHONY LEVANDOWSKI, an individual,       **PLAINTIFF'S FIRST SET OF REQUESTS**
                                              **FOR PRODUCTION OF DOCUMENTS**
24                          Plaintiff,        **TO UBER TECHNOLOGIES, INC.**

25          v.

26  UBER TECHNOLOGIES, INC.

27                          Defendant.

28

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

PROPOUNDING PARTY:    Plaintiff Anthony Levandowski

RESPONDING PARTY:     Defendant Uber Technologies, Inc.

SET NO.:                      One

 

Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and Rules 26 and 34 of the Federal Rules of Civil Procedure and the parties' Rule 26 Report and Discovery Plan (ECF No. 41-1), Plaintiff Anthony Levandowski ("Plaintiff") hereby requests that Defendant Uber Technologies, Inc. ("Defendant") respond to Plaintiff's First Set of Requests for Production of Documents ("Requests") within thirty (30) days from the date of service of the Requests.  Plaintiff further requests that Defendant produce and/or make available for inspection copies of the documents and things requested below at the offices of Goodwin Procter LLP, Three Embarcadero Center, San Francisco, California 94111, or through acceptable electronic means, within thirty (30), or such other time as the parties agree or the Court orders.

## DEFINITIONS

1.      "You," "your," "Uber," or "Defendant" refers to Defendant Uber Technologies, Inc. and all others acting or purporting to act on its behalf, including (a) any of their predecessors and successors in interest, their present and former officers, directors, employees, agents, representatives, accountants, investigators, consultants, attorneys, and any affiliated entities that were in existence during the applicable period of time covered by these requests; and (b) any other Person who is, or was, acting on its behalf or under its control.

2.      "Google" refers to Google Inc. and all others acting or purporting to act on its behalf, including (a) any of their predecessors and successors in interest, their present and former officers, directors, employees, agents, representatives, accountants, investigators, consultants, attorneys, and any affiliated entities that were in existence during the applicable period of time covered by these requests; and (b) any other Person who is, or was, acting on its behalf or under its control.

3.      "Otto" refers to OttoMotto LLC and all others acting or purporting to act on their behalf, including (a) any of their predecessors and successors in interest, their present and former

officers, directors, employees, agents, representatives, accountants, investigators, consultants, attorneys, and any affiliated entities that were in existence during the applicable period of time covered by these requests; and (b) any other Person who is, or was, acting on its behalf or under their control.

4.      "Otto Trucking" refers to Otto Trucking LLC and all others acting or purporting to act on its behalf, including (a) any of their predecessors and successors in interest, their present and former officers, directors, employees, agents, representatives, accountants, investigators, consultants, attorneys, and any affiliated entities that were in existence during the applicable period of time covered by these requests; and (b) any other Person who is, or was, acting on its behalf or under its control.

5.      "Waymo" refers to Waymo LLC and all others acting or purporting to act on its behalf, including (a) any of their predecessors and successors in interest, their present and former officers, directors, employees, agents, representatives, accountants, investigators, consultants, attorneys, and any affiliated entities that were in existence during the applicable period of time covered by these requests; and (b) any other Person who is, or was, acting on its behalf or under its control.

6.      "Waymo Settlement" refers to the Settlement Agreement dated February 8, 2018 entered into between Waymo, Google, and Alphabet Inc., on the one hand, and Uber on the other hand.

7.      "Tyto" refers to Tyto Lidar LLC, formerly known as Odin Wave LLC, and all others acting or purporting to act on its behalf, including (a) any of their predecessors and successors in interest, their present and former officers, directors, employees, agents, representatives, accountants, investigators, consultants, attorneys, and any affiliated entities that were in existence during the applicable period of time covered by these requests; and (b) any other Person who is, or was, acting on its behalf or under its control.

8.      "Stroz" refers to Stroz Friedberg, LLC and all others acting or purporting to act on its behalf, including (a) any of their predecessors and successors in interest, their present and former officers, directors, employees, agents, representatives, accountants, investigators,

1   consultants, attorneys, and any affiliated entities that were in existence during the applicable

2   period of time covered by these requests; and (b) any other Person who is, or was, acting on its

3   behalf or under its control.

4       9.      "Due diligence" refers to any investigation conducted by Stroz relating to the

5   Indemnification Agreement or Uber's acquisition of Otto or Otto Trucking.

6       10.     "Plaintiff" or "Levandowski" refers to Anthony Scott Levandowski.

7       11.     "Indemnification Agreement" refers to the Indemnification Agreement between

8   Uber and Levandowski, dated April 11, 2016.

9       12.     "Google Arbitration" refers to the prior disputes entitled, *Google LLC v. Anthony*

10  *Scott Levandowski and Lior Ron*, JAMS Arbitration Case Reference No. 1100086069 and *Google*

11  *v. Levandowski*, JAMS Arbitration Case Reference No, 1100086032.

