# EXHIBIT 2

Debra I. Grassgreen (CA Bar No. 169978)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone:    (415) 263-7000
Facsimile:    (415) 263-7010
E-mail:       dgrassgreen@pszjlaw.com
              mmanning@pszjlaw.com

David J. Bradford (admitted *pro hac vice*)
Catherine Steege (admitted *pro hac vice*)
Terri L. Mascherin (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350
E-mail: dbradford@jenner.com
        csteege@jenner.com
        tmscherin@jenner.com

*Counsel for Uber Technologies, Inc.*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 20-30242 (HLB) |
| ANTHONY SCOTT LEVANDOWSKI, | Chapter 11 |
| Debtor. | |
| ANTHONY SCOTT LEVANDOWSKI, an individual, | Adv. Pro. No. 20-03050 (HLB) |
| Plaintiff, | **NOTICE OF SUBPOENA ISSUED TO WAYMO LLC** |
| v. | |
| UBER TECHNOLOGIES, INC. | |
| Defendant. | |

**PLEASE TAKE NOTICE** that on September 23, 2020, pursuant to Rule 45 of the Federal

Rules of Civil Procedure, made applicable to this proceeding by Rule 9016 of the Federal Rules of

Bankruptcy Procedure, Uber Technologies, Inc. ("Uber"), by and through its attorneys, has issued and

intends to serve a *Subpoena to Produce Documents, Information, or Objects in an Adversary*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

*Proceeding* (the "Subpoena") in the above-captioned case on Waymo LLC, 1600 Amphitheatre Parkway, Mountain View Parkway, CA 94043, to be served with his consent, via electronic mail on the following counsel: Jordan Jaffe, Quinn Emanuel Urquhart & Sullivan, LLP, jordanjaffe@quinnemanuel.com.  A copy of the Subpoena is attached hereto as **Exhibit 1**.  The items requested to be produced in the Subpoena are described in Exhibit A to the Subpoena.

Dated: September 23, 2020                     Respectfully submitted,

                                              PACHULSKI STANG ZIEHL & JONES LLP


                                              By: */s/ Debra I. Grassgreen*
                                              Debra I. Grassgreen
                                              Miriam Manning

                                              JENNER & BLOCK LLP
                                              David J. Bradford
                                              Catherine Steege
                                              Terri L. Mascherin

                                              *Counsel for Uber Technologies, Inc.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of _____ California _____

In re ____ Anthony Scott Levandowski _____
Debtor

_(Complete if issued in an adversary proceeding)_

_____ Anthony Scott Levandowski _____
Plaintiff

v.

_____ Uber Technologies, Inc. _____
Defendant

Case No. __ 20-30242  HLB _____

Chapter __ 11 _____

Adv. Proc. No. __ 20-3050  HLB __

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___ Custodian of Records of Waymo LLC _____
(Name of person to whom the subpoena is directed)

[X] _Production_:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| PLACE   Jenner & Block LLP<br>353 North Clark Street<br>Chicago, IL 60654<br>Attn: Cheryl Kras | DATE AND TIME<br><br>9:30 a.m. (EDT) on September 30, 2020 |
|---|---|

[ ] _Inspection of Premises_:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ September 23, 2020 _____

CLERK OF COURT

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
_____ Uber Technologies, Inc. _____ , who issues or requests this subpoena, are:

Debra I. Grassgreen, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, dgrassgreen@pszjlaw.com, (415) 263-7000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Exhibit A

**DEFINITIONS AND INSTRUCTIONS**

1.      Each of the Requests calls for the production of the specified Documents in their full and un-redacted format.

2.      The term "Waymo Litigation" refers to the lawsuit filed in the United States District Court for the Northern District of California on February 23, 2017, case captioned *Waymo LLC v. Uber Technologies, Inc.; Ottomotto LLC; Otto Trucking LLC*, Case No. 3:17-cv-00939-WHA.

3.      The term "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other Documents and tangible things, including (but not limited to)  booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice Communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof.  If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. "Documents" always include Communications, whether so-stated in a particular Request or not.

