# EXHIBIT 5

**353 N. CLARK STREET CHICAGO, IL 60654-3456**  JENNER&BLOCK LLP

October 7, 2020                                                                                          David Bradford
VIA EMAIL

Hon. Hannah L. Blumenstiel
United States Bankruptcy Court for the
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102
benjamin_gapuz@canb.uscourts.gov

Re:   *Levandowski v. Uber Technologies, Inc.*, Adv. Pro. No. 20-03050; Dispute re production of record and discovery from the matter of *Waymo LLC v. Uber Technologies, Inc.*

Dear Judge Blumenstiel:

We represent the Defendant, Uber Technologies, Inc. ("Uber") in the above-referenced adversary proceeding ("Adversary Proceeding"). Pursuant to Section D of your Practices & Procedures, the parties have met and conferred regarding the discovery dispute described below and have been unable to reach a resolution.

Uber respectfully requests that Your Honor enforce two subpoenas served on Waymo LLC ("Waymo"). Waymo is an affiliate of Google LLC ("Google") that previously sued Uber in the U.S. District Court for the Northern District of California, *Waymo LLC v. Uber Technologies, Inc.*, Case No. 3:17-cv-00939 (the "Waymo Litigation"). As a practical matter, the Waymo Litigation involved the same entities who are involved in this proceeding: Uber, Debtor (as a critical witness), and Google's sister company, Waymo, among others.[1] Uber seeks to review and use the record from the Waymo Litigation that is already in Uber's possession. Waymo has objected to Uber reviewing that record due, in part, to use restrictions in the protective order in the Waymo Litigation. Waymo's refusal to consent to Uber's review of the materials already in Uber's possession required Uber to issue these subpoenas and seek their enforcement.

Uber agrees that Waymo can satisfy its production obligations merely by consenting to Uber's review and use of the documents already in Uber's possession. Thus, Uber simply asks this Court to (1) compel Waymo to consent to Uber's review and use the of documents that Waymo designated confidential in the Waymo Litigation, including materials related to an independent expert review process, (2) compel Waymo to consent to Uber's review and use of documents

---

[1] Google is owned by the same parent company as Waymo—Alphabet, Inc. ("Alphabet")—and the two merely operate as different "business segments" of Alphabet. SEC Form 10-Q, Alphabet, Inc., June 30, 2020, at p. 31, *available at*
https://www.sec.gov/Archives/edgar/data/1652044/000165204420000032/goog-20200630.htm.

Hon. Hannah L. Blumenstiel
October 7, 2020
Page 2

designated confidential by non-parties in the Waymo Litigation, after providing all appropriate notices to the non-parties, and (3) in the meantime, allow Uber's lawyers to review the documents already in its possession on an "outside counsel's eyes only" basis.

**Background of this Dispute Regarding the Waymo Record**

In this proceeding, debtor Anthony Levandowski ("Debtor") seeks indemnification by Uber for a $179 million judgment confirming an award entered against Debtor and in favor of Google in a private arbitration.  Uber has asserted several defenses to indemnification that relate to misconduct by Debtor.  Some of that misconduct by Debtor was at issue or a subject of discovery in the Waymo Litigation.

As noted, Uber already has the materials from the Waymo Litigation in its possession because it was a defendant in that case.  However, the protective order entered in the Waymo Litigation prohibits the parties from using confidential materials for a purpose other than the Waymo Litigation.  Accordingly, Uber seeks to obtain permission to review and use in this Adversary Proceeding portions of the record and discovery from the Waymo Litigation that are already in Uber's possession. Presently, Uber is prevented even from looking at materials from the Waymo Litigation that include information designated confidential by Waymo or by any third party.

Uber has been seeking the ability to review and use these materials since the earliest stages of this Adversary Proceeding.  In July 2020, Uber and Levandowski discussed and agreed in principle to use discovery that had already been conducted in the Waymo Litigation (and the Google Arbitration) to expeditiously resolve this dispute. When Google was permitted to intervene in early September, Uber raised the issue of production or consent to use the Waymo Litigation materials with Google. On September 8, 2020, Uber contacted Waymo's counsel seeking permission to use the Waymo Litigation discovery for the purpose of this Adversary Proceeding. Uber met and conferred with Waymo's counsel and Google's counsel on this topic on September 14, 16, 17, 29, and 30.  During these discussions, Waymo asked Uber to request the discovery materials by way of subpoena, and asked Uber to separate its requests for documents into categories.

