Debra I. Grassgreen (CA Bar No. 169978)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone:   (415) 263-7000
Facsimile:    (415) 263-7010
E-mail:        dgrassgreen@pszjlaw.com
                   mmanning@pszjlaw.com

David J. Bradford (admitted *pro hac vice*)
Terri L. Mascherin (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350
E-mail:        dbradford@jenner.com
                   tmascherin@jenner.com

*Counsel for Uber Technologies, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYMO LLC,<br><br>                    Plaintiff,<br><br>           v.<br><br>UBER TECHNOLOGIES, INC., OTTOMOTTO LLC,  OTTO TRUCKING LLC<br><br>                    Defendants. | Case No. 3:17-cv-00939-WHA<br><br>**DECLARATION OF DAVID BRADFORD IN SUPPORT OF DEFENDANT'S REPLY IN SUPPORT OF MOTION TO MODIFY THE INTERIM MODEL PROTECTIVE ORDER**<br><br>**Hearing:**<br><br>Date:  December 10, 2020<br>Time: 8:00 AM<br>Place: Courtroom 12, 19th Floor<br><br>Judge:  Honorable William H. Alsup |

I, David Bradford, hereby declare as follows:

1.  I am co-counsel to defendant Uber Technologies, Inc. ("**Uber**") in the above-entitled action and have personal knowledge of the facts contained in this Declaration, which are true and correct, and if sworn as a witness, I could and would testify competently thereto.  I am also co-counsel to Uber in the adversary proceeding of *Anthony Levandowski v Uber Technologies, Inc.*, N.D. Cal. Bankr., Adv. Pro. No. 20-03050 (HLB) (the "**Adversary Proceeding**"), pending in the U.S.

Bankruptcy Court for the Northern District of California in connection with the bankruptcy proceeding *Anthony Levandowski*, Case No. 20-30242 (HLB)(the "**Bankruptcy Case**").

2. I submit this declaration in support of the *Defendant's Reply In Support of Motion to Modify the Interim Model Protective Order.*[1]

3. Attached hereto as **Exhibit A** is a true and correct copy of an email chain between counsel for Waymo and counsel for Uber in which the most recent communication is a September 29, 2020 email from K. Ciliberti to J. Jaffe listing the reports of those of Uber's own expert witnesses that Uber sought permission to review.

4. Attached hereto as **Exhibit B** is a true and correct copy of an email chain between counsel for Waymo and counsel for Uber in which the most recent communication is a November 10, 2020 email from K. Ciliberti to J. Jaffe requesting production of an engagement letter and consent to review two deposition transcripts and exhibits.

5. Attached hereto as **Exhibit C** is a true and correct copy of an email chain between counsel for Waymo and counsel for Uber in which the most recent communication is an October 5, 2020 email from J. Jaffe to D. Bradford indicating that Waymo would not consent to submit an agreed motion to modify the protective order.

**The Parties' Meet-And-Confer Conferences**

6. Counsel for Uber and counsel for Waymo have engaged in a number of meet-and-confer discussions with respect to Uber's efforts to secure access to documents from the Waymo v. Uber litigation for the purpose of the Adversary Proceeding.

7. During one or more of the meet-and-confer discussions, Uber verbally advised Waymo that the specific persons listed by name in Paragraphs 1(a), 1(b), and 1(c) of its September 23, 2020 subpoena were the witnesses whose materials Uber sought to prioritize, though it reserved its rights related to others.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

8. During one or more of the meet-and-confer discussions, Uber verbally advised Waymo that the specific nonparty materials listed in Paragraph 1 of its September 28, 2020 subpoena were the nonparty materials that Uber sought to prioritize, though it reserved its rights related to others.