12      13.     "Waymo Litigation" refers to the prior dispute entitled, *Waymo LLC v. Uber*

13  *Technologies, Inc., et al*.

14      14.     "Prior Litigation" refers to the Google Arbitration and Waymo Litigation

15  collectively.

16      15.     "Document(s)" is/are intended to be comprehensive and shall mean every original

17  (or an identical copy if the original is unavailable), and every copy which differs in any way from

18  the original, of every writing, recording (e.g., photograph, videotape, audiotape), or other tangible

19  expression, whether handwritten typed, drawn, sketched, printed, or recorded by any other

20  physical, mechanical, electronic, or electrical means whatsoever, and shall include, without

21  limitation:

22          a.  Any agreement, personnel record, personnel file or portion thereof, letter, report,

23              record, list, summary, memorandum, note, study, chart, analysis, graph, data sheet,

24              statistical record, correspondence, bill, check, invoice, contract, agreement,

25              prescription, notebook, diary, personal website, drawing, blueprint, diagram,

26              photograph, form, book, telegram, publication, newspaper clipping, advertisement,

27              manager's report, management report, activity report, incident report and all other

28              writings of any kind or character including drafts and copies of the foregoing, as

REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

well as reproduction or other facsimiles thereof by whatever means made, and all copies which are not identical for any reason, including but not limited to any marking, note or modification.

    b.  Any data or information that is, has been, or is suitable to be kept, located or stored in, with or in the vicinity of a computer, computer records, or of computer-related instrumentalities, whether kept, located or stored on print-out paper or other paper, on CD-ROM, on floppy discs, on the software on or in the memory banks of the computer itself, on the world wide web, or elsewhere.

    c.  Any photographs, videotapes, websites, cassette tapes, films, moving pictures, computer tapes, drawings, raw data, diagrams, surveys, sketches, computer-generated images, oscillographs, or any other matter however produced or reproduced, including any copies thereof.

16.   "Thing" means any physical specimen or other tangible item, other than a Document.

17.   "Communication" shall mean any exchange or transfer of information in the form of facts, ideas, inquiries, or otherwise, whether written, oral, or in any form.

18.   "Date" shall mean the exact day, month, and year, if ascertainable; if not, the best approximation including relationships to other events.

19.   "Date" shall mean the exact day, month, and year, if ascertainable; if not, the best approximation including relationships to other events.

20.   "Concerning," "Concern," "Relating to," "Relate to," and "Related to," and any variation of these terms, shall mean concerning, relating to, involving, discussing, regarding, pertaining to, mentioning, commenting on, connected with, describing, depicting, demonstrating, analyzing, explaining, summarizing, showing, evidencing, reflecting, identifying, setting forth, dealing with, embodying, comprising, consisting of, containing, constituting, supporting, refuting, contradicting, resulting from, recording, or in any way relevant to a particular subject, directly or indirectly, in whole or in part.

21.   "And" and "or" shall be construed conjunctively and disjunctively to mean either

1    "and" or "or," whichever shall be the more inclusive in the context in which it is used.

2         22.    "Relating to," "related," "in relation to," "regarding," and "concerning" shall mean

3    directly or indirectly mentioning, describing, pertaining to, relating to, concerning, connecting

4    with, or reflecting upon a stated subject matter.

5         23.    "All" and "each" when used separately shall be construed as "all and each."

6                              **INSTRUCTIONS**

7         1.    The responses to these requests shall be in accordance with Federal Rule of Civil

8    Procedure 34 and the parties Rule 26 Report and Discovery Plan.

9         2.    The Requests for Production shall be deemed to impose a continuing duty upon

10   Defendant to properly serve supplemented and/or amended responses as Defendant acquire

11   additional knowledge and/or information relating to these Requests for Production.

12        3.    These Requests for Production are intended to cover any and all documents and

13   things in Defendant's global charge and/or possession, as well as those subject to Defendant's

14   custody and/or control, whether in Defendant's possession, at the office of Defendant's attorneys,

15   and/or at any other place and/or at the possession of any other person and/or entity subject to

16   Defendant's control.

17        4.    All Documents are to be produced as kept in the usual course of business, or as

18   organized and labeled to correspond to the specific requests set forth below, or as otherwise

19   agreed in writing by the Parties.

20        5.    All drafts of a responsive Document must be produced, as well as all non-identical

21   copies of the Document.  Any comment, notation, or other marking shall be sufficient to

22   distinguish Documents that are otherwise similar in appearance and to make them separate

23   Documents for purposes of Defendant's response.  Any preliminary form, intermediate form,

24   superseded version, or amendment of any Document is to be considered a separate Document.