4.      The term "Communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure.

5.      The terms "Waymo," "You," and "Your" shall refer to Waymo LLC, as well as any present or former agent, employee, or representative, as well as any other Person acting on Waymo's behalf.

6.      The term "Person" means any natural person, or any company, corporation, partnership, joint venture, organization, or other legal entity.

7.      The following rules of construction apply to all Requests:

        a.      The terms "any," "all," "each," and "every" should be understood in either their most or least inclusive sense as necessary to bring within the scope of a Request all information that might otherwise be construed to be outside of its scope.

        b.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all information that might otherwise be construed to be outside of its scope.

        c.      The terms "concern," "concerning," "relate," and "relating to" shall be construed as broadly as possible and shall mean and include, without limitation, constituting, comprising, setting forth, summarizing, reflecting, stating, supporting, weakening, describing, recording, noting, embodying, mentioning, studying, analyzing, discussing, or evaluating, directly or indirectly.

8.      In complying with this subpoena, You are required to produce all Documents described below which are in Your possession, custody, or control, including those Documents in the possession, custody, or control of Your present or former agent, employee, or representative, as well as any other Person acting on Your behalf.  You are also required to produce Documents that You have a legal right to obtain, that You have a right to copy, or to which You have access, as well as Documents that You have placed in the temporary possession, custody or control of any third party.

9.      If any Documents requested herein have been lost, discarded, or destroyed, identify such Documents as completely as possible, including: (a) the date of disposal or loss; (b) the Person who authorized the disposal; (c) any Person having knowledge of the disposal or loss; (d) the Person who disposed of the Document; and (e) the reason for the disposal or loss.

10.     Documents shall be produced regardless of how they are stored.

2

**DOCUMENT REQUESTS**

1.      All Documents, in their complete and un-redacted form, from or related to the Waymo Litigation that were produced by Waymo or designated with some level of confidentiality by Waymo only, including but not limited to the following, (to the extent they were produced by Waymo or designated with some level of confidentiality by Waymo only): (a) all pleadings, motions, briefs, submissions, filings, stipulations, protective orders, Communications between the parties, Communications with the court, orders, awards, opinions, and findings, and any/all exhibits to all of the foregoing; (b) all discovery requests and responses, including all Documents produced; (c) transcripts of all depositions taken and all deposition exhibits; (d) all expert reports, expert disclosures, and expert materials produced or prepared for the Waymo Litigation; and (e) all trial transcripts, trial exhibits, and trial demonstratives in the Waymo Litigation. For the avoidance of doubt, this Request includes but is not limited to:

  a.      Complete and un-redacted transcripts, and a complete and un-redacted set of all exhibits to each transcript, for all depositions and trial testimony of then-current employees (at the time of their testimony) of Waymo or Google, including Gary Brown, Tim Willis, Sean Noyce, Jai Krishnan, Dimitri Dolgov, Pierre Yves-Droz, John Krafcik, and Sasha Zbrozek.

  b.      Complete and un-redacted transcripts, and a complete and un-redacted set of all exhibits to each transcript, for all depositions and trial testimony of former employees of Waymo or Google, including Bryan Salesky, Sebastian Thrun, and Chris Urmson.

  c.      Complete and un-redacted expert reports, expert disclosures, expert materials, deposition transcripts, deposition exhibits, trial transcripts, and trial exhibits, relating to all of Waymo's expert witnesses, including Andrew Crain, Paul French, Lambertus Hesselink, Jonathan How, Martin Rinard, and Gregory Kintz.

2.      A complete and un-redacted copy of the final report of J Christian Gerdes, dated 11/4/2019, and any and all materials preceding or relating to that report, including but not limited to exhibits, preliminary findings or reports, corrected findings or reports, and/or court orders, opinions, awards, or judgments adopting such findings or reports, as well as the submissions by the parties

3

relating to the expert's review, such as but not limited to pleadings, briefs, motions, correspondence, hearing transcripts and exhibits, deposition transcripts and exhibits, and visual aids or demonstratives.

DOCS_SF:104226.1 85647/001