Uber served a first subpoena on Waymo on September 23, 2020 requesting (a) the materials from the Waymo Litigation that were produced or designated as confidential by Waymo only, and (b) the materials related to an independent software expert review process that the parties pursued as part of the settlement of the Waymo Litigation.  Uber's understanding is that Waymo has the unilateral right to consent to Uber's review and use of the materials requested by the first subpoena. On September 28, 2020, Uber served a second subpoena on Waymo requesting the materials from the Waymo Litigation that were produced or designated confidential by *non-parties*.  In each of the subpoenas, Uber also identified some subsets of materials that are higher priority than the rest.  Uber again made clear that Waymo is not required to make an actual

physical production of materials to comply with the subpoenas, because Uber already has possession of them.

On September 30, 2020, Waymo responded to Uber's first subpoena. Waymo indicated that it was willing to continue to meet and confer about producing some (but not all) of the materials designated confidential by Waymo in the Waymo Litigation, and that it would not produce any of the materials related to the software expert review process. On October 5, 2020, Waymo responded to Uber's second subpoena, stating that it "will not be producing any documents in response to [either of the two requests], including based on the parties' ongoing meet-and-confer efforts." Waymo also raised relevance and burden objections in response to both subpoenas. Because Waymo can comply with the subpoenas merely by agreeing that Uber can review documents already in Uber's possession, there is no merit to Waymo's argument that the burden of production outweighs the probative value of the information.

In an effort to resolve Waymo's objections, the parties discussed possible motion practice before Judge Alsup, who presided over the Waymo Litigation. However, particularly in light of Waymo's relevance objections, Uber believes that this Court is the appropriate forum to resolve Uber's discovery requests that were issued in the Adversary Proceeding. Any further delay in securing access to these important materials is unwarranted and prejudicial to Uber. Accordingly, Uber asks this Court to enforce the subpoenas against Waymo and require Waymo to provide notices to third parties, as it agreed to do in the Waymo Litigation protective order.

**The Waymo Litigation Record and Discovery Are Highly Relevant to this Proceeding**

The discovery and record from the Waymo Litigation are highly relevant to this Adversary Proceeding because there is substantial overlap between the two matters. *First*, there is an enormous overlap in the witnesses in the Waymo Litigation and the Adversary Proceeding. In the parties' initial disclosures served here on September 25, 2020, Levandowski listed twenty witnesses who were deposed or testified at trial in the Waymo Litigation, and Uber listed thirty-three. The documents produced and testimony given by those witnesses in the Waymo Litigation are relevant to this proceeding.

*Second*, some of the core facts and events underlying the Waymo Litigation also underlie this Adversary Proceeding. For example, one of the major focuses in the Waymo Litigation was the forensic review performed by Stroz Friedberg LLC ("Stroz"), before Uber acquired Debtor's company, for the express purpose of preventing any Google confidential information from making its way to Uber's systems. In this proceeding, two of Uber's primary defenses to indemnification will be informed by (a) whether Debtor provided accurate and complete information to Stroz during its review, and (b) whether Debtor possessed or retained access to Google confidential information after April 11, 2016. (*See* Uber's Answer, Affirmative Defenses, and Counterclaims at pp. 65–70, Defenses 4, 5.) Other areas of overlap between the two proceedings include (but are not limited to) discovery related to any solicitation by Debtor of

Hon. Hannah L. Blumenstiel
October 7, 2020
Page 4

Google employees after April 11, 2016, and any conduct by Debtor in furtherance of his felonious procurement of a bonus from Google.

Waymo appears to object to the use of its "technical information," such as source code, in this Adversary Proceeding. Uber is willing to exclude from this motion to compel any source code belonging to Google or Waymo. However, Uber needs to be able to access and use materials that contain technical information—such as expert reports—in order to present its defense. Specifically, Uber needs access to the full body of evidence relating to Debtor's alleged misappropriation of trade secrets, because such conduct could qualify as a Post-Signing Specified Bad Act under the Indemnification Agreement. Such an Act would render the Indemnification Agreement null and void. (Indemnification Agreement §2.1(a).)