9. Uber has been unable even to obtain prioritized material through meet-and-confer requests. As but one example, in response to Waymo's refusal to agree to Uber's counsel's request to review an independent software expert report and related materials (which expert was appointed by both Waymo and Uber as part of a process set forth in the parties' settlement agreement in this matter), Uber asked Waymo to, in the first instance, produce the engagement letter for that expert. Waymo would not agree to this request before Uber first explained why it wanted to see the engagement letter. Later, when Uber offered an explanation and renewed its request, Waymo declined to provide the letter and asked why Uber's counsel did not already have a copy in its possession. Uber explained that it has not been able to locate or obtain access to a copy of the letter. Waymo then insisted upon having another meet-and-confer call for Uber's counsel to explain why it did not have the letter at its disposal. Waymo has still not provided a copy of this letter for Uber's review. We provide this information not to point fingers at Waymo or its counsel, but to illustrate how burdensome and time-consuming it may be if Uber is required to ask Waymo's permission every time it seeks to use a document in the Adversary Proceeding.

10. Since the meet and confer discussions began, Waymo has agreed to let Uber review only (a) four sets of expert reports, (b) a number of requests for production served in this case, and (c) the engagement letter discussed above, though Waymo has thus far refused to provide a copy of that letter to Uber.

11. During the meet-and-confer discussions, counsel for Uber has agreed that Uber need not review any of Google's source code for the purpose of the Adversary Proceeding.

I declare under penalty of perjury that the forgoing is true and correct. Executed on this 25th day of November 2020.

*/s/ David J. Bradford*
David J. Bradford

# EXHIBIT A

(September 29, 2020 email chain)

# Kras, Cheryl J.

| | |
|---|---|
| **From:** | Ciliberti, Katharine R. |
| **Sent:** | Tuesday, September 29, 2020 9:51 AM |
| **To:** | Jordan Jaffe; Andrea P Roberts |
| **Cc:** | Mascherin, Terri L.; Bradford, David J.; Berry, John; rmeny@keker.com |
| **Subject:** | RE: Levandowski - Waymo-Uber record |

Hi Jordan,

Following upon the second point below, related to Uber's ability to review and use its own expert reports from the Waymo litigation notwithstanding any references to Waymo's expert opinions, or other information designated confidential.

After consulting with Boies Schiller, we have determined that in the first instance, we would prioritize the review of the following Uber expert reports:

- Responsive Expert Report of Dr. Michael Lebby (September 7, 2017)
- Responsive Expert Report of Dr. Paul McManamon (September 7, 2017)
- Responsive Expert Report of Dr. Philip Hobbs on non-infringement of U.S. Patent No. 9,368,936 (September 7, 2017)
- Rebuttal Expert Report of Joseph Shaw, PH.D. Relating to Alleged Trade Secrets (September 7, 2017)
- Supplemental Responsive Expert Report of Dr. Michael Lebby (November 6, 2017)
- Supplemental Responsive Expert Report of Dr. Paul McManamon (November 6, 2017)
- Expert Report of Erik Laykin (August 24, 2017)
- Expert Report of Kevin Faulkner (September 7, 2017)
- Corrected Supplemental Expert Report of Kevin Faulkner (November 16, 2017)
- Additional Supplemental Expert Report of Kevin Faulkner (January 19, 2018)

Of course, Uber reserves all rights with respect to the other experts not listed above.

We understand that each of these reports touches in some way on Waymo's claims that Uber and/or Levandowski misappropriated Google/Waymo trade secrets or confidential information, or that Uber infringed upon a Google/Waymo patent. As we have advised you and counsel for Google, such claims and allegations are relevant to the adversary proceeding because they pertain to a number of Uber's defenses to Levandowski's claims for indemnification, including but not limited to Uber's rescission of the indemnification agreement based on fraudulent inducement, Uber's Post-Signing Specified Bad Act defense, and Uber's Excluded Claim defense.

Please confirm Waymo's consent that Jenner may review and use these materials in full, without redactions, for the purpose of the adversary proceeding, notwithstanding the fact that they may refer to, cite, or quote Waymo's expert materials or other materials that Waymo designated as confidential.