25        6.    The file folder or other container in which a Document is kept is deemed to be an

26   integral part of the Document and shall be produced with the Document.

27        7.    Each paragraph and subparagraph of these instructions and the requests for

28   production, as well as the definitions herein, shall be construed independently, and no paragraph

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

or subparagraph or definition shall limit the scope of any other.

8.      In responding to these requests, Defendant is requested to state which documents and things she will produce for inspection and copying.  If Defendant objects to a particular request, Defendant is requested to state the precise grounds upon which its objections rest.

9.      As agreed in the Rule 26 Report and Discovery Plan, privilege logs will not be required at this time, but Plaintiff reserves the right to request that the parties mutually provide privilege logs on a given subject matter as necessary. These requests shall be deemed to be continuing in accordance with Federal Rule of Civil Procedure 26(e), so that Defendant is required to supplement its response and production if Defendant comes into the possession, custody, or control of additional responsive Documents between the time of initial production and the time of trial.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

All documents, things, and communications you intend to rely on to support your counterclaims or defenses.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

All documents and communications exchanged between You or any Person acting on Your behalf, on the one hand, and Waymo, Google, Alphabet Inc., or any Person acting on behalf of any of these entities, on the other, regarding Waymo Settlement, including, drafts of that settlement agreement, its terms, performance under the settlement agreement, any term sheets exchanged, and offers made as part of settlement negotiations.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

All documents and communications relating to Uber's knowledge that Levandowski was asserting his Fifth Amendment Right not to testify in the Google Arbitration, including communications between Uber or its counsel on the one hand, and Levandowski or his counsel on the other, and communications between Uber and its own counsel regarding Levandowski's Fifth Amendment assertion.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

All documents and communications relating to Levandowski's role in Tyto, including any documents or communications relating to Uber's allegation that he failed to disclose any interest or conduct related to Tyto.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

All documents and communications between Uber and Tyto prior to Otto's acquisition of Tyto, including any investigation conducted by Uber or Tyto, its owners or employees, or its products.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

All documents and communications relating to Otto's acquisition of Tyto, including all communications or documents referring or relating to Uber's approval for that transaction.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

All documents and communications relating to any Post-Signing Specified Bad Act, as defined in Exhibit A of the Indemnification Agreement, Uber alleges was committed by Levandowski, including all communications or documents reflecting when Uber first became aware of any alleged Post-Signing Specified Bad Act.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

All documents and communications relating to the due diligence by Stroz conducted on behalf of Uber relating to the Otto acquisition transaction, including all communications between Uber and Stroz regarding the due diligence by Stroz, all interim reports delivered by Stroz to Uber, and any final reports delivered by Stroz to Uber.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

All documents and communications regarding Uber's settlement offers made to Waymo and/or Google as related to the Waymo Litigation settlement agreement, the Google Arbitration, or any global settlement of issues and disputes between Uber, Google, Waymo, and Anthony Levandowski.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

1  All documents and communications regarding Uber's negotiations with Waymo and/or
2  Google regarding Levandowski.

3  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

4  All documents and communications regarding any and all agreements or understandings
5  between Lior Ron and Uber relating to any settlement with Google, including any settlement
6  reached with Google or any written agreements between Lior Ron and Uber regarding any
7  settlement with Google.

8  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

9  All documents and communications regarding the Waymo Settlement.

10  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

11  All documents and communications regarding Uber's performance of its obligations in the
12  Waymo Settlement.

13  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

14  All documents and communications relating to Uber's purported rescission of the
15  Indemnification Agreement with respect to any other Diligenced Employee, as defined in the
16  Indemnification Agreement.

17  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

18  All documents and communications relating to the negotiation and execution of the
19  Indemnification Agreement.

20  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

21  All documents and communications related to Uber's knowledge of any purported Pre-
22  Signing Bad Acts, as defined in Section 1 of the Indemnification Agreement.

23  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

24  All documents and communications related to any facts or circumstances Uber claims
25  were not disclosed by Levandowski to Stroz during Stroz's investigation.

26  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

27  All Uber board presentations, meeting summaries or resolutions relating or referring to
28  any of the events at issue in this action and in the Prior Litigation, including, but not limited to, all

1    Uber board presentations, meeting summaries or resolutions relating to the 2016 acquisition of

2    Otto, or Tyto/Odin Wave, the Waymo Litigation, the Google Arbitration, Levandowski's

3    termination from Uber, Levandowski's Plea Agreement, the Indemnification Agreement and its

4    provisions, and/or Stroz and its report.