To that same end, Uber requested in its first subpoena the submissions and materials related to an independent expert review that the parties conducted by agreement to evaluate Waymo's claims of trade secret misappropriation related to a software component of its self-driving car technology. Waymo has flatly refused to consent to the use of these materials in the Adversary Proceeding. Yet these materials appear highly relevant to Uber's Post-Signing Specified Bad Act defense. Even the redacted version of the independent expert's findings, which Uber has, indicates the independent expert ultimately found that there *was* evidence of conduct that could be a "Post-Signing Specified Bad Act" during the requisite period. Uber needs to be able to see and fully explore these materials to prepare its defense.

**Waymo's Confidentiality Concerns Will Be Addressed Under the Protective Order**

Waymo has expressed concern about the confidential nature of some of the materials sought in Uber's first subpoena. All of Waymo's information will be appropriately protected from disclosure under the Protective Order entered in this case, which is materially identical to the one entered in the Waymo Litigation.[2] Any materials produced in the Waymo Litigation as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code," may be so designated in this case, and their confidentiality will be protected. (Protective Order, ECF No. 42, § 5.) Thus, concerns about confidentiality are not a basis for withholding the Waymo Litigation materials from production in response to Uber's valid subpoena. *See, e.g.*, *Table de France, Inc. v. DBC Corp.*, No. EDCV 19-423-JGB (KKx), 2019 WL 6888043, at *4 (C.D. Cal. Aug. 1, 2019) (requiring documents to be produced over confidentiality objections where the "Protective Order already issued in the . . . matter sufficiently protect[ed] . . . [the] confidential information"); *Water, Inc. v. Everpure, Inc.*, No. CV 09-03389 ABC (SSx), 2011 WL 13176616, at *2 (C.D. Cal. Mar. 1, 2011) (same); *Finley v. Pulcrano*, No. C 08-0248 PVT, 2008 WL 4500862, at *2 (N.D. Cal. Oct. 6, 2008) ("Any issues regarding the confidentiality of the information sought can be adequately addressed through the use of a protective order

---

[2] The main difference between the two is that the order entered in this matter has shorter timeframes for resolving disputes than does the order entered in the Waymo Litigation.

Hon. Hannah L. Blumenstiel
October 7, 2020
Page 5

governing the handling of confidential information."). Moreover, as discussed above, Uber is not requesting that Waymo produce actual source code.

**Waymo's Complaints About Burden And Possible Non-Party Objections Do Not Warrant Denying The Relief Uber Requests**

Waymo has also complained of the burden involved in providing notices of Uber's subpoena to all the non-parties that produced documents or testified in the Waymo Litigation. Waymo's burden argument is unfounded; the same issue arose in connection with the production of the Google Arbitration record, and Google and Levandowski provided those notices without undue burden. Moreover, Waymo is a Google affiliate, a business segment of the Alphabet conglomerate. As this Court knows, the Alphabet conglomerate—through Google LLC—is seeking to force Uber to indemnify Debtor for Google's $179 million judgment against him. The demands of the subpoenas are not disproportionate to the relief Google is seeking.

Finally, Waymo has raised the concern that even if it were to provide all the notices to non-parties to the Waymo Litigation, some of the non-parties may object to the use of materials in the Adversary Proceeding. Google and Levandowski recently went through a similar exercise in connection with the Google Arbitration record, and only one group of parties (related to Tyto LiDAR LLC) objected. If those same or any other non-parties object, this Court can resolve the objection, to the extent the parties themselves cannot resolve it.

For the foregoing reasons, Uber respectfully requests that the Court compel Waymo to provide all notices and take all actions it believes necessary to comply with the protective order in the Waymo Litigation, and then to promptly consent to Uber's review of the materials requested in Uber's subpoenas. Uber also requests that it be permitted to immediately review any and all Waymo Litigation materials in its possession on an "outside counsel eyes only" basis while Waymo provides the required notices. This interim measure will not prejudice any party or non-party, as Uber's outside counsel was already permitted to see all of that material in the Waymo Litigation.

Thank you for your consideration.

Sincerely,

/s/ David J. Bradford
David J. Bradford

cc:     jordanjaffe@quinnemanuel.com; andreaproberts@quinnemanuel.com; HVu@goodwinlaw.com; John.Berry@mto.com; rmeny@keker.com; rmullen@keker.com; tkeller@kbkllp.com

DOCS_SF:104306.1 85647/001