Thanks,
Katie

**From:** Jordan Jaffe
**Sent:** Wednesday, September 23, 2020 6:55 PM
**To:** Ciliberti, Katharine R. ; Andrea P Roberts

**Cc:** Mascherin, Terri L. ; Bradford, David J. ; Berry, John ; rmeny@keker.com
**Subject:** RE: Levandowski - Waymo-Uber record

External Email – Exercise Caution

Katie,

I saw your team just sent over a subpoena before I replied to your email. In any event, with regard to the Waymo subpoena you mentioned, can you clarify what expert materials you're referencing? Are you referencing all the expert reports and related material in the case? Based on my understanding of the parties' claims, there are expert materials from the trade secret case that are irrelevant to you, including describing Waymo's highly confidential IP information that isn't at issue in the adversary proceeding. If it would be helpful to move this along quickly, Waymo does not object to Jenner discussing with Uber's former counsel (Boies), the identity of the parties' experts and the general topics each expert opined upon. This will enable Jenner to better understand which experts may be relevant to the parties' claims in the adversary proceeding. It will also streamline the subpoena process to get you the materials you're most interested in as quickly as possible.

On the second point, we are willing to discuss your request on a case-by-case basis, but cannot agree in a blanket fashion. Without doing a full re-review of the reports, my recollection is there is third party confidential information in some of Uber's expert reports, which Waymo cannot agree to waive or forgo under the Protective Order. For example, I recall one of Uber's technical experts included information from third party Velodyne in at least one of its expert reports. There's also the question of relevance for some of the expert reports. Regardless, if Uber identifies a specific Uber expert report it has in mind, we will address the request promptly. To be clear, however, Waymo does not at all object to Uber reviewing any expert report, transcript, exhibit or other document from the litigation that contains only Uber confidential information or public information.

Finally, I can confirm that QE can accept service for a Waymo subpoena.

Best regards,


**Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com**

---

**From:** Ciliberti, Katharine R. [mailto:KCiliberti@jenner.com]
**Sent:** Tuesday, September 22, 2020 12:32 PM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Cc:** Mascherin, Terri L. <TMascherin@jenner.com>; Bradford, David J. <dbradford@jenner.com>; Berry, John <John.Berry@mto.com>; rmeny@keker.com
**Subject:** RE: Levandowski - Waymo-Uber record

**[EXTERNAL EMAIL]**

---

Jordan,

Consistent with our discussion during our last meet and confer, and pursuant to your request that we proceed by way of subpoena, Uber plans to issue more than one subpoena to Waymo to request materials from the Waymo litigation in tranches. Please confirm that you will accept service for Waymo.

We anticipate that the first such subpoena will request, in part, Waymo's expert materials (expert reports, transcripts, exhibits, etc.).

In the meantime, we would appreciate your confirmation that we (Jenner), as outside counsel to Uber, may immediately review and use Uber's own expert reports, transcripts, exhibits, etc. from the Waymo litigation, notwithstanding the fact that these materials may contain references to the reports, transcripts, exhibits, etc. of Waymo's expert witnesses.

Thanks,
Katie

**From:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Sent:** Friday, September 18, 2020 11:45 AM
**To:** Bradford, David J. <dbradford@jenner.com>; Berry, John <John.Berry@mto.com>; rmeny@keker.com
**Cc:** Ciliberti, Katharine R. <KCiliberti@jenner.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Subject:** RE: Levandowski - Waymo-Uber record

External Email – Exercise Caution
David,

To follow up on our call, Waymo does not object to you and your firm accessing the parties' Rule 26 initial disclosures in the trade secret case. Those disclosures list the relevant witnesses in that case, their positions/affiliations at the time, and the topics the parties expected them to testify about. Please treat the disclosures as AEO under the terms of the bankruptcy protective order for the time being.

Waymo also does not object to Uber's former counsel (Boies Schiller) looking at these disclosures and giving Jenner Boies's impressions about which witnesses it believes are relevant to the ongoing bankruptcy proceeding. To be clear, this agreement tracks our prior discussion--whereby a Boies lawyer could provide their mental impressions on what witnesses it believes are relevant to the bankruptcy proceeding. But it does not include approval for Boies to go back and look at confidential Waymo or third party documents or testimony from the litigation when doing so.

I will separately follow up with a revised stipulation to extend the protective order deadline.

If you'd like to discuss, please let us know.