5    **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

6         All documents and communications related to Uber's knowledge, belief, or suspicion of

7    any purported fraud Uber alleges induced it to enter into the Indemnification Agreement, or

8    information that otherwise would have put Uber or its agents on notice of any such purported

9    fraud.

10    **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

11         All documents and communications relating to any alleged fraud Uber alleges induced it

12    to enter into the Indemnification Agreement, including all communications or documents

13    reflecting when Uber first became aware of any alleged fraud.

14

15

16    Dated: October 13, 2020                                  Respectfully submitted,

17

18                                                   By: _/s/ Brett Schuman_
                                                         Brett M. Schuman (SBN 189247)
19                                                       *bschuman@goodwinlaw.com*
                                                         Rachel M. Walsh (SBN 250568)
20                                                       *rwalsh@goodwinlaw.com*
                                                         **GOODWIN PROCTER LLP**
21                                                       Three Embarcadero Center
                                                         San Francisco, California 94111
22                                                       Tel.: +1 415 733 6000
                                                         Fax.: +1 415 677 9041
23
                                                         Hong-An Vu (SBN 266268)
24                                                       *HVu@goodwinlaw.com*
                                                         **GOODWIN PROCTER LLP**
25                                                       601 S. Figueroa Street, 41st Flr.
                                                         Los Angeles, California  90017
26                                                       Tel.: +1 213 426 2500
                                                         Fax: +1 213 623 1673
27
                                                         TOBIAS S. KELLER
28                                                       (*tkeller@kbkllp.com*)
                                                         DARA L. SILVEIRA

1

(*dsilveira@kbkllp.com*)
650 California Street, Suite 1900

2

San Francisco, California  94108

3

Attorneys for Plaintiff and Debtor and Debtor

4

In Possession Anthony Levandowski

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

1

## **PROOF OF SERVICE**

2   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  601 South Figueroa Street, Floor

3 41, Los Angeles, CA 90017 .

4   On **October 23, 2020**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

5

6

### **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO UBER TECHNOLOGIES, INC.**

7 David J. Bradford         Counsel for: *Uber Technologies, Inc.*
 Terri L. Mascherin           Tel.: (312) 222-9350

8 Katharine R. Ciliberti,          Fax: (312) 527-0484
 Jenner & Block, LLP          *dbradford@jenner.com*

9 353 N. Clark Street         *TMascherin@jenner.com*
 Chicago, IL 60654-3456        *KCiliberti@jenner.com*

10

11 Debra I. Grassgreen        Counsel for: *Uber Technologies, Inc.*
 John William Lucas           Tel.: (415) 263-7000

12 Miriam Manning           Fax: (415) 263-7010
 Pachulski, Stang, Ziehl, and Jones LLP   *dgrassgreen@pszjlaw.com*

13 150 California St. 15th Fl.        *jlucas@pszjlaw.com*
 San Francisco, CA 94111-4500     *mmanning@pszjlaw.com*

14

15 John W. Berry           Counsel for: *Google, LLC*
 Seth Goldman             Tel.: (213) 683-9571

16 Alexander S. Gorin

17 Munger, Tolles and Olson, LLP     *john.berry@mto.com*
 350 S. Grand Ave., 50th Fl.      *seth.goldman@mto.com*

18 Los Angeles, CA 90071        *alex.gorin@mto.com*

19 Thomas E. Gorman         Counsel for: *Google, LLC*
 Keker, Van Nest & Peters LLP      Tel.: (415) 391-5400

20 633 Battery St.
 San Francisco, CA 94111       *tgorman@keker.com*

21

22

23  ☐   (MAIL). I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for

24      collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary

25      course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing

26      occurred.  The envelope or package was placed in the mail at San Francisco, California.

27

28

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

☐      (OVERNIGHT DELIVERY). I deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

X      **(E-MAIL or ELECTRONIC TRANSMISSION).** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **October 23, 2020**, at Los Angeles, California.

| | |
|---|---|
| Lupe Parra | */s/ Lupe Parra* |
| (Type or print name) | (Signature) |

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California  94108
Telephone: (415) 364-6793
Facsimile: (650) 636-9251

BRETT M. SCHUMAN (SBN 189247)
*bschuman@goodwinlaw.com*
RACHEL M. WALSH (SBN 250568)
*rwalsh@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

HONG-AN VU (SBN 266268)
*hvu@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Flr.
Los Angeles, California  90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

Attorneys for Plaintiff and Debtor and
Debtor in Possession Anthony S. Levandowski

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case<br>No. 20-30242 (HLB)<br>Chapter 11 |
| ANTHONY LEVANDOWSKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.<br><br>Defendant. | **Adv. Pro. No. 20-03050 (HLB)**<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO UBER TECHNOLOGIES, INC.** |

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO UBER TECHNOLOGIES, INC.