Best regards,

Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // **jordanjaffe@quinnemanuel.com**

**From:** Bradford, David J. <dbradford@jenner.com>
**Sent:** Wednesday, September 16, 2020 7:03 AM
**To:** Berry, John <John.Berry@mto.com>; Jordan Jaffe <jordanjaffe@quinnemanuel.com>; rmeny@keker.com
**Cc:** Ciliberti, Katharine R. <KCiliberti@jenner.com>
**Subject:** RE: Levandowski - Waymo-Uber record

**[EXTERNAL EMAIL]**

John, thanks. My partner, Katie Ciliberti, will be joining us. I have forwarded the invite to her. Thanks again, David

-----Original Appointment-----
**From:** Berry, John <John.Berry@mto.com>
**Sent:** Tuesday, September 15, 2020 11:01 PM
**To:** Bradford, David J.; jordanjaffe@quinnemanuel.com; rmeny@keker.com

3

**Subject:** Levandowski - Waymo-Uber record
**When:** Wednesday, September 16, 2020 1:30 PM-2:00 PM (UTC-08:00) Pacific Time (US & Canada).
**Where:**

External Email – Exercise Caution

Hi there,

John Berry is inviting you to a scheduled RingCentral meeting.

**Join RingCentral Meeting**

For the best audio experience, please use computer audio.

| | |
|---|---|
| iPhone one-tap: | US: +1(650)2424929,,2136839571# |
| | +1(213)2505700,,2136839571# |
| | +1(346)9804201,,2136839571# |
| | +1(623)4049000,,2136839571# (US West) |
| | +1(720)9027700,,2136839571# (US Central) |
| | +1(773)2319226,,2136839571# (US North) |
| | +1(312)2630281,,2136839571# |
| | +1(469)4450100,,2136839571# (US South) |
| | +1(470)8692200,,2136839571# (US East) |
| | +1(646)3573664,,2136839571# |
| | US: +1(877)3802210,,2136839571# |
| Meeting URL: | https://meetings.ringcentral.com/j/2136839571 |

**Join by Telephone**

For higher quality, dial a number based on your current location.

| | |
|---|---|
| Dial: | US: +1(650)2424929 |
| | +1(213)2505700 |
| | +1(346)9804201 |
| | +1(623)4049000 (US West) |
| | +1(720)9027700 (US Central) |
| | +1(773)2319226 (US North) |
| | +1(312)2630281 |

|  |  |
|---|---|
|  | +1(469)4450100 (US South) |
|  | +1(470)8692200 (US East) |
|  | +1(646)3573664 |
|  | US: +1(877)3802210 |
| Meeting ID: | 213 683 9571 |

International numbers

**Join from an H.323/SIP room system**

| H.323: | 199.255.120.208##2136839571 (US West) |
|---|---|
|  | 199.255.120.151##2136839571 (US East) |
| SIP: | 2136839571@wcrc.ringcentral.com (US West) |
|  | 2136839571@ecrc.ringcentral.com (US East) |

**David J. Bradford**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 923 2975 | TEL
+1 847 721 9350 | MOBILE
+1 312 527 0484 | FAX
dbradford@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

5

# EXHIBIT B

(November 10, 2020 email chain)

# Kras, Cheryl J.

| | |
|---|---|
| **Subject:** | FW: Waymo Responses & Objections to Subpoena |

**From:** Ciliberti, Katharine R. <KCiliberti@jenner.com>
**Sent:** Tuesday, November 10, 2020 5:15 PM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Cc:** Berry, John <John.Berry@mto.com>; Rachael Meny <rmeny@keker.com>; Miriam Manning <mmanning@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Bradford, David J. <dbradford@jenner.com>; Mascherin, Terri L. <TMascherin@jenner.com>; Steege, Catherine L. <CSteege@jenner.com>; Reid P. Mullen (rmullen@keker.com) <rmullen@keker.com>; Gorin, Alex <Alex.Gorin@mto.com>
**Subject:** RE: Waymo Responses & Objections to Subpoena

Hi Jordan,

We have confirmed that we do not have access to the engagement letter for Professor Gerdes. We ask that you kindly provide us a copy.