1    PROPOUNDING PARTY:    Plaintiff Anthony Levandowski

2    RESPONDING PARTY:     Defendant Uber Technologies, Inc.

3    SET NO.:              One

4

5        Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and

6    Rules 26 and 33 of the Federal Rules of Civil Procedure and the parties' Rule 26 Report and

7    Discovery Plan (ECF No. 41-1), Plaintiff Anthony Levandowski ("Plaintiff") hereby requests that

8    Defendant Uber Technologies, Inc. ("Defendant") respond to Plaintiff's First Set of

9    Interrogatories ("Interrogatories") within fourteen (14) days from the date of service of the

10   Requests.  Plaintiff requests that Defendant answer each interrogatory below and serve its

11   answers on Plaintiff's counsel at the offices of Goodwin Procter LLP, 3 Embarcadero Center, San

12   Francisco, CA 94111 and by email to the counsel listed in the caption.

13                                   **<u>DEFINITIONS</u>**

14       The words and phrases used in these Interrogatories shall have the meanings ascribed to

15   them under the Federal Rules of Civil Procedure and the Local Rules of the United States District

16   Court for the Northern District of California.  In addition, the following terms shall have the

17   meanings set forth below whenever used in any interrogatory.

18       The following definitions apply to the instructions and interrogatories below, regardless of

19   whether upper or lower case letters are used for the defined terms, and are incorporated into each

20   instruction and interrogatory as if fully set forth therein:

21       1.    "You," "your," "Uber," or "Defendant" refers to Defendant Uber Technologies,

22   Inc. and all others acting or purporting to act on its behalf, including (a) any of their predecessors

23   and successors in interest, their present and former officers, directors, employees, agents,

24   representatives, accountants, investigators, consultants, attorneys, and any affiliated entities that

25   were in existence during the applicable period of time covered by these requests; and (b) any

26   other Person who is, or was, acting on its behalf or under its control.

27       2.    "Mr. Levandowski" or "Plaintiff" refers to Plaintiff Anthony Scott Levandowski.

28       3.    "Indemnification Agreement" refers to the Indemnification Agreement between

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO UBER TECHNOLOGIES, INC.

Uber and Levandowski, dated April 11, 2016.

      4.      "Post-Signing Specified Bad Act" refers to the acts defined in Exhibit A to the Indemnification Agreement.

      5.      "Action" refers to the above-captioned adversary proceeding, *Levandowski v. Uber Technologies, Inc.*, Adv. Pro. No. 20-03050 (HLB).

## <u>INSTRUCTIONS</u>

      1.      You must respond to these interrogatories in accordance and compliance with the Federal Rules, the Local Rules, any relevant order entered in this Action, and the Default Standard for Discovery in this judicial district or other superseding agreements between the parties related to discovery.

      2.      In accordance with the applicable Federal Rules, the interrogatories below seek all responsive information in your possession, custody, or control. If you cannot fully respond to the following interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the interrogatory cannot be answered fully and completely; and state what knowledge, information or belief you have concerning the unanswered portion of any such interrogatory.

      3.      If you object to any interrogatories or any part of an interrogatory, identify the part to which you object, state the objection(s) with specificity, and provide a response to the remaining unobjectionable part.

      4.      If you object to all or any part of an interrogatory, the objection must state whether any responsive information is being withheld on the basis of that objection.

      5.      If you withhold any information based on a claim of privilege, immunity, or protection from disclosure, you must provide a statement of the claim in accordance with Rule 26(b)(5) of the Federal Rules, and as required by Provision 1(d) of the Default Standard for Discovery in this judicial district or as otherwise agreed by the parties. Such statement should explain and substantiate the claim so as to permit adjudication of the claim's propriety.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

6.      If your response to a particular interrogatory is a statement that you lack the ability to comply with that interrogatory, you shall specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer in your possession, custody or control, in which case you shall identify the name and address of any person or entity known or believed by you to have possession, custody or control of that information or category of information.

7.      The interrogatories, definitions, and instructions herein are propounded for the purpose of discovery and are not to be taken as a waiver of or prejudice to any objections that may be made at any hearing or trial in this Action to the introduction of any evidence relating to information responsive to these interrogatories or as an admission of the authenticity, relevance, or materiality of information and/or Documents responsive to these interrogatories.

8.      These interrogatories shall be deemed to be continuing in accordance with Rule 26(e) of the Federal Rules, so that you are required to supplement your response if you come into the possession, custody, or control of additional responsive information between the time of initial responses and the time of trial.

//

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

4

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO UBER TECHNOLOGIES, INC.