Separately, while the motion to modify the protective order is pending, we request that Waymo agree that Uber can review, on an AEO basis, the deposition transcripts and associated exhibits for Burnette and Droz from the Waymo v. Uber litigation. We expect these transcripts may contain information pertinent to Uber's fraud and Post-Signing Specified Bad Acts defenses which are the subject of pending interrogatories from Mr. Levandowski, but we understand that Waymo has designated these transcripts (or portions of them) confidential.

Thank you,
Katie

**From:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Sent:** Friday, October 30, 2020 2:41 PM
**To:** Ciliberti, Katharine R. <KCiliberti@jenner.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Cc:** Berry, John <John.Berry@mto.com>; Rachael Meny <rmeny@keker.com>; Miriam Manning <mmanning@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Bradford, David J. <dbradford@jenner.com>; Mascherin, Terri L. <TMascherin@jenner.com>; Steege, Catherine L. <CSteege@jenner.com>
**Subject:** RE: Waymo Responses & Objections to Subpoena

External Email – Exercise Caution
Thanks for that clarification, Katie.

To address the engagement letter point first.  You are correct that Waymo has lodged objections relating to production of the software review materials pursuant to the subpoena.  The engagement letter, however, was jointly entered into by Uber and Waymo.  It's also already in Uber's possession.  Accordingly, rather than Waymo "produce" this pursuant to the subpoena, Waymo does not have an objection to you all, as Uber's counsel, simply looking at the copy already in Uber's possession.  To be clear, this lack of objection is without prejudice to Waymo's objections to Uber's subpoenas and is expressly not a waiver of any confidentiality rights that Waymo has under the protective order, the engagement letter itself, the parties' settlement agreement or otherwise.

Regarding the technical expert reports, as I think I've previously related to you and David, at least one (and perhaps more) of the reports you mentioned include third party confidential information.  Therefore, as we've explained, we do not think that Waymo can simply consent to Uber's review of that material under the terms of the Waymo Protective Order.   In any event, if Uber is seeking "broader relief" from the Protective Order before Judge Alsup, including clearance to review third party confidential information without providing notice, it would seem to make more sense to allow that to resolve first.  However, let me know if you'd like to discuss.

Best regards,

Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com

---

**From:** Ciliberti, Katharine R. <KCiliberti@jenner.com>
**Sent:** Thursday, October 29, 2020 6:02 AM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Cc:** Berry, John <John.Berry@mto.com>; Rachael Meny <rmeny@keker.com>; Miriam Manning <mmanning@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Bradford, David J. <dbradford@jenner.com>; Mascherin, Terri L. <TMascherin@jenner.com>; Steege, Catherine L. <CSteege@jenner.com>
**Subject:** RE: Waymo Responses & Objections to Subpoena

**[EXTERNAL EMAIL]**

Thanks, Jordan.

We would like to see the engagement letter to understand the terms of his engagement, to help evaluate the relevance of his work.

Regards,
Katie

**From:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Sent:** Wednesday, October 28, 2020 7:36 PM
**To:** Ciliberti, Katharine R. <KCiliberti@jenner.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Cc:** Berry, John <John.Berry@mto.com>; Rachael Meny <rmeny@keker.com>; Miriam Manning <mmanning@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Bradford, David J. <dbradford@jenner.com>; Mascherin, Terri L. <TMascherin@jenner.com>; Steege, Catherine L. <CSteege@jenner.com>
**Subject:** RE: Waymo Responses & Objections to Subpoena

External Email – Exercise Caution

Katie,

I wanted to confirm receipt of this request and the request that David just sent via separate cover.  We will confer with our client and promptly get back to you regarding your and David's various requests.  One interim question:  What is the relevance of Prof. Gerdes' engagement letter to the current litigation?

Best regards,

Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com

**From:** Ciliberti, Katharine R. <KCiliberti@jenner.com>
**Sent:** Tuesday, October 27, 2020 3:05 PM

**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Cc:** Berry, John <John.Berry@mto.com>; Rachael Meny <rmeny@keker.com>; Miriam Manning <mmanning@pszjlaw.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Bradford, David J. <dbradford@jenner.com>; Mascherin, Terri L. <TMascherin@jenner.com>; Steege, Catherine L. <CSteege@jenner.com>
**Subject:** RE: Waymo Responses & Objections to Subpoena

**[EXTERNAL EMAIL]**

Hi Jordan,

Thank you for agreeing that we may review the below-listed expert reports on an AEO basis "for the time being."