1

## **INTERROGATORIES**

2

**INTERROGATORY NO. 1:**

3

      If you contend that Mr. Levandowski committed any Post-Signing Specified Bad Act that

4

nullified or voided the Indemnification Agreement, state all grounds for that contention and

5

provide all facts supporting that contention.

6

Dated: September 29, 2020              Respectfully submitted,

7

8

                     By:  */s/ Brett M. Schuman*
                         Brett M. Schuman

9

                         *bschuman@goodwinlaw.com*
                         Rachel M. Walsh

10

                         *rwalsh@goodwinlaw.com*
                         **GOODWIN PROCTER LLP**

11

                         Three Embarcadero Center
                         San Francisco, California 94111

12

                         Hong-An Vu

13

                         *hvu@goodwinlaw.com*
                         **GOODWIN PROCTER LLP**

14

                         601 S. Figueroa Street, 41st Flr.
                         Los Angeles, California  90017

15

                         TOBIAS S. KELLER

16

                         (tkeller@kbkllp.com)
                         DARA L. SILVEIRA

17

                         (dsilveira@kbkllp.com)
                         **KELLER BENVENUTTI KIM LLP**

18

                         650 California Street, Suite 1900
                         San Francisco, California  94108

19

                         Attorneys for Plaintiff and Debtor and Debtor

20

                         In Possession Anthony Levandowski

21

22

23

24

25

26

27

28

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

5

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO UBER TECHNOLOGIES, INC.

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  601 South Figueroa Street, Floor 41, Los Angeles, CA 90017 .

On **September 29, 2020**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
UBER TECHNOLOGIES, INC.**

| | |
|---|---|
| David J. Bradford<br>Terri L. Mascherin<br>Katharine R. Ciliberti,<br>Jenner & Block, LLP<br>353 N. Clark Street<br>Chicago, IL 60654-3456 | Counsel for: *Uber Technologies, Inc.*<br>Tel.: (312) 222-9350<br>Fax: (312) 527-0484<br>*dbradford@jenner.com*<br>*TMascherin@jenner.com*<br>*KCiliberti@jenner.com* |
| Debra I. Grassgreen<br>John William Lucas<br>Miriam Manning<br>Pachulski, Stang, Ziehl, and Jones LLP<br>150 California St. 15th Fl.<br>San Francisco, CA 94111-4500 | Counsel for: *Uber Technologies, Inc.*<br>Tel.: (415) 263-7000<br>Fax: (415) 263-7010<br>*dgrassgreen@pszjlaw.com*<br>*jlucas@pszjlaw.com*<br>*mmanning@pszjlaw.com* |
| John W. Berry<br>Seth Goldman<br>Alexander S. Gorin<br>Munger, Tolles and Olson, LLP<br>350 S. Grand Ave., 50th Fl.<br>Los Angeles, CA 90071 | Counsel for: *Google, LLC*<br>Tel.: (213) 683-9571<br><br>*john.berry@mto.com*<br>*seth.goldman@mto.com*<br>*alex.gorin@mto.com* |
| Thomas E. Gorman<br>Keker, Van Nest & Peters LLP<br>633 Battery St.<br>San Francisco, CA 94111 | Counsel for: *Google, LLC*<br>Tel.: (415) 391-5400<br><br>*tgorman@keker.com* |

☐      (MAIL). I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO UBER TECHNOLOGIES, INC.

☐      (OVERNIGHT DELIVERY). I deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

**X**     **(E-MAIL or ELECTRONIC TRANSMISSION).** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **September 29, 2020**, at Los Angeles, California.

| Lupe Parra | /s/ Lupe Parra |
|:---:|:---:|
| (Type or print name) | (Signature) |

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

7

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO UBER TECHNOLOGIES, INC.

1  **KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
2  (tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
3  (dsilveira@kbkllp.com)
650 California Street, Suite 1900
4  San Francisco, California  94108
Telephone: (415) 364-6793
5  Facsimile: (650) 636-9251

6  BRETT M. SCHUMAN (SBN 189247)
*bschuman@goodwinlaw.com*
7  RACHEL M. WALSH (SBN 250568)
*rwalsh@goodwinlaw.com*
8  **GOODWIN PROCTER LLP**
Three Embarcadero Center
9  San Francisco, California 94111
Tel.: +1 415 733 6000
10  Fax.: +1 415 677 9041

11  HONG-AN VU (SBN 266268)
*hvu@goodwinlaw.com*
12  **GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Flr.
13  Los Angeles, California  90017
Tel.: +1 213 426 2500
14  Fax: +1 213 623 1673