We would like to renew our request that Waymo consent to our review of Uber's own expert reports, notwithstanding that they may reference Waymo or Google confidential information. In particular for present purposes, we would like to review the reports of Michael Lebby, Paul McManamon, and Phillip Hobbs. Please confirm that we, as Uber's current outside counsel, may review these reports for the purpose of the Adversary Proceeding.

Separately, as you know, Uber's first subpoena requested all materials relating to the J Christian Gerdes expert findings. We understand that Waymo is objecting to this. As an interim step, we request that Waymo produce the engagement agreement with Mr. Gerdes.

Please advise.
Katie

**From:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Sent:** Monday, October 5, 2020 7:41 PM
**To:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; 'mmanning@pszjlaw.com' <mmanning@pszjlaw.com>; 'dgrassgreen@pszjlaw.com' <dgrassgreen@pszjlaw.com>; Bradford, David J. <dbradford@jenner.com>; Mascherin, Terri L. <TMascherin@jenner.com>; Ciliberti, Katharine R. <KCiliberti@jenner.com>; Steege, Catherine L. <CSteege@jenner.com>
**Cc:** Berry, John <John.Berry@mto.com>; Rachael Meny <rmeny@keker.com>
**Subject:** RE: Waymo Responses & Objections to Subpoena

External Email – Exercise Caution
+John and Rachel

David and Katie,

Pursuant to our meet and confer discussions, we determined, to the best of our ability, that the following reports contain only Waymo or Uber confidential information:

2017-09-07 Faulkner Rpt re Stroz Friedberg & 14,000 Files
2017-09-07 Laykin Rpt re Security
2017-09-14 French Report in Rebuttal to Faulkner
2017-09-14 French Report in Rebuttal to Laykin Report
2017-10-23 Crain, Andy Opening Rept
2017-11-13 Faulkner Suppl Expert Rpt.
2017-11-17 Crain Reply
2017-11-17 French Reply Report
2018-01-12 French Supplemental Report
2018-01-20 Add'l Faulkner Supplement

Waymo therefore can agree these are deemed produced under the terms of the bankruptcy protective order and in response to Uber's first subpoena.   Please treat them as Waymo AEO for the time being.  If there are portions that you contend comprise solely Uber confidential information, please let us know and we're happy to discuss the designation for that portion.

Best regards,


*Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 //* [jordanjaffe@quinnemanuel.com](mailto:jordanjaffe@quinnemanuel.com)

---

**From:** Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Sent:** Wednesday, September 30, 2020 10:56 AM
**To:** 'mmanning@pszjlaw.com' <mmanning@pszjlaw.com>; 'dgrassgreen@pszjlaw.com' <dgrassgreen@pszjlaw.com>; 'dbradford@jenner.com' <dbradford@jenner.com>; 'tmascherin@jenner.com' <tmascherin@jenner.com>; 'kciliberti@jenner.com' <kciliberti@jenner.com>; 'csteege@jenner.com' <csteege@jenner.com>
**Cc:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Subject:** Waymo Responses & Objections to Subpoena

Counsel,

Please see attached.


**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**Katharine R Ciliberti**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456  |  jenner.com
+1 312 840 7292 | TEL
+1 312 825 5190 | MOBILE
+1 312 840 7392 | FAX
KCiliberti@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

# **EXHIBIT C**

(October 5, 2020 email chain)

# Kras, Cheryl J.

| | |
|---|---|
| **From:** | Jordan Jaffe <jordanjaffe@quinnemanuel.com> |
| **Sent:** | Monday, October 5, 2020 7:33 PM |
| **To:** | Bradford, David J.; Andrea P Roberts; Berry, John; Rachael Meny; Vu, Hong-An; Schuman, Brett |
| **Cc:** | DL_Uber – AL Team; Debra Grassgreen; Miriam Manning |
| **Subject:** | RE: Production of Waymo Record - confidential |