15  Attorneys for Plaintiff and Debtor and
Debtor in Possession Anthony S. Levandowski
16

17                **UNITED STATES BANKRUPTCY COURT**

18                **NORTHERN DISTRICT OF CALIFORNIA**

19                    **SAN FRANCISCO DIVISION**

20  | | |
|---|---|
| In re: | Bankruptcy Case No. 20-30242 (HLB) |
| ANTHONY SCOTT LEVANDOWSKI, | Chapter 11 |
| Debtor. | **Adv. Pro. No. 20-03050 (HLB)** |
| ANTHONY LEVANDOWSKI, an individual, | **PLAINTIFF'S SECOND SET OF INTERROGATORIES TO UBER TECHNOLOGIES, INC.** |
| Plaintiff, | |
| v. | |
| UBER TECHNOLOGIES, INC. | |
| Defendant. | |

28

PROPOUNDING PARTY:    Plaintiff Anthony Levandowski

RESPONDING PARTY:     Defendant Uber Technologies, Inc.

SET NO.:              Two

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and Rules 26 and 33 of the Federal Rules of Civil Procedure and the parties' Rule 26 Report and Discovery Plan (ECF No. 41-1), Plaintiff Anthony Levandowski ("Plaintiff") hereby requests that Defendant Uber Technologies, Inc. ("Defendant") respond to Plaintiff's Second Set of Interrogatories ("Interrogatories") within twenty-one (21) days from the date of service of the Requests.  Plaintiff requests that Defendant answer each interrogatory below and serve its answers on Plaintiff's counsel at the offices of Goodwin Procter LLP, 3 Embarcadero Center, San Francisco, CA 94111 and by email to the counsel listed in the caption.

## **DEFINITIONS**

The words and phrases used in these Interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any interrogatory.

The following definitions apply to the instructions and interrogatories below, regardless of whether upper or lower case letters are used for the defined terms, and are incorporated into each instruction and interrogatory as if fully set forth therein:

1.     "You," "your," "Uber," or "Defendant" refers to Defendant Uber Technologies, Inc. and all others acting or purporting to act on its behalf, including (a) any of their predecessors and successors in interest, their present and former officers, directors, employees, agents, representatives, accountants, investigators, consultants, attorneys, and any affiliated entities that were in existence during the applicable period of time covered by these requests; and (b) any other Person who is, or was, acting on its behalf or under its control.

2.     "Mr. Levandowski" or "Plaintiff" refers to Plaintiff Anthony Scott Levandowski.

3.     "Indemnification Agreement" refers to the Indemnification Agreement between

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

PLAINTIFF'S SECOND SET OF INTERROGATORIES TO UBER TECHNOLOGIES, INC.

1   Uber and Levandowski, dated April 11, 2016.

2       4.      "Otto Transaction" refers to the transaction that include the agreements entered

3   into on April 11, 2016, including the Agreement and Plan of Merger for the acquisition of

4   Ottomoto, LLC, the Indemnification Agreement, and the Agreement and Plan of Merger for the

5   Acquisition of Otto Trucking, LLC.  "Action."

6                                        **INSTRUCTIONS**

7       1.      You must respond to these interrogatories in accordance and compliance with the

8   Federal Rules, the Local Rules, any relevant order entered in this Action, and the Default

9   Standard for Discovery in this judicial district or other superseding agreements between the

10  parties related to discovery.

11      2.      In accordance with the applicable Federal Rules, the interrogatories below seek all

12  responsive information in your possession, custody, or control. If you cannot fully respond to the

13  following interrogatories after exercising due diligence to secure the information requested

14  thereby, so state, and specify the portion of each interrogatory that cannot be responded to fully

15  and completely. In the latter event, state what efforts were made to obtain the requested

16  information and the facts relied upon that support the contention that the interrogatory cannot be

17  answered fully and completely; and state what knowledge, information or belief you have

18  concerning the unanswered portion of any such interrogatory.

19      3.      If you object to any interrogatories or any part of an interrogatory, identify the part

20  to which you object, state the objection(s) with specificity, and provide a response to the

21  remaining unobjectionable part.

22      4.      If you object to all or any part of an interrogatory, the objection must state whether

23  any responsive information is being withheld on the basis of that objection.

24      5.      If you withhold any information based on a claim of privilege, immunity, or

25  protection from disclosure, you must provide a statement of the claim in accordance with Rule

26  26(b)(5) of the Federal Rules, and as required by Provision 1(d) of the Default Standard for

27  Discovery in this judicial district or as otherwise agreed by the parties. Such statement should

28  explain and substantiate the claim so as to permit adjudication of the claim's propriety.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

PLAINTIFF'S SECOND SET OF INTERROGATORIES TO UBER TECHNOLOGIES, INC.