External Email – Exercise Caution
David,

To respond to your earlier email, while it generally tracks our discussions, it is not entirely accurate. To summarize Waymo's position:

1. Waymo does not expect it will oppose Uber's request for relief, but will not be able to take a final position until it sees the content of the motion itself. As I mentioned, Waymo and Uber appear to have different views on what the protective order requires, such as the required notice to third parties. Further, to the extent that the Court denies Uber's request, Waymo will request that Uber bear the burden to identify and provide notice to all necessary third parties.
2. Your email is unclear on what "attorneys eyes only review" of the record Uber will be requesting. My understanding from our conversation is that the motion will request that Uber's current counsel be able to review it on an attorneys' eyes only basis *only* to determine what it believes is relevant to the adversary proceeding. We discussed, but did not agree on, any follow-up protocol that would allow Uber to use specific documents from the Waymo/Uber record in the bankruptcy proceeding. But you recognized that such a "second step" was necessary. To be clear, Waymo maintains its right to object to the future use of any Waymo document from the *Waymo/Uber* litigation in the adversary proceeding identified pursuant to a modified use restriction. Waymo is potentially willing to consent to this type of "AEO relevance review" solely as a compromise and to avoid discovery disputes. It does not change its opposition to Uber's position that the entire litigation record is relevant and should be produced in the adversary proceeding.
3. For other parties' access and how that would be accomplished, let me discuss that with Waymo and get back to you.

Finally, given that this will not be an agreed motion (i.e. one that we file jointly), if Uber would still like to seek expedited consideration, let us know what briefing schedule and/or hearing date Uber is proposing. Waymo can then get back to you promptly whether it consents or opposes.

Best regards,


**Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 //** jordanjaffe@quinnemanuel.com

---

**From:** Bradford, David J.
**Sent:** Monday, October 05, 2020 2:10 PM
**To:** Jordan Jaffe ; Andrea P Roberts ; Berry, John ; Rachael Meny ; Vu, Hong-An ; Schuman, Brett
**Cc:** DL_Uber – AL Team ; Debra Grassgreen ; Miriam Manning
**Subject:** RE: Production of Waymo Record - confidential

**[EXTERNAL EMAIL]**

1

Jordan, we are hoping that the motion can be submitted as agreed – in which event there should be no reason for a hearing date or briefing schedule, unless the Judge determines otherwise. Thanks, David

**From:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Sent:** Monday, October 5, 2020 3:35 PM
**To:** Bradford, David J. <dbradford@jenner.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>; Berry, John <John.Berry@mto.com>; Rachael Meny <rmeny@keker.com>; Vu, Hong-An <HVu@goodwinlaw.com>; Schuman, Brett <BSchuman@goodwinlaw.com>
**Cc:** DL_Uber – AL Team <DL_UberALTeam@jenner.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Miriam Manning <mmanning@pszjlaw.com>
**Subject:** RE: Production of Waymo Record - confidential

External Email – Exercise Caution
David,

I can confirm receipt of your email from over this weekend on behalf of Waymo. I expect to respond later today (i.e., within one business day of your email).

On the last point from your Saturday email, what briefing schedule and hearing date are Uber proposing?

**Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 //** jordanjaffe@quinnemanuel.com

**From:** Bradford, David J. <dbradford@jenner.com>
**Sent:** Monday, October 05, 2020 1:29 PM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>; Berry, John <John.Berry@mto.com>; Rachael Meny <rmeny@keker.com>; Vu, Hong-An <HVu@goodwinlaw.com>; Schuman, Brett <BSchuman@goodwinlaw.com>
**Cc:** DL_Uber – AL Team <DL_UberALTeam@jenner.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>; Miriam Manning <mmanning@pszjlaw.com>
**Subject:** RE: Production of Waymo Record - confidential

**[EXTERNAL EMAIL]**

Jordan, John and Hong An,

Please let us know if we you agree to our filing an agreed motion before Judge Alsup per the email below. If we do not confirm your agreement today, we will seek to compel Waymo's compliance with our subpoenas before Judge Blumenstiel. Thanks, David