6.    If your response to a particular interrogatory is a statement that you lack the ability to comply with that interrogatory, you shall specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer in your possession, custody or control, in which case you shall identify the name and address of any person or entity known or believed by you to have possession, custody or control of that information or category of information.

7.    The interrogatories, definitions, and instructions herein are propounded for the purpose of discovery and are not to be taken as a waiver of or prejudice to any objections that may be made at any hearing or trial in this Action to the introduction of any evidence relating to information responsive to these interrogatories or as an admission of the authenticity, relevance, or materiality of information and/or Documents responsive to these interrogatories.

8.    These interrogatories shall be deemed to be continuing in accordance with Rule 26(e) of the Federal Rules, so that you are required to supplement your response if you come into the possession, custody, or control of additional responsive information between the time of initial responses and the time of trial.

//

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

PLAINTIFF'S SECOND SET OF INTERROGATORIES TO UBER TECHNOLOGIES, INC.

1

## INTERROGATORIES

2

## INTERROGATORY NO. 2:

3

If you contend that Mr. Levandowski fraudulently induced you to enter into or complete

4

the Otto Transaction, state all grounds for that contention and provide all facts supporting that

5

contention, including identifying each alleged misrepresentation or omission on which your

6

contention relies.

7

Dated: October 16, 2020                              Respectfully submitted,

8

9

By: */s/ Brett M. Schuman*
   Brett M. Schuman
   *bschuman@goodwinlaw.com*
   Rachel M. Walsh
   *rwalsh@goodwinlaw.com*
   **GOODWIN PROCTER LLP**
   Three Embarcadero Center
   San Francisco, California 94111

10

11

12

13

   Hong-An Vu
   *hvu@goodwinlaw.com*
   **GOODWIN PROCTER LLP**
   601 S. Figueroa Street, 41st Flr.
   Los Angeles, California  90017

14

15

16

   TOBIAS S. KELLER
   (tkeller@kbkllp.com)
   DARA L. SILVEIRA
   (dsilveira@kbkllp.com)
   **KELLER BENVENUTTI KIM LLP**
   650 California Street, Suite 1900
   San Francisco, California  94108

17

18

19

20

   Attorneys for Plaintiff and Debtor and Debtor
   In Possession Anthony Levandowski

21

22

23

24

25

26

27

28

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

5

1

**PROOF OF SERVICE**

2

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  601 South Figueroa Street, Floor

3

41, Los Angeles, CA 90017 .

4

On **October 16, 2020**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

5

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO**

6

**UBER TECHNOLOGIES, INC.**

7

David J. Bradford

Terri L. Mascherin

Katharine R. Ciliberti,

Counsel for: *Uber Technologies, Inc.*

Tel.: (312) 222-9350

Fax: (312) 527-0484

8

Jenner & Block, LLP

353 N. Clark Street

Chicago, IL 60654-3456

*dbradford@jenner.com*

*TMascherin@jenner.com*

*KCiliberti@jenner.com*

9

10

11

Debra I. Grassgreen

John William Lucas

Counsel for: *Uber Technologies, Inc.*

Tel.: (415) 263-7000

Fax: (415) 263-7010

12

Miriam Manning

Pachulski, Stang, Ziehl, and Jones LLP

150 California St. 15th Fl.

*dgrassgreen@pszjlaw.com*

*jlucas@pszjlaw.com*

13

San Francisco, CA 94111-4500

*mmanning@pszjlaw.com*

14

15

John W. Berry

Seth Goldman

Counsel for: *Google, LLC*

Tel.: (213) 683-9571

16

Alexander S. Gorin

Munger, Tolles and Olson, LLP

17

350 S. Grand Ave., 50th Fl.

Los Angeles, CA 90071

*john.berry@mto.com*

*seth.goldman@mto.com*

*alex.gorin@mto.com*

18

19

Thomas E. Gorman

Keker, Van Nest & Peters LLP

Counsel for: *Google, LLC*

Tel.: (415) 391-5400

20

633 Battery St.

San Francisco, CA 94111

21

*tgorman@keker.com*

22

23

24

☐

(MAIL). I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

25

26

27

28

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

6

PLAINTIFF'S SECOND SET OF INTERROGATORIES TO UBER TECHNOLOGIES, INC.

☐     (OVERNIGHT DELIVERY). I deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

**X**     **(E-MAIL or ELECTRONIC TRANSMISSION).** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **October 16, 2020**, at Los Angeles, California.

| Hong-An Vu | /s/Hong-An Vu |
|:---:|:---:|
| (Type or print name) | (Signature) |

Goodwin Procter LLP
Attorneys at Law
Silicon Valley

7

PLAINTIFF'S SECOND SET OF INTERROGATORIES TO UBER TECHNOLOGIES, INC.