**From:** Bradford, David J.
**Sent:** Saturday, October 3, 2020 11:37 AM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>; Berry, John <John.Berry@mto.com>; Rachael Meny <rmeny@keker.com>; 'Vu, Hong-An' <HVu@goodwinlaw.com>; Schuman, Brett <BSchuman@goodwinlaw.com>
**Cc:** DL_Uber – AL Team <DL_UberALTeam@jenner.com>; 'Debra Grassgreen' <dgrassgreen@pszjlaw.com>; 'Miriam Manning' <mmanning@pszjlaw.com>
**Subject:** Production of Waymo Record

2

Jordan, John, and Hong-An,

Per our discussion with Jordan earlier this week, Uber will be filing a motion before Judge Alsup, which will seek to modify the "use" restriction in the Waymo protective order to permit Uber's counsel, to review the record from the Waymo litigation, including the independent software expert's findings, on an attorney's eyes only basis. Per your request, we would include a request that Mr. Levandowski's counsel and Google's counsel may also review the record on that same basis, based on our further understanding that Waymo (and Google and Mr Levandowski) will not object to the relief sought in the motion. We would also like to confirm that, assuming the motion is granted, and to the extent that Mr. Levndowski or Google seek access to this record, they will seek that access from Waymo and not from Uber. (Given our lack of access to the record, it would be difficult for us to respond to such a request on a reasonably prompt basis). Please confirm this is also agreeable.

Finally, please confirm that you will consent to asking for Judge Alsup to resolve the motion on an expedited timeline, shorter than his standard 35-day process.
Thanks, David

---

**From:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Sent:** Wednesday, September 30, 2020 12:35 PM
**To:** Ciliberti, Katharine R. <KCiliberti@jenner.com>; Bradford, David J. <dbradford@jenner.com>
**Cc:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>
**Subject:** RE: preservation stipulation

External Email – Exercise Caution
Yes

**Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // jordanjaffe@quinnemanuel.com**

---

**From:** Ciliberti, Katharine R. [mailto:KCiliberti@jenner.com]
**Sent:** Wednesday, September 30, 2020 10:33 AM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>; Bradford, David J. <dbradford@jenner.com>
**Cc:** Andrea P Roberts <andreaproberts@quinnemanuel.com>; Debra Grassgreen <dgrassgreen@pszjlaw.com>
**Subject:** RE: preservation stipulation

**[EXTERNAL EMAIL]**

Thanks, Jordan.

Can you please confirm that we have authority to put your signature on this and file it?

Thanks,
Katie

---

**From:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Sent:** Wednesday, September 30, 2020 12:12 PM
**To:** Bradford, David J. <dbradford@jenner.com>
**Cc:** Ciliberti, Katharine R. <KCiliberti@jenner.com>; Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Subject:** RE: preservation stipulation

External Email – Exercise Caution

+Andrea

Please see attached further edits.

**Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 //** [jordanjaffe@quinnemanuel.com](mailto:jordanjaffe@quinnemanuel.com)

---

**From:** Bradford, David J. [[mailto:dbradford@jenner.com](mailto:dbradford@jenner.com)]
**Sent:** Wednesday, September 30, 2020 9:09 AM
**To:** Jordan Jaffe <[jordanjaffe@quinnemanuel.com](mailto:jordanjaffe@quinnemanuel.com)>
**Cc:** Ciliberti, Katharine R. <[KCiliberti@jenner.com](mailto:KCiliberti@jenner.com)>
**Subject:** preservation stipulation

**[EXTERNAL EMAIL]**

---

Jordan, given the fast approaching deadline for destruction of Waymo record material and the importance of affording Judge Alsup time to review, we would like to get the agreed stipulation on file today. Please let us know promptly if there is any reason that we cannot do so. Thanks, David

---

**David J. Bradford**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 923 2975 | TEL
+1 847 721 9350 | MOBILE
+1 312 527 0484 | FAX
[dbradford@jenner.com](mailto:dbradford@jenner.com)
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.